UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
ALL CASES

# **PRETRIAL ORDER NO. 1**

The cases listed on Attachment A may merit special attention as complex litigation. Accordingly, the Court enters the following Order.

**1.     Scope of Order:**     This Order governs the practice and procedures in the actions transferred to this Court by order of the Judicial Panel on Multidistrict Litigation dated October 4, 2016 and related actions filed in the Eastern District of Louisiana.  *See* Attachment A hereto (listing transferred actions and related actions filed in this District).   Any related action later filed in, removed to, or transferred to this Court also shall be subject to this Order.

**2.     Transmission of Records:**  Upon receipt of an electronically certified copy of a Panel transfer order from the clerk of this Court (the transferee district), the clerk of the transferor district shall transmit electronically (in PDF form) to the clerk of this Court a certified copy of only (1) the docket sheet; and (2) the complaint, together with any amendments thereto.  This shall satisfy the clerk of the transferor court's obligation to transmit the record pursuant to Rule 9.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and the transferred action may be closed in the transferor district.

**3.** **Consolidation:** The cases listed on Attachment A are hereby consolidated for pretrial purposes. Related actions later filed in, removed to, or transferred to this Court will be consolidated automatically with this action without the need of further motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

**4.** **Initial Conference:** A conference shall be held in these proceedings on **Thursday, November 10, 2016** at **10:00 a.m.** in Courtroom C351, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana 70130.

    **(a) Appearance at Initial Conference:** Attendance at the initial conference will not waive objections to jurisdiction, venue, or service. To minimize costs and facilitate a manageable conference, parties with similar interests may designate an attending attorney to represent their interests at the conference. Doing so will not preclude a party from personally participating or selecting other representation in the future. However, parties must inform the Court of any such designation no later than **Monday, November 7, 2016** at **10:00 a.m. CST** via email to efile-Engelhardt@laed.uscourts.gov.

    **(b) Purposes and Agenda:** The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f). A tentative agenda is set forth in Attachment C.

    **(c) Preparations for Conference:**

        **(i) Procedures for Complex Litigation:** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth*

and to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

**(ii)** **Initial Conference of Counsel:** Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) that contains expert discovery deadlines, and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of class action allegations, and motions under Rules 12, 23 and 56. If the parties wish to suggest additions to the agenda and/or provisions for a case management order, they shall submit them by **5:00 p.m. on Wednesday, November 2, 2016** via email to efile-Engelhardt@laed.uscourts.gov.

**(iii)** **Preliminary Reports:** Counsel for the plaintiffs and the defendants shall separately submit to the Court by **noon on Wednesday, November 2, 2016** (via email to efile-Engelhardt@laed.uscourts.gov) a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings. The statements shall list all motions pending as of the date of this Order, as well as all related cases pending in state or federal court and their current status. The parties are limited to one submission for all plaintiffs and one such submission for all defendants.

3

5. **Service List:** Until the initial conference, service of all papers, including this Order, shall be upon the persons shown on Attachment B, which consists of counsel who made appearances before the Judicial Panel on Multidistrict Litigation and other counsel who were served with papers filed with the Panel. Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of the matters herein. The parties shall prepare a corrected service list at the initial conference, which shall include street and e-mail addresses of counsel, as well as telephone and fax numbers.

6. **Admission of Counsel:** Attorneys admitted to practice and in good standing in any United States District Court are hereby admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

7. **Master Docket File:** Any pleading or document that is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. The Clerk of this Court will maintain a master docket case file under the style "In Re: Taxotere, Products Liability Litigation" and the identification "MDL No. 2740." When a pleading is intended to be applicable to all of the actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all of the cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates To."

    **(a) Filing.** All documents filed in this Court, after those initiating a new case, must be filed electronically pursuant to Local Rule 5.1 and this Court's Administrative Procedures for Electronic Filing. Attorneys may register for electronic filing at www.laed.uscourts.gov/cmecf/cm_ecf_training.htm. An attorney who, due to

4

exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing, filed with the Clerk of the Court, and shall state the reason for the attorney's inability to comply. The Clerk of the Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be kept in the master file.

**(b) Docketing New Cases.** When an action that properly belongs in *In Re: Taxotere, Products Liability Litigation* is hereafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

    **(i)**     File a copy of this Order in the separate file for such action;

    **(ii)**     Make an appropriate entry on the master docket sheet;

    **(iii)**     Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

    **(iv)**     Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

**8.**     **Extension of Time:**     The defendants are hereby granted an extension of time to respond to the complaints by motion or by answer, until a date to be set following the initial conference.

**9.**     **Pending and New Discovery.**     Pending the initial conference, all outstanding disclosure and discovery requirements are hereby stayed, and no further discovery shall be initiated. This Order does not preclude voluntary, informal discovery regarding the identification

and location of relevant documents and witnesses, nor does it prevent a party from voluntarily making disclosures or responding to an outstanding discovery request under Federal Rules of Civil Procedure 33, 34, or 36.

10.     **Pending Motions:**     Regarding pending motions in cases transferred or removed to this MDL from another court, such motions must be re-filed in the master docket in order to receive consideration by this Court.  Regarding pending motions in cases filed in this District, such motions are hereby denied without prejudice.   Such motions must be re-filed in the master docket in order to receive consideration.   Re-filing of all such motions (in both transferred and E.D. La. cases) shall be done <u>after</u> the initial conference and pursuant to the scheduling order to be entered by the Court.

11.     **Orders of Transferor Courts:**     All orders by transferor courts that impose dates for hearings, pleadings, discovery, or conferences are hereby vacated.

12.     **Preservation of Evidence:**     All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.   "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers,

check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records that are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

13. **<u>Discovery Shall Not Be Filed</u>.**     Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses shall not be filed with the Clerk or sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

**14.    Motions to Certify Class:**    The Court is unaware of any class action allegations asserted in the transferred actions.   Nevertheless, the time limit for filing a motion for class certification set forth in Local Rule 23.1(B) is hereby suspended pending entry of a scheduling order following the initial conference.

**15.    Liaison Counsel:**    The Court will appoint a liaison counsel for plaintiffs and for defendants, respectively, who will be charged with essentially administrative functions.  By **9:00 a.m. on Tuesday, October 25, 2016**, counsel for the plaintiffs and counsel for defendants shall confer (plaintiffs' counsel amongst themselves, defense counsel amongst themselves) and seek consensus regarding the nomination of candidates for liaison counsel for each group. Nominations for liaison counsel shall be submitted to the Court no later than **9:00 a.m. on Thursday, October 27, 2016**  (via email to efile-Engelhardt@laed.uscourts.gov), with notice to all counsel named in Attachment B (or an updated service list if one has been prepared). Appointment of liaison counsel shall be made by the Court after full consideration of the nominations; the Court shall not be limited to those nominated.

    Liaison counsel shall be authorized to receive orders and notices from the Court and from the Judicial Panel on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks set by the Court.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.  The expenses incurred in performing the services of liaison counsel shall be shared by all members of the liaison group in a manner agreeable to the parties or as set by the Court failing such agreement.

**16.** **Plaintiffs' Steering Committee.** It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. Applications and nominations for PSC positions must be filed electronically in the master docket no later than **5:00 p.m. on Monday, October 24, 2016**. Notice must also be served upon all counsel named in Attachment B (or an updated service list if one has been prepared). The main criteria for membership on the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; and (d) willingness to commit the necessary resources to pursue this matter. Applications and nominations should succinctly address each of the above criteria, as well as any other relevant matters, including any agreements among counsel bearing on service on committees or relating to fees or costs. No submissions longer than four (4) pages will be considered. The Court will consider only attorneys who have filed a civil action that has been made part of this MDL.

Objections to the appointment of a proposed applicant or nominee will be considered only if made in writing and electronically filed in the master docket by **5:00 p.m. on Wednesday, October 26, 2016**, with notice to all counsel named in Attachment B (or an updated service list if one has been prepared). Such objections, if there are any, must be short, yet specific in nature, and must be supported by necessary documentation.

The PSC will have the following responsibilities:

**(a)** **Discovery:**

9

- **(i)** Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all of the actions that are consolidated in this proceeding.
- **(ii)** Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.
- **(iii)** Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.
- **(iv)** Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

**(b)** **Hearings and Meetings:**
- **(i)** Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.

  **(ii)** Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

  **(iii)** Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**(c)** **Miscellaneous:**

  **(i)** Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

  **(ii)** Submit and argue any motions presented to the Court or Magistrate Judge on behalf of the PSC, as well as oppose, when necessary, any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC.

  **(iii)** Negotiate and enter into stipulations with Defendants regarding this litigation. All of the stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted to the Court for approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

12

- **(iv)** Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

- **(v)** Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

- **(vi)** Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiff's Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

- **(vii)** Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

- **(viii)** Perform such other functions as may be expressly authorized by further orders of this Court.

- **(ix)** Reimbursement for costs and/or fees for services will be set at a time and in a manner to be set by the Court.

(d) **Common Benefit Fees and Expenses**:  Forthwith following appointment of the PSC, it shall formulate and submit to the Court for approval proposed rules and procedures for governing eligibility, record-keeping, submission, and reimbursement of costs and fees incurred for the common benefit of all plaintiffs.

**17.** **Website.** A website for MDL 2740 has been created and can be accessed by going to http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/taxotere or by going to this Court's website located at www.laed.uscourts.gov and clicking on the tab labeled "Mass

13

Litigation." The website will contain orders, a calendar of upcoming events, and other relevant information.

18. **Communication with the Court:** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.

19. **Professionalism:** The attorneys listed on Attachment B are highly expert professionals who are known for their ability to work with other counsel in a collegial manner. This type of litigation places a premium on these qualities and requires counsel to fulfill their obligations as advocates in a manner that will maintain positive working relationships with fellow counsel and the Court. The Court expects, indeed demands, that professionalism and courteous cooperation permeate this proceeding throughout. The Court expects that this objective will be achieved without judicial intervention. Those who fail to comport shall be subject to sanction, or disqualification from participation in these proceedings.

20. **Cell Phone Policy:** The following items are strictly prohibited from entry into the courtroom or the conference room of the undersigned: (1) any portable communication device, including any and all cellular devices (e.g., cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, etc.); (2) all ear piece devices (such as Bluetooth); (3) all laptop computers and tablet devices (such as iPads, etc.); (4) any digital or other video camera or recorder; and (5) any other similarly functioning device. Upon arrival, counsel shall turn in all such devices to Susan Adams, judicial assistant in Section "N", and may retrieve them upon completing business in Section "N."

14

The only exception to the above provision shall be that counsel of record (or their assistants) who are seated at counsel tables (not in the public gallery) may use laptop computers or tablet-type devices provided that the device (1) shall be used strictly and solely as an aid to the proceeding being conducted by the undersigned and (2) shall not access or be accessed by or connected to the internet, any cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds, or visual images.

Any person possessing or using a prohibited device in violation of the above paragraphs shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom or conference room for the duration of the proceeding, both in addition to having such device confiscated and retained by the Court until the proceeding is complete.

New Orleans, Louisiana, this 13th day of October, 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**