UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY | MDL NO. 2740<br>Hon. Kurt D. Engelhardt |
| (This Document Relates to All Cases) | |

**APPLICATION OF JASPER D. WARD IV
FOR APPOINTMENT TO PLAINTIFF'S STEERING COMMITTEE**

I, Jasper D. Ward IV, founding partner of Jones Ward PLC, hereby submit this application for appointment to the Plaintiff's Steering Committee ("PSC") for *In re: Taxotere (Docetaxel) Products Liability Litigation*. I certify that I am eligible to submit this application in accordance with Pretrial Order No. 1 (PTO 1) as my law firm represents the plaintiff in *Bessie Mae Watson v. Sanofi, S.A.*, et. al., 3:16-cv-11957, the subject of Conditional Transfer Order 3. I meet the other requirements of PTO 1 as follows:

1. **Willingness and Availability to Commit to a Time-Consuming Project**

The attorneys at Jones Ward PLC have shown a willingness to see complex products liability and pharmaceutical cases through to the end, although some would say this is actually to our detriment. There are four current or recently concluded pharmaceutical and medical device cases, two of which are MDLs, that demonstrate this conclusively: MDL 2391 (*In re Biomet M2A Magnum Hip Implant Products Liability Litigation*, Northern District of Indiana), MDL No. 1836 (*In Re: Mirapex Products Liability Litigation*, District of Minnesota). In *Biomet*, the other Jones Ward founding partner Larry Jones served on the PSC from 2012 through 2015, during which time a global settlement resulted in the dismissal of the vast majority of cases. However,

1

a handful of unsettled cases remained, and many of those lawyers disengaged or referred clients for whom they could not achieve a satisfactory settlement.  Jones Ward had just *three* remaining unsettled cases after settling many others, and instead of moving on, I accepted the responsibility of appointment to the relatively rare procedural creation of "PSC II" to continue the litigation and prepare it for remand.  As a result, my firm and I have spent considerable time, money, and energy litigating individual post-settlement cases across the country, briefing and arguing global and individual discovery motions, conducting and defending specific causation depositions, conducting additional document review and taking corporate defendant depositions for the better part of the last 18 months.  Our commitment to our clients and the attorneys across the country who will conduct individual trials remanded from the MDL compelled us to see our responsibilities through to the end.  Similarly, on the Mirapex MDL, our firm was one of the only firms in the country to continue to take cases after the lead counsel and trial firms resolved their cases, and we retained experts and worked with defense counsel to resolve cases for a large post-trial group of cases.

Our commitment to seeing tough cases through to the end is not limited to MDLs.  Our firm represents nearly 100 individuals harmed by the prescription drug Reglan/MCP, and while many are consolidated with other cases in various state courts, our firm has individually litigated dozens of these cases in numerous settings.  Reglan/MCP cases are most well known for their difficulty in light of the United States Supreme Court decision in *PLIVA v. Mensing*, which gave generic drug companies protections from lawsuits.  Our firm began our work on Reglan after *Mensing*, and have fought for clients who took generic Reglan, including successful trips to the Missouri Court of Appeals and Georgia Court of Appeals, and an upcoming argument in front of the Georgia Supreme Court, all of which I briefed and personally argued or will argue.  We are

2

preparing about a dozen individual cases for trial in four different settings against generic drug makers, including the Eastern District of Kentucky, and will likely continue litigating Reglan until the very last cases are resolved or tried.

Finally, our firm is the lead counsel on the birth control device Mirena, representing more than 100 women across the country, many of which are set for trial in 2017 and beyond. We have had three attorneys, including my partner Larry Jones, individually litigating these cases through expert discovery and *Daubert* motions for more than three years, including after the JPML declined to consolidate them into an MDL, anticipate numerous trials on these cases, and are financially and mentally prepared to see these cases through to the end.

In sum, I am prepared to dedicate the time and energy necessary to prosecute this case on behalf of all plaintiffs, for as long as it takes. A commitment to a new project such as this MDL is not taken lightly. Our firm has six associate attorneys dedicated full time to mass tort and class action complex litigation, all of whom have experience personally litigating these cases in depositions, hearings and other real litigation activity across the country, and we will bring that experience and attitude to benefit not only our clients but the other lawyers and clients who are not personally involved in this case going forward.

**2. Professional Experience in this Type of Litigation**

I have extensive leadership experience in other MDLs as well. I was recently named by the Hon. George A. O'Toole to be Co-Lead Counsel in MDL No. 2677, *In re Daily Fantasy Sports Marketing and Practices Litigation*, commonly known as the "DraftKings/FanDuel litigation." I also serve on the Plaintiff's Steering Committee in MDL 2441, *In re Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. I recently completed service on the Plaintiff's Steering Committee in MDL No. 2407, *In Re: Higher One OneAccount* which

3

involved student loan banking deceptive trade practices lawsuits.  I have tried multiple cases to jury verdict.  I graduated from Georgetown University in 2000 at the age of 20 and graduated *Magna Cum Laude* in 2007 from the University of Louisville Louis D. Brandeis School of Law.

### 3. Ability to Work Cooperatively with Others

I am consistently one of the youngest members of PSCs but have earned the respect of my colleagues and support for leadership roles over more experienced attorneys in large part because of my willingness to work cooperatively, as demonstrated by the DraftKings/FanDuel leadership process.  There, I was one of three co-leads that put together a group of attorneys from across the country in a consensus process that resulted in a quality, geographically balanced leadership team with some of the best complex litigation firms from across the country.  Many of the lawyers in this MDL are long-time colleagues of mine in the world of complex pharmaceutical litigation, including two of the finest attorneys I know in Chris Coffin of Pendley, Baudin & Coffin in New Orleans, and Ben Gordon of Levin Papantonio in Pensacola, Florida.  I have sufficient experience with these issues to serve confidently on the PSC, and will help in whatever role I can.

### 4. Willingness to Commit the Necessary Resources to Pursue This Matter

Jones Ward PLC is a short flight from New Orleans, and is centrally and conveniently located to where witnesses and plaintiffs live. The vast majority of our cases are located outside of Kentucky and we spend much of our time traveling for cases.  Our law firm has sufficient resources to advance this litigation in a timely manner, and I will contribute the necessary investments in time and money to pursue this matter.

**WHEREFORE**, for the reasons stated above, Jasper D. Ward IV respectfully requests appointment to the Plaintiff's Steering Committee.

Respectfully submitted,

**JONES WARD PLC**

*/s/ Jasper D. Ward IV*
Jasper D. Ward IV
312 S. Fourth Street, 6th Floor
Louisville, Kentucky 40202
T: (502) 882-6000
F: (502) 587-2007
jasper@jonesward.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2016, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all ECF users registered with the Court for this case. I also sent a copy of this document by electronic mail and/or U.S. Mail to all counsel identified in PTO 1, Attachment B.

s/ Jasper D. Ward IV
*Counsel for Plaintiff*