**APPLICATION FOR APPOINTMENT OF M. PALMER LAMBERT
TO PLAINTIFFS' STEERING COMMITTEE**

Please consider this as my application for appointment to the Plaintiffs' Steering Committee herein, pursuant to ¶16 of Pretrial Order No. 1 (R. Doc. 4).[1] Our firm currently is sole counsel for the plaintiff in *Mary Webre v. Sanofi-Aventis U.S. LLC, et al.,* No. 16-00682 (M.D. La.), a matter which will transfer into this MDL pursuant to CTO-3. We also have been asked by other firms to associate as co-counsel in a number of other cases which will be handled in this MDL. I submit this application based on the following criteria and considerations:

**(A)    <u>WILLINGNESS AND AVAILABILITY TO COMMIT THE NECESSARY RESOURCES TO A TIME-CONSUMING PROJECT</u>**

The opportunity to serve in this significant litigation presents itself at a time when I have both the ability and the flexibility to devote myself to service as a Court-appointed member of the PSC. Moreover, I am supported unconditionally in this application by an established law firm, which has - and will - provide the requisite resources and staff to support my service on the PSC. Any other professional commitments related to my current case load can and will be adjusted in order to allow me to prioritize the demands of the litigation.

The only law firm in which I have practiced during my career, Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C., has a proven record of high-quality legal service to plaintiffs in mass tort matters. The firm's attorneys frequently are appointed to common benefit leadership positions, where they assume active and vital roles.[2] I have had the benefit of actively

---

[1] Undersigned also expects to be nominated with Irving J. Warshauer for appointment as Co-Liaison Counsel for plaintiffs.  Approval of that nomination by this Court would render the instant application moot.
[2] Illustrative examples: *In Re: Katrina Canal Breaches Consolidated Litigation*; *In Re: Vioxx Products Liability Litigation*; *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*; *In Re: Chinese-Manufactured Drywall Products Liability Litigation*; *In Re: Pool Products Distribution Market Antitrust Litigation*; *Terral Evans, et al. v. TIN, Inc., et al*; *In Re: Franck's Lab, Inc. Products Liability Litigation*; and, *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*.

participating in such leadership activities, and I bring to this type of litigation the totality of that experience.

**(B)**     **ABILITY TO WORK COOPERATIVELY WITH OTHERS**

As evidenced by my experience in other MDLs and mass tort litigation, summarized below, I consistently have demonstrated an ability to develop and maintain a cooperative working relationship among large, diverse, and at times competing, groups of plaintiffs' counsel in MDLs and mass tort proceedings, and I also have demonstrated an ability to cooperate with, and gain the respect of, opposing counsel.

**(C)**     **EXPERIENCE IN MASS TORT AND COMPLEX LITIGATION**

I have assumed leadership roles in other mass tort and multi-district litigation matters (both pending and resolved), which are reflective of my experience in complex litigation before this Court (E.D. La.), for the common benefit of plaintiffs.

For example, as a member of the bellwether trial and settlement teams in *In Re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL No. 1873, I was charged with the tasks of research, expert preparation, deposition preparation and pretrial briefing for one of the bellwether summary jury trials. I assumed primary responsibility for the evaluation of various insurance coverage issues, as well as for the organization/analysis of claims data for approximately 60,000 claimants. I was directly involved in settlement negotiations and mediations, which resulted in the class and mass joinder settlements that concluded the MDL proceedings; and I also assumed responsibility for co-drafting (with defendants' counsel) and filing all class settlement pleadings.

Working closely with Irving J. Warshauer of our firm, who was appointed Co-Lead Trial Counsel by Judge Lance Africk in the consolidated litigation entitled *Evans, et al. v. TIN, Inc., et*

*al.*, (No. 11-2067, E.D. La.), I was tasked with various common benefit discovery and class settlement roles, including participation on deposition teams and a lead role on preparation, filing and implementation of the class settlement. In the *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, I assisted Gerald E. Meunier with preparation and presentation of evidence in a class damages trial against defendants held in default by the Court. I also assisted in pretrial motion practice related to the *North River* excess insurance trial.

I was appointed as co-class counsel for two settlement classes certified by Judge Sarah Vance in *In Re: Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328. I was primarily involved in the settlement phase of that litigation and served as the indirect purchaser plaintiffs' lead drafter of all class settlement related documents and pleadings. I was lead presenter of the Rule 23 fairness aspects of the indirect purchaser plaintiffs' settlements at both class fairness hearings. Prior to the settlement phase, I participated in a number of discovery depositions and drafted both Rule 56 and *Daubert* pleadings on behalf of indirect purchaser plaintiffs.

As a member of the Court-appointed PSC in the *In Re: Franck's Lab, Inc. Products Liability Litigation*, MDL No. 2454, I was intimately involved with the evaluation of insurance coverage issues, the review of documents produced by defendants, and the drafting of all joint reports prepared on behalf of the PSC and defendants' liaison counsel. I also was the primary drafter of all Rule 12 and Rule 56 opposition pleadings. I assisted Michael J. Ecuyer of our firm in the handling and reporting to the Court of the PSC's financial and time-keeping obligations. I participated in all but one of the mediations and was tasked with the drafting and editing of most, if not all, settlement-related documents and pleadings.

Currently, I am assisting others in the discovery and bellwether trial preparation phases of the *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592.  In that MDL, I have been responsible for assisting Gerald E. Meunier with various research and correspondence duties he has undertaken as Co-Liaison Counsel for plaintiffs, and I plan to take an active role in the preparation of, and pretrial motion practice related to, one of the four scheduled bellwether trials.  My responsibilities in the Xarelto MDL, however, will not impede my ability to dedicate the requisite time and effort to service on the PSC in this litigation.

**(D)     PROFESSIONAL STANDING & RELATIONSHIP WITH OTHER APPLICANTS**

I am proud of the work I continue to do as a member of the federal and state bar in this community, including my service on the Board of Directors of the Younger Lawyers Division of the New Orleans Chapter of the Federal Bar Association, and as a Court-appointed member of the this District's recent magistrate selection committee that was tasked with evaluating and recommending candidates for replacement of retired Magistrate Judge Sally Shushan.

Despite the interested plaintiffs' counsel's best but unsuccessful efforts to reach a consensus on nominees for liaison counsel in this matter, the Court may be assured that I and/or my firm have worked with many, if not all, of the applicants for both liaison counsel and membership on the PSC. I will endeavor to continue to work with all applicants in a collaborative and cooperative manner, regardless of whether selected for service by Your Honor.

If given the honor of serving on the PSC, I will bring to the case, and to the Court, a commitment to advocacy on behalf of plaintiffs that will be characterized by scholarship, dedication, thoroughness and professionalism. The Court's attention to and consideration of this application are appreciated.

*/s/M. Palmer Lambert*
M. PALMER LAMBERT, #33228
