IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------
IN RE: TAXOTERE (DOCETAXEL)           :      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION         :      SECTION "N"(5)
---------------------------------------------------------  :
THIS DOCUMENT RELATES TO              :      HON. KURT D. ENGELHARDT
ALL CASES                             :
---------------------------------------------------------  :

### APPLICATION FOR APPOINTMENT OF J. KYLE BACHUS TO THE PLAINTIFFS' STEERING COMMITTEE AND NOMINATIONS FOR APPOINTMENTS

I respectfully request your Honor's consideration of my application to serve on the Steering Committee in the Taxotere (Docetaxel) Products Liability Multi-District Litigation. In support thereof, I state as follows:

**1. Willingness and availability to commit to a time consuming project:**

My law firm initiated the Taxotere litigation after Dr. Kelly Gahan, a 36-year-old breast cancer survivor from Denver, retained my firm to investigate the permanent, irreversible and disfiguring hair loss she suffered after using Taxotere as part of her Stage 1 breast cancer treatment. Dr. Gahan had not been told what the Taxotere manufacturer knew; that permanent hair loss occurred in a significant portion of the Taxotere patient population and that an equally efficacious alternative was available. Since that time my firm has devoted more than 2000 hours researching and developing the case now filed against Sanofi Aventis. My firm drafted the initial complaint against Sanofi-Aventis, and filed the very first Taxotere case in the United States in the USDC of Colorado in Denver on December 21, 2015 (In re: Kelly Gahan 15-cv-2777). On January 22, 2016, my firm filed the second Taxotere case ever to be filed (In re: Hattie Carson 16-cv-165). On March 10, 2016, my firm filed the third Taxotere case ever to be filed (In re: Erma Spann 16-cv-3038). Since that time, my firm has filed 32 additional cases, but this number of currently filed

cases constitutes only a small fraction of the Taxotere permanent hair loss victims represented by my firm. Today, my law firm represents more than two-thousand eight hundred (2,800) American women all of whom allege permanent irreversible alopecia following Taxotere use.  My firm is currently vetting all of these cases. This client group is believed to be by far the largest inventory of potential Taxotere victims represented by the same law firm in the entire United States.  I have been working on many aspects of this Taxotere litigation for well over a year.  As part of that work I have consulted with a wide array of experts ranging from oncologists, to FDA experts, to experts in ESI protocols.  Many hours have been spent working with experts identifying and reviewing medical literature and systematic studies related to the case.   We have drafted FOIA requests to the FDA and have expended substantial time reviewing discovered documents.  We have prepared multiple sets of Requests for Production and Interrogatories covering the areas of custodial files, post-market surveillance, and marketing.  Furthermore, I worked directly with our retained ESI consultant establishing proposed ESI protocols that have already been shared with Sanofi's national defense counsel per the Court's order in <u>Gahan v. Sanofi</u>, 15-cv-2777 (Col.).  I have personally worked with and conferred with Sanofi's defense counsel on an ongoing basis regarding identification of proper defendants and claims, service of process, potential tolling agreements, scope of potential discovery and case centralization.  As the initiators and leaders in the Taxotere litigation, my law partner Darin Schanker and I have personally traveled across the country meeting and conferring with other lawyers regarding Taxotere litigation including meetings held in Los Angeles, Chicago, Philadelphia, Washington DC, West Palm Beach, New Orleans, Irvine CA, Seattle, St. Louis, Las Vegas, Ft. Lauderdale, and Denver.

Since starting the Taxotere litigation I have demonstrated the willingness to dedicate substantial time and resources to this litigation and I assure the Court of my <u>willingness to commit</u> to this time consuming project in the future.

2. **Ability to work cooperatively with others;**

In addition to the cooperative efforts described above, I have established relationships with nearly all of the core attorneys around the country who have actually been working on Taxotere since the beginning. As the case initiators, my firm has developed substantial information about this litigation and we have freely shared this information with other Taxotere Plaintiff lawyers including our strategies, research, documents, and forms via a ShareFile repository. For the last year I have participated in Taxotere meetings on a weekly basis to discuss the development and strategies for Taxotere for our firm, as well as with other core Taxotere lawyers. I pledge to divide the labor of the case and work collectively when appointed on this committee.

3. **Professional experience in this type of litigation;**

I have been appointed to the Plaintiff's Steering Committees for Bair Hugger MDL 15-2666 and Biomet M2A Magnum MDL 12-2391. I actively participate and have been engaged in taking depositions in Biomet and reviewing/identifying key documents related to marketing issues in that case. My firm currently handles complex litigation in over a dozen MDLs, including but not limited to the following: Stryker Rejuvenate MDL 13-2441, DePuy Orthopedics MDL 10-2197, DePuy/Pinnacle MDL 11-2244, Wright Medical MDL 12-2329, Xarelto MDL 2592, Bard IVC Filters MDL 2641, Cook IVC Filter MDL 2570, and Testosterone MDL 2545. In addition to my experience in complex tort litigation, I have tried dozens of cases to jury verdict and have represented thousands of plaintiffs in personal injury cases. I served as sole lead counsel in a certified Class Action *1:11-cv-02888 (Lead Case)* with 240 combined plaintiffs, shepherding this case from initiation through settlement of the Class. I have an AV rating by Martindale Hubble. I was named Top Class Action Lawyer in Colorado by Law Week in 2015 and named among *Colorado Super Lawyers* in the field of Plaintiff's personal injury law since 2007, as well as to the list of "Colorado's Top Lawyers" in plaintiff's personal injury law.

**4. Willingness to commit the necessary resources to pursue this matter.**

My firm has twenty-four lawyers and more than one hundred support staff and is prepared to meet the financial responsibilities and time commitment that is required for this litigation. My firm has invested more time, effort, and resources in the Taxotere litigation than any firm in the country in order to make certain that our Taxotere clients are represented in the best way possible.

## NOMINATIONS FOR APPOINTMENTS

Pursuant to PTO No. 1, I hereby nominate the following individuals for the positions set forth below.  Each lawyer I am nominating committed himself or herself to this litigation and filed a Taxotere case prior to the formation of this MDL.  As reflected in the individual applications, each has the experience and skill set necessary to effectively promote the plaintiffs' best interests. I hereby nominate Christopher L. Coffin and Karen Barth Menzies as Co-Lead Counsel and I nominate myself (**J. Kyle Bachus**), Benjamin Gordon, and Mark Niemeyer for Plaintiff's Executive Committee.   Additionally, I hereby nominate for Plaintiff's Steering Committee Gabriel Assaad, Ahmed Diab, Val Exnicios, Steven Maher, Lee Ann McGartland, David Miceli, Jim Reeves, and Genevieve Zimmerman.

Accordingly, I respectfully apply to this Court to be on the Plaintiff's Steering Committee in the role of Executive Committee.

> Respectfully Submitted,
>
> BACHUS & SCHANKER, LLC
>
> /s/ J. Kyle Bachus
> J. Kyle Bachus, Esq. 24441
> 1800 Wynkoop Street, Suite 700, Denver, CO  80202
> Phone: (303) 893-9800
> Email:  kyle.bachus@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2016, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.

Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Additionally, a copy of the foregoing document was served on all counsel listed on the Panel Attorney Service List attached to PTO 1 and designated as Schedule B.

/s/ J. Kyle Bachus
J. Kyle Bachus, Esq. 24441