UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

MDL 2740

THIS DOCUMENT RELATES TO ALL
CASES

SECTION "N" (5)

## APPLICATION OF ROBERT C. HILLIARD FOR LEAD COUNSEL POSITION ON THE PLAINTIFFS' STEERING COMMITTEE

Robert C. Hilliard submits this application for the position of Lead Counsel on the Plaintiffs' Steering Committee ("PSC"). I am uniquely qualified to lead this litigation based on my willingness and availability to commit to this case, ability to work cooperatively with others, experience in leading multi-district pharmaceutical and other complex litigation, and willingness to commit the resources necessary to pursue this matter.[1]

1.   **Willingness and Availability to Commit to a Time-Consuming Project.**

I am willing and available to commit the time necessary to fully and zealously litigate this case. I have 33 years of experience handling personal injury and pharmaceutical cases, including complex and multi-district litigation.

I am currently Co-Lead Counsel in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543 (SDNY), one of the largest personal-injury litigations in U.S. history, with primary responsibility for the personal injury and death cases. Aggressive discovery and motion practice drove an early resolution of the vast majority of my 1,339 plaintiffs' personal injury and wrongful death claims within 12 months of my appointment as Co-Lead Counsel. A GM press release noted that this settlement included "more than half of the personal injury plaintiffs who have lawsuits pending in the MDL" and that GM paid a total of $575 million to settle the civil

---

[1] I am plaintiff's counsel in the following Taxotere cases: *Collins v. Sanofi S.A. et al*, No. CAC-2:16-cv-05418, which has been transferred to this Court; *Andrews v. Sanofi S.A. et al.*, No. CAN-1:16-cv-06015, which is pending in the United States District Court for the Northern District of California and will be transferred here; and *Sims v. Sanofi S.A. et al.,* No. 3:16-cv-00731, which was filed in the Western District of North Carolina and will also be transferred here.

lawsuits and a shareholder lawsuit.

With regard to the unsettled cases, my team and I completed the first phase of bellwether trials—all involving the personal injury and wrongful death cases for which I have primary responsibility—within two years. Under my leadership, during that time the personal injury team took or defended more than 300 depositions; reviewed or produced millions of pages of documents; briefed dozens of discovery-related issues; and brought or opposed close to fifty *in limine*, summary judgment, and *Daubert* motions. I am currently overseeing additional bellwethers, but work on the "core" claims is complete and most of the remaining bellwethers will be tried by the plaintiffs' individual counsel. I have the time and passion to vigorously prosecute this MDL.

**2.     Ability to Work Cooperatively with Others.**

Throughout my career, I have cooperatively assisted co-counsel and professionally interacted with opposing counsel in complex cases. The trust and respect of defense counsel allow early resolution of cases where that result is in the best interest of plaintiffs. For example, in 2013 I was lead counsel for 15 patients killed or injured during Bristol-Myers Squibb's testing of an experimental drug for Hepatitis C. *See Vela v. Bristol Meyers Squibb*, No. 2:12-cv-00296 (S.D. Tex.). After an exchange of voluminous documents and data, the cases settled (as publicly reported in the Wall Street Journal) for $80 million six months after I filed them.

When early resolution is not possible, mutual respect and civility among counsel is still vital. In 2013, I was Lead Counsel in *In re Risperdal Litigation*. I tried two cases before juries in Philadelphia that both settled during trial. *See Banks v. Janssen Pharmaceuticals, Inc. et al.; Bentley v. Janssen Pharmaceuticals, Inc., et al.* (Phila. C.C.P.). After taking the deposition of Johnson & Johnson's C.E.O., Alex Gorsky, I then settled more than 1,500 additional cases for a confidential amount. In 2015 Judge William Young referred to a "rip-roaring six-week trial" in which my firm was co-lead trial counsel for plaintiffs in a major pharmaceutical case, noting that "[i]n every respect, this case was tried with civility and consummate professional skill" and that

2

"[t]he entire proceeding [gave] the lie to … [the] sour and jaundiced view of our federal trial bar." *In re Nexium (Esomeprazole) Antitrust Litig.*, 309 F.R.D. 107, 118-19 & n.21 (D. Mass. Aug. 7, 2015). I have tried more than 100 jury cases to verdict. I am double board certified in Personal Injury Trial Law (1990) and Civil Trial Law (1992).

**3.     Professional Experience in This Type of Litigation.**

In addition to the pharmaceutical cases noted above, I and my firm have extensive experience in pharmaceutical and other complex MDLs. This Court appointed me to the Plaintiffs' Steering Committee in *Alexander, et al. v. Gulf Stream Coach, Inc.*, *In Re FEMA Trailer Product Liability Litigation,* MDL No. 1873 (E.D. La.). My firm represented approximately 30,000 FEMA Plaintiffs, 98% of whom accepted the proposed settlement. I was one of the trial lawyers in the first bellwether case, *Alexander, et al. v. Gulf Stream Coach, Inc.*, *In Re FEMA Trailer Product Liability Litigation,* MDL No. 1873 (E.D. La.). Other courts have appointed me to leadership positions, including:

- *In Re Toyota Unintended Acceleration Litigation*, Tex. MDL No. 2010-46354 (Co-Liaison Counsel).

- *In re General Motors LLC Ignition Switch Litigation*, Tex. MDL No. 2014-51871 (Co-Lead Counsel).

- *In Re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, Tex. MDL No. 07-0037 (Liaison Counsel).

Complex pharmaceutical litigation is the bread and butter of my firm Hilliard & Shadowen LLP. We currently are Co-Lead Counsel in the following pharmaceutical MDLs:

- 2016:  *In re Asacol Antitrust Litigation*, No. 1:15-cv-12730-DJC (D. Mass.);

- 2014: *In re Actos End Payor Antitrust Litigation*, No. 1:13-cv-09244-RA (S.D.N.Y.);

- 2014: *In re Aggrenox Antitrust Litigation*, No. 3:14-md-2516 (SRU) (D. Conn.);

- 2014: *Loestrin 24 Fe Antitrust Litigation*, No. 1:13-md-02472-S (D.R.I.);

- 2013: *In re Nissan Antitrust Litigation*, No. 2:13-md-02460-JD (E.D. Pa.);

3

- 2013: *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation* No. 2:13-md-02445-MSG (E.D. Pa.).

**4.  Willingness to Commit the Necessary Resources to Pursue This Matter.**

I am honored to be back in front of this Court and will commit all necessary resources to prosecute this MDL, as I have done in other cases for decades. My two firms, with offices in Corpus Christi and Austin, Texas, have more than 20 attorneys and 50 staff members, with the ability to increase personnel as required.

**5.  Litigation in the Public Interest.**

I view service in this MDL as an extension of my commitment to using litigation to effect social change and compensate victims of corporate and institutional wrongdoing. This commitment is longstanding and deep. For example:

- I am lead counsel in a series of cases challenging the U.S. Border Patrol's policy of using lethal force against persons across the border in Mexico. My clients include surviving family members of an unarmed, unthreatening 15- year-old bystander and a father who was a bystander in another incident while on a picnic with his wife and two young children. The United States Supreme Court granted my petition for writ of certiorari in *Hernandez v. United States*, 2013 WL 2932598 (5th Cir. 2014), and I will personally present Petitioner's argument in January as to whether a Mexican national, standing in Mexico, possesses constitutional rights that allow him to sue a United States Border Patrol Agent for conscience-shocking, excessive use of force across our nation's border.

- I was a 2011 Public Justice National Trial Lawyer of the Year Finalist for my pro bono representation of Koua Fong Lee, a Hmong refugee, who served three years of a six-year prison sentence for vehicular homicide in Minnesota as a result of an accident involving his runaway Toyota. A four-day evidentiary hearing proved the sudden unintended acceleration of Mr. Lee's Toyota and culminated in his immediate and permanent release from custody. I received the Never Forgotten Award from the Innocence Project of Minnesota for my work on the case.

- In 2015, based on my work in the GM litigation and other auto cases, including the Toyota Sudden Acceleration cases, the National Law Journal named me the Elite Trial Lawyer of the Year. I have been nominated as a Finalist for the same award again this year.

Submitted this 24th day of October, 2016.

/s/ Robert C. Hilliard
**Robert C. Hilliard**