IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS   LIABILITY LITIGATION | : : : | MDL NO. 2740 SECTION "N"(5) |
| THIS DOCUMENT RELATES TO ALL CASES | : : : : | HON. KURT D. ENGELHARDT |

**APPLICATION BY MARK R. NIEMEYER FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE IN A LEADERSHIP ROLE AND NOMINATIONS FOR APPOINTMENTS**

COMES NOW Mark R. Niemeyer and, for his Application for Appointment to Plaintiffs' Steering Committee in a Leadership Role, states as follows:

1. This application is submitted pursuant to ¶ 16 of Pretrial Order No. 1, (Doc. No. 4), and will outline my qualifications (as enumerated in the Order) to serve in a leadership capacity on behalf of plaintiffs and in service to the Court in this matter. It is my hope that the Court will find that my experience and abilities, coupled with extensive work conducted on the Taxotere project beginning long before MDL formation, would serve the Court well in a leadership role.

2. I am a founding partner with Niemeyer, Grebel & Kruse, LLC, in St. Louis, Missouri. I have devoted the more recent portion (10-15 years) of my legal career to the trial and prosecution of complex and serious product liability and medical claims involving catastrophic injury and death, including a substantial number of pharmaceutical cases/litigations. For the 8 years prior, I worked as an Assistant U.S. Attorney for the Southern District of Illinois, serving in both the civil and criminal divisions, trying numerous complex civil and criminal cases. In each capacity, I have been informed that I am widely known for my personable nature and ability to build consensus. Further, at the Court's appointment, I have served on the Merit Selection Panel and the Merit Retention Panel for the Southern District of Illinois as well as the Committee on Cost Containment for the Southern District of Illinois. Additionally, I have served as an adjunct professor at the University of Missouri, instructing in legal practice and procedure. Finally, I graduated, with honors, from Northwestern University School of Law, having been recognized as the Best Oral Advocate in the United States.

**YAZ/Yasmin – Co-Lead Counsel**

3. I have extensive experience leading large, complex multi-district ligations relating to pharmaceuticals (in the interest of Court's directive regarding length, I share only the most pertinent herein). Since 2009, I have served, at the appointment of the Court (Honorable David R Herndon), as Co-Lead Counsel for the YAZ/Yasmin litigation (MDL No. 2100). In that position, I have overseen all aspects of the litigation from initial case management orders to trial preparation and resolution. I was instrumental in building consensus among plaintiffs' counsel regarding essential aspects of the litigation, including leadership structure, coordination with state litigations, deposition handling, bellwether approach, and resolution strategy, developing different approaches to VTE and ATE resolution (working closely with Special Master Randi Ellis). I proved particularly adept at fostering agreement among a broad base of plaintiffs' counsel on those matters, and developing a respectful and effective working relationship with defense counsel. My team brought the large (ultimately over 20,000 cases/claims) Yaz/Yasmin litigation to the resolution phase swiftly (in under 27 months). Further, my partner, Michael Kruse, served as Chair of the Law & Briefing Committee preparing and coordinating the briefing of discovery, *Daubert* and *limine* issues, many of which were remarkably complex, requiring novel and ground-breaking approaches (including addressing foreign data privacy). Mr. Kruse would be available to serve in a similar capacity here.

**Pradaxa – Co-Liaison Counsel**

4. I also served, since 2012, on the Court's appointed Leadership Committee as Liaison Counsel in the Pradaxa Litigation (MDL No. 2385). As Liaison Counsel, I developed and implemented systems for communication among over 300 plaintiffs' counsel and with the Court, for the reporting and auditing of common benefit expenses and work hours, for the management of the litigation operating account and payment of shared litigation expenses, and for the global resolution of the litigation, including the claims submission and verification processes as well as lien resolution. I was praised widely for my open communication and transparency throughout the litigation. With this transparent approach and attendant credibility, I was able to regularly build consensus among plaintiffs' counsel regarding important case development and resolution issues. I negotiated many important discovery orders/protocols, able to work cooperatively with opposing counsel to reach compromise. Again, my partner, Michael Kruse served as the Chair of the Law

and Briefing Committee, crafting the briefing strategy that was responsible, in part, for securing favorable rulings that drove a fair and efficient resolution.  My team moved the Pradaxa litigation to a global resolution agreement in less than 2 years (again, working closely with Special Master Randi Ellis).  Now, even after the PLC has been dissolved, the Court has asked that I continue, informally, to handle administrative matters.

**St. Louis Coordination**

5.     Approximately 3-4 years ago, I worked with the St. Louis City Circuit Court to develop an approach to the growing number of multiple plaintiff pharmaceutical lawsuits in that jurisdiction.  I currently serve as coordinating counsel for numerous such litigations, including IVC Filter, Xarelto, Testosterone Replacement Therapy, and Risperdal, in which I have primary responsibility for discovery scheduling protocol and bellwether handling.  In this role, I work closely and cooperatively with national defense counsel on these issues and am known for fostering compromise and efficiency.  My protocols have been widely used as templates by the Court and other counsel.

**Taxotere**

6.     I have been working on the development of the Taxotere case since, at least, March 2016, well before the formation of the MDL, and represent numerous women harmed by the product, with a number of cases on file for quite some time, and recently transferred here.  For many months, I have worked with my team, including experts, to investigate, research and develop the initial phases of the Taxotere case, and I have worked with lawyers throughout the country during the beginning of the litigation, the MDL application phase, and, of course, currently, educating and fostering cooperation.

**Conclusion**

7.     As described, and in response to PTO #1, I possesses the professional experience necessary to serve in a leadership role and to work cooperatively with others. I possess the willingness and availability to commit to this time-consuming project.  Further, my firm is staffed appropriately to support such a role and commitment, with attorneys and staff experienced in MDL handling. Finally, my firm possesses sufficient financial resources (and will commit the resources necessary) to prosecute this matter fully, internationally and across a significant period of time, if necessary.

**Nominations**

8. Counsel, of course, defer to the Court to place them in roles that best suit the Court's organizational structure and plan in furtherance of this litigation. I request that the Court consider utilizing my talents and resources in a leadership role, and respectfully suggest and nominate the below roles and structure, involving those plaintiffs' counsel who have worked since before MDL application to develop this case and foster a cohesive, respectful working relationship. Certainly, there are a number of other well-credentialed lawyers across the country (many of whom have made or may make application here); however, those listed below have been working on the case for quite some time and have also chosen to make the painstaking effort to organize cohesively; those listed are committed to open communication and sharing of labor with all interested counsel:

Plaintiffs' Executive Committee

| | |
|---|---|
| Christopher L. Coffin (New Orleans, LA) | Karen Barth Menzies (Los Angeles, CA) |
| (Co-Lead Counsel) | (Co-Lead Counsel) |
| J. Kyle Bachus (Denver, CO) | Benjamin Gordon (Pensacola, FL) |
| Mark R. Niemeyer (St. Louis, MO) | |

Plaintiffs' Steering Committee

| | |
|---|---|
| Gabriel Assaad (Houston, TX) | Ahmed Diab (San Diego, CA) |
| Val Exnicios (New Orleans, LA) | Steven R. Maher (Winter Park, FL) |
| Lee Ann McGartland (Fort Worth, TX) | David F. Miceli (Carrollton, GA) |
| Jim Reeves (Biloxi, MS) | Genevieve Zimmerman (Minneapolis, MN) |

WHEREFORE, I respectfully request to be appointed to the Plaintiffs' Steering Committee in a leadership role.

Dated: October 24, 2016                Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

*/s/ Mark R. Niemeyer*
Mark R. Niemeyer #42437
10 S. Broadway, Suite 1125
St. Louis, MO 63102
314-241-1919 Telephone
314-665-3017 Fax
niemeyer@ngklawfirm.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2016, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system.

Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Additionally, a copy of the foregoing document was served on all counsel listed on the Panel Attorney Service List attached to PTO 1 and designated as Schedule B.

/s/ Mark R. Niemeyer