**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO.  2740 |
| | SECTION: "N" (5) |
| THIS DOCUMENT APPLIES TO: ALL CASES | JUDGE ENGELHARDT |

**APPLICATION OF ZACHARY L. WOOL**
**FOR HIS FIRST APPOINTMENT TO A PLAINTIFFS' STEERING COMMITTEE**

I submit this application for my first-ever appointment to a Plaintiffs' Steering Committee.  As Mark Twain has said, "the secret to getting ahead is getting started."  So here I start, in an attempt to get ahead, by making this first application.  My lack of a prior appointment says nothing about (i) my willingness and availability to serve in the role, (ii) my ability to work cooperatively with others, (iii) my professional experience in complex litigation, or (iv) my willingness to commit the necessary resources to pursue this matter.  In other words, this is a matter of first impression, which I now present for this Honorable Court's consideration.

I graduated from Brown University in 2000 and from New York University School of Law in 2007, where I received the 1L oral advocacy award.  I immediately began my legal career in New York City at Kirkland & Ellis LLP, where for several years I worked on the defense of a class action in the District of New Jersey.  In 2010 I joined Barrios, Kingsdorf & Casteix, LLP, where I am now a partner.  The firm supports my application and understands the time commitment  needed  should I be selected as a PSC member, as my firm has been appointed to leadership roles both within the Eastern District of Louisiana and across the country (from the Central District of California to the Southern District of New York).  I have, with my firm's

support, the willingness and ability to serve all of the plaintiffs in the litigation through to its conclusion.[1]

As a younger lawyer, I deliberately became a sponge, to absorb what I could in the different MDLs I have worked in from those most qualified to teach.  I have had the honor of working with and learning from the plaintiff bar's best mass tort attorneys, great teachers such as Elizabeth Cabraser, Gerald Meunier, Russ Herman, and Arnold Levin.  Along the way, I learned that the only way for the complex, massive undertaking that an MDL is and will become  moving forward is teamwork, professionalism, and cooperation.  No one lawyer can know everything about an MDL, and no one lawyer can move an MDL towards resolution (whether settlement or suggestion for remand).  A team working cooperatively together is the best and most efficient vehicle to accomplish that goal.  Having learned this lesson, I have always striven to be someone who works well with others, who solicits input of others in MDL projects I am working on, and who seeks to build consensus among my peers, and even older attorneys.

My professional experience with complex litigation began almost directly out of law school at Kirkland & Ellis LLP, where I worked on a team of lawyers defending a health insurance company in a putative class that had elements overlapping with a then-settled MDL in the Southern District of Florida.  Working my way up as a junior associate at Kirkland & Ellis, I was given the responsibility to handle and oversee myriad elements of our client's electronically-stored information production.  I learned by necessity at a young (legal) age about all matters of ESI and the difficulty of electronic production.  However, it was not just the technical side I learned; I learned quickly the importance of thinking in advance about work-flows and team building to efficiently and effectively process and organize millions of pages of documents and

---

[1] Dawn M. Barrios, the founding partner of my firm, is also applying for a PSC position and alternatively as Liaison Counsel.  This Court has before appointed two lawyers from the same firm to a PSC, specifically in *In re:Franck's Lab, Inc., Products Liability Litigation,* MDL 2454.

emails.  Those lessons have served me well in the MDLs I have worked on since then from the plaintiffs' side, particularly in *In re: Xarelto Products Liability Litigation* (MDL 2592), *In re: Testosterone Replacement Therapy Products Liability Litigation* (MDL 2545), *In re: General Motors LLC Ignition Switch Litigation* (MDL 2543), and *In re: Chinese-manufactured Drywall Products Liability Litigation* (MDL 2047).[2]

Most seasoned lawyers probably dread hearing the acronym "ESI;" for me, however, it has been an area in which I delved into detail since I find it most interesting.  I know that a successful ESI production is one where plaintiffs and defendants work cooperatively together. And I have learned that issues must be addressed early-on lest the issues cascade out-of-control and negatively impact a scheduling order and the progress of a case.  Order, process, and logic all have their place in a successful production and review.

I find this area of complex litigation so interesting that I was one of the founding members of the Complex Litigation e-Discovery Forum, a plaintiffs-only e-discovery forum/CLE event started two years ago to address this very topic (and the changing discovery landscape after the recent Rule 26 changes).  At both conferences that have been held since its inception, I have led panel discussions on e-discovery topics.  I would bring a diverse skill set to the table, and I look forward to contributing positively.[3]

Furthermore, I have the pleasure of serving as the American Bar Association's editor for the Louisiana chapter in its annual survey of class action law, I am a "Next Gen" Advisory Board

---

[2] My experience is not limited to handling ESI.  I have worked on research and briefing issues, including one to the Court of Appeal for the Fifth Circuit; have helped select bellwether plaintiffs; have taken and defended depositions; and have attended numerous PSC meetings.

[3] Diversity – of age, number of appointments, and skill set – is something that a transferee judge should consider when selecting PSC members.  *See* Duke Law Center for Judicial Studies, Standards and Best Practices for Large and Mass-Tort MDLs, at 58-59 (Dec. 19, 2014) ("Repeat player dynamics continue to persist, restricting diversity across MDL leadership.  Research shows that having a mix of experienced and new players enhances creativity and innovation, leads to better decision making and problem solving, and promotes discussion of novel concepts raised by those who historically have not been in leadership.").

member for Emory Law School's Institute for Complex Litigation and Mass Claims (the aim of which is to train and prepare younger attorneys without a court appointment for their first appointment), and I am the founding member of the American Association for Justice's LGBT caucus.

For my nearly ten-year legal career, I have worked on complex litigation and the issues that arise within it, having developed an interest and specialty in ESI.  I have been extremely fortunate to work under and with some of the most brilliant minds in the mass tort world, usually out-of-sight from the court.  I now humbly submit my first application to serve as a PSC member in this MDL, a position that I hope to be the first of many.

Dated:  October 24, 2016                    BARRIOS, KINGSDORF & CASTEIX, LLP

By:  /s/ Zachary L. Wool
Zachary L. Wool (LA Bar Roll #32778)
701 Poydras Street, Suite 3650
New Orleans, Louisiana  70139
Tel: (504) 524-3300
Fax: (504) 524-3313
Email:  zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served via email or U.S. Mail on all counsel listed on Attachment B attached to Pre-Trial Order No. 1 and filed electronically using the ECF system of the United States District Court for the Eastern District of Louisiana this 24th day of October, 2016.

/s/ Zachary L. Wool