IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | SECTION "N"(5) |
| | : | HON. KURT D. ENGELHARDT |
| THIS DOCUMENT RELATES TO ALL CASES | : | |

**OBJECTION TO APPLICATIONS AND NOMINEES FOR LEADERSHIP**

Pursuant to PTO No. 1, and solely in furtherance of full disclosure and presentation of all relevant facts to this Honorable Court so that Your Honor is in a position to make an informed decision regarding appointment of the appropriate applicants to the PSC, I hereby submit the following additional information for Your Honor's consideration:

1. As Your Honor is already aware, PTO No. 1 set forth certain criteria and directives for applications for liaison counsel and for membership on the PSC. In establishing the criteria for such applicants, the Court, presumably in an effort to select attorneys who have been committed to this litigation for a considerable period of time prior to the formation of this MDL, ordered that "[t]he Court will consider only attorneys who have filed a civil action that has been made part of this MDL." *R.Dkt. 4.*

2. Consequently, undersigned counsel notes his formal objection to the PSC applications of those applicants who waited until after the formation of this MDL, and after the issuance of PTO No. 1, to file new suits, and yet who now nonetheless seek to be appointed as a member of the PSC in violation of Your Honor's PTO No. 1. It appears that these applicants filed cases solely for the purpose of attempting to comply with the Court's directive so that they could then submit PSC and/or Liaison applications. To the best of undersigned Counsel's knowledge, (based upon

1

his personal involvement in this litigation long before oral argument before the JPML even occurred), these lawyers showed no commitment to these cases prior to the formation of this MDL.

3. Additionally, it is important for Your Honor to be made aware that at least one of the applicants for PSC and/or Lead Counsel filed his first Taxotere case on behalf of a client a little over a week ago, *i.e.*, on October 18, 2016. Notably, the applicant filed his application for Lead Counsel on the very same day. *R.Dkt. 6.* The case was filed in the Eastern District of Louisiana, *Beverly Smock v. Sanofi S.A., et al.*, Case 2:16-cv-15673-KDE-MBN, but as alleged in the complaint, the plaintiff is a resident of Texas but sustained injuries at her residence in Indiana. Clearly, the case presents serious jurisdictional and/or venue issues, but was apparently filed anyway in the Eastern District to establish a case "in the MDL" for purposes of applying for a leadership position. Given the importance this Honorable Court places on the tenets of professionalism, perhaps Your Honor may want to consider whether this type of activity should be condoned or rewarded with a PSC leadership position in this litigation.

4. As an officer of the court, undersigned counsel believes that it was necessary that the foregoing information be disclosed so that Your Honor can consider leadership that, 1. adheres to both the spirit and the letter of all Orders issued and 2. is most capable of leading this litigation to a speedy and just resolution. No personal or professional dispersions are cast on any counsel, simply a clear and succinct recitation of the pertinent facts.

Dated: October 26, 2016      Respectfully Submitted,

/s/ Val P. Exnicios
VAL PATRICK EXNICIOS, T.A.(LA Bar #19563)
**Liska, Exnicios & Nungesser**
1515 Poydras Street, Suite 1400

New Orleans, LA 70112
(504) 410-9611
vpexnicious@exnicioslaw.com

**CERTIFICATE OF SERVICE**

I represent that this pleading will be sent electronically to all registered participants through the Court's electronic filing system and to other identified counsel via email.

Dated: October 26, 2016                              Respectfully submitted,

/s/ Val P. Exnicios
Val P. Exnicios