IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                    SECTION "N" (5)

EXHIBIT B TO PRETRIAL ORDER NO. 16
COMMON BENEFIT, TIME AND EXPENSE RULES, HOLDBACK,
ASSESSMENTS, AND RELATED ISSUES

Common Benefit Participation Agreement

THIS COMMON BENEFIT PARTICIPATION AGREEMENT is made this ____ day of _____, 2017, by and between the Plaintiffs' Steering Committee and Co-Liaison Counsel, as appointed by the United States District Court for the Eastern District of Louisiana in MDL 2740, and _____ **[Name of the Attorney and Law Firm Executing the Agreement]** (the "Participating Counsel" or "Participating Firm"), on behalf of all of his/their clients having claims relating to or arising from Taxotere, whether in the MDL or in any non-MDL court including cases that are originally filed in or otherwise remanded to state court, as well as unfiled claims.

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

I.   SCOPE OF AGREEMENT

   A.   Purpose

This Participation Agreement (the "Agreement") is a private cooperative agreement between plaintiffs' attorneys to share common benefit work product pursuant to the Court's Case Management Order No. ____ Common Benefit, Time and Expense Rules, Holdback, Assessments, and Related Issues (the "Order"), which is incorporated herein. By signing this Participation

1

Agreement, the Participating Counsel and Participating Firm executing this Agreement are entitled to receive and use common benefit work product, regardless of the venue or jurisdiction in which Participating Counsel's cases are pending, or if the claim has not yet been filed.

### B. Rights and Obligations of Participating Counsel

Participating Counsel and Participating Firm shall be provided access to the common benefit work product, including access to the document depository. Participating Counsel and Participating Firm agree that all Taxotere cases and/or claims in which Participating Counsel or Participating Firm has any fee interest, including unfiled cases, tolled cases, and/or cases filed in any state or federal court, are all subject to the terms of this Participation Agreement.

Participating Counsel and Participating Firm shall produce a list that correctly sets forth the name of each client represented by him/them or in which he/they have an interest in the attorney fee, regardless of what that interest is, whether the case if filed or not yet in suit. Such list shall include the court and docket number of each such case; if the case is not yet filed, the list shall include the address of the claimant. Participating Counsel and Participating Firm shall supplement the list on a quarterly basis and provide the list to Co-Liaison Counsel via electronic mail. The initial list shall be provided within 14 calendar days of signing this Agreement and must be supplemented every 90 days thereafter.

## II.   AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement and the terms of the Order, Participating Counsel and Participating Firm who agree to settle, compromise, dismiss, or reduce the amount of a claim, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any Taxotere claims on behalf of any client are subject to an assessment of the Gross Monetary Recovery, as provided herein, regardless of whether Participating Counsel or Participating Firm has actually accessed or used common benefit work

product at any time.

### A. Gross Monetary Recovery Defined

"Gross Monetary Recovery" includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs to be paid by the defendant(s), but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include any payments to be made by defendant(s) to a third party on behalf of a plaintiff; (c) include the present value of any fixed and certain payments to be made in the future; and (d) if applicable, subtract any recovery paid by the plaintiff to defendant(s) through settlement or pursuant to a judgment for counterclaim(s) asserted by defendant(s).

### B. Assessment Amount

This assessment herein represents a holdback (*see, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256 (E.D.N.Y. 2006)). The obligations in this Participation Agreement shall follow all cases or claims to their final disposition, including a court having jurisdiction in bankruptcy. The assessment rules shall govern in accordance with the Order as a holdback for placement into the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.

Regardless of where any case is filed or pending, or if a claim has not yet been filed, the Participating Counsel, Participating Firm and his/their clients hereby agree to be bound by the assessment set by the Court. At the present time that total assessment is 8% of the Gross Monetary Recovery by the Participating Counsel or Participating Firm for each client. Of this 8% total assessment, 6% shall be paid by the attorney for attorneys' fees from the individual law firm's fee percentage with the client and 2% will be paid by the client for reimbursement of costs from the client's recovery. Participating Counsel, Participating Firm and his/their clients believe the assessment and holdback is fair and reasonable under the circumstances and the law.

The 8% assessment set forth in the Order and this Participation Agreement is preliminary in nature and made at the inception of MDL 2740 before any discovery is done, and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court.  Further, the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order; rather, common benefit assessments, if later supported by evidence, the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, may later be awarded in the same or in a different amount and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.

In the event any defendant fails to hold back the assessments required by this Participation Agreement, Participating Counsel and Participating Firm must pay the appropriate holdback amounts to the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.  Under all scenarios the fee assessment shall be paid from the Participating Attorney's portion of the recovery and shall not be borne by Participating Attorney's client.

### C. Covered Cases

By signing this Agreement, the Participating Counsel and Participating Firm agree that the assessment percentages set forth above or those ultimately set by the Court shall apply to all of Participating Counsel and Participating Firm's cases wherever filed or pending or claims not yet filed.  in which he/they have a fee interest, regardless of the size of that fee interest, and that the assessment percentages for MDL Counsel set forth in the Court's Order will apply to all Participating Counsel's and Participating Firm's cases in any federal or state court or unfiled claims.

### D. Attorneys' Fee Lien

With respect to each client represented in connection with Taxotere related claims that are filed or pending in any federal or state court, are un-filed, or are subject to a tolling agreement, Participating Counsel

and Participating Firm agree to have defendants deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund established by the District Court in MDL 2740, a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court. In the event defendants do not deposit the assessed percentage into the Funds, Participating Counsel and Participating Firm shall deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court. Participating Counsel, on behalf of themselves, their firms, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs' Steering Committee and Co-Liaison Counsel a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Taxotere-related claims and any claims they have any interest in, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement and the Court's Order. Participating Counsel and Participating Firm will undertake all actions and execute all documents are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

### III.   OTHER PROVISIONS

It is the intention of the MDL 2740 that Participating Counsel's and the Participating Law Firm's payment of these funds as described above be in full and final satisfaction of any present or future obligation on the part of each.

In accordance with the Orders of the Court in the MDL 2740 Proceeding, the amounts deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund will be available for distribution to Participating Counsel who have performed common benefit work or incurred common benefit expenses pursuant to the Order. Such sums will be distributed only upon an Order of the Court in the MDL 2740, after full consideration by the Court, with notice and a hearing. Appropriate consideration will be given to the experience, talent, and contribution

made by all of those authorized to perform common benefit work and incur common benefit expenses.

Upon execution of this Participation Agreement, MDL 2740 Co-Liaison Counsel will provide to Participating Counsel and Participating Law Firm, to the extent developed, access to the common benefit work product. If the Court in MDL 2740 rules that a Participating Counsel or Participating Law Firm is not authorized to be a Participating Counsel or Participating Firm, then this Agreement shall be null and void and no access to common benefit work product will be permitted.

A Participating Counsel or Participating Law Firm will have access to the following resources, for use on behalf of their plaintiff cases:

    a.    Research and testing information and other expert discovery materials relevant to the various issues alleged in MDL 2740;

    b.    Legal research and memoranda on legal issues relevant to the various issues alleged in MDL 2740;

    c.    Deposition database of all discovery depositions related to the MDL 2740 litigation;

    d.    Transcript database of trial and court proceedings to the extent permissible;

    e.    Any MDL 2740 trial package as it is developed or assistance with trial-related matters;

    f.    Any other non-confidential or privileged work product of the Plaintiffs Steering Committee; and

    g.    the Document Depository set up and maintained by the Plaintiffs Steering Committee.

This Agreement shall apply to each and every client who is a plaintiff in a Taxotere action in which Participating Counsel or Participating Law Firm has a right or claim to a fee.

Participating Counsel and Participating Law Firm understand and agree that by entering into the Participation Agreement, Participating Counsel and Participating Law Firm and its clients are bound by, and may not withdraw from, the Participation Agreement, provided they satisfy the requirements for Participating Counsel under the Order.

The MDL 2740 Court shall have exclusive and continuing jurisdiction to adjudicate any unresolved dispute arising under this Agreement.

I _____ [name of attorney] hereby represent that I have the authority to execute this Agreement on behalf of my law firm, _____ [insert name of law firm], and on behalf of all of my Taxotere clients.  I hereby represent that I have the authority to bind my law firm and all of my Taxotere clients to the terms of this Participation Agreement.

By: _____
Attorney at Participating Law Firm authorized to sign for
Participating Law Firm and clients listed on Exhibit 1
[Attorney Name and Law Firm Name and Address]


Dated: _____