# EXHIBIT D

**EXHIBIT D**

| | State | Alter Ego / Agency Standard | Federal Case Citation |
|---|---|---|---|
| 1 | Alabama | Three-prong test: 1) entities have no separate existence; 2) dominant party misused control; 3) misuse of control caused injury alleged. | *Goldthrip v. Johnson & Johnson*, No. CV 15-00651-KD-B, 2016 WL 7472146, at *6 (S.D. Ala. Dec. 8, 2016). |
| 2 | Arizona | Two-prong test: 1) unity of control; 2) observing corporate form would sanction fraud or promote injustice. | *Sutcliffe v. Honeywell Int'l, Inc.*, No. CV-13-01029-PHX-PGR, 2015 WL 1442773, at *5 (D. Ariz. Mar. 30, 2015). |
| 3 | Arkansas | Veil is pierced with great caution, only to prevent injustice where corporate form has been illegally abused. | *Royal v. Missouri & Northern Arkansas Railroad Co., Inc*, No. 4:15-cv-04008, 2016 WL 4426411 at *3-4 (W.D. Ar. Aug. 17, 2016). |
| 4 | California | Two-prong test: 1) subsidiary is mere instrumentality; 2) corporate form sanctions fraud or promotes injustice. | *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 992 (E.D. Cal. 2012). |
| 5 | Colorado | Veil pierced reluctantly where entity is instrumentality and was used for inconvenience, wrong, fraud or crime. | *Boughton v. Cotter Corp.*, 65 F.3d 823, 835-36 (10th Cir. 1995). |
| 6 | Delaware | Two-prong test: 1) parties are single economic entity; 2) overall injustice or unfairness is present. | *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 392, (D. Del. 2012). |
| 7 | District of Columbia | Two-prong test: 1) unity of ownership and interest; 2) corporate form used to perpetuate fraud or wrong, or justice and equity require piercing. | *Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 19 (D.D.C. 2014); *see also Administrators of Tulane Educ. Fund v. Ipsen Pharma, S.A.S.*, 770 F. Supp. 2d 24, 29 (D.D.C. 2011). |
| 8 | Florida | Two-prong test: 1) subsidiary is mere instrumentality; 2) 'improper conduct' in formation or use of corporation. | *Mey v. Enter. Fin. Grp., Inc.*, No. 215CV463FTM99MRM, 2016 WL 7338411, at *3 (M.D. Fla. Dec. 19, 2016); *see also Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2007 WL 7143959, at *6 (S.D. Fla. Aug. 30, 2007). |
| 9 | Georgia | Three-prong test: 1) mere instrumentality; 2) no separate personalities; 3) form promotes injustice or protects fraud. | *Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-CV-2040-WSD, 2014 WL 4093669, at *6 (N.D. Ga. Aug. 18, 2014). |
| 10 | Idaho | Two-prong test: 1) no separate personalities; 2) observing forms would cause inequity. | *Wheaton Equip. Co. v. Franmar, Inc.*, No. CV08-276-S-EJL, 2009 WL 464337, at *17 (D. Idaho Feb. 24, 2009). |

| | **State** | **Alter Ego / Agency Standard** | **Federal Case Citation** |
|---|---|---|---|
| 11 | Illinois | Two-prong test: 1) no separate personalities; 2) form sanctions fraud or promotes injustice. | *Marc Maghsoudi Enterprises, Inc. v. Tufenkian Imp./Exp. Ventures, Inc.*, No. 08 C 441, 2009 WL 3837455, at *4–5 (N.D. Ill. Nov. 16, 2009). |
| 12 | Indiana | Veil pierced only if corporation is mere instrumentality and misuse of corporate form would constitute fraud or promote injustice. | *DePuy Orthopaedics, Inc. v. Gault S. Bay, Inc.*, No. 3:07-CV-425RM, 2007 WL 3407662, at *5 (N.D. Ind. Nov. 13, 2007) (*citing Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004)); *see also Woodruff v. S. Cent. Conference of Seventh Day Adventists*, No. IP1:03CV0183 SEB/VSS, 2004 WL 612821, at *3 (S.D. Ind. Mar. 24, 2004) (rejecting plaintiff's alter ego argument and disclaiming personal jurisdiction over an out-of-state defendant). |
| 13 | Iowa | Multi-factor test including: 1) undercapitalization; 2) no separate books; 3) commingled finances; 4) corporation used to promote fraud or illegality; 5) formalities not followed; 6) corporation is merely a sham. | *Whitesell International Corporation, d/b/a Profile Steel and Wire v. Amtek Auto Limited*, No. 4:13-CV-00056-JAJ, 2014 WL 12603144 (S.D. Iowa Feb. 19, 2014). |
| 14 | Kansas | Veil pierced if parent so intimately intermingled with, and dominant of, subsidiary that recognition of latter would result in injustice. | *Lemaster v. Collins Indus., Inc.*, No. 11-CV-2128-JTM, 2011 WL 5966911, at *3–4 (D. Kan. Nov. 29, 2011). |
| 15 | Kentucky | Two-prong test: 1) domination destroying corporate separateness; 2) fraud or injustice. | *Johnson v. Diamond Shine, Inc.*, 890 F. Supp. 2d 763, 773 (W.D. Ky. 2012). |
| 16 | Louisiana | Multi-factor test including common ownership and leadership; unified control; inadequate capitalization; no formalities; centralized and imprecise accounting; and commingled finances. | *Whitener v. Pliva, Inc.*, No. CIV.A. 10-1552, 2012 WL 1343964, at *5 (E.D. La. Apr. 18, 2012), *aff'd*, 606 F. App'x 762 (5th Cir. 2015). |
| 17 | Maine | Veil pierced only if corporate form was used to cover fraud or illegality, defendant has abused privilege of corporate identity, and injustice or inequity would otherwise result. | *Envisionet Computer Servs. v. Microportal.com, Inc.*, No. 00-225-P, 2001 WL 179882, at *8 (D. Me. Feb. 14, 2001); *see also Danton v. Innovative Gaming Corp. of America*, 246 F. Supp. 2d 64, 73 (D. Me. 2003) |
| 18 | Maryland | Veil pierced only if parent must approve significant decisions of subsidiary, and other separate formalities not observed. | *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 722–23 (D. Md. 2000). |

|    | **State** | **Alter Ego / Agency Standard** | **Federal Case Citation** |
|----|-----------|--------------------------------|---------------------------|
| 19 | Massachusetts | Veil pierced only if 1) pervasive control of entity and "fraudulent or injurious" result; or 2) "confused intermingling" of entities creating "serious ambiguity" about distinction. | *Lothrop v. North American Air Charter, Inc.* 95 F. Supp. 3d 90, 99 (D. Mass. 2015). |
| 20 | Michigan | Three-prong test: 1) entity is mere instrumentality; 2) entity exploited to commit fraud or wrong; 3) plaintiff suffers unjust loss | *Flagstar Bank, FSB v. Centerpointe Fin., Inc.*, No. 2:10-CV-14234, 2011 WL 2111984, at *5 (E.D. Mich. May 26, 2011); *see also Interkal, LLC v. Giga Sols., Inc.*, No. 1:14-CV-337, 2015 WL 196606, at *4 (W.D. Mich. Jan. 14, 2015). |
| 21 | Minnesota | Multi-factor test, including undercapitalization, no formalities, nonpayment of dividends, insolvency during transaction, intermingled funds, nonfunctioning leadership, and lack of records. | *Finn v. Moyes*, No. CV 14-1293 (JRT/TNL), 2017 WL 1194192, at *7 (D. Minn. Mar. 30, 2017). |
| 22 | Mississippi | Veil pierced in "extraordinary circumstances," where "the corporation exists to perpetrate a fraud" or is mere instrumentality. | *Brown v. Readwood, Inc.*, No. 394CV75BD, 1996 WL 33370666, at *2 (N.D. Miss. Jan. 25, 1996); *see also Gammill v. Lincoln Life & Annuity Distributors, Inc.*, 200 F. Supp. 2d 632, 634–35 (S.D. Miss. 2001). |
| 23 | Missouri | "[U]nder Missouri law, the plaintiff must show that the corporation was so dominated by defendant that it was a 'mere instrument' of the defendant, and indistinct from defendant." | *Fleishman-Hillard, Inc. v. McCombs*, No. 4:10-CV-676 CAS, 2011 WL 53077, at *3 (E.D. Mo. Jan. 7, 2011); *see also Arnold v. AT & T, Inc.*, 874 F. Supp. 2d 825, 834 (E.D. Mo. 2012) (dismissing for lack of personal jurisdiction where plaintiff failed to present alter ego or veil piercing argument under Missouri or Delaware law). |
| 24 | Montana | Two-prong test: 1) entity is instrumentality; 2) entity used as a subterfuge to cause inconvenience, wrong or fraud. | *Montana Trucks LLC v. UD Trucks N. Am. Inc*, No. CV 12-23-M-DWM, 2016 WL 7388303, at *2 (D. Mont. Dec. 20, 2016). |
| 25 | New Jersey | Two-prong test: 1) no separate personalities; 2) observing forms would sanction fraud or injustice. | *Westfield Ins. Co. v. Interline Brands, Inc.*, No. CIV. 12-6775 JBS/JS, 2013 WL 6816173, at *21 (D.N.J. Dec. 20, 2013). |
| 26 | New Mexico | Veil pierced where domination is shown by 1) undercapitalization; 2) no separate books; 3) commingled finances; 4) no formalities; 5) the entity is a sham. | *Albuquerque Facility, LLC v. Danielson*, 181 F. Supp. 3d 924, 932–33 (D.N.M. 2016). |

| | **State** | **Alter Ego / Agency Standard** | **Federal Case Citation** |
|---|---|---|---|
| 27 | New York | Subsidiary is "mere department" of parent, if 1) common ownership; 2) financial dependency; 3) interference with executive personnel and no formalities; 4) control over marketing and operations. | *Glencore AG v. Bharat Aluminum Co. Ltd.*, No. 10 Civ. 5251 (SAS), 2010 WL 432364, at *5 (S.D.N.Y. Nov. 1, 2010). |
| 28 | North Carolina | Three-prong test: 1) complete domination in disputed transaction; 2) control used to violate legal duty; 3) violation of duty causes injury alleged. | *Krausz Indus. Ltd. v. Smith-Blair, Inc.*, 188 F. Supp. 3d 545, 556 (E.D.N.C. 2016). |
| 29 | Ohio | Three-prong test: 1) entity has no separate existence; 2) control used to commit fraud or illegality; 3) fraud or illegality causes injury. | *Tech. & Servs., Inc. v. TACS Automation, LLC*, No. 2:09-CV-1113, 2010 WL 4792610, at *4 (S.D. Ohio Nov. 17, 2010). |
| 30 | Oklahoma | Veil piercing requires proof of extraordinary, pervasive control; disregard of subsidiary's existence. | *Harris v. Am. Int'l Grp., Inc.*, 923 F. Supp. 2d 1299, 1305 (W.D. Okla. 2013). |
| 31 | Oregon | Plaintiff must prove actual control, fraud or injustice, and resulting harm. | *Richmark Corp. v. Timber Falling Consultants, Inc.*, No. CIV. 88-1203-FR, 1989 WL 81622, at *5 (D. Or. July 13, 1989). |
| 32 | Pennsylvania | "[U]nder Pennsylvania law, 'courts will disregard the corporate entity only in limited circumstances when used to defeat public convenience, justify wrong, protect fraud or defend crime.'" | *Bootay v. KBR, Inc.*, No. 2:09-CV-1241, 2010 WL 3632720, at *3 (W.D. Pa. Sept. 9, 2010). |
| 33 | Puerto Rico | "[U]nder Puerto Rico law, piercing of the corporate veil requires 'strong and robust evidence' that the parent controls the subsidiary so as to render the latter a mere shell for the former." | *E & E Inc., Inc. v. Simmons Co.*, 169 F.R.D 467, 472-73 (D.P.R. 1996). |
| 34 | South Carolina | Two-prong test: 1) entities failed to observe formalities; 2) "fundamental unfairness" if veil is recognized. | *Salley v. Heartland-Charleston of Hanahan, SC, LLC*, No. 2:10-CV-00791, 2010 WL 5136211, at *4 (D.S.C. Dec. 10, 2010). |
| 35 | Tennessee | Veil pierced if 1) subsidiary is sham or dummy; 2) entities are indistinguishable; or 3) subsidiary is mere instrumentality of parent. | *Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 721 (W.D. Tenn. 2012); *see also Se. Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 674 (6th Cir. 2006) (stating that under Tennessee law, "'fraud or similar injustice' must be demonstrated in order to pierce the corporate veil"). |

| | **State** | **Alter Ego / Agency Standard** | **Federal Case Citation** |
|---|---|---|---|
| 36 | Texas | Veil pierced when the corporation 1) is alter ego of owners or shareholders; 2) is used for illegal purposes; and 3) is used as a sham to perpetrate fraud. | *Williams v. Reifsteck*, No. CIV. A. 3:96CV2758D, 1997 WL 419554, at *3 (N.D. Tex. July 8, 1997). |
| 37 | Utah | Two-prong test: 1) entities have no separate personalities; 2) corporate form sanctions fraud or injustice. | *Cole v. Salt Creek, Inc.*, No. 2:08-CV-928 DN, 2012 WL 5331243, at *4 (D. Utah Oct. 29, 2012). |
| 38 | Vermont | Parent must have minimum contacts with forum, and ownership of local subsidiary is "merely one contact." | *Allen-Sleeper v. Federal Exp. Corp.*, No. 5:09-cv-151-cr, 2010 WL 3323660, at *3-4 (D. Vt. Apr. 14, 2010). |
| 39 | Virginia | "In Virginia, the proponent of piercing must establish that 'the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime.'" | *Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 477–78 (E.D. Va. 2002); *see also William v. AES Corp.*, 28 F. Supp. 3d 553, 562 (E.D. Va. 2014). |
| 40 | Washington | Two-prong test: 1) no separate personalities; 2) observing forms would sanction fraud or injustice. | *Langlois v. Deja Vu, Inc.*, 984 F. Supp. 1327, 1336–37 (W.D. Wash. 1997) (applying 9th Circuit law in the absence of Washington precedent). |
| 41 | West Virginia | Evidence of intentional fraud or grave injustice plus multi-factor test including: 1) total control; 2) existence of a dummy corporation; 3) violation of law or public policy; 4) unity of interest; 5) common owners, employees and facilities. | *Geiser v. Simplicity, Inc.*, No. 5:10CV21, 2011 WL 843663, at *3–4 (N.D.W. Va. Mar. 8, 2011). |
| 42 | Wisconsin | Veil pierced only where corporate formalities are disregarded, and subsidiary has no separate existence. | *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 668–70 (W.D. Wis. 1998). |

8129645 v3