1              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
2
   ****************************************************************
3  IN RE:  TAXOTERE (DOCETAXEL)
   PRODUCTS LIABILITY LITIGATION
4                                 MDL No. 16-2740
   VS.                            Section "N"
5                                 New Orleans, Louisiana
                                  May 12, 2017
6  THIS DOCUMENT RELATES TO
   ALL CASES
7
   ****************************************************************
8
            TRANSCRIPT OF GENERAL STATUS CONFERENCE
9      HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                UNITED STATES DISTRICT JUDGE
10

11  APPEARANCES:

12  FOR THE PLAINTIFFS:          MS. DAWN M. BARRIOS
                                 MR. ZACHARY L. WOOL
13                               Barrios Kingsdorf & Casteix
                                 701 Poydras Street
14                               Suite 3650
                                 New Orleans, Louisiana  70139
15
                                 MR. M. PALMER LAMBERT
16                               MR. IRVING J. WARSHAUER
                                 Gainsburgh Benjamin David
17                                 Meunier & Warshauer
                                 1100 Poydras Street
18                               Suite 2800
                                 New Orleans, Louisiana  70163
19
                                 MR. CHRISTOPHER L. COFFIN
20                               MS. JESSICA PEREZ REYNOLDS
                                 Pendley, Baudin & Coffin
21                               1515 Poydras Street
                                 Suite 1400
22                               New Orleans, Louisiana  70112

23                               MS. KAREN B. MENZIES
                                 Gibbs Law Group
24                               400 Continental Boulevard
                                 6th Floor
25                               El Segundo, California  90245

```
 1                              MR. VAL P. EXNICIOS
                                JUDGE MAX N. TOBIAS, JR. (Ret.)
 2                              MS. KELSEY ZEITZER
                                Liska Exnicios & Nungesser
 3                              1515 Poydras Street
                                Suite 1400
 4                              New Orleans, Louisiana  70112

 5                              MR. BENJAMIN W. GORDON
                                Levin Papantonio Thomas
 6                                 Mitchell Rafferty & Proctor
                                316 S. Baylen Street, Suite 600
 7                              Pensacola, Florida  32502

 8                              MR. J. KYLE BACHUS
                                Bachus & Schanker
 9                              1899 Wynkoop Street
                                Suite 700
10                              Denver, Colorado  80202

11                              MR. LAWRENCE J. CENTOLA
                                Martzell Bickford & Centola
12                              338 Lafayette Street
                                New Orleans, Louisiana  70130
13
                                MS. EMILY JEFFCOTT
14                              The Lambert Firm
                                701 Magazine Street
15                              New Orleans, Louisiana  70130

16                              MS. ABBY E. McCLELLAN
                                Stueve Siegel Hanson
17                              460 Nichols Road
                                Suite 200
18                              Kansas City, Missouri  64112

19                              MR. DANIEL P. MARKOFF
                                Atkins & Markoff Law Firm
20                              9211 Lake Hefner Parkway
                                Suite 104
21                              Oklahoma City, Oklahoma  73120

22                              MR. DAVID F. MICELI
                                Simmons Hanly Conroy
23                              One Court Street
                                Alton, Illinois  62002
24

25
```

```
 1                              MR. RAND P. NOLEN
                                Fleming, Nolen & Jez
 2                              2800 Post Oak Boulevard
                                Suite 4000
 3                              Houston, Texas  77056

 4                              MR. HUNTER J. SHKOLNIK
                                Napoli Shkolnik
 5                              360 Lexington Avenue
                                11th Floor
 6                              New York, New York  10017

 7                              MS. GENEVIEVE M. ZIMMERMAN
                                Meshbesher & Spence
 8                              1616 Park Avenue South
                                Minneapolis, Minnesota  55404
 9
                                MR. HUNTER J. SHKOLNIK
10                              Napoli Shkolnik
                                360 Lexington Avenue
11                              11th Floor
                                New York, New York  10017
12

13   FOR SANOFI S.A.:           MR. DOUGLAS J. MOORE
                                Irwin, Fritchie,
14                                 Urquhart & Moore
                                400 Poydras Street
15                              Suite 2700
                                New Orleans, LA  70130
16

17                              MR. HARLEY V. RATLIFF
                                MR. JON STRONGMAN
18                              MS. ADRIENNE BYARD
                                Shook, Hardy & Bacon
19                              2555 Grand Boulevard
                                Kansas City, Missouri  64108
20

21   FOR HOSPIRA                MR. JOHN F. OLINDE
     WORLDWIDE, LLC:            Chaffe McCall
22                              2300 Energy Centre
                                1100 Poydras Street
23                              New Orleans, LA  70163

24

25
```

```
 1   FOR SANDOZ, A NOVARTIS         MR. R. CLIFTON MERRELL
     DIVISION:                      Greenburg Traurig
 2                                  Terminus 200
                                    3333 Piedmont Road, NE
 3                                  Atlanta, GA  30305

 4
     FOR ACCORD HEALTHCARE,         MR. CHAD A. SULLIVAN
 5   INC.:                          Keogh Cox & Wilson
                                    701 Main Street
 6                                  Baton Rouge, Louisiana  70802

 7
     FOR SUN PHARMA GLOBAL,         MR. GEOFFREY COAN
 8   INC.:                          Hinshaw & Culbertson
                                    28 State Street
 9                                  24th Floor
                                    Boston, Massachusetts  02109
10

11   Official Court Reporter:      Lanie M. Smith, RPR, CRR
                                    500 Poydras Street, B-275
12                                  New Orleans, Louisiana 70130
                                    (504) 589-7782
13

14

15

16

17

18

19

20

21

22

23

24
           Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

1          **P R O C E E D I N G S**

2                    (Call to order of the court.)

3          THE COURT:  Good morning.  As you were.

4                    We are here for the general status conference in

5     MDL No. 2740, *In Re:  Taxotere (Docetaxel) Products Liability*

6     *Litigation*.

7                    For the record, I met earlier this morning with

8     liaison counsel and discussed a number of issues with them.

9     Following that, I met with the committees that have been

10    appointed by the Court; and we covered a lot of information

11    during that meeting as well.  So I think we're making a lot of

12    progress in the MDL up to this point.

13                   Most recently for those of you -- I think all of

14    you-all are aware of this; but we received, of course, the

15    master complaint and we are awaiting the answer to the master

16    complaint and that should be forthcoming.

17                   Mr. Moore, when is the date again?

18         MR. MOORE:  I believe the deadline for motions directed

19    at the master complaint is at the end of this month, I believe

20    May 31.

21         THE COURT:  Right.

22         MR. MOORE:  So we'll be filing them at that time.

23         THE COURT:  Okay.  The responsive pleadings.

24                   Also I have signed an order or actually I will be

25    signing one today relative to the pending motions to remand;

1   and to be specific, those are motions that are pending in the
2   cases that have been transferred in so that we can disclose of
3   those.  We have a briefing schedule set up so that those can be
4   tackled by way of common issues and we'll get those decided as
5   soon as possible, jurisdiction being as sacrosanct as it is.
6           I also signed yesterday an order that appoints a
7   settlement committee of the 505(b) defendants and I met with
8   the settlement committees a couple of weeks ago and I think we
9   had a very positive meeting.  We discussed more specifically
10  than I had anticipated what the tasks of the committees are,
11  where they are in their conversations, what is needed for those
12  conversations to continue to be positive and fruitful; and I
13  appreciate efforts along those lines.
14          I think with this new settlement committee, which
15  to be clear is a different committee than that which was
16  appointed that Mr. Strongman is on pertinent to the sanofi
17  defendants.  For now, it's a different committee, the idea
18  being that those interests may be separate and apart from the
19  original primary defendant in the case, the sanofi defendants
20  in the case; and that perhaps at some point one or more of
21  those defendants, depending on their specific circumstances in
22  terms of market share, resources, just interest in exiting the
23  litigation, may wish to commence conversations separate and
24  apart from the other defendants.
25          So that's the structure that we've established,

1    and I think it's a good one for the time being.  All of it is

2    subject to change depending on where we are in the litigation,

3    and we'll see in which direction they choose to go.

4              Mr. Olinde.

5              MR. OLINDE:  Yes.  Your Honor, Lori Cohen is here.

6    She's the person --

7              THE COURT:  Good morning.

8              MR. OLINDE:  I don't know if you had met her before,

9    but she's the person who will be the chair of our committee --

10   505(b).

11             THE COURT:  I had not and I made a specific designation

12   in the order, which I believe went out yesterday, appointing

13   Ms. Cohen as the chair of the settlement committee for the

14   505(b) defendants.

15             I appreciate your work and your interest in

16   helping us out.  I'm sure that it's going to be an exercise

17   that will be positive for those who serve on those committees

18   and actually for the entirety of the MDL is my hope and I think

19   we've gotten off to a real good start in that regard.

20             Okay.  I do have the draft Joint Report No. 3 of

21   liaison counsel.  It has been the subject of discussion.  At

22   this point I will ask counsel -- I see Ms. Barrios is

23   approaching the podium.  So I'll ask her and Mr. Moore and

24   Mr. Olinde, to the extent either of them wish to add to the

25   conversation; but go ahead and cover what is in our joint

1    report and we'll follow the same procedure that we've used for

2    our prior conferences where we'll discuss the topics that are

3    in the report; everyone will have an update on that

4    information; we will answer any questions about anything that

5    is in the report; and then at the conclusion, we'll certainly

6    leave the floor open for further discussions for good of the

7    order.

8              So, Ms. Barrios, if you would like to begin, that

9    would be fine.

10             MS. BARRIOS:  Good morning, Your Honor.  Dawn Barrios

11   and Palmer Lambert as plaintiffs' liaison counsel and we,

12   together with the defendants' liaison counsel, prepared Joint

13   Report No. 3 and I think all four of us are very happy to

14   report everything is going along real nicely.  We've had a lot

15   of meet and confers so today's status conference should not be

16   very lengthy or contentious in any respect.

17             With regard to the --

18             THE COURT:  It's early so there's still hope.

19             MS. BARRIOS:  I have been accused of being Pollyanna in

20   every case I'm in so I'm going to hold on to that.

21             THE COURT:  I'm kidding and I appreciate it and I hope

22   you're very prescient in your appreciation of the issues in

23   here.

24             MS. BARRIOS:  Thank you, Your Honor.

25             Number 1 is the report of the number of cases in

1    the MDL.  We, again, thank Crystal.  She updated us on May 10th

2    and there are currently 1,116 cases pending in the MDL.

3              With regard to Number 2 on the federal/state

4    coordination, we're pretty much in the same position we were

5    previously.  We only have two cases that have not been sent to

6    the MDL, and we don't anticipate them being sent here.  They

7    are both in Delaware, they are both before the same judge, we

8    have advised the judge of the call-in number and the fact that

9    the status conference is today.  My office continues to send

10   e-mails to every plaintiff's lawyer in the entire MDL, and I'm

11   sure they are probably sick of getting them from me.

12             As you noted, we have a briefing schedule for the

13   remand so that would go along with the federal/state

14   coordination report, and we'll look forward to that coming out

15   shortly.

16             With regard to Number 3, the pretrial orders, I'm

17   going to skip all the way down to Pretrial Order 43 because I

18   addressed them individually at a later time in the report.

19   Pretrial Order 43 regards the status conference that we had

20   July 7th, the fact that you met with the settlement committees,

21   and we discussed the 505(b)(2) defendants having a settlement

22   committee, Science Day, the remand motions, and the discovery

23   schedule.

24             As we indicated to you at the liaison counsel

25   meeting, we have met and conferred and exchanged different

1    schedules for the bellwether trials; and we're very close.  We,

2    in fact, have chosen the same first day for the first trial.

3    So we ask Your Honor's indulgence for another ten days to be

4    able to polish it off and present it to you.

5         MR. OLINDE:  Your Honor, I had talked to Chris Coffin

6    about this because I had spoken to members of our committee.

7    Because I have six of them, I had asked them to do it for two

8    weeks, which is 14 days.  It gives us a little bit more time

9    with the number of people I have to look at it.

10        THE COURT:  Okay.

11        MS. BARRIOS:  It's certainly fine with us.

12        THE COURT:  That's fine with me too.  It sounds like

13   you're making the kind of progress that I was hoping for so an

14   additional four days, if it helps you tie down those dates,

15   then I'm certainly all for it.  I appreciate trying -- you-all

16   know that I have been talking about trying to get bellwethers

17   set on the calendar along with the scheduling dates that would

18   go with each trial date so I appreciate your efforts.  And if

19   you need an extra four days to make that concrete, I'd like you

20   to do that.

21        MR. OLINDE:  Very good.  Thank you.

22        MR. COFFIN:  That is fine with us, Your Honor.  One

23   issue on the scheduling orders.  We have talked about meeting

24   and conferring and trying to iron things out.  We do anticipate

25   there may be an issue or two.

1          THE COURT:  Sure.

2          MR. COFFIN:  If that happens, my understanding is

3   Your Honor would accept letter briefs.  We would like to have

4   some limitation or instruction on the length of those letter

5   briefs so that we know what the Court expects.

6          THE COURT:  Well, it's going to depend on the issue;

7   and, again, I hate to be vague; but you're asking me sort of

8   for a general answer.  You're talking about with regard to this

9   schedule?

10          MR. COFFIN:  Correct, Your Honor.  Just with regard to

11   this schedule.

12          THE COURT:  Well, look, I expect you-all to -- I

13   appreciate you asking.  What you think is reasonable is fine.

14   I don't need a ten-page letter with excerpts from law review

15   articles if it's a scheduling issue.  Just tell me what your

16   client's position is.  First of all, what is the dispute, what

17   is your client's position on it, and why you think that

18   position should be indulged by the Court; and I can appreciate

19   that.  If it's a two-page letter or a three-page letter, that's

20   fine.

21          The general rule, of course, at least in my court

22   and probably in most courts, is that brevity is greatly

23   appreciated.  So I don't want to sit here and give you a page

24   limit that's going to be restrictive.  If you think you can do

25   it in a four-page letter, I don't want you to get hung up on me

1    saying three pages is the limit.

2         MR. COFFIN:  Understood.

3         THE COURT:  So give me the information that I need to

4    decide the issue with regard to scheduling and then we'll have

5    a phone conference and we'll get it resolved quick or you'll

6    get an e-mail back from my clerk.  I'll read what you send and

7    I'll send an e-mail back through my clerk that it's going to be

8    "X" date.  Having read your submissions, it's going to be "X"

9    date for a deadline or what have you.  So we'll do it that way.

10        The next hurdle will be -- and it probably will

11   be a little more difficult than picking dates -- is going to be

12   picking the particular case or cases that we want to set on

13   those dates.  And I had already indicated an intent to, just to

14   give you a preview, of trying to set more than one case on each

15   of those dates so that we know we're going to be trying

16   something on those dates and they're not going to come and go

17   if something happens where a plaintiff or defendant or for

18   whatever reason the case goes by the wayside, we don't waste

19   time with a trial date that we had reserved and now we don't

20   have a case to try.

21        MR. COFFIN:  And we've heard that; and we've taken that

22   into account, Your Honor.  Thank you for that clarification and

23   for your guidance.

24        THE COURT:  Sure.  Thanks.

25        MS. BARRIOS:  Thank you, Mr. Coffin.

1            And Mr. Olinde and Mr. Coffin -- Judge, please

2     don't count their time against me when I said we were going to

3     run through it.

4            As you indicated, you had appointed a settlement

5     committee for the 505(b) defendants and I would like to welcome

6     Ms. Cohen to our MDL and to our courtroom and I know that

7     Mr. Gordon will work closely with her.

8            The next item is Number 5 and I'd like to say

9     this for the record because of the calls that Mr. Lambert and I

10    get.  The Master Long Form Complaint is not in a pretrial

11    order.  It is Record Document No. 312.  The short -- the

12    amended Exemplar Short Form Complaint is in a pretrial order

13    and that's Pretrial Order 41.  But the master long form is not

14    in a pretrial order.

15            Anybody who is going to use a short form

16    complaint -- and the order spells out who can use it.  If your

17    case is filed prior to April 1, you may amend and use a short

18    form complaint.  If your case is filed after April 1, 2017, you

19    must use the short form complaint.

20            We caution all counsel to make reference to the

21    Master Long Form Complaint.  We also caution counsel that if

22    you're amending a complaint and if you leave off a defendant in

23    the short form complaint that you had previously named in the

24    long form complaint, the clerk's office will close the case on

25    the defendant not named.  That's really important and I'm happy

1    to send a confirming e-mail out to everybody, but I know that

2    the clerk's office had pointed that out to us.

3            THE COURT:  Does anybody have any questions about that?

4    It is very important and we're at a point now where we should

5    be sorting through these cases for those plaintiffs that have

6    not made a determination yet as to which of the defendants is

7    the proper defendant and that's an entirely legitimate

8    circumstance, but we should be making a lot of progress.

9            I know the defendants have given the chart of

10   when their products were on the market so that's helpful to

11   some extent.  I thought it was very helpful, but for you to

12   determine with your client what particular defendant is the

13   appropriate defendant is very, very important and we really

14   need to get -- we're at a point in the litigation where that

15   has got to be done or should have been done by now for those

16   that are already pending.  And I realize there's some discovery

17   that's involved; but we're talking about medical records,

18   hospital records, healthcare provider records; and, of course,

19   the patient/plaintiff would be the one to have the most and

20   easiest access to that information now or his or her counsel

21   would have the easiest access to it.

22           And I'm not saying it's easy to get it.  I'm just

23   saying they have the best chance of getting it at this point in

24   the case.

25           MS. BARRIOS:  Thank you, Your Honor.

1        Moving on to Number 6 in the joint report, I'd

2   just like to point out the exact pretrial orders that apply to

3   the plaintiff and defendant fact sheets because in some

4   instances it may confuse people who are not used to the Eastern

5   District manner of doing things.

6        There is a PTO 22, there is an amended PTO 22.

7   So you must follow the amending and superseding PTO 22 with

8   regard to the service of the fact sheets.

9        PTO 23 contains the authorizations that go with

10  the plaintiff fact sheet.

11        PTO 24 gives detailed information on the service

12  of fact sheets and authorization through Centrality with

13  BrownGreer.  Now, there is something that Your Honor had

14  clarified to liaison counsel before.  I'd like to state it for

15  the record and I've already sent an e-mail blast out, that

16  amended PTO 22 as well as PTO 22 uses the same reference point

17  for the day that you begin to count and it was Your Honor's

18  decision that the, quote, date of this order that counsel are

19  to use to make the count refers to the initial PTO 22.  So the

20  amended PTO 22 covers everything you need except the triggering

21  date for the plaintiff profile forms.

22        THE COURT:  Right.

23        MS. BARRIOS:  I'm going to make this report for

24  BrownGreer because we didn't think it was necessary for him to

25  come.

1        He has, as of yesterday, received 17 plaintiff

2    fact sheets and there are 229 plaintiff fact sheets that have

3    begun.  You can return to the fact sheets to complete them.  So

4    he was very pleased with the process.

5        According to our calculations, the fact sheets

6    will be due in waves.  The first wave is May 24th, the second

7    wave is July 24th and the third wave is September 22nd.  And,

8    of course, all new cases filed will have to calculate their own

9    date.  But Plaintiffs' Liaison Counsel, Plaintiffs' Lead

10   Counsel, Plaintiffs' Steering Committee, everybody plaintiff,

11   begs all counsel to complete the plaintiff fact sheets as

12   thoroughly as possible so that we do not have any deficiencies

13   because that's going to slow up the process of the MDL.

14       With regard to Number 8, the service on the

15   defendants, we have worked with many defendants.  Mr. Coffin

16   had the rowing oar on this; and we've done streamline service

17   orders for sanofi, Accord Healthcare, Sandoz, Actavis Pharma,

18   McKesson, Sun Pharma and Hospira Worldwide.  You will find

19   those at Record Doc. 303, 304, 307, 308, 327, 328 and 160.

20       THE COURT:  We did have an issue with -- Mr. Coffin,

21   with regard to two service orders, I believe -- two defendants,

22   I should say -- and I had built in a 60-day period.  Have

23   you-all been discussing resolving that 60-day period for them

24   to rectify so that we could have that type of interface that

25   all of the other defendants have?

1      MR. COFFIN:  My understanding -- I think you're

2  referring to the e-mail interface.

3      THE COURT:  Yes.

4      MR. COFFIN:  I have at least discussed that with one of

5  the -- actually I think both of the 505(b)(2)'s who are in

6  that situation.  And as Your Honor knows we have some defendant

7  naming issues that we're ironing out with, I think, three of

8  the 505(b)(2)'s.

9          But to answer your question, yes, we're meeting

10  and conferring and trying to iron out that process so that

11  everybody is on the same page.

12      THE COURT:  Okay.  Mr. Olinde, is that --

13      MR. OLINDE:  That's correct.  And I thank Mr. Coffin

14  for doing that and working with us on that.

15      THE COURT:  Okay.

16      MS. BARRIOS:  And, Your Honor, because we had some

17  issues -- small issues on the exact corporate entity, we may

18  have to amend some of the pleadings.

19      THE COURT:  Okay.

20      MS. BARRIOS:  Section Number 9, dismissal of the

21  defendants.  If you recall, attorney for Apotex came in with an

22  affidavit.  We have encouraged everyone to dismiss Apotex based

23  upon the affidavit and everyone has.  We have also been

24  approached by Northstar RX, LLC and Eagle Pharmaceuticals, Inc.

25  We are in the process of doing that very thing.  We ask that

1   any defendant who is going to ask the Plaintiffs' Steering

2   Committee to recommend or encourage or review dismissal of

3   their client, provide us with an affidavit because that way we

4   can pass that on to individual counsel.  We don't have the

5   authority to actually do the dismissal.

6              THE COURT:  Yes.  I think the expectation is that

7   everyone on each side of this case is going to be a responsible

8   litigant and I'm talking about counsel.  Obviously your clients

9   hopefully are listening to you and taking your good advice, but

10  in this instance where there is sufficient documentation --

11  and, of course, the defendant would have to produce sufficient

12  documentation by way of an affidavit or some other type of

13  proof that it has been improperly named in a case or in the

14  instance of the Apotex gentleman, shouldn't be in the case at

15  all -- that the plaintiffs' counsel will evaluate that

16  information, ask additional questions if necessary, conduct due

17  diligence with or without the input of the opposing counsel,

18  and then make a decision regarding dismissal if that's

19  appropriate under the circumstances.

20              We do have multiple defendants at this time and

21  my understanding from the outset of the case was that each

22  plaintiff in the case has one and only one defendant, whichever

23  it may be -- whichever of them it may be; but each plaintiff

24  has one and only one defendant.  So we're going to go through

25  this and we're going to dismiss those that are not involved

1   with particular plaintiffs.  And, again, I don't mean this

2   jokingly, but it comes across as a joke every time I say it

3   because of the *FEMA Trailer* MDL; but matching is important and

4   we have to do it.  It's critical in this case before we can go

5   too much further down the road.

6              Mr. Olinde, do you --

7         MR. OLINDE:  Yes.  Your Honor, there have been letters

8   sent out by some defendants to plaintiffs who have cases where

9   the allegation is that the product was used before their

10  particular defendant's product was on the market; so, we've

11  asked for dismissals in those cases and the type of information

12  we provided is the publicly-available information about the

13  approval date of the drug which we've already provided to the

14  Court.  So if they know what the approval date is and the

15  allegation in the complaint is that the date of usage was

16  before that approval date, they should dismiss.  So that's how

17  we've been handling it.

18        THE COURT:  Okay.  Good.

19        MS. BARRIOS:  Your Honor, both sides are cognizant of

20  the need to have a clean record; and we're working together

21  beautifully on that.

22             Section Number 10 is the preservation order that

23  is contained in Pretrial Order 1, which is Record Doc. 4; and,

24  again, I advise all plaintiffs' counsel to make sure that their

25  clients are well aware of the legal requirement for

1    preservation.

2             With regard to Paragraph Number 11 on the

3    protective order, the parties are working together and are

4    meeting Magistrate Judge North on Tuesday May 16th and he's

5    going to handle the entrance of a protective order.

6             Similarly with the ESI discovery, he is working

7    with the parties and the parties are working very well to

8    actually get to a point where there is an ESI protocol for each

9    of the defendants.  That conference with Judge North, again, is

10   on May 16th.

11            On Number 13, the discovery of defendants, we

12   have discussed in prior meetings today the informal discovery

13   that the plaintiffs have propounded on the defendants.  They

14   are going to meet and confer on that, and then we don't

15   anticipate there being any adversarial position at this time on

16   them.

17            Number 14 is the scheduling order for all the

18   cases.  That's what I had referred to earlier, Your Honor.

19   We're working together and in 14 days, per Mr. Olinde's

20   request, we'll have that to you.

21            Paragraph 15, "Motion Practice."  The Court had

22   entered PTO 21 which set the dates for the remand motions.

23            THE COURT:  Right.

24            MS. BARRIOS:  And we've already discussed that.  We

25   have the proposed briefing schedule which should be Pretrial

1   Order 45 which may be signed today.  The second motion that is

2   the still pending is the French defendant sanofi and

3   Aventis Pharma SA filed a Motion to Dismiss for Lack of

4   Personal Jurisdiction.  The parties will meet and confer on the

5   discovery required for that.

6           The third motion is sanofi-aventis filed a Motion

7   for Disclosure of Non-Party Interested Entities or Persons.

8   We're working on that and the motion is set for submission on

9   June 7th.  So that's an error in the report which we will

10  correct -- not June 21st.

11          THE COURT:  Okay.  And also I don't know if you

12  mentioned -- maybe you did -- the personal jurisdiction motion

13  by the French defendants is set for October 11th of 2017 and

14  based upon our discussion earlier today, I'm willing to move

15  that date up depending on the discovery that needs to be done

16  relative to that motion and if it's prepared and it's teed up,

17  ready to be disposed of and all counsel have had an opportunity

18  to conduct the discovery they need and file the briefing that

19  needs to be filed, I would be willing to move that date up if

20  counsel so advises.

21          MS. BARRIOS:  Thank you, Your Honor.  We appreciate

22  your indulgence.

23          Paragraph 16 is the class certification briefing

24  schedule.  The submission for that motion is June 21, 2017.

25          Paragraph 17 regards information day or the

1   science presentation.  I believe the 60 minutes that you

2   allotted to both sides was sufficient to inform the Court on

3   the information the Court had requested.

4          THE COURT:  Yeah.  And I thought it was very

5   informative, and I appreciate the work that was put into it.  I

6   know you-all spent some time on it.  I still have the materials

7   and I will certainly keep and consult frequently with the

8   materials that you gave me that day but I thought it was -- the

9   only thing is I told counsel afterward if you-all would confer

10  on it so we don't have too much of an overlap, we might be able

11  to use the time more efficiently, but the information that you

12  provided on both sides was very helpful as an entree into the

13  substance of the case.

14          Whether we do it again and when and on what

15  particular topics, we'll discuss that further as we go.  But

16  perhaps we will have another opportunity to maybe build on the

17  foundation that we covered on the day that we -- that was

18  May 3rd -- on the information you've already given me.

19          MS. BARRIOS:  Thank you, Your Honor.

20          Paragraph 18 regards the settlement committees.

21  We have previously discussed that you signed an order yesterday

22  for the 505 defendants.  Mr. Gordon is here in court.

23          Mr. Gordon, would you like to make a presentation

24  to the Court on the status?

25          MR. GORDON:  Thank you, Ms. Barrios.

1          Ben Gordon for the Plaintiffs' Settlement

2    Committee.  Your Honor, I really don't have anything

3    substantive, new to report.  I did have a number of e-mails

4    with Mr. Strongman about next steps.  We had a very brief

5    meeting.  I have Mr. Reich from the committee here and

6    Mr. Warshauer.  The other two members, Mr. Niemeyer and

7    Ms. Schwarz, elected not to come in favor of a further plenary

8    meeting with the groups.

9          And Mr. Strongman and I discussed potential for a

10   meeting of both committees after his trial in June.  So we

11   tentatively talked about, not to put words in his mouth,

12   possibly something in late June at a location to be determined

13   for full committee meetings.  Whether or to what extent that

14   may include the 505(b)(2) committees, I plan to address with

15   Mr. Strongman and Ms. Cohen.

16         Ms. Cohen and I have talked, mostly to exchange

17   pleasantries and to welcome her and to talk about next steps

18   which I know she's going to talk to her committee about and

19   we'll report back to the Court on.

20         THE COURT:  Okay.  As you-all make progress on that and

21   you wish to meet with me again, I'm certainly happy to do so.

22   I'll leave it up to you all as to whether or not you think

23   there's a need to in light of our discussion.  I thought we had

24   a very positive discussion on the one hand.  On the other hand,

25   your conversations are not something that I need to be involved

1    in.  Other than the type of update that you have just given, I

2    don't need to be involved in at this point unless you believe

3    it would be helpful.  So keep me apprised as to what's going on

4    with it and if you do need my input on it, then I certainly

5    will make myself available.

6              MR. GORDON:  Thank you, Your Honor.  We appreciate

7    that, and we'll do it.

8              THE COURT:  Thank you.

9              MS. BARRIOS:  Thank you, Mr. Gordon.

10             Back to the joint report.  On Paragraph 19 is

11   Special Master Kenny DeJean.  Special Master is in court,

12   Your Honor; but he has not begun the review of time and

13   expenses.  We're going to begin that this afternoon and work

14   with the administrator of the program.

15             But I want to remind everyone who is going to

16   submit any common benefit time or expenses, that they're due

17   the 15th of the month for the preceding month and the program

18   will be locked at midnight Pacific time.  So you have to pay

19   attention to not only the date being the 15th, but the time as

20   well.

21             Paragraph 20 is the upcoming deadlines and

22   important dates and I believe --

23             THE COURT:  Let me interrupt you.

24             MS. BARRIOS:  I'm sorry.

25             THE COURT:  That's okay.  I want to emphasize when we

1    get -- we talk about common benefit time.  For those of you --

2    I know most of you have been involved in either MDL cases or

3    cases that consider common benefit time; but what Ms. Barrios

4    just said is critical in my opinion when we get to the point in

5    this case -- assuming we get to the point -- where there is to

6    be a fee consideration and a fee distribution, the common

7    benefit time becomes very, very important.  And if it's not

8    kept pursuant to the order and not timely filed, then I'm not

9    going to entertain arguments later about what was and was not

10   for common benefit.

11           In other words, if it hasn't been timely filed,

12   then it didn't happen.  I'm saying that generally so that

13   nobody later gets bent out of shape by me saying, well, you

14   didn't do it or it was not common benefit.  It may be disposed

15   of simply because you didn't report it.  So you've got to read

16   that order carefully.

17           I don't think it's confusing as to what the task

18   is.  Most of you have been involved in cases that have had such

19   an order, but it's going to be strictly followed along the

20   lines that Ms. Barrios just described and so it's important

21   that you, monthly, participate in that process because, if not,

22   you may be excludeing yourself from a justly-earned fee to be

23   paid as part of the common benefit award.

24           So, again, revisit that order carefully.  If you

25   don't already have a mechanism in your office that, like

1    clockwork, makes such a filing or a disclosure, then you need

2    to set something up so that you're a participant because if

3    it's not timely submitted -- again, it's not timely

4    submitted -- it didn't happen; and it's not going to be

5    considered.

6             MS. BARRIOS:  Your Honor, we were hoping that we could

7    bestow upon Mr. DeJean a little discretion.  If someone, for

8    instance, doesn't have a receipt that went with a bill, that

9    that could actually go back -- the computer program could be

10   unlocked and they could add that in.

11            THE COURT:  If they can disclose that they have such a

12   receipt, but they have not yet produced it, that's one thing.

13   I'm talking about people who don't submit anything --

14            MS. BARRIOS:  Oh, okay.

15            THE COURT:  -- and then come back and say, well, here

16   is all what I did and I expect to be paid out of the common

17   benefit fund or here are my receipts now so far downstream,

18   they are going to be excluded.  But if you so advise him that I

19   anticipate getting a receipt for a cost incurred or what have

20   you, that's one thing.  At least then we know about it, it can

21   be accounted for with documentation.

22            So I appreciate you making the distinction, and

23   that's not the circumstance I'm describing.  So, yes, if that

24   is disclosed, it can be recaptured with documentation.  Sure.

25            MS. BARRIOS:  Thank you, Your Honor.

1          We were going to work with Special Master to just

2     give a list of protocols for him to use; and if you would like

3     us to present that to you for approval, we certainly will.  But

4     we wanted to give him a little discretion so that we didn't pay

5     him a hundred dollars to correct a two-cent error.

6          THE COURT:  That's fine.

7          MS. BARRIOS:  Which has happened before.

8          Your Honor, the next status conference is our

9     last paragraph, Number 21.  It will be held on July 7, 2017, at

10    10:00 A.M. in this courtroom.  The meeting with liaison counsel

11    will be 8:30 in chambers and the meeting of the master

12    committees will be at 9:00 A.M.

13          And, Your Honor, that ends our report.

14          THE COURT:  Correct.  And we do have the information

15    here.  It will be in the report.  For anyone who wishes to

16    listen in by phone, there will be a call-in number for those

17    who are not here in person.  Okay.

18          MS. BARRIOS:  Yes, Your Honor.  And I didn't mean to

19    interrupt you --

20          THE COURT:  That's okay.

21          MS. BARRIOS:  -- but I wanted to state for the record,

22    we send out an e-mail about a week in advance with the

23    telephone number and they're supposed to contact my office to

24    tell us if they are going to be on the phone and then we

25    provide that to Chynna so that routine has already begun.

1      THE COURT:  Okay.  Great.

2      MS. BARRIOS:  Thank you, Your Honor.

3      THE COURT:  Mr. Moore, did you wish to add anything?

4      MR. MOORE:  Nothing else, Your Honor.

5      THE COURT:  Okay.  Mr. Olinde?

6      MR. OLINDE:  Nothing else, Your Honor.  Thank you.

7      THE COURT:  Okay.  Does anyone have any questions for

8  counsel, or for the Court for that matter, pertinent to

9  anything that we have covered up to this point?

10      All right.  If there are none, then I'll go ahead

11  and open the floor for any discussion regarding issues that

12  have not been covered as part of what Ms. Barrios has covered

13  along with counsel.

14      Anybody have anything that needs to be brought to

15  the Court's attention or to counsel's attention at this point?

16  Anybody?

17      Okay.  I have to say I think we're settling in on

18  the litigation in a productive manner at this point.  My

19  impression is that we've sort of finished the process of

20  sniffing each other out or boxers that are sort of eyeing each

21  other up at the beginning of the first round of the fight and

22  I'm glad to say that we're sort of settling into a workable

23  format.  You-all are getting to know each other better; and

24  knowing what my proclivities are and oddities, if they're

25  considered that.

1        But I think we're to the point now where we're

2   making constructive progress as opposed to simply trying to get

3   administrative matters tied down, and I hope that we can

4   continue.  I think a significant event will be when we get the

5   schedule of the trial dates so that we can start getting into

6   the more specifics of the substance of a particular claim that

7   might be illustrative of what we're dealing with in this case.

8   So I really look forward to that, and we'll go from here.

9        If anything comes up in the meantime, I ask you,

10  through liaison counsel, to bring it to my attention.  I will

11  meet with liaison counsel, certainly as short notice, either by

12  phone or in person, to discuss whatever needs to be tended to

13  in the case and so we'll work on that basis.  I have picked

14  another meeting date with them; but if we need to meet sooner

15  than that, I'm here most of the time and available.

16        Okay.  Well, thank you all very much; and we'll

17  look forward to seeing you on July 7, if not before.

18        MS. BARRIOS:  Thank you, Your Honor.

19        THE COURT:  Thank you.

20        (WHEREUPON, the proceedings were adjourned.)

21                    REPORTER'S CERTIFICATE
         I, Lanie M. Smith, CRR, RPR, Official Court
22  Reporter, United States District Court, Eastern District of
    Louisiana, do hereby certify that the foregoing is a true and
23  correct transcript, to the best of my ability and
    understanding, from the record of the proceedings in the
24  above-entitled and numbered matter.
                        ____/s/ Lanie M. Smith_____
25                      Official Court Reporter