UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  TAXOTERE (DOCETAXAL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| This Document Relates to: | SECTION "N" (5) |
| *Vinson, et al. v. Sanofi S.A., et al.* Case No. 2:17-cv-4030-N(5) | |
| *Bickley, et al. v. Sanofi, S.A., et al.*, Case No. 2:17-cv-01073-KDE-MBN | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OMNIBUS
MOTION TO REMAND CERTAIN CASES TO THE TWENTY-SECOND
JUDICIAL CIRCUIT, CITY OF ST. LOUIS, STATE OF MISSOURI**

Pursuant to 28 U.S.C. § 1447(c), and for the reasons that follow, the Court should remand the above referenced cases to the Twenty-Judicial Circuit, City of St. Louis, State of Missouri. There is an absence of complete diversity of the parties in each action and no federal questions are at issue.  Therefore, the Court lacks subject matter jurisdiction.

**BACKGROUND**

Both of the cases at issue were originally filed in the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri and allege that the Plaintiffs suffered injuries in the form of permanent alopecia as a result of using the chemotherapy drug Taxotere.[1]  The Defendants are the makers and sellers of that product.

Both cases involve multiple-Plaintiffs that were properly joined pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure, and both cases involve the presence of Plaintiffs that

---

[1] Plaintiffs note that a third case, *Whitted, et al. v. Sanofi S.A., et al.*, E.D. Mo. No. 4:17-cv-00769-RWS, is currently pending in the United States District Court for the Eastern District of Missouri.  Plaintiffs anticipate that Defendant's Motion to Transfer the *Whitted* action to these multidistrict proceedings will be addressed by the JPML at May 25, 2017, hearing session. Should the *Whitted* action thereafter be transferred to this Court, the same arguments justifying remand set forth herein would apply to the *Whitted* action as well.

share New Jersey citizenship with Defendant Sanofi-Aventis U.S. LLC. This fact is not disputed. Instead, Defendant Sanofi-Aventis U.S. LLC removed both cases by alleging that the non-diverse Plaintiffs were "fraudulently misjoined" to defeat diversity and that their citizenship should be disregarded.

Both cases were originally removed to the United States District Court for the Eastern District of Missouri. Plaintiffs filed Motions to Remand in both cases prior to transfer to these multidistrict proceedings, asserting that remand was proper pursuant to the Eighth Circuit precedent of *In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010) because the removing Defendant could not establish that the claims of the Plaintiffs in either case were egregiously misjoined as required for a finding of fraudulent misjoinder.[2]

The Plaintiffs in both cases assert that their claims are properly joined pursuant to Missouri law because their claims all arise out of the same series of transactions or occurrences. Each Plaintiff in both cases was prescribed Taxotere for the treatment of breast cancer, each Plaintiff suffered permanent alopecia as result of their use of this product, and each Plaintiff suffered an injury as a result of Defendants' inadequate warnings regarding permanent alopecia and their tortious marketing and distribution of this product. In sum, each Plaintiff suffered permanent alopecia as a result of the same wrongful conduct and tortious acts by the Defendants, including the Defendants' failure to conduct adequate safety and efficacy studies, the Defendants' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings provided to physicians and patients. The acts at issue were done without any regard for individual Plaintiff differences, such as where they reside or

---

[2] Plaintiffs incorporate by reference as if fully set forth herein their previously filed Motions to Remand and related documents.

their personal medical history, and the very conduct at issue relates to all Plaintiffs' claims and makes up a common universe of facts underlying all Plaintiffs' claims.

The fraudulent misjoinder analysis under Fifth Circuit law does not alter the critical point of the analysis previously briefed under Eighth Circuit law, *i.e.*, whether the Plaintiffs claims were **egregiously** misjoined. As the Defendants cannot establish that the non-diverse Plaintiffs were egregiously misjoined, complete diversity is lacking. Accordingly, both cases at issue should be remanded to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

## ARGUMENT

### A.  Complete diversity of the parties does not exist

The Court lacks subject matter jurisdiction and should remand these actions to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri. While Defendant Sanofi-Aventis U.S. LLC removed on diversity of citizenship grounds, it cannot meet its burden of establishing federal jurisdiction. Complete diversity does not exist in either of the cases at issue.

Under 28 U.S.C. §1441, a defendant may remove to federal court any state court action between citizens of different states, where the amount in controversy exceeds $75,000. See 28 U.S.C. §1441. "From time immemorial, the Supreme Court has interpreted diversity jurisdiction to require that no party be a citizen of the same state as any opposing party." *Ziegler v. Champion Mortg. Co.,* 913 F.2d 228, 229 (5th Cir. 1990) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). *See also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (*citing Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996)). *See also* 28 U.S.C. §1332.

The party seeking removal has the burden of establishing federal jurisdiction, and there is a presumption against removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916(5th Cir. 2001) (*citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)); *see also*

*Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir.1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.") (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir.1988)). *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As such, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand . . ." *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369 (5th Cir. 2013) (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723(5th Cir. 2002). "[c]ourts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." *Flatwire Solutions LLC v. Sexton*, 2009 U.S. Dist. LEXIS 123889, at *3 (C.D. Cal. Dec. 29, 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Furthermore, the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 812 (5th Cir. 2011) (*citing Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir.2006) (citations omitted).

In both of the cases currently at issue, multiple Plaintiffs share New Jersey citizenship with Defendant sanofi-aventis U.S. LLC.  In *Vinson*, Plaintiffs Patricia Grays and Brenda Nelson are citizens of New Jersey as are Plaintiffs Adell Freeman and Vicki Sanchez in the *Bickley* action. Therefore, complete diversity is lacking in both actions and the Court should remand them to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**B.     There is no basis to create diversity by way of the fraudulent misjoinder doctrine**

In an attempt to create diversity despite the presence of New Jersey Plaintiffs in both actions, the removing Defendant asserts the Court should sever the Plaintiffs' claims pursuant to

4

the doctrine of procedural or fraudulent misjoinder. This contention is wholly devoid of merit as the Defendant cannot establish that the Plaintiffs' claims were egregiously misjoined.

The fraudulent misjoinder theory in this context encompasses the argument that a non-diverse Plaintiff has been illegitimately added to an action solely to destroy diversity. The fraudulent misjoinder doctrine was originally recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Under this doctrine, mere misjoinder is not sufficient. *Id*. at 1360. The misjoinder must be egregious. *Id.*; *see also*, *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

The Judges of this District have found that the Fifth Circuit seemingly endorsed the fraudulent misjoinder theory espoused in *Tapscott* by way of its opinion in *In re Benjamin Moore & Company*, 309 F.3d 296 (5th Cir. 2002). *See e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2016 WL 4409555 at *4 (E.D. La. Aug. 17, 2016) (Fallon, J.); *Davis v. Cassidy*, 2011 WL 6180054 at *3 (E.D. La. Dec. 13, 2011) (Vance, J.). In determining whether the alleged misjoinder of a non-diverse party is egregious, the Courts in the Eastern District of Louisiana examine whether the joinder of parties was egregiously improper under the state joinder rules of where the case was filed. *See id*. "A state obviously may adopt broader joinder principles than those embodied in the Federal Rules, and a plaintiff should not lose her choice of forum as a result of complying with such a state regime." *Davis*, 2011 WL 6180054 at *3.

These cases were originally filed in Missouri pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure. That Rule provides:

> **(a) Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in

5

>the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Mo. R. Civ. P. 52.05 (a).  Unrelated Plaintiffs may be properly joined in Missouri, as long as their claims arise out of the same series of transactions or occurrences. *See State ex. rel. Nixon v. Dally*, 248 S.W.3d 615, 617 (Mo. banc 2008); *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. banc 1979); *Barron v. Schmidt*, 2016 WL 6596091 (No. ED 103508, Mo. App. E.D. Nov. 8, 2016); *Saeger v. Lakeland Development Co.*, 300 S.W.2d 820, 822 (Mo. App. 1961); *Kelley v. Nat'l Lead Co.*, 210 S.W.2d 728, 729 (Mo. App. 1948).

The Missouri Supreme Court has broadly interpreted what constitutes a series of transactions or occurrences. *See Nixon,* 248 S.W.3d at 617 (Mo. banc 2008). A "series" of transactions or occurrences "does not require that the events be related to a common cause. Rule 52.05(a) requires that the series of occurrences be related by a common question of law or fact…" *Id.* at 617. The relationship necessary to justify permissive joinder can be found from "(1) a common scheme or design, or (2) the fact that all acts or conduct are more or less consciously directed toward or connected with some common core, common purpose, or common event." *Levey v. Roosevelt Federal Savings and Loan Assoc. of St. Louis*, 504 S.W.2d 241, 247 (Mo. App. 1973); *accord Allen v. Barker*, 581 S.W.2d at 586.

The Missouri Court of Appeals very recently addressed the joinder issue in an almost identical case involving almost identical arguments. *Barron v. Schmidt* was a multi-Plaintiff products liability case involving the prescription medication Depakote. 2016 WL 6596091 (No.

ED 103508, Mo. App. E.D. Nov. 8, 2016).³ On appeal, the Defendant challenged the propriety of joinder of the Plaintiffs on the grounds that they were from different states, had different medical histories, took the drug under different circumstances, and suffered varying injuries. In finding joinder proper, the Court of Appeals explained:

> Rule 52.05(a) requires that the series of occurrences be related by a common question of law or fact, a requirement that is readily apparent here because of the common factual question as to the origin of the plaintiffs' injuries.
>
> . . .
>
> Missouri law clearly allows for the joinder of unrelated plaintiffs who allege injury from the same conduct of the same defendant. Plaintiffs, as joined, asserted claims against Appellant for the same conduct, containing common questions of fact and law concerning what information Appellant possess concerning Depakote's harmful effects, what information Appellant elected to disclose to physicians and patients about those harmful effects, and what information Appellant was required by law to disclose about those effects.
>
> . . .
>
> The fact that Depakote was prescribed to the plaintiffs by different physicians is not controlling on the question of joinder. Nor are the claimed differences in the Depakote-induced birth defects sustained by the plaintiffs the issue here. The differing ages and home states of the plaintiffs have no bearing on the commonality of their claims or the relevant transaction by Appellant.
>
> Joinder is clearly proper here because the plaintiffs' reasonably related claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and because questions of law and fact are shared among each plaintiff's cause of action against Appellant. Appellant's arguments that the claims bear some differences do nothing to disprove the commonalities, and it is the commonalities that permit joinder.

*Id.* at *4 (internal citations omitted).

Under the standards articulated above, it is clear that Plaintiffs' claims arise out of the same series of transactions or occurrences. All Plaintiffs claim they were prescribed and used the chemotherapy drug Taxotere, which was manufactured, designed and sold by these Defendants.

---

³ This case was ordered transferred to the Missouri Supreme Court on January 5, 2017, and remains pending.

All of the Plaintiffs' claims arise from the same alleged conduct of the Defendants: the design, manufacture, and marketing of Taxotere. All of Plaintiffs' claims arise out of the same wrongful acts by Defendants, which were conducted without any regard for individual Plaintiff differences, including but not limited to the defective design of the product, the Defendants' failure to conduct adequate safety and efficacy studies, the Defendants' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings to physicians and patients. And all of the claims will involve questions about what Defendants knew or should have known regarding the dangers posed by the product and what information they did disclose or should have disclosed to physicians and consumers about these dangers. All Plaintiffs suffered related injuries in the form of permanent alopecia as a direct and proximate result of the same defects and wrongful conduct by Defendants. This is more than sufficient to support permissive joinder of the Plaintiffs in this case under Rule 52.05(a) of the Missouri Rules of Civil Procedure.

As explained in *Barron*, the fact that the Plaintiffs claims involve the laws of different states, unique medical histories, different durations of use, etc. is of no consequence. The individual differences among the Plaintiffs does not change the analysis in this case because the other wrongful conduct at issue was done universally without regard to any of these individual differences. As explained above, the situation for each Plaintiff does not have to be identical to make their claims arise out of the same series of transactions or occurrences under Missouri law. In sum, Plaintiffs' claims arise out of the same series of transactions or occurrences under Missouri state joinder law. Defendants have no basis whatsoever for asserting the opposite is so evidently true that the joinder of Plaintiffs claims is egregious.

Defendants' argument that Plaintiffs' claims are also egregiously misjoined due to a lack of personal jurisdiction over their claims is equally insufficient. Plaintiffs assert that personal jurisdiction cannot even support an allegation of fraudulent misjoinder because it does not go to the substantive merits of Plaintiffs' claims and it is not part of the Missouri state law joinder analysis, which is limited to determining whether claims arise out of the same series of transactions or occurrences. Such an argument is nothing more than an attempt to divest this Court of its discretion to decide subject matter jurisdiction prior to personal jurisdiction and should be disregarded.

Regardless, the concept of exercising personal jurisdiction in this case is not so egregious as to justify misjoinder. While the Defendants seemingly want the Court to undertake a full personal jurisdiction analysis, such an analysis would exceed the limits of making a misjoinder determination. In both cases at issue, Plaintiffs have alleged that the Defendants marketed and sold Taxotere in the State of Missouri, and that Defendants committed torts and caused injuries in the State of Missouri that gave rise to this cause of action as a whole. This is more than enough to find that the exercise of personal jurisdiction in this case would not be egregious, which is where the Court's inquiry properly ends.

In sum, there is simply no basis for finding fraudulent or procedural misjoinder in this case. The Plaintiffs' claims are properly joined under Missouri law, which is the jurisdiction in which these cases were originally brought. Accordingly, there is no basis for the Court to find that the non-diverse Plaintiffs were egregiously misjoined, meaning complete diversity is lacking. This Court does not possess subject matter jurisdiction and the cases should be remanded to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**C.     The Court Should Decide Subject Matter Jurisdiction Before Personal Jurisdiction and Forum Non Conveniens**

Given the weakness of its fraudulent misjoinder argument, the removing Defendant tries to shift the Court's analysis to the issues of personal jurisdiction and *forum non conveniens*, asserting that the Court should decide those matters prior to determining subject matter jurisdiction. This contention is completely devoid of merit.

While it is within the Court's discretion whether to address personal jurisdiction or subject matter jurisdiction first, if the subject matter jurisdiction analysis is non-arduous, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

For the reasons set forth above, the subject matter jurisdiction inquiry in this case is clear-cut and non-arduous. On the other hand, the personal jurisdiction questions Defendant raises are much more complex and fact intensive. They involve difficult examinations of minimum contacts, fundamental fairness, and principles governing such an analysis in a multi-Plaintiff setting. Accordingly, the proper exercise of this Court's discretion in these matters calls for it to leave the more complex question of personal jurisdiction to the State Court following remand.

Defendant has equally little support for its position that the Court should examine the non-Missouri Plaintiffs' claims from a *forum non conveniens* perspective prior to remand. Addressing a *forum non conveniens* motion prior to determining the propriety of remand is only appropriate in exceptional circumstances. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" (internal citations omitted). Such circumstances are only present when the considerations under that doctrine weigh heavily in favor

10

of dismissal and subject matter jurisdiction or personal jurisdiction is difficult to determine. *Id*. Given the clear cut subject matter jurisdiction inquiry, that is far from the situation here.

Moreover, Defendant's *forum non conveniens* argument in the present context is fundamentally flawed. Defendant essentially wants the Court to treat each Plaintiff in these cases as a separate and independent action, and thereby conduct a *forum non conveniens* analysis for each separate Plaintiff. This is wholly improper because the two cases at issue are simply two actions that involve properly joined Plaintiffs whose claims all arise out of the same series of transactions or occurrences. Before having the Court engage in such a Plaintiff-by-Plaintiff analysis, Defendant would need the Plaintiffs' claims to be severed, which is an issue that should be raised in the State Court where the action was filed prior to removal. *See In Re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 624 n. 8 (8th Cir. 2010).

Finally, the decision to address personal jurisdiction before subject matter jurisdiction in a prior multi-Plaintiff Taxotere action, *Addelson v. Sanofi S.A.*, No. 4:16-cv-01277-ERW (E.D. Mo. Oct. 25, 2016) (Webber, J.), should not be followed in this case. While Plaintiffs respectfully disagree with the substantive personal jurisdiction analysis in *Addelson*, Plaintiffs also assert that it further demonstrates why the subject matter jurisdiction inquiry is so much less arduous than the personal jurisdiction inquiry. The Court in *Addelson* primarily relied on the *In Re Testosterone Replacement Therapy Products Liability Litigation* District Court opinion from the Northern District of Illinois for the critical proposition that a personal jurisdiction inquiry must be conducted separately for the claims of each individual Plaintiff in a multi-Plaintiff case involving permissive joinder. However, given that the *In re Testosterone* decision appeared to contradict statements on the subject contained in two prior Eastern District of Missouri opinions, and itself was decided without the benefit of any controlling authority, it truly demonstrates just how difficult and

unresolved the personal jurisdiction question is in this context. *See In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 164 F.Supp.3d 1040, 1047 ("The Court has not found any Seventh Circuit case that squarely addresses this question."); *see also Gracey v. Janssen Pharm., Inc.*, No. 4:15-cv-407-CEJ, 2015 WL 2066242 (E.D. Mo. May 4, 2015) (Jackson, J); *Bradshaw v. Mentor Worldwide*, 2015 WL 3545192 (E.D. Mo. June 4, 2015) (Limbaugh, J.). Accordingly, given the far clearer cut subject matter jurisdiction analysis, Plaintiffs contend that a personal jurisdiction analysis in this case is unnecessary and should be avoided in the interest of "sensitivity to state courts' coequal stature". *See Ruhrgas*, 526 U.S. at 587-88.

## CONCLUSION

For the reasons set forth above, the Court should remand these actions to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri. Complete diversity of the parties is lacking and no federal question at issue. Accordingly, this Court lacks subject matter jurisdiction.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:  */s/ Michael S. Kruse*
Mark R. Niemeyer
Michael S. Kruse
10 S. Broadway, Suite 1125
St. Louis, MO 63102
314/241-1919 (T)
314/665-3017 (F)
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com

*Attorneys for Vinson Plaintiffs*

and

**SIMMONS HANLY CONROY**

By: /s/ Eric S. Johnson
David F. Miceli
Eric S. Johnson
One Court Street
Alton, IL 62002
618/259-2222 (T)
618/259-2251 (F)
dmiceli@simmonsfirm.com
ejohnson@simmonsfirm.com

*Attorneys for Bickley Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served by way of the Court's CM/ECF Filing System this 19th day of May, 2017.

/s/ Michael S. Kruse