**BEFORE THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISANA**

**IN RE: TAXOTERE (DOCETAXEL)**                 **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                             **SECTION "N" (5)**

_____

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *Susan Fuller v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01812 |
| *Joann Pickrell v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01813 |
| *Margarett Wright v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01814 |
| *Robin Castagnola v. Sanofi S.A.*, | Case No. 2:17-cv-03864 |
| *Jenkins v. Sanofi S.A., et al.*, | Case No. 2:17-cv-03866 |
| *Gardner v. Sanofi S.A. et al*, | Case No. 2:17-cv-03865 |
| *Ernyes-Kofler et al. v. Sanofi S.A. et al.*, | Case No. 2:17-cv-03867 |
| *McCallister et al. v. Sanofi S.A. et al*, | Case No. 2:17-cv-02356 |
| *Celeste West et al v. Sanofi S.A. et al.,* | Case No. 2:17-cv-02067 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO REMAND**
**CERTAIN CASES TO THE SUPERIOR COURTS OF CALIFORNIA**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND............................................................................... 2

III. LEGAL ARGUMENT ......................................................................................... 4

    A.   Diversity Jurisdiction Does Not Exist.................................................... 4

    B.   Fraudulent Joinder Standard .................................................................. 5

    C.   McKesson Corporation Is a Required Party in This Action and Has Been Properly Joined .................................................................................................. 7

        1.   California Courts Consistently Find McKesson a Viable Defendant ........ 7

        2.   Sanofi Failed to Show That Plaintiffs Have no Viable Causes of Action Against McKesson ................................................................... 11

        3.   McKesson Occupies a Place in the Stream of Commerce and Plaintiffs Will Prevail Against McKesson on Several Theories of Liability ........... 13

        4.   Plaintiff's Allegations Regarding "Defendants" are Proper .................... 14

            i.   The Removal Motion Is Procedurally Defective and Misleading.. 15

IV.  CONCLUSION .................................................................................................. 17

## **TABLE OF AUTHORITIES**

**Cases**

*A.S. v. Pfizer, Inc.*, No. 1:13-cv-00524-LJO-JLT, 2013 WL 2384320
(E.D. Cal. May 30, 2013) ........................................................................................... 8

*Aaron v. Merck & Co.*, No. CV 05-4073-JFW (MANx), 2005 WL 5792361
(C.D. Cal. July 26, 2005) ...................................................................................... 8, 15

*Alaniz v. Merck & Co.*, No. CV 05-2487-JFW (MANx), 2005 U.S. Dist. LEXIS 46394
(C.D. Cal. June 3, 2005) ............................................................................................. 8

*Albi v. Street & Smith Publ'ns*, 140 F.2d 310 (9th Cir. 1944) ...................................... 12

*Andrew v. Bayer Corp.*, No. CV 09-08762 DDP (FFMx), 2010 WL 234808
(C.D. Cal. Jan. 12, 2010) ........................................................................................... 8

*Black v. Merck & Co.*, No. 038730, 2004 U.S. Dist LEXIS 29860 (C.D. Cal. 2004) ................... 8

*Gerber v. Bayer Corp.*, No. C 07-05918 JSW, 2008 WL 344219 (N.D. Cal. Feb. 6, 2008) .......... 8

*Hamzey v. Bayer Corp.,* No. 10cv0526 JM(CAB), 2010 WL 2011529
(S.D. Cal. May 19, 2010) ............................................................................................ 8

*Hatherley v. Pfizer, Inc.*, No. 2:13-cv-00719 WBS CKD, 2013 WL 3354458
(E.D. Cal. July 3, 2013) ......................................................................................... 7, 14

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) ...................................... 11

*K.E.R. v. Pfizer, Inc.*, No. CIV. S-13-1401 LKK/AC, 2013 2013 WL 5755076
(E.D. Cal. Oct. 23, 2013) ............................................................................................ 8

*Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989) ................................ 12

*Maher v. Novartis Pharma. Corp.*, No. 58984, 2007 WL 2330713
(S.D. Cal. Aug. 10, 2007) ........................................................................................... 8

*Mandernach v. Bayer Corp.*, No. 5:09-cv-02306-JHNOPX, 2010 WL 532537
(C.D. Cal. Feb. 8, 2010) ........................................................................................ 8, 14

*Maness v. Bayer Corp.*, No. 10cv0726 JM(CAB), 2010 WL 2011535
(S.D. Cal. May 18, 2010) ............................................................................................ 8

*Marble v. Organon USA, Inc.*, No. C 12-02213 WHA, 2012 WL 2237271
(N.D. Cal. June 15, 2012) ...................................................................................... 8, 15

*Martin v. Merck & Co.*, No. CIV. S-05-750 LKK/PAN, 2005 WL 1984483
(E.D. Cal. Aug. 17, 2005) ........................................................................................... 8

*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987) ...................................... 11

*Mendez v. AstraZeneca Pharms. LP*, No. 1:12-cv-00535-LJO-DLB, 2012 WL 1911382
(E.D. Cal. May 25, 2012) ............................................................................................ 8

*Moorhouse v. Bayer Healthcare Pharm. Inc.*, No. 08-01831 SBA, 2008 WL 2477389
(N.D. Cal. June 18, 2008) ............................................................................................ 8

*Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166 (E.D. Cal. 2011) ............................... 12

*Norris v. AstraZeneca Pharms. LP*, No. 12cv0836 JM(BLM), 2012 WL 1944760
(S.D. Cal. May 30, 2012) ............................................................................................. 8

*Oliver v. McNeil-PPC, Inc*., No. 1:12-cv-01865-AWI-SAB, 2013 WL 1003484
(E.D. Cal. Feb. 4, 2013) ............................................................................................... 8

*Rivera v. AstraZeneca Pharms. LP*, No. CV 12-02921 GAF (JENx), 2012 WL 2031348
(C.D. Cal. June 5, 2012) .............................................................................................. 7

*Spiers v. McKesson Corp.*, No. C 13-03046 WHA, 2013 WL 4671231
(N.D. Cal. Aug. 29, 2013) ........................................................................................... 8

*United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756 (9th Cir. Cal. 2002) ............................ 11

**Statues**

28 U.S.C. § 1332(a) ...................................................................................................... 4

28 U.S.C. § 1441(b) ...................................................................................................... 4

<u>**OMNIBUS MOTION TO REMAND**</u>

Plaintiffs respectfully move this Court to remand their cases back to the Superior Courts of the State of California. The grounds for the motion are set forth below.  As set forth throughout this motion, the allegations in the California state-court Complaints at issue as they relate to Defendant McKesson Corporation are virtually identical, if not verbatim.  Accordingly, Plaintiffs respectfully submit that the remand analysis as it relates to the cases filed in California Superior Courts can be handled in omnibus fashion.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**</u>
<u>**PLAINTIFFS' MOTION TO REMAND**</u>

## I.      INTRODUCTION

This is yet another attempt by a drug manufacturer to remove cases that were properly filed in California state courts.  The play is an old and oft-used one – claiming that one of the largest distributors of pharmaceuticals in the United States, Defendant McKesson Corporation ("McKesson"), was fraudulently joined despite clear precedent to the contrary.  "This precise issue has received extensive treatment by other [California] district courts . . . with the overwhelming weight of authority supporting McKesson's joinder."  *Rivera v. AstraZeneca Pharmaceuticals LP,* 2012 WL 2031348, at *4 (C.D. Cal. June 5, 2012).

First, Defendant Sanofi-Aventis U.S. LLC ("Sanofi") concedes on the face of its pleadings that there is not complete diversity in these cases.  But, Sanofi incorrectly argues that diversity exists because McKesson, a California defendant, was fraudulently joined.  Ninth Circuit Courts have consistently and soundly rejected Defendant's arguments regarding fraudulent joinder, particularly when McKesson is the involved distributor in pharmaceutical litigation.

Second, Defendant cannot overcome the strong presumption against removal jurisdiction and fraudulent joinder.  Defendant failed to satisfy its heavy burden of showing by *clear and*

*convincing* evidence there is no possibility Plaintiffs can recover against McKesson on the numerous causes of action levied against it.

Finally, under well-settled California law, McKesson can be held strictly liable for its involvement in the distribution of DOCETAXEL/Taxotere® ("Taxotere") and bringing the product to market.  Plaintiffs' complaints are replete with allegations concerning McKesson's integral role as a distributor, and therefore, removal was improper.  For these reasons, and those set forth in greater detail herein, Plaintiffs respectfully request remand of the instant matters to the respective Superior Courts of the State of California.

## II.    FACTUAL BACKGROUND

Plaintiffs filed Complaints for Damages and Requests for Jury Trials in California state courts in late 2016. The Complaints all allege that Plaintiffs suffered permanent, disfiguring alopecia resulting from their use of the prescription chemotherapy drug Taxotere, and assert a variety of tort-based causes of action including strict liability, negligence, and fraudulent misrepresentation. They also seek recovery of compensatory and punitive damages. The *Fuller* Complaint, an exemplar of all related complaints, is included in the Appendix to this Motion. *See* App., Ex. A.[1]

All Plaintiffs asserted their claims against: (1) Sanofi S.A., Aventis S.A.; (2) Sanofi-Aventis U.S. LLC; and (3) McKesson Corporation, a Delaware corporation with its principal place of business in San Francisco, California. Diversity jurisdiction does not exist in any of these cases, because, in each case, at least some of the Plaintiffs are California citizens.[2] Therefore, each case has Plaintiffs who are citizens of the same state as Defendant McKesson. Despite repeated assertions that McKesson's citizenship is inconsequential to the removal of

---

[1] For brevity, the other complaints are not attached because they contain similar allegations against the same defendants.  Plaintiffs can and will provide further case specific information if needed.  References to all abbreviations "App." are to the Appendix of Exhibits in support of this motion.

[2] Filing information for each case, and citizenship information for each Plaintiff, is included on the California Case Information Spreadsheet.  See App., Ex. B.

these cases, Defendant never denies McKesson's California citizenship. *See e.g.*, App., Ex. C, Def. Ntc. of Removal (*Fuller*), ¶¶ 9, 15-17, 20.[3]

      After Plaintiffs filed suit, Defendant Sanofi removed the cases on diversity grounds to the various United States District Courts in California. Sanofi premised its removal primarily on the contention that McKesson, a California defendant, should not be a party to the case. But throughout all of the Complaints, and certainly with respect to each cause of action, the Complaints reference facts and claims related to both Sanofi and McKesson. As allowed under the laws of the State of California, all of the Plaintiffs named McKesson for its role as distributor and marketer of Taxotere.

> "Defendant McKesson Corporation is a Delaware corporation with its principal place of business at One Post Street, San Francisco, California 94104. At all relevant times, McKesson was in the business of labeling, selling, marking, packaging, repackaging, and distributing Taxotere, including upon information and belief the Taxotere administered to Plaintiff. McKesson also owns US Oncology, which supported a significant amount of Taxotere research and promotion. Defendant does business throughout the United States and in the State of California and regularly and continuously did business within this judicial district including manufacturing, marketing, advertising, selling, and distributing Taxotere. For example, McKesson Specialty Health, a division of McKesson, lists Taxotere in its catalog of available products. " (App., Ex. A ¶ 11).

      Because both Plaintiffs and McKesson are citizens of California, complete diversity does not exist and removal was therefore improper.  28 U.S.C. § 1332(a).

---

[3] Defendant Sanofi's notices of removal were substantially similar in all California Plaintiffs' cases.

Further, Defendants improperly removed the case despite the forum-defendant rule, 28 U.S.C. § 1441(b), the rule allowing a Plaintiff to keep her case in state court where, as here, a defendant is sued and properly served in the state where it is incorporated or headquartered. Removal under § 1441(b) on the basis of diversity jurisdiction is only permissible where none of the parties properly joined and served as defendants is a citizen of the state in which such action is brought.  28 U.S.C. § 1441(b).

Plaintiffs served McKesson before Sanofi removed the cases to federal court.  As a threshold matter, and because the in-state Defendant was properly joined and served prior to removal, Defendant Sanofi violated the forum-defendant rule and remand should be granted.

III.   **LEGAL ARGUMENT**

A.       **Diversity Jurisdiction Does Not Exist**

Under 28 U.S.C. §1441, a defendant may remove to federal court any state court action between citizens of different states, where the amount in controversy exceeds $75,000. See 28 U.S.C. §1441. "From time immemorial, the Supreme Court has interpreted diversity jurisdiction to require that no party be a citizen of the same state as any opposing party." *Ziegler v. Champion Mortg. Co.,* 913 F.2d 228, 229 (5th Cir. 1990) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). *See also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (*citing Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996)).  *See also* 28 U.S.C. §1332.

The party seeking removal has the burden of establishing federal jurisdiction, and there is a presumption against removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (*citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)); *see also Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir.1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.") (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir.1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal

4

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As such, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand . . ." *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369 (5th Cir. 2013) (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723(5th Cir. 2002). "[c]ourts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." *Flatwire Solutions LLC v. Sexton*, 2009 U.S. Dist. LEXIS 123889, at *3 (C.D. Cal. Dec. 29, 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Furthermore, the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 812 (5th Cir. 2011) (*citing Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); see also *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir.2006) (citations omitted).  It is undisputed that McKesson is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business in located in California.  It is undisputed that at least one of the Plaintiffs in each Complaint are citizens of the State of California. Thus, diversity jurisdiction cannot exist under 28 U.S.C. §1332(a).

## B.    Fraudulent Joinder Standard

Under the laws of this Circuit, as well California state law, Defendant has a heavy burden of establishing that the Plaintiffs have no possible claim against the non-diverse defendant McKesson when asserting a fraudulent joinder argument. To show that McKesson was fraudulently joined, Sanofi "must prove that there is *absolutely* no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, (313 F.3d 305, 312 (5th Cir. 2002) (*citing*

*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)) (emphasis added); see also, *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015).

In California, there is a strong "presumption against finding fraudulent joinder, and defendants who assert the plaintiffs fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Systems, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Ca. 2001). Furthermore, "[i]n evaluating fraudulent joinder claims, [a court] must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). *See also Plute v. Roadway Package Systems, Inc.* at 1008.   In this case, Defendant simply cannot overcome this burden.

Additionally, remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *Sherman v. Gulf Pride Marin Services, Inc.,* 191 B.R. 328, 330 (E.D. La. 1996) (*citing Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)). *See also Flatwire Solutions LLC v. Sexton, supra.*, 2009 U.S. Dist. LEXIS 123889, at *1 (citing 28 U.S.C. §1447(c)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Gaus v. Miles, Inc., supra.*, 980 F.2d at 566 (citation omitted). Defendant Sanofi's removal violated the forum defendant rule – a civil action may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2).

Finally, Sanofi has also violated the unanimity rule, which requires all properly joined and served defendants to join in the notice of removal. 28 U.S.C. 1446(b)(2)(a). Defendant Sanofi S.A. was properly served under Cal. Civ. Proc. Code §§ 415.40, 416.10(b) and 413.10, which cover long-arm service – service on a corporation through its executive officers, and which law governs service in another state, respectively. Plaintiffs' counsel is informed and believes that proper service on Sanofi S.A. was completed for a majority, if not all, of the cases

that this motion applies to in compliance with the rules governing substituted service under Cal. Civ. Proc. Code § 415.20(a).  *See* App. Ex. D.

**C.    McKesson Corporation Is a Required Party in This Action and Has Been Properly Joined**

To prove McKesson was fraudulently joined, Defendant must show by *clear and convincing* evidence there is no possibility that Plaintiffs will be able to establish a cause of action against McKesson.  In this analysis, any disputed questions of fact or ambiguities in the controlling state law must be resolved in favor of Plaintiffs.  Defendant cannot meet this heavy burden.

**1.    California Courts Consistently Find McKesson a Viable Defendant**

District Courts in the Ninth Circuit have consistently rejected fraudulent joinder arguments as to Defendant McKesson in this exact context:

> **Most of defendants' arguments are now old hat, however, as versions of them have been rejected by numerous district courts** in cases involving the same purportedly fraudulent defendant – McKesson.  This court again addresses these arguments, but notes that **other district courts in California have already remanded three cases related to this action**.

*Hatherley v. Pfizer, Inc.*, No. 2:13-cv-00719 WBS CKD, 2013 WL 3354458 (E.D. Cal. July 3, 2013) (emphasis added), See App., Ex. E.

In fact, California courts have found that "[t]his precise issue has received extensive treatment by other district courts in this jurisdiction, with the overwhelming weight of authority supporting McKesson's joinder."  *Rivera v. AstraZeneca Pharmaceuticals LP*, No. CV 12-00493-GAF-JEMX, 2012 WL 2031348, at *4 (C.D. Cal. June 5, 2012)[4].  App., Ex. F.

---

[4] *See, e.g.*, *Hatherley*, 2013 WL 3354458, at *7-8 (same) App. Ex. E; *Rivera v. AstraZeneca Pharms. LP*, No. CV 12-02921 GAF (JENx), 2012 WL 2031348, at *15 (C.D. Cal. June 5, 2012) (same) App. Ex. F; *K.E.R. v. Pfizer, Inc.*, No. CIV. S-13-1401 LKK/AC, 2013 2013 WL 5755076, at *3-5 (E.D. Cal. Oct. 23, 2013) (holding that McKesson was not fraudulently joined

Additionally, other District Courts in the Ninth Circuit previously ruled to remand a plaintiff's case in the Paxil litigation based on the same removal argument as to fraudulent joinder of McKesson.  In its order granting remand, the Southern District ruled "[d]istrict courts within the Ninth Circuit have consistently rejected attempts to invoke fraudulent joinder to remove products liability actions involving McKesson to a federal forum  . . . in sum, GSK's fraudulent joinder argument lacks merit.'"  *A.B. ex rel. Buck v. McKesson Corp.,* No. 3:13-cv-02541-JLS-RBB, 2014 (S.D. Cal. July 29, 2014), App., Ex. H.[5]

---

and granting remand); *A.S. v. Pfizer, Inc.*, No. 1:13-cv-00524-LJO-JLT, 2013 WL 2384320, at *30-31 (E.D. Cal. May 30, 2013) (same); *Spiers v. McKesson Corp.*, No. C 13-03046 WHA, 2013 WL 4671231, at *6-10 (N.D. Cal. Aug. 29, 2013) (same); *Oliver v. McNeil-PPC, Inc.*, No. 1:12-cv-01865-AWI-SAB, 2013 WL 459630, at *19-20 (E.D. Cal. Feb. 4, 2013) (same); *Marble v. Organon USA, Inc.*, No. C 12-02213 WHA, 2012 WL 2237271, at *19-20 (N.D. Cal. June 15, 2012); (same); *Norris v. AstraZeneca Pharms. LP*, No. 12cv0836 JM(BLM), 2012 WL 1944760, at *8 (S.D. Cal. May 30, 2012) (same); *Mendez v. AstraZeneca Pharms. LP*, No. 1:12-cv-00535-LJO-DLB, 2012 WL 1911382, at *11 (E.D. Cal. May 25, 2012) (same); *Hamzey v. Bayer Corp.*, No. 10cv0526 JM(CAB), 2010 WL 2011529, at *11-12 (S.D. Cal. May 19, 2010) (same); *Maness v. Bayer Corp.*, No. 10cv0726 JM(CAB), 2010 WL 2011535, at *12-13 (S.D. Cal. May 18, 2010) (same); *Mandernach v. Bayer Corp.*, No. 5:09-cv-02306-JHNOPX, 2010 WL 532537, at *9-10 (C.D. Cal. Feb. 8, 2010) (same); *Andrews v. Bayer Corp.*, No. CV 09-08762 DDP (FFMx), 2010 WL 234808, at *9-11 (C.D. Cal. Jan. 12, 2010); *Moorhouse v. Bayer Healthcare Pharm. Inc.*, No. 08-01831 SBA, 2008 WL 2477389, at *20-21 (N.D. Cal. June 18, 2008) (same); *Gerber v. Bayer Corp.*, No. C 07-05918 JSW, 2008 WL 344219, at *3-11 (N.D. Cal. Feb. 6, 2008); *Maher v. Novartis Pharma. Corp.*, No. 58984, 2007 WL 2330713, at *10-11 (S.D. Cal. Aug. 10, 2007) (same); *Martin v. Merck & Co.*, No. CIV. S-05-750 LKK/PAN, 2005 WL 1984483, at *14-16 (E.D. Cal. Aug. 17, 2005) (same); *Aaron v. Merck & Co.*, No. CV 05-4073-JFW (MANx), 2005 WL 5792361, at *8 (C.D. Cal. July 26, 2005) (same); *Alaniz v. Merck & Co.*, No. CV 05-2487-JFW (MANx), 2005 U.S. Dist. LEXIS 46394, at *11-12 (C.D. Cal. June 3, 2005) (same); *Black v. Merck & Co.*, No. 038730, 2004 U.S. Dist LEXIS 29860, at *10 (C.D. Cal. 2004) (same), *See* App., Ex. G.

[5] Counsel for Plaintiff has also brought motions in other similar pharmaceutical cases against McKesson and were ultimately granted remand in the following: *J.F. ex rel. Moore v. McKesson Corp.*, No. 1:13-cv-01699-LJO-JLT, 2014 WL 202737 (E.D. Cal. Jan. 17, 2014) (citing *Norris* No. 12cv0836 JM(BLM), 2012 WL 1944760, at *5 (S.D. Cal. May 30, 2012); *D.A. ex rel. Wilson v. McKesson Corp.*, No. 3:13-cv-02541-JLS-RBB, 2014 WL 202738 (E.D. Cal. Jan. 17, 2014); *W.W. et al. v. McKesson Corp.*, No. 8:13-cv-01649-AG-DFM, 2014 (C.D. Cal. Jan. 31, 2014).  *See also J.P. ex rel. Plummer v. McKesson Corp.*, No. 2:13-cv-02207-TLN-DAD, 2014

Numerous courts have found that McKesson is a viable defendant and not fraudulently joined in similar cases. *See Andrews v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 9618 (C.D. Cal. Jan. 12, 2010); *Martin v. Merck & Co.*, 2005 U.S. Dist. LEXIS 41232 (E.D. Cal. Aug. 15, 2005); *Maher v. Novartis Pharms. Corp.,* 2007 U.S. Dist. LEXIS 58984 (S.D. Cal. Aug. 10, 2007); *Hamzey v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 50073 (S.D. Cal. May 18, 2010); *Marble v. Organon USA, Inc.*, 2012 U.S. Dist. LEXIS 83520 (N.D. Cal. June 15, 2012); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, 779 F.Supp.2d 846 (S.D. Ill. 2011); *see also In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, 624 F. Supp. 2d 396 (E.D. Pa. 2009); *Flores v. Merck & Co. (In re Fosamax Prods. Liab. Litig.)*, 2008 U.S. Dist. LEXIS 57473 (S.D.N.Y. July 28, 2008).

Even as recently as April of this year, the Northern District of California ruled to remand another pharmaceutical case in a case involving saxagliptin, a prescription drug under the brands of Onglyza® and Kombiglyze® XR, based on the same removal argument as to fraudulent joinder of McKesson.  See *Okoye et al., v. Bristol-Myers Squibb Company, et al.*, No.:17-cv-00668-JST, 2017 WL 1435886 (N.D. Cal. April 24, 2017).

In *Okoye*, the parties disagreed whether McKesson actually distributed the drug that Plaintiff ingested, though it was undisputed that McKesson participated in the stream of commerce that brought saxagliptin to the market, albeit under a different brand, Onglyza.  In its order granting remand, the Northern District Court held that even if McKesson's contention that it did not distribute the drug that Plaintiff ingested was accurate, it did not directly follow that McKesson was necessarily fraudulently joined in the action.  The Court in *Okoye,* citing *Buck v. McKesson Corp.*, No. 13CV2541 JLS (RBB), 2014 WL 12514793, at *3 (S.D. Cal. July 29, 2014), stated, "'[T]hat a defendant might be dismissed, particularly after a close call in an

---

WL 3890326 (E.D. Cal. Aug. 7, 2014); *J.E. ex rel. Erwin*, No. 4:13-cv-04897-KAW, 2014 (N.D. Cal. Jan. 27, 2014), App., Ex. I.

evolving area of state law, does not mean that the defendant was fraudulently joined.' Rather, these are 'complex issues of state law' that should be decided in the first instance by state, not federal, courts." *Id*. at *3 (quoting W.W. v. McKesson Corp., Case No. SACV 13-1649 AG (DFMx), 2014 WL 12577143, at *3 (Jan. 31, 2014)).  Adopting this rationale, the Court held that the Defendants had failed to show that all of Plaintiff's claims would be dismissed, and thus had failed to "carry their heavy burden." *Okoye* at *4.

This is yet another case where California Plaintiffs properly filed cases in California state court against a California defendant.  Although Plaintiffs have a right to try their cases in state court, Defendant engaged in improper removal to delay the litigation process.  Defendant's delay tactics prejudice the Plaintiffs, who suffered real injuries, as justice delayed is justice denied.

Sanofi argues at length that McKesson was fraudulently joined because Plaintiffs failed to allege a causal connection between McKesson and the Plaintiffs' injury. The case that Sanofi relied on, *Jankins v. Bayer Corp*., No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 2402926 (S.D. Ill. June 15, 2010), turned on the failure of the plaintiff in that case to allege that McKesson provided the specific drugs that caused the plaintiff's injury. *Id*. at *4. In this case, Plaintiffs' complaints do not contain this deficiency. The complaints contain specific allegations that McKesson labeled, sold, marketed, packaged, and distributed the specific Taxotere which caused Plaintiffs' injury.  App., Ex. A ¶11.

Sanofi relied on a case in which remand was denied pending further briefing to determine if McKesson distributed the plaintiffs' medications. That case, *In re Fluoroquinolone Prods. Liab. Litig.*, is distinct from this case for several reasons. 2016 U.S. Dist. LEXIS 103729 (D. Minn. Aug. 5, 2016). First, in *Fluoroquinolone*, "The allegations against McKesson [were] essentially that on 'information and belief,' it distributed the drug that the plaintiffs ingested." *Id*. at *3. Here, Plaintiff alleged and stated factual allegations against McKesson that include not only distribution, but also the research, promotion, and marketing of Taxotere. Second, that Court did not address the standard for removal based on fraudulent joinder – a standard that

Sanofi failed to meet, as discussed above. Finally, that opinion, in the District of Minnesota, is not binding authority on this court, and Plaintiff has cited numerous opinions from California courts that found McKesson was not fraudulently joined in similar cases.

A party must be joined if "in that that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. Proc. 19(a)(1)(A); *see also* Cal. Civ. Proc. Code § 389. Plaintiffs state seven causes of action against Defendants McKesson and Sanofi, and allege that each had a part in causing Plaintiffs' permanent alopecia. Thus, McKesson is a required party to this action and is not fraudulently joined, as discussed below.

2.     <u>Sanofi Failed to Show That Plaintiffs Have no Viable Causes of Action Against McKesson</u>

Fraudulent joinder is a "term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "The Fifth Circuit adopted the terminology 'improper joinder,' . . . instead of the terminology 'fraudulent joinder,' . . . to describe the doctrine that ignores a lack of complete diversity where the plaintiff joins a non-diverse defendant to avoid federal jurisdiction. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392,401 (5th Cir. 2013). Joinder of a non-diverse defendant is fraudulent only if a plaintiff is unable "to establish a cause of action against the non[ ]diverse party in state court." *Id*. *See also United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. Cal. 2002). There is a "'general presumption **against** fraudulent joinder.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted, emphasis added). Defendant carries the burden of proving fraudulent joinder and that burden is heavy, as "fraudulent joinder must be plead with particularity and proved by **clear and convincing evidence**." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990) (emphasis added). *See also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

"In the Ninth Circuit, a non-diverse defendant is deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is

questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989))(emphasis added). The purpose of the doctrine of fraudulent joinder is to prevent a plaintiff from joining a non-diverse defendant "with no real connection to the controversy" to defeat federal removal jurisdiction.'" *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 96 (1921). *See also In Re Avandia Marketing, Sales Practices and Prods. Liability Litig.*, 624 F.Supp.2d 396, 411 (E.D. Pa. 2009). "A plaintiff's motive in joining the [non-diverse] defendant is immaterial." *In re Norplant Contraceptive Products Liability Litigation*, 899 F.Supp. 312,314 (E.D. Tex. 1995). *See also Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Here, Plaintiffs clearly alleged that McKesson has a "real connection to the controversy" that went beyond distribution and included research, promotion, and marketing.

In their complaints, Plaintiffs alleged that Defendant McKesson researched and promoted Taxotere through its subsidiary, U.S. Oncology, and that McKesson distributed the Taxotere that was used in Plaintiff's chemotherapy. App., Ex. A ¶11. Plaintiffs set forth specific factual allegations against McKesson. The Complaints stated that Defendant McKesson "was in the business of labeling, selling, marketing, packaging, repackaging, and distributing Taxotere, including upon information and belief the Taxotere administered to Plaintiff." App., Ex. A ¶11. Furthermore, Plaintiffs alleged that "McKesson also owns US Oncology, which supported a significant amount of Taxotere research and promotion," and that "McKesson Specialty Health, a division of McKesson, lists Taxotere in its catalog of available products." *Id.* Plaintiffs alleged that McKesson supported promotion of Taxotere through U.S. Oncology "at conferences including that annual meetings for the American Society of Clinical Oncology." App., Ex. A ¶33. Moreover, Plaintiffs stated seven causes of action against both McKesson and Sanofi.

Sanofi contended that the allegations made by Plaintiffs were included solely to defeat diversity jurisdiction. But absent any evidence from Sanofi to the contrary, the allegations that

McKesson researched, promoted, and distributed Plaintiffs' Taxotere are clearly sufficient to defeat a fraudulent joinder argument.

To "asses the quality of a claim…a district court must look to the requirements of state law." *In Re Avandia Marketing*, 624 F.Supp.2d 396, 412 (E.D. Pa. 2009). A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Zeringue v. Crane Company*, 846 F.3d 785, 790 (5th Cir. 2017). *See also Id.* at 412 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). If there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* at 412 (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990)). Sanofi provided no analysis of California state law as it pertains to Plaintiff's claims against McKesson. Its omission in this regard is telling.

> 3.    McKesson Occupies a Place in the Stream of Commerce and Plaintiffs Will Prevail Against McKesson on Several Theories of Liability

Plaintiffs allege seven causes of action against all defendants, including McKesson. The mere possibility that one of those causes of action could prevail mandates that the case be remanded. *Mitchell v. Am. Serv. Co.*, 2010 WL 5416801 (C.D. Cal. Dec. 22, 2000). This is precisely the situation in the cases at issue. Defendant cannot carry its heavy burden to demonstrate fraudulent joinder because McKesson can be held liable as a participant in the stream of commerce of Taxotere.

Under California law, it is well settled that "[i]n a product liability action, every supplier in the stream of commerce or chain or distribution, from manufacturer to retailer, is potentially liable." *Edwards v. A.L. Lease & Co.*, 46 Cal.App.4th 1029, 1033 (1996); *see also O'Neil v. Crane Co.*, 53 Cal. 4th 335, 342 (2012) ("California law has long provided that manufacturers, **distributors** and retailers have a duty to ensure the safety of their products, and will be held strictly liable for injuries caused by a defect in their products."); *Bostick v. Flex Equip. Co., Inc.*,

147 Cal. App. 4th 80, 88 (2d Dist. 2007) ("The doctrine of strict products liability imposes strict liability in tort on all of the participants in the chain of distribution of a defective product.").

Indeed, Plaintiffs' complaints include allegations that McKesson was "in the business of labeling, selling, marketing, packaging, repackaging and distributing Taxotere … McKesson also owns US Oncology, which supported a significant amount of Taxotere research and promotion." *See, e.g.* App., Ex. A ¶ 11. Moreover, Defendant did not deny that McKesson is a part of the direct chain of distribution for Taxotere, and this point cannot be refuted. As a distributor within the chain of distribution, the only issue is whether there is any possibility a distributor may be held liable under California law. As noted, California courts resoundingly answer that question in the affirmative. For these reasons, Sanofi failed to meet its burden of demonstrating McKesson's fraudulent joinder.

                4.      <u>Plaintiff's Allegations Regarding "Defendants" are Proper</u>

Defendant argues that fraudulent joinder is further illustrated by Plaintiffs' allegations directed towards "Defendants" collectively. This is inaccurate, and again, yet another failed argument offered in other MDLs.

Plaintiffs' allegations do not violate California's notice pleading requirements because the Complaints allege specific activity by McKesson, including the distribution of Taxotere® throughout California and McKesson's role in supplying the Taxotere® administered to the Plaintiffs. *See Hatherley*, 2013 WL 3354458, at \*25 (rejecting argument that "plaintiffs' claims against McKesson are inadequate because they are targeted only at 'defendants' generally, rather than McKesson in particular" because the allegation that McKesson distributed the product the plaintiff ingested averred "particular or specific activity" by McKesson); *see also Mandernach v. Bayer Corp.*, No. 5:09-cv-02306-JHN-OPx, 2010 U.S. Dist. LEXIS 19541, at \*5-7 (C.D. Cal. Feb. 8, 2010) (rejecting argument that McKesson was fraudulently joined because the allegations against it were "lumped together with those against the alleged pharmaceutical manufacturer and include numerous allegations that do not apply to McKesson"); *Aaron v. Merck & Co.*, No. CV

05-4073-JFW (MANx), 2005 U.S. Dist. LEXIS 40745, at *5 (C.D. Cal. July 26, 2005) ("Although the remainder of Plaintiffs' allegations are stated against all 'Defendants,' including McKesson, under the liberal pleading requirements, such general allegations against all 'Defendants' are sufficient to charge Defendant McKesson with the alleged wrongful conduct.").

Additionally, Defendant cannot prove by clear and convincing evidence that it was impossible for both Sanofi and McKesson to have known (or that they should have known) of the increased risks of permanent hair loss and dangers associated with Taxotere®.  In rejecting a similar fraudulent joinder argument in *Marble v. Organon USA, Inc*., the District Court for Northern California explained that "[p]laintiffs claim that both McKesson and Merck defendants had knowledge of risks of NuvaRing® beyond those listed on the FDA-approved label," and "Merck defendants fail to show how it would be inconsistent or impossible for both themselves and McKesson to be aware of this information."  No. C 12-02213 WHA, 2012 U.S. Dist. LEXIS 83520, at *16-17 (N.D. Cal. June 15, 2012).

### i.    The Removal Motion Is Procedurally Defective and Misleading

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." *Flatwire Solutions LLC v. Sexton, supra.*, 2009 U.S. Dist. LEXIS 123889, at *1 (citing 28 U.S.C. §1447(c)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Gaus v. Miles, Inc., supra.*, 980 F.2d at 566 (citation omitted).  *See also Harden v. Field Memorial Community Hosp.*, 516 F.Supp. 2d 600, 606 (S.D. Miss. 2007) *aff'd*.  Sanofi claimed that these rules do not apply here, based on the fraudulent joinder argument as it relates to McKesson.  *See e.g.*, Def. Ntc. of Removal (*Fuller*), App., Ex. C  ¶ 7, quoting *United Computer Sys*., *Inc. v. AT&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002).  However, as discussed above, McKesson *is* a proper defendant in this case, and Sanofi failed to explain why it made no attempt to comply with the forum defendant rule and unanimity rule as discussed below.

15

Defendant Sanofi's removal of these actions violated the forum defendant rule – a civil action may not be removed based on diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). The in-state defendant, McKesson, was properly joined, and Plaintiffs are informed and believe that all Complaints that this motion applies to were served upon McKesson *before* removal. *See e.g.*, App. Ex. J. Additionally, as a direct result of Defendant's "fraudulent and improper" removal, Plaintiffs must now appear in this forum not of their choosing and incur greater delay and expense. *Hollier v. Willstaff Worldwide, Inc.*, No. 08-1382, 2009 U.S. Dist. LEXIS 11777, at *5 (W.D. La. Feb. 3, 2009). It should be noted that in *Hollier*, the court reprimanded a defendant for systematically removing a large number of cases on diversity grounds without a proper basis for doing so. *Id.*

Sanofi also violated the unanimity rule, which requires all properly joined and served defendants to join in the notice of removal. 28 U.S.C. 1446(b)(2)(a). McKesson did not join the notice of removal and did not offer any showing of consent to Sanofi's removal. Similarly, Sanofi S.A. did not join the notice of removal, or offer any showing of consent to Sanofi's removal.

Sanofi also failed to prove that McKesson is a dispensable party under Federal Rule of Civil Procedure 19. Rule 19(a)(1)(A) states that a party must be joined if "in that that person's absence, the court cannot accord complete relief among existing parties." Sanofi, as the party seeking to establish federal jurisdiction, bears the burden of proving that the court could accord complete relief without McKesson. *See Gaus*, 980 F.2d at 567, ("the defendant bears the burden of actually proving the facts to support jurisdiction."). Sanofi's failure to even conduct the necessary analysis under Rule 19(b) and effective silence on the issue is deafening, and more importantly, equally fatal to its removal effort.

IV.     **CONCLUSION**

Plaintiffs' Complaints were properly filed in California Superior Courts, and based on the foregoing, Plaintiffs respectfully submit that is where they should be litigated. Defendant's Notice of Removal fails to prove by clear and convincing evidence that, under well-settled California law, there is no possible factual or legal basis for Plaintiffs' claims against McKesson. McKesson was not fraudulently joined, and thus, there is no diversity jurisdiction over these actions because diversity of citizenship is lacking. For the foregoing reasons, Plaintiffs respectfully request that the Court remand these cases to their respective California State Courts.


Respectfully submitted this 19th day of May, 2017.

Respectfully submitted,

GOMEZ TRIAL ATTORNEYS

*/s/Ahmed S. Diab*
John H. Gomez (CA Bar # 171485) T.A.
Ahmed S. Diab (CA Bar # 262319)
Lindsay R. Stevens (CA Bar # 256811)
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
*john@thegomezfirm.com*
*adiab@thegomezfirm.com*
*lstevens@thegomezfirm.com*
***Attorneys for Plaintiffs in 2:17-cv-1812,
2:17-cv-1813 and 2:17-cv-1814***


CUTTER LAW P.C.
*/s/Celine Cutter*
Celine Cutter (CA Bar # 312622)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400

Facsimile: (916) 588-9330
*ccutter@cutterlaw.com*
***Attorney for Plaintiffs in 2:17-cv-3866, 2:17-cv-3865, 2:17-cv-3867 and 2:17-cv-2356***