## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**IN RE: TAXOTERE (DOCETAXEL)**　　　MDL NO. 2740
**PRODUCTS LIABILITY LITIGATION**

　　　　　　　　　　　　　　　　　　SECTION "N" (5)


　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT

**THIS DOCUMENT RELATES TO**
**ALL CASES LISTED HEREIN**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


## <u>MEMORANDUM  IN SUPPORT OF DELAWARE PLAINTIFFS'</u>
## <u>OMNIBUS MOTION TO REMAND TO STATE COURT</u>

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 7

II.  STATEMENT OF FACTS ................................................................................. 9

  A.  Common Facts ............................................................................................. 9

  B.  Specific Facts ............................................................................................. 10

III.  STANDARD OF REVIEW ............................................................................ 12

IV.  V. CONCLUSION .......................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000) ......................................... 14

*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) ................................. 13, 14

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981) .................................. 15

*Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540 (5th Cir. 1991) ....................................... 13

*Breitweiser v. Chesapeake Energy Corp.*, 2015 U.S. Dist. LEXIS 142083 (N.D. Tex. Oct. 20, 2015)...................................................................................................... 16, 17

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996)................................................................... 16

*Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006)......................... 16

*De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)............................................... 15

*Dorsey v. Mfrs. Life Ins. Co.*, 1997 U.S. Dist. LEXIS 18401 (E.D. La. Nov. 10, 1997).............. 15

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) ................................... 14

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th Cir. 1985)................................. 13

*Gonzalez v. Granter, et al*, 2016 U.S. Dist. LEXIS 77932, 2016 WL 3268165 (E.D. La. June 15, 2016).................................................................................................... 23, 24

*Grizzly Mt. Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282 (S.D. Tex. 2008)................. 18

*Holmstrom v. Harad*, 2005 U.S. Dist. LEXIS 16694 2005 WL 1950672 (N.D. Ill. August 11, 2006).................................................................................................... 20, 21

*Laugelle v. Bell Helicopter Textron, Inc.*, 2012 U.S. Dist. LEXIS 12907, 2012 WL 368220 (D. Del. 2012) ..................................................................... 11, 12, 18, 19

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) ....................................... 14

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ............. 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) ................................... 20

*Oxendine v Merck & Co., Inc.*, 236 F. Supp. 2d 517 (D. MD. 2002) ........................................... 18

*Recognition Communications, Inc. v. American Auto. Ass'n, Inc.*, 1998 WL 119528 (N.D. Tex.

    March 5, 1998) .................................................................................................... 20, 21

*Simon v. Wal-Mart Stores,Inc.*, 193 F.3d at 848 (5th Cir. 1999) .................................................. 14

*Smethers v. Bell Hellicopter Textron, Inc.*, 2017 U.S. Dist. LEXIS 51960 (S.D. Tex. April 4,

    2017).......................................................................................................... 17, 18, 19

*Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp.2d 640 (D. N.J. 2008) ...................... 18

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002) ........................................................... 13

*Texas Beef Grp. v. Winfrey*, 201 F.3d 680 (5th Cir. 2000) .......................................................... 13

*Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007) ........................................................... 19

*Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988).................................................................. 14

**Statutes**

28 U.S.C. § 1441 .......................................................................................................... 11

28 U.S.C. § 1441(a) ...................................................................................................... 12

28 U.S.C. § 1446 .......................................................................................................... 11

28 U.S.C. § 1446(b) ...................................................................................................... 20

28 U.S.C. § 1447(c) ...................................................................................................... 13

28 U.S.C. §§ 1332 .................................................................................................. 11, 13

28 U.S.C.A. § 1441(b) ....................................................................................... 7, 15, 19, 21

Del. R.C.P 4 ................................................................................................................ 11

# I.    **INTRODUCTION**

Plaintiffs Debra Gradney and Victor Gradney, (hereinafter "Plaintiffs")[1], by and through counsel, respectfully move to remand the Plaintiffs' Complaint to the Superior Court of the State of Delaware, where it was originally and properly filed, as the Defendant's removal violates 28 U.S.C.A. § 1441(b), the "forum defendant" rule and is otherwise procedurally infirm, as neither the amount in controversy has been established nor had service occurred upon any defendant at the time of removal.

As set forth more fully below, Defendant Sanofi-Aventis U.S., LLC ("Sanofi" or "Defendant") is a Delaware-formed entity whose sole member is a Delaware corporation and co-defendant.  Sanofi is the sole removing defendant.  Sanofi engaged in forum manipulation by removing prior to service of the Summons and Complaint on any and all defendants, and then immediately moving to transfer the case from the District of Delaware to this MDL.

Prior to the filing of the Petition of Removal, Plaintiffs had commenced service on the same day suit was filed in the sole manner permitted by Delaware law: by filing a Praecipe with the Superior Court Prothonotary (clerk) to issue a Summons to the County Sheriff for service.  However, the completion of service

---

[1] Pursuant to prior instructions from this Court and in the interests of efficiency, the Delaware Plaintiff are filing this omnibus memorandum of law given the similarity of facts and identical legal arguments to all plaintiffs.  For the sake of clarity, different procedural facts for each plaintiff, which do not affect the legal arguments, are set forth in a spreadsheet attached to the Certification of James Heisman as Exhibit "B".

in Delaware - process issued by the Prothonotary and service by the Sheriff - is thereafter out of any and every Delaware Plaintiff's hands. After that point, governmental involvement in the service process controls the timing and place of service.  Permitting defendants, like Sanofi, to "race to the court house," by monitoring an electronic docket and removing a case before an inherent government-imposed time lag in service, also known as "snap-removal," deprives potentially every diverse Delaware plaintiff of his or her choice of venue, permits defendants unfettered access to federal courts and promotes forum manipulation and gamesmanship.

Further, Sanofi's snap-removal deprived the Delaware state court of jurisdiction which halted state court service, including service upon another Delaware forum defendant that never consented to removal.  Subsequently, the day after Sanofi filed the removal petition, it moved to transfer this matter to this MDL and stay proceedings in District Court of Delaware.  This blatant forum manipulation must not be abetted or encouraged.  Sanofi's removal was not only procedurally improper  but fails to establish subject matter jurisdiction, as neither the pleadings nor removal papers provide any bases to determine that the $75,000.00 diversity threshold  has or will be satisfied.  Accordingly, this Motion to Remand should be granted.

## II.   <u>STATEMENT OF FACTS</u>

### A. Common Facts

All Plaintiffs seek for damages and trial by jury in the Superior Court of Delaware for injuries resulting from the use of the prescription drug Taxotere (generically known as docetaxel).  Plaintiffs' Complaints allege causes of action against multiple Defendants, two of which, Sanofi U.S. Services, Inc. and Sanofi-Aventis U.S., LLC. (collectively "Delaware Defendants"), are admittedly either incorporated under the laws of Delaware or deemed citizens of Delaware for purposes of diversity. Exhibit B ¶¶ 7(d).

Taxotere was introduced in the United States on May 14, 1996, and is part of a class of chemotherapy drugs called "taxanes." Taxotere was marketed as a chemotherapy treatment that was more efficacious over the lower potency taxanes, including Taxol (paclitaxel); an established treatment for breast cancer, which did not carry the same risks of permanent and disfiguring Alopecia. Exhibit B ¶ 37-38, 42.

Defendants promote and market Taxotere as being superior in efficacy compared to Taxol. Exhibit B ¶ 43. Those assertions were proven to be false in August of 2007, in the journal *Cancer Treatment Review*, which concluded there were no significant differences between Taxotere and Taxol treatments. Exhibit B ¶ 44. Those same assertions were again proven to be false in April of 2008 in

the *New England Journal of Medicine* in the study titled, "*Weekly Paclitaxel in the Adjuvant Treatment of Breast Cancer*," which concluded Taxol was more effective than Taxotere for patients undergoing the standard adjuvant chemotherapy with doxorubicin and cyclophosphamide. *See* Notice of Removal annexed hereto as Exhibit B, ¶ 46.

As a result of being administered Taxotere as prescribed treatment for breast cancer, all Plaintiffs suffer from permanent disfiguring alopecia. Exhibit B, ¶ 80.

All Plaintiffs presently assert causes of action arising from those injuries against all defendants: (1) Strict Liability; (2) Strict Liability – Design Defect, Marketing Defect, and Manufacturing Defect; (3) Negligence; (4) Breach of Warranty – Breach of Express Warranty; (5) Breach of Warranty-Breach of Implied Warranty; and (6) Loss of Consortium, for plaintiffs who are married. Exhibit B, ¶ 46, ¶¶ 94-129.  Consistent with Delaware procedure, no specific damage amount was requested.

### B. Specific Facts

On November 9, 2016, Plaintiffs filed their Complaint with the Superior Court of Delaware, New Castle County, located in Wilmington, Delaware. Exhibit B.   The case was assigned Docket Number N16C-11-090 by the Prothonotary (court clerk).  Plaintiffs simultaneously filed a Praecipe to Issue

Summons pursuant to *Del. R.C.P.4*.  Certification of James Heisman, Exhibit "A".  "Delaware rules of civil procedure do not permit service of a praecipe and complaint until the court issues a summons to be served upon the defendant by the sheriff, or private process server with court permission."  *Laugelle v. Bell Helicopter Textron, Inc.*, 2012 U.S. Dist. LEXIS 12907, *12 n.5, 2012 WL 368220 (D. Del. 2012).  Delaware rules require a sheriff to serve a defendant only after the court issues a summons.  *Id.*, at *12 n.6.  Although Plaintiffs commenced service by filing the above-mentioned praecipe prior to the removal at issue, the completion of service was thereafter solely in the hands and control of Delaware officials.

On November 17, 2016, Defendant filed a petition to remove this action under 28 U.S.C. §§ 1332, 1441, and 1446 from the Delaware Superior Court to the United States District Court for the District of Delaware before the Delaware Supreme Court had issued any Summons to the New Castel County Sheriff to serve the Complaint on both Delaware forum Defendants.  Exhibit B, ¶18.  At the time of removal, given the absence of Summons, no service had occurred on any Defendant, nor had any Defendant waived service and voluntarily appeared in the state court action.  The removal petition was filed before the Delaware Supreme Court had jurisdiction over any Defendant.  The petition does not cite

to any evidence that the claims exceed the $75,000 threshold, other then Plaintiffs' claims of serious and permanent injuries.

On November 18, 2016, one day after filing the removal petition and before Plaintiff even had notice, Sanofi filed a Tag Along Notice with the JPML. Opening Brief in Support of Motion to Stay, D.I.5. Three days later, on November 21, 2016, Sanofi filed a Motion to Stay in the Delaware district court to prevent consideration of any timely filed Motion for Remand. Motion to Stay, D.I.4. was crucial to Sanofi's strategy, as the majority of Delaware district courts have ruled against removal prior to service upon a forum defendant. *See* e.g., *Laugelle*, supra.

On December 6, 2016, the federal clerk issued summons and that same day, Plaintiffs served the forum defendants. Affidavits of Service, D.I. 6 and 7. On December 9, 2016, Plaintiff filed a timely Motion to Remand attacking the propriety of removal, Motion for Remand, D.I.10, which was subsequently joined by all affected Plaintiffs. On February 23, 2017, this matter was transferred to this MDL without prior argument nor rulings on the pending motions to remand or to stay.

## III.   <u>STANDARD OF REVIEW</u>

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a);

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a)(1).  "When removal is based on diversity of citizenship, diversity must exist at the time of removal." *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).  The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Subject matter jurisdiction cannot be waived by the parties' conduct or consent. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In assessing whether removal was appropriate, courts are guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is appropriate if the court lacks

jurisdiction and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

A removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335.   When, as in the present matter, the Plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Simon v. Wal-Mart Stores,Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy in the removal petition, or subsequent affidavit, that support a finding of the requisite amount." *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *Allen*, 63 F.3d at 1335.

"Removal, however, cannot simply be based on conclusory allegations." *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that

might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeded $75,000 at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"The district court must . . . evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in [*14] favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Dorsey v. Mfrs. Life Ins. Co.*, 1997 U.S. Dist. LEXIS 18401, at *13-14 (E.D. La. Nov. 10, 1997) quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

## V.    <u>ARGUMENT</u>

### A.    **Snap Removal Is Inconsistent With Congressional IntentPursuant To The Forum Defendant Rule Requiring Remand**

Removal is improper because two Defendants are citizens of the forum state.  28 U.S.C. § 1441(b) contains what is known as the "forum defendant rule." The forum-defendant rule specifically precludes removal "if any of the parties in interest properly **joined and served** as defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, where jurisdiction is based on diversity of citizenship, an action is not

removable if any defendant is a citizen of the state in which the action is brought. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir. 2006); *Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996) (stating that a "defendant may not remove a state action to federal court if a defendant is a citizen of the state in which the action is filed").

Defendant states that its "alleged citizenship in Delaware is not an impediment to removal" in their Notice of Removal as no Defendant had been served at the time of removal. Exhibit B, ¶16.. This argument fails when, as in the present matter, such removal constitutes "snap removal," and whether or not this race to the courthouse is in fact "gamesmanship." "One of the key concerns over snap removals is the possibility that the extremely quick timing of the removal is intentional gamesmanship and forum manipulation that defeats congressional intent." *Breitweiser v. Chesapeake Energy Corp*., 2015 U.S. Dist. LEXIS 142083, at 12 (N.D. Tex. Oct. 20, 2015).

As defined in *Breitweiser*, snap removal refers to "the emerging litigation tactic used . . . to circumvent the forum defendant rule." 2015 U.S. Dist. LEXIS 142083, [WL] at 2. "Because removal here is prohibited only where the defendant has been served, defendants can remove 'almost immediately after a plaintiff files in state court, but before the plaintiff has the opportunity to formally serve a

forum defendant.'" *Smethers v. Bell Hellicopter Textron, Inc.*, 2017 U.S. Dist.

LEXIS 51960 4 (S.D. Tex. April 4, 2017), citing *Breitweiser, supra.*

> The hallmark of a snap removal is its timing: a snap removal
> occurs (1) just after the state court case has been filed, and (2)
> just before the plaintiff has the opportunity to serve any forum
> defendants. This particular timing of events creates a possible
> loophole in the forum-defendant rule . . . .

*Smethers, Id.* The court's examination of recent decisions on the issue, including

*Breitweiser*, led it to conclude that snap removal had occurred and was improper

depended upon the following factors: "1) the length of time between filing the

complaint and removal; 2) the number of defendants; and 3) whether the

removing co-defendant is a forum resident." *Smethers*, at *7.

In *Smethers*, the forum defendant was provided with a courtesy copy of the

complaint by plaintiff but removed one day after the state court issued a summons

(citation) to the plaintiff to perform formal service.  The court concluded that the

removal "bears the telltale signs of gamesmanship and forum manipulation."

*Smethers*, at *7, citing *Breitweiser* at *7[2].  Because "the purpose of the statute

(i.e., "to provide a non-resident defendant with a non-prejudicial forum"), is not

served by allowing such gamesmanship to stand," the court found that the

removal was an example of improper snap removal and granted remand.

---

[2] Although the court in *Breitweiser* ultimately denied remand, it did so only because the
removing defendant was not a forum defendant.  *Breitweiser* at *7.  Defendant here is a forum
defendant, so the analysis in *Breitweiser* supports remand in the present case.

*Smethers*, at *8.  Decisions from other courts are in accord.  *See*, *Grizzly Mt. Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 286 n.5 (S.D. Tex. 2008)(All ambiguities must be resolved in favor of remand and it appears that the defendant was engaging in forum manipulation in its extremely quick removal of the case); *Oxendine v Merck & Co., Inc*., 236 F. Supp. 2d 517, 526 (D. MD. 2002)("[R]emovability cannot rationally turn on the timing or the sequence of service of process"); *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp.2d 640, 647 (D. N.J. 2008) ("The result of blindly applying the plain 'properly joined and served' language of section 1441 (b) is to eviscerate the purpose of the forum defendant rule"); *Standing v. Watson Pharmaceuticals, Inc.*, 2009 WL 842211 at *4 (C.D. Cal.,  Mar. 26, 2009) ("[I]f the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, a literal interpretation of the 'joined and served' provision that promotes such gamesmanship by defendants through allowing removal before a plaintiffs have a meaningful chance to serve any defendant . . . undermines the general purpose of the forum defendant rule").

In *Laugelle*, *supra*, the court noted that allowing such snap removals in states such as Delaware with a built-in time lag for proper service due to governmental involvement permits forum defendants to have unfettered access to the federal courts. *Laugelle*, at *13.  "Congress could not have intended

removability to hinge on the timing of service.… This conclusion makes particular sense today given the shift to electronic docketing and the increased potential for gamesmanship by savvy defendants who may monitor State Court dockets." *Laugelle*, at *13, citing *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734-35 (N.D. Ill. 2007).

In the present matter, the facts are even more egregious then in *Smethers* and the other cited cases. Here, the removing defendant was one of two forum defendants, who's removal petition stopped the process of governmental service on itself and the other forum defendant that did not join in removal. Further, Sanofi's JPML tag along notice and motion to stay proceedings evidence blatant forum manipulation from the Delaware state court to this MDL in Louisiana. All of the telltale signs of snap removal and forum manipulation are present. allowing Defendants to utilize section 1441(b) as a mechanism for a forum defendant to remove an action prior to receiving service of process would be to sanction the very gamesmanship that the statutory scheme is intended to guard against. Plaintiffs' motion to remand must be granted.

**B.     Remand Is Required Because No Defendant Had Been Served Nor Voluntarily Appeared Prior To Removal**

Defendant's Notice of Removal claims that the citizenship of unserved defendants cannot be considered when determining which defendants must join in a removal notice.   Exhibit B ¶9.   One of those Defendants is also a forum defendant and no Defendant waived service or otherwise appeared in the Delaware State Court action prior to removal. Under these circumstances, the district court in *Recognition Communications, Inc. v. American Auto. Ass'n, Inc.*, 1998 WL 119528 (N.D. Tex. March 5, 1998) concluded that "[s]ince no Defendant had been served or entered a voluntary appearance, the Court finds that all of the Defendants should have participated in the Notice of Removal…,"resulting in improper removal.  *Id.*, at *8.

In *Holmstrom v. Harad*, 2005 U.S. Dist. LEXIS 16694 *; 2005 WL 1950672 (N.D. Ill. August 11, 2006), the district court adopted the holding in *Recocognition Communications* and expanded upon its reasoning:

> The "joined and served" requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant. When no defendant has been served, however, the nonforum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-51, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999). Nor has the thirty-day period for removal started to run for the unserved non-forum defendant.  *Id.* at 354 (holding that  a defendant's thirty-day period for removal as set forth in 28 U.S.C. § 1446(b) cannot begin to run until that defendant has been served). Once served, a defendant may

immediately remove an otherwise removable case without regard to the unserved forum defendant, but the protection afforded by the "joined and served" requirement is wholly unnecessary for an unserved non-forum defendant. Given this, we will not apply the "joined and served" requirement here because no Defendant has been served. The citizenship of the unserved Illinois Defendants (i.e., the forum Defendants) therefore defeats removal at this stage. Plaintiff's motion to remand is granted.

*Holmstrom*, at \*6-\*7.  The district court in *Hawkins v. Cotrell*, Inc., 785 F. Supp.

2d 1361 (N.D.Ga. 2011), adopted the holdings in both *Recocognition*

*Communications* and *Holmstrom*, but added its own twist to the analysis.

Agreeing that the "joined and Served" language of §1441(b) restricts removal to

cases where at least one defendant has been served, the court explained:

The statute states that removal in a diversity case is permitted "only when none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The "none" in that statement refers to the "parties in interest properly joined and served," which implies that there is at least one defendant that is a party in interest that has been properly joined and served. Otherwise, it makes no sense to examine whether "none" of these parties is "a citizen of the State in which such action is brought." In such a situation, the "none" would be superfluous because where no parties are served, it would be impossible for any party "joined and served" to be a "citizen of the State in which such action is brought." Since "[a] statute should be interpreted so that no words shall be discarded as meaningless, redundant, or mere surplusage," the plain meaning of the statute contemplates a situation where at least one defendant has been joined and served.

*Hawkins*, 785 F.Supp 2d at 1369.  The district court also further expanded

upon the reference to *Murphy Bros*. in *Holstrom*:

> Although *Murphy Brothers* did not directly address whether service was required before a defendant could remove an action, the Court indicated that the time to remove was "triggered" in all instances after the receipt of service of process. It thus seems safe to assume that service on at least one defendant is required prior to removal. Without service upon any defendant, no party has been "brought under a court's authority" through "formal process." *Id*. at 347. Additionally, allowing removal prior to service renders the time limit on removal contained within § 1446(b) superfluous. If removal can be effected prior to service, it makes no sense for the removal deadline to begin to run after service of process.

*Hawkins*, 785 F.Supp. 2d at 1370.

Following this line of precedent, no Defendant in the present matter was properly before any court at the time of removal. Removing an action before service upon any Defendant and without an appearance by any Defendant in the state court action does not and cannot create jurisdiction bringing any defendant "under a court's authority." It is irrelevant that Plaintiff served the forum defendants after removal because the relevant time is the time the Removal Petition was filed. Because no Defendant was served at the time of removal, this matter must be remanded.

## C. Defendant Cannot Establish that the Amount in Controversy Exceeds $75,000

The amount-in-controversy cannot be satisfied because such determination of these amounts is case-specific. Defendant's argument in its

Removal Petition that Plaintiffs' claim of "severe and permanent injuries" are presumptively in excess of the $75,000 threshold is contrary to applicable Fifth Circuit law. This Court has dealt with this exact issue in a number of cases, including *Gonzalez v. Granter, et al*, 2016 U.S. Dist. LEXIS 77932 *, 2016 WL 3268165 (E.D. La. June 15, 2016)(Engelhardt, J.). As the Court may recall, the plaintiff in that matter also did not specify any dollar amount of damages in accord with Louisiana procedure, for the same reason Plaintiff in the instant matter did not. The plaintiff in *Gonzalez* was injured in an automobile accident and alleged that she suffered from severe injuries and property damage, as well as penalties and attorney's fees, for "past and future physical pain and suffering…past and future mental pain and suffering…past, present and future medical expenses, loss of past and future earnings and earning capacity, loss of past and future enjoyment of life and loss of consortium. *Gonzalez*, at *7 - *8. Defendant there supplemented its removal petition with an MRI report. *Id*., at *11.

This Court held that the defendant in *Gonzalez* failed to meet its removal its removal burden by setting forth *summary judgment type evidence* of facts in controversy that support a finding of the requisite jurisdictional amount. *Id.*, at *11(emphasis added). The Court held, consistent with prior jurisprudence, that Plaintiff's description of her injuries ""simply provide[] the usual and

customary damages set forth by personal injury plaintiffs and do[] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiff] has or will incur." *Id*., at *10-*11(citations omitted).  Tis Court held that the "reality that plaintiffs may recover greater than $75,000 does not suffice to warrant removal." *Id*., at *13 (emphasis in original)(citation omitted).

In the present matter, Plaintiff has alleged that she suffers from alopecia and suffered past, present and future pain and suffering, past and future expenses, etc., all similar if not identical to the Plaintiff in Gonzalez. Moreover, no Taxotere case has gone to trial nor, to Plaintiff's knowledge, settled.   There is not even any known precedent for Plaintiff's injuries. Accordingly, there is less evidence before this Court of the value of Plaintiff's claims herein then in *Gonzalez*.  For the reasons that this Court articulated in *Gonzalez*, this case must be remanded.

### IV.   V. CONCLUSION

The Forum Defendant Rule precludes the removal of this action on the basis of federal diversity jurisdiction. Plaintiffs therefore request that the Court grant its Motion to Remand and remand this action to the Superior Court.

Respectfully Submitted,

**NAPOLI SHKOLNIK, PLLC**

**By:** <u>Hunter Shkolnik</u>
Hunter Shkolnik, Esquire
NAPOLI SHKOLNIK, PLLC
919 North Market Street, Suite 1801
Wilmington, DE 19801
(302) 330-8025

*Attorney for Plaintiffs*

Dated: May 19, 2017