# EXHIBIT D

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA GRADNEY AND VICTOR GRADNEY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SANOFI U.S. SERVICES INC., formerly known as SANOFI-AVENTIS U.S., INC; SANOFI-AVENTIS U.S. LLC, separately and doing business as WINTHROP U.S.; SANOFI S.A.; AVENTIS PHARMA S.A.; and DOES, INC.,<br><br>　　　　Defendants. | C.A. No. 1:16-cv-01067-UNA |

## DEFENDANT SANOFI-AVENTIS U.S. LLC'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY

Defendant sanofi-aventis U.S. LLC[1] respectfully submits this memorandum in support of its motion to stay all proceedings in this action pending transfer of this case by the Judicial Panel on Multidistrict Litigation into *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740, currently pending in the Eastern District of Louisiana. As set forth in more detail below, judicial economy is best served by a stay of this action, and Plaintiffs will experience minimal, if any, prejudice from a stay. A stay of proceedings in this case is necessary to achieve the judicial economies that underlie 28 U.S.C. § 1407.

---

[1] No Defendant has been served in this matter. This Motion to Stay is solely on sanofi-aventis U.S. LLC's behalf and not on behalf of Sanofi U.S. Services Inc., Sanofi S.A., or Aventis Pharma S.A. This Motion to Stay does not waive the rights of Sanofi U.S. Services Inc., Sanofi S.A., or Aventis Pharma S.A.

2509658.1  102678-94292

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

## INTRODUCTION

A stay of all proceedings in the instant action is essential to preserving judicial resources while ensuring minimal prejudice to all parties. In cases like this, where transfer to an MDL proceeding is likely, courts often use their inherent authority to stay an action in order to avoid duplicative proceedings and ensure uniform decisions on pretrial matters. The potential prejudice to Plaintiffs from a stay here is minimal, amounting to no more than slight delay.

Courts in this District have held a stay is appropriate under factually similar circumstances. *See Munchel v. Wyeth LLC*, No. CIV.A. 12-906-LPS, 2012 WL 4050072, at *5 (D. Del. Sept. 11, 2012) (denying plaintiff's remand motion and granting motion to stay pending transfer to MDL); *Hutchins v. Bayer Corp.*, No. CIV.A. 08-640-JJF-LP, 2009 WL 192468, at *12 (D. Del. Jan. 23, 2009) (same).[2] Moreover, more than twenty other Taxotere® cases have been stayed pending transfer by the JPML, including cases removed from state court. *See Addelson, et al. v. Sanofi S.A., et al.*, 4:16-cv-01277-ERW (E.D. Mo. Oct. 25, 2016), ECF No. 46 (multi-plaintiff case removed from state court in which the district court denied plaintiffs' motion to remand and granted defendant's motion to stay pending transfer); *see also Bemiss v. Sanofi S.A. et al*, 2:16-cv-06425-KDE-MBN (E.D. La. Aug. 18, 2016), ECF No. 17 (granting joint motion to stay all proceedings that stated "[t]he potential prejudice to the Parties from a stay here is minimal, amounting to no more than a slight delay…."); *Carson v. Sanofi S.A. et al*, 2:16-cv-15322-KDE-MBN (E.D. La. Aug. 16, 2016), ECF Non-document Order (granting joint

---

[2] Other courts also routinely stay actions pending transfer to an MDL even if remand motions are pending. *See, e.g.*, *Pennsylvania ex rel. Kane v. McGraw-Hill Cos.*, No. 1:13-cv-605, 2013 WL 1397424, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); *Davis v. DePuy Orthopaedics, Inc.*, No. 11-5139, 2011 WL 5237563, at *2 (D.N.J. Nov. 2, 2011).

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

motion to stay all proceedings that stated "judicial economy is best served by a stay of this action to achieve the judicial economies that underlie 28 U.S.C. 1407").

Finally, a stay is appropriate even if Plaintiffs move to remand this action. It is more efficient for the MDL court to rule on multiple remand motions that present overlapping issues than to have the same work repeated many times over by multiple district courts.

## FACTUAL BACKGROUND

This case is one of more than two hundred products liability actions now pending in the federal courts in which plaintiffs allege they have suffered injury as a result of using Taxotere®. On July 22, 2016, plaintiffs' counsel in other Taxotere® cases filed an MDL Motion pursuant to 28 U.S.C. § 1407 on behalf of two other Taxotere® plaintiffs. They alleged that "[t]ransfer and centralization is proper because each of these actions and future tag-along cases arise out of the same or similar nucleus of operative facts and the same or similar wrongful conduct, and will involve resolution of the same or similar questions of fact and law." *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740, ECF No. 1. On October 4, 2016, a Transfer Order was issued, and an MDL was formed in the Eastern District of Louisiana. *Id.* at ECF No. 81. The Transfer Order stated that the JPML found that "these actions involve common questions of fact, and that centralization in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.*

In the current case, Plaintiffs filed their Complaint against sanofi-aventis U.S. LLC, Sanofi U.S. Services, Inc., Sanofi S.A., Aventis Pharma S.A., and Does, Inc. Plaintiff Debra Gradney alleges she was injured following the use of Taxotere®. The case was filed on November 9, 2016, in the Superior Court of the State of Delaware. On November 17, 2016,

3

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

prior to any Defendant being served, Defendant sanofi-aventis U.S. LLC removed the case to the United States District Court for the District of Delaware. D.I. 1. On November 18, 2016, sanof-aventis U.S. LLC filed a Notice of Potential Tag-Along with the JPML, including this case. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740, ECF No. 153. It should be included on a Conditional Transfer Order, and eventually sent to the MDL shortly.

## LEGAL STANDARD

"Whether or not to stay litigation is a matter committed to the discretion of the district court as part of its inherent power to conserve judicial resources by controlling its docket." *Hutchins v. Bayer Corp.*, No. CIV.A. 08-640-JJF-LP, 2009 WL 192468, at *3 (D. Del. Jan. 23, 2009) (citing *Cost Brothers, Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir.1985); *Benge v. Eli Lilly and Co.*, 553 F.Supp.2d 1049, 1050 (N.D. Ind. 2008) ("The decision to issue a stay of proceedings when a party submits a motion for transfer to an MDL panel rests within the court's discretion.")). "Courts typically cite three factors that should guide the exercise of a court's discretion when deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set." *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, No. CIV.A. 01-557JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003). According to the Rules of Procedure of the JPML, "the pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court and does not limit the pretrial jurisdiction of that court." R.P.J.P.M.L. 2.1(d).

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

## ARGUMENT

I. **A STAY IS NECESSARY TO CONSERVE JUDICIAL RESOURCES AND TO MINIMIZE PREJUDICE TO ALL PARTIES**

A stay of all proceedings in this action pending transfer to MDL No. 2740 is necessary and appropriate to preserve judicial resources, to ensure uniform decisions on pretrial rulings, and to minimize prejudice to the parties.

### A. A Stay Will Preserve Judicial Resources and Maximize Efficiency

Granting a stay will undoubtedly promote judicial economy. The explicit purpose of an MDL is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner. 28 U.S.C. § 1407(a). The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. "Under these circumstances, it is appropriate for this Court to stay any further proceedings in this action until after the J.P.M.L. makes its determination." *See Munchel*, 2012 WL 4050072, at *5. Allowing an action to proceed when it overlaps with numerous others that will become part of an MDL would undermine an MDL's purpose. *See, e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (absent a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge"). In contrast, granting a stay of this action will conserve the Court's resources and prevent duplicative discovery and pretrial management efforts. *See id.* at 1360-61 ("[A]ny efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation."); *see also Munchel*, 2012 WL 4050072, at *5 ("[a] short stay will simplify (or eliminate) the pretrial issues before this Court").

Case 2:16-md-02740-JTM-MBN Document 473-8 Filed 05/22/17 Page 7 of 9
Case 2:17-cv-01891-KDE-MBN Document 75-8 Filed 11/21/16 Page 9 of 9

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

In addition, granting a stay will avoid the risk of inconsistent rulings on early motions. Indeed, the need to avoid the risk of inconsistent rulings is one of the reasons why Congress established the multidistrict litigation procedure. *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under [28 U.S.C. § 1407] is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."). Accordingly, the interests of judicial economy and consistency of rulings strongly favor a stay here.

### B. Plaintiffs Would Experience Little to No Prejudice From a Stay

Plaintiffs would suffer minimal – if any – prejudice from a stay of all proceedings in this action. Courts recognize that the prejudice plaintiffs might suffer from a stay of this nature is limited to a minimal delay. *See, e.g.*, *Munchel*, 2012 WL 4050072, at *5 (finding a short stay pending transfer to an MDL "will not unduly prejudice [p]laintiff (who remains free to press her arguments before the J.P.M.L. and, if there is a transfer, before the transferee court)."). Moreover, whatever delay Plaintiffs may experience is outweighed by the benefits they would receive from coordinated discovery and motion practice in the MDL proceeding. In this case, any minimal prejudice is greatly outweighed by the judicial economy interests outlined above.

### C. Sanofi-Aventis U.S. LLC Will Suffer Prejudice in the Absence of a Stay

If Plaintiffs were permitted to go forward in this Court in light of the MDL proceeding, sanofi-aventis U.S. LLC would be required to litigate the same complex issues in this Court that will be litigated in the MDL. The burden of duplicative litigation weighs heavily in favor of staying proceedings. *See Glazer v. Whirlpool Corp.*, No. 1:08-cv-1624, 2008 WL 4534133, at *4 (N.D. Ohio Oct. 6, 2008) ("Beyond efficiency, the risk of inconsistent pre-trial rulings if this Court proceeds while the MDL Panel considers transfer of the case further argues in favor of the stay."); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. CIV.A. 90-4378, 1991 WL 13725, at *1

Case 2:16-md-02740-JTM-MBN Document 473-8 Filed 05/22/17 Page 8 of 9
Case 2:17-cv-01891-KDE-MBN Document 75-8 Filed 11/21/16 Page 8 of 9

PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

(D.N.J. Feb. 1, 1991) ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"). Moreover, granting a stay in this matter will not affect discovery or any other dates (as none have been set yet). *See Munchel*, 2012 WL 4050072, at *5 (D. Del. Sept. 11, 2012).

## II. A STAY IS PROPER EVEN IF PLAINTIFFS FILE A MOTION TO REMAND

Even if Plaintiffs file a motion to remand, the MDL Court will be in a better position to decide the motion. Judicial economy is served by permitting the MDL Court to handle jurisdictional questions that are likely to arise in multiple actions throughout the country. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 ("A majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). By staying an action that the MDL Panel may transfer, a court avoids needlessly familiarizing itself with the intricacies of claims that another court may consider, and avoids spending time on unnecessary case management that a transferee court would likely have to replicate. *See id.* at 1360-61.

For this reason, it would be more efficient for the judge overseeing the MDL to rule on remand motions that present overlapping and in many cases identical issues than to have the same work repeated many times over by multiple district courts. *See, e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 13 (J.P.M.L. Aug. 5, 2016) (transferring actions to the MDL over plaintiffs' objection that remand is required under applicable precedent); *In re: Plavix Mktg., Sales Practices and Prods. Liab. Litig. (No. II)*, MDL No. 2418, Transfer Order, Doc. No. 428, at 1 (J.P.M.L. Apr. 3, 2015) (transferring two actions over plaintiffs' objection that a judge in the transferor district had ordered remand of factually

Case 2:16-md-02740-JTM-MBN Document 473-8 Filed 05/22/17 Page 9 of 9
Case 2:17-cv-01891-KDE-MBN Document 5 Filed 11/21/16 Page 9 of 9
PLAINTIFFS' EXHIBIT "D" TO THE LOPALO DECLARATION

similar cases that rested on the same removal theory); *In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, Transfer Order, Doc. No. 1159, at 1 (J.P.M.L. Oct. 2, 2013) (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a judge's ruling in one case to other arguably similar cases").

Accordingly a stay is the appropriate course of action.

## CONCLUSION

For the foregoing reasons, Defendant sanofi-aventis U.S. LLC respectfully requests that the Court stay all proceedings in this case pending its transfer to MDL No. 2740.

Dated: November 21, 2016

Respectfully submitted,

GIBBONS P.C.

By: /s/ Christopher Viceconte
Christopher Viceconte (#5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Tel.: (302) 518-6322
Fax: (302) 397-2050
cviceconte@gibbonslaw.com
*Attorneys for Defendant
sanofi-aventis U.S. LLC*

OF COUNSEL:

SHOOK, HARDY & BACON L.L.P.
Harley V. Ratliff, Esq.
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel.: (816) 474-6550
Fax: (816) 421-5547
hratliff@shb.com