# EXHIBIT A

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

**FILED**
NOV 15 2010
MARIANO V. FAVAZZA
CLERK, CIRCUIT COURT
BY _____ DEPUTY

SANDRA BROWN, et al., )
)
Plaintiffs, )
) Cause No. 1022-CC00765
vs. )
) Division No. 18
WALGREENS COMPANY, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motions to Sever. The Court now rules as follows.

Fourteen Plaintiffs from four states brought this action against 38 defendants, alleging injuries from the prescription drug Reglan or its generic equivalent, metoclopramide. Defendants move to sever the claims of each Plaintiff, arguing that the claims are not related and may not be joined under Rule 52.05(a), Mo.R.Civ.P.

Rule 52.05(a) states, "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Two conditions must be satisfied under this rule:

(1) a common question of law or fact, and (2) the right to relief must arise out of the same transaction or occurrence or the same series of transactions or occurrences. State ex rel. Allen v. Barker, 581 S.W.2d 818, 826 (Mo. banc 1979).

The permissive joinder of parties is fixed by the Rule. State ex rel. Gulf Oil Corp. v. Weinstein, 379 S.W.2d 172, 175 (Mo.App. 1964). Gulf Oil explained that where two plaintiffs purchased fuel in unrelated transactions at different times, they could neither be considered "the same transaction nor a series of transactions." Id. at 174-75. Further, where the fuel oil resulted in fires in different places on different dates, they could not be said to constitute the same occurrence. Id. at 175.

Here, Plaintiffs have alleged different transactions spanning fifteen years. Some Plaintiffs received name-brand Reglan, while others took generic metoclopramide, which is made by several different manufacturers. Plaintiffs do not claim to have received their medications from an identical source, or to have seen the same doctors. In a pharmaceutical case, a plaintiff's claim depends on particular characteristics such as the plaintiff's medical history, his particular treatment, and his injury. Causation must be individually determined based on the injury alleged and other factors. Some of the Plaintiffs' claims involve

2

inadequate warnings, which must be evaluated based on the warnings delivered by each manufacturer or pharmacist to each Plaintiff.

The Court is aware of <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974), in which the federal court opined that the federal joinder rules should "permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." In that case, the Court allowed the joinder of ten plaintiffs who each had claims against General Motors for employment discrimination. The Court reasoned that the plaintiffs' claims, arising out of General Motors' company-wide policy of racial discrimination constituted the same series of transactions or occurrences under the joinder rules. However, <u>Mosley</u> involved claims against one employer and one union, with whom all plaintiffs had the same underlying relationship. Here, by contrast, Plaintiffs attempt to join claims against multifarious defendants, and none of the Plaintiffs themselves have the same relationship to all of the Defendants. Even accepting that the same product defects are at issue in each Plaintiff's case, the liability of the Defendants is several not common. Cf. <u>City of St. Louis v. Benjamin Moore & Co.</u>, 226 S.W.3d 110 (Mo.banc 2007). These claims are not "reasonably related" to allow a joinder of plaintiffs. <u>See</u> also <u>Turpeau v. Fidelity Financial Services, Inc.</u>, 936 F. Supp. 975, 978 (N.D. Ga.

3

1996). In any event, the reasoning of Mosley seems to the Court to be at war with the reasoning of Gulf Oil, supra.

The Plaintiffs' claims arose out of separate and unique sets of circumstances. Each Plaintiff has his or her own individual combination of facts and evidence surrounding his or her ingestion of different medications. The fact that all Plaintiffs ingested Reglan or its generic equivalent is not sufficient to meet the "transaction or occurrence" requirement. Thus, the Court finds joinder of these claims improper under Rule 52.05.

Plaintiffs have argued that pre-trial matters will be more efficient and less complicated if the claims in this case are not severed. On the contrary, this Court finds that the joinder of so many disparate causes of action makes this case unduly complex and burdensome. While some discovery issues may be better suited to a consolidated case, judicial economy cannot permit joinder where the rules do not.

When parties are impermissibly joined in a cause of action, the Court has the authority to sever the cases and require the plaintiffs to proceed separately. Rule 52.06; Gulf Oil, 379 S.W.2d at 175. The Court finds that severance is required in this case.

While this Court, in applying the law of joinder, has concluded that the Plaintiffs herein were improperly joined, it

4

notes that there are common questions of fact and common questions of law herein, pertaining to the products and warnings at issue. Notwithstanding severance, it is within the trial court's discretion to consolidate cases or order joint trials where it is necessary to avoid piecemeal litigation. Belden v. Chicago Title Ins. Co., 958 S.W.2d 54, 57 (Mo. App. E.D. 1997). Rule 66.01(b) provides:

> When civil actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the civil actions; it may order all the civil actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This Court recognizes that the production of documents and other forms of discovery involving the common questions of law and fact may be duplicative and potentially burdensome if the cases are not consolidated for those purposes. The Court suggests that the parties seek to devise a pretrial order to govern all of the Plaintiffs' claims, so that parties coordinate discovery in an efficient and harmonious manner. This Order does not forefend the entry of an order of consolidation for discovery purposes at a later date.

ORDER

In light of the foregoing, it is

5

ORDERED that Defendants' Motions to Sever be and the same are hereby granted; and it is

FURTHER ORDERED that the claims of Plaintiffs are severed and shall proceed separately as to each named Plaintiff; provided, that the claims of consortium Plaintiffs Hubert Faarmer, Harold Neeley, Vanessa Lopez-Sotelo, and Christine Tucker shall remain joined and proceed with the separate claims of Plaintiffs Annette Faarmer, Dessie Neeley, Frank Sotelo, and Chester Tucker, respectively; and it is

FURTHER ORDERED that the Clerk shall create sub-files in accordance with this Order for each severed claim; each Plaintiff in each newly severed case is granted leave to file an amended petition within 90 days of the date hereof in order to drop unnecessary Defendants and claims and for no other purpose without leave of Court.

SO ORDERED:

Robert H. Dierker
Circuit Judge

Dated: 11/15/10

cc: counsel of record

6