UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)        MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Castagnola v. Sanofi S.A., et al.*, 2:17-cv-03864-KDE-MBN (E.D. La.)
*Ernys-Kofler v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.)
*Fuller v. Sanofi S.A., et al.*, 2:17-cv-01812-KDE-MBN (E.D. La.)
*Gardner v. Sanofi S.A., et al.*, 2:17-cv-03865-KDE-MBN (E.D. La.)
*Jenkins v. Sanofi S.A., et al.*, 2:17-cv-03866-KDE-MBN (E.D. La.)
*McCallister et al v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.)
*Pickrell v. Sanofi S.A. et al.*, et al., 2:17-cv-01813-KDE-MBN
*West v. Sanofi U.S. Services Inc., et al.*, 2:17-cv-02067-KDE-MBN (E.D. La.)
*Wright v. Sanofi S.A. et al.*, 2:17-cv-01814-KDE-MBN (E.D. La.)

## SANOFI-AVENTIS U.S. LLC'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND

Defendant sanofi-aventis U.S. LLC[1] ("Defendant") respectfully requests that this Court deny Plaintiffs' Omnibus Motion to Remand.[2] In the alternative, Defendant requests that this Court defer ruling on Plaintiffs' remand motion pending targeted discovery to determine whether or not McKesson is a properly joined party to each of these actions.

## INTRODUCTION

Defendant opposes this Motion to Remand for the same reason it removed the related cases: because McKesson Corporation (hereafter "McKesson") is fraudulently or improperly

---

[1] Only sanofi-aventis U.S. LLC has been properly served in these matters. This pleading is solely on its behalf and not on behalf of the foreign entities.

[2] Remand is additionally unwarranted because, as argued in Defendants' Motion to Dismiss Plaintiffs' Master Complaint (Doc. # 489) and Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations (Doc. # 494), the above named Plaintiffs have failed to state claims under applicable federal and state law, and their claims are time-barred by the applicable statutes of limitations.

joined.[3]  As stated in its initial Notices of Removal, incorporated by reference herein, Plaintiffs did not plead and, when requested, refused to provide the necessary information to demonstrate that McKesson actually distributed Taxotere® (hereafter "Taxotere") to the healthcare providers or facilities where Plaintiffs were allegedly treated, or even if it did, if McKesson distributed the Taxotere actually administered to the Plaintiff.  *See* Letters Sent to Plaintiffs' Counsel, attached as Exhibit A.[4]  With that information, Defendant would be able to determine whether or not each Plaintiff received Taxotere that was <u>actually</u> distributed by McKesson, the sole in-state Defendant named in these cases.  Notably, in the single case where the Plaintiff did provide the requested information—*West v. Sanofi S.A. et al.*, No. 2:17-cv-02067—McKesson did *not* distribute to the treating facility, contrary to Plaintiff's allegations.  *See* McKesson Declaration, attached as Exhibit B.[5]

In the other cases, Plaintiffs' counsel either ignored Defendant's request, or engaged in conversations, yet refused to provide information that should be readily available to them and included in the respective Complaints in the first instance.  Thus, on one hand, plaintiffs in this MDL complain that, despite their efforts, they cannot readily confirm product identification in hundreds of cases.  On the other hand, when asked for this basic, factual information that would confirm if McKesson – the only Defendant that facially could defeat diversity – sold Taxotere

---

[3] Nearly identical briefing was filed in these cases, as well as in *Johnson v. Sanofi S.A., et al.*, 1:17-cv-00196 (E.D. Cal.) and *Smith v. Sanofi S.A., et al.*, 2:17-cv-00870 (C.D. Cal.) which were recently transferred by the JPML to this MDL.  *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 (May 31, 2017), ECF No. 363.  Because the same issues in these cases apply to *Johnson* and *Smith*, the Court's ruling on Plaintiffs' Motion to Remand should apply to *Johnson* and *Smith*.

[4] Of the Plaintiffs at issue in this motion, only Ms. West submitted a PFS.  As noted above, where Ms. West allegedly received Taxotere is already known – and McKesson did not distribute to that facility.

[5] In *Calkins v. Sanofi S.A., et al.*, filed in Sacramento County Superior Court, which has not been served on any sanofi Defendant, Plaintiff did provide her treatment facility in the Complaint.  Sanofi has confirmed that McKesson did not distribute to that facility either.

used by Plaintiffs, their counsel refuses. The intentional concealment of this basic information in order to engage in jurisdictional gamesmanship should not be rewarded with remand.

Because Plaintiffs have not shown that McKesson distributed their Taxotere (or, in *West*, have shown that McKesson did *not* distribute her Taxotere), Plaintiffs have no basis upon which to pursue their product liability claims against McKesson. Therefore, McKesson is fraudulently or improperly joined and its citizenship must be ignored for purposes of diversity jurisdiction. In the alternative, Defendant respectfully requests that at the very least, this Court defer ruling on Plaintiffs' remand motion to allow the parties to engage in targeted discovery in this MDL to determine whether or not McKesson is a properly joined party to these actions.

## BACKGROUND

The cases at issue were filed between November and December 2016, in various California state courts. All Plaintiffs allege that they suffered injuries and damages arising from their use of the prescription drug Taxotere or docetaxel.[6]

For purposes of determining diversity jurisdiction, Defendant is now and was at the time Plaintiffs commenced these actions, a Delaware limited liability company with its principal place of business in New Jersey. Fuller Compl. ¶ 9. Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC. Sanofi U.S. Services Inc. is now and was at the time Plaintiffs commenced these actions, a Delaware corporation with its principal place of business in New Jersey. Thus, for jurisdictional purposes, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1). Sanofi S.A. is now and was at the time Plaintiffs commenced these actions, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. Fuller Compl. ¶ 7. Aventis Pharma

---

[6] *West* (2:17-cv-02067) involves numerous Defendants that manufacture various other FDA-approved docetaxel products.

S.A. is now, and was at the time Plaintiffs commenced these actions, a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. *Id.* at ¶ 8. All of the Plaintiffs are alleged to be citizens of California, except for the multi-Plaintiff cases *Ernys-Kofler, et al.* (2:17-cv-03867) and *McCallister, et al.* (2:17-cv-02356).[7]

McKesson is alleged to be a citizen of California. Fuller Compl. at ¶ 11. Because McKesson was fraudulently joined to this action, McKesson's citizenship does not affect diversity. Thus, the requisite diversity of citizenship is satisfied. Moreover, the forum defendant rule does not apply to fraudulently joined defendants, and is not applicable here. Finally, Defendant disputes sanofi S.A. was properly served in any of these cases. Defendant timely removed these cases, which were all subsequently transferred by the JPML to this MDL.

## ARGUMENT

### A. THE CITIZENSHIP OF MCKESSON DOES NOT DEFEAT DIVERSITY BECAUSE IT IS FRAUDULENTLY JOINED

#### 1. McKesson Has Been Fraudulently Joined Because Plaintiffs Have Not Demonstrated It Has Any Connection to Their Cases

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.*, No. 15-cv-2450, 2015 WL 6696790, at *2-3 (E.D. La. Nov. 2, 2015) (quoting *Smallwood v. Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). For the second method, the Fifth Circuit held that the test "is whether the defendant has demonstrated that there is no possibility of

---

[7] *Ernys-Kofler, et al.*, (2:17-cv-03867) includes six Plaintiffs: two from California, two from Louisiana, one from Tennessee, and one from Kentucky. Ernyes-Kofler Compl. ¶¶ 6-11. *McCallister, et al.* (2:17-cv-02356) includes ten Plaintiffs: two from California, four from Tennessee, two from Louisiana, one from Kentucky, and one from Texas. McCallister Compl. ¶¶ 6-15.

4

recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

In order to assess Plaintiffs' possibility of recovery against McKesson, the in-state defendant, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 574). "The focus is on plaintiff's pleadings at the time of removal . . . ." *Id.* The Fifth Circuit has also noted the possibility that a "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* (quoting *Smallwood*, 385 F.3d at 573).

Fraudulent or improper joinder exists here since Plaintiffs have not established a cause of action against McKesson. *See, e.g.*, *Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that defendant was fraudulently joined in a product liability action where defendant did not market or sell the product at issue to plaintiffs); *Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]"). The fraudulent or improper joinder of McKesson is obvious based on the insufficient factual allegations of Plaintiffs' pleadings—namely the lack of allegations related to McKesson's connection to these Plaintiffs. Plaintiffs' general allegations that McKesson distributed Taxotere, "including upon information and belief the Taxotere administered to Plaintiff" (*see, e.g.*, Fuller Compl. at ¶ 11), are insufficient.

Unsupported speculation that evidence *could* exist is insufficient to defeat diversity jurisdiction. *See, e.g.*, *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (remand inappropriate based on "a mere theoretical possibility of recovery"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 285 (S.D.N.Y. 2001) (refusing to "close the doors to federal courts solely on the basis of [p]laintiffs' wishful speculation"); *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (speculation that evidence exists to support claim irrelevant to fraudulent-joinder determination); *see also Taylor v. Jeppesen Dataplan, Inc.*, No. 09-cv-494, 2010 WL 3790728, at *3 (N.D. Cal. Sept. 27, 2010) (rejecting "vague and unsupported assertions" in contradiction to a sworn declaration in support of removal).

In *Martinez v. McKesson Corp.*, after learning where the plaintiff was treated, Bayer Healthcare Pharmaceuticals Inc. was able to provide a declaration stating that McKesson did not manufacture, supply, market, or promote the product at issue. No. 3:15-cv-02903, 2016 WL 5930271, at *3-4 (S.D. Cal. Apr. 7, 2016). McKesson's declaration defeated plaintiff's arguments that her claims against McKesson "could prevail under manufacturer, distributor, and marketing enterprise theories of liability," and the Southern District of California denied plaintiff's motion to remand. *Id.* Here, Plaintiffs have omitted obvious facts that would determine the propriety of joinder – they do not say in their lawsuits where Plaintiffs received treatment and refused to say when asked directly. Like in *Martinez*, Defendants should at least be given an opportunity to determine whether McKesson actually distributed the Taxotere allegedly administered to Plaintiffs. As set forth in the Notices of Removal, before seeking removal, Defendant requested information from Plaintiffs' counsel regarding the basis for their claims against McKesson, and Plaintiffs' counsel declined to provide such information. *See* **Ex. A**.

Similarly, in the Fluoroquinolone MDL in the District of Minnesota, four plaintiffs whose cases were removed to the Northern District of California and then transferred to the MDL sought remand back to California state court, arguing removal was improper because the court lacked diversity jurisdiction. *In re Fluoroquinolone Prod. Liab. Litig.*, No. MDL 15-2642, 2016 WL 4154338, at *1 (D. Minn. Aug. 5, 2016). There, as here, "Plaintiffs' argument that there is no diversity jurisdiction rest[ed] entirely on their claims against McKesson"; those claims were based on allegations tying McKesson to "the particular drugs taken by Plaintiffs"; and those allegations were made on "information and belief." *Id*. at *2; *see also* Mot. to Remand at 3. Thus, "in the interests of judicial economy and for efficient handling of the MDL," the MDL court deferred ruling on the motion to remand until it was determined whether McKesson <u>actually</u> distributed the particular drugs <u>taken</u> by the plaintiffs. *Id.* at *2. There, the MDL court expressly noted that "the information necessary to determine if McKesson is a proper party to this action should have been provided to Defendants." *Id.*[8]

Moreover, in order to ensure compliance with 28 U.S.C. § 1446(c)(1)'s requirement that a case not be removed more than one year after commencement of the action, the MDL Court should direct the targeted discovery requested by Defendants. 28 U.S.C. § 1446(c)(1). Otherwise, these cases could be remanded, only to have discovery reveal that McKesson is not a proper party more than one year after commencement of the action, improperly leaving these cases in state court.

---

[8] In the remand motion, Plaintiffs attempt to distinguish the *In re Fluoroquinolone* cases—which were transferred to an MDL from California federal courts where the remand issue was addressed uniformly—is unavailing. *See* Mot. to Remand at 10-11. **First**, plaintiffs in those cases alleged similar allegations to Plaintiffs here regarding McKesson's purported conduct, including manufacturing, marketing, and promoting the drug at issue, in addition to distributing it. Nonetheless, courts in the Northern District of California stayed and/or did not rule on remand in those cases, permitting their transfer to the MDL, where the MDL judge ultimately ordered discovery into McKesson's role. **Second**, that the *Fluoroquinolone* MDL court sits in Minnesota has no impact on those cases serving as a model for the most sensible means of handling this nearly identical situation. As explained above, both judicial economy and efficiency favor denial of Plaintiffs' remand motion here.

## 2. Where Each Plaintiff Allegedly Was Administered Taxotere Should Be Known by Plaintiffs

A plaintiff allegedly administered Taxotere should know where her treatment was *before* a suit is even filed. Ms. West's disclosure shows that this information is readily available to Plaintiffs, and could (and should) have been pled initially or provided in response to Defendant's requests with minimal burden. Nothing in Plaintiffs' Motion suggests otherwise.

Further, Ms. West's disclosure and McKesson's accompanying declaration verify that a plaintiff's treatment facility can be used to promptly determine whether McKesson did in fact distribute the Taxotere allegedly administered to a plaintiff. As previously noted, McKesson is not the exclusive distributor of Taxotere in California. Ms. West's experience aptly demonstrates this, as McKesson did *not* distribute Taxotere to the facility where she was allegedly treated. *See* **Ex. B**. Accordingly, Ms. West cannot establish a cause of action against McKesson, and McKesson was fraudulently joined in her case. *See Masonry Sols. Int'l, Inc.*, 2015 WL 6696790, at *2-3.

This reasoning shapes the analysis for the remaining Plaintiffs. There is no plausible reason—and Plaintiffs' Motion certainly offers none—for Plaintiffs to conceal where they allegedly were administered Taxotere. They do so only to preserve the theoretical possibility that McKesson was somehow involved in their cases. However, a "mere theoretical possibility of recovery" against the in-state Defendant McKesson is not enough. *Ross*, 344 F.3d at 463. Plaintiffs' gamesmanship deprives Defendant of the basic information needed to apprehend the claims against it and mount defenses to them. Much more importantly, it deprives the Court of the basic information needed to justly and efficiently manage these cases.

Indeed, the burden of this gamesmanship is clearly demonstrated in the nearly 300 pages of briefing and exhibits that Plaintiffs submitted with their Motion, <u>all of which could have been</u>

8

avoided if they had simply included this information from the outset. Instead, Plaintiffs chose to file their suits in California state courts without pleading essential jurisdictional facts,[9] then refused to provide these facts when Defendant requested them prior to removal. Thus began these cases' journey through California state and federal courts, the JPML, and finally this Court, where Plaintiffs now ask that it be returned to California, *still lacking the requisite jurisdictional facts*. Such conduct, and the consequent cost to the courts and parties, should not be rewarded with remand.

In light of Plaintiffs' refusal to plead or provide basic jurisdictional information, and the fact that Ms. West's disclosure definitively rules out liability against McKesson, this Court should find that McKesson is not more than speculatively tied to the Taxotere allegedly administered to Plaintiffs and deny the Motion to Remand. In the alternative, as in *In re Fluoroquinolone*, this Court should defer ruling on the Motion to Remand until Plaintiffs provide the requested information, and McKesson's role can be determined. Only then can the question of possible liability be moved from "theoretical" to "reasonable." *See Ross*, 344 F.3d at 462.

### 3. Plaintiffs Cannot State a Claim Against McKesson Based on the Conduct of U.S. Oncology

In their Motion to Remand, Plaintiffs also argue that McKesson's ownership of U.S. Oncology supports their contention that McKesson was not fraudulently joined. However, McKesson is not liable for the conduct of U.S. Oncology – a subsidiary and separate corporate entity of McKesson. As the Supreme Court has explained, "[i]t is a general principle of

---

[9] Notably, two of the cases at issue were originally filed in federal court. *See Ernys-Kofler v. Sanofi S.A., et al.*, 5:16-cv-04938 (N.D. Cal. Aug. 26, 2016), ECF No. 1; *Jenkins v. Sanofi S.A., et al.*, 3:16-cv-04940 (N.D. Cal. Aug. 26, 2016), ECF No. 1. In fact, these cases were included on Conditional Transfer Order 1 and ultimately transferred to this MDL. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Oct. 17, 2016), ECF No. 5. Plaintiffs' counsel, however, subsequently dismissed the MDL cases and then re-filed on behalf of the same Plaintiffs in California state court, adding McKesson as a Defendant, and for *Ernys-Kofler*, adding several additional Plaintiffs, including non-California Plaintiffs. Moreover, Plaintiffs' counsel in *Castagnola* is co-lead counsel of this MDL's Plaintiffs' Executive Committee. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Dec. 28, 2016), ECF No. 154.

corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotations omitted). Thus, "a parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is consistent with the parent's investor status." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). Only where the parent and subsidiary are "alter egos" may the acts of a subsidiary be attributed to a parent. *See id.*

Plaintiffs allege no facts that justify departure from the "bedrock principle" of treating a parent and a subsidiary as separate legal entities, nor do they argue that any such facts exist. *See Bestfoods*, 524 U.S. at 62. Further, Plaintiffs make no allegations that U.S. Oncology is the "alter ego" of McKesson, as required under *Unocal Corp.*, 248 F.3d at 926. Accordingly, Plaintiffs have no possibility of asserting a viable claim against McKesson based on the conduct of U.S. Oncology.

### B. BECAUSE MCKESSON WAS FRAUDULENTLY JOINED, ITS CONSENT TO REMOVAL WAS NOT NECESSARY

Plaintiff also argues that the removals were procedurally defective because McKesson did not consent. The forum defendant rule and unanimity rule, however, do not apply to fraudulently joined defendants. 28 U.S.C. § 1446(b)(2)(A) (requiring the consent for removal only of those defendants "who have been properly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)

("[T]he 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'") (*quoting Emrich v. Touche Ross & Co.*, 84 F.2d 1190, 1193 n.1 (9th Cir. 1988)). Accordingly, McKesson's consent was not necessary.

Moreover, Defendant disputes that sanofi S.A. was properly served, as Plaintiffs claim. Plaintiffs claim "proper service on Sanofi S.A. was completed for a majority, if not all, of the cases that this motion applies to in compliance with the rules governing substituted service under Cal. Civ. Proc. Code § 415.20(a)." Mot. to Remand at 6-7. This is false. First, Plaintiffs attempted service on sanofi S.A. in only seven of the nine cases at issue. Second, they attempted service under various California statutes, none of which are applicable or proper.[10] Moreover, this service issue was disputed in specially appearing sanofi S.A.'s motion to dismiss for insufficient service of process and lack of personal jurisdiction. *See Smith v. Sanofi S.A., et al.*, No. 2:17-cv-00870 (C.D. Cal. Mar. 10, 2017), ECF No. 41-42, attached as Exhibit C. Regardless, assuming for the purposes of argument only that sanofi S.A. has been served (it has

---

[10] For example, in *Smith v. Sanofi S.A., et al.*, No. 2:17-cv-00870 (C.D. Cal.), a process server attempted to serve a Sanofi US Services Inc. Senior Corporate Paralegal with the Summons and Complaint via California Code of Civil Procedure section 416.10. Section 416.10(b) authorizes service by the following method: "To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." CAL. CODE. CIV. PROC. § 416.10(b). Pursuant to California Corporations Code section 2110, valid service on a corporation generally includes "[d]elivery by hand of a copy of any process against a foreign corporation (a) to any officer of the corporation or its general manager *in this state* [i.e., California] . . . , (b) to any natural person designated by it as agent for the service of process, or (c), if the corporation has designated a corporate agent, to any person named in the latest certificate of the corporate agent [.]" Cal. Corp. Code § 2110.

Service was attempted at Genzyme Corporation, a Delaware corporation, with its corporate headquarters in Cambridge, Massachusetts. The document stated "VIA PERSONAL SERVICE" to "Muzammil Mansuri, Ph.D. Executive Vice President, Sanofi S.A." and "David Meeker, M.D. Executive Vice President, Sanofi S.A."

Dr. Meeker is the Executive Vice President and General Manager of Genzyme Corporation. Genzyme Corporation is a separate and independent entity from sanofi S.A. Dr. Meeker is not a Vice President for sanofi S.A., as Plaintiff claims. Dr. Mansuri is the Executive Vice President, Strategy and Business Development of Sanofi U.S. Services Inc. Dr. Mansuri is also not a Vice President for sanofi S.A., as Plaintiff claims.

Attorneys for sanofi S.A. met and conferred with Plaintiff's counsel on several occasions to relay this information, in an effort to resolve this informally, without the court's involvement. Notwithstanding these facts, Plaintiff's counsel contends service was proper.

11

not), it would have consented to removal.

## C. THE MULTI, NON-CALIFORNIA PLAINTIFF CASES WARRANT SPECIAL CONSIDERATION

Both *Ernys-Kofler, et al.* (2:17-cv-03867) and *McCallister, et al.* (2:17-cv-02356) involve numerous Plaintiffs who neither live in California nor sustained any alleged injury there. The non-California Plaintiffs are generally from states with one-year statutes of limitations. Moreover, sanofi is neither incorporated nor headquartered in California. Severance is appropriate because Plaintiffs have attempted to join in single petitions the distinct claims of multiple Plaintiffs who have no relationship to one another and who have not pled any facts linking in any way any of their individual experiences using Taxotere or in allegedly developing permanent alopecia. Plaintiffs' joinder of their unrelated claims does not satisfy the permissive joinder rules because each Plaintiff will present a unique set of facts, based on her own individual circumstances, which did not arise out of the same transaction or occurrence and these variations will give rise to unique questions of fact and law that will predominate in each case. FED. R. CIV. P. 20(a)(1).[11] To the extent that California courts looking at these issues have ignored personal jurisdiction and allowed joinder, they are wrongly decided.

The United States Supreme Court recently granted certiorari and heard argument in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, No. 16-466, 2017 WL 215687 (U.S. Jan. 19, 2017). In *Bristol-Myers Squibb Co.*, 661 plaintiffs were joined in a single, California state court action, claiming they had been injured by ingesting Plavix, a pharmaceutical drug. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 2016 WL 5904964, *5 (U.S. Oct. 7, 2016). Only 86 of the 661 plaintiffs lived in California, and the remaining 575 plaintiffs neither lived in California nor sustained any injury

---

[11] Defendant incorporates by reference its previously filed Motion to Sever in a removed City of St. Louis case. *See, Bickley, et al. v. Sanofi S.A., et al.*, 2:17-cv-01073 (E.D. La. Aug. 10, 2016), ECF Nos. 7-8.

there.  *Id.*  Moreover, Bristol-Myers Squibb was neither incorporated nor headquartered in California and none of the Plavix at issue was manufactured in California.  *Bristol-Myers Squibb Co. v. Superior Court*, 377 P.3d 874, 877-78 (Cal. Aug. 29, 2016).  This decision will have a significant impact on "litigation tourism."  A ruling on this case is expected the near future.[12]

Pending the Supreme Court's ruling in *Bristol-Myers Squibb Co.*, Defendant reserves the right to brief severance and personal jurisdiction motions related to these unrelated, non-California Plaintiffs.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Omnibus Motion to Remand.  In the alternative, Defendant requests that this Court defer ruling on Plaintiffs' remand motion to allow the parties to engage in targeted discovery to determine whether or not McKesson is a properly joined party to this action.

---

[12] On the same day the Supreme Court heard oral argument in *Bristol-Myers Squibb Co.*, it heard argument in *BNSF Railway Co. v. Tyrrell*, a Federal Employees Liability Act ("FELA") personal injury case raising similar personal jurisdiction questions.  In *Tyrrell*, two plaintiffs sued the defendant for personal injuries under FELA in Montana state court despite: (1) neither plaintiff being a Montana resident; (2) neither plaintiff being injured in Montanan; and (3) the defendant being neither a Montana corporation nor headquartered in Montana.  On May 30, 2017, the Supreme Court held 8-1 that there was no personal jurisdiction:

> [T]he business [defendant] does in Montana is sufficient to subject the railroad to specific personal jurisdiction in that State on claims related to the business it does in Montana.  But in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like [plaintiffs'] that are unrelated to any activity occurring in Montana.

*BNSF Ry. Co. v. Tyrrell*, No. 16-405, 2017 WL 2322834, at *10 (U.S. May 30, 2017).

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*