UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)  MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Allen, Charlene and Alvin v. Sanofi S.A., et al.*, 2:17-cv-03871-KDE-MBN (E.D. La.)
*Anthony, Vera v. Sanofi S.A., et al.*, 2:17-cv-03870-KDE-MBN (E.D. La.)
*Arrington, Teresa v. Sanofi S.A., et al.*, 2:17-cv-03893-KDE-MBN (E.D. La.)
*Austin, Doylene and Herman v. Sanofi S.A., et al.*, 2:17-cv-03894-KDE-MBN (E.D. La.)
*Blunt, Annie P. v. Sanofi S.A., et al.*, 2:17-cv-03895-KDE-MBN (E.D. La.)
*Brooks, Pearl v. Sanofi S.A., et al.*, 2:17-cv-03896-KDE-MBN (E.D. La.)
*Brooks, Vera v. Sanofi S.A., et al.*, 2:17-cv-03897-KDE-MBN (E.D. La.)
*Bryant, Mary and Otis v. Sanofi S.A., et al.*, 2:17-cv-03901-KDE-MBN (E.D. La.)
*Carlisle, Fannie v. Sanofi S.A., et al.*, 2:17-cv-03904-KDE-MBN (E.D. La.)
*Chapman, Beverly and George v. Sanofi S.A., et al.*, 2:17-cv-03905-KDE-MBN (E.D. La.)
*Chappell, Diane v. Sanofi S.A., et al.*, 2:17-cv-03906-KDE-MBN (E.D. La.)
*Coleman, Shirley and Johnny v. Sanofi S.A., et al.*, 2:17-cv-03908-KDE-MBN (E.D. La.)
*Cook, Vertie v. Sanofi S.A., et al.*, 2:17-cv-03909-KDE-MBN (E.D. La.)
*Cross, Anginelia and Jonathan v. Sanofi S.A., et al.*, 2:17-cv-03910-KDE-MBN (E.D. La.)
*Darden, Gayle v. Sanofi S.A., et al.*, 2:17-cv-03911-KDE-MBN (E.D. La.)
*Davis, Letha v. Sanofi S.A., et al.*, 2:17-cv-03912-KDE-MBN (E.D. La.)
*Evans, Verna and Bobby v. Sanofi S.A., et al.*, 2:17-cv-005419-KDE-MBN (E.D. La.)
*Fair, Rosa and Clean Crocket v. Sanofi S.A., et al.*, 2:17-cv-03917-KDE-MBN (E.D. La.)
*Freeman, Catherine and Henry v. Sanofi S.A., et al.*, 2:17-cv-03932-KDE-MBN (E.D. La.)
*Garrett, Trena v. Sanofi S.A., et al.*, 2:17-cv-03933-KDE-MBN (E.D. La.)
*Gradney, Debra and Victor v. Sanofi S.A., et al.*, 2:17-cv-01891-KDE-MBN (E.D. La.)
*Hampton, Angela v. Sanofi S.A., et al.*, 2:17-cv-03935-KDE-MBN (E.D. La.)
*Harmon, Kathryn and Edgar v. Sanofi S.A., et al.*, 2:17-cv-03938-KDE-MBN (E.D. La.)
*Haynes, Virgie v. Sanofi S.A., et al.*, 2:17-cv-03939-KDE-MBN (E.D. La.)
*Haywood, Ada v. Sanofi S.A., et al.*, 2:17-cv-03941-KDE-MBN (E.D. La.)
*Howard, Sindy v. Sanofi S.A., et al.*, 2:17-cv-03949-KDE-MBN (E.D. La.)
*Jackson, Norma v. Sanofi S.A., et al.*, 2:17-cv-03953-KDE-MBN (E.D. La.)
*Knighten, Dell and Joseph v. Sanofi S.A., et al.*, 2:17-cv-03954-KDE-MBN (E.D. La.)
*Lamb, Agnes v. Sanofi S.A., et al.*, 2:17-cv-03962-KDE-MBN (E.D. La.)
*Lewis, Lynda v. Sanofi S.A., et al.*, 2:17-cv-03965-KDE-MBN (E.D. La.)
*Livings, Gail v. Sanofi S.A., et al.*, 2:17-cv-03968-KDE-MBN (E.D. La.)
*Locke, Wanda and Steven v. Sanofi S.A., et al.*, 2:17-cv-03977-KDE-MBN (E.D. La.)

*Marbury, Annie v. Sanofi S.A., et al.*, 2:17-cv-03979-KDE-MBN (E.D. La.)
*Marino, Patricia v. Sanofi S.A., et al.*, 2:17-cv-02891-KDE-MBN (E.D. La.)
*Mullins, Diana v. Sanofi S.A., et al.*, 2:17-cv-04008-KDE-MBN (E.D. La.)
*Myrick, Alice v. Sanofi S.A., et al.*, 2:17-cv-04009-KDE-MBN (E.D. La.)
*Nation, Beverly A. v. Sanofi S.A., et al.*, 2:17-cv-04011-KDE-MBN (E.D. La.)
*Nemec, Evelyn v. Sanofi S.A., et al.*, 2:17-cv-04012-KDE-MBN (E.D. La.)
*Nevels, Shirley and Albert v. Sanofi S.A., et al.*, 2:17-cv-04014-KDE-MBN (E.D. La.)
*Nixon, Bessie v. Sanofi S.A., et al.*, 2:17-cv-03978-KDE-MBN (E.D. La.)
*Payton, Sharon and Fredrick v. Sanofi S.A., et al.*, 2:17-cv-03974-KDE-MBN (E.D. La.)
*Ray, Rose v. Sanofi S.A., et al.*, 2:17-cv-03969-KDE-MBN (E.D. La.)
*Robinson, Mary A. and Emerson v. Sanofi S.A., et al.*, 2:17-cv-03967-KDE-MBN (E.D. La.)
*Self, Trisha v. Sanofi S.A., et al.*, 2:17-cv-04016-KDE-MBN (E.D. La.)
*Smith, Dorothy v. Sanofi S.A., et al.*, 2:17-cv-04017-KDE-MBN (E.D. La.)
*Stewart, Sharon v. Sanofi S.A., et al.*, 2:17-cv-04021-KDE-MBN (E.D. La.)
*Stone, Bonnie v. Sanofi S.A., et al.*, 2:17-cv-04023-KDE-MBN (E.D. La.)
*Strother, Dena and Christopher v. Sanofi S.A., et al.*, 2:17-cv-04028-KDE-MBN (E.D. La.)
*Sullivan, Christine N. v. Sanofi S.A., et al.*, 2:17-cv-02874-KDE-MBN (E.D. La.)
*Taylor, Linda v. Sanofi S.A., et al.*, 2:17-cv-04027-KDE-MBN (E.D. La.)
*Taylor, Pamela and Julius v. Sanofi S.A., et al.*, 2:17-cv-04025-KDE-MBN (E.D. La.)
*Thomas, Gail v. Sanofi S.A., et al.*, 2:17-cv-04020-KDE-MBN (E.D. La.)
*Tucker, Debbie and Robert v. Sanofi S.A., et al.*, 2:17-cv-04010-KDE-MBN (E.D. La.)
*Turner, Brenda v. Sanofi S.A., et al.*, 2:17-cv-03976-KDE-MBN (E.D. La.)
*Walker, Brenda and Allen v. Sanofi S.A., et al.*, 2:17-cv-03975-KDE-MBN (E.D. La.)
*Walker, Jacquelyn v. Sanofi S.A., et al.*, 2:17-cv-03970-KDE-MBN (E.D. La.)
*Walker, Twahla v. Sanofi S.A., et al.*, 2:17-cv-03964-KDE-MBN (E.D. La.)
*Washington, Carla v. Sanofi S.A., et al.*, 2:17-cv-03960-KDE-MBN (E.D. La.)
*Williams, Barbara and Edward v. Sanofi S.A., et al.*, 2:17-cv-03951-KDE-MBN (E.D. La.)
*Wilson, Antoinette and Daryl v. Sanofi S.A., et al.*, 2:17-cv-03948-KDE-MBN (E.D. La.)
*Young, Denise v. Sanofi S.A., et al.*, 2:17-cv-03952-KDE-MBN (E.D. La.)
*Youngblood, Annie and Webster v. Sanofi S.A., et al.*, 2:17-cv-03947-KDE-MBN (E.D. La.)

## SANOFI-AVENTIS U.S. LLC'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND

Defendant sanofi-aventis U.S. LLC properly removed these actions because federal jurisdiction exists. Here, all Plaintiffs are diverse from all Defendants,[1] and, contrary to

---

[1] For purposes of determining diversity jurisdiction, sanofi-aventis U.S. LLC is a Delaware limited liability company with its principal place of business in New Jersey. Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC. Sanofi U.S. Services Inc. is a Delaware corporation with its principal place of business in New

2

Plaintiffs' argument, the amount-in-controversy standard is met. Plaintiffs nevertheless invoke the "forum defendant rule," 28 U.S.C. § 1441(b), a procedural exception to removal when a "properly joined and served" defendant resides in the forum. Because sanofi-aventis U.S. LLC removed these cases before a forum defendant was "properly joined and served," the rule does not apply here and this Court should deny the motion to remand.[2, 3]

## I.   FACTUAL BACKGROUND

On November 9, 2016, Plaintiffs Debra and Victor Gradney, citizens of Kansas, filed a Complaint in the Superior Court of the State of Delaware. Ms. Gradney alleges that she sustained injuries as a result of receiving Taxotere® (hereafter "Taxotere") and Mr. Gradney alleges that he has suffered the loss of Ms. Gradney's companionship and society and has been caused great mental anguish. Ms. Gradney was allegedly diagnosed with "permanent and severe alopecia at St. Luke's Medical Group located in Overland Park, Kansas." See Compl. ¶ 80.

---

Jersey. Thus, for jurisdictional purposes, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey. See 28 U.S.C. § 1332(c)(1). Sanofi S.A. is a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. Aventis Pharma S.A. is a French corporation, having its principal place of business in France and, thus, for jurisdictional purposes, is a citizen of France. In the various multi-Defendant cases naming other manufacturers of docetaxel, removal occurred before those Defendants were served.

[2] Defendant incorporates by reference as if fully set forth herein its previously filed Notices of Removal. See Gradney, et al. v. Sanofi S.A., et al., 2:17-cv-01891 (E.D. La. Nov. 17, 2016), ECF No. 1.

[3] Remand is additionally unwarranted because, as argued in Defendants' Motion to Dismiss Plaintiffs' Master Complaint (Doc. # 489), the Plaintiffs have failed to state claims under applicable federal and state law. Moreover, as argued in Defendants' Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations (Doc. # 494), the claims of Plaintiffs Anthony (2:17-cv-03870), Blunt (2:17-cv-03895), Brooks, Pearl (2:17-cv-03896), Brooks, Vera (2:17-cv-03897), Bryant (2:17-cv-03901), Chappell (2:17-cv-03906), Cook (2:17-cv-03909), Cross (2:17-cv-03910), Darden (2:17-cv-03911), Davis (2:17-cv-03912), Evans (2:17-cv-005419), Garrett (2:17-cv-03933), Gradney (2:17-cv-01891), Hampton (2:17-cv-03935), Harmon (2:17-cv-03938), Haynes (2:17-cv-03939), Jackson (2:17-cv-03953), Knighten (2:17-cv-03954), Lamb (2:17-cv-03962), Lewis (2:17-cv-03965), Livings (2:17-cv-03968), Locke (2:17-cv-03977), Marbury (2:17-cv-03979), Mullins (2:17-cv-04008), Myrick (2:17-cv-04009), Nemec (2:17-cv-04012), Nixon (2:17-cv-03978), Payton (2:17-cv-03974), Ray (2:17-cv-03969), Robinson (2:17-cv-03967), Self (2:17-cv-04016), Smith (2:17-cv-04017), Stewart (2:17-cv-04021), Stone (2:17-cv-04023), Strother (2:17-cv-04028), Taylor, Linda (2:17-cv-04027), Taylor, Pamela and Julius (2:17-cv-04025), Thomas (2:17-cv-04020), Tucker (2:17-cv-04010), Turner (2:17-cv-03976), Walker, Jacquelyn (2:17-cv-03970), Walker, Twahla (2:17-cv-03964), Washington (2:17-cv-03960), Williams (2:17-cv-03951), Wilson (2:17-cv-03948), Young (2:17-cv-03952), Youngblood (2:17-cv-03947) are time-barred by the applicable statutes of limitations.

Plaintiffs named Sanofi U.S. Services Inc., sanofi-aventis U.S. LLC, Winthrop U.S., Sanofi S.A., Aventis Pharma S.A., and Does, Inc. as Defendants.

On November 17, 2016, sanofi-aventis U.S. LLC removed the action to the District of Delaware on the basis of diversity of jurisdiction. On November 18, 2016, sanofi-aventis U.S. LLC tagged this case to MDL 2740 and on November 22, 2016, the JPML included it on Conditional Transfer Order 11. Plaintiffs opposed transfer, and both parties submitted briefs. Finally, on December 6, 2016, long after the case had been removed, Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC were served with the Complaint and summons. The JPML held a hearing on January 26, 2017 to determine whether to transfer this case to MDL 2740. On February 2, 2017, the JPML transferred this case to MDL 2740. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 (J.M.P.L. Feb. 2, 2017), ECF No. 281.

Plaintiffs' counsel subsequently filed 88 other cases in Delaware, 86 of which were also removed by Defendant prior to service and then transferred to MDL 2740. The only two cases that remain in Delaware state court are those filed by New Jersey Plaintiffs and to which there is otherwise not complete diversity.

## II. REMOVAL IS PROPER

Both the plain language of the removal statute, 28 U.S.C. § 1441(b), and Congress' enactment of the Federal Courts Jurisdiction and Venue Clarification Act support removal in these cases.

Section 1441(b) provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). In short, the plain language provides that a party cannot invoke

4

the "forum defendant" rule to preclude removal when complete diversity exists and a forum defendant has been named but not "properly joined and served" before removal.

When, as here, a statute is unambiguous, the court should enforce the statute according to its terms. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute. . . . It is well established that, when the statutory language is plain, we must enforce it according to its terms.") (internal citations omitted); *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous . . . 'judicial inquiry is complete.'"); *Cheshire v. C.I.R.*, 282 F.3d 326, 336-37 (5th Cir. 2002) ("Unless the text of a statute is ambiguous on its face, this court adheres to that statute's plain meaning.").

Following this principle, the majority of courts addressing this issue, including courts in the Eastern District of Louisiana and the District of Delaware, have applied the plain meaning of the statute to uphold removal before service on a forum defendant. *See, e.g.*, *Mendoza v. JLG Indus., Inc.*, No. 16-cv-14143, 2016 WL 6872107, at *2 (E.D. La. Nov. 22, 2016) (Lemelle, Ivan L.R., J.) ("Following the plain language of section 1441(b), courts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal.") (quoting *Stewart v. Auguillard Constr. Co., Inc.*, No. 09-cv-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (Lemmon, Mary Ann Vial, J.)); *Colletti v. Bendix*, No. 16-cv-308, 2016 WL 770646, at *2 (E.D. La. Feb. 29, 2016) (same); *Harvey v. Shelter Ins. Co.*, No. 13-cv-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) (Feldman, Martin L.C., J.) ("The forum defendant rule codified in § 1441(b)(2) plainly provides that a civil action may not be removed if any defendant *that has been joined and served* is a forum defendant. . . . [T]he plain language of the statute must prevail over the plaintiff's policy

arguments to the contrary.") (emphasis in original); *Munchel v. Wyeth LLC,* No. 12-cv-906, 2012 WL 4050072, at *3-4 (D. Del. Sept. 11, 2012) (denying plaintiff's motion to remand when forum defendant removed case prior to being served); *Hutchins v. Bayer Corp.*, No. 08-cv-640, 2009 WL 192468, at *8 (D. Del. Jan. 23, 2009) (denying plaintiffs' motion to remand when non-forum defendant removed case prior to forum defendant being served stating "the language of § 1441(b) is plain and unambiguous: a case involving diversity jurisdiction 'shall be removable' if none of the forum defendants have been 'properly joined and served.'");[4] *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).") (emphasis in original); *Carrs v. AVCO Corp.*, No. 3:11-cv-3423, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012) ("To adopt Plaintiffs' position and conclude that removal is barred before any defendant has been served necessarily requires the court to ignore the words 'properly joined and served' or to read them completely out of the text of the statute. This court simply cannot disregard the literal language of the statute."); *Petit v. Bristol-Myers Squibb Co.*, No. 11-cv-5159, 2012 WL 11893525, at *2 (S.D.N.Y. Mar. 23, 2012) ("Sanofi U.S. properly removed this case, in which there is complete diversity of the parties, because at the time of removal, no 'properly joined and served' defendant was a citizen of [the forum state], and it did so in compliance with § 1446(b)."); *Robertson v. Iuliano*, No. 10-cv-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served."); *Chace v. Bryant*, No. 4:10-cv-85, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010) ("The plain language of Section 1441(b) 'implies that a diverse but

---

[4] *But see Stefan v. Bristol-Myers Squibb Co.*, No. 13-cv-1662, 2013 WL 6354588, at *3-5 & n.2 (D. Del. Dec. 6, 2013); *Laugelle v. Bell Helicopter Textron*, No. 10-cv-1080, 2012 WL 368220, at *2-3 (D. Del. Feb. 2, 2012) (both remanding upon holding that removal prior to service on forum defendants was improper).

resident defendant who has not been served may be ignored in determining removability.'"); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig.*, No. 3:09-cv-20003, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) ("[I]f diversity jurisdiction exists, only a 'joined *and served*' resident prevents removal. Accordingly, in each of these cases, the forum defendant rule is only applicable if [the forum defendant] was joined *and served* at the time of removal.") (emphasis in original); *Terry v. J.D. Streett & Co.*, No. 4:09-cv-01471, 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010) ("The text of § 1441(b), however, is clear, and this Court must apply the statute as it is written. Cases in this Court have held that the 'Court must apply the statute as it is written, and not as plaintiffs maintain it is intended.'"); *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 743 n.2 (S.D. W.Va. 2010) ("Home-state defendants are generally precluded from removing a case to federal court. But this rule only applies when the home-state defendant has been 'properly joined and served.'"); *Lamy v. United Parcel Serv., Inc.*, No. 209-cv-01890, 2010 WL 1257931, at *2 (D. Nev. Mar. 27, 2010) ("Here, although [the forum defendant] was joined as a defendant, he has not yet been served with the complaint and summons. . . . Accordingly, removal on diversity jurisdiction grounds was proper.").[5]

---

[5] *See also Banks v. Kmart Corp.*, No. 12-cv-607, 2012 WL 707025, at *2 (E.D. Pa. Mar. 6, 2012) ("Under the plain language of the removal statute, removal is barred only if a defendant is a forum defendant and has been 'properly joined and served.'"); *Evans v. Rare Coin Wholesalers, Inc.*, No. 4:09-cv-259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) ("The statutory language clearly requires *service* on the forum defendant—at the time of removal—for removal to be improper.") (emphasis in original); *Gibson v. Wal-Mart Stores E., LP*, No. 5:09-cv-228, 2010 WL 419393, at *2 (M.D. Ga. Jan. 28, 2010) ("As only a properly joined and served resident defendant prevents removal, Wal-Mart properly removed the case because there was no properly joined and served resident defendant in this case at the time of removal."); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010) ("[T]he forum defendant rule does not require remand in the instant case because Lankford, a properly joined in-state defendant, had not been served at the time of removal."); *Bivins v. Novartis Pharm. Corp.*, No. 09-cv-1087, 2009 WL 2496518, at *2 (D.N.J. Aug. 10, 2009) ("Here, the statutory language is clear: 'removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served*.'") (emphasis in original); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08-cv-1879, 2009 WL 213013, at *3 (E.D. Mo. Jan. 28, 2009) ("As held by the 'majority' of federal courts, this Court must apply the statute as written and determine that Defendants properly removed this action and section 1441(b) does not provide a basis for remand."); *In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789, 2008 WL 2940560, at *2 (S.D.N.Y. July 29, 2008) ("Courts almost uniformly have read this to allow removal where an in-state defendant has not been served by the time the removal petition is filed."); *Jaeger v. Schering Corp.*, No. 07-cv-3465, 2007 WL 3170125, at *3 (D.N.J. Oct. 25, 2007) ("[T]here is no dispute that Defendants were not served at the time the removal was filed. Accordingly, there is no applicable limitation on

In *Stewart v. Auguillard Constr. Co., Inc.*, which was not cited in Plaintiffs' Memorandum, District Judge Mary Ann Vial Lemmon in the Eastern District of Louisiana considered the same arguments Plaintiffs make here and concluded that the plain language of the removal statute supported removal:

> The propriety of removal is evaluated at the time the removal petition is filed. At the time of removal, there was complete diversity between the parties, and [] the non-resident defendant, had been served, but [] the resident defendant, had not. Pursuant to section 1441(b), removal is proper, when there is complete diversity between the parties and the resident defendant has not been served. Thus, removal in this case was proper. Further, even if the form defendant is served after the case is removed, no party would have a valid objection to the removal based on his residence.

2009 WL 5175217, at *4.[6]

Plaintiffs nevertheless argue that the *purpose* of the forum defendant rule (as they see it) should override the plain language. *See* Mot. to Remand, at 9-13. Their argument reads the

---

Defendants' right to remove the matter to this Court and, therefore, Plaintiffs' motion to remand is denied"); *City of Ann Arbor Emps.' Ret. Sys. v. Gecht*, No. 06-cv-7453, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007) ("[T]he language of § 1441(b) is clear, and a court may depart from the plain language of a statute only under 'rare and exceptional circumstances.'"); *Ripley v. Eon Labs Inc.*, 622 F. Supp. 2d 137, 141-42 (D.N.J. 2007) ("The plain language of 28 U.S.C. § 1441(b), despite the numerous policy arguments against it, permits removal of this case . . . ."); *Massey v. Cassens & Sons, Inc.*, No. 05-cv-598, 2006 WL 381943, at *3 (S.D. Ill. Feb. 16, 2006) ("That language is clear and unambiguous: where complete diversity is present-as it is in this case-only the presence of a 'joined-and-served' resident defendant defeats removal."); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined *and served*' is a resident of the forum state.") (emphasis in original); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) ("[C]ourts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."); *Wensil v. E.I. Dupont De Nemours & Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) ("The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists.").

[6] Plaintiffs also do not discuss *Hutchins v. Bayer Corp.* or *Munchel v. Wyeth LLC*, District of Delaware cases, in their Memorandum. Both cases also undermine Plaintiffs' motion to remand:

> [H]aving assessed the conflicting principles implicated as well as the precedents that exist, I return to where I began: the language of § 1441(b). . . . The language of § 1441(b) is plain and unambiguous. It provides that a case in which there is diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, there is diversity jurisdiction and "none of the parties in interest properly joined and served as defendants is a citizen of" Delaware, "the State in which [this] action" has been brought.

*Hutchins*, 2009 WL 192468, at *11.

"properly joined and served" language out of the statute, violating settled canons of statutory construction. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotations omitted); *see also Mendoza*, 2016 WL 6872107, at *2 ("The Forum-Defendant rule specifically precludes removal 'if any of the parties in interest *properly joined and served* as defendant is a citizen of the State in which such action is brought.'" (quoting 28 U.S.C. § 1441(b)(2) (emphasis in original)); *Colletti*, 2016 WL 770646, at *2 ("Plaintiff maintains that this Court should ignore the 'and served' language of the statute. This the Court cannot do."); *Hutchins*, 2009 WL 192468, at *8 ("In construing a statute we are obliged to give effect, if possible, to every word Congress used. . . . To adopt [plaintiff's] position—and deprive a defendant from removing a diversity case where a forum defendant has been properly joined but not served—would read the words 'and served' out of § 1441(b), rendering them superfluous.") (internal quotations omitted); *Thomson*, 2007 WL 1521138, at *4 ("To adopt plaintiff's arguments here would read the words 'and served' out of the statute. Thus, Plaintiffs have not convinced the Court that permitting removal prior to the time of service would be 'demonstrably at odds' with Congressional intent . . . .").

If there had ever been ambiguity about the plain language of the statute—and there was not—Congress resolved it by reaffirming the plain language of the forum defendant rule in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63. The Act made sweeping changes to the language of the jurisdiction and venue statutes, including the removal and remand procedures in 28 U.S.C. § 1441. But it retained the "properly joined and served" language in § 1441(b). *See* Pub. L. No. 112-63, § 103 ("A civil action . . . may not be removed if

9

any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).  Many of the cases relied upon by Plaintiffs in support of remand were filed before the effective date of the Federal Courts Jurisdiction and Venue Clarification Act, and therefore, are not persuasive.[7]

"Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239-40 (2009); *Lorillard v. Pons*, 434 U.S. 575, 581 (1978) ("[W]here . . . Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute."); *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 488 (1940) ("The long time failure of Congress to alter the Act after it had been judicially construed, and the enactment by Congress of legislation which implicitly recognizes the judicial construction as effective, is persuasive of legislative recognition that the judicial construction is the correct one.").  Therefore, the passage of the new Act without changing the key phrase, "properly joined and served," confirms that the statute means what it says, and does not produce any unintended results.  *See Cheshire*, 282 F.3d at 336 ("when interpreting a statute, this court 'must presume that a legislature says in a statute what it means and means in a statute what it says there.'") (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

Finally, Plaintiffs argue that the Court should not enforce the plain meaning of the statute because it promotes gamesmanship.  *See* Mot. to Remand, at 9-13.  Yet, there is no "gamesmanship" in permitting a defendant to assert its statutory rights.  *See Hutchins*, 2009 WL 192468 at *6-7, *9 ("While [removal] may create an arguably unseemly race between [plaintiffs

---

[7] *See* Mot. to Remand at 12-13 (citing cases decided in 2002, 2007, 2008, and 2009, all *before* the Federal Courts Jurisdiction and Venue Clarification Act of 2011).

10

and defendants], it is not clear to me that this result would be 'absurd' or bizarre.' . . . To preclude defendants from removing cases to federal court because plaintiffs might, if given a 'reasonable time,' eventually perfect service on a forum defendant, would [deprive defendants of their entitlement to remove based on the circumstances at the time they are sued]."); *see also Vitatoe v. Mylan Pharm., Inc.*, No. 1:08-cv-85, 2008 WL 3540462, at *6 (N.D. W.Va. Aug. 13, 2008) ("[N]o absurd result or 'procedural trap' is produced by applying a literal application of the statute."); *Regal Stone Ltd. v. Longs Drug Stores Ca., L.L.C.*, 881 F. Supp. 2d 1123, 1127-28 (N.D. Cal. 2012) ("The statute does nothing to prevent sophisticated defendants from electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court.").[8]

Because the plain language of the statute and the Federal Courts Jurisdiction and Venue Clarification Act both support removal of a diversity action prior to service of a forum defendant, the Court should deny Plaintiffs' motion to remand.[9]

## III.   THE AMOUNT IN CONTROVERSY IS SATISFIED

Plaintiffs' argument that the amount in controversy cannot be satisfied also must fail. Although the respective Complaints do not specify the amount of damages, it is certainly reasonable to presume the amounts in controversy each exceed $75,000. For example, in various

---

[8] *See also Poznanovich v. AstraZeneca Pharm. LP*, No. 11-cv-4001, 2011 WL 6180026, at *3 (D.N.J. Dec. 12, 2011) (courts have rejected policy arguments against docket-monitoring in favor of a literal reading of the removal statute); *Bivins*, 2009 WL 2496518, at *2 (same); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1269-70 (M.D. Fla. 2009) ("Although Congress may not have anticipated the possibility that defendants could actively monitor state court dockets to quickly remove a case prior to being served . . . such a result is not so absurd as to warrant reliance on 'murky' or non-existent legislative history in the face of an otherwise perfectly clear and unambiguous statute."); *Ripley*, 622 F. Supp. 2d at 141 (same); *Thomson*, 2007 WL 1521138, at *4 (same); *Robertson*, 2011 WL 453618, at *3 (concluding that "applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent").

[9] Plaintiffs also argue that remand is required because no Defendant had been served or voluntarily appeared prior to removal. *See* Mot. to Remand at 14-16. This argument is addressed by the law outlined above which allows for removal before service. Notwithstanding, the cases cited by Plaintiffs in this section (from Texas, Illinois, and Georgia) are neither persuasive nor controlling and should not be considered.

11

Taxotere cases, plaintiffs demand more than a million dollars in damages. *See, e.g.*, *Ray v. Sanofi S.A., et al.*, 2:16-cv-16918 (E.D. La.) (Docket demands $2,000,000); *Hebert v. Sanofi S.A. et al.,* 2:16-cv-15469 (E.D. La.) (Docket demands $1,000,000). Plaintiffs cite to *Gonzalez v. Granter* to support their argument. No. 15-cv-5928, 2016 WL 3268165 (E.D. La. June 15, 2016) (Engelhardt, Kurt D., J.). Yet, that case was originally filed in Louisiana state court and removed to Louisiana federal court. Moreover, *Gonzalez* involved an auto accident in which the defendants allegedly disregarded a yield sign and struck the front of the vehicle owned by the plaintiff. *Id.* at *1. The petition did not identify any specific injury, and also did not detail the duration of the injury. *Id.* at *3. The plaintiff's medical bills also totaled only $4,722.00. *Id.* at *4. Plaintiffs' allegations of permanent and disfiguring alopecia here cannot be deemed analogous to *Gonzalez*. Here, these cases were originally filed in Delaware state court, removed to Delaware federal court, and subsequently transferred by the JPML to this MDL. Plaintiffs' argument, however, fails under both Delaware and Louisiana law.

Applying Fifth Circuit law, it is apparent from the face of the petition that the claims alleged are likely to exceed $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In *Gebbia*, the plaintiff alleged that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. *Id.* The plaintiff also alleged damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id.* The Fifth Circuit thus denied plaintiff's motion to remand. *Id.* Here, Plaintiffs allege nearly the ***same*** damages as the plaintiff in *Gebbia*. Compl. at ¶¶ 34 ("physical pain and suffering, medical, and hospital expenses"); 57 ("great mental anguish"; "disfigurement"); 65 ("permanent and disfiguring alopecia"); 72 ("physical pain and mental anguish, including diminished enjoyment

12

of life"); 79 ("emotional distress, medical expenses, other economic harm"). In *Gebbia*, the Fifth Circuit noted that Plaintiffs' claim for both compensatory and punitive damages therefore exceeded the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) and the same result should follow here.

The District of Delaware has also found the amount in controversy requirement to be satisfied even if the damages are indeterminate when a plaintiff alleges "painful, permanent, and disabling injuries . . . [and] substantial medical expense." *See Aloise v. Giant of Md., LLC*, No. 12-cv-00897, 2013 WL 1222776, at *2 (D. Del. Mar. 26, 2013). As stated in the Notice of Removal, Ms. Gradney (and generally all other Plaintiffs) alleges she "suffered permanent alopecia, as well as other severe and personal injuries, physical pain and mental anguish, including diminished enjoyment of life, and medical treatment." Compl. at ¶ 72. Mr. Gradney also alleges he has suffered the loss of his wife's "companionship and society" and "has been caused great mental anguish." *Id.* at ¶ 129. Further, Plaintiffs demand judgment for punitive damages. *Id.* at "Wherefore" paragraph following ¶ 129. Because Plaintiffs allege "painful, permanent, and disabling injuries . . . [and] substantial medical expense," the amount in controversy is satisfied. *See Aloise*, 2013 WL 1222776, at *2. Moreover, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

Notably, no other Plaintiffs in the removed cases from other jurisdictions have alleged or even contested that the amount in controversy requirement was not satisfied. The alleged injuries and damages, however, are identical.

13

## IV. THESE CASES BELONG IN THE MDL

In creating the Taxotere multidistrict litigation, the Judicial Panel on Multidistrict Litigation stated "these actions involve common questions of fact, and [] centralization in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740, 2016 WL 5845996, *1 (J.P.M.L. Oct. 4, 2016).

The cases originally filed in Delaware are no different than myriad cases in this MDL. Plaintiffs, none of whom reside in Delaware, allege they used "Taxotere®" and/or its bioequivalent, "docetaxel." They also allege they were not told that hair loss might not be completely reversible and bring the same claims against Defendants. In the interests of judicial economy and to avoid inconsistent rulings, this Court should keep these cases in the MDL.

Moreover, all of these Plaintiffs are represented by Napoli Shkolnik PLLC. Hunter J. Shkolnik is a member of the Plaintiffs' Steering Committee in this MDL. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Nov. 17, 2016), ECF No. 104. Thus, it is neither unreasonable nor impractical for his firm to handle these cases in the MDL.

## V. CONCLUSION

For the reasons above and those stated in the Notice of Removal, Defendant sanofi-aventis U.S. LLC respectfully requests the Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*