UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

*Allen, Charlene and Alvin v. Sanofi S.A., et al.*, 2:17-cv-03871-KDE-MBN (E.D. La.)
*Arrington, Teresa v. Sanofi S.A., et al.*, 2:17-cv-03893-KDE-MBN (E.D. La.)
*Blunt, Annie P. v. Sanofi S.A., et al.*, 2:17-cv-03895-KDE-MBN (E.D. La.)
*Brooks, Pearl v. Sanofi S.A., et al.*, 2:17-cv-03896-KDE-MBN (E.D. La.)
*Brooks, Vera v. Sanofi S.A., et al.*, 2:17-cv-03897-KDE-MBN (E.D. La.)
*Carlisle, Fannie v. Sanofi S.A., et al.*, 2:17-cv-03904-KDE-MBN (E.D. La.)
*Chapman, Beverly and George v. Sanofi S.A., et al.*, 2:17-cv-03905-KDE-MBN (E.D. La.)
*Coleman, Shirley and Johnny v. Sanofi S.A., et al.*, 2:17-cv-03908-KDE-MBN (E.D. La.)
*Cook, Vertie v. Sanofi S.A., et al.*, 2:17-cv-03909-KDE-MBN (E.D. La.)
*Cross, Anginelia and Jonathan v. Sanofi S.A., et al.*, 2:17-cv-03910-KDE-MBN (E.D. La.)
*Darden, Gayle v. Sanofi S.A., et al.*, 2:17-cv-03911-KDE-MBN (E.D. La.)
*Davis, Letha v. Sanofi S.A., et al.*, 2:17-cv-03912-KDE-MBN (E.D. La.)
*Evans, Verna and Bobby v. Sanofi S.A., et al.*, 2:17-cv-005419-KDE-MBN (E.D. La.)
*Fair, Rosa and Clean Crocket v. Sanofi S.A., et al.*, 2:17-cv-03917-KDE-MBN (E.D. La.)
*Freeman, Catherine and Henry v. Sanofi S.A., et al.*, 2:17-cv-03932-KDE-MBN (E.D. La.)
*Garrett, Trena v. Sanofi S.A., et al.*, 2:17-cv-03933-KDE-MBN (E.D. La.)
*Gradney, Debra and Victor v. Sanofi S.A., et al.*, 2:17-cv-01891-KDE-MBN (E.D. La.)
*Hampton, Angela v. Sanofi S.A., et al.*, 2:17-cv-03935-KDE-MBN (E.D. La.)
*Harmon, Kathryn and Edgar v. Sanofi S.A., et al.*, 2:17-cv-03938-KDE-MBN (E.D. La.)
*Haynes, Virgie v. Sanofi S.A., et al.*, 2:17-cv-03939-KDE-MBN (E.D. La.)
*Haywood, Ada v. Sanofi S.A., et al.*, 2:17-cv-03941-KDE-MBN (E.D. La.)
*Howard, Sindy v. Sanofi S.A., et al.*, 2:17-cv-03949-KDE-MBN (E.D. La.)
*Jackson, Norma v. Sanofi S.A., et al.*, 2:17-cv-03953-KDE-MBN (E.D. La.)
*Knighten, Dell and Joseph v. Sanofi S.A., et al.*, 2:17-cv-03954-KDE-MBN (E.D. La.)
*Lamb, Agnes v. Sanofi S.A., et al.*, 2:17-cv-03962-KDE-MBN (E.D. La.)
*Lewis, Lynda v. Sanofi S.A., et al.*, 2:17-cv-03965-KDE-MBN (E.D. La.)
*Livings, Gail v. Sanofi S.A., et al.*, 2:17-cv-03968-KDE-MBN (E.D. La.)
*Locke, Wanda and Steven v. Sanofi S.A., et al.*, 2:17-cv-03977-KDE-MBN (E.D. La.)
*Marbury, Annie v. Sanofi S.A., et al.*, 2:17-cv-03979-KDE-MBN (E.D. La.)
*Marino, Patricia v. Sanofi S.A., et al.*, 2:17-cv-02891-KDE-MBN (E.D. La.)
*Mullins, Diana v. Sanofi S.A., et al.*, 2:17-cv-04008-KDE-MBN (E.D. La.)
*Myrick, Alice v. Sanofi S.A., et al.*, 2:17-cv-04009-KDE-MBN (E.D. La.)
*Nation, Beverly A. v. Sanofi S.A., et al.*, 2:17-cv-04011-KDE-MBN (E.D. La.)
*Nevels, Shirley and Albert v. Sanofi S.A., et al.*, 2:17-cv-04014-KDE-MBN (E.D. La.)
*Nixon, Bessie v. Sanofi S.A., et al.*, 2:17-cv-03978-KDE-MBN (E.D. La.)
*Payton, Sharon and Fredrick v. Sanofi S.A., et al.*, 2:17-cv-03974-KDE-MBN (E.D. La.)
*Ray, Rose v. Sanofi S.A., et al.*, 2:17-cv-03969-KDE-MBN (E.D. La.)
*Robinson, Mary A. and Emerson v. Sanofi S.A., et al.*, 2:17-cv-03967-KDE-MBN (E.D. La.)
*Self, Trisha v. Sanofi S.A., et al.*, 2:17-cv-04016-KDE-MBN (E.D. La.)

*Smith, Dorothy v. Sanofi S.A., et al.,* **2:17-cv-04017-KDE-MBN (E.D. La.)**
*Stewart, Sharon v. Sanofi S.A., et al.,* **2:17-cv-04021-KDE-MBN (E.D. La.)**
*Stone, Bonnie v. Sanofi S.A., et al.,* **2:17-cv-04023-KDE-MBN (E.D. La.)**
*Strother, Dena and Christopher v. Sanofi S.A., et al.,* **2:17-cv-04028-KDE-MBN (E.D. La.)**
*Sullivan, Christine N. v. Sanofi S.A., et al.,* **2:17-cv-02874-KDE-MBN (E.D. La.)**
*Taylor, Linda v. Sanofi S.A., et al.,* **2:17-cv-04027-KDE-MBN (E.D. La.)**
*Taylor, Pamela and Julius v. Sanofi S.A., et al.,* **2:17-cv-04025-KDE-MBN (E.D. La.)**
*Thomas, Gail v. Sanofi S.A., et al.,* **2:17-cv-04020-KDE-MBN (E.D. La.)**
*Turner, Brenda v. Sanofi S.A., et al.,* **2:17-cv-03976-KDE-MBN (E.D. La.)**
*Walker, Brenda and Allen v. Sanofi S.A., et al.,* **2:17-cv-03975-KDE-MBN (E.D. La.)**
*Walker, Jacquelyn v. Sanofi S.A., et al.,* **2:17-cv-03970-KDE-MBN (E.D. La.)**
*Walker, Twahla v. Sanofi S.A., et al.,* **2:17-cv-03964-KDE-MBN (E.D. La.)**
*Washington, Carla v. Sanofi S.A., et al.,* **2:17-cv-03960-KDE-MBN (E.D. La.)**
*Wilson, Antoinette and Daryl v. Sanofi S.A.,* et al., **2:17-cv-03948-KDE-MBN (E.D. La.)**
*Young, Denise v. Sanofi S.A., et al.,* **2:17-cv-03952-KDE-MBN (E.D. La.)**
*Youngblood, Annie and Webster v. Sanofi S.A., et al.*, **2:17-cv-03947-KDE-MBN (E.D. La.)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# **PLAINTIFFS' MEMORANDUM IN REPLY TO SANOFI'S OPPOSITION TO THE DELAWARE PLAINTIFFS' OMNIBUS MOTION TO REMAND TO STATE COURT**

**NAPOLI SHKOLNIK, PLLC**
Hunter J. Shkolnik, Esquire
Christopher LoPalo, Esquire
W. Steven Berman, Esquire
400 Broadhollow Road, Suite 305
Melville, NY 11747
(212) 397-1000
*Attorneys for Delaware Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION .......................................................................................1

II. STATEMENT OF FACTS ..........................................................................2

III. ARGUMENT...............................................................................................2

    A. Snap Removal By A Forum Defendant Is Inconsistent With The Forum Defendant Rule And Requires Remand ......................................................2

    B. Remand Is Required Because No Defendant Had Been Served Nor Voluntarily Appeared Prior To Removal .....................................................4

    C. Defendant Cannot Establish that the Amount in Controversy Exceeds $75,000 Requiring Remand..........................................................................6

IV. CONCLUSION ...........................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Breitweiser v. Chesapeake Energy Corp.*, 2015 U.S. Dist. LEXIS 142083 (N.D. Tex. Oct. 20, 2015) ...................................................................................3, 4

*Colletti v. Bendix*, 2016 U.S.Dist. LEXIS 24431, 2016 WL 770646 (E.D. La. Feb. 29, 2016) ...............................................................................................3

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)................................6

*Gonzalez v. Granter, et al*, 2016 U.S. Dist. LEXIS 77932 (E.D. La. June 15, 2016) ...............................................................................................................6, 7

*Grizzly Mt. Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282 (S.D. Tex. 2008) .............................................................................................................3

*Harvey v. Shelter Ins. Co.*, No. 13-cv-392, 2013 WL 1768658 (E.D. La. Apr. 24, 2013) .............................................................................................................3

*Mendoza v. JLG Indus., Inc.*, 2016 U.S. Dist. LEXIS 161762, 2016 WL 6872107 (E.D. La. Nov. 22, 2016) .................................................................................3

*North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263 (M.D. Fla. 2009) ..........5

*Recognition Communications, Inc. v. American Auto. Ass'n, Inc.*, 1998 WL 119528 (N.D. Tex. March 5, 1998) ................................................................5

*Regal Stone Ltd. v. Longs Drug Stores Ca., L.L.C.*, 881 F. Supp. 2d 1123 (N.D. Cal. 2012) ......................................................................................................4

*Smethers v. Bell Hellicopter Textron, Inc.*, 2017 U.S. Dist. LEXIS 51960 4 (S.D. Tex. April 4, 2017) ...................................................................................3, 4

*Stewart v. Auguillard Constr. Co., Inc.*, 2009 U.S. Dist. LEXIS 122911, 2009 WL 5175217 (E.D. La. Dec. 18, 2009)..................................................................3

## I.  INTRODUCTION

Delaware Plaintiffs, with Plaintiffs Debra and Victor Gradney as exemplars, filed a motion seeking remand due to: (1) Defendant Sanofi-Aventis U.S. LLC's ("Sanofi") snap removal by a forum defendant; (2) the lack of service upon any defendant nor waiver of service by appearing in the state court proceeding prior to removal; and (3) the failure to articulate or meet Defendants' evidential burden of demonstrating that Plaintiffs' damages exceed the $75,000 threshold that is required under Fifth Circuit jurisprudence.

Sanofi filed an Opposition that almost entirely ignores Plaintiffs' arguments and case law. Instead, Defendant proffered boilerplate arguments, cited mostly non-Fifth Circuit case law defending removal before service upon a forum defendant, and devoted only one footnote to the issue of snap removal without citing any Fifth Circuit law in support. Sanofi ignored responding entirely to Fifth Circuit jurisprudence requiring service on at least one non-forum defendant or waiver by voluntary appearance prior to removal of a state court action. Also, Sanofi did not even attempt to meet its burden of proffering sufficient, let alone *any* evidence, that the $75,000 monetary threshold has been met, so as to provide this Court with subject matter jurisdiction. Therefore, Plaintiffs' latter two arguments must be conceded in their entirety. Plaintiffs' are entitled to remand.

## II.  STATEMENT OF FACTS

Sanofi's Memorandum in Opposition does not challenge the facts proffered by Plaintiffs' remand motion and clarifies that the following facts are not in dispute:

- Sanofi, the removing party, is a forum defendant (*See* Defendant Sanofi Memorandum, at 2, n.1);
- Sanofi U.S. Services Inc. is another forum defendant (*Id*.);
- Removal occurred before service upon any defendant (*Id*.);
- The removals were snap removals (*Id*. at 4);
- Both forum defendants were served the same day the federal clerk issued summons (*Id*.);
- No defendant entered an appearance in the state court action before removal (*Id.*); and
- Sanofi filed a tag along to this Multidistrict Litigation the day after removal (*Id.*).

In addition, no evidence of any kind was filed with Sanofi's Opposition to demonstrate that the subject matter $75,000 threshold was met.

## III.  ARGUMENT

**A.  Snap Removal By A Forum Defendant Is Inconsistent With The Forum Defendant Rule And Requires Remand**

Sanofi's main argument in support of removal is that removal before service on a forum defendant is proper. *See* Defendant's Memorandum, at 5. However, neither the argument nor the supporting legal authorities are on point. Sanofi does not cite any case that stands for the proposition that snap removal prior to service upon a forum defendant *by a forum defendant* is proper. For example, in *Mendoza*

*v. JLG Indus., Inc.*, 2016 U.S. Dist. LEXIS 161762, 2016 WL 6872107 (E.D. La. Nov. 22, 2016) there was no snap removal because service had been effected on all but the forum defendant and a non-forum defendant removed the action. In *Stewart v. Auguillard Constr. Co., Inc.*, 2009 U.S. Dist. LEXIS 122911, 2009 WL 5175217 (E.D. La. Dec. 18, 2009) there was no snap removal, because removal was by a non-forum defendant and the case involved federal question jurisdiction. In *Colletti v. Bendix*, 2016 U.S.Dist. LEXIS 24431, 2016 WL 770646 (E.D. La. Feb. 29, 2016) there was no snap removal, service had occurred on at least one defendant and a federal question was involved. In *Harvey v. Shelter Ins. Co.*, No. 13-cv-392, 2013 WL 1768658 (E.D. La. Apr. 24, 2013), there was no snap removal by a non-forum defendant.

None of the string cited cases in Sanofi's Memorandum involved snap removal by a forum defendant. Further, Sanofi failed to cite Fifth Circuit cases that approved snap removal by a forum defendant and reject *Smethers v. Bell Hellicopter Textron, Inc.*, 2017 U.S. Dist. LEXIS 51960 4 (S.D. Tex. April 4, 2017); *Breitweiser v. Chesapeake Energy Corp.*, 2015 U.S. Dist. LEXIS 142083 (N.D. Tex. Oct. 20, 2015); *Grizzly Mt. Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 286 n.5 (S.D. Tex. 2008) and other non-Fifth Circuit authority adopting the reasoning of the aforesaid cases. Instead, Sanofi attempts to distinguish Plaintiffs' proffered authority claiming that they predate the Federal

3

Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, which purportedly made "sweeping changes" to removal and remand procedures. *See* Defendant's Memorandum, at 9-10. Defendant's argument is disingenuous.

First, at least two of the cases principally relied upon by Plaintiffs (*Smethers* and *Breitweiser*), are post-2011. Second, as Sanofi admits, the statute made no changes to the "joined and served" language in §1441(b). (Def.'s Mem.' p. 9). Indeed, as *Regal Stone Ltd. v. Longs Drug Stores Ca., L.L.C., 881 F. Supp. 2d 1123 (N.D. Cal. 2012)* cited by Sanofi makes clear, the FCJVCA of 2011 makes no changes to the relevant portions of the removal statute at issue. Third, only eighteen (18) of the roughly forty-three (43) cases cited by Sanofi in regard to this argument are post-2011 opinions and only eight, total, are from the Fifth Circuit.

Sanofi's snap removal by a forum defendant is improper for the reasons set forth in Plaintiffs' opening brief. Defendant's argument that a "plain reading" of the statute permits such removal is circular reasoning and against the weight of authority within the Fifth Circuit. Plaintiffs' motion seeking remand should be granted.

**B.    Remand Is Required Because No Defendant Had Been Served Nor Voluntarily Appeared Prior To Removal**

Remand is required in the cases at bar because defendants were not served nor have defendants voluntarily appeared prior to removal. Defendant's argument against this point is wholly contained in Defendant's Memorandum, at 11, n. 9:

4

"This argument is addressed by the law outlined above which allows for removal before service. Notwithstanding, the cases cited by Plaintiffs in this section (from Texas, Illinois, and Georgia) are neither persuasive nor controlling and should not be considered."

Sanofi is incorrect. For example, in *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263 (M.D. Fla. 2009) while all defendants were unserved, all had consented to removal. Further, the court held that only an unserved non-forum defendant may remove. *Id*. at 1270. By contrast, *Recognition Communications, Inc. v. American Auto. Ass'n, Inc.*, 1998 WL 119528 (N.D. Tex. March 5, 1998), primary relied upon by Plaintiffs' in their Remand motion, concluded that "[s]ince no Defendant had been served or entered a voluntary appearance, the [c]ourt finds that all of the Defendants should have participated in the Notice of Removal…," resulting in improper removal. *Id.* at 8. Sanofi's suggestion that all of Plaintiffs' supporting authority should not be considered is simply disingenuous, as set forth, *supra*, especially in the lack of any contrary authority from this Court, this District, or the Fifth Circuit[1]. Plaintiffs' remand motion should be granted.

---

[1] Perhaps ironically, the only cited authority that seems to support Sanofi's argument is the New Jersey case of *Thomson v. Novartis Pharma.*, 2007 U.S. Dist. LEXIS 37990, 2007 WL 1521138 (D.N.J. May 22, 2007).

## C. Defendant Cannot Establish that the Amount in Controversy Exceeds $75,000 Requiring Remand

Sanofi utterly failed to proffer any evidence of the value of Plaintiffs' claims. Instead, Defendant merely "presumes" that each case exceeds the $75,000 threshold. *See* Defendant's Memorandum, at 11. This Court held, as well as myriad cases from this District, the Fifth Circuit, that no such presumption is proper not availing. *See* Plaintiffs' Memorandum, at 22-24. As this Court found in *Gonzalez*, Defendant here "failed to meet its removal burden by setting forth *summary judgment type evidence* of facts in controversy that support a finding of the requisite jurisdictional amount." *Gonzalez v. Granter, et al*, 2016 U.S. Dist. LEXIS 77932 *7-*8, 2016 WL 3268165 (E.D. La. June 15, 2016).

Sanofi's attempt to distinguish *Gonzalez* because it involved orthopedic injury from an automobile accident is of no moment. The same standard applies to the present matters and Sanofi failed to do so. Indeed, Sanofi relied upon *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), a slip and fall lawsuit where the plaintiff also suffered orthopedic injuries. However, the injuries in the present matter are nothing like those in *Gebbia*, let alone the evidence proffered in that matter. The standard is clear and Sanofi did not attempt to meet it.

Nor is Sanofi's argument that plaintiffs from other jurisdictions alleged damages in excess of $75,000 in respective pleadings relevant nor a substitute for the burden that remains unmet. Those allegations are basically the equivalent of

6

"the usual and customary damages set forth by personal injury plaintiffs and do […] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiff] has or will incur." *Gonzalez*, at 10-11(citations omitted). Plaintiffs' motion should be granted.

## IV.  CONCLUSION

The Forum Defendant Rule precludes the removal of this action on the basis of federal diversity jurisdiction. Therefore, Plaintiffs request this Court to grant Plaintiffs' Motion to Remand and remand this action to the Superior Court.

Respectfully Submitted,

Dated: June 9, 2017                **NAPOLI SHKOLNIK, PLLC**

**By:** /s/ *Hunter Shkolnik*
Hunter J. Shkolnik, Esquire
Christopher LoPalo, Esquire
W. Steven Berman, Esquire
400 Broadhollow Road, Suite 305
Melville, NY 11747
(212) 397-1000
*Attorneys for Delaware Plaintiffs*