## BEFORE THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISANA

IN RE: TAXOTERE (DOCETAXEL)                           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                      SECTION "N" (5)
_____

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *Susan Fuller v. Sanofi, S.A. et al.,* | Case No. 2:17-cv-01812 |
| *Joann Pickrell v. Sanofi, S.A. et al.,* | Case No. 2:17-cv-01813 |
| *Margarett Wright v. Sanofi, S.A. et al.,* | Case No. 2:17-cv-01814 |
| *Robin Castagnola v. Sanofi S.A.,* | Case No. 2:17-cv-03864 |
| *Jenkins v. Sanofi S.A., et al.,* | Case No. 2:17-cv-03866 |
| *Gardner v. Sanofi S.A. et al.,* | Case No. 2:17-cv-03865 |
| *Ernyes-Kofler et al. v. Sanofi S.A. et al.,* | Case No. 2:17-cv-03867 |
| *McCallister et al. v. Sanofi S.A. et al.,* | Case No. 2:17-cv-02356 |
| *Celeste West et al v. Sanofi S.A. et al.,* | Case No. 2:17-cv-02067 |


## PLAINTIFFS' REPLY TO DEFENDANT SANOFI-AVENTIS U.S. LLC'S AND SANDOZ INC.'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ ii

I. INTRODUCTION .................................................................................... 1

II. LEGAL ARGUMENT ............................................................................3

    A.  Plaintiffs' Complaints Satisfy California's Pleadings
         Requirements............................................................................ 3

    B.  Sanofi Does Not Meet Its Burden Concerning Fraudulent Joinder……………..….4

    C.  Sanofi S.A. was Properly Served Under California's Laws…………..…………...6

    D.  The Pending Bristol-Myers Squibb Decision is Not Dispositive as to
         McKesson………………………………………………………..…..7

         IV. CONCLUSION ................................................................................ 8

# TABLE OF AUHTORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty* ...................... 5, 10

*Brown v. Sup. Ct. (C.C. Myers, Inc.)*, 37 Cal.3d 477, 488 (1984) ................................................ 11

*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549-550 ........................................................ 6

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) ................................................................................................................................................ 7

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ................................................. 8

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ................. 7

*Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.,* No. 15-cv-2450, 2015 WL 6696790 .............. 8

*Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ............................................... 7

*Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015) .............................. 7

*Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 574 (5th Cir. 2004) ................ 7

**Statutes**

28 U.S.C. §1332(a) ....................................................................................................................... 9

28 U.S.C. §1441(b) ....................................................................................................................... 5

California Code of Civil Procedure §416.10(b) ........................................................................ 5, 9

Civil Procedure §415.20(a) .......................................................................................................... 9

# I.  INTRODUCTION

Defendant Sanofi-Aventis U.S. LLC ("Sanofi")[1] has before it a heavy burden to carry in its Opposition to the California Plaintiffs' Omnibus Motion to Remand ("Opposition").  To prove the fraudulent joinder of Defendant McKesson Corporation ("McKesson"), Sanofi has to show by **clear and convincing evidence** that there is **absolutely no possibility** that Plaintiffs will be able to establish a cause of action against McKesson.  It falls substantially short of meeting this burden.

First, Sanofi's Opposition confirms several material, undisputed facts.  It is undisputed that McKesson is a California-based company and that McKesson did, in fact, distribute Taxotere® ("Taxotere") in California.  Were that not the case, it certainly would have provided a declaration stating as much.  Instead, Sanofi hyper-focuses on one case where it offers a declaration by the Director of Operations of McKesson stating that it did not distribute to a particular facility. Plaintiffs submit that this 14-line, two-paragraph declaration does not prove by clear and convincing evidence that there is absolutely no possibility of recovery against McKesson in that particular plaintiff's case.  No opportunity for cross-examination was made, and no documents accompanied the declaration showing whether McKesson did, or did not, distribute the drug. Conversely, and by virtue of this declaration, Sanofi implicitly admits that there will be cases where McKesson unequivocally distributed Taxotere to California facilities.

Second, Sanofi asks this Court, absent any legal authority, to apply a heightened pleading standard where one does not exist.  California has long adhered to the notice pleading standard where less particularity is required on matters which defendant has superior knowledge; e.g.,

---

[1] On the same day as the filing of Sanofi's Opposition of Plaintiffs' Omnibus Motion to Remand, Defendant Sandoz Inc. filed a joinder in Sanofi-Aventis U.S. LLC's Opposition to Plaintiffs' Omnibus Motion to Remand, as it relates to *West v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-02067-KDE-MBN (E.D. La.).  Sandoz set forth no argument separate from that offered in Sanofi's Opposition brief.  Accordingly, Plaintiffs' brief will refer exclusively to arguments made in Sanofi's Opposition.

whether it distributed a particular drug.  The Complaints at issue properly plead McKesson's involvement as in distributing, selling, marketing, packaging, and labeling Taxotere.  The Complaints also allege that McKesson supported promotion of Taxotere through U.S. Oncology, its subsidiary.

Third, because Sanofi cannot show by clear and convincing evidence that there is absolutely no possibility Plaintiffs can establish a cause of action by McKesson, Plaintiffs respectfully submit that removal was improper under 28 U.S.C. §1441(b).  At least one plaintiff on each of the Complaints is a citizen of the state of California, and thus, diversity of citizenship does not exist.

Fourth, Sanofi contends that its French counterpart, sanofi S.A. was not properly served with the Complaints at issue.  California Code of Civil Procedure §416.10(b) authorizes service of a complaint upon a company's vice president.  As shown herein, Plaintiffs properly effectuated service on two of sanofi S.A.'s Executive Vice Presidents.

Finally, Sanofi asserts that the non-California resident Plaintiffs' cases may warrant further consideration pending the United States Supreme Court Decision on the *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.* decision.  *Bristol-Myers Squibb*, however, is inapposite in this context where a California corporation (i.e., McKesson) is a properly named defendant as shown below.

Accordingly, and for the reasons set forth herein and the moving papers, Plaintiffs respectfully request this Court remand the cases at issue to the respective Superior Courts in the state of California.

///

///

2

## II. LEGAL ARGUMENT

### A.     Plaintiffs' Complaints Satisfy California's Pleading Requirements

California has long adhered to the notice pleading standard.  Less particularity is required in pleading matters of which the defendant has superior knowledge.  Such matters may be alleged on information and belief, and the complaint will be upheld "so long as it gives notice of the issues sufficient to enable a preparation of a defense."  *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549-550.

Plaintiffs' Omnibus Remand Motion highlights the numerous allegations set forth in the California Complaints concerning McKesson's role as it relates to Taxotere including the labeling, selling, marketing, packaging, repackaging and distribution of the drug.[2]  The Complaints also properly allege, on information and belief, that McKesson distributed the Taxotere administered to the respective Plaintiff.  Whether the Taxotere administered to a particular plaintiff was distributed by McKesson is squarely within Sanofi's and McKesson's knowledge.  Accordingly, allegations on information and belief are wholly appropriate concerning McKesson's distribution.

Sanofi's Opposition fails to cite to any California law showing that the Complaints were procedurally deficient and did not satisfy the notice pleading standard.  Instead, Defendant demands that this Court infuse heightened pleading standards that are not supported by the law. Sanofi couches its demands with inflammatory language such as "jurisdictional gamesmanship" and the "conceal[ment]" of where a particular plaintiff received Taxotere.  But again, curiously absent from its *arguments* is any California authority supporting a fictional, heightened pleading standard.

---

[2] For brevity's sake, Plaintiffs respectfully refer this Court to their moving papers and the Complaints. *See* Plaintiffs' Omnibus Motion to Remand, pp. 3, 7, 10, 12, 13, 14.  *See also* the *Fuller* Complaint, an exemplar of all related complaints, at ¶¶ 11, 33.

**B.**     **Sanofi Does Not Meet Its Burden Concerning Fraudulent Joinder**

To prevail, Defendant "must prove that there is ***absolutely no possibility*** that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added); *see also, Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 574 (5th Cir. 2004). "[F]raudulent joinder must be pleaded with particularity and supported by ***clear and convincing evidence***." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) (emphasis added); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Sanofi does not come close to satisfying this heavy burden. Instead, what becomes evident via its Opposition are several key points that favor Plaintiffs' arguments.

First, it is undisputed that McKesson distributed Taxotere in California. It follows, then, that Sanofi cannot prove "there is absolutely no possibility" that a particular plaintiff was administered Taxotere distributed by McKesson. Similarly, Sanofi also cannot prove there "has been outright fraud in the plaintiff's pleading of jurisdictional facts." To the contrary, and based upon information provided on McKesson's website, "1/3 of all pharmaceuticals used each day in North America are delivered by McKesson." Dec. of Ahmed S. Diab, ¶ 2, Ex. J.[3] Its website also touts that "McKesson is the industry's oldest, **largest**…pharmaceutical distributor."[4] Thus, the

---

[3] References to all abbreviations "Dec." are to the Declaration of Ahmed S. Diab in support of this Reply.
[4] McKesson Corporation, *Pharmaceutical Distribution for Manufacturers*, http://www.mckesson.com/manufacturers/pharmaceutical-distribution/ (last visited June 8, 2017).

dialogue Sanofi offers concerning McKesson's "theoretical" versus "reasonable" role in the distribution of Taxotere administered to a particular plaintiff is disingenuous at best.

Second, Sanofi almost wholly ignores, and therefore perhaps concedes, all of Plaintiffs' arguments concerning California's strict liability laws and their application to distributors like McKesson.  Plaintiffs' moving papers cite to a litany of California case law that makes clear that McKesson is a viable and properly joined defendant in pharmaceutical litigation.   The only arguments Sanofi offer is its reliance on an unreported, Eastern District of Louisiana case called *Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.,* No. 15-cv-2450, 2015 WL 6696790.  Sanofi cites to this case for the proposition that there is no "reasonable basis" for a claim against a distributor such as McKesson.  However, the court in *Masonry* also made clear: "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Id.* at *3, citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  Notably, the court's opinion also made clear that the "Fifth Circuit recently held that the *Smallwood* test for whether a plaintiff has stated a claim against the in-state defendant must apply the applicable state-law pleading standard rather than the Federal Rules of Civil Procedure." *Id.* at *3.  As set forth in Plaintiffs' Complaints, Plaintiffs' moving papers and this Reply, Plaintiffs more than satisfy California's pleading requirements concerning McKesson's liability under California law.

Finally, Plaintiffs' Complaints are replete with specific allegations concerning U.S. Oncology, a subsidiary of McKesson that supported a significant amount of Taxotere-related research and promotion.  Sanofi, however, offers no evidence but rather, conclusory statements and boilerplate law that because of this parent/subsidiary relationship, McKesson is absolved of any responsibility for U.S. Oncology.  No documents, declarations or opportunity for cross-

examination on this discrete issue was offered as well.  This, again, falls far short of the heavy, heavy burden that Sanofi carries to prove fraudulent joinder and this early juncture in the litigation.

Accordingly, McKesson is a properly named defendant in this matter.  As a California corporation, Plaintiffs respectfully submit that its proper joinder thereby destroys the diversity of citizenship requirement and divests this Court of subject matter jurisdiction.  28 U.S.C. §1332(a).

**C.**     **Sanofi S.A. was Properly Served Under California's Laws**

Sanofi contends that the forum defendant rule does not apply to its French counterpart, sanofi S.A., because it was not properly served.  On the contrary, Plaintiffs properly served sanofi S.A. in accordance with California's Code of Civil Procedure.

California Code of Civil Procedure §416.10(b) authorizes service upon a corporation "by delivering a copy of the summons and the complaint . . . to the president, chief executive office, or other head of the corporation, **a vice president**, a secretary or assistant secretary . . ." Plaintiffs effectuated service for a majority of these complaints, in compliance with the rules governing substituted service under California Code of Civil Procedure §415.20(a), upon Dr. David Meeker and Dr. Muzammil Mansuri as **Vice Presidents** of sanofi S.A.

According to a 2015 Form 20-F SEC filing by sanofi S.A., Dr. Muzammil Mansuri is listed as an Executive Committee member and Executive **Vice President**, Strategy and Business Development.[5]  Similarly, Dr. Meeker is also listed as a member of the Executive Committee and Executive **Vice President**.[6]  Additionally, Sanofi's website regarding "Corporate Governance" lists Drs. Meeker and Mansuri, again, as Executive Vice Presidents and members of the Board of Directors of sanofi S.A.[7]

---

[5] *See* Dec. of Ahmed S. Diab, ¶ 3, Ex. K, pp. 150, 152.
[6] *Id.*
[7] *See* Dec. of Ahmed S. Diab, ¶ 4, Ex. L.

On February 28, 2017, counsel for Plaintiff responded to Defendants' allegations that Plaintiffs' purported service upon sanofi S.A. was improper in certain cases. Counsel for Plaintiffs Fuller, Pickrell and Wright, indicated that he would consider withdrawal of service on Drs. Meeker and Mansuri if sanofi S.A. provided sworn declarations reflecting that Drs. Meeker and Mansuri are not in fact Executive Vice Presidents of sanofi.[8] To date, Sanofi has not refuted Drs. Meeker and Mansuri's titles as Executive Vice Presidents nor offered any response in this regard. Accordingly, Plaintiffs' substituted service upon sanofi S.A. was procedurally proper under California law, and thus required its consent at the time of removal.

**D.      The Pending *Bristol-Myers Squibb* Decision is Not Dispositive as to McKesson**

Two of the California Complaints at issue include a few plaintiffs that are non-California residents: (1) *Ernys-Kofler, et al.* (2:17-cv-03867); and (2) *McCallister, et al.* (2:17-cv-02356). Sanofi's Opposition discussed the pending *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, No. 16-466, 2017 WL215687 (U.S. Jan. 19, 2017) decision; however, its application is misplaced.

The *Bristol-Myers Squibb* case concerned a lawsuit arising out of the company's pharmaceutical drug Plavix. Eight separate complaints were filed on behalf of 678 individuals, of which 86 were California residents and 592 were not. *Bristol-Myers Squibb Co. v. Sup. Ct. of San Francisco,* 1 Cal.5th 783, 789. It was undisputed that Bristol-Myers Squibb is incorporated in Delaware, headquartered in New York City and maintains several operations in New Jersey. The California Supreme Court found that California had personal jurisdiction over the company because, among other things, it maintains substantial operations in California, including five offices that employed 164 people and 250 sales representatives in the state. *Id.* at 790. It also had

---

[8] *See* Email correspondence from Ahmed Diab, Esq. to Harley Ratliff, Esq. dated February 28, 2017, Dec. of Ahmed S. Diab, ¶ 5, Ex.  Ex. M.

a small office in Sacramento to represent and advocate for the company in state government affairs. *Id.* Defendant Sanofi is correct that a ruling on this case by the United States Supreme Court is imminent. But *Bristol-Myers Squibb* has no application as it relates to Defendant McKesson.

In both the *Ernys-Kofler* and *McCallister* Complaints, the non-California residents allege distribution of Taxotere by McKesson, a California citizen. In California, a corporation may be sued where it has its principal place of business. California Code Civ. Proc. §395.5. Moreover, California has strong public policy reasons concerning a plaintiff's right to choose venue. *Brown v. Sup. Ct. (C.C. Myers, Inc.)*, 37 Cal.3d 477, 488 (1984). In other words, and unlike in *Bristol-Myers Squibb*, the defendant at issue here is a **California-based** company – McKesson – with its headquarters in San Francisco, California. Thus, McKesson is a proper in-state defendant for those non-resident plaintiffs that sued it in a California Superior Court. Moreover, Sanofi is undoubtedly in the chain of distribution as the manufacturer of Taxotere, and therefore, a proper defendant in those non-resident cases because of its decision to utilize a California-based distribution company.[9]

## IV. CONCLUSION

For the reasons set forth herein, and in the moving papers, Plaintiffs respectfully request that this Court grant Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California.

Respectfully submitted this 9th day of June, 2017.

GOMEZ TRIAL ATTORNEYS

  /s/Ahmed S. Diab
John H. Gomez (CA Bar # 171485) T.A.
Ahmed S. Diab (CA Bar # 262319)
Lindsay R. Stevens (CA Bar # 256811)
655 West Broadway, Suite 1700
San Diego, California 92101

---

[9] Because this issue is not ripe nor before this Court, Plaintiffs will spare the Court a lengthy joinder analysis of Sanofi under California's strict products liability laws.

Telephone: (619) 237-3490
Facsimile: (619) 237-3496
*john@thegomezfirm.com*
*adiab@thegomezfirm.com*
*lstevens@thegomezfirm.com*
***Attorneys for Plaintiffs in 2:17-cv-1812,***
***2:17-cv-1813 and 2:17-cv-1814***

CUTTER LAW P.C.

 */s/Celine Cutter*
Celine Cutter (CA Bar # 312622)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330
*ccutter@cutterlaw.com*
***Attorney for Plaintiffs in 2:17-cv-3866,***
***2:17-cv-3865, 2:17-cv-3867 and 2:17-cv-***
***2356***