UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| This Document Relates to: | SECTION "N" (5) |
| *Vinson, et al. v. Sanofi S.A., et al.* Case No. 2:17-cv-4030-KDE-MBN | |
| *Bickley, et al. v. Sanofi, S.A., et al.*, Case No. 2:17-cv-01073-KDE-MBN | |

**REPLY IN SUPPORT OF PLAINTIFFS' OMNIBUS
MOTION TO REMAND CERTAIN CASES TO THE TWENTY-SECOND
JUDICIAL CIRCUIT, CITY OF ST. LOUIS, STATE OF MISSOURI**

The Court should remand the above-referenced actions to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.[1] The Court lacks subject matter jurisdiction because there is not complete diversity of the parties and no federal question is raised.

Defendant's opposition is nothing more than an attempt to obfuscate the clear-cut and straight forward subject matter jurisdiction analysis applicable to these cases. The Defendant cannot demonstrate that the Plaintiffs in these actions were fraudulently misjoined or fraudulently joined, so it attempts to shift the Court's attention to the far more complex personal jurisdiction analysis. The Court should reject this effort and remand these cases to Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

---

[1] As previously anticipated, following the filing of Plaintiffs' Omnibus Motion to Remand, an additional similar Missouri action was ordered transferred to this Court by the JPML, *Emma Whitted, et al. v. Sanofi S.A.*, *et al.*, E.D. Mo. 4:17-cv-00769. This case has not yet been officially opened by this Court, but, for the reasons set forth herein, as well as in Plaintiffs' Omnibus Motion to Remand and Memorandum in Support, the *Whitted* matter should also be remanded to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**A.     The Court Should Decide Subject Matter Jurisdiction First**

It is within the Court's discretion whether to address personal jurisdiction or subject matter jurisdiction first; however, if the subject matter jurisdiction analysis is non-arduous, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

As set forth in Plaintiffs' Omnibus Motion to Remand and Memorandum in Support, the subject matter jurisdiction inquiry for these cases is straight forward and non-arduous. The applicable personal jurisdiction inquiry for the cases at issue, on the other hand, involves complex and unresolved issues. The personal jurisdiction analysis in the present case involves a determination of the unresolved question of whether a separate personal jurisdiction inquiry must be conducted for each properly joined Plaintiff in a multi-Plaintiff action that includes Plaintiffs injured in the forum state.

      **i.     The Specific Personal Jurisdiction Analysis is Complex**

The specific personal jurisdiction inquiry focuses on the relations among the Defendant, the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984); *see also*, *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). A Plaintiff's residence may be relevant in determining the Defendant's contacts with the forum, but the "plaintiff's residence in the forum State is not a separate requirement, and the lack of residence will not defeat jurisdiction established on the basis of defendant's contacts." *Keeton,* 465 U.S. at 780. As it is the Defendants' contacts with forum state that are relevant, as opposed to the Plaintiffs, there is no basis to say that properly joined Plaintiffs, whose claims arise out of the same series of transactions or occurrences, have to separately establish personal jurisdiction for each claim as though they were in a vacuum.

Defendants' contacts with the State of Missouri supporting specific personal jurisdiction in the cases at issue include marketing, promoting and selling Taxotere in the State of Missouri, along with the commission of tortious acts **that caused injuries in the State of Missouri** that have given rise to this cause of action as a whole. Such contacts are sufficient to satisfy Due Process in a specific jurisdiction context.

Exercising personal jurisdiction in light of these contacts and the circumstances is reasonable. Defendants suffer little to no burden in litigating in the State of Missouri. Missouri Courts have an interest in adjudicating these disputes because they involve the injuries of Missouri citizens, and the Plaintiffs are interested in obtaining convenient and effective relief from a forum where properly joined Plaintiffs reside and were injured by Defendants' alleged tortious activities.

This is not a case where a foreign corporation is being hauled into a Court with which it has no connection. Plaintiffs have alleged that Defendants committed tortious acts in Missouri that caused injuries in Missouri. If Defendants are rightfully before the Court for the claims of the Missouri Plaintiffs based on alleged tortious acts and injuries occurring in the State of Missouri, it is clear that the Defendants have sufficient contacts with the State of Missouri to satisfy the Missouri Long-Arm Statute and Due Process. Ignoring these contacts in this single action for properly joined Plaintiffs just because they are not from the State of Missouri would improperly shift the focus from Defendants' contacts with the forum state to those of the Plaintiffs.

*BNSF Ry. Co. v. Tyrell*, 2017 WL 2322834 (U.S. May 30, 2017), and the Missouri Supreme Court case of *State ex rel. Norfolk Southery Ry. Co. v. Dolan*, 2017 WL 779077 (Mo. Feb. 28, 2017), do not hold otherwise. Those two cases were FELA actions that did not involve the presence of any Plaintiffs injured in the forum state, unlike the present actions at issue.

Finally, as previously stated, the decision to address personal jurisdiction before subject matter jurisdiction in a prior multi-Plaintiff Taxotere action, *Addelson v. Sanofi S.A.*, No. 4:16-cv-01277-ERW (E.D. Mo. Oct. 25, 2016) (Webber, J.), should not be followed in this case. Plaintiffs respectfully disagree with the substantive personal jurisdiction analysis in *Addelson*, but also continue to assert that *Addelson* further demonstrates why the subject matter jurisdiction inquiry is so much less arduous than the personal jurisdiction inquiry. *Addelson* was decided without the benefit of any binding precedent, and the differences in its holding from other decisions by Judges of the same Court reaching the opposite result shows the difficulty of the analysis. *See Gracey v. Janssen Pharm., Inc.*, No. 4:15-cv-407-CEJ, 2015 WL 2066242 (E.D. Mo. May 4, 2015) (Jackson, J); *Bradshaw v. Mentor Worldwide*, 2015 WL 3545192 (E.D. Mo. June 4, 2015) (Limbaugh, J.).

As Judge Limbaugh of the same Court explained in reaching the opposite conclusion in a multi-Plaintiff action involving pelvic mesh, "here, the plaintiffs' claims all arise from the same or substantially related acts, which happened to take place in Missouri and in other states, but which squarely subject Mentor to personal jurisdiction in Missouri." *Bradshaw*, 2015 WL 3545192 at *2. While Plaintiffs contend that Judge Limbaugh's analysis in *Bradshaw* is the proper one in this context, this is not a decision this Court need make at this time. As Judge Rufe of the Eastern District of Pennsylvania explained in remanding a similar multi-Plaintiff action involving Zoloft:

> [T]he question of whether or not a Missouri court may exercise personal jurisdiction over a non-resident defendant with regard to claims by non-resident plaintiffs that have been joined with claims by resident plaintiffs is unresolved and potentially complex. . . Personal jurisdiction may be raised as a basis for dismissal in the Missouri state courts, and under these circumstances, that forum is the appropriate one to decide the question.

*R.J. v. Pfizer, Inc.*, No. 2:15-cv-03285-CMR (E.D. Pa. Nov. 17, 2015) (CM/ECF Doc. 5) (Rufe, J.) (Attached as Ex. 1). Given the far clearer subject matter jurisdiction analysis, that is a decision that should be left to the State Court following remand.

**B.      The Plaintiffs have not been Fraudulently Misjoined or Fraudulently Joined**

Defendant's arguments that complete diversity exists because the non-diverse Plaintiffs have been fraudulently misjoined or fraudulently joined are completely devoid of merit. Defendant's fraudulent joinder argument fails because it cannot establish that the Plaintiffs' claims are egregiously misjoined under the Missouri joinder rules. Defendant's fraudulent joinder argument fails because it cannot establish the non-Missouri Plaintiffs have no possibility of recovery. Accordingly, the Court should reject Defendant's attempts to manufacture diversity and remand these actions.

Defendant originally removed these actions based on allegations of fraudulent misjoinder. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Under this doctrine, mere misjoinder is not sufficient. *Id*. at 1360. The misjoinder must be egregious. *Id*. The determination of whether the alleged misjoinder is egregious in these cases would be determined under Missouri joinder rules, i.e., the joinder rules of the state where these actions were brought. *See Davis v. Cassidy*, 2011 WL 6180054 at *3 (E.D. La. Dec. 13, 2011) (Vance, J.).

For the reasons previously set forth in Plaintiffs' Omnibus Motion to Remand and Memorandum in Support, this is a standard that Defendant cannot meet. All Plaintiffs claim they were prescribed and used the chemotherapy drug Taxotere, which was manufactured, designed and sold by these Defendants. All of the Plaintiffs' claims arise from the same alleged conduct of the Defendants: the design, manufacture, and marketing of Taxotere. All of Plaintiffs' claims arise out of the same wrongful acts by Defendants, which were conducted without any regard for individual Plaintiff differences, including but not limited to the defective design of the product, the Defendants' failure to conduct adequate safety and efficacy studies, the Defendants'

5

distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings to physicians and patients.  And all of the claims will involve questions about what Defendants knew or should have known regarding the dangers posed by the product and what information they did disclose or should have disclosed to physicians and consumers about these dangers.  All Plaintiffs suffered related injuries in the form of permanent alopecia as a direct and proximate result of the same defects and wrongful conduct by Defendants.  This is more than sufficient to support permissive joinder of the Plaintiffs in this case under Rule 52.05(a) of the Missouri Rules of Civil Procedure.

The "differences" Defendant relies upon to argue that Plaintiffs' claims do not rise out of the same transaction or occurrence are not sufficient to change the analysis.  The Plaintiffs' claims do not have to be identical to be properly joined, and the "differences" Defendant relies upon are of the very variety that the Missouri Court of Appeals rejected in the similar multi-Plaintiff action of 2016 WL 6596091 (No. ED 103508, Mo. App. E.D. Nov. 8, 2016).[2]  Regardless, the alleged differences certainly do not rise to the level of constituting an **egregious** misjoinder. Defendant's arguments in this regard are in the nature of "mere misjoinder," and accordingly should be left to be resolved by the Missouri State Court following remand.

Defendant's reliance on two similar cases from the Eastern District of Missouri to establish "misjoinder" lends no additional support.  *Boschert v. Pfizer, Inc.*, 2009 WL 1383183 (E.D. Mo. May 14, 2009) and *Alday v. Organnon USA, Inc.*, 2009 WL 3531802 (E.D. Mo. Oct. 27, 2009) pre-dated the Eighth Circuit's holding in *In re Prempro Products Liability Litigation*, 591 F.3d 613, 622 (8th Cir. 2010) that a finding of misjoinder in such a situation must be egregious to support

---

[2] This case was ordered transferred to the Missouri Supreme Court on January 5, 2017, and remains pending.

removal.  As Judge Shaw, who rendered the opinion in *Boschert*, expressly recognized in a similar case:

> *Boschert*, however, was decided in 2009, *prior* to the *Prempro* decision.  This Court decided the case without the benefit of the Eighth Circuit's guidance on the doctrine of fraudulent misjoinder as detailed in *Prempro*, and therefore, the Court declines to follow the outdated reasoning in *Boschert*.

*Swann v. Johnson & Johnson*, 2014 WL 6850776 at *4 (E.D. Mo. Dec. 3, 2014).   Indeed, the Judges of the Eastern District of Missouri have repeatedly rejected such fraudulent misjoinder arguments since the holding in *Prempro*.   See e.g., *Crockett v. Janssen Research & Dev. LLC*, 2016 WL 3015186 at * 2 (E.D. Mo. May 26, 2016) (Ross, J.) (Multi-Plaintiff action involving Xarelto); *Clark v. Pfizer, Inc.*, 2015 WL 4648019 at *2 (E.D. Mo. Aug. 5, 2015) (Autrey, J.) (Multi-Plaintiff action involving Lipitor).

Defendant also relies on two cases from the Circuit Court of the City of St. Louis to establish that joinder is improper in this case under Missouri law, but those cases are equally inapposite.  Unlike the present case, *Brown v. Walgreens* and *Ballard v. Wyeth* involved multiple, unrelated Defendants.  The analysis applied in those cases is inapplicable to cases, such as the present, that involve one product and related Defendants.  As Judge Hettenbach of the Twenty-Second Judicial Circuit explained in finding the propriety of joinder in a multi-Plaintiff action involving the anti-depressant Zoloft, "[T]here is a significant distinction between cases with multiple, unrelated Defendants, such as <u>Ballard</u> and <u>Brown</u>, and a case involving a singular Defendant against which multiple Plaintiffs have common allegations." *S.L. v. Pfizer, Inc.*, No. 1222-CC00766-01,  (Mo. Cir. Ct. 22nd Jud. Cir., Sept. 12, 2012) (Hettenbach, J.) (Ex. 2).

Because it cannot establish fraudulent misjoinder, Defendant sets forth an equally unpersuasive personal jurisdiction based fraudulent joinder argument.   Under this theory, the Defendant asks the Court to find that the non-Missouri Plaintiffs have been fraudulently joined

7

due to a lack of personal jurisdiction over their claims.  By Defendant's own admission, to establish this theory, Defendant carries the burden to demonstrate that there is **no possibility** that the non-Missouri Plaintiffs can establish personal jurisdiction.

However, Defendant cannot meet this heavy burden.  Defendants marketed and sold Taxotere in Missouri and committed torts in Missouri that caused injuries in Missouri that gave rise to this action.  For the reasons set forth above, these contacts are clearly of the type whereby there is a reasonable possibility that a Missouri Court may exercise personal jurisdiction over the Defendants for these claims.  *See Littlejohn v. Janssen Reseach & Development*, LLC, 2015 WL 1647901 at *1 (E.D. Mo. Apr. 13, 2015) (rejecting similar argument in multi-Plaintiff action involving Xarelto).

Finally, the fact that these cases involve attorneys that otherwise have involvement in this MDL is wholly irrelevant.  Defendant cannot establish that the Plaintiffs have been egregiously misjoined under Missouri joinder rules, nor can it establish the non-diverse Plaintiffs have no possibility of establishing personal jurisdiction in these cases.  That is the beginning and end of the analysis.  Who the Plaintiffs' attorneys are has absolutely no bearing on these determinations.  This is nothing more than another attempt to shift the Court's attention to an irrelevant issue.

## C.     Conclusion

For the reasons set forth above, as well as in Plaintiffs' Omnibus Motion to Remand and Memorandum in Support, the Court should remand this action to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.  Given the difficultly of the personal jurisdiction analysis and the clarity of the subject matter jurisdiction analysis, the Court should address subject matter jurisdiction first.  As the Defendant cannot establish that the non-diverse Plaintiffs have

been fraudulently misjoined or fraudulently joined, the Court lacks subject matter jurisdiction and should remand this action without delay.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By: */s/ Michael S. Kruse*
Mark R. Niemeyer
Michael S. Kruse
10 S. Broadway, Suite 1125
St. Louis, MO 63102
314/241-1919 (T)
314/665-3017 (F)
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com

*Attorneys for Vinson Plaintiffs*

and

**SIMMONS HANLY CONROY**
David F. Miceli
Eric S. Johnson
One Court Street
Alton, IL 62002
618/259-2222 (T)
618/259-2251 (F)
dmiceli@simmonsfirm.com
ejohnson@simmonsfirm.com

*Attorneys for Bickley Plaintiffs*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed and served by way of the Court's CM/ECF Filing System this 9th day of June, 2017.

                                        */s/ Michael S. Kruse*