# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : MDL NO. 2342<br>: 12-MD-2342<br>:<br>: HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br>*R.J. v. Pfizer, Inc., et al.* | :<br>:<br>: No. 15-3285<br>: |

**ORDER**

In this case, 41 Plaintiff families from 29 different states filed a single lawsuit in state court in Missouri. Defendants Pfizer, Inc. and Greenstone LLC removed the case to federal court in Missouri, and the case was then transferred to this Court as part of the Zoloft MDL.[1] Plaintiffs have moved to remand the case, arguing that the Court lacks subject-matter jurisdiction because Pfizer and four Plaintiff families are citizens of New York and therefore complete diversity is lacking. Defendants oppose the motion to remand and have moved to dismiss the non-Missouri Plaintiffs from the case, arguing that the courts may not exercise personal jurisdiction over Defendants with regard to the claims by the non-Missouri Plaintiffs. Plaintiffs oppose the motion to dismiss.

The initial, and determinative, issue is whether the Court addresses first subject-matter jurisdiction, as raised in the motion to remand, or personal jurisdiction, as raised in the motion to dismiss. The Supreme Court has held that in cases in which subject-matter jurisdiction "will involve no arduous inquiry . . . both expedition and sensitivity to state courts' coequal stature

---

[1] One Plaintiff family (Stroble) filed a notice of voluntary dismissal before the case was removed, so 40 Plaintiff families remain.

should impel the federal court to dispose of that issue first."[2] In contrast, where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."[3] This case fits into the former category, as the issue of subject-matter jurisdiction is straightforward, despite Defendants' attempts to conflate the issues of personal and subject-matter jurisdiction.

This Court previously remanded a nearly identical case for lack of subject-matter jurisdiction, rejecting an argument by Defendants that non-Missouri plaintiffs were fraudulently joined in the case to defeat diversity.[4] The ruling accords with numerous decisions of the Missouri federal courts,[5] and that issue is settled for purposes of this litigation, barring developments in appellate law. In contrast, the question of whether or not a Missouri court may exercise personal jurisdiction over a non-resident defendant with regard to claims by non-resident plaintiffs that have been joined with claims by resident plaintiffs is unresolved and potentially complex. Indeed, the novelty of the argument that the allegedly fraudulent joinder of Plaintiffs determines personal jurisdiction over Defendants may explain why Defendants failed to raise the issue in earlier cases, and why the defendants in other, similar litigation apparently have raised the issue only recently.[6] Personal jurisdiction may be raised as a basis for dismissal

---

[2] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

[3] *Id.* at 588 (footnote omitted).

[4] *In re Zoloft*, Nos. 12-md-2342, 12-6934, 2014 WL 2526613 (E.D. Pa. June 2, 2014) (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010)).

[5] *See Clark v. Pfizer, Inc.*, No. 15-546, 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); *Parker v. Pfizer, Inc.*, No. 15-441, 2015 WL 3971169, at * 3 (E.D. Mo. June 30, 2015) (collecting cases).

[6] *See Bradshaw v. Mentor Worldwide, LLC*, 2015 WL 3545192, at * 3 (E.D. Mo. June 4, 2015) (collecting cases); *Littlejohn v. Janssen Res. & Dev., LLC*, No. 15-194, 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015) ("Finally, even assuming the Eighth Circuit Court of Appeals had explicitly recognized fraudulent misjoinder as an exception to the complete-diversity requirement and that a lack of personal jurisdiction over a nondiverse defendant

2

in the Missouri state courts, and under these circumstances, that forum is the appropriate one to decide the question.[7]

**AND NOW**, this 17th day of November 2015, upon consideration of the Motion to Remand [MDL Doc. No. 1354], and the responses and replies thereto, it is hereby **ORDERED** that the Motion to Remand is **GRANTED** and the case is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

It is further **ORDERED** that the Motion to Dismiss [MDL Doc. No. 1384] is **DISMISSED without prejudice** to its assertion in state court. The Clerk is directed to **CLOSE** the case in the Eastern District of Pennsylvania.

It is so **ORDERED.**

BY THE COURT:

*/s/ Cynthia M. Rufe, J.*
**CYNTHIA M. RUFE, J.**

---

supported the theory that parties had been fraudulently misjoined, personal jurisdiction over the nondiverse defendants is not so improbable here to demonstrate that the parties have been 'egregiously' misjoined."). In contrast, the MDL Court for the transvaginal surgical mesh litigation has determined personal jurisdiction first, granting motions by the defendants to dismiss out-of-state residents as plaintiffs in cases filed in New Mexico and Texas and denying remand. *See, e.g., Torres v. Johnson & Johnson*, No. 14-29741, 2015 WL 4888748, at *2 (S.D. W. Va. Aug. 17, 2015). That court found that the issue of fraudulent joinder is unsettled in the relevant jurisdictions. *Id.* at *3. This Court has held that the issue has been settled with regard to Missouri cases pursuant to the *Prempro* decision.

[7] *Clark*, 2015 WL 4648019, at *3 ("Accordingly, this Court will remand this matter and leave to the learned state court the question of personal jurisdiction." (internal quotation marks omitted)).

3