# Exhibit 2

```
STATE OF MISSOURI  )
                   ) SS
CITY OF ST. LOUIS  )
```

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)



FILED
SEP 12 2012
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____DEPUTY

```
S▆▆▆ L▆▆▆, a Minor,      )
by and through her Next   )
Friend, LATOYA LANCASTER, et )
al.,                      )   Cause No.
                          )   1222-CC00766-01
       Plaintiffs,        )
                          )
vs.                       )   Division No. 11
                          )
PFIZER, INC.,             )
                          )
       Defendant.         )
```

### ORDER

The Court has before it Defendant Pfizer Inc.'s Motion to Sever. The Court now rules as follows.

Plaintiffs brought this products liability action alleging that Defendant's prescription antidepressant Zoloft caused birth defects in the children of mothers prescribed the drug. Plaintiffs consist of 21 separate families or "Plaintiff groups" including the mothers who used Zoloft and their affected children. Specifically, Plaintiffs assert claims for negligence; negligent pharmacovigilance; strict liability for defective design; negligent design; failure to warn; fraud, misrepresentation and suppression; constructive fraud; and gross negligence/malice. Plaintiffs'

negligence allegations include that Defendant was negligent in failing to warn or provide warnings regarding Zoloft's dangers, in failing to monitor, test, review and report side effects and dangers, and in marketing or promoting Zoloft. Defendant moves to sever the 21 different "Plaintiff groups" into separate actions due to improper joinder.

Plaintiffs filed this action on February 2, 2012. Defendant removed the action to federal court on March 8, 2012, alleging diversity jurisdiction. On April 4, 2012, Judge Jackson of the United States District Court for the Eastern District of Missouri remanded the cause, finding that the Plaintiffs were not fraudulently misjoined because "plaintiffs here are all alleging injury from the use of a single drug and common issues of law and fact are likely to arise in the litigation."

Defendant now moves this Court to sever Plaintiffs' claims due to improper joinder. Defendant argues that Plaintiffs are improperly joined because they each have unique medical histories and took Zoloft at different times. Defendant cites two prior cases of this Circuit which it argues are "nearly identical" to this action and support severance. In the first, Ballard v. Wyeth, Circuit Court No. 043-07388A, there were 34 separate defendants and "no single Plaintiff had claims against all 34 defendants." In

2

Brown v. Walgreens, No. 1022-CC00765, there were 36 defendants, and "none of the Plaintiffs themselves had the same relationship to all of the Defendants." This Court believes there is a significant distinction between cases with multiple, unrelated Defendants, such as Ballard and Brown, and a case involving a singular Defendant against which multiple plaintiffs have common allegations.

Rule 52.05(a) allows two or more plaintiffs to join in one action if "they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Missouri law clearly allows for the joinder of several unrelated plaintiffs who allege injury from the same conduct of the same defendant. See Kelley v. National Lead Co., 210 S.W.2d 728, 729 (Mo.App. 1948); Saeger v. Lakeland Development Co., 350 S.W.2d 820, 821 (Mo.App. 1961). The Court finds that the Plaintiffs' claims are properly joined.

THEREFORE, it is Ordered and Decreed that Defendant Pfizer Inc.'s Motion to Sever is DENIED.

3

SO ORDERED:

_____
BRYAN L. HETTENBACH, Judge

Dated: 9/12/12

cc: Jeffrey Lowe
    Booker Shaw

Case number 1222-CC00766-01

4