UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION                                                MDL No. 2740

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the three actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2740. Defendants Sanofi-Aventis U.S., LLC, and Sanofi U.S. Services Inc. oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2740, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that these actions share questions of fact with MDL No. 2740. Like many of the already-centralized actions, they involve factual questions arising from allegations that Taxotere (docetaxel), a chemotherapy drug, causes permanent hair loss, that defendants were aware of this possible side effect and failed to warn patients, and that defendants marketed Taxotere as more effective than other chemotherapy drugs when other drugs were equally effective without the associated permanent hair loss. *See In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740, __ F. Supp. 3d __, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016).

In support of the motions to vacate, plaintiffs argue that federal subject matter jurisdiction is lacking, and plaintiffs' motions to remand to state court are pending. The Panel has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).



CLERK'S OFFICE
A TRUE COPY
Jun 15 2017
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Kurt D. Engelhardt for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell  Charles R. Breyer
Ellen Segal Huvelle  R. David Proctor
Catherine D. Perry

**IN RE: TAXOTERE (DOCETAXEL)**
**PRODUCTS LIABILITY LITIGATION**                                MDL No. 2740

# SCHEDULE A

<u>Central District of California</u>

17-cv-5832 - N(5)   SMITH v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 2:17-00870

<u>Eastern District of California</u>

17-cv-5833 - N(5)   JOHNSON v. SANOFI S.A., ET AL., C.A. No. 1:17-00196

<u>Eastern District of Missouri</u>

17-cv-5834 - N(5)   WHITTED, ET AL. v. SANOFI S.A., ET AL., C.A. No. 4:17-00769