UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

**DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES, INC.'S
MEMORANDUM IN SUPPORT OF MOTION
<u>FOR ENTRY OF VOLUNTARY DISMISSAL ORDER</u>**

Defendants sanofi-aventis U.S. LLC and Sanofi US Services, Inc. ("Defendants") respectfully request that this Court enter Defendants' Proposed Pretrial Order governing voluntary dismissals without prejudice in this MDL. *See* **Exhibit A**.

In short, Defendants' Proposed Pretrial Order would permit voluntary dismissals without prejudice before a Master Answer is filed, subject to certain basic requirements intended to "promote the just and efficient conduct" of the MDL and to eliminate the potential for using such dismissals purely for strategic reasons. 28 U.S.C. § 1407. Equally important, Defendants' proposed PTO would not prejudice plaintiffs. The requirements proposed by Defendants would <u>only</u> apply where a plaintiff seeks a voluntary dismissal without prejudice of an entire action against all named defendants. Plaintiffs would still be free to voluntarily dismiss individual defendants where it has been determined that a defendant's product was not used and Plaintiffs would also be able to seek voluntary dismissal for lack of subject matter jurisdiction pursuant to Rule 41(a)(2).

1

**BACKGROUND**

On February 10, 2017, this Court issued Pretrial Order No. 15, setting deadlines for filing the Master Answer, Master and Short Form Complaints, and Motions to Dismiss.  Pretrial Order No. 15 also addresses voluntary dismissals filed after Defendants file a Master Answer, stating "cases may only be voluntarily dismissed against such Defendant by order of the Court pursuant to Federal Rules of Civil Procedure Rule 41(a)(2) or a stipulation pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(ii)."  Pretrial Order No. 15 ¶ J, Feb. 10, 2017.  Pursuant to the schedule adopted in Pretrial Order No. 15, Defendants filed on May 26, 2017, two Rule 12 Motions to Dismiss the Master Complaint.  As such, the filing of a Master Answer (to the extent one is required) will likely not occur until the end of this year or, potentially early 2018 – more than a year since this MDL was created.

In light of the above, in early March 2017, Defendants proposed to Plaintiffs a Pre-Trial Order addressing the filing of voluntary dismissals by individual plaintiffs.  Despite three months of negotiations, the parties have reached a clear impasse, necessitating the filing of this motion by Defendants – particularly in light of the importance of the relief requested.

Since this MDL was created on October 4, 2016, many hundreds of cases have been pending on the Court docket for more than seven months.  Despite this, Plaintiffs continue to regularly dismiss their complaints without prejudice and without any stated reason.  Indeed, the *en masse* filing of voluntary dismissals has become particularly problematic recently, raising concerns about the basis for such dismissals and the impact that these dismissals will have on the orderly administration of this MDL.  Indeed, just hours before Defendants' filed this Motion, one member of the Plaintiffs' Steering Committee filed <u>22 stipulations for voluntary dismissal</u>, several of which will not now be available in the Court's trial selection process.  Without some

process for managing such dismissals, the Court runs the risk of dismissals for purely tactical purposes and to the detriment of Defendants and this MDL.

At this point, with discovery underway and the Court and the parties actively engaged in identifying cases for trial, unlimited and unfettered dismissal of cases without prejudice and the potential re-filing of those cases outside of this MDL would have a detrimental effect on the Court, the parties, and the efficient management of this litigation. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. MDL 2179, 2011 WL 1464908 (E.D. La. Apr. 15, 2011) (quoting *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979)). Therefore, Defendants request the Court use its broad managerial power under the MDL statute to enter a Pretrial Order governing voluntary dismissals filed before Defendants' Master Answer.

## **ARGUMENT**

Federal Rule of Civil Procedure 41 allows a plaintiff to voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves "either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (contemplating a typical responsive pleading schedule, triggered 21 days after service). This power is limited, however, by "any applicable federal statute," including 28 U.S.C. § 1407. *Id.* As explained by the Fifth Circuit, the theory "underlying Rule 41," is:

> [A]fter the defendant becomes "actively engaged" in the suit's defense, the defendant is entitled to have the case adjudicated; thus, the case cannot be terminated without either the Defendant's consent, permission of the Court, or a dismissal with prejudice to assure the Defendant against the "renewal of hostilities."

*In re Oil Spill*, 2011 WL 1464908, at *5 (quoting *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir.1979)).

As established by 28 U.S.C. § 1407, administering cases in multidistrict litigation "is different from administering cases on a routine docket.'" *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (quoting *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)). "'The trial court's managerial power is especially strong and flexible in matters of consolidation.'" *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) (citation omitted); *see also* Manual for Complex Litigation § 10.1 (2004) ("Although not without limits, the court's express and inherent powers enable the judge to exercise extensive supervision and control of litigation."). For example, an MDL court "commonly appoints steering committees and lead or liaison counsel to handle the litigation on behalf of numerous parties that are not necessarily represented by the same counsel. Common factual and legal issues are often litigated by using Master or Consolidated Complaints . . . [and] many of the pretrial orders and case management orders issued by [the] Court have put in place special procedures and requirements that would not be necessary in the ordinary, non-MDL setting." *In re Oil Spill*, 2011 WL 1464908, at *8.

This <u>broad</u> managerial authority extends to procedures for Rule 41 dismissals in MDLs. *See, e.g.*, *In re Oil Spill*, 2011 WL 1464908, at *4; *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 716190, at *8 (E.D. Mo. Feb. 24, 2010); *In re Zicam Cold Remedy Mktg. Sales Practices & Prods. Liab. Litig.*, No. 09-md-2096, 2010 WL 3402490, at *2 (D. Ariz. Aug. 26, 2010). As Judge Barbier observed, while "ordinarily a party may use Rule 41(a)(1)(A)(i) to voluntarily dismiss a lawsuit without consent of the opposing party or court order if there has been no answer or motion for summary judgment filed," "management of an

MDL often requires procedures and limitations on the parties that do not exist in ordinary cases." *In re Oil Spill*, 2011 WL 1464908, at *5. Thus, Judge Barbier stated:

> "[o]ther MDL courts, acting pursuant to statutory authority granted to transferee courts by 28 U.S.C. § 1407, have recognized that it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL litigation."

*Id.* at *4 (quoting *In re Oil Spill* Pretrial Order No. 34).

In particular, MDL Courts have limited voluntary dismissals without prejudice when a Court's order impacts the timeline for filing an Answer. *See, e.g.*, *In re Oil Spill*, 2011 WL 1464908 (Defendants were "precluded from filing answers or other responsive pleadings."); *see also In re Genetically Modified Rice*, 2010 WL 716190, at *8 ("Because my case management orders have prevented the defendants from filing answers in most of the individual cases, the provisions of Rule 41(a)(1)(A)(i), . . . which normally allow plaintiffs to dismiss without prejudice as of right under certain circumstances, do not apply to the cases in this MDL."); *In re Zicam*, 2010 WL 3402490, at *2 ("The ability of the parties to stipulate to voluntary dismissal under Rule 41(a)(1)(A)(ii) . . . is subject to 'any applicable federal statute.' 28 U.S.C. 1407 is such a statute. Were it otherwise, the entire MDL process could be jeopardized by the unilateral action of the parties.").

Here, as a result of the deadlines set in Pretrial Order No. 15, which extend the pleading deadlines <u>well-beyond</u> the default deadlines under the Federal Rules, the timeframe for voluntary dismissal ordinarily contemplated by Rule 41(a)(1)(A)(i) has passed. Furthermore, pursuant to the Court's schedule, a Master Answer will not be filed until a final ruling on Defendants' various Motions to Dismiss. The Court and the parties have already begun to devote significant time and resources to the discovery and pretrial case management process, and a trial case

selection and scheduling order will soon be adopted. Plaintiffs, however, continue to unilaterally voluntarily dismiss claims from this MDL without prejudice. Furthermore, Plaintiffs have filed multiple Motions to Remand, creating the very real possibility that additional claims will be voluntarily dismissed to avoid the MDL. Indeed, of the 81 voluntary dismissals filed to date, over 40 emanate from Delaware or California – two states in which the parties are currently briefing jurisdiction. *See* **Exhibit B**.

At this point, allowing unlimited dismissal of cases without prejudice will interfere with the Court's and the parties' efforts to establish fair and efficient processes for managing this MDL, including with respect to discovery, trial case selection, and initial trials.

Accordingly, Defendants request that the Court exercise its managerial power and enter a Pretrial Order, notwithstanding the fact that Defendants have not yet answered, governing voluntary dismissals of cases pending in this MDL. Specifically, Defendants request this Court enter an Order providing that to the extent a plaintiff seeks to voluntarily dismiss an entire action against all named defendants, the dismissal shall be without prejudice, subject to the following conditions should plaintiff seek to refile her action against any named defendant: (1) Plaintiff must refile in the Eastern District of Louisiana or other federal district court; (2) Plaintiff must not oppose transfer to this MDL proceeding; (3) Plaintiff must not name a defendant that defeats federal diversity jurisdiction; and (4) Plaintiff must serve a completed Plaintiff Fact Sheet and accompany disclosure in accordance with Pretrial Order Nos. 18, 22, 23, and 24 *before* filing suit and attach to the complaint a certificate of service reflecting that she has done so. If a Plaintiff attempts to refile her suit without complying with the above conditions, this Court may dismiss the second suit with prejudice. Adopting these targeted conditions for voluntary dismissals

would allow this Court to more effectively manage the cases in this MDL, by preventing untimely efforts to avoid MDL obligations and forum shop.

This Order would not apply to dismissals of individual defendants in cases where it has been determined that defendants' product was not used and dismissal of that defendant would not otherwise result in the dismissal of the entire action. In such actions, the dismissal would proceed under Rule 41. Nor would the Order apply to a voluntary dismissal filed on the basis of lack of subject matter jurisdiction pursuant to Rule 41(a)(2). Should a voluntary dismissal for lack of subject matter jurisdiction be filed, it will be subject to the requirements and limitations as described in the attached Proposed Pretrial Order. *See* **Exhibit A**.

## CONCLUSION

For the foregoing reasons, the Court should issue the Sanofi Defendants' Proposed Pretrial Order governing voluntary dismissals in this MDL.

Respectfully Submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com


Harley V. Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com

*Counsel for sanofi-aventis US LLC and Sanofi US Services, Inc.*

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16th, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*