# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. __**
**(Docket Control Order –Dismissals)**

Since the JPML created this MDL on October 4, 2016, hundreds of cases have been pending on the Court docket for months. Rule 41 contemplates a typical responsive pleading schedule, triggered 21 days after service. Here, Defendants have not answered by virtue of agreed Pretrial Order No. 15, extending the pleading deadlines beyond the default deadlines of the Federal Rules. At this point, with discovery underway and the Court and the parties actively engaged in identifying and preparing cases for trial, dismissal of cases without prejudice has a potentially detrimental effect on the Court, the parties, and the MDL process. Accordingly, because the timeframe for responsive pleading has been extended beyond that ordinarily contemplated by Rule 41(a)(1)(A)(i), and notwithstanding the fact that Defendants have not yet answered, the Court orders as follows:

All voluntary dismissals pending in this MDL as of the date of this Order or filed hereafter that would result in the dismissal of an entire action against all named defendants shall require leave of Court and shall be without prejudice but with the following conditions:

If a dismissed plaintiff seeks to refile her action against any named defendant,

(1) Plaintiff must do so in the Eastern District of Louisiana or other federal district court;

(2) Plaintiff must not oppose transfer to this MDL proceeding;

(3) Plaintiff must not name a defendant that defeats federal diversity jurisdiction; and

(4) Plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures in accordance with PTOs 18, 22, 23, and 24 *before* filing suit and attach to the complaint a certificate of service reflecting that she has done.

Plaintiffs are advised that if they attempt to refile their suit without complying with the above conditions, the Court may dismiss their second suit with prejudice.

This Order, however, does not apply to dismissals of individual defendants in cases where it has been determined that defendants' product was not used and dismissal of that defendant would not otherwise result in the dismissal of the entire action. In such instances, Rule 41 remains applicable.

For voluntary dismissals for lack subject matter jurisdiction pursuant to Rule 41(a)(2), the following requirements apply:

1. A case will be dismissed for lack of subject matter jurisdiction only upon a noticed motion or order to show cause in which the plaintiff bringing the action and the served defendants have an opportunity to be heard, or upon a stipulated order consented to by both the plaintiff bringing the action and the defendants who have been served in that action. Plaintiffs continue to retain the right to individually dismiss certain named defendants without dismissing the entire action.

2. Moving counsel for a plaintiff in all motions to dismiss any or all parties or claims, whether the dismissal sought is with or without prejudice, must certify in the motion that Defendants' Lead and Liaison Counsel were contacted in writing at least fourteen (14) days prior to the filing of the motion and all served Defendants have responded in writing stating either their consent or no intended opposition to the motion, or have responded in

writing stating that the motion is opposed. Such motions may be stricken without this certification by moving counsel.

3. All motions of plaintiffs' counsel to dismiss which are opposed by one or more Defendants shall be noticed for hearing by moving counsel on a date specified by the Court as the date for a monthly status conference in these proceedings, and any needed argument on such motions will be conducted immediately following the status conference on that date. To be set for hearing at the monthly status conference, the motion to dismiss must be filed (at least) twenty-one (21) days before the conference.

4. Any dismissal of the entire action for lack of subject matter jurisdiction shall be without prejudice.

5. Defendants stipulate that if any case filed in or transferred to this MDL is dismissed for lack of federal subject matter jurisdiction either by motion or order to show cause or stipulation as set forth in Paragraph 1, and if a new action is thereafter commenced in a court having jurisdiction in the state where plaintiff resided at the time he or she used docetaxel within 60 days of such dismissal, for statute of limitations purposes the new action shall be deemed to be commenced as of the date the dismissed federal action was commenced.

6. Paragraph 5 of this stipulation and order shall not apply to any defendant that was not properly served either with process and summons consistent with the Federal Rules of Civil Procedure or consistent with Pretrial Order No. 9 (R. Doc. 160).

7. Paragraph 5 of this stipulation and order shall not apply if the plaintiff in the dismissed action fails to commence a new action in a court having jurisdiction in the state specified in paragraph 5 within 60 days of dismissal of the federal action for lack of subject matter

jurisdiction; provided, however, that if the dismissal of the federal action is timely appealed to a federal Court of Appeals, the new action may be filed within 60 days of the dismissal order becoming final following the issuance of mandate from the appellate court.

8. This Order shall apply not only to stipulations or motions filed hereafter but also to stipulations filed after April 14, 2017, and previously-filed but still pending motions of plaintiff's counsel to dismiss, and counsel shall amend or supplement such motions in order to comply with the provisions of this Order.

New Orleans, Louisiana this ___ day of June, 2017.

                                                  KURT D. ENGELHARDT
                                                UNITED STATES DISTRICT JUDGE