# EXHIBIT C



FIRST BANK & TRUST TOWER
29TH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112

TEL (504) 599-8666
FAX (504) 599-8699
WWW.GLAGOLAWFIRM.COM
MGLAGO@GLAGOLAWFIRM.COM

<u>Sent via Email and Fed Ex</u>
May 26, 2017

Douglas J. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
hratliff@shb.com
abyard@shb.com

   Re: Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740
      Unsupported Allegations in Motion for Disclosure of Non-Party Interested
      Entities or Persons

Dear Doug, Mr. Ratliff, and Ms. Byard:

I write on behalf of Marc Grossman and the law firm Baker Sanders to request that Defendant sanofi-aventis U.S. LLC strike from its Motion for Disclosure of Non-Party Interested Entities or Persons the allegation that Marc Grossman or Baker Sanders are counsel in 14 cases in which Taxotere clients were generated through Persist Communications. Docket No. 334-1 at 6 & n.25. You assert no evidentiary support for these factual contentions, and there is none. *See* Fed. R. Civ. P. 11(b)(3).

Under Rule 11, a lawyer is required to "stop-and-think" before making factual contentions. *See Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (quoting Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments)). Factual contentions must have "evidentiary support" or, at the very least, be specifically identified for likely factual support upon discovery. Fed. R. Civ. P. 11(b)(3). At "the instant the attorney fixes his signature to the document," his or her contentions must meet an "objective standard of reasonableness under the circumstances." *Port of S. La. v. Tri-Par. Indus., Inc.*, 927 F. Supp. 2d 332, 347 (E.D. La. 2013) (quoting *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991) and *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992)). Even one isolated factual misrepresentation may serve as the basis for sanctions. *See Jenkins*, 478 F.3d at 265.

Here, your allegations concerning Mr. Grossman and Baker Sanders fail to meet an "objective standard of reasonableness." *See Port*, 927 F. Supp. 2d at 347. You wrote:

> Also on the Persist Communications homepage is a testimonial from Mr. Marc Grossman. His firm, Baker Sanders, has at least 14 Taxotere cases pending before this Court. [FN 25] These lawyers' endorsement of Persist Communications and Persist Communications' solicitation to defense counsel raises alarms about the role of third parties in MDL No. 2740 sufficient to require disclosure.

Footnote 25 then lists fourteen cases.

You have no basis to suggest that these cases are in any way associated with Persist Communications. None are. That Persist Communications had a video of Mr. Grossman discussing his positive experience with Gacovino, Lake, & Associates, P.C. and their client referrals generally does not come close to providing an objectively reasonable basis to conclude that any of the cases listed in footnote 25 have any connection to Persist Communications. In fact, the video makes no mention of Taxotere or Persist Communications, and it was filmed in April 2012—years before any suits in this multi-district litigation were filed *and* before Persist Communications was even founded (which was in 2016).

Because there is no evidentiary support for your contentions regarding Mr. Grossman or Baker Sanders, these allegations must be stricken from your motion. Your failure to do so within 21 days may require Mr. Grossman and Baker Sanders to file a motion for sanctions against Defendant's counsel under Rule 11.

This letter is sent without prejudice to Mr. Grossman's and Baker Sanders' rights and remedies, all of which are expressly reserved.

Sincerely,

Mark P. Glago