# EXHIBIT D



May 31, 2017

VIA FEDERAL EXPRESS

Mark P. Glago, Esq.
Glago Law Firm
Attorneys at Law
First Bank & Trust Tower
29th Floor
909 Poydras Street
New Orleans, Louisiana 70112

Harley V. Ratliff

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2306
**f** 816.421.5547
hratliff@shb.com

**Re:   Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740**

Dear Mr. Glago:

I write in response to your May 26, 2017, letter regarding Defendant sanofi-aventis U.S. LLC's Motion for Disclosure of Non-Party Interested Entities or Persons and Memorandum in Support ("Motion") (Doc. #334). What is clear to us is that both sides take this matter seriously, which we hope foretells some promise for its amicable resolution.

At the outset, we note that the referenced video testimonial appears to have been removed from Persist Communications' website—perhaps at Mr. Grossman's request? In our Reply Memorandum, we will make note that the video has now been removed, mentioning Mr. Grossman by name, to address his concern.

At the same time, we feel that the removal of this and other Taxotere lawyers' testimonial videos from Persist Communications' website only supports our view that Persist Communications' email to us—like their use of the video of Mr. Grossman—was improper. Neither side wishes these cases to be associated with any meddling in the diagnoses of injury. As you surely can understand putting yourself in our shoes, this was the vital concern prompting our motion.

As you may also know, we provided the proposed disclosure order to plaintiffs' liaison counsel weeks before filing any motion—specifically with the hopes of avoiding filing the motion and of avoiding revealing the genesis of our concern. That proposal was rejected. We also shared a courtesy copy of the motion before filing—no response was received immediately. As with our initial approach to this issue, we remain amenable to suggestions for reaching an agreement on disclosure of non-party interested entities without involvement by the Court.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

8214109 V3

**SHOOK**
HARDY & BACON

Mark Glago, Esq.

May 31, 2017
Page 2

While we are mindful of your concerns, and are cognizant of our professional responsibilities, the allegation that you request that we strike from our Motion appears nowhere in our filing.

In your letter, you request that Defendant strike from the Motion "the allegation that Marc Grossman or Baker Sanders are counsel in 14 cases in which Taxotere clients were generated through Persist Communications."

*We do not make this allegation in the Motion. Accordingly, it cannot be stricken.*

Instead, whether Persist Communications, or any third parties, have a financial interest in these cases is precisely the disclosure we request by our Motion. We do not know if those interests exist, which is why we requested the relief that we have sought. Thank you for confirming that Persist Communications has no such ties to your matters—our motion simply asks: are there others?

Also in your letter, you excerpt three sentences of Defendant's Motion. Each statement in this excerpt is fully supported by verifiable facts.

The first statement is that ". . . on the Persist Communications homepage is a testimonial from Mr. Marc Grossman." This statement is true. As you acknowledge in your letter of May 26, the Persist Communications homepage formerly featured a testimonial from Mr. Marc Grossman (it has since been removed). Sanofi had no way of knowing that Mr. Grossman's testimonial was actually for another business and had been inappropriately appropriated by Persist Communications. We have no way of knowing the date of the testimonial or that it predated even Persist Communications' existence. But either way, your dispute is with Persist Communications, as is your remedy. Because it appears that you had Persist Communications take down your testimonial, it seems that we are all in agreement on this point. From those actions too, we surmise that you sought not to be associated with them, which, again, is only consistent with our view that their email to us was improper. Still, it is undisputed that the video appeared on the homepage at the time we stated the same. As indicated above, we will note in our Reply Brief that the video has been taken down and will gladly add the additional information outlined in your letter.

The second excerpted statement is that "His [Mr. Grossman's] firm, Baker Sanders, has at least 14 Taxotere cases pending before this Court." This statement is also true. It is beyond dispute that at the time of the Motion, Baker Sanders represented plaintiffs in 14 cases then pending in the MDL. Your letter confirms the veracity of Defendant's statement.
CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

8214109 v3

SHOOK
HARDY & BACON

Mark Glago, Esq.
May 31, 2017
Page 3

The final statement is that public testimonials by attorneys with cases in the Taxotere MDL, along with Persist Communications' apparently inadvertent solicitation to defense counsel **_guaranteeing injury diagnoses_**, "raises alarms about the role of third parties in MDL No. 2740 sufficient to require disclosure." This is a legal argument not a false factual statement. The fact of what appeared to be cross-marketing between Persist Communications and plaintiffs' law firms does create a reasonable circumstantial inference that disclosure of third parties with financial interest in the litigation would be appropriate. Your simple assertion that none of the Baker Sanders' cases are associated with Persist Communications confirms the propriety and feasibility of disclosure. But you still have not provided the broader disclosure requested by sanofi's motion, which is all that we ask.

In sum, we see no basis for threatening to seek sanctions against us because the allegation that you request be stricken is not contained in the Motion and the statements that you challenge are true by facts that you acknowledge. However, as stated above, we will note in our Reply Brief that the video has been taken down and will disclose the information that you have provided to us concerning its relationship to another entity, and its production prior to the existence of Persist Communications.

Please let us know if you have thoughts on our proposal to address the issue on reply or if you have any other ideas about ways to amicably resolve these concerns.

Best regards,

Harley V. Ratliff
Partner

HVR:ljc

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

8214109 v3