UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)      MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO: ALL CASES

### SANOFI AND AVENTIS-PHARMA S.A.' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Sanofi and Aventis-Pharma S.A. (the "French Defendants") file this Notice of Supplemental Authority in support of their Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 346-1) ("Motion to Dismiss").

### SUPPLEMENTAL AUTHORITY

On June 19, 2017, the United States Supreme Court overturned the decision of the Supreme Court of California to clarify that a court cannot exercise specific jurisdiction over a plaintiff's claims unless the suit arises out of or relates to the defendant's contacts with the forum. *Squibb Co. v. Superior Court of California, San Francisco Cty.*, No. 16-466, 582 U.S. ___ (2017) (Exhibit A[1] at 4).

In the underlying case, 86 California residents and 592 residents of 33 other states sued Bristol-Myers Squibb and McKesson Corporation in California state court for injuries allegedly arising out of their use of the prescription drug Plavix. *Bristol-Myers Squibb Co. v. Superior Court*, 377 P.3d 874, 878 (Cal. Aug. 29, 2016). Bristol-Myers Squibb, however, was neither incorporated nor headquartered in California. Ex. A. at 1. Nor had it engaged in any marketing,

---

[1] A copy of the United States Supreme Court opinion is attached as Exhibit A.

labeling, or regulatory efforts in California. *Id.* at 2. Its only contacts with the state were its sales of Plavix there. *Id.*

Despite the complete lack of Plavix-related contacts between the non-California plaintiffs and Bristol-Myers Squibb, the Supreme Court of California concluded that specific jurisdiction existed over the claims by the nonresident plaintiffs. The United States Supreme Court, however, decided that this interpretation of specific jurisdiction was improper and violated the Due Process Clause of the Fourteenth Amendment. Ex. A at 4. Under *Daimler*, the Court reasoned, "[i]n order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relate[] to the defendant's contacts with the *forum*." *Id.* at 5 (quoting *DaimlerAG v. Bauman*, 571 U.S. __ (2014). Thus, there must be an "'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" Ex. A at 7 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Ex. A. at 7 (citing *Goodyear*, 564 U.S. at 931, n. 6).

The Court determined that Bristol-Myers Squibb's only suit-related contacts—its sale of Plavix in California—did not relate to the claims of the non-California plaintiffs. Ex. A at 8. Those plaintiffs were not prescribed Plavix in California, did not purchase it there, did not ingest it there, and were not injured there. *Id.* at 8. Thus, no personal jurisdiction existed over their claims. *Id.* at 8 ("What is needed—and what is missing here—is a connection between the forum *and the specific claims at issue*.") (emphasis added).

The *Bristol-Myers Squibb* decision underscores the absence of specific personal jurisdiction over all claims in this MDL against the French Defendants. As stated in their

Motion to Dismiss, "[t]he French Defendants have not directed any activity whatsoever toward any of the 42 states at issue in this litigation relating to the purported failure to warn about Taxotere's alleged side effects." *See* Doc. 346-1 at 9.  And without such suit-related contacts, specific personal jurisdiction is lacking, and all claims against them must be dismissed.  Ex. A at 8.[2]

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi and Aventis-Pharma S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

---

[2] Nor is it debatable that general personal jurisdiction is lacking.  The Supreme Court also recently reaffirmed this principle in *BNSF Railway Co. v. Tyrell*, No. 16-405, 137 S. Ct. 1549 (2017) (attached as Exhibit B).  *See id.* at 11 ("[T]he business BNSF does in Montana is sufficient to subject the railroad to specific personal jurisdiction in that State on claims related to the business it does in Montana.  But in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in Montana.").