**UNITED  STATES  DISTRICT  COURT**
**EASTERN DISTRICT OF LOUISIANA**


IN RE: TAXOTERE (DOCETAXEL)                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                              SECTION "N" (5)


**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

*Bickley, et al. v. Sanofi S.A., et al.*, **2:17-cv-01073-KDE-MBN (E.D. La.)**
*Vinson, et al. v. Sanofi S.A., et al.*, **2:17-cv-04030-KDE-MBN (E.D. La.)**

**SANOFI-AVENTIS U.S. LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND**

        Defendant sanofi-aventis U.S. LLC files this Notice of Supplemental Authority in

Support of its Opposition to Plaintiffs' Omnibus Motion to Remand.

**SUPPLEMENTAL AUTHORITY**

        On June 19, 2017, in an 8-1 opinion, the United States Supreme Court overturned the

Supreme Court of California's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 377 P.3d

874 (Cal. Aug. 29, 2016).  In *Bristol-Myers Squibb Co.*, 86 California residents and 592 residents

of 33 other states sued Bristol-Myers Squibb and McKesson Corporation for injuries allegedly

arising out of their use of Plavix – a prescription drug used to inhibit blood clotting.  *Id.* at 878.

Bristol-Myers Squibb "moved to quash service of summons on the ground that the court lacked

personal jurisdiction over it to adjudicate the claims of the 592 nonresident plaintiffs."  *Id.*

Bristol-Myers Squibb was neither incorporated nor headquartered in California and none of the

Plavix at issue was manufactured in California.  *Id.* at 879.

        Today, the United States Supreme Court decided that the California courts' exercise of

jurisdiction violated the Due Process Clause of the Fourteenth Amendment.  *Bristol-Myers*

*Squibb Co. v. Superior Court of California, San Francisco Cty.*, No. 16-466, 582 U.S. \_\_\_

(2017) (Exhibit A[1] at 4).

The Supreme Court stated that in order for a state court to exercise specific jurisdiction over a claim, there must be an "'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'"  Ex. A at 7 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.* (citing *Goodyear*, 564 U.S. at 931, n. 6).

The Court determined that "[t]he relevant plaintiffs are not California residents and do not claim to have suffered harm in [California]."  *Id.* at 9.  "In addition . . . all the conduct giving rise to the nonresidents' claims occurred elsewhere.  It follows that the California courts cannot claim specific jurisdiction."  *Id.*

The Court also found that plaintiffs' argument that Bristol-Myers Squibb's "'decision to contract with a California company [McKesson] to distribute [Plavix] nationally' provide[d] a sufficient basis for personal jurisdiction" also failed.  *Id.* at 11 (quoting Tr. of Oral Arg. 32.)  The Court reiterated that "[t]he requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction."  *Id.* (quoting *Rish v. Savchuk*, 444 U.S. 320, 332 (1980)).

> In this case, it is not alleged that [Bristol-Myers Squibb] engaged in relevant acts together with McKesson in California.  Nor is it alleged that [Bristol-Myers Squibb] is derivatively liable for McKesson's conduct in California.  And the nonresidents "have adduced no evidence to show how or by whom the Plavix they took was distributed to the pharmacies that dispensed it to them." . . . The bare fact that [Bristol-Myers Squibb] contracted with a California distributor is not enough to establish personal jurisdiction in the State.

*Id.* at 11-12 (internal citations omitted).

---

[1] A copy of the United States Supreme Court opinion is attached as Exhibit A.

Following the *Bristol-Myers Squibb Co.* ruling, the otherwise straightforward personal jurisdiction analysis undertaken by Judge Richard Webber in *Addelson v. Sanofi*, No. 4:16-cv-01277, 2016 WL 6216124 (E.D. Mo. Oct. 25, 2016) now becomes even simpler. Like in *Bristol-Myers Squibb Co.*, the nonresident Plaintiffs are not Missouri residents and do not claim to have suffered harm in Missouri. Moreover, all the conduct giving rise to the non-Missouri Plaintiffs' claims occurred elsewhere. Thus, Missouri courts cannot claim specific jurisdiction, the nonresident Plaintiffs must be dismissed, and remand must be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley Ratliff
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I electronically filed the foregoing with the Clerk of the

Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*