BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA

IN RE: TAXOTERE (DOCETAXEL)      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

_____

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *Susan Fuller v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01812 |
| *Joann Pickrell v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01813 |
| *Margarett Wright v. Sanofi, S.A. et al.*, | Case No. 2:17-cv-01814 |
| *Robin Castagnola v. Sanofi S.A.*, | Case No. 2:17-cv-03864 |
| *Jenkins v. Sanofi S.A., et al.*, | Case No. 2:17-cv-03866 |
| *Gardner v. Sanofi S.A. et al.*, | Case No. 2:17-cv-03865 |
| *Ernyes-Kofler et al. v. Sanofi S.A. et al.*, | Case No. 2:17-cv-03867 |
| *McCallister et al. v. Sanofi S.A. et al.*, | Case No. 2:17-cv-02356 |
| *Celeste West et al v. Sanofi S.A. et al.*, | Case No. 2:17-cv-02067 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO REMAND CERTAIN CASES TO THE SUPERIOR COURTS OF CALIFORNIA**

A.   **Brief Factual Summary of the *Bristol-Myers Squibb* Decision**

On June 19, 2017, the United States Supreme Court issued its decision in *Bristol-Myers Squibb Co. v. Superior Court* (2017 WL 2621322)[1].  The case concerned a lawsuit arising out of the company's pharmaceutical drug Plavix.

Eight separate complaints were filed on behalf of 678 individuals, of which 86 were California residents and 592 were not.  *Id.* at *2.  It was undisputed that Bristol-Myers Squibb is incorporated in Delaware, headquartered in New York City and maintained several operations in New Jersey.  *Id.*  The California Supreme Court found that California had personal jurisdiction over the company because, among other things, it maintained substantial operations in California, including five offices that employed 164 people and 250 sales representatives in the state.  *Id.* at *1-2.  It also had a small office in Sacramento to represent and advocate for the company in state government affairs.  *Id.* at *2.  The plaintiffs also alleged that Bristol-Myers Squibb's decision to contract with a California company, McKesson, to distribute the drug nationally provided a sufficient basis for personal jurisdiction.  *Id.* at *11.

The United States Supreme Court disagreed, holding that the California courts' exercise of jurisdiction violated the Due Process Clause of the Fourteenth Amendment.  *Id.* at *4.  On the same date the decision was issued, Defendant Sanofi Aventis US LLC ("Sanofi") filed its Notice of Supplemental Authority.  Sanofi argues that as a result of *Bristol-Myers Squibb*, California does not have personal jurisdiction over it as it relates to the non-California resident Plaintiffs named in the *Ernys-Kofler, et al.* (2:17-cv-03867) and (2) *McCallister, et al.* (2:17-cv-02356) complaints. For the reasons set forth herein, this is incorrect.

///

---

[1] A copy of the United State Supreme Court opinion is attached as Exhibit A.

1

### B. *Bristol-Myers Squibb* is Factually Distinguishable

Several critical factors were curiously missing from Sanofi's summary of the decision set forth in its Notice of Supplemental Authority. In *Bristol-Myers Squibb*, "The nonresident plaintiffs did not allege that they obtained Plavix…from **any other California source**." *Id.* at *2. Moreover, the Supreme Court highlighted key factual allegations that the plaintiffs failed to plead.

> "In this case, it is not alleged that BMS engaged in relevant acts together with McKesson in California. Nor is it alleged that BMS is derivatively liable for McKesson's conduct in California. And the nonresidents 'have adduced no evidence to show how or by whom the Plavix they took was distributed to the pharmacies that dispensed it to them.' ("It is impossible to trace a particular pill to a particular person…It's not possible for us to track particularly to McKesson"). The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."

*Id.* at *11-12.

Here, however, the non-California resident Plaintiffs unequivocally alleged those critical, missing facts referenced by the Supreme Court. But whether the California courts have personal jurisdiction over Sanofi is not at issue as it relates to the pending Omnibus Remand Motion.

### C. Subject Matter Jurisdiction is the Issue Before This Court

Sanofi offers a conclusory statement at the end of its Notice of Supplemental Authority stating that the non-California resident Plaintiffs cases "must be dismissed." However, whether a California court has personal jurisdiction over Sanofi is not at issue. Rather, the issue before this Court is simply to decide whether Defendant Sanofi met its burden to show by clear and convincing evidence that Defendant McKesson Corporation was fraudulently joined. Plaintiffs submit that Sanofi fell far short of carrying its burden, thereby divesting this Court of subject matter jurisdiction.

Accordingly, Plaintiffs respectfully request that remand be granted and that the question of whether a California court has personal jurisdiction over Sanofi be resolved by a California state court.

Respectfully submitted this 22nd day of June, 2017.

**GOMEZ TRIAL ATTORNEYS**

  */s/Ahmed S. Diab*
John H. Gomez (CA Bar # 171485) T.A.
Ahmed S. Diab (CA Bar # 262319)
Lindsay R. Stevens (CA Bar # 256811)
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
*john@thegomezfirm.com*
*adiab@thegomezfirm.com*
*lstevens@thegomezfirm.com*
**Attorneys for Plaintiffs in 2:17-cv-1812, 2:17-cv-1813 and 2:17-cv-1814**

**CUTTER LAW P.C.**

  */s/Celine Cutter*
Celine Cutter (CA Bar # 312622)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330
*ccutter@cutterlaw.com*
**Attorney for Plaintiffs in 2:17-cv-3866, 2:17-cv-3865, 2:17-cv-3867 and 2:17-cv-2356**