UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### MEMORANDUM IN OPPOSITION TO MOTION FOR ENTRY OF VOLUNTARY DISMISSAL ORDER

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. Subject to "any applicable federal statute," a plaintiff may voluntarily dismiss her complaint under Federal Rule of Civil Procedure 41(a)(1)(A)(i) without stipulation or leave of court so long as the opposing party has not yet served an answer or motion for summary judgment.

Here, Defendants agreed to postpone filing their answer until after the disposition of various motions to dismiss in Pre-Trial Order ("PTO") No. 15. The parties reached this agreement with full knowledge that individual plaintiffs would utilize the process set forth in Rule 41(a)(1)(A)(i) to voluntarily dismiss cases for various reasons—including because product identification reveals the plaintiff received a generic form of Taxotere. In addition, the parties agreed that dismissals were permissible within 20 days of the filing of any answer. On the parties' request, the Court approved the PTO.

Defendants now seek a voluntary dismissal order that would rewrite PTO 15 and in its stead would place *refiling* conditions on any Plaintiff who resorts to Rule 41 to dismiss *all* claims against *all* Defendants named in a suit. Defendants, however, offer no proof that *any* individual suit voluntarily dismissed to date was initiated for improper reasons, nor do they identify any

1

harm caused by any voluntary dismissal. If anything, Defendants have all but conceded there is no legal prejudice to them occasioned by a voluntary dismissal of any Defendant at this stage because their proposal allows voluntary dismissal under Rule 41(a)(1)(A)(i) of any Defendant so long as the entire suit is not dismissed. By contrast, Defendants' proposed refiling restrictions would prejudice Plaintiffs. The Fifth Circuit has found that requiring a plaintiff to refile in the same court so that she can prove preliminarily that she has a valid case constitutes legal prejudice.

## ARGUMENT

Per the Court's request, the parties jointly submitted certain deadlines and instructions in proposed PTO No. 15 as to the filing of the Master Complaint, Motions to Dismiss, and Master Answer. In their joint submission, the parties carefully negotiated the following language approved by the Court:

> Because each Defendant shall be deemed to have answered all cases pending in, filed in, or subsequently transferred to the MDL upon filing of a Master Answer, cases may only be voluntarily dismissed against such Defendant by order of the Court pursuant to Federal Rules of Civil Procedure Rule 41(a)(2) or a stipulation pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(ii), *except that a complaint filed directly in the MDL may be voluntarily dismissed upon notice by Plaintiff within 20 days of the filing of the complaint.*

PTO 15 § J, Doc. 230 at 2-3 (Feb. 10, 2017) (emphasis added). Defendants now seek to rewrite PTO 15 to eliminate the mere "potential" of future prejudice from dismissals that Defendants speculate may be for "purely tactical reasons." Specifically, Defendants request that the Court do away with an individual plaintiff's ability to voluntarily dismiss all claims against all defendants under Rule 41(a)(1)(A)(i) through the simple and efficient procedure of filing a notice of dismissal. In its place, Defendants want to impose a burdensome process that requires each plaintiff (1) to obtain court permission prior to dismissing all claims against all named

2

defendants; and (2) to comply with the following four prejudicial conditions before refiling that, if violated, would serve as immediate grounds for dismissal *with* prejudice:

(1) Plaintiff must do so in the Eastern District of Louisiana or other federal district court;

(2) Plaintiff must not oppose transfer to this MDL proceeding;

(3) Plaintiff must not name a defendant that defeats federal diversity jurisdiction;

(4) Plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures in accordance with PTOs 18, 22, 23, and 24 **before** filing suit and attach to the complaint a certificate of service reflecting that she has done.

In addition, Defendants propose multiple restrictions for any voluntary dismissals for lack subject matter jurisdiction pursuant to Rule 41(a)(2). Defendants argue that the prejudicial affect of these conditions on Plaintiffs is minimized because they are applied only when an individual plaintiff seeks dismissal of an entire action as opposed to dismissal of individual defendants. This argument, however, reveals that Defendants' requested relief is illogical—it is not prejudicial to Defendants that an individual plaintiff would dismiss all defendants except for one, yet somehow it is prejudicial to dismiss all defendants such that restrictions must be placed on refiling.

Regardless, the mere "potential" for prejudice to Defendants does not justify the imposition of pre-filing conditions nor can a plaintiff be forced to waive subject matter jurisdiction. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) ("The possibility of tactical advantage should not justify the imposition of a refiling condition."). As explained by the Fifth Circuit, conditions on refiling almost identical to those proposed here— such as ones requiring the plaintiff to refile in the same federal district court or prove her case preliminarily before being allowed to relitigate—are akin to pre-filing injunctions used to

"sanction against abuse of judicial process." *Bechuck*, 814 F.3d at 292; *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d. 601, 603 (5th Cir. 1976). Accordingly, refiling conditions are permitted only "to remedy wrongs that have already been committed." *Bechuck*, 814 F.3d at 292. In other words, the test for restrictions akin to "pre-filing injunctions does not focus on whether the plaintiff will file a vexatious suit but whether he has filed such suits." *See id*. (citing *Qureshi v. United States*, 600 F.3d 523, 527 n. 2 (5th Cir. 2010)).

Here, Defendants point to no evidence of past wrongful conduct by individual plaintiffs that have dismissed cases in this litigation. Instead, the only "support" cited by Defendants for Plaintiffs' purported "strategy" of refiling in state court in order to avoid PFS deadlines is that many cases have been dismissed in recent months and some originate from states, like Delaware and California, where limited remands are currently being sought. Neither basis passes muster. The recent influx of dismissals is not surprising. As counsel for individual plaintiffs receive and review additional medical records, photographs, and product information as required in the submission of Plaintiff Fact Sheets, a more complete picture is formed of an individual plaintiff's treatment and injury. This process occasionally reveals that an individual plaintiff did not receive brand name Taxotere or docetaxel manufactured by one of the 505(b)(2) Defendants. In other instances, the process reveals that an individual plaintiff—despite best her intentions—may be unable to locate records demonstrating that she took Taxotere.

Simply put, it would be far more unusual if there were no dismissals, and in fact the parties anticipated that there would be dismissals, which is why they carefully negotiated PTO 15. Indeed, the number of voluntary dismissals demonstrates the process set up by the Court and utilized by Plaintiffs is working to effectuate the very purpose of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by

4

the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Further, while almost half of the dismissed cases originate from Delaware or California, Defendants offer no proof that any of these cases have been refiled in state court. Even if there were refilings, "the potential for forum-shopping does not count as legal prejudice" sufficient to impose pre-filing conditions. *Bechuck*, 814 F.3d at 299. Defendants otherwise do not establish any harm or prejudice that would be occasioned by the dismissal of any Defendant, and in fact agree that Rule 41(a)(1)(A)(i) should continue to apply to the dismissal of individual Defendants.

Nonetheless, Defendants claim that limitations to Rule 41(a) dismissals are necessary and proper under the Court's "broad managerial authority" in MDLs. However, none of the cases cited by Defendants impose the extensive conditions sought by Defendants in this matter, nor do the cases imply that such conditions are within the managerial authority of the MDL or otherwise proper. Indeed, only one case curtailed the plaintiff's ability to utilize notice of dismissals under Rule 41(a)(1)(A)(i) prior to the filing of answer. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. 2:10-MD-02179, 2011 WL 1464908, at *4-6 (E.D. La. April 15, 2011). There, the evidence demonstrated that the plaintiff purposefully sought to avoid a judicially imposed stay by dismissing and refiling his case in state court. *In re Oil Spill*, 2011 WL 1464908, at *1. In vacating the dismissal, the court referenced a recently issued pre-trial order requiring plaintiffs to seek leave of court for voluntary dismissals. *In re Oil Spill*, Pre-Trial Order No. 34, No. 2:10-MD-02179, Doc. 1981 at 3-4 (April 12, 2011). Importantly, the court's pre-trial order imposed *no* conditions on refiling. *Id.* As recognized by the Fifth Circuit, conditions imposed on dismissals requested under Rule 40(a)(2), particularly those that require a plaintiff to appear before the same court and demonstrate the merits of her

case, are legally prejudicial. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("Although plaintiff is not totally precluded from bringing a second suit, he must, nevertheless, prove his case preliminarily to the district court before being allowed the right to relitigate. This requirement, unlike those normally imposed with a Rule 41(a)(2) dismissal, involves prejudice in a legal sense.").

The remaining cases relied on by Defendants are likewise distinguishable. *In re Zicam Cold Remedy Marketing*, 2010 WL 3402490, at *1-2 (D. Ariz. Aug. 20, 2010) (rejecting joint stipulation of dismissal where the parties sought to finalize global settlement in a different federal court); *In re Genetically Modified Rice Litigation*, No. 4:06-MD-1811-CDP, 2010 WL 716190 (E.D. Mo. Feb. 24, 2010) (requiring leave of court for voluntary dismissals to prevent objectors of common benefit fund from dismissing their federal cases to avoid common benefit obligations). Furthermore, all of the cases cited by Defendants involved litigations much further along in the discovery and trial process—here, a single deposition has yet to be taken. *In re Oil Spill*, Pre-Trial Order No. 34, Doc. 1981 at 2 (extensive discovery, "including numerous depositions and production of massive volumes of documents"); *In re Zicam*, 2010 WL 3402490, at *1-2 (global settlement achieved); *In re GMO Rice,* 2010 WL 716190 (completion of two bellwether trials).

Finally, the process in place includes built-in deterrents to prevent strategic dismissals and refilings. For example, Rule 41(a)(1)(B) limits an individual plaintiff's ability to forum shop by requiring that a second voluntary dismissal under Rule 41(a)(1) operate as an adjudication on the merits. *See Bechuck,* 814 F.3d at 293-94. Similarly, the federal rules provide litigants with tools to protect against impermissible joinder and improper venue. Likewise, the applicable statute of limitation and costs associated with filing and refiling, Plaintiff Fact Sheets, etc.

6

implicitly discourage tactical dismissals.

## CONCLUSION

In all events, the Court should not adopt Defendants' extreme request to impose punitive refiling conditions. Defendants have not presented any evidence to date that any voluntary dismissal was improper or harmed them, and courts do not (and cannot) tar litigants as vexatious and impose prejudicial refiling restrictions simply on a defendant's bald assertion that a plaintiff's counsel dismissed a suit for "tactical" reasons. For these reasons, Plaintiffs do not believe that Defendants have provided any justification to revisit PTO 15, and Plaintiffs cannot agree to refiling restrictions that would legally prejudice them and that are not needed to alleviate any unsupported representations of harm to Defendants. However, if the Court is inclined to revisit PTO 15, then Plaintiffs propose the following compromise solution.

Pretrial Order No. 15 continues to govern voluntary dismissal except in the following limited circumstance:

> Following the deadline for submission of a Plaintiff Fact Sheet in an individual case, any plaintiff wishing to dismiss all their claims against all parties without prejudice can do so only with leave of the Court. To seek such leave, the party wishing to dismiss all claims against all parties without prejudice must file a motion with this Court seeking such leave and stating the reason for the sought dismissal.

This compromise proposal is modeled after Judge Barbier's pre-trial order in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico* on April 20, 2010. If PTO 15 is modified, then this proposed solution gives significant ground and offers a solution that more than meets Defendants half-way.

Date: June 27, 2017　　　　　　　　Respectfully submitted:

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier & Warshauer, LLC**
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile: 504-528-9973
E-Mail: plambert@gainsben.com

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail: barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/Dawn M. Barrios

DAWN M. BARRIOS