UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. KURT D. ENGELHARDT |
| ALL CASES | : : : : | |

# DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
# FOR ENTRY OF VOLUNTARY DISMISSAL ORDER

## INTRODUCTION

In their Opposition, Plaintiffs fail to address the point of Defendants' Motion. The Court should use its authority to limit voluntary dismissals of cases to be re-filed outside of the MDL. Nine months into this MDL, Plaintiffs continue to dismiss cases almost daily. Plaintiffs filed multiple Motions to Remand that affect over 170 plaintiffs, creating the very real possibility that claims will be dismissed and re-filed to avoid the MDL. All Plaintiffs now have PFS obligations under Court Order and, yet, cases are dismissed *en masse* before the larger staggered PFS submission deadlines. In addition, the parties are expending great effort to select Plaintiffs for discovery and trial. Without intervention, Plaintiffs may dismiss weaker cases and leave more favorable ones, skewing the selection pool. Therefore, to reasonably limit forum shopping and avoid prejudice to Defendants and the Court, Defendants seek an Order requiring Plaintiffs to re-file any voluntarily dismissed action in the Eastern District of Louisiana or not oppose transfer to the MDL if filed elsewhere.

Plaintiffs characterize this proposal as a "burdensome" and "extreme request," and argue that their unfettered dismissal of claims, nine months after the creation of this MDL, is actually

1

effectuating "the very purpose of the Federal Rules of Civil Procedure." *See* Plaintiffs' Opposition, at 4. As Plaintiffs concede in their Opposition, however, Defendants do not seek to stop Plaintiffs from dismissing their claims without prejudice pursuant to Rule 41. Instead, Defendants merely request reasonable procedures to prevent Plaintiffs from dismissing and *re-filing* their claims outside of the MDL and the Court's authority. Contrary to their argument, Plaintiffs remain free to utilize the "process set up by the Court" and dismiss those cases in which "an individual plaintiff did not receive brand name Taxotere or docetaxel manufactured by one of the 505(b)(2) Defendants" or "an individual plaintiff . . . may be unable to locate records demonstrating that she took Taxotere." *See* Plaintiffs' Opposition, at 4. Defendants only ask that Plaintiffs seek leave of the Court to dismiss a claim in its entirety against all defendants, and that should those cases be re-filed, that they return to the MDL.

## REPLY

Defendants address three points in the order presented by Plaintiffs:

### I. DEFENDANTS ARE NOT "RE-WRITING" PTO NO. 15

Pre-Trial Order No. 15 ("PTO No. 15") does not govern Rule 41(a)(1)(A)(i) voluntary dismissals without prejudice and without leave. PTO No. 15 sets the deadlines for filing the Master and Short Form Complaints, Motions to Dismiss, and Master Answer. As a related matter, PTO No. 15 states that "upon filing of a Master Answer" each Defendant shall be "deemed to have answered all cases pending, filed in, or subsequently transferred to the MDL" and Plaintiffs must proceed under Rule 41(a)(2) or a stipulation to dismiss their claims. Pre-Trial Order No. 15, Doc. 230 (Feb. 10, 2017). The parties did not contemplate Plaintiffs' continued dismissal of cases, without prejudice and without stipulation, before the Master Answer is filed. In fact, the parties began additional negotiation regarding Rule 41(a)(1)(A)(i) dismissals almost

2

immediately after PTO No. 15 was entered by the Court.

Defendants do not, now, seek to rewrite PTO No. 15. Instead, Defendants seek an additional Order governing the unique issues that arise when Plaintiffs are allowed to dismiss and re-file claims outside of the MDL over nine months after commencement.

## II. THE COURT HAS THE AUTHORITY TO LIMIT RE-FILING OF CLAIMS

As Defendants argued in their motion, this Court has the authority, pursuant to 28 U.S.C. § 1407, to enter a PTO limiting the voluntary dismissal and re-filing of claims in this MDL. The breadth of Federal Rule of Civil Procedure 41 is limited by "any applicable federal statute," including 28 U.S.C. § 1407. Fed. R. Civ. P. 41(a)(1)(A)(i). In response, Plaintiffs cite *Bechuck v. Home Depot U.S.A. Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) for the proposition that the Court does not have the authority to impose re-filing conditions on Plaintiffs, because there is only the "mere 'potential' for prejudice." *See* Plaintiffs' Opposition, at 3. First, *Bechuck* does not contemplate an MDL setting. Second, Defendants do not argue that there is only the "potential" for prejudice—Defendants are prejudiced each time Plaintiffs dismiss a claim at this stage.

*Bechuck* concerns a single plaintiff and defendant, arguing a tenuous personal injury claim. The plaintiff, a customer of Home Depot who fell from a chair, dismissed his claim against the store when the district court announced in a pretrial conference, "you don't sue somebody and then figure out if you have a claim." *Bechuck*, 814 F.3d at 290. The district court entered a final dismissal stating plaintiff had to re-file in the same court if he brought the same cause of action. The Fifth Circuit held that the district court's "inherent supervisory power" included the ability to impose re-filing conditions, as it is "well established that a federal court may consider collateral issues after an action is no longer pending." *Id.* at 291. Additionally, the Fifth Circuit held that, ordinarily, conditions to re-filing can be equated to a "sanction," requiring

3

some pattern of vexatious behavior.  *Id.* at 292-93.  In the case of *Bechuck*, the plaintiff had not participated in "vexatious behavior" and therefore the district court did not have the jurisdiction to attach re-filing restrictions.  *Id.* at 293-94.

The holding in *Bechuck* is inapplicable for a number of reasons—foremost of which is that the Fifth Circuit considered Rule 41(a)(1) in the context of a single plaintiff personal injury case, rather than subject to 28 U.S.C. § 1407, and even, to an extent, Federal Civil Procedure Rule 1.  *See, e.g.*, Fed. R. Civ. P. 1 (calling for the "just, speedy, and inexpensive determination of every action and proceeding.").  As previously urged, 28 U.S.C. § 1407 establishes that MDL administration "is different from administering cases on a routine docket."  *See* Defendants' Memorandum in Support of Motion for Entry of Voluntary Dismissal Order, Doc. 551-1, at 4 (June 16, 2107).  This Court has broad managerial authority to establish dismissal procedures, as other MDL Courts have also determined.  *See, e.g.*, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. MDL 2179, 2011 WL 1464908 (E.D. La. Apr. 15, 2011); *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 716190, at *8 (E.D. Mo. Feb. 24, 2010); *In re Zicam Cold Remedy Mktg. Sales Practices & Prods. Liab. Litig.*, No. 09-md-2096, 2010 WL 3402490, at *2 (D. Ariz. Aug. 26, 2010).

Additionally, Defendants do not concede that there is only the mere "possibility" of prejudice in this litigation.  Plaintiffs have dismissed 82 plaintiffs as of the filing of this Reply, while Defendants are already (and increasingly) "'actively engaged' in the suit's defense."  *See In re Oil Spill*, 2011 WL 1464908 (quoting *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979)).  On May 26, 2017, Sanofi filed its Omnibus Motion to Dismiss based on Plaintiffs' failure to state a claim in their Master Complaint.  *See* MDL Doc. 489.  Sanofi has opposed suit based on the absence of personal jurisdiction over the French Defendants.  *See*

4

MDL Doc. 346. Sanofi has further moved to dismiss some 848 individual actions as barred by the applicable state statutes of limitations. *See* MDL Doc. 494. Sanofi is currently reviewing 506 Plaintiff Fact Sheets for deficiencies, collecting medical records, evaluating the inventory, and preparing Defendant Fact Sheets where applicable. It is collecting and reviewing documents. Plaintiffs served extensive written discovery requests, which sanofi is actively litigating. Concerted case analysis is underway for trial proposals and scheduling.

### III.  DEFENDANTS ARE PREJUDICED BY PLAINTIFFS' ACTIONS

Finally, Plaintiffs seem to have entirely missed Defendants' concern with Plaintiffs' ability, at this stage in the MDL proceeding, to dismiss and re-file claims as they see fit. Plaintiffs mistakenly argue that "Defendants requested relief is illogical," as "it is not prejudicial to Defendants that an individual plaintiff would dismiss all defendants except for one, yet somehow it is prejudicial to dismiss all defendants such that restrictions must be placed on refiling." *See* Plaintiffs' Opposition, at 3. In fact, this sentence perfectly summarizes Defendants' limited request for the Court to enter an Order that preserves Plaintiffs' ability to voluntarily dismiss claims on a genuine basis, while requiring Plaintiffs to *re-file these claims*, should they choose to do so, in the MDL. If Plaintiffs determine through product identification that a Defendant is not a proper party, they remain free to dismiss claims against that particular Defendant, while remaining in the MDL.

As Defendants noted in their motion, Plaintiffs' *en masse* dismissals have become particularly problematic recently, raising concerns about their basis and the impact these dismissals will have on the orderly administration of this MDL.[1] Plaintiffs have filed multiple Motions to Remand and a Motion for Class Certification. Should the Court deny any of these

---

[1] *See* "Cases Voluntarily Dismissed Without Prejudice as of June 30, 2017," attached as **Exhibit A**.

5

motions, Plaintiffs currently may dismiss and re-file claims in State court to the detriment of Defendants and this MDL. In addition, the parties are negotiating the selection of a trial pool. At this time, Plaintiffs may dismiss weaker cases and re-file them elsewhere or later. Indeed, as noted previously, on the day Defendants filed their original Motion, one Plaintiffs' Steering Committee ("PSC") firm filed 22 stipulations for voluntary dismissal, several of which are now not available in the Court's trial selection process. Another PSC firm filed dismissals for 7 Delaware cases on the first PFS staggered submission deadline of May 24, 2017.

Allowing the unlimited dismissal and re-filing of cases without prejudice will interfere with the Court's and the parties' efforts to establish fair and efficient processes for managing this MDL, including with respect to discovery, trial case selection, and initial trials. Therefore, Defendants ask the Court to use its broad managerial authority to enter a limited Order requiring Plaintiffs to re-file dismissed claims in the Eastern District of Louisiana or other federal court, and not oppose transfer to this MDL proceeding. *See, e.g.*, *In re Oil Spill*, 2011 WL 1464908.

## IV. CONCLUSION

Based on the above and foregoing, and the reasons set forth in Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s Opposed Motion for Entry of Voluntary Dismissal Order, Defendants respectfully request this Court enter the Order proposed by Defendants, limiting Plaintiffs' re-filing of claims voluntarily dismissed without prejudice to this MDL proceeding.

Respectfully submitted,


/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30th, 2017, I electronically filed the foregoing with the Clerk of the

Court using the ECF system which sent notification of such filing to all counsel of record.


/s/ Douglas J. Moore