UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)     MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

*Castagnola v. Sanofi S.A., et al.*, 2:17-cv-03864-KDE-MBN (E.D. La.)
*Ernys-Kofler v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.)
*Fuller v. Sanofi S.A., et al.*, 2:17-cv-01812-KDE-MBN (E.D. La.)
*Gardner v. Sanofi S.A., et al.*, 2:17-cv-03865-KDE-MBN (E.D. La.)
*Jenkins v. Sanofi S.A., et al.*, 2:17-cv-03866-KDE-MBN (E.D. La.)
*McCallister, et al v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.)
*Pickrell v. Sanofi S.A., et al.*, 2:17-cv-01813-KDE-MBN (E.D. La.)
*Smith v. Sanofi S.A., et al.*, 2:17-cv-05832-KDE-MBN (E.D. La.)
*West v. Sanofi U.S. Services Inc., et al.*, 2:17-cv-02067-KDE-MBN (E.D. La.)
*Wright v. Sanofi S.A., et al.*, 2:17-cv-01814-KDE-MBN (E.D. La.)

### SANOFI-AVENTIS U.S. LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND

Defendant sanofi-aventis U.S. LLC files this Notice of Supplemental Authority in Support of its Opposition to Plaintiffs' Omnibus Motion to Remand.

### SUPPLEMENTAL AUTHORITY

In *D.B. v. Pfizer, Inc. (In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.)*, 2017 U.S. Dist. LEXIS 94953 (E.D. Pa. June 20, 2017), plaintiffs filed suit against Pfizer International LLC, J.B. Roerig & Co., and Greenstone LLC (collectively, "Pfizer") and McKesson Inc. ("McKesson") in California state court alleging personal injury following use of the pharmaceutical drug Zoloft. *Id.* at *3. Defendants removed the case to federal court on the basis of diversity jurisdiction, arguing that although plaintiffs were California citizens and McKesson was a California corporation, McKesson was fraudulently joined. *Id.* The case was subsequently transferred to the Zoloft MDL and Plaintiffs moved to remand. *Id.*

1

Defendants argued that the Complaint lacked "specific allegations necessary to assert a claim against McKesson," and that this demonstrated "a lack of good faith intent" by plaintiffs "to pursue their claims against McKesson." *Id.* at *7. The Eastern District of Pennsylvania agreed that these two factors together indicated McKesson was fraudulently joined:

> [T]he Court has been made aware of no instance in which any of the numerous *Zoloft* plaintiffs have propounded meaningful discovery on McKesson in either state or federal court, even though some cases have gone to trial. This failure to seek discovery includes other cases brought by Plaintiffs' counsel. The lack of discovery requests directed towards McKesson casts doubt on Plaintiffs' intent to pursue claims against McKesson.
>
> Even more significantly, the plaintiffs in numerous *Zoloft* cases have dismissed claims against McKesson both before and after the Court granted summary judgment in favor of Pfizer and another Defendant and the plaintiffs appealed to the Third Circuit. One of these cases had been filed by Plaintiffs' counsel in this case.

*Id.* at *9. Because the court found the plaintiffs lacked the "good faith intent to prosecute their claims against McKesson," the Eastern District of Pennsylvania held McKesson was fraudulently joined, and found complete diversity between plaintiffs and the remaining Defendants. *Id.* at *10-11.

Like in *D.B. v. Pfizer, Inc. (In re Zoloft (Sertraline Hydrochloride) Prods. Liabi. Litig.)*, Plaintiffs here lack a good faith intent to prosecute their claims against McKesson. If McKesson were truly a proper party to these actions, they would be named in every single Taxotere case – not just the cases originally filed in California state court. Plaintiffs' respective Complaints not only lack the specific allegations necessary to assert a claim against McKesson, but there is certainly a long history of Plaintiffs bringing suit against McKesson in California state court in pharmaceutical product liability cases solely to defeat diversity. Thus, this Court should find McKesson is fraudulently joined and retain jurisdiction over these cases.

2

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

3