# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | : | |
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "N" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. KURT D. ENGELHARDT |
| | : | |
| ALL CASES | : | |
| | : | |
| | : | |
| | : | |

**SANOFI AND AVENTIS PHARMA S.A.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF PERSONAL JURISDICTION DISCOVERY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Sanofi and Aventis Pharma S.A. (collectively, the "French Defendants") provide the following Objections and Responses to Plaintiffs' First Set of Personal Jurisdiction Discovery.[1]  As discovery in this matter is ongoing, the French Defendants reserve the right to amend, supplement, modify, or change their Responses.[2]

**PRELIMINARY STATEMENT**

The personal jurisdiction discovery arises from cases consolidated for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407, before Honorable Judge Kurt D. Engelhardt in the

---

[1] The French Defendants object to jurisdictional discovery on sanofi-aventis U.S. LLC and Sanofi US Services Inc. (the "U.S. Defendants"), two entities that did not file a motion to dismiss contesting the Court's jurisdiction.  Jurisdictional discovery is a tool, used for the limited purpose of developing the facts necessary to establish a court's jurisdiction.  *See, e.g.*, *DNH, LLC v. In-N-Out Burgers*, 351 F. Supp. 2d 559, 566 (E.D. La. June 24, 2005).  The U.S. Defendants are not moving parties, and jurisdictional discovery should be limited accordingly.  *See McMullen v. European Adoption Consultants, Inc.*, 109 F. Supp. 2d 417, 421 (W.D. Penn. 2000).
[2] Any response the French Defendants make to such discovery does not waive Defendants' right to assert additional objections as necessary.  By sharing these responses, the French Defendants do not waive any objections regarding the service or scope of discovery served on them as foreign entities subject to the Hague Convention and other applicable rules, statutes, and procedures.  Nor do the French Defendants waive their objections, or consent, to personal jurisdiction by service of their objections to these requests.

United States District Court for the Eastern District of Louisiana, *In re Taxotere (Docetaxel) Products Liability Litigation*. On April 28, 2017, Sanofi and Aventis Pharma S.A. filed a Motion to Dismiss for Lack of Personal Jurisdiction. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Apr. 28, 2017), ECF No. 346. The French Defendants conduct no business in the United States and have no contacts with the United States that would support the exercise of personal jurisdiction in this case. Nor can the jurisdictional contacts of sanofi-aventis U.S. LLC and Sanofi US Services Inc. (the "U.S. Defendants") be imputed to the French Defendants; all corporate formalities are maintained between Sanofi and the U.S. Defendants, and Sanofi does not exercise the requisite day-to-day control over the activities of the U.S. Defendants.

More specifically, Sanofi is a French corporation with its principal place of business and headquarters located at 54, Rue La Boetie, Paris. *See* Declaration of Claire Terrazas ¶ 2, (attached as **Exhibit A**). Sanofi engages in diversified corporate investments, and it currently has approximately 350 subsidiaries throughout the world. *Id.* ¶ 3. Sanofi has no employees in the United States. *Id.* ¶ 12.

Aventis Pharma S.A. is a direct subsidiary of Sanofi. Aventis Pharma S.A. is a French corporation with its principal place of business and headquarters at 20 Avenue Raymond Aron 92160 Antony, France. *Id.* ¶ 4. Aventis Pharma S.A. has no employees in the United States. *Id.* ¶ 5.

Sanofi-aventis U.S. LLC, and Sanofi US Services Inc. are indirect wholly-owned subsidiaries of Sanofi. *Id.* ¶¶ 8-10.

Sanofi-aventis U.S. LLC is a Delaware limited liability company with its principal place of business and headquarters in New Jersey. *Id.* ¶ 6. Sanofi US Services Inc. is a Delaware corporation with its principal place of business and headquarters in New Jersey. *Id.* ¶ 7.

As a holding company, Sanofi does not own or lease any manufacturing sites, development centers, or distribution hubs in the United States.  *Id.* ¶ 17.  Likewise, it has no sales force and does not sell products or services anywhere in the world, let alone in the United States. *Id.* ¶ 13.  Sanofi and Aventis Pharma S.A. do not conduct business or maintain places of business anywhere in the United States.  *Id.* ¶ 14.  They are not qualified, registered, or licensed to do business anywhere in the United States.  *Id.* ¶ 15.  They do not maintain a registered agent, telephone numbers, mailing addresses, or bank accounts anywhere in the United States.  *Id.* ¶¶ 16, 18.  They do not lease or own any real or personal property located in the United States.  *Id.* ¶ 17.  They do not pay taxes in the United States.  *Id.* ¶ 19.  They have not researched, developed, tested, manufactured, labeled, advertised, marketed, promoted, sold, or distributed Taxotere® in the United States.  *Id.* ¶ 11.

Sanofi, Aventis Pharma S.A., sanofi-aventis U.S. LLC, and Sanofi US Services Inc. are separate and distinct corporate entities.  *Id.* ¶¶ 2, 4, 6-8, 10, 21-22, 26-28.  Sanofi maintains the required corporate formalities between it and Aventis Pharma S.A., sanofi-aventis U.S. LLC, and Sanofi US Services Inc.  *Id.* ¶¶ 38-40.  Sanofi S.A. does not control the day-to-day operations of sanofi-aventis U.S. LLC or Sanofi US Services Inc.  *Id.* ¶ 33.  There are no shared employees between Sanofi and sanofi-aventis U.S. LLC, or between Sanofi and Sanofi US Services Inc.  *Id.* ¶ 36.  None of the members of the Sanofi Board of Directors is also a member of the governing bodies of sanofi-aventis U.S. LLC or Sanofi US Services Inc. *Id.* ¶¶ 26-28.

On May 16, 2017, the parties attended a status conference with Magistrate Judge North, who directed Plaintiffs to send "proposed," and "limited" discovery relevant to personal jurisdiction to Sanofi.  *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Apr. 28, 2017), ECF No. 464.  On May 18, 2017, the Court issued Case Management Order #1, directing Plaintiffs to serve personal jurisdiction discovery relevant to the Motion to Dismiss.

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Apr. 28, 2017), ECF No. 465.

On May 26, 2017, Plaintiffs emailed Plaintiffs' First Set of Personal Jurisdiction Discovery to the French Defendants, as well as Sanofi US Services Inc. and sanofi-aventis U.S. LLC—two entities that did not file a Motion to Dismiss contesting this Court's jurisdiction.  On June 1, 2017, Defendants sent Plaintiffs a letter outlining their concerns about the nature of this discovery, detailing how and where it should be limited, and which requests Defendants would agree to respond to in full or in part.  For the last several weeks, the parties have been meeting and conferring in an effort to narrow the scope of the discovery and find an amicable middle-ground related to Plaintiffs' proposed jurisdictional discovery.  These discussions have been productive, but not all disputes have been resolved.  The parties have agreed to continue to meet and confer following the service of these discovery responses.

The French Defendants further reserve their right to assert other legal objections to Plaintiffs' jurisdictional discovery—whether based on privilege, relevance, geographic limitations, time, or public availability, among others.  Sanofi and Aventis Pharma S.A. therefore object and respond as follows:

<u>**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**</u>

Sanofi and Aventis Pharma S.A. ("French Defendants") hereby asserts the following General Objections and Reservation of Rights ("General Objections"), which are incorporated in and made a part of each response as set forth below:

1.     The French Defendants object that these Interrogatories and Requests are unenforceable in the absence of personal jurisdiction over them in these proceedings and by virtue of Plaintiffs' failure to properly serve them under the Hague Convention.  As set forth in Sanofi

and Aventis Pharma S.A.'s Memorandum in Support of Their Motion to Dismiss For Lack of Personal Jurisdiction (Doc. 346-1), the French Defendants are not U.S. companies, do not conduct business in the United States, and have not engaged in the research and development, testing, manufacturing, labeling, advertising, marketing, promoting, selling, or distributing of Taxotere® anywhere in the United States. *See* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at 7-9 (April 28, 2017). In addition, Plaintiffs' Requests were served on counsel, rather than pursuant to the terms of the Hague Convention. As a result, such service is ineffective, and the French Defendants submit these objections and responses without any waiver as to the propriety of service.

2. The French Defendants object that Plaintiffs' 45 Interrogatories represent a *prima facie* violation of Rule 33(a)(1), which allows a party to serve "no more than 25 written interrogatories, including all discrete subparts," unless otherwise stipulated or ordered by the Court. The French Defendants also object that Plaintiffs' Requests represent a *prima facie* violation of Rule 26(g)(1)(B), which mandates a proportionality-like standard of care for *all* parties requesting and producing discovery to certify that all discovery disclosures, requests, responses, and objections do not "needlessly increase the cost of litigation" and that requests are "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." In addition, under Rule 26(b)(1), discovery requests must be both "<u>relevant</u> to any party's claim or defense" and "<u>proportional</u> to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).

3. The French Defendants object to each Interrogatory and Request to the extent it calls for information or documents located in foreign countries without complying with legal

prerequisites to production from such foreign jurisdictions, in particular, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  Pursuant to the Hague Convention, discovery may be obtained by a party through two primary mechanisms.  The first method is a Letter of Request sent by a court in the requesting state.  23 U.S.T. 2555, Art. 1. The second mechanism authorizes diplomatic officers, consular agents, or appointed commissioners of the requesting state to collect evidence.  See 23 U.S.T. 2555, Arts. 15-16, 23.

4.     The French Defendants object to each Interrogatory and Request to the extent it calls for information or documents located in foreign countries without complying with legal prerequisites to production from such foreign jurisdictions, in particular, French Statute No. 68–678 of July 26, 1968 (the "French Blocking Statute").  The French Blocking Statute works in tandem with the Hague Convention, prohibiting the disclosure in foreign judicial proceedings of documents or information of an economic, commercial, industrial, financial or technical nature except in accordance with French domestic law or international treaties and agreements.  *See* Law No. 80-538 of July 16, 1980, Art. 1 *bis*.  Article 1A of the French Blocking Statute, French Penal Code No. 80-538, makes it a crime "for any person to request, seek or disclose, in writing, orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith."  *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 526 n.6 (1987) (quoting French Blocking Statute).  As set forth in more detail in Sanofi and Aventis Pharma S.A.'s Memorandum in Support of Their Motion for a Protective Order (Doc. 542-1), in light of the competing interests of the nations whose laws are in conflict, the hardship of compliance on the French Defendants, the relative importance of the documents requested with information readily available from parties within the United States, and

the United States Defendants' good faith willingness to provide responsive materials following a reasonable search, any discovery of the French Defendants should be made in compliance with the foregoing laws.  Otherwise, complying with this Request would pose a material risk of criminal liability.  Any violation of the French Blocking Statute is a criminal offense punishable by imprisonment of up to six months and a substantial monetary fine.  *Id.*

5.     The French Defendants object to each Interrogatory and Request to the extent it calls for information or documents located in foreign countries without complying with legal prerequisites to production from such foreign jurisdictions, in particular, the European Data Protection Directive 95/46/EC (the "European Directive") and French Law No. 78–17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, governing the processing and transfer of personal data outside France.  As set forth in more detail in Sanofi and Aventis Pharma S.A.'s Memorandum in Support of Their Motion for a Protective Order (Doc. 542-1), compliance with the FDPA is mandatory even if discovery is conducted through the Hague Convention. Similarly, the French Defendants object to each Request to the extent that it calls for production of documents disclosure of which might violate the Health Insurance Portability and Accountability Act ("HIPAA"), as well as other federal statutes and FDA regulations.

6.     The French Defendants object to each Interrogatory and Request based on relevance that the requested information should be limited to conduct occurring within the United States, which is where Plaintiffs' allege they were diagnosed, treated, and allegedly injured with Taxotere.

7.     The French Defendants object to each Interrogatory and Request to the extent it seeks information that is inconsistent with or enlarges the scope of permissible discovery under applicable law.

8.      The French Defendants object to each Interrogatory and Request to the extent it is overbroad, burdensome, and oppressive, including but not limited to the extent they seek "any and all" information that refers, relates to, or concerns a particular Request.  Plaintiffs' request for "any and all" information on an issue is unduly burdensome, and the French Defendants' discovery obligations are limited by principles of reasonableness and proportionality.

9.      The French Defendants object to each Interrogatory and Request to the extent it calls for identification of documents or information subject to or protected by the attorney-client privilege, the work product doctrine, any other applicable privileges or doctrines limiting discovery, and any applicable law or regulations.  The French Defendants do not intend to waive, by these responses or by production of documents, any privileges or claims of confidentiality associated with information or documents that are produced in this action.

10.      The French Defendants object to each Interrogatory and Request to the extent it seeks documents or information that is a matter of public record and/or is as easily accessible to Plaintiffs as they are to Defendants.

11.      The French Defendants object to each Interrogatory and Request to the extent it seeks information or documents not relevant or reasonably calculated to lead to the discovery of admissible evidence or, if potentially relevant, so remote thereto as to make the disclosure of such information of little or no practical benefit while imposing an unreasonable and unnecessary burden and expense on Defendants in ascertaining and disclosing such information or documents.

12.      The French Defendants object to each Interrogatory and Request to the extent it is not limited in time or scope.

13.      Much of the information sought herein is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the

disclosure of which would be highly prejudicial to the French Defendants and the value of which cannot be calculated as economic damages. The French Defendants object to each Interrogatory and Request to the extent it seeks information or documents that are protected as trade secrets by applicable law or include proprietary or confidential commercial information.

14.     The French Defendants do not waive or intend to waive, by reason of their responses to Plaintiffs' Interrogatories and Requests, their right to:

(a)     revise, amend or supplement these responses;
(b)     object on any ground to the use of information or documents produced in response to Requests for any purpose, in whole or in part, in this or any other proceeding, action, or matter;
(c)     object on any grounds, at any time, to other discovery procedures or requests; and
(d)     object on the grounds of admissibility of any information or documents produced in response to following Requests.

## OBJECTIONS TO DEFINITIONS

1.     The French Defendants object to any "definition" that attempts to expand or alter their obligations in responding to discovery.

2.     The French Defendants object to the definition of the term "documents," "electronically stored information," and "things," as being overly broad to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules, and to the extent that the definitions would require Defendants to extract or recover data that is inaccessible or would require extraordinary costs and efforts to retrieve. The French Defendants further object that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection. The French Defendants object to the extent the definition purports to dictate production of "all non-identical copies and drafts of any of the foregoing . . . ." In addition, the

9

French Defendants reserve the right to produce documents as they are kept in the usual course of business, notwithstanding these definitions.

3.      The French Defendants object to the definition of the term "Taxotere" as being overly broad to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

4.      The French Defendants object to the definitions of the terms "Defendant," "you," and "your," to mean, "all parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors, or other representatives, including all corporations and affiliated entities."   Accordingly, where the terms, "Defendant," "you," and "your," are used in these Requests, the French Defendants will limit their responses to the party-Defendants, entities Sanofi and Aventis Pharma S.A., consistent with the applicable law. In addition, the French Defendants object to this definition to the extent that it would call for Defendants to provide information not within the knowledge of the French Defendants.   The French Defendants object that the definition is unduly burdensome in purporting to require Defendants to inquire of all of the individuals encompassed in the definitions in answering these Requests.   In addition, the French Defendants object to this definition to the extent that it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

5.      The French Defendants object to the definition of the term "communication" to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law.   The French Defendants also object to the definition to the extent it would require Defendants to extract or recover electronic or magnetic data that is inaccessible or

would require extraordinary costs and efforts to retrieve.  The definition of "Communication," for example, includes "any oral, written, spoke, or electronic transmission of information including meetings, discussions, conversations, telephone calls, memoranda, letters emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between you or between you and any other person or entity."  The French Defendants further object that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

6.      The French Defendants object to the definition of the terms "relating to," "relate to," "relating, "referring to," "refer to," "regarding," "concerning," or "concern" to the extent they seek discovery that is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law.

7.      The French Defendants object to the definition of the term "study" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the by applicable law and/or applicable local rules.  The French Defendants further object that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.  The French Defendants object to this definition to the extent it is not limited in time or scope.

8.      The French Defendants object to the definition of the term "test" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the by applicable law and/or applicable local rules.  The

French Defendants further object that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.  The French Defendants object to this definition to the extent it is not limited in time or scope.

9.     The French Defendants object to the definition of the term "FDA" to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law.

10.     The French Defendants object to the definition of the term "Foreign Regulatory Body" to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law.

11.     The French Defendants object to the definition of the term "identify" or "identity" as being overly broad to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules, and to the extent that the definition would require Defendants to extract or recover data that is inaccessible or would require extraordinary costs and efforts to retrieve.  The French Defendants further object that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

12.     The French Defendants object to the definition of the term "possession, custody, or control" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.  In addition, the French Defendants object to this definition to the extent that it would

12

call for Defendants to provide information not within the knowledge of Defendants. The French Defendants object that the definition is unduly burdensome in purporting to require Defendants to inquire of all of the individuals encompassed in the definitions in answering these Requests. In addition, the French Defendants object to this definition to the extent that it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

13.     The French Defendants object to the definition of the term "person" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

14.     The French Defendants object to the definition of the terms "and" and "or" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

15.     The French Defendants object to the use of the singular including the plural and vice versa as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

16.     The French Defendants object to the "Relevant Time Period" being defined as "January 1, 1997 to the present," as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules. The defined "Relevant Time Period" extends more than 20 years and is unreasonable.

## OBJECTIONS TO INSTRUCTIONS

1.     The French Defendants object to Instruction No. 1 to the extent that it purports to

require them to inquire of their "employees, representatives, agents, and attorneys."  The instruction renders these requests overly broad and unduly burdensome.  The French Defendants also objects to the extent that this instruction seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.  As indicated above, where the terms, "Defendant," "you," and "your," are used in these Requests, Defendants will limit their responses to the party-Defendants, entities Sanofi and Aventis Pharma S.A., consistent with the applicable law.

2.     The French Defendants object to Instruction No. 2, which purports to require explanation of any inabilities to respond, to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

3.     The French Defendants object to Instruction No. 3, which purports to require a continuing obligation to respond, to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

4.     The French Defendants object to Instruction No. 4, which purports to require production of documents outside the so-called "Relevant Time Period," to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

5.     The French Defendants object to Instruction No. 5 to the extent that it purports to require them to identify documents withheld on the grounds of privilege.  The instruction renders these requests overly broad and unduly burdensome.  The French Defendants also object to the extent that this instruction seeks information or material that is protected from disclosure by the

attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

6.      The French Defendants object to Instruction No. 6 to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

7.      The French Defendants object to Instruction No. 7 to the extent that it purports to require them to produce documents not in its possession, custody, or control, but "known and or reasonably available to you, regardless of whether such documents are in your possession, custody, or control, or in the possession, custody, or control of your agents, consignees, representatives, or investigators, including your attorneys or their agents, employees, representatives, or investigators." The instruction renders these requests overly broad and unduly burdensome. The French Defendants also object to the extent that this instruction seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection. As indicated above, where the terms, "Defendant," "you," and "your," are used in these Requests, Defendants will limit their responses to the party-Defendants, entities Sanofi and Aventis Pharma S.A., consistent with the applicable law.

8.      The French Defendants object to Instruction No. 8 which purports to require explanation of any inability to produce a document in full and "the reasons for your inability to produce the remainder and the approximate date when you expect to produce such documents," to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

9.      The French Defendants object to Instruction No. 9, which purports to require a

15

continuing obligation to respond, to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

10.     The French Defendants object to Instruction No. 10, which purports to require Defendants to identify requested documents that have been "lost, destroyed, or otherwise disposed of since its preparation or receipt," to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules and objects to this instruction as being overly broad, unduly burdensome, and irrelevant to the parties' claims and defenses in this case.

11.     The French Defendants object to Instruction No. 11 to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.  The instruction also renders these requests overly broad and unduly burdensome.

12.     The French Defendants object to Instruction No. 12 to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.  The instruction also renders these requests overly broad and unduly burdensome.

13.     The French Defendants object to Instruction No. 13 to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

## **INTERROGATORIES**

1.     Identify your current and former U.S. subsidiaries involved in the prescription drug business, stating for each subsidiary the state in which it was organized or incorporated, the address of its corporate headquarters, each state in which it is authorized to do business, the address of the principal

place business in each state, and its business operations.

**RESPONSE:** The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.  The French Defendants further incorporate by reference their objection to the definition of the terms "you," and "your," as set forth in their Objections to Definitions No. 4.[3]

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "U.S. subsidiary" and "prescription drug business" as vague, overly broad, unduly burdensome, and not properly tailored to the establishment of personal jurisdiction over the French Defendants.  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.   Finally, the French Defendants further incorporate by reference their objection to producing information that is a matter of public record and/or is as easily accessible to Plaintiffs as it is to Defendants, as set forth in General Objection No. 10.

Subject to and without waiving these objections, Sanofi responds that the information responsive to this Interrogatory is publicly available, and Sanofi otherwise refers Plaintiffs to the respective state corporate registration websites, where the information requested by Interrogatory

---

[3] In the interest of brevity, the French Defendants incorporate by reference General Objections Nos. 1, 2, 3, 4, and 5 into responses to Interrogatories Nos. 2-45.

No. 1 can be readily located by Plaintiffs.  *See, e.g.*, Alabama Sec. of State, *Business Entity Records*, http://sos.alabama.gov/government-records/business-entity-records (last visited June 27, 2017) (sanofi-aventis U.S. LLC is registered in Alabama); Arizona Corp. Comm., *Search*, http://ecorp.azcc.gov/Search (last visited June 27, 2017) (sanofi-aventis U.S. LLC is registered in Arkansas).  Further responding, Sanofi states that Sanofi US Services Inc. is a Delaware corporation with its principal place of business and headquarters at 55 Corporate Drive in Bridgewater, New Jersey and sanofi-aventis U.S. LLC is a Delaware limited liability company with its principal place of business and headquarters at 55 Corporate Drive in Bridgewater, New Jersey.

Sanofi US Services Inc. is currently registered and in good standing in Delaware, Florida, Massachusetts, New Jersey, New York, North Carolina, Ohio, Pennsylvania, and Virginia.  Sanofi-aventis U.S. LLC is currently registered and in good standing in Alabama, Arizona, Colorado, Delaware, Georgia, Indiana, Massachusetts, Missouri, Montana, Nevada, New Jersey, North Carolina, North Dakota, Utah, Washington, and West Virginia.

In addition to the entities listed above, non-active, predecessor entities Rhone-Poulenc Rorer Pharmaceuticals Inc. and Aventis Pharmaceuticals Products Inc. also marketed and/or sold Taxotere in the United States.

2.    Identify your U.S. subsidiaries involved in the prescription drug business that have provided goods or services to Sanofi or Aventis Pharma S.A., including the date and description of the goods or services provided.

**RESPONSE:**  Pursuant to the Parties' meet and confer efforts, the French Defendants understand this request to be withdrawn by Plaintiffs and reserve the right to object or respond at a later date.

3.    Describe the corporate relationship between you and your U.S. subsidiaries involved in the

prescription drug business, including any overlap between departments, and specifically including international regulatory or pharmacovigilance, any regular contact between such departments, and any approval required by one for the activities of another.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to the terms "international regulatory or pharmacovigilance," "regular contact," "any approval by one for the activities of another," "U.S. subsidiary," and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson v. Tanfoglio Giuseppe*, 615 F.3d 579, 587-88 (5th Cir. 2010) (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Administrators of Tulane Educ. Fund v. Ipsen*, 450 Fed. Appx. 326, 330 (5th Cir. 2011) (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

19

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 3, 8-11, 21-23, 33-36, and 43 of the Declaration of Claire Terrazas (attached as **Exhibit A**).

In addition, Sanofi responds that Sanofi is the indirect parent holding company of Sanofi US Services Inc. and sanofi-aventis U.S. LLC.  Departments between Sanofi and the U.S. entities are distinct and separate.  Neither Sanofi US Service Inc. nor sanofi-aventis U.S. LLC requires approval from Sanofi to perform day-to-day activities related to the marketing and/or sale of Taxotere in the United States.  Aventis Pharma S.A. is a subsidiary of Sanofi, and an indirect foreign affiliate (or sister) corporation to Sanofi US Services Inc. and sanofi-aventis U.S. LLC.  Departments between Aventis Pharma S.A. and the U.S. entities are distinct and separate.  Neither Sanofi US Services Inc. nor sanofi-aventis U.S. LLC requires approval from Aventis Pharma S.A. to perform day-to-day activities related to the marketing and/or sale of Taxotere in the United States.

4.     Describe the corporate relationship between Sanofi and Aventis Pharma S.A., including any overlap between departments, and specifically including international regulatory or pharmacovigilance, any regular contact between such departments, and any approval required by one for the activities of another.

**RESPONSE:**  Subject to and without waiving their objections, the French Defendants incorporate by reference their response to Interrogatory No. 3.  In addition, this Interrogatory seeks information about the corporate relationship between Sanofi and Aventis Pharma S.A., in an attempt to improperly impute the contacts of the U.S. Defendants to Sanofi, and then impute those contacts to Aventis Pharma S.A.  Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.

5.      Identify all of your current or past officers, directors, or employees who are or have been officers, directors, or employees of any of either of your U.S. subsidiaries involved in the prescription drug business, stating for each person the timeframe of service at each entity.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "service," "U.S. subsidiary," and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

        Subject to and without waiving these objections, the French Defendants respond that no past officers or directors of Sanofi have gone on to serve as officers or directors of Sanofi US Services Inc. or sanofi-aventis U.S. LLC.  Likewise, no past officers or directors of Sanofi US Services Inc. or sanofi-aventis U.S. LLC have gone on to serve as officers or directors of Sanofi.

6.      Identify the total annual revenue by year that you derived from sales of Taxotere in the

United States for each of the years that Taxotere has been sold in the United States.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory as not relevant to the establishment of personal jurisdiction over the French Defendants.  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi refers Plaintiffs to the chart below containing the total revenue from global sales of Taxotere directly or indirectly earned by sanofi-aventis U.S. LLC, Sanofi US Services Inc., Aventis Pharma S.A., and Sanofi for the past ten years. In addition, Sanofi refers Plaintiffs to publicly available documents, including Sanofi's Annual Reports on Form 20-F, which contain information responsive to this request.

| Year | Revenue from Global Sales | Year | Revenue from Global Sales |
|------|---------------------------|------|---------------------------|
| 2007 | €1,874 million | 2012 | €563 million |
| 2008 | €2,033 million | 2013 | €409 million |
| 2009 | €2,177 million | 2014 | €266 million |
| 2010 | €2,122 million | 2015 | €222 million |
| 2011 | €922 million | 2016 | €179 million |

7.     Identify separately the total annual revenue by year that sanofi-aventis U.S. LLC and Sanofi US Services Inc. derived from sales of Taxotere in the United States for each of the years that Taxotere has been sold in the United States.

**RESPONSE:**   Subject to and without waiving their objections, the French Defendants incorporate by reference their response to Interrogatory No. 6.

8.     Identify in dollars and as a percentage, the total sales and total revenue that you derived from U.S. subsidiaries for each of the years that Taxotere has been sold in the United States.

**RESPONSE:**   Subject to and without waiving their objections, the French Defendants incorporate by reference their response to Interrogatory No. 6.

9.     Explain how you allocate and mitigate losses between you and each U.S. subsidiary involved in the prescription drug business.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Interrogatory and the terms "U.S. subsidiary" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction over the French Defendants.  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that its accounting practices, including the allocation and mitigation of losses, comport with all laws governing Sanofi.

Additionally, Sanofi subsidiaries sanofi-aventis U.S. LLC and Sanofi US Services Inc. allocate and mitigate their losses, if any, independently of Sanofi.

10.    Explain how losses are allocated or mitigated between Sanofi and Aventis Pharma S.A.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  In addition, this Interrogatory seeks information about the corporate relationship between Sanofi and Aventis Pharma S.A., in an attempt to improperly impute the contacts of the U.S. Defendants to Sanofi, and then impute those contacts to Aventis Pharma S.A.  *Id.*  Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction over the French Defendants.

Subject to and without waiving these objections, Sanofi responds that the allocation or mitigation of losses between Sanofi and Aventis Pharma S.A. is not related to the establishment of personal jurisdiction in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint and otherwise refer Plaintiffs to their response to Interrogatory No. 9.

11.    Describe the foreign exchange risk management system, including as identified in the Sanofi Aventis 2008 20-F § C. Organization Structure, page 66, and describe any positions entered into to manage the operational risks of U.S. subsidiaries involved in the prescription drug business:

> "The holding company also operates a centralized foreign exchange risk management system, which enters into positions to manage the operational risks of its main subsidiaries."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant

Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction over the French Defendants.  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that its centralized foreign exchange risk management system is a system whereby Sanofi contracts hedges to address potential foreign exchange risk movements between the transactional currency and the functional currency of its subsidiaries. Sanofi may contract such hedges, when permissible by law, if there is a risk of currency fluctuation between the date a subsidiary agrees to a contract and the date the payment is due to the subsidiary.

12.    Describe the financing and cash surplus management provided by Sanofi, including as stated in the Sanofi 2011 20-F § C. Organization Structure, page 82, and identify any of Sanofi's U.S. subsidiaries involved in the prescription drug business that have received such financing and cash surplus management:

> "For most Group subsidiaries, Sanofi provides financing and centrally manages their cash surpluses."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint

¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that Sanofi, consistent with responsibilities of a typical parent holding company, manages cash surpluses of its subsidiaries and finances certain activity of its subsidiaries, as necessary.  For example, Sanofi, occasionally and as needed, may issue term loans to Aventis Inc.  Such loans are then repaid to Sanofi with income derived from the subsidiaries' business activities, including their cash surpluses.  Sanofi otherwise refers Plaintiffs to the response to Interrogatory No. 13, discussing Sanofi's cash pooling arrangement.

13.   Describe the cash pooling arrangement operated by Sanofi during the Relevant Time Period, including as identified in the Sanofi 2015 20-F § C. Organization Structure, page 73, and identify U.S. subsidiaries involved in the prescription drug business that have participated in this cash pooling arrangement:

> "The Sanofi [*sic*] parent company operates a cash pooling arrangement under which any surplus cash held by subsidiaries is managed centrally."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that its cash pooling arrangements are consistent with those of a typical parent holding company. Specifically, Sanofi US Services Inc. from time to time will transfer cash surpluses to one of its U.S. affiliates. This U.S. affiliate pools the cash from its subsidiary into one U.S. bank account. The cash pool provides for better interest rates on cash surpluses thanks to larger volume. These surpluses, if any, may eventually be transferred to Sanofi as the ultimate indirect owner of the affiliate and holding company, where the surpluses are held and reported to shareholders.

27

14.     Identify all investments, holdings, or assets of any kind, including bank accounts, real estate, and personal property located in the United States in which you have or had any direct, indirect, or beneficial ownership interest.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to the terms "all investments, holdings, or assets of any kind" and "any direct, indirect, or beneficial ownership interest" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 14, 17-20, 24-25, 37, and 43-44 of the Declaration of Claire Terrazas (attached as **Exhibit A**).   In addition, the French Defendants state that neither Sanofi nor Aventis Pharma S.A. have bank accounts, real estate, or personal property located in the United States.

15.     Identify all instances where you or any members of your respective boards or executives guaranteed or were a party to financial transactions, loans, real estate agreements, leases, or other contracts for sanofi-aventis U.S. LLC or Sanofi US Services Inc. or any other subsidiary or affiliate involved in the prescription drug business.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "any other subsidiary or affiliate" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 14, 17-20, 24-28, 37, and 43-44 of the Declaration of Claire Terrazas (attached as **Exhibit A**).

16.     Identify the persons making up the "management team" described in the following

29

statement found in the Sanofi Aventis 2004 Annual Report, p. 39:

> "When the group (just Sanofi at the time) moved into the U.S. market, our ambition was to succeed and we deployed the human and financial resources needed to achieve that success...We installed a management team made up of a perfect mix of U.S. and European talents."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.

Subject to and without waiving these objections, the French Defendants respond that the names of individuals on a "management team" in 2004 are not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

17.    Identify all of your current or former executives, board of directors, or employees who resided in the United States at any point during their tenure with either of you, including the timeframe in which the person resided in the United States.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not

relevant to the establishment of personal jurisdiction.

Subject to and without waiving these objections, the French Defendants respond that whether any current or former executives, board of directors, or employees have ever lived in the United States is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

18.    Identify all of your current or former executives, board of directors, or employees who visited the United States for business related to you or your subsidiaries at any point during their tenure with you, including the timeframe in which the person visited the United States and purpose for the visit.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory and the term "business," "at any point," and "subsidiaries" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma

31

S.A.

Subject to and without waiving these objections, the French Defendants respond that whether any current or former executives, board of directors, or employees have ever visited the United States for *any* business at *any point* during their tenure is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

19.    Identify any and all circumstances in which you have or had participation or veto power over the business decisions for its U.S. subsidiaries involved in the prescription drug business.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory and the terms "participation or veto power," "business decisions," "U.S. subsidiary," and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 14, 22-25, 27, 29-30, 33, 35-37, and 44 of the Declaration of Claire Terrazas (attached as **Exhibit A**).  Sanofi otherwise states that Sanofi does not have direct veto power or exercise control over day-to-day business decisions for Sanofi US Services Inc. or sanofi-aventis U.S. LLC.

20.     Describe how you interacted with U.S. subsidiaries involved in the prescription drug business in defining strategic priorities, coordinating work, or taking out the industrial property rights, including as described in the Sanofi Aventis 2008 20-F § C. Organization Structure, page 66:

> "Within the Group, the holding company oversees research and development activities, by defining strategic priorities, coordinating work, and taking out the industrial property rights under its own name and at its own expense."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and

purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that, as a general matter, Sanofi observes developments amongst its various subsidiaries related to its subsidiaries' research and development activities, workflow, strategic priorities, and industrial property rights.  Sanofi did not research or develop Taxotere, or take out industrial property rights under its own name for Taxotere.  Historically, as an indirect parent company, Sanofi helped define general business strategies related to Taxotere with its various subsidiaries, including its subsidiaries in the United States.  The local subsidiary was responsible for the actual implementation of any such general business strategy.

21.    Describe the process by which you review U.S. subsidiaries' contracts, bids, or other financial activities and how the circumstances under which such a review takes place.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to term "U.S. subsidiaries" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined");

*Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi responds that, as a parent holding company, it passively observes and is aware of the business activities of its various subsidiaries, including Sanofi US Services Inc. and sanofi-aventis U.S. LLC.  Sanofi does not routinely review the day-to-day contractual negotiations of Sanofi US Services Inc. or sanofi-aventis U.S. LLC.  In addition, the French Defendants refer Plaintiffs to Interrogatories No. 11 and 13, discussing Sanofi's foreign exchange risk management system and cash pooling system.

22.   Describe every right or role of sanofi-aventis U.S. LLC or Sanofi US Services Inc. in review or approval of provisions of your corporate policy.

**RESPONSE:**  Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the term "every right or role" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight

over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that whether the U.S. Defendants review or approve corporate policy is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

23.     Describe your involvement or participation allowed in decisions affecting the corporate organization or structure of U.S. subsidiaries involved in the prescription drug business.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma

S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 21-22, 26-28, 29-30, 33, 35-37, and 44 of the Declaration of Claire Terrazas (attached as **Exhibit A**).  In addition, the French Defendants respond that they do not have day-to-day involvement in the business decisions of Sanofi's various subsidiaries, including Sanofi US Services Inc. and sanofi-aventis U.S. LLC.

24.    Describe the involvement or participation of Sanofi, Aventis Pharma S.A., sanofi-aventis U.S. LLC, and Sanofi US Services Inc. in decisions to restructure Sanofi and its subsidiaries in or around 2015, including reducing the United States workforce.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the term "subsidiaries" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to Interrogatory No. 23, concerning involvement or participation in decisions affecting the corporate organization or structure of Sanofi's various subsidiaries.

25.     Describe your involvement, including time frames and locations, in research, development, testing, manufacture, labeling, marketing, promotion, sales, or distribution of Taxotere.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 11, 14-17, 21-22, 28-30, 33-35, and 46-48 of the Declaration of Claire Terrazas (attached as **Exhibit A**).   In addition, the French Defendants respond that neither Sanofi nor Aventis Pharma S.A. has been involved in research, development,

testing, manufacture, labeling, marketing, promotion, sales, or distribution of Taxotere for use in the United States.

26.    Describe your use and that of your non-U.S. subsidiaries of Taxotere marketing material provided or developed by U.S. subsidiaries involved in the prescription drug business.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to the terms "non-U.S. Subsidiaries," "U.S. subsidiaries," and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that foreign subsidiaries' use of marketing material is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

27.     Identify the current and historical owners and holders of property rights, patents, or trademarks related to Taxotere, and describe the licensing of Taxotere to any U.S. entity, including the name of the entity, the entity's relationship to you, the purpose of the licensing, period of licensing, and the terms of the licensing.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 88-1407, 1988 WL 92460, at *4 (D.N.J. Sept. 6, 1988) (holding that, "the only acts of [the defendant] which are material to this Court's [specific] jurisdiction inquiry are those which specifically relate to plaintiffs' . . . claims."); *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi responds that the information responsive to this request is publicly available, and Sanofi otherwise refers Plaintiffs to the United

States Patent and Trademark Office website.  Further responding, the French Defendants state that there was no agreement between the French Defendants and Sanofi US Services Inc. or sanofi-aventis U.S. LLC related to the licensing of Taxotere.   In 1999, Rhone-Poulenc Rorer S.A. assigned ownership of the Taxotere patents to Aventis Pharma S.A., via a name change conveyance.  Pursuant to this transfer, Aventis Pharma S.A. became the sole owner of the Taxotere patents.  Sanofi-aventis U.S. LLC is the entity authorized to market and sell Taxotere in the United States.

28.     Identify by name, job title, employer, current or last known address, and responsibility or authority, each person who was involved in licensing property rights, patents, or trademarks for Taxotere to any U.S. entity.

**RESPONSE:**  Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 88-1407, 1988 WL 92460, at *4 (D.N.J. Sept. 6, 1988) (holding that, "the only acts of [the defendant] which are material to this Court's [specific] jurisdiction inquiry are those which specifically relate to plaintiffs' . . . claims."); *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed.

41

Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to Interrogatory No. 27, concerning the licensing of Taxotere patents.

29. Describe your role in compliance with the reporting requirements contained in 21 C.F.R. 314.80(b) and (c).

**RESPONSE:** The French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that sanofi-aventis U.S. LLC is the entity responsible for reporting requirements contained in 21 C.F.R. § 314.80(b) and (c) related to post-marketing adverse event reporting to FDA. Such reports may include adverse events reported globally, including reports communicated to or from other affiliate corporations, which may include Aventis Pharma S.A.

30. Describe in detail your location and storage procedures for files maintained pursuant to 21 C.F.R. § 820.198 with respect to Taxotere.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant

Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   The French Defendants also object to this Request to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure.   *See generally E.E.O.C. v. Boeing Co.*, No. 05-cv-03034, 2007 WL 1146446, *3 (D. Ariz. Apr. 18, 2007) (denying discovery about discovery in 30(b)(6) deposition notice, which was not related to any claim or defense in the case and could not satisfy relevancy standard); *Ingersoll v. Farmland Foods, Inc.*, No. 10-cv-6046, 2011 WL 1131129, *16 (W.D. Mo. Mar. 28, 2011) (denying discovery regarding litigation holds and preservation efforts as "entirely premature" where no facts implicated the issue); *Hubbard v. Potter*, 247 F.R.D. 27 (D.D.C. 2008) (precluding meta-discovery deposition where plaintiffs failed to make a sufficient showing that the documents produced justified discovery about discovery).

Subject to and without waiving these objections, the French Defendants respond that 21 C.F.R. § 820.198 is related to post-market adverse event reporting for medical devices to FDA. Taxotere is not a medical device, and is therefore not subject to 21 C.F.R. § 820.198.

43

31.    Describe in detail your internal complaint tracking system(s) for tracking and storing information related to Taxotere , including documents relating to reports made to any U.S. or foreign government department or agency, all MedWatch reports, all reports submitted to the Health Products and Food Branch Inspectorate (HPFBI) of Health Canada, Comites de Protection des Personnes (CPP), Medicines and Healthcare products Regulatory Agency (MHRA) (formerly Medical Devices Agency (MDA)), Agence Française de Sécurité Sanitaire des Produits de Santé (AFSAAPS), the Australian Department of Health and Ageing, Therapeutic Goods Administration, and all other medical device vigilance reporting required in any country.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the term "U.S. or foreign government department or agency" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").  The French Defendants also object to this Request to the extent that it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure.  *See generally E.E.O.C. v. Boeing Co.*, No. 05-cv-03034, 2007 WL 1146446, *3 (D. Ariz. Apr. 18,

44

2007) (denying discovery about discovery in 30(b)(6) deposition notice, which was not related to any claim or defense in the case and could not satisfy relevancy standard); *Ingersoll v. Farmland Foods, Inc.*, No. 10-cv-6046, 2011 WL 1131129, *16 (W.D. Mo. Mar. 28, 2011) (denying discovery regarding litigation holds and preservation efforts as "entirely premature" where no facts implicated the issue); *Hubbard v. Potter*, 247 F.R.D. 27 (D.D.C. 2008) (precluding meta-discovery deposition where plaintiffs failed to make a sufficient showing that the documents produced justified discovery about discovery).

Subject to and without waiving these objections, the French Defendants respond that sanofi-aventis U.S. LLC maintains various data systems related to complaints and complaint tracking, and sanofi-aventis U.S. LLC is the entity responsible for making any reports to applicable regulatory authorities in the United States, in compliance with applicable regulations related to Taxotere.

32.   Identify your employees who were involved in the FDA approval of Taxotere, including all who had contact regarding FDA approval or other interaction with the FDA, including preapproval meetings, contribution to pre-meeting packages and submitted materials, or attendance at any in person or phone conferences. For each employee identified, describe the full nature of the employee's involvement and the dates of involvement.

**RESPONSE:** The French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants incorporate by

45

reference and direct Plaintiffs to Paragraphs 46-48 of the Declaration of Claire Terrazas (attached as **Exhibit A**).  The Initial Taxotere NDA was submitted by Rhone-Poulenc Rorer Pharmaceuticals Inc. on July 27, 1994, for the treatment of patients with locally advanced or metastatic breast cancer who have progressed during anthracycline-based therapy or have relapsed during anthracycline-based adjuvant therapy.  As such, the French Defendants respond that neither Sanofi nor Aventis Pharma S.A. have current or former employees who had contact with FDA related to the approval of Taxotere by FDA on May 14, 1996.

33.    Explain the division of labor between you and your U.S. subsidiaries as it relates to the FDA and Taxotere, including the identity of your international regulatory department or any international regulatory employees, their roles, and a description of their interaction involved in the submission for approval of Taxotere in the United States and how adverse event reports related to Taxotere are shared, collected, or reported.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to the term "U.S. subsidiaries" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight

46

over "general operations, research, budget, and purpose").  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, Sanofi states that sanofi-aventis U.S. LLC is the holder of the New Drug Application (NDA) for Taxotere in the United States and therefore is the entity responsible for communicating information related to Taxotere to the FDA.  As such, sanofi-aventis U.S. LLC is responsible for collecting, sharing and reporting adverse event reports related to the sale of Taxotere in the United States, and prepares and submits such adverse event reports to FDA.  As part of this process, sanofi-aventis U.S. LLC reports adverse events to FDA related to Taxotere, which may have been first reported to it or its foreign affiliate corporations, including Aventis Pharma S.A., which is the Market Authorization Holder for Taxotere for various countries in Europe, including Austria, Belgium, Denmark, and Germany.

34.   Describe in detail your level of input or control over any of the following for Taxotere:

a. Design or manufacture;

b. Labeling, including any changes thereto;

c. Warnings, including any changes thereto;

d. Instructions or directions for use, including any changes thereto;

e. Sales and Marketing material, including materials to be distributed to end users, including medical articles or other information;

f. Operational policies;

g. Section of individuals for Speakers bureau or Key Opinion leaders (or other such positions);

h. Physician Training regarding use/administration of Taxotere; and

47

i. Sales training.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants incorporate by reference and direct Plaintiffs to Paragraphs 11, 21-23, 28-30, 33, 34-36, and 46-48 of the Declaration of Claire Terrazas (attached as **Exhibit A**).   In addition, the French Defendants respond that neither Sanofi nor Aventis Pharma S.A. were involved with the enumerated actions in (a) through (i) in relation to the sale and marketing of Taxotere in the United States.   Sanofi-aventis U.S. LLC is the entity in the United States responsible for communicating with other authorized marketers for Taxotere in other countries.

35.     Describe your role in communicating post-sale safety information to purchasers or users of

Taxotere, including drafting language or communications, communication in any form to purchasers or users, or funding such communications.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that their role in communicating "post-sale safety information to purchasers or users of Taxotere" around the world, or communication "in any form," or "funding such communication," is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

36.     Identify your employees who are authorized to access documents or information "related to adverse events, labeling decisions, clinical study data, marketing and promotional materials, or

correspondence with the FDA" regarding Taxotere.

**RESPONSE:**   Pursuant to the Parties' meet and confer efforts, the French Defendants understand this request to be withdrawn by Plaintiffs and reserve the right to object or respond at a later date.

37.    Identify all insurance policies that list you as a named or other insured, stating which entity paid the premium, the type of policy, number, and coverage provided, and the name of the insured and insurer(s).

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants respond that their insurance policies are not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

38.    Identify your compensation or benefit programs that employees of U.S. subsidiaries involved in the prescription drug business may participate in, including vacation, employee

exchange, health insurance, disability, life insurance or death benefits, pensions, stock options, or other savings plans.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (allegations with respect to a parent's involvement in the formulation of human resources policies is not sufficient to impute the subsidiary's jurisdictional contact to the parent). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that compensation or benefit programs available to employees of U.S. subsidiaries is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

39.    Describe the new One Sanofi, One HR system identified the Sanofi 2015 Corporate Responsibility Report § A Single HR System Solution, page 65, and identify U.S. subsidiaries

involved in the prescription drug business that have participated in this system:

> "The new One Sanofi, One HR [sic] system is being phased in gradually and its related harmonized processes will ultimately support every manager and employee to better drive individual development, career management and business performance."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to the terms "U.S. subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (allegations with respect to a parent's involvement in the formulation of human resources policies is not sufficient to impute the subsidiary's jurisdictional contact to the parent).  Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that their involvement in the formulation of human resources policies, including the "One HR system," is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

40.     Describe your past and current involvement in the labor relations of U.S. subsidiaries,

including sanofi-aventis U.S. LLC and Sanofi US Services Inc.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory and term "U.S. subsidiaries" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (allegations with respect to a parent's involvement in the formulation of human resources policies is not sufficient to impute the subsidiary's jurisdictional contact to the parent). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that their involvement in "labor relations" of U.S. Subsidiaries is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

41.    Describe the process by which you aimed to offer all employees in all subsidiaries compensation that is superior to the average salary for the pharmaceutical market, including as stated in the 2004 Sanofi Aventis Sustainable Development Report, page 38, and identify all

participants or beneficiaries.

> "The Group aims to offer all employees in all subsidiaries compensation that is superior to the average salary for the pharmaceutical market."

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory and the terms "all subsidiaries" and "prescription drug business" as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (allegations with respect to a parent's involvement in the formulation of human resources policies is not sufficient to impute the subsidiary's jurisdictional contact to the parent). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that information related to compensation policies across "all subsidiaries" is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

42. Describe whether and when your executives, board of directors, or employees, upon visiting or residing in the United States, used or could have used office space or equipment on the

property of either sanofi-aventis U.S. LLC or Sanofi US Services Inc., from 1997 to 2016, and how they were paid and expenses reimbursed.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that whether or when employees visiting or residing in the United States used "or could have used" office space  is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

43.    Describe whether and when your executives, board of directors, or employees, upon visiting or residing the United States, rented, used, or paid for office space or equipment independent of the property of sanofi-aventis U.S. LLC or Sanofi US Services Inc., from 1997 to

2016, and how they were paid and expenses reimbursed.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants. *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017). Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose"). Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that where employees visiting or residing in the United States worked is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

44.    Identify and describe every management, sales, or training program available to employees of Sanofi and Sanofi's U.S. subsidiaries involved in the prescription drug business from 1997 to 2016, including the location of such programs and the dates of any related meetings or events that took place in the United States.

**RESPONSE:** Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi. *See* Master Complaint

¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Interrogatory as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Interrogatory seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.   *See, e.g., Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").   Aventis Pharma S.A. also objects to this Interrogatory to the extent that it seeks information related to the U.S. Defendants, neither of which is a subsidiary of Aventis Pharma S.A.

Subject to and without waiving these objections, the French Defendants respond that "every management, sales, or training program" available to employees "involved in the prescription drug business" is not related to the establishment of personal jurisdiction over the French Defendants, in light of the theory of jurisdiction advanced in Plaintiffs' Master Complaint.

45.   Excluding this litigation, identify every instance in which you filed or were named party to a lawsuit filed in any U.S. court, including the name of the court, caption of the lawsuit, case number, date filed, subject of the lawsuit, whether personal jurisdiction was contested, and disposition.

**RESPONSE:** Pursuant to the Parties' meet and confer efforts, the French Defendants understand this request to be withdrawn by Plaintiffs and reserve the right to object or respond at a later date.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce tax returns for years 1997-2016 for your U.S. subsidiaries involved in the manufacture, distribution, or sale of Taxotere.

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

2.    Produce all documents regarding your cash pooling arrangement with U.S. subsidiaries involved in the prescription drug business, including as described in the Sanofi 2015 20-F § C. Organization Structure, page 73:

> "The Sanofi [*sic*] parent company operates a cash pooling arrangement under which any surplus cash held by subsidiaries is managed centrally."

**RESPONSE:**     The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 13.

**RESPONSE:**

3.     Produce all documents regarding the shifting, sharing, commingling, or allocating of costs, fees, profits, awards, or liabilities between or among you and your U.S. subsidiaries involved in the prescription drug business.

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

4.     Produce all documents regarding the financial relationship between or among you and your U.S. subsidiaries involved in the prescription drug business, including documents showing or indicating inter-company financing or capital funds flow between or among entities.

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can

be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

5.      Produce all documents regarding the financing and cash surplus management provided by Sanofi to any of its U.S. subsidiaries involved in the prescription drug business, including as described in the Sanofi 2011 20-F § C. Organization Structure, page 82:

> "For most Group subsidiaries, Sanofi provides financing and centrally manages their cash surpluses."

**RESPONSE:**      The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of

personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants,

it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.

*See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities'

"business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego

relationship despite "general guidance" and oversight over "general operations, research, budget,

and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer

Plaintiffs to their response to Interrogatory No. 12.

6.    Produce all documents regarding your managing the operational risks of U.S. subsidiaries

involved in the prescription drug business, including as described in the Sanofi Aventis 2008 20-

F § C. Organization Structure, page 66:

> "The holding company also operates a centralized foreign exchange risk management
> system, which enters into positions to manage the operational risks of its main
> subsidiaries."

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing

information or documents located in foreign countries without complying with the legal

prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related

contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can

be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also*

Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No.

2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this

Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of

personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants,

it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 11.

7.    Produce all contracts, agreements, commitments, and arrangements between you and U.S. subsidiaries regarding the sales, marketing, or business of Taxotere.

**RESPONSE:**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget,

and purpose").

8.    Produce all documents that refer to or discuss the ownership or licensing of intellectual property rights, patents, or trademarks related to Taxotere in the United States.

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory Nos. 27-28.

9.    Produce all of your communications with a regulatory agency in the United States regarding Taxotere.

**RESPONSE:**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

10.     Produce all operational policies, international or otherwise, including standard operating procedures or other policy documents written or used by you, that have been used or followed by U.S. subsidiaries involved in the prescription drug business, in whole or in part, including policies regarding:

  a. Labeling, including global labeling committee, policies regarding changes in labels, and instructions for use;

  b. Studies, including study selection and management, documentation, investigator agreements, investigator sponsored studies, structure and content of clinical study

reports, or other documents related to handling of studies;

c. Pharmacovigilance, including policies on detecting or processing of safety signals, medical affairs handling of adverse events, handling of spontaneous reports, and reporting required between entities to comply with FDA's or Foreign Regulatory Body's regulatory agency requirements;

d. Medical publications, including information related to global publication clearance or procedures for publications of clinical studies;

e. Regulatory, including any approval of products, compilation, or submission of information to the FDA or other regulatory bodies; and

f. Corporate Compliance or governance policies.

**RESPONSE:**    The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego

relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

11.     Produce all communications between you and U.S. subsidiaries regarding adverse event report related to Taxotere.

**RESPONSE:**     The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).  Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 11.

12.     Produce your communications regarding the marketing of Taxotere in the United States.

**RESPONSE:**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

13.    Produce all documents regarding your oversight of research and development activities in the United States, including as described in the Sanofi Aventis 2008 20-F § C. Organization Structure, page 66:

> "Within the Group, the holding company oversees research and development activities, by defining strategic priorities, coordinating work, and taking out the industrial property rights under its own name and at its own expense."

**RESPONSE:**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.  To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants.  *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 20.

14.   Produce all documents regarding the implementation of One Sanofi, One HR system in U.S. subsidiaries involved the prescription drug business, including as described in the Sanofi 2015 Corporate Responsibility Report § A Single HR System Solution, page 65:

> "The new One Sanofi, One HR [sic] system is being phased in gradually and its related harmonized processes will ultimately support every manager and employee to better drive individual development, career management and business performance."

**<u>RESPONSE:</u>**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related

contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 39.

15.   Produce all documents regarding your attempt to offer superior compensation to employees of U.S. subsidiaries involved in the prescription drug business, including as described in the 2004 Sanofi Aventis Sustainable Development Report, page 38:

> "The Group aims to offer all employees in all subsidiaries compensation that is superior to the average salary for the pharmaceutical market."

**RESPONSE:**   The French Defendants incorporate by reference their objection to producing information or documents located in foreign countries without complying with the legal prerequisites to such production, as set forth in their General Objection Nos. 1, 2, 3, 4, and 5.

Plaintiffs' jurisdictional theory is that the French Defendants have relevant Taxotere related contacts in the United States, or that relevant Taxotere-related contacts of the U.S. Defendants can be imputed to the French Defendants—specifically, Sanofi.  *See* Master Complaint ¶ 19; *see also*

Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction, MDL No. 2740, Doc. 346-1, at n.13 (April 28, 2017).   Therefore, the French Defendants object to this Request as vague, overly broad, unduly burdensome, and not relevant to the establishment of personal jurisdiction.   To the extent this Request seeks information related to the U.S. Defendants, it is simply not relevant to the establishment of personal jurisdiction over the French Defendants. *See, e.g.*, *Jackson*, 615 F.3d at 587-88 (no alter-ego relationship despite the fact that the entities' "business relationships are deeply intertwined"); *Ipsen*, 450 Fed. Appx. at 330 (no alter-ego relationship despite "general guidance" and oversight over "general operations, research, budget, and purpose").

Subject to and without waiving these objections, the French Defendants otherwise refer Plaintiffs to their response to Interrogatory No. 41.

71

Respectfully submitted,

_____
Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com

Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE  URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, I served the foregoing on Plaintiffs' Counsel.

_____