UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)     MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

*Castagnola v. Sanofi S.A., et al.*, 2:17-cv-03864-KDE-MBN (E.D. La.)
*Ernys-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.)
*Fuller v. Sanofi S.A., et al.*, 2:17-cv-01812-KDE-MBN (E.D. La.)
*Gardner v. Sanofi S.A., et al.*, 2:17-cv-03865-KDE-MBN (E.D. La.)
*Jenkins v. Sanofi S.A., et al.*, 2:17-cv-03866-KDE-MBN (E.D. La.)
*Johnson v. Sanofi S.A., et al.*, 2:17-cv-05833-KDE-MBN (E.D. La.)
*McCallister, et al. v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.)
*Pickrell v. Sanofi S.A., et al.*, 2:17-cv-01813-KDE-MBN (E.D. La.)
*Smith v. Sanofi S.A., et al.*, 2:17-cv-05832-KDE-MBN (E.D. La.)
*West v. Sanofi U.S. Services Inc., et al.*, 2:17-cv-02067-KDE-MBN (E.D. La.)
*Wright v. Sanofi S.A., et al.*, 2:17-cv-01814-KDE-MBN (E.D. La.)

**SANOFI-AVENTIS U.S. LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This Court ordered Plaintiffs to provide "individualized statements regarding what information exists as to McKesson Corporation's alleged connection to each Plaintiff." (Rec. Doc. 620.) Yet, none of the purported information provided in Plaintiffs' Supplemental Memorandum as ordered by the Court actually connects McKesson to each Plaintiff. (Rec. Doc. 629.)

Unbeknownst to Sanofi, some of these California Plaintiffs did ask McKesson if it distributed to a list of facilities where they were allegedly treated with Taxotere. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum. McKesson confirmed "it did not distribute [branded] Taxotere to any of the locations." *Id.* Yet, even with McKesson's response – dated March 22, 2017 – Plaintiffs pushed the remand motion and contend throughout the Supplemental Memorandum that they were treated with branded Taxotere.

Of the twenty-five Plaintiffs at issue, medical records were provided for only two – Ms. Ernyes-Kofler and Ms. Pickrell. *See* Plaintiffs' Exhibits F and G to the Supplemental Memorandum. Ms. Pickrell's Complaint was filed on December 16, 2016, yet the medical records attached to Plaintiffs' memorandum are dated July 12, 2017 – one day before this information was required by the Court.[1] *See* Plaintiffs' Exhibit G to the Supplemental Memorandum. Ms. Pickrell cites to these medical records, claiming a "J" code establishes McKesson distributed her Taxotere. *Id.*. However, the Healthcare Common Procedure Coding System information provided by Plaintiff does not establish McKesson distributed the product administered to Ms. Pickrell. A "J" code is a general code used to report injectable drugs. It is not determinative of McKesson's connection to the case.

Moreover, Plaintiffs provide NDC codes for only four of the twenty-five Plaintiffs – Ms. Penny Miller (*McCallister*), Ms. Carolyn Boyd (*McCallister*), Ms. Ernyes-Kofler, and Ms. Sylvia Washington (*Ernyes-Kofler*). Regardless, an NDC code does nothing to connect a case to McKesson – it merely affirmatively identifies the manufacturer of the product at issue – something Plaintiffs cannot do in many of their cases after generic docetaxel entered the market. Moreover, the NDC code provided for Ms. Ernyes-Kofler (63739-932-11) is a McKesson NDC code for generic docetaxel, and has no connection whatsoever to Sanofi..[2] Thus, Sanofi is not even a proper party in the *Ernyes-Kofler* case and should be dismissed.

---

[1] In fact, much of the "research" conducted by Plaintiffs is either undated or shows that the research was conducted well after Plaintiffs filed their lawsuits. *See* Plaintiffs' Exhibit D (dated July 11, 2017); Exhibit E (dated July 11, 2017); Exhibit N (dated February 2, 2017-April 10, 2017).

[2] McKesson has its own generic docetaxel NDC number that has no connection to Sanofi. Hence, McKesson is named as a Defendant in the Master Complaint, and as an "Other Brand Name Drug Sponsor[], Manufacturer[], Distributor[]" on the Short Form Complaint. *See* Rec. Doc. 312 at ¶¶ 55-56 (Master Long Form Complaint), 331 (Amended Short Form Complaint).

Additionally, Plaintiffs repeatedly cite to Exhibits B and C to their Supplemental Memorandum in order to support the proposition that "McKesson distributed Sanofi Taxotere during the period before generics were available." However, Exhibit B is a BlueCross BlueShield of Texas document and Exhibit C is a BlueCross BlueShield of Illinois document and only one Plaintiff (Josephine Hicks of the multi-plaintiff *McCallister* case) is from either of these two states.

And, finally, even though Plaintiffs provide facility where each allegedly received Taxotere (albeit without supporting medical records for the vast majority of them), this does not connect McKesson to each Plaintiff – which is what this Court mandated. Simply because a Plaintiff received Taxotere (or docetaxel) <u>does not mean that McKesson distributed that specific product</u>. For these reasons, and those outlined in more detail below, Plaintiffs have failed to satisfy their burden of proving that McKesson is connected to each of these Plaintiffs and, accordingly, this Court should deny remand.

**Case 1: Susan Fuller**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

**Case 2: Joann Pickrell**

- No NDC code provided
- No evidence counsel sought distribution information from McKesson
- The Healthcare Common Procedure Coding System information provided by Plaintiff does not establish McKesson distributed the product administered to Ms. Pickrell. A "J" code is a general code used to report injectable drugs. It is not determinative of McKesson's connection to the case.

**Case 3: Margarett Wright**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

- Plaintiff claims "McKesson is known to have distributed docetaxel at Kaiser Permanente facilities in California." (Rec. Doc. 628 at 4.) Yet, in the *West* case, McKesson provided a declaration stating that it never distributed to the Kaiser Permanente facility in Walnut Creek, California. *See West v. Sanofi S.A., et al.*, 2:17-cv-02067-KDE-MBN (E.D. La. Feb. 24, 2017), ECF No. 1-8.

### Case 4: Robin Castagnola

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

### Case 5: Candyse Jenkins

- No medical records provided
- No NDC code provided
- Counsel sought distribution information from McKesson and McKesson confirmed that it did not distribute branded Taxotere to the location where Plaintiff was allegedly treated. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 6: Mary Gardner

- No medical records provided
- No NDC code provided
- Counsel sought distribution information from McKesson and McKesson confirmed that it did not distribute branded Taxotere to the location where Plaintiff was allegedly treated. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 7: Klara Ernyes-Kofler

- NDC code is a generic docetaxel McKesson NDC code that has no connection to Sanofi
- Counsel sought distribution information from McKesson and McKesson confirmed that it did not distribute branded Taxotere to the location where Plaintiff was allegedly treated. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 8: Nadine Spertus

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson[3]

---

[3] The only La Jolla, California facility included on Exhibit N is XiMed Medical Group – not Sripps Memorial Hospital which is where the brief indicated Ms. Spertus was treated. (Rec. Doc. 628 at 6.) Regardless, McKesson confirmed that it did not distribute branded Taxotere to XiMed Medical Group. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 9: Ann Buchanan

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

### Case 10: Vera Sue Green

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

### Case 11: Sharon M. Stewart

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

### Case 12: Sylvia Washington

- No medical records provided
- No evidence counsel sought distribution information from McKesson

### Case 13: Lisa McCallister

- No medical records provided
- No NDC code provided
- Counsel sought distribution information from McKesson, but response from McKesson is pending Plaintiffs' counsel providing NDC information. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 14: Janine Hanson

- No medical records provided
- No NDC code provided
- Counsel sought distribution information from McKesson and McKesson confirmed that it did not distribute branded Taxotere to the location where Plaintiff was allegedly treated. *See* Plaintiffs' Exhibit N to the Supplemental Memorandum.

### Case 15: Brenda Banks

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

**Case 16: Brenda Hawkins**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

**Case 17: Penny Miller**

- No medical records provided
- No evidence counsel sought distribution information from McKesson

**Case 18: Carolyn Boyd**

- No medical records provided
- No evidence counsel sought distribution information from McKesson

**Case 19: Sandra Isham**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson
- That the University of Tennessee is affiliated with U.S. Oncology and McKesson Specialty Health does not establish McKesson distributed the product administered to Ms. Isham
- The Healthcare Common Procedure Coding System information provided by Plaintiff does not establish McKesson distributed the product administered to Ms. Isham. A "J" code is a general code used to report injectable drugs. It is not determinative of McKesson's connection to the case.

**Case 20: Ida Vincent**

- Plaintiffs intend to dismiss this case

**Case 21: Geraldine Jones**

- Plaintiffs intend to dismiss this case

**Case 22: Josephine Hicks**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson
- That McKesson is allegedly the "prime vendor" to the Department of Veterans Affairs does not establish McKesson distributed the product administered to Ms. Hicks

**Case 23: Vera Smith**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson
- The billing records cited by Plaintiff do not establish McKesson distributed the product administered to Ms. Smith

**Case 24: Judy Johnson**

- No medical records provided
- No NDC code provided
- No evidence counsel sought distribution information from McKesson

**Case 25: Celeste West**

- Not discussed in Plaintiffs' brief; pending notice of dismissal
- In Notice of Removal, McKesson provided a declaration stating that it has never distributed to the Kaiser Permanente facility in Walnut Creek, California where Plaintiff was allegedly treated. *See West v. Sanofi S.A., et al.*, 2:17-cv-02067-KDE-MBN (E.D. La. Feb. 24, 2017), ECF No. 1-8.

Because Plaintiffs failed to satisfy their burden of proving that McKesson is connected to each of these Plaintiffs, this Court should deny remand.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

> Harley Ratliff
> Adrienne L. Byard
> **SHOOK, HARDY & BACON L.L.P.**
> 2555 Grand Boulevard
> Kansas City, Missouri 64108
> Telephone: 816-474-6550
> Facsimile:  816-421-5547
> hratliff@shb.com
> abyard@shb.com
>
> *Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.


/s/ *Douglas J. Moore*