UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVETA JORDAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-865 (CEJ) |
| ) | |
| BAYER CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(2), and 12(b)(6), and defendants' motion to sever. Also before the Court are plaintiffs' motions to remand and stay this action. The issues are fully briefed.

### I. Background

On January 19, 2017, the plaintiffs initiated this action in the Circuit Court for the City of St. Louis, Missouri to recover damages for injuries they allegedly sustained as a result of using Essure, a medical device manufactured and sold by the defendants. In the complaint, plaintiffs assert claims of (1) negligence, (2), negligence per se, (3) negligent misrepresentation, (4) strict liability for failure to warn and manufacturing defects, (5) fraud, (6) constructive fraud, (7) fraudulent concealment, (8) breach of express and implied warranties, (9) violations of assorted state consumer protection laws, (10) Missouri products liability under Mo. Rev. Stat. § 537.760, (11) violation of the Missouri Merchandising Practices Act under Mo. Rev. Stat. § 407.020, and (12) gross negligence.

Of the 94 plaintiffs, seven are citizens of Missouri. One plaintiff is an Illinois citizen who allegedly had the device implanted in Missouri. The remaining plaintiffs are citizens of 25 different states.

On March 9, 2017, defendants Bayer Corporation, Bayer Essure, Inc., Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals, Inc., jointly removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1332.[1] Bayer Corporation is a citizen of New Jersey and Indiana; Bayer Healthcare LLC is a citizen of Delaware, Pennsylvania, New Jersey, Germany, and the Netherlands; Bayer Essure, Inc. and Bayer Healthcare Pharmaceuticals, Inc., are citizens of Delaware and New Jersey; and Bayer A.G. is a German corporation.[2] Some of the plaintiffs are citizens of Delaware, Indiana, and Pennsylvania. Despite the lack of complete diversity on the face of the complaint, defendants argue that they properly removed this case. Specifically, they contend that removal was proper because the diversity-destroying plaintiffs were misjoined, jurisdiction lies under the Class Action Fairness Act, and plaintiffs plead violations of federal law, thus invoking federal question jurisdiction. Plaintiffs counter that all of the claims are properly joined, and the Court lacks subject-matter jurisdiction over this action in the absence of complete diversity of the parties. They also contest defendants' assertion that federal question

---

[1] The Court does not agree that plaintiffs' claims arise under federal law; the violations of federal law asserted in plaintiff's complaint are not "substantial" enough to support federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808–17 (1986). Notably, defendants' preemption defense is inadequate to confer federal question jurisdiction. *Id.* at 808; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (reasoning that the "federal question must appear on the face of the complaint"). This determination does not affect any preemption arguments.

[2] Plaintiffs have not yet executed service of process on foreign defendant Bayer AG. However, Bayer AG consented to removal. [Doc. #1 at 8 n.1]. Additionally, an unserved defendant's citizenship is still considered for purposes of diversity jurisdiction. *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981).

2

jurisdiction exists here. Plaintiffs urge the Court to refrain from ruling on the defendants' motions and instead rule on their remand motion first.

In their motion to dismiss, the defendants assert (1) lack of personal jurisdiction over the out-of-state plaintiffs' claims, (2) forum non-conveniens with respect to the out-of-state plaintiffs' claims, (3) express and implied preemption, (4) failure to state a claim on which relief can be granted, and (5) failure to plead fraud claims with particularity. Defendants argue that the Court should address the "straightforward" personal jurisdiction issues first. [Doc. #4].

## II. **Legal Standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III. **Discussion**

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States,' and

is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendants argue that, in this case, the Court should dismiss the claims of the non-Missouri plaintiffs for lack of personal jurisdiction before addressing subject matter jurisdiction.

Under *Ruhrgas AG v. Marathon Oil Co.*, the Court has discretion to determine whether to consider its subject-matter jurisdiction or personal jurisdiction first. 526 U.S. 574, 578 (1999) (holding that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry," or otherwise stated, "there is no unyielding jurisdictional hierarchy"). "If personal jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Id.* at 586 (quoting *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986)). Conversely, a district court may also prioritize "judicial economy and restraint." *Id.* And if personal jurisdiction "turns on federal constitutional issues, 'federal intrusion into state courts' authority . . . is minimized.'" *Id.* at 586–87 (quoting *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 566 (5th Cir. 1993)).

Defendants argue that the claims of the 86 non-Missouri plaintiffs should be dismissed for lack of personal jurisdiction.[3] In this case the Court will prioritize the personal jurisdiction inquiry, which involves significant federal constitutional and

---

[3] Defendants do not seek to dismiss the claim of plaintiff Jennifer Dischbein for lack of personal jurisdiction. Although she is an Illinois citizen, she claims that the Essure device was implanted in her in Missouri.

4

judicial economy concerns. *Ruhrgas AG*, 526 U.S. at 578. Moreover, recent decisions have made personal jurisdiction the more straightforward inquiry. *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 (CDP), 2017 WL 2778107, at *2–3 (E.D. Mo. June 27, 2017).

### Personal Jurisdiction

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)); Fed. R. Civ. P. 12(b)(2). The evidence must be viewed in a light most favorable to the plaintiff; however, the burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

Personal jurisdiction can be specific or general. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (alterations in original) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)). Moreover, a defendant may consent to personal jurisdiction. The limits of due process envelop both general and specific jurisdiction; that is, the defendant must have certain minimum contacts with the state, so as to avoid offending "traditional notions of

5

fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted).

### 1. General Jurisdiction

If a court has general jurisdiction over a defendant, it can "'adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Miller*, 528 F.3d at 1091 (quoting *Bell Paper Box, Inc.*, 22 F.3d at 819). General jurisdiction may only be asserted insofar as it is authorized by state law and permitted by the Due Process Clause. *Viasystems, Inc.*, 646 F.3d at 595. A corporation may be subject to general jurisdiction where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Additionally, general jurisdiction may lie where a "corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 761 (internal quotation marks and citations omitted); *see also BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549 (2017).

The question of general jurisdiction is easily disposed of here, as none of the defendants is incorporated in Missouri or has its principal place of business in the state. Moreover, none of the defendants have such substantial and extensive contacts such that they are essentially "at home" in Missouri. Plaintiffs' allegations that defendants conduct "substantial business activities" in Missouri are insufficient to show that defendants are "at home." [Doc. #1-1 at 14]. Plaintiffs concede that the Court cannot exercise general jurisdiction over defendants. [Doc. #34 at 1]. Therefore, the defendants are not subject to general jurisdiction in Missouri.

### 2. Specific Jurisdiction

6

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (quoting *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) (internal quotation marks omitted)). Although some courts collapse the analysis, these inquiries are separate. *Dairy Farmers*, 702 F.3d at 475 (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231–32 (Mo. 2010) (en banc) (analyzing the statutory and constitutional questions separately)). "The reach of a state long arm statute is a question of state law," while "the extent to which the reach of a long arm statute is limited by due process is a question of federal law." *Inst. Food Mktg. Assocs., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 455 (8th Cir. 1984). In relevant part, Missouri's long-arm statute authorizes personal jurisdiction over corporate defendants who transact business or commit a tort within the state. Mo. Rev. Stat. § 506.500.1(1), (3).

*Bristol-Myers Squibb Company v. Superior Court of California*, 137 S. Ct. 1773 (2017) is dispositive of the specific personal jurisdiction issue in this case. In *Bristol-Myers*, out-of-state plaintiffs joined California plaintiffs in state court. Together they alleged a host of state-law claims based on injuries purportedly caused by defendant Bristol-Myers (BMS) prescription drug Plavix. 137 S. Ct. 1773, 1777 (2017). Notably, BMS was not a citizen of California, and the California Supreme Court ultimately concluded that general jurisdiction was lacking. *Id.* at 1778. But, the California Supreme Court determined that California courts had specific jurisdiction over the claims of the nonresident plaintiffs. *Id.* The California

7

Supreme Court reasoned that BMS's extensive contacts with the state and the similarity to the claims of the California residents supported its conclusion. *Id.* at 1778–79. The Supreme Court reversed.

*Bristol-Myers* held that the exercise of specific jurisdiction over the non-California plaintiffs' claims violated the Due Process Clause. *Id.* at 1783. Specifically, the Court, relying on *Goodyear*, stated that "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted). The Court elaborated that when no such connection exists, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Id.* at 1781. The exercise of forum activities unrelated to the cause of action – including the operation of research laboratories not connected to Plavix, employment of sales representatives, and the maintenance of a state-government advocacy office–did not affect the analysis. *Id.* And BMS did not develop, manufacture, label, package, or work on the regulatory approval or marketing strategy for Plavix in California. *Id.* at 1778. *Bristol-Myers* then elucidated that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California does not allow the State to assert specific jurisdiction over the nonresidents' claims. . . [w]hat is needed is a connection between the forum and the specific claims at issue." *Id.* at 1778, 1781.

With one exception in this case, the non-Missouri plaintiffs do not allege that they acquired the Essure device from a Missouri source or that they were injured or

8

treated in Missouri; thus, "all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id.* at 1782. Moreover, defendants did not develop, manufacture, label, package, or create a marketing strategy for Essure in Missouri. And the general exercise of business activities in the state cannot create an adequate link between the claims and the Missouri forum. The sole exception is the claim of Illinois plaintiff Jennifer Dischbein, whose device was implanted in Missouri. With respect to the other non-Missouri plaintiffs, under *Bristol-Myers*, there is no personal jurisdiction as to their claims because there is no "connection between the forum and the specific claims at issue." *Id.* at 1781.

Because the Court has determined that there is no personal jurisdiction as to the claims of the non-Missouri plaintiffs, it need not address defendants' forum non conveniens argument. The dismissal of the non-Missouri plaintiffs also negates any challenges to complete diversity. Therefore, the plaintiffs' motion for remand will be denied.

\*   \*   \*   \*   \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction [Doc. #4] is **granted as to the claims of all non-Missouri plaintiffs, except plaintiff Jennifer Dischbein.**

**IT IS FURTHER ORDERED** that remaining plaintiffs Laveta Jordan, Jennifer Baggett, Cheryl Denbow, Jennifer Dischbein, Tiffany Queen, Erica Ware, Michelle Weedman, and Lavena Wilkerson shall have until **August 1, 2017**, to file an amended complaint setting forth their claims against the defendants.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss the complaint for failure to state a claim or federal preemption is **denied without prejudice.**

**IT IS FURTHER ORDERED** that defendants' motion to sever [Doc. #7] is **denied as moot.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [Doc. #14] is **denied.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to stay is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2017.