UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)     MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Ernys-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.)
*McCallister, et al. v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.)

**SANOFI-AVENTIS U.S. LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO REMAND**

Defendant sanofi-aventis U.S. LLC files this Notice of Supplemental Authority in Support of its Opposition to Plaintiffs' Omnibus Motion to Remand.

The non-California Plaintiffs named in both the *Ernys-Kofler* and *McCallister* cases must be dismissed in light of the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Allowing them to remain in these cases violates the Due Process Clause of the Fourteenth Amendment because California courts do not have jurisdiction over sanofi-aventis U.S. LLC with respect to these Plaintiffs. *See id.* at 1779. At the July 6, 2017, remand hearing, counsel for sanofi-aventis U.S. LLC stated that the "the non-California plaintiffs do not have personal jurisdiction over Sanofi in the[se] case[s] as [they were] filed. So our first request would be that those cases, the non-California plaintiffs, be dismissed." *See* 7/6/17 TR at 21:21-24. The non-California Plaintiffs could then re-file in the MDL Court and still name McKesson, as McKesson is included in both the Master Complaint and Short Form Complaint as a Defendant. *Id.* at 21:24-22:5.[1]

---

[1] To the extent this Court requests more in-depth briefing or a formal motion to dismiss on the personal jurisdiction issue, sanofi-aventis U.S. LLC seeks leave to submit such briefing.

1

Because of the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), and the recent decisions around the country applying that case, the following non-California Plaintiffs must be dismissed:

| Case | Plaintiff | State |
|---|---|---|
| *Ernys-Kofler* | Ann Buchanan | Tennessee |
| *Ernys-Kofler* | Vera Sue Green | Louisiana |
| *Ernys-Kofler* | Sharon M. Stewart | Louisiana |
| *Ernys-Kofler* | Sylvia Washington | Kentucky |
| *McCallister* | Brenda Banks | Tennessee |
| *McCallister* | Brenda Hawkins | Louisiana |
| *McCallister* | Penny Miller | Kentucky |
| *McCallister* | Carolyn Boyd | Tennessee |
| *McCallister* | Sandra Isham | Tennessee |
| *McCallister* | Ida Vincent | Louisiana |
| *McCallister* | Geraldine Jones | Tennessee |
| *McCallister* | Josephine Hicks | Texas |

**SUPPLEMENTAL AUTHORITY**

In *Jordan, et al. v. Bayer Corp.*, *et al.*, originally filed in the Circuit Court for the City of St. Louis, eighty-six out-of-state plaintiffs from twenty-five different states brought products liability claims against Bayer Corporation. *See* Memorandum and Order, *Jordan, et al. v. Bayer Corp., et al.*, 4:17-cv-00865-CEJ (E.D. Mo. July 14, 2017), ECF No. 40, attached as **Exhibit A**. The defendants moved to dismiss the out-of-state plaintiffs' claims for lack of personal jurisdiction. *Id.* at 3.

The Eastern District of Missouri stated it "will prioritize the personal jurisdiction inquiry, which involves significant federal constitutional and judicial economy concerns." *Id.* at 4-5 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999)). The court then determined there was no general jurisdiction over the defendants:

> The question of general jurisdiction is easily disposed of here, as none of the defendants is incorporated in Missouri or has its principal place of business in the state. Moreover, none of the defendants have such substantial and extensive contacts such that they are essentially "at home" in Missouri. Plaintiffs' allegations that defendants conduct "substantial business activities" in Missouri are insufficient to show that defendants are "at home." Plaintiffs concede that the Court cannot exercise general jurisdiction over defendants. Therefore, the defendants are not subject to general jurisdiction in Missouri.

*Id.* at 6 (internal citations omitted).

Next, the Eastern District of Missouri analyzed specific jurisdiction, stating that "*Bristol-Myers Squibb Company v. Superior Court of California*, 137 S. Ct. 1773 (2017) is dispositive of the specific personal jurisdiction issue in this case." *Id.* at 7. Because the non-Missouri plaintiffs did not allege that they obtained the device at issue from a Missouri source or that they were injured or treated in Missouri, the court determined "'all the conduct giving rise to the nonresidents' claims occurred elsewhere.'" *Id.* at 8-9 (quoting *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1782). "Moreover, defendants did not develop, manufacture, label, package, or create a marketing strategy for [the device at issue] in Missouri. And the general exercise of business activities in the state cannot create an adequate link between the claims and the Missouri forum." *Id.* Accordingly, the Eastern District of Missouri dismissed the non-Missouri plaintiffs' claims and denied plaintiffs' motion to remand. *Id.* at 9.

In *Ergon Oil Purchasing, Inc. v. Canal Barge Co., Inc.*, the plaintiff, a Mississippi corporation, alleged the defendant, a Louisiana corporation, "failed to properly strip and clean barge CBC 7078, prior to loading [p]laintiff's cargo on the vessel, which caused the cargo to be damaged and contaminated." No. CV 16-5884, 2017 WL 2730853, at *1 (E.D. La. June 26, 2017) (Engelhardt, J.). The defendant argued the Eastern District of Louisiana lacked personal jurisdiction over it and filed a motion to dismiss. *Id.*

This Court noted that "[t]he Due Process Clause of the Fourteenth Amendment protects a defendant from being subjected to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Id.* at *2 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations omitted)). The Court also stated that "'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* at *3 (quoting *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780). Because the Eastern District found that the plaintiff "failed to make a prima facie showing of the existence of general or specific personal jurisdiction," it ultimately granted the defendant's motion to dismiss. *Id.* at *5.

In *Andrew v. Radiancy, Inc.*, a Florida plaintiff brought a product liability action against three defendants. No. 616CV1061ORL37GJK, 2017 WL 2692840, at *1 (M.D. Fla. June 22, 2017). Two of the defendants – citizens of Nevada, Pennsylvania, and New Jersey – moved to dismiss the plaintiffs' claims against them for lack of personal jurisdiction. *Id.* at *2-4. Citing *Bristol-Myers Squibb Co.*, the court stated "[t]he law is clear that, when specific jurisdiction is at issue, the Court must disregard forum contacts that are not connected to the plaintiff's causes of action." *Id.* at *6. It continued citing the recent case, stating "restrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Id.* (citing *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780) (internal quotations omitted)). Because the court found it did not have personal jurisdiction over the moving defendants, it granted their motion to dismiss. *Id.*

Finally, in *Dutch Run-Mays Draft, LLC v. Wolf Block, LLP*, a Florida plaintiff sued a Pennsylvania defendant in New Jersey State court. No. A-0922-15T4, 2017 WL 2854420, at *1

(N.J. Super. Ct. App. Div. July 5, 2017).  The plaintiff "relie[d] upon long-arm jurisdiction principles, pointing to defendant's New Jersey business registration, New Jersey registered agent, two New Jersey offices, the residency of partners on the committee undertaking dissolution, in the State, and, finally that when plaintiff's complaint was filed, defendant was engaged in three suits in state court, seeking to recover unpaid bills." *Id.* at *5.  Regardless, the New Jersey Superior Court determined that "the negligence forming plaintiff's cause of action did not arise from defendant's contacts with New Jersey" and that the plaintiff could not "show any relationship between the underlying matter and the business or attorneys in New Jersey." *Id.*  Thus, there was no specific personal jurisdiction over the defendant. *Id.*  Importantly, from the outset, the court noted "[a] fundamental question in every legal action is whether a given court has jurisdiction to preside over a given case.  Absent personal jurisdiction over the parties, a judge has no authority to proceed." *Id.* at *1.

In light of the recent *Bristol-Myers Squibb Co.* decision, more and more courts across the country are dismissing plaintiffs' claims when there is no jurisdiction over the defendant.  Because there is no jurisdiction over sanofi-aventis U.S. LLC as to the non-California Plaintiffs in California, the same result should follow in *Ernys-Kofler* and *McCallister*.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

>Harley Ratliff
>Adrienne L. Byard
>**SHOOK, HARDY & BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile:  816-421-5547
>hratliff@shb.com
>abyard@shb.com
>
>*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

>/s/ *Douglas J. Moore*