UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: "N" (5) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ALL ACTIONS ) | |

CASE MANAGEMENT ORDER NO. 4
[PROTOCOL FOR INITIAL PHASE OF CASE-SPECIFIC DISCOVERY
FOR CASES IDENTIFIED IN CASE MANAGEMENT ORDER NO. 3]

The Court hereby Orders as follows:

1. **Applicability of Order**. This protocol governs the initial phase of case-specific discovery for cases identified in Case Management Order ("CMO') No. 3 (Rec. Doc. 669). The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

2. **Expedited PFS and DFS Process.**

   a. All Plaintiffs identified in CMO No. 3 shall, within 15 days of this Order, make a good faith effort to cure or challenge deficiencies in the Plaintiff Fact Sheet (PFS) identified by Defendants. If a dispute remains following 15 days and after a meet and confer, either Party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge North. No formal briefing shall be required.

   b. For cases identified in CMO No. 3, once a Plaintiff's PFS is substantially complete as defined in PTO No. 22 (Rec. Doc. 325), Defendants' DFS becomes due in sixty (60) days instead of the period of seventy-five (75) days provided for by PTO No. 22. Within 15 days after notice by Plaintiffs of any deficiency in a DFS, Defendants shall make a good faith effort to cure or challenge deficiencies identified by Plaintiffs. If a

1

dispute remains following a Defendant's good faith effort to cure or challenge and after a meet and confer, either party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge North.  No formal briefing shall be required. All other provisions of PTO No. 22 otherwise apply.

3. **Case-Specific Depositions.**

   a. Depositions in the initial phase of case-specific discovery for cases identified in CMO No. 3 shall be limited to the following: the Defendant(s) may depose the Plaintiff and select three (3) additional witnesses to depose, and Plaintiffs may select two (2) witnesses to depose.  The parties shall meet and confer regarding the order of taking testimony and the allotment of time between the parties in the depositions.  The parties shall meet and confer about whether additional depositions are reasonably necessary to determine if a case should be selected for trial.  If an agreement cannot be reached, either party may immediately seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge North.  No formal briefing shall be required.

   b. The parties shall meet and confer regarding the timing of the depositions and if necessary seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge North.  No formal briefing shall be required.

New Orleans, Louisiana, this 21st day of July, 2017.

                                      **KURT D. ENGELHARDT**
                                      **UNITED STATES DISTRICT COURT JUDGE**