UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

PRETRIAL ORDER NO. 54
(Docket Control Order –Voluntary Dismissals)

Presently before the Court is "Defendants Sanofi-Aventis US LLC and Sanofi US Services, Inc.'s Motion for Entry of Voluntary Dismissal Order" (Rec. Doc. 551). Plaintiffs have filed a memorandum in opposition (Rec. Doc. 592), to which Defendants have replied (Rec. Doc. 604). Pursuant to Rule 41 of the Federal Rules of Civil Procedure, which contemplates a typical responsive pleading schedule that is triggered twenty-one (21) days after service of process, a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). However, this ability to file a notice of dismissal is limited "by any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A).

In the instant matter, Pretrial Order No. 15 (Rec. Doc. 230), extends the pleading deadlines beyond the default deadlines of the Federal Rules. While Pretrial Order No. 15 discusses voluntary dismissals after the Master Answer has been filed, it does not contemplate notices of dismissal filed prior to the filing of Defendants' Master Answer. As the Court has seen an increase in the number of notices of voluntary dismissal filed into the record, it is necessary for the Court to address notices of voluntary dismissal without prejudice that are filed prior to Defendants' Master

1


Answer. "Other MDL courts, acting pursuant to statutory authority granted to transferee courts by 28 U.S.C. § 1407, have recognized that it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL Litigation." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr., 20, 2010*, No. MDL 2179, 2011 WL 1464908, at *4 (E.D. La. Apr. 15, 2011) (citing *In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at *8 (E.D.Mo. Feb. 24, 2010)).

At this point, with discovery underway and the Court and the parties actively engaged in identifying and preparing cases for trial, dismissal of cases without prejudice has a potentially detrimental effect on the Court the parties, and the MDL process. Accordingly, because the timeframe for responsive pleading has been extended beyond that ordinarily contemplated by Rule 41(a)(1)(A)(i), and notwithstanding the fact that Defendants have not yet answered,

**IT IS ORDERED**, pursuant to the Court's managerial authority, that:

(1) All voluntary dismissals without prejudice pending in this MDL as of the date of this Order or filed hereafter that would result in the dismissal of an entire action against all named Defendants shall require leave of Court by properly filed motion. The following specific requirements shall apply:

    A. A case will be dismissed only upon a properly noticed motion as to which the Plaintiff and the served Defendants have had an opportunity to be heard, or upon a stipulated order by both the Plaintiff and all of the Defendants who have been served in that action. With such motion to dismiss or stipulated order, Plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures in accordance with

Pretrial Order Nos. 18 (Rec. Doc. 236), 22 (Rec. Doc. 279), 23 (Rec. Doc. 280), and 24 (Rec. Doc. 286).

B. With all voluntary motions to dismiss without prejudice, counsel for the moving plaintiff must certify in the motion that Defendants' Lead and Liaison Counsel were contacted in writing at least fourteen (14) days prior to the filing of the motion, and all served Defendants have responded in writing stating either: (1) their consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.  Absent this certification by moving counsel, such motions may be stricken.

C. All motions of Plaintiffs' counsel to dismiss without prejudice that are opposed by one or more Defendants shall be noticed for hearing by moving counsel pursuant to the Local Rules of this Court. The motion shall state with specificity: (1) the reason each plaintiff seeks dismissal; (2) whether dismissal is sought with or without prejudice; (3) the particular reason(s) why certain fields of the Plaintiff Fact Sheet may not be completed at this time; and (4) that Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel have been apprised of such intent to file a motion to dismiss at least fourteen (14) days prior to its filing.

D. The Court shall determine, based upon the showing made and consideration of the Plaintiff Fact Sheet, whether such dismissal shall be: (1) denied; (2) granted *with prejudice*; or (3) granted without prejudice. Motions to dismiss without a Plaintiff Fact Sheet (or insufficiently completed PFS) shall be granted *with* prejudice, absent a compelling sworn statement by counsel as to why a Plaintiff Fact Sheet cannot be substantially completed and submitted.

(2) This Order shall apply to stipulations or motions filed hereafter as well as to previously-filed but still pending stipulations and/or motions to dismiss by plaintiffs' counsel (i.e., the member case has not yet been terminated by the Court). For those previously-filed but still pending stipulations and/or motions to dismiss, counsel shall refile a properly noticed motion, subject to the requirements set forth within this Order.

(3) Plaintiffs retain the right to individually dismiss certain named defendants without dismissing the entire action. Specifically, this Order does not apply to dismissals of individual defendants in cases where it has been determined that defendants' product was not used and dismissal of that Defendant would not otherwise result in the dismissal of the entire action. In such instances, Rule 41 remains applicable.

New Orleans, Louisiana this 21st day of July, 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**