BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA

IN RE: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO:

*Ernyes-Kofler et al. v. Sanofi S.A. et al.*,     Case No. 2:17-cv-03867
*McCallister et al. v. Sanofi S.A. et al.*,       Case No. 2:17-cv-02356

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OMNIBUS MOTION TO REMAND**

Plaintiffs file this Notice of Supplemental Authority in support of their Omnibus Motion to Remand.

In its various Notices of Supplemental Authority, Sanofi argues that as a result of *Bristol-Myers Squibb v. Superior Court of San Francisco*,[1] California courts do not have personal jurisdiction over Sanofi with respect to the non-California resident Plaintiffs named in the *Ernyes-Kofler* and *McCallister* complaints. For the reasons set forth herein, this is incorrect. California courts have jurisdiction over the California-filed cases, including those cases with plaintiffs who do not reside in California.

**A. Supplemental Authority: <u>Dubose v. Bristol-Myers Squibb Co</u>.[2]**

The Northern District of California recently issued an opinion finding specific personal jurisdiction over an out-of-state defendant in a factually similar case to *Ernyes-Kofler* and *McCallister*.

---

[1] *Bristol-Myers Squibb v. Superior Court of San Francisco*, 137 S. Ct. 1773 (2017)
[2] *Dubose v. Bristol-Myers Squibb Co.*, No. 17-cv-00244, 2017 U.S. Dist. LEXIS 99504 (N. D. Cal. June 27, 2017)

1

In *Dubose*, a South Carolina plaintiff sued three pharmaceutical companies in the Northern District of California. Of the three defendants, only McKesson was "at home" in California for general personal jurisdiction purposes. The District Court applied the Ninth Circuit test for analyzing specific personal jurisdiction: whether the non-resident defendants have purposefully availed themselves of the benefits and protections of the forum state's laws, and whether the plaintiff's claim arises out of or relates to the defendant's forum-related activities. The court found that the plaintiff met this burden because she alleged that the defendants conducted clinical trials within California, which became "part of an unbroken chain of events leading to Plaintiff's alleged injury."[3]

The court stated that neither the plaintiff's out-of-state residency, nor where the plaintiff experienced her injury, were essential to finding specific jurisdiction.[4] The focus of the inquiry is instead on whether the defendants' conduct was a but-for cause of the plaintiff's injury. The court held that clinical trials were indeed a but-for cause of the plaintiff's injury, finding, "if the drug had never been developed, tested, or approved, Plaintiff would not have been harmed by it."[5]

Furthermore, the court relied in part on the result in another pharmaceutical case, *M.M. ex rel. Meyers v. GlaxoSmithKline LLC*.[6] In both *Dubose* and *M.M.*, while "the clinical trials conducted in the forum state constituted only a small fraction of the overall clinical trials"[7] they were still "important economic and scientific activity" which created a connection between the plaintiff's harm and the forum state.[8] "The *M.M.* court found that plaintiffs had made a prima facie showing that their claims directly arose from or related to acts of omission during the clinical trials

---

[3] *Dubose* at *7
[4] *Id*.
[5] *Id*. at*7-8.
[6] 61 N.E.3d 1026 (Ill. Ct. App. 2016)
[7] *Dubose* at *9.
[8] *Id*. at 11.

and the resulting inadequate warning labels, and that it was inconsequential that only a sliver of those trials occurred in the forum state."[9]

Significantly, the District Court distinguished *Dubose* from *Bristol-Myers*. In *Bristol-Myers* the manufacturer-defendant's in-state activities were not sufficiently linked to the out-of-plaintiffs' harm, whereas in *Dubose* the "linkage between Defendants' in-state clinical trial activity and Plaintiff's injury is sufficient to satisfy the Ninth Circuit's 'but-for' test."[10]

After finding specific personal jurisdiction, the court ultimately decided to transfer the case to the District of South Carolina under 28 U.S.C. §1404(a). Because there was only one plaintiff in the case, the convenience of the non-party witnesses outweighed other concerns.[11]

**B. Supplemental Authority: In re Syngenta Mass Tort Actions**[12]

The Southern District of Illinois recently exercised specific personal jurisdiction over an out-of-state defendant based on its in-state product testing. The plaintiffs in *In re Syngenta* sued Syngenta for negligently commercializing and marketing genetically modified corn seed.[13] Syngenta had conducted field tests of the corn in Illinois, which the court held was sufficient to establish specific personal jurisdiction for non-Illinois plaintiffs' claims. These field tests were "part of the commercialization" of the product.[14] Moreover, the court held that "Plaintiffs do not have to prove that Syngenta did all their business activities regarding commercialization and marketing" in Illinois; it was sufficient to show that the defendant's Illinois contacts had a "meaningful" relationship to the plaintiffs' causes of action.[15]

---

[9] *Dubose* at *9 (quoting *M.M.* at 1037, 1041-42)
[10] *Id.* at *13.
[11] *Id.* at *14-16.
[12] *In re Syngenta Mass Tort Actions*, No. 3:16-cv-00255-DRH, 2017 U.S. Dist. LEXIS 73612 (S.D. Ill. May 15, 2017)
[13] *Id.* at *2-4.
[14] *Id.* at *11.
[15] *Id.* at *13, *16.

**C. California Courts Will Be Able to Exercise Personal Jurisdiction Over Sanofi**

Based on the holdings in *Dubose*, *M.M.*, and *In re Syngenta*, California courts have specific jurisdiction over the out-of-state plaintiffs' claims against Sanofi. As set forth in the California Complaints at issue[16]:

- The Sanofi Defendants have sponsored or conducted clinical trials of their products in California, including trials of Taxotere. For example, in 2005 Aventis sponsored a clinical trial at Stanford University of the efficacy of Taxotere for lung cancer treatment; from 2006 to 2012 Sanofi sponsored a clinical trial at Stanford on the efficacy of Taxotere for breast cancer treatment; from 2006 to 2012 Sanofi sponsored an interventional clinical trial at Stanford of Taxotere in patients with breast cancer. Ex. A ¶30

- Based on self-sponsored clinical trials, Sanofi claimed superiority over other chemotherapy products approved to treat breast cancer. These marketing claims included claims of superior efficacy over the lower potency taxane product paclitaxel (Taxol), which was the primary competitor product to Taxotere. Ex. A ¶47

Like the out-of-state plaintiffs in those cases, here Plaintiffs allege that Sanofi conducted clinical trials of Taxotere in California, and those trials were part of the chain of events that caused Plaintiffs to suffer permanent disfiguring hair loss. Thus, Plaintiffs have shown that their claims are meaningfully related to Sanofi's in-California contacts.

For the reasons set forth herein, and in the papers filed to date, Plaintiffs respectfully submit that California courts will be able to exercise personal jurisdiction over Sanofi in the non-California resident Plaintiffs cases.

Respectfully submitted this 24th day of July, 2017.

---

[16] For brevity's sake and the Court's ease of reference, Plaintiffs respectfully refer the Court to Exhibit A, the *Ernyes-Kofler* complaint. The *Ernyes-Kofler* complaint and the *McCallister* first amended complaint are virtually identical, save for plaintiff-specific information and paragraph numbering.

4

**CUTTER LAW P.C.**

*/s/Celine Cutter*
Celine Cutter (CA Bar # 312622)
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330
*ccutter@cutterlaw.com*
***Attorney for Plaintiffs in 2:17-cv-3866, 2:17-cv-3865, 2:17-cv-3867 and 2:17-cv-2356***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *C. Brooks Cutter*