# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. KURT D. ENGELHARDT |
| ALL CASES | : : : | |

## DECLARATION OF PIERRE-YVES LASTIC

1. My name is Pierre-Yves Lastic. I am employed as Chief Privacy Officer at Sanofi. I have held this position since May 1, 2013. Through my position and experience with Sanofi, I am knowledgeable about the French Data Protection Act and with requirements of that act. I am authorized to make this Declaration on behalf of and by the entities referenced below.

2. I am generally aware of the ongoing litigation in the United States involving Taxotere® (docetaxel). I am also aware that as part of that litigation Plaintiffs have directed "First Requests for Production" to Sanofi S.A. and Aventis Pharma S.A. (collectively, the "French Entities"). I have reviewed Plaintiffs' requests and believe they would require the collection, processing, exporting and production of material from numerous information sources, including the files of employees for the French Entities and clinical trial data involving participants in those trials, among other things.

3. The French Entities are French companies established in France. This automatically renders the processing of personal data carried out by the French Entities, or carried out on their behalf, subject to the French Data Protection Act (French Law No. 78-17 of 6 January 1978, as amended notably by Law No. 2004-801 of 6 August 2004) ("FDPA").

1

4. The French Entities, must comply with the rules and procedures set forth in the FDPA. The FDPA restricts how French companies may collect, use, share and export personal data.

5. Personal data is broadly defined to include any information that can directly or indirectly identify an individual. *See* FDPA, Art. 2. Such personal data can include anything relating to even the most basic identifying factors publicly available elsewhere, including name and surname, date of birth, phone number, or even physical descriptions. *See* CNIL, "Personal Data: definition," https://www.cnil.fr/en/personal-data-definition.

6. In light of the broad nature of Plaintiffs' discovery requests, there is no doubt that those requests would require the French Entities to collect, process, export and produce "personal data" as that term is defined in the FDPA. Such personal data is likely to be found in even business-related documents like emails, memoranda, agreements, and clinical trial data (which would be data from individuals not employed by the French Entities). Because the electronically stored material sought by Plaintiffs will inevitably include personal data as that term is defined by the FDPA, the French Entities will have to apply the FDPA's rules and procedures prior to the disclosure of that material.

7. Any entity processing personal data, which includes storing, transmitting, or obtaining data, must limit the personal data to what is strictly necessary. *See* FDPA, Arts. 2, 6.

8. The FDPA and the Commission Nationale de l'Informatique et des Libertes ("CNIL"), the French Data Protection Authority, require that any processing of personal data, including transfers to the United States as part of pretrial discovery proceedings, must take place in accordance with the specific provisions of the FDPA. In addition, the CNIL requires that the transfer be limited to what is strictly necessary and that the redaction or encoding takes place in

France. CNIL, Deliberation No. 2009-474 of 23 July 2009, https://www.cnil.fr/sites/default/files/typo/document/D-Discovery_EN.pdf.

9. If the French Entities were to fail to comply with the FDPA's requirements, they could be subject to criminal sanctions of up to 1,500,000 euros and their legal representatives to imprisonment of up to five years. French Penal Code, Arts. 226-18 and 226-22-1. The CNIL has characterized the sanctions for violation of the FDPA as even "more serious than those provided for in the case of a failure to observe the [French] Blocking Statute of 1968." CNIL, Deliberation No. 2009-474. The CNIL may also issue administrative sanctions of up to 3,000,000 euros (FDPA, Art 47)

10. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 13, 2017

Pierre-Yves Lastic
Chief Privacy Officer