# EXHIBIT A

# Young v. Bristol-Myers Squibb Co.

United States District Court for the District of Delaware

June 27, 2017, Filed

C.A. No. 17-609-LPS; C.A. No. 17-641-LPS

**Reporter**
2017 U.S. Dist. LEXIS 98736 *

MARGARET KAY YOUNG, et al., Plaintiffs, v. BRISTOL-MYERS SQUIBB CO. and PFIZER INC., Defendants.

**Counsel:** [*1] For Lisa Niessner, Individually, and as Personal Representative of the Estate of GEORGE LUCZKIEWICZ, Deceased, Plaintiff: Raeann Warner, LEAD ATTORNEY, Jacobs & Crumplar, P.A., Wilmington, DE.

For Bristol-Myers Squibb, Pfizer Inc., Defendant: Gregory Brian Williams, LEAD ATTORNEY, Kasey Hacker DeSantis, Wali W. Rushdan, II., Fox Rothschild LLP, Wilmington, DE.

**Judges:** HONORABLE LEONARD P. STARK, UNITED STATES DISTRICT JUDGE.

**Opinion by:** LEONARD P. STARK

# Opinion

At Wilmington this **27th** day of **June, 2017**:

Pending before the Court are motions to remand to state court (*see, e.g.*, C.A. No. 17-613-LPS[1] D.I. 3), to stay pending transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to the Eliquis Multidistrict Litigation ("MDL") (D.I. 6), and to expedite briefing and ruling on the motions (D.I. 5) in 33 products liability actions related to the prescription drug Eliquis. For the reasons stated below, in each case the Court will deny the motion to remand, grant a stay, and deny the motion to expedite as moot.

1. Plaintiffs originally filed cases in California state court against Defendants, alleging injuries resulting from use of Eliquis. (*See* D.I. 7-1 at ¶ 7) Those cases were removed [*2] to federal court (*see id.* at ¶ 8) and, thereafter, some were transferred to the Eliquis MDL while others were stayed pending a decision of the JPML on whether to transfer them to the MDL. (*See, e.g.*, D.I. 7 Ex. H) Plaintiffs voluntarily dismissed the stayed cases on May 23, 2017 and re-filed in Delaware Superior Court on or around that same day. (*See, e.g.*, D.I. 4 at 1) Defendants removed the cases from Superior Court to federal court on May 25 on the basis of diversity jurisdiction. (*See* D.I. 1 at ¶ 8) That was before Plaintiffs served (or, due to Superior Court procedures, could have served) their complaints on Defendants. (*See id.* at ¶¶ 16-17) On May 26, the day after Defendants removed the cases to federal court, Defendants filed a tag-along notice to transfer the cases to the Eliquis MDL. (*See* D.I. 7 at 5) The JPML filed a conditional transfer order for all cases on June 5, 2017, to which Plaintiffs filed a notice of opposition. (*See* D.I. 11 at 3) Plaintiffs represent that they will be moving to vacate the conditional transfer order. (*See* D.I. 11 at 3)

2. Plaintiffs contend that Defendants' removal to federal court is improper under *28 U.S.C. § 1441(b)*, due to Defendants' status as citizens of Delaware, [*3] and they request that the Court remand the cases back to state court. According to Plaintiffs, Defendants' undisputed Delaware citizenship means that Defendants cannot remove to federal court under the "forum defendant rule." Codified at *§ 1441(b)(2)*, the forum defendant rule provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under *section 1332(a)* of this title **may not be removed if** any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought.

---

[1] Unless otherwise noted, citations to the record are to *Young v. Bristol-Myers Squibb*, C.A. No. 17-613-LPS. The same motions are pending in each of the 33 cases; the legal issues presented, and their resolution, are identical in each case. Accordingly, they will all be addressed together. Except where noted, the D.I. numbers corresponding to the pending motions and briefs are the same in each civil action.

(Emphasis added) Defendants contend that because there was no service of process before they removed to federal court, there is no forum defendant who was "properly joined and served," so *§ 1441(b)(2)* does not bar removal. (*See* D.I. 1 at ¶ fll 16-21)

3. This same dispute — whether a defendant may remove a state court action to federal court before a plaintiff has served any defendant, when one of the properly-joined but non-served defendants is an in-State forum defendant — has received much judicial attention, but no uniformity of conclusions. Instead, district courts — including this one — have answered the question in directly conflicting ways. *See, e.g., Stefan v. Bristol-Myers Squibb Co., 2013 U.S. Dist. LEXIS 172008, 2013 WL 6354588 (D. Del. Dec. 6, 2013)* (remanding); *Munchel v. Wyeth LLC, 2012 U.S. Dist. LEXIS 128971, 2012 WL 4050072 (D. Del. Sept. 11, 2012)* (denying [*4] motion to remand); *Laugelle v. Bell Helicopter Textron, Inc., 2012 U.S. Dist. LEXIS 12907, 2012 WL 368220 (D. Del. Feb. 2, 2012)* (remanding); *Hutchins v. Bayer Corp., 2009 U.S. Dist. LEXIS 4719, 2009 WL 192468 (D. Del. Jan. 23, 2009)* (recommending denial of remand). Plainly, this is a matter on which reasonable minds can differ, and have differed.

4. The undersigned judge has had several occasions to consider this issue. Having done so again, the Court sees no reason here to depart from its previously-adopted reasoning. *See Munchel, 2012 U.S. Dist. LEXIS 128971, 2012 WL 4050072*; *Hutchins, 2009 U.S. Dist. LEXIS 4719, 2009 WL 192468*. As in *Munchel* and *Hutchins*, the Court views the plain and unambiguous language of *§ 1441(b)* as controlling. *Section 1441(b)(2)* provides that a case in which there is diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, there is diversity jurisdiction, but because there was no service on any defendant before removal, none "of the parties in interest properly joined **and served** as defendants is a citizen" of "the State in which [this] action" was brought, i.e., Delaware. *28 U.S.C. § 1441(b)(2)* (emphasis added).

5. Additionally, given the history of these cases — including that Plaintiffs voluntarily dismissed cases originally filed in California state court, seemingly (at least in part) to avoid transfer to the MDL[2] — removal is not a nonsensical result. To the contrary, the totality [*5] of circumstances strongly supports exercising discretion to deny Plaintiffs' motions to remand. As Defendants accurately explain:

> Plaintiffs dismissed their cases pending in California district court (or in some cases, already in the Eliquis MDL) and re-filed in Delaware on the same day — just two days before the JPML hearing on the transfer of Plaintiffs' cases to the MDL, and the same day as Plaintiffs in the Eliquis MDL were required to submit memoranda to show cause why their cases should not be dismissed with prejudice.

(D.I. 7 at 3) "The order to show cause process [was] the end result of months of litigation, numerous rounds of briefing, and extensive analysis and effort on the part of the MDL Court. That includes the issuance of an 85-page Order on May 8, 2017, dismissing" a case with allegations similar (if not identical) to Plaintiffs' allegations in material respects. (D.I. 8 at page 12 of 13) While the Court recognizes that not all of the circumstances disfavor remand,[3] the overwhelming majority of them do, providing further support (in addition to the statutory analysis) for denying Plaintiffs' motions.

6. Defendants move [*6] to stay these cases pending a decision by the JPML on whether to transfer the cases to the Eliquis MDL. Plaintiffs contend that the Court should "decide[] the jurisdictional and procedural defect issues presented in the motions to remand before considering the motions to stay." (D.I. 11 at 7) The Court has done so. Now, however, having resolved the motion to remand against Plaintiffs, the Court agrees with Defendants that a stay is appropriate at this point. A stay will simplify, or eliminate, the pretrial issues before

---

[2] Plaintiffs contend that the voluntary dismissals were motivated by the Supreme Court's grant of certiorari in *Bristol-Myers Squibb Co. v. Superior Court.* (*See* D.I. 14 at 1) The timing, however, does not support that contention. Cert, was granted on January 19, 2017, but Plaintiffs did not dismiss their California cases until four months later, on May 23, 2017, just two days before the JPML was to consider the conditional transfer order that applied to these cases. (*See* I. 12 at 3)

[3] Plaintiffs point out that Defendants did not remove all similar cases that were filed in the Delaware Superior Court. (*See* D.I. 11 at 2) No explanation for Defendants' selective approach is apparent from the record. Further, Defendants acknowledge that another Judge of this Court previously remanded similar Eliquis cases removed from Superior Court. (*See* D.I. 12 at 5 n.2) These facts weaken Defendants' argument for a stay — a stay which the Court has denied in part, by reaching the merits of the remand issue — but they do not change the outcome of the remand motions.

this Court; will allow for the possibility of efficient resolution of pretrial issues before the MDL court, should the cases be transferred; will not affect discovery or any other deadlines, as none have been set; and will not unduly prejudice Plaintiffs, who remain free to raise arguments before the JPML and, if there is a transfer, to fully and fairly litigate their cases before the MDL court. See St. Clair Intellectual Prop. v. Sony Corp., 2003 U.S. Dist. LEXIS 27397, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

7. Finally, given that the Court has ruled on the pending motions, Plaintiffs' request that the Court expedite briefing and ruling on remand (D.I. 5) is moot.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

A. Plaintiffs' motion to remand (D.I. 3) is **[*7] DENIED**.

B. Defendants' motion to stay (D.I. 6) is **GRANTED**. All proceedings are stayed pending the JPML's decision as to whether to transfer this case to MDL No. 2754.[4] The parties shall submit a joint status report within fourteen (14) days of receiving a decision from the JPML.

C. Plaintiff's motion to expedite (D.I. 5) is **DENIED AS MOOT**.[5]

/s/ Leonard P. Stark

HONORABLE LEONARD P. STARK

UNITED STATES DISTRICT JUDGE

**End of Document**

---

[4] In C.A. No. 17-614-LPS — and only that action — Defendants' motion to stay is at D.I. 7 (instead of D.I. 6). It, too, is GRANTED.

[5] In C.A. No. 17-614-LPS, Plaintiff filed two motions to expedite (D.I. 5, 6), both of which are DENIED AS MOOT.