UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. MAGISTRATE NORTH |
| ALL CASES | : : : : | |

**DEFENDANTS' DISCOVERY OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION**

Plaintiffs' Motion to Compel rests on the false premise that Plaintiffs do not have the information necessary to adequately oppose the Motion to Dismiss for Lack of Personal Jurisdiction filed by Sanofi S.A. and Aventis Pharma S.A. (the "French Defendants").[1]

To the contrary, these defendants have provided detailed information relevant to Plaintiffs' jurisdictional allegations through motion, affidavit, and full responses to 22 of Plaintiffs' jurisdictional interrogatories—near the maximum allowed by the Federal Rules for general merits discovery. Plaintiffs now seek to compel *additional* jurisdictional discovery through a set of overly broad and largely irrelevant requests for production—requests that have no rational relationship to Plaintiffs' otherwise attenuated assertion that Defendant Sanofi S.A. is the "alter-ego" of two of its U.S.-based subsidiaries—including sanofi-aventis U.S. LLC, the company that actually marketed, sold and had regulatory responsibility in the United States for the product at issue in this litigation.

---

[1] This opposition is directed to the Honorable Magistrate Judge North for his consideration. Pursuant to Pretrial Order No. 52 (Doc. 661), Defendants are also concurrently filing a separate opposition to Plaintiffs' Motion to Compel directed to Judge Engelhardt relating to issues of French law.

1

As such, Defendants request the Court: (1) deny Plaintiffs' Motion to Compel and quash Plaintiffs' requests for production; or, in the alternative, (2) limit Plaintiffs' requests to the discrete "alter-ego" jurisdictional issue raised by Plaintiffs' Master Complaint.[2]

## BACKGROUND

On March 31, 2017, Plaintiffs filed their Master Complaint, naming as defendants (among others) Sanofi S.A. and Aventis Pharma S.A. *See* Master Long Form Complaint and Demand for Jury Trial ("Compl."), at ¶¶ 18-31. On April 28, 2017, the French Defendants moved to dismiss Plaintiffs' Master Complaint for lack of personal jurisdiction because Plaintiffs' allegations failed to establish either general or specific jurisdiction through "nonconclusory allegations supported by admissible evidence." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 896 (5th Cir. 2009).

The Supreme Court has held that general jurisdiction is restricted to the forum where a corporation is "essentially at home"—typically the corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 & n.19 (2014). Here, it is not disputed that the French Defendants are incorporated and have principal places of business in France. *See* Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Apr. 28, 2017) (Doc. 346) ("Defendants' Motion to Dismiss"). For specific jurisdiction, the Supreme Court has held that Plaintiffs must establish substantial contact between the French Defendants and each forum, <u>directly linked</u> to Plaintiffs' Taxotere®-related claims. *See, e.g.*, *Bristol-Myers Squibb v. Superior Ct. of Ca., San Francisco Cty.*, No. 16-466, 582 U.S. ___ (2017). It is clear from the pleadings, however, that there are no substantial contacts between the French Defendants and any of the forums in which Plaintiffs' lawsuits were

---

[2] For the convenience of the Court, the relevant sections of Plaintiffs' Master Complaint, setting out their theory of personal jurisdiction over the French Defendants, is attached as **Exhibit B**.

2

filed because the French Defendants did not research, develop, test, manufacture, label, advertise, market promote, sell, or distributed Taxotere® anywhere in this country. *See* Defendants' Motion to Dismiss (Doc. 346).

In the absence of Taxotere®-specific contacts in each forum, Plaintiffs' Master Complaint tries to circumvent the express holdings of *Daimler* and *Bristol Myers Squibb* by alleging Sanofi S.A., as the indirect parent holding company, is the "alter ego" of the U.S. Defendants. *See* Compl. at ¶¶ 18-31. Plaintiffs' theory is supported by a handful of allegations made up of a cobbled-together set of publicly available documents, excerpted quotes from press releases, and generalized guesses about Defendants' corporate relationship—with the implication that something more nefarious is afoot. In short, the Master Complaint makes clear that Plaintiffs started with their desired premise (*e.g.*, that these entities must all be "one in the same") and then retrofit their allegations to arrive at that otherwise unsupported outcome.

But as Defendants explained in their Motion to Dismiss, a non-resident corporation is not subject to the jurisdiction of a foreign state merely because a subsidiary is doing business there. *See, e.g.*, *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir.); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001), *abrogated on other grounds by Daimler*, 134 S. Ct. at 759. Indeed, Courts have held there is no alter-ego relationship, even when the "business relationships are deeply intertwined." *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 587-88 (5th Cir. 2010). Thus, to prove that Sanofi S.A. is the "alter ego" of the U.S. Defendants, Plaintiffs must meet the exceptionally high burden of demonstrating that the parent corporation "so dominates the subsidiary that they do not in reality constitute separate and distinct corporate entities." *Dalton*, 897 F.2d at 1363. This

would require a showing that Sanofi exercises "pervasive control," ignores corporate formalities, and "abuses" the corporate form. *See, e.g.*, *Jackson*, 615 F.3d at 587-88.

On May 16, 2017, the Parties met before Magistrate Judge North to discuss, among other things, the Defendants' Motion to Dismiss and Plaintiffs' desire to proceed with jurisdictional discovery. In response to Plaintiffs' concerns, Magistrate North issued a Minute Order, directing Plaintiffs to serve "proposed" and "<u>limited jurisdictional discovery</u>" on Defendants. *See* Minute Entry (Doc. 464) (emphasis added). On May 18, 2017, the Court entered CMO No. 1 (Doc. 465), directing Defendants to respond by June 30, 2017.

Despite the directive to serve "limited" discovery, on May 26, 2017, Plaintiffs served 180 interrogatories (45 identical requests) and 60 requests for production (15 identical requests) directed at each of the four Sanofi entities. In addition to the sheer volume, Plaintiffs' discovery consisted of broad requests that were largely irrelevant to their otherwise narrow "alter-ego" theory. Indeed, the proposed discovery was not even loosely tied to the actual allegation*s* in Plaintiffs' Master Complaint and upon which they assert jurisdiction over these foreign entities.

Nevertheless, the French Defendants—following multiple meet and confers—served responses to Plaintiffs' proposed jurisdictional discovery on June 30, 2017. Specifically, they provided full responses to 22 of Plaintiffs' interrogatories, and detailed objections to the remaining discovery requests—including the largely irrelevant and unnecessary requests for production. On July 11, 2017, Plaintiffs, having time to fully review these discovery responses, filed a Motion to Compel responses to their jurisdictional requests for production. Since that time, the parties have continued to meet and confer regarding Plaintiffs' requests for production.

While Defendants agreed to work with Plaintiffs to produce information directly relevant to limited discovery requests, Plaintiffs should not be allowed to turn the limited legal issue of

4

"alter-ego" jurisdiction into an unfocused and broad-based discovery detour. The fact remains that Plaintiffs have not pled facts sufficient to establish personal jurisdiction over the French Defendants and further jurisdictional discovery is unnecessary to resolve the French Defendants' Motion to Dismiss for lack of Personal Jurisdiction.

## LAW AND ARGUMENT

I. **Plaintiffs' Requests for Production are Unnecessary to Resolve Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.**

It is well-established that discovery on matters of personal jurisdiction should not be permitted when the lack of "personal jurisdiction is clear" and "discovery would serve no purpose." *DNH, LLC v. In-N-Out Burgers*, 351 F. Supp. 2d 559, 566 (E.D. La. June 24, 2005) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *see also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (citing *Washington v. Norton Mfg. Inc.*, 588 F.2d 441, 447 (5th Cir. 1979)). *Accord Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) (noting, "it is not error to deny [jurisdictional] discovery when there is no issue of material fact."). As Courts have routinely held, where plaintiffs' claim of personal jurisdiction "appears to be both attenuated and based on bare allegations in the face of specific denials by defendants," jurisdictional discovery should be denied. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562) (9th Cir. 1995).[3] While Plaintiffs bear the burden of establishing personal jurisdiction, it does not entitle them to discovery as a matter of right.

---

[3] *See also Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) (denying jurisdictional discovery because plaintiffs did not make preliminary showing of jurisdiction, plaintiffs did not contest defendants' declarations, and plaintiffs failed to show how discovery would reveal additional relevant facts); *The Urban Inst. v. FINCON Series*, 681 F. Supp. 2d 41 (D.C. Cir. 2010) (denying discovery because plaintiff failed to explain why the declarations of the defendants were "insufficient to conduct the personal jurisdiction analysis"); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1022-23 (Fed. Cir. 2009) (denying discovery because "showing that further discovery would elucidate the facts necessary to prove that the court had personal jurisdiction . . . is especially important where . . . the defendant enters declarations into evidence specifically denying certain jurisdictional allegations").

5

Plaintiffs' attenuated "alter ego" theory of jurisdiction is not a broad broom with which to sweep all non-resident corporations into the forums of their subsidiaries. And it certainly does not justify sweeping discovery practice premised on little more than guesswork and threadbare allegations. "[W]here the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent *may not be acquired* on the basis of the local activities of the subsidiary." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1294 (11th Cir. 2000) (emphasis added).[4] Defendants' Motion to Dismiss, along with supporting documentation, firmly establishes that Sanofi S.A. does not exercise the requisite "pervasive control" necessary to impute Taxotere®-related actions of U.S. subsidiaries to the French Defendants.

In *Fielding v. Hubert Burda Media, Inc.*, for example, the Fifth Circuit considered this exact issue, ultimately denying jurisdictional discovery because—like here —plaintiffs did not: (1) make a preliminary showing of jurisdiction; (2) contest defendants' declarations disputing plaintiffs' allegations; or (3) show how discovery would reveal additional material facts relevant to the issue of personal jurisdiction. *See* 415 F.3d 419 (5th Cir. 2005). The plaintiffs sought additional discovery, to develop their jurisdictional theory, but the Court denied it because plaintiffs had "not even made a preliminary showing of jurisdiction." *Id.* at 429.

Here, as in *Fielding*, Plaintiffs' rely on a series of unsupported allegations to establish jurisdiction. For example, Plaintiffs, in their Master Complaint, make the bare assertion that "Defendant Sanofi S.A. is using [the U.S. Defendants] as its agents; and/or Defendant Sanofi S.A. and the named subsidiary Defendants are one single integrated enterprise." Compl. at ¶ 19. The Court does not need to credit such unsupported allegations, including those made on

---

[4] *Accord Jackson*, 615 F.3d at 586 ("The theory is that, because the two corporations . . . are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of another.").

"information and belief." *See Williams*, 851 F.3d at 1025 n.5; *Panda Brandywine Corp.*, 253 F.3d at 869. In contrast to Plaintiffs' bare allegations, Defendants provided facts in their motion that clearly rebut Plaintiffs assertions. *See, e.g.*, Motion to Dismiss (Doc. 346-1), at 7-8. For example, Sanofi maintains all corporate formalities with respect to the U.S. Defendants, and exhibits characteristics of a holding company. *See* Defendants Motion to Dismiss (Doc. 346), Decl. ¶¶ 5, 11-12, 17, 19, 26-28, 32, 36-37, 41-43.[5]

Finally, Plaintiffs have yet to establish *what they seek to discover* through additional jurisdictional discovery, which is particularly apparent from the requests themselves. Plaintiffs' request for production, for example, seek all policies and procedures related to medical publications (Request No. 10(c)), human resources (Request No. 14), corporate governance (Request No. 10(f)), the processing of "safety signals" (Request No. 10(c)), and employee compensation across all U.S. subsidiaries (Request No. 15). These documents are not related to the establishment of personal jurisdiction over the French Defendants under any theory, much less the one advanced by Plaintiffs here.

By contrast, the French Defendants—in addition to the undisputed facts set forth in their motion—have provided to Plaintiff information regarding: (1) how Sanofi S.A. allocates and mitigates losses between it and its U.S. subsidiaries, as well as its foreign exchange risk management system; (2) how Sanofi S.A. manages aspects of the "operational risk" of its U.S. subsidiaries; (3) how Sanofi S.A. manages any cash surplus and/or cash pooling arrangement with its U.S. subsidiaries; (4) whether any of their executives or board of directors have held the same position with their U.S. subsidiaries (and *vice versa*); and (5) how Sanofi S.A. defines strategic priorities or coordinates work with its subsidiaries, among other information. Given

---

[5] In addition, the French Defendants do not have the requisite case-related contacts in the United States that would subject them to specific jurisdiction in the United States. *See Id.* at Decl. ¶¶ 2, 4-5, 12, 14, 17-19.

their otherwise unsupported jurisdictional allegations, it is not clear what <u>specific</u> and <u>limited</u> additional information Plaintiffs <u>actually</u> need to oppose a motion for which they have had in their hands for nearly three months.

In sum, Plaintiffs' personal jurisdiction allegations are little more than unsupported statements suggesting some untoward relationship between Sanofi S.A. and its U.S. subsidiaries. Plaintiffs do not contest the facts laid out by Defendants that directly contradict them. Instead, Plaintiffs continue to seek broad and largely irrelevant discovery on all four Sanofi entities. Where, as here, it is clear that Plaintiffs' bare allegations do not hold water in the face of Defendants' specific denials, Plaintiffs' additional requests for production should be quashed, and Plaintiffs motion to compel should be denied.

**II.   Plaintiffs' Requests for Production Must be Limited**

Courts permit jurisdictional discovery only when it is: (1) narrowly tailored to the specific allegations set forth in the plaintiffs' complaint, and (2) clear that the requests will develop additional material facts. *See, e.g.*, *DNH, LLC v. In-N-Out Burgers*, 351 F. Supp. 2d 559, 566 (E.D. La. June 24, 2005) (discovery on matters of personal jurisdiction "need not be permitted unless the motion to dismiss raises issues of fact") (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). As drafted, Plaintiffs' requests for production fail to meet either standard.

Even where Defendants' corporate relationships are "deeply intertwined," it is *not enough* to impute the contacts of the U.S. Defendants to the French Defendants. *Jackson*, 615 F.3d at 587-88. For example, allegations with respect to a parent's establishment of global human resources policies and a benefit plan are insufficient to impute the subsidiary's jurisdictional contacts to the parent. *See, Dalton*, 897 F.2d at 1363. Yet, Plaintiffs have requested all documents regarding the implementation of HR systems and policies—not to

8

mention requests for the policies for study selection and management, global publication clearance for medical publications, the approval of any products produced by any U.S. subsidiaries by the FDA, and corporate compliance policies.  *See* Request No. 10.

Allegations regarding general guidance, 100% ownership, shared general policies, centralized bank accounts, monitoring of the subsidiary's performance, supervision of the subsidiary's finance, and capital budget decisions are also not enough to impute jurisdictional contacts.  *United States v. Bestfoods*, 524 U.S. 51, 72 (1998); *Dalton*, 897 F.2d at 1363; *Admins. of Tulane Educ. Fund v. Ipsen*, 450 Fed. Appx. 326, 330 (5th Cir. 2011).  Nevertheless, Plaintiffs have requested "all" documents regarding compensation programs; the allocation of costs, fees, profits, and awards between subsidiaries; documents regarding the flow of capital funds between entities; and all "corporate compliance or governance policies."

In addition, Plaintiffs' requests for production are overbroad, vague, and seek information far outside the scope of any theory of jurisdiction, let alone Plaintiffs' "alter-ego" theory.  For example, Plaintiffs' seek: (1) documents and information from Aventis Pharma S.A., despite the fact that Plaintiffs' Master Complaint only alleges an "alter-ego" relationship between Sanofi and the U.S. Defendants; (2) documents and information related to Sanofi's entire "prescription drug business," rather than information specific to Taxotere® or the U.S. Defendants; and (3) documents and information from a time period of more than twenty years.

Therefore, should the Court determine that the requests for production are necessary, the Court should still deny Plaintiffs' Motion to Compel, and limit such requests to only those narrowly targeted to develop facts material to the specific jurisdictional allegations in Plaintiffs' Master Complaint.

## III.    Specific Responses to Plaintiffs' Requests for Production

Despite the issues outlined above, Defendants will attempt to provide Plaintiffs with documents and information responsive to some requests, if Plaintiffs agree to limit their requests to only those actually contemplating the narrow issues alleged in Plaintiffs' Master Complaint.[6] As set out more fully in Defendant's Additional Responses to Plaintiffs' Requests for Production (attached hereto as **Exhibit A**), Defendants have provided proposed revisions and responses to Plaintiffs' requests for production, appropriately limiting the requests to the jurisdictional allegations in Plaintiffs' Master Complaint. The parties will continue to meet and confer regarding this production.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' Motion to Compel and quash Plaintiffs' requests for production; or, in the alternative limit Plaintiffs' requests to the discrete "alter-ego" jurisdictional theory raised by Plaintiffs' Master Complaint.

Respectfully Submitted:

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-310-2100
Facsimile:  504-310-2120
E-Mail: dmoore@irwinllc.com

---

[6] By providing these responses and objections, the French Defendants do not waive objections to producing information or documents located in foreign countries without complying with the legal prerequisites to such production under The Hague Convention, the French Blocking Statute, and French Data Protection Act. To do otherwise will expose the French Defendants to civil and criminal sanctions. *See* Defendants' Hague Opposition to Plaintiffs' Motion to Compel (filed concurrently, July 25, 2017).

>Harley V. Ratliff
>Adrienne Byard
>SHOOK, HARDY & BACON L.L.P.
>2555 Grand Blvd.
>Kansas City, MO 64108-2613
>Telephone:  816-474-6550
>Facsimile:  816-421-5547
>E-Mail:  hratliff@shb.com
>
>*Counsel for Sanofi and Aventis Pharma S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>/s/ *Douglas J. Moore*
>Douglas J. Moore