

FIRST BANK & TRUST TOWER
29TH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112

TEL (504) 599-8666
FAX (504) 599-8699
WWW.GLAGOLAWFIRM.COM

June 1, 2017

Harley Ratliff
Adrienne L. Byard
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Douglas J. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

Re: Letter in Response to Mr. Ratliff's Letter dated May 31, 2017 – Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740 Unsupported Allegations in Motion for Disclosure of Non-Party Interested Entities or Persons

Dear Mr. Ratliff:

I write on behalf of Marc Grossman and the law firm Baker Sanders in response to your letter dated May 31, 2017.

Your letter confirms that you "do not know if [financial] interests exist[.]" Letter of Mr. Ratliff at 2. Given this statement, you had no objectively reasonable basis to suggest that any of the cases listed in footnote 25 of Defendant sanofi-aventis U.S. LLC's Motion have any connection, let alone financial ties to, Persist Communications. Docket No. 334-1 at 6 n.25. Also, your letter recognizes that you did not contact Mr. Grossman or Baker Sanders before filing your Motion.

Of all the cases filed in this MDL, your Motion singles out Mr. Grossman and Baker Sanders, incorrectly suggests specific cases are associated with Persist Communications, and then states the Court should be "alarm[ed] about the role of third parties in MDL No. 2740 sufficient to require disclosure." Docket No. 334-1 at 6.

In response to our letter, you argue that each statement we have identified in your Motion is literally true. This response is inadequate. The Motion creates false impressions without an objectionably reasonable basis, and does so for the improper purpose of creating a legal or factual basis for your Motion where there is none—certainly, none that can be based on the actions of Mr. Grossman or Baker Sanders.

Because you have offered to address these issues in writing with the Court, we ask that you specifically correct the record by making the following two, clear statements to the Court:

(1) Counsel for Defendant sanofi-aventis U.S. LLC has no factual basis to suggest that any of the cases listed in footnote 25 of its Motion for Disclosure of Non-Party Interested Entities or Persons and Memorandum in Support (Doc. #334) are associated in any way with Persist Communications;

(2) To the extent the Motion may be read to suggest that the Court should be "alarm[ed] about the role of third parties in MDL No. 2740 sufficient to require disclosure" (Mot. at 6) based on any actions of Mr. Grossman or the law firm Baker Sanders, Counsel for Defendant sanofi-aventis U.S. LLC disavows any such suggestion.

If we do not receive confirmation by **Friday, June 2, 5 p.m. CDT** that Defendant sanofi-aventis U.S. LLC intends to correct the record in these two specific ways, then we may serve a draft motion for sanctions pursuant to Fed. R. Civ. P. 11, in order to preserve Mr. Grossman's and Baker Sanders' rights and remedies, all of which are expressly reserved.

Sincerely,

Mark P. Glago