UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

Plaintiffs submit this memorandum in response to Defendants Sanofi and Aventis Pharma's (collectively, "French Defendants") Motion for Protective Order, which has been rendered moot by Plaintiffs' withdrawal of the discovery at issue. This memorandum in response supplements and amends Plaintiffs' previously filed response. Rec. Doc. 625.

BACKGROUND

On April 28, 2017, the French Defendants filed a motion to dismiss claiming that this Court lacked personal jurisdiction. (Defs. Mot. to Dismiss, Doc. 346.) Recognizing that courts may receive "any combination of the recognized methods of discovery to help it resolve the jurisdictional issue," *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008), Plaintiffs requested the opportunity to conduct discovery of the Sanofi Defendants, including the French Defendants. From the outset, the French Defendants resisted Plaintiffs' discovery efforts, asserting they could not respond to discovery because of restrictions imposed by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), the French Statute No. 68 – 678 of July 26, 1968 ("French Blocking Statute"), the European Data Protection Directive 95/46/EC ("European

1

Directive"), and the French Law No. 78 – 17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties ("FDPA") (collectively "foreign privacy laws").

To address these issues without delay, this Court permitted Plaintiffs to issue discovery, which would provide the French Defendants an opportunity to formally object and facilitate motion practice. (*See* CMO No. 1, Doc. 465 at 1.) Accordingly, on May 26, 2017, Plaintiffs served on the French Defendants essentially two sets of discovery: (1) Plaintiffs' Personal Jurisdiction Discovery, which consisted of interrogatories and requests for production on topics relevant to personal jurisdiction ("jurisdictional discovery"), and (2) Plaintiffs' First Requests for Production to Sanofi and Aventis Pharma, S.A., which consisted of requests for production on topics beyond personal jurisdiction ("non-jurisdictional discovery").

## I.  THE FRENCH DEFENDANTS' MOTION FOR PROTECTIVE ORDER—FILED WITH NO ATTEMPT TO MEET AND CONFER—DOES NOT ADDRESS THE JURISDICTIONAL DISCOVERY

Without conducting a single meet and confer, the French Defendants filed a Motion for Protective Order on June 15, 2017 regarding the non-jurisdictional discovery. (Defs. Mot., Doc. 542.) Instead of focusing on the Hague Evidence Convention and foreign privacy laws, the French Defendants took aim at Rule 26, claiming the non-jurisdictional discovery to be "unreasonable, unduly burdensome, and expensive" and warranting a Protective Order because it "do[es] not satisfy the relevancy or proportionality requirements of Rule 26(b)(1).". Indeed, out of the four reasons cited by the French Defendants for seeking a Protective Order, only the last deals with the Hague Evidence Convention and foreign privacy laws. (Defs. Mot., Doc. 542 at 1; Defs. Memo., Doc. 542-2 at 4-9.) The Motion also did not address the jurisdictional discovery served by Plaintiffs the same day it served the non-jurisdictional discovery.

Shortly thereafter, the French Defendants served responses and objections to the jurisdictional discovery. The French Defendants refused to produce any documents again citing the Hague Evidence Convention, foreign privacy laws and other boilerplate objections.  And while the French Defendants did respond to some jurisdictional interrogatories, their responses are inadequate.  For instance, the French Defendants refused to answer Plaintiffs' interrogatories on behalf of predecessor entities or the U.S. Sanofi Defendants, depriving Plaintiffs of critical information regarding Taxotere's entrance into the U.S. market and overlap among executives and directors.  Further, the French Defendants unilaterally decided to limit the timeframe of certain responses to the past ten years even though Taxotere's U.S. sales significantly decreased 6 years ago following the loss of U.S. market exclusivity (i.e., loss of patent protection).  In general, the French Defendants' responses can be categorized as follows:

- Responses refer to paragraphs in an overly generalized declaration previously attached to Sanofi's Motion to Dismiss from April 2017; *see* Ex. A, Resp. to Interrogatories Nos. 3, 14, 14, 20, 23, 24, 25, 32, 34

- Responses are incomplete or overly generalized; *see* Ex. A, Resp. to Interrogatories Nos. 3, 11, 12, 13, 21, 27, 28, 29, 33

- Responses generally restate the question in a declarative manner; *see* Ex. A, Resp. to Interrogatories Nos. 20, 31

- Responses do not address the question; *see* Ex. A, Resp. to Interrogatories Nos. 6, 7, 8, 9

- Responses are not provided; *see* Ex. A, Resp. to Interrogatories Nos. 4, 10, 16, 17, 18, 22, 26, 35, 37, 38, 39, 40, 41, 42, 43, 44.

Although Plaintiffs worked with Sanofi to narrow the requests in hopes to obtain substantive response, those efforts proved futile as evidenced by the French Defendants' lack of meaningful responses.[1]

## II. PLAINTIFFS FILED A MOTION TO COMPEL RESPONSES TO THE JURISDICTIONAL DISCOVERY

Given the inadequate responses and the looming deadlines for jurisdictional discovery and motion practice, Plaintiffs have focused on obtaining complete responses to the jurisdictional requests. Accordingly, and after advising defense liaison counsel days in advance,[2] Plaintiffs elected to file a Motion to Compel limited to only the jurisdictional requests for production and addressing the Hague Evidence Convention, foreign privacy laws, and other boilerplate objections.[3] (Plfs. Mot. to Compel, Doc. 626.) Also at this time, Plaintiffs decided to withdraw the non-jurisdictional discovery because no negotiations had been conducted to address the relevance and proportionality concerns raised in the Motion for Protective Order.[4] Plaintiffs believe it is more efficient and practical for non-jurisdictional discovery to be served on all Sanofi Defendants as responses may overlap among Sanofi Defendants. This way, issues of relevance and proportionality can be viewed in the proper context of the overall litigation and resolved for all Sanofi Defendants at once rather than on a defendant by defendant basis.[5]

---

[1] Accordingly, Plaintiffs served on July 11, 2017 a narrower set of non-jurisdictional Requests for Production on all Sanofi Defendants.

[2] Ex. B, July 6, 2017, Ltr from C. Coffin to H. Ratliff re Filing of Motion to Compel and Withdrawal of Non-Jurisdictional Discovery

[3] Plaintiffs anticipate filing a Motion to Compel responses to the jurisdictional interrogatories in the near future due to the French Defendants failure to supplement.

[4] *Id.*

[5] *Id.*

As result of the withdrawal of the non-jurisdictional discovery, the French Defendants' Motion has been rendered moot as there is no longer pending discovery in which to issue a Protective Order. *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) (". . . federal courts cannot give opinions on moot questions or abstract propositions[.]"). However, the issues concerning the Hague Convention and foreign privacy laws are ripe and before the Court in Plaintiffs' Motion to Compel.

## CONCLUSION

For the reasons discussed, Plaintiffs' request that this Court deny the French Defendants' Motion for Protective Order as moot.

Dated: July 25, 2017

Respectfully submitted:

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (LA Bar # 27902) | Karen Barth Menzies (CA Bar #180234) |
| Pendley, Baudin & Coffin, L.L.P. | Gibbs Law Group LLP |
| 1515 Poydras Street, Suite 1400 | 400 Continental Boulevard, 6th Floor |
| New Orleans, LA 70112 | El Segundo, CA 90245 |
| Telephone: 504-355-0086 | Telephone: 510-350-9700 |
| Facsimile: 504-523-0699 | Facsimile: 510-350-9701 |
| E-Mail: ccoffin@pbclawfirm.com | E-Mail: kbm@classlawgroup.com |
| **Plaintiffs' Co-Lead Counsel** | **Plaintiffs' Co-Lead Counsel** |
| | |
| */s/Dawn M. Barrios* | */s/M. Palmer Lambert* |
| Dawn M. Barrios (#2821) | M. Palmer Lambert (#33228) |
| **Barrios, Kingsdorf & Casteix, LLP** | **Gainsburgh Benjamin David Meunier & Warshauer, LLC** |
| 701 Poydras Street, Suite 3650 | 2800 Energy Centre, 1100 Poydras Street |
| New Orleans, LA 70139 | New Orleans, LA 70163-2800 |
| Telephone: 504-524-3300 | Telephone: 504-522-2304 |
| Facsimile: 504-524-3313 | Facsimile: 504-528-9973 |
| E-Mail: barrios@bkc-law.com | E-Mail: plambert@gainsben.com |
| **Plaintiffs' Co-Liaison Counsel** | **Plaintiffs' Co-Liaison Counsel** |

| *Plaintiffs' Executive Committee* | *Plaintiffs' Steering Committee* |
|---|---|
| Christopher L. Coffin | Anne Andrews |
| Karen Barth Menzies | J. Kyle Bachus |
| J. Kyle Bachus | Lawrence J. Centola, III |
| David F. Miceli | Christopher L. Coffin |
| Dawn M. Barrios, *ex officio* | Alexander G. Dwyer |
| M. Palmer Lambert, *ex officio* | Emily C. Jeffcott |
| | Andrew Lemmon |
| | Daniel Markoff |
| | Abby E. McClellan |
| | Karen Barth Menzies |
| | David F. Miceli |
| | Rand P. Nolen |
| | Hunter J. Shkolnik |
| | Genevieve Zimmerman |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT