UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | : : : : : | HON. KURT D. ENGELHARDT |

**SANOFI AND AVENTIS PHARMA S.A.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**

Defendants Sanofi and Aventis Pharma S.A. (collectively, the "French Defendants") submit this Reply Memorandum in Support of Their Motion for a Protective Order.

**RELEVANT BACKGROUND**

On May 12, 2017, the Parties met before the Court to discuss various issues, including discovery. At this meeting, Plaintiffs repeatedly raised concerns about delaying "merits" discovery as to the French Defendants until after the Court ruled on the issue of personal jurisdiction. (*See* 5/12/17 Hr'g Tr. at 17:5 - 18:4, 21:3 - 21:15, 23:14 - 25:21, 27:20 to 28:9 30:18 to 31:12, 31:16 to 32:8.) Even if the Court denied the French Defendants' motion to dismiss, Plaintiffs raised the additional concern that the French Defendants would then assert a number of legal objections to foreign discovery, which might cause further delay. As Plaintiffs' Counsel told the Court, "If [the French Defendants] are going to put up the French Blocking Statute, how do we get that determined by this Court without it requiring us to wait four or five or six months before we know the answer to the jurisdictional question." (*Id.* at 25:17-21.)

In an effort to balance Plaintiffs' concerns about potential legal issues and delay with Defendants' concern that merits discovery as to the French Defendants not go forward until the

jurisdictional issues are resolved, the Court developed a thoughtful solution. In short, the Court asked to "tee up" these legal issues "on an expedited basis" so that the Parties could tackle them "on the front-end" and the Court could make a ruling. As the Court stated, "I have to have a controversy in front of me – a justiciable, as they say – for me to rule on." (*Id.* at 28:20-22.) Specifically, this solution was outlined in the exchange below:

> THE COURT: What I want to rule on are the hurdles to such discovery.
> . . . .
> THE COURT: I would not envision compelling merits-based discovery while the jurisdictional motion is pending. What I do contemplate is tackling all of the obstacles to it because it is going to be sought by the plaintiffs one way or the other and you are going to urge those legal hurdles as you're entitled to do one way or the other.
>     So I think that we can maybe knock some of these issues out to one of the two of you's favor so that when they do come up in whatever status your clients are in, we've got them decided.
> MR. COFFIN: Thank you, your Honor. This is exactly why we brought up the issue just to get some guidance. . . . .
> . . . .
> MR. COFFIN: You would like us to meet and confer and provide you with dates as to when we will serve merits discovery and when defense will provide those objections to the merits discovery?
> THE COURT: As pertains to Mr. Ratliff's clients, the foreign entities that are subject to the motion. But also do that – if you haven't already done so, also do that with regard to the other defendants who don't have these hurdles.

(*Id.* at 30:3 – 31:6.)

As a result, the Court entered CMO No. 2 (Doc. 474), ordering Plaintiffs to serve foreign merits discovery (separate and apart from the jurisdictional discovery), in order to tee-up all the legal issues so that a ruling could be made. On May 26, 2017, Plaintiffs served their merits discovery on the French Defendants, which consisted of 222 requests for production (the "May 26 discovery").

In response, on June 15, 2017, the French Defendants served written objections to the requests for production, sent a letter to Plaintiffs' counsel rejecting service of the discovery pursuant to the Hague Service Convention, and filed the pending Motion for a Protective Order outlining the very obstacles the Court wanted to address on the front end.  (*See* Doc. 542)

In filing this motion, Defendants spent substantial time, effort, and expense to present a justiciable dispute for the Court to rule upon as directed.  In addition to researching and drafting this motion, Defendants spent the time and expense to obtain a declaration from a French legal expert in Paris, as well as a declaration from Sanofi's Chief Data Privacy Officer.  All of this was done in the expedited time frame requested by Plaintiffs and ordered by the Court.

In the intervening three weeks, Defendants heard nothing from Plaintiffs as to the issues raised in their motion.  However, on Thursday, July 6, 2017—three business days before Plaintiffs' opposition was due—Defendants' counsel received a letter advising that Plaintiffs were "withdrawing" their merits discovery entirely and filing a Motion to Compel responses to Plaintiffs' jurisdictional discovery.  (*See* Ex. A, Letter from C. Coffin & K. Menzies to H. Ratliff, July 6, 2017.)  Less than a week later, on July 11, 2017, Plaintiffs served on counsel for the French Defendants a total of 328 new document requests (164 requests on each French Defendant) (the "July 11 discovery").  (*See* Ex. B, Plaintiffs' First Set of Requests for Production to Sanofi Defendants.)  Just like Plaintiffs' first set of merits discovery, their new set of far-reaching and generalized requests seek such things as "all documents" relating to "litigation holds,"[1] and the French Defendants' document retention policies.[2]

---

[1] *See* Ex. B, Request No. 163:  "ALL DOCUMENTS RELATING TO litigation holds concerning TAXOTERE, whether instituted for purposes of this litigation or prior litigation.  If a litigation hold was initiated pursuant to prior litigation RELATING TO TAXOTERE please state if, and if so when, any such hold was lifted."

3

**ARGUMENT**

Plaintiffs do not attempt to argue that their "non-jurisdictional discovery" served on counsel for the French Defendants satisfies Rule 26 or should proceed without adhering to the requirements set forth under French law. Instead, Plaintiffs argue that the French Defendants' motion is moot because Plaintiffs attempted to withdraw their May 26 discovery and thus "there is no longer pending discovery in which to issue a Protective Order." (Doc. 697 at 5.) Even if Plaintiffs could effectively withdraw their May 26 set of merits discovery—something that is not in the spirit of what the Court ordered at the May 12, 2017 hearing or CMO No. 2—the French Defendants motion is not moot because Plaintiffs July 11 discovery raises the exact same issues set forth in the pending motion. There is, therefore, a justiciable issue before the Court that should be resolved by the French Defendants' Motion for a Protective Order.

**I.     Plaintiffs Merits Discovery Fails to Comply with the Federal Rules**

Plaintiffs' May 26 discovery (which includes a total of 222 document requests) and Plaintiffs' July 11 discovery (which includes a total of 328 document requests) represent a *prima facie* violation of both Rule 26(g)(1)(B)'s reasonableness standard and Rule 26(b)(1)'s relevancy and proportionality standards. As the French Defendants have repeatedly told Plaintiffs, the documents most relevant here will be available from or accessible to sanofi-aventis U.S. LLC, the entity that corresponded with FDA regarding the safety, efficacy, and warnings for the Taxotere® allegedly used by the Plaintiffs in this MDL, oversaw the reporting of adverse events to FDA, U.S. labeling decisions, collection and submission of clinical study data to FDA, and dissemination of product materials to Plaintiffs' prescribing oncologists. The French Defendants,

---

[2] *See* Ex. B, Request No. 164: "YOUR document retention policies from 1996 to the present, including all policies RELATNG TO the assimilation of information from acquired or merged companies."

on the other hand, did not research, develop test, manufacture, label, advertise, market, promote, sell, or distribute Taxotere® anywhere in the United States. Plaintiffs' voluminous merits requests would require the French Defendants to both locate and produce virtually every piece of paper, e-mail, and electronic document they have relating to Taxotere®. This could only be done at a substantial cost to the French Defendants, and such a cost would greatly outweigh any marginal benefit arguably associated with such discovery.

In their initial motion, the French Defendants argued that the best approach here is to have Plaintiffs first obtain and review the documents that will be produced by the U.S. Defendants. After their review, Plaintiffs can identify if there are documents they think they still need that are located in France. Plaintiffs offer no response to this course of action in their opposition and make no suggestion that it would be unworkable or burdensome. The French Defendants maintain, and Plaintiffs seemingly do not dispute, that is the best path forward here.

    **II.**    **The Court Should Compel Plaintiffs To Pursue Discovery Under the Hague Convention and the FDPA**

As set forth more fully in the French Defendants' Memorandum in Support of Their Motion for a Protective Order ("French Defendants' Memorandum"), Plaintiffs' merits discovery triggers application of: (1) the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"); (2) the French Blocking Statute; and (3) the French Data Protection Act. (*See* Doc. 542-1 at 10-14.) Plaintiffs do not dispute this in their opposition, but instead argue that these issues should be decided in the context of the Parties' jurisdictional-discovery dispute. (*See* Doc. 697 at 4.) The Court was clear, however, that it wanted to decide these issues in the context of Plaintiffs' merits discovery. (*See* 5/12/17 Hr'g Tr. at 30:3 – 31:6.)

5

For the uncontested reasons discussed in the French Defendants' Memorandum, the French Defendants should not be compelled in the first instance to produce material in violation of French law. The French Defendants therefore request an order from the Court directing Plaintiffs to seek targeted discovery from the French Defendants by employing the procedures of the Hague Convention, the French Blocking Statute, and the French Data Protection Act.[3]

### III. The French Defendants Have Complied with the Court's Practices and Procedures

Rather than address the French Defendants' motion on its merits, Plaintiffs suggest that the French Defendants failed to comply their meet-and-confer obligations. This suggestion plainly ignores the multiple meet and confers, both on the telephone and in person, concerning the issues raised in the Motion for a Protective Order that occurred prior to the May 12, 2017 status conference. In light of the fulsome discussion the Parties had both prior to and at that status conference, the French Defendants have complied with their meet-and-confer obligations.[4]

If anything, it is Plaintiffs who have failed to comply with the spirit of what was discussed at the May 12, 2017 status conference and CMO No. 2. Plaintiffs raised the specter of foreign discovery objections and urged the Court to address all potential legal obstacles related to foreign discovery. The Court agreed with this approach, and ordered that Plaintiffs serve their foreign merits discovery and the French Defendants present legal issues to be ruled on in an expedited fashion. Plaintiffs then served 222 requests on the French Defendants, who, in

---

[3] Additionally, to the extent the Court finds discovery against the French Defendants appropriate, Plaintiffs should be ordered to bear the financial burden of their international discovery. (*See* Doc. 542-1 at 23-24.)

[4] Plaintiffs also improperly suggest that the French Defendants' motion for a protective order was inappropriate because it did not address Plaintiffs' jurisdictional discovery. Here again, Plaintiffs ignore the context surrounding the French Defendants' motion, as the Court wanted to decide the issues raised by the motion for a protective order in the context of Plaintiffs' merits discovery. (*See* 5/12/17 Hr'g Tr. at 30:3 – 31:6.)

compliance with the Court's Order, devoted substantial time and expense to submit the relevant legal issues in the form of a Motion for Protective Order. The French Defendants heard nothing from Plaintiffs until, just days before their opposition came due, they stated they are withdrawing the very discovery they were ordered to serve so as to create a justiciable issue for the Court. Then, less than a week after withdrawing the May 26 discovery, Plaintiffs served on counsel the July 11 discovery, which is plainly subject to the very same objections as the May 26 discovery. Yet, in their Opposition to the French Defendants' Motion for Protective Order, Plaintiffs make the remarkable claim that there is no longer a justiciable issue for the Court to decide. This represents not only a remarkable about face by Plaintiffs, but results in an extraordinary waste of resources and time—all in the effort to gain a tactical advantage.

## CONCLUSION

Plaintiffs' machinations should not be rewarded here. Plaintiffs cannot (and do not) justify the unreasonable merits discovery they have served on the French Defendants. Their only recourse is to argue that there is no longer a justiciable issue before the Court. That is plainly not true, however, because Plaintiffs have served counsel for the French Defendants again with objectionable merits discovery. For the reasons set forth herein and in their initial motion, the French Defendants respectfully request that the Court grant their Motion for a Protective Order.

Respectfully Submitted:

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
E-Mail: dmoore@irwinllc.com

Harley V. Ratliff
Adrienne Byard
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone:  816-474-6550
Facsimile:  816-421-5547
E-Mail:  hratliff@shb.com

Patrick L. Oot
SHOOK, HARDY & BACON L.L.P.
1155 F STREET NW, SUITE 200
Washington, D.C. 20004
Telephone:  202-783-8400
Facsimile:   202-783-4211
E-mail:         oot@shb.com

*Counsel for Sanofi and Aventis Pharma S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore