UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE ENGELHARDT |

**PLAINTIFFS' REPLY TO MOTION TO COMPEL
ON FRENCH LAW ISSUES[1]**

Despite having responded, although inadequately, to certain jurisdictional interrogatories propounded by Plaintiffs, the French Defendants have elected not to respond to any of Plaintiffs' jurisdictional requests for production, contending that these requests, as well as any other discovery propounded on them, must be transmitted in accordance with the "mandatory" procedures set forth by the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, 28 U.S.C.S. § 1781, Mar. 18, 1970 ("Hague Evidence Convention"). The Supreme Court, however, has rejected the automatic application of the Hague Evidence Convention in favor of a comity analysis that, when applied here, clearly favors the United States and Plaintiffs.

Seeking to frustrate this Court's orderly administration of discovery, the French Defendants advance arguments that are illogical, contradictory, and based on factual overstatement. Indeed, their factual exaggerations highlight the very need for the structure and oversight provided by the Federal Rules of Civil Procedure. In any event, the French Defendants

---

[1] Plaintiffs object to Defendants' bifurcation of their opposition to Plaintiffs' Motion to Compel through the filing two separate responses. (*See* Doc. 694; Doc. 685.) This has necessitated the filing of two reply memoranda by Plaintiffs—one to address French Impediments to discovery and the other to address general objections. Given the overlap of certain issues present in both responses (as evidenced by duplicative language), Plaintiffs contend that Defendants could have submitted a single response, saving the parties and the Court substantial time.

1

should not be permitted to escape their discovery obligations by insisting on a lengthy and costly process that serves only to benefit them.

**I.     DISCOVERY SHOULD PROCEED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE**

The French Defendants claim that the comity analysis supports the application of the Hague Evidence Convention because (1) Defendants have already supplied Plaintiffs with sufficient evidence to "provide a fulsome opposition to the pending motion to dismiss," and yet (2) Plaintiffs' requests are nonetheless too broad such that they cannot be reasonably responded to. Putting aside that Defendants are not the arbiters of "sufficient" evidence, the inherent conflict in the French Defendants' arguments is dispelled upon closer examination, revealing that neither contention accurately reflects the facts at hand.

**A.     The Evidence Sought by Plaintiffs is Vital and Has Not Been Produced**

The French Defendants argue that the comity factors weigh in their favor because Plaintiffs' requests are unnecessary as they have already received sufficient information based on Defendants' "full responses" to 22 out of 45 interrogatories. Not so. The information provided is hardly complete. For instance, Defendants have unilaterally decided not to answer *any* of Plaintiffs' Interrogatories on behalf predecessor entities, claiming that these entities are not relevant to the jurisdictional analysis. This position ignores well-established precedent that where a successor entity is considered to be a mere continuation of a predecessor entity, the liabilities and contacts of the predecessor entity are imputed to the successor. *See, e.g. Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002); *LiButti v. United States*, 178 F.3d 114, 123 (2d Cir. 1999); *Minnesota Mining & Mfg. Co. v. Eco Chem. Inc.*, 757 F.2d 1256, 1264–65 (Fed. Cir. 1985); *Fehl v. S.W.C. Corp.*, 433 F. Supp. 939, 945–46 (D. Del. 1977).

The prejudicial effect of Defendants' refusal to answer on behalf of predecessor entities is

2

evidenced by the Response to Interrogatory No. 5, which requests the identity of officers and directors common to the French Defendants, the U.S. Defendants, [2] and their predecessor entities. Through separate investigation, Plaintiffs have learned of multiple instances in 2002 alone in which an officer or director of one of the French Defendants or their predecessor entities concurrently served as an officer or director of a predecessor entity to one the U.S. Defendants. For example, Theirry Soursac served as Chairman of the Supervisory Board of Aventis Pharma S.A. (a French Defendant) while also serving on the Board of Directors of Aventis Pharmaceuticals Inc. (U.S. predecessor entity). Similarly, Igor Landau served as Chairman of the Management Board of Aventis SA (French predecessor entity) while also serving on the Board of Directors of Aventis Inc. (U.S. predecessor entity).  Despite this, the French Defendants swear in response to Plaintiffs' Interrogatory No. 5 that:

> [N]o past officers or directors of Sanofi have gone on to serve as officers or directors of Sanofi US Services Inc. or sanofi-aventis U.S. LLC. Likewise, no past officers or directors of Sanofi US Services Inc. or sanofi-aventis U.S. LLC have gone on to serve as officers or directors of Sanofi.[3]

Had the French Defendants responded on behalf of predecessor entities as requested by Plaintiffs, Mr. Soursac and Mr. Landau, among others, would have been disclosed to Plaintiffs. Defendants' Response to Interrogatory No. 5 is additionally deficient in that it is limited to officers and directors that have "gone on to serve" as officer or director for another Sanofi Defendant and does not disclose individuals that may have concurrently served as officers or directors for multiple Sanofi

---

[2] *See* Ex. A, Defs' Resp. to Plfs. Jurisdictional Req. for Prod. 1, June 30, 2017. Originally, Interrogatory No. 5 was broader, seeking this information for all U.S. subsidiaries (and their predecessor entities) involved in the prescription drug business. Through the meet and confer process, Plaintiffs agreed to limit the request to the U.S. Defendants with the caveat that the request encompass predecessor entities. Despite this attempt at compromise, the French Defendants elected not to respond on behalf of predecessor entities.
[3] *Id.* at 21.

Defendants.  Finally, the French Defendants' response, on its face, does not answer on behalf of Aventis Pharma S.A.

Interrogatory No. 5 is only one example of many in which the French Defendants' alleged "full" response falls far short. Indeed, the information provided to Plaintiffs, including that on the five topics cited in their opposition (Defs. French Opp., Doc. 685 at 8-9), is highly generalized and fails to fully address the applicable Interrogatory propounded by Plaintiffs.[4] In the context of the comity analysis, this failure weighs in favor of this Court managing discovery pursuant to the Federal Rules of Civil Procedure.

### B. Plaintiffs' Requests are Tailored to Comply with the Hague Evidence Convention

The French Defendants suggest that Plaintiffs' discovery requests are not pertinent to personal jurisdiction, and thus should conform to the procedures of the Hague Evidence Convention.  (Defs. French Opp., Doc. 685 at 9.)  Even if Plaintiffs' discovery requests went beyond jurisdictional information, which they do not, this would not mandate resort to the Hague Evidence Convention as opposed to the Federal Rules. Rather, the interests of United States in protecting its citizens from defective products and enforcing its laws, and the importance of information retained—possibly exclusively—by the French Defendants weighs heavily in favor of the United States when considering non-jurisdictional discovery requests.

Regardless, the discovery requests at issue are appropriately tailored to the jurisdictional inquiry. Though not mentioned by Defendants, the parties have met and conferred on the timeframe and Plaintiffs have agreed to limit their requests to the French Defendants and the U.S.

---

[4]   Further analysis of Defendants' inadequate responses is detailed in Plaintiffs' Reply to Defendants' Discovery Opposition to the Motion to Compel on issues other than the French Impediments addressed herein, which issues will be heard by Magistrate Judge North on August 7, 2017. (*See* Plfs. Disc. Reply, Doc. 706 at 6-12.)

4

Defendants with the caveat that Defendants must respond on behalf of their predecessor entities given that the U.S. Defendants had yet to exist until late 2005 and the French Defendants likewise had multiple predecessor entities.  In addition, Plaintiffs have agreed to limit the applicable timeframe for most interrogatories to 1997 through 2011.  Furthermore, and contrary to Defendants' suggestions (and selective quoting), Plaintiffs are not seeking all policies related to medical publications, human resources, and compensation.  Rather, Plaintiffs seek all policies written by the French Defendants or their predecessors and utilized by the U.S. Defendants.

Likewise, the French Defendants' assertion that communications between them, the U.S. Defendants, and/or their predecessor entities regarding adverse events or marketing are "not related to personal jurisdiction" reflects an overly constricted view of the term "relevant" under Rule 26(b)(1). As the Supreme Court has stated, the term "relevant" under Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Defendants have not suggested that these communications could not reasonably lead to other facts that "*could* bear on *any* issue that is *or may be*" relevant to personal jurisdiction. *Id.* Nor have Defendants argued that the communications themselves are irrelevant under this broad definition. Regardless, these communications are relevant in identifying direct contacts between the French Defendants and the United States.

Finally, Defendants repeatedly attempt to limit Plaintiffs' theory of personal jurisdiction to one of alter-ego between Sanofi SA and the U.S. Defendants.  This ignores the detailed allegations contained in Plaintiffs' Master Complaint, which describe public statements and actions by Sanofi and its predecessor entities that demonstrate the control or central management of its subsidiaries, including Aventis Pharma SA, the U.S. Defendants, and predecessor entities, and depict Sanofi's

5

orchestrated expansion into the U.S. prescription drug market that allowed Taxotere's market share to increase exponentially. (Compl. ¶¶ 12-31, Doc. 312.) These allegations support multiple theories of jurisdiction, including alter-ego, agency, integrated enterprise, and specific jurisdiction. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Plaintiffs' discovery requests should not be hampered by Defendants' incorrect notions of Plaintiffs' jurisdictional theories.

## II. COMPLIANCE WITH THE HAGUE EVIDENCE CONVENTION WOULD UNNECESSARILY DELAY PROCEEDINGS, AND THE CONVENTION'S REQUIREMENTS ARE UNNECESSARILY AND UNDULY BURDENSOME

To comply with the Hague Evidence Convention, the most common option would require Plaintiffs to submit to a designated French Judicial Authority a Letter of Request containing specific information regarding the lawsuit and information sought to be discovered. As noted by the Supreme Court, "[i]n many situations the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 542 (1987). Resort to the Hague Evidence Convention in this case would result in precisely these drawbacks and would "be inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts." *Id*. at 543 (quoting Fed. R. Civ. P. 1).

Here, there is no deadline by which the French Judicial Authority must consider or address a Letter of Request. While the French Defendants state that the procedure "is likely to occur in a timely manner" (Defs. French Opp., Doc. 685 at 16-17), this is pure speculation and contrary to experience. In the ordinary course, these procedures are unduly time-consuming. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06–1775, 2010 WL 1189341, at *2 (E.D.N.Y. Mar.29, 2010) ("[T]he outcome of a request pursuant to the Convention is by no means certain, and making

the request will undeniably result in delays of unknown, and perhaps considerable, duration."). In fact, unnecessary delay is an oft-cited criticism of the Hague Evidence Convention. *See, e.g.*, *Trueposition, Inc. v. LM Ericsson Tel. Co.*, No. CIV.A. 11-4574, 2012 WL 707012, at *5 (E.D. Pa. Mar. 6, 2012). Furthermore, Defendants' suggestion that the parties and the Court should essentially "give a try" ignores the deadlines imposed by this Court. (Defs. French Opp., Doc. 685 at 17 ("Of course, if these procedures prove unworkable, the Court retains the discretion to reconsider the issue.").) With Defendants' answers to discovery overdue by one month—and with Plaintiffs' deadline for responding to the motion to dismiss just two months away—it is imperative that Defendants be compelled to respond promptly to Plaintiffs' jurisdictional discovery requests. After all, "[b]oth parties in this case have a strong interest in an efficient and speedy means of obtaining this jurisdictional discovery so that the threshold issue of personal jurisdiction over [the French Defendants] can be resolved, and this case, in which time is of the essence, can progress forward." *Trueposition*, 2012 WL 707012, at *5 (holding the interests of comity weigh in favor of using the Federal Rules of Civil Procedure).

**III.   THE PROTECTIVE ORDER IN PLACE PROVIDES SUFFICIENT MEASURES TO PROTECT DATA IN ACCORDANCE WITH THE FRENCH DATA PROTECTION ACT**

The French Data Protection Act ("FDPA") does not restrict the ability of the French Defendants to comply with Plaintiffs' discovery requests given the protective order in place in this matter.  As noted in the CNIL Deliberation attached as Exhibit C to Defendants' Opposition, American courts issue "stipulative court orders" (or Protective Orders) that "guarantee that the documents transmitted in the context of the 'Discovery' proceeding shall be used according to the conditions defined by the parties and retained in a confidential manner."  Here, the parties have stipulated to conditions for the protection and limited use of documents and information produced during discovery, which is provided in Pre-Trial Order 50.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel the responses to Plaintiffs' jurisdictional Requests for Production.

Dated: August 1, 2017                                     Respectfully submitted,

*/s/ Christopher L. Coffin*                                */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                            Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                          GIBBS LAW GROUP LLP
1515 Poydras Street, Suite 1400                           400 Continental Boulevard, 6th Floor
New Orleans, LA 70112                                     El Segundo, CA 90245
Phone: 504-355-0086                                       Telephone: 510-350-9700
Fax: 504-523-0699                                         Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                    kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                             *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                    */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                 BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                  701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                   New Orleans, LA 70139
New Orleans, LA 70163-2800                                Phone: 504-524-3300
Phone: 504-522-2304                                       Fax: 504-524-3313
Fax: 504-528-9973                                         barrios@bkc-law.com
plambert@gainsben.com

                                                          *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews                                              Daniel P. Markoff
Andrews Thornton Higgins Razmara, LLP                     Atkins & Markoff Law Firm
2 Corporate Park, Suite 110                               9211 Lake Hefner Parkway, Suite 104
Irvine, CA 92606                                          Oklahoma City, OK 73120
Phone: (800) 664-1734                                     Phone: (405) 607-8757
aa@andrewsthornton.com                                    Fax: (405) 607-8749
                                                          dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
The Lambert Firm, PLC
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
ejeffcott@thelambertfirm.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
Simmons Hanly Conroy
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
dmiceli@simmonsfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188

Fax: (985) 783-1333          gzimmerman@meshbesher.com
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                       */s/ M. Palmer Lambert*
                                       M. PALMER LAMBERT