UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | SECTION: "N" (5) |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | |
| ALL ACTIONS ) | | |

**CASE MANAGEMENT ORDER NO. 5**
**(GENERAL DISCOVERY PROTOCOL – SANOFI DEFENDANTS)**

In an effort to coordinate discovery and meet the Court's scheduling order for trials, the Parties submitted competing drafts of a proposed General Discovery Order to govern the captioned litigation. After convening two status conferences at which counsel for the Parties were heard on their respective positions regarding the conduct of general discovery, the Court now hereby Orders as follows:

1. **Applicability of Order.** The following procedures and schedules will govern general discovery on Defendants Sanofi S.A., Aventis Pharma S.A., sanofi-aventis U.S. LLC, Sanofi US Services Inc. (hereinafter collectively "Sanofi Defendants"). No Party may conduct any discovery of Defendants not expressly authorized by this Order absent further Order of this Court or express agreement of the Parties. The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications. Pretrial Order Number 49 (Electronically Stored Information Protocol) and Pretrial Order Number 50 (Protective Order) shall apply to all discovery under this Order. The discovery authorized by this Order is hereinafter referred to as "general discovery," and is subject to the limitations set forth below.

2. **General Provisions.**

   a. Except as expressly set forth herein, this Order shall not limit or prejudice any Party's rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of this Court. However, the Court specifically notes that the provisions of this Order obviate (1) any applicable specifications on timing and sequencing of discovery set forth in FRCP Rule 26(d), and (2) any applicable obligation of a Party to this proceeding to comply with the conference and planning requirements of FRCP Rule 26(f).

   b. The Parties may modify this Order by written agreement without Court order or, absent written agreement, seek to modify this Discovery Plan by motion for good cause after making a good faith effort to meet and confer.

   c. The Parties may agree to, and the Court may enter, Trial Scheduling Orders from time to time for specific trials. These scheduling orders are meant to govern the circumstances of particular trials only and are in addition to the provisions contained herein.

   d. **Discovery Conferences.** The Parties shall promptly meet and confer in good faith regarding any discovery disputes before seeking the Court's intervention. To facilitate this process, the Parties shall employ the procedures set forth in this Paragraph.

      i. A monthly discovery meet and confer call among Plaintiffs and the Sanofi Defendants shall take place on the second Thursday of every month at 3:00 p.m. CT. At or before noon on Wednesday preceding each such call, the Parties shall each submit a written list of topics to be addressed on that call.

    ii. A separate monthly status call with the Magistrate Judge shall be scheduled to address and resolve discovery issues discussed among the Parties, and to keep the Court generally advised on the progress of discovery. The Parties may request more frequent conferences, as necessary, or advise the Magistrate Judge that a separate monthly status call is not necessary. To avoid surprise, and absent extreme circumstances, the Parties agree to only introduce issues to the Court that have been previously discussed during a meet and confer with opposing counsel.

    iii. At least three business days before each monthly status call, the Parties must jointly provide the Magistrate Judge with a list of topics being submitted for decision, discussion, or informal guidance, or provide notice that the call is not needed.

    iv. The Party seeking guidance may provide the Magistrate Judge and all Parties a letter, not to exceed three pages single-spaced, outlining the issues and the Party's position on those issues no later than three business days prior to the status call. Any Party may respond by letter, not to exceed three pages single-spaced, outlining that Party's position no later than noon CT on the business day prior to the telephone conference. The letters should not be filed with the Court, but should be e-mailed to all Parties when they are provided to the Magistrate Judge. No further submissions regarding an issue may be submitted without leave of the Court.

e. **Coordination of Discovery.** The Parties shall coordinate discovery to the extent reasonably possible.

    f.    All general discovery propounded to the Sanofi Defendants by Plaintiffs in this MDL proceeding pursuant to this Order, including deposition notices, interrogatories, requests for admission, and production requests, shall be undertaken by, or under the direction of, the Plaintiffs' Steering Committee on behalf of all Plaintiffs with cases in these MDL proceedings.  Any discovery not limited to a specific Plaintiff shall be assigned by the PSC.

3. **Electronically Stored Information and Information Exchange.**  The ESI Protocol established in Pretrial Order No. 49, entered on July 5, 2017, shall govern the production of ESI documents and data in this litigation.  The Parties subject to a trial scheduling order shall exchange the specific information identified in Section IV.E. of the ESI Protocol within 30 days of a scheduling order of the Court.

4. **Written Discovery.**  Unless otherwise ordered by the Court or agreed to by the Parties, the numerical limitations on written discovery requests set forth in the Federal Rules of Civil Procedure shall apply to discovery conducted under this Protocol.

5. **Numerical Limits on Deposition of Defendants.**  Plaintiffs may take up to thirty (30) depositions of the Sanofi Defendants, including depositions of current and former employees and Rule 30(b)(6) depositions.  Trial depositions related to any Case Management Order scheduling a trial date are not counted against this limitation on the number of depositions.  The Parties will meet and confer regarding the identification of such witnesses and the scheduling of their depositions.  For good cause shown, Plaintiffs may seek additional depositions.  The Parties may agree to additional depositions if conducting those depositions will not upset any schedule set by the Court.  Any additionally noticed 30(b)(6) deposition shall count as one witness provided the topics

included within the 30(b)(6) Notice of Deposition are sufficiently related. Depositions shall be limited to no more than 7 hours on the record per deposition without leave from the Court or agreement of the Parties.

    a. Defendants' deposition allowance shall be governed by Pretrial Order No. 22 and the individual trial scheduling orders. Unless good cause is shown, Defendants should not commence discovery of Plaintiffs not subject to a trial scheduling order. The seven-hour on the record time limit shall apply to depositions taken by Defendants unless altered by the Court or by agreement of the Parties.

    b. The Parties shall establish a deposition protocol. The agreed protocol, or absent agreement competing protocols, shall be submitted to the Magistrate Judge. A protocol not having been entered will not delay the taking of depositions in this matter.

**6. Timing of Discovery.**

    a. Within ten days after the date of this Order, Defendants shall produce without further request:

- Organizational charts for the years 1999 – 2015 that include all persons with direct responsibility for Taxotere (Docetaxel); and
- A complete list of distributors to whom each defendant sold Taxotere or Docetaxel for the years 1999 to present.

    i. With respect to the jurisdictional discovery propounded upon Sanofi S.A. and Aventis Pharma S.A. by Plaintiffs, within 7 days after the Court rules on the protective order/objections to Plaintiffs' motion to compel discovery based on the French Blocking statute, Hague service, and French data production, as applicable, these

5

foreign entities (the "French Defendants") shall make their productions as ordered by the Court.

ii. The Plaintiffs may propound merits discovery at any time, subject to any additional deadlines set by the Court. The Sanofi Defendants shall produce (non-case-specific) documents and information to the PSC for use of Plaintiffs in this MDL proceedings.

iii. Subject to any objections, the Sanofi Defendants shall produce materials responsive to requests on a rolling basis, and the Parties shall meet and confer at least monthly regarding production status (PTO 49, Section V.), until productions are complete in accordance with FRCP 26(g). Such productions shall be substantially completed no later than sixty (60) days from the service of the requests, or (1) within such reasonable time to be determined by Plaintiffs and the Defendants after any objections to specific requests are resolved or (2) within such time as determined by the Court.

iv. Pretrial Order Number 49, Section IX, governs procedures regarding claims of privilege and redactions and the content and timing of privilege logs, with one exception. Due to the Court-ordered time period for the initial trials to begin in September 2018, this Order amends Section IX.C.1. to shorten the timing of service of the privilege logs from 75 days to within 45 days of production.

v. A Party wishing to challenge an asserted privilege may do so at any time by notifying the asserting Party that the privilege is being challenged. If no agreement is made with regard to the disputed privilege, either Party may bring the issue up for the next regularly scheduled conference or call with the Magistrate Judge or request expedited consideration if the Party in good faith deems such consideration necessary.

    vi. **Documents Produced by Parties – Presumption of Authenticity**.  In order to reduce the number of requests for admission, this Order establishes a rebuttable presumption that documents produced by the Parties are authentic, if said documents were either created or authored by the producing Party, or any of its employees, agents or contractors, so long as the agent or contractors' work was performed in connection with a project, assignment or clinical trial sponsored by the producing Party.  No further evidence to establish authenticity need be provided.

9. **Third-Party Discovery.**  Third-party discovery initiated by any Party subject to this Protocol may commence immediately and is not limited by this Order.  The requesting Party shall produce to all other Parties any responses and productions received by them during the course of third-party discovery at a reasonable cost of reproducing them, accounting for the form in which the initial production is received.

10. **Fact Discovery Deadline.**  The Parties are cognizant of the first trial date in this MDL is September 24, 2018.  *See* CMO No. 3.  Completion of fact discovery for any Plaintiff selected for trial shall be governed by the individual trial scheduling orders.  The Parties are reminded by the Court of their respective obligations to conduct general discovery in a manner proportional to the needs of all cases, including those set for trial, consistent with the provisions of this Order.  With this is mind, general liability fact discovery shall be completed by **December 15, 2018**.  This deadline may be extended by the Court for good cause shown by any Party.

11. **Resolution of Disputes under this Protocol.**  If a dispute arises under this Protocol that the Parties cannot resolve after good-faith efforts in a meaningful meet-and-confer session or sessions, they are to immediately contact the chambers of the Magistrate

Judge, who will thereafter resolve the matter with the Parties' input consistent with sections 2(D)(iii-iv) of this Protocol.

New Orleans, Louisiana, this __23rd__ day of _____August_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE