UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | Case 2:16-md-02740-KDE-MBN<br>MDL NO. 2740 |

THIS DOCUMENT RELATES TO:

*Terri M. Destefano v. Sanofi S.A., et al.*, Case No. 2:17-cv-06919-KDE-MBN

### DEFENDANT SANDOZ INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

### INTRODUCTION

Plaintiff Terri Destefano ("Plaintiff") seeks leave to file an Amended Short Form Complaint to add Sandoz Inc. ("Sandoz") as a Defendant in her lawsuit, despite not having any product identification as to Sandoz. As grounds for her Motion, Plaintiff states that "[s]ubsequent to the filing of her original lawsuit… Plaintiff learned that Sandoz Inc. and Sun Pharma Global FZE should have been named as Defendants in Plaintiff's case as manufacturer of the chemotherapy drug which caused her permanent hair loss." Doc. No. 726 at 1. Plaintiff's investigation, however, did ***not*** actually identify either Sandoz or Sun Pharma Global FZE ("Sun") as the manufacturer of docetaxel that was taken by Plaintiff. Rather, Plaintiff does not have product identification as to any particular Defendant, and is simply seeking to amend her complaint so that it names all of the Taxotere brand name Defendants and all of the 505(b)(2) Defendants who distributed docetaxel at the time of usage.

As this Court is aware, there are currently hundreds of "shotgun" lawsuits in this MDL where Plaintiffs have named more than one defendant-manufacturer, as well as hundreds of cases where Plaintiffs have served Plaintiff Fact Sheets with unknown product identification. The

1

Parties and the Court are working diligently to address the product identification issues and to narrow the number of claims without product identification that are pending. Plaintiff Destefano's Motion seeks to do just the opposite: add claims against additional defendants, despite the absence of any product identification. This is inconsistent with the Parties' and the Court's ongoing efforts to resolve product identification issues in this MDL. As Plaintiffs have no valid justification for seeking to add Sandoz as a defendant, the Court should deny Plaintiff's Motion for leave to amend.

## BACKGROUND

Plaintiff commenced her action by filing a Short Form Complaint on July 19, 2017. Doc. No. 726 at 1. Plaintiff's Short Form Complaint brought claims against several defendants, including all of the Taxotere Brand Name Defendants (Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U.S. LLC), as well as several 505(b)(2) Defendants (Hospira Worldwide Inc., Hospira Inc., Caraco Pharmaceutical Laboratories Ltd.[1], and Allergan Finance LLC f/k/a Actavis Inc.). On July 27, 2017, Plaintiff's Counsel requested that Defendants consent to a proposed amendment of her Complaint that would add Sandoz and Sun as defendants, while not dropping any of the other named defendants.

After receiving Plaintiff's request for their consent to the amendment, Counsel for the 505(b)(2) Defendants spoke with Plaintiff's Counsel to inquire regarding Plaintiff's reasons for seeking to amend her complaint. Plaintiff's Counsel stated that Plaintiff had *not* identified any information identifying the manufacturer of her docetaxel, but rather that Plaintiff's medical records identified "docetaxel" as the drug that was taken, and that Plaintiff was seeking to amend

---

[1] Plaintiff and Defendant Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd. have agreed to substitute Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd. as the proper named party for Caraco Pharmaceutical Laboratories, Ltd. Sun Pharma Global FZE is a foreign company incorporated under the laws of the United Arab Emirates and has not been served with process in any case and has not consented to be added as a Defendant in this case.

her Complaint to name **all** manufacturers with any docetaxel product on the market at the time of Plaintiff's usage.

On August 8, 2017, the 505(b)(2) Defendants informed Plaintiff that they would not consent to the proposed amendment, because it was seeking to add defendants in the absence of any product identification.

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT IS FUTILE

Although Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) ("plaintiffs do not have an absolute or automatic right to amend"). Rather, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's proposed amendment should be denied because Plaintiff's claim against Sandoz would be futile. *See Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed.") It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). Courts have interpreted

3

futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To determine futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane*, 213 F.3d at 115; *Gen. Elec. Capital Corp.*, 128 F.3d at 1085; *Glassman*, 90 F.3d at 623. To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, plausibility requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, Plaintiff's proposed amendment reflects a futile attempt to add a new claim against Sandoz. Plaintiff's investigation has not provided any information, such as medical records or National Drug Code forms, identifying Sandoz as the manufacturer of her docetaxel. Plaintiff's Motion vaguely asserts that "after diligent investigation by counsel, Plaintiff learned that Sandoz Inc. and Sun Pharma Global FZE should have been **named** as Defendants in Plaintiff's case as manufacturer [sic] of the chemotherapy drug which caused her permanent hair loss." Doc. No. 726 at 1 (emphasis added). Plaintiff does not allege that she has actually identified Sandoz as the manufacturer of the chemotherapy drug that she took, because she has not been able to do so.

4

In Ohio, the state of Plaintiff's usage[2], a plaintiff suing a manufacturer in a product-liability action is required to be able to prove that his or her injury can be traced to that specific manufacturer. Under the Ohio Product Liability Act ("OPLA"), a plaintiff must prove that a defendant "designed, formulated, produced, constructed, created, assembled, or rebuilt the actual product that was the cause of harm for which the claimant seeks to recover." *See* Ohio Rev. Code §2307.73(A)(3). The statute expressly bans market share liability. *See* Ohio Rev. Code §2307.73(B) ("Proof that a manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the type of product in question is not proof that the manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the actual defective product. . . . A manufacturer may not be held liable in a product liability action based on market share, enterprise, or industrywide liability").

Because Plaintiff does not have any product identification as to Sandoz, she will not be able to successfully bring a claim under the OPLA. *See, e.g.*, *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) (dismissing claims due to ambiguous product identification allegation that failed to allege more than a possibility that she received the defendant's product, and therefore failed to meet the *Twombly* and *Iqbal* standard); *Baldwin v. Zimmer, Inc.*, No. 2:10-CV-01144, 2011 WL 3652411, at *2 (S.D. Ohio Aug. 19, 2011) (dismissing claims due to plaintiffs' failure to plead facts to allow defendants to determine if they manufactured the products at issue, and therefore failing to state plausible claims for relief so as to satisfy the *Iqbal/Twombly* standard); *Washington v. Wyeth, Inc.*, No. CIV.A 309-CV-01343, 2010 WL 450351, at *2 (W.D. La. Feb. 8, 2010) (dismissing claims due to plaintiff's failure to properly identify the defendant as the manufacturer of the allegedly defective product);

---

[2] Both Plaintiff's original Short Form Complaint and proposed Amended Short Form Complaint allege that "Plaintiff underwent chemotherapy with docetaxel (TAXOTERE®) and/or a generic non-bioequivalent on or about January 2013," in the state of Ohio. *See* Doc. No. 726-2 at ¶¶11-12.

*Adams v. I-Flow Corp.*, No. CV09-09550 R SSX, 2010 WL 1339948, at *3 (C.D. Cal. Mar. 30, 2010) (dismissing claims where plaintiffs pled "nothing more than the sheer possibility that any particular defendant might have manufactured the product that allegedly injured each plaintiff"). As Plaintiff's proposed claim against Sandoz under the OPLA will fail, her proposed amendment is futile, and her Motion seeking leave to file an amended complaint should be denied.

## CONCLUSION

If Ms. Destefano is granted leave to amend her complaint, Plaintiffs in many other similar cases may be encouraged to similarly seek to amend their complaints to name all potential defendant-manufacturers, regardless of whether there is any product identification. This is squarely at odds with the Parties' and the Court's efforts to *reduce* the large number of claims currently pending in this MDL that lack product identification.

In several other cases, Defendants have recently consented to Plaintiffs' motions to amend where Plaintiffs' investigation has provided medical records or other documentation indicating that a Plaintiff took docetaxel manufactured by a particular defendant. If Ms. Destefano at some point in the future does identify Sandoz as the manufacturer of the docetaxel that she took, the parties and the Court can revisit the issue of an amendment to her Complaint. Until then, Plaintiff should not be granted leave to amend her complaint to add claims against additional defendants such as Sandoz in the absence of product identification.

Plaintiff's Motion for Leave to File Amended Short Form Complaint should be denied.

Respectfully submitted,

By: */s/ Evan C. Holden*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
**Greenberg Traurig, LLP**

                    Terminus 200
                    3333 Piedmont Road NE, Suite 2500
                    Atlanta, Georgia 30305
                    Telephone: (678) 553-2100
                    Facsimile: (678) 553-2212
                    Email:  cohenl@gtlaw.com
                              merrellc@gtlaw.com
                              holdene@gtlaw.com
                    *Counsel for Defendant Sandoz Inc.*

*ATL 22273936v2*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

*/s/ Evan C. Holden*
Evan C. Holden