UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "N" (5) |

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Ernys-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.)
*McCallister, et al. v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.)

## SANOFI-AVENTIS U.S. LLC'S SUPPLEMENTAL BRIEF REGARDING SEVERANCE OF THE MULTI-PLAINTIFF CALIFORNIA CASES SUBJECT TO REMAND

At the hearing on Plaintiffs' remand motion, the Court requested supplemental briefing on its ability to retain jurisdiction over the individual Plaintiffs' cases properly removed to federal court but named in multi-plaintiff complaints. If authorized to do so, the Court's "inclination would be to sever those plaintiffs and have their cases remanded, and retain the rest of them here." Hr'g Tr. at pp. 28-30 (Aug. 30, 2017). Defendants therefore submit the following statement of law. In sum, as set forth in more detail herein, this Court has the authority to sever Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine Hicks from their respective multi-plaintiff complaints and retain jurisdiction over the remaining Plaintiffs and, in the interest of judicial efficiency, exercise such authority in the above referenced matters.

### I.  MDL Courts Routinely Mandate Severance of Multi-Plaintiff Complaints

MDL Courts routinely enter mandatory orders to sever multi-plaintiff complaints. *See* Case Management Order No. 7, *In re: Benicar (Olmesartan) Prods. Liab. Litig.*, No. 1:15-md-02606 (D.N.J. July 1, 2015), ECF No. 67 (stating "multi-plaintiff complaints shall not be filed in this litigation without leave of the Court and for good cause shown," and that the Clerk of the

Court was "directed to sever all existing multi-plaintiff complaints."); Pretrial Order #26 (Agreed Order Regarding Severance of Actions), *In re: Boston Scientific Corp., Pelvic Repair System Prod. Liab. Litig.*, MDL No. 2326 (S.D. W.Va. Dec. 18, 2012), ECF No. 265 (mandating severance of plaintiffs "whose only apparent connection with one another is that they were implanted with Boston Scientific Corp. mesh product"); Pre-Trial Order No. 26 (Prohibiting Multiple Unrelated Claimants from Joining in One Complaint), *In re: Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. Sep. 5, 2007), ECF No. 12181; Pretrial Order No. 3370, *In re: Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203 (E.D. Pa. Apr. 20, 2004) ("To resolve misjoinder issues, and to facilitate the efficient administration of actions . . . , all multi-plaintiff actions shall be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure").

Although a multi-plaintiff severance order has not yet been entered in this MDL, one was previously agreed to by the parties and submitted to the Court on August 3, 2017. The agreed order recognizes the authority of the Court to do just what it says. Upon entry of the agreed order, its application by the Court would sever the four individual Plaintiffs subject to its remand ruling.

## II.    Relevant Case Law Authorizes Severance of These Plaintiffs

Certainly courts have authority to sever both parties and claims pursuant to the Federal Rules of Civil Procedure, outlined in more detail in section III below. This does not change in the context of a motion to remand.

Courts routinely sever certain claims or parties while concurrently ruling on remand motions. *See Keune v. Merck & Co. (In re Propecia (Finasteride) Prod. Liab. Litig.)*, 2013 U.S. Dist. LEXIS 117375, **25-27,*72 (E.D.N.Y. May 17, 2013) (MDL court severed and remanded

New Jersey plaintiffs and denied remand for fifty-one plaintiffs whose citizenship was undisputedly diverse from the manufacturer's); *Olivier Plantation, LLC v. St. Bernard Par.*, 744 F. Supp. 2d 575, 583, 590 (E.D. La. 2010) (stating the court "must determine whether the case should be remanded, *in whole or part*" and severing a claim in the petition) (emphasis added); *Jones v. Bockstruck*, No. 07-cv-0565, 2007 WL 1537031, at *1 (W.D. La. May 24, 2007) (granting motion to remand by severing plaintiff's claims against CIGNA corporation, exercising diversity jurisdiction over those claims, and remanding the other claims that were improperly joined with the claims against CIGNA); *Winston v. TB of Mississippi, Inc.*, No. 2:00CV293-D-B, 2001 WL 588926, at *3 (N.D. Miss. Mar. 12, 2001) (severing certain claims while also denying Plaintiff's motion to remand those claims to state court); *In re Benicar (Olmesartan) Prods. Liab. Litig.* No. 1:15-md-02606, ECF No. 807 (D.N.J. July 25, 2016) (on motion to remand in MDL, severing non-diverse plaintiffs' cases pursuant to standing severance order).  By severing multi-plaintiff cases to remand some and not others, the Court appropriately perfects its jurisdiction.

Additionally, this Court has ordered plaintiffs in multi-plaintiff cases to sever themselves in order to remand and/or transfer those for whom venue was improper, while retaining jurisdiction over the rest.  *See* Pretrial Order No. 96, *In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 07-md-1873 (E.D.L.A. Mar. 15, 2012), ECF No. 24856 ("It has come to the Court's attention that certain member cases are mixed venue cases, joining plaintiffs from multiple districts. To facilitate remand, counsel for plaintiffs in each such case shall file . . . a motion to sever pursuant to Rule 21 of the Federal Rules of Civil Procedure with respect to each such member case, severing the claims of plaintiffs for whom venue is not proper in this District. . . . Plaintiffs' counsel in each such case shall be prepared to file, promptly upon the granting of

the motion to sever, new complaints for the plaintiffs in each such case for whom venue is not proper in the Eastern District of Louisiana.").

It is anticipated that Plaintiffs will rely on *Carey v. Bank of Am., N.A*, 904 F. Supp. 2d 617 (N.D. Tex. 2012). In that single plaintiff, single-defendant case, the issue before the Northern District of Texas was whether "§ 1445(c), which makes workers' compensation retaliation claims nonremovable, deprives this Court of jurisdiction over the other, otherwise removable, state law claims." *Id.* at 619. Section 1445(c) states "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C.A. § 1445(c). The defendant argued the court should sever and remand the workers' compensation retaliation claim while maintaining jurisdiction over the six other claims. *Carey*, 904 F. Supp. 2d at 619. The plaintiff argued the entire case should be remanded because the workers' compensation retaliation claim made the entire civil action arise under Texas workers' compensation laws, and therefore made the entire action unremovable under § 1445(c). *Id.*

The Northern District of Texas stated: "Severance and remand of the nonremovable claim is appropriate only when the district court's jurisdiction is based on a federal question; there is no such provision when the court's jurisdiction is based on diversity. Thus, because § 1441(c) is inapplicable to diversity jurisdiction cases, this civil action, in its entirety, must be remanded to County Court at Law No. 4 of Dallas County, Texas." *Id.* at 620 (internal citation omitted).

*Carey v. Bank of Am., N.A* is distinguishable. *Carey* relates to a workers' compensation claim that has a specific United States Code provision making it nonremovable. That provision is not applicable as to whether or not each Plaintiff here provided sufficient information

connecting McKesson to her respective claims. Moreover, *Carey* involved a single plaintiff, a single defendant, and severance of a nonremovable claim, not a party. Thus, it is inapposite.

## III. The Federal Rules of Civil Procedure Authorize Severance of These Plaintiffs

Pursuant to Federal Rule of Civil Procedure 20(a)(1), claims of different plaintiffs that involve common legal issues, but different alleged facts, may not be grouped into a single action. *See* FED. R. CIV. P. 20(a)(1). Here, the claims of sixteen distinct Plaintiffs have been joined together in two separate Complaints. The only common factor alleged by Plaintiffs is that they were each allegedly treated with Taxotere®. Although both Complaints fail to include any true case-specific allegations, it is incredibly likely that, among other things, each Plaintiff was diagnosed with breast cancer at different times, had different breast cancer diagnoses, had different prescribing physicians, were treated with different chemotherapy combinations, were treated for different periods of time, had different subsequent medical treatment, and have different degrees of alleged persistent alopecia. As numerous cases have held, plaintiffs are not properly joined when "the only common link among them was a defective [product]." *Stinnette v. Medtronic Inc.*, No. 09-cv-03854, 2010 WL 767558, at *2 (S.D. Tex. Mar. 3, 2010).[1] Severance is required where, as here, there were "numerous different . . . [treating] physicians involved . . . who are unlikely to have any common link to any two (2) of these plaintiffs, . . . the medical histories of the plaintiffs . . . . are certainly diverse," and the injuries at issue involve individualized risk factors and unique circumstances. *Adams v. I-Flow Corp.*, No. 09-cv-09550, 2010 WL 1339948, at *8 (C.D. Cal. Mar. 30, 2010). Moreover, various state laws will be implicated as only four of the sixteen Plaintiffs are California residents. *See Boschert v. Pfizer,*

---

[1] *Accord, e.g.*, *McNaughton v. Merck & Co.*, No. 04 Civ. 8297(LAP), 2004 WL 5180726, at *1–3 (S.D.N.Y. Dec. 17, 2004); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *Warner v. Stryker Corp.*, No. 08-6368-AA, 2009 WL 1773170, at *1–2 (D. Or. June 22, 2009).

5

*Inc.*, No. 4:08-cv-1714 CAS, 2009 WL 1383183, at *3–4 (E.D. Mo. May 14, 2009); *Cumba v. Merck & Co.*, No. 08-cv-2328, 2009 WL 1351462, at *1 (D.N.J. May 12, 2009) (granting motion to sever claims of 49 plaintiffs who allegedly "took the drug Vytorin and . . . [allegedly] sustained broadly similar injuries as a result thereof" because their claims were based on disparate facts); *In re Seroquel Products Liab. Litig.*, No. 606-md-1769, 2007 WL 737589, at *1–3 (M.D. Fla. Mar. 7, 2007) (severing claims of multiple plaintiffs alleging injury from use of Seroquel and ordering each to file an individual complaint and pay the court's full filing fee).

Numerous courts have found procedural misjoinder under the circumstances presented here. Those courts have recognized that claims by product liability plaintiffs—like those in this case—are highly individualized and cannot be joined to defeat jurisdiction, even where the plaintiffs allegedly used the same product. *See, e.g.*, *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-md-2331, 2013 WL 3729570, at *13 (E.D.N.Y. May 17, 2013) (finding procedural misjoinder as to suit removed from Missouri state court where "the injuries here will greatly vary from plaintiff to plaintiff based on factors like age, physical state at the time of taking the drug, and dosage"); *In re Fosamax (Alendronate Sodium) Prod. Liab. Litig. (No. II)*, No. 11-cv-3045, 2012 WL 1118780, at *4 (D.N.J. Apr. 3, 2012), *aff'd,* 751 F.3d 150 (3d Cir. 2014) (finding procedural misjoinder where plaintiffs "allege such unspecific injuries as to make it impossible to determine how the Plaintiffs share any connection" and "given the complicated causation questions that pervade drug product liability claims, Plaintiffs' claims will require divergent questions of law and fact"); *Weaver v. Am. Home Prods. Corp.* (*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*), 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003) (finding that plaintiffs were procedurally misjoined because "the claims of the pharmaceutical plaintiffs who had drugs prescribed by different doctors for different time periods do not arise

out of the same 'transaction, occurrence, or series of transactions or occurrences'" (quoting FED. R. CIV. P. 20(a))); *In re Baycol Prods. Litig.*, No. 03-cv-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (holding that a plaintiff in a pharmaceutical product-liability action had "been fraudulently [mis]joined with the other plaintiffs, warranting severance and remand" of that plaintiff's claims and denying plaintiffs' motion to remand); *In re Rezulin Products Liab. Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001) (prescription drug plaintiffs' claims were procedurally misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries"); *Chaney v. Gate Pharms. (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)*, No. 98-cv-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (pleading went "well beyond mere misjoinder" where plaintiffs "attempt[ed] to join persons from seven different states into one civil action who have absolutely no connection to each other except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs").

Pursuant to Federal Rule of Civil Procedure 21, federal courts may, "at any time, on just terms, add or drop a party" and "also sever any claim against a party." FED. R. CIV. P. 21; *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (Applying Rule 21 standard, "the court has virtually unfettered discretion in determining whether or not severance is appropriate") (citing *Rodin Properties–Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F.Supp.2d 709, 721 (D.N.J.1999)). The Fifth Circuit has stated:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-CV-00057-GHD, 2014 WL 6959045, at *7–8 (N.D. Miss. Dec. 8, 2014) (quoting *U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

Although the Court may exercise Rule 21 severance to correct misjoinder under Rule 20, it need not make a finding of misjoinder to do so. Indeed, the Court may sever in order to enforce case-management requirements against the filing of multi-plaintiff complaints, *see In re Benicar (Olmesartan) Prod. Liab. Litig.*, 198 F. Supp. 3d 385, 388 (D.N.J. 2016), or simply to cure a defect in its jurisdiction. *In re Depakote Alexander v. Abbott Labs., Inc.*, No. 12-cv-52, 2016 WL 6563483, at *1 (S.D. Ill. Nov. 4, 2016). "When a district court exercises this power to drop a party to preserve subject matter jurisdiction, the dismissal under Rule 21 is retroactive." *Id.* (citing *Dexia Credit Local v. Rogan*, 629 F.3d 612, 621 (7th Cir. 2010)).

Use of Rule 21 severance to drop a party is permissible so long as that party is not indispensable. *Id.* "A party is dispensable to an action when the Court can accord complete relief among the existing parties in his absence, and there are no practical problems that would be created by his dismissal." *Id.* at *2 (quotation omitted). Here, the twelve Plaintiffs who have not alleged sufficient information connecting McKesson to their respective claims are dispensable because each "has an individual and distinct claim against Defendants, and it is entirely possible to accord complete relief among the remaining parties in each of the individual Plaintiffs' actions." *Id.* "Combining multiple claims into a single complaint does not make each individual claim indispensable from the others." *Id.*

IV. **Conclusion**

For all the foregoing reasons, this Court has the authority to sever Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine Hicks from their respective multi-plaintiff complaints and should do so, retaining jurisdiction over the remaining Plaintiffs.

Dated: September 11, 2017

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*