UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)  　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION  　　　　　　SECTION "N" (5)

This document relates to the following cases:
*Ernyes-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN
*McCallister, et al., v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN

PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SEVERANCE OF THE
CALIFORNIA MULTI-PLAINTIFF CASES

**I.     Introduction**

Federal district courts considering cases removed on the basis of diversity do not have the authority to sever plaintiffs from those cases. Title 28, section 1441 of the United States Code only grants federal courts the authority to sever cases that have been removed on the basis of federal question jurisdiction, but does not grant the power to sever cases that have been removed on the basis of diversity jurisdiction. The court must, of course, determine whether diversity exists, but the inquiry is a limited one. When determining if diversity exists, the court must consider the case in its entirety, at the time of removal. In doing so, the court may not reach the merits of individual claims. Without diversity on the face of the complaint, the court lacks jurisdiction to do anything other than remand this case. Thus, with regard to the *Ernyes-Kofler* and *McCallister* cases, the Court may not single out certain plaintiffs for severance and remand.

**II.    The U.S. Code Does Not Grant the Power to Sever Cases Removed for Diversity**

Courts must narrowly construe the scope of statutorily-created jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Title 28, section 1441 of the United States Code treats cases differently depending on the basis for their removal. Section 1441(c) provides for severance of certain claims. But in 2011 Congress expressly limited § 1441(c) to apply only to federal question cases, and not to diversity cases. Thus, where a case is before a court solely

1

on diversity grounds, § 1441(c) does not apply. *Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. Nov. 14, 2012) As the *Carey* court found, "the statute does not offer the severance and remand option which would permit the claims based upon diversity jurisdiction to be severed from the nonremovable state claim and remain in federal court."

In *Carey*, the court held that it could not sever a case removed for diversity. The court conducted a thorough analysis of § 1441, concluded that it could not sever claims from the case, and remanded the case. First, the court found that the language of § 1441(a) must be construed to encompass the entire case, not certain claims or parties. "When 'any civil action' in § 1441(a) is construed to encompass the entire case and a claim is not removable under § 1441(a), the entire civil action must be remanded, even if there are other claims within the district court's original diversity jurisdiction." *Id.*

While *Carey* dealt with severing claims, its logic applies just as well to the question of severing parties. Principles of statutory construction mandate the same conclusion as in *Carey*, regardless of whether it is claim or party severance at issue. "Where Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Here, Congress expressly included language allowing claim severance for cases removed due to federal question, but did not include language allowing such severance for diversity cases, nor even allowing for party severance.

Congress did not provide for party severance in cases under removal jurisdiction, therefore we can properly infer that courts cannot exercise that power in such cases. "A familiar principle of statutory construction ... is that a negative inference may be drawn from the

exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006).

Furthermore, Fifth Circuit precedent disfavors expansive readings of statutorily-granted jurisdiction. "[O]ur insistence that diversity removal, powerful as it is, remain within its congressionally marked traces is demanded by principles of comity and federalism." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004)

### III.    Plaintiffs Properly Joined McKesson, Therefore Diversity Does Not Exist.

In determining diversity, the question is whether a defendant has been improperly joined in the case. "If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.*, at 575. The court is not to consider the merits of the plaintiffs' claims as to that defendant, only that the claims have been stated. *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 182 (1907). Here, the Court has already reviewed the pleadings and concluded that McKesson is properly joined in both the *Ernyes-Kofler* case and the *McAllister* case. The inquiry must end there. *Id.*, at 574 .

> "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*.

Courts may not "confer diversity jurisdiction in the absence of complete diversity" because that is a legislative decision for Congress to take. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004). Furthermore, when determining if a federal district court has jurisdiction to hear a case on removal, any doubt as to the propriety of removal should be resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

## IV. Federal Rule of Civil Procedure 21 Does Not Grant the Power to Sever Plaintiffs from Cases Removed for Diversity.

Plaintiffs are properly joined, which makes Rule 21 inapplicable. Federal Rule 21 is entitled *Misjoinder and Nonjoinder of Parties*, and it states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." By its title and plain language, Federal Rule 21 applies when parties are "misjoined" or "nonjoined."

Defendants urge the Court to sever Plaintiffs' cases using Rule 21. But Defendants do not give a convincing rationale for doing so, only that other MDL courts have done so. In order to sever the Plaintiffs, the Court would have to determine that they were in some way misjoined, and the facts do not support such a determination. The Plaintiffs in *Ernyes-Kofler* and *McCallister* all make claims arising from the same nucleus of operative fact – that Sanofi and McKesson misled the public about the risk of permanent alopecia with Taxotere treatment. This common nucleus of liability is plainly sufficient for the Plaintiffs to be properly joined under California law, where the complaints were filed.

The Defendants ask the Court to apply a federal joinder standard to a properly pleaded California state court complaint that the Court has already determined it lacks jurisdiction over. The determination of joinder should properly be made by the California courts upon remand.

Defendants' Rule 21 severance argument rests upon the contention that Plaintiffs have not provided sufficient information connecting McKesson to certain Plaintiffs' claims. This argument fails because it is ultimately a question of merit and (1) as discussed above, this Court does not have jurisdiction to reach the merits of the case, (2) the Court has already found adequate allegations concerning McKesson as to at least four of the sixteen Plaintiffs, and (3) even if the Court could consider the merits, the adequacy of the complaints' factual allegations is a question of state law.  See *In re Fosamax Products Liability Litigation*, MDL No. 1789, Order, (S.D.N.Y. July 29, 2008) (applying state law to adequacy of complaint removed to MDL on diversity basis).

Under California pleading standards, "A pleading is adequate so long as it apprises the defendant of the factual basis for the plaintiff's claim." *McKell v. Washington Mut., Inc.*, 142 Cal.App. 4th 1457, 1469-1470 (Cal.Ct.App.2006) (internal citations omitted). Clearly, Plaintiffs' complaints apprise McKesson that the claims against it are based on its alleged manufacture, packaging, labeling and/or distribution of the Taxotere taken by Plaintiffs. This allegation provides a sufficient basis to state a claim against McKesson in California state court.

To the extent that the Defendants argue that multi-plaintiff complaints in which the common nucleus is a failure to warn about Taxotere-mediated alopecia are impermissible, California courts routinely accept multi-plaintiff filings with such a common factual predicate. *Johnson v. Western Air Express Corp.*, 45 Cal. App. 2d 614, 622-623 (1941) (holding that cases by victims of one act of negligence should be consolidated); see also *Todd-Stenberg v. Dalkon Shield Claimants Trust*, 48 Cal. App. 4th 976, 978-979 (1996). This Court, having made the determination that there is no diversity should defer the question of whether there is a common nucleus of operative fact to the California court to which it is remanding the case.

Furthermore, the doctrine of misjoinder that Defendants ask the court to adopt has not been accepted by the Fifth Circuit. The severance cases from Fifth Circuit district courts which Defendants cite either deal with **claim** severance rather than **party** severance, or else concern case management orders.

## V.     Conclusion

In sum, this Court has already determined that McKesson has been properly joined in the *Ernyes-Kofler* and *McCallister* cases. Therefore, the Court lacks jurisdiction to do anything more with the cases, and should remand them to California.

Dated:  September 11, 2017                    Respectfully submitted,

                                              CUTTER LAW, P.C.

                                              By:_____
                                              C. Brooks Cutter
                                              *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ C. Brooks Cutter*