UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "N" (5) |

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

### JOINT REPORT NO. 5 OF LIAISON COUNSEL
### (Status Conference, September 8, 2017)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 5 of Liaison Counsel.

**1.     REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the JPML transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, excluding voluntary dismissals, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the JPML. As of September 5, 2017, excluding voluntary dismissals, there are 1,652 cases pending in the MDL before the Honorable Kurt D. Engelhardt.

**2.     FEDERAL/STATE COORDINATION**

Related state court proceedings have been filed in California, Missouri, and Delaware. Most of these state court proceedings were removed to federal court. Plaintiffs who originally filed complaints in Delaware, Missouri, and California state courts filed motions to remand. On August 30, 2017, the Court granted Plaintiffs' omnibus Motion to Remand the Delaware state court cases. (Rec. Doc. 784.) With regard to the California state court cases, the Court granted

in part and denied in part Plaintiffs' Motions to Remand, and ordered the Plaintiffs in *Erneys-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN (E.D. La.) and *McCallister, et al. v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN (E.D. La.) to file supplemental briefing within 10 days from August 30, 2017, on the Court's authority to sever these multi-Plaintiffs' actions prior to remand. *Id.* On the Missouri state court cases, the parties anticipate filing a formal Motion to Withdraw the Plaintiffs' Remand Motion.

In conjunction with the Orders on the Motions to Remand set forth above and after consultations with the clerks, the parties are jointly preparing a Severance Order.

The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only). The parties also continue to make efforts to identify and alert the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings and to provide the call-in number for the status conferences, should they wish to join.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.

The Court has issued the following important Pretrial Orders since the July 7, 2017 Status Conference:

**Pretrial Order No. 53** (Rec. Doc. 664) entered July 20, 2017- Amendments to Plaintiffs' Master Long Form Complaint, Exemplar Short Form Complaint and Plaintiffs' Fact Sheet

**Pretrial Order No. 54** (Rec. Doc. 671) entered July 21, 2017- Docket Control Order- Voluntary Dismissals

**Pretrial Order No. 55** (Rec. Doc. 688) entered July 25, 2017- Order Regarding the Filing of the Amended Master Long Form Complaint and Substitution of the Amended Exemplar Short Form Complaint and Amended Plaintiff Fact Sheet

**Pretrial Order No. 56** (Rec. Doc. 712) entered August 2, 2017- Issuance of Summons with Corrected Defendants' Names

**Pretrial Order No. 57** (Rec. Doc. 718) entered August 3, 2017- Setting a Meeting with Liaison Counsel

**Pretrial Order No. 58** (Rec. Doc. 744) entered August 18, 2017- Granting Request for Oral Argument on Defendants' Motion to Dismiss Plaintiffs' Master Long Form Complaint (Rec. Doc. 489)

**Pretrial Order No. 59** (Rec. Doc. 816) entered September 7, 2017 – Resetting the Submission Date on Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations (Rec. Doc. 494)

**Pretrial Order No. 60** (Rec. Doc. 819) entered September 7, 2017 – Order Regarding the Collection of Data of Potential Claimants by the Plaintiffs' Settlement Committee

**4.**     **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.

The Court has issued the following Case Management Orders since the July 7, 2017 Status Conference:

**Case Management Order No. 3** (Rec. Doc. 669) entered July 21, 2017- Trial Scheduling Order for First Trial Setting on September 24, 2018. The Court identified 10 plaintiffs whose original jurisdiction and venue is in the Eastern District of Louisiana, and set forth two phases of case-specific discovery for the September 24, 2018 jury trial against sanofi defendants only.

**Case Management Order No. 4** (Rec. Doc. 670) entered July 21, 2017, details the initial phase of case-specific discovery for those cases listed in Case Management Order No. 3 (Rec. Doc. 669).

**Case Management Order No. 5** (Rec. Doc. 762) entered August 23, 2017- Magistrate Judge North entered a General Discovery Protocol for use with the Sanofi Defendants.

**Case Management Order No. 6** (Rec. Doc. 780) entered August 29, 2017- Setting Four Bellwether Trial Dates in 2019.

The parties have agreed to meet and confer on a proposed Case Management Order for general discovery of the 505(b)(2) defendants based on the general discovery protocol for the Sanofi defendants.

On August 17, 2017, the parties discussed with the Court at the Liaison Conference submitting a proposed Case Management Order to the Court for each trial. The parties have exchanged drafts of a Case Management Order for the second trial.

**5.   COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Co-Liaison Counsel at dwhite@bkc-law.com. This information must be kept current by each counsel and will be relied upon throughout the litigation. Co-Liaison Counsel provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

**6.   MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Master Long Form Complaint was filed on March 31, 2017 (Rec. Doc. 312). PTO 41 (Rec. Doc 331) provides the Court-approved amended Exemplar Short Form Complaint, which supersedes PTO 37 (Rec. Doc. 318). Counsel are advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint.

Due to issues with the proper names of some defendants, the parties filed a Stipulation Concerning Amendments to Plaintiffs' Master Long Form Complaint, Exemplar Short Form Complaint and Plaintiff Fact Sheet (Rec. Doc. 642), which the Court adopted in PTO 55 (Rec. Doc. 688). Plaintiffs filed their First Amended Master Long Form Complaint and Demand for Jury Trial (Rec. Doc. 689) pursuant to PTO 55 (Rec. Doc. 688).

Plaintiffs' counsel need not file any amending complaint or amending Plaintiffs' Fact Sheet in order to effectuate the aforementioned naming corrections, but they must re-serve Sun

Pharmaceuticals, Inc. f/k/a Caraco Laboratories Ltd. PTO No. 53 (Rec. Doc. 664) if service was previously effectuated on the improperly named Sun Pharma entity.

Additionally, should any plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all defendants named in the original complaint, the Clerk's office will close that plaintiff's claims against the defendant(s) who is (are) not named.

If any case was docketed in the MDL prior to April 1, 2017, a Short Form Complaint may be filed as an amended complaint in the plaintiff's individual case, not in the master MDL docket. If the case is filed in or transferred to the MDL from April 1, 2017 forward, the plaintiff must file a Short Form Complaint as an original complaint (not in the master MDL docket). The relevant PTOs are PTO No. 15 (Rec. Doc. 230), PTO No. 37 (Rec. Doc. 318), and PTO 41 (Rec. Doc. 331).

Should any Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[1] requires that before filing any motion to amend pleadings, the Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Plaintiffs' counsel must email each request[2] for consent to Co-Defendants' Liaison Counsel, Douglas Moore, dmoore@irwinllc.com, and John Olinde, Olinde@chaffe.com, who will forward the request to the appropriate attorneys for a response. If consent is obtained, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel. If consent is not granted, the motion for leave to amend the pleadings must be filed as an opposed motion.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, plaintiffs cannot "notice"

---

[1] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[2] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

a voluntary dismissal of all defendants without prejudice. They must either move to dismiss, get stipulation to dismiss, or dismiss with prejudice. In any case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures. In addition, with a motion, the plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

## 7.  PLAINTIFF AND DEFENDANT FACT SHEETS

Counsel should note the rules of the Plaintiff Fact Sheets ("PFS") in several Pretrial Orders:

- Amended PTO 22 (Rec. Doc. 325) sets forth service of PFSs and Defendant Fact Sheets;

- PTO 23 (Rec. Doc. 280) amends Exhibit A which are the authorizations to PFS (Rec. Doc. 280);

- PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1

- PTO 55 (Rec. Doc. 688) grants the filing of an Amended Plaintiffs Fact Sheet. See Rec. Doc. 236-1.

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017). The timeframe for service

of completed PFS and DFS are shortened for the ten Trial Plaintiffs. CMO No. 4 (Rec. Doc. 670).

As September 5, 2017, Plaintiffs have served 822 PFSs and 437 PFSs are in progress. Based on the PFSs received as of September 5, 2017, they divide among defendants as follows: 441 sanofi, 62 Hospira, 12 Sandoz, 12 Accord, 172 Unknown, 50 Blank, 79 Other/Miscellaneous.  The parties continue to confer on the status of photographic evidence submitted with fact sheets with Plaintiffs' Liaison Counsel advising all plaintiffs' counsel of the Court's statements on this issue, the descriptions of plaintiffs' injuries in the Short Form complaints, the Deficiency Notices issued, and the status of product identification in multi-defendant cases. Many PFSs are due under the provisions of Amended PTO 22 (Rec. Doc. 325) September 22, 2017.

Under PTO 22 ¶ 5, sanofi identifies the approximately 33 cases attached hereto as Appendix C as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to PTO 22. *Id*.

Subject to the same provisions, Sanofi identifies the approximately 40 cases attached hereto as Appendix D where Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. Defendants accordingly requests that the Court issue a show cause order with notice pursuant to PTO 22. *Id*.

Under PTO 22 ¶ 5, the 505(b)(2) defendants have identified cases where no PFS, authorizations, or responsive documents have been submitted. The 505(b)(2) defendants intend to monitor the continued submission of PFSs, through the remainder of the period for staggered submissions and agree to meet and confer with plaintiffs regarding any delinquent PFSs at the

close of the submission period. To the extent any issues cannot be resolved through this meet and confer process, the 505(b)(2) defendants will present any outstanding matters to the court at a subsequent status conference.

In addition, under PTO 22 ¶ 5, the 505(b)(2) defendants have identified cases where deficiency notices have been issued in response to Plaintiffs' PFSs and Plaintiffs have failed to respond within the requisite thirty (30) day period. The 505(b)(2) defendants agree to meet and confer with plaintiffs regarding those cases, and, if unable to resolve the issues, will ask at the next status conference that the Court issue a show cause order with respect to these cases.

**8.  MDL CENTRALITY**

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's website under the tab "Forms," as well as on the BrownGreer website.

**9.  SERVICE ON DEFENDANTS**

Counsel for sanofi and the Plaintiffs' Steering Committee (PSC) have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity. As a result of PTO 9, Plaintiffs are not required to effectuate service on the foreign sanofi entities unless otherwise ordered by the Court.

Counsel for several defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharma, Inc. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

**10.   DISMISSAL OF DEFENDANTS**

Three entities, who were originally named as defendants, have been dismissed in all cases pending in the MDL.  One entity (Apotex, Inc.) submitted proof by affidavit that it did not manufacture Docetaxel.  The other entities, Northstar RX, LLC and Eagle Pharmaceuticals, Inc., submitted proof that they did not manufacture Docetaxel until after the date of infusions alleged in the individual Complaints.  The referenced documents are as follows: Northstar RX LLC (Rec. Docs. 320, 324, 333, 335), Eagle Pharmaceuticals, Inc. (Rec. Doc. 319, 332, 336), and Apotex, Inc. (Rec. Docs. 219, 224, 225).

The Defendants have communicated with Plaintiffs and Plaintiffs' Liaison Counsel seeking dismissal in cases where (i) a plaintiff's PFS identified a different manufacturer of Taxotere/docetaxel, (ii) Plaintiffs' records reflect treatment only with Taxotere/docetaxel manufactured by a different defendant, and/or (iii) Plaintiffs' records indicate treatment dates prior to the availability of the defendant's product on the market. Plaintiffs and Defendants are meeting and conferring regarding these requests for dismissal. The PSC and all defendants agree to make a concerted effort to ensure that only the proper defendants are named.  The PSC and all defendants further agree to make a concerted effort to dismiss other defendant manufacturers named in a complaint once the Plaintiff attorney receives or obtains information that identifies the product used by the Plaintiff.  The parties are prepared to discuss this issue at the status conference.

**11.   PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence.  The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. Pursuant

to negotiations with the U.S. sanofi defendants, Plaintiffs' Liaison Counsel circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

## 12. PROTECTIVE ORDER

Magistrate Judge North entered the Protective Order on July 5, 2017 as PTO 50 (Rec. Docs. 612-1, 613).

## 13. ESI DISCOVERY

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

## 14. DISCOVERY OF DEFENDANTS

Plaintiffs have served jurisdictional discovery and foreign merits discovery and the Sanofi Defendants have responded. This discovery now is moot, as Plaintiffs and the Sanofi defendants have reached an agreement to resolve the French sanofi motion to dismiss for lack of jurisdiction (Rec. Doc. 346), French sanofi motion for protective order (Rec. Doc. 542), plaintiffs' motion to compel jurisdictional discovery (Rec. Doc. 626), and sanofi's motion for disclosure of non-party interested entities or persons (Rec. Doc. 559). Plaintiffs and Sanofi intend to submit a stipulation to the Court that sets forth the terms of this agreement.

Plaintiffs have served merits discovery on Sanofi, and the Sanofi defendants have begun the process of producing responsive documents. The parties have met and conferred multiple times about this discovery served by the Plaintiffs. The parties are generally addressing discovery disputes with Magistrate Judge North.

## 15. MOTION PRACTICE

On May 26, 2017, Defendants filed a Motion to Dismiss Plaintiffs' Master Long Form Complaint (Rec. Doc. 489). Argument on this motion was heard on August 30, 2017. The Court

denied defendants' motion with regard to Counts I and III-VII of the Master Complaint. With regard to Counts II and VIII, the Court granted plaintiffs 14 days to amend their Master Complaint. (Rec. Doc. 784).

On May 26, 2017, sanofi filed a Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations (Rec. Doc. 494). Plaintiffs opposed that motion on July 20, 2017 (Rec. Doc. 663). Sanofi replied in support of the motion on August 25, 2017 (Rec. Doc. 771). The status of this motion will be discussed with the Court at the meeting of the PSC and Defendants' Lead Counsel.

**16.    CLASS CERTIFICATION BRIEFING**

Class Certification of a putative Louisiana class of plaintiffs was denied by the Court on July 17, 2017. Rec. Doc. 647.

**17.    SETTLEMENT COMMITTEES**

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a plaintiff's Settlement Committee and to a sanofi Settlement Committee. Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. Pursuant to PTO 44 (Rec. Doc. 371), the Court appointed a separate Settlement Committee for the non-sanofi defendants, referred to as the 505(b)(2) defendants. The chairpersons for each Settlement Committee recently met in person to discuss relevant issues and a process for identifying unfiled cases.

**18.    SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265) the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course

of the MDL.  The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted.

**19.    UPCOMING DEADLINES OR IMPORTANT DATES**

   A. Date to be determined – Per PTO 15 (Rec. Doc. 230), each Defendant shall file a Master Answer on or before 60 days following the filing of the Master Complaint or within 30 days after the Court's ruling on all Motions to Dismiss, whichever is later. The parties require clarification on the impact of the Court's granting in part and denying in part Defendants' motion to dismiss, as well as of the pending motion to dismiss based on the statute of limitations, on this deadline.

**20.    NEXT STATUS CONFERENCE**

The Court has announced that the next general status conference will be held on October 27, 2017, at 10:00 a.m. in Judge Engelhardt's courtroom, with the meeting of Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9 a.m. The Court has set up a telephone conference line for the status conference that begins at 10:00 a.m.  To join the status conference by telephone at 10:00 a.m., call (800) 260-0712 and enter access code 427302.

Dated: September 12, 2017

Respectfully submitted:

| | |
|---|---|
| */s/Dawn M. Barrios* | */s/M. Palmer Lambert* |
| Dawn M. Barrios (#2821) | M. Palmer Lambert (#33228) |
| **Barrios, Kingsdorf & Casteix, LLP** | **Gainsburgh Benjamin David Meunier & Warshauer, LLC** |
| 701 Poydras Street, Suite 3650 | 2800 Energy Centre, 1100 Poydras Street |
| New Orleans, LA 70139 | New Orleans, LA 70163-2800 |
| Telephone: 504-524-3300 | Telephone: 504-522-2304 |
| Facsimile: 504-524-3313 | Facsimile:  504-528-9973 |
| E-Mail: barrios@bkc-law.com | E-Mail: plambert@gainsben.com |
| | |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |

| | |
|---|---|
| */s/ Douglas J. Moore* | */s/ John F. Olinde* |
| Douglas J. Moore (Bar No. 27706) | John F. Olinde (Bar No. 1515) |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | **CHAFFE MCCALL, L.L.P.** |
| 400 Poydras Street, Suite 2700 | 1100 Poydras Street |
| New Orleans, LA  70130 | New Orleans, LA  70163 |
| Telephone: 504-310-2100 | Telephone: 504-585-7000 |
| Facsimile:  504-310-2120 | Facsimile:  504-585-7075 |
| E-Mail: dmoore@irwinllc.com | E-Mail: olinde@chaffe.com |
| *Defendants' Liaison Counsel* | *Defendants' Liaison Counsel* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>  */s/ M. Palmer Lambert*
>  **M. PALMER LAMBERT**