UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2740 SECTION: "N" (5) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CASE SUBSTITUTION PROTOCOL

Defendants sanofi-aventis U.S. LLC, Sanofi US Services Inc., Sandoz Inc., Hospira, Inc., Hospira Worldwide, LLC, Pfizer Inc., Actavis Pharma, Inc., Accord Healthcare, Inc., Sun Pharmaceuticals Industries, Inc., and McKesson Corporation ("Defendants") respectfully request this Court to enter Defendants' Proposed Case Management Order ("CMO") governing substitution of cases subject to the Court's first, second, third, fourth, and fifth trial scheduling orders ("trial pool cases").  *See* **Exhibit A**.

### BACKGROUND

On August 21, 2017, this Court entered CMO No. 3 identifying ten initial cases to be worked up and prepared for trial by September 2018.  *See* CMO No. 3 (Trial Scheduling Order) (Rec. Doc. 669).  Five of these cases were selected by Plaintiffs, and five were selected by Defendants.  CMO No. 3 sets forth a detailed schedule for discovery, motion practice, expert development and disclosure, and other pretrial matters.  *See id*.  Pursuant to that order, case-specific discovery, analysis, and pretrial litigation is under way with respect to these ten cases, and substantial time and resources have already been committed to these efforts.

Consistent with MDL best practice, Defendants' Motion and Proposed CMO are presented to (1) ensure that a sufficient number of cases are prepared for and proceed to trial; (2) facilitate the MDL objectives of justice, efficiency, and representativeness that are central to the

1

bellwether system; (3) discourage strategic dismissals that compromise the representativeness of the trial pool; and (4) prevent substantial resources of the parties and the Court from being wasted on trial preparation efforts.  Defendants present this opposed Motion and Proposed CMO following unsuccessful efforts to meet-and-confer with Plaintiffs to secure an agreement for a bellwether substitution protocol.

## ARGUMENT

"At the heart of the bellwether case approach to handling complex litigation is the court's decision, reached after numerous pretrial conferences with the parties, to select particular plaintiffs' cases whose trials will furnish data that may facilitate settlement of the remaining cases." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 161 (5th Cir. 2010).  Toward that end, MDL courts appropriately focus on selecting representative plaintiffs' claims for trial, and significant time, effort, and money are invested in pretrial preparations concerning those claims. *Id*. at 160–61.

If a plaintiff voluntarily dismisses claims thus selected for trial, "all the pre-trial work and discovery relating to the [selected case] is rendered utterly useless," and "[a]ll of the resources spent in preparing [the] case for trial have been wasted." *Id*. at 161.  Such a dismissal inflicts considerable inconvenience on both the Court and the defendant. *Id*. at 162; *see also Solis v. Lincoln Elec. Co.*, No. 1:04-CV-17363, 2006 WL 266530, at *2, 5, n.18 (N.D. Ohio Feb. 1, 2006) (discussing the inconvenience caused by repeated voluntary dismissals in light of "the importance of timely conducting the bellwether trials as a part of the larger MDL proceedings.").

Perhaps more importantly, Plaintiffs' voluntary dismissal of bellwether selections tends to skew the trial pool in favor of those cases Plaintiffs wish to see tried. *See In re Norplant Contraceptive Prod. Litig.*, No. MDL 1038, 1996 WL 571536, at *1 (E.D. Tex. Aug. 13, 1996)

(noting that voluntary dismissal with prejudice of two out of twenty-five bellwether plaintiffs created bias against defendant). This undermines the primary purpose of bellwethers in providing representative data to inform negotiations and proceedings in the remaining cases.

To guard against such waste and prejudice; and to promote timely, efficient, and representative trial proceedings, many MDL courts have adopted measures to counteract the bias created by voluntary dismissals of bellwether selections. *See id.* (approving defendant's request to either "strike" one bellwether selection for each one voluntarily dismissed by plaintiff, or to choose which cases would be tried first); *In Re: Invokana (Canagliflozin) Products Liability Litigation*, MDL No. 2750, CMO No. 20, at 2 (D.N.J. July 27, 2017) (granting defendants the right to select a substitute for any bellwether selection dismissed by plaintiff before certain cutoff date).[1]

Defendants' proposed case substitution protocol addresses the risk of voluntary dismissals that serve to undermine trial preparation efforts and skew the trial selection pool. Although Pretrial Order No. 54 (Rec. Doc. 671) governing voluntary dismissals without prejudice already applies to such dismissals, further guidance is warranted for bellwether selections given the significant investment made by the parties in such cases and potential waste and disruption that will occur, even where dismissals are with prejudice. *See In re Norplant*, 1996 WL 571536, at *1 (noting bias created by dismissals with prejudice); *In re: Cook Medical, Inc. Pelvic Repair System Products Liability Litigation*, MDL No. 2440, PTO No. 59, at 2 (S.D. W.Va. May 19, 2015) ("While I had hoped that representative cases had been chosen in the bellwether process, without a trial of those cases because of their dismissal with prejudice by

---

[1] For the Court's convenience, a copy of *Invokana* CMO No. 20 is attached as **Exhibit B**.

3

plaintiffs before trial, the parties have no opportunity to confirm that they were representative or determine potential values of these cases and the true cost of working them up for trial.").[2]

Providing a mechanism to replace dismissed trial pool cases promotes the "just and efficient conduct" of MDL 2740. *See* Transfer Order, MDL 2740 (JPML Doc. No. 81); *see also* Fed. R. Civ. P. 1. Affording Defendants the authority to pick substitute cases for any bellwether case originally selected by Defendants but later dismissed by Plaintiffs promotes fairness and accounts for the reality that Plaintiffs exclusively control whether to dismiss a case. Moreover, it ensures that the representative balance reflected in the present selections will be preserved; while also ensuring that cases continue to be worked up for trial. *See* CMO No. 20, *In Re: Invokana*, at 2. Disallowing unilateral dismissal and replacement by Plaintiffs also accounts for the fact that Plaintiffs control dismissal and are in a superior position to assess the strength of their own claims, and appropriately reflects that all Plaintiffs who choose to participate in this MDL must be prepared to accept the responsibilities of serving as a bellwether. *See In re FEMA Trailer*, 628 F.3d at 160. These measures are fully consistent with the approaches taken by other MDL courts facing this issue, and tailored to the circumstances of MDL 2740.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court enter Defendants' Proposed CMO governing substitution of bellwether cases subject to the Court's trial scheduling orders.

---

[2] For the Court's convenience, a copy of *Cook Medical* PTO No. 59 is attached as **Exhibit C**.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

/s/ *Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Counsel for Defendant Sandoz, Inc.*

/s/ *Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

/s/ *Michael J. Suffern*
Michael J. Suffern
Jeffrey F. Peck
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com

*Counsel for Defendant Actavis Pharma, Inc.*

/s/ *John P. Wolff, III*
John P. Wolff, III, TA #14504
Nancy B. Gilbert, Bar #23095
Chad A. Sullivan, Bar #27657
Richard W. Wolff, Bar #34844
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, LA 70821
Phone: (225) 383-3796
Fax: (225) 343-9621
jwolff@keoghcox.com
ngilbert@keoghcox.com
csullivan@keoghcox.com
rwolff@keoghcox.com

AND
Via *Pro Hac Vice* Admission

/s/ *Julie A. Callsen*
Julie A. Callsen, TA, OH Bar #0062287
Brandon D. Cox, OH Bar #0089815
**TUCKER ELLIS LLP**
950 Main Ave., Suite 1100
Cleveland, OH 44113-7213
Phone: (216) 696-2286
Fax: (216) 592-5009
Julie.Callsen@TuckerEllis.com
Brandon.Cox@TuckerEllis.com

*Counsel for Defendant Accord Healthcare Inc.*

/s/ *Stanton E. Shuler, Jr.*
Stanton E. Shuler, Jr. (Bar No. 19152)
**LEAKE & ANDERSSON LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Phone: 504-585-7500
Facsimile: 504-585-7775
sshuler@leakeandersson.com

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
**HINSHAW & CULBERTSON LLP**
28 State Street
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

/s/ *Erin M. Bosman*
Erin M. Bosman (Bar No. 204987)
Julie Y. Park (Bar No. 259929)
**MORRISON & FOERSTER LLP**
12531 High Bluff Dr.
San Diego, CA 92130-2040
Phone: 858-720-5100
Fax: 858-720-5125
ebosman@mofo.com
juliepark@mofo..com

*Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*