**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                 **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                                       **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO**
**ALL CASES**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO ISSUE WRITTEN DISCOVERY**

**MAY IT PLEASE THE COURT:**

Defendants, sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively referred to as "sanofi"), respectfully request that this Court issue an Order allowing the issuance of limited, non-duplicative written discovery to all Plaintiffs that are subject to Case Management Order No. 3 ("CMO No. 3"). This Order is necessary because Paragraph 9 of Amended Pretrial Order No. 22 states: "Defendants' use of the PFS and Authorizations shall be without prejudice to Defendants' right to serve additional discovery, *if authorized in further Orders of the Court*." (Rec. Doc. No. 325) (emphasis added).  Accordingly, and in accordance with PTO 22, sanofi respectfully requests this Court to issue the accompanying order, permitting sanofi to issue written discovery to the Plaintiffs subject to CMO 3, and future trial scheduling orders, that is non-duplicative of the PFS.

**BACKGROUND AND ARGUMENT**

On July 21, 2017, this Court entered CMO 3, which established procedures and deadlines applicable to the first trial setting in this MDL, and specifically identified ten (10) cases that would be subject to "phased discovery." *Id.*  Section 3 of CMO 3 specifically states that "[a]ll cases identified herein will be subject to the first phase of discovery, which will conclude on February

1

6, 2018. By February 12, 2018, the parties shall nominate to the Court . . . the four (4) cases that will proceed to the second phase of discovery." *Id.*

When discussing the scope of the initial phase of discovery during the July 7, 2017 Steering Committee Status Conference, Plaintiffs' Lead Counsel raised the issue of whether written discovery would be permitted for cases subject to CMO 3.  Counsel specifically stated: "we assume that in that first phase the plaintiff's fact sheet serves as the written discovery . . . ."  *See* July 7, 2017 Tr. of Steering Committee Status Conference, p.21 (attached as Exhibit A). During the ensuing discussion, and in response to counsel's "assumption," the Court stated:

> …***the answer to your question is: No***, they're not precluded from asking for another thing on the planet. But, yes, they have a generous amount of information on the fact sheet that they sought up front that you have now, if you do the fact sheets correctly and you respond correctly, that they will have the benefit of. So it ***cuts down*** on what I would expect plaintiffs would need to provide as part of this discovery phase.

*Id.* at pp.21-22 (emphasis added).

Notwithstanding the guidance the Court provided during the July 7, 2017, the PSC has refused to consent to an Order permitting non-duplicative written discovery to the Plaintiffs subject to phased discovery in CMO 3—necessitating the filing of the instant Motion.  This Order is necessary because, as stated above, PTO 22 permits additional written discovery to Plaintiffs only "if authorized in further Orders of this Court."  (Rec. Doc. No. 325).

It is the parties' responsibility to determine, during the first phase of discovery, which four cases should proceed to phase two and be made trial ready.  Permitting sanofi to issue reasonable and necessary supplemental discovery will aid the parties and the Court in making the necessary trial selections, and will further ensure that the selected cases are "trial ready" as required by the Court. While the PFS is comprehensive, it is not all-encompassing.  Defendants should not be limited solely to initial discovery requests that were developed for all plaintiffs and served before

a single plaintiff-specific medical record is reviewed or any witnesses are deposed.  The Federal Rules of Civil Procedure contemplate an iterative discovery process that permits parties to (1) serve different forms of written discovery and (2) supplement such requests as new facts are uncovered—perhaps during a plaintiff's deposition.  *See* Fed. R. Civ. P. 26, 33-36.  Defendants should have the same opportunity to serve supplemental Requests for Production and Interrogatories beyond that requested in the PFS; as well as Requests for Admission, which are not incorporated in the PFS at all.  *See, e.g.*, *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Prac. & Prods. Liab. Litig.*, 226 F. Supp. 3d. 557, 560 (D.S.C. Jan. 3, 2017) ("More in depth case specific discovery was taken in these 14 [bellwether] cases . . . including the propounding of written discovery on Discovery Pool Plaintiffs . . . ."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1224 (9th Cir. 2006) ("The [Plaintiff's Fact Sheet] was the starting point for defendants' assessment of plaintiffs' claims and the precondition for proceeding with further discovery . . . .").

Sanofi has committed to Plaintiffs' counsel, and to this Court, that it has no intention of issuing duplicative, onerous, or abusive discovery to any Plaintiff in this MDL.  Given this commitment, the scope of any supplemental discovery will be very narrow by its nature. Moreover, to the extent Plaintiffs believe sanofi's supplemental written discovery is inappropriate for any reason, they are free to object and force sanofi to file a motion to compel—just like any other case.  The PFS should not be used by Plaintiffs to prevent sanofi from conducting reasonable and necessary supplemental discovery to meet the responsibilities and objectives of CMO 3.

It is anticipated that Plaintiffs will request that the parties first meet and confer prior to the issuance of discovery. Such a process, however, would turn the discovery process on its head and would essentially make Plaintiffs' counsel the arbiter of what specific written discovery requests

sanofi can or cannot issue.  Neither the Federal Rules of Civil Procedure nor the local rules of this Court impose a requirement that a party obtain his opponent's permission prior to even being authorized to issue a discovery request or to lay out the specific written discovery requests sought. Such a requirement would neither be pragmatic nor efficient, particularly as under PTO No. 22, a Court order would still be required before such discovery could even be issued.

Sanofi should be authorized to issue limited written discovery to the Plaintiffs subject to CMO 3 to obtain discoverable information that is not encompassed in the information provided by Plaintiffs in the PFS. To that end, the proposed order authorizing this discovery specifically limits it to that which is not duplicative of the PFS.  Sanofi will fulfill its commitment to refrain from issuing onerous or burdensome discovery and will cooperate with Plaintiffs' counsel should disputes arise. Sanofi will adhere to these commitments while obtaining the reasonable and necessary information that will enable the parties and the Court to meet the objectives of CMO 3.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court enter an Order allowing Defendants to issue supplemental written discovery to Plaintiffs in cases subject to any trial scheduling order pursuant Paragraph 9 of Amended Pretrial Order No. 22 (Rec. Doc. No. 325).

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN  FRITCHIE  URQUHART  &  MOORE
LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi
U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*