UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

           SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### CASE MANAGEMENT ORDER NO. 7
### (GENERAL DISCOVERY PROTOCOL 505(b)(2) DEFENDANTS)

In an effort to coordinate discovery and meet the Court's scheduling order for future trials, the Undersigned enter this Discovery Order to govern the captioned litigation involving Defendants Sandoz Inc., Hospira, Inc., Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Accord Healthcare, Inc., and Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd. (hereinafter collectively "the 505(b)(2) Defendants").

1. **APPLICABILITY OF ORDER**

The following procedures and schedules will govern general discovery on the 505(b)(2) Defendants. No Party may conduct any discovery of the 505(b)(2) Defendants not expressly authorized by this Order absent further Order of this Court or express agreement of the Parties. The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications. Pretrial Order Number 49 (Electronically Stored Information Protocol) and Pretrial Order Number 50 (Protective Order) shall apply to all discovery under this Order.

The discovery authorized by this order is hereinafter referred to as "general discovery," and is subject to the limitations set forth below.

**2. GENERAL PROVISIONS**

    a. Except as expressly set forth herein, this Order shall not limit or prejudice any Parties' rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of this Court. However, the Court specifically notes that the provisions of this Order obviate (1) any applicable specifications on timing and sequencing of discovery set forth in FRCP Rule 26(d), and (2) any applicable obligation of a Party to this proceeding to comply with the conference and planning requirements of FRCP Rule 26(f).

    b. The Parties may modify this Order by written agreement without Court order or, absent written agreement, seek to modify this Discovery Plan by motion for good cause after making a good faith effort to meet and confer.

    c. The Parties may agree to, and the Court may enter, Trial Scheduling Orders from time to time for specific trials. These scheduling orders are meant to govern the circumstances of particular trials only and are in addition to the provisions contained herein.

    d. A Defendant shall not be subjected to general discovery until that Defendant is both properly named as a Party and served with proof of use[1] of its product in a case identified in a trial scheduling order ("Applicable Trial Scheduling Order"). To

---

[1] "Proof of use" as defined in this subpart means either (a) National Drug Codes (NDC) contained in a patient's medical, pharmacy, billing or insurance records; or (b) a certification identifying the manufacturer for the correct dates of treatment, signed by an authorized person on behalf of the patient's infusion pharmacy or treatment facility. Defendants reserve the right to rebut any such evidence.

2

encourage the efficient utilization of the Parties' resources during the initial trial discovery period for the 2018 trial, the provisions of this Order directing regularly scheduled party conferences will not commence until December 1, 2017. Nothing in this provision shall interfere with Plaintiffs' obligations to serve Plaintiff Fact Sheets, nor the 505(b)(2) Defendants' obligations to serve Defendant Fact Sheets.

e. **Discovery Conferences**:

The Parties shall promptly meet and confer in good faith regarding any discovery disputes before seeking the Court's intervention. To facilitate this process, the Parties shall utilize the procedures set forth in this Paragraph.

i. A monthly discovery meet and confer call among Plaintiffs and the 505(b)(2) Defendants shall take place on the third Thursday of every month at 3:00 p.m. CT. At or before noon on Wednesday preceding each such call, the Parties shall each submit a written list of topics to be addressed on that call.

ii. A separate monthly status call with the Magistrate Judge shall be scheduled to address and resolve discovery issues discussed among the Parties, and to keep the Court generally advised on the progress of discovery. The Parties may request more frequent conferences, as necessary, or advise the Magistrate Judge that a separate monthly status call is not necessary. To avoid surprise, and absent extreme circumstances, the Parties agree to only introduce issues to the Court that have been previously discussed during a meet and confer with opposing counsel.

iii. At least three business days before each monthly status call, the Parties must jointly provide the Magistrate Judge with a list of topics being submitted for decision, discussion, or informal guidance, or provide notice that the call is not

        needed.

    **iv.**    The Party seeking guidance shall provide the Magistrate Judge and all Parties a letter, not to exceed three pages single-spaced, outlining the issues and their position on those issues no later than three business days prior to the status call. Any Party may respond by letter, not to exceed three pages single-spaced, outlining that Party's position no later than noon CT on the business day prior to the telephone conference. The letters should not be filed with the Court, but should be e-mailed to all Parties when they are provided to the Magistrate Judge. No further submissions regarding an issue may be submitted without leave of the Court.

   **f.**  **Coordination of Discovery:**

      The Parties shall coordinate discovery to the extent reasonably possible.

   **g.**  All general discovery propounded to the 505(b)(2) Defendants by Plaintiffs in this MDL proceeding, pursuant to this Order, including deposition notices, interrogatories and production requests, shall be undertaken by, or under the direction of, the Plaintiffs' Steering Committee on behalf of all Plaintiffs with cases in these MDL proceedings.

**3. ELECTRONICALLY STORED INFORMATION AND INFORMATION EXCHANGE**

The ESI protocol established in Pretrial Order No. 49, entered on July 5, 2017, shall govern the production of ESI documents and data in this litigation. Subject to paragraph 2(d) above, the Parties shall exchange the specific information identified in Section IV.E. of the ESI Protocol within forty-five (45) days of this Order.

4. **WRITTEN DISCOVERY**

   a. Subject to paragraph 2(d) above, Plaintiffs may serve written discovery on Defendants.

   b. Unless otherwise ordered by the Court or agreed to by the Parties, the numerical limitations on written discovery requests set forth in the Federal Rules of Civil Procedure shall apply to discovery conducted under this Protocol. Defendants shall serve any responses within sixty (60) days after service of the discovery requests.

   c. Plaintiffs may not serve any written discovery requests less than sixty (60) days before the deadline for completing fact discovery set forth in the Applicable Trial Scheduling Order.

5. **NUMERIC LIMITS ON DEPOSITIONS OF 505(B)(2) DEFENDANTS**

Subject to paragraph 2(d) above, Plaintiffs may take up to fifteen (15) depositions of each of the 505(b)(2) Defendants, including depositions of current and former employees and Rule 30(b)(6) depositions, unless the Parties agree after meeting and conferring that fewer or more depositions are appropriate. Absent an agreement, a party may seek leave of the Court for fewer or additional depositions. Case specific depositions are not counted against this limitation on the number of depositions. The Parties may agree to additional depositions if conducting those depositions will not upset any schedule set by the Court. The Parties will meet and confer regarding the identification of such witnesses and the scheduling of their depositions. Depositions shall be limited to no more than seven (7) hours on the record per witness, per deposition without leave from the Court or agreement of the Parties.

   a. Defendants' deposition allowance shall be governed by the individual trial scheduling orders. Unless good cause is shown, Defendants shall not commence discovery of

    Plaintiffs not subject to a trial scheduling order.

  **b.** The Parties shall establish a deposition protocol. The agreed protocol, or absent agreement competing protocols, shall be submitted to the assigned Magistrate Judge.

**6. TIMING OF DISCOVERY**

  **a.** Within thirty days after this Order, Defendants shall produce without further request:

    **i.** For the year beginning when the Defendant first filed an application for approval of a docetaxel product through the year 2015, a list of persons with direct responsibility for docetaxel; and

    **ii.** A complete list of distributors to whom each Defendant sold docetaxel for the years of initial approval to present.

  **b.** Subject to paragraph 2(d) above, and any additional deadlines imposed by this Order and the Court, the Plaintiffs may propound merits discovery, which may include requests by the PSC for non-case-specific documents and information for use of Plaintiffs in this MDL proceeding.

  **c.** Subject to paragraph 4 and any objections, the 505(b)(2) Defendants shall produce materials responsive to requests on a rolling basis, and the Parties shall meet and confer at least monthly regarding production status (PTO 49, Section V.), until productions are complete in accordance with Federal Rule of Civil Procedure 26(g). Such productions shall be substantially completed no later than sixty (60) days from the service of the requests, or (1) within such reasonable time to be determined by Plaintiffs and the Defendants after any objections to specific requests are resolved or (2) within such time as determined by the Court.

  **d.** Pretrial Order Number 49, Section IX, governs procedures regarding claims of

      privilege and redactions and the content and timing of privilege logs, with one exception. Due to the Court-ordered time period for the initial trials, this Order amends Section IX.C.1. to shorten the timing of service of the privilege logs from seventy-five (75) days to within sixty (60) days of production.. After a meet and confer by the Parties and for good cause shown, a Party may request that the Court modify the time for service of a privilege log.

   **e.** A Party wishing to challenge an asserted privilege may do so at any time by notifying the asserting Party that the privilege is being challenged. If no agreement is made with regard to the disputed privilege, either Party may bring the issue up for the next regularly scheduled magistrate conference or call or request expedited consideration if the Party in good faith deems such consideration necessary.

**7. DOCUMENTS PRODUCED BY PARTIES –PRESUMPTION OF AUTHENTICITY**

In order to reduce the number of requests for admission, this Order establishes a rebuttable presumption that documents produced by the Parties are authentic, if said documents were either created or authored by the producing Party, or any of its employees, agents or contractors, so long as the agent or contractors' work was performed in connection with a project, assignment or clinical trial sponsored by the producing Party. No further evidence to establish authenticity need be provided.

**8. THIRD-PARTY DISCOVERY**

Third-party discovery may be initiated by any Party subject to this Protocol may commence immediately and is not limited by this Order. The requesting Party shall produce to all other Parties through the respective Liaison Counsel any responses and productions received by them during the course of third-party discovery at a reasonable cost of reproducing them,

accounting for the form in which the original production is received.

## 9. FACT DISCOVERY DEADLINE

Completion of fact discovery for any Plaintiff selected for trial shall be governed by the individual trial scheduling orders. The Parties are reminded by the Court of their respective obligations to conduct general discovery in a manner proportional to the needs of all cases, including those set for trial, consistent with the provisions of this Order. With this in mind, general liability fact discovery against a 505(b)(2) Defendant shall be completed no later than sixteen (16) months after the date that the Defendant becomes subject to general discovery under paragraph 2(d) above. This deadline may be extended by the Court for good cause shown by any Party.

## 10. RESOLUTION OF DISPUTES UNDER THIS PROTOCOL

If a dispute arises under this Protocol that the Parties cannot resolve after good-faith efforts in a meaningful meet and confer session or sessions, they are to immediately contact the chambers of the assigned Magistrate Judge, who will thereafter resolve the matter with the Parties' input consistent with paragraphs 2(e)(iii-iv) of this Protocol.

New Orleans, Louisiana this __10th__ day of _____October_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE