# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)        MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

       SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. [ ]

The Court has considered Defendants sanofi-aventis U.S. LLC's and Sanofi US Services Inc.'s (collectively "Sanofi Defendants") Motion to Compel Production of Electronically Stored Information. Given that certain Plaintiffs in this MDL do not appear to have identified, preserved, collected, and/or produced all responsive electronically stored information as required by the Plaintiff Fact Sheet ("PFS") and ESI Protocol (PTO No. 49), the Court **GRANTS** Sanofi Defendants' Motion and orders as follows:

The Plaintiff Steering Committee ("PSC") shall:

1. Provide plaintiffs' counsel in all individual cases a copy of the Guidance Regarding Potential Sources of Electronically Stored Information ("ESI Guidance") attached hereto as **Exhibit 1**.

2. Provide plaintiffs' counsel in in all individual cases a copy PTO 49.

3. Instruct counsel in all individual cases to follow the ESI Guidance and PTO 49.

Counsel for each Plaintiff in this MDL shall:

4. Cure noticed deficiencies of obligations to Defendants required under the PFS, PTO 49 and Federal Rule of Civil Procedure 26(g) within 30 days of this order – including:

    a. Conduct a Rule 26(g) reasonable inquiry with each plaintiff as to all potential sources where such plaintiff may possess responsive ESI and hard copy documents, including but not limited to desktop computers, laptop computers, mobile phones, digital cameras, memory cards, USB drives, CDs, and DVDs, regardless of whether currently in use.

    b. Conduct a Rule 26(g) reasonable inquiry with each plaintiff as to whether such plaintiff has ever generated responsive ESI on the Internet, including but not limited to emails, blogs, chat rooms, online forums, cloud services, and all social media, regardless of whether such plaintiff continues to access it.

    c. Conduct a Rule 26(g) reasonable inquiry with each plaintiff as to whether such plaintiff may possess digital photographs of plaintiff on any device, drive, CD, DVD, or online forum, regardless of whether such device is currently in use.

<u>Under PTO 49, Counsel for each Plaintiff in this MDL shall provide to Defendants in writing a statement that includes</u>:

5. A list of custodians of other custodians and witnesses likely to have discoverable information.

6. A general description of ESI sources (including Internet items discovered after the reasonable inquiry above), systems, or devices for electronic communications and ESI storage likely to contain discoverable information after the above stated reasonable inquiry.

7. A description of unique, non-duplicative ESI within the scope of discovery that was lost or destroyed after the legal hold obligations have been triggered in this case, if known.

8. A description of any ESI within the scope of discovery that plaintiff contends is inaccessible or only of limited accessibility and, hence, not producible by plaintiff without undue burden and/or expense, including:

    a. The reasons for plaintiff's contention regarding accessibility; and

    b. The proposed capture and retrieval process available (if any) for identification and/or recovery of the information deemed inaccessible (including cost estimates if readily available).

9. To the extent relevant and responsive ESI is determined to exist, counsel for plaintiff shall disclose plaintiff's knowledge of such existence to defendants and for cases where plaintiff's PFS obligation is due or past due, produce all responsive ESI within 30 days of this Order.

10. Nothing in this order limits a Defendant's obligations to seek additional discovery from plaintiffs – which shall be governed by case management orders and the Federal Rules of Civil Procedure.

New Orleans, Louisiana this _____ day of _____, 2017.

_____
JUDGE KURT D. ENGELHARDT

# EXHIBIT 1

### Guidance Regarding Potential Sources of Electronically Stored Information

This document contains guidance on how a lawyer and her client can comply with their shared discovery obligations relating to Electronically Stored Information ("ESI"). Individual Counsel are reminded of their obligations under Federal Rule of Civil Procedure (FRCP) 26(g) to conduct a "reasonable inquiry" into ESI. Individual Counsel are reminded of the preservation requirements of PTO 1.

Keep in mind, this guidance does not provide an exhaustive list of sources that any individual may have, but it provides guidance on how you may discuss the information with your clients. The most important thing is to try and get your clients to think about how they use their computers, phones, and other technology so that you may then search those sources for potentially discoverable information.

Many times, individuals may not know what you mean with questions like "does your phone automatically synch with the cloud?" because relatives might have helped them set up their devices. When planning to talk with a client about these potential sources of discoverable information, it can be helpful if the individual brings along her own personal "tech nerd" (which may be a family member) to assist in answering questions.

Throughout your conversations with your client, you should keep in mind that your goal is to get that person to think about how they use technology now and how they have used technology in the past. If you get pushback from your client, it often helps to remind her that these are typical questions asked to everyone on both sides of the lawsuit. Assure your client of her privacy and that both sides have a legal obligation to protect confidential information produced during the course of the litigation.

Another important area to cover with your clients is replacing the hardware they use, like computers or phones. Individuals will often be involved in a case over many years and may not realize that the desktop computers, phones or other devices they want to upgrade may contain discoverable information. Have a discussion about future upgrades to devices and the importance of keeping your office informed about hardware changes. Let them know that an upgrade is fine, as long as the correct steps are taken to preserve the potentially discoverable information on the device.

Finally, you only need to concern yourself with sources of information within the scope of discovery. This can get confusing to people that are not accustomed to participating in litigation. One example is for an individual that currently works and has a work email address. You should only be interested in that email source IF the person sends or receives discoverable emails using that account.

With regard to specific sources, here are some helpful points to consider when helping your clients think about how they communicate and store information.

**Traditional Electronically Stored Information**. Email and user created documents are what we often associate with ESI. You should consider discussing with your clients the various email accounts they may use or may have used in the past that may contain information that may be discoverable. Also, be sure to ask about old accounts that your clients may or may not have

access to anymore. In addition to email, be sure to ask your clients about where they save documents that they may create, like journals or letters. It may be on a physical device or in some cloud storage location.

**Social Media**. More and more individuals communicate about their lives using social media. Exploring the individual's use of social media is important. In addition to the usual questions about Facebook and twitter, try and consider asking about applications that the person might not realize are social media, like LinkedIn or Flickr. Keep in mind that some clients may say that they do not use social media, but during the course of the conversation will realize that they do. You should identify both current and past accounts that your client may have used.

**Text or Instant messages**. Younger people may utilize text messaging more often than older people, but you should still discuss the use of these services with everyone.

**Photographs**. The Plaintiff Fact Sheets calls for the production of certain photographs. Photographs that your client may have to produce with the PFS may be in electronic format. You should make every effort to collect those photographs from your client in a way that preserves the metadata with the photographs, such as the date taken. This guidance also applies to other documents or information your client may have. To the extent it is proportional and not unduly burdensome, you should try to get the information in an electronic format that preserves the information's metadata and upload that through MDL Centrality.

Having a conversation with your clients about how they communicate and store information up front will help focus your clients on areas that may need to be searched to see if they have potentially discoverable information. This process will help your clients help themselves by enabling the collection and production of the information now so as to avoid a spoliation issue down the road. **Also, as lawyers, you have all seen defense counsel ask a plaintiff about how they communicate in depositions and whether they have information that they have not given you.** Use your experience as a lawyer, having seen what defendants look for, to also help guide you through this process.

The PSC has an ESI Committee that is chaired by Genevieve Zimmerman and Zachary Wool. If you have any questions about how to collect information you decide needs to be produced or how to use MDL Centrality, you may contact Mrs. Zimmerman or Mr. Wool for assistance.