# EXHIBIT F

# BARRIOS KINGSDORF & CASTEIX, L.L.P.
ATTORNEYS AT LAW

DAWN M. BARRIOS
BRUCE S. KINGSDORF
BARBARA TREUTING CASTEIX
ZACHARY L. WOOL*

*ADMITTED IN NY & LA

ONE SHELL SQUARE
701 POYDRAS STREET, SUITE 3650
NEW ORLEANS, LA 70139-3650
TELEPHONE (504) 524-3300
FACSIMILE (504) 524-3313
WWW.BKC-LAW.COM

September 20, 2017

Harley Ratliff, Esq.
Shook, Hardy & Bacon
**VIA EMAIL ONLY**

Re:   Sanofi's September 11, 2017 ESI letter

Dear Harley:

I write in response to Sanofi's September 11, 2017 letter alleging various "violations" by (unknown) plaintiffs.

As an initial matter, a process exists to address what Sanofi sees as deficiencies in individual plaintiffs' productions with their PFS through MDL Centrality. Indeed, your letter even addresses this process. To the extent that Sanofi knows that plaintiffs have ESI that has not been produced, Sanofi can address that through the PFS deficiency process. Such an individualized inquiry is impossible to address *in globo* through an amorphous "meet and confer" process over (unnamed) plaintiffs alleged "violations."

Second, your letter presumes that the (unnamed) plaintiffs have electronically stored information that is responsive to a PFS. As Patrick has told us, Sanofi will not always have responsive information or documents that we seek as they may no longer exist. Similarly, not all Plaintiffs will be in possession of documents or information that the PFS requires, even if at some time they may have existed but no longer do. For example, a plaintiff may have emailed about her hair loss during her chemotherapy treatment from an email account that no longer exists. She cannot produce that email, but she can indicate (or "admit," as your letter states) that she at one point did.

Third, your position in your letter referencing obligations under Rule 26 Initial Disclosures is inconsistent with what Sanofi has argued (and Magistrate Judge North has agreed): that such disclosures were waived by the parties in CMO 3. Insofar as your September 11 letter seeks to meet and confer over production of documents or information not required by the PFS but somehow allegedly required by Rule 26, the PSC's position is that such extra production is not required.

Fourth, your letter references violations of the "guidance" sent out by the PSC to individual counsel. The document was just that – guidance – on how individual counsel and her clients may meet her obligations under the PFS process and/or Rule 26. It is not binding on individual counsel, nor does it contain any requirements on what individual counsel must do. And no plaintiff or her counsel can be in violation of non-binding guidance on a suggested *process*. Your letter presumes that the guidance requires the production of a certain result from each plaintiff.

Fifth, your letter references the ESI protocol which, by the terms your letter cites, applies only to parties responding to "the request of a requesting party." All of the alleged deficiencies that your letter complains of relate to the PFS, which is not discovery from a requesting party. It is court-ordered.

Notwithstanding the foregoing and despite the fact that it is impossible to address (unnamed) plaintiffs' alleged "violations" *in globo,* the PSC will work with you and individual trial plaintiffs' counsel if there is a discreet issue needing attention. For example, if a trial plaintiff produces a picture as required by the PFS in PDF format and your client would want that picture in .jpeg format, the PSC is happy to work with the individual counsel to see if it exists in .jpeg format for production through Centrality.[1] Similarly, if a trial plaintiff indicated that she emailed about her hair loss but produced no emails, the PSC can inquire of the discrepancy with individual counsel. The PSC, though, only has so much bandwidth and its offer of assistance cannot be used as an end-run around the deficiency process for non-trial plaintiffs.

I am happy to discuss this issue with you, should you have discrete production issues as they relate to the trial plaintiffs.

Sincerely Yours,

Zachary L. Wool

Cc: Doug Moore, Esq.
John Olinde, Esq.
Patrick Oot, Esq.
Dawn Barrios, Esq.
Palmer Lambert, Esq.
Karen Menzies, Esq.
Chris Coffin, Esq.
Andrew Lemmon, Esq.

---

[1] The PSC has made this offer to work with your client and individual counsel should there be discreet issues of technical production format. To the best of my knowledge, Sanofi has yet to ask for the PSC's assistance with a discrete issue on a particular plaintiff.