# EXHIBIT J



May 11, 2017

Harley V. Ratliff

VIA ELECTRONIC MAIL

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2306
**f** 816.421.5547
hratliff@shb.com

**Karen Barth Menzies | Partner**
**Girard Gibbs**
400 Continental Blvd, 6th Floor
El Segundo, California 90245
510.350.9240 Direct
510.350.9701 Fax
kbm@classlawgroup.com

**Christopher L. Coffin**
**Pendley Baudin & Coffin**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
(504) 355-0086 Telephone
(504) 523-0699 Fax
ccoffin@pbclawfirm.com

**Re:  Docetaxel Products Liability Litigation - Photographs**

Counsel:

We would like to meet and confer with you about Plaintiffs' production of staged photographs specifically taken for purposes of litigation instead of representative photographs depicting their hair, or hair loss, in their possession.  It is inappropriate for Plaintiffs to self-select photographs, take new photographs for litigation, and withhold others.

As you know, PFS Section VI, Claim Information mandates: "YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN." Additionally, PFS Section IX, Document Requests and Information, requires Plaintiffs to "[p]roduce all documents in your possession (including writings on paper or in electronic form) . . . and attach a copy of them to this PFS." (emphasis added).  The documents in their possession which Plaintiffs are to produce include:

▪ Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

8163829 V2



- Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit.

May 11, 2017
Page 2

- Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **six months after** conclusion of treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **in present day**.

This, however, is not what Plaintiffs have been doing. Instead of producing all photographs in their possession that show their hair, it appears that Plaintiffs are clearly taking staged photographs of themselves for solely purposes of litigation. So far, plaintiffs have produced a few photographs of themselves before treatment at formal family events, often with their hair done, and nothing beyond that other than the staged after photographs at one or more angles. There are no dates with these photographs.

We are concerned that this misunderstanding of Plaintiffs' discovery obligations is based on misguidance provided by Plaintiffs' Steering Committee. On several occasions, counsel has mentioned instructions given to Plaintiffs to stage present day photographs of themselves for purposes of litigation—and, oddly, when she wakes up and not after getting ready. *See* Hr'g Tr. 29:11-30:22 (Mar. 16, 2017) (proceedings before Magistrate Judge North) ("We are also looking at how -- what the judge has ordered in the PFS on what he wants us to collect and provide to the defendants. We had a big plaintiffs' meeting a couple weeks ago and kind of went through that; discussed what we understand and how it should be done. I've talked to the defendants about pictures, for example. How are we going to do pictures? Well, we've told defense counsel that we intend to give a representative sample before the use of Taxotere and after the use of Taxotere. And a woman when she just wakes up versus a woman when she is kind of trying to make herself look a little prettier.").

To be clear, the discovery sought by Defendants calls for all responsive photographs in plaintiffs' possession. While it is appropriate for Plaintiffs to produce documents that they intend to use at trial or in prosecuting their claims, we are not asking you to stage evidence, nor is it appropriate to



provide staged photographs *in lieu of candid photographs already in plaintiffs' possession—any ordinary photographs that they have depicting themselves in their daily lives and not taken for purposes of litigation.*

May 11, 2017
Page 3

While we understand the personal nature of the injuries alleged in this lawsuit, your clients' claims include their physical appearance, the alleged visibility of their injuries, and their earnest, subjective beliefs about others' views of their appearance.  We are, of course, amenable to whatever confidentiality provisions Plaintiffs would wish to discuss for their photographs.  But make no mistake about it—Defendants insist on production of all photographs in Plaintiffs' possession, as required by the PFS.

If we are unable to confer on this matter, we will seek relief from the court. Thank you for your prompt consideration and correction of this matter.

Sincerely,

Harley V. Ratliff

HVR:ljc


Cc: Dawn Barrios (barrios@bkc-law.com);
Palmer Lambert (plambert@gainsben.com);
Douglas J. Moore (dmoore@Irwinllc.com);
John Olinde (Olinde@chaffe.com)

**From:** Ratliff, Harley (SHB)
**Sent:** Tuesday, June 13, 2017 8:00 PM
**To:** Jennifer Heck
**Cc:** JKB .; Kyle Bachus; Andrew Lemmon; Dan Markoff; Byard, Adrienne L. (SHB)
**Subject:** Re: Taxotere - Informal Discovery Issues

Jennifer -

Thank you for your email. A few things:

1. The labels should be ready for production next week. What would be helpful is a list of what labels you have so we can ensure a master set.

2. I'm reviewing and working to obtain org chart consistent with our discussion. I don't have an immediate time table on that.

3. As for the rest of the items, I'd like your commitment first to produce the following:

A. All communications to FDA in which one of your clients (i.e, Kelly Gahan, Ami Dodson, etc) communicated with FDA regarding Taxotere and all communications your clients had with others about Taxotere, including documentation about any communication with FDA, notes taken at meetings, etc.

B. A full download of all posts, member identities, or other documentation pulled directly from the Taxotears user group, which, as you know, is otherwise private, but that has existed for nearly a decade. As active users, your clients have unfettered access to this material and should be able to retrieve it in its entirety with a few clicks. The same with all emails to and from anyone associated with this site.

C. All photographs in your clients possession, particularly those on their cell phones, of their alleged injury, as well as their physical condition before chemotherapy.

The items above should be captured by the fact sheets, but we have not seen any of this produced to date. So, in the spirit of cooperation, I thought I should raise it now to advance things informally and before we issue subpoenas or raise it with the court via standard routes.

Happy to discuss Friday. Let me know what time works best for you all.

Harley

-------- Original Message --------
Subject: Taxotere - Informal Discovery Issues
From: Jennifer Heck <jennifer.heck@coloradolaw.net>
Date: Jun 13, 2017, 9:21 AM
To: "Ratliff, Harley (SHB)" <HRATLIFF@shb.com>
Hi Harley,

I am following up again requesting a follow-up phone call with Kyle to discuss the informal discovery issues. Please let me know of your available this week for this call.

Thank you.

**Jennifer A. Heck** | Executive Litigation Manager | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone: 303-893-9800 | Mobile: 720-391-9419 | Fax: 303-893-9900 | Email: Jennifer.Heck@ColoradoLaw.net | Website: www.ColoradoLaw.net



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.



July 19, 2017

Harley V. Ratliff

VIA ELECTRONIC MAIL

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2306
**f** 816.421.5547
hratliff@shb.com

Dawn M. Barrios
barrios@bkc-law.com
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA  70139

M. Palmer Lambert
plambert@gainsben.com
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Christopher L. Coffin
ccoffin@pbclawfirm.com
Pendley Baudin & Coffin
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

Karen Barth Menzies
kbm@classlawgroup.com
Girard Gibbs
400 Continental Blvd, 6th Floor
El Segundo, California 90245

**Re:  Docetaxel Bellwether Plaintiffs - Photographs**

Counsel:

We write to draw your attention to serious deficiencies in the photographs produced by the ten plaintiffs identified for trial in the Eastern District of Louisiana.  Please confirm that these deficiencies will be cured by July 26 or we will seek relief from the Court as warranted.

As detailed in the chart below, each Plaintiff disregarded her PFS obligations by either failing to submit dated, representative photographs showing the Plaintiff's hair before and after treatment with Taxotere® or by failing to produce all representative



photographs in her possession, custody or control.[1]   Electronically stored photographs, whether on social media, or Plaintiffs' computers or phones, must be produced and Defendant's efforts to verify from publicly available sources that such efforts have been made confirms that they have not.

**"Before" Photos.**   Plaintiffs Tanya Francis and Della Martin have not submitted **<u>any</u>** photos before their treatment with Taxotere®.   Plaintiff Pearl Ray, treated in 2005, produced two snapshots of photo IDs, one dated from 1979 and one undated.   Similarly, Plaintiff Cynthia Thibodeaux, treated in 2008, submitted two "before" photos, but they are from 1994 and 1997.   Plaintiffs Debra Chatta, Antoinette Durden, Elizabeth Kahn, and Lisa Tuyes submitted only undated before photographs.

**"After" Photos.**   Plaintiffs Debra Chatta, Antoinette Durden, Deborah Johnson, Elizabeth Kahn, Della Martin, and Pearl Ray submitted only undated photographs from after their treatment.   Plaintiff Barbara Earnest, treated in 2011, produced photographs with only "After chemo (2016)" and "Now 2017".   Four of the six "after" photographs submitted by Plaintiff Lisa Tuyes are undated.

No Plaintiff has submitted photographs representative of their hair composition during or six months after treatment with docetaxel, as required under the PFS.

Finally, no Plaintiff can plausibly claim to have complied with the PFS directive to produce **<u>all</u>** responsive documents in their possession, including all photographs.   The most photographs any Plaintiff has produced is eight—and this is true even with Plaintiffs submitting photos with headwear and ID photographs from more than 25

---

[1] As you know, PFS Section VI, Claim Information mandates: "YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN."   Additionally, PFS Section IX, Document Requests and Information, requires Plaintiffs to "[p]roduce all documents in your possession (including writings on paper or in electronic form) . . . and attach a copy of them to this PFS."   (emphasis added).   The documents in their possession which Plaintiffs are to produce include:

- Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life.

- Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit.

- Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **six months after** conclusion of treatment with Taxotere® or Docetaxel.

- Photographs of you that are representative of your hair composition **in present day**.



years before treatment.  It is simply not believable that each of the Plaintiffs possesses fewer than five photographs from their entire lives prior to treatment*, and that many of them possess zero photographs from after treatment other than those staged specifically for litigation.*

July 19, 2017
Page 3

### Photo Submissions for E.D. La. Trial Plaintiffs as of July 17, 2017

| Plaintiff | Chemotherapy Date | # Before Photos | Before Photos Dated | # After Photos | After Photos Dated |
|---|---|---|---|---|---|
| Chetta, Debra | 2013 | 4 | No | 4 | No |
| Durden, Antoinette | 2011 | 1 | No | 1 | No |
| Earnest, Barbara | 2011 | 4 | Yes (2/4) – 2006, 2009 | 4 | Yes – *"After chemo 2016"; "Now 2017"* |
| Francis, Tanya | 2009 | 0 | N/A | 7 | Yes – 2017* |
| Johnson, Deborah | 2010 | 4 | Yes (2/4) – 2007 | 2 | No |
| Kahn, Elizabeth | 2008 | 1 | No | 3 | No |
| Martin, Della | 2006 | 0 | N/A | 4 | No |
| Ray, Pearl | 2005 | 2 | Yes (1/2) – 1979 | 2 | No |
| Thibodeaux, Cynthia | 2008 | 2 | Yes – 1994, 1997 | 5 | Yes – 2016, 2017* |
| Tuyes, Lisa | 2008 | 1 | No | 6 | Yes (2/6) – 2015 |

We wrote to Mr. Menzies and Mr. Coffin about these issues back in May.  We have had to select bellwether cases without the issue remedied.  Now that selections have been made, we see plaintiffs "supplementing" their submissions with a staged photograph or two.  This is unacceptable.  If you continue to limit photographs to remote "before" photos and staged, undated "after" photographs, we will seek relief from the Court. Thank you for your earnest attention to and prompt correction of this matter.

Sincerely,

Harley V. Ratliff

Cc:
Allan Berger (aberger@allan-berger.com);
Kyle Bachus (kyle.bachus@coloradolaw.net);
Aaron Stringer (aaron@lowelawgroup.com);
Betsy Barnes (bbarnes@morrisbart.com);



Michael P. McGartland (mike@mcgartland.com);
Douglas J. Moore (dmoore@Irwinllc.com);
John Olinde (Olinde@chaffe.com)

.

July 19, 2017
Page 4

4



August 4, 2017

Harley V. Ratliff

VIA ELECTRONIC MAIL

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2306
**f** 816.421.5547
hratliff@shb.com

Karen Barth Menzies
kbm@classlawgroup.com
Girard Gibbs
400 Continental Blvd, 6th Floor
El Segundo, California 90245

Dawn M. Barrios
barrios@bkc-law.com
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA  70139

Christopher L. Coffin
ccoffin@pbclawfirm.com
Pendley Baudin & Coffin
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

M. Palmer Lambert
plambert@gainsben.com
Gainsburgh, Benjamin, David,
Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Kyle Bachus
Darin Lee Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Co 80202
Kyle.Bachus@ColoradoLaw.net
dschanker@ColoradoLaw.net

**Re:  MDL – 2740 Taxotere (Docetaxel) Products Liability Litigation: Rule
26 Initial Disclosures**

Counsel:

I write to follow up on your letter from August 1, 2017, regarding your assertion that
we have failed to comply with our Rule 26(a)(1) obligations.

First, the Defendants had no Rule 26(a)(1) obligations in any of the federal court cases
filed before the creation of the MDL because those cases were either stayed pending
JPML proceedings or the obligations never came due before their transfer.

Second, PTO No. 1 at ¶ 9, dated October 13, 2016, provides that "Pending the initial
conference, all outstanding disclosure and discovery requirements are hereby stayed,
and no further discovery shall be initiated."  While the Order did not forbid voluntary,
informal discovery, it did not require it either, and no subsequent order revived Rule
26(a)(1).

Finally, the same issue was raised and once more waived by agreement of the parties
with the trial scheduling order: "All parties have stipulated that initial disclosures
pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case."  Case
Management Order No. 3 at ¶ 5 (Rec. Doc. 669).  I would assume this is also why none

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

8291247 V1

# SHOOK
## HARDY & BACON

of the more than 1,500 plaintiffs in this MDL have filed a Rule 26(a)(1) disclosure identifying: (i) her witnesses; (ii) the documents she may use to support her claims; or (iii) a computation of damages.  Fed. R. Civ. P. 26(a)(1).

August 4, 2017
Page 2

Pragmatically, of course, Rule 26(a)(1) provides that the time for disclosure is after a Rule 26(f) conference, which, in turn, contemplates a discovery plan.  The parties are working on such a plan now.  The parties will make their submissions on August 15, to Magistrate Judge North, and be heard on August 18, 2017.  On the one hand, we have not "waited" to "begin" collecting core documents, including many of the documents you list in your letter.  On the other hand, it is neither reasonable nor in keeping with any obligations that we have in this litigation to begin "immediately" producing documents pursuant to a Rule 26(a)(1) obligation that does not exist.[1]  We intend to meet our discovery obligations under the ESI protocol and Protective Order, and the General Discovery Protocol to be entered by the parties.  It is within this framework that Defendants intend to proceed with discovery in an orderly fashion, consistent with the deadlines for the first trial scheduled by the Court.  In fact, we are working diligently to produce many of the items listed in your letter on a rolling basis and in the near future, consistent with these plans.

Tellingly, though, all of the documents requested in your letter are repeated in the **164** RFPs you served on my client.  This irony continues to emphasize to me: the redundancy of this supposed "informal" approach and that the approach is wholly one-sided.  I have asked for targeted, informal discovery of Plaintiffs on numerous occasions without a response or have been met with out-and-out rejection:

▪  March 29 and May 11– asking to expedite PFSs when staggered deadlines drag into September and for existing medical records or authorizations in counsel's possession.  You never responded. Mr. Shkolnik rejected our request.

▪  May 11– renewed request.  You never responded.

▪  May 11– asking that Plaintiffs not stage photographs and produce all responsive photographs in their possession.  You never responded.

▪  June 13– asking for: (A) Plaintiffs' communications with FDA about Taxotere, their meeting notes, and relayed communications; (B) a download of all posts, member identities, or other documentation from the Taxotears user group managed and/or accessible by Plaintiffs; and (C) all responsive photographs. You rejected our request.

▪  July 19– for the ten trial plaintiffs, asking for dated, representative photographs and all representative photographs in their custody including electronically stored

---

[1] Note too that Rule 26(a)(1) does not compel production of documents themselves and is limited in scope to those documents that the party intends to use to support its defenses. Fed. R. Civ. P. 26(a)(1) (allowing for identification of "a description by category and location" of documents that the disclosing party may use to support its defenses).

SHOOK
HARDY & BACON

photographs, whether on social media or Plaintiffs' computers or phones.  You never responded.

We would appreciate hearing from you on those matters, and look forward to conferring next week on the General Discovery Order, search terms, and organizing a test load file for the IND which we have in process.

August 4, 2017
Page 3

Sincerely,

Harley V. Ratliff

Cc:
Douglas J. Moore (dmoore@Irwinllc.com);
John Olinde (Olinde@chaffe.com)



September 11, 2017

BY ELECTRONIC MAIL

Harley V. Ratliff

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547

Karen Barth Menzies
kbm@classlawgroup.com
Girard Gibbs
400 Continental Blvd, 6th Floor
El Segundo, California 90245

Christopher L. Coffin
ccoffin@pbclawfirm.com
Pendley Baudin & Coffin
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

Andrew Lemmon
andrew@lemmonlawfirm.com
Lemmon Law Firm, LLC
PO Box 904
Hahnville, LA 70057

Dawn M. Barrios
barrios@bkc-law.com
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139

M. Palmer Lambert
plambert@gainsben.com
Gainsburgh, Benjamin, David,
Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 7016

**Re:**   *In re: Taxotere (Doxetaxel) Products Liability Litigation*, MDL No. 2740 – **Plaintiffs'
failure to produce ESI in violation of ESI Guidance, ESI Protocol, and PTO No. 22**

Counsel:

We request a telephonic meet and confer tomorrow to address violations by Plaintiffs of the ESI
Protocol and ESI Guidance.  Please let me know a time when you are available.  Specifically, I
write regarding Plaintiffs' continued failure to produce ESI, including ESI included under PTO
No. 22 through PFSs.  Counsel for sanofi has communicated with the PSC and individual
Plaintiffs' counsel on several occasions about these failures.  *See, e.g.,* Aug. 4, 2017 Letter from
Mr. Ratliff re: Rule 26 Initial Disclosures (identifying and renewing requests from May, June
and July for responsive photographs, communications with the FDA about Taxotere, and/or
documentation from the Taxotears user group managed and/or accessible by Plaintiffs);
Deficiency Notices served via MDL Centrality beginning June 23, 2017 and as recently as
September 8, 2017 (citing failure to produce, e.g., responsive photographs).

The majority of responding Plaintiffs have failed to submit any responsive emails,
correspondence with the FDA, and/or information relating to their participation on Taxotears or
other cancer-treatment-related online platforms, as well as all representative hair photographs in
their possession, custody, or control.  For example, less than a third of the plaintiffs who

SHOOK
HARDY & BACON

admitted to communicating via email, visiting chat rooms, posting comments on social media about matters relevant to Taxotere or their claims (*see* PFS II.18; IX), have produced such ESI.

Plaintiffs' failure to produce responsive ESI despite repeated requests is contrary to plaintiffs' obligations under the ESI Protocol (*see* PTO No. 49, § I.A (defining "Producing Party" to mean "the party that may be producing documents in response to the request of requesting party")) and the negotiated Guidance Regarding Potential Sources of Electronically Stored Information. *See* May 25, 2017 Email from Mr. Oot re: Documents for 5-26-2017 Submission to Judge North (counsel should consider email, user created documents, social media and text or instant messages as potential data sources and "should try to get the information in an electronic format that preserves the information's metadata").

We request a telephonic meet and confer tomorrow to address these violations. If you are unable to cure or offer sufficient assurances, we intend to file a motion to compel ESI responsive to the PFSs by the end of the week.

Sincerely,

Harley Ratliff
Partner

Cc: Patrick Oot

Douglas J. Moore (dmoore@Irwinllc.com);

John Olinde (Olinde@chaffe.com)



September 22, 2017

VIA ELECTRONIC MAIL

Harley V. Ratliff

Karen Barth Menzies
kbm@classlawgroup.com
Girard Gibbs
400 Continental Blvd, 6th Floor
El Segundo, California 90245

Christopher L. Coffin
ccoffin@pbclawfirm.com
Pendley Baudin & Coffin
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

Kyle Bachus
Darin Lee Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Co 80202
Kyle.Bachus@ColoradoLaw.net
dschanker@ColoradoLaw.net

Dawn M. Barrios
Zachary L. Wool
barrios@bkc-law.com
zwool@bkc-law.com
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA  70139

M. Palmer Lambert
plambert@gainsben.com
Gainsburgh, Benjamin, David,
Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2306
**f** 816.421.5547
hratliff@shb.com

**Re:**  *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740 –
        **Plaintiffs' failure to produce ESI**

Zachary:

I write to follow up on your letter from September 20, 2017 regarding Plaintiffs'
failures to produce almost any responsive electronic information.

We have requested meet-and-confers on this issue twice before with no response.  *See*
Emails from Kelly Bieri on Sept. 11 & 19, 2017. We are again available to meet and
confer on this issue on Monday; this is our third and final attempt.  To the extent you
make yourself available, and so that our meet and confer is productive, I'll address
each of your justifications for failing to address this issue.

First, this is a coordinated proceeding in which members of the PSC have been
appointed by the Court to address issues common to many Plaintiffs.  Though Sanofi
has sent hundreds of deficiency notices to individual plaintiff's counsel regarding their
specific failures to produce ESI, it is the PSC's job to work with those attorneys to
ensure that they understand their obligations and meet them.  We expect that you will
fulfil your responsibilities as Court-appointed lead counsel and coordinate with
individual counsel on this and any other issues which affect a large number of

SHOOK
HARDY & BACON

Plaintiffs.

Second, it is not believable that in the year 2017 98% of Plaintiffs submitting a PFS
never once sent an email, wrote a blog, commented on a website, or posted on social
media about Taxotere®, their chemotherapy treatment, breast cancer, or their hair
loss.  Yet, 98% of Plaintiffs submitting a PFS have submitted *zero* electronic
information.  While we understand that a plaintiff may not have access to every email
she ever sent, she is still required to disclose all electronic communications, which
Plaintiffs are not doing.  Further, your "changing email accounts" example does not
work with other electronic information such as social media and website posts that
generally live on the internet for much longer.

Sep. 22, 2017
Page 2

It is also not believable that Plaintiffs do not have digital photographs of their current
hair composition as well as its composition before, during, and six months after
chemotherapy treatment.  Still, most are not producing these photos.  Plaintiffs'
demonstrated failure to produce ESI also raises fears that Plaintiffs have failed to
properly preserve responsive ESI.

Third, your letter totally misconstrues Sanofi's position regarding initial disclosures.
Sanofi has always maintained that the parties waived the Rule 26 initial disclosures
and, as you noted, Judge North agreed.  *See* Aug. 4, 2017 Letter from Harley Ratliff re:
Rule 26 Initial Disclosures.  Plaintiffs' obligations to produce responsive ESI arise
under the PFS, ESI Guidance, and ESI Protocol.

Fourth, your dismissal of the ESI Guidance is disheartening.  Even if not technically
"binding," the point of the Guidance is to encourage certain actions by Plaintiffs.  We
expect that as a Steering Committee you would follow that Guidance and encourage
individual plaintiff's counsel to do the same, regardless of whether you would be
subject to sanctions for a failure to do so.  To the extent you continue to discredit and
set aside the ESI Guidance, however, Sanofi will ask the Court to make it "binding."

Fifth, document requests in the PFS are, in fact, document requests to which the ESI
protocol applies. Amended PTO 22 clearly states that "Plaintiffs' responses to the PFS
***shall be treated as...responses to requests for production*** of documents
under Fed. R. Civ. P. 34." *See* PTO 22, at ¶ 8.

Your attempt to parse the applicability of the ESI Protocol and ESI Guidance is
alarming for what it means going forward.  Your positions undermine the credibility
of our time-consuming and expensive negotiations on generally-applicable orders as
well as the future success of similar negotiations.  To maintain the integrity of these
negotiations, we hope that you will reconsider your positions on the applicability of
the ESI Guidance and Protocol.

We intend to promptly seek the Court's involvement on this issue if we do not hear
back from you.

***

2

S H O O K
HARDY & BACON

Sincerely,

Harley V. Ratliff

Sep. 22, 2017
Page 3

Cc:
Douglas J. Moore (dmoore@Irwinllc.com);
John Olinde (Olinde@chaffe.com)

3



Patrick L. Oot

1155 F Street, N. W., Suite 200
Washington, D.C. 20004
**t** 202.783.8400
**dd** 202.639.5645
**f** 202.783.4211
oot@shb.com

<u>VIA ELECTRONIC MAIL</u>

September 29, 2017

Zachary L. Wool
Barrios Kingsdorg & Casteix, L.L.P.
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
504.524.3300 Direct
zwool@bkc-law.com

Re:     *In Re: Taxotere (Docetaxel) Products Liability Litigation*
        Plaintiff's discovery and Technical Production Issues

Dear Zachary:

Thank you for our meet and confer on Thursday September 28th regarding Plaintiffs missing ESI obligations.  I also write this letter to update (and hopefully to resolve) technical issues.

### **Plaintiffs' PTO 49 Obligations**

We seem to have identified a disagreement regarding plaintiffs PTO 49 obligations.  The PSC's positon is that plaintiffs PTO 49 obligations are met by the Plaintiff fact sheet (PFS) process. Defendants' position, as we stated in our letter, is that on September 22, 2017 Plaintiffs were obligated under order of the court to provide (at least):

1.  If unique, non-duplicative ESI within the scope of discovery is lost or destroyed after the legal hold obligations have been triggered in this case, if known.

2.  A description of any ESI within the scope of discovery that the Producing Party contends is inaccessible or only of limited accessibility and, hence, not producible by that Party without undue burden and/or expense, including:



a. The reasons for the Party's contention regarding accessibility; and

b. The proposed capture and retrieval process available (if any) for identification and/or recovery of the information deemed inaccessible (including cost estimates if readily available).

3. After a reasonable inquiry, the Parties will exchange a suggested list of Sources.

If neither party has changed position, it is now appropriate to seek guidance from the Court.

*In Re Taxotere to Mr. Wool*

September 29, 2017
Page 2

## **Technical Issues**

Also per our call yesterday, I am sending you this update on technical issues.  In short, we have no intent to withhold NDA documents, except for privilege on related documents and to redact any sensitive health information or personally identifying information that exists to ensure Sanofi's compliance with FDA regulations.  We have addressed your issues specifically below:

Technical Unresolved

"Relativity" – Sanofi's document review software, does not support these file types.  The vendor's processing software "Law" and other traditional legal tools do not process or image these documents for production and require special handling.  We have asked Sanofi's vendor to resolve these issues and analyze for information requiring redaction.  Much of this will be resolved with the next production.  Below is a status update:

XPT

We understand from Sanofi's vendor that these are transport files relate to the SAS software system. In order to review these, the vendor required SAS capability. The vendor has loaded the SAS Viewer and it is now our understanding from the vendor that these <u>contain patient information</u>, and therefore requires redaction.  If you have ideas (other than image format) on how to manage – we can meet and confer.



*In Re Taxotere*
*to Mr. Wool*

September 29, 2017
Page 3

DTD

We understand from Sanofi's vendor that they will replace the current "Technical Unresolved" slip-sheet with one that reads "Document Provided in Native Format" and provide the corresponding file in native form in the next production.

XML/XSL

We understand from Sanofi's vendor that XML files were already produced in image format following the ESI protocol requirements but Sanofi can include the native file as you have requested. Sanofi's vendor will replace the current "Technical Unresolved" slip-sheet with one that reads "Document Provided in Native Format" and provide the corresponding file in native form in the next production.

PDF documents

We understand from Sanofi's vendor that they slip-sheeted 15 PDFs that were illegible and that they will replace the current "Technical Unresolved" slip-sheet with one that reads "Document Provided in Native Format" and provide the corresponding file in native form in the next production.

Missing NDA Metadata.

As we mentioned in the Kansas City meet and confer on September 15, 2017 much of the collection is indeed scanned paper that is now in electronic form.

We understand from Sanofi's vendor that they typically remove metadata associated with Privilege, Tech Unresolved, and Redacted documents in case of sensitive information in the metadata that's not presented on the face of the document.

If after resolution of the technical issues referenced with this letter, you have specific documents that do not include metadata; Sanofi will work to resolve. However, in instances where Plaintiffs have the native file, you essentially have as much as we do.



"Document Has No Text Available, Refer to Native File

*In Re Taxotere to Mr. Wool*

September 29, 2017
Page 4

We understand from Sanofi's vendor that some scanned files (e.g. images) have no legible text.  Even so, Sanofi's vendor will OCR the 130 PDF files.  The remaining documents that are missing text are image based files that don't typically contain text that the vendor can render or extract at the source level.  Sanofi's vendor will provide an OCR text overlay for the 130 PDF files in the next production.

"Highly Confidential" Designation

Sanofi's vendor inadvertently designated the documents as highly confidential.  Sanofi will provide an updated overlay in the next production for the following documents:

| ProdBeg |
| --- |
| Sanofi_00178431 |
| Sanofi_00206868 |
| Sanofi_00206873 |
| Sanofi_00206880 |
| Sanofi_00206885 |
| Sanofi_00206890 |
| Sanofi_00206895 |
| Sanofi_00206902 |
| Sanofi_00206915 |
| Sanofi_00206921 |
| Sanofi_00217435 |
| Sanofi_00242378 |
| Sanofi_00242386 |

We will respond to Karen's meet and confer summary letter with a status update in a separate letter.

Best regards,

Patrick L. Oot
Partner