UNITED STATES DISTRICT COURT

EASTERN DISTIRCT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABLITY LITIGATIION | § § § § § | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE KURT D. ENGELHARDT<br>MAG. JUDGE MICHAEL B. NORTH |
| *THIS DOCUMENT RELATES TO:*<br>.<br>*Sheila Matthews, et al. v. Sanofi S.A., et al.*<br>No. 17-cv-17731 | § § § § § | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RETURN ON SUBPOENA

Plaintiff, Emily Barre, through undersigned counsel, respectfully submits this Memorandum in support of her Motion to Compel Ochsner Medical Center and respectfully requests that this Court grant her motion pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel return on subpoena.

Plaintiff certifies that she has conferred in good faith with counsel for Ochsner Medical Center and the parties have been unable to resolve the dispute contained in this motion.

## I.
## INTRODUCTION & UNDERLYING FACTS

Plaintiff, Emily Barre, was one of three plaintiffs included in a class petition/complaint filed on or about December 8, 2016 in the Civil District Court For The Parish of Orleans. The suit was removed to this Honorable Court on or about December 22, 2016.

Emily Barre received Taxotere/Docetaxel chemotherapy treatment for her breast cancer from April 2015 to June 2015 at Ochsner Medical Center's Oncology Center known as the Gayle

and Tom Benson Cancer Center. Due to the nature of chemotherapy reporting in Emily Barre's medical records, the NDC Code and/or drug manufacturer of the Taxotere/Docetaxel administered to her is unable to be determined. Both Plaintiff herself, and Plaintiff's counsel, have made numerous attempts to ascertain the identity of the Taxotere/Docetaxel administered to her by Ochsner, albeit to no avail.

## II.
## ATTEMPTS AT SECURING INFORMATION REQUESTED

After receiving Emily Barre's Ochsner medical records, and learning that neither the NDC Code nor the manufacturer were identified in those records, Plaintiff's counsel mailed correspondence on March 29, 2017 to Ochsner Medical Center, to Emily Barre and to Emily Barre's treating oncologist, Dr. Christopher Theodossiou, MD (See Exhibit "A"). In the letter, Plaintiff's counsel explained the need to identify the NDC Code and/or manufacturer of the chemotherapy drug administered to Ms. Barre during her breast cancer treatment at Ochsner. Included in the letter was a form in which a qualified representative from Ochsner Medical Center could mark the NDC Code of the Taxotere/Docetaxel drug Ms. Barre was administered. Also included in the letter sent to both Ochsner Medical Center and Dr. Christopher Theodossiou, MD was a HIPPA authorization signed by Emily Barre authorizing the release of the requested information to her Counsel.

Ms. Barre, herself, upon receiving this letter, went to Ochsner Medical Center to obtain the NDC Code. She was unable to obtain the NDC Code and/or identity of the manufacturer of the drug she was administered during her chemotherapy treatment. In response to Ms. Barre's queries, all Ochsner personnel did was refer Ms. Barre to Ochsner Medical Records but neither

the NDC Code nor the specific manufacturer of the Taxotere/Docetaxel administered to Ms. Barre were identified in those records.

Plaintiff's counsel received another copy of Ms. Barre's medical records from Ochsner on April 17, 2017. This duplicate copy was sent by Ochsner in response to Plaintiff's initial correspondence requesting specifically the NDC Code and/or manufacturer of the chemotherapy drug administered to Ms. Barre. Again, Plaintiff's counsel already had a set of these records and there is nothing in the records identifying the NDC Code and/or manufacturer of the Taxotere/Docetaxel administered to Ms. Barre during her chemotherapy treatment.

Having received no further response from Ochsner. Plaintiff's counsel Kelsey Zeitzer went to Ochsner Medical Center in person on or about June 29, 2017. Plaintiff's counsel visited the Gayle and Tom Benson Cancer Center, the Ochsner Pharmacy, and the Ochsner Pharmacy Administration center. Plaintiff's counsel was directed to Mr. Jason Chou, an employee of Ochsner Medical Center within the Pharmacy Department. Mr. Chou advised Plaintiff's counsel that he would be able to assist in ascertaining the NDC Code. Ms. Zeitzer provided Mr. Chou with a signed HIPPA authorization and, at Mr. Chou's request, sent yet another letter request for the required information which was accomplished via subsequent e-mail (See exhibit "B"), receipt of which Mr. Chou confirmed via return electronic mail.

On June 30, 2017, Plaintiff's counsel received a phone call from a representative of Ochsner Medical Center's Legal Department, Meredith Miceli, Esq.. Ms. Zeitzer and PSC Co-Lead Counsel Christopher Coffin spoke with Meredith Miceli at that time. Ms. Miceli advised that, although Plaintiff's counsel was entitled to the information requested, Ochsner would not provide Plaintiff's counsel the information absent issuance of a subpoena. Ms. Miceli further

3

advised that such was due to the fact that Ochsner did not want to have various employees answering requests similar to the one made by Plaintiff's counsel because it would lead to the risk of having too many Ochsner employees taking too much time from work to participate in responding to various legal requests.  Plaintiff's counsel was advised that Ochsner had the information requested, that Plaintiff's counsel was entitled to said information pursuant to the HIPPA Release but that, as far as Ochsner was concerned, Plaintiff's counsel still had to issue a subpoena to obtain the information.

On July 19, 2017, in the interests of professionalism, Plaintiff's counsel served a subpoena (See Exhibit "C") on Ochsner's Legal Department as requested by Ms. Miceli.  The subpoena included Emily Barre's name, date of birth, social security number, dates of treatment, and request.   The subpoena provided Ochsner one month to respond to the subpoena.

By August 19, 2017, one month following the issuance of the subpoena, Plaintiff's counsel had received no Return or response whatsoever from Ochsner.

On September 6, 2017, Plaintiff's counsel again contacted Ms.Miceli.  Ms. Miceli informed Plaintiff's counsel that Ochsner was still looking for the information.  Ms. Miceli then advised that, contrary to Ochsner Pharmacy employee Jason Chou's prior advices to the contrary, Ochsner would not be able to provide the exact NDC Code and/or identity of the manufacturer of the Taxotere/Docetaxel administered to Ms. Barre.  Incredibly, Ms. Miceli advised that she had been told that Ochsner would only be able to identify what Taxotere drug had been ordered at the time, not what manufacturer's drug had actually been administered to Ms. Barre.  According to the information provided to Ms. Miceli, when a drug is ordered by the physician, Ochsner utilizes whatever drug may be on its shelves and it does not track the NDC

4

code such that the specific drug can be identified. Plaintiff's counsel expressed extreme disbelief at this assertion (especially given the specific, prior assurance by Mr. Chou and requested that Ms. Miceli call back with an update later that day or the next. Plaintiff's counsel received no further response from Ms. Miceli.

On September 27, 2017 Plaintiff's counsel again contacted Ms. Miceli. Ms. Miceli advised that Ochsner still did not have the information requested. Plaintiff's counsel asked yet again that Ms. Miceli get back to Counsel later that day with an anticipated compliance date. To date, Plaintiff's counsel has received no response from Ochsner Counsel.

On October 5, 2017, Plaintiff's counsel again contacted Ms. Miceli. Ms. Miceli still had no information whatsoever to provide. Plaintiff's counsel suggested that perhaps Ms. Miceli might want to check with Ochsner's Billing Department as it was his understanding that neither Medicare, nor Medicaid, nor most insurance carriers will tender payment and/or reimburse absent NDC codes. Ms. Miceli conveyed that she had not actually thought of that but that she would forthwith check with billing and advise.

After yet an additional week of no response, Plaintiff's counsel attempted to contact Ms. Miceli on October 12, 2017. Ms. Miceli did not respond and a voicemail was left asking for a return call. At this point, Plaintiff's counsel has neither heard nor received anything from Ochsner's Legal Counsel.

### III.
### LAW & ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure stipulates the form and content requirements of a federal subpoena. Rule 45(e) of the Federal Rules of Civil Procedure

addresses specifically the duties in responding to a subpoena. Persons responding to a subpoena are to produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. Fed. R. Civ. P. 45(e)(1)(A). If the subpoena does not specify a form for production, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably useable form or forms. Fed. R. Civ. P. 45(e)(1)(B). A recipient who fails to comply with an otherwise valid subpoena or subpoena-related order without adequate excuse can be held in contempt and subjected to fines or even imprisonment. Fed. R. Civ. P. 45(g).

As this Honorable Court is likely aware, the Deficit Reduction Act of 2005, 109 P.L. 171, 120 Stat. 4, 2006, included provisions requiring that state agencies collect NDC data in order to obtain Medicaid drug rebates from drug manufacturers for certain physician administered drugs. 109 P.L. 171, 120 Stat. 4, 2006. Since at least 2008, the Louisiana Department of Health and Hospitals has required that providers bill Medicaid using NDC codes for physician administered drugs, including HCPCS J-code drugs like Taxotere. Further, the Drug Supply Chain Security Act, 113 P.L. 54, 127 Stat. 123, 2013, requires that dispensers in the drug supply chain be able to track and trace drugs by NDC codes. 113 P.L. 54, 127 Stat. 123, 2013.

## IV.
## CONCLUSION

A subpoena was properly served on Ochsner on July 19, 2017. The Return date was set for August 19, 2017. Numerous attempts in person, in writing and via phone have been made to secure Ochsner's compliance. It is now well past the deadline for Return and there is no indication of any willingness on the part of Ochsner to voluntarily comply. Thus, Plaintiff

respectfully seeks this Honorable Court's intervention to compel Ochsner's compliance, and for such other relief as the law may afford.

Dated: October 12, 2017          Respectfully submitted:

                                         */s/ Val Patrick Exnicios*
                                         VAL PATRICK EXNICIOS (LA Bar #19563)
                                         KELSEY LEIGH ZEITZER (LA Bar #37368)
                                         Liska, Exnicios & Nungesser
                                         1515 Poydras Street, Suite 1400
                                         New Orleans, LA 70112
                                         Telephone: (504) 410-9611
                                         Facsimile: (504) 410-9937
                                         vpexnicios@exnicioslaw.com
                                         kzeitzer@exnicioslaw.com