UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO ISSUE WRITTEN DISCOVERY**

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi") submit this supplemental brief in support of Defendants' Motion to Issue Written Discovery (Doc. 904) as requested by the Court at the October 6, 2017 Liaison Counsel Meeting.

Sanofi, through its motion, does not seek "open season" discovery on Plaintiffs. Sanofi's motion was not filed because it has some specific set of discovery that it intends to propound upon the trial pool plaintiffs at this time. To the contrary, sanofi seeks an Order simply lifting the prohibition against further written discovery to the Plaintiffs as set forth in PTO No. 22, so that sanofi can issue targeted supplemental written discovery, as needed, to Plaintiffs in the bellwether trial pool as part of Phase I discovery. Sanofi will not issue discovery that is duplicative of the information already provided in the Plaintiff Fact Sheet ("PFS"). Instead, sanofi seeks the ability to serve targeted supplemental written discovery to Plaintiffs as a means to follow-up on new facts and information learned as Phase I discovery progresses—such as during Plaintiffs' forthcoming depositions.

This Order is needed now so that Phase I discovery proceeds fairly, fully, and efficiently. Sanofi should not be required to seek an order to issue discovery each time some specific follow

1

up is required during the first phase of discovery. To do so would place an unnecessary burden upon the Court and unduly delay the receipt of discovery, thereby prejudicing sanofi in its ability to identify cases for the second phase of discovery under CMO No. 3.

More fundamentally, though, sanofi and its lawyers fully understand the scope of discovery for the initial phase under CMO No. 3, as it was clearly articulated by the Court. This Court has stated that, while the lawyers working in this litigation are adversaries, they are also partners working towards a common goal. Sanofi and its lawyers should be given the benefit of the doubt that they will refrain from issuing discovery that is inconsistent with this Court's expectations for phased discovery of trial pool plaintiffs.

> **I.  Sanofi Should Be Permitted To Serve Limited and Targeted Supplemental Written Discovery to Plaintiffs That is Not Duplicative of Discovery Sought by the Plaintiff Fact Sheet.**

The Federal Rules of Civil Procedure contemplate an iterative discovery process that permits parties to (1) serve different forms of written discovery and (2) supplement such requests as new facts are uncovered. *See* Fed. R. Civ. P. 26, 33-36. Sanofi seeks an Order from the Court allowing it to conduct targeted (and otherwise permissible) discovery of relevant facts of the trial pool plaintiffs. For example:

- At deposition, Plaintiff may identify written communications that she sent to her physicians or to the American Cancer Society, or someone else concerning her cancer, treatment, and/or her alleged injuries;

- At deposition, Plaintiff's physician may testify that he or she provided written documentation to the Plaintiff that might be relevant to her claims or alleged injuries;

- During discovery, medical or other records may be located that identify additional documentary evidence that might be in the Plaintiff's possession but was not required to be produced by the PFS, such as information related to cancer generally, its risks and potential treatment options, and general information concerning the Plaintiff's condition;

2

- At deposition, Plaintiff may, for the first time, disclose the existence of additional sources of information relevant to her claims and/or alleged injuries, including sources of electronically-stored information (ESI) (*e.g.*, cell phone or laptop that has photographs of Plaintiff); or

- At deposition, Plaintiff may provide incomplete or inconsistent testimony that requires targeted follow-up to develop an accurate and full factual record.

Each of these potential scenarios will lead sanofi to issue further discovery that is targeted to the issue(s) presented. That said, it is also entirely possible that no information is discovered that necessitates supplemental discovery. Unfortunately, it is impossible for sanofi to know with any certainty whether such discovery will be needed until after Phase I discovery progresses and depositions are taken.

Sanofi has committed to Plaintiffs' counsel, and to this Court, that it has no intention of issuing duplicative, onerous, or abusive discovery to any Plaintiff. Given this commitment, the scope of any supplemental discovery will be narrow by its nature; and the Court should give sanofi the benefit of living up to its commitment. Further, to the extent Plaintiffs believe sanofi's supplemental written discovery requests are inappropriate for any reason, they are free to meet and confer and/or object and ultimately force sanofi to file a motion to compel—just like in any other case.

**II.     Sanofi's Motion Is Not Premature and Should Be Granted Given the Limited Time Remaining to Conduct Phase I Discovery.**

In less than four months, the parties must narrow the trial pool to four cases to proceed to Phase II discovery. In order to make informed decisions on case nominations, the parties must rely on information collected during Phase I discovery. As such, conducting comprehensive and fulsome fact discovery in the initial phase is critical to understanding which cases involve legal and factual issues representative of the range of cases consolidated in the MDL. *See* Manual for

Complex Litigation, at § 22.315 ("If individual [bellwether trials] are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases.").

An Order permitting sanofi to issue targeted written discovery should be entered now—as opposed to after Plaintiffs' depositions when the need for such supplemental discovery will become more apparent—to facilitate efficiency and productivity in Phase I discovery, and to prevent sanofi from undue prejudice. If sanofi is forced to wait until a specific need for such discovery becomes ripe, it will, as a practical matter, be unable to discover and synthesize such information before the Phase II bellwether nominations are due on February 12, 2018. *See* CMO No. 3 at ¶ 3. Under the current framework, sanofi cannot issue further discovery without a Court Order. *See* Am. PTO No. 22, at ¶ 9. Before seeking the Court Order, sanofi would have to: (1) meet and confer with Plaintiffs on a written discovery order; (2) move for entry of that order (triggering briefing and a possible hearing on the issue); (3) issue the discovery; and (4) wait 30 days (absent extensions) for Plaintiffs to produce the information. *See* FED. R. CIV. P. 33(b)(2), 34(a)(2)(A); 36(a)(3). The time spent seeking such discovery on the "back end" is unnecessary and wasteful, especially since an Order now would avoid these delays.

Sanofi is currently collecting records from Plaintiffs' healthcare providers in each of the Phase I bellwether cases—the first of several steps in Phase I discovery, which itself is a slow process. If a bellwether Plaintiff is deposed in early November and, at the deposition, it becomes apparent that additional written discovery is needed, the following steps would have to be taken (absent a Court Order on the "front end") before such discovery is produced:

- Wait for the deposition transcript (approx. two weeks);

- Meet-and-confer with Plaintiffs on entry of Court Order permitting additional written discovery (approx. one week);

- File motion for Court Order permitting additional written discovery and briefing and hearing if opposed (approx. two weeks);

- Await ruling from the Court on the motion;

- If granted, issue the supplemental discovery; and

- Wait for Plaintiff to produce the information (one month, absent extensions given the holiday season).

Even under the most optimistic schedule, sanofi might not be in possession of the discovery by the end of January 2018. The practical reality, however, is that the bellwether plaintiffs, and additional fact witnesses, will be deposed throughout November and December. Thus, entry of an Order on the "front end" allowing sanofi to issue limited and targeted supplemental written discovery avoids this delay and potential prejudice. Sanofi's motion for an order permitting such discovery is ripe and should be granted.

## **CONCLUSION**

For the foregoing reasons, and those stated in its initial brief, sanofi respectfully requests that the Court grant its Motion to Issue Written Discovery.

Respectfully Submitted:

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-310-2100
Facsimile:  504-310-2120
E-Mail:  dmoore@irwinllc.com

5

Harley V. Ratliff
Adrienne Byard
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone:  816-474-6550
Facsimile:  816-421-5547
E-Mail:  hratliff@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore