UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2740<br><br>SECTION: "N" (5) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

CASE MANAGEMENT ORDER NO. 8
(TRIAL SCHEDULING ORDER- MDL TRIAL NO. 2)

ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING, FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS HEREAFTER:

1. **Applicability of Order:**

The following procedures and schedules will govern the identification and selection of the trial plaintiffs for the second trial. The Federal Rules of Civil Procedure shall apply, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

The parties shall submit additional proposed Case Management Order(s) to the Court for each of the three additional trials set in 2019.

2. **Selection of Trial Plaintiffs**

By **October 20, 2017**, Plaintiffs and Defendants will each select four (4) cases and then submit to the Court the eight (8) cases as options for the second trial. The Defendant is not limited to sanofi. Neither side shall select more than two cases involving the same non-sanofi Defendant. The original jurisdiction and venue is not limited to the Eastern District of Louisiana.

The location for the trial is subject to the Court's determination, after input from the parties, whether (a) in the discretion of the Court, the Court determines after input from the Parties that trial of a Plaintiff's case in another venue is appropriate, (b) the Parties agree to waive *Lexecon* permitting the trial of a non-Louisiana Plaintiff's case in the Eastern District of Louisiana, or (c) the Court is able to obtain a temporary assignment to try a case in another district pursuant to 28

USC § 292. Otherwise, all parties preserve all *Lexecon* rights and arguments as to jurisdiction and venue for trial, including all rights preserved under Pretrial Order No. 5, and cases involving any non-Eastern District of Louisiana plaintiff shall be remanded for trial in their transferee courts or the appropriate jurisdiction and venue after pre-trial proceedings are completed.

    **3.**    **Phased Discovery**

The eight proposed cases will be subject to phased discovery as set forth in a protocol established by the parties and submitted to the Court. All cases will be subject to the first phase of discovery which will conclude on **June 12, 2018.**

By **June 18, 2018**, the parties shall nominate to the Court and rank in order of preference the four (4) cases that will proceed to the second phase of discovery. Cases identified in Case Management Order No. 3 that have not been dismissed or tried as of June 18, 2018 may be nominated as cases that will proceed to the second phase of discovery. On **June 22, 2018**, the Court, after hearing from the parties, will select one or more Plaintiff(s) (Primary Plaintiff(s)) for the second trial date and will rank the remaining Plaintiffs as alternatives. The parties reserve the right to object to and file motions addressing whether multiple plaintiffs may be tried in one trial. If the Primary Plaintiff's case is dismissed for any reason, the next highest ranked Plaintiff will be set for the second trial date instead.

    **4.**    **Motions:**

All pre-trial motions for the second trial, including dispositive motions, shall be **filed** and **served** on or before **December 6, 2018**. Opposition memoranda shall be **filed** and **served** on or before **December 20, 2018**, and reply memoranda shall be **filed** and **served** on or before **January 3, 2019**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1.

Motions shall conform to the following:

    A.    The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition brief or memorandum shall be limited to 25 double-spaced pages, excluding exhibits. All pages must be numbered at the bottom.

    B.    Any reply or other supplemental memorandum shall be limited to ten (10) double-spaced and numbered pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file. Unless otherwise ordered, if a motion is set for oral argument, the proposed reply memorandum must be filed no later than 12:00 p.m. on the third working day preceding the oral

argument date. Thus, for example, if a motion is set for oral argument on a Wednesday, the proposed reply memorandum must be filed no later than 12:00 p.m. on the preceding Friday. For motions not set for oral argument, the proposed reply memorandum should be filed as soon as is practicable, unless otherwise ordered. Finally, if time is of the essence, *e.g.* the proposed reply concerns to a motion scheduled to be considered immediately before trial, counsel should apprise chambers by email or phone to expect an imminent reply, and such reply shall be filed post haste.

C. Any brief or memorandum that has more than 15 pages must contain all items listed below. Briefs and memoranda that are 15 pages or less must contain items (3), (4), (5), (6), and (7) listed below.

(1) A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

(2) A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

(3) A short statement of the nature and stage of the proceeding. A separate time line of relevant factual events and procedural history is almost always helpful, and should be attached to the motion itself.

(4) A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

(5) A short summary of the argument.

(6) The argument shall be divided under appropriate headings succinctly setting forth separate points.

(7) A short conclusion stating the precise relief sought.

D. If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

E. One paper copy of any memorandum or brief that, together with its exhibits, totals more than 100 pages, must be submitted to chambers when

filed. The submitted copy must include the case number, date filed, and record document number information appearing along the top of documents filed electronically utilizing the Court's CM/ECF system.

F. A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation.</u> For example, a contract may be cited by section number, an employee handbook may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

G. All motions *in limine* for the second trial shall be filed and served on or before **December 6, 2018**. Opposition memoranda shall be filed and served on or before **December 20, 2018**, and reply memoranda shall be filed and served on or before **January 3, 2019.** Such motions shall conform to the provisions set forth hereinabove.

5. **Disclosures:**

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case.

6. **Discovery:**

This case involves extensive documentary evidence, depositions, and other discovery.

For the 4 Trial Plaintiffs, second phase discovery and additional fact witness depositions for use at the second trial shall be taken and all other fact discovery of the Defendants for trial shall be completed no later than **August 1, 2018**.

Expert depositions and discovery for use at the second trial shall be completed no later than **November 16, 2018**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

### 7. Amendments:

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **June 29, 2018**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6. Later amendments will not be allowed absent good cause, and may not be allowed if the trial date is thereby jeopardized.

Counsel adding new parties subsequent to the issuance of this Order shall provide each new party with a copy of it. Pleadings responsive thereto, when required, shall be filed no later than **July 6, 2018.**

### 8. Experts:

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for plaintiffs shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **August 31, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for the second trial defendant shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **October 1, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Any expert witness who was previously deposed in this MDL, shall not be deposed again absent good cause shown, unless such expert is offering a case-specific opinion or a new opinion not previously disclosed.

### 9. Witnesses and Exhibits:

Counsel for the parties are ordered to file in the record and serve upon their opponents a preliminary list of all witnesses who may be called to testify at trial no later than **July 13, 2018**, and a preliminary list of all exhibits that may be used at trial no later than **November 19, 2018**.

Counsel for the parties are ordered to file in the record and serve upon their opponents a final list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **December 3, 2018**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

### 10. Final Pre-Trial Conference:

A final Pre-Trial Conference will be held in chambers before the undersigned on **Thursday, January 17, 2019 at 9:00 a.m.**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **January 15, 2019**. If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk. The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel. It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

11. **Trial:**

Trial will commence on/or during the week beginning **MONDAY, January 28, 2019** at **8:30 A.M.** before the District Judge **with a jury**. Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday. Attorneys are instructed to report for trial no later than 30 minutes prior to the scheduled commencement time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 10 days.

> A. **Hours:** The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.
>
> B. **Access at Other Times:** Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.
>
> C. **Telephones:** Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

      D.    **Filing of Documents:** Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

      E.    **Witnesses:** Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will **not** recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

      F.    **Jurors:** Counsel shall not communicate with any juror or potential juror in any way or by any means, including online via Facebook or any other means of social media, using real or fictitious/alias identities. Counsel shall not instruct any other person to do so, or solicit or plan to receive any such information obtained in this fashion. Should counsel learn that anyone associated with this trial has acted in violation of this paragraph, he/she shall immediately advise the undersigned.

      G.    **Seating:**

          (1)    The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

          (2)    Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

**12.**    **Conferences and Extensions:**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. **Trial will not be continued, even on joint motion, absent good cause or compelling reason.** A trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

**13.**    **Settlement:**

**IT IS ORDERED**, that a Settlement Conference will be held with Magistrate Judge North prior to **November 5, 2018.**

**Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference. The parties shall submit a Joint Confidential Status Report to the Magistrate Judge no later than November 9, 2018 in the event a resolution has not been reached by that date.**

14. **Courtroom Procedure and Conduct:**

   A. **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, wristwatch cellular devices of any kind, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; google glasses, wearable computers, or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

   B. The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are **counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) **provided** that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

   C. Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

   D. **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N" courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

E. **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this 11th day of October, 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE