UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PLAINTIFFS' OPPOSITION TO MOTION FOR A CASE SUBSTITUTION PROTOCOL

In order to solve a problem that does not exist—namely, a tactical dismissal of a bellwether case by Plaintiffs in an attempt to skew the trial pool—Defendants[1] propose a complicated, multi-layered Pre-Trial Order that would effectively give them—and *only* them—carte blanche to strike trial plaintiffs. *See* Defs.' Mem. in Supp. of Mot. for Case Substitution Protocol, Rec. 888-1 (hereinafter "Defs.' Br."). The Court has *already* accounted for the possibility of attrition by selecting an outsized pool of ten (10) plaintiffs—more than twice the number of plaintiffs needed for the first MDL trial, and that number will only grow in subsequent trial pools. Nothing has occurred since to warrant a new approach to managing trial picks. In fact, Defendants have conceded that Plaintiffs have sought no strategic dismissals of trial plaintiffs in this litigation.

The ultimate irony of Defendants' protocol is that it imagines that Plaintiffs, in the future, may engage in dismissals that will skew the trial pool. So the protocol asks that Defendants be empowered to manipulate the trial pool in their favor through unilateral strikes. No MDL court has followed the ill-considered approach that Defendants chart—there is no justification nor authority for it. If anything, there is good reason to reject Defendants' protocol because it would undercut

---

[1] Defendants are sanofi-aventis U.S. LLC, Sanofi US Services Inc., Sandoz Inc., Hospira, Inc., Hospira Worldwide, LLC, Pfizer Inc., Actavis Pharma, Inc., Accord Healthcare, Inc., Sun Pharmaceuticals Industries, Inc., and McKesson Corporation.

the very purpose of the Court's enlarged trial pool by authorizing Defendants to unilaterally strike trial plaintiffs.

A more reasonable approach would be for Defendants to stop burdening the Court with such proposals until Defendants have a legitimate basis to say that Plaintiffs have in fact strategically dismissed a trial plaintiff. At that time, if the parties are unable to resolve the matter, the Court can issue an Order based upon a definite and concrete dispute and in consideration of the particular facts concerning dismissal and the status of trial preparations.

## ARGUMENT

### I. This Court's Trial Scheduling Orders Provide a Sufficient Pool of Plaintiffs Such that No Substitution Protocol is Necessary

Case Management Order ("CMO") Nos. 3 and 8 serve as the Trial Scheduling Orders for the first two trials in this MDL and provide for the contingency that one or more trial plaintiffs may be dismissed. Specifically, pursuant to CMO No. 3, a total of ten (10) trial plaintiffs have been selected as candidates for the first MDL trial. Of the trial plaintiffs remaining after phase 1 discovery, the parties will nominate four (4) plaintiffs for additional discovery out of which only one (1), designated as the "Primary Plaintiff," will be set for trial. For the second MDL trial, the trial plaintiff pool instituted in CMO No. 3 is expanded by eight (8) additional trial plaintiffs in accordance with CMO No. 8. The second MDL trial Primary Plaintiff will be picked from this larger, combined pool. Notably, should one of the final four (4) trial plaintiffs be dismissed for any reason, CMO Nos. 3 and 7 provide that the Primary Plaintiff be selected from next ranked plaintiff out of the remaining three (3) plaintiffs—no substitution is permitted.

In sum, by providing for more bellwethers than are needed for the trial group, CMO Nos. 3 and 8 ensure that there will be an ample pool of plaintiffs from which to select the final four (4)

trial plaintiffs for each trial without the need to substitute dismissed plaintiffs. This process is working, and there is no reason to revisit it.

**II.     Defendants Fail to Allege Any Justification for Defendants' Unfair and Punitive Protocol**

Although styled as a Case Substitution Protocol, Defendants' proposal is in fact a unilateral plaintiff *strike* protocol. Defendants have proposed a protocol whereby dismissal of any random- or defendant-selected plaintiff during Phase I discovery—that is, dismissal for any reason, including presumably settlement—results in Defendants' "de-designating" or "striking" the trial plaintiff of their choice. This strike would presumably be a Plaintiffs' pick. Defendants contend that this proposal is necessary to prevent "strategic" dismissals of trial plaintiffs (Defs.' Br. 1, 2), which they admit has not occurred in this litigation. Defendants, moreover, never define what constitutes a strategic dismissal, but more critically their proposal is not limited to such dismissals. Any dismissal for any reason triggers Defendants' protocol. Further, Defendants propose that the dismissal of any case picked by Plaintiffs would not even be replaced, much less result in a strike of a defense pick. By granting Defendants unilateral authority to strike regardless of the circumstances of dismissal, this one-sided protocol is inherently unfair and prejudicial to Plaintiffs and ignores the Court's intent to maintain oversized trial plaintiff pool.

Defendants contend that their proposal is "fully consistent with the approaches taken by other MDL courts facing this issue." Defs.' Br. 4. This is incorrect. None of the cases Defendants cite adopted the measures proposed in this case. For instance, in *Invokana*, the court allowed the parties to substitute dismissed trial plaintiffs depending upon the reason for dismissal. *See In re Invokana*, MDL No. 2750, CMO No. 20, at ¶ II.H (D.N.J. July 27, 2017). The *Invokana* court did not allow the defendant to strike another bellwether plaintiff as Defendants have proposed here.

3

Defendants reliance on *In re Cook Medical, Inc. Pelvic Repair System Products Liability Litigation*, MDL 2440, PTO No. 59 (S.D. W. Va. May 19, 2015), is also misplaced. There, the court decided to remand cases to their transferor courts after finding that the plaintiffs had engaged in strategic dismissals. *Id.* at 1-2. The Defendants admit there are no such strategic dismissals in this case, and in any event Defendants' proposal is not limited to strategic dismissals.

Lastly, *In re Norplant Contraceptive Prod. Litig.*, No. MDL 1038, 1996 WL 571536 (E.D. Tex. Aug. 13, 1996), does not help Defendants. There, the court observed that prejudice occasioned by strategic dismissal could be cured by *either* striking one of plaintiffs' bellwether selections or changing the order of selection of bellwether trials. *Id.* at *1. Notably, the *Norplant* court gave the plaintiff the option to select which of these two alternative corrective measures would apply. *Id.* Defendants' proposal would not.

### III.   A Case Substitution Protocol is Premature

Defendants' protocol is not only a solution in search of a problem, the solution it advances would game the trial plaintiff selection process in Defendants' favor. To allow for such preemptive protocols without any justification would simply encourage Defendants to continue to engage in unnecessary motion practice. Indeed, Defendants appear to be actively pursuing this approach in seeking additional, undefined discovery from the trial plaintiffs "in case" such discovery is needed in some future hypothetical situation.

A more considered and less burdensome approach to case management would be for Defendants to seek relief when there is a need for "an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937). If, in the future, Defendants have a good-faith basis to believe that a dismissal is tactical, then Defendants can bring an appropriate motion and the Court can consider whether any relief is necessary in the context of the specific reasons for dismissal and the status of trial preparation. In any event, the

4

proper solution for the loss of a trial plaintiff should not be to further shrink the pool of available trial plaintiffs by allowing Defendants to strike an additional trial plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Case Substitution Protocol should be denied.

Dated: October 17, 2017                                    Respectfully submitted,

*/s/ Christopher L. Coffin*                                */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                             Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                           Andre Mura (on the brief)
1515 Poydras Street, Suite 1400                            GIBBS LAW GROUP LLP
New Orleans, LA 70112                                      400 Continental Boulevard, 6th Floor
Phone: 504-355-0086                                        El Segundo, CA 90245
Fax: 504-523-0699                                          Telephone: 510-350-9700
ccoffin@pbclawfirm.com                                     Facsimile: 510-350-9701
                                                           kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                                           *Plaintiffs' Co-Lead Counsel*


*/s/M. Palmer Lambert*                                     */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                 Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                  BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                   701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                    New Orleans, LA 70139
New Orleans, LA 70163-2800                                 Phone: 504-524-3300
Phone: 504-522-2304                                        Fax: 504-524-3313
Fax: 504-528-9973                                          barrios@bkc-law.com
plambert@gainsben.com
                                                           *Plaintiffs' Co-Liaison Counsel*
*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com

David F. Miceli
Simmons Hanly Conroy
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
dmiceli@simmonsfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>The Lambert Firm, PLC<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>ejeffcott@thelambertfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>  */s/ Dawn M. Barrios*
>  Dawn M. Barrios