# Exhibit A

# Jessica Perez

**From:** Jessica Perez
**Sent:** Friday, September 29, 2017 1:57 PM
**To:** Bieri, Kelly (SHB)
**Subject:** PFS Deficiencies in Taxotere Bellwethers Kahn and Durden

Kelly,

Based on our meet confer this past Tuesday, I have reviewed the purported PFS deficiencies you have raised and I have reach out to both plaintiffs concerning the production of additional photographs.

As to the alleged deficiencies you have raised regarding Elizabeth Kahn's PFS, I do not agree that her responses are deficient as all the information requested was previously provided. However, due to her status as a bellwether, I have updated her PFS to include the two physicians previously provided and referenced in Exhibit A. In addition, I have undertaken a good faith effort to narrow down and attempt to identify who gave Plaintiff oral instructions regarding Taxotere. I have updated the PFS to reflect that, to the best of Plaintiff's knowledge and recollection, she was given oral instructions regarding Taxotere from her clinical oncology nurse. However, Plaintiff cannot recall the name of her nurse at this time. Lastly, although you assert that "never" is a choice which can be selected in response to Question VII (5), such a category is not available in the PFS. As such, you will still need to refer to the previously produced Exhibit A.

As to Durden, her amended PFS referenced in the 8/22/2017 deficiency response has been uploaded. I believe that it should address all of the concerns you expressed regarding Ms. Durden's PFS.

Photographs were the primary concern you raised. As you stated, photos are a "hot button" issue for Defendants. We did reach out to both plaintiffs regarding whether they may have additional photographs. Both Kahn and Durden were able to provide a handful of additional photographs, which have been provided via MDL Centrality. All photographs have likewise been dated. Furthermore, I did confirm with Ms. Durden that her before "glamour shot" style photo does not contain any type of hair piece or wig and reflects her natural hair at that time. Additionally, I was able to confirm that Ms. Durden does not own an iPhone. The photographs previously submitted from an iPhone were forwarded by Ms. Durden's niece.

Lastly, you raised concerns during the course of our meet and confer regarding the existence of potentially electronically stored photographs of bellwethers Kahn and Durden. As far as electronic information is concerned, we have previously disclosed that Ms. Kahn maintained a blog regarding her cancer treatments. Based on our conversation, you admitted that you have reviewed Ms. Kahn's cancer blog, her librarian blog, and her Facebook account. Since you have unrestricted access to these accounts and any photographs they may contain, whether relevant to this litigation or not, I do not see where we have an additional obligation to re-produce these photographs.

I believe that many of the issues you addressed are likewise being addressed on a more global scale. It is my understanding that Chris and Harley recently had a meet confer regarding similar issues related to ESI and photographic production. I believe that we have complied with the Court's order to provide photographs which depict the Plaintiffs' hair in the relevant time periods. However, if you believe that additional photographs are warranted, please articulate your position in writing and clearly set forth what you believe are entitled to. Once I have this, I can work with Chris to ensure that we address your concerns.

If you would still like to have an additional telephonic meet and confer today, please let me know. I have been in a meeting all morning and I am about to head to the airport. My flight is scheduled to leave around 3:20 and I should be back in Louisiana around 6:30. If today doesn't work, and you would prefer a different date, just let me know. I will be available this weekend and Monday.

I hope you have a great weekend!

Jessica