UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PLAINTIFFS' OPPOSITION TO MOTION TO ISSUE WRITTEN DISCOVERY

Defendants' motion to issue further written discovery on the trial plaintiffs is the latest in their never-ending quest to revisit the plaintiff fact sheet ("PFS"). Defs.' Mem. in Supp. of Mot. to Issue Written Disc., Rec. Doc. 904-1 (hereinafter "Defs.' Br."); *see also* Defs.' Supplemental Mem. in Supp., Rec. Doc. 934 (hereinafter "Defs.' Supp. Br."). At this time, Defendants have no specific need for additional discovery beyond what the comprehensive Plaintiff Fact Sheet ("PFS") provides—and Defendants do not argue otherwise. But Defendants speculate that Phase I discovery "may" reveal the need for more discovery. So Defendants ask for blanket permission to issue further discovery on topics of their choosing if Defendants themselves decide that the PFS is deficient.

Defendants are not entitled to a blank check on discovery. The Court issued an extensive PFS and instructed that further discovery must be supported by a specific need. Defendants instead present abstractions and hypotheticals. Their motion seeks an advisory opinion that should never have been filed.[1]

---

[1] Defendants have repeatedly burdened this Court with motions proposing their solutions to non-existent problems. For example, in their Motion for a Case Substitution Protocol (Rec. Doc. 888), Defendants request a Pretrial Order granting them, and only them, the ability to strike and substitute trial plaintiffs who have been dismissed with defense picks, based on some imaginary

1

Phase 1 discovery for the first MDL trial closes on February 6, 2018. No depositions have been scheduled or taken. At this time, there is no basis to reconsider the PFS. Unless and until Defendants present a specific need for additional written discovery of the trial plaintiffs, the PFS controls.

Accordingly, Defendants' motion should be denied.

## ARGUMENT

### I. Sanofi's Motion for an Order to Issue Written Discovery as to All Trial Pool Plaintiffs is Overbroad and Premature.

Amended Pretrial Order ("PTO") No. 22 sets forth the form and schedule of service of the PFS. Paragraph 9 of this PTO states: "Defendants' use of the PFS and Authorizations shall be without prejudice to Defendants' right to serve additional discovery, if authorized in further Orders of the Court." To obtain additional discovery, Defendants must demonstrate a specific need for additional discovery that is not already covered by the PFS. Steering Comm. Status Conf. Tr. 22:13-23:3, July 7, 2017. As noted by the Court at the July 7, 2017 Steering Committee Status Conference, there should be few, if any, instances in which additional discovery is needed:

> I made the fact sheet when you all could not agree on one. I included a lot of things that the plaintiffs at that time did not think should have been on the fact sheet, and I did the same on the defendants' side. But now is the time that, hopefully, that pays some benefit. ***What more do you need than what's on the fact sheet. I indulged you on the fact sheet.***

Steering Comm. Status Conf. Tr. 21:17-22, July 7, 2017 (emphasis added and attached as Exhibit A); *see also id.* at 23:17-21, July 7, 2017 ("I can't imagine a need for an interrogatory at this point,

---

future threat of strategic dismissals. Similarly, Defendants seek to limit Plaintiffs *ex parte* communications with prescribing and treating physicians based on the supposition that Plaintiffs may one day "woodshed" a witness. Defs.' Mem. for Entry of Protocol Re. *Ex Parte* Comm. with Physicians, Rec. Doc. 917-1.

2

unless it's a very pointed specific question that the fact sheet does not address. I mean, you know, the fact sheet tells you a lot about a plaintiff's claim, a lot.").

Despite this, Defendants nonetheless seek an order granting them the unrestricted and unilateral right to propound supplemental discovery on all trial pool plaintiffs based on pure speculation—Defendants may learn some "new" information in the future that will warrant additional discovery. Defs.' Supp. Br. 1, Rec. Doc. 934. Defendants attempt to side-step their obligation to identify a specific, concrete need for additional information by selectively quoting the Court. As shown in the emphasized language omitted by Defendants, the Court anticipates authorizing additional discovery only where a need is clearly identified:

> ***If you come back and say, "Well, now that's just not enough, and I need" so*** the answer to your question is: No, they're not precluded from asking for another thing on the planet. But, yes, they have a generous amount of information on the fact sheet that they sought up front that you have now, if you do the fact sheets correctly and you respond correctly, that they will have the benefit of. So it cuts down on what I would expect plaintiffs would need to provide as part of this discovery phase.

Steering Comm. Status Conf. Tr. 21:24-22:7 (emphasis added).

The Court directed the Defendants to provide specific written discovery needed. In their supplemental memorandum, Defendants fail to identify new information not on the PFS that is necessary. They simply allege the need for an unfettered right to additional discovery. Indeed, Defendants implicitly acknowledge that their motion is premature, noting they do not have "some specific set of discovery that [they] intend[ ] to propound upon the trial pool plaintiffs at this time." Def. Supp. Br. 1, Rec. Doc. 934. Nonetheless, Defendants outline several hypotheticals in which new information learned during a deposition of a trial plaintiff may warrant additional discovery.

As of yet, no depositions have been taken and it is highly improbable that new information outside of what is already required by the PFS will come to light. Moreover, for a number of these generalized hypotheticals, the PFS appears to already require that the documents be produced. For

instance, Defendants claim that additional discovery will be needed should a trial plaintiff disclose the existence of a cell phone or laptop containing photographs relevant to her injuries. Defs.' Supp. Br. 3, Rec. Doc. 934. However, the PFS already requires that plaintiffs produce photographs taken prior to and following their injuries. *See* PFS 67 (attached hereto as Exhibit B). Similarly, Defendants overlook the fact that the PFS requires plaintiffs to produce all documents related to any disease, condition, or symptom, which arguably covers all of the hypotheticals described by Defendants in their supplemental memorandum. *See* PFS 66.

Finally, Defendants' reliance on other MDL discovery protocols is misplaced. Each of the MDLs referenced by Defendants had specific CMOs setting forth numerical limits on written discovery—a process this Court has expressly elected not to pursue. For instance, in *Lipitor*, the eight-page PFS provided limited information compared to the sixty-eight page PFS in the present litigation. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Prac. & Prods. Liab. Litig.,* MDL No. 2502, CMO No. 5 (D.S.C. May 22, 2014). Moreover, the *Lipitor* court set forth a detailed discovery plan, which explicitly stated that Pfizer could serve written discovery on all discovery pool plaintiffs and identified the number of requests for production, interrogatories, and requests for admission allowed to be served. *See id.* at CMO No. 6 at 4(i). Likewise, in *Phenylpropanolamine*, the Court issued a discovery order allowing defendants to propound a certain number of interrogatories and document requests during the case-specific fact discovery period. *In re Phenylopropanolamine (PPA) Prods. Liab. Litig*., MDL 1407, CMO No. 6 at III. B., III. C. (W.D. Wash. March 18, 2002). These cases simply do not apply to the instant dispute, where the Court's extensive PFS governs absent a specific need for further discovery.

As such, Defendants' motion requesting an unrestricted right to propound supplemental discovery on Plaintiffs is overbroad in scope and premature as there have been no new facts uncovered for which discovery is necessary.

## II. There Is No Prejudice To Sanofi In Requiring That It Ask for Supplemental Written Discovery When An Actual Need Arises.

Defendants claim that an order authorizing supplemental discovery is presently necessary because resolving discovery disputes as they occur will take too long and potentially deprive Defendants of the ability to digest newly identified information prior to the completion of Phase 1 discovery. To support their argument that it could take months for Defendants to receive discovery responses, Defendants provide an exaggerated timeline that ignores the realities of practice and dispute resolution. Specifically, Defendants claim that it will take two weeks to receive a deposition transcript, which ignores that rough transcripts are generally available within 24 hours and certified "rushed" transcripts are available in a few days. Moreover, Defendants' timeline ignores Magistrate North's procedures for quickly resolving discovery disputes, which includes same-day telephonic conferences and other measures to ensure that discovery moves efficiently. Further, it is unlikely that any of the "new" information will extensively alter the prospects of a potential trial pool pick. Defendants have had months to evaluate the exhaustive information provided in each trial plaintiff's PFS, review their medical records, and prepare to conduct depositions. This information should be sufficient for Defendants to evaluate trial plaintiffs.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Issue Written Discovery should be denied.

Dated: October 20, 2017                                Respectfully submitted,

5

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: 504-355-0086
Fax: 504-523-0699
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura (on the brief)
GIBBS LAW GROUP LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

6

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
The Lambert Firm, PLC
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
ejeffcott@thelambertfirm.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
Simmons Hanly Conroy
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
dmiceli@simmonsfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT
