UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| BEVELA WILSON, | : : | JUDGE ENGELHARDT |
| Plaintiff, | : : | MAG. JUDGE NORTH |
| vs. | : : : | Civil Action No. 2:16-cv-17040 |
| SANOFI S.A., AVENTIS PHARMA S.A., and SANOFI-AVENTIS U.S. LLC, separately, and Doing business as WINTHROP U.S. | : : : : | |
| Defendants. | : : | |

### PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW the Plaintiff, Bevela Wilson, by and through the undersigned counsel of record and files this Memorandum Brief in Support of her Unopposed Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41 of the *Federal Rules of Civil Procedure* and this Court's Pretrial Order No.54 as follows:

### REASON(S) FOR SEEKING DISMISSAL

1. The undersigned counsel, seeks dismissal of this action as she Plaintiff Wilson has ceased all communication with counsel and has refused to participate in the litigation process.

2. The undersigned counsel attempted to contact Plaintiff Wilson by phone on April 17, 19, 26 and May 4, 11, 12, 16 and 18, 2017.

3. Additionally, counsel sent follow-up correspondence to Ms. Wilson on April 19

and May 31, 2017. The May 31st correspondence forwarded to Ms. Wilson advised that her failure to participate in the litigation process, specifically, to provide information required for the completion of her Plaintiff's Fact Sheet ("PFS") would result in dismissal of her case. However, the undersigned counsel has received no response from Ms. Wilson, to date.

### PLAINTIFF SEEKS DISMISSAL WITHOUT PREJUDICE

4. Counsel prays this action will be dismissed without prejudice.

### STATUS OF PLAINTIFF RAY'S PLAINTIFF'S FACT SHEET (PFS)

5. On May 22, 2017, a PFS was submitted on behalf of Plaintiff Wilson based on the information counsel was able to obtain prior to Ms. Wilson refusing to communicate with counsel.

6. However, counsel was unable to obtain executed authorizations or information to allow all fields of the PFS to be completed as follows, including but not limited to:

  A. Full range of years when married and approximate year when marriage ended.

  B. Current weight.

  C. Weight at time of alleged injury.

  D. Full time period of when she saw her gynecologist, address of gynecologist office, years seen and if any appointments were skipped or missed.

  E. Full time period of when she saw her doctor for a mammogram, address of doctor's office for mammograms, years seen and if any appointments were skipped or missed.

  F. Cigarette usage and timeframe of usage.

  G. Medication prescriber information, including but not limited to, prescriber name, type of medication, and years prescribed.

H. Breast cancer tumor size, Node involvement, HER2, and Progesterone receptor information.

I. Most recent date consulted with oncologist.

J. Date of advertisement or commercial when seen, including approximate year.

K. Medical expense information, including but not limited to, provider name, dates of service and expense amounts.

L. Processed and treatment care for hair, including years treated.

M. Dates of usage for wearing of wigs and frequency of usage.

N. Identification of each physician, doctor, or other healthcare provider who has provided treatment to her for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider, addresses for same and date ranges.

O. Identification of each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where she has received inpatient or outpatient treatment in the past eight (8) years, addresses for same and date ranges.

P. Identification of each laboratory where she had tests run in the past ten (10) years, addresses for same and date ranges.

Q. Identification of each pharmacy, drugstore, and/or other supplier where she has had prescriptions filled or from where she has received any prescription medication within three (3) years prior to and three (3) years after her first treatment with Taxotere, addresses of same and names of medications.

R. Identification of each pharmacy, drugstore, and/or other retailer where she purchased over-the-counter medications, or hair products in the past ten (10) years, addresses of same, date ranges and items purchased.

S. Identification of each health insurance carrier which she was provided with coverage and/or pharmacy benefits for the last ten (10) years, addresses of same and dates of coverage.

### COUNSEL'S CERTIFICATION AS REQUIRED BY PTO NO. 54 REGARDING COMMUNICATION WITH COUNSEL

7. As required by this Court's Pretrial Order No. 54 entered on or about July 21, 2017, the undersigned counsel certifies he has advised Lead Counsel for the Defendants, as well as Plaintiffs' and Defendants' Liaison Counsel, of the intent to file this Motion to Dismiss Without Prejudice more than fourteen (14) days prior to the instant filing.

8. On October 3, 2017, the undersigned counsel notified Defense and Liaison counsel in writing of his intent to seek a Voluntary Dismissal Without Prejudice on behalf of Plaintiff Wilson. Counsel was advised Ms. Wilson had ceased all communication with undersigned counsel's office. A copy of said correspondence has been attached hereto as Exhibit 1.

### NO OPPOSITION FROM DEFENDANTS

9. Following the October 3rd correspondence, the undersigned counsel spoke by phone with Counsel for the Defendants, Harley Ratliff. Mr. Ratliff advised that the Defendants do not intend to oppose dismissal of her case without prejudice.

10. Defendants' decision to not oppose this dismissal was documented by correspondence dated October 9, 2017, a copy of which has been attached hereto as Exhibit 2.

WHEREFORE, PREMISE CONSIDERED, Counsel for Plaintiff Wilson prays this Court will enter an Order of Dismissal Without Prejudice in this matter with each party to bear its own costs.

Respectfully submitted, this the 25th day of October, 2017.

> s/ *Michael P. McGartland*
> Michael P. McGartland
> TX Bar No. 13610800
> McGartland Law Firm, PLLC
> University Centre I, Suite 500
> 1300 South University Drive
> Fort Worth, Texas 76107
> Telephone:     (817) 332-9300
> Facsimile:       (817) 332-9301
> mike@mcgartland.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Unopposed Motion to Dismiss Without Prejudice has contemporaneously with or before filing been served on all parties or their attorneys via MDL Centrality, which will send notice of electronic filing, and via certified mail, return receipt requested to the last known address of Plaintiff.

Dated this 25th day of October, 2017.

> s/ *Michael P. McGartland*
> Michael P. McGartland
> TX Bar No. 13610800
> McGartland Law Firm, PLLC
> University Centre I, Suite 500
> 1300 South University Drive
> Fort Worth, Texas 76107
> Telephone:     (817) 332-9300
> Facsimile:       (817) 332-9301
> mike@mcgartland.com