UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| MARLON WOOTEN, | : : | JUDGE ENGELHARDT |
| Plaintiff, | : : | MAG. JUDGE NORTH |
| vs. | : : | |
| | : | Civil Action No. 2:16-cv-17008 |
| SANOFI S.A., AVENTIS PHARMA S.A., and SANOFI-AVENTIS U.S. LLC, separately, and Doing business as WINTHROP U.S. | : : : : | |
| Defendants. | : : | |

**PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

COMES NOW the Plaintiff, Marlon Wooten, by and through the undersigned counsel of record and files this Memorandum Brief in Support of her Unopposed Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41 of the *Federal Rules of Civil Procedure* and this Court's Pretrial Order No.54 as follows:

**REASON(S) FOR SEEKING DISMISSAL**

1. Plaintiff Wooten, through the undersigned counsel, seeks dismissal of her action as she no longer wishes to pursue any claim associated with her use of Taxotere. On or about May 4, 2017, Plaintiff Wooten informed the undersigned counsel that she was ill and if she did not contact his office within seven (7) days, she no longer desired to pursue this matter. Plaintiff Wooten continued to refuse to responds to counsel's attempted communications, to date.

2. In a final attempt to contact Ms. Wooten, on May 31, 2017, correspondence was

forwarded to Ms. Wooten advising her that her refusal to participate in the litigation process and, specifically, to provide information necessary to complete her Plaintiff's Fact Sheet ("PFS"), would result in dismissal of her case.  No response has been received from Plaintiff Wooten as of the date of the filing of this motion.

**PLAINTIFF SEEKS DISMISSAL WITHOUT PREJUDICE**

3. Counsel for Plaintiff Wooten prays her action will be dismissed without prejudice.

**STATUS OF PLAINTIFF RAY'S PLAINTIFF'S FACT SHEET (PFS)**

4. On May 22, 2017, a PFS was submitted on behalf of Plaintiff Wooten based on the information counsel was able to obtain prior to Ms. Wooten choosing to not pursue her action and refusing to communicate with counsel.

5. However, counsel was unable to obtain executed authorizations or obtain information to allow all fields of the PFS to be completed as follows, including but not limited to:

   A. Full range of years when married and approximate year when marriage ended.

   B. Current weight.

   C. Weight at time of alleged injury.

   D. Full time period of when she saw her gynecologist, address of gynecologist office, years seen and if any appointments were skipped or missed.

   E. Full time period of when she saw her doctor for a mammogram, address of doctor's office for mammograms, years seen and if any appointments were skipped or missed.

   F. Cigarette usage and timeframe of usage.

   G. Medication prescriber information, including but not limited to, prescriber name, type of medication, and years prescribed.

H. Breast cancer tumor size, Node involvement, HER2, and Progesterone receptor information.

I. Most recent date consulted with oncologist.

J. Date of advertisement or commercial when seen, including approximate year.

K. Medical expense information, including but not limited to, provider name, dates of service and expense amounts.

L. Processed and treatment care for hair, including years treated.

M. Dates of usage for wearing of wigs and frequency of usage.

N. Identification of each physician, doctor, or other healthcare provider who has provided treatment to her for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider, addresses for same and date ranges.

O. Identification of each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where she has received inpatient or outpatient treatment in the past eight (8) years, addresses for same and date ranges.

P. Identification of each laboratory where she had tests run in the past ten (10) years, addresses for same and date ranges.

Q. Identification of each pharmacy, drugstore, and/or other supplier where she has had prescriptions filled or from where she has received any prescription medication within three (3) years prior to and three (3) years after her first treatment with Taxotere, addresses of same and names of medications.

R. Identification of each pharmacy, drugstore, and/or other retailer where she purchased over-the-counter medications, or hair products in the past ten (10) years, addresses of same, date ranges and items purchased.

S. Identification of each health insurance carrier which she was provided with coverage and/or pharmacy benefits for the last ten (10) years, addresses of same and dates of coverage.

## COUNSEL'S CERTIFICATION AS REQUIRED BY PTO NO. 54 REGARDING COMMUNICATION WITH COUNSEL

6. As required by this Court's Pretrial Order No. 54 entered on or about July 21, 2017, the undersigned counsel certifies he has advised Lead Counsel for the Defendants, as well as Plaintiffs' and Defendants' Liaison Counsel, of the intent to file this Motion to Dismiss Without Prejudice more than fourteen (14) days prior to the instant filing.

7. On October 3, 2017, the undersigned counsel notified Defense and Liaison counsel in writing of his intent to seek a Voluntary Dismissal Without Prejudice on behalf of Plaintiff Wooten. Counsel was advised Ms. Wooten no longer wished to pursue her claim and had ceased all communication with undersigned counsel's office. A copy of said correspondence has been attached hereto as Exhibit 1.

## NO OPPOSITION FROM DEFENDANTS

8. Following the October 3rd correspondence, the undersigned counsel spoke by phone with Counsel for the Defendants, Harley Ratliff. Mr. Ratliff advised that the Defendants do not intend to oppose dismissal of her case without prejudice.

9. Defendants' non-opposition was documented by correspondence dated October 9, 2017, a copy of which has been attached hereto as Exhibit 2.

4

WHEREFORE, PREMISE CONSIDERED, Plaintiff Wooten prays this Court will enter an Order of Dismissal Without Prejudice in this matter with each party to bear its own costs.

Respectfully submitted, this the 25th day of October, 2017.

> s/ *Michael P. McGartland*
> Michael P. McGartland
> TX Bar No. 13610800
> McGartland Law Firm, PLLC
> University Centre I, Suite 500
> 1300 South University Drive
> Fort Worth, Texas 76107
> Telephone:    (817) 332-9300
> Facsimile:     (817) 332-9301
> mike@mcgartland.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Unopposed Motion to Dismiss Without Prejudice has contemporaneously with or before filing been served on all parties or their attorneys via MDL Centrality, which will send notice of electronic filing, and via certified mail, return receipt requested to the last known address of Plaintiff.

Dated this 25th day of October, 2017.

> s/ *Michael P. McGartland*
> Michael P. McGartland
> TX Bar No. 13610800
> McGartland Law Firm, PLLC
> University Centre I, Suite 500
> 1300 South University Drive
> Fort Worth, Texas 76107
> Telephone:    (817) 332-9300
> Facsimile:     (817) 332-9301
> mike@mcgartland.com