UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABLITY LITIGATION | : : : | MDL NO. 2740 |
| PEARL RAY | : : | SECTION "N" (5) |
| Plaintiff, | : : | JUDGE ENGELHARDT |
| vs. | : : : | MAG. JUDGE NORTH |
| SANOFI-AVENTIS US LLC and SANOFI US SERVICES INC., et al. | : : : | CIV. No. 2:16-cv-17031 |
| Defendant. | : : | |

- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --

**SANOFI DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Despite filing suit in this MDL, pursuing her claim for almost a year, and being selected as one of ten bellwether plaintiffs, Plaintiff Pearl Ray's motion to dismiss represents that she "no longer wishes to pursue any claim associated with her use of Taxotere" and she has "ceased all communications with [her] counsel." (Rec. Doc. No. 1004, at p.1). Curiously, Plaintiff made this decision "months ago," but for unknown reasons waited until October 23, 2017, to file her motion for dismissal. *Id.* Plaintiff now seeks an order dismissing her case *without prejudice*, but points to no reason that justifies such an unwarranted outcome. Plaintiff's "lack of desire to pursue this matter" is proper grounds to dismiss her case *with prejudice*. *Id.*

Plaintiff's unsupported request for dismissal without prejudice should be denied because such a ruling would be prejudicial to Sanofi and would have a "detrimental effect on the Court, the parties, and the MDL process." *See* PTO No. 54 at 2. (Rec. Doc. No. 671). Plaintiff's request comes several months after Sanofi selected her case as an MDL bellwether on June 30, 2017. *See* Ex. A. Although Ms. Ray lost interest in her case "months ago," Sanofi was moving

1

forward with its Phase I discovery efforts—collecting medical records, reviewing PFS deficiencies, identifying potential fact witnesses for deposition—on an expedited schedule to select Phase II bellwether cases by early next year. *See* CMO No. 3 (Rec. Doc. No. 669). By waiting months to dismiss her case, Plaintiff wasted Sanofi's resources and prejudiced its ability to select and work-up a replacement case within the existing deadlines. Because Pearl Ray's case was selected by Sanofi, the balance of the remaining bellwether pool cases now weighs in favor of Plaintiffs. Plaintiff should not, under these circumstances, be afforded the ability to dismiss her case now *without prejudice* and re-file later (and perhaps somewhere else) when doing so may be more advantageous for her and plaintiffs generally. For these reasons, the Court should dismiss all of Plaintiff's claims against Sanofi *with prejudice*.

## ARGUMENT

The purpose of Rule 41(a)(2) is to prevent voluntary dismissals that unfairly impact the other parties. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). As such, a motion for voluntary dismissal should be denied if it will effect "plain legal prejudice" on the defendant. *In re FEMA Trailer Formaldehyde Prods. Liab. Lit.*, 628 F.3d 157, 163–62 (5th Cir. 2010); *see also Elbaor*, 279 F.3d at 317. In making such a determination, a court should consider the timing of plaintiff's request. *Hartford Accident Indemnity Co. v. Costa Lines Cargo Servs., Inc.*, 903 F. 2d 352, 360 (5th Cir. 1990) ("Important in assessing prejudice is the stage at which the motion to dismiss is made."); *see also Oxford v. Williams Co., Inc.*, 154 F. Supp. 2d 942, 951 (E.D. Tex. 2001) (considering "when in the course of litigation the plaintiff files such a motion" to determine voluntary dismissal with prejudice); *Reed v. Falcon Drilling Co., Inc.*, No. Civ. 99-0927, 2000 WL 222852 (E.D. La. Feb. 18, 2000) (same). Here, the curious timing dictates a dismissal with prejudice.

On June 30, 2017, after an extensive review and selection process, Sanofi selected Pearl Ray as one of its five bellwether plaintiffs.  The parties then agreed to an expedited Phase I discovery process with the understanding that initial discovery would close in early February 2018.  As a result, Sanofi began an extensive work-up of Plaintiff's case, including attempts to collect medical records, address numerous deficiencies in her Plaintiff Fact Sheet, and prepare for trial as soon as September 2018.  It was not until mid-August 2017, after this Court's confirmation of Pearl Ray as a bellwether plaintiff on July 21, 2017, that Sanofi first learned Plaintiff had stopped communicating with her counsel.  *See* CMO No. 3 (Rec. Doc. No. 669).  However, Plaintiff's motion represents that Plaintiff has known for months that she does not want to pursue her claims.  Rather than seek dismissal when notified that she was selected as a bellwether plaintiff, Plaintiff allowed Phase I discovery to proceed for months.

As a result of Plaintiff's needless delay, Sanofi continued to invest time, energy, and resources readying the case for the close of Phase I discovery in February 2018, only to find out its efforts were for naught.  *See, e.g.*, *In re FEMA Trailer*, 628 F.3d at 161 (noting that if a bellwether plaintiff is dismissed "all the pre-trial work and discovery relating to the [selected case] is rendered utterly useless," and "[a]ll of the resources spent in preparing [the] case for trial have been wasted.").  As in *In re FEMA Trailer*, the Court here should dismiss with prejudice "the claim of a reluctant bellwether plaintiff."  *Id.*  Plaintiff's dismissal inflicted considerable inconvenience not only on Sanofi, but also on the Court, and Sanofi has suffered plain legal prejudice.  *Id.* at 162.  As a result, Plaintiff's claims should be dismissed with prejudice.

According to Plaintiff, she seeks dismissal because "she no longer wishes to pursue any claim associated with her use of Taxotere."  (Rec. Doc. No. 1004, at p.1). "Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial."

3

*In re FEMA Trailer*, 628 F.3d at 163.  A defendant may suffer plain legal prejudice where "the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort," or where the "adequacy of plaintiff's explanation for the need for dismissal without prejudice" is insufficient.  *See In re Ford Motor Co. Bronco II Prod. Liab. Lit.*, No. Civ. 991, 1997 WL 473349 (E.D. La. Aug. 15, 1997); *see also Ritchey v. Ledoux*, 164 F.R.D. 186, 189 (E.D. La. 1995).  If such prejudice will occur, "the court may either refuse to dismiss the case," or may "craft conditions that will cure the prejudice," including "dismissal with prejudice."  *In re FEMA Trailer*, 628 F.3d at 163-62.

In *In re FEMA Trailer*, the Fifth Circuit affirmed this Court's finding that a bellwether plaintiff—who sought dismissal without prejudice because he "really did not want to go to trial in January"—should instead be dismissed *with* prejudice.  *Id.* at 164.  "[A]llowing [the plaintiff] to receive a dismissal without prejudice at this stage of his case, on the flimsy basis [the plaintiff] offered, and at a critical stage in the bellwether process threatened to defeat the court's management effort."  *Id.*  The unique nature of a mass action, combined with the unique procedural issues facing courts, ultimately requires courts to view the dismissal of a bellwether plaintiff in a different light than "a case with just two parties involved."  *Id.* at 164.  Thus, the Fifth Circuit's decision was "not so much a sanction against [the plaintiff]" as it was a "necessary device to maintain an orderly resolution of the massed cases."  *Id.*; *see also In re Depakote*, 2017 WL 4518330 (dismissing plaintiffs' claims in a mass action with prejudice to avoid abuse of the very system set up to resolve the mass action).

Here, allowing Plaintiff—who continued in this litigation for months without meaningful participation—to dismiss her claims without prejudice would set the precedent that other bellwether plaintiffs might also sit back and await the outcome of another plaintiff's experiences

4

before dismissing and perhaps refiling elsewhere. To allow Plaintiff to dismiss her case with essentially no stated cause or reason "would set a precedent that other plaintiffs could use to manipulate the integrity of the court's bellwether process." *Id.* "[N]o plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected." *In re FEMA Trailer*, 628 F.3d at 163.

Dismissal of Plaintiff's claims will also skew the trial pool in favor of those cases Plaintiffs wish to see tried. *See In re Norplant Contraceptive Prod. Litig.*, No. MDL 1038, 1996 WL 571536 (E.D. Tex. Aug. 13, 1996) (noting that voluntary dismissal of two bellwether plaintiffs created bias against defendant). "At the heart of the bellwether case approach to handling complex litigation is the court's decision, reached after numerous pretrial conferences with the parties, to select particular plaintiffs' cases whose trials will furnish data that may facilitate settlement of the remaining cases." *In re FEMA Trailer*, 628 F.3d at 161. Here, the parties identified ten bellwether cases to be worked up for trial by September 2018—five were selected by Plaintiffs, and five were selected by Defendants. Allowing Plaintiff to dismiss her claims without prejudice at this stage will undermine the very purpose of the bellwether selection process by inequitably reducing the number of defense selections and essentially "cede control of the mass action to one party, *i.e.*, Plaintiffs." *In re Depakote*, 2017 WL 4518330, at *3.

Plaintiff's decision to wait *months* before filing a dismissal of her claims has prejudiced Sanofi's ability to find a suitable bellwether substitute and work-up the case within the period agreed to by the parties. Furthermore, Plaintiff wishes to *retain the ability to refile* her claims at a later—and likely more strategically agreeable—date. This runs counter to the very purpose of an MDL, which is to "enable the efficient and timely resolution of the cases involved." *Id.* at *4. Thus, when the Court refuses to grant dismissals without prejudice in an MDL setting, the Court

5

is ensuring that the cases that have been selected to be worked up for trial do indeed proceed to trial. *See id.* Here, as in *In re FEMA*, Plaintiff's claims should be dismissed with prejudice to promote and protect the just and efficient resolution of Plaintiffs' remaining cases.

Therefore, in light of the clear prejudice to Sanofi, and in the absence of any justification warranting a dismissal without prejudice, Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Sanofi respectfully request that this Court deny Plaintiff's Motion for Voluntary Dismissal Without Prejudice, and enter an order that Plaintiff's action be dismissed *with prejudice*.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*