# EXHIBIT A

June 30, 2017

The Honorable Kurt D. Engelhardt,
Chief Judge
500 Poydras Street
Room C367
New Orleans, Louisiana 70130

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740 – Trial Pool Candidate Submission

Judge Engelhardt:

Following the Liaison Counsel meeting on June 23, 2017, Plaintiffs and sanofi Defendants conferred extensively about both a process and the parameters to identify cases subject to the first Trial Scheduling Order. The parties are pleased to advise the Court that ten cases have been selected and are set forth in a revised Trial Scheduling Order, which is attached hereto.

Of these ten cases, three include treatment dates after the expiration of sanofi's patent. Plaintiffs' Steering Committee's position is that the selection of trial plaintiffs should be from those with proof of NDC Code documentation in the medical records to ensure that the Taxotere/docetaxel the plaintiff took was manufactured by sanofi or Winthrop, or use prior to March 2011 (the point at which other docetaxel manufacturers first came on the market). Sanofi does not believe that this limitation should preclude cases from being subject to the first Trial Scheduling Order because all of these plaintiffs sued sanofi Defendants and, in the PFSs that they verified and signed, they identified branded Taxotere® or their medical records identify "Taxotere" as part of their chemotherapy regimen. To address the PSC's concern, sanofi has agreed to stipulate that if a plaintiff that did not have NDC Code documentation fails to provide proof of the use of a sanofi or Winthrop product during discovery, it should not be included as one of the cases selected for the first trial, and there will be no substitution for that plaintiff.

Please note that the attached Order extends the deadline to submit an additional CMO to July 14, 2017. This would enable the parties to have the benefit of discussions with the Court at the July 7, 2017 conferences before crafting additional CMOs.

The parties appreciate the Court's guidance and patience on these matters.

Sincerely,

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail: barrios@bkc-law.com

**Plaintiffs' Co-Liaison Counsel**

*/s/Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**Irwin Fritchie Urquhart & Moore LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

**Defendants' Liaison Counsel**

June 30, 2017
Page 2

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier & Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
 New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile: 504-528-9973
E-Mail: plambert@gainsben.com

**Plaintiffs' Co-Liaison Counsel**

*/s/ Karen Barth Mezies*
Karen Barth Menzies (Bar No. 180234)
Gibbs Law Group
400 Continental Blvd., 6th Floor
El Segundo, CA 90245
Telephone:  (510) 350-9700
Facsimile: (510) 350-9701
kbm@classlawgroup.com

*/s/ Christopher L. Coffin*
Christopher L. Coffin (Bar No. 27902)
**Pendley, Baudin & Coffin, L.L.P.**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Tel: (504) 355-0086
Fax: (504) 523-0699

**Plaintiffs' Co-Lead Counsel**

*/s/ Harley V. Ratliff*
Harley V. Ratliff
Adrienne L. Byard
**Shook, Hardy& Bacon L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

**Counsel for sanofi-aventis U.S. LLC**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 2740 | |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | SECTION: "N" (5) | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | |
| ALL ACTIONS ) | | |

PROPOSED CASE MANAGEMENT ORDER NO. X
(TRIAL SCHEDULING ORDER)

ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING, FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS HEREAFTER:

1. **Applicability of Order:**

The following procedures and schedules will govern the identification and selection of the initial trial plaintiffs. The Federal Rules of Civil Procedure shall apply, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

On or before **July 14, 2017,** the parties shall submit additional proposed Case Management Order(s) to the Court.

2. **Selection of Bellwether Plaintiffs:**

The parties have submitted to the Court the following cases, whose original jurisdiction and venue is in the Eastern District of Louisiana:

| 1. Chetta, Debra | 2:16-cv-17731 | 6. Kahn, Elizabeth | 2:16-cv-17039 |
| 2. Durden, Antoinette | 2:16-cv-16635 | 7. Martin, Della | 2:16-cv-15678 |
| 3. Earnest, Barbara | 2:16-cv-17144 | 8. Ray, Pearl | 2:16-cv-17031 |
| 4. Francis, Tanya | 2:16-cv-17410 | 9. Thibodeaux, Cynthia | 2:16-cv-15859 |
| 5. Johnson, Deborah | 2:16-cv-15607 | 10. Tuyes, Lisa | 2:16-cv-15473 |

The Court will select one Plaintiff (Primary Plaintiff) for the first trial date and two alternative Plaintiffs for the first trial date. If the Primary Plaintiff's case is dismissed for any reason, the Court after hearing from the parties will select between the two alternative Plaintiffs for the first trial date instead.

The following deadlines apply:

3. **Motions:**

All pre-trial motions, including dispositive motions, shall be **filed** and **served** on or before **July 9, 2018**. Opposition memoranda shall be **filed** and **served** on or before **August 8, 2018**, and reply memoranda shall be **filed** and **served** on or before **August 29, 2018**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1.

Motions shall conform to the following:

    A.    The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition brief or memorandum shall be limited to 25 double-spaced pages, excluding exhibits. All pages must be numbered at the bottom.

    B.    Any reply or other supplemental memorandum shall be limited to ten (10) double-spaced and numbered pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file. Unless otherwise ordered, if a motion is set for oral argument, the proposed reply memorandum must be filed no later than 12:00 p.m. on the third working day preceding the oral argument date. Thus, for example, if a motion is set for oral argument on a Wednesday, the proposed reply memorandum must be filed no later than 12:00 p.m. on the preceding Friday. For motions not set for oral argument, the proposed reply memorandum should be filed as soon as is practicable, unless otherwise ordered. Finally, if time is of the essence, *e.g.* the proposed reply concerns to a motion scheduled to be considered immediately before trial, counsel should apprise chambers by email or phone to expect an imminent reply, and such reply shall be filed post haste.

    C.    Any brief or memorandum that has more than 15 pages must contain all items listed below. Briefs and memoranda that are 15 pages or less must contain items (3), (4), (5), (6), and (7) listed below.

        (1)    A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

  (2) A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

  (3) A short statement of the nature and stage of the proceeding. A separate time line of relevant factual events and procedural history is almost always helpful, and should be attached to the motion itself.

  (4) A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

  (5) A short summary of the argument.

  (6) The argument shall be divided under appropriate headings succinctly setting forth separate points.

  (7) A short conclusion stating the precise relief sought.

D. If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

E. One paper copy of any memorandum or brief that, together with its exhibits, totals more than 100 pages, must be submitted to chambers when filed. The submitted copy must include the case number, date filed, and record document number information appearing along the top of documents filed electronically utilizing the Court's CM/ECF system.

F. A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation. For example, a contract may be cited by section number, an employee handbook</u>

may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

G. All motions *in limine* shall be **filed no later** than the day the Pre-Trial Order is due (see below), and shall conform to the provisions set forth hereinabove. Unless otherwise ordered, oppositions thereto shall be filed on the next working day following the Pre-Trial Conference (see below).

4. **Disclosures:**

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case.

5. **Discovery:**

This case involves extensive documentary evidence, depositions, and other discovery.

Depositions for use at trial shall be taken and all discovery shall be completed no later than **June 22, 2018**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

6. **Amendments:**

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **March 2, 2018**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6. Later amendments will not be allowed absent good cause, and may not be allowed if the trial date is thereby jeopardized.

Counsel adding new parties subsequent to the issuance of this Order shall provide each new party with a copy of it. Pleadings responsive thereto, when required, shall be filed no later than **March 23, 2018.**

7. **Experts:**

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for plaintiff (or in support of an asserted claim by any party) shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **April 27, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for defendant (or in defense of a claim asserted by any party) shall be obtained and delivered to

4

counsel for plaintiff as soon as possible, but in no event later than **May 25, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

8. **<u>Witnesses and Exhibits:</u>**

Counsel for the parties are ordered to file in the record and serve upon their opponents a preliminary list of all witnesses who may be called to testify at trial, and all exhibits that may be used at trial no later than **May 25, 2018**.

Counsel for the parties are ordered to file in the record and serve upon their opponents a final list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **July 3, 2018**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

9. **<u>Final Pre-Trial Conference:</u>**

A final Pre-Trial Conference will be held in chambers before the undersigned on **Thursday, September 13, 2018 at 9:00 a.m.**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **September 11, 2018**. If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk. The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel. It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will <u>not</u> be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

10. **<u>Trial</u>:**

Trial will commence on/or during the week beginning **MONDAY, September 24** at **8:30 A.M.** before the District Judge **with a jury**. Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday. Attorneys are instructed to report for trial

no later than 30 minutes prior to the scheduled commencement time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 10 days.

      A.      **Hours:** The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.

      B.      **Access at Other Times:** Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.

      C.      **Telephones:** Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

      D.      **Filing of Documents:** Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

      E.      **Witnesses:** Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will **not** recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

      F.      **Jurors:** Counsel shall not communicate with any juror or potential juror in any way or by any means, including online via Facebook or any other means of social media, using real or fictitious/alias identities. Counsel shall not instruct any other person to do so, or solicit or plan to receive any such information obtained in this fashion. Should counsel learn that anyone associated with this trial has acted in violation of this paragraph, he/she shall immediately advise the undersigned.

      G.      **Seating:**

            (1)    The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

            (2)    Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

**11.**    **Conferences and Extensions:**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. **Trial**

6

**will not be continued, even on joint motion, absent good cause or compelling reason.** A trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

12. **Settlement:**

**IT IS ORDERED**, that a Settlement Conference will be held with Magistrate Judge North prior to **June 29, 2018.**

Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference. The parties shall submit a Joint Confidential Status Report to the Magistrate Judge no later than July 6, 2018 in the event a resolution has not been reached by that date.

13. **Courtroom Procedure and Conduct:**

   A. **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, wristwatch cellular devices of any kind, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; google glasses, wearable computers, or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

   B. The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are **counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) **provided** that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

   C. Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the

duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

    D.    **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N" courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

    E.    **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this __ day of _____, 2017.

 

                                                                      _____
                                                                     **KURT D. ENGELHARDT**
                                                                     **United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE