IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| RHEALYN ALEXANDER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 12-CV-52-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., and | ) LEAD CONSOLIDATED CASE |
| ABBVIE, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are five separate Motions to Dismiss Without Prejudice: (1) Case No. 17-CV-785, Doc. 2; (2) Case No. 17-CV-789, Doc. 2; (3) Case No. 17-CV-790, Doc. 2; (4) Case No. 15-CV-702, Doc. 336; and (5) Case No. 13-CV-1115, Doc. 37. Defendants filed responses asserting that the dismissals should be denied or in the alternative, with prejudice.[1] Plaintiffs then filed replies opposing Defendants' argument for dismissals with prejudice.[2] For the reasons set forth below, the Court denies the motions in part and reserves ruling in part.

The claims asserted in this case are part of a mass action involving more than 584 claims on behalf of individuals who allege they suffered serious birth defects as a direct result of exposure to Depakote, an anticonvulsant drug marketed and sold by Defendants. The original claims were filed in various Illinois state courts starting in late

---

[1] Responses were filed in four of the five cases: (1) Case No. 17-CV-785, Doc. 3; (2) Case No. 17-CV-789, Doc. 3; (3) Case No. 17-CV-790, Doc. 3; and (4) Case No. 15-CV-702, Doc. 337.
[2] Replies were filed in three of the five cases: (1) Case No. 17-CV-789, Doc. 4; (2) Case No. 17-CV-790, Doc. 4; and (3) Case No. 15-CV-702, Doc. 358.

2010. Soon thereafter, Defendants removed the cases to federal court pursuant to the Class Action Fairness Act in both the Southern and Northern Districts of Illinois, a move that Plaintiffs unsuccessfully challenged before the Seventh Circuit. *In re Abbott Labs., Inc.,* 698 F.3d 568 (7th Cir. 2012).

On May 19, 2014, the mass tort was reassigned to the undersigned District Judge from the docket of Judge David R. Herndon. (Doc. 288). The Court attempted to advance the prospects of settlement through, among other things, the appointment of a dedicated mediator and the bellwether trial approach. (Doc. 439). After almost two years of the bellwether trial process, including multiple attempts to facilitate settlement, the Court issued an Order noting the failure of the bellwether approach and setting the litigation on a path towards the next phase. (Doc. 485). To gain a better understanding of the docket, the Court began ordering depositions of the key prescribing physicians in a number of cases. (Doc. 485, at p. 3; Doc. 653). In an effort to get certain cases trial-ready, the Court identified a list of cases for full discovery on February 16, 2017. (Doc. 808, at p. 5). The selected cases were meticulously selected, with input from the parties, to advance the mass action. In the July 21, 2017 Omnibus Order ("Omnibus Order"), the Court provided the 2018 trial dates and recognized the cases it intended to use to fill those slots. (Doc. 1035, at p. 9-10).

Plaintiffs seek a dismissal without prejudice subject to the conditions specified in the Court's Order dated May 17, 2017. (Case No. 14-CV-1062, Doc. 17). Defendants oppose the Motions to Dismiss Without Prejudice and ask that the Court "order Plaintiffs to decide whether they will dismiss their case with prejudice or proceed with

work-up and possible trial according to the existing trial case selection process." (Case No. 17-CV-785, Doc. 3, at p. 1). In their replies, Plaintiffs argue that Defendants have "fail[ed] to establish that dismissal without prejudice is unwarranted." (Case No. 17-CV-789, Doc. 4, at p. 1).

## Discussion

A plaintiff can voluntarily dismiss an action without a court order if the defendant has not served an answer or motion for summary judgment, or by the stipulation of both parties. Fed. R. Civ. P. 41(a)(1). If the requirements of Rule 41(a)(1) are not met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court consider proper." Fed. R. Civ. P. 41(a)(2).

The Court should dismiss with prejudice if the defendant "[would] suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (internal citation omitted). The Court looks to four factors in analyzing whether or not the defendant will suffer legal prejudice. Those factors are: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). The *Pace* analysis is not "a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

If the Court finds the defendant will suffer legal prejudice, the plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) "must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994).

In their Motions to Dismiss Without Prejudice, Plaintiffs ask for "dismissal without prejudice consistent with the form that this Court has been utilizing." (Case No. 17-CV-785, Doc. 2, at p. 3). Plaintiffs are referring to the Court's May 17, 2017 Order granting Plaintiffs' Motion to Dismiss Without Prejudice subject to two conditions.[3] The Court notes, however, that there are critical procedural differences between Case No. 14-CV-1062 and the cases at issue here.

The status of the mass action and the procedural posture of the cases Plaintiffs seek to dismiss are much further along than the cases referenced by Plaintiffs. With the exception of *McGuiness-Colon*, each case subject to this Order was selected based on a meticulous selection process to best advance the mass action as a whole, and each was advancing through full discovery. *McGuinnes-Colon*, one of the original bellwether cases, has been in the Court's "trial ready or close to trial ready" inventory for well over a year. The progress made in these cases starkly contrasts with that in Case No. 14-CV-1062 in which "no depositions or written discovery has been completed in [the] case, no expert reports have been produced, no trial date has been set and thus, Defendants' efforts and

---

[3] The conditions are (Case No. 14-CV-1062, Doc. 17, at p. 7):
(1) if Plaintiffs seek to reinitiate his legal action in connection with or involving *in utero* exposure to Depakote, the action must be filed in the United States District Court for the Southern District of Illinois; and (2) in the refiled action, the parties will make use of the discovery undertaken thus far to the greatest extent reasonably possible and shall strive not to duplicate in any subsequent action any discovery already undertaken as part of the Depakote proceedings consolidated under Case No. 12-CV-52.

expense in preparation for the trial are minimal, if any." (Case No. 14-CV-1062, Doc. 14, at p. 2).

Also, unlike Case No. 14-CV-1062, the Court selected the cases at issue to be worked up for trial based on a specific strategy to advance the mass action litigation and ultimately resolve the entire docket. While Plaintiffs argue a technicality that each of their "case[s] has not yet been assigned a trial date" (Case No. 17-CV-785, Doc. 2, at p. 2), the Court has made clear that these cases will be tried within the next twelve months. In the Omnibus Order, the Court listed the 2018 trial dates and plainly stated that in filling these slots, "the Court intends to pull from the group of approximately twenty-five cases previously slated for full discovery." (Doc. 1035, at p. 10). As noted, the moving Plaintiffs were previously slated for full discovery and thus would be among the cases slotted for the 2018 trial dates.

Beyond the significant procedural differences from Case No. 14-CV-1062, Defendants would suffer prejudice if the Court granted the Motions to Dismiss Without Prejudice. The weight of the first *Pace* factor, Defendants' effort and expense in preparation for trial, is sufficient to support a decision to dismiss with prejudice when "discovery ha[s] already been well underway." *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Discovery is well underway in each case at issue here. Defendants have expended an enormous amount of time and expense advancing this far in the mass action litigation. If Plaintiffs' arguments are taken to their logical conclusion, it would mean that by their account nothing substantive has occurred in the mass action related to their cases for nearly six years. Clearly, the Plaintiffs in question have

benefited from the massive amount of time, money, and effort expended just to reach this point.[4] One need only scroll through the docket of the lead consolidated case, 12-CV-52, to see the years of work expended by both sides of this litigation. For this reason alone, Defendants have met the threshold showing necessary for a dismissal with prejudice.

As for the other *Pace* factors, several summary judgment motions have been filed that have affected every case within the mass action. While there may have been no motions for summary judgment filed in the specific dockets at issue, all Plaintiffs have benefitted from the joint issues resolved on summary judgment. Moreover, even assuming that Plaintiffs have valid reasons to dismiss their cases at this late stage and that Plaintiffs did not cause excessive delay or demonstrate lack of diligence in prosecuting these actions, Defendants' effort and expense in preparing these cases for trial overwhelmingly dictates the conclusion that these actions should be dismissed with prejudice.

Lastly, to now grant these dismissals without prejudice would frustrate the Court's ability to manage its docket as well as its strategy for advancing the mass action. In affirming a dismissal with prejudice, the Seventh Circuit recently emphasized that district courts "handling complex, multidistrict litigation 'must be given wide latitude with regard to case management' in order to achieve efficiency.'" *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (internal citation omitted). *See also In re FEMA Trailer*

---

[4] In arguing Defendants' discovery burden has not been too great, Plaintiffs rely on *Tyco Laboratories, Inc. v. Koppers Co.*, in which the Seventh Circuit affirmed dismissal without prejudice on similar facts in regard to amount of discovery compiled. 627 F.2d 54 (7th Cir. 1980). Unlike *Tyco*, however, in which there was only one plaintiff and one defendant, the cases here are part of a large mass action, and thus the Court gives more weight to Defendants' effort and expense in preparing discovery for trial.

*Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 164 (5th Cir. 2010) (affirming dismissal with prejudice because dismissal without prejudice would "threaten[] to defeat the court's management effort"). It should be noted that unlike cases consolidated under multidistrict litigation, this Court enjoys none of the organizational and procedural benefits that accompany such litigation.

Given the procedural posture of Plaintiffs' cases and the mass action generally, to dismiss these cases without prejudice would be to cede control of the mass action to one party, *i.e.*, Plaintiffs. The Court has expended a vast amount of resources in determining which cases would be selected for the upcoming trials. In particular, the Court intentionally selected certain cases in order to allow for maximum flexibility in conducting joint trials. *See* Omnibus Order (Doc. 1035, at p. 10) ("[F]or the May and June trials, the Court will begin implementing joint trials."). Granting Plaintiffs' Motions to Dismiss Without Prejudice would disrupt the Court's ability to conduct joint trials as well as set a "precedent that other plaintiffs could use to manipulate the integrity of the [C]ourt's . . . process." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 163.

In their replies, Plaintiffs mischaracterize the Court's interest in advancing this mass action as "wanting to clear an overloaded docket." (Case No. 17-CV-789, Doc. 4, at p. 4). This is manifestly incorrect. In refusing to grant dismissals without prejudice, the Court is not attempting to unload its docket but instead ensuring that the cases that have been laboriously worked up for trial do indeed proceed to trial. One need only look at this docket to see the monumental task that the Court undertakes in selecting even one case to proceed to trial out of the hundreds that have been filed. The Court fully

embraces its responsibility to advance the mass action and eventually resolve all of the claims within. That is exactly the reason why this Court will refuse to dismiss without prejudice the cases that have already been selected for trial with the goal that they will proceed to trial as intended.

The Seventh Circuit identified the cases in this mass action as those to be tried jointly in order to "facilitate the *efficient disposition* of a number of universal and fundamental substantive questions applicable to all or most Plaintiffs' cases . . . ." *In re Abbott Labs., Inc.*, 698 F.3d 568, 573 (7th Cir. 2012) (internal quotation omitted) (emphasis supplied). As the Seventh Circuit noted and this Court has repeatedly emphasized, the goal of the mass action is to enable the efficient and timely resolution of the cases involved. Plaintiffs' attempts to dismiss their cases at such at late stage undermines the Court's ability to do so. For these reasons, the Court cannot grant Plaintiffs' requests for a dismissal without prejudice subject to the conditions set forth in the May 17, 2017 Order.

## Conclusion

At this point in this litigation, the relevant Plaintiffs must either try their cases or be dismissed with prejudice. Accordingly, the Court **DENIES in part** and **RESERVES RULING in part** Plaintiffs' Motions to Dismiss. Plaintiffs shall have thirty days from the date of this Order to withdraw their respective Motions to Dismiss. If a Plaintiff does not withdraw the motion within the allotted thirty days, the Court will enter a dismissal with prejudice.

Finally, the Court anticipates that in the coming weeks, the next batch of cases will be selected for full discovery as part of the Court's trial inventory. Because the Court will be selecting cases based on a joint trial pairing criteria, many cases will be cleared for full discovery without undergoing the initial key prescriber depositions. For cases that have not undergone the key prescriber deposition discovery, Plaintiffs shall have forty-five days following the completion of the prescriber depositions to file for dismissal without prejudice. Once the forty-five day window elapses, the Court will not entertain a motion to dismiss without prejudice absent extraordinary and unforeseeable circumstances. This procedure serves three purposes. First, it affords the parties the ability to assess the most critical piece of evidence while allowing Plaintiffs the option of a dismissal without prejudice. Second, it gives the Court the ability to navigate and control the progression of the mass action docket and case pairings by adding stability and certainty to the "trial ready" inventory. Third, it ensures that Defendants are not further prejudiced through continued pretrial preparation in cases that Plaintiffs do not intend to try.

**IT IS SO ORDERED.**

**DATED:** October 10, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**