UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | Case 2:16-md-02740-KDE-MBN<br>MDL NO. 2740 |

THIS DOCUMENT RELATES TO:

*Angela Abel, et al., v. Sanofi S.A., et al.*, Case No. 2:17-cv-01354

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

### INTRODUCTION

Plaintiffs Angela and Chad Abel filed their Short Form Complaint on February 15, 2017, and named all of the Taxotere brand name defendants (Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U.S. LLC).  (Dkt. 964-8, Pls.' Mem. in Supp. of Mot. to Am. Compl. at 1).  More than eight months later, Plaintiffs now seek leave to amend their Complaint to add as defendants Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLL f/k/a Hospira Worldwide, Inc., and Hospira, Inc. (collectively, "Defendants").

Plaintiffs have no valid justification for adding Defendants and have not identified any of them as the manufacturer of the docetaxel prescribed to Ms. Abel.  In fact, Plaintiffs do not have product identification as to *any* particular defendant, and is simply seeking to amend their Short Form Complaint so that it names all of the Taxotere brand name defendants and all of the 505(b)(2) defendants who distributed docetaxel when it was prescribed to Ms. Abel.  Plaintiffs' Motion is squarely at odds with the Parties' and the Court's efforts to reduce the large number of

1

claims currently pending in this MDL that lack product identification. Without proof of product identification, Plaintiffs' claims against Defendants are futile and their Motion should be denied.[1]

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (finding that "plaintiffs do not have an absolute or automatic right to amend"). Instead, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed."). Courts have interpreted futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted, thus applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp.*

---

[1] In their Motion, Plaintiffs state that, under Local Rule 7.6, they contacted Defendants "regarding their position relative to the filing of this Amended Short Form Complaint and . . . received no response." (Dkt. 964-8, Pl.'s Mem. in Supp. of Mot. to Am. Compl. at 2). Plaintiff's counsel first e-mailed Defense Liaison Counsel on October 16, 2017. On that same day, Plaintiff filed her Motion before Defendants could respond, in which case Defendants would not have consented to Plaintiff's Motion for the reasons stated in this Opposition.

*v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility, however, requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In Ohio, a plaintiff fails to state a claim upon which relief could be granted when she lacks proof of product identification.[2] Under the Ohio Product Liability Act ("OPLA"), a plaintiff must prove that a defendant "designed, formulated, produced, constructed, created, assembled, or rebuilt the actual product that was the cause of harm for which the claimant seeks to recover." *See* Ohio Rev. Code §2307.73(A)(3). The OPLA expressly bans market share liability. *See* Ohio Rev. Code §2307.73(B) ("Proof that a manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the type of product in question is not proof that the manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the actual defective product. . . . A manufacturer may not be held liable in a product liability action based on market share, enterprise, or industrywide liability").

Here, Plaintiffs have no product identification as to any of the Defendants. Although it has been more than eight months since Plaintiffs filed their Complaint, they have not identified

---

[2] Ohio is the state which Ms. Abel received her docetaxel treatment. (Dkt. 964-1, Am. Compl. at 2).

3

any of the Defendants – neither those they originally named nor those they now seek to add – as the manufacturers of the docetaxel allegedly prescribed to Ms. Abel.  Instead, Plaintiffs vaguely assert that they "discovered that the Taxotere/Docetaxel at issue *may not have been* manufactured and/or marketed by the Sanofi-related defendants." (Dkt. 964-8, Pls.' Mem. in Supp. of Mot. to Am. Compl. at 1) (emphasis added).  Plaintiffs' mere speculation, without more, is an insufficient basis on which to amend their Complaint under Rule 15(a)(2). *See, e.g.*, *Twombly*, 550 U.S. at 555; *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) (dismissing claims due to ambiguous product identification allegation that failed to allege more than a possibility that she received the defendant's product, and therefore failed to meet the *Twombly* and *Iqbal* standard).  Without proof of product identification, Plaintiffs' claims fail under Ohio law.  Accordingly, Plaintiffs' Motion is futile and should be denied.

## **CONCLUSION**

If Plaintiffs are granted leave to amend their Complaint, plaintiffs in many other similar cases may also be encouraged to amend their complaints to name all potential defendant-manufacturers, regardless of whether there is any product identification.  This is squarely at odds with the Parties' and the Court's efforts to *reduce* the large number of claims currently pending in this MDL that lack product identification.

In several other cases, Defendants have recently consented to plaintiffs' motions to amend where plaintiffs' investigation resulted in medical records or other documentation indicating that a plaintiff took docetaxel manufactured by a particular defendant.  If Plaintiffs at some point in the future identify any of the Defendants as the manufacturer of the docetaxel prescribed to Ms. Abel, the Parties and the Court can revisit the issue of an amendment to their Complaint.  Until then, the Court should deny Plaintiffs' Motion in the absence of product identification.

Respectfully submitted,

| | |
|---|---|
| */s/ John P. Wolff, III*<br>John P. Wolff, III, TA #14504<br>Nancy B. Gilbert, Bar #23095<br>Chad A. Sullivan, Bar #27657<br>Richard W. Wolff, Bar #34844<br>KEOGH, COX & WILSON, LTD.<br>701 Main Street, P.O. Box 1151<br>Baton Rouge, LA 70821<br>Telephone:  225-383-3796<br>Facsimile:  225-343-9621<br>jwolff@keoghcox.com<br>ngilbert@keoghcox.com<br>csullivan@keoghcox.com<br>rwolff@keoghcox.com | *Counsel for Defendant Accord Healthcare Inc.* |
| */s/ Julie A. Callsen*<br>Julie A. Callsen, TA, OH Bar #0062287<br>Brandon D. Cox, OH Bar #0089815<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113-7213<br>Telephone:  216-592-5000<br>Facsimile:  216-592-5009<br>julie.callsen@tuckerellis.com<br>brandon.cox@tuckerellis.com | *Counsel for Defendant Accord Healthcare Inc.* |
| */s/ Lori G. Cohen*<br>Lori G. Cohen<br>R. Clifton Merrell<br>Evan Holden<br>GREENBERG TRAURIG, LLP<br>Terminus 200<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305<br>Telephone:  678-553-2100<br>Facsimile:  678-553-2100<br>cohenl@gtlaw.com<br>merrellc@gtlaw.com<br>holdene@gtlaw.com | *Counsel for Defendant Sandoz, Inc.* |

| | |
|---|---|
| */s/ Deborah B. Rouen* <br> Deborah B. Rouen <br> E. Paige Sensenbrenner <br> ADAMS AND REESE LLP <br> One Shell Square <br> 701 Poydras Street, Suite 4500 <br> New Orleans, LA 70139 <br> Telephone:  504-581-3234 <br> Facsimile:  504-566-0210 <br> debbie.rouen@arlaw.com <br> paige.sensenbrenner@arlaw.com | ***Counsel for Defendant Sandoz, Inc.*** |
| */s/ Mark S. Cheffo* <br> Mark S. Cheffo <br> Mara Cusker Gonzalez <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 51 Madison Ave., 22nd Floor <br> New York, NY 10010 <br> Telephone:  212-849-7000 <br> Facsimile:  212-849-7100 <br> markcheffo@quinnemanuel.com <br> maracuskergonzalez@quinnemanuel.com | ***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*** |
| */s/ John F. Olinde* <br> John F. Olinde (Bar No. 1515) <br> Peter J. Rotolo (Bar No. 21848) <br> 1100 Poydras Street <br> New Orleans, LA 70163 <br> Telephone:  504-858-7000 <br> Facsimile: 504-585-7075 <br> olinde@chaffe.com <br> rotolo@chafe.com | ***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Julie A. Callsen
One of the Attorneys for Defendant
Accord Healthcare, Inc.

3474135.3