**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION ) ) ) ) )

Case 2:16-cv-02740-KDE-MBN
MDL NO. 2740

THIS DOCUMENT RELATES TO:

*Shelley Pearson v. Sanofi S.A., et al.*, Case No. 2:17-cv-17840

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

## INTRODUCTION

Plaintiff Shelley Pearson filed her Short Form Complaint on December 28, 2016, and named all of the Taxotere brand name defendants (Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U.S. LLC). (Dkt. 968-10, Pl.'s Mem. In Supp. of Mot. to Am. Compl. Mot. at 1). More than ten months later, Plaintiff now seeks leave to amend her Complaint to add as defendants Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLL f/k/a Hospira Worldwide, Inc., and Hospira, Inc. (collectively, "Defendants").

Plaintiff has no valid justification for adding Defendants and has not identified any of them as the manufacturer of the docetaxel prescribed to her. In fact, Plaintiff does not have product identification as to ***any*** particular defendant, and is simply seeking to amend her Short Form Complaint so that it names all of the Taxotere brand name defendants and all of the 505(b)(2) defendants who distributed docetaxel when it was prescribed to her. Plaintiff's Motion is squarely at odds with the Parties' and the Court's efforts to reduce the large number of claims

currently pending in this MDL that lack product identification. Without proof of product identification, Plaintiff's claims against Defendants are futile and her Motion should be denied.[1]

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (finding that "plaintiffs do not have an absolute or automatic right to amend"). Instead, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed."). Courts have interpreted futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted, thus applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp.*

[1] In her Motion, Plaintiff states that, under Local Rule 7.6, she contacted Defendants "regarding their position relative to the filing of this Amended Short Form Complaint and . . . received no response." (Dkt. 968-10, Pl.'s Mem. in Supp. of Mot. to Am. Compl. at 2). Plaintiff's counsel first e-mailed Defense Liaison Counsel on October 16, 2017. On that same day, Plaintiff filed her Motion before Defendants could respond, in which case Defendants would not have consented to Plaintiff's Motion for the reasons stated in this Opposition.

*v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility, however, requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In Georgia, a plaintiff fails to state a claim upon which relief could be granted when she lacks proof of product identification.[2] Under Georgia law, "the plaintiff must identify the allegedly defective product that caused her injuries and the manufacturer of that product." *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 291, 676 S.E.2d 756, 761 (2009) (affirming dismissal of product liability action where plaintiff did not allege that defendant manufactured defective product); *see also Hoffman v. AC&S, Inc.*, 248 Ga. App. 608, 610, 548 S.E.2d 379, 382 (2001) (finding that the plaintiff "needed to establish that the product or products that allegedly caused her mesothelioma were, in fact, manufactures or supplied by the defendants in this case.").

Here, Plaintiff has no product identification as to any of the Defendants. Although it has been more than ten months since Plaintiff filed her Complaint, she has not identified any of the Defendants – neither those she originally named nor those she now seeks to add – as the manufacturers of the docetaxel allegedly prescribed to her. Instead, Plaintiff vaguely asserts that

[2] Georgia is the state which Plaintiff received her docetaxel treatment. (Dkt. 968-1, Am. Compl. at 2).

she "discovered that the Taxotere/Docetaxel at issue ***may not have been*** manufactured and/or marketed by the Sanofi-related defendants." (Dkt. 968-10, Pl.'s Mem. in Supp. of Mot. to Am. Compl. at 1) (emphasis added). Plaintiff's mere speculation, without more, is an insufficient basis on which to amend her Complaint under Rule 15(a)(2). *See, e.g., Twombly*, 550 U.S. at 555. Without proof of product identification, Plaintiff's claims fail under Georgia law. Accordingly, Plaintiff's Motion is futile and should be denied.

## CONCLUSION

If Plaintiff is granted leave to amend her Complaint, plaintiffs in many other similar cases may also be encouraged to amend their complaints to name all potential defendant-manufacturers, regardless of whether there is any product identification. This is squarely at odds with the Parties' and the Court's efforts to ***reduce*** the large number of claims currently pending in this MDL that lack product identification.

In several other cases, Defendants have recently consented to plaintiffs' motions to amend where plaintiffs' investigation resulted in medical records or other documentation indicating that a plaintiff took docetaxel manufactured by a particular defendant. If Plaintiff at some point in the future identifies one of the Defendants as the manufacturer of the docetaxel prescribed to her, the Parties and the Court can revisit the issue of an amendment to her Complaint. Until then, the Court should deny Plaintiff's Motion in the absence of product identification.

Respectfully submitted,

*/s/ John P. Wolff, III*
John P. Wolff, III, TA #14504
Nancy B. Gilbert, Bar #23095
Chad A. Sullivan, Bar #27657
Richard W. Wolff, Bar #34844

***Counsel for Defendant Accord Healthcare Inc.***

KEOGH, COX & WILSON, LTD.
701 Main Street, P.O. Box 1151
Baton Rouge, LA 70821
Telephone: 225-383-3796
Facsimile: 225-343-9621
jwolff@keoghcox.com
ngilbert@keoghcox.com
csullivan@keoghcox.com
rwolff@keoghcox.com

*/s/ Julie A. Callsen*
Julie A. Callsen, TA, OH Bar #0062287
Brandon D. Cox, OH Bar #0089815
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

***Counsel for Defendant Accord Healthcare Inc.***

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

***Counsel for Defendant Sandoz, Inc.***

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: 504-581-3234

***Counsel for Defendant Sandoz, Inc.***

Facsimile: 504-566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*/s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.***

*/s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
Peter J. Rotolo (Bar No. 21848)
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-858-7000
Facsimile: 504-585-7075
olinde@chaffe.com
rotolo@chafe.com

***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
One of the Attorneys for Defendant
Accord Healthcare, Inc.