**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | ) |  |
| In Re:  TAXOTERE (DOCETAXEL) | ) | MDL NO. 2740 |
| PRODUCTS LIABILITY | ) |  |
| LITIGATION | ) | SECTION "N" (5) |
|  | ) | JUDGE ENGLEHARDT |
|  | ) | MAG. JUDGE NORTH |
|  | ) |  |

THIS DOCUMENT RELATES TO:

*Audrey Reed and Elliott Reed v. Sanofi S.A. et al.*, Case No. 2:17-cv-04946

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' Motion for Leave to File Amended Complaint does not comport with Federal Rule 15(a)(2) or Pretrial Order 61 and should be denied.  (Dkt. 987, Pls.' Mot. to Am.).  In August 2017, the Court held oral argument on Defendants' Motion to Dismiss Plaintiffs' First Amended Master Long Form Complaint.  (*See* 8/30/17 Hr'g. Tr., attached as Ex. A).  The Court denied Defendants' Motion as to Count One and Counts Three to Seven.  (*See id.*).  On September 27, 2017, the Court issued PTO 61, dismissing Counts Two (Strict Liability for Misrepresentation) and Eight (Breach of Express Warranty) and setting a deadline of two weeks from the Order for Plaintiffs "to amend [their] Short Form Complaint to allege *facts* supporting analogous state law claims that may be viable on an individual basis."  (Dkt. 877, PTO 61) (emphasis added).  As the Court explained during the August 30, 2017 oral argument, an amended Short Form Complaint must "clearly identify[] what express statements or language constitute the alleged misrepresentation or warranty."  (Ex. A, 8/30/17 Hr'g. Tr. at 21).

Plaintiffs' Motion seeks to add a claim for fraudulent misrepresentation under Florida law – but fails to allege *any* facts to support this claim. (Dkt. 987-1, Pls.' Am. Compl. at 5). Without these facts, Plaintiffs cannot state a claim for relief under Florida law. Their Motion is thus futile and should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (finding that "plaintiffs do not have an absolute or automatic right to amend"). Instead, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed."). Courts have interpreted futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted, thus applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital*

2

*Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility, however, requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiffs' Motion fails to meet the *Iqbal* and *Twombly* standards and thus cannot survive dismissal under Rule 12(b)(6). Here, Plaintiffs' Motion seeks to add a claim for fraudulent marketing under Florida law. (*See* Dkt. 987-1, Pls.' Am. Compl. at 5 (citing F.S.A. § 817.45 (discussing penalties for misleading advertisement under F.S.A. §§ 817.40 and 817.41).[1] This appear to be a claim that Plaintiffs believe is an "analogous state law claim[]" to Count Two (Strict Liability for Misrepresentation) and Count Eight (Breach of Express Warranty) within the meaning of PTO 61. Plaintiffs do not, however, allege ***any*** facts to support these claims under Florida law, as required under PTO 61. (*See id.*).

Citing what appears to be a portion of the "Warnings and Precautions" section from a Taxotere™ label from an unidentified time period, Plaintiffs instead merely make a conclusory statement that "[t]he warning and precautions in the Taxotere Label do not warn against

---

[1] Although Plaintiffs' proposed Amended Complaints refers to a "fraudulent misrepresentation" claim, they rely on F.S.A. § 817.45, which is Florida's "fraudulent marketing" statute. *See, e.g.,* F.S.A. §§ 817.40 and 817.41. Notably, Plaintiffs do not appear to identify an "analogous state law claim" for breach of express warranty (Count Eight). (Dkt. 987-1, Pl.'s Am. Compl. at 5). Thus, Defendants analyze only the viability of a fraudulent marketing claim under Florida law as alleged in Plaintiffs' proposed Amended Complaint.

permanent hair loss, and the adverse reactions do not state that use of Taxotere could cause permanent hair loss." (*Id.*).  While this statement may allege facts to support a failure to warn claim, it does not "clearly identify[] what ***express statements or language*** constitute the alleged" fraud.  (*See* Ex. A, 8/30/17 Hr'g. Tr. at 21; Dkt. 877, PTO 61 (emphasis added).  Nor does it identify ***any*** facts to show how Plaintiffs relied on a statement made by any of the Defendants. Without these facts, Plaintiffs cannot state a claim for fraudulent marketing under Florida law and thus cannot survive dismissal under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendants would also be unduly prejudiced if the Court granted Plaintiffs' Motion because they would have to engage in lengthy and costly discovery to identify facts that should already be in Plaintiffs' possession, which is yet another reason why the Court should deny Plaintiffs' Motion.

<u>**CONCLUSION**</u>

Pretrial Order 61 is clear: an amended Short Form Complaint must "allege ***facts*** supporting analogous state law claims that may be viable on an individual basis."  (Dkt. 877, PTO 61) (emphasis added).  Plaintiffs have not done so here.  Their Motion is thus futile and should be denied.

Respectfully submitted,

*/s/ John P. Wolff, III*
John P. Wolff, III, TA #14504                    ***Counsel for Defendant Accord Healthcare***
Chad A. Sullivan, Bar #27657                     ***Inc.***
KEOGH, COX & WILSON, LTD.
701 Main Street, P.O. Box 1151
Baton Rouge, LA 70821
Telephone:  225-383-3796
Facsimile:  225-343-9621
jwolff@keoghcox.com

csullivan@keoghcox.com

/s/ Julie A. Callsen                                 **Counsel for Defendant Accord Healthcare**
Julie A. Callsen, TA, OH Bar #0062287               **Inc.**
Brandon D. Cox, OH Bar #0089815
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216-592-5000
Facsimile:  216-592-5009
julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

/s/ Douglas J. Moore                                 **Counsel for Defendants Sanofi-Aventis U.S.**
Douglas J. Moore (Bar No. 27706)                    **LLC and Sanofi U.S. Services Inc.**
IRWIN FRITCHIE URQUHART & MOORE
LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

/s/ Harley V. Ratliff                                **Counsel for Defendants Sanofi-Aventis U.S.**
Harley V. Ratliff                                    **LLC and Sanofi U.S. Services Inc.**
Adrienne L. Byard
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard,
Kansas City, MO 64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

/s/ Erin M. Bosman                                   **Counsel for Defendant McKesson Packaging**
Erin M. Bosman (Bar No. 204987)                     **Services, a division of McKesson Corporation**
Julie Y. Park (Bar No. 259929)
MORRISON & FOERSTER LLP
12531 High Bluff Dr.
San Diego, CA 92130-2040
Telephone:  858-720-5100
Facsimile:  858-720-5125
ebosman@mofo.com
juliepark@mofo.com

/s/ Stanton E. Shuler, Jr.                           **Counsel for Defendant Sun Pharmaceuticals**

Stanton E. Shuler, Jr. (Bar No. 19152)
LEAKE & ANDERSSON LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Telephone:  504-585-7500
Facsimile:  504-585-7775
sshuler@leakeandersson.com

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
28 State Street
Boston, MA 02109
Telephone:  617-213-7000
Facsimile:  617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Julie A. Callsen*
One of the Attorneys for Defendant Accord
Healthcare, Inc.

3478610.1