UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGLEHARDT<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Victoria Jackson and Troy Jackson v. Sanofi S.A. et al.*, Case No. 2:17-cv-07056

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs' Motion for Leave to File Amended Complaint does not comport with Federal Rule 15(a)(2) or Pretrial Order 61 and should be denied.  (Dkt. 988, Pls.' Mot. to Am.).  In August 2017, the Court held oral argument on Defendants' Motion to Dismiss Plaintiffs' First Amended Master Long Form Complaint.  (*See* 8/30/17 Hr'g. Tr., attached as Ex. A).  The Court denied Defendants' Motion as to Count One and Counts Three to Seven.  (*See id.*).  On September 27, 2017, the Court issued PTO 61, dismissing Counts Two (Strict Liability for Misrepresentation) and Eight (Breach of Express Warranty) and setting a deadline of two weeks from the Order for Plaintiffs "to amend [their] Short Form Complaint to allege *facts* supporting analogous state law claims that may be viable on an individual basis."  (Dkt. 877, PTO 61) (emphasis added).  As the Court explained during the August 30, 2017 oral argument, an amended Short Form Complaint must "clearly identify[] what express statements or language constitute the alleged misrepresentation or warranty."  (Ex. A, 8/30/17 Hr'g. Tr. at 21).

1

Plaintiffs' Motion seeks to add a claim for breach of express warranty under Michigan law – but fails to allege *any* facts to support this claim. (Dkt. 988-1, Pls.' Am. Compl. at 5). Without these facts, Plaintiffs cannot state a claim for relief under Michigan law. Their Motion is thus futile and should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (finding that "plaintiffs do not have an absolute or automatic right to amend"). Instead, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed."). Courts have interpreted futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted, thus applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital*

*Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility, however, requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiffs' Motion fails to meet the *Iqbal* and *Twombly* standards and thus cannot survive dismissal under Rule 12(b)(6). Here, Plaintiffs' Motion seeks to add a claim for breach of express warranty under Michigan law. (*See* Dkt. 988-1, Pls.' Am. Compl. at 5 (citing UCC § 2-313 (noting elements of breach of express warranty under Uniform Commercial Code); M.C.L.A. § 440.2316 (discussing exclusion of modification of warranties); and M.C.L.A. § 600.2946 (discussing admissibility of evidence in products liability claim under Michigan law)).[1]

---

[1] In Paragraph 13 of the proposed Amended Complaint, Plaintiffs assert claims for Strict Products Liability for Misrepresentation (Count Two) and Breach of Express Warranty (Count Eight). (Dkt. 981-1, Pls.' Am. Compl. at ¶ 13). To the extent Plaintiffs' Amended Complaint states a breach of express warranty claim under Michigan law, the correct statute appears to be M.C.L.A. § 440.4313, not M.C.L.A. § 440.2316 (discussing elements of breach of express warranty claim and requiring proof of "affirmation of fact or promise"). Notably, Plaintiffs do not identify an "analogous state law claim" for misrepresentation (Count Two). (*Id.* at 5). Thus, Defendants analyze only the viability of a breach of express warranty claim under Michigan law.

It is unclear why Plaintiffs rely on M.C.L.A. § 600.2946 as this statute does not discuss a state law claim for misrepresentation or breach of express warranty. Instead, this statute discusses Michigan's broad grant of immunity to drug manufacturers and distributors. *See, e.g.,* M.C.L.A. § 600.2946(5) (noting that a drug manufacturer is not liable under Michigan's Product Liability Act for injuries caused by an FDA-approved drug). The only exception to this grant of immunity is where a plaintiff has evidence of a federal finding of bribery or fraud against the FDA. *See Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 963-64, 965-66 (6th Cir. 2004). Plaintiffs allege no such facts here.

Plaintiffs do not, however, allege *any* facts to support this claim under Michigan law, as required under PTO 61.  (*See id.*).

Citing what appears to be a portion of the "Warnings and Precautions" section from a Taxotere™ label from an unidentified time period, Plaintiffs instead merely make a conclusory statement that "[t]he warning and precautions in the Taxotere Label do not warn against permanent hair loss, and the adverse reactions do not state that use of Taxotere could cause permanent hair loss." (*Id.*).  While this statement may allege facts to support a failure to warn claim, it does not "clearly identify[] what ***express statements or language*** constitute the alleged" warranty.  (*See* Ex. A, 8/30/17 Hr'g. Tr. at 21; Dkt. 877, PTO 61 (emphasis added).  Nor does it identify *any* facts to show how Plaintiffs relied on a statement made by any of the Defendants. Without these facts, Plaintiffs cannot state a claim for breach of express warranty under Michigan law and thus cannot survive dismissal under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendants would also be unduly prejudiced if the Court granted Plaintiffs' Motion because they would have to engage in lengthy and costly discovery to identify facts that should already be in Plaintiffs' possession, which is yet another reason why the Court should deny Plaintiffs' Motion.

## CONCLUSION

Pretrial Order 61 is clear: an amended Short Form Complaint must "allege ***facts*** supporting analogous state law claims that may be viable on an individual basis." (Dkt. 877, PTO 61) (emphasis added).  Plaintiffs have not done so here.  Their Motion is thus futile and should be denied.

Respectfully submitted,

| | |
|---|---|
| */s/ John P. Wolff, III* <br> John P. Wolff, III, TA #14504 <br> Nancy B. Gilbert, Bar #23095 <br> Chad A. Sullivan, Bar #27657 <br> Richard W. Wolff, Bar #34844 <br> KEOGH, COX & WILSON, LTD. <br> 701 Main Street, P.O. Box 1151 <br> Baton Rouge, LA 70821 <br> Telephone:  225-383-3796 <br> Facsimile:  225-343-9621 <br> jwolff@keoghcox.com <br> ngilbert@keoghcox.com <br> csullivan@keoghcox.com <br> rwolff@keoghcox.com | *Counsel for Defendant Accord Healthcare Inc.* |
| */s/ Julie A. Callsen* <br> Julie A. Callsen, TA, OH Bar #0062287 <br> Brandon D. Cox, OH Bar #0089815 <br> TUCKER ELLIS LLP <br> 950 Main Avenue, Suite 1100 <br> Cleveland, OH 44113-7213 <br> Telephone:  216-592-5000 <br> Facsimile:  216-592-5009 <br> julie.callsen@tuckerellis.com <br> brandon.cox@tuckerellis.com | *Counsel for Defendant Accord Healthcare Inc.* |
| */s/ Lori G. Cohen* <br> Lori G. Cohen <br> R. Clifton Merrell <br> Evan Holden <br> GREENBERG TRAURIG, LLP <br> Terminus 200 <br> 3333 Piedmont Road NE, Suite 2500 <br> Atlanta, GA 30305 <br> Telephone:  678-553-2100 <br> Facsimile:  678-553-2100 <br> cohenl@gtlaw.com <br> merrellc@gtlaw.com <br> holdene@gtlaw.com | *Counsel for Defendant Sandoz, Inc.* |
| */s/ Deborah B. Rouen* <br> Deborah B. Rouen | *Counsel for Defendant Sandoz, Inc.* |

5

E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:  504-581-3234
Facsimile:  504-566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

| | |
|---|---|
| /s/ Mark S. Cheffo<br>Mark S. Cheffo<br>Mara Cusker Gonzalez<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  212-849-7000<br>Facsimile:  212-849-7100<br>markcheffo@quinnemanuel.com<br>maracuskergonzalez@quinnemanuel.com | *Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.* |
| /s/ John F. Olinde<br>John F. Olinde (Bar No. 1515)<br>Peter J. Rotolo (Bar No. 21848)<br>1100 Poydras Street<br>New Orleans, LA 70163<br>Telephone:  504-858-7000<br>Facsimile:  504-585-7075<br>olinde@chaffe.com<br>rotolo@chafe.com | *Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.* |
| /s/ Douglas J. Moore<br>Douglas J. Moore (Bar No. 27706)<br>IRWIN FRITCHIE URQUHART & MOORE LLC<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Telephone:  504-310-2100<br>Facsimile:  504-310-2120<br>dmoore@irwinllc.com | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |
| /s/ Harley V. Ratliff<br>Harley V. Ratliff<br>Adrienne L. Byard<br>SHOOK, HARDY& BACON L.L.P. | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |

2555 Grand Boulevard,
Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

| | |
|---|---|
| /s/ Erin M. Bosman<br>Erin M. Bosman (Bar No. 204987)<br>Julie Y. Park (Bar No. 259929)<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Dr.<br>San Diego, CA 92130-2040<br>Telephone: 858-720-5100<br>Facsimile: 858-720-5125<br>ebosman@mofo.com<br>juliepark@mofo.com | *Counsel for Defendant McKesson Packaging Services, a division of McKesson Corporation* |
| /s/ Stanton E. Shuler, Jr.<br>Stanton E. Shuler, Jr. (Bar No. 19152)<br>LEAKE & ANDERSSON LLP<br>1100 Poydras Street, Suite 1700<br>New Orleans, LA 70163-1701<br>Telephone: 504-585-7500<br>Facsimile: 504-585-7775<br>sshuler@leakeandersson.com | *Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.* |
| /s/ Geoffrey M. Coan<br>Geoffrey M. Coan<br>Kathleen E. Kelly<br>HINSHAW & CULBERTSON LLP<br>28 State Street<br>Boston, MA 02109<br>Telephone: 617-213-7000<br>Facsimile: 617-213-7001<br>gcoan@hinshawlaw.com<br>kekelly@hinshawlaw.com | *Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Julie A. Callsen*
One of the Attorneys for Defendant Accord Healthcare, Inc.