UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2740  SECTION "N" (5) JUDGE ENGLEHARDT MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Loretta Molt and J. Ronald Molt v. Sanofi S.A. et al.*, Case No. 2:17-cv- 08883

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs' Motion for Leave to File Amended Complaint does not comport with Federal Rule 15(a)(2) or Pretrial Order 61 and should be denied. (Dkt. 991, Pls.' Mot. to Am.). In August 2017, the Court held oral argument on Defendants' Motion to Dismiss Plaintiffs' First Amended Master Long Form Complaint. (*See* 8/30/17 Hr'g. Tr., attached as Ex. A). The Court denied Defendants' Motion as to Count One and Counts Three to Seven. (*See id.*). On September 27, 2017, the Court issued PTO 61, dismissing Counts Two (Strict Liability for Misrepresentation) and Eight (Breach of Express Warranty) and setting a deadline of two weeks from the Order for Plaintiffs "to amend [their] Short Form Complaint to allege *facts* supporting analogous state law claims that may be viable on an individual basis." (Dkt. 877, PTO 61) (emphasis added). As the Court explained during the August 30, 2017 oral argument, an amended Short Form Complaint must "clearly identify[] what express statements or language constitute the alleged misrepresentation or warranty." (Ex. A, 8/30/17 Hr'g. Tr. at 21).

1

Plaintiffs' Motion seeks to add a consumer protection claim under Pennsylvania law – but fails to allege *any* facts to support this claim. (Dkt. 991-1, Pls.' Am. Compl. at 5). Without these facts, Plaintiffs cannot state a claim for relief under Pennsylvania law. Their Motion is thus futile and should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." But leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that leave to amend "is not to be granted automatically"); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (finding that "plaintiffs do not have an absolute or automatic right to amend"). Instead, a court may exercise its discretion to grant leave to amend after considering factors such as "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is within the Court's discretion to deny a motion to amend if the amendment would be futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed."). Courts have interpreted futility in this context to mean that the amended complaint would fail to state a claim upon which relief could be granted, thus applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital*

*Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

To survive dismissal under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility, however, requires more than a mere "possibility that a defendant has acted unlawfully." *Id.* Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiffs' Motion fails to meet the *Iqbal* and *Twombly* standards and thus cannot survive dismissal under Rule 12(b)(6). Here, Plaintiffs' Motion seeks to add a consumer protection claim under Pennsylvania law. (*See* Dkt. 991-1, Pls.' Am. Compl. at 5 (citing 18 Pa. C.S.A. § 4107 (noting elements of a deceptive or fraudulent business practice and requiring, among other things, a plaintiff to identify a false or misleading statement)). This appears to be a claim that Plaintiffs believe is an "analogous state law claim[]" to Count Two (Strict Liability for Misrepresentation) and Count Eight (Breach of Express Warranty) within the meaning of PTO 61.

Plaintiffs do not, however, allege *any* facts to support this claim under Pennsylvania law, as required under PTO 61. (*See id*). Nor do Plaintiffs allege *any* facts to show how they relied on a false or misleading statement made by any of the Defendants. Plaintiffs' Amended Short Form Complaint merely cites what appears to be a portion of the "Warnings and Precautions" section from a Taxotere™ label from an unidentified time period. (Dkt. 991-1, Pls.' Am. Compl.

at 5). Plaintiffs again provide *no* facts to explain how this label supports a consumer protection claim under Pennsylvania law. Without these facts, Plaintiffs cannot state a consumer protection claim under Pennsylvania law and thus cannot survive dismissal under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendants would also be unduly prejudiced if the Court granted Plaintiffs' Motion because they would have to engage in lengthy and costly discovery to identify facts that should already be in Plaintiffs' possession, which is yet another reason why the Court should deny Plaintiffs' Motion.

## CONCLUSION

Pretrial Order 61 is clear: an amended Short Form Complaint must "allege *facts* supporting analogous state law claims that may be viable on an individual basis." (Dkt. 877, PTO 61) (emphasis added). Plaintiffs have not done so here. Their Motion is thus futile and should be denied.


Respectfully submitted,

| | |
|---|---|
| */s/ John P. Wolff, III* <br> John P. Wolff, III, TA #14504 <br> Chad A. Sullivan, Bar #27657 <br> KEOGH, COX & WILSON, LTD. <br> 701 Main Street, P.O. Box 1151 <br> Baton Rouge, LA 70821 <br> Telephone: 225-383-3796 <br> Facsimile: 225-343-9621 <br> jwolff@keoghcox.com <br> csullivan@keoghcox.com | *Counsel for Defendant Accord Healthcare Inc.* |
| */s/ Julie A. Callsen* <br> Julie A. Callsen, TA, OH Bar #0062287 <br> Brandon D. Cox, OH Bar #0089815 <br> TUCKER ELLIS LLP <br> 950 Main Avenue, Suite 1100 <br> Cleveland, OH 44113-7213 | *Counsel for Defendant Accord Healthcare Inc.* |

Telephone:  216-592-5000
Facsimile:  216-592-5009
julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

| | |
|---|---|
| */s/ Lori G. Cohen* | ***Counsel for Defendant Sandoz, Inc.*** |

Lori G. Cohen
R. Clifton Merrell
Evan Holden
GREENBERG TAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678-553-2100
Facsimile:  678-553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

| | |
|---|---|
| */s/ Deborah B. Rouen* | ***Counsel for Defendant Sandoz, Inc.*** |

Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:  504-581-3234
Facsimile:  504-566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

| | |
|---|---|
| /*s/ Mark S. Cheffo* | ***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*** |

Mark S. Cheffo
Mara Cusker Gonzalez
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

| | |
|---|---|
| */s/ John F. Olinde* | ***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and*** |

John F. Olinde (Bar No. 1515)
Peter J. Rotolo (Bar No. 21848)

| | |
|---|---|
| 1100 Poydras Street<br>New Orleans, LA 70163<br>Telephone: 504-858-7000<br>Facsimile: 504-585-7075<br>olinde@chaffe.com<br>rotolo@chafe.com | *Pfizer Inc.* |
| */s/ Douglas J. Moore*<br>Douglas J. Moore (Bar No. 27706)<br>IRWIN FRITCHIE URQUHART & MOORE LLC<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Telephone: 504-310-2100<br>Facsimile: 504-310-2120<br>dmoore@irwinllc.com | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |
| */s/ Harley V. Ratliff*<br>Harley V. Ratliff<br>Adrienne L. Byard<br>SHOOK, HARDY& BACON L.L.P.<br>2555 Grand Boulevard,<br>Kansas City, MO 64108<br>Telephone: 816-474-6550<br>Facsimile: 816-421-5547<br>hratliff@shb.com<br>abyard@shb.com | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |
| */s/ Erin M. Bosman*<br>Erin M. Bosman (Bar No. 204987)<br>Julie Y. Park (Bar No. 259929)<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Dr.<br>San Diego, CA 92130-2040<br>Telephone: 858-720-5100<br>Facsimile: 858-720-5125<br>ebosman@mofo.com<br>juliepark@mofo.com | *Counsel for Defendant McKesson Packaging Services, a division of McKesson Corporation* |
| /s/ *Stanton E. Shuler, Jr.*<br>Stanton E. Shuler, Jr. (Bar No. 19152)<br>LEAKE & ANDERSSON LLP<br>1100 Poydras Street, Suite 1700<br>New Orleans, LA 70163-1701<br>Telephone: 504-585-7500<br>Facsimile: 504-585-7775 | *Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.* |

sshuler@leakeandersson.com

/s/ *Geoffrey M. Coan*　　　　　　　　　　　*Counsel for Defendant Sun Pharmaceuticals*
Geoffrey M. Coan　　　　　　　　　　　　　　*Industries, Inc. f/k/a Caraco Laboratories,*
Kathleen E. Kelly　　　　　　　　　　　　　　*Ltd.*
HINSHAW & CULBERTSON LLP
28 State Street
Boston, MA 02109
Telephone:  617-213-7000
Facsimile:  617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Julie A. Callsen*
One of the Attorneys for Defendant Accord Healthcare, Inc.