UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO:
ALL CASES

**JOINT REPORT NO. 6 OF LIAISON COUNSEL**
**(Status Conference, October 27, 2017)**

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 6 of Liaison Counsel.

**1.    REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, excluding voluntary dismissals, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the JPML. As of October 25, 2017, excluding voluntary dismissals, there are 3,040 cases pending in the MDL before the Honorable Kurt D. Engelhardt.

**2.    FEDERAL/STATE COORDINATION**

Related state court proceedings have been filed in California, Missouri, and Delaware. Most of these state court proceedings were removed to federal court. The Court ruled on remand motions on August 30, 2017. (Rec. Doc. 781). The Court received supplemental briefing on

1

whether two California multi-plaintiff cases could be severed prior to remand and that issue remains pending before the Court.

The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only).  The parties also continue to make efforts to identify and alert the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings and to provide the call-in number for the status conferences, should they wish to join.

**3.     PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.6.

The Court has issued the following important Pretrial Orders (sometimes "PTO") since the September 8, 2017 Status Conference:

  a. **Pretrial Order No. 59** (Rec. Doc. 816) entered September 7, 2017 ordering that the submission date on Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc.'s Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations (Rec. Doc. 494) be continued until Wednesday, November 8, 2017.

  b. **Pretrial Order No. 60**, (Rec. Doc. 819) entered September 7, 2017 ordering the collection of data of potential claimants by the Plaintiffs' Settlement Committee.

  c. **Pretrial Order No. 60A** (Rec. Doc. 870) entered September 15, 2017 amending and superseding Pretrial Order No. 60 (Rec. Doc. 819) and ordering the collection of data of potential claimants by the Plaintiffs' Settlement Committee.

  d. **Pretrial Order No. 61** (Rec. Doc. 877) entered September 27, 2017 dismissing Counts Two and Eight of Plaintiffs' First Amended Master Long Form Complaint and granting individual Plaintiffs fourteen (14) days to amend their Short Form Complaint to allege analogous state law claims that may be viable on an individual basis.

  e. **Pretrial Order No. 62** (Rec. Doc. 878) entered September 27, 2017, ordering that the Master Answer deadline for each Defendant is Monday, October 16, 2017.

  f. **Pretrial Order No. 63** (Rec. Doc. 879) entered September 27, 2017, setting the next meeting of liaison counsel for Friday, October 6, 2017, at 9:30 a.m.

g. **Pretrial Order No. 64** (Rec. Doc. 941) entered October 12, 2017 clarifying the Court's ruling on Plaintiffs' Motion to Remand (Rec. Doc. 469).

h. **Pretrial Order No. 65** (Rec. Doc. 959) entered on October 16, 2017 setting the procedure for severance of multi-plaintiff cases.

i. **Pretrial Order No. 66** (Rec. Doc. 1018) entered October 25, 2017- Order Clarifying this Court's Ruling on Delaware Motion To Remand (Rec. Doc. 784).

j. **Pretrial Order No. 67** (Rec. Doc. 1032) entered October 27, 2017 – Order setting the next liaison counsel meeting for November 17, 2017, at 9:30 AM, and setting the next General Status Conference for December 15, 2017, at 10:00 AM.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.6.

The Court has issued the following Case Management Orders since the July 7, 2017 Status Conference:

a. **Case Management Order No. 7** (Rec Doc. 915) entered October 10, 2017 establishing the general discovery protocol applicable to the 505(b)(2) Defendants.

b. **Case Management Order No. 8** (Rec. Doc. 935) entered on October 11, 2017 setting the trial scheduling order for the second bellwether trial.

The parties will meet and confer and submit Case Management Orders for the third, fourth and fifth trial dates in 2019.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Co-Liaison Counsel at dwhite@bkc-law.com. This information must be kept current by each counsel and will be relied upon throughout the litigation. Co-Liaison Counsel provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer.

BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

**6.    MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Master Long Form Complaint was filed on March 31, 2017. (Rec. Doc. 312). PTO 41 (Rec. Doc 331) provides the Court-approved amended Exemplar Short Form Complaint, which supersedes PTO 37 (Rec. Doc. 318). Some counsel have continued to serve Short Form Complaints using the obsolete, original form. Counsel should use the Court-approved, amended Short Form Complaint. Counsel are advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint.

Due to issues with the proper names of some Defendants, the parties filed a Stipulation Concerning Amendments to Plaintiffs' Master Long Form Complaint, Exemplar Short Form Complaint and Plaintiff Fact Sheet (Rec. Doc. 642), which the Court adopted in PTO 55. (Rec. Doc. 688). Plaintiffs filed their First Amended Master Long Form Complaint and Demand for Jury Trial (Rec. Doc. 689) pursuant to PTO 55 (Rec. Doc. 688).

Plaintiffs' counsel need not file any amending complaint or amending Plaintiffs' Fact Sheet in order to effectuate the aforementioned naming corrections, but they must re-serve Sun Pharmaceuticals, Inc. f/k/a Caraco Laboratories Ltd. PTO No. 53 (Rec. Doc. 664) if service was previously effectuated on the improperly named Sun Pharma entity.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in the original complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named.

If any case was docketed in the MDL prior to April 1, 2017, a Short Form Complaint may be filed as an amended complaint in the Plaintiff's individual case, not in the master MDL docket.

4

If the case is filed in or transferred to the MDL from April 1, 2017, forward, the Plaintiff must file a Short Form Complaint.  The relevant PTOs are PTO No. 15 (Rec. Doc. 230), PTO No. 37 (Rec. Doc. 318), and PTO 41 (Rec. Doc. 331).

Should any Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[1] requires that before filing any motion to amend pleadings, the Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Plaintiffs' counsel must email each request[2] for consent to Co-Defendants' Liaison Counsel, Douglas Moore, dmoore@irwinllc.com, and John Olinde, Olinde@chaffe.com, who will forward the request to the appropriate attorneys for a response.  If consent is obtained, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel.  If consent is not granted, the motion for leave to amend the pleadings must be filed as an opposed motion.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case.  Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice.  They must either move to dismiss, get stipulation to dismiss, or dismiss with prejudice.  In any case, several procedural requirements must also be met and counsel should review the requirements of PTO 54.  All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures.  In addition, with a motion, the Plaintiff must provide 14 days prior

---

[1] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[2] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

## 7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the Plaintiff Fact Sheets ("PFS") in several Pretrial Orders:

a. Amended PTO 22 (Rec. Doc. 325) sets forth service of PFSs and Defendant Fact Sheets ("DFS");

b. PTO 23 (Rec. Doc. 280) amends Exhibit A which are the authorizations to PFS (Rec. Doc. 280);

c. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

d. PTO 55 (Rec. Doc. 688) grants the filing of an Amended PFS. See Rec. Doc. 236-1.

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017). The timeframe for service of completed PFS and DFS is shortened for the ten Trial Plaintiffs. CMO No. 4 (Rec. Doc. 670).

As October 25, 2017, Plaintiffs have served 1,409 PFSs, and 636 PFSs are in progress. Based on the PFSs received as of October 25, 2017, they divide among Defendants as follows: 719 sanofi, 99 Hospira, 30 Sandoz, 23 Accord, 275 Unknown, 101 Blank, 162 Other/Miscellaneous. The parties continue to confer on the status of photographic evidence submitted with fact sheets with Plaintiffs' Liaison Counsel advising all Plaintiffs' counsel of the Court's statements on this issue, the descriptions of Plaintiffs' injuries in the Short Form complaints, the Deficiency Notices issued, and the status of product identification in multi-defendant cases. Many PFSs were due under the provisions of Amended PTO 22 (Rec. Doc. 325) September 22, 2017.

Under Amended PTO 22 ¶ 5, sanofi identifies the approximately 117 cases attached hereto as Appendix C.6 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Sanofi identifies the approximately five cases attached hereto as Appendix D.6 where Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Sanofi also identifies the approximately 18 cases attached hereto as Appendix E.6 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22.

Under PTO 22 ¶ 5, the 505(b)(2) Defendants identify the approximately 50 cases attached hereto as Appendix F.6 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants identify the approximately 25 cases attached hereto as Appendix G.6 where the 505(b)(2) Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. The 505(b)(2) Defendants accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants also identify the approximately 77 cases attached hereto as Appendix H.6 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22.

In the Joint Report submitted by liaison counsel in conjunction with the September 8, 2017 status conference, pursuant to Amended PTO 22, sanofi identified cases where either no PFS was submitted, or a noticed deficiency had not been cured. *See* (Rec. Doc. 325). As of October 31, 2017, the approximately five cases identified in Appendix I.6 have still failed to either file a PFS or to remedy the noticed deficiencies. Consequently, Amended PTO 22 requires these Plaintiffs to show cause why their Complaints should not be dismissed with prejudice. Failure to timely comply may result in a dismissal of Plaintiff's claim.

## 8. MDL CENTRALITY

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's website under the tab "Forms," as well as on the BrownGreer website.

## 9. SERVICE ON DEFENDANTS

Counsel for sanofi and the Plaintiffs' Steering Committee (PSC) have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity. As a result of PTO 9, Plaintiffs are not required to effectuate service on the foreign sanofi entities unless otherwise ordered by the Court.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for

McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharma, Inc. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

## 10.  DISMISSAL OF DEFENDANTS

Three entities, who were originally named as Defendants, have been dismissed in all cases pending in the MDL. One entity (Apotex, Inc.) submitted proof by affidavit that it did not manufacture Docetaxel. The other entities, Northstar RX, LLC and Eagle Pharmaceuticals, Inc., submitted proof that they did not manufacture Docetaxel until after the date of infusions alleged in the individual Complaints. The referenced documents are as follows: Northstar RX LLC (Rec. Docs. 320, 324, 333, 335), Eagle Pharmaceuticals, Inc. (Rec. Doc. 319, 332, 336), and Apotex, Inc. (Rec. Docs. 219, 224, 225).

The Defendants have communicated with Plaintiffs and Plaintiffs' Liaison Counsel seeking dismissal in cases where (i) a Plaintiff's PFS identified a different manufacturer of Taxotere/docetaxel, (ii) Plaintiffs' records reflect treatment only with Taxotere/docetaxel manufactured by a different Defendant, and/or (iii) Plaintiffs' records indicate treatment dates prior to the availability of the Defendant's product on the market. Plaintiffs and Defendants are meeting and conferring regarding these requests for dismissal. The PSC and all Defendants agree to make a concerted effort to ensure that only the proper Defendants are named. The PSC and all Defendants are meeting and conferring on a proposed PTO to ensure that the proper Defendant manufacturers are named in a complaint once the Plaintiff attorney receives or obtains information that identifies the product used by the Plaintiff. The parties are prepared to discuss this issue at the status conference.

**11.    PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence.  The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4). Pursuant to negotiations with the U.S. sanofi Defendants, Plaintiffs' Liaison Counsel circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

**12.    PROTECTIVE ORDER**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

**13.    ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

**14.    DISCOVERY OF DEFENDANTS**

Plaintiffs have served jurisdictional discovery and foreign merits discovery and the Sanofi Defendants have responded.  This discovery now is moot, as Plaintiffs and the Sanofi Defendants have reached an agreement to resolve the French sanofi motion to dismiss for lack of jurisdiction (Rec. Doc. 346), French sanofi motion for protective order (Rec. Doc. 542), Plaintiffs' motion to compel jurisdictional discovery (Rec. Doc. 626), and sanofi's motion for disclosure of non-party interested entities or persons (Rec. Doc. 559).  Plaintiffs and Sanofi intend to submit a stipulation to the Court this week that sets forth the terms of this agreement.

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents.  The parties have met and conferred multiple

times about this discovery served by the Plaintiffs. The parties are generally addressing discovery disputes with Magistrate Judge North.

15. **MOTION PRACTICE**

   a. On May 26, 2017, sanofi filed a Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations. (Rec. Doc. 494). Plaintiffs opposed that motion on July 20, 2017. (Rec. Doc. 663). Sanofi replied in support of the motion on August 25, 2017. (Rec. Doc. 771). The Court denied the Motion without Prejudice on October 26, 2017. (Rec. Doc. No. 1034).

   b. On October 3, 2017, Defendants filed a Motion for the entry of a case substitution protocol (Rec. Doc. 888). Plaintiffs opposed this Motion on October 17, 2017. (Rec. Doc. 975). Defendants submitted a reply memorandum on October 20, 2017, which was subsequently entered into the docket on October 27, 2017. (Rec. Doc 1027).

   c. On October 5, 2017, sanofi filed a Motion to permit written discovery on the Trial Pool Plaintiffs. (Rec. Doc. 905). Plaintiffs opposed that motion on October 20, 2017. (Rec. Doc. 1002). Sanofi filed a reply memorandum on October 23, 2017. (Rec. Doc. 1007).

   d. On October 10, 2017, sanofi filed a Motion for entry of a physician contact protocol. (Rec. Doc. 917). Plaintiffs opposed this Motion on October 17, 2017. (Rec. Doc. 976). Sanofi submitted a reply memorandum on October 20, 2017, which was subsequently entered into the docket on October 27, 2017. (Rec. Doc. 1029).

   e. On October 10, 2017, sanofi filed a Motion to compel electronically stored information. (Rec. Doc. 918). Plaintiffs opposed this Motion on October 17, 2017. (Rec. Doc. 977). Sanofi submitted a reply memorandum on October 20, 2017. (Rec. Doc. 1001). This

motion was set for oral argument before Magistrate Judge North on October 26, 2017, and, on the same date, was withdrawn by counsel for sanofi.

**16.    CLASS CERTIFICATION BRIEFING**

Class Certification of a putative Louisiana class of Plaintiffs was denied by the Court on July 17, 2017. (Rec. Doc. 647).

**17.    SETTLEMENT COMMITTEES**

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee and to a sanofi Settlement Committee. Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. Pursuant to PTO 44 (Rec. Doc. 371), the Court appointed a separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants. The chairpersons for each Settlement Committee recently met in person to discuss relevant issues and a process for identifying unfiled cases.

**18.    SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265) the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted.

**19.    NEXT STATUS CONFERENCE**

The Court has announced that the next general status conference will be held on December 15, 2017, at 10:00 a.m. in Judge Engelhardt's courtroom, with the meeting of Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9 a.m. The Court has set up a telephone conference line for the status conference that begins at 10:00 a.m.

To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Dated: November 1, 2017

Respectfully submitted:

| | |
|---|---|
| /s/Dawn M. Barrios<br>Dawn M. Barrios (#2821)<br>**Barrios, Kingsdorf & Casteix, LLP**<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Telephone: 504-524-3300<br>Facsimile: 504-524-3313<br>E-Mail: barrios@bkc-law.com<br><br>*Plaintiffs' Co-Liaison Counsel* | /s/M. Palmer Lambert<br>M. Palmer Lambert (#33228)<br>**Gainsburgh Benjamin David Meunier & Warshauer, LLC**<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Telephone: 504-522-2304<br>Facsimile: 504-528-9973<br>E-Mail: plambert@gainsben.com<br><br>*Plaintiffs' Co-Liaison Counsel* |
| /s/ Douglas J. Moore<br>Douglas J. Moore (Bar No. 27706)<br>**IRWIN FRITCHIE URQUHART & MOORE LLC**<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Telephone: 504-310-2100<br>Facsimile: 504-310-2120<br>E-Mail: dmoore@irwinllc.com<br><br>*Defendants' Liaison Counsel* | /s/ John F. Olinde<br>John F. Olinde (Bar No. 1515)<br>**CHAFFE MCCALL, L.L.P.**<br>1100 Poydras Street<br>New Orleans, LA 70163<br>Telephone: 504-585-7000<br>Facsimile: 504-585-7075<br>E-Mail: olinde@chaffe.com<br><br>*Defendants' Liaison Counsel* |

### CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*