UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : | MDL NO. 2740 |
| LORETTA MOLT and RONALD MOLT, | : | SECTION "N"(5) |
| Plaintiffs | : : | JUDGE ENGELHARDT MAG. JUDGE NORTH |
| vs. | : | |
| SANOFI S.A.; AVENTIS PHARMA S.A.; SANOFI US SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC.; SANOFI-AVENTIS U.S. LLC; SANDOZ, INC., ACCORD HEALTHCARE, INC.; MCKESSON CORPORATION d/b/a MCKESSON PACKAGING; HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC.; HOSPIRA INC.; SUN PHARMA GLOBAL FZE, SUN PHARMACEUTICAL INDUSTRIES, INC. f/k/a CARACO PHARMACEUTICAL LABORATORIES LTD.; PFIZER INC.; ACTAVIS LLC f/k/a ACTAVIS INC.; ACTAVIS PHARMA, INC., | : : : : : : : : : : : : | COMPLANT & JURY DEMAND Civil Action No.: 2:17-CV-08883 |
| Defendants. | | |

## AMENDED SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.  Plaintiff:
    Loretta Molt

2.  Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):
    Ronald Molt

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not Applicable

4. Current State of Residence: Pennsylvania

5. State in which Plaintiff(s) allege(s) injury: Pennsylvania

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      [x] A. Sanofi S.A.

      [x] B. Aventis Pharma S.A.

      [x] C. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      [x] D. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      [x] A. Sandoz Inc.

      [x] B. Accord Healthcare, Inc.

      [x] C. McKesson Corporation d/b/a McKesson Packaging

      [x] D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

      [x] E. Hospira, Inc.

      [x] F. Sun Pharma Global FZE

      [x] G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

      [x] H. Pfizer Inc.

      [x] I. Actavis LLC f/k/a Actavis Inc.

      [x] J. Actavis Pharma, Inc.

2

☐ K. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

   District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

   United States District Court for the Eastern District of Pennsylvania

9. Brand Product(s) used by Plaintiff (check applicable):

   ☒ A. Taxotere

   ☒ B. Docefrez

   ☒ C. Docetaxel Injection

   ☒ D. Docetaxel Injection Concentrate

   ☒ E. Unknown

   ☐ F. Other:

3

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> First date of use: approximately May 29, 2015
> Last date of use: approximately September 11, 2015

11. State in which Product(s) identified in question 9 was/were administered:

> Pennsylvania

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent Hair Loss

13. Counts in Master Complaint brought by Plaintiff(s):

- [x] Count I – Strict Products Liability - Failure to Warn
- [x] Count II – Strict Products Liability for Misrepresentation
- [x] Count III – Negligence
- [x] Count IV – Negligent Misrepresentation
- [x] Count V – Fraudulent Misrepresentation
- [x] Count VI – Fraudulent Concealment
- [x] Count VII – Fraud and Deceit
- [x] Count VIII – Breach of Express Warranty (Sanofi Defendants only)

- [x] Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

| |
|---|
| PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW Section 201, Pa. Code§ 4107(2010).<br><br>See Addendum |

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: | Debra Humphrey, Esq.
(NYS Bar No. 5050448)
Marc J. Bern & Partners LLP
60 East 42nd Street, Suite 950
New York, NY 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
dhumphrey@bernllp.com

5

**Strict Products Liability for Misrepresentation**

Defendants sold the Taxotere, Docefrez, Docetaxel Injection, and Docetaxel Injection Concentrate that Plaintiffs' healthcare providers prescribed for Plaintiffs and that Plaintiffs used.

Defendants misrepresented facts as set forth herein concerning the character or quality of the Taxotere, Docefrez, Docetaxel Injection, and Docetaxel Injection Concentrate that would be material to potential prescribers and purchasers or users of the product.

Defendants' misrepresentations were made to potential prescribers and/or purchasers or users as members of the public at large.

Defendants represented to Plaintiffs, Plaintiffs' healthcare providers, the medical and healthcare community, and the public in general that Taxotere, Docefrez, Docetaxel Injection, and Docetaxel Injection Concentrate had been tested and was found to be safe and effective for the treatment of certain forms of cancer and was free of defects that could and would cause serious side effects, including permanent and irreversible hair loss.

Defendants made false claims and false representations in its documents submitted to Plaintiffs, Plaintiffs' healthcare providers, the public, and healthcare professionals that Taxotere did not present risks related to disfigurement secondary to permanent alopecia.

Defendants' sales representatives met with Plaintiffs' healthcare provider(s), including but not limited to in-person meetings, "window calls," phone calls, office meetings, lunches, dinners, conferences, and presentations to discuss Taxotere prior to Plaintiffs' first Taxotere treatment.

During Defendants' sales representatives and marketing agents' communications with healthcare providers, they made representations that the risk of permanent hair loss associated with Taxotere use was no higher than its competitor's alternatives. Defendants' sales representatives represented to Plaintiffs and Plaintiffs' healthcare providers that once patients who are administered Taxotere complete treatment, their hair would grow back.

Defendants published and disseminated Taxotere safety labels and Patient Information leaflets, which expressly stated that "[o]nce you have completed all your treatments, hair generally grows back." Defendants' Patient Information leaflets contained this statement until at least 2010.

Defendants made representations that the risk of permanent hair loss associated with Taxotere use was no higher than its competitor's alternatives.

Defendants' representations were false.

Defendants knew these representations were false. Defendants disclosed these risks in other markets, such as Europe (in 2005) and Canada (in 2012), but the same warning wasn't provided to American consumers until late 2015.

Defendants' representations were made to induce Plaintiffs and Plaintiffs' healthcare providers to purchase and use Taxotere for Defendants' own financial gain.

Plaintiffs' physicians and others similarly situated relied upon these representations before prescribing Taxotere.

Defendants' misrepresentations were made to potential prescribers and/or purchasers or users as members of the public at large.

Defendants' representations were material, and directly and adversely impacted the risk-benefit analysis taken by plaintiffs' physicians and others similarly situated prior to the administration of Taxotere.

As purchasers or users, Plaintiffs and/or their healthcare providers reasonably relied on the misrepresentations Plaintiffs were persons who would reasonably be expected to use, consume, or be affected by the Taxotere, Docetaxel Injection, Docetaxel Injection Concentrate, and Docefrez.

As a result of the foregoing acts and omissions, Defendants caused Plaintiffs' injuries as alleged.

**Breach of Warranty**

Defendants expressly warranted to Plaintiffs and Plaintiffs' healthcare providers that Taxotere, Docefrez, Docetaxel Injection, and Docetaxel Injection Concentrate were safe and fit for use for the purposes intended, that they did not produce any dangerous side effects in excess of those risks associated with other forms of treatment for cancer, that the side effects they did produce were accurately reflected in the warnings, and that they were adequately tested.

Taxotere, Docefrez, Docetaxel Injection, and Docetaxel Injection Concentrate do not conform to Defendants' express warranties, because is the drugs are not safe, were not adequately tested, and have numerous serious side effects, which are in excess of those risks associated with other forms of treatment and which were not accurately warned about by Defendants.

Defendants' sales representatives met with Plaintiffs' healthcare provider(s), including but not limited to in-person meetings, "window calls," phone calls, office meetings, lunches, dinners, conferences, and presentations to discuss Taxotere prior to Plaintiffs' first Taxotere treatment.

During Defendants' sales representatives and marketing agents communications with healthcare providers, they made statements, comments, and express suggestions that the risk of permanent hair loss associated with Taxotere use was no higher than its competitor's alternatives. Defendants' sales representatives expressly warranted to Plaintiffs and Plaintiffs' healthcare providers that once patients who are administered Taxotere complete treatment, their hair would grow back.

Defendants published and disseminated Taxotere safety labels and Patient Information leaflets, which expressly stated that "[o]nce you have completed all your treatments, hair generally grows back." Defendants' Patient Information leaflets contained this statement until at least 2010.

Defendants' statements were false.

Defendants knew or should have known that, in fact, their representations and warranties were false, misleading, and untrue.

Defendants' misrepresentations were made to potential prescribers and/or purchasers or users as members of the public at large.

These express warranties became part of the basis of the bargain Defendants made with Plaintiffs.

Plaintiffs and their healthcare providers relied on Defendants' express warranties in electing to purchase and use their product.

Members of the medical community, including physicians and other healthcare providers, relied upon the representations and warranties of Defendants for use of Taxotere, Docefrez, Docetaxel

Injection, and Docetaxel Injection Concentrate in recommending, prescribing, and/or dispensing the drugs at issue.

Plaintiffs' physicians and others similarly situated relied upon these representations before prescribing Taxotere.

As a direct and proximate result of the foregoing breaches of warranty, Defendants caused Plaintiffs to suffer the injuries claimed herein.