**APPLICATION FOR RE-APPOINTMENT OF DAWN M. BARRIOS
AS PLAINTIFFS' CO-LIAISON COUNSEL, AS *EX OFFICIO* MEMBER OF THE
PLAINTIFFS' EXECUTIVE COMMITTEE, AND AS PLAINTIFFS' FEDERAL-STATE
LIAISON COUNSEL**

I re-apply to continue in my Court appointed positions as Plaintiffs' Co-Liaison Counsel with M. Palmer Lambert made in Pretrial Order No. 2 (Rec. Doc 104), as an *ex officio* member of the Plaintiffs' Executive Committee ("PEC") made in an Order dated December 28, 2016 (Rec. Doc. 154), and as Plaintiffs' Federal-State Liaison Counsel made in Pretrial Order No. 8 (Rec. Doc. 156). Since my earliest appointment on November 17, 2016, I have spent the great majority of my professional life involved in almost every aspect of the Taxotere MDL. As evidence of my commitment to the MDL and Your Honor, Barrios, Kingsdorf & Casteix, LLP has devoted more hours to this MDL than any other case or MDL in our office since my appointment.

**PROFESSIONAL EXPERIENCE IN COMPLEX LITIGATION**

Complex litigation has been my practice's focus since 1992 with my first appointment to a Plaintiffs' Steering Committee ("PSC") in a state-wide class action. The MDL work that interests me the most is as Liaison Counsel as it is an important position that must strive for efficiency, is rooted in communication between the Court, the Plaintiff and Defense leadership, and all plaintiffs' counsel, and that provides support for any component of an MDL. My Court and leadership appointments have been in cases from coast to coast over the past 20 years, and my positions (other than in the Taxotere MDL) in the Eastern District of Louisiana have been in the following: MDL 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation;* MDL 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010;* MDL 2047, *In re*: *Chinese-Manufactured Drywall Products Liability Litigation;* MDL 1657, *In re: Vioxx Products Liability Litigation;* MDL 1643, *In re: Educational Testing Service Litigation* ("ETS); and MDL 1355, *In re: Propulsid Product Liability.*

Pursuant to Pretrial Order No. 69 (Rec. Doc. 1095), I attach my Curriculum Vitae expanding on my qualifications as Exhibit A.

## TAXOTERE RESPONSIBILITIES AND DUTIES

The duties of the Taxotere MDL's Plaintiffs' Co-Liaison Counsel delineated in Pretrial Order No. 1 (Rec. Doc. 4) are broad, varied and touch on every aspect of the MDL. Plaintiffs' Co-Liaison Counsel must be vigilant to anticipate the issues lying ahead, have a schedule that is adaptable to the ever-changing events of the day, and most importantly, brainstorm practical solutions to unique problems. No day is ever the same. It has been an honor and pleasure to work side-by-side with M. Palmer Lambert as Co-Liaison Counsel, a younger attorney with profound attention to detail and with the legal insight of an attorney double his age. I nominate Mr. Lambert to Your Honor to continue with me as Co-Liaison Counsel.

Essentially, Co-Liaison Counsel must have the temperament and communication skills to relay the Court's Orders, instructions, and desires to Lead Counsel, the PSC and all attorneys with Taxotere cases and conversely, after due consideration and much discussion with the PSC and the Defense Liaison Counsel, preview issues that may arise and offer suggestions to the Court on various procedures to make the MDL as efficient as possible. One example of efficiency and innovation suggested to the Court is the Common Benefit Order, Pretrial Order No. 19 (Rec. Doc. 262), which has as its goal the elimination of any fee disputes. And, along with Defense Liaison Counsel, we are currently working on a procedure regarding the fact sheets deficiencies to minimize Court intervention.

Being both organized and experienced with MDL proceedings, Co-Liaison Counsel prepare weekly agendas for the PEC's calls (35 calls to date), the PSC's bi-monthly calls (18 to date), the PSC meetings prior to the Status Conferences with the Court (6 to date), the pre-Court Liaison Counsel meeting with all Liaison Counsel, the Liaison Counsel meeting with the Court, and every other Joint

Report filed after the Status Conferences. These various agendas contain deadlines, both internal and those set by the Court, as well as suggested paths/activities for each aspect of the MDL. Co-Liaison Counsel alternate presenting the Joint Reports in the general status conferences. We oftentimes prepare, and always edit, finalize, and send to Defense Liaison Counsel and/or Chambers the Proposed Orders. We work cooperatively with Ms. Chynna Anderson and Ms. Crystal Lee to ensure the accuracy of the record and organization of the MDL docket.

In the combined roles of Co-Liaison Counsel and as *ex officio* members of the PEC, our daily activities run the gamut from speaking to a paralegal about how to obtain the product identification of the manufacturer, to editing a document and checking citations, to drafting proposed Orders and discussing with Defense Liaison Counsel, to offering guidance to the PSC to ensure the MDL is conducted as efficiently as possible and in a manner acceptable to the Court. We are frequently the Plaintiffs' voices before Your Honor, and always coordinate telephonic or in person conferences with Magistrate Judge North. We weekly, if not daily, communicate with Mr. Moore and Mr. Olinde as well as their co-counsel in an attempt to work cooperatively and to be solution oriented. Other Co-Liaison activities have been, the following:

- Communicate and work with Mr. Jake Woody of BrownGreer on all aspects of Centrality, always striving to improve its function in this MDL.

- Nominated Special Master Kenneth Dejean for the review of matters related to and claimed to be common benefit and assist him in all his tasks.

- Negotiated a rate for Plaintiffs' counsel to obtain records from the retrieval service hired by Sanofi.

- Brainstorm resourceful and effective ways to resolve issues with the defense and the PSC.

In addition to my personal responsibilities as Co-Liaison Counsel and *ex officio* Executive Committee member, my firm has been actively involved in the MDL. Two of my law partners play important roles- Zachary L. Wool is Co-Chair of the Electronically Stored Information ("ESI") committee and works closely with Lead Counsel Karen Menzies on ESI production, attorney document review, and organization of all documents produced in the case, and Bruce S. Kingsdorf is a very active member of the Law & Briefing Committee and argued the Defendants' Motion to Dismiss in your Court. Our associate, Emma K. Schwab, is on the Bellwether Committee reviewing potential and chosen trial plaintiffs, and is an upper tier reviewer of the ESI material produced. Dena White, our senior paralegal, keeps all pleadings and documents organized on our server, monitors the Counsel Contact Forms (PTO 7, Rec. Doc. 155) submitted, and has hundreds of attorneys and paralegals across the country on an email list to distribute all PSC memoranda.

As Plaintiffs' Federal-State Liaison Counsel, the tasks associated with coordinating state court proceedings have just begun as cases have recently been remanded. I pledge to make my best efforts to obtain agreements of coordination and cooperation with various state court proceedings.

In conclusion, I ask the Court to re-appoint me for another term as Plaintiffs' Co-Liaison Counsel, as *ex officio* Member of The Plaintiffs' Executive Committee, and as Plaintiffs' Federal-State Liaison Counsel.

Dated:  November 15, 2017                    BARRIOS, KINGSDORF & CASTEIX, LLP

By:  /s/ Dawn M. Barrios
Dawn M. Barrios (LA Bar Roll #2821)
701 Poydras Street, Suite 3650
New Orleans, Louisiana 70139
Tel: (504) 524-3300
Fax: (504) 524-3313
Email:  barrios@bkc-law.com