IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO ALL CASES | SECTION "N" (5) |

**APPLICATION OF ALEXANDER G. DWYER**
**FOR REAPPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE**

I, Alexander G. Dwyer, pursuant to Pretrial Order No. 69, submit this reapplication for membership on the Plaintiffs' Steering Committee ("PSC") for *In re: Taxotere (Docetaxel) Products Liability Litigation*.

1. **I Remain Willing and Able to Commit To a Time-Consuming Process.**

I remain willing and able to commit the time necessary to litigate this matter in a thorough and expeditious manner. I am currently the Co-Chair of the Privilege, Confidentiality and Protective Orders Committee. As part of this committee, I have assisted in drafting and negotiating the current Protective Order. I also contributed to the ESI Order as it relates to privilege and redactions. I will work to ensure the enforcement of these Orders as litigation proceeds. Additionally, I coordinated with our technology vendor and committee members to implement processes to review documents that contain alleged privileged information and/or redactions to ensure claims of privilege and/or redactions comport with the Protective Order, ESI Order and Federal Rules of Civil Procedure. Plaintiffs have since received Defendants' initial document production, and, as part of the Privilege, Confidentiality and Protective Orders Committee, I am also working with Defendants to resolve some initial issues with respect to this production. Likewise, when Plaintiffs receive Defendants' privilege log, we will proceed in

vetting the privilege assertions and redactions consistent with the above-referenced process I have worked to develop. Naturally, as the volume of production increases in the coming weeks and months, our volume of work will increase.

I'm also on the Discovery Committee. As part of this committee I have aided in the drafting of Plaintiffs' discovery requests and taken part in discussion identifying Defendants' custodians for purposes of deposition. Further, I have participated in numerous discovery meetings and have been trained on the software to help aid in document review. As Co-Chair of the Privilege, Confidentiality and Protective Orders Committee, I work in tandem with the Discovery Committee as well as the document review team evaluating the validity of redactions and assertions of privilege.

In addition to the Privilege, Confidentiality and Protective Orders Committee and the Discovery Committee, I also serve on the Science/Causation Experts Committee. The Committee leadership has methodically interviewed and retained leading experts in the medical and scientific fields germane to the fundamental issues in this case. Similarly, the committee has focused on dispelling Defendants' causation defenses through relevant medical and scientific literature and expert analyses. I have personally worked (and continue to work) with an expert whose opinions go to the threshold issues of the case. I will continue to work with additional experts as they are identified and as our committee responsibilities continue to grow in the coming months as deadlines approach.

2.     **I Have Demonstrated the Ability to Work Cooperatively with Other Counsel.**

I have worked cooperatively with leadership and all counsel on Plaintiffs' Steering Committee as well as with opposing counsel in this matter. I am especially impressed with the

Co-Leads, Liaison Counsel and the Executive Committees' leadership and expertise, which result in a large, cohesive unit working diligently to get this case ready for trial.

   3.   **I Have Professional Experience in this Type of Litigation and A Summary of My Qualifications.**

As previously disclosed in my original application I have significant experience working on various product liability litigations in consolidated state and federal courts throughout the country. In particular, I managed hundreds of cases in *Statewide Silica* MDL, Cause No. 2004-7000, 333rd District Court of Harris County in *In re: Trasylol Products Liability Litigation*, MDL No. 1928 (S.D. Florida), I managed the docket, traveled throughout the country preparing seven cases for trial, and ultimately settled the docket; and, in *In re Paxil Pregnancy Cases* Master Docket No. 3220 (Court of Common Pleas, Philadelphia County), I managed one of the largest Paxil birth defect dockets in the country and traveled throughout the country preparing three bellwether cases for trial, necessitating settlement of the entire inventory two days before jury selection in Philadelphia state court. Since the inception of Kirkendall Dwyer LLP, five years ago, I have continued a broad legal practice, trying a variety of cases to verdict allowing me to continually hone my trial skills while also participating in several product liability MDL actions including but not limited to: *In re Yasmin and Yaz Products Liability Litigation*, MDL No. 2100 (S.D. Illinois); *In re*: *Actos Products Liability Litigation* (Illinois Coordinated Cases); all *In Re: Pelvic Repair System Products Liability Litigation* MDLs, collectively before the honorable, Judge Joseph Goodwin in the Southern District of West Virginia; *In re Xarelto Products Liability Litigation*, MDL No. 2592 (E.D. LA); and, now, this litigation.

In addition to the above-referenced experiences in mass tort litigation, myself and my team are in the process of preparing approximately seventy Transvaginal Mesh bellwether cases

throughout the country for trial. This experience has built on my already well-rounded experience in litigating these types of cases. This experience and training qualifies me to execute my PSC duties with the precision and expertise. I bring these experiences with me when advocating on behalf of the Taxotere Plaintiffs, leading my Committee, supporting my Co-Leads, my Committee Chairs and my other colleagues in this litigation.

**4.     I Am Willing to Commit the Necessary Resources to Pursue this Matter.**

My firm and myself remain willing to commit the necessary resources to this matter to as evidenced by my past performance. And, we will continue to do so until a favorable outcome is obtained for all of the claimants involved in this litigation.

In conclusion, my firm has the necessary financial and human resources to advance this litigation in an efficient manner and to work collaboratively and professionally with the other counsel to ensure this is done.

Dated: November 15, 2017               **RESPECTFULLY SUBMITTED,**

**Kirkendall Dwyer, LLP**

*/s/ Alexander Dwyer*
Alexander Dwyer
Texas Bar No. 24054271
Andrew F. Kirkendall
Texas Bar No. 24050882
adwyer@kirkendalldwyer.com
akirkendall@kirkendalldwyer.com
Kirkendall Dwyer, LLP
440 Louisiana Street, Suite 1901
Houston, TX 77002
Tel: (713) 529-3529
Fax: (713) 495-2331

**Attorney For Plaintiff**

## CERTIFICATION OF SERVICE

      I hereby certify that on November 15, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all CM/ECF participants.

**Kirkendall Dwyer, LLP**

*/s/ Alexander Dwyer*
Alexander Dwyer
Texas Bar No. 24054271
Andrew F. Kirkendall
Texas Bar No. 24050882
adwyer@kirkendalldwyer.com
akirkendall@kirkendalldwyer.com
Kirkendall Dwyer, LLP
440 Louisiana Street, Suite 1901
Houston, TX 77002
Tel: (713) 529-3529
Fax: (713) 495-2331

**Attorney For Plaintiff**