UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**PRETRIAL ORDER NO. 70**
**(Regarding Contact with Physicians)**

The following will govern the parties' interactions with an MDL Plaintiff's prescribing and treating physicians. As used in this order, an "MDL Plaintiff's prescribing or treating physician" is a physician who has one or more patients who have filed a lawsuit (or whose representative has filed a lawsuit) pending in this MDL proceeding alleging that the patient sustained an injury caused by docetaxel. A "prescribing physician" is the physician identified in Plaintiff's Fact Sheet as the physician who prescribed docetaxel to the Plaintiff, as recorded in MDL Centrality; a "treating physician" is the physician who treated the injury alleged in the Plaintiffs' Fact Sheet, as recorded in MDL Centrality.

1. Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician. With respect to any such *ex parte* communications, at least 48 hours before the deposition of the Plaintiff's prescribing or treating physician, Plaintiff's counsel shall disclose to Defendants' counsel each of the following:

    a. the date(s) of each such *ex parte* communication;

    b. the approximate duration of each such *ex parte* communication;

    c. the location of each such *ex parte* communication;

    d. the participants in each such *ex parte* communication; and

    e. the identity of the documents, photographs, or other materials that were shown or provided to the treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication.

2. Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician, except as permitted in paragraph 3 and its subdivisions and except that non-lawyer staff for Defendants' counsel may contact the office of a prescribing or treating physician for purposes of deposition scheduling. Nothing herein shall bar any employee, agent or representative of the Defendants from engaging in communications with physicians in the ordinary course of business.

3. Going forward from the date of this Order, Defendants' counsel may engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively) for the purpose of obtaining physician-experts with respect to the trial Plaintiffs. In addition, Defendants' counsel may retain as expert witnesses up to 20 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively), no matter when the physicians were initially contacted by Defendants' counsel.

    a. All *ex parte* communications by Defendants' counsel with an MDL Plaintiff's prescribing or treating physician prior to any fact deposition conducted of that physician must be limited to non-substantive discussions until the physician has affirmatively expressed a *bona fide* interest in being considered as a retained expert.

b. Defendants' counsel shall not retain physician-experts who are prescribing or treating physicians of the trial Plaintiffs outlined in Case Management Order No. 3 ("CMO 3") [Doc. No. 669], until after those cases are tried, removed from the trial docket, or dismissed.

c. Defendants' counsel shall disclose to Plaintiffs' counsel on the date set forth in CMO 3 for disclosure of testifying experts, the name of any testifying expert who per MDL Centrality has patients who are plaintiffs in the MDL proceeding, and the experts themselves shall have no further affirmative disclosure obligations. No disclosures pursuant to CMO 3 are necessary for consulting experts until such time as an expert is identified as a testifying expert. Consulting experts contacted or retained by Defendants' counsel shall be subject to all of the requirements of this Order to the same extent as testifying experts, except that the disclosure requirements set forth in this subparagraph 3(c) shall not apply to consulting experts until they are identified as testifying experts.

d. Defendants' counsel may communicate with a prospective physician-expert about his or her general clinical experiences with docetaxel, provided the Defendants' counsel shall not communicate with a physician-expert who has acted as a prescribing or treating physician about any of his or her specific patients who has taken docetaxel.

e. The Defendants shall not use a physician as a consulting or testifying expert in a case where that physician's present or former patient is a plaintiff in that case.

f.  Defendants may rely on the disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality at the time the physician-expert is retained, in determining whether a physician is an MDL Plaintiff's prescribing or treating physician. Subsequent disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality shall not impact the count toward the cap in paragraph 3.

g.  The numerical limit in paragraph 3 above is subject to modification by agreement of the parties or by court order for good cause shown. The limitation shall be subject to re-evaluation by the Court should any additional plaintiffs subsequently be selected for discovery or trial.

h.  This order denies in part and grants in part "Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s Motion for Entry of a Protocol Regarding *Ex Parte* Contact With Physicians" [Doc. No. 917]. The Court overrules Defendants' and Plaintiffs' objections to the extent this order is inconsistent with the positions of either party as articulated in their written submissions or oral argument.

New Orleans, Louisiana, this 21st day of November 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**