UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## ORDER AND REASONS

Before the Court is the "Motion to Issue Written Discovery" (Rec. Doc. 904) filed by Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc., which Defendants supplemented (Rec. Doc. 934). The motion is opposed by Plaintiffs (Rec. Doc. 1002).

The "Motion to Issue Written Discovery" is hereby **GRANTED,** subject to the provisions of this Order. It is understood that Defendants shall not propound duplicative discovery requests to that required to be produced in the Plaintiff Fact Sheets (PFS); however, the PFS were never intended to be a substitute for full and complete discovery propounded to potential trial plaintiffs. It was always understood that additional discovery would be necessary with regard to such plaintiffs, as a supplement to that information contained in the PFS. The Court does not find that Defendants' intentions, as set forth in their Supplemental Memorandum[1], to be excessive or unduly

---

[1] In their Supplemental Memorandum, Defendants offer examples of additional discovery they intend to seek:

- At deposition, Plaintiff may identify written communications that she sent to her physicians or to the American Cancer Society, or someone else concerning her cancer, treatment, and/or her alleged injuries;

- At deposition, Plaintiff's physician may testify that he or she provided written documentation to the Plaintiff that might be relevant to her claims or alleged injuries;

burdensome as to these specific "trial pool" plaintiffs. Disputes with regard to such additional discovery are to be brought promptly to the attention of the assigned magistrate judge, ***after*** counsel have conferred in good faith to resolve any objections to such discovery.

The need for additional discovery was discussed at the Steering Committee status conference on July 7, 2017, at which time the Court believed it made clear that such additional limited discovery might be necessary beyond the extensive Plaintiff Fact Sheets. The Court urges all counsel to *be reasonable* with regard to exchanging information necessary to advance this litigation. This matter has progressed well beyond the phase of counsel objecting to routine reasonable discovery requests and placing such disputes on the docket of this Court, thus impeding the progress of this MDL.

New Orleans, Louisiana, this 27th day of November 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

---

- During discovery, medical or other records may be located that identify additional documentary evidence that might be in the Plaintiff's possession but was not required to be produced by the PFS, such as information related to cancer generally, its risks and potential treatment options, and general information concerning the Plaintiff's condition;

- At deposition, Plaintiff may, for the first time, disclose the existence of additional sources of information relevant to her claims and/or alleged injuries, including sources of electronically-stored information (ESI) (*e.g.,* cell phone or laptop that has photographs of Plaintiff); or

- At deposition, Plaintiff may provide incomplete or inconsistent testimony that requires targeted follow-up to develop an accurate and full factual record.

The Court agrees that these examples are reasonable discovery requests.