# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Giambelluca, Denise v. Sanofi SA, et al.*, Case No. 2:16-cv-17251
*Klapper, Maryann Walsh v. Sanofi SA et al.*, Case No. 2:17-cv-00484
*Quick, Tracy Lynn v. Sanofi SA, et al.*, Case No. 2:16-cv-17582
*Drummond, Kimberly v. Sanofi SA, et al.*, Case No. 2:16-cv-16942
*Hylton, Lela v. Sanofi SA, et al.*, Case No. 2:16-cv-17574

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Johnson Becker, PLLC, and the undersigned represents the above-named Plaintiffs in this litigation. Plaintiffs hereby file a Response to the Order to Show Cause No. 2 (Rec. Doc. 1203). Counsel recognizes that these five Plaintiffs are not in compliance with Amended Pre-Trial Order (PTO) No. 22. Unfortunately, and for reasons unbeknownst to Counsel, these Plaintiffs have almost completely ceased contact with Counsel, despite multiple attempts by Counsel and their staff. They have also failed to submit minimal information, including a signed Declaration page, for their Plaintiff Fact Sheet (PFS).

### Plaintiffs Giambelluca, Klapper, Drummond, and Hylton

Counsel had grouped the above named four Plaintiffs in light of their similar fact patterns. Counsel has made several attempts to contact Plaintiffs Giambelluca, Klapper, Drummond, and Hylton, as illustrated below:

1. As to Plaintiff Giambelluca, a Complaint was filed on her behalf on November 21, 2016. Since that time, Counsel and their staff have made no less than 18 contact attempts between the filing of the Complaint to Counsel's last attempt on December 5, 2017.

2. As to Plaintiff Klapper, a Complaint was filed on her behalf on November 21, 2016. Since that time, Counsel and their staff have made no less than 18 contact attempts between the filing of the Complaint to Counsel's last attempt on December 5, 2017.

3. As to Plaintiff Drummond, a Complaint was filed on her behalf on November 15, 2016. Since that time, Counsel and their staff have made no less than 20 contact attempts between the filing of the Complaint to Counsel's last attempt on December 5, 2017.

4. As to Plaintiff Hylton, a Complaint was filed on her behalf on November 21, 2016. Since that time, Counsel and their staff have made no less than 18 contact attempts between the filing of the Complaint to Counsel's last attempt on December 5, 2017.

Counsel and their staff have made an attempt to contact the above Plaintiffs using all means available, including mail, email, and telephone. Counsel has also used the LexisNexis *Accurint* service to attempt to find additional contact information for these Plaintiffs. Several of these communications warned the Plaintiffs that failure to submit a PFS, including a signed Declaration, and failure to provide before and after photographs, would result in the dismissal of her case. Counsel has exhausted all reasonable efforts to contact these Plaintiffs and to bring them into compliance with Amended PTO 22. Despite these warnings, none of the four Plaintiffs have complied with Amended PTO 22, nor have any indicated that they are working on producing PFS/photographs, or contacted Counsel to explain their tardiness or inability or comply. For that reason, Counsel is unable to show cause as to why Plaintiffs Giambelluca, Klapper, Drummond, and Hylton are not in compliance with the Court's Orders.

### Plaintiff Quick

Plaintiff Quick's Complaint was filed on her behalf on November 23, 2016. Since that time, Counsel and their staff have made no less than 23 contact attempts between the filing of the Complaint and November 16, 2017. Counsel informed Plaintiff Quick of her obligation to complete a PFS and to provide photographs on several of these occasions. Then, on November 27, 2017, Ms. Quick retuned correspondence indicating that she had sought and retained a new attorney in the case. Counsel has reached out to Ms. Quick twice since receiving this news in order to properly substitute counsel, but has received no response, nor has Johnson Becker received any correspondence from a newly retained attorney on this matter. Therefore, while Johnson Becker is similarly unable to show cause as to why Plaintiff Quick has failed to comply with Amended PTO 22, Counsel asks for an additional 30 days in order to give Ms. Quick time to submit her materials through her newly retained attorneys, who may have not yet received notice of any deficiency.

Respectfully Submitted,

Dated: December 14, 2017                    **JOHNSON BECKER, PLLC**

/s/ Alexandra W. Robertson
Alexandra W. Robertson, Esq. MN Bar #395619
Timothy J. Becker, Esq. MN Bar #256663
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
(612) 436-1800 (telephone)
arobertson@johnsonbecker.com
tbecker@johnsonbecker.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on December 14, 2017, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

/s/ Alexandra Robertson
Alexandra Robertson