UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  TAXOTERE (DOCETAXEL)   *          16-MD-2740
PRODUCTS LIABILITY LITIGATION  *
                               *          Section N
                               *
                               *
Relates to:  All Cases         *          December 27, 2017
* * * * * * * * * * * * * * * *


STATUS CONFERENCE BEFORE
THE HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE


Appearances:


For the Plaintiffs:          Barrios Kingsdorf & Casteix, LLP
                             BY:  DAWN M. BARRIOS, ESQ.
                             701 Poydras Street, Suite 3650
                             New Orleans, Louisiana 70139


For the Plaintiffs:          Gainsburgh Benjamin David Meunier
                               & Warshauer, LLC
                             BY:  M. PALMER LAMBERT, ESQ.
                             1100 Poydras Street, Suite 2800
                             New Orleans, Louisiana 70163


For the Plaintiffs:          Pendley Baudin & Coffin, LLP
                             BY:  CHRISTOPHER L. COFFIN, ESQ.
                             1515 Poydras Street, Suite 1400
                             New Orleans, Louisiana 70112


For the Plaintiffs:          Gibbs Law Group, LLP
                             BY:  KAREN BARTH MENZIES, ESQ.
                             400 Continental Boulevard
                             El Sugundo, California 90245

Appearances:

For the Plaintiffs:           Simmons Hanly Conroy, LLC
                              BY:  DAVID F. MICELI, ESQ.
                              One Court Street
                              Alton, Illinois 62002


For the Sanofi Defendants:    Irwin Fritchie Urquhart
                                & Moore, LLC
                              BY:  DOUGLAS J. MOORE, ESQ.
                              400 Poydras Street, Suite 2700
                              New Orleans, Louisiana 70130


For the Sanofi Defendants:    Shook Hardy & Bacon, LLP
                              BY:  HARLEY V. RATLIFF, ESQ.
                              2555 Grand Boulevard
                              Kansas City, Missouri 64108


For the Sanofi Defendants:    Shook Hardy & Bacon, LLP
                              BY:  PATRICK OOT, ESQ.
                              1155 F Street NW, Suite 200
                              Washington, DC 20004


For Hospira Worldwide,        Chaffe McCall, LLP
LLC:                          BY:   JOHN F. OLINDE, ESQ.
                              1100 Poydras Street, Suite 2300
                              New Orleans, Louisiana 70163


For Actavis, LLC:             Ulmer & Berne, LLP
                              BY:  MICHAEL J. SUFFERN, ESQ.
                              600 Vine Street, Suite 2800
                              Cincinnati, Ohio 45202


For Sandoz, Inc.:             Greenberg Traurig, LLP
                              BY:  CLIFF MERRELL, ESQ.
                              3333 Piedmont Road NE, Suite 2500
                              Atlanta, Georgia 30305

Appearances:


For McKesson Corporation:      Morrison Foerster, LLP
                               BY:  SAMUEL C. CORTINA, ESQ.
                               12531 High Bluff Drive, Suite 100
                               San Diego, California 92130


Official Court Reporter:       Toni Doyle Tusa, CCR, FCRR
                               500 Poydras Street, Room B-275
                               New Orleans, Louisiana 70130
                               (504) 589-7778




Proceedings recorded by mechanical stenography using
computer-aided transcription software.

<u>**PROCEEDINGS**</u>

**(December 27, 2017)**

**THE COURT:**  I'm in the office with the court reporter.

For plaintiffs on the phone I have Chris Coffin, Karen Menzies, David Miceli, Dawn Barrios, and Palmer Lambert. Anyone else?

For Sanofi I have Harley Ratliff, Patrick Oot, and Douglas Moore.  Anyone else?

For the 505(b)(2) defendants, I think I have John Olinde, Mike Suffern, Cliff Merrell, and Sam Cortina.  Is that everyone?

I've got the two letters from Sanofi and the plaintiffs.  Obviously we have had some issues now with late production of documents by some of these plaintiffs.  There are competing versions of why that happened.  I'm not real interested right now as to whose fault that might be.

As I have said before, I'm not, on the basis of the information I've been provided in a letter, going to sanction any of these plaintiffs for late production.  As we have discussed in court on at least one other occasion, there is a process in place if Sanofi believes that there's a problem with any of the plaintiffs' fact sheets or late production of documents.  If you all want to seek any sort of sanction as a result of that, I think you need to follow the process that's

10:01

1    been set up by Judge Engelhardt.  I don't think anything has

2    changed to give me a different view of that situation.

3              Now, there's something that's obvious to me

4    regardless of why this happened, and that is that it is

5    creating a time crunch for everybody in the case, but certainly

6    for Sanofi lawyers who are trying to take the depositions and

7    the discovery of these plaintiffs.  Obviously, even in the best

8    of circumstances, the schedule that we have got has everything

9    compressed and has everybody working long hours and trying to

10   get all this completed.  I know the crunch of time is one of

11   the reasons that Sanofi asked me to, I guess, sanction

12   plaintiffs in any number of respects.

13             I think the best approach, based on what I have

14   seen thus far -- and I have talked about the matter with

15   Judge Engelhardt -- is that I'm going to very briefly extend a

16   handful of deadlines in the case.  Even though no one has asked

17   me to do that, no one has asked Judge Engelhardt to do it, I do

18   think in looking at the schedule -- and I have discussed the

19   matter with Judge Engelhardt.  I think that that is the most

20   prudent course at this point.  I don't believe it prejudices

21   anyone.  In fact, I know it doesn't prejudice anyone because I

22   have looked at the dates, and I'm going to give you those right

23   now.

24             I've looked at Case Management Order No. 3,

25   which sets forth all of the deadlines for the first set of

10:03

1   plaintiffs, the nine that are subject to discovery now as well

2   as the four that will be selected from that nine for the first

3   trial.  I've gone through CMO No. 3, and I have a handful of

4   deadlines I'm going to extend.  I'm going to tell you all what

5   they are right now, but I'm going to follow up with another

6   case management order that extends certain deadlines.

7           In phased discovery, the following deadlines are

8   going to be extended:

9           The deadline for completion of the first phase

10   of discovery in the cases that are identified in CMO 3, which I

11   believe now amount to nine cases, is going to be extended by

12   21 days to February 27, 2018.

13           The deadline for the parties to nominate four

14   cases to proceed to the second phase of discovery is also going

15   to be extended by 21 days to March 5, 2018.

16           The deadline for the Court to select the primary

17   plaintiff for the first trial date and to rank the remaining

18   three nominated plaintiffs will be extended by 21 days to

19   March 9, 2018.

20           The deadline for completion of phase two

21   discovery of the four trial plaintiffs and all other discovery

22   for the first trial will be extended by 14 days to April 20,

23   2018.

24           The deadline for the parties to file in the

25   record and serve upon their opponents a preliminary list of all

10:05

1   witnesses who may be called to testify at trial is going to be

2   extended by seven days to March 16, 2018.

3                   So the upshot of this status conference is that

4   I'm going to give you all a little bit more time on the current

5   phase to try to resolve these issues.  I think that, as I said,

6   extending those dates and giving everyone a little bit more

7   time and breathing room is the appropriate course to take at

8   this time.

9                   Do you all have anything else that we need to

10  discuss?  I'll start with the plaintiffs.

11          **MR. COFFIN:**  Your Honor, it's Chris Coffin.  I don't

12  think there's anything else we have to discuss.  The only item

13  on the agenda you have covered, so thank you.

14          **THE COURT:**  How about Sanofi?

15          **MR. RATLIFF:**  Thank you, Your Honor.  Really, it was

16  the knock-on effect of having to reschedule these depositions

17  and taking all the other ones that we had to complete by

18  January, which is what prompted the letter that this wasn't

19  just sort of the normal situation.  I think adding this

20  additional time, while certainly we still are frustrated with

21  how documents are produced at depositions, this alleviates what

22  was really, I think, the main aggravating circumstance for us

23  with these late or delayed productions.

24          **THE COURT:**  I think that's what I'm trying to

25  address.  I understand that you all may be frustrated because

10:06

1    some of these late document productions happened on the heels

2    of our last conference and my admonition that that shouldn't

3    happen, but obviously you were taking plaintiffs that there was

4    no time for them to react to that admonition.

5                 Obviously, as far as the plaintiffs are

6    concerned, counsel for the plaintiffs who are on the phone, you

7    all have to find a way to coordinate or to communicate with the

8    other individual plaintiffs' counsel that this cannot become a

9    matter of routine.

10                I understand there are various reasons that you

11   all have given me for why these things have happened.  As we

12   move forward, we have to have a better level of certainty that

13   everything has been produced before these lawyers travel

14   somewhere to sit down and take these depositions.  They

15   shouldn't have to be shutting down depositions in the middle to

16   spend an hour and a half looking at new documents.  That has to

17   be remedied.  If it continues, we are probably going to have a

18   different discussion.

19                **MR. RATLIFF:**  Thank you, Your Honor.

20                **THE COURT:**  I will see you all in a couple weeks here

21   in court.  Thank you.

22                (Proceedings adjourned.)

23                              * * *

24

25

1
## CERTIFICATE

2          I, Toni Doyle Tusa, CCR, FCRR, Official Court

3 Reporter for the United States District Court, Eastern District

4 of Louisiana, certify that the foregoing is a true and correct

5 transcript, to the best of my ability and understanding, from

6 the record of proceedings in the above-entitled matter.

7

8

9                               *s/ Toni Doyle Tusa*
                               Toni Doyle Tusa, CCR, FCRR
10                              Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25