UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

CLERK'S OFFICE
A TRUE COPY
Jan 02 2018
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2740

## TRANSFER ORDER

**Before the Panel:*** Plaintiff in the action listed on Schedule A moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2740. Defendants Sanofi-Aventis U.S., LLC, and Sanofi U.S. Services Inc. initially opposed the motion to vacate, but later withdrew their opposition.

After considering the argument of counsel, we find this action involves common questions of fact with the actions transferred to MDL No. 2740, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. No party disputes that this action shares questions of fact with MDL No. 2740. Like many of the already-centralized actions, it involves factual questions arising from allegations that Taxotere (docetaxel), a chemotherapy drug, causes permanent hair loss, that defendants were aware of this possible side effect and failed to warn patients, and that defendants marketed Taxotere as more effective than other chemotherapy drugs when other drugs were equally effective without causing permanent hair loss. *See In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, 220 F. Supp. 3d 1360 (J.P.M.L. 2016).

In support of the motion to vacate, plaintiff argues that (1) federal subject matter jurisdiction is lacking; (2) plaintiff's motion for remand to state court is pending; and (3) transfer would cause her undue delay. Jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). We also are not convinced that any purported delay makes transfer unwarranted. While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

---

* Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Kurt D. Engelhardt for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
R. David Proctor             Catherine D. Perry

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION                          MDL No. 2740

## SCHEDULE A

District of Delaware

17-cv-17508 N(5)   BUTLER v. SANOFI U.S. SERVICES INC., ET AL., C.A. No. 1:17-01057