UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

### PRETRIAL ORDER NO. 74
[Procedures for Withdrawal of Plaintiff's Counsel]

This Order governs the procedure for all pending and future Motions for the Withdrawal of Plaintiff's Counsel.

1. In addition to satisfying the requirements of Local Rule 83.2.11 of this Court and the applicable state Rules of Professional Conduct, a Motion for the Withdrawal of Plaintiff's Counsel which would leave the plaintiff unrepresented, even temporarily, requires leave of Court and must be accompanied by the following to be considered by the Court:

    (a) a written certification by moving counsel that Defendants' Liaison Counsel and the Contact Counsel for each named and served Defendant[1] have been contacted in writing at least fourteen (14) days prior to the filing of the motion and all served Defendants have responded in writing with either their consent to or no intention to oppose the motion, or have responded in writing that the motion is opposed. Absent such written certification, the Clerk of Court is directed not to accept the motion for filing;

---

[1] See Exhibit "A" to this Order for the current list of names of Contact Counsel for each Defendant.

1

(b) a written statement by moving counsel indicating whether or not each Plaintiff subject to the motion has communicated to moving counsel an objection to the requested withdrawal, and whether the Plaintiff has communicated an intention to obtain other counsel, and, if so, also has indicated the expected length of time required to do so. When moving counsel has been unable to communicate with the Plaintiff due to Plaintiff being unresponsive to Plaintiff's counsel's efforts to communicate with Plaintiff, moving counsel, as required by Local Rule 83.2.11, must submit in an affidavit (1) a statement that all reasonable efforts were made to communicate with the Plaintiff, such as by telephone, email, text message and certified mail, return receipt requested, and (2) detailed information for each attempted communication.  Moving counsel shall attach to the affidavit copies of the return receipts of any certified letters mailed to the Plaintiff in the course of efforts to communicate with her, and also shall preserve for potential Court review *in camera* copies of all text messages, emails and letters sent in the course of efforts to communicate with the Plaintiff. Moving counsel's inability to communicate with the client will not necessarily result in permission to withdraw as counsel;

(c) a written statement by moving counsel indicating whether or not (1) each Plaintiff subject to the motion has complied with Amended Pretrial Order No. 22 (Rec. Doc. 325), which requires service via MDL Centrality of a Plaintiff Fact Sheet (PFS) in these proceedings within seventy-five (75) days from the date the case is docketed in this MDL, or is otherwise timely if the law firm has more than twenty-five (25) PFS due on the same day and (2) such Plaintiff is subject to a show cause order. If the Plaintiff does not comply with Court Orders (including the submission of a

completed PFS) as a result of being out of communication with the moving counsel, the Court may in its discretion dismiss the Plaintiff's case.

2. This Order shall apply to motions filed hereafter and previously filed but still pending motions of Plaintiff's counsel to withdraw, and counsel seeking to withdraw shall amend or supplement the motion in order to comply with the provisions of this Order.

3. All motions of Plaintiffs' counsel to withdraw, which are opposed by one or more Defendants, shall be noticed for hearing by moving counsel only on a date specified by the Court as the date for a general status conference in these proceedings, and any needed argument on such motions will be conducted immediately following the status conference on that date. For a motion to withdraw as counsel to be noticed for hearing at the status conference, however, the motion must be filed at least twenty-one (21) days before the conference.

New Orleans, Louisiana, this 4th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**