**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                SECTION "N" (5)

THIS DOCUMENT RELATES
TO ALL CASES

**PRETRIAL ORDER NO. 71A**
**[Replacing Pretrial Order No. 71 Governing Plaintiffs' Responsibilities Relevant to ESI]**

This Pretrial Order No. 71A amends and supersedes Pretrial Order No. 71 (Rec. Doc. 1306) to provide Plaintiffs additional time to comply with the obligations set forth in the original Pretrial Order No. 71.

Concerned that certain Plaintiffs in this MDL do not appear to have adequately and timely produced responsive electronically stored information ("ESI") as required by the Plaintiff Fact Sheet ("PFS"), the Court enters this Order governing Plaintiffs' identification, preservation, collection, and production of ESI. The Court also orders all Plaintiffs and their counsel to review and familiarize themselves with the revised "Guidance Regarding Potential Sources of Electronically Stored Information," attached here as Exhibit A.

1.      **Applicability**. This Order applies to all Plaintiffs in MDL 2740 and shall govern all document requests served on Plaintiffs, including the document requests in Section IX of the PFS and any future requests for production that may be served by Defendants.

2.      **Sources of ESI**. To the extent a plaintiff used or maintained any of the following ESI sources five (5) years prior to her docetaxel treatment or any time since her treatment, each plaintiff shall search the following sources for responsive ESI, regardless of whether such sources are currently in use by that plaintiff: (i) any email accounts used by plaintiff; (ii) any electronic

devices used by plaintiff (e.g., desktop or laptop computers, tablets, mobile phones, digital cameras); (iii) any other hardware storage devices used by plaintiff (e.g., external hard drives, memory cards, USB or thumb drives, CDs/DVDs); (iv) any social media used by plaintiff (e.g., Facebook, Instagram, LinkedIn, Twitter, MySpace, YouTube, Pinterest, or other online collaboration tools such as Google+ or Yahoo! groups); (v) any website where a plaintiff made online postings (e.g., on a blog, message board, etc.); (vi) any cloud storage used by plaintiff (e.g., DropBox, Microsoft Office365 Account, Google Drive, iCloud, Amazon Drive, etc.).

3.      **Search obligations**. Each plaintiff shall do reasonable searches on each of the sources identified in ¶ 2 of this Order (to the extent they exist) to identify and collect potentially responsive ESI for counsel review. Reasonably diligent searches may require running search terms; reviewing files, communications, videos, and photographs; or otherwise conducting an actual, physical search of the sources. Plaintiff's counsel shall take an active role in identifying, preserving, collecting, reviewing, and producing all responsive ESI. To the extent individual plaintiff's counsel has questions regarding these obligations, counsel shall consult with Plaintiffs' Liaison Counsel (Palmer Lambert and Dawn Barrios), Karen Barth Menzies or Plaintiffs' ESI Consultant, Paul McVoy, for clarification.

4.      **Search terms**. Where feasible, each plaintiff or her attorney shall run the following terms through any available search function on the sources identified in ¶ 2. Each term should be run separately: (a) breast cancer; (b) cancer; (c) chemotherapy; (d) chemo; (e) hair loss; (f) hair; (g) bald; (h) taxotere; (i) docetaxel; (j) taxane; (k) alopecia; (l) sanofi; (m) pharmaceutical; (n) side effect; (o) warning; and any other terms likely to retrieve a ESI response to a request for production.

5.      **Production format**. Plaintiffs shall produce all responsive ESI in a manner that preserves any metadata. To the extent individual plaintiff's counsel needs assistance in how to

properly preserve responsive metadata, counsel shall consult with Plaintiffs' Liaison Counsel (Palmer Lambert and Dawn Barrios), Karen Barth Menzies, or Plaintiffs' ESI Consultant, Paul McVoy.[1]

      **6.**      **Disclosures**. Each plaintiff shall provide a written statement to Defendants signed by the plaintiff and her attorney, which shall be produced along with the responsive documents. To the extent that a plaintiff's PFS and responsive documents are due, pursuant to Amended Pretrial Order No. 22 (Rec. Doc. 325), within 105 days of December 15, 2017, i.e., the date of entry of the original Pretrial Order No. 71 (Rec. Doc. 1306), that plaintiff shall have 105 days from the date the PFS is due to produce the written statement. To the extent that a plaintiff's obligation to produce responsive documents has already come due by way of a previously submitted PFS or other request for production by Defendants as of the date of this Order, that plaintiff shall have 105 days from December 15, 2017 to produce the written statement.[2] Notwithstanding the above deadlines, plaintiffs identified in Case Management Order No. 3 (Rec. Doc. 669) and Case Management Order No. 8A (Rec. Doc. 1099) shall have forty-five (45) days from December 15, 2017 to produce the written statement.  Plaintiffs subject to any future Bellwether Trial Case Management Orders, and who have not already completed the disclosure within the above described time period, shall have twenty (20) days from the date of selection to produce the written

---

[1] E-mail: counsel can collect the relevant .OST and .PST files from Outlook. See how to add email accounts to Outlook at https://support.office.com/en-us/article/Outlook-email-setup-6e27792a-9267-4aa4-8bb6-c84ef146101b. **Facebook**: see how to download Facebook data at https://www.facebook.com/help/131112897028467. iPhone: see how to download iPhone data at https://support.apple.com/en-us/HT203977. Computer zip files: see how to collect loose files using a .ZIP file at https://support.microsoft.com/enus/help/14200/windows-compress-uncompress-zip-files.

[2] In the event any single law firm has more than fifty (50) written statements due on the same date for plaintiffs whose obligation to produce responsive documents has already come due by way of a previously submitted PFS or other request for production by Defendants as of December 15, 2017, that firm shall submit to Defendants at fifty (50) written statements in accordance with the above schedule, an additional fifty (50) written statements within forty-five (45) days of those submissions; and any additional written statements within forty-five (45) days of those submissions.

statement. The written statement may be uploaded to MDL Centrality within the deadlines set forth in this Order and shall provide:

a. A description of any employer-owned email accounts, other individuals or other locations, and resources where responsive ESI may exist; and

b. A description of unique, non-duplicative ESI within the scope of discovery that was lost or destroyed and whether plaintiff used any consumer backup tools (e.g., Carbonite, Backblaze, Crashplan, etc.).

7.      **Rule 26(g) certification**. Any statement, declarations or certifications made by a plaintiff or her attorney regarding information and documents produced in discovery in this litigation, including the PFS declaration and the disclosure required under ¶ 5 of this Order, shall be subject to Rule 26(g)(3).

New Orleans, Louisiana this 26th day of January 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**