UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)           MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                      SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

### JOINT REPORT NO. 7 OF LIAISON COUNSEL
### (Status Conference, December 15, 2017)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 7 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, excluding voluntary dismissals, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the JPML.  As of December 12, 2017, excluding voluntary dismissals, there are approximately 7,500 cases pending in the MDL before the Honorable Kurt D. Engelhardt.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings have been filed in California, Missouri, New Jersey, and Delaware. Most of these state court proceedings were removed to federal court. The Court ruled on remand motions on August 30, 2017. (Rec. Doc. 781).  The Court received supplemental briefing on whether two California multi-plaintiff cases could be severed prior to

remand and that issue remains pending before the Court. New information has been presented to sanofi regarding McKesson's role in distributing docetaxel as to some plaintiffs in the two multi-plaintiff cases pending in the MDL---*Ernyes-Kofler* (case no. 2:17-cv-03867) and *McCallister* (case no. 2:17-cv-02356). Both cases were subject to Plaintiffs' Motion to Remand. Counsel for sanofi requested the Court to withhold ruling on the remand/severance issue in these two cases to allow them time to collect the necessary declarations and complete their investigation, and submit this information to the Court. Plaintiffs request that the Court allow counsel in these two cases a reasonable period of time to submit a reply after receiving sanofi's additional briefing.

The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only). The parties also continue to make efforts to identify the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings, and to provide the call-in number for the status conferences, should they wish to join. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court.

Three California cases in different counties have been assigned at least one Taxotere case. Federal-state Liaison Counsel provided the Court with the names and contact information for these 3 state court judges.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.7.

The Court has issued the following important Pretrial Orders (sometimes "PTO")

since the October 27, 2017 Status Conference:

  a. **Pretrial Order No. 68** (Rec. Doc. 1085) entered November 9, 2017 setting Deadlines following October 27, 2017 meeting with Steering Committees regarding ESI Guidance.

  b. **Pretrial Order No. 69** (Rec. Doc. 1095) entered November 14, 2017 setting deadline for submission of applications for Court appointed positions with MDL 2740 as November 15, 2017.

  c. **Pretrial Order No. 70** (Rec. Doc. 1137) entered November 21, 2017 regarding contact with physicians.

  d. **Pretrial Order No. 71** (Rec. Doc 1306) entered December 15, 2017 regarding Plaintiffs' Responsibilities Relevant to ESI.

  e. **Pretrial Order No. 72** (Rec. Doc. 1462) entered January 4, 2018 regarding dismissal of the French Sanofi Defendants per Stipulation.

  f. **Pretrial Order No. 73** (Rec. Doc. 1463) entered January 4, 2018 regarding Revised Exemplar Short Form Complaint.

  g. **Pretrial Order No. 74** (Rec. Doc. 1470) entered January 4, 2018 regarding Procedures for Withdrawal of Counsel.

  h. **Pretrial Order No. 75** (Rec. Doc. 1507) entered January 12, 2018 regarding Reappointment of Counsel in MDL 2740.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.7. The Court has issued the following Case Management Orders since the October 27, 2017 Status Conference:

  a. **Case Management Order No. 8A** (Rec. Doc. 1099) entered on November 14, 2017 superseding CMO No. 8 for setting the trial scheduling order for the second bellwether trial on January 28, 2019.

  b. **Case Management Order No. 9** (Rec. Doc. 1100) entered November 15, 2017 setting the Deposition Protocol.

    c. **Case Management Order No. 10** (Rec. Doc. 1168) entered December 6, 2017 setting forth the Protocol for Phase I Discovery of Cases Identified in CMO No. 8A.

    d. **Case Management Order No. 11** (Rec. Doc. 1430) entered December 27, 2017 extending Certain Deadlines in CMO No. 3.

    e. **Case Management Order No. 12** (Rec. Doc. 1506) entered January 12, 2018 setting forth a Process for Obtaining Product Identification for Multi-Defendant Cases.

The parties will meet and confer and submit Case Management Orders for the third, fourth and fifth trial dates in 2019.

**5.**  **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to PLC at taxotere@ bkc-law.com. This information must be kept current by each counsel and will be relied upon throughout the litigation. PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

**6.**  **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Master Long Form Complaint was filed on March 31, 2017. (Rec. Doc. 312). On April 16, 2017, the Court issued Pretrial Order No. 37 (Rec. Doc. 318), attaching the exemplar Short Form Complaint (Rec. Doc. 318-1) as Exhibit A to the Order to be used by counsel when filing complaints as provided by Pretrial Order No. 37 (Rec. Doc. 318) and Pretrial Order No. 15 (Rec. Doc. 230). On April 18, 2017, the Court issued Pretrial Order No.

41 (Rec. Doc. 331), which granted Plaintiffs' Co-Liaison Counsel's Consent Motion to Amend Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec. Doc. 318) to allow for the names of Plaintiff(s) and Defendant(s) to be inserted into the case caption of the exemplar Short Form Complaint. Thus, Pretrial Order No. 41 (Rec. Doc. 331) ordered that Exhibit A to Pretrial Order No. 37 (Rec. Doc. 318-1) be amended to reflect the updated version of the exemplar Short Form Complaint.

Due to issues with the proper naming of some Defendants, the parties filed a Stipulation Concerning Amendments to Plaintiffs' Master Long Form Complaint, Exemplar Short Form Complaint and Plaintiff Fact Sheet (Rec. Doc. 642). Thereafter, Plaintiffs, through the Plaintiffs' Steering Committee, filed an Unopposed Motion for Leave to File First Amended Master Long Form Complaint, for Substitution of Revised Plaintiff Fact Sheet, and for Substitution of Revised Exemplar Short Form Complaint (Rec. Doc. 613), requesting that the Court replace the current exemplar Short Form Complaint (Rec. Doc. 318-1), or Exhibit A to Pretrial Order No. 37, with the revised exemplar Short Form Complaint attached as Exhibit C (Rec. Doc. 673-3) to Plaintiffs' motion. The Court then entered Pretrial Order No. 55 (Rec. Doc. 688), which granted Plaintiffs' motion. Thus, Plaintiffs' First Amended Master Long Form Complaint was entered into the record (Rec. Doc. 689), and the revised exemplar Short Form Complaint, which was attached as Exhibit C (Rec. Doc. 673-3) to Plaintiffs motion, was substituted in place of the exemplar Short Form Complaint (Rec. Doc. 318-1) found as Exhibit A to Pretrial Order No. 37 (Rec. Doc. 318).

On August 30, 2017, the Court granted Defendants' Motion to Dismiss Plaintiffs' Master Long Form Complaint (Rec. Doc. 489) as to Count II and Count VIII of Plaintiffs' Master Long Form Complaint. *See* Pretrial Order No. 61 (Rec. Doc. 877). Moreover, under

the Stipulation of Terms Related to Defendants, Sanofi and Aventis Pharma S.A. (Rec. Doc. 1072) ("French Defendants") are dismissed without prejudice from all MDL cases. (See Section 10 below). Thus, on December 14, 2017, Defendants, through Defendants' Liaison Counsel filed Defendants' Consent Motion for Substitution of Second Amended Exemplar Short Form Complaint (Rec. Doc. 1254), requesting that the Court grant the motion and replace the revised exemplar Short Form Complaint, which can be found as Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec. Doc. 318), with the proposed Second Amended Exemplar Short Form Complaint, which was attached as an Exhibit (Rec. Doc. 1254-2) to the motion.

On January 4, 2018, the Court entered Pretrial Order No. 73 (Rec. Doc. 1463), granting Defendants' Consent Motion for Substitution of Second Amended Exemplar Short Form Complaint (Rec. Doc. 1254) and attaching the approved version of the Short Form Complaint (Rec. Doc. 1463-1), which indicates it is the effective version of the form as of December 21, 2017.[1] Moreover, the Court replaced the revised exemplar Short Form Complaint, which can be found as Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec. Doc. 318), with the approved Short Form Complaint. Plaintiffs' Liaison Counsel cautions all Plaintiffs that this update of the exemplar Short Form Complaint does not require that an individual plaintiff who previously filed a Short Form Complaint on an old version of the

---

[1] While the version of the Short Form Complaint adopted by this Court is substantively the same as the proposed Second Amended Short Form Complaint (Rec. Doc. 1254-2) submitted by counsel, the Court has made changes to the title of the Short Form Complaint. The Court-approved version of the Short Form Complaint that is attached to Pretrial Order No. 73 as Exhibit A (Rec. Doc. 1463-1) and also found as Exhibit A (Rec. Doc. 318-1) is entitled "Short Form Complaint (Effective as of December 21, 2017)" for purposes of clarity. Furthermore, the Court has inserted a footnote after this title to explain that this version of the Short Form Complaint shall supersede all other versions and should be the only version used for future filings.

form file a new Short Form Complaint on the updated version of the form.

However, if it is necessary for counsel to file a new member case or amend a previously filed Short Form Complaint, Counsel should ONLY use the Court-approved Short Form Complaint effective as of December 21, 2017, which is available on the Court's MDL 2740 website under the "Forms" tab or through MDL Centrality.  Counsel are cautioned not to use old versions of the Short Form Complaint that have come from the record or elsewhere, or their filing will be marked "Deficient" by the Clerk's Office. Counsel are further advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint.

Should any Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[2] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Plaintiffs' counsel must email each request[3] for consent to Defendants' Liaison Counsel, Douglas Moore, dmoore@irwinllc.com, and John Olinde, Olinde@chaffe.com, who will forward the request to the appropriate attorneys for a response. If consent is obtained, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel. If consent is not granted, the motion for leave to amend the pleadings must be filed as an opposed motion.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case.   Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, Plaintiffs cannot

---

[2] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[3] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

"notice" a voluntary dismissal of all Defendants without prejudice. They must either move to dismiss, get stipulation to dismiss, or dismiss with prejudice. In any case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet ("PFS") and accompanying disclosures. In addition, with a motion, the Plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

   Counsel should note the rules of the PFS in several Pretrial Orders:

   a. Amended PTO 22 (Rec. Doc. 325) sets forth service of PFSs and Defendant Fact Sheets ("DFS") and deadlines for service and deficiencies;

   b. PTO 23 (Rec. Doc. 280) amends Exhibit A which are the authorizations to PFS (Rec. Doc. 280);

   c. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

   d. PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1).

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017).

As December 12, 2017, Plaintiffs have served 2,063 PFSs, and 662 PFSs are in progress. Based on the PFSs received as of December 12, 2017, 2017, they divide among

Defendants as follows: 1,076 sanofi, 143 Hospira, 57 Sandoz, 47 Accord, 405 Unknown, 118 Blank, 214 Other/Miscellaneous. The parties continue to confer on the status of photographic evidence submitted with fact sheets with PLC advising all Plaintiffs' counsel of the Court's statements on this issue, and enclosing copies of the transcript where the Court expressed its expectation, the descriptions of Plaintiffs' injuries in the Short Form complaints, the Deficiency Notices issued, and the status of product identification in multi-defendant cases.

Under Amended PTO 22 ¶ 5, sanofi identifies the approximately 89 cases attached hereto as Appendix C.7 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, Sanofi identifies the approximately 228 cases attached hereto as Appendix D.7 where Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, Sanofi also identifies the approximately 248 cases attached hereto as Appendix E.7 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22.

Under PTO 22 ¶ 5, the 505(b)(2) Defendants identify the approximately 9 cases attached hereto as Appendix F.7 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended

PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants identify the approximately 4 cases attached hereto as Appendix G.7 where the 505(b)(2) Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. The 505(b)(2) Defendants accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants also identify the approximately 4 cases attached hereto as Appendix H.7 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22.

Subject to these provisions, both Sanofi and the 505 (b)(2) Defendants identify 122 cases attached hereto as Appendix I.7 where Plaintiffs have failed to cure deficiencies identified in Joint Report No. 6 of Liaison Counsel, Appendices C, D, E, F, G, H (Rec. Docs. 1064-3, 1064-4, 1064-5, 1064-6, 1064-7, and 1064-8). Under the authority of Amended PTO 22 and the Court's Order to Show Cause No. 2 (Rec. Doc. 1103), each Plaintiff listed on Appendix I.7 has been ordered to Show Cause by December 15, 2017 in writing, limited to two (2) double-spaced pages, on why Plaintiff's case should not be dismissed. *See* Order to Show Cause No. 2 (Rec. Doc. 1103). Defendants are not required to submit a response unless otherwise ordered by the Court. Any Plaintiff who has not complied with these requirements is subject to dismissal.

## 8. MDL CENTRALITY

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's

MDL 2740 website under the tab "Forms," as well as on the BrownGreer website.

The parties are working on non-substantive changes to the PFS on MDL Centrality. Once the changes have been made, PLC will give notify all counsel who have signed and submitted a Counsel Contact Form. The new PFS will be put on the Court's website as well as on MDL Centrality.

9. **SERVICE ON DEFENDANTS**

Counsel for sanofi and the Plaintiffs' Steering Committee ("PSC") have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity. Sanofi acknowledges that service of a complaint naming Winthrup US may be made on Sanofi-aventis U.S. LLC.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharma, Inc. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

10. **DISMISSAL OF DEFENDANTS**

Three entities, who were originally named as Defendants, have been dismissed in all cases pending in the MDL. One entity (Apotex, Inc.) submitted proof by affidavit that it did not manufacture Docetaxel. The other entities, Northstar RX, LLC and Eagle Pharmaceuticals, Inc., submitted proof that they did not manufacture Docetaxel until after the date of infusions alleged in the individual Complaints. The referenced documents are as follows: Northstar RX LLC (Rec. Docs. 320, 324, 333, 335), Eagle Pharmaceuticals, Inc. (Rec. Doc. 319, 332, 336),

and Apotex, Inc. (Rec. Docs. 219, 224, 225).

The Defendants have communicated with Plaintiffs and PLC seeking dismissal in cases where (i) a Plaintiff's PFS identified a different manufacturer of Taxotere/docetaxel, (ii) Plaintiffs' records reflect treatment only with Taxotere/docetaxel manufactured by a different Defendant, and/or (iii) Plaintiffs' records indicate treatment dates prior to the availability of the Defendant's product on the market. Plaintiffs and Defendants are meeting and conferring regarding these requests for dismissal. The PSC and all Defendants agree to make a concerted effort to ensure that only the proper Defendants are named. The PSC and all Defendants are meeting and conferring on a proposed PTO to on Product Identification to ensure that the proper Defendant manufacturers are named in a complaint. The parties are prepared to discuss this issue at the status conference.

On November 3, 2017 the parties filed Stipulation of Terms Related To Defendants, Sanofi and Aventis Pharma S.A. (Rec. Doc. 1072). At the Court's request, the parties have drafted an *en globo* Motion to Dismiss the French Defendants from all cases in the MDL. (The exemplar Short Form Complaint has also been amended to remove these entities.) Counsel do not have to move to dismiss the French Defendants in any individual case.

## 11. PRESERVATION ORDER

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4). Pursuant to negotiations with the U.S. sanofi Defendants, PLC circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

## 12. PROTECTIVE ORDER

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

13. **ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5,2017 as PTO 49 (Rec. Docs. 611-1, 613). The sanofi Defendants filed a Motion to Compel Production of Electronically Stored Information. (Rec. Doc. 918). The Plaintiffs opposed the motion. (Rec. Doc. 977). The Motion was withdrawn by the sanofi Defendants. At the October 27, 2017 Steering Committee Meeting and Status Conference, the Court requested that the parties make letter submissions concerning issues related to Plaintiffs' production of photographs and ESI. On December 15, 2017 the Court issued Pretrial Order No. 71 (Rec. Doc 1306) regarding Plaintiffs' Responsibilities Relevant to ESI. This Order requires specified searches and certification of compliance by both Plaintiff and Plaintiffs' Counsel. If a PFS or other request for production by Defendants as of the date of the Order has been previously submitted, both counsel and the Plaintiff have 45 days from the date of this Order to provide the written statement described in paragraph 6 of the Order. Forty-five (45) days from the date of the Order is Monday, January 29, 2018.

14. **DISCOVERY OF DEFENDANTS**

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. The parties have met and conferred multiple times about this discovery served by the Plaintiffs. The parties are generally addressing discovery disputes with Magistrate Judge North. The future dates scheduled by Magistrate Judge North are December 27, 2017 at 10:00 CT (telephonic) and January 9, 2018 at 10:00 CT (in person status conference).

Plaintiffs recently served merits discovery on Accord Healthcare, Inc., the

Hospira/Pfizer Defendants, and Sandoz Inc. Plaintiffs and these Defendants intend to meet and confer regarding this discovery and generally will address any disputes before Magistrate Judge North.

15. **MOTION PRACTICE**

   a. On May 26, 2017, sanofi filed a Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations. (Rec. Doc. 494). The Court denied the Motion without Prejudice on October 26, 2017. (Rec. Doc. No. 1034).

   b. On October 3, 2017, Defendants filed a Motion for the entry of a case substitution protocol (Rec. Doc. 888). The Court denied the Motion without prejudice. (Rec. Doc. 1136)

   c. On October 5, 2017, sanofi filed a Motion to permit written discovery on the Trial Pool Plaintiffs. (Rec. Doc. 905). The Court granted the motion. (Rec. Doc. 1138)

   d. On October 10, 2017, Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s filed a Motion for Entry of a protocol Regarding *Ex Parte* Contact With Physicians. (Rec. Doc. 917). The Court entered Pretrial Order 70 Regarding Contact with Physicians, denying it in part and granting it in part. (Rec. Doc. 1137).

16. **CLASS CERTIFICATION BRIEFING**

   Class Certification of a putative Louisiana class of Plaintiffs was denied by the Court on July 17, 2017. (Rec. Doc. 647).

17. **SETTLEMENT COMMITTEES**

   Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee, and to a sanofi Settlement Committee, and in PTO 44 (Rec. Doc. 371) a

separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants. Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. The sanofi Settlement Committee and the Plaintiffs' Settlement Committee recently met in person to discuss relevant issues. The 505(b)(2) Defendants' Settlement Committee and the Plaintiff's Settlement Committee continue to have dialogue. The Chairs of each Settlement Committee met with the Court at the conclusion of the Status Conference.

Counsel are reminded of the reporting requirements to identify unfiled cases of PTO 60 (Order Regarding the Collection of Data of Potential Claimants by the Plaintiffs' Settlement Committee) (Rec. Doc. 819). The next date to update the form required by PTO 60 is December 31, 2017.

### 18. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

In PTO 20 (Rec. Doc. 265) the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted. The Court and the Special Master will have a telephonic conference next week.

### 19. NEXT STATUS CONFERENCE

The Court has announced that the next general status conference will be held on March 7, 2018, at 10:00 a.m. in Judge Engelhardt's courtroom, with the meeting of Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9:00 a.m. The Court has set up a telephone conference line for the status conference that begins at

10:00 a.m.

To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Dated: January 26, 2018

Respectfully submitted:

| | |
|---|---|
| */s/Dawn M. Barrios* <br> Dawn M. Barrios (#2821) <br> **Barrios, Kingsdorf & Casteix, LLP** <br> 701 Poydras Street, Suite 3650 <br> New Orleans, LA 70139 <br> Telephone: 504-524-3300 <br> Facsimile: 504-524-3313 <br> E-Mail: barrios@bkc-law.com <br><br> *Plaintiffs' Co-Liaison Counsel* | */s/M. Palmer Lambert* <br> M. Palmer Lambert (#33228) <br> **Gainsburgh Benjamin David Meunier & Warshauer, LLC** <br> 2800 Energy Centre, 1100 Poydras Street <br> New Orleans, LA 70163-2800 <br> Telephone: 504-522-2304 <br> Facsimile: 504-528-9973 <br> E-Mail: plambert@gainsben.com <br><br> *Plaintiffs' Co-Liaison Counsel* |
| */s/ Douglas J. Moore* <br> Douglas J. Moore (Bar No. 27706) <br> **IRWIN FRITCHIE URQUHART & MOORE LLC** <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: 504-310-2100 <br> Facsimile: 504-310-2120 <br> E-Mail: dmoore@irwinllc.com <br><br> *Defendants' Liaison Counsel* | */s/ John F. Olinde* <br> John F. Olinde (Bar No. 1515) <br> **CHAFFE MCCALL, L.L.P.** <br> 1100 Poydras Street <br> New Orleans, LA 70163 <br> Telephone: 504-585-7000 <br> Facsimile: 504-585-7075 <br> E-Mail: olinde@chaffe.com <br><br> *Defendants' Liaison Counsel* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

 */s/M. Palmer Lambert*
M. Palmer Lambert
