**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)                          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "N" (5)

**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

*Ernyes-Kofler v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN
*McCallister v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN

**DEFENDANT SANOFI-AVENTIS U.S. LLC'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant sanofi-aventis U.S. LLC ("sanofi"), through counsel, files this Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand in light of recently discovered information revealing McKesson Corporation ("McKesson") did not distribute Taxotere® or Winthrop® docetaxel to the facilities where Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Josephine Hicks, or Sandra Isham allegedly received their respective docetaxel infusions.

On August 30, 2017, the Court granted in part and denied in part Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California (Rec. Doc. 469). With respect to the above-referenced multi-plaintiff cases, the Court ordered the parties to submit supplemental briefing on whether the Court is authorized to sever and remand the claims of specific plaintiffs—Klara Ernyes-Kofler, Lisa McCallister, Josephine Hicks, and Sandra Isham. *See* Hr'g Tr. 27:4-8; 28:18-29:23 Aug. 30, 2017. The parties each submitted supplemental briefing on September 11, 2017. *See* Rec. Docs. 835, 837.

On October 13, 2017, the Court entered Pretrial Order No. 64 clarifying its ruling on the California Plaintiffs' Motion to Remand.  *See* Rec. Doc. 941.  The Court did not rule on Plaintiffs' Motion to Remand as it relates to the above-referenced cases.  *Id.*  For the reasons that follow, and those set forth in sanofi's initial Opposition briefing (Rec. Doc. 511), the Court should deny Plaintiffs' Motion to Remand as it pertains to the above-referenced multi-plaintiff actions.

Recently discovered information shows that McKesson did not distribute Taxotere® or Winthrop® docetaxel to the facilities where Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Josephine Hicks, or Sandra Isham allegedly received their respective docetaxel infusions.  *See* Brett Harrop Declarations (attached as Exhibits A-D).

- Plaintiff Klara Ernyes-Kofler alleges she received chemotherapy with docetaxel beginning in 2012 at Kaiser Permanente in Santa Clara, California.  Rec. Doc. 628 at 5-6.  However, Brett Harrop's Declaration states "McKesson has not distributed brand-name Taxotere or generic docetaxel to any Kaiser Permanente Medical Center in Santa Clara, California, from January 1, 2010 to the present."  *See* Ex. A.

- Plaintiff Lisa McCallister alleges she received chemotherapy with docetaxel beginning in 2012 at Kaiser Permanente in Sacramento, California.  Rec. Doc. 628 at 7-8.  However, Brett Harrop's Declaration states "McKesson has not distributed brand-name Taxotere or generic docetaxel to any Kaiser Permanente Medical Center in Sacramento, California, from January 1, 2010 to the present."  *See* Ex. B.

- Plaintiff Josephine Hicks alleges she received chemotherapy with docetaxel beginning in 2012, at Madigan Army Medical Center in Tacoma, Washington.  Rec. Doc. 628 at 10.  However, Brett Harrop's Declaration states "McKesson has not directly distributed brand-name Taxotere or generic docetaxel to any Madigan Army Medical Center in Tacoma, Washington, from January 1, 2010 to the present."  *See* Ex. C.

- Plaintiff Sandra Isham alleges she received chemotherapy with docetaxel beginning in August 2010 at University of Tennessee Medical Center.  Rec. Doc. 628 at 9.  However, Brett Harrop's Declaration states "McKesson has not distributed brand-name Taxotere or generic docetaxel to any University of Tennessee Medical Center in Knoxville, Tennessee, from January 1, 2008 to the present."  *See* Ex. D.

For these reasons, Plaintiffs have no basis upon which to pursue their product liability claims against McKesson, which is improperly joined to these actions.  As a result, this Court has

federal subject matter jurisdiction over these cases as complete diversity exists between Plaintiffs and sanofi.

## **CONCLUSION**

For the reasons set forth herein and in sanofi's Opposition to Plaintiffs' Omnibus Motion to Remand, which is incorporated herein by reference, each Plaintiff in these multi-plaintiff actions should be severed and none should be remanded to California state court.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &**
**MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

***Counsel for sanofi-aventis U.S. LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.


<u>/s/ *Douglas J. Moore*</u>