UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION　　　　　　　　SECTION "N" (5)

This document relates to the following cases:
*Ernyes-Kofler, et al. v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN
*McCallister, et al., v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REMAND CERTAIN CASES TO THE SUPERIOR COURTS OF
CALIFORNIA (REC. DOC. 469) AND IN RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM (REC. DOC. 1717)

Plaintiffs filed the above captioned cases in December 2016. These cases have been pending remand in the MDL since April 2017. Rec. Doc. 469. During that time Plaintiffs have been effectively stayed and unable to conduct discovery, even though Sanofi based the removals on a claim of fraudulent joinder. Now, fourteen months after the cases commenced, Sanofi presents a supplemental memorandum (Rec. Doc. 1717) in support of its opposition to Plaintiffs' motion to remand attaching declarations from co-defendant McKesson, which purport to negate McKesson's liability, and thereby create a basis for diversity jurisdiction. As discussed below, Plaintiffs have evidence that directly contradicts at least one of the declarations, and casts the veracity of the others into doubt.

Sanofi's pleading is notable as much for what it does *not* say, as for what it does. The pleading conveniently fails to mention that the only way that this Court could exercise jurisdiction over these cases is if Sanofi proves that Plaintiffs fraudulently joined McKesson. When the defendant "fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 575 (5th Cir. 2004).

Sanofi merely presents a few bare bones declarations from McKesson, and absolutely no evidence of fraud or impropriety. These declarations fail to prove fraudulent joinder. Instead, they simply highlight that there are disputes of material fact as to McKesson's involvement. It defies due process that Plaintiffs should have to present evidence on liability at the pleading stage, without the opportunity to obtain any relevant discovery. The Court must remand these cases and allow them to proceed.

Mr. Harrop declares that McKesson did not distribute docetaxel to the Kaiser Permanente facility where Plaintiff Klara Ernyes-Kofler was treated. *See* Exhibit A to Sanofi's Supplemental Memorandum, Rec. Docs. 1717-1. But, Ms. Ernyes-Kofler's medical records contradict that declaration. The records from Kaiser Permanente explicitly state that she received docetaxel from McKesson Packaging Services with NDC 63739-932. *See* Kaiser Permanente Medical Center Production (Redacted to Remove Plaintiff's Date of Birth), attached hereto as Exhibit 1, p.6. Per the FDA's NDC directory, this NDC is only associated with McKesson.[1] This situation is one of an independent third party, a medical facility with medical records used to treat cancer patients, in opposition to a self-serving declaration by an employee of a named Defendant. As Ms. Ernyes-Kofler's medical records identify McKesson, there is no basis for diversity jurisdiction over this case. Mr. Harrop's declaration creates a factual dispute which cannot be resolved at this stage of the proceedings. *See* Exhibit A to Sanofi's Memorandum, Rec. Doc. 1717-1. The Court must remand this case so that discovery can commence, and Plaintiff can explore McKesson's involvement.

In light of Plaintiff's contradictory evidence, Mr. Harrop's declarations as to other locations are suspect, and certainly do not prove fraudulent joinder. *See* Exhibits B-D to Sanofi's Memorandum, Rec. Docs. 1717-2, 1717-3 & 1717-4. A mere assertion that McKesson did not

---

[1] *Available at* https://www.accessdata.fda.gov/scripts/cder/ndc/

distribute to a certain location cannot suffice to determine whether McKesson is properly named in these cases, especially when Plaintiffs have not had the opportunity to seek countervailing evidence, and there is no explanation in the declarations as to the facts supporting the declarant's conclusions.

Furthermore, with respect to Plaintiff Josephine Hicks, Mr. Harrop declares only that McKesson did not "directly" distribute to Madigan Army Medical Center, where Ms. Hicks was treated. *See* Exhibit C to Sanofi's Supplemental Memorandum, Rec. Doc. 1717-3. This turn of phrase "directly" qualifies distribution leaves an open question as to whether McKesson indirectly distributed docetaxel to Madigan Army Medical Center or was otherwise in the chain of commerce of the docetaxel that Ms. Hicks received.

Based on the foregoing, as well as prior briefing on this motion (Rec. Docs. 469, 524, 587, 628 & 678), which is incorporated herein by reference, the Court lacks jurisdiction and should remand the above captioned Plaintiffs to their original Superior Court of California.

Date:  February 27, 2018                             Respectfully submitted,

**CUTTER FIRM, P.C.**                                **GOMEZ TRIAL ATTORNEYS**

*/s/C. Brooks Cutter*                                 */s/Ahmed S. Diab*
C. Brooks Cutter (SBN 121407)                        John H. Gomez (CA Bar # 171485) T.A.
Celine Cutter (SBN 312622)                           Ahmed S. Diab (CA Bar # 262319)
401 Watt Avenue                                       Lindsay R. Stevens (CA Bar # 256811)
Sacramento, California 95864                         655 West Broadway, Suite 1700
Telephone:  (916) 290-9400                           San Diego, California 92101
Facsimile:  (916) 588-9330                           Telephone: (619) 237-3490
Email:  bcutter@cutterlaw.com                        Facsimile: (619) 237-3496
Email: ccutter@cutterlaw.com                         Email:  john@thegomezfirm.com
                                                      Email:  adiab@thegomezfirm.com
*Counsel for Plaintiffs*                              Email:  lstevens@thegomezfirm.com

**FOR THE PLAINTIFFS' STEERING COMMITTEE**

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: 504-355-0086
Fax: 504-523-0699
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

| | |
|---|---|
| Lawrence J. Centola, III<br>Martzell, Bickford & Centola<br>338 Lafayette Street<br>New Orleans, LA 70130<br>Phone: (504) 581-9065<br>Fax: (504) 581-7635<br>lcentola@mbfirm.com | Karen Barth Menzies<br>Gibbs Law Group LLP<br>400 Continental Boulevard, 6th Floor<br>El Segundo, CA 90245<br>Phone: 510-350-9700<br>Fax: 510-350-9701<br>kbm@classlawgroup.com |
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>Phone: (504) 355-0086<br>Fax: (504) 523-0699<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>The Lambert Firm, PLC<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>ejeffcott@thelambertfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT