UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "N" (5) |

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Ernyes-Kofler v. Sanofi S.A., et al.*, 2:17-cv-03867-KDE-MBN
*McCallister v. Sanofi S.A., et al.*, 2:17-cv-02356-KDE-MBN

### DEFENDANT SANOFI-AVENTIS U.S. LLC'S REPLY IN SUPPORT OF SUPPLEMENTAL MEMORANDUM OPPOSING PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Opposition to sanofi's Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand further reveals the legal insufficiency of Plaintiffs' claims.

### *Klara Ernyes-Kofler*

Mr. Harrop's declaration states that "McKesson has not distributed brand-name Taxotere or generic docetaxel to any Kaiser Permanente Medical Center in Santa Clara, California, from January 1, 2010 to the present." *See* Rec. Doc. 1717-1 (Ex. A). Plaintiffs claim the medical records "contradict" the declaration because they "explicitly state that she received docetaxel from McKesson Packaging Services with NDC 63739-932." Indeed, Ms. Ernyes-Kofler's medical record states she was administered docetaxel with the NDC code "63739-932." *See* Rec. Doc. 1781-1. Thus, Ms. Erynes-Kofler received docetaxel *manufactured or branded* by McKesson – not Taxotere or docetaxel manufactured by sanofi. *See* Rec. Doc. 1506-2 (CMO #12, Ex. B). This fact does not contradict the declaration, which discusses *distribution*. Instead it reveals that her claims against sanofi must be dismissed with prejudice since she was not treated with a sanofi

product. With the sanofi defendants dismissed from the case, her claims may proceed in California state court, as both she and McKesson are citizens of California.

### *Lisa McCallister & Sandra Isham*

Next, Plaintiffs claim that because Ms. Ernyes-Kofler's medical records are "contradictory evidence," the remaining declarations are "suspect." As noted above, the medical records are not contradictory. Instead, they reveal McKesson *manufactured or branded* the docetaxel at issue.

Plaintiffs further claim "a mere assertion that McKesson did not distribute to a certain location cannot suffice to determine whether McKesson is properly named in these cases." Yet, this is the exact information requested by the Court in Pretrial Order No. 77. Rec. Doc. 1633 ("Defendant McKesson shall provide Plaintiff's counsel with a written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that Plaintiff was being treated"). That McKesson did not distribute to the facilities alleged by Ms. McCallister and Ms. Isham during their respective treatment periods is in fact evidence that McKesson is not a proper party and was fraudulently joined solely to prevent removal and avoid the proper jurisdiction of this Court.

### *Josephine Hicks*

Finally, Plaintiffs cling to the word "directly" used in Mr. Harrop's declaration regarding Ms. Hicks.[1] Again, sanofi provides the exact information requested by the Court in Pretrial Order No. 77. Rec. Doc. 1633. Plaintiffs provide no additional information or evidence that establishes

---

[1] This "qualifying" language was included because Madigan Army Medical Center is a military hospital. This facility falls under the United States Department of Defense and is completely separate from the United States Department of Veterans Affairs. McKesson confirmed that it did not directly distribute brand-name Taxotere or generic docetaxel to any Madigan Army Medical Center in Tacoma, Washington, from January 1, 2010 to the present. However, it requested that the word "directly" be included in case the facility received brand-name Taxotere or generic docetaxel through the United States Department of Veterans Affairs. Plaintiffs have provided no evidence this is the case.

a cause of action against McKesson.  Because there is no reasonable basis for this Court to predict that Ms. Hicks might be able to recover against McKesson, McKesson has been fraudulently joined.  *See Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.*, No. 15-cv-2450, 2015 WL 6696790, at *2-3 (E.D. La. Nov. 2, 2015).

## CONCLUSION

For these reasons, and those stated in sanofi's initial pleadings incorporated by reference herein, sanofi is not a proper party to Ms. Ernyes-Kofler's claims and should be dismissed from her case entirely.  Once the sanofi defendants have been dismissed from her case, it can be remanded to California state court.  Moreover, the declarations provided by McKesson prove Ms. McCallister, Ms. Isham, and Ms. Hicks have no basis upon which to pursue their product liability claims against McKesson.  As a result, this Court has federal subject matter jurisdiction over Ms. McCallister, Ms. Isham, and Ms. Hicks as complete diversity exists between those Plaintiffs and sanofi.

    Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

> Harley V. Ratliff
> Adrienne L. Byard
> Kelly Bieri
> **SHOOK, HARDY & BACON L.L.P.**
> 2555 Grand Boulevard
> Kansas City, Missouri 64108
> Telephone: 816-474-6550
> Facsimile: 816-421-5547
> hratliff@shb.com
> abyard@shb.com
> kbieri@shb.com
>
> *Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

> /s/ *Douglas J. Moore*