UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*************************************************************

IN RE:   TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

MDL No. 16-2740
VS.                                     Section "N"
                                        New Orleans, Louisiana

THIS DOCUMENT RELATES TO                March 7, 2018
ALL CASES

*************************************************************

**TRANSCRIPT OF THE GENERAL STATUS CONFERENCE
HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT,
UNITED STATES DISTRICT JUDGE.**

*************************************************************


**FOR THE PLAINTIFFS:**              MS. DAWN M. BARRIOS
                                     MR. ZACHARY WOOL
                                     Barrios Kingsdorf & Casteix
                                     701 Poydras Street
                                     Suite 3650
                                     New Orleans, Louisiana  70139

                                     MR. M. PALMER LAMBERT
                                     MR. IRVING WARSHAUER
                                     Gainsburgh Benjamin David
                                        Meunier & Warshauer
                                     1100 Poydras Street
                                     Suite 2800
                                     New Orleans, Louisiana  70163

                                     MR. CHRISTOPHER L. COFFIN
                                     MS. JESSICA PEREZ REYNOLDS
                                     Pendley, Baudin & Coffin
                                     1515 Poydras Street
                                     Suite 1400
                                     New Orleans, Louisiana  70112

                                     MS. KAREN B. MENZIES
                                     Gibbs Law Group
                                     400 Continental Boulevard
                                     6th Floor
                                     El Segundo, California  90245

**OFFICIAL TRANSCRIPT**

MR. J. KYLE BACHUS
Bachus & Schanker
1899 Wynkoop Street
Suite 700
Denver, Colorado  80202

MR. LAWRENCE J. CENTOLA
Martzell Bickford & Centola
338 Lafayette Street
New Orleans, Louisiana  70130

MS. ASHLEA SCHWARZ
Paul, LLP
601 Walnut Street
Suite 300
Kansas City, Missouri  64106

MR. DANIEL P. MARKOFF
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway
Suite 104
Oklahoma City, Oklahoma  73120

MR. DAVID F. MICELI
Simmons Hanly Conroy
One Court Street
Alton, Illinois  62002

MR. RAND P. NOLEN
Fleming, Nolen & Jez
2800 Post Oak Boulevard
Suite 4000
Houston, Texas  77056

MR. BENJAMIN W. GORDON
Levin Papantonio Thomas
     Mitchell Rafferty & Proctor
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502

MR. ANDREW LEMMON
Lemmon Law Firm
650 Poydras Street
Suite 2335
New Orleans, LA 70130

**OFFICIAL TRANSCRIPT**

MR. ALEXANDER G. DWYER
Kirkendall Dwyer
440 Louisiana
Suite 1901
Houston, Texas 77002

MS. ANNA HIGGINS.
MS. EMILY JEFFCOTT
The Lambert Firm
701 Magazine Street
New Orleans, LA  70130

MS. GENEVIEVE ZIMMERMAN
Meshbesher & Spence
1616 Park Avenue South
Minneapolis, MN  55404

MR. DAVID BONNIN
The Law Offices of
   A. Craig Eiland, PC
2211 The Strand
Suite 201
Galveston, Texas 77550

MR. VAL PATRICK EXNICIOS
Liska, Exnicios & Nungesser
1515 Poydras Street
Suite 1400
New Orleans, LA 70112

MS. CHRISTINE BRANDT
MS. LAUREN E. GODSHALL
Morris Bart
Pan America Life Center
601 Poydras Street
24th Floor
New Orleans, Louisiana 70130

MR. MARK R. NIEMEYER
Niemeyer, Grebel & Kruse
10 S. Broadway
Suite 1125
St. Louis, MO  63102

**OFFICIAL TRANSCRIPT**

```
                                    MS. ELIZABETH P. KAGAN
                                    Kagan Legal Group
                                    8191 College Parkway
                                    Fort Meyers, FL  33919

                                    MS. ANNE ANDREWS
                                    Andrews Thornton Higgins
                                         Razmara
                                    2 Corporate Park
                                    Suite 110
                                    Irvine, California 92606



FOR SANOFI S.A.:                    MR. DOUGLAS J. MOORE
                                    Irwin, Fritchie,
                                       Urquhart & Moore
                                    400 Poydras Street
                                    Suite 2700
                                    New Orleans, LA  70130

                                    MR. HARLEY V. RATLIFF
                                    MR. JON STRONGMAN
                                    Shook, Hardy & Bacon
                                    2555 Grand Boulevard
                                    Kansas City, Missouri  64108

FOR ACTAVIS PHARMA, INC.:           MR. MICHAEL J. SUFFERN
                                    Ulmer & Berne, LLP
                                    600 Vine Street
                                    Suite 2800
                                    Cincinnati, OH 45202

FOR PFIZER INC. AND HOSPIRA         MR. JOHN F. OLINDE
WORLDWIDE, LLC:                     Chaffe McCall
                                    2300 Energy Centre
                                    1100 Poydras Street
                                    New Orleans, LA  70163

                                    MS. MARA C. GONZALEZ
                                    Quinn Emanuel Urquhart &
                                         Sullivan
                                    51 Madison Avenue
                                    22nd Floor
                                    New York, NY  10010
```

**OFFICIAL TRANSCRIPT**

FOR SANDOZ, A NOVARTIS                     MR. R. CLIFTON MERRELL
DIVISION:                                  Greenberg Traurig
                                           Terminus 200
                                           3333 Piedmont Road, NE
                                           Atlanta, GA  30305

                                           MS. DEBORAH B. ROUEN
                                           Adams & Reese
                                           701 Poydras Street
                                           Suite 4500
                                           New Orleans, LA  70139

FOR ACCORD HEALTHCARE,                     MS. JULIE A. CALLSEN
INC.:                                      Tucker Ellis
                                           950 Main Avenue
                                           Suite 1100
                                           Cleveland, OH 44113

FOR SUN PHARMA GLOBAL,                     MR. GEOFFREY COAN
INC.:                                      Hinshaw & Culbertson
                                           28 State Street
                                           24th Floor
                                           Boston, Massachusetts  02109




Official Court Reporter:                   Mary V. Thompson, RPR, CRR
                                           500 Poydras Street, B-275
                                           New Orleans, Louisiana 70130
                                           (504) 589-7782




                    Proceedings recorded by mechanical stenography;
                    transcript produced via computer.


**OFFICIAL TRANSCRIPT**

**P R O C E E D I N G S**

(Call to order of the court.)

THE COURT:  All right.  You-all may be seated.  Let's go ahead and begin.

This is the general status conference in Multi-District Litigation No. 2740, *In Re: Taxotere (Docetaxel) Products Liability Litigation.*

As is always the case when we have these meetings, I met with liaison counsel this morning, and after that met with the committees leading up to this general status conference. What we'll do is go through the draft joint report; cover all of the information contained in that report to make certain everyone understands that.  If anyone has any questions while we do that, please stop us and ask.  You certainly are free to ask any questions about any topic that's being covered by counsel at the podium at any point in time.

After we go through the joint report, I will open the floor for questions about any other topic.  If you're here and would like to ask about something, we'll certainly try to answer any questions so that everyone leaves here with a full knowledge of where we are in the litigation, what we would like to accomplish before the next conference, and so on and so forth in terms of our long-term handling of the MDL.

Before I do that, you-all have, no doubt, heard from

**OFFICIAL TRANSCRIPT**

1   liaison counsel that I will not be presiding over this
2   multidistrict case if I am confirmed for the circuit court next
3   door.  And I have no idea when -- or really if that will happen
4   or when it will happen, but the JPML has already designated one
5   of my colleagues from this bench, Judge Jane Milazzo, who is here
6   with us here today.

7           If she would stand up so that you-all know her if you
8   haven't met her yet.

9           Judge Milazzo has a world of experience on the bench.
10  She's been on our bench for several years now, and I -- she also
11  was on the state court bench prior to joining our court.  I have
12  no doubt that she will do at least as good a job as I would hope
13  to do on the case.  My expectation is that she will far exceed my
14  capabilities in handling your case.

15          She and I have met several times already.  She is very
16  familiar with the issues in the case.  She's constantly absorbing
17  more and more of what we have already done up to this point and
18  all the things that we anticipate on the road to completing the
19  MDL.  The next step will be the bellwether trial in the fall and
20  the motions pertinent to that.

21          In that regard, we have received the submissions
22  earlier this week of the nominated cases for that trial.  I have
23  reviewed them, not in as much detail as I would like to prior to
24  making a decision on it, but I've also provided them to
25  Judge Milazzo and will rely on her a great deal in making the

10:06:23
10:06:35
10:06:55
10:07:20
10:07:39

**OFFICIAL TRANSCRIPT**

1  final decision.  In fact, I will defer to her, but it will be

2  after some conversation with her about the nominee cases and the

3  information you've provided in connection with those.

4         So having said that, let me go ahead and ask counsel if

10:07:57  5  you would like to begin to present the joint report.

6         Mr. Lambert.

7         MR. LAMBERT:  Thank you, Your Honor.  Good morning.

8  Palmer Lambert from Gainsburgh Benjamin, plaintiffs' co-liaison

9  counsel.

10:08:12  10        And we appreciate your comment, Judge Engelhardt.

11  We've enjoyed working with you and your staff on this case and

12  obviously will continue to work with you until your confirmation.

13        And we appreciate Judge Milazzo meeting with us today,

14  and also with Judge North earlier, and we look forward to working

10:08:32  15  with Judge Milazzo.

16        I would also like to welcome some new plaintiff counsel

17  who I'm sure are on the phone.

18        Since December we've added some more cases.  Our

19  current case count in the draft joint report is 8,037 cases.

10:08:52  20        And for the benefit of the folks on the phone, the

21  joint report is in draft form until after this conference.  We'll

22  make some changes, clean up any issues that need to be cleaned

23  up, and that will be filed into the record as a draft -- as final

24  Joint Report No. 8 after this conference.

10:09:12  25        THE COURT:  Okay.

**OFFICIAL TRANSCRIPT**

| | |
|---|---|
| 1 | MR. LAMBERT:  Section 2, Federal/State Coordination. |
| 2 | My co-liaison counsel, Dawn Barrios, is the |
| 3 | federal/state liaison. |
| 4 | We have related state court proceedings in California, |
| 5 | Illinois, Missouri, New Jersey, and Delaware.  The Court recently |
| 6 | entered Pretrial Order No. 77 to streamline the remand briefing |
| 7 | related to any California cases that get removed to this Court |
| 8 | and consolidated by the JPML. |
| 9 | The Court has received some supplemental briefing on |
| 10 | two California state court cases that were multi-plaintiff cases, |
| 11 | and that issue, I believe, is submitted to the Court for ruling. |
| 12 | The parties continue to coordinate and communicate with |
| 13 | all counsel and advise them of the status conferences. |
| 14 | Dawn Barrios is also in communication with the state |
| 15 | court judges, and has provided Your Honor and Ms. Anderson with |
| 16 | the names and addresses of those state court judges and their |
| 17 | offices. |
| 18 | THE COURT:  We're going to go ahead and get the letter |
| 19 | that we have sent to the other state court judges -- the two |
| 20 | others that we sent.  We're going to go ahead and send the same |
| 21 | letter to any other state court judges to apprise them of not |
| 22 | only the existence of the MDL, but our continued work on it, so |
| 23 | that they'll be fully aware of what we're doing here and |
| 24 | hopefully be able to coordinate their proceedings consistently |
| 25 | with what we're doing here. |

10:09:27
10:09:53
10:10:18
10:10:37
10:10:56

**OFFICIAL TRANSCRIPT**

1          MR. LAMBERT:  Thank you, Your Honor.

2          And we appreciate the Court also providing a call-in

3    number for those state court judges to participate should they

4    wish to do so.

5

6          Section 3, Pretrial Orders.

7          All of the pretrial orders in this case are available

8    on the court's website.  There is a specific page dedicated to

9    the Taxotere MDL.  We encourage all counsel to familiarize

10   themselves with all the pretrial orders.

11         The ones listed in Section No. 3 of the report are

12   those issued since the last status conference on December 15th,

13   and I would like to just highlight a couple of those.

14         Pretrial Order 72 is regarding dismissal of the French

15   sanofi defendants.  I'll talk about that later on, but the French

16   sanofi defendants have been dismissed without prejudice per

17   stipulation entered into by the parties.

18         Pretrial Order 73 contains the revised exemplar

19   short-form complaint, and we urge anybody who files a short-form

20   complaint going forward to use that particular form.

21         Pretrial Order 74, Record Document 1470, is the

22   procedures for withdrawal of counsel.

23         Pretrial Order 70A, Record Document 1528, places

24   certain limitations on contact, *ex parte* contact, with

25   physicians.

**OFFICIAL TRANSCRIPT**

1    Pretrial Order 71A, Record Document 1531, relates to

2 the plaintiffs' responsibilities regarding ESI obligations

3 related to the plaintiff fact sheets.

4    Pretrial Order No. 37A, Record Document 1682, contains

5 the procedures for filing and amending short-form complaints, and

6 that supersedes Pretrial Order No. 37.

7    As discussed in liaison meetings with Your Honor, we

8 also recommend and remind all counsel to familiarize themselves

9 with the PTOs and the local rules before filing anything in the

10 MDL.

11

12    Section No. 4, Case Management Orders.

13    Since the last conference, Case Management Order No. 11

14 has been entered, and it extends certain deadlines related to

15 Case Management Order No. 3.

16    And as Your Honor stated earlier, CMO 3 relates to the

17 first bellwether trial which is scheduled for September 24th,

18 2018.  Pursuant to that CMO, there have been approximately 40

19 depositions taken in the last two-and-a-half months working up

20 the initial pool of bellwether plaintiffs, and Your Honor will be

21 selecting four of those to go forward this week.

22    THE COURT:  Right.

23    MR. LAMBERT:  Case management order --

24    THE COURT:  And this came up earlier, but in case it is

25 not clear, those who are not selected by the end of this week

**OFFICIAL TRANSCRIPT**

1    would still be available and subject to consideration for a later

2    bellwether trial date.  So the amount of work that's been

3    invested -- you mentioned all the depositions -- would still be

4    time well spent in the event that those cases might still be

5    considered for a subsequent bellwether trial date.

6         MR. LAMBERT:  Thank you, Your Honor.

7         Case Management Order No. 12, Record Document 1506,

8    sets forth the process for obtaining product identification.  We

9    encourage everybody to familiarize themselves with that case

10   management order.  It is proving to be helpful.

11        We understand plaintiffs have had difficulties in

12   identifying the manufacturer of the docetaxel or Taxotere

13   product, and hopefully this order will help you get through that

14   process and match to the appropriate defendant.

15        THE COURT:  Okay.

16        MR. LAMBERT:  The parties are meeting and conferring on

17   submitting additional case management orders for the third,

18   fourth, and fifth trial dates that have been set by this Court.

19        THE COURT:  All of those dates I believe are in 2019,

20   if I'm not mistaken.

21        MR. LAMBERT:  Yes, Your Honor.  I don't have the dates

22   in front of me, but I believe they are in each quarter of 2019.

23        THE COURT:  Yeah.

24        MR. LAMBERT:  We discussed in the steering committee

25   meeting before this, the assertion of *Lexecon* rights by parties

10:14:51
10:15:13
10:15:34
10:15:50
10:16:04

**OFFICIAL TRANSCRIPT**

1   in this case, and we have discussed CMO 8A as well with

2   Your Honor, which included some nominations of plaintiffs who

3   fall outside of the EDLA in terms of their original jurisdiction.

4   We understand that those cases will continue to be worked up in

5   the same manner as the Case Management Order No. 3 bellwether

6   plaintiffs have been.

7            THE COURT:  Yeah, that's correct.  It was discussed in

8   some detail this morning.  There's no prohibition between --

9   against designating cases that are not Eastern District of

10  Louisiana cases.  And under that circumstance, of course *Lexecon*

11  applies and will be followed absent some change in positioning

12  for the party that enjoys the benefit of the holding of that

13  case.

14           It may well be -- and it's way too early to tell --

15  that we do expose one or more of the cases in the MDL to a

16  different jury pool in a different jurisdiction, including a

17  state court.  We don't know yet.  None of us here know yet where

18  we'll be when that time comes in terms of status of the

19  litigation, but that's always a possibility, that a case is tried

20  either by me or Judge Milazzo in another jurisdiction or by

21  another Article III judge in another jurisdiction or in state

22  court.  Those are all possibilities as we view the long-term

23  handling of the MDL.

24           MR. LAMBERT:  And we understand those comments,

25  Your Honor, and we'll discuss potential solutions for the future

**OFFICIAL TRANSCRIPT**

10:16:30

10:16:45

10:17:03

10:17:27

10:17:51

1   CMOs related to the trials in those.

2       MR. OLINDE:  Just one mention, Your Honor.  You talked

3   about the cases in the first pool going over to the second pool.

4   We didn't mention in the liaison counsel meeting today the *Chetta*

10:18:13   5   case which turns out to be not a Sanofi case but a Hospira case,

6   apparently, and Hospira is not a defendant in this case so we're

7   meeting and conferring about what to do, whether that case should

8   totally drop out of the pool itself because of that reason.

9       THE COURT:  With that one exception, that's correct.

10:18:31  10   That's my understanding.

11       MR. LAMBERT:  All right.  Unless there's anything

12   further on Section 4, we'll move on to Section 5, Counsel Contact

13   Information Form.

14       Just a reminder to all counsel to fill out that form.

10:18:48  15   It's an important form in terms of getting you the ECF filings in

16   this case and also to get your information to BrownGreer to set

17   up MDL centrality for your firm.  And that information is in PTO

18   No. 7.  The form should be e-mailed to taxotere@bkc-law.com.

19

10:19:18  20       Section 6, Master Complaint, Short-Form Complaint.

21       These documents can be found on the court's website.

22       Just a couple of notes on this section.  Plaintiffs'

23   first amended long-form complaint was filed on July 25, 2017.

24   That's Record Document No. 689.

10:19:38  25       The Court had entered Pretrial Order No. 73, Record

**OFFICIAL TRANSCRIPT**

1   Document 1463, which we mentioned earlier.  And that is the

2   short-form complaint that's currently in place in this case.

3          We caution all plaintiffs to not file an amendment only

4   to change the form of the document.  Just because the amended

5   exemplar short-form complaint has been changed, it doesn't mean

6   you need to go back and refile amendments.  It's just that going

7   forward that form needs to be used.

8          THE COURT:  Okay.

9          MR. LAMBERT:  Should any plaintiff wish to file an

10  amended complaint, you need to follow the procedures set forth in

11  Pretrial Order No. 37A, which requires notice to the defendants

12  prior to filing and to also provide them with a copy of the

13  proposed motion as well as the amended pleading.

14         THE COURT:  It's very important if -- for those of you

15  who are maybe on the phone, Pretrial Order No. 37A is critical,

16  particularly after a product identification has been completed.

17  You absolutely have to file Pretrial Order No. 37A.  If you're

18  not familiar with it, please pull it or ask for it to be sent to

19  you from liaison counsel or one of your colleagues.

20         But that's one of the more important ones.  In terms of

21  procedure in trying to streamline and get the MDL further down

22  the road, 37A is a particularly important pretrial order.

23         MR. LAMBERT:  And also I have a note related to amended

24  complaints.  If you use the short-form complaint and you do not

25  carry forward the same defendants that were on your case

10:20:12
10:20:28
10:20:58
10:21:20
10:21:39

**OFFICIAL TRANSCRIPT**

 1   previously, those defendants will be dropped from the case --

 2          THE COURT:  Right.

 3          MR. LAMBERT:  -- by the clerk's office.

 4          THE COURT:  Okay.

 5          MR. LAMBERT:  An additional point in this section, and

 6   then we can move on.

 7          The voluntary dismissal of an entire case is controlled

 8   by Pretrial Order No. 54.  That's Record Document No. 671.

 9          Under that pretrial order, you may not notice a case

10   for voluntary dismissal without prejudice.  You must either get a

11   stipulation to dismiss or file a motion for dismissal with

12   prejudice.  Those procedural requirements in Pretrial Order 54

13   are important and should be reviewed before any dismissals are

14   filed of the entire case.

15          THE COURT:  Let me stop at this juncture, Mr. Lambert.

16          Mr. Moore, did you want to add anything to what

17   Mr. Lambert has covered already?

18          MR. MOORE:  Not at this time.

19          THE COURT:  Mr. Olinde, anything?

20          MR. OLINDE:  No, Your Honor.

21          THE COURT:  And we're on Page 6 of the draft report.

22   We are just completing Item No. 6, which ends on Page 6.  Does

23   anybody have any questions at this point about anything that

24   we've covered so far?

25          (No response.)

**OFFICIAL TRANSCRIPT**

1          THE COURT:  Let's go ahead and proceed.

2          MR. LAMBERT:  Thank you, Your Honor.

3          Section 7, Plaintiff and Defendant Fact Sheets.

4          The form of the fact sheets is Pretrial Order No. 18.

5          Amended Pretrial Order No. 22 is one of the more

6  important pretrial orders in this case.  That's Record

7  Document 325.  It sets forth the process for service of PFSs and

8  DFSs and also the deadlines for issuing deficiencies and the

9  deficiency process.

10          Per Amended Pretrial Order No. 22, as of February 28th,

11  2018, plaintiffs have served 4,794 PFSs.  An additional

12  approximately 1200 are in progress.

13          Based on the PFSs to date, they break down as follows:

14          2,478 Sanofi.

15          319 Hospira.

16          123 Sandoz.

17          97 Accord.

18          1 Sun.

19          And approximately 1700 with the defendant unknown.

20          Under Amended Pretrial Order No. 22, the defendants

21  have identified certain cases which are deficient and have

22  remained deficient for more than 30 days, and those cases will be

23  attached in appendices to Joint Report No. 8.

24          And those exhibits will be related to deficiencies

25  where either no PFS, authorizations, or responsive documents have

**OFFICIAL TRANSCRIPT**

1   been submitted; the plaintiff has failed to respond in any manner

2   to the deficiency for more than 30 days; or the plaintiff has

3   failed to provide the three categories of information needed to

4   make the PFS substantially complete.

10:25:28    5          It's important to familiarize yourself with the process

6   set forth in Amended PTO 22.  Those cases that remain deficient,

7   after being identified in the attachment to this joint report, at

8   the next status conference will be placed on a show cause list.

9          THE COURT:  Let me ask, other than the fact that this

10:25:57   10   is a particularly time-consuming and labor-intensive exercise,

11   are we having any problems with the procedure that we've outlined

12   in these pretrial orders?  Have we had any hiccups or anything

13   that needs to be addressed with liaison counsel?

14          MR. LAMBERT:  I believe the process itself is working.

10:26:20   15   The fact sheets require substantial information --

16          THE COURT:  Right.

17          MR. LAMBERT:  -- and it is somewhat of a daunting task;

18   but in terms of the deficiency process, the process set forth in

19   the pretrial order, it appears to be working.

10:26:40   20          The one thing we did discuss in our liaison meeting is

21   the change in the response to show cause process.

22          THE COURT:  Right.

23          MR. LAMBERT:  The last -- in Show Cause Order No. 2,

24   the responses were filed by each individual counsel in the

10:26:57   25   record.  I believe there's approximately 80 of those filed.

**OFFICIAL TRANSCRIPT**

1        This response to Show Cause Order No. 3, which was due

2   to be provided to liaison counsel two days ago and then we will

3   file it into the record today, has proved to be quite an

4   administrative task.

5        The response will have an index.  It will be organized,

6   but it will contain more than 100 attachments and so we may need

7   to discuss a process for making that a little bit easier on

8   people.

9        THE COURT:  Okay.

10       Mr. Moore?

11       MR. MOORE:  Thank you, Your Honor.  Douglas Moore on

12   behalf of Sanofi, co-defense liaison counsel.

13       We would agree with Mr. Lambert's comments, that the

14   process is working.  It is.  We've worked with, specifically,

15   Ms. Barrios to make the process more efficient and to make it

16   more streamlined for the court.  We've gotten through a couple of

17   iterations of our joint reports with the deficiency notices and

18   the call -- placing cases on the call dockets.

19       The ultimate culmination of that process is a ruling

20   from Your Honor as to whether or not good cause has been shown --

21   or any cause has been shown to warrant keeping the case in the

22   MDL or whether the case should be dismissed under PTO 22.

23       And so we think the process, from our end, is as

24   efficient as we can make it, and we look forward to receiving the

25   rulings from the Court.

10:27:20
10:27:39
10:27:56
10:28:19
10:28:39

**OFFICIAL TRANSCRIPT**

1     THE COURT:  Okay.  All right.  Thank you.

2     MR. LAMBERT:  Unless there is anything more on

3  Section 7, we'll move on to Section 8, MDL Centrality.

4     As everybody should know, MDL centrality is the online

5  system that allows the exchange of the plaintiff and defendant

6  fact sheets, and it also circulates pleadings on a daily basis to

7  all counsel who have signed up from MDL centrality.  If you are

8  not signed up, on the Court's website there is a tab that will

9  link you to the appropriate website to do so.

10

11     Section No. 9, Service on Defendants.

12     The defendants in this case have agreed to streamline

13  service procedures.

14     Those are set forth for Sanofi in the

15  Pretrial Order No. 9; for Accord Health Care, Inc., Pretrial

16  Order 29; Sandoz, Inc., Pretrial Order No. 30; Actavis Pharma,

17  Inc., PTO 32A; McKesson Corporation, PTO 33; Sun Pharmaceutical

18  Industries, Inc., PTO 39A; and Hospira Worldwide, LLC, the

19  Hospira entities, PTO 40A.

20     We encourage everybody to follow the service orders,

21  and they're in place to try to streamline that process.  It's an

22  e-mail service process.

23

24     Section 10, Dismissal of Defendants.

25     This section is sort of a carry forward, but there were

10:28:59 (line 5)
10:29:19 (line 10)
10:29:38 (line 15)
10:30:08 (line 20)
10:30:27 (line 25)

**OFFICIAL TRANSCRIPT**

1  three entities originally named as defendants that have been

2  dismissed.  Those are Apotex, Inc., Northstar RX, LLC., and Eagle

3  Pharmaceuticals, Inc.

4  THE COURT:  We could probably -- like you said, this is

10:30:46  5  a carry-forward section.  I think at this point, unless we have

6  someone else who is making a similar case on the defendants'

7  side, we could probably go ahead and dispense with this being in

8  the report next time -- or just put in there there's nothing

9  further than what we've previously put in, rather than

10:31:04  10  reiterating it.

11  MR. LAMBERT:  Yes, Your Honor.  The report is somewhat

12  lengthy at this point so good idea.

13  THE COURT:  That's what I'm saying, it's a section that

14  we could probably omit at this point.

10:31:15  15  MR. LAMBERT:  As previously mentioned, there is a

16  stipulation.  It's Record Document 1072.  And it's related to

17  dismissal without prejudice of the French sanofi entities, and

18  those are sanofi S.A. and Aventis Pharma S.A.

19  THE COURT:  Right.

10:31:33  20  MR. LAMBERT:  Section 11, Product Identification Order.

21  We've already talked somewhat in detail about the

22  order.  It's intended to assist counsel with a specified

23  procedure for obtaining product identification.  I don't think I

24  need to go through in detail exactly what's in it, but I want to

10:32:01  25  mention that, in addition to your obligations of trying to obtain

**OFFICIAL TRANSCRIPT**

1   the product identification initially from the particular

2   facilities involved, you should make sure to keep that data, the

3   letters and correspondence and whatnot, so you can provide that

4   to defendants and comply with Paragraphs -- I believe it's 2 and

5   3 of the pretrial order.

6          Once you get through the first few steps of the

7   pretrial order, and the requests of the plaintiff and the

8   requests of the defendants does not result in knowledge of the

9   particular defendant, then you have the right to issue a subpoena

10  to the facility that administered the docetaxel.

11         At that point, once the subpoena is issued, that

12  triggers a period of limited discovery for that particular case.

13  It's 75 days in order to do whatever additional discovery is

14  necessary to obtain product ID.

15         THE COURT:  Okay.

16         MR. LAMBERT:  I will just report to the Court that we

17  believe the process is working here, and that it is resulting in

18  plaintiffs identifying the defendant, for the most part, and that

19  the dismissals of the defendants not identified are occurring.

20         THE COURT:  Well, this is such a critical inquiry for

21  so many reasons in the MDL.  First of all, it relates to matching

22  a plaintiff with a particular product, which obviously you want

23  to know even before you file if you can find that out.  If you

24  can't find it out, here is the procedure here in Record

25  Document 1506, the Case Management Order No. 12.  Here is the

**OFFICIAL TRANSCRIPT**

1  mechanism for you to find that out.

2          It also relates to the work of our settlement

3  committees who are still grappling with the very threshold

4  inquiry of how many cases are there and how many cases are there

5  against each defendant.  In order for that conversation to go

6  beyond that, we've got to have some product identification.

7          So this is another of these orders that if you are on

8  the plaintiffs' side and you're listening in, you must be

9  familiar with this order unless you have already made a match

10  with certainty of the product involved on your claim.

11          MR. LAMBERT:  Thank you, Your Honor.

12          And I'll mention later when I get to the section, but

13  once you have identified the particular manufacturer, there is

14  also an obligation to amend your responses to Amended PTO 60

15  related to the census that the settlement committees are working

16  on.

17

18          Section 12, Preservation Order.

19          Counsel are reminded to familiarize themselves with the

20  terms of PTO 1 -- that's Record Document No. 4 -- Paragraph 12,

21  regarding the preservation of evidence.

22

23          Section 13, Protective Order.

24          Judge North entered a protective order in this case on

25  July 5, 2017.  That's Pretrial Order No. 50, Record Documents

**OFFICIAL TRANSCRIPT**

1  612-1 and 613.

2

3       Section 14, Electronically Stored Information

4  Discovery.

10:35:40  5       Judge North entered the ESI protocol on July 5, 2017,

6  as Pretrial Order No. 49.  And then on December 15th, the Court

7  issued Pretrial Order No. 71 regarding plaintiffs'

8  responsibilities relevant to ESI.  That order was amended by

9  Pretrial Order No. 71A.

10:36:04  10       MR. COFFIN:  Your Honor, Chris Coffin, co-lead counsel

11  on behalf of the plaintiffs.

12       If I could just highlight, especially for those on the

13  phone, this Section 14 of the draft report involving the ESI

14  discovery.

10:36:24  15       As Mr. Lambert noted -- or I think he just noted that

16  March 30, 2018, coming up here in a few weeks is an initial

17  deadline.  We on the leadership have heard from many plaintiffs'

18  lawyers around the country who have had difficulty in obtaining

19  all of the information that is required by this order.

10:36:45  20       We'd encourage them to reach out to us.  We are trying

21  our best to help them meet these deadlines, but we can't help if

22  we don't know what the issues are.

23       We have done it with our own plaintiffs so we

24  understand the burden, and it hasn't been easy for us, either.

10:37:02  25       So we would like to be able to be helpful and try to

**OFFICIAL TRANSCRIPT**

1   make sure that everyone is able to meet that March 30th deadline.

2            THE COURT:  Okay.  Thank you, Mr. Coffin.

3            Please take his advice to heart, those of you on the

4   phone -- or even those of you who are here.  If you are not

10:37:20   5   here -- perhaps those of you who are here can advise those who

6   are not present either on the phone or in person.

7            But this has got to be done, and there are people that

8   can give you good advice on how to do it in a way that's a little

9   less burdensome than you might imagine, so I appreciate that.

10:37:39   10            MR. LAMBERT:  Thank you, Your Honor.

11            And we'll also emphasize to folks on the phone and

12   plaintiffs' counsel in this room that Ms. Barrios and I do the

13   best we can to get out guidance and suggestions and help to

14   people.  Our e-mails generally are available on the MDL

10:38:03   15   centrality portal to all plaintiff counsel, but please reach out

16   to us if there are issues that you need help with.

17

18            Section No. 15, Discovery of Defendants.

19            I mentioned earlier in connection with CMO 3, the first

10:38:23   20   trial pool, approximately 40 depositions have been conducted over

21   the last two and a half months.  Depositions of corporate

22   witnesses are underway in connection with Sanofi.

23            The general merits discovery, written discovery, has

24   been served on Sanofi and on the 505(b)(2) defendants who are

10:38:54   25   subject to discovery under CMO No. 7, and those are related to

**OFFICIAL TRANSCRIPT**

1  the defendants identified in CMO 8A.  Those are Accord Health

2  Care Inc., Hospira and Pfizer defendants, and Sandoz, Inc.

3         And as mentioned, I believe in the last conference, we

4  appreciate Judge North handling those disputes and assisting the

5  parties in moving forward on discovery in depositions.

6         THE COURT:  Okay.

7         MR. LAMBERT:  Section 16, Motion Practice.

8         We mentioned, I believe, earlier on that there is a

9  motion to remand pending.  That's Record Document No. 473.  And

10 it's really limited to issues related to the severance of

11 multiple plaintiffs filed together in cases that originated in

12 California state court.

13        The second motion that's referenced in the draft report

14 has been withdrawn.  That was a motion to dismiss cases for

15 failure to comply with the service order, Pretrial Order No. 9.

16        THE COURT:  Uh-huh.

17        MR. LAMBERT:  Section 17, Settlement Committees.

18        Mr. Gordon is here but he's provided me with a couple

19 of comments to make.

20        The settlement committees obviously continue to do

21 their -- exercise their duties under Pretrial Order No. 6, and

22 Mr. Gordon wanted me to remind everybody on the phone to comply

23 with Amended Pretrial Order No. 60.  That's Record Document

24 No. 870.  And to also update your census information in that on a

25 quarterly basis pursuant to the order.

**OFFICIAL TRANSCRIPT**

1   　　　Even if you do not know your particular manufacturer,
2   as long as you've confirmed the docetaxel use, you should be
3   listing those cases.
4   　　　THE COURT:  Along those lines, any formation that can
5   be gathered that would provide insight -- and Mr. Gordon I know
6   has been working very hard on this, but any information that can
7   be gathered that would provide insight as to the number of total
8   claimants out there, even if you haven't yet filed but you have a
9   client who has retained your services, that would be helpful
10  information.
11  　　　It would be really helpful, as I said earlier, if you
12  not only had the claim -- knew of the claim and disclosed it to
13  Mr. Gordon pursuant to that pretrial order, but also if you knew
14  the proper defendant manufacturer, that would be extremely
15  helpful.
16  　　　It's just a critical threshold inquiry to know what the
17  field of cases are here for the purposes of our settlement
18  committees to continue a constructive dialogue.  The sooner we
19  know that with some degree of certainty, the better off we'll be.
20  　　　MR. LAMBERT:  And just to add to that, Your Honor,
21  there's a slight amendment to the draft here.  The settlement
22  committee chairs actually met with the Court yesterday.  We'll
23  change the language there.
24
25  　　　Section No. 18, Special Master for Plaintiffs' Time and

**OFFICIAL TRANSCRIPT**

1   Expenses.

2        Special Master Dejean I don't believe is here today,

3   but he was appointed in Pretrial Order No. 20, and we want to

4   remind everybody to comply with the terms of

10:42:49   5   Pretrial Order No. 19 as far as submission of common benefit time

6   and expenses to the special master for review.

7

8        Section 19, Next Status Conference.

9        We discussed briefly potential dates, and we will get

10:43:07   10   back to Your Honor on whether April 26th will work for our

11   respective.

12       THE COURT:  The date that we had focused on is

13   Thursday, April 26th, at the same time.  That date is clear for

14   both Judge Milazzo and me, so we would ask you-all to please

10:43:29   15   circulate that date and check your calendars.  We'll try to

16   accommodate as many people as we can.

17        If that for some reason winds up not being suitable,

18   we'll try to find some alternative dates for you, but that is the

19   date that seems to be working that way.  I know it works for

10:43:45   20   Judge Milazzo and me, and hopefully it will work for enough of

21   you that we can proceed on that day with our next liaison

22   committee -- I should say our liaison counsel meetings, our

23   committee meetings, and our general status conference.

24       MR. LAMBERT:  I believe that takes us to the end of the

10:44:02   25   report.

**OFFICIAL TRANSCRIPT**

```
 1          THE COURT:  Okay.  Mr. Moore, would you like to add
 2    anything to what Mr. Lambert has covered in the report?
 3          MR. MOORE:  No, Your Honor.
 4          THE COURT:  All right.
 5          Mr. Olinde?
 6          MR. OLINDE:  No, Your Honor.  Thank you.
 7          THE COURT:  Yes.  Mr. Ratliff, go ahead.
 8          MR. RATLIFF:  Thank you, Your Honor.  Harley Ratliff on
 9    behalf of Sanofi.
10          I just wanted to cover one quick point just for the
11    clarity of the broader audience, and it comes to me because I've
12    been fielding inquiries from other attorneys that I know -- no
13    one in this room -- asking about the settlement committee, what
14    that's about.
15          I know in our leadership meetings, and talking to Jon,
16    and knowing Mr. Strongman and Mr. Gordon, that the settlement
17    committee is working hard.  They're trying to make progress.
18    They're talking about a framework.
19          But I also don't want to leave the impression for the
20    folks who may be on the phone or who don't -- are not privy to
21    our leadership meetings, that that doesn't mean there's something
22    imminent that's going to happen anytime soon.  And as we start to
23    see -- or continue to see cases sort of flood in on a daily
24    basis, 20 to 30 cases, I don't want to leave that impression for
25    the broader audience that this is something that's going to
```

10:44:10

10:44:18

10:44:32

10:44:46

10:45:04

**OFFICIAL TRANSCRIPT**

1   happen tomorrow, next week, or in several months.

2           THE COURT:  Let me be clear -- and I'll reiterate that

3   for the benefit.  I appreciate you bringing that up here.

4           Let me be clear on the record, and for those of you who

5   are listening in, either in person or on the phone, the

6   settlement committees are simply a mechanism that the Court had

7   asked for attorneys to serve on to explore the parameters of what

8   an agreement would look like if one could be reached.

9           I will state, after having spoken with the settlement

10  committees yesterday, that although they're working very hard and

11  very constructively, we are nowhere close to this MDL being

12  settled.  In fact, we do not have an agreement on the parameters

13  of a settlement even if one were so desired at this point by

14  either side.

15          We have a lot of litigating to do in this case.  We

16  have a bellwether coming up in approximately six months.  That

17  will tell us a lot about whether the case can even possibly be

18  settled.

19          So, no, do not assume that because there are settlement

20  committees that are working, that this MDL is going to settle.  I

21  would say at this point as we sit here today, it's just as likely

22  that the MDL will run its course and the cases will be remanded

23  as it is that the case will settle.

24          As the presiding judge -- and I think I can speak for

25  myself as well as Judge Milazzo -- the goal and what we like to

10:45:19
10:45:41
10:46:00
10:46:16
10:46:35

**OFFICIAL TRANSCRIPT**

1   do as the presiding judge is to get all of the cases resolved in

2   one forum, which is, in my mind, a successful MDL.

3            But if we resolve all of the common issues in the MDL

4   and we cover a lot of ground and we remand cases back to the

10:46:56   5   courts from where they came, that is also a successful MDL in

6   that we've accomplished the task that the JPML has assigned to

7   us.

8            So the very mention of the term "settlement committee"

9   should not be interpreted as an imminent agreement being reached

10:47:16   10   so that you must be in the case in order to participate in it,

11   because there may not be one.

12            I have all the respect for -- Mr. Gordon has worked

13   very hard on it.  You know, Mr. Strongman has worked very hard on

14   it.  Ms. Cohen.  The players are there to discuss what a

10:47:34   15   settlement might look like, even this early, without any

16   assurance or even any type of inclination at this point that the

17   case can be settled.

18            I just don't want us to get to that point and then have

19   to invent the wheel, as it were.  If there's a desire on both

10:47:51   20   sides eventually to discuss settlement, hopefully we'll have all

21   that ground plowed if we get to that point.

22            So I appreciate your comments and I want to be clear on

23   the record that the fact that there's a settlement committee, the

24   fact that they're meeting, the fact that they're discussing with

10:48:09   25   each other these things, and the fact that they're meeting with

**OFFICIAL TRANSCRIPT**

1   me should not in any way be interpreted as an imminent settlement

2   being on the horizon.  We've got a long way to go still and we're

3   going to cover that ground and we're going to constantly

4   reevaluate where we are in terms of what is known about these

5   cases, the success rate, the consumption of resources, and the

6   desire of the parties to continue to litigate the cases.

7            So I'm glad you brought that up just so that we can be

8   clear on it.

9            Does anybody have any questions about anything that's

10  covered in this report that Mr. Lambert and Mr. Moore and

11  Mr. Olinde have spoken about up to this point?

12           (No response.)

13           THE COURT:  Any questions?

14           (No response.)

15           THE COURT:  As promised, I will open the floor for any

16  questions about anything else about the MDL that you would like

17  to discuss.

18           Any questions for counsel or questions for me?

19           (No response.)

20           THE COURT:  Anybody?

21           (No response.)

22           THE COURT:  Let's check on the April 26th date.  And

23  assuming that that works for you-all, we'll see you then, on

24  April 26th.

25           Thank you.

**OFFICIAL TRANSCRIPT**

1          (Proceedings adjourned.)

2

3

4                    *  *  *  *

5                  CERTIFICATE

6

7     I hereby certify this 8th day of March, 2018, that the

8  foregoing is, to the best of my ability and understanding, a true

9  and correct transcript of the proceedings in the above-entitled

10 matter.

11

12                    /s/ Mary V. Thompson

13                    Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

**OFFICIAL TRANSCRIPT**