## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. KURT D. ENGELHARDT |
| *Marcella Jolivette v. Sanofi-Aventis S.A., et al.*, Case No. 2:17-cv-02297 | |

## RESPONSE TO ORDER TO SHOW CAUSE NO. 3

Plaintiff, Marcella Jolivette, respectfully appears to show cause as to why her lawsuit should not be dismissed with prejudice, in response to Order to Show Cause No. 3 (R. Doc. 1760).

Counsel received an amended deficiency notice on February 16, 2018, and accordingly still has until <u>March 16, 2018,</u> to submit an amended PFS or otherwise respond to the alleged deficiencies. To dismiss Ms. Jolivette now, when her allowed time for a response has not lapsed, would be an unfair and unreasonable failure to apply the rules established by this Court for the PFS procedures in PTO 22, paragraph 5.

Ms. Jolivette submitted her first PFS on September 8, 2017, and included proof of injury (i.e., photographs) and signed authorizations. She received the first deficiency notice on October 23, 2017. Counsel worked with Ms. Jolivette to respond to and fulfill any noted deficiencies and accordingly submitted an amended PFS on January 2, 2018, along with proof of use, via

1

submission of her medical records. No new deficiency notice was received until February 16, 2018, in response to which Ms. Jolivette is working on curing those additional alleged deficiencies. Counsel for Ms. Jolivette believed that because the defendants had submitted the second deficiency notice on February 16, the defendants knew Ms. Jolivette was within the time permitted for responding to this notice and would not further pursue a dismissal prior to the deadline. As the defendants themselves stated on the Deficiency Notice *dated February 16, 2018*, "defendants reserve the right to add this case to the Status Conference Agenda for failure to cure deficiencies *within 30 days of service*." Thirty days have not yet elapsed.

Dismissal is premature. This is especially the case where, as here, Ms. Jolivette's case has not been set for trial, there are no deadlines or pending motions relating to her case, and there is no prejudice to defendants or the Court in waiting for the proper 30 days to elapse before evaluating Ms. Jolivette's response. Moreover, Ms. Jolivette has already substantially completed her PFS requirements by submitting proof of use, proof of injury, signed authorizations and a complete PFS.

Plaintiff respectfully moves this Court to maintain her claim. She has fully completed the PFS and provided all required information and documentation necessary to further prosecute her claim.

    Respectfully submitted,

    */s/ Lauren E. Godshall*
    Betsy Barnes, LA # 19473
    Lauren E. Godshall, LA #31465
    Morris Bart, LLC
    601 Poydras St., 24th Fl.
    New Orleans, LA 70130
    Phone: (504) 525-8000
    Fax: (504) 599-3392
    bbarnes@morrisbart.com
    lgodshall@morrisbart.com

## CERTIFICATE OF SERVICE

I certify that on March 12, 2018, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

/s/ Lauren E. Godshall