

**JOHNSON LAW GROUP**
2925 RICHMOND AVENUE, SUITE 1700, HOUSTON, TX 77098
TOLL FREE (800) 230-7700  PHONE (713) 626-9336  FAX (800) 731-6018
**JOHNSONLAWGROUP.COM**

March 18, 2018

Hematology Oncology Consultants
ATTN: Custodian of Records
Medical Records
 28078 Baxter Road, Suite 140
Murrieta, CA  92563

  **RE: Patient: Mary Jensen**
    **Dates of Treatment: 1/1/2005 - 12/31/2007**
    **DOB: 7/15/1941**
    **SSN: 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**

Dear Records Custodian:

 Please be advised that my law firm is representing Mary Jensen in her lawsuit against the manufacturer(s) of Taxotere/Docetaxel. Ms. Jensen was administered Taxotere/Docetaxel chemotherapy at your facility from 1/1/2005 - 12/31/2007. It is requested that you furnish the records requested in the attached subpoena and described below.

 As you know, Taxotere is the name-brand form of the drug, and Docetaxel is the generic name. We know that name-brand Taxotere was administered to those who completed chemotherapy treatments prior to March 2011, because it was the only version of the drug on the market at that time. However, generic forms of Taxotere were introduced into the market at the beginning of March 2011 and multiple companies sold the generic forms. Therefore, it is imperative that we identify the manufacture and NDC code(s) of the Taxotere/Docetaxel administered to Ms. Jensen.

 We have ordered and received medical records from your facility several times. However, the records we have received do not identify the manufacturer and NDC code(s) of the Taxotere/Docetaxel administered to Ms. Jensen during the time of her treatment. You already have a signed HIPAA authorization for your file, but I have enclosed an additional copy giving you authority to release these records to me. We are certainly willing to pay a reasonable fee for copying expenses.

 Failure to comply with this subpoena will result in the proper authorities being notified ass to your HIPAA violation, your facility being subjected to a Motion to Compel, and additional legal and monetary consequences. If you have any questions or need additional information, please do not hesitate to contact me at (713) 626-9336.

          Very truly yours,

          JOHNSON LAW GROUP

          Alyssa White

Enclosures

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

Civil Action No. 2:17-cv-12955

Mary Jensen )
*Plaintiff* )
v. )
)
)
)
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Name of Facility
Hematology Oncology Consultants

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached letter. Concerning Mary Jensen, Proof of the Manufacturer and NDC Code for the Taxotere/Docetaxel administered to Mary Jensen during the time of Ms. Jensen treatment from 1/1/2005 - 12/31/2007 for breast cancer at your facility.

| Place: Johnson Law Group<br>2925 Richmond Ave, Ste. 1700<br>Houston, TX 77098 | Date and Time:<br>April 7, 2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 18, 2018

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mary Jensen , who issues or requests this subpoena, are:

Alyssa White, Johnson Law Group, 2925 Richmond Ave., Ste. 1700, Houston, TX 77098;
awhite@johnsonlawgroup.com; (713) 626-9336

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: _____

DATE OF BIRTH: \_\_\_\_ / \_\_\_\_ / _____            SSN: \_\_\_\_ / \_\_\_\_ / _____

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

***PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED***

**SANOFI AVENTIS US LLC**
- ☐ 0075-8003-01
- ☐ 0075-8004-04

**WINTHROP US**
- ☐ 0955-1020-01
- ☐ 0955-1021-04

**HOSPIRA, INC.**
- ☐ 0409-0201-02
- ☐ 0409-0201-10
- ☐ 0409-0201-20
- ☐ 0409-0201-25
- ☐ 0409-0201-26
- ☐ 0409-0201-27

**McKESSON PACKAGING**
- ☐ 63739-932-11
- ☐ 63739-971-17

**SANDOZ**
- ☐ 66758-050-01
- ☐ 66758-050-02
- ☐ 66758-050-03

**ACCORD HEALTHCARE**
- ☐ 16729-120-49 KIT
- ☐ 16729-228-50 KIT

**ACCORD HEATHCARE**
- ☐ 16729-267-63
- ☐ 16729-267-64
- ☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
- ☐ 25021-222-01
- ☐ 25021-222-04
- ☐ 25021-222-07

**PFIZER LABORATORIES**
- ☐ 0069-9141-11
- ☐ 0069-9141-22
- ☐ 0069-9142-11
- ☐ 0069-9142-22
- ☐ 0069-9144-11

**ACTAVIS PHARMA, INC.**
- ☐ 45963-734-54
- ☐ 45963-765-52
- ☐ 45963-781-74
- ☐ 45963-790-56

**DR REDDYS LAB LTD.**
- ☐ 43598-258-11
- ☐ 43598-259-40

**SANDOZ**
- ☐ 66758-950-02
- ☐ 66758-950-03

**TEVA PHARMS USA**
- ☐ 0703-5720-01
- ☐ 0703-5730-01

**NORTHSTAR RX LLC**
- ☐ 16714-465-01
- ☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
- ☐ 42367-121-25
- ☐ 42367-121-29

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ **WAS**   ☐ **WAS NOT**
**ADMINISTERED TAXOL/PACLILTAXEL**

_____ / _____ / _____      _____ / _____ / _____      _____
DATE OF FIRST TREATMENT      DATE OF LAST TREATMENT      # OF DOSES

_____      _____
SIGNATURE OF REPRESENATIVE OF              NAME OF PRACTICE/INFUSION CENTER
PRACTICE/INFUSION CENTER

_____      _____
PRINTED NAME & TITLE OF REPRESENTATIVE      ADDRESS

_____      _____
DATE                            CITY, STATE, ZIP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LIITGATION | : : : | MDL NO. 2740 |
| Mary Jensen, | : : | SECTION "N" (5) JUDGE ENGELHARDT |
| Plaintiff, | : : | MAG. JUDGE NORTH |
| vs. | : : : | Civil Action No.: 2:17-cv-12955 |
| Sanofi-Aventis U.S. LLC; Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.; | : : : | |
| Defendants. | : | |

## NOTICE OF SERVICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Plaintiff hereby gives notice pursuant to Federal Rule of Civil Procedure 45 to Defendants that they intend to serve the attached subpoena commanding the production of documents, information, or objects upon Hematology Oncology Consultants.

Respectfully submitted this the 19th day of March, 2018.

                                                                                               */s/ Alyssa White*
                                                                                               Alyssa White
                                                                                               TX Bar 24073014
                                                                                               Rashmi Parthasarathi
                                                                                               TX Bar 24092940
                                                                                               **JOHNSON LAW GROUP**
                                                                                               2925 Richmond Ave, Ste. 1700
                                                                                               Houston, TX 77098
                                                                                               Tel: 713-626-9336
                                                                                               Fax: 713-583-9460
                                                                                               awhite@johnsonlawgroup.com
                                                                                               rpartha@johnsonlawgroup.com
                                                                                               ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2018, a copy of the foregoing *Notice of Service of Subpoena to Produce Documents, Information, or Objects* was served via EMAIL upon the following:

Douglas J. Moore
Irwin Fritchie Urquhart & Moore, LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
dmoore@irwinllc.com

John F. Olinde
Chaffe McCall, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
505b2liaison@chaffe.com

                                                            */s/ Alyssa White*
                                                            Alyssa White

Harley V. Ratliff & Kelly Bieri
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
noproductid@shb.com
***Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.***