UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NUMBER: 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                SECTION: "N"(5)
THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

At the status conference conducted on March 14, 2018, the Court heard argument from the parties concerning a dispute regarding ten (10) documents over which Sanofi claimed privilege.[1] The PSC objected to Sanofi's claims of privilege regarding those documents, which were authored and received by employees of LifeBrands USA and Envision Communications, Sanofi's third-party marketing consultants. The PSC claimed that, to the extent any of those documents were ever privileged, such privilege or privileges were waived when Sanofi sent the documents to its consultants. The PSC also complained that the Sanofi privilege log describing the documents lacks sufficient information upon which to test the claims of privilege.

The Court ordered Sanofi to produce the disputed documents for *in camera* inspection, along with the excerpts of the privilege log describing them. That production has been made. The Court finds first that the description of the documents in the privilege log is sufficient under Rule 26. This finding is bolstered by the even more detailed explanations concerning the documents that were communicated by Sanofi's counsel to the PSC by email, copies of which were also provided to the Court.

---

[1] The documents are Bates-numbered PL_Sanofi-000451-58 and Sanofi_04836448-49.

In addition, after reviewing the documents themselves, the Court finds they were properly withheld as privileged documents. They appear in every respect to be what Sanofi purports them to be in its log and in its statements to the Court at the status conference. Because they represent documents exchanged between employees and counsel for Sanofi and Sanofi's marketing consultants to facilitate the legal advice of counsel pertaining to regulatory issues (with the goal of ensuring that marketing materials complied with applicable government regulations), they are privileged and that privilege has not been waived. *Action Ink, Inc. v. Anheuser-Busch, Inc.*, No. 12–CV-0141, 2012 WL 12990577 at *7-8 (E.D. La. Dec. 19, 2012). Accordingly, the documents provided to the Court by Sanofi for an *in camera* inspection need not be produced.

New Orleans, Louisiana, this 20th day of March, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2