UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. KURT D. ENGELHARDT |
| *Irma Stevens v. Sanofi-Aventis S.A., et al.*, Case No. 2:17-cv-05918 | |

## SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE NO. 3

Plaintiff, Irma Stevens, respectfully appears to show cause as to why her lawsuit should not be dismissed with prejudice, supplementing Plaintiffs' Response to Order to Show Cause No. 3, Doc. 1796.

Ms. Stevens' Third Amended PFS was submitted on February 19, 2018, along with additional post-Taxotere-use photographs as requested by defendants. No deficiency notice has been received since that time. There is no procedure set forth in PTO 22 that would permit defendants to seek dismissal of a claim that is not the subject of a deficiency notice. Moreover, this would be grossly unfair: Ms. Stevens has not been notified of any deficiency in her Third Amended PFS, and a "not substantially complete" dismissal is unreasonable where there is no direction offered on what response or responses in the PFS are considered "incomplete." Also, McKesson Corporation has already served its Defendant Fact Sheet ("DFS") on Ms. Stevens, indicating that it considered her PFS requirements met sufficient to trigger its own deadline to

respond with a DFS. As PTO 22 paragraph 8 states, plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33. For disputes over interrogatories, there must necessarily be a "meet and confer" providing plaintiff notice and opportunity to cure any alleged deficiencies in her response. Without a deficiency notice, the requisite notice and opportunity to cure are missing.

Ms. Stevens' PFS history demonstrates her willingness to respond to deficiency notices: her first PFS was submitted on July 21, 2017, along with proof of use (medical records), proof of injury (photographs), and signed authorizations. Then, in response to a deficiency notice, an amended PFS was submitted on September 29, 2017. A second amended PFS with additional information was submitted on February 19, 2018, and the third amended PFS was submitted on March 20, 2018. Additional photographs specifically requested by the defendants in their now-satisfied deficiency notice were submitted in February and March. Dismissal of Ms. Stevens' claim following her substantial completion of the PFS requirements would abrogate this Court's own procedures for managing discovery disputes in this multi-district litigation.

Plaintiff respectfully moves this Court to maintain her claim. She has fully completed the PFS and provided all required information and documentation necessary to further prosecute her claim.

        Respectfully submitted,

        */s/ Lauren E. Godshall*
        Betsy Barnes, LA # 19473
        Lauren E. Godshall, LA #31465
        Morris Bart, LLC
        601 Poydras St., 24th Fl.
        New Orleans, LA 70130
        Phone: (504) 525-8000
        Fax: (504) 599-3392
        bbarnes@morrisbart.com
        lgodshall@morrisbart.com

**CERTIFICATE OF SERVICE**

I certify that on March 22, 2018, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Lauren E. Godshall*_____