UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)            MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                       SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**JOINT REPORT NO. 8 OF LIAISON COUNSEL**
**(Status Conference, March 7, 2018)**

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 8 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, excluding voluntary dismissals, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the JPML. As of February 28, 2018, excluding voluntary dismissals, there are approximately 8,037 cases pending in the MDL before the Honorable Kurt D. Engelhardt.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings have been filed in California, Illinois, Missouri, New Jersey, and Delaware. Most of these state court proceedings were removed to federal court. The Court ruled on remand motions on August 30, 2017. (Rec. Doc. 781). On February 7, 2018, the Court entered Pretrial Order No. 77 to streamline the briefing of future motions to remand by

1

California Plaintiffs who name McKesson as a non-diverse defendant.

The Court received supplemental briefing on whether two California multi-plaintiff cases could be severed prior to remand and that issue remains pending before the Court. Sanofi filed a Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand in the *Ernyes-Kofler* (case no. 2:17-cv-03867) and *McCallister* (case no. 2:17-cv-02356) cases on February 15, 2018 (Rec. Doc. 1717). Plaintiffs filed their Supplemental Memorandum in Response to Defendants' Supplemental Memorandum on February 27, 2018 (Rec. Doc. 1748). Sanofi may request leave to file a reply.

The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only). The parties also continue to make efforts to identify the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings, and to provide the call-in number for the status conferences, should they wish to join. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court.

Three California judges in different counties have been assigned at least one Taxotere case. Federal-state Liaison Counsel provided the Court with the names and contact information for these six state court judges, as well as a chart of state court case information.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.8.

The Court has issued the following important Pretrial Orders (sometimes "PTO") since the December 15, 2017 Status Conference:

  a. **Pretrial Order No. 72** (Rec. Doc. 1462) entered January 4, 2018 regarding dismissal of the French Sanofi Defendants per Stipulation.

    b.    **Pretrial Order No. 73** (Rec. Doc. 1463) entered January 4, 2018 regarding Revised Exemplar Short Form Complaint.

    c.    **Pretrial Order No. 74** (Rec. Doc. 1470) entered January 4, 2018 regarding Procedures for Withdrawal of Counsel.

    d.    **Pretrial Order No. 70A** (Rec. Doc. 1528) replacing Pretrial Order No. 70 entered January 26, 2018 regarding Contact with Physicians.

    e.    **Pretrial Order No. 71A** (Rec. Doc. 1531) replacing Pretrial Order No. 71 entered January 26, 2018 regarding Plaintiffs' Responsibilities Relevant to ESI.

    f.    **Pretrial Order No. 77** (Rec. Doc. 1633) entered February 7, 2018 regarding Additional California Plaintiffs' Motions to Remand.

    g.    **Pretrial Order No. 37A** (Rec. Doc. 1682) entered February 14, 2018 regarding Procedures for Short Form Complaints and Motions for Leave to Amend Short Form Complaints (supersedes Pretrial Order No. 37 (Rec. Doc. 318)).

**4.**    **<u>CASE MANAGEMENT ORDERS</u>**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.8. The Court has issued the following Case Management Orders since the December 15, 2017 Status Conference:

    a.    **Case Management Order No. 11** (Rec. Doc. 1430) entered December 27, 2017 extending Certain Deadlines in CMO No. 3.

    b.    **Case Management Order No. 12** (Rec. Doc. 1506) entered January 12, 2018 setting forth a Process for Obtaining Product Identification.

    c.    **Case Management Order No. 13** (Rec. Doc. 1819) entered March 9, 2018 selecting First Bellwether Trial Plaintiffs Pursuant to Case Management Order No. 3.

The parties will meet and confer and submit Case Management Orders for the third, fourth and fifth trial dates in 2019. With Defendants asserting *Lexecon* rights with regard to the plaintiffs identified in CMO 8A (Rec. Doc. 1099), the parties will meet and confer on possible

amendment of CMO 8A.

**5.    COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be kept current by each counsel and will be relied upon throughout the litigation. PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

**6.    MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Master Long Form Complaint was filed on March 31, 2017. (Rec. Doc. 312) Plaintiffs' First Amended Long Form Complaint was filed on July 25, 2017 (Rec. Doc. 689). On January 4, 2018, the Court entered Pretrial Order No. 73 (Rec. Doc. 1463), granting Defendants' Consent Motion for Substitution of Second Amended Exemplar Short Form Complaint (Rec. Doc. 1254) and attaching the approved version of the Short Form Complaint (Rec. Doc. 1463-1), which indicates it is the effective version of the form as of January 4, 2018.[1] Plaintiffs' Liaison Counsel cautions all Plaintiffs that this update of the exemplar Short Form Complaint does not require that an individual plaintiff who previously filed a Short Form Complaint on an old version of the form file a new Short Form Complaint on the updated version of the form.

---

[1] While the version of the Short Form Complaint adopted by this Court is substantively the same as the proposed Second Amended Short Form Complaint (Rec. Doc. 1254-2) submitted by counsel, the Court has made changes to the title of the Short Form Complaint. The Court-approved version of the Short Form Complaint that is attached to Pretrial Order No. 73 as Exhibit A (Rec. Doc. 1463-1), and also found as Exhibit A (Rec. Doc. 1682-1) to PTO 37A, is entitled "Short Form Complaint (Effective as of December 21, 2017)" for purposes of clarity. Furthermore, the Court has inserted a footnote after this title to explain that this version of the Short Form Complaint shall supersede all other versions and should be the only version used for future filings.

4

However, if it is necessary for counsel to file a new member case or amend a previously filed Short Form Complaint, Counsel should ONLY use the Court-approved Short Form Complaint effective as of January 4, 2018, which is available on the Court's MDL 2740 website under the "Forms" tab or through MDL Centrality.  Counsel are cautioned not to use old versions of the Short Form Complaint that have come from the record or elsewhere, or their filing will be marked "Deficient" by the Clerk's Office. Counsel are further advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint.

Should any Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6 [2] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. On February 14, 2018, the Court entered Pretrial Order No. 37A (Rec. Doc. 1682) that sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com)[3] and the Contact Person listed on Exhibit B to Pretrial Order No. 37A for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.  If no notice of any opposition is received by Plaintiff's Counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed.  If any opposition is received by Plaintiff's Counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion.  If consent is obtained or no opposition

---

[2] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[3] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either move to dismiss, get stipulation to dismiss, or dismiss with prejudice. In any case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet ("PFS") and accompanying disclosures. In addition, with a motion, the Plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

**7. PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

a) PTO 18 (Rec. Doc. 236) provides the form of the PFS and Defendant Fact Sheet ('DFS");

b) Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

    c) PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

    d) PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

    e) PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1).

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017).

As February 28, 2018, Plaintiffs have served 4,794 PFSs, and 1,191 PFSs are in progress. Based on the PFSs received as of February 28, 2018, they divide among Defendants as follows: 2,478 sanofi, 319 Hospira, 123 Sandoz, 97 Accord, 1 Sun, 872 Unknown, 401 Blank, and 504 Other/Miscellaneous. The parties continue to confer on the status of photographic evidence submitted with fact sheets with PLC advising all Plaintiffs' counsel of the Court's statements on this issue, and enclosing copies of the transcript where the Court expressed its expectation, the descriptions of Plaintiffs' injuries in the Short Form complaints, the Deficiency Notices issued, and the status of product identification in multi-defendant cases.

Under Amended PTO 22 ¶ 5, sanofi identifies the approximately 1306 cases attached hereto as Appendix C.8 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, Sanofi identifies the approximately 71 cases attached hereto as Appendix D.8 where Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. Sanofi accordingly

requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, Sanofi also identifies the approximately 111 cases attached hereto as Appendix E.8 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22.

Under PTO 22 ¶ 5, the 505(b)(2) Defendants identify the approximately 688 cases attached hereto as Appendix F.8 as matters where no PFS, authorizations, or responsive documents have been submitted in violation of the Order. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, the 505(b)(2) Defendants identify the approximately 60 cases attached hereto as Appendix G.8 where the 505(b)(2) Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have failed to respond in any manner for thirty (30) days or more. The 505(b)(2) Defendants accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id*.

Subject to the same provisions, the 505(b)(2) Defendants also identify the approximately 39 cases attached hereto as Appendix H.8 where Plaintiffs have failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22.

The Court issued an Order To Show Cause No. 3 on March 1, 2018 (Rec. Doc. 1760). In proposed Show Cause Order No. 3, both Sanofi and the 505(b)(2) Defendants identified 363 cases, which are also listed on attached hereto as Appendix I.8, where Plaintiffs have failed to

8

cure deficiencies identified in Joint Report No. 7 of Liaison Counsel, Appendices C, D, E, F, G, H (Rec. Docs. 1532-3, 1532-4, 1532-5, 1532-6, 1532-7, and 1532-8). This proposal includes language outlining a new procedure for responses to the Order to Show Cause. The parties discussed the proposal with the Court at the March 7, 2018 Status Conference.

8. **MDL CENTRALITY**

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's MDL 2740 website under the tab "Forms," as well as on the BrownGreer website.

9. **SERVICE ON DEFENDANTS**

Counsel for sanofi and the Plaintiffs' Steering Committee ("PSC") have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity. Sanofi acknowledges that service of a complaint naming Winthrop US may be made on Sanofi-aventis U.S. LLC.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

10. **DISMISSAL OF DEFENDANTS**

Three entities, who were originally named as Defendants, have been dismissed in all cases pending in the MDL. One entity (Apotex, Inc.) submitted proof by affidavit that it did not manufacture Docetaxel. The other entities, Northstar RX, LLC and Eagle Pharmaceuticals, Inc.,

submitted proof that they did not manufacture Docetaxel until after the date of infusions alleged in the individual Complaints. The referenced documents are as follows: Northstar RX LLC (Rec. Docs. 320, 324, 333, 335), Eagle Pharmaceuticals, Inc. (Rec. Doc. 319, 332, 336), and Apotex, Inc. (Rec. Docs. 219, 224, 225).

On November 3, 2017 the parties filed Stipulation of Terms Related To Defendants, Sanofi and Aventis Pharma S.A. (Rec. Doc. 1072). At the Court's request, the parties have drafted an *en globo* Motion to Dismiss the French Defendants from all cases in the MDL. (The exemplar Short Form Complaint has also been amended to remove these entities.) Counsel do not have to move to dismiss the French Defendants in any individual case.

## 11. <u>PRODUCT IDENTIFICATION ORDER</u>

On January 12, 2018, the Court entered Case Management Order No. 12 (Product Identification Order) (Rec. Doc. 1506) that sets forth procedures for Plaintiffs' counsel to take to identify the manufacturer for each client and thus, the defendant for each client. Should the Plaintiffs' efforts described in paragraphs 1 and 2 fail to obtain this evidence, Plaintiffs shall notify Defendants pursuant to paragraph 3. Defendants' obligation to assist in obtaining the product identification is then triggered in paragraph 4, but only upon Plaintiffs' full compliance with paragraphs 1-3. Once Product ID information is obtained, each Plaintiff must upload such information to MDL Centrality under the "Product Identification" document type field, as well as dismiss any and all Defendants not identified by the Product ID Information within fourteen (14) days of the date the Plaintiff uploads the Product ID information to MDL Centrality. Any Plaintiff who fails to comply with the mandates and deadlines of the Order is subject to dismissal upon motion by Defendants by being placed on the Agenda for the next status conference.

Paragraph 6 of CMO 12 lists what is presumed to be sufficient evidence of product

identification- NDC numbers in Plaintiffs' medical records, a Certificate of Authenticity of Product Identification Administered ("Certification") and medical or billing records showing docetaxel administered prior to March 8, 2011 which is evidence that the docetaxel was manufactured by sanofi.

The Plaintiffs have the right to issue a subpoena to the facility administering the drug (paragraph 5) and to conduct limited discovery to determine product identification (paragraph 12) within 75 days of the date of the issuance of the subpoena.

Since the entry of the Order, the Defendants have requested a meet and confer with the Plaintiffs on the need for a streamlined procedure with regard to the dismissal of any and all Defendants not identified by the Product ID information by Stipulations of Dismissal with Prejudice. The parties will meet and confer on this issue and will be prepared to discuss the status of the issue with the Court at the March 7, 2018 Status Conference.

## 12. **PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4). Pursuant to negotiations with the U.S. sanofi Defendants, PLC circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

## 13. **PROTECTIVE ORDER**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

11

### 14. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613). On December 15, 2017 the Court issued Pretrial Order No. 71 (Rec. Doc 1306) regarding Plaintiffs' Responsibilities Relevant to ESI.

On January 26, 2018, the Court entered Pretrial Order No. 71 A (Rec. Doc. 1531) that amends and supersedes Pretrial Order No. 71.  Pretrial Order No. 71 A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.  If a PFS or other written request is due or was previously submitted by the date of the Order, both Plaintiff and her counsel have 105 days from December 15, 2017, to provide the written statement described in Paragraph 6 of the Order.  105 days from December 15, 2017, is Friday, March 30, 2018.[4]

### 15. DISCOVERY OF DEFENDANTS

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents.  The parties have met and conferred multiple times about this discovery served by the Plaintiffs. The parties are generally addressing discovery disputes with Magistrate Judge North.  The next in-person status conference has been scheduled by Magistrate Judge North for March 14, 2018 at 1:00 CT.

Plaintiffs served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc.  Plaintiffs and these Defendants are meeting and conferring regarding this discovery and generally will address any disputes before Magistrate Judge North.

### 16. MOTION PRACTICE

---

[4] See footnote 2 of PTO 71A which provides a different timeline should a firm have more than 50 written statements due on the same day.

On May 19, 2017 Plaintiffs filed a Motion to Remand the *Ernyes-Kofler* and *McCallister* cases (Rec. Doc. 473). On February 15, 2018, sanofi filed a Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand. Plaintiffs filed their Supplemental Memorandum in Response to Defendants' Supplemental Memorandum on February 27, 2018 (Rec. Doc. 1748). Sanofi may request leave to file a reply.

**17.  SETTLEMENT COMMITTEES**

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee, and to a sanofi Settlement Committee, and in PTO 44 (Rec. Doc. 371) a separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants. Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. The Chairs of each Settlement Committee met with the Court on March 6, 2018.

**18.  SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265) the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted. The Court and the Special Master will have a telephonic conference next week.

**19.  NEXT STATUS CONFERENCE**

The Court has announced that the next general status conference will be held on April 26, 2018, at 10:00 a.m. in Judge Engelhardt's courtroom, with the meeting of Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9:00 a.m. The

13

Court has set up a telephone conference line for the status conference that begins at 10:00 a.m.

To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Dated: March 25, 2018

Respectfully submitted:

| | |
|---|---|
| */s/Dawn M. Barrios*<br>Dawn M. Barrios (#2821)<br>**Barrios, Kingsdorf & Casteix, LLP**<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Telephone: 504-524-3300<br>Facsimile: 504-524-3313<br>E-Mail: barrios@bkc-law.com<br><br>*Plaintiffs' Co-Liaison Counsel* | */s/M. Palmer Lambert*<br>M. Palmer Lambert (#33228)<br>**Gainsburgh Benjamin David Meunier & Warshauer, LLC**<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Telephone: 504-522-2304<br>Facsimile: 504-528-9973<br>E-Mail: plambert@gainsben.com<br><br>*Plaintiffs' Co-Liaison Counsel* |
| */s/ Douglas J. Moore*<br>Douglas J. Moore (Bar No. 27706)<br>**IRWIN FRITCHIE URQUHART & MOORE LLC**<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Telephone: 504-310-2100<br>Facsimile: 504-310-2120<br>E-Mail: dmoore@irwinllc.com<br><br>*Defendants' Liaison Counsel* | */s/ John F. Olinde*<br>John F. Olinde (Bar No. 1515)<br>**CHAFFE MCCALL, L.L.P.**<br>1100 Poydras Street<br>New Orleans, LA 70163<br>Telephone: 504-585-7000<br>Facsimile: 504-585-7075<br>E-Mail: olinde@chaffe.com<br><br>*Defendants' Liaison Counsel* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>                    */s/ Douglas J. Moore*
>                    Douglas J. Moore