# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO CMO NO. 12

On March 18, 2018, Defendants[1] jointly filed a motion seeking dismissal of 674 Plaintiffs

due to their failure to comply with Paragraphs 1-3 of Case Management Order No. 12 (Product

Identification Order) ("CMO 12") [ECF No. 1904].  Plaintiffs subsequently represented to

Defendants that 522 of those cases[2] should not be subject to dismissal because Product ID

Information has been obtained—despite that Plaintiffs failed to disclose such information in the

manner required by CMO 12.[3]

Rather than pursue dismissal of this subset of cases—and in order for the parties and the

Court to accurately and efficiently track the status of Product ID evidence in all cases in MDL

2740—Defendants seek an order from the Court requiring these Plaintiffs to upload their Product

---

[1]   Defendants sanofi-aventis U.S. LLC, Sanofi US Services Inc., Sandoz Inc., Hospira, Inc., Hospira Worldwide, LLC, f/k/a Hospira Worldwide, Inc., Actavis Pharma, Inc., Accord Healthcare, Inc., Pfizer Inc., Sun Pharmaceutical Industries, Inc., and McKesson Corporation d/b/a McKesson Packaging Services (collectively "Defendants").

[2]   Cases subject to Defendants' motion that were identified by Plaintiffs as having previously obtained Product ID Information are listed on Exhibit A (based on information provided by Plaintiffs to Defendants on or before March 26, 2018).

[3]   CMO 12 requires Plaintiffs who obtain Product ID Information to upload such evidence to MDL Centrality under the "Product Identification" document type field within seven (7) days of receipt of such evidence.  *See* CMO 12 at ¶ 7.  None of the Plaintiffs subject to Defendants' motion complied with these requirements as of March 13, 2018.

ID Information (as defined in CMO 12)—and *only* their Product ID Information[4]—to the "CMO 12 Product Identification" field of MDL Centrality within seven days (consistent with Paragraph 7 of CMO 12), if they have not already done so.  The remaining 152 Plaintiffs shall remain subject to dismissal for failing to comply with Paragraphs 1-3 of CMO 12, as outlined in Defendants' original motion.[5]

CMO 12 was created because thousands of Plaintiffs in this MDL failed to obtain Product ID Information prior to filing suit or as part of the Plaintiff Fact Sheet ("PFS") process, and, instead, named numerous manufacturers of docetaxel without attempting to determine the proper defendants.  *See* Mem. in Supp. at 1-2 [ECF No. 1904-1].  Recognizing this failure, counsel for Plaintiffs and Defendants coordinated to develop a procedure and timeline for Plaintiffs to obtain Product ID Information and dismiss improper Defendants.  The parties jointly submitted the agreed-upon order to the Court, which was entered in January 2018.

In order for Defendants and the Court to efficiently track (1) Plaintiffs' compliance with their CMO 12 obligations, (2) the basis upon which their Product ID determinations have been made, and (3) whether they timely dismissed improper Defendants, CMO 12 requires that each Plaintiff upload their Product ID Information to the "CMO 12 Product Identification" document type field of MDL Centrality within seven days of receipt of such information.  *See* CMO 12 at ¶ 7.  As of March 13, 2018—eight days after Plaintiffs' deadline to comply with CMO 12—none of the Plaintiffs subject to Defendants' motion uploaded their Product ID Information in this manner—a fact Plaintiffs do not and cannot dispute.

---

[4]   Numerous Plaintiffs uploaded their Product ID Information within a broad set of voluminous medical records that have no bearing on Product ID, resulting in a burdensome and time-consuming review by Defendants to confirm Plaintiffs' compliance with CMO 12.

[5]   Cases that remain subject to Defendants' motion are listed on Exhibit B (based on information known to Defendants on or before March 26, 2018).

This subset of 522 Plaintiffs, however, claim they uploaded Product ID Information to MDL Centrality under a different category, either before CMO 12 was entered or within 45 days of the order.[6]  Plaintiffs argue that these cases should not be dismissed despite failing to disclose such information in the manner set forth in CMO 12.  While dismissal of such cases may not be appropriate for the reasons set forth in Defendants' opening motion, Plaintiffs' failure to comply with the procedure outlined in CMO 12 nonetheless places a significant and undue burden on Defendants to track the Product ID status of cases pending in this MDL for several reasons.

First, many of these Plaintiffs uploaded Product ID Information buried somewhere in a broader set of voluminous medical records.  In some instances, these records consist of more than 400 pages.  The burden on Defendants to sift through hundreds of pages of records in hundreds of cases is a significant waste of time and resources.  The Court should require each Plaintiff to uniformly upload their specific Product ID Information—without other extraneous records—to the "CMO 12 Product Identification" field of MDL Centrality within seven days.

Second, several Plaintiffs uploaded information coded as "Medical Records" or "Proof of Use" to MDL Centrality _before_ CMO 12 was entered.  There are no controls in place governing the type or scope of information that can be submitted under these categories on MDL Centrality, so without conducting a time-consuming case-by-case review of information submitted by these Plaintiffs, there is no way to ensure compliance with CMO 12 in these instances.

Plaintiffs also contend that 44 cases subject to Defendants' motion involve docetaxel treatment prior to March 8, 2011, a fact, standing alone, that would constitute evidence sufficient to show that the docetaxel was manufactured by sanofi (assuming the treatment is substantiated by medical and/or billing records).  But the Plaintiff Fact Sheets in all but two of these cases do

---

[6]   Plaintiffs claim they uploaded their Product ID Information to MDL Centrality coded as "Medical Records" or "Proof of Use."

not support Plaintiffs' contention.  Of the 44 cases identified by Plaintiffs in this group, 38 failed to disclose their treatment dates in their Plaintiff Fact Sheets (those fields were left blank), 4 have PFSs indicating treatment after 2011, and 2 show treatment prior to 2011 based on updated PFSs submitted on March 12, 2018 and March 14, 2018 respectively (both prior PFSs were blank).[7]  With the exception of these two recently-cured fact sheets, even Plaintiffs' PFSs do not support their current Product ID representations.

Moreover, a cursory review of the lists recently provided by Plaintiffs reveals that some should still remain subject to dismissal for failure to comply with Paragraphs 1-3 of CMO 12. For example, in six cases, Plaintiffs' counsel acknowledged that Plaintiffs had not "exhausted all efforts to find NDC" or had "no NDC."  *See* Exhibit C.  CMO 12 ordered each Plaintiff to comply with Paragraphs 1-3 within 45 days of its entry.  Failure to comply subjects Plaintiffs to dismissal.  *See* CMO 12 at ¶ 11.  No basis exists under CMO 12 for these Plaintiffs to claim they have not yet exhausted efforts to obtain Product ID Information.  Their 45 day deadline expired on March 5, 2018.  *See* Mem. in Supp. at 2.

For these reasons, Defendants seek an order from the Court requiring this subset of Plaintiffs to upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" document type field of MDL Centrality within seven days, if they have not already done so, consistent with their prior obligations set forth in Paragraph 7 of CMO 12.  The remaining 152 Plaintiffs, plus the six cases noted directly above, shall remain subject to dismissal for failure to comply with Paragraphs 1-3 of CMO 12.

---

[7]   Defendants consent to withdrawing Plaintiffs Sandra Rader (Case No. 17-cv-10747) and Kitty Carter (Case No. 17-cv-00047) from their motion to dismiss based on their updated PFSs showing docetaxel treatment prior to March 8, 2011.

4

Respectfully submitted,


/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Kelly G. Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com


***Counsel for sanofi-aventis U.S. LLC and
Sanofi U.S. Services Inc.***

/s/ Lori G. Cohen
Lori G. Cohen
R. Clifton Merrell
Evan Holden
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

/s/ Deborah B. Rouen
Deborah B. Rouen
E. Paige Sensenbrenner
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

***Counsel for Defendant Sandoz, Inc.***

/s/ Mark S. Cheffo
Mark S. Cheffo
Mara Cusker Gonzalez
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com


/s/ John F. Olinde
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com


***Counsel for Defendants Hospira, Inc.,
Hospira Worldwide, LLC, formerly doing
business as Hospira Worldwide, Inc., and
Pfizer Inc.***

/s/ *Michael J. Suffern*
Michael J. Suffern
Jeffrey F. Peck
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com

*Counsel for Defendant Actavis Pharma, Inc.*

/s/ *John P. Wolff, III*
John P. Wolff, III, TA #14504
Nancy B. Gilbert, Bar #23095
Chad A. Sullivan, Bar #27657
Richard W. Wolff, Bar #34844
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, LA 70821
Phone: (225) 383-3796
Fax: (225) 343-9621
jwolff@keoghcox.com
ngilbert@keoghcox.com
csullivan@keoghcox.com
rwolff@keoghcox.com

AND
Via *Pro Hac Vice* Admission

/s/ *Julie A. Callsen*
Julie A. Callsen, TA, OH Bar #0062287
Brandon D. Cox, OH Bar #0089815
**TUCKER ELLIS LLP**
950 Main Ave., Suite 1100
Cleveland, OH 44113-7213
Phone: (216) 696-2286
Fax: (216) 592-5009
Julie.Callsen@TuckerEllis.com
Brandon.Cox@TuckerEllis.com

*Counsel for Defendant Accord Healthcare Inc.*

/s/ *Stanton E. Shuler, Jr.*
Stanton E. Shuler, Jr. (Bar No. 19152)
**LEAKE & ANDERSSON LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Phone: 504-585-7500
Facsimile: 504-585-7775
sshuler@leakeandersson.com

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
**HINSHAW & CULBERTSON LLP**
28 State Street
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

/s/ *Erin M. Bosman*
Erin M. Bosman (Bar No. 204987)
Julie Y. Park (Bar No. 259929)
**MORRISON & FOERSTER LLP**
12531 High Bluff Dr.
San Diego, CA 92130-2040
Phone: 858-720-5100
Fax: 858-720-5125
ebosman@mofo.com
juliepark@mofo..com

*Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.


<u>/s/ *Douglas J. Moore*</u>