# WHITFIELD BRYSON & MASON LLP
ATTORNEYS AT LAW

John C. Whitfield +#◊
Daniel K. Bryson *+
Gary E. Mason >^«
Scott C. Harris *¤
Matthew E. Lee *¤
Caroline Ramsey Taylor +¤◊
Natasha C. Camenisch +◊
Jeremy R. Williams*

Patrick M. Wallace *
Danielle L. Perry ">
Jennifer S. Goldstein >"
J. Hunter Bryson *
Katie C. Stauffer ◊
Charles A. Schneider >
Martha B. Schneider >~
Roger N. Braden +~

State Bar Admissions:
KY+ DC> NC* FL¤ TN◊
NY^ MD« IL= MO# CA"
Of Counsel ~

900 West Morgan Street
Raleigh, North Carolina 27603

*Mailing Address:*
P. O. Box 12638
Raleigh, North Carolina 27605

Office: 919.600.5000
www.wbmllp.com

Daniel K. Bryson
dan@wbmllp.com
Direct: 919-600-5000

April 5, 2018

JHH Oncology Outpatient H.I.M.
401 N. Broadway, Room, 1230
Baltimore, MD 21231

Re:  Effie Perkins
     Date of Birth: ███
     SS#: ███

Dear Sir/Madam:

Please be advised that my law firm is representing Effie Perkins in her lawsuit against the manufacturer(s) of Taxotere/Docetaxel. Ms. Perkins was administered Taxotere/Docetaxel at Johns Hopkins Hospital from January 5, 2012 through April 20, 2012.

As you know, Taxotere is the name-brand form of the drug, and Docetaxel is the generic name. We know that the name-brand Taxotere was administered to those who completed chemotherapy treatments prior to March 2011, because it was the only Taxotere drug on the market at the time. However, beginning in March 2011, generic forms of Taxotere were introduced to the market and sold by multiple companies. Therefore, it is crucial that we identify the manufacturer and NDC codes(s) of the Taxotere/Docetaxel administered to Ms. Perkins.

We have already ordered and received medical records from your facility. However, the records we received do not identify the manufacturer and NDC code(s) of the Taxotere/Docetaxel administered to Ms. Perkins during the time of her treatment. You already have a signed HIPAA authorization for your file, but I have enclosed an additional copy giving you authority to release these records to me. We are certainly willing to pay a reasonable fee for copying expenses.

Should you have any questions or need any additional information, please free to contact me or my paralegal Amanda at 919-600-5004.

Sincerely,

Daniel K. Bryson

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | | |
|---|---|---|
| Effie Perkins | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-13671 |
| Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JHH Oncology Outpatient H.I.M., 401 N. Broadway, Room 1230, Baltimore, MD 21231

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: National Drug Codes and/or manufacturer information for the Taxtoere (Docetacel) administred to Michele Moffitt between January 5, 2012 and April 20, 2012.

| Place: Whitfield Bryson & Mason LLP 900 W. Morgan Street Raleigh, NC 27603 | Date and Time: 05/05/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/5/18

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-13671

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:16-md-02740-JTM-MBN  Document 2140-2  Filed 04/05/18  Page 5 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: Effie Perkins

DATE OF BIRTH: SSN:

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

\*\*\*PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED \*\*\*

**SANOFI AVENTIS US LLC**
- ☐ 0075-8003-01
- ☐ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
- ☐ 0955-1020-01
- ☐ 0955-1021-04

**HOSPIRA, INC.**
- ☐ 0409-0201-02
- ☐ 0409-0201-10
- ☐ 0409-0201-20
- ☐ 0409-0201-25
- ☐ 0409-0201-26
- ☐ 0409-0201-27

**McKESSON PACKAGING**
- ☐ 63739-932-11
- ☐ 63739-971-17

**SANDOZ**
- ☐ 66758-050-01
- ☐ 66758-050-02
- ☐ 66758-050-03
- ☐ 66758-950-02
- ☐ 66758-950-03

**ACCORD HEALTHCARE**
- ☐ 16729-120-49 KIT
- ☐ 16729-228-50 KIT
- ☐ 16729-267-63
- ☐ 16729-267-64
- ☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
- ☐ 25021-222-01
- ☐ 25021-222-04
- ☐ 25021-222-07

**PFIZER LABORATORIES**
- ☐ 0069-9141-11
- ☐ 0069-9141-22
- ☐ 0069-9142-11
- ☐ 0069-9142-22
- ☐ 0069-9144-11

**ACTAVIS PHARMA, INC.**
- ☐ 45963-734-54
- ☐ 45963-765-52
- ☐ 45963-781-74
- ☐ 45963-790-56

**DR REDDYS LAB LTD.**
- ☐ 43598-258-11
- ☐ 43598-259-40

**TEVA PHARMS USA**
- ☐ 0703-5720-01
- ☐ 0703-5730-01

**NORTHSTAR RX LLC**
- ☐ 16714-465-01
- ☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
- ☐ 42367-121-25
- ☐ 42367-121-29

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ **WAS** / ☐ **WAS NOT**
**ADMINISTERED TAXOL/PACLITAXEL**

| 01/05/2012 | 04/20/12 | 6 |
|---|---|---|
| DATE OF FIRST TREATMENT | DATE OF LAST TREATMENT | # OF DOSES |

SIGNATURE OF REPRESENATIVE OF PRACTICE/INFUSION CENTER

NAME OF PRACTICE/INFUSION CENTER

PRINTED NAME & TITLE OF REPRESENTATIVE

ADDRESS

DATE

CITY, STATE, ZIP


EP00002

**JOHNS HOPKINS HOSPITALS**
Johns Hopkins Hospital     Johns Hopkins Bayview Medical Center
Howard County General Hospital     Suburban Hospital
Sibley Memorial Hospital

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION
Complete all sections of this Authorization as appropriate to your request.

**Patient Name:** Effie  C  Perkins    **Birth Date:** [redacted]
(first) (m. initial) (last)

**Address:** 2733 Mura Street    **Phone #:** 410-522-4360
(street address)

Baltimore   MD   21213    **Medical Record #:** 136-02-74
(city) (state) (zip code)    (if known)

### WHO

I hereby authorize ___Johns Hopkins Avon Foundation Breast Cetner___ to take the following action.
(fill in above the name of the Johns Hopkins hospital where your medical information is held)

### ACTION REQUESTED (check one)

☐ Provide a copy of **My Health Information** to me     ☐ Let me look at **My Health Information** (I am not requesting a copy)

☑ Release **My Health Information** to:     ☐ Discuss **My Health Information** with:     ☐ Obtain copies of **My Health Information** from:

Amanda at Whitifeld Bryson & Mason LLP
(name of other person or entity)

900 W. Morgan Street      Raleigh
(street address)      (city)

NC      27603      919-600-5035
(state)   (zip code)   (fax number)
(We cannot call before faxing.)

### WHAT

For this Authorization, "**My Health Information**" means (check one or more):

☐ Abstract (discharge summary, operative notes,    ☐ Emergency Room Record    ☐ Outpatient Record
clinic notes, diagnostic testing)    ☐ History & Physical    ☐ Pathology Report
☑ Billing Record    ☐ Immunization Record    ☐ Progress Note
☐ Diagnostic Test/Results (lab, x-rays and    ☐ Mental Health Records    ☑ Other: NDC codes of the Taxotere/Docetaxel
other test results)    ☐ Operative Report    Adminstered
☐ Discharge Summary

If I have initialed here (_____), "**My Health Information**" includes Substance Abuse Records/Information.

If I have initialed here (_____), this Authorization does **NOT** include records from other healthcare providers that are a part of my Johns Hopkins records included in this request. (If this blank is not initialed, those records **will be** included.)

For the date(s) of service from: 01/05/2012 to 04/20/2012    (records will be provided for all service dates if left blank)
(insert date(s) of service requested)    (Note: Information from recent visits may not yet appear in the record.)

### WHY

☐ At my request    ☐ For my healthcare / treatment    ☑ For legal purposes    ☐ For payment / insurance purposes

Other: _____

A.2.1.c    Standard Register HIPAA-13N
Page 1 of 2    Copy – Medical Records    Copy – Patient / Representative    Effec. Date 9/20/13

**FORMAT:** I request that the copy be provided (where possible/available):

☐ on paper    ☒ electronically on CD    ☐ electronically on flash drive
☐ through a web portal, with notice provided to my email account at: _____
☒ by unencrypted e-mail to this email address:  amanda@wbmllp.com
☐ by other electronic means (if agreed upon by JH records department): _____

**Important:** I understand that the CD/disc or flash drive is not encrypted or password protected and that it is my responsibility to take extra precautions to protect the data on the device and not to lose or misplace the device. Additionally, I understand that unencrypted e-mail is not secure – that means it could be intercepted and seen by others. In addition, I understand that there are other risks with unencrypted e-mail including misaddressed/misdirected messages, e-mail accounts that are shared; messages forwarded to others; and messages stored on portable devices having no security. By choosing to receive **My Health Information** on a CD/disc, flash drive or by unencrypted e-mail, I am acknowledging and accepting these risks.

I understand there may be a fee for a copy of My Health Information. I understand that all fees will be in compliance with applicable law. I agree to pay this fee.

I understand that:
- This Authorization is voluntary. My treatment will not be impacted, no matter if I sign this Authorization or not.
- This Authorization is valid for one year from date signed, unless I revoke/withdraw this Authorization or unless an earlier date is specified here: 05/06/2019. I may revoke/withdraw this Authorization, except to the extent that action has been taken prior to receipt of the revocation/withdrawal, by mailing or faxing my written request along with a copy of the original Authorization to the clinic or department where my Authorization was made or given.
- Once My Health Information is disclosed as requested, it may no longer be protected by federal and state privacy laws, and could be re-disclosed by the person(s) receiving it.
- The medical information released may contain information related to HIV status, AIDS, sexually transmitted diseases, mental health, drug and alcohol abuse, etc.

Signature of Patient Only: _Effie C. Perkins_    Date: 4/14/2018 (Required)

If you are NOT the patient but are signing on behalf of the patient, please complete below

I, _____ , am the (check which applies)
(print your name)

☐ Parent with Parental Rights  (not sufficient for substance abuse records)
☐ Registered Kinship Care Relative  (not sufficient for substance abuse records)
☐ Court Appointed Guardian
☐ Legally Appointed Healthcare Agent  (not sufficient for substance abuse records)
☐ Medical Power of Attorney  (not sufficient for substance abuse records)
☐ Power of Attorney with Right to See Medical Records  (not sufficient for substance abuse records)
☐ Surrogate Decision Maker  (not sufficient for substance abuse records or mental health records)
☐ Court Appointed Personal Representative of Deceased

Representative's Signature: _____    Date: ___/___/___ (Required)

Address: _____    Phone: _____

You MUST attach proof of your authority to act on behalf of the patient as checked above (other than parent).

A.2.1.c
Page 2 of 2    Copy – Medical Records    Copy – Patient / Representative

Standard Register HIPAA-13N
Effec. Date 9/20/13