# WHITFIELD BRYSON & MASON LLP
## ATTORNEYS AT LAW

John C. Whitfield + # ◊
Daniel K. Bryson ' +
Gary E. Mason > ˄ ᴋ
Scott C. Harris ' �
Matthew E. Lee ' ᵃ
Caroline Ramsey Taylor + ᵃ◊
Natasha C. Camenisch + ◊
Jeremy R. Williams˙

Patrick M. Wallace '
Danielle L. Perry " >
Jennifer S. Goldstein > "
J. Hunter Bryson '
Katie C. Stauffer ◊
Charles A. Schneider >
Martha B. Schneider > ~
Roger N. Braden + ~

State Bar Admissions:
KY + DC > NC ' FL ᵃ TN ◊
NY ˄ MD " IL ᵃ MO # CA "
Of Counsel ~

900 West Morgan Street
Raleigh, North Carolina 27603

*Mailing Address:*
P. O. Box 12638
Raleigh, North Carolina 27605

Office: 919.600.5000
www.wbmllp.com

Daniel K. Bryson
dan@wbmllp.com
Direct: 919-600-5000

April 5, 2018

**_VIA FAX: 864-797-6196_**
Dr. Mark O'Rourke
GHS Cancer Institute
Greenville Health System
65 International Drive
Greenville, SC 29615

   Re: Rolanda R. Johnson – NDC Request
     Date of Birth: ▉▉▉▉
     SS #: ▉▉▉▉

Dear Sir/Madam:

  Please be advised that my law firm is representing Rolanda Kendrick (Johnson) in her lawsuit against the manufacturer(s) of Taxotere/Docetaxel. Ms. Kendrick (Johnson) was administered Taxotere/Docetaxel at GHS Cancer Institute. She was administered Taxotere/Docetaxel from July 23, 2012 through November 6, 2012.

  As you know, Taxotere is the name-brand form of the drug, and Docetaxel is the generic name. We know that the name-brand Taxotere was administered to those who completed chemotherapy treatments prior to March 2011, because it was the only Taxotere drug on the market at the time. However, beginning in March 2011, generic forms of Taxotere were introduced to the market and sold by multiple companies. Therefore, it is crucial that we identify the manufacturer and NDC codes(s) of the Taxotere/Docetaxel administered to Ms. Kendrick (Johnson).

  We have already ordered and received medical records from your facility. However, the records we received do not identify the manufacturer and NDC code(s) of the

MADISONVILLE, KY • RALEIGH, NC • NASHVILLE, TN • WASHINGTON, DC

Taxotere/Docetaxel administered to Ms. Kendrick (Johnson) during the time of her treatment. You already have a signed HIPAA authorization for your file, but I have enclosed an additional copy giving you authority to release these records to me. We are certainly willing to pay a reasonable fee for copying expenses.

Should you have any questions or need any additional information, please free to contact me or my paralegal Amanda at 919-600-5004.

Sincerely,

Daniel K. Bryson

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Louisiana

| | | |
|---|---|---|
| Rolanda Kendrick | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-13442 |
| Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Dr Mark O'Rourke, GHS Cancer Institute, Greenville Health System, 65 International Drive, Greenville, SC 29615

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: National Drug Codes and/or manufacturer information for the Taxtoere (Docetacel) administred to Rolanda Johnson between July 23, 2012 through November 6, 2012 located in billing records.

| Place: Whitfield Bryson & Mason LLP 900 W. Morgan Street Raleigh, NC 27603 | Date and Time: 05/05/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/5/18

_____          OR          _____
     *Signature of Clerk or Deputy Clerk*                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-13442

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME:     Rolanda Renae Johnson

DATE OF BIRTH: ███████           SSN: ██████

## TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

### ***PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED ***

**SANOFI AVENTIS US LLC**
- □ 0075-8003-01
- □ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
- □ 0955-1020-01
- □ 0955-1021-04

**HOSPIRA, INC.**
- □ 0409-0201-02
- □ 0409-0201-10
- □ 0409-0201-20
- □ 0409-0201-25
- □ 0409-0201-26
- □ 0409-0201-27

**McKESSON PACKAGING**
- □ 63739-932-11
- □ 63739-971-17

**SANDOZ**
- □ 66758-050-01
- □ 66758-050-02
- □ 66758-050-03
- □ 66758-950-02
- □ 66758-950-03

**ACCORD HEALTHCARE**
- □ 16729-120-49 KIT
- □ 16729-228-50 KIT
- □ 16729-267-63
- □ 16729-267-64
- □ 16729-267-65

**SAGENT PHARMACEUTICALS**
- □ 25021-222-01
- □ 25021-222-04
- □ 25021-222-07

**PFIZER LABORATORIES**
- □ 0069-9141-11
- □ 0069-9141-22
- □ 0069-9142-11
- □ 0069-9142-22
- □ 0069-9144-11

**ACTAVIS PHARMA, INC.**
- □ 45963-734-54
- □ 45963-765-52
- □ 45963-781-74
- □ 45963-790-56

**DR REDDYS LAB LTD.**
- □ 43598-258-11
- □ 43598-259-40

**TEVA PHARMS USA**
- □ 0703-5720-01
- □ 0703-5730-01

**NORTHSTAR RX LLC**
- □ 16714-465-01
- □ 16714-500-01

**EAGLE PHARMACEUTICALS**
- □ 42367-121-25
- □ 42367-121-29

□ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
□ **WAS** / □ **WAS NOT ADMINISTERED TAXOL/PACLITAXEL**

| 07/23/2012 | 11/06/2012 | 6 |
|---|---|---|
| DATE OF FIRST TREATMENT | DATE OF LAST TREATMENT | # OF DOSES |

SIGNATURE OF REPRESENATIVE OF PRACTICE/INFUSION CENTER

NAME OF PRACTICE/INFUSION CENTER

PRINTED NAME & TITLE OF REPRESENTATIVE

ADDRESS

DATE

CITY, STATE, ZIP

## AUTHORIZATION TO RELEASE PROTECTED HEALTH CARE INFORMATION

**TO:**    GHS Cancer Institute / Greenville Health System

65 International Drive

Greenville, SC 29615

**Re:** _Rolanda Renae Johnson_ ▓▓▓▓ ▓▓▓▓

Patient's Name                DOB        SS#

Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, the provider listed above is hereby authorized to release to WHITFIELD BRYSON & MASON LLP, _all medical records, including but not limited to:_ office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses notes, emergency room records, operative records, in-patient records and films of x-rays, MRIs or PET scans, pharmacy and drug records, medical bills and health insurance Medicaid or Medicare records, concerning any medical treatment that ROLANDA JOHNSON (hereinafter "patient") has received from you, at your institution, as well as all such records which you keep in the regular course of business are found in the medical records file.  I hereby authorize release of all records regarding mental health, psychiatric (other than psychotherapy notes which must be requested by separate authorization), chemical dependency or HIV.  A photostatic copy hereof shall be as valid as the original.

The purpose of this authorization and request is to permit my attorney to obtain ALL medical information pertaining to the patients physical or mental condition.  This authorization expires three (3) years from the date of the signature.  The aforementioned expiration date has not passed, as this matter is ongoing.

I have the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider listed above. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Rolanda Johnson

Date of Signature: 7/15/16