UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2740  SECTION: "N" (5) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS NAPOLI SHKOLNIK'S DUPLICATE CASES**

Napoli Shkolnik has filed hundreds of duplicate Taxotere® (docetaxel) cases on behalf of the same plaintiffs against the same defendants alleging the same injury in courts across the country, including California,[1] Illinois,[2] New Jersey, and Delaware.[3] The vast majority of these plaintiffs are not residents of California, Illinois, New Jersey, or Delaware, and could have filed their cases directly in the MDL. Moreover, in none of these filings have plaintiffs confirmed product identification.

Plaintiff Lori Nava's case is illustrative of this firm's practice of filing duplicate cases for their clients:

| Date Filed | Case | Counsel | Defendants | Allegation |
|---|---|---|---|---|
| December 8, 2017 | *Nava v. Sanofi U.S. Services Inc., et al.*, BER-L-8556-17 | Napoli Shkolnik | Sanofi U.S. Services Inc., sanofi-aventis U.S. LLC, and Sandoz Inc. | Permanent hair loss after use of Taxotere |

---

[1] *See Brown, et al. v. Sanofi U.S. Services Inc., et al.*, BC686740 (Cal. Super. Ct. Dec. 12, 2017) (50 plaintiffs); *Gibson, et al. v. Sanofi U.S. Services Inc., et al.*, BC686616 (Cal. Super. Ct. Dec. 12, 2017) (50 plaintiffs); *Shajahan, et al. v. Sanofi U.S. Services Inc., et al.*, BC686723 (Cal. Super. Ct. Dec. 12, 2017) (50 plaintiffs); *Villegas, et al. v. Sanofi U.S. Services Inc., et al.*, BC686617 (Cal. Super. Ct. Dec. 12, 2017) (30 plaintiffs), collectively attached as **Exhibit A**.
[2] *See Anderson, et al. v. Sanofi U.S. Services Inc., et al.*, 2017-L-012694 (Ill. Cir. Ct. Dec. 13, 2017) (50 plaintiffs); *Green, et al. v. Sanofi U.S. Services Inc., et al.*, 2017-L-012697 (Ill. Cir. Ct. Dec. 13, 2017) (50 plaintiffs); *Pugh, et al. v. Sanofi U.S. Services Inc., et al.*, 2017-L-012699 (Ill. Cir. Ct. Dec. 13, 2017) (45 plaintiffs); *Rice, et al. v. Sanofi U.S. Services Inc., et al.*, 2017-L-012703 (Ill. Cir. Ct. Dec. 13, 2017) (25 plaintiffs), collectively attached as **Exhibit B**.
[3] *See* **Exhibit C** (chart listing duplicate filings).

1

| | | | | |
|---|---|---|---|---|
| | (N.J. Super. Ct. Dec. 8, 2017) | | | |
| December 9, 2017 | *Nava v. Sanofi U.S. Services Inc., et al.*, 2:17-cv-16185 (E.D. La. Dec. 9, 2017) | Bachus & Schanker, LLC | Sanofi U.S. Services Inc., sanofi-aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation, Hospira Worldwide, LLC, Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc., Pfizer Inc., Actavis LLC, and Actavis Pharma, Inc. | Permanent hair loss after use of Taxotere |
| December 12, 2017 | *Shajahan, et al. v. Sanofi U.S. Services Inc., et al.*, BC686723 (Cal. Super. Ct. Dec. 12, 2017) (50 plaintiffs) | Napoli Shkolnik | Sanofi U.S. Services Inc., sanofi-aventis U.S. LLC, Sandoz, Inc., McKesson Corporation, Hospira, Inc., Hospira Worldwide, LLC, Sandoz, Inc., and Accord Healthcare, Inc. | Permanent hair loss after use of Taxotere |
| December 13, 2017 | *See Green, et al. v. Sanofi U.S. Services Inc., et al.*, 2017-L-012697 (Ill. Cir. Ct. Dec. 13, 2017) (50 plaintiffs) | Napoli Shkolnik | Sanofi U.S. Services Inc., sanofi-aventis U.S. LLC, Hospira, Inc., Hospira Worldwide, LLC, McKesson Corporation, Sandoz Inc., Accord Healthcare Ltd., Accord Healthcare, Inc., and Does, Inc. | Permanent hair loss after use of Taxotere |

The multi-plaintiff California[4] and Illinois[5] state court cases have subsequently been removed and transferred to this MDL.[6] Although Ms. Nava's original Illinois state court case

---

[4] *See supra,* n. 1.

[5] *See supra*, n. 2.  Prior to the filing of this motion, and before the removed Illinois cases were officially transferred to this MDL, multiple plaintiffs dismissed their claims without prejudice.  *See Anderson, et al. v. Sanofi U.S. Services Inc., et al.*, 1:18-cv-00930 (N.D. Ill. Mar. 23 & 27-28, 2018), ECF Nos. 19-67*; Green, et al. v.  Sanofi U.S. Services Inc., et al.*, 1:18-cv-00925 (N.D. Ill. Mar. 23 & 27, 2018), ECF Nos. 21-65; *Pugh, et al. v Sanofi U.S. Services Inc., et al.*, 1:18-cv-00923 (N.D. Ill. Mar. 23 & 27, 2018), ECF Nos. 19-58; *Rice, et al. v. Sanofi U.S. Services Inc., et al.*, 1:18-cv-00936  (N.D. Ill. Mar. 23 & 27, 2018), ECF Nos. 20-34.  Regardless, these plaintiffs are still counted in this motion's calculations to illustrate the number of duplicate filings by Napoli Shkolnik.  Notably, several of the now dismissed Illinois plaintiffs admittedly did not undergo chemotherapy with docetaxel.

[6] *See* Order Lifting Stay of Conditional Transfer Order, *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 (J.P.M.L. Feb. 16, 2018), ECF No. 437; Rec. Doc. 1858.

was recently dismissed without prejudice prior to transfer to this MDL,[7] Ms. Nava still has two cases pending before this Court, as well as a third case in New Jersey state court against the same defendants alleging the same injury.

There appears to be no legitimate purposes for these multiple filings – counsel is simply trying to obtain the forum they consider most advantageous from a litigation perspective. This tactic is troubling, and is made even more egregious by the fact that Napoli Shkolnik's named partner is a member of this MDL's Plaintiffs' Steering Committee. *See* Rec. Doc. 104, 1507.

Indeed, these duplicate filings are inconsistent with the purpose of the MDL (and the leadership position given to Napoli Shkolnik by this Court), which should be to "streamline issues" – that is to "gather as many cases together in a single forum so that common issues can be discussed in search of a resolution." *See* January 27, 2017 Status Conference with Steering Committees TR at 10:21-11:3, relevant portions attached as **Exhibit D**. Judge Engelhardt has made clear "I have a problem with [the inventorying of cases in state court that would otherwise properly be in the MDL], particularly if it's an attorney who I have put in a leadership position. I'm not going to allow anything that hinders the ability of the MDL to take in cases." *Id.* at 8:21-9:1; *see also id.* at 6:17-20 (Judge Engelhardt stating "I want as many [cases] as can possibly be brought into the MDL to be brought here").

On January 22, 2018, counsel for sanofi sent a letter to Ms. Dawn Barrios, Mr. Palmer Lambert, Mr. Christopher Coffin, Ms. Karen Barth Menzies, and Mr. Hunter Shkolnik asking that the Plaintiff Steering Committee "act now to identify and dismiss the[] duplicate lawsuits." *See* January 22, 2018 Letter, attached as **Exhibit E**. Prior to sending the letter, counsel for sanofi

---

[7] *See Green, et al. v. Sanofi U.S. Services Inc., et al.*, 1:18-cv-00925 (N.D. Ill. Mar. 27, 2018), ECF No. 63.

was made aware Napoli Shkolnik "meant to have the same women file identical, separate lawsuits in three separate jurisdictions, and that the lawyers engaged in this practice 'all of the time.'" *Id.* On January 26, 2018, counsel for sanofi sent another letter to the same group asking them again to resolve the duplicate filing issue. *See* January 26, 2018 Letter, attached as **Exhibit F**. On February 15, 2018, counsel for sanofi again contacted Mr. Lambert and Ms. Barrios regarding the duplicate filings. *See* February 15, 2018 E-mail from Ms. Byard to Mr. Lambert, attached as **Exhibit G**. Finally, on March 5, 2018, counsel for sanofi again contacted Mr. Lambert and Ms. Barrios, asking what had been done to get these duplicate cases dismissed. *See* March 5, 2018 E-mail from Ms. Byard to Ms. Barrios, attached as **Exhibit H**. Defendants have conferred with Plaintiffs on numerous occasions, asking them to dismiss the duplicate filings in state court to avoid unnecessary and costly removals and transfers.

The duplicate filings have created unnecessary expense and administrative burden on multiple courts and law firms around the country. The volume of filings and effort especially for multi-plaintiff cases where individual plaintiffs have to be docketed in multiple ECF systems with each removal is particularly burdensome for the parties filing and for the courts. Likewise, the JPML has been burdened with the docketing and transfer of essentially the same cases multiple times.

For these reasons, and those discussed in more detail below, this Court should dismiss the duplicate cases before it with prejudice and impose appropriate sanctions on Napoli Shkolnik.

## ARGUMENT

A plaintiff has "'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d

Cir. 1977)). "When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending,* related action, the second complaint may be dismissed." *Id.; see also Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991) (holding, in affirming dismissal of subsequent complaint as duplicative, that "[a] trial court has discretion to dismiss a complaint which simply duplicates another pending related action"); *Zerilli v. Evening News Association,* 628 F.2d 217, 222 (D.C. Cir. 1980) (claim against federal defendants dismissed on ground that "the count is precisely the same as a count pending in a related case . . . between the same parties before this Court"); *Sutcliffe Storage and Warehouse Co. v. United States,* 162 F.2d 849, 851 (1st Cir. 1947) (citing Moore's *Federal Practice* which states "[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket").

### *California & Illinois*

On December 12, 2017, Napoli Shkolnik filed four complaints on behalf of 180 plaintiffs in California state court. *See* **Exhibit A**. These cases were subsequently removed and transferred to this MDL. *See* Rec. Doc. 1858.

The next day, Napoli Shkolnik filed four complaints on behalf of 170 plaintiffs in Illinois state court. *See* **Exhibit B**. These cases were also subsequently removed and transferred to this MDL.

There is significant overlap between the plaintiffs named in the California Napoli Shkolnik cases and the Illinois Napoli Shkolnik cases. Indeed, of the 180 plaintiffs named in the California cases, 144 were also named in the Illinois cases. *See* **Exhibit C**. Moreover, five of the California plaintiffs (three of which also filed in Illinois) have separate cases pending in MDL 2740. *See id.*; *see also Argel v. Sanofi-Aventis U.S. LLC, et al.*, 2:17-cv-16601 (E.D. La. Dec. 11, 2017); *Nava v. Sanofi-Aventis U.S. LLC, et al.*, 2:17-cv-16185 (E.D. La. Dec. 9, 2017);

*Pam v. Sanofi S.A., et al.*, 2:17-cv-10003 (E.D. La. Oct. 3, 2017); *Seabrooks v. Sanofi S.A., et al.*, 2:17-cv-07877 (E.D. La. Aug. 16, 2017); *Stewart v. Sanofi-Aventis U.S. LLC, et al.*, 2:17-cv-14587 (E.D. La. Dec. 5, 2017).

Because the removed California and Illinois cases are now all in this MDL, the duplicate actions should be dismissed as a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Oliney*, 771 F.2d at 859 (quotation omitted). The first-filed case can continue, and any duplicate case filed after can be dismissed.

### *New Jersey & Delaware*

These dubious duplicate filings are even more suspect when the Court considers the cases filed by Napoli Shkolnik in both New Jersey and Delaware state court, which cannot be removed to this Court. The vast majority of the New Jersey and Delaware cases involve non-resident plaintiffs. These cases could (and should) have been filed directly in this MDL. *See* **Exhibit D** at 6:17-20 ("So I understand the idea of filing certain cases in state court, but I want as many as can possibly be brought into the MDL to be brought here . . . ."). Regardless, of the 180 plaintiffs named in the California cases, 148 of those plaintiffs also have cases pending in New Jersey state court. Of the 170 plaintiffs named in the multi-plaintiff Illinois cases (many of which overlap with the California plaintiffs), 149 of those also have cases pending in New Jersey state court. *See* **Exhibit C**. In fact, Napoli Shkolnik has even filed two cases on behalf of the same plaintiff on the same day in New Jersey state court. *See Karine Kocharian v. Sanofi U.S. Services Inc., et al.*, BER-L-8707-17 (N.J. Super. Ct. Dec. 11, 2017); *Karine Kocharian v. Sanofi U.S. Services Inc., et al.*, BER-L-8711-17 (N.J. Super. Ct. Dec. 11, 2017), collectively attached as **Exhibit I**.

Although the New Jersey and Delaware state court cases are not before this Court, they are yet another illustration of Plaintiffs' counsel's abuse of the judicial process.

## **CONCLUSION**

In the context of an MDL proceeding, separate state court proceedings of cases that could have been filed in the MDL undermine the efficiency and consistency for which the MDL process was created. Plaintiffs' counsel's gamesmanship in filing numerous cases on behalf of the same plaintiffs in various jurisdictions across the country is unacceptable and has created unnecessary expense and administration burden. As many of these duplicate filings are now before the Court, it should dismiss all but the first-filed case, admonish Napoli Shkolnik for the unnecessary expense and burden it has caused the parties and various courts, and impose any other sanction the Court deems appropriate.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

/s/ *Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Counsel for Defendant Sandoz, Inc.*

/s/ *Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

/s/ *John P. Wolff, III*
John P. Wolff, III, TA #14504
Nancy B. Gilbert, Bar #23095
Chad A. Sullivan, Bar #27657
Richard W. Wolff, Bar #34844
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, LA 70821
Phone: (225) 383-3796
Fax: (225) 343-9621
jwolff@keoghcox.com
ngilbert@keoghcox.com
csullivan@keoghcox.com
rwolff@keoghcox.com

AND
Via *Pro Hac Vice* Admission

/s/ *Julie A. Callsen*
Julie A. Callsen, TA, OH Bar #0062287
Brandon D. Cox, OH Bar #0089815
**TUCKER ELLIS LLP**
950 Main Ave., Suite 1100
Cleveland, OH 44113-7213
Phone: (216) 696-2286
Fax: (216) 592-5009
Julie.Callsen@TuckerEllis.com
Brandon.Cox@TuckerEllis.com

*Counsel for Defendant Accord Healthcare Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      /s/ *Douglas J. Moore*