UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  TAXOTERE (DOCETAXEL)      *       16-MD-2740
PRODUCTS LIABILITY LITIGATION     *
                                  *       Section N
                                  *
Relates to:  All Cases            *       January 27, 2017
* * * * * * * * * * * * * * * *
```

STATUS CONFERENCE WITH
STEERING COMMITTEES BEFORE
THE HONORABLE KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Appearances:

```
For the Plaintiffs:         Pendley Baudin & Coffin, LLP
                            BY:  CHRISTOPHER L. COFFIN, ESQ.
                            1515 Poydras Street, Suite 1400
                            New Orleans, Louisiana 70112

For the Plaintiffs:         Gibbs Law Group, LLP
                            BY:  KAREN BARTH MENZIES, ESQ.
                            400 Continental Blvd., 6th Floor
                            El Sugundo, California 90245

For the Defendants:         Irwin Fritchie Urquhart
                              & Moore, LLC
                            BY:  DOUGLAS J. MOORE, ESQ.
                            400 Poydras Street, Suite 2700
                            New Orleans, Louisiana 70130

Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
                            500 Poydras Street, Room B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7778
```

Proceedings recorded by mechanical stenography using computer-aided transcription software.

09:13

1  as much as possible recognizing, however, that some cases are
2  appropriately filed in state court.
3          I think the issue that was raised was whether
4  plaintiffs from other states could be lumped in and filed in
5  state court elsewhere, if I'm stating the problem correctly,
6  and thus there's a circumvention -- there's actually people
7  that wind up in state court where their case would not
8  otherwise be in state court, and I don't think we can live with
9  that.
10         If I'm not being clear, let me know, and we can
11 talk about this now because we just discussed it.  I think we
12 are on the same page.  I would like to have as many cases here
13 as possible.  I know many of them have been removed.  Some are
14 here, some are destined to be here, and some are destined --
15 especially if we wind up remanding cases out of this MDL, they
16 are destined to be tried in state court.
17         So I understand the idea of filing certain cases
18 in state court, but I want as many as can possibly be brought
19 into the MDL to be brought here, including and especially
20 through the direct filing process.
21         **MR. COFFIN:**  That's understood, Your Honor.  I can
22 clarify for the Court, with regard to the California state
23 cases, those are California residents.  There's a distributor
24 in California, McKesson, which allows for -- I'm sure the
25 defense will argue allows for cases to be filed in state court

Cases are being brought to Delaware, filed in the hopes that we can't remove them under the home state defendant rule. Every case that we have removed, either in the city of St. Louis or in Delaware or in California, they have opposed our removal and they are opposing transfer to this Court, even so that we could have uniform rulings on the jurisdictional issues for those plaintiffs.

We know there's going to be state court litigation. We want coordination with that litigation. We want this MDL to lead. I think we are on the same page there. What we were concerned about and the issue we expressed to the Court was the creation of pockets or inventories of cases that could be part of this MDL by members of those who sought to be the leadership of this MDL.

**THE COURT:** Chris.

**MR. COFFIN:** Your Honor, I understand the concern. As Your Honor pointed out, if they are properly plaintiffs -- for example, California, those plaintiffs have the right to file those cases in state court, assuming that the laws of California allow them to do that.

**THE COURT:** Well, I think his point and the word he used both earlier today and just now is the *inventorying* of cases that would otherwise properly be here. I have a problem with that as well, particularly if it's an attorney who I have put in a leadership position. I'm not going to allow anything

09:18  1  that hinders the ability of the MDL to take in cases.
2             I especially am talking about the process, as he
3  says, of *inventorying* cases that are not appropriate for state
4  court or plaintiffs, I should say, that are not appropriate for
5  state court because they have been tacked into a case, in other
6  words, to defeat federal jurisdiction.  Unless I'm
7  misunderstanding it, that's the issue as I see it.
8             So if you have plaintiffs that otherwise could
9  not get into state court, where there's diversity, where those
10 plaintiffs need to be in federal court, then -- and again I'm
11 going to use his word, *inventorying* them, and that may be
12 pejorative.  You might not like that word, and maybe it's not
13 the appropriate word.  I'm adopting it because that's what was
14 used here today.
15            Getting those cases out of the MDL so that they
16 can remain pending in state court is a problem, and I don't
17 think it's appropriate to do that.  I'm not accusing anybody of
18 doing it.  He is bringing it to the Court's attention, and I'm
19 stating my position on it.
20            **MR. COFFIN:**  Understood, Your Honor.  I think
21 California is where we have some murkiness in this situation
22 because California plaintiffs have filed in California and
23 McKesson is a California entity.  The case law has said it's
24 proper to bring those.  The defense will remove them if they
25 want and try to argue improper joinder.  If it's a California

resident, to be clear, and they have properly filed a case there against McKesson, is the Court comfortable with that?

**THE COURT:**  If there's state court jurisdiction or a good faith argument for state court jurisdiction, then that's one thing.

**MR. COFFIN:**  Fair enough.

**THE COURT:**  The problem that was illustrated to me in this discussion was tacking on, let's say, a Georgia resident with a Delaware resident and then filing multiple plaintiffs in Delaware.  I can't live with that.

**MR. COFFIN:**  That's understandable.  That circumstance is specific, to my knowledge, to St. Louis and that, I think, is what the defense is talking about.  I understand what you are saying there, Your Honor.  There have been a couple of those cases filed.  We understand your position.

**THE COURT:** Believe me, I'm a federalist.  I fully respect the general jurisdiction of state courts where appropriate, so I'm not trying to begrudge anybody their jurisdictional choice, where they are legally required to be.

Having said that, the purpose of the MDL -- I have said this before, and I will bang the drum again.  The purpose of the MDL is to streamline issues, try to gather as many cases together in a single forum so that common issues can be discussed in search of a resolution, whether it's through a

1   mediation or special master or a series of bellwethers, and try

2   to resolve the case in its entirety and, if not, then to remand

3   those portions or cases that can't be resolved in the MDL.

4            The first part of that, the first word I used,

5   which you have heard me use already, is to "streamline" the

6   process.  I can't have anybody taking a roundabout way to

7   defeat that notion.  So that's a general concept.

8            **MR. COFFIN:**  Understood, Your Honor.  We are on the

9   same page there because streamlining equals efficiency.  We

10  understand that.  We strongly believe, as we have seen in other

11  MDLs, having our involvement in coordination with the state

12  court actions will absolutely help both streamlining the

13  litigation and, quite frankly, resolution.  It's happened in

14  multiple pharmaceutical cases.  We are on the same page there,

15  Your Honor.

16           **THE COURT:**  Okay.  What do we have next on our hit

17  list today?

18           **MR. COFFIN:**  The next was pretrial orders.  I don't

19  believe we need to go through those unless the Court would like

20  to, but those are laid out there, I think, mostly for counsel

21  who hasn't been involved.

22           **THE COURT:**  Right.

23           **MR. COFFIN:**  The counsel contact information form,

24  Mr. Lambert and Ms. Barrios have done a fine job of pushing us

25  on that, so we are working through that process.