**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO CMO NO. 12**

Defendants' Motion to Dismiss pursuant to CMO No. 12 (Rec. Doc. 1904) ("Motion") requested that the Court dismiss 674 cases for lack of compliance with Paragraphs 1-3 of CMO No. 12. (Rec. Doc. 1904-1, at 1.) In response to Defendants' Motion and this Court's Order of April 3, 2018 (Rec. Doc. 2117), Plaintiffs' Liaison Counsel ("PLC") was tasked with receiving the responses of individual Plaintiffs to the Motion and, thereafter, compiling them into a bundled filing with an index to be filed with the Court on April 10, 2018. The index of attached memoranda or responses in opposition to Defendants' Motion, as well as the corresponding memoranda or responses, are attached as Exhibit 1.

Plaintiffs believe that CMO No. 12 is fulfilling its intended purpose and achieving the goal of product identification, which has resulted in numerous Plaintiffs identifying the proper manufacturing defendant and dismissing the non-manufacturing Defendants. However, upon study of the 674 cases subject to the Motion, the PSC is concerned that Defendants are seeking dismissal of:

1

(1) cases in which Plaintiffs had already uploaded product identification information to MDL Centrality and/or had already dismissed all Defendants not implicated by the product identification information prior to the issuance of CMO 12[1];

(2) cases in which sanofi was already aware that it is the proper Defendant because Plaintiffs were administered Taxotere prior to the end of sanofi's period of exclusivity on the market, as confirmed by medical records, the Plaintiffs Fact Sheets, and information in Centrality[2];

(3) cases in which Plaintiffs have and still are taking the steps outlined in CMO No. 12 in good faith to obtain product identification information[3]; and/or

(4) cases in which Defendants had already identified the correct product identification and provided it to the Plaintiffs[4].

As a result, there are a significant number of cases that should never have been included in Defendants' Motion. The PSC became aware of this through its own due diligence: PLC sent the list of cases identified in the Motion to individual Plaintiffs' counsel, informed counsel of the need to respond to the Motion, and received information from counsel indicating that the Defendants improperly listed hundreds of cases for dismissal for the reasons discussed above.

In addition, the PSC believes that no Defendant reached out to any Plaintiffs' counsel prior to listing the cases on the Motion to meet and confer. For that matter, neither the PSC nor the PLC were informed of the intent to file the Motion, creating a situation that prohibited any possible

---

[1] See *Barbara Coleman v. Sanofi, S.A., et al.*, 2:17-cv-07971 (Exhibit 28); *Elizabeth Custard v. Hospira, Inc., et al.*, 2:16-cv-17650 (Exhibit 34); *Augustine Shatara v. Hospira Inc., et al.* 2:17- cv-08585 (Exhibit 118); *Alice Thomas v. Sanofi S.A., et al.,* 2:17-cv-9387 (Exhibit 128); *Dannell Williams v. Sanofi-Aventis U.S. LLC*, et al., 2:17-cv-02194 (Exhibit 143).
[2] See *Patricia Garnett v. Sanofi S.A., et al.*, 2:17-cv-9099 (Exhibit 55).
[3] See *Pamela Allison v. Sanofi S.A., et al.*, 2:17-cv-06957 (Exhibit 4); *Mary Ellen Bodker v. Sanofi S.A., et al.*, 2:17-cv-03426 (Exhibit 16); *Saundra Green v. Sanofi S.A., et al.*, 2:16-cv-15518 (Exhibit 62); *Nina James v. Sanofi S.A., et al*, 2:17-cv-00760 (Exhibit 80); *Pamela Wells v. Sanofi-Aventis, et al.*, 2:17-cv-11583 (Exhibit 138).
[4] See *Bobbi Arseneaux v. Sanofi S.A., et al.*, 2:17-cv-05757 (Exhibit 9); *Charlotte Summers v. Hospira, Inc., et al.*, 2:16-cv-16805 (Exhibit 125).

consensual resolution and resulting in the need for a supplemental filing with the Court. The Motion, then, appears to be a scattershot in the dark designed to shift the burden to the individual counsel and PSC to determine which Plaintiff should not be on the Motion. Had Defendants performed due diligence before filing such a sweeping Motion, they would have learned that the Motion improperly targeted hundreds of Plaintiffs.

After this investigation by Plaintiffs, the PLC informed Defendants, based on information from individual counsel, that 522 Plaintiffs should not have been on the list for dismissal. Instead of using the Plaintiffs' information to remove the 522 were improperly listed, in response, Defendants re-listed these 522 cases on a separate and supplemental exhibit and filed it as "Exhibit A" (Rec. Doc. 2116-1).[5] In shifting these 522 cases to a supplemental Exhibit A to the Motion, Defendants concede that they are not seeking dismissal at this time; however, the Defendants nonetheless seek to have these 522 Plaintiffs do duplicative and/or additional administrative work of re-uploading the same information previously known or provided to Defendants under a different document category in MDL Centrality, all for the benefit of Defendants' ease of review. (The correct product identification could be found at other locations in each Plaintiff's portal in Centrality.) Indeed, many of these Plaintiffs uploaded product identification information (and dismissed the Defendants not implicated by said information), before entry of CMO No. 12 in January 2018.

More concerning to the PSC than the scattershot nature of the Motion is the lack of any meet-and-confer in two instances: over the cases listed in the Motion and later on the supplemental

---

[5] While the PSC obviously is disappointed (and remains disappointed) that efforts were not made by Defendants to meet-and-confer with Plaintiffs to resolve issues in compliance with CMO 12, the PSC acknowledges that Defendants considered (and removed) 552 plaintiffs from their prayer for dismissal, but nonetheless kept them named on the Motion.

Exhibit A filed after Plaintiffs informed the Defendants of the errors. Plaintiffs only learned of Defendants' intent to dismiss cases for non-compliance with CMO No. 12 when served with the Motion; there was no advance notification that such a motion would be filed. As far as the PSC is aware, Defendants neither discussed the Motion with individual counsel nor with the PLC—a regular courtesy thought to be extended before motion practice.

This Court has stressed the importance of meeting and conferring before seeking Court intervention and working together to devise solutions to the "problem" either side is having. Defendants' failure to do so here is another basis to deny the Motion as premature. At the very least, Plaintiffs should have been notified of what the Defendants contend are technical defects in compliance with CMO No. 12 and should be given an opportunity to remedy any such defect before being faced with the filing of the death knell of a motion to dismiss. Such meet and confer situations might also save judicial resources.

In light of the foregoing, the PSC proposes two adjustments to CMO No. 12 to ensure that this Order operates effectively and efficiently to further the identification of the manufacturer of Taxotere/docetaxel, resulting in the dismissal of improper defendants. These adjustments are warranted given that many new attorneys and Plaintiffs entered the MDL at the end of 2017 and within months of CMO 12's entry on January 12, 2018. And importantly, these adjustments will forestall the sorts of hyper-technical arguments that Defendants believe would authorize far-reaching dismissal motions without an investigation into the facts upon which the Motion is based.

First, the Defendants' Motion should be denied without prejudice to re-urge upon the parties' completion of the CMO No. 12 process, pursuant to paragraph 12 of the Order, and the participation in a meet and confer with individual counsel. (Rec. Doc. 1506). Defendants should

be required to exercise due diligence in naming cases to be dismissed and engage in a meet-and-confer before identifying any case as subject to a motion to dismiss.

Second, all Plaintiffs who currently lack product identification information should be allowed a second chance at compliance with paragraphs 1-3 of CMO No. 12, through entry of an Order (1) establishing new deadlines to enable the Plaintiffs to complete the initial steps in CMO No. 12, such that the process for obtaining product identification set forth in CMO No. 12 may be completed in cases such as the ones on Defendants' Exhibit B, and (2) requiring a meet and confer with individual counsel prior to urging dismissal (similar to the Court's Order of January 23, 2018 (Rec. Doc. 1515) re-setting the deadline for compliance with paragraphs 1-3 of CMO 12).

\* \* \*

Plaintiffs' Liaison Counsel is prepared to discuss this proposal at the upcoming Liaison Counsel Meeting with the Court.

Dated: April 10, 2017

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: 504-355-0086
Fax: 504-523-0699
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

5

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>Phone: (504) 355-0086<br>Fax: (504) 523-0699<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>The Lambert Firm, PLC<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>ejeffcott@thelambertfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>   */s/ Dawn M. Barrios*
>   DAWN M. BARRIOS