UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER NO. 77A
[Replacing Pretrial Order No. 77 Regarding California Plaintiffs' Motion to Remand]

This Pretrial Order No. 77A replaces Pretrial Order No. 77 (Rec. Doc. 1633) to clarify when a case is considered to be docketed in the MDL.

The Court's August 30, 2017 **ORDER** on Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California (Rec. Doc. 784) (the "ORDER") shall be instructive for future cases removed to this MDL from California Superior Courts naming McKesson Corporation ("McKesson") as a defendant. The Court recognizes that future complaints may be filed naming McKesson as a defendant that present factual allegations that may be arguably distinguishable from those addressed by the ORDER. In order to streamline the briefing of these future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant,

**IT IS ORDERED** that:

(1) Plaintiffs who file cases in California Superior Courts naming McKesson as a Defendant that are subsequently removed by a Defendant and transferred to this MDL, shall meet and confer in an attempt to resolve the remand issue prior to submission of any briefing. This meet and confer process shall require the following:

1

    a. The Plaintiff shall provide any information possessed concerning McKesson's alleged connection to the Plaintiff's use of Taxotere/docetaxel (including the Plaintiff's treatment time period, and the facility where Taxotere/docetaxel was administered to the Plaintiff) within seven (7) days of the case being docketed in this MDL.  A case is considered docketed in this MDL when the online docket is made available for the individual case number *and* the parties who have appeared receive electronic notice that the docket is available online.

    b. In response to Plaintiff's informational statement detailed above, Defendant McKesson shall provide Plaintiff's counsel with a written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that plaintiff was being treated, OR the Defendant(s) shall provide any information contradicting or otherwise demonstrating a lack of McKesson's connection to the Plaintiff within seven (7) days of the Plaintiff providing such information.

If the parties are unable to informally resolve the matter after a meet and confer and exchange of information, they shall engage in the expedited briefing process set forth herein.[1]

    (2) In the Court's minute entry of July 6, 2017 (Rec. Doc. 618), the Court required the Plaintiffs to file individualized statements regarding their alleged connection to McKesson as a supplement to the Plaintiffs' Omnibus Motion to Remand.  Similarly,

---

[1] To the extent counsel are participating in this MDL, the Court encourages an informal exchange of this information and a meet-and-confer prior to the service of the lawsuit on any Defendant, in an effort to avoid removal of cases that are not distinguishable from the cases remanded in the ORDER.  Any such meet-and-confer shall not otherwise alter any Defendant's deadline to remove a case as set forth in the Federal Rules of Civil Procedure and federal statutes.

Plaintiffs who seek remand to the California Superior Courts, and who are unable to reach agreement with Defendants on a consent remand order per the previous paragraph, shall submit brief, individualized statements, not to exceed two (2) pages in length per Plaintiff, regarding the alleged connection to McKesson within thirty (30) days of the case being docketed in this MDL. By this Pretrial Order No. 77A, the Plaintiffs seeking remand shall be deemed to have adopted the prior briefing of the Plaintiffs supporting the Plaintiffs' Omnibus Motion to Remand.[2]

(3) Within fifteen (15) days of the Plaintiff's filing their individualized statement, Defendants may file a response brief not to exceed two (2) pages in length per Plaintiff. By this Pretrial Order No. 77A, a Defendant or Defendants opposing remand shall be permitted to adopt the prior briefing of sanofi-aventis U.S. LLC in opposition to Plaintiffs' Omnibus Motion to Remand.

(4) No oral argument shall be held unless requested.

New Orleans, Louisiana, this 11th day of April, 2018.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**

---

[2] Should additional relevant case cites become available, these cases may be identified in the parties' 2-page submissions.