UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO CMO NO. 12**

Defendants[1] hereby submit this Reply Memorandum in support of their Motion to Dismiss pursuant to Paragraph 11 of CMO No. 12. (Rec. Doc. 1904).

In their Opposition, Plaintiffs do not dispute that the 158 individuals[2] who remain subject to Defendants' motion to dismiss failed to timely comply with their CMO 12 obligations. (Rec. Doc. 2177-1).  Instead, they generally accuse Defendants of compiling a "scattershot" motion that "improperly targeted hundreds of Plaintiffs," which could have been avoided if "Defendants performed due diligence before filing such a sweeping Motion."  (Rec. Doc. 2177-1, p. 3). Plaintiffs fail to acknowledge, however, that it was their own non-compliance with CMO 12 that resulted in their inclusion in Defendants' motion—not Defendants' lack of diligence in preparing the motion.  To be clear, any Plaintiff who uploaded *something* to the "CMO 12 Product Identification" field on MDL Centrality as required by Paragraph 7 of CMO 12 prior to March 13, 2018 was left off Defendants' motion.  So too were all Plaintiffs who emailed Defendants proof

---

[1]　Defendants sanofi-aventis U.S. LLC, Sanofi US Services Inc., Sandoz Inc., Hospira, Inc., Hospira Worldwide, LLC, f/k/a Hospira Worldwide, Inc., Actavis Pharma, Inc., Accord Healthcare, Inc., Pfizer Inc., Sun Pharmaceutical Industries, Inc., and McKesson Corporation d/b/a McKesson Packaging Services (collectively "Defendants").

[2]　*See* Exhibits B and C to Defendants' Supplemental Memorandum. (Rec. Doc. 2063-4, 2063-5).

1

of their unsuccessful attempt to obtain Product ID Information prior to March 13, 2018, as required by Paragraph 3 of CMO 12.[3]  The remaining 674 Plaintiffs failed to timely comply with either of these requirements.  They were therefore subject to Defendants' motion to dismiss.

In a show of good faith, Defendants subsequently filed a Supplemental Memorandum in Support of the Motion to Dismiss on March 27, 2018, after Plaintiffs represented that 522 of the 674 cases had already obtained Product ID Information, despite failing to disclose such information in the manner required by CMO 12.[4]  (Rec. Doc. 2063-2).  Rather than seek dismissal of these cases—and without conducting a substantive review to corroborate the accuracy of Plaintiffs' representations—Defendants sought an order from the Court requiring these 522 Plaintiffs to upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" field of MDL Centrality within seven days (pursuant to Paragraph 7 of CMO 12,) if they have not already done so.  *Id*. at 1-2.  Notably, Plaintiffs do not oppose Defendants' request for such relief, which, if granted, will allow the parties and the Court to accurately and efficiently track the status of Product ID evidence in all MDL 2740 cases.  (Rec. Doc. 2177-1).

Notwithstanding Defendants' good faith concessions, Plaintiffs contend that the remaining 158 cases should avoid dismissal because Defendants failed to meaningfully meet-and-confer prior to filing the motion.  (Rec. Doc. 2177-1, pp. 2-5).  In doing so, Plaintiffs ignore the fact that they *consented* to the language set forth in Paragraph 11.  Indeed, CMO 12 was an agreed-upon order that was jointly submitted to the Court following months of negotiation.  Plaintiffs cannot reasonably argue lack of notice or unfair surprise.  They received notice that their cases might be

---

[3]  *See* Def. Mot. to Dismiss, p. 2-3 (describing the method Defendants used to compile the list of Plaintiffs subject to the motion to dismiss). (Rec Doc.1904-1).

[4]  *See* Def. Suppl. Mem., p. 3-4. (Rec. Doc. 2063-2).

subject to dismissal on these grounds when CMO 12 was entered by the Court in January 2018. Moreover, nowhere in CMO 12 is there any obligation on Defendants to meet-and-confer prior to seeking dismissal for non-compliance with Paragraphs 1-3 of CMO 12.

Seeking an alternative to dismissal, Plaintiffs propose that "all Plaintiffs who currently lack product identification should be allowed a _second chance_ at compliance with Paragraphs 1-3 of CMO 12." (Rec. Doc. 2177-1, p. 5) (emphasis added). In doing so, they ask the Court for new deadlines and a new meet-and-confer requirement before any future motions to dismiss can be filed. *Id.* Putting aside the fact that none of these Plaintiffs have shown good cause to justify a second chance for failing to timely (1) send a letter to their infusion facility requesting Product ID Information, and (2) notify Defendants after thirty (30) days that no such information was provided—Plaintiffs' proposal disrespects the authority of CMO 12 and the judicial process generally.[5] It also serves to enable ongoing non-compliance by a large group of Plaintiffs who, in some cases, have had over a year to request and obtain Product ID Information.[6] Defendants therefore strongly oppose Plaintiffs' unjustified request for a "second chance" to fulfill their most basic CMO 12 obligations.

In an effort to assist the Court in ruling on Defendants' motion to dismiss in each individual case, Defendants have organized the 158 Plaintiffs into the following seven categories based on the substance of their case-specific oppositions, if any:

---

[5] Defendants have expended a significant amount of time and resources implementing and maintaining processes to track and manage the Product ID status of all cases pending in MDL 2740. To date, Defendants have dedicated well in excess of 1,300 hours to CMO 12 activities.

[6] Of the 158 cases that remain subject to Defendants' motion, 58 were filed in 2016. Of those, 47 still do not have Product ID Information as represented by Plaintiffs' case-specific oppositions. Plaintiff Melissa Leith filed her case on March 30, 2016. Despite the fact that her case has been pending for over 2 years, she still has yet to obtain Product ID Information—and she also failed to timely advise Defendants of her Product ID status.

3

**Category No. 1** – None of the Plaintiffs in this group submitted a case-specific opposition. As such, each of the five (5) Plaintiffs identified on Exhibit 1 should be dismissed with prejudice for failure to timely comply with their CMO 12 obligations and failure to justify such non-compliance.

**Category No. 2** – While the Plaintiffs in this group submitted case-specific oppositions, their filings were devoid of any representations regarding their efforts (if any) to obtain Product ID Information, or the reason why they failed to timely comply with CMO 12. As such, the three (3) Plaintiffs identified on Exhibit 2 should also be dismissed with prejudice for failure to timely comply with CMO 12 and failure to justify such non-compliance.

**Category No. 3** – The two (2) Plaintiffs identified on Exhibit 3 have not been responsive to counsel's attempts to communicate. They too should be dismissed with prejudice for failure to comply with CMO 12 and failure to justify such non-compliance.

**Category No. 4** – The thirty-five (35) Plaintiffs identified on Exhibit 4 each represented in their oppositions that they obtained Product ID Information, despite failing to comply with their disclosure obligations in CMO 12. As such, Defendants seek an order from the Court requiring this group of Plaintiffs to upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" document type field of MDL Centrality within seven days, if they have not already done so, consistent with their prior obligations set forth in Paragraph 7 of CMO 12.[7]

---

[7] The adequacy of the information Plaintiffs are uploading to the "CMO 12 Product Identification" field of MDL Centrality has not been reviewed and vetted for purposes of Defendants' motion, but Defendants have reason to question the sufficiency of such information. For example, Plaintiff Bobbi Arseneaux did not upload Product ID Information (as defined by CMO 12) to MDL Centrality. Instead, she uploaded a copy of a Defendant Fact Sheet, which does not constitute proper Product ID evidence pursuant to CMO 12. *See* Arseneaux Opp.

4

**Category No. 5** – The six (6) Plaintiffs identified on Exhibit 5 have each represented in their oppositions that they received docetaxel treatment prior to March 8, 2011—a fact, standing alone, that would constitute evidence sufficient to show that the docetaxel was manufactured by sanofi (assuming the treatment is substantiated by medical and/or billing records). These Plaintiffs were subject to Defendants' motion because they failed to disclose their treatment dates in their Plaintiff Fact Sheets.[8] As such, Defendants seek an order from the Court requiring this subset of Plaintiffs to (1) upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" document type field of MDL Centrality within seven days, if they have not already done so, consistent with their prior obligations set forth in Paragraph 7 of CMO 12, and (2) amend their Plaintiff Fact Sheets to accurately disclose their treatment dates within seven days.

**Category No. 6** − The eighty-six (86) Plaintiffs identified on Exhibit 6 allege in their oppositions that they have yet to obtain Product ID Information and notified Defendants of the same *after* their deadline to do so pursuant to CMO 12. *See* CMO 12 at ¶¶ 1-3, 11, (Rec. Doc. No. 1506). CMO 12 ordered each Plaintiff to comply with Paragraphs 1-3 within 45 days of its entry. *Id.* at ¶¶ 1-3. Failure to comply subjects Plaintiffs to dismissal. *Id.* at ¶ 11. None of these Plaintiffs have shown good cause for their failure to timely comply with CMO 12. For example:

- Plaintiff Eileen Peska stated in her opposition: "Given that Plaintiff was still in the midst of her own efforts to identify the specific manufacturer(s) of her docetaxel, she was under the impression that CMO 12 did not call for her notification of Defendants under the timeline espoused in Defendants' motion to dismiss." *See* Peska Opp.

- Plaintiffs Barbara Bice, Joanne Boyland, Carolyn Key, and Pamela Kidd each notified Defendants (after their CMO 12 deadline) that they were unable to obtain Product ID Information—even though sanofi had

---

[8] *See* Def. Suppl. Mem., p. 3-4 (Rec. Doc. 2063-2).

5

>previously sent Plaintiffs' counsel Product ID Information in these cases on August 2, 2017.[9]

With the exception of Plaintiffs Bice, Boyland, Key, and Kidd, the remaining Plaintiffs should be dismissed with prejudice for failure to timely comply with their CMO 12 obligations.

**Category No. 7** – The twenty-one (21) Plaintiffs identified on Exhibit 7 have yet to obtain Product ID Information and their oppositions do not state that they have notified Defendants via email as required by CMO 12. Plaintiffs' unwillingness to comply with their CMO 12 obligations—*even after being subject to the instant motion*—reveals their lack of interest and effort in obtaining Product ID Information. Moreover, none of these Plaintiffs have shown good cause for their ongoing failure to comply with CMO 12. As such, they too should be dismissed with prejudice.

For these reasons, Defendants seek an order from the Court (1) dismissing the Plaintiffs identified on Exhibits 1-3, 6-7, with prejudice, for failure to comply with their CMO 12 obligations; (2) requiring the Plaintiffs identified on Exhibits 4-5 to upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" document type field of MDL Centrality within seven (7) days, if they have not already done so, consistent with their prior obligations set forth in Paragraph 7 of CMO 12; and (3) requiring the Plaintiffs identified on Exhibit 5 to amend their Plaintiff Fact Sheets to accurately disclose the date of docetaxel treatment within seven days.

---

[9] As with the other cases where Product ID Information exists, with respect to Plaintiffs Bice, Boyland, Key, and Kidd, Defendants seek an order from the Court requiring them to upload their Product ID Information (as defined by CMO 12)—and *only* their Product ID Information—to the "CMO 12 Product Identification" document type field of MDL Centrality within seven days, if they have not already done so, consistent with their prior obligations set forth in Paragraph 7 of CMO 12.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly G. Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

/s/ *Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

/s/ *Deborah B. Rouen*
Deborah B. Rouen (Bar No. 2084)
E. Paige Sensenbrenner (Bar No. 18429)
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Counsel for Defendant Sandoz, Inc.*

/s/ *Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

/s/ *Michael J. Suffern*
Michael J. Suffern
Jeffrey F. Peck
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com

*Counsel for Defendant Actavis Pharma, Inc.*

/s/ *John P. Wolff, III*
John P. Wolff, III, TA #14504
Nancy B. Gilbert, Bar #23095
Chad A. Sullivan, Bar #27657
Richard W. Wolff, Bar #34844
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, LA 70821
Phone: (225) 383-3796
Fax: (225) 343-9621
jwolff@keoghcox.com
ngilbert@keoghcox.com
csullivan@keoghcox.com
rwolff@keoghcox.com

AND
Via *Pro Hac Vice* Admission

/s/ *Julie A. Callsen*
Julie A. Callsen, TA, OH Bar #0062287
Brandon D. Cox, OH Bar #0089815
**TUCKER ELLIS LLP**
950 Main Ave., Suite 1100
Cleveland, OH 44113-7213
Phone: (216) 696-2286
Fax: (216) 592-5009
Julie.Callsen@TuckerEllis.com
Brandon.Cox@TuckerEllis.com

*Counsel for Defendant Accord Healthcare Inc.*

/s/ *Stanton E. Shuler, Jr.*
Stanton E. Shuler, Jr. (Bar No. 19152)
**LEAKE & ANDERSSON LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Phone: 504-585-7500
Facsimile: 504-585-7775
sshuler@leakeandersson.com

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
**HINSHAW & CULBERTSON LLP**
28 State Street
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

/s/ *Erin M. Bosman*
Erin M. Bosman (Bar No. 204987)
Julie Y. Park (Bar No. 259929)
**MORRISON & FOERSTER LLP**
12531 High Bluff Dr.
San Diego, CA 92130-2040
Phone: 858-720-5100
Fax: 858-720-5125
ebosman@mofo.com
juliepark@mofo..com

*Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*