# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |

**THIS DOCUMENT RELATES TO:**

*Virgie Anderson et al., v. Sanofi U.S. Services, INC., et al.,*

Case No. 2:18-cv-03315

State Case No.: 2017-L-12694

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

NAPOLI SHKOLNIK PLLC

*/s/ Hunter Shkolnik*
Hunter Shkolnik, Esq.
Paul J. Napoli, Esq.
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Rd.
Suite 305
Melville, NY 11747
(212) 397-1000
Email: hunter@napolilaw.com
 pnapoli@napolilaw.com

*Attorney for Plaintiffs*

**Table of Contents**

**PRELIMINARY STATEMENT** .................................................................................................. 1
**STATEMENT OF FACTS**.......................................................................................................... 1
**STANDARD** ................................................................................................................................ 3
**ARGUMENT**............................................................................................................................... 4
    A.   The Court Should Remand This Action Back to the Circuit Court of Cook County, Illinois Because There is No Diversity of Parties. .......................................................... 4

    I.    Hospira Defendants Are All Proper Defendants Whose Jurisdiction Should Not Be Ignored .............................................................................................................................. 5

    A.   Hospira Defendants Are Not Fraudulently Joined .......................................................... 5

    B. Plaintiffs Have Pled Colorable Claims Against the Hospira Defendants ....................... 7

    II.   Hospira Defendants are Necessary and Indispensable Parties that Should Not Be Severed .............................................................................................................................. 9

    A.   Hospira Defendants are Necessary Parties.................................................................... 10

    B.   The Hospira Defendants are Indispensable Parties....................................................... 11

**CONCLUSION** ........................................................................................................................ 13

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                      **Page(s)**

*Aramouni*,
  2015 U.S. Dist. LEXIS 128468, 2015 WL 5661040 (N.D. Ohio Sept. 24, 2015) ............. 12, 13
*B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) ...................................................... 8
*Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F. Supp. 2d 737, 739 (S.D. Ind. 2000) ......... 3, 4, 5
*Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 260 F.Supp.2d 722 (S.D. Ind. 2003) ............... 7, 8
*Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F3d 424, 427 (7th Cir. 1997) ....................... 3
*Conk v. Richards & O'Neil LLP*, 77 F.Supp.2d 956 (S.D. IND. 1999) .......................................... 8
*Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ......................................................... 3
*Eaton v. Bridgestone Corp.*, 2002 WL 1751184 at *4 (S.D. Ind. 2002) ........................................ 9
*Gottlieb v. Westin Hotel Company*, 990 F.2d 323, 327 (7th Cir. 1993) ..................................... 7, 9
*Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015, 2003 U.S. Dist. LEXIS 6747, (S.D. Ind.
  Apr. 21, 2003) ............................................................................................................................ 7
Hertz Corp v. Friend, 599 U.S. 77 (2010) ...................................................................................... 4
*Hoosier Energy Rural Elec. Co-op. Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th
  Cir. 1994) ................................................................................................................................... 9
*McDaniel v. Synthes, Inc.*, 2007 WL 3232186 (N.D. Ind. 2007) ..................................................... 8
*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ...................................... 4
*Philip v. St. David's Healthcare P'ship*,
  2011 U.S. Dist. LEXIS 7835, (N.D. Ohio Jan. 18, 2011) ........................................................ 13
*Poulos v. Naas Foods*, Inc., 959 F.2d 69, 73 (7th Cir. 1992) .................................................. 6, 7, 8
*Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 229 (2007) .................................. 4
*S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.*, 842 F.2d 946, 950 (7th Cir. 1988) ............................. 7
*Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009) ........................ 3, 4
*Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) ....................... 7
*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) .......................................... 3, 4
*Smart v. Local 702 Intern. Broth. Of Elec. Worker*s, 562 F.3d 798, 803 (7th Cir. 2009) .............. 5
*Valentine v. Ford Motor Company*, 2003 WL 23220758 at *4 (S.D. Ind. 2003) .......................... 8

**Statutes**

28 U.S.C. § 1441(a) ......................................................................................................................... 3
28 U.S.C. § 1441(b) ......................................................................................................................... 5
28 U.S.C. § 1447(c) ......................................................................................................................... 4

Plaintiffs respectfully submit this Memorandum of Law in support of its Motion to Remand this action back to the Circuit Court of Cook County, Illinois.

## PRELIMINARY STATEMENT

Defendants Accord Healthcare, Inc. and Accord Healthcare, Ltd. ("Removing Defendants"), ("Moving Defendants") improperly removed this action to the Northern District of Illinois – Eastern Division on February 5, 2018. This Court should remand this action back to the Circuit Court of Cook County, Illinois because complete diversity of citizenship does not exist between Plaintiffs and Defendants. Specifically, Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a HOSPRIA WORLDWIDE, INC. ("Hospira Defendants"), are incorporated under the laws of the State of Delaware, with their principal place of businesses located in Lake Forest, Illinois. The citizenship of the Hospira Defendants should not be ignored, because Hospira Defendants are necessary and indispensable parties and are not fraudulently misjoined.

Therefore, this Court should remand this action back to state court.

## STATEMENT OF FACTS

All Plaintiffs seek damages and trial by jury in the Superior Court of Illinois for injuries resulting from the use of the prescription drug docetaxel (brand name "Taxotere"). Plaintiffs' Complaint allege causes of actions against multiple Defendants, including Hospira Defendants admittedly either incorporated under the laws of Illinois or deemed citizens of Illinois for purposes of diversity. (Compl., Dkt. No. 1 ¶ 10).

Taxotere was introduced in the United States on May 14, 1996, and is part of a class of chemotherapy drugs called "taxanes." Taxotere was marketed as a chemotherapy treatment that was more efficacious over the lower potency taxanes, including paclitaxel (brand name "Taxol");

1

an established treatment for breast cancer, which did not carry the same risks of permanent and disfiguring Alopecia. See Notice of Removal ¶¶37-38, 42.

Defendants promote and market Taxotere as being superior in efficacy compared to Taxol. (Compl., Dkt. No. 1 ¶ 77). Those assertions were proven to be false in August of 2007, in the journal Cancer Treatment Review, which concluded there were no significant differences between Taxotere and Taxol treatments. (Compl., Dkt. No. 1 ¶ 88).Those same assertions were again proven to be false in April of 2008 in the New England Journal of Medicine in the study titled, "Weekly Paclitaxel in the Adjuvant Treatment of Breast Cancer," which concluded Taxol was more effective than Taxotere for patients undergoing the standard adjuvant chemotherapy with doxorubicin and cyclophosphamide. (Compl., Dkt. No. 1 ¶ 89). As a result of being administered Taxotere as prescribed treatment for breast cancer, all Plaintiffs suffer from permanent disfiguring alopecia. (Compl., Dkt. No. 1 ¶ 89)

On December 11, 2017, Plaintiffs filed a Complaint in the Circuit Court of Cook County, Illinois against Defendants. The complaint alleges that Defendants transacted business in the State of Illinois, 735 ILCS 5/2-209(a)(1); Defendants committed a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2); Defendants owned, used or possessed real estate situated in the State of Illinois, 735 ILCS 5/2-209(a)(3); Defendants made or performed a contract or promise substantially connected within this state, 735 ILCS 5/2-209(a)(7); and Defendants do business in and within Illinois, 735 ILCS 5/2-209(b)(4). (Compl., Dkt. No. 1 ¶ 10-75).

The Complaint asserts six (6) causes of action against all Defendants: (1) Strict Liability; (2) Strict Liability – Design Defect, Marketing Defect, and Manufacturing Defect; (3) Negligence; (4) Breach of Warranty – Breach of Express Warranty; (5) Breach of Warranty-Breach of

2

Implied Warranty; and (6) Loss of Consortium, for plaintiffs who are married. (Compl., Dkt. No. 1 ¶ 64-65). Consistent with Illinois procedure, no specific damage amount was requested.

On February 5, 2018, the Moving Defendants filed a Notice of Removal on the basis that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446. (*See* Notice of Removal, Dkt. No. 1).

## STANDARD

Federal courts are courts of limited jurisdiction and the party invoking federal jurisdiction bears the burden of establishing that all jurisdictional requirements have been met. *Chase v. Shop'N Save Warehouse Foods, Inc*., 110 F3d 424, 427 (7th Cir. 1997). Moreover, federal courts are to presume that a plaintiff's choice of forum is proper and resolve all doubts regarding jurisdiction in favor of remand. *Doe v. Allied Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993).

To invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), a defendant may remove to federal court a state court action that originally could have been filed in federal court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758-59 (7th Cir. 2009). The party seeking removal, in this case the Endo Defendants, bears the burden of establishing that federal subject matter jurisdiction exists at the time of removal. *Id*.

Courts narrowly interpret jurisdiction based on diversity against removal out of respect for the sovereignty of state governments and the protection of state judicial power, and the presumption that the plaintiff may choose her forum. *Id*.; *Brewer v. State Farm Mut. Auto. Ins. Co*., 101 F. Supp. 2d 737, 739 (S.D. Ind. 2000); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941);*Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993) (internal citation omitted). When a plaintiff challenges a federal court's jurisdiction, the removing defendant must

3

respond with "competent proof of a reasonable probability" that subject matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Brewe*r, 101 F. Supp. 2d at 739-40. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 229 (2007). All doubts must be resolved against removal and in favor of remand to state court. *See Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09;Schur, 577 F.3d at 758.

## ARGUMENT

### A. The Court Should Remand This Action Back to the Circuit Court of Cook County, Illinois Because There is No Diversity of Parties.

The Moving Defendants removed the case based on the diversity of citizenship and amount in controversy provisions of 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States." *Id.*

Diversity jurisdiction extends to suits between parties whose state citizenship is completely diverse. 28 U.S.C. § 1332. 28 U.S.C. § 1332(c)(1) further deems a corporation to be a citizen of "the State where it has its principal place of business. As indicated in *Hertz Corp v. Friend*, 559 U.S. 77. 92-93 (2010),

> [P]rincipal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that . . . [has been called the] corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

4

*Id.*

A court can only exercise jurisdiction on the basis of diversity of citizenship after removal if the parties are of completely diverse citizenship and none of the properly joined defendants is a citizen of the state in which the case is brought. 28 U.S.C. § 1441(b); *Brewer,* 101 F. Supp. 2d at 739; *Smart v. Local 702 Intern. Broth. Of Elec. Worker*s, 562 F.3d 798, 803 (7th Cir. 2009).

In this case, the Court lacks jurisdiction because the parties are not completely diverse. The first named Plaintiff SAVANNAH PUGH reside in the County of Cook, State of Illinois. (Compl., Dkt. No. 1 ¶ ¶ 7, 10). The Hospira Defendants are Illinois citizens. Specifically, Hospira Defendants are incorporated under the laws of the State of Delaware, with its principal place of business located at 275 N. Field Drive, Lake Forest, Illinois 60045. (Compl., Dkt. No. 1 ¶ 20). Thus, both parties reside in Illinois, which destroys the court's subject matter jurisdiction.

### I. Hospira Defendants Are All Proper Defendants Whose Jurisdiction Should Not Be Ignored

#### A. Hospira Defendants Are Not Fraudulently Joined

Should this Court find complete diversity, the removing defendant must clear the "additional hurdle" of 28 U.S.C. § 1441(b)(2)—otherwise known as the "forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)).

This hurdle is straight forward: "A civil action removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule "is designed to preserve the plaintiff's choice of (state) forum under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley*, 222 F.3d at 380. The presence of Hospira Defendants

5

triggers the forum defendant rule in this instance. Hospira Defendants are incorporated in Illinois and are therefore are citizens of Illinois. (Compl., Dkt. No. 1 ¶ 20). Yet, Defendants removed the case to federal court.

Defendants argue that they can clear the forum defendant rule hurdle by removing Hopsira Defendants' citizenship from consideration. As the parties seeking removal, Defendants bear the burden of proving removal is proper and any doubt is "resolved in favor of the plaintiff's choice of forum in state court." *See Morris*, 718 F.3d at 668. Defendants offer two arguments: 1) Hospira Defendants were fraudulently joined, and 2) Hospira Defendants were merely a nominal party whose citizenship is irrelevant. Neither argument is persuasive.

"Under the fraudulent joinder doctrine . . ., an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim 'has no chance of success.'" *Morris*, 718 F.3d at 666 (quoting *Poulos v. Naas Foods*, Inc., 959 F.2d 69, 73 (7th Cir. 1992).

In their zeal to clear the hurdle of the forum defendant rule, Defendants leapt right over an important principle that the fraudulent joinder doctrine apply when the defendant in question does not destroy diversity, but merely triggers the forum defendant rule.

The Court should not extend the fraudulent joinder doctrine in this instance because Defendants fail to satisfy their burden of showing removal was proper. In fact, Defendants fail to make an argument based on the *Morris* factors or otherwise to show that the doctrine should be extended. Defendants' oversight in assuming the fraudulent joinder doctrine applies is a fatal misstep.

Further, in order to sustain a claim of fraudulent joinder, "the movant must show that there is no possibility that plaintiff could establish a cause of action against the resident

6

defendant in state court." *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.*, 842 F.2d 946, 950 (7th Cir. 1988); *Gottlieb v. Westin Hotel Company*, 990 F.2d 323, 327 (7th Cir. 1993); *Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).

"An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods*, Inc., 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). The court in *Poulos* noted "[a]t the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.* at 73. Consequently, the sole concern here is whether Plaintiffs have any reasonable possibility that a state court would rule against Defendants. In other words, Removing Defendants must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the Illinois defendants. As such, the Plaintiff is entitled to the benefit of the doubt on fairly debatable questions of both fact and law. *Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015, 2003 U.S. Dist. LEXIS 6747, (S.D. Ind. Apr. 21, 2003).

**B. Plaintiffs Have Pled Colorable Claims Against the Hospira Defendants**

In deciding whether an action should be remanded, all issues of fact and law must be resolved in favor of the plaintiffs. *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). Defendant bears the heavy burden of proof of showing that after resolving all issues of fact and law in favor of plaintiff, the plaintiff cannot establish a cause of action against the instate defendant *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992)*;See also Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 260 F.Supp.2d 722 (S.D. Ind. 2003).

7

Under this standard, the Plaintiffs' intentions are irrelevant. Indeed, this Court in *Bridgestone/Firestone, Inc*., 260 F.Supp.2d at 726-27 held "the relevant question is not why the plaintiffs chose to sue the non-diverse defendants, but whether the plaintiffs have viable claims against the non-diverse defendants under the applicable law. The only inquiry is whether there is a reasonable probability that a state court could rule against the non –diverse defendant. *Id*.

In evaluating the merits of allegations against a non-diverse defendant, the court must accept as true all factual allegations of the complaint. *See Poulos,* 959 F.2d at 73; see also *Valentine v. Ford Motor Company*, 2003 WL 23220758 at *4 (S.D. Ind. 2003), *Conk v. Richards & O'Neil LLP*, 77 F.Supp.2d 956 (S.D. IND. 1999),*B, Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir.1981) (holding that a court must consider all of the facts set forth by the plaintiff as true and resolve all uncertainties as to state law against the defendants). That the defendants may disagree with the allegations is simply insufficient to defeat jurisdiction.

There can be no question that Plaintiffs have asserted colorable claims against the Hospira Defendants. The Complaint asserts six (6) causes of action against all Defendants: (1) Strict Liability; (2) Strict Liability – Design Defect, Marketing Defect, and Manufacturing Defect; (3) Negligence; (4) Breach of Warranty – Breach of Express Warranty; (5) Breach of Warranty-Breach of Implied Warranty; and (6) Loss of Consortium, for plaintiffs who are married. (Compl., Dkt. No. 1 ¶ 3).

Further, it has been settled that courts will not find fraudulent joinder of a non-diverse defendant, in negligence and negligent marketing claims, where there is a reasonable probability that the sales representative knew or should have known the product was defective based upon his or her sales experience, *McDaniel v. Synthes, Inc*., 2007 WL 3232186 (N.D. Ind. 2007) (remanding action to state court where there was a reasonable probability the non-diverse

defendant knew of the plate's defect) or if the plaintiffs' action has a chance of success against non-diverse seller-defendant. *Eaton v. Bridgestone Corp.*, 2002 WL 1751184 at *4 (S.D. Ind. 2002) (granting plaintiffs' motion to remand due to incomplete diversity where defendants failed to establish that plaintiffs had no possibility of recovery against the tire seller/non-diverse defendant) *citing Hoosier Energy Rural Elec. Co-op. Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) quoting G*ottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

## II. Hospira Defendants are Necessary and Indispensable Parties that Should Not Be Severed

The Court's discretion to sever parties under Rule 21 is guided by whether a party is "needed for just adjudication" within the meaning of Rule 19(a), not whether joinder would promote efficiency under either CR 20.01 or Fed. R. Civ. P. 20.

A party is needed for just adjudication, or is "necessary," within the meaning of Rule 19(a), if any of the following are true: (1) complete relief cannot be given to existing parties in his absence; (i) disposition in his absence may impair his ability to protect his interest in the controversy; or (ii) his absence would expose existing parties to substantial risk of double or inconsistent obligations.

Plaintiff's fulfilment of Rule 19(a)(1) is beyond question. The Advisory Committee notes to Rule 19 state that the interests furthered by operation of Rule 19(a)(1) are not only those of the parties "but also that of the public in avoiding repeated lawsuits on the same essential subject Plaintiff's fulfilment of Rule 19(a)(1) is beyond question. The Advisory Committee notes to Rule 19 state that the interests furthered by operation of Rule 19(a)(1) are not only those of the parties "but also that of the public in avoiding repeated lawsuits on the same essential subject."

9

To ascertain whether parties are necessary and indispensable, the court must follow a two-step process under Fed. R. Civ. P. 19. First, the court must assess under Rule 19(a) whether a party is necessary for just adjudication. A party is necessary if: (1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations. Fed. R. Civ. P. 19(a).

Second, if the party is necessary, then, under Rule 19(b), the court determines if he is indispensable by considering whether: (1) a judgment rendered in the party's absence would prejudice the available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for non joinder. See *Baxter*, 614 F.Supp.2d at 872.

### A. Hospira Defendants are Necessary Parties

Hospira Defendants are necessary parties because: (1) complete relief cannot be given to the existing parties in the Hospira Defendants' absence; (2) disposition in the Hospira Defendants' absence may impair their ability to protect their interest in the controversy; and (3) Hospira Defendants' absence would expose the existing parties to substantial risk of double or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). The Court needs to only find one factor present in this matter to determine that the Hospira Defendants are necessary parties. *See id.*

The defendants at issue are an essential part to the underlying suit. It will be necessary for both parties to be a part of the discovery process in this case to properly assign the responsibility for manufacture of taxotere. To allow discovery to be held and these issues litigated in separate courts would cause inevitably unnecessary duplication and significant risk for double or

inconsistent obligations. For example, inconsistent rulings on the reporting responsibilities of manufacturers under Illinois law will cause confusion and prejudice to the plaintiff.

### B. The Hospira Defendants are Indispensable Parties

Removing Defendants fail to meet its burden to show that the Hospira Defendants are not indispensable parties. The complaint alleges, "Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce throughout the United States, which necessarily includes Illinois, either directly or indirectly through third parties, subsidiaries or related entities, the drug TAXOTERE®." " (Compl., Dkt. No. 1 ¶ 75). Furthermore, "Hospira Defendants filed for a NDA with the FDA for a generic non-bioequivalent of Taxotere (docetaxel) in the form of docetaxel anhydrous. The FDA granted Hospira's NDA on or about March 8, 2011 and Hospira put the docetaxel anhydrous on the market on or about March 8, 2011." (Compl., Dkt. No. 1 ¶ 97). The claims against all Defendants are inextricably linked and cannot be severed. There is a question of fact that must be answered as to what each of the Defendants did to assist in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce throughout the United States, which necessarily includes Illinois, either directly or indirectly through third parties, subsidiaries or related entities, the drug TAXOTERE®. Therefore, discovery must be conducted in the same case and a complete adjudication of the case must occur with all Defendants present.

Pursuant to Illinois law, parties point to the conduct of non-parties in defense of a claim and assign fault. Thus, if the claims are severed, then each of the Defendants will point to the "empty chair" of the missing defendant(s). For these reasons, the Defendants' argument for severing the claims should not be well taken. These claims must be litigated together in one

11

action with all named Defendants. The Hospira Defendants are necessary and indispensable parties to this action, and therefore, the claims cannot be severed. Plaintiffs cannot be accorded complete relief and is likely to be subject to inconsistent rulings if these claims are severed. Under Rule 19(a), complete relief would not be given to Plaintiffs in the absence of the Hospira Defendants.

Since the resolution of this case will require answering inextricably linked questions of fact arising out of a singular incident, the developing, designing, licensing, manufacturing, distributing, and/or selling of Taxotere to Plaintiffs within Illinois, this action cannot and should not be severed. Plaintiffs are also likely to suffer from inconsistent judgments if the same questions of fact arising from this singular incident are tried separately, potentially leading to findings of fact and law which are contradictory. If the action is severed, a fact finder in the action against the Hospira Defendants could find that the Hospira Defendants are not liable, and find that the conduct of the non-party Defendants were the cause of the side effects, including but not limited to disfiguring permanent alopecia (hair loss). Then, in the action against the Hospira Defendants, the jury could find that Plaintiffs' damages are due to the acts of the non-party Defendant. Thus, there would be finding of liability or fault as to non-parties in two separate actions, but no recovery for Plaintiffs. This would simply be an injustice created by severing parties and actions.

Even if this Court is permitted to sever the Hospira Defendants, the Court may conclude that Removing Defendants "preferred choice of forum does not outweigh the prejudice plaintiff will suffer by litigating this action in two different forums." *Aramouni*, 1:15-CV-1116, 2015 U.S. Dist. LEXIS 128468, *11, 2015 WL 5661040 (N.D. Ohio Sept. 24, 2015). Plaintiffs will be prejudiced if severance is ordered because it will be forced to prosecute this action in two

forums, discovery will be duplicated, and the Defendants may attempt to shift the blame to the absent Defendants in each case. *See Aramouni*, 1:15-CV-1116, 2015 U.S. Dist. LEXIS 128468, *10, 2015 WL 5661040 (N.D. Ohio Sept. 24, 2015) (denying Defendant's request to sever the malpractice claim because "concerns weigh against severing the malpractice claim in order to achieve diversity jurisdiction over this matter."); *Philip v. St. David's Healthcare P'ship*, No. 1:10-hc-60195, 2011 U.S. Dist. LEXIS 7835, *6 (N.D. Ohio Jan. 18, 2011) (granting plaintiff's motion to remand because "severance could create a substantial risk that, even if one or more of the defendants were responsible for his injuries, it or they might unjustly avoid accountability.").

The Hospira Defendants are thus necessary and indispensable parties and must remain in this action. Severing the claims is not proper in this action. Judicial efficiency and conservation of judicial resources further find this matter better tried by one court rather than severing the claims and litigating them in two different courts. With Hospira Defendants remaining as a non-diverse defendant, diversity is not complete and the case should be remanded to state court.

## CONCLUSION

For the reasons stated above, the Court should remand this action back to the Circuit Court of Cook County, Illinois.

Dated: April 13, 2018

                                                             */s/Hunter J. Shkolnik*
Hunter J. Shkolnik, Esquire
Paul J. Napoli, Esquire
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Rd.
Suite 305
Melville, NY 11747
(212) 397-1000

*Attorneys for Plaintiffs*

13