# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. KURT D. ENGELHARDT |
| *ALL CASES LISTED ON EXHIBIT A* | |

### PLAINTIFFS' OMNIBUS REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE NO. 3

Plaintiffs respectfully submit this reply in further support of their motions for leave to file supplemental responses to the Order to Show Cause No. 3[1], and in response to Defendants' opposition to same. (Doc. 2124).

Defendants argue that this Motion for Leave should be denied, and the Supplemental Responses not considered as if Plaintiffs had not responded at all. Plaintiffs respectfully point out that these are *Supplemental* Responses, and as the title suggests, Plaintiffs merely hope to *supplement* previously submitted information to the Court (in Plaintiffs' Response to the Order to Show Cause No. 3, Doc. 1796), with additional details regarding the substantial completion of these Plaintiffs' Fact Sheets.

---

[1] Docs. No. 1969, 1970, 1989, 1991, 1992, 1993, 1995, 1996, 1997, 1998, 1999, 2000, and 2001.

1

Defendants further oppose the filing of the Motions for Leave based on the timing of their filing. Plaintiffs first note that there are no provisions pertaining to the timing of any supplemental responses in the CMO, which can be permitted or denied based on the sound discretion of the Court. More important, Defendants fail entirely to address the primary argument echoed in each of the individual motions for leave: Defendants cannot show they are prejudiced in any way by this brief delay in communicating to the Court the work performed by Plaintiffs in providing substantially complete information in cases that have no other pending deadlines and no trial dates. In fact, all of the supplemented information described by the Plaintiffs in their proposed supplemental responses is and has been available to Defendants in MDL Centrality. This information – which, depending on the plaintiff, consists of additional medical records, photographs, PFS details, or signed authorizations and verifications – is and has been completely accessible to the Defendants. The supplemental responses that Plaintiffs seek to file serve only as a means to fully update the Court as to what the Defendants already have in their possession. The premise underlying the Order to Show Cause is whether cases should be dismissed for failure to provide information to Defendants; here, information *was* provided to Defendants. Defendants now have the information they have sought to move forward in each case, and they do not argue otherwise in their opposition.

Defendants nonetheless mention the sanction of dismissal several times in their opposition. While the Federal Rules of Civil Procedure permit a defendant to move for dismissal when the plaintiff fails to comply with a court order, dismissal with prejudice is an extreme sanction, to be used only when the "plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiffs its benefits." *McNeal v. Papasan*, 842 F.2d 7877, 790 (5th Cir. 1988). Accordingly, a court may impose this

harsh sanction only in cases where there is both a "clear record of delay or contumacious conduct by the plaintiffs and where lesser sanctions would not serve the best interests of justice." *Id*. at 790; P*rince v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

In the *FEMA Trailer Formaldehyde Products Liability Litigatio*n case cited by Defendants (Doc. 2124, p. 3 n.6), the Court was careful to require the presence of four factors before even considering dismissal as a sanction:

> However, '[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process,' the Fifth Circuit has articulated four factors 'that must be present before a district court may dismiss a case as a sanction for violation of a discovery order':
>
> (1) the violation must result 'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'
>
> (2) 'the violation ... must be attributable to the client instead of the attorney;'
>
> (3) the violation 'must substantially prejudice the opposing party;' and
>
> (4) there must be no 'less drastic sanction [that] would substantially achieve the desired deterrent effect.'

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 5570637, at *1 (E.D. La. Nov. 16, 2011), *citing FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir.1994) (quoting *Coane v. Ferrara Pan Candy C*o., 898 F.2d 1030, 1032 (5th Cir.1990)).

In the two cases considered for dismissal in the *FEMA Trailer* opinion, the plaintiffs had either declared their intent to withdraw from the litigation or had disappeared entirely, notwithstanding the best efforts of their counsel to locate them. In contrast, here, in all of the cases in which Motions for Leave were filed, *all* of the Plaintiffs are present, active, and fully cooperating with counsel by locating additional photographs, signing releases and providing additional information sought by Defendants. The *FEMA Trailer* reasoning, applied here,

requires that these Plaintiffs be given consideration for their ongoing involvement in the prosecution of their suits and establishes that dismissal is not warranted.

Given that the Defendants will not be prejudiced by this Court's acknowledgement of additional information already provided to Defendants by Plaintiffs, Plaintiffs respectfully move this Court to grant the Motions for Leave and consider the Supplemental Responses.

Respectfully submitted,

*/s/ Lauren E. Godshall*____
Betsy Barnes, LA # 19473
Lauren E. Godshall, LA #31465
Morris Bart, LLC
601 Poydras St., 24th Fl.
New Orleans, LA 70130
Phone: (504) 525-8000
Fax: (504) 599-3392
bbarnes@morrisbart.com
lgodshall@morrisbart.com

**CERTIFICATE OF SERVICE**

I certify that on April 9, 2018, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Lauren E. Godshall*_____