**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>*Celeste R. Trave' vs. Sanofi, et al*: 2:17-cv-07577; *Mecca L. Stewart vs. Sanofi, et al*; 2:17-cv-07916; *Wendy L. Shaw vs. Sanofi, et al*; 2:17-cv-07777; *Marilyn S. Fultz, et al*; 2:17-cv-07772; *Pamela Fallon vs. Sanofi, et al;* 2:17-cv-06271; *Leslie Taylor vs. Sanofi, et al;* 2:17-cv-06048; *Cheryl Evridge vs. Sanofi, et al;* 2:17-cv-06742; *Tempy Hoskins vs. Sanofi, et al*; 2:17-cv-17852; *Marcella Webb vs. Sanofi, et al;* 2:17-cv-06642; *Myrtis Gulley vs. Sanofi, et al*; 2:17-cv-06907; *Deborah Leggett vs. Sanofi, et al*; 2:17-cv-06900; *Mattie Curry vs. Sanofi, et al;* 2:17-cv-09266; and *Helen Love vs. Sanofi, et al*; 2:17-cv-06605 | MDL No. 2740<br><br>SECTION: N<br><br>JUDGE ENGELHARDT |

**<u>Plaintiffs' Memorandum for Leave to File Supplemental Show Cause Letters in Response to Rule to Show Cause No. 3</u>**

Plaintiffs, by and through their undersigned counsel, hereby respectfully request leave of Court to file the attached Supplemental Letters to Show Cause to supplement their previously filed responses to Order to Show Cause Three (Doc. No. 1760). In previously responding to Order to Show Cause Three, counsel ensured the Court that it would provide timely updates during the pendency of the Defendants' Motion to Dismiss these claims. The letters attached hereto provide updated information to the Court as to efforts undertaken by Plaintiffs to cure any purported deficiencies as well as further justification as to why these cases should not be dismissed. All of

the Plaintiffs seeking to file a supplemental show cause letter, with the exception of one, have cured their deficiencies and should be deemed to have substantially complete PFS(s). As such, these Plaintiffs should not be subject to a dismissal.

Since a dismissal with prejudice is the harshest sanction which can be imposed, it should not be granted lightly. Here, these plaintiffs offer additional information, which has already been previously provided to the Defendants, as to why Defendants Motion to Dismiss should not be granted. Defendants will not be prejudiced by these supplemental letter submissions as they are already in possession of the documents referenced in each response, as all documents referenced in these letters have been previously provided to Defendants via MDL Centrality. Furthermore, Plaintiffs have advised Defendants of the Plaintiffs efforts to cure their purported deficiencies and have requested that those plaintiffs with substantially complete PFS(s) be removed from Defendants' Motion to Dismiss.

As this Court has previously reiterrated, "dismissal is a severe sanction that implicates due process," and should only be considered when the following four factors are present:

(1) The violation must result 'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'

(2) 'the violation…must be attributable to the client instead of the attorney;'

(3) the violation 'must substantially prejudice the opposing party;' and

(4) there must be no 'less drastic sanction [that] would substantially achieve the desired deterrent effect.'

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 5570637, at *1 (E.D. La. Nov. 16, 2011), *citing FDIC v Conner,* 20 F.3d 1376, 1380-81 (5th Cir. 1994)

(*quoting Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

In the instant case these four factors are not met.  There has been no evidence offered, nor does evidence exist, which demonstrates that Plaintiffs have acted in bad faith or with contumacious conduct to intentionally delay the production of their PFS obligations. Rather, Plaintiffs have continued to work diligently to rectify and cure any purported deficiencies.  Additionally, the Defendants have not and will not be prejudiced by these Plaintiffs supplying additional information to support their claims.  Given the effort undertaken by these Plaintiffs to comply with the Court ordered PFS and their willingness to cure any deficiencies, a dismissal of their claims is not warranted and the Court should grant leave to consider the Plaintiffs' supplemental responses.

In light of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motions for Leave and consider the supplemental response letters attached hereto as Exhibit A.

        Respectfully Submitted:

        /s/ *Christopher L. Coffin*
        Christopher L. Coffin (LA 27902)
        Nicholas R. Rockforte (LA 31305)
        Jessica A. Perez (LA 34024)
        Pendley, Baudin & Coffin, L.L.P.
        1515 Poydras Street, Suite 1400
        New Orleans, LA 70112
        Tel: (504) 355-0086
        Fax: (504) 523-0699
        ccoffin@pbclawfirm.com
        nrockforte@pbclawfirm.com
        jperez@pbclawfirm.com

## **Certificate of Service**

I certify that on April 24, 2018, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

<u>/s/ <i>Christopher L. Coffin</i></u>