UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION, | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE ENGLEHARDT |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE NORTH |
| *Judith August v. Sanofi, S.A., et al.* Civil Action No. 2:16-cv-16231-KDE-MBN | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF ORDER (DOC. NO. 2302)**

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Fed.R.Civ. P. 54(b), 59(e), and/or 60, who respectfully submits the following Memorandum in Support of Plaintiff's Motion for Reconsideration and/or Clarification of Order, and in support thereof states as follows:

**FACTS**

Plaintiff's original Complaint was filed in the United States District Court, Southern District of Mississippi, Civil Action No. 1:16/cv/00385-HSO-JCG on October 24, 2016) (*Judith August v. Sanofi, S.A., Aventis Pharma, S.A., Sanofi US Services, Inc. f/k/a Sanofi-Aventis U.S., Inc., Sanofi-Aventis U.S., LLC, Separately and doing business as Winthrop U.S., Sandoz, Inc.*) (hereinafter "initial defendants") (See attached Exhibit "A".)

Following the initial filing, Plaintiff learned that, upon information and belief, the docetaxel administered to Plaintiff in this case was manufactured by Hospira Worldwide,

LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc. (hereinafter "new defendants").  However, none of the new Defendants were included in the initial Complaint; therefore, the Plaintiff filed an Amended Complaint retaining the initial defendants and adding all of the new Defendants, until Plaintiff could verify its information was correct.

On May 16, 2017, following transfer into the United States District Court for the Eastern District of Louisiana, Plaintiff filed an Amended Complaint. (Judith August v. Sanofi S.A., Aventis Pharma S.A., Sanofi US Services, Inc., f/k/a Sanofi-Aventis US, Inc., Sanofi-Aventis U.S., LLC, Separately and doing business as Winthrop U.S., Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc.,  Hospira, Inc. and Pfizer, Inc.) (See Doc. No. 8).

On December 6, 2017, Plaintiff's counsel conferred with defense counsel regarding dismissal of Sanofi defendants only.  On December 12, 2017, Sanofi's counsel emailed a consent to dismissal with prejudice.  Email from Plaintiff's liason to defense counsel and counsel for Plaintiff dated December 12, 2017 followed confirming removal of Plaintiff's case from the Show Cause Order and confirmed by a second email from defense counsel requesting the dismissal be filed on December 12, 2017 to remove the case from the Show Cause Order.

On December 12, 2017, Plaintiff in accordance with agreement from all counsel filed her Unopposed Motion to Dismiss with Prejudice Sanofi, S.A., Aventis Pharma, S.A., Sanofi US Services, Inc., f/k/a Sanofi-Aventis U.S., Inc., Sanofi-Aventis U.S., LLC Separately and doing business as Winthrop with supporting Memorandum in Support of Motion and Proposed Order. (See Doc. No. 1206).

On March 28, 2018, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice as to only Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services, Inc. f/k/a Sanofi-Aventis U.S., Inc., and Sanofi-Aventis U.S., LLC Separately and doing business as Winthrop U.S. in accordance with Pretrial Order 54. (See Doc. No. 2069).  Plaintiff never intended nor agreed to dismiss any of the new defendants added with the filing of the Amended Complaint on May 16, 2017, which are, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc.

On April 20, 2018, the Court entered the Order on Responses to Order dismissing with prejudice Plaintiff's case against Defendants (Document No. 2302).  The Order may be interpreted to dismiss all of the Defendants with prejudice, including the "new defendants".

Plaintiff would respectfully request this Court Reconsider or clarify its Order dated April 20, 2018, (Doc. 2302) dismissing all the defendants and request that the Court pursuant to Fed. R. Civ. P. 54(b), 59(e) and/or 60, enter a corrected Order dismissing with prejudice the "initial defendants" only who are:  Sanofi, S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S. LLC, Separately and doing business as Winthrop U.S.  This would, therefore, allow the Plaintiff's case to continue against the "new defendants", Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc., who were properly added to this litigation on or about May 16, 2017, by virtue of the filing of the Amended Complaint (Doc. No. 8).

## **ARGUMENT**

Plaintiff would argue that reconsideration or alteration of Order entered April 20, 2018, (Doc. 2302) would not prejudice any parties named in the above referenced case.

In essence, reconsideration and/or an amendment or clarification of the Order entered April 20, 2018, (Doc. 2302) would merely dismiss the unnecessary Defendants and allow this matter to move forward against the appropriate Defendants. Plaintiff would further argue that dismissal of her case in its entirety against all defendants, including the named 505(b)(2) Defendants would be prejudicial to Plaintiff as it would permanently bar the Plaintiff from pursuing litigation against the rightful Defendants.

**1. Motion to Alter or Amend Judgment**

A general practice of courts in this district has been to evaluate motions to reconsider under Rule 59(e). *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5 2010) (Vance, J.); accord *Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" under Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms, Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff would further argue that reconsideration of the Court's Order should be allowed so that justice will best be served. First, it is clear that it was error to dismiss all of the Defendants with prejudice when the motion for voluntary dismissal only requested dismissal of the aforementioned initial Defendants. Dismissal of Defendants, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc. was never contemplated and they were, in fact, specifically added via the amended complaint when it became clear they were the proper party Defendants. Second, failure to alter or amend the judgment dismissing all of the Defendants with prejudice would produce clear manifest injustice to the Plaintiff who will be forever barred from pursuing her claim against the other Defendants. As such, the Court should alter or amend its judgment and allow the Plaintiff to continue on in the present litigation.

**2. Motion to Reconsider Pursuant to Fed. Rule of Civil Procedure 60**

The court should reconsider its Order entered April 20, 2018, (Doc. 2302) as it was the product of mistake from oversight or omission. Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." F.R.C.P. 60(a). A mistake correctable under Rule 60(a) need not be committed by the clerk or the court and Rule 60(a) is even available to correct mistakes by the parties. *Matter of West Texas Marketing Corp.,* 12 F.3d 497, 503-504 (5th Cir. 1994) citing *Warner v. Bay St. Louis,*

526 F.2d 1211, 1212 (5th Cir.1976) (mistakes correctable by Rule 60(a) are "not necessarily made by the clerk"); *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir.1968) (mistakes by parties correctable by Rule 60(a)). "The rule allows courts to modify their judgment in order to insure that the record reflects the actual intentions of the court and the parties. The court's responsibility in this case is to correct "errors, created by mistake, oversight, or omission, that cause the record or judgment to fail to reflect what was intended at the time of trial." *Id.* citing *Warner,* 526 F.2d at 1212; *see also Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1445 (9th Cir.1990) ("[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."). It was clear that the intention of the parties was merely to dismiss the Defendants specifically listed in the Voluntary Dismissal and not to dismiss the case in its entirety. As such, the Court should reconsider its order and allow this matter to move forward against the proper Defendants, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc..

Alternatively, the court should reconsider this matter and provide relief as requested by the Plaintiff because the April 20th Order was the result of "mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(b)(1). An inadvertent "mistake" that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) *See McCormick,* 230 F.3d at 327 (finding no "mutual mistake" concerning the progress of a settlement agreement that would justify relief from a dismissal order); *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995)

("[Rule 60(b) ] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."). In *Eskridge*, the Court refused to provide relief from Order as the Plaintiffs voluntarily moved to dismiss a federal action without making provisions to protect the state action. The result was a complete bar of the Plaintiffs's action for medical malpractice related to their daughter's death. The court found that this could not be considered a mistake or excusable neglect because counsel made a deliberate, strategic choice[1] so there was no mistake or inadvertence or that their was excusable neglect due to counsel's "procedural misplay".

The present case is wholly and pointedly distinguishable. Where the Eskridge attorneys were careless in their actions when making a clear strategic choice, the Plaintiff in the present case never requested that the court dismiss the lawsuit against the new Defendants, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc.. Rather, they specifically sought dismissal of the original Defendants so that they could proceed against the correct Defendants, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc. It was a clear mistake or, at worst, excusable neglect that resulted in the April 20th Order dismissing all of the Defendants with Prejudice and, as such, the Plaintiff is entitled to relief pursuant to Rule 60(b). As such, the Court should reconsider its order and allow this matter to move forward against the proper Defendants, Hospira Worldwide, LLC f/d/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc..

Respectfully submitted this the 24th day of April, 2018.

---

[1] Though it should be added that the appellate court ruled solely based on whether the lower court abused its discretion, which it found it had not, though it noted that a different court very well might have ruled differently. *Eskridge* at 810.

RESPECTFULLY SUBMITTED,

Judith August, Plaintiff

BY: *James R. Reeves*
James R. Reeves, Esquire
MS Bar No. 9159
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS   39530
(228) 374-5151 (telephone)
(228) 374-6630 (facsimile)
jrr@rmlawcall.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed using the Court's electronic filing system and thereby served upon all counsel of record by electronic filing on this 24th day of April, 2018.

BY: *Jim Reeves*
James R. Reeves, Jr., Esquire
MS Bar No. 9159
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS   39530
(228) 374-5151 (telephone)
(228) 374-6630 (facsimile