UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### JOINT REPORT NO. 9 OF LIAISON COUNSEL
(Status Conference, April 26, 2018)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 9 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, excluding voluntary dismissals, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the JPML. As of April 24, 2018, excluding voluntary dismissals, there are approximately 8,557 cases pending in the MDL before the Honorable Kurt D. Engelhardt.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings have been filed in California, Illinois, Missouri, New Jersey, and Delaware. Most of these state court proceedings were removed to federal court. The Court ruled on remand motions on August 30, 2017. (Rec. Doc. 781). On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions

1

to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

The Court received supplemental briefing on whether two California multi-plaintiff cases could be severed prior to remand and that issue remains pending before the Court. Sanofi filed a Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand in the *Ernyes-Kofler* (No. 2:17-cv-03867) and *McCallister* (No. 2:17-cv-02356) cases on February 15, 2018 (Rec. Doc. 1717). The motion is under submission.

The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only). The parties also continue to make efforts to identify the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings, and to provide the call-in number for the status conferences, should they wish to join. All known state court counsel have been advised of the telephone number for the status conference. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court. In New Jersey plaintiffs filed an Application pursuant to Rule 4:38A ("Centralized Management of Multicounty Litigation") to designate the Taxotere (Docetaxel) Cases a Multicounty Litigation for Centralized Management before the Honorable James F. Hyland of Middlesex County, which is currently pending.

Six (6) California judges in different counties have been assigned at least one Taxotere case. Federal-state Liaison Counsel provided the Court with the names and contact information for these six state court judges, as well as a chart of state court case information.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.9.

The Court has issued the following important Pretrial Orders (sometimes "PTO") since the March 7, 2018 Status Conference:

   A. Pretrial Order No. 77A (Rec. Doc. 2202) entered April 11, 2018 regarding a streamlined process for filing motions to remand California cases.

   B. Pretrial Order No. 44A (Rec. Doc. 2355) entered April 25, 2018 replacing settlement counsel for two 505(b)(2) defendants, and naming the chair of the 505(b)(2) Settlement Committee.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.9.

The Court has issued the following Case Management Orders since the March 7, 2018 Status Conference:

   A. Case Management Order No. 13 (Rec. Doc. 1819) entered March 9, 2018 selecting First Bellwether Trial Plaintiff and Three Alternate Trial Plaintiffs Pursuant to Case Management Order No. 3.

   B. Case Management Order No. 8B (Rec. Doc. 2444) entered May 3, 2018 amending Case Management Order No. 8A to Substitute Trial Plaintiff for MDL Trial No. 2.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at taxotere@bkc-law.com. This

information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

### 6. MASTER COMPLAINT AND SHORT FORM COMPLAINT

Plaintiffs' First Amended Long Form Complaint was filed on July 25, 2017 (Rec. Doc. 689). All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963 & 969). On January 4, 2018, the Court entered Pretrial Order No. 73 (Rec. Doc. 1463), adopting the approved version of the Short Form Complaint (Rec. Doc. 1463-1), which is the effective version of the form as of January 4, 2018. This form is available on the Court's MDL 2740 website under the tab "Forms" or on MDL Centrality. Plaintiffs' Liaison Counsel cautions all Plaintiffs that this updated exemplar Short Form Complaint is the only version to be used for filings after January 4, 2018.[1]

Counsel are further advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint, and if counsel is relying on any state law's theory of liability or cause of action not list to use the blank lines to add in this information.

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[2] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to

---

[1] If an individual plaintiff previously filed a Short Form Complaint using an old version of the form, filing the current version of the updated Short Form Complaint is unnecessary. However, if it is necessary for counsel to file a new member case or amend a previously filed Short Form Complaint, counsel should ONLY use the Court-approved Short Form Complaint effective as of January 4, 2018. Counsel are cautioned not to use old versions of the Short Form Complaint that have come from the record or elsewhere, or their filing will be marked "Deficient" by the Clerk's Office.

[2] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf

oppose. On February 14, 2018, the Court entered Pretrial Order No. 37A (Rec. Doc. 1682) that sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[3] If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either file a stipulation to

---

[3] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

dismiss, or move to dismiss with prejudice. In either case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet ("PFS") and accompanying disclosures. In addition, with a motion, the Plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

7. **<u>PLAINTIFF AND DEFENDANT FACT SHEETS</u>**

    Counsel should note the rules of the PFS in several Pretrial Orders:

    A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

    B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

    C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

    D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

    E. PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1).

Case 2:16-md-02740-JTM-MBN   Document 2448   Filed 05/04/18   Page 6 of 16

dismiss, or move to dismiss with prejudice. In either case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants. With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet ("PFS") and accompanying disclosures. In addition, with a motion, the Plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

7. **<u>PLAINTIFF AND DEFENDANT FACT SHEETS</u>**

    Counsel should note the rules of the PFS in several Pretrial Orders:

    A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

    B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

    C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

    D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

    E. PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1).

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017). For the staggering provisions of Amended PTO 22, Plaintiffs' counsel should carefully calculate whether their cases meet the requirements to take advantage of this provision.

As of April 24, 2018, Plaintiffs have served 6,505 PFSs, and 1,023 are in progress. Based on the PFSs received as of April 24, 2018, they divide among Defendants as follows: 3,288 sanofi, 465 Hospira, 194 Sandoz, 141 Accord, 1 Sun, 146 Unknown, 637 Blank, and 633 Other/Miscellaneous. The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of eliminating cases which are currently compliant with Amended PTO 22.

Under Amended PTO 22 ¶ 5, sanofi identifies the approximately 456 cases attached hereto as Appendix C.9 as matters where no PFS, authorizations, or responsive documents have been submitted in alleged violation of the Order. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Sanofi identifies the approximately 608 cases attached hereto as Appendix D.9 where Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have allegedly failed to respond in any manner for thirty (30) days or more. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Sanofi also identifies the approximately 178 cases attached hereto as Appendix E.9 where Plaintiffs have allegedly failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. Sanofi accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Under PTO 22 ¶ 5, the 505(b)(2) Defendants identify the approximately 159 cases attached hereto as Appendix F.9 as matters where no PFS, authorizations, or responsive documents have been submitted in alleged violation of the Order. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants identify the approximately 93 cases attached hereto as Appendix G.9 where the 505(b)(2) Defendants issued deficiency notices on Plaintiffs' PFSs and Plaintiffs have allegedly failed to respond in any manner for thirty (30) days or more. The 505(b)(2) Defendants accordingly requests that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, the 505(b)(2) Defendants also identify the approximately 20 cases attached hereto as Appendix H.9 where Plaintiffs have allegedly failed to cure deficiencies related to the three categories of information needed to make the PFSs "substantially complete" as defined in Amended PTO 22. The 505(b)(2) Defendants accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

The Court issued an Order To Show Cause No. 4 on April 4, 2018 (Rec. Doc. 2134). In Show Cause Order No. 4, both Sanofi and the 505(b)(2) Defendants identified 2,276 cases, which are also listed on attached hereto as Appendix I.9, where Plaintiffs have allegedly failed to

cure deficiencies identified in Joint Report No. 8 of Liaison Counsel, Appendices C, D, E, F, G, H (Rec. Docs. 2002-3, 2002-4, 2002-5, 2002-6, 2002-7, and 2002-8). This Order includes language outlining a new procedure for counsel to submit responses to the Order to Show Cause. Attached hereto as Appendix I.9 are the 1,298 cases identified by sanofi and the 505(b)(2) Defendants from Show Cause Order No. 4 as to which the Plaintiffs have failed to cure the identified deficiencies by the filing of this Joint Report.

Under Amended PTO 22 ¶ 13, Plaintiffs identify the approximately 29 cases attached hereto as Appendix J.9 as matters where no DFS has been submitted in alleged violation of the Order. Plaintiffs accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Plaintiffs identify the approximately 28 cases attached hereto as Appendix K.9 where Plaintiffs issued deficiency notices on Defendants' DFSs and Defendants have allegedly failed to respond in any manner for thirty (30) days or more. Plaintiffs accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

Subject to the same provisions, Plaintiffs also identify the approximately 8 cases attached hereto as Appendix L.9 where Defendants have responded to a deficiency notice but the response allegedly failed to cure deficiencies. Plaintiffs accordingly request that the Court issue a show cause order with notice pursuant to Amended PTO 22. *Id.*

The Court issued Order on Responses to Order to Show Cause No. 2 on April 20, 2018. (Rec. Doc. 2302) Counsel must review this Order to determine the Court's ruling on their cases.

8. **MDL CENTRALITY**

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's MDL 2740 website under the tab "Forms," as well as on the BrownGreer website.

9. **SERVICE ON DEFENDANTS**

Counsel for sanofi and the Plaintiffs' Steering Committee ("PSC") have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity. Sanofi acknowledges that service of a complaint naming Winthrop US may be made on Sanofi-aventis U.S. LLC.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

10. **PRODUCT IDENTIFICATION ORDER**

On January 12, 2018, the Court entered Case Management Order No. 12 (Product Identification Order) (Rec. Doc. 1506) that sets forth procedures for Plaintiffs' counsel to take to identify the manufacturer for each client and the defendant for each client. Should the Plaintiffs' efforts described in paragraphs 1 and 2 fail to obtain this evidence, Plaintiffs shall notify Defendants pursuant to paragraph 3. Defendants' obligation to assist in obtaining the product identification is then triggered in paragraph 4, but only upon Plaintiffs' full compliance with paragraphs 1-3. Defendants must also comply with the provisions of the Order, particularly

paragraphs 4, 6 & 8. Once Product ID information is obtained, each Plaintiff must upload such information to MDL Centrality under the "Product Identification" document type field, as well as dismiss any and all Defendants not identified by the Product ID Information within fourteen (14) days of the date the Plaintiff uploads the Product ID information to MDL Centrality. Any Plaintiff who fails to comply with the mandates and deadlines of the Order is subject to dismissal upon motion by Defendants by being placed on the Agenda for the next status conference.

Paragraph 6 of CMO 12 lists what is presumed to be sufficient evidence of product identification- NDC numbers in Plaintiffs' medical records, a Certificate of Authenticity of Product Identification Administered ("Certification") and medical or billing records showing docetaxel administered prior to March 8, 2011 which is evidence that the docetaxel was manufactured by sanofi. The Plaintiffs have the right to issue a subpoena to the facility administering the drug (paragraph 5) and to conduct limited discovery to determine product identification (paragraph 12) within 75 days of the date of the issuance of the subpoena.

Since the entry of the Order, the parties are discussing a streamlined procedure for dismissal with prejudice of any and all Defendants not identified as the manufacturer under CMO 12 and hope to present it to the Court soon. The parties will be prepared to discuss the status of the issue with the Court at the April 26, 2018 Status Conference.

## 11. PRESERVATION ORDER

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4). Pursuant to negotiations with the U.S. sanofi Defendants, PLC circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

**12. <u>PROTECTIVE ORDER</u>**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

**13. <u>ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY</u>**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

On December 15, 2017 the Court issued Pretrial Order No. 71 (Rec. Doc 1306) regarding Plaintiffs' Responsibilities Relevant to ESI. On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531) that amends and supersedes Pretrial Order No. 71. Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel. If a PFS or other written request is due or was previously submitted by the date of the Order, both Plaintiff and her counsel have 105 days from December 15, 2017, to provide the written statement described in Paragraph 6 of the Order. 105 days from December 15, 2017, was Friday, March 30, 2018.[4]

**14. <u>DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY</u>**

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. The parties have met and conferred multiple times about this discovery served by the Plaintiffs. The parties are generally addressing discovery disputes with Magistrate Judge North. The next in-person status conference has been scheduled by Magistrate Judge North for May 8, 2018 at 4:00 p.m. CDT.

---

[4] See footnote 2 of PTO 71A which provides a different timeline should a firm have more than 50 written statements due on the same day. Additionally, if a PFS was not due until more than 105 days after the entry of PTO 71A, the deadline for compliance is different

12

Plaintiffs have taken approximately twenty (20) depositions of Sanofi custodians and sales/marketing representatives. The four (4) trial plaintiffs identified in CMO No. 13 are in the process of conducting Phase II discovery pursuant to CMO Nos. 3 & 4. Written discovery and more than thirty (30) depositions have been completed in connection with the first pool of trial plaintiffs identified in CMO No. 3.

Plaintiffs served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have begun to receive productions. Plaintiffs and these Defendants are meeting and conferring regarding this discovery and generally will address any disputes before Magistrate Judge North.

Phase I discovery of the second pool of trial plaintiffs identified in CMO No. 8A has begun pursuant to the phased discovery protocol set forth in CMO No. 10.

### 15. MOTION PRACTICE

On May 19, 2017, Plaintiffs filed a Motion to Remand the *Ernyes-Kofler* and *McCallister* cases (Rec. Doc. 473). On February 15, 2018, sanofi filed a Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Remand. Plaintiffs filed their Supplemental Memorandum in Response to Defendants' Supplemental Memorandum on February 27, 2018 (Rec. Doc. 1748). Defendant Sanofi-Aventis U.S. LLC filed a Motion for Leave to file Reply in Support of Supplemental Memorandum Opposing Plaintiffs' Motion to Remand on March 5, 2018 (Rec. Doc. 1766). The motion is fully briefed.

On March 18, 2018, Defendants filed a Motion to Dismiss Pursuant to CMO No. 12 (Rec. Doc. 1904). On April 3, 2018, Defendants filed a supplemental memorandum regarding the motion to dismiss removing 522 cases from their request for dismissal (Rec. Doc. 2116). On April 10, 2018, Plaintiffs filed an omnibus response in opposition to the Motion to Dismiss (Rec.

Doc. 2177). On April 13, 2018, Defendants filed a reply memorandum in support of their request for dismissal (Rec. Doc. 2214). The motion is fully briefed.

### 16. SETTLEMENT COMMITTEES

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee, and to a sanofi Settlement Committee, and in PTO 44 (Rec. Doc. 371) a separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants. Recently, the 505(b)(2) Defendants have requested replacement of the settlement committee representatives for Sandoz and for Accord (Rec. Doc. 2266). The Court issued PTO 44A granting the 505(b)(2) Defendants' motion. Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases.

### 17. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted. The Special Master will be prepared to discuss any issue with the Court at the status conference on April 26, 2018.

### 18. NEXT STATUS CONFERENCE

The Court has announced that the next general status conference will be held on _____, 2018, at 10:00 a.m. in Judge Engelhardt's courtroom, with the meeting of Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9:00 a.m. The Court has set up a telephone conference line for the status conference that begins at

10:00 a.m. To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

| | |
|---|---|
| */s/Dawn M. Barrios* | */s/M. Palmer Lambert* |
| Dawn M. Barrios (#2821) | M. Palmer Lambert (#33228) |
| **Barrios, Kingsdorf & Casteix, LLP** | **Gainsburgh Benjamin David Meunier** |
| 701 Poydras Street, Suite 3650 | **& Warshauer, LLC** |
| New Orleans, LA 70139 | 2800 Energy Centre, 1100 Poydras Street |
| Telephone: 504-524-3300 | New Orleans, LA 70163-2800 |
| Facsimile: 504-524-3313 | Telephone: 504-522-2304 |
| E-Mail: barrios@bkc-law.com | Facsimile: 504-528-9973 |
| | E-Mail: plambert@gainsben.com |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |
| | |
| */s/ Douglas J. Moore* | */s/ John F. Olinde* |
| Douglas J. Moore (Bar No. 27706) | John F. Olinde (Bar No. 1515) |
| **IRWIN FRITCHIE URQUHART** | **CHAFFE MCCALL, L.L.P.** |
| **& MOORE LLC** | 1100 Poydras Street |
| 400 Poydras Street, Suite 2700 | New Orleans, LA 70163 |
| New Orleans, LA 70130 | Telephone: 504-585-7000 |
| Telephone: 504-310-2100 | Facsimile: 504-585-7075 |
| Facsimile: 504-310-2120 | E-Mail: olinde@chaffe.com |
| E-Mail: dmoore@irwinllc.com | |
| *Sanofi Defendants' Liaison Counsel* | *505(b)(2) Defendants' Liaison Counsel* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
Dawn M. Barrios