UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  TAXOTERE (DOCETAXEL)      *    16-MDL-2740
PRODUCTS LIABILITY LITIGATION     *
                                  *
                                  *    Section N
                                  *
Relates To All Cases              *    May 8, 2018
                                  *
```
****************************************************************

REPORTER'S OFFICIAL TRANSCRIPT OF THE

**STATUS CONFERENCE**

BEFORE THE HONORABLE MICHAEL B. NORTH,
UNITED STATES MAGISTRATE JUDGE.

****************************************************************

**APPEARANCES**:

**For the Plaintiffs:**

Karen Bart Menzies, Esq.          Andre Mura, Esq.
Dawn Barrios, Esq.                Zachary Wool, Esq.
Palmer Lambert, Esq.              Alexander Dwyer, Esq.
Christopher Coffin, Esq.          Kyle Bachus, Esq.
David Miceli, Esq.                Darin Schanker, Esq.
Andrew Lemmon, Esq.


**For the Defendants:**

Kathleen Kelly, Esq.              Harley Ratliff, Esq.
Peter Rotolo, Esq.                Patrick Oot, Esq.
Kimberly Beck, Esq.               Mara Cusker Gonzalez, Esq.
Douglas Moore, Esq.               Julie Callsen, Esq.
Beth Toberman, Esq.               Sam Cortina, Esq.
John Olinde, Esq.


REPORTED BY:      Mary V. Thompson, RMR, FCRR
                  500 Poydras Street, Room 275
                  New Orleans, Louisiana  70130
                  (504)589-7783

**OFFICIAL TRANSCRIPT**

1                    P R O C E E D I N G S
2
3          THE COURT:  Good afternoon, everybody.  You can have a
4 seat.  Sorry to keep you waiting.
5          We've got some folks on the phone, correct?  Y'all can
6 hear me?
7          UNIDENTIFIED SPEAKER:  Yes, Your Honor.
8          THE COURT:  All right.  So the one thing I know that we
9 have to deal with is the issue on the Taxotears Google Group.  I
10 want to do that first.
11          I received Sanofi's proposal regarding ESI as to the
12 Taxotears group as well as the briefs that I ordered from the PSC
13 and Sanofi regarding that proposal.  Having considered the
14 submissions made in advance of the previous status conference,
15 the lengthy argument, and discussion amongst counsel and the
16 Court at that conference, and the briefs and exhibits recently
17 submitted to me, I'm prepared to rule on the dispute.  I'm going
18 to issue an order to this effect at the conclusion of the status
19 conference today.
20          Sanofi states in its brief that the Taxotears ESI is
21 responsive and discoverable and that the issue presently before
22 the Court is simply how best to collect and produce this ESI to
23 ensure a complete production.  I agree completely on both points
24 and I'm going to direct the parties to take the following steps
25 to accomplish the objective of achieving a complete production of

OFFICIAL TRANSCRIPT

1  the ESI from the Taxotears group that is both relevant and
2  proportional to the needs of the case.
3       First, the PSC will identify every plaintiff in the MDL
4  who was or is a member of the Taxotears group.  That information
5  will be provided to Sanofi in the next 15 days, or no later than
6  May 23, 2018.  To the extent those individuals are identified on
7  the list provided by a plaintiff in the case, namely Ms. Gahan,
8  the names of non-plaintiff members on that list may be redacted
9  by the PSC.
10       Counsel for each plaintiff who is identified as a
11  current or past member of the group is to be notified by the PSC
12  of the fact that their client's name is on that list, and the PSC
13  is to provide counsel with a copy of the court order that will
14  emanate from this hearing.
15       Next, the PSC will compare the member list against the
16  plaintiff fact sheets in centrality to assure the completeness of
17  those fact sheets as they pertain to the individual plaintiff's
18  membership in the Taxotears group.  That work will be completed
19  by June 4, 2018, and the results shared with counsel for Sanofi
20  and reported to the Court by June 6, 2018.  The objective of this
21  exercise is to identify plaintiff fact sheets who may be
22  deficient with respect to information regarding their membership
23  in the Taxotears group.
24       The Court will await the outcome of this exercise
25  before determining whether additional specific and targeted

```
04:22:23

04:22:39

04:23:00

04:23:16

04:23:32
```

1  requests for Taxotears ESI to individual plaintiff members of the
2  group will be permitted beyond the disclosure as required by the
3  plaintiff fact sheets, and that matter we will discuss at the
4  status conference following the June 6, 2018, deadline.
5           If Sanofi perceives deficiencies in the plaintiff fact
6  sheets of any plaintiff member of the group, it is to employ the
7  standing process for bringing such deficiencies to the attention
8  of the Court and may seek appropriate remedies through that
9  standing process.
10          All plaintiffs are hereby specifically ordered by the
11 Court to retain and preserve any and all materials to which they
12 have access through the Taxotears group and to refrain from any
13 efforts to dispose of or delete any emails, posts, or other
14 electronic information sent or received by them or accessible to
15 them by virtue of their membership in that group.
16          Furthermore, any plaintiff who is a current member of
17 the Taxotears group is hereby prohibited from ending her
18 membership in that group until further order of the Court.
19          This order is intended solely to preserve the
20 status quo and the ability of every plaintiff and/or her counsel
21 to continue to have access, to whatever extent access is
22 currently possible, to information available to the Taxotears
23 group.
24          This order does not require any plaintiff member to
25 conduct any activity as a member of the group, to exchange emails

OFFICIAL TRANSCRIPT

1  or information, or even to view information available to that
2  person as a member of the group, except to the extent necessary
3  to retrieve the responsive ESI as required in the plaintiff fact
4  sheet or if otherwise directed to do so by the Court.
5              To be clear, the order to preserve electronic
6  information and the order prohibiting plaintiff members from
7  ending their membership in the group are preservation orders and
8  are the Court's attempt to employ all means at its disposal to
9  preserve responsive ESI associated with the Taxotears group.
10             The PSC will provide to Sanofi the "About" group page
11 that was referenced in its brief after redacting from that page
12 only the names of non-plaintiff members.
13             The PSC will immediately provide Sanofi with the name
14 of the administrators of the Taxotears group given the PSC's
15 statement in its brief that Ms. Gahan, a trial plaintiff in the
16 second round of bellwether trials, has access to and knows the
17 identity of that person.
18             Finally, Sanofi may depose Ms. Ledlie, Ms. Gahan,
19 and/or the administrator of the Taxotears group specifically
20 about that group, and those depositions will not count against
21 any deposition limits previously imposed by the Court.
22             To be clear, this order does no more than allow Sanofi
23 to depose the aforementioned witnesses.  It does not order that
24 those depositions go forward.  As to the two non-party proposed
25 deponents, Sanofi shall comply with the rules of civil procedure

**OFFICIAL TRANSCRIPT**

```
 1  and any other provisions or laws applicable to discovery on
 2  non-parties and/or citizens of other countries.
 3           All right.  So that's the ruling on the dispute as to
 4  the Taxotears group.
 5           MS. MENZIES:  As mentioned, Your Honor, we had
 6  provided -- our submission to you yesterday omitted the top page
 7  of the "About" group.  We provided that to the defendants.  And I
 8  don't know if I should just give it to you so that you have it
 9  with your files or if you are worried about --
10           THE COURT:  No.  I'm satisfied that it's included in
11  what I've already ordered.  To the extent that it -- that you've
12  provided it, I'm fine with that.  I don't need a copy of it.
13           MS. MENZIES:  Thank you, Your Honor.
14           THE COURT:  There was an issue as to some privileged
15  documents that had been clawed back, and I think there were three
16  documents.  Mr. Centola had sent a letter on April 27th.  I noted
17  today, I think for the first time, that there was a mention that
18  they were looking to use those documents in a deposition that now
19  has taken place apparently.
20           Do y'all still need rulings on those documents?
21           MR. MICELI:  I think that the one document that we
22  wanted to use in the deposition was one that we agreed to last
23  time, and the three that were submitted to Your Honor were just
24  submitted on the letters and we were waiting for you to rule.
25           THE COURT:  Okay.  Because I can give you -- one is a
```

OFFICIAL TRANSCRIPT

```
 1   PowerPoint presentation and then a March 16, 2017, labeling
 2   review committee meeting.  Are we on the same page as to what
 3   documents we're talking about?
 4             MS. MENZIES:  The reason I'm raising a concern --
 5   Karen Menzies for the plaintiffs.
 6             What we used -- because we didn't have a ruling, we
 7   used what they had resubmitted to us, which was a new version
 8   of -- new redactions that we don't think were proper.  They took
 9   out the name of counsel and things like that.  So we would
10   appreciate a ruling on that for use in future depositions.
11             THE COURT:  All right.  As to the first document, which
12   is Sanofi 05059310, I think that the claw back is appropriate.  I
13   think that document -- I'm satisfied that that document is
14   privileged.
15             The second document, 05091394, I think those redactions
16   are appropriate as well.
17             On the third document -- do y'all have those documents
18   with you?
19             Hold on.  I have them sitting on my desk.  I think I
20   forgot to bring them in.  Hold on.
21                           (A pause in the proceedings.)
22             THE COURT:  Sorry about that.
23             All right.  The redactions on the second document, as I
24   said, I think are appropriate.  I think the redactions on the
25   third document are appropriate, although there's a reference
```

```
 1  to material being sent to counsel at the end of the second
 2  redaction which I think is an appropriate redaction.  The last
 3  six words of the second redaction are appropriately redacted.
 4          MS. MENZIES:  Thank you.
 5          THE COURT:  Okay.  The other issue that we had was a
 6  Ms. Earnest had clawed back some documents.  It sounds like at
 7  some point in the future there may be a question about the extent
 8  to which the discovery might be appropriate on that.  It doesn't
 9  sound like that issue is ripe.
10          MR. RATLIFF:  Your Honor, Harley Ratliff on behalf of
11  Sanofi.
12          I think you've got it exactly right.  We learned from
13  plaintiffs' counsel that they were going to withdraw that
14  claw back on Friday afternoon.  Rather than burden you with maybe
15  redundant or unnecessary briefing, we just held back our brief.
16          As of at least an hour or so ago, we hadn't received
17  the unredacted document.  Once we get that, we'll review it and
18  we'll reach back out to counsel.
19          THE COURT:  It's not going to change your world, I can
20  promise you.
21          MR. RATLIFF:  I have no doubt about that.
22          I think there will probably be a meet-and-confer about
23  further discoverability, and depending on where that is, we'll
24  probably be back before Your Honor.
25          THE COURT:  We'll take that up when the time is right.
```

*04:30:35* (line 5)
*04:31:00* (line 10)
*04:31:10* (line 15)
*04:31:25* (line 20)
*04:31:34* (line 25)

OFFICIAL TRANSCRIPT

```
 1              MR. RATLIFF:  Thank you, Your Honor.
 2              THE COURT:  Anything else?
 3              MR. COFFIN:  Your Honor, just one clarification
 4    issue -- or maybe just to let the Court know.
 5              I'm not familiar with the numbers on this Taxotears
 6    group issue, how many plaintiffs may or may not be involved.  I
 7    understand the Court set a deadline.  We'll work towards that
 8    deadline.  One concern is we may not be able to meet that.  I
 9    really don't know.
10              THE COURT:  If you need more time, just let me know.
11    If you need more time, you-all are free to extend those deadlines
12    by agreement.
13              MR. COFFIN:  Thank you, Your Honor.
14              THE COURT:  Because I don't know the extent of the
15    information, either.  I tried to set those deadlines based on, I
16    think, what Ms. Menzies was telling me in the letter as to what
17    you-all thought you could do, but if you need more time, that's
18    fine.
19              MR. COFFIN:  Thank you, Your Honor.
20              The second thing is I don't know whether or not all of
21    the plaintiff fact sheets are actually due for the plaintiffs in
22    question yet so we may not even have the information.
23              THE COURT:  Right.  If they are not yet in centrality,
24    they can't undergo that comparison.
25              I will make it clear in the order that to the extent
```

OFFICIAL TRANSCRIPT

```
 1  particular plaintiffs who are members of that group have not yet
 2  had to submit their plaintiff fact sheets, that that information
 3  should be included in those fact sheets.  I'll include that in
 4  the order, which is obviously to be shared with counsel for those
 5  individual plaintiffs.
 6          We had better not have any problem of exclusion of that
 7  information in future fact sheets.  I know we may have to deal
 8  with that information potentially not being included in the ones
 9  that have already been submitted, but that shouldn't be an issue
10  going forward.
11          MR. COFFIN:  It may not be an issue at all.
12          THE COURT:  Right.
13          MR. COFFIN:  I have no idea.  Just wanted to let you
14  know.
15          THE COURT:  Right.  We'll see.
16          MR. COFFIN:  Thank you.
17          THE COURT:  Anything else?
18          MR. RATLIFF:  Your Honor, the only small piece of
19  clarification I had with respect to your order is when you refer
20  to plaintiff fact sheets, do you mean that to also include
21  PTO 71A, which is an extension of the fact sheet that is sort of
22  the ESI search terms that are to be used by the plaintiffs?
23          THE COURT:  Well, it's my understanding that the
24  membership and the retrieval of information from a group such as
25  this should have been captured in the original plaintiff fact
```

OFFICIAL TRANSCRIPT

```
 1  sheets.
 2          MR. RATLIFF:  I agree with that, Your Honor.
 3          THE COURT:  That's why I'm limiting -- this is
 4  information that, to me, is responsive to the plaintiff fact
 5  sheets and material that should have been identified and produced
 6  in connection with those fact sheets.
 7          MR. RATLIFF:  Understood, Your Honor.
 8          THE COURT:  To the extent that hasn't happened, we'll
 9  address that down the road once we understand how many people
10  we're talking about and whether there are deficiencies.  And if
11  there are, what they look like.
12          MR. RATLIFF:  Understood, Your Honor.  Thank you.
13          THE COURT:  We'll address them then.
14          Okay.  There is going to be, although I don't know --
15  we don't know yet what it will look like.  There's going to be an
16  extension of all the pending deadlines.  I think Dawn was going
17  to ask me about some particular deadlines that are looming.
18          MS. BARRIOS:  Thank you, Your Honor.  Dawn Barrios for
19  the PSC.
20          I conferred with my learned co-liaison counsel,
21  Palmer Lambert, and he told me that the CMO number is 3A, which
22  you had extended in CMO 11.  That would be for the first round of
23  bellwethers.  And for the second round, those dates are in
24  CMO 8A.
25          But I would like the opportunity to speak with the
```

1  defense about that to make sure we have the exact CMO numbers for
2  you.  We'll provide that to you.
3              THE COURT:  I think what I'm inclined to do, because
4  I've discussed the matter of dates and scheduling with
5  Judge Engelhardt and Judge Milazzo, and there is agreement
6  amongst the judges, and I think an understanding with counsel,
7  that the current trial dates as scheduled are all going to be
8  moved.  And there's going to be some work to be conducted by
9  you-all together to try to kind of go back to the beginning and
10 come up with a scheduling order that works for everyone including
11 the Court.
12             Given that, I think what I'm going to do is I'm going
13 to issue an order extending without date all current deadlines.
14 I don't see any reason to keep in place any current deadline,
15 whether it's a general deadline or a case-specific deadline,
16 given that all of the ultimate dates are going to change.  We
17 don't know to what extent they are going to change or how far
18 they are going to be extended.  Hopefully we'll know that soon.
19             But for now I'm going to continue without date all
20 pending deadlines in the case.
21             MS. BARRIOS:  Thank you, Your Honor.
22             THE COURT:  All right.  Hopefully that will give
23 you-all a little bit of relief in the next week or two.  You can
24 get together and huddle and come up with a good proposed
25 scheduling order.

```
04:37:20
```

          All right.  I'm going to hold off on scheduling another
discovery status conference.  I will do that once we have had an
opportunity for you-all to meet together and then propose a
schedule going forward to Judge Milazzo.  Once we know what that
schedule is going to look like, I'll reset the next discovery
conference.

          If you-all have ongoing issues that arise that are
related to things you have on the calendar already that you are
going forward with and you need me for something, just call.  If
at all possible, you can set it up in advance.  But if it occurs
during a deposition or shortly before a deposition or you need
immediate help, try to reach me and I'll do what I can to address
it.

          All right.  Judge Milazzo is raising her hand.

          JUDGE MILAZZO:  I would like to say a few things, but
we can go ahead and go off the record.

                              (Proceedings concluded.)

                         * * * *

                        **CERTIFICATE**

   I hereby certify this 9th day of May, 2018, that the
foregoing is, to the best of my ability and understanding, a true
and correct transcript of the proceedings in the above-entitled
matter.

                              */s/ Mary V. Thompson*
                              _____
                              Official Court Reporter

**OFFICIAL TRANSCRIPT**