UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)　　　　　　　　　MDL NUMBER:  2740
　　　　　PRODUCTS LIABILITY
　　　　　LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION: "N"(5)

THIS DOCUMENT RELATES TO
ALL CASES

### DISCOVERY ORDER

The Court is in receipt of Sanofi's proposal regarding ESI as to the "Taxotears" Google Group, as well as the briefs ordered by the Court in its Minute Entry of April 25, 2018 (rec. doc. 2377) from the PSC and Sanofi regarding that proposal.  Having considered the submissions made in advance of the previous status conference, the lengthy argument and discussion at that conference, and the briefs and exhibits recently submitted, the Court rules as follows:

The PSC will identify every Plaintiff in this Multidistrict Litigation who was or is a member of the Taxotears group.  That information will be provided to Sanofi no later than **May 23, 2018**.  To the extent those individuals are identified on a list provided by a Plaintiff in this case, namely Ms. Gahan, the names of non-Plaintiff members on that list may be redacted by the PSC.

Counsel for each Plaintiff who is identified as a current or past member of the group is to be notified by the PSC of the fact that their client's name is on that list and the PSC is to provide counsel with a copy of this Discovery Order.

MJSTAR (00:50)

Next, the PSC will compare the member list against Plaintiff Fact Sheets in Centrality to assure the completeness of those Fact Sheets as they pertain to individual Plaintiffs' membership in the Taxotears group. That work shall be completed by **June 4, 2018** and the results shared with counsel for Sanofi and reported to the Court by **June 6, 2018**. The objective of this exercise is to identify Plaintiffs whose Plaintiff Fact Sheets may be deficient with respect to information regarding their membership in the Taxotears group.

The Court will await the outcome of this exercise before determining whether additional, specific, and targeted requests for Taxotears ESI to individual Plaintiff members of the group will be permitted beyond the disclosures required by the Plaintiff Fact Sheets, a matter the Court will discuss with the parties at the status conference following the aforementioned June 6, 2018 deadline.

The Court hereby specifically directs Plaintiffs whose Plaintiff Fact Sheets have not yet been submitted to include all responsive information, documents and/or ESI regarding their past and/or current membership in the Taxotears group, if any, in their Fact Sheets.

If Sanofi perceives deficiencies in the Plaintiff Fact Sheet of any Plaintiff member of the group, it is to employ the standing process for bringing such deficiencies to the attention of the Court pursuant to Pretrial Order No. 22 and may seek appropriate remedies through that standing process. (Rec. doc. 279).

All Plaintiffs are hereby specifically ordered by the Court to retain and preserve any and all materials to which they have access through the Taxotears group and to refrain from any efforts to dispose of or delete any emails, posts or other electronic information sent or received by them or accessible to them by virtue of their membership in that group.

Furthermore, any Plaintiff who is a current member of the Taxotears group is hereby prohibited from ending her membership in that group until further order of the Court. This order is intended solely to preserve the status quo and the ability of every Plaintiff member and/or her counsel to continue to have access, to whatever extent access is possible, to information available to members of the Taxotears group. This order does not require any Plaintiff member to conduct any activity as a member of the group, to exchange emails or information or even to view information available to that person as a member of the group, except to the extent necessary to retrieve responsive ESI as required in the Plaintiff Fact Sheet or if otherwise directed to do so. To be clear, the order to preserve electronic information AND the order prohibiting Plaintiff members from ending their membership in the group are preservation orders, and are the Court's attempt to employ all means at its disposal to preserve responsive ESI associated with the Taxotears group.

The PSC will produce to Sanofi the "About Group" page referenced in its brief, after redacting from the page only names of non-Plaintiff members.

The PSC will immediately provide Sanofi with the name of the administrator of the Taxotears group, given the PSC's statement in its brief that Ms. Gahan, a trial laintiff in the second round of bellwether trials, has access to and knows the identity of that person.

Finally, Sanofi may depose Ms. Ledlie, Ms. Gahan and/or the administrator of the Taxotears group specifically about that group and those depositions will not count against any limits previously imposed by the Court. To be clear, this order does no more than allow Sanofi to depose the aforementioned witnesses – it does not order those depositions to go

forward. As to the two non-party proposed deponents, Sanofi shall comply with the Rules of Civil Procedure and any other provisions or laws applicable to discovery on non-parties and/or citizens of other countries.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE