UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                         MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Barbara Bice*
Case No.: 17-00751

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF
COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR
FAILURE TO COMPLY WITH SHOW CAUSE ORDER NO. 2

Plaintiff Barbara Bice, by and through her counsel of record, Bachus & Schanker, LLC,

submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure

to Comply with Show Cause Order No. and Memorandum in Support Thereof.

Plaintiff filed her claim in this MDL on January 27, 2017. On November 15, 2017, Ms. Bice

was identified as an Exhibits 3 and 6 Plaintiff on the Court's Order to Show Cause No. 2, indicating

that her PFS was not substantially complete as to a 505(b)(2) Defendant and Sanofi.

Ms. Bice should have never appeared on a show cause list. Plaintiff diligently completed and

returned her PFS in a timely fashion, which was uploaded to MDL Centrality on June 2, 2017.  The

first PFS deficiency notice counsel received regarding Ms. Bice's PFS was served via MDL Centrality

on July 14, 2017, and Plaintiff submitted a response to the deficiency notice on August 14, 2017.  Ms.

Bice continued to provide supplemental information to complete her PFS, uploading additional

materials to MDL Centrality on November 8, 2017 (HIPAA Authorization), December 8, 2017 (Proof

of Use, Medical Records, Disability and Social Security Documents), December 12, 2017 (Corrected

Proof of Use), December 14, 2017 (Proof of Injury Photographs), and December 15, 2017 (Second

Amended Plaintiff Fact Sheet).  Defendants did not serve another deficiency notice until January 29, 2018. (**Exhibit 1**).

Ms. Bice should not have been on Show Cause No. 2 because Plaintiffs had both responded to the only deficiency notice prior to Show Cause No. 2 and continued to supplement her discovery. Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief.  "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

In this case, there was never a delay.  Plaintiff timely submitted her PFS, timely responded to deficiency notices, and there was no prejudice ever articulated by Defendants.  Defendants stated that Ms. Bice's discovery was "substantially" deficient, but did nothing other than put Ms. Bice's name on a spreadsheet.  These factors clearly justify relief for Ms. Bice.  Her inclusion in Show Cause Order No. 2 was improper because Plaintiff had responded to the only deficiency notice Defendants submitted prior to Show Cause Order No. 2.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/ J. Christopher Elliott*