UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Tukesha Burks*
Case No.: 17-01738

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER NO. 2**

Plaintiff Tukesha Burks, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order No. 2, and Memorandum in support thereof.

Plaintiff filed her claim in this MDL on March 30, 2017. On November 15, 2017, Ms. Burks was identified as an Exhibit 5 Plaintiff on the Court's Order to Show Cause No. 2, indicating that her PFS was not substantially complete as to a 505(b)(2) Defendant. However, Ms. Burks should never have appeared on Show Cause No. 2.

Ms. Burks diligently completed and returned her PFS, which was uploaded to MDL Centrality on September 7, 2017. The first PFS deficiency notice counsel received regarding Ms. Burks PFS was served via MDL Centrality on October 30, 2017, a mere 15 days before this Court issued Show Cause Order No. 2. (**Exhibit 1**) In light of the express language in PTO No. 22 permitting Plaintiff 30 days to cure any deficiencies in her PFS, Ms. Burk's case never should have been subject to the November 15 show cause order. Ms. Burks continued to provide supplemental information to complete her PFS, uploading additional materials to MDL Centrality on November 10, 2017 (HIPAA Authorization),

1

December 12, 2017 (Proof of Injury Photographs), and December 18, 2017 (Corrected Proof of Injury Photographs, Proof of Use, and Medical Records).

Counsel was also under the impression that a supplemental response he drafted indicating that Ms. Burks had responded to and cured listed deficiencies was filed with the Court. (**Exhibit 2**). Counsel just learned that the supplemental response was not brought to the Court's attention due to a misunderstanding.

Ms. Burks case was then listed on Show Cause Order No. 4. Upon that listing, counsel for Plaintiff conferred with counsel for Defendant, through liaison counsel. On April 20, 2018, the 505(b)(2) Defendants notified counsel that no response would be necessary to Show Cause Order No. 4 for Ms. Burks because Plaintiff had cured the latest deficiency. (**Exhibit 3**).

Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief. "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly justify relief for Ms. Burks. Ms. Burks did not delay producing her discovery nor was there prejudice to Defendants. Her inclusion in Show Cause Order No. 2 was clearly an administrative mistake, as she had timely submitted her PFS and not even had an opportunity to cure the alleged deficiencies in Defendants' first deficiency notice at the time she was subject to the show cause order. There was absolutely no delay in providing Defendants with Plaintiffs discovery

2

materials, and Defendants have not made allegations that there is any prejudice.  Plaintiff timely filed her PFS and continued to supplement her discovery as required by this Court. As demonstrated by Defendants removal of Ms. Burks from Show Cause Order No. 4, she has fully completed her PFS, and did so in a timely manner.  Plaintiff respectfully requests that her case be reinstated.

Respectfully Submitted,

/s/ J. Christopher Elliott
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/J. Christopher Elliott*