UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Belinda Cole*
Case No.: 16-17945

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF FROM COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER NO. 2

Plaintiff Belinda Cole, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief from Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order No. 2 and her Memorandum in support thereof.

Plaintiff Belinda Cole filed her claim in this MDL on March 31, 2017. Undersigned counsel originally emailed Ms. Cole with a copy of the PFS to be completed on March 3, 2017. After communicating with Ms. Cole to obtain her completed PFS on May 30, 2017, Ms. Cole informed counsel that she had already completed and returned the PFS. It had not been received. Counsel mailed Ms. Cole another PFS to be completed.

After communicating with Ms. Cole on May 30, 2017, counsel was unable to contact Ms. Cole for several months, and was ultimately only able to reestablish contact with her in December, 2017. Ms. Cole has good cause for her inability to complete the PFS during that time frame. Ms. Cole was diagnosed with a recurrence of cancer, obtaining chemotherapy and radiation treatment between March and November 2017. During that time, she had to move out of her home, and move in with her sister. During some portion of that time period, Plaintiff's counsel was told that Plaintiff's husband stole her cell phone. Ms. Cole does not own a computer, relying upon the computer at her

1

local library to read her email. In short, Ms. Cole faced a long string of trials and tribulations that prevented her from obtaining and completing her PFS.

On November 15, 2017, Ms. Cole was identified as an Exhibit 1 Plaintiff on the Court's Order to Show Cause No. 2, indicating that her PFS had not been submitted in support of her claim. However, Ms. Cole did ultimately return the completed PFS to counsel on December 22, 2017, and her PFS was uploaded to MDL Centrality on January 18, 2018.

Counsel filed a timely filed a response to the Show Cause Order No. 2 on December 15, 2017, and was under the impression that a supplemental response to Show Cause Order No. 2, indicating that Ms. Cole should be removed from the show cause list for providing a PFS, was filed. (**Exhibit 1**). Counsel just learned that the supplemental response was not filed due to a misunderstanding. Counsel believed Ms. Cole was no longer subject to Show Cause Order No. 2, because she did not again appear on Show Cause Order No. 3 and thought the supplemental response had been received by the Court.

Plaintiff's counsel also had the understanding that only Plaintiff's there were placed on Joint Report Appendix I were at risk to have their cases dismissed with prejudice. This was referred to as the "guillotine" list at the December 14, 2017 all Plaintiffs Counsel Hearing.

Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief. "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting

from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

In this case, the equities clearly favor Plaintiff.  It appears Ms. Cole did initially complete and attempt to return her PFS.  Her subsequent inability to complete and return the PFS is attributable to an extraordinary set of very unfortunate circumstances, not from intentional conduct.  Additionally, Defendant has not articulated any reasoning as to if there is prejudice. Plaintiff did not choose to be in a situation that made it difficult to communicate with her attorneys, but the discovery process for non-Bellwether plaintiffs does not treat people with economic challenges the same as it treats those with a stable home, access to a phone and/or computer, and consistent address.

This Court recently discussed the purposes behind the extensive obligations imposed upon Plaintiffs in completing the PFS – that patients seeking compensation for true injury should not shy away from completing onerous paperwork.  That is the purpose behind CMO 22.  That purpose is not implicated here.  Ms. Cole's inability to timely return her PFS arises not from lack of diligence, but from extraordinary life circumstances that impeded both her ability to communicate with her attorneys and her physical and mental ability to actually complete the PFS.

Aside from the eight-month time period when Ms. Cole was undergoing cancer treatment and essentially homeless, with no regular access to her established phone number, email, or mail, she has been diligent with respect to her obligations as a claimant in this litigation. Plaintiff respectfully requests the Court to reconsider and vacate its order dismission Ms. Cole's claims with prejudice, and reinstate her claim in this MDL.

Respectfully Submitted,

/s/ J. Christopher Elliott
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/ J. Christopher Elliott*