UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Doris Pickett*
Case No.: 16-17180

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF FROM COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER NO. 2

Plaintiff Doris Pickett, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief from Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order No. 2 and Memorandum in support thereof.

Plaintiff Doris Pickett filed her claim in this MDL on February 13, 2017. Undersigned counsel originally mailed Ms. Pickett with a copy of the PFS to be completed on March 3, 2017, as well as medical authorizations. After not receiving her completed PFS by May 23, 2017, counsel sent two reminder letters in May and July to Ms. Pickett, reminding her to return her PFS. Both letters were returned as undeliverable.

Ms. Pickett did not have regular access to a computer or email. Counsel reached Ms. Pickett by phone in September 2017. In that conversation, Ms. Pickett indicated that she returned the PFS upon initially receiving it in March 2017. Unfortunately, Counsel did not receive a completed PFS at that time, so Counsel immediately sent another PFS for Ms. Pickett to complete. The letter was returned as undeliverable, as Plaintiff had moved. During this same time period, however, Ms. Pickett did receive and return her signed ESI verification form. Counsel sent another PFS for Ms. Pickett to

1

complete on January 30, 2018, which she received, diligently completed, and returned by March 2, 2018. Her PFS was uploaded to MDL Centrality on March 3, 2018.

Counsel timely filed a response to the Show Cause Order No. 2 on December 15, 2017, and was under the impression that a supplemental response to Show Cause Order No. 2, indicating that Ms. Pickett should be removed from the show cause list for providing a PFS, was filed. (**Exhibit 1**). Counsel just learned that the supplemental response was not filed due to a misunderstanding.

Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief. "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly favor Ms. Pickett. There was no delay by Ms. Pickett, as it appears that she did initially complete and attempt to return her PFS. Subsequent attempts to send her a new PFS to complete were stymied because her counsel was unaware of her new address. Upon obtaining a new PFS, Ms. Pickett diligently completed and returned it. Under these circumstances, her delay in submitting her PFS is not attributable to intentional conduct. Rather, the delay is attributable to her move and an unfortunate two-month oversight by counsel in not sending her another PFS to complete after finally obtaining her new address after the September PFS was returned as undeliverable. Ms. Pickett has been diligent in all other respects and has an otherwise meritorious claim. Additionally, Defendants have not articulated any prejudice.

Plaintiff respectfully requests that the Court exercise its broad discretion to reconsider its order of dismissal, and reinstate Ms. Pickett's claim.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/ J. Christopher Elliott*