UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                              MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Virginia Talbert*
Case No.: 16-17236

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF FROM COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER NO. 2

Plaintiff Virginia Talbert, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief from Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order No. 2 and Memorandum in support thereof.

Plaintiff Virginia Talbert filed her claim in this MDL on December 12, 2016.  Undersigned counsel originally emailed Ms. Talbert with a copy of the PFS to be completed on March 3, 2017. Plaintiff attempted to call Ms. Talbert on several occasions, however, the number listed for Ms. Talbert was out of service.  Plaintiff attempted to mail Ms. Talbert additional correspondence, but the mail was returned as undeliverable.  After hiring an investigator to find Ms. Talbert, Counsel learned that Ms. Talbert had been evicted from the address Counsel had on file.  Counsel also learned that Plaintiff no longer had a telephone.

On November 15, 2017, Ms. Talbert was identified as an Exhibit 1 Plaintiff on the Court's Order to Show Cause No. 2, indicating that her PFS had not been submitted in support of her claim. Counsel filed a timely response to Show Cause No. 2.  On January 8, 2018, Ms. Talbert contacted Counsel and informed him of her new address and phone number.  On January 26, 2018, Counsel sent Plaintiff another PFS.  Counsel attempted to follow up with Ms. Talbert on February 22, 2018,

1

but the new phone number was disconnected. Counsel received Ms. Talbert's PFS on March 1, 2018 and uploaded it to MDL Centrality the following day.

Counsel filed a timely filed a response to the Show Cause Order No. 2 on December 15, 2017, and was under the impression that a supplemental response to Show Cause Order No. 2, indicating that Ms. Talbert should be removed from the show cause list for providing a PFS, was filed.(**Exhibit 1**). Due to a misunderstanding, the supplemental response was not filed. Counsel also believed Ms. Talbert was no longer subject to Show Cause Order No. 2, because she did not again appear on Show Cause Order No. 3. Plaintiff's counsel also had the understanding that only Plaintiff's that were placed on a Joint Report Appendix I were at risk to have their cases dismissed with prejudice. This was referred to as the "guillotine" list at the December 14, 2018 all Plaintiffs Counsel Hearing. Plaintiff was never on Appendix I.

Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief. "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

In this case, the equities clearly favor Plaintiff. Her inability to complete and return the PFS is attributable to an extraordinary set of very unfortunate circumstances, not intentional conduct nor was there any prejudice to Defendant. Plaintiff did not choose to be in a situation that made it difficult to communicate with her attorneys, but the discovery process for non-Bellwether plaintiffs does not

treat people with economic challenges the same as it treats those with a stable home, access to a phone and/or computer, and consistent address.

This Court recently discussed the purposes behind the extensive obligations imposed upon Plaintiffs in completing the PFS – that patients seeking compensation for true injury should not shy away from completing onerous paperwork. That is the purpose behind CMO 22. That purpose is not implicated here. Ms. Talbert's inability to timely return her PFS arises not from lack of diligence, but from extraordinary life circumstances that impeded her ability to communicate with her attorneys.

Plaintiff respectfully requests the Court to reconsider and vacate its order dismissing Ms. Talbert's claims with prejudice, and reinstate her claim in this MDL.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/J. Christopher Elliott*