# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N"(5) |
| *Ruthie Fleming v. Sanofi US Services, Inc., et al.*, Case No. 2:17-cv-16878 | JUDGE KURT D. ENGELHARDT<br>MAG. JUDGE MICHAEL B. NORTH |

## DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AND MEMORANDUM IN SUPPORT

Defendants[1] submit this memorandum in opposition to the Motion to Withdraw as Counsel for Plaintiff submitted by the law firm of Meshbesher & Spence, Ltd. ("Meshbesher"), counsel for Plaintiff Ruthie Fleming. Mot. to Withdraw ("Mot."), Rec. Doc. 2366 (E.D. La. Apr. 26, 2018). Rather than grant Meshbesher's Motion, Defendants respectfully request that the Court dismiss the case with prejudice because Plaintiff has not complied with her discovery obligations under this Court's Orders.

## ARGUMENT

Plaintiff's counsel seeks to withdraw from representing Ms. Fleming because she has not communicated with them for months and failed to provide a Plaintiff Fact Sheet ("PFS"), signed authorizations, or any responsive documents, as required by this Court's orders. *See* Mot.; Am. PTO 22 ¶ 3, Rec. Doc. 325 (E.D. La. Apr. 14, 2017). This Court has previously advised that "[i]f the Plaintiff does not comply with Court Orders (including the submission of a completed

---

[1] This response is submitted on behalf of Defendants Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., Sandoz Inc., sanofi-aventis U.S. LLC, and Sanofi U.S. Services Inc.

PFS) as a result of being out of communication with the [counsel moving to withdraw], the Court may in its discretion dismiss the Plaintiff's case." PTO 74 ¶ 1(c), Rec. Doc. 1470 (E.D. La. Jan. 4, 2018). The Court should exercise its discretion here and dismiss this case because Plaintiff has not communicated with counsel or complied with her discovery obligations.

Amended Pretrial Order 22 requires plaintiffs to provide Defendants with certain basic discovery within reasonable time frames and sets forth procedures for addressing any failure to do so. Within 75 days of the date a case is docketed in the MDL, a plaintiff must submit a complete and verified PFS, signed and dated authorizations, and all responsive documents within her possession. Am. PTO 22 ¶ 3. If she fails to do so and does not cure the deficiency, Defendants may add the plaintiff's name and case number to the agenda for the next status conference. *Id.* ¶ 5. Any plaintiff who is still deficient by the time of the next status conference will be subject to an Order to Show Cause, returnable at the following status conference, requiring a plaintiff to show cause why her Complaint should not be dismissed with prejudice. *Id.* Failure to timely comply may result in dismissal. *Id.*

Plaintiff Fleming has not complied with any of these deadlines and has not provided any of the required discovery. She filed her Complaint on December 11, 2017. *See* Compl., *Fleming v. Sanofi-Aventis U.S. LLC*, 2:17-cv-16878, Rec. Doc. 1 (E.D. La. Dec. 11, 2017). Her PFS, authorizations, and responsive documents were due on February 26, 2018. *See* Am. PTO 22 ¶ 3. After Plaintiff missed this deadline, Defendants identified this case as deficient. *See* App'x F.8 to Joint Report No. 8 at 5, Rec. Doc. 2002-6 (E.D. La. Mar. 25, 2018). On April 4, 2018, this Court issued Order to Show Cause No. 4, ordering Plaintiff (and others) to show cause by April 26, 2018, why her case should not be dismissed with prejudice for failure to comply with Amended PTO 22. Order to Show Cause No. 4 at 2, Rec. Doc. 2134 (E.D. La. Apr. 4,

2

2018); Ex. 4 to Order to Show Cause No. 4 at 5, Rec. Doc. 2134-4.  Plaintiff did not respond to Show Cause Order No. 4.  *See* Index of Cases Identified on Order to Show Cause No. 4 at 51, Rec. Doc. 2374-1 (E.D. La. Apr. 26, 2018); *see also* Amended Index of Cases Identified on Order to Show Cause No. 4 at 51, Rec. Doc. 2558 (E.D. La. May 10, 2018).  In Joint Report No. 9, Defendants notified the Court that Plaintiff still had not cured her deficient discovery responses, including submitting a Plaintiff Fact Sheet.  *See* Joint Report No. 9 of Liaison Counsel at 8-9, Rec. Doc. 2448 (E.D. La. May 4, 2018); App'x I.9 to Joint Report No. 9 at 23, Rec. Doc. 2448-9 (E.D. La. May 4, 2018).

Meshbesher's Motion indicates that as of April 26, 2018, Plaintiff Fleming had not responded to her attorneys' attempts to communicate with her so as to enable them to prepare a response to the Show Cause Order, and had "been non-responsive to written correspondence and telephone calls from Meshbesher during the past four months."  *See* Mot. ¶¶ 3, 6.  Plaintiff has not offered any explanation for her failure to comply with this Court's Orders, despite her attorneys' multiple attempts to advise her of her discovery obligations and the possibility that her case will be dismissed if she does not comply with them.  *See id*.

Under these circumstances, dismissal with prejudice is consistent with this Court's Orders and the federal rules.  This Court has repeatedly advised Plaintiffs that failure to comply with discovery obligations may result in dismissal.  *See* Am. PTO 22 ¶ 5; PTO 74 ¶ 1(c).  Plaintiff's counsel also directly notified Plaintiff of this possibility, and still she did not comply.  Under Rule 37, a court may "dismiss[] the action or proceeding in whole or in part" where, as here, a plaintiff "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).  Likewise, Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Failure to comply with

discovery orders provides adequate grounds for ordering dismissal with prejudice. *See, e.g.*, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). MDL courts have routinely granted dismissal where plaintiffs have failed to serve PFSs and related discovery within court-ordered deadlines.[2] So should this Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's case with prejudice for failure to comply with Court orders, and deny Meshbesher's motion to withdraw as moot.

---

[2] *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) (affirming district court's dismissal, with prejudice, of actions of plaintiffs who failed to comply with case management orders governing the required PFS and medical authorizations); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867-68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice of actions of plaintiffs who failed to serve required PFS and medical disclosures); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 130 (E.D. Pa. 2011) (granting motion to dismiss where plaintiffs failed to produce medical records in their possession prior to court-ordered deadline), *aff'd*, 718 F.3d 236 (3d Cir. 2013); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 2010 WL 8253471, at *1 (S.D. Ill. Dec. 10, 2010) (dismissing plaintiffs' claims for "failure to comply with their Plaintiff Fact Sheet . . . obligations").

DATED: May 15, 2018                          Respectfully submitted,

/s/ *Lori G. Cohen*                          /s/ *Mark S. Cheffo*

Lori G. Cohen                                Mark S. Cheffo
R. Clifton Merrell                           Mara Cusker Gonzalez
Evan C. Holden                               **QUINN EMANUEL URQUHART &**
**GREENBERG TRAURIG, LLP**                   **SULLIVAN, LLP**
Terminus 200                                 51 Madison Ave., 22nd Floor
3333 Piedmont Road NE, Suite 2500            New York, NY 10010
Atlanta, GA 30305                            Telephone: (212) 849-7000
Telephone:   678-553-2100                    Facsimile: (212) 849-7100
Facsimile:   678-553-2212                    markcheffo@quinnemanuel.com
cohenl@gtlaw.com                             maracuskergonzalez@quinnemanuel.com
merrellc@gtlaw.com
holdene@gtlaw.com                            *Counsel for Defendant Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc.*

*Counsel for Defendant Sandoz Inc.*


*/s/ Kelly Bieri*                            */s/ John F. Olinde*

Harley V. Ratliff                            John F. Olinde (Bar No.1515)
Kelly Bieri                                  Peter J. Rotolo (Bar No. 21848)
**SHOOK, HARDY& BACON L.L.P.**               **CHAFFE MCCALL LLP**
2555 Grand Boulevard                         1100 Poydras Street
Kansas City, Missouri 64108                  New Orleans, LA 70163
Telephone: 816-474-6550                      Phone: (504) 858-7000
Facsimile: 816-421-5547                      Fax: (504) 585-7075
hratliff@shb.com                             olinde@chaffe.com
kbieri@shb.com                               rotolo@chaffe.com

*Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*    *Counsel for Defendant Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 15th day of May, 2018, I have electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

/s/ Mark S. Cheffo
Mark S. Cheffo