IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N"(5) |
| *Jacquelin Dixon v. Sanofi US Services, Inc., et al.*, Case No. 2:17-cv-16764 | JUDGE KURT D. ENGELHARDT<br>MAG. JUDGE MICHAEL B. NORTH |

**SANOFI-AVENTIS U.S. LLC AND SANOFI U.S. SERVICES INC.'S OPPOSITION TO MOTION TO WITHDRAW AND MEMORANDUM IN SUPPORT**

Sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively "Sanofi") submit this memorandum in opposition to the Motion to Withdraw as Counsel for Plaintiff submitted by the law firm of Meshbesher & Spence, Ltd. ("Meshbesher"), counsel for Plaintiff Jacquelin Dixon. Mot. to Withdraw ("Mot.") (Rec. Doc. 2365). Rather than grant Meshbesher's Motion, Sanofi respectfully requests that the Court dismiss the case with prejudice because Plaintiff has not complied with her discovery obligations under this Court's Orders.

**ARGUMENT**

Plaintiff's counsel seeks to withdraw from representing Ms. Dixon because she has not communicated with them and failed to provide a Plaintiff Fact Sheet ("PFS"), signed authorizations, or any responsive documents, as required by this Court's orders. *See* Mot.; Am. PTO 22 ¶ 3, (Rec. Doc. 325). This Court has previously advised that "[i]f the Plaintiff does not comply with Court Orders (including the submission of a completed PFS) as a result of being out of communication with the [counsel moving to withdraw], the Court may in its discretion dismiss the Plaintiff's case." PTO 74 ¶ 1(c), (Rec. Doc. 1470). The Court should exercise its discretion

1

here and dismiss this case because Plaintiff has not communicated with counsel or complied with her discovery obligations.

Amended Pretrial Order 22 requires plaintiffs to provide Defendants with certain basic discovery within reasonable time frames and sets forth procedures for addressing any failure to do so. Within 75 days of the date a case is docketed in the MDL, a plaintiff must submit a complete and verified PFS, signed and dated authorizations, and all responsive documents within her possession. Am. PTO 22 ¶ 3. If she fails to do so and does not cure the deficiency, Defendants may add the plaintiff's name and case number to the agenda for the next status conference. *Id.* ¶ 5. Any plaintiff who is still deficient by the time of the next status conference will be subject to an Order to Show Cause, returnable at the following status conference, requiring a plaintiff to show cause why her Complaint should not be dismissed with prejudice. *Id.* Failure to timely comply may result in dismissal. *Id.*

Plaintiff Dixon has not complied with any of these deadlines and has not provided any of the required discovery. She filed her Complaint on December 11, 2017. *See* Compl., *Dixon v. Sanofi U.S. Services Inc., et al.*, 2:17-cv-16764, (Rec. Doc. 1). Her PFS, authorizations, and responsive documents were due on February 26, 2018. *See* Am. PTO 22 ¶ 3. After Plaintiff missed this deadline, Defendants identified this case as deficient. *See* App'x C.8 to Joint Report No. 8 at 8, (Rec. Doc. 2002-3); App'x F.8 to Joint Report No. 8 at 5, (Rec. Doc. 2002-6). On April 4, 2018, this Court issued Order to Show Cause No. 4, ordering Plaintiff (and others) to show cause by April 26, 2018, why her case should not be dismissed with prejudice for failure to comply with Amended PTO 22. Order to Show Cause No. 4 at 2, (Rec. Doc. 2134); Ex. 1 to Order to Show Cause No. 4 at 8, (Rec. Doc. 2134-1); Ex. 4 to Order to Show Case No. 4 at 5, (Rec. Doc. 2134-4). Plaintiff did not respond to Show Cause Order No. 4. *See* Index of Cases Identified on Order

to Show Cause No. 4 at 9, (Rec. Doc. 2374-1); *see also* Amended Index of Cases Identified on Order to Show Cause No. 4 at 9, (Rec. Doc. 2558). In Joint Report No. 9, Sanofi notified the Court that Plaintiff still had not cured her deficient discovery responses, including submitting a Plaintiff Fact Sheet. *See* Joint Report No. 9 of Liaison Counsel at 8-9, (Rec. Doc. 2448); App'x I.9 to Joint Report No. 9 at 5, (Rec. Doc. 2448-9).

Meshbesher's Motion indicates that on April 17, 2018, Plaintiff Dixon "acknowledged receiving the PFS and other correspondence, but would not commit to providing [] a completed PFS, authorizations, photographs, the results or any ESI search she performed, or a signed ESI statement." *See* Mot. ¶ 8. Plaintiff has not offered any explanation for her failure to comply with this Court's Orders, despite her attorneys' multiple attempts to advise her of her discovery obligations and the possibility that her case will be dismissed if she does not comply with them. *See* Mot. ¶¶ 3, 6.

Under these circumstances, dismissal with prejudice is consistent with this Court's Orders and the federal rules. This Court has repeatedly advised plaintiffs that failure to comply with discovery obligations may result in dismissal. *See* Am. PTO 22 ¶ 5; PTO 74 ¶ 1(c). Plaintiff's counsel also directly notified Plaintiff of this possibility, and still she did not comply. Under Rule 37, a court may "dismiss[] the action or proceeding in whole or in part" where, as here, a plaintiff "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2). Likewise, Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Failure to comply with discovery orders provides adequate grounds for ordering dismissal with prejudice. *See, e.g.*, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*,

427 U.S. 639, 643 (1976). MDL courts have routinely granted dismissal where plaintiffs have failed to serve PFSs and related discovery within court-ordered deadlines.[1] So should this Court.

## CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that this Court dismiss Plaintiff's case with prejudice for failure to comply with Court orders, and deny Meshbesher's motion to withdraw as moot.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

---

[1] *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) (affirming district court's dismissal, with prejudice, of actions of plaintiffs who failed to comply with case management orders governing the required PFS and medical authorizations); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867-68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice of actions of plaintiffs who failed to serve required PFS and medical disclosures); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 130 (E.D. Pa. 2011) (granting motion to dismiss where plaintiffs failed to produce medical records in their possession prior to court-ordered deadline), *aff'd*, 718 F.3d 236 (3d Cir. 2013); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 2010 WL 8253471, at *1 (S.D. Ill. Dec. 10, 2010) (dismissing plaintiffs' claims for "failure to comply with their Plaintiff Fact Sheet . . . obligations").

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*