**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| Normalind Ellois v. Sanofi S.A., et al. Case No. 2:17-cv-03487 | |

**PLAINTIFF'S OPPOSED**
**SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE NO. 3**

Plaintiff, Normalind Ellois, respectfully files this Opposed Supplemental Response to the Order to Show Cause No. 3 and in support would show unto this Court the following:

On April 25, 2018, Ms. Ellois submitted her Response to Order to Show Cause No. 3. As Plaintiff relayed to the Court in her Response, Ms. Ellois' PFS history 1) demonstrates her willingness to respond to every deficiency notice she has received, and 2) shows that she should not have been included on the Order to Show Cause No. 3 to begin with.

Defendants' representations pertaining to Plaintiff in their Opposition to Plaintiff's Motions for Leave to File Response to Order to Show Cause No. 3 are factually incorrect. Plaintiff's first PFS was submitted on August 2, 2017, along with proof of use (medical records), proof of injury (photographs), and signed authorizations. Then, in response to a deficiency notice on September 15, 2017, an amended PFS was submitted just ten days later on September 25, 2017. After an additional deficiency notice on November 8, 2017, Plaintiff's second amended PFS with additional information was submitted on January 8, 2018. Finally, Ms.

Ellois' Third Amended PFS was uploaded to MDL Centrality the very next day on January 9, 2018, along with additional information as requested by defendants. No deficiency notice has been received since that time. There is no procedure set forth in PTO 22 that would permit defendants to seek dismissal of a claim that is not the subject of a deficiency notice. Moreover, this would be grossly unfair: Ms. Ellois has not been notified of any deficiency in her Third Amended PFS, and a "not substantially complete" dismissal is unreasonable where there is no direction offered on what response or responses in the PFS are considered "incomplete." Dismissal of Ms. Ellois' claim following her substantial completion of the PFS requirements would abrogate this Court's own procedures for managing discovery disputes in this multi-district litigation.

Further, the Sanofi Defendants are already aware from what has been already produced by Plaintiff that her administrations of taxotere were on March 29, 2010, April 19, 2010, May 10, 2010 and June 21, 2010.  Each of these dates were prior to March of 2011 when any of the other manufacturers of taxotere/docetaxel could not have been responsible for producing the taxotere Plaintiff was administered.  It is clear the Sanofi Defendants are trying to absolve themselves of any responsibility in Plaintiff's case by attempting to have her case dismissed under the provisions of Amended PTO No. 22, provisions which Plaintiff has not violated.

As such, Plaintiff opposes her inclusion on the list of cases submitted by Defendants on Order to Show Cause No. 3 and respectfully moves this Court to maintain her claim. She has fully completed the PFS and provided all required information and documentation necessary to further prosecute her claim.  Plaintiff respectfully moves this Court to allow for the Supplemental Response to the Order to Show Cause No. 3 to be filed into the record. Given that the Court has not yet ruled on this pending matter, counsel respectfully requests that the Court take Plaintiff's

substantial completion of her PFS into consideration and deny Defendant's request to dismiss this case.

Counsel for Plaintiff has conferred with defense counsel and has been advised that defense opposes this Motion.

Respectfully submitted,
/s/ Andrew J. Geiger_____
ALLAN BERGER (BAR NO. 2977)
ANDREW J. GEIGER (BAR NO. 32467)
**ALLAN BERGER & ASSOCIATES PLC**
4173 Canal Street New Orleans, LA 70119
Telephone: (504) 486-9481
Fax:  (504) 483-8130
aberger@allan-berger.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the attached pleading was served on plaintiff's co-liaison counsel via electronic mail this 22nd day of May, 2018.

 /s/ Andrew J. Geiger