UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES LISTED ON EXHIBIT A

### DEFENDANTS' OMNIBUS OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL SHOW CAUSE LETTERS IN RESPONSE TO RULE TO SHOW CAUSE NO. 3

　　　　Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi"), through counsel, hereby oppose Plaintiffs' Motion for Leave to File Supplemental Show Cause Letters in Response to Rule to Show Cause No. 3 (Rec. Doc. 2561) in the cases identified on Exhibit A. Plaintiffs' filing should be rejected as untimely and procedurally improper pursuant to Show Cause Order No. 3 (Rec. Doc. 1760) and Amended Pretrial Order 22 ("Amended PTO 22") (Rec. Doc. 325).[1] For these reasons, the Court should deny Plaintiffs' motion.

　　　　Each of these Plaintiffs seek leave of Court to provide "supplemental" evidence in belated response to Show Cause Order No. 3 in an attempt to explain why their cases should not be dismissed with prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations set forth in Amended PTO 22. These supplemental responses should be rejected for two reasons. First, they are procedurally improper. *See* Order to Show Cause No. 3, Rec. Doc. 1760, p. 2 ("Plaintiffs' counsel shall **not** file the written submission into the record. The written submissions shall be sent to Plaintiffs' Co-Liaison Counsel…by March 5, 2018") (emphasis added). On May

---

[1] When granting leave to amend, District Courts, using their discretion, "may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368 (5th Cir. 2014) (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).

1

11, 2018, Plaintiffs' counsel filed the instant Motion for Leave to file "Supplemental Show Cause Letters" in fourteen (14) different cases (Rec. Doc. 2561).

Second, Plaintiffs' motion and letters are untimely and unsupported. Plaintiffs' show cause deadline expired on March 7, 2018, yet Plaintiffs seek to offer their "supplemental" information to the Court more than eight (8) weeks late and without justification. Plaintiffs' attempt to provide additional information violates Court Orders and comes after they have already been provided a great deal of time and notice. Without any showing of good cause for their failure to timely provide evidence in response to Show Cause Order No. 3, Plaintiffs' Motion for Leave to File a Supplemental Response to Order to Show Cause No. 3 should be denied.

These Plaintiffs have had more than ample time to provide sanofi with a completed and verified PFS, along with the requisite responsive materials. All Plaintiffs in MDL 2740 have seventy-five (75) days to submit a complete and verified PFS to defendants.[2] *See* Am. PTO 22 at ¶ 3 (Rec. Doc. 325). If Plaintiffs fail to do so within the allotted time period, they are granted an additional thirty (30) days from the notice of the deficiency to cure. *Id.* at ¶ 5. If Plaintiffs fail to timely cure the deficiencies, their cases may be added to the Agenda for the next Status Conference; and if they remain deficient at the time of the Status Conference, they will be subject to an Order to Show Cause, returnable at the following Status Conference, to show why their cases

---

[2] "A complete and verified PFS . . . shall be submitted to the Defendants using MDL Centrality on the following schedule: (a) within seventy-five days from the date of this Order for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; (b) within seventy-five (75) days of the date the case is docketed in this MDL for any Plaintiff whose case is docketed in the MDL after the date of this Order." Am. PTO 22 (Rec. Doc. 325).

2

should not be dismissed with prejudice.[3]  *Id*.  "Failure to timely comply may result in dismissal." *Id.*  These Plaintiffs have had well over 140 days[4] to provide a complete and verified PFS.

All of the Plaintiffs identified on Exhibit A filed their cases between October 9, 2016 and September 21, 2017.  For example, Plaintiff Kathy Mottola filed her lawsuit on October 9, 2016. She then submitted her PFS on September 22, 2017, after which defendants issued a deficiency notice on November 5, 2017.  Since Amended PTO 22 was entered on April 14, 2017, Ms. Fontenot had three hundred twenty-seven (327) days to substantially complete her PFS up through the March 7, 2018 show cause deadline.  She also had one hundred twenty-two (122) days to cure deficiencies between the date her first deficiency notice was issued and the show cause deadline. For all of these Plaintiffs, they are simply not entitled to additional time or opportunities to cure their recurrent and ongoing PFS deficiencies.

Plaintiffs' late attempt to show good cause for their long-standing failure to comply with their PFS obligations serves only to undermine the purpose of Amended PTO 22 and render its deadlines effectively meaningless.  The provisions of Amended PTO 22 should be enforced to hold Plaintiffs accountable and to promote just and efficient conduct of this litigation.

For these reasons, sanofi requests the Court to deny Plaintiffs' untimely and procedurally improper Motion for Leave to File Supplemental Show Cause Letters in Response to Rule to Show Cause No. 3.

---

[3]   MDL courts will dismiss cases when plaintiffs fail to provide the essential information called for in PFSs.  *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets).

[4]   PTO 22 allows every Plaintiff seventy-five (75) days to complete their PFS obligations. If they fail to meet their requirements, then Defendants have forty-five (45) days to give notice of deficiency.  After which Plaintiffs were given an additional thirty (30) days to cure such deficiencies.  These Plaintiffs failed to meet their PFS obligations at this point and were placed on the Agenda for the next Status Conference on January 26, 2018.  *See* Joint Report No. 7, Rec. Doc. 1532.  From this date, Plaintiffs had up until March 7, 2018 to cure any remaining deficiencies, which was another forty (40) days.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*