IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)               MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO:

BARBARA BICE,

    Plaintiff,

v.                                        Case No. 17-00751

SANOFI-AVENTIS U.S. LLC,
Individually, and doing business as,
WINTHROP U.S., SANOFI WINTHROP
PHARMACEUTICALS INC, and SANOFI US
SERVICES INC.,

    Defendants.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM AN ORDER DISMISSING PLAINTIFF'S CASE WITH PREJUDICE

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi") oppose Plaintiff Barbara Bice's Motion for Relief from this Court's April 20, 2018 Order (Rec. Doc. 2302, 2302-1), which dismissed Plaintiff's case for failure show cause why her case should not be dismissed for failure to comply with Amended Pretrial Order No. 22.  (Rec. Doc. 2538).

### INTRODUCTION

Despite clear warning from the Court that her failure to provide a substantially complete PFS could result in dismissal and many months of notice of the deficiencies, Plaintiff failed to submit a complete PFS and failed to show good cause why she failed to produce the basic but essential information related to her case. Now, with no factual or legal showing, Plaintiff seeks to reinstate her case under Rule 60.  Plaintiff's request should be denied.

1

As an initial matter, this Court does not have jurisdiction to grant Plaintiff's motion as Plaintiff filed a Notice of Appeal to the Fifth Circuit regarding this Court's April 20 Order. (Rec. Doc. 2640). This Court was divested of its jurisdiction to grant Plaintiff's motion upon the filing her notice of appeal. However, even if this Court retained jurisdiction, it should deny Plaintiff's motion because Plaintiff has failed to satisfy the strict standard to justify relief under Rule 60.

## BACKGROUND

Plaintiff filed her lawsuit on January 27, 2017. On April 14, 2017, this Court entered Amended PTO 22, which clearly sets forth plaintiffs' obligations related to Plaintiff Fact Sheets ("PFS"). (Rec. Doc. 325). Amended PTO 22, which was negotiated and agreed to by the parties, required Ms. Bice to submit a complete and verified PFS within seventy-five (75) days.[1] All plaintiffs in this MDL were put on notice that failure to cure PFS deficiencies would subject them to dismissal.[2]

On June 2, 2017 Plaintiff filed a deficient PFS with four undated blurry photographs of her scalp and underarm hair. Approximately two weeks later she submitted a First Amended Fact Sheet that continued to contain numerous deficiencies and failed to provide dates for the few grainy photographs previously provided. On July 14, 2017, Defendants issued a deficiency notice setting forth the numerous deficiencies in Plaintiff's First Amended PFS, including identifying Plaintiff's failure to provide proof of injury documents (compliant photographs of her claimed injury). (*See* **Exhibit 1**). On August 14, 2017, Plaintiff responded by stating that she was "continuing to search for photographs responsive to this request" and that she would "supplement as soon as they [were] located." (*See* **Exhibit 2** at pp. 5-6).

---

[1] Am. PTO 22 at ¶ 3.

[2] *See id* at ¶ 5.

Several months later, Plaintiff had still failed to cure the deficiencies identified by Defendants. Consequently, Plaintiff was identified in Joint Report No. 6 for failure to provide a substantially complete PFS. (Rec. Doc. 1064, 1064-5, 1064-8). On November 15, 2017, this Court entered Order to Show Cause No. 2, which required Ms. Bice to show cause no later than December 15, 2017, as to why her case should not be dismissed with prejudice for failure to comply with her obligations under Amended PTO 22.  (Rec. Doc. 1103).

On December 14, 2017, Plaintiff filed her response to Order to Show Cause No. 2. (Rec. Doc. 1287). Plaintiff's counsel conceded her fact sheet was deficient and that counsel had been unable to obtain *any* "before" photographs from Ms. Bice. *Id.* at p. 1.  Plaintiff offered *no* explanation for her failure to submit a substantially complete PFS other than stating that Plaintiff's counsel attempted to contact Ms. Bice without success, and asked the Court for additional time to cure the deficiencies in Plaintiff's fact sheet (despite being afforded many months to produce this information). In light of Plaintiff's failure to show good cause the Court dismissed with prejudice Plaintiff's case on April 20, 2018. (Rec. Doc. 2302, 2302-1).

As an initial matter, this Court was divested of its jurisdiction when Plaintiff filed her Notice of Appeal on May 20, 2018. (*See* Rec. Doc. 2640). Further, even if this Court retained jurisdiction, it is clear that Plaintiff had more than ample time and notice to cure the material deficiencies in her PFS and never showed good cause for her failure to provide a very basic element of her claim—proof of injury documentation. Among other deficiencies, Plaintiff never produced *any* "before" photographs. Plaintiff does not dispute this point and, in fact, in her verified Original PFS and all subsequent PFS submissions acknowledges she has in her possession such photographs (as well as unproduced photographs depicting her hair 6 months after treatment). This basic, core information is easily produced and essential to Plaintiff's alleged injury as it sheds light on

3

Plaintiff's pre-treatment condition. This Court properly dismissed with prejudice Plaintiff's case because she failed to comply with this Court's clearly defined case management procedures after being warned of the consequences of ignoring the court's direction.

Now, without any substantive showing, Plaintiff seeks another bite at the apple. Because this Court no longer has jurisdiction to grant Plaintiff's motion and because Plaintiff has not demonstrated that she is entitled to relief under Rule 60(b), Plaintiff's motion must be denied.

## ARGUMENT

### a. This Court Was Divested Of Jurisdiction When Plaintiff Filed Her Notice Of Appeal On May 20, 2018.

As a threshold issue, this Court was divested of jurisdiction when Plaintiff filed her Notice of Appeal related to Show Cause Order No. 2. (Rec. Doc. 2640). It is well-settled that "[w]hen a notice of appeal is filed, jurisdiction is transferred to the appellate court and the district court loses the ability to vacate or amend its judgment which is on appeal, except as to matters not involved in the appeal, or matters in aid of the appeal." *Lopez Dominguez v. Gulf Coast Marine & Assoc., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010) (*citing Winchester v. U.S. Attorney for S. Dist. Of Tex.*, 68 F.3d 947, 948-49 (5th Cir. 1995)), *Offshore Logistics Servs., Inc. v. Mut. Marine Office, Inc.*, 639 F.2d 1168, 1170 (5th Cir. 1981); *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982). The Fifth Circuit has explained the rationale for this rule as follows: "For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources." *Winchester*, 68 F.3d at 945 *quoting In re Butler*, 2 F.3d 154, 157 (5th Cir. 1993).

Here, Plaintiff filed her Notice of Appeal on May 20, 2018, appealing the April 20 Order which dismissed her case with prejudice. Thus, this Court was divested of jurisdiction, and there

exists no "matters not involved in the appeal" or "matters in aid of the appeal" for this Court to decide. Notwithstanding, in an abundance of caution, sanofi submits this opposition to Plaintiff's Motion.

      **b.    This Court Properly Dismissed With Prejudice Plaintiff's Case and Plaintiff Failed To Demonstrate She Is Entitled to Relief Under Rule 60.**

          **i. Legal standard**

Plaintiff asserts two bases for relief: (1) "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); and (2) the omnibus clause of Rule 60(b)(6), which permits relief for "any other reason that justifies relief." The Fifth Circuit has made clear that relief under Rule 60(b) is an *extraordinary remedy*, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985).[3]

As to subsection (1), "[i]f a party is partly to blame for the delay, relief must be sought … under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). In assessing whether conduct is excusable, the court must take into account several factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reasons for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is *faultless* in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 (emphasis added). Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 (*citing*

---

[3] *See also In re Pettie*, 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy…[and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.' ").

5

*Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend…was due not to neglect, but to reasons beyond his control, *i.e.*, being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one.")).

### ii. Plaintiff failed to show "excusable neglect"

Plaintiff's PFS failure is attributable *solely* to her doing. Despite notice by Defendants of the deficiency and many months to cure, Plaintiff never submitted any "before" photographs or offered any reason whatsoever for her failure to submit a substantially complete PFS, let alone good cause.[4] Indeed, Plaintiff offered **no** explanation for her failure.

Yet, Plaintiff admitted, in her verified PFS and subsequent PFS submissions, that she has in her possession photographs that depict her hair before Taxotere treatment. Plaintiff also admitted that she has photographs depicting her hair 6 months after treatment and current. Notwithstanding, Plaintiff has only provided Sanofi a few photographs, all of which were taken in 2016. Sanofi has been given no photographs depicting Plaintiff's hair before, during or immediately after treatment or in the 4 years between her treatment and 2016.

Now, Plaintiff seeks to reinstate her case but has wholly failed to demonstrate excusable neglect to show she is entitled to relief under Rule 60. Critically, Plaintiff's motion does not even mention the strict standard to justify relief under Rule 60 or offer a single fact showing why she could not produce the required photographs or other required information.[5]

---

[4] MDL courts often dismiss cases when plaintiffs fail to provide information called for in PFSs. *See, e.g., In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1233-34 (9th Cir. 2006) (affirming district court's dismissal of actions with prejudice for failure to cure deficiencies in Plaintiff Fact Sheets by the deadlines in the court's case management order).

[5] Instead, Plaintiff cites a line of cases addressing the standard for dismissing cases with prejudice, which is inapplicable. (*See* Rec. Doc. 2358-1 at p. 2).

Plaintiff had a great deal of time and notice to comply with her PFS obligations but failed to do so. Since filing suit, Plaintiff had three hundred twenty-two days to complete her PFS and cure her failure to provide proof of injury documentation, up through the December 15, 2017 show cause deadline. She also had one hundred fifty-four days to cure deficiencies between the date her first deficiency notice was issued and the show cause deadline.  It defies logic for Plaintiff now to claim surprise or unfairness, particularly where, as here, the procedures and schedules set forth in Amended PTO 22 are clearly defined and she was duly notified that her failure to comply would make herself subject to dismissal. In addition, the information sought, i.e., dated "before" photographs," is essential to Plaintiff's case and easily produced. Without producing any "before" photographs that show Plaintiff's pre-treatment condition, Plaintiff cannot establish her alleged injury. Moreover, Plaintiff's failures substantially prejudiced sanofi in evaluating Plaintiff's claim and unreasonably hampered the defense of this litigation. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1235-37 (9th Cir. 2006) ("Failing to produce document as ordered is considered sufficient prejudice … The law also presumes prejudice from unreasonable delay."); *see also In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867-68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice for failure to serve Plaintiff Facts Sheets as required by court order).

The PFS is intended to provide key information about the factual and legal bases of plaintiffs' claims, including the alleged injury and the legal theories plaintiffs will pursue. This information is solely within Plaintiff's control. Further, "before" photographs are specifically identified in Amended PTO 22 as a necessary item to constitute a "substantially completed" PFS. (Rec. Doc. 325 at p. 7, ¶ 11 ("the term 'substantially completed' in this Order … is defined as service on Defendants of the PFS with … photographs showing Plaintiff's hair before and after

treatment with Taxotere (Docetaxel) along with the dates the photographs were taken.")). Plaintiff has not and cannot demonstrate that she is entitled to any relief under subsection (1).

Sanofi has already been unduly prejudiced by its inability to learn the most basic facts about Plaintiff's claims due to her delays and failures, and would be further prejudiced if this Court were to grant Plaintiff relief. In addition to Plaintiff's failure to provide any "before" photographs, Plaintiff's First Amended PFS failed to provide properly executed authorizations, complete information regarding her medical history and treatment, and full details with respect to her alleged injury. (*See* **Exhibit 1**). The information Plaintiff failed to provide, including photographs depicting Plaintiff's hair prior to treatment with Docetaxel, are essential to the issue of Plaintiff's alleged injuries. Plaintiff's failure to produce this information materially prejudiced sanofi's ability to fully evaluate Plaintiff's claim, including the nature and extent of her alleged damages.[6]

### iii. No "extraordinary circumstances" exist to justify relief

Because Plaintiff is *solely* at fault for failing to submit a substantially complete PFS, subsection (6) is inapplicable. *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is *faultless* in the delay") (emphasis added). Even if the Court were to consider subsection (6), Plaintiff cannot demonstrate any "extraordinary circumstances" that warrant relief. "Extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008).

Here, Plaintiff's situation is far from constituting "extraordinary circumstances." Plaintiff was afforded more than ample time and opportunity to substantially complete her PFS. Additionally, Plaintiff and her counsel were on notice of the procedures and schedules set forth in

---

[6] At no point prior to dismissal did Plaintiff submit a substantially complete PFS.

8

Amended PTO 22. She also had sufficient notice of the material deficiencies in her PFS. Plaintiff continuously failed to comply with this Court's clearly defined case management procedures, despite being warned of the consequences of ignoring the court's direction. The April 20 Order was solely a product of Plaintiff's own failure to act. Therefore, Plaintiff is not entitled to any relief under Rule 60 and her motion must be denied.

## CONCLUSION

For these reasons, and to avoid additional prejudice and promote efficiency, this Court should deny Plaintiff's motion.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*