# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                          SECTION "N" (5)

**THIS DOCUMENT RELATES TO:**

BELINDA COLE,

     Plaintiff,

v.                                                                        Case No. 16-17945

SANOFI-AVENTIS U.S. LLC,
Individually, and doing business as,
WINTHROP U.S., SANOFI WINTHROP
PHARMACEUTICALS INC, and SANOFI US
SERVICES INC.,

     Defendants.

## SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM AN ORDER DISMISSING PLAINTIFF'S CASE WITH PREJUDICE

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi") oppose Plaintiff Belinda Cole's Motion for Relief from this Court's April 20, 2018 Order (Rec. Doc. 2302, 2302-1), which dismissed Plaintiff's case for failure to show cause why Plaintiff's case should not be dismissed with prejudice for failure to comply with Amended Pretrial Order No. 22. (Rec. Doc. 2540).

## INTRODUCTION

Despite clear warning from the Court that her failure to provide a substantially complete PFS could result in dismissal and many months of notice, Plaintiff failed to submit a PFS and failed to show good cause why she failed to produce the basic but essential information related to

1

her case.  Now, with no factual or legal showing, Plaintiff seeks to reinstate her case under Rule 60.  Plaintiff's request should be denied.

Plaintiff filed her lawsuit on December 7, 2016.  On April 14, 2017, this Court entered Amended PTO 22, which clearly sets forth plaintiffs' obligations related to Plaintiff Fact Sheets ("PFS").  (Rec. Doc. 325).  Amended PTO 22, which was negotiated and agreed to by the parties, required Ms. Cole to submit a complete and verified PFS to defendants within seventy-five (75) days.[1]  All plaintiffs in this MDL were put on notice that failure to cure deficiencies in the PFS would subject them to dismissal.[2]

Several months later, Plaintiff still had failed to submit a PFS.  Consequently, Plaintiff was identified on Joint Report No. 6 because she failed to provide a PFS.  (Rec. Doc. 1064-1, 1604-3).  On November 15, 2017, this Court entered Order to Show Cause No. 2, which required Ms. Cole to show cause no later than December 15, 2017 as to why her case should not be dismissed with prejudice for failure to comply with her obligations under Amended PTO 22.  (Rec. Doc. 1103).

On December 14, 2017, Plaintiff filed her response to Order to Show Cause No. 2.  (Rec. Doc. 1286).  Plaintiff's counsel conceded Plaintiff's fact sheet had not been submitted.  Plaintiff's counsel offered *no* explanation for her failure to submit a PFS other than stating that they attempted to contact Ms. Cole without success, and asked the Court for additional time to submit Plaintiff's PFS (despite being afforded many months to produce the same).  In light of Plaintiff's failure to show good cause, the Court dismissed with prejudice Plaintiff's case on April 20, 2018.  (Rec. Doc. 2302, 2302-1).

---

[1] Am. PTO 22 at ¶ 3.
[2] *See* Am. PTO 22 at ¶ 5.

Plaintiff did not file a PFS until January 14, 2018—*four hundred three days after filing suit*—which was materially deficient.[3]

Plaintiff had more than ample time and notice to submit a PFS and never did; and she never showed good cause for her failure to do so. The basic, core information called for in the PFS is essential to Plaintiff's claim and easily produced. This Court properly dismissed with prejudice Plaintiff's case because she failed to comply with this Court's clearly defined case management procedures after being warned of the consequences of ignoring the court's direction. Now, without any substantive showing, Plaintiff seeks another bite at the apple. Plaintiff has not demonstrated she is entitled to relief under Rule 60(b). Plaintiff's motion therefore must be denied.

## ARGUMENT

**a. This Court Properly Dismissed With Prejudice Plaintiff's Case and Plaintiff Failed To Demonstrate She Is Entitled to Relief Under Rule 60.**

### i. Legal standard

Plaintiff asserts two bases for relief: (1) "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); and (2) the omnibus clause of Rule 60(b)(6), which permits relief for "any other reason that justifies relief." The Fifth Circuit has made clear that relief under Rule 60(b) is an *extraordinary remedy*, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985).[4]

As to subsection (1), "[i]f a party is partly to blame for the delay, relief must be sought … under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co.*

---

[3] For example, among other deficiencies, she failed to provide basic but essential information with respect to: (1) the name of the drug with which she was allegedly treated (*id* at III.3); (2) the details of her diagnosis and treatment (*id.* at V.5, V.6); (3) the particulars of her chemotherapy treatment (*id.* at V.12, V.13, V.14); (4) the details of her alleged injury (*id.* at VI.5, VII.5). In addition, Plaintiff failed to provide any authorizations or proof of injury photographs.

[4] *See also In re Pettie*, 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy…[and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.' ").

*v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The Fifth Circuit has stated that a trial court abuses its discretion if " it were to reopen a case under Rule 60(b)(1) when the reasons asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6. F.3d 350, 357 (5th Cir. 1993).[5]  In assessing whether conduct is excusable, the court must take into account several factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reasons for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is ***faultless*** in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 (emphasis added).  Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 *citing Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend…was due not to neglect, but to reasons beyond his control, *i.e.*, being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one.").

---

[5] *See also Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989) ("[T]he fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute excusable neglect warranting relief … by Rule 60(b).").

### ii. Plaintiff failed to show "excusable neglect"

Plaintiff's PFS failure is attributable *solely* to her doing. Despite ample notice and many months to submit a PFS, Plaintiff never provided a PFS or offered any reason whatsoever for her failure to do so, let alone good cause.[6]

Now, Plaintiff seeks to reinstate her case but has wholly failed to demonstrate excusable neglect to show she is entitled to relief under Rule 60. Critically, Plaintiff's motion does not even mention the strict standard to justify relief under Rule 60 or offer a single fact showing why she could not submit the required PFS.[7] Notwithstanding, Plaintiff alleges she is entitled to relief because (1) her cancer recurred; (2) she changed residences; (3) she did not have contact with her counsel for a period of time; and (4) her counsel apparently misunderstood the Court's case management procedures. Plaintiff's case does not at all amount to "unusual or unique circumstances," and falls well short of the heightened standard to justify relief under Rule 60.

Plaintiff had a great deal of time and notice to comply with her PFS obligations but failed to do so. Since filing suit, Plaintiff had one year and eight days to submit her PFS, up through the December 15, 2017 show cause deadline. It defies logic for Plaintiff now to claim surprise or unfairness, particularly where, as here, the procedures and schedules set forth in Amended PTO 22 are clearly defined and she was duly notified that her failure to comply would make herself subject to dismissal.

In addition, the information called for in a PFS is essential to Plaintiff's case and easily produced. Without this information, Plaintiff cannot establish her claim against Defendants.

---

[6] MDL courts often dismiss cases when plaintiffs fail to provide the essential information called for in PFSs. *See, e.g., In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1233-34 (affirming district court's dismissal of actions with prejudice for failure to cure deficiencies in Plaintiff Fact Sheets by the deadlines in the court's case management order).

[7] Instead, Plaintiff cites a line of cases addressing the standard for dismissing cases with prejudice, which is not applicable. (*See* Rec. Doc. 2540-1 at p.2).

5

Moreover, Plaintiff's failures substantially prejudiced Defendants in evaluating Plaintiff's claim and unreasonably hampered the defense of this litigation. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1235-37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice … The law also presumes prejudice from unreasonable delay."); *see also In re Guidant Corp. Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867-68) (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice for failure to serve Plaintiff Fact Sheets as required by court order). Further, Plaintiff's counsel's apparent misunderstanding of this Court's case management procedures does not constitute excusable neglect. *See Edward H. Bohlin Co.,* 6. F.3d at 357.

The PFS is intended to provide key information about the factual and legal bases of plaintiffs' claims, including the alleged injury and the legal theories plaintiffs will pursue. This information is solely within Plaintiff's control and is easily produced. And, the information necessary to constitute a "substantially completed" PFS is specifically outlined and defined in Amended PTO 22.[8]

Sanofi has already been unduly prejudiced by its inability to learn the most basic facts about Plaintiff's claims due to her delays and failures, and would be further prejudiced if this Court were to grant Plaintiff relief. The PFS contains basic, core information of plaintiffs' claims and, without this information, sanofi is unable to evaluate Plaintiff's claim, conduct investigations, or collect evidence not already in its possession. Accordingly, Plaintiff has not and cannot demonstrate that she is entitled to any relief under subsection (1).

### iii. No "extraordinary circumstances" exist to justify relief

---

[8] Am. PTO 22 at p. 7, ¶ 11.

Because Plaintiff is *solely* at fault for failing to submit a substantially complete PFS, subsection (6) is inapplicable. *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is *faultless* in the delay") (emphasis added). Even if the Court were to consider subsection (6), Plaintiff cannot demonstrate any "extraordinary circumstances" that warrant relief. "Extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008).

Here, Plaintiff's situation is far from constituting "extraordinary circumstances." Plaintiff was afforded more than ample time and opportunity to submit her PFS. Additionally, Plaintiff and her counsel were on notice of the procedures and schedules set forth in Amended PTO 22. Plaintiff continuously failed to comply with this Court's clearly defined case management procedures, despite being warned of the consequences of ignoring the court's direction. The April 20 Order was solely a product of Plaintiff's failure to act. Therefore, Plaintiff is not entitled to any relief under Rule 60 and her motion must be denied.

## CONCLUSION

For these reasons, and to avoid additional prejudice and promote efficiency, this Court should deny Plaintiff's motion.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*