UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |

*Normalind Ellois v. Sanofi, S.A., et al.*
Case No. 2:17-cv-03487

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE NO. 3**

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi"), hereby oppose Plaintiff Normalind Ellois' ("Plaintiff") Motion for Leave to File Supplemental Response to Order to Show Cause No. 3 (Rec. Doc. 2668).

Despite clear warning from the Court that her failure to provide a substantially complete PFS could result in dismissal, Plaintiff failed to submit a substantially complete PFS and failed to show good cause for why she failed to produce the basic, yet essential information related to her case.  Then, on April 25, 2018, more than six weeks *after* the show cause deadline, Plaintiff filed a Motion for Leave to File Response to Show Cause No. 3, which sanofi opposed on May 15, 2018.  *See* Rec. Docs. 2346, 2596.  Now, with no factual or legal basis, Plaintiff seeks leave to file a "supplemental" response to Show Cause No. 3.

Like her initial motion for leave to file a response to Show Cause No. 3, the instant filing should be rejected as untimely,[1] unsupported, and procedurally improper[2] pursuant to Show Cause

---

[1] Plaintiff's show cause deadline expired on March 7, 2018, yet she seeks to offer "supplemental" information to the Court nearly seven (7) weeks late and without justification.  This filing violates Court Orders, comes after she has already been provided a great deal of time and notice, and lacks any showing of good cause for her failure to timely provide evidence in response to Show Cause Order No. 3.

[2] *See* Order to Show Cause No. 3, Rec. Doc. 1760, p. 2 ("Plaintiffs' counsel shall **not** file the written submission into the record.  The written submissions shall be sent to Plaintiffs' Co-Liaison Counsel…by March 5, 2018") (emphasis added).  Plaintiff filed the instant motion for leave to file a "supplemental" response to Show Cause No. 3 on May 22, 2018 (Rec. Doc. 2668).

1

Order No. 3 (Rec. Doc. 1760) and Amended Pretrial Order 22 ("Amended PTO 22") (Rec. Doc. 325).[3]  *See* Defs. Opp. to Initial Motion (Rec. Doc. 2596).

In an attempt to explain why her case should not be dismissed with prejudice for failure to comply with her PFS obligations, Plaintiff contends that sanofi made "factually incorrect" claims in its opposition to Plaintiff's initial motion.  Rec. Doc. 2668-2 at 1.  Despite the fact that Plaintiff never identifies the specific representations at issue—leaving sanofi and the Court to speculate as to which assertions are supposedly incorrect—Plaintiff wrongly assumes that her Third Amended PFS[4] is substantially complete simply because sanofi never issued a subsequent deficiency notice identifying the same unresolved problems that have existed since sanofi sent its initial deficiency letter to Plaintiff on September 15, 2017.  *Id.*

Plaintiff's Third Amended PFS (and now Fourth Amended PFS - filed on May 29, 2018) remains deficient for the same reason each of her prior PFSs were deficient—failure to satisfy the proof of injury requirements set forth in Amended Pretrial Order 22 ("Amended PTO 22").  Per Amended PTO 22, a PFS is "substantially complete" when served on defendants with the requisite documentation, including records demonstrating proof of injury.  *See* Am. PTO 22 at ¶ 11 (requiring production of "medical records in Plaintiff's possession demonstrating alleged injury or photographs showing Plaintiff's hair before and after treatment with Taxotere (Docetaxel) along with the dates the photographs were taken").  Sanofi twice notified Plaintiff of this deficiency, but she never resolved it.  *See* Sanofi Deficiency Letters (Sept. 15, 2017 letter at lines 114-116; Nov. 8, 2017 at lines 90-92) (attached as Exhibit A).  Specifically, Plaintiff has not provided any dated

---

[3]  When granting leave to amend, District Courts, using their discretion, "may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368 (5th Cir. 2014) (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).

[4]  Plaintiff submitted a Fourth Amended PFS on May 29, 2018.

before/after photos or any medical documentation of alopecia or other type of hair loss.[5] Plaintiff cannot credibly claim unfair surprise or lack of notice of these deficiencies, particularly given that nothing in Amended PTO 22 requires sanofi to repeatedly send the same deficiency notices to Plaintiff for ongoing and unresolved issues. *See* Am. PTO 22 at ¶ 5 (setting forth procedure when plaintiffs fail to provide a complete and verified PFS, authorizations, and required documentation). As such, her Third and Fourth Amended PFSs remain deficient despite more than adequate time and notice to correct the issue.

All Plaintiffs in MDL 2740 have seventy-five (75) days to submit a complete and verified PFS to defendants.[6] *See* Am. PTO 22 at ¶ 3 (Rec. Doc. 325). If Plaintiffs fail to do so within the allotted time period, they are granted an additional thirty (30) days from the notice of the deficiency to cure. *Id.* at ¶ 5. If Plaintiffs fail to timely cure the deficiencies, their cases may be added to the Agenda for the next Status Conference; and if they remain deficient at the time of the Status Conference, they will be subject to an Order to Show Cause, returnable at the following Status Conference, to show why their cases should not be dismissed with prejudice.[7] *Id.* "Failure to timely comply may result in dismissal." *Id.*

Plaintiff filed her lawsuit on April 17, 2017 and submitted her initial PFS on August 2, 2017, after which defendants issued deficiency notices on September 15, 2017 and November 8,

---

[5] Plaintiff produced two undated photos that appear to post-date chemotherapy (but no "before" photos) as well as a record designated as "Proof of Injury – Medical Documentation" that only contains a pathology report diagnosing her with breast cancer, not alopecia or hair loss. Undersigned counsel has not attached Plaintiff's medical records to this Opposition but can supplement the records to the Court upon request.

[6] "A complete and verified PFS . . . shall be submitted to the Defendants using MDL Centrality on the following schedule: (a) within seventy-five days from the date of this Order for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; (b) within seventy-five (75) days of the date the case is docketed in this MDL for any Plaintiff whose case is docketed in the MDL after the date of this Order." Am. PTO 22 (Rec. Doc. 325).

[7] MDL courts will dismiss cases when plaintiffs fail to provide the essential information called for in PFSs. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets).

2017.  Since filing suit, Plaintiff has had three hundred twenty-four (324) days to substantially complete her PFS up through the March 7, 2018 show cause deadline.[8]  She also had one hundred seventy-three (173) days to cure deficiencies between the date sanofi's first deficiency notice was issued and the show cause deadline.  Plaintiff is not entitled to additional time or opportunities to cure her recurrent and ongoing PFS deficiencies.

Plaintiff's late attempt to show good cause for her long-standing failure to comply with her PFS obligations serves only to undermine the purpose of Amended PTO 22 and render its deadlines effectively meaningless.  The provisions of Amended PTO 22 should be enforced to hold Plaintiff accountable and to promote just and efficient conduct of this litigation.

For these reasons, sanofi requests the Court to deny Plaintiff's untimely, unsupported, and procedurally improper Motion for Leave to File Supplemental Response to Order to Show Cause No. 3.

---

[8]   Amended PTO 22 was entered on April 14, 2017, three days prior to Ms. Ellois filing suit.  (Rec. Doc. 325).

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*