**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Kalyani Mokkapati et al. vs. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. et al.* Case No. 2:18-cv-04123 | |

## **PLAINTIFFS' INDIVIDUALIZED STATEMENT IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO REMAND**

### I.   INTRODUCTION

Plaintiffs Kalyani Mokkapati and Purushothama Polkampalli ("Plaintiffs") offer this individualized statement in accordance with Pretrial Order No. 77 (Rec. Doc. 1633), detailing Plaintiffs' connection to McKesson Corporation ("McKesson"), and respectfully move this Court to remand this case back to the Superior Court of California, Contra Costa County.   Plaintiffs adopt the prior briefing supporting the Plaintiffs' Omnibus Motion to Remand (Rec. Docs. 469, 469-1, 469-3, and 524), also in accordance with Pretrial Order No. 77 (Rec. Doc. 1633).   As set forth below, McKesson is a distributor of docetaxel bearing the same National Drug Code as the docetaxel administered to Plaintiff.   Accordingly, McKesson is a properly joined and viable Defendant in this case.   Since Plaintiffs and McKesson are both citizens of California, diversity of citizenship does not exist, and the removal of this case was improper.

### II.   PLAINTIFF KALYANI MOKKAPATI'S FACTUAL CONNECTION TO DEFENDANT MCKESSON

Plaintiff Kalyani Mokkapati was administered docetaxel at Valley Medical Oncology Associates in Pleasanton, California.   Her docetaxel treatment period was from August 5, 2013

1

to November 25, 2013.  *See* App. Ex. A.[1]  Ms. Mokkapati received docetaxel bearing four different National Drug Codes ("NDC"), 66758-0050-01, 66758-0050-02, 16729-0231-63, and 16729-0267-64.  *Id.*[2]  Docetaxel bearing NDC 66758-0050-01, 66758-0050-02, both manufactured by Sandoz, Inc., are listed in McKesson's Multi-Oncology Product Catalog, as Catalog Numbers 751-278 and 751-279 respectively. *See* App. Ex. B.[3]

### III.  MCKESSON FAILED TO CONTRADICT MCKESSON'S CONNECTION TO PLAINTIFF KALYANI MOKKAPATI

Under PTO 77 section (1) a, "Plaintiffs who file cases in California Superior Courts naming McKesson as a Defendant that are subsequently removed by a Defendant and transferred to this MDL shall meet and confer in an attempt to resolve the remand issue prior to submission of any briefing."  Subsequent to the removal of this case to the Northern District of California, Plaintiffs began the meet and confer process with defendants.  Plaintiffs provided Plaintiff's informational statement detailing the case's connection to defendant McKesson to counsel for McKesson by telephone, by email, and in writing.  *See* App., Declaration of Lindsay Stevens, Esq.[4]  McKesson responded with a declaration from an employee of McKesson indicating that "McKesson did not distribute brand-name or generic docetaxel" to Plaintiff's chemotherapy infusion facility.  *See* App. Ex. F.  Plaintiffs responded by asking for clarification as to the language in this declaration, as the docetaxel administered to Plaintiff was not a "generic," but rather a non-generic bioequivalent of Taxotere, under section 505(b)(2) of the Food, Drug and Cosmetic Act.  *See* App. Ex. H and Ex. I.  Despite multiple attempts by counsel for Plaintiffs to clarify this language and continue the meet and confer dialogue on this issue, counsel for McKesson remains silent.

Defendant McKesson's refusal to specify whether or not it distributed any non-generic bioequivalent to Plaintiff's chemotherapy infusion facility is a failure to contradict Plaintiffs'

---

[1] References to all abbreviations "App." are to the Appendix of Exhibits in support of this individualized statement.
[2] Relevant portions of Ms. Mokkapati's medical records have been highlighted for ease of reference.
[3] *See* App., Ex. B to Declaration of Lindsay Stevens with references highlighted.
[4] *See* App. Ex. C to Declaration of Lindsay Stevens.

contention that McKesson is a proper defendant. Plaintiffs have offered affirmative proof of a McKesson connection to this case through McKesson's own product catalog. McKesson has provided only a deficient declaration that fails to refute Plaintiffs' position that McKesson is a properly named defendant.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion to remand be granted and that their case be remanded to the Superior Court of the State of California for the County of Contra Costa County.

Dated: June 6, 2018

Respectfully submitted,

GOMEZ TRIAL ATTORNEYS

 /s/Lindsay R. Stevens
John H. Gomez (CA Bar # 171485) T.A.
Ahmed S. Diab (CA Bar # 262319)
Lindsay R. Stevens (CA Bar # 256811)
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
*john@thegomezfirm.com*
*adiab@thegomezfirm.com*
*lstevens@thegomezfirm.com*
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) and Local Rule 5.1 of the Eastern District of Louisiana.

               */s/ Lindsay R. Stevens*
               Lindsay R. Stevens (CA Bar # 256811)
               GOMEZ TRIAL ATTORNEYS
               655 West Broadway, Suite 1700
               San Diego, California 92101
               Telephone: (619) 237-3490
               Facsimile: (619) 237-3496
               lstevens@thegomezfirm.com