UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE ENGELHARDT |
| | MAG. JUDGE NORTH |
| **PATSY HAYS**, | |
| | **COMPLANT & JURY DEMAND** |
| Plaintiff(s), | |
| | Civil Action No.: 16-17540 |
| vs. | |
| | |
| **SANOFI US SERVICES INC. F/K/A SANOFI-AVENTIS U.S. INC. & SANOFI-AVENTIS U.S. LLC**, | |
| Defendant(s). | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S RESPONSE REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATOIN**

COMES NOW Plaintiff, Patsy Hays, by and through the undersigned counsel, and files this reply to Defendant's response and respectfully moves this Court to reconsider dismissing her case with prejudice for the reasons stated herein.

Plaintiff Patsy Hays should not have appeared on Defendant's Show Cause No. 2 list. Counsel has submitted three amended PFSs, with the most recent one being submitted on 12/4/2017. Defendants have not issued a deficiency notice since that day. For reasons unknown to Counsel, Patsy Hays nonetheless appeared on the Show Cause No. 2 list. The list issued by Defendants spans many pages and was not organized by Firm. As such, Counsel inadvertently missed Patsy Hays' name. An inadvertent error should not be punishable by dismissal with prejudice, particularly when Counsel has worked diligently to update Plaintiff's discovery.

Under Fed. R.Civ. Pro. 60(b), "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.1985) (quoting *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248 (5th Cir.1984)).

Here, there has no intentional conduct, delay or prejudice.  Rather, Counsel has worked diligently with Plaintiff's family to ensure the timely submission of the late Patsy Hays' PFS and has timely responded to all deficiency notices.  Patsy Hays' death on March 23, 2017 precluded her from effectively assisting in the PFS process.  Despite this disadvantage, Counsel and Patsy Hays' children have met on multiple occasions so that medical records could be pieced together after Hurricane Harvey wreaked havoc on the Greater Houston Area.  The PFS Counsel was able to submit was and is very complete, despite the hardships faced.  And while we feel that Ms. Hays' PFS is substantially complete, especially in light of the unique difficulties involved, if Defendants will specifically point out any remaining deficiencies, we will endeavor to resolve them.  As such, Patsy Hays' name should not have appeared on the Show Cause No. 2 list, and Patsy Hays' case, respectfully, should not be dismissed.

**Dated this 11th day of May, 2018.**

Respectfully Submitted,

REICH & BINSTOCK

 /s/ Robert J. Binstock
Robert J. Binstock (TX: 02328350)
Dennis C. Reich (TX: 16739600)

Reich & Binstock, LLP 4265 San Felipe, Suite 1000<br>
Houston, TX 77027 Phone: 713-622-7271<br>
dreich@reichandbinstock.com<br>
bbinstock@reichandbinstock.com<br>
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon each attorney of record through the Court's Electronic Court Filing System.

Dated: May 11, 2018

/s/ Robert J. Binstock<br>
Robert J. Binstock