# EXHIBIT I



May 22, 2018

Harley V. Ratliff
Adrienne L. Byard

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
303.893.9800 Phone
303.893.990 Fax
kyle.bachus@coloradolaw.net

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740 –
      Kelly Gahan and Taxotears Discovery Abuse and Sanctions

Dear Kyle:

We will seek sanctions for discovery abuse related to Kelly Gahan's failure to produce responsive documents, interference in case-specific and Taxotears discovery, and related to her May 16, 2018, deposition. I write to you to meet and confer on these subjects in advance of seeking such sanctions.

**Discovery Abuse and Sanctions**

As you know, starting in February 2017, Dr. David Weinstein began providing Dr. Gahan with experimental hair treatment. *See* Email from Dr. David Weinstein to Kelly Gahan (February 9, 2017) (Weinstein 00171). Despite treatment through April 2018, Dr. Gahan failed to disclose Dr. Weinstein on any of her four PFSs dated May 22, 2017 (within months of beginning his care), August 8, 2017, August 24, 2017, and October 2, 2017. Dr. Gahan declared under penalty of perjury that the information provided in each PFS was true and correct to the best of her knowledge and belief at the time it was submitted – yet failed to disclose Dr. Weinstein, even though he was treating her for the very injury for which she seeks compensation in this litigation.

Given the success of the treatment, Dr. Weinstein contemplated using the photographs of Dr. Gahan's hair for promoting his treatment, causing Dr. Gahan to respond:

> ***"I think that should be okay. How widely will they be distributed? Would rather not have the lawyers for the other side put two and two together just yet."***

Email from Kelly Gahan to Dr. David Weinstein (Jul. 28, 2017) (Weinstein 00022).



Dr. Weinstein responded:

> **Very limited distribution and only under CDA. You have taken the words right out of my mouth...rather not have the lawyers for the other side put two and two together just yet".**

May 22, 2018
Page 2

*Id.[1]*

We learned of Dr. Weinstein not through her deficient PFS responses or Dr. Gahan, but from the email she belatedly produced on March 2, 2018 – more than one year after she began treatment with Dr. Weinstein.

We notified your firm of our intent to seek Dr. Weinstein's records on April 14, 2018. Someone for your office evidently relayed this information to Dr. Gahan.

Dr. Gahan testified that she told Dr. Weinstein to "just tell them [Veritext] that you weren't really my doctor . . . you don't have any records you never saw me." *See* Rough Transcript Dep. Gahan, at 309-10. This is exactly what Dr. Weinstein told the records collection vendor on April 20, 2018.

As a result, we were forced to incur the costs of sending a subpoena to Dr. Weinstein, serving your firm notice on May 3, 2018. Someone from your office evidently relayed this information to Dr. Gahan, because she immediately texted Dr. Weinstein to warn him of the subpoena. *See* Message from Dr. Weinstein to Kelly Gahan (Weinstein 00177).



---

[1] Oddly, Dr. Gahan also warned Dr. Weinstein that "if the taxotere girls get wind of it they will hunt you down to the end of the earth begging for help." *See* Email from Kelly Gahan to Dr. Weinstein (July 28, 2017) (Weinstein 00022). Dr. Gahan has not told her Taxotears support group of her success with Dr. Weinstein's treatments in response to questions from the group for help. *See* Rough Transcript Dep. Gahan, at 302.



She then emailed him to warn him again. *See* Email from Kelly Gahan to Dr. Weinstein (May 3, 2018) (Weinstein 00007).

May 22, 2018
Page 3



*See also* Rough Transcript Dep. Gahan, at 311.

Perhaps more troublingly, Dr. Gahan actively encouraged others to engage in the same discovery fraud, commonly advising records custodians to respond that they "don't have medical records," whether or not she knows this to be true. *Id.* at 310.

For example, Dr. Gahan received treatment from Dr. Lann, including a prescription for acne and possible hair loss medication in 2015. *See* Target c/o CVS 00010.

Yet, when asked about Dr. Lann, Dr. Gahan testified that he may have prescribed her a "Z-pak" for a cold once. *See* Rough Transcript Dep. Gahan at 321. Dr. Lann's own response to Sanofi's request for records was almost verbatim of Dr. Gahan's coached response, stating "Kelly was a co-worker not my patient, I have *no* records – contact UC Health for any I am not involved in med records."

In addition, Dr. Gahan withheld hundreds of photographs responsive to the Plaintiff Fact Sheet and Amended Notice of Deposition. These include photographs of Plaintiff with friends and family before and after chemotherapy, <u>as well as weekly photographs taken expressly to detail her hair regrowth</u>. This is all particularly concerning in light of Dr. Gahan's production of 41 photographs, 12 videos, and 28 miscellaneous articles, two days before her deposition on May 14, 2018.

Dr. Gahan's attempted perjury, while counsel sat in silence, emphasizes these abuses at their fullest. When directly asked about hair regrowth treatment during her deposition, Dr. Gahan attempted to conceal her treatment with Dr. Weinstein. She only admitted to his treatment when asked about him *by name*.



Dr. Gahan is hardly an unsophisticated litigant.  Instead, Dr. Gahan filed the very first Taxotere lawsuit in December 2015 and, based on her email correspondence, actively referred other Taxotears members to your firm in an effort to leverage a supposed settlement.

May 22, 2018
Page 4

Dr. Gahan is aware of her legal and ethical obligations, not only because she is a voluntary litigant, but also because her profession mandates it.   The AMA Code of Medical Ethics make clear that a medical professional such as herself shall "respect the law" and shall be "honest in all professional interactions."  Dr. Gahan's actions were no mistake.  Instead, on the record evidence, Dr. Gahan undertook an intentional and pre-meditated effort to conceal relevant material from Sanofi.

Given the above, we will ask that the Court dismiss Dr. Gahan's lawsuit for these abuses of process.  So that the Court might fully evaluate the extent of this abuse, we kindly request that Dr. Gahan and counsel:

- Locate and produce the hundreds of responsive photographs in her possession;

- Perform a thorough search for any additional responsive media – including videos – related to her claims;

- Upload these additional documents by May 31, 2018, to MDL Centrality;

- Upload the May 14, 2018, production to MDL Centrality, as required by the Court;

- Amend Dr. Gahan's PFS to identify Dr. Weinstein and any other undisclosed witnesses;

- Immediately cease interfering with Sanofi's collection of documents and records related to the *Gahan* case; and

- Provide a list of all witnesses Dr. Gahan or your office has advised regarding Sanofi's requests for records.

Once the record is complete, Sanofi will seek costs and sanctions as appropriate, including against the Bachus & Schanker Firm.

**Taxotears Discovery**

Finally, given the discovery concerns raised by Dr. Gahan's deposition, we ask for the status of your identification of all clients who were - or are - members of the Taxotears group, as ordered by the Court on May 9, 2018.

Following the receipt of this list, and a fulsome production of Taxotears-related ESI, we will contact you to schedule Dr. Gahan's Taxotears-specific deposition.



Best regards,

Harley Ratliff
Adrienne L. Byard


cc: Dawn Barrios
    Palmer Lambert
    Douglas J. Moore
    John Olinde