# EXHIBIT D



June 8, 2018

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
303.893.9800 Phone
303.893.990 Fax
kyle.bachus@coloradolaw.net

Harley V. Ratliff
Adrienne L. Byard

2555 Grand Blvd.
Kansas City, Missouri 64108
t 816.474.6550
f 816.421.5547

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740 –
      30(b)(6) Notice re Alopecia 1992 - 2004

Dear Kyle:

Enclosed please find Sanofi's objections and responses to Plaintiffs' Amended Notice of Deposition of Sanofi pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding Alopecia: 1992 – 2004 (May 30, 2018).

***"Persistent Alopecia."*** As you will see from our objections and responses, we do not believe it is possible to produce a witness on this notice until plaintiffs define "persistent alopecia" with some temporal connection to chemotherapy treatment. It remains unclear to us whether we are looking for reports from women who lost their hair during treatment, who did not regrow hair immediately after treatment, who never overcame active cancer such that their hair never regrew, or from women whose hair later did regrow.

Our concern is amplified by the fact that after meeting and conferring, you agreed to remove some reports but not others. *Compare* Removed Report No. 21 (3 months of unresolved alopecia) *with* Unremoved Report Nos. 94 months of unresolved alopecia) and 15 (1 month of unresolved alopecia). We cannot discern any principled difference between the six reports you agreed to remove and the 39 that you did not.

Because we are at an impasse on the issue of whether plaintiffs have defined with reasonable particularity the most critical term in the notice, we will seek the Court's determination of the issue.

***Response by Written Interrogatory in Lieu of Deposition.*** As you will also see from our objections and responses, we think it is unreasonable and far too burdensome to prepare a witness to cover a thirteen-year span dating back as long as 26 years ago. The information sought is either readily apparent on the face of produced documents or amenable to written response, or so granular and from so long ago that the information is not known or reasonably available. For Topic 2, for

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

8803849 V1



June 8, 2018
Page 2

example, we have spent over 500 hours at this point to answer plaintiffs' questions on 70-plus reports set out in a 20-plus page table. A witness cannot synthesize all of this information from all of the necessary sources and be expected to testify about it in any comprehensible manner. But we will certainly agree to provide what is reasonably available from Sanofi in writing. We hope that on review of our response to Topic 2, you will agree that our commitment to this undertaking has been sincere and even commendable. Perhaps we can do more, though, and we are open to those discussions.

Still, we understand that your position is that you have a right to depose a corporate representative to suggest that Sanofi did nothing to follow up on these reports—even though there was follow up and even though many of these reports came from clinical trials providing the best available medical care. We also understand that your position is that you have a right to ask a witness about plans for a pretended study on alopecia, when the study plans that exist are the study plans for TAX316, which you have (Topic 5). Either way, we will seek determination of the issue by the Court because we do not think such examination is fair or proportionate to the needs in the case.

***Further Meet and Confer.*** Finally, where indicated, we have remaining questions about the information sought by Plaintiffs that might allow us to respond in writing to plaintiffs' greater satisfaction. Topics 3 and 5 are examples. We do not understand how the information requested reconciles with the time period identified in your notice, 1992 to 2004, and plaintiffs' definition of alopecia—and we still do not understand what additional information plaintiffs seek beyond what the document itself says.

We would welcome the opportunity to meet and confer with you further on these issues, even as the Court clarifies how the parties ought to proceed on the other points of impasse. Please advise us as soon as possible, otherwise we will seek appropriate relief.

Best regards,

Harley Ratliff
Adrienne L. Byard

cc: Dawn Barrios
   Palmer Lambert
   Douglas J. Moore
   John Olinde

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

8803849 v1