UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)           MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Barbara Brooks* 16-cv-17054
*Gwen Burnstein* 16-cv-17172
*Madeline Couvillier* 16-cv-16938
*Elsie Craddock* 16-cv-15572
*Victoria Daughtry* 16-cv-17053
*Elizabeth Davis* 16-cv-17985
*Carnelia Dean* 16-cv-17201
*Glenys Dukes* 16-cv-17048
*Gloria Fuller* 16-cv-17231
*Shirley Greene 16*-cv-16731
*Mattie Johnson* 16-cv-15581
*Beverly Johnson* 16-cv-17074
*Oletha Johnson* 16-cv-17976
*Shirley Jones* 16-cv-17103
*Tonia Jones* 16-cv-15498
*Kristy Justice* 16-cv-17186
*Marylyn Keys* 16-cv-17504
*Sylvia Lewis* 16-cv-17185
*Geraldine Manigault* 16-cv-17214
*Sheila McCullom* 16-cv-17197
*Linda O'Brien* 16-cv-17508
*Christine Palmatier* 16-cv-17223
*Reva Payne* 16-cv-17200
*Arlene Pelfrey* 16-cv-17228
*Florence Santiago* 16-cv-16935
*Elmira Selders* 16-cv-17156
*Mattie Shoemaker* 16-cv-17066
*Kim Smith* 16-cv-17162
*Patricia St Ann* 16-cv- 17179
*Carolyn Stallworth* 16-cv-17047
*Shirley Stevenson* 16-cv-17204
*Lynette Thomas* 16-cv-17981
*Cindy Thompson* 16-cv-17194

*Linda Traylor* 16-cv-15295
*Sarah Waller* 16-cv-17241
*Doris Williams* 16-cv-17044
*Catherine Williams* 16-cv-17215
*Delight Wood* 16-cv-15321
*Lorraine Young* 16-17235
*Ruth Lopez* 17-cv-01197

**PLAINTIFF'S MEMORANDUM FOR LEAVE TO FILE SUPPLEMENTAL SHOW CAUSE LETTERS IN RESPONSE TO RULE TO SHOW CAUSE NO. 3**

Plaintiffs, by and through their undersigned counsel, hereby respectfully requests leave of Court to file the attached Supplemental Letters to Show Cause to supplement their previously filed responses to Order to Show Cause Three (Doc. No. 1760). In Plaintiffs' initial responses to Show Cause No. 3, counsel had opined that an extension would yield cures to Defendants' alleged deficiencies, and counsel was correct. The letters attached hereto will provide the Court with information that the alleged deficiencies for Plaintiffs filing this Motion have been cured by responding to Defendants' alleged deficiencies.

A dismissal with prejudice is the harshest sanction that could be imposed, and should not be granted unless the following four factors are present:

(1) The violation must result 'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'

(2) 'the violation…must be attributable to the client instead of the attorney;'

(3) the violation 'must substantially prejudice the opposing party;' and

(4) there must be no 'less drastic sanction [that] would substantially achieve the desired effect.'

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.* No. MDL 07-1873, 2011 WL 5570637, a *1 (E.D. La. Nov. 16, 2011), citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

Facts supporting the above factors are not present in this case. There is no evidence that Plaintiffs acted in bad faith or with contumacious conduct to intentionally delay the supplementation the information within their PFS or submit a PFS. Instead, Plaintiffs have continued to rectify any purported deficiencies. Additionally, the Defendants have not and will not be prejudiced by this Court accepting evidence of Plaintiffs' diligence in rectifying alleged deficiencies by allowing Plaintiffs to supplement their previous letter submission, as all documents referred to in each response are in Defendants' possession on MDL Centrality. Plaintiffs have also advised Defendants of their efforts to cure their purported deficiencies and have requested that those Plaintiffs with substantially complete PFS(s) and Plaintiffs who have now submitted PFS be removed from Defendants' Motion to Dismiss.

The Plaintiffs propounding this Motion are committed to prosecuting their cases and have exemplified that by cooperating with counsel in curing their deficiencies. Plaintiffs are attempting to give the Court additional information that Defendants already possess. In weighing prejudice between Plaintiffs' slightly late deficiency cures as prejudicial toward Defendants versus barring Plaintiffs from ever bringing claims against Defendants, the latter is more prejudicial. Dismissal is a severe sanction that implicates due process. *Id.* Plaintiffs believe this Court should have all the necessary information about Plaintiffs' efforts prior to making such an impactful decision.

In light of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motions for Leave and consider the supplemental response letters attached hereto as Exhibit A.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202

(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

4

## **CERTIFICATE OF SERVICE**

I certify that on June 21, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/ J. Christopher Elliott*
