UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*ALL BACHUS & SCHANKER CASES*

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND PTO 71A DEADLINE

Plaintiffs, by and through counsel of record, submit their Motion for To Extend PTO 71A Deadline and Memorandum in Support Thereof.

PTO 71A ("the Order") was an Order regarding Electronically Stored Information ("ESI") entered on January 26, 2018, superseding PTO 71 (entered December 15, 2017). The Order required every Plaintiff to identify and attempt to locate any e-mail account, electronic device, hardware storage device, social media website, blogs/forum, and/or any cloud storage used between five years before that Plaintiff's first docetaxel treatment and present. (Document 1531 par. 2). Then, for each source of ESI identified by Plaintiff, Plaintiff was then to perform a search for at least 15 search terms on each ESI source the Plaintiff identified and produce all responsive data. (par. 4). If a Plaintiff did not find any relevant ESI, then she would sign a statement indicating so ("No ESI Statement). If a Plaintiff found responsive ESI, a Plaintiff would sign a statement indicating that she found additional ESI ("Additional ESI Statement") and had to produce the ESI.

The deadline for ESI production provided that, if more than 50 ESI Statements were due on the first deadline of March 30, 2018 (105 days from entry of PTO 71) for counsel, then 50 more would be due on May 14, 2018, and if counsel had more than 50 due on that date, then the remainder of ESI Statements would be due on June 28, 2018. The Court clearly recognized the difficulty individual

Plaintiffs counsel would have in providing more than 100 ESI Statements within 150 days. Though the undersigned counsel complied with the March 30th and May 14th deadlines by producing at least 50 ESI Statements by these dates. Despite the remainder of the ESI not being due until June 28, 2018[1], counsel has already submitted over 1,000 ESI Statements of the approximately 1,450 that are due. 426[2] ESI Statements have not been submitted and are due on June 28, 2018. Additionally, undersigned counsel very recently received large amounts of ESI for Plaintiffs Joann Phillips, Ami Dodson, Suzanne Mink, Jennifer Clinkscales, and Erica Lieberman, and counsel is in the process of reviewing these disclosures for privilege. Many Plaintiffs have also acknowledged that they have ESI but have not yet forwarded the ESI to counsel.

Counsel and Plaintiffs have made diligent efforts to comply with the Order, but many Plaintiffs are incredibly confused and need a significant amount of guidance understanding what ESI is. Practically speaking, many clients do not understand that certain types of information are considered ESI. Some mistakenly believe that they have relevant ESI solely because they own a Facebook account or e-mail address, even if a search for related terms would not yield ESI. Some clients also struggle with the Order because a computer they owned years earlier that may have had responsive information has been thrown out or destroyed. Overall, Plaintiffs are having a difficult time knowing whether they should sign a "no ESI statement" or an "additional ESI statement." Some are worried because the search terms are yielding information unrelated to this litigation or Taxotere usage or that the information is related to non-Plaintiffs personal information. Counsel is aware of situations where it has taken several days for an individual Plaintiff to get through the search terms because they subscribe to medical journals or news publications that routinely use many of the search terms. Many are also confused as to whether they have a continuing obligation to provide ESI, and if so, how frequently

---

[1] Plaintiffs whose Plaintiff Fact Sheets ("PFS") were not due until March 16, 2018 would not be subject to these deadlines, as the deadline for ESI Statements for PFS not yet due is 105 after the PFS due date.
[2] The number of missing ESI Statements has likely decreased by the filing of this Motion.

2

they must provide new ESI to counsel. In some cases, Plaintiffs are deceased, and their next-of-kin believes their loved one may have had ESI, but have no idea on how to retrieve it. Many Plaintiffs feel discouraged and confused because they have already provided Defendants with an extensive Plaintiff Fact Sheet, and are now being asked to scour their computers and other electronics, which is a difficult task for even the most sophisticated clients.

Despite the logistical nightmare, undersigned counsel has received over 1,000 ESI Statements from Plaintiffs. 426 ESI Statements that will be due on June 28, 2018 have not been received, and some Plaintiffs who have provided "additional ESI found" statements are still in the process of obtaining their ESI. However, due to the confusion and frustration many Plaintiffs have voiced, undersigned counsel believes that more time will allow counsel to contact more Plaintiffs and explain the ESI process. Plaintiff believes that an additional 120 days will allow Plaintiffs who have otherwise cooperated in discovery to send counsel their ESI Statements and produce relevant documents if they exist.

Fed. R. Civ. P. 6(b)(1)(A) and Fed. R. Civ. P. 16(b)(4) allow the Court to extend time or modify a schedule for good cause. A showing of good cause normally requires good faith on the part of the party seeking an enlargement and some reasonable basis for non-compliance within the time specified. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985) (*citing* 10 Wright & Miller *Federal Practice and Procedure: Civil* § 1165 at 622). In this case, Plaintiffs are desperately trying to comply with PTO 71A, but its breadth was not contemplated at the time of the entry. Counsel filed this Motion before the PTO 71A deadline, and counsel wants to ensure that each ESI Statement is accurate and that all document productions are complete. The Court contemplated the difficulties of having more than 50 clients providing ESI Statements and related discovery, and staggered ESI deadlines based on this. Plaintiffs originally had 105 days to submit 50 PFS. Plaintiffs then had another 45 days to submit an additional 50. Counsel complied with both of these deadlines.

The remaining deadline, if all ESI Statements are required to be submitted to the Court, will yield over 1,000. Counsel has, in good faith, tried to comply with PTO 71A by the deadline, however, given the complexity of this Order, it is reasonable that this could not be accomplished.

Extending the deadline for all Plaintiffs listed on Exhibit A and for Plaintiffs who have provided an "Additional ESI Found" Statement but have not yet provided the ESI to comply with PTO 71A will not prejudice the Defendants in any way. The clear majority of Plaintiffs that the extension would apply to are not trial plaintiffs, and even the first Bellwether trial is set to start in one year. Individual discovery for Plaintiffs whose cases will likely never be within a stone's throw of an actual courtroom will not affect Defendants' ability to conduct discovery. The ESI production (the majority of which do not have relevant ESI) of individual Plaintiffs is not likely to affect settlement or any trials.

The Order itself is duplicitous and overbroad. The majority of Plaintiffs in this litigation indicated both on their Plaintiff Fact Sheets and on their ESI Statements that they do not have ESI. The entire process is overburdensome for Plaintiffs. It requires those without ESI to make two separate statements indicating that none exists and forces Plaintiffs with ESI to interrupt their lives, sometimes for days at a time, to perform searches and send ESI to counsel. The Order creates more obligations for Plaintiffs in this MDL than a Plaintiff would have in most single-event cases, and these Plaintiffs will likely never go to trial.

If the deadline is not extended, these Plaintiffs will end up on a Show Cause List, and the Court will have to entertain either responses or oral argument in relation to all Plaintiffs who have either not submitted an ESI Statement or who have submitted an "additional ESI found" statements but have not produced the ESI. It would be a waste of judicial resources to have to hear over 400 arguments right now when an extended timeline for producing ESI Statements will cure many of the deficiencies.

For Plaintiffs that are unable to comply with PTO 71A by June 28, 2018, Defendants will certainly move to dismiss those Plaintiffs with Prejudice. Under 20% of returned ESI Statements indicate that the Plaintiff actually has ESI, so Defendants would be asking for a dismissal on many Plaintiffs at which already indicated the lack of ESI in their Plaintiff Fact Sheet (Section II, Question 18-20). It would be an incredibly severe sanction for failing to produce documents that do not exist. Many Plaintiffs are in partial compliance with PTO 71A by producing their "additional ESI found" statement, and counsel is working tirelessly to have these Plaintiffs produce their ESI.

Wherefore, Plaintiff respectfully requests that the Court extend the deadline for all Plaintiffs to submit an ESI and ESI Statements by 120 days from June 28, 2018, which is October 26, 2018 for the aforementioned reasons.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO. 41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2018, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/ J. Christopher Elliott*