UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | JUDGE MILAZZO |

*Emma Gene Brown v. Sanofi S.A., et al.;*
Civil Action No. 2:18-cv-00799

*Catherine M. Nolan v. Sanofi S.A., et al.;*
Civil Action No. 2:18-cv-00811

*Dorothy Cameron v. Sanofi S.A., et al.;*
Civil Action No. 2:18-cv-00828

*Felicia Copeland v. Sanofi S.A., et al.;*
Civil Action No. 2:18-cv-00802

*Donna Hall v. Sanofi S.A., et al.;*
Civil Action No. 2:18-cv-00804

**DEFENDANTS' OMNIBUS OPPOSITION TO PLAINTIFFS' MOTIONS FOR EXTENSION OF TIME TO SATISFY PLAINTIFF FACT SHEET DEFICIENCY**

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "sanofi") oppose Plaintiffs' Motions for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiency (Rec. Docs. 3134, 3135, 3136, 3137, 3138). In support, sanofi states:

Plaintiffs' request for a sixty (60) day extension of time to respond to Defendants' deficiencies notices, which identify Plaintiffs' wholesale failure to comply with their Plaintiff Fact Sheet ("PFS") obligations, should be denied because (1) each Plaintiff submitted virtually blank, unverified PFSs devoid of **any** substantive information related to her claim and without producing any of the requested documents despite more than ample time to submit a substantially complete

1

PFS and (2) Plaintiffs offer no explanation for their failure to act and fail to justify their request for additional time. *See* **Exhibit 1**.

The PFS is intended to provide key information about the factual and legal bases of Plaintiffs' claims. All Plaintiffs in MDL 2740 have seventy-five (75) days to submit a complete and verified PFS.[1] *See* Am. PTO 22 at ¶ 3 (Rec. Doc. 325). If Plaintiffs fail to do so, defendants provide a notice of deficiency within forty-five (45) days and Plaintiffs are granted an additional thirty (30) days from the notice of the deficiency to cure. *Id.* at ¶ 5. Currently, if a Plaintiff fails to timely cure the deficiencies, her case may be added to the Agenda for the next Status Conference; and if her PFS remains deficient at the time of the Status Conference, she will be subject to an Order to Show Cause, returnable at the following Status Conference, to show why her case should not be dismissed with prejudice. *Id*. Without any action to comply with Amended PTO 22 or to explain their failure to act, Plaintiffs seek to avoid the Show Cause process.

Here, Plaintiffs have been afforded a great deal of time to submit a substantially complete PFS. Plaintiffs filed their cases on January 26, 2018 and submitted blank, unverified PFSs between April 10 and April 11, 2018, wholly devoid of any substantive information regarding their claims. Thereafter, Defendants issued deficiency notices on May 22 and May 25, 2018. *See* **Exhibit 2**. Thus, these Plaintiffs have had more than one hundred forty (140) days to provide a complete and verified PFS, which Plaintiffs have not done. Instead, Plaintiffs have avoided—and continue to avoid—their obligations under Amended PTO 22 by using their blank PFS submissions as a placeholder in an attempt to buy more time. Specifically, Plaintiffs' PFSs contained only the most

---

[1] "A complete and verified PFS . . . shall be submitted to the Defendants using MDL Centrality on the following schedule: (a) within seventy-five days from the date of this Order for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; (b) within seventy-five (75) days of the date the case is docketed in this MDL for any Plaintiff whose case is docketed in the MDL after the date of this Order." Am. PTO 22 (Rec. Doc. 325).

basic personal information—i.e., name, address, date of birth, social security number and gender—but were otherwise completely blank.  *See* **Exhibit 1.**  Plaintiffs failed to provide **<u>any</u>** information regarding their claims, including, but not limited to, product identification, medical history and proof of injury documentation.  *Id.*

Plaintiffs' submission of blank PFSs serves only to deny Defendants the opportunity to learn the most basic but essential facts of Plaintiffs' claims and undermines the Court's case management procedures.  This practice wastes the parties' and the Court's time and resources—which might instead be spent on important work on other cases that are being faithfully prosecuted and defended—and frustrates the purpose of Amended PTO 22, itself an agreement between the parties.  Moreover, Plaintiffs' failure to submit a completed PFS prejudices Defendants' ability to learn the most basic, core information of Plaintiffs' claims, including their alleged injuries and the legal theories they will pursue.  The blank PFS submission practice thwarts the objectives of Amended PTO 22 and does nothing to advance the efficient adjudication of Plaintiffs' claims.

Further, Plaintiffs offer no sufficient explanation for their failures.  Based on Plaintiffs' own motions, Plaintiffs' counsel either (1) did not attempt to contact their clients until just *two days* prior to the deadline to respond to Defendants' deficiency notice; or (2) has not been in contact with their clients for months.[2]  Indeed, counsel admits that she has not been in contact with at least three of the five Plaintiffs since before the blank PFSs were submitted.[3]  Even if Plaintiffs were entitled to an extension of time, which they are not, the likelihood that such relief would result in Plaintiffs' curing their PFS deficiencies is dubious, at best.  No justification exists for

---

[2] (Rec. Doc. 3134-1, 3135-1, 3136-1, 3137-1, 3138-1).
[3] (Rec. Doc. 3134-1, 3135-1, 3138-1).

3

Plaintiffs' delays and, therefore, Plaintiffs should not be given an extension of time to satisfy their PFS obligations.

For these reasons, Defendants request that the Court deny Plaintiffs' Motions for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiency.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*