IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N"(5) |
| *Natalie Brown, et al. v. Sanofi-Aventis U.S. LLC, et al.*, Case No. 2:17-cv-12489 | JUDGE JANE T. MILAZZO |
| | MAG. JUDGE MICHAEL B. NORTH |

**SANOFI-AVENTIS U.S. LLC AND SANOFI U.S. SERVICES INC.'S OPPOSITION TO MOTION TO WITHDRAW AND MEMORANDUM IN SUPPORT**

Sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively "Sanofi") submit this memorandum in opposition to the Motion to Withdraw as Counsel for Plaintiffs submitted by Langdon & Emison, LLC ("Langdon"), counsel for Plaintiffs Natalie and Zealouis Brown. Mot. to Withdraw ("Mot."), Rec. Doc. 3184 (E.D. La. June 27, 2018). Rather than grant Langdon's Motion, Sanofi respectfully requests that the Court dismiss the case with prejudice because Plaintiffs have not complied with their discovery obligations under this Court's Orders.

**ARGUMENT**

Plaintiffs' counsel seeks to withdraw from representing Plaintiffs because Plaintiffs have not communicated with them and have failed to provide a Plaintiff Fact Sheet ("PFS"), signed authorizations, or any responsive documents, as required by this Court's orders. *See* Mot.; Am. PTO 22 ¶ 3, Rec. Doc. 325 (E.D. La. Apr. 14, 2017). This Court has previously advised that "[i]f the Plaintiff does not comply with Court Orders (including the submission of a completed PFS) as a result of being out of communication with the [counsel moving to withdraw], the Court may in its discretion dismiss the Plaintiff's case." PTO 74 ¶ 1(c), Rec. Doc. 1470 (E.D. La. Jan. 4, 2018).

The Court should exercise its discretion here and dismiss this case because Plaintiffs have not communicated with counsel or complied with their discovery obligations.

Amended Pretrial Order 22 requires plaintiffs to provide defendants with certain basic discovery within reasonable time frames and sets forth procedures for addressing any failure to do so. Within 75 days of the date a case is docketed in the MDL, a plaintiff must submit a complete and verified PFS, signed and dated authorizations, and all responsive documents within her possession. Am. PTO 22 ¶ 3. If she fails to do so and does not cure the deficiency, defendants may add the plaintiff's name and case number to the agenda for the next status conference. *Id.* ¶ 5. Any plaintiff who is still deficient by the time of the next status conference will be subject to an Order to Show Cause, returnable at the following status conference, requiring a plaintiff to show cause why her Complaint should not be dismissed with prejudice. *Id.* Failure to timely comply may result in dismissal. *Id.*

Plaintiffs have not complied with any of these deadlines and have not provided any of the required discovery. Plaintiffs filed their Complaint on November 15, 2017. *See* Compl., *Brown, et al. v. Sanofi-Aventis U.S. LLC, et al.*, 2:17-cv-12489, Rec. Doc. 1 (E.D. La. Nov. 15, 2017). Their PFS, authorizations, and responsive documents were due on January 29, 2018. *See* Am. PTO 22 ¶ 3. After Plaintiffs missed this deadline, Sanofi identified this case as deficient. *See* App'x C.8 to Joint Report No. 8 at 4, Rec. Doc. 2002-3 (E.D. La. Mar. 25, 2018). On April 4, 2018, this Court issued Order to Show Cause No. 4, ordering Plaintiffs (and others) to show cause by April 26, 2018, why their case should not be dismissed with prejudice for failure to comply with Amended PTO 22. Order to Show Cause No. 4 at 2, Rec. Doc. 2134 (E.D. La. Apr. 4, 2018); Ex. 1 to Order to Show Cause No. 4 at 4, Rec. Doc. 2134-1 (E.D. La. Apr. 4, 2018). Plaintiffs responded to Show Cause Order No. 4. *See* Index of Cases Identified on Order to Show Cause

No. 4 at 4, Rec. Doc. 2374-1 (E.D. La. Apr. 26, 2018); *see also* Amended Index of Cases Identified on Order to Show Cause No. 4 at 4, Rec. Doc. 2558 (E.D. La. May 10, 2018); *see also* Response to Order to Show Cause No. 4, attached as **Exhibit A**.  Langdon's Response notes it informed Plaintiff of her obligation to complete a PFS on numerous occasions.  *See* **Ex. A**.  It also admits Plaintiffs "are not in compliance with Court Orders." *Id.*

In Joint Report No. 9, Sanofi notified the Court that Plaintiffs still had not cured their deficient discovery responses, including submitting a Plaintiff Fact Sheet.  *See* Joint Report No. 9 of Liaison Counsel at 8-9, Rec. Doc. 2448 (E.D. La. May 4, 2018); App'x I.9 to Joint Report No. 9 at 2, Rec. Doc. 2448-9 (E.D. La. May 4, 2018).

Plaintiffs have not offered any explanation for their failure to comply with this Court's Orders, despite their attorneys' multiple attempts to advise them of their discovery obligations and the possibility that their case will be dismissed if they do not comply with them.  *See* Mot.

Under these circumstances, dismissal with prejudice is consistent with this Court's Orders and the federal rules.  This Court has repeatedly advised plaintiffs that failure to comply with discovery obligations may result in dismissal.  *See* Am. PTO 22 ¶ 5; PTO 74 ¶ 1(c).  Under Rule 37, a court may "dismiss[] the action or proceeding in whole or in part" where, as here, a plaintiff "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2).  Likewise, Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).  Failure to comply with discovery orders provides adequate grounds for ordering dismissal with prejudice.  *See, e.g.*, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  MDL courts have routinely granted dismissal where plaintiffs have failed to serve PFSs and related discovery within court-ordered deadlines.[1]  So should this Court.

---

[1] *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) (affirming district court's dismissal, with prejudice, of actions of plaintiffs who failed to comply with case management orders

## CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that this Court dismiss Plaintiffs' case with prejudice for failure to comply with Court orders, and deny Langdon's motion to withdraw as moot.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi*

---

governing the required PFS and medical authorizations); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867-68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice of actions of plaintiffs who failed to serve required PFS and medical disclosures); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 130 (E.D. Pa. 2011) (granting motion to dismiss where plaintiffs failed to produce medical records in their possession prior to court-ordered deadline), *aff'd*, 718 F.3d 236 (3d Cir. 2013); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 2010 WL 8253471, at *1 (S.D. Ill. Dec. 10, 2010) (dismissing plaintiffs' claims for "failure to comply with their Plaintiff Fact Sheet . . . obligations").

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*