# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>ALL CASES | MDL No. 2740<br><br>SECTION: N<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE NORTH |

**DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR INTERROGATORIES TO DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES INC. (DOCUMENT DESTRUCTION/LITIGATION HOLD)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "Sanofi") provide the following Objections and Responses to Plaintiffs' First Request for Interrogatories. As discovery in this matter is ongoing, Sanofi reserves the right to amend, supplement, modify, or change its Responses.[1]

Sanofi objects and responds as follows:

**SPECIFIC OBJECTIONS ON SCOPE OR FORM AND RESERVATION OF RIGHTS**

Sanofi hereby asserts the following Specific Objections on Scope or Form and Reservation of Rights ("Specific Objections on Scope or Form"), which are incorporated in and made a part of each response as set forth below. The assertion of the same, similar, or additional objections in the specific answers to these Interrogatories does not waive any of Sanofi's objections as set forth below. For each Specific Objection on Scope or Form, Sanofi has undertaken a good-faith effort to explain the specific factual or legal reasoning for its objections.

    1.    Sanofi objects to each Interrogatory as overbroad, burdensome, and oppressive, including but not limited to Interrogatories that seek "any" and "all" information that refers,

---

[1] Any response Sanofi makes to such discovery does not waive Sanofi's rights to assert additional objections as necessary.

relates to, or concerns a particular Interrogatory. Plaintiffs' request for "any" and "all" information on an issue is unduly burdensome, and Sanofi's discovery obligations are limited by principles of reasonableness and proportionality. *See, e.g., Fifth Third Bancorp v. Certain Underwriters at Lloyd's*, No. 14-869, 2017 U.S. Dist. LEXIS 70639 (S.D. Ohio May 9, 2017) (Plaintiffs' requests are "over-inclusive" in that they seek "any" and "all" documents within certain categories, which "likely include some documents unrelated to any claim or defense in this litigation."); *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C12-1267RSM, 2013 WL 195598, at *3 (W.D. Wash. Jan. 17, 2013) (request seeking "all documents relating to any actual or potential sources of X2's capital, is overbroad on its face"). Sanofi will not provide or attempt to search for "all" information related to "any" litigation "related to" Taxotere but instead will produce targeted materials as described in the specific responses below.

    2.    Sanofi objects to each Interrogatory that calls for identification of documents or information subject to or protected by the attorney-client privilege, the work product doctrine, any other applicable privileges or doctrines limiting discovery, and any applicable law or regulations. Sanofi does not intend to waive, by these responses, any privileges or claims of confidentiality associated with information or documents that are produced in this action.

    3.    Sanofi objects to each Interrogatory that is not limited in time or scope, specifically, to the period of time subsequent to the date of manufacture and sale of the product allegedly at issue, and subsequent to the date Plaintiffs allege that they were injured.

    4.    Sanofi does not waive or intend to waive, by reason of its responses to Plaintiffs' Interrogatories, its right to:

        1.    revise, amend or supplement these responses;

        2.    object on any ground to the use of information provided in response to Interrogatories for any purpose, in whole or in part, in this or any other proceeding, action, or matter;

        3.    object on any grounds, at any time, to other discovery procedures or

        Interrogatories; and

4.     object on the grounds of admissibility of any information provided in response to the following Interrogatories.

## OBJECTIONS TO DEFINITIONS

1.     Sanofi objects to any "definition" that attempts to expand or alter its obligations in responding to discovery.

2.     Sanofi objects to the definitions of the terms "You" and "Your" as referring to "Sanofi-Aventis U.S. LLC, Sanofi S.A., Sanofi U.S. Services Inc., and/or Aventis Pharma S.A. as well as all affiliates, partners, directors, officers, employees, servants, agents, and third-party contractors working on your behalf." Sanofi also objects that these terms also include "all predecessor business entities . . . as well as the predecessor's affiliates, partners, directors, officers, employees, servants, agents, and third-party contractors acting on the predecessor's behalf." Accordingly, where the terms, "You" or "Your" are used in these Interrogatories, Sanofi will limit its responses to the party-Defendants, entities sanofi-aventis U.S. LLC and Sanofi US Services Inc. consistent with the applicable law. In addition, Sanofi objects to this definition to the extent that it would call for Sanofi to provide information not within its knowledge. Sanofi objects that the definition is unduly burdensome in purporting to require Sanofi to inquire of all of the individuals encompassed in the definition in answering these Interrogatories. In addition, Sanofi objects to this definition to the extent that it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

3.     Sanofi objects to the definition of the term "Taxotere," which "refers to, as broadly as possible, docetaxel, a chemotherapy agent used in the treatment of cancer" to the extent that it is unclear what "as broadly as possible" means and to the extent that Plaintiffs intend to include any "chemotherapy agent used in the treatment of cancer" as opposed to

Taxotere® for the treatment of breast cancer specifically.  Sanofi objects that products other than Taxotere® are (1) not relevant to the claims and defense of a party and/or (2) not proportional to the needs of the case.  Sanofi also objects to this definition to the extent that it seeks information regarding products that Sanofi did not manufacture.

      4.      Sanofi objects to the definition of the term "Document," which is defined as "every original, draft, and duplicate of any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as those terms are defined and used in Rule 34 of the Federal Rules of Civil Procedure" as being overly broad to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules, and to the extent that the definitions would require Sanofi to extract or recover data that is inaccessible or would require extraordinary costs and efforts to retrieve.  Sanofi further objects that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

      5.      Sanofi objects to the definition of the term "Key Custodians," which is defined as "the list of custodians who received notification of the LEGAL HOLD, including any additions or amendments."  Sanofi specifically objects to the undefined phrase "received notification" as overly broad to the extent it seeks information related to custodians whose documents were not placed on legal hold.

      6.      Sanofi objects to the definition of the terms "Relating to," "Relate to," "Relating, "Referring to," "Refer to," "Regarding," "Concerning," or "Concern," which are defined as "evidencing, regarding, concerning, discussing, embodying, describing, summarizing,

4

containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, referring to in any way or manner, or in any way logically or factually connecting with the matter described in the request or paragraph of these demand, including documents attached to or used in the preparation of or concerning the preparation of the documents" to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law, fails to reasonably identify the documents sought by type and category, and seeks information tangentially implicating subjects without regard to relevance and proportionality.

      7.      Sanofi objects to the definition of the term "Legal Hold," which "refers to the process and documents notifying Sanofi employees of the need to preserve information and documents relevant to current or reasonably anticipated litigation, audit, government investigation or other such matter to avoid evidence spoliation" as being overly broad to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules, and to the extent that the definitions would require Sanofi to extract or recover data that is inaccessible or would require extraordinary costs and efforts to retrieve.  Sanofi further objects that the definition is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

      8.      Sanofi objects to the use of the singular including the plural and vice versa as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

      9.      Sanofi objects to the definition of the terms "and" and "or" as unduly burdensome and overbroad to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law and/or applicable local rules.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** For all LEGAL HOLDS issued for any reasonably anticipated or pending litigation related to TAXOTERE, whether arising in or outside the United States, please identify for each when and to whom the LITIGATION HOLD was sent.

**RESPONSE:** Sanofi provides the following information regarding other unrelated litigations:

| Litigation | Date Filed |
|---|---|
| *Bristol–Myers Squibb Co. v. Rhône–Poulenc Rorer, Inc.*, No. 1:95-cv-08833-RPP (S.D.N.Y.) ("*BMS*") | October 17, 1995 |
| *In re Pharmaceutical Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL No. 1456 (D. Mass.) ("*AWP*") | December 19, 2001 |
| *United States of America ex rel. Gohil v. Aventis Pharmaceuticals, Inc.*, No. 2:02-cv-02964-LS (E.D. Pa.) ("*Gohil*") | Unsealed September 11, 2006 |
| *Sanofi-Aventis U.S. LLC v. Fresenius Kabi USA, LLC*, No. 3:14-cv-07869-MAS-LHG (D.N.J.) ("Jevtana") | December 17, 2014 |

Sanofi further responds that it has provided to Plaintiffs the names of key custodians for the *Gohil* and the Jevtana cases, whom Sanofi identified to Plaintiffs on October 27, 2017, all received litigation holds.[2] And as Sanofi informed Plaintiffs on October 22, 2017, the earliest litigation hold related to a case now within this MDL litigation was January 22, 2016.[3] Further, all custodians in this litigation identified by either party to date are on litigation hold. Because this request is limited to issued legal holds, information about cases or claims from jurisdictions that do not have legal-hold obligations are not included within this response.

Beyond this, Sanofi objects because this interrogatory seeks "litigation hold information," a request that this Court has already denied: "Plaintiffs' request for production of litigation hold information is denied at this time, as the record does not support the need for

---

[2] *See* Email from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies, Zachary L. Wool, and David Miceli, Counsel for Plaintiffs (Oct. 27, 2017).
[3] *See* Letter from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies and Zachary L. Wool, Counsel for Plaintiffs at 9–10 (Oct. 22, 2017).

such discovery."[4] The record has not changed and still does not support such discovery. Further, Sanofi objects to this interrogatory because it is an improper request for discovery on discovery, which is inconsistent with the scope of permissible discovery under Rule 26(b)(1) and the ESI Protocol. The information requested is neither relevant to any claim or defense nor proportional to the needs of the case. Sanofi therefore objects because this interrogatory seeks information regarding litigation-hold notices, which is the very sort of discovery request courts regularly prohibit. Sanofi also objects because this interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. There is no basis for lifting the privilege protection for these documents, as this would be an intrusion into communications between Sanofi lawyers and its employees. Sanofi further objects because this interrogatory is duplicative in that it seeks information and documents Sanofi has already provided. In particular, this interrogatory seeks the same information about custodians and the date of the initial legal hold for this litigation, which Sanofi previously provided to Plaintiffs. Sanofi therefore objects because such duplicative discovery is expensive and unduly burdensome. Sanofi also objects because this interrogatory requests information regarding other unrelated litigations. Litigation-hold information for other unrelated litigations is not relevant to any claim in this case nor is it proportional to the needs of this case. Prior unrelated litigations did not trigger Sanofi's preservation obligation for this litigation. Further, Sanofi's duty to preserve in prior unrelated litigations ran to the specific opposing parties in those cases, not to the then-unforeseeable plaintiffs in this litigation. Sanofi therefore objects to this request for information regarding these unrelated litigations because they are not relevant or proportional to the needs of this case. Additionally, Sanofi objects because this interrogatory is overbroad and unduly burdensome because it is not limited in time or scope. Sanofi further objects to this interrogatory because it seeks information regarding ESI that is not reasonably accessible or

---

[4] *See* Minute Entry at 2 (Oct. 26, 2017).

that is routinely deleted or overwritten, which request the ESI Protocol prohibits. Sanofi has therefore limited its response as stated above.

**INTERROGATORY NO. 2: For all LEGAL HOLDS issued for any reasonably anticipated or pending litigation related to TAXOTERE, whether arising in or outside the United States, identify the relevant time period for each LEGAL HOLD, including the initiation date, the extension(s) date, and the release date, if applicable.**

**RESPONSE:** Sanofi provides the following information regarding other unrelated litigations:

| Litigation | Relevant Time Period |
|---|---|
| *BMS* | As set forth above, this case was filed on October 17, 1995. Final judgment was entered on January 25, 2002. |
| *AWP* | As set forth above, this industry-wide wholesale pricing litigation was filed on December 19, 2001 in addition to several state court cases. The defendants, including Sanofi, agreed on March 7, 2008 to a class settlement regarding numerous drugs. The court approved that settlement on December 8, 2011. |
| *Gohil* | As set forth above, this case was filed on May 17, 2002, but not unsealed until September 11, 2006. This is an ongoing matter. |
| Jevtana | As set forth above, this case was filed on December 17, 2014. Final judgment was entered on March 5, 2018. |

As Sanofi informed Plaintiffs on October 22, 2017, the earliest litigation hold related to a case now within this MDL litigation was January 22, 2016.[5] Because this request is limited to issued legal holds, information about cases or claims from jurisdictions that do not have legal-hold obligations are not included within this response.

Beyond this, Sanofi objects because this interrogatory seeks "litigation hold information," a request that this Court has already denied: "Plaintiffs' request for production of litigation hold information is denied at this time, as the record does not support the need for

---

[5] *See* Letter from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies and Zachary L. Wool, Counsel for Plaintiffs at 9–10 (Oct. 22, 2017).

8

such discovery."[6]  The record has not changed and still does not support such discovery. Further, Sanofi objects to this interrogatory because it is an improper request for discovery on discovery, which is inconsistent with the scope of permissible discovery under Rule 26(b)(1) and the ESI Protocol.  The information requested is neither relevant to any claim or defense nor proportional to the needs of the case.  Sanofi therefore objects because this interrogatory seeks information regarding litigation-hold notices, which is the very sort of discovery request courts regularly prohibit.  Sanofi also objects because this interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. There is no basis for lifting the privilege protection for these documents, as this would be an intrusion into communications between Sanofi lawyers and its employees.  Sanofi further objects because this interrogatory is duplicative in that it seeks information and documents Sanofi has already provided.  In particular, this interrogatory seeks the same information about the date of the initial legal hold for this litigation, which Sanofi previously provided to Plaintiffs.  Sanofi therefore objects because such duplicative discovery is expensive and unduly burdensome.  Sanofi also objects because this interrogatory requests information regarding other unrelated litigations. Litigation-hold information for other unrelated litigations is not relevant to any claim in this case nor is it proportional to the needs of this case.  Prior unrelated litigations did not trigger Sanofi's preservation obligation for this litigation.  Further, Sanofi's duty to preserve in prior unrelated litigations ran to the specific opposing parties in those cases, not to the then-unforeseeable plaintiffs in this litigation.  Sanofi therefore objects to this request for information regarding these unrelated litigations because they are not relevant or proportional to the needs of this case.  Additionally, Sanofi objects because this interrogatory is overbroad and unduly burdensome because it is not limited in time or scope.  Sanofi further objects to this interrogatory because it seeks information regarding ESI that is not reasonably accessible or

---

[6] *See* Minute Entry at 2 (Oct. 26, 2017).

that is routinely deleted or overwritten, which request the ESI Protocol prohibits. Sanofi has therefore limited its response as stated above.

**INTERROGATORY NO. 3:** **For all LEGAL HOLDS issued for any reasonably anticipated or pending litigation related to TAXOTERE, whether arising in or outside the United States, describe the scope of each LEGAL HOLD, including the categories of potentially discoverable information to be segregated and preserved; identification of KEY CUSTODIANS.**

**RESPONSE:** Sanofi provides the following information regarding other unrelated litigations:

| Litigation | Relevant Information |
|---|---|
| *BMS* | This was an intellectual-property case that involved a patent dispute related to taxol that terminated in 2002. The individuals on legal hold here likely would not have been relevant to that IP litigation. |
| *AWP* | This was a pricing litigation against virtually every major U.S. pharmaceutical company regarding medical reimbursement by Medicare and Medicaid for a broad-sweeping formulary of different pharmaceutical products. The issue in that litigation was pricing. Regulatory and safety issues were not components of that litigation. To the extent that a custodian was requested in this case and was also a custodian in *AWP*, their files were considered in the discovery process. |
| *Gohil* | This is a False Claims Act case involving allegations of off-label marketing related to Taxotere. On October 27, 2017, Sanofi provided Plaintiffs with the *Gohil* production custodians list.[7] To the extent that a custodian was requested in this case and was also a custodian in *Gohil*, their files were considered in the discovery process. |
| Jevtana | This was an intellectual-property lawsuit that involved a patent dispute related to Jevtana. On October 27, 2017, Sanofi provided Plaintiffs with the Jevtana production custodians list.[8] To the extent that a custodian was requested in this case and was also a custodian in the Jevtana litigation, their files were considered in the discovery process. |

Sanofi further responds that it has previously identified for Plaintiffs the key custodians in this MDL, and Sanofi continues to supplement this list as it identifies any additional key custodians

---

[7] *See* Email from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies, Zachary L. Wool, and David Miceli, Counsel for Plaintiffs (Oct. 27, 2017).
[8] *See id.*

during the course of discovery and through a reasonable, good-faith investigation.[9] Because this request is limited to issued legal holds, information about cases or claims from jurisdictions that do not have legal-hold obligations are not included within this response.

Beyond this, Sanofi objects because this interrogatory seeks "litigation hold information," a request that this Court has already denied: "Plaintiffs' request for production of litigation hold information is denied at this time, as the record does not support the need for such discovery."[10] The record has not changed and still does not support such discovery. Further, Sanofi objects to this interrogatory because it is an improper request for discovery on discovery, which is inconsistent with the scope of permissible discovery under Rule 26(b)(1) and the ESI Protocol. The information requested is neither relevant to any claim or defense nor proportional to the needs of the case. Sanofi therefore objects because this interrogatory seeks information regarding litigation-hold notices, which is the very sort of discovery request courts regularly prohibit. Sanofi also objects because this interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. There is no basis for lifting the privilege protection for these documents, as this would be an intrusion into communications between Sanofi lawyers and its employees. Sanofi further objects because this interrogatory is duplicative in that it seeks information and documents Sanofi has already provided. In particular, this interrogatory seeks the same information about custodians, which Sanofi previously provided to Plaintiffs. Sanofi therefore objects because such duplicative discovery is expensive and unduly burdensome. Sanofi also objects because this interrogatory requests information regarding other unrelated litigations. Litigation-hold information for other unrelated litigations is not relevant to any claim in this case nor is it proportional to the needs of this case. Prior unrelated litigations did not trigger Sanofi's preservation obligation for this

---

[9] *See, e.g.*, Letter from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies (Jan. 21, 2018) (identifying four additional custodians for the PSC).
[10] *See* Minute Entry at 2 (Oct. 26, 2017).

litigation.  Further, Sanofi's duty to preserve in prior unrelated litigations ran to the specific opposing parties in those cases, not to the then-unforeseeable plaintiffs in this litigation.  Sanofi therefore objects to this request for information regarding these unrelated litigations because they are not relevant or proportional to the needs of this case.  Additionally, Sanofi objects because this interrogatory is overbroad and unduly burdensome because it is not limited in time or scope.  Sanofi further objects to this interrogatory because it seeks information regarding ESI that is not reasonably accessible or that is routinely deleted or overwritten, which request the ESI Protocol prohibits.  Sanofi has therefore limited its response as stated above.

**INTERROGATORY NO. 4:** **For all LEGAL HOLDS issued for any reasonably anticipated or pending litigation related to TAXOTERE, whether arising in or outside the United States, describe any updates or amendments to the scope of the LEGAL HOLD.**

**RESPONSE:**  Sanofi responds that the aforementioned litigation holds were revised as needed to address changed circumstances and new information.  Because this request is limited to issued legal holds, information about cases or claims from jurisdictions that do not have legal-hold obligations are not included within this response.

Beyond this, Sanofi objects because this interrogatory seeks "litigation hold information," a request that this Court has already denied: "Plaintiffs' request for production of litigation hold information is denied at this time, as the record does not support the need for such discovery."[11]  The record has not changed and still does not support such discovery.  Further, Sanofi objects to this interrogatory because it is an improper request for discovery on discovery, which is inconsistent with the scope of permissible discovery under Rule 26(b)(1) and the ESI Protocol.  The information requested is neither relevant to any claim or defense nor proportional to the needs of the case.  Sanofi therefore objects because this interrogatory seeks

---

[11] *See id.*

information regarding litigation-hold notices, which is the very sort of discovery request courts regularly prohibit. Sanofi also objects because this interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. There is no basis for lifting the privilege protection for these documents, as this would be an intrusion into communications between Sanofi lawyers and its employees. Sanofi further objects because this interrogatory requests information regarding other unrelated litigations. Litigation-hold information for other unrelated litigations is not relevant to any claim in this case nor is it proportional to the needs of this case. Prior unrelated litigations did not trigger Sanofi's preservation obligation for this litigation. Further, Sanofi's duty to preserve in prior unrelated litigations ran to the specific opposing parties in those cases, not to the then-unforeseeable plaintiffs in this litigation. Sanofi therefore objects to this request for information regarding these unrelated litigations because they are not relevant or proportional to the needs of this case. Additionally, Sanofi objects because this interrogatory is overbroad and unduly burdensome because it is not limited in time or scope. Sanofi further objects to this interrogatory because it seeks information regarding ESI that is not reasonably accessible or that is routinely deleted or overwritten, which request the ESI Protocol prohibits. Sanofi has therefore limited its response as stated above.

**INTERROGATORY NO. 5:** **When did YOU first learn that PERSONS, whether in or outside of the United States, who were administered TAXOTERE, had sought legal advice for claims RELATING TO persistent or permanent alopecia?**

**RESPONSE:** Sanofi was first served with a Taxotere complaint in this litigation on January 13, 2016.

Beyond this, Sanofi objects to this interrogatory as overbroad because it seeks information regarding when Sanofi learned that a person had sought legal advice for claims relating to hair loss, which is not relevant or proportional to the needs of this case. The mere fact that an individual has sought legal advice does not trigger the duty to preserve. Otherwise,

13

pharmaceutical companies would be on perpetual litigation hold. Sanofi also objects because this interrogatory seeks "litigation hold information," a request that this Court has already denied: "Plaintiffs' request for production of litigation hold information is denied at this time, as the record does not support the need for such discovery."[12] The record has not changed and still does not support such discovery. Further, Sanofi objects to this interrogatory because it is an improper request for discovery on discovery, which is inconsistent with the scope of permissible discovery under Rule 26(b)(1) and the ESI Protocol. The information requested is neither relevant to any claim or defense nor proportional to the needs of the case. Sanofi therefore objects because this interrogatory seeks information regarding litigation-hold notices, which is the very sort of discovery request courts regularly prohibit. Sanofi also objects because this interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. There is no basis for lifting the privilege protection for these documents, as this would be an intrusion into communications between Sanofi lawyers and its employees. Sanofi further objects because this interrogatory requests information regarding other unrelated litigations. Litigation-hold information for other unrelated litigations is not relevant to any claim in this case nor is it proportional to the needs of this case. Prior unrelated litigations did not trigger Sanofi's preservation obligation for this litigation. Further, Sanofi's duty to preserve in prior unrelated litigations ran to the specific opposing parties in those cases, not to the then-unforeseeable plaintiffs in this litigation. Sanofi therefore objects to this request for information regarding these unrelated litigations because they are not relevant or proportional to the needs of this case. Additionally, Sanofi objects because this interrogatory is overbroad and unduly burdensome because it is not limited in time or scope. Sanofi further objects to this interrogatory because it seeks information regarding ESI that is not reasonably accessible or

---

[12] *See id.*

that is routinely deleted or overwritten, which request the ESI Protocol prohibits. Sanofi has therefore limited its response as stated above.

        Respectfully submitted,

        /s/ *Patrick L. Oot*
        Patrick L. Oot
        **SHOOK, HARDY & BACON L.L.P.**
        1155 F Street NW, Suite 200
        Washington, D.C. 20004
        Telephone: 202-783-8400
        Facsimile: 202-783-4211
        oot@shb.com

        Harley Ratliff
        Adrienne L. Byard
        **SHOOK, HARDY & BACON L.L.P.**
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816-474-6550
        Facsimile: 816-421-5547
        hratliff@shb.com
        abyard@shb.com

        Douglas J. Moore (Bar No. 27706)
        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        400 Poydras Street, Suite 2700
        New Orleans, LA 70130
        Telephone: 504-310-2100
        Facsimile: 504-310-2120
        dmoore@irwinllc.com

        ***Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2018, I served the foregoing on Plaintiffs' Counsel.

*/s/ Patrick L. Oot*