**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                     **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                                      **SECTION "H" (5)**

THIS DOCUMENT RELATES TO
ALL CASES

**JOINT REPORT NO. 10 OF LIAISON COUNSEL**
**(Status Conference, July 18, 2018)**

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants'

Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 10 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28

civil action(s) to the United States District Court for the Eastern District of Louisiana for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere*

*(Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4,

2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana

pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML").

On May 16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche

Milazzo. (Doc. 2599). As of July 16, 2018, excluding voluntary dismissals, there are

approximately 9,138 cases pending in the MDL before the Honorable Jane Triche Milazzo.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, Illinois, New Jersey, and

Delaware. Most of these state court proceedings were removed to federal court. The Court ruled

on remand motions on August 30, 2017and on May 15, 2018. (Rec. Docs. 781, 2597). A Motion to Remand in the *Kalyani Mokkapati, et al.* matter has been fully briefed and is currently under submission. (Rec. Doc. 2801).

On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only).  The parties also continue to make efforts to identify the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings, and to provide the call-in number for the status conferences, should they wish to join.  All known state court counsel have been advised of the telephone number for the status conference.  The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court. In New Jersey plaintiffs filed an Application pursuant to Rule 4:38A ("Centralized Management of Multicounty Litigation") to designate the Taxotere (Docetaxel) Cases a Multicounty Litigation for Centralized Management before the Honorable James F. Hyland of Middlesex County, which is currently pending.

Three (3) California judges in different counties have been assigned at least one Taxotere case. Federal-State Liaison Counsel provided the Court with the names and contact information for these six state court judges, as well as a chart of state court case information.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.10.

The Court has issued the following important Pretrial Orders (sometimes "PTOs") since the April 26, 2018 Status Conference:

A. Pretrial Order No. 79 (Rec. Doc. 3063) entered June 13, 2018, setting the next general status conference for July 18, 2018 at 10:30 a.m.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.10.

The Court has issued the following Case Management Orders since the April 26, 2018 Status Conference:

A. Case Management Order No. 14 (Rec. Doc. 3064) entered June 13, 2018, entering the Trial Scheduling Order that replaced and superseded CMO Nos. 3, 4, 6, 8, 8A, 8B, 10, and 11.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at  taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob

Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

6. **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

Plaintiffs' First Amended Long Form Complaint was filed on July 25, 2017 (Rec. Doc. 689). All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963 & 969). On January 4, 2018, the Court entered Pretrial Order No. 73 (Rec. Doc. 1463), adopting the approved version of the Short Form Complaint (Rec. Doc. 1463-1), which is the effective version of the form as of January 4, 2018. This form is available on the Court's MDL 2740 website under the tab "Forms" or on MDL Centrality. Plaintiffs' Liaison Counsel cautions all Plaintiffs that this updated exemplar Short Form Complaint is the only version to be used for filings after January 4, 2018.[1] Counsel are further advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint, and if counsel is relying on any state law's theory of liability or cause of action not list to use the blank lines to add in this information.

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[2] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. On February 14, 2018, the Court entered Pretrial Order No. 37A (Rec. Doc. 1682) that sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore,

---

[1] If an individual plaintiff previously filed a Short Form Complaint using an old version of the form, filing the current version of the updated Short Form Complaint is unnecessary. However, if it is necessary for counsel to file a new member case or amend a previously filed Short Form Complaint, counsel should ONLY use the Court-approved Short Form Complaint effective as of January 4, 2018. Counsel are cautioned not to use old versions of the Short Form Complaint that have come from the record or elsewhere, or their filing will be marked "Deficient" by the Clerk's Office.

[2] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf

dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[3]  If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under PTO 54 (Rec. Doc. 671), entered on July 21, 2017, Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice.  They must either file a stipulation to dismiss, or move to dismiss with prejudice. In either case, several procedural requirements must also be met and counsel should review the requirements of PTO 54. All voluntary dismissals without prejudice that would result in the dismissal of an entire action against all named Defendants require leave of Court by (i) motion or (ii) with stipulation of all served Defendants.

---

[3] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

With either a motion or stipulation, a Plaintiff must serve a completed Plaintiff Fact Sheet ("PFS") and accompanying disclosures.  In addition, with a motion, the Plaintiff must provide 14 days prior written notice to PLC and DLC and include a certification indicating either: (1) Defendants' consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1; and

E. PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1).

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017). For the staggering provisions of Amended PTO 22, Plaintiffs' counsel should carefully calculate whether their cases meet the requirements to take advantage of this provision.

As of July 16, 2018, Plaintiffs have served 7,654 PFSs, and 793 are in progress. Based on the PFSs received as of July 16, 2018, they divide among Defendants as follows:  3,644 sanofi, 704 Hospira, 278 Sandoz, 196 Accord, 2 Sun, 1,495 Unknown, 486 Blank, and 849 Other/Miscellaneous. The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of eliminating cases which are currently compliant with Amended PTO 22.

Pursuant to the Court's request, on June 21, 2018, counsel for both Plaintiffs and Defendants each submitted a proposal for a revised show cause order.  The parties will be prepared to discuss the status of this issue with the Court at the July 18, 2018 Status Conference. The parties intend to resubmit all cases that remain subject to dismissal, and in which the deficiency alleged has not been cured and on which the Court has not yet ruled pursuant to the prior show cause order, once the final revised show cause process has been entered by the Court.

## 8.  MDL CENTRALITY

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's MDL 2740 website under the tab "Forms," as well as on the BrownGreer website.

## 9.  SERVICE ON DEFENDANTS

Counsel for sanofi and the Plaintiffs' Steering Committee ("PSC") have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity.  Sanofi acknowledges that service of a complaint naming Winthrop US may be made on Sanofi-aventis U.S. LLC.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

**10. PRODUCT IDENTIFICATION ORDER**

On January 12, 2018, the Court entered Case Management Order No. 12 (Product Identification Order) (Rec. Doc. 1506) that sets forth procedures for counsel to take to identify the manufacturer for each client and the defendant for each client.

The parties will be submitting a proposal for an amended version of CMO 12 on July 20, 2018. Until the amended version of CMO 12 has been entered by the Court, the original version of CMO 12 and the obligations set forth therein remain in effect and require compliance by the parties.

The parties will be prepared to discuss the status of the amendment to CMO 12 with the Court at the July 18, 2018 Status Conference.

**11. PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence.  The parties will meet and confer if it becomes appropriate to modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4). Pursuant to negotiations with the U.S. sanofi Defendants, PLC circulated an additional letter on preservation to all Plaintiffs' counsel known at the time.

12. **PROTECTIVE ORDER**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

13. **ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

On December 15, 2017 the Court issued Pretrial Order No. 71 (Rec. Doc 1306) regarding Plaintiffs' Responsibilities Relevant to ESI.  On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531) that amends and supersedes Pretrial Order No. 71.  Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

14. **DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY**

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. Plaintiffs have also served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have begun to receive productions. The parties have met and conferred multiple times about this discovery served by the Plaintiffs. Plaintiffs and Defendants are also conducting depositions in the cases selected for trial. The parties are generally addressing discovery disputes with Magistrate Judge North.  The next in-person status conference has been scheduled by Magistrate Judge North for July 18, 2018, at 41:30 p.m. CDT.

15. **MOTION PRACTICE**

A Motion to Remand in the *Kalyani Mokkapati, et al.* matter has been fully briefed and is currently under submission. (Rec. Doc. 2801).

On June 8, 2018 sanofi filed a Motion for Rule 37 Sanctions for plaintiff Kelly Gahan. (Rec. Doc. 2831). Plaintiff filed a Response to the Motion on July 2, 2018. (Rec. Doc. 3216). Sanofi filed its Reply Memorandum in Support of the Motion on July 13, 2018. (Rec. Doc. 3388). The Motion is currently set for hearing before the Honorable Jane Triche Milazzo immediately following the July 18, 2018 Status Conference. (Rec. Doc. 3360).

On June 11, 2018, sanofi filed a Motion for Protective Order. (Rec. Doc. 2850). Plaintiffs filed their Opposition to the Motion on July 10, 2018. (Rec. Doc. 3374).[4] Sanofi filed its Reply Memorandum in Support of the Motion on July 16, 2018. (Rec. Doc. 3395). The Motion is currently set for hearing before Magistrate Michael B. North on July 18, 2018, at 1:30 p.m. (Rec. Doc. 2850).

16. **SETTLEMENT COMMITTEES**

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee, and to a sanofi Settlement Committee, and in PTO 44 (Rec. Doc. 371) a separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants.   On April 25, 2018 PTO 44A was issued, pursuant to request, replacing the settlement committee representatives for Sandoz and for Accord. (Rec. Doc. 2355).  Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. The members of the respective settlement committees are in communication.

17. **SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of

---

[4] Plaintiffs subsequently filed a Motion to Withdraw the Opposition and Substitute Record Documents. (Rec. Doc. 3385). This Motion was granted on July 13, 2018. (Rec. Doc. 3389).

the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted. The Special Master will be prepared to discuss any issue with the Court at the status conference on July 18, 2018.

18. **NEXT STATUS CONFERENCE**

The Court has announced that the next general status conference will be held on _____, 2018, at ___ a.m. in Judge Milazzo's courtroom, with the meeting of Lead and Liaison Counsel at 8:30 a.m. in Chambers, and the meeting of the PSC and the defendants' Lead Counsel at 9:30 a.m. The Court has set up a telephone conference line for the status conference that begins at 10:30 a.m. To join the status conference by telephone at 10:30 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail:  barrios@bkc-law.com


*Plaintiffs' Co-Liaison Counsel*


*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART
& MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
E-Mail:  dmoore@irwinllc.com


*Sanofi Defendants' Liaison Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier
& Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile:  504-528-9973
E-Mail:  plambert@gainsben.com


*Plaintiffs' Co-Liaison Counsel*


*/s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA  70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com


*505(b)(2) Defendants' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Douglas J. Moore*
Douglas J. Moore