# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO:<br><br>CHRISTINE AND JIM KINDERDINE,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>Defendant. | CASE NO.: 2:17-CV-00348-KDE-MBN<br><br>HON. JANE TRICHE MILAZZO |

## BRIEF IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT BASED UPON JUDICIAL ESTOPPEL

### I.   INTRODUCTION

Plaintiff Christine Kinderdine ("Ms. Kinderdine"), under penalty of perjury, affirmatively misrepresented in the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") the existence of her claim against Accord Healthcare, Inc. ("Accord"), even though she filed the instant lawsuit against Accord during the pendency of her bankruptcy. Because Ms. Kinderdine had a statutory obligation to disclose her lawsuit to the Bankruptcy Court but failed to do so, this Court should follow clear Fifth Circuit precedent and find that Ms. Kinderdine is judicially estopped from pursuing the instant action as a matter of law. Because Ms. Kinderdine's primary claim fails, her husband Jim Kinderdine's derivative loss of consortium claim must fail as well under applicable Ohio law.

## II.  STATEMENT OF FACTS

Plaintiffs are residents of Dayton, Ohio. *See* Ex. A, Pl. Fact Sheet § I.16, p. 2 (March 4, 2017) ("PFS").  In the fall of 2016, Ms. Kinderdine's father, a medical malpractice attorney, told Ms. Kinderdine about potential legal claims regarding Taxotere®/docetaxel after seeing a television commercial advertising the litigation. Ex. B, Dep. of Christine Kinderdine ("Kinderdine Dep.") Tr. 12:11-14, 23:3-7.  Once Ms. Kinderdine confirmed with her doctor that she received docetaxel during her chemotherapy treatments, she and her father consulted with several different attorneys to discuss her claim and ultimately chose and retained Ms. Kinderdine's current legal counsel.  Kinderdine Dep. Tr. 24:1-21.  At around the same time, Ms. Kinderdine began experiencing financial difficulty and filed for Chapter 7 bankruptcy.  Ms. Kinderdine filed her bankruptcy petition (the "Petition") in the United States Bankruptcy Court for the Southern District of Ohio on November 3, 2016.  *See* Ex. C, Bankruptcy Petition, *In re Christine A. Kinderdine*, No. 3:16-bk-33425, Dkt. No. 1 (S.D. Ohio Nov. 3, 2016).  Schedule A/B: Property, Part 3 of the Petition, requires the debtor to list ownership of any legal or equitable interest in the items detailed.  In response to question "33.  Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment (Examples: Accidents, employment disputes, insurance claims, or rights to sue)," Ms. Kinderdine responded "No."  *See id.* at 14.

On January 13, 2017, while her Petition was pending before the Bankruptcy Court, Plaintiffs filed the instant action against Accord alleging failure to warn, misrepresentation, negligence, negligent misrepresentation, fraudulent concealment, fraud and deceit, and loss of spousal consortium.  *See* Short Form Compl. ¶ 13, Dkt. No. 5.  Despite her ongoing duty to disclose all assets during the pendency of her Chapter 7 proceeding, Ms. Kinderdine never amended her Petition to disclose this action.  *See* Ex. D, Bankruptcy Docket, *In re Christine A.*

2

*Kinderdine*, No. 3:16-bk-33425 (S.D. Ohio Nov. 3, 2016). On April 13, 2017, the Bankruptcy Court entered an Order of Discharge and closed Ms. Kinderdine's bankruptcy proceeding by issuing a "no asset" discharge. *See id.*; *see also* Ex. E, Order of Discharge, *In re Christine A. Kinderdine*, No. 3:16-bk-33425, Dkt. No. 12 (S.D. Ohio Nov. 3, 2016). Summary judgment based on judicial estoppel is proper based upon Ms. Kinderdine's affirmative misrepresentation of the existence of this claim asserted in this Court.

### III.   LAW AND ARGUMENT

#### A.   Standard of Review

Summary judgment is appropriate where the evidence demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009). The moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Millet v. Huntington Ingalls Inc.*, No. CIV.A. 13-0934, 2014 WL 5018029, at *1 (E.D. La. Oct. 7, 2014). Once the movant has satisfied its burden, the burden shifts to the nonmoving party to show that a genuine dispute does, in fact, exist. A party raises a genuine issue of material fact with respect to a claim only if a reasonable jury could return a verdict for the nonmoving party. *Id.* Although the court must draw all reasonable inferences in favor of the non-movant, the nonmoving party cannot survive a motion for summary judgment by resting on conclusory allegations, unsubstantiated assertions, or the mere existence of a scintilla of evidence. *Id.*

### B. Ms. Kinderdine's failure to disclose her claim against Accord in her bankruptcy Petition judicially estops her from bringing her claim against Accord.

Ms. Kinderdine's failure to comply with her statutory duty in disclosing her claim against Accord in her bankruptcy Petition is tantamount to a representation that no such claim existed. *See In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004). Accordingly, she should be judicially estopped from pursing her case in this Court. Judicial estoppel is a common law doctrine intended to prevent litigants from playing "fast and loose" with the courts by assuming inconsistent positions in different proceedings. *In re Coastal Plains*, 179 F.3d 197, 206 (5th Cir. 1999). Judicial estoppel is especially important in the context of bankruptcy cases. The bankruptcy system depends on full and honest disclosure by debtors of all their assets. Without full disclosure, the interests of creditors and the bankruptcy court are impaired. *Id.* at 208; *see also Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

When a debtor fails to disclose a potential cause of action during the bankruptcy proceedings, he or she may be estopped from asserting that claim in subsequent litigation. The Fifth Circuit requires a defendant seeking to judicially estop a plaintiff based on the failure to disclose a claim to the bankruptcy court to show that 1) the plaintiff had a duty but failed to disclose the claim or lawsuit during the pendency of the bankruptcy; 2) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; 3) the party against which estoppel is sought convinced a court to accept the prior position; and 4) the party did not act inadvertently. *Jethroe*, 412 F.3d at 600; *In re Superior Crewboats, Inc.*, 374 F.3d at 335; *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013); *Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015). All four requirements are met here such that Plaintiffs are estopped from bringing their claim against Accord.

4

> 1. **<u>Ms. Kinderdine failed to fulfill her statutory duty to disclose all assets to the Bankruptcy Court by omitting her alleged claim against Accord from her Petition.</u>**

The federal bankruptcy code 11 U.S.C. § 521(1) imposes an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. The Fifth Circuit has recognized that this includes all of the debtor's "known" potential causes of action. *In re Coastal Plains, Inc.*, 179 F.3d at 207–08 (citing *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F. Supp. 859, 867 (E.D. Tex. 1996)). The debtor need not know of all of the facts or even the legal basis for the cause of action. If the debtor has enough information to suggest that he or she may have a possible claim, then it is a "known" cause of action that must be disclosed. *Id.* If a debtor disregards this duty and omits a known potential cause of action from the bankruptcy filings, or fails to amend bankruptcy filings, the debtor may be judicially estopped from later asserting the claim. *Jethroe*, 412 F.3d at 600.

Under clear Fifth Circuit precedent, the duty to disclose known claims in bankruptcy proceedings is an ongoing one. *Allen*, 813 F.3d at 573; *Jethroe*, 412 F.3d at 600; *see also Kamont v. West*, 83 F. App'x 1, 2 (5th Cir. 2003) (explaining that the debtor triggered his duty to disclose by filing a claim against the defendant during the pendency of his bankruptcy). The Fifth Circuit recently addressed this issue in a case nearly identical to Ms. Kinderdine's. In *Allen*, the debtors filed for bankruptcy and then subsequently filed a personal injury lawsuit during the pendency of the bankruptcy. *Allen*, 813 F.3d at 570. The Fifth Circuit affirmed the trial court's dismissal of the plaintiffs' claims at the summary judgment stage on the grounds that the debtors never disclosed their claims in the amendments despite their "continuing obligation to disclose post-petition causes of action." *Id.* at 573.

The Fifth Circuit reached the same result in *Jethroe* and *Kamont*. In *Jethroe*, the court affirmed summary judgment based on judicial estoppel on the grounds that debtor failed to

disclose pending and unliquidated claims in her bankruptcy proceedings. *Jethroe*, 412 F.3d. at 600. And in *Kamont*, the court held that debtor's failure to list claims in her bankruptcy petition judicially estopped her from subsequently asserting them. *Kamont*, 83 F. App'x at 3.

Here, Ms. Kinderdine not only presumably knew of her potential claim against Accord at the time of filing her bankruptcy Petition, but she also brought these allegations to fruition by filing a complaint during the pendency of her bankruptcy proceeding. In the fall of 2016, Ms. Kinderdine and her father began investigating her case upon seeing a lawyer advertisement for Taxotere®/docetaxel lawsuit. Ex. B, Kinderdine Dep. Tr. 12-21. She consulted with and retained legal counsel. Ex. B, Kinderdine Dep. Tr. 24:1-12. At this point, Ms. Kinderdine believed a potential cause of action existed. Yet when she filed her bankruptcy Petition on November 3, 2016, she did not disclose her potential claim against Accord as a contingent claim. *See* Ex. C, Bankruptcy Petition at 14. Moreover, after she filed her lawsuit against Accord, she remained silent with the bankruptcy court by failing to amend her Petition. *See* Ex. D, Bankruptcy Docket, *In re Christine A. Kinderdine*, No. 3:16-bk-33425 (S.D. Ohio Nov. 3, 2016). This led the bankruptcy court to discharge her bankruptcy proceeding without knowledge of her claim against Accord. Without question, Ms. Kinderdine knew of her alleged claim before the Bankruptcy Court discharged her case but disregarded her statutory duty to disclose under 11 U.S.C. § 521(1).

### 2. **Ms. Kinderdine now attempts to pursue the very claim she previously represented did not exist.**

Ms. Kinderdine omitted her alleged claim against Accord from her sworn bankruptcy Petition and never amended her Petition to include the claim after filing the instant action. By omitting her claim, Ms. Kinderdine affirmatively misrepresented its existence to the Bankruptcy Court. *See In re Superior Crewboats*, 374 F.3d at 335; *see also Allen*, 813 F.3d at 572

6

(explaining that plaintiffs' failure to disclose a personal injury claim was an implicit representation that no such claim existed). Now, Ms. Kinderdine seeks monetary compensation based on this very same "non-existent" claim. Such blatant inconsistent positions readily satisfies the second prong of the judicial estoppel inquiry.

### 3. The Bankruptcy Court accepted Ms. Kinderdine's misrepresentation by issuing a "no asset" discharge.

By omitting the possibility of the instant action, the Bankruptcy Court remained uninformed of the claim throughout the pendency of Ms. Kinderdine's bankruptcy proceeding. As a result, the Bankruptcy Court closed Ms. Kinderdine's case and issued a "no asset" discharge. *See* Ex. D, Bankruptcy Docket. A bankruptcy court issuing a "no asset" discharge is equivalent to adopting the debtor's position regarding potential claims. *In re Superior Crewboats*, 374 F.3d at 335; *Allen*, 813 F.3d at 572 (finding that the debtor's omission of the personal injury claim from the petition led the bankruptcy court to accept the position that no such claim existed). To this end, the third prong is satisfied.

### 4. Since Ms. Kinderdine filed the alleged claim against Accord during the pendency of her bankruptcy, her omission from the Petition was not inadvertent.

In bankruptcy cases, a debtor's failure to satisfy his or her statutory duty is "inadvertent" when the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *In re Coastal Plains*, 179 F.3d at 210; *Jethro*, 412 F.3d at 600-01. Under Fifth Circuit law, the debtor "lacks knowledge" of an undisclosed claim only where he or she is unaware of the facts giving rise to the potential cause of action. *Allen*, 813 F.3d at 573. A lack of awareness of the statutory duty to disclose is not relevant to the question of judicial estoppel. *Kamont*, 83 F. App'x at 3 (explaining that the debtor must prove she was unaware of the facts giving rise to her claim and not of her duty to report her claim). Presumably, Ms. Kinderdine

7

was aware of her potential claim against Accord before the filing of her Petition, but certainly knew of it during the pendency of her bankruptcy, after filing the Complaint against Accord. *See* Compl., Dkt. No. 1.

Ms. Kinderdine's affirmative misrepresentation of the existence of her alleged claim prevented the claim from becoming property of the Bankruptcy Court. If successful in seeking compensatory damages per the Complaint filed in this Court, Ms. Kinderdine stands to reap a financial windfall that she would not have been able to recover had she fulfilled her statutory duty of disclosure. A debtor possesses the requisite motivation to conceal if omitting the claim would allow him or her to recover on the undisclosed claim without having disclosed it to creditors. *In re Superior Crewboats*, 374 F.3d at 336. The Eastern District of Louisiana has held that the potential benefit resulting from nondisclosure provides a motive. *In re Vioxx Prod. Liab. Litig.*, 889 F. Supp. 2d 857, 861 (E.D. La. 2012). Thus, the final element is satisfied.

### C. **Jim Kinderdine's loss of consortium claim must fail as a matter of law because there is no viable underlying claim.**

As Ms. Kinderdine is judicially estopped from bringing a claim against Accord, Jim Kinderdine's claim (*see* Short Form Compl. ¶ 2, Dkt. No. 5) likewise fails. Mr. Kinderdine's alleged loss of consortium is derivative of Ms. Kinderdine's claim and entirely dependent on the success of the underlying claim. *See Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384, 392 (Ohio 1992); *see also Keller v. Foster Wheel Energy Corp.*, 837 N.E.2d 859, 863–64 (Ohio Ct. App. 2005) (explaining that a loss of consortium is a derivative claim that fails when the primary claim fails). Since, as discussed above, Ms. Kinderdine's underlying claim fails, Mr. Kinderdine's loss of consortium claim must also fail as a matter of law. *See Mender v. Vill. of Chauncey*, 41 N.E.3d 1289, 1301 (Ohio Ct. App. 2015) (affirming trial court's dismissal of loss of consortium claim after granted directed verdict on primary claims because "[a] derivative claim cannot

8

afford greater relief than that relief permitted under a primary claim; a derivative claim fails when the primary claim fails").

## IV. CONCLUSION

For the reasons as detailed above, Accord Healthcare, Inc. respectfully requests that this Court grant its Motion for Summary Judgment Based Upon Bankruptcy Judicial Estoppel and dismiss this claim in its entirety with prejudice.

Date: July 20, 2018

Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH  44113-7213
Telephone:     216.592.5000
Facsimile:     216.592.5009
Email:         julie.callsen@tuckerellis.com
               brandon.cox@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby that on this 20th day July, 2018, a true and correct copy of the *Brief in Support of Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel* was served upon the following through the Court's ECF filing system:

Jennifer L. Lawrence                *Attorneys for Plaintiffs*
Anne L. Gilday
The Lawrence Firm, PSC
606 Philadelphia Street
Covington, KY  41011
jenn.lawrence@lawrencefirm.com
anne.gilday@lawrencefirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX  77056
rand_nolen@fleming-law.com

                                               /s/ *Julie A. Callsen*
                                               Julie A. Callsen

015418\000003\3838116.1