UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) : MDL NO. 2740
PRODUCTS LIABILITY LITIGATION :
: SECTION "N"(5)
: JUDGE MILAZZO
: MAG. JUDGE NORTH
:
THIS DOCUMENT RELATES TO: :
*Shawna Scott v. Sanofi US Services Inc. fka* :
*Sanofi-Aventis U.S. Inc., et al.* :
Case No.: 2:17-cv-17270 :

## AFFIDAVIT OF COUNSEL IN SUPPORT OF
## OPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pursuant to Pretrial Order No. 74, undersigned Plaintiff's counsel hereby affirms that Defendants' Liaison Counsel and the Contact Counsel for each named and served Defendant have been contacted in writing at least fourteen (14) days prior to filing of the foregoing Opposed Motion to Withdraw as Counsel of Record, and Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd. responded in writing that the motion is opposed. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC responded stating, "Sanofi is not opposing your firm's withdrawal from the case, but will be requesting that the Court dismiss Ms. Scott's claims."

Pursuant to Pretrial Order No. 74, undersigned counsel further affirms that all reasonable efforts have been made to communicate with Plaintiff, and despite these efforts I have been unable to communicate with Plaintiff, Shawna Scott, due to Plaintiff's unresponsiveness. My efforts to contact Ms. Scott, as well as the efforts of the paralegal assigned to Ms. Scott's case, are outlined below in chronological order:

1. On February 20, 2018, undersigned counsel attempted to send a copy of the authorization forms required by Amended PTO 22 to Ms. Scott via Fedex Overnight Delivery, but was unable to do so because the only address Ms. Scott has provided to Canepa Riedy Abele is a post office box. Also on February 20, 2018, the paralegal assigned to Ms. Scott's case attempted to contact Ms. Scott by telephone and email correspondence to obtain a physical mailing address. Ms. Scott did not respond to this telephone call or email correspondence.

2. On March 2, 2018, the paralegal assigned to Ms. Scott's case sent correspondence to Ms. Scott at her post office box. Ms. Scott did not respond to this correspondence.

3. On March 6, 2018, the paralegal assigned to Ms. Scott's case attempted to contact Ms. Scott by telephone, but was unable to reach Ms. Scott or leave a message. A second letter was then sent to Ms. Scott at her post office box. Ms. Scott did not respond to this correspondence.

4. On April 6, 2018, the paralegal assigned to Ms. Scott's case again attempted to contact Ms. Scott by telephone. An adult female who identified herself as Ms. Scott's sister-in-law answered the telephone and agreed to relay to Ms. Scott our request that she return the call. Again, on April 19, 2018, the paralegal assigned to Ms. Scott's case attempted to contact Ms. Scott by telephone. An adult male who identified himself as Ms. Scott's father-in-law answered the telephone and agreed to relay to Ms. Scott our request that she return the call. Ms. Scott did not return these telephone calls.

5. On May 10, 2018, undersigned counsel attempted to contact Ms. Scott by email. Ms. Scott did not respond to this email correspondence.

6. On May 15, 2018, undersigned counsel attempted to contact Ms. Scott by telephone. An adult male who answered the telephone stated that he would relay to Ms. Scott our request that she return the call. Ms. Scott did not return this telephone call.

7. On May 24, 2018 and May 29, 2018, the paralegal assigned to Ms. Scott's case again sent correspondence to Ms. Scott at her post office box. Ms. Scott did not respond to this correspondence.

8. Finally, on June 26, 2018, undersigned counsel sent correspondence to Ms. Scott via email and via certified mail notifying her of all deadlines and pending court appearances. A true and correct copy of the return receipt for this correspondence is attached hereto as Exhibit 1. As of the date of filing the instant Motion to Withdraw, Ms. Scott has not responded to this correspondence.

9. Undersigned counsel has preserved for potential Court review in camera all emails and letters sent to Plaintiff. Undersigned counsel has not communicated with Plaintiff via text message.

. . .

. . .

. . .

. . .

. . .

10.  Plaintiff, Shawna Scott, has not communicated to moving counsel an objection to the requested withdrawal; nor has she communicated an intention to retain other counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 23, 2018

Respectfully submitted,

_____
KRISTIE L. FISCHER, NV #11693
CANEPA RIEDY ABELE
851 S. Rampart Boulevard, Suite 160
Las Vegas, Nevada 89145
kfischer@canepariedy.com