UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  TAXOTERE (DOCETAXEL)     *     16-MD-2740
PRODUCTS LIABILITY LITIGATION    *
                                 *     Section H
                                 *
Relates to:  All Cases           *     July 18, 2018
                                 *
                                 *     10:30 a.m.
* * * * * * * * * * * * * * * * * *


GENERAL STATUS CONFERENCE BEFORE
THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE


<u>Appearances</u>:


For the Plaintiffs:          Barrios Kingsdorf & Casteix, LLP
                             BY:  DAWN M. BARRIOS, ESQ.
                             701 Poydras Street, Suite 3650
                             New Orleans, Louisiana 70139


For the Plaintiffs:          Gainsburgh Benjamin David Meunier
                               & Warshauer, LLC
                             BY:  M. PALMER LAMBERT, ESQ.
                             1100 Poydras Street, Suite 2800
                             New Orleans, Louisiana 70163


For the Plaintiffs:          Pendley Baudin & Coffin, LLP
                             BY:  CHRISTOPHER L. COFFIN, ESQ.
                             1515 Poydras Street, Suite 1400
                             New Orleans, Louisiana 70112


For the Plaintiffs:          Gibbs Law Group, LLP
                             BY:  KAREN BARTH MENZIES, ESQ.
                             400 Continental Blvd., 6th Floor
                             El Sugundo, California 90245

<u>Appearances</u>:

For the Defendants:              Irwin Fritchie Urquhart
                                   & Moore, LLC
                                 BY:  DOUGLAS J. MOORE, ESQ.
                                 400 Poydras Street, Suite 2700
                                 New Orleans, Louisiana 70130


For the Defendants:              Chaffe McCall, LLP
                                 BY:  JOHN F. OLINDE, ESQ.
                                 1100 Poydras Street, Suite 2300
                                 New Orleans, Louisiana 70163


For the Sanofi                   Shook Hardy & Bacon, LLP
Defendants:                      BY:  HARLEY V. RATLIFF, ESQ.
                                 2555 Grand Boulevard
                                 Kansas City, Missouri 64108


For the Sanofi Defendants:       Shook Hardy & Bacon, LLP
                                 BY:  PATRICK OOT, ESQ.
                                 1155 F Street NW, Suite 200
                                 Washington, DC 20004


For the Accord                   Tucker Ellis, LLP
Defendants:                      BY:  JULIE A. CALLSEN, ESQ.
                                 950 Main Avenue, Suite 1100
                                 Cleveland, Ohio 44113


For the Actavis                  Ulmer & Berne, LLP
Defendants:                      BY:  MICHAEL J. SUFFERN, ESQ.
                                 600 Vine Street, Suite 2800
                                 Cincinnati, Ohio 45202


For the McKesson                 Morrison Foerster, LLP
Defendants:                      BY:  JULIE Y. PARK, ESQ.
                                 12531 High Bluff Drive
                                 San Diego, California 92130

Appearances:

For the Sandoz              Greenberg Traurig, LLP
Defendants:                BY:  CLIFF MERRELL, ESQ.
                           3333 Piedmont Road NE, Suite 2500
                           Atlanta, Georgia 30305


For the Sun Defendants:     Hinshaw & Culbertson, LLP
                           BY:  GEOFFREY M. COAN, ESQ.
                           28 State Street
                           Boston, Massachusetts 02109


Also Present:               Anne Andrews, Esq.
                           Kyle Bachus, Esq.
                           David Bonnin, Esq.
                           Lori Cohen, Esq.
                           Kenneth DeJean, Esq.
                           Val Exnicios, Esq.
                           Ben Gordon, Esq.
                           Douglas Hammel, Esq.
                           Emily Jeffcoat, Esq.
                           Dan Markoff, Esq.
                           Dave Miceli, Esq.
                           Rand Nolen, Esq.
                           Dennis Reich, Esq.
                           Jessica Perez Reynolds, Esq.
                           Deborah Rouen, Esq.
                           Darin Schanker, Esq.
                           Emma Schwab, Esq.
                           Rachel Shkolnik, Esq.
                           Irving Warshauer, Esq.


Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
                           500 Poydras Street, Room B-275
                           New Orleans, Louisiana 70130
                           (504) 589-7778



Proceedings recorded by mechanical stenography using
computer-aided transcription software.

<u>PROCEEDINGS</u>

**(July 18, 2018)**

**THE COURT:**  Please be seated.  I apologize.  I thought I left my notebook up here and quickly found that I had not.

Good morning.  For those of you that haven't had an opportunity to meet me, my name is Jane Milazzo.  This MDL has been transferred to my care, and I look forward to working with all of you.  This is our first status conference over which I am presiding.  So with that, we will begin.

Mr. Lambert or Ms. Barrios.

**MR. LAMBERT:**  Yes, Your Honor.  Palmer Lambert from Gainsburgh Benjamin, co-liaison counsel for plaintiffs.

I believe we were going to do a little recap of the 8:30 lead and liaison meeting and then I would go into the joint report, if that's okay.

**THE COURT:**  That's fine.

Mr. Coffin.

**MR. COFFIN:**  Good morning, Your Honor.  Chris Coffin on behalf of the plaintiffs.

As Your Honor instructed, we met this morning at 8:30, I believe it was, and went over an agenda that both sides had agreed to.  We then at your direction went into the committee meetings.

It's our understanding that in the future you

10:37

1    will continue to have meetings with lead counsel and liaison

2    counsel from both sides and then we will move directly into

3    this status conference.  Obviously the general status

4    conference will follow that in our future submissions to you as

5    far as agendas.

6              I think that the issues that we covered this

7    morning in our meeting with lead counsel and liaison counsel

8    will be covered in the joint report.  To my recollection we

9    talked about the order to show cause process, which Your Honor

10   has asked us to revise.  The parties have been working

11   together, per your direction, to submit something that we agree

12   upon.

13             The second thing was CMO 12 dealing with product

14   identification.  We talked extensively about that.  Your Honor

15   has directed us to make submissions by this Friday on those

16   issues we do not agree upon related to the CMO 12 process.  We

17   will do that by this Friday, the 20th.

18             We talked about the issue involving Actavis and

19   Sagent.  Mike Suffern, who represents Actavis, was with us.

20   Mr. Lambert, Mr. Suffern, myself, and counsel for Sagent -- I

21   believe it's Ms. Rose -- we have had conversations about how to

22   resolve the Actavis/Sagent issue.  We are working on that, and

23   your Honor has directed us to give a status on that within two

24   weeks.

25             **THE COURT:**  Two weeks.

10:39

1          MR. COFFIN:  Yes, Your Honor.  We will do that.  The

2     final issue --

3          THE COURT:  Was *Lexecon* --

4          MR. COFFIN:  Thank you.

5          THE COURT:  -- related to the second bellwether.  I

6     indicated to you that I would begin the process of determining

7     whether or not I would be able to preside over any trial

8     outside of the Fifth Circuit, but I will begin making those

9     inquiries.

10         MR. COFFIN:  Right, right.  That concluded what we

11    had at our meeting this morning.  As you well know, this

12    process that you have directed us to is to go through the joint

13    report which has been filed.  Mr. Lambert is the co-liaison who

14    will handle that.

15              Before we do that, Your Honor, knowing that it's

16    your first general status conference, from both sides we thank

17    you and your staff for taking on this MDL and especially in the

18    middle of it.  We recognize it's a very large task.  If you are

19    dealing with it at the beginning, it's a very large task.  It's

20    probably considered an enormous task at this point.  So from

21    Mr. Ratliff and his team and my team as well, we really

22    appreciate it.

23         THE COURT:  Thank you.

24         MR. COFFIN:  With that, Mr. Lambert.

25         THE COURT:  I'm wondering, Mr. Lambert, while you are

10:40

1   up here, if this might be an appropriate time for me to just

2   review some of the preliminary changes that I am going to make.

3   I think Mr. Coffin certainly alluded to that.

4              Every case needs to be managed in a manner

5   that's comfortable for the judge and what works best.  At this

6   point we talked about this morning, primarily, I think we are

7   dealing with infrastructure.  That's where we are at this

8   point.

9              I have made some minor revisions to our status

10  process.  I have opened it up, the first meeting -- which was,

11  I think, previously just liaison counsel and then went into a

12  plaintiffs' steering committee meeting and then this general

13  status.  I have consolidated the plaintiffs' steering committee

14  meeting and the general status meeting into one session.  I

15  have opened up the earlier morning meeting to lead counsel for

16  plaintiffs as well as all of the defendants as well as liaison

17  counsel.

18             I think it's going to work better for me.  I

19  hope you all are satisfied with the process.  That's how we are

20  going to do it, anyway.  With that, I just wanted to tell you

21  that's probably the biggest change for now.

22             I know we are working diligently on revision of

23  the show cause orders.  I can tell you -- and I don't know if I

24  should say this now -- I anticipate having that new pretrial

25  order within very short order.  What is pending now will be

10:42

1    dismissed without prejudice, to be reurged under the new system

2    that will, I think, make the process a little more efficient.

3    Anyway, those were the two big issues that we addressed this

4    morning.

5            **MR. LAMBERT:**  Yes.  Thank you, Your Honor.  Just so

6    that the folks on the phone and the folks out here know, that

7    show cause process, instead of a two-page written submission,

8    it will entail an oral hearing process, just a summary of what

9    that will be.  We will get that to Your Honor very shortly.

10           **THE COURT:**  Thank you.

11           **MR. LAMBERT:**  I join in thanking you and your staff

12   for making this so far a smooth transition.  I also want to

13   welcome your new MDL law clerk, Ms. Schott, who we look forward

14   to working with, as well as Ms. Schroeter.  I also wanted to

15   note that it's Mr. Coffin's birthday today, and I'm sure he

16   appreciates sharing it.

17           **THE COURT:**  Happy Birthday.

18           **MR. COFFIN:**  That was entirely unnecessary, but thank

19   you.

20           **MR. LAMBERT:**  If Your Honor is ready, we will go

21   through the joint report.

22           **THE COURT:**  Let's proceed.

23           **MR. LAMBERT:**  The joint report was filed yesterday.

24   For the record, it is Rec. Doc. 3448.  It begins with

25   Section 1, which is Report of Claims and Case Inventory.  As of

10:43

1    July 16, there are 9,138 cases pending before you in the MDL.

2    That is an increase of about 600 cases from our April status

3    conference.

4              Section 2, Federal/State Coordination,

5    Ms. Barrios is our federal/state liaison.  She works with the

6    state court judges involved to make sure that they are aware of

7    where we are in this case.  There may or may not be some of

8    those judges participating by phone.  I know Your Honor has

9    reached out to those judges whom we are aware of to advise of

10   these conferences.

11             Those related state court proceedings are

12   pending in California, Illinois, New Jersey, and Delaware.

13   Most of those state court proceedings were removed to federal

14   court but have been remanded pursuant to two remand orders.

15   There is a pending motion to remand in the *Mokkapati* -- I'm

16   probably not pronouncing that correctly -- matter and that's

17   Rec. Doc. 2801.

18             California counsel specifically are reminded to

19   make themselves familiar with Pretrial Order No. 77A, which

20   streamlines the process of seeking remand for California

21   plaintiffs who named McKesson as a nondiverse defendant.  That

22   order is Rec. Doc. 2202.

23             Pretrial Order No. 8 (Rec. Doc. 156) requires

24   counsel for each defendant to provide certain information

25   regarding state court cases to Ms. Barrios as state/federal

10:45

1    liaison.  I believe that information has been provided to

2    Your Honor.

3                We are aware that there has been communication

4    with Honorable Judge Vivian Medinilla in Delaware and that

5    those cases are awaiting a status conference that has been

6    requested by plaintiffs.

7                In New Jersey the plaintiffs have filed an

8    application to designate the Taxotere cases as a multicounty

9    litigation and that motion is still pending.

10               There are three California judges whom we are

11   aware of who have cases assigned to them related to this

12   litigation.

13               Section 3, Pretrial Orders, there is a listing

14   of pretrial orders attached to this joint report as

15   Appendix A.10.  Since the last status conference, Pretrial

16   Order No. 79 (Rec. Doc. 3063) was entered that set today's

17   conference.

18               Section 4, Case Management Orders, those are

19   appended to this report as B.10.  The most recent case

20   management order entered by Your Honor is No. 14 (Rec. Doc.

21   3064), which revises the bellwether trial process.  That

22   replaces and supersedes CMOs 3, 4, 6, 8, 8A, 8B, 10, and 11 and

23   sets the first trial May 13, 2019.

24               **THE COURT:**  Thank you.

25               **MR. LAMBERT:**  Section 5, Counsel Contact Information

10:47

1    Form, that is in Pretrial Order No. 7.  Counsel are reminded to
2    submit that form to taxotere@BKC-law.com.  It's very important
3    to do that.  For the folks on the phone, that information is
4    provided to plaintiffs' liaison counsel to keep counsel up to
5    date in the litigation.  It's also provided to BrownGreer as
6    the method of circulation of all of the MDL orders and filings.
7                Section 6 -- and this section is quite lengthy
8    in the report, so I'm going to try to truncate it a little
9    bit -- Master Complaint and Short Form Complaint, the
10   plaintiffs' first amended long form complaint was filed
11   July 25, 2017.  That's Rec. Doc. 689.  All named defendants
12   have filed answers.
13               Pretrial Order No. 73 (Rec. Doc. 1463) provides
14   the current version of the short form complaint and that is
15   effective as of January 4, 2018.  If you are filing new cases
16   directly in this MDL, you need to be using that form.
17               When using a short form complaint, you need to
18   make reference to the master long form complaint.  If you are
19   relying on any state law or theories of law not advanced in the
20   master complaint, counsel should use the blank areas of the
21   short form complaint to include allegations related to those
22   additional causes.
23               The process for filing an amended complaint is
24   set forth in Pretrial Order No. 37A.  Counsel are also reminded
25   to familiarize themselves with the Local Rules, specifically

10:49

1    7.6, which requires conferral before filing any motion for

2    leave to amend.  If you have any questions regarding that

3    process, it's a fairly detailed explanation in this joint

4    report, but Ms. Barrios' office and mine are always available

5    to answer questions.

6              A little bit of an aside here.  We have seen

7    some deficiencies issued by the clerk's office related to the

8    use of the submission date.  The Eastern District, for those

9    who are not familiar with the Eastern District, has a motion

10   day calendar on the website.  When you file a motion, you have

11   to designate it for submission, if it's opposed, and it has to

12   be more than 15 days out from when you file the motion.

13             Please familiarize yourselves with that

14   submission date rule.  You have to attach a notice of

15   submission which selects one of the submission dates that's

16   available on the Court's website under Judge Milazzo's section,

17   Section H.

18             The final portion of Section 6 is related to

19   voluntary dismissals.  Pursuant to Pretrial Order No. 54,

20   plaintiffs cannot notice a voluntary dismissal of an entire

21   case without prejudice.  There are certain rules that have to

22   be followed within that order.

23             In addition to what's said in here, plaintiffs'

24   counsel need to be familiarized with Pretrial Order No. 15,

25   Section J, and also with Federal Rule of Civil Procedure 41

10:51

1    before seeking partial dismissal of any cases.  The parties are

2    in discussions related to CMO 12 to come up with a form notice

3    of dismissal for less than the entire case.

4              **THE COURT:**  Thank you.

5              **MR. LAMBERT:**  Section 7, Plaintiff and Defendant Fact

6    Sheets, again I'll try to truncate this section a little bit.

7    Pretrial Order No. 18, No. 23, and No. 55 relate to the

8    plaintiff fact sheet.  The current version of the plaintiff

9    fact sheet is Rec. Doc. 236-1.  It was amended by Pretrial

10   Order No. 55.

11             Possibly the most important order related to

12   plaintiff fact sheets is Amended Pretrial Order No. 22.  That

13   sets forth the process for service of plaintiff fact sheets,

14   defendant fact sheets, and deficiencies related to the same.

15   As was discussed by Mr. Coffin, we are working at Your Honor's

16   direction on a new show cause order process.

17             There is a staggering provision of Pretrial

18   Order No. 22 related to the due date for submission of

19   plaintiff fact sheets, and plaintiffs' counsel should carefully

20   calculate under those rules whether their case meets the

21   criteria for extending the deadline due to staggering.

22             As of July 16, 2018, plaintiffs have served

23   7,654 plaintiff fact sheets.  Another 793 are in progress.

24   Those break down as follows:  3,644 Sanofi, 704 Hospira,

25   278 Sandoz, 196 Accord, 2 Sun, and then -- if I have added

correctly -- 2,830 that do not yet have an identified defendant.

Plaintiffs' liaison counsel have also advised all counsel of the Court's statements -- this was Judge Engelhardt's statements regarding the issue of photographs -- and have enclosed copies in our transmission of the transcript where the Court expressed its expectations in that regard.

I think we have already discussed submission of a revised show cause process, and that will be provided to the Court in short order.

Section 8 regarding MDL Centrality, just sort of a repeat section here, but the fillable versions of the plaintiff fact sheet and defendant fact sheet are under the Forms tab of the MDL 2740 website on the Eastern District's site.  It's also available on BrownGreer's website.

When filling out a plaintiff fact sheet, it has to be uploaded in the fillable form.  It can't be hand filled out and then uploaded.  Again, any technical questions with completing fact sheets my office and Ms. Barrios' office can answer.

Section 9, Service on Defendants, the parties have agreed on streamlined service procedures for each of the defendants named in the master complaint.  Those are Pretrial Order No. 9 for Sanofi and Winthrop, Pretrial Order No. 29 for Accord Healthcare, Inc., Pretrial Order No. 30 for Sandoz,

10:55

1   Pretrial Order No. 32A for Actavis Pharma, Inc., Pretrial Order
2   No. 33 for McKesson Corporation, Pretrial Order No. 39A for Sun
3   Pharmaceutical Industries, Inc., and Pretrial Order No. 40A for
4   Hospira Worldwide, LLC, and Pfizer.
5                  Section 10, Product Identification Order, we
6   have discussed this with Your Honor extensively this morning.
7   As Mr. Coffin reported, we will be submitting on Friday any
8   issues that remain in dispute by a letter brief.
9            **THE COURT:**  Mr. Coffin.
10           **MR. COFFIN:**  If I may, Your Honor.  As Mr. Lambert
11  and I both indicated, we do intend to make our submissions by
12  Friday.  In the meantime, my understanding from Your Honor is
13  that plaintiffs should continue to pursue product ID, and
14  defendants should continue to pursue their obligations under
15  the current order until such time as Your Honor has entered a
16  new order and we start a different process.
17           **THE COURT:**  No one should consider the fact that we
18  are looking at revisions as any sort of stay.  Everyone should
19  proceed full speed ahead.  This is information that needs to be
20  acquired under any circumstances.  Thank you.
21           **MR. COFFIN:**  Understood.  Thank you, Your Honor.
22           **MR. LAMBERT:**  Unless the Court has any more comments
23  on product ID, we will move on to Section 11, Preservation
24  Order.  Counsel, are reminded to familiarize themselves with
25  the terms of Pretrial Order No. 1.  That's Rec. Doc. 4 at

10:57

1    paragraph 12 regarding preservation of evidence.  The PSC has

2    circulated an additional letter to all counsel on preservation.

3                    Section 12, Protective Order, that is Rec. Doc.

4    612-1 and 613, Pretrial Order No. 50, and that was entered by

5    Judge North last July, July 5, 2017.

6                    Section 13, Electronically Stored Information,

7    the ESI protocol for defendants was entered July 5, 2017, as

8    Pretrial Order No. 49.  Then subsequently the Court issued

9    Pretrial Order No. 71, which was later amended by Pretrial

10   Order No. 71A.  That is Rec. Doc. 1531.  That relates to the

11   plaintiffs' responsibilities related to ESI searches and

12   certification of compliance by plaintiff and plaintiffs'

13   counsel.

14                    Section 14, Discovery of Defendants and Trial

15   Case Discovery, although this is a short paragraph, there is a

16   lot going on here.  The plaintiffs have served merits discovery

17   on Sanofi and have completed approximately 30 depositions of

18   Sanofi representatives.  The defendants have also produced

19   millions of pages of documents pursuant to our requests.

20                    Plaintiffs have also served merits discovery on

21   Accord Healthcare, the Hospira/Pfizer defendants, and Sandoz.

22   They have conferred multiple times about this discovery.

23   Related to the bellwether or the trial cases, more than 40

24   depositions of witnesses related to those cases selected for

25   trials one and two have been completed.

10:59

1           It looks like there's a little bit of a typo
2   here, but the next status conference with Judge North related
3   to discovery issues is at 1:30 this afternoon.
4           Section 15, Motion Practice, I already said the
5   name once and I don't want to butcher it again, but there is a
6   motion to remand pending.  That's Rec. Doc. 2801.
7           Sanofi has also filed a motion for Rule 37
8   sanctions in one of the individual cases.  That's Rec. Doc.
9   2831.  That hearing is set before Your Honor immediately
10  following this conference.
11          Sanofi has also filed a motion for protective
12  order related to a 30(b)(6) notice issued by the plaintiffs.
13  That is Rec. Doc. 2850, and that argument will be before
14  Judge North this afternoon as 1:30.
15          Section 16 is related to the settlement
16  committees.  I believe Mr. Gordon is here to provide a brief
17  report.
18          **MR. GORDON:**  Good morning, Your Honor.  Ben Gordon on
19  behalf of the plaintiffs' settlement committee.
20          **THE COURT:**  Good morning, Mr. Gordon.
21          **MR. GORDON:**  Just a few brief comments.  By the way,
22  we have Dennis Reich to my right, for the settlement committee
23  also, and also Mr. Warshauer.  Also -- not with us, but I
24  assume on the phone -- we have Ashlea Schwarz and Mark Niemeyer
25  on the settlement committee, whom you may have met in the past,

11:01

1    who have been here.

2              I want to say just a few words, Your Honor,

3    about what we have done recently.  We had the opportunity to

4    meet recently with the members of the Sanofi settlement

5    committee, including Mr. Kaplan and other members.  We have met

6    with them over the past years a number of times and had what I

7    would call very collegial and positive meetings.

8              A couple of points I wanted to make very briefly

9    for Your Honor that I think are relevant for everyone here,

10   recently -- and I wanted to give a shout-out to Mr. Niemeyer

11   because he was really the main architect of some of this.

12             You are familiar with PTO 60 and the work that

13   we have done under PTO 60.  Mark, in particular, Mr. Niemeyer,

14   spent countless hours -- well, I shouldn't say "countless"

15   because we actually did count the hours and submit them -- a

16   number of hours tirelessly working on analyzing the data

17   reported from counsel around the country, over 150 firms,

18   reporting on their cases, not only filed cases but the

19   claimants they represent who are not filed cases yet for whom

20   they believe they have relevant data under PTO 60 who are

21   Sanofi cases -- and others, but for purposes of the Sanofi

22   meetings the claimants they represent for whom they believe

23   they have data sufficient to show that they are provable Sanofi

24   products, Sanofi docetaxel or Taxotere cases, and hair loss of

25   some magnitude.  Under PTO 60 it doesn't have to be established

11:02

1   how much hair loss, but some level of compensable hair loss.

2               We have analyzed those data -- Mark in

3   particular -- and reported that information to Sanofi and used

4   that information to give them recently, in recent meetings that

5   we had in New York, projections of where we think those data

6   will end up for them, trying to do our very best to give them

7   estimates based on what is known so far and what will be

8   provable by the end of this litigation.

9               Obviously there's some uncertainty with that,

10  and that creates some concern on their part, and they can speak

11  to that.  It was a very robust and earnest discussion on all

12  sides.  While, again, they can address this and there's

13  certainly some remaining questions and further discussions that

14  have to be had, the meeting was at no time acrimonious, at all

15  times collegial and positive and moving, I think, in a positive

16  direction.

17              So while there are some unknowns and a lot to be

18  yet discussed, I think both sides would welcome the opportunity

19  at some point in the near future -- and you may know this

20  already -- to have an audience with Your Honor separate and

21  independent from this setting, if you have the time and the

22  interest.  That's something that over the years I've been doing

23  this that MDL judges often find useful, for both sides to have

24  the opportunity to meet with you privately at your discretion,

25  your availability, to talk about the process and how you might

11:04

1    benefit and the parties might benefit from that opportunity to
2    meet with you and discuss what the potential hurdles are or
3    roadblocks to this settlement process going forward.
4              The other thing I might mention is that -- and I
5    want to give a shout-out to Ashlea Schwarz on this.  We spent a
6    number of hours also -- and Ashlea in particular with her
7    staff -- going through hundreds and hundreds of the photographs
8    that plaintiffs' counsel have done a very diligent job
9    providing and uploading to Centrality through the PFSs.  That
10   process, while not perfect, has gotten a lot better over time,
11   I might say, so kudos to all the counsel and their plaintiffs
12   for that.  While it started out not as good as it is now, it
13   has improved, and maybe there continues to be room for
14   improvement.
15             Initially we reviewed several hundred and then
16   added another subset to that, with the help of counsel, and at
17   this point have reviewed over 800 sets of photographs.  In
18   doing that, we were able to analyze, compare, and contrast
19   different photographs taken at different time periods, taken at
20   different angles for different plaintiffs, and sort of figure
21   out what we think would be helpful in a potential -- I choose
22   my words carefully here -- a potential future settlement
23   process to sort of put plaintiffs in different categories for
24   different injury levels if we get to that point.
25             We went through some of that with Sanofi and

1    gave them at least our thinking on what those settlement

2    compensation levels or settlement buckets might look like.  I

3    think they at least listened to us and understand that, from

4    our point of view, that might be helpful to a settlement

5    process some day.  So overall it was a very good and productive

6    meeting and something I think we can build on in the future.

7             THE COURT:  Mr. Gordon, I appreciate it, and I will

8    have my clerk reach out and perhaps we will meet in short

9    order.

10                 I just want to say, particularly for the benefit

11   of those on the telephone, that these are preliminary, abstract

12   discussions because I think sometimes when people here

13   "settlement discussions" being mentioned during the course of a

14   status conference there is a belief that we're there and "I'm

15   going to tell my clients that we will be resolving this in

16   short order."

17                 I want to caution everyone that these

18   conversations are just that, conversations, that there is no

19   mechanism for settlement at this point.  What we are talking

20   about is perhaps a framework for the future, but there are no

21   firm settlement negotiations taking place.

22                 I appreciate the work you are doing.  I just am

23   concerned about Ms. Barrios and Mr. Lambert being deluged with

24   phone calls this afternoon about the settlement negotiations.

25                 I just want to caution those on the phone and

11:07

1    those that are present that there are no firm negotiations
2    taking place, that this is just a framework for perhaps maybe
3    one day in the future.
4        **MR. GORDON:**  Absolutely, Your Honor.  I should
5    emphasize in my notes that I took there is underlining --
6    people can't see it and hear in my voice -- under "future
7    potential settlement process."
8        **THE COURT:**  You said that, but I thought I would
9    confirm that.  Thank you.  I will have Samantha reach out, and
10   we will set up a time to meet with you.
11       **MR. GORDON:**  Thank you, Your Honor.
12       **MR. RATLIFF:**  Good morning, Your Honor.  Harley
13   Ratliff on behalf of Sanofi.
14           None of the members from our settlement
15   committee could be here.  Mr. Gordon obviously addressed a lot.
16   I will try and keep my comments relatively short.
17           The settlement committee was set up from day one
18   by Judge Engelhardt.  We do think it's been helpful, we do
19   think it's been productive, and we think having future meetings
20   will be helpful.  There remain a number of large, large hurdles
21   that relate to resolution.  This is less for Your Honor's
22   benefit but more for the benefit of those who are listening on
23   the phone, because I'm certain those here know some of these
24   issues.
25           We have by our count about 80 percent of the

11:09

cases where the plaintiffs have never been diagnosed with injury and have never seen a doctor for their injury.  Those cases, without a diagnosis, will never be resolved by Sanofi.

We have about 3,000, 2,500 cases without product identification.  Cases without clear product identification as to Sanofi will not be resolved by Sanofi.

We have thousands of cases where the plaintiff took their product more than 10 years ago.  Those cases pose major issues as it relates to the statute of limitations and what they knew about hair loss.

I think the other part of this is that there seems to be a general acceptance on the plaintiffs' side or framework that they are coming from that if a plaintiff has some level of hair loss, whether it is barely appreciable to whether it may be severe, that that hair loss was caused by Sanofi's product.

Those are issues that our two committees will continue to work through and work toward some sort of discussion point about that.  For the individual counsel who are listening on the phone, they need to be aware of not only what you said, Your Honor, which is there is no resolution imminent, but there are substantial issues with their inventory that will need to be resolved.

THE COURT:  Thank you.

Mr. Olinde.

11:10

1        **MR. OLINDE:**  Just very briefly, Your Honor.  As you

2 know, there is a separate settlement committee which is chaired

3 by Chip Gaudreau.  He is not here today.  I understand that

4 Mr. Gordon and Chip Gaudreau had lunch to discuss and meet each

5 other.  We echo Mr. Ratliff's statements about where it stands

6 and appreciate that.

7        **THE COURT:**  Thank you.

8          Mr. Lambert.

9        **MR. LAMBERT:**  Moving on, Your Honor, to Section 17,

10 Special Master for Plaintiffs' Time and Expenses, in Pretrial

11 Order No. 20, the Court appointed Special Master Kenny DeJean

12 (Rec. Doc. 255).  Mr. DeJean is here in court today.  I don't

13 know if he would like to say something.

14        **THE SPECIAL MASTER:**  I have nothing really to say.  I

15 had meetings with you all yesterday and the Court, so I think

16 things are up to date unless Your Honor needs --

17        **THE COURT:**  I have no questions.  Just so that you

18 know, Mr. DeJean and I met for about an hour yesterday

19 afternoon and reviewed the process.  I'm very satisfied and

20 appreciate his work.

21        **MR. LAMBERT:**  Thank you, Your Honor.  I will just

22 remind the folks who are submitting time and expenses for

23 common benefit that they need to comply with Pretrial Order

24 No. 19 when doing so and to use the portal system that's been

25 set up pursuant to that order.

11:11

1          The next status conference Your Honor discussed

2    with us this morning will be August 16, I believe.

3          **THE COURT:**  Yes.

4          **MR. LAMBERT:**  It will follow what Your Honor said,

5    the 8:30 --

6          **THE COURT:**  We will have the general status

7    conference at 10:00, with the meeting with liaison counsel and

8    lead counsel at 8:30 in chambers.

9          **MR. LAMBERT:**  With that, we conclude Joint Report

10   No. 10.

11         **THE COURT:**  Does anybody have any questions or

12   comments?

13         Thank you all.  I forgot again.  I want to

14   introduce Samantha Schott.  Samantha is actually just here

15   today helping out, but she will begin working Monday full time

16   exclusively with this case.  I want to thank Emmy Schroeter,

17   who is my career law clerk that has been filling in in the

18   meantime.  I am very anxious for Samantha to really be here

19   full time.  The only person that may be more excited than I am

20   is Emmy.

21         Thank you all for your time.  Liaison counsel,

22   you probably should get Samantha's email address before you

23   leave today.  I know it seems like we hear from you pretty

24   regularly.

25         If there's nothing else, this meeting is

11:13    1    adjourned.  Thank you.

2                  THE DEPUTY CLERK:  All rise.

3                  THE COURT:  Give me 10 minutes and then we will have

4    the hearing on the Rule 37 motion.  Thank you.

5                  (Proceedings adjourned.)

6                              * * *

7                          **<u>CERTIFICATE</u>**

8              I, Toni Doyle Tusa, CCR, FCRR, Official Court

9    Reporter for the United States District Court, Eastern District

10   of Louisiana, certify that the foregoing is a true and correct

11   transcript, to the best of my ability and understanding, from

12   the record of proceedings in the above-entitled matter.

13

14

15                              */s/ Toni Doyle Tusa*
                               Toni Doyle Tusa, CCR, FCRR
16                             Official Court Reporter

17

18

19

20

21

22

23

24

25