UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO *Gahan v. Sanofi, et al.*, No. 1:16-cv-15283 | |

**SUPPLEMENT TO SANOFI DEFENDANTS' MOTION FOR RULE 37 SANCTIONS**

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "Defendant" or "Sanofi") respectfully submit this Supplement to Sanofi's Motion for Rule 37 Sanctions (Rec. Doc. 2831) based on newly-discovered evidence of Plaintiff Kelly Gahan ("Dr. Gahan") interfering with third party witnesses to withhold records of medical treatment and/or employment. This third example (in addition to Dr. Weinstein and Dr. Lann) demonstrates that deterrent sanctions are necessary in these extraordinary circumstances. Since no one but Dr. Gahan knows what other witnesses she has contacted and what records have thereby been withheld, Sanofi respectfully requests the Court also Order Dr. Gahan to identify all contact with witnesses, records custodians, and any other "colleagues" or "consultants" with whom she has communicated. *See* Plaintiff's Memo in Response at 8 (Rec. Doc. 3216) (". . . the score of other medical researchers Dr. Gahan contacted regarding their hair loss research.").

**I.    Newly Obtained Document Reveals Dr. Gahan Willfully Obstructed Sanofi's Attempts to Collect Employment Records**

In her Plaintiff Fact Sheet ("PFS"), submitted May 22, 2017, Dr. Gahan asserted a claim for lost wages, and specifically listed "the Department of Veterans Affairs Denver VA Medical

1

Center" as an affected employer.  *See* Plaintiff Fact Sheet § II.8-10 (Rec. Doc. 2831-7).  Dr. Gahan uploaded an Employment Agreement with the "Eastern Colorado Health Care System VA Medical Center Denver Colorado" as proof of employment, but did not produce any additional records related to her claim of lost wages.  *See* **Ex. A**, Memo of Service Level Expectations for Part-Time Physician on Adjustable Work Hours (May 22, 2017).

As a result, on April 18, 2018, Sanofi requested Dr. Gahan's employment records from the Center.  *See* **Ex. B**, Lttr from Robert V. McGinn, FOIA Officer Dep't of Veterans Affairs Eastern Colorado Health Care System to Aulona Hoxha, Veritext Legal Solutions (July 20, 2018).  In response, Sanofi received a handwritten note that the Center had "no record of patient."  *See* **Ex. C**, Note from Veterans Affairs, Human Resources, Denver VA Medical Center to Veritext Legal Solutions (June 15, 2018).  Based on Dr. Gahan's own claims in this litigation, Sanofi knew she had worked for the Center, and therefore requested that Veritext again contact the Center to request Dr. Gahan's employment records.  *Id.*

On July 20, 2018, Veritext received a letter from the VA Eastern Colorado Healthcare System ("ECHCS") indicating that the Center contacted Dr. Gahan in April 2018 following Sanofi's initial request for her employment records.  In April 2018, Dr. Gahan instructed the Center, "**to *not* release her employment or medical records to Veritext and that she would provide her employment information directly to Veritext**."  *See id.*  (emphasis added).  The Center now recommends Sanofi "contact Dr. Gahan directly to determine if/when she obtained and released her employment records to your agency."  *See id.*  As of the filing of this Supplement, Dr. Gahan has not provided her employment records directly to Veritext.

**II.     Dr. Gahan's Contumacious Conduct Prejudices Sanofi's Defense**

Once again, through perseverance and a bit of sheer luck, Sanofi has uncovered another attempt by Dr. Gahan to stymie discovery. Here, because the records *clearly* exist, Dr. Gahan instructed her past employer to withhold the documents on the pretense that she would gather and produce the records herself (she has not done so). *See id.* Clearly, based on Dr. Gahan's own testimony and actions, her conduct does not represent an isolated or innocent mistake in judgment - as Plaintiff's counsel would lead this Court to believe. Dr. Gahan's behavior reflects an intentional pattern of obstruction.

While Sanofi may have uncovered *this* interference, Dr. Gahan's general approach to discovery evidences bad faith – and her conduct is clearly prejudicial. Over three months after its initial request, Sanofi is still without Dr. Gahan's employment records from the Department of Veterans Affairs – which she asserts in her own PFS relate to her claim of lost wages. What's more, her latest misconduct further underscores the obvious question – what prejudicial conduct has Sanofi not yet uncovered? Dr. Gahan urges the Court and Sanofi to trust someone that has repeatedly demonstrated she is inherently untrustworthy. Sanofi cannot reasonably rely on Dr. Gahan's claim that this obstruction is her last.

This is precisely why Sanofi's Motion for Rule 37 Sanctions should be granted, and, at a minimum, the Court should:

1. Order the production for *in camera* review by this Court of all correspondence between Dr. Gahan and any attorneys or staff at Bachus & Schanker so that the Court can make a determination if further discovery misconduct has occurred;

2. Enter a monetary sanction against Dr. Gahan commensurate with her actions;

3. Enter an adverse inference instruction against Dr. Gahan;

4. Order Dr. Gahan to produce *all* relevant ESI in her possession, custody, or control;

5. Order Dr. Gahan to produce her computer to allow Sanofi to search for additional relevant ESI;

6. Permit an additional 7-hour case-specific deposition of Dr. Gahan following receipt of any and all outstanding ESI;

7. Award attorney fees and expenses for the time spent seeking medical records; and

8. Enter any additional sanctions the Court deems just pursuant to Rule 37.

    Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com


*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*