**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                **SECTION "H " (5)**

THIS DOCUMENT RELATES TO
ALL CASES

## JOINT REPORT NO. 11 OF LIAISON COUNSEL
### (Status Conference, August 16, 2018)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants'

Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 11 of Liaison Counsel.

### 1.  REPORT OF CLAIMS AND CASE INVENTORY

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28

civil action(s) to the United States District Court for the Eastern District of Louisiana for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere*

*(Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4,

2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana

pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML").

On May_16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche

Milazzo. (Doc. 2599). As of August 13, 2018, excluding voluntary dismissals, there are

approximately 9,318 cases pending in the MDL before the Honorable Jane Triche Milazzo.

### 2.  FEDERAL/STATE COORDINATION

Related state court proceedings are pending in California, Illinois, New Jersey, and

Delaware. Most of these state court proceedings were removed to federal court. The Court ruled

on remand motions on August 30, 2017 and on May 15, 2018. (Rec. Docs. 781, 2597). A Motion to Remand in the *Kalyani Mokkapati, et al.* matter has been fully briefed and is currently under submission. (Rec. Doc. 2801). The parties are working to reconcile a list of cases subject to remand to the Delaware state courts and will report to the Court on the status of these matters at the August 16, 2018 Status Conference.

On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties continue to coordinate and communicate with all counsel and advise them of the status conference call in number (listen only).  The parties also continue to make efforts to identify the relevant state court judge(s) of the MDL and the Court's willingness to cooperate with the state court judges for the purposes of coordinating discovery and other pretrial proceedings. All known state court counsel have been advised of the telephone number for the status conference. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court. In New Jersey plaintiffs filed an Application pursuant to Rule 4:38A ("Centralized Management of Multicounty Litigation") to designate the Taxotere (Docetaxel) Cases a Multicounty Litigation for Centralized Management before the Honorable James F. Hyland of Middlesex County, which is currently pending.

Federal-state Liaison Counsel provided the Court with the names and contact information for the state court judges, as well as a chart of state court case information.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.11.

The Court has issued the following important Pretrial Orders (sometimes "PTOs") since the July 18, 2018 Status Conference:

A. Pretrial Order No. 80 (Rec. Doc. 3472) entered July 19, 2018, setting the next general status conference for August 16, 2018 at 10:30 a.m.

B. Pretrial Order No. 22A (Rec. Doc. 3493) entered July 19, 2018, provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.11.

The Court has issued the following Case Management Orders since the July 18, 2018 Status Conference:

A. Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) entered July 24, 2018, providing the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was not used.  CMO 12A supersedes the prior Product Identification Order, CMO 12 (Rec. Doc. 1506) and provides a standard form process for noticing partial dismissals with prejudice.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

6. **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

Plaintiffs' First Amended Master Long Form Complaint was filed on July 25, 2017 (Rec. Doc. 689). All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963 & 969). On January 4, 2018, the Court entered Pretrial Order No. 73 (Rec. Doc. 1463), adopting the approved version of the Short Form Complaint (Rec. Doc. 1463-1), which is the effective version of the form as of January 4, 2018. This form is available on the Court's MDL 2740 website under the tab "Forms" or on MDL Centrality. Plaintiffs' Liaison Counsel cautions all Plaintiffs that this updated exemplar Short Form Complaint is the only version to be used for filings after January 4, 2018.[1] Counsel are further advised to make reference to the Master Long Form Complaint when completing the Short Form Complaint, and if counsel is relying on any state law's theory of liability or cause of action not list to use the blank lines to add in this information.

---

[1] If an individual plaintiff previously filed a Short Form Complaint using an old version of the form, filing the current version of the updated Short Form Complaint is unnecessary. However, if it is necessary for counsel to file a new member case or amend a previously filed Short Form Complaint, counsel should ONLY use the Court-approved Short Form Complaint effective as of January 4, 2018. Counsel are cautioned not to use old versions of the Short Form Complaint that have come from the record or elsewhere, or their filing will be marked "Deficient" by the Clerk's Office.

Plaintiffs and Sagent Pharmaceuticals, Inc. ("Sagent") have submitted a proposed Pretrial Order that will allow Plaintiffs to file a Second Amended Master Long Form Complaint to add allegations against Sagent.  The parties will be prepared to discuss the proposed PTO with the Court at the August 16, 2018 Status Conference.

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[2] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. On February 14, 2018, the Court entered Pretrial Order No. 37A (Rec. Doc. 1682) that sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[3]  If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a

---

[2] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[3] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under paragraph "J" of PTO 15 (Rec. Doc. 230), Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either file a stipulation to dismiss or move to dismiss with prejudice. Dismissals with prejudice of those defendants whose product was not used, but not a dismissal of an entire action, must follow the form approved by the Court as Exhibit C to Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492).

**7. PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1;

6

E.  PTO 55 (Rec. Doc. 688) updated the form of the PFS. See Exhibit A to PTO 18 (Rec. Doc. 236-1); and,

F.  PTO 22A (Rec. Doc. 3493) provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

Amended PTO 22 (Rec. Doc. 325) provides the timeframe for service of completed PFS and DFS forms; however, the Court has determined that the term "date of this order" in the Orders refers to the date of the initial PTO 22 (i.e., March 10, 2017). For the staggering provisions of Amended PTO 22, Plaintiffs' counsel should carefully calculate whether their cases meet the requirements to take advantage of this provision.

As of August 13, 2018, Plaintiffs have served 7,861 PFSs, and 703 are in progress. Based on the PFSs received as of August 13, 2018, they divide among Defendants as follows:  3,756 sanofi, 749 Hospira, 304 Sandoz, 204 Accord, 2 Sun, 1,500 Unknown, 448 Blank, and 898 Other/Miscellaneous. The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of eliminating cases which are currently compliant with Amended PTO 22.

Consistent with Pretrial Order No. 22A, the Defendants intend to resubmit at the September 2018 Status Conference cases they allege remain subject to dismissal, in which the deficiency alleged has not been cured, and on which the Court has not yet ruled pursuant to the prior show cause orders.  Defendants served Plaintiffs' Liaison Counsel with their first Notice of Non-Compliance on August 3, 2018.  There were 352 cases listed by sanofi.  The 505(b)2 Defendants

listed 223 cases.  The Plaintiffs intend to address the process for bringing allegedly deficient DFS submissions at the August 16, 2018 Status Conference.

### 8.  MDL CENTRALITY

Fillable versions of the Plaintiff Fact Sheet and Defense Fact Sheet are on the Court's MDL 2740 website under the tab "Forms," as well as on the BrownGreer website.

### 9.  SERVICE ON DEFENDANTS

Counsel for sanofi and the Plaintiffs' Steering Committee ("PSC") have agreed to a streamlined service procedure set forth in PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity.  Sanofi acknowledges that service of a complaint naming Winthrop US may be made on Sanofi-aventis U.S. LLC.

Counsel for several Defendants have also agreed to streamlined service procedures: for Accord Healthcare, Inc., a streamlined service procedure is in PTO 29 (Rec. Doc. 303); for Sandoz Inc. in PTO 30 (Rec. Doc. 304); for Actavis Pharma, Inc. in PTO 32A (Rec. Doc. 710); for McKesson Corporation in PTO 33 (Rec. Doc. 308); for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD. in PTO 39A (Rec. Doc. 711); and for Hospira Worldwide, LLC in PTO 40A (Rec. Doc. 509) that amends and supersedes PTO 40 (Rec. Doc. 328).

Sagent and the PSC will submit a proposed Pretrial Order regarding streamlined service on Sagent.

### 10.  PRODUCT IDENTIFICATION ORDER

On July 18, 2018, the Court entered Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) that sets forth the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was

not used.  CMO 12A supersedes the prior Product Identification Order, CMO 12 (Rec. Doc. 1506).

Exhibit A to CMO 12A lists the email address of all defense counsel who should be notified

pursuant to CMO 12A.  Exhibit B is a new Statement Regarding Chemotherapy Administered,

which includes new/updated NDC numbers.  Counsel are reminded to use this new Exhibit B

Statement when sending requests to infusion facilities.  Exhibit C to CMO 12A provides the form

for noticing voluntary dismissal with prejudice of the defendants not identified by Product ID

Information.

## 11. PRESERVATION ORDER

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12)

regarding preservation of evidence.  The parties will meet and confer if it becomes appropriate to

modify, amend or supplement PTO No. 1 regarding Preservation Order. (Rec. Doc. No. 4).

Pursuant to negotiations with the U.S. sanofi Defendants, PLC circulated an additional letter on

preservation to all Plaintiffs' counsel known at the time.

## 12. PROTECTIVE ORDER

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec.

Docs. 612-1, 613).

## 13. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5,

2017 as PTO 49 (Rec. Docs. 611-1, 613).

On December 15, 2017 the Court issued Pretrial Order No. 71 (Rec. Doc 1306) regarding

Plaintiffs' Responsibilities Relevant to ESI.  On January 26, 2018, the Court entered Pretrial Order

No. 71A (Rec. Doc. 1531) that amends and supersedes Pretrial Order No. 71.  Pretrial Order No.

71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

The parties will report to the Court on the status of these matters at the August 16, 2018 Status Conference.

### 14. DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. Plaintiffs have also served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have begun to receive productions. The parties have met and conferred multiple times about this discovery served by the Plaintiffs. Plaintiffs and Defendants are also conducting depositions in the cases selected for trial. The parties are generally addressing discovery disputes with Magistrate Judge North. The next in-person status conference has been scheduled by Magistrate Judge North for August 28, 2018, at 10:00 a.m. CDT.

### 15. MOTION PRACTICE

A Motion to Remand in the *Kalyani Mokkapati, et al.* matter has been fully briefed and is currently under submission. (Rec. Doc. 2801).

On June 8, 2018 sanofi filed a Motion for Rule 37 Sanctions for plaintiff Kelly Gahan. (Rec. Doc. 2831). Plaintiff filed a Response to the Motion on July 2, 2018. (Rec. Doc. 3216). Sanofi filed its Reply Memorandum in Support of the Motion on July 13, 2018. (Rec. Doc. 3388). The Motion was heard by the Honorable Jane Triche Milazzo immediately following the July 18, 2018 Status Conference. (Rec. Doc. 3360). Supplemental briefing was filed by Sanofi (Rec. Doc. 3505) and Plaintiff (Rec. Doc. 3519).

16. **SETTLEMENT COMMITTEES**

Pursuant to PTO 6 (Rec. Doc. 133), the Court appointed representatives to a Plaintiff's Settlement Committee, and to a sanofi Settlement Committee, and in PTO 44 (Rec. Doc. 371) a separate Settlement Committee for the non-sanofi Defendants, referred to as the 505(b)(2) Defendants. On April 25, 2018 PTO 44A was issued, pursuant to request, replacing the settlement committee representatives for Sandoz and for Accord. (Rec. Doc. 2355). Settlement Committees are tasked with maintaining a continuing, collaborative discussion of the elements and characteristics of a framework for potential resolution of cases. The members of the respective settlement committees are in communication.

17. **SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted. The Special Master is working in the time and expense reporting system, having begun his first review of the time and expenses submitted and is in the process of sending his initial letter to all counsel with Taxotere cases.

18. **NEXT STATUS CONFERENCE**

The Court has announced that the next general status conference will be held on _____, 2018, at 10:00 a.m. in Judge Milazzo's courtroom, with the meeting of Lead and Liaison Counsel at 8:30 a.m. in Chambers. The Court has set up a telephone conference line for the status conference that begins at 10:00 a.m. To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail:  barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier
& Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile:  504-528-9973
E-Mail:  plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART
& MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
E-Mail:  dmoore@irwinllc.com

*Sanofi Defendants' Liaison Counsel*

/s/ John F. Olinde
John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA  70163
Telephone: 504-585-7000
Facsimile:  504-585-7075
E-Mail: olinde@chaffe.com

*505(b)(2) Defendants' Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS