## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | : | |
| | : | CASE NO: 2:17-CV-00348-KDE-MBN |
| CHRISTINE AND JIM KINDERDINE | : | |
| | : | HON. JANE TRICHE MILAZZO |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ACCORD HEALTHCARE, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN OPPOSITION TO ACCORD HEALTHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT BASED UPON JUDICIAL ESTOPPEL

Plaintiffs Christine and Jim Kinderdine, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the recommencement of the Plaintiff's Bankruptcy case under 11 USC §350 (b) and Fed. R. Bankr. P. 5010, respectfully request that this Court deny Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel.  Plaintiff has in fact disclosed this claim to the Bankruptcy Court and the Bankruptcy has been reopened. As such, the Defendant's arguments are moot and their motion should be denied as to both Mrs. Kinderdine's primary claim, as well as her husband's derivative loss of consortium claim.

## I.    INTRODUCTION

Plaintiffs Christine Kinderdine and Jim Kinderdine are residents of Warren County, Ohio in which all relevant events pertaining to this claim occurred.  *See* Ex. 1, Complaint and Jury Demand, Case 2:17-cv-00348 Doc. 1 (E.D. La. Jan. 13, 2017) ("Complaint and Jury Demand').  On or about December 24, 2014, Christine Kinderdine was diagnosed with infiltrating ductal carcinoma breast cancer. *See* Ex. 2, Integrated Oncology Medical Record, (MR #E776427) (Dec.

24, 2014). On January 16, 2015, Mrs. Kinderdine began neoadjurant chemotherapy cycles that included TAXOTERE (docetaxel) for treatment of her breast cancer. She received this treatment through April 9, 2015. *See* Ex. 3, Greater Dayton Cancer Center Med Admin Record. During these chemotherapy treatments Mrs. Kinderdine lost all of her hair. However, after treatment concluded, Mrs. Kinderdine's hair did not regrow as expected. She has bald spots in the front and very thin and inconsistent hair patterns over the rest of her head. *See* Ex. 4, Dep. of Christine Kinderdine ("Kinderdine Dep.") Tr. 45:20-49:14. She now routinely wears a wig.

As a result of her cancer treatment, Mrs. Kinderdine began to incur medical bills that she was financially unable to pay. *See* Ex. 5, Kinderdine Dep. Tr. 44-45. Therefore, on November 3, 2017, Mrs. Kinderdine filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. At the time the Petition was filed, there were no "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." As such, Mrs. Kinderdine truthfully responded, "No." *See* Bankruptcy Petition, *In re Christine Kinderdine,* No, 3:16-bk-33425, Dkt. No. 1 (S.D. Ohio Nov. 3, 2016) attached to Defendant's Motion for Summary Judgment as Ex. C. Subsequently, Mrs. Kinderdine learned about potential legal claims against the manufacturers of TAXOTERE (docetaxel). In their motion, Accord erroneously claims that Plaintiffs hired counsel to pursue this case prior to filing for bankruptcy. Actually, Plaintiffs did not contractually engage counsel until January 7, 2017. *See* Ex. 6, Affidavit of Jennifer L. Lawrence, Esq.

On January 13, 2017, Mrs. Kinderdine filed the instant action against several manufacturers for TAXOTERE (docetaxel) alleging failure to warn, misrepresentation, negligence, negligent misrepresentation, fraudulent concealment, fraud and deceit and loss of spousal consortium. *See* Ex. 1, Complaint and Jury Demand. However, at that time Plaintiffs

were unable to ascertain product identification information in order to identify the specific manufacturer. Through further efforts over the next several months, Plaintiffs were able to identify that the TAXOTERE (docetaxel) administered to Mrs. Kinderdine was manufactured by Accord Healthcare, Inc. *See* Ex. 7, Statement Regarding Chemotherapy Drug Administered. As such, Plaintiffs dismissed Defendants, other than Accord Healthcare, Inc. on August 24, 2017. *See* Ex. 8, Plaintiffs' Notice of Voluntary Dismissal Without Prejudice, Case 2:16-md-02740-KDE-MBN Doc. 759 (E.D. La. August 24, 2017).  It was not until this time that Plaintiffs knew they would be able to prove the identity of the manufacturer and the ability to pursue the case. By this time, the bankruptcy had already been discharged and closed by May 4, 2017. *See* Ex. 9, Debtor's Motion to Reopen Case, *In re Christine A. Kinderdine*, No. 3:16-bk-33425 Doc. 14 (S.D. Ohio May 17, 2018) ("Debtor's Motion to Reopen Case").

Defendant Accord filed their Motion for Summary Judgment to estop Christine and Jim Kinderdine from continuing to pursue their products liability claims alleging that Plaintiff had failed to disclose this case to the Bankruptcy Court.  However, Accord conveniently fails to mention that more than two months before Accord filed their motion, on May 17, 2018 Plaintiff's bankruptcy attorney filed a Debtor's Motion to Reopen Case stating that "debtor has a claim against a chemotherapy drug manufacturer" and "a lawsuit is pending." *See* Ex. 9, Debtor's Motion to Reopen Case. *See* Ex. 10*,* Order Denying Motion to Reopen Case, Without Prejudice (Doc. 14), *In re Christine A. Kinderdine*, No. 3:16-bk-33425 Doc. 15 (S.D. Ohio June 14, 2018). The Bankruptcy Court denied the motion stating, "the Claim appears to remain property of the estate to be pursued and administered by the Chapter 7 Trustee as he determines appropriate." 11 U.S.C. § 554. Absent the Debtor pursuing this claim on behalf of the estate

derivatively, any motion to reopen to pursue this asset would need to be filed by the Chapter 7 Trustee, not the Debtor." *Id.*

Due to the Court's ruling, the United States Trustee filed a Motion to Reopen Chapter 7 Case and an Amended Motion to Reopen Chapter 7 Case stating, "the primary reason for the Motion is to allow a Chapter 7 Trustee to administer an undisclosed asset." *See* Ex. 11, Motion to Reopen Chapter 7 Case Under 11 U.S.C. § 350 (b) and Appoint Chapter 7 Trustee; And Memorandum in Support, *In re Christine A. Kinderdine*, No. 3:16-bk-33425 Doc. 17  (S.D. Ohio July 23, 2018) and Amended Motion to Reopen Chapter 7 Case Under 11 U.S.C. § 350 (b) and Appoint Chapter 7 Trustee; And Memorandum in Support, *In re Christine A. Kinderdine*, No. 3:16-bk-33425 Doc. 18 (S.D. Ohio July 23, 2018).

On July 25, 2018, the Bankruptcy Court stated, "the Court finds that good cause has been shown to grant the Motion so that a Chapter 7 Trustee can administer assets for the benefit of creditors."  *See* Ex. 12, Order Granting Motion To Reopen Chapter 7 Case [18], *In re Christine Kinderdine*, No. 3:16-bk-33425 Doc. 21 (S.D. Ohio July 25, 2018) ("Bankruptcy Order").

On August 12, 2018, the United States Trustee ordered "that the Debtor's Discharge entered on April 13, 2017 [DN 12], in the bankruptcy case known as *In re Christine A. Kinderdine,* Case No. 16-33425, is hereby REVOKED, and the Debtor's Discharge is hereby WAIVED under 11 U.S.C. § 727(a) (10)." *See* Ex. 13, Agreed Order Revoking And Waiving Discharge [DN 12], *In re Christine Kinderdine*, No. 3:16-bk-33425 Doc. 28 (S.D. Ohio August 12, 2018).

The Trustee, on August 10, 2018, filed an Application to Employ Special Counsel in regard to Mrs. Kinderdine's present lawsuit. The Application states that "Applicant wishes to employ Anne L. Gilday and the Lawrence Firm, P.S.C. for the purpose of representing the estate

4

to recover damages suffered by the Debtor as the result of taking TAXOTERE (docetaxel), a prescription medication used in the treatment of breast cancer. Applicant has selected Ms. Gilday and the Lawrence Firm for the reason they have considerable experience in matters of this kind and are familiar with the factual and legal issues involved in this matter." *See* Ex. 14, Trustee's Application to Employ Special Counsel, *In re Christine Kinderdine*, No. 3:16-bk-33425 Doc. 26 (S.D. Ohio August 10, 2018).

In order to provide relief to Plaintiff's creditors, Defendant's Motion for Summary Judgment Based Upon Judicial Estoppel should be denied because the Bankruptcy has already been reopened and the discharge waived.

## II.   LAW AND ARGUMENT

### A.   Standard of Review

A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The moving party has the burden to show that there are no genuine issues of material facts. *LidoChem, Inc. v. Stoller Enters.*, 500 Fed. Appx. 373, 378 (6th Cir. 2012). The factual dispute has to be material to the outcome of the case in order for the motion for summary judgment to be denied.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

If the moving party satisfies its burden, the non-moving party is then required to demonstrate that a genuine dispute exists. *Alexander v. City of Oakwood*, No. C-3-87-011, 1993 U.S. Dist. LEXIS 21290, at *9-10 (S.D. Ohio Jan. 27, 1993). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Summary judgment shall be denied if there are genuine material factual issues that

properly can be resolved only by a finder of fact, due to the position that the facts could be resolved in favor of either party. *Alexander v. City of Oakwood*, No. C-3-87-011, 1993 U.S. Dist. LEXIS 21290, at *9-10 (S.D. Ohio Jan. 27, 1993).

Defendant, the moving party, has failed to meet the burden of showing that there are no genuine issues of material facts. Defendant has argued that the present lawsuit was not disclosed to the Bankruptcy Trustee and therefore Mrs. Kinderdine is judicially estopped from pursuing this action as a matter of law. Nevertheless, Plaintiffs eagerly demonstrate that a genuine dispute exists, by showing that Mrs. Kinderdine's bankruptcy case has been reopened and that her pending lawsuit has been disclosed to the Bankruptcy Trustee and Court and therefore her lawsuit should not be judicially estopped.

### B. Plaintiffs' claims against Accord are not Estopped when applying the appropriate precedent of the Sixth Circuit.

Defendant erroneously states that this Court should apply Fifth Circuit law without any legal basis or support. However, on the same page of the motion Defendant states that the "derivative loss of consortium claim must fail as well under applicable Ohio law." *See* Ex. 15*, Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel, Case 2:16-md-02740-JTM-MBN Doc. 3476 (E.D. La. July 20, 2018) ("Defendant Accord Healthcare Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel"). This Court should apply Ohio choice-of-law rules, which require the application of Ohio substantive law.

In *Wahl*, the United States Court of Appeals for the Sixth Circuit stated that the court of proper venue should apply its own choice of law rules rather than the laws of a Multidistrict Litigation (MDL) court. *Wahl v. GE,* 786 F. 3d 491, 497 (6th Cir. 2015). Plaintiff Marye Wahl, a Tennessee resident, was administered Omniscan for two MRIs in which the administration later

6

resulted in her diagnosis of nephrogenic systemic fibrosis (NSF). *Id.* at 493.The Judicial Panel

on Multidistrict Litigation issued a "Direct Filing Order" which allowed all Omniscan related

cases to be directly filed in the United States District Court for the Northern District of Ohio. *Id.*

at 493.  In order to avoid the inefficient step of filing and transfer, Plaintiff complied with the

filing order and filed her case directly with the MDL. *Id.* at 493.  But for the direct filing order,

Plaintiff's case would have been appropriate under 28 USC § 1391 in the Middle District of

Tennessee because a substantial part of the events giving rise to the claim occurred in that

district: Plaintiff's usage of Omniscan, her treatment, and her diagnosis of NSF occurred in that

district, and Plaintiff at all relevant times resided in that district. *Id.* at 498. Therefore, the Sixth

Circuit affirmed that the substantive laws of Tennessee, proper venue rather than the MDL court,

applied to the Plaintiff's case. *Id.* at 492.

   Similar to the *Wahl* case, this Court has issued a "Direct Filing Order" which allowed all

related cases to be directly filed in the United States District Court for the Eastern District of

Louisiana. *See* Ex. 16, Pretrial Order No. 5 ("Direct Filing"), Case 2:17-cv-00348-KDE-MBN

Doc. 4 (E.D. La. Jan. 24, 2017). The Judicial Panel on MDL in regards to the use and purchase

of TAXOTERE (docetaxel), issued a Pretrial Order No. 5 "Direct Filing" which  states "Any

case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No.

2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply

to an individual case had it been originally filed in another district court and transferred to this

Court pursuant to 28 U.S.C. §  1407." *Id.* The Eastern District of Louisiana ordered to "promote

judicial efficiency, and avoid the delays associated with awaiting transferring IT IS ORDERED,

that any Plaintiff whose case would be subject to transfer to MDL No. 2740, and that could have

been filed in any United States District Court, may instead directly file a complaint in the Eastern

District of Louisiana, hereby commencing a separate civil action for consolidation, for pre-trail purposes with MDL No. 2740." *Id.*  In order to comply with this order, Plaintiff filed her case directly with the MDL. But for this direct filing order, Plaintiffs' case would have been appropriate in the United States District Court for the Southern District of Ohio because a substantial part of the events giving rise to the claim occurred in that district. Plaintiff's use of TAXOTERE (docetaxel), her treatment, and her diagnosis of permanent alopecia, all occurred in that district, and Plaintiff at all relevant times resided in that district. *See* Ex. 17, Plaintiffs' First Amended Short Form Complaint, Case 2:17-cv-00348-KDE-MBN Doc. 5 (E.D. La. May 10, 2017). In addition, after pretrial litigation is concluded this case would be remanded back to the Southern District of Ohio, similar to what occurred in *Wahl*.  Therefore, the applicable laws of the United States District Court for the Southern District of Ohio apply to the Plaintiffs' case.

In addition, Plaintiff's Bankruptcy Case is filed and currently pending in the United States Bankruptcy Court for the Southern District of Ohio, which is also part of the Sixth Circuit. The Southern District of Ohio has already determined that the bankruptcy should be reopened. *See* Ex. 12, Bankruptcy Order.

 If this Court did not allow Plaintiffs' claims to survive this motion, it would create a conflict of law to the detriment of the creditors on the bankruptcy.  As such, Sixth Circuit law that applies to the dismissal of claims for a delayed disclosure of a claim in bankruptcy should apply to the instant case.

When applying the substantive Sixth Circuit precedent, the Sixth Circuit provides a broader range of evidence of good or bad faith, including the plaintiff's subjective intent and efforts to correct the initial nondisclosures.  *Eubanks v. CBSK Fin. Group. Inc.*, 385 F.3d 894, 897-99 (6th Cir. 2004).  The court held that Plaintiff was not judicially estopped from bringing

their claim after failing to disclose the lawsuit as an asset. *Id*. They considered factors such as whether the Plaintiff had notified the Trustee and the court of the lawsuit. *Id.* The court determined that the application of judicial estoppel to be an inappropriate resolution, rather than a necessary judicial measure to protect the court's interest. *Id.* The facts before this Court are more closely analogous to *Eubanks* case. Plaintiff not only notified her bankruptcy attorney of the omission, but actually filed a motion with the court to reopen the bankruptcy for purposes of disclosing this lawsuit as an asset. *See* Ex. 9, Debtor's Motion to Reopen Case. All of Plaintiffs efforts to disclose the lawsuit were initiated prior to the Defendant's filing their motion, even though such evidence is conveniently omitted from Defendant's motion despite their ability to view the docket. As such, the Defendant's motion should be denied.

### C. In the alternative, Plaintiffs' claims against Accord are not Estopped when applying Fifth Circuit precedent because the bankruptcy has been reopened.

In the alternative, even if Fifth Circuit law were to be applied, Defendant's Motion for Summary Judgment Based Upon Judicial Estoppel should still be denied because Plaintiff has already disclosed this suit as an asset, the bankruptcy case has been reopened and the Trustee has decided to pursue such claims. *See* Exs. 9-14. The Defendants relies on Fifth Circuit precedent in an attempt to prove "that Ms. Kinderdine's failure to disclose her claim against Accord in her Bankruptcy Petition judicially estops the present lawsuit." However, Defendant's cited precedent actually offers support that the present lawsuit should not be estopped because (1) a lawsuit can be pursued when a bankruptcy case has been reopened and (2) the Trustee can pursue the debtor's undisclosed claim.

a. Claim Disclosed to Bankruptcy Court Prior to Defendant Filing their Motion for Summary Judgment

The cases that Defendant relies on all have one major distinction from the present case. In *Allen*, *Jethroe* and *Kamont*, the claims were dismissed at the summary judgment stage because the debtors **never** disclosed their claims despite the continuing obligation to disclose post-petition causes of action and the bankruptcies had not been reopened when defendants filed their motions. *Allen v. C & H Distribs*., L.L.C., 813 F. 3d 566 (5th Cir. 2015); *Jethroe v. Omnova Solutions, Inc.,* 412 F. 3d 598 (5th Cir. 2005); *Kamont v. West,* 83 Fed. Appx. 1 (5th Cir. 2003). Here, Plaintiff has abided by her continuing obligation to disclose this post-petition cause of action.  In fact, she not only disclosed the claim and moved to reopen the bankruptcy prior to Defendant's Motion for Summary Judgment, but then also notified the Trustee when the motion to reopen was initially denied.

 *In re Superior Crewboats, Inc*. is also distinguishable. In *In re Superior Crewboats, Inc.* the Plaintiff did not disclose their personal injury lawsuit to the bankruptcy court before the bankruptcy court granted their "no asset" discharge on October 1, 2001. *In re Superior Crewboats, Inc*., 374 F. 3d 330, 333 (5th Cir. 2004).  The Defendant in the personal injury claim then moved to dismiss the Plaintiff's personal injury claim.  In response to Defendant's Motion to Dismiss, the bankruptcy Trustee moved to substitute as the plaintiff in the personal injury lawsuit. *Id.* at 333-34. In *In re Superior Crewboats,* the Plaintiffs only attempted to re-open the bankruptcy case and amend their bankruptcy filings after their omission had been challenged by the Defendants. *Id* at 336.

In the present case, Defendants filed a Motion for Summary Judgment Based Upon Judicial Estoppel on July 20, 2018 on the grounds that Plaintiff  "affirmatively misrepresented in the Bankruptcy Court the existence of her claim against Accord Healthcare, Inc." *See* Ex. 15, Defendant Accord Healthcare Inc.'s Motion for Summary Judgment Based Upon Judicial

Estoppel. Mrs. Kinderdine did not attempt to reopen her bankruptcy case in response to Defendant's motion, rather Mrs. Kinderdine had first disclosed the claim and filed a motion to reopen her bankruptcy case in May 17, 2018 well before Defendant had filed their motion for summary judgment. *See* Ex. 9, Debtor's Motion to Reopen Case.

      b.  <u>Trustee's Claim</u>

Defendant failed to address that the authority cited in their motion alternatively allows the Trustee to pursue the debtor's undisclosed claims. In *In re Flugence* and *Allen v. C & H Distribs, L.L.C*, the United States Court of Appeals for the Fifth Circuit held that where a debtor is judicially estopped from pursing a claim he failed to disclose to the bankruptcy case, the Trustee may pursue the claim without any limitation not otherwise imposed by law. *In re Flugence*, 738 F.3d 126, 132 (5th Cir. 2013); *Allen v. C & H Distribs.*, L.L.C., 813 F. 3d 566, 575-76 (5th Cir. 2015). In the present case, the Trustee has filed a Motion to Reopen the bankruptcy case and as well as moved to have Special Counsel appointed. The Bankruptcy Court stated, "the Court finds that good cause has been shown to grant the Motion so that a Chapter 7 Trustee can administer assets for the benefit of creditors." *See* Ex. 12, Bankruptcy Order. Therefore, under the applicable law of the Fifth Circuit, the Trustee can pursue the present action and derivative claims such as Mrs. Kinderdine's husband's alleged claim of loss of spousal consortium.

The opposing counsel fails to acknowledge Plaintiff's and Trustee's diligent efforts of filing motions to reopen her bankruptcy case and their fortitude in providing proper relief to her creditors. If the Court granted Defendant's Motion to Grant Summary Judgment Based Upon Judicial Estoppel, it could lead to perverse results for the court, creditors and its future litigants. If judicial estoppel were to be granted in this case, an asset would be destroyed without benefit to

the bankruptcy creditors. If granted, "The only winner is the defendant an allegedly bad actor whose excused from any consequences for the entirely unrelated reason that Plaintiff happened to file for bankruptcy and possibly due to inadvertence, happened to omit the claim from the initial schedules." *Ah Quin v. County of Kauai,* 733 F.3d 267, 281-86, 292-93 (9th Cir. 2013) (Bybee, J., dissenting).

Because the bankruptcy case has been reopened and the lawsuit has been disclosed to the Trustee, the claims of both Christine and Jim Kinderdine should not be dismissed.

**III.    CONCLUSION**

Due to the reasons stated herein, Plaintiffs, Christine and Jim Kinderdine respectfully request that this Court deny Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel.

Respectfully submitted,

/s/ Anne L. Gilday
Anne L. Gilday (OH Bar No. 0076612)
Jennifer L. Lawrence (OH Bar No. 0066864)
THE LAWRENCE FIRM, PSC
606 Philadelphia Street
Covington, KY 41011
Telephone: (859) 578-9130
Facsimile: (859) 578-1032
Jenn.lawrence@lawrencefirm.com
Anne.gilday@lawrencefirm.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of August 2018, a true and correct copy of the

*Memorandum in Opposition to Accord Healthcare Inc.'s Motion for Summary Judgment Based*

*Upon Judicial Estoppel* was served upon the following through the Court's ECF Filing system:

Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue- Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592- 5009
Julie.callsen@tuckerellis.com
Brandon.cox@tuckerellis.com
*Attorneys for Defendant Accord Healthcare, Inc.*

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Rand_nolen@fleming-law.com
*Co-Counsel for Plaintiffs*

/s/ Anne L. Gilday
Anne L. Gilday