# EXHIBIT 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-33425 |
| | ) | |
| CHRISTINE A. KINDERDINE, | ) | Chapter 7 |
| | ) | |
| | ) | Judge Humphrey |
| Debtor. | ) | |
| | ) | |

**MOTION TO REOPEN CHAPTER 7 CASE UNDER 11 U.S.C. § 350(b) AND
APPOINT CHAPTER 7 TRUSTEE; AND MEMORANDUM IN SUPPORT**

Now comes the United States Trustee for Region 9 ("U.S. Trustee"), in accordance with 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), and moves this Court for an order to reopen this case under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. The primary reason for the Motion is to allow a Chapter 7 Trustee to administer an undisclosed asset.

**In accordance with General Order #12 of the U.S. Bankruptcy Court, Southern District of Ohio, a 21-day notice of this motion is not required.**

Dated: July 23, 2018

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

By:   /s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher
Attorney for the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH  43215
Telephone: (614) 469-7411 ext. 212
Facsimile: (614) 469-7448
Email: MaryAnne.Wilsbacher@usdoj.gov

## MEMORANDUM IN SUPPORT

A Voluntary Petition under Chapter 7 was filed by Davy Hart, Jr. ("Debtor") on November 3, 2016 (DN 1). The Chapter 7 341(a) meeting of creditors was held on December 29, 2016 (DN 7), and the Chapter 7 trustee filed a Report of No Distribution on December 29, 2016 (Virtual Entry). Debtor received a discharge on April 13, 2017 (DN 12), and the case was closed on May 3, 2017.

The U.S. Trustee recently received information from an interested party regarding assets owned by Debtor that were not disclosed in his bankruptcy, specifically a state court lawsuit against a chemotherapy drug manufacturer. Because this asset was not listed in Debtor's Schedules or disclosed on the Statement of Financial Affairs, this asset was not abandoned when the Trustee filed his no asset Report.[1] Therefore, this asset is property of the estate and should be administered for the benefit of the estate's creditors.

Under 11 U.S.C. § 350(b), a case may be reopened to administer assets, to accord relief to debtor, or for other cause. Reopening, by itself, has no independent legal significance, is a ministerial or mechanical act, and determines nothing with respect to the merits of the case. *In re Germaine,* 152 B.R. 619 (9th Cir. BAP 1993). The request to reopen can be brought ex-parte and without notice. *In re Menk,* 241 B.R. 896, 913-14 (9th Cir. BAP 1999), *In re OORC Leasing, LLC,* 359 B.R. 227, 228-29 (Bankr. N.D. Ind. 2007) ("The court can proceed ex parte because the act of reopening a case accords no independent relief and does not undo any of the statutory consequences of closing.").

This closed case must be reopened for two purposes: (1) so that a Chapter 7 Trustee can administer any undisclosed asset; and, (2) so that the U.S. Trustee can investigate whether a complaint to revoke the discharge is appropriate under the facts and circumstances of this case. Accordingly, the U.S. Trustee respectfully requests that the Court reopen Debtor's case under § 350.

---

[1] Neither an unscheduled asset nor an improperly disclosed asset is abandoned under 11 U.S.C. § 554(c). *In re Bonner,* 2005 WL 2136204, at *3 (B.A.P. 6th Cir. 2005) ("§ 554(c) requires an asset to be properly listed 'even if the trustee is aware of the asset through other channels), *citing Bittel v. Yamato Int'l Corp.,* 70 F.3d 1271 (6th Cir. 1995). *See also Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir. 1995) ("The law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case").

Because the reopening of this case will require the administration of assets, it is also appropriate for this Court to order that the U.S. Trustee's Office reappoint a Chapter 7 Trustee. Fed. R. Bankr. P. 5010.

WHEREFORE, based on the above, the U.S. Trustee respectfully requests that this Court enter an Order reopening this case and ordering the appointment of a Chapter 7 Trustee.

Dated: July 23, 2018

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

By: /s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher
Attorney for the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7411 ext. 212
Facsimile: (614) 469-7448
Email: MaryAnne.Wilsbacher@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, a copy of the foregoing MOTION TO REOPEN CHAPTER 7 CASE UNDER 11 U.S.C. § 350(b) AND APPOINT CHAPTER 7 TRUSTEE AND MEMORANDUM IN SUPPORT served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

Christine Kinderdine
34 Meadows Drive
Springboro, Ohio 45066

ALL CREDITORS AND PARTIES IN INTEREST ON ATTACHED MATRIX, INCLUIDNG DEBTOR'S COUNSEL AND SPECIAL NOTICE REQUESTS.

/s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher

```
Label Matrix for local noticing        AMCA                                    Asst US Trustee (Day)
0648-3                                  PO Box 1235                            Office of the US Trustee
Case 3:16-bk-33425                      Elmsford, NY 10523-0935                170 North High Street
Southern District of Ohio                                                      Suite 200
Dayton                                                                         Columbus, OH 43215-2417
Mon Jul 23 15:26:59 EDT 2018

Brandon Blackburn                       CBCS                                   (p)CAPITAL ONE
1568 W First Ave                        PO Box 163218                          PO BOX 30285
Columbus, OH 43212-3346                 Columbus, OH 43216-3218                SALT LAKE CITY UT 84130-0285


Chld/cbna                               CompuNet Clinical Laboratories         Credit Control, LLC
Po Box 6497                             P.O. Box 714133                        5757 Phantom Dr. Suite 330
Sioux Falls, SD 57117-6497              Cincinnati, OH 45271-4133              Hazelwood, MO 63042-2429


Dayton Physicians Network               Dept Of Ed/navient                     Duke Energy
PO Box 635098                           Po Box 9635                            PO Box 9001076
Cincinnati, OH 45263-5098               Wilkes Barre, PA 18773-9635            Louisville, KY 40290-1076


Fia Cs                                  Huntington Mortgage Co                 (p)INTERNAL REVENUE SERVICE
Po Box 982238                           Po Box 1558                            CENTRALIZED INSOLVENCY OPERATIONS
El Paso, TX 79998-2238                  Columbus, OH 43216-1558                PO BOX 7346
                                                                               PHILADELPHIA PA 19101-7346


K-S Nuclear, Inc                        Kettering Anesthesia Associates, Inc.  Kettering Health Network
PO Box 932151                           P.O. Box 713089                        3535 Southern Boulevard
Cleveland, OH 44193-0008                Columbus, OH 43271-3089                Dayton, OH 45429-1221


Kettering Health Network                Kettering Network Radiologists         Monarch Recovery Management, Inc.
PO Box 33163                            371863                                 10965 Decatur Road
Detroit, MI 48232-5163                  Pittsburgh, PA 15250-0001              PO Box 21089
                                                                               Philadelphia, PA 19114-0589


Nationwide Recovery Sv                  Navient Solutions Inc                  Portfolio Recovery Ass
Po Box 8005                             11100 Usa Pkwy                         287 Independence
Cleveland, TN 37320-8005                Fishers, IN 46037-9203                 Virginia Beach, VA 23462-2962


(p)RBC                                  (p)REVENUE ASSISTANCE CORPORATION      Shermeta Law Group, P.C.
PO BOX 1548                             3711 CHESTER AVE                       PO Box 5016
MANSFIELD OH 44901-1548                 SUITE 200                              Rochester, MI 48308-5016
                                        CLEVELAND OH 44114-4623


Syncb/care Credit                       Transworld System Inc/                 US Attorney
Po Box 965036                           2235 Mercury Way Ste 275               602 Federal Bldg
Orlando, FL 32896-5036                  Santa Rosa, CA 95407-5463              200 W Second
                                                                               Dayton OH 45402-1443
```

| | | |
|---|---|---|
| United Trade<br>2310 Far Hills Ave<br>Dayton, OH 45419-1571 | Warren County Court<br>550 Justice Drive<br>Lebanon, OH 45036-2397 | Warren County Court<br>822 Memorial Dr<br>Lebanon, OH 45036-2355 |
| Christine A. Kinderdine<br>34 Meadows Drive<br>Springboro, OH 45066-9072 | Donald F Harker III<br>2135 Miamisburg-Centerville Rd.<br>Centerville, OH 45459-3814 | Russ B Cope<br>Cope Law Offices, LLC<br>6826 Loop Road<br>Dayton, OH 45459-2159 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Capital One Bank Usa N<br>15000 Capital One Dr<br>Richmond, VA 23238 | IRS<br>Kansas City Service Center<br>Kansas City, MO 64999-0025 | RBC<br>PO Box 1548<br>Mansfield, OH 44901-1548 |
| (d)Rbc<br>Po Box 1548<br>Mansfield, OH 44901 | Revenue Group<br>4780 Hinckley Industrial<br>Cleveland, OH 44109 | End of Label Matrix<br>Mailable recipients   35<br>Bypassed recipients    0<br>Total                 35 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-33425 |
| | ) | |
| CHRISTINE A. KINDERDINE, | ) | Chapter 7 |
| | ) | |
| | ) | Judge Humphrey |
| Debtor. | ) | |
| | ) | |

## AMENDED MOTION TO REOPEN CHAPTER 7 CASE UNDER 11 U.S.C. § 350(b) AND APPOINT CHAPTER 7 TRUSTEE; AND MEMORANDUM IN SUPPORT

Now comes the United States Trustee for Region 9 ("U.S. Trustee"), in accordance with 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), and moves this Court for an order to reopen this case under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. The primary reason for the Motion is to allow a Chapter 7 Trustee to administer an undisclosed asset.

**In accordance with General Order #12 of the U.S. Bankruptcy Court, Southern District of Ohio, a 21-day notice of this motion is not required.**

Dated: July 23, 2018

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

By: /s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher
Attorney for the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7411 ext. 212
Facsimile: (614) 469-7448
Email: MaryAnne.Wilsbacher@usdoj.gov

## MEMORANDUM IN SUPPORT

A Voluntary Petition under Chapter 7 was filed by Christine A. Kinderdine ("Debtor") on November 3, 2016 (DN 1). The Chapter 7 341(a) meeting of creditors was held on December 29, 2016 (DN 7), and the Chapter 7 trustee filed a Report of No Distribution on December 29, 2016 (Virtual Entry). Debtor received a discharge on April 13, 2017 (DN 12), and the case was closed on May 3, 2017.

The U.S. Trustee recently received information from an interested party regarding assets owned by Debtor that were not disclosed in his bankruptcy, specifically a state court lawsuit against a chemotherapy drug manufacturer. Because this asset was not listed in Debtor's Schedules or disclosed on the Statement of Financial Affairs, this asset was not abandoned when the Trustee filed his no asset Report.[1] Therefore, this asset is property of the estate and should be administered for the benefit of the estate's creditors.

Under 11 U.S.C. § 350(b), a case may be reopened to administer assets, to accord relief to debtor, or for other cause. Reopening, by itself, has no independent legal significance, is a ministerial or mechanical act, and determines nothing with respect to the merits of the case. *In re Germaine,* 152 B.R. 619 (9th Cir. BAP 1993). The request to reopen can be brought ex-parte and without notice. *In re Menk,* 241 B.R. 896, 913-14 (9th Cir. BAP 1999), *In re OORC Leasing, LLC,* 359 B.R. 227, 228-29 (Bankr. N.D. Ind. 2007) ("The court can proceed ex parte because the act of reopening a case accords no independent relief and does not undo any of the statutory consequences of closing.").

This closed case must be reopened for two purposes: (1) so that a Chapter 7 Trustee can administer any undisclosed asset; and, (2) so that the U.S. Trustee can investigate whether a complaint to revoke the discharge is appropriate under the facts and circumstances of this case. Accordingly, the U.S. Trustee respectfully requests that the Court reopen Debtor's case under § 350.

---

[1] Neither an unscheduled asset nor an improperly disclosed asset is abandoned under 11 U.S.C. § 554(c). *In re Bonner,* 2005 WL 2136204, at *3 (B.A.P. 6th Cir. 2005) ("§ 554(c) requires an asset to be properly listed 'even if the trustee is aware of the asset through other channels), *citing Bittel v. Yamato Int'l Corp.,* 70 F.3d 1271 (6th Cir. 1995). *See also Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir. 1995) ("The law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case").

Because the reopening of this case will require the administration of assets, it is also appropriate for this Court to order that the U.S. Trustee's Office reappoint a Chapter 7 Trustee. Fed. R. Bankr. P. 5010.

WHEREFORE, based on the above, the U.S. Trustee respectfully requests that this Court enter an Order reopening this case and ordering the appointment of a Chapter 7 Trustee.

Dated: July 23, 2018

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

By: /s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher
Attorney for the U.S. Trustee
170 N. High Street, Suite 200
Columbus, OH  43215
Telephone: (614) 469-7411 ext. 212
Facsimile: (614) 469-7448
Email: MaryAnne.Wilsbacher@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, a copy of the foregoing AMENDED MOTION TO REOPEN CHAPTER 7 CASE UNDER 11 U.S.C. § 350(b) AND APPOINT CHAPTER 7 TRUSTEE AND MEMORANDUM IN SUPPORT served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

Christine Kinderdine
34 Meadows Drive
Springboro, Ohio 45066

ALL CREDITORS AND PARTIES IN INTEREST ON ATTACHED MATRIX, INCLUIDNG DEBTOR'S COUNSEL AND SPECIAL NOTICE REQUESTS.

/s/ MaryAnne Wilsbacher
MaryAnne Wilsbacher