UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)


THIS DOCUMENT RELATES TO:

*Plaintiff Kimberly Free*
Case No.:  2:16-cv-15326

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE'S ORDER FOR IN CAMERA REVIEW OF PRIVILEGED CORRESPONDENCE

Plaintiff Kimberly Free requests review of the Magistrate Judge North's Minute Entry of August 7, 2018 (Doc #3709) requiring her to produce for *in camer*a review attorney/client correspondence containing advice from her attorneys about preserving ESI in compliance with this Court's discovery preservation Orders (PTO No. 1 § 12 and PTO 71A).  Respectfully, Magistrate Judge North committed a clear error of law in ordering *in camera* review without making factual findings establishing (a) that the letter is relevant to a claim or defense; or (b) a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence of wrongdoing by her attorneys, as required by U.S. v. Zolin, 491 U.S. 554, 565 (1989).  Ms. Free respectfully requests this Court vacate the Magistrate Judge North's Minute Entry (Doc No. 3709) requiring her to produce the correspondence for *in camera* review, or in the alternative order further hearings on this issue in conformity with the Supreme Court's guidance in Zolin.

### INTRODUCTION AND PROCEDURAL HISTORY

Sanofi is seeking to obtain a privileged attorney-client communication sent from Ms. Free's attorney to Ms. Free on March 29, 2018, related to her obligations to preserve ESI.  On August 2, 2018, Sanofi raised the issue in its bi-monthly report to Magistrate Judge North – requesting that the

letter be produced because Ms. Free referred to the letter in an email, and Ms. Free's counsel addressed the generalized purpose of the letter during the unrelated hearing on Sanofi's Motion for Rule 37 Sanctions against Kelly Gahan.[1]  Ms. Free's counsel objected to producing the letter, on the basis that (a) it was not within a category of documents required to be produced under the PFS; (b) it was specifically excluded from production and/or privilege log requirements under PTO 49, Section IX.C.4.; and (c) was not relevant to a claim or defense of a party.[2]

During the bi-monthly discovery conference call on August 7, 2018, Magistrate Judge North questioned the relevance of the letter:

> Obviously in the first instance, a letter such as that would be privileged.  I know that Sanofi has made any number of waiver arguments.  But before I even go down that road, I have not decided whether I think that it is relevant to any claim of defense or issue in this case.
>
> So I am just going to tell – I am just going to say this to you all.  If I decide that something in that letter or something that was represented about what was in that letter is potentially relevant, at most I will order it to be produced to me for in camera review.  At most.

(Mot. Hearing Tr., at 18:4-13)(Aug. 7, 2018).  Later that afternoon, Magistrate Judge North issued a minute order requiring Ms. Free to produce the letter for *in camera* inspection, without providing and findings of fact or law demonstrating the letter was relevant to a claim or defense.

Ms. Free requested reconsideration of Magistrate Judge North's August 7th Minute Entry (Doc #3709) on August 20th, because the Supreme Court requires a specific factual showing in order to

---

[1]     **Exhibit 1**, Letter from Harley V. Ratliffe to Magistrate North (August 2, 2018). Sanofi used the email from Kimberly Free referencing this letter in its Reply Brief – in support of its generalized allegations that members of the Taxotears Group are engaged in some sort of conspiracy.  Sanofi's fixation with Taxotears has never been adequately explained.

[2]     **Exhibit 2**, Letter from Karen Barth Menzies to Magistrate North (August 6, 2018).

compel a party to produce attorney/client privileged communications, even for *in camera* review.  U.S. v. Zolin, 491 U.S. at 572.   Because Sanofi failed to make an adequate showing, the undersigned respectfully submits that the Minute Entry was either an inadvertent/premature requirement to produce the letter *in camera* or a clear error to Order an *in camera* production of the attorney-client communication without a providing the requisite factual findings.    Because a conservative view of the 14-day deadline to seek review of the August 7th Minute Entry would require an appeal be filed by this date, and considering Magistrate Judge North has not yet indicated whether he would reconsider his *in camera* disclosure order.  Ms. Free files this Motion for Review in order to protect her rights.

## LAW AND ARGUMENT

A party to litigation has a due process interest in the sanctity of attorney-client communications, even from *in camera* review.  U.S. v. Zolin, 491 U.S. at 570.   Consequently, the Supreme Court has stated that some sort of factual threshold must be crossed before a district court can order the *in camera* production of attorney-client communications.  Id.  To hold otherwise would permit "opponents of the privilege to engage in groundless fishing expeditions, with the district court as their unwitting (and perhaps unwilling) agents."  Id. at 571.  A necessary corollary to this threshold showing must be that the district court ordering *in camera* production make specific findings supporting its order.  Due process requires no less.  A party must be empowered to seek review of the court's determination that the threshold has been crossed.  Here, the Magistrate Judge committed a clear error of law by ordering Ms. Free to produce privileged communications without any factual findings that Sanofi had crossed the threshold.

The threshold standard established by the Supreme Court in Zolin is whether the party seeking production of privileged communications has established "a factual basis adequate to support a good

faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Id. at 572.

Sanofi did not meet any reasonable standard demonstrating that the letter was relevant to a claim or defense of a party. Sanofi does not even pretend the letter is substantively relevant to Ms. Free's claims that Sanofi harmed her, or any of Sanofi's pled defenses. Rather, Sanofi claims that the letter is relevant to Ms. Free's compliance with discovery orders – an extension of its on-going strategy of litigating compliance with discovery orders rather than the merits. Sanofi asserts that production of the letter is necessary to resolve "discrepancies" in two alleged descriptions of the letter: Ms. Free described it as stating clients should "close down" or "lock down" their Facebook accounts, while Ms. Gahan's counsel described the letter as advising clients to make their Facebook "private."

First – there is no discrepancy. Both Ms. Free and Ms. Gahan's counsel described the email is similar terms. Neither Ms. Free nor Ms. Gahan's counsel described the letter as advising clients to destroy ESI in contravention of this Court's orders. Production of the letter is not necessary to resolve "discrepancies."

Second – Sanofi utterly failed to demonstrate Ms. Free had done anything actionable based on its implicit characterization of what it thinks the letter says. Sanofi presents no evidence that Ms. Free has failed to produce ESI, or destroyed ESI in her possession. In other words, Sanofi is implicitly accusing Ms. Free's attorney of counselling her to destroy ESI. But there is no evidence Ms. Free has destroyed any ESI – just Sanofi's unfounded speculation. Sanofi failed to make any showing that Ms. Free did anything inconsistent with this Court's orders regarding preservation of ESI – which would seem to be a necessary predicate to putting her attorney-client communications on the subject even potentially at issue. There is simply no "fit" between Sanofi's concerns about Ms. Free's ESI production and her privileged communications with her attorney. Sanofi's demand for the letter to

assuage its concerns about non-existent discrepancies in two separate descriptions of the letter is the very definition of a "fishing expedition."

## CONCLUSION

Sanofi failed to make the required factual showing demonstrating that the attorney-client letter was relevant to a claim or defense of a party, and respectfully, Magistrate Judge North committed a clear error of law in ordering Ms. Free to produce the letter in the absence of a sufficient showing. It was also a clear error of law to order *in camera* production of the attorney-client communication without entering factual findings supporting a reasonable belief that the privileged letter would reveal evidence of improper conduct by Ms. Free's attorney. Accordingly, Ms. Free respectfully requests this Court vacate the Magistrate Judge North's Minute Entry (Doc No. 3709) requiring her to produce the correspondence for *in camera* review, or in the alternative order further hearings on this issue in conformity with the Supreme Court's guidance in Zolin.

DATED: August 21, 2018    Respectfully Submitted,

        /s/ *Darin L. Schanker*
        Darin L. Schanker
        Scot C. Kreider
        BACHUS & SCHANKER, LLC
        1899 Wynkoop Street, Ste. 700
        Denver, CO 80202
        (303)899-9800
        F: (303)893-9900
        d.schanker@coloradolaw.net
        scot.kreider@coloradolaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Darin L. Schanker