UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NUMBER:  2740
PRODUCTS LIABILITY
LITIGATION

                                               SECTION: "H"(5)

THIS DOCUMENT RELATES TO
ALL CASES

**ORDER**

Following the regularly scheduled discovery status conference held on August 7, 2018, the Court issued a Minute Entry, which included its order that the PSC "produce to the Court for *in camera* inspection the correspondence from Bachus & Schanker, LLC to Plaintiff, Kimberly Free ("Free"), referenced in the parties' submissions to the Court."  (Rec. doc. 3709 at p. 2).  Some 13 days later, without having produced the subject correspondence, the PSC submitted by email to the Court a letter brief suggesting that the Court's order requiring Free to produce the letter was in error because the Court had not issued factual findings as part of its Minute Entry.  The PSC went on to request that the Court reconsider the order set forth in the Minute Entry.

The Court will not reconsider its Order.  The correspondence at issue was used by Plaintiffs' counsel, Darin Schanker ("Schanker"), to respond to arguments raised by Sanofi at the July 18, 2018 hearing before the District Judge on Sanofi's Rule 37 Motion for Sanctions relating to Plaintiff, Kelly Gahan.  (Rec. doc. 3512).  Sanofi had submitted as an exhibit to its reply brief an email sent by Free to the "Taxotears" Google group describing the contents of the correspondence from Bachus & Schanker to plaintiffs:



Sat 4/8/2017 11:20 PM

taxotears@googlegroups.com on behalf of Kimberly Free <iamfree@mail-solutions.net>

[Taxotears] Letter from B&S

To    taxotears@googlegroups.com

Below is a new article about Science day being set for May 3rd. Also I did receive a letter from B&S this week. It did state to make sure you either close down your facebook or lock it down and also any blog posts etc.

Kimberly Free

(Rec. doc. 3611-4)

At the July 18 hearing, Shanker offered as follows regarding the Free email:

> [SHANKER]:  Well, first of all, understand that the email that they cite with regard to that isn't even from or to Dr. Gahan.
>
> Secondly -- and this was in the reply and so we didn't have a chance -- <u>I have the actual letter here that I can make available to the Court or summarize for the Court under seal. We can figure out a context, but I can, as an officer of the court, let you know what this particular letter says.</u>
>
> What it is -- and you may remember the context where an email from an individual that becomes a plaintiff in the case talks about making her Facebook page private.

THE COURT:  Right.

MR. SCHANKER:  Well, that comes from a letter from our law firm that in the "Re:" line is entitled "Litigation Hold Preservation of Relevant Information, Paper Documents, and Electronically Stored Information."  It's an advisory to clients to save everything because they are going to be potentially required to turn it over.

> Now, as part of that, as is a practice of probably any plaintiffs' lawyer worth his or her salt, is to tell your client "Don't be stupid. Don't be putting stuff on social media right now. Let's try to control the environment," and that's what it does. It says, you know, "We advise why don't you make your Facebook private."

There's nothing nefarious about that.  That's called good lawyering.  There's nothing unethical about that.  So again this is just another example of the defense using some shred to try to create some idea that there's concealment going on when it's the exact opposite. It's save your information because you may be required to turn it over.

(Rec. doc. 3512 at pp. 21-22) (emphasis added).

When discussing the matter of *in camera* review of the Bachus & Shanker correspondence at the August 7 hearing, the Court noted:

THE COURT:  All I am saying is the most that I would do would be to order it for in camera review, and then obviously I would give you all the opportunity for formal briefing if I thought what I read, you know, caused me to believe it should be produced for any reason.  So we're going to handle it that way.

MR. SCHANKER: Thank you.

(Rec. doc. 3861 at pp. 18-19).

Having affirmatively offered the subject correspondence to the District Judge for *in camera* review, having relied upon its contents during oral argument before the District Judge and having remained silent when this Court suggested it would order *in camera* review, Sanofi waited 13 days after the production order to object and ask for reconsideration.  That objection and request are overruled.

There is ample cause to order the document's production for *in camera* review, based upon the contents of the Free email of April 8, 2017.  And the absence of detailed factual findings in this Court's Minute Entry do not in any way make that order deficient – the Court has been ordering various types of document productions in similar Minute Entries throughout the course of this litigation.  This is a practice not only routine in this case but routine throughout the federal judiciary in all sorts of cases.  The

PSC has not objected previously and its objection here is not well-taken.

The Court also notes that the PSC's affirmative use of the document, its offer to produce it to the District Judge and its failure to object to this Court's suggestion that production would be ordered all constitute a waiver of the eleventh-hour objection now before the Court.

The Court will not reconsider its order that the "PSC shall produce to the Court for *in camera* inspection the correspondence from Bachus & Schanker, LLC to Plaintiff, Kimberly Free, referenced in the parties' submissions to the Court" and orders herein that such production be made no later than **Friday, August 24, 2018**.

New Orleans, Louisiana, this 22nd day of _____August_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE