# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO:<br><br>CHRISTINE AND JIM KINDERDINE,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>Defendant. | CASE NO.: 2:17-CV-00348-JTM-MBN<br><br>HON. JANE TRICHE MILAZZO |

## REPLY BRIEF IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT BASED UPON JUDICIAL ESTOPPEL

The fact that Ms. Kinderdine's bankruptcy trustee[1] reopened her bankruptcy case **just last week** fails to salvage her claim against Accord. As an initial matter, the relevant inquiry is whether Ms. Kinderdine disclosed her lawsuit arose *at the time* of her bankruptcy petition (and certainly no later than when she filed her docetaxel lawsuit). There is no dispute that she failed to do so. And second, any argument that Ms. Kinderdine should be "excused" for purported "good faith" is unavailing under either the governing Fifth Circuit law or the Sixth Circuit approach advocated by Ms. Kinderdine. Rather, the appropriate inquiry is whether the debtor was "caught" by nondisclosure *before* attempting to reopen her bankruptcy, and Ms. Kinderdine did not make any attempt to disclose until *after* she was caught at her April 19, 2018 deposition. Accordingly, notwithstanding Plaintiffs' attempt to evade dismissal by seeking to reopen the

---

[1] Per Plaintiffs' own uncontested facts, Ms. Kinderdine's motion to reopen her bankruptcy was denied as the claim was not hers, but rather the Trustee's to pursue. Hence, there is a question as to whether Ms. Kinderdine may continue as the proper party plaintiff to this lawsuit.

bankruptcy to disclose their lawsuit, their claim against Accord should be judicially estopped and dismissed.

## I. THE FIFTH CIRCUIT'S ANALYSIS OF JUDICIAL ESTOPPEL GOVERNS IN THIS CASE.

Plaintiffs contest the application of Fifth Circuit law.[2] (Pls.' Opp. at 6-8.) While Accord does not dispute that Ohio law governs Plaintiffs' substantive claims, courts are clear than an MDL Court is "obliged to apply . . . the federal law of its own circuit." *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 836-37 (E.D. La. 2012). Accordingly, the Fifth Circuit's interpretation of federal common law judicial estoppel, rather than the Sixth Circuit's, applies in this case. Indeed, this was recognized by this district court in MDL 1657, *In re Vioxx Products Liability Litigation*, in which Judge Eldon Fallon applied Fifth Circuit law rather than Ninth Circuit law to judicially estop the claims of plaintiffs, even though they were residents of California and originally filed their lawsuits in California state court. 889 F. Supp. 2d 857, 860 n.1 (E.D. La. 2012) ("[I]t is appropriate for this Court to decide this case under the Fifth Circuit's precedents on judicial estoppel.").

## II. THE RELEVANT INQUIRY IS WHETHER MS. KINDERDINE DISCLOSED HER LAWSUIT WHEN SHE HAD THE INITIAL DUTY TO DO SO.

The bankruptcy code is clear. Debtors are required to disclose *all* assets, including potential assets, to the bankruptcy court at the time of filing for bankruptcy. *See* 11 U.S.C. §§ 521(1) and 541(a)(7). There is no dispute that Ms. Kinderdine failed to disclose her bankruptcy either: 1) in her original bankruptcy petition even though she does not dispute that she was investigating her claim against Accord at the time; 2) upon the filing of her lawsuit while her

---

[2] They do so by citing Sixth Circuit precedent regarding choice of law for state law substantive claims (*see* Pls.' Opp. at 6-8), which is inapposite to a question of federal common law.

2

bankruptcy was still open; or 3) any time before discharge of her bankruptcy.³ Nor does she claim that her failure to do so was inadvertent. (*See generally*, Pls.' Opp.) Accordingly, as set forth in Accord's opening brief, Ms. Kinderdine failed to satisfy her duties to the bankruptcy court and judicial estoppel is warranted under Fifth Circuit precedent.

That the U.S. Trustee recently reopened Ms. Kinderdine's bankruptcy to finally disclose this lawsuit is unavailing. The Fifth Circuit has grappled with this precise scenario, and has held that a plaintiff is judicially estopped from pursuing a lawsuit that was omitted from a bankruptcy petition, even if that plaintiff amends her petition to disclose the claim. *Love v. Tyson Food, Inc.*, 677 F.3d 258, 261-263 (5th Cir. 2012) (affirming summary judgment on bankruptcy judicial estoppel grounds even though plaintiffs submitted amended petition to disclose lawsuit); *see also In re Vioxx*, 889 F. Supp. 2d at 861 (granting summary judgment even though plaintiffs, through a trustee, reopened bankruptcy to disclose lawsuit). In doing so, the Fifth Circuit recognized that the "relevant time frame for the judicial estoppel analysis" is "at the time [the plaintiff] failed to meet his disclosure obligations," i.e., failure to disclose during the pendency of the bankruptcy. *See Love*, 677 F.3d at 263. Accordingly, Ms. Kinderdine's failure to disclose her lawsuit *when she had the obligation to do so* in the course her bankruptcy is dispositive under Fifth Circuit law and warrants dismissal of her claims.

### III.  PLAINTIFFS' ARGUMENT THAT MS. KINDERDINE'S DILATORY CONDUCT SHOULD BE EXCUSED HAS NO LEGAL OR FACTUAL BASIS.

Plaintiffs ask this Court to set aside Ms. Kinderdine's failure to timely disclose her lawsuit on the grounds that she moved to reopen her bankruptcy before Accord filed its Motion

---

[3] Plaintiffs appear to argue that Ms. Kinderdine had no duty to disclose her lawsuit to the bankruptcy court until she confirmed product identification as to Accord. (*See* Pls.' Opp. at 2-3.) But as set forth *supra,* that is not the standard applied by the bankruptcy code. Indeed, the exact bankruptcy petition Ms. Kinderdine completed explicitly seeks disclosure of "claims against third parties, *whether or not you have filed a lawsuit* or made a demand for payment." *See* Ex. C to Accord Mot. at 14 (Doc. 3476-5 at page 15) (emphasis added). There could thus be no confusion about her duty to disclose her lawsuit against Accord at the time of filing. In any event, Plaintiffs fail to explain why, if she understood that her duty to disclose accrued upon her ascertainment of product identification, she did not attempt to reopen her bankruptcy when she received confirmation from her physician in August 2017 as to her use of Accord's docetaxel.

3

for Summary Judgment. Under this line of reasoning, because Ms. Kinderdine was purportedly not acting in direct response to Accord's Motion, Plaintiffs believe Ms. Kinderdine should be deemed to have lacked motive for her late disclosure. (*See* Pls.' Opp. at 8-10.) Plaintiffs' argument ignores both the salient law and facts.

    A.    **The relevant inquiry is not whether her bankruptcy was reopened after the filing of Accord's Motion; it is whether Ms. Kinderdine did so after she was "caught."**

While the Fifth Circuit may factor the motive of the debtor into its analysis, it has held that the time to do so is when the duty to disclose arose. *See supra*; *Love*, 677 F.3d at 263. To the extent the Fifth Circuit has been presented with arguments by debtors seeking to excuse their late disclosure, it has firmly rejected those arguments where the corrective action only took place *after* being "caught" by an adversary. *See Love*, 677 F.3d at 265 (affirming summary judgment where plaintiff amended bankruptcy disclosure only after his initial non-disclosure was brought to light); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (same; "Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them."); *see also In re Vioxx*, 889 F. Supp. 2d at 861 (granting summary judgment where motion to reopen bankruptcy only filed *after* plaintiffs' nondisclosure was brought to light; "'[i]f a debtor who is caught concealing his claims by an opponent could then disclose his claims' in order to fix the problem, 'there would virtually [be] no incentive for a debtor to disclose his claims until forced to do so by an opponent'").

Even under the Sixth Circuit approach advocated by Plaintiffs in which the circumstances of the nondisclosure may be more afforded by latitude, (Pls.' Opp. at 8-9), the Sixth Circuit is likewise unwilling to set aside judicial estoppel when a plaintiff only updates her bankruptcy filings after being "caught" by her adversary. *See White v. Wyndham Vacation Ownership, Inc.*,

4

617 F. 3d 472, 481 (6th Cir. 2010) ("We will not consider favorably the fact that White updated initial filings after the motion to dismiss was filed. To do so would encourage gamesmanship, since White only fixed her filings after the opposing party pointed out that those filings were inaccurate.").[4]

### B. Ms. Kinderdine only attempted to reopen her bankruptcy after she was "caught" at her deposition on April 19, 2018.

In this case, Ms. Kinderdine was plainly "caught" at her deposition on April 19, 2018.[5] At that deposition, the attorney representing Accord questioned Ms. Kinderdine about her bankruptcy and showed her the bankruptcy petition, which did not disclose her claims regarding docetaxel. (*See* Ex. F, 4/19/18 Dep. of Christine Kinderdine ("Kinderdine Dep.") at 42-44.) Copies of the petition were provided to Ms. Kinderdine and her two attorneys present, and also marked as an exhibit. (*See* Ex. F, Kinderdine Dep. at Ex. C.) In addition, Ms. Kinderdine was specifically questioned about the timing of her bankruptcy, that is, whether her bankruptcy was discharged after she filed her lawsuit. (*See* Ex. F, Kinderdine Dep. at 49:19-25.)

Based on these facts, Plaintiffs and their attorneys certainly were on notice on April 19, 2018 that Accord was aware of the judicial estoppel issue. The petition was marked as an exhibit and Ms. Kinderdine was questioned about the timing of her lawsuit vis-à-vis her bankruptcy. Indeed, a month later on May 17, 2018, Ms. Kinderdine apparently quietly pursued efforts to reopen her bankruptcy without any notice to Accord or its attorneys.[6] That she attempted to disclose her lawsuit to the bankruptcy court shortly after her deposition (notably, more than one

---

[4] This approach is consistent with the sole case cited by Plaintiffs, *Eubanks v. CBSK Financial Group, Inc.*, in which Sixth Circuit overturned summary judgment where the plaintiff had in fact attempted to disclose her lawsuit to the bankruptcy court on several occasions *while the bankruptcy was still pending* and *indeed before* the adversary pointed out the nondisclosure. 385 F.3d 894 (6th Cir. 2004). Needless to say, the outcome in *Eubanks* is clearly inapplicable to the opposite facts present in this case.

[5] To be sure, there is certainly no case law that holds that a debtor is only deemed "caught" by an adversary upon the filing of a Motion to Dismiss.

[6] Contrary to Plaintiffs' assumptions throughout their Opposition, since Accord was not a party to the bankruptcy petition, it would not be aware of any efforts taken to contact the Trustee following her deposition about the nondisclosure and efforts to remedy the same.

5

year after filing suit, more than one year after bankruptcy discharge, and nearly a year after confirming product identification as to Accord) is damning evidence that she acted in only response to her being "caught." Indeed, Plaintiffs notably do not claim that Ms. Kinderdine did not act in response to her deposition. (*See* Pls.' Opp.)

Because Ms. Kinderdine only attempted to disclose her lawsuit to the bankruptcy court after being "caught" at her deposition, she is precisely like the plaintiffs in *Love*, *In re Vioxx*, and *White*. This Court should follow the binding precedent set forth in *Love* and accordingly dismiss Ms. Kinderdine's action.

### IV. PLAINTIFFS ARE NO LONGER THE REAL PARTIES IN INTEREST.

In addition to the merits of the arguments raised in Plaintiffs' Opposition, there is some question as to whether Plaintiffs may continue to properly pursue this case, much less file their Brief in Opposition, on their own behalf. As set forth in Plaintiffs' Statement of Facts, the Bankruptcy Court denied Ms. Kinderdine's original motion to reopen her bankruptcy because "the Claim appears to remain property of the estate to be pursued and administered by the Chapter 7 Trustee as he determines appropriate." (*See* Pls.' Statement of Uncontested Facts at 6.) The Trustee did in fact pursue the claim by subsequently filing a motion to reopen and an Application to Employ Special Counsel in regards to the present action. (*See* Pls.' Statement of Uncontested Facts at 7-10.) As such, the claim is no longer Ms. Kinderdine's to pursue and the trustee is now the real party in interest. *See Reed v. City of Arlington*, 650 F.3d 571, 578 (5th Cir. 2011); *In re Vioxx*, 889 F. Supp. 2d at 862 (explaining that the trustee's right to proceed with claims that the original plaintiffs omitted from their bankruptcy petitions does not extend to the plaintiffs themselves).

## V.     CONCLUSION

It is undisputed that Ms. Kinderdine did not disclose her potential lawsuit to the bankruptcy court when she filed her petition, upon the filing her lawsuit, or even after she ascertained product identification against Accord.  Nor is there any dispute that she did not do so until *only after* she was confronted with her nondisclosure at her deposition.  Under binding Fifth Circuit precedent, Ms. Kinderdine's claims against Accord should therefore be dismissed and Mr. Kinderdine's derivative loss of consortium claim should likewise fail.  Accordingly, Defendant Accord Healthcare, Inc. respectfully requests that this Court enter summary judgment in its favor.

Date:  August 23, 2018                                                Respectfully submitted,


/s/ *Julie A. Callsen*
Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH  44113-7213
Telephone:     216.592.5000
Facsimile:      216.592.5009
Email:            julie.callsen@tuckerellis.com
                      brandon.cox@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day August, 2018, a true and correct copy of the *Reply Brief in Support of Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment Based Upon Judicial Estoppel* was served upon the following through the Court's ECF filing system:

Jennifer L. Lawrence                             *Attorneys for Plaintiffs*
Anne L. Gilday
The Lawrence Firm, PSC
606 Philadelphia Street
Covington, KY  41011
jenn.lawrence@lawrencefirm.com
anne.gilday@lawrencefirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX  77056
rand_nolen@fleming-law.com

                                                                         /s/ *Julie A. Callsen*
                                                                         Julie A. Callsen