MINUTE ENTRY
NORTH, M.J.
AUGUST 28, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NUMBER: 2740
       PRODUCTS LIABILITY
       LITIGATION

                                                 SECTION: "H"(5)

                                                 THIS DOCUMENT RELATES TO
                                                 ALL CASES

A further discovery/status conference was held on this date in the presence of a Court Reporter (Jodi Simcox).

| | | |
|---|---|---|
| PRESENT: | Chris Coffin | John Olinde |
| | Karen Barth Menzies | Kelly Brilleaux |
| | Palmer Lambert | Patrick Oot |
| | Larry Centola | Harley Ratliff |
| | Darin Schanker | Julie Callsen |
| | Val Exnicios | Kelli Bieri |
| | David Miceli | Peter Rotolo |
| | Zachary Wool | Cliff Merrell |
| | Dawn Barrios | Douglas Moore |
| PARTICIPATING BY PHONE: | Kathleen Kelly | Alexander Dwyer |
| | Mike Suffern | Andre Mura |
| | Sara Roitman | Daniel Markoff |
| | Beth Toberman | Kyle Bachus |
| | Suzy Marinkovich | Jessica Perez Reynolds |
| | Adrienne Byard | |

The Court rules as follows on the issues raised by the parties at the status conference:

1. Use of Multiple Cameras at Depositions: Pursuant to CMO 9, only one camera will be permitted at any deposition taken in this case (trained only on the witness and/or exhibits used in the deposition) unless otherwise agreed by all the parties for witnesses whose live attendance at trial is in doubt.

MJSTAR (01:00)

2. The issue of the PSC's request for supplemental production of TAX311 clinical trial data is moot, as a supplemental production was accomplished in advance of the status conference.

3. The issue of the production of Plaintiff Gahan's psychological treatment records is not ripe, as the parties have informed the Court that a full production of that material is imminent. If Sanofi perceives any deficiency in that production it may raise the issue with the Court in the future.

4. The "Client Intake Questionnaires" requested by Sanofi are not discoverable. These documents have never been requested or required to be produced and they are in any event undoubtedly privileged.

5. The Court declines to order non-trial Plaintiffs to produce additional privilege logs at this time and directs Defendants and the PSC that they are to meet and confer on this and other issues either in person or by telephone prior to bringing them to the Court's attention for resolution.

6. Concerning the treatment of perceived or alleged deficiencies in the ESI production of all **non-trial Plaintiffs**, the Court directs counsel for the parties, including the 505(b)(2) defendants, to meet and confer for the purpose of developing a jointly submitted protocol for addressing such deficiencies. Pretrial Order 71A, while addressing the mechanics of Plaintiffs' ESI productions, does not contain any protocol or mechanism for raising perceived deficiencies with the Court. Such a protocol is required and should recognize that resolution of discovery disputes concerning trial Plaintiffs is a more pressing concern for the Court and the parties and that any system for addressing issues in non-trial

Plaintiff discovery should not unduly burden the limited and valuable resources of the Court and the parties.

7. Concerning perceived deficiencies in the ESI productions of **trial Plaintiffs**, the following protocol will be employed: Once Defendant has met and conferred with counsel for a trial Plaintiff and determines that one or more issues remain that merit intervention by the Court, that Defendant shall file a single motion directed at all such issues. That motion shall be limited to 10 pages, unless leave is granted to exceed that limit. The motion should be set for hearing at one of this Court's scheduled discovery status conferences and Plaintiff shall be given at least 7 days prior to that hearing to respond.

The next in person discovery/status conference will be held on September 18, 2108 at 11:00 a.m.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3