UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO ALL CASES | SECTION "H" (5) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' EX PARTE MOTION TO EXPEDITE SUBMISSION OF PLAINTIFFS' MOTION FOR REVIEW OF DISCOVERY ORDERS

Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively "Defendants"), hereby move the Court for expedited submission and resolution of Plaintiffs' Motion for Review of Discovery Orders. (Rec. Doc. 4126). Plaintiffs' Motion should be resolved as soon as possible because it attempts to delay the relief ordered over three months ago by Magistrate Judge North until it is moot. As such, submission of Plaintiffs' Motion should be set for **September 26, 2018**.

### BACKGROUND

On June 13, 2018, after multiple rounds of briefing and a hearing on the issue, Judge North ordered the Plaintiff Steering Committee (PSC) to produce the medical records documenting Dr. Claiborne's treatment of trial plaintiffs. Dr. Claiborne is a dermatologist that personally examined several of the trial plaintiffs, did punch biopsies on their scalps, and sent the biopsied tissue to a pathology lab. Plaintiffs argued that Dr. Claiborne was a consulting expert hired by Plaintiffs' counsel and, as such, he was protected from *any* and *all* discovery unless and until Plaintiffs disclosed him as a testifying expert on **November 7, 2018**. Judge North

disagreed, concluding that experts can wear two hats: "one as a specially employed expert in anticipation of litigation and one as an ordinary witness."[1]  Because Dr. Claiborne is an "actor" or "viewer"[2] of essential facts of Plaintiffs' cases – the diagnosis and treatment of hair loss – Judge North concluded that Dr. Claiborne's objective, factual medical records were not shielded from discovery:

> Sanofi is entitled to documents related to the facts of Dr. Claiborne's examination of any Plaintiff, including when and where such examination occurred, Dr. Claiborne's observations of Plaintiffs, what samples or tissues were taken and from where, what was done with those samples and the objective results of any testing of those samples.  Sanofi is not yet entitled to information pertaining to opinions that Dr. Claiborne may have concerning testing of any samples taken by him and must await the period for expert discovery to conduct such discovery.  *See* Rec. Doc. 3074, at 2, attached as **Exhibit A**.[3]

Judge North specifically ordered Plaintiffs to produce "the objective results of any testing of th[e tissue] samples."  *Id.*  Plaintiffs did not appeal the June 13 Order.

Plaintiffs took over a month to produce a portion of Dr. Claiborne's medical records and, for several additional weeks, refused to disclose whether any pathology reports – *i.e.* the "objective results" of the testing of the tissue – even existed.  Defendants re-raised the issue with Judge North and he ordered briefing:

> No later than Friday, August 18, 2018, the parties are to submit briefs on the issue of whether the withheld punch biopsy reports resulting from Dr. Claiborne's scalp biopsies of certain Plaintiffs should be produced as 'objective results of any testing of' samples

---

[1] *See Jones v. Celebration Cruise Operator, Inc.*, No. 11-cv-61308, 2012 WL 1029469, at *3 (S.D. Fla. Mar. 26, 2012); *Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of New York*, No. 07-cv-0829, 2009 WL 499500, at *1–2 (S.D. Ala. Feb. 20, 2009) (quoting *Essex Builders Grp. Inc. v. Amerisure Ins.*, 235 F.R.D. 703 (M.D. Fla. 2006) (citing *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990)).
[2] *See* Fed. R. Civ. P. 26(b)(4), Notes to 1970 Amendments (the consulting expert protections do not apply to experts who acquired information by being an "actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit.")
[3] The Minute Entry order issued after the June 13, 2018 hearing is misdated as June 11, 2018.  Judge North subsequently referred to that order as the June 13, 2018 Order and Defendants do the same herein.  *See* Ex. A.

2

taken by Dr. Claiborne.  *See* Rec. Doc. 3709, at 2–3, attached as **Exhibit B**.

Rather than answer the question posed by Judge North, Plaintiffs took the opportunity in their briefing to reargue the June 13 Order. Even though Plaintiffs did not file a motion to reconsider or vacate the June 13 Order, they still argued that it "misapprehended" the Federal Rules of Civil Procedure and that Judge North should vacate the Order. *See* Rec. Doc. 3962, at 7, attached as **Exhibit C** ("As noted above, [the June 13 Order] was not objected to or appealed to the District Judge, yet the PSC is now, three months later, asking the Court to wholly reconsider and vacate its order calling for production of pathology reports.  The Court declines the invitation.").

Judge North found no reason to reconsider his June 13 Order, finding his original reasoning sound and noting that Plaintiffs had not appealed the Order to this Court.  He expressed concern over Plaintiffs' approach to protecting these records that Plaintiffs should have produced long ago. *Id.* at 5 ("The Court is troubled by what can fairly be described as a shell game regarding the very existence of pathology reports.  After lengthy discussion of the <u>content</u> of the reports and why they were privileged <u>because</u> of that content, the moment the Court stated that it wanted them produced for *in camera* review, counsel – for the first time – suggested they may not actually exist at all.  It is difficult to reconcile these competing narrative – how can counsel with the PSC make representations to the Court about what's in a report and in the next breath claim not to remember if they ever even saw the reports or if it even exists?").

Still, because he had yet to see the pathology reports, he ordered – in an "abundance of caution" – that the PSC produce the pathology reports for *in camera* review by September 5, 2018 "to determine what, if anything, should be redacted." *Id.* at 9.  The day the *in camera* production was due, Plaintiffs emailed Judge North to request a stay of his August 28 Order to

3

produce the pathology reports *in camera*. After a telephone conference with the parties, Judge North denied the stay because Plaintiffs gave "no reason or justification for [the stay]" other than their intent to appeal the Order. *See* Rec. Doc. 4061. Judge North gave Plaintiffs an additional day to comply with his August 28 Order. On September 6, 2018 Plaintiffs produced the pathology reports to Judge North with a cover letter requesting "that Your Honor refrain from making a determination of whether the documents attached hereto are protected…" *See* Sept. 6, 2018 Ltr. from P. Lambert to Magistrate Judge North, attached as **Exhibit D**.

Plaintiffs appealed the August 28 Order on September 11 (Rec. Doc. 4126) ("Motion for Review of Discovery Orders") and set it for submission on October 3, 2018.

## ARGUMENT

Plaintiffs' Motion for Review of Discovery Orders (Rec. Doc. 4216) purports to appeal Judge North's August 28 Order (Rec. Doc. 3962) (Ex. C). But in reality, it attempts to appeal and undermine the relief ordered by Magistrate Judge North on June 13, 2018 (Rec. Doc. 3074) (Ex. A). The Motion is untimely and should be denied. To avoid the mounting prejudice caused by Plaintiffs' failure to comply with Magistrate Judge North's June 13, 2018 Order, submission of Plaintiffs' Motion for Review of Discovery Orders should be set for **September 26, 2018** and it should be heard on the day of the next status conference, **September 27, 2018**.

First, failure to expedite the submission of Plaintiffs' Motion will, in effect, circumvent Judge North's June 13 Order. Plaintiffs argued back in May that these documents should not be produced, if at all, until after expert disclosures on **November 7, 2018**. Judge North explicitly disagreed and ordered discovery. Yet Plaintiffs have avoided fully complying with that Order even to today and have requested that Judge North take no further action until this Court resolves Plaintiffs' Motion. If Plaintiffs' Motion is not submitted until October 3, 2018 and not heard and

4

resolved until mid-to-late October, Plaintiffs will have successfully avoided compliance with Judge North's Order – no matter how this Court rules.

Second, expedited briefing and resolution will not prejudice Plaintiffs. Defendants propose filing their Opposition to Plaintiffs' Motion on September 19, 2018, and that the Motion be set for submission on September 26, 2018. The only prejudice of such a schedule is on Defendants, who have one week to oppose Plaintiffs' Motion. Plaintiffs have an equal amount of time to reply, if they wish.

A September 26 submission date and September 27 hearing date for Plaintiffs' Motion ensures that this Court's ruling will have meaning and that Defendants will not continue to be prejudiced by Plaintiffs' refusal to comply with Judge North's discovery orders. As such, the Court should set Plaintiffs' Motion for Review of Discovery Orders for submission on **September 26, 2018** and it should be heard on **September 27, 2018**.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Ex Parte Motion to Expedite Submission of Plaintiffs' Motion for Review of Discovery Orders.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

>Harley V. Ratliff
>Adrienne L. Byard
>Kelly Bieri
>**SHOOK, HARDY& BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile: 816-421-5547
>hratliff@shb.com
>abyard@shb.com
>kbieri@shb.com
>
>*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*