# EXHIBIT D

LAW OFFICES
# GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.

2800 ENERGY CENTRE
1100 POYDRAS
NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL
STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

SAMUEL C. GAINSBURGH
(1926-2003)

JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

REPLY TO NEW ORLEANS OFFICE

September 6, 2018

**VIA EMAIL SUBMISSION**
The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, LA 70130

Re: *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740
-----------------------------------------------------------------------------

Dear Judge North:

Please find enclosed the PSC's production for Court's *in camera* inspection in accordance with the Your Honor's Order of August 28, 2018 (Rec. Doc. 3962). Consistent with my email to the Court yesterday, and the conference call with Mr. Coffin, Mr. Moore, and the Court this morning, the PSC is producing these documents to Your Honor for *in camera* inspection while contemporaneously seeking Judge Milazzo's review of the August 28 Order within the timeframe allowed by the Federal Rules.

We respectfully ask that Your Honor refrain from making a determination of whether the documents attached hereto are protected by the consulting expert privilege set forth in Federal Rule of Civil Procedure 26. Alternatively, before ordering any production to counsel for Defendants, we respectfully request time to review Your Honor's decision and, if necessary, to seek review of any order related to production of consulting expert identities and/or materials prior to the deadline for producing expert reports.[1]

As set forth in our prior submissions, Dr. Claiborne's records of where and when the biopsies were taken have been produced, and we have offered to Defendants, on multiple occasions, the transfer of biopsy tissue and pathology slides, but we have not been provided a lab or dermatopathologist to which the material should be sent.

---

[1] Should Your Honor determine that the requirements of Federal Rule of Civil Procedure 26 merit disclosure of these consulting expert materials prior to the deadline for making expert disclosures, we would respectfully suggest that the highlighted portions of these documents be redacted as they reveal opinions of our experts and/or their identities.

Additionally, we take this opportunity to advise you that the parties have been discussing the PSC's offer to transfer pathology material for over two months. On August 7, the Sanofi Defendants provided the PSC with a proposed Case Management Order addressing pathology samples for all plaintiffs (trial and non-trial) in the MDL. The parties have since met and conferred, and the PSC has provided the Sanofi Defendants with a counter-proposal related to the trial plaintiffs. Any agreed-upon or competing proposed CMO(s) will be presented to Judge Milazzo this month.

The PSC maintains its position that the provided documents are a product of its diligent investigation and trial preparation, and that there has not been a showing by Defendants of "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" such as through a Defendant Medical Exam ("DME") or through review of the biopsied tissue and slides by an expert selected by Defendants. *See* Fed. R. Civ. Proc. 26(b)(4)(D)(ii). Indeed, we anticipate Defendants will take the position that a dermatopathologist that they hire to review the slides and prepare an objective/subjective analysis will not be subject to disclosure until such time as Defendants choose to submit an expert report on their expert disclosure deadline.

Without waiving the above objection, and the review we are seeking with Judge Milazzo related to the underlying August 28 Order, the PSC provides the enclosed documents at Your Honor's direction in the call this morning. Should the Court have any questions regarding the enclosed documents, please let us know.

                                            Respectfully submitted,

                                            M. Palmer Lambert
                                            On behalf of the Plaintiffs' Steering Committee

cc:    Harley Ratliff (without attachments)
        Doug Moore (without attachments)
        John Olinde (without attachments)
        Dawn Barrios (with attachments)
        Chris Coffin (with attachments)
        Karen Menzies (with attachments)