## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                         MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                    SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
Case No.:2:16-cv-15283

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 59 MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART SANOFI'S MOTION FOR RULE 37 SANCTIONS

Plaintiff Kelly Gahan moves the Court, pursuant to Fed. R. Civ. P. 59, to alter or amend its Order granting attorney fees and costs to Defendant Sanofi under Fed. R. Civ. P 37(b). (Doc. 3917). As grounds for her motion, Dr. Gahan states that the Court's order granting attorney fees and costs is based on a mistaken factual finding by the Court – that Dr. Gahan "refused" to produce the photographs she sent to Dr. Weinstein.[1]  In fact, both Dr. Gahan and Dr. Weinstein produced the photographs she sent to Dr. Weinstein prior to Sanofi filing its motion for sanctions.

Rule 37(a)(5) permits an award of expenses to the prevailing moving party only when the disputed materials were not produced prior to the moving parties' filing of a motion to compel. Similarly, Rule 37(b)(2)(C) permits an award of expenses against a party who fails to obey a Court Order.  Here, Sanofi moved for sanctions without previously seeking an order to compel, which

---

[1] Dr. Gahan recognizes that the Court also ordered her to produce "all relevant information she has failed to produce as required either in her Plaintiff Fact Sheet or in response to a request by Defendants." (Doc. #3917, p. 10).  But neither Sanofi's motion for sanctions or the Court's order identifies any specific information or documents that Dr. Gahan failed to produce prior to Sanofi filing its motion for sanctions, other than the photographs she sent to Dr. Weinstein.  Dr. Gahan's position now is the same as it was when it responded to Sanofi's motion – that she has produced all relevant information required under the PFS or in response to a request by Defendant at the time Sanofi sought sanctions.

conflated the two rules.  But if Sanofi had filed a motion to compel the Weinstein photographs, Dr. Gahan would have prevailed on such a motion, because the record is indisputable that all the photographs were produced prior to Sanofi filing its motion.  Under these circumstances – where there was nothing to compel and no order Dr. Gahan disobeyed – and award of expenses to Sanofi is impermissible under the plain language of Rule 37.

Furthermore, an award of expenses is impermissible under Rule 37(a)(5)(i), because the record is clear that Sanofi never conferred with Ms. Gahan's counsel requesting production of the Weinstein photographs.  Although Sanofi's counsel represented to the Court that such conferral occurred at the sanctions hearing, Dr. Gahan's alleged "failure" to produce the Weinstein photographs is not addressed in it's sole conferral letter or in its motion for sanctions.  In short, the Court should not expose Dr. Gahan to significant monetary sanctions, where the record is undisputable that (a) Sanofi never asserted that it did not have the Weinstein photographs; and (b) those photographs were twice produced to Sanofi prior to its motion for sanctions.

## LAW AND ARGUMENT

A.  Standards

While the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration, the Fifth Circuit treats such motions as either a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b).  Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  Which rule applies depends on when the motion is filed.  Id.  Motions filed within 28 days of the order are governed by Rule 59.  Id.  The Court's order entering sanctions against Kelly Gahan entered August 22, 2018, thus Rule 59(e) applies to her motion for reconsideration.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts.  Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow

situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that " 'is plain and indisputable, and that amounts to a complete disregard of the controlling law' ").

To prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005). Dr. Gahan seeks reconsideration of the Court's order on the basis that it is based on a manifest error in fact – that at the time Sanofi filed its motion for sanctions, Sanofi did not have all the photographs Dr. Gahan sent to Dr. Weinstein.

B. The Court's Sanctions Order is Premised on a Manifest Mistake of Fact, Because Sanofi was twice provided the photographs Dr. Gahan sent to Dr. Weinstein

The Court's order granting Sanofi's motion for sanctions only compels Dr. Gahan to produce a single discrete category of documents – the photographs she sent Dr. Weinstein.[2] The Court's order appears to arise out of the conclusion that Dr. Gahan did not produce all such photographs – a conclusion buttressed by a factually inaccurate statement by Sanofi's counsel at the sanctions hearing:

> Court:          I understand, as I appreciate it, the letter contained a list of demands, but I'm curious if there was ever a conversation where you indicated, I need to see these photographs"?

---

[2] See Doc 3917 ("The Court further orders that Plaintiff produce to Defendants all the photos that she provided to Dr. Weinstein; this includes all of the photos she sent to him before, during, and after his treatment of her."). The Courts order pointedly did not order Dr. Gahan to produce the "hundreds" of other photographs of herself in her possession – the relief sought by Sanofi.

Mr. Ratliffe:     Absolutely.

The Court:     "The two-week photographs from Dr. Weinstein.  I need to see those produced within the next two weeks," has that conversation taken place?"

Mr. Ratliffe:     Absolutely, absolutely.

The Court:     And they have refused to turn those photographs over?

Mr. Ratliffe:     Correct and still have not done so today….

(**Exhibit 1**, <u>Tran. Mot. Hearing</u>, 11:20 – 12:7).   Contrary to Sanofi's representations, it was in possession of all the photographs Dr. Gahan sent to Dr. Weinstein well before it filed its motion for sanctions.[3]

**First** – Dr. Weinstein produced his email correspondence with Dr. Gahan on May 9, 2018.[4] Sanofi has never asserted that Dr. Weinstein did not produce all of his email correspondence with Dr. Weinstein.  Dr. Weinstein's email production includes all of the photographs Dr. Gahan sent him before, during, and after her use of his hair growth elixir.  Dr. Weinstein's production is a comprehensive production of all communications between Dr. Gahan and Dr. Weinstein, including all photographs and documents exchanged.  Sanofi had all of the photographs Dr. Gahan sent to Dr. Weinstein on May 9, 2018 – four weeks before it filed its motion for sanctions.

**Second** – Dr. Gahan gave Sanofi the photographs she sent to Dr. Weinstein as part of her ESI production on March 2, 2018 – three months before it filed its motion for sanctions.  Attached as **Exhibit 2** is a summary exhibit – cross-referencing the photographs Dr. Weinstein produced on

---

[3] After the Court issued its order granting sanctions on August 22, counsel for Dr. Gahan attempted to discuss this issue on three occasions with counsel for Sanofi, seeking Sanofi's factual basis for believing any additional Weinstein photographs exist beyond those produced in his response to Sanofi's subpoena duces tecum, which correspond to the photographs produced by Dr. Gahan in her March 2, 2018 ESI production.  (**Exhibit 3**, email chain of conferral).  Sanofi's counsel refuses to answer this simple question.

[4] **Exhibit 4**, Records Return Affidavit from Veritext for Dr. Weinstein's response to Sanofi subpoena.

May 9, 2018 with the photographs Dr. Gahan included in her ESI production on March 2, 2018.  Dr. Gahan's ESI production included every photograph in Dr. Weinstein's production set except one.

Thus, the indisputable record demonstrates that Sanofi not only had all of Dr. Gahan's photos sent to Dr. Weinstein prior to filing its motion for sanctions – it had them twice – from Dr. Weinstein and Dr. Gahan.

Furthermore, Sanofi counsel's representations to the Court that he specifically conferred with Dr. Gahan's counsel concerning production of the "two week" photographs to Dr. Weinstein is contradicted by both its initial (and only) May 22, 2018 conferral letter[5] and its motion for sanctions – neither of which allege that Dr. Gahan concealed or failed to produce the photographs she sent to Dr. Weinstein.[6]  It was only when the Court zeroed in on this particular issue at the sanctions hearing that Sanofi's counsel apparently fabricated his position that any of the Gahan/Weinstein photographs had not been produced.  Dr. Gahan's counsel could not have "refused" to produce the photographs, when the indisputable record is that the photographs had already been given to Sanofi – twice.  Dr. Gahan could not have "refused" to produce the photographs when Sanofi's own motion and conferral letter demonstrate that it was not even asking for those photographs.  Sanofi knew it had the photographs, right up until the Court zeroed in on this particular issue as its primary concern at the sanctions hearing.

C. <u>Dr. Gahan Provided an Explanation for the Confusion Related to her VA Employment Records</u>

In its order granting Sanofi's motion for sanctions, the Court found "Dr. Gahan has provided no explanation for why she instructed the VA not to release her records." (Doc. 3917, p. 8).  This lack

_____

[5] **Exhibit 5**

[6] Sanofi's conferral letter and motion for sanctions alleges that Dr. Gahan obstructed its attempts to obtain records from Dr. Weinstein – but conspicuously does not allege that it did not have the records or the photographs.  Sanofi did have them – twice.

of explanation appears to at least partly form the factual rationale underlying the Court's order awarding sanctions. But Dr. Gahan did provide an explanation, filing a response to Sanofi's *ex parte* motion on July 27, 2018) (Doc. 3519). Dr. Gahan is concerned that, perhaps due to the "supplemental" nature of Sanofi's *ex parte* filing, the Court was unaware of Dr. Gahan's response brief. Dr. Gahan's brief demonstrates that the confusion with respect to the VA records arose from bureaucratic roadblocks at the VA and Sanofi's failure to confer. Dr. Gahan's position has been borne out by subsequent developments. After Dr. Gahan personally obtained and uploaded her employment records to MDL Centrality, Sanofi served an employment records release to the VA on July 30. In its August 10 response,[7] the VA treated Sanofi's request as a Freedom of Information Act request, despite Sanofi's provision of a signed release. The VA did not consult with Dr. Gahan concerning Sanofi's latest request, which demonstrates that Dr. Gahan never had "authority" to direct the VA not to respond to Sanofi's request. As she suggested in her response to Sanofi's *ex parte* motion, the VA's failure to deliver Dr. Gahan's employment records arose from Veritext's withdrawal of its request for those records, not any direction from Dr. Gahan.

D. Because Dr. Gahan Produced the Weinstein Photographs Prior to Sanofi's Motion for Sanctions, Rule 37 Prohibits an Award of Expenses to Sanofi

In this case, the Court expressed concern with what it perceived as Dr. Gahan's attempts to obstruct discovery. Ultimately, however, the Court's only "finding" with respect to documents or materials allegedly withheld by Dr. Gahan is it's order compelling her to produce all the photographs she sent to Dr. Weinstein before, during, and after his treatment. As set forth above, Dr. Gahan produced those photographs prior to Sanofi's motion for sanctions. Dr. Weinstein produced all those photographs prior to Sanofi filing its motion. There is no dispute that Sanofi had all of the photographs Dr. Gahan sent to Dr. Weinstein prior to filing its motion. Under these circumstances,

---

[7] **Exhibit 6**

an award of attorney fees and expenses to Sanofi under Rule 37 is facially impermissible under the rule, because there was nothing to compel.

Rule 37(a) permits a party to file a motion for an order compelling disclosure or discovery. If the Court grant's the motion:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--**or if the disclosure or requested discovery is provided after the motion was filed**--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (bold/underline added). Under the plain language of the Rule, the relevant inflection point is the status of production at the time the motion to compel is filed. See Hansen v. Savage Arms Co., 2018 WL 1440601 at *5 (N.D. Iowa, March 22, 2018)(stating motion to compel could not be granted when requested materials were already produced prior to filing of motion). The Court does not have authority to award expenses or attorney fees if the disputed materials were produced prior to the filing of a motion to compel, even if convinced the resisting party was dilatory in responding to initial requests. See Federico v. Lincoln Military Housing, LLC, 2014 WL 7447937 at *20 (E.D. Va., Dec. 31, 2014). This makes sense. If the rule were otherwise, parties would besiege Courts with motions seeking resolution of every informal difference of opinion between parties about discovery obligations.

Sanofi never filed a motion to compel under Rule 37(a). While Sanofi's counsel claimed that the Courts pre-trial orders precluded it from filing a motion to compel, that misses the point. The Court's only "finding" with respect to documents not provided to Sanofi arose from Sanofi counsels

incorrect claim that Dr. Gahan had not produced the photographs she sent to Dr. Weinstein.  The record unquestionably demonstrates that she provided those photographs in her ESI disclosure on March 2, 2018.  The record further demonstrates that Dr. Weinstein provided all photographs Dr. Gahan sent him in his response to Sanofi's subpoena on May 9, 2018.  Sanofi has never provided any factual basis to speculate that Dr. Weinstein's production set does not include <u>all</u> the photographs sent by Dr. Gahan.  So if Sanofi had filed a motion to compel under Rule 37(a), rather than a motion for sanctions under Rule 37(b), Dr. Gahan would have prevailed on that motion because the record demonstrates all such photographs had been produced.  There would have been no basis to award Sanofi its fees and expenses.  In fact, Rule 37(a)(5)(B) would have mandated that Dr. Gahan be awarded her expenses and attorney fees in resisting the motion.

Here, the Court awarded Sanofi its attorney fees and expenses pursuant to Rule 37(b)(2)(a).  Normally, an award of fees or expenses under this section requires a finding that the disobedient party failed to obey an order under Rule 37(a). <u>GFI Computer Industries v. Fry</u>, 476 F.2d 1, 4 (5th Cir., 1973); <u>RSUI Indem. Co. v. American State Ins. Co.</u>, 2015 WL 3619797 at *4 (E.D. La, June 9, 2015).  The rule also permits sanctions for disobeying on order under Rule 26(f) or Rule 35.  The rule states:

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the **disobedient** party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the **failure**, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  Under the plain language of the rule, the payment of expenses can only be awarded against a party who "disobeys" a Court order, and only for expenses caused by the "failure" of the party to obey the Court order.  In other words, in order for the Court to award expenses, there must have been a failure, or disobedience, by the offending party.  No such failure exists here, under the factual findings of the Court in its order.  The only discrete category of materials Dr. Gahan has been ordered to produce are the photographs she sent to Dr. Weinstein – this is the

"failure" found actionable by this Court.  But those photographs were produced to Sanofi before it filed its motion for sanctions.  In fact, the photographs were produced twice.

While she disagrees with the Court's apparent finding that her unintentional omission of Dr. Weinstein from her PFS was in bad faith, she defers to its "concerns" about the fulsomeness of her responses, and for that reason is not seeking to amend the Court's judgment ordering her to review her PFS and submit to an additional deposition – sanctions that are "remedial" to the offenses found by the Court.  But the award of expenses is punitive – and there is no conduct here justifying such an award. There is no dispute that Sanofi knew of Dr. Weinstein and knew of Dr. Gahan's use of his elixir through Dr. Gahan's own disclosure, and extensively examined Dr. Gahan concerning her relationship with Dr. Weinstein and her use of his elixir at her deposition – all before filing its motion for sanctions.  Presumably, this indisputable factual record is the reason the Court did not order Dr. Gahan to identify Dr. Weinstein as a "medical provider."  Such an order would have been a pyrrhic exercise, because Sanofi already knew about Dr. Weinstein and his "treatment" of Dr. Gahan at the time Sanofi complained about her failure to identify him on her PFS in its motion for sanctions.  Nor did the Court order Dr. Gahan to produce every photograph of herself in her possession, her attorney/client communications, or her hard drive – the only other substantive requests Sanofi made in its combined motion to compel/motion for sanctions.

E. <u>Sanofi's Expenses Cannot be Awarded Because Sanofi Never Conferred with Dr. Gahan Concerning the Weinstein Photographs</u>

Although Sanofi's counsel represented to this Court that specific conferral occurred between himself and Dr. Gahan's counsel concerning the Weinstein photographs, Dr. Gahan's counsel specifically represents that no such conferral occurred.  Dr. Gahan's position is supported by the undisputed documentary evidence.  The production of the Weinstein photographs is not mentioned in Sanofi's May 22, 2018 ultimatum letter, and it is not raised in Sanofi's motion for sanctions.  Rule 37(a)(5)(A)(i) prohibits an award of expenses "if the movant filed the motion before attempting in

good faith to obtain the disclosure or discovery without court action." Rule 37 prohibits an award of expenses in the absence of conferral. <u>Madison v. PALA Interstate, LLC</u>, 2014 WL 7004039 at *3 (M.D. La., Dec. 10, 2014). Again, production of the Weinstein photographs was never a dispute raised by Sanofi before the sanctions hearing on July 17th, when the Court specifically questioned Sanofi's counsel concerning the production of those photographs, and Sanofi's counsel disingenuously represented to the Court that Dr. Gahan "refused" to produce photographs that had already been produced to Sanofi – twice.

## CONCLUSION

Plaintiff Kelly Gahan respectfully requests the Court to grant her Rule 59 motion to alter or amend its August 22, 2018 Order requiring Dr. Gahan to pay Sanofi's expenses in connection with its Motion for Sanctions.

DATED: September 17, 2018      Respectfully Submitted,

/s/ *Darin L. Schanker*
Darin L. Schanker
Scot C. Kreider
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net
scot.kreider@coloradolaw.net


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.


/s/ Darin L. Schanker