UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| THIS DOCUMENT RELATES TO: 18-cv-04123 | | |

## ORDER AND REASONS

Before the Court is Plaintiffs' Individualized Statement in Support of Plaintiffs' Omnibus Motion to Remand (Doc. 2801). The Individualized Statement was filed pursuant to Pretrial Order No. 77A. Under PTO 77A, Plaintiffs who file cases in California Superior Courts naming McKesson Corporation ("McKesson") as a Defendant, that are then removed by a Defendant and transferred to this MDL, shall engage in an expedited briefing process regarding remand, should the parties be unable to formally resolve the matter after meeting and conferring. The expedited briefing process requires a plaintiff seeking remand to file, as a supplement to the Plaintiffs' Omnibus Motion to Remand, a two-page individualized statement regarding her alleged connection to McKesson.

According to Plaintiffs, Plaintiff Kalyani Mokkapati was administered docetaxel at Valley Medical Oncology Associates in Pleasanton, California. Allegedly, she received docetaxel bearing National Drug Code numbers 66758-0050-01 and 66758-0050-02, both of which were manufactured by Sandoz, Inc., and are listed in McKesson's Multi-Oncology Product Catalog.

During the meet-and-confer process, McKesson provided Plaintiffs with a declaration from a McKesson employee stating that "McKesson did not distribute brand-name or generic docetaxel" to Plaintiff's chemotherapy infusion facility. Plaintiffs responded by asking for clarification, as the docetaxel administered to Mokkapati was not a "generic," but a "non-generic bioequivalent" of Taxotere. According to Plaintiffs, McKesson did not respond to the request for clarification.

In its briefing, however, McKesson has submitted an amended declaration, mirroring Plaintiffs' request for clarification and expressly stating that McKesson did not provide any brand-name Taxotere, docetaxel, or generic non-bioequivalent of the same to Mokkapati's specific infusion center. In other words, McKesson has declared that it did not distribute docetaxel to Mokkapati's infusion facility. In light of this amended declaration establishing that Plaintiffs have no connection to McKesson, the Court denies Plaintiffs' Motion to Remand.

**IT IS ORDERED** that the Individualized Statement in Support of Plaintiffs' Omnibus Motion to Remand (Doc. 2801) is **DENIED** and Plaintiffs' case shall remain in this Court.

New Orleans, Louisiana, this 3rd day of October, 2018.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE