UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO
*Gahan v. Sanofi, et al.*, No. 2:16-cv-15283

---

**MEMORANDUM IN OPPOSITION TO PLAINTIFF KELLY GAHAN'S MOTION FOR RECONSIDERATION**

---

In her Motion for Reconsideration, Plaintiff Kelly Gahan attempts to retrofit the Court's August 22, 2018, Order into a singular argument that Dr. Gahan was sanctioned merely because she failed to produce photographs related to her treatment by Dr. David Weinstein. This is not the case. Nor was Dr. Gahan's failure to produce photographs "the Court's only 'finding'" or a "manifest error of fact." *See* Mot. for Reconsideration, at 6 (Rec. Doc. 4201-2). Instead, the Court entered sanctions based on a record of repeated discovery obstruction by Dr. Gahan in this litigation. As the Court outlined in its Order:

> The Court is troubled by Gahan's conduct. She is a sophisticated plaintiff, and she is a representative plaintiff in this litigation. The PFS required her to disclose both the physicians who provided treatment to her and whether she used any over-the-counter medications or supplements; Dr. Gahan knew or should have known that the PFS required her to disclose Dr. Weinstein and the treatment he provided to her. By repeatedly omitting this information from her PFS, Dr. Gahan has failed to comply with her discovery obligations. Even if the Court accepts Dr. Gahan's explanation that she merely forgot to disclose Dr. Weinstein, Dr. Gahan has provided no explanation for why she instructed the VA Center not to release her records. Further, her correspondence with Dr. Weinstein about Sanofi's request for his records demonstrates that she has encouraged at least one other potential witness to be less than forthcoming in this litigation.

Order, at 8 (Rec. Doc. 3917). Dr. Gahan's conduct inarguably violated multiple Court Orders—

1

including PTO No. 22A (Rec. Doc. 325), PTO No. 38 (Rec. Doc. 326), PTO No. 68 (Rec. Doc. 1085), and PTO No. 71A (Rec. Doc. 1531)—and therefore, the Court appropriately entered sanctions pursuant to Federal Rule of Civil Procedure 37(b).

Dr. Gahan's Motion also reflects refusal to acknowledge the culpability of her conduct. Over forty-five days have passed since the Court entered its Order, and Dr. Gahan has made a single supplemental production, which merely consists of additional out-of-pocket expenses. She has failed entirely to amend her PFS. Despite numerous meet and confers, Dr. Gahan refuses to give Sanofi dates for the continuance of her deposition or commit to timely supplement her previous discovery responses. Rather than provide a plan to comply, Dr. Gahan, through counsel, insists that it is Defendants' obligation to identify what Dr. Gahan has withheld. Unfortunately, such behavior is consistent with the pattern giving rise to Sanofi's initial motion. In fact, since this Court entered its Order, Sanofi uncovered additional examples of discovery misconduct. Dr. Gahan's conduct was a factor in obstacles to obtaining her psychiatrist's medical records. Sanofi also uncovered numerous additional physicians that Dr. Gahan failed to disclose in her PFS. While Dr. Gahan claims that this Court got it "wrong" with its prior order, examples of discovery misconduct continue to emerge and questions remain about what else Dr. Gahan has refused to produce.

**LAW AND ARGUMENT**

**I.    DR. GAHAN HAS NOT IDENTIFIED A MISTAKE OF LAW OR FACT, OR EVIDENCE TO SUPPORT A RULE 59(E) MOTION FOR RECONSIDERATION.**

Granting a Rule 59(e) motion for reconsideration is an "extraordinary remedy" and should be used sparingly. *See, e.g.*, *Taylor v. State Farm Fire & Cas. Co.*, No. 06-cv-2609, 2007 WL 1237819, at *1 (E.D. La. Apr. 25, 2007); *Indep. Coca-Cola employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, No. 04-cv-30142, 2004 WL 2554847, at *4 (5th

Cir. Nov. 11, 2004) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). In the interest of finality, "motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been previously discovered." Rule 59(e) "should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings." *Taylor*, 2007 WL 1237819 at *1; *see also Templet*, 367 F.3d at 479; *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Dr. Gahan has not identified a "mistake of law or fact" or presented "newly discovered evidence that could not have been previously discovered." Instead, eschewing all previous briefing and the plain language of the Court's Order, Dr. Gahan argues that Rule 59(e) supports reconsideration because: (1) photographs, discussed in Sanofi's Motion for Sanctions, constitute an (almost) complete set; (2) the Court allegedly failed to read Dr. Gahan's briefing in its entirety; and (3) Rule 37(a) sanctions would be premature. As the Court held in *Taylor v. State Farm Fire & Cas. Co.*, "the information that counsel now presents was, in fact, available at the time of the motion and could have been presented with the motion" and because "counsel raises no new argument," Dr. Gahan's motion for reconsideration should be denied. *Id.* at *1-2.

### A.     Photographs

The majority of Dr. Gahan's Rule 59(e) motion reframes both Sanofi's Motion for Sanctions and the Court's Order, accusing Sanofi of misrepresenting the documents in its possession, and suggesting this alone led the Court to enter sanctions. As is clear from Sanofi's Motion for Rule 37(b) Sanctions, however, Sanofi directly referenced the photographs Dr. Gahan *had produced* to underscore the absurdity of Dr. Gahan trying to hide Dr. Weinstein's treatment of her in her Plaintiff Fact Sheet ("PFS"). *See, e.g.*, Memo in Support of Sanofi Defendants' Mot.

3

for R. 37 Sanctions, at 3-5 (Rec. Doc. 2831-1).  In fact, these same photographs are what led Sanofi to uncover Dr. Gahan's concealment of Dr. Weinstein, eventually prompting the Motion for Sanctions itself.  *See id.*  Sanofi identified these photographs to the Court.

What was and still is unclear to Sanofi, however, is whether the photographs initially produced as part of Dr. Gahan's general email correspondence constitute the entirety of the photographs she *took* for Dr. Weinstein.  Sanofi has yet to receive a direct answer to this question.  Instead, Plaintiff and her counsel ask Sanofi to prove there is more that has not been produced by Dr. Weinstein.  **Ex. A**, Email from Scot Kreider to Adrienne Byard, et al. (Sept. 5, 2018, 1:33 PM) ("I am still awaiting your written response to my request of August 30, asking Sanofi to provide the factual basis that any photographs sent to Dr. Weinstein exist other than those he included in the documents he provided to Sanofi's subpoena. . . . Under these circumstances, where production of additional photographs sent to Dr. Weinstein is the **only concrete aspect of the Court's order**, we certainly don't want any unnecessary delay in complying with the order.") (emphasis added).  Furthermore, Dr. Gahan now admits in her Motion for Reconsideration that there is at least one photograph that was produced by one but not the other, or neither.  *See* Mot. for Reconsideration, at 5 (Rec. Doc. 3388-2).

As Sanofi communicated to counsel, during Dr. Gahan's May 2018, deposition, she testified that she has "hundreds" of photographs in her possession that she has not produced, but which were requested in the PFS—including weekly photographs she took <u>specifically to document the injuries she alleges in this lawsuit</u>.  Sanofi Defendants' Mot. for R. 37 Sanctions, at Ex. K (Rec. Doc. 2831-12)  These are the photographs responsive to the PFS, which she has yet to provide.  The Court was briefed on this issue, and ordered Dr. Gahan to produce any Weinstein-related photographs in her possession, as well as "any relevant information that she has failed to

4

produce to Defendants as required either in her Plaintiff Fact Sheet or in response to a request by Defendants," which encompasses the weekly photographs. Far from a "mistake of law or fact," Dr. Gahan's continued failure to produce the hundreds of photographs in her possession provides no substantive basis for overturning the Court's well-reasoned Order.

### B.      Employment Records

Dr. Gahan suggests that the Court entered sanctions against her because it did not read her July 27, 2018, supplement. Rather than raise a new argument, or present additional evidence, Dr. Gahan argues that "bureaucratic roadblocks" resulted in the VA Eastern Colorado Healthcare System's ("ECHCS") failure to produce records. But there was also direct communication between Dr. Gahan and the ECHCS that records ought not to be produced, which the hospital certifies it received from Dr. Gahan. (Rec. Doc. 3505-4, at 3 ("Dr. Gahan informed our office to *not* release her employment or medical records to Veritext. . . ."). The Parties have already extensively briefed these arguments, and therefore Rule 59(e) does not provide grounds to reverse the Court's Order.

### C.      Rule 37(b) Sanctions

Finally, Dr. Gahan attempts to undermine the Court's Order as if it rests on Rule 37(a), rather than Rule 37(b). *See* Mot. for Reconsideration, at 7-9 (Rec. Doc. 4201-2). Even this argument rehashes her first opposition brief, raising no mistakes of law or fact and no newly discovered evidence. **Rule 37(b)**—the Rule relied upon in Sanofi's Motion and the Court's Order—punishes a party for "failure to comply with a court order" or "for not obeying a discovery order," which is precisely what Dr. Gahan has done. Rule 37(b)(2)(C) goes on to state that, "instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees,

5

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added). Dr. Gahan's actions violated multiple Court Orders, including PTO No. 22A (Rec. Doc. 325), PTO No. 38 (Rec. Doc. 326), PTO No. 68 (Rec. Doc. 1085), and PTO No. 71A (Rec. Doc. 1531). Sanctions are appropriate, as is an award of attorney's fees. It is nearly offensive for Plaintiff to suggest that the Court did not have authority to enter sanctions under Rule 37(a) that it clearly had authority to enter—and did enter—under Rule 37(b).

## II. DR. GAHAN REFUSES TO COMPLY WITH THE AUGUST 22, 2018, ORDER.

To date, despite the Court's August 22, 2018, Order, Dr. Gahan has not "produce[d] any relevant information that she has failed to produce to Defendants as required either in her Plaintiff Fact Sheet or in response to a request by Defendants," and has not given dates for a "four-hour deposition . . . to further depose her on the evidence she withheld." Order, at 10 (Rec. Doc. 3917). Instead, the last PFS provided by Dr. Gahan was in October 2017, and Dr. Gahan has yet to amend her PFS to identify Dr. Weinstein. Dr. Gahan's counsel refused to provide dates for her Court-ordered deposition, and Dr. Gahan has not provided a single supplementation to her production.

### A. Meet and Confer Efforts

On August 29, 2018, Sanofi's counsel reached out to Plaintiff's counsel to determine Dr. Gahan's timeline for compliance with the Court's Order and to schedule the four-hour deposition ordered by the Court. *See* **Ex. B,** Letter from Adrienne Byard to Darin Schanker (Aug. 29, 2018). Sanofi asked liaison counsel for an in person conference on the issue. *Id.* Rather than lay out a plan to comply, Dr. Gahan's counsel responded that:

- **They would *consider* producing photographs.** ("we will **attempt** to identify and produce these photos. We need to confer with our client to determine whether this is possible.").
- **They *would not* supplement her PFS to identify Dr. Weinstein or other researchers/colleagues that she consulted about Taxotere and hair loss.** ("The Court did not require Dr. Gahan to identify Dr. Weinstein in her PFS, and she declines to do so now, because her PFS answers are her answers − whatever someone else might believe.

6

> The same rationale applies to your request that she identify and disclose any researchers or colleagues she merely communicated with regarding her hair loss or hair loss research – except with more force. These are not medical providers under any reasonable construction of the PFS.").

- **They *would not* supplement Plaintiff's ESI disclosures.** ("Furthermore, we don't agree that the Court's order, or the PFS, includes an on-going requirement to produce ESI.")

- **They would not yet provide dates for Dr. Gahan's deposition.** ("Your request for deposition dates for Dr. Gahan is premature . . . . the extent to which we will be producing the materials requested in your letter is under negotiation. Consequently, it would be premature to set deposition dates without our cooperative resolution of your additional records requests.").

*See* **Ex. A**, Email from Scot Kreider to Adrienne Byard, et al. (Aug. 31, 2018, 2:33 PM). A weeks-long campaign of obstruction then followed.

### B.     Dr. Gorsline's Medical Records

Dr. Gahan claims that Taxotere caused her psychological injuries, for which she sought treatment from several doctors, including Dr. Amy Gorsline. After Sanofi brought its sanctions motion, Plaintiff objected to producing Dr. Gorsline's records. The day after the Court issued its sanctions ruling, Sanofi briefed the issue of Dr. Gorsline's records to Magistrate Judge North. **Ex. C**, Letter from Patrick Oot to the Honorable Michael B. North (Aug. 23, 2018). At the hearing on this issue, however, Plaintiffs' counsel represented that the records had been produced to Sanofi or its vendor. **Ex. D**, Hr'g Tr. at 16:14-23 (Aug. 28, 2018) ("Schanker: But the bottom line to answer your question is, I believe it's been resolved. Either they have the records or Veritext, which is the company, the middle man, has the records. . . . So the bottom line is, it should be resolved. The records have already been received or should be on their way and be received shortly."")). However, the records had not been produced to Sanofi or its vendor.

Following this hearing, Plaintiff subpoenaed Dr. Gorsline, without further explanation. Review of Dr. Gorsline's records revealed why. As early as 2014, Dr. Gahan instructed Dr. Gorsline not to produce her treatment records in connection with the litigation. **Ex. E**, Amy

7

Gorsline 00034 (Aug. 22, 2014). Following a discussion with Dr. Gahan regarding her decision to sue Sanofi, Dr. Gorsline wrote: "clarified desire to protect client's records, agreed to provide a problem summary once request were clear and per pt's approval." *Id.* When Sanofi requested Dr. Gorsline's records in 2018, Sanofi received that summary, written by Dr. Gorsline in 2015 for Dr. Gahan's then-lawyer, Bob Weinberger. **Ex. F**, Letter from Darin Schanker to Harley Ratliff, et al. (Aug. 2, 2018); Letter from Adrienne Byard to Darin Schanker (Aug. 17, 2018). Dr. Gorsline refused to provide her full treatment records, and instead provided a short summary. *See id.* It was only with two subpoenas that Dr. Gorsline produced Dr. Gahan's psychiatric records.

In addition, Dr. Gorsline's records also reveal that Dr. Gahan was experimenting with off-label treatments to regrow her hair in 2014. **Ex. E**, Amy Gorsline 00036 (Dec. 23, 2014) ("still doing crazy drug combos to regrow hair, she's been prescribing to herself, oncologist took [illegible] overall completely experimental, dangerous SEs". Body dysmorphic disorder was discussed."). Again, just as in the case of Dr. Weinstein's treatment, Dr. Gahan has not actually disclosed these experimental hair loss treatments in her PFS, in violation of multiple Court Orders.

### C. Dr. Gahan Has Concealed Additional Medical Providers and Treatment

In opposing Sanofi's Motion for Rule 37 Sanctions, Dr. Gahan indicated that she has consulted a "score" of additional healthcare providers for hair loss. *See* Memo in Response to Sanofi Defendants' Mot. for R. 37 Sanctions, at 8 (Rec. Doc 3216). Following the Court's Order, Sanofi requested that Dr. Gahan supplement her PFS to include a list of these physicians. *See* **Ex. B**, Letter from Adrienne Byard to Darin Schanker (Aug. 29, 2018). Rather than simply amend her PFS, Plaintiff's counsel suggested that Sanofi re-review Dr. Gahan's 14,000 pages of ESI for the names of undisclosed healthcare providers. *See* **Ex. A**, Email from Scot Kreider to Adrienne Byard, et al. (Aug. 31, 2018, 2:33 PM). Sanofi did just that, and identified no less than five

additional hair loss consultants, including: **Guadalupe Yane, Bill Lowry, Emma Marquez, Smith Cosmetic Surgery, and Hair Sciences Center of Colorado.** Dr. Gahan has not disclosed these providers in her PFS, and Sanofi has no way of confirming what communications exist with them, or what additional information, if any Dr. Gahan has withheld.

In addition, as Dr. Gorsline's medical records reveal, Dr. Gahan was in the practice of prescribing herself "crazy drug combos" to treat hair loss as early as 2014. **Ex. E**, Amy Gorsline 00036 (Dec. 23, 2014). A review of emails produced by members of the Taxotears Google Group also reveals Dr. Gahan was experimenting with a variety of hair loss treatments, including a Platelet-Rich Plasma ("PRP") treatment administered "through a friend with a cosmetic business." **Ex. G**, Email from Kelly Gahan to Joan Phillips (May 3, 2015, 9:31 PM). To date, Dr. Gahan has not disclosed the prescription drug combinations referenced in Dr. Gorsline's records, the PRP treatment, or the cosmetic business administering the PRP treatment in her PFS.

### D. Dr. Gahan Refuses to Supplement her Production

On September 5, 2018, Sanofi wrote and spoke to Plaintiff's counsel on-and-off for most of the day about Dr. Gahan's timeline for complying with the Court's Order. Dr. Gahan's counsel refused to provide supplemental information unless Sanofi agreed to send a list of the requests in the PFS requiring supplementation. **Ex. A**, Communication between Scot Kreider and Adrienne Byard (Sept. 5, 2018). Sanofi explained that Dr. Gahan's counsel was better positioned to sit down with their client and determine what, if anything, has been withheld. *Id.* Still, Sanofi entertained Plaintiff's request and sent a list of the documents requested in the Court-ordered PFS. *Id.* Plaintiff characterized the exchange as Sanofi requesting "additional" discovery. *Id.* Sanofi continued efforts to meet and confer with Dr. Gahan's counsel throughout September and October, without progress. *See, e.g.*, **Ex. A,** Collection of Emails Outlining Meet and Confer Efforts. Finally, on

9

September 19, 2018, receiving no assurance that Dr. Gahan would supplement existing discovery, Sanofi served new written discovery requests. To date, Dr. Gahan has yet to produce any additional information beyond a supplement of out-of-pocket expenses, and she has failed to provide a privilege log - raising additional concerns regarding her initial ESI production.

On September 26, 2018, the Court removed Dr. Gahan from the trial pool. Following this decision, Plaintiff's counsel wrote to Sanofi to suggest that Dr. Gahan now has no obligations under the Court's August 22, 2018, Order. Removed from the trial pool or not, though, she still must comply with the Court's sanctions order. Although she does not argue it in her Motion, Dr. Gahan's removal from the trial pool does not provide grounds for reversal under Rule 59(e), and certainly does not absolve her of her obligations under the Court's Order.

## CONCLUSION

In short, Plaintiff has raised no new, previously unavailable, facts or evidence to support a Rule 59(e) reversal of the Court's well-reasoned Order entering sanctions against Dr. Gahan. Instead, Dr. Gahan uses her Rule 59(e) motion to highlight, again, that she does not feel her failure to disclose Dr. Weinstein and his treatment, or her pattern of counseling medical providers to withhold records, rises to the level of sanctionable conduct. Rather than heed the Court's warning that "any **additional withholding of information will result in the dismissal of her case**," Dr. Gahan continues to refuse to supplement her PFS with the additional relevant information in her possession. Order at 9 (Rec. Doc. 3917). Dr. Gahan claims she has been injured, but refuses to provide details of treatment sought, providers consulted, or medical records revealing the same. She continues to withhold relevant information "that should have been produced in a PFS or in response to a request by Defendants." *Id.* At most, her motion is an attempt to relitigate old matters, raise new arguments, and submit evidence that could have been presented in earlier

proceedings. *Taylor*, 2007 WL 1237819 at *1; *see also Templet*, 367 F.3d at 479; *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). As a result, Dr. Gahan's Rule 59(e) Motion should be denied.

In addition, Dr. Gahan's actions again place her in violation of PTO No. 22A (Rec. Doc. 325), PTO No. 38 (Rec. Doc. 326), PTO No. 68 (Rec. Doc. 1085), and PTO No. 71A (Rec. Doc. 1531), as well as the Court's August 22, 2018, Order – and she *still* insists that she is under no obligation to provide Sanofi with the basic information requested in the PFS. Therefore, Sanofi respectfully requests that the Court not only deny Dr. Gahan's Motion for Reconsideration, but:

1. Order Dr. Gahan to appear for a case-specific deposition, as the Court previously ordered on August 22, 2018;

2. Allow Sanofi to issue subpoenas to the hair loss consultants listed above, without waiting the fourteen days or providing the opportunity for objection prescribed in Amended PTO No. 22;

3. Order Dr. Gahan and her Counsel not to contact the providers listed above before service of the subpoenas;

4. Order Dr. Gahan and counsel to provide an accounting of the dates and duration of meetings, if any, they have had with Dr. Gahan to discuss compliance with the Court's August 22, 2018, Order; and

5. Enter an additional monetary sanction against Dr. Gahan, including all costs and fees associated with Sanofi's attempts to enforce compliance with the Court's August 22, 2018, Order and respond to this Motion for Reconsideration.

In the alternative, the Court ought to dismiss Dr. Gahan's case and enter any additional sanctions the Court deems just pursuant to Rule 37. The premise of Sanofi's request is a simple

one. Upon entry of the Court's Order, any reasonable plaintiff and her counsel would have sat down and immediately walked through their existing discovery responses and Defendants' unanswered discovery requests (from her subpoena deuces tecum), as well as her testimony, and swiftly supplemented and/or corrected their responses. Instead, Dr. Gahan and her counsel's response was to tell Sanofi to go out and find it, and to prove what more had been withheld. Unfortunately, more has been.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*