| | |
|---|---|
| **From:** | Byard, Adrienne (SHB) |
| **Sent:** | Monday, October 8, 2018 3:19 PM |
| **To:** | 'Scot Kreider'; 'Darin Schanker'; 'Kyle Bachus'; 'Jennifer Heck' |
| **Cc:** | 'dmoore@Irwinllc.com'; Sears, Connor (SHB); Ratliff, Harley (SHB); 'Dawn Barrios'; 'plambert@gainsben.com'; 'Chris Coffin'; 'Karen Barth Menzies'; 'Olinde (Olinde@chaffe.com)'; Nicholas, Hillary S. (SHB) |
| **Subject:** | RE: Gahan Status/Discovery |

Scot,

We were looking back at our files today on the related issue of ESI supplementation by Dr. Gahan.  I did not see a privilege log for her.  Have all documents hitting on the terms and sources required for PTO 71A been produced.  Has anything been withheld as privileged and/or protected by Dr. Gahan?  Can you direct me to the MDL Centrality Document ID No. for her privilege log, if any.  Thank you.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 |  abyard@shb.com

---

**From:** Byard, Adrienne (SHB)
**Sent:** Thursday, October 4, 2018 4:12 PM
**To:** Scot Kreider <scot.kreider@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Kyle Bachus <kyle.bachus@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>
**Cc:** dmoore@Irwinllc.com; Sears, Connor (SHB) <csears@shb.com>; Bieri, Kelly (SHB) <kbieri@shb.com>; Ratliff, Harley (SHB) <hratliff@shb.com>; 'Dawn Barrios' <barrios@bkc-law.com>; 'plambert@gainsben.com' <plambert@gainsben.com>; Chris Coffin <ccoffin@pbclawfirm.com>; 'Karen Barth Menzies' <kbm@classlawgroup.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>
**Subject:** RE: Gahan Status/Discovery

Scot,

Yes.  Complying with the Court's order should be simple and require no conferral.  When you received the Court's order, you should have sat down face-to-face with Dr. Gahan and reviewed the existing discovery and supplemented it.  End of story.

Instead, we have had to continually challenge your position that the Court Order did not require Dr. Gahan to supplement her discovery.  You had no plan for supplementing her discovery—two weeks after the Order was entered—until we asked where the supplements were and spoke to you by phone.

It is staggering to us that you have a client under a sanctions order who has not supplemented discovery.  And it is staggering to us how many times we have asked you, kindly, specifically, to comply with the Order.

We wrote to you on August 29; we briefed the issue of Dr. Gorsline's records to the Court; we subpoenaed Dr. Gorsline ourselves; we conferred with you most of September 5; we wrote to you on September 10 about additional non-disclosed providers; we wrote to you again on September 11; we requested deposition dates on September 12; we wrote to you again on September 13; we requested deposition dates again on September 17; and we served additional written discovery on September 19.  You still have not responded to my partner Harley's requests for conferral on your proposal to supplement by October 16.  It is October 4 and we still have no supplemental discovery.  It very much

sounds from your email below that Dr. Gahan, having been removed from the trial pool, has no intention of ever supplementing her discovery now.  Staggering.

If I have any of this wrong, please let me know.

We will see what the Court has to say.  Thank you.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 | | Cell: 816.805.6205 |  abyard@shb.com

---

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Thursday, October 4, 2018 3:46 PM
**To:** Byard, Adrienne (SHB) <ABYARD@shb.com>; Darin Schanker <dschanker@coloradolaw.net>; Kyle Bachus <kyle.bachus@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>
**Cc:** dmoore@Irwinllc.com; Sears, Connor (SHB) <CSEARS@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; 'Dawn Barrios' <barrios@bkc-law.com>; 'plambert@gainsben.com' <plambert@gainsben.com>; Chris Coffin <ccoffin@pbclawfirm.com>; 'Karen Barth Menzies' <kbm@classlawgroup.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>
**Subject:** RE: Gahan Status/Discovery

Counsel;

So you intend to seek sanctions for our efforts to confer with Sanofi with respect to complying with the Court's order?  That is disappointing.

There can be no compromise without Sanofi foregoing its claim for expenses and attorney fees.  If that's not negotiable to Sanofi, go ahead and file your response.

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone:    303-893-9800    |    Direct:    303-586-5409    |    Fax:    303-893-9900    |    Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

---

**From:** Byard, Adrienne (SHB) <ABYARD@shb.com>
**Sent:** Thursday, October 4, 2018 2:38 PM
**To:** Scot Kreider <scot.kreider@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Kyle Bachus

<kyle.bachus@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>
**Cc:** dmoore@Irwinllc.com; Sears, Connor (SHB) <CSEARS@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; 'Dawn Barrios' <barrios@bkc-law.com>; 'plambert@gainsben.com' <plambert@gainsben.com>; Chris Coffin <ccoffin@pbclawfirm.com>; 'Karen Barth Menzies' <kbm@classlawgroup.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>
**Subject:** RE: Gahan Status/Discovery

Counsel,

This email responds to Scot's email below and Darin's letter from yesterday.

On August 22, 2018, the Court entered Rule 37 sanctions against your client.  **Gallingly, almost 45 days have past and we have seen no supplemental discovery responses from her or any cooperation with the Court's Order on her further deposition.**  We also proposed and secured dates for depositions which, after speaking with you, witnesses postponed.  The Court only removed Dr. Gahan from the trial pool on September 26th.  Dr. Gahan's disobedience with the Order had been ongoing for weeks by that point.  All of this is not about whether Dr. Gahan's case is or is not in the trial pool, it is about whether her conduct has now risen to the level of *dismissal*:

> "If the Court learns that any other plaintiff has intentionally withheld relevant information that should have been produced in a PFS or in response to a request by Defendants, the Court will impose severe sanctions, which may include dismissal with prejudice. **The Court specifically cautions Dr. Gahan that any additional withholding of information will result in the dismissal of her case.**"

Your client has continued withholding information by not supplementing her discovery for almost 45 days since the order was entered.  Removed from the trial pool or not, she still must comply with the Court's sanctions order.  We are prepared to seek dismissal on this basis and in opposing your motion for reconsideration.  We are also prepared to seek additional costs for the numerous meet and confers we have held with you to prompt you to supplement, for crafting and serving additional written discovery to prompt you to comply, and for opposing your motion for reconsideration.  At the same time, with Dr. Gahan's removal from the trial pool, we certainly all have other demands on our time, but not at the expense of enforcing and complying with the Court's Order.

Accordingly, we will consider withdrawing our written discovery requests once Plaintiff has supplemented her PFS, PTO 71A disclosures, "release[d] any additional relevant information that she has in her custody and has failed to produce," and "produce[d] any relevant information that she has failed to produce to Defendants as required either in her Plaintiff Fact Sheet or in response to a request by Defendants."  In other words, Dr. Gahan needs to supplement and/or respond to the discovery then-pending at the time of the sanctions order, but provided those responses are complete, we would agree to forego the additional discovery served after the sanctions order but before her case's removal from the trial pool.

Further, in exchange for Plaintiff withdrawing her Motion for Reconsideration, we will agree to forego the Court-order four-hour additional deposition of Dr. Gahan.  We would also agree on that condition to cancel the deposition of Dr. Weinstein, the continuation of Dr. Borges, and we would agree to stand down on other case-specific depositions until the case is identified in subsequent trial pools and/or remanded for trial.

We will not agree to forego Dr. Gahan's Taxotears deposition.  We also not agree to vacate her sanctions order.  This is our final and only compromise proposal on these point.  Please advise us immediately of your position on this proposal.  We otherwise intend to very shortly file our Opposition to your Motion, as indicated.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 |  abyard@shb.com

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Thursday, October 4, 2018 1:41 PM
**To:** Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Byard, Adrienne (SHB) <ABYARD@shb.com>; 'Dawn Barrios' <barrios@bkc-law.com>; 'plambert@gainsben.com' <plambert@gainsben.com>; Chris Coffin <ccoffin@pbclawfirm.com>; dmoore@Irwinllc.com; Sears, Connor (SHB) <CSEARS@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; 'Karen Barth Menzies' <kbm@classlawgroup.com>
**Cc:** Jennifer Heck <jennifer.heck@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Kyle Bachus <kyle.bachus@coloradolaw.net>
**Subject:** Gahan Status/Discovery

Counsel;

In light of the Court's order last week restricting bellwether cases to those located within the Fifth Circuit, it is our position that Kelly Gahan is no longer a bellwether Plaintiff.  Under these circumstances, all case-related discovery other than that required/permitted under the PFS/DFS process and PTO 71A should be terminated.

Additionally, please advise whether you are interested in discussing an agreement with respect to the Court's sanctions order against Dr. Gahan.  We are willing to withdraw our motion for reconsideration of the Court's order in exchange for a stipulation to vacate the order.  We can discuss the scope of any additional discovery (including an additional deposition) that might be permitted if/when Dr. Gahan's case is remanded back to the District of Colorado for trial.

Best Regards,

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone:     303-893-9800    |    Direct:     303-586-5409    |    Fax:     303-893-9900    |    Email:    Scot.Kreider@ColoradoLaw.net | Website:  www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

Mail Gate made the following annotations on Thu Oct 04 2018 15:37:57

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Tuesday, September 11, 2018 10:50 PM
**To:** Ratliff, Harley (SHB) <HRATLIFF@shb.com>
**Cc:** dmoore@Irwinllc.com; Darin Schanker <dschanker@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Sears, Connor (SHB) <CSEARS@shb.com>; Olinde@chaffe.com; Byard, Adrienne (SHB) <ABYARD@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; plambert@gainsben.com; barrios@bkc-law.com; Edie Britton <edie.britton@coloradolaw.net>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Mr. Ratliff;

Please see paragraph 4 of my previous email.  Dr. Gahan's testimony in her deposition couldn't have been clearer.  She reached out to various researchers by email to discuss their research.  That's where this all came from.  I don't know the names of the researchers, or how many there were (if any).  But I DO know Sanofi can find them in Dr. Gahan's ESI production materials – just as it identified Dr. Weinstein.  Any further information in this respect will come in the form of our formal responses to Adrienne's requests.  That is the right procedural way to deal with this, and that's how we are going to deal with it.  The Court's order is not a license to harass us with informal discovery demands, and if we have to take that up with the Court, we will.

Best Regards,

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone:   303-893-9800   |   Direct:   303-586-5409   |   Fax:   303-893-9900   |   Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

**From:** Ratliff, Harley (SHB) <HRATLIFF@shb.com>
**Sent:** Tuesday, September 11, 2018 9:41 PM
**To:** Scot Kreider <scot.kreider@coloradolaw.net>
**Cc:** dmoore@Irwinllc.com; Darin Schanker <dschanker@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Sears, Connor (SHB) <CSEARS@shb.com>; Olinde@chaffe.com; Byard, Adrienne (SHB) <ABYARD@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; plambert@gainsben.com; barrios@bkc-law.com; Edie Britton <edie.britton@coloradolaw.net>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Scot -

So many words and oddly capitalized choices. What are the names of the consultants or researchers your client contacted regarding her alleged hair loss?

Harley

sent from mobile

On Sep 11, 2018 10:26 PM, Scot Kreider <scot.kreider@coloradolaw.net> wrote:

> Adrienne;
>
> Sanofi's conduct in continually moving the target is simply unacceptable. The Court's order requiring Dr. Gahan to simply produce all relevant evidence not previously disclosed is clearly not actionable without some conferral. It is our position, and has always been our position, that Dr. Gahan ALREADY produced all relevant evidence she needed to produce. Our agreement to specifically respond to your September 5 bullet points was our effort to identify the materials already produced, and go the extra mile to conduct ANOTHER review to determine if there was anything we missed. We don't think there is, but for example, your latest requests ask us to specifically provide and categorize photographs at different time points relative to Dr. Gahan's chemotherapy. This compromise is our attempt to work with you in demonstrating Dr. Gahan's good faith.
>
> Your contention that we "refused" to supplement response to existing requests, the PFS, and PTO 71A is non-sensical. We didn't even begin this discussion until last Wednesday. There was no prior request to supplement. We have agreed to respond to the specific bullet points in your September 5 email, and now it appears you are trying to salt the well by accusing us of previously refusing to supplement. We aren't engaging in this game.
>
> It is our position that the document requests in your subpoena duces tecum for Dr. Gahan's deposition WERE satisfied months ago. But your subpoena duces tecum was (a) an attempt to end around the PFS process that entitles Sanofi to obtain Dr. Gahan's medical records itself; and (b) not a Rule 34 request for production requiring a written response. We are now going to provide a written response to Sanofi's requests, and we require the time allotted to us under the Rules of Civil Procedure to complete that response.
>
> As we have REPEATEDLY informed you, the identity of any "consultants or researchers" Dr. Gahan reached out to related to hair loss research can be ascertained from the 18,000 pages of emails we produced to you in Dr. Gahan's ESI disclosure on March 2, 2018. But you know this, because Dr. Gahan disclosed her communications with Dr. Weinstein

through this production. Since Sanofi was able to timely find Dr. Weinstein, I'm sure it can discover any other such communications. We reiterate our position that identifying each and every person with whom Dr. Gahan discussed her hair loss is not an interrogatory on the PFS. Our agreement to respond to Sanofi's September 5 request to identify such consultants or researchers is our attempt to work with you in good faith. Since you have now had over six months to pore over Dr. Gahan's emails, I'm sure that Sanofi has already identified other researchers/individuals whom Dr. Gahan reached out to regarding hair loss. To the extent Sanofi has identified individuals it would like to request records from, please do so in compliance with the Pre Trial order requiring 14 days notice prior to requesting such records. We will do everything within our power to timely respond to your notices.

Your attempt to include Dr. Gorsline as some sort of "non-disclosed" medical provider is disingenuous. Dr. Gahan identified Dr. Gorsline in her PFS over a year ago.

I'm sorry, but its simply not possible to compile, analyze, and categorize responsive materials by September 22. If you think it is necessary to waste the Court's time by renewing your motion for sanctions, I think that would be an unfortunate decision and destructive of all the progress we have made in reaching this point.

Best Regards,

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone: 303-893-9800 | Direct: 303-586-5409 | Fax: 303-893-9900 | Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing? Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

**From:** Byard, Adrienne (SHB) <ABYARD@shb.com>
**Sent:** Tuesday, September 11, 2018 8:44 PM
**To:** Scot Kreider <scot.kreider@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Douglas J. Moore (dmoore@Irwinllc.com) <dmoore@Irwinllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Counsel:

It is not reasonable that Plaintiff had not formulated a plan to comply with the Court's Order when it was entered 20 days ago.

It is not reasonable that until today and even under the Court's Order, you refused to supplement your responses to our existing requests, the PFS, and PTO 71A.

The requests outlined in my email accompanied her deposition notice and arose from the deposition; those are requests that should have been answered then, months ago, not 35 days from now.

If we do not receive full and complete responses to our outstanding requests 30 days from the Court's Order, i.e., by September 22, 2018, we will be renewing our motion.

Also, is there some reason why Dr. Gahan cannot by Friday identify the numerous other consultants and researchers that she has communicated with—like Dr. Weinstein—about hair loss? As this was a premise of your opposition motion, and you questioned why we were not interested in those witnesses, clearly there are names in mind that you could now disclose.  We could at least get started on requests and records of those witnesses—as the Weinstein and Gorsline examples dictate—that process itself could take months so we ought not delay getting started.  Thank you.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 |  abyard@shb.com

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Tuesday, September 11, 2018 2:18 PM
**To:** Byard, Adrienne (SHB) <ABYARD@shb.com>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Douglas J. Moore (dmoore@Irwinllc.com) <dmoore@Irwinllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Good afternoon Adrienne;

While we do not necessarily agree that the Court's order requires it, Dr. Gahan will provide written responses to the requests for information and documents in your September 5 email.  Dr. Gahan will also review and, if necessary, amend her PFS.  Although we believe nearly all of the materials you requested have already been provided to Sanofi through her multiple document productions, as well as Sanofi's records requests already uploaded to MDL Centrality, she will review materials in her possession and respond accordingly.

Clearly, this will take some time.  Given that your requests are in the nature of interrogatories and requests for production, we respectfully request that you provide us 35 days from today to serve her responses.

I think this is a very fair compromise.  Thank you for your cooperation in formulating a reasonable process for dealing with the Court's order.  We will serve Dr. Gahan's responses on or before October 16, 2018.

Best Regards,

| From: | Scot Kreider <scot.kreider@coloradolaw.net> |
|---|---|
| Sent: | Thursday, September 6, 2018 12:38 PM |
| To: | Byard, Adrienne (SHB); Jennifer Heck; Edie Britton; Darin Schanker; Jordyn Harbin |
| Cc: | Sears, Connor (SHB); Ratliff, Harley (SHB); Bieri, Kelly (SHB); Ryan-Meredith, Kristen (SHB); Douglas J. Moore (dmoore@Irwinllc.com); Olinde (Olinde@chaffe.com); Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com); Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com); Nicholas, Hillary S. (SHB) |
| Subject: | RE: Taxotere - Gahan - Dr. Gorsline |

Good Morning Adrienne;

Thank you for your email.  We appreciate that Sanofi has taken the time to more narrowly focus at least some of its discovery requests.  I do need to confer with Darin, but I think we have a sliver of a reasonable compromise in view here.  Darin is out of town until Monday, so I will defer until then on the "big picture" issue of how we can reach agreement on what the Court's order requiring Dr. Gahan to produce all relevant information means.  But we have made some progress there.

I can represent to you that Dr. Gahan does not have any of Dr. Gorsline's medical records (complete set or incomplete).  It's my understanding that Dr. Gorsline will be producing records in response to our subpoenas.

I'm not sure what's to be gained by trying to hash out the timing of when Dr. Gorsline was disclosed.  You are right that Dr. Gorsline was not on the initial May 2017 PFS, and I'm purely speculating that the inadvertant ommission arose from the initial chaos all the Plaintiffs in this MDL were going through in trying to get their initial PFS submitted.  But Dr. Gorsline was identified on Dr. Gahan's First Amended PFS in August 2017, and yet you didn't get around to requesting her records until 9 months later (allegedly) in April 2018.  I think it's fair to say Sanofi's own delay in requesting the records is the real source of its complaints.

Again, thank you for helping us move the ball forward.  We will be back in touch early next week.

Best Regards,


**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone: 303-893-9800 | Direct: 303-586-5409 | Fax: 303-893-9900 | Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

**From:** Byard, Adrienne (SHB) <ABYARD@shb.com>
**Sent:** Wednesday, September 5, 2018 8:16 PM
**To:** Scot Kreider <scot.kreider@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Douglas J. Moore (dmoore@Irwinllc.com) <dmoore@Irwinllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Mr. Kreider,

Let's first take up the issue of Dr. Gorsline specifically and then plaintiff's insistence that we propound additional discovery to prompt responses to a Court Order.

**_Gorsline._**  We want a copy of any records that Dr. Gahan has of her treatment with Dr. Gorsline.  Your email poses a different question, asking if she has a complete copy of her medical records and treatment notes with Dr. Gorsline.  If Dr. Gahan has any records related to her alleged hair loss or damages in this lawsuit, including any with Dr. Gorsline, they ought to be produced.

We do not know how Mr. Weinberger in December 2015 came to receive a summary from Dr. Gorsline of Kelly Gahan's treatment.  But its existence suggests that records requests were made by counsel before ours.  This calls into question why plaintiff failed to disclose Dr. Gorsline on her PFS until August 2017.  In addition, we began attempting to make records requests of Dr. Gorsline in April 2018.  It was only in August 2018 that we were able to make requests at the address then identified.  Regardless of whether or not you think that there were conversations between Dr. Gahan and Dr. Gorsline about how records would be requested or produced in the litigation, we are asking that you ask Dr. Gahan if there were.

**_Compliance with Court Order._**  Our proposition is a simple one: plaintiff is under a court order to identify any additional information that she has failed to produce.  The onus is not on defendants to identify what information has been withheld.  Dr. Gahan has also been ordered to produce all photographs that she provided to Dr. Weinstein.  The onus is not on defendants to demonstrate that there are more photographs that Dr. Weinstein did not turn over.  Plaintiff has to turn over whatever she provided to Dr. Weinstein.  That's the Court's Order.

Furthermore, I do not know how defendants further piece together what information and photographs have not been produced—that would be the key question to pose to Dr. Gahan.  What we do know that has been withheld was painstakingly outlined in our letter.  For example, you identified in your briefing numerous other consultants and researchers that Dr. Gahan has communicated with—like Dr. Weinstein—about hair loss.  You said that Dr. Gahan considered them colleagues and not healthcare providers.  The Court disagreed.  Who are they?  Please identify them.

We asked you for your plan for making the disclosures required by the Court Order.  Instead, you asked us to identify for you the specific PFS provisions and requests that require supplementing.  Our contrary expectation would be that conferrals are occurring with Dr. Gahan where she is asked to go back through the PFS, subpoena duces tecum, and ESI protocol, to supplement anything—like the situation with Dr. Weinstein, or the VA, or her other colleague—where she thought that she might be able to avoid disclosing the identity of a witness or production of records.  **_We would ask that you please confirm that counsel has reviewed the PFS, subpoena deuces tecum, and PTO 71A with Dr. Gahan in light of the Court Order to identify any warranted supplementation._**

The Court Order includes the PFS and "defendants' requests."  We never agreed today that the PFS is the only operable discovery obligation for purposes of the Court's Order.  Again, not knowing what has been withheld, we would specifically point to the following pending discovery requests and ask that all relevant information that has been withheld be produced:

**Requested from Dr. Gahan's Deposition**

- Weekly progress photographs taken during treatment by Dr. David Weinstein (Gahan Dep. 312: 9-13);

- Metadata for the videos produced two days prior to Dr. Gahan's deposition (Gahan Dep. 54: 12-24);

- "Frequent" communication with "various researchers who have promising research." (Gahan Dep. 309: 9-16).

**Requested in the Plaintiff Fact Sheet**

- When was the last (most recent) date Dr. Gahan consulted with an oncologist (PFS § VI.4);

- The names, dates of treatment, and treatment received for *all* healthcare providers Dr. Gahan has ever received treatment from for the injury she alleges in this lawsuit (PFS § VI.6);

- The names, dates of treatment, and diagnostic treatment received for *all* healthcare providers Dr. Gahan has been diagnosed by for the injury she alleges in this lawsuit (PFS § VI.7);

- The names, date of treatment, and treatment received for *all* healthcare providers with whom Dr. Gahan has discussed whether Taxotere or Docetaxel caused or contributed to her alleged injury (PFS § VI. 8);

- All medications Dr. Gahan was taking when her hair loss began (PFS § VII.11);

- All medications, supplements, or cosmetic aides used by Dr. Gahan for hair loss (PFS § VII.20);

- All medication or treatment that have helped Dr. Gahan's hair loss (PFS § VII. 22);

- All physicians, doctors, or healthcare providers that have provided treatment to Dr. Gahan *for any reason* in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider. (PFS § VIII.1);

- All hospitals, clinics, surgery centers, physical therapy or rehabilitation centers, or other healthcare facilities where Dr. Gahan has received inpatient or outpatient treatment (including emergency room treatment) in the past eight (8) years (PFS § VIII.2); and

- All of the documents requested in PFS § IX.

**Requested in Sanofi's Second Amended Notice of Videotaped Deposition and Plaintiff Fact Sheet:**

- Documents reviewed to prepare answers to Plaintiffs' Plaintiff Fact Sheet; (Ex. A, ¶ a)

- Medical records or other documents related to the use of Taxotere® or Docetaxel at any time for the past twelve (12) years; (Ex. A, ¶ b)

- Medical records or other documents related to your treatment for any disease, condition, or symptom referenced in the Plaintiff Fact Sheet for anytime in the past twelve (12) years; (Ex. A, ¶ c)

- Laboratory reports and results of blood tests performed related to hair loss; (Ex. A, ¶ d)

- Pathology reports and results of biopsies performed related to hair loss; (Ex. A, ¶ e)

- Documents reflecting the use of any prescription drug or medication at any time within the past eight (8) years; (Ex. A, ¶ f)

- Documents identifying all chemotherapy agents taken; (Ex. A, ¶ g)

- Documents for workers' compensation, social security or other disability proceeding at any time in the last five (5) years; (Ex. A, ¶ h)

- Instructions, product warnings, package inserts, handouts or other materials that were provided to Dr. Gahan or obtained in connection with the use of Taxotere; (Ex. A, ¶ i)

- Advertisements or promotions for Taxotere; (Ex. A, ¶ j)

- Articles discussing Taxotere; (Ex. A, ¶ k)

- Any packaging, container, box, or label for Taxotere or Docetaxel provided or obtained in connection with use of Taxotere; (Ex. A, ¶ l)

- Documents which mention Taxotere or Docetaxel, or any alleged health risks related to Taxotere; (Ex. A, ¶ m)

- Documents obtained directly or indirectly from any of the Defendants; (Ex. A, ¶ n)

- Communications or correspondence between Dr. Gahan and any representative of the Defendants; (Ex. A, ¶ o)

- Photographs, drawings, slides, videos, recordings, DVDs, or any other media that show Dr. Gahan's alleged injury or its effect in her life; (Ex. A, ¶ p)

- Journals or diaries, including calendars, related to the use of Taxotere® or Docetaxel or treatment for any disease, condition or symptom referenced in the Plaintiff Fact Sheet at any time for the past twelve (12) years; (Ex. A, ¶ q)

- Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, e- mails, and Internet chat rooms /message boards) relating to Taxotere® or Docetaxel or any of Dr. Gahan's claims in this lawsuit; (Ex. A, ¶ r)

- Federal tax returns for each of the five (5) years preceding the injury alleged be caused by Taxotere® or Docetaxel, and every year thereafter or W -2s for each of the five (5) years preceding the injury alleged to be caused by Taxotere® or Docetaxel, and every year thereafter; (Ex. A, ¶ s)

- Bills reflecting medical expenses from any physician, hospital, pharmacy or healthcare provider; (Ex. A, ¶ t)

- Records of other expenses allegedly incurred as a result of the alleged injury; (Ex. A, ¶ u)

- Photographs that are representative of Dr. Gahan's hair composition preceding treatment with Taxotere or Docetaxel, including but not limited to, the twelve (12) months preceding treatment; (Ex. A, ¶ x)

- Photographs of Dr. Gahan that are representative of her hair composition during treatment with Taxotere or docetaxel; (Ex. A, ¶ y)

- Photographs of Dr. Gahan that are representative of her hair composition six (6) months after conclusion of treatment with Taxotere or Docetaxel; (Ex. A., ¶ z)

- Photographs of Dr. Gahan that are representative of her hair composition in present day; (Ex. A, ¶ aa)

- Communications or emails regarding Taxotere; (Ex. A, ¶ bb)

- Emails or communications with or regarding Dr. Sedlacek; (Ex. A, ¶ cc)

- Emails or communications with or regarding Sherley Ledlie; (Ex. A, ¶ dd)

- Emails or communications with or regarding Dr. Bourgeois; (Ex. A, ¶ ee)

- Emails or communications with or regarding any member of the Taxotears; (Ex. A, ¶ ff)

- All materials from the Taxotears Google Groups website, including emails and archived materials; (Ex. A, ¶ gg), and

- All emails or communications between Dr. Gahan or the members of the Taxotears and the FDA. (Ex. A, ¶ hh)

We are happy to take these issues up again by phone tomorrow, particularly on confirmation that Plaintiff intends to produce the photographs that she provided to Dr. Weinstein, any records from Dr. Gorsline, that she has not conferred with Dr. Gorsline about whether records ought to be produced or how, and that plaintiff is in the process of reviewing the PFS and defendants' requests in order to produce all relevant information that has been withheld.  Thank you.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 | abyard@shb.com

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Wednesday, September 5, 2018 1:33 PM
**To:** Byard, Adrienne (SHB) <ABYARD@shb.com>; Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Douglas J. Moore (dmoore@Irwnllc.com) <dmoore@Irwnllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Dear Adrienne;

With respect to Dr. Gorsline, your memorialization is correct, although we both agreed that no opportunity was missed in front of Judge North, because even if we had known at that time that Dr. Gorsline would not produce her records without a subpoena, the only procedural route available to us would have been to issue a subpoena, which both parties have now done.  I will attempt to obtain an answer with respect to your question of whether Dr. Gahan is in possession of a complete copy of her medical records and treatment notes with Dr. Gorsline.  I obviously can't promise to have that answer by end of business today.

Second – you acknowledged during our telephone conversation that Sanofi did not even issue a records request to Dr. Gorsline until August.  So I'm unclear how Dr. Gahan could possibly have had a conversation with Dr. Gorsline about how to respond to Veritext's records request before the request was ever issued.  I'm also confused with respect to your representation that the Court's sanctions order requires Dr. Gahan to identify **every person** she has ever discussed hair loss with.  The Court's order states:

*It is further ordered that Plaintiff produce any relevant information that she has failed to produce to Defendants as required either in her Plaintiff Fact Sheet or in response to a request by Defendants.*

During our conversation, I asked you to identify what question on the PFS required Dr. Gahan to identify every person she has ever discussed her hair loss with.  You were unable to identify the question on the PFS requiring identification of such persons, and upon my review of the PFS, I am unable to find a question that would require such burdensome identification.  We both agreed that the PFS currently constitutes the only formal discovery obligation on Dr. Gahan.  The same logic applies to your request that Dr. Gahan identify whether she discussed records production with Dr. Gorsline.  It is not required by the PFS, and the Court's order doesn't even indirectly require it.  Quite frankly, we aren't even sure what form such an identification would take?  Do you want an affidavit? A PFS submission to a question that doesn't exist?  There are too many procedural problems with your demand, which would only invite abuse.

The conversation then turned to your demand that we identify how we intend to comply with the Court's order that Dr. Gahan produce any relevant information she has failed to produce to the Defendants.  It was your position that the Court's order extends a blank check to Sanofi to bombard us with endless requests for information.  Over the last week, you have demanded no less than 10 different categories of information or documents, many of which are overburdensome, irrelevant, and virtually impossible to answer.  I identified these problems in my email to you of August 31st.  Many of the same deficiencies apply to your demands in today's correspondence.  We simply don't agree that Judge Malazzo intended her order to be utilized as a tool for harassment, or that the order denies Dr. Gahan the opportunity to interpose legally supportable objections to your requests.

Under these circumstances, it was our proposal that Sanofi utilize the opportunity to propound formal interrogatories and requests for production of documents, as permitted for Trial Plaintiffs.  You objected to that proposal as cost prohibitive – but we fail to see how Sanofi incurs significantly more expense in propounding written discovery than I would in peppering our office with endless informal requests.  More importantly, the use of written formal discovery for trial plaintiffs is the proper procedural mechanism for obtaining information.  Again, we do not believe Judge Malazzo's order constituted a preemptive waiver of Dr. Gahan's procedural rights under the Federal Rules of Civil Procedure.  That would be unprecedented in our experience, as well as inconsistent with any basic notion of Due Process.  If you believe otherwise, then perhaps we need to seek clarification from the Court.  In the meantime, we believe our proposed solution is eminently reasonable and consistent with the Rules of Civil Procedure.

With respect to your request that we provide certification that we do not intend to produce Dr. Weinstein's photos without an interrogatory – nothing could be further from the truth, as the Weinstein photographs were not discussed.  However, I am still awaiting your written response to my request of August 30, asking Sanofi to provide the factual basis that any photographs sent to Dr. Weinstein exist other than those he included in the documents he provided in response to Sanofi's subpoena.  Do you have any factual basis to assert Dr. Weinstein withheld any photographs? Please provide a response to this question by end of business tomorrow (Sept. 6).  In the absence of a response, I will assume you have no factual basis.  Under these circumstances, where production of additional photographs sent to Dr. Weinstein is the only concrete aspect of the Court's order, we certainly don't want any unnecessary delay in complying with the order.

We appreciated the telephone call to discuss these matters.

Best Regards,

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone: 303-893-9800 | Direct: 303-586-5409 | Fax: 303-893-9900 | Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

---

**From:** Byard, Adrienne (SHB) <ABYARD@shb.com>
**Sent:** Wednesday, September 5, 2018 11:10 AM
**To:** Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>; Scot Kreider <scot.kreider@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>; Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Douglas J. Moore (dmoore@Irwinllc.com) <dmoore@Irwinllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <HNICHOLAS@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Mr. Kreider,

Thank you for your call this morning.  To memorialize where the parties stand with respect to Dr. Gorsline's documents and Plaintiff's compliance with the Court's Order more generally, I summarize our conversation as follows:

First, Dr. Gorsline is unwilling to produce Dr. Gahan's records absent subpoena or court order.  **You will let me know immediately if Kelly Gahan has a copy of any of Dr. Gorsline's records herself.**  You have not asked Dr. Gahan that question but will do so.  I request the courtesy of a response to this question by COB today, given that the issue has already lost an audience with the Court last Tuesday on counsel's representation that the issue was moot. Otherwise, we will see how Dr. Gorsline responds to the subpoena.

Second, we have another situation where a fact witness in this case is unwilling to produce Dr. Gahan's records.  I understand that Dr. Gahan has not been involved in communications with Dr. Gorsline about whether she ought to produce her records since your involvement in the issue began in August.  As you indicated, however, Dr. Gorsline came to write a letter to Dr. Gahan's attorney, Mr. Weinberger, in December 2015.  **We need to know whether Dr. Gahan had any communications with Dr. Gorsline before August about whether her records ought to be produced to defendants and, if so, how.**  This emphasizes our request, consistent with the Court Order, that Dr. Gahan identify any witnesses with whom she has communicated about hair loss, particularly any witnesses with whom she has spoken about whether her records ought to be produced.  We do not know who Dr. Gahan has decided ought not to be disclosed or ought not to be required to produce records.  She knows.  She is under a Court Order to tell us.

Third, we have asked that you tell us your plan for identifying relevant information as required by the Court's Order, our requests attendant to Plaintiff's deposition, and the PFS.  We have asked you for a date certain by which you will make

those required disclosures. *Today, you told us that we will have to serve interrogatories and requests for production. Please confirm in writing that absent interrogatories and requests for production, Plaintiff refuses to supplement her PFSs or otherwise produce and identify any "additional relevant information that she has failed to produce"* as well as "all of the photos that she provided to Dr. Weinstein; this includes all of the photos she sent to him before, during, and after his treatment of her." If this is not your position, please advise us today.

Much appreciated.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 | abyard@shb.com

---

**From:** Byard, Adrienne (SHB)
**Sent:** Wednesday, September 5, 2018 10:47 AM
**To:** Jennifer Heck <jennifer.heck@coloradolaw.net>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>; Scot Kreider <scot.kreider@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <csears@shb.com>; Ratliff, Harley (SHB) <hratliff@shb.com>; Bieri, Kelly (SHB) <kbieri@shb.com>; Ryan-Meredith, Kristen (SHB) <kmryan@shb.com>; Douglas J. Moore (dmoore@Irwinllc.com) <dmoore@Irwinllc.com>; Olinde (Olinde@chaffe.com) <Olinde@chaffe.com>; Dawn Barrios (barrios@bkc-law.com) (barrios@bkc-law.com) <barrios@bkc-law.com>; Palmer Lambert (plambert@gainsben.com) (plambert@gainsben.com) (plambert@gainsben.com) <plambert@gainsben.com>; Nicholas, Hillary S. (SHB) <hnicholas@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Counsel:

I write to inquire about the purpose of your subpoena of Dr. Gorsline. In court on August 28th, counsel represented that Dr. Gorsline's records had already been produced to Sanofi or its vendor, Veritext. In contrast, such records were neither uploaded to MDL Centrality nor provided to our vendor. A week passed. We still do not have the records that counsel represented to the Court had or would be produced. Then on Friday we see you issuing a subpoena on the doctor. Please call me at your earliest convenience to explain the status of these records and the purpose of the subpoena. Thank you.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 | abyard@shb.com

---

**From:** Jennifer Heck <jennifer.heck@coloradolaw.net>
**Sent:** Friday, August 31, 2018 1:56 PM
**To:** Ryan-Meredith, Kristen (SHB) <KMRYAN@shb.com>; Edie Britton <edie.britton@coloradolaw.net>; Darin Schanker <dschanker@coloradolaw.net>; Jordyn Harbin <jordyn.harbin@coloradolaw.net>
**Cc:** Sears, Connor (SHB) <CSEARS@shb.com>; Scot Kreider <scot.kreider@coloradolaw.net>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Bieri, Kelly (SHB) <KBIERI@shb.com>
**Subject:** RE: Taxotere - Gahan - Dr. Gorsline

Attached please find a subpoena for Dr. Gorsline, to be served today. Thank you.

**Jennifer A. Heck** | Executive Litigation Manager | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Direct: 303-586-9851 | Mobile: 720-391-9419 | Fax: 303-893-9900 | Email: Jennifer.Heck@ColoradoLaw.net | Website: www.ColoradoLaw.net



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.

Mail Gate made the following annotations on Wed Sep 05 2018 12:09:56

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Wed Sep 05 2018 21:16:00

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Scot Kreider <scot.kreider@coloradolaw.net>
**Sent:** Friday, August 31, 2018 2:33 PM
**To:** Byard, Adrienne (SHB) <ABYARD@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>
**Cc:** DLS . <DLS@coloradolaw.net>; Jennifer Heck <jennifer.heck@coloradolaw.net>; p lambert
<plambert@gainsben.com>; Dawn Barrios <barrios@bkc-law.com>
**Subject:** Gahan - Conferral re Sanofi 8/29 correspondence

Ms. Byard;

Please accept this email in response to your conferral letter of August 29.

With respect to your request for materials identified by Dr. Gahan in her deposition:

1.  With respect to your request for the "large number of photographs" identified by Dr. Gahan – we note that you raised this issue in your motions for sanctions, yet the Court did not specifically order production of additional photographs, other than those provided to Dr. Weinstein.  Is it still your position that you are entitled to every photograph of Dr. Gahan that she is aware of, as you contended in your motion for sanctions.  We have always been and still are willing to work with you with respect to producing additional photographs, but we maintain our position that your request for every photograph of Dr. Gahan in her possession is unreasonable, not called for by the PFS, and now, not required by the Court's order.  Dr. Gahan has produced over 80 photographs demonstrating the state of her hair, from prior to her chemotherapy to the present.  Is there a particular time period not adequately illustrated by this production?  Certainly there must be a compromise we can reach – and reaching such a compromise requires Sanofi to cabin its request for additional photographs in some manner other than "give us every photograph you have" – which you agree would be massively overburdensome, include hundreds of irrelevant photographs, and completely disproportional to the needs of the case.

2.  You request "weekly progress photographs taken during and following treatment by Dr. Borges."  While we don't agree that all of these photographs are required to be produced under the PFS, and certainly were not required to be produced by the Court, in light of Dr. Gahan's current status as a bellwether Plaintiff, we will **attempt** to identify and produce these photos.  We need to confer with our client to determine whether this is possible.  We note that your request in this respect is reasonably cabined, and is the type of request we are happy to oblige you in fulfilling, unlike your blanket request for all photographs above.

3. You request "weekly progress photos taken during treatment by Dr. David Weinstein." After conferring with our client, it is our understanding that the photographs she is referring to in her deposition are the photographs she actually emailed to Dr. Weinstein. Dr. Weinstein produced a complete copy of his emails to Sanofi under subpoena, which production included all the photographs Dr. Gahan emailed to him. Do you have any reason to believe that Dr. Weinstein's subpoena production was not complete? We would also note that all the photographs she sent to Dr. Weinstein were also included in Dr. Gahan's March 2, 2018 ESI production. So there should be no question that Sanofi was twice provided all of the photographs Dr. Gahan sent to Dr. Weinstein – once through her ESI production, and again through Dr. Weinstein's subpoena response. If you have any factual basis to believe additional photographs to Dr. Weinstein exist, we would be happy to consider your position. Otherwise, please confirm that Sanofi already has all of the photographs Dr. Gahan sent to Dr. Weinstein.

4. You request metadata associated with the videos produced two days prior to her deposition. We fail to understand this request. We believe we produced the videos in native format, which means the metadata should still be attached. We certainly didn't remove any metadata – I'm not sure that is possible. Perhaps you can provide a more thorough technical explanation of what you think you are missing, and we will be happy to consider it.

5. You request "frequent communications with various researchers who have promising research." Your request is somewhat obtuse – Dr. Gahan cannot produce "communications" in the abstract. She can produce written or electronic communications (i.e. "preserved" communications). She obviously can't produce conversations. In this respect, all preserved communications Dr. Gahan may have had with researchers concerning hair growth research were produced in her March 2, 2018 ESI production set. Dr. Gahan didn't write any letters.

6. You request photographs and videos, with the date of creation, showing "the effect this has had on her." I'm certain you understand that this cannot be a valid discovery request – as it is couched in her personal discretion. It would be as if we sent Sanofi a discovery request simply asking for "all relevant documents." Sanofi might produce something, but would be entitled to respond to the request producing documents it considered relevant in its discretion. To the extent that Sanofi is requesting "relevant" photographs and videos, Dr. Gahan's response is that she has produced such photographs. Again, if Sanofi wants to couch its request in a manner that would permit Dr. Gahan to meaningfully ascertain the contours of the request, we will be happy to consider such request. Again, Dr. Gahan has already produced over 80 photographs, and two videos that she considers responsive to this issue.

**Discovery refererenced in Briefing and from other documents**

As discussed above, any written communications between Dr. Gahan and researchers or colleagues concerning hair growth research has already been produced in connection with her March 2, 2018 ESI production. The Court did not require Dr. Gahan to identify Dr. Weinstein in her PFS, and she declines to do so now, because her PFS answers are her answers – whatever someone else might believe. The same rationale applies to your request that she identify and disclose any researchers or colleagues she merely communicated with regarding her hair loss or hair loss research – except with more force. These are not medical providers under any reasonable construction of the PFS. If you disagree, please identify the specific PFS interrogatory that you believe she did not answer correctly, specifically as it relates to generalized conversations concerning hair loss or hair growth research.

Dr. Gahan did not "collect" any questionnaires on behalf of Robert Weinberger. If she did, it would be reflected in her ESI production. If you have any ESI evidence demonstrating she did collect completed questionnaires, please bring it to our attention immediately. Similarly, any punch biopsy reports she forwarded to Dr. Weinstein are included in her ESI set, as well as Dr. Weinstein's record set. Again, if you have any evidence she obtained such materials that aren't in her ESI production, please let us know and we will be happy to attempt to resolve the discrepancy.

Dr. Gahan has not withheld any responsive ESI.  Furthermore, we don't agree that the Court's order, or the PFS, includes an on-going requirement to produce ESI.  The express purpose of the ESI production requirement was to permit Sanofi to fully investigate its statute of limitations defenses.  There is nothing in Dr. Gahan's email or social media accounts since February that could possibly be relevant to this defense.  PTO 71A was never intended to require on-going production of ESI, and to our knowledge, Sanofi has never requested this of any other Plaintiff.

**Updated Medical Authorizations and Psychotherapy Records**

We do not understand your request for updated medical authorizations.  The authorizations in your possession do not include an expiration date, and to our knowledge, no provider has refused to provide Veritext records on the basis that the authorization is out of date.  If you have information to the contrary, please bring it to our attention.

We did not represent to the Court that Dr. Gorsline already produced her records.  We represented to the Court our understanding, based on our conversation with Dr. Gorsline, that she would be fully responding to the Veritext request.  On the same day we spoke to her, our office also submitted a request for all records, and that request has not yet been fulfilled.  Obviously, we are not responsible for ensuring Dr. Gorsline responds to records requests on a time-frame satisfactory to Sanofi.  As it now appears she is requesting a "court order" before turning over the records, we will be issuing a subpoena to obtain her records, which we will upload to MDL Centrality upon receipt.  In light of your desire to avoid unnecessary expense and conduct in seeking sanctions for the burden of issuing subpoenas, we assume this will be an agreeable solution to you.

**Case Specific Deposition**

Your request for deposition dates for Dr. Gahan is premature, in light of your qualifier that such deposition occur after production of documents identified in your letter.  The extent to which we will be producing the materials requested in your letter is under negotiation.  Consequently, it would be premature to set deposition dates without our cooperative resolution of your additional records requests.

Finally, we would be happy to confer in person with your office concerning these requests.  Our concerns at this point are that your requests are so voluminous that any in person conferral would require hours, and that both sides might emerge from the conferral with very different recollections of what was decided.  Under these circumstances, we think it would be more fruitful to initially confer in writing to narrow the issues in dispute.  Once the true disputes are appropriately cabined, in person conferral will be fruitful in finally determining whether a negotiated resolution is possible, or whether further court guidance is necessary.

Thank you for your kind attention to these matters.  We look forward to working with you in a professional and cooperative exercise to resolve our differences.

Best Regards,

**Scot Kreider** | Attorney | Bachus & Schanker, LLC | 1899 Wynkoop Street, Suite 700 | Denver, CO 80202 | Phone: 303-893-9800 | Direct: 303-586-5409 | Fax: 303-893-9900 | Email: Scot.Kreider@ColoradoLaw.net | Website: www.ColoradoLaw.net

**How am I doing?  Please email our Client Services Department at ClientServices@ColoradoLaw.net with any feedback.**



CONFIDENTIALITY NOTICE:  This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s).  If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the Bachus & Schanker client privilege as to this communication or otherwise.  If you have received this communication in error, please immediately delete it and contact us at ClientServices@ColoradoLaw.net or by telephone at 303-893-9800. Thank you.