UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

REPLY IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM FRANCE TO OBTAIN EVIDENCE FROM SHIRLEY LEDLIE

     Like any other third party witness, Defendants are entitled to depose Shirley Ledlie. It is Plaintiffs who have insisted on her relevance, though. With well over 150 explicit references to her by name, over the depositions of six witnesses, and through a dozen exhibits, the PSC has spent *hours* deposing Sanofi employees about Ms. Ledlie. In fact, on Wednesday, the PSC spent a full seven hours deposing a former Sanofi employee—who had been at the Company for approximately 15 months—primarily about Ms. Ledlie.[1] In these depositions, the PSC portrays Ms. Ledlie as the protagonist in a "battle" who is ultimately "silenced" by a giant company.[2] In that false narrative, she is their David. Plaintiffs ironically then try to preclude cross-examination of Ms. Ledlie by claiming that she is irrelevant to the claims and defenses in this litigation.[3] The Court should not entertain tactics to tell only one side of the story.

---

[1] Ironically, the PSC now says that discovery regarding Ms. Ledlie is a waste of time: "the time and energy spent between now and the trials need to focus on the trials, and not on peripheral items." *See* Oct. 11, 2018 Ltr. from Dawn Barrios to Magistrate Judge North. To the extent that Wednesday's deposition illustrates the extent of Plaintiffs' use of Ms. Ledlie in their case themes, sanofi will deliver a rough copy of Ms. Malia's deposition transcript to Chambers because it is not yet final or designated for confidentiality.

[2] *See, e.g.*, Dep. Tr. (Rough) of Madeline Malia, at 468–49 ("Q:…in your assessment as the communications specialist in Sanofi's head of global communications for oncology, did you feel that you, Sanofi, won the battle with Shirley Ledlie?"), at 308 ("…isn't that a way of attempting to silence [Shirley Ledlie]?").

[3] *See* Pls.' Opp. (Rec. Doc. 4598), at 1 ("Sanofi fails to elucidate how such evidence from her would be relevant to any claim or defense at an upcoming trial.").

1

The truth is, Ms. Ledlie inextricably involved herself in marketing lawsuits, resulting in the formation of this MDL. She was in "daily contact" with Plaintiffs' lawyers as she helped them promote the litigation in the United States.[4] Plaintiffs' lawyers used her image in their advertisements[5] and interviewed her for their websites.[6] Because they could not pay her, they agreed to buy her book in bulk to use in promoting the litigation.[7] Ms. Ledlie created social media groups for women claiming that Taxotere® causes permanent hair loss. It was there, on a public-facing website, that she gave *herself* the nickname "Shirley: The Taxoterrorist" in the very title of a blog post.[8] She and others used these social media platforms to develop their strategy for the litigation, including how to avoid the statute of limitations.[9]

Ms. Ledlie also contacted over 50 researchers and worked with several of them—including many of the authors of studies Plaintiffs now cite as evidence that Taxotere® allegedly causes permanent hair loss and that Sanofi knew and should have warned of the risk.[10] The PSC knows this, which makes their professed ignorance of Dr. Bourgeois and Dr. Martin questionable.[11]

Any witness, party or not, that has involved herself in the litigation and that Plaintiffs have

---

[4] *See* Dec. 9, 2016 email from Shirley Ledlie to Taxotears group, PLTF_00021548 ("I have been contacted by a TV law firm advertising company…They have been in daily contact with me…")

[5] *See* Feb. 26, 2016 email from Shirley Ledlie to Taxotears group, Dodson_000406 ("Does this make me a movie star?").

[6] *See* Aug. 17, 2017 email from Shirley Ledlie to Taxotears group, Dodson_000114 ("a law firm in the US who wanted to interview me so they could use it on their website.").

[7] *See* Aug. 17, 2017 email from Shirley Ledlie to Taxotears group, Dodson_000114 ("They couldn't pay me for it but said they would promote my book instead…"); *see* Dec. 9, 2016 email from Shirley Ledlie to Taxotears group, PLTF_00021548 ("I have been contacted by a TV law firm advertising company. They put in a bulk order for my memoir Naked in the Wind – chemo, hairloss and deceit.").

[8] *See* March 17, 2010 Post, Ahead of Our Time, available at http://aheadofourtime.org/tag/shirley-ledlie/

[9] *See* Apr. 29, 2016 email from Shirley Ledlie to Taxotears group, Dodson_000249 ("before you tell them any too recent date, make sure you cover your tracks. If you wrote a comment in my book? Did you use your name? Can you be associated with me at all for the last 10 years? What about any comments left on any of my articles? Plus this group? The lawyers will find out everything.").

[10] *See, e.g.*, Nov. 23, 2012 email from Shirley Ledlie to Miguel Martin, Rovin_316; emails between Dr. Bourgeois and Shirley Ledlie, Ledlie_046-053.

[11] *See* Pls.' Opp., at 4 ("Presumably, these are Mrs. Ledlie's doctors…").

involved in the litigation should produce documents and be subject to cross-examination. That seems uncontroversial—even to the PSC. Indeed, the PSC offered to produce her as an alternative to the more robust relief requested by Sanofi on Plaintiffs' failure to produce ESI.[12] Recall that Ms. Ledlie's deposition *was proposed by the PSC in lieu of the Taxotears and ESI discovery requested by Sanofi:*

> We will produce her even though she is in France. We will produce the documents. They can request everything she has about the Taxotears group. **I can tell you, if anybody has a large number of emails left over that started back in 2008, 2009, it's going to be her.**[13]

For this reason, the Court ordered Ms. Ledlie's deposition—not by requiring Sanofi to take it, but to allow Sanofi the opportunity of deposing her as a concession against the broader relief Sanofi had requested, and that the Court deferred.[14] In this light, the PSC's suggestion that Defendants are motivated by "animus" and that their reasonably tailored requests "border on harassment" is odd. Discovery from Ms. Ledlie is reasonable and justified for a host of reasons, not the least of which is to obtain documents related to the Taxotears google group and her interactions with researchers who authored studies on which Plaintiffs now rely.

Still, in an effort to create a one-sided story for trial, Plaintiffs flip positions on Ms. Ledlie. First they claimed her documents were their work product and offered her for deposition. Then they refused to produce her, arguing that they do not represent Ms. Ledlie's interests. Now, they seem to be representing her by trying to quash discovery—something they have no standing to do.[15] The PSC takes this surprising position only after Sanofi researched and drafted a letter of

---

[12] *See* Apr. 25, 2018 Tr. at 35:14–22.
[13] *Id.*
[14] Minute Entry (May 9, 2018) (Rec. Doc. 2522).
[15] *See, e.g.*, *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (a party does not have standing to quash a subpoena of a third party); *see also* Wright & Miller, *Federal Practice and Procedure*, § 2459 (3d Ed) and cases cited therein ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

request compliant with the Hague convention and had it translated into French. Defendants should not be limited to the "work product file" of documents self-selected by Plaintiffs in defending themselves.

Regardless of whether Plaintiffs intend to call Ms. Ledlie as a witness at trial, they are going to try to tell a story about her. That is why they spent all day on Wednesday questioning a former Sanofi employee about her and why her name has come up more than 35 times in the depositions of *other* Sanofi witnesses. That is why they have marked over a dozen exhibits in company witness depositions referencing Ms. Ledlie. Defendants should be able to obtain documents and cross-examine a witness that is so clearly part of Plaintiffs' case. The Court need only look so far as Plaintiffs' Amended Master Complaint in the MDL, to find Plaintiffs prosecuting their claims based at least in part on Ms. Ledlie. *See* Compl. ¶ 155 (referencing Jim Edwards, Sanofi's Latest Challenge: Women Who Say Its Chemotherapy Left Them Permanently Bald, CBS News (March 6, 2010), http://www.cbsnews.com/news/sanofis-latest-challenge-women-who-say-its-chemotherapy-left-thempermanently-bald/); *see also* Taxotears Turns Ten, aheadofourtime.org (April 4, 2016), http://aheadofourtime.org/taxotears-turns-ten/).

Because Plaintiffs have engaged in another delayed game of bait-and-switch—over the course of months since at least April to obstruct relevant discovery—the Court should immediately grant Defendants' Motion.

Respectfully submitted,

s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN     FRITCHIE URQUHART    &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*