```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2    *********************************************************************

 3    IN RE:  TAXOTERE (DOCETAXEL)
      PRODUCTS LIABILITY LITIGATION
 4                                       Docket No. 16-MD-2740
                                         Section "N"
 5                                       New Orleans, Louisiana
                                         Thursday, September 27, 2018
 6
      [THIS DOCUMENT RELATES TO:
 7    ALL CASES]
      *********************************************************************
 8
                       TRANSCRIPT OF STATUS CONFERENCE
 9             HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                     UNITED STATES DISTRICT JUDGE
10

11    APPEARANCES:

12

      FOR THE PLAINTIFFS:            PENDLEY BAUDIN & COFFIN
13                                   BY:  CHRISTOPHER L. COFFIN, ESQ.
                                     1515 Poydras St., Suite 1400
14                                   New Orleans, LA 70112

15
                                     GAINSBURG BENJAMIN DAVID
16                                   MEUNIER & WARSHAUER
                                     BY:  M. PALMER LAMBERT, ESQ.
17                                   1100 Poydras St., Suite 2800
                                     New Orleans, LA 70163
18

19                                   BARRIOS KINGSDORF & CASTEIX
                                     BY:  DAWN M. BARRIOS, ESQ.
20                                   701 Poydras St., Suite 3650
                                     New Orleans, LA 70139
21

22
      FOR SANOFI S.A.:               SHOOK, HARDY & BACON
23                                   BY:  HARLEY V. RATLIFF, ESQ.
                                     2555 Grand Blvd.
24                                   Kansas, City MO 64108

25
```

```
 1                                      IRWIN FRITCHIE URQUHART & MOORE
 2                                      BY:  DOUGLAS J. MOORE, ESQ.
                                             KELLY E. BRILLEAUX, ESQ.
 3                                      400 Poydras St., Suite 2700
                                        New Orleans, LA 70130
 4

 5   FOR HOSPIRA WORLDWIDE, LLC         CHAFFE McCALL
     and 505(b)(2) LIAISON:            BY:  JOHN F. OLINDE, ESQ.
 6                                      2300 Energy Centre
                                        1100 Poydras Street
 7                                      New Orleans, LA 70163-2300

 8
     FOR ACCORD HEALTHCARE, INC.:       TUCKER ELLIS
 9                                      BY:  JULIE A. CALLSEN, ESQ.
                                        950 Main Ave., Suite 1100
10                                      Cleveland, OH 44113

11

12

13
     Official Court Reporter:          Karen A. Ibos, CCR, RPR, CRR, RMR
14                                      500 Poydras Street, B-275
                                        New Orleans, Louisiana 70130
15                                      (504) 589-7776

16

17
        Proceedings recorded by mechanical stenography, transcript
18   produced by computer.

19

20

21

22

23

24

25
```

1                   P R O C E E D I N G S

2                (THURSDAY, SEPTEMBER 27, 2018)

3                    (STATUS CONFERENCE)

13:10:39    4

10:04:08    5        (OPEN COURT.)

10:04:08    6            THE COURT:  Please be seated.  Good morning, everyone.

10:04:20    7   We're here for the monthly status conference *in re: Taxotere*

10:04:26    8   *Products Liability Litigation*, that's Multidistrict Litigation

10:04:33    9   No. 2740.

10:04:33   10            As you all know, there are two lines, we have people

10:04:37   11   participating by telephone, those attorneys are on a listen only

10:04:42   12   line, and we have judges on a line where they're allowed to ask

10:04:48   13   questions.  I believe on the phone we have Judge Hyland.  Judge,

10:04:56   14   are you there?

10:05:05   15            THE OPERATOR:  I have the line open if you need it open.

10:05:08   16            THE COURT:  That's fine.  And I think Judge Medinilla is

10:05:13   17   on the listen only line, but we welcome the state court judges and

10:05:17   18   appreciate their participation in the status conference.

10:05:19   19            With that, are we ready to proceed, Mr. Coffin?

10:05:24   20            MR. COFFIN:  Yes, your Honor.  Chris Coffin co-lead

10:05:28   21   counsel for the plaintiffs.  Welcome to the state court judges.  As

10:05:31   22   we've done in the past, I'll just give a very brief overview of

10:05:34   23   those issues that we discussed in chambers with your Honor before

10:05:39   24   the status conference.

10:05:40   25            We went through the update on the state court litigation.

10:05:43  1   There are cases obviously pending in state court, including in New

10:05:49  2   Jersey where Judge Hyland is overseeing consolidated cases.  We

10:05:56  3   talked about the docket procedure for the show cause hearing.  To

10:06:00  4   remind everyone, that show cause hearing your Honor has set for

10:06:03  5   directly after, immediately after this status conference.

10:06:08  6        We also discussed a particular bellwether case, the

10:06:14  7   Durden case, and discovery issues that are outstanding regarding

10:06:19  8   manufacturer ID.  We got some guidance from your Honor on those

10:06:23  9   issues this morning.

10:06:25 10        And we discussed the pathology protocols that have been

10:06:28 11   submitted to your Honor, you gave us some guidance, and the

10:06:33 12   respective parties will be back to you on what direction we're

10:06:38 13   going to take based on what your Honor told us this morning.

10:06:41 14        And the last thing was we gave you a bit of an update on

10:06:43 15   a meet and confer that we had with the defense yesterday in our

10:06:47 16   efforts to streamline both the PFS and DFS process, and we just

10:06:53 17   gave you an update on our working together to try to make that more

10:06:57 18   efficient.

10:06:58 19        With that, I'll let Mr. Lambert, I think Mr. Lambert is

10:07:01 20   discussing the joint agenda or the joint report that was submitted

10:07:06 21   to your Honor.  Thank you.

10:07:07 22        THE COURT:  Thank you.  Mr. Lambert.

10:07:09 23        MR. LAMBERT:  Thank you, Judge.  Palmer Lambert

10:07:12 24   co-liaison counsel for plaintiffs.  Presenting Joint Report No. 12

10:07:18 25   of liaison counsel, that is Record Document No. 4387, filed in the

10:07:25  1    record.  And I also wanted to extend the welcome to Judge Hyland

10:07:30  2    and Judge Medinilla on the phone.

10:07:34  3            As was done at the last conference, I will just try to

10:07:37  4    limit my comments to the changes from Joint Report No. 11 to Joint

10:07:42  5    Report No. 12.  I will note that we are approaching next week the

10:07:46  6    two year anniversary of this case in the Eastern District of

10:07:52  7    Louisiana.  There are now, as of yesterday, 9,674 cases pending in

10:08:00  8    the MDL.

10:08:02  9            Related to the Federal/State coordination, the New Jersey

10:08:10 10    state courts have created a multi-county litigation that Judge

10:08:16 11    James Hyland of Middlesex County is presiding over, and we

10:08:21 12    understand the first status conference is set for October 4th of

10:08:26 13    2018.

10:08:27 14            Also Ms. Barrios has provided the Court with the names

10:08:31 15    and contact information for the other state court judges involved.

10:08:38 16            Related to Section 3, Pretrial Orders, there is a listing

10:08:43 17    of all of the pretrial orders attached to the Joint Report as

10:08:47 18    Appendix A.12.  Since the last conference the Court has entered

10:08:53 19    Pretrial Orders No. 82 and 83, related to the addition of Sagent

10:09:02 20    Pharmaceuticals, Inc., and the process for adding and for

10:09:06 21    streamline service on that entity.

10:09:12 22            Section No. 4, there is really no change to the Case

10:09:15 23    Management Orders, those are appended to the Joint Report as

10:09:19 24    Appendix B.12.

10:09:23 25            Related to Section 5, there's really no change, just a

10:09:27  1   reminder to all counsel to submit your counsel contact form

10:09:31  2   pursuant to Pretrial Order No. 7, as that is the manner in which

10:09:37  3   you get added to the service list from BrownGreer and MDL

10:09:43  4   Centrality.

10:09:45  5          Related to Section No. 6, Master Complaint and Short Form

10:09:50  6   Complaint.  As I just discussed, Pretrial Order No. 82 is related

10:09:57  7   to addition of Sagent Pharmaceuticals, Inc. to this litigation, and

10:10:02  8   that order requires plaintiffs to file a second amended master

10:10:06  9   complaint by this Friday.  Pretrial Order No. 83 provides the

10:10:14 10   process for streamline service on Sagent.

10:10:17 11          If counsel are amending a complaint to add a defendant or

10:10:24 12   amending a complaint for any reason, please be reminded of the

10:10:29 13   local Rules 7.6 and Pretrial Order No. 37A that sets forth the

10:10:37 14   procedure for filing a motion for leave to amend.

10:10:41 15          Also, another reminder with regard to voluntary

10:10:46 16   dismissals of the entire case, you cannot -- plaintiffs cannot

10:10:51 17   simply notice a voluntary dismissal of all defendants without

10:10:56 18   prejudice.  They must either file a stipulation of dismissal after

10:11:02 19   conferring with defendants or move to dismiss the case.

10:11:07 20          Related to Section 7, Plaintiff and Defendant Fact

10:11:14 21   Sheets.  To provide the Court with some updated numbers on the fact

10:11:19 22   sheets.  As of September 25th, plaintiffs have served 8,070

10:11:26 23   plaintiff fact sheets, another 872 are in progress.  Those divide

10:11:32 24   among the defendants as follows:  4,142 sanofi; 815 Hospira; 316

10:11:42 25   Sandoz; 225 Accord; 2 for Sun Pharma; and another 2,578 unknown

10:11:53  1    defendant fact sheets.

10:11:58  2            As Mr. Coffin discussed, the Court has entered Pretrial

10:12:03  3    No. 22A which governs the process for show cause issues related to

10:12:09  4    the fact sheets, and that hearing will follow, immediately follow

10:12:15  5    this conference.

10:12:16  6            With regard to Sections 8 and 9, there's nothing new to

10:12:23  7    report, other than what I've already mentioned, which is the

10:12:28  8    streamline service order for Sagent, that's Pretrial Order No. 83.

10:12:36  9            Section 10.  I just want to take a moment to remind all

10:12:40 10    counsel about Case Management Order 12A which governs the process

10:12:45 11    for counsel to try to obtain product identification.  And in that

10:12:55 12    order there is an attachment, Exhibit B, which is new, it's

10:13:00 13    different from CMO No. 12, which provides an updated list of NDC

10:13:06 14    numbers related to the defendants.  And it also has an additional

10:13:11 15    exhibit, Exhibit C, which provides the form for noticing voluntary

10:13:17 16    dismissal with prejudice of the defendants who are not identified

10:13:21 17    by product ID information.

10:13:26 18            With regard to Sections 11 through 13, there is nothing

10:13:31 19    new to report, other than a reminder to plaintiffs' counsel to

10:13:36 20    follow the preservation order, which is in Pretrial Order No. 1,

10:13:41 21    and a reminder about the obligations under Pretrial Order No. 71A

10:13:47 22    related to plaintiffs ESI.

10:13:54 23            Section No. 14, Discovery on Defendants and Trial Case

10:13:58 24    Discovery.  We have deadlines approaching under Case Management

10:14:04 25    Order No. 14 for expert reports and close of discovery related to

10:14:10  1   the first trial in November.  We also appreciate Judge North's

10:14:15  2   continued efforts to assist the parties with discovery disputes.

10:14:21  3   And our next hearing with Judge North is October 16th at 10:00 A.M.

10:14:28  4           With regard to Section No. 15, Motion Practice.  The only

10:14:37  5   real new part of this is the motion for reconsideration related to

10:14:42  6   the Rule 37 motion, that motion for reconsideration is set for

10:14:49  7   submission on October 31st.

10:14:53  8           There's also a motion filed by defendant Accord related

10:14:58  9   to the Christine Kinderdine trial pool case, that summary judgment

10:15:06 10   motion is fully briefed and submitted to your Honor.

10:15:10 11           With regard to Section 16 and 17, we don't have anything

10:15:14 12   new to report from the last conference.

10:15:17 13           And Section 18, our next status conference will be held

10:15:22 14   on November 15th of 2018.

10:15:26 15           And with that, your Honor, I believe that completes the

10:15:30 16   Joint Report.

10:15:31 17           THE COURT:  Okay.  Mr. Coffin.

10:15:32 18           MR. COFFIN:  Your Honor, one issue that we discussed with

10:15:35 19   your Honor, you brought to our attention, is the issue about the

10:15:38 20   second group of trial pool cases.

10:15:40 21           THE COURT:  That's correct.

10:15:41 22           MR. COFFIN:  To be clear, I understand that you want the

10:15:43 23   parties to get back to you on a solution for replacing the four

10:15:48 24   trial pool cases in the second trial pool that are outside of the

10:15:52 25   Fifth Circuit.

10:15:53  1          THE COURT:  The Fifth Circuit, that's correct.

10:15:54  2          MR. COFFIN:  Okay.  We will confer with the defense and

10:15:57  3  figure out a way to do that in the most expedient manner possible.

10:16:02  4  I just wanted to make sure we were clear.

10:16:03  5          THE COURT:  I trust you will.  Thank you.

10:16:04  6          MR. COFFIN:  Thank you, your Honor.

10:16:06  7          THE COURT:  Mr. Olinde.

10:16:08  8          MR. OLINDE:  Your Honor, with respect to the trial pool

10:16:10  9  cases, we will have a discussion with them, understanding that, of

10:16:14 10  course, the second trial, the deadline is fast approaching and we

10:16:19 11  won't have time to have those selections for that time period.  But

10:16:23 12  we may have for the third trial which is coming up.  Thank you.

10:16:27 13          THE COURT:  Right.  Mr. Ratliff, anything?

10:16:30 14          MR. RATLIFF:  Nothing, your Honor.

10:16:32 15          THE COURT:  And I think it's important to note that we

10:16:38 16  did have a discussion during the course of our status conference

10:16:41 17  regarding preservation of evidence, particularly preservation of

10:16:45 18  any tissue that's taken during the course of this, any biopsies,

10:16:52 19  and I have instructed the parties that they should discuss with one

10:16:56 20  another, outside of bellwether cases, a time line in which the

10:17:07 21  plaintiff fact sheet must be amended and to caution the lawyers

10:17:11 22  involved in this case that their clients should understand that

10:17:14 23  they should be informed, the lawyers need to be informed if any

10:17:18 24  biopsies are taken so that the appropriate notification can take

10:17:23 25  place.

10:17:23  1          But that's something for a later date, I just thought I

10:17:28  2   would advise counsel on the phone and those here that that is an

10:17:31  3   issue that is being discussed.

10:17:33  4          MR. LAMBERT:  And, your Honor, related to that point.

10:17:36  5   Sorry, Palmer Lambert again.  You also mentioned a reminder about

10:17:42  6   preservation letters to the facilities that do have or may have the

10:17:47  7   tissue.

10:17:48  8          THE COURT:  Critical, critical.  Is there anything

10:17:50  9   further we would like to address at this time in status conference?

10:17:54 10          Any of the judges have any questions?  Okay.

10:18:01 11          With that, I think we'll conclude the portion of the

10:18:05 12   status conference and we'll move toward the show cause order.  And

10:18:10 13   I am going to now request that AT&T open the line for counsel

10:18:16 14   that's going to participate in the show cause order process.

10:18:23 15          THE OPERATOR:  All lines are open.

10:18:36 16          MR. COFFIN:  Your Honor, just kind of a point of order.

10:18:38 17   Having done this before in other MDL's, to the counsel on the

10:18:41 18   phone, recognize that the phone is open to those who are going to

10:18:45 19   participate in the show cause hearing.  So if you are not

10:18:49 20   participating, you probably want to put your phone on mute because

10:18:53 21   you probably don't want the Court and everyone else in the

10:18:55 22   courtroom hearing what you're discussing within your office.  But I

10:18:58 23   think your Honor is going to call them up firm by firm.

10:19:01 24          THE COURT:  Yes.  And what we intend to do, I probably

10:19:04 25   should have gone through the logistics with you before I asked them

10:19:08  1   to open the line.  We are going to proceed in the order of law

10:19:12  2   firms, and once your firm is called, you will have an opportunity

10:19:18  3   to explain why that either no plaintiff fact sheet has been

10:19:27  4   submitted or why it's not substantially complete, and we will take

10:19:30  5   those up individually.  Who do we have?

10:19:42  6          MS. BARRIOS:  Sanofi is going to begin the proceedings,

10:19:45  7   your Honor.

10:19:45  8          THE COURT:  Okay.  Thank you.  Ms. Brilleaux.

10:19:52  9          MS. BRILLEAUX:  Thank you, your Honor.  Good morning,

10:19:56  10  your Honor.  Kelly Brilleaux for liaison counsel for the sanofi

10:20:00  11  defendants.

10:20:01  12          Just as a little bit of an introduction, pursuant to

10:20:04  13  PTO-22A, defendants served the notice of the noncompliance cases on

10:20:08  14  Plaintiffs Liaison Counsel on August 3rd.  At that time there were

10:20:12  15  433 cases, 36 cases were dismissed between August 3rd and the

10:20:18  16  September 4th, 30-day deadline.  After that there were 339

10:20:23  17  remaining cases, and those were the ones that were filed into the

10:20:28  18  docket on September 13th.  And then as you know, yesterday we

10:20:34  19  provided the Court with an updated call docket.  Although it was

10:20:39  20  not required under PTO-22A, the defendants agreed to remove from

10:20:43  21  the call docket all cases that were dismissed with prejudice even

10:20:46  22  after the September 4th deadline.  We removed 135 additional

10:20:51  23  dismissals that were filed between September 4th and last night at

10:20:56  24  10:00 P.M. central time, and the remaining call docket cases

10:21:00  25  totaled 204.

10:21:03  1          THE COURT:  Okay.  Are we ready to proceed?

10:21:07  2          MS. BRILLEAUX:  Yes, your Honor.  The first law firm that

10:21:09  3  we have I think is for the 505(b)(2) defendants.

10:21:24  4          MS. CALLSEN:  I'm Julie Callsen, Tucker Ellis, and I

10:21:25  5  represent Accord, and I am here on behalf of the 505(b)(2)

10:21:28  6  defendants.

10:21:29  7          MS. BRILLEAUX:  I think you're correct.  We also

10:21:29  8  submitted -- this is something I failed to mentioned.  We submitted

10:21:33  9  a list of those 136 dismissals to the Court last night.  Do they

10:21:37 10  need to be read into the record, or can we provide the list for the

10:21:40 11  court reporter?

10:21:40 12          THE COURT:  I think we will provide the list for the

10:21:42 13  court reporter, or we can file it into the record as an attachment

10:21:45 14  to the minute entry that those have been satisfied and we need not

10:21:50 15  read those into the record at this point.

10:21:52 16          MS. BRILLEAUX:  Thank you, your Honor.

10:21:54 17          MS. CALLSEN:  So we'll start going through the 204, and

10:21:58 18  Kelly and I will do this seamlessly, we have practiced.  So we will

10:22:02 19  try to do this seamlessly, we're going to do it by law firm.

10:22:05 20          I will read the plaintiff's name and the law firm and

10:22:08 21  advise as to the deficiency and then if we can hear from

10:22:11 22  plaintiff's counsel.

10:22:12 23          THE COURT:  Okay, thank you.  Please proceed.

10:22:13 24          MS. CALLSEN:  Brenda Smith, who is represented by Andrews

10:22:18 25  Thornton, and we never received a PFS at all, it was never

10:22:22  1   submitted at all.

10:22:23  2        THE COURT:  Is there someone present representing Andrews

10:22:27  3   Thornton?

10:22:28  4        MR. WHITE:  Yes, your Honor.  This is Trevor White from

10:22:31  5   Andrews Thornton appearing on behalf of Brenda Smith.

10:22:36  6        THE COURT:  I'm sorry, I am having difficulty hearing

10:22:38  7   you.

10:22:42  8        MR. WHITE:  Trevor White on behalf of Andrews Thornton.

10:22:45  9        THE COURT:  Yes, Mr. White.

10:22:48 10        MR. WHITE:  Here on behalf of Brenda Smith.  Your Honor,

10:22:51 11   we submitted a stipulation of dismissal that was agreed upon with

10:22:56 12   counsel on September 10th, I believe.

10:23:03 13        MS. CALLSEN:  According to my notes, I have that they

10:23:06 14   told us they were going to dismiss it but we don't have a dismissal

10:23:10 15   yet.  So if they've submitted a dismissal, wonderful.

10:23:13 16        THE COURT:  All right.  This matter is dismissed with

10:23:15 17   prejudice.  Thank you, Mr. White.

10:23:18 18        MR. WHITE:  Thank you, your Honor.

10:23:20 19        MS. CALLSEN:  The next plaintiff is Theresa Gathings and

10:23:22 20   represented by the Dalimonte firm.  And no PFS was ever submitted.

10:23:28 21        THE COURT:  Is anyone on the phone for the Dalimonte

10:23:31 22   firm?

10:23:31 23        MR. ELLIOTT:  Your Honor, Chris Elliott for Bachus &

10:23:35 24   Schanker.  We cocounsel with the Dalimonte Rueb firm.

10:23:38 25        A plaintiff fact sheet was submitted in this case on

10:23:42  1   September 18th of 2018.  We submitted the declaration with a

10:23:46  2   signature page, the HIPAA's, proof of use, the ESI was also

10:23:52  3   uploaded along with injury photos.  So in our mind the case is now

10:23:56  4   cured and we sent the notification to defense counsel.

10:24:00  5           MS. CALLSEN:  And I'm sorry, on what date was that?

10:24:02  6           MR. ELLIOTT:  September 18th.

10:24:04  7           MS. CALLSEN:  So, your Honor, obviously our objection to

10:24:07  8   that is it was after the deadline when it was due, they were due

10:24:10  9   September 4th, and then we filed this order to show cause on

10:24:14 10   September 13th; so it's past the deadline and that's our objection.

10:24:18 11           THE COURT:  Okay.  The objection is overruled.  I am

10:24:21 12   going to allow this case to remain.

10:24:26 13           MS. BRILLEAUX:  Your Honor, the next case that we have is

10:24:28 14   Natalie Brown for Langdon & Emison, LLC.  That is no PFS submitted.

10:24:36 15           THE COURT:  Is anyone on the line for Langdon & Emison?

10:24:41 16           MR. EMISON:  Hi, your Honor.  This is Brett Emison from

10:24:44 17   Langdon & Emison representing Natalie Brown.

10:24:49 18           Your Honor, we have not submitted a plaintiff fact sheet.

10:24:53 19   We have lost contact with Ms. Brown.  We have tried to reach her

10:24:58 20   repeatedly and have not been able to do so since last March.  We

10:25:03 21   understand she may have a medical condition that is preventing her

10:25:09 22   from getting in touch with us, but that is the reason for the

10:25:13 23   deficiency.  We would ask for additional time, but we simply can't

10:25:17 24   stipulate to dismiss her case with prejudice without her consent

10:25:21 25   and authority to do so.

10:25:24  1       THE COURT:  Well, Mr. Emison, I think you indicated you

10:25:28  2  think she has a medical condition.  Have you received any

10:25:32  3  information to verify that?  I understand you've attempted to

10:25:35  4  contact her.  Can you tell me a little bit about those attempts?

10:25:42  5       MR. EMISON:  We have sent her six letters without any

10:25:49  6  response, several of those letters have been returned back to us.

10:25:53  7  We've attempted to call numerous times, without success; we have

10:25:57  8  called her spouse attempting to get a hold of her without success.

10:26:02  9  So our last indication as of March was that she had a medical issue

10:26:07 10  going on, but I don't have any sort of documentation that I have

10:26:12 11  received from her to confirm that or that I can provide to the

10:26:15 12  Court.

10:26:15 13       THE COURT:  Okay.  Mr. Emison, the Court has recognized

10:26:19 14  your attempts to reach your client, and it appears that you've gone

10:26:25 15  above and beyond in attempting to provide this information; and

10:26:32 16  with that, I am going to have to dismiss this case with prejudice

10:26:38 17  because, certainly through no fault of yours, it seems that you've

10:26:42 18  attempted to contact your client; but at some point, with no

10:26:46 19  response, I am going to have to dismiss this case.

10:26:49 20       MS. BARRIOS:  Your Honor, Dawn Barrios for the

10:26:52 21  plaintiffs.

10:26:53 22       So I don't have to say this every time.  When your Honor

10:26:56 23  enters a dismissal, the Plaintiff Steering Committee would request

10:26:59 24  that it be without prejudice.  And that's just going to be a

10:27:02 25  continuing statement of mine, so I would just like to say it one

10:27:06  1    time and it apply to everything.

10:27:07  2            THE COURT:  Okay.  Thank you.

10:27:09  3            MS. BARRIOS:  Thank you.

10:27:10  4            MS. BRILLEAUX:  And, your Honor, on behalf of defendants,

10:27:12  5    we, of course, would respond that we think it's appropriate for

10:27:14  6    with prejudice dismissal.

10:27:16  7            THE COURT:  Okay.  Thank you.

10:27:19  8            MS. BRILLEAUX:  The next case that I have on my list is

10:27:21  9    Pamela Levingston, who is represented by Meyers & Flowers, LLC.

10:27:27 10    And that is no PFS submitted.

10:27:30 11            THE COURT:  Is there someone representing Meyers &

10:27:33 12    Flowers on the phone?

10:27:36 13            MS. BRANCATO:  Yes, your Honor.  Thi is Kimberly Brancato

10:27:39 14    from Meyers & Flowers.

10:27:40 15            THE COURT:  Okay.  Can you --

10:27:43 16            MS. BRANCATO:  Your Honor, we have a similar situation to

10:27:47 17    the last plaintiff in that we have lost contact with our client.

10:27:52 18    We were informed in January that she does have a medical condition

10:27:57 19    preventing her from communicating.  We were informed via e-mail

10:28:01 20    that she has suffered a stroke several months prior and was having

10:28:06 21    difficulty communicating.  Since that time we have sent her

10:28:09 22    countless letters in attempting to reach her or contact a family

10:28:16 23    member or friend that could assist us in continuing this plaintiff

10:28:21 24    action, but have been unsuccessful in those attempts.

10:28:24 25            THE COURT:  Again, ma'am, can I have your Honor last

10:28:27  1   name?  I didn't catch it.

10:28:30  2          MS. BRANCATO:  Yes, it's Brancato, B-R-A-N-C-A-T-O.

10:28:37  3          THE COURT:  Again, the Court recognizes plaintiff's

10:28:40  4   counsel multiple attempts to contact the client, and while I

10:28:43  5   understand there may be a medical condition, a sufficient time has

10:28:48  6   passed that the Court's going to dismiss the case but recognizes

10:28:52  7   that counsel has done everything in its power to reach its client

10:28:57  8   and filed the appropriate paperwork, it just could not be done, and

10:29:01  9   the case is going to be dismissed with prejudice.

10:29:04 10          Okay.  Let's go to the next one.

10:29:06 11          MS. BRILLEAUX:  Thank you, your Honor.  The next case I

10:29:07 12   have on my list is Rebecca Sweeney who is represented by Reeves &

10:29:12 13   Mestayer.  And that's no PFS submitted.

10:29:14 14          THE COURT:  Anybody on the phone for Reeves & Mestayer?

10:29:17 15          MR. REEVES:  Yes, your Honor, Jim Reeves for Reeves &

10:29:22 16   Mestayer.

10:29:22 17          THE COURT:  Mr. Reeves.

10:29:25 18          MR. REEVES:  We have a similar situation, your Honor,

10:29:27 19   it's a communication problem with Ms. Sweeney.  We filed records

10:29:32 20   and kept detailed records, sent five letters, two certified, one of

10:29:36 21   which she apparently signed for with no response.  We've made

10:29:42 22   approximately two dozen phone calls over the past several months,

10:29:46 23   particularly in January and February of this year, and no

10:29:49 24   communication.

10:29:51 25          And so we likewise cannot agree to stipulate to a

10:29:56  1  dismissal.  We would request that any dismissal, if it is entered,

10:30:00  2  your Honor, be without prejudice.

10:30:01  3          THE COURT:  Okay.  The Court recognizes that the

10:30:04  4  attorneys for Ms. Sweeney have exercised a great deal -- has

10:30:13  5  attempted to contact his client repeatedly and has exercised all

10:30:19  6  appropriate measures to do so; however, has lost contact.

10:30:23  7  Accordingly, the Court's going to dismiss this case with prejudice.

10:30:27  8          MS. BRILLEAUX:  Thank you, your Honor.  The next case I

10:30:29  9  have on my list is Beulah Natividad, who is represented by Scott,

10:30:35 10 Vicknair, Hair and Checki.

10:30:36 11         THE COURT:  Anybody here for --

10:30:40 12         MS. BRILLEAUX:  Oh, and that's for no PFS submitted.

10:30:43 13         THE COURT:  Okay.  -- Scott, Vicknair, Hair & Checki, is

10:30:44 14 somebody on the phone or present?

10:30:47 15         MS. RICHBOURG:  Yes, your Honor.  This is Kassie

10:30:49 16 Richbourg from Scott, Vicknair, Hair & Checki for Ms. Beulah

10:30:52 17 Natividad.  Our situation, our communication with Ms. Natividad has

10:30:57 18 been challenging at times, but we have had contact with her.

10:31:01 19 Ms. Natividad is a native Spanish speaker.  She doesn't have a

10:31:05 20 voicemail set up, so it's hard to notify her via telephone, and

10:31:11 21 e-mail has proven to be kind of unreliable.  So we've tried to

10:31:14 22 communicate with her through certified mail.

10:31:18 23         And because she is a native Spanish speaker, we attempted

10:31:22 24 to get her medical records to try to help her fill out the PFS the

10:31:27 25 best that we could.  And we were required by the medical records

10:31:32 1   facility to get a specific HIPAA form that they require.  And we

10:31:40 2   were finally able to get in contact with our client at the

10:31:43 3   beginning of September and she was able to return to us the

10:31:48 4   specific medical request form.  We just received that on Tuesday of

10:31:53 5   this week, September 25th.  Within 20 minutes of receiving it, I

10:31:57 6   personally submitted the request back to the medical records

10:32:01 7   facility.

10:32:01 8           I called them yesterday, they confirmed they got it.

10:32:04 9   They've informed us that it will take about 30 days at least to

10:32:08 10  process the request.  And so given that those records would really

10:32:11 11  help us fill out the PFS with Ms. Natividad and then we will be

10:32:17 12  able to get her PFS filled out and verified, we are just requesting

10:32:21 13  an additional time considering that we have been in contact with

10:32:25 14  our client, we would just need I would estimate at least 60 days

10:32:32 15  that, you know, we can get the medical records, get the PFS filled

10:32:36 16  out, and get it submitted to the court.

10:32:39 17          MS. BRILLEAUX:  Your Honor, on behalf of defendants, we

10:32:42 18  would represent that this is extremely delinquent.  The case was

10:32:45 19  filed in December of 2017 and we believe it's still appropriate for

10:32:49 20  dismissal with prejudice.

10:32:50 21          THE COURT:  Okay.  The Court's going to grant 60 days to

10:32:54 22  Ms. Natividad.

10:33:00 23          MS. RICHBOURG:  Thank you, your Honor.

10:33:01 24          MS. BRILLEAUX:  Your Honor, the next one that I have is

10:33:02 25  Romy Mancuso, who is represented by SWMW Law, and that's no PFS

10:33:08  1    submitted.

10:33:09  2              THE COURT:  Is anybody on the line representing SWMW Law?

10:33:16  3              MS. KING:  Yes, your Honor.  Good morning.  Tara King on

10:33:18  4    behalf of SWMW appearing for Romy Mancuso.

10:33:20  5              Similar to the other situations, despite numerous

10:33:24  6    attempts to contact our client across the multitude of mediums, we

10:33:28  7    have lost touch with Ms. Mancuso.  None of our certified letters

10:33:33  8    have been returned.  And although we have and were unable to comply

10:33:41  9    with the PTO, we just could not stipulate to dismissal with

10:33:44 10    prejudice given that we could not obtain her consent.

10:33:47 11              THE COURT:  Okay.  Thank you.  The Court recognizes that

10:33:50 12    the attorneys for Ms. Mancuso exercised due diligence in attempting

10:33:56 13    to find her and to prepare the appropriate paperwork, but because

10:34:02 14    they were able to communicate with their client, which appears to

10:34:05 15    be perhaps the client's failure to exercise their responsibilities,

10:34:10 16    I am going to dismiss this case with prejudice.

10:34:13 17              MS. BRILLEAUX:  Thank you, your Honor.

10:34:15 18              MS. CALLSEN:  The next case is Kimberly Felice, and she

10:34:19 19    is represented by the Maher Law Firm.

10:34:25 20              THE COURT:  Is anybody representing the Maher Law Firm?

10:34:28 21              MS. CALLSEN:  And again, I'm sorry, no PFS submitted at

10:34:31 22    all.

10:34:33 23              MR. MORRIS:  Good morning, your Honor.  The is Bradley

10:34:35 24    Morris with the Maher Law Firm representing Ms. Felice.

10:34:42 25              I have been unable to -- therefore we don't have a

10:34:44  1   defense, we tried to reach out to her multiple times, I sent her

10:34:48  2   certified letters.  And most recently we reached out to her in

10:34:52  3   August and also we sent her a Fed-Ex, which she signed for.  Ever

10:34:56  4   since then we still have not been able to receive any

10:35:00  5   communication.

10:35:01  6          THE COURT:  Again, the Court recognizes that the Maher

10:35:04  7   Law Firm exercised due diligence in attempting to communicate with

10:35:11  8   its client, and as a result, the Court is going to dismiss this

10:35:13  9   matter with prejudice because the client has not lived up to her

10:35:16  10  obligations.

10:35:16  11         All right.  Next one.

10:35:17  12         MS. CALLSEN:  Thank you.  Lagayle Miller, she is

10:35:19  13  represented by Davis & Crump.  In this case the PFS is not

10:35:23  14  substantially complete, photos were not submitted.  We followed up

10:35:28  15  and they were not dated and they were very grainy and hard to read,

10:35:35  16  and therefore -- and plaintiff's counsel has not respond to the

10:35:38  17  notice of noncompliance.

10:35:40  18         THE COURT:  We have someone present, please come forward,

10:35:43  19  sir.

10:35:45  20         MR. HARDENSTEIN:  Taylor Hardenstein for Davis & Crump on

10:35:47  21  behalf of Ms. Miller.  We had some trouble contacting Ms. Miller.

10:35:52  22  After we submitted our other cases on the show cause hearing, we

10:35:55  23  learned from her husband that she passed away in July.  We have

10:35:58  24  since filed a suggestion of death yesterday.  We reached out to

10:36:03  25  defense earlier this week to let them know that she had died and

10:36:06  1   that we were going to file a suggestion of death, and they had no

10:36:11  2   objection to us asking for an additional 90 days in accordance with

10:36:15  3   Rule 25 to get her in line and get him substituted.

10:36:24  4        THE COURT:  Ms. Callsen.

10:36:26  5        MS. CALLSEN:  I was not aware of that agreement, so if

10:36:28  6   there's an agreement been made; but we would ask that we substitute

10:36:31  7   as counsel.  And again, that the 90 days also be used to cure the

10:36:36  8   deficiency as well.

10:36:38  9        THE COURT:  The Court is going to grant the 90 days.

10:36:42 10   Thank you.

10:36:45 11        MS. BRILLEAUX:  The next case, your Honor, is Shirley

10:36:48 12   Hanes for Kirtland & Packard, which is a non-substantially complete

10:36:55 13   case.  There were no before photos provided, and importantly, your

10:37:00 14   Honor, there was no action taken in response to the deficiency.

10:37:04 15        THE COURT:  Okay.  Is anyone on the line on behalf of

10:37:07 16   Kirtland & Packard?

10:37:08 17        MR. BENKIE:  Yes, your Honor.  Kyle Benkie here on behalf

10:37:12 18   of Kirtland & Packard for the plaintiff.

10:37:15 19        Basically this plaintiff has been uncooperative since

10:37:18 20   March in attempting to send in those photographs.  We did make

10:37:23 21   contact with her on the 14th.  She again kind of expressed her

10:37:28 22   unwillingness to participate in the litigation, but we have not

10:37:32 23   been able to since obtain an actual consent to dismiss the case

10:37:35 24   with prejudice, that's what we've been attempting to do over the

10:37:38 25   past week and a half but have been unsuccessful because she clearly

10:37:44  1    does not want to move forward with the litigation.

10:37:47  2            THE COURT:  Okay.  Considering Mr. Benkie's

10:37:52  3    representation that Ms. Hanes has become uncooperative and actually

10:37:55  4    has no desire to proceed with this litigation and finding that

10:38:00  5    Kirtland & Packard exercised the appropriate due diligence, the

10:38:05  6    court's going to dismiss this case with prejudice.

10:38:09  7            MS. BENKIE:  Thank you, your Honor.

10:38:10  8            MS. BRILLEAUX:  Thank you, your Honor.  The next case I

10:38:12  9    have is Rose Matthews represented by Simon Greenstone Panatier and

10:38:16 10    Bartlett.  This is a non-substantially complete PFS deficiency.  We

10:38:21 11    have no signed declaration by the plaintiff, no before photos

10:38:26 12    demonstrating proof of injury, and no action taken in response to

10:38:30 13    the deficiency.

10:38:30 14            THE COURT:  Okay.  Is anyone on behalf of Simon

10:38:33 15    Greenstone on the phone?

10:38:36 16            MS. CARTER:  Yes, this is Amy Carter representing Rose

10:38:39 17    Matthews.

10:38:40 18            Your Honor, from our perspective, there must be a mistake

10:38:44 19    there because we have uploaded authorizations, we have uploaded

10:38:50 20    pictures in response to the deficiency.  It's maybe a technical

10:38:53 21    issue, but from the docket sheet that I am looking at -- I am

10:39:01 22    looking to -- we have 70 different issues on our PFS and so we've

10:39:06 23    been trying to get them all done.  The before and after pictures

10:39:10 24    were uploaded on 8/6/2018.

10:39:15 25            THE COURT:  Okay.

10:39:15  1        MS. BRILLEAUX:  Your Honor, on behalf of defendants, this

10:39:18  2   is one of the cases where we, as I said, there was no action taken

10:39:22  3   in response.  As you know, PTO 22A requires that if a plaintiff

10:39:28  4   cures the deficiency within the period, they're required to send an

10:39:31  5   e-mail; and this is one in which we did not receive any

10:39:33  6   notification that anything was done, so we had no way of knowing

10:39:36  7   that the deficiency was attempted to be cured.

10:39:41  8        THE COURT:  Okay.  So you haven't looked at it to know if

10:39:46  9   you're satisfied with the cure?  It's just an issue that you didn't

10:39:50 10   send an e-mail or did you have an opportunity to see whether or not

10:39:54 11   she satisfied with the actions that were taken?

10:39:56 12        MS. BRILLEAUX:  Because there were so many deficiencies

10:39:57 13   and because of the way that the process is set up, they're required

10:40:00 14   to notify us once they're on the list.  So if they go back and fix

10:40:03 15   something in-between the August 3rd date and September 4th date, we

10:40:07 16   have no way of checking to see if they've cured it.

10:40:10 17        THE COURT:  This is what I am going to do in this case.

10:40:12 18   I am going to grant seven days for Ms. Matthews' attorney to send

10:40:18 19   an e-mail and outline all action that's been taken to cure any

10:40:25 20   deficiencies.  And if it's not done within seven days, I imagine

10:40:30 21   I'll see this plaintiff on the list again.

10:40:36 22        MS. CARTER:  Thank you.

10:40:37 23        MS. BRILLEAUX:  And, your Honor, if this is not cured

10:40:39 24   within the time, can we take this up at the next show cause

10:40:42 25   hearing?

10:40:43  1          THE COURT:  That's what I said.  I thought we would hear

10:40:45  2     it again and hear from these people again if it's not satisfied

10:40:48  3     within seven days.  Okay.

10:40:50  4          MS. CALLSEN:  Next plaintiff is Kimely Rivers,

10:40:53  5     represented by the Watts Guerra Craft Law Firm, and the PFS is not

10:40:59  6     substantially complete.  There were no photos submitted -- well,

10:41:02  7     there were -- maybe have been some photos, but they were not dated,

10:41:06  8     and we did let plaintiff's counsel know about the deficiency and

10:41:11  9     there's been no response to the noncompliance notice.

10:41:13 10          THE COURT:  Is there anybody present on behalf of Watts

10:41:18 11     Guerra Craft?

10:41:21 12          MS. BOLDT:  Yes, your Honor.  This is Paige Boldt with

10:41:24 13     Watts Guerra.

10:41:25 14          Our notes are that we reached out in early September in

10:41:29 15     order to understand the concerns of the photos that were uploaded.

10:41:35 16     In review of the photos, there are multiple in both before and

10:41:39 17     after, my understanding is defense counsel is saying they are

10:41:43 18     blurry, but we do have several others and then we will confirm that

10:41:48 19     all are appropriately dated and confirm with our client that those

10:41:50 20     were the actual dates they were taken.  So we are requesting --

10:41:55 21          THE COURT:  I just want to make sure that I understand.

10:41:57 22     You're telling me that there were multiple photos, some were

10:42:02 23     blurry, but you felt like the others -- was that the question, that

10:42:04 24     the others should have been satisfactory?

10:42:09 25          MS. BOLDT:  Yes, your Honor.  We submitted photos and

| | | |
|---|---|---|
| 10:42:10 | 1 | uploaded them in October of last year, at least five of them.  My |
| 10:42:13 | 2 | understanding is that two of them are considered blurry, but they |
| 10:42:17 | 3 | were from different angles of her head in order to encompass all of |
| 10:42:21 | 4 | her damages.  So we believe that at least multiple photos have been |
| 10:42:26 | 5 | submitted and several of them are not blurry, and we've reached out |
| 10:42:32 | 6 | to defense counsel in order to confirm that. |
| 10:42:34 | 7 | THE COURT:  Do you know who you spoke to? |
| 10:42:37 | 8 | MS. CALLSEN:  Yeah.  I was going to say, you know, we |
| 10:42:38 | 9 | identified the noncompliance and there's been no response from |
| 10:42:42 | 10 | that, and it sounds from what counsel is saying is that she is |
| 10:42:45 | 11 | again referring to the photos that we found deficient.  Those |
| 10:42:48 | 12 | photos were deficient and we were looking for more and there's been |
| 10:42:53 | 13 | no more submitted. |
| 10:42:58 | 14 | MS. BOLDT:  We reached out via e-mail and we haven't |
| 10:43:01 | 15 | received any response in order to get clarification on what the |
| 10:43:04 | 16 | issues with the photos were. |
| 10:43:06 | 17 | MS. BARRIOS:  Your Honor, Dawn Barrios.  I might -- |
| 10:43:11 | 18 | there's another attorney that the plaintiffs attorneys were to |
| 10:43:15 | 19 | reach out to -- |
| 10:43:16 | 20 | THE COURT:  You know what, maybe you need to talk to her |
| 10:43:19 | 21 | to make sure she can hear you. |
| 10:43:22 | 22 | MS. CALLSEN:  I understand that Nick and I have been in |
| 10:43:25 | 23 | communication.  I have -- Nick's communicated with me, I am |
| 10:43:27 | 24 | speaking of behalf of all of the 505(b)(2)s, so my information |
| 10:43:31 | 25 | reflects the input of that other attorney. |

10:43:34  1          THE COURT:  Okay.  Ms. Barrios, is there -- ma'am, do you

10:43:38  2   know who you communicated with?

10:43:43  3          MS. BOLDT:  I believe the e-mail was sent to in regards

10:43:47  4   to CMO 12 and those concerns an e-mail provided on that.

10:43:50  5          MS. CALLSEN:  CMO 12 is the product ID CMO.

10:43:54  6          THE COURT:  Is that the e-mail address you used to

10:43:56  7   communicate?

10:43:58  8          MS. BOLDT:  That may have been, your Honor.

10:44:02  9          MS. BARRIOS:  Your Honor, I believe it's a different

10:44:05  10  e-mail address.

10:44:06  11         THE COURT:  Right.  This is what I am going to do.  I am

10:44:12  12  going to give you seven days to communicate with the appropriate

10:44:18  13  defense counsel; and if you have not complied with whatever

10:44:22  14  deficiencies and worked through that within those seven days, I am

10:44:26  15  going to -- defendants can certainly re-urge the motion to dismiss.

10:44:32  16         MS. BOLDT:  Thank you, your Honor.

10:44:32  17         MS. BARRIOS:  Just for plaintiffs knowledge, the correct

10:44:37  18  e-mail address is attached to PTO 22A.  And if you have any

10:44:44  19  problems, you can reach out to myself Dawn Barrios or Palmer

10:44:47  20  Lambert and we will help you with it.

10:44:49  21         MS. CALLSEN:  And again, can we continue this to the next

10:44:52  22  conference -- is that what you just said?

10:44:55  23         THE COURT:  That's what I meant, you can re-urge it at

10:44:57  24  the next meeting.  And some of these, I just think seven days is

10:45:02  25  enough to make the appropriate contact and to determine.  But if

10:45:06  1   it's not satisfied within that amount of time, certainly you may

10:45:09  2   re-urge it at our next meeting.  Okay.

10:45:13  3           MR. LAMBERT:  Your Honor, before we move on, Palmer

10:45:16  4   Lambert, co-liaison counsel for plaintiffs.  I do understand that

10:45:20  5   there are some photograph deficiency issues, and just on behalf of

10:45:27  6   the PSC, if somebody submits photographs and there is a problem

10:45:31  7   with the quality of the photographs or the dating of the

10:45:34  8   photographs or the blurriness or the format, the PSC would suggest

10:45:41  9   that that's not an appropriate deficiency for a dismissal show

10:45:47 10   cause process.

10:45:48 11           THE COURT:  Well, Mr. Lambert, what's concerning to the

10:45:52 12   Court is when these deficiencies are brought to the attention of

10:45:56 13   counsel that there be some action.  And I think what's concerning

10:46:02 14   to me is that we've had situations where deficiency have been filed

10:46:09 15   and there's been no response, for a variety of reasons, and that's

10:46:14 16   what's concerning to me.  Which is why I am ordering within seven

10:46:18 17   days that the contact be made.

10:46:20 18           Now, I have to tell you, if there is a motion to dismiss

10:46:24 19   a case because of the poor quality of photographs, I am going to

10:46:28 20   have to see those photographs to make a determination whether or

10:46:34 21   not this is something that should be handled in a dismissal.

10:46:38 22           MR. LAMBERT:  Yes, your Honor.  And thank you for the

10:46:40 23   clarification.  I think the point I was trying to make was that

10:46:46 24   that would seem to me more like a dispositive motion for summary

10:46:51 25   judgment type issue and whether photographs are even needed to

10:46:56  1    prove one of these cases is a totally different issue.

10:46:59  2         THE COURT:  I understand.  I understand.  I think what's

10:47:02  3    problematic for me is the failure to communicate, and that's what

10:47:09  4    at this point I am concerned with the quality of the photographs,

10:47:16  5    that there has been a deficiency filed, and no communication.  And

10:47:20  6    I think that's problematic.

10:47:22  7         MR. LAMBERT:  Understood.  Thank you, your Honor.

10:47:23  8         MS. CALLSEN:  And I just want to respond briefly to the

10:47:26  9    substance since it was raised.  This litigation is about hair loss

10:47:28 10    and often all we have is allegations of hair loss and, therefore,

10:47:33 11    without photos, we can't even evaluate whether there's an injury.

10:47:37 12         THE COURT:  And I appreciate that, Ms. Callsen, but

10:47:41 13    before I would dismiss a case on any of that, I would have to see

10:47:45 14    the photos.

10:47:46 15         MR. MOORE:  Your Honor, Douglas Moore.  I am going to

10:47:49 16    intercede my designee here just to address the issue that

10:47:52 17    Mr. Lambert raised.  We're not asking cases be dismissed because we

10:47:56 18    are dissatisfied with the quality of the photographs, as your Honor

10:48:00 19    pointed out.  The responsibility to produce photographs, the

10:48:05 20    process for doing that is spelled out in these orders.  And today

10:48:09 21    is about whether or not deficiencies have been responded to and

10:48:14 22    cured or whether there is good cause not to take action that we're

10:48:18 23    here to take.

10:48:19 24         We are working on a show cause process to address

10:48:23 25    substantive deficiencies like what should be the consequence for

10:48:30  1   substantive issue like quality of photographs, and we will be

10:48:33  2   submitting that to Judge North and dealing with that a different

10:48:36  3   way.  But I just wanted to make clear that there was going to be a

10:48:39  4   separate set of rules for that.

10:48:41  5         THE COURT:  Okay.  Maybe I thought that's what I said.  I

10:48:48  6   am more concerned with the failure to address the objections

10:48:52  7   raised, that's what we're here for today, and I'm certainly not --

10:48:57  8   maybe I wasn't as articulate as I should have been.

10:49:01  9         MS. BARRIOS:  Your Honor, for your convenience, you can

10:49:03  10  see the photographs on Centrality.

10:49:05  11        THE COURT:  But we are not doing that today.

10:49:07  12        MS. BARRIOS:  I am just letting you know that if you

10:49:09  13  needed to look at something you could look at it on Centrality.

10:49:12  14        THE COURT:  Okay.  Thank you.

10:49:13  15        MS. BRILLEAUX:  Thank you, your Honor.  The next case

10:49:15  16  that I have is Glorious Hartzog, who is represented by Morris Bart,

10:49:20  17  LLC.  This is a deficiency for a not substantially complete PFS.

10:49:25  18  The issue was related to the age of photographs; the original

10:49:29  19  photograph submitted was 33 years before treatment.  I will

10:49:35  20  represent to you that this was remedied after the deadline, but the

10:49:41  21  case was filed in October of 2016 and defendants would still

10:49:45  22  represent that because of the delinquency of getting the proper

10:49:50  23  proof, this is still appropriate for dismissal with prejudice.

10:49:53  24        THE COURT:  Okay.  Thank you.

10:49:58  25        MS. GODSHALL:  Good morning, your Honor.  Lauren Godshall

10:50:00  1    with Morris Bart on behalf of Glorious Hartzog.  And we have

10:50:03  2    substantially complied with that deficiency.  We obtained multiple

10:50:07  3    pretreatment photographs and dated them from 2009 to 2013,

10:50:12  4    Ms. Hartzog's treatment was in '14.  There was a delay due to

10:50:17  5    Ms. Hartzog's cognitive and memory issues; however, we've worked

10:50:20  6    with her family members to obtain photographs at this point.

10:50:23  7            THE COURT:  The request for dismissal is overruled.

10:50:31  8            MS. BRILLEAUX:  The next case is Evangeline Little, who

10:50:36  9    is represented by Jones Ward, PLC.  And this is another not

10:50:41 10    substantially complete deficiency.  There was a timely attempt to

10:50:44 11    cure the deficiency, which was the failure to provide proof of

10:50:47 12    injury documents.  Photographs were provided but they were not

10:50:52 13    dated appropriately, and the only after photographs have

10:50:56 14    substantive deficiency.  So this remains on the list.

10:51:02 15            THE COURT:  Okay.  Is anyone on the line for Jones Ward?

10:51:08 16            MR. MAPES:  Yes, your Honor.  This is William Mapes

10:51:09 17    representing plaintiff Evangeline Little.

10:51:13 18            THE COURT:  Okay.

10:51:16 19            MR. MAPES:  And, your Honor, we submitted only two

10:51:20 20    photographs at this point, one in October of 2017 and another on

10:51:27 21    August 6th of 2018.  Neither one of the photographs is date

10:51:36 22    stamped.  Conversations with Ms. Little, she indicated the

10:51:41 23    approximate dates both photographs were taken.  I will say she's

10:51:46 24    been a little uncooperative with her photograph submissions, but at

10:51:50 25    this point I entered into MDL Centrality the approximate dates

10:51:57  1    those photographs were taken.

10:51:59  2            MS. BRILLEAUX:  And, your Honor, on behalf of defendants,

10:52:01  3    I would just like to say that this is different from, I believe,

10:52:03  4    the issue we were just discussing before and that it's not

10:52:05  5    subjective.  This is an objective issue.  If the photographs aren't

10:52:09  6    dated that is an issue with evaluating the validity of the claim

10:52:13  7    itself and that it's appropriate for dismissal with prejudice.

10:52:26  8            THE COURT:  Let me see if I understand.  There were two

10:52:29  9    photographs that were uploaded into Centrality, one was before and

10:52:36  10   one was after?

10:52:41  11           MR. MAPES:  Correct.

10:52:42  12           MS. BRILLEAUX:  That's correct.  And neither of them had

10:52:45  13   any dates on them at all.

10:52:46  14           THE COURT:  Okay.  I believe counsel said, have you since

10:52:56  15   then loaded dates?

10:52:58  16           MR. MAPES:  In the document type in Centrality where I

10:53:02  17   uploaded the two photographs, I indicated when the photographs were

10:53:08  18   approximately taken.  One was approximately taken in June of '17

10:53:14  19   and the other was approximately taken in March of '18.  The dates

10:53:19  20   themselves are not on the particular photographs.  I received the

10:53:25  21   dates through a conversation with my client.

10:53:31  22           MS. BRILLEAUX:  Your Honor, we would argue that the dates

10:53:34  23   need to be more precise.

10:53:36  24           I would also note that the after photographs in one of

10:53:40  25   them the plaintiff is wearing a wig, which is obviously an issue.

10:53:44 1          THE COURT:  But is this a substantive objection?

10:53:47 2          MR. MOORE:  I think it's substantive but I think it's

10:53:50 3 objective rather than subjective, and it's not curing the

10:53:52 4 deficiency with the proof.

10:53:54 5          THE COURT:  Okay.  Ms. Barrios, I think you look like you

10:53:56 6 have something to say.

10:53:58 7          MS. BARRIOS:  Yes, your Honor.  I'll only take a couple

10:54:01 8 of minutes.  Your Honor, they're asking for a dismissal because a

10:54:05 9 woman can't remember the exact date a photo was taken.  There are

10:54:10 10 photos that are uploaded that don't have dates, and I will concede

10:54:13 11 that.  It is technologically challenging to get the date on the

10:54:20 12 photo, we have worked with Jake Woody with that.  The photos he

10:54:24 13 indicates that approximate dates were given, that's all the client

10:54:28 14 can remember, and that information is on Centrality so they have

10:54:31 15 access to it.  This is something if they want to take depositions

10:54:34 16 down the line they can challenge it, but it's certainly not a

10:54:39 17 dismissible item.

10:54:40 18          MS. BRILLEAUX:  And, your Honor, one other thing to add

10:54:43 19 in looking at my notes.  My notes reflect that we have no before

10:54:47 20 photos and the after photos, we have two after photos - one is from

10:54:50 21 the last day of chemotherapy, which is not an appropriate time

10:54:54 22 frame for a permanent alopecia claim; and the other is plaintiff

10:54:57 23 wearing a wig, which again, does nothing to help us decide whether

10:55:00 24 she has a claim for permanent hair loss.

10:55:08 25          THE COURT:  I am not going to dismiss this case today.  I

10:55:11  1  am just trying to determine what's the appropriate remedy.  Perhaps

10:55:14  2  what I will do is continue this matter for 60 days.  I think you

10:55:20  3  need to layout with specificity exactly what would satisfy

10:55:27  4  defendants.  But very frankly, this sounds like a substantive

10:55:32  5  objection to me because it appears that he has responded, perhaps

10:55:35  6  not to your satisfaction, and then another objection should be

10:55:39  7  raised with some sort of specificity.  But I am going to continue

10:55:43  8  this matter for 60 days.

10:55:48  9        MS. BARRIOS:  And if Mr. Mapes has any trouble figuring

10:55:52  10  out how to upload anything, he can contact Mr. Palmer Lambert or

10:55:55  11  myself.

10:55:56  12        THE COURT:  Okay.  Thank you.

10:55:57  13        MS. BRILLEAUX:  Thank you, your Honor.

10:55:58  14        MR. MAPES:  Thank you, your Honor.

10:56:00  15        MS. BRILLEAUX:  The next case is Carolyn Pryor Lynch,

10:56:04  16  which is represented by Atkins & Markoff.  This is for a

10:56:08  17  non-substantially complete PFS.  This was another one in which the

10:56:15  18  plaintiff attempted to cure during the time period, we disagreed

10:56:22  19  with the ability to remedy the cure, it was cured after the

10:56:26  20  deadline, and that's why it remains on the list.  But we still

10:56:30  21  think it should be dismissed with prejudice for being untimely.

10:56:33  22        THE COURT:  Okay.  So wait.  Let me see if I understand

10:56:36  23  this.  They attempted to cure it during the time frame?

10:56:38  24        MS. BRILLEAUX:  Correct.

10:56:39  25        THE COURT:  And were unable to complete that, but did

10:56:41  1   indeed ultimately complete the deficiencies?

10:56:44  2            MS. BRILLEAUX:  Correct, your Honor.  This was I think

10:56:46  3   ultimately completed on September 17th, which was two weeks after

10:56:49  4   the deadline set forth in PTO 22A.

10:56:52  5            THE COURT:  Okay.  Thank you.

10:56:54  6            MR. MARKOFF:  Your Honor, Dan Markoff, Atkins & Markoff

10:56:57  7   for the plaintiff.  We did comply.  The question was a date on the

10:57:02  8   photo, when it was uploaded it didn't show, and so we communicated

10:57:06  9   with the client who is very easy to talk to and told us when the

10:57:11 10   photo was taken.  We uploaded that to Centrality, we then sent an

10:57:15 11   e-mail on September 21st at 1:51 to Ms. Bieri saying that we have

10:57:20 12   cured the deficiency and does this case need to remain on this show

10:57:23 13   cause docket.  That's where we are today.

10:57:26 14            THE COURT:  The request for dismissal is overruled.

10:57:29 15   Let's go.

10:57:31 16            MS. BRILLEAUX:  Thank you, your Honor.  The next case is

10:57:34 17   Sandra Yeager, who is represented by the Lowe Law Group.  This is a

10:57:39 18   not substantially complete PFS deficiency.  And this is for failure

10:57:43 19   to provide any before photos, and there was no action taken to

10:57:50 20   cure.

10:57:51 21            THE COURT:  Okay.  Is anybody on the line for the Lowe

10:57:53 22   Law Group?

10:57:57 23            MR. STRINGER:  Yes, your Honor.  This is Aaron Stringer

10:57:58 24   with the Lowe Law Group on behalf of plaintiff Sandra Yeager.

10:58:03 25            In this case, your Honor, the plaintiff is homebound.

10:58:06   1   We've worked with her, tried to work with her to get some

10:58:09   2   additional photos; unfortunately, between just not being able to

10:58:13   3   really look and not having many anyways, she hasn't been able to

10:58:20   4   provide many additional photos.  We do have one but we are working

10:58:24   5   on getting a date for it, so we still don't have a date.  We have

10:58:28   6   been able to get in contact with her daughter who is now working

10:58:32   7   with us to, you know, talk to the family to see if anyone can tell

10:58:36   8   us, can provide photos.  And that's where we're at right now, so we

10:58:41   9   would request 60 days to be able to provide those photos and cure

10:58:45  10   the deficiency.

10:58:49  11            MS. BRILLEAUX:  Your Honor, we believe that this should

10:58:53  12   be dismissed with prejudice, again, we don't have the proof to

10:58:55  13   continue with whether plaintiff has a viable claim for permanent

10:58:59  14   hair loss.

10:59:00  15            THE COURT:  In light of plaintiff's physical status and

10:59:03  16   her homebound status, the Court's going to grant you a continuance

10:59:07  17   of 30 days.

10:59:09  18            MS. BRILLEAUX:  Thank you, your Honor.

10:59:11  19            MR. STRINGER:  Thank you, your Honor.

10:59:12  20            MS. CALLSEN:  The next plaintiff is Vickie Champion, and

10:59:17  21   she is represented by Baron & Budd.  And this is a situation where

10:59:21  22   no PFS was submitted whatsoever.

10:59:23  23            THE COURT:  Okay.  Is anyone on the line for Baron &

10:59:30  24   Budd?

10:59:30  25            MS. BENTON:  Good day, your Honor.  Danae Benton for

10:59:30 1    Baron & Budd and my client Ms. Champion.

10:59:30 2                THE COURT:  Okay.

10:59:33 3                MS. BENTON:  This is a situation where we spoke with

10:59:35 4    Ms. Champion and we had some stipulation of dismissal for this

10:59:40 5    matter.  We were pending one of the 505 defendants agreement to

10:59:44 6    that stipulation, so that's where we're at with this matter.

10:59:48 7                THE COURT:  Okay.

10:59:49 8                MS. CALLSEN:  I didn't quite follow that.  There is a

10:59:52 9    stipulation of dismissal that's been circulated for signature?

10:59:56 10               MS. BENTON:  Yes.  Yes, your Honor.

10:59:58 11               MS. CALLSEN:  Okay.  So then once it's signed and entered

11:00:03 12   then it will be dismissed?

11:00:04 13               MS. BENTON:  Correct.

11:00:04 14               THE COURT:  Or we can do it right now.

11:00:05 15               MS. CALLSEN:  Or we can do it right now.  I was just

11:00:06 16   going to say, or we can do it even quicker right now.

11:00:09 17               MS. BENTON:  Yes, your Honor.

11:00:09 18               THE COURT:  Ms. Benton, considering representations made,

11:00:12 19   the Court's going to dismiss this matter with prejudice.

11:00:16 20               MS. BENTON:  Thank you, your Honor.

11:00:17 21               MS. CALLSEN:  The next plaintiff is Deanna Corbin, also

11:00:20 22   represented by Baron & Budd.  Same situation, there's been no PFS

11:00:24 23   submitted whatsoever.

11:00:27 24               MS. BENTON:  Your Honor, Danae Benton again for Baron &

11:00:31 25   Budd and my client.

11:00:32  1          We have talked to our plaintiff.  She has advised our

11:00:36  2   office that she would like to dismiss without prejudice; in hoping

11:00:41  3   to coordinate this with the defendants, we could not get an

11:00:44  4   agreement, so that we would ask this court to dismiss but without

11:00:49  5   prejudice per the client's request.

11:00:53  6          THE COURT:  The Court has considered your request.  This

11:00:55  7   matter has been pending since --

11:00:58  8          MS. CALLSEN:  It has been pending since 2017.

11:01:01  9          THE COURT:  Ms. Benton, this matter has been pending

11:01:04 10   since 2017, no plaintiff fact sheet has been submitted.  While I

11:01:11 11   believe that you've exercised appropriate due diligence, the

11:01:13 12   plaintiff had certain responsibilities, the Court's going to

11:01:16 13   dismiss this matter with prejudice.

11:01:18 14          MS. BENTON:  Thank you, your Honor.

11:01:19 15          MS. CALLSEN:  Thank you.  Our next plaintiff is Arecia

11:01:23 16   Nash, she's represented by the Becnel Law Firm.  There's been no

11:01:27 17   response to the deficiency notice, which were numerous

11:01:31 18   deficiencies, no proof of injury, no proof of use, no

11:01:34 19   authorizations, no signed verification, and no medical records.

11:01:37 20          THE COURT:  Thank you.  Mr. Moreland.

11:01:39 21          MR. MORELAND:  Actually present.  Good morning, your

11:01:42 22   Honor.  It's a pleasure to appear before, you despite the occasion.

11:01:45 23          We have had no response from the client either.  E-mails,

11:01:48 24   we've used the Court's suggestion of even texting her, only to find

11:01:51 25   out she only had a landline and we had no response.  We have sent

11:01:55  1  certified mail and regular mail to her, we've had no response from

11:02:00  2  her.

11:02:01  3          THE COURT:  The Court recognizes that counsel has

11:02:03  4  exercised appropriate due diligence in attempting to contact his

11:02:06  5  client, but the client has failed to meet her obligations under

11:02:12  6  this case; accordingly, this matter is going to be dismissed with

11:02:16  7  prejudice.

11:02:16  8          MR. MORELAND:  Thank you, your Honor.

11:02:19  9          MS. CALLSEN:  Thank you.

11:02:19 10          MS. BRILLEAUX:  Your Honor, the next case that I have

11:02:21 11  for sanofi is Connalita Stewart.  She is represented by the Becnel

11:02:27 12  Firm, and this is a not substantially complete deficiency for

11:02:31 13  failure to provide a declaration and also photographs, any

11:02:35 14  photographs at all.

11:02:39 15          THE COURT:  Mr. Moreland.

11:02:41 16          MR. MORELAND:  I think our technical response would be

11:02:44 17  ibid, your Honor, we have the same situation as in the previous

11:02:47 18  case, e-mails, telephone calls, no cell response either.

11:02:51 19          THE COURT:  Okay.  The Court, again, notes that counsel

11:02:54 20  has exercised appropriate due diligence in representation of his

11:02:59 21  client, but the client has failed to meet her obligations;

11:03:02 22  accordingly, this matter is dismissed with prejudice.

11:03:05 23          MR. MORELAND:  Thank you, your Honor.

11:03:06 24          MS. CALLSEN:  The next two plaintiffs are represented by

11:03:08 25  Jackson & Allen.  The first one is Frances Dennis, and there's been

11:03:12 1   no PFS submitted whatsoever.

11:03:14 2          THE COURT:  Is anyone on the line for Jackson & Allen,

11:03:16 3   Jackson, Allen & Williams?

11:03:22 4          MS. WILLIAMS:  Yes, your Honor.  This is Jennifer

11:03:24 5   Williams on behalf of Ms. Dennis for Jackson, Allen & Williams.

11:03:27 6          We've had sort of the same problem as many other people.

11:03:30 7   We have been trying to get a completed fact sheet from our client

11:03:34 8   for about nine months, we've mailed the plaintiff fact sheet to her

11:03:39 9   on four different occasions, spoken with her at least 20 times,

11:03:42 10  most recently sent a courier to try to get a completed fact sheet

11:03:48 11  back from her, at that time she refused the courier.  I spoke with

11:03:51 12  her on the phone yesterday, and she has expressed her intent not to

11:03:54 13  proceed in this matter; but barring written consent from her, we do

11:03:58 14  not feel it's appropriate to submit the case for dismissal with

11:04:01 15  prejudice at this time.

11:04:02 16         THE COURT:  Okay.  The Court finds that counsel has

11:04:05 17  exercised appropriate due diligence, but unfortunately this client

11:04:10 18  has failed to exercise her obligations in this lawsuit, the matter

11:04:18 19  is dismissed with prejudice.

11:04:19 20         MS. CALLSEN:  Carol Thiesing is their next plaintiff.

11:04:22 21  And same situation, no PFS submitted whatsoever.

11:04:25 22         MS.  WILLIAMS:  Yes, your Honor.  Jennifer Williams

11:04:27 23  again.  We have circulated a stipulation of dismissal in this case

11:04:31 24  and are just awaiting approval from the 505(b)(2) defendants on

11:04:37 25  this.

| | |
|---|---|
| 11:04:37 | 1 |
| 11:04:44 | 2 |
| 11:04:56 | 3 |
| 11:05:01 | 4 |
| 11:05:05 | 5 |
| 11:05:07 | 6 |
| 11:05:10 | 7 |
| 11:05:14 | 8 |
| 11:05:15 | 9 |
| 11:05:17 | 10 |
| 11:05:20 | 11 |
| 11:05:24 | 12 |
| 11:05:29 | 13 |
| 11:05:33 | 14 |
| 11:05:35 | 15 |
| 11:05:36 | 16 |
| 11:05:37 | 17 |
| 11:05:39 | 18 |
| 11:05:43 | 19 |
| 11:05:47 | 20 |
| 11:05:49 | 21 |
| 11:05:51 | 22 |
| 11:05:54 | 23 |
| 11:05:58 | 24 |
| 11:05:59 | 25 |

THE COURT:  If you're not actually talking with the court, would you please put this on mute; and I think the only person that should not be on mute is Ms. Williams with Jackson, Allen & Williams law firm.

Okay.  Ms. Williams, are you there?

MS. WILLIAMS:  Yes, your Honor, I'm still here.

THE COURT:  Okay.  Now, I missed whatever you said last time, sorry.

MR. WILLIAMS:  I will say it again.  So we have circulated a stipulation of dismissal in this case and are just awaiting approval on that from the 505(b)(2) defendants.

THE COURT:  Okay.  Well, the Court's going to take this matter up for you.  Considering representations of counsel, the Court's going to dismiss this matter with prejudice.

MS. CALLSEN:  Thank you.

MS. WILLIAMS:  Thank you, your Honor.

THE COURT:  Thank you.

MS. BRILLEAUX:  The next case, your Honor, is Pamela Hammond, she's represented by Johnson Becker.  This is a non-substantially complete PFS deficiency for failure to provide before and after photographs.

THE COURT:  Okay.  Is anyone on the line for Johnson Becker?

MS. ROBERTSON:  Good morning, your Honor.  This is Alexandra Robertson from Johnson Becker representing Pamela

11:06:02  1    Hammond.

11:06:02  2                THE COURT:  Okay.  Yes, ma'am.

11:06:03  3                MS. ROBERTSON:  We have not uploaded any photographs for

11:06:05  4    Ms. Hammond to date.  Despite our diligent efforts to contact her,

11:06:10  5    we have been unsuccessful and are unable to cure the deficiency.

11:06:14  6    We've sent no less than five letters, made 23 phone calls, and sent

11:06:20  7    three e-mails.  I do not have my client's consent to dismiss her

11:06:22  8    case; however, we do not have any cause to object to the

11:06:25  9    outstanding deficiencies.

11:06:26  10               THE COURT:  Thank you.  The Court notes that counsel has

11:06:29  11   exercised appropriate due diligence in attempting to remain in

11:06:33  12   contact with its client and also notes that the client apparently

11:06:37  13   has failed to meet certain obligations required in this matter.

11:06:43  14   This matter is dismissed with prejudice.

11:06:46  15               MS. BRILLEAUX:  And, your Honor, the next plaintiff that

11:06:49  16   I have is Lonia Roberts, she is also Johnson Becker.  And the

11:06:53  17   deficiency is the same, not substantially complete PFS for no

11:06:57  18   photographs.

11:06:58  19               THE COURT:  Yes, ma'am, Ms. Robertson.

11:07:01  20               MS. ROBERTSON:  Thank you, your Honor.  So for

11:07:04  21   Ms. Roberts we have submitted three photographs to MDL Centrality;

11:07:09  22   there is one before photograph and there are two after photographs.

11:07:11  23   They are dated.  We, in addition to that, have attempted to

11:07:14  24   follow-up with the client to get additional photographs in response

11:07:17  25   to the deficiency, and we have been unsuccessful in curing that

11:07:21  1   deficiency.  However, we do not think dismissal is appropriate at

11:07:26  2   this time because photographs have been uploaded.

11:07:28  3           THE COURT:  Was there an e-mail?

11:07:29  4           MS. BRILLEAUX:  Your Honor, looking at my notes here,

11:07:31  5   there is a before photo but it's 15 years prior to treatment, and

11:07:35  6   we think that that is not sufficient evidence.

11:07:42  7           THE COURT:  Okay.  I am not going to dismiss it at this

11:07:45  8   time for this reason.  I am going to -- Ms. Robertson, let me

11:07:57  9   return to you.  You represented that you have been in contact with

11:07:59  10  your client and you're attempting to get more photographs?

11:08:06  11          MS. ROBERTSON:  That is correct, your Honor.

11:08:08  12          THE COURT:  Okay.  You want to dismiss this with

11:08:17  13  prejudice?

11:08:18  14          MS. BRILLEAUX:  Your Honor, because of the nature of the

11:08:19  15  claim --

11:08:20  16          THE COURT:  Right, I understand.  All right.  This is

11:08:22  17  what I am going to do.  I am going to give you 45 days to get more

11:08:27  18  photographs.  Please let me remind you, Ms. Robertson, that you

11:08:33  19  should send an e-mail at the appropriate e-mail address when those

11:08:38  20  photographs are received.  But you have 45 days and you can bring

11:08:41  21  it up at that time.

11:08:43  22          MS. ROBERTSON:  Thank you, your Honor.

11:08:44  23          THE COURT:  Thank you.

11:08:45  24          MS. BRILLEAUX:  Thank you, your Honor.  The next

11:08:47  25  plaintiff I have is Monique Kuhns, and she is represented by the

11:08:51  1   Maher Law Firm.

11:08:52  2         THE COURT:  Is anyone on the line with Maher Law Firm?

11:08:57  3         MR. MORRIS:  Yes, Bradley Morris with the Maher Law Firm

11:09:00  4   representing Ms. Kuhns.  Again, we have been unable to contact

11:09:04  5   Ms. Kuhns; therefore, we don't have a defense.

11:09:07  6         THE COURT:  Okay.

11:09:07  7         MS. BRILLEAUX:  And, your Honor, I'm sorry, I didn't

11:09:10  8   mention, this is for no PFS submitted.

11:09:12  9         THE COURT:  Right.  Okay.  The Court understands that the

11:09:17 10   Maher Law Firm has exercised due diligence in attempting to contact

11:09:22 11   his client, but the client has failed to exercise -- to engage in

11:09:30 12   his obligations with the lawsuit.  This matter is dismissed with

11:09:35 13   prejudice.

11:09:36 14         MS. BRILLEAUX:  Thank you, your Honor.  The next

11:09:38 15   plaintiff I have is also represented by the Maher Law Firm, it is

11:09:42 16   Opal McNeal.  This is non-substantially complete PFS deficiency,

11:09:46 17   and this is for failure to provide before and after photographs.

11:09:58 18   The Maher Law Firm.

11:09:58 19         MR. MORRIS:  Good morning, your Honor.  This is Bradley

11:10:01 20   Morris with the Maher Law Firm representing Ms. McNeal.

11:10:01 21         THE COURT:  Please, if you are not Mr. Morris with the

11:10:06 22   Maher Law Firm, please put your phone on mute.

11:10:14 23         Thank you.  Please proceed, Mr. Morris.  And what was the

11:10:17 24   objection, you said it was not substantially complete?

11:10:21 25         MS. BRILLEAUX:  Not substantially complete because we

11:10:24  1    have no before or after photographs.

11:10:26  2              THE COURT:  No photos, okay.  Mr. Morris.

11:10:27  3              MR. MORRIS:  Thank you, your Honor.  Up until recently

11:10:29  4    we've lost contact with Ms. McNeal; however, we managed to actually

11:10:33  5    get to speak.  Your Honor, she has sent me the before and after

11:10:36  6    photographs evidencing (unintelligible).  These photos were

11:10:38  7    uploaded last night.  Ms. McNeal is a 74-year old woman.  She had

11:10:43  8    recent knee replacement surgery, she told me that was the reason

11:10:46  9    why she hasn't been compliant.

11:10:48  10             We are currently working with her to be compliant with

11:10:51  11   PTO 71A.  She told me she does not have any social media or

11:10:55  12   anything like that, and we are just waiting on getting a written

11:10:58  13   statement from her indicating such.  So we would ask the court for

11:11:02  14   at least a 60 day time period extension for us to get.

11:11:04  15             THE COURT:  In light of Ms. McNeal's recent knee surgery,

11:11:07  16   the Court's going to continue this matter for 60 days.

11:11:14  17             MS. CALLSEN:  Next plaintiff is Janet Collier, she is

11:11:16  18   represented by the Marc J. Bern & Partners law firm.  And in this

11:11:20  19   case there's been no PFS submitted whatsoever.

11:11:22  20             THE COURT:  Is there anyone on the line with Bern &

11:11:26  21   Partners?

11:11:30  22             MS. COLELLA:  Good morning, your Honor.  This is

11:11:31  23   Alexandra Colella for Marc Bern & Partners.  Janet Collier has

11:11:36  24   expressed her disinterest in the case and would no longer like to

11:11:40  25   proceed.

11:11:40  1          THE COURT:  Okay.  Considering representations by

11:11:43  2   counsel, this matter is dismissed with prejudice.

11:11:47  3          MS. CALLSEN:  The next plaintiff is Leslie Jones, also

11:11:50  4   represented by the Bern & Partners; and again, no PFS submitted

11:11:53  5   whatsoever.

11:11:57  6          MS. COLELLA:  Hi, your Honor.  Alex Colella again.

11:12:00  7   Leslie Jones has been fairly uncooperative.  When we tried to call

11:12:05  8   her, she tends to hang up the phone and doesn't want to give us

11:12:10  9   information that we need in order to provide a completed Plaintiff

11:12:14 10   Fact Sheet.  We have tried numerous times to call her and let her

11:12:18 11   know who we are and get her to cooperate, but we're having immense

11:12:22 12   difficulty.

11:12:23 13          THE COURT:  Okay.  The Court finds that the attorneys

11:12:25 14   have exercised due diligence in representing the clients, but the

11:12:32 15   client has failed to meet certain obligations required, therefore,

11:12:36 16   this matter is dismissed with prejudice.

11:12:39 17          MS. COLELLA:  Thank you, your Honor.

11:12:41 18          MS. CALLSEN:  Next plaintiff is Dolores Washington, she

11:12:43 19   is represented by the McEwen Law Firm.  Again, no PFS submitted

11:12:48 20   whatsoever.

11:12:53 21          MR. McEWEN:  Hello, your Honor.  This is Gregory McEwen

11:12:55 22   representing Dolores Washington.  And our firm, like many before

11:12:59 23   us, have had difficulty getting in touch and, in fact, have lost

11:13:05 24   contact with Ms. Washington.  We've repeatedly tried to contact her

11:13:10 25   with no avail through mail and other social media, but have not

11:13:16  1    been successful.  So we have no defense other than the client is

11:13:22  2    non-cooperative and non-responsive.

11:13:23  3            THE COURT:  The matter is dismissed with prejudice.  The

11:13:25  4    Court specifically does note that it appears that counsel has

11:13:30  5    exercised appropriate due diligence, but the plaintiff has failed

11:13:36  6    to exercise her obligations of this lawsuit.

11:13:40  7            MS. CALLSEN:  Margaret Woods is the next plaintiff.

11:13:42  8    Again, represented by the McEwen Law Firm, no Plaintiff Fact Sheet

11:13:47  9    submitted.

11:13:49 10            MR. McEWEN:  Hello again, your Honor.  Same problems as

11:13:53 11    the previous Ms. Washington, is that we've tried to reach out to

11:13:58 12    Ms. Woods with no avail.  We contacted her through certified mail

11:14:05 13    and other social media but do not get any response.  She's

11:14:10 14    non-cooperative and non-responsive and we have no defense.

11:14:13 15            THE COURT:  All right.  The Court is going to dismiss

11:14:16 16    this matter with prejudice, finds that counsel has exercised

11:14:20 17    appropriate due diligence in representation of the client, the

11:14:24 18    client has failed to meet her obligations.

11:14:27 19            Let's go to the next matter.

11:14:29 20            MR. McEWEN:  Thank you, your Honor.

11:14:31 21            MS. CALLSEN:  Jacquelin Dixon is the next plaintiff,

11:14:34 22    represented by Meshbesher & Spence.  No Plaintiff Fact Sheet

11:14:36 23    submitted.

11:14:37 24            MS. BARRIOS:  Your Honor, Dawn Barrios.  I've been asked

11:14:41 25    to read a statement to the Court.  Mr. Nemo is at the JPML hearing.

11:14:46  1  "Plaintiff has been chronically non-responsive for ten months
11:14:49  2  despite numerous communications sent by plaintiff's counsel; and
11:14:52  3  plaintiff's counsel does not consent to any dismissal, but has no
11:14:56  4  valid defense to the defendant's motion to dismiss."

11:14:59  5       THE COURT:  The Court's going to dismiss this matter with
11:15:02  6  prejudice, though it appears that counsel has exercised appropriate
11:15:05  7  due diligence, the plaintiff has failed to meet her obligations.

11:15:09  8       MS. CALLSEN:  Next plaintiff is Ruthie Fleming, also
11:15:11  9  represented by Meshbesher & Spencer.

11:15:15 10       MS. BARRIOS:  Dawn Barrios for the plaintiff because
11:15:18 11  Mr. Nemo cannot attend, I've been asked to read this statement.
11:15:21 12  "Plaintiff has been chronically non-responsive for nine months,
11:15:25 13  despite numerous communications sent by plaintiff's counsel and
11:15:28 14  plaintiff's counsel cannot consent to any dismissal but has no
11:15:31 15  valid defense to the defendant's motion to dismiss."

11:15:34 16       THE COURT:  Okay.  The Court's going to dismiss this
11:15:37 17  matter with prejudice.  It appears that counsel has exercised
11:15:41 18  appropriate due diligence, but the plaintiff has failed to meet her
11:15:45 19  obligations.

11:15:46 20       MS. CALLSEN:  Thank you.

11:15:48 21       MS. BRILLEAUX:  Your Honor, the nest case that I have is
11:15:50 22  Alma Crum, who is represented by Niemeyer, Grebel and Kruse.  This
11:15:55 23  is a non-substantially complete deficiency for failure to provide
11:16:00 24  photographs.  No before photographs were provided.

11:16:03 25       THE COURT:  Okay.  Is anyone on the line for Niemeyer,

11:16:08  1    Grebel and Kruse?

11:16:10  2             MR. NIEMEYER:  Good morning, your Honor.  Yes, Mark

11:16:12  3    Niemeyer on the line for Ms. Crum.

11:16:14  4             And, your Honor, Ms. Crum actually fully and completely

11:16:19  5    complied with her PFS obligations back in November of 2017.  As it

11:16:23  6    turns out, even despite the diligent search by her and other family

11:16:29  7    members, she simply could not come up with any before photos, and

11:16:34  8    that's after us repeatedly contacting her and asking her and

11:16:38  9    helping her with ways to search.  So what she has done is she

11:16:42  10   submitted a completed PFS along with medical records showing proof

11:16:46  11   of use, along with after photos showing hair loss.  She simply

11:16:52  12   can't produce what she doesn't have and she doesn't have any before

11:16:56  13   photographs.  We're confident that that's the case, and so we would

11:17:00  14   submit that she shouldn't be sanctioned in any fashion because she

11:17:04  15   has fully complied with the PFS.

11:17:06  16            THE COURT:  Mr. Niemeyer, she absolutely has no

11:17:10  17   photographs before?

11:17:11  18            MR. NIEMEYER:  I know.  And in fact, you know, we do have

11:17:15  19   a handful of clients in the same boat, and she simply does not

11:17:20  20   possess any before photographs despite a diligent search.

11:17:24  21            MS. BARRIOS:  Your Honor, Dawn Barrios for the PFS.  This

11:17:27  22   is a substantive issue.  Obviously you can prove what your hair

11:17:32  23   looked like without a photograph by the testimony of family members

11:17:35  24   and relatives and friends.  So I do not think this is appropriate

11:17:39  25   for any dismissal.

| | |
|---|---|
| 11:17:41 | 1 |
| 11:17:44 | 2 |
| 11:17:50 | 3 |
| 11:17:59 | 4 |
| 11:18:04 | 5 |
| 11:18:08 | 6 |
| 11:18:12 | 7 |
| 11:18:15 | 8 |
| 11:18:19 | 9 |

11:17:41    1            MR. MOORE:  Your Honor, can I be heard on that point that

11:17:44    2    Ms. Barrios made about this being a substantive issue?  The lack of

11:17:50    3    before or after photographs is specified in PTO 22 as to what makes

11:17:59    4    a PFS substantially complete.  If you don't submit something for

11:18:04    5    before, and we've had lots of debates in this courtroom and

11:18:08    6    instructions from Judge Engelhardt about what a before photograph

11:18:12    7    should be and when it should be from and how you should collect and

11:18:15    8    sent guidances out on all of that.  So it's not a procedural issue,

11:18:19    9    it's something that isn't there.

11:18:21   10            Now, with Mr. Niemeyer's representation that he doesn't

11:18:24   11    have it, that there is no photograph to present, then we're fine

11:18:29   12    passing that on his representation.  Obviously he can't produce

11:18:32   13    something he doesn't have.

11:18:34   14            THE COURT:  Well, that's what I'm thinking.  If there are

11:18:36   15    none, there are none.

11:18:37   16            MR. MOORE:  Right.  But if you don't produce something,

11:18:40   17    you're going to get a deficiency notice because we all agreed what

11:18:44   18    constitutes a substantially complete PFS, and that's before and

11:18:47   19    after photographs.

11:18:47   20            THE COURT:  I think which makes this a substantive

11:18:51   21    objection is his representation that there are none.  And so

11:18:56   22    that's -- but certainly, I think I get it.

11:19:01   23            MR. MOORE:  If we decided that we wanted to dismiss

11:19:04   24    someone's case because they do not have evidence of what their hair

11:19:08   25    looks like before using Taxotere, that's something we would address

11:19:11  1   a different way.

11:19:12  2         THE COURT:  Okay.  The Court's going to pass this.

11:19:16  3   Mr. Niemeyer, I will tell you, if she discovers a photograph

11:19:20  4   somewhere, somehow, some place, you certainly have a continuing

11:19:25  5   obligation to provide that and to update your Plaintiff Fact Sheet.

11:19:31  6         MR. NIEMEYER:  Absolutely, your Honor.  And we will even

11:19:35  7   despite the client's answers, we're going to continue to go down

11:19:40  8   those roads, absolutely.

11:19:43  9         THE COURT:  Thank you.

11:19:44 10         MS. BRILLEAUX:  Your Honor, the next case is Annette

11:19:47 11   Godfrey, who is also represented by Niemeyer, Grebel and Kruse.

11:19:50 12   This is another not substantially complete PFS deficiency.  In this

11:19:53 13   case the only dated before photo was 23 years prior to treatment.

11:19:57 14         THE COURT:  Okay.  Mr. Niemeyer.

11:19:58 15         MR. NIEMEYER:  Yes, Mr. Niemeyer again.  Exactly the same

11:20:02 16   situation, although this one she was able to come up with that one

11:20:07 17   prior photo back 23 years prior, but absolutely both me and my

11:20:14 18   staff have worked with her diligently and can come only come up

11:20:19 19   with that one photo and so we have produced that.  So again, our

11:20:23 20   position is that we have fully and completely complied with our

11:20:25 21   obligations.

11:20:25 22         THE COURT:  Okay.  As I did with the last, based upon the

11:20:28 23   representation of counsel, I am going to pass this matter.

11:20:39 24         Let me please remind you to keep this on mute until your

11:20:43 25   law firm is called.  Okay.

11:20:45  1          MS. CALLSEN:  The next plaintiff is Louise Elem, and she

11:20:50  2   is represented by the Goss Law Firm.  There was no PFS submitted

11:20:53  3   whatsoever.

11:20:55  4          THE COURT:  Is anyone on the line?

11:20:57  5          MS. BARRIOS:  Your Honor, Dawn Barrios.  I've been asked

11:20:59  6   to speak on behalf of the Goss Law Firm for the plaintiff.  A

11:21:04  7   dismissal was sent to the defendants on September 17th.  They have

11:21:08  8   not received approval of the dismissal.  So I would ask that you

11:21:13  9   just enter the dismissal now instead of making plaintiff wait until

11:21:19 10   they get the consent of the defendants.

11:21:21 11          THE COURT:  All right.  Based upon representations of

11:21:24 12   counsel, the Court's going to dismiss this matter with prejudice.

11:21:27 13          MS. CALLSEN:  The next plaintiff is by the same law firm,

11:21:30 14   represented by the same law firm, her name is Joyce Hodge.  There's

11:21:34 15   been no PFS submitted whatsoever.

11:21:36 16          THE COURT:  Ms. Barrios.

11:21:37 17          MS. BARRIOS:  Yes, Dawn Barrios for plaintiff Hodge.

11:21:40 18   Your Honor, it's the same response, they had submitted stipulation

11:21:43 19   of dismissal, it just hadn't been agreed to yet.

11:21:47 20          THE COURT:  Considering representations of Counsel, this

11:21:49 21   matter is dismissed with prejudice.

11:21:53 22          MS. BRILLEAUX:  Your Honor, the next case is Pat

11:21:55 23   Henderson, who is represented by Bruno & Bruno.  This is not

11:22:01 24   substantially complete PFS for photographs without dates.

11:22:05 25          THE COURT:  Is anyone on the line for Bruno & Bruno?

11:22:10  1          MS. HAWKINS:  Good morning, your Honor.  My name is

11:22:12  2  Markita Hawkins and I'm here for Bruno & Bruno.  Ms. Pat Henderson,

11:22:16  3  we uploaded photos on August 8, 2018, of before, during and after

11:22:23  4  photos, so we're not sure why we received the deficiency.

11:22:27  5          THE COURT:  Ms. Hawkins, did you send the e-mail to

11:22:31  6  advise defense counsel?

11:22:32  7          MS. HAWKINS:  I am not at my computer to confirm that so

11:22:36  8  I am not sure, but I do remember we did send an e-mail to the

11:22:40  9  corrected e-mail address that was provided.

11:22:42 10          MS. BRILLEAUX:  Your Honor, the deficiency, we did

11:22:44 11  receive the photographs, they're not dated.

11:22:48 12          THE COURT:  Ms. Hawkins.

11:22:50 13          MS. HAWKINS:  So we're just requesting at least seven

11:22:53 14  days just to go back and review those photos to make sure.  Maybe

11:22:57 15  we can change the date to white because I believe we did update,

11:23:02 16  put dates in it.  It might just be in black writing.

11:23:05 17          THE COURT:  The Court's going to grant 15 days to correct

11:23:08 18  the deficiency.

11:23:10 19          MS. BRILLEAUX:  Thank you, your Honor.

11:23:12 20          MS. HAWKINS:  Thank you, your Honor.

11:23:13 21          MS. BRILLEAUX:  The next case is Carol Lackey, also from

11:23:15 22  Bruno, with the similar not substantially complete PFS deficiency,

11:23:19 23  only one before photo without a date.  And no after photos.

11:23:23 24          THE COURT:  Ms. Hawkins.

11:23:26 25          MS. HAWKINS:  We did upload photos for Ms. Carol Lackey

11:23:29  1    on August the 7th, 2018.  She has a photo of three - one is before,

11:23:34  2    one is during, and one is after.

11:23:37  3              MS. BRILLEAUX:  And the deficiency was for no dates on

11:23:41  4    the before photo.

11:23:42  5              THE COURT:  The Court's going to grant another 15 days to

11:23:45  6    cure that deficiency.

11:23:47  7              MS. HAWKINS:  Okay.  Thank you, your Honor.

11:23:49  8              MS. BRILLEAUX:  The next case I have also for Bruno &

11:23:52  9    Bruno is Carla Richards.  This is another not substantially

11:23:55 10    complete PFS.  We have no signed declaration from the plaintiff, no

11:23:59 11    before or after photos, and no action taken by plaintiff's counsel

11:24:05 12    in response to the deficiency.

11:24:06 13              MS. HAWKINS:  For Ms. Carla Richards, same situation like

11:24:09 14    many other firms, our office has just not been able to get in

11:24:15 15    contact with Ms. Richards.  We've sent numerous certified letters,

11:24:16 16    we even tried reaching out to her via Facebook, phone calls, and we

11:24:20 17    just have been unsuccessful.

11:24:21 18              THE COURT:  The Court finds that counsel has exercised

11:24:24 19    appropriate due diligence in representation of its client, but

11:24:28 20    apparently the plaintiff has failed to meet her obligations.  This

11:24:31 21    matter is dismissed with prejudice.

11:24:33 22              MS. HAWKINS:  Thank you, your Honor.

11:24:34 23              MS. BRILLEAUX:  Thank you, your Honor.  The next case is

11:24:37 24    Vivian Baker for Fernelius Simon, PLLC.  This was a

11:24:44 25    non-substantially complete PFS deficiency.  This is one in which

11:24:47  1    the plaintiff did submit something after the deadline that cured

11:24:51  2    the deficiency but remained on the list.

11:24:53  3             THE COURT:  Okay.  I think we have someone here.

11:24:57  4             MR. PERDUE:  Hello, your Honor.  Ryan Perdue for

11:24:59  5    plaintiff Vivian Baker, and we did upload dated photographs both

11:25:05  6    before and after on September 13th, 2018.  So we believe that the

11:25:10  7    deficiency has been cured.

11:25:12  8             THE COURT:  Okay.  Did you send an e-mail?

11:25:18  9             MR. PERDUE:  I believe we did, your Honor, but I would

11:25:19 10    have to double check that; and if we have not, then we would be

11:25:22 11    happy to do so.

11:25:23 12             MS. BRILLEAUX:  This isn't one of the ones where we had

11:25:25 13    no idea.  This is just simply one that stayed on the list because

11:25:29 14    it was done after the deadline.  The only cases that we removed

11:25:32 15    from the list were those that were dismissed with prejudice.

11:25:34 16             THE COURT:  Okay.  All right.  I am going to overrule the

11:25:37 17    objection at this time, thank you, the dismissal.

11:25:41 18             MR. PERDUE:  Thank you, your Honor.

11:25:43 19             MS. CALLSEN:  Next plaintiff also represented by

11:25:46 20    Fernelius is Fred, as a personal representative of the estate of

11:25:52 21    Guyann Peterson, and no PFS submitted in this case.

11:25:55 22             MR. PERDUE:  Your Honor, we did have a lot of difficulty

11:25:58 23    getting a hold of Mr. Peterson.  Finally as of Friday of last week

11:26:03 24    we finally were able to reach him.  We worked with him on the

11:26:08 25    plaintiff fact sheets over the last few days, that was filed,

11:26:11  1   uploaded to MDL Centrality yesterday, I brought a copy of it with

11:26:16  2   me to provide to you.  In addition to signed declaration there were

11:26:20  3   signed authorizations --

11:26:21  4       THE COURT:  What's the problem because the case was filed

11:26:23  5   in 2017?  What was the problem, Mr. Perdue?

11:26:26  6       MR. PERDUE:  Your Honor, Mr. Peterson's mother was Guyann

11:26:32  7   Peterson.  She passed away.  According to Mr. Peterson, he became

11:26:36  8   severely depressed and he could not bring himself to deal with this

11:26:43  9   situation, despite our numerous attempts to get a hold of him over

11:26:46 10   the past nine months or so.  And he finally last week, after

11:26:53 11   multiple attempts to reach him, responded to us and provided us the

11:26:59 12   information to complete and upload the fact sheet.

11:27:04 13       MS. CALLSEN:  We would just ask that we continue this

11:27:06 14   until the next time so we can evaluate the PFS to see if it's

11:27:11 15   substantially complete.

11:27:12 16       THE COURT:  We will continue it, thank you.

11:27:13 17       MR. PERDUE:  Thank you, your Honor.

11:27:14 18       THE COURT:  And I think there's another one.

11:27:16 19       MS. BRILLEAUX:  Yes, your Honor.  Briggitte Reed, also

11:27:20 20   represented by Fernelius, this in not substantially complete PFS

11:27:25 21   deficiency for photographs that were not dated.

11:27:27 22       MR. PERDUE:  And I believe, your Honor, that Ms. Reed has

11:27:30 23   actually provided no photographs, just for clarification.  And the

11:27:35 24   reason for that is we have also had difficulty getting a hold of

11:27:40 25   her.  The last time that we communicated with her directly was in

11:27:43  1    March of 2018 when she told us that her cancer had returned.  And

11:27:49  2    we made -- we were not able to speak to her after that.  Multiple

11:27:54  3    attempts to get a hold of her.  We think that we got a good contact

11:27:58  4    number for her last week and spoke to a family member who answered

11:28:02  5    the phone and said she would have Ms. Reed call us back.  We

11:28:05  6    haven't heard from her.  We would ask for another 14 days just to

11:28:09  7    see if Ms. Reed returns our phone call.  But that's where this

11:28:15  8    matter stands.

11:28:17  9          THE COURT:  Okay.  I am going to grant you 14 days and

11:28:21 10    then we'll re-urge it at a time.

11:28:24 11          MR. PERDUE:  Thank you, your Honor.

11:28:26 12          THE COURT:  Only because her cancer re-occurred.

11:28:31 13          MS. CALLSEN:  Next plaintiff is Linda Borland,

11:28:33 14    represented by the Finson Law Firm.  And there's been no PFS

11:28:35 15    submitted whatsoever.

11:28:36 16          THE COURT:  Anyone on the line with the Finson Law Firm?

11:28:41 17          MR. FINSON:  Yes.  Good morning, your Honor.  Lowell

11:28:41 18    Finson for the Finson Law Firm.  I just wanted to let you know that

11:28:46 19    we had circulated a dismissal in this case, and we had not received

11:28:50 20    any response from the 505(b), but the case can be dismissed.

11:28:55 21          THE COURT:  Okay.  The Court's going to dismiss this

11:28:56 22    matter with prejudice, subject to the representations of counsel.

11:29:02 23          MS. BRILLEAUX:  Your Honor, the next one I have is also

11:29:04 24    for Finson, it's Sharon Coulter, another no PFS submitted.

11:29:10 25          MR. FINSON:  Your Honor, Lowell Finson with the Finson

11:29:13 1    Law Firm.  Again, we submitted the dismissals and this can be

11:29:18 2    dismissed.

11:29:18 3         THE COURT:  The Court is going to dismiss this matter

11:29:20 4    with prejudice.

11:29:21 5         MS. BRILLEAUX:  Your Honor, Gayle Poole, also represented

11:29:23 6    by Finson, no PFS submitted.

11:29:27 7         MR. FINSON:  Lowell Finson again.  Same situation, we

11:29:30 8    submitted the dismissals and it can be dismissed with prejudice.

11:29:33 9         THE COURT:  Thank you.  This matter is dismissed with

11:29:36 10   prejudice.

11:29:36 11        MS. BRILLEAUX:  Thank you, your Honor.  The next one that

11:29:37 12   I have is Sharon Jemmott, who is represented by the McGartland Law

11:29:42 13   Firm.  This is a non-substantially complete PFS.  It's one in which

11:29:48 14   the deficiency was attempted to be cured but the photographs

11:29:52 15   submitted were not dated.

11:29:54 16        THE COURT:  Okay.  Is anyone on the line with the

11:29:57 17   McGartland law firm?

11:30:00 18        MS. McGARTLAND:  Yes, your Honor.  The is Lee McGartland

11:30:03 19   for the plaintiff.  Yes, ma'am.  Until yesterday we had been out of

11:30:08 20   contact with Ms. Jemmott.  However, she did contact us yesterday.

11:30:12 21   Apparently she has been back in the hospital undergoing radiation

11:30:16 22   therapy again.  She has given our correspondence to her children to

11:30:21 23   submit the missing photographs and dates, and obviously they did

11:30:25 24   not follow through.  She submitted two before, one current and two

11:30:30 25   after photographs yesterday to us, and we immediately uploaded

11:30:34  1   those to relativity and those have been submitted with dates.  And

11:30:37  2   we have no excuse for the late submission other than, I guess, our

11:30:41  3   client has been out of commission with her current illness.

11:30:45  4           THE COURT:  We will pass this matter.

11:30:46  5           MS. BRILLEAUX:  Thank you, your Honor.  The next one I

11:30:49  6   have is April Lancien, which is McGartland Law Firm.  This is also

11:30:54  7   a not substantially complete PFS deficiency; another timely attempt

11:30:57  8   to cure, but the before photos that were submitted were over ten

11:31:01  9   years over -- or ten years prior to treatment, rather.

11:31:04  10          THE COURT:  Ma'am?

11:31:05  11          MS. McGARTLAND:  Yes, your Honor.  Lee McGartland again

11:31:08  12  for Ms. Lancien.  She is -- has advised that she only has one

11:31:13  13  photograph from before apparently.  Any before photographs that

11:31:17  14  would have existed were in the possession of her mother who is now

11:31:20  15  deceased and all of her possessions were taken over by her sister,

11:31:24  16  and the sister has been totally uncooperative in letting her know

11:31:29  17  whether or not those exist; and if they do, turning them over.  She

11:31:32  18  has submitted the one photograph that's in her possession and that

11:31:36  19  is from 1996 with a treatment date of 2006.

11:31:41  20          THE COURT:  Based upon representations of counsel, we

11:31:44  21  will pass this at this time.

11:31:46  22          MS. CALLSEN:  Thank you, your Honor.  The next plaintiff

11:31:49  23  is Kasheena Porter, also represented by the McGartland Firm.  The

11:31:53  24  PFS is not substantially complete.  There are numerous

11:31:57  25  deficiencies, plaintiffs were notified of those deficiencies and

11:32:00 1  has not responded to the notice issued.  It was issued in January

11:32:05 2  of 2018.

11:32:06 3          THE COURT:  Ms. McGartland.

11:32:09 4          MS. McGARTLAND:  Yes, your Honor.  For Ms. Porter, our

11:32:12 5  last contact with her was earlier this year.  We've attempted

11:32:15 6  numerous contact with her both in writing and by phone and have

11:32:19 7  received no response.  We don't have permission to dismiss, but

11:32:23 8  with no contact with the plaintiff, we have no way to cure her

11:32:26 9  deficiencies.

11:32:27 10         THE COURT:  The Court finds that counsel has exercised

11:32:30 11 appropriate due diligence to maintain contact with the client, but

11:32:33 12 the client has failed to meet her obligations.  This matter is

11:32:37 13 dismissed with prejudice.

11:32:38 14         MS. McGARTLAND:  Thank you, your Honor.

11:32:40 15         MS. BRILLEAUX:  The next plaintiff is Beverly Calhoun,

11:32:44 16 represented by Cutter Law, no PFS submitted.

11:32:46 17         MS. BARRIOS:  Your Honor, Dawn Barrios.  I've been asked

11:32:49 18 to read a statement from Mr. Brooks Cutter, on his numerous cases

11:32:55 19 on here.  The statements are substantially similar, but reflect

11:33:00 20 different dates of correspondence with the plaintiffs.  So if I

11:33:02 21 might just take a moment to read it?

11:33:04 22         THE COURT:  Thank you.

11:33:05 23         MS. BARRIOS:  "Cutter Law has attempted to obtain the

11:33:08 24 Plaintiff Fact Sheet from the client by calling and e-mailing the

11:33:11 25 plaintiff on April 6, 2018; August 10th, 2018; August 14th, 2018;

11:33:17  1   August 28th, 2018.  Likewise, plaintiff was sent a letter on

11:33:23  2   August 14, 2018, in further attempt to obtain a completed Plaintiff

11:33:28  3   Fact Sheet.  Counsel has not received a completed Plaintiff Fact

11:33:32  4   Sheet to date.  Counsel does not know of any defense to defendant's

11:33:36  5   request for dismissal, but respectfully requests her case be

11:33:41  6   dismissed without prejudice at this time.

11:33:42  7            THE COURT:  The Court finds that counsel has exercised

11:33:45  8   appropriate due diligence, but plaintiff has failed to meet her

11:33:49  9   obligations.  This matter is dismissed with prejudice.

11:33:52 10            MS. BRILLEAUX:  Thank you, your Honor.  And then there's

11:33:53 11   a few more from the same firm, and I believe the response is the

11:33:56 12   same based on what Ms. Barrios just said.

11:33:59 13            MS. BARRIOS:  The response is the same but it's different

11:34:02 14   dates of contact.

11:34:03 15            THE COURT:  Okay.

11:34:07 16            MS. BARRIOS:  I can represent to your Honor, quickly,

11:34:09 17   that in the Joyce Davis case there was eight dates; in Martha

11:34:16 18   Ferrill, it was seven dates of contact; Alicia Fowler, seven dates

11:34:28 19   of attempted contact; Judy Galarza, four dates of attempted

11:34:37 20   contact.

11:34:37 21            MS. BRILLEAUX:  And defendants would argue that all of

11:34:40 22   these should be dismissed with prejudice.

11:34:43 23            THE COURT:  I think there's Anita Johnson, is that the

11:34:46 24   same thing?

11:34:46 25            MS. CALLSEN:  There's a couple more.

11:34:46 1          THE COURT:  There are a couple more.

11:34:50 2          MS. CALLSEN:  Anita Johnson and Marianne Sherman, same

11:34:53 3    response?

11:34:54 4          MS. BARRIOS:  It's the same response, your Honor, and for

11:34:58 5    Anita Johnson there were five attempted contacts.

11:35:03 6          THE COURT:  Okay.  The Court is going to dismiss with

11:35:08 7    prejudice the case of Joyce Davis, Martha Ferrill, Alicia Fowler,

11:35:13 8    Judy Galarza, Anita Johnson, and Marianne Sherman.  The Court

11:35:18 9    specifically notes that plaintiff counsel exercised appropriate due

11:35:21 10   diligence in representation of his client, but the obligations by

11:35:24 11   the clients themselves were not met.

11:35:26 12         MS. BARRIOS:  Your Honor, with all due respect, I didn't

11:35:28 13   get to read the dates for the last plaintiff Marianne Sherman just

11:35:32 14   for the record.

11:35:32 15         THE COURT:  Oh, I thought you did, I'm sorry.

11:35:33 16         MS. BARRIOS:  I may have and my memory loss may have

11:35:36 17   kicked in.  But in that case, there were five attempted dates of

11:35:40 18   contact.

11:35:41 19         THE COURT:  Okay.  Thank you.

11:35:43 20         MS. BRILLEAUX:  Your Honor, the next case that I have is

11:35:46 21   Gladys Brown.  She is represented by Zoll & Kranz, and this is no

11:35:51 22   PFS submitted.

11:35:52 23         THE COURT:  Is anyone on the line for Zoll & Kranz?

11:35:57 24         MS. WALL:  Yes, your Honor.  Carasusana Wall fir Zoll &

11:35:58 25   Kranz representing Gladys Brown, and this client has consented to

11:36:01  1   voluntary dismissal with prejudice.  A stipulation has been

11:36:04  2   circulated and was just waiting for consent.

11:36:06  3          THE COURT:  Okay.  This matter is going to be dismissed

11:36:08  4   with prejudice.

11:36:09  5          MS. WALL:  Then, your Honor, we have three other clients

11:36:12  6   with the same situation who have since consented to voluntary

11:36:15  7   dismissal with prejudice?  Would you like to address them together

11:36:18  8   at this time?

11:36:18  9          THE COURT:  Yes, please.

11:36:19 10          MS. WALL:  They are Marilyn Collie, Mary D. Tyler, and

11:36:23 11   then Bessie Walker.

11:36:25 12          THE COURT:  Okay.  Bessie Walker.  Okay.  The Court's

11:36:28 13   going to dismiss Betty Burns with prejudice, Marilyn Collie, Mary

11:36:34 14   Tyler, and Bessie Walker -- wait, Betty Burns, no.

11:36:34 15          MS. WALL:  Betty Burns is not one of them.

11:36:41 16          THE COURT:  I'm sorry.  It should be these dismissed with

11:36:44 17   prejudice based upon representation of counsel is Gladys Brown,

11:36:49 18   Marilyn Collie, Mary D. Tyler, and Bessie Walker.

11:36:54 19          MS. WALL:  Yes, your Honor, thank you.

11:36:56 20          THE COURT:  Thank you.

11:36:57 21          MS. BRILLEAUX:  Your Honor, the next one that we have on

11:36:59 22   the list for Zoll & Kranz is Betty Burns.  This is a

11:37:04 23   nom-substantially complete PFS deficiency for failure to provide

11:37:10 24   proof of injury documents, before photos and after photos.

11:37:16 25          MS. WALL:  Your Honor, for Ms. Burns, she has made

11:37:17 1   diligent attempts to try to find pictures on her own.  Just this

11:37:21 2   week we were put in contact with a relation who purportedly has a

11:37:24 3   number of photos in their possession from the family and is

11:37:28 4   currently searching through those.  Accordingly, we would request

11:37:31 5   30 days to complete that search of photos to see if we can provide

11:37:36 6   anything for Ms. Burns.

11:37:37 7           THE COURT:  The Court's going to grant a 30-day

11:37:40 8   extension.

11:37:42 9           MS. WALL:  Thank you, your Honor.

11:37:44 10          MS. BRILLEAUX:  The next case that I have is Marshell

11:37:47 11  Cook, this is a non-substantially complete PFS deficiency for no

11:37:51 12  before photos and no after photos.

11:37:55 13          MS. WALL:  Your Honor, Ms. Cook has not been compliant

11:37:57 14  with our numerous requests via phone and in writing for the photos,

11:38:00 15  and recent attempts have revealed our contact information is no

11:38:03 16  longer correct, including a disconnected number; so we have no

11:38:08 17  basis to objection for the defendant's request for dismissal.

11:38:11 18          THE COURT:  That matter is going to be dismissed with

11:38:14 19  prejudice.  The Court finds plaintiff's counsel has exercised

11:38:17 20  appropriate due diligence, but the client has failed to meet her

11:38:21 21  obligations.

11:38:22 22          MS. WALL:  Thank you, your Honor.

11:38:24 23          MS. BRILLEAUX:  The next case that I have is Lashon

11:38:25 24  Daniels, it is also Zoll & Kranz.  This is a no response to

11:38:30 25  deficiency notice and not substantially complete PFS deficiency for

11:38:35 1   no before photos and no after photos.

11:38:40 2        MS. WALL:  Your Honor, Ms. Daniels is currently in

11:38:41 3   hospice care and medically unable to comply with the demands of her

11:38:44 4   case.  She also has not authorized prior to her condition any

11:38:48 5   representative to act in her place.  Accordingly, we would request

11:38:51 6   a dismissal without prejudice.

11:38:53 7        MS. BRILLEAUX:  Your Honor, we maintain that it's

11:38:54 8   appropriate to dismiss with prejudice pursuant to PTO 22A.

11:38:58 9        THE COURT:  I am going to dismiss this matter without

11:39:01 10  prejudice.  If this plaintiff is in hospice care, at some point a

11:39:08 11  representative may be maintained.

11:39:10 12       MS. WALL:  Thank you.

11:39:11 13       MS. BRILLEAUX:  The next case that I have is Tangela

11:39:13 14  Lyles.  This is a not substantially complete PFS deficiency,

11:39:17 15  failure to provide before and after photographs.

11:39:21 16       MS. WALL:  And, your Honor, Ms. Lyles has failed to

11:39:24 17  respond to any of our attempts to contact her, including our check

11:39:29 18  of public records, we do not have an address or phone number that

11:39:32 19  works for her; and as such, we do not have a basis to object to the

11:39:35 20  defendant's request.

11:39:36 21       THE COURT:  This matter is dismissed with prejudice.  The

11:39:39 22  Court finds that counsel has exercised appropriate due diligence,

11:39:42 23  but the plaintiff herself has failed to meet her obligations.

11:39:47 24       MS. BRILLEAUX:  The last one I have for Zoll & Kranz is

11:39:48 25  Gwendolyn Redfield-Thomas, this is no PFS submitted.

11:39:52  1          MS. WALL:  Similar, your Honor, Ms. Redfield-Thomas has

11:39:54  2    not responded to more than ten calls and seven letters including

11:39:58  3    certified.  We have not reached any contact with her, and as such

11:40:01  4    we have no basis to object to the defendant's request.

11:40:04  5          THE COURT:  This matter is dismissed with prejudice.  The

11:40:06  6    Court finds that counsel has exercised appropriate due diligence,

11:40:11  7    but plaintiff as not met her personal obligations.

11:40:14  8          MS. CALLSEN:  I was just going to say Mary Tyler, was

11:40:17  9    that one of the ones, Counsel, that you said dismissed with

11:40:20 10    prejudice?

11:40:21 11          MS. WALL:  Yes, ma'am.

11:40:24 12          MS. CALLSEN:  Sorry, I didn't hear that.

11:40:26 13          MS. BRILLEAUX:  Thank you, your Honor.  The next

11:40:28 14    plaintiff that I have is plaintiff Robin Baker, who is represented

11:40:32 15    by Pendley, Baudin & Coffin.  The deficiency is for a not

11:40:38 16    substantially complete PFS, no before photos, and no action taken

11:40:42 17    to cure the deficiency.

11:40:48 18          MS. REYNOLDS:  Hi, good morning, your Honor.  Jessica

11:40:50 19    Perez Reynolds on behalf of Pendley, Baudin & Coffin and Ms. Baker.

11:40:54 20    We have been in contact with Ms. Baker and we've been working very

11:40:58 21    diligently with her to try to identify before photographs that are

11:41:02 22    responsive to the request in the PFS.  At this time she has been

11:41:06 23    unable to provide us with any before photographs that she can apply

11:41:10 24    a date to.  She has indicated that she does suffer from some

11:41:14 25    short-term memory problems that may be impacting her ability to

11:41:18  1    date or locate photographs.  We would ask that the court kindly

11:41:23  2    grant us an extension of time in which to work with her family and

11:41:26  3    hopefully be able to locate some before photos.  She has thoroughly

11:41:31  4    complied with the remainder her of PFS obligations and has

11:41:37  5    submitted quite a few after photos, so I think at this time it

11:41:40  6    would be a little premature to dismiss her case with prejudice as

11:41:43  7    requested.

11:41:46  8            THE COURT:  What I am wondering is what's going to

11:41:58  9    change?  Are you telling me she has none in her possession?

11:42:03  10           MS. REYNOLDS:  I cannot confirm that, that she has no

11:42:05  11   photographs.  She has indicated that she has been looking for

11:42:07  12   photographs but that she is unable to provide us with before

11:42:11  13   photographs at this time.  We have not yet been able to get in

11:42:15  14   contact with any other friends, family, or other extended

11:42:19  15   relatives; but I think that that would be an appropriate course for

11:42:22  16   us to try to follow to see if there is someone within the family or

11:42:27  17   within her friends who may be able to provide us with that

11:42:30  18   information.

11:42:31  19           THE COURT:  Okay.  Ms. Reynolds, I am going to grant you

11:42:34  20   30 days, but that's it.

11:42:36  21           MS. REYNOLDS:  Thank you, your Honor.  Sure.

11:42:38  22           THE COURT:  If she has none, that's one thing.  That's

11:42:41  23   it.  Okay.

11:42:44  24           MS. CALLSEN:  And I have two plaintiffs represented by

11:42:47  25   the same firm, Theresa Benz who has submitted no PFS whatsoever.

11:42:54  1   Do you want to do them altogether?

11:42:57  2        MS. REYNOLDS:  I think we actually have five maybe.

11:43:00  3        MS. CALLSEN:  That have no PFS?  Okay.  Some of them may

11:43:02  4   be sanofi's.  But -- and then I have Judith Blackwell, no PFS;

11:43:04  5   there's a Rica Dabney with no PFS; and Karla Ford with no PFS; and

11:43:13  6   a Linda Gogan with no PFS; Theresa Griffin, no PFS; Catherine

11:43:20  7   Hegidio, no PFS; Lara Hopewell, no PFS; and Sandra Jackson, no PFS.

11:43:29  8        MS. REYNOLDS:  I believe that is accurate, but I am

11:43:31  9   flipping back and forth between two different spreadsheets.  I can

11:43:35 10   address, if it's okay with you, Ms. Callsen, the 505(b)(2)

11:43:39 11   plaintiffs that were placed on your list as having no PFS.  Those

11:43:43 12   would be Ms. Theresa Benz, Judith Blackwell, Linda Gogan, Theresa

11:43:51 13   Griffin, and Catherine Hegidio.  Counsel has made a very diligent

11:43:58 14   effort to contact all of these plaintiffs, including by regular

11:44:01 15   mail, certified mail and multiple contacts or attempt to contact by

11:44:07 16   phone.  Unfortunately we have not been able to get these plaintiffs

11:44:11 17   to be responsive to our request or to complete their PFS.  And

11:44:15 18   unfortunately, we have been unable to obtain a written confirmation

11:44:21 19   allowing us to seek a circulated dismissal on their behalf, so

11:44:26 20   that's why we're here today, your Honor.

11:44:27 21        MS. CALLSEN:  We appreciate the efforts.

11:44:30 22        MS. REYNOLDS:  We do try.

11:44:31 23        THE COURT:  The Court is going to dismiss with prejudice

11:44:34 24   Theresa Benz, Judith Blackwell, Linda Gogan, Theresa Griffin,

11:44:41 25   Catherine Hegidio.  The Court finds specifically that plaintiff's

11:44:45  1   counsel exercised appropriate due diligence in the representation

11:44:48  2   of clients in attempting to have them comply with their

11:44:51  3   obligations, but plaintiffs have failed to respond.

11:44:53  4        MS. CALLSEN:  Thank you.

11:44:54  5        MS. REYNOLDS:  Thank you, your Honor.  And then the

11:44:56  6   remainder that are no PFS I believe would be on sanofi's list.  If

11:45:00  7   I could, first, point out two plaintiffs that I think are in a

11:45:03  8   unique position, that is Ms. Rica Dabney and Melissa Myers.  These

11:45:09  9   are not actually plaintiffs which my firm represents.  We have

11:45:13  10  likewise checked our records and we've never represented them as

11:45:17  11  local counsel.  We did communicate that information to at least I

11:45:21  12  believe Plaintiffs Liaison Counsel, who I must say does a fabulous

11:45:26  13  job trying to get all of this together, along with defense liaison.

11:45:30  14        Our research --

11:45:32  15        MS. STIPKOVITS:  Your Honor, this is Sara Stipkovits with

11:45:36  16  Peterson & Associates, and Rica Dabney and Melissa Myers are

11:45:39  17  represented by Peterson & Associates.  So I am on the phone for

11:45:43  18  them, and it was my understanding that they were put on the wrong

11:45:46  19  list, but I am on the phone for both of those ladies.

11:45:49  20        THE COURT:  Okay.

11:45:54  21        MS. STIPKOVITS:  I don't know if you want to wait to call

11:45:55  22  them up.

11:45:56  23        THE COURT:  Ms. Peterson (VERBATIM), let's just do this

11:45:58  24  really quickly.  There's been no PFS submitted on behalf of Rica

11:46:04  25  Dabney.

11:46:05  1          MS. STIPKOVITS:  Right.  So we have been unable to

11:46:07  2     contact her, she has not responded to our multiple attempts to

11:46:10  3     contact her.

11:46:10  4          THE COURT:  Okay.  And what's the other one is Melissa

11:46:14  5     Myers?

11:46:15  6          MS. STIPKOVITS:  Melissa Myers, yes.

11:46:15  7          THE COURT:  Same thing?

11:46:18  8          MS. STIPKOVITS:  Same instance.  We did get in touch with

11:46:20  9     her this week and she finally called us back, and when I explained

11:46:22 10     what she would need to do to complete the PFS, she said that she

11:46:25 11     had stomach cancer and wasn't interested in completing the

11:46:30 12     Plaintiff Fact Sheet.

11:46:30 13          THE COURT:  Okay.  All right.  The Court's going to

11:46:32 14     dismiss those two cases with prejudice; that is, Rica Dabney and

11:46:37 15     Melissa Myers, after speaking with counsel appears that counsel has

11:46:43 16     exercised appropriate due diligence in representation of the

11:46:46 17     client, but the client has failed to meet her obligations or has

11:46:50 18     indicated an unwillingness to participate.

11:46:55 19          MS. STIPKOVITS:  Thank you so much, your Honor.  I'm

11:46:57 20     sorry about the confusion about those two cases.

11:46:58 21          THE COURT:  No, I appreciate it.  Okay.  Thank you.  I

11:47:01 22     believe we're at No. 68.

11:47:04 23          MS. BRILLEAUX:  We are.  And if it's okay with you, your

11:47:06 24     Honor, I would just like to go through alphabetically because I

11:47:10 25     don't want to miss anything.

11:47:11  1          THE COURT:  I think we're good.

11:47:13  2          MR. BRILLEAUX:  So No. 68, we have Pauline Cherry, who is

11:47:16  3  represented by Pendley, Baudin & Coffin.  This is a

11:47:21  4  non-substantially complete PFS, no before photos and no action

11:47:25  5  taken in response to the PFS deficiency.

11:47:29  6          THE COURT:  Ms. Reynolds.

11:47:32  7          MS. REYNOLDS:  Yes, your Honor.  We have been in contact

11:47:34  8  with the plaintiff Ms. Cherry, and she has recently provided

11:47:37  9  photographs.  Those were very recently provided as of yesterday on

11:47:42  10  9/26/2018.  They are before photographs that she represents are

11:47:47  11  within the time period that I believe the defendants find to be

11:47:50  12  relevant, which are the five years, but she has not given us the

11:47:55  13  exact date.  She was supposed to get back in touch with our office

11:47:58  14  yesterday afternoon.  She may have done that this morning, your

11:48:01  15  Honor, but I have not talked to my staff.  She does have an

11:48:04  16  uploaded before photo, but I believe it does still need a date to

11:48:09  17  be attached to it.

11:48:10  18          THE COURT:  Was it just the before photos that you were

11:48:13  19  missing?

11:48:13  20          MS. BRILLEAUX:  That is what my notes reflect, yes.

11:48:15  21          THE COURT:  I am going to give you seven days to cure any

11:48:19  22  deficiency.

11:48:20  23          MS. REYNOLDS:  Thank you, your Honor.

11:48:22  24          MS. BRILLEAUX:  Your Honor, the next one I have is

11:48:24  25  Jacqueline Davis, which is a no response to deficiency notice and

11:48:28 1    not substantially complete.  Here we have deficiencies with the

11:48:35 2    dates on the before photos and also with properly executed

11:48:40 3    authorizations.

11:48:40 4          MS. REYNOLDS:  Your Honor, this is a little bit of a

11:48:42 5    hybrid problem.  Ms. Davis has, in fact, provided before and after

11:48:47 6    photographs.  I believe the specific deficiency relates to the

11:48:51 7    dates surrounding those photographs.  We have been trying very

11:48:55 8    diligently to get in touch with Ms. Davis.  She has been in the

11:48:58 9    past very cooperative.  She did complete her Plaintiff Fact Sheet

11:49:02 10   and sent back everything that we had asked her to do.  But we have

11:49:08 11   come to learn that her number that she previously gave us for

11:49:12 12   contact is no longer a working service number and the letters that

11:49:16 13   we have been sending to her last known address have been returned

11:49:19 14   to us.

11:49:19 15         We are still actively in the process of trying to see if

11:49:23 16   we can locate where she is.  We do believe she has likely relocated

11:49:26 17   and just has not called our office to provide her updated contact

11:49:31 18   information.  If possible, we would like a short extension, perhaps

11:49:39 19   30 days.

11:49:40 20         THE COURT:  I will give you 30 days.  Thank you.

11:49:47 21         MS. BRILLEAUX:  Your Honor, the next one on my list is

11:49:49 22   Karla J. Ford.  This is failure to submit PFS and no action taken

11:49:54 23   to respond.

11:49:55 24         MS. REYNOLDS:  Ms. Ford has finally given us permission

11:49:59 25   in writing that we may dismiss her case.  We did send over a

11:50:03 1   stipulated dismissal yesterday, but obviously everyone in this

11:50:06 2   hearing has been exceptionally busy, and I understand why that

11:50:09 3   request may not have been responded to.

11:50:09 4            THE COURT:  This matter is dismissed with prejudice.

11:50:11 5            MS. REYNOLDS:  Thank you.

11:50:12 6            MS. BRILLEAUX:  The next one that I have is Sylvia

11:50:15 7   Furbee.  This is a non-substantially complete PFS deficiency.  The

11:50:20 8   before photo was 21 years prior to treatment.

11:50:25 9            MS. REYNOLDS:  I apologize, I am just reviewing my notes.

11:50:28 10  We have been in contact with Ms. Furbee and we're still working

11:50:31 11  with her to try to get before photographs that are within what I

11:50:35 12  believe the defendants deem to be the relevant before time period,

11:50:38 13  in Ms. Furbee's case that would be a photograph from 2004 to 2009.

11:50:44 14  She has in the past provided us with four before photographs, and

11:50:47 15  some of them are old, 1969, a 1981, a 1986 and a 1988.  I don't

11:50:56 16  believe that this is because Ms. Furbee does not want to cooperate,

11:50:59 17  I think she is just struggling a little bit to find us pictures

11:51:03 18  that are closer in the time frame.  So we would ask for some

11:51:06 19  additional time to continue our efforts with her.

11:51:10 20           THE COURT:  Okay.  I'll give you 30 days.

11:51:17 21           MS. BRILLEAUX:  The next one that I have, your Honor, is

11:51:20 22  Cheryl Goeman.  This is not substantially complete PFS deficiency.

11:51:29 23  This was one in which the deficiency remained on the list but there

11:51:34 24  was a cure that occurred after the deadline, and I don't believe we

11:51:39 25  got the e-mail advising of the cure.  We figured that out upon

11:51:43  1    review.

11:51:45  2              MS. REYNOLDS:  I believe that is likely accurate, your

11:51:48  3    Honor.  We have been in touch with Ms. Goeman and her husband, they

11:51:51  4    provided approximately 20 photographs, which have been uploaded to

11:51:56  5    Centrality.

11:51:56  6              THE COURT:  Okay.  We're going to pass this matter.  If

11:51:58  7    there's another problem, bring it up.

11:52:01  8              MS. BRILLEAUX:  Thank you, your Honor.  The next one that

11:52:07  9    I have is Lara Hopewell.  This is a no PFS and no action taken.

11:52:14  10              MS. REYNOLDS:  We have made our diligent efforts by

11:52:17  11    regular, certified mail, and by telephonic means, and we have not

11:52:20  12    been able to procure a PFS or permission to dismiss, your Honor.

11:52:23  13              THE COURT:  Okay.  This Court's -- this matter is

11:52:26  14    dismissed with prejudice.  The Court specifically finds that

11:52:29  15    plaintiff's counsel exercised appropriate due diligence, but

11:52:34  16    plaintiff's failure to maintain contact, she failed to meet her

11:52:38  17    obligations.

11:52:38  18              MS. BRILLEAUX:  Thank you, your Honor.  Next I have

11:52:41  19    Delores Jackson, this is a not substantially complete PFS

11:52:44  20    deficiency for no before photos.

11:52:47  21              MS. REYNOLDS:  We have been working with Ms. Jackson, she

11:52:50  22    did send us I believe it's either one or two before photos.  They

11:52:54  23    are exceptionally blurry, just to be frank with the Court, and my

11:52:57  24    staff informed me that they took it upon themselves to not yet

11:53:01  25    produce those because they thought it would get an automatic

11:53:04 1    deficiency notice due to the quality of the photos, but we are

11:53:09 2    still attempting to work with Ms. Jackson to get some non-blurry

11:53:14 3    compliant before photographs.

11:53:17 4             THE COURT:  The Court's going to grant 30 days.

11:53:22 5             MS. BRILLEAUX:  The next plaintiff I have is Sandra

11:53:24 6    Jackson, this is no PFS.

11:53:26 7             MS. REYNOLDS:  Same situation, contact by regular,

11:53:29 8    certified, and telephonic means, but no PFS and no permission.

11:53:34 9             THE COURT:  Please put your phone on mute.

11:53:36 10            This matter is dismissed with prejudice.  I find counsel

11:53:39 11   has exercised appropriate due diligence.  Plaintiff has failed in

11:53:46 12   her obligations.

11:53:47 13            MS. BRILLEAUX:  The next plaintiff is Sonya Jefferson

11:53:50 14   Sargent.  This is a not substantially complete deficiency for no

11:53:54 15   before photos and no after photos.

11:53:56 16            MS. REYNOLDS:  Your Honor, we have been in contact with

11:53:59 17   Ms. Sargent.  She did provide, I believe, some photos, however, she

11:54:08 18   has not been willing to provide a date for those photographs.  I

11:54:13 19   cannot tell the Court why that is that she does not want to

11:54:16 20   participate in helping to date the photographs, but that's what she

11:54:20 21   has indicated to us and she is growing very weary of dealing with

11:54:25 22   the process.

11:54:25 23            THE COURT:  The Court's going to grant seven days.

11:54:28 24            MS. REYNOLDS:  Very good, your Honor.

11:54:30 25            MS. BRILLEAUX:  Thank you, your Honor.  The next one I

11:54:32 1    have is Freda Monroe Daubert.  This is another not substantially

11:54:39 2    complete PFS deficiency but that was cured after the deadline.  So

11:54:43 3    we've acknowledged that.

11:54:45 4              MS. REYNOLDS:  And that's correct, your Honor.

11:54:48 5              THE COURT:  The request for dismissal is overruled.

11:54:50 6              MS. BRILLEAUX:  Thank you.  The last one that I have is

11:54:54 7    Tammy Straub, no PFS submitted, no action taken.

11:54:58 8              MS. REYNOLDS:  Same circumstance, your Honor, contact by

11:55:01 9    regular mail, certified, and telephonic means with no response, no

11:55:04 10   PFS, and no permission to dismiss.

11:55:06 11             THE COURT:  This matter is dismissed with prejudice.  The

11:55:08 12   Court finds that counsel has exercised appropriate due diligence.

11:55:13 13             What about Sherran Shaver?

11:55:14 14             MS. BRILLEAUX:  Sorry about that one, your Honor, I think

11:55:16 15   I skipped over that one when I was going through the ones that were

11:55:20 16   already dismissed.

11:55:21 17             Sherran Shaver is also no PFS submitted and no action

11:55:23 18   taken.

11:55:23 19             MS. REYNOLDS:  Again, the same circumstance, contact by

11:55:26 20   regular, certified, and telephonic means with no response, no PFS,

11:55:30 21   and no permission granted by the client to dismiss.

11:55:32 22             THE COURT:  This matter is dismissed with prejudice.  The

11:55:34 23   Court finds that counsel has exercised appropriate due diligence.

11:55:42 24   The plaintiff has not met her obligations.

11:55:47 25             MS. REYNOLDS:  Thank you very much, your Honor.

| | | |
|---|---|---|
| 11:55:49 | 1 | THE COURT:  Thank you.  The remainder are all the same |
| 11:55:53 | 2 | law firm.  Can we take a break? |
| 11:55:55 | 3 | MS. CALLSEN:  Sure. |
| 11:56:01 | 4 | THE COURT:  Okay.  Thank you.  Five minutes. |
| 12:03:17 | 5 | (WHEREUPON, A RECESS WAS TAKEN.) |
| 12:03:17 | 6 | (OPEN COURT.) |
| 12:03:17 | 7 | THE COURT:  We're back in session, but I am realizing I |
| 12:03:21 | 8 | believe the only remaining plaintiffs left are represented by |
| 12:03:29 | 9 | Bachus & Schanker; is that correct? |
| 12:03:32 | 10 | MR. ELLIOTT:  Yes. |
| 12:03:32 | 11 | THE COURT:  Is there anyone that is on the line that |
| 12:03:35 | 12 | wishes to remain on the line? |
| 12:03:35 | 13 | MS. BYARD:  Yes, your Honor.  Adrienne Byard for |
| 12:03:49 | 14 | defendant sanofi.  Just listening in to get a sense of things. |
| 12:03:49 | 15 | THE COURT:  Sanofi's counsel wants to stay on the line? |
| 12:03:54 | 16 | MS. BYARD:  Yes, please, your Honor. |
| 12:03:55 | 17 | THE COURT:  Thank you, ma'am.  I was just going to hang |
| 12:03:58 | 18 | up; but if you're here, that's fine. |
| 12:04:00 | 19 | MR. FAUCHEUX:  Faucheux law firm would like to stay on |
| 12:04:00 | 20 | the line. |
| 12:04:00 | 21 | THE COURT:  Which law firm? |
| 12:04:05 | 22 | MR. FAUCHEUX:  Faucheux. |
| 12:04:07 | 23 | THE COURT:  Who do you represent, sir? |
| 12:04:09 | 24 | MR. FAUCHEUX:  Debrah Nash Wilson. |
| 12:04:14 | 25 | THE COURT:  Okay. |

| | | |
|---|---|---|
| 12:04:14 | 1 | MS. BARRIOS: Excuse me, your Honor, they're on next |
| 12:04:17 | 2 | month's show cause order list. I don't know if they think they're |
| 12:04:22 | 3 | going to be called today or if he's just listening. |
| 12:04:24 | 4 | THE COURT: Are you just listening because there are no |
| 12:04:27 | 5 | plaintiffs beyond those represented by Bachus & Schanker that are |
| 12:04:31 | 6 | going to be dealt with today. If you want to listen, that's fine. |
| 12:04:34 | 7 | But if you're waiting to be called, you're next month. |
| 12:04:41 | 8 | MR. FAUCHEUX: Okay. Thank you, your Honor. We had on |
| 12:04:43 | 9 | the list one deficiency and we are attempting to correct that |
| 12:04:48 | 10 | through a medical health provider. |
| 12:04:51 | 11 | THE COURT: Okay. But that's not for this month. |
| 12:04:55 | 12 | MR. FAUCHEUX: Okay. |
| 12:04:56 | 13 | THE COURT: Thank you. |
| 12:04:56 | 14 | MR. FAUCHEUX: Thank you, your Honor. We'll get off the |
| 12:04:58 | 15 | line. |
| 12:04:58 | 16 | THE COURT: All right. Is there anyone else that's on |
| 12:05:03 | 17 | the line? Okay. Thank you. Let's go. |
| 12:05:10 | 18 | MS. BRILLEAUX: Your Honor, the first case that I have, |
| 12:05:12 | 19 | and again going forward these are Bachus & Schanker plaintiffs, is |
| 12:05:17 | 20 | Lynette Adams. |
| 12:05:22 | 21 | THE COURT: That's a 505(b)(2). |
| 12:05:24 | 22 | MS. CALLSEN: That's mine. I get to start. Lynette |
| 12:05:27 | 23 | Adams, there's been no PFS submitted whatsoever. |
| 12:05:30 | 24 | MR. ELLIOTT: Your Honor, we've made diligent attempts to |
| 12:05:33 | 25 | contact Ms. Adams. We learned that she passed away and her family |

12:05:36 1    has not been responsive to us to tell us whether they want to

12:05:40 2    pursue a right of survivorship claim.  That's all I have.

12:05:43 3            THE COURT:  This matter is going to be dismissed with

12:05:45 4    prejudice.  I find that plaintiff's counsel has exercised due

12:05:48 5    diligence.

12:05:53 6            MS. BRILLEAUX:  Your Honor, for sanofi we have Maria

12:05:57 7    Andrade, this is a no PFS submitted case.  Our records do reflect

12:06:03 8    that one was uploaded on September 24th, so three days ago.  We

12:06:07 9    have not had a chance to review it for substance yet, your Honor,

12:06:10 10   so we don't know how much of it is complete.

12:06:12 11           THE COURT:  The Court's going to pass that matter.

12:06:16 12           MS. BRILLEAUX:  The next one that I have, your Honor, is

12:06:18 13   Melinda Baker, another no PFS submitted.  One was -- a PFS was

12:06:23 14   uploaded on September 20th, we have reviewed that, and it is

12:06:29 15   70 percent blank; and there is a lot of significant information

12:06:32 16   that's missing, including information about ESI, OB/GYN

12:06:37 17   appointments, mammograms, cancer treatment, chemo prescriber,

12:06:40 18   residency information, injury information, hair loss information,

12:06:44 19   and lab and pharmacy information.  We would submit, your Honor,

12:06:47 20   that even though the deficiency is technically cured, this is

12:06:50 21   somewhat of an end run around the obligation for the PFS -- for the

12:06:54 22   plaintiff to submit the PFS with missing that much information.

12:06:57 23           THE COURT:  Maybe counsel needs to tell me what is on the

12:07:01 24   PFS.

12:07:01 25           MR. ELLIOTT:  My records show we have uploaded the

12:07:04  1   signature page, the HIPAA's, we have uploaded the medical record

12:07:06  2   proof, so there is a meritorious claim here.  There may be sections

12:07:12  3   that Ms. Baker was not able to complete this time, so we would ask

12:07:16  4   for a brief extension to get her to fill out the remaining

12:07:19  5   sections.  But I think at this point we have at least gotten the

12:07:25  6   core stuff in as required by 22.

12:07:27  7           MS. BRILLEAUX:  And, your Honor, we would simply respond

12:07:29  8   that because this case was filed in 2017, if additional time is

12:07:33  9   granted that it be a very short period of time, we would suggest

12:07:37 10   14 days.

12:07:40 11           THE COURT:  Fifteen is just a round number, I'll grant

12:07:43 12   you 15 days to cure those deficiencies.

12:07:49 13           MS. BRILLEAUX:  Thank you, your Honor.  The next case

12:07:54 14   that I have is Maria Barrientes, this is a no PFS submitted claim.

12:08:02 15           MR. ELLIOTT:  Maria is -- actually, she's declined to

12:08:07 16   participate, we just haven't been able to notify defense counsel.

12:08:09 17           THE COURT:  Court's going to dismiss this matter with

12:08:12 18   prejudice.

12:08:13 19           MS. BRILLEAUX:  And, your Honor, I apologize I skipped

12:08:15 20   one of the 505(b)(2) plaintiffs.

12:08:18 21           MS. CALLSEN:  Becky Barclay, again no PFS submitted

12:08:23 22   whatsoever.

12:08:23 23           MR. ELLIOTT:  She no longer wishes to participate either,

12:08:26 24   your Honor.

12:08:26 25           THE COURT:  This matter is dismissed with prejudice.

| | | |
|---|---|---|
| 12:08:29 | 1 | MS. BRILLEAUX:  Your Honor, Alice Beamon, no PFS |
| 12:08:33 | 2 | submitted. |
| 12:08:34 | 3 | MR. ELLIOTT:  Looks like a PFS was filed 4/23 and 9/18 |
| 12:08:55 | 4 | under Alicia Beamon. |
| 12:08:58 | 5 | THE COURT:  Alice Beamon? |
| 12:09:03 | 6 | MR. ELLIOTT:  Hold on a second.  Oh, you know what, this |
| 12:09:07 | 7 | was a duplicate that was filed, your Honor.  One was originally |
| 12:09:09 | 8 | filed Alice Beamon under Docket No. 17-07920, the PFS was filed in |
| 12:09:18 | 9 | the correct case, which is Alicia Beamon, Docket No. 17-08229. |
| 12:09:24 | 10 | Plaintiff asks that her other case, the duplicate case remain open. |
| 12:09:29 | 11 | This was just a clerical mistake. |
| 12:09:34 | 12 | MS. CALLSEN:  Can the duplicate be dismissed? |
| 12:09:37 | 13 | THE COURT:  That's what I'm wondering, should Alice be |
| 12:09:38 | 14 | dismissed and Alicia's case remain open? |
| 12:09:42 | 15 | MR. ELLIOTT:  It's the same person, your Honor, but -- |
| 12:09:43 | 16 | THE COURT:  I understand that but now we have two numbers |
| 12:09:45 | 17 | so I am wondering and I am asking. |
| 12:09:50 | 18 | THE DEPUTY CLERK:  That's correct, Alice is the lower |
| 12:09:53 | 19 | numbered one so that one can be dismissed. |
| 12:09:55 | 20 | THE COURT:  So Alice her name is Alicia? |
| 12:09:57 | 21 | MR. ELLIOTT:  Her name is Alicia, your Honor. |
| 12:09:59 | 22 | THE COURT:  This matter is dismissed. |
| 12:10:01 | 23 | MS. BRILLEAUX:  Thank you, your Honor.  Annette Bellmore |
| 12:10:11 | 24 | is the next plaintiff, and again no PFS was submitted. |
| 12:10:14 | 25 | MR. ELLIOTT:  And we'll represent, your Honor, we did |

12:10:16  1   submit a PFS on September 18th.

12:10:18  2         MS. CALLSEN:  I have absolutely no record of it being

12:10:21  3   submitted.

12:10:22  4         MR. ELLIOTT:  We submitted and we also sent a cure to the

12:10:24  5   cure designated e-mail on September 18th.

12:10:29  6         THE COURT:  Let's pass this matter until we can clear it

12:10:34  7   up.  Thank you.

12:10:35  8         MS. BRILLEAUX:  Your Honor, the next one I have is

12:10:37  9   Deborah Berry, no PFS.

12:10:43 10         MR. ELLIOTT:  We've uploaded the proof of use on this

12:10:51 11   one, your Honor.  It looks like we've made very diligent attempts

12:10:56 12   to reach her to get the PFS, and we have not been able to obtain it

12:11:04 13   at this time.

12:11:04 14         THE COURT:  This matter is dismissed with prejudice.  The

12:11:06 15   Court finds that counsel has exercised due diligence, but plaintiff

12:11:10 16   has failed to meet her obligation.

12:11:13 17         MS. BRILLEAUX:  Thank you, your Honor.  The next one I

12:11:15 18   have is Kim Bloomstrom.  This is another one where the PFS was

12:11:19 19   uploaded on September 19th, so about a week ago; and upon our

12:11:26 20   review, was 60 percent blank with significant information missing.

12:11:31 21         MR. ELLIOTT:  Your Honor, I don't know about these

12:11:33 22   representations of things being 60 percent blank, but I do know

12:11:37 23   we've uploaded a signature page, HIPAA, we uploaded the medical

12:11:39 24   record proof of use that she received the Taxotere.  We've also

12:11:43 25   uploaded the ESI.  Uploaded many photos.  So at least the core

12:11:50 1    things that are required by PTO 22 have been uploaded.  I think

12:11:56 2    this is more perfect for maybe a substantially incomplete objection

12:12:00 3    at the next conference, but --

12:12:03 4         MS. BRILLEAUX:  And, your Honor -- I apologize, I didn't

12:12:05 5    mean to cut you off.  Your Honor, I would just represent the

12:12:08 6    comment -- I would reiterate the comment I made before, which is we

12:12:11 7    agree that this deficiency, the no PFS deficiency, has technically

12:12:15 8    been cured; but again, we feel like this is end run around the PFS

12:12:18 9    completion, it's missing significant information about the injury

12:12:21 10   itself and not just tertiary information.

12:12:25 11        THE COURT:  The Court is going to grant 15 days for you

12:12:29 12   to complete that.

12:12:31 13        MS. BRILLEAUX:  Thank you, your Honor.  The next case

12:12:38 14   is --

12:12:38 15        MS. CALLSEN:  The next case is Dorothy Boyd.  Again, no

12:12:43 16   PFS submitted whatsoever.

12:12:44 17        MR. ELLIOTT:  That's correct, your Honor.  She's declined

12:12:48 18   to participate at this time.

12:12:49 19        THE COURT:  This matter is dismissed with prejudice.  The

12:12:53 20   Court finds that counsel has exercised appropriate due diligence.

12:12:58 21        MS. BRILLEAUX:  Your Honor, the next case is Mary Bracy,

12:13:00 22   no PFS submitted.

12:13:02 23        MR. ELLIOTT:  And the client is deceased.  Family is not

12:13:05 24   responding.

12:13:06 25        THE COURT:  Have you reached out to the family?

12:13:11 1    MR. ELLIOTT:  Yeah, we made diligent attempts, letters,

12:13:13 2 e-mails.

12:13:14 3    THE COURT:  This matter is dismissed with prejudice.  The

12:13:16 4 Court finds that counsel has exercised appropriate due diligence.

12:13:21 5    MS. BRILLEAUX:  Your Honor, the next case is Katherine

12:13:25 6 Bromeling, no PFS submitted -- I'm sorry, this is another one in

12:13:29 7 which the PFS was submitted on September 20th, 60 percent blank, we

12:13:34 8 would ask that counsel be given a short time to cure.

12:13:39 9    MR. ELLIOTT:  I can't -- I don't have the actual PFS in

12:13:43 10 front of me today, your Honor.  I do know all of the core documents

12:13:46 11 are in there --

12:13:46 12    THE COURT:  The Court is going to grant 15 days to

12:13:48 13 complete it.  But I will say this.  What is particularly concerning

12:13:53 14 is lots of last minute Plaintiff Fact Sheets being filed at the

12:13:58 15 11th hour that appear to be what's represented are bare bones, and

12:14:04 16 that's not --

12:14:07 17    MR. ELLIOTT:  Your Honor, I do want to say this on behalf

12:14:10 18 of my law firm that we did file in this litigation, we have near

12:14:15 19 20 percent of the inventory.  We do have some clients,

12:14:17 20 unfortunately, I think it's natural attrition, they're just going

12:14:21 21 to -- so it's not that our firm isn't making diligent efforts to

12:14:26 22 get these things cured in a timely fashion.

12:14:28 23    THE COURT:  I am not saying that.  But at some point.

12:14:33 24    MS. BRILLEAUX:  Thank you, your Honor.  The next case

12:14:35 25 that I have is Tracy Burton-Lewis, no PFS submitted.

12:14:41 1          MR. ELLIOTT:  We made attempts, letters, we've uploaded
12:14:44 2  proof of use, but we have not had any communication from her to
12:14:48 3  file.

12:14:49 4          THE COURT:  This matter is dismissed with prejudice.  The
12:14:50 5  Court finds that counsel has exercised appropriate due diligence.

12:14:56 6          MS. BRILLEAUX:  Thank you, your Honor.  The next one on
12:14:58 7  the list is Laddy Butlers, and we did receive notification that the
12:15:04 8  not substantially complete deficiency was cured on September 18th.

12:15:09 9          THE COURT:  Okay.  So motion for dismissal is overruled.

12:15:17 10         MS. BRILLEAUX:  The next one that I have is Mary Carroll,
12:15:20 11 this is no PFS submitted.

12:15:23 12         MR. ELLIOTT:  Client or plaintiff's counsel has made
12:15:26 13 diligent attempts to reach Ms. Carroll, your Honor.  We haven't had
12:15:29 14 any luck unfortunately.

12:15:30 15         THE COURT:  This matter is dismissed with prejudice.  The
12:15:32 16 Court finds that counsel has exercised appropriate due diligence.

12:15:36 17         MS. CALLSEN:  Mary Carvajal is the next plaintiff, no PFS
12:15:44 18 submitted whatsoever.

12:15:48 19         MR. ELLIOTT:  Your Honor, I think we got mixed up here.
12:15:50 20 What are we on?

12:15:52 21         THE COURT:  No. 100.

12:15:54 22         MR. ELLIOTT:  So we did submit the PFS on this case on
12:15:58 23 the 18th and it was e-mailed to defense counsel on the 21st.

12:16:03 24         MS. CALLSEN:  I have no record of receipt of it.

12:16:06 25         THE COURT:  Let's pass this matter and we can take it up

12:16:09 1    at the next show cause hearing if there's something.

12:16:14 2         MS. BRILLEAUX:  The next case, your Honor, is Hattie

12:16:17 3    Coleman.  This is another PFS that was uploaded on September 24th,

12:16:21 4    so just three days ago.  It was uploaded on the 25th.

12:16:29 5         I would just like to note, your Honor, I know that we've

12:16:32 6    been through some where part of the PFS was submitted and they're

12:16:35 7    given additional time.  Maybe it's more appropriate to be heard at

12:16:38 8    the next hearing, but we have not even had a chance to look and see

12:16:42 9    whether they're complete.

12:16:43 10        THE COURT:  And my thought on those, I am just going to

12:16:46 11   pass those until the next hearing.

12:16:47 12        MS. BRILLEAUX:  Thank you, your Honor.

12:16:50 13        THE COURT:  And if you want to just, Ms. Brilleaux, on

12:16:54 14   those where the PFS has been submitted you haven't looked at it, if

12:16:58 15   you just ask me, we'll pass it until the next hearing and just

12:17:01 16   visit it at that time.

12:17:05 17        MS. BRILLEAUX:  Thank you, your Honor.  I'll make a note

12:17:07 18   of those going forward.

12:17:07 19        THE COURT:  Okay.  Thank you.

12:17:09 20        MR. BRILLEAUX:  The next case that I have, your Honor, is

12:17:11 21   Sheila Cook.  This was another one that was served on

12:17:15 22   September 13th, we have reviewed it.  It is 60 percent blank and

12:17:18 23   missing all injury and hair loss information, as well as

12:17:23 24   information on labs, pharmacies, retailers or insurance, OB/GYN and

12:17:29 25   mammogram.

| | | |
|---|---|---|
| 12:17:29 | 1 | THE COURT:  The Court is going to grant 15 days to cure |
| 12:17:33 | 2 | the deficiency. |
| 12:17:35 | 3 | MS. BRILLEAUX:  The next one I have is Lynne Cudnik, no |
| 12:17:39 | 4 | PFS submitted. |
| 12:17:48 | 5 | MR. ELLIOTT:  We've made diligent attempts, your Honor, |
| 12:17:52 | 6 | and we do not have a PFS for her unfortunately. |
| 12:17:54 | 7 | THE COURT:  This matter is dismissed with prejudice.  The |
| 12:17:56 | 8 | Court finds that plaintiff's counsel was exercised appropriate due |
| 12:18:00 | 9 | diligence in attempting to contact his client. |
| 12:18:05 | 10 | MS. BRILLEAUX:  Thank you, your Honor.  Michele Cullins, |
| 12:18:09 | 11 | no PFS. |
| 12:18:12 | 12 | MR. ELLIOTT:  Client, your Honor, has stage four cancer, |
| 12:18:16 | 13 | no longer wants to participate. |
| 12:18:19 | 14 | THE COURT:  This matter is dismissed with prejudice. |
| 12:18:23 | 15 | MS. CALLSEN:  Next one is Raeann Cully, no PFS submitted |
| 12:18:26 | 16 | whatsoever. |
| 12:18:31 | 17 | MR. ELLIOTT:  Again, your Honor, we have made diligent |
| 12:18:35 | 18 | attempts to reach her, letters, e-mails, even gone to her house, we |
| 12:18:40 | 19 | don't have a PFS. |
| 12:18:40 | 20 | THE COURT:  This matter is dismissed with prejudice.  The |
| 12:18:43 | 21 | Court finds counsel has exercised appropriate due diligence. |
| 12:18:47 | 22 | MS. BRILLEAUX:  Your Honor, Kim Daniel.  This is another |
| 12:18:50 | 23 | one we received the PFS on September 21st, reviewed, and it's 75 |
| 12:18:55 | 24 | percent blank.  We would ask for 15 days for completion. |
| 12:18:58 | 25 | THE COURT:  So ordered. |

12:18:59 1          MS. BRILLEAUX:  Thank you, your Honor.

12:19:01 2          MS. CALLSEN:  The next one is Keshin Dawkins, same

12:19:07 3    situation that Ms. Brilleaux just described, PFS was submitted on

12:19:11 4    the 18th with substantial deficiencies, we would ask for 15 days.

12:19:15 5          THE COURT:  So ordered.

12:19:18 6          MS. BRILLEAUX:  Your Honor, Katherine Drinnon, PFS was

12:19:26 7    submitted on September 17th, 2018.  We've reviewed and there's

12:19:30 8    substantial information missing, we would ask for 15 days.

12:19:33 9          THE COURT:  So ordered.

12:19:34 10         MR. ELLIOTT:  Your Honor, she keeps saying there's

12:19:37 11   60 percent of this incomplete, but we've seen no evidence

12:19:40 12   whatsoever --

12:19:41 13         THE COURT:  Well, I think what this means is you have

12:19:43 14   15 days to get through this and work through it and amend the

12:19:49 15   Plaintiff Fact Sheet to the extent.  And then if it's still, we

12:19:52 16   will take it up as she'll file a substantially complete problem at

12:19:57 17   the next hearing.  But I want you within 15 days to get through

12:20:01 18   this Plaintiff Fact Sheet and make sure that you have done what you

12:20:04 19   need to to amend it.  And if there's no more information to add,

12:20:07 20   I'm sure she will file at that time for the next hearing.

12:20:10 21         MS. BRILLEAUX:  Thank you, your Honor.  Deborah Duncan,

12:20:13 22   no PFS submitted.

12:20:15 23         MR. ELLIOTT:  She no longer wishes to participate, your

12:20:17 24   Honor.

12:20:17 25         THE COURT:  Dismissed with prejudice.

12:20:19 1          MS. BRILLEAUX:  Julia Epperson, no PFS.

12:20:25 2          MR. ELLIOTT:  No longer wants to participate.

12:20:27 3          THE COURT:  This matter is dismissed with prejudice.

12:20:29 4          MS. BRILLEAUX:  Audree Fisher, no PFS.

12:20:32 5          MR. ELLIOTT:  Same.

12:20:33 6          THE COURT:  Dismissed with prejudice.

12:20:40 7          MS. BRILLEAUX:  Amber Flores.  This is another one in

12:20:44 8  which the PFS was submitted on September 17th, we reviewed it,

12:20:48 9  70 percent blank, and request 15 days for them to complete the PFS.

12:20:52 10          THE COURT:  So ordered.

12:20:57 11          MS. BRILLEAUX:  Imogene Ford, no PFS.

12:21:01 12          MR. ELLIOTT:  No longer wishes to participate, your

12:21:05 13  Honor.

12:21:05 14          THE COURT:  Dismissed with prejudice.

12:21:07 15          MS. BRILLEAUX:  Thank you, your Honor.

12:21:08 16          MS. CALLSEN:  Kapreshia Freeman, no PFS submitted

12:21:11 17  whatsoever.

12:21:12 18          MR. ELLIOTT:  Client is deceased and family is not

12:21:15 19  returning our calls.

12:21:17 20          THE COURT:  How long -- has it been some time?

12:21:19 21          MR. ELLIOTT:  We actually filed the case back in 2016,

12:21:22 22  your Honor, we've papered the file.

12:21:24 23          THE COURT:  Okay.  We'll dismiss it with prejudice.  The

12:21:26 24  Court finds that plaintiff's counsel has exercised due diligence.

12:21:33 25          MS. BRILLEAUX:  Your Honor, Theresa Fuller, no PFS.

12:21:38  1          MR. ELLIOTT:  We left documents with the family, we've

12:21:44  2    made diligent attempts to reach them, to get them to return the

12:21:48  3    Plaintiff Fact Sheet, but it has not been returned.

12:21:50  4          THE COURT:  Despite plaintiff counsel's exercise of due

12:21:53  5    diligence in representation of his client, the Court finds that

12:21:57  6    plaintiff has failed to meet her obligations.  This matter is

12:22:00  7    dismissed with prejudice.

12:22:02  8          MS. BRILLEAUX:  Your Honor, Diane Gahagen, no PFS

12:22:06  9    submitted.

12:22:07  10          MR. ELLIOTT:  This one she has another attorney, your

12:22:12  11    Honor, the McGartland Law Firm, they've actually filed a Plaintiff

12:22:17  12    Fact Sheet for her under a different case, this is a duplicate; so

12:22:19  13    we would ask the case with the McGartland firm remain active and

12:22:23  14    this one be dismissed.

12:22:25  15          THE COURT:  Erin, do you have that?

12:22:27  16          THE DEPUTY CLERK:  Yes.

12:22:27  17          THE COURT:  This one will be dismissed.

12:22:30  18          MS. BRILLEAUX:  Thank you, your Honor.  Robin Gardner, no

12:22:32  19    PFS submitted.

12:22:34  20          MR. ELLIOTT:  Again, diligent attempts to reach this

12:22:39  21    client, your Honor, and no PFS.

12:22:41  22          THE COURT:  This matter is dismissed with prejudice.  The

12:22:43  23    Court finds that plaintiff's counsel exercised appropriate due

12:22:46  24    diligence but plaintiff has failed to meet her obligations.

12:22:50  25          MS. BRILLEAUX:  Thank you, your Honor.  Gwendolyn

12:22:53 1   Germany, the PFS was submitted on September 19th.  We have reviewed

12:22:56 2   it, determined it to be approximately 80 percent blank, request 15

12:23:00 3   days for plaintiff to complete the fact sheet.

12:23:02 4           THE COURT:  So ordered.

12:23:06 5           MS. BRILLEAUX:  The next case I have is Holley Gibson, no

12:23:09 6   PFS submitted.

12:23:13 7           MR. ELLIOTT:  Our client declines to participate.

12:23:19 8           THE COURT:  Okay.  This matter is dismissed with

12:23:21 9   prejudice.

12:23:24 10          MS. BRILLEAUX:  Linda Gilbert, no PFS submitted.

12:23:28 11          MR. ELLIOTT:  Same, your Honor, client declines to

12:23:31 12  participate.

12:23:31 13          THE COURT:  This matter is dismissed with prejudice.

12:23:33 14          MS. CALLSEN:  Next plaintiff is Lacy Gillum, no PFS

12:23:37 15  submitted.

12:23:37 16          MR. ELLIOTT:  Passed away, family has not been responsive

12:23:42 17  to our attempts to reach them.

12:23:43 18          THE COURT:  This matter is dismissed with prejudice.  The

12:23:46 19  Court finds that plaintiff's counsel has exercised appropriate due

12:23:50 20  diligence.

12:23:53 21          MS. BRILLEAUX:  Thank you, your Honor.  Mary Goodwin, no

12:23:56 22  PFS submitted.

12:23:59 23          MR. ELLIOTT:  That's correct, your Honor.  We have made

12:24:11 24  very diligent attempts to reach her, we've uploaded the proof of

12:24:15 25  use, but she not returned the PFS.

12:24:19   1           THE COURT:  The matter is dismissed with prejudice.  The

12:24:21   2   Court finds that plaintiff's counsel has exercised appropriate due

12:24:23   3   diligence in attempting to reach his client and she has failed to

12:24:27   4   meet her obligations.

12:24:27   5           MS. CALLSEN:  Next plaintiff is Margarita Gray, no PFS

12:24:31   6   submitted.

12:24:33   7           MR. ELLIOTT:  It was actually cured on the 18th, your

12:24:37   8   Honor, and an e-mail sent to counsel of the cure on 9/21.

12:24:42   9           THE COURT:  This matter is going to be passed.

12:24:47   10           MS. CALLSEN:  I would ask for 15 days to examine it --

12:24:51   11   I'm sorry?

12:24:52   12           THE COURT:  I just said you don't even know if it --

12:24:54   13           MS. CALLSEN:  I don't know if it's been submitted, so I

12:24:56   14   would ask for 15 days in order to determine.  I would ask that this

12:24:59   15   be treated like the PFS's that are --

12:25:02   16           THE COURT:  Okay.  I was just going to pass it until the

12:25:04   17   next hearing so that you have an opportunity to look at it.

12:25:08   18           MS. CALLSEN:  Understood, that's fine.  Thank you.

12:25:11   19           THE COURT:  Thank you.

12:25:14   20           MS. BRILLEAUX:  Your Honor, Geraldine Green is the next

12:25:17   21   case on the list.  This is one in which the deficiency was a

12:25:22   22   non-substantially complete PFS for failure to provide before

12:25:25   23   photographs.  That was cured on September 17th, and I think we can

12:25:31   24   pass on that one.

12:25:32   25           THE COURT:  Okay.  So ordered.

12:25:37  1          MS. BRILLEAUX:  Kim Griffin, no PFS submitted.

12:25:51  2          MR. ELLIOTT:  We sent people to her home, we made

12:25:58  3      diligent attempts to reach her, we don't have the Plaintiff Fact

12:26:02  4      Sheet, your Honor.

12:26:02  5          THE COURT:  This matter is dismissed with prejudice.  The

12:26:04  6      Court finds that plaintiff's counsel has exercised appropriate due

12:26:08  7      diligence in representation of his client and she has failed to

12:26:12  8      meet her obligations.

12:26:13  9          MS. BRILLEAUX:  Thank you, your Honor.  Kathryn Guthrie,

12:26:16  10     no PFS submitted.

12:26:18  11         MR. ELLIOTT:  We, again, made diligent attempts to reach

12:26:23  12     her and we do not have it.

12:26:24  13         THE COURT:  This matter is dismissed with prejudice.

12:26:28  14     Plaintiff's counsel has made diligent efforts to contact the

12:26:38  15     plaintiff.

12:26:38  16         MS. BRILLEAUX:  Demelza Gutierrez, no PFS submitted.

12:26:41  17         MR. ELLIOTT:  Same, your Honor.  Counsel has made

12:26:44  18     diligent attempts to reach Ms. Gutierrez.  Looks like she had a

12:26:47  19     P.O. Box, phone was disconnected, we tried a skip trace and locate

12:26:50  20     her, we have not had any attempts to find her, so we have not

12:26:53  21     submitted a PFS.

12:26:54  22         THE COURT:  Okay.  This matter is dismissed with

12:26:56  23     prejudice.  The Court finds that plaintiff's counsel has exercised

12:27:01  24     appropriate due diligence in representation.

12:27:07  25         MS. BRILLEAUX:  Loraine Guzman, no PFS submitted.

12:27:10  1   However, one was uploaded on September 17th, we've reviewed,

12:27:13  2   determined it is 80 percent blank, would request 15 days for them

12:27:17  3   to complete the PFS.

12:27:18  4              THE COURT:  So ordered.

12:27:21  5              MS. BRILLEAUX:  Next I have Charlesetta Harris.  This is

12:27:25  6   a non-substantially complete PFS deficiency, no before and after

12:27:29  7   photographs.

12:27:30  8              MR. ELLIOTT:  Our client has passed away, we have had no

12:27:34  9   response from any family members, we've made diligent attempts to

12:27:38 10   reach them.

12:27:38 11              THE COURT:  This matter is dismissed with prejudice.

12:27:41 12              MS. BRILLEAUX:  Thank you, your Honor.

12:27:42 13              Debra Harris, this is no PFS submitted.  This is one that

12:27:47 14   was uploaded on September 24th, a few days ago, we have not had a

12:27:51 15   chance to substantively review but are fine with passing it until

12:27:56 16   the next hearing.

12:27:57 17              THE COURT:  Let's pass this.

12:27:59 18              MS. BRILLEAUX:  Than you, your Honor.  Donna Hart, no PFS

12:28:00 19   submitted, except one was uploaded on September 19th.  We've

12:28:05 20   reviewed and determined that it's 20 percent blank with blanks for

12:28:10 21   alleged injuries and labs, pharmacy, retailers or insurance.  We

12:28:15 22   would ask for 15 days for them to complete the missing sections.

12:28:20 23              THE COURT:  What's blank?  Twenty percent blank I'm

12:28:24 24   wondering what's --

12:28:24 25              MS. BRILLEAUX:  Correct.  It's not as much information is

12:28:29  1    missing as in the other one, but we would still ask for 15 days to

12:28:33  2    correct what is in the PFS.

12:28:34  3            THE COURT:  This is what I think we ought to do.  I am

12:28:37  4    going to pass this one and I think you need to handle this as not

12:28:44  5    substantially complete if you get to that portion in our next

12:28:47  6    hearing.

12:28:48  7            MS. BRILLEAUX:  Thank you, your Honor.  Amy Hemmens, no

12:28:52  8    PFS submitted.

12:28:54  9            MR. ELLIOTT:  It looks like we have submitted a PFS.

12:29:10 10    Yeah, your Honor, we have the proof of injury, signature page,

12:29:15 11    proof of use, HIPAA's, ESI has been uploaded, and all of the injury

12:29:21 12    photos.  It looks like we have submitted a PFS, at least according

12:29:24 13    to my records.

12:29:24 14            THE COURT:  Let's past this matter and give you an

12:29:27 15    opportunity for sanofi to review.

12:29:29 16            MS. BRILLEAUX:  Your Honor, I would just like to

12:29:30 17    represent for the record we have on our notes that none, no PFS has

12:29:35 18    been uploaded, and unless they can tell us the date it was uploaded

12:29:38 19    so that we can check because I have it that nothing was submitted.

12:29:43 20            MR. ELLIOTT:  Your Honor, this one doesn't actually have

12:29:45 21    the dates, but we have everything in the file so I am not sure why

12:29:50 22    it's not been uploaded, but if we can get 15-day extension to

12:29:55 23    upload the documents.

12:29:55 24            MS. BRILLEAUX:  I would agree to 15 days.

12:29:56 25            THE COURT:  That's fine.  I'll give you a 15-day

12:29:58  1  extension.  My thought was just to pass it and if it was not next

12:30:02  2  time, we would get it.  But I'll give you 15 days.

12:30:05  3        MS. BRILLEAUX:  Thank you, your Honor.  Lynne Herman, no

12:30:08  4  PFS submitted.

12:30:09  5        MR. ELLIOTT:  We've gone to the home, sent e-mails,

12:30:12  6  letters, papered the file, your Honor, we have not received her

12:30:16  7  PFS.

12:30:17  8        THE COURT:  This matter is dismissed with prejudice.  The

12:30:19  9  Court finds that plaintiff's counsel has exercised appropriate due

12:30:23 10  diligence in attempting to reach his client.

12:30:27 11        MS. BRILLEAUX:  Deanna Holman, no PFS submitted.

12:30:31 12        MR. ELLIOTT:  She declines to participate.

12:30:33 13        THE COURT:  This matter is dismissed with prejudice.

12:30:35 14        MS. BRILLEAUX:  Tina Immel, no PFS submitted.

12:30:38 15        MR. ELLIOTT:  Same, declines to participate.

12:30:39 16        THE COURT:  Dismiss this matter with prejudice.

12:30:47 17        MS. BRILLEAUX:  Your Honor, the next one that I have is

12:30:49 18  Beverly Johnson.  This is not substantially complete deficiency for

12:30:53 19  no before and after photographs.

12:30:56 20        MR. ELLIOTT:  We ask for an extension on Ms. Johnson.  We

12:31:03 21  had -- she moved, we didn't have her correct address, we were

12:31:06 22  sending her letters.  We found her, actually, sent people out on

12:31:13 23  9/25.  We actually located her and she wants to participate.  We

12:31:17 24  have uploaded everything else in her case, we would ask for 15-day

12:31:21 25  extension to upload the photos.

12:31:24  1          THE COURT:  I'll give you 15 days for the photos.

12:31:28  2          MS. BRILLEAUX:  Thank you, your Honor.  Mattie Johnson.

12:31:32  3   Not substantially complete deficiency, no before photos uploaded.

12:31:42  4          MR. ELLIOTT:  Doesn't look like she's been able to locate

12:31:45  5   any before photos, your Honor.  She is an elderly woman, she said

12:31:48  6   that she has been trying, she has not found any before photos.  If

12:31:51  7   counsel came across before photos, we would happily upload; but at

12:31:56  8   this time that's her only deficiency, and I don't think she has

12:31:58  9   any.

12:31:58 10          THE COURT:  I think we've addressed this before.  I mean,

12:32:01 11   if she doesn't have any, she doesn't have any, and that's not a

12:32:04 12   deficiency.  Of course I am going to remind counsel that she is

12:32:08 13   under continuing obligation to provide discovery, so in the event

12:32:12 14   they are found they must be uploaded.

12:32:17 15          MS. BARRIOS:  Your Honor, may I just have a moment for

12:32:20 16   plaintiff's counsel because my notes indicate that Plaintiff Fact

12:32:25 17   Sheet was, in fact, uploaded and cured.

12:32:26 18          MR. ELLIOTT:  This is the photos.

12:32:31 19          MS. BARRIOS:  But --

12:32:35 20          MR. ELLIOTT:  Your Honor, according to my notes in the

12:32:37 21   file here, there's no before photos.  If there are and they have

12:32:41 22   been uploaded, then it's been cured so it would be a non-issue.

12:32:45 23          THE COURT:  We will pass this matter.

12:32:47 24          MS. BRILLEAUX:  And, your Honor, I just want to note for

12:32:49 25   the record that there is also no after photos.  So if before photos

12:32:53  1    don't exist, we understand that; but no after photos.

12:32:59  2            THE COURT:  You can get your own after photo.

12:33:01  3            MR. ELLIOTT:  I think we have after photos.  I don't know

12:33:06  4    what you're talking about.  And they're dated, your Honor,

12:33:09  5    4/25/2018, so these have been uploaded.

12:33:13  6            MS. BRILLEAUX:  I apologize, your Honor, that was my

12:33:13  7    error.  I was looking at Beverly Johnson and not Mattie Johnson.  I

12:33:17  8    apologize.

12:33:17  9            THE COURT:  I will just say I think everybody's eyes are

12:33:20 10    crossing.

12:33:22 11            MS. BRILLEAUX:  Trying to get through it as soon as we

12:33:25 12    can.

12:33:26 13            THE COURT:  That's the real problem here, so let's

12:33:29 14    just -- so where are we with Mattie Johnson, are we passing that

12:33:33 15    matter or have we decided that it's --

12:33:33 16            MR. ELLIOTT:  I think we're passing, I don't think she

12:33:35 17    has any before photos is what I've been told.

12:33:38 18            THE COURT:  Well, I believe what I heard was that she

12:33:41 19    represented to you that she did not have any in her possession.

12:33:47 20            MR. ELLIOTT:  Correct, that's what was in my notes, your

12:33:50 21    Honor.

12:33:50 22            THE COURT:  Well, then I will just overrule the objection

12:33:52 23    because you can't produce what she doesn't have.  Now, I will

12:33:57 24    caution you that she's under an obligation to continually amend

12:34:01 25    Plaintiff Fact Sheet if she should find some.

12:34:04  1          MR. ELLIOTT:  Yes, your Honor.

12:34:05  2          THE COURT:  So that one is overruled.

12:34:07  3          MS. BRILLEAUX:  Thank you, your Honor.  Tina Johnson, no

12:34:10  4   PFS submitted.

12:34:12  5          MR. ELLIOTT:  Counsel's made diligent attempts to contact

12:34:15  6   her, we have not received her PFS.

12:34:17  7          THE COURT:  This matter is dismissed with prejudice.  The

12:34:20  8   Court finds that counsel has made diligent efforts to find his

12:34:25  9   client and she has not complied.

12:34:27 10          MS. BRILLEAUX:  Thank you, your Honor.  Gina

12:34:30 11   Johnson-Walker, this is a no PFS submitted deficiency.  PFS was

12:34:34 12   uploaded on September 24th, we haven't had a chance yet to review,

12:34:38 13   so we will pass it.

12:34:40 14          THE COURT:  Pass this matter.

12:34:44 15          MS. CALLSEN:  Next plaintiff is Helen Jones, no PFS

12:34:47 16   submitted.

12:34:48 17          MR. ELLIOTT:  It was cured on 9/21, notification was sent

12:34:51 18   to defense counsel on the same day.

12:34:53 19          THE COURT:  We will pass that matter to give you an

12:34:54 20   opportunity to review it.

12:35:04 21          MS. BRILLEAUX:  Your Honor, Kathy Kubinski, no PFS

12:35:09 22   submitted.

12:35:10 23          MR. ELLIOTT:  Counsel has made diligent attempts to

12:35:12 24   contact Ms. Kubinski to no avail, he have no PFS.

12:35:16 25          THE COURT:  This matter is dismissed with prejudice.  The

12:35:18 1   Court finds that plaintiff's counsel has exercised appropriate due

12:35:21 2   diligence in representation of his client, which she has failed to

12:35:25 3   meet her obligations.

12:35:26 4        MS. BRILLEAUX:  Thank you, your Honor.  Alisia Lane, no

12:35:29 5   PFS submitted.

12:35:31 6        MR. ELLIOTT:  We do not have a PFS, your Honor, we made

12:35:38 7   attempts to get it and no avail.

12:35:41 8        THE COURT:  This matter is dismissed with prejudice.  The

12:35:44 9   Court finds plaintiff's counsel has exercised appropriate due

12:35:48 10  diligence in attempting to locate his client.

12:35:53 11       MS. BRILLEAUX:  Thank you, your Honor.  Debbie Lay, no

12:35:56 12  PFS submitted.

12:35:58 13       MR. ELLIOTT:  Debbie declines to participate.

12:35:59 14       THE COURT:  Dismiss this matter with prejudice.

12:36:06 15       MS. CALLSEN:  Lectrice Lee, no PFS submitted.

12:36:08 16       MR. ELLIOTT:  Client (VERBATIM) has made many attempts to

12:36:12 17  reach Ms. Lee and have not received her PFS.

12:36:14 18       THE COURT:  This matter is dismissed with prejudice, the

12:36:16 19  Court finds that counsel has made appropriate due diligence in

12:36:19 20  attempting to contact his client.

12:36:22 21       MS. BRILLEAUX:  Your Honor, Gladys Leonard, no PFS

12:36:27 22  submitted.

12:36:28 23       MR. ELLIOTT:  Gladys Leonard, again, diligent attempts

12:36:32 24  were made and we have not received a PFS.

12:36:34 25       THE COURT:  This matter is dismissed with prejudice.  The

12:36:36  1   Court finds that counsel has made appropriate attempts to contact

12:36:41  2   his client.

12:36:42  3        MS. BRILLEAUX:  Your Honor, Mercury Liggins.  This is a

12:36:47  4   no PFS deficiency, one was submitted on September 24th, we have not

12:36:53  5   yet had a chance to review, we will agree to pass to the next

12:36:56  6   hearing.

12:36:56  7        THE COURT:  We will pass this.  Thank you.

12:37:00  8        MS. BRILLEAUX:  Rebecca Lindbloom, no PFS submitted.

12:37:03  9        MR. ELLIOTT:  Family has not been responsive.  We learned

12:37:08 10   that Ms. Lindbloom passed away and have not been able to get a PFS.

12:37:14 11        THE COURT:  This matter is dismissed with prejudice.  The

12:37:15 12   Court finds that plaintiff's counsel has exercised appropriate due

12:37:17 13   diligence in attempting to find his client.

12:37:24 14        MS. BRILLEAUX:  Your Honor, Katy -- I'm sorry, Kathie

12:37:27 15   Lomineck, this was a no PFS submitted deficiency, one was uploaded

12:37:31 16   on the 24th, we haven't reviewed, and we will pass until the next

12:37:35 17   hearing.

12:37:36 18        THE COURT:  Thank you.

12:37:40 19        MS. BRILLEAUX:  The next one is Sandra Luke, this was a

12:37:45 20   no PFS submitted, one was uploaded on September 21st, 2018.  There

12:37:54 21   is a percentage blank, but we will agree to deal with the

12:37:57 22   deficiencies at the next hearing, is less than 50 percent.

12:38:03 23        THE COURT:  Thank you.

12:38:04 24        MS. BRILLEAUX:  Terrie Maldonado, no PFS submitted.

12:38:09 25        MR. ELLIOTT:  She's passed away and we have not been able

12:38:14  1    to get any cooperation from anyone, so we don't have a PFS.

12:38:16  2                THE COURT:  The Court is going to dismiss this matter

12:38:18  3    with prejudice.  The Court finds that plaintiff's counsel has

12:38:21  4    exercised appropriate due diligence in attempting to contact the

12:38:29  5    client.

12:38:29  6                MS. BRILLEAUX:  Chandra Marsh, no PFS submitted.

12:38:33  7                MR. ELLIOTT:  Again, diligent attempts were made to reach

12:38:35  8    Ms. Marsh, no PFS.

12:38:37  9                THE COURT:  The Court dismisses this matter with

12:38:39 10    prejudice and finds that plaintiff's counsel has exercised

12:38:42 11    appropriate due diligence and plaintiff has not met her

12:38:46 12    obligations.

12:38:51 13                MS. BRILLEAUX:  Laura McCall, no PFS submitted.

12:38:53 14                MR. ELLIOTT:  Same, your Honor.  Diligent attempts were

12:38:54 15    made by our law firm.

12:38:55 16                THE COURT:  This matter is dismissed with prejudice.  The

12:38:57 17    Court finds that plaintiff's counsel has made diligent efforts to

12:39:07 18    maintain to communicate.

12:39:08 19                MS. BRILLEAUX:  Frances McKnight, no PFS submitted.

12:39:11 20                MR. ELLIOTT:  She declines to participate, your Honor.

12:39:13 21                THE COURT:  This matter is dismissed with prejudice.

12:39:16 22                MS. CALLSEN:  Martha Miller, no PFS submitted.

12:39:19 23                MR. ELLIOTT:  Same, your Honor, declines to participate.

12:39:21 24                THE COURT:  Dismissed with prejudice.

12:39:25 25                MS. BRILLEAUX:  Vesta Miyose, your Honor.  This is a PFS

| | | |
|---|---|---|
| 12:39:33 | 1 | that was 60 percent blank, submitted on September 19th, we would |
| 12:39:38 | 2 | ask for 15 days for them to complete the PFS. |
| 12:39:42 | 3 | THE COURT:  So ordered. |
| 12:39:43 | 4 | MS. BRILLEAUX:  Thank you, your Honor. |
| 12:39:44 | 5 | MR. ELLIOTT:  Your Honor, something -- we got a PFS for |
| 12:39:48 | 6 | Mary Goodwin, and I said that we didn't have one and we dismissed |
| 12:39:52 | 7 | her case.  Sorry. |
| 12:39:54 | 8 | THE COURT:  Let's go back.  This is No. 122, Mary |
| 12:40:06 | 9 | Goodwin. |
| 12:40:23 | 10 | MR. ELLIOTT:  Your Honor, to clarify, we received it, it |
| 12:40:27 | 11 | has not been uploaded but we will upload and ask for 15 days to |
| 12:40:32 | 12 | upload it. |
| 12:40:33 | 13 | THE COURT:  The Court will grant 15 days. |
| 12:40:45 | 14 | MS. BRILLEAUX:  Your Honor, Pamela Montgomery, no PFS |
| 12:40:49 | 15 | submitted. |
| 12:41:05 | 16 | MR. ELLIOTT:  Client does not want to participate. |
| 12:41:07 | 17 | THE COURT:  Dismissed with prejudice. |
| 12:41:09 | 18 | MS. BRILLEAUX:  Kelly Mosher.  This was one that PFS that |
| 12:41:13 | 19 | was uploaded on September 19th, 70 percent blank, would ask for |
| 12:41:17 | 20 | 15 days for completion. |
| 12:41:19 | 21 | THE COURT:  So ordered. |
| 12:41:20 | 22 | MS. BRILLEAUX:  Thank you, your Honor. |
| 12:41:27 | 23 | MR. ELLIOTT:  Did we go over Vesta Miyose? |
| 12:41:31 | 24 | MS. BRILLEAUX:  Yes. |
| 12:41:33 | 25 | THE COURT:  We did?  Yes, 15 days to complete. |

12:41:37  1                MR. ELLIOTT:  Okay.

12:41:38  2                MS. CALLSEN:  Darla Mosley, no PFS submitted.

12:41:46  3                MR. ELLIOTT:  Counsel's made diligent attempts to reach

12:41:48  4      Ms. Mosley, we do not have a PFS.

12:41:50  5                THE COURT:  This matter is dismissed with prejudice.  The

12:41:53  6      Court finds that counsel has made diligent efforts to locate,

12:41:59  7      communicate with his client but she has failed to do so.

12:42:04  8                MS. BRILLEAUX:  Angela Nase, no PFS submitted.  A PFS was

12:42:07  9      uploaded on September 13th, 2018, we've reviewed, 65 percent blank.

12:42:15  10     We would ask for 15 days for counsel to complete, for the plaintiff

12:42:18  11     to complete.

12:42:18  12               THE COURT:  So ordered.

12:42:20  13               MS. BRILLEAUX:  Thank you.  Inez Nelson, no PFS

12:42:29  14     submitted.

12:42:30  15               MR. ELLIOTT:  She is deceased and the family has not

12:42:33  16     responded.

12:42:33  17               THE COURT:  This matter is dismissed with prejudice.  The

12:42:36  18     Court finds that plaintiff's counsel has exercised appropriate due

12:42:40  19     diligence in attempting to communicate with the client.

12:42:43  20               MS. BRILLEAUX:  Lauren Newell, no PFS submitted.

12:42:47  21               MR. ELLIOTT:  Same, your Honor -- actually, this one no

12:42:52  22     longer wants to participate.

12:42:53  23               THE COURT:  It's dismissed with prejudice.

12:42:55  24               MS. BRILLEAUX:  Judith Orton, no PFS submitted is the

12:43:02  25     deficiency.  It was uploaded on September 24th, have not had a

12:43:07   1   chance to review, we will pass.

12:43:10   2            THE COURT:  Pass this.

12:43:11   3            MS. BRILLEAUX:  Chinecia Palmore, no PFS submitted.

12:43:16   4            MR. ELLIOTT:  Client is deceased and we have not made any

12:43:19   5   contact with the family, although we've made diligent efforts to do

12:43:23   6   so.

12:43:23   7            THE COURT:  This matter is dismissed with prejudice.  The

12:43:25   8   Court finds that plaintiff's counsel has exercised appropriate due

12:43:28   9   diligence in attempting to communicate with his client.

12:43:31  10            MS. BRILLEAUX:  Yvette Parson, no PFS submitted.  One was

12:43:36  11   uploaded on September 18th.  We reviewed and found it to be

12:43:39  12   approximately 55 percent blank, would request 15 days for the

12:43:43  13   completion of the PFS.

12:43:44  14            THE COURT:  So ordered.

12:43:46  15            MS. BRILLEAUX:  Lillie Perry, no PFS submitted.

12:43:50  16            MR. ELLIOTT:  No longer wants to pursue the case, your

12:43:55  17   Honor.

12:43:55  18            THE COURT:  Dismissed with prejudice.

12:43:57  19            MS. BRILLEAUX:  Your Honor, Jessica Pery, no PFS

12:44:00  20   submitted, one was uploaded on September 19th, we reviewed,

12:44:05  21   determined it was 55 percent blank, would ask for 15 days.

12:44:10  22            THE COURT:  So ordered.

12:44:12  23            MS. BRILLEAUX:  Tawonna Powell, this is a not

12:44:17  24   substantially complete deficiency for no timely before photos.  The

12:44:22  25   photo submitted was 12 years prior to treatment.

12:44:29  1          MR. ELLIOTT:  Says we cured this on September 2nd.  I

12:44:41  2     have a number of photos here, your Honor.  Let me see.  We uploaded

12:44:54  3     seven, seven photos were uploaded on August 14th of 2018.

12:44:59  4          MS. BRILLEAUX:  Your Honor, the deficiency was for photos

12:45:03  5     that are within five years of treatment.  Are the before photos

12:45:06  6     within five years of treatment?

12:45:08  7          MR. ELLIOTT:  Looks like this one before treatment -- oh,

12:45:16  8     that was -- your Honor, I don't know if -- she may not have the

12:45:27  9     within five years, there is before photos in this packet.

12:45:31 10          THE COURT:  Let's pass this matter and take it up at the

12:45:34 11     next show cause hearing, give you an opportunity to confer.

12:45:40 12          MS. BRILLEAUX:  Thank you, your Honor.  Valerie Rayford,

12:45:43 13     no PFS submitted.

12:45:45 14          MR. ELLIOTT:  Actually we filed the PFS, your Honor,

12:45:49 15     today.  We received it last minute from Ms. Rayford.

12:45:53 16          THE COURT:  Let's pass this and take this up at the next

12:45:57 17     conference if necessary.

12:45:58 18          MS. BRILLEAUX:  Thank you, your Honor.  Linda Rider, no

12:46:01 19     PFS submitted.

12:46:07 20          MR. ELLIOTT:  Does not want to pursue the case any

12:46:11 21     further.

12:46:12 22          THE COURT:  Dismissed with prejudice.

12:46:13 23          MS. BRILLEAUX:  Willie Robertson -- I'm sorry, Willie

12:46:16 24     Robinson, no PFS submitted.

12:46:19 25          MR. ELLIOTT:  Willie Robinson is represented by a Toledo

12:46:22  1 law firm, the case number is 17-13485.  We have no PFS from

12:46:30  2 Ms. Robinson because it's a duplicate case.

12:46:32  3     THE COURT:  We'll dismiss this as a duplicate case.

12:46:36  4     MS. BRILLEAUX:  Thank you, your Honor.  Lillie Rome, this

12:46:38  5 is a not substantially complete deficiency, but my notes reflect

12:46:43  6 that it was cured on September 17th, so we can move on from this

12:46:47  7 one.

12:46:48  8     THE COURT:  Okay.

12:46:50  9     MS. BRILLEAUX:  Marie Sabatini, no PFS submitted.

12:46:56  10     MR. ELLIOTT:  We, unfortunately, it says we had the wrong

12:47:12  11 address, but we tried to get the new address, and we don't have a

12:47:17  12 PFS at this time but we made our diligent efforts to reach her.

12:47:20  13     THE COURT:  This matter is dismissed with prejudice.  The

12:47:22  14 Court finds that plaintiff has failed to maintain contact with

12:47:27  15 counsel.

12:47:29  16     MS. CALLSEN:  Mildred Schmelz, no PFS submitted.

12:47:34  17     MR. ELLIOTT:  She wants us to drop her case.

12:47:37  18     THE COURT:  Dismissed with prejudice.

12:47:38  19     MS. BRILLEAUX:  Theresa Seisan, no PFS submitted.

12:47:47  20     MR. ELLIOTT:  She no longer wishes to participate, your

12:47:50  21 Honor.

12:47:50  22     THE COURT:  Dismissed with prejudice.

12:47:53  23     MS. BRILLEAUX:  Marry Seta, no PFS submitted.

12:47:57  24     MR. ELLIOTT:  Can't find her, your Honor.  We've made

12:48:00  25 diligent attempts to do so.

12:48:02   1         THE COURT:  This matter is dismissed with prejudice.  The

12:48:04   2  Court finds that plaintiff has failed to maintain contact with

12:48:08   3  counsel and despite his diligent efforts could not locate her.

12:48:13   4         MS. BRILLEAUX:  Your Honor, Barbara Shea, this was a not

12:48:17   5  substantially complete deficiency for failure to provide proof of

12:48:20   6  injury.  We do have -- the notes reflect that this was cured on

12:48:25   7  September 16th, so we can move on from this one.

12:48:28   8         THE COURT:  Okay.  Thank you.

12:48:34   9         MS. BRILLEAUX:  Mattie Shoemaker.  This is a not

12:48:38 10  substantially complete deficiency for failure to provide proof of

12:48:42 11  injury documents.  The before photo that we have is from 20 years

12:48:46 12  before treatment.

12:48:47 13         MR. ELLIOTT:  I don't think she has any other photos but

12:48:51 14  what she's provided.  She's provided many photos, we've uploaded --

12:48:57 15         THE COURT:  But none recent?

12:48:58 16         MR. ELLIOTT:  We just don't -- she simply just doesn't

12:49:02 17  have one.

12:49:03 18         THE COURT:  Okay.  The ruling is -- the motion to dismiss

12:49:08 19  is overruled.  I'll remind counsel of the continuing obligation to

12:49:13 20  provide discovery.

12:49:14 21         MS. BRILLEAUX:  Thank you, your Honor.  Reba Simpson, no,

12:49:17 22  PFS submitted.

12:49:18 23         MR. ELLIOTT:  We made many attempts to reach her and she

12:49:21 24  has not returned a PFS.

12:49:23 25         THE COURT:  This matter is dismissed with prejudice.  The

12:49:25  1    Court finds that plaintiff's counsel has exercised due diligence in

12:49:28  2    attempting to contact his client.

12:49:30  3                MS. BRILLEAUX:   Thank you, your Honor.  Addie Smith, the

12:49:32  4    PFS was served on September 19th, we've reviewed, determine that it

12:49:36  5    was 60 percent blank, would ask for 15 days for completion.

12:49:40  6                THE COURT:   So ordered.

12:49:41  7                MS. BRILLEAUX:   Thank you, your Honor.  Antoinette Smith,

12:49:44  8    this is a not substantially complete deficiency.  But we did see

12:49:49  9    that this was cured on September 13th, so we can move on from that

12:49:53 10    one.

12:49:54 11                THE COURT:   Thank you.

12:49:56 12                MS. BRILLEAUX:   Carrie Stark, no PFS submitted.

12:49:59 13                MR. ELLIOTT:   She's not been cooperative, your Honor, we

12:50:08 14    can't get her to return her PFS.

12:50:10 15                THE COURT:   This matter is dismissed with prejudice.  The

12:50:12 16    Court finds that plaintiff's counsel has exercised due diligence in

12:50:17 17    attempting to maintain contact with his client.

12:50:20 18                MS. BRILLEAUX:   Thank you, your Honor.  Tracie Sterling,

12:50:23 19    no PFS submitted.

12:50:24 20                MR. ELLIOTT:   Ms. Sterling has passed away, we have not

12:50:26 21    been able to get the family to cooperate and return a PFS.

12:50:29 22                THE COURT:   This matter is dismissed with prejudice.

12:50:32 23                MS. CALLSEN:   Angela Stratton, no PFS submitted.

12:50:36 24                MR. ELLIOTT:   It was cured on September 21st, 2018.

12:50:40 25                MS. CALLSEN:   We ask that it be passed until the next

12:50:43  1    hearing.

12:50:43  2            THE COURT:  So ordered.

12:50:51  3            MS. BRILLEAUX:  Judy Sublette, no PFS submitted.  We do

12:50:54  4    see that one was uploaded on September 24th, we have not yet had a

12:50:57  5    chance to review it, so we'll pass.

12:50:59  6            THE COURT:  So ordered.

12:51:01  7            MS. BRILLEAUX:  Leslie Sutton, no PFS submitted.

12:51:05  8            MR. ELLIOTT:  We've made diligent attempts, your Honor,

12:51:09  9    to reach Ms. Sutton and she has not returned the PFS.

12:51:13  10           THE COURT:  This matter is dismissed with prejudice.  The

12:51:15  11   Court finds the plaintiff's counsel has exercised due diligence in

12:51:20  12   his attempt to contact his client.

12:51:22  13           MS. CALLSEN:  Gail Taylor, no PFS submitted.

12:51:25  14           MR. ELLIOTT:  Cured on September 18th, one was filed.

12:51:30  15           MS. CALLSEN:  Did you notify counsel because I don't have

12:51:32  16   any record of these cures?

12:51:34  17           MR. ELLIOTT:  This one here you're right, it doesn't

12:51:37  18   appear that we notified you unfortunately, so we will send you the

12:51:41  19   formal notification today.

12:51:43  20           MS. CALLSEN:  Then we ask that it be passed until the

12:51:46  21   next hearing.

12:51:47  22           THE COURT:  So ordered.

12:51:49  23           MS. CALLSEN:  Linda Thomas, no PFS submitted.

12:51:56  24           MR. ELLIOTT:  We made diligent attempts to reach her,

12:51:59  25   unresponsive.

12:52:00  1          THE COURT:  This matter is dismissed with prejudice.  The

12:52:03  2    Court finds that plaintiff's counsel has made -- exercised due

12:52:08  3    diligence in attempting to contact his client.

12:52:11  4          MS. BRILLEAUX:  Your Honor, Lynette Thomas.  This is a

12:52:13  5    not substantially complete deficiency for failure to provide before

12:52:18  6    and after photographs.

12:52:22  7          MR. ELLIOTT:  Ms. Thomas says she lost all of her before

12:52:26  8    photographs in Katrina, the hurricane.  She says no during or six

12:52:31  9    months after photographs were taken either.  We do have the present

12:52:37 10    day after photos uploaded though.

12:52:39 11          THE COURT:  Have those been uploaded, present day?

12:52:42 12          MS. BRILLEAUX:  Do you have the date on which they were

12:52:44 13    uploaded?

12:52:46 14          MR. ELLIOTT:  It says we cured it on 9/2.  Let me give

12:52:51 15    you the date.  Proof of injury photos is 8/31/18.

12:52:57 16          MS. BRILLEAUX:  I see the response on 9/2, but were

12:53:00 17    photographs uploaded?

12:53:02 18          MR. ELLIOTT:  On the 31st and then we sent the notice of

12:53:05 19    cure on the 2nd.

12:53:06 20          THE COURT:  Let's pass this one.

12:53:08 21          MS. BRILLEAUX:  Thank you, your Honor.  Mildred Thornton,

12:53:13 22    no PFS.

12:53:14 23          MR. ELLIOTT:  We've made many attempts to reach

12:53:18 24    Ms. Thornton to no avail.  No PFS has been submitted.

12:53:22 25          THE COURT:  This matter is dismissed with prejudice.  The

12:53:24  1    Court finds that counsel has exercised due diligence in attempting

12:53:29  2    to maintain contact with his client.

12:53:30  3              MS. BRILLEAUX:  Thank you, your Honor.  The next one is

12:53:31  4    Linda Traylor.  This is a not substantially complete deficiency, we

12:53:35  5    do note that the deficiency was cured on September 12th, so we can

12:53:40  6    move on from that one.

12:53:41  7              THE COURT:  Thank you.

12:53:43  8              MS. BRILLEAUX:  Tracy Tucker, no PFS submitted.

12:53:51  9              MR. ELLIOTT:  Many attempts have been made to reach

12:53:52 10    Ms. Tucker and we have not received a PFS.

12:53:55 11              THE COURT:  This matter is dismissed with prejudice.  The

12:53:57 12    Court finds that plaintiff's counsel has made diligent efforts to

12:54:01 13    maintain contact with his client.

12:54:03 14              MS. BRILLEAUX:  Thank you, your Honor.  Danielle

12:54:05 15    Vasile --

12:54:06 16              MR. ELLIOTT:  Wait, hold on.  Is that Unger you said?

12:54:09 17              MS. BRILLEAUX:  No, Tracy Tucker.  The next one is

12:54:12 18    Danielle Vasile, no PFS submitted.

12:54:17 19              MR. ELLIOTT:  We have not got her cooperation, we have

12:54:19 20    not been able to get a PFS returned.

12:54:21 21              THE COURT:  This matter --

12:54:24 22              MR. ELLIOTT:  She is very ill, your Honor, and about to

12:54:25 23    pass away apparently.

12:54:25 24              THE COURT:  Wait.  Ms. Vasile, she's passed away?

12:54:29 25              MR. ELLIOTT:  She is very ill and about to pass away is

12:54:31  1   the notes I have here, but we have not been able to get a PFS from

12:54:36  2   her.  Her original case was filed 12/9/2017, we just haven't been

12:54:42  3   able to get the Plaintiff Fact Sheet back from her.  I mean, we can

12:54:44  4   ask for 30-day extension to try to reach family further to see if

12:54:49  5   they want to pursue a right of survivorship claim if your Honor

12:54:53  6   would allow for that.

12:54:54  7           THE COURT:  Well, has she indicated -- when is the last

12:54:59  8   time?

12:55:00  9           MR. ELLIOTT:  Her family has indicated that she is very

12:55:02 10   ill and about to pass away and that's what I have here.

12:55:08 11           MS. BRILLEAUX:  Your Honor, we would be agreeable to 30

12:55:10 12   days.

12:55:11 13           THE COURT:  Let's pass this until the text time to see.

12:55:16 14           MS. CALLSEN:  Latonya Vivians, no PFS submitted.

12:55:20 15           MR. ELLIOTT:  We've made attempts to reach her to get her

12:55:28 16   PFS, many attempts have been made.  We did upload the proof of use

12:55:32 17   documentation, but she has not returned her PFS.

12:55:34 18           THE COURT:  The Court is going to dismiss this matter

12:55:36 19   with prejudice and finds that plaintiff's counsel has exercised due

12:55:39 20   diligence in attempting to maintain contact with his client.

12:55:43 21           MS. BRILLEAUX:  Annette Volmar, no PFS submitted.

12:55:48 22           MR. ELLIOTT:  We have that it was cured on 9/19 and

12:55:52 23   e-mail notification was sent to counsel on the 21st.

12:55:56 24           MS. BRILLEAUX:  I'm sorry, your Honor, that's correct.

12:55:58 25   This is one where we received it, it was 80 percent blank, we would

12:56:02  1    ask for 15 days.

12:56:03  2            THE COURT:  So ordered.

12:56:07  3            MS. BRILLEAUX:  Lora Wade, no PFS submitted.

12:56:12  4            MR. ELLIOTT:  Client has passed away, we have not had any

12:56:14  5    cooperation from the family to get the PFS back.

12:56:16  6            THE COURT:  This matter is dismissed with prejudice.  The

12:56:19  7    Court finds that plaintiff's counsel has exercised due diligence in

12:56:22  8    attempting to maintain contact with the family.

12:56:25  9            MS. BRILLEAUX:  Kimberlee Watkins.  This is no PFS

12:56:30 10    submitted, it was uploaded on September 24th, have not yet had a

12:56:34 11    chance to review, we will pass until the next hearing.

12:56:38 12            THE COURT:  Pass this matter.

12:56:39 13            MS. BRILLEAUX:  Shawn Wilabay, this was a no PFS

12:56:44 14    submitted deficiency, it was uploaded on September 19th, it is

12:56:49 15    50 percent blank, we would ask for 15 days for the PFS to be

12:56:54 16    completed.

12:56:54 17            THE COURT:  So ordered.

12:56:55 18            MS. BRILLEAUX:  Thank you.  Kimberly Wilkening, no PFS

12:57:03 19    submitted.

12:57:03 20            MR. ELLIOTT:  No longer wants to participate.

12:57:05 21            THE COURT:  Dismissed with prejudice.

12:57:09 22            MS. BRILLEAUX:  Beverly Williams, no PFS submitted.

12:57:12 23            MR. ELLIOTT:  She has another case, Peter Goss in case

12:57:16 24    No. 17-14561.  This is a duplicate which is why we have not filed a

12:57:20 25    PFS.

12:57:21   1          THE COURT:  The Court will dismiss the duplicate.  And

12:57:25   2   last page.

12:57:29   3          MS. CALLSEN:  Cherlynn Williams, no PFS submitted.

12:57:32   4          MR. ELLIOTT:  We've tried to reach her, declines to

12:57:42   5   participate.

12:57:43   6          THE COURT:  Dismissed with prejudice.

12:57:47   7          MS. BRILLEAUX:  Gretchen Williams, no PFS submitted.

12:58:01   8          MR. ELLIOTT:  Diligent attempts have been made, we have

12:58:04   9   not received a PFS, your Honor.

12:58:05  10          THE COURT:  This matter is dismissed with prejudice.  The

12:58:07  11   Court finds that plaintiff's counsel has made diligent efforts to

12:58:12  12   maintain contact with his client.

12:58:13  13          MS. CALLSEN:  Ruby Williams, no PFS submitted.

12:58:16  14          MR. ELLIOTT:  Client has passed away, family is not

12:58:18  15   returning our calls.

12:58:19  16          THE COURT:  This matter is dismissed with prejudice.  The

12:58:21  17   Court finds that plaintiff's counsel has made due diligent efforts

12:58:26  18   to maintain contact with his client.

12:58:34  19          MS. BRILLEAUX:  Jody Wolfe, your Honor, we have this as a

12:58:37  20   no PFS submitted.  We understand that this one is disputed, but our

12:58:41  21   records show that no PFS has been uploaded.

12:58:46  22          MR. ELLIOTT:  This was cured on the 4th of September.

12:58:50  23          THE COURT:  Let's pass this matter and give you all an

12:58:53  24   opportunity to confer.

12:58:59  25          MS. BRILLEAUX:  Thank you, your Honor.  Last one on the

| | | |
|---|---|---|
| 12:59:02 | 1 | call docket.  Gloria Worrell, no PFS submitted.  We recognize it |
| 12:59:07 | 2 | was uploaded on September 24th, haven't had a chance to review, |
| 12:59:10 | 3 | we'll pass. |
| 12:59:12 | 4 | THE COURT:  Pass this.  Anything further? |
| 12:59:15 | 5 | MR. ELLIOTT:  We have three we had to revisit.  We |
| 12:59:42 | 6 | addressed Mary Goodwin already, right? |
| 12:59:48 | 7 | THE DEPUTY CLERK:  That's the one we fixed. |
| 12:59:50 | 8 | THE COURT:  She is No. 122 and I have 15 days to cure any |
| 12:59:54 | 9 | defects. |
| 12:59:59 | 10 | MR. ELLIOTT:  We just located Ms. Johnson.  We had bad |
| 13:00:02 | 11 | information on her address and everything, and we would like a |
| 13:00:05 | 12 | 15-day extension to get her Plaintiff Fact Sheet submitted. |
| 13:00:06 | 13 | THE COURT:  Is that Mary Goodwin? |
| 13:00:07 | 14 | MR. ELLIOTT:  No.  Mary Goodwin, I thought we did that |
| 13:00:12 | 15 | one already. |
| 13:00:13 | 16 | THE COURT:  We did.  And I thought you said -- |
| 13:00:15 | 17 | MR. ELLIOTT:  I'm sorry, we moved on to Tina Johnson. |
| 13:00:19 | 18 | THE COURT:  Tina Johnson, that's 138, we dismissed it |
| 13:00:21 | 19 | with prejudice.  Are you telling me -- |
| 13:00:22 | 20 | MR. ELLIOTT:  We just got a communication that she wants |
| 13:00:25 | 21 | to participate, we had a phone call with her and she is going to |
| 13:00:28 | 22 | submit her PFS. |
| 13:00:28 | 23 | THE COURT:  The court is going to grant 15 days. |
| 13:00:50 | 24 | MR. BACHUS:  We have investigators that are out trying to |
| 13:00:53 | 25 | find these people, so in realtime we are getting this information |

13:00:57 1  with this deadline pending.  And we apologize but that's what's

13:00:59 2  actually happening.

13:01:01 3          MR. ELLIOTT:  Reba Simpson, we located her in a nursing

13:01:04 4  home and so she wishes to participate.

13:01:06 5          THE COURT:  Reba Simpson.

13:01:08 6          MR. ELLIOTT:  Reba Simpson, case 2017-CV-982, 183 on the

13:01:14 7  docket.

13:01:15 8          THE COURT:  The Court's going to grant you, she is in a

13:01:18 9  nursing home, 30 days.

13:01:25 10          MS. BRILLEAUX:  That's all I have, your Honor.

13:01:53 11          THE COURT:  All right.  Court's adjourned.

13:01:56 12          MR. ELLIOTT:  What happened with Mary Carvajal and Mary

13:02:00 13  Carroll?  We think we got the files mixed up on those.

13:02:07 14          THE COURT:  Go back on the record.

13:02:09 15          MR. ELLIOTT:  Sorry.

13:02:09 16          THE COURT:  That's okay.  You mean No. 99 and 100?

13:02:13 17          MR. ELLIOTT:  No, Mary Carroll -- oh, on the docket.

13:02:18 18          MS. CALLSEN:  Mary Carvajal we continued that one because

13:02:21 19  the PFS was submitted 9/18.

13:02:24 20          THE COURT:  Right.  And Mary Carroll was dismissed with

13:02:26 21  prejudice.

13:02:26 22          MR. ELLIOTT:  Okay.  I have notes to the contrary, that a

13:02:29 23  PFS was filed 6/13/18 and then a second amended PFS was filed on

13:02:29 24  7/12/2018.

13:02:35 25          THE COURT:  For Mary Carroll?

13:02:37  1          MR. ELLIOTT:  Yes, that we actually did submit a PFS.

13:02:41  2          MS. BRILLEAUX:  Your Honor, I am just checking quickly.

13:02:44  3          THE COURT:  And that's Mary Carroll not Mary Carvajal?

13:02:48  4          MS. BRILLEAUX:  My records show that absolutely nothing

13:02:50  5   was filed.  No, that's Marilyn, this is Mary.  Your notes are from

13:03:01  6   Marilyn Carroll.

13:03:01  7          THE COURT:  17-10651.

13:03:04  8          MR. ELLIOTT:  I think it's the same person.

13:03:07  9          MS. BRILLEAUX:  That's a different name.

13:03:09 10          THE COURT:  Let's just pass that one and let's see if you

13:03:12 11   all can clear that up.

13:03:16 12          MS. BRILLEAUX:  And Mary Carroll 17-10651, yours is

13:03:21 13   18-2866.

13:03:25 14          MR. ELLIOTT:  Can we just get 15 days to sort that out,

13:03:28 15   your Honor?  She is probably right, but I want to make sure.

13:03:30 16          THE COURT:  Why don't we just pass it until the next

13:03:32 17   hearing and you all confer in the interim.  So we're going to pass

13:03:36 18   that, that is Mary Carroll, it's listed as No. 99 on the call

13:03:41 19   docket and it's 17-10651.

13:03:49 20          MR. ELLIOTT:  We're good.

13:03:52 21          THE COURT:  Thank you.

13:06:47 22        (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

         23

         24                        *  *  *  *  *  *

         25

```
1                          REPORTER'S CERTIFICATE

2

3          I, Karen A. Ibos, CCR, Official Court Reporter, United

4   States District Court, Eastern District of Louisiana, do hereby

5   certify that the foregoing is a true and correct transcript, to the

6   best of my ability and understanding, from the record of the

7   proceedings in the above-entitled and numbered matter.

8

9

10                        /s/ Karen A. Ibos

11                   Karen A. Ibos, CCR, RPR, CRR, RMR

12                   Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25
```