UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO *Gahan v. Sanofi, et al.*, No. 2:16-cv-15283 | |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF KELLY GAHAN'S MOTION FOR RECONSIDERATION

In supplement, Sanofi submits additional evidence of Dr. Gahan, through counsel, instructing third party witnesses "not to release her records" and "encourag[ing]. . . other potential witness[es] to be less than forthcoming in this litigation." *See* Order, at 8 (Rec. Doc. 3917) (referring to similar conduct with the VA and Dr. Weinstein).

Additional information provided by Dr. Amy Gorsline reveals Dr. Gahan and her counsel were in contact with Dr. Gorsline regarding the production of medical records right through the entry of the Court's August 22, 2018, Order. As Sanofi initially discussed in its Opposition, in August 2014, Dr. Gahan instructed Dr. Gorsline not to disclose her full medical records in connection with litigation. *See* Opp. at 8 (Rec. Doc. 4596). This interference continued in 2015, with Dr. Gahan's then-counsel, Mr. Robert Weinberger, who requested Dr. Gorsline provide a summary of Dr. Gahan's treatment rather than a set of medical records. *Id.*; *see also* Opp. Ex. F (filed under seal). Now, despite Dr. Gahan's assurances to the contrary, a recently produced summary of communication between Dr. Gorsline and Dr. Gahan's counsel reveals her instructions continued through 2018, and in fact, overlap with Sanofi's initial Motion for Sanctions.

1

In July 2018, Sanofi filed its Motion for Sanctions against Dr. Gahan for discovery abuse. That same month, the Court heard oral argument. When Sanofi first contacted Dr. Gahan's counsel in August 2018 about difficulties it was having obtaining Dr. Gorsline's records—with the sanctions briefing already pending and *already* having been heard by this Court—Dr. Gahan's counsel <u>assured</u> Sanofi that their client had not contacted Dr. Gorsline about whether or not to release records. *See* Opp. Ex. H, Emails between Scot Kreider and Adrienne L. Byard (Sept. 5, 2018) (Mr. Kreider: "So I'm unclear how Dr. Gahan could possibly have had a conversation with Dr. Gorsline about how to respond to Veritext's records request. . . ."). However, as records later received by Sanofi from Dr. Gorsline reveal, this was not the case.

On August 27, 2018, Dr. Gorsline sent a letter to Dr. Gahan's counsel that outlined her communication with both Dr. Gahan and Dr. Gahan's counsel regarding the production of medical records. Dr. Gorsline stated she had "received multiple requests to release records for this client," and that "they have had varying dates and at times conflicting or confusing information about what is being requested." **Ex. A,** Medical Records of Dr. Amy Gorsline (Doc. 250814) (Defendant Production). Dr. Gorsline's notes reflect not only that Dr. Gahan contacted Dr. Gorsline and told her not to release records in July 2018, but that Dr. Gahan's counsel also contacted Dr. Gorsline with instruction to not release the full set of records to Sanofi in August 2018.

> 7/26/18: Received: A phone message from the client asking me to release all of her records to Veritext and stating her understanding that the releases I had previously received did not cover mental health records. Response: I prepared a new release of information form to appropriately address the client's request and contacted the client. She then asked that I await contact from her attorney prior to releasing anything.

> 8/1/18: **Received:** A call from Jennifer Heck (representing the client) requesting that I send a treatment summary (sent to a previous lawyer on 11/20/15) directly to the client, rather than the entire record as previously discussed. Received a call from the client requesting same via fax. **Response:** I addressed the summary directly to the client and sent it via fax per her request.

**Ex. A,** Medical Records of Dr. Amy Gorsline (Doc. 250814) (Defendant Production).[1]

Going further, Dr. Gorsline's call notes evidence that, rather than clear up any misunderstanding, Dr. Gahan's counsel also left Dr. Gorsline to her own (mistaken) interpretation that her records were not responsive to the existing release:

> psychological, or physical condition at a deposition or trial." **Response:** This client record does not contain psychotherapy notes as I did not take any. My best interpretation of the second paragraph mentioned was that I was still not authorized to release the client's record. I reached out to the client for clarification of what she would like released. She had her attorney contact me. I spoke with Scot Kreider (representing the client) who asked if I would send a copy of this most recent release, which I did after receiving verbal permission from the client. Mr. Kreider mentioned there was a court date on 8/28 to discuss the release of these records and directed me to release whatever information I feel is responsive to the release.

**Ex. A,** Medical Records of Dr. Amy Gorsline (Doc. 250814) (Defendant Production)**.[2]**

In addition, these specific call notes – which reflect correspondence between Dr. Gahan, her counsel and Dr. Gorsline – are noticeably absent in the records produced by Plaintiff to Sanofi

---

[1] Ms. Heck is a non-attorney paralegal in the office of Bachus & Schanker, working under their supervision.

[2] Mr. Kreider's August 20, 2018 call to Dr. Gorsline calls into question whether there was any factual basis for counsel's representation to this Court on August 28, 2018 that the records had been produced to Sanofi or its vendor. *See* Opp. Ex. D, Hr'g Tr. at 16:14-23 (Aug. 28, 2018) ("Schanker: But the bottom line to answer your question is, I believe it's been resolved. Either they have the records or Veritext, which is the company, the middle man, has the records. . . . So the bottom line is, it should be resolved. The records have already been received or should be on their way and be received shortly.'")). Instead, Dr. Gorsline's call notes reflect that Plaintiff's counsel had all but instructed her to delay releasing records until determination from the Court on August 28, 2018.

in response to Plaintiff's subpoena to Dr. Gorsline.  On August 31, 2018, following Plaintiffs' counsel's representation to the Court that Dr. Gorsline's records had been "received or should be on their way," Plaintiff's counsel issued a subpoena to Dr. Gorsline.  *See* **Ex. B**, Email from Jennifer Heck to Harley Ratliff, et al. (Aug. 31, 2018, 2:56 PM).  Confused by this request, Sanofi mirrored Plaintiff's subpoena, and issued its own to Dr. Gorsline on September 4, 2018.

On September 7, 2018, Sanofi sent an email to Plaintiff's counsel regarding the status of Dr. Gorsline's records, and on September 11, 2018, Plaintiff's counsel notified Sanofi that Dr. Gorsline's medical records were uploaded to MDL Centrality and the "upload was everything we received in response to [Plaintiff's] subpoena."  *See* **Ex. B**, Email from Scott Kreider to Adrienne Byard (Sept. 11, 2018); *see also* **Ex. C**, Medical Records of Dr. Amy Gorsline (Doc. 233683 (Plaintiff Production).

On October 10, 2018, Sanofi also received records from Dr. Gorsline in response to its subpoena.  *See* **Ex. A**, Medical Records of Dr. Amy Gorsline (Doc. 250814) (Defendant Production).  Plaintiff's counsel then requested a copy of the documents produced by Dr. Gorsline in response to Sanofi's subpoena. *See* **Ex. B**, Email from Scot Kreider to Kelly Garrity Bieri (Oct. 10, 2018).  Plaintiff's counsel also asked Sanofi to confirm that the records produced in response to Sanofi's subpoena were uploaded to MDL Centrality.  *Id.*  They had been.  Doc. ID. 250814.

However, as has now become unfortunately customary, Sanofi wondered why Dr. Gahan's counsel was inquiring about the documents produced by Dr. Gorsline in response to Sanofi's subpoena, given that Dr. Gorsline had previously responded to Plaintiff's identical subpoena to Dr. Gorsline.  Presumably, the records produced by Dr. Gorsline in response to Sanofi's subpoena <u>would be the same</u> as the records produced by Dr. Gorsline in response to Plaintiff's previously issued subpoena, as Sanofi had copied the substance of Plaintiff's subpoena.  **Ex. C**, Medical

Records of Dr. Amy Gorsline (Plaintiff Production).

They were not.

The records produced by Dr. Gorsline to Sanofi included additional documents than the records Dr. Gorsline produced to Plaintiff. Included in the pages missing from Plaintiff's set were:

1) An updated summary of treatment dated August 1, 2018, from Dr. Gorsline and addressed to Dr. Gahan,

2) An additional treatment session between Dr. Gorsline and Dr. Gahan on June 30, 2014, and

3) Email communication between Dr. Gahan and Dr. Gorsline from 2014.

In addition, Plaintiff failed to upload the August 27, 2018, communication between Dr. Gorsline and Dr. Gahan's counsel regarding the production of records and Dr. Gahan's request that she produce an updated summary of treatment, rather than a full set of medical records.

First, it is possible that Dr. Gorsline produced a different set of records to Plaintiff than to Sanofi, even though Sanofi and Plaintiff sent Dr. Gorsline identical subpoenas. If that were true, however, it means that Dr. Gorsline omitted her August 1, 2018, summary and the additional email communication when responding to Plaintiff's subpoena on September 11, 2018. The plausibility of this explanation is undermined by the fact that Dr. Gorsline addressed the August 1, 2018, Summary to Dr. Gahan's counsel. It is further undermined by the fact that the documents pre-date Dr. Gorsline's production of documents to Plaintiff's subpoena.

The second possibility is that Dr. Gorsline produced both the August 1, 2018, Summary and additional records to Plaintiff in response to her subpoena, but that Plaintiff and/or counsel omitted the August 1, 2018, Summary and additional records before producing them to Sanofi. *But see* **Ex. B**, Email from Scot Kreider to Adrienne L. Byard (Sept. 11, 2018) ("Dr. Gorsline's

5

medical records were uploaded to MDL Centrality today. Our upload was everything we received in response to our subpoena."). Sanofi knows only what Plaintiff uploaded to MDL Centrality from Dr. Gorsline. Sanofi does not know what Dr. Gorsline <u>actually produced</u> to Plaintiff.

What Sanofi does know, however, is that the August 1, 2018, Summary and the August 27, 2018, call notes produced by Dr. Gorsline in response to Sanofi's subpoena evidence additional interference with the release of records and with witnesses by both client and counsel.

Dr. Gahan's actions violate the Court's foundational discovery orders in this MDL, as well as the Court's August 22, 2018, Order. Sanofi therefore respectfully requests that the Court not only deny Dr. Gahan's Motion for Reconsideration, but also award further sanction.

        Respectfully submitted,

        <u>s/ *Douglas J. Moore*</u>
        Douglas J. Moore (Bar No. 27706)
        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        400 Poydras Street, Suite 2700
        New Orleans, LA  70130
        Telephone: 504-310-2100
        Facsimile:  504-310-2120
        dmoore@irwinllc.com

        Harley V. Ratliff
        Adrienne L. Byard
        **SHOOK, HARDY & BACON L.L.P.**
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816-474-6550
        Facsimile:  816-421-5547
        hratliff@shb.com
        abyard@shb.com

        ***Counsel for sanofi-aventis U.S. LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*