UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
**Case No.:** 2:16-cv-15283

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE MOTION SEEKING LEAVE TO FILE REQUEST FOR HEARING OUT OF TIME

Plaintiff Kelly Gahan, by and through her counsel of record, Bachus & Schanker, LLC, submits this Memorandum in Support of her *Ex Parte* Motion Seeking Leave to File Request for Hearing Out of Time, related to Plaintiff's Rule 59 Motion for Reconsideration of Court's Order Granting in Part Sanofi's Motion for Rule 37 Sanctions (Doc. 4596-5 and 4596-6).

Local Rule 78.1 mandates that a party requesting oral argument must submit a separate request for oral argument either contemporaneously with, or within three days of a motion or response. Local Rule 78.2, however, clarifies that the decision with respect to whether grant oral argument is ultimately within the discretion of the trial court. See *Southern U.S. Trade Ass'n v. Guddh*, No. 10-1669, 2012 WL 5199706 at *3 (E.D. La. Oct. 19, 2012) ("district court has borad discretion to consider untimely motions"). Good cause exists for the Court to exercise its discretion in permitting

In this case, Plaintiff filed its Notice of Submission on September 17, 2018, contemporaneously with its Motion for Reconsideration (Doc. 4201-1). Plaintiff's Notice of Submission included a request for Hearing on October 31, 2018. Only today, during an exchange with counsel for Sanofi, did Sanofi express its position that Plaintiff's request for hearing filed with its Notice of Submission Date was only valid with respect to establishing the Submission Date.

1

After reviewing Sanofi's Response – which treads well beyond the very clear legal and factual grounds asserted by Plaintiff – it is clear that oral argument is necessary so that the Court can closely examine counsel with respect to the veracity of the claims in their respective pleadings. Under these circumstances, the Court should exercise its discretion to accept Plaintiff's request for oral argument – which was filed with the Court less than one day late under Rule 78.1.

Furthermore, there is no discernible prejudice to Sanofi in permitting Plaintiff to file her Notice of Oral Argument one day late.

WHEREFORE, Plaintiff Kelly Gahan prays that this *Ex Parte* Motion Seeking Leave to File Request for Hearing Out of Time be granted, and the Court accept the filed Request for Oral Argument, as timely filed pursuant to Local Rule 78.1.

October 18, 2018          Respectfully Submitted,

/s/ Darin L. Schanker
Darin L. Schanker
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker