# Exhibit A

*Maria Boscia*
*vs.*
*Actavis LLC f/k/a Actavis Inc., et al*

## Punitive Damages

1. Plaintiff repeats, reiterates, and re-alleges all preceding paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Plaintiff is entitled to punitive damages, pursuant to state common law or the applicable statutory provision, because Defendant's actions were reckless and with flagrant disregard for the public's safety and welfare. The Defendant knowingly withheld, concealed or misrepresented the risks and dangers of docetaxel and the docetaxel information and warnings, including the risk of developing permanent alopecia, from both the medical community and the public at large, including Plaintiffs, their physicians and pharmacists. Defendant downplayed, understated, and disregarded its knowledge of the serious and permanent side effects associated with the use of docetaxel, including development of permanent alopecia, despite information demonstrating docetaxel was unreasonably dangerous and did so in conscious, flagrant disregard of the risk of serious injury posed to Plaintiffs and by these known misrepresentations and/or omissions.

3. At all times material hereto, Defendant had a duty to exercise reasonable care in the advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, selling, and/or testing docetaxel.

4. The conduct of Defendant in advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, selling, and/or testing docetaxel, and in failing to warn Plaintiff, Plaintiff's physicians, pharmacists and other members of the public of the dangers inherent in the use of docetaxel, which were known to the Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done flagrantly, heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, including Plaintiff.

5. Defendant knew that docetaxel had unreasonably dangerous risks and caused serious side effects of which Plaintiff and her physicians and pharmacists would not be aware. The Defendant nevertheless advertised, analyzed, assembled, compounded, designed, developed, distributed, formulated, inspected, labeled, manufactured, marketed, packaged, produced, promoted, processed, researched, sold, and tested docetaxel knowing that there were safer methods and products available.

6. Defendants' actions were performed flagrantly, willfully, deliberately, intentionally, and with reckless disregard for the rights and safety of Plaintiff and the public and caused substantial physical and financial injury.

7. The conduct of Defendant, undertaken with knowledge, for these purposes, evidences gross negligence and a flagrant, willful, wanton, and conscious disregard for the rights and safety of consumers, including the Plaintiff, and as a direct and proximate result of the Defendants' actions and inactions, Plaintiffs suffered injuries due to Defendants' disregard for Plaintiff's rights and safety, and therefore, Plaintiff is entitled to an award of punitive damages from Defendants.