UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2740

SECTION "H" (5)

JUDGE MILAZZO

THIS DOCUMENT RELATES TO:
*Frances Dennis v. Hospira, Inc., et al.;*
*Civil Action No. 2:17-cv-14615*

MAG. JUDGE MICHAEL B. NORTH

**PLAINTIFF'S MEMORANDUM IN SUPPORT FOR RECONSIDERATION OF
COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR
FAILURE TO COMPLY WITH SHOW CAUSE ORDER**

COMES NOW, Plaintiff Frances Dennis, in the above-referenced civil action, and by and

through her counsel of record hereby files her Memorandum in Support for Reconsideration of

Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show

Cause Order and shows as follows:

I.      **BACKGROUND FACTS**

1.      The Complaint in this matter was filed on December 5, 2017.  The Complaint was

filed in good faith based on Plaintiff's request to file suit on her behalf.

2.      Plaintiff's counsel attempted to contact Plaintiff on multiple occasions to secure a

completed Plaintiff Fact Sheet.  Plaintiff is legally blind which complicates the process of

obtaining a completed fact sheet.  Counsel had offered various options to the client to assist with

completion of the fact sheet and authorizations.[1]

3.      On Tuesday, September 25, 2018, in a final effort to assist her in completing the

fact sheet, counsel hired a courier to deliver the fact sheet to the client and with assistance of

counsel over the phone, to complete and sign the fact sheet so it could be submitted ahead of the

_____

[1] Plaintiff does not have any family that resides in close proximity to the nursing home in which she currently
resides.

1

Show Cause hearing on September 27, 2018.  For reasons not entirely clear to counsel, Plaintiff declined the assistance from the courier.

4.      On September 26, 2018, Jennifer Nolte spoke with Plaintiff again about the need to submit a fact sheet prior to the hearing on September 27, 2018.  During this conversation, Plaintiff told Ms. Nolte that she did not wish to proceed with her case because the process of completing the fact sheet was proving too overwhelming.

5.      Due to circumstances outside of counsel's control, their offices were without power on the day of the hearing.  The power outage began before office hours the morning of September 27, 2018, and power was not restored until late that afternoon.

6.      When counsel returned to their offices following the power outage, they received several telephone messages and a fax from Plaintiff.  Beginning after 5:00pm the night of Wednesday, September 26, 2018, Plaintiff left telephone messages for counsel that appeared to indicate she had changed her mind and wanted to continue with her case.  However, due to the power outage, counsel was unable to retrieve these messages until after the hearing.  Further, sometime after 10:00am EDT on Thursday, September 27, 2018, Plaintiff requested that her podiatrist's staff fax some signature pages from the fact sheet to counsel's office.  Due to the power outage the fax was not received in counsel's office until September 28, 2018.

## II.      ARGUMENT AND AUTHORITIES

7.      Under Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief."  "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser

sanctions are bolstered by the presence of at least one of the aggravating factors.'"  *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982)).  "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant."  *Id.* (citing *Morris v. Ocean Sys. Inc.,* 730 F.2d 248 (5th Cir. 1984)).

8.      "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."  *Berry v. CIGNA/RSI CIGNA, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992)* (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252(5th Cir. 1984)).  "Dismissal of a plaintiff's action with prejudice is 'reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders.'"  *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) ); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).  "'[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious' instead it is the stubborn resistance to authority which justifies a dismissal with prejudice of a claim."  *Magana v. Shore Construction, LLC*, 2018 WL 4252545 (Slip Copy 2018) (quoting *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

9.      It is clear from the circumstances in this case that Plaintiff Frances Dennis is not engaging in contumacious conduct.  She is an elderly woman, living in a nursing home and is legally blind. She does not have family near her nursing home to assist her in completing the fact sheet.  She has been overwhelmed by the process involved in completing the fact sheet and getting it returned to counsel's office.  However, when faced with her case being dismissed with prejudice, she made it clear that she in fact does want to continue to pursue her claims in this matter and will make best efforts to complete her fact sheet and get it submitted to Defendants.  Further, had counsel's office not experienced a power outage, counsel would have been aware of Ms. Dennis' wishes prior to the hearing and would have requested a thirty (30) day extension in which to submit a fact sheet during the show cause hearing.[2]  Such a short delay should not serve to unfairly prejudice Defendants.

### III.     PRAYER

10.     Plaintiff prays that this Court reconsider its order of dismissal and reinstate Ms. Dennis' claim.  Plaintiff further respectfully requests that the Court grant her thirty (30) days following reinstatement of her case to submit her fact sheet.

---

[2] Several such extensions were granted by the Court during the hearing.

Dated:  October 23, 2018                    Respectfully submitted,


                                            **ALLEN & NOLTE, P.L.L.C.**

                                            /s/ Jennifer Nolte
                                            John H. Allen, III, Esq. - Trial/Lead counsel
                                            trey@allennolte.com
                                            Jennifer Nolte, Esq.
                                            jnolte@allennolte.com
                                            3838 Oak Lawn Ave., Suite 1100
                                            Dallas, Texas 75219
                                            (214) 521-2300
                                            (214) 452-5637 (Facsimile)

                                            *Attorneys for Plaintiff*



## CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing has contemporaneously with or before filing

been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) and Local

Rule 5.1 of the Eastern District of Louisiana.


Dated:  October 23, 2018                    **ALLEN & NOLTE, P.L.L.C.**

                                            /s/ Jennifer Nolte
                                            John H. Allen, III, Esq. - Trial/Lead counsel
                                            trey@allennolte.com
                                            Jennifer Nolte, Esq.
                                            jnolte@allennolte.com
                                            3838 Oak Lawn Ave., Suite 1100
                                            Dallas, Texas 75219
                                            (214) 521-2300
                                            (214) 452-5637 (Facsimile)

                                            *Attorneys for Plaintiff*