UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                           MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
**Case No.:** 2:16-cv-15283

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OPPOSED MOTION SEEKING EXTENSION OF TIME TO SUBMIT WRITTEN DISCOVERY RESPONSES

Plaintiff Kelly Gahan, by and through her counsel of record, Bachus & Schanker, LLC, submits this Motion Seeking an Extension of Time to Serve Discovery Responses.  In support of her motion, Plaintiff states as follows:

1. On September 19, 2018, Defendant Sanofi served on Plaintiff Kelly Gahan Written Discovery under Fed. R.Civ. P. 33 (Interrogatories); 34 (Requests for Production); and 36 (Requests for Admission).

2. After Defendant served discovery on September 19, this Court entered an order removing any cases outside the Fifth Circuit from the Trial Pool.  Dr. Gahan's case is one of the cases no longer in the trial pool.  Under these circumstances, a genuine question exists with respect to whether Sanofi's written discovery is even allowable, since she is now subject exclusively to the PFS/PTO 71A process.  Secondly, the removal of Dr. Gahan's case from the Trial Pool excludes it from any pending discovery deadlines related to cases still within the Trial Pool.

3. However, after the Court entered its order granting sanctions against Dr. Gahan, her counsel conferred over several weeks with respect to developing a reasonable process for complying with the Court's order requiring her to produce any "relevant documents" she withheld.  In

1

addition to committing to reviewing and amending her PFS and reviewing her 71A production set (already in excess of 9,000 pages), Dr. Gahan also committed to responding to written discovery in order to comply with the Court's sanctions order.

4. Although Sanofi's written discovery to Dr. Gahan extends far beyond any reasonable scope necessary to comply with the Court's sanctions order, Dr. Gahan is willing to respond to the discovery. But she and her counsel require additional time to respond to Sanofi's far-reaching discovery.

5. Under Federal Rules of Civil Procedure 33(a)(2), 34(b)(2)(A), and 36(a)(3), responses to written discovery must be served within 30 days, but a longer time may be ordered by the Court.

6. As good cause for this extension, Counsel states the following: (1) in the thirty days following Sanofi's discovery requests, Dr. Gahan was out of town for 16 of those days on previously scheduled trips; (2) Dr. Gahan is employed as an emergency room physician working 18+ hour shifts, making it difficult to meet regarding discovery on short notice; and (3) on the two occasions Dr. Gahan was able to meet with counsel, she was working on evaluating her Amended PFS and 71A production materials, as required by the Court's sanctions order; and (4) counsel for Dr. Gahan has been continually engaged in preparing cases that are still part of the Phase I Trial Pool in the face of rapidly approaching deadlines.

7. Despite the fact that Dr. Gahan is no longer a Trial Plaintiff in this district, and therefore there is virtually no chance her case will be tried before 2021, Sanofi objects to Plaintiff request for an extension of time to respond to discovery until November 30, 2018.

8. Under these circumstances, Plaintiff seeks an additional 21 days to serve response to Sanofi's written discovery, until November 9, 2018

9. Plaintiff's counsel certifies that he has conferred with Counsel for Sanofi regarding this requested extension, and that Sanofi opposes any extension of time.

WHEREFORE, Plaintiff Kelly Gahan prays that this Court grant her Opposed Motion Seeking Extension of Time to Submit Written Discovery Responses, until November 9, 2018..

October 29, 2018

Respectfully Submitted,

/s/ Darin L. Schanker
Darin L. Schanker
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker

3