UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                                SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
Case No.:2:16-cv-15283

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO SANOFI'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF KELLY GAHAN'S MOTION FOR RECONSIDERATION

1. Just as it failed to confer with counsel for Dr. Gahan with respect to the new alleged "omissions" in its response brief, so has Sanofi failed to confer with Dr. Gahan's counsel with respect to the conspiratorial accusations against Dr. Gahan's counsel raised in its supplemental memorandum.

2. Sanofi's attempt to construct a narrative that Dr. Gahan has been obstructing discovery for four years is galling.  The "treatment summary" obtained in 2015 was to Robert Weinberger – not Sanofi.  Mr. Weinberger's request for this treatment summary predated this litigation.  Sanofi apparently is contending that Dr. Gahan was obstructing records production to her own attorney for a case that did not exist at the time she did it.  If Dr. Gahan did not want to provide complete treatment notes to her own attorney, before the litigation ever existed, that was her prerogative.

3. The issue with respect to the initial delay in providing Dr. Gorsline's treatment notes in early August, 2018 has already been resolved by Magistrate Judge North.  Counsel for Ms. Gahan uploaded the treatment summary to MDL Centrality, and wrote a letter to Sanofi asserting a privilege that exists for "psychotherapy notes" under Colorado law.  Sanofi, for once,

1

conferred with Dr. Gahan's counsel concerning the applicability of that privilege and whether a party could waive that privilege. After reviewing the legal authority presented by Sanofi, counsel for Dr. Gahan agreed with its position, and communicated with Dr. Gorsline to obtain release of the records to Veritext – although not before Sanofi brought the issue in front of Magistrate Judge North. As Dr. Gorsline noted in her August 27, correspondence, she was concerned about the multiple records requests, and decided her best option was to obtain a court order. Dr. Gahan's subpoena to Dr. Gorsline was an accommodation of that request.

4. Counsel for Dr. Gahan uploaded all of the records he received from Dr. Gorsline to MDL Centrality. (Exhibit 1, Affidavit of Scot C. Kreider).

5. Counsel for Dr. Gahan sent the email to Sanofi specifying that he was uploading all the records received from Dr. Gorsline because it was clear to counsel that the records provided to him in response to Dr. Gahan's subpoena could not be all the documents she possessed. As noted by Sanofi – the records provided to Dr. Gahan's counsel did not include the summary letter she previously drafted (which Dr. Gahan already had and previously disclosed).

6. This is why Dr. Gahan's counsel asked Sanofi to upload to MDL Centrality all of the documents it received from Dr. Gorsline from its subpoena.

7. It is now clear that Dr. Gorsline produced documents to Sanofi that she did not produce to Dr. Gahan's counsel. For example, Dr. Gahan's counsel never received or reviewed Dr. Gorsline's August 27 correspondence prior to Sanofi uploading it to MDL Centrality on October 13, 2018.

8. Dr. Gorsline's chronology of the Veritext's efforts to obtain records is instructive, however. Dr. Gorsline clarifies that Veritext initially sent her an incorrect release for medical records, not authorizing the disclosure of mental health care records or psychological notes. As was the case with respect to Veritext's requests for Dr. Gahan's VA records, it was Veritext's

troubles in sending the proper release that led to the confusion. Dr. Gorsline's chronology is clear that both Dr. Gahan and her counsel did not obstruct Dr. Gorsline from releasing whatever records were responsive to Sanofi's release. Sanofi is attempting to offload the struggles of its medical records retrieval service as "obstruction" by Dr. Gahan.

9. Again, Dr. Gahan's counsel did not withhold any materials he received from Dr. Gorsline. (Exhibit 1). Given that the August 27 correspondence is addressed to both Veritext and Dr. Gahan's counsel, what possible purpose would be served by counsel withholding a letter that was purportedly being sent to both sides, especially since Dr. Gahan's counsel was aware that Sanofi had issued its own subpoena to Dr. Gorsline for her records.

10. Sanofi's supplemental memorandum raises issues that are moot. Magistrate Judge North addressed Sanofi's complaints, and Dr. Gorsline responded to Sanofi's subpoena. Dr. Gorsline's August 27 correspondence demonstrates that no one counselled her to obstruct Sanofi's records requests. As far as either party knows, Dr. Gorsline's complete records have now been provided to Sanofi in response to its subpoena.

October 31, 2018                           Respectfully Submitted,

/s/ *Darin L. Schanker*
Darin L. Schanker
Scot C. Kreider
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net
scot.kreider@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker