# EXHIBIT 1

Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
Case No.:2:16-cv-15283

## AFFIDAVIT OF SCOT C. KREIDER

1. I, Scot C. Kreider, being of lawful age, do hereby swear and aver as follows, under the penalty of perjury.

2. I am an attorney licensed to practice law in the State of Colorado. I am employed by Bachus & Schanker, LLC, who represents Kelly Gahan in the above captioned matter.

3. As part of my duties, I communicated with Dr. Amy Gorsline regarding Veritext's requests for Dr. Gorsline's treatment notes. I had a telephone conversation with Dr. Gorsline on August 24, 2018, to discuss what I understood were problems or objections Dr. Gorsline was having with respect to responding to a request for records from Veritext. At that time, I understood that the initial problem arose from Veritext initially sending a medical records request without authorization to disclose mental health records. During the course of the conversation I came to understand that Veritext had seemingly recently submitted a new authorization seeking disclosure of mental health treatment notes. After this conversation, I was still confused with respect to what releases had been sent to Dr. Gorsline. As a result of that confusion, I emailed Dr. Gorsline to assure her that neither Dr. Gahan or her attorneys were in any way requesting her to withhold any records that were responsive to the releases Veritext provided. (Exhibit A).

1

Exhibit 1

4. Dr. Gorsline subsequently contacted me to let me know that she was uncertain with respect to what records she should provide and would await a court order. In response to that concern, this office propounded a subpoena to Dr. Gorsline on August 31, 2018, and communicated that fact to Sanofi the same day.

5. On September 4, 2015, I received an email from Sanofi's counsel indicating that it had also propounded a subpoena to Dr. Gorsline. This office did not object to Sanofi's duplicative request.

6. On September 6, 2018, this office sent a courier to Dr. Gorsline's office to pick up the records responsive to Dr. Gahan's subpoena. The envelope with those records was delivered to me, and I opened the envelope. The records Dr. Gorsline provided to me in that envelope are the exact records this office subsequently uploaded to MDL Centrality on September 11, 2018. (Exhibit B).

7. I immediately recognized that Dr. Gorsline's documents did not include the written summary of treatment she had previously written to Bob Weinberger, and updated in response to our request in June, 2018. Our office had already uploaded that summary to MDL Centrality on August 9, 2018. I therefore informed Sanofi in no uncertain terms that our September 11, 2018 upload was all of the records I received from Dr. Gorsline, because I was uncertain whether this was a record, or whether there were other records Dr. Gorsline might not have provided, or whether it mattered at all since we had already uploaded the one document I thought was missing. Essentially, in light of the Court's order granting sanctions against Dr. Gahan, my intent was to be exceptionally clear that we were uploading everything we had received. I also asked that Sanofi upload any documents it received from Dr. Gorsline in response to its subpoena, which Sanofi did not do until October 13, 2018.

8. The October 13, 2018 records uploaded by Sanofi (Exhibit C) unequivocally include materials that I did not receive in response to our own subpoena. I emailed Dr. Gorsline to ask whether she provided different records to Veritext than she did to this office. Her response is attached at Exhibit D. It appears Dr. Gorsline prepared her response to Sanofi's subpoena at a different time than when she prepared the documents in response to Dr. Gahan's subpoena. These emails constitute the entirety of our communications with Dr. Gorsline concerning this discrepancy.

9. It is difficult for me to understand why Sanofi believes this office would have withheld any records received from Dr. Gorsline. Even if, hypothetically speaking, we had received the same records Sanofi ultimately received, why would I have withheld records when the August 27 correspondence indicates that she was communicating with both me and Veritext. I never received this August 27 letter in any context – my first sight of it was when I reviewed Sanofi's upload of Dr. Gorsline's records to MDL Centrality. Dr. Gorsline verbally informed me she would need a court order before producing records. I certainly would not have withheld records obtained by subpoena in any event, and it would have been professionally suicidal to do so in the aftermath of this Court's sanctions order on August 22, 2018, and when Sanofi was also requesting/subpoenaing Dr. Gorsline's records.

Further Affiant Sayeth Not

_____
Scot C. Kreider, Esq



3

Exhibit 1