UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Gahan v. Sanofi, et al.*, No. 2:16-cv-15283

---

**OPPOSITION TO PLAINTIFF KELLY GAHAN'S MOTION FOR EXTENSION OF TIME TO COMPLETE WRITTEN DISCOVERY**

---

In her Opposed Motion Seeking Extension of Time to Submit Written Discovery Responses, Plaintiff Kelly Gahan offers the most recent example of her long-outlined refusal to comply with straightforward discovery.  This latest example is also remarkable because Sanofi promulgated written discovery to Dr. Gahan *at her counsel's express request*. Sanofi thought Plaintiff should supplement her existing discovery in response to the Court's August 22, 2018, Order.  Dr. Gahan and counsel insisted that Dr. Gahan had no obligation and would not produce anything additional without separate discovery requests.  Having insisted that Sanofi issue formal written discovery, Dr. Gahan in essence accomplished additional time to comply with the Court's Order.  This was, however, information she was already obligated to disclose under the Plaintiff Fact Sheet.  More than **75 days later**, no substantial progress has been made by Plaintiff to take the Court's Order into account.  She instead suggests that she should be granted more time. She suggests that she might never even be required to comply at all.  This Court should deny any such extension.

1

In summary, Dr. Gahan has been sanctioned for discovery non-compliance, including:

- Verifying four incomplete and inaccurate Plaintiff Fact Sheets, in violation of PTO 22 and PTO 38;
- Failing to disclose, and then withholding key information regarding, Dr. David Weinstein and his treatment of Plaintiff's alleged injury;
- Advising Dr. Weinstein to conceal his treatment of Plaintiff from Sanofi;
- Encouraging other third-party witnesses and record-holders to conceal information from Sanofi; and
- Withholding hundreds of photographs responsive to PTO 22, PTO 38, and PTO 71A.

Following entry of the Court's sanctions Order, Dr. Gahan did not take heed to comply with discovery.  Her actions include:

- Refusing to amend her PFS to include the information that this Court ordered;
- Contacting additional third-party witnesses and record-holders, including Dr. Virginia Borges and Dr. Amy Gorsline, about whether or how to respond to Sanofi;
- Failing to identify the "score" of additional colleagues or researchers with whom she has communicated about Taxotere and hair loss;
- Refusing to supplement Plaintiff's ESI disclosures under PTO 71A; and
- Refusing to provide dates for her Court-ordered deposition.

Dr. Gahan requests even more time to respond to requests which were necessitated only by her refusal to comply with this Court's August 22 Order—which was, in its own right, the product of previous discovery misconduct.  What's more, she suggests—albeit timorously—that she may not even need to comply with the requests at all, since her case is no longer eligible for trial.  In

effect, Dr. Gahan suggests that because her case is not eligible for trial *now*, she need not *ever have* complied with the Court-ordered PFS or this Court's August 22 Order. Compounding this flawed reasoning, Sanofi's written discovery requests are directly addressed to Dr. Gahan's discovery conduct both before and after this Court's August 22, 2018 Order—which Dr. Gahan is currently disputing in her pending Opposed Motion for Reconsideration. Even if Dr. Gahan's is no longer a trial case, the existing discovery ought to be rectified before the case is set to the side for focus on the rest of the pool. To put it mildly, it is important to have these responses "on record" even if this case does not proceed to trial at this point.

Respectfully, Sanofi submits that this Court should reject Plaintiff's request (as much in consideration of the continued disregard for its own Orders that such request manifests), because no good cause has been shown for any extension. For the foregoing reasons, Dr. Gahan's Opposed Motion Seeking Extension of Time to Submit Written Discovery Responses should be **DENIED**.

Respectfully submitted,

s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                                  /s/ *Douglas J. Moore*