# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N"(5) |
| *Frances Dennis v. Hospira Worldwide, LLC, et al.*, Case No. 2:17-cv-14615 | JUDGE JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL B. NORTH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER**

Defendants Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Hospira, Inc. submit this Memorandum in Opposition to Plaintiff's Motion for Reconsideration of this Court's September 27, 2018 Order (Rec. Doc. 4462), which dismissed Plaintiff's case for failure to show cause why Plaintiff's case should not be dismissed with prejudice for failure to comply with Amended Pretrial Order No. 22 (Rec. Doc. 4674).

Defendants respectfully request that the Court deny Plaintiff's motion because Plaintiff did not, and has not, complied with her discovery obligations under this Court's Orders.

## ARGUMENT

Despite clear warnings from the Court that her failure to provide a substantially complete PFS could result in dismissal and many months of notice, Plaintiff failed to submit a PFS or show good cause for not producing the basic but essential information related to her case. Now, Plaintiff seeks to reinstate her case under Federal Rule of Civil Procedure 60(b). Plaintiff's request should be denied.

**a. Background**

On April 14, 2017, this Court entered Amended PTO 22, which sets forth plaintiffs' obligations related to Plaintiff Fact Sheets ("PFS"). (Rec. Doc. 235). Amended PTO 22, which was negotiated and agreed to by the parties, required Ms. Dennis to submit a complete and verified PFS, signed authorization, and any responsive documents, to Defendants within seventy-five (75) days from the date she filed her Complaint on December 5, 2017, or by February 19, 2018. *See* Compl., *Dennis v. Hospira Worldwide, LLC, et al.*, 2:17-cv-14615, Rec. Doc. 1 (E.D. La. Dec. 5, 2017); *see also*, Am. PTO 22 at ¶ 3. All Plaintiffs were put on notice that failure to comply could result in dismissal. *See* Am. PTO 22 at ¶ 5.

Plaintiff failed to submit any PFS or other discovery by her February 2018 deadline and never cured her deficiencies, despite having multiple opportunities to do so. Pursuant to PTO 22A, counsel for Defendants included this case in the Notice of Non-Compliance they provided to Plaintiffs' Liaison Counsel on August 3, 2018. *See* Exhibit A. Ms. Dennis was required by PTO 22A to serve a completed and verified PFS, along with the requisite responsive documents by uploading them to MDL Centrality and confirm compliance by email to counsel by September 4, 2018. Under PTO 22A Paragraph 3, the parties met and conferred and there was no dispute that Plaintiff had not failed to cure the PFS deficiencies within the 30-day period provided by PTO 22A. Consequently, Plaintiff was identified in Defendants' Notice of Non-Compliance that was filed with the Court on September 13, 2018 and subject to the September 27, 2018 Dismissal Call Docket. (Rec. Doc. 4167, Exh. A at #81).

This Court has previously advised that "[i]f the Plaintiff does not comply with Court Orders (including the submission of a completed PFS) as a result of being out of communication with the [Plaintiff], the Court may in its discretion dismiss the Plaintiff's case." PTO 74 ¶ 1(c),

Rec. Doc. 1470 (E.D. La. Jan. 4, 2018). The Court exercised its discretion here and dismissed this case because Plaintiff had not complied with her discovery obligations.[1]

Subsequently, on October 12, 2018, more than two weeks after Show Cause Hearing September 27, 2018, Plaintiff advised Defendant by email that she planned to seek relief from the Court by filing a Motion for Reconsideration. *See* Exhibit B; *see also*, Rec. Doc. 4674-1, ¶¶ 3-6. Plaintiff cites to a litany of events and circumstances that occurred during the few days before the Show Cause Hearing that prevented her from submitting an executed PFS. (Rec. Doc. 4674-1, ¶¶ 3-6). Plaintiff does not, however, provide adequate justification as to why Plaintiff did not submit a PFS during the ten-month period between filing suit and the week of the Show Cause Hearing.

Upon receipt of Plaintiff's October 12 notice, and in the spirit of cooperation, the undersigned counsel for Defendants asked Plaintiff to provide a completed PFS and other required disclosures. *See* Exhibit B. In addition, this office asked that Plaintiff's counsel provide a reason as to why they waited for more than two weeks to advise that Plaintiff intended

---

[1] *See* Transcript from September 27th hearing:

> MS. CALLSEN: The next two plaintiffs are represented by Jackson & Allen. The first one is Frances Dennis, and there's been no PFS submitted whatsoever.
> THE COURT: Is anyone on the line for Jackson & Allen, Jackson, Allen & Williams?
> MS. WILLIAMS: Yes, your Honor. This is Jennifer Williams on behalf of Ms. Dennis for Jackson, Allen & Williams. We've had sort of the same problem as many other people. We have been trying to get a completed fact sheet from our client for about nine months, we've mailed the plaintiff fact sheet to her on four different occasions, spoken with her at least 20 times, most recently sent a courier to try to get a completed fact sheet back from her, at that time she refused the courier. I spoke with her on the phone yesterday, and she has expressed her intent not to proceed in this matter; but barring written consent from her, we do not feel it's appropriate to submit the case for dismissal with prejudice at this time.
> THE COURT: Okay. The Court finds that counsel has exercised appropriate due diligence, but unfortunately this client has failed to exercise her obligations in this lawsuit, the matter is dismissed with prejudice.

(*Id.*, at p. 39, line 24 – p. 40, line 19.)

to pursue her case. *Id.* Plaintiff's counsel did not oblige either request notwithstanding Plaintiff's representations that they had already assisted Plaintiff in completing the PFS and that a faxed copy of Plaintiff's executed Certification was received on September 28th. (Rec. Doc. 4674-1, ¶¶ 3 and 6). To date, now more than five (5) weeks since the Show Cause Hearing, Plaintiff has failed to provide Defendants or the Court with a compliant PFS.

  **b. This Court Properly Dismissed With Prejudice Plaintiff's Case and Plaintiff Failed To Demonstrate She Is Entitled to Relief Under Rule 60(b)**

   **i. Legal Standard**

Plaintiff asserts two bases for relief: (1) "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); and (2) the omnibus clause of Rule 60(b)(6), which permits relief for "any other reason that justifies relief." Relief under Rule 60(b) will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985).[2]

As to subsection (1), "[i]f a party is partly to blame for the delay, relief must be sought … under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). In assessing whether conduct is excusable, the court must take into account several factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on Judicial proceedings; (3) whether the movant acted in good faith; and (4) the reasons for the delay, including whether it was with the reasonable control of the movant. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

---

[2] See also *In re Pettie*, 410 F.3d 189, 191 (5th Cir. 2005)("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy…[and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgements.'").

### ii. Plaintiff failed to show "excusable neglect"

In the instant case, Plaintiff has failed to demonstrate "excusable neglect" for not providing the required discovery by the original deadline in February 2018 or, at a minimum, by the extended deadline of September 4, 2018, after Defendants identified the case for dismissal for non-compliance. Plaintiff provides reasons for why she was unable to file a PFS just prior to the September 27th hearing before this Court, but she does not address her failure to do so during the interim months despite ample notice. It defies logic for Plaintiff now to claim surprise or unfairness, particularly where, as here, the procedures and schedules set forth in the Amended PTO 22 are clearly defined and she was duly notified that her failure to comply would make herself subject to dismissal. Plaintiff had a great deal of time to comply with her PFS obligations but failed to do so.

In addition, the information called for in the PFS is essential to Plaintiff's case and easily produced. Without this information, Plaintiff cannot establish her claim against Defendants. Moreover, Plaintiff's failures substantially prejudiced Defendants in evaluating Plaintiff's claim and unreasonably hampered the defense of this litigation. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1235-37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice … The law also presumes prejudice from unreasonable delay."); *see also In re Guidant Corp. Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867-68) (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice for failure to serve Plaintiff Fact Sheets as required by court order).

Defendants have already been unduly prejudiced by their inability to learn the most basic facts about Plaintiff's claims due to her delays and failures, and would be further prejudiced if this Court were to grant Plaintiff relief.

### iii. No "extraordinary circumstances" exist to justify relief

Plaintiff is solely at fault for failing to submit a substantially complete PFS over the 10 month period since filing suit. *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay"). Even if the Court were to consider subsection (6), Plaintiff cannot demonstrate any "extraordinary circumstances" that warrant relief for their failure to provide a compliant PFS over the many months since filing suit, continuing through today, even after Defendants provided a final opportunity for compliance. "Extraordinary circumstances rarely exist when a party seeks relief from a judgement that resulted from the party's deliberate choices." *Budge Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008).

Here, although Plaintiff encountered some unfortunate circumstances just prior to the September 27th hearing, Plaintiff was afforded more than ample time and opportunity to submit her PFS. Plaintiff and her counsel were on notice of the procedures and schedules set forth in Amended PTO 22. Plaintiff continuously failed to comply with this Court's clearly defined case management procedures, despite being warned of the consequences. The September 27th Order was a product of Plaintiff's failure to act over many months. Therefore, Plaintiff is not entitled to relief under Rule 60 and her motion should be denied.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Reconsideration of its Order dismissing this case.

DATED: November 6, 2018

        Respectfully submitted,

        */s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile:   (212) 698-3599
mark.cheffo@dechert.com
mara.cuskergonzalez@dechert.com

*Counsel for Defendant Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. and Hospira, Inc.*

   */s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile:   (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Counsel for Defendant Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. and Hospira, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 6th day of November, 2018, I have electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

*/s/ Mark S. Cheffo*
Mark S. Cheffo