UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "H" (5)

THIS DOCUMENT RELATES TO:

*Suzanne Mink v. Sanofi U.S. Services, Inc. et al.*
**Case No.:** 17-02931

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO CONTINUE SUBMISSION DATE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUND

Plaintiff Suzanne Mink, by and through her counsel of record, Bachus & Schanker, LLC, submits this Memorandum in Support of her Opposed Motion to Continue Submission Date to Defendant's Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Suzanne Mink (Doc. 4687). In support of her motion, Plaintiff states as follows:

1. On October 24, 2018, Defendant Sanofi served on Plaintiff its Defendants' Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Suzanne Mink (Doc. 4687). Sanofi's noticed submission date was November 14, 2018, making Ms. Mink's deadline to file a response November 6, 2018 – a mere **10 days** after this potentially consequential dispositive motion was filed.

2. Ms. Mink is a non-bellwether Plaintiff. No depositions have occurred on her case.

3. Counsel for Sanofi never conferred with Counsel for Ms. Mink regarding its Motion for Summary Judgement, and never conferred regarding its proposed submission date. Furthermore, DLC never conferred with PLC or anyone else with respect to Sanofi's decision to file dispositive motions in the face of the Court's previous order that "such motions would

ripe for this Court's consideration **after** the first scheduled bellwether trial in this MDL" (Doc. 1034) (emphasis added). In short, Sanofi is attempting a *fait accompli*.

4. On November 5, 2018, Ms. Mink sought relief through Local Rule 7.8, providing for an *Ex Parte* Motion to obtain a 21-day extension of time. Sanofi contacted the Court Clerk and indicated that it opposed that 21-day extension, and the filing was rejected on November 6, with leave to file a new motion on or before November 13, 2018. (Doc. )

5. After the rejection of Ms. Mink's Rule 7.8 motion for extension of time was rejected, PLC reached out to DLC to confer with respect to (a) obtaining additional time on the submission date; and (b) addressing the propriety of Sanofi's decision to ignore a court order that could not be clearer. On Wednesday, November 7, DLC emailed PLC and indicated he would need to consult with his client and national counsel regarding these issues. In reliance on this email, counsel for Ms. Mink deferred filing a motion seeking an extension of the submission date on Sanofi's motion for summary judgment against Ms. Mink.

6. On the afternoon of Friday, November 9, 2018, DLC contacted PLC concerning Sanofi's motion, seeking to calendar oral argument on Sanofi's motion for summary judgment for November 15, 2018. Rather than conferring with respect to a reasonable extension of time on the submission date, DLC blindsided Ms. Mink's counsel by attempting to schedule oral argument, when Ms. Mink had not even had the opportunity to respond to Sanofi's motion due to Sanofi's initial unreasonable submission date.

7. Sanofi's counsel has never indicated why a reasonable extension of time cannot be granted to Ms. Mink to thoroughly research, consider, and respond to the extensive and dispositive issues raised in Sanofi's motion, all of which require application of California law. There is certainly no time pressure, as Ms. Mink is not a bellwether plaintiff. Especially in light of the time pressure all parties are under in preparing bellwether cases for trial, providing for a reasonable

extension of the submission date seems like it would be a matter of simple professional courtesy to Ms. Mink's counsel. But Sanofi refuses to extend that courtesy. Rather, Sanofi is attempting to accomplish a *fait accompli*, not only in disregarding this Court's previous order regarding the timing of dispositive motions, but also in actually obtaining dismissal of Ms. Mink's claims.

8. Ms. Mink's counsel understands that PLC intends to raise the issue of timing of dispositive motions in its next submission to the Court. In the meantime, Ms. Mink seeks an extension of the submission date to Sanofi's Motion for Summary Judgment, until December 19th, 2018. This extension, while significant, will provide this Court the opportunity to determine whether it is appropriate for the parties to be dedicating significant resources (both their own and the Courts) to briefing dispositive motions on non-bellwether cases before the first bellwether trial has occurred – an eventuality the Court specifically sought to avoid in its previous order. The parties – including Ms. Mink's counsel – are preparing bellwether cases for trial.

9. This extension of time is also necessary to permit Ms. Mink's counsel to evaluate the records and facts relied upon by Defendant, research California law on statute of limitations issues applicable to numerous claims for relief, and prepare an appropriate response memorandum. Sanofi has had months to prepare its dispositive motion. Providing Ms. Mink a month to prepare her response is reasonable.

WHEREFORE, Plaintiff Suzanne Mink prays that this Court grant her Opposed Motion Seeking Continuation of Submission Date to Defendants' Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Suzanne Mink (Doc. 4687), and set a new submission date of December 19, 2018.

Respectfully Submitted,

/s/ Darin L. Schanker
Darin L. Schanker
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker