# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO:

Brenda Monroe
Case No.: 16-cv-16146

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND HER COMPLAINT

　　　　Plaintiff Brenda Monroe, through her undersigned counsel, respectfully brings this Motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rules 7.1-2.

　　　　Plaintiff filed her original Complaint on October 18, 2016 in the Southern District of Indiana, and Defendants were served. Her case was transferred to the Taxotere (Docetaxel) Product Liability Multidistrict Litigation on November 3, 2016. A Short Form Complaint was filed for Plaintiff on May 4, 2017, and Defendants served pursuant to PTO 9.  In her Complaint, Plaintiff named Sanofi S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S. LLC as Defendants. Plaintiff believed, at the time of filing her complaint, that her medical records (and/or related testimony) would be adequate in establishing Sanofi-brand Taxotere use. Pursuant to CMO 12 ordered on January 12, 2018 and amended CMO 12 ordered on July 24, 2018, Plaintiff endeavored to obtain sufficient proof of product identification.  Plaintiff made a diligent, good faith, documented effort to obtain National Drug Code (NDC) and product identification information as outlined in CMO 12. Following Plaintiff's efforts, in 2018, Counsel for Plaintiff received additional records from

Deaconess Clinic, which included Exhibit B *Statement Regarding Chemotherapy Drug Administered* from Sierra Hematology. The infusion facility returned NDC information indicating that Plaintiff was treated with docetaxel as manufactured by Sagent Pharmaceuticals (NDC 250-222-07). This is the first time that Plaintiff could have reasonably discovered the true manufacturer of the docetaxel used in her treatment.

Pursuant to the procedures outlined in PTO 37A, on November 2, 2018, Counsel for Plaintiff contacted Counsel for Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc. in an effort to obtain consent to file Plaintiff's motion for leave to amend her short form complaint as unopposed. Relatedly, Counsel for Plaintiff contacted Counsel for Sanofi in an effort to dismiss the named Sanofi Defendants. On November 2, 2018, Sanofi consented to Plaintiff's pleadings and dismissal related to her motion for leave to amend her complaint given the obtained product identification. On November 6, 2018, Counsel for Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc. stated that they oppose Plaintiff's proposed motion for leave to amend her complaint.[1]

Plaintiff was diligent in her compliance with the Court's Orders. CMO 12 required Plaintiff endeavor to obtain NDC and product identification information in an effort to ensure the named Defendants on the short form complaint were accurate. Similarly, PTO 37A and the Federal Rules require Plaintiff to amend her complaint when she reasonably became aware of the proper party

---

[1] Counsel for Sagent has stated that its reason for opposing Plaintiff's motion is that Plaintiff's claims against Sagent are time barred. This argument is without merit for multiple reasons. However, this Motion is *not* the proper avenue for the parties to debate statute of limitations issues. Plaintiff's Counsel offered to include language preserving Defendants' various defenses within the motion to amend her complaint. In fact, CMO 12 and PTO 37A *require* Plaintiff to amend her complaint to name the correct manufacturer, which as the Court is aware, can be difficult to ascertain. Moreover, no part of CMO 12, PTO 37A, nor Plaintiff's motion for leave to amend her complaint prevent Sagent from bringing a Rule 12 motion or raising any defense after Sagent is (correctly) made party to Plaintiff's lawsuit.

defendants. Indeed, such amendments were expected and have been commonplace following CMO 12. These Court Orders, as well as the Federal and Local Rules, empower (and actually require) Plaintiff to amend her complaint. In fact, CMO 12 and PTO 37A appear to have been crafted to address this exact situation. Plaintiff's proposed amendment would reflect a correction following Plaintiff's product identification and satisfaction of CMO 12. Accordingly, and pursuant to Court Order, Plaintiff seeks to remove and dismiss the Sanofi entities as Defendants and substitute in Actavis Pharma, Inc. and Sagent Pharmaceuticals, Inc, as the proper Defendants. Defendants would not be prejudiced by this amendment, and its sole purpose is to properly identify the Docetaxel product that was used in Plaintiff's case. Moreover, this amendment would not waive Sagent's (albeit deficient) statute of limitations defense. For these reasons, Plaintiff requests that this Court grant leave to file an Amended Complaint.

Respectfully Submitted,

Dated: November 13, 2018    **JOHNSON BECKER, PLLC**

/s/ Alexandra W. Robertson
Alexandra W. Robertson, Esq. MN Bar #395619
Timothy J. Becker, Esq. MN Bar #256663
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
(612) 436-1800 (telephone)
arobertson@johnsonbecker.com
tbecker@johnsonbecker.com

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I certify that on November 13, 2018, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

/s/ Alexandra Robertson

Alexandra Robertson