UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| This Document Relates To: | SECTION "H" (5) |
| *Earnest v. Sanofi S.A., et al.* | JUDGE MILAZZO |
| Civil Case No. 2:16-cv-17144 | MAG. JUDGE NORTH |

PLAINTIFF BARBARA EARNEST'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff Barbara Earnest has asserted a Louisiana Products Liability Act ("LPLA") claim against Defendants sanofi-aventis U.S. LLC's and Sanofi US Services Inc. (collectively "Sanofi") as the manufacturers of Taxotere (docetaxel) administered to her during her breast cancer treatment. *See* Amended Short Form Compl. (E.D. La. Case No. 2:16-cv-17144, Rec. Doc. 9). A claim under the LPLA requires *prima facie* evidence that the defendant manufactured the product in question. *See* La. R.S. 9:2800.54.

With such evidence, and with Phase II discovery completed pursuant to CMO 14 (Rec. Doc. 3064), Plaintiff Barbara Earnest now moves for partial summary judgment on the issue whether Sanofi manufactured the Taxotere (docetaxel) product in question. The undisputed facts from the records of Plaintiff's infusion center and a sworn statement of its pharmacy director, as well as Sanofi's Fed. R. Civ. P. 36 admissions, demonstrate that Sanofi manufactured the Taxotere (docetaxel) administered to Plaintiff Earnest during her breast cancer treatment. As such, Plaintiff respectfully requests that the Court grant Plaintiff's motion for partial summary judgment on the narrow issue of product identification.

1

## **THE UNDISPUTED FACTS**

The undisputed, material facts of this case show that Sanofi is the manufacturer of the Taxotere (docetaxel) at issue. Plaintiff Earnest received her Taxotere (docetaxel) treatment at Slidell Memorial Hospital. In a notarized affidavit, the Pharmacy Director for this hospital, Robert Crochet, II, swears that the hospital's "records indicate the docetaxel Barbara Earnest received between June 22, 2011 and August 24, 2011 was manufactured by Sanofi Aventis US LLC and Sanofi Aventis US LLC d/b/a Winthrop US." Affidavit of Robert J. Crochet and Statement of Chemotherapy Drug Administered, attached hereto as Exhibit 1 (date of birth information redacted).

In addition, the National Drug Codes contained in Plaintiff Earnest's medical records demonstrate that Sanofi is the manufacturer of the Taxotere (docetaxel) taken by Plaintiff Earnest. National Drug Codes are a unique number "that identifies the manufacturer and the product, among other things." *Fox Rx, Inc. v. Omnicare, Inc.*, 38 F. Supp. 3d 398, 405 (S.D.N.Y. 2014); *see also* 21 U.S.C. § 360(e); 21 C.F.R. § 207.20 (requiring "drug establishments . . . that engage in the manufacture, preparation, propagation, compounding, or processing of a drug or drugs [to] register and submit a list of every drug in commercial distribution"). The codes are searchable online and updated daily. *See* National Drug Code Directory, United States Food and Drug Administration.[1]

Here, attached to the affidavit sworn to by Mr. Crochet, the Pharmacy Director for Slidell Memorial Hospital, is a "Statement Regarding Chemotherapy Drug Administered," in which Mr. Crochet identifies two National Drug Codes for the Taxotere (docetaxel) administered to Plaintiff Earnest: 0075-8003-01 and 0955-1021-04. Exhibit 1 at p. 2. According to the National

---

[1] *Available at* https://www.fda.gov/Drugs/InformationOnDrugs/ucm142438.htm.

Drug Code Directory, Sanofi manufacturers the Taxotere (docetaxel) assigned these drug codes. *See* National Drug Code Directory, United States Food and Drug Administration.[2]

Furthermore, Sanofi "admit[s] that they manufacture Taxotere and/or docetaxel products bearing the NDC codes 075-8003-01 and 0955-1021-04 that are identified in the September 29, 2017 Affidavit of Robert J. Crochet, II 2017. . ." Sanofi's Objections and Responses to Plaintiffs' First Requests for Admission to Defendants, April 16, 2018, p. 2-3, attached hereto at Exhibit 2 (date of birth and insurance information redacted). Sanofi also "admit[s] that NDC code 0955-1021-04 appears in Plaintiff's billing records dated between June 22, 2011 and August 24, 2011." *Id*.

Lastly, under this Court's Amended Product Identification Order, which is Case Management Order No. 12A (Rec. 3492):

> Where Plaintiff has submitted Product ID Information as defined in Paragraph 6, Defendants in MDL 2740 will not dispute such evidence without offering testimonial or documentary evidence to rebut the presumption. If any party obtains contrary testimonial or documentary evidence regarding Product ID Information ("contrary evidence"), it shall notify counsel for all named parties of the existence of such evidence within seven (7) days of its discovery. In all cases subject to a trial scheduling order, any contrary evidence obtained must be produced by the close of Phase I discovery. Otherwise, once a case is identified in a trial scheduling order and after the close of Phase I discovery, the existing Product ID Information will be deemed affirmative evidence of the identity of the manufacturer or labeler of a plaintiff's docetaxel, absent good cause shown.

(Rec. 3492, at 7 ¶8.) Footnote 10 of CMO 12A provides that contrary evidence in Ms. Earnest's case shall be produced by Defendants prior to the close of Phase II discovery. Defendants have provided no such contrary evidence.

---

[2] *Available at* https://www.fda.gov/Drugs/InformationOnDrugs/ucm142438.htm.

Plaintiff Earnest has been selected for the first sanofi-only trial, and the deadline for Phase II discovery in her case has passed without Sanofi producing any contrary evidence regarding Product ID. *See* Trial Scheduling Order, CMO No. 14 (Rec. 3064 at 2 ¶ 3 & 7 (Table)). Therefore, under CMO No. 12A, Plaintiff Earnest's Product ID information is "affirmative evidence" that Sanofi is the manufacturer of Taxotere administered to her during her breast cancer treatment.

## LEGAL STANDARD

"Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Brumfield*, No. CIV. A. 94-3437, 1996 WL 5061, at *1 (E.D. La. Jan. 5, 1996) (citing Fed. R. Civ. P. 56); *see In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("'admissions on file' can be an appropriate basis for granting summary judgment") (quoting Fed. R. Civ. P. 56(c)).

"The nonmovant may not depend solely on allegations or denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial." *Brumfield*, 1996 WL 5061, at *1 (citing Fed. R. Civ. P. 56(e)). There is an exception, however, when admissions are the basis for a summary judgment motion. Because "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Carney*, 258 F.3d at 420.

## ARGUMENT

In product liability cases, courts have addressed whether a defendant manufactured the particular product in question on a motion for summary judgment when there is no genuine

dispute as to any material fact. For example, in *Cooper v. Wyeth, Inc.*, a defendant drug manufacturer moved for summary judgment on Plaintiff's Louisiana Products Liability Act claim, because "the National Drug Code numbers listed in [plaintiff's] pharmacy records concerning the [drug] dispensed to him do not contain any of [defendant's] NDC codes." No. CIV.A. 09-929-JJB-CN, 2010 WL 3906784, at *2 (M.D. La. Sept. 29, 2010); *id.* (noting that plaintiff's product identification evidence did not match the NDC numbers for products distributed by the defendant). As a result, the court found that the plaintiff had failed to meet his evidentiary burden of establishing the defendant as the manufacturer of the drug product which allegedly caused his injuries. *Id.* By comparison, in *Hyde v. Stanley Tools*, the court granted plaintiff's motion for partial summary judgment on the ground that the allegedly injurious product—there, a hammer—was manufactured by the defendant. 107 F. Supp. 2d 992, 993 (E.D. La. 2000), *aff'd*, 31 F. App'x 151 (5th Cir. 2001) (per curiam).

Here, Plaintiff Earnest is entitled to judgment as a matter of law on the narrow issue of product identification. The hospital and billing records, and Sanofi's Rule 36 admissions, which "are conclusive as to the matters admitted," *Carney*, 258 F.3d at 420, demonstrate there is no genuine dispute as to any material fact concerning Sanofi's status as the manufacturer of the Taxotere (docetaxel) administered to Plaintiff Earnest. Further, under CMO No. 12A, Plaintiff Earnest's Product ID information is "affirmative evidence" that Sanofi is the manufacturer of Taxotere administered to her during her breast cancer treatment; and under CMO No. 14, the time for Sanofi to proffer contrary evidence challenging Product ID has lapsed.

**CONCLUSION**

For the foregoing reasons, Plaintiff Barbara Earnest respectfully requests that the Court grant her Motion for Partial Summary Judgment on the issue of product identification against the Sanofi Defendants.

Dated: November 13, 2018                                    Respectfully submitted,

*/s/ Christopher L. Coffin*                                 */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                              Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                            GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                             400 Continental Boulevard, 6th Floor
New Orleans, Louisiana 70163                                El Segundo, CA 90245
Phone: (504) 355-0086                                       Telephone: 510-350-9700
Fax: (504) 355-0089                                         Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                      kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                               *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                      */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                  Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                   BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                    701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                     New Orleans, LA 70139
New Orleans, LA 70163-2800                                  Phone: 504-524-3300
Phone: 504-522-2304                                         Fax: 504-524-3313
Fax: 504-528-9973                                           barrios@bkc-law.com
plambert@gainsben.com

                                                            *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews                                                Daniel P. Markoff
Andrews Thornton Higgins Razmara, LLP                       Atkins & Markoff Law Firm
2 Corporate Park, Suite 110                                 9211 Lake Hefner Parkway, Suite 104
Irvine, CA 92606                                            Oklahoma City, OK 73120
Phone: (800) 664-1734                                       Phone: (405) 607-8757
aa@andrewsthornton.com                                      Fax: (405) 607-8749
                                                            dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
The Lambert Firm, PLC
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
ejeffcott@thelambertfirm.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                           */s/ M. Palmer Lambert*
                                                           M. PALMER LAMBERT