UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　SECTION "H"(5)

　　　　　　　　　　　　　　　　　　　　　　　THIS DOCUMENT RELATES TO
　　　　　　　　　　　　　　　　　　　　　　　ALL CASES

**PRETRIAL ORDER NO. 70B**
**(Replacing Pretrial Order No. 70A Regarding Contact with Physicians)**

Pretrial Order No. 70A (Rec. Doc. 1528) is hereby replaced in its entirety by this Pretrial Order No. 70B.

The following will govern the parties' interactions with an MDL Plaintiff's prescribing and treating physicians in cases subject to Case Management Orders 14, 14A, and any trial Plaintiffs once identified in a similar trial scheduling CMO ("Bellwether Trial CMOs"). As used in this order, an "MDL Plaintiff's prescribing or treating physician" is a physician who has one or more patients who have filed a lawsuit (or whose representative has filed a lawsuit) pending in this MDL proceeding alleging that the patient sustained an injury caused by docetaxel. A "prescribing physician" is the physician identified in Plaintiffs' Fact Sheet as the physician who prescribed docetaxel to the Plaintiff, as recorded in MDL Centrality; a "treating physician" is the physician who treated the injury alleged in the Plaintiffs' Fact Sheet, as recorded in MDL Centrality.

1. Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician, provided that Plaintiff's counsel inform any such physician that the *ex parte* communications are not a required part of the deposition process and may be declined, and that Plaintiff has not consented to such *ex parte*

communications or participation in such communications by Defense counsel. With respect to any such *ex parte* communications, at least 48 hours before the deposition of the Plaintiff's prescribing or treating physician, Plaintiff's counsel shall disclose to Defendants' counsel each of the following:

- a. the date(s) of each such *ex parte* communication;
- b. the approximate duration of each such *ex parte* communication;
- c. the location of each such *ex parte* communication;
- d. the participants in each such *ex parte* communication;
- e. whether compensation has been provided or promised to any participants in each such *ex parte* communication, and the value of any such compensation; and
- f. the identity of the documents, photographs, or other materials that were shown or provided to the treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication.
- g. If said communication takes place less than 48 hours before a prescribing or treating physician is scheduled to be deposed, such disclosure shall be made within three hours of the communication or no less than four hours prior to the deposition, whichever is earlier.

2. Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician after the deposition but before trial. With respect to any *ex parte* communications occurring after the deposition of the Plaintiff's prescribing or treating physician, Plaintiff's counsel shall disclose to

Defendants' counsel each of the following at the time set for disclosures of a final witness list for trial or, if the communication takes place after the disclosure of the witness list, within 48 hours of such communication or, if the communication takes place less than 48 hours before a prescribing or treating physician is scheduled to testify at a hearing or trial, within three hours of the communication or four hours prior to the hearing or trial testimony, whichever is earlier:

   a. the date(s) of each such *ex parte* communication;

   b. the approximate duration of each such *ex parte* communication;

   c. the location of each such *ex parte* communication;

   d. the participants in each such *ex parte* communication;

   e. whether compensation has been provided or promised to any participants in each such *ex parte* communication, and the value of any such compensation; and

   f. the identity of the documents, photographs, or other materials that were shown or provided to the prescribing or treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication; and

   g. the rate of compensation provided or to be provided the prescribing or treating physician for time spent preparing to testify and appearing in court.

3. If any Plaintiff fails to make the disclosures described in paragraphs 1 and 2 above, the Plaintiff may, in the discretion of the Court, be precluded from relying upon

      the deposition or trial testimony of the prescribing or treating physician with whom *ex parte* communications were made.

4. Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician, except as permitted in Paragraph 3 and its subdivisions and except that non-lawyer staff for Defendants' counsel may contact the office of a prescribing or treating physician for purposes of deposition scheduling.  Nothing herein shall bar any employee, agent, or representative of the Defendants from engaging in communications with physicians in the ordinary course of business.

5. Going forward from the original date of Pretrial Order No. 70 (November 21, 2017), Defendants' counsel may engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians within the State of Louisiana (to be divided between the Defendants, collectively) for the purpose of obtaining physician-experts and may retain as expert witnesses up to 20 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively), no matter when the physicians were initially contacted by Defendants' counsel.  Counsel for each individual Defendant may also engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians located outside of the State of Louisiana for the purpose of obtaining physician-experts and may retain as expert witnesses up to 20 MDL Plaintiffs' prescribing or treating physicians located outside of the State of Louisiana, no matter when the physicians were initially contacted by Defendants' counsel.

a.  All *ex parte* communications by Defendants' counsel with an MDL Plaintiff's prescribing or treating physician prior to any fact deposition conducted of that physician must be limited to non-substantive discussions until the physician has affirmatively expressed a bona fide interest in being considered as a retained expert.

b.  Once a Plaintiff becomes subject to a Bellwether Trial CMO, Defendants' counsel for the trial Defendant shall not retain physician-experts who are prescribing or treating physicians of such Plaintiffs until after those cases are tried, removed from the trial docket, or dismissed. To the extent Defendants retained a physician-expert who is a prescribing or treating physician of a Plaintiff subject to a Bellwether Trial CMO before the Plaintiff became subject to a Bellwether Trial CMO, Defendants shall be permitted to use such physician-expert in any case, except as provided in Paragraph 3.e.

c.  Defendants' counsel shall disclose to Plaintiffs' counsel, on the date set forth in the applicable Bellwether Trial CMO for disclosure of testifying experts, the name of any testifying expert who per MDL Centrality has patients who are Plaintiffs in the MDL proceeding, and the experts themselves shall have no further affirmative disclosure obligations. No disclosures pursuant to a Bellwether Trial CMO are necessary for consulting experts until such time as an expert is identified as a testifying expert. Consulting experts contacted or retained by

      Defendants' counsel shall be subject to all of the requirements of this Order to the same extent as testifying experts, except that the disclosure requirements set forth in this subparagraph 3(c) shall not apply to consulting experts until they are identified as testifying experts.

d. Defendants' counsel may communicate with a prospective physician-expert about his or her general clinical experiences with docetaxel, provided the Defendants' counsel shall not communicate with a physician-expert who has acted as a prescribing or treating physician about any of his or her specific patients who has taken docetaxel.

e. The Defendants shall not use a physician as a consulting or testifying expert in a case where that physician's present or former patient is a Plaintiff in that case.

f. Defendants may rely on the disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality at the time the physician-expert is retained, in determining whether a physician is an MDL Plaintiff's prescribing or treating physician. Subsequent disclosures in newly-filed or amended Plaintiffs' Fact Sheets as recorded in MDL Centrality shall not impact the count toward the cap in Paragraph 3.

g. Given the numerical limitations on the number of physicians Defendants may contact as described in this Order, each Defendant shall maintain a current record of the number of physicians contacted

        and the number retained and provide it to the Court or its designee *in camera* at the Court's request.

h.    This Order denies in part and grants in part "Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s Motion for Entry of a Protocol Regarding *Ex parte* Contact With Physicians." (Rec. doc. 917). The Court overrules Defendants' and Plaintiffs' objections to the extent this order is inconsistent with the positions of either party as articulated in their written submissions or oral argument.

New Orleans, Louisiana, this 13th day of November, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE