UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**
*Earnest v. Sanofi S.A., et al.*

Civil Case No. 2:16-cv-17144

---

**OPPOSITION TO PLAINTIFF BARBARA EARNEST'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff's Motion for Partial Summary Judgment is moot and should be denied. Under Case Management Order No. 12A, "[w]here Product ID Information exists, Defendants in MDL 2740 will not dispute such evidence without offering testimonial or documentary evidence to rebut the presumption." CMO 12A (Rec. Doc. 3492), at ¶ 8. Sanofi stipulates that it has not produced any "contrary testimonial or documentary evidence regarding Product ID Information" in the *Earnest* case. Further, CMO 12A provides that once a case is identified in a trial scheduling order and at the close of Phase II discovery, the existing Product ID Information is deemed affirmative evidence of the identity of the manufacturer of the plaintiff's docetaxel, absent good cause shown. *Id.* at n.10. The parties negotiated (and the Court entered) CMO 12A to carefully craft a solution to the Product ID issues in this litigation—a solution that would work for the entire inventory of cases to avoid litigating Product ID on a case-by-case basis. If ruled on by this Court, however, Plaintiff's Motion would require that there is a summary judgment issue necessitating final disposition by the Court in each of the **ten thousand cases in the MDL**. The Court has already entered CMO 12A, which avoids such a wasteful and time-consuming exercise in cases like this

one.  Summary judgment is neither needed nor prudent on Product ID where CMO 12A more particularly and expeditiously determines the significance of evidence and forecloses certain defenses according to prescribed deadlines.  Thus, because CMO 12A applies, Plaintiff's Motion should be denied as unnecessary and moot.

## ARGUMENT

### A.  Product ID is Not a Summary Judgment Issue in the *Earnest* Case

It is important to draw a line between the evidence in *Earnest* and the evidence in *Durden* as an illustration of why CMO 12A (and not summary judgment), is the appropriate vehicle for Product ID proof in cases like *Earnest* where Product ID is not in dispute.

- In *Earnest*, Plaintiff obtained CMO 12 evidence from the Plaintiff's infusion facility, produced as individual encounter records, with NDC codes for Winthrop docetaxel on each of four visits for four cycles of chemotherapy from June 22, 2011 and August 24, 2011. All cycles are Winthrop NDC Code 0995-1021-04.
- In *Earnest,* Sanofi has adduced no contrary evidence of Product ID.
- In *Earnest*, there has been and is no need for Product ID depositions.

Similarly, in *Francis*, the second case set for trial and the next case in line after *Durden*, only Sanofi branded Taxotere was available because the medicine had not yet gone generic. Product ID there is not in dispute either.

In *Durden*, unlike the encounter-level billing records obtained in *Earnest*, Plaintiff's counsel originally provided as product ID <u>an internet printout</u> of a picture of a Taxotere carton. This was not a patient record and after follow up inquires, Ochsner issued a statement that "DUE TO THE AGE OF [MS. DURDEN'S] DATES OF SERVICE, THE NDC CODE INFORMATION

2

IS UNAVAILABLE."[1]  Since the issuance of this statement, Plaintiff's counsel has advanced different and inconsistent arguments concerning product ID in *Durden*.  Ultimately, fact discovery ended with Plaintiff relying on NDC codes obtained from a Medicaid database which correspond to medicines that Ochsner claims it was not purchasing at the time and could not have possibly been administered to the patient.[2,3]  Thus, unlike *Earnest*, there is **no** CMO 12 evidence in *Durden*, there **is** "contrary evidence" in *Durden*, and there are ongoing Product ID depositions now taking place after the close of fact discovery.  That is in stark contrast to *Earnest*.

### B. Summary Judgment Undermines CMO 12A Where There Is No Dispute of Product ID, Creating Unnecessary Motion Practice Inventory-Wide

The Court already entered a systematic and efficient way to address Product ID in trial pool (and all other) cases where there is no contrary evidence of Product ID.  CMO 12A (Rec. Doc. 1506), at ¶¶ 6, 8.  Paragraph 6 of CMO 12A first lays out three types of evidence a plaintiff can obtain: (1) NDC codes from a patient's medical, pharmacy, billing, or insurance records, (2) a Statement certified by a patient's infusion pharmacy, treatment facility, or authorized healthcare provider, or (3) medical or billing records showing that docetaxel was administered before March 8, 2011.  *Id.*, at ¶ 6.  Each of these is "presumed sufficient evidence to establish the identity of the manufacturer(s) or labeler of docetaxel" unless, under paragraph 8, the manufacturer offers "testimonial or documentary evidence to rebut the presumption."  *Id.*, at ¶¶ 6, 8.  "If such evidence is not produced by the close of discovery once a case is identified in a trial scheduling order, the existing Product ID Information will be deemed affirmative evidence of the identity of the manufacturer or labeler of a plaintiff's docetaxel, absent good cause shown."  *Id.*, at ¶ 8.

In *Earnest*, Plaintiff has obtained evidence of Product ID in accordance with Paragraph 6

---

[1] *See* Defendants' Nov. 13 Submission, **Exhibit 3**.
[2] *See* PSC's *ex parte* Letter Brief, dated November 7, 2018.
[3] *See* Defendants' Nov. 13 Submission, **Exhibit 2**.

of CMO 12A, and Sanofi has not presented testimonial or documentary evidence to rebut the presumption. As Sanofi indicated to the Court on September 20, 2018, CMO 12A is a stipulation of Product ID at the close of Phase II discovery. Unlike in the *Durden* case, where there is no CMO 12A evidence and contrary evidence exists, in *Earnest*, there is CMO 12A evidence and there is no contrary evidence. Thus, Plaintiff's existing Product ID Information is affirmative evidence of Product ID for her trial. *See id.*, at ¶ 8.

Granting summary judgment—or entertaining such motions on the merits—gets Plaintiff no further than CMO 12A. Entertaining partial motions for summary judgment creates unnecessary motion practice that CMO 12A was designed to prevent. Under both CMO 12A or a summary judgment ruling, a defendant's only redress is good cause. That is the standard irrespective of whether the Court were to grant this Motion. Like all motions, orders, or judgments, a partial motion for summary judgment would be subject to reconsideration but only to the extent it was warranted—*i.e.* for good cause. *See* Fed. R. Civ. P. 59; 60. Under either CMO 12A or an order on partial summary judgment, Sanofi would be unable to rebut Plaintiff's evidence of Product ID at trial without showing good cause.

Moreover, the intent and purpose of CMO 12A is that the Order would replace the need to litigate Product ID on a case-by-case basis. The parties further negotiated this Order after its original entry with Judge Engelhardt, which was then endorsed by Your Honor in July of this year. In doing so, the Order provided that: "An amendment to CMO 12A is necessary to clarify the parties' obligations and the procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used. This Order applies to all present and future cases docketed in MDL 2740 as well as all parties in the litigation and supersedes CMO 12A. Each party must discharge the obligations of this Order in a diligent, good faith, and

documented manner." *Id.* at 1.  Not once in the negotiations of this agreed Order, or its entry by the Court almost a year ago now, has it been suggested that Product ID will remain a summary judgment issue to be taken up in each case.

Entertaining the *Earnest* motion means that for every case with CMO 12A evidence and no contrary evidence, Product ID would still have to be addressed in motions for partial summary judgment.  Because of CMO 12A, Product ID is not a summary judgment issue in the vast majority of the thousands of cases where such identification is adduced and is left only to those cases where Product ID cannot be adduced after exhausting discovery—as in *Durden*.

Plaintiff's Motion is therefore moot.  And ruling on the Motion would come with one enormous downside: thousands more motions just like it.  The Court should deny Plaintiff's Motion and allow this case to be governed by the Order already entered and intended to address this issue: CMO 12A.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*