UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO:

*Earnest v. Sanofi S.A., et al.*

Civil Case No. 2:16-cv-17144

---

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Defendants hereby submit the following responses to Plaintiff's Undisputed Facts in Support of Her Motion (Rec. Doc. 5237-6):

1. Admitted.

2. Admitted that Robert Crochet's Affidavit speaks for itself. *See* Exhibit 1 to Plaintiff's Motion (Rec. Doc. 5237-3).

3. Admitted that Plaintiff's medical records contain National Drug Codes (NDC) for Taxotere and/or docetaxel products manufactured by Defendants. *See* Exhibit 3 to Plaintiff's Motion (Rec. Doc. 5237-4) (mislabeled as Exhibit 1), at PPR_83–PPR_87.

4. Admitted that Mr. Crochet's Affidavit identifies two NDC codes for Taxotere (docetaxel). Denied to the extent Plaintiff asserts that Mr. Crochet's Affidavit is accurate. Plaintiff's medical records only identify one NDC code of docetaxel manufactured by Defendants: 0955-1021-04. NDC code 0075-8003-01 does not appear in Plaintiff's medical records. *See* Exhibit 3 to Plaintiff's Motion (Rec. Doc.

1

5237-4) (mislabeled as Exhibit 1), at PPR_83–PPR_87.

5. Admitted that Defendants' Response to Plaintiff's Request for Admission speaks for itself. *See* Exhibit 2 to Plaintiff's Motion (Rec. Doc. 5237-4).

6. Admitted that Defendants' Response to Plaintiff's Request for Admission speaks for itself. *Id.*

7. Admitted that Case Management Order 12A (Rec. Doc. 3492) speaks for itself.

8. Admitted.

Defendants hereby submit the following undisputed facts in support of their Opposition to Plaintiff's Motion:

9. The parties negotiated (and the Court entered) CMO 12A to carefully craft a solution to the Product ID issues in this litigation—a solution that would work for the entire inventory of cases to avoid litigating Product ID on a case-by-case basis. *See* Case Management Order 12A (Rec. Doc. 3492).

10. Paragraph 6 of CMO 12A first lays out three types of evidence a plaintiff can obtain: (1) NDC codes from a patient's medical, pharmacy, billing, or insurance records, (2) a Statement certified by a patient's infusion pharmacy, treatment facility, or authorized healthcare provider, or (3) medical or billing records showing that docetaxel was administered before March 8, 2011. *Id.*, at ¶ 6. Each of these is "presumed sufficient evidence to establish the identity of the manufacturer(s) or labeler of docetaxel" unless, under paragraph 8, the manufacturer offers "testimonial or documentary evidence to rebut the presumption." *Id.*, at ¶¶ 6, 8. "If such evidence is not produced by the close of discovery once a case is identified in a trial scheduling order, the existing Product ID Information will be deemed affirmative evidence of the identity of the manufacturer

or labeler of a plaintiff's docetaxel, absent good cause shown." *Id.*, at ¶ 8.

11. In *Earnest*, Plaintiff obtained CMO 12A evidence from the Plaintiff's infusion facility, produced as individual encounter records, with NDC codes for Winthrop docetaxel on each of four visits for four cycles of chemotherapy from June 22, 2011 and August 24, 2011. All cycles are Winthrop NDC Code 0995-1021-04. *See* Exhibit 3 to Plaintiff's Motion (Rec. Doc. 5237-4) (mislabeled as Exhibit 1), at PPR_83–PPR_87.

12. In *Earnest,* Sanofi has adduced no contrary evidence of Product ID.

13. In *Earnest*, there has been and is no need for Product ID depositions.

14. Similarly, in *Francis*, the second case set for trial and the next case in line after *Durden*, only Sanofi branded Taxotere was available because the medicine had not yet gone generic.  Product ID there is not in dispute either.

15. In *Durden*, in contrast, there has never been uncontroverted evidence of Product ID. Unlike the encounter-level billing records obtained in *Earnest*, Plaintiff Durden originally obtained **an internet printout** of a picture of a Taxotere carton from a website, Dailymed.com.  In response to follow up inquiries, Ochsner went on record that "DUE TO THE AGE OF [MS. DURDEN'S] DATES OF SERVICE, THE NDC CODE INFORMATION IS UNAVAILABLE." *See* Nov. 20 Submission, **Exhibit 3**. Ochsner has also confirmed that it was not purchasing the listed Sanofi products, 75800180 and 75800120, in the months before or when Ms. Durden was in treatment. Thus, in *Durden*, there *is no* CMO 12A evidence, there *is* "contrary evidence."

3

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 27, 2018**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore