# EXHIBIT C1



Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Nairda T. Colón
Partner
(504) 599-8180 Phone
(504) 599-8131 Fax
ncolon@frilot.com

December 11, 2018

**Via E-Mail**
Chris Coffin (ccoffin@pbclawfirm.com)
Jessica Perez (jperez@pbclawfirm.com)
Palmer Lambert (lambert@gainsben.com)
Douglas J. Moore (dmoore@Irwinllc.com)

   RE: In re: Taxotere (Docetaxel) Products Liability Litigation
      United States District Court for the Eastern District of Louisiana
      Durden v. Sanofi S.A., et al.
      MDL No. 2740
      Civil Action No. 2:16-cv-16635
      Section "N": Judge Milazzo and Mag. Judge North

Dear Counsel:

  Please see below responses, objections and comments regarding Plaintiff's Revised 30(b)(6) Deposition Notice and subpoena *duces tecum* dated November 20, 2018 directed to Ochsner Clinic Foundation ("Ochsner").

  The following are responses from Ochsner and are prepared based upon due diligence, after a reasonable investigation, and information assembled to date.

### General Objections/Comments to the Plaintiff's Revised 30(b)(6) Deposition Notice and subpoena *duces tecum*

  a) Ochsner objects to the Topics of Inquiry and Requests on the grounds they are unduly vague, ambiguous, overbroad, and burdensome. Ochsner further objects to the Topics of Inquiry and Requests to the extent they seek information that is not relevant to any party's claims or defenses and proportional to the needs of the case, considering the relative access to relevant information, the parties' or witnesses' resources, the utility of the discovery in resolving the issues, and whether the burden or expense of the



    proposed discovery outweighs its likely benefit. Ochsner further objects to the Topics of Inquiry and Requests to the extent they are unduly vexatious or are calculated or otherwise operate to annoy, embarrass, oppress, or cause undue expense to Ochsner.

b) Ochsner objects to the Topics of Inquiry and Requests to the extent they seek information that is not relevant to any party's claims or defenses nor proportional to the needs of this case. The principal issue for this deposition as presented by counsel is whether definitive manufacturer identification can be made for certain docetaxel products administered to Ms. Antoinette Durden at Ochsner from October, 2011 – February, 2012. The majority of the Topics of Inquiry and Request seek general information about a wide range of internal policies and protocols that have no bearing on Plaintiff's specific inquiry into manufacturer identification or her pleaded product liability claims against the Defendants in this litigation.

c) ==Ochsner objects to the Topics of Inquiry and Requests seeking information which is irrelevant and immaterial, as the parties to this litigation have been advised that, after due diligence and a reasonable inquiry, Ochsner is unable to identify a person able to identify or certify the manufacturer(s) of the docetaxel product(s) administered to Ms. Antoinette Durden at Ochsner between October, 2011 and February, 2012.==

d) Ochsner objects to the Topics of Inquiry and Requests that seek information outside of the time period of October, 2011 through February, 2012, which is the time period when Ms. Antoinette Durden was treated at Ochsner. Information outside of this time period is not relevant to any party's claims or defenses, nor proportional to the needs of the case. Ochsner further objects to the Topics of Inquiry and Requests to the extent they unreasonably seek detailed testimony and particular documents concerning granular issues, practices, and events that occurred more than seven years ago.

e) Ochsner objects to the Topics of Inquiry and Requests as unclear and not susceptible to a response as stated.

f) Ochsner objects to the Topics of Inquiry and Requests seeking information protected by the attorney-client privilege and/or work product doctrine, as Ochsner has and is represented by counsel both internally and externally.

g) Ochsner objects to the Topics of Inquiry and Requests seeking legal opinions and conclusions.

h) Ochsner objects to the Topics of Inquiry and Requests relating to the Louisiana Department of Health, Louisiana Department of Medicaid/Molina

FRILOT LLC

Medicaid Solutions as unduly vague, overbroad, ambiguous, irrelevant, and to the extent they call for legal opinions or conclusions.

i) These responses to Plaintiff's Revised 30(b)(6) Deposition Notice and subpoena *duces tecum,* dated November 20, 2018 and Topics of Inquiry and Requests herein are made solely and exclusively for this Antoinette Durden case and not for any other purpose or action.

**Responses to Plaintiff's Entitled: Subject of Depositions – Matters of Inquiry**

A. <u>Responses to Plaintiff's Heading and Topics identified as: Antoinette Durden's Treatment at Ochsner Medical Center</u>

No. 1. Objection as the information has already been provided. Also see General Objections and Comments b) and c) above. There is no available witness who can testify as to this request.

No. 2. Objection as the information has already been provided. See also General Objections and Comments b) and c) above. This information is unknown and no witness can testify to this request. As demonstrated in documents identified by Plaintiff's Exhibits A-F-4, there are four (4) possible manufacturers of the docetaxel products administered to Ms. Durden in 2011 and 2012.

No. 3. Objection as the request is unduly vague, and overbroad as to the definition of "information displayed." Moreover, Ochsner objects to Exhibit A as the information has already been provided. Ms. Ashley Canty was deposed regarding the March 5, 2018 letter on June 18, 2018.
Exhibits B-C: Generally, Michael Simmons, Revenue Systems Analyst, may be able to discuss Exhibits B and C as identified in Plaintiff's Notice.
Exhibit D: Generally, Neil Hunter, as per his Certification dated October 11, 2018.
Exhibit E: There is no individual to testify as to the information displayed in Exhibit E.
Exhibit F-1-F4: Generally, Neil Hunter, as per his Certification dated October 11, 2018 and Affidavit dated November 6, 2018.

3

FRILOT LLC

B. <u>Responses to Plaintiff's Heading and Topics identified as: Ochsner's Policies and Protocols for Tracking the Administration of Chemotherapy Agents</u>

No. 4.  Objection as the request is unduly vague, overbroad, and burdensome, and not date specific. However, Neil Hunter can generally testify, and only as to the acquisition and inventory identified in his Certification dated October 11, 2018, Affidavit dated November 6, 2018, and the Cardinal purchase spreadsheet attached by Plaintiff as Exhibit F-4.

No. 5-6.  See General Objections and Comments. There is no witness for these requests. Ochsner further objects to these Requests because they seek information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Information about Ochsner's policies and protocols for complying with particular regulatory and accreditation requirements calls for legal conclusions and is not relevant to Plaintiff's specific inquiry into the identification of the manufacturer of the docetaxel products administered to Ms. Durden in 2011 and 2012, nor is it relevant to Plaintiff's product liability claims against the defendants in this litigation.

No. 7.  Objection as the time period is not specified and the request is unduly vague, overbroad, and burdensome. However, Neil Hunter generally is able to discuss only the purchasing and the receipt for the time period at issue as per his Certification dated October 11, 2018 and Affidavit dated November 6, 2018.

No. 8.  Objection. This request it is unduly vague as to what is being requested and not susceptible to a response as stated. Ochsner further objects to this Request because it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Information about policies and procedures for identifying patients who have been administered contaminated or recalled products is not relevant to Plaintiff's specific inquiry into the identification of the manufacturer of the docetaxel products administered to Ms. Durden in 2011 and 2012, nor is it relevant to Plaintiff's product liability claims against the defendants in this litigation. As such, there is no witness for this request.

4

# FRILOT | LLC

No. 9.  Objection as the time period referenced is extensive and irrelevant. Moreover, the request is unduly vague, overbroad, burdensome and not susceptible to a response as stated. As such, there is no witness for this request.

No. 10. Objection as the time period is not specified and the request is unduly vague, overbroad, and burdensome. Ochsner further objects to this Request because it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Information about policies and protocols for clinical decision-making about the types of chemotherapy that should be provided to patients, to the extent such protocols and policies even exist, is not relevant to Plaintiff's specific inquiry into the identification of the manufacturer of the docetaxel products administered to Ms. Durden in 2011 and 2012, nor are they relevant to Plaintiff's product liability claims against the defendants in this litigation.

No. 11. Objection as the information is not relevant as "Epic" was not in use during the time period at issue, October, 2011 to February, 2012.

C. Responses to Plaintiff's Heading and Topics identified as: Ochsner's Systems and Protocols for billing the Louisiana Department of Medicaid (All General Objections and Comments stated above are copied herein with respect to Topics 12-19.)

No. 12.  Objection as the information requested is unduly vague, overbroad, burdensome, and not relevant to any party's claims or defenses, nor proportional to the needs of the case. A representative is available to generally discuss the billing procedure/system at the time of Ms. Durden's treatment.

No. 13-18. Ochsner objects to these requests as the time frame is not specified and, as noted in the General Objections and Comments, the pertinent time period is October, 2011 to February, 2012. Ochsner further objects to these Requests because it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. The requests seek general information about billing policies, regulatory requirements, and internal

5



==protocols that have no bearing on the identification of the manufacturer of the docetaxel products administered to Ms. Durden in 2011 and 2012, nor are they relevant to Plaintiff's product liability claims against the defendants in this litigation==.

No. 19.   Ochsner objects to this request as the time frame is not specified and, as noted in the General Objections and Comments, the pertinent time period is October, 2011 to February, 2012. Moreover, the request is unduly vague, overbroad, burdensome and not susceptible to a response as stated. There is no witness for this request.

D. <u>Responses to Plaintiff's Heading and Topics identified as: TREATING FACILITY's Prior Production of Records</u>

No. 20.   Objection. This request is unduly vague and overbroad as to what is being requested and not susceptible to a response as stated. Neil Hunter may be able to discuss the document(s) surrounding his Affidavit (attached by Plaintiff as Exhibit F-1) and his Certification (attached by Plaintiff as Exhibit D and F-2) and the method of search for these document(s) and/or electronically stored data. Michael Simmons may be able to generally discuss with respect to Exhibits B and C as identified in Plaintiff's Notice.

No. 21-23.   Objection. These requests are unduly vague, overbroad, burdensome and it is not known or clear what is being requested. It is not susceptible to a response as stated.

No. 24   Objection. This request is unduly vague, overbroad, burdensome and it is not known or clear what is being requested. It is not susceptible to a response as stated.

No. 25.   Objection. These requests are unduly vague, overbroad, burdensome. Neil Hunter is able to discuss as it specifically relates to the document surrounding his Affidavit (attached by Plaintiff as Exhibit F-1) and his Certification (attached by Plaintiff as Exhibit D and F-2). Michael Simmons may be able to generally discuss with respect to Exhibits B and C as identified in Plaintiff's Notice.

# FRILOT LLC

No. 26-27.   Objection. These requests are unduly vague, overbroad, burdensome and it is not known or clear what is being requested. It is not susceptible to a response as stated.

No. 28.   Objection. This request is unduly vague, and overbroad. Neil Hunter's Affidavit (attached by Plaintiff as Exhibit F-1) and his Certification (attached by Plaintiff as Exhibit D and F-2) are authenticated as evidenced in those documents. Michael Simmons may generally testify with respect to Exhibits B and C as identified in Plaintiff's Notice.

E. Responses to Plaintiff's Heading and Topics identified as: Communications

No. 29-30   These requests are unduly vague, overbroad, burdensome and it is not known or clear what is being requested. Notwithstanding this objection, Ochsner has produced Ms. Durden's billing records for the time period at issue, October, 2011 – February, 2012, other than the UB-04 Claim Forms for Ms. Durden's dates of Chemotherapy service/treatment which documents are duplicative of information that was already included and referenced in Plaintiff's Exhibit B to this Notice. These documents are attached as Exhibit 1.

No. 31.   None.

No. 32.   Neil Hunter can discuss communications between himself and the Cardinal representative regarding the purchase history that has been produced as Exhibit F-4 as identified in Plaintiff's Notice.

## Responses to Plaintiff's Document Requests

No. 1.   Objection. Any information from two years prior to Ms. Durden's first docetaxel dose to the present is not relevant for the purpose of this Notice, nor is a request for any materials outside of the relevant time period. However, in the spirit of cooperation and without waiving the foregoing objections, to Ochsner's knowledge there are no other documents responsive to this request for the time period at issue.

No. 2.   Objection. Any information from two years prior to Ms. Durden's first docetaxel dose to the present is not relevant

FRILOT | LLC

|  |  |
|---|---|
| | for the purpose of this Notice. To Ochsner's knowledge, there are no documents responsive to this Request for the relevant time period. |
| No. 3. | To Ochsner's knowledge, there are no documents responsive to this Request. |
| No. 4. | Ms. Durden's medical and billing records for the time period at issue, October, 2011 – February, 2012, have been produced, and see also Exhibit 1. To Ochsner's knowledge there are no other documents responsive to this request. |
| No. 5 - 7. | Ms. Durden's medical and billing information and records for the time period at issue, October, 2011 – February, 2012, have been produced, prior to this and within this response. To Ochsner's knowledge there are no other documents responsive to this request. |
| No. 8. | Objection. Any information from two years prior to Ms. Durden's first docetaxel dose is not relevant for the purpose of this Notice. Ms. Durden's records for the time period at issue, October 2011 – February 2012, have been produced, including Exhibit 1, attached. To Ochsner's knowledge there are no other documents responsive to this request. |
| No. 9. | Ochsner does not believe there are any documents responsive to this Request, other than what has already been produced. |
| No. 10. | Ms. Durden's medical and billing records for the time period at issue, October, 2011 – February, 2012, have been produced, other than the attached Exhibit 1. To Ochsner's knowledge there are no other documents responsive to this request. |
| No. 11 | Objection. There is nothing responsive to this request that is not protected by attorney-client privilege. |
| No. 12 - 13 | To Ochsner's knowledge, there are no documents responsive to these Requests. |
| No. 14 - 15. | Objection. There is nothing responsive to this request that is not protected by attorney-client privilege and attorney work product. |

8



If you have any questions or need any other information, please do not hesitate to contact us.

Yours sincerely,

Peter E. Sperling
Nairda T. Colón (Lesa)
Brittany K. Sloan

cc:    (via e-mail)