# EXHIBIT E



| | | | |
|---|---|---|---|
| **PBC** PENDLEY BAUDIN & COFFIN<br>ATTORNEYS AT LAW | Patrick W. Pendley<br>Stanley P. Baudin<br>Christopher L. Coffin*†<br>*Also admitted in Georgia<br>†Registered nurse<br>Nicholas R. Rockforte | Pamela P. Baudin<br>Courtney L. Stidham*<br>*Also admitted in Alabama<br>Jessica A. Reynolds<br>Evan P. Fontenot | **Of Counsel:**<br>Allen M. Edwards<br>David M. Hundley*<br>*Admitted only in Illinois<br>Tracy L. Turner*<br>*Admitted only in Ohio |

November 13, 2018

**VIA E-MAIL**

The Honorable Jane Triche Milazzo
United States District Judge
500 Poydras Street
Room C206
New Orleans, LA 70130

Dear Judge Milazzo,

On September 20, 2018, at Sanofi's request, your Honor held a conference addressing product identification concerns related to bellwether trial plaintiff Antionette Durden. At this meeting, counsel for Sanofi insisted that the only way to establish product identification in Ms. Durden's case was to obtain NDC numbers. Although Plaintiff disagrees with this position, my office has since obtained two separate documents demonstrating that Ms. Durden was administered a Sanofi manufactured product: (1) an Ochsner document entitled "270090 Durden LA Medicaid Billing Details with MRN" showing it billed Medicaid for a Sanofi product; and (2) a certification from Molina Medicaid Solutions ("Molina") showing Ochsner was paid by Louisiana Medicaid for a Sanofi product. Both documents clearly establish that Ochsner billed to, and collected from, the Louisiana Medicaid for administering Sanofi manufactured Taxotere products to Ms. Durden. A copy of Molina's certification was attached to my November 7, 2018 correspondence to Your Honor.

Since then, and at Sanofi's request, Molina has issued another affidavit that purports to limit this important identification information. Through its efforts to coordinate with counsel for Ochsner and Molina, Sanofi has obtained information on which it bases its position that Plaintiff has no proof of product identification.

**I.     Background of Undersigned Counsel's Efforts to Seek Information from Ochsner.**

Plaintiff has diligently pursued product identification in her case from the very beginning of this litigation. Despite her best efforts, Plaintiff has endured repeated obstacles, including the receipt of misinformation from Ochsner. *See* Exhibit A, Timeline of Plaintiff's Requests for Product Identification to Ochsner. After persistently seeking a response from Ochsner for over a year, counsel received a fax from Ochsner employee Ashley Canty with a handwritten NDC number identifying Sanofi as the manufacturer of the Taxotere administered to Ms. Durden. *See* Ex. A. At the time counsel received this information, on April 19, 2017, the Court had not entered

Plaquemine
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765

T (225) 687.6396
F (225) 687.6398
pbclawfirm.com

New Orleans
1515 Poydras Street,
New Orleans, LA 70112

T (504) 355.0086
F (504) 523.0699
pbclawfirm.com

Page 1 of 6

CMO 12 or CMO 12A. However, Plaintiff's counsel continued to request that Ochsner complete a chemotherapy checklist on behalf of Ms. Durden. *See* Exhibit A.

On February 14, 2018, approximately one month after the Court entered CMO 12, Sanofi issued its own request to Ochsner for NDC numbers in Ms. Durden's case. Sanofi did not alert Plaintiff's counsel to its request or raise any concerns regarding product identification with Plaintiff's counsel. On or about, March 5, 2018, Ochsner responded to Sanofi's request stating that it could not comply and that "due to the age of the dates of service, the NDC code information is unavailable" for Ms. Antoinette Durden. *See* Exhibit B, First Statement from Ochsner. The statement from Ochsner was unsigned.

Ironically, Sanofi nominated Ms. Durden's case on that same date, March 5, 2018, as a representative case that should be selected for trial but failed to disclose the existence of the statement it had obtained from Ochsner. Ms. Durden's case was the only case nominated by both parties, and she was selected by this Court to serve as the first trial plaintiff in this MDL on March 9, 2018. Three days later, on March 12, 2018, Sanofi uploaded the unsigned statement it had obtained from Ochsner to MDL Centrality and made no effort to alert Plaintiff's counsel as to any perceived issues with product identification.

On March 20, 2018, my office obtained a signed NDC checklist from Ochsner employee Ashley Canty which once again identified Sanofi as the manufacturer of the Taxotere product administered to Ms. Durden. See Exhibit C, Ashley Canty Affidavit. This NDC checklist certification was uploaded to MDL Centrality on March 21, 2018. On April 5, 2018, Sanofi reached out to Plaintiff's counsel seeking to obtain a deposition date for Ms. Canty along with other additional witnesses. As Plaintiff would later learn, Sanofi's counsel reached out to Ochsner's in-house counsel on April 9, 2018 regarding the certification signed by Ms. Canty and called into question other "similar certifications" that Sanofi wanted to discuss with Ochsner over the phone. After speaking with in-house counsel for Ochsner, on April 17, 2018, Sanofi received a letter from Ochsner in which Ms. Canty recanted her certification of the NDC checklist for Ms. Durden.

Thereafter, my office sent multiple requests and subpoenas.[1] Meanwhile, counsel for Sanofi began to pressure Plaintiff to remove her case from the trial pool, the same case which it represented to this Court was representative and should be selected for trial.

On August 23, 2018, counsel for Sanofi sent me a letter requesting that I remove Ms. Durden from her Court-selected position as the primary trial plaintiff for the first bellwether trial in this MDL. Although I made clear that numerous requests were still outstanding counsel for

---

[1] On June 1, 2018 counsel sent a request to Ochsner for Health Insurance claim form information regarding Ms. Durden. On August 13, 2018 counsel once more sent a request to Ochsner seeking "Patient Revenue Cycle" records after being advised that this was a term commonly used at Ochsner. Counsel's office followed up on this request on August 14, 2018 and was informed that the request should be processed within 7-10 days. Despite numerous follow-ups, my office has yet to receive a formal response. Additionally, undersigned counsel issued and served a subpoena on Ochsner, directed to associate general counsel Meredith Miceli, on August 21, 2018 for NDC information. Ochsner has not agreed to a date for a deposition, despite agreeing to produce an Ochsner witness at Sanofi's request on November 7, 2018 (the deadline for Phase II discovery), which was cancelled by counsel for Sanofi at 7:30 p.m. the evening before said deposition.

Sanofi moved forward with requesting a status conference with your Honor on September 9, 2018. At the time of the conference on September 20, 2018, Sanofi's counsel asked this Court to remove Ms. Durden from the trial pool on the basis of Ms. Canty's rescission and what defense counsel described as a lack of NDC codes. At the time, I represented to the Court that there were other means, aside from NDC codes, that could prove product identification including determining which manufacturers manufactured a 20mg docetaxel dose during the time of Plaintiff's use of Taxotere. While I continue to stand by this position, Plaintiff was able to obtain NDC numbers in her case from Molina, on behalf of Louisiana Medicaid, and from Ochsner.

> II. **Ms. Durden's Billing Records Produced by Ochsner and the Certification Produced by Molina Medicaid Services Clearly Establish that Ochsner Billed the Louisiana Department of Medicaid, by NDC Numbers, for Sanofi Manufactured Taxotere Products Administered to Ms. Durden.**

On September 7, 2018, Plaintiff served a 30(b)(6) notice and related documents subpoena on Ochsner.[2] That 30(b)(6) deposition of a corporate representative for Ochsner was originally noticed for October 10, 2018. Following service of the 30(b)(6) subpoena, Plaintiff's counsel and liaison counsel were contacted by outside counsel for Ochsner, Lesa Colon, who requested an extension of time to produce a witness for the 30(b)(6). As a professional courtesy, Plaintiff granted the extension.

While awaiting a new date for the 30(b)(6) deposition to proceed, Plaintiff received a production from Ochsner on October 12, 2018, which was responsive to Plaintiff's documents subpoena. Specifically, Ochsner produced an Excel Spreadsheet containing data, regarding the drugs administered to Ms. Durden during the timeframe of her chemotherapy treatment identified by individual NDC numbers, for which Ochsner had billed the Louisiana Department of Medicaid for reimbursement. *See* Exhibit D.[3] Additionally, on that same date, Ochsner produced an Excel Spreadsheet of Ms. Durden's patient specific Superbill (attached hereto as Exhibit E), a Certification of the docetaxel products purchased by Ochsner during the time period of March 2011 to February 2012 signed by the Manager of Inpatient Pharmacy which establishes that the only 20mg Taxotere products purchased by Ochsner were manufactured by Sanofi/Winthrop (attached hereto as Exhibit F), and a copy of the medical billing records and chemotherapy administration records from Ms. Durden's patient file (attached hereto as Exhibit G). After the production of these documents, Ochsner's counsel stated to me that the documents clearly indicated that the docetaxel product administered to Ms. Durden was a Sanofi/Winthrop product.

---

[2] Plaintiff will provide Your Honor with copies of any such discovery pleadings, if Your Honor wishes to see them; however, for the sake of brevity, discovery documents and correspondence referenced in the instant letter generally are not attached hereto.

[3] Exhibit D was produced in response to a 30(b)(6) Deposition and Related Documents Subpoena sent to Ochsner. Upon production, the document was entitled as "270090 Durden LA Medicaid Billing Details with MRN." This spreadsheet contains entries for billing information submitted by Ochsner to Medicaid on behalf of patient Antionette Durden. A review of the document shows that the only docetaxel NDC(s) ever billed to Medicaid on behalf of Antionette Durden were Sanofi NDC(s). These entries can be found within Exhibit D on the following lines: 89, 90, 108, 120, 132, 144, 156, 168, 180, 188, 196, 210, 224, 238, 254, 265, 276, 287, 309, 331, 353, 361, 362, 363, 370, and 378.

Subsequently, on October 25, 2018, Molinia Medicaid Solutions, the claims processor for the Louisiana Department of Medicaid, produced a certification responsive to Plaintiff's subpoena previously served on Molina. The certification from Molina confirms that Ochsner did in fact bill the Louisiana Department of Medicaid, and was reimbursed by Medicaid, for administering Sanofi manufactured Taxotere to Ms. Durden on six separate occasions. *See* Exhibit H.

These productions overwhelmingly establish that Sanofi is the manufacturer of the six (6) doses of Taxotere administered to Ms. Durden. Yet, despite obtaining said NDC codes, Sanofi continues to attempt to muddy the water on this issue. Unless Ochsner is admitting to billing Louisiana Medicaid for a product that was not administered, the Taxotere administered to Ms. Durden was Sanofi's Taxotere.

### III. Despite the NDC Evidence Specific to Ms. Durden, Sanofi has Continued to Challenge Product ID in Ms. Durden's case.

Following the production made by Ochsner, on October 23, 2018, Sanofi served Ochsner with a subpoena and a 30(b)(6) notice that included all the topics Plaintiff had requested in her notice as well as requesting the deposition of the pharmacist Neil Hunter who signed the certification of Ochsner's purchase history. Both the 30(b)(6) deposition and the deposition of Neil Hunter were set for November 7, 2018 (the discovery cutoff date in this case) at 1:00 p.m. and 9:00 a.m. respectively.

On the evening of November 6, 2018, at 7:12 p.m. Ochsner's counsel sent Plaintiff's counsel and Sanofi's counsel an Affidavit of Neil Hunter with three exhibits including a CMO 12 "Statement Regarding Chemotherapy Drug Administration. *See* Exhibit I (1-4). In response, at 7:34 p.m., counsel for Sanofi replied stating, "Sanofi has reviewed the information provided and can confirm that tomorrow's deposition of Neil Hunter is adjourned." Although Plaintiff requested that Mr. Hunter's deposition proceed as scheduled, considering it was cancelled after business hours on the evening before it was scheduled to proceed, both Sanofi's counsel and Ochsner's counsel resisted and determined that the deposition would not proceed as scheduled.

Plaintiff has not been provided any details on Sanofi's *ex parte* communications with third party witness Neil Hunter or Ochsner's counsel. However, an examination of the last second affidavit submitted by Mr. Hunter reveals that the new language adopted in his affidavit dovetails with Sanofi's own positions. By way of example, several of the paragraphs contained within Mr. Hunter's affidavit focus on dose, concentration, and various manufacturers in a similar manner to the seventy-two (72) Requests for Admission propounded by Sanofi's counsel on October 5, 2018 and/or in letter(s) from Sanofi's counsel to me. These RFAs and letter(s) were never shared by Plaintiff with Ochsner's counsel. Plaintiff's original requests sent to Ochsner never sought information related to strength or concentration of docetaxel products. Rather, Plaintiff's efforts were focused on NDC identification information unique to Ms. Durden.

To further frustrate matters, on the morning of November 7, counsel for Sanofi informed Plaintiff's counsel that "Ochsner is unable to produce a witness in response to Sanofi's subpoena for 1 p.m. today." Later that morning, at 10:03 a.m., Ochsner's counsel wrote to Plaintiff's

counsel that "there is no witness to produce for Sanofi's deposition today." In response, Plaintiff cross-noticed Sanofi's 30(b)(6) deposition and is awaiting a response from Ochsner on dates for the deposition to go forward. Furthermore, Plaintiff is still waiting for Ochsner to provide dates for the 30(b)(6) that she noticed back on September 7, 2018. Despite producing Ms. Durden's Medicaid Billing Details, which clearly set forth that Ochsner billed Medicaid for administering Sanofi products to Ms. Durden, Ochsner has offered no affidavit of the person who created this document. Despite the clear credibility issues with Ochsner's statements in connection with Ms. Durden's case, both Sanofi and Ochsner have avoided a deposition.

Nonetheless, the one piece of evidence that Ochsner cannot change or recant, is the evidence of NDC numbers it billed to the Louisiana Department of Medicaid for services provided to Antionette Durden.

Sanofi remains steadfast in its campaign to disrupt and question these documents. Just this morning, I received an updated affidavit from Molina Medicaid Solutions, through its counsel who stated the affidavit was being provided at the request of Sanofi's counsel. The affidavit purports to clarify that Molina Medicaid Solutions was not present for the actual administration of Taxotere to Ms. Durden, a fact that is not helpful to the inquiry at issue.

Sanofi has tirelessly set out to muddy the waters and disrupt product identification efforts in Ms. Durden's case. Even when she obtained product identification that satisfies the standards set forth in CMO 12A, Sanofi continues to dispute it.

Interestingly, in the remaining trial cases of Earnest and Francis, despite representing to this Court that it was not disputing product identification during our in-chambers conference, Sanofi's counsel refuses to stipulate to product identification, which will force Plaintiffs to file summary judgment motions in these trial pool cases as well. If product identification evidence is not going to be disputed at trial, it seems appropriate to have either a stipulation to sole manufacturer status under the LPLA or a Rule 56 determination of said status.

### IV.     Conclusion.

As set forth hereinabove, I believe that conclusive evidence has been presented to the Court and that Ms. Durden's case should proceed to trial as the first bellwether plaintiff. If the Court disagrees that the evidence is conclusive at this time, Plaintiff respectfully requests that the cancelled 30(b)(6) deposition of Ochsner's representatives be reconvened *post haste* in Your Honor's chambers. Plaintiff would further request that this Court hold an evidentiary hearing on this matter and/or permit the filing and argument of an appropriate Rule 56 motion.

Based on the positions currently adopted by Sanofi and Ochsner, this is a simple matter to resolve. Either Ochsner improperly billed Medicaid for a Sanofi product that Ms. Durden did not receive, or the information billed to Medicaid is truthful and accurate. As the Court-selected primary representative plaintiff for this MDL's first bellwether trial, Ms. Durden, and this Court and the parties, would benefit from conclusion of this important manufacturer identification question. Without such opportunity, and considering the massive amount of resources and effort

the parties and the Court have expended to bring Ms. Durden's case through submission of her experts' reports last week, Plaintiff will be severely prejudiced.

Very truly yours,

*/s/Christopher L. Coffin*

CLC/jpr
/enclosures

cc: Harley V. Ratliff, Esq.
Douglas J. Moore, Esq.
John F. Olinde, Esq.
Karen B. Menzies, Esq.
Dawn M. Barrios, Esq.
M. Palmer Lambert, Esq.