UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| Maria Greendyk, | : : | SECTION "N" (5) JUDGE MILAZZO |
| Plaintiff, | : : | MAG. JUDGE NORTH |
| vs. | : : : | Civil Action No. 2:17-cv-15259 |
| SANOFI S.A., AVENTIS PHARMA S.A., and SANOFI-AVENTIS U.S. LLC, separately, and Doing business as WINTHROP U.S. | : : : : | |
| Defendants. | : : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT**

Plaintiff, Maria Greendyk, through her undersigned counsel, respectfully brings this Motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rules 7.1-2.

Plaintiff filed her original Amended Short Form Complaint on December 6, 2017 in the Eastern District of Louisiana, and the Defendants were served pursuant to PTO 9. In her Complaint, Plaintiff named Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, and Sanofi-Aventis U.S., LLC, individually and d/b/a Winthrop U.S. Plaintiff believed, at the time of filing her complaint, that her medical records (and/or related testimony) would be adequate in establishing Sanofi-brand Taxotere use.

Pursuant to CMO 12 ordered on January 12, 2018 and amended CMO 12 ordered on July 24, 2018, Plaintiff endeavored to obtain sufficient proof of product identification. Plaintiff made a diligent, good faith, documented effort to obtain National Drug Code (NDC) and product identification information as outlined in CMO 12. Upon requesting the information from Plaintiff's treating provider, Counsel for Plaintiff received Exhibit B *Statement Regarding Chemotherapy Drug Administered*, from Bryn Mawr Medical Specialists Association, which also included an attachment

of all possible batch numbers. This document was dated December 20, 2017. The infusion facility returned NDC information indicating that Plaintiff was treated with docetaxel at the facility during the time the facility purchased docetaxel from the following manufacturers: Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and/or Hospira, Inc. This is the first time that Plaintiff could have reasonably discovered the true manufacturer of the docetaxel used in her treatment.

Pursuant to the procedures outlined in PTO 37A, Counsel for Plaintiff contacted Counsel for Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira, Inc. in an effort to obtain consent to file Plaintiff's Motion for Leave to Amend her Short Form Complaint as unopposed. Relatedly, Counsel for Plaintiff contacted Counsel for Sanofi in an effort to dismiss the named Sanofi Defendants. On November 6, 2018, Sanofi consented to Plaintiff's pleadings and dismissal related to her Motion for Leave to amend her complaint given the newly obtained product identification. However, on November 6, 2018, Counsel for Accord stated that they opposed Plaintiff's proposed motion for leave to amend her complaint.[1]

Plaintiff was diligent in her compliance with Court's Orders. CMO 12 required Plaintiff endeavor to obtain NDC and product identification information in an effort to ensure the named Defendants on the short form complaint were accurate. Similarly, PTO 37A and the Federal Rules require Plaintiff to amend her complaint as soon as she reasonably became aware of the proper party defendants. Indeed, such amendments were expected and have been commonplace following CMO 12. Plaintiff's proposed amendment would reflect a correction following Plaintiff's product

---

[1] Counsel for Accord has stated that its reason for opposing Plaintiff's motion is that they do not believe the product identifying documentation is sufficient under CMO 12A, specifically stating that the certification provided does not show which manufacturer's docetaxel plaintiff received. This argument is without merit because Plaintiff received docetaxel infusions from December 20, 2011 to April 4, 2012 and during this time period, the infusion facility purchased docetaxel manufactured by Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and/or Hospira, Inc. Although additional discovery will need to be conducted, it is a fact that one or more of these named manufacturers manufactured the docetaxel injections Plaintiff received. It is also a fact that Plaintiff did not receive any docetaxel manufactured by the Sanofi entities.

identification and satisfaction of CMO 12. Accordingly, and pursuant to Court Order, Plaintiff seeks to remove and dismiss the Sanofi entities as Defendants and substitute in Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and/or Hospira, Inc. as the proper Defendants. Defendants would not be prejudiced by this amendment, and its sole purpose is to identify the docetaxel product that was used in Plaintiff's case. For these reasons, Plaintiff request that this Court grant leave to file an Amended Complaint.

Respectfully submitted, this the 17th day of December, 2018.

**PULASKI LAW FIRM, PLLC**
/s/ Leslie LaMacchia
Leslie LaMacchia
Adam Pulaski
2925 Richmond, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
Fax: (713) 664-7543
llamacchia@pulaskilawfirm.com
adam@pulaskilawfirm.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing Plaintiff's Memorandum in Support of her Motion for Leave to Amend Complaint has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) and Local Rule 5.4 of the Eastern District of Louisiana.

Dated this 17th day of December, 2018.

/s/ Leslie LaMacchia
Leslie LaMacchia
Adam Pulaski
2925 Richmond, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
Fax: (713) 664-7543
llamacchia@pulaskilawfirm.com
adam@pulaskilawfirm.com

*Counsel for Plaintiff*