UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 16-2740 |
| | SECTION: "H" (5) |
| This document relates to: Kelly Gahan Case No.:2:16-cv-15283 | |

## ORDER AND REASONS

Before the Court is Plaintiff Kelly Gahan's Motion for Reconsideration of Court's Order Granting in Part Sanofi's Motion for Rule 37 Sanctions (Doc. 4201). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

For a discussion of the facts relevant to this dispute, see the Court's Order and Reasons dated August 22, 2018 (Doc. 3917).

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[1] "Under Rule 54(b), 'the trial court is free to reconsider

---

[1] Although Plaintiff seeks review of this Court's Order and Reasons under Rule 59(e), the Fifth Circuit recently explained that Rule 54(b) provides the proper standard for review of an order that does not dispose of all claims against all parties. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (noting that a grant of summary judgment that left remaining a counterclaim was "interlocutory" such that Rule 54(b) provided the proper standard for analyzing a motion to reconsider the previous grant of summary judgment). Because the Court's August 22, 2018 Order and Reasons is an interlocutory order, Rule 54(b) provides the proper standard to review Plaintiff's Motion for Reconsideration. *See* FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *McClendon*, 892 F.3d at 781–82; Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017). *See also* Int'l Corrugated & Packing Supplies, Inc. v. Lear Corp., 694 F. App'x 364, 366 (5th Cir. 2017) (holding that a district court abused its discretion in applying the Rule 59(e) standard when reviewing an interlocutory order pursuant to Rule 54(b)).

1

and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[2]

## **LAW & ANALYSIS**

The goal of the multidistrict litigation process is to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact" that are pending in different districts.[3] If realized, hundreds or thousands of cases "will proceed toward resolution on the merits with less burden and expense overall than were each litigated through pretrial individually."[4] In an MDL,

> [c]lose judicial oversight and a clear, specific, and reasonable management program, developed with the participation of counsel, will reduce the potential for sanctionable conduct because the parties will know what the judge expects of them. . . . Although sanctions should not generally be a management tool, a willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the management program.[5]

Because multidistrict litigation is a "special breed of complex litigation where the whole is bigger than the sum of its parts," the district court "needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line."[6]

Plaintiff Gahan has not identified any manifest error of law or fact or any newly discovered evidence. Gahan first asserts that the Court's order is based on a mistake of fact because the Court found that Gahan did not produce all of the photographs she sent to Dr. David Weinstein. At the same time, however, Gahan admits that her production was less than complete—she states that her production included "every photograph in Dr. Weinstein's production set *except one*."[7]

---

[2] *Austin*, 864 F.3d at 336 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[3] 28 U.S.C. § 1407(a).
[4] In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006).
[5] *Id.* at 1232 (quoting MANUAL FOR COMPLEX LITIGATION § 10.151 at 15).
[6] *Id.* at 1232.
[7] Doc. 4201-2 at 5 (emphasis added).

Even if Gahan had produced every photograph she sent to Dr. Weinstein, the Court's sanctions order would remain sound. As the Court wrote in its Order and Reasons imposing sanctions, Rule 37(b)(2)(A) authorizes a district court to impose just sanctions on a party who refuses to obey a valid discovery order.[8] The rule provides that a district court may impose severe sanctions such as dismissing the entire action or treating the failure to obey as contempt of court.[9] Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."[10]

In its Order and Reasons, the Court made the specific factual finding that Gahan repeatedly omitted information from her Plaintiff Fact Sheet.[11] In doing so, she violated multiple court orders, including Pretrial Order No. 18, which facilitates discovery in this case.[12] Not only that, the Pretrial Orders in this case are part of the "clear, specific, and reasonable management program" for this MDL, and the program has been "developed with the participation of counsel."[13] This makes Gahan's conduct even more inexcusable. Plaintiff Gahan knows what is expected of her in this MDL, and yet she willfully failed to comply—and is continuing to do so.

In *Phenylpropanolamine (PPA) Products Liability Litigation*, the Ninth Circuit upheld a district court's decision to dismiss cases in which plaintiffs delayed in completing their Plaintiff Facts Sheets.[14] The court wrote:

---

[8] FED. R. CIV. P. 37(b)(2)(A).
[9] *Id.*
[10] *Id.*
[11] Rec. Doc. 3917 at 8.
[12] Exhibit A of PTO No. 18 is the original Plaintiff Fact Sheet, which provides as follows:

> This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Taxotere by the plaintiff or a plaintiff's decedent. . . . In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge.

This language has remained in the Plaintiff Fact Sheet through rounds of revisions. See Doc. 688 (Pretrial Order No. 55) adopting revised Plaintiff Fact Sheet (Doc. 673-2).
[13] *PPA Prods. Liab. Litig.*, 460 F. 3d at 1232.
[14] *Id.* at 1233–35.

3

> The district court found that the unreasonable delay in completing Fact Sheets prejudiced the defendants' ability to proceed with the cases effectively. It explained that the purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint. We defer to this assessment. The court also found that [the plaintiffs'] inability or unwillingness to furnish the information requested in a timely fashion was not excusable. Deference is due to this finding as well. Failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records.[15]

The plaintiffs argued that their noncompliance was not the result of willfulness or bad faith, but the Ninth Circuit concluded that, because their conduct was not outside of their control, dismissal was an available sanction under Rule 37.[16] The court further noted that "[s]ound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added."[17]

This Court is trying to manage this MDL as efficiently and justly as possible. In its original Order and Reasons, this Court concluded that, in light of Gahan's evasive conduct, which constitutes bad faith, sanctions were necessary to serve as a deterrent to other litigants in this MDL. The Court stands by its conclusion.

In her Motion for Reconsideration, Gahan further asserts that this Court made a mistake of fact in finding that Gahan provided no explanation for why she instructed the VA not to release her records. Gahan questions whether the Court reviewed her "supplemental brief" on this subject. The Court reviewed the brief and indeed found that Gahan provided no explanation—certainly not a satisfactory one.

The letter from the VA to Sanofi makes clear that Gahan had instructed the VA not to release her records; yet in her supplemental brief, Gahan denies that she gave any such instruction. The VA letter reads, "Dr. Gahan informed our office to *not*

---

[15] *Id.* at 1234.
[16] *Id.* at 1233.
[17] *Id.* at 1234.

4

release her employment or medical records to Veritext and that she would provide her employment information directly to Veritext."[18] The letter even provided instructions in the event that Gahan's "desire to release her employment information has changed."[19] Despite how clear it is that Gahan's interference influenced the VA's decision, Plaintiff notes that "it is unclear how Dr. Gahan's consent or non-consent would be relevant with respect to a FOIA request for her employment records."[20] Nonetheless, Gahan asserts that she "did not direct the VA to not send her employment file, because it was never her understanding she could do so."[21] She asserts that "[i]f her indication to the VA that she would personally obtain her full file led the VA to believe she did not consent to the release of any part of her file, that was simply an unfortunate but understandable miscommunication."[22]

Plaintiff expects the Court to believe (1) that she did not instruct the VA to withhold her records and (2) that she was going to go the extra mile and obtain the full file herself. Tellingly, however, Gahan did not produce her employment records until Sanofi filed its supplemental brief and drew the Court's attention to Gahan's conduct. Frankly, Gahan's explanation is implausible. Her instruction to the VA fits into a larger picture of Gahan's evasive conduct. Accordingly, in the interests of a clear record, the Court specifically finds that Gahan instructed the VA to withhold her records from Sanofi. This supports the Court's general finding that Gahan is not complying with the discovery process in this case. Because this is an MDL and Gahan knows what is expected of her, sanctions were especially appropriate to stop Gahan—and to deter any other plaintiff—from interfering with discovery.

In another argument, Gahan asserts that Rule 37(a) does not allow the Court to award expenses to Sanofi. Rule 37(a) provides that, if the requested discovery is provided after the filing of a motion to compel, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in

---

[18] Doc. 3505-4.
[19] *Id.*
[20] Doc. 3519 at 3 n.3.
[21] *Id.* at 4.
[22] *Id.*

5

making the motion, including attorney's fees.[23] However, under the rule, a court must not order this payment if (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.[24]

While this Court awarded Sanofi expenses under Rule 37(b), Gahan asserts that such an award normally requires a finding that the disobedient party failed to obey an order under Rule 37(a). While this may normally be so, this Court concludes that a violation of PTO 18 is sufficient to support Rule 37 sanctions in this MDL. The purpose of Rule 37 is to "provide[ ] generally for sanctions against parties or persons unjustifiably resisting discovery."[25] Gahan is unjustifiably resisting discovery— indeed, she is willfully interfering with it. To more efficiently enforce Rule 37 and ensure that all plaintiffs in this litigation understand their discovery obligations, this Court will uphold its sanctions order.

Lastly, Gahan argues that Rule 37(a)(1) requires a good faith conferral to resolve a discovery dispute without court action. As previously noted, an MDL court has broad discretion, and an MDL court may impose sanctions for the purpose of deterring other plaintiffs. The Court is not condoning the failure to confer that may have happened here, but the Court is making clear that the plaintiffs in this litigation are expected to comply with their discovery obligations.

## CONCLUSION

For the foregoing reasons, Plaintiff Kelly Gahan's Motion for Reconsideration of Court's Order Granting in Part Sanofi's Motion for Rule 37 Sanctions (Doc. 4201) is **DENIED**;

---

[23] FED. R. CIV. P. 37(a)(5)(A).
[24] FED. R. CIV. P. 37(a)(5)(A)(i)–(iii).
[25] ABC Advertising Agency, Inc. v. Blount, Civil Action No. 5:06-CV-166-C ECF, 2007 WL 9718482, at *2 (N.D. Tex. Mar. 20, 2007) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2960 (2d ed. 1994) (quoting Advisory Committee Note to 1970 amendments of Rule 37, 48 F.R.D. at 538)).

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Extension of Time to Submit Written Discovery Responses (Doc. 4707) is **DENIED**, as Plaintiff has not raised any valid reason for an extension of time to comply with her discovery obligations;

**IT IS FURTHER ORDERED** that Plaintiff Gahan amend her Plaintiff Fact Sheet and comply with this Court's August 22, 2018 Order and Reasons no later than January 15, 2019. Should Plaintiff Gahan fail to do so, her case will be dismissed.

New Orleans, Louisiana, this 20th day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**