UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENTS RELATES TO**
*Kelly Gahan*
Case No. 16-15283

### DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendants Sanofi-aventis U.S. LLC and Sanofi US Services Inc.'s ("Defendants") set forth the following undisputed facts in support of their motion for summary judgment.

1. Plaintiff is a 37-year-old emergency room physician in Aurora, Colorado. Ex. E, Deposition of Kelly Gahan ("Gahan Dep.") at 62:12-63:12.

2. She graduated from the University of Colorado Medical School in 2007. *Id.* 59: 8-17. She has no expertise in oncology. *Id.* 64:3-4.

3. On January 14, 2013, Plaintiff was diagnosed with breast cancer, type PR-positive, ER-positive, and HER2 positive. *Id.* 50:20-24; Ex. F, PFS at p. 11.

**A. Plaintiff's Decision to Undergo Chemotherapy**

4. Following her diagnosis, Plaintiff's perspective was that she should "get a second opinion, I'm going to look at the literature, I'm going to try to see what the best course of action here would be." Ex. E, Gahan Dep. 99:1-15.

5. She began seeking treatment options in January 2013. Ex. F, PFS at 12; Ex. E, Gahan Dep. 72: 18-20.

6. On January 22, 2013, Plaintiff saw Dr. Borges and discussed options for treating her breast cancer. (Ex. G, Dr. Borges' record 1/22/13).

7. Plaintiff and Dr. Borges discussed chemotherapy options and Dr. Borges recommended a chemotherapy regimen called TCH, which included docetaxel (T),[1] carboplatin (C), and Herceptin (H). *Id*. The second opinion Plaintiff obtained also suggested the Taxotere regimen. (Ex. H, Conlon M.D. note 1/24/13).

8. Plaintiff began the Taxotere chemotherapy regimen on March 28, 2013. Ex. E, Gahan Dep. 254:13-16; *see also* Ex. I, SFC at ¶ 9.

9. Plaintiff's last dose of chemotherapy was administered on July 11, 2013. Ex. E, Gahan Dep. 254:19-21. Plaintiff is currently cancer-free. Ex. F, PFS at 16.

10. Prior to beginning chemotherapy treatment in March 2013, Plaintiff performed additional medical research about taking Taxotere because she read posts on the "Taxotears" Group's website and was concerned that Taxotere could of permanent hair loss. Ex. E, Gahan Dep. 23:2-14.

11. Plaintiff also reviewed medical literature, case studies, and articles about persistent or permanent hair loss from chemotherapy regimens, including Taxotere. *E.g.*, *id.* 23:24-31:25.

12. Dr. Borges informed Plaintiff that she had consulted on or treated hundreds of women a year that used Taxotere for breast cancer treatment. Ex. D, Dr. Virginia Borges Dep. ("Borges Dep.") 74:4-14.

13. Prior to chemotherapy, Plaintiff asked Dr. Borges if there was a risk of permanent alopecia from Taxotere. Ex. E, Gahan Dep. 217:16-20.

---

[1] Docetaxel is the generic version of Taxotere. For ease of reference, Defendants use Taxotere interchangeably.

14. Plaintiff believes Dr. Borges informed her that the risk of permanent or persistent alopecia with Taxotere was very small. Ex. E, Gahan Dep. 217:16-218:5; *see also id.* 226:7-16.

15. Dr. Borges presented Plaintiff with two chemotherapy regimens: TCH and ACTH. The second regimen did not contain Taxotere. Dr. Borges was in favor of the TCH regimen over ACTH. Ex. D, Borges Dep. 281:2-25.

16. Plaintiff does not blame Dr. Borges "at all" for her persistent or permanent alopecia. Ex. E, Gahan Dep. 221: 12-20. Nor does Plaintiff believe that Taxotere should be pulled from the market because it is an effective chemotherapy drug. *Id*. 224:24-226:1.

### B. Dr. Borges' Treatment of Plaintiff

17. Dr. Borges' first patient that developed persistent alopecia after taking a docetaxel-containing chemotherapy regimen occurred in 2011. Ex. D, Borges Dep. 26:1-27:5. This patient was treated with a TCH regimen: docetaxel, carboplatin, Herceptin, for HER2-postive breast cancer. *Id*. 27:2-13.

18. Since 2011, Dr. Borges has had seven patients that exhibited persistent alopecia due to chemotherapy. *Id*. 27:14-28:6. Dr. Borges has treated hundreds of patients in the adjuvant breast cancer setting and she routinely uses TCH (and now TCHP) because of the safety profile. *Id*. 30:15-31:10.

19. TCH is Dr. Borges' preferred chemotherapy regimen in the adjuvant breast cancer setting, and that is what she was recommending to patients when Plaintiff received her chemotherapy treatment in 2013. *Id*. 33: 10-23.

20. Dr. Borges began warning her patients in 2013 (before seeing Plaintiff) that there was a risk of persistent chemotherapy-induced alopecia from the TCH regimen. *Id*. 50:15-51:12.

21. Dr. Borges testified that she specifically warned Plaintiff that she had seen persistent or permanent chemotherapy-induced alopecia from taxanes in three patients prior to her TCH treatment. She also provided Plaintiff with Dr. Scot Sedlacek's article regarding persistent or permanent alopecia from such treatment. *Id.* 51:13-25.

22. While Plaintiff was not looking forward to losing her hair, she decided the process of hair preservation was not worth the risk of leaving circulating tumor cells in her body. Ex. A, Gahan Dep. 250:13-251:6.

23. Dr. Borges' opinion is that TCH is a superior regimen to ACTHP regimen. Ex. F, Borges Dep. 34.15-21.

24. Dr. Borges discussed "extensively" with Plaintiff her options of ACTH versus TCH prior to her chemotherapy. *Id*. 74:8-75:17.

25. Dr. Borges discussed with Plaintiff her experiences with TCH, including anecdotal information about three patients that developed chemotherapy-induced alopecia. Dr. Borges testified that each agreed on TCH and that Dr. Borges implemented the TCH regimen they agreed on. *Id*. 76:6-12; *see also* Ex. E, Gahan Dep. 75:2-13.

26. Dr. Borges and Plaintiff discussed many times the pros and cons of ACTH versus TCH because of the hair loss issue being weighed against the other concerning side effects of the ACTH, including cardiomyopathy and the secondary leukemia. Ex. D, Borges Dep. 78:20-79:21.

27. Dr. Borges testified that plaintiff weighed the risk profiles of the two chemotherapy regimens, TCH and ACTH, and decided to take TCH. *Id.* 77:9:15. In fact, Dr. Borges advised Plaintiff that, if it were her, she would take the TCH regimen and use the cold caps. *Id*. 77:22-78:4.

28. Dr. Borges discussed with Plaintiff the risk of alopecia, bone marrow suppression, life-threating infection, death, temporary or permanent menopause and infertility, neuropathy,

heart damage, and secondary leukemia. Dr. Borges believes the TCH regimen is a good, effective regimen and, in fact, it is a "lifesaving" regimen and "one of the best things we've ever done in breast cancer." *Id*. 140:3-18; *see also id*. 33:1-6.

29. Dr. Borges' recommendation that Plaintiff take the TCH regimen and use cold caps remains true today. *Id.* 107:5-13.

30. No label change to Taxotere would have changed Dr. Borges' recommendation. *Id*. 107:14-22.

31. Dr. Borges would not have stopped using Taxotere as part of her treatment with Plaintiff even if there had been a label change that indicated permanent hair loss, because she would "not forego life-saving chemotherapy for any risk." *Id*. 48:23-49:14.


Date:  January 7, 2019

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)  Harley Ratliff
**IRWIN FRITCHIE URQUHART & MOORE LLC**  Adrienne L. Byard
400 Poydras Street, Suite 2700  **SHOOK, HARDY & BACON L.L.P.**
New Orleans, LA  70130  2555 Grand Boulevard
Telephone: 504-310-2100  Kansas City, Missouri 64108
Facsimile:  504-310-2120  Telephone: 816-474-6550
dmoore@irwinllc.com  Facsimile:  816-421-5547
 hratliff@shb.com
 abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*