UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 16-2740 |
| | SECTION: "H" (5) |
| **This document relates to:** Frances Dennis v. Hospira Worldwide, LLC, et al., No. 17-14615 | |

## ORDER AND REASONS

Before the Court is Plaintiff Frances Dennis's Motion for Reconsideration of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order (Doc. 4674). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff filed her complaint in this matter on December 5, 2017.[1] Under Amended Pretrial Order No. 22, Plaintiff was required to submit a complete and verified Plaintiff Fact Sheet ("PFS") to Defendants within 75 days of the date she filed her complaint.[2] Amended PTO 22 provided that a failure to comply could result in dismissal.[3] Specifically, Paragraph 5 of the PTO provided as follows:

> Plaintiffs who fail to provide a complete and verified PFS, signed and dated Authorizations, and all responsive documents requested in the PFS within the time periods set forth herein shall be given notice of deficiency via MDL Centrality within forty-five (45) days of service of the PFS, and shall be given thirty (30) days to cure such deficiency. Afterwards, Defendants may add the name and case number of any Plaintiff who fails to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference. No briefing is required. Any Plaintiff who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Plaintiff to show cause

---

[1] Doc. 4674-1 at 1.
[2] Doc. 325 at 2, ¶ 3.
[3] *Id.* at 3, ¶ 5.

why her Complaint should not be dismissed with prejudice. Failure to timely comply may result in a dismissal of Plaintiff's claim.[4]

Pursuant to PTO 22A, which supplements Amended PTO 22, Defendants included this case in the Notice of Non-Compliance provided to Plaintiffs' Liaison Counsel on August 3, 2018.[5] Dennis was then required by PTO 22A to comply with her obligations within 30 days and confirm compliance by email.[6] Pursuant to Paragraph 3 of PTO 22A, the parties met and conferred.[7] Defendants then identified Plaintiff in their Notice of Non-Compliance filed with the Court prior to the September 27, 2018 Dismissal Call Docket.[8]

At the show cause hearing on September 27, 2018, Plaintiff's counsel explained that had been trying to obtain a completed PFS from their client for about nine months.[9] They had mailed Plaintiff Dennis a fact sheet on four different occasions and spoken with her at least 20 times.[10] Counsel sent a courier to her with the fact sheet, and she refused the courier.[11] She then expressed her intent not to proceed with her claim.[12] Based on this information, the Court dismissed Dennis's claim with prejudice, finding that counsel "exercised appropriate due diligence, but unfortunately this client has failed to exercise her obligations in this lawsuit."[13]

After the hearing, Plaintiff's counsel learned that Dennis had attempted to contact them on the eve of the hearing but, due to a power outage, counsel did not learn of this until after the hearing.[14] Plaintiff had been attempting to tell her attorneys that she changed her mind and wished to pursue her claim.[15]

---

[4] *Id.*
[5] Doc. 4914 at 2.
[6] *Id.* at 2. *See also* Doc. 3493 (PTO 22A) at 2, ¶ 3.
[7] Doc. 4914 at 2. *See also* Doc. 3493 (PTO 22A) at 2, ¶ 3.
[8] Doc. 4914 at 2. *See also* Doc. 4167-1 at 5.
[9] Doc. 4914 at 3 n.1 (quoting September 27, 2018 Hearing Transcript).
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] Doc. 4674-1 at 2, 4.
[15] *Id.*

## LAW & ANALYSIS

Plaintiff has filed a Motion for Reconsideration. In her Motion, she seeks relief under Rule 60(b)(1) and 60(b)(6), which provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."[16] Plaintiff cites several cases supporting the notion that dismissal with prejudice is appropriate only if the plaintiff's refusal to comply with discovery results from "willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[17] On this point, however, Plaintiff cites single-plaintiff cases rather than cases being adjudicated in an MDL.[18]

"[A]dministering cases in multidistrict litigation is different from administering cases on a routine docket, so the lens through which the district court . . . view[s] transgressions, and sanctions, is different as well."[19] Multidistrict litigation is a "special breed of complex litigation where the whole is bigger than the sum of its parts," and the district court "needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." [20] It makes sense then that an MDL court may consider "the importance of sanctions as a deterrent to noncompliance by the thousands of other plaintiffs in the litigation."[21]

Moreover, while public policy generally favors disposition on the merits and counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."[22] Accordingly, public policy considerations lend

---

[16] Doc. 4674-1 at 2 (quoting FED. R. CIV. P. 60).
[17] *Id.* at 3 (quoting Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992)).
[18] *Id.*
[19] In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006).
[20] *Id.*
[21] *Id. See also id.* at 1234 ("Sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases . . . continually being added.")
[22] *Id.* at 1228.

little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."[23]

In order to manage this MDL efficiently, the Court cannot entertain a motion to reconsider simply because a plaintiff changed her mind about whether to pursue her case. Plaintiff Dennis was afforded many opportunities to fulfill her obligations in this MDL. Although she was unable to reach her attorneys on the eve of the September 27th hearing due to a power outage, Dennis was afforded ample time and opportunity to submit her PFS before the eve of the hearing, and the September 27th dismissal was a product of Plaintiff's failure to act over many months.

Like all other plaintiffs in this litigation, Plaintiff Dennis was on notice as to what the consequences of her conduct would be—under Pretrial Order 22, every plaintiff was put on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet. Accordingly, this is not one of the "exceedingly rare" cases warranting relief under Rule 60(b).[24]

## **CONCLUSION**

For the foregoing reasons, Plaintiff Frances Dennis's Motion for Reconsideration of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with Show Cause Order (Doc. 4674) is **DENIED**.

New Orleans, Louisiana, this 7th day of January, 2019.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[23] *Id.*
[24] In re Guidant Corp. Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867–68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice for failure to timely serve Plaintiff Fact Sheets as required by court order). *See also PPA Prods. Liab. Litig.*, 460 F. 3d at 1235–37 (upholding dismissals for unreasonable delay in completing Plaintiff Fact Sheets and noting that "[f]ailure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records").

4