UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) ) MDL No. 16-2740
PRODUCTS LIABILITY LITIGATION )
) SECTION: "H" (5)
)
**This document relates to:** )
Tukesha Burks, No. 17-01738 )

## ORDER AND REASONS

Before the Court is Plaintiff Tukesha Burks' Motion for Reconsideration (Doc. 2539). Plaintiff seeks relief from the Court's "Order on Responses to Show Cause No. 2," issued on April 20, 2018 (Doc. 2302). The Order dismissed her claim with prejudice for failure to comply with Show Cause Order No. 2. Defendants did not file an opposition to her Motion. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed her claim in this multidistrict litigation on February 28, 2017.[1] She uploaded a Plaintiff Fact Sheet ("PFS") to MDL Centrality on September 7, 2017. On October 30, 2017, she was served via MDL Centrality with her first deficiency notice. Under Pretrial Order No. 22, she was entitled to 30 days to cure the deficiency.[2] However, fifteen days later, on November 15, 2017, she was identified in an exhibit to the Court's Show Cause Order No. 2, indicating that her PFS was not substantially complete as to a 505(b)(2) Defendant.[3]

---

[1] Burks v. Sanofi S.A. et al., 2:17-cv-01738-JTM-MBN, Doc. 1.
[2] Doc. 325, ¶ 5.
[3] Doc. 1103.

On April 4, 2018, Burks was listed on Show Cause Order No. 4,[4] and Plaintiff's counsel conferred with defense counsel about this listing. On April 20, 2018, the 505(b)(2) Defendants indicated that, regarding Burks, no response would be necessary to Show Cause Order No. 4 because Burks had cured the latest deficiency.[5] On the same day, however, Judge Engelhardt dismissed Plaintiff's case.[6] Plaintiff has now filed a Motion for Reconsideration, asserting that she was mistakenly included on the exhibit to Show Cause Order No. 2.

## LEGAL STANDARD

In her Motion, Plaintiff seeks relief under Rule 60(b)(1) and 60(b)(6), which provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."[7]

## LAW & ANALYSIS

The language of both the original PTO 22 and the Amended PTO 22 provide that only after the 30-day period to cure may Defendants add a plaintiff to the agenda for the next status conference.[8] Accordingly, Plaintiff Burks should never have been identified in Show Cause Order No. 2 given that her 30-day cure period had not

---

[4] Doc. 2134-5 at 2.
[5] Doc. 2539 at 2, Exhibit 3.
[6] Doc. 2302-1 at 11.
[7] FED. R. CIV. P. 60.
[8] Doc. 279 at ¶ 5; Doc. 325 at ¶ 5.

concluded. In light of this and the fact that the 505(b)(2) Defendants later indicated to Plaintiff that her deficiency had been cured, the Court finds that Burks' case should not have been dismissed. Accordingly, the Court finds that a mistake has been made, and the circumstances warrant relief under Rule 60(b).

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 2539) is **GRANTED** and Plaintiff's case shall be **REOPENED**.

New Orleans, Louisiana this 9th day of January, 2019.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE