UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: "H" (5) |
| ) | |
| **This document relates to:** ) | |
| Patsy Hays, 16-17540 ) | |
| ) | |

## ORDER AND REASONS

Before the Court is Plaintiff Patsy Hays's Motion for Reconsideration (Doc. 2340). Plaintiff seeks relief from the Court's "Order on Responses to Show Cause No. 2," issued on April 20, 2018 (Doc. 2302). The Order dismissed her claim with prejudice for failure to comply with Show Cause Order No. 2. Defendants oppose the Motion. For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiff Patsy Hays filed her complaint in this matter on December 16, 2016.[1] She passed away on March 23, 2017. According to her Motion, Plaintiff's counsel then began working with Plaintiff's daughters to obtain the medical records necessary to complete Hays's Plaintiff Fact Sheet ("PFS"). Counsel explains that their efforts were stymied when Hurricane Harvey hit Houston on August 25, 2017.

On November 15, 2017, Hays was identified in an exhibit to the Court's Show Cause Order No. 2, indicating that her PFS was not substantially complete as to the Sanofi defendants.[2] On December 4, 2017, counsel submitted Plaintiff's third amended PFS. On April 3, 2018, counsel uploaded Plaintiff's Product ID information. On April 20, 2018, the Court dismissed Plaintiff's case.

---
[1] Hays v. Sanofi-Aventis U.S. LLC, et al., 2:16-cv-17540-JTM-MBN, Doc. 1.
[2] 1103-3 at 2.

1

Plaintiff has now filed a Motion for Reconsideration, and she moves the Court to reinstate her case. In a brief opposition, Defendants argue that Plaintiff's Motion should be denied because Plaintiff did not file a response to Show Cause Order No. 2, and she failed to provide good cause for why she failed to respond. In reply, Plaintiff explains that counsel failed to file a response because they missed her name on the Show Cause list. Plaintiff notes that the list spanned many pages and was not organized by law firm.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."[3]

## LAW & ANALYSIS

Multidistrict litigation is a "special breed of complex litigation where the whole is bigger than the sum of its parts," and the district court "needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line."[4] In a situation like the instant one where an MDL action is dismissed for failure to comply with obligations related to a Plaintiff Fact Sheet, "the docket-managing factor is weighted heavily in favor of dismissal," given the size and complexity of an MDL.[5] At the same time, however, the Fifth Circuit has held that "[w]hile we recognize a district court's authority to supervise and control its

---

[3] FED. R. CIV. P. 60.
[4] In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006).
[5] *Id.* at 1236.

docket, parties should not be punished for their counsel's neglect except in extreme and unusual circumstances."[6]

The Court notes that counsel for Hays represents hundreds of other plaintiffs in this litigation. Although the docket-managing factor weighs in favor of upholding dismissals following a Show Cause Order, the Court finds that this is an exceptional situation given the circumstances surrounding counsel's error and given the fact that Plaintiff's daughters were making efforts to pursue her case. Accordingly, the circumstances here justify relief under Rule 60.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Patsy Hays's Motion for Reconsideration (Doc. 2340) is **GRANTED** and her case is **REOPENED**. Plaintiff has 30 days from the date of this Order to bring herself into compliance with her obligations in this MDL. If she fails to do so, Defendants may move to dismiss her case.

New Orleans, Louisiana, this 9th day of January, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[6] Hassenflu v. Pyke, 491 F.2d 1094, 1095 (5th Cir. 1974). *See also* Holden v. Simpson Paper Co., 48 Fed. App'x 917, 2002 WL 31115137, at *2 n.5 (5th Cir. 2002) ("We usually do not punish parties for counsel's mere negligence or inadvertence.").

3