UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)            MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                         SECTION: "H" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan v. Sanofi U.S. Services, Inc. et al.*
Case No.: 16-15283

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSED MOTION SEEKING CONTINUATION OF SUBMISSION DATE TO  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF KELLY GAHAN

Plaintiff Kelly Gahan, by and through her counsel of record, Bachus & Schanker, LLC, submits this Memorandum in Support of her Opposed Motion Seeking Continuation of Submission Date to Defendants' Motion for Summary Judgment Against Plaintiff Kelly Gahan (Doc. 5730).  In support of her motion, Plaintiff states as follows:

1. On January 7, 2019, Sanofi served its Motion for Summary Judgment Against Plaintiff Kelly Gahan.  Sanofi's noticed submission date is January 30, 2019, making Dr. Gahan's deadline to file a response Tuesday, January 22, 2019.

2. Dr. Gahan seeks an continuation of the submission date for Defendant's motion for summary judgment until March 6, 2019.  As good cause for the continuation, Plaintiff states as follows:

    a. Dr. Gahan's case is no longer in the trial pool in this MDL.  Consequently, a genuine issue exists with respect to whether Sanofi is authorized under the Court's Case Management Orders to seek summary judgment.  Dr. Gahan's counsel understands that the issue of whether Sanofi is authorized to seek summary judgment against non-bellwhether Plaintiffs will be addressed by liaison counsel during the case management conference on Friday, January 18th.

1

b. Defendants' motion for summary judgment is premised on the learned intermediary doctrine and relies primarily on deposition testimony from Dr. Gahan's oncologist, Dr. Virginia Borges. However, Dr. Borges' deposition is not complete, as Sanofi adjourned her August 22, 2018 deposition before counsel for Dr. Gahan examined her. In discussing the continuation of Dr. Borges' deposition, counsel for Sanofi stated:

*As for Dr. Borges' deposition, we will agree to continue it from October 31 to a later date, but that deposition is still open. There should be no contact by counsel apart from staff contact on scheduling only. If counsel has or intends to engage in any ex parte contact while the deposition remains open, you need to advise us immediately so we may take up the issue with Magistrate Judge North.*

(**Exhibit 1,** October 18, 2018 email from A. Byard to S. Kreider). While counsel for Dr. Gahan has conferred with counsel for Sanofi with respect to whether Sanofi wishes to complete Dr. Borges' deposition or permit Dr. Gahan to obtain an affidavit, those discussions have not yet produced a resolution. Regardless of which option is chosen, counsel for Dr. Gahan cannot either complete Dr. Borges deposition or arrange a meeting to obtain an affidavit in advance of the current January 22 deadline for her response to Sanofi's motion for summary judgment.

c. Dr. Gahan will likely need to seek relief pursuant to Fed. R.Civ. P 56(d), unless Sanofi agrees to withdraw its motion, or the submission date is set far enough in the future to permit Dr. Gahan's counsel to both obtain Dr. Borges' depo and appropriately digest her testimony in order to formulate a factually and legally cogent response to Sanofi's motion. But at this point, Dr. Gahan does not have enough information or clarity from Sanofi to either substantively respond or seek relief pursuant to Rule 56(d). Dr. Gahan thus seeks a continuation of the submission date to obtain such clarity.

    d. Resolution of the issues concerning Dr. Borges is necessary before Plaintiff can determine the appropriate procedural context for her response. Furthermore, Sanofi's motion is a dispositive motion on Dr. Gahan's entire claim for relief. Her counsel requires additional time beyond two weeks to competently conduct the factual review of the record and legal research necessary to fully respond to Sanofi's motion.

3. Continuation of the submission date will not prejudice Sanofi. Dr. Gahan is not a bellwether plaintiff and not part of the trial pool. Under traditional practice in MDL litigation, Sanofi's motion would be decided by the District of Colorado after remand. Continuing the submission date serves judicial efficiency and conserves the parties resources by permitting the Court to determine whether it will consider motions for summary judgment on non-bellwether cases in which discovery is not complete, before forcing the parties to devote time and money to formulating a response to an extensive dispositive motion.

4. Dr. Gahan requests that the Court extend the submission date for Defendant's motion until Wednesday, March 6, 2019. This extension will (a) permit the Court to determine whether it is entertaining dispositive motions on non-bellwether Plaintiffs; (b) allow the parties to confer regarding the conundrum posed by Dr. Borges' still open deposition; and (c) permit Dr. Gahan's counsel to fully research, factually and legally, the appropriate response in light of developments under (a) or (b).

WHEREFORE, Plaintiff Kelly Gahan prays that this Court grant her Motion Seeking Continuation of Submission Date to Defendants' Motion for Summary Judgment Against Plaintiff Kelly Gahan (Doc. 5730).

Respectfully Submitted,

/s/ Darin L. Schanker
Darin L. Schanker
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker