# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| Barbara Bice, 17-00751 | ) | |
| Belinda Cole, 16-17945 | ) | |
| Mary Hughes, 16-17205 | ) | |
| Doris Pickett, 16-17180 | ) | |
| Dorothy Powell, 16-17974 | ) | |
| Virginia Talbert, 16-17236 | ) | |

## ORDER AND REASONS

Before the Court are Motions for Reconsideration filed by several Plaintiffs in this MDL: Doc. 2538 filed by Barbara Bice; Doc. 2540 filed by Belinda Cole; Doc. 2541 filed by Mary Hughes; Doc. 2545 filed by Doris Pickett; Doc. 2549 filed by Dorothy Powell; and Doc. 2554 filed by Virginia Talbert. Plaintiffs seek relief from the Court's "Order on Responses to Show Cause No. 2," issued on April 20, 2018 (Doc. 2302). The Order dismissed Plaintiffs' claims with prejudice for failure to comply with Show Cause Order No. 2. The Court will rule on each Motion individually.

## BACKGROUND

Under Amended Pretrial Order No. 22, each Plaintiff must submit a complete and verified Plaintiff Fact Sheet ("PFS") to Defendants within 75 days of the date she filed her complaint.[1] Amended PTO 22 provides that a

---

[1] Doc. 325 at 2, ¶ 3.

failure to comply could result in dismissal.[2] Specifically, Paragraph 5 of the PTO provided as follows:

> Plaintiffs who fail to provide a complete and verified PFS, signed and dated Authorizations, and all responsive documents requested in the PFS within the time periods set forth herein shall be given notice of deficiency via MDL Centrality within forty-five (45) days of service of the PFS, and shall be given thirty (30) days to cure such deficiency. Afterwards, Defendants may add the name and case number of any Plaintiff who fails to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference. No briefing is required. Any Plaintiff who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Plaintiff to show cause why her Complaint should not be dismissed with prejudice. Failure to timely comply may result in a dismissal of Plaintiff's claim.[3]

## LAW AND ANALYSIS

Plaintiffs have filed Motions for Reconsideration. Each Plaintiff seeks relief under Rule 60(b)(1) and Rule 60(b)(6), which provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief."[4] Plaintiffs argue that dismissal with prejudice is appropriate only if the plaintiff's refusal to comply with discovery results from "willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[5] On this

---

[2] *Id.* at 3, ¶ 5.
[3] *Id.*
[4] FED. R. CIV. P. 60.
[5] *See, e.g.,* Doc. 2538-1 at 2.

point, however, Plaintiffs cite single-plaintiff cases rather than cases being adjudicated in an MDL.[6]

"[A]dministering cases in multidistrict litigation is different from administering cases on a routine docket, so the lens through which the district court . . . view[s] transgressions, and sanctions, is different as well."[7] Multidistrict litigation is a "special breed of complex litigation where the whole is bigger than the sum of its parts," and the district court "needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." [8] It makes sense then that an MDL court may consider "the importance of sanctions as a deterrent to noncompliance by the thousands of other plaintiffs in the litigation."[9]

Moreover, while public policy generally favors disposition on the merits and counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."[10] Accordingly, public policy considerations lend little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."[11]

---

[6] Plaintiffs cite Boudwin v. Graystone Ins. Co., 756 F.2d 399 (5th Cir. 1985) on this point, which cites Rogers v. Kroger, 669 F.2d 317 (5th Cir. 1982) and Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cit. 1984). None of these involve MDLs.

[7] In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006).

[8] *Id.*

[9] *Id. See also id.* at 1234 ("Sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases . . . continually being added.")

[10] *Id.* at 1228.

[11] *Id.*

## I. Barbara Bice's Motion (Doc. 2538)[12]

Barbara Bice filed her claim in this MDL on January 27, 2017.[13] She uploaded her PFS on June 2, 2017. Defendants contend that this initial PFS was deficient and contained only four undated blurry photographs. On July 14, 2017, Bice was served with a deficiency notice, and she avers that she responded to this on August 14, 2017. Defendants note that her response was that she was "continuing to search for photographs responsive to this request" and that she would "supplement as soon as they [were] located."[14]

For several months, Bice failed to upload any supplemental information. Bice states that she uploaded additional materials to MDL Centrality on November 8, 2017 (HIPAA Authorization); December 8, 2017 (Proof of Use, Medical Records, Disability and Social Security Documents); December 12, 2017 (Corrected Proof of Use); December 14, 2017 (Proof of Injury Photographs); and December 15, 2017 (Second Amended Plaintiff Fact Sheet). On November 15, 2017, she was identified in the Court's Order to Show Cause No. 2, indicating that her PFS was not substantially complete as to a 505(b)(2) Defendant and Sanofi.[15]

In her response to the Order to Show Cause No. 2, Bice's counsel explained that they had "made numerous attempts, by email and phone to reach Ms. Bice concerning her deficient [PFS]."[16] Counsel wrote that they "have been unable to obtain pre-chemotherapy photographs from Ms. Bice" as Bice had not been responding to their "urgent messages."[17]

---

[12] Although Bice originally filed a Notice of Appeal concurrently with her Motion, she filed a motion in the Fifth Circuit to remand her case to this Court, and the Fifth Circuit granted her Motion (Doc. 3990). Accordingly, Defendants' argument that the Court lacks jurisdiction over this matter is moot.

[13] Bice v. Sanofi S.A. et al., 2:17-cv-00751-JTM-MBN, Doc. 1.

[14] Doc. 2706-2 (Exhibit 2) at pp. 5–6.

[15] Doc. 1103.

[16] Doc. 1287.

[17] *Id.*

The Court finds that these are not the kind of extraordinary circumstances that justify relief under Rule 60(b). The Court finds that counsel exercised appropriate due diligence, but Bice failed to exercise her obligations in this lawsuit. Accordingly, Bice's Motion for Reconsideration (Doc. 2538) is **DENIED**.

## II. Belinda Cole's Motion (Doc. 2540)

Belinda Cole filed her complaint on December 7, 2016, and her case was transferred to this MDL on January 23, 2017.[18] On November 15, 2017, Cole was identified in the Court's Order to Show Cause No. 2, indicating that her PFS had not been submitted.[19] In response, Cole's counsel explained that they made several attempts to contact Cole and asked for time to hire an investigator to see if they could locate Cole and obtain a completed PFS.[20]

Cole's Motion makes clear that counsel eventually contacted her. Cole uploaded a PFS to MDL Centrality on January 18, 2018. In her Motion, Plaintiff explains that after filing suit, she was diagnosed with a recurrence of cancer and obtained chemotherapy and radiation treatment between March 2017 and November 2017. She also moved in with her sister and did not have access to her cell phone.

The Court finds that these are the kind of extraordinary circumstances that justify relief under Rule 60(b). Accordingly, Cole's Motion for Reconsideration (Doc. 2540) is **GRANTED** and her case shall be **REOPENED**.

---

[18] Cole v. Sanofi S.A. et al., 2:16-cv-17956-JTM-MBN, Doc. 1, Doc. 5.
[19] Doc. 1103.
[20] Doc. 1286.

### III. Mary Hughes's Motion (Doc. 2541)

Mary Hughes filed her claim in this MDL on December 12, 2016.[21] On November 15, 2017, Hughes was identified in the Court's Order to Show Cause No. 2, indicating that her PFS had not been submitted.[22] In response, Hughes's counsel explained to the Court that they made several attempts to contact Hughes and asked for time to hire an investigator to see if they could locate Hughes and obtain a completed PFS.[23]

Hughes's Motion makes clear that counsel eventually contacted her. Counsel learned that Hughes was making frequent trips between her home and a hospital in Birmingham because her daughter was suffering complications with a transplanted kidney. Counsel states that as a result, she did not receive her PFS or subsequent letters from counsel. Her Motion states that she also obtained a different cell phone number during this time, and she was caring for two grandchildren.

The Court finds that these are not the kind of extraordinary circumstances that justify relief under Rule 60(b). The Court finds that counsel exercised appropriate due diligence, but Hughes failed to exercise her obligations in this lawsuit. Accordingly, Hughes's Motion for Reconsideration (Doc. 2541) is **DENIED**.

### IV. Doris Pickett's Motion (Doc. 2545)

Doris Pickett filed her claim in this MDL on December 12, 2016.[24] On November 15, 2017, Pickett was identified in the Court's Order to Show Cause No. 2.[25] In response, Pickett's counsel explained that they made several

---

[21] Hughes v. Sanofi S.A. et al., 2:16-cv-17205, Doc. 1.
[22] Doc. 1103.
[23] Doc. 1278.
[24] Pickett v. Sanofi S.A. et al., 2:16-cv-17180, Doc. 1.
[25] Doc. 1103.

attempts to contact Pickett and asked for time to hire an investigator to see if they could locate Hughes and obtain a completed PFS.[26]

Pickett's Motion explains that counsel sent Pickett a PFS on March 3, 2017. In May and in July, they sent her letters reminding her to complete her PFS. Counsel reached Pickett in September 2017, and she told them she had sent them a completed PFS. Counsel had not received it, so they sent Pickett another PFS, but it was returned as undeliverable because her address had changed. On January 30, 2018, counsel sent Pickett another PFS, and she completed it. Counsel uploaded it to MDL Centrality on March 3, 2018. In her Motion, counsel states that Pickett's delay in uploading her PFS "is attributable to her move and an unfortunate two-month oversight by counsel in not sending her another PFS to complete after finally obtaining her new address after the September PFS was returned as undeliverable."

The Court finds that these are not the kind of extraordinary circumstances that justify relief under Rule 60(b). Like all other plaintiffs in this litigation, Plaintiff Pickett was on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet. Plaintiff should have ensured that her counsel knew of her address change, and she should have contacted counsel when she did not receive the second PFS in September. Accordingly, Pickett's Motion for Reconsideration (Doc. 2541) is **DENIED**.

## V. Dorothy Powell's Motion (Doc. 2549)

Dorothy Powell filed her complaint on December 7, 2016, and her case was transferred to this MDL on January 10, 2017.[27] On November 15, 2017,

---

[26] Doc. 1278.
[27] Cole v. Sanofi S.A. et al., 2:16-cv-17956-JTM-MBN, Doc. 1, Doc. 5.

Powell was identified in the Court's Order to Show Cause No. 2 for failing to submit a PFS.[28]

In her Motion, Plaintiff's counsel explains that they believed that Defendants agreed to remove Powell from the Order to Show Cause No. 2. Powell's counsel states, erroneously, that only one Plaintiff with the last name Powell was listed on Show Cause Order No. 2, and when Defendants agreed to remove "Powell" from the list, Plaintiff's counsel assumed they were referring to Dorothy Powell, even though the case number Defendants provided referred to Plaintiff Tawonna Powell. Assuming Defendants agreed to remove Dorothy Powell, Plaintiff's counsel did not file a response to Show Cause Order No. 2.

Plaintiff is incorrect that only one Powell was listed on Show Cause No. 2. Both Dorothy Powell and Tawonna Powell are listed in the Court's Show Cause Order No. 2, one right below the other. Regardless of this, Plaintiff Dorothy Powell had ample time to submit a PFS and failed to do so.

The Court finds that these are not the kind of extraordinary circumstances that justify relief under Rule 60(b). Like all other plaintiffs in this litigation, Plaintiff Powell was on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet. Accordingly, Powell's Motion for Reconsideration (Doc. 2541) is **DENIED**.

## VI.  Virginia Talbert's Motion (Doc. 2554)

Virginia Talbert filed her claim in this MDL on December 12, 2016.[29] On November 15, 2017, Talbert was identified in the Court's Order to Show Cause No. 2 for failing to submit a PFS.[30]

---

[28] Doc. 1103.
[29] Cole v. Sanofi S.A. et al., 2:16-cv-17956-JTM-MBN, Doc. 1, Doc. 5.
[30] Doc. 1103.

In her Motion, counsel explains that they tried for months to contact Talbert. After hiring an investigator, they learned that she had been evicted from her residence and that she no longer had a telephone. On January 8, 2018, Talbert provided counsel with her new address and phone number. Counsel eventually received Talbert's PFS and uploaded it to MDL Centrality on March 2, 2018.

The Court finds that these are not the kind of extraordinary circumstances that justify relief under Rule 60(b). Like all other plaintiffs in this litigation, Plaintiff Pickett was on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet. Plaintiff should have ensured that her counsel knew of her address change. Accordingly, Talbert's Motion for Reconsideration (Doc. 2554) is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the following Motions are **DENIED**: Barbara Bice's Motion for Reconsideration (Doc. 2538); Mary Hughes's Motion for Reconsideration (Doc. 2541); Doris Pickett's Motion for Reconsideration (Doc. 2545); Dorothy Powell's Motion for Reconsideration (Doc. 2549); and Virginia Talbert's Motion for Reconsideration (Doc. 2554).

**IT IS FURTHER ORDERED** that Belinda Cole's Motion for Reconsideration (Doc. 2540) is **GRANTED** and her case shall be **REOPENED**.

New Orleans, Louisiana, this 16th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**