**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                        SECTION "H" (5)

THIS DOCUMENTS RELATES TO:
*Kelly Gahan*
**Case No. 16-15283**
*Jacqueline Mills*
**Case No. 17-2689**

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTIONS SEEKING
CONTINUATION OF SUBMISSION DATE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS KELLY GAHAN AND
JACQUELINE MILLS AND IN OPPOSITION TO MOTIONS TO EXPEDITE RULING
ON MOTIONS SEEKING CONTINUATION OF SUBMISSION DATE**

Defendants sanofi-aventis U.S., LLC and Sanofi US Services, Inc. ("Sanofi") oppose more

time for Plaintiffs to respond on summary judgment (Rec. Doc. 5732 & 5912). First, Plaintiffs'

requests do not meet the requirements of Fed. R. Civ. P. 56(d). Their motions fail to adequately

set forth actual information to be produced by further discovery and how that information would

raise a genuine issue of material fact. Second, Plaintiffs have not demonstrated the basic diligence

necessary to obtain relief under Rule 56(d). Third, the Court's comments make clear that this case

is eligible for motion practice, as discovery was conducted as a bellwether case. To the extent that

there is a fencepost question on this issue, delaying Defendants' motion does not help answer it.

Finally, Plaintiffs fail to meet the standard for good cause for extension of time to respond to the

motion.

**ARGUMENT**

If a party opposing a motion for summary judgment believes that she does not possess

sufficient discovery to oppose the motion, she may make a motion under Fed. R. Civ. P. 56(d).

This provision states:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Fifth Circuit has provided a clear standard for relief under this rule:

> Rule 56(f) discovery motions are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. The nonmovant, however, may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Rather, a request to stay summary judgment under Rule 56(f) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.

*Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal citations omitted); *see also Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

In addition to showing the value of any additional time or discovery, the litigant making the request must show she was diligent in the pursuit of the relevant discovery. *See Beattie v. Madison Cnty. Sco. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001) ("If Beattie has not diligently pursued discovery, however, she is not entitled to relief under rule 56(f). We need not address whether

Beattie has shown why she needs additional discovery to create a genuine issue of material fact, because she was not diligent.") (internal citation omitted); *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Plaintiff cannot either requirement.

### A. Plaintiffs Have Not Identified Any Facts That Could Influence Defendants' Motion.

With respect to Dr. Borges's testimony, Plaintiff Gahan states only that the deposition ended before she questioned the witness, that the lack of any *ex parte* contact has prevented her from obtaining an affidavit from Dr. Borges, and that she needs to examine Dr. Borges in order to know how to respond to Defendants' motion for summary judgment. *See* Pl. Gahan's Mot. at ¶ 2(b)-(c). (Rec. Doc. 5912). This is insufficient.

> To qualify for relief . . . , *a party must show both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.* The . . . party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts in opposition to summary judgment.

*Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006) (emphasis added) (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 719–20 (5th Cir.1999)). Stated differently,

> the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. In particular, the party opposing summary judgment "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (citation amended for clarity).

Plaintiff Gahan fails to identify facts that she hopes to obtain through an examination of Dr. Borges or how these unidentified facts could influence the outcome of Defendants' motion. ***Nor could she given Dr. Borges' unequivocal testimony that no label change to Taxotere would***

3

*have changed her decision to prescribe Plaintiff Taxotere.* *See, e.g.*, Defs.' Stmt. of Undisp. Mat. Facts in Supp. of Their Mot. for Summ. J. against Pl. Kelly Gahan. (Rec. Doc. 5730-1). No additional testimony from Dr. Borges alters the Plaintiff's evidentiary burden in a failure to warn case or alter that the fact of what happened with her care and treatment for breast cancer, namely, that it does not make out such a claim for her individual case. The testimony of Dr. Shah, Plaintiff Mills' oncologist, is similarly conclusive:

> At her deposition, Dr. Shah testified that she continues to use the TCH regimen and would still consider it for HER2 positive patients, like Plaintiff. Ex. D, Shah Dep. 19:7-13. If Plaintiff had come in as a patient today, Dr. Shah would still recommend the TCH regimen because "it's standard of care in this setting." Ex. D, Shah Dep. 43:4-13.

Defs.' Memo. of Law in Supp. of their Mot. for Summ. J. against Plaintiff Jacqueline Mills at 3. (Rec. Doc. 5732-2).

This alone requires denial of Plaintiffs' motions. *See, e.g.*, *Leza v. City of Laredo*, 496 Fed. Appx. 375, 377 (5th Cir. 2012) ("In denying his motion, the district court reasoned that Leza failed to establish good cause because he '[made] no effort to explain how the deposition testimony sought will have any bearing on the issues raised in the Defendant's summary judgment motion.' We agree."); *Menard v. LLOG Expl. Co., LLC*, 259 F. Supp. 3d 475, 479 (E.D. La. 2017) ("[P]laintiff's motion does not identify what specific facts he seeks, much less explain how those unspecified facts will influence the outcome of LLOG's summary judgment motion. Plaintiff's desire for additional information, without more, does not warrant a continuance under Rule 56(d).").

Procedurally too, Plaintiffs' motions are deficient, as Plaintiffs fail to support them with an affidavit or declaration. *See* Fed. R. Civ. P. 56(d). This also supports denial of the motion. *See* *Scotch v. Letsinger*, 593 Fed. Appx. 276, 278 (5th Cir. 2014) ("The district court did not abuse its

discretion here. Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment. Because Scotch did not submit either an affidavit or a declaration, the district court did not err in denying Scotch's request.") (footnote omitted); *Leza*, 496 Fed. Appx. at 378 ("Regardless of whether Leza personally believes the affidavit requirement contained in Rule 56(d) is 'redundant,' "inappropriate," or "bureaucratic," it is what Rule 56 requires."); *Menard*, 259 F. Supp. 3d at 480 ("Additionally, even if plaintiff's motion did specifically identify facts that would affect the outcome of the pending summary judgment motion, Rule 56(d) requires that plaintiff make this showing by *affidavit or declaration.* Plaintiff's motion and the attached documents include neither an affidavit nor a declaration. This alone is sufficient grounds to deny plaintiff's motion.") (citing, among others, *Scotch* and *Leza*).

**B.  Plaintiffs Were Not Diligent In Seeking Discovery.**

Both Gahan and Mills were initially placed into the trial pool in November 2017, providing the parties the right to conduct discovery. *See* Case Mgmt. Order No. 8A. (Rec. Doc. 1099). Neither plaintiff sets forth any facts suggesting that they were diligent in seeking additional discovery. This issue is especially acute with respect to Gahan.

Defendants noticed Dr. Borges's deposition on August 6, 2018, and the deposition began on August 22, 2018. Through no fault of Sanofi's, Dr. Borges had a limited amount of time, and the parties agreed to stop the deposition while Defendants' examination was ongoing.

The parties eventually agreed to complete the deposition on October 31, 2018. However, *at Gahan's request*, Defendants agreed to continue it to a later date. Gahan, to Defendants' knowledge, made no further attempts to complete the deposition. This development is unsurprising given that each pass of discovery in this case illuminated additional discovery abuse by Plaintiff.

Over 13 months elapsed between when the Court opened discovery in this matter and when Defendants filed their motion for summary judgment. Over four months passed between when Dr. Borges was deposed and when Defendants' motion was filed. This is not diligence. *See, e.g., Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (affirming denial of Rule 56(d) request, noting "the first time it sought judicial assistance in obtaining [discovery] was in response to Smucker's summary judgment motion."); *see also Mitchell v. Sikorsky Aircraft*, 533 Fed. Appx. 354, 358 (5th Cir. 2013) ("Mitchell had over seven months between the entry of the district court's June 16, 2011 scheduling order and her February 2, 2012 motion for continuance to schedule and conduct depositions. Mitchell's assertions that the holidays complicated scheduling, her counsel had other trials, and the witnesses were in three different states fall short of explaining why she waited until December 27, 2011—three weeks before motions for summary judgment were due pursuant to the scheduling order—to begin coordinating the depositions with Sikorsky. Accordingly, we conclude that the district court did not abuse its discretion in denying Mitchell's motion for continuance.").

Plaintiff Gahan attempts to make much of her inability to make *ex parte* contact with Dr. Borges, and how it prevented her from obtaining an affidavit. But the correspondence makes clear there was no objection to *ex parte* contact with respect to scheduling through non-attorney staff. (*See* Rec. Doc. 5912-3). Plaintiff neither initiated conferral on moving forward with the deposition nor sought permission from the Court to do so. Plaintiffs' motions fail under Rule 56(d).

### C.  Plaintiffs Have Not Shown Good Cause for Any Extension of Time.

To the extent the Court construes Plaintiff's motion as a motion for an extension of time to respond under Fed. R. Civ. P. 6(b), it also fails. Defendants have submitted straightforward motions for summary judgment based on the learned intermediary doctrine.  Each is based on

Plaintiffs' own medical history and the testimony of their oncologist. Further, the nature of the

case and of discovery taken in this case surely led Plaintiffs to anticipate such an argument. There

is no showing of "good cause" sufficient to allow them more time to respond than provided by

rule.

Defendants therefore request that Plaintiffs' motions be denied in their entirety.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*