# UNITED STATES OF DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "N" (5) |
| This document relates to: | : : | JUDGE MILAZZO MAG. JUDGE NORTH |
| Catherine Sites and Robin Sites, | : : | |
| Plaintiff, | : : | Case No. 2:18-cv-05547-JTM-MBN |
| v. | : : | |
| Sanofi US Services Inc., *et al.*, | : : | |
| Defendants. | : : | |

**MARC J. BERN & PARTERS LLP**
One Grand Central Place
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212) 702-5000
Fax: (212) 818-0164

*Attorneys for Plaintiff*

1

**I.     INTRODUCTION**

Plaintiff files this motion for an immediate stay of all discovery and proceedings in this matter during the pendency of Plaintiff's counsel's Motion to Withdraw as Counsel. Good cause exists to stay proceedings in this matter. Because the nonmoving Defendants will not be unduly prejudiced, and the interests of judicial economy weigh in favor of a temporary stay in this case at this time, this motion should be granted.

**II.    STATEMENT OF FACTS**

On June 1, 2018, Plaintiff commenced this action by filing the Short Form Complaint directly into MDL No. 2740. Dkt. No. 1. On January 16, 2019 Plaintiff's counsel filed a Motion to Withdraw as Counsel pursuant to Rule 1.16(b)(1) of the Code of Professional Responsibility (Dkt. No. 5936). Plaintiff now files a motion to stay discovery in the proceedings of this matter while the motion to withdraw as counsel is pending and to allow Plaintiff to obtain new counsel.

**III.   ARGUMENT**

   **A.  Good Cause Exists to Stay Discovery**

This Court has the inherent power to control its own docket, including to stay proceedings. *See, e.g., Larson v. Actavis, Inc.*, No. 09-1095, 2009 U.S. Dist. LEXIS 109671, *3, 2009 WL 3753990 (W.D. La. Nov. 6, 2009). *See also* Fed. R. Civ. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). A stay is appropriate tin this matter at this time because the undersigned counsel has attempted to confer with the other parties to resolve the issues herein, including advising counsel for Defendants that the undersigned is requesting relief from representing the Plaintiff, to no avail. Thus, Plaintiff would suffer "oppression" and "undue burden or expense" absent a stay. *See* Fed. R. Civ. P. 26(c). Moreover,

when weighing competing interests to maintain an even balance, a stay in the proceedings in this case is appropriate at this time. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Here, good cause exists to stay this matter pending the outcome of the undersigned counsel's motion to withdraw as attorney of record for Plaintiff, and for time to be allotted for the Plaintiff to obtain new counsel. A temporary stay in the proceedings to allow Plaintiff to obtain new counsel will not unduly prejudice the nonmoving Defendants. Case-specific discovery has just commenced, and Defendants in this matter are not obligated to produce any discovery responses (nor have any Defendants provided discovery responses). Not only is discovery not complete – or even substantially underway - no trial date for this matter has been set. Therefore, the requested stay presents no clear tactical disadvantage to the nonmoving parties. However, without a stay in the proceedings at this time, the Plaintiff and the undersigned counsel will be greatly prejudiced: the undersigned counsel will face undue burden trying to prosecute Plaintiff's claims while the motion to withdraw as counsel of record is pending, and the Plaintiff will be greatly prejudiced because Plaintiff's case may be dismissed with prejudice without having a chance to obtain new counsel.[1] Courts consider these factors (prejudice on the nonmoving party, the stage of discovery of the matter, if a trial date has been set), along with other factors when determining whether a stay in the proceedings would be appropriate in dissimilar matters. Considering those factors in light of the facts and posture of this case warrants a stay in this matter. *Cf. Southeast Recovery Group, LLC v. BP Am., Inc.*, 278 F.R.D. 162, 168 (E.D. La. 2012) (laying out factors to consider when deciding whether to stay litigation pending reexamination by the PTO); *see also Southeast Recovery Group, LLC v. BP Am., Inc.*, 278 F.R.D. 162, 166-67 (E.D. La. 2012) (outlining factors for the court to consider whether a stay of a civil case is appropriate during

---

[1] Should the Court require additional information regarding the pending motion to withdraw as counsel, the undersigned counsel will provide said information in camera.

the pendency of a parallel criminal case). Here, because this case is in its infancy, and the nonmoving Defendants will suffer no prejudice if a stay is granted, entering a short stay to allow the motion to withdraw to be heard is appropriate.

Indeed, it is common practice in this Court and other District Courts within the Fifth Circuit to stay proceedings to allow a party to obtain new counsel once counsel has filed a motion for leave to withdraw as a party's attorneys. *See, e.g., United States ex rel. Warder v. Shaw Grp., Inc.*, No. 094191, 2016 U.S. Dist. LEXIS 1241711, *5-6 (E.D. La. Sept. 14, 2016) (granting counsel's motion to withdraw citing irreconcilable differences and staying the proceedings for two months to allow plaintiffs to obtain new counsel); see also *Raymond v. Univ. of Houston*, No. H-05-4149, 2009 U.S. Dist. LEXIS 112135, *36, 2009 WL 4604648 (S.D. Tex. Dec. 3, 2009) (the Court *sua sponte* issued a stay in proceedings after granting counsel's motion to withdraw); *see also Lewis v. Cannon Motors*, No. 4:07-cv-024-P-B, 2007 U.S. Dist. LEXIS 85615, *4, 2007 WL 4179405 (N.D. Miss. Nov. 20, 2007) (same); *Regions Bank v. A-1 Flooring Supplies & Storage, Inc.*, No. 1:13-cv-24-LG-JMR, 2014 U.S. Dist. LEXIS 187450, *1-3 (S.D. Miss. March 24, 2014) (same).

Therefore, Plaintiff's counsel respectfully submits that it is in the interests of justice to grant a stay of discovery while Plaintiff's counsel's motion for leave to withdraw as the attorneys of record for Plaintiff is pending.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that for the foregoing reasons all proceedings in the instant matter should be stayed immediately.

Dated: January 17, 2019                    Respectfully Submitted,

/s/ Debra J. Humphrey
Debra J. Humphrey, Esq.
MARC J. BERN & PARTERS LLP
One Grand Central Place

60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
Email: dhumphrey@bernllp.com
*Attorneys for Plaintiff*

## CERTIFICATION OF DEBRA J. HUMPHREY

I hereby certify that I have in good faith attempted to confer with the other parties to this action in an effort to resolve the dispute without court action.

Dated: January 17, 2019

/s/ Debra J. Humphrey
Debra J. Humphrey, Esq.
MARC J. BERN & PARTERS LLP
One Grand Central Place
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
Email: dhumphrey@bernllp.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants to receive service in this MDL.

/s/ Debra J. Humphrey
Debra J. Humphrey, Esq.
MARC J. BERN & PARTERS LLP
One Grand Central Place
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
Email: dhumphrey@bernllp.com

*Attorneys for Plaintiff*