UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Durden v. Sanofi, S.A., et al.* | JUDGE MILAZZO |

Civil Action No. 2:16-cv-16635

**DEFENDANT'S SURREPLY IN OPPOSITION**
**TO PLAINTIFF ANTOINETTE DURDEN'S MOTION TO ENFORCE CMO 12A**

Defendant sanofi-aventis U.S. LLC respectfully submits this Surreply in Opposition to Plaintiff Antoinette Durden's Motion to Enforce CMO 12A (Doc. 5518), and in light of Plaintiff's Reply Memorandum filed January 11, 2019 (Doc. 5787) and Supplemental Reply Memorandum filed January 17, 2019 (Doc. 5949).

Product identification is an essential element of a Plaintiff's claim. *See, e.g., Herbert v. Miles Pharmaceuticals*, No. 92-cv-4290, 1994 WL 10184, at *3 (E.D. La. 1994); *Avandia Mktg., Sales Pract. And Prods. Liab. Litig.*, No. 2007-md-1871, 2010 WL4720335, at *1 (E.D. Pa. Nov. 15, 2015); *Burns v. Univ. Corp. Prot. Alliance*, No. 4:07-cv-00535, 2007 WL 2811533, at *2 (E.D. Ark. Sept. 25, 2007); *Lee v. Baxter Healthcare Corp.*, 721 F. Supp. 89, 92 (D. Md. 1989). Defendant has a fundamental right to present its defenses on this issue. *See, e.g.*, *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1303 (2010); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981). The factual question of product ID may not be resolved on a disputed record under a procedural MDL order that provides for no such relief.

Such a resolution is even less possible where, as here, Plaintiff has submitted a large body of evidence undermining her own claim that she received a Sanofi product, including evidence

1

submitted on the eve of argument on the instant Motion.  In her Reply, Plaintiff points out that Sanofi product with NDC 0075-8001-20 has a shelf-life of up to 18 months—arguing that Ochsner must have kept dozens of vials of that particular product stocked for more than a year in advance of Ms. Durden's treatment, all while purchasing much greater quantities of docetaxel from other manufacturers in bulk.  *See* Plf's Reply Ex. 1 (Doc. 5787-1); Def's Response Ex. 2 (Doc. 5728-2) (showing that Ochsner purchases of product 0075-8001-20 in sufficient quantities for Ms. Durden's treatment dated more than a year earlier to September 2010, while sufficient purchases of Hospira product 409-020-120, for example, were made seven to fourteen days before each of Ms. Durden's infusions).

But even the implausible suggestion that Ochsner kept more than a year's supply of a drug with an 18-month shelf life (which would be measured from date of manufacture, not purchase) on hand for treatments that are scheduled weeks or months in advance cannot explain the full body of evidence Plaintiff has submitted in support of her ever-changing theories.  In her brief to the Court on this issue in September, 2018—then advancing entirely different arguments for why she must have received different Sanofi or Winthrop products—Plaintiff submitted the CMO 12A documents of Plaintiff Toneka Terry, purporting to show that she received Sanofi product 0075-8001-20 at Ochsner beginning in June 2012.  On their face, Ms. Terry's records indicate that she received four infusions of 210mg each from June 27, 2012 to September 5, 2012.  Ochsner's records show that it had not purchased 210mg of that product in the entire 18 months preceding Ms. Terry's treatment—much less the 840mg total docetaxel she recieved.  *See* Def's Response Ex. 2 (Doc. 5728-2) (showing that Ochsner purchases of 210mg of product 0075-8001-20 would date at least as far back as October 2010—20 months before Ms. Terry's July 2012 infusion).

2

Simply put, Ms. Terry could not have received 210 mg of product 0075-8001-20 in July 2012, as Ochsner did not have that much of that product at that time.

In other words, Ms. Terry—like Ms. Durden—did not actually receive product 0075-8001-20. Instead, her records corroborate that, as Sanofi has maintained for months and as Plaintiff's counsel is well aware, Ochsner used default docetaxel NDCs in certain documents with no connection to the actual drug administered to patients. Where the use of these default codes is made clear by other evidence the Plaintiff herself has submitted, such codes are not probative of product ID—much less can they resolve an essential factual element of Plaintiff's case outside of trial.

Moreover, upon further review of cases like that of Patricia St. Ann identified in Plaintiff's Supplemental Reply, Sanofi anticipates that like Durden and Terry, the number of patients who claim to have been billed for Sanofi Taxotere 20mg will exceed not only the expiry period for the medicine actually purchased, but also exceed the quantity available on purchase. The Irma Stevens and Carmelita Carter cases, for which materials are attached, underscore that Ochsner simply does not have reliable documentation of docetaxel actually administered to patients prior to 2015.

Plaintiff's Motion, Reply, and Supplemental Reply not only rely on insufficient evidence of product ID, but also suggest that Sanofi should not be permitted to present its defenses relating to product identification to a jury—a position unsupported by law. Accordingly, the record for this Court's decision and for any appeal should include items previously produced to the Court through letter briefing and exchanged among the parties in discovery, along with other evidence bearing on the issue of product identification. Defendant describes below, and attaches, additional evidence bearing on the issue of product ID for the Court's consideration and in order to provide a complete record.

## PRODUCT IDENTIFICATION EVIDENCE IN *DURDEN V. SANOFI*

1. Plaintiff's Sept. 18, 2018 submission re: product identification in *Durden* case and exhibits.

2. Defendant's Sept. 18, 2018 submission re: product identification in *Durden* case and exhibits.

3. CMO 12A certifications and patient records of Plaintiffs Toneka Terry, demonstrating that Taxotere NDC numbers in billing records were inaccurately populated as "defaults" as indicated by Ochsner.

4. CMO 12A certifications of Carmelita Carter and Irma Stevens, demonstrating that this issue is not manufactured in the *Durden* case, but present in another few dozen Ochsner treatment cases from this timeframe.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*