UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "H" (5)

THIS DOCUMENT RELATES TO:

*Deborah Johnson v. Sanofi U.S. Services, Inc. et al.*
Case No.: 16-15607

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSED MOTION SEEKING CONTINUATION OF SUBMISSION DATE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF DEBORAH JOHNSON

Plaintiff Deborah Johnson, by and through her counsel of record, Morris Bart, LLC, submits this Memorandum in Support of her Opposed Motion Seeking Continuation of Submission Date to Defendants' Motion for Summary Judgment Against Plaintiff Deborah Johnson (Doc. 5734). In support of her motion, Plaintiff states as follows:

1. On January 7, 2019, Sanofi served its Motion for Summary Judgment Against Plaintiff Deborah Johnson. Sanofi's noticed submission date is January 30, 2019, making Deborah Johnson's deadline to file a response Tuesday, January 22, 2019.

2. Deborah Johnson seeks an continuation of the submission date for Defendant's motion for summary judgment indefinitely, or until discovery concerning Dr. Barnhill is completed. As good cause for the continuation, Plaintiff states as follows:

    a. Deborah Johnson's case is no longer in the trial pool in this MDL. Consequently, a genuine issue exists with respect to whether Sanofi is authorized under the Court's Case Management Orders to seek summary judgment. Deborah Johnson's counsel understands that the issue of whether Sanofi is authorized to seek summary

1

judgment against non-bellwether Plaintiffs will be addressed by liaison counsel during the case management conference on Friday, January 18th.

b. Defendants' motion for summary judgment is premised on a claim that plaintiff's case is prescribed, and that plaintiff has sufficient knowledge of Sanofi's failure to disclose warnings of permanent hair loss and her use of Taxotere, and relies primarily on deposition testimony from Deborah Johnson's oncologist, Dr. Brian Lewis. However, Dr. Lewis was a Fellow at the time, and the choice of chemotherapy agents, and conversations about the side effects and use of those agents took place with, and under the direction of, Dr. Barnhill, the Attending Physician who had veto power over Dr. Lewis in all things chomo prescribing and treatment related. Dr. Barnhill's deposition has not been taken. Under these circumstances, Deborah Johnson's counsel cannot intelligently or fairly respond to Sanofi's motion for summary judgment until she has had an opportunity to obtain Dr. Barnhill's testimony as well.

b. Dr. Barnhill's testimony is necessary before Plaintiff can determine the appropriate procedural context for her response. Furthermore, Sanofi's motion is a dispositive motion on Deborah Johnson's entire claim for relief. Her counsel requires additional time beyond two weeks to competently conduct the factual review of the record and legal research necessary to fully respond to Sanofi's motion. Resolution of the issues concerning Dr. Borges is necessary before Plaintiff can determine the appropriate procedural context for her response. Furthermore, Sanofi's motion is a dispositive motion on Deborah Johnson's entire claim for relief. Her counsel requires additional time beyond two weeks to competently conduct the factual review of the record and legal research necessary to fully respond to Sanofi's motion.

3. Continuation of the submission date will not prejudice Sanofi. Deborah Johnson is not a bellwether plaintiff and not part of the trial pool. Under traditional practice in MDL litigation, Sanofi's motion would be decided by the Eastern District of Louisiana after remand. Continuing the submission date serves judicial efficiency and conserves the parties resources by permitting the Court to determine whether it will consider motions for summary judgment on non-bellwether cases in which discovery is not complete, before forcing the parties to devote time and money to formulating a response to an extensive dispositive motion.

4. Deborah Johnson requests that the Court extend the submission date for Defendant's motion indefinitely, or until Dr. Barnhill can be deposed. This extension will (a) permit the Court to determine whether it is entertaining dispositive motions on non-bellwether Plaintiffs; (b) permit Deborah Johnson's counsel to fully research, factually and legally, the appropriate response.

WHEREFORE, Plaintiff Deborah Johnson prays that this Court grant her Motion Seeking Continuation of Submission Date to Defendants' Motion for Summary Judgment Against Plaintiff Deborah Johnson (Doc. 5734).

Respectfully Submitted,

/s/ Richard L. Root
Richard L. Root Bar# 19988
Morris Bart, LLC
601 Poydras, 24th Floor
New Orleans, La 70130
P (504)525-8000
F: (504)599-3392
rroot@morrisbart.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.


/s/ Richard L. Root