UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

### JOINT REPORT NO. 14 OF LIAISON COUNSEL
(Status Conference, January 18, 2019)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 14 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML"). On May 16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche Milazzo. (Doc. 2599). As of January 14, 2019, there are approximately 12,340 cases pending in the MDL before the Honorable Jane Triche Milazzo, with approximately 1,187 cases that have been closed, dismissed, or remanded since inception of the MDL.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, New Jersey, and Delaware. Some of these state court cases were removed to federal court. The Court ruled on remand motions on

August 30, 2017, May 15, 2018, and October 3, 2018. (Rec. Docs. 781, 2597, 4517).

On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

The Attorney General for the State of Mississippi filed *Jim Hood, Attorney General of the State of Mississippi, ex rel. The State of Mississippi v. Sanofi S.A., et* al. in the Chancery Court of Hinds County, Mississippi.  Sanofi removed the case to the Southern District of Mississippi and tagged the case for transfer to the MDL with the JPML. The Attorney General filed a Motion to Remand and opposed MDL transfer, all of which is currently pending.

 Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties continue to coordinate and communicate with all counsel and advise them of the status conference call-in number (listen only).  The parties also continue to make efforts to identify the relevant state court judge(s) and provide their information to the Court.  The parties understand the Court has made or will make contact with these judges to apprise them of the MDL and the Court's willingness to coordinate discovery and other pretrial proceedings.  The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court. The New Jersey Supreme Court ordered centralized case management of Taxotere cases filed in New Jersey on July 17, 2018, and designated the Honorable James F. Hyland of Middlesex County to preside over that litigation. Judge Hyland held his first status conference on October 4, 2018, with the next

2

status conference set for January 23, 2019. Judge Hyland has joined Status Conferences before this Court by phone.

Federal-state Liaison Counsel provided the Court with the names and contact information for the state court judges, as well as a chart of state court case information.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.13.

The Court has issued the following Pretrial Orders (sometimes "PTOs") since the November 15, 2018 Status Conference:

   A. PTO 87 (Rec. Doc. 5363) entered November 27, 2018, ordering procedures for dismissal with prejudice of any non-Trial Pool Plaintiff as to the entire action against all defendants in MDL No. 2740.

   B. PTO 88 (Rec. Doc. 5376) entered November 28, 2018, ordering that John F. Olinde is reappointed as Defense Liaison Counsel for the 505(b)(2) Defendants and reappointing counsel to the 505(b)(2) Settlement Committee.

   C. PTO 89 (Rec. Doc. 5377) entered November 28, 2018, ordering the reappointment of members to the Plaintiffs' Settlement Committee.

   D. PTO 90 (Rec. Doc. 5379) entered November 28, 2018, ordering that Douglas J. Moore is reappointed as Defense Liaison Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. and reappointing counsel to the Settlement Committee for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.13.

The Court has not issued any Case Management Orders ("CMOs") since the November 15,

2018 Status Conference.

### 5. COUNSEL CONTACT INFORMATION FORM

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

### 6. MASTER COMPLAINT AND SHORT FORM COMPLAINT

The Second Amended Master Long Form Complaint attached to Pretrial Order No. 82 (Rec. Doc. 4230) and the exemplar Short Form Complaint (Rec. Doc. 1463-1), are the effective and operative complaints for Plaintiffs. The exemplar Short Form Complaint, as amended on January 4, 2019, is available on the Court's MDL 2740 website under the tab "Forms" or on MDL Centrality. All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963, 969, 4704, and 4705).

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[1] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Pretrial Order No. 37A (Rec. Doc. 1682) sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel

---

[1] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf

for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A (Rec. Doc. 1682) for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[2] If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under paragraph "J" of PTO 15 (Rec. Doc. 230), Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either file a stipulation to dismiss or move to dismiss with prejudice. Dismissals with prejudice of those defendants whose product was not used, but not a dismissal of an entire action, must follow the form approved by the Court as

---

[2] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

Exhibit C to Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492).

On November 27, the Court entered PTO 87 which ordered procedures for the dismissal with prejudice by any non-Trial Pool Plaintiff as to the entire action against all defendants in the MDL. (Rec. Doc. 5363). The Form Dismissal to be used by Plaintiffs is attached as Exhibit A to PTO 87. (Rec. Doc. 5363-1).

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1;

E. PTO 55 (Rec. Doc. 688) updated the form of the PFS.[3] See Exhibit A to PTO 18 (Rec. Doc. 236-1); and

F. PTO 22A (Rec. Doc. 3493) provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

As of January 14, 2019, Plaintiffs have served 9,068 PFSs, and 2,201 are in progress. Based on the PFSs received as of January 14, 2019, they divide among Defendants as follows: 4,749

---

[3] A fillable form of the PFS can be found on the "Forms" tab of the Court's MDL 2740 website and on Brown Greer's MDL Centrality website.

6

sanofi, 974 Hospira, 364 Sandoz, 226 Accord, 2 Sun, 1,374 Unknown, 363 Blank, and 976 Other/Miscellaneous.  The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. Counsel should also familiarize themselves with PTO No. 68 (Rec. Doc. 1085) with regard to the requirements of representative, dated photographs taken closest in time to starting treatment and in no event earlier than five (5) years before then.  The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of narrowing the number of cases in dispute.

Consistent with Pretrial Order No. 22A, the Defendants submitted their Notice of Non-Compliance Cases Subject to January 18, 2019 Dismissal Call Docket on January 4, 2019 (Rec. Doc. 5706).[4] Attached to the Notice is the list of cases they allege remain subject to dismissal.  The list identifies 532 plaintiffs.  At the conclusion of the General Status Conference, the Court will recess for a short period of time and will then begin the January Call Docket proceeding. Counsel with cases on the Notice of Non-Compliance Cases Subject to the January 18, 2019 Dismissal Call Docket can appear in person or via telephone. (Rec. Doc. 5306). The call-in number is 800-260-0712 and the access code is 461324.

8. **SERVICE ON DEFENDANTS**

Counsel for the Defendants and the Plaintiffs' Steering Committee ("PSC") have agreed to streamlined service procedures for each Defendant. The relevant Orders are:

- PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity[5];

---

[4] The Plaintiffs have issued Notices of Deficiencies to the Defendants which Plaintiffs have decided to pass bringing to the Court at this January 18, 2019 Call Docket.  Any Defense Fact Sheet identified as being deficient before January 18, 2019, and remaining uncured will be brought at the next Call Docket, in addition to any additional Notices of Deficiencies to be heard at the next Call Docket.
[5] Sanofi acknowledges that service of a complaint naming Winthrop US may be made on sanofi-aventis US LLC.

7

- PTO 29 (Rec. Doc. 303) for Accord Healthcare, Inc.;

- PTO 30 (Rec. Doc. 304) for Sandoz Inc.;

- PTO 32A (Rec. Doc. 710) for Actavis Pharma, Inc.;

- PTO 33 (Rec. Doc. 308) for McKesson Corporation;

- PTO 39A (Rec. Doc. 711) for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.;

- PTO 40A (Rec. Doc. 509) for Hospira Worldwide, LLC.; and,

- PTO 83 (Rec. Doc. 4263) for Sagent Pharmaceuticals, Inc.

**9. PRODUCT IDENTIFICATION ORDER**

On July 18, 2018, the Court entered Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) that sets forth the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was not used. Exhibit A to CMO 12A lists the email address of all defense counsel who should be notified pursuant to CMO 12A. Exhibit B is a new Statement Regarding Chemotherapy Administered, which includes new/updated NDC numbers. Counsel are reminded to use this new Exhibit B Statement when sending requests to infusion facilities. Exhibit C to CMO 12A provides the form for noticing voluntary dismissal with prejudice of the defendants not identified by Product ID Information. The PSC has been advised by certain counsel in the MDL that there are compliance issues with regard to subpoenas issued in connection with CMO 12A.

**10. PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. In addition, counsel are reminded of the preservation requirement in CMO 15 (Rec. Doc. 5008, ¶3) related to biopsies performed on plaintiffs for

evaluation of hair loss.

**11. <u>PROTECTIVE ORDER</u>**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

**12. <u>ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY</u>**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531), which amends and supersedes Pretrial Order No. 71. Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

**13. <u>DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY</u>**

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. Plaintiffs have also served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have begun to receive productions. The parties meet and confer about discovery and bring any unresolved issue to Magistrate Judge North. The next in-person status conference has been scheduled by Magistrate Judge North for January 18, 2019, at 10:30 a.m.

Trial case discovery for *Durden* (primary plaintiff for the first trial), *Francis* (first alternate plaintiff for the first trial), and *Earnest* (second alternate plaintiff for the first trial) concluded on November 7, 2018, with plaintiffs issuing their expert reports on November 9, 2018. Sanofi Defendants issued expert reports on December 10, 2018, December 14, 2018, December 31, 2018, and January 11, 2019, thus far in accordance with the Court's November 7, 2018 Order. (Rec. Doc.

5009). There is a dispute of product identification in *Durden* (primary plaintiff for the first trial). Discovery is ongoing in the trial pool cases available for subsequent trials as set forth in CMO 14A. On January 4, 2019, the PSC and sanofi nominated plaintiffs to be the primary and alternate plaintiff for the second trial. From the parties' nominations on January 4, 2019, the Court will select one trial Plaintiff, and one alternate Plaintiff, for the second trial.

### 14. MOTION PRACTICE

On June 8, 2018 sanofi filed a Motion for Rule 37 Sanctions for plaintiff Kelly Gahan. (Rec. Doc. 2831). The Court issued an Order granting the Motion on August 22, 2018. (Rec. Doc. 3917). Plaintiff filed a Motion for Reconsideration of the Order on September 17, 2018. (Rec. Doc. 4201). The parties submitted additional briefing thereon. (Rec. Docs. 4596, 4647, 4832). On December 20, 2018, the Court issued an Order and Reasons denying the Motion for Reconsideration. (Rec. Doc. 5618).

On October 24, 2018, Sanofi filed Defendants' Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Suzanne Mink, as well as a Request for Oral Argument (Rec. Doc. 4687, 4688). On December 28, 2018, the Court issued an Order dismissing the Motion, subject to being re-urged at a later time. (Rec. Doc. 5626).

On December 13, 2018, Plaintiff Antoinette Durden filed a "Motion to Enforce CMO 12A." (Rec. Doc. 5518). On December 19, 2018, the Court issued an Order setting a briefing schedule and Oral Argument on the Motion, (Rec. Doc. 5613). In accordance with the Order, the Sanofi Defendants filed their Opposition to the Motion on January 7, 2019. (Rec. Doc. 5728). Plaintiff Antoinette Durden filed her Reply Memorandum in Support of the Motion on January 11, 2018. (Rec. Doc. 5787). The Court will hear Oral Argument on the Motion following the January 18, 2019, General Status Conference.

On January 7, 2019, the Sanofi Defendants filed Motions for Summary Judgment with regard to three Plaintiffs' cases: Kelly Gahan (Rec. Doc. 5730); Jacqueline Mills (Rec. Doc. 5732); and Deborah Johnson (Rec. Doc. 5734). All three Motions are currently Noticed for Submission on January 30, 2019. The Plaintiffs oppose all three motions. The parties will be prepared to discuss these issues at the Lead and Liaison Counsel Meeting on January 18, 2019.

### 15. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted on several occasions.

### 16. NEXT STATUS CONFERENCE

The next General Status Conference and meeting of Lead and Liaison Counsel will be scheduled by agreement of the Court and counsel. The Court will set up a telephone conference line for the status conference that will begin at 10:00 a.m. To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

| | |
|---|---|
| */s/Dawn M. Barrios* | */s/M. Palmer Lambert* |
| Dawn M. Barrios (#2821) | M. Palmer Lambert (#33228) |
| **Barrios, Kingsdorf & Casteix, LLP** | **Gainsburgh Benjamin David Meunier** |
| 701 Poydras Street, Suite 3650 | **& Warshauer, LLC** |
| New Orleans, LA 70139 | 2800 Energy Centre, 1100 Poydras Street |
| Telephone: 504-524-3300 | New Orleans, LA 70163-2800 |
| Facsimile: 504-524-3313 | Telephone: 504-522-2304 |
| E-Mail: barrios@bkc-law.com | Facsimile: 504-528-9973 |
| | E-Mail: plambert@gainsben.com |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |

11

Case 2:16-md-02740-JTM-MBN   Document 5978   Filed 01/23/19   Page 12 of 13

*/s/ Douglas J. Moore*  
Douglas J. Moore (Bar No. 27706)  
**IRWIN FRITCHIE URQUHART  
& MOORE LLC**  
400 Poydras Street, Suite 2700  
New Orleans, LA  70130  
Telephone: 504-310-2100  
Facsimile:  504-310-2120  
E-Mail:   dmoore@irwinllc.com  

*Sanofi Defendants' Liaison Counsel*

*/s/ John F. Olinde*  
John F. Olinde (Bar No. 1515)  
**CHAFFE MCCALL, L.L.P.**  
1100 Poydras Street  
New Orleans, LA  70163  
Telephone: 504-585-7000  
Facsimile:  504-585-7075  
E-Mail: olinde@chaffe.com  

*505(b)(2) Defendants' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on, January 23 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                    */s/ Douglas J. Moore*
                                                    Douglas J. Moore