UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| ************************************ | * | |
| GAIL A. GAINER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.*,<br><br>　　　　　　　Defendants. | * * * * * * * * * * * * * * * | Case No. 2:18-cv-08367-EEF-MBN |
| ************************************ | * * | |

**DECLARATION OF DEBRA J. HUMPHREY IN SUPPORT OF MOTION TO EXTEND SERVICE NUNC PRO TUNC**

　　　　DEBRA J. HUMPHREY, an attorney duly admitted to practice law in the Courts of the New York, declares the truth of the following, pursuant to 28 U.S. Code § 1746, under the penalties of perjury:

　　　　1.　　I am a partner with the law firm of MARC J. BERN & PARTNERS LLP ("Movant"), attorneys for the Plaintiff Gail Gainer ("Plaintiff") in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances at issue herein.

　　　　2.　　This affirmation is submitted in support of Plaintiff's Motion to Extend Time for

Service on Defendant Bayer Healthcare Pharmaceuticals, Inc., *Nunc Pro Tunc*, and Deem the Complaint Timely Served.

3. On September 4, 2018, Plaintiff, Gail Gainer by and through the undersigned counsel at the law firm of Marc J. Bern & Partners LLP ("Movant"), filed the Complaint against the manufacturers of Xarelto® for damages sustained from injuries suffered by Plaintiffs resulting from Gail Gainers' Xarelto® use. Dkt. No. 1.

4. On or about September 5, 2018, the summonses for all named Defendants in this matter were issued by the Clerk of Court. Dkt. No. 3.

5. Pursuant to this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No 357) ("PTO 10"), Movant was to effectuate service of the summons and Complaint on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") within sixty (60) days from the docketing the Complaint in the MDL, which is on or before November 3, 2018.

6. On or about September 28, 2018, Movant attempted to effectuate service of process of the Complaint in this matter on all Defendants, including on BHCP. A true and correct copy of the Complaint and summons served on BHCP on September 28, 2018 via Certified Mail, Return Receipt Requested, addressed to "Bayer Healthcare Pharmaceuticals, Inc. SOP Department, Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, DE 19808," is attached hereto as **Exhibit 1.** A true and correct copy of the service performed on Bayer Pharma AG via Registered Mail, Return Receipt Requested, and true and correct copies of the service performed on the other named Defendants via Certified Mail, Return Receipt Requested, are also attached thereto.

7. However, Movant incorrectly served a proposed summons instead of a stamped summons issued by the Court and therefore, did not properly effectuate service of process on

BHCP.

8. On or about October 8, 2018, I received notice from counsel for BHCP that BHCP considered service in this matter to be improper because the summons attached to the complaint was not issued by the Clerk of the Court. Attached hereto as **Exhibit 2**.

9. On or about October 10, 2018, this Court's PTO 10 was amended, and for the first time indicated that the address at which to effectuate service of process on BHCP pursuant to PTO 10 was "SOP Department, Corporation Service Company, *251 Little Falls Drive*, Wilmington, DE 19808." (Case No. 2:14-md-02592, Dkt. No. 11124) (emphasis added).

10. On or about October 11, 2018 Movant's attempt to serve BHCP at the address indicated on the applicable and operative PTO 10 at the time of service, September 28, 2018, was returned to Movant as "Forward Time Exp" and "Return to Sender." A true and correct copy of Movant's returned service on BHCP is attached hereto as **Exhibit 3.**

11. On or about October 12, 2018, Movant attempted to effectuate service on BHCP by serving a copy of the summons and Complaint on BHCP at 251 Little Falls Drive Wilmington, DE 19088 in accordance with the newly amended PTO 10. A true and correct copy of the Complaint and summons re-served on BHCP is attached hereto as **Exhibit 4**.

12. However, Movant again inadvertently served the proposed summons instead of the stamped summons issued by the Court on BHCP.

13. On October 25, 2018, Defendant Janssen Ortho, LLC, returned an executed Waiver of Service of summons attached hereto as **Exhibit 5.**

14. On November 29, 2018, I received notice from counsel for BHCP that BHCP considered service in this matter to be improper pursuant to PTO 10 because the summons attached to the complaint was not issued by the court. A true and correct copy of the November 29, 2018,

is attached hereto as **Exhibit 6.**

15. On or about January 30, 2019 Movant, in good faith, attempted to serve BHCP with a Stamped summons and Complaint. A true and correct copy of the Complaint and summons re-served on BHCP is attached hereto as **Exhibit 7.**

16. Further, on January 30, 2019 Movant, in good faith, re-served all Defendants in this matter pursuant to PTO-10 as a precaution due to the failure of service upon BHCP.

17. I respectfully request that Plaintiff be granted an extension of time to effectuate proper service on all Defendants, *nunc pro tunc*, and for service of the Complaint in this matter to be deemed timely served; alternatively, I respectfully request that this Court extend the time to serve all Defendants to sixty (60) days from the date of the entry of the Order on this motion.

18. No prior request for relief has herein been made.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 5, 2019**.

Dated: New York, New York
February 6, 2019

/s/ Debra J. Humphrey
DEBRA J. HUMPHREY