**Lindy D. Brown**
Attorney
lbrown@bradley.com
601.592.9905 direct



November 29, 2018

**BY ELECTRONIC MAIL** Dhumphrey@bernllp.com

Debra Humphrey
Marc J. Bern & Partners LLP
One Grand Central Place
60 East 42nd St., Suite 950
New York, NY 10165

Re: Gail A. Gainer v. Janssen Research & Development, LLC, et al.
Case No. 2:18-cv-08367 (E.D. La.)

Dear Ms. Humphrey:

This firm, with others, represents Bayer HealthCare Pharmaceuticals Inc. in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer HealthCare Pharmaceuticals Inc. has received the Complaint, Summons, and Waiver of Service in the above-captioned case. This attempt at service is not effective since the Summons was not issued by the Clerk of the Court. Bayer HealthCare Pharmaceuticals Inc. will not waive proper service.

The Federal Rules of Civil Procedure require that a summons be issued by the Clerk of the Court. The informal service process established under Section II.C of Pre-Trial Order No. 10 ("PTO 10") in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN), does not eliminate the requirement that a summons be served in a format in accordance with the Federal Rules.

If you wish to serve Bayer HealthCare Pharmaceuticals Inc. through PTO 10, then you must serve Bayer HealthCare Pharmaceuticals Inc. with the Complaint and a Summons issued by the Clerk of the Court by Certified Mail, Return Receipt Requested.

Bayer HealthCare Pharmaceuticals Inc. will accept corrected service in this matter without regard to the 60-day period for service if the corrected service is post-marked within 10 days of the date of this letter.

Sincerely,

*Lindy D. Brown*

Lindy D. Brown