UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Antoinette Durden, 16-16635 | ) ) ) | |

## ORDER AND REASONS

Before the Court is Plaintiff Antoinette Durden's Motion to Enforce CMO 12A (Doc. 5518). The Sanofi Defendants oppose the Motion. The Court heard oral argument on January 18, 2019. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff filed her complaint in this multidistrict litigation ("MDL") on November 29, 2016.[1] On March 3, 2016, Durden requested billing records from Ochsner in an effort to obtain information regarding the manufacturer of the chemotherapy—specifically, the docetaxel—she received during her treatment at Ochsner. Durden followed up with Ochsner several times, and on May 11, 2017, Ochsner faxed Durden a copy of her request with a handwritten NDC code on the first page as well as several other documents. The Ochsner employee who sent this fax, however, would later testify that "she had no information concerning the medicines actually administered to Plaintiff and simply signed the document because she was requested to do so."[2]

---

[1] Durden v. Sanofi S.A. et al., 2:16-cv-16635-JTM-MBN, Doc. 1.
[2] Doc. 5728 at 4.

On February 14, 2018, Sanofi issued its own request to Ochsner for NDC information. Ochsner responded that it could not comply and that the NDC numbers for the docetaxel that Durden was administered were unavailable. On the day it received Ochsner's response, Sanofi nominated Durden's case as one that should be selected for trial. On March 9, 2018, this Court selected Durden's case to serve as the first bellwether plaintiff in this MDL. Days later, Sanofi uploaded the statement it had obtained from Ochsner to MDL Centrality. On March 20, 2018, Durden obtained a signed certification from Ochsner providing that Plaintiff received docetaxel bearing NDC number 00075-8003-01. On April 9, 2018, Sanofi contacted Ochsner, and on April 17, 2018, Sanofi received a letter from Ochsner in which Ochsner recanted the certification it sent to Durden weeks earlier.

Durden continued pursuing Product ID Information, and she obtained billing records from Ochsner in a report dated October 5, 2018,[3] as well as a certification from Molina Medicaid Solutions ("Molina"). Both the billing records and the documents from Molina show that Durden was administered docetaxel bearing NDC numbers 75800180 and 75800120.[4]

On November 6, 2018, counsel for Ochsner sent an affidavit to Plaintiff's counsel and Sanofi's counsel. The affidavit stated that during the time leading up to Durden's treatment, Ochsner purchased docetaxel from four different manufacturers and none of these docetaxel products bore the NDC numbers that the billing records and Molina documents reflect. Specifically, the affidavit states that Durden received chemotherapy from October 2011 to February 2012, and Ochsner purchased docetaxel medications made by a variety of manufacturers between March 2011 and February 2012:

---

[3] Doc. 5518-2 (Exhibit A).
[4] Doc. 5518-3 (Exhibit B).

- Ochsner purchased docetaxel products manufactured by Hospira, including products identified by NDC numbers 409020102, 409020110, and 409020120, starting around March of 2011;

- Ochsner purchased docetaxel products manufactured by Sandoz, including products identified by NDC numbers 66758005001, 66758005002, and 66758005003, starting around August of 2011;

- Ochsner purchased docetaxel products manufactured by Sanofi Aventis US LLC, including products identified by NDC numbers 75800301 and 75800404 before and during the time period at issue; and

- Ochsner purchased docetaxel products manufactured by Winthrop US CS, including products identified by NDC numbers 955102001 and 955102104 starting around April 2011.[5]

Based on the affidavit, Ochsner and Sanofi agreed that Durden did not need to depose Ochsner. On November 15, 2018, the Court held a meeting with lead and liaison counsel, and the Court instructed the parties to proceed with a deposition of Ochsner.

Case Management Order 12A ("CMO 12A") governs the discovery of product identification information ("Product ID Information") in this MDL.[6] Paragraph 6 of CMO 12A provides as follows: "The following information is presumed sufficient evidence to establish the identity of the manufacturer(s) or labeler of docetaxel in this MDL: a. National Drug Code ("NDC") numbers

---

[5] Doc. 5728-2 (Exhibit 2).
[6] Doc. 3492.

3

contained in a patient's medical, pharmacy, billing or insurance records . . . ."[7] Paragraph 8 establishes the procedure for the submission of rebuttal evidence:

> Where Plaintiff has submitted Product ID Information as defined in Paragraph 6, Defendants in MDL 2740 will not dispute such evidence without offering testimonial or documentary evidence to rebut the presumption. If any party obtains contrary testimonial or documentary evidence regarding Product ID Information ("contrary evidence"), it shall notify counsel for all named parties of the existence of such evidence within seven (7) days of its discovery. . . . [O]nce a case is identified in a trial scheduling order and after the close of Phase I discovery, the existing Product ID Information will be deemed affirmative evidence of the identify of the manufacturer or labeler of a plaintiff's docetaxel, absent good cause shown."[8]

## LAW AND ANALYSIS

Plaintiff now brings a Motion to Enforce CMO 12A, arguing that she has produced sufficient NDC information to warrant the application of the presumption contemplated by CMO 12A. Plaintiff claims that the documents she has obtained are adequate to identify Sanofi as the manufacturer of the docetaxel she received. Plaintiff argues that Sanofi's "contrary evidence" is speculative and cannot overcome the presumption created by her evidence. The Sanofi Defendants oppose the Motion, arguing that their "contrary evidence"

---

[7] *Id.* at 6–7.
[8] Doc. 3492 at 7–8.

4

creates a dispute of material fact on the issue and renders this case inappropriate for a bellwether trial.

Plaintiff argues that Ochsner had a legal obligation under the Deficit Reduction Act of 2005 ("DRA") to provide NDC information for physician-administered drugs as a method of identifying and invoicing manufacturers responsible for paying rebates. Plaintiff explains that when the DRA became effective, the Louisiana Department of Health and Hospitals issued notices to all Medicaid providers in Louisiana.[9] The notices stated that federal regulations now mandated that providers report NDC information for all physician-administered drugs on claim submissions.[10] The Department wrote that "any LA Medicaid covered service submitted with a HCPCS procedure code for a physician-administered drug must be accompanied by the actual NDC code from the package of the drug administered and other required information."[11] Sanofi does not dispute that the Molina records show that Ochsner billed Molina for the administration of docetaxel to Durden and that Ochsner represented, through NDC numbers, that the product being administered was manufactured by Sanofi.

The purpose of the bellwether process is to provide realistic expectations of jury verdicts on causation and liability issues. Accordingly, the parties agreed from the outset that factual issues on Product ID will not be a part of the bellwether process. Consistent with this agreement, Paragraph 8 of CMO 12A created only a rebuttable presumption, providing that Defendants could submit "contrary evidence" to rebut a presumption based on Plaintiffs' Product ID Information. Having considered the parties' briefing, the Court cannot say with certainty that Product ID is not at issue in this case. The Court cannot

---

[9] Doc. 5518 17 (Exhibit L).
[10] *Id.*
[11] *Id.*

5

ignore the discrepancies in the NDC numbers associated with Durden, nor can the Court ignore the affidavit of Neil Hunter, which qualifies as "contrary evidence" sufficient to rebut the presumption under CMO 12A. Although Plaintiff's evidence may be sufficient to carry the day at trial, the evidence would not be sufficient for summary judgment purposes. CMO 12A was designed to prevent this kind of factual issue from reaching the jury. Accordingly, this case should not proceed as a bellwether case.

## CONCLUSION

**IT IS ORDERED** that Plaintiff Antoinette Durden's Motion to Enforce CMO 12A (Doc. 5518) is **DENIED**.

New Orleans, Louisiana this 7th day of February, 2019.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE