# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>ALL CASES | MDL No. 2740<br><br>SECTION: N<br><br>JUDGE MILAZZO<br><br>MAG. JUDGE NORTH |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Debra "Debbie" L. Cantwell
      1211 166th Ave. SE
      Bellevue, WA 98008

(*Name of person who whom this subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**Please see the enclosed Schedule A.**

Place:  Shook, Hardy & Bacon L.L.P.
        701 Fifth Ave., Suite 6800
        Seattle, WA 98104

        Or at an agreed upon location or in an agreed upon manner.

Date and Time:  October 23, 2018 9:00 am

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place: _____    Date and Time: _____

8966623 v1

The following provisions of Fed. R. Civ. P. 45 are attached. Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        10/8/2018

*CLERK OF COURT*

OR

_____          /s/ Adrienne L. Byard
*Signature of Clerk or Deputy Clerk*              *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing (*name of party*)   sanofi-aventis U.S. LLC and Sanofi US Services Inc., who issues or requests this subpoena, are:

Adrienne L. Byard
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108
816-474-6550
abyard@shb.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. – MDL No. 2740

## PROOF OF SERVICE
*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)*

I received this subpoena for (*name of individual and title, if any*) _____

_____ on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                                                      *Server's signature*

                                                                                    _____
                                                                            *Printed name and title*

                                                                                  _____
                                                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED BY DEBRA "DEBBIE" L. CANTWELL

**A.** **Definitions**

1. "You" or "Your" means the answering party, Debra "Debbie" L. Cantwell.

2. "Communication" means the transmittal of information or a request for information (in the form of facts, ideas, inquiries, or otherwise), whether by written, oral, electronic, or other means. Communications include, but are not limited to all discussions, conversations, meetings, conferences, telephone conversations, interviews, voicemails, negotiations, agreements, understandings, letters, correspondence, facsimiles, electronic mail, social-media posts, social-media comments, text messages, messaging-application communications, or other forms of written or verbal interchanges, however transmitted or stored, including reports, notes, memoranda, lists, agendas and other records of communications.

3. "Concern" or "concerning" means referring to, describing, evidencing, constituting, pertaining to, containing, describing, embodying, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, or relating to.

4. "Document" is used in the broadest sense consistent with the terms of the Federal Rules of Civil Procedure, and includes, without limitation, every writing, record, photograph, piece of electronically stored information, and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, including without limitation: writings; correspondence; records; tables; charts; graphs; reports; notes; telegrams; telexes; telefax transmittals; telecopy, facsimile or fax transmittals or transmissions; cables; messages; e-mails; electronic messages; electronically stored or transmitted documents; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra- and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries, or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

4

5. "Taxotears" means the moniker used by various groups of women who have allegedly been injured by Taxotere.

**B.      Categories of Documents to be Produced**

1. All documents or communications between, among, to or from you and the plaintiffs or plaintiffs' counsel in any Taxotere case.

2. All documents or communications between, among, to or from you and any member of the "Taxotears" Facebook Group and the "Taxotears" Google Group.

3. All documents or communications concerning **Exhibit 1**.

4. The deleted comments identified in your Facebook post attached as **Exhibit 1**.

5. The request identified in your Facebook post attached as **Exhibit 1**.

6. All documents and communications that identify by name the "someone" identified in your Facebook post attached as **Exhibit 1**.

7. All Facebook comments to your Facebook post attached as **Exhibit 1**.

8. All documents or communications concerning the request identified in your Facebook post attached as **Exhibit 1**.

9. All documents or communications concerning the deleted comments identified in your Facebook post attached as **Exhibit 1**.

# EXHIBIT 1



**Debbie Funk Cantwell** ▶ Taxotears
Nov 22, 2015 ·

Deleting my comments regarding the hair product I used as requested by someone we're not supposed to talk about. 🤐

6 Comments



Crossing my fingers you see more growth soon 🙂

▶ Taxotears
May 24, 2017 ·

Has anyone had any correspondence from the attorneys? Back in February I talked to one of the attorneys who said I should be getting a package of information to fill out...

11 Comments

