# EXHIBIT H

| | |
|---|---|
| **From:** | McLafferty, Liz <McLafferty@sgb-law.com> |
| **Sent:** | Wednesday, November 14, 2018 10:27 AM |
| **To:** | Wikler, Jeremy (SHB) |
| **Subject:** | RE: Cantwell |

Jeremy,
I still don't understand why are you singling out this individual, who is a nonparty to this litigation. You should be asking one of the 10,000+ plaintiffs to do produce their documents and information. I didn't see an answer from you as to why, rather than a motion to compel the MDL plaintiffs who are not producing their ESI, you have singled out someone who is not involved in the litigation and asking that person to produce a massive amount of documents. No, she will not consent to production of her ESI.
No, Ms. Cantwell will not join Sanofi's request; as I stated below, transfer of the motion is inappropriate.
Liz

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Tuesday, November 13, 2018 2:55 PM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell
Hi Liz,
Ms. Cantwell could consent to the production of her ESI from the Google Group and Facebook Group. Is that something she is willing to do?
Are you willing to join Sanofi in its request for a stay pending resolution of the transfer motion?
Thanks,
Jeremy

**From:** McLafferty, Liz
**Sent:** Tuesday, November 13, 2018 4:49 PM
**To:** Wikler, Jeremy (SHB)
**Subject:** RE: Cantwell
I guess I'm unclear of what you're asking regarding Google, and how Ms. Cantwell alone could consent to production all of Taxotears emails.
Sanofi can request a stay, but again, it's Ms. Cantwell's position that transfer of her Motion would be inappropriate given that Ms. Cantwell is located in WAWD, and compliance with the subpoena is in WAWD.

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Tuesday, November 13, 2018 2:35 PM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell
Hi Liz,
The subpoena to Google requests production of non-content data. Is Ms. Cantwell willing to consent to having Google and Facebook produce information from the Taxotears groups to Sanofi?
And just so the question doesn't get lost among these other issues: Are you willing to agree to a request to stay the MTQ briefing pending resolution of the transfer motion?
Thanks,
Jeremy

**From:** McLafferty, Liz <McLafferty@sgb-law.com>
**Sent:** Tuesday, November 13, 2018 4:13 PM
**To:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** RE: Cantwell

If the MDL plaintiffs aren't producing ESI in discovery, it sounds like the appropriate action is a motion to compel, rather than singling out someone who is not involved in the litigation and asking that person to produce a mountain of documents. My understanding is that Sanofi has already issued a subpoena to Google. As I stated in the MTQ, Ms. Cantwell did not object to Google complying with that subpoena.

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Tuesday, November 13, 2018 1:56 PM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell

Hi Liz,

You mentioned that Ms. Cantwell would have to search for responsive documents in this district, but transfer would not impact where Ms. Cantwell could review the documents for production in response to the subpoena. I'm not sure I understand how the location of her review (which will be her choice regardless of venue) factors into this analysis. Because Ms. Cantwell will not consent to transfer, would you agree to our request to stay briefing on the motion to quash until after the Western District of Washington decides the issue of transfer? We plan to file our transfer motion this week.

As to your other questions, we discussed several of those over the phone last week when I explained our position. ESI from the Taxotears Google Group and the Taxotears Facebook Group is highly relevant to the claims and defenses in the Taxotere litigation. It includes information relevant to a variety of issues, including, e.g., alternative causation, damages, and statutes of limitation. Unfortunately, most of the MDL Plaintiffs who are Taxotears members have produced no or little ESI from these groups. By virtue of her membership in these groups, Ms. Cantwell has these missing documents. As to your question about getting the information from Google or Facebook, is Ms. Cantwell taking the position that she is willing to give consent for Google and Facebook to produce this information to Sanofi? If so, we can explore that, and we will need to get the necessary forms signed.

With respect to your query about time and money, we would certainly be willing to provide guidance on how to collect the requested information from the Taxotears Google Group and the Taxotears Facebook Group quickly and for free. And to the extent that cost is still a concern following those discussions, I would be happy to discuss with Sanofi the possibility of paying reasonable expenses for the production to alleviate any burden on Ms. Cantwell.

Regarding your question about communications with Plaintiffs' counsel, we can narrow that request. Sanofi's focus there is on the communications that led to Ms. Cantwell's Facebook post that says, "Deleting my comments regarding the hair product I used as requested by someone we're not supposed to talk about." Sanofi is also interested in any similar communications with counsel regarding preservation of ESI. As we've discussed, Sanofi does not believe that the attorney-client privilege protects these particular communications. We are also interested in other communications with counsel where the attorney-client privilege has been waived. Because we believe we are entitled to these documents, as well as to the other documents requested in the subpoena, we won't agree to striking the subpoena in exchange for an *in camera* production of a limited subset of counsel communications.

Sorry, I know this e-mail has gotten a little lengthy. So I just want to re-up my request from above regarding a stay of the MTQ briefing. If you would be willing to agree to such a stay, I would greatly appreciate it. Would you please let me know your position?

Thanks,
Jeremy

**From:** McLafferty, Liz <McLafferty@sgb-law.com>
**Sent:** Tuesday, November 13, 2018 2:56 PM
**To:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** RE: Cantwell

Jeremy,

The subpoena would still require Ms. Cantwell to spend many dozens of hours on her computer, in this district, combing through the many thousands of documents requested. So no, she does not consent to transfer of this motion.

Why do you want all of Ms. Cantwell's Taxotears emails? She is not a party to the litigation, so I am still at a loss regarding how Sanofi thinks it can require a nonparty to spend countless time and money on this, especially when it could get this information from a party, or from Google or Facebook. How is it relevant? Also, why does Sanofi believe it is entitled to Ms. Cantwell's communications with Plaintiffs or Plaintiffs' attorneys not related to this specific transaction you've identified?

If Sanofi strikes its subpoena, I believe Ms. Cantwell would not oppose an in camera review by Judge North of her attorney-client communications related specifically and only to the Facebook post in Exhibit 1. This should be accomplished through a motion or order to Bachus & Schanker. Please let me know your position on this idea.
Liz

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Tuesday, November 13, 2018 12:36 PM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell

Hi Liz,
Thanks for your response.
We previously permitted Ms. Cantwell to produce documents in response to the subpoena via email, as opposed to a physical production at a location in Washington. If a court determines that Ms. Cantwell is required to produce any additional documents in response to the subpoena, we could similarly agree to accept an electronic production. Would that change your position on consent?
Thanks,
Jeremy

**From:** McLafferty, Liz <McLafferty@sgb-law.com>
**Sent:** Tuesday, November 13, 2018 2:19 PM
**To:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** RE: Cantwell

Hi Jeremy,
Ms. Cantwell does not consent to transfer of the motion to the MDL. The location for compliance of the subpoena is before the Western District of WA. Ms. Cantwell resides within this venue, and the subpoena requests she produce massive amounts of documents in this venue. As a result, it is appropriate for the matter to be adjudicated in the Western District.
Thanks,
Liz

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Tuesday, November 13, 2018 10:08 AM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell

Hi Liz,
As a follow-up to our conversation yesterday, attached for your review is the transcript from last Thursday's status conference. I'll direct your attention to 23:7–24:8.
Also, the Plaintiffs' Steering Committee informed me today that because Ms. Cantwell is not a plaintiff, they take no position regarding the location for hearing her motion to quash.
Would you be willing to consent to the transfer of the motion to the Taxotere MDL? I'm available if you would like to discuss further.
Thanks,
Jeremy

**Jeremiah S. Wikler**
*Of Counsel*
Shook, Hardy & Bacon L.L.P.

dd: 816.559.2467 | jwikler@shb.com
m: 913.634.4007



3

**From:** Wikler, Jeremy (SHB)
**Sent:** Monday, November 12, 2018 5:10 PM
**To:** 'McLafferty, Liz' <McLafferty@sgb-law.com>
**Subject:** RE: Cantwell

No problem. As we discussed, during last Thursday's status conference, Sanofi raised the issue of transfer of the MTQ. And my understanding is that Judge North indicated that he is amenable to transfer. Again, though, I can provide you with the exact language once I have a copy of the transcript. When we spoke earlier, I had forgotten that the court is closed today due to Veterans Day. But hopefully, I'll have a copy of that transcript soon.

**From:** McLafferty, Liz <McLafferty@sgb-law.com>
**Sent:** Monday, November 12, 2018 4:35 PM
**To:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** RE: Cantwell

Hi Jeremy - I am in and out of meetings so won't be able to talk on the phone. Since I misunderstood our conversation, you please let me know the result of the status conference last week and how it relates to Ms. Cantwell's MTQ?

**From:** Wikler, Jeremy (SHB) [mailto:JWIKLER@shb.com]
**Sent:** Monday, November 12, 2018 2:32 PM
**To:** McLafferty, Liz
**Subject:** RE: Cantwell

Hi Liz,
I just tried calling you regarding your email below, which doesn't match our earlier discussion. Please call me back to discuss.
Thanks,
Jeremy

**Jeremiah S. Wikler**
*Of Counsel*
Shook, Hardy & Bacon L.L.P.

dd: 816.559.2467 | jwikler@shb.com
m: 913.634.4007



**From:** McLafferty, Liz <McLafferty@sgb-law.com>
**Sent:** Monday, November 12, 2018 4:18 PM
**To:** Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** Cantwell

Hi Jeremy - I just want to make sure I understand our conversation earlier today. Can you verify that Judge North sought transfer of Ms. Cantwell's motion to Louisiana?
_____
**Liz McLafferty**
*Attorney*
Schroeter Goldmark Bender
810 Third Avenue Suite 500
Seattle, WA 98104
206-622-8000
206-682-2305 (fax)
email | web | en español | avvo | linkedin | blog
**CONFIDENTIALITY NOTICE**: This email message may contain confidential and privileged information. If you have received this message by mistake, please delete it without distributing it to anyone else, and notify me immediately via email or telephone at 206-622-8000. Thank you.

Mail Gate made the following annotations on Mon Nov 12 2018 16:31:36

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Tue Nov 13 2018 12:08:17

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Tue Nov 13 2018 14:36:11

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Tue Nov 13 2018 15:55:43

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Tue Nov 13 2018 16:35:25

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Tue Nov 13 2018 16:55:07

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.