1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   In Re Cantwell Subpoena

No. 2:18-mc-0112 RSL

10   DECLARATION OF ELIZABETH
11   MCLAFFERTY IN SUPPORT OF MS.
     CANTWELL'S MOTION TO QUASH
12   OR MODIFY DOCUMENT
     SUBPOENA TO NON-PARTY AND
13   FOR PROTECTIVE ORDER

14   NOTING DATE: NOVEMBER 23, 2018

15

16   I, Elizabeth McLafferty, represent Debra Caldwell in this matter. I make this declaration

17   based on personal knowledge. I am over the age of 18 and competent to testify to the matters

18   set forth herein.

19

20   1.   The Motion to Quash is in response to a subpoena duces tecum served by Sanofi-

21        Aventis, U.S (hereinafter "Sanofi"), under the authority of the United States

22        District Court for the Eastern District of Louisiana, in the Taxotere (Docetaxel)

23        Products Liability Litigation, No. 16-CV-2740.

24
25
26

DECLARATION OF ELIZABETH
MCLAFFERTY IN SUPPORT OF MS.
CANTWELL'S MOTION TO QUASH OR
MODIFY DOCUMENT SUBPOENA TO NON-
PARTY AND FOR PROTECTIVE ORDER– 1

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2. The Subpoena is directed to Debra Cantwell, a resident of Washington domiciled in the Western District of Washington. A true and correct copy of the Subpoena is attached as Exhibit A.

3. Sanofi's subpoena to Ms. Cantwell arises primarily out of a post she made on the Taxotears Facebook page. On November 22, 2015, Ms. Cantwell posted pictures of her head, seeking feedback on the efficacy of a hair product she was using to address her on-going alopecia. On December 17, 2015, however, Ms. Cantwell edited that comment noting she was "Deleting my comments regarding the hair product I used as requested by someone we're not supposed to talk about."

4. The deadline to object or comply with the subpoena was October 23, 2018. However, on October 18, 2018, Judge North extended the deadline for Ms. Cantwell to move to quash the subpoena to November 6, 2018. A true and correct copy of the Minute Order (Dkt. # 4635) extending the deadline is attached as Exhibit B.

5. I consulted with Jeremy Wikler, counsel for Sanofi, on November 5, 2018 regarding the subpoena. I informed Mr. Wikler that Ms. Cantwell would produce documents responsive to Category 4: the deleted comments identified in Ms. Cantwell's November 22, 2015 Facebook post; and Category 7: the comments to Ms. Cantwell's Facebook post. A true and correct copy of my November 5, 2018 email confirming this conversation is attached as Exhibit C. The parties were unable to reach agreement as to the remaining categories.

DECLARATION OF ELIZABETH
MCLAFFERTY IN SUPPORT OF MS.
CANTWELL'S MOTION TO QUASH OR
MODIFY DOCUMENT SUBPOENA TO NON-
PARTY AND FOR PROTECTIVE ORDER– 2

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2   6. On June 7, 2018, Sanofi subpoenaed Google for information regarding the

3      Taxotears Google Group. A true and correct copy of the Subpoena to Google is

4      attached as Exhibit D.

5

6   7. Sanofi made a similar argument in one of the Taxotere plaintiffs' cases – Ms.

7      Kimberly Free. Sanofi argued that "Plaintiff Free stated that her counsel told her

8      to 'either close down facebook or lock it down and also any blog posts etc.'" A

9      true and correct copy of the letter from Sanofi's counsel dated October 15, 2018 is

10     attached as Exhibit E.

11  8. Regarding the Kimberly Free correspondence, Judge North reviewed the

12     correspondence in an in camera review, and found "that it comports completely

13     with the law and with all relevant professional and ethical standards and will not

14     order it produced in the litigation." A true and correct copy of the Minute Order

15     (Dkt. #3943) regarding this ruling is attached as Exhibit F.

16

17

18

19

20

21

22

23

24

25

26

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    I declare under penalty of perjury under the laws of the United States foregoing is

2  true and correct.

3

4    DATED at Seattle, Washington, this 6th day of November.

5

6                                     *s/ Elizabeth J. McLafferty*
                                     ELIZABETH J. MCLAFFERTY, WSBA #45291
7                                    Counsel for Debra Cantwell
                                     SCHROETER GOLDMARK & BENDER
8                                    810 Third Avenue, Suite 500
                                     Seattle, WA  98104
9                                    Phone:  (206) 622-8000
                                     Fax:  (206) 682-2305
10                                   Email: mclafferty@sgb-law.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF ELIZABETH
MCLAFFERTY IN SUPPORT OF MS.
CANTWELL'S MOTION TO QUASH OR
MODIFY DOCUMENT SUBPOENA TO NON-
PARTY AND FOR PROTECTIVE ORDER– 4

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

## CERTIFICATE OF SERVICE

2

        I hereby certify that on November 6, 2018, I electronically filed the foregoing with

3
the clerk of the Court using the CM/ECF system and that I served a copy of the documents
via messenger to the following non CM/ECF participant:

4

Adrienne L. Byard

5
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.

6
Kansas City, MO 64108
Phone: 816-474-6550

7
Email: abyard@shb.com

8

Dated this 6th day of November, 2018, at Seattle, Washington.

9

                                        s/ Alder Burgess

10
                                        ALDER BURGESS, Paralegal

11
                                        Schroeter, Goldmark & Bender
                                        810 Third Avenue, Suite 500

12
                                        Seattle, WA 98104
                                        Phone: (206) 622-8000

13
                                        Email: burgess@sgb-law.com

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF ELIZABETH
MCLAFFERTY IN SUPPORT OF MS.
CANTWELL'S MOTION TO QUASH OR
MODIFY DOCUMENT SUBPOENA TO NON-
PARTY AND FOR PROTECTIVE ORDER– 5

SCHROETER, GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION:  N |
| This Document Relates To: | |
| ALL CASES | JUDGE MILAZZO |
| | MAG. JUDGE NORTH |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR**
**OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Debra "Debbie" L. Cantwell
        1211 166th Ave. SE
        Bellevue, WA 98008

_____
(*Name of person who whom this subpoena is directed*)

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**Please see the enclosed Schedule A.**

Place:  Shook, Hardy & Bacon L.L.P.
        701 Fifth Ave., Suite 6800
        Seattle, WA 98104

        Or at an agreed upon location or in an agreed upon manner.

Date and Time:  October 23, 2018 9:00 am

_____        _____

☐  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place: _____        Date and Time: _____

_____

8966623 v1

The following provisions of Fed. R. Civ. P. 45 are attached.  Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____10/8/2018_____

       *CLERK OF COURT*

                                         OR

_____     _____/s/ Adrienne L. Byard_____
     *Signature of Clerk or Deputy Clerk*                *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing (*name of party*)  sanofi-aventis U.S. LLC and Sanofi US Services Inc., who issues or requests this subpoena, are:

Adrienne L. Byard
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108
816-474-6550
abyard@shb.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. – MDL No. 2740

## PROOF OF SERVICE
*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 45)*

I received this subpoena for (*name of individual and title, if any*) _____

_____ on (*date*) _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____; or

☐  I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $__0.00__.

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                                                 *Server's signature*

                                                                     _____
                                                                                 *Printed name and title*

                                                                     _____
                                                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED BY DEBRA "DEBBIE" L. CANTWELL

**A.**    **Definitions**

1.    "You" or "Your" means the answering party, Debra "Debbie" L. Cantwell.

2.    "Communication" means the transmittal of information or a request for information (in the form of facts, ideas, inquiries, or otherwise), whether by written, oral, electronic, or other means. Communications include, but are not limited to all discussions, conversations, meetings, conferences, telephone conversations, interviews, voicemails, negotiations, agreements, understandings, letters, correspondence, facsimiles, electronic mail, social-media posts, social-media comments, text messages, messaging-application communications, or other forms of written or verbal interchanges, however transmitted or stored, including reports, notes, memoranda, lists, agendas and other records of communications.

3.    "Concern" or "concerning" means referring to, describing, evidencing, constituting, pertaining to, containing, describing, embodying, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, or relating to.

4.    "Document" is used in the broadest sense consistent with the terms of the Federal Rules of Civil Procedure, and includes, without limitation, every writing, record, photograph, piece of electronically stored information, and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, including without limitation: writings; correspondence; records; tables; charts; graphs; reports; notes; telegrams; telexes; telefax transmittals; telecopy, facsimile or fax transmittals or transmissions; cables; messages; e-mails; electronic messages; electronically stored or transmitted documents; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra- and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries, or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

5.     "Taxotears" means the moniker used by various groups of women who have allegedly been injured by Taxotere.

**B.     Categories of Documents to be Produced**

1.     All documents or communications between, among, to or from you and the plaintiffs or plaintiffs' counsel in any Taxotere case.

2.     All documents or communications between, among, to or from you and any member of the "Taxotears" Facebook Group and the "Taxotears" Google Group.

3.     All documents or communications concerning **Exhibit 1**.

4.     The deleted comments identified in your Facebook post attached as **Exhibit 1**.

5.     The request identified in your Facebook post attached as **Exhibit 1**.

6.     All documents and communications that identify by name the "someone" identified in your Facebook post attached as **Exhibit 1**.

7.     All Facebook comments to your Facebook post attached as **Exhibit 1**.

8.     All documents or communications concerning the request identified in your Facebook post attached as **Exhibit 1**.

9.     All documents or communications concerning the deleted comments identified in your Facebook post attached as **Exhibit 1**.

# EXHIBIT 1



**Debbie Funk Cantwell** ▶ Taxotears
Nov 22, 2015 · 🖤

Deleting my comments regarding the hair product I used as requested by someone we're not supposed to talk about. 🫢



6 Comments

Crossing my fingers you see more growth soon 🙂



▶ Taxotears
May 24, 2017 · 🖤

Has anyone had any correspondence from the attorneys?  Back in February I talked to one of the attorneys who said I should be getting a package of information to fill out...

11 Comments

EXHIBIT B

MINUTE ENTRY
NORTH, M.J.
OCTOBER 16, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)         MDL NUMBER: 2740
PRODUCTS LIABILITY
LITIGATION

SECTION: "H"(5)

THIS DOCUMENT RELATES TO
ALL CASES

A further discovery/status conference was held on this date in the presence of a Court

Reporter (Nichelle Drake).

| PRESENT: | | |
|---|---|---|
| | Dawn Barrios | Cliff Merrell |
| | Darin Schanker | Peter Rotolo |
| | David Miceli | John Olinde |
| | Palmer Lambert | Douglas Moore |
| | Rand Nolen | Adrienne Byard |
| | Chris Coffin | Kelly Brilleaux |
| | Karen Barth Menzies | Patrick Oot |
| | Val Exnicios | |
| | Betsy Barnes | |
| | Lauren Godshall | |
| PARTICIPATING BY PHONE: | Daniel Markoff | Brandon Cox |
| | Alexander Dwyer | Kathleen Kelly |
| | Lauren Davis | Mike Suffern |
| | | Mara Cusker Gonzales |
| | | Beth Toberman |
| | | Suzy Marinkovich |

**Interrogatories to 505(b)(2) Defendants**:   The PSC's request to propound

additional interrogatories is granted.   Each of the 505(b)(2) Defendants is to respond to

interrogatories 26-36 previously propounded by the PSC no later than November 15, 2018.

MJSTAR (00:20)

**Sanofi's Subpoena to Debbie Cantwell:**  The return date on the subpoena is hereby extended by 14 days.  If, before the revised return date, Ms. Cantwell wishes to move to quash the subpoena, she may do so herself or through counsel who shall be expected to represent to the Court that they actually represent Ms. Cantwell.

**Sanofi's Motion for Issuance of Letters of Request for International Judicial Assistance** (rec. doc. 4522):  For the reasons set forth in detail on the record at the conference, the motion is **granted and the letters will be executed and issued**.

***Ex parte* Contact with Treating Physicians:**  The parties are directed to meet and confer in an effort to confect a protocol addressing post-deposition, pre-trial *ex parte* contacts with treating physicians.  If the parties are unable to agree on such a protocol, the issue shall be addressed by the parties and the Court at the next scheduled status conference.

**Protocol for Addressing Non-Bellwether ESI Deficiencies:**  The parties are directed to meet and confer to present jointly to the Court at the next scheduled status conference a proposed protocol for addressing deficiencies in ESI production of non-bellwether plaintiffs under PTO 71A.  To the extent disagreements remain, they are to be noted with clarity for the Court's reference and for discussion at the next conference.  Any proposed protocol will not involve any deficiencies in Plaintiffs' Fact Sheets, as a deficiency protocol for those documents is already in place.

The next discovery status conference will be held **November 8, 2018 at 11:00 a.m.**

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2

EXHIBIT C

**Burgess, Alder**

| | |
|---|---|
| **From:** | McLafferty, Liz |
| **Sent:** | Monday, November 05, 2018 12:22 PM |
| **To:** | abyard@shb.com |
| **Subject:** | Cantwell Subpoena: Taxotere Litigation MDL 2740 |

Ms. Byard,

I represent Ms. Cantwell with respect to the subpoena you issued on October 8, 2018. I spoke with Jeremy Wikler in your office today. I let Mr. Wikler know that Ms. Cantwell is willing to produce documents responsive to Category Nos. 4 and 7. He believed that a emailing the documents would be sufficient. Please let me know if you require delivery to your Seattle office instead.

_____

**Liz McLafferty**
*Attorney*
Schroeter Goldmark Bender
810 Third Avenue  Suite 500
Seattle, WA  98104
206-622-8000
206-682-2305 (fax)
email | web | en español | avvo | linkedin | blog

**CONFIDENTIALITY NOTICE**:  This email message may contain confidential and privileged information.  If you have received this message by mistake, please delete it without distributing it to anyone else, and notify me immediately via email or telephone at 206-622-8000. Thank you.

EXHIBIT D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION: N |
| This Document Relates To: | |
| ALL CASES | JUDGE MILAZZO |
| | MAG. JUDGE NORTH |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google LLC
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

*(Name of person who whom this subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All **non-content** information from the Google Group called "Taxotears," including but not limited to all documents and electronically stored information regarding the following:

- All former and current "Taxotears" users'[1] names, IP addresses, usernames, e-mail addresses, and any other contact record details;
- All former and current "Taxotears" users' dates of membership;
- Access logs of all former and current "Taxotears" users;
- Information sufficient to show the recipients, senders, dates sent, dates received, dates read, and dates deleted of "Taxotears" e-mails, e-mail attachments, or other posts or messages sent or received within, from, or to the "Taxotears" Google Group;
- The "Taxotears" Google Group settings, both current and legacy;
- The current number of users and legacy user counts of the "Taxotears" Google Group; and
- The current number of posts and legacy posts available to the "Taxotears" Google Group, including the number of posts and legacy posts by each former and current "Taxotears" user.

---

[1] The term "users" as used throughout this subpoena includes all "Taxotears" administrators, owners, managers, members, and custom roles, as well as any other current or legacy Google Groups roles.

Place:  Shook Hardy and Bacon, LLP                    Date and Time: June 21, 2018
        One Montgomery St., Suite 2700
        San Francisco, CA 94104

_____                _____

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place: _____     Date and Time: _____

The following provisions of Fed. R. Civ. P. 45 are attached.  Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___6|7|18___

*CLERK OF COURT*

                                          OR

_____                _____
*Signature of Clerk or Deputy Clerk*                *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing (*name of party*)   sanofi-aventis U.S. LLC and Sanofi US Services Inc., who issues or requests this subpoena, are:

Douglas J. Moore
Kelly E. Brilleaux
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
dmoore@irwinllc.com
kbrilleaux@irwinllc.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

2

EXHIBIT E



October 15, 2018

VIA ELECTRONIC MAIL

The Honorable Michael B. North, United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, Louisiana 70130

Harley V. Ratliff

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation,*
      MDL No. 2740 – Response to the PSC's October 11, 2018 Letter

2555 Grand Blvd.
Kansas City, Missouri 64108
t 816.474.6550
f 816.421.5547
hratliff@shb.com

Dear Judge North:

We write in response to the PSC's October 11 letter to Your Honor. The issue they raise regarding the subpoena to Ms. Cantwell is not ripe for the Court's consideration because the PSC did not contact Sanofi in any way—let alone engage in a meaningful meet-and-confer—regarding this issue before raising it in their letter. Further, even if the PSC chooses sometime after Tuesday's status conference to meet and confer with Sanofi regarding this subpoena, Plaintiffs have no standing to challenge this subpoena to a third party. Additionally, the documents Sanofi requested from Ms. Cantwell are relevant to the issue of Plaintiffs' failure to produce relevant ESI in this litigation. Sanofi is not interested only in Bachus & Schanker's self-selected excerpts of third-party documents, but rather Sanofi wants Ms. Cantwell to fully respond to its subpoena and produce all responsive documents requested therein. Sanofi's requests are not limited to apparent instructions from Plaintiffs' counsel to delete information about Taxotere and hair loss. Lastly, the PSC has consistently argued that production of preservation documents might be warranted if there is evidence of spoliation. But regardless, Ms. Cantwell waived any privilege for these documents when she provided them to a third party, Bachus & Schanker, who are not her attorneys. Like with the documents Ms. Ledlie provided to the PSC, the PSC is once again saying that Sanofi is not entitled to be on an equal playing field and have access to third-party documents that they received.

## I.   THE SUBPOENA TO MS. CANTWELL SHOULD NOT BE ADRESSED DURING TOMORROW'S STATUS CONFERENCE BECAUSE THE PSC MADE <u>NO</u> EFFORT TO MEET AND CONFER WITH SANOFI REGARDING THIS ISSUE

Sanofi was surprised to see this issue appear in the PSC's letter to Your Honor. While Sanofi provided a courtesy copy of the Ms. Cantwell subpoena to the PSC on October 5,[1] the PSC did not reach out to Sanofi in any way before submitting their letter, let alone participate in a meet-and-confer. Your Honor recently stated that the parties should not be hearing about an issue for the first time in an opposing party's status-conference submission.[2] On this point, Your Honor also stated:

> THE COURT: . . . I'm just going to say one more time that you all should not be bringing issues to me or Judge Milazzo or to any of us unless you have exhausted all reasonable possibility of resolving them in a meaningful conference. Okay? I'm just going to remind you all of that.[3]

Despite this admonition, the PSC has brought this issue to Your Honor without communicating in any way with Sanofi. The PSC even recently acknowledged that Case Management Order No. 5 requires that the PSC meet and confer with Sanofi "in good faith regarding any discovery disputes before seeking the Court's intervention."[4]



Notably, we reached out to the PSC on the morning of Thursday, October 11 to ask about meeting and conferring on any topics for Tuesday's conference, as well as even offering to adjourn the conference to provide ample time to meet and confer.[5] The PSC ignored our correspondence only to surprise us with this issue at the end of the day.

In short, the PSC's failure to meet and confer with Sanofi regarding the subpoena to Ms. Cantwell violates the Court's instructions.

## II.   PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE SUBPOENA TO MS. CANTWELL—A NON-PARTY BY THE PSC'S OWN ADMISSION

The PSC does not explain in their letter why they believe Plaintiffs have standing to object to a subpoena directed to a third party. The law is clear that "a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[6] While Plaintiffs assert that the documents are privileged, the documents requested by the subpoena are not Plaintiffs' documents, but Ms. Cantwell's documents. Plaintiffs have no privilege claim over these documents, and they therefore do not have standing to challenge the Rule 45 subpoena.

Therefore, while this issue is not ripe for the Court's consideration due to the lack of a meet-and-confer, if Plaintiffs choose to raise this issue in the future following a meaningful meet-and-confer with Sanofi, their challenge should be rejected because Plaintiffs lack standing.

## III.   PLAINTIFFS' COUNSEL'S INSTRUCTIONS TO DESTROY RELEVANT ESI REGARDING TAXOTERE AND HAIR LOSS ARE RELEVANT TO THE DEFICIENCES IN PLAINTIFFS' ESI PRODUCTIONS

Frankly, Sanofi is a bit taken aback that the PSC does not seem to believe there is an issue with Plaintiffs' counsel instructing Plaintiffs to destroy relevant ESI. This is an issue with global ramifications. In fact, multiple women in the Taxotears Google Group and Facebook Group have stated that their attorneys instructed them that they could or should delete relevant ESI. For instance, Plaintiff Free stated that her counsel told her to "either close down facebook or lock it down and also any blog posts etc." An instruction to "close down" relevant ESI sources is an improper spoliation instruction:



Sat 4/8/2017 11:20 PM

taxotears@googlegroups.com on behalf of Kimberly Free <iamfree@mail-solutions.net>
[Taxotears] Letter from B&S

To   ☐ taxotears@googlegroups.com

Below is a new article about Science day being set for May 3rd. Also I did receive a letter from B&S this week. It did state to make sure you either close down your facebook or lock it down and also any blog posts etc.

Kimberly Free

Despite being a member of the Taxotears Google Group for nearly three years,[7] Plaintiff Free has produced zero e-mail communications from that group. Likewise, while it appears she may be a member of the Taxotears Facebook Group,[8] Plaintiff Free has not produced any ESI from that group either. In fact, she has



October 15, 2018

Page 3

produced only nine pages of ESI in total.[9] The combination of Plaintiff Free's failure to produce ESI from relevant sources with her statement that the preservation notice provided the option to "close down" relevant sources of ESI raises a red flag regarding what Plaintiffs' counsel instructed their clients regarding preservation of ESI.

This concern has only grown now that we have identified a member of the Taxotears Facebook Group who stated that her attorney instructed her to delete "comments regarding the hair product I used." Ms. Cantwell passed along this instruction to all Plaintiffs within the Taxotears Facebook Group. It is not yet clear how many other Plaintiffs in this litigation received instructions from their counsel to destroy relevant ESI.



This raises Rule 37(e)(2) spoliation concerns. These individuals had obligations to preserve this relevant evidence when they deleted it at the instruction of their counsel.

Courts have ordered severe sanctions for conduct like this. For instance, one court awarded severe sanctions where the plaintiff's counsel have instructed the plaintiff to "clean up" his Facebook page.[10]

As the PSC has argued over and over again, documents related to preservation efforts may need to be produced where there is actual evidence of spoliation.[11] During the August 7, 2018 status conference, Your Honor acknowledged that communications from Plaintiffs' counsel regarding document preservation might be relevant for this purpose:

> THE COURT: Well, look, I understand how you all as lawyers could read Ms. Free's e-mail and let's say be concerned about what it says. I understand that. I am just not prepared right now one way or another to say—before I start looking at something, **I've got to decide that it's relevant to** a claim or defense or **some issue like the ones that you all were having with the ESI**, and I haven't made that decision. And all I am saying is that if I do make that decision, what steps, what the incremental steps will be going forward.[12]

According to the PSC, Ms. Cantwell's communications provide "important context with respect to why she deleted her comments."[13] Sanofi is entitled to see these communications that explain why her counsel instructed her to delete relevant ESI.

## IV. MS. CANTWELL WAIVED ANY PRIVILEGE BY PROVIDING THE DOCUMENTS TO BACHUS & SCHANKER—WHO ARE NOT HER ATTORNEYS

Ms. Cantwell waived any privilege with respect to these documents when she provided them to Bachus & Schanker. The PSC explained that Bachus & Schanker are not Ms. Cantwell's attorneys, but that "[a]fter receiving Sanofi's subpoena [on October 5, 2018], Bachus & Schanker reached out to Ms. Cantwell, and Ms. Cantwell provided documentary evidence of communications between herself and Mr. Weinberger and his staff, providing important context with respect to why she deleted her comments."[14] When Ms. Cantwell provided these communications to third parties (i.e., Bachus & Schanker) who are not her attorneys, she waived any privilege that may have existed with respect to these communications. Therefore, in addition to the reasons stated above, Sanofi is entitled to their production.



It is unclear why the PSC believes they are entitled to have Ms. Cantwell's documents but Sanofi is not.

It is also worth noting that the documents described in the PSC's submission letter do not encompass all of the documents requested in Sanofi's subpoena to Ms. Cantwell. Therefore, the production of these specific documents to Sanofi will not discharge Ms. Cantwell's production obligations.

***

We look forward to discussing this topic with you tomorrow.

Sincerely,

Harley V. Ratliff

---

[1] E-Mail from Jeremiah S. Wikler, Counsel for Sanofi, to Dawn Barrios and Palmer Lambert, Counsel for Plaintiffs (Oct. 5, 2018).

[2] Status Conf. Tr. at 20:15–21:2 (Aug. 28, 2018).

[3] *Id.* at 17:22–18:1.

[4] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 1 (Aug. 27, 2018).

[5] E-Mail from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies and Zachary L. Wool, Counsel for Plaintiffs (Oct. 11, 2018), attached as **Exhibit A**.

[6] *Cruz v. Fulton*, No. 14-2015, 2016 WL 5404634, at *2 (E.D. La. Sept. 28, 2016) (quoting *Frazier v. RadioShack Corp.*, No. 10–855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

[7] *See* Plaintiff Free's First Amended Plaintiff Fact Sheet at ¶ II.19 (June 6, 2018) ("Taxotears" since "09/1/2015"); Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 2 (June 6, 2018) (identifying Plaintiff Free as a member of the Taxotears Google Group).

[8] *See* E-Mail from Erica Lieberman to Plaintiff Free (Sept. 1, 2015) ("We also have a strictly private Facebook page for those who want to participate. . . . Would you like to join us?"); E-Mail from Plaintiff Free to Erica Lieberman (Sept. 1, 2015) ("I would love to join your exclusive group and the facebook page. Thank you for asking me.").

[9] Despite her obligations under Rule 26(b)(5)(A)(ii), Plaintiff Free has not produced a privilege log at all, let alone one including the preservation notice at issue.

[10] *Allied Concrete Co. v. Lester*, 736 S.E.2d 699, 702–03 (Va. 2013).

[11] *See, e.g.*, Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 1 (June 25, 2018) (stating that Sanofi's position that document-retention "polices are not relevant (and therefore not discoverable)" does not "hold[] water"); Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 5 (Feb. 20, 2018) ("[T]he PSC served discovery related to document retention and possible spoliation on Sanofi and is currently awaiting a response."); Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 4 (Jan. 29, 2018) ("Courts have authorized discovery on the non-privileged details of litigation holds when, as here, there is a primary showing that evidence is missing that should have been preserved."); Letter from the PSC to Judge North at 3 (Oct. 26, 2017) ("Courts routinely allow this limited discovery when, as here, evidence from key custodians is missing.").

[12] Status Conf. Tr. at 19:9–17 (Aug. 7, 2018).

[13] Letter from Dawn Barrios, Counsel for Plaintiffs, to Judge North at 2 (Oct. 11, 2018).

[14] *Id.*

EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)          MDL NUMBER:  2740
        PRODUCTS LIABILITY
        LITIGATION
                                     SECTION: "H"(5)

THIS DOCUMENT RELATES TO
ALL CASES

### ORDER ON *IN CAMERA* REVIEW

Pursuant to this Court's orders of August 7, 2018 and August 22, 2018 (rec. docs. 3861 and 3927), counsel for Plaintiff, Kimberly Free, has submitted their "litigation hold" correspondence to her, dated March 28, 2017.  The Court has reviewed the correspondence and finds that it comports completely with the law and with all relevant professional and ethical standards and will not order it produced in the litigation.

New Orleans, Louisiana, this _23rd_ day of _____August_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE