UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO**
*Jacqueline Mills v. Sanofi U.S. Services, Inc. et al.*
Case No. 17-2689

**PLAINTIFFS' OPPOSITION AND RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Jacqueline Mills and Victor Mills (collectively "Plaintiffs"), hereby oppose Defendants' sanofi-aventis U.S. LLC and Sanofi US Services Inc.'s (collectively "Defendants" or "Sanofi") Separate Statement of Undisputed Facts in Support of Motion For Summary Judgment, pursuant to Local Rule 56.2:

| Sanofi's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| **A. Taxotere** | |
| 1. Taxotere is a chemotherapy prescribed to treat various forms of cancer, including breast cancer.<br>Second Am. Master Compl. ¶4 | Undisputed. |

1

| **Sanofi's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 2. Taxotere was first approved for use in the United States in 1996, and its FDA-approved label has always warned that hair loss is one of the drug's most common side effects.<br><br>Ex. B, 1996 Taxotere Label<br><br>Ex. A, 2014 Taxotere Label | Disputed. The phrase "hair loss" is vague. Chemotherapy, including Taxotere, is known to cause temporary and reversible hair loss. Taxotere's label from the years 1996 – 2015 contained no language regarding permanent hair loss.[1] It was not until the December 11, 2015 label update that any language regarding "permanent hair loss" appeared in the Taxotere label.<br><br>**Evidence:**<br><br>Ex. 1, 1996 Taxotere Label<br><br>Second Am. Master Compl. ¶¶ 129, 135, 137, 138, 163, 165, 166, 174 |
| 3. In December 2015, Sanofi, following discussions with FDA, made a modest change to the label's post-marketing section to reflect that "cases of permanent alopecia have been reported."<br><br>Ex. C, 2015 Taxotere Label | Disputed. The word "modest" mischaracterizes the December 2015 label change to Taxotere's label. In fact, the update was a significant change to the "Patient Counseling Information" section of the label. The 2015 amendment to this section reads: "Explain to patients that side effects such as […] hair loss (cases of permanent hair loss have been reported) are associated with docetaxel administration." Whereas the pre-December 2015 Taxotere label contained no physician counseling instructions regarding permanent hair loss, the updated label directs physicians to explain that cases of permanent hair loss have been reported. Additionally, under "Patient Information," the label states that the "most common side effects of Taxotere include: […] hair loss: in most cases normal hair growth should return. In some cases (frequency not known) permanent hair loss has been observed."<br><br>**Evidence:**<br><br>Rec. Doc. No. 5732-2 at 2<br><br>Second Am. Master Compl. ¶138 |
| 4. Taxotere has never been removed from the market and oncologists continue to prescribe Taxotere to treat potentially life-threatening forms of breast cancer.<br><br>Ex. D, Shah Dep. 18-19, 43: 4-13 | Undisputed. |

---

[1] Plaintiffs use the phrase "permanent hair loss" to refer to non-temporary hair loss or alopecia that is ongoing, persistent, and/or irreversible.

2

| **Sanofi's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 5. When Plaintiff's oncologist prescribed Taxotere as part of her chemotherapy regimen, Taxotere was also the standard of care at that time.<br><br>Ex. D, Shah Dep. 18:2-19:13. | Undisputed. However, Taxotere's prominence in the oncological community is predicated upon a history of false and misleading promotion, which the FDA stated could "compromise patient survival and safety." The FDA noted that Sanofi's claim of superiority as to "survival advantages" "was not supported by clinical trial results," and that Sanofi's Taxotere ads had "misleadingly overstate[d] the survival benefits … and impl[ied] that survival depends on treatment with Taxotere," while simultaneously "minimizing the serious and potentially life-threatening risks associated with the drug." Moreover, Sanofi made "false and misleading statements promoting the "superior efficacy" of Taxotere over the competing product paclitaxel (Taxol). As a result of these false and misleading acts, Sanofi was reprimanded by the FDA through several warning letters.<br><br>**Evidence:**<br><br>Second Am. Master Compl. ¶¶ 201-213. |
| **B. Plaintiff's Diagnosis and Chemotherapy Treatment Plan** ||
| 1. Plaintiff Jacqueline Mills was born on July 11, 1952.<br><br>Ex. E, Fifth Amended Plaintiff Fact Sheet ("PFS") at p.2. | Undisputed |
| 2. Plaintiff is a 66-year-old resident of Georgia.<br><br>Ex. E, PFS at p. 10 | Undisputed. |
| 3. On October 3, 2014, at the age of 62, Plaintiff was diagnosed with breast cancer.<br><br>Ex. E, PFS at pp. 12-13<br><br>Ex. F, Mills Dep. 92, 94-95 | Undisputed. |

3

| Sanofi's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 4. Plaintiff was diagnosed with breast cancer, type PR-positive, ER-positive, and HER2 positive.<br><br>Ex. E, PFS at pp. 12-13<br><br>Ex. F, Mills Dep. 92, 94-95<br><br>Plaintiff understood that this diagnosis meant she had a "high risk form of cancer" because the "cells divide at a quicker rate."<br><br>Ex. F, Mills Dep. 95:11-96:4 | Undisputed and disputed, in part. Plaintiff was diagnosed with breast cancer, type PR-positive, ER-positive, and HER2 positive.<br><br>However, Plaintiff's breast cancer diagnosis can be characterized as early stage breast cancer, as it was Stage 1A. "Stage 1 breast cancer means that cancer is evident, but it is contained to only the area where the first abnormal cells began to develop. The breast cancer has been detected in the early stages and can be very effectively treated. Stage 1A breast cancer means that the tumor is smaller than the approximate size of a peanut (2 centimeters or smaller) AND has not spread to the lymph nodes."<br><br>**Evidence:**<br><br>Ex. 2, *Breast Cancer Stages 0 & 1* (National Breast Cancer Foundation) |
| 5. Following her diagnosis, Plaintiff met with her oncologist Dr. Shefali Shah in December 2014 to discuss her chemotherapy treatment plan.<br><br>Ex. F, Mills Dep. 93-94, 96 | Undisputed. Plaintiff adds that the only question Plaintiff remembers asking her oncologist at their initial consultation was whether she would lose her hair.<br><br>**Evidence:**<br><br>Ex. 3, Mills Dep. 97:2-9 |
| 6. Dr. Shah recommended a chemotherapy regime called TCH, which included docetaxel, [2]carboplatin, and Herceptin.<br><br>Ex. G, 12/9/14 Medical Record<br><br>Because of Plaintiff's HER2 positive diagnosis, Dr. Shah had no doubt that the TCH regimen was "the go-to regimen" for her diagnosis.<br><br>Ex. D, Shah Dep. 19:7-13 | Undisputed. |

---

[2] Docetaxel is the generic version of Taxotere. For ease of reference, Defendants use Taxotere interchangeably.

4

| Sanofi's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 7. Dr. Shah told Plaintiff definitively that the chemotherapy regimen would cause her to lose her hair.<br>Ex. F, Mills Dep. 98:22-25 | Undisputed, but incomplete.<br>While Dr. Shah told Plaintiff that the chemotherapy regimen would cause her to lose her hair, Plaintiff was never told that her hair loss would be permanent, or that the hair loss would be a "long term" risk.<br>In fact, Dr. Shah testified that her practice at the time that she prescribed Taxotere to Ms. Mills was to share the side effect of "temporary" hair loss with her patients for whom she recommended chemotherapy treatment with Taxotere, as that was her understanding at the time she treated Ms. Mills.<br>**Evidence:**<br>Ex. 3, Mills Dep. 97: 17-23, 111: 8-12<br>Ex. 4, Shah Dep. 94: 7-23 |
| 8. Plaintiff agreed to the treatment plan and did not seek a second opinion about this treatment regimen.<br>Ex. F, Mills Dep. 102:7-10, 109:2-6<br>Plaintiff relied on Dr. Shah's judgment in recommending the best chemotherapy regimen in order to give Plaintiff the best chance of survival.<br>*Id*. at 109:22-110:1 | Undisputed. |
| 9. Plaintiff began the Taxotere chemotherapy regime on January 6, 2015.<br>Ex. F, Mills Dep. 119:10-11<br>*See also* SFC at ¶ 10 | Undisputed. |
| 10. Plaintiff's last dose of chemotherapy was administered on March 31, 2015.<br>Ex. F, Mills Dep. 254:19-21<br>SFC at ¶ 10 | Undisputed. |
| 11. Plaintiff is currently cancer-free.<br>PFS at 16 | Undisputed. |

| **Sanofi's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 12. Plaintiff has never received any documents directly or indirectly from Sanofi.<br><br>Ex. F, Mills Dep. 242:21-24 | Undisputed. |
| 13. Plaintiff has never contacted Sanofi.<br><br>Ex. F, Mills Dep. 242:25-243:1 | Undisputed. |
| 14. Dr. Shah continues to use the TCH regimen as of the date of her deposition and would still consider it for HER2 positive patients, like Plaintiff.<br><br>Ex. D, Shah Dep. 19:7-13 | Undisputed. |
| 15. If Plaintiff had come in as a patient today, Dr. Shah would still recommend the TCH regimen because "it's standard of care in this setting."<br><br>Ex. D, Shah Dep. 43:4-13 | Undisputed as to Dr. Shah stating that the TCH regimen is the "standard of care in this setting." However, Taxotere's prominence as the standard of care in the oncological community is predicated upon a history of false and misleading promotion, which the FDA stated could "compromise patient survival and safety." The FDA noted that Sanofi's claim of superiority as to "survival advantages" of Taxotere "was not supported by clinical trial results," and that Sanofi's Taxotere ads had "misleadingly overstate[d] the survival benefits … and impl[ied] that survival depends on treatment with Taxotere," while simultaneously "minimizing the serious and potentially life-threatening risks associated with the drug." Moreover, Sanofi made "false and misleading statements promoting the "superior efficacy" of Taxotere over the competing product paclitaxel (Taxol). As a result of these false and misleading acts, Sanofi was reprimanded by the FDA through several warning letters.<br><br>**Evidence:**<br><br>Second Am. Master Compl. ¶¶ 201-213. |
| 16. After Plaintiff began her chemotherapy regimen, an article in the New England Journal of Medicine suggested that a different chemotherapy regimen, weekly treatments with paclitaxel, could be appropriate for small HER positive tumors.<br><br>Ex. D, Shah Dep. 102:1-1-3:1 | Undisputed. |

6

| **Sanofi's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 17. While Dr. Shah might also consider this weekly paclitaxel regimen today if requested by a patient, she would not have recommended it for Plaintiff then because it was not "standard of care" at the time and the journal article on the regimen had not even been published when Dr. Shah came up with a chemotherapy plan with Plaintiff.<br><br>Ex. D, Shah Dep. 111-112 | Disputed. This assertion misstates Dr. Shah's testimony. Dr. Shah's clearly testified that she would "advise [Ms. Mills] of both options [TCH and weekly paclitaxel regimens] today, and [that she thinks weekly paclitaxel] is actually an acceptable regimen in early stage."<br><br>Additionally, Dr. Shah repeatedly testified to the fact that, had she been warned of the risk of irreversible or permanent hair loss at the time she treated Plaintiff, she certainly would have counseled her patient regarding that risk.<br><br>**Evidence:**<br><br>Ex. 4, Shah Dep. 106: 7-16, 99:11-25, 90:15-25, 91: 10-22, 101:1-14 |
| 18. Dr. Shah would have recommended the TCH regimen even if she assumed that Taxotere had a risk of permanent and total hair loss and she assumed that Ms. Mills would be interested in different treatments.<br><br>*Id*. at 103-112 | Undisputed, in part and disputed in part. While true that Dr. Shah's testimony indicated she would have recommended the TCH regimen even if she assumed that Taxotere had a risk of permanent and total hair loss, she also testified that today she would her patient of other acceptable treatments and allowed her patient to make the choice.<br><br>Additionally, Dr. Shah repeatedly testified to the fact that, had she been warned of the risk of irreversible or permanent hair loss at the time she treated Plaintiff, she certainly would have counseled her regarding that risk. Moreover, Dr. Shah testified that she understands that permanent hair loss would be a "big deal" to some patients.<br><br>**Evidence:**<br><br>Ex. 4, Shah Dep. 99:15-17, 106:7-16, 90:15-25, 91:10-22, 101:11-14. |

7

Respectfully Submitted,

/s/ *Lindsay R. Stevens*
John H. Gomez (T.A.)
Ahmed S. Diab
Lindsay R. Stevens
GOMEZ TRIAL ATTORNEYS
655 W. Broadway, Suite 1700
San Diego, CA 92101
T: (619)237-3490
F: (619)237-3496
john@thegomezfirm.com
adiab@thegomezfirm.com
lstevens@thegomezfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Maria Felix