UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO**
*Jacqueline Mills v. Sanofi U.S. Services, Inc. et al.*
**Case No. 17-2689**

**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Jacqueline Mills and Victor Mills (collectively "Plaintiffs"), hereby submit this Statement of Undisputed Material Facts in Opposition to Defendants' Motion For Summary Judgment, pursuant to Local Rule 56.2:

| Sanofi's Response and Supporting Evidence | Plaintiffs' Undisputed Facts and Supporting Evidence |
|---|---|
| **A. Taxotere** | |
| | 1. Chemotherapy, including Taxotere, is known to cause temporary and reversible hair loss. Taxotere's label from the years 1996 – 2015 contained no language regarding permanent hair loss.[1] It was not until the December 11, 2015 label update that any language regarding "permanent hair loss" appeared in the Taxotere label. **Evidence:** Ex. 1, 1996 Taxotere Label  Second Am. Master Compl. ¶¶ 129, 135, 137, 138, 163, 165, 166, 174 |

---

[1] Plaintiffs use the phrase "permanent hair loss" to refer to non-temporary hair loss or alopecia that is ongoing, persistent, and/or irreversible.

1

| Sanofi's Response and Supporting Evidence | Plaintiffs' Undisputed Facts and Supporting Evidence |
|---|---|
| | 2. In December 2015, Sanofi made a significant change to the "Patient Counseling Information" section of the Taxotere® label.  The 2015 amendment to this section reads: "Explain to patients that side effects such as […] hair loss (cases of permanent hair loss have been reported) are associated with docetaxel administration."  Whereas the pre-December 2015 Taxotere label contained no physician counseling instructions regarding permanent hair loss, the updated label directs physicians to explain that cases of permanent hair loss have been reported.  Additionally, under "Patient Information," the label states that the "most common side effects of Taxotere include: […] hair loss: in most cases normal hair growth should return.  In some cases (frequency not known) permanent hair loss has been observed." <br> **Evidence:** <br> Rec. Doc. No. 5732-2 at 2 <br> Second Am. Master Compl. ¶138 |
| | 3. Taxotere's prominence as the standard of care in the oncological community is predicated upon a history of false and misleading promotion, which the FDA stated could "compromise patient survival and safety."  The FDA noted that Sanofi's claim of superiority as to "survival advantages" "was not supported by clinical trial results," and that Sanofi's Taxotere ads had "misleadingly overstate[d] the survival benefits … and impl[ied] that survival depends on treatment with Taxotere," while simultaneously "minimizing the serious and potentially life-threatening risks associated with the drug."  Moreover, Sanofi made "false and misleading statements promoting the "superior efficacy" of Taxotere over the competing product paclitaxel (Taxol).  As a result of these false and misleading acts, Sanofi was reprimanded by the FDA through several warning letters. <br> **Evidence:** <br> Second Am. Master Compl. ¶¶ 201-213. |

2

| Sanofi's Response and Supporting Evidence | Plaintiffs' Undisputed Facts and Supporting Evidence |
|---|---|
| **B. Plaintiff's Diagnosis and Chemotherapy Treatment Plan** ||
|  | 1. Plaintiff Jacqueline Mills' breast cancer diagnosis can be characterized as early stage breast cancer, as it was Stage 1A. "Stage 1 breast cancer means that cancer is evident, but it is contained to only the area where the first abnormal cells began to develop. The breast cancer has been detected in the early stages and can be very effectively treated. Stage 1A breast cancer means that the tumor is smaller than the approximate size of a peanut (2 centimeters or smaller) AND has not spread to the lymph nodes." **Evidence:** Ex. 2, *Breast Cancer Stages 0 & 1* (National Breast Cancer Foundation) |
|  | 2. After Plaintiff's diagnosis, she discussed her surgical treatment plan with her surgeon. After weighing her surgical options, Plaintiff decided to go forward with the more conservative option of a lumpectomy surgery versus the more radical mastectomy surgery. **Evidence:** Ex. 3, Mills Dep. 67:6-10, 67:21-68:9, 68:15-69:25, 70:12-20 |
|  | 3. Plaintiff's treating oncologist, Dr. Shah's, primary mission in developing a treatment plan for her patients is for them to "live longer and live better." Dr. Shah also testified that she believes that the patient has a right to know the risks and side effects of treatment. Dr. Shah testified that Herceptin with paclitaxel (Taxol) is an acceptable alternative regimen for very early stage disease (like that of Ms. Mills). **Evidence:** Ex. 4, Shah Dep. 13:2-13, 71:18-21, 45:7-11 |

| Sanofi's Response and Supporting Evidence | Plaintiffs' Undisputed Facts and Supporting Evidence |
|---|---|
|  | 4. Plaintiff adds that Dr. Shah testified that ensuring quality of life for her patients is an important point of her treatment. For example, Dr. Shah testified that she always counsels patients with baseline peripheral neuropathy about the risk of peripheral neuropathy associated with Taxanes, like Taxotere, to make sure they make an informed decision regarding their treatment.<br>Additionally, Ms. Mills testified that she assumed that her hair would grow back after chemotherapy treatment because the people she knew that had gone through chemotherapy all experienced hair regrowth after the conclusion of their treatment.<br>Moreover, Ms. Mills' testimony indicated that "being rid of cancer" was not necessarily more important than losing her hair. Both concerns were important to her.<br>**Evidence:**<br>Ex. 4, Shah Dep. 68:3-70:5<br>Ex. 3, Mills Dep. 168:11-170:3, 136:10-23 |
|  | 5. Plaintiff Jacqueline Mills was ultimately in control of her healthcare treatment decisions. Despite Dr. Shah recommending six cycles of the TCH chemotherapy regimen, Ms. Mills decided to only complete five cycles of the treatment due to negative side effects she experienced as a result of the treatment. Moreover, Dr. Shah understood and accepted Ms. Mills' decision to decline the final TCH infusion.<br>Additionally, Dr. Shah testified that if Ms. Mills requested a second opinion about her chemotherapy treatment, had the doctor counseled her on the risk of permanent hair loss associated with Taxotere, Dr. Shah would have encouraged Ms. Mills' decision to seek a second opinion.<br>**Evidence:**<br>Ex. 3, Mills Dep. 150:21-152:22, 153:22-155:11<br>Ex. 4, Shah Dep. 107; 17-25 |

4

| Sanofi's Response and Supporting Evidence | Plaintiffs' Undisputed Facts and Supporting Evidence |
|---|---|
| | 6. Taxotere's prominence as the standard of care in the oncological community is predicated upon a history of false and misleading promotion, which the FDA stated could "compromise patient survival and safety." The FDA noted that Sanofi's claim of superiority as to "survival advantages" of Taxotere "was not supported by clinical trial results," and that Sanofi's Taxotere ads had "misleadingly overstate[d] the survival benefits … and impl[ied] that survival depends on treatment with Taxotere," while simultaneously "minimizing the serious and potentially life-threatening risks associated with the drug." Moreover, Sanofi made "false and misleading statements promoting the "superior efficacy" of Taxotere over the competing product paclitaxel (Taxol). As a result of these false and misleading acts, Sanofi was reprimanded by the FDA through several warning letters.<br>**Evidence:**<br>Second Am. Master Compl. ¶¶ 201-213. |
| | 7. Dr. Shah repeatedly testified to the fact that, had she been warned of the risk of irreversible or permanent hair loss at the time she treated Plaintiff, she certainly would have counseled her patient regarding that risk.<br>**Evidence:**<br>Ex. 4, Shah Dep. 99:11-25, 90:15-25, 101:1-14 |
| | 8. Dr. Shah testified that she understands that permanent hair loss would be a "big deal" to some patients.<br>**Evidence:**<br>Ex. 4, Shah Dep. 91:10-22 |

5

Respectfully Submitted,

/s/ *Lindsay R. Stevens*
John H. Gomez (T.A.)
Ahmed S. Diab
Lindsay R. Stevens
GOMEZ TRIAL ATTORNEYS
655 W. Broadway, Suite 1700
San Diego, CA 92101
T: (619)237-3490
F: (619)237-3496
john@thegomezfirm.com
adiab@thegomezfirm.com
lstevens@thegomezfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Maria Felix