UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION, | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: *Patsy D. Abbott v. Sandoz Inc.* Case No. 2:17-cv-11709 | HON. JANE T. MILAZZO |

## NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF PATSY ABBOTT

PLEASE TAKE NOTICE that, in accordance with Rule 30 of the Federal Rules of Civil Procedure, Defendant Sandoz Inc. will take the deposition upon oral examination of Patsy Abbott on March 12, 2019 at 1:00 p.m. CST at Hampton Inn Hillsboro, 102 Dynasty Drive, Hillsboro, TX 76645. The deposition shall be videotaped and recorded stenographically, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The attorney contact for the deposition is:

> Sabrina Gallo
> Greenberg Traurig, P.A.
> 333 S.E. 2nd Avenue
> Miami, FL 33131
> Tel: (305) 579-0533
> Email: gallos@gtlaw.com

The deponent shall produce the documents and tangible things listed on Exhibit A, attached hereto, at the deposition that are in the deponent's possession, custody and control, including in the possession, custody or control of the deponent's attorney and/or other agents.

Date: February 28, 2019    Respectfully submitted,

/s/ *Sabrina Gallo*
Sabrina Gallo
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue
Miami, FL 33131
Tel: (305) 579-0533
Email: gallos@gtlaw.com

*Attorney for Defendant Sandoz Inc.*

ACTIVE 41469546v2

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2019 a true and correct copy of the Notice of Videotaped Deposition of Plaintiff Patsy Abbott was served upon the following by e-mail:

Amy Zeman, Esq.
GIBBS LAW GROUP, LLP
505 14th Street
Oakland, CA 94612
amz@classlawgroup.com

Suzette Colon-Cales, Esq.
SANDERS PHILLIPS GROSSMAN, LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
scales@thesandersfirm.com


                                                                   /s/ *Sabrina Gallo*
                                                                   Sabrina Gallo

## DEFINITIONS AND INSTRUCTIONS FOR EXHIBIT "A"

A.  As used herein, "Document" or "Documents" means and includes each and every written, recorded, or graphic materials of any kind, type, nature, or description, including but not limited to the following: correspondence; memoranda; invoices; purchase orders; tapes; stenographic or handwritten notes; written forms of any kind; charts; blueprints; drawings; sketches; graphs; plans; articles; specifications; diaries; letters; telegrams; photographs; minutes; contracts; agreements; reports; surveys; computer printouts; data compilations of any kind; facsimiles; teletypes; telexes; order forms; checks; drafts; statements; credit memos; reports; summaries; books; ledgers; notebooks; schedules; transparencies; recordings; catalogs; advertisements; promotional materials; films; video tapes; audio tapes; brochures; pamphlets; or any other materials of any other kind, however stored, recorded, produced, or reproduced. "Documents" also means and includes drafts, copies, or versions of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents. "Documents" also includes and is not limited to any ESI on magnetic or optical storage media, as an "active" file or files (i.e., readily readable by one or more computer applications and/or forensics software); as "deleted" but recoverable electronic files on said media; as any electronic file fragments (files that have been deleted and partially overwritten with new data); and as slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

B.  The term "ESI" means all responsive and reasonably accessible electronically-stored information, including without limitation all available meta-data and electronic copies of responsive paper documents.

C.  As used herein, the term chemotherapy shall mean any and all forms of chemotherapy.

D.  As used herein, the term "Patient" or "Plaintiff," "You" and "Your" refer to Patsy Abbott and all persons acting for her or on her behalf.

E.  The singular of any word shall include the plural, and the plural shall include the singular.

F.  The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

G.  The "documents" to be produced pursuant to these Requests are to be produced as they are kept in the usual course of business so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

**EXHIBIT "A" - ITEMS TO BE PRODUCED**

1. A list of all physicians and medical providers who provided care and/or treatment to Plaintiff at any time in the previously 10 years;

2. All non-privileged documents created by or for you related to and/or summarizing your medical history that has been provided to doctors and/or hospitals;

3. All non-privileged correspondence and documents reflecting communications with any attorney, physician, researcher, or scientist, relating to Taxotere® or docetaxel or this lawsuit;

4. All non-privileged correspondence and documents reflecting communications with any friend, family member, or other individual not covered in Item 3 above, relating to Taxotere® or docetaxel, your treatment, any of your alleged injuries including but not limited to emotional distress and/or pain and suffering, or this lawsuit;

5. All non-privileged correspondence and documents reflecting communications with any collection of individuals, formal or informal association, or support group including but not limited to the Taxotears Google group, the Taxotears Facebook group, and the online blog Ahead Of Our Time, relating to Taxotere® or docetaxel, your treatment, any of your alleged injuries including but not limited to emotional distress and/or pain and suffering, or this lawsuit;

6. All non-privileged documents reviewed by you in preparation for this deposition;

7. All documents referenced or requested in Plaintiff's most recent Plaintiff Fact Sheet, and not previously produced, including but not limited to:

    a. Documents you reviewed to prepare your answers to Plaintiff's most recent Plaintiff Fact Sheet;

    b. Medical records or other documents related to the use of Taxotere® or docetaxel at any time for the past six (6) years;

    c. Medical records or other documents related to your treatment for any disease, condition or symptom referenced in your most recent Plaintiff Fact Sheet for any time in the past twelve (12) years, including but not limited to any records from your primary care physician, if any;

    d. Laboratory reports and results of blood tests performed on you related to your hair loss;

    e. Pathology reports and results of biopsies performed on you related to your hair loss;

    f. Documents reflecting your use of any prescription drug or medication at any time within the past eight (8) years;

g. Documents identifying all chemotherapy agents that you have taken;

h. Documents for any workers' compensation, social security or other disability proceeding at any time within the last five (5) years;

i. Instructions, product warnings, package inserts, handouts or other materials that you were provided or obtained in connection with your use of Taxotere® or docetaxel;

j. Advertisements or promotions for Taxotere® or docetaxel;

k. Articles discussing Taxotere® or docetaxel;

l. Any packaging, container, box, or label for Taxotere® or docetaxel that you were provided or obtained in connection with your use of Taxotere® or docetaxel;

m. Documents which mention Taxotere® or docetaxel, or any alleged health risks related to Taxotere® or docetaxel;

n. Documents obtained directly or indirectly from any of the Defendants in MDL 2740;

o. Communications or correspondence between you and any representative of any of the Defendants in MDL 2740;

p. Photographs, drawings, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life;

q. Journals or diaries, including calendars, related to the use of Taxotere® or docetaxel or your treatment for any disease, condition or symptom referenced in your most recent Plaintiff Fact Sheet at any time for the past twelve (12) years;

r. Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, e-mails, and Internet chat rooms/message boards) relating to Taxotere® or docetaxel or any of your claims in this lawsuit;

s. If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or docetaxel, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or docetaxel, and every year thereafter;

t.  If you claim any medical expenses, bills or billing statements from any physician, hospital, pharmacy or other healthcare providers;

u.  Records of other expenses allegedly incurred as a result of your alleged injury;

v.  Photographs of you that are representative of your hair composition preceding treatment with Taxotere® or docetaxel, including but not limited to, the twelve (12) months preceding treatment;

w.  Photographs of you that are representative of your hair composition during treatment with Taxotere® or docetaxel;

x.  Photographs of you that are representative of your hair composition approximately six (6) months after conclusion of treatment with Taxotere® or docetaxel;

y.  Photographs of you that are representative of your hair composition in the present day.