# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : MDL No. 2740 |
| PRODUCTS LIABLITY LITIGATION | : |
| | : SECTION "N"(5) |
| DEBORAH CLELLAND and EDWARD GODDARD | : JUDGE MILAZZO |
| | : MAG. JUDGE NORTH |
| Plaintiffs, | : |
| | : |
| vs. | : Civil Action No.: 2:18-cv-01952 |
| | : |
| SANOFI US SERVICES INC., f/k/a | : |
| SANOFI-AVENTIS U.S. INC. et al. | : |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR RELIEF FROM AN ORDER AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, by and through the undersigned counsel, hereby file this motion and memorandum of law in support of their motion for relief from an Order Granted pursuant to Federal Rule of Civil Procedure 60(b).

Plaintiffs, Deborah Clelland and Edward Goddard, Complaint was filed, by and through counsel, in the Taxotere (Docetaxel) Products Liability Litigation MDL 2740 in the Eastern District of Louisiana on February 23, 2018. Plaintiff, Deborah Clelland ("Plaintiff"), served her Plaintiff Fact Sheet ("PFS") on May 4, 2018. On December 19, 2018, Plaintiff's matter was heard during this Court's Order to Show Cause Hearing ("December Order"). During this hearing, the Court was advised that medical records and the declaration page were served via MDL Centrality, and that neither Plaintiff nor our law firm possessed NDC numbers but we were now in a position to be able to serve the required certification(s) to counsel for defendants pursuant to CMO 12A and requested additional time to do so; the Court gave the parties fifteen (15) days to meet and confer on the deficiencies that were noticed to ensure they were cured. Plaintiff complied with the 15-day deadline.

On January 2, 2019, Plaintiff's counsel served the CMO 12A certification for this matter via email, in compliance with the Court deadline. Counsel for Defendants responded on February 13, 2019 stating that they were unable to retrieve NDC numbers for Plaintiff's Taxotere use. On February 11, 2019 Plaintiff's Liaison Counsel for MDL 2740 emailed Plaintiff's counsel stating that Defendants wanted to dismiss Plaintiff's claim for failure to submit proof of injury photographs more than a year after treatment in accordance with PTO 68. Dkt. No. 1085. Plaintiff uploaded pictures that same day and cured the deficiency. On February 5, 2019, the Defendant Fact Sheet ("DFS"), including the attached exhibits and certification, for Defendants Hospira Worldwide, LLC and Pfizer Inc. were served via MDL Centrality. On February 28, 2019, Plaintiff uploaded an Electronically Stored Information ("ESI") statement pursuant to PTO 71. Dkt. No. 1306.

On February 20, 2019, an order for dismissal of this matter for failure to comply was entered by this Court. Dkt. No. 6302 ("February Order"). On February 28, 2019, Plaintiff's counsel received an email from Plaintiff's Liaison Counsel with the December and January Order to Show Cause Docket Order containing a list of cases that had been dismissed. Plaintiff was on that list.

Plaintiff's counsel at all relevant times complied with the curing of deficiencies noted by Defendants' in a timely manner. Plaintiff's counsel recognizes her obligation to comply with all Court ordered deadlines docket and would never intentionally fail to comply with any of those orders. Instead, Plaintiff's counsel respectfully submits to this Court that she and her office were unaware of the missing "electronically stored information" ("ESI") statement pursuant to Pre-Trial Order ("PTO") 71 until the morning of February 28, 2019. At that time, Plaintiff's counsel contacted Plaintiff immediately and Plaintiff sent an ESI statement via email to

counsel. Plaintiff's counsel uploaded Plaintiff's ESI statement onto MDL centrality immediately upon receipt. Plaintiff's counsel has taken an active role in representing Plaintiff, cured all noted deficiencies, and did not intentionally refuse to oblige with the Court's PTO 71.

Plaintiff now moves to vacate the December Order due to mistake, inadvertence, surprise, or excusable neglect pursuant to Federal Rule of Civil procedure 60 (b)(1) or, in the alternative, Federal Rule of Civil Procedure 60 (b)(6).

## LEGAL STANDARD

Federal Rules of Civil Procedure Rule 60(b) set forth the "Grounds for Relief from a Final Judgment, Order, or Proceeding". Fed. R. Civ. Pro. Rule 60(b). On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

## ARGUMENT

When "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." F.R.C.P. 6(b)(1)(B). Moreover, under F.R.C.P. 60(b)(1), "the

court may relieve a party or its legal representative from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect…"

The determination of what sorts of neglect will be considered "excusable is an equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Whether "to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Violante v. Allstate Tex. Lloyds*, No. 7:17-CV-335, 2018 U.S. Dist. LEXIS 213822, at *3, 2018 WL 6653003 (S.D. Tex. Dec. 19, 2018). "[A] party remains under a duty to take legal steps to protect his own interests." *Id*. A party seeking relief under Rule 60(b) must do so within one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. Proc. 60(c). .

The Supreme Court has held for purposes of Fed. R. Civ. P. 60(b), "excusable neglect" is understood to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). When the record does not indicate any intent by a plaintiff to abuse the legal system or to employ tactics to seek a new action, it is in the interests of justice to find that said plaintiff's action involve mistake and excusable neglect such that relief under Rule 60(b)(1) is warranted. *See Violente*, *supra*, U.S. Dist. LEXIS 213822 at *5. "Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Id.* at *6. If Rule 60(b)(1), or (b)(2)-(5), do not apply, Rule 60(b)(6) provides a party relief of a final judgment, order, or proceeding "for any other reason that justifies relief." *Id*.

Here, Plaintiff was not put on notice by Defendants of Plaintiff's failure to upload a Pre-Trial Order ("PTO") 71 statement for Electronically Stored Information ("ESI"), which resulted in Plaintiff unknowingly failing to cure that deficiency. Plaintiff's counsel respectfully submits

that failure to meet the deadline was due to the undersigned counsel's omission to act, but that this omission to act is excusable. Plaintiff's counsel has reviewed and updated office policies regarding the process of updating MDL centrality to ensure that all Plaintiff Fact Sheets ("PFS"), PTOs and Case Management Order ("CMO") compliance are met. Plaintiff submitted the required forms and documents as soon as the neglect was recognized by Plaintiff's counsel. Moreover, Plaintiff submitted the required forms necessary to cure the deficiencies that were indeed alleged by Defendants. Plaintiff's counsel respectfully submits that Defendants would face minimal prejudice compared to the great prejudice that would befall Plaintiff should this Court uphold this February Order.

Plaintiff was notified by Defendants of the deficiencies in Plaintiff's PFS, and Plaintiff cured the alleged deficiencies accordingly. Plaintiff was placed on the December Order for deficiencies noted by Defendants, which included "Proof of Use - no documentation submitted; Declaration - not submitted; no CMO12 submission." Plaintiff was given 15 days to cure these deficiencies from the Order to Show Cause hearing on December 19, 2018. Indeed, Plaintiff cured all of these noted deficiencies by the due date of January 3, 2019. Plaintiff was never notified by Defendant that Plaintiff was to be dismissed because of missing PTO 71 compliance. Plaintiff's counsel independently recognized that Plaintiff failed to upload an ESI statement in compliance with PTO 71. Plaintiff's counsel contacted Plaintiff that same day and obtained an ESI statement which was uploaded shortly thereafter on that day. Moreover, Plaintiff and her counsel were and are still working diligently to make sure all claims are properly supported and all requirements by the Court are met. All deficiencies alleged by Defendants that placed Plaintiff on the December Order were cured by the end date of January 3, 2019. Plaintiff and her counsel acted in good faith,

demonstrated by their actions, to properly litigate Plaintiff's claims. Therefore, relief under Rule 60(b)(1) is warranted.

In *Violante*, the Court found that Plaintiffs' were entitled to relied under Rule 60(b)(1). *Violante* was an insurance case arising from defendant's denial of plaintiffs' claim under their home insurance policy following damage sustained from a hailstorm. *Violante*, *supra*, 2018 U.S. Dist. LEXIS 213822, at *3. The plaintiffs and defendants in *Violante* stipulated to a dismissal of an action based on a mistake made by Plaintiff. *Id*. Specifically, the parties' appraisers "mistakenly inspected a property at 3101 Huisache and submitted an appraisal award based on their inspection for 3104 Huisache." *Id*. The Court held that plaintiffs' Rule 60(b)(1) request did not come after a careless mistake of counsel, but rather, that plaintiffs reasonably depended on the parties' appraisers and relied on the appraisal award when filing the stipulation of dismissal. *Id*. Much like in *Violante*, Plaintiff's counsel in this matter relied on Defendants' allegations of deficiencies in Plaintiff's ("PFS") before the Order to Show Cause ("OTSC") Hearing(s). Plaintiff relied on Defendants' allegations regarding Plaintiff's PFS deficiencies, much like the plaintiffs' reliance on the appraiser in *Violante*. Further, Defendants would face minimal prejudice should this Order be vacated.

The Supreme Court of the United States held in *Pioneer* that the factors to look at when determining what is excusable neglect include, "the danger of prejudice... the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, *supra*, 507 U.S. at 395. Defendants have been aware of Plaintiffs' claims since the time of service of the Complaint on February 23, 2018. Further, Defendants, like Plaintiffs, were unaware of the Court's order dismissing Plaintiffs case with prejudice, evidenced by Defendants'

communication with Plaintiffs' counsel up through February 2019. Specifically, Defendants and Plaintiffs were working together to obtain NDC numbers related to Plaintiff's Taxotere use, as evidenced by the February 13, 2019 email, as well as the February 11, 2019 email regarding proof-of-injury photographs. It was not until February 28, 2019 that Plaintiffs' counsel even became aware of the dismissal of Plaintiffs' action.

Plaintiffs and Plaintiffs' counsel have at all times relevant, acted in good faith to pursue Plaintiffs' claims. Clearly, there is no prejudice on the Defendants if dismissal of this claim was to be vacated, as all parties were under the impression that this matter was still active and pursuing it as such. Furthermore, it is in the interest of justice to permit the Plaintiffs to pursue their claims, as they have complied with this Court's Orders and rectified all deficiencies in a timely matter. Plaintiffs have shown good cause for the relief sought. Plaintiffs cured all of the Defendants' noted deficiencies by the due date: January 3, 2019. Dismissal of Plaintiffs' case was, evidently, a surprise to both Defendants and Plaintiffs alike. Plaintiffs and Defendants were clearly unaware of the Court's dismissal of Plaintiffs' case as evidenced by their communication about Plaintiffs' case through February 28, 2019, and Plaintiffs' receipt of two DFSes on February 5, 2019. As all parties have acted in good faith in prosecuting this matter vacation of the dismissal is appropriate.

Based on the above, vacation of the dismissal with prejudice order, *i.e.,* the February Order, is proper. Plaintiffs' counsel submits that there was no act of negligence on behalf of counsel or Plaintiff as an individual, that Defendants would not be prejudiced by a vacation of the February Order, and that Plaintiffs and Plaintiffs' counsel alike have acted in good faith throughout the litigation of this matter. Furthermore, the Louisiana Court of Appeals has held that "The ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant," and dismissal and default are draconian penalties which should be

applied only in extreme circumstances." *Smith v. 4938 Prytania, Inc.*, 04-0833 (La. App. 4 Cir 01/26/05), 895 So. 2d 65, 70-72. The result of "excusable neglect" should not result in the "ultimate sanction" of dismissal with prejudice of this action.

## **CONCLUSION**

For the reasons outlined above, Plaintiff request the Court to set aside the Order dismissing Plaintiffs' case with prejudice.

Date: March 12, 2019

Respectfully submitted,
MARC J. BERN & PARTNERS LLP

By: /s/ *Alexandra Colella*
Alexandra Colella
60 E. 42nd Street, Suite 950
New York, NY 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
acolella@bernllp.com
*Attorneys for Plaintiffs*