**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br>**Diana Warren, et al., v. Sanofi US Services Inc. fka Sanofi-Aventis U.S. Inc., et al.**<br>**Civil Action No. 2:17-cv-13380** | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S CONTESTED MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** |

Now come Plaintiffs Diana and Ollie Warren, by and through the undersigned counsel of record, and provide the following support for their Contested Motion for Voluntary Dismissal with Prejudice.

Plaintiffs no longer wish to pursue any claims associated with Ms. Warren's use of Taxotere. As noted in Plaintiffs' Motion, Plaintiffs' case has been selected for inclusion in the trial pool for the third bellwether trial, which may occur as late as May 2020. As such, the procedures of this Court's Pretrial Order No. 87 are inapplicable. Plaintiffs make the accompanying Rule 41(a)(2) motion only after first requesting consent from Defendants for a stipulation of dismissal with prejudice on March 4, 2019, which was denied on the same day.

The Eastern District of Louisiana has previously recognized that

there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion, because 'the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." <u>United States ex rel. McLain v. Fluor Enters., Inc.</u>, No. CV 06-11229, 2016 WL 1031324, at *3 (E.D. La. Mar. 15, 2016) (citing <u>Radiant Tech. Corp. v. Electrovert USA Corp.</u>, 122 F.R.D. 201, 204 (N.D. Tex. 1988)). More specifically, this Court has noted that "[w]here, as here, a plaintiff's Rule 41(a)(2) motion 'specifically request[s] dismissal *with* prejudice, it has been held that the district court *must* grant that request." <u>Id</u>. (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (3d ed. 2008). In granting a motion to voluntarily dismiss with prejudice, this Court has cited <u>Degussa Admixtures, Inc. v. Burnett,</u> which states that "[i]t is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." <u>Degussa Admixtures, Inc. v. Burnett</u>, 471 F. Supp. 2d 848, 851 (W.D. Mich. 2007). This position towards voluntary dismissals with prejudice is taken because "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. Adjudication in favor of the defendants, by court or jury, can rise no higher than this." <u>Schwarz v. Folloder</u>, 767 F.2d 125, 129 (5th Cir. 1985) (quoting <u>Smoot v. Fox</u>, 340 F.2d 301, 303 (6th Cir.1964)). As such, Plaintiffs request to dismiss their action with prejudice should be granted.

 Plaintiffs acknowledge that their participation in the Taxotere MDL could potentially raise additional considerations, such as those that typically arise when considering a motion to dismiss without prejudice. In such instances, the Eastern District of Louisiana has looked to factors that include (1) when in the course of litigation the plaintiff files the motion; (2) whether the suit is still in pretrial stages; (3) whether the parties have filed numerous pleadings and

memoranda; (4) whether the parties have attended conferences; (5) whether there are prior court determinations adverse to the plaintiff's position; (6) whether hearings have been held; (7) whether any defendants have been dismissed on summary judgment; and (8) whether the parties have undertaken significant discovery. (United States ex rel. McLain v. Fluor Enters., Inc., at *2) (citing Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990)).

Consideration of these additional factors supports Plaintiffs' dismissal. Even though Plaintiffs' case has been selected as part of the trial pool, they make this request before significant work-up has begun on the case. Their case is in the pretrial stage, there have not been numerous pleadings or memoranda filed, no conferences or hearings have been held to address the Warrens' case specifically, there are no prior adverse court determinations as to the Plaintiffs' case, no Defendants have been dismissed on summary judgment and the parties have not undertaken significant discovery, whether in the trial pool context or otherwise. To date, Plaintiffs have received only a Defendant Fact Sheet on May 30, 2018, Amended Defendant Fact sheets on July 19, 2018 and February 28, 2019, and requests for medical authorizations from Defense Counsel. Plaintiffs would note that Defendants only began to pursue the additional medical authorizations in earnest after Plaintiffs' Counsel made the request for a stipulation of dismissal with prejudice. No additional written discovery has been propounded on Plaintiffs to date, and no notices of deposition or requests for deposition dates have been received to date. If anything, Plaintiffs have born the burden of case workup to date, including travel by Plaintiffs' counsel for in-person meetings with clients following trial pool selection. For this reason, Plaintiffs have respectfully requested that each party bear their own costs and expenses.

Moreover, Ms. Warren was administered brand name Taxotere, rather than docetaxel

manufactured by a 505(b)(2) defendant. As such, the MDL process should not be adversely affected by her dismissal given the large number of cases with Taxotere use.

Since Plaintiff's case was initially filed in December 2017, Plaintiffs continued to follow and research new information and evidence as it was made and have benefitted from the work-up and development of the litigation by the Plaintiffs' Steering Committee. With this new, additional knowledge, Plaintiffs and their counsel began the more in-depth work-up process required by selection to the trial pool. Only then did Plaintiffs recognize the extent to which Ms. Warren's case seems atypical and decided to cease pursuing any claims related to Ms. Warren's Taxotere use. Also, because of significant memory issues, certain facts of Ms. Warren's case could be reported only through her husband, Mr. Warren. Rather than merely requesting removal from the trial pool, Plaintiffs would elect to discontinue their case entirely.

Lastly, Plaintiffs would note that when confronted by requests for dismissal *without* prejudice by other trial pool plaintiffs, the Sanofi Defendants' response was to insist that dismissal *with* prejudice was the appropriate remedy. See *Sanofi Defendants' Memorandum in Opposition to Plaintiff's Motion for Voluntary Dismissal* in case number 2:16-cv-17031 (2:16-md-02740 Docket No. 1024). Plaintiffs Diana and Ollie Warren make just such a request here in asking for a dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiffs Diana and Ollie Warren respectfully request their case be dismissed with prejudice, with each party to bear their own costs and expenses.

Date: 3/18/2019                                              Respectfully Submitted,

                                                             /s/ *Carasusana B. Wall*
                                                             Carasusana B. Wall (OH 0090234)

4

                                  Michelle L. Kranz (OH 0062479)
                                  ZOLL & KRANZ, LLC
                                  6620 W. Central Avenue, Suite 100
                                  Toledo, OH 43617
                                  Tel. (419) 841-9623
                                  Fax: (419) 841-9719
                                  Email: cara@toledolaw.com
                                              michelle@toledolaw.com
                                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ ECF participants.

                                  /s/ *Carasusana B. Wall*
                                  Carasusana B. Wall (OH 0090234)