UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
Deborah Johnson
Case No. 16-15307

## MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

MAY IT PLEASE THE COURT:

Plaintiff, through undersigned counsel, who respectfully requests leave of Court to file Exhibits A and B to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment of Statute of Limitations Grounds Against Plaintiff Deborah Johnson under seal. Plaintiff respectfully submits that, pursuant to the Stipulated Protective Order (Pretrial Order No. 50) entered in this matter, the referenced exhibits to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment of Statute of Limitations Grounds Against Plaintiff Deborah Johnson should be filed under seal.

The Protective Order in this case, Pretrial Order No. 50, provides that:

> [u]nredacted information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by law; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical and protected health information ("PHI") concerning any individual; (e) personal identifying information ("PII"); (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and/or (g) personnel or employment records of a person who is not a party to the case.

The exhibits to the Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment of Statute of Limitations Grounds Against Plaintiff Deborah Johnson have been designated as confidential and/or "protected information," as set forth in PTO No. 50. Out of an abundance of caution, therefore, Plaintiff requests that these exhibits be filed under seal.

"[T]he right [of public access to judicial records and proceedings] is not absolute." *Reichert v. Starring*, No. CIV.A. 11-2171, 2011 WL 4404117, at *1 (E.D. La. Sept. 21, 2011) (citing *Bahwell v. Stanley–Bostitch, Inc.*, No. CIV.A. 00–0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002)). Out of an abundance of caution, the PSC believes that PTO No. 50 requires the exhibits at issue be sealed. *See* Pretrial Order No. 50 (Rec. Doc. No. 612-1, ¶ 2). Accordingly, Plaintiff respectfully requests that Exhibit A to B, which will be hand delivered to the Court pursuant to the Court's Local Rule 5.6, be filed UNDER SEAL for the duration of this litigation, or until the Court determines (or the parties agree) that the documents should not be marked confidential.

Accordingly, Plaintiff requests that the Court enter the attached proposed order directing that Exhibits A to B be filed UNDER SEAL.

Dated: March 19, 2019               Respectfully submitted,

/s *Richard L. Root*
Richard L. Root La# 19988
Betsy Barnes La# 19473
Lauren Godshall La# 31465
Morris Bart, LLC
601 Poydras Street
24th Floor
New Orleans, LA 70130
Phone: (504) 525-8000
Fax: (504) 599-3392
rroot@morrisbart.com
bbarnes@morrisbart.com
lgodshall@morrisbart.com
Attorneys for Plaintiff