**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> *This Document Relates To:* ) <br> *Phyllis A. Stacy* ) <br> ) | MDL NO. 2740 <br><br> SECTION "N" (5) <br><br> HON. JANE TRICHE MILAZZO <br><br> CIVIL ACTION NO. 2:17-cv-03401 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE DISMISSAL WITH PREJUDICE AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Phyllis A. Stacy ("Plaintiff") respectfully moves the Court pursuant to Rule 60(b) to vacate the dismissal with prejudice entered in the case and seeks leave to file an amended complaint.

Plaintiff filed suit on April 12, 2017. *See* Dkt. No. 1. Subsequent to the filing of the complaint, Plaintiff received medical records containing the National Drug Code ("NDC") of the Docetaxel she was administered. Between April 7, 2014 and July 28, 2014, Plaintiff was administered Docetaxel which was manufactured by Sagent Pharmaceuticals, Inc. ("Sagent") NDC 25021-222-04. At the time Plaintiff received the NDC code, the short form complaint did not identify Sagent as a Defendant. Plaintiff's counsel reached out to the Plaintiff Steering Committee ("PSC") on March 16, 2018 regarding amending the Complaint to add Sagent as a Defendant. The PSC responded on March 17, 2018 that Sagent had an ANDA ("Abbreviated New Drug Application") and, therefore, was protected by *Mensing* preemption.

On March 27, 2018, Plaintiff filed a voluntary dismissal with prejudice pursuant to Case Management Order 12, paragraph 9. *See* Dkt. No. 2054. Plaintiff's dismissal included Allergan Finance LLC f/k/a Actavis Inc., and Actavis Pharma Inc. ("Actavis entities").

On September 21, 2018, Plaintiff's counsel was notified by the PSC that Sagent sold Actavis-manufactured Docetaxel products between July 2013 and December 2014, specifically NDC 25021-222-04. Plaintiff sought to add the Actavis entities back into this case by filing a Motion for Leave to File Amended Complaint on January 4, 2019. In that Motion for Leave, Plaintiff incorrectly stated that Defendants consented to the filing of the Motion as unopposed when, in fact, consent from Defendants was not obtained prior to the filing of the Motion. Counsel for Defendants Sagent Pharmaceuticals, Inc., Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc. notified counsel for Plaintiff of this error on February 8, 2019. Since that time, Plaintiff's counsel has met and conferred with counsel for the Actavis entities but has not been able to obtain consent to allow Plaintiff to file an amended complaint to re-name the Actavis entities.

Plaintiff now seeks relief from the Court to: (a) to vacate the dismissal with prejudice that was filed only as it relates to Allergan Finance LLC f/k/a Actavis Inc., and Actavis Pharma Inc.; and (b) for leave to amend the complaint to name Actavis LLC f/k/a Actavis Inc., Actavis Pharma Inc., and Sagent Pharmaceuticals, Inc.

Rule 60(b) provides that the court may relieve a party from a final judgment in a number of situations, including mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, misconduct by an opposing party, or "any other reason that justifies relief." *See* Rule 60(b)(1) – (6). The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir.1996) (en banc).

Plaintiff agreed to dismiss her case with prejudice against the Actavis entities based upon her mistaken belief at the time of the dismissal that Sagent was selling under an ANDA and therefore protected by *Mensing* preemption and not related in any way to the Actavis entities. Information downloaded from the U.S. Food and Drug Administration ("FDA") website as of January 2017, provided to Plaintiff by the PSC, state NDC 25021-222-04 was under an ANDA, *See* Exhibit A, page 6.  Additionally, information regarding NDC 25021-222-04 continues to state it was pursuant to ANDA 203551 (http://www.hipaaspace.com/Medical_Billing/Coding/National.Drug.Codes/Txt/25021-222-04).  Moreover, CMO 12A and its exhibit form dismissal negotiated by the parties clearly contemplates that Rule 60(b) may be necessary and appropriate for this exact type of situation. *See* Dkt. No. 3492 at 9 ("Defendants acknowledge that if a Defendant disputes Product ID Information pursuant to Paragraph 8 above, the Plaintiff retains the right to reinstate her claims against any dismissed Defendant pursuant to Federal Rule of Civil Procedure 60(b)(6)."); *see also id.* at 15 ("If warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)").

For these reasons, Plaintiff respectfully submits that her mistaken belief as set forth above, which prompted the dismissal, warrants the Court's discretion in granting the relief sought by Plaintiff herein.

Dated: March 26, 2019                                  Respectfully Submitted,

                                                               **SIMMONS HANLY CONROY**

                                                               */s/ John J. Foley*
                                                               John J. Foley (IL #6288152)
                                                               One Court Street
                                                               Alton, IL  62002
                                                               Telephone (618) 259-2222

                                                Facsimile (618) 259-2251  
                                                Email: jfoley@simmonsfirm.com  
                                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

**SIMMONS HANLY CONROY**

*/s/ John J. Foley*
John J. Foley (IL #6288152)
One Court Street
Alton, IL  62002
Telephone (618) 259-2222
Facsimile (618) 259-2251
Email: jfoley@simmonsfirm.com
*Attorney for Plaintiff*