UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) MDL NO. 2740 PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>SHELLY JONES, CHRISTINE AVERY, KAREN CRAWFORD, MARY ALLYN DEXTER, PEGGY ELMS, GWENDOLYN HARTFORD, AISHA INGRAM, DELLA ANN MACIEL, DEBRA POLLACK, LINDA PONZI, AMBER SHUBIN, KATRINA SMITH, MICHELLE BOBBITT, DONNA JORDAN-PACK, GEORGIANNE GAMBOA, TYKESHA WILLIAMS-SAUNDERS<br>                    Plaintiffs,<br>      v.<br><br>SANOFI US SERVICES INC. f/k/a SANOFI AVENTIS U.S. INC., WINTHROP, U.S, ACCORD HEALTHCARE, INC., HOSPIRA WORLDWIDE, LLC. f/k/a HOSPIRA WORLDWIDE INC., HOSPIRA INC., SUN PHARMA GLOBAL FZE, SUN PHARMACEUTICAL INDUSTRIES INC. f/k/a CARACO PHARMACEUTICAL LABORATORIES LTD, and McKESSON CORPORATION,<br>                    Defendants | Case No. 2:19-cv-01164-JTM-MBN<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Judge: Hon. Jane Triche Milazzo |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN THAT before the Honorable Judge Triche Milazzo, Plaintiffs will, and hereby do, move the Court for an Order remanding this action to the Superior Court of Los Angeles, State of California, pursuant to 28 U.S.C. § 1447, on the grounds that this Court lacks subject matter jurisdiction over this action as complete diversity is lacking, the

forum-defendant rule bars removal, and that no independent federal jurisdiction exists allowing the action to be heard in Federal Court.

Plaintiffs' grounds for respectfully requesting remand include that completely diversity jurisdiction does not exist in this case because Plaintiffs and Defendant McKesson Corporation (hereinafter "McKesson") are all citizens of the California. In their removal, Defendants fail to satisfy their heavy burden of proving by clear and convincing evidence that Defendant McKesson Corporation is fraudulently joined.

Additionally, there is no federal question jurisdiction where, as here, no federal question exists on the face of Plaintiffs' Complaint, nor do the Plaintiffs' right to relief necessarily depend on the resolution of substantial questions of federal law.

Most importantly, Defendants are fully aware of the fact that J. Englehardt, (now reassigned to J. Milazzo) has acknowledged that McKesson is an appropriate defendant in some cases, those plaintiffs who prove they received their doses directly from McKesson, will be remanded. It appears as if this argument is not that there is no possibility McKesson can be a non-diverse defendant, but they just don't want that decision to be made in California. This argument is untenable, as is set forth in detail below.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and the Exhibits thereto, and on the papers, records, and pleadings on file herein, and such argument as the Court may allow.

DATED:  March 29, 2019                        Respectfully Submitted,


                                                By: /s/ Lowell W. Finson
                                                Lowell W. Finson, Esq.
                                                FINSON LAW FIRM
                                                *Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................................. 6
**I.   INTRODUCTION** ........................................................................................................... 6
**II.  REMOVAL STANDARD** ............................................................................................... 9
**III. MCKESSON WAS NOT FRAUDULENTLY JOINED** ................................................. 9
**IV.  CONCLUSION** ............................................................................................................. 15

# TABLE OF AUTHORITIES

Cases

*Aaron v. Merck& Co., Inc.,* CV 05-4073 JFWMANX, 2005 WL 5792361, at 2 (C.D. Cal. July 26, 2005) .................................................................................................................................. 13
*Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) .............................................. 12
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 14
*Becraft v. Ethicon*, 2000 U.S. Dist. Lexis 17725, 9 (Case No. C00-1474 CRB, N.D. Ca. 2000) 11
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 14
*Black Donuts, Inc. v. Sumitomo Corp. of Am.*, 2010 U.S. Dist. LEXIS 30859 (C.D.Cal. Mar. 3, 2010) .................................................................................................................................. 14
*Bostick v. Flex Equipment Co.*, 54 Cal. Rptr.3d 28 (Ca. App. Ct., 2d District, 2007) ................. 11
*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ............................................................... 12
*Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) ......................... 9
*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .................................. 14
*Davis v. Prentiss Prop. Ltd.*, Inc., 66 F.Supp.2d 1112, 1113 (C.D. Cal. 1999) ............................. 12
*Dodich v. Pfizer, Inc.*, et al., 2018 WL 3584484, C 18-02764 WHA (N.D. Cal. July 26, 2018) . 12
*Elmore v. American Motors Corp.*, 70 Cal.2d 578, (1969) ......................................................... 11
*Ernyes-Kofler, et al. v. Sanofi S.A.* et al., Case No. 2:17-cv-03867 ............................................. 8
*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ................................................................ 9
*Gaus v. Miles, Inc.,* 980 F.2d 564, 966 (9th Cir. 1996) ................................................................ 12
*Gonzalez v. Medtronic, Inc.,* 2013 WL 12139144, Case No. 12–cv–09592 DMG (Ex) (C.D. Cal. February 14, 2013) ................................................................................................................. 13
*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ................. 12
*Hoiland v. Bayer Corp.*, 2010 WL 11515317 (January 14, 2010) ................................................ 11
*Hoiland v. Bayer Corp.*, 2101 WL 10673215 (C.D. Ca. 2009) .................................................... 11
*In re Avandia*, 624 F. Supp.2d at 412, 32 (3d Cir. 1985). ........................................................... 10
In re Fosamax, Products Liability Litigation, WL 2940560 (S.D. N.Y. 2008); and MDL 1789.. 10
*In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, 779 F.Supp.2d 846 (S.D. Ill 2011) .................................................... 10
*In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, 624 F. Supp. 2d 396 (E.D. Pa 2009) ................................................................................................. 10
*Mandernach v. Bayer Corp.,* 5:09-CV-02306-JHNOPX, 2010 WL 532537, at 2 (C.D. Cal. Feb. 8, 2010) ................................................................................................................................... 13
*McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1338 (9th Cir. 1987) ........................................... 14
*McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356 .................................................. 8
*McCarty v. Johnson & Johnson*, No. 1:10-CV00350 OWW-DLB, 2010 WL 2629913, at 5 (E.D. Cal. June 29, 2010) ................................................................................................................. 14
*Mitchell v. Am. Serv. Co.,* No. ED CV 10-1650-GHK, 2010 WL 5416801, at 1 (C.D. Cal. Dec. 22, 2000) ................................................................................................................................. 14
*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ......................................... 9
*Nance v. Cal-Western Reconveyance Corp.*, 2015 WL 452747, No. LA CV14–07950 JAK (PLAx) (C.D. Cal. January 29, 2015) at 6 ........................................................................... 14
*Osborn v. Metro. Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (E.D. Ca. 2004) ............................... 11
*Peloza v. Capistrano Unified School District*, 37 F.3d. 517, 521 (9th Cir. 1994) ........................ 9
*Plute v. Roadway Package Systems, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Ca. 2001) .............. 9
*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) .... 12

*Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ................................. 12
*Tofighbakhsh v. Wells Fargo & Co.,* 2010 WL 2486412, at 3 (N.D.Cal. June 16, 2010) ............ 14
*Wilson v. Republican Iron and Steel Co.,* 257 U.S. 92, 97 (1921) .................................................. 9
*Wong v. Michaels Stores, Inc.*, 2012 WL 718646, at 5-6 (E.D.Cal. Mar. 5, 2012) ....................... 14

**Statutes**
U.S.C. § 1441(b) ............................................................................................................................. 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On or about October 1, 2018, after this matter had been referred to the JPML, case was transferred to the MDL on February 12, 2019. See Transfer Order attached as Exhibit H. The original Motion To Remand was filed after a meet and confer pursuant to USDC CACD L.R. 7-3 which took place on several occasions from October 2- October 5, 2018, the result of which is Defendants would not agree with withdraw their Notice of Removal. Plaintiffs attempted another meet and confer on March 4, 2019, and the result was the same.

Plaintiffs filed this action on August 24, 2018, originally in Superior Court for the County of Los Angeles. See Complaint, attached to Defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal"). Plaintiffs brought this action against the above listed Defendants, and more particularly, McKesson Corporation, (collectively "Defendants"), asserting causes of action for (1) negligence; (2) strict liability -- failure to warn; (3) strict liability -- misrepresentation; (4) fraudulent misrepresentation; (5) fraud and deceit; (6) fraudulent concealment; and (7) intentional infliction of emotional distress. *Id*., **Exhibit. A Bates Nos. 00023 – 00080.** Defendants removed this action on September 24, 2018, primarily based upon 28 U.S.C. § 1441(b). Defendants also requested the matter be transferred to the MDL. **See Exhibit. B, CTO 45.** Defendants also filed a Motion to Stay on October 10, 2018, requesting this Court not to decide remand until the case is transferred to the MDL. See Defendants' Motion to Stay. Plaintiffs intend to file their Response in Opposition to Defendants' Motion to Stay on or before October 19, 2019. Plaintiffs' have filed an Objection to CTO 45, (**see Exhibit C, Objection to CTO 45**). The same was heard and transferred to this Court on February 25, 2019.

Defendants' argument in support of their Notice of Removal rests entirely on the theory that Plaintiffs fraudulently joined McKesson in this action to defeat federal jurisdiction diversity.

**See Ex. A, Pages 2-9**. The legal basis, they claim, is that the McKesson can only be a non-diverse defendant is if Plaintiffs state precisely which doses of Taxotere/Docetaxel or related generics, came directly from McKesson's delivery systems. *Id.* **Pages 5, lines 24 -28; 6-8; 9;1-23.** More simply, they demand that the Complaint state the "facts" which indicate how, when and where they received their medication.

As is more fully set forth below, while pleading the precise distribution chain is not requirement under the law, Plaintiffs have also alleged McKesson markets this medication to healthcare providers. To force Plaintiffs to search the records of the named Defendants to determine which received McKesson marketing information manufacturers adds a nearly impossible task at the pleading level.

The California rule is that Defendants have a very heavy burden of proof to show there is no reasonable possibility that McKesson could have been the distributor, marketer or seller of each individual dose. This also requires the Court to find that Defendants did not market Taxotere/docetaxel (hereinafter referred to "Taxotere" or "drug") to the healthcare providers regardless if the route of distribution went directly from McKesson to the providers, which may have influenced the implementation of the course of treatment, again, without regard to the choice of McKesson as the distributor.

Very simply, Defendants must acknowledge the only factual dispute is which Plaintiff can prove she received her drug from McKesson, which is not the standard. This would require each Plaintiff to obtain medical records from each provider, and then hope the records indicate the source of drug BEFORE filing. The problem is that shifts the burden from Defendants to Plaintiffs, even though this information is exclusively in the control of Defendants, and at this time, Plaintiffs are not permitted to conduct any meaningful discovery, and the burden of proof is on any plaintiff requesting remand, and no formal discovery of these issues is permitted, and in order to "prove" the source, Plaintiffs must rely upon the Defendants to state whether they sold the drug to Plaintiffs' providers. **Ex. D Taxotere PTO 77**. *Id.* The source of the alleged pleading requirement is uniquely the Defendants' disclosing which providers to discover to

which provider it sells. That makes sense, when all Defendants would have to do is look at their records or just confidentially publish a list of its oncology customers OR just submit to discovery in California state court. This Court should note that as set forth MDL PTO 77 (*Id*., and see **Exhibit E, latest ruling in the MDL denying remand** when plaintiff alleges she received the drug from Defendant Sanofi, but Sanofi says it did not. There is no question McKesson distributes Taxotere/Docetaxel, but it also markets the drug. **See Exhibit F, McKesson Website blurbs indicating it markets the drug.**

Most importantly, this is a multi-party case with all California resident Plaintiffs. The law as established in the MDL holds that in any California multi-party case where one or more named plaintiffs has received Taxotere/Docetaxel from Sanofi and McKesson, the case must be remanded. See *Ernyes-Kofler, et al. v. Sanofi S.A.* et al., Case No. 2:17-cv-03867, and *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, remanded in their entirety to the Superior Courts of California. McKesson's marketing indicates it packages Sanofi Taxotere NDC 0075-8003-01. See Finson Decl., Exhibit E, McKesson Website specifying the packaging process, and that Docetaxel was packaged and distributed by McKesson. The complaint names all manufacturers of Taxotere, so as McKesson packages the drug, it follows that the named manufacturers must have received the drug from McKesson. No Defendant has indicated it sold the drug before 2011. Plaintiff Kinaway "Karen" Crawford received her doses in 2008, when Sanofi was the only manufacturer. (Finson Decl., Exhibit G, Crawford Intake and pertinent portions of her medical records)

As Ms. Crawford, as Ms. Ernyes-Kofler received her drug from McKesson and Sanofi, this case would be remanded, but if the case was transferred, that process will be unduly delayed.

The allegations are sufficient to establish remand is warranted.

## II. REMOVAL STANDARD

Removal statutes are construed restrictively to limit removal jurisdiction. Pursuant to 28 U.S.C. § 1332, removal based on diversity jurisdiction requires complete diversity of citizenship. See *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The party seeking removal has the burden of establishing federal jurisdiction, See *Wilson v. Republican Iron and Steel Co.,* 257 U.S. 92, 97 (1921), and there is a "strong presumption" against removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). As such, courts strictly construe the removal statute against removal jurisdiction. *Id*.

Here, Defendants have the burden of establishing that Plaintiffs have virtually no possible claims against McKesson. See *Cavallini v. State Farm Mutual Auto Ins. Co*., 44 F.3d 256, 259 (5th Cir. 1995).  There "is a presumption against finding fraudulent joinder, and defendants who assert that plaintiffs fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Systems, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Ca. 2001). Any doubts about whether Plaintiffs in this action have sufficiently pled proper causes of action against McKesson must be resolved in favor of remand, and a lack of clear precedent does not support the claim that joinder of McKesson was fraudulent. See *Peloza v. Capistrano Unified School District*, 37 F.3d. 517, 521 (9th Cir. 1994) (stating that a court must interpret a plaintiff's allegations to "embrace whatever specific facts might be necessary to support them"). A court "must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute*, 141 F. Supp. 2d at 1008 (quotations omitted). Defendants cannot overcome this burden.

## III. MCKESSON WAS NOT FRAUDULENTLY JOINED

Defendants' argument rests on the idea that McKesson was fraudulently joined in this action. Preliminarily, the notion that McKesson is a viable defendant and not fraudulently joined has been accepted by not only MDL J. Englehardt (now J. Milazzo), but by numerous judges in a

9

variety of multidistrict litigations, including Fosamax, Avandia and Yaz/Yasmin. See *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, 779 F.Supp.2d 846 (S.D. Ill 2011); In re Fosamax, Products Liability Litigation, WL 2940560 (S.D. N.Y. 2008); and MDL 1789; *In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, 624 F. Supp. 2d 396 (E.D. Pa 2009), *In Re: Lipitor.* In Defendants' Notice of Removal, they assert their fraudulent joinder argument despite there being numerous court rulings directly resolving this issue. Defendants failed to cite a single case where remand was denied under substantially similar circumstances. See Docket No. 1 Notice of Removal. As a result, this action should be remanded to state court.

The purpose of the doctrine of fraudulent joinder is to prevent "a plaintiff from joining a non-diverse defendant 'with no real connection to the controversy' to defeat federal removal jurisdiction." *In re Avandia Marketing, Sales Practices and Prods. Liability Litig.*, 624 F. Supp.2d 396, 411 (E.D. Pa. 2009) (quoting *In re Fosamax Prods. Liability Litig*, MDL No. 1789, 2008 WL 2940560, at 3 (S.D. N.Y. 2008)). In similar circumstances, under the test established by the Third Circuit Court of Appeals, which is virtually identical to the Ninth Circuit, a finding of fraudulent joinder was appropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Avandia*, 624 F. Supp.2d at 412 (quoting *Abels v. State Farm Fire & Cas. Co*, 770 F.2d 26, 32 (3d Cir. 1985).

To "assess the quality of a claim in these regards, a district court must look to state law, and California, a claim of incomplete diversity is colorable if it is not 'wholly insubstantial and frivolous' in light of the relevant law." *In re Avandia*, 624 F.Supp.2d. at 412 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). If there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990).

Further, California courts have held, in similar fraudulent joinder claims, rather than burden the district court with more procedural complexities, the best thing to do is require the moving defendant to resolve the joinder issue in state court, and then, "if that court sever[s] the case and diversity then exist[s], it could seek removal of the cause to federal court." See, e.g., *Osborn v. Metro. Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (E.D. Ca. 2004); see *Hoiland v. Bayer Corp.*, 2101 WL 10673215 (C.D. Ca. 2009)

In California, a company such as McKesson can be liable for injuries caused by a defective product. For example, citing *Bostick v. Flex Equipment Co.*, 54 Cal. Rptr.3d 28 (Ca. App. Ct., 2d District, 2007), the order for remand in *Hoiland v. Bayer Corp.*, 2010 WL 11515317 (January 14, 2010) confirmed that "strict products liability imposes liability in tort on all participants in the chain of distribution of a defective product." *Id*. This rule has also been recognized and applied by California courts in other pharmaceutical litigations.

Despite McKesson being more than a mere distributor, marketer, and promoter, as shown above, it is well-settled in California that such entities need not be directly involved in events prior to sale and distribution to be held liable for their role in the commercial chain. In *Becraft v. Ethicon*, the court noted that regardless "of the identity of a particular defendant or his position in the commercial chain the basis for his liability remains that he has marketed or distributed a defective product." *Becraft v. Ethicon*, 2000 U.S. Dist. Lexis 17725, 9 (Case No. C00-1474 CRB, N.D. Ca. 2000) (citations omitted). The California Supreme Court has long established California's strong public interest in basing liability of a prescription drug manufacturer on negligence principles that do not necessarily preclude subjecting marketers, distributors, and promoters of such drugs to strict liability. In *Elmore v. American Motors Corp.*, 70 Cal.2d 578, (1969), the California Supreme Court explained:

> "In some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff. In other cases the retailer himself may play a substantial part in insuring that the product is safe or may be in a position to exert pressure on the manufacturer to that end; the retailer's strict liability thus serves as an added incentive to safety . . . [and] affords maximum protection to the injured plaintiff and works no

11

injustice to the defendants, for they can just the costs of such protection between them in the course of their continuing business relationship." *Elmore* at 587.

Additionally, in the context of motions to remand, the vast majority of district courts have concluded that marketers, distributors, promoters, and/or designers of prescription drugs are not fraudulently joined, and thus, their presence defeats diversity. A state court action may be removed only if the district court could have exercised jurisdiction over the action if originally filed there. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A plaintiff's motive for joining a non-diverse defendant is immaterial. See *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 966 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

In analyzing a claim that a non-diverse defendant has been fraudulently joined, the court must grant remand unless "there is absolutely no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court[.]" *Davis v. Prentiss Prop. Ltd.*, Inc., 66 F.Supp.2d 1112, 1113 (C.D. Cal. 1999). Defendants have the "heavy burden" of proving fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); see *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003).

In the recent order granting remand in *Dodich v. Pfizer, Inc.*, et al., 2018 WL 3584484, C 18-02764 WHA (N.D. Cal. July 26, 2018) the court provided a very instructive analysis of the governing legal principles. In *Dodich*, as in the present case, a complaint filed in California state court was removed based on the argument that the only California defendant was fraudulently joined and its citizenship should be disregarded. The *Dodich* plaintiff "allege[d] that [non-diverse] defendant McKesson distributed the allegedly defective drug and therefore maintains

12

strict liability under California law." Id. at 1. The *Dodich* defendants argued that the citizenship of McKesson should be disregarded as that defendant had been fraudulently joined. The court rejected this argument and remanded the case.

Removing Defendants also argue that the claims against McKesson are not sufficient as many of the allegations are directed towards "Defendants" collectively. This argument has been rejected by other courts. For example, in *Dodich*, the removing defendant argued that the non-diverse was fraudulently joined based on the fact that "there are no specific allegations concerning McKesson as to any claim in the complaint, including this one." *Id.* at 5. This argument was not persuasive to the *Dodich* court. Other cases have also made it clear that allegations against all defendants are sufficient. See, e.g., *Gonzalez v. Medtronic, Inc.,* 2013 WL 12139144, Case No. 12–cv–09592 DMG (Ex) (C.D. Cal. February 14, 2013) (ordering remand as "[t]hroughout Plaintiffs' SAC, all causes of action are alleged against 'Defendants' as an undifferentiated group.").

Further, general allegations against all "Defendants" are sufficient under the liberal pleading requirements. See *Mandernach v. Bayer Corp.,* 5:09-CV-02306-JHNOPX, 2010 WL 532537, at 2 (C.D. Cal. Feb. 8, 2010) (rejecting argument that a specific Defendant was fraudulently joined because the allegations against it were "lumped together with those against the alleged pharmaceutical manufacturer and include numerous allegations that do not apply to [the specific Defendant"); *Aaron v. Merck& Co., Inc.,* CV 05-4073 JFWMANX, 2005 WL 5792361, at 2 (C.D. Cal. July 26, 2005) ("Although the remainder of Plaintiffs' allegations are stated against all 'Defendants,' [], under the liberal pleading requirements, such general allegations against all 'Defendants' are sufficient to charge [a specific Defendant] with the alleged wrongful conduct.").

Removing Defendants have not proved by clear and convincing evidence that there is no possibility that Plaintiffs will be able to establish a cause of action against McKesson as there is no specificity regarding each Plaintiff's directs relationship to McKesson. This is not sufficient to meet the heavy burden of proving that McKesson was fraudulently joined. Also, "[t]o

demonstrate fraudulent joinder 'the test is whether Plaintiff can state a claim in state court.' *Wong v. Michaels Stores, Inc.*, 2012 WL 718646, at 5-6 (E.D.Cal. Mar. 5, 2012) (emphasis in original) (citing *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1338 (9th Cir. 1987)). Thus, in analyzing fraudulent joinder, district courts 'have refused to apply the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) standards to determine whether a defendant was fraudulently joined.' *Id.*" *Nance v. Cal-Western Reconveyance Corp.*, 2015 WL 452747, No. LA CV14–07950 JAK (PLAx) (C.D. Cal. January 29, 2015) at 6. "'Rather, courts employ the pre-*Twombly* "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")." [*Tofighbakhsh v. Wells Fargo & Co.,* 2010 WL 2486412, at 3 (N.D.Cal. June 16, 2010)]; (citing *Black Donuts, Inc. v. Sumitomo Corp. of Am.*, 2010 U.S. Dist. LEXIS 30859 (C.D.Cal. Mar. 3, 2010) (internal quotations omitted))." Id.

Based on the factual allegations set out above, Plaintiffs have made sufficient claims against McKesson and the removing Defendants have failed to establish that this McKesson was fraudulently joined. The mere possibility that Plaintiffs could prevail on even one of their causes of action mandates remand. See *Mitchell v. Am. Serv. Co.,* No. ED CV 10-1650-GHK, 2010 WL 5416801, at 1 (C.D. Cal. Dec. 22, 2000) (where any issues of fact remain to be determined, the case should be remanded).

In sum, "[a]ll that is required for purposes of disproving fraudulent joinder is a possibly valid claim. There is [more than] one here. It is more appropriate to permit the state court to make determinations as to the scope and reach of California's strict liability doctrine." *McCarty v. Johnson & Johnson*, No. 1:10-CV00350 OWW-DLB, 2010 WL 2629913, at 5 (E.D. Cal. June 29, 2010).

## IV. **CONCLUSION**

Defendants' Notice of Removal fails to prove by clear and convincing evidence that there is no possible factual or legal basis for Plaintiffs' claims against McKesson. To the contrary, the argument made in support of removal, and the out of circuit authorities on which removal is based, are in direct conflict with controlling law in California. Plaintiff Crawford also received her drug from Defendants Sanofi and McKesson. McKesson was not fraudulently joined and there is no diversity jurisdiction over this action because there is incomplete diversity of citizenship. Additionally, no federal question jurisdiction exists, as Plaintiffs assert only state law causes of action, all of which can be decided without necessarily addressing a substantial issue of federal law. Therefore, remand is required. For these reasons, Plaintiffs respectfully request that the Court grant their Motion to Remand the Case to State Court.

Dated: March 29, 2019

By: /s/ Lowell W. Finson
Lowell W. Finson, Esq.
**Finson Law Firm**
*Attorneys for Plaintiffs*

Jennifer A. Lenze
LENZE LAWYERS, PLC
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 29th Day of March, 2019

/s/ Jennifer A. Lenze
