# EXHIBIT B

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: TAXOTERE (DOCETAXEL) PRODUCTS
LIABILITY LITIGATION**                                  MDL No. 2740

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO −45)**

On October 4, 2016, the Panel transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 220 F.Supp.3d 1360 (J.P.M.L. 2016). Since that time, 350 additional action(s) have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Jane Triche Milazzo.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Milazzo.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of October 4, 2016, and, with the consent of that court, assigned to the Honorable Jane Triche Milazzo.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: TAXOTERE (DOCETAXEL) PRODUCTS**
**LIABILITY LITIGATION**                                    MDL No. 2740

### SCHEDULE CTO−45 − TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|----------|----------|-------------|------------------|

CALIFORNIA CENTRAL

| CAC | 2 | 18−08268 | Shelly Jones et al v. Sanofi US Services Inc., et al |

# EXHIBIT C

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: IN RE TAXOTERE (DOCETAXEL) PRODUCT LIABILITY LITIGATION

MDL Docket No. 2740

This document relates to:
*Shelly Jones, et al.  v. Sanofi US Services Inc. et al*
Case No. USDC CACD 2:18-cv-8268

_____

**PLAINTIFF'S NOTICE OF OPPOSITION TO CONDITIONAL**
**TRANSFER ORDER (CTO-45)**

PLEASE TAKE NOTICE THAT by and through the undersigned counsel,

Plaintiffs in the above-referenced matter, pursuant to Rule 7.1(c) of the Rules of

Procedure for the United States Judicial Panel on Multidistrict Litigation and 28 U.S.C. §

1407, hereby oppose Conditional Transfer Order - 45 ("CTO-45" or "CTO"), filed on

October 3, 2018, as it relates to the following case:

*Shelly Jones, et al.  v. Sanofi US Services Inc. et al*

For reasons that will be set forth in Plaintiff's Opposition to CTO-45, the Federal

District Court lacks subject matter jurisdiction over this action, and transfer to such Court

would only serve to delay remand to the proper forum, thereby defeating the central

concerns of justice and judicial efficiency suggested in 28 U.S.C. § 1407.

Dated: October 3, 2018                    Respectfully submitted,

                                          By: /s/ Lowell W. Finson_____
                                          Lowell W. Finson (CA. Bar # 275586)
                                          126 Westwind Mall
                                          Marina del Rey, CA 90292
                                          T: 602-377-2903 / F: 310-425-3278
                                          lowell@finsonlawfirm.com

                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on October 3, 2018, the **PLAINTIFF'S NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-45)** was served on all parties electronically via the CM/ECF system.

/s/ Lowell W. Finson

# EXHIBIT D

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                               **SECTION "N" (5)**

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER NO. 77A
### [Replacing Pretrial Order No. 77 Regarding California Plaintiffs' Motion to Remand]

This Pretrial Order No. 77A replaces Pretrial Order No. 77 (Rec. Doc. 1633) to clarify
when a case is considered to be docketed in the MDL.

The Court's August 30, 2017 **ORDER** on Plaintiffs' Omnibus Motion to Remand Certain
Cases to the Superior Courts of California (Rec. Doc. 784) (the "ORDER") shall be instructive for
future cases removed to this MDL from California Superior Courts naming McKesson Corporation
("McKesson") as a defendant. The Court recognizes that future complaints may be filed naming
McKesson as a defendant that present factual allegations that may be arguably distinguishable
from those addressed by the ORDER. In order to streamline the briefing of these future motions
to remand by California Plaintiffs who name McKesson as a non-diverse defendant,

**IT IS ORDERED** that:

(1) Plaintiffs who file cases in California Superior Courts naming McKesson as a
    Defendant that are subsequently removed by a Defendant and transferred to this MDL,
    shall meet and confer in an attempt to resolve the remand issue prior to submission of
    any briefing. This meet and confer process shall require the following:

1

    a. The Plaintiff shall provide any information possessed concerning McKesson's alleged connection to the Plaintiff's use of Taxotere/docetaxel (including the Plaintiff's treatment time period, and the facility where Taxotere/docetaxel was administered to the Plaintiff) within seven (7) days of the case being docketed in this MDL. A case is considered docketed in this MDL when the online docket is made available for the individual case number *and* the parties who have appeared receive electronic notice that the docket is available online.

    b. In response to Plaintiff's informational statement detailed above, Defendant McKesson shall provide Plaintiff's counsel with a written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that plaintiff was being treated, OR the Defendant(s) shall provide any information contradicting or otherwise demonstrating a lack of McKesson's connection to the Plaintiff within seven (7) days of the Plaintiff providing such information.

If the parties are unable to informally resolve the matter after a meet and confer and exchange of information, they shall engage in the expedited briefing process set forth herein.[1]

(2) In the Court's minute entry of July 6, 2017 (Rec. Doc. 618), the Court required the Plaintiffs to file individualized statements regarding their alleged connection to McKesson as a supplement to the Plaintiffs' Omnibus Motion to Remand. Similarly,

---

[1] To the extent counsel are participating in this MDL, the Court encourages an informal exchange of this information and a meet-and-confer prior to the service of the lawsuit on any Defendant, in an effort to avoid removal of cases that are not distinguishable from the cases remanded in the ORDER. Any such meet-and-confer shall not otherwise alter any Defendant's deadline to remove a case as set forth in the Federal Rules of Civil Procedure and federal statutes.

Plaintiffs who seek remand to the California Superior Courts, and who are unable to reach agreement with Defendants on a consent remand order per the previous paragraph, shall submit brief, individualized statements, not to exceed two (2) pages in length per Plaintiff, regarding the alleged connection to McKesson within thirty (30) days of the case being docketed in this MDL. By this Pretrial Order No. 77A, the Plaintiffs seeking remand shall be deemed to have adopted the prior briefing of the Plaintiffs supporting the Plaintiffs' Omnibus Motion to Remand.[2]

(3) Within fifteen (15) days of the Plaintiff's filing their individualized statement, Defendants may file a response brief not to exceed two (2) pages in length per Plaintiff. By this Pretrial Order No. 77A, a Defendant or Defendants opposing remand shall be permitted to adopt the prior briefing of sanofi-aventis U.S. LLC in opposition to Plaintiffs' Omnibus Motion to Remand.

(4) No oral argument shall be held unless requested.

New Orleans, Louisiana, this 11th day of April, 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Should additional relevant case cites become available, these cases may be identified in the parties' 2-page submissions.

3

# EXHIBIT E

2018 WL 2228764
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.

IN RE: **TAXOTERE** (DOCETAXEL) PRODUCTS LIABILITY LITIGATION
This Document Relates to:
Ernyes-Kofler, et al. v. Sanofi S.A., et al., 2:17-cv-03867
McCallister, et al. v. Sanofi S.A., et al., 2:17-cv-02356

MDL NO. 2740
|
Signed 05/15/2018

SECTION "N" (5)

**ORDER AND REASONS**

KURT D. ENGELHARDT, UNITED STATES DISTRICT JUDGE

**\*1** Presently before the Court is supplemental briefing on the issue of severance of multi-plaintiff cases in relation to Plaintiffs' Omnibus **Motion to Remand** Certain Cases to the Superior Courts of California (Rec. Doc. 469). *See* Rec. Docs. 835, 837, 1717, 1748, and 1928. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the two multi-plaintiff cases, *Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867, and *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, be **REMANDED** in their entirety to the Superior Courts of California.

Defendant sanofi-aventis U.S. LLC ("sanofi") makes the following arguments in support of severance of the multi-plaintiff cases in its initial supplemental memorandum to the Court: (1) MDL Courts routinely mandate severance of multi-plaintiff complaints; (2) Relevant case law in the context of **motions to remand** authorizes severance of these plaintiffs; (3) The Federal Rules of Civil Procedure authorize the severance of a multi-plaintiff complaint when plaintiffs are procedurally misjoined under Rule 20(a)(1); and (4) The Court may sever the multi-plaintiff complaints pursuant to Federal Rule of Civil Procedure 21 without a finding of procedural misjoinder. *See* Rec. Doc. 835. Out of these four arguments, the Court finds that sanofi's contention that the multi-plaintiff complaints should be severed because of procedural misjoinder is most availing.

Procedural misjoinder, also known as fraudulent misjoinder, was recognized in the Eleventh Circuit case, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000), and it "occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse parties." *In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789, 2008 WL 2940560, at *4 (S.D.N.Y. July 29, 2008). Put another way, "the claims asserted by or against the non-diverse party who is joined lack a sufficient factual nexus to the case to support joinder under applicable rules of procedure." *Id.* (internal citations omitted). Under *Tapscott*, "mere misjoinder" is not sufficient. 77 F.3d at 1360. The misjoinder must be "totally unsupported or 'egregious' misjoinder." *Bienemy v. Cont'l Cas. Co.*, No. CIV.A. 09-6647, 2010 WL 375213, at *4 (E.D. La. Jan. 26, 2010) (citing *Tapscott*, 77 F.3d at 1360). "Where fraudulent misjoinder is found, courts sever the misjoined party pursuant to Federal Rule of Civil Procedure 21, thereby preserving **diversity** jurisdiction over the remainder of the action. *In re Fosamax Prod. Liab. Litig*, 2008 WL 2940560, at *4. Moreover,

> District courts in the Fifth Circuit routinely consider fraudulent misjoinder to be a viable procedural attack, although the Fifth Circuit has not expressly adopted the *Tapscott* doctrine. *See, e.g., id.*; *NGO v. Essex Ins. Co.*, No. 07-7643, 2008 WL 4544352, at *2 (E.D. La. Oct. 9, 2008); *see also In re Benjamin*

*Moore & Co.*, 318 F.3d 626, 630 (5th Cir. 2002) (recognizing the "force" of the fraudulent misjoinder doctrine) ... While there is some disagreement as to whether state or federal joinder rules determine the propriety of joinder in a removal analysis, courts in the Eastern District of Louisiana apply state joinder principles. *See Parish v. Exxon Mobile Corp.*, No. 13-6717, 2015 WL 4097111, at *12 (E.D. La. July 7, 2015); *see also Davis v. Cassidy*, No. 11–1563, 2011 WL 6180054, at *2 (E.D. La. Dec. 13, 2011); *Turner v. Murphy Oil USA, Inc.*, No. 05-4206, 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007).

*2 *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *4 (E.D. La. Aug. 19, 2016). Thus, while sanofi's argument focuses on joinder of Plaintiffs under Rule 20 of the Federal Rules of Civil Procedure, this Court will apply the joinder principles of the state of California, where these multi-plaintiff complaints were originally filed.

California Code of Civil Procedure § 378, which governs the joinder of plaintiffs and is essentially the same as Rule 20(a) of the Federal Rules of Civil Procedure, provides that:

> All persons may join in one action as plaintiffs if.... [t]hey assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Cal. Civ. Proc. Code § 378(a). Moreover, California's joinder rules are interpreted more liberally than Federal Rule of Civil Procedure 20(a). *See In re Fosamax Prod. Liab. Litig.*, 2008 WL 2940560, at *8 (citing *Osborn v. Metro. Life Ins. Co.*, 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004) ). "The requirement that the right to relief arise from the 'same transaction or series of transactions' is construed broadly. It is sufficient if there is any factual relationship between the claims joined (and this tends to merge with the 'common question' requirement [ ] )." *Id.* (internal citations omitted).

Upon the showing made, the Court cannot conclude that Plaintiffs' claims were egregiously misjoined. *See Blasco v. Atrium Med. Corp.*, No. C 14-03285, 2014 WL 12691051, at *7-8 (N.D. Cal. Oct. 30, 2014) ("The tenuous connection between the eight individual Plaintiffs' claims in this case make it a close question whether joinder was proper even under California's liberal interpretation of its joinder rule ... Further, even if the propriety of the joinder is questionable, the Court does not find that it is so 'egregious' as to require the application of the fraudulent misjoinder doctrine."). Defendants assert that despite the lack of case-specific allegations within the multi-plaintiff complaints, "it is incredibly likely that, among other things, each Plaintiff was diagnosed with breast cancer at different times, had different breast cancer diagnoses, had different prescribing physicians, were treated with different chemotherapy combinations, were treated for different periods of time, had different subsequent medical treatment, and have different degrees of alleged persistent alopecia." (Rec. Doc. 835). However, it is also possible that there may be common factual and legal issues between these Plaintiffs' claims. *See Blasco*, 2014 WL 12691051, at *8 ("On the one hand, there are factual differences between the individuals' claims against the various Defendants and there may well be separate legal issues that arise with respect to the various Plaintiffs. On the other hand, there are some common questions of law and fact connecting all of the Plaintiffs' claims against the various Defendants"). Thus, severance is inappropriate under the instant circumstances, as the Court has not found egregious misjoinder of Plaintiffs' claims.

*3 In addition to the supplemental briefing in support of severance, sanofi subsequently filed another supplemental memorandum, arguing that Plaintiffs have no basis upon which to pursue their product liability claims against McKesson Corporation ("McKesson") because recently discovered information revealed that McKesson did not distribute Taxotere or docetaxel to the facilities where Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine Hicks received their respective docetaxel infusions. *See* Rec. Doc. 1717. However, Plaintiffs submit that at least one Plaintiff's medical records explicitly state that she received docetaxel from McKesson Packaging Services, creating a factual dispute as to McKesson's involvement. (Rec. Doc. 1748 at p. 2). In response, sanofi argues that the medical records reveal that this plaintiff received docetaxel manufactured or branded by McKesson, not Taxotere or docetaxel manufactured by sanofi, so sanofi should be dismissed from that case prior to remand. *See* Rec. Doc. 1928. However, the Court has previously considered the propriety of McKesson's joinder with regard to Plaintiffs Klara Ernyes-Kofler, Lisa McCallister, Sandra Isham, and Josephine Hicks, and given the factual dispute as to McKesson's involvement with regard to at least one Plaintiff, remand is appropriate under the circumstances.

Accordingly,

**IT IS ORDERED** that the two multi-plaintiff cases, *Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867, and *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, be **REMANDED** in their entirety to the Superior Courts of California.

# EXHIBIT F

Sanofi Pasteur 00075800301 - McKesson Medical-Surgical

10/16/18, 3:37 PM

# MCKESSON

#765391  |  Sanofi Pasteur #00075800301

# Taxotere® Antineoplastic Agent Docetaxel 20 mg / mL Intravenous Injection Single Use Vial 1 mL



## Professionals Also Viewed



#652633
| Fresenius USA #63323012310

Antineoplastic Agent Methotrexate Sodium 25 mg / mL Intramuscular, Intravenous, or Intra-arterial Injection Multiple Dose Vial 10 mL

- Contains preservative
- Sterile Isotonic Liquid
- Not for intrathecal use



#721631  |  Teva #00703301513

Adrucil® Antineoplastic Agent Fluorouracil 50 mg / mL Intravenous Injection Single Dose Vial 10 mL

Sanofi Pasteur 00075800301 - McKesson Medical-Surgical                                    10/16/18, 3:37 PM



**#788329**
| Fresenius USA #63323011751

Antineoplastic Agent
Fluorouracil 50 mg / mL
Intravenous Injection Pharmacy
Bulk Vial 50 mL



**#479124**
| APP
Pharmaceuticals #63323011710

Antineoplastic Agent
Fluorouracil 50 mg / mL
Intravenous Injection Single
Dose Vial 10 mL

## Product Specifications

| | | |
|---|---|---|
| McKesson # | 765391 | **Features** |
| Manufacturer # | 00075800301 | ▪ Store between 2°C and 25°C (36°F and 77°F) |
| Brand | Taxotere® | ▪ This formulation requires NO prior dilution with a diluent and is ready to add to the infusion solution |
| Manufacturer | Sanofi Pasteur | |
| Alternate Manufacturer Number | 1661420 | |
| Application | Antineoplastic Agent | |
| Container Type | Single Use Vial | |
| Dosage Form | Injection | |
| Generic Drug Code | 28663 | |
| Generic Drug Name | Docetaxel | |
| NDC Number | 00075-8003-01 | |
| Strength | 20 mg / mL | |
| Type | Intravenous | |
| UNSPSC Code | 51101929 | |
| Volume | 1 mL | |

## EXHIBIT B

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: _____

DATE OF BIRTH:_____/_____/_____                SSN:_____/_____/ _____

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

**\*\*\*PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED \*\*\***

**SANOFI AVENTIS US LLC**
☐ 0075-8001-80
☐ 0075-8001-20
☐ 0075-8003-01
☐ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
☐ 0955-1020-01
☐ 0955-1021-04
☐ 0955-1022-08

**HOSPIRA, INC.**
☐ 0409-0201-02
☐ 0409-0201-10
☐ 0409-0201-20
☐ 0409-0201-25
☐ 0409-0201-26
☐ 0409-0201-27
☐ 0409-0366-01
☐ 0409-0367-01
☐ 0409-0368-01
☐ 0409-0369-01

**McKESSON PACKAGING SERVICES**
☐ 63739-932-11
☐ 63739-971-17

**SANDOZ INC.**
☐ 66758-050-01
☐ 66758-050-02
☐ 66758-050-03
☐ 66758-950-02
☐ 66758-950-03
☐ 66758-950-04

**ACCORD HEALTHCARE, INC.**
☐ 16729-120-49 KIT
☐ 16729-228-50 KIT
☐ 16729-231-63
☐ 16729-231-64
☐ 16729-231-65
☐ 16729-267-63
☐ 16729-267-64
☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
☐ 25021-222-01
☐ 25021-222-04
☐ 25021-222-07
☐ 25021-245-01
☐ 25021-245-04

**PFIZER LABORATORIES**
☐ 0069-9141-11
☐ 0069-9141-22
☐ 0069-9141-33
☐ 0069-9142-11
☐ 0069-9142-22
☐ 0069-9142-33
☐ 0069-9143-22
☐ 0069-9143-33
☐ 0069-9144-11
☐ 0069-9144-22
☐ 0069-9144-33

**ACTAVIS PHARMA, INC.**
☐ 45963-734-52
☐ 45963-734-54
☐ 45963-734-74
☐ 45963-765-52
☐ 45963-781-74
☐ 45963-790-56

**DR REDDYS LAB LTD.**
☐ 43598-258-11
☐ 43598-259-40

**TEVA PHARMS USA**
☐ 0703-5720-01
☐ 0703-5730-01

**NORTHSTAR RX LLC**
☐ 16714-465-01
☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
☐ 42367-121-25
☐ 42367-121-29

**SUN  PHARMACEUTICAL INDUSTRIES, INC.**
☐ 47335-285-41
☐ 47335-286-41

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ **WAS  /  ☐ WAS NOT ADMINISTERED TAXOL/PACLITAXEL**

_____/_____/ _____          _____/_____/ _____          _____

DATE OF FIRST TREATMENT          DATE OF LAST TREATMENT          # OF DOSES

_____          _____

SIGNATURE OF REPRESENTATIVE OF          NAME OF PRACTICE/INFUSION CENTER
PRACTICE/INFUSION CENTER

_____          _____

PRINTED NAME & TITLE OF REPRESENTATIVE          ADDRESS

_____          _____

DATE          CITY, STATE, ZIP

14

# EXHIBIT G

DocuSign Envelope ID: BEE29676-4FC5-4467-BFBA-97BA57719300

## ABBREVIATED CHEMOTHERAPY QUESTIONNIARE

### CLIENT INFORMATION

Client Name: Kinawa C. Crawford

Current Age: 45

Date of Birth: 4/17/1972

Email Address: kinawacrawford@gmail.com

Home Address: 4114 W Adams Blvd, Los Angeles, CA 90018

Phone Number: 817-657-3260

Social Security Number: 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

### CHEMOTHERAPY INFORMATION

What is the date of your cancer diagnosis?

March 17, 2008.

**JOHN PETER SMITH HOSPITAL**

**1500 S MAIN ST**

**FORT WORTH, TX 76191**

CRAWFORD, KINAWA

2801 FOREST HOLLOW LANE 303

ARLINGTON, TX 76006

## ITEMIZED STATEMENT

| Transaction Code | Proc Code | Revenue Code | Description | Transacton Date | Quantity | Amount | Physician Name | Physician Number |
|---|---|---|---|---|---|---|---|---|
| **Account #: 030060853139** | | | | | | | | |
| 43008531 | | 0250 | DIPHENHYDRAMINE CAP 50MG | 8/4/2008 | 1 | $1.00 | | |
| 43022888 | J9170 | 0636 | DOCETAXEL IJ 20MG | 8/4/2008 | 2 | $2,110.00 | | |
| 43025378 | J1100 | 0636 | DEXAMETHASONE IJ 10MG/ML | 8/4/2008 | 2 | $24.00 | | |
| 43025378 | J1100 | 0636 | DEXAMETHASONE IJ 10MG/ML | 8/4/2008 | -2 | ($24.00) | | |
| 43035765 | | 0250 | SODIUM CL 0.9% FLUSH HOME HLTH | 8/4/2008 | 2 | $38.00 | | |
| 43043116 | J9170 | 0636 | DOCETAXEL IJ 80MG | 8/4/2008 | 2 | $8,256.00 | | |
| 43070820 | | 0258 | NACL 0.9% IF 100ML | 8/4/2008 | 1 | $92.00 | | |
| 43070846 | | 0258 | NACL 0.9% IF 250ML | 8/4/2008 | 1 | $92.00 | | |
| | | | | **Account Total** | | **$11,175.00** | | |
| **Account #: 030060962344** | | | | | | | | |
| 33340118 | 85610 | 0305 | ONC INR | 8/5/2008 | 1 | $77.00 | | |
| 33400359 | 90772 | 0920 | INJ ADMIN SQ/IM W/WO ANTIBX | 8/5/2008 | 1 | $67.00 | | |
| 43002914 | J2505 | 0636 | PEGFILGRASTM IJ 6MG | 8/5/2008 | 1 | $7,829.00 | | |
| | | | | **Account Total** | | **$7,973.00** | | |

DataArk®

JOHN PETER SMITH HOSPITAL

**1500 S MAIN ST**

**FORT WORTH, TX 76191**

CRAWFORD, KINAWA

2801 FOREST HOLLOW LANE 303

ARLINGTON, TX  76006

## ITEMIZED STATEMENT

| Transaction Code | Proc Code | Revenue Code | Description | Transacton Date | Quantity | Amount | Physician Name | Physician Number |
|---|---|---|---|---|---|---|---|---|
| **Account #: 030061371347** | | | | | | | | |
| 33401175 | | 0510 | CHEMO, IV INFUSION INIT, 1 HR | 8/25/2008 | 1 | $382.00 | | |
| 37588662 | | 0272 | SET N.V.PRIM W/PIERCED 2NDPORT | 8/25/2008 | 1 | $31.00 | | |
| 37588944 | | 0272 | SET NITRO PUMP | 8/25/2008 | 1 | $4.00 | | |
| 40207516 | 80053 | 0301 | COMP METABOLIC PROFILE | 8/25/2008 | 1 | $314.00 | | |
| 40217143 | 36415 | 0300 | VENIPUNCTURE | 8/25/2008 | 1 | $21.00 | | |
| 40220261 | 85730 | 0305 | PTT       G44 | 8/25/2008 | 1 | $79.00 | | |
| 40220329 | 85610 | 0305 | PROTHROM TIME G49 | 8/25/2008 | 1 | $77.00 | | |
| 43001791 | Q0179 | 0636 | ONDANSETRON TAB 8MG | 8/25/2008 | 1 | $150.00 | | |
| 43003516 | J1642 | 0636 | HEPARIN IJ 500U/5ML FLUSH | 8/25/2008 | 1 | $19.00 | | |
| 43008531 | | 0250 | DIPHENHYDRAMINE CAP 50MG | 8/25/2008 | 1 | $1.00 | | |
| 43022888 | J9170 | 0636 | DOCETAXEL IJ 20MG | 8/25/2008 | 1 | $1,055.00 | | |
| 43035765 | | 0250 | SODIUM CL 0.9% FLUSH HOME HLTH | 8/25/2008 | 2 | $38.00 | | |
| 43043116 | J9170 | 0636 | DOCETAXEL IJ 80MG | 8/25/2008 | 2 | $8,256.00 | | |
| 43070846 | | 0258 | NACL 0.9% IF 250ML | 8/25/2008 | 1 | $92.00 | | |
| 43070846 | | 0258 | NACL 0.9% IF 250ML | 8/25/2008 | 1 | $92.00 | | |



09/12/2018   15:53 Patient Accounting Customer Serv   (FAX)8177026696   P.019/053

JOHN PETER SMITH HOSPITAL

1500 S MAIN ST

FORT WORTH, TX 76191

CRAWFORD, KINAWA

2801 FOREST HOLLOW LANE 303

ARLINGTON, TX  76006

## ITEMIZED STATEMENT

| Transaction Code | Proc Code | Revenue Code | Description | Transacton Date | Quantity | Amount | Physician Name | Physician Number |
|---|---|---|---|---|---|---|---|---|
| Account #: 030061997448 | | | | | | | | |
| 33401175 | | 0510 | CHEMO, IV INFUSION INIT, 1 HR | 9/15/2008 | 1 | $382.00 | | |
| 37588662 | | 0272 | SET N.V.PRIM W/PIERCED 2NDPORT | 9/15/2008 | 1 | $31.00 | | |
| 37588944 | | 0272 | SET NITRO PUMP | 9/15/2008 | 1 | $4.00 | | |
| 43001791 | Q0179 | 0636 | ONDANSETRON TAB 8MG | 9/15/2008 | 1 | $150.00 | | |
| 43003516 | J1642 | 0636 | HEPARIN IJ 500U/5ML FLUSH | 9/15/2008 | 1 | $19.00 | | |
| 43008531 | | 0250 | DIPHENHYDRAMINE CAP 50MG | 9/15/2008 | 1 | $1.00 | | |
| 43025378 | J1100 | 0636 | DEXAMETHASONE IJ 10MG/ML | 9/15/2008 | -1 | ($12.00) | | |
| 43025378 | J1100 | 0636 | DEXAMETHASONE IJ 10MG/ML | 9/15/2008 | 1 | $12.00 | | |
| 43035765 | | 0250 | SODIUM CL 0.9% FLUSH HOME HLTH | 9/15/2008 | 1 | $19.00 | | |
| 43043116 | J9170 | 0636 | DOCETAXEL IJ 80MG | 9/15/2008 | 2 | $8,256.00 | | |
| 43070168 | | 0258 | NACL 0.9% IF 250ML (PVC FREE) | 9/15/2008 | 1 | $92.00 | | |
| 43070812 | | 0258 | NACL 0.9% IF 50ML | 9/15/2008 | -1 | ($92.00) | | |
| 43070812 | | 0258 | NACL 0.9% IF 50ML | 9/15/2008 | 1 | $92.00 | | |
| 43070846 | | 0258 | NACL 0.9% IF 250ML | 9/15/2008 | 1 | $92.00 | | |
| | | | | | **Account Total** | **$9,046.00** | | |

**DataArk®**

09/12/2018   15:55 Patient Accounting Customer Serv

(FAX)8177026696

P.022/053

JOHN PETER SMITH HOSPITAL

1500 S MAIN ST

FORT WORTH, TX 76191

CRAWFORD, KINAWA

2801 FOREST HOLLOW LANE 303

ARLINGTON, TX  76006

## ITEMIZED STATEMENT

| Transaction Code | Proc Code | Revenue Code | Description | Transacton Date | Quantity | Amount | Physician Name | Physician Number |
|---|---|---|---|---|---|---|---|---|
| **Account #: 030062546822** | | | | | | | | |
| 33340118 | 85610 | 0305 | ONC INR | 10/6/2008 | 1 | $77.00 | | |
| 33401175 | | 0510 | CHEMO, IV INFUSION INIT, 1 HR | 10/6/2008 | 1 | $382.00 | | |
| 37588225 | | 0272 | SET IVEX2 .22 MICR FIL W/Y2679 | 10/6/2008 | 1 | $7.00 | | |
| 37588662 | | 0272 | SET N.V.PRIM W/PIERCED 2NDPORT | 10/6/2008 | 1 | $31.00 | | |
| 37588944 | | 0272 | SET NITRO PUMP | 10/6/2008 | 1 | $4.00 | | |
| 40217143 | 36415 | 0300 | VENIPUNCTURE | 10/6/2008 | 1 | $21.00 | | |
| 43003516 | J1642 | 0636 | HEPARIN IJ 500U/5ML FLUSH | 10/6/2008 | 1 | $19.00 | | |
| 43008531 | | 0250 | DIPHENHYDRAMINE CAP 50MG | 10/6/2008 | 1 | $1.00 | | |
| 43022128 | S0091 | 0636 | GRANISETRN TB 1MG | 10/6/2008 | 2 | $306.00 | | |
| 43035765 | | 0250 | SODIUM CL 0.9% FLUSH HOME HLTH | 10/6/2008 | 4 | $76.00 | | |
| 43043116 | J9170 | 0636 | DOCETAXEL IJ 80MG | 10/6/2008 | 2 | $8,256.00 | | |
| 43070168 | | 0258 | NACL 0.9% IF 250ML (PVC FREE) | 10/6/2008 | 1 | $92.00 | | |
| 43070846 | | 0258 | NACL 0.9% IF 250ML | 10/6/2008 | 1 | $92.00 | | |
| | | | | **Account Total** | | $9,364.00 | | |

09/12/2018    15:56 Patient Accounting Customer Serv          (FAX)8177026696          P.024/053