# EXHIBIT H

<sup>Case 2:16-md-02740-JTM-MBN Document 6597-5 Filed 03/29/19 Page 2 of 4</sup>
<sup>Case 2:18-cv-08268-R-RAO Document 45 Filed 02/12/19 Page 1 of 3 Page ID #:1446</sup>

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

Shelly Jones et al; V Sanofi US Services Inc, et al;   CV18-8268-R(RAOx)



CLERK'S OFFICE
A TRUE COPY
Feb 12 2019
Cherie B. Strider
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**IN RE: TAXOTERE (DOCETAXEL)**
**PRODUCTS LIABILITY LITIGATION**                                 MDL No. 2740

FILED
CLERK, U.S. DISTRICT COURT
2/12/19
CENTRAL DISTRICT OF CALIFORNIA
BY: CS  DEPUTY

CS

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Jones*) move under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Eastern District of Louisiana for inclusion in MDL No. 2740. Defendants Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC oppose the motion to vacate.

After considering the argument of counsel, we find that *Jones* involves common questions of fact with the actions transferred to MDL No. 2740, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. No party disputes that, like many of the already-centralized actions, *Jones* involves factual questions arising out of allegations that Taxotere (docetaxel), a chemotherapy drug, causes permanent hair loss, that defendants were aware of this possible side effect and failed to warn patients, and that defendants marketed Taxotere as more effective than other chemotherapy drugs when other drugs were equally effective without causing permanent hair loss. *See In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, 220 F. Supp. 3d 1360 (J.P.M.L. 2016).

In support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction over their action is lacking, and that plaintiffs' pending motion for remand to state court should be decided by the transferor court. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Jane Triche Milazzo for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: TAXOTERE (DOCETAXEL)  
PRODUCTS LIABILITY LITIGATION  MDL No. 2740

## SCHEDULE A

<u>Central District of California</u>

19-1164   JONES, ET AL. v. SANOFI US SERVICES INC., ET AL., C.A. No. 2:18-08268