**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO**
**Tanya Francis, Case No. 2:16-cv-17410**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.2, Plaintiff, Tanya Francis, hereby submits the following Response to Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment on Statute of Limitations Grounds:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted. However, Dr. Cherian Verghese did not review the side effect of permanent hair loss with Ms. Francis because he was unaware that Taxotere could cause permanent hair loss when he prescribed it to Ms. Francis in 2009. Verghese Dep. at 105:24-106:25, 121:13-122:8.
6. Admitted. However, six months after the cessation of chemotherapy treatment, Ms. Francis was unaware that she suffered from permanent hair loss as a result of Taxotere. Francis Dep. at 41:12-16, 236:20-237:02, 267:14-18.

7. Admitted. However, six months after the cessation of chemotherapy treatment, Ms. Francis was unaware that she suffered from permanent hair loss as a result of Taxotere. *Id*. at 41:12-16, 236:20-237:02, 267:14-18.
8. Denied. Ms. Francis testified that she believed her temporary hair loss was a result of the entire chemotherapy regime prescribed to her. *Id*. at 235:23-238:4.
9. Admitted. However, six months after the cessation of chemotherapy treatment, Ms. Francis was unaware that she suffered from permanent hair loss as a result of Taxotere. *Id*. at 41:12-16, 236:20-237:02, 267:14-18.
10. Admitted. However, six months after the cessation of chemotherapy treatment, Ms. Francis was unaware that she suffered from permanent hair loss as a result of Taxotere. *Id*. at 41:12-16, 236:20-237:02, 267:14-18.
11. Admitted. However, six months after the cessation of chemotherapy treatment, Ms. Francis was unaware that she suffered from permanent hair loss as a result of Taxotere. *Id*. at 41:12-16, 236:20-237:02, 267:14-18.
12. Denied. Ms. Francis started visiting Dr. Bridgette Collins in July 2012. *Id*. However, Ms. Francis did not recall the specific dates when she spoke to her physicians about her persistent hair loss. *Id.* at 259:17-262:14.
13. Admitted.

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE**

Plaintiff provides the below statement of material facts in dispute that are pertinent to the Defendants' motion. These disputed material facts are not intended to exclude any other additional facts cited in Plaintiff's concurrently filed memorandum in opposition.

1. Whether Ms. Francis expected and planned for temporary hair loss from her chemotherapy treatment. (Exhibit A, Francis Dep. at 235:23-238:2)

2. Whether Ms. Francis understood her hair loss as only temporary. (*Id.* at 41:12-16, 236:20-237:02, 267:14-18).

3. As a layperson, Ms. Earnest does not know the dermatological definition of permanent alopecia.

4. The allegations concerning the definition of "permanent" alopecia adopted by Ms. Francis from the PSC's Second Amended Master Complaint ("AMC") are based on facts known to the PSC at the time of filing the AMC with the benefit of hindsight.

5. Ms. Francis did not have constructive notice that her hair loss was permanent and caused by Taxotere through the publications cited in the PSC's AMC.

6. Whether Ms. Francis expected, waited and hoped for her hair to regrow following chemotherapy. (*Id.* at 41:12-16, 236:20-237:02, 267:14-18).

7. Whether Ms. Francis now has a bald spot on the top left side of her head and spots of thinner hair on the sides, middle, and top of her head. (*Id.* at 232:15-233:6).

8. Whether Ms. Francis' eyelashes and eyebrows have fully regrown. (*Id.* at 232:15-233:6).

9. Whether Ms. Francis believed that her hair would eventually return. (*Id.* at 41:12-16, 236:20-237:02, 267:14-18).

10. Whether the permanent nature of Ms. Francis' hair loss was known or evident to her, until she saw an advertisement on Facebook linking Taxotere with permanent hair loss in approximately 2016. (*Id.* at 28:23-31:16, 42:12-25, 237:13-238:04).

11. Whether the cause of the permanent nature of Ms. Francis' hair loss was known or evident to her, until she saw an advertisement on Facebook linking Taxotere with

permanent hair loss in approximately 2016. (*Id.* at 28:23-31:16, 42:12-25, 237:13-238:04).

12. Whether the permanent nature of Ms. Francis' hair loss was conveyed to her by any physician.

13. Whether Ms. Francis' physician would never tell his patients anything specific to Taxotere causing hair loss, around the time of his treatment of Ms. Francis.

14. Whether Ms. Francis' prescribing physician, Dr. Verghese, was unaware that Taxotere was associated with the risk of permanent hair loss in 2009. (*Id.* at 105:24-106:14, 110:20-111:06, 117:03-08, 121:12-122:8).

15. Whether, as a result of Sanofi's failure to warn Dr. Verghese of the association of Taxotere and permanent hair loss, Dr. Verghese was unable to discuss this risk of irreversible disfigurement with Ms. Francis in their discussion of the risks and benefits of chemotherapy treatment using a Taxotere regimen.

16. Whether a duty to investigate was ever triggered prior to Ms. Francis seeing an advertisement on Facebook linking Taxotere with permanent hair loss in approximately 2016.

17. If a duty to investigate was triggered, when such a duty arose.

18. If a duty to investigate was triggered, whether such an investigation would have been futile considering Sanofi's concealment and representations regarding Taxotere.

19. Whether Sanofi was aware that the administration of Taxotere carried a risk of permanent hair loss.

20. Whether Sanofi failed to warn doctors and patients that the administration of Taxotere carried a risk of permanent hair loss.

21. Whether Sanofi concealed its knowledge that administration of Taxotere carried a risk of permanent hair loss.

22. Whether Sanofi's failure to provide a warning of the risk of permanent or irreversible hair loss would have prevented discovery of the cause of Ms. Francis' injuries, rendering any duty to inquire futile.

23. Whether Sanofi's acts to conceal the risk of permanent or irreversible hair loss would have prevented discovery of the cause of Ms. Francis' injuries, rendering any duty to inquire futile.

Dated: March 29, 2019                                    Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com
*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com
*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT