MINUTE ENTRY
NORTH, M.J.
MARCH 27, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NUMBER:  2740
PRODUCTS LIABILITY
LITIGATION

SECTION: "H"(5)

THIS DOCUMENT RELATES TO
ALL CASES

The Court held a call docket pursuant to Pretrial Order 85 on this date in the presence

of a Court Reporter (Cathy Pepper).

| | | |
|---|---|---|
| PRESENT: | Christopher Elliott | Kelly Brilleaux |
| | Melanie Sulkin | Douglas Moore |
| | Zachary Wool | Cliff Merrell |
| | Claire Berg | Jeremiah Wikler |
| | Lauren Stevens | Patrick Oot |
| | Dawn Barrios | Harley Ratliff |
| | Palmer Lambert | John Olinde |
| | | Peter Rotolo |
| PARTICIPATING BY PHONE: | Andre Mura | Adrienne Byard |
| | Alexandra Robertson | Kim Beck |
| | Karen Menzies | Beth Toberman |
| | Amy Zeman | Mara Cusker Gonzalez |
| | Matthew McCarley | Brandon Cox |
| | | Brian Hazen |
| | | Robert Buphholz |

At issue at the hearing were the ESI productions of 32 non-bellwether Plaintiffs.  The

Court has reviewed the submissions of the parties and the hundreds of pages of argument

and exhibits related to those 32 Plaintiffs' ESI productions.  Based upon that review, the

Court found it appropriate to make the following rulings applicable to all Plaintiffs, including

those not presently before the Court.  The Court determined that none of the 32 Plaintiffs

MJSTAR (00:50)

subject of this hearing had idiosyncratic deficiencies that merited individual treatment or separate rulings.

A requirement of Pretrial Order 71 is that ESI be produced with associated metadata. Such a production depends upon that metadata being accessible to a Plaintiff.  It is clear that at least some Plaintiffs have produced emails without the associated metadata and that to the extent a Plaintiff made no effort to obtain it, the Court directed that such effort be undertaken and that such Plaintiffs' ESI productions be supplemented within the next 30 days.

If no additional metadata is produced by a particular Plaintiff as required, that Plaintiff is to provide Defendants a declaration pursuant to Rule 26(g) explaining the efforts undertaken to obtain or preserve the metadata and why it is not available.  If Defendants believe it appropriate, they may bring any insufficiency of that effort or actual spoliation concerns to the Court based upon the Rule 26(g) declaration.

Concerning the Taxotears Facebook group, the Court declined to order Plaintiffs who are not administrators of that group to produce metadata for that entire FB group; such an exercise would be wasteful, unnecessary, and wholly disproportionate to the needs of the case.  However, to the extent a Plaintiff has produced social media ESI involving them specifically, for instance their own posts or replies they have made to posts, the entirety of those posts and replies must be produced.

To the extent that a Plaintiff has merely "liked" a social media post – even if that post is from the Taxotears Facebook page, the Court will not require the post itself to be produced, unless that Plaintiff also replied to it.   Requiring such a production would be disproportionate to the needs of the case.

2

The Court declined to order each Plaintiff to produce every single email they viewed as a member of the Taxotears Google group – even if some have done that already.  A Plaintiff shall produce emails on which she was the sender or a named recipient – with associated metadata – but need not retrieve or produce every email available for viewing by members of the group.  Requiring the production of every email someone has simply viewed (or could have viewed) is of questionable relevance, is cumulative of what has been produced by other individuals and is otherwise disproportionate to the needs of the case.

To the extent any prior order or minute entry of this Court, or any protocol or Pretrial Order entered by the Court can be read to require such an expansive production, this ruling supersedes any such order or reading of that order.

Concerning Rule 26(g) statements previously provided, to the extent they have not already done so, each of these 32 Plaintiffs is ordered to issue supplemental Rule 26 statements to accompany any supplemental responses previously made or made pursuant to this order.  All Plaintiffs in this litigation must issue supplemental Rule 26(g) statements when they have completed their productions as required.

Finally, as to redactions, the Court confirmed that any redactions are to state the basis of the redaction on the face of the redaction itself.  To the extent Plaintiffs have redacted information that merely identifies or concerns third parties, that information must be unredacted and re-produced.  It can be marked confidential and made subject to the protective order in the case.

To the extent counsel for a particular Plaintiff believes some redacted information is properly redacted, with 30 days counsel is to provide the Court and Defendants a letter brief

and privilege log for that information and provide the Court un-redacted copies for review *in camera.*

The next scheduled discovery status conference will take place on April 23, 2019 at 1:00 p.m., and the next call docket conference pursuant to Pretrial Order 85 will take place on May 28, 2019 at 10:00 a.m.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE