**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL)**                                   **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                                          **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**Sheila Crayton, Case No. 2:17-cv-05923.**

---

**OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE**
**SHEILA CRAYTON FROM THE SECOND BELLWETHER TRIAL PLAINTIFF POOL**

---

Plaintiff Sheila Crayton is in poor health and rarely leaves the house.  That was true twenty years ago, it was true when she filed her lawsuit, and it is true today.[1]  The only thing that has changed in recent weeks is that this Court determined that her case is representative of the MDL and should be the alternate for Trial II, meaning the Court will rule on a variety of dispositive issues in her case that are common to MDL Plaintiffs.  Yet now, after having completed the discovery required of her personally and confronting the reality that her case is on weak footing, she seeks to be "removed for the trial pool."  In other words, she wants to keep her claim in hopes of collecting on a future settlement but avoid scrutiny of the fundamental legal and scientific questions related to causation and liability.[2]  But the issues raised by Ms. Crayton's case are vital guideposts for this litigation and their resolution requires nothing further from her.  For example:

---

[1] *See* Jyan Crayton Dep. Tr. 93:14–18 ("Q: When did you notice a difference in your mother's health condition and behavior? A: Honestly, after the diagnosis [with lupus], because it's – for me, because she just kind of went down after she got diagnosed.  So that's when I noticed the change, after, when she was – I don't know.  ***Like I say, before '97 or something***.") (emphasis added).

[2] *See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2016 WL 4705827, at *1–*2 (M.D. Ga. Sept. 7, 2016) ("[s]ome lawyers seem to think that their case will be swept into the MDL where a global settlement will be reached, allowing them to obtain a recovery without the individual merit of their case being scrutinized as closely as it would if it proceeded as a separate individual action.").

1)   Can Taxotere cause Ms. Crayton's alleged hair loss? This is a question to be litigated through expert discovery and requires nothing further of Ms. Crayton.

   

2)   Even if Taxotere could cause such hair loss, would Ms. Crayton have received Taxotere anyway (*i.e.* Is there proximate cause)?  These are questions that can be resolved with her deposition testimony:

> Q: Are you happy that you had Taxotere?
>
> A: Yes.
>
> Q: And you don't regret the decision to have chemotherapy, correct?
>
> A: Correct.
>
> Q: Do you regret the decision to have Taxotere?
>
> A: Correct.
>
> Q: You do or do not regret the decision to have Taxotere?
>
> A: ***No, I do not regret it***.

*See* Sheila Crayton Dep. Tr. (Vol. I) 94:1–10 (emphasis added).

3)   Is Ms. Crayton's cause of action—centered on an injury she claims to have had for more than ten years—barred by the statute of limitations?  This is a legal question for the Court that can be resolved with the current discovery.

To the extent Ms. Crayton is in not in a condition to testify at trial next January, Sanofi will not object to using the transcript and/or video of her deposition testimony at that time.  Thus, there is no further burden imposed on Ms. Crayton and keeping her in the trial pool will allow the Court

to rule on representative dispositive issues that will benefit the litigation as a whole.  As such, the Court should deny Plaintiff's Motion to remove Ms. Crayton from the trial pool.  In the alternative, and to the extent Ms. Crayton refuses to proceed, the Court should dismiss her case with prejudice.

## ARGUMENT

"Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial.  Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with h[er] own suit, if so selected." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010).  MDL Plaintiffs should be expected to prosecute their case "as any other plaintiff would be expected do in an ordinary case." *Id.* at 160.  They cannot "have [their] cake and eat it by withdrawing from a bellwether trial and then sitting back to await the outcome of another plaintiff's experience…." *Id.*  Indeed, in mass litigation, once a Plaintiff is selected for trial "sitting back is no option;" the plaintiff "must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails." *Id.* To the extent a plaintiff refuses, the court can dismiss the case with prejudice. *Id.*

Here, "sitting back" is precisely what Ms. Crayton seeks to do.  Plaintiff's counsel argues that Ms. Crayton's health has "deteriorated further" in "recent weeks."  Yet, it is telling that they cite a psychiatric evaluation from 2010 to make that point.  The truth is, Ms. Crayton has been ill for over twenty years.  Her illness did not prevent her from filing this lawsuit, responding to discovery, or providing deposition testimony.  Nor—as her counsel points out—is her condition likely to change.  Pl's. Br. at 9 (arguing that the parties should not "simply wait[] and hope[] for Plaintiff's condition to improve.").  This makes Plaintiff's counsel's request for a stay "in case of any future improvement in her mental and physical health" all the more disingenuous. *Id.*  In truth, Plaintiff does not seek a "stay" or "continuance" until she gets better—she seeks to take advantage

of the fact that she is part of large MDL where removal from the trial pool will mean she can postpone her obligations to prosecute her case in perpetuity. *Contra In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 163.

Such a litigation environment—where plaintiffs can avoid the ordinary obligations imposed by filing a lawsuit—is exactly what MDL courts are cautioned to avoid. *See id.* ("Plaintiffs' counsel should take notice that all plaintiff who assert claims in this MDL shall be ready and willing to serve as bellwether plaintiffs in this matter, if called upon to do so, ***as any other plaintiff would be expected to do in an ordinary case***.") (emphasis added); *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 4705827, at *1–*2; *see also In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2017 WL 1458193, at *5 (D. Mass. Apr. 24, 2017) ("[t]he creation of an MDL proceeding does not suspend the requirements of the Federal Rules of Civil Procedure, nor does it change or lower the requirements of those rules").

Allowing Ms. Crayton to remove herself from the trial pool will also incentivize Plaintiffs to continue to manipulate the trial pool. Several weeks ago, when making nominations for Trial II, the PSC argued:

> Ms. Crayton is not representative due to her mental and physical disabilities. Ms. Crayton is currently on a number of medications, one of which (amitriptyline) has side effects which affect her cognition and would make it difficult for her to testify or stand trial. Ms. Crayton mostly homebound and requires a caregiver to assist her with the activities of daily living. Additionally, prior to her cancer diagnosis she was diagnosed with lupus, a relatively rare autoimmune disorder among the Plaintiffs and which has confounding factors regarding her injuries. Similar to Defendant's concern about Ms. Johnson's recollection; Ms. Crayton has a very poor recollection about her medical conditions and care which would make it difficult to test the viability of her allegations. *See* PSC's Trial II Nomination Submission, attached as **Exhibit A**.

The Court rejected these arguments and selected Ms. Crayton as the alternate for Trial II.  Still, Plaintiff filed the instant Motion—which does nothing but repeat these arguments—anyway. Meanwhile, Plaintiffs with weak claims and minimal hair loss continue to avoid being bellwether plaintiffs.   In a matter of weeks, each of the following Plaintiffs has sought to avoid being bellwether Plaintiffs:

  

**Sheila Crayton**             **Kathleen Gabriel**             **Diana Warren**

Allowing Ms. Crayton to remove herself from the trial pool would do nothing but circumvent this Court's previous order naming her as an alternate for Trial II and further incentivize Plaintiffs to use all means necessary to manipulate the trial pool.

## CONCLUSION

A person who files a lawsuit "must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d at 163.  That does not change just because a case is part of an MDL. *Id.* The fact that Plaintiff is both unwilling to dismiss her case and unwilling to proceed to trial speaks volumes as to her intentions in filing in the first place.  This Court should not allow Ms. Crayton—or any Plaintiff—to take advantage of the fact that she is part of large MDL where removal from the trial pool will mean she can postpone her obligations to prosecute her case.  As such, the Court should deny Plaintiff's Motion to remove Ms. Crayton from the trial pool.  In the alternative, and to the

extent Ms. Crayton refuses to proceed, the Court should dismiss her case with prejudice

Dated: April 2, 2019


Respectfully submitted:

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:  504-310-2100
Facsimile:  504-310-2120
E-Mail:  dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone:  816-474-6550
Facsimile:  816-421-5547
E-Mail:  hratliff@shb.com

***Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

6