**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Sheila Crayton*                               HON. JANE TRICHE
MILAZZO
Case No. 17-5923

---

**PLAINTIFF'S REPLY MEMORANDUM AND SUUPLEMENTAL**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO**
**REMOVE SHEILA CRAYTON FROM THE SECOND BELLWETHER TRIAL**
**PLAINTIFF POOL**

---

Plaintiff, Sheila Crayton, respectfully responds to Defendants' opposition to her Motion

to Remove Sheila Crayton from the Second Bellwether Trial Plaintiff Pool and reiterates her

request that she be removed from the second bellwether trial pool as her declining health now

prevents her from meaningfully participating in her trial. Ms. Crayton also supplements her

Motion with the recent transcript from the deposition of her son, Johnson Crayton.

Defendants' opposition (R. Doc. 6670) argues primarily that Ms. Crayton's health has

been poor for many years. This is absolutely correct. That being said, Ms. Crayton's health is

also in steep decline and is now in a state where she cannot participate in her own trial.

Defendants do not and cannot dispute this: Ms. Crayton is getting worse.

This was further supported by the deposition of her son, Johnson Crayton, which

occurred after Ms. Crayton filed her motion for removal form the bellwether trial pool, on March

25, 2019. Mr. Crayton, who lives in Nevada and who has seen his mother once since her cancer

diagnosis, was clear that he had no idea that his mother was involved in a lawsuit (until he

received the subpoena for his deposition), and he had never spoken to his mother's counsel about

the lawsuit. (Exh A, Deposition of John Lewis Crayton, Jr., Mar. 25, 2019, pp. 5, 9-10, 13.)[1]  He

also testified that historically, he spoke with his mother every single day – that is, until recently

when she stopped answering the phone or returning calls regularly, a new development that he

blamed on her health and memory issues:

> Q.   How often would you say that you spoke to your mom?
>
> A.   Used to be every day, but as of lately, I'd say maybe a year now, only every now and again. A lot of times, she don't – she's not feeling well, so sometimes you would call her up and she won't answer the phone, it will just ring. . . .
>
> Q.   Would you say you talked to your mom once or twice a month in the last year?
>
> A.   Not even that, no. Less than that.
>
> Q.   Would you say you talked to your mom about every other month in the last year?
>
> A.   Maybe every other. Like I said, I mean, I would call, and the majority of the time, she wouldn't answer. And if she do call back a day after, she say – her memory is --- she can't remember a lot of things, so I don't know if maybe she forgot to call me back or – I don't know.
>
> Q.   You say that you used to speak to your mom every day.
>
> A.   Oh yeah, yeah. Miss those times.

(*Id.*, pp. 28-29.)

Mr. Crayton further testified that just the week before, his mother had fallen and cut her

eye open in her own home, despite using a walker. (*Id.*, pp. 21, 74-75.) This testimony offers

further support for Ms. Crayton's original motion , which detailed the decline in her physical and

mental state.

Defendants' opposition strays far from the question presented in Ms. Crayton's motion,

and instead raises a statute of limitations argument; includes photographs of plaintiffs unknown

---

[1] Per the Protective Order in this case, this deposition transcript will be submitted under seal. However, Plaintiff does not designate this deposition as confidential.

to Ms. Crayton and her counsel and details about their unrelated cases; and describes Ms. Crayton's hair loss as "minimal" as though that hotly-disputed fact has been resolved. Defendants also cite a few lines from Ms. Crayton's deposition to claim that the entire proximate cause argument is resolved, without establishing whether Ms. Crayton would have used Taxotere had she fully understood the risks presented by the drug. All of these arguments are entirely inapposite to the issue at hand: Ms. Crayton cannot sit upright and remain un-medicated for the time required to complete testimony at trial. Her doctor has stated that she should not participate, while her counsel has declared that communicating with their client has become increasingly difficult in recent weeks. Defendants' opposition is silent on these points.

Defendants argue that Ms. Crayton can participate via her previously-recorded videotaped testimony – and then describe her as having "minimal" hair loss. Defendants' argument in fact demonstrates precisely why videotaped testimony is insufficient; the state of Ms. Crayton's hair is a central factual dispute in this trial that should be presented for evaluation by the jury. Likewise, the proximate cause issue that Defendants dismiss through a few lines of deposition testimony actually requires questioning about what Ms. Crayton would have done had she known about the true risks of Taxotere. An empty chair and the recorded testimony of a very ill woman cannot solve this problem.

Ms. Crayton has produced all documents, responded to all discovery requests, and appeared for two depositions at a cost to her own health, because of her strong conviction that she has been injured by this product. She does not want to delay the second bellwether trial but at this time, she physically cannot undertake the rigors of trial on behalf of the entire body of plaintiffs.  Accordingly, she respectfully requests that this Court exercise its discretion and authority for controlling trial proceedings, and allow her to withdraw from the bellwether pool at

this time. *See Parish of Jefferson v. Exxon Mobil Corp.*, No. CV 18-5257, 2018 WL 2873805, at

\*3 (E.D. La. June 11, 2018), citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936);

*see also In re Chevron U.S.A., Inc.,* 109 F.3d 1016, 1020-21 (5th Cir. 1997) (ruling that cases

selected for a bellwether trial need to be representative of all cases, focusing on the issue of

"fundamental fairness" when evaluating bellwether plaintiffs).

<div style="margin-left: 40%;">

Respectfully submitted,

*/s Richard L. Root*
Richard L. Root La# 19988
Betsy Barnes La# 19473
Lauren Godshall La# 31465
Morris Bart, LLC
601 Poydras Street
24th Floor
New Orleans, LA 70130
Phone: (504) 525-8000
Fax: (504) 599-3392
Email: rroot@morrisbart.com
Bbarnes@morrisbart.com
lgodshall@morrisbart.com

*Attorneys for Plaintiff Shelia Crayton*

</div>