```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
***************************************************************
IN RE:  TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                         Civil Action No. 16-MD-2740
                         Section "H"(5)
                         New Orleans, Louisiana
                         April 4, 2019

THIS DOCUMENT RELATES TO ALL CASES
***************************************************************

              TRANSCRIPT OF SHOW CAUSE HEARING
        HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                 UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

FOR THE PLAINTIFFS:

> *DAWN BARRIOS*
> BARRIOS KINGSDORF & CASTEIX
> 701 POYDRAS STREET
> SUITE 3650
> NEW ORLEANS, LA 70139
>
> *MATTHEW PALMER LAMBERT*
> GAINSBURGH BENJAMIN DAVID MEUNIER
> & WARSHAUER
> 1100 POYDRAS STREET
> SUITE 2800
> NEW ORLEANS, LA 70163
>
> *CHRISTOPHER COFFIN*
> PENDLEY BAUDIN & COFFIN
> 1515 POYDRAS STREET
> NEW ORLEANS, LA 70112
>
> *KAREN BARTH MENZIES*
> GIBBS LAW GROUP
> 400 CONTINENTAL BOULEVARD
> EL SUGUNDO, CA 90245

APPEARANCES CONTINUED

──── OFFICIAL TRANSCRIPT ────

FOR THE PLAINTIFFS:

                        *VAL P. EXNICIOS*
                        LISKA EXNICIOS & NUNGESSER
                        1515 POYDRAS STREET
                        SUITE 1400
                        NEW ORLEANS, LA 70112

                        *CHRISTOPHER ELLIOTT*
                        BACHUS & SCHANKER
                        1899 WYNKOOP STREET
                        SUITE 700
                        DENVER, CO 80202

                        *DANIEL P. MARKOFF*
                        ATKINS & MARKOFF LAW FIRM
                        9211 LAKE HEFNER PARKWAY
                        SUITE 104
                        OKLAHOMA CITY, OK 73120

                        *LINDSAY STEVENS*
                        GOMEZ TRIAL ATTORNEYS
                        655 WEST BROADWAY
                        SUITE 1700
                        SAN DIEGO, CA 92101

                        *RICHARD ROOT*
                        MORRIS BART, LLC
                        601 POYDRAS STREET
                        FLOOR 24
                        NEW ORLEANS, LA 70130

                        *EMILY JEFFCOTT*
                        THE LAMBERT FIRM, PLC
                        701 MAGAZINE STREET
                        NEW ORLEANS, LA 70130

                        *ALYSSA WHITE*
                        JOHNSON LAW GROUP
                        4440 VON KARMAN AVENUE
                        SUITE 100
                        NEWPORT BEACH, CA 92660

APPEARANCES CONTINUED

—OFFICIAL TRANSCRIPT—

```
FOR SANOFI S.A.:

                    HARLEY V. RATLIFF
                    TORREY PETERSON
                    JORDAN BAEHR
                    SHOOK HARDY & BACON
                    2555 GRAND BOULEVARD
                    KANSAS CITY, MS 64108

                    DOUGLAS MOORE
                    KELLY E. BRILLEAUX
                    IRWIN FRITCHIE URQUHART & MOORE
                    400 POYDRAS STREET
                    SUITE 2700
                    NEW ORLEANS, LA 70130

                    JON STRONGMAN
                    SHOOK, HARDY & BACON
                    1155 F STREET NW, SUITE 200
                    WASHINGTON, DC  20004

FOR HOSPIRA, INC., HOSPIRA WORLDWIDE, LLC,
FORMERLY DOING BUSINESS AS HOSPIRA WORLDWIDE, INC.,
AND PFIZER, INC.:

                    JOHN F. OLINDE
                    CHAFFE MCCALL
                    1100 POYDRAS STREET
                    SUITE 2300
                    NEW ORLEANS, LA 70163

FOR PFIZER, INC., AND HOSPIRA WORLDWIDE, LLC:

                    MARK S. CHEFFO
                    QUINN EMANUEL URQUHART & SULLIVAN
                    51 MADISON AVENUE, 22ND FLOOR
                    NEW YORK, NY 10010

FOR SANDOZ, A NOVARTIS DIVISION:

                    NICHOLAS INSOGNA
                    GREENBERG TRAURIG
                    3333 PIEDMONT ROAD NE
                    SUITE 2500
                    ATLANTA, GA 30305


APPEARANCES CONTINUED
```

———— OFFICIAL TRANSCRIPT ————

FOR SANDOZ, A NOVARTIS DIVISION:

              *DEBORAH C. ROUEN*
              ADAMS & REESE
              701 POYDRAS STREET
              SUITE 4500
              NEW ORLEANS, LA 70139

FOR ACTAVIS PHARMA, INC.:

              *MICHAEL J. SUFFERN*
              ULMER & BERNE
              600 VINE STREET
              SUITE 2800
              CINCINNATI, OH 45202

FOR ACCORD HEALTHCARE, INC.:

              *BRENDA A. SWEET*
              TUCKER ELLIS
              950 MAIN AVENUE
              SUITE 1100
              CLEVELAND, OH 44113

FOR SUN PHARMACEUTICAL:

              GEOFFREY M. COAN
              HINSHAW & CULBERTSON, LLP
              28 STATE STREET
              FLOOR 24
              BOSTON, MA 02109

PARTICIPATING VIA PHONE:

              KRISTIE FISCHER
              SARAH DOLES
              AMY GABRIEL
              DONALD GREEN
              CANDICE MCNABB
              BRIA HANLON
              LOWELL FINSON
              CHARLES ORR
              JENNIFER DOMER
              DANAE BENTON
              CHARLOTTE GULEWICZ
              GORDON KESSLER

—— OFFICIAL TRANSCRIPT ——

```
Official Court Reporter:      Nichelle N. Drake, RPR, CRR
                              500 Poydras Street, B-275
                              New Orleans, Louisiana 70130
                              (504) 589-7775
```

Proceedings recorded by mechanical stenography, transcript produced via computer.

OFFICIAL TRANSCRIPT

**1** <u>P R O C E E D I N G S</u>

11:42:30AM **2**          (Call to order of the court.)

11:42:30AM **3**     THE COURT:  I'm going to ask those of you on the line

11:42:32AM **4** to please put your phones on mute until your name is called

11:42:39AM **5** as we proceed through this docket.  Thank you.

11:47:07AM **6**     MS. BRILLEAUX:  Good morning, Your Honor.  Kelly

11:47:09AM **7** Brilleaux on behalf of the sanofi defendants.

11:47:12AM **8**     As Your Honor is aware, we submitted four lists last

11:47:16AM **9** night.  The first list is the non-compliance list, which we

11:47:23AM **10** will be covering in this Show Cause call docket, very skinny

11:47:26AM **11** 83 cases today that hopefully we can move through.

11:47:30AM **12**     We also have the Dismissal List, which, as you know,

11:47:34AM **13** is the list of plaintiffs that were listed on the

11:47:37AM **14** Non-Compliance List that was filed earlier or in March rather

11:47:42AM **15** and which have since filed stipulations of dismissal with

11:47:49AM **16** prejudice.  And then we have two other lists, lists of

11:47:51AM **17** plaintiffs who have filed statements of no objection to

11:47:55AM **18** dismissal, and also the list that has plaintiffs who have

11:47:58AM **19** filed a declaration of attempted contact for their client.

11:48:04AM **20** So as we've done in the past, we can read these into the

11:48:09AM **21** docket.

11:48:10AM **22**     I have an amendment that Ms. Barrios has notified me

11:48:15AM **23** of.  One of the cases on the Declaration List, the very last

11:48:20AM **24** one, Carolyn Moreman, actually filed a statement of no

11:48:29AM **25** defense to dismissal rather than a declaration.

11:48:30AM 1      And I just want to take this opportunity to address

11:48:33AM 2  very briefly, we have had a bit of an issue with the way

11:48:37AM 3  plaintiffs have been styling these filings.  We obviously

11:48:41AM 4  encourage the use of them to cut down on the call docket, but

11:48:45AM 5  we had a lot of statements of no -- no objection to dismissal

11:48:49AM 6  that were styled as declarations.  So they were improperly

11:48:53AM 7  coded and we had to go back and fix those yesterday evening.

11:48:57AM 8      So I would just ask very kindly of Ms. Barrios to

11:49:01AM 9  remind plaintiff counsel that the actual verbiage that they

11:49:04AM 10  use in the docket entry is significant and can help clear up

11:49:07AM 11  some of the issues.

11:49:07AM 12      MS. BARRIOS:  Certainly.

11:49:08AM 13      Your Honor, Dawn Barrios for the plaintiffs.

11:49:10AM 14      And that's why we named them differently.  We have

11:49:13AM 15  different names for them.  And so I will encourage plaintiffs

11:49:16AM 16  to use the same names as we do when they enter the pleading

11:49:20AM 17  in the docket.

11:49:21AM 18      THE COURT:  Please.

11:49:22AM 19      MS. BRILLEAUX:  So with that addition, I'll read the

11:49:25AM 20  list of plaintiffs who filed a statement of no opposition.

11:49:28AM 21      The first is Mundee Childers, 17-12323.  Second is

11:49:35AM 22  Victoria Boyd, 18-5647.  The third is Cecelia Perea,

11:49:47AM 23  18-11040; No. 4, Daisy Rodriguez, 18-10597; No. 5, Leslie

11:49:55AM 24  Rudasill, 18-10701; No. 6, Julia Shell, 18-10767; No. 7,

11:50:04AM 25  Sybil Bent, 18-10723; No. 8, Dana Ferguson, 18-10834; No. 9,

11:50:15AM 1   Candy Humbard, 18-10017; No. 10, Betty Ryan, 18-9795; No. 11,

11:50:26AM 2   Beverly Carawan, 18-09598.  And the last one, this is the

11:50:32AM 3   carryover of the list I submitted to you, Carolyn Moreman,

11:50:39AM 4   M-o-r-e-m-a-n, and her case number is 17-12922.

11:50:43AM 5        And let the record reflect I'm going to give a copy

11:50:48AM 6   to your court reporter so that she can have that for her

11:50:52AM 7   reference.

11:50:52AM 8        THE COURT:  Those matters are dismissed with

11:50:55AM 9   prejudice for failure to comply.  Counsel has made repeated

11:51:01AM 10  attempts to contact.

11:51:05AM 11       MS. BRILLEAUX:  Next, I will read in the plaintiffs

11:51:08AM 12  who filed declarations of attempts to reach their client.

11:51:12AM 13  The first plaintiff -- there's several of these.  We've got

11:51:16AM 14  21.

11:51:16AM 15       The first one's Jennifer Adolph, 18-08030; No. 2,

11:51:22AM 16  Audrey Nixon, 17-12321; No. 3, Zelma Lee Bell, 18-10098; No.

11:51:33AM 17  4, Gayle Garrett, 17-13262; No. 5, Jade Lee, 18-03433; No. 6,

11:51:44AM 18  Brenda Murphy, 17-14480; No. 7, Jennifer Belczak, 18-10968;

11:51:54AM 19  No. 9 Phyllis Harrell, 17-16734; No. 9, Rebecca Funk,

11:52:01AM 20  17-16700; No. 10, Estella Bell, 18-08822; No. 11, Gail Bell,

11:52:11AM 21  18-11075; No. 12, Helen Del Rosario, 18-10875; No. 13, Cheryl

11:52:20AM 22  Douglas, 18-10264; No. 14, Yamilla Frederick, 18-10478; No.

11:52:29AM 23  15, Norita Kirkwood, 18-09600; No. 16, Janine Lake, 18-10725;

11:52:39AM 24  No. 17, Beulah Lowder, 18-10729; No. 18, Lori Pospiel,

11:52:51AM 25  18-09637; No. 19, Colleen Prather, 18-10288; No. 20, Margie

| | | |
|---|---|---|
| 11:53:00AM | 1 | Nelson, 18-00358, and No. 21, Michelle Merritt, 17-15032. |
| 11:53:08AM | 2 | And, again, that last one on your list, Carolyn |
| 11:53:13AM | 3 | Moreman was moved to the other list. |
| 11:53:13AM | 4 | THE COURT:  These matters are dismissed with |
| 11:53:15AM | 5 | prejudice for failure to comply with Plaintiff Fact Sheet. |
| 11:53:23AM | 6 | MS. BARRIOS:  Your Honor, Dawn Barrios with the |
| 11:53:25AM | 7 | plaintiffs.  I'm going to through the list of non-compliance |
| 11:53:25AM | 8 | dismissals. |
| 11:53:31AM | 9 | The first is Loretta Moore, 18-06799; No. 2, Sandra |
| 11:53:38AM | 10 | Johnson, 17-13699; No. 3, Valarie Burch, B-u-r-c-h, 18-05612; |
| 11:53:52AM | 11 | No. 4, Caroline Bodnarchuk, 18-10609; 5 is Joan Cormier, |
| 11:54:06AM | 12 | 18-10829; 6, Kristin Jedziniak -- I must say that |
| 11:54:15AM | 13 | Ms. Brilleaux pronounces the names much better than I do -- |
| 11:54:19AM | 14 | 18-10589; Lori Kilcran, 18-10691.  No. 8 is Cheryl Luckey, |
| 11:54:31AM | 15 | 18-10590; No. 9, Barbara McCullough, 18-10576; No. 10, |
| 11:54:42AM | 16 | Barbara Thomas, 18-10595; 11 is Christine Walika, 18-09554; |
| 11:54:55AM | 17 | No. 12, Brooke Strickland, 18-09729.  No. 13 is Leslie |
| 11:55:06AM | 18 | Anderson Eckert; 18-00338.  No. 14 is Diana Wooden, No. |
| 11:55:17AM | 19 | 17-15205.  Line 15 is Denise Smith, 17-15047.  Line 16 is |
| 11:55:31AM | 20 | Lillian Winesberry, 17-15194, and the last is Laura Brantley, |
| 11:55:37AM | 21 | 17-10780. |
| 11:55:40AM | 22 | And I'll provide these to your court reporter. |
| 11:55:44AM | 23 | THE COURT:  These matters are dismissed with |
| 11:55:46AM | 24 | prejudice. |
| 11:55:50AM | 25 | MS. BRILLEAUX:  And, Your Honor, just as an |

OFFICIAL TRANSCRIPT

| | | |
|---|---|---|
| 11:55:53AM | 1 | introductory comment to our list of 83 cases, as you know, |
| 11:55:59AM | 2 | the parties are working on the issue of the no photo |
| 11:56:03AM | 3 | certification that's still being discussed by the parties and |
| 11:56:06AM | 4 | we're working on that.  I did want to let Your Honor know |
| 11:56:09AM | 5 | that we do have a couple of photo issues on the call docket. |
| 11:56:13AM | 6 | However, we're not asking for dismissal of those cases today. |
| 11:56:17AM | 7 | There's some issues that we believe can easily be cured, and |
| 11:56:23AM | 8 | so to the extent that those come up, we're not asking for |
| 11:56:27AM | 9 | dismissal. |
| 11:56:28AM | 10 | THE COURT:  Thank you. |
| 11:56:28AM | 11 | All right.  Ready to proceed? |
| 11:56:30AM | 12 | MS. BARRIOS:  Your Honor, we prepared a list of the |
| 11:56:34AM | 13 | names of counsel who will be on the phone for your |
| 11:56:36AM | 14 | convenience. |
| 11:56:52AM | 15 | THE COURT:  Ms. Barrios, do you have a list of |
| 11:56:55AM | 16 | counsel? |
| 11:56:55AM | 17 | MS. BARRIOS:  I'm sorry? |
| 11:56:56AM | 18 | THE COURT:  Do you have a list? |
| 11:56:58AM | 19 | MS. BARRIOS:  I don't need one. |
| 11:56:58AM | 20 | THE COURT:  You sure? |
| 11:57:04AM | 21 | MS. BARRIOS:  We can share. |
| 11:57:05AM | 22 | MS. BRILLEAUX:  We can. |
| 11:57:05AM | 23 | THE COURT:  All right.  Please proceed. |
| 11:57:12AM | 24 | MR. INSOGNA:  Your Honor, Nick Insogna for the 505 |
| 11:57:15AM | 25 | defendants. |

| | | |
|---|---|---|
| 11:57:15AM | 1 | The first case is one of ours.  It's the Canepa Riedy |
| 11:57:18AM | 2 | Abele firm, Deborah Mathis, 18-06483. |
| 11:57:23AM | 3 | We have no proof of use documentation and no health |
| 11:57:28AM | 4 | insurance authorization. |
| 11:57:29AM | 5 | THE COURT:  I think on the phone we have Ms. Fischer? |
| 11:57:33AM | 6 | MS. FISCHER:  Yes, Your Honor, good morning.  Kristie |
| 11:57:35AM | 7 | Fischer here on behalf of plaintiff, Deborah Mathis.  I'll |
| 11:57:39AM | 8 | address the authorization issues first. |
| 11:57:42AM | 9 | The representation that there's no health |
| 11:57:46AM | 10 | authorization is inaccurate.  There are three authorizations, |
| 11:57:49AM | 11 | and they are the disability, the Workers' Comp, and the |
| 11:57:53AM | 12 | health insurance authorization that require witness |
| 11:57:58AM | 13 | signatures.  And we have had some difficulty, not only with |
| 11:58:01AM | 14 | Ms. Mathis, but with several plaintiffs, getting them to |
| 11:58:05AM | 15 | understand exactly what is needed as far as the signature. |
| 11:58:08AM | 16 | So we have -- she sent those back with her signatures |
| 11:58:12AM | 17 | a couple times, and we finally, I believe, have gotten her to |
| 11:58:20AM | 18 | understand that we need someone else also to sign those.  And |
| 11:58:23AM | 19 | she has represented to me, I spoke with her yesterday, that |
| 11:58:24AM | 20 | the day before yesterday she took them to the post office and |
| 11:58:28AM | 21 | sent them to my office via two-day priority mail.  So I |
| 11:58:34AM | 22 | expect to have those with her signature, the witness's |
| 11:58:37AM | 23 | signature, and both of those signatures dated by tomorrow or |
| 11:58:40AM | 24 | the next day. |
| 11:58:42AM | 25 | THE COURT:  Okay.  What about proof of use?  Is that |

OFFICIAL TRANSCRIPT

11:58:42AM   1    what the --

11:58:44AM   2         MR. INSOGNA:  Yes.

11:58:44AM   3         MS. FISCHER:  Yes.  So Ms. Mathis was treated by an

11:58:53AM   4    oncologist by the name of Dr. Albert Weeks.  It's my

11:58:54AM   5    understanding that Dr. Weeks began his practice at Integrity

11:58:57AM   6    Oncology which was formed in 2009.  He then joined in -- with

11:59:05AM   7    Baptist Memorial Medical Group also known as Baptist Memorial

11:59:08AM   8    Health Corporation in 2011 but continued to operate as

11:59:16AM   9    Integrity at that time.  Some point after that, he left

11:59:18AM   10   Baptist and joined with West Cancer Center.

11:59:21AM   11        Prior to filing Ms. Mathis' complaint, I personally

11:59:25AM   12   spoke with representatives of both Baptist Memorial and West

11:59:31AM   13   Cancer Center or -- also Methodist University Hospital doing

11:59:38AM   14   business at West Cancer Center.  In March of 2018, I was told

11:59:41AM   15   by West Cancer Center that they have the records, but they

11:59:46AM   16   cannot release the records because they belong to Baptist

11:59:51AM   17   Memorial.  When I spoke with Baptist Memorial, a week later,

11:59:55AM   18   they told me that they were willing to sign a release, and I

11:59:58AM   19   have an e-mail to that effect that they were willing to sign

12:00:01PM   20   a release to allow West Cancer Center to release the records.

12:00:09PM   21   When I spoke with West Cancer Center again, approximately 10

12:00:13PM   22   days later, they then changed their position and said that

12:00:18PM   23   they don't have the records.

12:00:20PM   24        And so we were put in a position where we were forced

12:00:22PM   25   to file this complaint without the records and the -- with

|          |    |                                                                        |
|----------|----|------------------------------------------------------------------------|
| 12:00:26PM | 1  | the intent to use the subpoena power to issue a subpoena to             |
| 12:00:29PM | 2  | these medical providers to obtain the records.                         |
| 12:00:32PM | 3  | THE COURT:  Have you issued the subpoena?                               |
| 12:00:34PM | 4  | MS. FISCHER:  No, we cannot.  Well, unless Your Honor                   |
| 12:00:38PM | 5  | grants us leave to do so.                                               |
| 12:00:38PM | 6  | The reason that we cannot is because when we sent our                   |
| 12:00:42PM | 7  | notice of compliance with CMO 12A to defendants, they since            |
| 12:00:49PM | 8  | have failed to take the steps required of them under                    |
| 12:00:53PM | 9  | paragraph 4 and 5 of CMO 12.  And so it's my understanding,             |
| 12:00:57PM | 10 | my reading of CMO 12, that we are not allowed to issue                  |
| 12:01:01PM | 11 | subpoenas until after it's gone through the process where               |
| 12:01:04PM | 12 | defendants have made those requests and that hasn't happened            |
| 12:01:08PM | 13 | yet.                                                                    |
| 12:01:08PM | 14 | So we have made the requests to defendants that they                    |
| 12:01:10PM | 15 | carry out their burden under CMO 12, but that has been                  |
| 12:01:14PM | 16 | ignored.  And so we are kind of hamstrung at this point that            |
| 12:01:19PM | 17 | we can't issue the subpoena unless you give us authorization            |
| 12:01:21PM | 18 | to do so outside of CMO 12 or defendants carry out their                |
| 12:01:24PM | 19 | obligations --                                                          |
| 12:01:24PM | 20 | THE COURT:  All right.  This is what I'm going to do                    |
| 12:01:26PM | 21 | because I'm not going to give anybody authorization to                  |
| 12:01:29PM | 22 | operate outside of CMO 12.  But I will tell you that within             |
| 12:01:33PM | 23 | the next 15 days I'm going to order a meet and confer between           |
| 12:01:37PM | 24 | your office and defendants.  And so I think we need to set up           |
| 12:01:47PM | 25 | -- who she should contact?                                              |

OFFICIAL TRANSCRIPT

| | | |
|---|---|---|
| 12:01:49PM | 1 | MS. BARRIOS:  Your Honor, she can contact me, Dawn |
| 12:01:51PM | 2 | Barrios, and I'll arrange the meet and confer. |
| 12:01:54PM | 3 | THE COURT:  Okay.  Thank you. |
| 12:01:54PM | 4 | MS. FISCHER:  And, Your Honor, if I can just say, |
| 12:01:56PM | 5 | that would be very helpful because I have sent several |
| 12:02:00PM | 6 | requests to meet and confer.  And because I am just an |
| 12:02:02PM | 7 | individual attorney, those -- those requests are routinely |
| 12:02:06PM | 8 | ignored by the defendant, not only in this case, but in |
| 12:02:07PM | 9 | several cases -- |
| 12:02:07PM | 10 | THE COURT:  I think I just gave you your remedy. |
| 12:02:10PM | 11 | But contact Ms. Barrios.  She's going to set this up. |
| 12:02:14PM | 12 | I am ordering the parties to meet and confer within 15 days. |
| 12:02:19PM | 13 | Okay? |
| 12:02:20PM | 14 | MS. FISCHER:  Thank you, Your Honor. |
| 12:02:21PM | 15 | THE COURT:  All right.  Next case. |
| 12:02:23PM | 16 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:02:23PM | 17 | The next case is Lisa Minter.  This is the law firm |
| 12:02:28PM | 18 | of Carey Danis & Lowe, and the deficiency for this case is |
| 12:02:33PM | 19 | that there isn't a current after photo from within the past |
| 12:02:37PM | 20 | five years, and we believe that this is something that can be |
| 12:02:40PM | 21 | easily supplemented. |
| 12:02:42PM | 22 | THE COURT:  Okay.  Ms. Minter?  No.  I'm sorry. |
| 12:02:44PM | 23 | Who do I have?  Ms. Doles, are you on the phone? |
| 12:02:48PM | 24 | MS. DOLES:  Yes, Your Honor.  Good morning.  Sarah |
| 12:02:48PM | 25 | Doles with Carey Danis & Lowe. |

12:02:53PM 1      Ms. Minter provided various photographs from various

12:02:58PM 2 time frames, and for whatever reason, the current or the more

12:03:02PM 3 recent photographs did not upload when we uploaded all the

12:03:06PM 4 photographs on February 5th.  And we thought they had

12:03:14PM 5 uploaded on to MDL Centrality, and when we looked back, for

12:03:17PM 6 whatever reason, those photos did not.

12:03:18PM 7      So we uploaded two more this morning from 2018, and

12:03:21PM 8 we have more that will be uploading this afternoon.

12:03:25PM 9      THE COURT:  All right.  I'm going to give you seven

12:03:27PM 10 days to finalize that upload.  Okay?

12:03:29PM 11      Thank you.

12:03:30PM 12      MS. BRILLEAUX:  Thank you, Your Honor.

12:03:34PM 13      MR. INSOGNA:  Your Honor, the next case is with the

12:03:38PM 14 Dalimonte Rueb firm.  It's Reba Arends, 17-16214.

12:03:40PM 15      There are no authorizations submitted, no proof --

12:03:43PM 16 the proof of injury photographs are not dated, and there is a

12:03:48PM 17 deficiency notice served in July of '18 that has gotten no

12:03:51PM 18 response.

12:03:52PM 19      THE COURT:  Okay.  I have Chris Elliott.  I think.

12:03:55PM 20      I have you listed as counsel appearing or calling in.

12:04:01PM 21      MR. ELLIOTT:  Which case is this?

12:04:03PM 22      THE COURT:  Reba Arends?

12:04:05PM 23      MR. ELLIOTT:  Oh, for Dalimonte Rueb.

12:04:06PM 24      Actually, we cured that today is my understanding.

12:04:11PM 25 We filed a substantially complete updated Plaintiff Fact

12:04:16PM   1   Sheet.  We've uploaded before photos on 04/03 that are within

12:04:25PM   2   five years of treatment.  We've also uploaded the present-day

12:04:29PM   3   photo.  So we feel at this time we've cured it.

12:04:31PM   4            THE COURT:  Okay.  What about the authorization?

12:04:32PM   5            MR. ELLIOTT:  Authorizations?  Let's see.

12:04:41PM   6            Those had already been uploaded -- actually, those

12:04:45PM   7   were uploaded on 04/03 as well, April 3rd.

12:04:51PM   8            THE COURT:  All right.  I'm going to give you seven

12:04:52PM   9   days to confirm.

12:04:54PM  10            MR. INSOGNA:  Thank you, Your Honor.

12:04:54PM  11            MS. BRILLEAUX:  Thank you, Your Honor.

12:04:55PM  12            The next case I have is Sandie George.  She's

12:05:00PM  13   represented by Gori Julian & Associates.  And the issue with

12:05:03PM  14   this one is no after photos and no before photos.

12:05:08PM  15            THE COURT:  Okay.  Ms. Gabriel, are you on the line?

12:05:12PM  16            MS. GABRIEL:  Yes, Your Honor.  This is Amy Gabriel

12:05:14PM  17   on behalf of Ms. George.

12:05:20PM  18            I do want to let the Court know and defense counsel

12:05:24PM  19   know my assistant actually talked with Ms. George a couple of

12:05:27PM  20   times this week and this morning while I was on this call

12:05:30PM  21   earlier.  And she did e-mail some additional after photos as

12:05:34PM  22   well as let us know that the after photo that we uploaded

12:05:38PM  23   earlier this week on Centrality was, in fact, an after photo.

12:05:41PM  24   There was not a date on that.  And so I didn't feel

12:05:46PM  25   comfortable, you know, putting any sort of time frame on

OFFICIAL TRANSCRIPT

Page 16

```
12:05:48PM   1   that, but she confirmed that that was from August of 2018.

12:05:51PM   2        And then I e-mailed the additional photos to the

12:05:57PM   3   defense counsel group, but, again, that was while this

12:05:59PM   4   hearing has been going on.  So it's probably -- those have

12:06:02PM   5   not been observed yet, but there are additional photos that

12:06:05PM   6   we have received from Ms. George.

12:06:07PM   7        THE COURT:  Do you have your before photos as well?

12:06:09PM   8        MS. GABRIEL:  And that's the issue, Your Honor.  We

12:06:12PM   9   have requested multiple times before photos, and as the Court

12:06:17PM  10   noted at the beginning of the hearing today, those seem to be

12:06:20PM  11   something I should be able to obtain pretty easily from

12:06:24PM  12   Ms. George.

12:06:24PM  13        And so, Your Honor, if there's any way that I could

12:06:26PM  14   get an additional seven days in which to explain to her that

12:06:29PM  15   that is required and has been required from you and that we

12:06:32PM  16   must provide something --

12:06:34PM  17        THE COURT:  Okay.  This is what I'm going to give

12:06:35PM  18   you, Ms. Gabriel.

12:06:35PM  19        MS. GABRIEL:  -- to show how she looked before --

12:06:37PM  20        THE COURT:  She's got seven days to upload before and

12:06:40PM  21   after photos or her case will be dismissed.  So you should

12:06:44PM  22   advise her she needs to take care of that.

12:06:51PM  23        Thank you.

12:06:51PM  24        MS. GABRIEL:  I will, Your Honor.  Thank you very

12:06:52PM  25   much.
```

| | | |
|---|---|---|
| 12:06:52PM | 1 | MS. BRILLEAUX:  And, Your Honor, just to clarify, we |
| 12:06:56PM | 2 | would also ask that the photos that are uploaded have dates. |
| 12:06:59PM | 3 | THE COURT:  Sure. |
| 12:07:00PM | 4 | MS. BRILLEAUX:  Thank you. |
| 12:07:02PM | 5 | MS. GABRIEL:  Will do.  Thank you. |
| 12:07:02PM | 6 | THE COURT:  Okay. |
| 12:07:03PM | 7 | MS. BRILLEAUX:  Okay.  The next case that I have is |
| 12:07:08PM | 8 | Deborah Edwards represented by Kennedy Hodges. |
| 12:07:11PM | 9 | The deficiency for this one is no proof of use.  And, |
| 12:07:15PM | 10 | in fact, CMO 12 product identification has been submitted, |
| 12:07:19PM | 11 | but it reflects taxol use rather than docetaxel.  And so we |
| 12:07:24PM | 12 | believe that this should be dismissed with prejudice from |
| 12:07:27PM | 13 | this litigation. |
| 12:07:29PM | 14 | THE COURT:  Okay.  Mr. Green? |
| 12:07:32PM | 15 | MR. GREEN:  Yes, Your Honor.  Donald Green for the |
| 12:07:34PM | 16 | plaintiff. |
| 12:07:35PM | 17 | So we have two sets of records, and we're currently |
| 12:07:38PM | 18 | trying to obtain additional records.  We have records from |
| 12:07:41PM | 19 | the oncologist that shows that Ms. Edwards was going to be |
| 12:07:48PM | 20 | put on the Taxotere regimen for every three weeks, and that |
| 12:07:52PM | 21 | treatment was to be done at the hospital -- let me give you |
| 12:07:56PM | 22 | the name of it real quick.  So University Hospital in |
| 12:08:01PM | 23 | Augusta, Georgia. |
| 12:08:03PM | 24 | And we've got records on order from that hospital |
| 12:08:07PM | 25 | that correlate with that time frame from the oncology |

12:08:09PM   1   records, and those have been on order since January with our

12:08:12PM   2   third-party record retrieval company.  And we've tried

12:08:17PM   3   escalating that, moving that along, and we have not received

12:08:20PM   4   those records yet.

12:08:21PM   5        MS. BRILLEAUX:  And, Your Honor, respectfully, we

12:08:22PM   6   have records that show the use of another chemotherapy agent

12:08:26PM   7   and what --

12:08:26PM   8        THE COURT:  Where did those records come from?

12:08:29PM   9        MS. BARRIOS:  What's the source of those records?

12:08:31PM  10        THE COURT:  Because he's saying that she received

12:08:34PM  11   chemotherapy at University Hospital, but --

12:08:35PM  12        MS. BRILLEAUX:  My notes show that it was on page 102

12:08:41PM  13   of the CMO 12 documents.  I'm not familiar with all the

12:08:46PM  14   facilities for which plaintiff submitted records.  But we

12:08:49PM  15   have -- what counsel was referring to, what he was speaking

12:08:52PM  16   on, this is a prechemotherapy action plan, which doesn't show

12:08:57PM  17   that Taxotere was actually administered, and we actually have

12:09:00PM  18   a medical record that has been uploaded to MDL

12:09:03PM  19   Centrality showing another one --

12:09:03PM  20        THE COURT:  No, I understand that.

12:09:04PM  21        But I think what I've heard from Mr. Green -- and,

12:09:08PM  22   certainly, Mr. Green, please weigh in -- is that they have

12:09:13PM  23   not received the records from University Hospital where she

12:09:15PM  24   was administered chemotherapy as well.  So I don't know.

12:09:18PM  25        Were there two infusion centers that she visited,

| | | |
|---|---|---|
| 12:09:21PM | 1 | Mr. Green?  Do you know? |
| 12:09:23PM | 2 | MR. GREEN:  So from what I know, from the records, |
| 12:09:28PM | 3 | the infusions were done back at the hospital, and the records |
| 12:09:34PM | 4 | that we did upload from the hospital already, that's from |
| 12:09:36PM | 5 | before that period from when she was first diagnosed and when |
| 12:09:41PM | 6 | she underwent treatment immediately after diagnosis.  I don't |
| 12:09:45PM | 7 | believe we have records that correlate with the treatment |
| 12:09:48PM | 8 | that the oncology records reference. |
| 12:09:52PM | 9 | THE COURT:  Okay.  So she underwent two separate -- |
| 12:09:52PM | 10 | MS. BARRIOS:  Infusions. |
| 12:09:55PM | 11 | THE COURT:  -- treatments? |
| 12:09:56PM | 12 | I mean, was she -- |
| 12:09:59PM | 13 | MR. GREEN:  What page was that from the record that |
| 12:10:02PM | 14 | you were citing?  You said 102? |
| 12:10:04PM | 15 | MS. BRILLEAUX:  That's correct, Counsel. |
| 12:10:06PM | 16 | MR. GREEN:  I have them here.  Let me check real |
| 12:10:09PM | 17 | quick. |
| 12:10:10PM | 18 | MS. BARRIOS:  Your Honor, I will be happy to |
| 12:10:13PM | 19 | intervene and work with him and figure it out. |
| 12:10:14PM | 20 | THE COURT:  Let's do this:  I'm going to ask you all |
| 12:10:17PM | 21 | within the next 15 days to review and work out what the issue |
| 12:10:21PM | 22 | is. |
| 12:10:22PM | 23 | I'm going to ask Ms. Barrios to meet with Mr. Green |
| 12:10:26PM | 24 | and then work with Ms. Brilleaux to see if we can resolve |
| 12:10:34PM | 25 | this. |

| | | |
|---|---|---|
| 12:10:34PM | 1 | MS. BRILLEAUX:  Yes, ma'am. |
| 12:10:36PM | 2 | THE COURT:  Thank you. |
| 12:10:37PM | 3 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:10:37PM | 4 | MR. GREEN:  Thank you, Your Honor. |
| 12:10:39PM | 5 | MR. INSOGNA:  Your Honor, the next case is Betty |
| 12:10:42PM | 6 | Neely represented by the Kirkendall Dwyer firm, 18-04926. |
| 12:10:45PM | 7 | We have no proof of injury documentation.  The only |
| 12:10:49PM | 8 | authorizations we've received are an employment and a HIPAA |
| 12:10:54PM | 9 | authorization.  There's no PTO 71 certification regarding ESI |
| 12:10:59PM | 10 | responsibilities. |
| 12:10:59PM | 11 | THE COURT:  Okay. |
| 12:11:00PM | 12 | MS. MCNABB:  This is Candice McNabb on behalf of |
| 12:11:05PM | 13 | Ms. Neely. |
| 12:11:07PM | 14 | We uploaded everything -- |
| 12:11:09PM | 15 | THE COURT:  I'm having trouble understanding you, |
| 12:11:11PM | 16 | ma'am. |
| 12:11:12PM | 17 | MS. MCNABB:  We uploaded -- we uploaded everything |
| 12:11:15PM | 18 | that was deficient on 04/02, and so we believe we've given |
| 12:11:26PM | 19 | everything at this point. |
| 12:11:26PM | 20 | THE COURT:  Okay.  I'm going to grant seven days to |
| 12:11:29PM | 21 | confirm that. |
| 12:11:30PM | 22 | Thank you. |
| 12:11:33PM | 23 | MS. MCNABB:  Okay.  Thank you. |
| 12:11:34PM | 24 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:11:35PM | 25 | The next case we have is Karen Jones represented by |

| | | |
|---|---|---|
| 12:11:38PM | 1 | Lemmon Law Firm and also Liska, Exnicios & Nungesser. |
| 12:11:42PM | 2 | This deficiency is for no PFS submitted. |
| 12:11:49PM | 3 | THE COURT:  Mr. Exnicios. |
| 12:11:52PM | 4 | MR. EXNICIOS:  Good morning, Your Honor. |
| 12:11:52PM | 5 | THE COURT:  Good morning. |
| 12:11:52PM | 6 | MR. EXNICIOS:  Not only has the Plaintiff Fact Sheet |
| 12:11:57PM | 7 | been submitted for this particular plaintiff, three of them |
| 12:11:58PM | 8 | have, before and after photos filed.  We frankly notified |
| 12:12:04PM | 9 | defendants of the fact that the initial Plaintiff Fact Sheet |
| 12:12:07PM | 10 | was January 29th of '19 -- 2019, before and after photos |
| 12:12:12PM | 11 | filed March the 6th, 2019; first amended PFS filed 03/12/19, |
| 12:12:20PM | 12 | all as reflected on MDL Centrality. |
| 12:12:23PM | 13 | We sent an e-mail to counsel for sanofi advising them |
| 12:12:27PM | 14 | that their inclusion of Ms. Jones on their list was in error |
| 12:12:32PM | 15 | almost two weeks ago.  I again advised Ms. Brilleaux and |
| 12:12:40PM | 16 | Mr. Moore this morning that Ms. Jones was apparently |
| 12:12:43PM | 17 | mistakenly included on the PFS, but nonetheless was advised |
| 12:12:48PM | 18 | by Ms. Brilleaux that she would deal with it when it came up |
| 12:12:51PM | 19 | on the call docket before you this morning. |
| 12:12:53PM | 20 | THE COURT:  Okay.  What I'm going to do is grant |
| 12:12:55PM | 21 | seven days to confirm.  If there's any problem -- |
| 12:12:57PM | 22 | MS. BRILLEAUX:  Your Honor, I think I can shed a |
| 12:12:59PM | 23 | little bit of light on what may have happened here. |
| 12:13:02PM | 24 | There was a PFS uploaded that had another plaintiff's |
| 12:13:08PM | 25 | name and docket number on it.  I don't know if it was just a |

12:13:09PM   **1**    typo or inadvertent error.  But we certainly can't take a PFS

12:13:14PM   **2**    with another woman's name and another docket number on it and

12:13:17PM   **3**    accept it for what it purports to be.

12:13:18PM   **4**         We have -- the name on it is Diane Gibson-Cross, and

12:13:21PM   **5**    the docket number is 17-17275.  Of course, this is for Karen

12:13:25PM   **6**    Jones, 18-10950.  If it is just a simple typo, we ask that

12:13:31PM   **7**    that be corrected within seven days, but we obviously can't

12:13:34PM   **8**    accept that as --

12:13:35PM   **9**         THE COURT:  All three of them had the wrong --

12:13:37PM  **10**         MR. EXNICIOS:  If Your Honor please, I just looked at

12:13:40PM  **11**    MDL Centrality on my phone.  Under 18-10950 --

12:13:40PM  **12**         MS. BRILLEAUX:  Oh, yes.

12:13:46PM  **13**         MR. EXNICIOS:  -- are representations that I've made

12:13:47PM  **14**    to you, and it's 18-10950, Karen Jones, that's on your call

12:13:53PM  **15**    docket as no PFS filed.  We filed three of them.

12:13:56PM  **16**         MS. BRILLEAUX:  Counsel, what I would ask is, if you

12:13:58PM  **17**    pull up the PFS, does it show the name and docket number of a

12:14:01PM  **18**    different plaintiff, which is perhaps an inadvertent typo?

12:14:11PM  **19**         THE COURT:  Can you do that, Sam?

12:14:11PM  **20**         THE LAW CLERK:  Yes.

12:14:11PM  **21**         THE COURT:  Where are you?

12:14:11PM  **22**         THE LAW CLERK:  Right here.

12:14:11PM  **23**         THE COURT:  All right.  Let's pass this one.  Let me

12:14:14PM  **24**    get Sam to pull it up.  Because if it's a typo, that can be

12:14:14PM  **25**    fixed in seven days.

| | | |
|---|---|---|
| 12:14:14PM | 1 | MS. BRILLEAUX:  Yes, Your Honor. |
| 12:14:14PM | 2 | THE COURT:  But let's just see if it needs to go |
| 12:14:18PM | 3 | completely off my list. |
| 12:14:18PM | 4 | All right.  Thank you. |
| 12:14:20PM | 5 | MR. EXNICIOS:  Thank you, Your Honor. |
| 12:14:24PM | 6 | MR. INSOGNA:  Your Honor, the next case is Pamela |
| 12:14:28PM | 7 | Johnson-Perry represented by Atkins & Markoff, 17-14386. |
| 12:14:30PM | 8 | We have no before photographs, no PTO 71 statement, |
| 12:14:36PM | 9 | and no health insurance authorization or Workers' |
| 12:14:41PM | 10 | Compensation or disability authorization. |
| 12:14:43PM | 11 | THE COURT:  All right.  And this is Ms. Hanlon?  Are |
| 12:14:46PM | 12 | you on the phone? |
| 12:14:46PM | 13 | MS. HANLON:  Yes, Your Honor, Ms. Hanlon's on the |
| 12:14:49PM | 14 | phone for the plaintiff. |
| 12:14:50PM | 15 | We submitted all those items this morning.  I |
| 12:14:53PM | 16 | apologize it was late, but they're all in MDL Centrality |
| 12:14:56PM | 17 | right now. |
| 12:14:56PM | 18 | THE COURT:  Okay.  I'm going to grant seven days -- |
| 12:14:56PM | 19 | MR. INSOGNA:  Thank you, Your Honor. |
| 12:14:58PM | 20 | THE COURT:  -- for you to confirm that, and let me |
| 12:15:00PM | 21 | know if you have any problems. |
| 12:15:02PM | 22 | MS. HANLON:  Thank you. |
| 12:15:04PM | 23 | THE COURT:  All right.  Next. |
| 12:15:05PM | 24 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:15:06PM | 25 | The next one that we have is Marcia Williams |

```
12:15:11PM   1    represented by the Finson Law Firm.

12:15:14PM   2         This is no after photos and no before photos.  I do

12:15:18PM   3    have a note in my file --

12:15:19PM   4         MR. FINSON:  Lowell Finson on the phone for the

12:15:19PM   5    plaintiff.

12:15:33PM   6         I had spoken --

12:15:33PM   7         THE COURT:  Wait.  Wait.  Could I get -- could I get

12:15:33PM   8    your name, please?

12:15:33PM   9         MR. FINSON:  Lowell, L-o-w-e-l-l; last name, Finson,

12:15:33PM  10    "F", like in Frank, i-n-s-o-n.

12:15:34PM  11         THE COURT:  Thank you, Mr. Finson.

12:15:36PM  12         MR. FINSON:  Anyway, to cut to the chase, this case

12:15:38PM  13    can be dismissed with prejudice.  We were filing it this

12:15:40PM  14    morning, and it hadn't yet been filed.  But this case -- this

12:15:44PM  15    case can certainly be dismissed with prejudice.

12:15:46PM  16         THE COURT:  All right.  This matter's dismissed with

12:15:48PM  17    prejudice.

12:15:49PM  18         MS. BRILLEAUX:  Thank you, Your Honor.

12:15:50PM  19         The next case I have is also with the Finson Law

12:15:54PM  20    Firm.  This is another case, Your Honor, just like the one

12:15:57PM  21    that we spoke about earlier.

12:15:59PM  22         The issue is no proof of use and no CMO 12 steps

12:16:04PM  23    taken.  And, again, this is a case where a lot of documents

12:16:07PM  24    have been submitted, but it is -- it's a taxol case.  It's

12:16:12PM  25    not a docetaxel case based on the records we've seen.
```

| | | |
|---|---|---|
| 12:16:15PM | 1 | THE COURT:  Okay.  Mr. Finson? |
| 12:16:16PM | 2 | MR. FINSON:  Same thing, Your Honor.  This can be |
| 12:16:18PM | 3 | dismissed with prejudice.  And I apologize for the delay on |
| 12:16:20PM | 4 | this one. |
| 12:16:20PM | 5 | THE COURT:  All right.  This matter's dismissed with |
| 12:16:22PM | 6 | prejudice. |
| 12:16:23PM | 7 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:16:24PM | 8 | MR. FINSON:  Thank you, Your Honor. |
| 12:16:27PM | 9 | MR. INSOGNA:  Your Honor, the next case is Nelda |
| 12:16:29PM | 10 | Hastings with The Mulligan Law Firm, 17-16312. |
| 12:16:31PM | 11 | No proof of injury documentation and no response to a |
| 12:16:36PM | 12 | deficiency notice sent in December of 2018. |
| 12:16:40PM | 13 | THE COURT:  Mr. Orr, you on the phone? |
| 12:16:43PM | 14 | MR. ORR:  Yes, Your Honor. |
| 12:16:44PM | 15 | Ms. Hastings passed and the rep with whom we were |
| 12:16:49PM | 16 | working passed.  We have -- we -- despite diligent effort not |
| 12:16:54PM | 17 | been able to locate someone else to substitute in.  So we are |
| 12:16:56PM | 18 | unable to cure the deficiencies and therefore have no basis |
| 12:17:00PM | 19 | to oppose dismissal. |
| 12:17:02PM | 20 | THE COURT:  This matter's dismissed with prejudice. |
| 12:17:04PM | 21 | Thank you. |
| 12:17:04PM | 22 | MR. INSOGNA:  Thank you, Your Honor. |
| 12:17:05PM | 23 | The next case is also with The Mulligan Law Firm, |
| 12:17:07PM | 24 | Deborah Nystrom, 17-16374. |
| 12:17:10PM | 25 | We have no proof of injury documentation and no |

12:17:14PM  1    declaration.

12:17:16PM  2         MR. ORR:  Your Honor, on this one, we have attempted

12:17:19PM  3    every manner of reaching Ms. Nystrom that we can, phone

12:17:24PM  4    calls, letters, e-mails, text messages, and we have just not

12:17:29PM  5    gotten anything back from her, no response.  So we have no

12:17:32PM  6    basis to oppose.

12:17:33PM  7         THE COURT:  This matter's dismissed with prejudice.

12:17:35PM  8         In the future, Mr. Orr, anyone who's on the phone, if

12:17:37PM  9    you're unable to contact your client, we have declarations

12:17:40PM  10   that you can file so you don't have -- the name doesn't

12:17:44PM  11   necessarily have to be on the call docket.  We handle that

12:17:48PM  12   through another mechanism.  Okay?

12:17:50PM  13        Thank you.

12:17:51PM  14        MR. ORR:  Yes, Your Honor.

12:17:52PM  15        MS. BRILLEAUX:  Your Honor, the next case we have is

12:17:55PM  16   Teresa Buck represented by Cutter Law.

12:17:56PM  17        This is no PFS submitted, and I do believe this may

12:17:59PM  18   be a dual representation issue with another firm.

12:18:04PM  19        THE COURT:  Ms. Domer, are you on the phone?

12:18:06PM  20        MS. DOMER:  Yes, Your Honor.  I can confirm I believe

12:18:12PM  21   that is also correct.

12:18:12PM  22        When we tried to submit the fact sheet after

12:18:16PM  23   conferring with plaintiff, MDL Centrality indicated that a

12:18:17PM  24   PFS had already been submitted for that client.

12:18:20PM  25        We gave her a call, and her understanding or her

—— OFFICIAL TRANSCRIPT ——

Page 27

```
12:18:22PM  1   thought, I suppose, was that the previous firm no longer

12:18:25PM  2   represented her.  We've contacted the firm and left a

12:18:28PM  3   message, but I have not been able to confirm either way.

12:18:34PM  4        THE COURT:  Okay.  I'm going to give you seven days

12:18:36PM  5   to figure this out.  I think you're going to need to talk to

12:18:40PM  6   someone, and we need to work out the dual representation.

12:18:45PM  7        MS. BRILLEAUX:  Your Honor, just to get this on the

12:18:46PM  8   record, my notes do show that the other file -- the other

12:18:49PM  9   firm is Bachus & Schanker.

12:18:49PM  10       MS. DOMER:  Yeah.

12:18:53PM  11       MS. BRILLEAUX:  I'm not sure if they're able to

12:18:55PM  12  address that today, but it seems like something we may be

12:18:59PM  13  able to work out.

12:19:00PM  14       THE COURT:  Who's here for Bachus & Schanker?

12:19:05PM  15       Do you have anything for Teresa Buck?

12:19:07PM  16       MR. ELLIOTT:  I don't have any information on her

12:19:09PM  17  right now.  I'd have to gather --

12:19:09PM  18       THE COURT:  Excuse me?

12:19:10PM  19       MR. ELLIOTT:  I don't have any information on her.

12:19:13PM  20  I'd have to get with my office and find out what's going on.

12:19:16PM  21       THE COURT:  All right.  Well, you have seven days to

12:19:18PM  22  work through that with Ms. Domer.

12:19:18PM  23       MR. ELLIOTT:  Okay.  No problem.

12:19:18PM  24       THE COURT:  Okay.  Thank you.

12:19:21PM  25       MS. DOMER:  Thank you, Your Honor.
```

12:19:21PM **1**          MS. BRILLEAUX:  Thank you, Your Honor.

12:19:22PM **2**          Also with Cutter Law, I have Alora Harrison.

12:19:28PM **3**          This is no after photos.  The before photos are not

12:19:31PM **4** dated and we have no authorizations.

12:19:34PM **5**          MS. DOMER:  Yes, Your Honor.

12:19:35PM **6**          We just heard back from plaintiff, apologies in the

12:19:40PM **7** delay.  She did send back dates for the before photos.  They

12:19:44PM **8** were uploaded this morning.  She did not provide those

12:19:46PM **9** authorizations yet, so I would respectfully request time to

12:19:49PM **10** follow up with her since she had at least been responsive

12:19:52PM **11** with those before photo dates.

12:19:54PM **12**          THE COURT:  Court's going to grant you 15 days to

12:19:56PM **13** complete everything.

12:19:57PM **14**          Thank you.

12:19:58PM **15**          MS. DOMER:  Thank you, Your Honor.

12:20:00PM **16**          MS. BRILLEAUX:  And, Your Honor, just to clarify,

12:20:02PM **17** that will include the authorizations, the after photos, and

12:20:05PM **18** dates for the before photos?

12:20:07PM **19**          THE COURT:  Yes, everything.

12:20:07PM **20**          MS. BRILLEAUX:  Thank you.

12:20:08PM **21**          The next case I have -- I think this is the last one

12:20:11PM **22** for Cutter Law -- is Robbin Jackson.

12:20:14PM **23**          This is an issue, no dates on the before photos that

12:20:17PM **24** have been uploaded to MDL Centrality.

12:20:21PM **25**          MS. DOMER:  Yes.  So while we were to comply with the

12:20:24PM  **1**   previous deficiency, the PTO 71 authorization verification,

12:20:26PM  **2**   and an amended PFS for the deficiencies, we've been following

12:20:31PM  **3**   up with the plaintiff since we realized the only thing she

12:20:34PM  **4**   has not responded with was the date of the before photos she

12:20:38PM  **5**   had submitted.  So I would respectfully request additional

12:20:39PM  **6**   time since she has been compliant and responsive, just that

12:20:42PM  **7**   was the one thing she had not provided.

12:20:44PM  **8**           THE COURT:  So it's just --

12:20:46PM  **9**           MS. BRILLEAUX:  Your Honor, seven days.

12:20:48PM  **10**          THE COURT:  -- dates for the photos?

12:20:48PM  **11**          Okay.  Seven days.

12:20:49PM  **12**          MS. DOMER:  Thank you, Your Honor.

12:20:53PM  **13**          MS. BRILLEAUX:  Thank you, Your Honor.

12:20:54PM  **14**          The next case that I have is Friella Mcgee

12:20:59PM  **15**  represented by Gomez Trial Attorneys.

12:21:02PM  **16**          THE COURT:  Okay.  We have -- Ms. Stevens, are you on

12:21:03PM  **17**  the phone?

12:21:05PM  **18**          MS. STEVENS:  Good morning, Your Honor, Lindsay

12:21:07PM  **19**  Stevens on behalf of Ms. Mcgee.

12:21:10PM  **20**          We did have before photos uploaded to MDL Centrality.

12:21:12PM  **21**  We re-uploaded them on March 29, 2019.

12:21:16PM  **22**          Candidly, Your Honor, our plaintiff has been pretty

12:21:18PM  **23**  unresponsive.  We were able to get her on the phone to

12:21:21PM  **24**  confirm that these photos were before her treatment date, and

12:21:25PM  **25**  she was going to do some additional research, try and get a

-------- OFFICIAL TRANSCRIPT --------

| | | |
|---|---|---|
| 12:21:30PM | 1 | date for the photos.  We followed up with her several times |
| 12:21:35PM | 2 | last week and yesterday, and we haven't heard back from her |
| 12:21:38PM | 3 | on the date of the photos. |
| 12:21:39PM | 4 | MS. BRILLEAUX:  We would ask for the date to be added |
| 12:21:41PM | 5 | within seven days. |
| 12:21:42PM | 6 | THE COURT:  Seven days. |
| 12:21:42PM | 7 | MS. STEVENS:  Thank you, Your Honor. |
| 12:21:43PM | 8 | THE COURT:  And you need to tell her -- |
| 12:21:45PM | 9 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:21:46PM | 10 | THE COURT:  -- she's got to get this done. |
| 12:21:46PM | 11 | All right.  Just a minute. |
| 12:21:48PM | 12 | Sam, how are you coming? |
| 12:21:49PM | 13 | THE LAW CLERK:  So they all say Karen Jones, but they |
| 12:21:52PM | 14 | all have a different number than the one listed here.  So I |
| 12:21:55PM | 15 | am kind of confused on what's going on. |
| 12:21:59PM | 16 | THE COURT:  Mr. Exnicios, why don't see if you can -- |
| 12:22:02PM | 17 | you all can figure this out. |
| 12:21:59PM | 18 | MR. EXNICIOS:  Thank you, Your Honor. |
| 12:22:04PM | 19 | MS. BRILLEAUX:  Do you want us to proceed? |
| 12:22:13PM | 20 | THE COURT:  Why don't you do this; see what the |
| 12:22:13PM | 21 | problem is. |
| 12:22:13PM | 22 | Is that yours? |
| 12:22:15PM | 23 | MS. BRILLEAUX:  It is mine. |
| 12:22:15PM | 24 | THE COURT:  Well, that's okay. |
| 12:22:16PM | 25 | MS. BRILLEAUX:  I trust Nick's capable hands. |

OFFICIAL TRANSCRIPT

12:22:20PM **1**        Okay.  So now we have several from Baron & Budd, and

12:22:24PM **2** before we go through them, it's always my preference to go in

12:22:28PM **3** order, but just to let you know, there were one, two -- four

12:22:30PM **4** documents that were filed this morning while we've been in

12:22:33PM **5** this room.  So I will recognize those as we -- as we go

12:22:36PM **6** through them, but they are coming.

12:22:38PM **7**        THE COURT:  Okay.  Thank you.

12:22:41PM **8**        MS. BRILLEAUX:  The first case on the list for Baron

12:22:43PM **9** & Budd is Darlene Brown.

12:22:48PM **10**        The issue here is no proof of use.  And also just for

12:22:51PM **11** the record the photos that we have are not dated, no CMO 12

12:22:55PM **12** process and no PTO 71 ESI certification.

12:23:00PM **13**        THE COURT:  Okay.  Ms. Benton?

12:23:02PM **14**        MS. BENTON:  Yes, Your Honor.

12:23:05PM **15**        Ms. Brown has been intermittent at best in her

12:23:09PM **16** communication, but she was responsive last week and notified

12:23:11PM **17** us that she was going to provide the requested information.

12:23:15PM **18** Unfortunately, that communication has fallen off up until the

12:23:22PM **19** point of this conversation and this hearing.  And so,

12:23:26PM **20** unfortunately, at this time, we do not have dates for the

12:23:28PM **21** photographs.

12:23:28PM **22**        The ESI letter that she submitted to our office was

12:23:31PM **23** not properly completed for upload.  We did receive

12:23:34PM **24** authorizations of her witness for upload and uploaded those

12:23:36PM **25** to MDL Centrality.

| | | |
|---|---|---|
| 12:23:37PM | 1 | And as far as the proof of use, we are going back and |
| 12:23:41PM | 2 | forth with her infusion facility, Eastside Medical, in trying |
| 12:23:45PM | 3 | to get that information.  She's been going back and forth |
| 12:23:48PM | 4 | with them. |
| 12:23:49PM | 5 | We placed orders back in 2018.  We placed orders in |
| 12:23:53PM | 6 | 2019.  She's requested them.  And so we're working through |
| 12:23:56PM | 7 | this process where they tell us they have the NDC codes, but |
| 12:24:00PM | 8 | we're not getting them in the records they provide. |
| 12:24:03PM | 9 | THE COURT:  Okay.  This is what I'm going to do, |
| 12:24:06PM | 10 | Ms. Benton.  I'm going to ask you to confer with liaison |
| 12:24:10PM | 11 | counsel about just the problems with CMO 12. |
| 12:24:11PM | 12 | As to the remaining items, I'm going to give you |
| 12:24:15PM | 13 | seven days to get those in. |
| 12:24:19PM | 14 | MS. BENTON:  Yes, Your Honor.  Thank you. |
| 12:24:19PM | 15 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:24:19PM | 16 | The next one -- |
| 12:24:21PM | 17 | THE COURT:  Wait.  Before we go, do we have -- |
| 12:24:24PM | 18 | Mr. EXNICIOS:  Yeah, Your Honor. |
| 12:24:25PM | 19 | I think the issue is -- and I don't know whether it's |
| 12:24:28PM | 20 | with Jake, we need to talk with him on a case number, or it |
| 12:24:29PM | 21 | was Andrew Lemmon -- Andrew's mistake with that.  Basically, |
| 12:24:33PM | 22 | it's just a -- if so -- |
| 12:24:34PM | 23 | THE COURT:  All right.  So throw Andrew under the |
| 12:24:40PM | 24 | bus. |
| 12:24:40PM | 25 | MR. EXCINIOS:  Judge, I'm going to have his mom, |

```
12:24:43PM   1    like, doing team work.  If I have to be here for two hours,
12:24:45PM   2    if Andrew made the mistake, he will pay for it one way or
12:24:47PM   3    another.  But we'll get with Jake and/or Andrew.  All the
12:24:51PM   4    data is up.  It's just a difference with a case number.  It's
12:24:54PM   5    all there.
12:24:54PM   6          THE COURT:  That should be easy enough to fix.  I'm
12:24:56PM   7    going to give you seven days to get that done.
12:24:59PM   8          MS. BRILLEAUX:  Thank you, Your Honor.
12:24:59PM   9          THE COURT:  Thank you.
12:25:01PM  10          Okay.  Tonia Chavis?
12:25:04PM  11          MS. BRILLEAUX:  Your Honor, this is also Baron &
12:25:08PM  12    Budd.  It is no after photos and no PTO 71.
12:25:12PM  13          And just a point of clarification, we have one after
12:25:14PM  14    photo that has been provided.  However, it's from only two
12:25:19PM  15    months after chemotherapy.  As you know, this is a case that
12:25:21PM  16    involves permanent or persistent alopecia.  And so what we
12:25:26PM  17    are asking for is something that postdates that.
12:25:29PM  18          THE COURT:  Ms. Benton?
12:25:30PM  19          MS. BENTON:  Yes, Your Honor.  And we're happy to
12:25:32PM  20    provide that.
12:25:33PM  21          We spoke with Ms. Chavis and she informed us that she
12:25:39PM  22    was recently involved in a really bad car accident.  She's
12:25:41PM  23    been trying to go through physical therapy for the last month
12:25:44PM  24    and a half.  And so she's been difficult to get ahold of, but
12:25:45PM  25    we are happy to cure that if provided the opportunity.
```

12:25:48PM 1       THE COURT:  Okay.  I'm going to grant 15 days.  If

12:25:51PM 2  for some reason her medical condition creates problems, I'm

12:25:55PM 3  going to request certainly that you contact -- should she

12:25:59PM 4  contact you?  How does this work?

12:26:00PM 5       MS. BARRIOS:  She can contact me.

12:26:03PM 6       THE COURT:  Contact liaison counsel and she'll --

12:26:03PM 7       MS. BENTON:  Yes, Your Honor.

12:26:06PM 8       THE COURT:  -- take care of it.

12:26:07PM 9       Thank you.

12:26:10PM 10      MR. INSOGNA:  Your Honor, the next case also with the

12:26:12PM 11  Baron & Budd firm is Deborah Collins.

12:26:14PM 12      We have no proof of injury documentation, no

12:26:17PM 13  declaration, no authorizations, and no PTO 71 statement.

12:26:20PM 14      THE COURT:  Okay.  Ms. Benton?

12:26:24PM 15      MS. BENTON:  A declaration was filed.  We apologize

12:26:27PM 16  for the lateness of that.  It can be dismissed.

12:26:28PM 17      THE COURT:  The case can be dismissed?

12:26:31PM 18      Okay.  This matter's dismissed with prejudice.

12:26:32PM 19      MS. BENTON:  We filed a declaration, and we were past

12:26:35PM 20  the deadline.  We do apologize about that.

12:26:35PM 21      THE COURT:  Thank you.

12:26:38PM 22      Okay.  Mary Curleymorabito?

12:26:41PM 23      MS. BRILLEAUX:  Your Honor, this case -- I want to

12:26:44PM 24  preface this a little bit.  The deficiency with this is no

12:26:46PM 25  CMO 12, and I want to distinguish that from what you may

12:26:50PM   1   think I mean.

12:26:51PM   2         We're not talking about a lack of product ID

12:26:54PM   3   obviously.  But as you know, CMO 12A sets forth certain

12:26:58PM   4   procedures and obligations that all the parties are required

12:27:01PM   5   to undergo.  And in this case, we have gotten absolutely no

12:27:06PM   6   CMO 12 process.  Plaintiffs are obligated to notify

12:27:11PM   7   defendants that they are in the process of trying to obtain

12:27:14PM   8   product ID, and this case has been pending for some time and

12:27:19PM   9   since 2018.  And we have not gotten any indication that they

12:27:22PM  10   have attempted to obtain product ID.

12:27:26PM  11         THE COURT:  Okay.  Ms. Benton?

12:27:28PM  12         MS. BENTON:  We have absolutely been working on

12:27:30PM  13   obtaining product ID.  We've uploaded medical records to

12:27:35PM  14   indicate the docetaxel usage.  We have been going back and

12:27:37PM  15   forth with the facility and with the client.

12:27:40PM  16         As far as requesting subpoenas and things of that

12:27:43PM  17   nature, we have not gotten to that point yet because the

12:27:47PM  18   facility has still been responsive and working with us in

12:27:50PM  19   trying to obtain that information.

12:27:51PM  20         MS. BRILLEAUX:  And, Your Honor, we would remind

12:27:54PM  21   counsel of the obligations to notify defendants of their

12:27:57PM  22   point in the process which is very clearly set forth in CMO

12:28:00PM  23   12A, and that is why this is on the list.

12:28:02PM  24         THE COURT:  Okay.  Ms. Benton, I think you need to

12:28:07PM  25   contact defense counsel because there's been -- and follow

─── OFFICIAL TRANSCRIPT ───

Page 36

| | | |
|---|---|---|
| 12:28:12PM | 1 | CMO 12 to the letter.  If you have any questions about it, |
| 12:28:16PM | 2 | you should contact liaison counsel. |
| 12:28:19PM | 3 | MS. BENTON:  Understood.  Thank you, Your Honor.  I |
| 12:28:21PM | 4 | will call. |
| 12:28:22PM | 5 | MS. BRILLEAUX:  The next case is also with Baron & |
| 12:28:24PM | 6 | Budd.  It's Ronda Dalton.  We don't have any after photos. |
| 12:28:29PM | 7 | THE COURT:  Okay.  Ms. Benton? |
| 12:28:30PM | 8 | MS. BENTON:  We are working with our client to get |
| 12:28:31PM | 9 | that information.  She has been difficult to reach, but she |
| 12:28:36PM | 10 | was previously reachable where -- we would request seven days |
| 12:28:41PM | 11 | to try to get that information uploaded to MDL Centrality for |
| 12:28:45PM | 12 | defense counsel. |
| 12:28:46PM | 13 | MS. BRILLEAUX:  Your Honor, this case has been |
| 12:28:48PM | 14 | pending since June of 2018, and we would ask when counsel |
| 12:28:53PM | 15 | last had contact with their client. |
| 12:28:55PM | 16 | MS. BENTON:  Sure.  I can pull that up.  Give me one |
| 12:28:58PM | 17 | second. |
| 12:28:58PM | 18 | THE COURT:  I'm going to grant seven days.  But, you |
| 12:29:00PM | 19 | know, if -- if information's not here within seven days, then |
| 12:29:03PM | 20 | I'm going to dismiss the case. |
| 12:29:04PM | 21 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:29:06PM | 22 | THE COURT:  All right.  Mary Hill. |
| 12:29:07PM | 23 | MS. BRILLEAUX:  Mary Hill, no after photos, also no |
| 12:29:12PM | 24 | before photos, and no PTO 71 ESI certification. |
| 12:29:16PM | 25 | MS. BENTON:  Plaintiff was not responsive until |

OFFICIAL TRANSCRIPT

12:29:18PM 1  Tuesday this week, and as of Tuesday, the plaintiff has

12:29:21PM 2  provided the necessary information to cure the

12:29:24PM 3  non-compliance.  And we've uploaded that information to MDL

12:29:29PM 4  Centrality.  She explained to us that she's been going

12:29:31PM 5  through some difficulties with her spouse who's diagnosed

12:29:34PM 6  with cancer and heart issues.

12:29:34PM 7       THE COURT:  Okay.  Court's going to grant seven days

12:29:36PM 8  to confirm all of this with the parties.

12:29:37PM 9       MS. BRILLEAUX:  Thank you, Your Honor.

12:29:39PM 10      The next case is Cynthia Hinkle.  This is one of the

12:29:45PM 11 cases that I let Your Honor know before we got started.

12:29:48PM 12      We received this morning while we were in court a

12:29:50PM 13 statement of no defense.  It was actually filed as a notice,

12:29:55PM 14 but it is a statement of no defense to dismissal.

12:29:58PM 15      THE COURT:  Okay.  Court's dismissed with prejudice.

12:30:02PM 16      Eva Hudgins.

12:30:05PM 17      MS. BRILLEAUX:  Exactly the same circumstance, Your

12:30:07PM 18 Honor.  We had a filing this morning, statement of no

12:30:08PM 19 defense.

12:30:08PM 20      THE COURT:  That matter's dismissed with prejudice.

12:30:11PM 21      MS. BRILLEAUX:  Okay.  Margaret Krahe, again, this is

12:30:15PM 22 exactly the same as the one we just discussed with no CMO 12.

12:30:20PM 23      We have not been advised of any of the processes.  We

12:30:23PM 24 haven't gotten any communication, any indication that

12:30:25PM 25 counsel's been working towards obtaining product ID.

| | | |
|---|---|---|
| 12:30:28PM | 1 | THE COURT:  Ms. Benton? |
| 12:30:29PM | 2 | MS. BENTON:  Again, I will go through the process and |
| 12:30:33PM | 3 | confer with defense counsel, but this is a similar process |
| 12:30:36PM | 4 | where we are actively working.  We've uploaded records |
| 12:30:40PM | 5 | indicating the docetaxel usage, and we are working with the |
| 12:30:42PM | 6 | facility to get those NDC codes.  They are -- |
| 12:30:42PM | 7 | THE COURT:  I'm going to ask you -- |
| 12:30:42PM | 8 | MS. BENTON:  -- responsive to our request -- |
| 12:30:45PM | 9 | THE COURT:  -- I'm going to ask you, Ms. Benton, to |
| 12:30:47PM | 10 | contact liaison counsel because you've got to make sure that |
| 12:30:51PM | 11 | you comply with CMO 12. |
| 12:30:54PM | 12 | MS. BENTON:  Understood, Your Honor.  Thank you. |
| 12:30:56PM | 13 | MS. BRILLEAUX:  The next one is Jane Longoria, also |
| 12:30:59PM | 14 | Baron & Budd.  They also filed a statement of no defense this |
| 12:31:02PM | 15 | morning. |
| 12:31:02PM | 16 | THE COURT:  That matter's dismissed with prejudice. |
| 12:31:04PM | 17 | MS. BRILLEAUX:  The next one is Shirley Tyson, a |
| 12:31:08PM | 18 | declaration regarding client contact attempts was filed this |
| 12:31:12PM | 19 | morning. |
| 12:31:12PM | 20 | THE COURT:  That matter's dismissed with prejudice. |
| 12:31:17PM | 21 | That's the last one for Baron & Budd? |
| 12:31:17PM | 22 | MR. INSOGNA:  Yes, Your Honor. |
| 12:31:21PM | 23 | The next case is with Bachus & Schanker, Linda |
| 12:31:27PM | 24 | Chandler.  And we have no declaration and no proof of injury |
| 12:31:32PM | 25 | documentation. |

12:31:32PM **1**        MR. ELLIOTT:  Looks like we did file a Plaintiff Fact

12:31:36PM **2**   Sheet that is substantially complete.  However, I've learned

12:31:39PM **3**   we have an investigator going to her home.  We have an

12:31:42PM **4**   appointment with her on Monday to get the DSP, the

12:31:46PM **5**   declaration signature page, and the photos.

12:31:48PM **6**        THE COURT:  The Court's going to grant seven days.

12:31:51PM **7**        MR. INSOGNA:  Thank you, Your Honor.

12:31:52PM **8**        The next case is also with Bachus & Schanker.  It is

12:31:52PM **9**   Marsha Hatch.

12:31:56PM **10**        Sorry.

12:31:57PM **11**        And we have no proof of injury documentation and no

12:31:59PM **12**   response to a November 2018 deficiency notice.

12:32:05PM **13**        MR. ELLIOTT:  We uploaded proof of injury

12:32:07PM **14**   October 11th of 2018.  Also, we have treatment dates of

12:32:13PM **15**   January 30, 2014, to 04/23/14.  So that's been uploaded.

12:32:19PM **16**        THE COURT:  But there was a deficiency response filed

12:32:21PM **17**   in November -- wait.  You said you have --

12:32:24PM **18**        MR. INSOGNA:  A notice served in November of 2018

12:32:28PM **19**   that was not responded to and then no proof of injury

12:32:31PM **20**   documentation.

12:32:32PM **21**        Mr. ELLIOTT:  We did -- we did file the proof of

12:32:35PM **22**   injury documentation, so that's there.

12:32:38PM **23**        THE COURT:  The photographs?

12:32:40PM **24**        MR. ELLIOTT:  Yeah.  The photographs are also

12:32:41PM **25**   uploaded.  They were uploaded on April 2nd.

```
12:32:48PM   1            THE COURT:  The Court's going to grant seven days to
12:32:51PM   2   confirm.
12:32:53PM   3            MR. INSOGNA:  Thank you, Your Honor.
12:32:55PM   4            MS. BRILLEAUX:  Thank you, Your Honor.
12:32:56PM   5            I do want to clarify one point that I made earlier.
12:32:59PM   6   I know that when we first started the call docket I recognize
12:33:05PM   7   that we're still working on the photo affidavit issue.  I did
12:33:09PM   8   want to clarify that we don't believe the same circumstances
12:33:13PM   9   apply for after photos.  There's really no reason a current
12:33:19PM  10   plaintiff should have after photos.  So we definitely want
12:33:19PM  11   those cases to be considered for dismissal with prejudice.
12:33:22PM  12            The next case that we have is with Bachus & Schanker,
12:33:25PM  13   Joyce Hodges, no after photos and no before photos.
12:33:30PM  14            Another issue with this one, Your Honor, is that a
12:33:31PM  15   PFS has been submitted, but it's 75 percent blank.  I know we
12:33:36PM  16   discussed this issue before.  We don't want the PFS -- you
12:33:42PM  17   know, filing a very partially completed PFS to be an
12:33:43PM  18   end-around of discovery applications.
12:33:47PM  19            MR. ELLIOTT:  I thought the objection here was for
12:33:49PM  20   photos.  So I didn't know that we had to go back and amend
12:33:52PM  21   the PFS.
12:33:54PM  22            It looks like we did upload on 04/03 present-day
12:33:59PM  23   after photos, and we still need to get the before photos.  So
12:34:05PM  24   we'd ask for seven days to get the --
12:34:06PM  25            THE COURT:  What's --
```

OFFICIAL TRANSCRIPT

Page 41

12:34:06PM  1          MR. ELLIOTT:  -- before --

12:34:07PM  2          THE COURT:  -- what else is missing from the

12:34:10PM  3  Plaintiff Fact Sheet --

12:34:10PM  4          MR. ELLIOTT:  I mean, the objection -- the deficiency

12:34:15PM  5  description was no before photos, no after photos.  That's

12:34:21PM  6  what we were put on notice of, not that the PFS itself was

12:34:23PM  7  not substantially complete.  So we can go back in there and

12:34:24PM  8  clean that up.  That won't be a problem.

12:34:24PM  9          THE COURT:  All right.  I'm going to grant seven days

12:34:26PM 10  to clean it up completely.

12:34:27PM 11          MS. BRILLEAUX:  Thank you, Your Honor.

12:34:28PM 12          So that's for the photos and also the PFS, correct?

12:34:31PM 13          THE COURT:  Yes.

12:34:31PM 14          MS. BRILLEAUX:  The next case that I have is Kim

12:34:34PM 15  Jackson.  No after photos and no before photos, same issue

12:34:38PM 16  with the after photos.

12:34:40PM 17          MR. ELLIOTT:  Fifteen-day extension we're asking for,

12:34:43PM 18  she's been ill.  She's had to reschedule appointments with

12:34:47PM 19  us.  We're trying to send someone to her home to get the

12:34:51PM 20  photos.  She has them.  We just ask for 15 more days to go

12:34:52PM 21  meet with her and get what we need --

12:34:54PM 22          THE COURT:  Okay.  You understand Ms. Jackson's case

12:34:56PM 23  was filed in 2017?

12:34:57PM 24          MR. ELLIOTT:  I do, Your Honor.

12:34:59PM 25          THE COURT:  I'm going to give you seven days because

12:34:59PM 1   this is 365 days too late.

12:34:59PM 2         MS. BRILLEAUX:  Thank you, Your Honor.

12:35:07PM 3         MR. INSOGNA:  Your Honor, the next case is Tracy

12:35:11PM 4   McGloun, also with Bachus & Schanker.  No declaration, no

12:35:13PM 5   before photos, and no response to a December 2018 deficiency

12:35:17PM 6   notice.

12:35:17PM 7         MR. ELLIOTT:  It says we responded to deficiency

12:35:20PM 8   notices on April 2nd.  Before photos were uploaded.  They're

12:35:25PM 9   within five years of treatment.  We also filed a signed and

12:35:28PM 10  dated uploaded declaration signature page.  So we believe at

12:35:32PM 11  this time it's now cured.

12:35:33PM 12        THE COURT:  Court's going to grant seven days for you

12:35:36PM 13  to confirm.

12:35:36PM 14        MR. INSOGNA:  Thank you, Your Honor.

12:35:37PM 15        The next case is Tewannia Myles.  We have no current

12:35:41PM 16  or after photos.

12:35:43PM 17        MR. ELLIOTT:  Before photos were uploaded on

12:35:46PM 18  April 1st, within five years of treatment.  We also uploaded

12:35:48PM 19  a present after photo, uploaded on April 2nd.  Authorizations

12:35:54PM 20  are also uploaded and properly dated on March 27th.

12:35:58PM 21        THE COURT:  The Court's going to grant seven days for

12:36:01PM 22  you to confirm compliance.

12:36:03PM 23        MR. INSOGNA:  Understood, Your Honor.

12:36:06PM 24        And Carriene Nevin, no proof of use documents.  The

12:36:07PM 25  -- there is something submitted that purports to be a proof

12:36:10PM  1    of use document, but it's a handwritten calendar that says

12:36:14PM  2    Taxotere on certain days.  It's not a medical record.

12:36:18PM  3         MR. ELLIOTT:  We believe that would be, you know,

12:36:20PM  4    question of fact.

12:36:21PM  5         THE COURT:  No.

12:36:23PM  6         MR. ELLIOTT:  In any event, we actually -- we're

12:36:25PM  7    asking for more time.  We've sent a subpoena.  We've also

12:36:30PM  8    sent a new request to the facility to try to get additional

12:36:33PM  9    records.  We would at least ask for another 60 days so we can

12:36:37PM  10   go through that and get the -- get the proof of use.

12:36:39PM  11        MR. INSOGNA:  Your Honor, the case was filed in

12:36:42PM  12   February 2018.

12:36:48PM  13        MR. ELLIOTT:  I mean, they say that --

12:36:49PM  14        THE COURT:  Let me just skip this one and come back

12:36:51PM  15   to it.  Because my concern is -- I just want to see where you

12:36:54PM  16   are in the CMO 12 process.

12:36:56PM  17        All right.  Let's look at Mary Robinson.  We'll come

12:36:59PM  18   back to this one.

12:37:00PM  19        MS. BRILLEAUX:  Thank you, Your Honor.

12:37:01PM  20        Mary Robinson has no proof of use of docetaxel, and

12:37:05PM  21   this case been pending since December of 2017.  Also, no

12:37:08PM  22   before photos and no CMO 12.

12:37:12PM  23        MR. ELLIOTT:  We issued a subpoena to the facility.

12:37:15PM  24   The client swears she took -- she took Taxotere.  She would

12:37:19PM  25   be willing to sign an affidavit of some sort.

12:37:22PM   1       But this is the same situation.  We have to do the

12:37:25PM   2   subpoena so we can -- we've already-- so you understand, we

12:37:29PM   3   do send the records request.  Right?  Sometimes we get the

12:37:33PM   4   records back.  Sometimes we don't.

12:37:35PM   5       The next stage, if they -- if they raise a deficiency

12:37:39PM   6   saying what we provided isn't correct, then we'll send the

12:37:42PM   7   subpoena at that time.

12:37:43PM   8       MS. BRILLEAUX:  And, Your Honor, we don't think a

12:37:46PM   9   subpoena should be necessary for a plaintiff to obtain their

12:37:48PM  10   own medical records.

12:37:50PM  11       THE COURT:  Well, you know --

12:37:50PM  12       MR. ELLIOTT:  That's --

12:37:50PM  13       THE COURT:  -- that's all fine and dandy, but it has

12:37:55PM  14   been problematic, as you know, throughout the course of this

12:37:58PM  15   proceeding.

12:37:58PM  16       MS. BRILLEAUX:  Understood.

12:37:59PM  17       And, again, just to clarify, this is proof of use of

12:38:03PM  18   docetaxel, just that they took the medicine, not product ID,

12:38:06PM  19   not who manufactured it.

12:38:11PM  20       MR. ELLIOTT:  All I can say, Your Honor, is that

12:38:12PM  21   we're diligently trying to find the proof of use.  We've sent

12:38:12PM  22   --

12:38:12PM  23       THE COURT:  Do you know the --

12:38:16PM  24       MR. ELLIOTT:  -- we've sent a records request.

12:38:16PM  25       THE COURT:  -- infusion center that she --

OFFICIAL TRANSCRIPT

Page 45

12:38:21PM  1          MR. ELLIOTT:  Yes, we have that information.  We sent

12:38:23PM  2     the request again on March 15th.  We're waiting to hear back

12:38:28PM  3     from the facility.  And she -- I mean, this woman swears that

12:38:31PM  4     she took Taxotere.

12:38:32PM  5          THE COURT:  I understand.

12:38:37PM  6          Let's go -- we're going to come back to you for

12:38:40PM  7     these, but -- Okay.

12:38:43PM  8          Let's just go to Janet Smith because I'm going to

12:38:47PM  9     deal with these after.

12:38:47PM 10          MS. BRILLEAUX:  Thank you, Your Honor.  I'll make a

12:38:49PM 11     note that we'll return to Mary Robinson.

12:38:51PM 12          Janet Smith, no after photos and no before photos.

12:38:55PM 13     This case been pending since March of 2017.

12:38:58PM 14          MR. ELLIOTT:  Before photos were uploaded on

12:39:00PM 15     April 2nd within five years, and we also uploaded the

12:39:03PM 16     present/after-day photos on April 2nd as well.

12:39:05PM 17          THE COURT:  Court's going to grant seven days for you

12:39:08PM 18     to confirm.

12:39:08PM 19          MS. BRILLEAUX:  Your Honor, I would also like to note

12:39:10PM 20     that this is a PFS that is 90 percent blank.  We would ask

12:39:13PM 21     that the PFS be amended within seven days.

12:39:16PM 22          MR. ELLIOTT:  Your Honor, can they -- rather than --

12:39:18PM 23     this is what I'm going to ask:  If they're going to raise

12:39:22PM 24     that as a deficiency, I need an opportunity to look at the

12:39:28PM 25     Plaintiff Fact Sheet.  I didn't know it was in that state.

| | | |
|---|---|---|
| 12:39:29PM | 1 | We get a deficiency notice saying, "Hey, you don't |
| 12:39:31PM | 2 | have before photos."  It's also -- when they raise a |
| 12:39:33PM | 3 | deficiency, they should also be putting in there, "Hey, guys, |
| 12:39:36PM | 4 | your PFS is not substantially filled out.  Can you guys get |
| 12:39:39PM | 5 | to cleaning that up" -- |
| 12:39:39PM | 6 | THE COURT:  All I have here is not substantially |
| 12:39:41PM | 7 | complete.  Let me just -- I don't know what these |
| 12:39:45PM | 8 | deficiencies look like. |
| 12:39:47PM | 9 | MR. INSOGNA:  Your Honor, if I could respond briefly |
| 12:39:49PM | 10 | to that. |
| 12:39:49PM | 11 | So in many cases, these deficiencies are not very |
| 12:39:53PM | 12 | significant matters.  What -- the problem that we're having |
| 12:39:57PM | 13 | is that we will serve a deficiency notice that points out all |
| 12:40:00PM | 14 | of the deficiencies in the Plaintiff Fact Sheet, regardless |
| 12:40:04PM | 15 | of what they are.  But when we serve the notice for these |
| 12:40:08PM | 16 | conferences, we only include things that would make it not |
| 12:40:08PM | 17 | substantially complete under PTO 22. |
| 12:40:11PM | 18 | So what happens is, we will get things that cure or |
| 12:40:15PM | 19 | do not cure these substantial deficiencies, but no amended |
| 12:40:19PM | 20 | Plaintiff Fact Sheet that fills in 90 percent of the missing |
| 12:40:21PM | 21 | information that we also need for discovery purposes.  We |
| 12:40:23PM | 22 | don't bring those seeking dismissal because it's not not |
| 12:40:26PM | 23 | substantially complete per PTO 22A, but they end up just |
| 12:40:31PM | 24 | sliding where there's significant information missing. |
| 12:40:33PM | 25 | THE COURT:  Okay.  So the photos you're telling me |

| | | |
|---|---|---|
| 12:40:36PM | 1 | have been uploaded? |
| 12:40:37PM | 2 | MR. ELLIOTT:  Yes. |
| 12:40:37PM | 3 | THE COURT:  I'm going to order that you within the |
| 12:40:39PM | 4 | next seven days get with your client and complete the |
| 12:40:43PM | 5 | Plaintiff Fact Sheet. |
| 12:40:47PM | 6 | MR. ELLIOTT:  That sounds great.  Thank you. |
| 12:40:47PM | 7 | MS. BRILLEAUX:  Your Honor, the next case is Linda |
| 12:40:50PM | 8 | Taylor, no after photos and no before photos.  The case has |
| 12:40:53PM | 9 | been pending since September of 2017. |
| 12:40:56PM | 10 | MR. ELLIOTT:  We are asking for an extension.  She's |
| 12:40:59PM | 11 | on her deathbed actually.  The family wants to assist in |
| 12:41:03PM | 12 | getting us what we need, but she's -- she's dying is what I |
| 12:41:07PM | 13 | was told. |
| 12:41:09PM | 14 | THE COURT:  I'm going to grant 30 days to go get -- |
| 12:41:12PM | 15 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:41:12PM | 16 | THE COURT:  -- what you need. |
| 12:41:19PM | 17 | MR. INSOGNA:  Your Honor, the next case with Bachus & |
| 12:41:21PM | 18 | Schanker is Clara Vinson.  We have no before photos, and |
| 12:41:26PM | 19 | there was a deficiency notice sent in November of 2018 that |
| 12:41:28PM | 20 | has not been responded to. |
| 12:41:29PM | 21 | MR. ELLIOTT:  We discovered that she passed away on |
| 12:41:33PM | 22 | March 7th of this year, and we spoke with a neighbor that she |
| 12:41:37PM | 23 | passed away.  We're asking for more time to find the family |
| 12:41:40PM | 24 | so that we can potentially see if they want to pursue a right |
| 12:41:44PM | 25 | of survivorship claim. |

12:41:47PM   **1**          THE COURT:  Court's going to grant 60 days to

12:41:52PM   **2**    substitute.

12:41:53PM   **3**          MR. INSOGNA:  Thank you, Your Honor.

12:41:53PM   **4**          Mary Williams.

12:41:55PM   **5**          MS. BRILLEAUX:  Your Honor, this is no PTO 71A

12:42:00PM   **6**    certification, which, as you are aware, certifies that the

12:42:05PM   **7**    plaintiff has reviewed, searched for, and produced all

12:42:10PM   **8**    relevant ESI.  The case has been pending since March of 2018.

12:42:16PM   **9**          MR. ELLIOTT:  And the photos, you agree those are

12:42:20PM   **10**   cured?

12:42:20PM   **11**         MS. BRILLEAUX:  I do not have photos issues in my

12:42:24PM   **12**   notes.

12:42:25PM   **13**         MR. ELLIOTT:  You're talking about Williams, right?

12:42:26PM   **14**         MS. BRILLEAUX:  Mary Williams.

12:42:28PM   **15**         MR. ELLIOTT:  Okay.  It looks like we're asking for a

12:42:31PM   **16**   15-day extension so she can continue looking for her ESI is

12:42:35PM   **17**   the notes I have here.  Otherwise, her PFS has been filed.

12:42:38PM   **18**   Everything else is substantially complete --

12:42:38PM   **19**         THE COURT:  This is just ESI --

12:42:40PM   **20**         MR. ELLIOTT:  This is an ESI.

12:42:42PM   **21**         MS. BRILLEAUX:  I'm sorry.

12:42:43PM   **22**         THE COURT:  This is either just a certification or

12:42:45PM   **23**   that she's done --

12:42:46PM   **24**         MS. BRILLEAUX:  Correct.  It's -- PTO 71A requires

12:42:50PM   **25**   that they search for the ESI and then submit a certification

12:42:53PM 1  along with any relevant ESI that they've done the full and

12:42:58PM 2  complete search.

12:43:01PM 3          THE COURT:  I'm going to grant 15 days on that.

12:43:04PM 4          MS. BRILLEAUX:  Thank you, Your Honor.

12:43:06PM 5          Sheila Allen, no PFS submitted.

12:43:09PM 6          THE COURT:  All right.  And I'm going to ask you to

12:43:09PM 7  hang around --

12:43:09PM 8          MR. ELLIOTT:  I don't have that one.

12:43:12PM 9          THE COURT:  -- to deal with No. 34 and 35.

12:43:12PM 10         MR. ELLIOTT:  Is that mine?

12:43:12PM 11         MS. BRILLEAUX:  No.

12:43:13PM 12         THE COURT:  So let me go into this Fear.

12:43:16PM 13         MS. BRILLEAUX:  Yes, I'm sorry, Your Honor.  I didn't

12:43:18PM 14  realize it switched over.

12:43:20PM 15         We're now to -- the rest of the docket is cases

12:43:23PM 16  represented by Fear Nachawati.

12:43:28PM 17         THE COURT:  And that's --

12:43:30PM 18         MS. BRILLEAUX:  And Marc Bern.  Excuse me.

12:43:31PM 19         THE COURT:  Ms. Gulewicz?  Gulewicz?

12:43:33PM 20         MS. GULEWICZ:  Yes, Your Honor, Charlotte Gulewicz

12:43:36PM 21  for Fear Nachawati.

12:43:38PM 22         THE COURT:  Okay.  Gulewicz.  Okay.  Thank you,

12:43:38PM 23  ma'am.

12:43:44PM 24         Sheila Allen.

12:43:45PM 25         MS. GULEWICZ:  Yes.  The deficiency here is no

12:43:49PM  1  Plaintiff Fact Sheet, but I have in my notes we did submit

12:43:53PM  2  the Plaintiff Fact Sheet before the deadline on April the

12:43:58PM  3  2nd.

12:43:58PM  4         MS. BRILLEAUX:  And, counsel, I have in my notes that

12:44:00PM  5  we did see the late submitted PFS, but it lacks a

12:44:04PM  6  declaration.  We would ask that the PFS be supplemented with

12:44:06PM  7  a declaration within seven days.

12:44:08PM  8         THE COURT:  So ordered.

12:44:10PM  9         MS. GULEWICZ:  Yes.

12:44:15PM  10         MR. INSOGNA:  Your Honor, the next case is Etta Ball.

12:44:17PM  11  There's no proof of injury documentation, no PTO 71

12:44:21PM  12  submission, and the declaration is undated.

12:44:25PM  13         MS. GULEWICZ:  Yes, Your Honor.  We have no excuse

12:44:27PM  14  and my apologies for not filing the notice of no excuse.

12:44:35PM  15         THE COURT:  Okay.  Wait.  The notice of --

12:44:36PM  16         MS. GULEWICZ:  The declaration of --

12:44:36PM  17         MS. BRILLEAUX:  Signed contact attempts.

12:44:40PM  18         MS. GULEWICZ:  -- no objection.  I'm sorry.

12:44:40PM  19         THE COURT:  Okay.  Seven days.

12:44:41PM  20         MS. BARRIOS:  No.  No.  No.

12:44:43PM  21         THE COURT:  Wait.  I'm sorry.  My realtime is

12:44:50PM  22  completely gone.  I was writing something.  I didn't --

12:44:50PM  23         MR. INSOGNA:  I'm sorry, Your Honor.  I believe

12:44:52PM  24  plaintiff's counsel said she has no defense to the --

12:44:56PM  25         MS. BARRIOS:  Defense to dismissal.

OFFICIAL TRANSCRIPT

| | | |
|---|---|---|
| 12:44:56PM | 1 | MR. INSOGNA:  -- deficiency. |
| 12:44:56PM | 2 | THE COURT:  Okay.  The Court's going to dismiss that |
| 12:44:57PM | 3 | matter with prejudice.  I apologize. |
| 12:45:00PM | 4 | Okay. |
| 12:45:00PM | 5 | MR. INSOGNA:  Thank you, Your Honor. |
| 12:45:01PM | 6 | THE COURT:  Renee Biles. |
| 12:45:01PM | 7 | MS. BRILLEAUX:  Yes, Your Honor.  This is no PFS |
| 12:45:05PM | 8 | submitted. |
| 12:45:06PM | 9 | MS. GULEWICZ:  Yes, Your Honor. |
| 12:45:07PM | 10 | It came to our attention that the plaintiff is |
| 12:45:09PM | 11 | deceased, and we filed a Suggestion of Death.  And we just |
| 12:45:13PM | 12 | request 60 days to obtain a substitution of plaintiff. |
| 12:45:20PM | 13 | THE COURT:  Court's going to grant 30 days. |
| 12:45:22PM | 14 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:45:23PM | 15 | The next plaintiff is Janice Brock. |
| 12:45:27PM | 16 | This is no after photos from within the past five |
| 12:45:31PM | 17 | years.  We believe there's no issue that -- nothing to |
| 12:45:34PM | 18 | prevent a current photo from being provided. |
| 12:45:38PM | 19 | THE COURT:  Ma'am? |
| 12:45:38PM | 20 | MS. GULEWICZ:  Yes, Your Honor. |
| 12:45:39PM | 21 | Our notice was that there were no before photos and |
| 12:45:45PM | 22 | they weren't dated.  So we cured that deficiency. |
| 12:45:48PM | 23 | When I reviewed it this morning, I did notice that |
| 12:45:51PM | 24 | there were no current photos.  I just don't think we've had a |
| 12:45:55PM | 25 | chance to discuss that with the plaintiff.  So if we can just |

```
12:45:58PM  1   get additional time so we get that to defense counsel --
12:46:00PM  2        MS. BRILLEAUX:  And, Your Honor, to clarify --
12:46:00PM  3        THE COURT:  Court will grant seven days.
12:46:00PM  4        MS. BRILLEAUX:  Okay.  Thank you.
12:46:04PM  5        THE COURT:  Gloria Clark.
12:46:05PM  6        MS. BRILLEAUX:  No PFS submitted.
12:46:11PM  7        MS. GULEWICZ:  Yes, Your Honor.
12:46:13PM  8        It looks like we submitted a Plaintiff Fact Sheet on
12:46:17PM  9   March 25th.
12:46:17PM  10       THE COURT:  Court's going to grant seven days to
12:46:20PM  11  confirm.
12:46:21PM  12       Cheryl Coup.
12:46:26PM  13       MR. INSOGNA:  Yes, Your Honor.  We have no
12:46:26PM  14  authorizations submitted.
12:46:30PM  15       MS. GULEWICZ:  Let's see.  I have that we submitted
12:46:34PM  16  authorizations on April the 2nd.
12:46:36PM  17       THE COURT:  All right.  Court's going to grant seven
12:46:40PM  18  days to confirm.
12:46:42PM  19       Rita Fernandez.
12:46:44PM  20       MS. BRILLEAUX:  No PFS submitted, Your Honor.
12:46:47PM  21       MS. GULEWICZ:  It looks like a Plaintiff Fact Sheet
12:46:50PM  22  was submitted on March 25th.
12:46:52PM  23       THE COURT:  Seven days to confirm.
12:46:55PM  24       MR. INSOGNA:  Cheryl Frederick, Your Honor, no
12:46:57PM  25  declaration.
```

| | | |
|---|---|---|
| 12:46:57PM | 1 | MS. GULEWICZ:  Declaration was provided this morning |
| 12:47:03PM | 2 | as we received it from FedEx this morning. |
| 12:47:06PM | 3 | THE COURT:  Seven days to confirm. |
| 12:47:10PM | 4 | MR. INSOGNA:  Thank you, Your Honor. |
| 12:47:12PM | 5 | Leasa Horst, there's no before photographs, no PTO 71 |
| 12:47:17PM | 6 | statement. |
| 12:47:17PM | 7 | And this is a minor detail, but the health insurance |
| 12:47:20PM | 8 | authorization authorizes release to plaintiff's counsel, not |
| 12:47:24PM | 9 | defendants. |
| 12:47:24PM | 10 | THE COURT:  Okay.  Can you cure that?  Is that -- |
| 12:47:26PM | 11 | MS. GULEWICZ:  Yes, Your Honor, we can cure that. |
| 12:47:28PM | 12 | I have that before and after photos have been dated |
| 12:47:32PM | 13 | as of March 1st.  And so we can do everything else.  We |
| 12:47:38PM | 14 | actually uploaded the PTO 71A this morning.  It was an |
| 12:47:41PM | 15 | oversight on our behalf. |
| 12:47:44PM | 16 | THE COURT:  Okay.  Court's going to grant seven days |
| 12:47:46PM | 17 | to confirm. |
| 12:47:47PM | 18 | Laraine Hustler. |
| 12:47:50PM | 19 | MS. BRILLEAUX:  Yes, Your Honor, no PFS submitted. |
| 12:47:52PM | 20 | MS. GULEWICZ:  I have Plaintiff Fact Sheet submitted |
| 12:47:55PM | 21 | March 22nd. |
| 12:47:55PM | 22 | THE COURT:  Court's going to grant seven days to |
| 12:47:58PM | 23 | confirm. |
| 12:47:58PM | 24 | Mildred Jackson. |
| 12:48:00PM | 25 | MR. INSOGNA:  No proof of use documentation, Your |

12:48:03PM **1**  Honor.

12:48:03PM **2**       MS. GULEWICZ:  It looks like we uploaded the records

12:48:08PM **3**  this morning.  Again, it was just an oversight on our half.

12:48:12PM **4**  Whenever we look at these, sometimes we miss one thing, but

12:48:15PM **5**  they were uploaded this morning.

12:48:16PM **6**       THE COURT:  Okay.  The Court's going to grant seven

12:48:19PM **7**  days to confirm.

12:48:19PM **8**       Marie Lewis.

12:48:23PM **9**       MR. INSOGNA:  Also no proof of use documentation.

12:48:25PM **10**       MS. GULEWICZ:  For Marie Lewis, what happened with

12:48:29PM **11**  her case, Your Honor, is that we -- we had sent medical

12:48:34PM **12**  records requests to the wrong facility.  We do have a record

12:48:38PM **13**  showing she used docetaxel.  It was actually the consent for

12:48:43PM **14**  administration of cancer treatment showing that docetaxel was

12:48:46PM **15**  planned.  But the actual records we ordered from the same

12:48:51PM **16**  facility that -- that consent was obtained.  But it looks

12:48:55PM **17**  like it's an adjacent facility next to it.  And so this

12:49:00PM **18**  entire time we've been re-requesting and trying to get

12:49:05PM **19**  records from the wrong facility.

12:49:07PM **20**       So we just ask for time because we realized this week

12:49:12PM **21**  that we should have been requesting from a different facility

12:49:14PM **22**  and we have put that order in.

12:49:15PM **23**       THE COURT:  Okay.  I'm going to order that you make

12:49:17PM **24**  that request within the next five days, and then we'll follow

12:49:22PM **25**  through PTO 12 in that matter.

| | | |
|---|---|---|
| 12:49:24PM | 1 | All right.  Sharon McCarthy? |
| 12:49:27PM | 2 | MR. INSOGNA:  No proof of use documentation, and |
| 12:49:29PM | 3 | we're missing a health insurance, Workers' Compensation, |
| 12:49:32PM | 4 | employment, and disability authorizations. |
| 12:49:35PM | 5 | MS. GULEWICZ:  Okay.  I have that the photos have |
| 12:49:39PM | 6 | been submitted on March the 30th and the response on April |
| 12:49:39PM | 7 | the 2nd. |
| 12:49:46PM | 8 | MR. INSOGNA:  It's -- Your Honor, it's proof of use |
| 12:49:48PM | 9 | documentation, not injury. |
| 12:49:49PM | 10 | THE COURT:  Oh, proof of use.  So it's going to be |
| 12:49:52PM | 11 | something from the facility. |
| 12:49:58PM | 12 | MS. GULEWICZ:  I don't see that that was a |
| 12:50:01PM | 13 | deficiency.  Maybe I'm looking at the wrong one. |
| 12:50:05PM | 14 | Is it Sharon McCarthy? |
| 12:50:08PM | 15 | THE COURT:  Yes. |
| 12:50:09PM | 16 | MS. GULEWICZ:  Yeah.  I see that there was no |
| 12:50:10PM | 17 | deficiency response is the reason why this is on the hearing |
| 12:50:16PM | 18 | today. |
| 12:50:17PM | 19 | THE COURT:  All right.  Do you -- |
| 12:50:22PM | 20 | MS. BARRIOS:  Your Honor, Dawn Barrios. |
| 12:50:23PM | 21 | I'll work with plaintiff's counsel and defense |
| 12:50:25PM | 22 | counsel on this and figure it out -- |
| 12:50:25PM | 23 | THE COURT:  Okay. |
| 12:50:28PM | 24 | MS. BARRIOS:  -- unless Mr. Insogna has an answer |
| 12:50:31PM | 25 | now. |

| | | |
|---|---|---|
| 12:50:31PM | 1 | MR. INSOGNA:  I don't.  It's possible that that is an |
| 12:50:34PM | 2 | error.  I'll confirm. |
| 12:50:34PM | 3 | THE COURT:  Please work with Ms. Barrios.  She's |
| 12:50:37PM | 4 | going to be the liaison to help us clear up the confusion. |
| 12:50:43PM | 5 | Okay.  How about Adele Owoc? |
| 12:50:47PM | 6 | MS. BRILLEAUX:  Yes, Your Honor.  That's no PFS |
| 12:50:49PM | 7 | submitted. |
| 12:50:49PM | 8 | MS. GULEWICZ:  Yeah, Your Honor.  This was one that |
| 12:50:52PM | 9 | we haven't been able to obtain a response from the client and |
| 12:50:57PM | 10 | we have no defense. |
| 12:50:58PM | 11 | THE COURT:  Court's going to dismiss this matter with |
| 12:51:00PM | 12 | prejudice. |
| 12:51:01PM | 13 | Jennifer Payne. |
| 12:51:02PM | 14 | MS. BRILLEAUX:  Your Honor, no PFS submitted. |
| 12:51:05PM | 15 | MS. GULEWICZ:  I have that the Plaintiff Fact Sheet |
| 12:51:08PM | 16 | was submitted on March 26th. |
| 12:51:10PM | 17 | MS. BRILLEAUX:  Your Honor, before we go any further, |
| 12:51:11PM | 18 | I think the next one may be a similar situation. |
| 12:51:14PM | 19 | I have in my notes -- may be similar to what happened |
| 12:51:18PM | 20 | in Mr. Exnicios' case.  We have -- PFS has been uploaded for |
| 12:51:24PM | 21 | these plaintiffs, but they have completely different docket |
| 12:51:27PM | 22 | numbers attached to them.  And so we're unclear as to |
| 12:51:30PM | 23 | whether it -- |
| 12:51:30PM | 24 | THE COURT:  I know what I'm going to do. |
| 12:51:32PM | 25 | I'm going to ask you, ma'am, within seven days to |

12:51:36PM 1    review Centrality and confirm that the identifying

12:51:43PM 2    information is correct.

12:51:46PM 3        MS. GULEWICZ:  Yes, Your Honor.

12:51:48PM 4        THE COURT:  And Lisa Pierce, is it the same thing?

12:51:51PM 5        MS. BRILLEAUX:  Yes, Your Honor.

12:51:52PM 6        THE COURT:  All right.  I'm going to give you seven

12:51:54PM 7    days to confirm that the identifying information is correct;

12:51:56PM 8    that's name, case number, and that sort of thing.  And I will

12:51:59PM 9    tell you that I can understand how somehow or another that

12:52:03PM 10   that gets mixed up.  But please confirm that.

12:52:06PM 11       All right.  Now we're at Sheila Purvis.

12:52:09PM 12       MR. INSOGNA:  Yes, Your Honor.  No proof of use

12:52:11PM 13   documentation and no PTO 71 submission.

12:52:17PM 14       MS. GULEWICZ:  It looks like photos were submitted.

12:52:20PM 15   But you're saying proof of use?

12:52:22PM 16       MR. INSOGNA:  That's correct.

12:52:23PM 17       THE COURT:  It seems like that's the same problem you

12:52:28PM 18   had with Sharon McCarthy.

12:52:32PM 19       I'm going to ask you to work with Ms. Barrios --

12:52:32PM 20       MR. INSOGNA:  Your Honor, on the --

12:52:39PM 21       THE COURT:  -- to see where we stand with this,

12:52:41PM 22   what's the confusion.

12:52:44PM 23       MR. INSOGNA:  Ms. Barrios has the original notice and

12:52:45PM 24   it does identify proof of use.

12:52:47PM 25       MS. BARRIOS:  But it doesn't identify the missing PTO

12:52:51PM   1   71.   I just wrote that.

12:52:51PM   2           MR. INSOGNA:  Okay.

12:52:54PM   3           MS. BARRIOS:  But I'll work -- I'll work with them,

12:52:55PM   4   Your Honor.

12:52:56PM   5           THE COURT:  All right.

12:52:59PM   6           MS. BARRIOS:  We'll work with each other within seven

12:53:01PM   7   days so we're not delaying this.

12:53:03PM   8           THE COURT:  All right.  Georgiann Scruggs.

12:53:09PM   9           MR. INSOGNA:  Georgiann Scruggs, we have no before

12:53:10PM  10   photos.  After photographs are undated, and what purports to

12:53:14PM  11   be a proof of use document is a single page that says a plan

12:53:18PM  12   of docetaxel.  It doesn't appear to be a medical record.

12:53:21PM  13           THE COURT:  Okay.

12:53:21PM  14           MS. GULEWICZ:  Yes, Your Honor.  We -- we had not

12:53:25PM  15   been in contact with Ms. Scruggs until this morning, and she

12:53:29PM  16   gave me the dates.  And so we were able to cure all the

12:53:33PM  17   deficiencies including the PTO 71A, and we were able to

12:53:38PM  18   upload the medical records as well.  And I've even

12:53:41PM  19   highlighted where it does show that she was administered

12:53:44PM  20   docetaxel.

12:53:45PM  21           THE COURT:  Court's going to grant seven days for

12:53:48PM  22   defendants to confirm.

12:53:48PM  23           And Teresa Stallworth, your last one.

12:53:50PM  24           MS. BRILLEAUX:  Your Honor, this is a case that's

12:53:52PM  25   been pending since December of '17, and we don't have the PTO

12:53:57PM  1    71 ESI certification or materials.

12:54:11PM  2         MS. GULEWICZ:  I think this is another one that we --

12:54:14PM  3    it was an oversight on our part, Your Honor.  And we

12:54:17PM  4    apologize for that.

12:54:19PM  5         The plaintiff has been responsive and has submitted

12:54:23PM  6    all the documents.  I think we just failed to upload it on

12:54:27PM  7    MDL Centrality, but we're going to upload --

12:54:28PM  8         THE COURT:  The Court's going to grant seven days.

12:54:30PM  9         MS. BRILLEAUX:  Thank you, Your Honor.

12:54:32PM  10        THE COURT:  Thank you.

12:54:33PM  11        MS. BRILLEAUX:  Okay.  I think that's all for Fears,

12:54:36PM  12   and now we're moving to Marc J. Bern & Partners.

12:54:40PM  13        The first plaintiff I have is Aisha Asghar Khan, and

12:54:45PM  14   this is no CMO 12 process, no e-mails, no indication that

12:54:48PM  15   this has been -- this process has begun.

12:54:53PM  16        THE COURT:  Ms. Humphrey?  Mr. Kessler?  Who's on the

12:54:56PM  17   phone?

12:54:56PM  18        MR. KESSLER:  It's Gordon Kessler, Marc J. Bern &

12:54:59PM  19   Partners, Your Honor.

12:54:59PM  20        We sent the CMO 12 e-mail this morning.  I apologize

12:55:05PM  21   for the delay on that.

12:55:05PM  22        THE COURT:  All right.  Court's going to grant seven

12:55:07PM  23   days for you to confirm.

12:55:09PM  24        Carol Burke.

12:55:10PM  25        MS. BRILLEAUX:  Carol Burke has no PFS submitted.

| | | |
|---|---|---|
| 12:55:13PM | 1 | MR. KESSLER:  We consent to dismissal of this matter. |
| 12:55:18PM | 2 | THE COURT:  What did he say? |
| 12:55:18PM | 3 | MS. BRILLEAUX:  Consents to dismissal with prejudice. |
| 12:55:19PM | 4 | THE COURT:  This matter's dismissed with prejudice. |
| 12:55:21PM | 5 | Carol Davis. |
| 12:55:23PM | 6 | MS. BRILLEAUX:  This is no PFS submitted. |
| 12:55:26PM | 7 | MR. KESSLER:  We consent to dismissal of this matter. |
| 12:55:30PM | 8 | THE COURT:  This matter's dismissed with prejudice. |
| 12:55:33PM | 9 | Pamela Ehrlich. |
| 12:55:33PM | 10 | MR. INSOGNA:  No proof of -- |
| 12:55:33PM | 11 | MR. KESSLER:  We made multiple attempts to contact |
| 12:55:36PM | 12 | this client through phone calls and letters.  We have not |
| 12:55:40PM | 13 | heard back.  We ask for additional time. |
| 12:55:42PM | 14 | THE COURT:  If you've made multiple contacts and |
| 12:55:46PM | 15 | she's not -- the Court's going to dismiss this matter with |
| 12:55:48PM | 16 | prejudice, specifically notes plaintiff's made repeated -- |
| 12:55:48PM | 17 | counsel's made repeated attempts to contact his client, but |
| 12:55:54PM | 18 | client has failed to provide the necessary information. |
| 12:55:58PM | 19 | Crystal El Sabbagh. |
| 12:56:00PM | 20 | MS. BRILLEAUX:  Your Honor, this is no PFS |
| 12:56:02PM | 21 | declaration, no proof of use, no after photos, no before |
| 12:56:07PM | 22 | photos, no authorizations, and no CMO 12 process. |
| 12:56:10PM | 23 | MR. KESSLER:  We consent to dismissal of this matter. |
| 12:56:15PM | 24 | THE COURT:  This matter's dismissed with prejudice. |
| 12:56:18PM | 25 | MS. BRILLEAUX:  The next one's Angelena Harris; no |

12:56:19PM  1  PFS declaration, no after photos, no before photos, no

12:56:23PM  2  authorization, no CMO 12, no PTO 71 certification.

12:56:27PM  3       MR. KESSLER:  We made multiple attempts to contact

12:56:29PM  4  this client.  We sent a private investigator to find this

12:56:33PM  5  client, who spoke to the client's aunt who said she would be

12:56:36PM  6  giving us a call.  We never received that call.  We followed

12:56:41PM  7  up with the private investigator who said he would get back

12:56:43PM  8  to us today or tomorrow.

12:56:45PM  9       THE COURT:  This matter's dismissed with prejudice.

12:56:48PM 10  Plaintiff's counsel has made repeated efforts to contact his

12:56:50PM 11  client, but the client has failed to meet her obligations.

12:56:54PM 12       Deidra Harris.

12:56:54PM 13       MS. BRILLEAUX:  Your Honor, no PFS declaration, no

12:56:56PM 14  proof of use, no after photos, no before photos, no

12:57:00PM 15  authorizations, or CMO 12 or PTO 71.

12:57:04PM 16       MR. KESSLER:  Another client who we've made multiple

12:57:07PM 17  attempts to contact through letters and phone calls, but not

12:57:09PM 18  heard back.

12:57:09PM 19       THE COURT:  This matter's dismissed with prejudice

12:57:11PM 20  for the same reasons previously.

12:57:13PM 21       MS. BARRIOS:  Your Honor, excuse me.  Dawn Barrios.

12:57:15PM 22       I just want to remind counsel that we have special

12:57:19PM 23  forms that you would fill out and file into the record which

12:57:25PM 24  will allow the Court not to have to go through each of these

12:57:28PM 25  individual cases.  So I send those out every month.  If you

12:57:31PM **1**   have trouble with it, please contact me.

12:57:33PM **2**        MS. BRILLEAUX:  Thank you, Ms. Barrios.

12:57:35PM **3**        The next case is Roseann Held.  This is no PFS

12:57:39PM **4**   declaration.

12:57:41PM **5**        MR. KESSLER:  The Plaintiff Fact Sheet -- I'm sorry.

12:57:43PM **6**   This is Roseann Held?

12:57:46PM **7**        THE COURT:  Yes, sir.

12:57:46PM **8**        MR. KESSLER:  We consent to dismissal of this matter.

12:57:49PM **9**        THE COURT:  This matter's dismissed with prejudice.

12:57:52PM **10**        MS. BRILLEAUX:  I'm sorry, Your Honor.

12:57:53PM **11**        Virginia Hornibrook; no after photos, no before

12:57:56PM **12**   photos, no PTO 71 declaration.

12:57:59PM **13**        MR. KESSLER:  We have been in contact with this

12:58:02PM **14**   client.  She informed us she's getting treatment.  She did

12:58:05PM **15**   not say for what, but she did say she will be having surgery.

12:58:08PM **16**   We're waiting -- we request additional time to get these

12:58:11PM **17**   documents.

12:58:11PM **18**        MS. BRILLEAUX:  Your Honor, it's been pending since

12:58:13PM **19**   March of 2018.

12:58:14PM **20**        THE COURT:  I understand.

12:58:15PM **21**        The Court's going to grant 45 days.

12:58:21PM **22**        MS. BRILLEAUX:  Debbie Laginess; this is no CMO 12

12:58:26PM **23**   process initiated.

12:58:27PM **24**        MR. KESSLER:  That e-mail was sent earlier today.

12:58:31PM **25**        THE COURT:  To --

| | | |
|---|---|---|
| 12:58:33PM | 1 | MS. BRILLEAUX:  It's the no CMO 12, so we haven't |
| 12:58:35PM | 2 | been -- the defendants haven't been informed of the |
| 12:58:37PM | 3 | plaintiff's efforts.  We'd ask for seven days to confirm. |
| 12:58:40PM | 4 | THE COURT:  Seven days. |
| 12:58:41PM | 5 | MS. BRILLEAUX:  Thank you, Your Honor. |
| 12:58:42PM | 6 | Linda Lisotto; no PFS declaration, no proof of use, |
| 12:58:47PM | 7 | no after photos, before photos, authorizations, CMO 12 or PTO |
| 12:58:52PM | 8 | 71. |
| 12:58:52PM | 9 | MR. KESSLER:  We've made multiple attempts to contact |
| 12:58:55PM | 10 | this client and have not been able to remedy any of the |
| 12:58:58PM | 11 | deficiencies. |
| 12:58:59PM | 12 | THE COURT:  So dismissed with prejudice. |
| 12:59:02PM | 13 | MR. INSOGNA:  Winsome Martin, no proof of injury |
| 12:59:06PM | 14 | documentation, no declaration, and no authorizations, no PTO |
| 12:59:09PM | 15 | 71. |
| 12:59:09PM | 16 | MR. KESSLER:  Those documents were uploaded to MDL |
| 12:59:13PM | 17 | Centrality yesterday. |
| 12:59:13PM | 18 | THE COURT:  Court's going to grant seven days to |
| 12:59:16PM | 19 | confirm. |
| 12:59:18PM | 20 | Nimo Mohamed. |
| 12:59:18PM | 21 | MS. BRILLEAUX:  Yes, Your Honor.  No PFS declaration, |
| 12:59:22PM | 22 | no after photos, before photos, authorizations, or PTO 71. |
| 12:59:26PM | 23 | MR. KESSLER:  Your Honor, Nimo Mohamed and then the |
| 12:59:31PM | 24 | next three on the list after her, in the interest of saving |
| 12:59:35PM | 25 | time, we made effort to contact them through phone calls and |

12:59:37PM  1  letters and have not heard back.

12:59:39PM  2          Those clients are Nimo Mohamed, Antoinette

12:59:42PM  3  Murray-Carter, Rhonda Neal, and Linda Norvel.

12:59:44PM  4          THE COURT:  Those -- and Linda Norvel?

12:59:49PM  5          MR. KESSLER:  Yes.  A Suggestion of Death was filed

12:59:53PM  6  -- yeah, that's the last one.

12:59:54PM  7          THE COURT:  Those matters are dismissed with

12:59:56PM  8  prejudice.

12:59:56PM  9          MS. BRILLEAUX:  Thank you.

12:59:57PM  10          THE COURT:  Daisie Reish.

12:59:58PM  11          MS. BRILLEAUX:  Yes.  This is no PFS submitted.

01:00:00PM  12          MR. KESSLER:  We consent to dismissal of this matter.

01:00:03PM  13          THE COURT:  This matter's dismissed with prejudice.

01:00:06PM  14          MS. BRILLEAUX:  Nancy Resendiz, no CMO 12A.

01:00:13PM  15          MR. KESSLER:  The e-mail regarding our efforts to

01:00:15PM  16  obtain those documents have been -- was sent this morning.

01:00:21PM  17          THE COURT:  Court's going to grant seven days.

01:00:25PM  18          Janet Ross.

01:00:26PM  19          MS. BRILLEAUX:  That is also a CMO 12, no contact.

01:00:29PM  20          MR. KESSLER:  Regarding that case, we have an issue

01:00:30PM  21  with the third-party vendor we use.  We've been trying to

01:00:35PM  22  obtain from them -- we did make the request for the NDC codes

01:00:40PM  23  through them.  And they made their request, but they do not

01:00:44PM  24  have the written documents.

01:00:45PM  25          We will obtain an affidavit from that company stating

01:00:49PM   **1**   the date the request was made, but we don't have one -- the

01:00:54PM   **2**   original.

01:00:54PM   **3**        MS. BRILLEAUX:  And, Your Honor, the deficiency is

01:00:55PM   **4**   for not contacting the defendants and informing us where they

01:00:58PM   **5**   are in the process.

01:00:59PM   **6**        THE COURT:  Court's going to order that you contact

01:01:01PM   **7**   -- provide the necessary information to defendants within

01:01:03PM   **8**   seven days.

01:01:04PM   **9**        Cathy Sites.

01:01:06PM   **10**       MS. BRILLEAUX:  Your Honor, no PFS declaration, no

01:01:09PM   **11**   after photos, before photos, authorizations, CMO 12, or PTO

01:01:14PM   **12**   71.

01:01:14PM   **13**       MR. KESSLER:  Your Honor, Motion to Substitute was

01:01:17PM   **14**   granted January 28th.  That client is now represented by the

01:01:21PM   **15**   Johnson Law Group.  We were substituted out of that matter.

01:01:24PM   **16**       MS. BRILLEAUX:  And, Your Honor, this has been

01:01:25PM   **17**   pending since June of 2018.

01:01:27PM   **18**       THE COURT:  He's not representing her anymore.

01:01:27PM   **19**       MS. BARRIOS:  He's not representing her.

01:01:30PM   **20**       MS. BRILLEAUX:  Oh, I'm so sorry.  I thought he meant

01:01:34PM   **21**   substituting plaintiff --

01:01:34PM   **22**       THE COURT:  Okay.  It's going to be removed --

01:01:36PM   **23**       MS. BRILLEAUX:  -- but substituting counsel.

01:01:37PM   **24**       THE COURT:  Okay.  Tracy Duckworth Smith.

01:01:39PM   **25**       MR. INSOGNA:  No proof of injury, no proof of use, no

01:01:42PM  1    verification, no authorizations, no PTO 71.

01:01:45PM  2          MR. KESSLER:  Your Honor, we've made multiple

01:01:48PM  3    attempts to contact Ms. Smith as well as the next client,

01:01:51PM  4    Ms. Stevens, and have not been able to get a response.

01:01:55PM  5          THE COURT:  Those matters are dismissed with

01:01:57PM  6    prejudice.

01:02:03PM  7          MR. INSOGNA:  Ellyha Torres, the only after photo we

01:02:04PM  8    have is within six months of the plaintiff's treatment.

01:02:06PM  9    There's no present-day photos and also no PTO 71 submission.

01:02:11PM  10         MR. KESSLER:  PTO 71 was uploaded on April 2nd.

01:02:15PM  11         Regarding the photos, I was not aware of that issue.

01:02:19PM  12    I would request an additional 15 days to get those photos

01:02:24PM  13    from the client.

01:02:25PM  14         THE COURT:  The Court's going to grant seven days.

01:02:28PM  15    This has been too long for both parties to confirm and for

01:02:31PM  16    you to file your photos.

01:02:33PM  17         Rose Young.

01:02:35PM  18         MS. BRILLEAUX:  Your Honor, no PFS declaration, no

01:02:37PM  19    proof of use, no after photos, no before photos,

01:02:37PM  20    authorization, CMO 12, or PTO 71.

01:02:42PM  21         MR. KESSLER:  Your Honor, Suggestion of Death was

01:02:44PM  22    filed on February 28th in this matter.  We've been in contact

01:02:48PM  23    with the client's widower, Hymon Young.  He sent back a

01:02:55PM  24    Plaintiff Fact Sheet that unfortunately had his information,

01:02:58PM  25    not the information of the Taxotere user.  We FedEx'ed a new

01:03:02PM **1**    Plaintiff Fact Sheet to him explaining it has to be the

01:03:05PM **2**    Taxotere user information.  We request additional time to get

01:03:09PM **3**    this --

01:03:09PM **4**        THE COURT:  I'm going to grant 15 days in that

01:03:11PM **5**    matter.

01:03:12PM **6**        MR. KESSLER:  Thank you, Your Honor.

01:03:12PM **7**        Okay.  I think that concludes the call docket, and we

01:03:15PM **8**    can hang up at this point.

01:03:16PM **9**        I do want to talk to --

01:03:22PM **10**        MS. BARRIOS:  Mr. Elliott.

01:03:24PM **11**        THE COURT:  -- Mr. Elliott about Carriene Nevin and

01:03:28PM **12**    Mary Robinson.

01:03:31PM **13**        MS. BARRIOS:  Your Honor, when we hit Teresa Buck,

01:03:34PM **14**    which was No. 13, that was a dual representation issue, and

01:03:36PM **15**    Mr. Elliott has gotten information on it since he was last up

01:03:39PM **16**    here.

01:03:43PM **17**        MS. BRILLEAUX:  Do you know if the line is still

01:03:45PM **18**    open?

01:03:46PM **19**        THE COURT:  That's Teresa Buck.  That's No. 13,

01:03:50PM **20**    18-9798.

01:03:51PM **21**        Okay.  What's the issue?

01:03:52PM **22**        MR. ELLIOTT:  Our case number is 17-17981.  We filed

01:03:56PM **23**    a Plaintiff Fact Sheet on July 2018.  Everything that's

01:04:00PM **24**    required of her has been uploaded.  So she is in compliance,

01:04:03PM **25**    and that's why she hasn't showed up on deficiency on our

| | | |
|---|---|---|
| 01:04:07PM | 1 | docket. |
| 01:04:08PM | 2 | MS. BRILLEAUX:  Absolutely, Your Honor.  We're asking |
| 01:04:09PM | 3 | for dismissal with prejudice of 18-0978 since |
| 01:04:13PM | 4 | she's represented -- |
| 01:04:13PM | 5 | THE COURT:  I think there's -- |
| 01:04:15PM | 6 | MR. ELLIOTT:  And ours will remain active? |
| 01:04:19PM | 7 | MS. BRILLEAUX:  Yes. |
| 01:04:19PM | 8 | THE COURT:  Yes. |
| 01:04:19PM | 9 | MS. BRILLEAUX:  Thank you. |
| 01:04:21PM | 10 | THE COURT:  And then we had the other two cases, 34 |
| 01:04:25PM | 11 | -- |
| 01:04:25PM | 12 | MS. BRILLEAUX:  The ones we were going back to? |
| 01:04:24PM | 13 | THE COURT:  -- and 35. |
| 01:04:28PM | 14 | MS. BRILLEAUX:  Mary Robinson and Janet Smith? |
| 01:04:28PM | 15 | THE COURT:  Yes.  Oh, no. |
| 01:04:33PM | 16 | MR. INSOGNA:  Carriene Nevin. |
| 01:04:34PM | 17 | MS. BRILLEAUX:  Sorry.  Carriene Nevin and Mary |
| 01:04:35PM | 18 | Robinson. |
| 01:04:38PM | 19 | MR. ELLIOTT:  These are cases we are asking for |
| 01:04:40PM | 20 | 30 days so we can try to get the proof of use. |
| 01:04:42PM | 21 | THE COURT:  What's the -- this is not the CMO 12 |
| 01:04:49PM | 22 | issue; this is just medical records? |
| 01:04:54PM | 23 | MR. ELLIOTT:  Yeah.  We made a request to the |
| 01:04:56PM | 24 | facility.  They come back generally and they'll say, "We |
| 01:04:59PM | 25 | don't have proof, or they've been destroyed.  We can't find |

01:05:02PM **1** her."  Sometimes we find out that the client didn't treat at

01:05:06PM **2** that same facility.  So we have to reorder them.

01:05:09PM **3** In these situations -- let's see.  With her -- let's

01:05:13PM **4** see.  Carriene Nevin, it says:  Plaintiff found the correct

01:05:15PM **5** name of the facility, so we reordered them on March 14th of

01:05:18PM **6** 2019.  So we're reordering the medical records again for the

01:05:22PM **7** dates and new facility she provided to us.  We're asking for

01:05:26PM **8** 30 days so that we can get the proof of use.

01:05:28PM **9** THE COURT:  All right.  I'll give you 30 days.

01:05:30PM **10** But what about Ms. Mary Robinson?

01:05:32PM **11** MR. ELLIOTT:  Mary Robinson, another 30-day, need

01:05:36PM **12** clarification on proof received in March, spoke with her.

01:05:39PM **13** She says -- this is the lady that swears that she took the

01:05:42PM **14** Taxotere.

01:05:43PM **15** THE COURT:  I understand that.  But she filed this in

01:05:45PM **16** 2017, and we need a medical record that says that.

01:05:48PM **17** MR. ELLIOTT:  So we actually issued a subpoena on

01:05:50PM **18** 04/02 for her.  And we'd ask for time to get that back.  And

01:05:56PM **19** if it comes back that she didn't have it, then we'll have to

01:05:59PM **20** dismiss the case.

01:06:00PM **21** THE COURT:  30 days.

01:06:08PM **22** MR. ELLIOTT:  Thank you, Judge.

01:06:09PM **23** MS. BRILLEAUX:  Thank you, Your Honor.

01:06:12PM **24** MS. BARRIOS:  Thank you, Your Honor.

**25** * * * *

1          (WHEREUPON, the proceedings were adjourned.)

2                          * * * *

3                    REPORTER'S CERTIFICATE

4          I, Nichelle N. Drake, RPR, CRR, Official Court
   Reporter, United States District Court, Eastern District of
5  Louisiana, do hereby certify that the foregoing is a true and
   correct transcript, to the best of my ability and
6  understanding, from the record of the proceedings in the
   above-entitled and numbered matter.

7

8                      ___/s/ Nichelle N. Drake___
                          Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25