# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

Antoinette Durden, Case No. 2:16-cv-16635;
Tanya Francis, Case No. 2:16-cv-17410;
Barbara Earnest, Case No. 2:16-cv-17144

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' NOTICE OF VIDEOTAPED DEPOSITION OF CURTIS THOMPSON, M.D.**

Pursuant to the Federal Rules of Civil Procedure 30 and 34, Plaintiffs Antoinette Durden, Tanya Francis, and Barbara Earnest, through Plaintiffs' Steering Committee (PSC), hereby submit the following Objections and Responses to Defendants' Notice of Videotaped Deposition of Curtis Thompson, M.D.

**OBJECTIONS TO DEFINITIONS**

1. The PSC objects to the definition of "YOU" and "YOUR" to refer to "Curtis Thompson and all persons acting for you or on your behalf." Accordingly, where the terms, "You" or "Your" are used in these Requests, the PSC will limit its responses to the deponent, Curtis Thompson, M.D., consistent with the applicable law.

2. The PSC objects to the term "DOCUMENTS" which is defined as "the original and any nonidentical copy, regardless of origin or location, of any e-mail, database, or electronic communications of any type, written, recorded, transcribed, punched, taped, filed, graphic or Tangible matter, however produced or reproduced, in your possession or custody or under your control"; and as "used in the broadest sense consistent with the terms of the Federal Rules of

Civil Procedure, and includes, without limitation, every writing, record, photograph, piece of electronically stored information, and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, including without limitation: writings; correspondence; records; tables; charts; graphs; reports; notes; telegrams; telexes; telefax transmittals; telecopy, facsimile or fax transmittals or transmissions; cables; messages; e-mails; electronic messages; electronically stored or transmitted documents; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra- and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries, or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions." The PSC objects to these definitions as being overly broad and unduly burdensome to the extent that the definitions are (1) inconsistent with or

2

enlarge the scope of permissible discovery under the applicable law or local rules; (2) include information or materials tangentially implicating subjects without regard to relevance and proportionality; (3) would require extraordinary efforts and costs to retrieve such materials or such materials are inaccessible; and (4) seek information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

      3.      The PSC objects to the term "Communication" which is defined to mean "the transmittal of information or a request for information (in the form of facts, ideas, inquiries, or otherwise), whether by written, oral, electronic, or other means. Communications include, but are not limited to all discussions, conversations, meetings, conferences, telephone conversations, interviews, voicemails, negotiations, agreements, understandings, letters, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchanges, however transmitted or stored, including reports, notes, memoranda, lists, agendas and other records of communications." The PSC objects to this definition as being overly broad and unduly burdensome to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery under the applicable law or local rules; includes information or materials tangentially implicating subjects without regard to relevance and proportionality; would require extraordinary efforts and costs to retrieve such materials or such materials are inaccessible; and seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

      4.      The PSC objects to the terms "Concern" or "concerning," which is defined to mean "referring to, describing, evidencing, constituting, pertaining to, containing, describing,

embodying, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, or relating to," to the extent that the definition is inconsistent with or enlarges the scope of permissible discovery authorized by applicable law, fails to reasonably identify the documents sought by type and category, and seeks information tangentially implicating subjects without regard to relevance and proportionality.

## EXHIBIT "A"

## ITEMS TO BE PRODUCED

1. All pathology materials in your possession for Ms. Earnest, Ms. Francis, Ms. Durden, and Ms. Tuyes.

    **RESPONSE:** No pathology materials remain in the custody of the witness or his lab. All slides and remaining biopsy materials have been provided to Sanofi.

2. The "video" referred to in your invoice 3.

    **RESPONSE:** The PSC objects to request #2, as the video is protected work product as determined by Magistrate Judge North.

3. The "summary memo" of the "video" referred to in your invoice 3.

    **RESPONSE:** There is no "summary memo" to produce. The only document concerning the videos referenced in the witness' invoice is an email authored by Dr. Thompson dated August 6, 2018, and this has previously been produced.

4. All communication or documents regarding the stem cell study that is referred to in your invoices.

    **RESPONSE:** The PSC objects to this request as seeking protected work product. The PSC further objects to the extent Sanofi requests materials "regarding the stem cell study" as no such study was ever conducted. As set forth in Dr. Thompson's letter to

4

      Judge Milazzo, Dr. Thompson did not communicate with any other expert concerning the pathology slides stained with Cytokeratin 15 or Ki-67.

5. All communication or documents between you and Dr. Tosti regarding these cases and/or stem cells.

   **RESPONSE:** The PSC objects to this request as seeking protected work product, as determined by Magistrate Judge North.

6. All communication or documents between you and the person redacted in your invoice 5.

   **RESPONSE:** The PSC objects to this request as seeking protected work product, as determined by Magistrate Judge North.

7. All communication or documents in your possession regarding the person redacted in your email dated August 6, 2018 sent at 10:50 AM.

   **RESPONSE:** The PSC objects to this request as seeking protected work product, as determined by Magistrate Judge North.

8. All communication or documents in your possession regarding Dr. Poole who is referred to in the email sent by Anne Andrews on March 28, 2018 at 11:53 AM.

   **RESPONSE:** The PSC objects to this request as seeking protected work product, as determined by Magistrate Judge North.

9. Anything in your possession regarding any stem cell study regarding chemotherapy.

   **RESPONSE:** The PSC objects to this request as seeking protected work product. The PSC further objects to the extent Sanofi requests materials "regarding the stem cell study" as no such study was ever conducted. As set forth in Dr. Thompson's letter to Judge Milazzo, Dr. Thompson did not communicate with any other expert concerning

      the pathology slides stained with Cytokeratin 15 or Ki-67.  The PSC further objects to this request as overly broad as it relates to "any stem cell study."  Dr. Thompson has not conducted, nor is he currently conducting, any study concerning follicle stem cells and chemotherapy.

10. All communications between the witness and any third party other than counsel for the Plaintiffs, including but not limited to Plaintiffs' other retained experts, relating in any way to the Taxotere litigation.

    **RESPONSE:** The PSC objects to this request as seeking protected work product, as determined by Magistrate Judge North. S

11. All time sheets, time records, billing records, and documents reflecting the time You spent in connection with Your work on the Taxotere litigation and the amounts invoiced or to be invoiced for that time.

    **RESPONSE:** Such records have previously been produced.  Time billed to the PSC since Dr. Thompson's last deposition will be produced.

12. Any and all documents or communications, including, but not limited to, emails between you and any individual regarding the Studies.

    **RESPONSE:** The PSC objects to this request as seeking protected work product.  The PSC further objects to the extent Sanofi requests materials "regarding the Studies" as this request is both overly broad and vague. The PSC and Dr. Thompson have already stated clearly that no stem cell study was ever conducted.  To the extent Sanofi requests communications between Dr. Thompson and the PSC concerning studies documented in the published literature, the PSC objects as the request seeks protected work product and further objects to the extent Sanofi has had a full opportunity to examine Dr.

Thompson regarding same. As set forth in Dr. Thompson's letter to Judge Milazzo, Dr. Thompson did not communicate with any other expert concerning the pathology slides stained with Cytokeratin 15 or Ki-67. Likewise, he did not communicate with other experts concerning the published literature or "studies" in the literature. The PSC further objects to this request as overly broad as it relates to any study, of any type conducted for any purpose.

Dated: April 2, 2019

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

Respectfully submitted,

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura (on the brief)
GIBBS LAW GROUP LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

7

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
400 Continental Boulevard, 6th Floor
El Segundo, CA 90245
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
The Lambert Firm, PLC
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
ejeffcott@thelambertfirm.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, I electronically served the foregoing on counsel for Defendants and Defendants' Liaison Counsel.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT

9