**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**
**All Cases**

**PSC MEMORANDUM IN OPPOSITION TO SANOFI DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY OF DR. CURTIS THOMPSON RELATED TO STEM CELL STUDY**

MAY IT PLEASE THE COURT:

Because Sanofi's motion to compel (Rec. Doc. 6745) is premature, and since the Plaintiffs' Steering Committee ("PSC") has produced all responsive non-privileged documents and produced its expert witness for two separate deposition settings regarding Sanofi's characterization of a "stem cell study," the motion must be denied.

## I. Sanofi's Motion is Premature.

On April 15, 2019, Sanofi asked Judge Milazzo to reverse this Court's April 1, 2019 Order (Rec. Doc. 6616) ruling that certain materials and videos reviewed in camera constitute protected work product not subject to discovery. (Rec. Doc. 6744). The PSC's response to this motion is due on April 30.

That same day, Sanofi separately asked Judge North to reconsider the discovery order which it appealed through the instant motion (Rec. Doc. 6745), in which Sanofi is careful not to use the "r" word (reconsideration); instead, it asks the Court to compel materials already found to constitute protected work product not subject to discovery.

Nothing has changed to warrant reconsideration, and Judge Milazzo will soon review the discovery ruling. Seeking reconsideration twice, at the same time, and from different audiences is at best gamesmanship. After all, Sanofi's second filing before Your Honor (accelerating response time) gives Sanofi a sneak peek into the PSC's legal position well before its response is due to Judge Milazzo on April 30. Because Sanofi concurrently asks this Court to issue an order that it also seeks from Judge Milazzo, the motion should be denied on its face.

## II. The Motion seeks to Compel Documents Already Determined by this Court to be Privileged.

The Court should reject Sanofi's motion to compel out of hand. Sanofi should not be permitted to move to compel the production of materials already found to be privileged—at the same time that it seeks reconsideration of a discovery ruling that certain material is protected work product. What's more, Sanofi knows full well that it cannot establish the stringent standard of review for reconsideration: it cannot show clear error or manifest injustice. Surely Sanofi cannot avoid that formidable standard through a sleight of hand: calling its request for reconsideration a motion to compel.

Your Honor described the legal rationale behind the ruling that the videos are privileged. (April 11, 2019 transcript, p. 15, ll.16-24). The Court explained:

> Because these are videos. They're videos of consulting experts in a room talking to lawyers. That's what they're videos of. By providing that video to a testifying expert is no different than putting the testifying expert in the room with the lawyers and the consulting expert, and you're not entitled to discovery of what happens in that meeting because it's with the lawyers. That's what these videos are and that's why they're not discoverable. They're experts meeting with counsel in the litigation.

And in response to Sanofi's argument that science is discoverable, Your Honor stated:

"I am not buying it. This is a meeting of an expert with the lawyers that was simply sent to the other expert." (Id. at p. 16, ll. 10-11).

Your Honor similarly held that the documents (emails) were not relevant and protected as work product:

> The only thing I looked at involved the attorneys. And the documents were -- they were not relevant really to anything. They were setting up meetings and phone calls and making introductions. There was nothing relevant in any of those documents, which is why I said they didn't need to be logged.
> (Id. P. 17, ll. 13-17).

And, once again, Your Honor held the document were protected:

> *I am not inclined to reconsider my decision on the videos because I know what's in them, and I don't think that I am going to change my mind*. I don't know what it is -- I think that attorneys are entitled to meet with their experts, testifying and otherwise, and I think they can meet with them together or they can meet with them separately. I think that that's what probably makes this somewhat different than the situation that you described in Judge Fallon's case where it's a document that's being moved around. This is a videotaped meeting with the attorneys, and I don't think that anybody in this case really wants to go down that road because it isn't going to be a one-way road. (Id. P. 20, ll. 10-21). (Emphasis supplied.)

Sanofi's Motion to Compel raises no new argument, law, or fact that Magistrate Judge North has not reviewed, considered and rejected. Sanofi's motion to compel merely treads old ground, by seeking:

- ***Any documents, correspondence, or materials regarding Dr. Thompson's decision not to conduct stem cell staining on Ms. Tuyes's biopsy samples.***

No responsive document exists. Additionally, Dr. Thompson was sully questioned about Ms. Tuyes' biopsy samples on April 3, 2019. (Id. p. 387-390.)

- ***Any documents, correspondence, or materials regarding the "Videos," referenced in Dr. Thompsons's 8/9/2018 invoice entry.***

The only document referencing the videos in Dr. Thompson's August 8, 2018 invoice is an email authored by Dr. Thompson on August 6, 2018, and this has previously been produced to Sanofi.

- ***The identity of the person or entity redacted from Dr. Thompson's 8/9/2018 invoice entry.***

This Court's April 1, 2019 ruling held that the identity of the person or entity redacted from Dr. Thompson's August 8, 2018 invoice entry is protected work product. (Rec. Doc. 6616).

- ***The "summary memo" referenced in Dr. Thompson's 8/6/2018 invoice, and all related documents, correspondence, or materials.***

There is no "summary memo" to produce. Dr. Thompson has already been questioned about this in deposition testimony. There are no related document, correspondence, or materials.

- ***Any documents, correspondence, or materials regarding the "telephone call stem cell study" referenced in Dr. Thompson's 8/15/2018 invoice entry.***

The only responsive document is an email explaining the videos referenced in Dr. Thompson's August 8, 2018 invoice authored by Dr. Thompson on August 6, 2018, and this has previously been produced.

- ***Any documents, correspondence, or materials regarding the "planning" of the "stem cell study at CTA Lab" referenced in Dr. Thompson's 8/15/2018 invoice entry.***

The only responsive document is an email explaining the videos referenced in Dr. Thompson's August 8, 2018 invoice authored by Dr. Thompson on August 6, 2018, and this has previously been produced.

- ***Any documents, correspondence, or materials regarding the development of any stem cell study – including the protocol itself – of which Dr. Thompson was aware.***

Again, this Court held that any responsive documents are protected work product. To the extent Sanofi requests materials "regarding the stem cell study," there are no responsive documents as no

such study was ever conducted. As set forth in Dr. Thompson's letter to Judge Milazzo,[1] other than copying Dr. Tosti on an e-mail, Dr. Thompson did *not* communicate with any other expert concerning the pathology slides stained with Cytokeratin 15 or Ki-67.

- ***Any documents, correspondence, or materials related to the "email regarding normal hair samples for stem cell study," including the email itself, referenced in Dr. Thompson's 9/3/2018 invoice entry.***

Dr. Thompson already responded in his February 26, 2019 deposition testimony regarding this particular entry in his invoices. (See p. 344, l.1-15).[2] The PSC is in possession of no other responsive information to this request.

- ***Any documents, correspondence, or materials related to the literature sent by John Thornton referenced in Dr. Thompson's 9/24/2018 invoice entry.***

This was not related to the stem cell issue; it was part of the preparation of Dr. Thompson's Rule 26 report. Materials considered in forming Dr. Thompson's expert opinions have already been produced and are referenced in his Rule 26 report. Any other responsive information is protected under the privilege for draft reports and communications with counsel. *See* Fed. R. Civ. P. 26(b)(3)(A), 26(b)(3)(B).

- ***Any documents, correspondence, or materials related to "organization of slides sent to REDACTED" referenced in Dr. Thompson's 10/24/2018 invoice entry.***

---

[1] Letter of March 27, 2019, previously provided to Your Honor on April 8, 2019 as Exhibit F to the PSC's letter submission.

[2] Q. The next entry down is also September 3rd, 2018, and it says "E-Mail regarding normal hair samples for stem cell study." What can you tell me about that?
A. Oh, on the, the video, the researcher who was, the videos that I looked at from the August 6th review, that researcher indicated an interest in doing research in his laboratory and needed specimens. And I just simply said, if and when you need them, I can provide them, not from, not anything from this case, hair samples. So I just acknowledged that I can provide these and then I, that was it.
Q. So is that an e-mail to the consulting expert?
A. I believe so.

No documents, correspondence, or materials described exist. There is nothing to produce, and the name of a non-testifying consultant is protected work product, as this Court ruled on April 1.

- ***The identity of the person or entity redacted from Dr. Thompson's 10/24/2018 invoice.***

This request seeks the name of a non-testifying consultant protected by Rule 26. This individual received, but sent back to Dr. Thompson without opening or reviewing, pathology materials that did not include the slides stained with Cytokeratin and Ki-67.

- ***Any additional documents, correspondence, or materials that have not yet been provided regarding the development of any stem cell study of which Dr. Thompson was aware.***

All responsive documents have been produced or are protected work product, as recognized in this Court's April 1, 2019 ruling.

Lastly, Sanofi also seeks four more hours to depose Dr. Thompson. The Court has already reviewed the deposition testimony of Drs. Thompson and Tosti. The Court asked Sanofi to identify what more questioning they could possibly ask. It is clear that Sanofi has had ample opportunity to explore Sanofi's claim that the PSC conducted a "stem cell study." Objections made in Dr. Thompson's deposition were consistent with the Court's rulings, were not obstructive or improper, and did not prevent Sanofi from obtaining responses from Dr. Thompson. Sanofi should not be permitted to re-examine Dr. Thompson on issues that do not pertain to his opinions set forth in his expert report.

## III. Conclusion

Sanofi has filed a motion to compel that prematurely and inappropriately seeks to revisit the Court's rulings, while an appeal is pending before Judge Milazzo on the same issues. Because there is no reason to reconsider the Court's rulings—and Sanofi offers none, let alone a reason that proves clear error—the Court should deny Sanofi's motion to compel. Furthermore, the PSC has

produced all non-privileged documents related to Sanofi's characterization of a "stem cell study."[3]

Accordingly, the PSC respectfully asks this Court to deny Sanofi's motion.

Dated: April 22, 2019

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

[3] This satellite discovery began with Dr. Thompson inadvertently forgetting to send stem cell slides. From this lapse in memory, Sanofi has weaved a theory of "litigation generated science". Your Honor's response was:
"I haven't seen any yet in this case, although you all seem to think that it's floating around out there." (Id. P. 45, ll 19-20).

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2019 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS