UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)       MDL NUMBER: 2740
       PRODUCTS LIABILITY
       LITIGATION
                                   SECTION: "H"(5)

                                   THIS DOCUMENT RELATES TO
                                   ALL CASES

## ORDER ON MOTION TO COMPEL

Before the Court is a "Motion to Compel Production of Documents and Testimony of Dr. Curtis Thompson Related to Stem Cell Study" filed by Sanofi. (Rec. doc. 6745). The PSC has filed a brief in Opposition. (Rec. doc. 6783). For the reasons set forth below, the motion is denied.

In its opposition memorandum, the PSC characterizes Sanofi's motion to compel as a motion for reconsideration in disguise, because much of what Sanofi seeks to compel was the subject of a prior ruling of this Court, which was memorialized in an Order dated April 1, 2019. (Rec. doc. 6616). That Order is now the subject of an appeal/motion for review pending before the District Judge. (Rec. doc. 6744). The PSC is correct that the motion to compel now before this Court and the appeal/motion for review are essentially seeking the same relief – whole portions of the two briefs are cut-and-paste mirror images of each other. Why Sanofi would employ the strange strategy of filing almost identical briefs before different Judges mere minutes apart is a mystery.[1] No matter the reason, to this Court it seems clearly improper, particularly given that Sanofi failed to acknowledge in its brief that

---

[1] The Court's CM/ECF system indicates that the appeal was filed before Judge Milazzo at 6:55 p.m. on April 15, 2019 and that the present motion to compel was filed before the undersigned at 7:26 p.m. that same day.

it was seeking reconsideration by this Court of at least part of its April 1, 2019 Order.[2]  For this reason, the request for production of additional documents and videos is denied.

As for the request for additional testimony from the PSC's testifying expert, Dr. Thompson, that request is denied for a different reason.  The Court allowed Sanofi to file the present motion to compel based upon representations of counsel at its April 11, 2019 status conference that Dr. Thompson had been instructed not to answer certain questions that Sanofi deemed important.  The Court instructed Sanofi to file a motion to compel that specifically identified questions that Dr. Thompson was instructed not to answer so that it could determine whether the instruction was appropriate and whether, perhaps, Sanofi was entitled to additional deposition time with that witness.  Sanofi has failed almost completely to abide by this instruction.

In its brief, Sanofi identified but a single question that Dr. Thompson was instructed not to answer.  (Rec. doc. 6745-1 at p. 5).  That instruction was made only to the extent that answering the question would require Dr. Thompson to reveal the identity or work of a non-testifying expert, not his own work.  The Court need not decide the propriety of that instruction, because the inability of Sanofi to obtain the answer to that single question results in no marked prejudice.

The Court did not read the entire deposition transcript to search for other instances in which the witness may have been instructed not to answer a legitimate question, because it directed Sanofi to specifically identify such instances.  In light of Sanofi's almost total failure to do so, the Court is left to conclude that there are no such instances beyond the

---

[2] This is not an insignificant omission – a movant on a motion for reconsideration faces a heightened burden of persuasion.

single one cited and that the entire argument was overblown.  Sanofi's request for additional deposition time with Dr. Thompson is therefore denied.

To the extent that Sanofi seeks additional documents on the "stem cell" topic that have not already been addressed by the Court, the PSC's brief indicates that they either do not exist (*e.g.*, documents related to Dr. Thompson's decision not to test Ms. Tuyes' biopsy samples and the "summary memo" referenced in his invoice) or they were already produced (*e.g.*, documents regarding the "videos" and "telephone stem cell study" referenced in Dr. Thompson's invoices).  (Rec. doc. 6783 at pp. 3-4).  Accordingly, there is nothing additional to compel.

Finally, the Court notes a troubling element of Sanofi's brief.  In arguing that this Court should essentially reconsider its prior rulings concerning certain materials, including videos, sent to Dr. Thompson by the PSC, Sanofi cites numerous cases that are said to stand for the proposition that Rule 26 requires "disclosure of any materials a testifying expert considers, even where that information comes from an attorney or non-testifying expert whose work product generally is not subject to discovery."  (Rec. doc. 6745-1 at p. 7).  Problematically, every single case cited in support of this proposition predates the 2010 amendments to Rule 26, particularly Rule 26(a)(2)(B) and (b)(4), which are of particular concern here.

The advisory committee notes to that amendment state, in pertinent part, as follows:

> Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993.  This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports.  The amendments to Rule 26(b)(4) make this change explicit by providing work-product

3

<u>protection against discovery regarding draft reports and disclosures or attorney-expert communications</u>.

> Fed. R. Civ. Pro. 26(a)(2)(B), Adv. Comm. Notes (emphasis added)

The Court is entitled to expect that counsel will not cite <u>solely</u> to pre-amendment caselaw when discussing subject matter that is at the heart of an amendment and it expects better in the future. Suffice it to say here that the Court's own review of the Rule, comments, and post-amendment caselaw confirm its view that it has correctly decided these matters.

New Orleans, Louisiana, this __24th__ day of _____April_____, 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

4