UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
All Cases

## PLAINTIFFS' OPPOSITION TO SANOFI'S NOTICE OF DE-DESIGNATION PURSUANT TO CMO NO. 14C

### Introduction

Invoking CMO 14C, Sanofi seeks to de-designate the *Earnest* and *Thibodeaux* cases[1] from the Trial Pool proceedings (Rec. Doc. 6807) because Plaintiffs Gabriel and Warren (trial picks from Round 3) requested voluntary dismissal in March 2019. The problem for Sanofi is that CMO 14C is entirely inapplicable in these circumstances. The Court should therefore strike Sanofi's Notice of De-Designation Pursuant to CMO 14C. ("Notice")

### Argument

**I.  Sanofi's Notice is Improper and Should be Stricken.**

There are four case management orders that govern Trial Pool proceedings: CMOs 14, 14A, 14B, and 14C. The Court adopted the last one on April 22, 2019. It serves two purposes. First, it amends the trial pool selection process. And second, it establishes the procedures for trial pool case dismissals, substitutions and de-designations.

---

[1] Respectively, *Barbara Earnest v. Sanofi et al.,* Case No. 2:16-cv-17144, and *Cynthia Thibodeaux v. Sanofi et al.*, Case No. 2:16-cv-15859.

1

Both amendments in CMO 14C apply *prospectively*. The amendments relating to the selection of Trial Pool plaintiffs govern those to be selected on May 1, 2019. *See* CMO 14C (Rec. Doc. 6789 at 1). And the amendments relating to dismissal and de-designation or substitution "shall apply to any Plaintiff seeking voluntary dismissal or withdrawal from the Trial Pool after the date of this Order"—April 22, 2019. CMO 14C (Rec. Doc. 6789 at 2). Otherwise, "[a]ll other provisions of CMOs 14, 14A, and 14B shall remain in full force and effect." *Id*. at 4.

The Court's CMOs, then, could not be clearer:  Plaintiffs who sought voluntary dismissal before CMO 14C was entered are governed by CMOs 14, 14A, and 14B—and "will be dealt with through the pending motions [to dismiss]." CMO 14C (Rec. Doc. 6789 at 3, n.1).  And Plaintiffs who seek voluntary dismissal after April 22 are governed by CMO 14C.

Here, Plaintiffs Gabriel and Warren sought voluntary dismissal in March 2019. CMO 14C is thus inapplicable, even though the Court has not yet ruled on Plaintiffs Gabriel's and Warren's motions to dismiss.[2]  This is because CMO 14C's applicability turns on when a Plaintiff "seeks" dismissal—not when the Court grants dismissal.[3]  *See* CMO 14C (Rec. Doc. 6789 at 2).

Sanofi's reading has ramifications beyond the issues in the Notice.  CMO 14C provides different outcomes/remedies depending on when a Trial Pool Plaintiff seeks dismissal.  Under Sanofi's proffered interpretation, the Defendants get to de-designate a Plaintiff if a Plaintiff seeks voluntary dismissal of her case and the Court does not rule on the request within 14 days of being selected for the Trial Pool.  In other words, Sanofi prefers to interpret CMO 14C as allowing it to

---

[2] Ms. Gabriel informed Sanofi on January 21, 2019 that she sought dismissal with prejudice and eventually filed for dismissal on March 11, 2019. (Rec. Doc. 6496) Likewise, Ms. Warren informed Sanofi on March 4, 2019 of her desire to voluntarily dismiss, and filed an opposed Motion to Dismiss with Prejudice on March 18, 2019. (Rec. Doc. 6530).

[3] Sanofi's reading of CMO 14C means that "seeking dismissal" has two components:  filing for dismissal and the Court then acting on the request (the timing of which is outside of a plaintiff's control).

opt for the more punitive avenue of striking Plaintiffs' trial picks (even those ready for trial) rather than promptly designating substitutions if 14 days pass with no dismissal Order from the Court.

For these reasons, CMO 14C does not authorize Sanofi to use Ms. Gabriel's and Ms. Warren's requests for dismissal as vehicles to de-designate the *Earnest* and *Thibodeaux* cases from the Trial Pool proceedings. Sanofi's Notice, then, should be stricken in its entirety.

**II.     Sanofi's Retrospective Application of CMO 14C Skews the Representative Nature of the Trial Pool.**

Sanofi's Notice does more than disregard this Court's procedures. It reveals Sanofi's intent to render the Trial Pool unbalanced. Instead of designating substitutions for the cases Plaintiffs sought to dismiss or those who had to be dismissed due to infusions from two defendants, as the 505(b)(2) Defendants did, Sanofi strategically refused and delayed until the Court entered an Order on de-designations.

If Sanofi's tactical strikes are permissible, then the first two trials would be:

- Trial 1: Tanya Francis, a Defense selection, as the primary Plaintiff with no alternate, due to Sanofi's de-designation.  This trial is currently set for September 16, 2019.  If Ms. Francis' health deteriorates and her case is unable to proceed, or Sanofi settles it, no case is ready for trial.

- Trial 2: No primary Plaintiff (due to Sanofi's strike) and no alternate Plaintiff, as Sheila Crayton, a Defense selection, sought removal as a Trial Plaintiff for good cause, her health. Since CMO 14C allows a Plaintiff selected for the Trial Pool to be removed for health reasons, Ms. Crayton should be removed from the Trial Pool with no replacement (though Sanofi is refusing her removal for cause, presumably to be able to select a replacement with a delayed trial start date). If Sanofi's Notice stands, Trial 2 would have no primary or alternate Plaintiff, thus frustrating the bellwether process.

3

And if Sanofi's Notice prevails, then Plaintiffs can only hope for the third trial to be a Plaintiff selection sometime in late 2020 or 2021, four to five years after this MDL began. Such imbalance in bellwether trials is neither common nor productive.

### III. Sanofi's Retrospective Application of CMO 14C Renders the Trial Pool Process Inefficient.

All Defendants insisted that the Court enact amendments to the Trial Pool process to avoid a situation where cases are deep into discovery but then dismissed. Sanofi's attempt to apply CMO 14C retrospectively, however, has that exact effect of wasting discovery which it sought to avoid with CMO 14C.

For the *Earnest* and *Thibodeaux* cases, Phase 1 and 2 discovery have been completed. In fact, for both cases, the parties have expended considerable time working up the cases, including many depositions. In *Earnest* the parties have exchanged expert reports, *Daubert* briefing, and summary judgment briefing. Importantly, both Earnest and Thibodeaux received docetaxel during Sanofi's exclusive patent period; thus, there exists no identity of manufacturers issue.

Sanofi's de-designations would remove both cases from the Trial Pool, rendering the extensive time and expense dedicated to their cases wasted. Through no fault of their own, Ms. Earnest and Ms. Thibodeaux would be ineligible for future bellwether trials, despite the fact that each has participated in extensive discovery (and full dispositive motion practice for Earnest). Being stricken is a significant penalty for their willingness to proceed as bellwether Plaintiffs, tackling issues common to thousands of women and shouldering the burden of the obligations of those roles.

Sanofi's retrospective application of CMO 14C also makes little sense when it comes to *Gabriel* and *Warren*. When Ms. Gabriel and Ms. Warren sought dismissal, *no* CMO informed

4

them or the PSC that Defendants could then de-designate any Plaintiffs' pick. It would be deeply unfair to Plaintiffs to impose entirely new rules retrospectively.

Further, when Ms. Gabriel and Ms. Warren sought dismissal, their cases were in the earliest stages of litigation. At that time, Sanofi had not sought to depose Ms. Gabriel or Ms. Warren. It had issued no discovery to them. And it had made almost no effort to obtain their medical records.[4] Sanofi's Notice strikes the PSC selected cases developed and ready for trial because of dismissals sought in cases where little discovery has been done.

## IV. Plaintiffs' Proposed Solution

Unlike Sanofi's Notice, Plaintiffs decline to use this platform to argue the merits of Ms. Warren's and Ms. Gabriel's motions to dismiss. If the Court grants dismissal, Plaintiffs believe the proper remedy would be to allow Sanofi to (1) substitute another Trial Pool case in place of Ms. Crayton as the alternate for the second trial, and/or (2) substitute three new cases into the Trial Pool as replacements for the Crayton, Gabriel and Warren cases. This substitution solution is identical to the agreement Plaintiffs and the 505(b)(2) Defendants reached, and it is a fair and practical solution.

---

[4] It is telling that for PSC selected Plaintiffs in the Trial Pool (Stevenson and Collins, which were selected at the same time as Gabriel and Warren), Sanofi has not uploaded any medical records to Centrality, issued written discovery or requested or taken any depositions. Yet, Sanofi attempts to strike the two PSC selected Plaintiffs that are ready or close to ready for trial.

5

## Conclusion

For these reasons, the Court should strike Sanofi's notice of de-designation based on CMO 14C because it is inapplicable in these circumstances.

Dated: April 29, 2019

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura (CA Bar # 298541)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                                */s/ Dawn M. Barrios*
                                                               DAWN M. BARRIOS