## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) |
| **THIS DOCUMENTS RELATES TO:** | |
| *Jones, et al. v. Sanofi U.S. Services Inc., et al.*, 2:19-cv-01164-JTM-MBN | |

### SANOFI U.S. SERVICES INC. AND SANOFI-AVENTIS U.S. LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC (hereinafter "Sanofi") respectfully request that this Court deny Plaintiffs' Motion to Remand.

### INTRODUCTION

On September 24, 2018, this multi-Plaintiff case alleging causes of action against multiple Defendants, including McKesson Corporation (hereinafter "McKesson"), was removed from California state court. (Rec. Doc. 1.) On February 12, 2019, the JPML issued a Transfer Order transferring this case to MDL 2740. (Rec. Doc. 43.) On February 25, 2019, the case was transferred from the Central District of California. (Rec. Doc. 45.)

Despite Court Order that "Plaintiffs who file cases in California Superior Courts naming McKesson as a Defendant that are subsequently removed by a Defendant and transferred to this MDL, shall meet and confer in an attempt to resolve the remand issue prior to submission of any briefing," (PTO 77A, Rec. Doc. 2202), on March 29, 2019, Plaintiffs filed a Motion to Remand to State Court. (Rec. Doc. 6597.) At that time, Plaintiffs had not "provide[d] any information possessed concerning McKesson's alleged connection to the Plaintiff[s'] use of

Taxotere/docetaxel (including the Plaintiff[s'] treatment time period, and the facility where Taxotere/docetaxel was administered to the Plaintiff)." (*See* Rec. Doc. 2202.) Only after numerous emails urging Plaintiffs' counsel to comply with Court Order was this information provided to Defendants.[1]  Plaintiffs' counsel also refused to withdraw the Motion to Remand in compliance with PTO 77A, forcing Defendants to respond, which also violates PTO 77A.

A plaintiff's treatment time period and infusion facility should be known to a plaintiff before filing suit and pled in her Complaint. If this information had been provided at the outset in this case, the parties and the Court could have saved significant time and resources. Regardless, the intentional concealment of this basic information in order to engage in jurisdictional gamesmanship should not be rewarded with remand.

Sanofi opposes this Motion to Remand for the same reason it removed the case: because McKesson is fraudulently or improperly joined. As stated in its initial Notice of Removal (Rec. Doc. 1), incorporated by reference herein, Plaintiffs do not plausibly allege that they each were treated with docetaxel distributed or manufactured by McKesson. McKesson's PTO 77A written statement reveals that of all sixteen Plaintiffs named in the Complaint, it only "distributed Taxotere/docetaxel" to Ms. Debra Pollack's infusion facility during the timeframe that Ms. Pollack was allegedly treated.[2]  *See* Distribution Information for McKesson Packaging Services Pursuant to Pretrial Order No. 77A, attached as **Exhibit A**. However, this information does nothing to

---

[1] The Motion to Remand was filed March 29, 2019. (Rec. Doc. 6597.) The information required by PTO 77A was not provided until after close of business April 8, 2019.

[2] There is also a question as to whether or not McKesson distributed docetaxel to Ms. Bobbitt's infusion facility during the timeframe Ms. Bobbitt was allegedly treated. However, Ms. Bobbitt was allegedly treated in Pennsylvania. Regardless of whether or not McKesson distributed her docetaxel, her case does not belong in California state court.

2

connect McKesson to Ms. Pollack's case.[3]  Many companies distribute pharmaceutical products. McKesson's statement that it distributed docetaxel to the facility named in Ms. Pollack's informational statement during the timeframe she was allegedly treated is not an admission that McKesson distributed the docetaxel actually administered to Ms. Pollack.  A facility may have used more than one distributor or purchased docetaxel directly, indicating that even if McKesson distributed to a facility during a particular timeframe, no conclusions can be drawn about whether McKesson distributed the medicine administered to the patient/Plaintiff.

Plaintiffs have only produced some medical records for one Plaintiff.[4]  Thus, nearly none of the sixteen Plaintiffs have proof of docetaxel use, let alone "sufficient evidence" of product identification.  *See* CMO 12A, Rec. Doc. 3492.  Without proof of use and product identification, it cannot be determined (1) if any Plaintiff was even treated with docetaxel, (2) what Defendant manufactured the Plaintiff's docetaxel, and (3) whether McKesson distributed the docetaxel that was actually administered to any Plaintiff  (i.e., Ms. Pollack).

At minimum, this case should be severed pursuant to Pretrial Order No. 65.  (Rec Doc. 959.)[5]  Plaintiffs should then be required to come forward with proof of use and product identification so that only properly named manufacturer-Defendants remain in the case prior to

---

[3] In their Motion, Plaintiffs state that remand is appropriate for "those plaintiffs who prove they received their doses directly from McKesson."  (Rec. Doc. 6597-1 at 2.)   Ms. Pollack has not proven she received her docetaxel doses directly from McKesson.

[4] *See* Exhibit G to Rec. Doc. 6597-1 ("Crawford Intake and pertinent portions of her medical records").

[5] PTO 65 – Procedure for Severance of Multi-Plaintiff Cases states in part:
> Within thirty (30) days of transfer into the MDL for cases not currently pending in the MDL, the lead plaintiff in each multi-plaintiff action shall file an *ex parte* motion and proposed order requesting severance of the individual plaintiffs in these multi-plaintiff cases. . . .

(Rec. Doc. 959.)  PTO 65 dictates severance of these cases so that the proper party-defendants and personal jurisdiction may be ascertained on a plaintiff-by-plaintiff basis.

any remand.  The Plaintiffs who were treated at infusion facilities to which McKesson did not distribute must proceed in the MDL.  As to Ms. Pollack, she should also be required to prove McKesson distributed the specific docetaxel administered to her.  Without this proof, her case should also remain before this Court.  This Court is also best-situated to determine the issue of personal jurisdiction with respect to the status of the manufacturer-Defendants as to any non-California Plaintiffs.

## BACKGROUND

The case at issue was filed August 23, 2018, in the Superior Court of the State of California for the County of Los Angeles.  The sixteen Plaintiffs joined in this case allege that they suffered injuries and damages arising from their use of docetaxel.

Complete diversity exists because Plaintiffs are alleged to be citizens of California[6] and the properly joined Defendants are citizens of Delaware, New Jersey, North Carolina, Illinois, and the British Virgin Islands.  (Rec. Doc. 1-3 at ¶¶ 21, 46, 67, 87.)  McKesson is alleged to be a citizen of California.  *Id.* at ¶ 108.  Because McKesson was improperly joined to this action, McKesson's citizenship does not affect diversity.  Thus, the requisite diversity of citizenship is satisfied.  Moreover, the forum defendant rule does not apply to fraudulently joined defendants and is not applicable here.

The amount in controversy is satisfied because Plaintiffs allege they suffered:

 [S]erious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; past and

---

[6] Despite the fact that the Complaint alleged each Plaintiff "is and was all times pertinent, a resident of the State of California," in their PTO 77A submission, Plaintiffs reveal Ms. Ingram was allegedly treated with docetaxel in Oregon, Ms. Bobbitt was allegedly treated with docetaxel in Pennsylvania, and Ms. Crawford was allegedly treated with docetaxel in Texas.  As to these Plaintiffs, regardless of McKesson's role, there is indeed complete diversity.  There is also a personal jurisdiction issue if these Plaintiffs are allowed to proceed in California state court.

> future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

*Id.* at ¶ 201.

Sanofi timely removed this case, which was subsequently transferred by the JPML to this MDL.

## ARGUMENT

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Masonry Sols. Int'l, Inc. v. DWG & Assocs., Inc.*, No. 15-cv-2450, 2015 WL 6696790, at *2-3 (E.D. La. Nov. 2, 2015) (quoting *Smallwood v. Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  For the second method, the Fifth Circuit held that the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*

In order to assess Plaintiffs' possibility of recovery against McKesson, the in-state defendant, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.* (quoting *Smallwood,* 385 F.3d at 574).  "The focus is on plaintiff's pleadings at the time of removal . . . ."  *Id.*  The Fifth Circuit has also noted the possibility that a "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry"

5

if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* (quoting *Smallwood*, 385 F.3d at 573).

Fraudulent or improper joinder exists here since Plaintiffs have not established a cause of action against McKesson. *See, e.g.*, *Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that defendant was fraudulently joined in a product liability action where defendant did not market or sell the product at issue to plaintiffs); *Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]").  The fraudulent or improper joinder of McKesson is obvious based on both the insufficient factual allegations of Plaintiffs' pleadings—namely the lack of allegations related to McKesson's connection to these Plaintiffs – as well as the PTO 77A information provided by Plaintiffs.

In their Motion to Remand, Plaintiffs attempt to create a convoluted connection between themselves and McKesson:

> McKesson's marketing indicates it packages Sanofi Taxotere NDC 0075-8003-01. . . . The complaint names all manufacturers of Taxotere,[7] so as McKesson packages the drug, it follows that the named manufacturers must have received the drug from McKesson.

(Rec. Doc. 6597-1 at 8).  This Court is well aware that McKesson is not the sole packager or distributor of docetaxel – there are many companies that distribute pharmaceutical products.  Thus, this purported connection is a complete misstatement of fact.  Further, Plaintiffs state Ms. Karen Crawford – who was allegedly treated with docetaxel in Texas where none of the named Defendants reside or maintain their principal places of business – "received her doses in 2008, when Sanofi was the only manufacturer." *Id.*  That Sanofi allegedly manufactured the docetaxel

---

[7] This is an incorrect statement.

administered to one of the sixteen Plaintiffs named in this action again does nothing to connect her case (or any others) to McKesson.

Of all Plaintiffs, McKesson's PTO 77A written statement reveals that it only "distributed Taxotere/docetaxel" to Ms. Pollack's infusion facility during the timeframe that Ms. Pollack was allegedly treated. *See* **Exhibit A**. Nonetheless, this information does nothing to connect McKesson to Ms. Pollack's case.

Many companies distribute pharmaceutical products. McKesson's statement is not an admission that it distributed the docetaxel administered to Ms. Pollack. A facility may have used more than one distributor or purchased docetaxel directly, indicating that even if McKesson distributed to a facility during a particular timeframe, no conclusions can be drawn about whether McKesson distributed the medicine actually administered to the patient/Plaintiff. To draw such a conclusion would be unsupported speculation.[8] Unsupported speculation that evidence *could* exist is insufficient to defeat diversity jurisdiction. *See, e.g.*, *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (remand inappropriate based on "a mere theoretical possibility of recovery"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 285 (S.D.N.Y. 2001) (refusing to "close the doors to federal courts solely on the basis of [p]laintiffs' wishful speculation"); *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (speculation that evidence exists to support claim irrelevant to fraudulent-joinder determination); *see also Taylor v. Jeppesen Dataplan, Inc.*, No. 09-cv-494, 2010 WL 3790728, at *3 (N.D. Cal. Sept. 27, 2010) (rejecting "vague and unsupported assertions" in contradiction to a sworn declaration in support of removal).

---

[8] Ms. Pollack also allegedly received treatment with docetaxel from January-March 2014, when multiple Defendants manufactured the product. Sanofi may not even be a proper party to her action.

In the Fluoroquinolone MDL in the District of Minnesota, four plaintiffs whose cases were removed to the Northern District of California and then transferred to the MDL sought remand back to California state court, arguing removal was improper because the court lacked diversity jurisdiction. *In re Fluoroquinolone Prod. Liab. Litig.*, No. MDL 15-2642, 2016 WL 4154338, at *1 (D. Minn. Aug. 5, 2016). There, "Plaintiffs' argument that there is no diversity jurisdiction rest[ed] entirely on their claims against McKesson"; those claims were based on allegations tying McKesson to "the particular drugs taken by Plaintiffs"; and those allegations were made on "information and belief." *Id.* at *2. Thus, "in the interests of judicial economy and for efficient handling of the MDL," the MDL court deferred ruling on the motion to remand until it was determined whether McKesson <u>actually</u> distributed the particular drugs <u>taken</u> by the plaintiffs. *Id.* at *2. There, the MDL court expressly noted that "the information necessary to determine if McKesson is a proper party to this action should have been provided to Defendants." *Id.*

In *D.B. v. Pfizer, Inc. (In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.)*, 2017 U.S. Dist. LEXIS 94953 (E.D. Pa. June 20, 2017), plaintiffs filed suit against Pfizer International LLC, J.B. Roerig & Co., and Greenstone LLC (collectively, "Pfizer") and McKesson Inc. ("McKesson") in California state court alleging personal injury following use of the pharmaceutical drug Zoloft. *Id.* at *3. Defendants removed the case to federal court on the basis of diversity jurisdiction, arguing that although plaintiffs were California citizens and McKesson was a California corporation, McKesson was fraudulently joined. *Id.* The case was subsequently transferred to the Zoloft MDL and plaintiffs moved to remand. *Id.* Defendants argued that the Complaint lacked "specific allegations necessary to assert a claim against McKesson," and that this demonstrated "a lack of good faith intent" by plaintiffs "to pursue their claims against

McKesson." *Id.* at *7. The Eastern District of Pennsylvania agreed that these two factors together indicated McKesson was fraudulently joined:

> [T]he Court has been made aware of no instance in which any of the numerous *Zoloft* plaintiffs have propounded meaningful discovery on McKesson in either state or federal court, even though some cases have gone to trial. This failure to seek discovery includes other cases brought by Plaintiffs' counsel. The lack of discovery requests directed towards McKesson casts doubt on Plaintiffs' intent to pursue claims against McKesson.

> Even more significantly, the plaintiffs in numerous *Zoloft* cases have dismissed claims against McKesson both before and after the Court granted summary judgment in favor of Pfizer and another Defendant and the plaintiffs appealed to the Third Circuit. One of these cases had been filed by Plaintiffs' counsel in this case.

*Id.* at *9. Because the court found the plaintiffs lacked the "good faith intent to prosecute their claims against McKesson," the Eastern District of Pennsylvania held McKesson was fraudulently joined, and found complete diversity between plaintiffs and the remaining Defendants. *Id.* at *10-11.

Like in *D.B. v. Pfizer, Inc. (In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.)*, Plaintiffs here lack a good faith intent to prosecute their claims against McKesson. In light of the fact that multiple companies distribute docetaxel, Plaintiffs' contentions about McKesson – that because McKesson packages the drug, the named Defendants must have received the drug from McKesson – cannot be true. Plaintiffs' Complaint (and Motion to Remand) not only lacks the specific allegations necessary to assert a claim against McKesson as to each Plaintiff, but there is also a long history of plaintiffs bringing suit against McKesson in California state court in pharmaceutical product liability cases solely to defeat diversity. Moreover, McKesson's PTO 77A response confirms that McKesson is improperly joined as to at least fourteen (if not fifteen) Plaintiffs.

9

Regarding the fourteen Plaintiffs for whom McKesson definitively did not distribute docetaxel to the facility named in Plaintiffs' PTO 77A informational statement during the time frame that Plaintiffs were being treated, and the other Plaintiff (Ms. Bobbitt) for whom McKesson could not confirm distribution to her facility during the relevant time frame, this Court should find that McKesson is improperly joined, retain jurisdiction, and sever those claims.[9]   As to Ms. Pollack, at the very least, the Court should defer ruling on remanding her claims until she produces evidence that McKesson <u>actually</u> distributed the docetaxel <u>taken</u> by her.  This requires Ms. Pollack to provide medical records showing proof of docetaxel use and sufficient evidence of product identification for each infusion – information that should have been in her attorney's possession before the lawsuit was filed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Sanofi respectfully requests that the Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

---

[9] For the three Plaintiffs who were not allegedly treated with docetaxel in California, California state court does not have personal jurisdiction.

10

Harley Ratliff
Adrienne Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri
64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

11