# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| **THIS DOCUMENT RELATES TO:** | HON. JANE T. MILAZZO |
| *Jones, et al. v. Sanofi US Services Inc., etc., et al.,* Civil Action No. 2:19-cv-01164-JTM-MBN | MAGISTRATE JUDGE MICHAEL NORTH |

**DISTRIBUTION INFORMATION FOR MCKESSON PACKAGING SERVICES
PURSUANT TO PRETRIAL ORDER NO. 77A**

As set forth in Section (1)b of Pretrial Order No. 77A, McKesson Corporation provides the following "written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that [P]laintiff was being treated."[1]  ECF No. 2202.  Accordingly, McKesson searched its records to determine whether it distributed Taxotere/Docetaxel bearing an NDC code belonging to one of the named Defendants to the facilities named in Plaintiffs' informational statement during the timeframe that the Plaintiffs were being treated.  However, because many companies distribute pharmaceutical products, McKesson's statement below that it distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that Plaintiff was being treated is not an admission that McKesson distributed the Taxotere/Docetaxel administered to that Plaintiff.

In particular, a single facility may have used more than one distributor or purchased

---

[1] Because the product's expiration date is two years from the date of manufacture, McKesson searched distribution records for the period starting two years before each Plaintiff's first treatment date through that Plaintiff's last treatment date.

1

Taxotere/Docetaxel directly, indicating that even if McKesson distributed to a facility during a timeframe, no conclusions can be drawn about whether McKesson distributed the medicine administered to the patient/Plaintiff. That McKesson may have distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that Plaintiff was being treated, does nothing to connect McKesson to the Plaintiff. Instead, each Plaintiff must prove that McKesson distributed the specific Taxotere/Docetaxel administered to her—not that it distributed Taxotere/Docetaxel to the facility generally. None of the Plaintiffs have satisfied this burden.

In addition, fifteen of the sixteen Plaintiffs have produced no medical records.[2] Karen Crawford is the only exception. Thus, nearly none of the sixteen Plaintiffs named in the Complaint have proof of Taxotere/Docetaxel use, let alone "sufficient evidence" of product identification—i.e., which manufacturers' medicine was administered in her care. In sum, Plaintiffs have made no showing about Taxotere/Docetaxel use, which manufacturers' Taxotere/Docetaxel medicine each received, and whether the Taxotere/Docetaxel received was distributed by McKesson.

At minimum, this case should be severed pursuant to Pretrial Order No. 65. (ECF No. 959.) Plaintiffs should then be required to come forward with proof of use and product identification so that only properly-named manufacturer-Defendants remain in the case prior to any remand and Plaintiffs with no connection to McKesson proceed in the MDL. As to Debra Pollack, for example, she should be required to prove McKesson distributed the specific Taxotere/Docetaxel administered to her. Without this proof, her case should also remain before this Court. In the event any non-California plaintiffs come forward with sufficient evidence that

---

[2] Plaintiffs produced some medical records for one Plaintiff, Karen Crawford. *See* Exhibit G to ECF No. 6597-1.

McKesson distributed the medicine they received (they have not), this Court is also best situated to determine the issue of personal jurisdiction with respect the manufacturer-Defendants.

| Facility information provided by Plaintiffs' counsel concerning McKesson's alleged connection to the plaintiffs' use of Taxotere/Docetaxel | Whether McKesson distributed Taxotere/Docetaxel to facility identified by Plaintiffs' counsel during timeframe that plaintiff was being treated |
|---|---|
| Shelly Jones<br>Treated at Loma Linda Medical Center and Loma Linda Cancer Center, 11234 Anderson St., Loma Linda, CA 805-349-9397<br>From 7/30/09 – 3/10/10 with "Taxotere"[3] by Drs. Elissa Cooper, Hamid Mirshahidi and Yuan Yuan | No |
| Mary Dexter<br>Treated at Memorial Care Breast Center, 9900 Talbert Ave, #102, Fountain Valley, CA, 714-378-7955 and Newport Cancer Center, 1640 Newport Blvd, # 400, Newport Beach, CA, 92708<br>From 2/1/06 – 4/1/06 with "Taxotere" by Drs. John Link, Neil Barth | No |
| Christine Avery<br>Treated at Central Coast Oncology, 1325 Church St. Santa Monica, CA, 805-349-9393, 90710<br>From 7/30/09 – 3/10/10 with "Taxotere" by Dr. Robert Dichmann | No |
| Gwen Hartford<br>Treated at Kaiser Permanente, 25825 Vermont Ave., Harbor City, CA, 310-325-5111, 90710<br>From 12/06 – 9/07 with "Taxotere" by Dr. Elizabeth Duenas | No |
| Aisha Ingram<br>Treated at Cascade Surgical Oncology, 3783 International Court, #200 Springfield, OR, 541-302-6469,<br>From 7/30/09 – 3/10/10 with "Taxotere" by Dr. Thomas Trezona | No |

---

[3] Where reference is made throughout to "Taxotere," Defendants note that Plaintiffs have not provided proof of use of docetaxel, let alone branded Taxotere.

3

| **Facility information provided by Plaintiffs' counsel concerning McKesson's alleged connection to the plaintiffs' use of Taxotere/Docetaxel** | **Whether McKesson distributed Taxotere/Docetaxel to facility identified by Plaintiffs' counsel during timeframe that plaintiff was being treated** |
|---|---|
| Della Ann Maciel<br>Treated at St. Mary Medical Breast Center, 1050 Linden Ave, Long Beach, CA, Harbor UCLA Medical Center, Long Beach, CA, and Memorial Care Breast Center, Long Beach, CA, 562-491-9000<br>From 2/1/13 – 7/1/13 with "Taxotere" by Drs. Andre Liem, Peter Yeh | No |
| Linda Ponzi<br>Treated at UCLA Medical Center Santa Monica, 1250 16 St. Santa Monica, CA 90404<br>From 3/12/15 – 7/28/15 with "Taxotere" by Dr. Parvin Peddi. | No |
| Amber Shubin<br>Treated at California Cancer Center @ Community Cancer Institute, 785 North Medical Center Drive West, Clovis, CA, 559-387-1600<br>From 7/1/14 – 12/1/14 with "Taxotere" by various doctors | No |
| Katrina Smith<br>Treated at Beverly Hills Cancer Center, 8900 Wilshire Blvd, #200, Beverly Hills, CA, 310-432-8900<br>From 7/1/16 – 6/1/17 with "Taxotere" by various doctors | No |
| Michelle Bobbitt<br>Treated at Main Line Health Imaging Center, Bryn Mawr Medical Center, 825 Old Lancaster Rd., #440, Bryn Mawr, PA, OFF 610-525-4511, FAX 610-527-8501<br>From 7/30/09 – 3/10/10 with "Taxotere" by Dr. Amy Curran | During the timeframe plaintiff was being treated, McKesson distributed Taxotere/docetaxel to a Bryn Mawr Hospital address of P.O. Box 12601, Wynnewood, PA, 19096. In the absence of additional information McKesson cannot answer yes or no as to this facility. Regardless, Plaintiff's alleged treatment in Pennsylvania does not destroy diversity with McKesson or any other named Defendant. |

| Facility information provided by Plaintiffs' counsel concerning McKesson's alleged connection to the plaintiffs' use of Taxotere/Docetaxel | Whether McKesson distributed Taxotere/Docetaxel to facility identified by Plaintiffs' counsel during timeframe that plaintiff was being treated |
|---|---|
| Donna Jordan Pack<br>Treated at Kaiser Permanente Antioch Medical Center, 4501 Sand Creek Rd, Antioch, CA 94531, 925-813-6500<br>From 12/1/13 – 12/14 with "Taxotere" by Dr. Pankaj Bahl | No |
| Georgina Gamboa<br>Treated at Douglas and Nancy Barnhart Medical Center, Sharp Chula Vista Hospital, 769 Medical Center Ct, Chula Vista, CA, 91911<br>From 5/1/16 – 8/1/16 with "Taxotere" | No |
| Tykesha Williams-Saunders<br>Treated at Antelope Valley Cancer Center, 38660 Medical Center Dr., #380, Palmdale, CA 93551, 661-948-5928, and Henry Mayo Newhall Hospital, 23845 McBean Pkwy, Valencia, CA 91355, 661-200-2000<br>From 11/13 – 1/14 with "Taxotere" by Drs. Thillalampalam Srijaerajah, Gregory Senofsky, Neeraj Agnihori | No |
| Debra Pollack<br>Treated at Desert Regional Medical Center, 1150 N. Indian Canyon Dr., Palm Springs, CA 92262 760-323-6511<br>From 1/14 – 3/14 with "Taxotere" by Drs. Scott Brook, Laura Lee | Yes, but without proof of use and product identification, Plaintiff cannot establish that McKesson actually distributed the drug she received, or the proper manufacturer-defendant for purposes of remand and issues of personal jurisdiction. |
| Peggy Elms<br>Treated with "Taxotere" at Kaiser Permanente Manteca Medical Center, 1777 Yosemite Ave, Manteca, CA 92262, 209-825-3700,<br>From 10/08-12/08 by Dr. Phahbjit Purewal | No |
| Karen Crawford<br>Treated at John Peter Smith Hospital, 8500 S. Main St., Fort Worth, TX 76191, 817-702-3431<br>From 8/08 – 10/08 | No |

5

Dated: April 29, 2019         By:     /s/ Julie Y. Park
                                              Erin M. Bosman (CA Bar No. 204987)
                                              Julie Y. Park (CA Bar No. 259929)
                                              MORRISON & FOERSTER LLP
                                              12531 High Bluff Drive
                                              San Diego, CA  92130-2040
                                              Telephone:   858.720.5100
                                              Facsimile:    858.720.5125

                                              *Attorneys for Defendant*
                                              McKESSON PACKAGING SERVICES,
                                              a division of McKESSON CORPORATION

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, California, 92130-2040. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 29, 2019, I served a copy of:

**DISTRIBUTION INFORMATION FOR MCKESSON PACKAGING SERVICES PURSUANT TO PRETRIAL ORDER NO. 77A**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Lowell W. Finson, CA Bar #275586
**FINSON LAW FIRM**
126 Westwind Mall
Marina Del Rey, California 90292
Tel: (602) 377-2903 F: (310) 425-3278
lowell@finsonlawfirm.com

Attorneys for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Diego, California, this 29th day of April, 2019.

| Rose Sheehan | *Rose Sheehan* (signature) |
|---|---|
| (typed) | (signature) |