```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*************************************************************
IN RE:   TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                         Civil Action No. 16-MD-2740
                         Section "H"(5)
                         New Orleans, Louisiana
                         May 1, 2019

THIS DOCUMENT RELATES TO ALL CASES
*************************************************************
            TRANSCRIPT OF RULE TO SHOW CAUSE HEARING
         HEARD BEFORE THE HONORABLE MICHAEL B. NORTH
            UNITED STATES DISTRICT MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

                         DAWN BARRIOS
                         BARRIOS KINGSDORF & CASTEIX
                         701 POYDRAS STREET
                         SUITE 3650
                         NEW ORLEANS, LA 70139

                         MATTHEW PALMER LAMBERT
                         GAINSBURGH BENJAMIN DAVID MEUNIER
                         & WARSHAUER
                         1100 POYDRAS STREET
                         SUITE 2800
                         NEW ORLEANS, LA 70163

                         CHRISTOPHER COFFIN
                         PENDLEY BAUDIN & COFFIN
                         1515 POYDRAS STREET
                         NEW ORLEANS, LA 70112

                         KAREN BARTH MENZIES
                         GIBBS LAW GROUP
                         400 CONTINENTAL BOULEVARD
                         EL SUGUNDO, CA 90245

                         DAVID F. MICELI
                         SIMMONS HANLY CONROY
                         ONE COURT STREET
                         ALTON, IL 62002
```

```
FOR THE SANOFI DEFENDANTS:

                              DOUGLAS MOORE
                              IRWIN FRITCHIE URQUHART & MOORE
                              400 POYDRAS STREET
                              SUITE 2700
                              NEW ORLEANS, LA 70130


Official Court Reporter:      Nichelle N. Drake, RPR, CRR
                              500 Poydras Street, B-275
                              New Orleans, Louisiana 70130
                              (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

|          |    |                                                                        |
|----------|----|------------------------------------------------------------------------|
|          | 1  | **P R O C E E D I N G S**                                              |
| 11:07:21AM | 2  | (Call to order of the court.)                                        |
| 11:07:21AM | 3  | THE DEPUTY CLERK: MDL 16-2740, *In Re: Taxotere*                     |
| 11:07:26AM | 4  | *Products Liability Litigation.*                                      |
| 11:07:28AM | 5  | Counsel, make your appearances for the record.                       |
| 11:07:29AM | 6  | MR. MICELI: David Miceli with PSC, plaintiffs.                       |
| 11:07:34AM | 7  | MR. LAMBERT: Palmer Lambert, co-liaison counsel for                  |
| 11:07:38AM | 8  | plaintiffs.                                                           |
| 11:07:38AM | 9  | MR. COFFIN: Good morning, Your Honor. Chris Coffin,                  |
| 11:07:41AM | 10 | co-lead counsel for the plaintiffs.                                   |
| 11:07:42AM | 11 | MS. MENZIES: Good morning, Your Honor. Karen                         |
| 11:07:43AM | 12 | Menzies, also co-lead plaintiffs' counsel.                           |
| 11:07:45AM | 13 | MS. BARRIOS: And Dawn Barrios, co-liaison counsel                    |
| 11:07:48AM | 14 | for the plaintiffs.                                                   |
| 11:07:48AM | 15 | MR. MOORE: Doug Moore, defendants' liaison counsel                   |
| 11:07:48AM | 16 | for Sanofi.                                                           |
| 11:07:55AM | 17 | THE COURT: All right, Mr. Miceli. You got a lot of                   |
| 11:07:56AM | 18 | friends here today.                                                   |
| 11:08:00AM | 19 | MR. MICELI: I do, Your Honor. I'm happy to have                      |
| 11:08:03AM | 20 | them.                                                                 |
| 11:08:03AM | 21 | THE COURT: I'm going to -- I want to make a couple                   |
| 11:08:05AM | 22 | of observations for the record, but I'm not going to hold you        |
| 11:08:08AM | 23 | in suspense, Mr. Miceli. I'm not going to sanction you.              |
| 11:08:08AM | 24 | MR. MICELI: Thank you, Your Honor.                                   |
| 11:08:08AM | 25 | THE COURT: But I do want to make some observations                   |

```
11:08:11AM   1   for what I hope will be obvious reasons.
11:08:16AM   2           So as I said at the last -- the last time we were
11:08:18AM   3   here, back in January, I ordered all the lawyers in the case
11:08:23AM   4   who reasonably anticipated that they would take a deposition
11:08:28AM   5   or defend a deposition to read three specific opinions that I
11:08:31AM   6   had the misfortune of having to write over the past few
11:08:38AM   7   years, all of which dealt with the issue of sanctions for
11:08:40AM   8   violation of Rule 30 of the Federal Rules of Civil Procedure.
11:08:44AM   9           Now, I didn't order anyone to read those opinions
11:08:46AM  10   because I'm proud of them.  Okay?  Because I'm not.  I
11:08:50AM  11   ordered -- I issued that order so that hopefully I could
11:08:54AM  12   avoid having to go down that road again with any of the
11:08:57AM  13   lawyers in this case.  And I did it because it had come to my
11:09:01AM  14   attention that certain lawyers on both sides of the case had
11:09:06AM  15   engaged in some conduct in a couple of depositions that I
11:09:10AM  16   thought was over the line and that was in violation of
11:09:15AM  17   Rule 30 and then generally in the rules of professionalism.
11:09:19AM  18   And it was my hope and expectation that in doing that it
11:09:23AM  19   focused everyone's attention, not only on the rules, but on
11:09:27AM  20   my expectations for how the lawyers were to conduct
11:09:30AM  21   themselves in these depositions.
11:09:31AM  22           That was not entirely successful undertaking,
11:09:36AM  23   Mr. Miceli.  As you know, as we discussed at the last
11:09:40AM  24   hearing, I took issue with some of the -- some of the things
11:09:43AM  25   that you did in Dr. Tosti's deposition, most particularly
```

```
11:09:49AM   1   instructing her not to answer a number of questions on the
11:09:54AM   2   basis that you perceive that those questions were outside of
11:09:57AM   3   an agreed-to scope.  And I say "agreed-to," because I want to
11:10:02AM   4   make it clear that it wasn't -- it wasn't a scope that I had
11:10:05AM   5   anything really to do with fashioning.  And there were also
11:10:11AM   6   instructions not to answer because certain questions had been
11:10:14AM   7   asked and answered already.
11:10:15AM   8            As we discussed at the last hearing in the
11:10:17AM   9   circumstances in which you found yourself in that deposition,
11:10:21AM  10   Rule 30 proscribes your instructing that witness not to
11:10:26AM  11   answer for those reasons.  And, again, rather than instruct
11:10:29AM  12   the witness not to answer under those circumstances, we
11:10:32AM  13   discussed -- and I think you acknowledge -- that you should
11:10:34AM  14   have picked up the phone and called me to get some guidance,
11:10:39AM  15   suspend the deposition long enough to get that guidance.  And
11:10:45AM  16   as I said, you acknowledge at the last hearing and in your
11:10:48AM  17   brief that you should have done that.
11:10:50AM  18            So here we are today.  What I want to do, as I said,
11:10:53AM  19   is make those observations and a couple more.  I make these
11:10:58AM  20   observations not just for your benefit, Mr. Miceli, but more
11:11:03AM  21   so for the benefit of all of the lawyers in the case.
11:11:08AM  22            First of all, the pace of events, the press of time,
11:11:13AM  23   people's calendars, the lawyers' weariness or their
11:11:19AM  24   frustration with each other for any number of reasons is
11:11:23AM  25   never going to be viewed by me as an excuse for lawyers not
```

```
11:11:27AM   1   to adhere to the rules.  And while I certainly understand
11:11:31AM   2   that all of those things happen, it's going to be everybody's
11:11:36AM   3   responsibility, it remains everybody's responsibility, to
11:11:39AM   4   maintain their composure in difficult times and to not allow
11:11:47AM   5   frustration, emotion, or anything else to lead you down the
11:11:51AM   6   path where you think you can take matters into your own hands
11:11:55AM   7   in a deposition.
11:11:57AM   8           MR. MICELI:  Yes, Your Honor.
11:11:58AM   9           THE COURT:  So relatedly, Mr. Miceli, your what I
11:12:04AM  10   perceived to be mostly laudable attempts at cooperation and
11:12:10AM  11   accommodation in addressing your expert's failure to turn
11:12:16AM  12   these materials over timely doesn't insulate you from your
11:12:20AM  13   responsibility to conduct yourself the right way in a
11:12:23AM  14   deposition.  Mr. Miceli, in his brief to me, acknowledged
11:12:27AM  15   both of those things that I just said.  The reason I
11:12:30AM  16   highlight them on the record is for the benefit of everyone
11:12:33AM  17   else who hasn't been forced to acknowledge those things as he
11:12:38AM  18   has and hasn't had to stand at the podium here with a threat
11:12:43AM  19   of sanctions hanging over his head.
11:12:47AM  20           The other point I want to make, again, although I
11:12:49AM  21   shouldn't have to, is that when you all are in doubt in a
11:12:53AM  22   deposition pick up a phone and call me.  I have colleagues
11:12:57AM  23   who mostly on the state bench who say -- who never tell
11:13:03AM  24   lawyers to do that.  And in this case, I hesitate to continue
11:13:08AM  25   to beat you all over the head with that because I'm concerned
```

1  that there are attorneys in the case who might take it as
2  every time we can't get along we're going to call the judge
3  and have him referee our petty disputes.
4  So while I do encourage you to call me to help you
5  all solve real disputes, I still expect you to -- in the
6  spirit of Rule 37 to undertake a reasonable and meaningful
7  effort to resolve those disputes before you call me.  But
8  when you do have one and you don't know where else to go or
9  what to do, hopefully I'll be in my office where you can
10 reach me and I can give you some guidance.  But, again, the
11 answer is not to take things into your own hands.
12 You know, a key thing to remember and I know that
13 I've written it in at least one of those opinions, if you
14 can't do it in a courtroom in front of a judge, you can't do
15 it in a deposition.  And if you find yourself in a position
16 where you are tempted to do that, you need to stop and think
17 about what you're about to do.  Again, if taking a deep
18 breath isn't enough, then get on the phone and call me.
19 Okay?
20 Now, as to the specific issue in Dr. Tosti's
21 deposition and what brings us here today, as I said, I'm not
22 going to -- I decided that it's not necessary or appropriate,
23 Mr. Miceli, to sanction you in this situation.  The primary
24 purpose of any court-imposed sanction is deterrence of that
25 sanctionable conduct, whether it's frivolous litigation,

| | | |
|---|---|---|
| 11:14:45AM | 1 | abusive, or unprofessional tactics, or in this case, someone |
| 11:14:52AM | 2 | running afoul the rules of civil procedure, in this case |
| 11:14:54AM | 3 | Rule 30.  The idea behind sanctions is to deter not only the |
| 11:15:00AM | 4 | conduct of that lawyer, but other lawyers and members of the |
| 11:15:02AM | 5 | bar. |
| 11:15:02AM | 6 | In this case, I don't find it necessary to sanction |
| 11:15:05AM | 7 | Mr. Miceli.  In various places in his brief, he acknowledges |
| 11:15:08AM | 8 | and takes responsibility for what he has called his mistake, |
| 11:15:13AM | 9 | his error, his failure.  He apologized to the Court, and he |
| 11:15:20AM | 10 | took it upon himself to voluntarily attend some additional |
| 11:15:25AM | 11 | continuing legal education in professionalism and high-stakes |
| 11:15:28AM | 12 | litigation which I will commend to probably everybody on the |
| 11:15:31AM | 13 | case. |
| 11:15:31AM | 14 | MR. MICELI:  For the record, it is a great CLE. |
| 11:15:34AM | 15 | THE COURT:  I feel like I'm putting one on every few |
| 11:15:38AM | 16 | weeks.  It's not working.  Maybe if you don't pay for it, |
| 11:15:42AM | 17 | people don't pay close attention. |
| 11:15:44AM | 18 | I point those things out to say that I credit that |
| 11:15:49AM | 19 | conduct and I don't think that that's the conduct of a lawyer |
| 11:15:51AM | 20 | who requires to be sanctioned in order to understand maybe |
| 11:15:54AM | 21 | where -- where he ran afoul the rules in a deposition and to |
| 11:15:58AM | 22 | understand the importance of adherence to the rules and to |
| 11:16:03AM | 23 | the Court's expectations down the road. |
| 11:16:05AM | 24 | So with that, I am -- I'm not going to sanction you, |
| 11:16:08AM | 25 | Mr. Miceli.  I assume that you and the other lawyers in the |

```
11:16:12AM   1    case will take to heart everything that I've said and
11:16:17AM   2    hopefully I'm going to take one last chance that I don't need
11:16:21AM   3    to sanction one lawyer to get the message across to all the
11:16:25AM   4    others.  Because if I'm wrong about that, we're all in big
11:16:29AM   5    trouble.
11:16:30AM   6              MR. MICELI:  Thank you, Your Honor.
11:16:31AM   7              THE COURT:  Not in as big of trouble as the next
11:16:35AM   8    person who winds up standing at that podium.
11:16:39AM   9              MR. MICELI:  I hope it's not me, Your Honor.  I'm
11:16:41AM  10    certain it won't be.
11:16:41AM  11              But I wanted to make one thing on the record:
11:16:42AM  12    Mr. Sears and I did get along very well in that deposition.
11:16:45AM  13    I spoke to him both before and after that deposition and
11:16:47AM  14    conducted another deposition of Dr. Plunkett with him,
11:16:51AM  15    apologized to him personally.  And we had no problems in that
11:16:56AM  16    deposition.  The final of the four that we agreed to was
11:16:58AM  17    taken yesterday of Dr. Feigal, gave instructions to the -- to
11:17:02AM  18    the attorney covering that, and there weren't any problems in
11:17:04AM  19    that either.
11:17:04AM  20              THE COURT:  Well, that did have some meaning and
11:17:08AM  21    impact in how I viewed this all because it was clear to me
11:17:13AM  22    that there was not -- you know, other times I've had to deal
11:17:16AM  23    with situations like this there was a great deal of tension
11:17:21AM  24    and real animosity and ugliness in the room.  And it was
11:17:27AM  25    obvious to me that that wasn't the case.
```

```
11:17:30AM   1         And, you know, temperatures have been high over these
11:17:33AM   2    issues and I understand that.  But, again, I don't think
11:17:37AM   3    that -- I don't think I need to go down this road with you or
11:17:40AM   4    hopefully with the rest of the lawyers to get my point
11:17:43AM   5    across.
11:17:44AM   6         MR. MICELI:  Thank you, Your Honor.
11:17:45AM   7         THE COURT:  Anything else?
11:17:48AM   8         All right.  Thank you all.
11:17:49AM   9                          * * * *
            10         (WHEREUPON, the proceedings were adjourned.)
            11                           * * * *
            12                    REPORTER'S CERTIFICATE
            13         I, Nichelle N. Drake, RPR, CRR, Official Court
                 Reporter, United States District Court, Eastern District of
            14   Louisiana, do hereby certify that the foregoing is a true and
                 correct transcript, to the best of my ability and
            15   understanding, from the record of the proceedings in the
                 above-entitled and numbered matter.
            16
            17                       ___/s/ Nichelle N. Drake___
                                        Official Court Reporter
            18
```