# EXHIBIT B

| | |
|---|---|
| **From:** | David Miceli <dmiceli@miceli-law.com> |
| **Sent:** | Monday, March 4, 2019 11:51 AM |
| **To:** | Byard, Adrienne (SHB) |
| **Cc:** | Ratliff, Harley (SHB); Palmer Lambert; Dawn Barrios; Chris Coffin; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com); Douglas J. Moore (dmoore@Irwinllc.com); Sears, Connor (SHB); David Miceli |
| **Subject:** | RE: Curtis Thompson, MD/Histological Slides |

Adrienne,

I have attempted to beak out the requests set out in your email into seven separate issues, and address them accordingly. I understand that this is getting to you very close to our call time and I apologize for that. I have been talking with experts over the weekend, and communicating with various members of our team to properly address your issues. If you would like to put off our call for an hour or so, we can make ourselves available at 1:00cst to allow your team to digest what we are providing below. Please let us know if we can move the call or whether you prefer to keep it at noon.

1. Documents associated with the slides?

Plaintiffs' leadership has spoken with Dr. Curtis Thompson and has confirmed that no report was generated as a result of the newly produced slides. Dr. Thompson is going to forward to us any forms generated by his lab relating to the physical staining of the slides.

2. Slides include Tuyes and Durden?

Sanofi should have received all slides withheld by Dr. Thompson, which include slides on the original 4 potential bellwether plaintiffs. This will include unstained slides. Please confirm that Sanofi has received these.

3. Privilege or work product objections?

The work product privilege that led me to instruct John Thornton to not discuss certain issues does not need to be addressed currently. What we discussed with potential consulting experts remains privileged.

4. Nothing further has been withheld or overlooked.

Correct. Nothing further has been withheld or overlooked. To be very clear, the PSC was unaware of the lack of production of the stem cell slides until the evening prior to Dr. Thompson's second deposition. The PSC previously instructed Dr. Thompson to produce all slides, blocks and remaining tissue to Sanofi on November 9, 2018.

5. Adrienne's comment: "if any other information, documents, or evidence related to the stem cell theory that has been withheld, it should be produced or logged"

The PSC has produced the slides at issue, and is having its expert gather any potential laboratory documents related to the staining. No report was made from these slides. The PSC expressed its agreement with Sanofi that you should have the opportunity to assess the new slides and have your experts determine if they require any amendments to their prior opinions.

1

6. You have disclosed testifying experts in this litigation. The information, documents, or evidence that they reviewed or created related to this theory is discoverable.

The PSC agrees with Sanofi on this point. To the extent the PSC's testifying experts have reviewed or created information, documents or evidence related to this stem cell theory, all materials reviewed and relied upon by those experts has been properly identified in the respective disclosures. However, without waving any objections concerning admissibility, we intend to produce two emails (with redactions) later today.

7. Whether the theory is one that the plaintiffs ultimately chose to advance or not, the fact of research, experimentation, study, or review by the disclosed experts on the theory is relevant to Sanofi's defense, particularly when it has not been advanced.

With the exception of Dr. Thompson not originally forwarding the slides at issue in our discussion, every expert has fully disclosed their reliance and materials reviewed items. The recently discovered slides were not reviewed by any expert other than Dr. Thompson and were not relied upon by any of the Plaintiffs' experts in rendering their opinions.

---

**From:** Byard, Adrienne (SHB)
**Sent:** Friday, March 1, 2019 3:20 PM
**To:** David Miceli
**Cc:** Ratliff, Harley (SHB) ; Palmer Lambert ; Dawn Barrios ; Chris Coffin ; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com) ; Douglas J. Moore (dmoore@Irwinllc.com) ; Sears, Connor (SHB)
**Subject:** RE: Curtis Thompson, MD/Histological Slides

Dave,

Thank you for your time today. In addition to the other items discussed on the call, we expressly requested the production of any documentation on or associated with the withheld slides. I also wanted to confirm that the slides sent include slides for the Tuyes and Durden cases. We also understood plaintiffs to have made on the call some privilege or work product objection to this discovery. We now know about the slides, but has anything else been withheld or overlooked? To be clear, if there is any other information, documents, or evidence related to the stem cell theory that has been withheld, it should be produced or logged. You have disclosed testifying experts in this litigation. The information, documents, or evidence that they reviewed or created related to this theory is discoverable. Whether the theory is one that the plaintiffs ultimately chose to advance or not, the fact of research, experimentation, study, or review by the disclosed experts on the theory is relevant to Sanofi's defense, particularly when it has not been advanced.

We look forward to Plaintiffs' response by noon on Monday to these and the other items discussed on the call.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 | abyard@shb.com

---

**From:** Byard, Adrienne (SHB)
**Sent:** Thursday, February 28, 2019 3:01 PM
**To:** 'David Miceli' <dmiceli@miceli-law.com>
**Cc:** Ratliff, Harley (SHB) <hratliff@shb.com>; Palmer Lambert <plambert@gainsben.com>; Dawn Barrios <barrios@bkc-law.com>; Chris Coffin <ccoffin@pbclawfirm.com>; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com) <kbm@classlawgroup.com>
**Subject:** RE: Curtis Thompson, MD/Histological Slides

2

Please just let me know either way, otherwise I will set the time for 10:30 am CST. We do not want the time to lapse although 11 am is better here. It would seem appropriate for them to make it work, but we will plan to go forward then regardless.

**Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
| Cell: 816.805.6205 | abyard@shb.com

---

**From:** David Miceli <dmiceli@miceli-law.com>
**Sent:** Thursday, February 28, 2019 2:51 PM
**To:** Byard, Adrienne (SHB) <ABYARD@shb.com>
**Cc:** Ratliff, Harley (SHB) <HRATLIFF@shb.com>; Palmer Lambert <plambert@gainsben.com>; Dawn Barrios <barrios@bkc-law.com>; Chris Coffin <ccoffin@pbclawfirm.com>; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com) <kbm@classlawgroup.com>
**Subject:** Re: Curtis Thompson, MD/Histological Slides

Adrienne

I will confirm with our group. I didn't plan for John/Anne to attend, but if you would like for me to make certain they attend I'll have to re-confirm the time. They are on the west coast, as you know, so I will need to confirm.

David F. Miceli
Sent from my iPhone

On Feb 28, 2019, at 2:18 PM, Byard, Adrienne (SHB) <ABYARD@shb.com> wrote:

> David,
>
> Thank you for the response. We would like to set the call a half-hour later, at 11 a.m. CST. I will circulate a dial in for that time. With respect to attendance, please confirm that all appropriate members of Plaintiff's Leadership will be present, along with Mr. Thornton and Ms. Andrews specifically.
>
> **Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
> | Cell: 816.805.6205 | abyard@shb.com
>
> ---
>
> **From:** David Miceli <dmiceli@miceli-law.com>
> **Sent:** Thursday, February 28, 2019 11:14 AM
> **To:** Byard, Adrienne (SHB) <ABYARD@shb.com>; Ratliff, Harley (SHB) <HRATLIFF@shb.com>
> **Cc:** Palmer Lambert <plambert@gainsben.com>; Dawn Barrios <barrios@bkc-law.com>; 'Chris Coffin' <ccoffin@pbclawfirm.com>; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com) <kbm@classlawgroup.com>; David Miceli <dmiceli@miceli-law.com>
> **Subject:** Curtis Thompson, MD/Histological Slides
>
> Adrienne
>
> We can be available for a meet and confer to discuss Dr. Curtis Thompson's additional slides. To answer your question concerning knowledge of these slides, the leadership was entirely unaware of the additional slides made by Dr. Thompson until preparing him for his latest deposition on 2/26/19. When his lab produced slides to Sanofi on 11/9/2018, along with the remaining tissue block, we believed that production included all slides that had been made from the biopsied material for the initial bellwether plaintiffs that underwent biopsies. We were surprised to hear about these new slides as well.

I have spoken with Palmer and Chris, and we can be available for a telephone conference at 10:30cst, Friday. Does this work for you? We are overnighting the slides to Doug Moore's office today. In preparation for our telephone conference, please let us know if you have a proposed manner of dealing with this development. We certainly understand that you will want to get Dr. Smart's review of these slides, and an addendum to her original report should be allowed, if necessary. Likewise, if necessary, you may want an opportunity for Drs. Love and Shapiro to offer addendums. These are all points we can discuss tomorrow. Are there further issues Sanofi would like to discuss?

David

Mail Gate made the following annotations on Thu Feb 28 2019 13:18:51

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Mail Gate made the following annotations on Fri Mar 01 2019 14:19:59

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.