# EXHIBIT C

| | |
|---|---|
| **From:** | David Miceli <dmiceli@miceli-law.com> |
| **Sent:** | Friday, March 1, 2019 2:28 PM |
| **To:** | Byard, Adrienne (SHB) |
| **Cc:** | Ratliff, Harley (SHB); Palmer Lambert; Dawn Barrios; Chris Coffin; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com); Douglas J. Moore (dmoore@Irwinllc.com); Sears, Connor (SHB); David Miceli |
| **Subject:** | Re: Curtis Thompson, MD/Histological Slides |

Adrienne

We will be withholding nothing. What has been provided in the "materials reviewed" lists for each disclosed expert is entirely complete. We have already reached out to Dr Curtis Thompson and asked to speak with him to investigate and collect any documents/notes or other written material generated in relation to the non-produced slides. As stated on the conference call, I am not representing that any documents exist, but if our investigation reveals they do in fact exist we will make a speedy production.

Please confirm that you have received the UPS tracking number from Palmer. Upon receipt of the package, please confirm what you have received and whether you have any further questions.

Thanks,

David F. Miceli
Sent from my iPhone

On Mar 1, 2019, at 2:20 PM, Byard, Adrienne (SHB) <ABYARD@shb.com> wrote:

> Dave,
> Thank you for your time today. In addition to the other items discussed on the call, we expressly requested the production of any documentation on or associated with the withheld slides. I also wanted to confirm that the slides sent include slides for the Tuyes and Durden cases. We also understood plaintiffs to have made on the call some privilege or work product objection to this discovery. We now know about the slides, but has anything else been withheld or overlooked? To be clear, if there is any other information, documents, or evidence related to the stem cell theory that has been withheld, it should be produced or logged. You have disclosed testifying experts in this litigation. The information, documents, or evidence that they reviewed or created related to this theory is discoverable. Whether the theory is one that the plaintiffs ultimately chose to advance or not, the fact of research, experimentation, study, or review by the disclosed experts on the theory is relevant to Sanofi's defense, particularly when it has not been advanced.
> We look forward to Plaintiffs' response by noon on Monday to these and the other items discussed on the call.
> **Adrienne L. Byard** | Partner | Shook, Hardy & Bacon LLP | Direct: 816.559.2574 |
> | Cell: 816.805.6205 | abyard@shb.com