# EXHIBIT D

| | |
|---|---|
| **From:** | David  Miceli <dmiceli@miceli-law.com> |
| **Sent:** | Friday, March 15, 2019 1:13 PM |
| **To:** | Byard, Adrienne (SHB); Ratliff, Harley (SHB) |
| **Cc:** | David  Miceli; Palmer Lambert; Dawn Barrios; 'Chris Coffin'; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com) |
| **Subject:** | Production of materials |
| **Attachments:** | 2018.03.28.pdf; 2018.04.05 (b).pdf; 2018.04.10.pdf; CT18-8610-A CK - Francis.pdf; CT18-8610-A Ki - Francis.pdf; CT18-8610-A Ki2 - Francis.pdf; CT18-8610-B CK - Francis.pdf; CT18-8610-B Ki - Francis.pdf; CT18-8611-A CK - Durden.pdf; CT18-8611-A Ki - Durden.pdf; CT18-8611-A Ki2 - Durden.pdf; CT18-8611-B CK - Durden.pdf; CT18-8611-B Ki - Durden.pdf; CT18-8611-B Ki2 - Durden.pdf; CT18-8612-A CK - Earnest.pdf; CT18-8612-A Ki - Earnest.pdf; CT18-8612-A Ki2 - Earnest.pdf; CT18-8612-B CK - Earnest.pdf; CT18-8612-B Ki - Earnest.pdf; CT18-8612-B Ki2 - Earnest.pdf |

Adrienne,

The PSC has completed its review of materials related to the late production of slides for the first- round potential bellwether plaintiffs. Attached are three additional emails that we are producing to document the chain of custody. While we believe these emails are not subject to discovery under any applicable rule, we are producing these in good faith and in a spirit of cooperation considering our expert's inadvertent mistake. We do, however, reserve our right to seek exclusion of these emails from trial, and this production should not be interpreted as a waiver of the non-discoverability of expert communications under FRCP, 26(b)(4)(D), or any applicable privilege.
Among other communications with our experts, the PSC has identified communications that are not discoverable under Rule 26(b)(4)(C) as they do not relate to expert compensation or identify facts or data or assumptions that our experts relied upon in forming their opinions. Because communications with experts are not discoverable, we are not producing a privilege log, just as Sanofi has not produced a privilege log of its emails or other written communications with its experts. If requested, we are happy to produce these emails to Judge North for an in-camera review.

We are also providing a link to high resolution photographs of the cytokeratin 15 and Ki-67 stained slides. Sanofi has already been provided with the actual slides.
Sanofi has requested the depositions of Drs. Thompson, Tosti, Feigal and Plunkett. Thus far we can offer the following dates concerning expert depositions: We are attempting to confirm with Dr. Thompson his continued deposition on March 26, 2019, from 9:00am – 1:00pm; Dr. Tosti can be available for her continued deposition on April 8 or 9, 2019, for two hours beginning any time after 2:00pm; Dr. Plunkett can be available for her continued deposition on April 8, 2019, for two hours beginning any time after 9:30, and beginning no later than 1:00; and Dr. Feigal can be available on April 11 or 12, for two hours beginning any time between 9:00am and 1:00pm. Sanofi did not previously respond to the PSC's proposed time limits for the continued depositions of Curtis Thompson, Antonella Tosti, Ellen Feigal and Laura Plunkett, and thus we assume the proposed limits are agreeable due to the limited nature of the inquiry. We still need to agree on a limited substantive scope for these deposition. . As we have reported to you multiple times, there are no written reports concerning the cytokeratin and Ki-67 slides made on April 19-20, 2018. And beyond those slides, no further slides or investigation was done to assess stem cell activity. All experts have properly disclosed the facts and materials on which they base their opinions. Thus, the supplemental depositions should be very brief, if they need to be taken at all after a brief deposition of Dr. Thompson. If we need to involve the Court in order to set limitations on time and scope of these continued depositions, we should jointly request a time to speak with MJ North next week.

Finally, last week we produced two emails, one of which inadvertently included the email address of one of the PSC's consulting experts. I timely provided notice of the inadvertent disclosure, forwarded you a replacement with the proper redaction and asked that you confirm receipt of the replacement and that you had destroyed the prior version. We have not received your confirmation that the proper substitution/destruction was made. Please confirm this or we will need to bring this to the court.

David