# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELLY JONES, CHRISTINE AVERY, KAREN CRAWFORD, MARY ALLYN DEXTER, PEGGY ELMS, GWENDOLYN HARTFORD, AISHA INGRAM, DELLA ANN MACIEL, DEBRA POLLACK, LINDA PONZI, AMBER SHUBIN, KATRINA SMITH, MICHELLE BOBBITT, DONNA JORDAN-PACK, GEORGIANNE GAMBOA, TYKESHA WILLIAMS-SAUNDERS<br><br>      Plaintiffs,<br><br>v.<br><br>SANOFI US SERVICES INC. f/k/a SANOFI AVENTIS U.S. INC., WINTHROP, U.S, ACCORD HEALTHCARE, INC., HOSPIRA WORLDWIDE, LLC. f/k/a HOSPIRA WORLDWIDE INC., HOSPIRA INC., SUN PHARMA GLOBAL FZE, SUN PHARMACEUTICAL INDUSTRIES INC. f/k/a CARACO PHARMACEUTICAL LABORATORIES LTD, and McKESSON CORPORATION,<br>      Defendants | Case No. 2:19-cv-01164-JTM-MBN<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Time: TBD<br>Date: TBD<br>Judge: Hon. Jane Triche Milazzo<br>Courtroom: TBD |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

  PLAINTIFFS hereby file this Reply In Support of Plaintiffs' Motion to Remand, and in opposition to Defendants' Response in Opposition to Plaintiffs' Motion to Remand Additionally, there is no federal question jurisdiction where, as

here, no federal question exists on the face of Plaintiffs' Complaint, nor do the Plaintiffs' right to relief necessarily depend on the resolution of substantial questions of federal law.

      This Motion is based on this Reply, the accompanying Memorandum of Points and Authorities, and on the papers, records, and pleadings on file herein, and such argument as the Court may allow.

DATED:  May 9, 2019                Respectfully Submitted,

                              By: /s/ Lowell W. Finson
                              Lowell W. Finson, Esq.
                              FINSON LAW FIRM
                              *Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

I.   REMAND IS APPROPRIATE UNDER CURRENT MDL LAW ...................... 6
II.  REMAND IS APPROPRIATE UNDER CALIFORNIA LAW ......................... 9
III. CONCLUSION ........................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Bienemy v. Cont'l Cas. Co.,* No. CIV.A. 09-6647, 2010 WL 375213, at *4 (E.D. La. Jan. 26, 2010) ..................................................................................................6

*Blasco v. Atrium Med. Corp.*, No. C 14-03285, 2014 WL 12691051, at *7-8 (N.D. Cal. Oct. 30, 2014)..................................................................................................7

McCallister, et al. v. Sanofi S.A. et al.,
   Case No. 2:17-cv-02356.................................................................................................5

Ernyes-Kofler, et al. v. Sanofi S.A. et al.,
   Case No. 2:17-cv-03867.................................................................................................5

*In re Fosamax Prod. Liab. Litig.*,
   2008 WL 2940560, at *8 ...........................................................................................6, 8

In re Fosamax, Products Liability Litigation,
   WL 2940560 (S.D. N.Y. 2008); and MDL 1789 .........................................................9

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*,
   MDL 2100, 779 F.Supp.2d 846 (S.D. Ill 2011) ..........................................................8

*In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, 624 F. Supp. 2d 396 (E.D. Pa 2009)..........................................................9

*In re Benjamin Moore & Co.*,
   318 F.3d 626, 630 (5th Cir. 2002) ...............................................................................6

*Parish v. Exxon Mobile Corp.*,
   No. 13-6717, 2015 WL 4097111, at *12 (E.D. La. July 7, 2015).........................6

See *In re Fosamax Prod. Liab. Litig.*,
   2008 WL 2940560, at *8 (citing *Osborn v. Metro. Life Ins. Co.,* 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004).............................................................................................7

*Tapscott v. MS Dealer Serv. Corp.*,
   77 F.3d 1353, 1360 (11th Cir. 1996) .........................................................................6

**Other Authorities**

California Code of Civil Procedure § 378 ................................................................6

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    REMAND IS APPROPRIATE UNDER CURRENT MDL LAW**

To begin, Defendants argue that we have offered no evidence that Ms. Bobbitt took Taxotere. To be clear, attached as Exhibit A to this Reply, is a copy of one of many pages of records we have obtained, indicating Ms. Bobbitt did take Taxotere.

Defendants argue that because it could only find two direct instances of Taxatore manufactured and distributed by McKesson to Plaintiffs in this multi-party case, remand is inappropriate. What they fail to address is this Court in two similar cases, Ernyes-Kofler, et al. v. Sanofi S.A. et al., Case No. 2:17-cv-03867, and McCallister, et al. v. Sanofi S.A. et al., Case No. 2:17-cv-02356, were remanded upon similar facts.

It is understood that Defendants will argue that the records do not indicate that McKesson Taxotere were ingested by the Plaintiffs whose facilities did receive McKesson Taxotere,  the only requirement is that a fact issue exists where the evidence is that the there is a possibility that at least one Plaintiff is the group received McKesson Taxotere. Defendants' records so indicate. That should be sufficient to permit remand even under current MDL law surrounding remand.

It is also understood that Defendant Sanofi will argue that severance is the appropriate remedy where the preliminary facts suggest that some of the Plaintiffs may not have received McKesson manufactured Taxotere. However, both *Ernyes* and *McCallister* address that issue and indicate if the Court finds procedural misjoinder, severance is permitted, but not mandated.

Procedural misjoinder, or fraudulent misjoinder, was recognized in the Eleventh Circuit case, *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), however, that has not been the recognized rule in California, See argument below regarding California law. Even the Fifth Circuit has not adopted *Tapscott.* See I*n re Benjamin Moore & Co.,* 318 F.3d 626, 630 (5th Cir. 2002)

Even if the law was the same, the question before the Court is where the joinder is totally without merit. Or "totally unsupported or 'egregious' misjoinder." *Bienemy v. Cont'l Cas. Co.,* No. CIV.A. 09-6647, 2010 WL 375213, at *4 (E.D. La. Jan. 26, 2010) (citing *Tapscott,* 77 F.3d at 1360). The problem here is that in many other MDLs, McKesson's involvement has in almost every case been found sufficient to support remand, and deny that Tapscott always requires severance.

Further, this Court held in both *Ernyes* and *McAllister,* where this issue arises, relevant State law will be applied. See *Parish v. Exxon Mobile Corp.,* No. 13-6717, 2015 WL 4097111, at *12 (E.D. La. July 7, 2015). California Code of Civil Procedure § 378, which governs the joinder, provides that plaintiffs whose

claims arise out of the same series of transactions, such as claims of defective drugs take by separate plaintiffs may be joined. See *In re Fosamax Prod. Liab. Litig.*, 2008 WL 2940560, at *8 (citing *Osborn v. Metro. Life Ins. Co.,* 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004); See *Blasco v. Atrium Med. Corp.*, No. C 14-03285, 2014 WL 12691051, at *7-8 (N.D. Cal. Oct. 30, 2014) ( connection between the eight individual Plaintiffs' claims in this case make it a close question whether joinder was proper even under California's liberal interpretation of its joinder rule ... Further, even if the propriety of the joinder is questionable, the Court does not find that it is so 'egregious' as to require the application of the fraudulent misjoinder doctrine.").

Defendants also assert that the different times and types of breast cancer being treated, means these cases cannot possibly be joined. See *Blasco*, 2014 WL 12691051, at *8 ("On the one hand, there are factual differences between the individuals' claims against the various Defendants and there may well be separate legal issues that arise with respect to the various Plaintiffs. On the other hand, there are some common questions of law and fact connecting all of the Plaintiffs' claims against the various Defendants"). Thus, severance is inappropriate under the instant circumstances, as the Court has not found egregious misjoinder of Plaintiffs' claims under similar circumstances.

Finally, Defendant Sanofi argues it cannot be liable as there is no evidence that even if McKesson Taxotere was sent to two facilities were other Plaintiffs were treated, there is no evidence that these other Plaintiffs took McKesson Taxotere. This was already addressed by this Court, indicating that argument is without merit. have any right to remain in the remanded claim.

Defendant Sanofi may also argue it is entitled to dismissal because taking McKesson Taxotere means, as a matter of law, that no other Defendant manufacturers can be liable. That argument was also discarded by the Court in *Ernyes* and *McAllister*.

## II. REMAND IS APPROPRIATE UNDER CALIFORNIA LAW

Initially, the above argument regarding California's position on severance and "fraudulent' joinder, is incorporated here. To be clear, whether severance is appropriate has always been a fact question, and in pharmaceutical litigation, multiple plaintiffs may be joined. See *In re Fosamax Prod. Liab. Litig*., 2008 WL 2940560, at *8.

The California test for remand does not require direct evidence all Plaintiffs having taken drugs distributed by McKesson. The test is whether the Complaint alleges enough to hold McKesson liable. The reason is that McKesson is also a marketer, assisting in product placement and promotion. This is set forth in the

9

operative Complaint. Remand is always dependent upon the pleadings. . See *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL 2100, 779 F.Supp.2d 846 (S.D. Ill 2011); In re Fosamax, Products Liability Litigation, supra, *In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, 624 F. Supp. 2d 396 (E.D. Pa 2009), *In Re: Lipitor*.

As the pleadings indicate McKesson has taken this role, and the general allegations have been sufficient to keep McKesson in litigations regardless proof that any particular plaintiff received Taxotere, that McKesson assists in marketing Taxotere, there is a factual question regarding McKesson's role is not only distribution.

### III.  CONCLUSION

Defendants have failed to establish Plaintiffs may not remain in this separate case. The Court should remand the case and allow these Plaintiffs, citizens of California, to litigate their claims in their home state.

Dated: May 9, 2019

                By:   <u>/s/ Lowell W. Finson</u>
                        Lowell W. Finson, Esq.
                        **Finson Law Firm**
                        *Attorneys for Plaintiffs*

                        Jennifer A. Lenze
                        **LENZE LAWYERS, PLC**
                        *Attorney for Plaintiffs*

# EXHIBIT A

08/06/2018  4:41 PM

**Account Financial History By Service Date**
**BRYN MAWR MEDICAL SPECIALISTS ASSOCIATION**

Page 3

| Account Date | Type | Name / Description | Provider | Proc Code | | Ref Date | Diagnosis | Units | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 325450 | Bobbitt, Michele | | | | | | | | |
| 07/10/2014 | CHG | Bobbitt, Michele | 234 | J1200 | BENADRYL UP TO 50 MG DIPHENHYDRAMINE HCL | 07/15/2014 | 174.9 | 1.00 | 13.00 |
| 07/10/2014 | CHG | Bobbitt, Michele | 234 | J9171 | TAXOTERE 1 MG DOCETAXEL | 07/15/2014 | 174.9 | 180.00 | 5,400.00 |
| 07/10/2014 | CHG | Bobbitt, Michele | 234 | J2469 | ALOXI 25 MCG   PALONOSETRON HCL | 07/15/2014 | 787.01 | 10.00 | 500.00 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -12.25 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -16.68 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -18.05 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -19.68 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -39.81 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -57.20 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -76.00 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -286.50 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -4,609.80 |
| 07/11/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -2,167.02 |
| 07/11/2014 | PMT | 0001119984 | | | Elec. Transfer from IBC | 07/08/2014 | | | 35.00 |
| 07/11/2014 | CHG | Bobbitt, Michele | 234 | 96372 | INJECTION IM OR SUBCUT THERAPEUTIC, PROPHY, DIAG | 07/15/2014 | 288.03 | 1.00 | |
| 07/11/2014 | CHG | Bobbitt, Michele | 234 | J2505 | NEULASTA 6 MG   PEGFILGRASTIM | 07/15/2014 | 288.03 | 1.00 | 4,375.00 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -4.32 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -7.65 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -9.03 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -12.45 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -57.00 |
| 07/16/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -234.55 |
| 07/16/2014 | PMT | 0001123850 | | | Elec. Transfer from IBC | 07/14/2014 | | | 90.00 |
| 07/17/2014 | CHG | Bobbitt, Michele | 234 | 99213-25 | OFFICE VISIT ESTABLISHED PT LEVEL 3 | 07/22/2014 | 787.01 | 1.00 | 70.00 |
| 07/17/2014 | CHG | Bobbitt, Michele | 234 | 96361 | HYDRATION EACH ADDL HR IV INFUSION | 07/22/2014 | 787.01 | 2.00 | 30.00 |
| 07/17/2014 | CHG | Bobbitt, Michele | 234 | J7030 | SALINE 1000 CC | 07/22/2014 | 787.01 | 1.00 | 80.00 |
| 07/17/2014 | CHG | Bobbitt, Michele | 234 | 96374 | INJECTION IV PUSH THERAPEUTIC PROPHYLACTIC OR DIAGNOSTI | 07/22/2014 | 787.01 | 1.00 | 250.00 |
| 07/17/2014 | CHG | Bobbitt, Michele | 234 | J1626 | KYTRIL 100 MCG   GRANISETRON HCL | 07/22/2014 | 787.01 | 10.00 | -7.65 |
| 07/21/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -24.91 |
| 07/21/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -28.69 |
| 07/21/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -119.50 |
| 07/21/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -249.25 |
| 07/21/2014 | PMT | 0001127542 | | | Elec. Transfer from IBC | 07/21/2014 | | | 70.00 |
| 07/23/2014 | CHG | Bobbitt, Michele | 234 | 96361 | HYDRATION EACH ADDL HR IV INFUSION | 07/29/2014 | 276.51 | 2.00 | 30.00 |
| 07/23/2014 | CHG | Bobbitt, Michele | 234 | J7030 | SALINE 1000 CC | 07/29/2014 | 276.51 | 1.00 | 80.00 |
| 07/23/2014 | CHG | Bobbitt, Michele | 234 | 96374 | INJECTION IV PUSH THERAPEUTIC PROPHYLACTIC OR DIAGNOSTI | 07/29/2014 | 276.51 | 1.00 | 250.00 |
| 07/23/2014 | CHG | Bobbitt, Michele | 234 | J1626 | KYTRIL 100 MCG   GRANISETRON HCL | 07/29/2014 | 276.51 | 10.00 | -4.32 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -7.65 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -9.03 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -9.11 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -11.42 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -12.25 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -12.45 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | -16.68 |
| 07/28/2014 | ADJ | KHPADJ | | | Keystone Health Plan Adjustment | | | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 9th Day of May, 2019

/s/ Jennifer A. Lenze
Jennifer A. Lenze