UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*RENEE JEFFERS*
Case No.: 17-14193

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE JANUARY 18, 2019 SHOW CAUSE ORDER

Plaintiff Renee Jeffers, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with the January 18, 2019 Show Cause Order and Memorandum in support thereof.

Plaintiff filed her lawsuit on December 4, 2017. Plaintiff timely submitted her Plaintiff Fact Sheet, PTO 71A statement, CMO 12A, and authorizations. In November 2018, Defendants alleged several deficiencies against Plaintiff on their notice of non-compliance, of which all but one was cured prior to the January 18, 2019 show cause hearing. Defendants had alleged that Plaintiff had no proof of use, no "before" photographs, no "after" photographs, and no signed PFS declaration. The only deficiency not cured by Plaintiff by the January 18, 2019 Show Cause hearing was the PFS declaration. Bachus & Schanker believed that the declaration page had been uploaded on January 17, 2019 and relayed this to the Court, but it is believed that Centrality was having issues with uploading documents. At the hearing, Defendants were given 15 days to verify whether the declaration had been uploaded. Defendants never brought any issue with the upload to Bachus & Schanker's attention, so counsel believed Defendants had agreed the deficiency was cured.

1

On April 23, 2019, Plaintiff's case was dismissed with prejudice after an "advisement" to the Court that Plaintiff did not cure the alleged deficiency. Defendants did not confer with individual counsel for Plaintiff before advising the Court. Allowing Defendants to "advise" the Court without forcing a conferral ultimately gives Defendants a license to dismiss cases at-will if Defendants believed a deficiency was not cured after the Show Cause Hearing. Plaintiff had no avenue to contradict facts asserted by Defendants. Counsel noticed the issue with the upload to Centrality only after the dismissal and subsequently uploaded the signed declaration, which was dated January 16, 2019. **_Exhibit 1_**. With the upload of the declaration, Plaintiff has now fully satisfied her obligations in this litigation.

Under Fed. R. Civ. Pro 59(e), a claimant can move to alter a judgement within 28 days of the entry of judgment. As Plaintiff has filed this motion with 28 days of the April 23, 2019 judgment, the circumstances may be reviewed under the 59(e) standard. Under this standard, the Court has wide discretion to re-instate a case and the evaluation of that decision should be consistent with prior rulings. Lavespere v. Niagara Mach. & Tool Works, Inc., 910. F.2d 167, 174 (5th Cir. 1990). In exercising discretion, the court must strike a proper balance between finality and the need to render just decisions on the basis of all facts. Edward H. Bohlin Co., Inc., v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). In discussing precedent, the Niagara Court noted that past plaintiffs had been denied reinstatement of their cases for failing to provide "any explanation" for tardiness and that this standard was not as high as the "excusable neglect" standard applied under a 60(b) motion for reconsideration. Niagara at 175 (citing Waltman v. International Paper Co., 875 F.2d 468 (5th Cir. 1989)).

In Plaintiff Jeffers' case, the only piece of information missing was a signature page, which offered Defendants no additional information. In striking a balance between finality and a just decision on the facts, re-instating Plaintiff Jeffers' case is justified. Defendants were not prejudiced

because they were not missing any information and upholding dismissal will not solve any finality issues with Defendants because Plaintiff's case is part of a much larger litigation.

Even if the Court analyzes this case under Fed. R.Civ. Pro. 60(b), Plaintiff's case should be reinstated. 60(b) states: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief.

"Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly justify relief for Ms. Jeffers. She has been quick to correct deficiencies alleged in this litigation and the delay was clearly not cause by Plaintiff personally, but by technological issues. The mistake was also not intentional, as it related to a lack of awareness by Bachus & Schanker.

Defendants are not prejudiced by any delay. Defendants had all information required by the Court for Plaintiff except for a signature. Having Plaintiff's signature should not affect Defendants' preparation on either an individual plaintiff level or on a broader scale. Defendants previously had proof of Plaintiff's injury, proof she took Taxotere, and the information requested on the Plaintiff Fact Sheet. Counsel for Defendants will not be prejudiced by the inadvertently late disclosure of Plaintiff's signature.

As shown in her photographs, Ms. Jeffers suffered hair loss and should not be barred from participating in this litigation due to inadvertent mistakes made by Bachus & Schanker when

Defendants are not prejudiced. Plaintiff is responsive and has fulfilled her obligations. Plaintiff respectfully requests that her claim be reinstated.

Respectfully Submitted,

/s/ J. Christopher Elliott (BAR NO.41063)
J. Christopher Elliott
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net