**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION: "N" (5)

**THIS DOCUMENT RELATES TO:**

*JULIE CLARK*
**Case No.: 18-07024**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF
COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR
FAILURE TO COMPLY WITH THE JANUARY 18, 2019 SHOW CAUSE ORDER**

Plaintiff Julie Clark, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with the January 18, 2019 Show Cause Order and Memorandum in support thereof.

TorHoerman Law, LLC, filed this lawsuit on July 26th, 2018.  On January 10, 2019, Bachus & Schanker learned that there was issue with dual representation.  It was clear that Plaintiff wanted Bachus & Schanker, LLC to represent her.  Melanie Sulkin, attorney at Bachus & Schanker, LLC contacted TorHoerman Law, LLC on January 10, 2019, to tell them that Plaintiff wished to remain a client of Bachus & Schanker, LLC.

On January 18, 2019, TorHoerman Law, LLC spoke at the Show Cause Hearing for failing to submit a Plaintiff Fact Sheet on behalf of Plaintiff and let the Court know that Plaintiff would be represented by new counsel but could not remember the name of the new law firm.  A 15-day extension was granted to TorHoerman Law, LLC.  Bachus & Schanker filed a Motion for Substitution of Counsel on January 21, 2019.  The Motion for Substitution of Counsel was granted on January 22, 2019.

1

Bachus & Schanker received notice on April 23, 2019, that Plaintiff's case had been dismissed after an "advisement" to the Court that Plaintiff had not complied with her obligations in this litigation. Defendants did not confer with individual counsel for Plaintiff before the advisement to the Court. Allowing Defendants to "advise" the Court without forcing a conferral ultimately gives Defendants a license to dismiss cases at-will if Defendants believe a case was not cured after show cause hearing.   Plaintiffs had no avenue to contradict facts asserted by Defendants.   Bachus & Schanker has never been formally notified nor have they had an opportunity to respond to Defendants' deficiency allegations. Had Bachus and Schanker been properly notified as to the deficiency, Plaintiff's Fact Sheet would have been timely filed, as counsel had the Plaintiff Fact Sheet prior to the January 18, 2019, show cause hearing but had not yet entered an appearance.

Plaintiff has now fully satisfied her obligations in this litigation by providing not only a completed Plaintiff Fact Sheet, but also submitted proof of use, product manufacturer identification, authorizations, an ESI statement, and photographs proving injury. (__*Exhibits 1)*__. Plaintiff provided these documents well in advance of the show cause hearing to undersigned counsel. (__*Exhibit 2*__).  This is exemplified by the date on the attached exhibits.  Due to the timing of the show cause hearing in relation to when the order granting appearance did not cure the alleged deficiency within the extension period.

After the undersigned entered an appearance, no correspondence from Defendants, including deficiency notices, were ever brought to the undersigned's attention.  The aforementioned facts created the "perfect storm" for counsel.

Under Fed. R. Civ. Pro 59(e), a claimant can move to alter a judgement within 28 days of the entry of judgment.  As Plaintiff has filed this motion with 28 days of the April 23, 2019 judgment, the circumstances may be reviewed under the 59(e) standard.  Under this standard, the Court has wide discretion to re-instate a case and the evaluation of that decision should be consistent with prior

rulings. Lavespere v. Niagara Mach. & Tool Works, Inc., 910. F.2d 167, 174 (5th Cir. 1990). In exercising discretion, the court must strike a proper balance between finality and the need to render just decisions on the basis of all facts. Edward H. Bohlin Co., Inc., v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). In discussing precedent, the Niagara Court noted that past plaintiffs had been denied reinstatement of their cases for failing to provide "any explanation" for tardiness and that this standard was not as high as the "excusable neglect" standard applied under a 60(b) motion for reconsideration. Niagara at 175 (citing Waltman v. International Paper Co., 875 F.2d 468 (5th Cir. 1989)). The Fifth Circuit noted that the district court in Niagara acted within its discretion when re-opening the case because (1)the tardiness was due to attorney negligence, not strategic considerations; (2) the evidence was of critical importance to the plaintiff's case; and (3) the defendant as not injured or prejudiced in any way. Niagara at 175.

In striking a balance between finality and a just decision on the facts, re-instating Plaintiff Clark's case is justified. Plaintiff Clark's case is part of a much larger litigation that has no end in sight. For Defendants, Plaintiff Clark's case is just a number, but Plaintiff Clark suffered permanent disfigurement. **(_Exhibit 3._)** Plaintiff's right to have her case adjudicated based on the facts clearly trumps Defendants' need for finality in this circumstance because there in no finality in sight. The finality for this type of case stems from the Bellwether trials, not from Plaintiff's individual case.

The facts here are similar to those in the Niagara case in the sense that the tardiness is the fault of the attorney, not the plaintiff. The tardiness was clearly not a strategic move, as Plaintiff's counsel had no desire to have Plaintiff's case dismissed. The evidence disclosed within two weeks of the dismissal is also of critical importance to the Plaintiff's case, as the Plaintiff Fact Sheet is the discovery tool used for individual plaintiffs in multi-district litigation cases. Defendants are also not prejudiced or injured because this case is not likely to be tried in the near future, Plaintiff Clark's individual

discover will not affect preparation for the bellwether cases, and plaintiffs will grant Defendants an extension to issue deficiency notices and submit their Defendant Fact Sheets.

Even if the Court analyzes this case under Fed. R.Civ. Pro. 60(b), Plaintiff's case should be reinstated.  60(b) states: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief.

"Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly justify relief for Ms. Clark.  She was fully compliant with her litigation obligations prior to the undersigned being aware a lawsuit was filed in her case- the delay was clearly not cause by Plaintiff personally, but by confusion and inadvertent mistake by her counsel.  The mistake was also not intentional, as it related to a lack of awareness by the undersigned and his staff.

Defendants are not prejudiced by any delay.  The discovery obligations of Defendants do not arise until a "substantially complete" plaintiff fact sheet has been submitted.  Counsel will allow Defendants additional time to produce their required discovery, if needed, and because of the nature of MDLs, counsel's delay in producing information will not affect the outcome of any case.

As shown in her photographs, Ms. Clark suffered permanent hair loss and should not be barred from participating in this litigation due to inadvertent mistakes made by counsel when Defendants are not prejudiced. Plaintiff is responsive and has fulfilled her obligations.   Plaintiff respectfully requests that her claim be reinstated.

Respectfully Submitted,

*/s/ J. Christopher Elliott* (BAR NO.41063)
J. Christopher Elliott
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net

5