UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)               MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*RENEE JEFFERS*
Case No.: 17-14193

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF OF COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE JANUARY 18, 2019 SHOW CAUSE ORDER

At the January 18, 2019 Show Cause hearing, Plaintiff's counsel represented to the Court that Plaintiff had submitted a Plaintiff Fact Sheet ("PFS") declaration the day before.  In fact, she had not – either the day before, or at any time in the prior thirteen (13) months her case had been pending.  Now, without support, Plaintiff contends her failure to submit a PFS declaration at any time before her case was dismissed was because "Centrality was having issues with uploading documents" on a single day – January 17, 2019.  This contention and Plaintiff's other arguments do not warrant the Court reopening Plaintiff's case.  This is particularly true where Plaintiff's PFS remains deficient, Plaintiff never responded to Sanofi's August 8, 2018 PFS deficiency notice, and Plaintiff never produced a <u>single</u> medical record to support her claims.  For these reasons, and because Plaintiff has failed to show the Motion is necessary to correct a manifest error of fact or law, that newly discovered evidence was previously unavailable, or that the Motion is justified by an intervening change in controlling law, Plaintiff's Motion for Reconsideration should be denied.

I.  **BACKGROUND**

Plaintiff filed her case on December 4, 2017.  On August 8, 2018, Plaintiff was notified

that her First Amended PFS was deficient in many respects, including for failure to submit a PFS declaration.  *See* Notice of Deficiency in First Amended Plaintiff Fact Sheet, attached as **Exhibit A**.  Because Ms. Jeffers' PFS was not substantially complete in compliance with Amended PTO 22, Sanofi identified Plaintiff as deficient on the November 20, 2018 Notice of Non-Compliance. *See* 11/20/18 e-mail from Bieri to Barrios and Lambert, attached as **Exhibit B**.  Plaintiff failed to cure the identified deficiencies, and her case was identified on the Notice of Non-Compliance filed with this Court on January 4, 2019. (Rec. Doc. 5706)

At the January 18, 2019 Show Cause hearing, Mr. Elliott of Bachus & Schanker represented that Plaintiff's PFS declaration had been provided to Defendants the day prior. Because of the late nature of Plaintiff's alleged submission, the Court granted Plaintiff's counsel fifteen (15) additional days to ensure compliance before Ms. Jeffers' case was dismissed:

> MS. BRILLEAUX:  Thank you, Your Honor.  Renee Jeffers, no declaration.
> MR. ELLIOTT:  Uploaded January 17th.
> THE COURT:  15 days.

January 18, 2019 Show Cause Hr'g Tr. at 166:2-5, relevant portions attached as **Exhibit C**.

On April 12, 2019, consistent with the practice agreed to by liaison counsel and custom in this litigation, Sanofi requested the Court dismiss Plaintiff's case for failure to cure deficiencies within the additional time granted by the Court at the January 18, 2019 Show Cause hearing.  *See* 4/12/19 e-mail from Brilleaux to Schott, attached as **Exhibit D**.  On April 23, 2019, Plaintiff's case was dismissed with prejudice (Rec. Doc. 6802.)  One week later, on April 30, 2019, Plaintiff first uploaded a signed declaration to MDL Centrality.  *See* Jeffers MDL Centrality page, attached as **Exhibit E**.  On May 17, 2019, Plaintiff filed the instant Motion for Reconsideration.

## II. LEGAL STANDARD

"The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993); *In re Self*, 172 F. Supp. 2d 813 (W.D. La. 2001)). Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (citing *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)). "In exercising its discretion under Rule 59(e), the court 'must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'" *Id.* at *4 (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993)). In balancing these interests, courts consider the following factors: "'(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was [previously] available to plaintiffs . . . , and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened.'" *Id.* (quoting *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Under Rule 59(e), a "'[c]ourt's reconsideration of a prior order is an extraordinary remedy which should be used sparingly.'" *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 1782841 at *5 (quoting *Flynn v.*

3

*Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004)). Plaintiff has not demonstrated she is entitled to relief under Rule 59(e). Plaintiff's Motion should be denied.[1]

### III. ARGUMENT

#### A. Purported Issues Uploading Documents To MDL Centrality On January 17, 2017 Do Not Justify Relief Under Rule 59(e)

Plaintiff claims her failure to produce a PFS declaration was caused by "technological issues." (Rec. Doc. 7105-2 at 3) MDL Centrality having "technological issues" on January 17, 2019 is unsupported. Further, MDL Centrality makes apparent whether or not a document has been successfully uploaded. Indeed, in another Motion to Reconsider filed by Bachus & Schanker on May 17, 2019, an exhibit shows that counsel receives confirmation when a document is uploaded successfully:



---

[1] In the alternative, Plaintiff argues that if Federal Rule of Civil Procedure 60(b) applies, Plaintiff's case should be reinstated. As an initial matter, Rule 60 does not apply. *Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 427 n.4 (5th Cir. 2013) (all postjudgment motions that call into question the correctness of the judgment and are served within twenty-eight days of judgment's entry are treated as FED. R. CIV. P. 59(e) motions). Even if it does, however, Plaintiff has certainly not met the standard to allow relief. This Court has denied previous motions to reconsider under Rule 60(b) when a plaintiff failed to comply because "Plaintiff [] was on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet." *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2019 WL 250860, at *3 (E.D. La. Jan. 17, 2019). Moreover, the Fifth Circuit has stated courts "should only grant Rule 60(b)(6) motions if extraordinary circumstances are present. . . . **Missing a deadline, however, is not an extraordinary circumstance**." *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (internal quotations and citations omitted) (emphasis added).

4

(*See* Rec. Doc. 7106-1, Exhibit 1 (emphasis added))[2]

Plaintiff has produced no evidence to confirm the declaration was submitted on January 17, 2019. That the PFS declaration was signed on January 16, 2019, also cannot be verified. What can be verified is that Plaintiff's declaration was not uploaded until April 30, 2019 – 512 days after her case was filed and only after her case was dismissed by this Court.[3]

Even assuming, arguendo, Plaintiff's failure to submit a PFS declaration was a mistake, it does not justify relief under Rule 59(e). *See, e.g.*, *Edward H. Bohlin Co., Inc.*, 6 F.3d at 356-67 (denial of a motion to set aside a dismissal order "is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel."). Thus relief under Rule 59(e) is not warranted.

Plaintiff also blames Sanofi for her failure to provide a PFS declaration at any time in the almost year-and-a-half her case was pending by suggesting she was not on notice that the deficiency remained uncured. As an initial matter, Sanofi notified Plaintiff on three separate occasions of this failure in the months leading up to the Show Cause hearing:

---

[2] Indeed, Amended Pretrial Order No. 22 recognizes that upload confirmation is a feature of MDL Centrality:

> Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality system to execute the online submission of the materials, **and the submitting party has received confirmation on screen that the materials have been successfully submitted**, and the receiving party has received notification of the submission via the MDL Centrality System.

(Rec. Doc. 325 at n. 4.)

[3] On other occasions this same counsel has represented to the Court that documents have been uploaded to MDL Centrality when they have not. For example, at the November 15, 2018 Show Cause hearing, counsel represented the PFS for Joan Mitchell (2:17-cv-17033) was uploaded on April 12, 2018 ("We have a Plaintiff Fact Sheet. It was filed on April 12th of 2018. So we're not sure why this one is on the list."). November 15, 2018 Show Cause Hr'g Tr. at 77:2-15, relevant portions attached as **Exhibit F**. Relying on his representation, the Court stated "[l]et's pass this matter." *Id.* However, Ms. Mitchell never submitted a PFS – whether on April 12, 2018 or otherwise – and her case was dismissed with prejudice on December 13, 2018 (Rec. Doc. 5520.)

5

- August 8, 2018: PFS Deficiency Notice specifically identifying failure to submit a PFS declaration. *See* **Exhibit A**.
- November 20, 2018: Notice of Non-Compliance. *See* **Exhibit B**.
- January 4, 2019: 14-Day Notice of Non-Compliance (Rec. Doc. 5706.)

The entire show cause process as it related to Ms. Jeffers could have been avoided if Plaintiff had complied with Amended PTO 22 by timely providing a PFS declaration – but she did not.

Then, at the January 18, 2019 Show Cause hearing, counsel represented to the Court that Ms. Jeffers' declaration had been uploaded the prior day. Because Defendants had no opportunity during the hearing to confirm whether this statement was true, the Court granted an additional 15-days for Plaintiff's counsel to ensure compliance before Sanofi was permitted to seek dismissal. *See* **Exhibit C**. It was Plaintiff's obligation to confirm she had complied by submitting a PFS declaration. It is undisputed that at the end of the 15-day post-hearing period, Plaintiff had still not complied. Defendants were not required to provide further notice to Plaintiff. Even so, Defendants again notified Plaintiff (now for the fourth time) that her case was still deficient when it requested the Court dismiss Plaintiff's case on April 12, 2019. *See* **Exhibit D**. The Court did not enter dismissal until April 23, 2019. (Rec. Doc. 6802) At any time between January 18, 2019, and April 23, 2019, counsel could have confirmed whether or not Ms. Jeffers' PFS declaration was uploaded to MDL Centrality by simply looking at MDL Centrality, yet they did nothing.

### B. Plaintiff's PFS Is Still Deficient Today

Plaintiff argues she has been "quick to correct deficiencies" and that Defendants are not prejudiced because they had "all information required by the Court for Plaintiff except for a signature." (Rec. Doc. 7105-2 at 3) This is inconsistent with Plaintiff having <u>never produced a single page of medical records in the almost seventeen (17) months her case was pending</u>.[4] And,

---

[4] Instead, Ms. Jeffers only submitted a <u>single</u> page of *billing* record (same single page of billing records submitted as both "Proof of Use – Medical Records" and "CMO 12 Product Identification"). *See* **Exhibit G**. And the only HIPPA authorization provided to Defendants to independently collect medical records

6

Plaintiff's June 28, 2018 Amended PFS is still missing information from multiple, key sections. For example, the "Cancer Diagnosis and Treatment" section is blank:

> **V. CANCER DIAGNOSIS AND TREATMENT**
>
> **Cancer Diagnosis & Treatment Generally**
>
> 1. Have you ever been diagnosed with cancer? Yes ☐ No ☐
> 2. Were you diagnosed with cancer more than once? Yes ☐ No ☐
> 3. Did you undergo any of the following for cancer?
>
> | Treatment | Treated |
> |---|---|
> | Surgery | ☐ |
> | Radiation | ☐ |
> | Chemotherapy | ☐ |
>
> 4. For surgery, specify:
>
> | Type of Surgery | Treated |
> |---|---|
> | Double mastectomy | ☐ |
> | Left-side mastectomy | ☐ |
>
> JEFFERS, RENEE                         9                         Plaintiff ID 5877
>
> ---
>
> | Type of Surgery | Treated |
> |---|---|
> | Right-side mastectomy | ☐ |
> | Lumpectomy | ☐ |
> | Other: | ☐ |

*See* Amended PFS at 9-10, excerpts attached as **Exhibit I**. The following pertinent sections are also blank:

> **Particulars of Chemotherapy**
>
> 6. When were you first diagnosed with the condition for which you were prescribed Taxotere® or Docetaxel? --/--/----
>
> 12. Please provide the following information regarding Taxotere® or Docetaxel:
>     a) Number of cycles:
>     b) Frequency: Every week ☐ Every three weeks ☒
>        Other:
>     c) First treatment date: --/--/----
>     d) Last treatment date: --/--/----
>     e) Dosage:
>        (1) Combined with another chemotherapy drug: ☐
>        (2) Sequential with another chemotherapy drug: ☐
>        (3) If so, describe the combination or sequence:

---

was signed on January 31, 2017 – almost a year before she filed suit and expired *before* Sanofi was served on March 20, 2018. *See* **Exhibit H**.

7

*See id.* at 10, 13. While Plaintiff admits receiving written instructions regarding her chemotherapy treatment – that she acknowledged were in her possession – she failed to produce them:

Statement Information

> 9. Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding chemotherapy, Taxotere® or Docetaxel? Yes ☒ No ☐
>
> 10. If yes, please describe the documents, if you no longer have them. If you have the documents, please produce them:

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
|  | ☒ | ☐ |

*See id.* at 16. There is also key information regarding hair loss missing, such as medications taken when her hair loss began (and other chemotherapy medications taken), and the damages claimed (duration of injury, hair loss treatment, and information supporting damages claimed). *See e.g., id.* at 9, 12, 15-16. These are just a few examples from Plaintiff's deficient PFS, which have not been corrected in nearly a year since the deficiency notice was issued on August 8, 2018. Indeed, Plaintiff neither responded to the PFS Deficiency Notice nor served a Second Amended PFS.

Defendants have been unduly prejudiced by their inability to learn basic facts about Plaintiff's claims due to her delays and failures, and would be further prejudiced if this Court were to grant Plaintiff relief. *See In re Phenylpropanolamine Prod. Lib. Litig.*, 460 F.3d 1217, 1235-37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice. . . . The law also presumes prejudice from unreasonable delay."); *see also In re Guidant Corp. Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867-68 (8th Cir. 2007) (affirming district court's refusal to set aside dismissal with prejudice for failure to serve PFSs as required by court order).

8

## IV. CONCLUSION

This case has been on file since December 4, 2017. Yet it was not until April 30, 2019 – 102 days after the Show Cause hearing, 512 days after filing suit, and only *after* her case was dismissed – that Plaintiff first produced a signed PFS declaration, for an objectively deficient PFS. Plaintiff was on notice that this case could be dismissed if she failed to fulfill Court-ordered obligations long before April 23, 2019. This Court properly dismissed with prejudice Plaintiff's case because she failed to comply with this Court's clearly defined case management procedures after being warned of the consequences of ignoring the Court's orders. *See* Am. PTO 22 at ¶ 5.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com
***Counsel for Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC***

9

4824-0533-0071

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

4824-0533-0071