MINUTE ENTRY
NORTH, M.J.
MAY 30, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)　　　　　　　　MDL NUMBER: 2740
　　　　PRODUCTS LIABILITY
　　　　LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　SECTION: "H"(5)

　　　　　　　　　　　　　　　　　　　　　　　THIS DOCUMENT RELATES TO
　　　　　　　　　　　　　　　　　　　　　　　ALL CASES

A further discovery/status conference was held on this date in the presence of a Court Reporter (Cathy Pepper).

| | | |
|---|---|---|
| PRESENT: | Karen Barth Menzies | Douglas Moore |
| | Dawn Barrios | Harley Ratliff |
| | Larry Centola | Jason Harmon |
| | | John Olinde |
| | | Kelley Brilleaux |
| PARTICIPATING BY PHONE: | Andre Mura | Kathleen Kelly |
| | Abby McClellan | Mike Suffern |
| | Andrew Lemmon | Beth Toberman |
| | | Mara Cusker Gonzalez |
| | | Julie Callsen |
| | | Brian Hazen |

The PSC's request for additional documents from Sanofi related to Shirley Ledlie's French CRCI claim is denied. The PSC has repeatedly argued (as recently as one day ago in its submission to this Court) that the discovery already taken of Ms. Ledlie is "disproportionate" to the needs of the case, stating that "Ledlie's testimony simply lacks relevance to the merits of the claims of thousands of women who have sued Sanofi for their injuries. Sanofi nevertheless insisted on pursuing discovery of a foreign individual who was removed from the Plaintiffs' witness lists." Under the circumstances and in light of its

MJSTAR (00:15)

arguments that any discovery concerning Ms. Ledlie is improper, the PSC's request for additional documents concerning this foreign non-party's claim in another country (including medical information) is denied as falling outside the scope of discovery.

Sanofi's request for reimbursement of the expenses associated with its discovery of Ms. Ledlie through the Hague Conventions is also denied. While the Court previously described the PSC's shifting positions on the appropriateness of discovery on Ms. Ledlie generally, as well as their shifting positions on cooperating in obtaining that discovery, as "gamesmanship," its conduct does not rise to a level sufficient to merit shifting the costs of this discovery to the PSC, which ultimately opposed the taking of that discovery. Sanofi affirmatively sought to take this discovery via the Hague Conventions both in this Court and in the French court in the face of PSC's vigorous opposition, knowing full well the costs and time involved in obtaining what it sought. Further, there is no evidence – only speculation – as to how Ms. Ledlie may have acted differently had the PSC asked her to cooperate.

As for the issue of producing third-party subpoena returns and objections, to be clear, there are no exceptions to that requirement. Anything received by a party to this litigation from a third-party pursuant to a subpoena is to be produced to all other parties, including documents, objections, or any other correspondence or communication. To the extent that has not been done as to any third-party subpoena response, such exchange shall be accomplished within 14 days, at which time the parties shall submit to each other and to the Court declarations affirming that all such information has been produced in the litigation.

                                              MICHAEL B. NORTH
                                              UNITED STATES MAGISTRATE JUDGE

2