# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 16-2740 |
| | SECTION: "H" (5) |
| This document relates to all cases | |

## ORDER AND REASONS

Before the Court is Sanofi's Motion for Review of Discovery Order Regarding PSC's *In Camera* Correspondence and Videos (Doc. 6744). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

In his Order and Reasons dated April 1, 2019 (Doc. 6616), Magistrate Judge North held that Sanofi was not entitled to certain materials relating to work done by Dr. Curtis Thompson, Plaintiffs' testifying expert, and other retained non-testifying experts for the Plaintiffs. After reviewing the materials in camera, Judge North held that the documents were protected work product, and the videos were of a similar nature. He ruled that none of the materials were discoverable.

After Judge North rendered his decision, some developments occurred. Plaintiffs produced to this Court as part of their briefing on this Motion an email dated September 3, 2018. Defendants are seeking this email because it was referenced on one of Dr. Thompson's invoices. The email is between Dr. Thompson and Plaintiffs' non-testifying consulting expert, Dr. Alexa Poole. Plaintiffs aver that

the communication does not relate to this case and that Dr. Thompson mistakenly listed this email on his invoice. Plaintiffs state that the email "concerns the potential for independent research and the possibility of an exchange of specimens from persons who are not plaintiffs in this case."[1]

In addition, on May 9, 2019, in response to a subpoena served on AIVITA Biomedical, Plaintiffs produced a set of emails between Dr. Thompson and Dr. Poole, who is a follicular stem cell researcher at AIVITA Biomedical. Defendants speculate, based on the contents of these emails, that they were not produced to Judge North. Based on this speculation, Defendants further speculate that Plaintiffs are withholding other materials.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) addresses orders by magistrate judges on non-dispositive pretrial matters. Under the rule, a district judge must consider timely objections to such an order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[2] The "clearly erroneous" standard applies to the factual components of a magistrate judge's ruling, while the legal conclusions are reviewable *de novo*.[3] Under the "clearly erroneous" standard, a court must affirm a factual finding of the magistrate judge "unless 'on the entire evidence [the court] is

---

[1] Doc. 6987 at 1.
[2] FED. R. CIV. P. 72(a).
[3] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014). *See also Gressett v. City of New Orleans*, 2018 WL 3642008, at *4 (E.D. La. Aug. 1, 2018); *Donahue v. Smith*, 2017 WL 6604842, at *3 (E.D. La. Dec. 27, 2017).

left with a definite and firm conviction that a mistake has been committed.'"[4] Regarding legal conclusions, a ruling is reversible only if the judge "misinterpreted or misapplied applicable law."[5] The district court "may not disturb a magistrate judge's determination on a nondispositive matter merely because it could have been decided differently."[6] Accordingly, this standard is considered "extremely deferential."[7]

## **LAW AND ANALYSIS**

In 2010, drafters of the Federal Rules of Civil Procedure amended Rule 26 to provide "work-product protection against discovery regarding . . . attorney-expert communications."[8] With the 2010 amendments came the addition of Rule 26(b)(4)(c), which the drafters added to protect attorney-expert communications "regardless of the form of communications, whether oral, written, electronic, or otherwise."[9] The addition of this provision "is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery."[10]

---

[4] *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4185867, at *1 (E.D. La. Sept. 9, 2008). *See also Gressett*, 2018 WL 3642008, at * 4.
[5] *See U.S. Securities & Exchange Commission v. Commonwealth Advisors, Inc.*, No. 3:12-00700, 2016 WL 1364141, at *6 (M.D. La. Apr. 6, 2016) (quoting *Cataldo v. Moses*, 361 F. Supp. 2d 420, 424 (D.N.J. 2004)).
[6] *Id.* (quoting *Martinez v. Pena*, No. 4:03-CV-915-Y, 2006 WL 3289187, at *2 (N.D. Tex. Nov. 1, 2006)).
[7] *Id.* (quoting *Am. Realty Trust, Inc. v. Matisse Capital Partners, LLC*, No. 3:00-CV-1801-G, 2001 WL 1029466, at *1 (N.D. Tex. Aug. 28, 2001)).
[8] FED. R. CIV. P. 26(a)(2)(B), Adv. Comm. Notes.
[9] FED. R. CIV. P. 26(b)(4), Adv. Comm. Notes.
[10] *Id.*

Judge North evaluated the videos at issue and found that because the videos showed communications involving lawyers, the videos were not discoverable. He explained his reasoning to Sanofi during a hearing on April 11, 2019:

> Because these are videos. They're videos of consulting experts in a room talking to lawyers. That's what they're videos of. By providing that video to a testifying expert is no different than putting the testifying expert in the room with the lawyers and the consulting expert, and you're not entitled to discovery of what happens in that meeting because it's with the lawyers. That's what these videos are and that's why they're not discoverable. They're experts meeting with counsel in the litigation.[11]

Sanofi argued that the science described in the video is discoverable, and Judge North rejected the argument: "This is a meeting of an expert with the lawyers that was simply sent to the other expert."[12]

Regarding the emails that Judge North reviewed, he concluded that they were protected work product and they were irrelevant:

> The only thing I looked at involved the attorneys. And the documents were – they were not relevant really to anything. They were setting up meetings and phone calls and making introductions. There was nothing relevant in any of those documents, which is why I said they didn't need to be logged.[13]

Sanofi argues that Plaintiffs must disclose any materials that a testifying expert considers, even if that information comes from an attorney or non-testifying expert whose work product generally is not subject to discovery. Sanofi, however, cites cases that predate the 2010 amendments to Rule 26. Sanofi further argues that Judge North erred in asking whether Dr. Thompson *relied* on the materials, rather than

---

[11] Transcript of April 11, 2019 Hearing.
[12] *Id.*
[13] *Id.*

whether he *considered* them. Sanofi notes that Rule 26 requires the disclosure of materials *considered* by an expert. Ruling on a similar motion, Judge North indicated that while Rule 26 requires the disclosure of materials considered by a testifying expert, the Rule 2010 amendments place limits on this requirement and shield from disclosure any attorney-expert communications.

The Court agrees with Judge North's application of the amended version of Rule 26, and the Court concludes that his factual findings regarding the contents of the materials are not clearly erroneous. Accordingly, Sanofi is not entitled to the communications that Judge North reviewed. The 2010 amendments make clear that communications of this nature are the type that Rule 26 aims to shield from discovery.

Regarding the September 3, 2018 email, Dr. Thompson testified that the email was not related to this case. He testified as follows:

> [T]hat researcher indicated an interest in doing research in his laboratory and needed specimens. And I just simply said, if and when you need them, I can provide them, not from, not anything from this case, hair samples. So I just acknowledged that I can provide these and then I, that was it.[14]

This Court has reviewed the September 3 email and finds that, consistent with Dr. Thompson's testimony, it is irrelevant to this litigation.

Regarding the response to the subpoena served on AIVITA Biomedical, Defendants point to an email dated April 17, 2018, in which Dr. Poole provided information to Dr. Thompson. Dr. Poole wrote, "Yes - one biopsy is from the area of

---

[14] Doc. 6987 at 2.

patients scalp that had hair and the other one is from where the hair was completely missing. I'm sure you see that on H&E. Exciting results!"[15] Defendants note that this email does not contain any mental impressions of counsel and it contains information that Dr. Thompson relied on in forming his opinions in this case. Defendants therefore speculate that this email was not provided to Judge North because otherwise, they suggest, Judge North would have ordered it to be produced. Since Defendants are now in possession of this email, the question of whether they were entitled to it is now moot. Further, the Court rejects Defendants' speculative argument that this email proves that there are other documents that Plaintiffs withheld from Judge North. This argument is unfounded.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Sanofi's Motion for Review of Discovery Order Regarding PSC's *In Camera* Correspondence and Videos (Doc. 6744) is **DENIED**.

New Orleans, Louisiana this 30th day of May, 2019.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 7207 at 4.