**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                     **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                **SECTION "H" (5)**

THIS DOCUMENT RELATES TO
ALL CASES

## JOINT REPORT NO. 17 OF LIAISON COUNSEL
## (May 21, 2019)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 17 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML"). On May 16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche Milazzo. (Doc. 2599). As of May 20, 2019, there are approximately 11,483 cases pending in the MDL before the Honorable Jane Triche Milazzo, with approximately 1,719 cases that have been closed, dismissed, or remanded since inception of the MDL.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, New Jersey, Delaware, and Mississippi. Some state court cases were removed to federal court. This Court ruled on remand

1

motions on August 30, 2017, May 15, 2018, and October 3, 2018. (Rec. Docs. 781, 2597, 4517).

On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

On March 29, 2019, Plaintiffs in *Jones et al. v. Sanofi U.S. Services Inc., et al*, No. 2:19-cv-01164, filed a Motion to Remand the case. (Rec. Doc. 6597). On April 30, 2019, Sanofi filed its Opposition to Plaintiffs' Motion to Remand (Rec. Doc. 6847). Accord and Hospira filed Joinders in Sanofi's Opposition on April 30, 2019 (Rec. Docs. 6851 and 6853), which were granted on May 2, 2019 (Rec. Docs 6896 and 6897). On May 9, 2019, Plaintiffs filed a Motion for Leave to File Reply in Support of Plaintiffs Motion to Remand (Rec. Doc. 6953). The Motion for Leave was granted on May 14, 2019 (Rec. Doc. 6989). The Attorney General for the State of Mississippi filed *Jim Hood, Attorney General of the State of Mississippi, ex rel. The State of Mississippi v. Sanofi S.A., et* al. in the Chancery Court of Hinds County, Mississippi. Sanofi removed the case to the Southern District of Mississippi and tagged the case for transfer to the MDL with the JPML. The Attorney General filed a Motion to Remand and opposed MDL transfer which the JPML granted. The case was remanded to the Chancery Court of Hinds County, Mississippi.

Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties continue to coordinate and communicate with all counsel and advise them of the status conference call-in number (listen only). The parties also continue to make efforts to identify the relevant state court judge(s) and provide their information to the Court. The parties

2

understand the Court has made or will make contact with these judges to apprise them of the MDL and the Court's willingness to coordinate discovery and other pretrial proceedings. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware as Judge Medinilla has many cases in her court that were remanded from this Court. The New Jersey Supreme Court ordered centralized case management of Taxotere cases filed in New Jersey on July 17, 2018, and designated the Honorable James F. Hyland of Middlesex County to preside over that litigation. As of May 22, 2019, there were 177 cases pending in New Jersey before Judge Hyland. Judge Hyland's next status conference is June 11, 2019. Judge Hyland has joined Status Conferences before this Court by phone.

Federal-state Liaison Counsel provided the Court with the names and contact information for the state court judges, as well as a chart of state court case information.

## 3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.17.

The Court has issued the following Pretrial Order (sometimes "PTOs") since the April 4, 2019 Status Conference:

A. PTO 95 (Rec. Doc. 6700) entered April 5, 2019, setting a status conference and show cause hearing for May 21, 2019.

B. Pretrial Order No. 95A (Rec. Doc. 6883) entered May 2, 2019, cancelling the status conference and setting a conference with liaison and lead counsel on May 21, 2019 at 8:30 am.

C. Pretrial Order No. 95B (Rec. Doc. 6956) entered May 10, 2019, setting a show cause hearing for May 21, 2019 at 9:30 am.

D. Pretrial Order No. 96 (Rec. Doc. 7200) entered May 22, 2019, setting a status conference and show cause hearing for July 11, 2019.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.17. The Court issued the following Case Management Orders (sometimes "CMOs") since the April 4, 2019 Status Conference:

A. Case Management Order No. 14C (Rec. Doc. 6789) entered April 23, 2019, amending CMO 14, CMO 14A, and CMO 14B regarding trial pool selection.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

6. **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Second Amended Master Long Form Complaint attached to Pretrial Order No. 82 (Rec. Doc. 4230) and the exemplar Short Form Complaint (Rec. Doc. 1463-1), are the effective and operative complaints for Plaintiffs.  The exemplar Short Form Complaint, as amended on January 4, 2019, is available on the Court's MDL 2740 website under the tab "Forms" or on MDL

Centrality. All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963, 969, 4704, and 4705).

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[1] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Pretrial Order No. 37A (Rec. Doc. 1682) sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A (Rec. Doc. 1682) for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[2]  If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending

---

[1] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf
[2] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under paragraph "J" of PTO 15 (Rec. Doc. 230), Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice.  They must either file a stipulation to dismiss or move to dismiss with prejudice.  On November 27, 2018, the Court entered PTO 87 which ordered procedures for the dismissal with prejudice by any non-Trial Pool Plaintiff as to the entire action against all defendants in the MDL. (Rec. Doc. 5363). The Form Dismissal to be used by Plaintiffs is attached as Exhibit A to PTO 87. (Rec. Doc. 5363-1).

Dismissals with prejudice of those defendants whose product was not used, but not a dismissal of an entire action, must follow the form approved by the Court as Exhibit C to Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492).

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices

6

per PTO 1;

E.  PTO 55 (Rec. Doc. 688) updated the form of the PFS.[3] See Exhibit A to PTO 18 (Rec. Doc. 236-1); and

F.  PTO 22A (Rec. Doc. 3493) provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

As of May 20, 2019, Plaintiffs have served 10,620 PFSs, and 910 are in progress. Based on the PFSs received as of May 20, 2019, they divide among Defendants as follows:  5,763 sanofi, 1,211 Hospira, 442 Sandoz, 325 Accord, 4 Sun, 1,379 Unknown, 221 Blank, and 1,275 Other/Miscellaneous.  The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. Counsel should also familiarize themselves with PTO No. 68 (Rec. Doc. 1085) with regard to the requirements of representative, dated photographs taken closest in time to starting treatment and in no event earlier than five (5) years before then.  The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of narrowing the number of cases in dispute.

Consistent with Pretrial Order No. 22A, the Defendants submitted to Plaintiffs' Liaison Counsel Notices of Non-Compliance on March 26, 2019, and submitted their 14-Day Notice of Non-Compliance Cases Subject to the May 21, 2019 Dismissal Call Docket on May 7, 2019 (Rec. Doc. 6934). Attached to the 14-Day Notice is the list of cases they allege remain subject to dismissal.  The list identifies 778 plaintiffs.  At the conclusion of Lead and Liaison Chambers Conference with the Court set for 8:30 am, the Court will recess for a short period of time and will

---

[3] A fillable form of the PFS can be found on the "Forms" tab of the Court's MDL 2740 website and on Brown Greer's MDL Centrality website.

then begin the May Call Docket proceeding. Counsel with cases on the Notice of Non-Compliance Cases Subject to the May 21, 2019 Dismissal Call Docket can appear in person or via telephone. (Rec. Doc. 6956). The call-in number is 800-260-0712 and the access code is 465448.

In addition, on February 13, 2019, the Court conferred with the parties' designated counsel concerning the Show Cause process.  The Court directed liaison counsel to remind all parties and individual counsel in the MDL that statements asserting the lack of photographs should be submitted only in response to the Court's order at a show cause hearing (and should not be submitted preemptively), must be signed under penalty of perjury, should identify the specific reason why responsive photographs do not exist, and must include an acknowledgement that plaintiff may be  subject to sanctions for misrepresentations related to the existence of photographs or lack thereof.

## 8.  SERVICE ON DEFENDANTS

Counsel for the Defendants and the Plaintiffs' Steering Committee ("PSC") have agreed to streamlined service procedures for each Defendant. The relevant Orders are:

- PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity[4];

- PTO 29 (Rec. Doc. 303) for Accord Healthcare, Inc.;

- PTO 30 (Rec. Doc. 304) for Sandoz Inc.;

- PTO 32A (Rec. Doc. 710) for Actavis Pharma, Inc.;

- PTO 33 (Rec. Doc. 308) for McKesson Corporation;

- PTO 39A (Rec. Doc. 711) for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.;

- PTO 40A (Rec. Doc. 509) for Hospira Worldwide, LLC.; and,

---

[4] Sanofi acknowledges that service of a complaint naming Winthrop US may be made on sanofi-aventis US LLC.

- PTO 83 (Rec. Doc. 4263) for Sagent Pharmaceuticals, Inc.

9. **PRODUCT IDENTIFICATION ORDER**

On July 18, 2018, the Court entered Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) that sets forth the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was not used.  Exhibit A to CMO 12A lists the email address of all defense counsel who should be notified pursuant to CMO 12A.   Exhibit B is a new Statement Regarding Chemotherapy Administered, which includes new/updated NDC numbers.  Counsel are reminded to use this new Exhibit B Statement when sending requests to infusion facilities.  Exhibit C to CMO 12A provides the form for noticing voluntary dismissal with prejudice of the defendants not identified by Product ID Information. The PSC has been advised by certain counsel in the MDL that there are compliance issues with regard to subpoenas issued in connection with CMO 12A. The parties are meeting and discussing this issue.

10. **PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence.   In addition, counsel are reminded of the preservation requirement in CMO 15 (Rec. Doc. 5008, ¶3) related to biopsies performed on plaintiffs for evaluation of hair loss.

11. **PROTECTIVE ORDER**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

12. **ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5,

2017 as PTO 49 (Rec. Docs. 611-1, 613).

On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531), which amends and supersedes Pretrial Order No. 71.  Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

On November 13, 2018, the Court entered Pretrial Order No. 85 (Rec. Doc. 5257) which is the protocol for Defendants to raise PTO 71A and privilege log deficiencies of Non-Bellwether Plaintiffs before Magistrate Judge North. Counsel are reminded to review the procedures for deficiencies raised by the Defendants regarding ESI and privilege logs in PTO 85 as the procedure for the Show Cause Order Process before Magistrate Judge North is slightly different from the Show Cause Order Process before Judge Milazzo.

The first PTO 85 call docket was held on March 17, 2019, at which time the Court issued rulings applicable to all MDL Plaintiffs. A Minute Entry on the rulings followed on April 1, 2019. (Rec. Doc. 6614).

On February 15, 2019, the Defendants submitted a PTO 85 Notice of Deficiency Determination spreadsheet, identifying certain ESI deficiencies. On February 19, 2019 the Defendants submitted their final Notice of Deficiency Determination, which included 32 Plaintiffs with outstanding ESI deficiencies.  Sanofi has requested adjournment of the PTO 85 docket scheduled for May 28, 2019. The Plaintiffs have requested that the hearing be converted to a telephonic hearing on open discovery issues.  The matter is before Magistrate Judge North.

## 13. DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have begun the process of producing responsive documents. Plaintiffs have also served merits discovery on

Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have begun to receive productions. The parties meet and confer about discovery and bring any unresolved issue to Magistrate Judge North.

Trial case discovery for *Francis* (primary plaintiff for the first trial)[5], and *Earnest* (alternate plaintiff for the first trial) concluded on November 7, 2018, with plaintiffs issuing their expert reports on November 9, 2018. Sanofi Defendants issued expert reports on December 10, 2018, December 14, 2018, December 31, 2018, January 11, 2019, and January 31, 2019, in accordance with the Court's November 7, 2018 Order. (Rec. Doc. 5009). Sanofi's general liability discovery closed on December 15, 2018, pursuant to CMO No. 5. (Rec. Doc. 762); however, the parties are in the process of completing remaining depositions. The parties filed initial dispositive and expert motion practice on February 8, 2019. Subsequently, following the untimely production of certain additional histological slides by Plaintiffs' expert, Curtis Thompson, the deadlines for opposing some of these Motions were continued. The status of these Motions and Oppositions are discussed in further detail in the "Motion Practice" section, *infra.*

Discovery is ongoing in the trial pool cases available for subsequent trials as set forth in CMO 14B.  On January 29, 2019, in CMO 16, the Court selected the following Trial Plaintiffs for the second bellwether trial: Cynthia Thibodeaux (primary Plaintiff) and Sheila Crayton (alternate Plaintiff). (Rec. Doc. 6017). Plaintiffs filed a Motion to remove Sheila Crayton from the trial pool on March 22, 2019. (Rec. Doc. 6559). The Court denied this Motion. (Rec. Doc. 6935).

14. **MOTION PRACTICE**

On January 7, 2019, the Sanofi Defendants filed Motions for Summary Judgment with

---

[5] On February 7, 2019, the Court ruled that the original primary plaintiff for the first trial, Antoinette Durden, should not proceed as a bellwether case. (Rec Doc. 6120).

11

regard to three Plaintiffs' cases: Kelly Gahan (Rec. Doc. 5730); Jacqueline Mills (Rec. Doc. 5732); and Deborah Johnson (Rec. Doc. 5734).   On February 27, 2019, Plaintiff Kelly Gahan filed a Consent Motion to Continue the Submission Date by agreement of all parties. (Rec. Doc. 6353). The Court has ordered that the parties file a Joint Notice of Submission Date no later than June 15, 2019. (Rec. Doc. 6484).

On February 26, 2019, Plaintiff Jacqueline Mills filed her Opposition to Defendants' Motion for Summary Judgment. (Rec. Doc. 6347). On March 1, 2019, Defendants filed their Motion for Leave to File Reply Memorandum regarding the *Mills* Motion for Summary Judgment. (Rec. Doc. 6373). On March 19, 2019, Plaintiff Deborah Johnson filed her Opposition to Defendants' Motion for Summary Judgment. (Rec. Doc. 6536). On March 26, 2019, Defendants filed their Motion for Leave to File Reply Memorandum regarding the *Mills* Motion for Summary Judgment. (Rec. Doc. 6576).

On April 4, 2019, the Court heard oral argument on the *Mills* and *Johnson* Motions for Summary Judgment.

On February 5, 2019, sanofi filed the following motions:

Motion for Summary Judgment on Causation-Learned Intermediary and Statute of Limitations with regard to three Plaintiffs' cases: Antoinette Durden (Rec. Doc. 6076 and 6077); Barbara Earnest (Rec. Doc. 6078 and 6079); and Tanya Francis (Rec. Doc. 6080 and 6081).

On February 8, 2019, sanofi filed the following motions:

- Motion to Exclude Linda Bosserman (Rec. Doc. 6130);

- Motion to Exclude Javid Moslehi (Rec. Doc. 6138);

- Motion to Exclude John Thompson (Rec. Doc. 6141);

- Motion to Exclude David Madigan (Rec. Doc. 6144);

- Motion to Exclude David Kessler (Rec. Doc. 6146);

- Motion to Exclude Ellen Feigal (Rec. Doc. 6149);

- Motion to Exclude Kevin Bianchini (Rec. Doc. 6151);

- Motion to Exclude Alan Bauman (Rec. Doc. 6153);

- Motion to Exclude Laura Plunkett (Rec. Doc. 6155);

- Omnibus Motion to Preclude Improper Expert Testimony (Rec. Doc. 6158);

- Motion to Exclude Expert Testimony of Specific Causation (Rec. Doc. 6162);

- Motion to Exclude Expert Testimony of General Causation (Rec. Doc. 6162); and

- Motion for Summary Judgment based on Preemption (Rec. Doc. 6186).

On the same date, Plaintiffs filed the following motions:

- Motion to Exclude David Spiegel (Rec. Doc. 6140);

- Motion to Exclude Vivian Fonseca (Rec. Doc. 6147); and

- Motion to Exclude Testimony that relies on Dr. Michael Kopreski (Rec. Doc. 6160).

Subsequently, following the untimely production of certain additional histological slides by Plaintiffs' expert, Curtis Thompson, the deadlines for opposing some of these Motions were continued.

Plaintiffs filed the following Oppositions to certain Motions *not impacted* by the production of the additional slides:

- Opposition to Defendants' Motion for Summary Judgment on Causation (Learned Intermediary) in Barbara Earnest (Rec. Doc. 6604);

- Opposition to Defendants' Motion for Summary Judgment on Statute of Limitations in Barbara Earnest (Rec. Doc. 6611);

13

- Opposition to Defendants' Motion for Summary Judgment on Causation (Learned Intermediary) in Tanya Francis (Rec. Doc. 6606);

- Opposition to Defendants' Motion for Summary Judgment on Statute of Limitations in Tanya Francis (Rec. Doc. 6610);

- Opposition to Defendants' Motion to Exclude Alan Bauman (Rec. Doc. 6599); and

- Opposition to Defendants' Motion to Exclude Linda Bosserman (Rec. Doc. 6608).

Sanofi filed Oppositions to the following Motions on March 29, 2019:

- Opposition to Plaintiffs' Motion to Exclude David Spiegel (Rec. Doc. 6594); and

- Opposition to Plaintiffs' Motion to Exclude Vivian Fonseca (Rec. Doc. 6593).

On May 22, 2019, the Court will hear oral argument on the following Motions:

- Defendants' Motion for Summary Judgment on Causation (Learned Intermediary) in Barbara Earnest (Rec. Doc. 6078);

- Defendants' Motion for Summary Judgment on Statute of Limitations in Barbara Earnest (Rec. Doc. 6079);

- Defendants' Motion for Summary Judgment on Causation (Learned Intermediary) in Tanya Francis (Rec. Doc. 6080);

- Defendants' Motion for Summary Judgment on Statute of Limitations in Tanya Francis (Rec. Doc. 6081);

- Defendants' Motion to Exclude Linda Bosserman (Rec. Doc. 6130); and

- Sanofi's Motion for Review of Magistrate Judge Decision (Rec. Doc. 6744).

The remaining Motions, which are potentially affected by the untimely production of certain additional histological slides, are still being discussed, and the deadlines for filing Oppositions to such Motions will be determined by the Court at a later date.

On March 11, 2019, Trial Pool Plaintiff Kathleen Gabriel, who was selected for the Third Round of Plaintiffs, filed a Motion to Dismiss with a submission date of March 27, 2019. (Rec. Doc. 6496). Defendants' Opposition to this Motion was filed March 19, 2019. (Rec. Doc. 6534). The Court granted the Motion (Rec. Doc. 6935).  As a result of the dismissal of Trial Pool Plaintiff Kathleen Gabriel pursuant to CMO 14C, Sanofi de-designated a Trial Plaintiff selected by the Plaintiffs, Tonia Collins (Rec. Doc. 6929)

On March 18, 2019, Trial Pool Plaintiff Diana Warren, who was also selected for the Third Round of Plaintiffs, filed a Motion to Dismiss with a submission date of March 27, 2019. (Rec. Doc. 6530). The Opposition was filed on April 2, 2019. (Rec. Doc. 6669) The Court granted the Motion (Rec. Doc. 6935). As a result of the dismissal of Trial Pool Plaintiff Diana Warren pursuant to CMO 14C, Sanofi de-designated a Trial Plaintiff selected by the Plaintiffs, Sharon Stevenson (Rec. Doc. 6929)

On March 22, 2019, Plaintiff filed a Motion to Remove Sheila Crayton from the Second Bellwether Trial Pool and to remove her as the alternate Plaintiff for the second bellwether trial. (Rec. Doc. 6559). The Opposition was filed on April 2, 2019. (Rec. Doc. 6670).   The    Court denied the Motion. (Rec. Doc. 6935)

On March 25, 2019, the Court held a conference of liaison counsel in anticipation of which the parties submitted certain letter briefing for a proposed CMO (Amendment to Trial Pool Selection), along with the PSC's proposed redlines, to account for voluntary dismissal by Plaintiffs of Trial Pool cases, and to account for Trial Pool cases determined to be ineligible. The Court issued CMO 14C (Rec. Doc. 6789).  The Court granted Sanofi the right to de-designate a Trial Pool Plaintiff selected by the Plaintiffs to replace two Plaintiff dismissed with prejudice, but only

from the same round of Trial Pool Plaintiffs as the Plaintiffs dismissed.[6] Additionally, any Trial Pool Plaintiff selected must sign a Certification stating that she understands the responsibilities associated with her selection and accepts those responsibilities.

### 15. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted on several occasions.

### 16. NEXT STATUS CONFERENCE

The next General Status Conference and meeting of Lead and Liaison Counsel will be July 11, 2019. The Court will set up a telephone conference line for the status conference that will begin at 10:00 a.m. To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail:  barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Douglas J. Moore

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier & Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile:  504-528-9973
E-Mail:  plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ John F. Olinde

---

[6] The Plaintiffs and the 505(b)(2) Defendants agreed on replacements for Trial Pool Plaintiffs dismissed.  See footnote in CMO 14C.

Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART
& MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
E-Mail:   dmoore@irwinllc.com

*Sanofi Defendants' Liaison Counsel*

John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA  70163
Telephone: 504-585-7000
Facsimile:  504-585-7075
E-Mail: olinde@chaffe.com

*505(b)(2) Defendants' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on, June 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. Palmer Lambert

17