UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

         SECTION "H" (5)

THIS DOCUMENT RELATES TO
Antoinette Durden, Case No. 2:16-cv-16635

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.2, Plaintiff, Antoinette Durden, submits the following Response to Defendants' Statement of Facts in Support of their Motion for Summary Judgment:

1. Admitted.

2. Admitted. However, it was not until December 2015 that the Taxotere label made any mention of permanent hair loss being associated with use of the drug.

3. Admitted.

4. Admitted but for the most part irrelevant. Taxotere's efficacy as a chemotherapy drug is not at issue in this motion and there were equally effective treatment options available to Ms. Durden in 2011, as readily evidenced by the fact that Dr. Jancich *would not* have prescribed Taxotere to Ms. Durden if she had known that Taxotere causes permanent alopecia and Ms. Durden declined to receive it. Ex. A, at 193:7-21, 240:4-242:11, 242:25-243:22, 254:23-255:2, 257:6-10, 259:7-14, 279:5-9; Ex. B, NCCN Clinical Practice Guidelines in Oncology, 2011.

5. Admitted.

1

6. Admitted.

7. Admitted.

8. Admitted but irrelevant to the controversy presently before the Court.

9. Admitted to the extent that Dr. Jancich was unable to recall with specificity the last time she reviewed the Taxotere label. Disputed to the extent it is implied that Dr. Jancich never reviewed the Taxotere label prior to prescribing Taxotere to Ms. Durden. Additionally, Dr. Jancich clarified that although she cannot recall every word of the label, she has reviewed the label and is familiar with adverse reactions, post-marketing experiences, patient counseling information, and highlights of prescribing information. Ex. A at 260:15-20, 261:5-8, 261:12-262:13, 263:18-264:1, 265:25-267:1, 268-16-23, 284:17-285:20.

10. Admitted in part, to the extent that Dr. Jancich testified that she receives and reviews information from UpToDate. Disputed to the extent it implies that Dr. Jancich does not receive information from other sources. As Dr. Jancich clearly testified, she is familiar with adverse reactions, post-marketing experiences, patient counseling information, and highlights of prescribing information. Ex. A 260:15-20, 261:5-8, 261:12-262:13, 263:18-264:1, 265:25-267:1, 268-16-23.

11. Admitted that the regime prescribed for Ms. Durden was a part of the NCCN Guidelines. Disputed to the extent that it is implied that it was the only option available to Ms. Durden under the guidelines, as Ms. Durden had multiple options available to her, aside from the regime which was prescribed. Ex. B, NCCN Clinical Practice Guidelines in Oncology, 2011.

12. Disputed as Ms. Durden had multiple options available to her that could have been prescribed for the treatment of her breast cancer. Ex. B, NCCN Clinical Practice Guidelines in Oncology, 2011. As Dr. Jancich testified, had she been aware of the risk she would have warned Ms. Durden and if Ms. Durden chose not to receive Taxotere, Dr. Jancich would have prescribed something else. Ex. A 254:9-255:2, 257:6-10, 259:7-14, 279:5-9, 254:9-255:2, 278:7-279:9.

13. Disputed as Ms. Durden never rejected taking "Taxol" but rather declined to take "Adriamycin," a decision which was respected by Dr. Jancich. Ex. A 201:21-202:18.

14. Admitted that Dr. Jancich still prescribes Taxotere. However, Dr. Jancich's prescribing habits have changed since she learned in 2016 that Taxotere is associated with perament hair loss. As a result, Dr. Jancich now warns her patients who are considering taking Taxotere that its use may result in permanent hair loss. Ex. A 253:11-19, 263:10-13, 207:4-208:5, 209:8-210-10.

15. Admitted that Dr. Jancich still prescribes Taxotere. However, Dr. Jancich's prescribing habits have changed since she learned in 2016 that Taxotere is associated with perament hair loss. As a result, Dr. Jancich now warns her patients who are considering taking Taxotere that its use may result in permanent hair loss. Ex. A 253:11-19, 263:10-13, 207:4-208:5, 209:8-210-10.

16. Denied as written. Whether any of Plaintiff's experts claim Taxotere is wholly or substantially useless is entirely irrelevant as, for reasons explained in Plaintiff's Memorandum in Opposition, this is not the correct standard for determining the existence of a redhibitory defect under Louisiana law. And whether it is "possible" Plaintiff is alive today due to her treatment with Taxotere amounts to nothing more

than rank speculation. While anything may be possible, the Court should be concerned with probabilities, not possibilities

Dated: June 11, 2019 	Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
Jessica A. Perez (#34024)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Christopher L. Coffin*
CHRISTOPHER L. COFFIN