UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*DEBORAH PURNELL*
Case No.: 18-01395

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE NOVEMBER 15, 2018 SHOW CAUSE ORDER**

Plaintiff Deborah Purnell, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with the November 15, 2018 Show Cause Order and Memorandum in support thereof.

Plaintiff filed her lawsuit on February 9, 2018. Defendant alleged a "No Plaintiff Fact Sheet" deficiency against Ms. Purnell for the November 15, 2018 show cause hearing. Counsel for Ms. Purnell mistakenly represented to the Court when her case was called on the docket that day that Ms. Purnell was deceased. Carolyn Purdue who was called just prior to Ms. Purnell on the docket was the only Plaintiff of the two that had actually passed away. Ms. Purnell was actually alive and had mailed her Plaintiff Fact Sheet to Counsel prior to the hearing. Plaintiff's counsel spreadsheet was wrong what appears to be a cut and paste error. Her case unfortunately ended up being dismissed on December 28, 2018.

Given Counsel's mistake with the order of the docket that day, Ms. Purnell's undersigned counsel never got the opportunity to properly present Ms. Purnell's case to the Court. After a recent discovery of the error made at the hearing undersigned counsel immediately filed the Plaintiff Fact Sheet. Plaintiff Purnell has fulfilled all obligations in the litigation and has now provided Defendant

1

with not only a Plaintiff Fact Sheet, but an authorization, declaration signature page, ESI statement, photographs, and product manufacturer identification. (**Exhibit 1**).

Under Fed. R.Civ. Pro. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief.

"Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly justify relief for Ms. Purnell. She has been quick to correct deficiencies alleged in this litigation and the delay was clearly not cause by Plaintiff personally, but by her counsel. The mistake was also not intentional, as it related to a lack of awareness by the undersigned and his staff.

These factors clearly justify relief for Ms. Purnell. She was fully compliant with her litigation obligations and the delay was clearly not cause by Plaintiff personally, but by confusion and inadvertent mistake by her counsel. The mistake was also not intentional, as it related to a lack of awareness by the undersigned and his staff.

Defendants are not prejudiced by any delay. The discovery obligations of Defendants do not arise until a "substantially complete" plaintiff fact sheet has been submitted. Counsel will allow Defendants additional time to produce their required discovery, if needed, and because of the nature of MDLs, counsel's delay in producing information will not affect the outcome of any case.

As shown in her photographs, Ms. Purnell suffered hair loss and should not be barred from participating in this litigation due to inadvertent mistakes made by counsel by mistakenly getting the case confused with Ms. Purdue's case that was called right before Ms. Purnell's on the docket. when Defendants are not prejudiced. (**Exhibit 2**).  Plaintiff is responsive and has fulfilled her obligations. Plaintiff respectfully requests that her claim be reinstated.

Respectfully Submitted,

/s/ J. Christopher Elliott (BAR NO.41063)
J. Christopher Elliott
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net