UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)             MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                         SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*CARRIENE NEVIN*
Case No.: 18-01589

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR RELIEF OF COURT'S ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE APRIL 4, 2019 SHOW CAUSE ORDER

Plaintiff, Carriene Nevin, by and through her counsel of record, Bachus & Schanker, LLC, submits her Motion for Relief of Court's Order Dismissing Plaintiff's Claim with Prejudice for Failure to Comply with the April 4, 2019 Show Cause Order and Memorandum in support thereof.

Plaintiff filed her lawsuit on February 15, 2018.  Plaintiff timely submitted her Plaintiff Fact Sheet, PTO 71A statement, and authorizations. At the April, 4 2019, Defendants alleged several deficiencies against Plaintiff on their notice of non-compliance, of which all but one was cured prior to the April 4, 2019 show cause hearing.  Defendants had alleged that Plaintiff had no proof of use, no "before" photographs, and no "after" photographs. Plaintiff was granted a 30-day extension to cure the "no proof of use" deficiency.  Counsel had previously submitted a "rush request" to Plaintiff's treatment facility and finally obtained and uploaded "proof of use" to Plaintiff's Centrality account on May 9, 2019.  (**_See Exhibits 1 and 2_**).  On May 23, 2019, the Court dismissed Plaintiff's claim with prejudice after an "advisement" to the Court that Plaintiff's counsel was not privy to.  The dismissal comes after Plaintiff's deficiency had been cured for two-weeks.

Defendants did not confer with individual counsel for Plaintiff before advising the Court. Allowing Defendants to "advise" the Court without forcing a conferral ultimately gives Defendants a

1

license to dismiss cases at-will if Defendants believed a deficiency was not cured after the Show Cause Hearing. Plaintiff had no avenue to contradict facts asserted by Defendants. Had Defendants conferred with counsel for Plaintiff in this case, counsel would have relayed that proof of use was found. With the upload of proof of use, Plaintiff has now fully satisfied her obligations in this litigation.

Under Fed. R. Civ. Pro 59(e), a claimant can move to alter a judgement within 28 days of the entry of judgment. As Plaintiff has filed this motion with 28 days of the May 23, 2019 judgment, the circumstances may be reviewed under the 59(e) standard. Under this standard, the Court has wide discretion to re-instate a case and the evaluation of that decision should be consistent with prior rulings. Lavespere v. Niagara Mach. & Tool Works, Inc., 910. F.2d 167, 174 (5th Cir. 1990). In exercising discretion, the court must strike a proper balance between finality and the need to render just decisions on the basis of all facts. Edward H. Bohlin Co., Inc., v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). In discussing precedent, the Niagara Court noted that past plaintiffs had been denied reinstatement of their cases for failing to provide "any explanation" for tardiness and that this standard was not as high as the "excusable neglect" standard applied under a 60(b) motion for reconsideration. Niagara at 175 (citing Waltman v. International Paper Co., 875 F.2d 468 (5th Cir. 1989)).

In Plaintiff Nevin's case, the only document missing was proof of use, which is a piece of information not controlled by Plaintiff or her counsel. In striking a balance between finality and a just decision on the facts, re-instating Plaintiff Nevin's case is justified. Plaintiff's disclosure of proof of use came less than a week after the deadline, and this information was not controlled by Plaintiff. Plaintiff's obligations for proof of use and CMO 12A are the only two litigation requirements not ultimately controlled by Plaintiffs themselves, and dismissal on the basis of lacking proof of use or CMO 12A should not be adjudicated by a mere "advisement" by one party. As the Court is aware,

Plaintiffs counsel has had tremendous difficulty with requesting records from facilities, despite diligent efforts. Additionally, Defendants were not prejudiced because the disclosure came within five days of the deadline and upholding dismissal will not solve any finality issues with Defendants because Plaintiff's case is part of a much larger litigation.

Even if the Court analyzes this case under Fed. R.Civ. Pro. 60(b), Plaintiff's case should be reinstated. 60(b) states: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;…(6) any other reason that justifies relief.

"Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir.1985) (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir.1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." Id. (citing Morris v. Ocean Sys., Inc., 730 F.2d 248 (5th Cir.1984)).

These factors clearly justify relief for Plaintiff Nevin. She has been quick to correct deficiencies alleged in this litigation and the delay was clearly not cause by Plaintiff personally, but by issues with records requests. The mistake was also not intentional, as Plaintiff and her counsel were not in control of the requested information. Defendants are not prejudiced by any delay, as it was a matter of days, and all other obligations under the litigation were met.

As shown in her photographs (***Exhibit 3***), Ms. Nevin suffered permanent hair loss and should not be barred from participating in this litigation due to issues with requesting records. Plaintiff is responsive and has fulfilled her obligations. Plaintiff respectfully requests that her claim be reinstated.

Respectfully Submitted,

/s/ J. Christopher Elliott (BAR NO.41063)
J. Christopher Elliott
BACHUS & SCHANKER, LLC
1899 Wynkoop Street
Ste. 700
Denver, CO 80202
(303)899-9800
F: (303)893-9900
celliott@coloradolaw.net