UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*DEBORAH PURNELL*
Case No.: 18-01395

### 505(B)(2) DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE NOVEMBER 15, 2018 SHOW CAUSE ORDER

Plaintiff Deborah Purnell's case was dismissed by this Court on December 28, 2018, after she failed to submit a Plaintiff Fact Sheet ("PFS") for more than ten months after filing her complaint.[1] Prior to the November 15, 2018 Show Cause hearing, Ms. Purnell was alerted to her failure to submit a PFS on three separate occasions. At the Show Cause hearing, Ms. Purnell was given an additional 30 days to cure the deficiency. Despite the Court's generous extension of time — which was based on an (apparently inadvertent) misstatement of fact — Ms. Purnell did not submit a Plaintiff Fact Sheet until May 9, 2019 — nearly six months after the hearing and five months after the Court had dismissed her case with prejudice.

Plaintiff now asks this Court for relief from the Court's order dismissing her case, without offering any cogent explanation for her delay. Indeed, according to Ms. Purnell's Motion, counsel should have been able to submit a PFS *sooner* than the 30 days she was afforded, but simply failed to do so through their own neglect of the Court-imposed deadline. That is not the sort of excusable

---

[1] Notably, Ms. Purnell's case was triplicate filed – with one case in the MDL and two cases filed in New Jersey state court. Both of the New Jersey state court actions were subsequently dismissed.

neglect required to justify relief from an order of dismissal and this Court should deny Ms. Purnell's Motion — the dismissal should stand.

## I.     FACTUAL BACKGROUND RELEVANT TO THE MOTION

Plaintiff Deborah Purnell filed her complaint in this MDL on February 9, 2018. She was obligated to submit a Plaintiff Fact Sheet no later than April 25, 2018. *See* PTO-22A, Dkt. No. 279. Plaintiff failed to do so. No Plaintiff Fact Sheet (or proof of injury, proof of use, medical records authorizations, or product identification documentation) was ever submitted by Ms. Purnell prior to May 7, 2019. *See* Exhibit A (MDL Centrality Screenshot). Because of that deficiency, the 505(b)(2) Defendants identified Ms. Purnell's case on a Notice of Non-Compliance served, via e-mail to Plaintiff's Liaison Counsel, on August 27, 2018. *See* Ex. B (8/27/18 Insogna e-mail to Lambert and Barrios).[2] Consistent with PTO-22A, 14 days in advance of the November 15, 2018 hearing, the 505(b)(2) Defendants once again identified Ms. Purnell's case as deficient (for failure to submit a PFS) on a Notice of Non-Compliance filed with the Court. *See* Dkt. No. 4837. Finally, Ms. Purnell's case was identified as deficient for a third time on a final agenda submitted to the Court the evening before the Show Cause hearing. *See* Ex., C (11/14/18 Brilleaux e-mail to Schott).

At the November 15, 2018 Show Cause hearing, the colloquy concerning Ms. Purnell's case was very brief. In full, the Court's exchange with counsel was as follows:

MS. CALLSEN: Debra Purnell.

MR. ELLIOTT: We need an extension. The family is waiting to decide on whether to pursue this. She's passed away.

---

[2] Plaintiff's Motion suggests that Plaintiff should be relieved of her default because, *inter alia*, "she has been quick to correct deficiencies alleged in this litigation." The only deficiency that defendants have alleged is Plaintiff's failure to submit a plaintiff fact sheet — the subject of the instant motion — which went uncured for more than 6 months after *this Court* ordered Plaintiff to cure the deficiency within 60 days, and more than 8 months after defendants first identified the deficiency. Plaintiff's claim that she has been quick to correct deficiencies can most charitably be described as curious.

>THE COURT: Recently?
>
>MR. ELLIOTT: I think. I don't know, Your Honor.
>
>THE COURT: I'll grant 30 days.
>
>MR. ELLIOTT: I don't have the date.
>
>THE COURT: When the family is deciding, certainly, if it's recent; but, sometimes, if they passed away last year, and they are still wondering, then we need to make a decision.

*See* 11/15/18 Trx. At 79:19-80:4.

By the instant Motion, Plaintiff's counsel indicates he was confused as to which Plaintiff he was addressing and, in fact, Ms. Purnell had mailed her Plaintiff Fact Sheet to counsel prior to the hearing.[3] Regardless of the genesis of the problem, counsel's explanation necessarily implies that a Plaintiff Fact Sheet could have been uploaded soon after the hearing. None was, until nearly six months later.[4]

On December 28, 2018, after Plaintiff's 30-day grace period had elapsed, this Court dismissed Ms. Purnell's case, with prejudice. More than five months later, without any credible explanation for counsel's oversight or rationale for its untimely discovery, Plaintiff finally submitted her first Plaintiff Fact Sheet.[5] *Id.* Now, an additional month later, she seeks relief from this Court's order of dismissal. For the reasons set forth below, Plaintiff's Motion should be denied.

---

[3] Defendants do not dispute that mistakes can occur during busy hearings and would not seek to penalize counsel for an honest mistake, if timely raised to the Court's and parties' attention and corrected. This is not such a case.

[4] Notably, Ms. Purnell's MDL Centrality page shows that, the day after the hearing, Plaintiff submitted a verification signature page (which was not available to Defendants until May 9, 2019, when counsel uploaded the Plaintiff Fact Sheet). *See* Ex. A. As such, any claim that Plaintiff's counsel simply forgot their obligation to submit documents in Ms. Purnell's case is specious. Plaintiff's counsel knew of the outstanding deficiency and certainly knew of their 30-day deadline to submit a Plaintiff Fact Sheet.

[5] To be clear, and as the Court is aware, delay in submitting a Plaintiff Fact Sheet is not inconsequential for defendants. The Plaintiff Fact Sheet is the sole means at Defendants' disposal for selecting cases for preliminary analysis and potential inclusion in bellwether trial pools.

## II. ARGUMENT

### a. Legal Standard

Plaintiff asserts two bases for relief: (1) "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); and (2) the omnibus clause of Rule 60(b)(6), which permits relief for "any other reason that justifies relief." The Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F. 2d 281, 286 (5th Cir. 1985).[6]

As to subsection (1), "[i]f a party is partly to blame for the delay, relief must be sought … under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Fifth Circuit has stated that a trial court abuses its discretion if "it were to reopen a case under Rule 60(b)(1) when the reasons asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6. F.3d 350, 357 (5th Cir. 1993).[7] In assessing whether conduct is excusable, the court must take into account several factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reasons for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*

---

[6] *See also In re Pettie*, 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy…[and] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'")

[7] *See also Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989) ("[T]he fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute excusable neglect warranting relief … by Rule 60(b).")

*Inv. Servs. Co.*, 507 U.S. at 393 (emphasis added). Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." Id. at 394 (citing *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend…was due not to neglect, but to reasons beyond his control, i.e., being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one.")).

      b. **This Court Properly Dismissed Plaintiff's Case with Prejudice and Plaintiff Is Not Entitled to Relief Under Rule 60(b)**

The very simple factual timeline set forth above demonstrates why this Court should not reinstate Plaintiff's case. Plaintiff failed to submit a Plaintiff Fact Sheet for fifteen months after the filing of her Complaint. During that period, the 505(b)(2) Defendants alerted her three times to the outstanding deficiency, including in filings with the Court and notifications to Plaintiffs' Liaison Counsel. When counsel misrepresented at the hearing that Ms. Purnell had passed away and her family was considering their options, the Court generously afforded her an additional 30 days to submit her PFS. She failed to meet that deadline or take any action for nearly six additional months.

Taking Plaintiff's Motion at face value, the truth is that her PFS was delivered to her counsel either before or sometime very shortly after the November Show Cause hearing. (See Mot. p. 2) On November 16, 2018, Plaintiff's counsel submitted a PFS Declaration signature page to MDL Centrality (although it was not available to Defendants until May 9, 2019, when the PFS was uploaded), and so had another opportunity to recognize the outstanding deficiency and take action.

Only extreme and unjustifiable carelessness could have resulted in counsel missing, at that time, that a Plaintiff Fact Sheet had not been submitted. And, in any event, Plaintiff's counsel had

been given a 30-day deadline by this Court. Even minimally attentive counsel would have confirmed that a Plaintiff Fact Sheet was submitted on or soon before the Court-imposed deadline of December 17, 2018. Then, an order of dismissal was entered on December 28, 2018. Once again, "mistake, inadvertence, surprise, or excusable neglect" is not so forgiving a standard as to excuses counsel's failure to notice a case was dismissed with prejudice or to act upon that dismissal for another four months. Yet that is what happened here.

Plaintiff's Motion strains to cast the problem as one of neglect on behalf of her counsel, but never offers any explanation for that neglect or for the six-months' delay in addressing the error. The delay was well within Plaintiff's counsel's control. As set forth above, counsel had many warnings and opportunities to rectify their error prior to the dismissal, and simply failed to do so. The delay was lengthy. Defendants did not receive a Plaintiff Fact Sheet until more than a year after it was due. Finally, the delay is not without impact on the litigation or on Defendants. Defendants have only recently learned which defendant (Sandoz Inc.) is properly named in this case, have not had any opportunity to work up the case, and now have expended many attorney hours both in securing the well-grounded dismissal and in opposing the instant Motion. Had Plaintiff complied with her obligations at any time in the nine months between filing her Complaint and the November 2018 Show Cause hearing, those efforts would have been unnecessary.

Further, as Judge Engelhardt opined in dealing with similar issues in another MDL, reinstating cases under Rule 60(b), where a plaintiff has been unjustifiably tardy in providing defendants with basic information would send a message "that compliance with the Court's deadlines is optional." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2011 US Dist. LEXIS 141280, at *9-10 (E.D. LA, Dec. 7, 2011) (declining to reverse dismissal under Rules 59 and 60 where "[o]ver the course of several months, the movants failed to exercise even a

modicum of responsibility regarding the prosecution of their case"). This Court should not send such a message to the approximately 11,500 plaintiffs in this MDL, many of whom have been unjustifiably delayed in providing the information required by the PFS. Defendants should have some certainty that, when the Court dismisses a Plaintiff who repeatedly has failed to comply with her PFS obligations, that dismissal is final. The Court's order of dismissal, here, was proper. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

### III.     CONCLUSION

For all the reasons set forth above, Plaintiff's counsel's conduct in this instance was not excusable, Plaintiff's Motion should be denied, and this Court's December 28, 2019 Order of Dismissal should not be disturbed. The 505(b)(2) Defendants respectfully request that this Court DENY Plaintiff's Motion for Relief.

Respectfully submitted,

**TUCKER ELLIS LLP**
By: */s/ Julie A. Callsen*
Julie Callsen
Brandon D. Cox
950 Main Ave., Ste. 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
***Counsel for Defendant Accord Healthcare, Inc.***

**DECHERT LLP**
By: */s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
Three Bryant Park 1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.***

**GREENBERG TRAURIG, LLP**
By: */s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100

**ADAMS AND REESE, LLP**
By: *Debbie Rouen*
Debbie Ruoen
701 Potdras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
***Counsel for Defendant Sandoz, Inc.***

**GREENBERG TRAURIG, LLP**
*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*as PFS Liaison Counsel for 505(b)(2) Defendants*

**HINSHAW & CULBERTSON LLP**
By: */s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: (617) 213-7000
Facsimile: (617) 213-7001
*for Defendant Sun Pharmaceuitical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.*

**CHAFFE MCCALL, L.L.P.**
By: */s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com
*505(b)(2) Defendants' Liaison Counsel*