# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*CARRIENE NEVIN*
Case No.: 18-01589

### 505(B)(2) DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE APRIL 4, 2019 SHOW CAUSE ORDER

Plaintiff Carriene Nevin's case was dismissed by this Court on May 23, 2019 due to her ongoing failure — for more than fifteen months after filing her Complaint — to comply with orders of this Court requiring that she submit proof of treatment with Taxotere/docetaxel.  Prior to the April 4, 2019 Show Cause hearing, Ms. Nevin was alerted to her failure to submit proof of use documentation on three separate occasions.  At the Show Cause hearing, Ms. Nevin was given an additional 30 days to cure the deficiency.  Contrary to Plaintiff's representations in her Motion, Ms. Nevin still has not submitted proof of use - despite the Court's generous extension of time. The new, single page document of unknown provenance indicating a "plan" that Ms. Nevin's cancer be treated with Taxotere/docetaxel is plainly insufficient. Even if a potential "plan" were sufficient (it is not), there is no reasonable excuse for her first obtaining it more than fifteen months after filing her Complaint.  For those reasons and others discussed below, this Court should deny Plaintiff's Motion and leave intact its order of dismissal with prejudice.

## I.      FACTUAL BACKGROUND RELEVANT TO THE MOTION

Plaintiff's Motion takes great pains to describe the "difficulty" plaintiffs have had in obtaining medical records in this litigation and Ms. Nevin's supposed "diligence" in attempting to obtain the same.  *See* Mot. at pp. 2-3.    Accordingly, Defendants provide the following brief recitation of the factual background pertinent to the instant Motion.

Plaintiff filed her lawsuit on February 15, 2018.  Roughly eight months later, on October 31, 2018, Plaintiff submitted her first Plaintiff Fact Sheet ("PFS"), along with a signed verification and the required authorizations. She also submitted documents purporting to represent "Proof of Use – Medical Records" and "Proof of Injury."  *See* Ex. A[1].  The initial submission, however, (i) failed to include any "before" photographs showing the condition of Plaintiff's hair prior to chemotherapy, and (ii) included, as supposed proof of use, three pages of a handwritten calendar that stated "Taxotere" on certain days, with no indication of its source or authenticity. No medical records of any kind were submitted.  On December 4, 2018, Defendants issued a deficiency notice identifying, among 84 total deficiencies, that Ms. Nevin had not provided sufficient proof of use or proof of injury documentation.

Almost a <u>full year</u> after filing her Complaint, Plaintiff still had <u>not cured any of those 84 deficiencies </u>(or amended her PFS in any way) and had not submitted any proof that she was treated with Taxotere/docetaxel.  *See* Ex. A.  In accordance with procedures established by this Court, the 505(b)(2) Defendants then identified Ms. Nevin's case on a Notice of Non-Compliance sent via e-mail to Plaintiff's Liaison Counsel on February 1, 2019.  *See* Ex. B (Insogna 2/1/19 Notice e-mail and chart).  Ms. Nevin's case was identified again on a final Notice of Non-Compliance filed with

---

[1] Exhibit A hereto is a true and accurate screenshot of Plaintiff's MDL Centrality portal page showing all of Plaintiff's submission uploads as of June 20, 2019.

the Court on March 20, 2019, and on a Show Cause agenda list sent to the Court the evening before the hearing. *See* Dkt. No. 6547; Ex. C (Brilleaux 4/4 e-mail and Non-Compliance List). At no point from Defendants' December 2018 deficiency notice through the April 4, 2019 Show Cause hearing did Plaintiff's counsel confer with Defendants about the nature of the deficiencies, or signal in any way that Plaintiff had even attempted to obtain (much less had difficulty obtaining) proof of use.

At the Show Cause hearing on April 4, 2019, the Court and counsel had the following exchange regarding Ms. Nevin's case:

> Mr. Insogna: Carriene Nevin, no proof of use documents. The – there is something submitted that purports to be a proof of use document, but it's a handwritten calendar that says "Taxotere" on certain days. It's not a medical record.
>
> Mr. Elliott: We believe that would be, you know, a question of fact.
>
> The Court: No.
>
> Mr. Elliott: In any event, we actually – we're asking for more time. We've sent a subpoena. We've also sent a new request to the facility to try to get additional records. We would at least ask for another 60 days so we can go through that and get the – get the proof of use.
>
> Mr. Insogna: Your Honor, the case was filed in February 2018.
>
> Mr. Elliott: I mean, they say that –
>
> The Court: Let me just skip this one and come back to it. Because my concern is – I just want to see where you are in the CMO 12 process.
>
> *          *          *          *          *
>
> Ms. Brilleaux: Carriene Nevin and Mary Robinson.
>
> The Court: What's the -- this is not the CMO 12 issue; this is just medical records?
>
> Mr. Elliott: Yeah. We made a request to the facility. They come back generally and they'll say, "We don't have proof or they've been destroyed. We can't find her." Sometimes we find out that the client didn't treat at the same facility. So we have to reorder them. In these situations – let's see. With her – let's see. Carriene Nevin, it says: Plaintiff found the correct name

of the facility, so we reordered them on March 14th of 2019.  So we're reordering the medical records again for the dates and new facility she provided to us.  We're asking for 30 days so that we can get the proof of use.[2]

The Court:    All right.  I'll give you 30 days.

*See* 4/4/19 Hearing Trx. at 43:24-44:16; 69:16-70:9.

Despite the Court's generous extension of time and counsel's representations, Ms. Nevin <u>still</u> has not submitted proof that she was treated with Taxotere/docetaxel.  Thus, on May 9, 2019, the 505(b)(2) Defendants sent a letter to the Court advising that Ms. Nevin's proof of use deficiency remained uncured and requesting dismissal.  *See* Ex. D (5/9/19 Insogna e-mail and Ltr).

The same day Defendants submitted their letter to the Court, Plaintiff purported to submit additional Proof of Use documentation via MDL Centrality.  *See* Ex. A.  The document submitted, however, still does not constitute proof that Plaintiff was treated with Taxotere/docetaxel.  Rather, Plaintiff submitted a single page document with no indication of its source, indicating only a "plan of care" stating "taxotere/cytoxan 4 cycles planned q 3 weeks with neulasta."  *See* Ex. E.  There is no indication anywhere on the document that such a plan was ever executed or even accepted by Plaintiff.[3]  Plaintiff still has not submitted any other medical records.  For this Court's reference, attached as Exhibit E to this Opposition are four pages of materials of unknown provenance that constitute the *entirety* of Plaintiff's submission of Proof of Use *and of medical records of any kind*,

---

[2] Notably, despite counsel's representation they "found the correct name of the facility" subsequent to her initial PFS, Plaintiff has never submitted an amended PFS identifying the new facility from which records were sought.

Note also that Plaintiff's counsel was vague, both in Court and in the instant Motion — failing to identify the dates on which any facility was identified, initial requests were made, records first were received, or when any other efforts were made to obtain medical records.  Further, taking Plaintiff at her word that records were "reordered" on March 14, the fact they were received and uploaded to Centrality less than six weeks later demonstrates that obtaining records is not unduly difficult.

[3] Indeed, the "plan" of care is inconsistent with Ms. Nevin's own PFS.  The "plan" submitted was developed by C. Blair Harkness and indicates three infusions of docetaxel to be given weekly. Ms. Nevin's PFS indicates that she was treated with four cycles of docetaxel given every three weeks; Dr. Harkness is not an identified provider.

more than fifteen months after filing her Complaint.  The only documents are the "plan of care" submitted on May 9, 2019 and the handwritten calendar submitted October 12, 2018 and already determined by the Court to be deficient.

Finally, Plaintiff complains in her Motion that her counsel "was not privy to" Defendants' May 9, 2019 letter advising the Court of her ongoing deficiency.  *See* Mot. at p. 1.  As noted on the face of that document, the May 9, 2019 letter was sent to Plaintiff's Liaison Counsel contemporaneously with its transmission to the Court.  Ex. D (5/9/19 Insogna e-mail).  Outside the instant Motion, Plaintiff never responded to that submission or otherwise argued to the Court that the deficiencies had been remedied.  Plaintiff did nothing until this Court entered an order of dismissal on May 23, 2019.  The proof of use deficiency remains outstanding, and the dismissal was proper.

## II.    ARGUMENT

### a.  Legal Standards — Federal Rules of Civil Procedure  59 and 60

Plaintiff asserts that this Court should vacate and reverse its order of dismissal and reinstate her case under Rule 59(e), applying a more lax standard that Rule 60(b)'s high bar, simply because she sought this reconsideration within 28 days of the order of dismissal.  Regardless of the standard applied, however, the law still requires that Plaintiff advance some meritorious grounds — such as a manifest mistake of law or newly discovered evidence — that excuse her failure timely to meet a Court-imposed deadline and justify reinstatement of her case.

The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."  *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2011 US Dist. LEXIS

141280, at *9-10 (E.D. LA, Dec. 7, 2011).[4]  "Newly discovered evidence must be evidence in existence of which a party was excusably ignorant… facts implying reasonable diligence must be provided by the movant [and] the evidence must be… such as to require a different result." *United States v. 41 Cases, More or Less*, 420 F.2d 1126, 1132 (5th Cir.1970).

Plaintiff further asserts that, even under Rule 60(b), her case should be reinstated because her counsel's error was due to (1) "mistake, inadvertence, surprise, or excusable neglect" and/or for "any other reason that justifies relief."  The Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F. 2d 281, 286 (5th Cir. 1985).[5]

As to subsection (1), "[i]f a party is partly to blame for the delay, relief must be sought … under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Fifth Circuit has stated that a trial court abuses its discretion if "it were to reopen a case under Rule 60(b)(1) when the reasons asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6. F.3d 350, 357 (5th Cir. 1993).[6]  In assessing whether conduct is excusable, the court must take into account several factors: (1) the danger of prejudice to the non-moving

---

[4] *Citing Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) ("A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (a Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence").

[5] *See also In re Pettie*, 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy…[and] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'")

[6] *See also Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989) ("[T]he fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute excusable neglect warranting relief … by Rule 60(b).")

party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reasons for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 (emphasis added). Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 citing *Klaprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend…was due not to neglect, but to reasons beyond his control, i.e., being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one.").

### b. This Court Properly Dismissed Plaintiff's Case with Prejudice and Plaintiff Is Not Entitled to Relief Under Rules 59(e) or 60(b)

This Court's order dismissing Plaintiff's case was warranted. Plaintiff and her counsel failed for more than a year to supply required information — to this day Plaintiff still has not submitted proof that she was treated with the medication at issue in this MDL. That fundamental failing should not be excused because of some supposed difficulty in obtaining medical records.

*In re FEMA Trailer* is instructive. In that case, this Court (Judge Engelhardt) denied a motion under Rules 59(e) and 60 for reinstatement of a case that was dismissed for a deficient PFS. On facts strikingly similar, the Court opined that the only "new evidence" proffered in support of the Rule 59(e) relief was the fact that Plaintiff supplied her counsel with evidence known to Plaintiff long before the dismissal. *In re FEMA Trailer*, 2011 US Dist. LEXIS 141280, at 23-24. The Court further opined that

> [o]ver the course of several months, the movants failed to exercise even a modicum of responsibility regarding the prosecution of their case. The

> effort required to avoid dismissal was minuscule…. Thus, months elapsed
> with plaintiffs' counsel unable to comply with Court orders and unable to
> provide the defendants with the most basic information about the movants'
> claims.

*Id*. at 27-28.  Ultimately, in light of the "record of delay" in providing the required information,

the Court held that the dismissal was proper and declined to reinstate the Plaintiff's case.  *Id*. at

26, 34.  As Judge Engelhardt opined, reaching a different result would send a message "that

compliance with the Court's deadlines is optional."  *Id*.

That rationale applies with equal force, here.   Proof that a plaintiff used the product at

issue should be known *before* a plaintiff brings a lawsuit.  Here, more than fifteen months elapsed

between the time plaintiff filed suit and the time her case was dismissed.  Plaintiff had ample time

to subpoena the appropriate facility and obtain the records and has not demonstrated appropriate

diligence in her efforts.[7]  Plaintiff does not claim there was a change in controlling law or a

manifest error of law or fact.  And, the only "new evidence" consists of a single page document

which Plaintiff easily could have obtained months ago had she diligently sought her medical

records, and which still is not sufficient evidence she was treated with Taxotere/docetaxel.  The

facts do not satisfy the requirements of Rule 59(e) and relief should not be granted.

Rule 60(b)'s more stringent standard provides no ground for relief either.  Plaintiff has not

shown any justification or otherwise excused her neglect.  She has not presented evidence of her

claimed diligent efforts to obtain proof of use; in fact, the record is directly contrary. Counsel's

statement to the Court at the Show Cause hearing, *supra*, reveals that it took Plaintiff more than a

year for her counsel to identify the proper facility and for counsel to issue a subpoena for her

records.  She offers no excuse for the delay and no record that any facility denied or delayed in

---

[7] Indeed, since Plaintiff has been unable to demonstrate her use of the product at issue, it is no surprise that Plaintiff has not even initiated the steps outlined in CMO-12A to obtain proof of product identification.

responding to a request for records to which she is entitled under HIPAA.  The only record before the Court is one of unjustified and inexcusable delay and lack of diligence.  Under Rule 59(e) and/or Rule 60(b) or (e), the Court's order of dismissal should not be reversed.

## III.    CONCLUSION

For all the foregoing reasons, the 505(b)(2) Defendants respectfully request that this Court DENY Plaintiff's Motion for Relief.

Respectfully submitted,


**TUCKER ELLIS LLP**
By: */s/ Julie A. Callsen*
Julie Callsen
Brandon D. Cox
950 Main Ave., Ste. 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
***Counsel for Defendant Accord Healthcare, Inc.***


**HINSHAW & CULBERTSON LLP**
By: */s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: (617) 213-7000
Facsimile: (617) 213-7001
***for Defendant Sun Pharmaceuitical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.***


**GREENBERG TRAURIG, LLP**
By: */s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
***Counsel for Defendant Sandoz, Inc.***


**DECHERT LLP**
By: */s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
Three Bryant Park 1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.***

**DECHERT LLP**
By: */s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
Three Bryant Park 1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

**MORRISON & FOERSTER LLP**
**By:** */s/ Erin M. Bosman*
Erin M. Bosman
Julie Y. Park
12531 High Bluff Drive
San Diego, CA 92130
Telephone:    858.720.5100
Facsimile:    858.720.5125

*Counsel for Defendant McKesson Packaging Services, a division of McKesson Corporation*

**GREENBERG TRAURIG, LLP**
By: */s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
E-mail : insognan@gtlaw.com
*as PFS Liaison Counsel for 505(b)(2) Defendants*

**ULMER & BERNE LLP**
By: */s/ Michael J. Suffern*
Michael J. Suffern
Kimberly L. Beck
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
*Counsel for Defendant Actavis Pharma, Inc. and Actavis LLC*

**CHAFFE MCCALL, L.L.P.**
By: */s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com
*505(b)(2) Defendants' Liaison Counsel*

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne Byard
Kelly Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard Kansas City,
Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com
*Counsel for Sanofi U.S. Services Inc.
and sanofi-aventis U.S. LLC*