SHOOK
HARDY & BACON

January 28, 2019

VIA ELECTRONIC MAIL

The Honorable Michael B. North, United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, Louisiana 70130

Patrick L. Oot

1155 F Street, N. W., Suite 200
Washington, D.C. 20004
t 202.783.8400
f 202.783.4211
oot@shb.com

Re:  *In re: Taxotere (Docetaxel) Products Liability Litigation*,
MDL No. 2740 – Response to the PSC's January 11, 2019
Letter re: Discovery-on-Discovery Rule 30(b)(6) Notices of Deposition

Dear Judge North:

There is a saying about doing the same thing over and over but expecting different results. The PSC's most recent submission is at least the sixth time that they have sought the same discovery on discovery against Sanofi—a pursuit this Court has consistently rejected in observance to well-settled law.

Therefore, when faced with the PSC's eleventh-hour 30(b)(6) notices, Your Honor asked the PSC, "So what has changed to make me take a different approach to this discovery? . . . Because you haven't explained to me in your paper that there's been any change in circumstance."[1] Your Honor then instructed the PSC to identify what specifically they perceive to be deficient.[2] Despite the Court's directive, the PSC once again failed to identify any deficiencies. They did not identify a single document that is actually missing for ***any*** of the deposition topics. So to answer Your Honor's question: nothing has changed.

The PSC's failure to identify a deficiency is fatal to their request for "meta discovery" regarding Sanofi's retention policies. Although the PSC disclaims that this is discovery on discovery, their tell-tale notices expressly seek testimony regarding Sanofi's document retention, maintenance, and preservation—the very type of discovery that courts have prohibited without a clear showing of spoliation.

Moreover, the PSC did not conduct any investigation of the documents during the course of discovery. Within the confines of the Rules and the MDL Orders, the PSC was the master of its own strategy. For instance, the PSC never pursued discovery of the "legacy files." There is nothing special about these documents. The PSC could have examined numerous company witnesses about them, but did not. The PSC also never asked Sanofi to provide additional custodial information—

---

[1] Status Conf. Tr. at 6:13–14, 6:16–17 (Dec. 19, 2018).
[2] *Id.* at 8:11–14.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

SHOOK
HARDY & BACON

January 28, 2019
Page 2

or any other additional information whatsoever—regarding these documents.

Likewise, the PSC did not request ICSR follow-up documents as required by PTO 49's procedures for custom database reporting. When they identified specific follow-up documents for the first time in December 2018—over a year after Sanofi had produced related database reports—Sanofi produced those documents the following week. Since then, the PSC has not identified or requested any additional follow-up documents for production, nor have they asked any additional questions regarding the follow-up documents produced a month-and-a-half ago.

The PSC's solution is to force Sanofi to undergo the disproportionate burden of identifying, preparing, and putting up a corporate witness to answer questions regarding document retention, despite their refusal to identify a deficiency as ordered by the Court. Sanofi should not have to pay an exorbitant price so that the PSC can pursue their unfounded accusations.

For the better part of two years, Sanofi has had to shoulder the undue burden and cost of defending against the PSC's manufactured spoliation disputes. During that time, the Court has been patient with far-reaching ESI topics, including legal-hold triggers, data files of long-since-departed employees, and PTO 49 disclosure requirements. Yet even when the Court gave detailed guidance as to how such discovery *might* possibly move forward, the PSC failed to make any showing—reverting instead to yet more undeveloped theories leading Sanofi and this Court down expensive rabbit holes.

**This Court Has Repeatedly Denied the PSC's Requests for Discovery on Discovery**

From the moment this litigation started—and before a single document was produced—the PSC was intent on a desired outcome: to prove that Sanofi destroyed documents. And, at each turn, they have been determined to develop a discovery record focused less on the merits, but one they could instead manipulate to meet their spoliation objective. Indeed, since our first hearing before Your Honor, the PSC has shown that their requests for discovery on discovery were not because of some legitimate concern, but rather were part of a premeditated litigation strategy. Plaintiffs' empty ESI allegations have placed an incredible burden on Sanofi, requiring it to repeatedly defend itself against the same meritless accusations—each time repackaged by the PSC with a new twist.

For example:

In October 24, 2017, before Sanofi had even produced a single custodial file, the PSC argued that they were entitled to discovery on discovery in the form of litigation-hold information because "evidence is *missing*—including evidence from . . . key custodians[.]"[3] Sanofi explained that there was no basis for such discovery because the PSC had not identified a deficiency,[4] and Your Honor agreed, concluding, "The record at this point does not support me compelling the production of

---

[3] Letter from the PSC to Judge North at 3 (Oct. 24, 2017).
[4] Letter from Harley V. Ratliff, Counsel for Sanofi, to Judge North at 5 (Oct. 24, 2017).

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

that information."[5]

On January 29, 2018—*despite no change in the record*—the PSC argued for a second time that they were entitled to discovery on discovery in the form of a litigation-hold document due to "the purported absence of ESI from . . . custodians."[6] Sanofi explained that there was still no basis for such discovery because the PSC had still not identified a deficiency,[7] and Your Honor agreed, denying the PSC's request for such intrusive discovery.[8]

On February 13, 2018—*despite no change in the record*—the PSC served a 30(b)(6) deposition notice seeking discovery on discovery,[9] which the PSC said sought "discovery related to document retention and possible spoliation."[10] Once again, Sanofi explained that such discovery was not appropriate and that the PSC had not identified a deficiency warranting consideration of their discovery request.[11] Your Honor agreed, stating that "[d]iscovery on discovery" is "generally inappropriate" and that "it would likely be more appropriate to attempt some written discovery before we jump into a 30(b)(6)" and "written discovery is probably the best—the most appropriate procedural vehicle to use under the circumstances."[12]

On June 25, 2018—*despite no change in the record*—the PSC yet again sought discovery on discovery in the form of production of Sanofi's retention policies.[13] Sanofi once again explained that the PSC was not entitled to such discovery where they had not identified a deficiency.[14] Your Honor agreed, denying the PSC's request for such discovery and stating:

> My take-away from the cases that I've read is that it traditionally has taken more than a concern about a gap or a potential gap to justify a call for these retention policies. I think one of the cases talked about the impropriety of using the retention policy to build a case of spoliation . . . I'm looking at all of these cases and I think that to this point [Sanofi's] resistance is proper.[15]

Your Honor concluded, "I'm not ordering the production of the retention policies."[16] In the minute entry, Your Honor reiterated, "The Court again refrains from ordering Sanofi to produce its

---

[5] Status Conf. Tr. at 21:20–21 (Oct. 26, 2017).
[6] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 6 (Jan. 29, 2018).
[7] Letter from Patrick L. Oot, Counsel for Sanofi, to Judge North at 1 (Jan. 30, 2018).
[8] Telephonic Status Conf. (Jan. 30, 2018).
[9] Pls.' Notice of 30(b)(6) Dep. of Defs. sanofi-aventis U.S. LLC and Sanofi US Services Inc. (Document Destruction/Litigation Hold) (Feb. 13, 2018).
[10] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 5 (Feb. 20, 2018) (emphasis added).
[11] Letter from Patrick L. Oot, Counsel for Sa-nofi, to Judge North at 5 (Feb. 21, 2018).
[12] Status Conf. Tr. at 19:25–20:1, 20:5, 20:13–15 (Feb. 22, 2018).
[13] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North (June 25, 2018).
[14] Letter from Harley V. Ratliff, Counsel for Sanofi, to Judge North at 3 (June 27, 2018).
[15] Status Conf. Tr. at 39:2–7, 39:11–13 (June 28, 2018).
[16] *Id.* at 40:15–16.

document retention policies."[17]

On August 2, 2018—*despite no change in the record*—the PSC yet again sought discovery on discovery in the form of production of Sanofi retention policies.[18] Sanofi again explained that the PSC was not entitled to this type of discovery where they had not identified a deficiency and that this is the very sort of discovery request that courts have rejected as an "attempt to develop the spoliation issue."[19] Your Honor again denied the PSC's request for retention policies: "I'm not ordering the production of retention policies."[20]

On November 15, 2018—*despite no change in the record and without following PTO 49's deficiency procedure*—the PSC served a 30(b)(6) deposition notice to Sanofi regarding "Sanofi Retention Policies" and "Missing Documents," including topics regarding the retention, preservation, and maintenance of unidentified "lost or destroyed" documents.[21]

On November 27, 2018—*despite no change in the record and without following PTO 49's deficiency procedure*—the PSC served a second 30(b)(6) deposition notice to Sanofi regarding "Sanofi Legacy Files," including topics regarding the retention, preservation, and maintenance of unidentified "lost or destroyed" documents.[22] Sanofi objected to these deposition notices because the PSC once again sought discovery on discovery without first identifying a particularized deficiency beyond just generalized speculation of spoliation.[23]

On December 18, 2018, Sanofi updated Your Honor regarding the PSC's 30(b)(6) notices, which sought the very same discovery they had been denied many times before.[24] Sanofi explained that, once again, the PSC had not identified a deficiency that would justify consideration of burdensome, resource-consuming, and expensive discovery.[25]

During the December 19, 2018 status conference, Your Honor expressed the same concern, stating, "So what has changed to make me take a different approach to this discovery? . . . Because you haven't explained to me in your paper that there's been any change in circumstance."[26]

Your Honor therefore instructed the PSC: "you need to explain why you need a witness to testify about those things, specifically in terms of what you—what I said they needed to produce, what

---

[17] Minute Entry at 1 (June 28, 2018) [Doc. 3200],
[18] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North (Aug. 2, 2018).
[19] Letter from Patrick L. Oot, Counsel for Sanofi, to Judge North (Aug. 6, 2018).
[20] Status Conf. Tr. at 40:15–16 (Aug. 7, 2018).
[21] Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Retention Policies (Nov. 15, 2018) (emphasis added), attached as **Exhibit A**.
[22] Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Legacy Files (Nov. 27, 2018), attached as **Exhibit B**.
[23] Defs.' Objections & Responses to Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Retention Policies (Nov. 29, 2018); Defs.' Objections & Responses to Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Legacy Files (Dec. 11, 2018).
[24] Letter from Patrick L. Oot, Counsel for Sanofi, to Judge North at 1 (Dec. 18, 2018).
[25] *Id.*
[26] Status Conf. Tr. at 6:13–14, 6:16–17 (Dec. 19, 2018).

they haven't produced, what other questions you have."[27] Your Honor added, "You got to convince me why I should order them to put a person up as a 30(b)(6) designee on these topics and I've not been convinced."[28]

Sanofi raised the fact that the PSC had not identified deficiencies (much less provided Sanofi an opportunity to cure them), as required by PTO 49, before the PSC served their two 30(b)(6) deposition notices.[29] In response, Your Honor stated, "Well, it's going to happen," and instructed the PSC to "talk about the deficiencies" with Sanofi.[30] When Sanofi again underscored that the PSC served their 30(b)(6) notices at the eleventh hour without identifying the deficiencies as required by PTO 49,[31] Your Honor responded, "And that may at the end of the day be dispositive."[32] The PSC still has not complied with this Court's direction to "talk about the deficiencies," despite Sanofi's request that they do so innumerous meet-and-confers, in writing, in person, and on the record.

The PSC has bypassed the Court's instructions that they meet mandatory, threshold requirements. Instead, they want to jump directly to depositions that will likely cost hundreds of thousands of dollars and many weeks of preparation time—time Sanofi should be using to prepare for trial. It should not go unnoticed that the PSC, without explanation, continues to retract deposition topics week after week.[33] One can only conclude that when the PSC actually takes the time to consider the applicable law, relevant orders, and rulings of this Court, they realize that their discovery-on-discovery claims have no substance. The remaining topics are as meritless as the ones they have withdrawn. Sanofi has expended tremendous resources responding to the PSC's ongoing request for this type of discovery. We respectfully request that the Court put an end to this costly and unrelenting pursuit.

**Plaintiffs' Rule 30(b)(6) Deposition Notices Seek the Very Discovery that Courts Across the Country Consistently Reject**

Despite routinely alleging that Sanofi has committed spoliation, the PSC now argues that what they seek is not, in fact, discovery on discovery.[34] But regardless of how the PSC characterizes their deposition notices, they seek, by definition, this very kind of discovery. Discovery requests that seek testimony regarding document retention practices, document preservation, and document maintenance is discovery on discovery. Indeed, these notices expressly seek testimony regarding "**Sanofi Retention Policies**" and "**Missing Documents**,"[35] including topics regarding the

---

[27] *Id.* at 8:11–14.
[28] *Id.* at 9:11–13.
[29] *Id.* at 10:8–12, 10:14.
[30] *Id.* at 10:15–20.
[31] *Id.* at 11:24–12:3.
[32] *Id.* at 12:4–5.
[33] *See, e.g.*, Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 3–4, 6 (Jan. 11, 2019); E-Mail from Dawn M. Barrios, Counsel for Plaintiffs, to Judge North (Jan. 25, 2019).
[34] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 2–3 (Jan. 11, 2019).
[35] The notice is titled "Plaintiff's [sic] Notice of Deposition of Sanofi U.S. Pursuant to Fed. R. Civ. P. 30(b)(6) Re: Sanofi Retention Policies," and the PSC titled the PDF of that notice "2018-11-15 Final



January 28, 2019
Page 6

retention, preservation, and maintenance of unidentified "lost or destroyed" documents.[36] Courts faced with these same type of discovery requests have consistently identified them as inappropriate requests for discovery on discovery—*see, e.g.*:

- A Rule 30(b)(6) deposition on the topic of **document retention** is "**discovery on discovery**," which is "outside the bounds of relevancy as defined by Rule 26," *Downing v. Abbott Labs.*, No. 1:15-cv-05921, Dkt. # 120 (N.D. Ill. Nov. 2, 2017);

- A Rule 30(b)(6) deposition on the topic of **document retention** is improper "**non-merits based discovery**," *In re Jemsek Clinic, P.A.*, No. 07–3006, 2013 WL 3994666 (W.D.N.C. Aug. 2, 2013);

- A request for production seeking information concerning a party's **maintenance of its internal documents** is "**discovery about discovery**," *Orillaneda v. French Culinary Institute*, No. 07 Civ. 3206(RJH)(HBP), 2011 WL 4375365, at *6 (S.D.N.Y. Sept. 19, 2011); and

- Depositions, including a 30(b)(6) deposition, regarding **preservation efforts** are "**discovery about the discovery**," *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

The law on this issue has been consistently reaffirmed and applies as equally to the PSC's most recent requests as it did to the PSC's previous ones.

As Sanofi has explained, "'[d]iscovery on discovery' is not an appropriate topic for discovery and numerous courts have disallowed such discovery."[37] The Sedona Conference counsels that routine discovery of "a party's retention policies" is inappropriate.[38] And courts consistently hold that <u>absent evidence that discoverable documents were spoliated</u>, discovery on discovery—including production of retention policies or Rule 30(b)(6) testimony on them—is not permissible.[39] To prove spoliation, a party must provide evidence that discoverable documents that <u>should have been preserved for litigation were lost</u> because of a party's failure to take reasonable steps to preserve them, and they cannot be restored or replaced through additional discovery.[40]

The PSC has made no such showing and numerous courts have prohibited Rule 30(b)(6) deposition notices like the ones requested by the PSC. For instance, in *In re Jemsek Clinic, P.A.*, defendants sought a Rule 30(b)(6) deposition on the topic of the plaintiff's document-retention practices.[41]

---

30(b)(6) Notice re Missing Documents." *See* Pls.' 30(b)(6) Not. re: Retention Policies (Nov. 15, 2018) (**Ex. A**).
[36] *Id.*; Pls.' 30(b)(6) Not. re: Sanofi Legacy Files (Nov. 27, 2018) (**Ex. B**).
[37] *Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 WL 697663, at *15 (D. Md. Feb. 21, 2017).
[38] *The Sedona Conference Commentary on Proportionality in Electronic Discovery*, 18 The Sedona Conf. J. 142, 153 (2017).
[39] In decision after decision, courts consistently reject the very sort of discovery sought here. *See* example decisions attached as **Exhibit C**.
[40] *See* Fed. R. Civ. P. 37(e).
[41] 2013 WL 3994666, at *7.



January 28, 2019
Page 7

Defendants argued that the request was justified due to certain lost documents or missing attachments, as well as their belief of "a spoliation issue here that needs to be explored."[42] The court said that "such non-merits-based discovery is improper when the requesting party has not made a threshold showing <u>that spoliation has actually occurred</u>."[43] It held that questions on plaintiffs' document-retention practices were not relevant to any claims or defenses, and that the defendants had not made a showing of spoliation.[44] <u>In particular, the court rejected this request where the defendants' admitted "purpose of these inquiries [was] to attempt to develop the spoliation issue."</u>[45]

Likewise, in *Cunningham v. Standard Fire Insurance Co.*, the plaintiff sought a Rule 30(b)(6) deposition on document-retention practices.[46] The plaintiff argued that the defendants' small e-mail production was evidence of lost information.[47] Defendants responded that their document-retention practices were irrelevant to breach of the plaintiff's insurance policy or bad faith in adjusting the claim.[48] The court agreed and granted the defendants' motion for protective order as to their document-retention practices.[49]

In *Downing*, the plaintiff sought a 30(b)(6) deposition on defendant's document preservation.[50] The plaintiff argued that defendant failed to retain certain documents necessary for her case.[51] Specifically, the plaintiff argued the defendant made a "sparse production" of e-mail communications from key witnesses and decision makers.[52] The court found that "<u>there is no basis for a Rule 30(b)(6) deposition on the topic of document retention and preservation</u>" and that such a deposition "<u>is outside the bounds of relevancy as defined by Rule 26</u>."[53] On plaintiff's failure to support the alleged deficiency of defendant's production, the court granted a protective order.[54]

For these same reasons, courts also consistently deny requests for production of retention policies. For example, in the *Abilify* MDL, the plaintiffs requested the defendants' document-retention policies so that they could "evaluate" gaps in the defendants' document production.[55] The defendants argued that their productions were not deficient and that, like here, the plaintiffs had not made a showing of spoliation.[56] The court agreed, holding that <u>absent a showing of spoliation,</u>

---

[42] *Id.*
[43] *Id.* (emphasis added)
[44] *Id.* at *8.
[45] *Id.* at *7 (emphasis added).
[46] No. 07-cv-02538, 2008 WL 2668301, at *5 (D. Colo. July 1, 2008).
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] No. 1:15-cv-05921, Dkt. # 120 at 1.
[51] *Id.*
[52] *Id.* at 2
[53] *Id.* at 3 (emphasis added).
[54] *Id.* at 7.
[55] *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-md-2734, 2017 WL 4399198, at *8 (N.D. Fla. Sept. 29, 2017).
[56] *Id.*



January 28, 2019
Page 8

the defendants' document-retention policies were not relevant.[57] The court therefore denied the plaintiffs' motion to compel production of the policies.[58]

Similarly, in *In re Honeywell International, Inc. Securities Litigation*, the plaintiffs insisted that documents were missing, but the defendant explained that it had retained documents for only a limited time period.[59] The court therefore denied the request for document-retention policies because it lacked a sufficient basis.[60] In *India Brewing, Inc. v. Miller Brewing Co.*, the plaintiff argued that certain testimony evidenced potential document destruction, making production of the retention policies necessary to determine whether additional documents had been destroyed.[61] This court also denied the request for document-retention policies because the plaintiff's argument was "a stretch"[62] and <u>even if the employee had destroyed relevant documents, the plaintiff had still failed to persuade the court that the retention policy was relevant to any claim or defense</u>.[63]

Because Your Honor has already ruled on the PSC's discovery-on-discovery requests, including requests for discovery related to Sanofi's retention policies—and because the PSC has not demonstrated a "spoliation issue"—there is no basis for Rule 30(b)(6) depositions on discovery on discovery.

### **The PSC Has Not Identified a Deficiency Justifying Consideration of Their Requested Discovery on Discovery**

As the parties and the Court have discussed on many occasions—on October 26, 2017; January 30, 2018; February 22, 2018; June 28, 2018; August 7, 2018; and December 19, 2018[64]—evidence of spoliation is a <u>mandatory prerequisite</u> to discovery on discovery. There is no dispute about this fact. Yet the PSC is again seeking such discovery without identifying an actual deficiency, much less evidence of spoliation. The PSC, however, wants this process backward, insisting on a deposition to try to identify some deficiency and "to attempt to develop a spoliation issue."[65]

As the Court is aware, PTO 49 requires that if the PSC had "good cause" to believe a production is deficient, their first step was to meet and confer with Sanofi.[66] PTO 49 expressly states that "'good cause' requires more than mere speculation; the Requesting Party must offer some <u>concrete evidence of a deficiency</u> in the Producing Party's discovery process."[67] The PSC did not meet and

---

[57] *Id.*
[58] *Id.*
[59] 230 F.R.D. 293, 302 (S.D.N.Y. 2003).
[60] *Id.*
[61] 237 F.R.D. 190, 193 (E.D. Wis. 2006).
[62] *Id.*
[63] *Id.*
[64] Status Conf. Tr. at 5:8–8:22 (Aug. 7, 2018); Status Conf. Tr. at 35:16–43:25 (June 28, 2018); Status Conf. Tr. at 19:21–20:18 (Feb. 22, 2018); Status Conf. Tr. at 17:12–22:15 (Oct. 26, 2017); Status Conf. Tr. at 8:11–14 (Dec. 19, 2018).
[65] *In re Jemsek Clinic, P.A.*, 2013 WL 3994666, at *7.
[66] Pretrial Order No. 49 at § V.G (July 6, 2017) (Doc. 611-1).
[67] *Id.* at § V.G.1 (emphasis added).

confer with Sanofi or identify purported deficiencies to Sanofi. Rather, they unilaterally served burdensome 30(b)(6) deposition notices without forewarning.

More importantly, the PSC *still* has not identified "concrete evidence of a deficiency" (much less allowed Sanofi to cure), despite Your Honor's recent instructions for the PSC to identify what they believe is missing. The December 19, 2018 minute entry states, "The PSC is to submit to the Court . . . its reasoning for requesting 30(b)(6) testimony regarding document retention policies."[68] During the December 19, 2018 status conference, Your Honor told the PSC that "you need to explain why you need a witness to testify about these things, specifically in terms of what you—what I said they need to produce, what they haven't produced . . . ."[69]

In line with this, at the January 3, 2019 meet-and-confer, Sanofi asked the PSC to identify with particularity what documents they believe are "missing" with respect to each of their deposition topics. The PSC refused, stating that they do not know if anything is missing or deficient. After the meet-and-confer, Sanofi requested in writing that the PSC identify any deficiencies,[70] but the PSC declined to do so. Consistent with the prior rulings, if the PSC does not first identify a deficiency (thus allowing Sanofi to cure), they cannot proceed with the discovery they are requesting.

Equally troubling is the PSC's argument that they are entitled to this discovery so that they can present highly prejudicial and meritless issues regarding document retention and spoliation to the jury.[71] Without any factual foundation, the PSC is asking for the equivalent of a spoliation sanction—i.e., the ability to present evidence at trial about lost or missing documents. Courts, however, permit evidence of missing documents at trial *only* as a sanction for spoliation.[72] The Court should reject this argument regarding presenting evidence at trial about document retention as an improper request for a sanction.

Splitting the baby is not an option. The PSC has rightly withdrawn three of their deposition topics and agreed to limit another.[73] But the withdrawal of improper deposition topics does not make the remainder, by default, properly within the permissible scope of discovery. Even if the PSC were pursuing only one of these topics, it would be one too many.

---

[68] Minute Entry at ¶ 2 (Dec. 19, 2018).
[69] Status Conf. Tr. at 8:11–14 (Dec. 19, 2018).
[70] Letter from Patrick L. Oot, Counsel for Sanofi, to Karen B. Menzies, Counsel for Plaintiffs (Jan. 9, 2019), attached as **Exhibit D**.
[71] *See* Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 1 (Jan. 11, 2019) ("Third, to the extent that no such documents have been retained, the PSC is entitled to present documents which Sanofi has produced regarding standard operating procedures related to retention to a company witness, so that the company's position can be memorialized for presentation to the jury.").
[72] *See, e.g.*, *United States Equal Employment Opportunity Comm'n v. GMRI, Inc.*, No. 15-20561-CIV-LENARD/GOODMAN, 2017 WL 5068372, at *2 (S.D. Fla. Nov. 1, 2017) (permitting presentation of evidence regarding missing ESI as spoliation sanction); *First Am. Title Ins. Co. v. Northwest Title Ins. Agency*, No. 2:15-cv-00229, 2016 WL 4548398, at *6 (D. Utah Aug. 31, 2016) (same).
[73] *See* E-Mail from Dawn M. Barrios, Counsel for Plaintiffs, to Judge North (Jan. 25, 2019); Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 3–4, 6 (Jan. 11, 2019).



**Topic 2: The PSC's topic regarding ICSRs seeks discovery on discovery in that it seeks a 30(b)(6) deposition regarding the loss or destruction and retention of documents that the PSC still has not identified for Sanofi**

During the January 18, 2019 status conference, Your Honor granted the PSC additional time with a Rule 30(b)(6) witness to explore these very documents.[74] Therefore, this topic should be moot. The PSC does not need two separate 30(b)(6) depositions regarding this same set of documents.

To the extent a further response is necessary, this entire topic seeks discovery on discovery, including testimony regarding document retention, preservation, and maintenance.[75] Even in the PSC's e-mail to Your Honor, the PSC stated that this topic seeks testimony regarding "retention of individual case safety reports regarding Taxotere and Hair Loss."[76] But despite Your Honor's instruction, the PSC has not identified any deficiencies regarding ICSR follow-up documents. Simply because the PSC did not request a document during the course of discovery does not mean that the document is missing. There is no evidence or any other reason to believe that any of the follow-up documents are missing.

On multiple occasions, Sanofi has informed the PSC that to the extent they sought production of any follow-up documents from the AWARE database produced on November 16, 2017, the PSC needed to follow PTO 49's requirements for custom database reporting. There is not a simple or easy way to collect documents referenced in comments in the database fields from the reports—it is the very reason for the proper meet-and-confer process. With respect to productions from databases, PTO 49 provides: "Nothing herein shall obligate a Producing Party to custom reporting. The Parties shall meet and confer to discuss the associated cost and proportionality of any custom reporting."[77]

The PSC could have requested follow-up documents identified on the AWARE database reports as far back as 2017. Instead, they first requested specific documents on December 4, 2018, and Sanofi produced documents in response the following week. The PSC identified the ICSR follow-up documents from their December 4, 2018 letter from database reports Sanofi produced on November 16, 2017.[78] Since Sanofi's December production of follow-up documents, the PSC has not identified any additional documents for custom database reporting under PTO 49, nor have they asked Sanofi any questions about the produced follow-up documents.

If the PSC had requested these documents when they received the database reports, they could have had them in 2017. The PSC has consistently pushed off their responsibilities under PTO 49

---

[74] Minute Entry at 2 (Jan. 18, 2019) (Doc. 5979).
[75] Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Retention Policies at Topic 2 (Nov. 15, 2018) (**Ex. A**) (seeking testimony regarding "all policies and procedures related to the retention" of ICSRs, the "los[s] or destruction of ICSRs, "recovery efforts" regarding ICSRs, and "document retention" information regarding ICSRs).
[76] E-Mail from Dawn M. Barrios, Counsel for Plaintiffs, to Judge North (Jan. 25, 2019).
[77] Pretrial Order No. 49 at § VII.D.3 (July 6, 2017) (Doc. 611-1).
[78] *See* Letter from Harley V. Ratliff, Counsel for Sanofi, to J. Kyle Bachus, Counsel for Plaintiffs at 1–10 (Dec. 11, 2018).

only to then use document follow-up as justification for more deposition time. Here, Your Honor has granted the PSC an additional hour of deposition time to ask a 30(b)(6) witness regarding these documents. The PSC should not be allowed to proceed with discovery on discovery where there is no deficiency, and they are not entitled to any additional deposition time regarding the content of these documents where Your Honor already granted additional time to address these documents with a 30(b)(6) witness.

**Topic 5: The PSC's topic regarding communications with Taxotere patients regarding "the possibility of legal action" seeks discovery on discovery in that it seeks a 30(b)(6) deposition regarding the loss or destruction and retention of documents that the PSC still has not identified for Sanofi**

This topic seeks discovery on discovery in that the PSC has included it as part of their request for a deposition regarding "Sanofi Retention Policies" and "Missing Documents," which also requests Sanofi to produce retention policies.[79] Despite Your Honor's instructions, the PSC has not identified any deficiencies with respect to this topic or even attempted to do so. For this reason, the PSC is not entitled to this topic as part of a 30(b)(6) deposition regarding "Sanofi Retention Policies" and "Missing Documents."

Further, the PSC is not entitled to depose a 30(b)(6) witness about e-mail communications between company witnesses whom the PSC has already deposed. The PSC chose to use an e-mail chain with attorney-client privilege redactions during depositions of multiple company witnesses. Understandably, those witnesses could not testify about the redacted content. Not only is it privileged, but the witnesses could not see the content of the communications. Although they were able to testify regarding communications during that time period, it is also understandable that they could not recall every detail of those e-mail communications from a decade ago.

The PSC is not entitled to a 30(b)(6) deposition every time a fact witness cannot recall certain details from communications they had or documents they authored many years ago. If that were the case, discovery would never end. This is not a situation where a company witness is "disclaim[ing] knowledge of facts clearly known to the corporation."[80] Rather, a 30(b)(6) witness would be much less likely than Madeline Malia herself to be able to explain why Ms. Malia used particular words or phrases in a document she authored.

This requested topic is another attempt by the PSC to improperly try to develop a spoliation issue through a 30(b)(6) deposition. The Court already invited the PSC—a year ago, back in January 2018—to brief the preservation trigger date, but the PSC never followed through. On March 27, 2018, the PSC stated they would file a motion to compel related to the trigger issue in two weeks.[81] Then, on April 9, 2018, the day before their proposed deadline, the PSC stated they would file

---

[79] *See* Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Retention Policies (Nov. 15, 2018) (**Ex. A**).
[80] *See* Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 2 (Jan. 11, 2019).
[81] E-Mail from Emily C. Jeffcott, Counsel for Plaintiffs, to Patrick L. Oot, Counsel for Sanofi (Mar. 27, 2018).



their brief in May instead.[82] But then the PSC decided not to file the brief at all, and now discovery is closed. The PSC cannot continue to string this issue along through an improper and duplicative 30(b)(6) deposition where they will try to have a corporate representative answer questions that were already posed to the appropriate company witnesses.

Notably, the PSC has also stated that Sanofi has not produced a post from a third party's Facebook page back in 2010.[83] The reason for this is simple: this post on a third party's Facebook page is not within Sanofi's possession, custody, or control, and that third-party Facebook page no longer exists. A 30(b)(6) deposition is not warranted where the information sought is not within a party's possession, custody, or control.[84] More importantly, what the PSC fails to mention is that they are in possession of the content of that post, which Sanofi produced to the PSC on July 22, 2018 and which the PSC used during the deposition of Ms. Malia.[85]

**The PSC's topic regarding legacy files seeks discovery on discovery in that it seeks a 30(b)(6) deposition regarding the loss or destruction and retention of documents that the PSC still has not identified to Sanofi**

As an initial matter, the PSC stated they are withdrawing their request for testimony regarding "the retention of legacy files writ large."[86] The PSC, however, did not specify which portions of this topic they are withdrawing, and the request as a whole is focused on discovery on discovery. The entire topic seeks testimony regarding the retention, preservation, and maintenance of "lost or destroyed" legacy files.[87]

When Sanofi asked the PSC what they believe is missing with respect to these documents, the PSC said that they have "no idea" if anything is missing. This matches their January 11, 2019 letter, which does not mention missing legacy files. The PSC should not be allowed to depose a 30(b)(6) witness regarding the retention of or completeness of production of legacy files—which is the testimony sought in the PSC's deposition notice[88]—without first establishing that something is missing that should have been preserved. As such, the Court should deny this 30(b)(6) notice in its entirety.

---

[82] E-Mail from Andre Mura, Counsel for Plaintiffs, to Patrick L. Oot, Counsel for Sanofi (Apr. 9, 2018).
[83] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 8 (Jan. 11, 2019).
[84] *See, e.g.*, *Margel*, 2008 WL 2224288, at *3.
[85] Dep. of Madeline Malia at 304:8–305:10 (Oct. 10, 2018).
[86] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 3 (Jan. 11, 2019).
[87] Pls.' 30(b)(6) Not. of Dep. Re: Sanofi Legacy Files at Topic 1 (Nov. 27, 2018) (**Ex. B**) (seeking testimony regarding the existence of legacy files; the system process and purpose for the creation, duplication and/or storage of these legacy files; employees who had these legacy files in their possession; the organization, indexing, and filing of the legacy files; "document retention" information for the legacy files; the "los[s] or destruction" of the legacy files; "recovery efforts" for the legacy files; the policies that provide for the destruction of legacy files; "the completeness of the production of the legacy files," and identification of third parties who had access to the legacy files).
[88] *See id.*

SHOOK
HARDY & BACON

January 28, 2019
Page 13

To the extent the PSC is requesting a 30(b)(6) deponent to ask general questions about the 22 identified "legacy files," this novel request should also be denied. First, the PSC has not served a deposition notice seeking testimony regarding the content of these 22 "legacy files," or any other "legacy files." Their 30(b)(6) notice is focused exclusively on the retention, maintenance, and preservation of "legacy files,"[89] which the PSC has withdrawn. Because there is no outstanding discovery request for testimony regarding the content of these documents, the PSC's request should be denied.

Sanofi produced these 22 documents to the PSC on October 4 and 24, 2017. Since then, the PSC has never asked Sanofi about them. Instead, the PSC, out of the blue, served a 30(b)(6) deposition notice on this topic on November 27, 2018.[90] Even there, the PSC did not identify about which of the approximately 14,000 "legacy files" they had questions or concerns. They also did not identify any specific documents during the parties' January 3, 2019 meet-and-confer. Not until their January 11, 2019 letter did the PSC identify these 22 documents. Significantly, the PSC did not ask a single question regarding **20 of the 22** "legacy files" during any of the numerous depositions they have taken, and they did not ask a relevant company witness regarding the two "legacy files" highlighted in the PSC's letter.

In short, the PSC never investigated these documents in any way before discovery closed on December 15, 2018. There is nothing special about these documents that warrants a 30(b)(6) deposition. The PSC could have deposed company witnesses regarding these documents, just like they did with countless other documents Sanofi produced during the course of discovery. The PSC is not entitled to a 30(b)(6) deposition simply because they failed to examine Sanofi company witnesses.

The PSC still has not explained why they never asked Sanofi about these 22 documents during the past 15 months. Sanofi could have provided the PSC with additional information regarding the documents, including custodial information, so that the PSC could depose an appropriate company witness regarding the documents. The PSC did not pursue this information before discovery closed on December 15, 2018, and they now want to punish Sanofi for their failure by forcing Sanofi to produce a 30(b)(6) witness to testify about documents that the PSC chose not to use during a relevant company-witness deposition.

The PSC places great importance on Sanofi_00858566, which they attached as Exhibit A to their January 11, 2019 letter. First, the PSC has not asked any deponent about this document. Second, the PSC never asked Sanofi for any information regarding this document, custodial information or otherwise. Third, this is not from a "Sanofi reference book," as the PSC stated.[91] Rather, this document is from Micromedex, which is a publicly available reference—*see* the bottom of Exhibit A to the PSC's January 11, 2019 letter:

---

[89] *See id.*
[90] *See id.*
[91] Letter from Karen B. Menzies, Counsel for Plaintiffs, to Judge North at 8 (Jan. 11, 2019).



© 2000 Micromedex, Inc.                                                   All rights reserved

A third party publishes Micromedex, which includes medical information for medical personnel. The PSC's suggestion that the statement from this document regarding alopecia came from Sanofi and therefore justifies 30(b)(6) testimony is factually incorrect.

The PSC also did not ask any relevant company witnesses about Sanofi_0072367, which is the only other "legacy file" specifically discussed in the PSC's letter. The PSC <u>did use</u> that document during the depositions of numerous sales representatives, whom the PSC knows did not create or have any personal knowledge regarding the document. The PSC used a similar document during the deposition of a company witness who never worked in sales, even though the document relates to oncology sales training. So while the PSC argued that the "fact witnesses lack personal knowledge" of this document,[92] the PSC omitted the fact that they did not attempt to ask an appropriate company witness about this document.

For background, Sanofi produced these "legacy files" in response to the PSC's request that Sanofi produce documents it had collected for other older Taxotere litigations. The "legacy files" are paper documents collected for the AWP and *Gohil* litigations. Some of these documents were collected from an archive as far back as 2002. Back then, Sanofi kept these documents in paper format, not electronic.

The PSC is not entitled to a 30(b)(6) deposition simply because Sanofi produced—at the PSC's request—paper documents collected for older, unrelated Taxotere litigations. That is not how discovery works, and the PSC has cited no legal authority to support the position that a 30(b)(6) deposition is warranted whenever paper documents are produced. That is not the law. These documents are no different than the many other documents Sanofi produced in this litigation, which the PSC used during company-witness depositions.

It is still not clear what else the PSC wants to know about these documents, and they are not entitled to a 30(b)(6) deposition regarding these documents simply because they chose not to ask the appropriate company witnesses about these documents during their depositions and declined to investigate these documents in any way with Sanofi or its counsel during the course of discovery.

***

We look forward to discussing this issue with you next Wednesday.

---

[92] *Id.* at 9.

SHOOK
HARDY & BACON

January 28, 2019
Page 15

Sincerely,

*Patrick Oot*

Patrick L. Oot