Michael S. Corrigan

```
 1              UNITED STATES DISTRICT COURT

 2              EASTERN DISTRICT OF LOUISIANA

 3

 4   * * * * * * * * * * * * * *

 5   IN RE:  TAXOTERE              * MDL NO. 2740

 6   (DOCETAXEL) PRODUCTS          *

 7   LIABILITY                     *

 8   * * * * * * * * * * * * * *

 9   THIS DOCUMENT RELATES TO

10   ALL CASES

11

12      VIDEOTAPED DEPOSITION OF MICHAEL S. CORRIGAN

13              SHEEHAN, PHINNEY, BASS & GREEN

14                      1000 Elm Street

15                 Manchester, New Hampshire

16             June 7, 2019      8:18 a.m.

17

18

19

20

21             Maryellen Coughlin, RPR/CRR

22

23

24

25
```

Michael S. Corrigan

```
 1    APPEARANCES:
 2    Representing the Plaintiffs:
 3           GIBBS LAW GROUP LLP
 4           6701 Center Drive West, Suite 1400
 5           Los Angeles, California 90045
 6           BY:  Karen Barth Menzies, ESQ.
 7           510-350-9700
 8           kbm@classlawgroup.com
 9
10    Representing the Plaintiffs:
11           S. SAMUEL GRIFFIN, ESQ.
12           PO Box 77373
13           Atlanta, Georgia 30357
14           404-989-0665
15
16    Representing the Plaintiffs:
17           MARTZELL, BICKFORD & CENTOLA
18           338 Lafayette Street
19           New Orleans, Louisiana 70130
20           BY:  Jason Z. Landry, Esq.
21           (504) 581-9065
22
23
24
25
```

```
 1   FURTHER APPEARANCES:
 2   Representing Sanofi-Aventis:
 3           SHOOK HARDY & BACON LLP
 4           2555 Grand Boulevard
 5           Kansas City Missouri 64108
 6           BY:  Robert J. McCully, Esq.
 7                Matthew Depaz, Esq.
 8                Patrick Oot, Esq.
 9           816-474-6550
10           rmccully@shb.com
11           mdepaz@shb.com
12           Oot@shb.com
13
14   Representing Sun Pharmaceutical (Via phone):
15           HINSHAW & CULBERTSON LLP
16           53 State Street, 27th Floor
17           Boston, Massachusetts 02109
18           BY: Geoffrey M. Coan, Esq.
19           617-213-7045
20           gcoan@hinshawlaw.com
21
22
23
24
25
```

| | | |
|---|---|---|
| 1 | A. | I am. |
| 2 | Q. | As the Sanofi-designated witness to |
| 3 | testify on behalf of the company, will you follow | |
| 4 | the stipulation as entered by the court? | |
| 5 | | MR. McCULLY:  Object to form. |
| 6 | A. | Will I follow the stipulation as |
| 7 | entered by the court?  As outlined in the | |
| 8 | statement that you made previously, just a moment | |
| 9 | ago; is that what you're asking me? | |
| 10 | Q. | Yes. |
| 11 | A. | To the best of my ability within |
| 12 | the scope of the order from Judge North that has | |
| 13 | been provided. | |
| 14 | Q. | Do you understand the answers to |
| 15 | these questions may be used in court? | |
| 16 | A. | Of course, yes. |
| 17 | Q. | Do you understand that your answers |
| 18 | to our questions will be presented to a jury in | |
| 19 | this court? | |
| 20 | A. | Yes, I do. |
| 21 | Q. | So as you testify today on behalf |
| 22 | of Sanofi, you will include information from | |
| 23 | foreign sources and locations? | |
| 24 | | MR. McCULLY:  Object to form. |
| 25 | A. | I have reviewed documents that did |

1 include information with respect to any kind of
2 accusation against Sanofi from a foreign source
3 and location, but I do not believe that it's
4 within the scope of the order given by Judge
5 North for discussion today, so I could only
6 provide limited information with respect to it.
7     Q.    Can you explain what you mean by --
8 it sounds like you're limiting your testimony on
9 scope with foreign entities. You said you don't
10 believe it's within the scope. Can you explain
11 what you're -- what you're talking about?
12     A.    Well, I'm talking about any kind of
13 correspondence, and I'll read it again. The
14 order from Judge North stipulates that for
15 discussion, communications between Sanofi and
16 Taxotere patients relating to the possibility of
17 legal actions for ongoing alopecia similar to
18 those identified in the exhibits that have been
19 provided, and those exhibits I have reviewed
20 extensively, and any reviews, investigations,
21 report of cases or incidents related to ongoing
22 alopecia by risk management as noted in other
23 exhibits that have been provided, which again
24 I've reviewed extensively and am happy to
25 discuss. Questions, specifically questions

Michael S. Corrigan

1    you don't do that.

2    BY MS. MENZIES:

3         Q.      If you can turn to the next page.

4         A.      Sure.

5         Q.      Page 5 ending 4984.  See where
6    it says -- we're at No. 6 on the top.  It says,
7    "Handling information requests unrelated to
8    medical information."  Do you see that there?

9         A.      Yes, I do.

10        Q.      And it says, "Inquiries that are
11   more appropriately handled by other departments
12   within Sanofi are transferred to the appropriate
13   department for handling."  Did I read that
14   correctly?

15        A.      Yes.

16        Q.      And is that consistent with what
17   you understood from Mr. Gaydos and Mr. Clark
18   related to inquiries into the company?

19        A.      Yes.

20        Q.      "Inquiries involving sample
21   requests or detailing requests are directed to
22   Customer Service department."  That's consistent
23   with your experience, correct?

24        A.      Yes, it is.

25        Q.      And then "inquiries involving

1   potential or threatened litigation are referred
2   to risk management/legal department."  Did I read
3   that correctly?
4           A.      Yes, you did.
5           Q.      And is that consistent with what
6   you were prepared for and the information
7   provided to you by Mr. Clark and Mr. Gaydos in
8   preparation for your deposition testimony today?
9           A.      Yes, it is with respect to the
10  scope of the order provided by the judge.
11          Q.      So if MIS or the medical
12  information center receives an inquiry involving
13  potential or threatened litigation, those
14  inquiries are referred to risk management/legal,
15  correct?
16          A.      Yes, and I think that's well
17  documented within this SOP, yeah.
18          Q.      Okay.  And this is Version 3 from
19  2009.  We saw that on the top of this page and at
20  the beginning, correct?
21          A.      Yes.
22          Q.      And do you have -- let's see.  And
23  the paragraph we're talking about on Page 5 of
24  this document is in Section B(6), correct?
25  Section V B(6).

| | |
|---|---|
| 1 | Clark, and so they contact the call center, for |
| 2 | example. |
| 3 | A.     Mm-hmm. |
| 4 | Q.     That contact to the call center, |
| 5 | the communications between the call center that |
| 6 | we saw in Exhibit 12 that refers to an email that |
| 7 | was sent, are you telling me that that patient's |
| 8 | communication, if it ultimately went into the |
| 9 | risk management rep, that initial communication |
| 10 | is not relevant for your consideration for |
| 11 | purposes of today? |
| 12 | A.     It's not relevant for -- within the |
| 13 | scope of the court order that was established |
| 14 | which led to the deposition that we're having |
| 15 | today as I understood it. |
| 16 | Q.     So the initial contact by Pam |
| 17 | Kirby, for example, in your testimony would not |
| 18 | be relevant to the court's order in the |
| 19 | deposition testimony? |
| 20 | A.     It appears that Judge North would |
| 21 | determine that it is not relevant. |
| 22 | Q.     I'm just asking your interpretation |
| 23 | of it.  Your interpretation, if I understand what |
| 24 | you just said, the woman from New Jersey, the |
| 25 | woman from Yardley, Pennsylvania, Pam Kirby, the |