UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES.

---

**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH
DISCOVERY ORDER REGARDING 30(b)(6) DEPOSITIONS**

---

Plaintiffs expressly limited Topic 2 of their Rule 30(b)(6) Notice of Deposition to "reviews, investigations, reports of cases or incidents related to ongoing alopecia ***by 'Risk Management' as noted in Sanofi_05442744***" and communications "relating to the 'possibility of legal action' for ongoing alopecia similar to ***those identified in Sanofi_05442744***." *See* Plaintiffs' Amended Notice of Deposition, attached as **Exhibit A** (emphasis added). The language of this Topic has not changed since Plaintiffs' original November 15, 2018 Notice of Deposition. Plaintiffs are the ones who wrote this Topic. They are the ones who selected Sanofi_05447244, a communication with Risk Management, as their exemplar. They are the ones who identified Risk Management as the Sanofi-Aventis U.S. department in which they were interested. Sanofi's witness was prepared to, and did in fact, testify about Plaintiffs' specified Topic. But Plaintiffs no longer wish to be constrained by their own Topic.

Weeks before the 30(b)(6) deposition, Plaintiffs tried to expand the scope of Topic 2 to include subjects not described in the Notice. They argued that communications with Sanofi related

to a foreign nonparty, Shirley Ledlie, were "within the scope."[1] In response, Sanofi argued:

> The 'Risk Management' department referenced in Sanofi_05442744 is a department within Sanofi-Aventis U.S., one of the named Defendants.
>
> The Court's Order only requires Sanofi's witness to address 'reviews, investigations, and reports of cases or incidents' addressed by this department. It does not—nor should it—require Sanofi's witness to be prepared to comment on foreign administrative proceedings handled abroad, like Ms. Ledlie's CRCI claim.

Sanofi's Submission, at 4 (May 28, 2019). After considering the parties' briefs, the Court then ruled on the scope of Topic 2:

> I think that the request falls outside the scope of permissible discovery in the case and **outside the scope of my February 6, 2019, order**. Documents related to this foreign nonparty's claim in another country are just, in my view, not relevant to this matter.

Status Conf. Tr. 6:22–24 (May 30, 2019) (emphasis added).

Relying on the language of Topic 2 and that ruling—and knowing that Plaintiffs already knew Sanofi's and the Court's position on the scope of Topic 2—Sanofi prepared and produced its witness. Still, just minutes after the deposition started, Plaintiffs took issue with scope of the witness's preparation, complaining that he was not prepared to discuss communications with departments other than Risk Management. Corrigan Dep. Tr. 33:12–34:24. Plaintiffs, however, did not stop the deposition or seek the Court's resolution. Instead, they continued questioning the witness for nearly nine hours over two days, far surpassing the presumptive seven-hour time limit for 30(b)(6) designees. CMO 9, at ¶ D.1 (Rec. Doc. 1110).[2] Plaintiffs then filed the instant Motion,

---

[1] *See* PSC's Submission, at 2 (May 22, 2019).
[2] Sanofi agreed to make a witness available for a seven-hour deposition regarding Topics 2 and 3 of Plaintiffs Notice. *See* H. Ratliff E-Mail to K. Menzies (May 3, 2019). Sanofi further informed Plaintiffs that if they needed another hour to complete these two topics, Sanofi would work with Plaintiffs on that. *Id.* Ultimately, Plaintiffs took nearly an additional two hours.

2

saying that the nearly nine-hour deposition that they took was not what they actually wanted and so now they want yet another deposition of the same witness. *Contra* Status Conf. Tr. at 12:2–7 (April 11, 2019) ("When there's a disagreement . . . over scope, this is not the way to handle it. You don't come . . . ask for another deposition of the same witness when I could have handled it on the telephone. That's not okay."). To be clear, Sanofi's witness was prepared to—and did—testify regarding communications similar to those in Sanofi_05442744 and reviews, investigations, reports or incidents of ongoing alopecia by Risk Management as requested in the Notice.

With their Motion, Plaintiffs ignore their own Topic and the sensible guidance already provided by Your Honor on this issue, and instead they attempt to flip Rule 30(b)(6) on its head. They argue that Sanofi "unilaterally limited" the deposition but then complain only about topics not described in the Notice. *See* Pls.' Mot. (Rec. Doc. 7463), at 1. And they never mention Your Honor's previous ruling on the scope of Topic 2. Even if Rule 26(b)(1) permitted discovery on discovery about unknown communications with Sanofi's legal department (which it does not) and Plaintiffs had served a deposition notice seeking testimony regarding such a topic (which they did not) and the Court had then allowed it, Sanofi has nevertheless conducted a reasonable inquiry and is not aware of any communications with the legal department that would support Plaintiffs' theory of notice that is contrary to well-settled law.[3]

---

[3] *See, e.g.*, *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (duty to preserve is not triggered by the mere existence of a potential claim or the distant possibility of litigation); *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681–82 (7th Cir. 2008) (same); *Waymo LLC v. Uber Techs., Inc.*, No. 17-00939 WHA, 2018 WL 646701, at *15 (N.D. Cal. Jan. 30, 2018) (same); *Town of Westport v. Monsanto Co.*, No. 14-12041-DJC, 2015 WL 13685384, at *3 (D. Mass. Nov. 5, 2015) ("To the extent that Westport argues that the Defendants had some ongoing duty to preserve documents because of prior litigation with other parties, the Court is unpersuaded. The duty to preserve evidence runs to a specific opposing party."); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 516 (S.D. W. Va. 2014) (holding that duty to preserve for MDL did not begin with earlier document-preservation notice because Ethicon did not have "any reason in 2003 to anticipate additional litigation relating to its transvaginal mesh products. . . . [A]n isolated lawsuit, or even two, would not reasonably lead Ethicon to believe that large scale nationwide products liability litigation was down the road."); *In re Pradaxa*

The Court should deny Plaintiffs' Motion because Sanofi's witness was adequately prepared to answer questions within the scope of Plaintiffs' Topic 2 and the February 6, 2019 Order.

## ARGUMENT

### I. Topic 2 is Expressly Limited to Communications with the Risk Management Department

Federal Rule of Civil Procedure 30(b)(6) allows a party to depose an organization about matters described with reasonable particularity in the deposition notice, and the responding organization must prepare a witness to testify on its behalf. Fed. R. Civ. P. 30(b)(6). The effectiveness of the Rule thus heavily depends on the requesting party's description of the topics because the responding organization must have a clear understanding of what the witness needs to know. *See Lipari v. U.S. Bancorp, N.A.*, No. 07-cv-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). An ill-defined or all-encompassing notice puts the noticed party to "an impossible task": it cannot prepare a witness to give answers when the examination topics are unclear or have no bounds. *See e.g.*, *Reed v. Bennet*, 193 F.R.D. 689, 692 (D. Kan. 2000).

Here, the outer bounds of Plaintiffs' Topic is apparent on its face: communications with Risk Management. Topic 2 is—by its own language—limited to "reviews, investigations, reports

---

*(Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 5377164 (S.D. Ill. Sept. 25, 2013) (FDA adverse-event reports and safety announcements issued by defendant did not put defendant on notice of litigation); *Brigham Young Univ. v. Pfizer, Inc.*, 282 F.R.D. 566, 572 (D. Utah 2012) (a party does not have a duty to preserve "because of the potential for some distantly related litigation that may arise years in the future"); *PacifiCorp v. Northwest Pipeline GP*, 879 F. Supp. 2d 1171 (D. Or. 2012) (duty is not triggered by mere existence of a potential claim or the distant possibility of litigation); *Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1365–66 (M.D. Ga. 2012) (a plaintiff may not take advantage of an earlier duty to preserve that runs to a different party); *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09–61166–CIV, 2011 WL 1456029, at *24 (S.D. Fla. Apr. 5, 2011) (duty to preserve evidence runs to the specific plaintiff—"[t]he shifting duty theory is incompatible with the basic rule that a duty is owed to a specific party").

of cases or incidents related to ongoing alopecia '***by Risk Management***'" and communications similar to "***those identified in Sanofi_05442744***."  The communications identified in Sanofi_05442744 are with "Risk Management," a department within Sanofi-Aventis U.S.  Thus, to fall within the scope of the Topic, the communication had to be either (1) similar to the one identified in Sanofi_05442744, which is a communication with Risk Management, or (2) a review, investigation, report, or incident related to ongoing alopecia by Risk Management.  Sanofi's witness was prepared to discuss such communications.

Still, Plaintiffs protest that Sanofi's witness was not prepared to discuss communications with ***other*** departments.[4]  But their argument ignores the language of Topic 2, which neither mentions other departments nor cites documents referencing other departments.  It is Plaintiffs' legal obligation to describe the matters for examination with "painstaking specificity." *LLOG Exploration Co. v. Fed. Flange Inc.*, No. 17-02323, 2018 WL 6326449, at *3 (E.D. La. Dec. 4, 2018) ("To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, ***with painstaking specificity***, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (emphasis added).  Yet, they argue that their "purpose" in taking the deposition—as opposed to the actual text of the Topic itself—should rule its scope.  Pls.' Mot. at 6 (Rec. Doc. 7463) ("The purpose of the deposition was to discover information related to the possible legal claims by Taxotere regarding ongoing alopecia…").

---

[4] In fact, Plaintiffs questioned the witness regarding over a dozen topics outside of their Notice and the February 6, 2019 Order, including questions about communications between non-U.S. patients and Sanofi departments other than Risk Management; Medical Information Services ("MIS") call logs; MIS standard operating procedures; the SEIBEL database and how it works; Pharmacovigilance practices; adverse-event reporting to Pharmacovigilance; communications on social media regarding alopecia; litigation holds, freeze holds, and legal holds; general corporate structure of Sanofi and Sanofi-Aventis; the structure of Sanofi's legal department; product alerts; and privilege logs and the bases for Sanofi's privilege assertions in this litigation.  Notably, Plaintiffs specifically dropped a topic regarding MIS from their Notice, but proceeded to ask this witness about MIS and the SEIBEL database anyway.  In short, Plaintiffs' Notice contemplates none of these topics.

Whatever Plaintiffs' reasons for taking the deposition, the scope is governed by the language of the Notice, not Plaintiffs' strategic "purpose." Topic 2 twice cites a document related to Risk Management and seeks a witness to discuss such communications. Sanofi's witness did just that for nearly nine hours.

Plaintiffs try to escape the specificity of their Notice by broadening its scope in their Motion. For example, in their conclusion, Plaintiffs argue: "The subject matter of this deposition is narrow and clear: Communications between Sanofi and Taxotere [sic] related to ongoing alopecia, and investigations, reports or incidents or cases done by Risk Management." Pls.' Mot. at 11. But that was not the subject matter of this deposition—that is not the language Plaintiffs used in Topic 2. Though Plaintiffs admit that the Topic is limited to communications with Risk Management, they leave out two of their own other limitations: that the communications are about the "possibility of legal action" and that the communications are "similar to those identified in Sanofi_05442744," a communication with Risk Management. In seeking this deposition from the Court, Plaintiffs argued that the scope of Topic 2 was "narrow"; now—after they have had nearly nine hours with Sanofi's witness—they argue it is actually quite broad. *See* PSC's Ltr. Submission (Jan. 11, 2019). The Court should deny Plaintiffs' post-deposition attempt to broaden the scope of an otherwise specific topic.

## II. Plaintiffs Knew Topic 2 Was Limited to Communications with the Risk Management Department but Proceeded Anyway

Plaintiffs knew Sanofi's and the Court's interpretation of Topic 2 before the deposition began and proceeded anyway. The Court specifically instructed the parties to quickly address issues regarding the scope of depositions as soon as they arise to avoid unnecessary costs and delay:

> When there's a disagreement over an instruction not to answer, an

> objection, and an argument over scope, this is not the way to handle
> it. You don't come – send me an e-mail the next day and ask for
> another deposition of the same witness when I could have handled
> it on the telephone. That's not okay.

Status Conf. Tr. at 12:2–7 (April 11, 2019). In fact, the Court denied a request for additional time with a witness when Sanofi did not raise the dispute during the deposition "because you should have solved this problem while it was happening." *Id.* at 14:7–8. The situation here is more egregious because Plaintiffs had the Court's April 11, 2019 guidance, as well as both Sanofi's position and the Court's ruling regarding scope, *before* the deposition. But Plaintiffs chose not to follow the Court's instructions, and instead Plaintiffs raised this issue with Your Honor only after they had completed a nearly nine-hour deposition of the witness.

Plaintiffs knew Sanofi's position on the scope of the deposition more than a week ***before*** it began. Sanofi's Submission, at 4 (May 28, 2019). In April, Plaintiffs attempted to expand the scope of Topic 2 by requesting additional communications related to a foreign nonparty, Shirley Ledlie. *See* K. Menzies Ltr. to H. Ratliff (April 23, 2019). When Sanofi disagreed with their interpretation, Plaintiffs sought an impromptu status conference with Your Honor. In their submission, they argued that foreign proceedings fell within the scope of Topic 2. *See* PSC's Submission, at 2 (May 22, 2019). But Sanofi disagreed, making it clear that it interpreted Topic 2 to be limited to communications with the Risk Management department. Sanofi's Submission, at 4 (May 28, 2019). The Court agreed with Sanofi's interpretation, concluding that communications related to a foreign nonparty were "outside the scope of my February 6, 2019, order." Status Conf. Tr. 6:22–24 (May 30, 2019). Plaintiffs then went ahead with the June 7 deposition.

Within minutes of the deposition starting, Plaintiffs were reminded of the scope of the witness's preparation. Corrigan Dep. Tr. 33:12–34:24. And they recognized that they should seek

7

Your Honor's resolution: "we are going to need to get a court ruling today." *Id.* 47:10–11. Yet, Plaintiffs made the strategic decision to continue the deposition for nearly nine hours without seeking the Court's resolution. They should not be rewarded for that decision by getting even more time on new topics when they were well aware of the scope of the deposition before it started.

Plaintiffs now claim that they did not seek the Court's involvement during the deposition because "even if the Court agreed with the PSC, the witness could not provide the testimony without further preparation with employees from Sanofi and counsel." PSC's Certificate of Compliance with Rule 37(a)(1) (Rec. Doc. 7463). Plaintiffs cannot unilaterally decide not to follow the Court's instructions because they disagree with the Court on whether it would be helpful. Further, to the extent they disagreed with Sanofi's position or thought the Court's ruling ambiguous, they could have sought additional guidance on the scope of Topic 2 *before* proceeding on June 7. Or they could have sought clarity from the Court during the deposition. Instead, they questioned the witness for nearly nine hours over two days and then filed the instant Motion for more time on new topics. Plaintiffs' approach is the model of inefficiency and directly contrary to the Court's guidance on this issue. Plaintiffs' Motion should be denied.

### III. The Parties' Stipulation Regarding Foreign Entities Does Not Rewrite Plaintiffs' Topic 2

The scope and language of Plaintiffs' Notice does not change just because Sanofi agreed not to object to discovery from the French Defendants based on their dismissal. The Court already heard and rejected Plaintiffs' stipulation argument when it denied Plaintiffs' request for communications related to a foreign nonparty as outside the scope of the February 6, 2019 Order. Status Conf. Tr. 8:3–9, 10:18–20 (May 30, 2019). Further, Sanofi has complied with its agreement to provide discovery from foreign sources and custodians. In fact, Plaintiffs have taken the depositions of 6 witnesses abroad. The fact that Sanofi has provided such discovery, however,

does not operate to rewrite Plaintiffs' Notice, which Plaintiffs limited to communications only with the Risk Management department in the United States.  Nor does the parties' agreement make all foreign discovery relevant or discoverable.  *See* Stipulation Related to French Defendants at ¶ 2 ("Objections to discovery from such sources may include those objections available under the Federal Rules…").  Indeed, the Court already agreed that some discovery related to foreign proceedings—like that of Ms. Ledlie—is outside the scope of permissible discovery.  Minute Entry (May 30, 2019) (Rec. Doc. 7276).  Plaintiffs withdrew their appeal of that ruling to Judge Milazzo, making Your Honor's ruling final.  PSC's Motion to Withdraw Motion (Rec. Doc. 7518).  The parties' Stipulation cannot rewrite the Notice.

## CONCLUSION

Plaintiffs' Notice and the Court's February 6, 2019 Order limited Topic 2 to communications with the Risk Management department.  Plaintiffs did not follow the Court's instructions regarding raising disputes regarding deposition scope, but instead proceeded with a nearly nine-hour deposition.  Plaintiffs' Motion should be denied.

Respectfully Submitted:

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
Patrick Oot
**SHOOK, HARDY & BACON L.L.P.**
1800 K Street NW
10th Floor
Washington, DC 20006
Telephone: 202-783-8400
Facsimile: : 202-783-4211
oot@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 8, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore