UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES

PRETRIAL ORDER NO. 97
(Enforcement of Subpoenas Issued to Nonparties Located Outside of this District)

　　　The Judicial Panel on Multidistrict Litigation ("JPML") issued an order on October 4, 2016, pursuant to 28 U.S.C. §1407, coordinating and consolidating pretrial proceedings in the Eastern District of Louisiana as *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740. Plaintiffs generally allege that the Defendant manufacturers of Taxotere (docetaxel) failed to warn of permanent hair loss in women who used certain chemotherapy drugs during their breast cancer treatment. As of June 2019, more than 11,000 cases have been centralized in the Eastern District of Louisiana either by direct filing into this Court or via JPML transfer from districts throughout the country.

　　　As part of its coordinated or consolidated handling of pretrial proceedings in the matter, the MDL court has required that each Plaintiff in the MDL complete a Plaintiff Fact Sheet that requires, among other things, the identification of the particular Taxotere/docetaxel/docefrez ("docetaxel") product infused and the production of records to identify the manufacturer of the docetaxel product infused.

　　　To promote uniformity and consistency in procedures related to the identification of the product infused and the production of records identifying the manufacturer, and recognizing the importance of determining manufacturer identification, the MDL Court entered Case Management Order No. 12A, which sets forth a step-by-step process to be taken by each Plaintiff to discover

1

the manufacturer of the product. Paragraph 5 of CMO No. 12A provides that in the event all other methods fail for securing product identification information, "Plaintiff shall issue a subpoena requiring the infusion facility to release Product ID Information." The Order further provides that "[i]f the infusion facility fails to comply with the subpoena, the Court shall take appropriate action including a Show Cause Order and/or setting a hearing on a motion to compel."

A uniform process is needed to promote efficiency and consistency in the enforcement of subpoenas issued pursuant to paragraph 5 of CMO No. 12A. Since these subpoenas are issued out of the Eastern District of Louisiana, Rule 37 (a)(2) requires that a motion for an order to compel discovery against a nonparty must be brought "in the court where the discovery is or will be made." Rule 45(c) provides more specific geographic limitations on where compliance can be compelled on the entity subject to the subpoena. However, Rule 45(f) provides that the court where compliance is required may transfer proceedings related to the enforcement of the subpoena if the person subpoenaed consents or if the court finds "exceptional circumstances." The Court also interprets Rule 45(f) to provide efficiency to the nonparty insofar as the nonparty's attorney may file papers and appear in response to the enforcement pleadings as an officer of the issuing court (i.e., the Eastern District of Louisiana) without the need for local counsel or a *pro hac vice* application, as long as that attorney is authorized to practice in the court where compliance is required.

**CONSIDERING THE FOREGOING:**

**IT IS ORDERED** that any MDL Plaintiff seeking transfer to this Court of motions to enforce, quash or modify subpoenas properly issued out of this Court and served pursuant to Rule 45, but where compliance is required elsewhere, shall follow the procedures set forth herein:

1) Before filing a motion to compel compliance, Plaintiff shall make diligent efforts to engage in a meet-and-confer with counsel for the nonparty to which they have issued a subpoena pursuant to CMO No. 12A, ¶5;

2) Before filing a motion to compel compliance, Plaintiff shall also request that the nonparty agree in writing to submit to the jurisdiction of the Eastern District of Louisiana to resolve disputed issues regarding the subpoena through the letter briefing process set forth in CMO No. 9, ¶IV, whereby such matters are briefed and resolved by Magistrate Judge North, subject to the ordinary manner of appellate review under Fed. R. Civ. P. 72;

3) If the conferral under paragraph (1) of this Order is unsuccessful and/or the nonparty does not agree to the voluntary adjudication by this Court of the subpoena under paragraph (2) of this Order within twenty-one (21) days of the request by Plaintiff for the nonparty to submit to the jurisdiction of the Eastern District of Louisiana, the Plaintiff shall file a miscellaneous proceeding in the District Court where compliance of the nonparty is required per Fed. R. Civ. P. 45(c);

4) Within thirty (30) days of a case number being opened in the District Court where compliance is required, Plaintiff shall file the appropriate pleadings to seek enforcement of the subpoena;

5) Any Plaintiff seeking this Court's adjudication of the dispute is encouraged to use the exemplar pleadings prepared by the PSC and attached hereto as Exhibit A ("Exemplar Motion and Memorandum in Support of Motion to Enforce Subpoena and to Compel the Deposition of and/or Production of Documents from []") and Exhibit B ("Exemplar Motion to Transfer Motion to Enforce Subpoena and to Compel the Deposition of

and/or Production of Documents from []") to seek transfer of the enforcement of the subpoena to this Court pursuant to Fed. R. Civ. Proc. 45(f);

6) Any Plaintiff seeking transfer of the enforcement proceedings to this Court is encouraged to attach my letter addressed to the District Court where compliance is required, which is appended as Exhibit C to this Order.

New Orleans, Louisiana, this 11th day of July, 2019.

_____
HON. JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE