# EXHIBIT A

# UNITED STATES DISTRICT COURT

## _____DISTRICT OF_____

| IN RE: | CIVIL ACTION NO. |
|---|---|
| SUBPOENA UPON _____ | Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL Case No.____ and individual Case No. _____ |

## MOTION TO ENFORCE DEPOSITION SUBPOENA AND TO COMPEL THE DEPOSITION AND PRODUCTION OF DOCUMENTS OF _____

NOW INTO COURT, through undersigned counsel, comes _____ ("_____"), who, for the reasons set forth in the accompanying Memorandum, respectfully moves this Honorable Court to enforce a deposition subpoena and document request properly issued to, and served upon, _____, issued from *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740 currently pending in the Eastern District of Louisiana, and to compel its appearance and production of documents at a deposition on _____.

Dated: _____, 2019                                    Respectfully submitted,

## RULE 37 CERTIFICATE

Counsel for Plaintiff has confirmed that he has, in good faith, attempted to confer with counsel for _____ in an effort to secure the deposition and document production of _____, without court action. Counsel for _____ has informed counsel for Plaintiff that the requested third party will not voluntarily appear for its deposition or produce documents which were subpoenaed in the related proceedings. Accordingly, counsel has been left with no choice but to file this Motion to Enforce and to Compel the Deposition and Production of Documents of _____ with this Court in connection with the deposition subpoena and document request issued out of this matter styled *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740 currently pending in New Orleans, Louisiana.

Dated: _____, 2019          Respectfully submitted,

## CERTIFICATE OF SERVICE

     I hereby certify that on _____ 2019, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy of the above and foregoing will be sent to the parties in the related litigation pending before the Eastern District of Louisiana either by CM/ECF or by email.

                                                                                                      _____

UNITED STATES DISTRICT COURT

_____DISTRICT OF _____

| | |
|---|---|
| IN RE:<br><br>SUBPOENA UPON _____ | CIVIL ACTION NO.<br><br>Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL Case No. \_\_\_\_ and individual Case No. _____ |

**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE DEPOSITION SUBPOENA AND TO COMPELTHE DEPOSITION AND PRODUCTION OF DOCUMENTS OF _____**

**MAY IT PLEASE THE COURT**:

Plaintiff, _____, respectfully requests this Court to enforce a deposition subpoena and document request properly issued to, and served upon _____, issued from MDL 2740, *In re: Taxotere (Docetaxel) Products Liability Litigation* currently pending in the Eastern District of Louisiana and to compel its appearance at a deposition at a place and time ordered by this Court.

**I.    FACTUAL BACKGROUND**

The Judicial Panel on Multidistrict Litigation issued an order on October 4, 2016, pursuant to 28 U.S.C. §1407, coordinating and consolidating pretrial proceedings in *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740, in the Eastern District of Louisiana which litigation concerns alleged permanent hair loss in women who used certain chemotherapy drugs during their breast cancer treatment. As of June 2019, the Honorable Jane Triche Milazzo presides over more than 11,000 cases centralized before the Eastern District of

Louisiana for which suits have either been filed directly into that Court or have been transferred to that Court from districts throughout the country.

From the very inception of the Taxotere/docetaxel litigation, issues have persisted regarding product and manufacturer identification, which issues have made it difficult for plaintiffs, like the Plaintiff herein, to identify the manufacturers of the chemotherapy products with which they were infused during their breast cancer chemotherapy treatment. As part of its coordinated or consolidated handling of pretrial proceedings in the matter, the MDL court has required that each Plaintiff in the MDL complete a Plaintiff Fact Sheet, which requires, among other things, the identification of the particular Taxotere/docetaxel/docefrez ("docetaxel") product administered to the Plaintiff and the production of records to identify the manufacturer of the docetaxel product infused.

To promote uniformity and consistency in procedures related to the identification of the product infused and the production of records identifying the manufacturer, and recognizing the importance of determining manufacturer identification, the MDL Court entered Case Management Order No. 12A,[1] which provides a uniform procedure for each Plaintiff to discover the manufacturer of the product. Paragraph 5 of CMO No. 12A provides that in the event all other methods fail for securing product identification information, "Plaintiff shall issue a subpoena requiring the infusion facility to release Product ID Information." The Order further provides that "[i]f the infusion facility fails to comply with the subpoena, the Court shall take appropriate action including a Show Cause Order and/or setting a hearing on a motion to compel."

Plaintiff now finds herself in the position contemplated by paragraph 5 of CMO No. 12A, and has served a subpoena upon _____, which _____ has refused to honor. Since the

---

[1] Available at http://www.laed.uscourts.gov/sites/default/files/taxotere/Case%20Management%20Order%2012A.pdf

subpoena has been issued out of the Eastern District of Louisiana, Rule 37 (a)(2) requires that a motion for an order to compel discovery against a nonparty must be brought "in the court where the discovery is or will be made." However, Rule 45(f) provides that the court where discovery is or will be made may transfer a subpoena-relation motion to the court which issued the subpoena if the person subpoenaed consents or if the court finds "exceptional circumstances." Contemporaneous with the filing of this Motion, Plaintiff will be filing a Motion to Transfer this matter for hearing before the Eastern District of Louisiana based upon the existence of "exceptional circumstances."

Attached as Exhibit A is a letter from the Honorable Jane Triche Milazzo agreeing to hear the enforcement motion in MDL 2740 should the court agree to the transfer. Should this court agree to the transfer, the MDL will hear the motion telephonically in order to accommodate the third party within this jurisdiction.

**II.      LAW AND ARGUMENT**

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Additionally, "a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(1).  Further, Rule 45 provides the framework for securing from non-parties, through the use of subpoenas, testimony, documents, electronically stored information, and tangible things relevant to a pending litigation.  The deposition subpoena must be issued from the court where the action is pending.  Rule 45(a)(2).  However, a motion to compel discovery from "a nonparty must be made in the court where the discovery is or will take place." Rule 37(a)(2).  "Where a non-party has been properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend.  If the non-party does neither,

the non-party may be held in contempt." *Tranchant v. Envtl. Monitoring Serv., Inc.*, 2001 WL 1160864, at *1 (E.D. La. Oct. 2, 2001).

On _____, a deposition subpoena to appear and produce documents was issued out of the Eastern District of Louisiana in this matter to be served on non-party witness_____ for its deposition in _____ on _____. Despite being properly served, _____ has failed to appear for its deposition or to produce the requested documents and the instant motion to enforce the deposition is properly before this Court.

As the identification of the particular Taxotere/docetaxel/docefrez ("docetaxel") product infused and the production of records to identify the manufacturer of the docetaxel product infused is absolutely critical to Plaintiff's ability to maintain its claim in this litigation, this Court, or the MDL court if the Motion is transferred, should grant this Motion to Enforce and order that the deposition of _____take place on the _____day of ___ in _____and that _____produce all of the documents sought pursuant to the properly issued and served subpoena.

Dated: _____, 2019                    Respectfully submitted,