UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) ) MDL No. 16-2740
PRODUCTS LIABILITY LITIGATION )
) SECTION: "H" (5)
)
This document relates to all cases )

## ORDER

Before the Court are Motions for Reconsideration filed by several Plaintiffs in this multidistrict litigation: Doc. 7105 filed by Renee Jeffers; Doc. 7106 filed by Julie Clark; Doc. 7394 filed by Deborah Purnell; and Doc. 7396 filed by Carriene Nevin. For the following reasons, the Motions are **DENIED**.

## LAW AND ANALYSIS

"[A]dministering cases in multidistrict litigation is different from administering cases on a routine docket, so the lens through which the district court . . . view[s] transgressions, and sanctions, is different as well."[1] Multidistrict litigation is a "special breed of complex litigation where the whole is bigger than the sum of its parts," and the district court "needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line."[2]

Plaintiffs Renee Jeffers and Julie Clark seek relief under Rule 59(e) of the Federal Rules of Civil Procedure. Their cases were dismissed with prejudice for failure to comply with the Court's January 18, 2019, show cause order.

---

[1] In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006).
[2] *Id.*

"The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter."[3] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[5]

Neither Jeffers nor Clark points to any changes in the law, any new evidence, or any manifest errors warranting reversal of this Court's order dismissing their cases. Instead, Plaintiff Jeffers admits that "[t]he only deficiency not cured by Plaintiff by the January 18, 2019 Show Cause hearing was the PFS declaration."[6] Counsel explains that they believed the declaration page had been uploaded on January 17, 2019, "but it is believed that Centrality was having issues with uploading documents."[7] Similarly, Plaintiff Clark admits that she failed to upload a Plaintiff Fact Sheet within 15 days of the show cause hearing as ordered by the Court. Instead, she uploaded it on May 3, 2019, after her case was dismissed on April 23, 2019.

Counsel explains that days after the show cause hearing, the Court granted a Motion for Substitution allowing counsel to represent Clark. Counsel states that they

---

[3] In re Chinese Manufactured Drywall Prod. Liab. Litig., 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018) (citations omitted).
[4] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).
[5] In re FEMA Trailer Formaldehyde Prod. Liab. Litig., 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (citations omitted).
[6] Doc. 7105-2 at 1.
[7] *Id.*

had "never been formally notified nor have they had an opportunity to respond to Defendants' deficiency allegations."[8] The record makes clear, however, that counsel had ample time before the April 23, 2019 order dismissing Clark's case to apprise themselves of the status of her case and to file her PFS. Counsel provides no basis for relief under Rule 59(e).

Plaintiff Deborah Purnell seeks relief under Rule 60(b)(1) and Rule 60(b)(6), which provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief."[9] Plaintiff Purnell's case was dismissed for failure to comply with the Court's November 15, 2018 show cause order. In her Motion, counsel explains that they erroneously told the Court at the show cause hearing that Purnell was deceased. Counsel further states that "Plaintiff's counsel [sic] spreadsheet was wrong what [sic] appears to be a cut and paste error."[10] These errors do not justify relief under Rule 60(b). Purnell had ample time to file her PFS and failed to do so until after her case was dismissed—more than ten months after she filed her suit.

Plaintiff Carriene Nevin seeks relief under Rule 59(e). Her case was dismissed with prejudice for failure to comply with the Court's April 4, 2019, show cause order. At the hearing, the Court gave Plaintiff 30 days to submit "Proof of Use." Plaintiff did not upload Proof of Use, however, until May 9, 2019. This was after Plaintiff's 30-day

---

[8] Doc. 7106-4 at 2.
[9] FED. R. CIV. P. 60.
[10] Doc. 7394-3 at 1.

3

extension had passed. Plaintiff fails to point to any changes in the law, any new evidence, or any manifest errors warranting reversal of this Court's order dismissing her case. Instead, the facts show that dismissal was warranted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the following Motions are **DENIED**: Renee Jeffers' Motion for Reconsideration (Doc. 7105); Julie Clark's Motion for Reconsideration (Doc. 7106); Deborah Purnell's Motion for Reconsideration (Doc. 7394); and Carriene Nevin's Motion for Reconsideration (Doc. 7396).

New Orleans, Louisiana this 11th day of July, 2019.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE