UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO Barbara Earnest, Case No. 2:16-cv-17144 | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING SANOFI'S CORPORATE CHARACTER AND GOOD ACTS
(Motion *in Limine* No. 1)

**I.   INTRODUCTION**

Plaintiff respectfully requests that this Court preclude Sanofi and all of its witnesses from mentioning, discussing, commenting on, referring to, or attempting to introduce testimony or evidence about Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as the societal good performed by their manufacture of pharmaceuticals. Alternatively, if Sanofi is permitted to introduce evidence of their "good" character, then Plaintiff should be permitted to offer evidence of Sanofi's "bad" character.

**II.   ARGUMENT**

In light of the obvious irrelevance of these matters, and the unfair prejudice that is likely to result to Plaintiff if they are raised in the presence of the jury or potential jurors, an Order *in limine* directing counsel to refrain from discussing, commenting on, or referencing this type of evidence in the presence of the jury is both necessary and appropriate. In fact, numerous courts have precluded such evidence on this very basis. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx),* No. 3:09-dcv-10012, slip op., at ¶ 4 (E.D. La. Nov. 18, 2011); *In re Yasmin & Yaz (Drospirenone)*

1

*Mktg., Sales Practices and Prods. Liab. Litig.*, No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011).

### A. Pursuant to Rule 404, Evidence of Good Acts Is Not Admissible

Rule 404 prohibits the use of evidence of a person's character, character trait, or other acts to prove conduct in conformity therewith on a particular occasion. Fed. R. Evid. 404(a)(1), (b)(1). Defendant "cannot prove [a] pertinent character trait (of being 'good') by offering evidence of specific instances of good conduct," and thus it should be excluded on that basis. *U.S. v. Crockett*, 586 F. Supp. 2d 877, 884 (E.D. Mich. 2008). The potential evidence that is the subject of this motion, Sanofi's good acts or good reputation, falls squarely within Rule 404, thus making such evidence inadmissible. The rationale for this rule is that the relevance of such evidence is usually outweighed by its tendency to create unfair prejudice, particularly with a jury, which it will certainly do here. Fed. R. Evid. 404, comment.

Plaintiff anticipates that Sanofi may attempt to argue or suggest to potential jurors or the jury during trial that it is a "good" company with a "good" reputation that benefits society by making drugs that save people's lives, or by making charitable contributions, or engaging in other acts benefitting the world or community. The only conceivable purpose for such evidence purporting that Defendant is a "good company" is to create the impression with the jury that this "good company" is incapable – or at least unlikely – to make harmful products or irresponsible decisions. This is precisely the sort of propensity evidence that is explicitly barred by Rule 404(a)(1) and is thus inadmissible.

### B. Pursuant to Rules 401 and 402, Evidence of Good Acts is Irrelevant and Thus Not Admissible

Assuming *arguendo* that such evidence is not explicitly barred by Rule 404, such evidence is irrelevant and thus inadmissible under Rules 401 and 402. Specifically, Rule 401 states that

evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. It is axiomatic that all relevant evidence is generally admissible, while evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Here, such evidence regarding the alleged good acts and corporate character of Sanofi, including that it creates drugs that "save lives," is irrelevant as it is unrelated and has no bearing on any fact of consequence in determining this case. Therefore, under Rules 401 and 402, such evidence should be deemed irrelevant and inadmissible at trial.

### C.  Pursuant to Rule 403, Evidence of Good Acts is Unfairly Prejudicial

Even if the Court determines such evidence to be relevant – *which Plaintiffs contend it is not* – the trial court in its discretion may exclude such evidence if the prejudicial impact outweighs it probative value. Rule 403 provides this familiar balancing test: "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Id*.

Again, Plaintiff anticipates that Defendant may attempt to portray itself to the jury as a "good" company with a "good" reputation that is simply incapable of making harmful products or irresponsible decisions. This is precisely the sort of evidence that would be unfairly prejudicial to Plaintiff by attempting to sway the jury on an emotional, and improper, basis. Therefore, such evidence should be barred as unfairly prejudicial under Rule 403.

Alternatively, if this Court permits introduction of Sanofi's alleged "good acts," Plaintiff should be permitted to present rebuttal evidence about Sanofi's "bad acts." Sanofi cannot use its business practices as both a sword and a shield, so if it was permitted to sway jurors' emotions improperly, it would open the door to Plaintiffs' use of contrary evidence to show the jury the "bad acts," "bad reputation," and substantial harms that other products have wrought on consumers. Such contrary evidence would include the following:

- In 2017, Sanofi's vaccine for dengue – a disease that afflicts hundreds of millions of people around the world and had been used in 830,000 school children in the Philippines – was suspended after an investigation revealed that Sanofi discounted early warnings that its vaccine could actually put some people at heightened risk of the disease.

- From 2010 to 2015, Sanofi (one of the world's leading insulin supplier) raised the price of Lantus, an insulin product, by 168%. The FDA reported that millions of patients with diabetes, unable to afford the high-priced insulin, were forced to ration their insulin, while others died without the insulin needed to survive.

- In 2012, Sanofi reached an agreement with the Justice Department and several states to pay over $100 million dollars to settle claims that it engaged in illegal kickbacks by giving doctors free samples of their arthritis drug as a way to encourage them to prescribe the medication to patients that is typically covered by federal Medicare and Medicaid insurance programs, thus forcing taxpayers to foot the bill for the medication that would have not otherwise been prescribed.

- In 2014, Sanofi was involved in a scheme violating federal law by funneling more than $30 million dollars in kickbacks and other incentives to induce hospitals, doctors, and retail pharmacy chains to purchase and prescribe the company's diabetes drug.

- In 2009, Sanofi took a cloak-and-dagger approach in laying off nearly a thousand employees by wishing them a happy Thanksgiving, then informing them that they should stay home the following Monday and await a phone call indicating whether their job was safe or gone.

This is not a comprehensive history of the actions taken by Sanofi, but serves as examples of the "bad acts" and "bad reputation" evidence that Plaintiff may introduce if Sanofi is allowed to present evidence of its "good acts" and "good reputation."

## CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that the Court preclude evidence about Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as the societal good performed by their manufacture of pharmaceuticals. Alternatively, if Sanofi is permitted to introduce evidence of their "good" character, Plaintiff requests permission to offer evidence of Sanofi's "bad" character.

Dated: July 16, 2019                                            Respectfully submitted,

*/s/ Darin L. Schanker*                                         */s/ Rand P. Nolen*
Darin L. Schanker                                               Rand P. Nolen
Bachus & Schanker, LLC                                          Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700                                  2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                                                Houston, TX 77056
Phone: (303) 893-9800                                           Phone: (713) 621-7944
Fax: (303) 893-9900                                             Fax: (713) 621-9638
dschanker@coloradolaw.net                                       rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*                        *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*                                     */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                                  Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                                GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                                 6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                    Los Angeles, California 90045
Phone: (504) 355-0086                                           Telephone: 510-350-9700
Fax: (504) 355-0089                                             Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                          kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                   *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                    */s/ M. Palmer Lambert*
                                                    M. PALMER LAMBERT