UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND ARGUMENT REGARDING PLAINTIFF COUNSEL ADVERTISEMENTS**
**(Motion *in Limine* No. 4)**

**I.　　INTRODUCTION**

　　Plaintiff respectfully requests that this Court preclude counsel for Sanofi and all witnesses from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence about Plaintiff counsel advertisements. More specifically, Plaintiff requests an order excluding any testimony or evidence about: (1) Plaintiff's counsels' advertisements, websites, public appearances, or other representations related to Taxotere; or (2) whether Plaintiff's counsels' advertisements, websites, public appearances, or other representations may have caused a spike in adverse event reporting related to Taxotere.

**II.　　ARGUMENT**

　　Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Here, applying Rule 401 and 402, such evidence is irrelevant as it is wholly unrelated and has no bearing on any fact of consequence in determining this case.

1

Even if the Court determines such evidence to be relevant, the evidence should nonetheless be excluded because of its prejudicial impact outweighs any possible probative value. Under Rule 403, "the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Id.*

Plaintiff anticipates that Sanofi may attempt to alienate the jury by converting the trial into a referendum on lawful practices by plaintiff attorneys, while suggesting to the jury that these types of advertisements are actually harmful and persuade persons to go off their medication or causing a spike in Taxotere adverse events. Any remarks suggesting that this case (or litigation) was generated or profoundly affected by lawyers' advertisements, and any other comments concerning lawyer involvement, are inflammatory and represent an improper attempt to mislead and prejudice the jury. The introduction of such testimony and argument has no probative value because it is based on a false premise and is substantially and unfairly prejudicial.

Indeed, evidence about counsel's advertising efforts or websites, including the purported effects of plaintiffs' counsels' advertising, has commonly been barred in litigation. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op., at 2-3 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 06-cv-485, slip op., at ¶ 3(n) (E.D. La. Nov. 18, 2011) (citing Rule 401 in precluding "[a]ny reference that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media itself"); *Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., at ¶ 3(n) (E.D. La. Nov. 22, 2006) (citing Rules 401 and 403 in precluding "[a]ny comment, evidence, testimony, inference or

document mentioning, suggesting or inferring that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media"); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) ("As to plaintiff's counsel's advertising efforts, this subject too is relevant. And evidence as to it would serve potentially, to alienate the jury, by converting the trial into a referendum on lawful practices by plaintiffs' counsel."); *Esquivel v. Johnson & Johnson*, July Term 2010, No. 1322, slip op., at ¶ F (Phila. Com. Pl. Ct. May 1, 2013) (precluding evidence about or references to "[a]ny advertisements or websites by attorneys"); *Doherty v. Merck & Co., Inc.*, No. ATL-L-638-05, slip op., at ¶ y (N.J. Super. Ct. June 1, 2006) (same, but without citing a rule); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op., at ¶ y (N.J. Super. Ct. Mar. 28, 2006) (same).

## CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that Sanofi be precluded from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about: (1) Plaintiff's counsels' advertisements, websites, public appearances, or other representations related to Taxotere; or (2) whether Plaintiff's counsels' advertisements, websites, public appearances, or other representations may have caused a spike in adverse events and/or adverse event reporting related to Taxotere.

Dated: July 16, 2019                     Respectfully submitted,

*/s/ Darin L. Schanker*                  */s/ Rand P. Nolen*
Darin L. Schanker                        Rand P. Nolen
Bachus & Schanker, LLC                   Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700           2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                         Houston, TX 77056
Phone: (303) 893-9800                    Phone: (713) 621-7944
Fax: (303) 893-9900                      Fax: (713) 621-9638
dschanker@coloradolaw.net                rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*   *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*              */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.         GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505          6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163             Los Angeles, California 90045
Phone: (504) 355-0086                    Telephone: 510-350-9700
Fax: (504) 355-0089                      Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                   kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*            *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                   */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)               Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN                      BARRIOS, KINGSDORF & CASTEIX, LLP
DAVID MEUNIER & WARSHAUER,               701 Poydras Street, Suite 3650
LLC                                      New Orleans, LA 70139
2800 Energy Centre, 1100 Poydras Street  Phone: 504-524-3300
New Orleans, LA 70163-2800               Fax: 504-524-3313
Phone: 504-522-2304                      barrios@bkc-law.com
Fax: 504-528-9973
plambert@gainsben.com                    *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

4

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS