**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION


                                                              SECTION "H" (5)

THIS DOCUMENT RELATES TO:
 Barbara Earnest, Case No. 2:16-cv-17144

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO
PRECLUDE DEFENSE COUNSEL FROM COMMENTING ON OR DISCUSSING
CERTAIN MATTERS IN THE PRESENCE OF THE JURY OR POTENTIAL JURORS**
(Motion *in Limine* No. 8)

**I.      INTRODUCTION**

Plaintiff respectfully request that this Court preclude counsel for Defendants and all

witnesses from mentioning, discussing, or commenting on certain irrelevant and unfairly

prejudicial matters, directly or indirectly, in the presence of the jury or potential jurors, the matters

specifically listed herein. All of the identified matters are wholly irrelevant to the claims at issue

in this case, as they are of no consequence to determining any legal claim at issue in trial.

Further, any discussion of these matters would serve no purpose other than to confuse or

mislead the jury, creating a very real danger of unfair prejudice and that the jury will improperly

decide the case on emotion or other factors apart from the proper evidence and the law as instructed

by the Court. Permitting counsel and witnesses to interject these improper statements or comment

on these matters, thus requiring Plaintiff's counsel to repeatedly object in the presence of the jury,

would only serve to draw attention to them and exacerbate the unfair prejudicial impact on

Plaintiff.

**II.      ARGUMENT**

In light of the obvious irrelevance of these matters, and the unfair prejudice that is likely

to result to Plaintiff if they are raised in the presence of the jury or potential jurors, an Order *in*

1

*limine* directing counsel to refrain from discussing, commenting on, or referencing the following matters in the presence of the jury is both necessary and appropriate:

1. **Any comments, references, testimony, or evidence regarding settlement negotiations, or any conduct or statements made in reference or during settlement negotiations.** *See* Fed. R. Evid. 408. In fact, the need for this prohibition is so obvious that parties often agree to the exclusion of any testimony, reference, or inference regarding settlement negotiations. *See, e.g., In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 U.S. Dist. LEXIS 166442, at *28 (E.D. La. Nov. 21, 2012); *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op. at ¶ 3y (E.D. La. Nov. 22, 2006); *Terry v. McNeil-PPC, Inc. (In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.)*, No. 2:12-cv-07263, 2016 U.S. Dist. LEXIS 72774, at *4-6 (E.D. Pa. June 3, 2016); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011).

2. **Any reference, suggestion, or inference regarding the number of lawyers representing Plaintiffs; the fact that some of Plaintiffs' lawyers may reside or practice outside of Louisiana; the financial status or resources of Plaintiffs' lawyers; the means of travel of accommodations of Plaintiffs' lawyers; and/or the fact that some of Plaintiffs' lawyers may have represented other clients in other pharmaceutical cases or specializations, or the topics involved in those other matters.** Defendant should not be allowed to lead the jury astray with such irrelevant comments, suggestions, or references, as such are  wholly unrelated to and have no bearing on any fact of consequence in determining this case. Fed. R. Evid. 401, 402. Further, any such testimony would be highly and unfairly prejudicial, and is calculated to do nothing more than inflame jurors and play on their biases about lawyers or the alleged need for tort reform. Fed. R.

Evid. 403. In fact, it is well-established that these types of suggestions, references, and comments are irrelevant to the issues of the case and unduly prejudicial, and thus excluded at trial. *See, e.g.*, *Dedrick v. Merck & Co., Inc.* (*In re Vioxx*), No. 2:05-md-01657, slip op., at ¶ 31 (E.D. La. Nov. 22, 2006) (excluding "[a]ny comment or inference that Plaintiff's attorneys and their law firm primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation."); *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:12-cv-07263, 2016 U.S. Dist. LEXIS 72774, at *16-19 (E.D. Pa. June 3, 2016) (excluding evidence about the financial status or resources of the plaintiff's attorneys, their other businesses or cases, and their travel or the travel of their witnesses by private jet, holding that "[t]his evidence is irrelevant to the issues of this case and would be unduly prejudicial."); *Dixon v. Home Depot U.S.A.*, No. 13-cv-2776, 2015 U.S. Dist. LEXIS 79070, at *1-2 (W.D. La. June 10, 2015) (precluding references to Plaintiff's counsel's representation of clients in other cases involving similar products and their motives in doing so); *Mack v. R.J. Reynolds Tobacco Co.*, 2010 Fla Cir. LEXIS 2214, at *4 (Fla. 8th Cir. Ct. 2010) ("No reference to any specific law firm or attorney shall be made by [] counsel or witness."); *United States Fire Ins. Co. v. Sonitrol Corp.*, 2010 Colo. Dist. LEXIS 593, *5-7 (Colo Dist. Ct. 2010) (granting motion *in limine* to exclude evidence concerning legal representation, including the number of attorneys representing the party's behalf); *De Boer Structures (U.S.A.) v. Shaffer Tent & Awning Co.*, 2002 U.S. Dist. LEXIS 23816, *10 (S.D. Ohio Oct. 29, 2002) (Sargus, J.) (precluding "testimony or evidence at any stage of the trial regarding the size, resources or location" of a party's law firm).

3. **Any comments, references, attempts to introduce testimony or evidence about, or introducing testimony or evidence about, an alleged "Litigation Crisis," "Lawsuit Crisis," "Lawsuit Abuse," "Lawyer-Driven Science" or "Lawyer-Driven Litigation."** Defendant may

attempt to present argument or evidence suggesting that this lawsuit or litigation as a whole and the science involved is lawyer-driven, fabricated, or exaggerated by counsel who make money through product liability lawsuits. In fact, Plaintiff has good reason to believe that Defense Counsel will seek to comment on these matters at trial based on, among other things, similar comments made by Defense Counsel at hearings.[1] Not only is such testimony  unrelated to any fact of consequence in this action, thus rendering such testimony irrelevant and inadmissible pursuant to Rules 401 and 402, but any suggestions to this effect would improperly and unjustifiably focus the trial on Counsel's behavior, thus inappropriately appealing to any bias jurors may have against the legal profession and resulting in unfair prejudice to Plaintiff. Fed. R. Evid. 403. Statements regarding the motives for filing suit, or suggestions that there is a lawsuit/litigation crisis or that lawsuits are driven by lawyers, have been excluded by numerous courts. *See, e.g.*, *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017) (sustaining motion filed by Plaintiff); *Barnett v. Merck & Co., Inc.* (*In re Vioxx*), No. 3:09-cv-10012, slip op., ¶3k (E.D. La. Nov. 18, 2011) (precluding "[a]ny reference to 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or any other similar term or phrase"); *Dedrick v. Merck & Co., Inc.* (*In re Vioxx*), No. 2:05-md-01657, slip op., at ¶3k (E.D. La. Nov. 22, 2006) (precluding "[a]ny mention of the purported 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or similar terms or phrases"); *Dixon v. Home Depot U.S.A.*, No. 13-cv-27765, 2015 U.S. Dist. LEXIS 79070, at *1-2 (W.D. La. June 10, 2015) (excluding any references to the "alleged motives of Plaintiff's counsel in prosecuting this or other similar lawsuits"); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op. at ¶t (N.J. Super. Ct. Mar. 28, 2006) (same).

---

[1] *See, e.g.,* Trans. of March 27, 2019 Discovery Hearing before Mag. Judge North at 28 ("litigation-driven" science comments presented by counsel for Sanofi).

4.  **Any statement, suggestion, or comments before the jury venire, in opening statement, or in closing argument regarding the potential adverse effect that could result if the jury returns a verdict in favor of Plaintiff, including but not limited to suggestions that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive and/or ability to develop new medications, the ability of any member of the jury to purchase or receive medications in the future, the cost of medication, the availability of pharmaceutical drugs to individuals or industries in the United States or worldwide, the stock price of Defendant or any other publicly-traded manufacturer, the cost of purchasing or maintaining health insurance, or the cost of pharmaceutical drugs to the public.** Such arguments are "inherently prejudicial and urge the jury to render its verdict based on passion and prejudice." *SjÖstrand v. Ohio State Univ.*, 2014 U.S. Dist. LEXIS 125163, at \*22-23 (S.D. Ohio Sept. 8, 2014). As such, numerous courts have precluded such evidence of the potential adverse effects of a Plaintiffs' verdict under Federal Rules of Evidence 401-403. *See, e.g.*, *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., at ¶¶ 3(a) (b), (c), (e), (f) (E.D. La. Nov. 18, 2011); *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., ¶¶ 3(a), (b), (c), (e), (f) (E.D. La. Nov. 22, 2006); *Plunkett v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-04046, slip op., at ¶¶ 3 (a), (b), (c), (e), (f) (E.D. La. Nov. 18, 2005); *Gray v. Energy XXI Gom LLC*, Case No. 12-165, 2013 U.S. Dist. LEXIS 109459 (M.D. La. Aug. 5, 2013) (ruling that "[n]o statement, reference, or appeal may be made to the jury that they serve as the 'conscience of the community,' or that the jury should render a verdict that will make the community proud."); *Powell v. Geekie*, No. 5:09-cv-188, 2010 U.S. Dist. LEXIS 90831, at \*5 (M.D. Ga. Sept. 1, 2010). Indeed, the Fifth Circuit has

condemned such appeals to "community conscience" as improper. *See Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985).

5. **Any comments, references, statements, or testimony regarding Professional Associations, Trial Strategies, and Educational Seminars and Materials, including but not limited to, Mass Torts Made Perfect (MTMP), the American Association for Justice (AAJ), The Reptile, the Jerry Spence Trial College, or any other books, seminars, and educational materials for plaintiff attorneys.** Evidence concerning the training and education available to Plaintiff attorneys is not related in any way to the facts of consequence in this case, and it will have no tendency to make a fact that is of consequence in this case more or less probable than it would be without the evidence, and is thus irrelevant and inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Further, such evidence is calculated to do nothing more than inflame the jurors and play on their biases, and would be highly and unfairly prejudicial to Plaintiffs. *See* Fed. R. Evid. 403. In today's world, public suspicion and even disapproval of the professional conduct of plaintiffs' attorneys is not uncommon, and evidence regarding their training and educational opportunities easily could play into those prevailing notions. In fact, both courts and defendant pharmaceutical companies have acknowledged the need to preclude this type of evidence. *See, e.g., In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017) (sustaining this same motion filed by Plaintiff); *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:12-cv-07263, 2016 U.S. Dist. LEXIS 72774, at *19 (E.D. Pa. June 23, 2016).

6. **Any comment or reference regarding the compensation paid to any of Plaintiff's experts in cases other than the case being tried.  Alternatively, if such questioning is permitted, Plaintiff should be allowed to elicit testimony regarding the number of cases involved in the other litigation, the issues involved and the impact of the experts' testimony**

**on those cases.**  Federal Rule of Civil Procedure 26(a)(2)(B)(vi) requires that a party shall disclose "the compensation to be paid for the [expert's] study and testimony in the case."  There is no question that cross-examination of an expert regarding compensation received to show bias is "entirely proper."  *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980).  However, in complex litigation, delving into compensation received by an expert under the guise of seeking impeachment evidence both at the discovery and trial stages "should be tightly controlled by the trial court and limited to its purpose."  *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 757 (S.D.N.Y. 2003), quoting *Wrobleski v. deLara*, 353 Md. 509, 727 A. 2d 930, 938 (1999).  Unless an expert's opinion "has materially changed in such a way so as to raise a reasonable suspicion that the compensation paid to such expert may have affected the subsequent opinion," the inquiry should be limited.  *Id.*  Plaintiff submits that delving into compensation received by Plaintiff's experts from other cases will not assist the trier of fact in determining witness bias and such inquiry should be prohibited.  Alternatively, should the Court allow such inquiry, Plaintiff should be afforded an opportunity to put the amount of compensation received by her experts into context and be allowed to elicit testimony regarding the issues involved in the other litigation and the positive impact of the experts' testimony on those cases.

7.  **Any comment or reference regarding how much an expert is being paid in this litigation, which payments often include work benefitting all plaintiffs in this MDL.**  Plaintiff takes no issue with cross-examination related to compensation received by the expert for case specific deposition and trial preparation.  But if defendants are permitted to delve into the *total* amount of compensation received by an expert, Plaintiff should be entitled to put the compensation amount into context by eliciting testimony regarding the 11,000 lawsuits pending in this MDL and the benefit of the expert's work on those lawsuits.  As previously noted, cross-examination of an

expert regarding compensation paid to him for his work on a case is "entirely proper." *Collins v. Wayne Corp.*, 621 F.2d at 784. However, when the compensation paid to the expert is not for a single case, but for many cases, cross-examination regarding total compensation received lacks context. To put the amount of compensation received into proper context, the experts should be allowed to break out their compensation into case specific work, primarily case specific deposition and trial preparation. Alternatively, should cross-examination regarding total compensation paid to an expert be permitted, Plaintiff should be permitted to elicit testimony regarding the number of lawsuits in this MDL and the benefit of the expert's work on those lawsuits.

## CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that the Court preclude Counsel from discussing or commenting on the identified matters at trial in the presence of the jury or potential jurors, and that Counsel be directed to advise any corporate representatives and witnesses to avoid discussing or commenting on the identified matters at trial.

Dated: July 16, 2019                                    Respectfully submitted,

*/s/ Darin L. Schanker*                                 */s/ Rand P. Nolen*
Darin L. Schanker                                       Rand P. Nolen
Bachus & Schanker, LLC                                  Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700                          2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                                        Houston, TX 77056
Phone: (303) 893-9800                                   Phone: (713) 621-7944
Fax: (303) 893-9900                                     Fax: (713) 621-9638
dschanker@coloradolaw.net                               rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*                *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

8

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER,
LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com


J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com


Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT