## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF HEALTHCARE COSTS AND INSURANCE AS A COLLATERAL SOURCE

---

The Court should enter an order an *in limine* excluding any evidence of Plaintiff's healthcare costs and insurance payments as a collateral source.

Under Louisiana's[1] collateral source rule, payments received from an independent source will not be deducted from any award that an injured plaintiff would otherwise receive from the defendant. *See Louisiana Dep't of Transp. & Dev't v. Kansas City S. Ry.*, 846 So.2d 734, 739 (La. 2003) (holding that "a tortfeasor may not benefit, and an injured party's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution"); *Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992); *Bellard v. Am. Cent. Ins. Co.*, 2007-1335 (La. 4/18/08), 980 So. 2d 654, 669; *see also Suhor v. Lagasse*, 770 So.2d 422, 423, (La. App. 4 Cir. 2000).

The public policy behind the collateral source doctrine ensures that payments from a collateral source do not reduce or diminish the tortfeasor's debt to the victim. *Stanfield v. Island*

---

[1] The collateral source rule originated in the common law and has been enforced in Louisiana courts. *Bozeman v. State of Louisiana, Dept. of Transp.*, 03-1016 (La. 07-02-04) 879 So. 2d 692. In *Bozeman*, the Supreme Court noted that the Louisiana Legislature has declined to make any statutory changes to the collateral source doctrine. *Id.* Moreover, Louisiana courts have unanimously embraced the collateral source doctrine and have applied the doctrine in most instances. *Id.*

*Operating Co.*, 2007 U.S. Dist. LEXIS 84722, *11 (E.D. La. 2007). The reason for excluding collateral source evidence derives from the preeminent concern that a juror's knowledge of collateral sources and receipt of such benefits will influence the overall determination of liability. *Joseph v. River Parishes Co., Inc.*, 2000 U.S. Dist. LEXIS 11788, *4 (E.D. La. 2000) (finding that the receipt of collateral benefits has such a prejudicial effect that courts cannot be assured the evidence does not play some role in a jury's determination of negligence). The collateral source rule is thus intended to ensure that the availability of outside sources of income do not diminish an injured party's recovery. *See Barrera v. E.I. DuPont De Nemours and Co., Inc.*, 653 F.2d 915, 920-21 (5th Cir. 1981); *see also Kadlec Med. Cent. V. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 9930, *2-3 (E.D. La. Mar. 14, 2006).

It is anticipated that Sanofi may attempt to introduce, at trial, evidence and/or testimony that Plaintiff Earnest has received benefits from a collateral source. For example, Plaintiff testified she had health insurance through Medicaid during her chemotherapy treatments. It is well established, however, that payment by a collateral source, such as health insurance,[2] is inadmissible to mitigate damages. *See Womack v. Travelers Insurance Co.*, 258 So.2d 562 (La. App. 1st Cir., 1972); *Coates v. AC AND S, Inc.*, 844 F.Supp. 1126 (E.D. La., 1994); *Surgi v. Otis Elevator Co.*, 541 So.2d 297, 300 (La. App. 5th Cir.1989); *Hall v. State, Department of Highways*, 213 So.2d 169, 175 (La. App. 3rd Cir.1968), *cert. denied*, 215 So.2d 128 (La.1968); *see also McKelroy v. Wood*, 2009 U.S. Dist. LEXIS 16305, *2 (N.D. Miss. Feb. 2, 2009) ("The collateral source rule prevents the defendant from using evidence that the plaintiff's medical bills

---

[2] If the benefit conferred on the injured party was established for that party by law, the collateral source rule applies. Restatement 2d Of Torts § 920A cmt. b (1979) ("The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him . . . it is the tortfeasor's responsibility to compensate for all harm that he causes, not confined to the net loss that the injured party receives.").

were covered by insurance in order to argue to the jury that any damages awarded should be mitigated, or reduced, by the amount already paid for by the insurance company.").

Furthermore, the admission of evidence concerning Plaintiff's health insurance for an improper use is highly prejudicial against the Plaintiff. *See Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986) (barring the admission of collateral benefits if there is a high likelihood of prejudice and a strong potential for improper use); *Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 930 n.6 (5th Cir. 1992); *Joseph v. River Parishes Co.*, 2000 U.S. Dist. LEXIS 11788 *6 (E.D. La. August 9, 2000) (holding that receipt of collateral benefits has such a prejudicial effect that a court cannot be assured such evidence will not play a role in the jury's overall determination of negligence). Reference to receipt of collateral benefits will only serve to potentially reduce a verdict which should fully compensate a Plaintiff for a Defendant's tortious conduct without reduction for medical insurance. Plaintiff should not be penalized for having previously taken the precaution to purchase and maintain collateral sources of compensation. *See Cox Operating, L.L.C. v. Settoon Towing, LLC*, 2018 U.S. Dist. LEXIS 90726 *12-13 (E.D. La. May 31, 2018) (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994)). Thus, if Sanofi introduces the Plaintiff's deposition testimony into evidence during trial, all references thereto (*see e.g.,* December 21, 2017 Earnest Deposition, at 188:24-189:11) should be redacted to comply with the law precluding collateral source information.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her Motion *in limine* to exclude any evidence of Plaintiff's healthcare costs and insurance as a collateral source.

Dated: July 16, 2019                     Respectfully submitted,

*/s/ Darin L. Schanker*                  */s/ Rand P. Nolen*
Darin L. Schanker                        Rand P. Nolen
Bachus & Schanker, LLC                   Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700           2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                         Houston, TX 77056
Phone: (303) 893-9800                    Phone: (713) 621-7944
Fax: (303) 893-9900                      Fax: (713) 621-9638
dschanker@coloradolaw.net                rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*  *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*              */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)          Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.        GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505        6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163           Los Angeles, California 90045
Phone: (504) 355-0086                  Telephone: 510-350-9700
Fax: (504) 355-0089                    Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                 kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*          *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                  */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)             Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN                     BARRIOS, KINGSDORF & CASTEIX, LLP
DAVID   MEUNIER  &  WARSHAUER,          701 Poydras Street, Suite 3650
LLC                                     New Orleans, LA 70139
2800 Energy Centre, 1100 Poydras Street  Phone: 504-524-3300
New Orleans, LA 70163-2800             Fax: 504-524-3313
Phone: 504-522-2304                    barrios@bkc-law.com
Fax: 504-528-9973
plambert@gainsben.com                  *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT