**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                SECTION "H" (5)
THIS DOCUMENT RELATES TO:
 Barbara Earnest, Case No. 2:16-cv-17144

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO**
**PRECLUDE TESTIMONY AND EVIDENCE REGARDING OTHER**
**CHEMOTHERAPY MEDICATIONS OR MEDICAL CONDITIONS THAT**
**PURPORTEDLY MAY CAUSE PERMANENT HAIR LOSS**
**(Motion *in Limine* No. 11)**

## I.     INTRODUCTION

In this case, both at depositions and in expert reports, Sanofi and its experts vaguely allude

to the possibility that other medications (cancer-related or not) or medical conditions purportedly

can cause permanent hair loss. From this, Sanofi hopes the jury will make the inferential leap that

perhaps these other medications or medical conditions did cause Plaintiff Earnest's permanent hair

loss. The record, however, is devoid of evidence that would support such a conclusion. In fact,

Sanofi is unable to proffer any evidence to a reasonable degree of medical certainty that any of

these other treatments or conditions caused or contributed to Plaintiff Earnest's permanent hair

loss. As such, Sanofi's many references to other medications and medical conditions do not rise

above the level of misleading innuendo.

The Court should thus preclude Sanofi and all witnesses from introducing any evidence,

testimony, or argument relating to other medications or medical conditions purportedly causing

permanent hair loss as the record does not support the conclusion that such medications or

conditions caused Plaintiff Earnest's permanent hair loss. Such evidence, testimony, or argument

is excludable on many grounds; it is irrelevant, confusing, misleading, would waste time and

distract from the central issue, and is otherwise highly prejudicial.  Most importantly, none of Sanofi's expert witnesses expressly assert the opinion that, to a reasonable degree of medical certainty, other medications or conditions actually caused Plaintiff Earnest's permanent alopecia. Instead, Sanofi's experts' opinions mainly challenge Plaintiff's experts' opinions on specific causation.

## II.    ARGUMENT

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. It is axiomatic that all relevant evidence is generally admissible, while evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Sanofi may attempt to use evidence of other medications or medical treatments to suggest to the jury that Plaintiff Earnest's permanent hair loss was caused by another drug (cancer-related or not) or medical condition. [1, 2] Plaintiff Earnest has met her burden to establish causation, and Sanofi cannot proffer any evidence that any of these medications or medical conditions in fact caused Plaintiff Earnest's permanent hair loss. Indeed, none of Sanofi's experts offer such an opinion on causation. (*See* Ex. A, Glaspy General Rep. at 19-20; Ex. B, Love General Rep. at 13-15.) Speculation about other medical treatment or conditions thus is irrelevant and should be excluded at trial. What's more, such evidence would serve only to inflame, confuse and mislead

---

[1] Beyond that serious evidentiary deficit, Sanofi has not even made a sufficient record that all such drugs or medical conditions can cause permanent hair loss generally.

[2] Chemotherapy drugs (e.g., Adriamycin (doxorubicin), Cytoxan/Neosar (cyclophosphamide), Taxol (paclitaxel), Cerubine (daunorubicin), Ellence (epirubicin), VePesid (etoposide), Hexalen (altretamine), Idamycin (idarubicin), Ifex (ifosfamide), Ixempra (exabepilone), Camptosar (irinotecan), Hycamtin (topotecan), Navelbine (vinorelvine), Ixempra (ixabepilone), Vincristine (vinorelbine)) or medical conditions (e.g., Vitamin B12 deficiency, thyroid disease) that cause permanent hair loss.

jurors, rather than assist them in determining the ultimate issues in this case—including whether Taxotere caused Plaintiff Earnest's permanent hair loss.

Evidence may also be excluded if its probative value is substantially outweighed by the probability that admission will create a substantial danger of unfair prejudice. Fed. R. Evid. 403. That is the case here. If, on the one hand, Plaintiff Earnest has neither taken other chemotherapy medications nor has been diagnosed with any certain medical conditions, such evidence is clearly irrelevant – and allowing Defendants to introduce such evidence would do nothing more than confuse the issues and mislead the jury. And if, on the other hand, the plaintiff has taken other chemotherapy medications or has been diagnosed with a particular medical condition, such evidence is still unfairly prejudicial since Sanofi did not proffer any expert witness who will testify at trial that other chemotherapy medications and/or medical conditions in fact did cause permanent hair loss.  The record is devoid of evidence to a reasonable degree of medical certainty that these other medications or treatments did cause Plaintiff's permanent hair loss. In the absence of this critical specific causation expert testimony, introducing any such argument that has no evidentiary support does not tend to prove or disprove a fact at issue in this case and serves absolutely no legitimate purpose. Thus, the introduction of such evidence has no probative value and would be substantially and unfairly prejudicial to Plaintiff.

This case is already complex. Jurors will be required to listen to hours of testimony from numerous physicians and scientists on complicated scientific and medical issues. The introduction of any evidence or mention of other medications or medical conditions that may cause permanent hair loss will only confuse the jurors since Sanofi has proffered no specific causation expert testimony that another medication or condition actually caused Plaintiff's permanent hair loss. Attempting to interject other specific causes such as medications or medical conditions carries

with it an extreme potential to confuse the issues and mislead the jury, especially considering the complexity of the issues involved and extreme difficulty explaining to the jury that the other medications or medical conditions played no role in the development of Plaintiffs' permanent hair loss. District courts have the right, and indeed the obligation, to exclude evidence in order to guard against juror confusion. *See Torres-Arroyo v. Rullan*, 436 F.3d 1, 8 (1st Cir. 2006). Thus, any evidence or mention of other medications or medical conditions that may cause permanent hair loss should be excluded.

Finally, any evidence or mention of other medications or medical conditions that could cause permanent hair loss would be inefficient and waste time. Trial courts are permitted to impose reasonable time limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative or non-probative evidence. *See Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987). Because no defense expert witness has specifically opined that other medications or medical conditions caused Plaintiff's permanent hair loss, presentation of such evidence is not relevant to any claim or defense in this case and will only serve to waste time and delay presenting substantive evidence regarding the truly relevant issues.

Given the extreme potential for unfair prejudice, misleading the jury, confusing the issues, causing undue delay, and wasting time, as well as the fact that such evidence has no bearing on any fact of consequence, the Court should exclude any evidence, testimony, or argument regarding other chemotherapy medications or medical conditions causing permanent hair loss pursuant to Federal Rules 401, 202, and 403.

### CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully request that Defense Counsel and all witnesses be precluded from introducing any evidence,

testimony, or argument relating to other medications (cancer-related or otherwise) or medical conditions having the potential to cause Plaintiff's permanent hair loss.

Dated: July 16, 2019         Respectfully submitted,

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER,
LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT