UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

DEFENDANTS' MOTION IN LIMINE NO. 21:
MOTION TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING
CORRESPONDENCE BETWEEN DDMAC AND SANOFI

　　　　Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi") hereby file this Motion in Limine seeking to preclude the introduction of evidence and argument at trial concerning correspondence between the U.S. Food and Drug Administration's ("FDA") Division of Drug Marketing, Advertising and Communication[1] ("DDMAC") and Sanofi.[2]

　　　　Sanofi anticipates that Plaintiff may seek to admit evidence of communications between it and DDMAC—the division of FDA charged with monitoring prescription drug manufacturer compliance with marketing, advertising, and communication standards—related to the promotion of Taxotere for the treatment of cancers that are not at issue in this litigation. Specifically, Plaintiff may seek to introduce "untitled letters" and/or "warning letters" Sanofi received from DDMAC regarding its promotion of Taxotere for treating (i) locally advanced or metastatic non-small cell *lung cancer* and (ii) locally advanced or *metastatic* breast cancer—conditions that Plaintiff did not experience. Indeed, none of the promotional claims involved in these letters pertain to the

---

[1]　　DDMAC is now the Office of Prescription Drug Promotion.
[2]　　Defendants will be separately filing 27 additional motions in limine currently herewith.

treatment of early stage breast cancer[3] or the alleged risk of permanent or persistent alopecia. Therefore, such evidence should be precluded as irrelevant, unfairly prejudicial, and improper character evidence.[4]

### A. DDMAC Evidence Should be Excluded as Irrelevant.

Plaintiff should be precluded from introducing DDMAC evidence because it is irrelevant to her claims and defenses for several reasons. *See* Fed. R. Evid. 401. First, such evidence pertains to the promotion of Taxotere for the treatment of lung cancer and metastatic breast cancer—diseases Plaintiff did not experience. Indeed, none of the DDMAC letters involve promotional claims about Taxotere for the treatment of early stage breast cancer.

Second, neither Plaintiff nor her prescribing physician testified that they (i) reviewed any of the promotional claims raised in the DDMAC letters, or (ii) relied on such claims in connection with selecting a Taxotere-containing regimen to treat Plaintiffs' early stage breast cancer. *See, e.g.*, *Dobbs v. Wyeth Pharm.*, 848 F. Supp. 2d 1335, 1340 (W.D. Okla. 2012) (granting summary judgment where there was no evidence of reliance on a false representation in making the decision to prescribe the drug at issue); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 223140, at *5 (M.D. Fla. Jan. 30, 2009), *aff'd,* 601 F. Supp. 2d 1313 (M.D. Fla. 2009) (excluding DDMAC evidence where "Plaintiffs have not shown that their prescribing physicians were exposed to the promotional

---

[3]   The majority of DDMAC correspondence regarding Taxotere took place before FDA approved Taxotere for the adjuvant treatment of patients with early stage breast cancer.

[4]   Such correspondence should also be excluded as improper hearsay evidence. *See* Fed. R. Evid. 801(c), 802; *see also* U.S. Food and Drug Administration, Warning Letters and Notice of Violation Letters to Pharmaceutical Companies, https://www.fda.gov/drugs/warning-letters-and-notice-violation-letters-pharmaceutical-companies/warning-letters-2019 ("Matters described in FDA warning letters may have been subject to subsequent interaction between FDA and the recipient of the letter that may have changed the regulatory status of the issues discussed in the letter.") (last visited July 16, 2019). Therefore, DDMAC communications are not "factual findings from a legally authorized investigation" and are therefore not admissible under Fed. R. Evid. 803(8).

materials"). This is not surprising given that most of the Taxotere-related DDMAC evidence pertained to promotional claims made between 1996 and 2005—well before the date Plaintiff's oncologist initially prescribed her a Taxotere-containing regimen to treat a different type of cancer.

Third, none of the Taxotere-related DDMAC promotional claims involve permanent or persistent alopecia—the alleged injury in this case. So even if there were evidence of reliance on promotional claims that were the subject of DDMAC letters (which there is not), such reliance still bears no relevant relationship to the injuries allegedly incurred by Plaintiff. For these reasons, Plaintiff should be precluded from presenting evidence of DDMAC correspondence.

### B. DDMAC Evidence Should be Excluded as Unduly Prejudicial.

In addition to being irrelevant, DDMAC evidence should be precluded because the probative value of such evidence, if any, is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. The only purpose of such evidence at trial would be to improperly paint Sanofi as a "bad actor" and bias the jury against the company. *See In re Trasylol Prod. Liab. Litig.*, 709 F. Supp. 2d 1323, 1347 n. 31 (S.D. Fla. 2010) (finding expert testimony summarizing a DDMAC letter and commenting on DDMAC's "considerations and concerns" would not assist the trier of fact and should be excluded).

### C. DDMAC Evidence Should be Excluded Under Federal Rule of Evidence 404.

To the extent Plaintiff seeks to introduce DDMAC evidence to suggest that Sanofi has a propensity for providing misleading information in the promotion of its products, such evidence should also be excluded because it constitutes inadmissible character evidence. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."), (b)(1) ("Evidence of a [] wrong . . . is not admissible to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character; *see also In re DePuy Orthapaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784–86 (5th Cir. 2018) (overturning plaintiff's verdict because impermissible character evidence under Rule 404(b) was admitted against defendant company); *Emerald City Mgmt., LLC v. Kahn*, No. 14-cv-00358, 2016 WL 3770960, at *3 (E.D. Tex. Jan. 14, 2016) (granting motion in limine to exclude evidence that company paid Google to run improper advertisements as inadmissible character evidence); *Sec. Nat'l Bank of Sioux City, IA v. Abbott Labs.*, No. 11-4017, 2013 WL 12140998, at *13 (N.D. Iowa Aug. 13, 2013) (excluding evidence of pharmaceutical company's investigation, plea agreement, and civil settlement pursuant to Rule 404(b)).

Accordingly, Sanofi moves the Court to enter an order excluding all evidence or argument concerning any communication between DDMAC and Sanofi.

Date: July 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile: 305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Douglas J. Moore*
Douglas J. Moore