UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: Barbara Earnest, Case No. 2:16-cv-17144 | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
EXCLUDING IMPROPER ARGUMENTS OR SUGGESTIONS
REGARDING FDA APPROVAL
(Motion *in Limine* No. 13)**

**I.  INTRODUCTION**

Plaintiff respectfully requests that this Court preclude counsel for Sanofi and all witnesses from making improper arguments or suggestions regarding FDA approval, including (1) that FDA review and approval equates to Taxotere being "safe and effective"; (2) that Sanofi cannot change the Taxotere label unilaterally without permission of the FDA; (3) that the FDA would not allow changes to the label in 2004 and 2010; and (4) that the FDA's deletion of information in the 2010 label is representative of any specific intent, knowledge, or belief by the FDA regarding the adequacy of the Taxotere label as it relates to permanent hair loss.

**II.  ARGUMENT**

Plaintiff anticipates that Sanofi and its witnesses will make improper statements, inferences, testimony, and suggestions to the jury regarding that the FDA's approval of Taxotere in some way absolves Sanofi of liability. Defendants should not be allowed to argue that it is the FDA – rather than Sanofi – that is responsible for ensuring the safety of Taxotere and the adequacy of the Taxotere label. *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1677 (2019); *Wyeth v. Levine*, 555 U.S. 555, 571 (2009). Nor should Sanofi be allowed to divine the intent of the FDA based on various agency communications, including to suggest that the FDA would have rejected

1

a hypothetical labeling change submitted via the CBE to that would have warned Taxotere patients of permanent hair loss. Such argument is irrelevant, confusing, misleading, wasteful, and unduly prejudicial because Sanofi *never* unilaterally changed Taxotere's label to warn of permanent hair loss, and the FDA *never* informed Sanofi that the FDA would not approve changing the drug's label to include that warning. What's more, such arguments are not even for a jury, but are reserved for the Court. *Albrecht*, 139 S. Ct. at 1679 (holding question of agency disapproval is a question of law for the court).

### A. Sanofi should be precluded from arguing or suggesting that FDA review and approval equates to the drug being "safe and effective."

FDA approval is by no means a guarantee that the medication is safe. In fact, the FDA's permission to market a drug has never been regarded as a final stamp of approval of the drug's safety. *See generally Albrecht*, 139 S. Ct. at 1676-68; *Levine*, 555 U.S. at 566-72. Plaintiff nevertheless anticipates that Sanofi will argue or otherwise suggest to the jury that FDA review and approval equates to the drug being "safe and effective" because the FDA reviewed all information and essentially approved every detail prior to its approval of Taxotere. Approval of a drug by the FDA means only that, at the time of approval, the FDA determined based on then-available information provided by the manufacturer that the drug met the minimum safety and efficacy standards for approval for marketing under 21 U.S.C. § 355(b). It does not mean that the drug has met any standard for absolute safety or efficacy under any and all circumstances, for all time. And approval does not absolve a drug manufacturer of responsibility for its drugs. To the contrary, "it has remained a central premise of federal drug regulation that the manufacturer bears responsibility for the content of its label at all times." *Albrecht*, 139 S. Ct. at 1677 (quoting *Levine*, 555 U.S. at 571. The jury should not be led to believe otherwise.

The issue in this case is not whether the FDA approved Taxotere, or whether Sanofi complied with FDA regulations. It is whether Sanofi acted reasonably in conveying its knowledge of the risks of Taxotere—and that is a question of Louisiana law. Even if evidence about FDA approval or compliance were somehow relevant, its presentation would result in unfair prejudice and confusion of the issues. The jury could be led to conclude – improperly – that FDA approval translates into a drug that is essentially "safe and effective" and is in no way unreasonably dangerous or accompanied by insufficient warnings or instructions, thus negating liability for Sanofi. Additionally, such evidence or argument would result in undue delay and a waste of time, because Plaintiff would need to spend substantial time clarifying that the FDA does *not* perform its own testing of the drug, and *instead* relies on pharmaceutical manufacturers for such information. What's more, the jury could become confused and believe that the failure to warn is the FDA's fault, when in fact drug manufacturers are responsible for the content of labeling "at all times." *Albrecht*, 139 S. Ct. at 1677.

A similar issue was raised in *Dedrick v. Merck & Co, Inc. (In re Vioxx)*, where the plaintiff moved to preclude "[a]ny reference, comment, or inference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law." *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op. (E.D. La. Nov. 22, 2006). The court granted the motion, noting that "this is argument, not fact." *Id.* at ¶ 3(x). In this same regard, such evidence should be excluded in the instant case. It would serve no legitimate purpose other than to unfairly prejudice the Plaintiff, confuse the jury about the appropriate standard by which to judge Sanofi's actions, and cause undue delay and waste the court's time.

### B. Sanofi should be precluded from arguing or suggesting that Sanofi cannot unilaterally change the label without FDA permission.

Plaintiff anticipates that Sanofi will improperly suggest to the jury that it is the FDA who controls and is responsible for the product labeling, and they are unable to unilaterally change the label without FDA permission. Sanofi may also try to argue to the jury that the FDA would not have allowed it to change the label if Sanofi had tried to do so through the CBE process. Such suggestions are legally erroneous (not to mention factually unsupported) because Sanofi did, in fact, use the CBE process to unilaterally change the label in 2015 to warn of permanent hair loss. What's more, such arguments are barely distinguishable from preemption arguments that the Supreme Court recently held in *Albrecht* are reserved for a court, not the jury. Such arguments are thus irrelevant, misleading, confusing, and otherwise unduly prejudicial.

Thus, in light of such Supreme Court precedent and the CBE regulation, "which both reflects the manufacturer's ultimate responsibility for its label and provides a mechanism for adding safety information to the label prior to FDA approval," *Levine*, 555 U.S. at 1677, Sanofi should not be allowed to state or suggest that FDA would not have allowed the company to add or strengthen Taxotere's labeling to warn of permanent hair loss. Relatedly, Sanofi shouldn't be allowed to argue that it provided the FDA with everything but FDA took no action, because that misleads the jury into thinking the FDA is primarily responsible, that Sanofi presented all information it had on the drug to the FDA, or that Sanofi discharged its labeling obligations. Additionally, because Sanofi made the decision in September 2009 to only submit a Clinical Study Report, instead of a full technical document submission, any such argument would be patently false.[1]

---

[1] *See* Exh. A, Sanofi_03336652 (Linda Gustavson emails team to inform them that management has decided to "conserve team resources" and submit only the clinical study report, and not update the U.S.P.I. – the label in the United States.)

4

Likewise, Sanofi should not be permitted to argue that Plaintiff Earnest must propose an *adequate* warning (or that she has failed to do so). Plaintiff is under no obligation to propose text that should have appeared in the label in order to adequately warn of the drug's risks, but instead must only "address" how the label is *inadequate*. *See Proffitt v. Bristol-Myers Squibb Co.*, No. CV 1:17-04391, 2018 WL 3318893, at *5 (S.D.W. Va. July 5, 2018) (collecting cases). Under the LPLA, this requires that the claimant at a minimum to "mention [. . .] specific risks that were not disclosed." *Dendinger v. Covidien LP*, No. CV 18-4168, 2018 WL 4462579, at *2–3 (E.D. La. Sept. 18, 2018); *see also Jacobsen v. Wyeth, LLC*, No. CIV.A. 10-0823, 2012 WL 3575293, at *6 (E.D. La. Aug. 20, 2012) ("a plaintiff must prove the language of the warning was inadequate to reasonably inform the recipient about the nature of the danger involved") (citing Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 267 (5th Cir. 2002)). For Plaintiff Earnest, the risk of permanent hair loss was not disclosed *anywhere* on Taxotere's labeling.

### C. Sanofi should be precluded from arguing that the FDA would not allow changes to the Taxotere label in 2004 and 2010.

Plaintiff anticipates that Sanofi's witnesses may suggest that the FDA expressly disallowed Sanofi to change the product labeling in 2004 and 2010. Such suggestions are factually incorrect: the agency *never* informed Sanofi, pursuant to the FDA's congressionally delegated authority, that it disapproved of a label change to Taxotere to warn of permanent hair loss. What's more, in 2004 and 2010, Sanofi never changed the label through CBE. Given this record and the recent decision in *Albrecht*, the Court should preclude jury argument by Sanofi suggesting the FDA precluded a label change or somehow agreed with Sanofi that the labeling was adequate. Such arguments are not relevant for a jury, are misleading, confusing, and wasteful because it will require significant corrective evidence and instruction from the Court. What's more, such argument is unduly

5

prejudicial because it improperly shifts the focus to the FDA, when the central legal focus must remain on Sanofi's failure to warn.

Further, the back-and-forth between Sanofi and the FDA in regard to the 2004 and 2010 labeling, including any redline strike-throughs and edits, constitute inadmissible hearsay under Rule 801. In fact, redline strikethroughs in documents represent perhaps the *worst* form of inadmissible hearsay within hearsay. For example, Sanofi will undoubtedly attempt to argue that the fact that the language is struck through in the document is somehow indicative that the FDA was "speaking" and saying that they did not approve of the information in this section of the labeling; however, there is no foundation, and no applicable hearsay exception, for such a "statement" that Sanofi will undoubtedly attempt to have the jury glean from the strikethroughs.

Finally, even assuming this information would have any arguable probative value – *which is extremely unlikely* – any such value would be substantially outweighed by the dangers of unfair prejudice, and should be excluded under Rule 403. In the present instance with purported redline strikethroughs of a document, the probative value is significantly diminished by the inherent foundational flaws of this very evidence (*i.e.,* there being no evidence of who made the changes, when the changes were made, why the changes were made, at whose request or initiative were the changes made, and upon what information the proposed changes were made). *See*, *e.g.*, Pls' Statement of Material Facts in Dispute ISO Mem. in Opp. to Summary Judgment on Preemption, at 4-10 (Rec. doc. 7512, attachment 1 under seal).) Plaintiff has no opportunity to question or otherwise cross-examine the FDA about the documents, and Sanofi has no witness who can provide competent testimony to overcome the hearsay bar. Furthermore, nowhere in that redlined document do the words "permanent hair loss" appear. And finally, among the documents that Sanofi has failed or been unable to produce in discovery is the FDA contact documents relative to

6

the 2004 label negotiations, and the entire custodial files for the former employees that were allegedly parties to discussions with the FDA. Allowing such evidence in the absence of witness testimony to corroborate these points would thus be substantially and unfairly prejudicial to Plaintiff.

### D. Sanofi should be precluded from arguing or suggesting that the FDA's deletion of information in the 2010 label is representative of any specific intent, knowledge, or belief by the FDA regarding the adequacy of the label.

Plaintiff anticipates that Sanofi will attempt to argue to the jury that the FDA's action of deleting information from the 2010 label[2] is representative of the fact that the Taxotere label is adequate, and thus Sanofi cannot be held responsible for any allegations of failing to warn. However, there is no evidence as to *why* FDA made the deletion, and Sanofi's counsel and witnesses should not be allowed to divine the intent, beliefs, or knowledge of the FDA in this regard.

In November of 2009, Sanofi submitted a supplemental NDA for the pediatric use of Taxotere. As part of the labeling negotiations for pediatric use, the FDA requested significant "housekeeping" edits to the label beyond the pediatric use section. These changes included replacing the entire five-page Patient Information leaflet for Taxotere, which resulted in the deletion of the language "hair generally grows back."[3] FDA's requested changes to the Patient Information leaflet, which Sanofi internally described as "formatting" edits, were made across multiple labels, including Taxol and other drugs seeking approval at the time. Sanofi accepted

---

[2] While the 2010 label is the applicable label for Plaintiff Earnest, and as a result is discussed in further detail herein, any arguments or suggestions with regard to FDA's action of deleting information from the 2004 label, and any attempt by Sanofi to divine the intent, beliefs, or knowledge of the FDA in this regard, should be likewise excluded.

[3] One of the longest-tenured Sanofi employees who was deposed and worked on all long-term studies involving Taxotere, Jean-Philippe Aussel, testified that "once you have completed your treatments, hair generally grows back" was *not* a warning for permanent hair loss, because when that language went into the label in 1996 Sanofi was incapable of knowing the risk (due to the fact that no long-term studies had been completed at that time). *See* Exh. B, Dep of Jean-Philippe Aussel, 56:1-6, Oct. 11, 2018.

7

FDA's edits to the Patient Information leaflet, including the deletion of the language "hair generally grows back," but resisted other labeling edits requested by FDA. No evidence exists as to why the FDA decided to overhaul the Patient Information leaflet for multiple drugs.

Allowing Sanofi to offer such testimony that is based on nothing more than speculation, would substantially and unfairly prejudice Plaintiff, while misleading and confusing the jury. In fact, the law clearly precludes experts from offering opinions as to their perceptions and understanding of FDA's knowledge or intent. It is well-established that speculation about state of mind is not a proper subject of expert testimony. *See* Fed. R. Evid. 702; *Kruszka v. Novartis Pharm. Corp.*, 28 F.Supp.3d 920, 931 (D.Minn. 2014) ("[The experts] may not proffer an opinion relating to what individuals… with the FDA thought with respect to certain documents or about their motivations."); *Deutsch v. Novartis Pharm. Corp.*, 768 F.Supp.2d 420, 442 (E.D. N.Y. 2011) (testimony on "intent, motives, or states of mind of… regulatory agencies… have no basis in any relevant body of knowledge or expertise").

In light of the unfair prejudice that is likely to result to Plaintiff if such improper and incorrect arguments or suggestions regarding FDA approval are raised in the presence of the jury or potential jurors, an Order *in limine* excluding this type of evidence in the presence of the jury is both necessary and appropriate to avoid unfair prejudice, misleading the jury, confusing the issues, causing undue delay, and wasting time. Fed. R. Evid. 403.

### III. CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that Sanofi and all of its witnesses be precluded from making improper arguments or suggestions regarding FDA approval, including (1) that FDA review and approval equates to Taxotere being "safe and effective"; (2) that Sanofi cannot change the Taxotere label unilaterally

without permission of the FDA; (3) that the FDA would not allow changes to the label in 2004 and 2010; and (4) that the FDA's deletion of information in the 2010 label is representative of any specific intent, knowledge, or belief by the FDA regarding the adequacy of the Taxotere label.

Dated: July 16, 2019

Respectfully submitted,

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

9

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>  */s/ M. Palmer Lambert*
>  M. PALMER LAMBERT