UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND ARGUMENT THAT TAXOTERE HAS SAVED LIVES**
**(Motion *in Limine* No. 14)**

**I.　　INTRODUCTION**

　　Plaintiff respectfully moves *in limine* for an order precluding all testimony and argument that Taxotere has saved numerous cancer victims' lives, including Plaintiff's.  Such evidence is irrelevant, speculative and unduly prejudicial.  As such, it should be deemed inadmissible.

**II.　　ARGUMENT**

　　**A.　　Whether Taxotere is effective or beneficial is irrelevant.**

　　The focus of a failure to warn theory is on the manufacturer's knowledge of the risks posed by its product and whether the manufacturer adequately warned of the known risk.  The efficacy of the product "is not relevant to a failure to warn claim." *LaBarre v. Bristol-Myers Squibb Co.*, 544 F. App'x 120, 125 (3d Cir. 2013) ("[drug] efficacy is not relevant to a failure to warn claim."); *Solomon v. Bristol-Myers Squibb, Co.*, 916 F. Supp. 2d 556, 564 (D. N.J. 2013) (finding that evidence regarding efficacy is not relevant to the adequacy of warnings with respect to Plaintiff's health condition.); *Needham v. White Labs., Inc.*, 639 F.2d 394, 402 (7th Cir. 1981) (evidence of efficacy or inefficacy of drug is irrelevant because "the dispositive issue . . . is whether [defendant]

1

should be held liable for its failure to warn of the risk of cancer"). Accordingly, such evidence regarding the efficacy or benefits of Taxotere should be excluded under Fed. R. Evid. 401.

This necessarily includes references to Taxotere's alleged superior efficacy over Taxol—a claim that the FDA has prohibited Sanofi from making to the public, but that Plaintiff anticipates Sanofi will attempt to make at trial. *See, e.g,* Ex. A, FDA Ltr to Sanofi re Improper Comparative Claims to Taxol (Paclitaxel), April 16, 2009. At best, the FDA has permitted Sanofi only to claim that Taxotere is not less effective than Taxol. The same limitation should apply at trial, and Sanofi should not be permitted to promote its drug to a jury beyond that which it may to the public.

### B. The probative value of allowing such evidence is substantially outweighed by the danger of undue prejudice and jury confusion.

The fundamental issues in this case are not whether breast cancer is a scourge on society that needs to be cured or whether Taxotere is effective at doing so. Nonetheless, in the unlikely event that such evidence regarding Taxotere's efficacy or benefits is viewed as having probative value, that value would be substantially outweighed by the dangers of unfair prejudice, confusion, and delay. Opening the door to issues such as whether Taxotere is effective or beneficial would create a trial within a trial and divert the jury's attention from the real issue at hand: Sanofi's failure to warn. Thus, any such evidence should be excluded under Fed. R. Evid. 403.

### C. At a minimum, Sanofi should not be permitted to argue that Taxotere has saved numerous lives generally or saved Plaintiff's life specifically.

Plaintiff anticipates that Sanofi may attempt to argue or otherwise suggest to the jury during *voir dire* or trial that Taxotere has saved numerous people's lives—including Plaintiff's. The only conceivable purpose for such evidence would be to highlight the benefit of the drug to society, to the cancer patients who have taken it, or to Ms. Earnest, none of which is relevant in this primarily failure-to-warn case (as compared to a design defect case). Moreover, any reference to Taxotere's

"life-saving ability" (or, for example, that it is on the World Health Organization's list of essential medicines) would risk creating unfair prejudice and swaying the sympathies of the jury that would far outweigh any potential probative value in a failure-to-warn case, which under Louisiana's product liability law does not consider any potential benefit of the drug. Therefore, at a minimum, evidence regarding Taxotere's life-saving abilities, including whether Taxotere saved Plaintiff's life should be excluded. Furthermore, Sanofi can proffer no testimony that Taxotere saved Plaintiff's life. It was given to her only after Plaintiff had surgery to remove the cancer in conjunction with radiation and other chemotherapy agents. No expert can say to a reasonable degree of medical certainty that Taxotere caused Plaintiff to survive her early-stage breast cancer.

Alternatively, if this Court permits the introduction of evidence of Taxotere's life-saving abilities, Plaintiff should be permitted to present countervailing evidence of the harms brought about by the drug as well stemming from Sanofi's failure to warn of risks of which it knew. This would entail such evidence as the 10,000+ lawsuits pending in this MDL as a result of the undisclosed risks of permanent alopecia.

### III. CONCLUSION

For these reasons, Plaintiff respectfully requests that Sanofi and its witnesses be precluded from offering, or trying to offer, any comments, references, testimony, argument or evidence that Taxotere has saved numerous lives or Plaintiff's life. Alternatively, if Sanofi is permitted to introduce evidence regarding how Taxotere has saved lives as a treatment for breast cancer, Plaintiff should be permitted to offer evidence of the myriad pending lawsuits filed by those who have taken Taxotere.

Dated: July 16, 2019          Respectfully submitted,

*/s/ Darin L. Schanker*          */s/ Rand P. Nolen*
Darin L. Schanker          Rand P. Nolen
Bachus & Schanker, LLC          Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700          2800 Post Oak Blvd., Suite 4000
Denver, CO 80202          Houston, TX 77056
Phone: (303) 893-9800          Phone: (713) 621-7944
Fax: (303) 893-9900          Fax: (713) 621-9638
dschanker@coloradolaw.net          rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*          *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*          */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)          Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.          GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505          6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163          Los Angeles, California 90045
Phone: (504) 355-0086          Telephone: 510-350-9700
Fax: (504) 355-0089          Facsimile: 510-350-9701
ccoffin@pbclawfirm.com          kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*          *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*          */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)          Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN          BARRIOS, KINGSDORF & CASTEIX, LLP
DAVID MEUNIER & WARSHAUER, LLC          701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street          New Orleans, LA 70139
New Orleans, LA 70163-2800          Phone: 504-524-3300
Phone: 504-522-2304          Fax: 504-524-3313
Fax: 504-528-9973          barrios@bkc-law.com
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*          *Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT