UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING OTHER INDIVIDUALS' PERSONAL USE OF TAXOTERE AND PERSONAL EXPERIENCE WITH CANCER
(Motion *in Limine* No. 6)

**I. INTRODUCTION**

Plaintiff respectfully requests that this Court preclude counsel for Sanofi introducing any evidence, testimony, or argument relating to the personal use of Taxotere or other cancer drugs by Sanofi's employees, former employees, or their family members, or their personal experience with cancer.

**II. ARGUMENT**

Plaintiff anticipates that Sanofi may attempt to use its employee witnesses to introduce their personal experience with Taxotere and other drugs to suggest to the jury that Plaintiff's claim is unfounded and without merit, while boasting that Taxotere is safe. Not only does this type of information have no relevance to Mrs. Earnest's claims, but it is also extremely prejudicial. The only purpose this evidence serves is to potentially invite the jury to attach improper weight to the fact that a select few individuals took Taxotere and did not suffer permanent hair loss, thus calling Plaintiffs' injuries into question and unfairly suggesting that personal use by these few individuals somehow equates to product safety. Further, if Sanofi is allowed to introduce testimony by its

1

current or former employees regarding their personal use of Taxotere, or their families' personal use of Taxotere, this necessarily invites the jury to conclude that Taxotere is safe since Sanofi's own employees and/or family members took the drug. The Plaintiff wouldn't know if the witness knew everything that Sanofi knew about Taxotere. This would be misleading to the jury, unfair to Plaintiff, and evidence such as this has been routinely excluded. *See, e.g., Dedrick v. Merck & Co. (In re Vioxx)*, 2:05-md-01657, slip op., at ¶ 5 (E.D. La. Nov. 22, 2006) (excluding "any evidence, discussion, or argument that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market"); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., at ¶¶ 3(m), 7 (E.D. La. 2011) (finding that this evidence is generally not admissible since it is of no relevance); *In re Pelvic Mesh Litig.*, Mar. Term, 2014, CCP, Phila, No. 5384 (Mar. 17, 2017) (granting plaintiff's motion *in limine* to exclude testimony regarding specific personal experience of defendant employees or experts regarding use of transvaginal mesh); *In re Tylenol (Acetaminophen) Mktg.*, 2016 WL 3125428, at *4 (E.D. Pa. 2016) ("Testimony by employees of the defendants about whether they personally take Tylenol is of little relevance to this case. However, the prejudice that such testimony may cause substantially outweighs any probative value it may have"); *In re Yasmin & Yaz Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, 2011 WL 6740391, at *22 (S.D. Ill. Dec. 22, 2011) (excluding testimony by Bayer employees that they took Yaz because testimony was irrelevant and/or probative value would be substantially outweighed by the prejudice of hearing employees who were loyal to the company that offers them benefits, which plaintiff could not rebut with testimony of consumers who did not take product because of risks); *In re Fosamax Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 6631 (S.D. Ill. Jan. 15, 2013) (granting motion *in limine* precluding defendant from introducing evidence of its employees, or employees' families', exposure to

Fosamax); *McCarrell v. Hoffman-LaRoche, Inc. and Roche Labs., Inc.*, 2007 WL 6875810 (2007) ATL-L-1951-03-MT (N.J. Law Div. Apr. 17, 2007) (Higbee, J.) (excluding evidence that witnesses, experts, or Plaintiff's family/friends personally used Accutane because it would be "more prejudicial than probative"); *Humeston v. Merck & Co., Inc.*, No. ATL-L-2272-03, slip op. at 2-3 (Sup. Ct. N.J. 2005) (holding that evidence linking defendant's employees to Vioxx was more prejudicial than probative and must be excluded); *Doherty v. Merck & Co., Inc.*, No. ATL-L-638-05, slip op., at ¶¶ x, bb (N.J. Super. 2006) (same); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op. at ¶¶ x, bb (N.J. Super. 2006) (same).

For similar reasons, Sanofi should also be precluded from introducing evidence that Sanofi employees or their relatives took a different cancer drug and suffered permanent hair loss, suggesting that Taxotere is not the only cancer drug to cause permanent alopecia. Such evidence would be misleading to the jury as Sanofi has not established that other cancer drugs cause permanent alopecia to a reasonable degree of medical certainty, and the introduction of select individual cases would falsely suggest that it does. In this same regard, Plaintiff anticipates that Sanofi may attempt to discuss their personal experiences with cancer, including the experiences of family and loved ones with cancer, in order to distract the jury from the facts of Plaintiff's case, interjecting facts not at issue, and appealing to jurors on an emotional and improper basis. The introduction of such testimony and argument has no probative value and is substantially and unfairly prejudicial to Plaintiff.

If, however, the Court allows evidence of such personal use of Taxotere or other cancer drugs and related personal experiences with cancer, Plaintiff should be provided appropriate medical authorizations and records for these individuals, and should likewise be allowed to conduct thorough and complete discovery of these individuals' medical histories for purposes of

meaningful cross-examination at trial.[1] Otherwise, the jury would be left with only one side of the coin, since Plaintiffs would have no way to verify or test the veracity of this testimony or understand the medical context surrounding these other individuals' personal use of or experience with Taxotere or cancer.

## CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that Sanofi be precluded from introducing any evidence, testimony, or argument relating to Sanofi's current or former employees and their relatives personal use of Taxotere or other cancer drugs, or their personal experiences with cancer.

Dated: July 16, 2019

Respectfully submitted,

/s/ *Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

/s/ *Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ *Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

/s/ *Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

---

[1] Along those lines, Plaintiff would then also seek explore at trial all other reasons why the witness would be defending Taxotere, including amounts paid by Sanofi to the witness

4

| | |
|---|---|
| /s/M. Palmer Lambert | /s/Dawn M. Barrios |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN | BARRIOS, KINGSDORF & CASTEIX, LLP |
| DAVID MEUNIER & WARSHAUER, LLC | 701 Poydras Street, Suite 3650 |
| 2800 Energy Centre, 1100 Poydras Street | New Orleans, LA 70139 |
| New Orleans, LA 70163-2800 | Phone: 504-524-3300 |
| Phone: 504-522-2304 | Fax: 504-524-3313 |
| Fax: 504-528-9973 | barrios@bkc-law.com |
| plambert@gainsben.com | |
| | *Plaintiffs' Co-Liaison Counsel* |
| *Plaintiffs' Co-Liaison Counsel* | |

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

5

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT