## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                               MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                         SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

### DEFENDANTS' MOTION IN LIMINE NO. 22:
### MOTION TO PRECLUDE EVIDENCE OR ARGUMENT
### REFERRING TO SANOFI AS A "FRENCH" OR "FOREIGN" COMPANY

Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi") hereby file

this Motion in Limine seeking to preclude the introduction of evidence and argument at trial that

refers to Sanofi as a "French" or "foreign" company.[1]

Plaintiff should be precluded from presenting evidence or argument that refers to Sanofi as

a "French" or "foreign" company at trial because such references are irrelevant and intended solely

to prejudice the jury against Sanofi.  *See* Fed. R. Evid. 401-403.

A.      **Evidence that the Named U.S. Sanofi Defendants have Separate and Distinct
         French Counterparts is Irrelevant.**

The named defendants in this action – sanofi-aventis U.S. LLC and Sanofi U.S. Services

Inc. – are both incorporated in and legally reside within the United States.  The fact that they have

counterpart entities in France is irrelevant to Plaintiff's claims.  *See* Fed. R. Evid. 401.  As there is

no relevant factual reason to refer to Sanofi as a "French" or "foreign" pharmaceutical drug

manufacturer, the Court should exclude such evidence or argument at trial.  *See, e.g.*, *Steffy v.

Home Depot, Inc.*, 2009 WL 4279878, at *2 (M.D. Pa. June 15, 2009) (noting the court is "not

persuaded by the Plaintiff's arguments that the [product's foreign] origin is relevant to any issue

---

[1]    Defendants will be separately filing 27 additional motions in limine currently herewith.

remaining in this case"); *Saad v. Shimano America Corp.*, 2000 WL 1036253, at *25 (N.D. Ill. July 24, 2000) ("the Court cannot see any possible relevance or materiality in the fact that defendant . . . is a subsidiary of a Japanese corporation").

      **B.**    **References to a Sanofi's Foreign Entities Are Unfairly Prejudicial.**

      Plaintiff should be precluded from referencing Sanofi as a "French" or "foreign" company as a means to prejudice the jury against Sanofi.  *See* Fed. R. Civ. P 403.  Courts across the country have uniformly prohibited such evidence and argument at trial, including the Fifth Circuit, which has recognized that "[s]uch appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders."  *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985) (an "us-against-them plea can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation"); *see also United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1046 (7th Cir. 2013) ("a jury cannot consider a defendant's race, ethnicity, or national origin in reaching a verdict"); *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1009 (9th Cir. 2001) (new trial required because a party's "status as a Korean business was exploited" and "begged the jury to draw an inference adverse . . . based entirely on its ethnic identity or national origin"); *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794 (6th Cir. 1993) ("repeated references to a party's citizenship or nationality can be unduly prejudicial to that party"); *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) ("[P]laintiff's references in closing argument to defendant's foreign parent corporations were improper. . . . [S]uch repeated references to Far Eastern parent corporations and 'foreign goods' or 'foreign products,' could prejudicially appeal to xenophobia and the current United States-Japanese trade imbalance. Such remarks should not be permitted on retrial."); *Foster v. Crawford Shipping Co.*, 496 F.2d 788, 792 (3d Cir. 1974) (closing argument emphasizing defendant's "foreign ownership"

justified conclusion "that the refusal of the district court to grant a new trial was inconsistent with substantial justice").[2]   Accordingly, any evidence or argument referring to Sanofi as a "French" or "foreign" company should be excluded.

---

[2]   *See also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391, at *3 (S.D. Ill. Dec. 22, 2011) ("[P]laintiff is also precluded from referencing Bayer's headquarters in Germany as a means of trying to persuade the jury that the location of Bayer's headquarters is a reason to find against Bayer. . . . the Court will not allow the plaintiff to emphasize it in such a way that it is clear that the plaintiff is playing to a pro-American sentiment and an anti-foreign mentality."); *Whirlpool Corp. v. TST Water, LLC*, 2017 WL 2931403, at *1 (E.D. Tex. March 3, 2017) ("There will be no disparaging or denigrating of witnesses by nationality or of any individual by nationality. There will be no direct or indirect, overt or non-overt attempt to show that something is superior or inferior based on its place of origin."); *Nair v. Columbus State Community College*, 2008 WL 3822341, at *6 (S.D. Ohio Aug. 12, 2008) ("[a]ny argument to the jury or evidence based on xenophobic or nationalistic fears of individuals of different national origin would, of course, be unduly prejudicial and excludable"); *Dyson Technology Ltd. v. Maytag Corp.*, 2007 WL 6599027, at *2 (D. Del. May 25, 2007) (a party's "foreigner status" "has only marginal probative value, which is substantially outweighed by the prejudice"); *Sanford v. Ektelon/Prince Sports Group, Inc.*, No. 8:97CV368, 1999 WL 33544436, *3 (D. Neb. Nov. 5, 1999) ("references to foreign affiliation in this case would be prejudicial to the defendants and such references are not relevant to the issues in this case"); *LeBlanc v. American Honda Motor Co.*, 688 A.2d 556, 561 (N.H. 1997) ("remarks, calculated as they were to encourage the jury to make a decision based on bias rather than reason and the presented evidence, were so prejudicial as to require a new trial") (citation and quotation marks omitted); *Donelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1136 (W.D. Mich. 1996) ("nationalistic rhetoric . . . [was] calculated to play on the jury's passions and prejudices and should be excluded at trial").

Date:  July 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and
Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of

record who are CM/ECF participants.

*/s/ Douglas J. Moore*
Douglas J. Moore

4