UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)               MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Tonya Francis, Case No. 2:16-cv-17410.

DEFENDANTS' MOTION IN LIMINE NO. 24:
MOTION TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING
FOREIGN LABELING AND REGULATORY ACTIONS

      Sanofi anticipates Plaintiff will seek to introduce evidence of (1) foreign regulatory actions related to Taxotere, specifically actions by the European Medicines Agency, Health Canada, and the French Agency for the Safety of Health Products, and (2) the Taxotere labeling adopted by these and/or other foreign agencies to support her failure to warn claims.[1]  However, such evidence should be excluded because it is irrelevant to the claims at issue in the case, will lead to mini-trials on collateral issues, will serve to mislead and confuse the jury, and will unfairly prejudice Sanofi. *See* Fed. R. Evid. 401-403; *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2780760, at *6 (E.D. La. May 26, 2017) (excluding evidence of foreign product labels and foreign regulations pursuant to Rules 401 and 403).

      **A.**      **Foreign Labeling and Foreign Regulatory Actions Are Not Relevant.**

      Taxotere is approved to treat certain cancers in more than 100 countries worldwide.  In the United States, the Food and Drug Administration ("FDA") regulates the sale, marketing, and

---

[1]    For example, Plaintiff identified at least 98 documents on her exhibit list concerning foreign labeling and foreign regulatory actions.  *See also* Sanofi's forthcoming objections to Plaintiff's deposition designations.

1

labeling of pharmaceutical products like Taxotere.  Arrowsmith Rpt. at ¶ 12 (attached **Ex. A**). Other countries, including France and Canada, utilize their own regulatory authorities to apply their own "controlling standards of behavior" to determine whether medications should be made available for use, and if so, whether certain risk information should be communicated to physicians.[2]  *See Doe v. Hyland Therapeutics*, 807 F. Supp. 1117, 1129 (S.D.N.Y. 1992).  As the district court in *Hyland Therapeutics* noted, each jurisdiction's "controlling standards of behavior:"

> . . . reflect the unique balance struck between the benefit each market derives from the product's use and the risks associated with that use; between the community's particular need for the product and its desire to protect its citizens from what it deems unreasonable risk. . . . [E]ach community faces distinct demands, and has unique concerns that make it peculiarly suited to make this judgment.

807 F. Supp. at 1129.[3]  As a result, the actions taken by foreign regulatory authorities with respect to a particular drug—its intended uses, its approved dosages, the risk information communicated in its approved product labeling, etc.—have the inevitable potential to differ across jurisdictions.

For this reason, federal district courts in the United States—including the Eastern District of Louisiana—have repeatedly excluded evidence and argument regarding foreign product labels and foreign regulatory actions.  *See, e.g.*, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2017

---

[2] Health Canada regulates pharmaceutical products in Canada and the European Medicines Agency ("EMA") in conjunction with each member states' national regulatory authorities regulate pharmaceutical products for the European Union.

[3] *See also In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2009 WL 1636244, at *9 (E.D. La. Feb. 10, 2009) (Fallon, J.) (dismissing claims of foreign product-liability plaintiffs on forum non conveniens grounds because "trying the plaintiffs' claims in the United States would risk disrupting the judgments of foreign regulatory bodies by imposing an American jury's view of the appropriate standards of safety and labeling on companies marketing and selling drugs in the plaintiffs' respective home forums"); *Harrison v. Wyeth Labs.*, 510 F. Supp. 1, 4–5 (E.D. Pa. 1980) (dismissing claims of foreign product-liability plaintiffs on forum non conveniens grounds because "[e]ach country has its own legitimate concerns and its own unique needs which must be factored into its process of weighing the drug's merits, and which will tip the balance for it one way or the other"), *aff'd*, 676 F.2d 685 (3d Cir. 1982).

WL 2780760, at *6 ("What is not admissible, however, is what the Defendants did or what they put on Xarelto's label in other countries in order to comply with foreign regulatory bodies or agencies. This information is irrelevant."); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965 (D. Minn. 2009) ("The Court finds that any discussion of foreign regulatory actions is irrelevant to the current litigation and should therefore be excluded."); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 223140, at *6 (M.D. Fla. Jan. 30, 2009) ("The foreign Seroquel labels and the foreign regulatory actions have no relevance to [p]laintiffs' main case."), aff'd, 601 F. Supp. 2d 1313 (M.D. Fla. 2010).

The same result is warranted here.  Evidence of foreign Taxotere labeling and regulatory actions have no bearing on any claim at issue in Plaintiff's case.  Indeed, the relevant regulatory inquiry in this case should be limited to the FDA's oversight of Taxotere in the United States.  The Court should therefore preclude Plaintiff from introducing evidence or argument of any foreign Taxotere label or foreign regulatory actions involving Taxotere.  *See* Fed. R. Evid. 401-402.

> **B.    The Probative Value of Such Evidence, If Any, is Substantially Outweighed by the Risk of Unfair Prejudice, Jury Confusion, and Wasted Judicial Time.**

Even putting aside the relevance issue, evidence concerning foreign regulatory actions and labeling should be excluded pursuant to Rule 403.  Courts across the country recognize that such evidence unfairly prejudices defendants, confuses juries, and wastes time on collateral issues that would result in unnecessary mini-trials on foreign regulatory laws, regulations, and standards.  *See* Fed. R. Evid 403; *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, Nos. 14-2720, 15-3708, 2017 WL 4168410 at *3 ("The Court was concerned that the jury would be confused by references to foreign regulations and standards because the jury must decide the case based on standards in the United States. The Court has consistently excluded evidence related to foreign regulations under Rule 403."); *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 488 (S.D.N.Y. 2016)

("Because this litigation is based on U.S. law, and because evidence regarding the FDA will be admitted, the actions taken by foreign regulatory agencies are not particularly probative and likely will be confusing."); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 223140, at *6 (M.D. Fla. Jan. 30, 2009) ("[W]hatever minimal relevance the foreign regulatory actions might have is clearly overwhelmed by the likelihood of jury confusion."), aff'd, 601 F. Supp. 2d 1313 (M.D. Fla. 2010) ("Accepting for argument's sake that such evidence [concerning foreign regulatory actions] is relevant regarding notice and scienter, the fact remains that its probative value is greatly overmatched by the jury confusion, waste of time, and unfair prejudice that would result if the Court were to allow Plaintiffs to introduce this evidence during their main case."); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965–66 (D. Minn. 2009) ("[T]o the extent that foreign regulatory information is relevant, 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'"); *In re Baycol Prods. Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) ("allowing the admission of evidence of foreign regulatory actions, in a case that is governed by domestic law, would likely cause jury confusion").

To the extent regulatory topics are at issue in this case, the parties remain free to properly and accurately educate the jury on the FDA's rules, regulations, and standards—not those of other countries. Plaintiff should therefore be precluded from introducing evidence or argument at trial of any foreign Taxotere labeling or foreign regulatory actions involving Taxotere. *See* Fed. R. Evid. 403.

Date:  July 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Douglas J. Moore*
Douglas J. Moore

5