UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

**Barbara Earnest, Case No. 2:16-cv-17144.**

**DEFENDANTS' MOTION IN LIMINE NO. 26:
MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING
SHIRLEY LEDLIE AND ANY "TAXOTEARS" OR OTHER THIRD PARTY
ADVOCACY OR COMMUNICATIONS GROUP OR GROUP MEMBERS**

The Court should exclude all evidence and argument concerning Shirley Ledlie (a foreign breast cancer patient) and any "Taxotears" or other third party advocacy or communications group or group members[1] because (1) Plaintiffs have conceded it is irrelevant, (2) its admission would mislead the jury, waste time, and unfairly prejudice Sanofi, and (3) it constitutes classic hearsay.[2] *See* Fed. R. Evid. 401-403, 802.

    **A.    Evidence Involving Shirley Ledlie and/or any "Taxotears" or Other Third Party Group or Its Members is Irrelevant to Plaintiff's Claims.**

It is undisputed that evidence and argument related to Shirley Ledlie or any "Taxotears" or other advocacy group or its members is irrelevant to Plaintiff's claims. *See* Fed. R. Evid. 401. The

---

[1] Shirley Ledlie is a resident of France who has alleged that she experienced permanent hair loss following chemotherapy treatment with a Taxotere-containing regimen in France. Proceedings in France led to the dismissal her claim for indemnification from a French administrative agency to which Sanofi was not a litigant. Ms. Ledlie participated in the formation of several advocacy and communications groups relating to hair loss and Taxotere, including a "Taxotears" Google group, a "Taxotears" Facebook group, and an online blog titled "A Head of Our Time." Plaintiff Barbara Earnest has affirmatively testified that she has never been a member of any such group and there is no evidence that she has ever communicated with any member of any such group.

[2] Plaintiff identified at least 36 documents on her exhibit list concerning Shirley Ledlie and/or "Taxotears" communications groups. Plaintiffs also affirmatively designated deposition testimony from Sanofi company witnesses on topics subject to this motion.

1

Plaintiffs' Steering Committee ("PSC") has repeatedly taken this same position in submissions to this Court:

- "Ms. Ledlie can add no information that is relevant to any Trial Plaintiff."[3]

- " . . . Sanofi has failed to articulate how the documents and testimony sought from Ms. Ledlie would be relevant to the claims and defenses of the named Trial Plaintiffs. None of the Trial Plaintiffs have had any contact with Ms. Ledlie and none are or were members of the Taxotears Google Group."[4]

- "There is far more important work to be done for these trials than to 'get in the weeds' on such a wild goose chase abroad about what a woman living in France may have said or done."[5]

- "[T]he failure of Sanofi to specifically or clearly tie any relevance of whatever Ms. Ledlie did or said to . . . Ms. Earnest . . . should be fatal to its Motion [for discovery]."[6]

- "Ms. Ledlie's personal opinions about Sanofi are entirely irrelevant to . . . Ms. Earnest's . . . trial[]."[7]

- "[T]he trial Plaintiffs will remove Ms. Ledlie as a 'may call' witness. Thus Ms. Ledlie is neither a Plaintiff nor a witness for the Plaintiffs."[8]

- "Ledlie's testimony simply lacks relevance to the merits of the claims of thousands of women who have sued Sanofi for their injuries."[9]

Moreover, Magistrate Judge North issued similar rulings on recent discovery motions regarding Ms. Ledlie. *See* Order, Rec. Doc. 7276, MDL No. 2740 (May 30, 2019) ("[u]nder the circumstances and in light of its arguments that any discovery concerning Ms. Ledlie is improper, the PSC's request for additional documents concerning this foreign non-party's claim in another

---

[3] PSC Letter Brief (Oct. 11, 2018) (attached **Ex. A**).
[4] PSC Opposition Brief (Oct. 12, 2018) (Rec. Doc. 4598).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] PSC Letter Brief (May 29, 2019) (attached **Ex. B**).

2

country . . . is denied as falling outside the scope of discovery."); Hearing Trans., Doc. Rec. 7273, MDL No. 2740 (May 30, 2019) ("[u]ltimately, I don't think any of the information that's been requested, and I'll borrow again from the PSC's own arguments, can be described as having a direct and precise link with the trial plaintiffs' trials").  With respect to the admissibility of such evidence at trial in Ms. Earnest's case, Sanofi agrees.

The record in Plaintiff's case is clear that she has never been a member of any "Taxotears" or other advocacy group, and there is no evidence that she ever communicated with or even heard group members like Shirley Ledlie, Pamela Kirby, Deborah Cantwell, or others.  *See, e.g.*, Earnest Fourth Am. Pltf. Fact Sheet at § II.20 ("Are you now or have you ever been a member of an alopecia support group?  No.") (attached **Ex. C**); Earnest Dep. Tr. 94:16-97:9 (Dec. 21, 2017) (indicating that she uses Facebook only to exchange recipes and does not use any other social media; "I'm in the Stone Age still.") (attached **Ex. D**).

Accordingly, the Court should exclude all evidence and argument related to Shirley Ledlie and any "Taxotears" or other third party advocacy or communications groups or group members pursuant to Rule 401.

      **B.**      **The Probative Value of This Evidence, If Any, Is Substantially Outweighed By The Undue Prejudice To Sanofi and Potential To Waste Time.**

Even if such third party evidence were relevant, which it is not, it should still be excluded because its probative value is substantially outweighed by the risk of unfair prejudice to Sanofi. *See* Fed. R. Evid. 403.  For example, Plaintiffs may introduce this type of evidence or argument to argue that Sanofi "silenced Ms. Ledlie's voice" by removing her posts from a purportedly Sanofi-

affiliated Facebook page,[10] which would serve only to bias the jury against Sanofi and encourage a favorable verdict on an improper basis.

The introduction of such evidence at trial would also waste time and judicial resources on collateral issues. If permitted, Sanofi would be forced to rebut such evidence with evidence to explain Sanofi's conduct and put it in the proper context. The resulting "mini-trial" will confuse the issues and waste judicial resources. Accordingly, such evidence should be excluded. *See* Fed. R. Evid. 403.

      **C.**    **This Third Party Evidence Constitutes Classic Hearsay.**

This third party evidence should also be excluded as improper hearsay. *See* Fed. R. Evid. 802; *Miles v. Raycom Media, Inc.*, No. 1:09-cv-713-LG-RHW, 2010 U.S. Dist. LEXIS 122712, at *7–9, n.1 (S.D. Miss. Nov. 18, 2010) ("Because the facebook page and the comment to the article constitute unsworn statements made by third parties that are offered to prove the truth of the matter asserted, they constitute inadmissible hearsay that cannot be relied on by the Court."); *see also Greco v. Velvet Cactus*, LLC, No. 13-cv-3514, 2014 WL 2943598, at *6 (E.D. La. June 27, 2014) (holding that a Facebook message constitutes inadmissible hearsay and cannot be introduced for the truth of the matter asserted). The Court should therefore exclude such evidence and argument on this additional ground.

---

[10] The page in question is likewise irrelevant to Plaintiff's claims, as there is no evidence Plaintiff ever visited or knew of its existence.

Date:  July 16, 2019

Respectfully submitted,

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore