# EXHIBIT B



May 29, 2019

**VIA EMAIL SUBMISSION**

The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street  Room B419
New Orleans, Louisiana 70130

   Re: *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740

Dear Judge North:

  For about a year, the Plaintiffs' Steering Committee has told Sanofi that French law would not permit Sanofi to haul Shirley Ledlie, a French citizen who is *not* a party to this U.S. proceeding, into a foreign court to question her *without* limitation. And for about a year, Sanofi has insisted that the Hague Convention and French law would allow exactly that.

  What happened on June 28, 2019 is that Sanofi was outsmarted by Ledlie, a woman with no formal legal training who nonetheless successfully argued to the presiding French judge that Sanofi had no legal right to demand certain documents from Ledlie or to interrogate her on certain topics.

  Still, Sanofi had a fair opportunity to question Ledlie, and that should be the end of the matter. But in what can only be described as sour grapes, Sanofi now seeks sanctions not against Ledlie, but against the PSC.

  It speaks volumes that Sanofi cannot pursue Ledlie for obstruction or otherwise; French law would not support that because Ledlie did nothing wrong. In fact, Ledlie did everything right: She attended the deposition, she testified, she produced documents and she asserted her legal rights. The French judge even agreed with Ledlie that Sanofi's interrogation crossed the line and basically apologized to her for Sanofi's invasive questioning.

  It is equally clear that Sanofi has no basis to come after the PSC for costs or sanctions. The PSC bears zero responsibility for the fact that Sanofi's lawyers badly misjudged French law—or Ledlie—when Sanofi's deposition came up short. What's more, the PSC does not represent or control Ledlie—period. There is no legitimate basis, then, for Sanofi to seek sanctions against the PSC, essentially to reimburse Sanofi for the expense it incurred when questioning Ledlie.

  Ignoring the critical fact that the PSC does not represent or control Ledlie, Sanofi stitches together excerpts of a transcript from a single hearing from last year in order to argue that the PSC violated this Court's orders. Apparently, Sanofi believes that this Court ordered the PSC to force Ledlie to cooperate with Sanofi. But the Court ordered no such thing. Quite the opposite, the Court recognized that it has no authority to compel a woman in France who is not a party to this U.S. proceeding to do anything. All the Court could do—and all the Court did—was sign the request for letters rogatory; the rest was up to the French courts. And here the French judge set some limits on the deposition but otherwise allowed Sanofi to question Ledlie.

  That the deposition uncovered little in the way of new information is not a reason to punish the PSC. The PSC has no power to force Ledlie to do anything. It cannot force Ledlie to fly to the

www.ClassLawGroup.com
505 14th Street, Suite 1110, Oakland, CA 94612
T. 510 350 9700  F. 510 350 9701

United States to sit for a deposition. It cannot force Ledlie to waive her rights under French privacy law. It cannot force Ledlie to answer Sanofi's questions.

What's more, that the deposition uncovered little in the way of new information is not a surprise. Ledlie's testimony simply lacks relevance to the merits of the claims of thousands of women who have sued Sanofi for their injuries. Sanofi nevertheless insisted on pursuing discovery of a foreign individual who was removed from the Plaintiffs' witness lists. Now Sanofi must foot the bill for that disproportionate discovery.

**1. Sanofi's letter omits important facts and distorts the record.**

Sanofi's submission inappropriately distorts the record. As the PSC will explain:

- The Court did not order the PSC to request Ledlie produce the documents responsive to Sanofi's subpoena, nor did it order the PSC to submit an affidavit regarding interactions with Ledlie.

- Sanofi never narrowed its extremely broad document subpoena; Ledlie objected to the production under French laws, and the French Court sustained that objection.

- Pursuant to this Court's Order, Sanofi received over 4500 emails from Plaintiff Debbie Cantwell, including the Taxotears emails dating back to April 2010. So there was never any need to depose Ledlie, and doing so was disproportionate to the needs of this case.

Despite all this, Sanofi claims that the PSC "disobeyed" this Court's orders, which it believes required the PSC to force Ledlie to cooperate with Sanofi. Sanofi even accuses the PSC of "nudging [Ledlie] into non-compliance."

The PSC did nothing of the sort, and it is deeply irresponsible of Sanofi's counsel to insinuate otherwise—especially when Ledlie did comply by sitting for a deposition and producing documents.

Besides, Ledlie needs no nudging. She is an independent person with strong views about Sanofi. There is nothing the PSC could say or do that would change Ledlie's belief that Sanofi has injured thousands of women, or that would make her cooperate with this company. Sanofi's anger towards the PSC for Ledlie's independent actions, therefore, is entirely misdirected.

**2. The PSC has complied with this Court's orders.**

Sanofi relies on the June 28, 2019 transcript for its incorrect assertion that this Court ordered the PSC to request Ledlie produce documents to Sanofi and to provide a corresponding affidavit. First, Sanofi ignores the following language of the Court at the end of the June 28, 2018 hearing, the subsequent hearing on August 7, 2018 and the August 7, 2018 Order that followed, all of which show that the PSC did not disobey a Court Order:

> What I'm going to, based on the concerns you're raising now, is I'm not going to make that order yet. [6-28-19 Transcript, 34:23 – 35:12];

Date: May 29, 2019
Page: 3 of 4

> Nothing that I said or suggested or ruled requires the PSC to issue any affidavits about their communications with Ms. Ledlie, so I am not going to order them -- I am not going to order them to create or sign an affidavit concerning those communications. One of these days y'all are going to get to depose that lady, presumably, and you can ask her all of the questions that you want about that. [8-7-18 Transcript, 24:2-8.]
>
> Sanofi is not entitled to an affidavit from the PSC concerning its interactions with Shirley Ledlie. [8-7-18 Minute Order, para. 5.]

Additionally, when considering this issue, the Court suggested Sanofi narrow its broad document requests to Shirley Ledlie:

> THE COURT: I think you all need to sit down and talk about exactly what they are going to ask her for, Mr. Ratliff.
>
> MR. RATLIFF: Understood, Your Honor.
>
> THE COURT: Okay. Obviously with an eye toward narrowing a three page, or whatever it is, list of documents. I want them to be asking for a reasonable amount of information that is reasonably available to her. I want her to feel as though she is inclined to cooperate, and, hopefully, say, "Here's everything I have." [6-28-18 Transcript, 33:15-23.]

Before contacting Ledlie, the PSC reminded Sanofi about narrowing the request, which Sanofi declined to do. Instead, Sanofi included the broad requests to Ledlie in its Letters Rogatory. During her testimony taken in the French Court on April 12, 2019, Ledlie formally objected to the Sanofi's document requests under the French Data Protection Statute. [Exh. 1, Excerpts of 4-12-19 Ledlie testimony, pp 24-29.] The PSC had no conversations with Ledlie about her document production and had no idea she was going to make this objection. The French Court heard argument and eventually issued an Order sustaining Ledlie's objection, noting the breadth of Sanofi's requests. Sanofi has appealed the French Court's Order.

Sanofi's submission relies on the incorrect premise: "Had the PSC sought Ms. Ledlie's cooperation in good faith in 2018, discovery could have proceeded without all the additional costs." The PSC's document requests to Ledlie were extremely narrow, included emails related to Pam Kirby who is deceased, and were produced to Sanofi on August 6, 2018, in compliance with this Court's Order dated August 2, 2018. Now Sanofi, Ledlie and the French Court are addressing the disputes related to Sanofi's document requests, as this Court anticipated.[1]

---

[1] *See, e.g.,* the Court's language from the Oct. 16, 2018 hearing:

> "Any resistance to the deposition as far as I'm concerned is going to be denied and the matter will be left to Ms. Ledlie and her -- her lawyers, whoever else wants to take issue with whatever it is that Sanofi wants to depose her about or whatever documents that they want to get from her. [10-16-19 Transcript, 23:7-11.]

Date:  May 29, 2019
Page:  4 of 4

### 3. Sanofi Has Obtained Access to the Taxotears Emails from Plaintiff Debbie Cantwell

Before Ledlie testified in France, Sanofi insisted on urgent resolution of the dispute related to the production on Taxotears emails by Plaintiff Debbie Cantwell, including the emails in which Ms. Cantwell was not involved. On April 8, 2019, this Court overruled Ms. Cantwell's objection and ordered production of all Taxotears emails in the possession of Ms. Cantwell. As a result, Sanofi has received over 4500 parent emails, in native form and unredacted, from the Taxotears Support Group dating back to April 4, 2010. The earliest emails we (including Sanofi) have from Shirley Ledlie regarding the Taxotears support group are from December 2009 (discussing what the domain name should be for the website) and March 2010.

Sanofi has obtained virtually all, if not all, of the Taxotears support group emails, which it received through proper channels involving parties to this litigation – and the expense for production was borne by Ms. Cantwell. This is in addition to thousands of Taxotears emails produced by other Plaintiffs in this litigation, appropriately produced at their expense. The PSC also has incurred expenses related to Sanofi's discovery. The PSC should not be sanctioned for Sanofi's decision to seek overly broad discovery from a foreign, unrepresented person who is not a party to this U.S. proceeding.

Respectfully Submitted,

Karen Barth Menzies
On behalf of the Plaintiffs' Steering Committee

---

"From my perspective, from this Court's perspective, Ms. Ledlie's deposition will be taken. Her documents will be produced. If a court in another country has a different opinion, then so be it, but the ball will be in that court's court. Okay?" [10-16-19 Transcript, 23:25 – 24:4.]