UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

Barbara Earnest, Case No. 2:16-cv-17144.

DEFENDANTS' MOTION IN LIMINE NO. 27:
MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING COMPANY
CONDUCT THAT POST-DATES PLAINTIFF'S CHEMOTHERAPY TREATMENT

      Plaintiff Barbara Earnest underwent chemotherapy treatment with a Taxotere-containing regimen from June 21, 2011 through August 24, 2011.  Sanofi anticipates that Plaintiff will seek to offer evidence of Sanofi's conduct that post-dates such treatment, including but not limited to changes to the Taxotere label and warnings, correspondence with FDA regarding such labeling changes, pharmacovigilance monitoring of adverse events, and company analyses of clinical and adverse event data.  Sanofi moves to preclude Plaintiff from offering such evidence or argument because: (1) labeling changes that occurred after the date of Plaintiff's chemotherapy treatment constitute subsequent remedial measures pursuant to Rule 407; (2) all post-treatment evidence is irrelevant to the issue of notice and Plaintiff's failure to warn claim; and (3) such evidence will serve only to confuse the jury, unfairly prejudice Sanofi, and waste time.  *See* Fed. R. Evid. 401, 403, 407.

      **A.**      **Post-Treatment Label Changes Constitute Subsequent Remedial Measures That Are Inadmissible Under Rule 407**.

      Allowing Plaintiff to present evidence regarding changes to the Taxotere label that post-date the date of Plaintiff's chemotherapy treatment would directly contravene Rule of Evidence 407:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.

*See* Fed. R. Evid. 407. The "primary justification" for the rule is "the 'social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety.'" *Kirkland v. Marriot Int'l, Inc.*, 416 F. Supp. 2d 480, 489 (E.D. La. 2006) (quoting Fed. R. Evid. 407, Advisory Committee's Note). For this reason, federal courts across the country have routinely excluded evidence of post-treatment/exposure label changes. *See, e.g.*, *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 271 n.10 (5th Cir. 2002) (noting that product warning labels modified after the alleged injury are inadmissible under Rule 407 as subsequent remedial measures); *Guilbeau v. W.W. Henry Co.,* 85 F.3d 1149, 1171 (5th Cir. 1996) (affirming the trial court's exclusion of labels change evidence that post-dated plaintiff's exposure as a subsequent remedial measure); *Werner v. Upjohn Co., Inc.,* 628 F.2d 848, 859 (4th Cir. 1980) (affirming the exclusion of label change evidence pursuant to Rule 407); *DeLuryea v. Winthrop Labs.,* 697 F.2d 222, 229 (8th Cir. 1983) (Rule 407 requires exclusion of evidence of subsequent remedial changes in defendant's warning literature). The same result is warranted here.

Sanofi anticipates that Plaintiff will offer evidence of changes to the Taxotere labeling that took place after Plaintiff's chemotherapy treatment in 2011—specifically label changes in 2015 and 2018 adding (1) language that "cases of permanent alopecia have been reported," and (2) the "ongoing alopecia" data from the TAX316 study. *See, e.g.*, Kessler Rpt. at ¶¶ 194-95 (attached **Ex. A**). The only possible use for such evidence is to show that Sanofi should have changed the label earlier (before Plaintiff's treatment in 2011). Such evidence is plainly forbidden by Rule 407 and public policy that encourages manufacturers to improve their products. Accordingly, evidence

of label changes that post-date Plaintiff's 2011 chemotherapy treatment is inadmissible and should be precluded.

      **B.    Company Conduct Evidence That Post-Dates Plaintiff's 2011 Treatment Is Irrelevant To Notice And The Claims At Issue.**

All company conduct evidence that post-dates Plaintiff's 2011 chemotherapy treatment should be precluded as irrelevant. Fed. R. Evid. 401. The only company conduct evidence relevant to Plaintiff's failure to warn claim pertains to what Sanofi knew of the risks associated with the use of Taxotere *at the time of Plaintiff's treatment*. *See* La. Rev. Stat. § 9:2800.57 ("A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacture's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."). Indeed, the company's knowledge and actions following Plaintiff's treatment have no bearing on what was known or knowable at the time of treatment.

Moreover, the use of such post-treatment evidence to show that the company was a "bad actor" or acted with malicious intent is also irrelevant because punitive damages are not available to Plaintiff under Louisiana law. *See Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. 2007) (noting that the Louisiana Product Liability Act does not permit punitive damages) (citing, *inter alia*, *Cantu v. C.B. Fleet Holding Co.*, No. 2:06CV2168, 2007 WL 689566, at *2 (W.D. La. Mar. 1, 2007) ("Punitive damages are not recoverable under the LPLA."). Accordingly, Plaintiff should be precluded from offering company conduct evidence post-dating her 2011 treatment because it of no consequence to the merits of her claim.

### C. The Probative Value of Post-Treatment Evidence, If Any, Is Substantially Outweighed by the Risk of Confusing the Issues, Misleading the Jury, and Unfairly Prejudicing Sanofi.

Evidence of company conduct after Plaintiff's treatment should also be excluded because any probative value that Plaintiff may attach to this evidence is substantially outweighed by its potential for undue prejudice, confusion of the issues, misleading the jury, and undue delay. *See* Fed. R. Evid. 403; *See Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983) (concluding the district court's exclusion of evidence of subsequent remedial measures was proper as it "lacked sufficient probative value and injected the dangers of confusion and misleading the jury"); *see also Thibodeaux v. Wellmate*, No. 12-1375, 2016 WL 2983952, at *3 (E.D. La. May 23, 2016) (finding evidence of "warnings and procedures" implemented after the time of the incident were "not relevant," that such evidence "risk[ed] confusing the jury" and that "its limited probative value [was] substantially outweighed by dangers of prejudice, confusing the issues, and misleading or confusing the jury."). Indeed, such evidence threatens to confuse and mislead the jury by diverting its attention from whether the warning was adequate at the time of Plaintiff's chemotherapy treatment. *See id.*; *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 763, n. 4 (5th Cir. 1989) (affirming district court's exclusion of subsequent remedial measure evidence, explaining that even if Rule 407 did not apply, the evidence "would still have been properly excluded under Rule 403"). Moreover, the admission of such evidence would result in wasted trial time and undue delay on collateral issues that have no bearing on Plaintiff's claim. For these reasons, the Court should preclude Plaintiff from offering evidence related to post-treatment company conduct at trial. *See* Fed. R. Evid. 403.

Date:  July 16, 2019

        Respectfully submitted,

        */s/ Douglas J. Moore*
        Douglas J. Moore (Bar No. 27706)
        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        400 Poydras Street, Suite 2700
        New Orleans, LA  70130
        Telephone: 504-310-2100
        Facsimile:  504-310-2120
        dmoore@irwinllc.com

        Jon Strongman
        Harley Ratliff
        **SHOOK, HARDY & BACON L.L.P.**
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816-474-6550
        Facsimile:  816-421-5547
        jstrongman@shb.com
        hratliff@shb.com

        Hildy Sastre
        **SHOOK, HARDY & BACON L.L.P.**
        201 S. Biscayne Blvd., Suite 3200
        Miami, Florida 33131
        Telephone: 305-358-5171
        Facsimile:  305-358-7470
        hsastre@shb.com

        **Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

        */s/ Douglas J. Moore*
        Douglas J. Moore