UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

**Barbara Earnest, Case No. 2:16-cv-17144.**

DEFENDANTS' MOTION IN LIMINE NO. 28:
MOTION TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING FDA'S
JANUARY 2011 WARNING LETTER AND CORRESPONDING 483 INSPECTION

To the extent Plaintiff seeks to offer evidence regarding a January 2011 FDA Warning Letter issued to Sanofi regarding its pharmacovigilance processes,[1] such evidence should be excluded because (1) it is not relevant to any element of Plaintiff's claim, and (2) any probative value from these opinions is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 401–403.

**A.**      **Background.**

In April 2010, as part of a routine inspection of Sanofi's pharmacovigilance department, FDA identified specific deficiencies concerning Sanofi's pharmacovigilance processes and procedures. FDA's correspondence on this issue was not specific to Taxotere nor the risk of

---

[1] *See, e.g.*, Pltf. Ex. List Excerpts (exhibits 339, 344, 349, 382, 441); Pltf. Dep. Designations for Paul Chew at 56:24-57:3, 57:12-57:24, 58:2-58:22, 60:12-61:4, 61:23-63:5, 65:21-67:1, 69:12-70:3, 99:23-100:9, 103:18-105:23, 111:11-112:2, 115:20-116:2, 116:4-116:9, 117:22-120:2, 132:1-132:19, 140:16-140:19, 142:7-143:23, 146:21-148:6, 149:23-150:9, 153:7-154:11, 155:15-163:21, 174:5-182:2, 185:12-187:10, 229:7-232:12; Pltf. Dep. Designations for Arlette Duvelleroy at 251:23-256:1, 257:2-258:13, 258:20-260:2, 261:25-265:22, 269:3-269:7, 270:2-270:19, 271:13-274:16, 275:11-275:20; Pltf. Dep. Designations for Michael Kopreski (Apr. 3, 2019) at 343:14-344:9, 344:19-345:6, 345:17-346:6, 346:15-348:22.

permanent alopecia. The Warning Letter was to improve Sanofi's pharmacovigilance practices for *all* drugs, and never discussed Taxotere and permanent alopecia.[2]

### B. The FDA's January 2011 Warning Letter and Corresponding 483 Letter Are Not Relevant To Plaintiff's Claims and Their Use At Trial Would Serve Only To Mislead the Jury, Confuse the Issues, and Unfairly Prejudice Sanofi.

Alleged "bad acts" do not make any fact of consequence more or less likely and are thus irrelevant. *See* Fed. R. Evid. 401. All evidence pertaining to FDA's January 2011 Warning Letter, corresponding 483 inspection, and related documents and testimony have no bearing on the claims at issue in this case. *See* Fed. R. Evid. 401; *Allen v. Hylands Inc.*, No. cv-12-1150, 2015 WL 12720304, at *11 (C.D. Cal. Aug. 20, 2015), aff'd, No. 17-56184, 2019 WL 2142843 (9th Cir. May 15, 2019) (Granting Motion in Limine to exclude FDA inspections and Warning Letters as irrelevant because the FDA Warning Letters, correspondence, and inspection were not related to the claims in the case.). Such evidence is not specific to Taxotere, the risk of alopecia, or the adequacy of the Taxotere warnings regarding alopecia. *See* Ex. D, 2011 Warning Letter. Instead, such evidence serves only to improperly paint Sanofi as a "bad actor" and bias the jury against the company, resulting in unfair prejudice to Sanofi. *See* Fed. R. Evid. 403; *Pom Wonderful LLC v. Tropicana Prod., Inc.*, No. cv-09-00566, 2010 WL 11519185, at *4 (C.D. Cal. Nov. 1, 2010) (Granting Motion in Limine to exclude FDA Warning Letter because "FDA allegations have minimal relevance" and "are likely to cause Pom unfair prejudice."). This type of improper character evidence is also inadmissible under Fed. R. Evid. 404. Moreover, if such evidence were permitted at trial, a mini-trial would result as Sanofi would be forced to spend time rebutting and contextualizing Plaintiff's claims. *Moon v. Advanced Med. Optics, Inc.*, No. 4:08-cv-0021, 2010 WL 11509119, at *6 (N.D. Ga. Dec. 29, 2010) (The Court granted a Motion in Limine to exclude

---

[2] *See* January 28, 2011 Warning Letter, Plaintiff's Exhibit 339 (attached as Ex. A).

2

"evidence and argument concerning the FDA warning letters issued... The Court's concern with those letters is that Defendant will make the letters into a mini-trial of a minor side issue. The letters have only limited relevance, even for impeachment purposes.").

For these reasons, the Court should exclude all evidence related to FDA January 2011 Warning Letter.

Date:  July 16, 2019

        Respectfully submitted,

        */s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore