UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: "H" (5) |
| ) | |
| **This document relates to:** ) | |
| *Dorothy Kuykendall, 18-cv-11852* ) | |

# ORDER

Before the Court is correspondence from Plaintiff's counsel regarding this Court's dismissal order dated July 11, 2019 (Doc. 7600). Having considered the correspondence, the Court supplements its dismissal order to provide the following reasons supporting the dismissal of Plaintiff's case.

This Court held a show cause hearing on May 21, 2019. Plaintiff Dorothy Kuykendall was on the show cause list for this hearing for her failure to submit a Plaintiff Fact Sheet ("PFS"). Before Kuykendall's case came before the Court, the Court continued the remainder of the show cause hearing to a later date.

On May 26, 2019, Kuykendall filed her PFS. When the Court resumed the show cause hearing on May 29, 2019, her case came before the Court. The transcript reads as follows:

> THE COURT: Dorothy Kuykendall.
>
> MR. INSOGNA: Your Honor, this is a case where there has been no Plaintiff Fact Sheet submitted. One was submitted on May 26th, there are a significant number of blanks. I think this is similar to the Fears Nachawati circumstance, so --
>
> MR. ELLIOTT: No, no -- I'm sorry, your Honor, can I speak to that? I personally went in to look at these Plaintiff Fact Sheets. I have an example of what we're doing. We're

|||
|---|---|
| | not filing blank Plaintiff Fact Sheets. I don't want to be lumped in with the Fears Nachawati situation. |
| | I can give you an example. I will tell you we have difficulty from clients getting certain things like all of their health insurance information, identifying each pharmacy drugstore, you know. And what we do is we'll put something there that says discovery continues. |
| MS. BRILLEAUX: | This is yours. |
| MR. ELLIOTT: | So it's just -- you can see that we do go through these Plaintiff Fact Sheets. All of the basic identifying information is in there. All of the appropriate -- I mean, it's my belief that all of the appropriate boxes have been checked. These are not blank. They're substantially filled out, probably to the tune of at least 70 percent. You know, so I just -- I don't want to be lumped in to these other situations. |
| THE COURT: | Mr. Insogna, you said there's no health insurance information? What else? |
| MR. INSOGNA: | No, your Honor. The items that I've noted are the date of cancer diagnosis, the cancer markers that go to staging, the dates of chemotherapy treatment, the name of the prescribing oncologist, prior medication history, and a list of other medical providers. |
| THE COURT: | But do we have proof of use? |
| MR. INSOGNA: | Yes, your Honor, proof of use was submitted in this case. |
| THE COURT: | And proof of injury? |
| MR. INSOGNA: | Yes, I believe so, your Honor. |
| THE COURT: | All right. Then it's just some of the other information that you don't have? |
| MR. INSOGNA: | Correct, your Honor. Information that would normally be subject to a deficiency notice. It was just |

|               | that this was a Plaintiff Fact Sheet submitted after the last hearing and it's still blank in significant ways. |
|---------------|---|
| THE COURT:    | I am going give him 30 days to fill in those things. I think proof of use and proof of injury is more problematic, but I am going to give him 30 days to cure these other deficiencies. |
| MR. INSOGNA:  | Understood, your Honor. |

Plaintiff notes that "the only deficiency alleged" on May 29, 2019 was "no plaintiff fact sheet." Plaintiff argues that Defendants "vaguely noted deficiencies in Plaintiff Kuykendall's Plaintiff fact sheet." The record plainly contradicts these assertions. Defense counsel specifically highlighted certain missing information at the hearing, and the Court granted "30 days to fill in those things." Plaintiff's counsel was aware that even though Plaintiff uploaded a PFS, her PFS was partially blank. Plaintiff made no effort to comply with the Court's order. She uploaded nothing to MDL Centrality within the 30-day window.

On July 1, 2019, Defendants issued a deficiency notice on MDL Centrality. (This was unnecessary given that Plaintiff's 30-day extension had passed, and she had done nothing.) Still, the deficiency notice shows that Plaintiff's PFS was missing over 100 pieces of information, including readily ascertainable information like her place of birth, her current weight and height, and whether she has certain health conditions such as low iron. Her PFS was missing the date of her cancer diagnosis, the full dates of her chemotherapy treatment, and other basic information significant to her claims. Plaintiff's counsel claims that they were "blindsided" by the new

3

deficiencies alleged at the show cause hearing, but counsel should have anticipated as much given that the PFS they filed was partially blank.

On July 8, 2019, Plaintiff finally uploaded an amended PFS and medical records. After doing so, Plaintiff's counsel sent the above-referenced correspondence to the Court asserting vaguely that "Defendant has all the information they complained they were missing on May 29, 2019."

Plaintiff had notice of the specific deficiencies alleged by Defendants, and she had a 30-day opportunity to cure those deficiencies. She did not do so. Accordingly, this Court will not reconsider its dismissal order.

New Orleans, Louisiana, this 18th day of July, 2019.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE