UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO Barbara Earnest, Case No. 2:16-cv-17144 | |

PLAINTIFF'S STATEMENT IN OPPOSITION TO
DEFENDANT SANOFI'S NOTICE OF SUPPLEMENTAL AUTHORITY

MAY IT PLEASE THE COURT:

Defendant Sanofi has filed a nine-page sur-reply as "supplemental authority." Sanofi's new arguments and evidence are not only too little but also too late; they should be rejected as meritless and untimely.

*First*, Sanofi's opening brief asked for a *limited* preemption ruling: "No Plaintiff at any period in time after 2004 may claim that the Taxotere label should have included any information on permanent alopecia *other than* as in the label approved by FDA in 2015." (Defs' Mem. at 23 (emphasis added)). Plaintiff Earnest disagrees, but that disagreement must await another trial pick. Plaintiff Earnest was administered Taxotere in 2011 when the drug's label said nothing about permanent hair loss. She can seek to prove at trial—without any preemption objection from Sanofi—that the Taxotere label was inadequate under state law because it did not provide information in 2015 labeling. That proof includes Dr. Kessler's testimony that permanent hair loss qualified for inclusion in the Adverse Reactions section of Taxotere's label when Plaintiff Earnest was administered this drug. *E.g.*, Kessler Rep. ¶¶ 109, 126, 133, 139, 149, 154, 164-165, 196-200.

In its notice of supplemental authority, Sanofi writes: "Plaintiff Earnest offers no expert opinion on a warnings theory that is not preempted by FDA's official determinations to the contrary." (Defs' Not. of Supp. Authority at 9) (Doc. 7791). That statement misdescribes the limited preemption argument Sanofi has made—not to mention Dr. Kessler's testimony.

To simplify matters for the Court, Plaintiff Earnest represents that she will seek to prove at

1

trial that the Taxotere label was inadequate under state law in 2011 because it did not provide information in the 2015 labeling. Inasmuch as Sanofi's notice of supplemental authority predicts otherwise, it is wrong.

*Second*, Sanofi's notice of supplemental authority attempts to introduce entirely new evidence—six additional exhibits—in service of an entirely new preemption argument. According to Sanofi, informal communications between breast cancer patients (and their advocates) and the FDA suggest the agency would have rejected a hypothetical labeling change submitted by Sanofi via the changes-being-effected (CBE) process. *Contra Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1679 (2019) (reaffirming that hypothetical or potential conflict is insufficient to warrant preemption of state law); *id.* at 1682 (Thomas, J., concurring) ("hypothetical future rejections [do not] constitute pre-emptive" federal law). This argument pertains only to patients administered Taxotere with 2015 labeling and need not be considered in Plaintiff Earnest's case.

There are other compelling reasons to cast this argument aside. Courts regularly refuse to consider new arguments or evidence raised for the first time in a reply brief. *See Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745 (E.D. La. 2012). There is no good reason to accept Sanofi's inaptly named notice of supplemental authority, filed after its summary judgment reply and two days before the then-scheduled hearing date, when this evidence has long been in the company's possession and the company could have timely made such an argument.

Sanofi attempts to use the recent North Dakota state trial court decision as an on-ramp for this exceedingly tardy submission. That order, however, cannot excuse Sanofi's late filing. The court merely denied a motion for *reconsideration* because the "Complaint contains no new allegations of newly acquired information that could provide a basis" for a label change. *State of North Dakota Ex Rel. Wayne Stenehjem v. Purdue Pharma*, No. 8:18-cv-01300, Order Denying Plaintiff's Rule 60(b) Mot. for Relief from Judgment ¶ 17 (So. Cen. Jud. Dist. N.D. July 22, 2019). The order granting dismissal was issued on May 10, 2019.[1] Sanofi never cited that order or argued that

---

[1] *Available at* https://bit.ly/2YGbIlT.

informal correspondence between breast cancer patients and the FDA has preemptive effect.

And for good reason: There is no legal support for that theory. This includes the North Dakota action, where the court found preemption on the pleadings in part because the FDA had already rejected warning language proposed by a citizen petition—a formal process where an individual petitions the FDA to request that it "issue, amend, or revoke a regulation or order, or . . . take or refrain from taking any other form of administrative action." *See* 21 C.F.R. § 10.25(a)(2) (1989).

The preemptive effect of the FDA's denial of a citizen petition is not an issue here. *Compare In re Zofran Prods. Liab. Litig.*, 368 F. Supp. 3d 94 (D. Mass. 2019) (finding no preemption despite FDA's rejection of citizen petition), *vacated*, Doc. 1580 (July 16, 2019) (ordering further briefing after *Albrecht*).[2] In this case, *no* individual or organization has ever filed a citizen petition seeking to update Taxotere's label to warn of permanent hair loss, and consequently there is no formal FDA disapproval of such a request. The late submission of informal correspondence changes nothing: Sanofi has identified no formal agency disapproval of a permanent hair loss warning on Taxotere's label.

For these reasons, the Court should not consider Sanofi's new arguments or evidence, though Plaintiff Earnest has no issue with the Court reviewing the inapposite order from the North Dakota state trial court.

| | |
|---|---|
| Dated: August 5, 2019 | Respectfully submitted, |
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | Andre Mura ((CA Bar # 298541) (on the brief) |
| 1100 Poydras Street, Suite 2505 | GIBBS LAW GROUP LLP |
| New Orleans, Louisiana 70163 | 6701 Center Drive West, Suite 1400 |

---

[2] Sanofi fails to recognize that, before *Albrecht*, many courts had refused to premise preemption on the FDA's formal denial of a citizen petition in part because this is not clear evidence that the FDA would have rejected a warning proposed *by the drug manufacturer*, which is ultimately responsible for its label. *E.g.*, *Reckis v. Johnson & Johnson*, 471 Mass. 272, 289, *cert. denied*, 136 S. Ct. 896 (2015); *Mason v. Smithkline Beecham*, 596 F.3d 387, 394-96 (7th Cir. 2010); *Hunt v. McNeil Consumer Healthcare*, No. 11-147, 2014 U.S. Dist. LEXIS 39542, at *14 (E.D. La. 2014). Although *Albrecht* did not concern a citizen petition, *Albrecht*'s preemption test is consistent with those lower court rulings. *See* 139 S. Ct. at 1679 ("the drug manufacturer [must] show that *it* fully informed the FDA of the justifications for the warning required by state law" (emphasis added)).

Phone: (504) 355-0086  
Fax: (504) 355-0089  
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*  
M. Palmer Lambert (#33228)  
GAINSBURGH BENJAMIN DAVID  
MEUNIER & WARSHAUER, LLC  
2800 Energy Centre, 1100 Poydras Street  
New Orleans, LA 70163-2800  
Phone: 504-522-2304  
Fax: 504-528-9973  
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

Los Angeles, California 90045  
Telephone: 510-350-9700  
Facsimile: 510-350-9701  
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*  
Dawn M. Barrios (#2821)  
BARRIOS, KINGSDORF & CASTEIX, LLP  
701 Poydras Street, Suite 3650  
New Orleans, LA 70139  
Phone: 504-524-3300  
Fax: 504-524-3313  
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews  
Andrews Thornton Higgins Razmara, LLP  
2 Corporate Park, Suite 110  
Irvine, CA 92606  
Phone: (800) 664-1734  
aa@andrewsthornton.com

J. Kyle Bachus  
Bachus & Schanker, LLC  
1899 Wynkoop Street, Suite 700  
Denver, CO 80202  
Phone: (303) 893-9800  
Fax: (303) 893-9900  
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III  
Martzell, Bickford & Centola  
338 Lafayette Street  
New Orleans, LA 70130  
Phone: (504) 581-9065  
Fax: (504) 581-7635  
lcentola@mbfirm.com

Daniel P. Markoff  
Atkins & Markoff Law Firm  
9211 Lake Hefner Parkway, Suite 104  
Oklahoma City, OK 73120  
Phone: (405) 607-8757  
Fax: (405) 607-8749  
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan  
Stueve Siegel Hanson LLP  
460 Nichols Road, Suite 200  
Kansas City, MO 64112  
Phone: (816) 714-7100  
Fax: (816) 714-7101  
mcclellan@stuevesiegel.com

Karen Barth Menzies  
Gibbs Law Group LLP  
6701 Center Drive West, Suite 1400  
Los Angeles, California 90045  
Phone: 510-350-9700  
Fax: 510-350-9701  
kbm@classlawgroup.com

4

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                  */s/ M. Palmer Lambert*
                  M. PALMER LAMBERT