**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**Barbara Earnest, Case No. 2:16-cv-17144**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 28: MOTION TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING FDA'S JANUARY 2011 WARNING LETTER AND CORRESPONDING 483 INSPECTION**

---

Defendants' attempt to exclude the 2011 FDA Warning Letter and corresponding inspection by FDA is yet another attempt by Sanofi to exclude evidence that it does not like. Following a month-long FDA inspection that focused specifically on Defendants' compliance with Post-marketing Adverse Drug Experience ("PADE") reporting requirements, FDA issued a Warning Letter in 2011 that documented serious non-compliances, including that Defendants failed to submit "serious and unexpected adverse drug experience (ADE) reports" within the required timeframe and failed to "include all post-marketing studies in the Annual Report" to the agency. (*See* Def. Mot. Ex. A., Rec. Doc. 7673-2.) FDA's inspection and the corresponding 2011 Warning Letter are relevant as they directly implicate the reliability of Sanofi's overall process for adverse event reporting and are not limited to the drugs identified in the report, and occurred prior to Plaintiff being treated with Taxotere. Furthermore, in Motions in *Limine* Nos. 5, 14, 26, presently before the Court, Sanofi attempts to discredit the value and reliability of adverse event reports—but FDA's 2011 Warning Letter counters this argument, demonstrating that FDA takes seriously adverse event reporting and the function it serves in providing notice to drug companies

about harmful side-effects. Moreover, this evidence counters claims made by Sanofi's own experts that Sanofi complied with pharmacovigilance processes and that the risk of permanent alopecia is unsupported by adverse event report. As such, Sanofi's Motion should be denied.

## ARGUMENT

### I. The January 28, 2011 FDA Warning Letter Is Relevant In Addressing Defendants' Failure To Comply With Post-marketing Adverse Drug Reporting Requirements.

A movant *in limine* has the burden of establishing that the evidence sought to be excluded on relevancy grounds is not relevant to *any* issue in the case. *See Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 599 (E.D. La. 1993). Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *see also State v. McGinnis*, 2005 WL 2464632 *12 (La. App. 5 Cir. 2005) (quoting LSA-C.E. art. 401). Contrary to Defendants' argument, the January 28, 2011 FDA Warning Letter is highly relevant to the issues in this present litigation. The content of the very document Sanofi is attempting to exclude relates directly to the issue of whether the company failed to warn Plaintiff of the risks associated with the use of Taxotere—particularly, the risk of developing permanent alopecia.

At trial, Defendants may attempt to refute Plaintiff's claims that the company misrepresented its Taxotere safety profile and minimized significant risks associated with the drug. To support this argument, Defendants have continuously relied on the underlying data from their TAX 316 study. Yet evidence suggests that Defendants did not follow proper reporting procedures for their post-marketing studies. As reported in the FDA's Warning Letter, Defendants failed to comply with mandated regulations. Not only did the company fail to submit timely reports for serious and unexpected adverse events, but it failed to include all post-marketing studies in their

Annual Report to the FDA. As a result of Defendants' improper conduct, significant trial data from post-marketing studies went unreported.

Defendants argue that the FDA Warning Letter should be excluded because it cannot be read to concern Taxotere or permanent alopecia. That is not accurate. The FDA explicitly states in its letter that it is not identifying all issues and violations. (*See* Def. Mot. Ex. A, Rec. Doc. 7673-2 ("The issues and violations cited in this letter are not intended to be an all-inclusive statement of violations that exist at your facility. It is your responsibility to ensure compliance with all requirements of federal law and FDA regulations.")) Separate and apart from the letter, Defendants have admitted that follow-up data from their TAX 316 study—which would have included the rate of persisting alopecia—was never submitted to the FDA in 2011. (*See* Ex. A, Sanofi_00837661 at 1-2.) As such, the FDA Warning Letter demonstrates Defendants' a pattern and practice of non-compliance with regulations concerning the disclosure of risk information. *See Spinden v. Johnson & Johnson*, 177 N.J. Super 605, 609 (App. Div.), *cert. denied*, 87 N.J. 376 (1981); *In re Able Labs Secs. Litig.*, 2008 WL1967509, at *15 n.20 (D.N.J. Mar. 24, 2008) ("[The] specific violations noted in th[e] [FDA's] letter are serious and . . . symptomatic of serious underlying problems."); *see also Figueroa v. Boston Scientific Corp.*, 2003 WL21488012 (S.D.N.Y. June 27, 2003).

Underscoring the relevance of this Warning Letter, two of Defendants' regulatory experts, Janet Arrowsmith, M.D. and Justin Victoria, have opined that Sanofi acted appropriately in managing, gathering and communicating important safety information about Taxotere. Critically, however, neither witness was provided with a copy of the 2011 Warning Letter *before* forming this opinion.  (*See* Ex. B, Victoria Dep. 21:10-22:03; 98:24-100:5; *see also*, Ex. C, Materials Reviewed by Janet Arrowsmith, M.D., Ex. D, Materials Reviewed by Justin Victoria.)  In fact, Defendants did not share the existence of the 2011 Warning Letter until three days prior to Mr.

Victoria's deposition. (Ex. B, Victoria Dep. 101:19-102:2.) After learning of the FDA's statements to Sanofi in the 2011 Warning Letter that the agency identified significant deficiencies in the department's processes and procedures, including that Sanofi failed to submit "serious and unexpected adverse drug experience (ADE) reports" within the required timeframe and failed to "include all post marketing studies in the Annual Report," Mr. Victoria maintains that Sanofi acted "reasonably, appropriately, and urgently in managing, gathering and conveying data" relevant to Taxotere. (*Id.* at 102:3-10 and 112:4-10.) Sanofi's decision not to share the 2011 FDA Warning Letter with its expert until *after* his report was issued is clearly appropriate for cross examination.

Based of the foregoing, the January 28, 2011 FDA Warning Letter *is* relevant to Plaintiff's claims and Sanofi's defenses. Further, the agency's letter is admissible for cross-examination of Sanofi's regulatory expert witnesses, and as impeachment evidence to rebut Defendants' claims that the risk of permanent alopecia was unsupported by the underlying data of their post-marketing studies.

## II. Admission of the January 28, 2011 FDA Warning Letter Is Not Unduly Prejudicial Against Defendants.

Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see* Advisory Committee's Notes on Fed. Rule Evid. 403 ("'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As the Fifth Circuit has made clear, "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (further cautioning that exclusion of evidence under Rule 403 "should occur only sparingly"); *Dollar v. Long Mfg., N.C.*,

*Inc.*, 561 F.2d 613, 618 (5th Cir. 1977); *see also Hinojosa v. Butler*, 547 F.3d 285, 295 (5th Cir. 2008).

Defendants have identified no credible arguments regarding unfair prejudice with respect to the January 28, 2011 FDA Warning Letter. As the letter plainly demonstrates, Defendants were in violation of several post-marketing requirements. Such violations indicate significant structural and organizational problems which broadly implicate the quality and reliability of Defendants' pharmacovigilance practices for each of their marketed drugs—including Taxotere®. Thus, given the extremely high probative value of the evidence, there is no risk of unfair prejudice with the admission of the FDA Warning Letter.

## III. Conclusion

Sanofi Defendants failed to demonstrate that the January 28, 2011 FDA Warning Letter is inadmissible for any purpose. Therefore, Plaintiff respectfully requests that the Court deny in its entirety Defendant's Motion *in Limine* No. 28.

Dated: August 6, 2019

Respectfully submitted,

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS