UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Barbara Earnest, Case No. 2:16-cv-17144.

SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1
TO PRECLUDE EVIDENCE REGARDING SANOFI'S
CORPORATE CHARACTER AND GOOD ACTS

Plaintiff's Motion to exclude evidence related to Sanofi's corporate character and "good acts" should be denied as vague, overbroad, and premature. Indeed, a blanket exclusion of all evidence that Plaintiff deems to fall within the scope of this undefined motion, absent necessary context, is premature and would result in unfair prejudice to Sanofi. Similarly, Plaintiff's proposed alternate relief is improper because Plaintiff seeks to introduce irrelevant, highly-prejudicial accusations that would to mislead the jury and cause delays in an already lengthy trial. For these reasons, Plaintiff's Motion should be denied.[1]

    **A.    The Court Should Deny Plaintiff's Motion Because It Is Overly Broad, Vague, and Premature.**

Plaintiff seeks to exclude evidence about "Sanofi's corporate character, reputation, good acts, charitable contributions, or the societal good performed by their manufacture of

---

[1] Sanofi acknowledges that this issue has come before the Court in prior litigation. However, both orders that Plaintiff cites in support of this proposition are to slip opinions not available through standard online databases (Westlaw, LexisNexus or PACER) and not attached as exhibits to her memo. *See* Plf's MIL Memo No. 1 (Rec. Doc. 7643-1) at 1 (citing *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., ¶3k (E.D. La. Nov. 18, 2011). Plaintiff's counsel has failed to provide these orders despite a direct request from Sanofi on August 1, 2019, and Sanofi has only been able to locate the *Xarelto* opinion, attached hereto as **Ex. A**. Accordingly, the Court should disregard these cases and deny Plaintiff's Motion based on the facts of this case and the arguments set forth below.

pharmaceuticals." Rec. Doc. 7643-1, at 1. However, Plaintiff has failed to identify and/or define the specific character evidence she seeks to exclude. Absent such specificity, and without the full context for which such evidence may be offered at trial, the Court should deny Plaintiff's Motion as overbroad, vague, and premature.[2] *See, e.g.*, *Snider v. N.H. Ins. Co.*, No. 14-cv-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (denying motions *in limine* that did not identify specific evidence as "overly broad and vague"); *In re OMI Envtl. Sols.*, Nos. 12-cv-2298, 12-cv-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial" and, therefore, "raises no concrete evidentiary disputes for the Court to decide."); *Sellers v. Canada Life Assur. Co.*, No. 00-cv-1388, 2002 WL 58542, at *1 (E.D. La. Jan. 11, 2002) (denying motion *in limine* that "does not provide enough detail about specific items [defendant] believes should be excluded"). The Court can address such evidence in context—if Sanofi offers any—at trial.

    **B.**     **Plaintiff's Motion Should Be Denied Because Such Evidence May Be Proper Rebuttal Evidence Or Necessary For Purposes of *Voir Dire*.**

Plaintiff's Motion should also be denied because such evidence may be essential for Sanofi to establish its defense or rebut evidence presented by Plaintiff. More specifically, Plaintiff may argue that Sanofi and its employees prioritized profits and concealed safety information from patients and doctors. Such allegations are attacks on Sanofi and its employees and if Plaintiff pursues these narratives at trial, Sanofi must be allowed to defend itself with necessary, relevant evidence and testimony.

Moreover, although Sanofi does not intend to introduce evidence about its other products and medications, the company may need to inquire during *voir dire* about whether potential jurors

---

[2]     To the extent Plaintiff argues that Sanofi should be precluded from offering evidence that Taxotere "saves lives," this too presents a reason for Plaintiff's Motion to be denied. *See* Sanofi Opp. to Pl. Motion in Limine No. 14, filed concurrently herewith.

have been treated with Sanofi medicines. If potential jurors have experience with Sanofi medications (positive or negative), the company may need to explore further to determine whether these experiences would influence the juror's view of this case.

> **C. Plaintiff's Motion Should Be Denied To The Extent Plaintiff Proposes To Present Evidence Of Irrelevant And Largely Decade-Old Alleged "Bad Acts" of Sanofi.**

Regardless of whether evidence of Sanofi's "good" acts is admissible at trial, the Court should deny Plaintiff's proposed alternative relief—that if Sanofi is permitted to submit character evidence, Plaintiff should be permitted to submit evidence of Sanofi's alleged "bad acts." *See* Rec. Doc. 7643-1, at 4 (referencing conduct wholly unrelated to Taxotere, many of which post-date the date of Plaintiff's treatment). Such "bad acts" evidence—consisting entirely of alleged conduct that has no connection to Taxotere—should be excluded at trial under any circumstances. This includes, but may not be limited to, evidence regarding other Sanofi medications, pricing, government investigations and/or settlements, or Sanofi employment decisions having no bearing on this case and that should be excluded from trial.[3] *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Moreover, any marginal probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Fed. R. Evid. 403. Rule 403 requires exclusion of evidence and argument about Sanofi's corporate history because any possible probative value—*and there is none*—of the alleged conduct would be drastically outweighed by the unfair prejudice to the company. This

---

[3] *See* Sanofi Motions in Limine Nos. 3 (Motion to preclude evidence or argument concerning other lawsuits, claims, or investigations against defendants and/or other Sanofi entities) (Rec. Doc. 7720-1, at 6); 8 (Motion to preclude evidence or argument concerning the cost of Taxotere and prescription drug pricing generally) (Rec. Doc. 7720-1, at 23); 9 (Motion to preclude evidence or argument concerning defendants' corporate finances and employment decisions) (Rec. Doc. 7720-1, at 25); 12 (Motion to preclude evidence or argument concerning defendants' corporate integrity agreements, government investigations or settlements, or any other alleged "bad acts" unrelated to Taxotere) (Rec. Doc. 7720-1, at 34) (all filed July 16, 2019).

highly prejudicial evidence would invite the jury to decide this case on an improper, emotional basis, rather than on the merits of Plaintiff's claim. *United States v. Cook*, 557 F.2d 1149, 1153 (5th Cir. 1977) (citing Fed. R. Evid. 403 advisory committee's notes).

Furthermore, allowing evidence of Sanofi's alleged "bad acts" would result in undue delay because Sanofi would be compelled to defend itself against Plaintiff's extraneous and purposefully inflammatory accusations, thereby resulting in a needless mini-trial on collateral issues. *See* Fed. R. Evid. 403; *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403") (internal quotation and citation omitted). Accordingly, this Court should deny Plaintiff's motion and preclude Plaintiff from introducing evidence of Sanofi's "bad acts" at trial.

### D.    Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Motion *In Limine* to Preclude Evidence Regarding Sanofi's Corporate Character and Good Acts (Plaintiff's Motion *In Limine* No. 1, Rec. Doc. 7643-1).

Date: August 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore