UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
Barbara Earnest, Case No. 2:16-cv-17144.

SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3
TO PRECLUDE TESTIMONY AND ARGUMENT THAT PLAINTIFF'S EXPERTS
HAVE NOT PUBLICIZED / PUBLISHED OR SUBMITTED THEIR OPINIONS
TO THE FDA OR ANY OTHER ORGANIZATION

There is no dispute in this litigation—nor any question under Fifth Circuit law—that whether an expert's opinions have been subjected to peer review or publication is probative of reliability and relevant to the claims asserted. *See, e.g.*, *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 119 F. Supp. 3d 556, 564 (E.D. La. 2015). Plaintiff has cited peer review and publication not only as relevant to reliability, but as dispositive of the admissibility of proffered evidence. *See, e.g.*, Pl's Motion to Exclude Kopresky Analysis (Rec. Doc. 6160-1) at 19. Further, Plaintiff has acknowledged a hierarchy of scientific evidence in which peer reviewed and published findings are more reliable than opinions not subject to these checks. *See, e.g.*, Pl's Opp. on General Causation (Rec. Doc. 7513) at 27.

But now, through her Motion *in Limine* No. 3 (Rec. Doc. 7644), Plaintiff duplicitously seeks to exclude all testimony and argument that her experts' opinions have not been subjected to publication or peer review. Such testimony and argument is relevant and admissible, and is not unduly prejudicial. In fact, excluding such evidence would be unduly prejudicial, as it would deprive the jury of important information in assessing the reliability of experts' methods and opinions. Finally, though Plaintiff suggests in passing that publication would be impossible due

to the confidentiality provisions of PTO 50, the majority of Plaintiff's experts did not cite or rely on any confidential company data in their reports. PTO 50 poses no obstacle to reporting information to the FDA, to whom Sanofi has already submitted all data relied on by Plaintiff's experts. In short, Plaintiff's arguments regarding PTO 50 are a red herring, and her Motion *in Limine* No. 3 should be denied.

### A. Peer Review and Publication are Relevant to the Reliability of an Expert's Opinion.

Whether an expert's opinion has been subject to peer review or publication is highly relevant to the reliability of that opinion. *See, e.g.*, *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 198 (5th Cir. 1996) (excluding testimony where experts "all declined to say that they would subject their findings to the test of peer review for publication"); *Vedros*, 119 F. Supp. 3d at 564 (excluding Plaintiff's proffered expert testimony because, among other things, expert's theory had not been "published in peer reviewed works"); *In re Propulsid Prod. Liab. Litig.*, 261 F. Supp. 2d 603, 617 (E.D. La. 2003) (excluding experts' testimony where "their theories have not been tested or subjected to peer review and publication."). In fact, under *Daubert*, peer review and publication bear on the admissibility of expert opinions. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593, 113 S. Ct. 2786, 2797, 125 L. Ed. 2d 469 (1993) (though publication is not a prerequisite for admissibility, peer review and publication are a "pertinent consideration," and "submission to the scrutiny of the scientific community is a component of 'good science,' in part because it increases the likelihood that substantive flaws in methodology will be detected."). *A fortiori*, where unpublished opinions are nonetheless found admissible under *Daubert*'s multi-factor analysis, lack of publication goes to weight and is appropriate subject matter for cross examination.

Tellingly, with respect to Dr. Kopreski, Plaintiff vigorously argues that lack of publication and peer review is so probative of reliability as to render his analysis inadmissible. *See* Rec. Doc.

6160-1 at 19 ("Kopreski's methods were not overseen, tested, reviewed, published, or accepted by anyone by anyone [*sic*] in the scientific community," "reported by Sanofi to the FDA," or used "in any way[] outside this litigation," and therefore lack "baseline reliability"). Yet regarding her own experts, Plaintiff suggests that publication and peer review, submission to FDA, or use outside litigation have no relevance whatsoever. *See* Plf's MIL Memo No. 3 (Rec. Doc. 7644-1) at 2 ("such evidence is clearly irrelevant as it is wholly unrelated and has no bearing on any fact of consequence in determining this case"). Plaintiff cannot have it both ways: either evidence of publication, peer review, FDA reporting, and use outside litigation is relevant to the reliability of scientific methodology, or it is not. Though not dispositive of admissibility, as Plaintiff suggests (only concerning Dr. Kopreski), such evidence is relevant to reliability and admissible. The Court should decline Plaintiff's request to limit the jury's access to this relevant testimony and argument.

### B. Evidence of Publication Is Not Unduly Prejudicial

Plaintiff suggests that even if relevant, evidence of peer review or publication should be excluded as unfairly prejudicial, confusing, or misleading to the jury. *See* Motion (Rec. Doc. 7644-1) at 2. Plaintiff states that relevant evidence may be unfairly prejudicial if it tends to "suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* Yet Plaintiff offers no reason to suspect that the issues of peer review, publication or FDA reporting will enflame jurors' emotions or invite improper decision-making. Further, far from confusing issues or misleading jurors, such testimony or argument will accurately inform jurors regarding one agreed-on indication of reliability, among many which both sides are likely to put forward.

Judge Fallon's decision on this issue in the *Xarelto* litigation offers little guidance here. Judge Fallon emphasized that the decision and evidence there in dispute were unique to the facts of that litigation, including certain questioning in a prior bellwether trial which the Court suggested

3

was inappropriate, and that most of the opinions at issue incorporated confidential information. *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2780760, at *4 (E.D. La. May 26, 2017) ("for the most part, [the *Xarelto* Plaintiffs' experts] are neither obligated nor allowed to publish any opinions or tell the Government they are incorrect before the trial or ever."). The Court's ruling cited no precedent except its own experience at the previous similar trial, and has never been cited as precedent to exclude questioning on publication. *Id.*

Unlike in *Xarelto*, here it is not true that "for the most part," Plaintiff's experts' opinions are subject to a protective order or government restrictions. In this case, only a minority of such opinions cite confidential company documents, and Plaintiff has not identified any obstacle to submitting the opinions to the FDA. Also unlike in *Xarelto*, here Plaintiff has urged that evidence of publication and FDA submission are relevant and probative of reliability. If Dr. Kopreski's analysis is admitted at trial, there is little doubt that Plaintiff will argue that evidence of publication and FDA submission are relevant to reliability and admissible—in plain contrast to their position in this motion.[1] Moreover, there has been no previous trial in MDL 2740, different counsel are involved here, and there is no reason to preemptively suspect that questioning on publication will stray beyond what is plainly relevant to the realm of the inappropriate. Accordingly, the Court should deny Plaintiff's request to exclude this probative evidence. *See, e.g.*, *Allen*, 102 F.3d at 198; *Vedros*, 119 F. Supp. 3d at 564; *In re Propulsid*, 261 F. Supp. 2d at 617.

---

[1] As in many of their Motions *in Limine*, Plaintiff here seeks an asymmetrical order barring evidence submitted by Sanofi, but allowing the same evidence offered by Plaintiff. The invitation should be declined. But if the Court does grant Plaintiff's Motion No. 3, it should apply the remedy equally to both parties—barring Plaintiff from presenting such evidence or argument with respect to Sanofi's witnesses.

**C.**     **Conclusion**

For the foregoing reasons, Plaintiff's Motion *In Limine* to Preclude Testimony and Argument that Plaintiff's Experts Have Not Publicized / Published or Submitted Their Opinions to the FDA or Any Other Organization (Plaintiff's Motion *In Limine* No. 3, Rec. Doc. 7644) should be denied.

Date: August 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore