UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

Barbara Earnest, Case No. 2:16-cv-17144.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE TESTIMONY AND ARGUMENT REGARDING PLAINTIFF COUNSEL ADVERTISEMENTS

Plaintiff has made evidence of lawyer advertising central to the issues of timeliness, causation, and damages in her case. Plaintiff has successfully argued that she learned that her hair loss was permanent for the first time through a lawyer's advertisement in 2016, more than five years after her treatment with Taxotere. *See* Pltf's SOL Opp. (Rec. Doc. 6611) at 3; Order re: SOL and LID Summary Judgment (Rec. Doc. 7571) (July 9, 2019) at 8; Earnest Dep. 71:10-72:5 (Dec. 21, 2017) (**Ex. A**). Plaintiff further testified that after learning of her permanent hair loss through advertisements, she did not seek a medical diagnosis of her permanent hair loss or its cause, or discuss either with any healthcare provider before filing suit later that year. In effect, she took such advertisements themselves as a diagnosis. Finally, Plaintiff (and her neuropsychology expert Dr. Kevin Bianchini) claim that the discovery that her hair loss was permanent through lawyer advertising precipitated the psychological complications for which she now claims damages.

Having squarely relied on testimony and argument regarding lawyer advertising to avoid summary judgment and set out her causation and damages claims, Plaintiff now moves to keep all such information from the jury. Plaintiff's Motion *in Limine* No. 4 (Rec. Doc. 7646) should be denied under the doctrine of judicial estoppel and pursuant to Rules 401, 402, and 403.

### A. Evidence of Lawsuit Advertising is Directly Relevant to the Viability of Plaintiff Earnest's Claim.

According to Plaintiff, after her treatment with Taxotere from June to August 2011, her hair never regrew. *See* Pltf's SOL Opp. (Rec. Doc. 6611) at 8. For more than four years, she waited for her hair to return, always expecting that it would. *Id.* Then in February 2016, she suddenly realized that her hair loss was persistent when her brother told her of an "advertisement about a drug that's causing baldness" and gave her the lawyer's phone number displayed in the ad. Earnest Dep. 71:10-72:5 (**Ex. A**). This advertisement was a turning point in Plaintiff's life; as she described in successfully opposing summary judgment on statute of limitations grounds:

> Ms. Earnest was aware that her hair fell out as a result of a chemotherapy cocktail administered to her, but she did not know that her scalp had been permanently damaged, with follicles and root structures destroyed to an extent that hair will never regrow, until she was told years later in 2016 through an advertisement concerning Sanofi's failure to disclose information about permanent hair loss.

Pltf's SOL Opp. (Rec. Doc. 6611) at 3; *see also id.* at 8-9 ("It was not known to Ms. Earnest that her hair loss was permanent, much less why her hair had not returned, until her brother told her about an advertisement that he had seen linking Taxotere with permanent hair loss in approximately 2016"); *id.* at 14 (Plaintiff "was put on notice by advertisements of the connection between Taxotere and permanent hair loss in 2016.").

Plaintiff prevailed in opposing summary judgment on statute of limitations based on this testimony and argument regarding plaintiff counsel advertisements. *See* Order re: SOL and LID Summary Judgment at 8 ("When she learned in 2016 of the association between Taxotere and permanent hair loss, she realized that, contrary to what she initially thought, she did have an actionable injury."). Having intentionally and successfully relied on this evidence, she is judicially estopped from advancing the contrary position that it has no relevance to her case. *See, e.g.*, Pltf's

2

Memo at 1 ("such evidence is irrelevant as it is wholly unrelated and has no bearing on any fact of consequence in determining this case.").

"Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-mdl-2740, 2018 WL 5016219, at *3 (E.D. La. Oct. 16, 2018). Here, Plaintiff Earnest has asserted that lawsuit advertising was relevant to (and dispositive of) the timeliness of her claims: according to her, the 2016 lawsuit advertisement was not only the sole evidence that her hair loss was persistent when she filed her lawsuit suit in 2016, but it was the sole evidence of persistent hair loss that a reasonable person in her shoes *could have* obtained at that time. The court accepted Plaintiff's position in denying summary judgment. *See* Order re: SOL and LID Summary Judgment at 8. This position was not advanced inadvertently. Accordingly, Plaintiff's Motion should be denied on the ground of judicial estoppel.

Even if the arguments in Plaintiff's Motion are not judicially estopped, the Motion should be denied under Rules 401 and 402. Evidence of lawyer advertisements is relevant and highly probative under the particular facts of Ms. Earnest's case. Plaintiff has testified that the lawsuit advertisements she learned of in 2016 not only put her on notice of potential claims, but also served as the basis for her belief that Taxotere caused her specific injury at the time she filed suit. As noted above, Plaintiff maintains that attorney advertisements informed her "that her scalp had been permanently damaged, with follicles and root structures destroyed to an extent that hair will never regrow," that "her hair loss was permanent," and that all this was caused by Taxotere. Pltf's SOL Opp. at 3, 8-9. Importantly, these advertisements are the *sole* source of such information that Plaintiff identifies consulting prior to filing suit: Plaintiff did not consult a single physician

regarding her hair loss, seek a diagnosis of its cause, or attempt any potential treatment between February 2012 (the date she alleges injury, six months after her chemotherapy ended) and the date she filed suit in December 2016.  *See* Earnest Dep. at 93:1-9; 240:21-241:9 (**Ex. A**).  As the sole evidence of specific causation prior to filing suit that Plaintiff has identified, such advertisements bear directly on the basis and reliability of Ms. Earnest's causation allegations and are highly relevant to her case.

In addition to providing the exclusive notice of her potential claims and the sole basis for the specific causation allegations in her complaint, these advertisements also marked the beginning of the psychological symptoms for which Plaintiff now claims emotional damages.  *See* Bianchini Rep. at 2 (Plaintiff "felt better emotionally after the chemotherapy" until after "seeing an ad for this litigation in either 2015-2016.") (**Ex. B**);  Pltf.s Opp. to Motion to Exclude Bianchini (Rec. Doc. 7481) at 9 ("it was not until [Plaintiff] realized her hair was not growing back after she completed her chemotherapy that she began to experience psychological complications.").  As such, testimony and argument regarding the nature and content of counsel advertisements is central to Plaintiff's damages claims (and the timeframe for which she is claiming damages), of great probative value, and admissible under Rules 401 and 402.  Indeed, Plaintiff's bid to exclude such evidence is tantamount to requesting that Sanofi be barred from presenting a timeliness defense, examining Ms. Earnest on the events that led to her filing this lawsuit, or challenging the basis of her causation allegations or damages claims.  This would substantially prejudice Sanofi and is unwarranted under Rule 403.

In support of her Motion, Plaintiff cites to a number of slip opinions purportedly excluding evidence of lawsuit advertising.  These decisions are not available through standard online databases (Westlaw, LexisNexus or PACER), yet Plaintiff did not attach them as exhibits to her

4

memo. Plaintiff has also refused to provide the cited opinions despite a direct request from Sanofi on August 1, 2019, and a diligent search by Sanofi has produced only two of the opinions.[1] Accordingly, the Court should disregard the missing purported authorities.[2]

As for the one reported opinion and the two Sanofi has obtained, they do not support Plaintiff's motion. None of the cases involved a plaintiff's own testimony or argument that she had seen lawsuit advertisements and that they caused her claim to accrue, supplied the causation allegations stated in her complaint, or precipitated her claimed damages. *See Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) (prohibiting references to advertising in FLSA class action context, where an individual's claim accrual, causation, and psychological damages are irrelevant); *Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., (E.D. La. Nov. 22, 2006) (making no mention of "advertising" whatsoever).[3] In *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op. at 2-3, (E.D. La. Apr. 18, 2017), Judge Fallon specifically noted that advertising information would be excluded "unless the information becomes relevant to the actions or inactions of the specific Plaintiff." Such is precisely the case here. Plaintiff herself has alleged that attorney advertising not only directly guided her actions, but led to the "psychological complications" which comprise her emotional damages. The

---

[1] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op., (E.D. La. Apr. 18, 2017) and *Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., (E.D. La. Nov. 22, 2006), attached for the Court's convenience as **Exs. C and D,** respectively.

[2] The Court should disregard these purported authorities even if Plaintiff later provides them to the Court through, for example, her Reply, since Sanofi has been obviously prejudiced by its inability to review and respond to these opinions. Sanofi additionally notes that the elusive decisions come almost exclusively from state courts outside Louisiana, casting further doubt on their relevance to Plaintiff's claims.

[3] *Dedrick* excludes only a narrow category of evidence suggesting "that Vioxx was taken off the market due to 'media hype'"—not the blanket prohibition Plaintiff seeks here. The same is true of *Barnett v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 06-cv-485, slip op., at ¶ 3(n) (E.D. La. Nov. 18, 2011), which appears to be an identical order from the Vioxx MDL. Taxotere has never been taken off the market. As such, these cases provide no guidance here.

5

close intertwinement of Plaintiff's timeliness, causation, and damages arguments with lawsuit advertising make such advertising uniquely relevant in her case, and warrant denial of Plaintiff's Motion.  *See* Rule 401, 402.

### B. Evidence of Lawsuit Advertising is Not Unduly Prejudicial

Unlike cases cited by Plaintiff, this evidence is relevant and highly probative under the specific circumstances of Plaintiff's case.  Excluding evidence and argument regarding lawyer advertisements and their content would hamstring Sanofi's limitations, causation and damages defenses, causing substantial prejudice.  *See* Rule 403.

Plaintiff also requests exclusion of any testimony or evidence that lawsuit advertising "may have caused a spike in adverse events and/or adverse event reporting related to Taxotere."  *See* Plf's MIL Memo No. 4 (Rec. Doc. 7646) at 1, 3.  Any adverse events and/or adverse event reporting related to patients other than Plaintiff or which took place after Plaintiff's treatment with Taxotere are wholly irrelevant to her claims.  *See* Sanofi's MIL No. 5 (Rec. Doc. 7720-1) at 13; Sanofi's MIL No. 27 (Rec. Doc. 7671).  Sanofi is not aware of any lawsuit advertising which took place before Plaintiff's treatment.  Accordingly, at this time, Sanofi does not anticipate submitting any testimony or argument described by this request at trial.  Sanofi reserves its right to respond or object to this request or offer such evidence in the event that evidence of irrelevant adverse events or reporting is admitted.

### C. Conclusion

For the foregoing reasons, Plaintiff's Motion *In Limine* to Preclude Testimony and Argument Regarding Plaintiff Counsel Advertisements (Plaintiff's Motion *In Limine* No. 4, Rec. Doc. 7646) should be denied.

Date: August 6, 2019

        Respectfully submitted,

        /s/ *Douglas J. Moore*
        Douglas J. Moore (Bar No. 27706)
        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        400 Poydras Street, Suite 2700
        New Orleans, LA 70130
        Telephone: 504-310-2100
        Facsimile: 504-310-2120
        dmoore@irwinllc.com

        Harley V. Ratliff
        Adrienne L. Byard
        Kelly Bieri
        **SHOOK, HARDY& BACON L.L.P.**
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816-474-6550
        Facsimile: 816-421-5547
        hratliff@shb.com
        abyard@shb.com
        kbieri@shb.com

        *Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

        /s/ *Douglas J. Moore*
        Douglas J. Moore