**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***
**NO. 27: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT**
**REGARDING COMPANY CONDUCT THAT POST-DATES**
**PLAINTIFF'S CHEMOTHERAPY TREATMENT**

---

Defendants allege that changes to the Taxotere label post-dating Plaintiff's chemotherapy treatment should be excluded as testimony concerning subsequent remedial measures. But this wholesale attempt to exclude evidence ignores facts which demonstrate that Sanofi's conduct was not a subsequent remedial measure. Rather, Sanofi's conduct post Plaintiff's chemotherapy treatment confirms that Sanofi could and should have modified the Taxotere label prior to Plaintiff's chemotherapy. This is not a subsequent remedial measure, and its probative value far outweighs any possible prejudice to Sanofi. As such, Sanofi's Motion should be denied.

## ARGUMENT

I.      **References Made to Post-Treatment Subsequent Remedial Measures Are Admissible**
        **To Prove Impeachment And Feasibility.**

Although Rule 407 prohibits the use of evidence of a subsequent remedial measure as proof of a party's negligence, the rule provides that evidence of such remedial measures may be admissible for certain purposes. *See* Fed. R. Evid. 407; *Kirkland v. Marriott Int'l, Inc.*, 416 F. Supp. 2d 480 (E.D. La. 2006) (holding that evidence of subsequent remedial measures was admissible

1

for impeachment purposes); *Scurlock Marine v. W.W. Patterson, Co.*, 1997 U.S. Dist. LEXIS 14044 *4-5 (E.D. La. 1997) (allowing evidence under Rule 407 as proof of feasibility); *see also Polythane Systems, Inc. v. Marina Ventures Int'l, Ltd.*, 993 F. 2d 1201 (5th Cir. 1993).

Defendants' Motion to exclude all evidence of events post-dating Plaintiff's chemotherapy treatments is unfounded. Despite Defendants' claims that changes to the Taxotere label were subsequent remedial measures, Plaintiff seeks to introduce such evidence for impeachment and feasibility purposes. At trial, Defendants will attempt to refute Plaintiff's claims that the company misrepresented its Taxotere safety profile and minimized significant risks associated with the drug. To support this argument, Defendants have continuously relied on the underlying data from their TAX 316 study for marketing Taxotere, but seek to distance itself from the safety concerns raised by the study, as well as data from the GEICAM study. Yet evidence suggests that Defendants did not follow proper reporting procedures for their post-marketing studies.

On March 5, 2015, Defendants conducted an audit of their U.S. product labels. (*See* Ex. A, Sanofi_01383493-01383494.) This audit found three labels, including the U.S. label for Taxotere, were not in compliance with core safety information. *See id.* Sanofi's procedures required that certain safety information from TAX316 be included in the United States Label. Defendants' investigation to determine why "these core safety information statements" had not been added to the Taxotere label revealed that information regarding persistent alopecia should have been added to the label in the 2011 pursuant to a prior audit, but that Defendants had internally failed to sufficiently respond. (*See* Ex. B, Sanofi_02983325.) In March 2015, the FDA requested "a summary of cases of permanent partial or total alopecia associated with docetaxel use." (*See* Ex. C, Sanofi_04878450.) In response, Defendants performed an updated review of their global pharmacovigilance database, identifying 2,118 cases with HLT "Alopecia," and "89 cases [of the

2,118] reported verbatim including word of 'permanent' or 'irreversible', or alopecia lasted more than two years with outcome of not recovered/Recovering/UNK." (*See* Ex. D, Sanofi_01259408.) In response to Defendants' information regarding permanent alopecia—information that was known to the company prior to the 2011 audit—the FDA issued a letter requesting that the company update its label accordingly. (Ex. E, *See* Sanofi_00837649.) Moreover, Defendants explicitly acknowledged in November 2015 that their ten-year follow-up data from the TAX 316 study—which would have included the rate of persisting alopecia—should have been added to the Taxotere label in 2011 but had not been properly submitted to the FDA. (*See* Ex. F, Sanofi_00837661.)

Based on this evidence, Dr. David Kessler, a former Commissioner for the FDA, concluded that: (1) As early as 2009, Defendants knew or should have known that there was reasonable evidence of a causal association between Taxotere and irreversible alopecia; (2) As early as 2009, Defendants knew or should have known that patients taking Taxotere were at an increased risk of irreversible alopecia compared to alternative therapies, and (3) As early as 2009, it was feasible for Sanofi to include language about irreversible alopecia in its Taxotere label. (*See* Def. Mot. Ex. A, at 62:196-63:198.)

Sanofi's investigation in 2015 and the subsequent actions taken to comply with its labeling obligations demonstrate Sanofi's failures in 2011. This evidence is further bolstered by Sanofi's recognition that the TAX316 safety information should have been included in the label in 2011. (*See* Ex. F, Sanofi_00837661.)

Accordingly, evidence post-dating Plaintiff's treatment directly contradicts Defendants' claims that such evidence is irrelevant to the issue of notice and failure to warn. Since it was feasible for Defendants to add a warning concerning the risk of permanent alopecia to their label

3

prior to Plaintiff's chemotherapy treatment, evidence of labeling changes post-2011 are inherently admissible.

## II.    Evidence Of Defendants' Conduct Post-dating Plaintiff's Treatment Is Relevant To The Issues Of This Litigation.

A movant *in limine* has the burden of establishing that the evidence sought to be excluded on relevancy grounds is not relevant to *any* issue in the case. *See Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 599 (E.D. La. 1993). Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *see also State v. McGinnis*, 2005 WL 2464632 *12 (La. App. 5 Cir. 2005) (quoting LSA-C.E. art. 401). Contrary to Defendants' argument, the company's post-2011 conduct is highly relevant to the issues in this litigation.

Specific evidence, including statements from Defendants' own employees, exposes the fact that data on permanent alopecia was available as early as 2009, or even as early as 2006.[1] However, as indicated, the data was omitted from required submissions to the FDA. Changes to the label that could have been made in 2011, at the time Plaintiff was receiving chemotherapy treatments, were not made until nearly seven years later. Accordingly, post-2011 evidence, such as internal emails or general statements made concerning the company's knowledge of the adverse event is directly relevant to proving that Defendants knew or should have known as early as 2009—*at the time of Plaintiff's treatment*—that patients taking Taxotere were at an increased risk of irreversible alopecia.

## III.    The Probative Value Of Defendants' Conduct Post-dating Plaintiff's Treatment Clearly Outweighs Any Risk Of Unfair Prejudice, Confusion Of The Issues, Or Misleading Of The Jury.

---

[1] "…[B]ased upon your knowledge at Sanofi in 2006, Sanofi knew that Taxotere could cause irreversible alopecia in 2006, correct?  A. Yes." *See* Ex. G, Freedman Dep. 195:20-196:2.

To exclude relevant evidence under Rule 403, its probative value must be *substantially* outweighed by one of the enumerated risks, i.e., unfair prejudice, confusion of the issues, misleading the jury, or undue delay. Fed. R. Evid. 403; *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983) (affirming denial of Rule 403 challenge; "[S]ince the rule requires that the probative value of the challenged evidence be substantially outweighed by the danger of prejudice, the rule favors admissibility of relevant evidence . . . a slight danger that the admission of such evidence will cause unfair prejudice is to be ignored"). As the Fifth Circuit has made clear, "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (further cautioning that exclusion of evidence under Rule 403 "should occur only sparingly"); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977); *see also Hinojosa v. Butler*, 547 F.3d 285, 295 (5th Cir. 2008).

Defendants argue against the admission of evidence concerning the company's conduct post-2011. However, Defendants provide no explanation as to how the probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing of issues, misleading the jury, or undue delay. As explained herein, the evidence Plaintiff seeks to introduce is highly probative to the issue of Plaintiff's injuries. In fact, the evidence directly impeaches Defendants' claims that the warnings on the Taxotere label were adequate at the time of Plaintiff's chemotherapy treatment. Defendants failed to provide timely information concerning the risk of permanent alopecia prior to, during, or immediately following the company's 2011 audit. Moreover, Defendants failed to submit ten year follow-up data to the FDA that would shed light on the number of occurrences of persisting alopecia. This evidence is not unfairly prejudicial and would not mislead or confuse the jury. Rather, these facts clearly demonstrate that, at the time of

Plaintiff's treatment, it was feasible for Defendants to change the label to adequately address the risk of permanent alopecia. Importantly, no new clinical trial data, from TAX316 or any other source, was generated or served as a basis Sanofi's actions in 2015 or 2018 concerning Taxotere's label. Accordingly, evidence of Defendants' post-2011 conduct is highly probative and thus admissible.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny in its entirety Defendant's Motion *in Limine* No. 27.

Dated: August 6, 2019                       Respectfully submitted,

*/s/ Darin L. Schanker*                      */s/ Rand P. Nolen*
Darin L. Schanker                            Rand P. Nolen
Bachus & Schanker, LLC                       Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700               2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                             Houston, TX 77056
Phone: (303) 893-9800                        Phone: (713) 621-7944
Fax: (303) 893-9900                          Fax: (713) 621-9638
dschanker@coloradolaw.net                    rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*     *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*                   */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.             GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505              6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                 Los Angeles, California 90045
Phone: (504) 355-0086                        Telephone: 510-350-9700
Fax: (504) 355-0089                          Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                       kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. Palmer Lambert