## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**In Re: TAXOTERE (DOCETAXEL)**                          **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                   **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**
**Barbara Earnest, Case No. 2:16-cv-17144.**

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING OTHER INDIVIDUALS' PERSONAL USE OF TAXOTERE AND PERSONAL EXPERIENCE WITH CANCER

Plaintiff's motion to preclude evidence regarding the use of Taxotere or other cancer drugs by Sanofi employees, former employees, or their family members (or their experience with cancer) should be denied or, at minimum, reserved for ruling at trial when such evidence can be fully considered in the context for which it is offered. *See Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶3m (E.D. La. Nov. 22, 2006) (Ex. A). Indeed, such evidence may be relevant to a witness's credibility. *See, e.g.*, *Plunkett v. Merck & Co., Inc.*, No. 05-cv-4046, Trial Tr. at 2053-55 (E.D. La. Feb. 15, 2006) (Ex. B).[1] Without the proper context, Plaintiff's request for a blanket exclusion of such evidence should be denied, or at minimum, reserved for ruling at trial.

Regardless of the fact that such evidence is admissible at trial, however, the Court should deny Plaintiff's demand for the production of medical records of any non-party witness who is permitted to discuss their personal experience with cancer or use of Taxotere. Indeed, allowing

---

[1] *See also Plunkett v. Merck & Co., Inc.*, No. 05cv-4046 Trial Tr. at 1182-86 (E.D. La. Dec. 5, 2005) (same) (Ex. C); *Smith v. Merck & Co., Inc.*, No. 05-cv-4379-L, Trial Tr. at 2505-07 (E.D. La. Sept. 21, 2006) (same) (Ex. D).

this evidence would invade non-party witnesses' personal privacy, deter witnesses from testifying on this topic, and waste the Court's time.  Plaintiff's request should therefore be denied.[2]

> **A.    The Court Should Deny or Reserve Ruling on Plaintiff's Motion Because Such Evidence May Be Relevant To The Credibility of the Witness.**

The Court should follow prior decisions in the *Xarelto* and *Vioxx* litigations by denying, or deferring a ruling on the admissibility of such evidence until it can be fully considered in the proper context for which it is being offered.  *See, e.g.*, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (Boudreaux)*, No. 2:14-md-02592 (Rec. Doc. 6254), Order and Reasons, at 4 (E.D. La. Apr. 18, 2017) (Ex. E); *Plunkett v. Merck & Co., Inc.*, No. 05-cv-4046, Trial Tr. at 2053-55 (E.D. La. Feb. 15, 2006) (admitting evidence of a witness's personal use of Vioxx because it was relevant to the witness's credibility.) (Ex. B).[3]

For example, evidence of a witness's personal use of Taxotere would be admissible to rebut claims that Sanofi's employees or former employees knew or believed Taxotere was unsafe or hid

---

[2]   Notably, several decisions cited in Plaintiff's Motion are slip opinions that are not available through standard online databases (Westlaw, LexisNexus or PACER) and not attached as exhibits to her memo.  *See* Plf's MIL Memo No. 6 (Rec. Doc. 7661-1) at 2-3 (citing *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶5 (E.D. La. Nov. 22, 2006); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., ¶3m (E.D. La. 2011); *Humeston v. Merck & Co., Inc.*, No. ATL-L-2272-03, slip op. at 2-3 (Sup. Ct. N.J. 2005); *Doherty v. Merck & Co., Inc.*, No. ATL-L-638-05, slip op., at ¶¶ x, bb (N.J. Super. 2006); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op. at ¶¶ x, bb (N.J. Super. Ct. 2006). Plaintiff's counsel has failed to provide them despite a direct request from Sanofi on August 1, 2019, and Sanofi has been able to locate only the *Dedrick* opinion, attached hereto as **Ex. A**.  Accordingly, the Court should disregard these cases.

[3]   *See also* Plunkett Trial Tr. at 1182-86 (E.D. La. Dec. 5, 2005) (Ex. C) at 1182-86 (same); *Smith* Trial Tr. at 2505-07 (E.D. La. Sept. 21, 2006) (Ex. D) (same); *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶3m (E.D. La. Nov. 22, 2006) (deferring ruling) (Ex. A); *Reeves v. Wyeth*, No. 4:05-cv-00163, Order at 3 ¶6(h) [ECF No. 287] (E.D. Ark. July 26, 2006) (denying motion *in limine* to exclude evidence of personal use of hormone replacement therapy by any lawyer or witness as "more appropriately addressed at trial") (Ex. F); *but see In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (All Cases)*, Order and Reasons (May 26, 2017), at 1-3 (prohibiting Defendants from "elicit[ing] information about a witness's family member taking Xarelto without producing their medical records.") (Ex. G); *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶5 (E.D. La. Nov. 22, 2006) (this decision is distinguishable from the court's order in ¶3m because it pertains specifically to testimony about use preceding a recall.) (Ex. A).

risks or other important information from the public.  If Plaintiff pursued this theme, Sanofi should be permitted to rebut it by presenting a defense that the Company did not place profits over the health and safety of Taxotere users, which includes evidence that such witnesses and/or their family members use or have used Taxotere.  This Court correctly held as much in the *Xarelto* litigation when it admitted testimony from one of the defendant's expert witnesses about his wife's treatment with Xarelto.  *In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (Boudreaux)*, No. 2:14-md-02592 (Rec. Doc. 6531-5), Trial Tr. at 1120:25-1121:11 (E.D. La. Apr. 28, 2017) (Ex. H).

**B.    Plaintiff Is Not Entitled To Discovery Regarding Medical Records Of Non-Party Witnesses Or Their Family Members.**

Regardless of whether the evidence Plaintiff seeks to preclude is ultimately introduced at trial, the Court should nonetheless deny Plaintiff's demand that Sanofi produce the medical records of any non-party witness who discusses a personal experience with cancer or the personal use of Taxotere by herself or a member of her family.  *See* Pls.' Mot. at 3-4.  Such an invasion of a non-party's personal privacy would be manifestly inappropriate—the medical condition of Sanofi's expert's, employees, or its employees' family members is not appropriate *quid pro quo*.  Indeed, permitting testimony about personal use of the drug at issue where a witness's credibility has been challenged does not justify the wholesale invasion of that non-party witness's privacy (or the privacy of a family member) under Louisiana law.  *See, e.g.*, *Davis v. American Home Prods. Corp.*, 727 So. 2d 647, at 5 (La. App. 4th Cir. Jan. 15, 1999) ("Absent the existence of a statutory exception, permission from the non-party patients, or a contradictory hearing, the medical records of non-party patients are not discoverable in Louisiana.").

Plaintiff's motivation for seeking to admit these otherwise private medical records is solely to deter witnesses from offering testimony on their personal experiences with Taxotere and/or cancer.  Because evidence of a witness's (or her family member's) personal use of Taxotere or

3

personal experience with cancer is relevant and admissible, Plaintiff should not be permitted to introduce evidence solely meant to harass or deter these witnesses from offering their testimony. *See* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: . . . avoid wasting time [and] protect witnesses from harassment or undue embarrassment.").  Moreover, if Plaintiff were permitted to introduce this evidence, it would consume unnecessary judicial resources and waste the Court's time with inevitably lengthy examinations of medical records that have no bearing on this litigation.  *See id*; *United States v. Insaulgarat,* 378 F.3d 456, 466 (5th Cir. 2004) (holding that the district court did not abuse its discretion by excluding evidence that would result in undue delay or waste of time).  Accordingly, Plaintiff's requested alternate relief should be denied.

C.     **Conclusion**

For all of the foregoing reasons, the Court should deny, or at minimum, reserve ruling on Plaintiffs' Motion *in Limine* No. 6.

Date: August 6, 2019

Respectfully submitted,

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Douglas J. Moore
Douglas J. Moore