UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Barbara Earnest, Case No. 2:16-cv-17144.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE ANY COMMENT OR ARGUMENT THAT DR. CARINDER IS RESPONSIBLE FOR PLAINTIFF'S CONDITION

Plaintiff's motion to exclude evidence or argument that Dr. Carinder "is responsible for Plaintiff's permanent alopecia" should be denied as vague and undefined. Sanofi does not intend to "point the finger" at Dr. Carinder. It is not Sanofi's position that Dr. Carinder breached the standard of care for Plaintiff. It is otherwise unclear what relief Plaintiff seeks and it surely would be inappropriate to circumscribe how Sanofi can use ordinary words at trial. Dr. Carinder was "responsible" for Ms. Earnest's treatment. He was "responsible" for her care. Sanofi will describe facts of that care, which are central to the case. *See Hebert v. Miles Pharm.,* No. CIV. A. 92-4290, 1994 WL 10184, at *4 (E.D. La. Jan. 13, 1994) (to recover under the failure to warn doctrine, Plaintiff must show that "the defendant *failed to warn the physician* of a risk associated with the use of the product, not otherwise known to the physician," and "that the *failure to warn the physician* was both a cause in fact and the proximate cause of the plaintiff's injury.").

Plaintiff specifically contends that "any testimony reflecting an error by Dr. Carinder such as prescribing an alleged 'off-label' treatment," or Dr. Carinder's decision to prescribe a non-preferred treatment under NCCN guidelines, should be excluded from evidence. To prevail on her "failure to warn" claim under Louisiana law, "[t]he plaintiff must show that a proper warning

1

would have changed the decision of the treating physician." *Hebert*, 1994 WL 10184, at *4. Therefore, the facts of Dr. Carinder's prescribing decisions—including the regimen and dosing he chose—are relevant to Plaintiff's treatment options, her consent, and educating the jury about the risks and benefits of the available regimens. For these reasons, Plaintiff's Motion should be denied or, at minimum, reserved for ruling at trial when its admissibility can be fully considered in light of the purpose for which it is offered.

Date: August 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore