UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING CORRESPONDENCE BETWEEN DDMAC AND SANOFI (MOTION *IN LIMINE* No. 21)**

Sanofi seeks to prohibit the introduction of any evidence at trial of correspondence between the FDA's Division of Drug Marketing, Advertising and Communication ("DDMAC") and Sanofi, arguing the correspondence is irrelevant, prejudicial or constitutes inadmissible character evidence. Considering that one of the central themes of Sanofi's defense throughout this litigation has been that Taxotere is superior to alternative chemotherapy treatments available to cancer patients like Plaintiff, Plaintiff submits the correspondence is clearly admissible to refute this argument.

**I.    ARGUMENT**

The DDMAC letter provides, among other things, that Sanofi's promotional materials are misleading as "they contain a drug comparison that represents or suggests that a drug is safer or more effective than another drug, when this has not been demonstrated by substantial evidence or substantial clinical experience." (Ex. A, 2009 DDMAC Letter.) While the letter specifically criticizes Sanofi's materials touting Taxotere's superiority over paclitaxel ("Taxol") in response duration, improved survival rates and general efficacy benefits in locally advanced or metastatic breast cancer, the letter illustrates Sanofi's consistent efforts to market its product as the best

1

available in the marketplace, despite the absence of scientific support for those claims. After decades of studies, there is still no scientific support for the contention that Taxotere is more efficacious than Taxol or produces greater survival rates in patient populations most similar to Plaintiff. Yet, Sanofi persists in arguing that Plaintiff might not be alive today had she been given a chemotherapy regimen with Taxol or that she is only alive today because she received treatment that included Taxotere. (*See e.g.*, Defendants' Statement of Undisputed Facts in Support of their Motion for Summary Judgment on the Learned-Intermediary Doctrine, Rec. Doc. 6078-1, at 21, 23.) Plaintiff must be able to introduce evidence such as the DDMAC letter to counter these types of arguments, which Sanofi will undoubtedly continue to make at the trial of this matter.

### A.     The DDMAC Letter is Relevant to this Controversy.

Evidence is relevant if "it has any tendency to make a fact more or less probable than would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Unquestionably, the DDMAC letter tends to refute Sanofi's claims in this litigation that Taxotere is more effective than taxol and that only Taxotere is a life-saving drug.[1] Moreover, Sanofi's misrepresentations to the FDA are of significant consequence to this action as they highlight Sanofi's efforts to promote Taxotere at all costs, irrespective of the lack of scientific basis behind its promotions.

Sanofi asserts the DDMAC letter is irrelevant since neither Plaintiff nor Dr. Carinder reviewed any of the promotional claims in the letter or relied on the claims when selecting Plaintiff's treatment regimen. But as noted above, Plaintiff is not seeking to introduce the letter

---

[1] Sanofi also half-heartedly asserts the DDMAC letter should be excluded as improper hearsay evidence under Fed. R. Evid. 801(c) and 802. DDMAC correspondence has routinely been admitted into evidence under the public records exception to the hearsay rule. Fed. R. Evid. 803(8); *See e.g., Novartis Pharmaceuticals Corp. v. Teva Pharmaceuticals USA, Inc*., 2009 WL 3754170, at *10 (D. N. J. Nov. 5, 2009) (holding that DDMAC records are public records and reports under Rule 803(8) and "will not be excluded as inadmissible hearsay.")

for those purposes; only to counter defenses which might be raised by Sanofi at trial that Taxotere is a superior, life-saving drug. Similarly, that the DDMAC letter does not relate to promotional claims involving alopecia is also of no consequence. It is Sanofi, not Plaintiff, who will be arguing the superiority and life-saving attributes of Taxotere, neither of which arguments relate, in any respect, to Taxotere's permanent alopecia-causing propensities. Thus, if the DDMAC letter is inadmissible because it does not relate to alopecia, Sanofi's defenses should likewise be inadmissible for that same reason.

      **B.**    **The DDMAC Letter Should Not be Excluded as Unduly Prejudicial.**

Relevant evidence may be excluded if its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Sanofi urges the DDMAC letter's only purpose is to paint Sanofi as a "bad actor" and bias the jury and it must therefore be excluded. Again, Plaintiff intends to use the letter to counter defenses raised by Sanofi, not to malign Sanofi. As the evidence is relevant and Plaintiff is not simply attempting to paint Sanofi as a "bad actor," any danger of unfair prejudice does not outweigh the evidence's probative value. *See Sprint/United Management Co. v. Mendelsohn*, 128 S. Ct. 1140,1147 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case…and the inquiry required by those Rules is within the province of the District Court…"). Under the particular facts of this case, after balancing the probative value of the DDMAC letter against the possibility of any prejudice to Sanofi, the probative value is not "substantially outweighed" by any potential prejudice.

      **C.**    **The DDMAC Letter is not Inadmissible Character Evidence Under Rule 404.**

Finally, Sanofi claims in a Hail Mary attempt to exclude the DDMAC evidence that it constitutes inadmissible character evidence under Fed. R. Evid. 404. Sanofi's citations to *In re*

3

*Dupuy Orthopedics, Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F. 3d 753, 785 (5th Cir. 2018) (wherein irrelevant evidence of the defendant's prior bad acts of paying kickbacks to doctors and bribes to Saddam Hussein's government was deemed inadmissible as being offered "as a proxy for [defendant's] liability"); *Emerald City Mgmt., LLC v. Kahn*, 2016 WL 3770960, at *3 (E.D. Tex. Jan. 14, 2016) (wherein evidence of improper Google payments was deemed irrelevant as plaintiffs had "not asserted any cause of action related [to] those advertisements"); and *Sec. Nat'l Bank of Sioux City, IA v. Abbott Labs.*, 2013 WL 12140998, at *3 (N.D. Iowa Aug. 13, 2013) (wherein evidence of prior criminal conduct was excluded primarily because "it would encourage jurors to make a decision in this product liability case based on an emotional reaction to criminal regulatory violations unrelated to product liability standards, rather than on the basis of the evidence and the proper legal standards in the case before them"), are all inapposite. They all involved irrelevant evidence of criminal or quasi-criminal acts entirely unrelated to the litigation which the parties had attempted to introduce for the sole purpose of prejudicing the jury. Here, the DDMAC evidence is relevant, non-criminal, directly related to the litigation and is not being introduced for prejudicial purposes. It is not inadmissible character evidence simply intended to show, as claimed by Sanofi, Sanofi's propensity to provide "misleading information in the promotion of its products…" Utilizing the balancing test of Rule 403, which is used to evaluate the admissibility of evidence under Rule 404, *LeBeouf v. Manning*, 2016 WL 9411380, at *6 (E.D. La. Feb. 2, 2016), the DDMAC evidence is admissible.

## II.   CONCLUSION

For the reasons describe above, Sanofi's motion seeking to preclude introduction of any evidence at trial of correspondence between itself and DDMAC should be denied.

Dated: August 6, 2019                              Respectfully submitted,

<div style="columns:2">

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

</div>

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

5

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. Palmer Lambert