UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING SHIRLEY LEDLIE AND ANY "TAXOTEARS" OR OTHER THIRD PARTY ADVOCACY OR COMMUNICATIONS GROUP OR GROUP MEMBERS (MOTION *IN LIMINE* NO. 26)**

Sanofi seeks to exclude evidence or argument concerning advocacy and communications groups and group members generally, and also evidence or argument concerning advocacy group "Taxotears" and one of its founding members, Shirley Ledlie. The motion should be denied because this evidence is relevant, and its introduction is not unduly prejudicial or otherwise excludable.

**I.   ARGUMENT**

  **A.   Breast Cancer Patients' Campaign to Bring Awareness to Taxotere and Permanent Hair Loss and Sanofi's Reaction are Relevant to Plaintiff's Claims Under Fed. R. Evid. 401.**

Although Plaintiff Barbara Earnest does not appear to have been a member of any advocacy group such as "Taxotears," evidence and argument concerning advocacy and communications groups and group members, however, are relevant to this case in two ways.

First, evidence and argument concerning advocacy and communications groups are relevant to Sanofi's notice of complaints that Taxotere causes permanent hair loss. Sanofi was aware of various advocacy groups claiming that Taxotere causes permanent hair loss at least by

April 2009. (*See, e.g.,* Ex. A, Sanofi_005446835 at 4.) Plaintiff must be permitted to submit evidence to the factfinder that Sanofi was notified of adverse events and failed to properly investigate patients' claims. At a minimum, if Sanofi is permitted to argue that the number of adverse events did not warrant Sanofi warning that Taxotere causes permanent hair loss on the drug label, evidence of adverse events reported to Sanofi through advocacy groups and group members will be highly relevant.

Second, evidence and argument concerning advocacy and communications groups are relevant to Ms. Earnest's failure-to-warn claim because the complaints not only dealt with the allegation that Taxotere caused permanent hair loss but that Sanofi failed to properly warn about it. Sanofi not only ignored patients' safety concerns but went so far as to conceal/cover-up these reports through an active campaign to silence those making them. For example, Sanofi hired communications experts to manage negative comments about Sanofi's products, including claims that Taxotere causes permanent hair loss. (*See* Ex. B, Malia Dep. 360:21-362:4, Oct. 10, 2018; *see also,* Ex. C, Fierro Dep. 144:7-146:0, Jan. 17, 2019.) Such actions are contrary to a drug manufacturer's duty to exercise reasonable care to provide an adequate warning under La. R.S. § 2800.57 and therefore fit squarely into Plaintiff's failure-to-warn claim.

Moreover, consider the following evidence: Sanofi maintained an American Facebook page, entitled "Voices," for the purported purpose of "mak[ing] Voices heard throughout the community on issues of importance to patients…" (Ex. C, Fierro Dep. 179:10-181:16.) Following a March 5, 2010 Canadian newspaper article on Sanofi hiding Taxotere's risk permanent hair loss, women began posting on the Voices page about that very topic. In response to the article and the posts, Sanofi's communications department formed a Rapid Response Team. (Ex. B, Malia Dep. 298:6-302:7.) Part of the Rapid Response Team's responsibility included monitoring the Voices

page on Facebook twenty-four hours a day to remove any posts about Taxotere and permanent hair loss. (Ex. D, Sanofi_05932261, at 4.) Sanofi shortly thereafter hired an outside company, InTouch Solutions, to conduct this around-the-clock monitoring of its Facebook page. At Sanofi's direction, InTouch logged and removed posts about permanent hair loss, blocked the user posting about it, and reported the user to Facebook to have her banned from the platform. (Ex. E, InTouch Solutions, Inc. 30(b)(6) Dep. 61:6-62:13, Dec. 13, 2018; Ex. C, Fierro Dep. 143:22-147:22.)

One user posted the following: "When will you inform oncologists that there is a problem with your chemo drug, Taxotere? Why don't you want women to know they could be left permanently disfigured? Because they will choose a different drug not made by you. The net is closing in on you, Sanofi." (Ex. F, sanofi-aventis VOICES Facebook Comment Monitoring Rep., at 1.) At Sanofi's direction, InTouch Solutions removed the post within an hour, blocked the user from posting on the page, and reported the user to Facebook. *Id.*

Another user posted, "My medical team have spoken to you, and therefore I have been informed that YOUR DRUG Taxotere has done this to me. Why do you ignore me and REFUSE to contact me? Why don't you explain to me why your drug Taxotere has permanently disfigured me and hundreds of others?" (Ex. F, at 4.) InTouch Solutions removed the post within an hour and reported the user to Facebook. But the user was undeterred, posting that same post 28 more times after it was removed. And 28 more times, InTouch Solution – at Sanofi's direction – scrubbed the post from Facebook. *Id.* And the woman was permanently banned from the page. *Id.*

Another user posted "I did say I wouldn't stop until there was global publicity. You can't shut up women that you disfigure." Sanofi did silence up; it had InTouch Solutions scrub her post from Facebook in less than an hour. (Ex. C, Fierro Dep. 170:20-171:16.)

3

After successfully scrubbing mention of permanent hair loss from Sanofi's Voices Facebook page, InTouch Solutions created a presentation to market its services to other drug companies, and it used the "crisis management" services it provided to Sanofi as a case study of what it could accomplish for its clients. (Ex. G, Excerpt from InTouch PowerPoint.)

In sum, this evidence is relevant to Plaintiffs' failure-to-warn claim and Sanofi's defenses, and thus should not be categorically excluded.

### B. Fed. R. Evid. 403 Does Not Warrant the Exclusion of Evidence or Argument Regarding Advocacy and Communications Groups or Group Members.

Sanofi attempts to exclude evidence and argument that would portray it in a negative light, arguing that such evidence is "prejudicial." For example, Sanofi argues that "Plaintiffs may introduce this type of evidence or argument to argue that Sanofi 'silenced Ms. Ledlie's voice' by removing her posts from a purportedly Sanofi-affiliated Facebook page." (Defs. Br. at 3-4, Rec. Doc. 7670.) This argument misunderstands evidentiary rules: "'Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial, or it isn't material. The prejudice must be 'unfair.'" *Dollar v. Long Mfg*. 561 F. 2d 613, 618 (5th Cir. 1977). There is nothing unduly unfair about the admission of such truthful evidence regarding Sanofi's conduct in the face of complaints that it failed to warn about a known side effect. In any event, the probative value of evidence regarding Sanofi's reaction to patient activism on permanent hair loss as described above outweighs any potential danger of unfair prejudice or jury confusion under Fed. R. Evid. 403. Accordingly, Plaintiff should be permitted to confront Sanofi with evidence of its own actions in response to breast cancer patient activism.

    **C.    Statements by Advocacy Groups and Group Members are Admissible for Non-Hearsay Purposes.**

Sanofi's request for the broad exclusion of third-party evidence as hearsay is improper. Plaintiff does not seek to admit statements of advocacy and communications groups or group members "to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801, i.e. that Taxotere causes permanent hair loss or that the Taxotere drug label was inadequate. Rather, this evidence may be offered to show Sanofi's notice that patients treated with Taxotere experienced permanent hair loss, and that Sanofi sought to suppress such information rather than abide by its responsibilities to investigate and ultimately to warn.

This evidence is similar to the notice evidence discussed in opposition to Sanofi's motion in limine, No. 14, in-artfully titled "Fraud on the FDA," concerning adverse events that were not timely provided to FDA. These adverse events are, perhaps, the very events that FDA reviewed prior to issuing its January 2011 Warning Letter for system problems in the pharmacovigilance department of Sanofi that is the subject of its Motion in Limine, No. 28. Viewed together these three motions filed by Sanofi attempt to preclude notice evidence of adverse events and consumer advocacy groups, and the January 2011 FDA Warning Letter, demonstrate Sanofi's desire to portray a picture that is very different than that illustrated by the facts as they presented in real time for this company.

Insofar as Sanofi's motion *in limine* seeks to exclude testimony from Sanofi company witnesses, *see* Defendants' Motion in *Limine* No. 26 at fn. 2, testimony of Sanofi company witnesses is not hearsay. *See* Fed. R. Evid. 801.

Any further hearsay objections may be raised at trial as the evidence is presented.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* No. 26.

Dated: August 6, 2019                                        Respectfully submitted,

*/s/ Darin L. Schanker*                                      */s/ Rand P. Nolen*
Darin L. Schanker                                            Rand P. Nolen
Bachus & Schanker, LLC                                       Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700                               2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                                             Houston, TX 77056
Phone: (303) 893-9800                                        Phone: (713) 621-7944
Fax: (303) 893-9900                                          Fax: (713) 621-9638
dschanker@coloradolaw.net                                    rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*                     *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*                                  */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                             GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                              6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                 Los Angeles, California 90045
Phone: (504) 355-0086                                        Telephone: 510-350-9700
Fax: (504) 355-0089                                          Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                       kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                       */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                   Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN                                          BARRIOS, KINGSDORF & CASTEIX, LLP
DAVID MEUNIER & WARSHAUER, LLC                               701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                      New Orleans, LA 70139
New Orleans, LA 70163-2800                                   Phone: 504-524-3300
Phone: 504-522-2304                                          Fax: 504-524-3313
Fax: 504-528-9973                                            barrios@bkc-law.com
plambert@gainsben.com

                                                             *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS