UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO**
Barbara Earnest, Case No. 2:16-cv-17144

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING FOREIGN LABELING AND REGULATORY ACTIONS (MOTION *IN LIMINE* NO. 24)

Sanofi's Motion *in Limine* No. 24 proceeds on a suspicion about a hypothetical trial strategy without specificity or any context that would permit this Court to make an informed ruling. For this reason alone, it could and should be denied without prejudice. *See, e.g.*, *Yates v. Ford Motor Co.*, No. 5:12-CV-752-FL, 2015 WL 2189774, at *14 (E.D.N.C. May 11, 2015) (declining to grant motion "broadly seeking to exclude evidence of foreign regulatory actions" when that motion "lack[ed] specificity and context").

Notwithstanding that, Plaintiffs have no intention of invoking foreign labeling requirements or agency actions to establish a standard for Sanofi's behavior in the United States. To the extent evidence involving foreign agencies may be presented at trial, Plaintiffs would only do so to establish Sanofi's notice and/or knowledge of safety concerns arising in the context of communications with those agencies. Use of this type of evidence to speak to notice and knowledge has broad support in the case law, with MDL courts in pharmaceutical failure-to-warn cases ruling time and again that it is not only relevant, but also far more probative than prejudicial. Accordingly, the Court should deny Sanofi's motion and permit this use of the evidence at trial.

## II. ARGUMENT

At trial, Plaintiffs may use Sanofi's interactions with foreign regulatory authorities as evidence of safety signals for Taxotere and permanent or irreversible alopecia, consistent with Sanofi's internal pharmacovigilance standards.  (*See*, *e.g.* Ex. A, Amy Freedman, M.D. (Sanofi Global Safety Officer) Dep. 32:15-34:02, Oct. 25, 2018.)  Such use at trial would be limited to the issue of Sanofi's notice and/or knowledge of this safety issue, a use expressly sanctioned by the majority of MDL courts considering the issue, as opposed to foreign regulatory actions or labeling used to establish labeling standards of care under state law.

The authorities on which Sanofi's broad argument relies in fact support this use of foreign regulatory evidence that speaks to knowledge or notice.  For instance, in *In re Xarelto*, Plaintiffs argued "that evidence of foreign labeling goes to Defendants' knowledge and state of mind," and defendants agreed that such use was permissible.  *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2780760, at *6 (E.D.La. May 26, 2017).  The court ruled "that anything the Defendants have said to anyone, even foreign regulatory bodies, should be admissible." *Id.*  In the *Mirena IUD* litigation, the MDL court likewise permitted the jury to hear evidence of such interactions and communications for this purpose. *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 487-88 (S.D.N.Y. 2016) ("To the extent Bayer's interactions with [German regulators] cast light on what Bayer knew and when it knew it, direct evidence of those interactions may be introduced to the extent relevant [. . . .]").

This view enjoys broad support in the case law.  Hearing Rule 401, 402, and 403 challenges to evidence related to labeling or regulatory actions outside the U.S., the MDL court in *In re Tylenol* agreed that foreign labels "are evidence of the defendants' knowledge of potential risks related to their products." *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab.*

*Litig.*, 181 F. Supp. 3d 278, 306-307 (E.D.Pa. 2016).  Recognizing that "the admission of foreign labels may require context of a foreign country's regulatory system in order to present them accurately," the court believed it was "possible for the plaintiff to offer evidence that foreign regulatory agencies raised concerns about acetaminophen dosing years before the decedent's death, to show notice and/or knowledge." *Id.* at 307; *see also Knight v. Boehringer Ingelheim Pharm., Inc.*, 323 F. Supp. 3d 809, 826 (S.D. W.Va. 2018) ("The foreign labels and Data Sheet demonstrate Defendant's knowledge and beliefs regarding the bleed risks of Pradaxa. [. . .] The Court finds that this evidence is relevant, establishing what [defendant] knew and believed regarding the bleed risks with certain patients on Pradaxa."); *McWilliams v. Novartis AG*, No. 2:17-CV-14302, 2018 WL 3369655, at *6 n. 2 (S.D. Fla. July 9, 2018), *on reconsideration in part,* No. 2:17-CV-14302, 2018 WL 3637083 (S.D. Fla. July 31, 2018) ("Because the company transcends international boundaries, the labeling in other countries could bear on what information the company's executives were privy to and when they recognized the alleged connection between [the drug] and [the injury]. The Court will permit this evidence, as it may bear on [defendant's] knowledge and the notice it had of [the drug]'s side effects.") (citations and quotations omitted).

Courts have also regularly found that the probative value of this type of evidence outweighs Rule 403 concerns voiced by defendants seeking its exclusion.  The court in *In re Tylenol* found that concerns of prejudice or confusion were unfounded because a "jury instruction can be given to ensure that jurors understand the limited nature of this evidence."  181 F. Supp. 3d at 307; *see Knight*, 323 F. Supp. 3d at 826-27 (rejecting arguments of confusion, unfair prejudice, and misleading the jury and doubting the likelihood that "mini trials" on foreign regulatory decisions would result).  The "full body of knowledge including the foreign regulatory process that came to bear on the drugs at issue" is admissible in determining "whether all the information which should

have been utilized [. . .] was so utilized." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391, at *2 (S.D. Ill. Dec. 22, 2011) (holding that because the jury can be instructed that foreign regulatory actions are not binding on the FDA, any concerns of prejudice do not outweigh the "clearly probative" value of evidence the drugmaker's knowledge gained in interacting with those regulators); *see also In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, No. 14 C 1748, 2017 WL 2313201, at *3 (N.D. Ill. May 29, 2017) (finding probative value of foreign regulatory evidence "outweighs potential to be misleading or to unfairly prejudice" where "the evidence does not require extensive understanding of [foreign] regulatory procedure"). This is especially so where "plaintiffs are not presenting *final* regulatory action to which a jury might defer out of confusion" but rather "presenting only preliminary actions in Europe, in conjunction with defendants' responses," just as Plaintiff does in the instant case. *In re Levaquin Prod. Liab. Litig.*, No. 08-1943 JRT, 2010 WL 4676973, at *5 (D. Minn. Nov. 9, 2010).

   This is particularly relevant and probative in the present action where Sanofi seeks to draw a meaningful distinction between the meaning of the words "ongoing," "persistent," and "permanent." (*See* Defs. Mot. *in Limine* No. 25, Rec. Doc. 7668.) However, Sanofi represented to a foreign regulator, the European Medical Agency, in January 2013 that the 29 patients identified in TAX-316 as "ongoing" at the end of follow-up were suffering from "persisting alopecia" at the end of follow-up—thereby conflating its own argument that these are distinct terms with each having an individualized meaning. (*See* Ex. B, Sanofi_01282459.)

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* No. 24, and deny it *with prejudice* as to evidence relevant to Sanofi's knowledge or notice of the safety issue of permanent alopecia.

| | |
|---|---|
| Dated: August 6, 2019 | Respectfully submitted, |
| */s/ Darin L. Schanker* | */s/ Rand P. Nolen* |
| Darin L. Schanker | Rand P. Nolen |
| Bachus & Schanker, LLC | Fleming, Nolen & Jez, L.L.P. |
| 1899 Wynkoop Street, Suite 700 | 2800 Post Oak Blvd., Suite 4000 |
| Denver, CO 80202 | Houston, TX 77056 |
| Phone: (303) 893-9800 | Phone: (713) 621-7944 |
| Fax: (303) 893-9900 | Fax: (713) 621-9638 |
| dschanker@coloradolaw.net | rand_nolen@fleming-law.com |
| | |
| *Counsel for Plaintiff, Barbara Earnest* | *Trial Counsel for the PSC* |
| *Trial Counsel for the PSC* | |
| | |
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |
| 1100 Poydras Street, Suite 2505 | 6701 Center Drive West, Suite 1400 |
| New Orleans, Louisiana 70163 | Los Angeles, California 90045 |
| Phone: (504) 355-0086 | Telephone: 510-350-9700 |
| Fax: (504) 355-0089 | Facsimile: 510-350-9701 |
| ccoffin@pbclawfirm.com | kbm@classlawgroup.com |
| | |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Anne Andrews | Daniel P. Markoff |
| Andrews & Thornton | Atkins & Markoff Law Firm |
| 4701 Von Karman Ave., Suite 300 | 9211 Lake Hefner Parkway, Suite 104 |
| Newport Beach, CA 92660 | Oklahoma City, OK 73120 |
| Phone: (800) 664-1734 | Phone: (405) 607-8757 |
| aa@andrewsthornton.com | Fax: (405) 607-8749 |
| | dmarkoff@atkinsandmarkoff.com |

5

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS