UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO Barbara Earnest, Case No. 2:16-cv-17144 | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT THAT "ONGOING ALOPECIA" DATA OBSERVED IN THE TAX316 AND GEICAM 9805 CLINICAL TRIALS REPRESENTS EVIDENCE OF "PERSISTENT," "PERMANENT," OR "IRREVERSIBLE" ALOPECIA (MOTION*IN LIMINE* NO. 25)**

Sanofi's Motion *in Limine* No. 25 doubles down on the same incredible arguments made in its other pre-trial memoranda to seek no less than the wholesale exclusion at trial of Taxotere's clinical trial data as evidence of causation and notice. Its argument is largely semantic, proceeding on the flimsy premise that because the TAX316 and GEICAM 9805/TAX 301 data only captured the presence of alopecia that was ongoing "at a particular moment in time," we can never be sure that it was truly *permanent*. Sanofi attempts to prove that "ongoing" is not "permanent" to the Court by pointing to *one instance* from the *32 cases* of "ongoing alopecia" recorded in the combined data that it claims did not reach six months' follow-up because of discontinuation of the drug. Sanofi also incorrectly suggests—without support—that each patient in its study must have been *formally diagnosed* with permanent alopecia in order for the data to have relevance to this case.

To the contrary, evidence of "ongoing alopecia" from Taxotere's clinical trials—the best of its kind on the issue of causation, and important on the issue of notice—should not be excluded under FRE 403 because it is highly probative to the injuries at issue in this case. It is indisputable

that Sanofi has put this data to use internally for years in the exact same way Plaintiff seeks to proffer it at trial—as evidence of patients' inability to regrow hair after chemotherapy.  Further, Sanofi has aggressively used this very data as a sword in this litigation, arguing that its submission to the FDA in 2004 preempts *all claims* in this MDL. As Sanofi's Motion once again offers little more than quibbling over diction, it has failed to show why under FRE 403 this highly probative evidence should be excluded at trial and accordingly should be denied.

I.   **ARGUMENT**

The significance and admissibility of Taxotere's clinical trials, TAX316 and GEICAM 9805/TAX 301, have been exhaustively briefed by the parties through numerous *Daubert*-related filings.  Sanofi nonetheless raises them here, arguing again that words matter more than substance, that "ongoing" is not "permanent," and that its clinical trial results cannot speak to the injury at issue in this MDL.  To the contrary, the terms "ongoing," "persistent," "irreversible," and "permanent" have all been used by Sanofi to describe the condition observed in Taxotere's clinical trials until drawing distinctions became advantageous in this litigation.  The use of its clinical trial data in this way is hardly a "misrepresentation" as Sanofi now claims but in fact was the company's practice for over a decade.

For instance, in March 2006, Sanofi's Amy Freedman, a Global Safety officer working on Taxotere, stated, "I know there were some irreversible cases of alopecia as documented in clinical trials" in response to a Danish doctor's inquiry about the reversibility of hair loss following use of the drug. (Ex. A, Sanofi_01035459.)  Years later in 2010, when regular inquiries about alopecia were coming in to Sanofi, and Sanofi was creating an internal document for use in responding to them, Global Safety Officer Emmanuel Palatinsky was asked about the incidence rate of permanent hair loss.  He responded:

> The current docetaxel CCDS [company core data sheet] version 23 presents **persistent alopecia** at 55 months in 22/687 (3%) from one study (TAX316), and 3/49 (6%) at 77 months in a different study (GEICAM9805). Even if we make the **reasonable assumption** that **persistent alopecia** after more than 4 years is consistent with **"permanent"** alopecia, I cannot estimate the general incidence rate of **permanent alopecia** when docetaxel is administered in combination with other chemotherapy agents on the basis of only two studies (both using the adjuvant TAC regimen in breast cancer).
>
> Given these limitations, I cannot say more than "**persistent alopecia** was reported in 3 to 6% of patients in two studies where adjuvant docetaxel was administered in combination with doxorubicin, and cyclophosphamide for breast cancer."

(Ex. B, Sanofi_05252078.) Then in 2012, Sanofi's head of pharmacovigilance in South Africa e-mailed global pharmacovigilance asking whether the company was investigating "permanent/longstanding/irreversible" alopecia following an inquiry on the topic. (Ex. C, Sanofi_04942169.) Dr. Palatinsky eventually responded by citing the TAX316 and GEICAM percentages of persisting alopecia (4.2 and 6.1%, respectively). The South African officer responded saying that she could not find anything about persisting alopecia in the CCDS, (*id.*). at which point Dr. Palantinsky sent her excerpted pages from the CCDS in which he drew an arrow to the TAX316 and GEICAM data. (Ex. D, Sanofi_04942173.) Importantly, this information was located in the CCDS under the heading "other persisting reactions." (*Id.*)

Further, calling the TAX316 data evidence of persistent, irreversible, or permanent alopecia is hardly a "misrepresentation" (as Sanofi claims) unless the company itself is guilty of making misrepresentations in its submissions to regulatory authorities. For instance, Sanofi pointed to the TAX316 and GEICAM data to show "persistent alopecia" in 29 of its Taxotere-arm patients in its 2013 responses to the European Medicines Authority's request for such data. (Ex. E, Sanofi_01282459 at 4; *see* Ex. F, Sanofi_04938219 at 3.)[1] Sanofi likewise submitted this

---

[1] In discussions that followed, the EMA considered these results to show "irreversible alopecia," "[a]s the median follow up was 96 months in TAX 316 and 77 months in the GEICAM study." (Ex. G, Sanofi_01363130 at 1-2.)

3

clinical trial safety data to the FDA in 2004, representing that the data showed "persistent" alopecia, and in this litigation has used that fact as the entire basis for its argument that Plaintiffs' claims for failure to warn of permanent alopecia are preempted. For these reasons, use of the TAX316 and GEICAM 9805 data as reflecting "persistent," "irreversible," or "permanent" alopecia would not mislead the jury, but lead it to the same conclusions reached internally and presented to regulatory authorities.

Sanofi's position in this motion is flatly contradictory to the company's position in its pharmacovigilance and regulatory dealings in the years before this litigation and should accordingly be rejected. Further, this evidence directly refutes Sanofi's litigation-driven reanalysis accomplished by Dr. Michael Kopreski and counsel, and its professed reason for such a reanalysis. The evidence Sanofi seeks to exclude impeaches its stated reason for enlisting Dr. Kopreski. Thus, the evidence is relevant, probative, and necessary to cross examine Sanofi's witnesses, including Dr. Kopreski, if he is allowed to testify concerning the reanalysis.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* No. 25.

Dated: August 6, 2019                              Respectfully submitted,

/s/ Darin L. Schanker                              /s/ Rand P. Nolen
Darin L. Schanker                                  Rand P. Nolen
Bachus & Schanker, LLC                             Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700                     2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                                   Houston, TX 77056
Phone: (303) 893-9800                              Phone: (713) 621-7944
Fax: (303) 893-9900                                Fax: (713) 621-9638
dschanker@coloradolaw.net                          rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*           *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com


J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com


Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                */s/ M. Palmer Lambert*
                M. Palmer Lambert