UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 2:16-cv-17144

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REFERRING TO SANOFI AS A "FRENCH" OR "FOREIGN" COMPANY (MOTION *IN LIMINE* NO. 22)**

In the teeth of a binding stipulation that prohibits Sanofi from contesting the admissibility of certain evidence concerning Sanofi-entities based overseas, Sanofi seeks to exclude evidence concerning its foreign French entities, impliedly claiming that Plaintiff will seek to introduce this evidence to exploit xenophobic fears. Sanofi offers no legitimate basis to support such a motion, and the cases it cites are inapplicable as involving a non-corporate defendant or are factually misconstrued.

I.   ARGUMENT

Sanofi's Motion to exclude evidence or argument regarding its French foreign entities should be denied for multiple reasons. First, evidence concerning the foreign French entities is admissible by agreement of the parties. On November 3, 2017, the parties entered the Stipulation of Terms Related to Defendants, Sanofi and Aventis Pharma S.A. ("Stipulation") (Rec. Doc. 1072). The Stipulation provides that, "Defendants shall not object to the admissibility of any evidence or argument at trial on the basis of the dismissal of the French Defendants or on the basis that documents came from foreign sources." (*Id.* at Section 6.) Defendants have additionally agreed not to move to exclude "references to the French Defendants' or their predecessor entities'

participation and role in the development, submission for approval, and commercialization of Taxotere, during preliminary proceedings and trial." (*Id.* at Section 8.)

Second, even if this stipulation did not exist, the fact that Sanofi S.A. and Aventis Pharma S.A. are foreign entities located in France should not be hidden from the jury because the information is necessary to put evidence into context. The information is no different from the identification of Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. as Delaware corporations with principal places of business in New Jersey or Ms. Earnest as a resident of Louisiana. There is simply no prejudice associated with the general fact that a company is located outside of the United States.

Third, it is highly probative and hardly prejudicial to address activities surrounding Taxotere that occurred in France. Several of the witnesses who will testify are or were from France and/or are or were employed by the French entities. In fact, prohibiting Plaintiff from referencing the foreign French entities would prevent Plaintiff from asking such basic questions like where the witness is employed.

Finally, Defendants misconstrue many of the cases it cites. For instance, in *Jinro Am. Inc. v. Secure Investments, Inc.*, the Court held that a new trial was required because the plaintiff had introduced expert testimony that most Korean businesses were corrupt, which "was so tinged with ethnic bias and stereotyping that it should have been excluded under Rule 403's balancing test." 266 F.3d 993, 1006 (9th Cir.). The Court, however, made clear that it did not find all references to a defendant's race, ethnicity or nationality to be objectionable:

> We do not suggest that expert testimony relating to certain aspects of a defendant's race, ethnicity or nationality can never be admissible. Testimony about cultural traits or behavior, for instance, is not *inherently* prejudicial. The cases we have just reviewed acknowledge as much.

*Id.* at 1008.  Likewise, the remaining of cases cited by Defendants fare no better. *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1046 (7th Cir. 2013) (involving individual defendant in claims of criminal distribution of illegal drug products); *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) (argument not pertaining to foreign corporate defendant); *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794 (6th Cir. 1993) (finding that *repeated* references to a defendants' nationality in the form of differing exchange rates *can* have a prejudicial effect) (emphasis added); *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) (finding that references to company being under foreign ownership and wealth of foreign company were prejudicial and irrelevant for purposes of punitive damages); *Foster v. Crawford Shipping Co.*, 496 F.2d 788, 792 (3d Cir. 1974) (finding argument that foreign company "ruin[ed] one of our citizens" to be improper").

In addition, and notably absent from Defendants quotation of the *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.* decision, is the provision that, "Plaintiff need not avoid the fact of Bayer's headquarter location in the natural course of discussing the facts of this case." 2011 WL 6740391, at *2-3 (S.D. Ill. Dec. 22, 2011).  The full ruling of the court in *Whirlpool Corp. v. TST Water, LLC* also includes an allowance for testimony regarding, "[t]he factual reality of place of manufacture, location of a facility, place of employment, and other kinds of factual matters that relate to location are permitted." 2017 WL 2931403, at *1 (E.D. Tex. Mar. 3, 2017).

## II.   CONCLUSION

Sanofi signed a binding stipulation that permits certain evidence about foreign-based entities. It should not be permitted to reap the benefits of that stipulation, only to disregard it on the eve of trial.

Beyond breaking its word, Sanofi's motion is not supported by case law and fails to account for the relevant, and non-prejudicial, bases for which Plaintiff Earnest would introduce such evidence or use such evidence to impeach.

For these reasons, this motion *in limine* should be denied.

Dated: August 6, 2019                              Respectfully submitted,

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS