UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
Barbara Earnest, Case No. 2:16-cv-17144.

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 10 TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING INSTANCES OF PERMANENT ALOPECIA AMONG THOSE PRESCRIBED TAXOTERE BY SANOFI'S EXPERTS**

It is well settled that an expert's testimony regarding clinical experience with a condition, product, or injury is relevant and admissible in a medical product lawsuit. Here, the testimony of Drs. Glaspy and Miletello regarding their clinical experience with hair loss following Taxotere treatment is probative and reliable—in fact, it is entirely consistent with similar testimony offered by Plaintiff's own expert, Dr. Linda Bosserman, which Plaintiff does not challenge with this motion. This testimony is not unduly prejudicial, and Plaintiff has presented no argument that it is. Accordingly, Plaintiff's Motion in Limine No. 10 (Rec. Doc. 7652) should be denied.

　　　A.　　**The Clinical Experience of Sanofi's Expert Oncologists with Taxotere Is Relevant, Reliable, and Admissible.**

Contrary to Plaintiff's position, evidence of Sanofi's experts' clinical experience with Taxotere and the occurrence of permanent alopecia is reliable, relevant, and admissible under Louisiana law. *See In re Vioxx Prod. Liab. Litig.*, 401 F. Supp. 2d 565, 580–81 (E.D. La. 2005) ("Nothing in Rules 702 and 703 or in *Daubert* prohibits an expert witness from testifying to confirmatory data, gained through his own clinical experience, on the origin of a disease or the consequences of exposure to certain conditions.") (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1014 (6th Cir. 1993)). Specifically, Judge Fallon held:

> Plaintiff challenges the admissibility of Dr. Lanza's and Dr. Wilson's testimony because it is anecdotal as opposed to scientific. According to the Plaintiff, since their testimony simply recounts their clinical experiences, it cannot be admitted as expert testimony. This assertion is incorrect. Expert witnesses are allowed to base their opinions on personal experiences provided that their opinions are confirmed by scientifically reliable data. Here, both doctors' personal experiences are supported by reliable scientific data. As such, their testimony is reliable, relevant, and admissible. Accordingly, the Plaintiff's motion to exclude the testimony of Dr. Lanza and Dr. Wilson is denied.

*Id.* at 580–81; *see also Payton v. Abbott Labs*, 780 F.2d 147, 156 (1st Cir. 1985) (finding prevalence of injury among patients treated by expert was "facts or data ... of a type reasonably relied upon by experts in the particular field in forming opinions" and admitting expert testimony).

Plaintiff cites no legal authority supporting her proposition that testimony based on an expert's clinical experience with the drug and/or injury at issue is irrelevant. *See generally* Sanofi's Motion *in Limine* No. 10 (Rec. Doc. 7720-1) at 29 (July 23, 2019). Indeed, Plaintiff has not challenged the opinions or scope of testimony of the two Sanofi testifying experts that prescribe Taxotere—Dr. John Glaspy and Dr. Gerald Miletello—under *Daubert* or on any other grounds. This is for good reason; these doctors' opinions are well supported by scientific data. *See* Glaspy Rep. at 19-23, 25-27 (citing the same clinical trial data Plaintiff's experts rely on to confirm opinions on prevalence of persistent alopecia after Taxotere and other chemotherapy agents) (**Ex. A**); Miletello Rep. at 7-10 (citing more than a dozen scientific articles as well as drug labels and testimony of Plaintiff's prescribing oncologist in support of opinions on risks and counseling regarding persistent alopecia) (**Ex. B**). Accordingly, these opinions are "reliable, relevant, and admissible." *See Vioxx*, 401 F. Supp. 2d at 580–81.

Plaintiff's attempt to distinguish admissible testimony based on an expert's clinical experience from third party case reports and adverse events is misplaced. *See* Motion (Rec Doc. 7652) at 1-2 ("such testimony cannot be effectively cross examined […] This is categorically

2

different than published case reports or documented adverse events reported to Sanofi from outside sources."). In fact, the opposite is true—any expert who testifies regarding personal clinical experiences with Taxotere can, of course, be cross examined on that testimony. Plaintiff has already had the opportunity to cross-examine all Sanofi experts and thoroughly explore the basis for any such opinions at their depositions. Both Dr. Glaspy and Dr. Miletello testified at their depositions regarding their clinical observations of permanent hair loss with Taxotere. *See, e.g.*, Miletello Dep. 262:12-14 ("And in my clinical practice in 33 years, I have yet to see a permanent alopecia in a Taxotere patient, and I've treated hundreds of them.") (**Ex. C**); Glaspy Dep. 101:8-10 ("I've only seen that four or five times in 30-some years. I haven't seen that very often at all.") (**Ex. D**). Plaintiff had ample opportunity to cross-examine the experts on these opinions and to acquire information necessary for effective cross-examination at trial.

By contrast, case reports and adverse event data is neither subject to cross-examination nor validated by peer review or any similar vetting process.[1] Such material consists of precisely the kind of "self-reported anecdotal accounts" that Plaintiff suggests should be excluded—except that it has been submitted by third parties, not testifying witnesses, and so it cannot be directly explored or challenged at trial. Plaintiff offers no support or explanation for the conclusory statement that case and adverse event reports are "categorically different" than an expert's clinical experiences— nor can she. In reality, the difference that concerns Plaintiff is that some of this evidence supports her claims, and some does not.

---

[1] *See* Sanofi's MIL No. 5 to Preclude Evidence or Argument Concerning Adverse Event Reports Involving Patients Other Than Plaintiff (Rec. Doc. 7720-1) at 13 (July 23, 2019).

### B. The Probative Value of Sanofi's Experts' Clinical Experience with Taxotere and Permanent Alopecia Outweighs the Prejudicial Effect of Such Evidence, If Any.

Plaintiff presents no argument or authority demonstrating the prejudicial effect that evidence based on an expert's clinical experience would have on Plaintiff, because there is none. To the contrary, such testimony is of great value to the jury because it provides critical, real-world context for the patient-doctor discussions and decisions that are key to assessing Plaintiff's claims. Such testimony also helps make abstract statistical arguments accessible to lay jurors by connecting them with a familiar reference point: a specific doctor's office where a specific practicing physician treats specific patients facing serious medical challenges.

Likewise, such testimony is not unduly prejudicial. For example, Plaintiff offers no reason to suspect that jurors will attach any undue weight to Sanofi's experts' testimony compared with similar testimony from Plaintiff's experts or other evidence offered on the issue of risk prevalence. Consistent with many of plaintiffs Motions *in Limine*, plaintiffs seek to preclude evidence presented by Sanofi, but not the same evidence presented by plaintiffs. The title and scope of Plaintiff's motion address only "patients prescribed Taxotere by *Sanofi's* experts." *See, e.g.*, Pltf's MIL Memo No. 10 at 2 (emphasis added). If the Motion were granted, Plaintiff's experts (namely Dr. Linda Bosserman, since Dr. Ellen Feigal has not prescribed chemotherapy for a breast cancer patient since Taxotere was approved in 1994) would remain free to testify regarding instances of permanent alopecia among the patients to whom *they* have prescribed Taxotere. Dr. Bosserman testified that she has treated hundreds of patients with Taxotere, but has only had two patients that she believes may have had permanent hair loss. *See* Bosserman Dep. 164:16-22 (**Ex. E**).[2] This

---

[2] To be clear, there is no question that this testimony from Dr. Bosserman is relevant and admissible, and it has not been challenged by either party. Given that Dr. Bosserman will testify regarding her clinical experiences and observations, it would be inequitable and prejudicial to deny the same opportunity to Sanofi's experts.

4

number—even lower than that reported by Dr. Glaspy—assuages any concerns that Dr. Glaspy's clinical experience is somehow abnormal or unreliable. Similarly, Plaintiff identifies nothing about such testimony that would appeal to juror biases or incite emotions that overwhelm reason.

By contrast, granting Plaintiff's motion would substantially prejudice Sanofi by denying it the opportunity to challenge Plaintiff's (unreliable) prevalence arguments with real-world evidence. It would also create a disparity between the parties: Plaintiff's experts will be able to offer testimony regarding personal observations of permanent alopecia with Taxotere (and what inferences they may or may not draw from those observations), while Sanofi's experts would not. Such undue prejudice warrants denial of Plaintiff's Motion.

### C. Conclusion

For the foregoing reasons, Plaintiff's Motion *In Limine* to Preclude Testimony and Evidence Regarding Instances of Permanent Alopecia Among Those Prescribed Taxotere by Sanofi's Experts (Plaintiff's Motion *In Limine* No. 10, Rec. Doc. 7652) should be denied.

Date: August 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore