UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
Barbara Earnest, Case No. 16-cv-17144
Jacqueline Mills, Case No. 17-cv-2689

**Plaintiffs' Memorandum in Opposition to Sanofi Defendants' Motion for Interlocutory Appeal of Orders Denying Summary Judgment as to Proximate Causation**

## Introduction

On July 9, 2019, this Court denied summary judgment in the *Earnest* and *Mills* cases, finding genuine issues of fact exist as to proximate causation. (Doc. 7571.) Sanofi now asks permission to pursue an interlocutory appeal under 28 U.S.C. § 1292(b) of this non-final Order. That request fails for two independent reasons.

*First*, interlocutory appeals under § 1292(b) are reserved for pure questions of law. The Fifth Circuit has thus held that it lacks appellate jurisdiction to review a legal conclusion that there is genuine issue of fact in dispute. Because this Court's non-final Order on summary judgment found genuine issues of fact exist as to proximate causation, such an order is not immediately appealable but must await final judgment.

*Second*, even if an interlocutory appeal could lie from this Court's non-final Order, Sanofi cannot show that the Court's Order is an exceptional circumstance warranting an immediate interruption in trial proceedings. Exceptional circumstances exist only when an immediate appeal would materially advance the litigation. But here an immediate appeal would delay resolution of these cases and the MDL. The parties are weeks away from a trial in *Earnest*, after which Sanofi

1

can appeal from a final judgment, raising all legal issues in a single appeal. It makes little sense to stay this entire MDL, particularly its first bellwether trial, for months if not years so that the Fifth Circuit can consider a single issue in *Earnest* and *Mills*.

Further, Sanofi cannot show that this Court's Order involves a controlling question of law as to which there is a substantial ground for a difference of opinion. An order denying summary judgment because of genuine issues of fact hardly presents a pure legal question that can be decided on an undisputed record. Besides, courts are not divided on the law of proximate causation as applied in a failure-to-warn case. The Court merely applied settled law to the particular facts of these cases.

In the end, Sanofi can do little more than express vehement disagreement with this Court's non-final Orders, but that is not grounds for an interlocutory appeal. The request should be denied.

## Argument

### I. The Court's Order on summary judgment finding genuine issues of fact is not immediately appealable.

Although the Fifth Circuit "can review [on an interlocutory basis] a district court's conclusion that an issue of law is material," the court of appeals lacks jurisdiction to review whether a factual dispute is "genuine." *Reyes v. City of Richmond, Tex.*, 287 F.3d 346, 350 (5th Cir. 2002). Thus, "orders that resolve a fact-related dispute of evidence sufficiency, i.e. which facts a party may, or may not, be able to prove at trial are not immediately appealable and must await final judgment." *Cantu v. Rocha*, 77 F.3d 795, 802 (5th Cir.1996).

This settled law precludes Sanofi's interlocutory appeal. As Sanofi recognizes, this Court denied summary judgment in the *Earnest* and *Mills* cases because there are genuine issues of fact as to proximate causation. (Defs' Mem. at 1.) As to Plaintiff Earnest, the Court concluded:

2

> The testimony from Dr. Carinder and Earnest creates an issue of fact. The testimony shows that Earnest had a viable alternative to Taxotere. The jury will need to hear the testimony at trial and decide whether Earnest would have chosen paclitaxel despite her neuropathy or whether she would have still chosen Taxotere knowing of its risk of permanent alopecia.

(Order at 21.) As to Plaintiff Mills, the Court concluded:

> In the Mills's case, the evidence is sufficient to create an issue of fact on whether Ms. Mills and Dr. Shah would have decided on a non-Taxotere regimen for her treatment if Dr. Shah had been adequately warned by Defendants.

(Order at 16.)

Sanofi's argument that it is entitled to judgment as a matter of law based on proximate causation "clearly rests on a portrayal of contested issues of fact in a light that is not most favorable to the plaintiff." *Goffney v. Carr*, 78 F. App'x 974, 975, 2003 WL 22430740 (5th Cir. 2003) (unpublished). Even Sanofi's phrasing of the purported controlling question of law takes issue with the "*evidence* that the plaintiff may have chosen to receive a different chemotherapy treatment even if the *evidence* established that the treating oncologist would not have changed his or her prescribing decision." (Defs' Mem. at 3) (emphasis added).

Because the court of appeals lacks jurisdiction to review a summary judgment order finding that a factual dispute is "genuine"—which is all this Court held—Sanofi's request for an interlocutory appeal should be denied.

## II.     Sanofi cannot show exceptional circumstances warranting an appeal.

Interlocutory appeals are the exception to a "general rule . . . that 'the whole case and every matter in controversy in it must be decided in a single appeal.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665–666 (1891)) (brackets omitted). The final-judgment rule, now codified in 28 U.S.C. § 1291, has been the default rule since the "very foundation of our judicial system" because it "preserves the proper balance between trial

and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Id*.

Contrary to Sanofi' submission, it is not the case that a trip to the appeals court in the course of trial court proceedings is a sensible and efficient course whenever a district court rules on important or complex issues, or even issues of first impression. Quite the opposite, it is strict adherence to the final-judgment rule that avoids protracted litigation, which is why interlocutory appeals are granted "sparingly" and only in "exceptional cases"—but never "merely to provide [early] review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *see also David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014) ("In determining whether certification is appropriate, the Court is mindful that interlocutory appeal is 'exceptional' and 'does not lie simply to determine the correctness of a judgment.'") (quoting *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983)).

"For a party to obtain review under § 1292(b), the district court must certify that the interlocutory order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Baker*, 137 S. Ct. at 1708 (citation omitted). "The district court cannot certify an order for interlocutory appeal unless all three criteria are present." *David*, 37 F. Supp. 3d at 839 (citation omitted).

Courts thus deny requests for interlocutory appeal if any one of three criteria is met. For example, in *David*, the district court denied such a request solely because an immediate appeal would not have materially advanced the litigation, and thus the court did not need to consider whether the non-final order involved a controlling legal question on which there was substantial disagreement.

This Court should follow that approach here because it is clear that an immediate appeal in these cases coupled with a stay would impede rather than materially advance the ultimate resolution of this MDL. The parties are poised to try *Earnest* in a matter of weeks, after which Sanofi can take an appeal from any adverse final judgment. Sanofi can raise proximate causation and any other legal issues in a single appeal, and the Fifth Circuit can address such legal questions on a set record, *i.e.*, after any genuine disputes of fact are resolved by the jury. What's more, Sanofi's disagreement with this Court's rulings under Louisiana and Georgia law are essentially the same and do not turn on any quirk of state law. The Fifth Circuit's resolution of this issue in Earnest after a final judgment may provide guidance in Mills. There is no good reason, however, to authorize piecemeal appeals, and certainly no reason to authorize an appeal in one or both cases and to stay this MDL.

Sanofi's suggestion to the contrary is blind to reality. Sanofi merely seeks to avoid any trial at all costs, without considering that it is a trial that will materially advance the resolution of this litigation. The company's request for an immediate appeal on a single issue affecting only two states in this nationwide MDL, coupled with its request for a stay of this entire MDL, never comes to grips with the fact that the Fifth Circuit may take a year (or longer) to decide an appeal.[1] And once that appeal is decided, the parties will be back before this Court having to litigate these same issues on similar or even different fact patterns—not to mention all the other legal issues Sanofi has raised. Delay rather than advancement is all that Sanofi's proposal portends. *See Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Nos. 3:11–CV–003–K, 3:10–CV–2541–K, No. 09–30453(SGJ),

---

[1] "As of June 30, 2018, there were 4,848 cases pending in the Fifth Circuit. Administrative Office of the U. S. Courts statistics showed the median time from filing the notice of appeal to issuance of the court's opinion was 9.8 months." Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit at 2, available at http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf.

2011 WL 610016, at *5 (N.D. Tex. Feb. 14, 2011) ("An appeal materially advances the termination of litigation when it accelerates or simplifies trial proceedings.").

In this posture, "Courts have frowned upon allowing an interlocutory appeal of a denial of summary judgment. Instead, courts prefer to let the trial resolve the outstanding issues." *Mills v. Everest Reins. Co*., 771 F.Supp.2d 270, 273 (S.D.N.Y.2009)); *Maryland Cas. Co. v. W.R. Grace & Co*., 128 F.3d 794, 797–98 (2d Cir. 1997) (dismissing interlocutory appeal because trial would resolve many outstanding issues). There is no reason to reach a different conclusion here for Earnest or Mills.

There are yet more reasons to deny Sanofi's request for an immediate appeal and a stay. The Court's Order does not even involve a controlling question of law. A § 1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re Worldcom*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000)). Courts thus regularly deny requests for interlocutory appeal from an order on a mixed question of law and facts or the application of appropriate law to relevant facts. *See In re Facebook, Inc., IPO Sec. & Derivative Litig*., 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (collecting examples); *see also Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. June 18, 2010) (collecting cases and finding that challenge to court's application of law to the facts does not satisfy § 1292(b)).

Here, even assuming there could be appellate jurisdiction, it is settled that "[t]he antithesis of a proper Section 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Mills v. Everest Reins. Co.*, 771 F.Supp.2d 270, 275–76 (S.D.N.Y.2009) (citing *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Sanofi thus cannot show that the Court's

Order finding genuine issues of fact exist as to proximate cause in fact presents the type of controlling legal question suitable for an interlocutory appeal under § 1292(b).

Lastly, Sanofi cannot show that there is substantial ground for difference of opinion as to proximate causation under Louisiana and Georgia law. The Court minted no new legal rule but merely applied settled standards to the particular facts of these cases, finding that genuine disputes of fact exist.

It is telling that Sanofi can show no substantial difference of opinion among the courts. The company merely rehashes its arguments from the summary judgment stage, claiming the Court made a mistake, which is improper. *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004) (interlocutory appeal is not intended as a "second bite at the apple" that allows the moving party to reargue issues that the court has already addressed and rejected).

At bottom, Sanofi simply disagrees with the Court's ruling. But "[m]ere disagreement, even if vehement, with a ruling does not establish substantial ground for difference of opinion." *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182 (M.D. La. 2011).

## Conclusion

For these reasons, the Court should deny Sanofi's motion for an interlocutory appeal and a stay of this proceeding.

Dated: August 6, 2019         Respectfully submitted,

*/s/ Christopher L. Coffin*           */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)         Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.       Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505        GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163           6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                  Los Angeles, California 90045
Fax: (504) 355-0089                    Telephone: 510-350-9700

ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

8

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT