UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**
Barbara Earnest, Case No. 2:16-cv-17144.

**SANOFI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
EXCLUDING IMPROPER ARGUMENTS OR SUGGESTIONS REGARDING FDA
APPROVAL (PLAINTIFF'S MOTION *IN LIMINE* NO. 13, REC. DOC. 7659-1)**

The pharmaceutical industry is a highly-regulated environment. *See* 21 U.S.C. § 355; 21 C.F.R. § 201.57(a) (2018). As set forth by Congress, the FDA was created to "[protect] the public health by assuring the safety, effectiveness, quality, and security of . . . drugs, vaccines, and other biological products, and medical devices."[1] Indeed, the FDA must approve all pharmaceutical products before they can be marketed or sold, and pharmaceutical companies, like Sanofi, must comply with stringent regulations for the content and order of safety information on pharmaceutical labeling. 21 U.S.C. § 355(a); 21 C.F.R. § 201.57(c).

Plaintiff seeks to broadly exclude evidence and argument related to FDA approval of Taxotere. Specifically, Plaintiff seeks to prevent Sanofi from asserting defenses related to: (1) the FDA's review and approval of Taxotere; (2) Sanofi's inability to unilaterally change the Taxotere label without permission from the FDA; (3) the FDA's rejection of proposed Taxotere label updates in 2004 and 2010; and (4) the FDA's deletion of information related to persistent alopecia in 2010 following industry-wide changes to patient labeling. However, exclusion of this evidence would be improper. Sanofi has offered two qualified regulatory experts applying standard

---

[1] *FDA Fundamentals*, Food and Drug Administration, https://www.fda.gov/about-fda/fda-basics/fda-fundamentals (last visited Aug. 5, 2019).

methodologies based on reliable data—including the information targeted by Plaintiff's Motion. Plaintiff has not challenged these experts' methodologies or credentials at any point in this litigation.[2]. A motion *in limine* is not an acceptable backdoor for doing so.

Prohibition of such evidence would also be unreasonable and improper as evidence related to these topics is relevant to material issues in this litigation. Indeed, granting this Motion would allow Plaintiff to introduce her own arguments regarding Sanofi's alleged duties to the FDA while simultaneously diminishing the regulatory power of the FDA over pharmaceutical labeling, drawing conclusions ultimately reserved for the jury, and hamstringing Sanofi's ability to present a complete defense. Accordingly, Plaintiff's Motion *in Limine* to Exclude Improper Arguments or Suggestions Regarding FDA Approval (Plaintiff's Motion *in Limine* No. 13, Rec. Doc. 7659) should be denied.

> **A.    Evidence Of FDA's Review And Approval Of The Taxotere Label Is Admissible.**

Plaintiff seeks to preclude argument or suggestion that "FDA review and approval equates to Taxotere being "safe and effective." Rec. Doc. 7659, at 1. More specifically, Plaintiff asserts that FDA approval simply establishes that Taxotere met the "minimum safety and efficacy standards for approval for marketing under 21 U.S.C. § 355(b)," not that the drug has "met any standard for absolute safety or efficacy under any and all circumstances." *Id.* at 2. However, Plaintiff's assertions drastically understate FDA's role in ensuring that each "drug is safe for use under the conditions prescribed, recommended, or suggested" in its "labeling." 21 U.S.C. §

---

[2]   Plaintiff offers her own regulatory expert who presents opinions contrary to FDA regulation and the record in this case. The opinions of this expert are the subject of the Memorandum in Support of Sanofi Defendants' Motion to Exclude Expert Testimony of David A. Kessler, M.D., J.D. (Rec. Doc 6146) (Feb. 8, 2019). These opinions are also the subject of Defendants' Motion for Summary Judgment as Plaintiff's failure to warn claim hinges on a label change that the FDA rejected and declined to implement. *See* Defendants' Memorandum of Law in Support of their Motion for Summary Judgment Based on Preemption (Rec. Doc. 6131) (Feb. 2, 2019).

355(d); 21 U.S.C. § 355(m) (defining "labeling"); 21 U.S.C. § 352(f) (misbranding).  Moreover, evidence related to Sanofi's compliance with FDA regulations—regulations created by Congress, and intended to organize labeling information to better communicate "information necessary for the safe and effective use of prescription drugs" 71 Fed. Reg. 3922, 3928—is both relevant and probative of material disputes at the heart of this litigation.

Before a drug can be placed on the market or approved for a new indication, manufacturers must submit a new-drug application (or supplemental new-drug application) and proposed labeling to the FDA for review.  *Wyeth v. Levine*, 555 U.S. 555, 607 (2009); 21 U.S.C. § 355(a), (b)(1)(F); 21 C.F.R. 314.50(c)(2)(i).  Based on an independent "fair evaluation of all material facts," FDA must determine that the drug is "safe for use under the conditions prescribed, recommended, or suggested in the proposed labeling," and that the proposed label is not "false or misleading[.]"  21 U.S.C. § 355(d), (d)(7); 21 C.F.R. 314.125(b)(6).

The federal statutes and regulations that define the scope of FDA's authority are self-evident.  Sanofi should be permitted to introduce evidence and argument related to FDA approval of Taxotere and the Taxotere label under these statutes and regulations.  Indeed, Plaintiff's illustrative case, *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op. at 3x (E.D. La. Nov. 22, 2006) (Ex. A), demonstrates that Sanofi should be permitted to *argue* that FDA approval may indicate that the company met its standard of care—even though this argument cannot be presented as a matter of law.  Accordingly, this Court should deny Plaintiff's Motion and permit Sanofi to present arguments related to FDA approval of the safety of Taxotere and the adequacy of Taxotere's label.  Such evidence is relevant and probative of core issues in this litigation.

B.  **Argument Regarding Unilateral Changes To The Taxotere Label Under The "Changes Being Effected" Framework Is Relevant And Probative To Key Facts In This Litigation.**

Plaintiff next seeks to preclude evidence or argument related to Sanofi's inability to use the "changes being effected" [CBE] framework to unilaterally change the Taxotere label without permission from FDA. Rec. Doc. 7659, at 1. The FDA's CBE framework is the only regulatory mechanism under which companies can unilaterally change an FDA-approved label. CBE protocols can be invoked only "if the change is designed to 'add or strengthen a . . . warning' where there is 'newly acquired information' about the 'evidence of a causal association' between the drug and a risk of harm'" that has not been previously submitted to the Agency. *Merck Sharp & Dohme v. Albrecht*, 139 S.Ct. 1668, 1673 (2019) (quoting 21 C.F.R. § 314.70(c)(6)(iii)(A)); *see also In re Celexa*, 779 F.3d 34, 41-42 (1st Cir. 2015). To the extent a manufacturer lacks "data, analysis, or other information not previously submitted to the agency," no unilateral label changes are permitted. 21 C.F.R. 314.3(b).

To assert that Sanofi failed to unilaterally change the Taxotere label, Plaintiff must show that there was new information revealing a greater risk of permanent alopecia than previously disclosed to the FDA between 2004 and 2011. However, Plaintiff has not—*and cannot*—identify new information of an alleged "greater risk" of permanent alopecia that was not shared with the Agency.

Plaintiff may attempt to point to clinical trial data to demonstrate that Sanofi withheld "undisclosed information" from FDA, but this argument contradicts well-settled facts in this case. Sanofi's clinical trial data (spanning from 2004 to 2011) was not new or undisclosed information. In fact, this data—data from the TAX 316 clinical trial—formed the basis for FDA's approval of the 2004 Taxotere label. Expert Report of Justin R. Victoria (Victoria Rpt.) 48-50 (Ex. B). These

4

clinical trial results demonstrated ongoing alopecia in 3.2% of TAC trial participants as of the last follow up visit in the follow up period. *Id.* at 51. Pursuant to federal statute, FDA analyzed this data and made independent findings and conclusions. Based on the information presented, FDA approved the labeling statement that "*hair generally grows back*" as "not false and misleading." 21 C.F.R. 314.125(b)(6); Victoria Rpt. at 51-56. Importantly, in making its independent findings and conclusions, FDA *rejected* Sanofi's proposed revision to the Adverse Reaction section of the U.S. Patient Insert [USPI] to include "Other persistent reactions," including alopecia. Victoria Rpt. In 2009, Sanofi submitted the TAX301 clinical data, and in 2010 the company submitted the 10-year follow-up data for TAX316. Both studies presented data consistent with the TAX 316 5-year data submitted to FDA in 2004. *Id.*; *see also id.* at 63-65.

As demonstrated, the information outlined by Plaintiff was timely submitted to FDA and, thus, cannot be considered "newly acquired information" "not previously submitted to the agency." *See Celexa*, 779 F.3d at 42-43. In addition, Plaintiff has failed to identify anything from 2004-2011 that would suggest a risk of permanent alopecia beyond the type, severity, and frequency of persisting alopecia reported to FDA. Accordingly, Sanofi must be allowed to defend against Plaintiff's false assertions that it failed to unilaterally change the Taxotere label to include an alopecia-related warning, when such action could not be accomplished unilaterally.

  **C. The FDA Did Not Approve An Alopecia-Related Label Update in 2004 Or 2010, And Evidence Of Such Is Relevant And Admissible.**

Next, Plaintiff's Motion seeks to prohibit evidence and argument related to FDA's rejection of alopecia-related label updates in 2004 and 2010. Rec. Doc. 7659, at 1. But such evidence is relevant and admissible to disprove core elements of Plaintiff's case—namely, that Sanofi failed to timely present an alopecia-related label update to the FDA. Indeed, this evidence is particularly relevant because it shows that the FDA reviewed and rejected an alopecia-related label update

5

between 2004 and 2011 because the only data available at that time was reporting rates of alopecia persisting into the follow-up period of Taxotere clinical trials.

Based on data collected during the TAX316 trial, Sanofi proposed adding language to the Adverse Reaction section of the USPI identifying alopecia as a "persistent reaction." Victoria Rpt. 48-56 (Ex. B). Yet, the FDA rejected Sanofi's proposal and approved the label without reference to alopecia (only hair loss). *Id.* Although Sanofi submitted additional clinical trial data illustrating some experiences of persisting alopecia among trial participants, FDA repeatedly re-approved the Taxotere label without a recommendation or statement relating to alopecia. *Id.* at 48-65. Throughout this process, FDA determined that persisting reactions of alopecia should not appear on the Taxotere label in 2004, rejected proposed labeling changes that would include alopecia-specific warnings, and declined to implement labeling changes advanced by Plaintiff's experts based on the information available during that time.

In further attempt to conceal the FDA's rejection of an alopecia-related label update, Plaintiff seeks to exclude documented discussions between Sanofi and FDA relating to 2004 and 2010 labeling. Specifically, Plaintiff seeks to exclude FDA's "redline strikethroughs and edits" on Sanofi's proposed label submissions. However, these documents are records of a public agency under Federal Rule of Evidence 803(8) and records of regularly conducted activity under 803(6). First, the FDA communications are exceptions to hearsay as records and statements of a public office setting out their activities, observations under legal duty, and legally authorized investigations. Fed. R. Evid. 803(8). Second, a record of an act, event, or opinion is not considered hearsay if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

>   (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
>   (C) making the record was a regular practice of that activity;
>
>   (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
>   (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Proposed label submissions and FDA feedback on the same certainly qualify under both exceptions to the rule against hearsay. These documents are a record of an event and subsequent opinion, made at the time of the label submission discussions by a person with knowledge, kept in the normal course of business, and prepared in the normal course of business. Multiple Sanofi company and expert witnesses have authenticated or identified the documents at issue, they have been listed as red ribbon exhibits by Sanofi on its exhibit list where applicable, and Plaintiff has not provided any real evidence indicating that these communications with the FDA "lack of trustworthiness."

Accordingly, Sanofi should be permitted to introduce evidence and/or argument regarding FDA's decision to exclude alopecia in a "persisting reactions" section of the Taxotere label. Such evidence is relevant to the core issue of this case—whether Sanofi provided adequate warnings regarding alopecia. Thus, its probative value far outweighs any minimal risk of prejudice to Plaintiff.

> **D.  Sanofi Should Be Permitted To Present A Defense Related to FDA's Deletion Of Alopecia-Related Information In The 2010 Label Because This Information Is Relevant and Probative of Material Facts At Issues In This Case.**

Lastly, Plaintiff seeks to exclude evidence indicating that "the FDA's deletion of information in the 2010 label is representative of any specific intent, knowledge, or belief by the FDA regarding the adequacy of the Taxotere label as it relates to permanent hair loss." Rec. Doc. 7659, at 1. However, omission of this evidence would be improper.

In May 2010, FDA proposed industry-wide changes to patient labeling for various drugs in the taxane therapeutic category. Among other changes, FDA rewrote the Taxotere patient labeling section and deleted the statement "hair generally grows back." In its place, FDA proposed one bullet point identifying hair loss as one of the most common side effects. FDA also proposed adding the sentence: "Tell your doctor if you have any side effect that bothers you or does not go away." All changes made to the Taxotere label were consistent with FDA proposals for other drugs in this therapeutic area. Victoria Rpt. 63-64 (Ex. B); Expert Report of Janet B. Arrowsmith (Arrowsmith Rpt.) ¶ 72 (Ex. C). These changes were approved by FDA on May 13, 2010. Victoria Rpt. 64; Arrowsmith Rpt. ¶¶73-75.

This label, and the changes proposed by FDA in 2010 are particularly relevant to this case, because this was the label at issue during Plaintiff's chemotherapy treatment. Sanofi must be permitted to offer evidence and testimony about these label changes. Indeed these facts are relevant to one of the most fundamental aspects of this case and, thus, the probative value of this information far outweighs any prejudicial effect the evidence could have on Plaintiff.

### E.       Conclusion

For the foregoing reasons, Plaintiff's Motion *in Limine* Excluding Improper Arguments or Suggestions Regarding FDA Approval (Plaintiff's Motion *in Limine* No. 13, Rec. Doc. 7659) should be denied.

Date: August 6, 2019

                                        Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

### **CERTIFICATE OF SERVICE**

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                        /s/ *Douglas J. Moore*
                                        Douglas J. Moore