UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
Barbara Earnest, Case No. 2:16-cv-17144.

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 14 TO EXCLUDE TESTIMONY AND ARGUMENT THAT TAXOTERE HAS SAVED LIVES**

　　　　Plaintiff's request to exclude testimony and argument regarding the benefits of Taxotere is unsupported by law and conflicts with the scope of Plaintiff's experts' opinions. The request is also unreasonable because Plaintiff's sole pending claim—that Sanofi's alleged failure to warn her of alopecia risk caused her to experience permanent hair loss—requires the witnesses and the jury to weigh the risks and benefits of Plaintiff's chemotherapy treatment options. There is simply no way for a jury to assess this claim without considering, among other things:

1. The risk-benefit profile of Taxotere that Plaintiff, her family, and Dr. Carinder would have had to weigh in deciding whether to proceed with treatment if warned as Plaintiff alleges she should have been; and

2. The possibility that Plaintiff may not be alive if she had not been treated with Taxotere.

Evidence of Taxotere's therapeutic benefits—including increased survivorship among breast cancer patients—is highly relevant to Plaintiff's claim and admissible. *See* Rules 401, 402. Accordingly, Plaintiff's Motion *in Limine* No. 14 (Rec. Doc. 7660) should be denied.

　　A.　　**Evidence Regarding the Benefits and Efficacy of a Drug is Relevant and Admissible in a Failure to Warn Case Under Louisiana Law.**

　　　　Evidence of a product's benefits is relevant and admissible in Louisiana product liability cases, including those involving pharmaceutical drugs. *See Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000) ("In both defective design and failure to warn cases courts have

applied a risk-utility analysis to determine liability," which requires a determination of "the utility of the product.") (applying Louisiana law); *see also In re Vioxx Prod. Liab. Litig.*, 401 F. Supp. 2d 565, 579–82 (E.D. La. 2005) (denying plaintiff's motion to exclude testimony that "the benefits of [the drug] outweighed its risks" because such testimony "is relevant to refuting the Plaintiff's claims," including a failure to warn claim, in pharmaceutical product MDL).

The risks associated with Taxotere must be considered in context with (1) its benefits and (2) the risks and benefits of alternate treatment options. *See, e.g.*, Carinder Dep. 68:12-69:19 (noting that Taxotere and paclitaxel have "helped increase survival rates," have "incredible efficacy in breast cancer," and that when Taxotere became available, Dr. Carinder "gravitated more towards using [Taxotere] [] because you didn't lose efficacy [compared to paclitaxel], but you reduced the infusion-related complications and the daunting neuropathy that a lot of patients get [with Taxol].") (Jan. 11, 2011); *id.* at 127:25-128:6 (noting that Dr. Carinder prescribes Taxotere today "because it works," is "effective," and is "a good drug") (**Ex. A**); *see also* Bosserman Dep. 536:1-7 ("Q: You certainly would agree that it's possible that [Plaintiff is] here and alive today because [she] received systemic treatment for [her] cancer that included Taxotere? A: Yes, I would agree to that statement.") (Dec. 10, 2018) (**Ex. B**). Testimony and argument regarding this benefit is admissible under Louisiana law.

That the risks and benefits of Taxotere, including survivorship benefits, are relevant to Plaintiff's claims is likewise evident from her own testimony and that of her friends and family. Plaintiff testified that her goal was "survival." *See* B. Earnest Dep. 176:2-3 (Dec. 21, 2017) (**Ex. C**). Her son Michael testified that with her treatment, Plaintiff "was doing what she needed to do to make sure that whatever she needed to do, as cancer treatments, whatever, **she was going to do**

**it to stay alive**." M. Earnest Dep. 70:1-25 (Apr. 17, 2018) (**Ex. D**). And her husband Ralph Sr. testified clearly about his concerns following Plaintiff's cancer diagnosis:

> Q. What were you worried about [when Plaintiff was diagnosed with breast cancer]?
>
> A. Losing her. This was the love of my life. I didn't want something to happen her. I wanted her to be with me until we grow older and grayer.
>
> Q. Any other worries that you had aside from the possibility of death? Did you worry about the treatment?
>
> A. At that particular point I was not concerned about the treatment. I was concerned about her getting healthy.
>
> Q. Were you concerned about the side effects she might have during treatment?
>
> A. At that point I wasn't worried about side effects. It didn't matter to me. I wanted her to get healthy and get back to a stage or point in her life where she wasn't concerned about the possibility of death.

R. Earnest Dep. 67:21-68:16 (Apr. 16, 2018) (**Ex. E**). The potential life-saving benefits of Taxotere were critically relevant to Plaintiff's decision to take Taxotere in 2011, and necessarily relevant to any decision calculus she suggests would have changed if the drug label had noted reports of permanent hair loss. Plaintiff's request to exclude efficacy evidence would mislead the jury with respect to the facts of Plaintiff's actual treatment, and prevent it from effectively assessing the claim she now raises. In effect, the request would force the jury to decide how Plaintiff would have weighed the benefits and risks of Taxotere without knowing the benefits she *would have* and *did in fact* consider. The Motion should be denied.

The three cases Plaintiff cites do not support her Motion. None of the cases apply Louisiana law[1] or involve a request to exclude evidence of any kind, much less limit a defendant's ability to present evidence of a drug's efficacy in a pharmaceutical drug failure to warn case.

---

[1] Plaintiff's statement that "Louisiana's product liability law does not consider any potential benefit of the drug" is thus wholly unsubstantiated—Plaintiff's Motion does not cite a single source of Louisiana law.

Rather, the cases stand for the proposition that a plaintiff cannot use evidence of a drug's purported *inefficacy* to bolster otherwise defective failure to warn claims.  *See LaBarre v. Bristol-Myers Squibb Co.*, 544 F. App'x 120 (3d Cir. 2013) (applying Florida law in affirming summary judgment against the plaintiff for failing to establish warning inadequacy, over plaintiff's objection that information on drug efficacy had not been provided by the defendant); *Solomon v. Bristol-Myers Squibb Co.*, 916 F. Supp. 2d 556 (D.N.J. 2013) (applying Texas law in granting summary judgment on the ground that there was no failure to warn of the particular risk at issue, discounting as irrelevant plaintiff's purported evidence that the drug was less effective than advertised);[2] *Needham v. White Labs., Inc.*, 639 F.2d 394, 402 (7th Cir. 1981) (applying Illinois law in reversing judgment for plaintiff because the trial court had erroneously and prejudicially admitted evidence that the drug was ineffective for the purpose prescribed).[3]  Even if jurisdictionally and procedurally apposite (which they are not), these cases in no way limit a defendant's ability to present evidence of a drug's *efficacy* in a pharmaceutical failure to warn case—which is entirely appropriate and permissible.  *See, e.g.*, *Krummel*, 206 F.3d at 551; *In re Vioxx*, 401 F. Supp. 2d at 579–82.

Besides being fully admissible under Louisiana law and highly relevant under the facts of Plaintiff's case, Sanofi is entitled to present evidence on the benefits of Taxotere because Plaintiff has placed them in issue.  Plaintiff offers Dr. Ellen Feigal as an expert to help explain "the risks

---

[2] Thus, to the extent *Solomon* bears any relevance to Plaintiff's Motion, it only shows that Plaintiff's references to Sanofi's marketing materials and related FDA communications, *see* Plf's Memo (Rec. Doc. 7660-1) at 2 and Ex. A thereto, are irrelevant and inadmissible in her case.  *See also* Sanofi's Motions *In Limine* No. 21 (Rec. Doc. 7658) and No. 28 (7673).  Plaintiff's suggestion that the cited FDA communication "should apply at trial" is meaningless; the communication addressed specific marketing materials which no longer exist, have no bearing on Plaintiff's claims, and are therefore inadmissible in any event.  *See id.*

[3] The *Needham* court specifically noted that where a defendant argues that the apparent usefulness of a product outweighs its alleged risks, "evidence of product efficacy is relevant."  *Id.* at 402.  Viewed in this light, Plaintiff's motion represents an impermissible request to read such a defense out of Louisiana law.  *See, e.g.*, *Bourque v. Louisiana Health Sys. Corp.*, 956 So. 2d 60, 65 (La. App. 3 Cir. 4/11/07) (acknowledging benefit/risk defense under Louisiana law).

and benefits associated with various treatment options," including Taxotere, to the jury. *See* Plfs' Feigal Opp. (Rec. Doc. 7474) at 1. Likewise, Plaintiff states that her expert Dr. Linda Bosserman will "educate the jury about the relative impact of undergoing chemotherapy on each Plaintiff's ultimate outcome." *See* Plfs' Bosserman Opp. (Rec. Doc. 6608) at 17.[4] Plaintiff does not seek an order excluding *all* testimony or argument addressing the impact of Taxotere on her "ultimate outcome"—Plaintiff merely seeks to exclude evidence <u>offered by Sanofi</u> that the impact of Taxotere was <u>favorable for cancer patients—including Plaintiff</u>. *See, e.g.*, Plf's MIL Memo No. 14 (Rec. Doc. 7660-1) at 3 ("Plaintiff respectfully requests that <u>Sanofi and its witnesses</u> be precluded from offering […] argument or evidence that Taxotere has saved numerous lives or Plaintiff's life.") (emphasis added). This asymmetrical request should be denied.

**B.     The Probative Value of Benefit/Risk Evidence Outweighs Any Nominal Risk of Prejudice or Confusion.**

Plaintiff makes the conclusory statement that even if evidence of "Taxotere's efficacy or benefits" has probative value, "that value would be substantially outweighed by the dangers of unfair prejudice, confusion, and delay." *See, e.g.*, Plf's MIL Memo No. 14 (Rec. Doc. 7660-1) at 2. Plaintiff does not explain what unfair prejudice or confusion might ensue, but warns against a "trial within a trial" on Taxotere's efficacy. This is a false threat. First, the record supports no dispute that Taxotere is effective. *See, e.g.*, Carinder Dep. 127:25-128:6 (Taxotere is "effective" and "a good drug"; Dr. Carinder prescribes it "because it works") (**Ex. A**); Bosserman Dep. 536:1-7 (agreeing that "it's possible that [Plaintiff is] here and alive today because [she] received systemic treatment for [her] cancer that included Taxotere") (**Ex. B**). This Court acknowledged

---

[4] Although certain sources cited and testimony offered by Drs. Feigal and Bosserman warrant exclusion, Sanofi has not contested the admissibility of expert opinions addressing the benefits and risks of various breast cancer treatment options. *Accord* Order and Reasons re Bosserman Testimony (Rec. Doc. 7807) at 4 (Aug. 5, 2019).

5

as much in its Order dismissing Ms. Earnest's redhibition claim that Taxotere is "useless." *See* Order and Reasons (Rec. Doc. 7571) at 25-26 ("Given that Plaintiffs are alive today, Taxotere worked and was far from being 'useless.' [….] Because Taxotere is demonstrably effective and worked as intended, Plaintiffs cannot establish a redhibitory defect") (July 9, 2019).  Second, if there were such a dispute, it would not be ancillary or distracting.  Taxotere's life-saving benefits bear directly on Plaintiff's claim that an inadequate warning caused her to take Taxotere. Threatening a "trial within a trial" on drug benefits is like threatening a "trial within a trial" on drug risks—in a failure to warn case, both lie at the heart of the jury's assessment of Plaintiff's claim.[5]

Plaintiff's alternative request that she be permitted to introduce evidence of lawsuits pending in this MDL is likewise asymmetrical and should be denied.[6]  Lawsuit filings are not evidence.  In the Fifth Circuit, it is well-settled that references to other lawsuits or claims filed are inadmissible on grounds of, *e.g.*, hearsay, relevance, or undue prejudice.  *See, e.g.*, *Stafford v. Lamorak Ins. Co.*, 754 F. App'x 241, 245 (5th Cir. 2018) (evidence of second lawsuit irrelevant and unduly prejudicial under Rule 403); *Hymel v. UNC Inc.*, 68 F.3d 467 (5th Cir. 1995) (pleadings of other lawsuit inadmissible hearsay under Rule 801, and excludable as unduly prejudicial under Rule 403); *Comardelle v. Sears, Roebuck & Co.*, No. 95-CV-1371, 1996 WL 673971, at *3 (E.D.

---

[5] Because evidence of Taxotere's benefits is essential to the risk/benefit decision underlying Plaintiff's claim, excluding such evidence would result in undue prejudice to Sanofi.  Far from supporting Plaintiff's Motion, FRE 403 counsels strongly against the order she requests.
[6] *See* Sanofi's MIL No. 3 to Preclude Evidence or Argument Concerning Other Lawsuits, Claims, or Investigations Against Defendants and/or Other Sanofi Entities (Rec. Doc. 7720-1) at 6 (July 23, 2019); Sanofi's MIL No. 4 to Preclude Evidence or Argument Concerning Complaints and Lawsuits Against Other Manufacturers of Docetaxel (Rec. Doc. 7720-1) at 10 (July 23, 2019).

La. Nov. 20, 1996) (excluding references to other accidents, claims, lawsuits and complaints involving same product and injury as unduly prejudicial and hearsay).

Pending claims in MDL 2740 are inadmissible hearsay and are irrelevant and unduly prejudicial. The pleadings are hearsay. *Hymel*, 68 F.3d at 467. The claims are irrelevant, as each was brought in 2015 or later—more than 4 years after Plaintiff received Taxotere. Given the fact-intensive nuances of issues such as specific causation, doctor and plaintiff awareness of risk, and each actor's weighing of risks and benefits, the claims are not substantially similar to Plaintiff's. And permitting references to "10,000+" unsubstantiated claims would invite the jury either to impermissibly assume causation in Plaintiff's case, or to punish Sanofi for perceived bad conduct irrespective of the case before it. Such undue prejudice would substantially outweigh any probative value, and warrants exclusion under Rule 403.

Finally, Plaintiff's argument that her survival cannot be attributed to Taxotere specifically falls flat in light of her own allegations. In her Motion, Plaintiff notes that she received Taxotere "in conjunction with […] other chemotherapy agents," and therefore "[n]o expert can say to a reasonable degree of medical certainty that Taxotere caused Plaintiff to survive her early-stage breast cancer."). But Plaintiff's lawsuit rests on the premise that Taxotere specifically caused her persistent hair loss, despite the fact that she receive the drug "in conjunction with […] other chemotherapy agents." Accordingly, on the issue of specific causation, "[n]o expert can say to a

reasonable degree of medical certainty that Taxotere caused Plaintiff" to experience persistent hair loss. Plaintiff's own expert, Dr. Antonella Tosti, stated this explicitly in her deposition testimony:

> Q.  So I have read your report that you prepared in this case, and I know **it's your opinion that [Plaintiff has] persistent chemotherapy-induced alopecia**. Right?
>
> A.  Yes.
>
> Q.  And in your report, **you do not attribute the hair loss to any specific chemotherapy drug**, right?
>
> A.  **I cannot say which drug is causing the -- the hair loss, of course. You can never make these diagnosis for any type of drug-induced hair loss, even for telogen effluvium**.

Tosti Dep. 297:17-298:6 (Dec. 4, 2018). As the party seeking to attribute her "persistent chemotherapy induced alopecia" to Taxotere over the testimony of her own expert that it cannot be done, Plaintiff should not be heard to challenge testimony or argument attributing her survival to Taxotere—especially when, unlike Plaintiff's claimed injury, evidence of Taxotere's survival benefits are supported by decades of targeted epidemiological research and clinical experience as well as abundant, consistent witness testimony in this case. To the extent Plaintiff's arguments against attribution of *benefits* specifically to Taxotere prevail, however, the same logic necessarily applies to attribution of *risks* specifically to the drug—that is, this Court should exclude testimony or argument that Taxotere caused Plaintiff to experience persistent hair loss.

### C.  Conclusion

For the foregoing reasons, Plaintiff's Motion *In Limine* to Exclude Testimony and Argument that Taxotere has Saved Lives (Plaintiff's Motion *In Limine* No. 14, Rec. Doc. 7660) should be denied.

Date: August 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore