UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
Deborah Johnson, Case No. 2:16-cv-15607

### SANOFI'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TAX COSTS

On July 9, 2019, this Court granted Sanofi's Motion for Summary Judgment (Rec. Doc. 6081) and dismissed with prejudice Plaintiff Deborah Johnson's claims based on the statute of limitations. Sanofi now moves and respectfully urges that all costs incurred in the defense of this matter, as enumerated in the attached Bill of Costs and supporting Affidavit of Harley Ratliff, be assessed against Plaintiff Deborah Johnson, pursuant to Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(1). Sanofi submits that each and every item listed in the Bill of Costs and Affidavit was necessarily incurred in Sanofi's defense of this case and is properly taxable.

### I. COURT COSTS

The docket fee in the amount of $20.00 is authorized pursuant to 28 U.S.C. § 1923, which provides a $20.00 fee on final hearing in civil cases. This fee should be taxed against Plaintiff.

### II. DEPOSITION TRANSCRIPT FEES

The deposition transcript expenses identified in the Bill of Costs and Affidavit should also be taxed against Plaintiff. "The judge or clerk of any court of the United States may tax as costs the … [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also United States v. Kolesar,* 313 F.2d 835, 837-838 (5th Cir. 1963) (Depositions are included within the phrase "stenographic transcript"

1

within statute permitting the taxing of costs for stenographic transcripts, though reporter-stenographer taking deposition is not official court reporter). The relevant inquiry is whether the depositions were "necessarily obtained or used in the case." The transcript expenses listed in the Bill of Costs and Affidavit were, in fact, "necessarily obtained for use in the case," and thus are properly taxable. The deposition transcripts were critical for preparation and presentation of the case for trial. *See Sun Ship, Inc. v. Lehman,* 655 F.2d 1311, 1318 n. 48 (D.C. Cir. 1981); *Allen v. U.S. Steel Corp.,* 665 F.2d 669, 697 (5th Cir. 1982). Accordingly, the full amount of the deposition expenses, as set forth in the Bill of Costs and Affidavit, should be taxed against Plaintiffs.

### III. CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that the full sum set forth in the attached Bill of Costs and supporting Affidavit of Harley Ratliff be taxed against Plaintiff.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

 Harley Ratliff
Adrienne L. Byard
Kelly G. Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*