UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO
Barbara Earnest, Case No. 16-cv-17144

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SANOFI DEFENDANTS'
MOTION TO CONTINUE TRIAL FOR AN UNSPECIFIED TIME

"The court's attempt to provide trial results that would offer a firm basis for resolution of the thousands of outstanding cases would be thwarted and unreasonably delayed by granting a continuance." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (affirming Judge Engelhardt's denial of a continuance). So too here. Three years since inception and six months after the last continuance, this MDL would reach the breaking point if the *Earnest* trial were to be continued.

Sanofi's arguments to the contrary rest *entirely* on decisions rendered in non-complex cases. Doc. 7889. But this is an MDL—not "ordinary two-party litigation"—and that difference matters. *In re FEMA* at 161. "The challenge to case administration" in multiparty litigation arises "from the court's obligation to manage thousands of claims against numerous defendants in an efficient and expeditious manner that would best serve justice for both plaintiffs and defendants." *Id*.

This is precisely why the Manual for Complex Litigation instructs MDL courts *not* to grant continuances. This leading authority recognizes that "civil trial dates are problematic in many courts because of criminal dockets"—a circumstance this Court faces. Federal Judicial Center, *Manual for Complex Litigation Fourth* § 11.61. It nevertheless instructs that "a trial date for complex litigation should be firm, given the number of people involved and the expense incurred

1

in preparation. The trial date needs to take into account the commitments of the court and counsel and should permit an uninterrupted trial." *Id*. The Federal Judicial Center thus implores MDL courts not to grant continuances once the trial date is set: "The judge should advise counsel in advance that once the date is set, *there will be no continuances.*" *Id*. (emphasis added).

Sanofi's request for a continuance is blind to the reality that a second continuance of the first scheduled bellwether trial three years into this MDL would be *unprecedented*. Sanofi appears to care little about the management Orders in this MDL and is engaging in tactical maneuvers to avoid trial at all costs, be it a continuance or an unwarranted interlocutory appeal on a vanilla issue coupled with a stay.

A continuance at this stage would deeply prejudice not just Ms. Earnest, but also the thousands of women who have waited years for answers. Some are ill; several have passed away. Further delay works an unacceptable denial of justice. And this can hardly be in the 505(b)(2) Defendants' best interests, since they remain in limbo as well.

Plaintiffs' experts have made commitments to appear in September. Their availability for the remainder of the year cannot be assured, and at least one key Plaintiff's expert would not be available. Counsel for both sides have also cleared their calendars and have assumed considerable expenses for trial in September (hotel reservations, staff assignments, forgoing other litigation, etc.).

The Court and its staff have also committed to trial in September. It is not evident when the Court could entertain a continued trial this year—or that a postponed trial would not frustrate the Court's docket for the coming months. That Sanofi would ask for a continuance—without even offering a specific need in terms of additional days to prepare—underscores that Sanofi has no

interest in trying a case this year and would prefer not to try any case until March 2020, when the second trial is scheduled.

In the face of serious (and obvious) consequences to this MDL that would arise from a continuance, Sanofi offers no good countervailing reason in support of postponement. Its main reason is: *This Court* needs a continuance. Sanofi does not speak for the Court, and this Court said no such thing. The Court provided the parties with a courteous heads-up in an off-the-record statement that it would provide oral reasons for certain rulings, with written decisions to follow. There is nothing unusual about that; counsel in this matter are familiar with Judge Fallon's practice of providing his evidentiary rulings on the eve of trial. Other MDL judges issue orders that are a few sentences long. *See e.g.*, *In re RoundUp Prods. Liab. Litig.*, No. 16-MD-2741 (N.D. Cal.) (PTO 121).[1] What is unusual—and inappropriate—is Sanofi's twisting of this Court's words in an attempt to take advantage of the Court's dedication to managing a high profile criminal matter in parallel to this MDL and to insinuate that the Court cannot manage both.

Plaintiffs strenuously disagree. This Court has managed this case expertly and has issued timely rulings with reasoned opinions. Plaintiffs' counsel is experienced in MDLs and rarely has received lengthy written rulings on evidentiary matters such as motions *in limine*. We are certain that neither has Sanofi's counsel—and that its counsel will be prepared for trial in September.

Sanofi's other bases for a continuance make little sense. Sanofi claims that Plaintiffs are trying to reinstate the *Francis* case for trial in September. To the contrary, Plaintiffs have advised opposing counsel of their intent to continue the submission date for the motion for reconsideration in *Francis* until October to allow the parties and the Court to focus on Ms. Earnest's trial.[2] A favorable ruling would restore Ms. Francis' and Ms. Johnson's cases, or alternatively modify the

---

[1] https://www.cand.uscourts.gov/filelibrary/3654/PTO121.pdf
[2] Sanofi has advised it will oppose moving the submission date.

3

Court's interpretation of their pleadings—but nothing in this Court's bellwether protocol demands that Francis or Johnson be tried next or at all.

Nor does Sanofi's request for an interlocutory appeal support a continuance of *Earnest*. It borders on the silly to suggest that what would materially advance the ultimate termination of the litigation is the postponement of trial, after which Sanofi could file an appeal on all issues from a final judgment, so that Sanofi can instead pursue an interlocutory appeal of a single issue pertaining to a genuine dispute of fact, only to return to the trial court years later.

Sanofi contends a continuance is needed for further discovery. But discovery is closed. Sanofi nevertheless produced a supplemental report of its expert Dr. Spiegel nearly two months *after* supplemental expert discovery closed, and now it has suggested that it needs Dr. Shapiro to physically examine Earnest on the eve of trial, even though Dr. Shapiro could have done so many months ago prior to the close of discovery. Also, today, Sanofi demanded that the parties depose Sanofi's employee Mike Rozycki in early September for the *Earnest* trial, so that he can opine on matters related to preemption. All of these efforts come much too late and provide no basis for a continuance. Further, preemption is an issue for the Court, not the jury, and the Court has already ruled.[3]

Lastly, Sanofi uses its request for a continuance to attack Dr. Kessler for somehow offering a "new" opinion. Dr. Kessler opined that permanent hair loss qualified for inclusion in the Adverse Reactions section of Taxotere's label when Plaintiff Earnest was administered this drug. *See e.g.*, Kessler Rep., Doc. 6146-1, ¶¶ 109, 126, 133, 139, 149, 154, 164-165, 196-200. At his deposition, Dr. Kessler repeated this conclusion and testified several times: "it could be a Section 6 warning."

---

[3] Sanofi also rehashes many of its preemption arguments in asking for a continuance, but the Court has denied Sanofi's motion for summary judgment based on preemption as to the *Earnest* case, thus rendering these arguments moot. *See* Doc. 7973.

4

(Ex. A (under seal), Kessler Dep. 50:15); *see also* (Kessler Dep. 57:7-11) (testifying that nothing "prevented Sanofi from warning in the warning section *or in the adverse events section* or even coming back.") (emphasis added). Dr. Kessler also explained that an adverse reaction that merits inclusion in the Warnings and Precautions section also meets the standard for inclusion in the Adverse Reaction section because the regulatory standards for inclusion overlap. (Kessler Rep. ¶¶ 87-92; Kessler Dep. 50-51.) Sanofi's arguments for a continuance based on Dr. Kessler are entirely contrived and should be rejected out of hand.

For these reasons, the Court should reject Sanofi's request for a continuance and *Earnest* should proceed to trial on the date set forth in the parties' agreed Case Management Order No. 14B (Doc. 6768).

Dated: August 14, 2019

Respectfully submitted,

*/s/ Darin L. Schanker*
Darin L. Schanker
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
dschanker@coloradolaw.net

*Counsel for Plaintiff, Barbara Earnest*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Rand P. Nolen*
Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

*Trial Counsel for the PSC*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

6

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT