UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

Barbara Earnest, Case No. 2:16-cv-17144.

REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 28: MOTION TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING FDA'S JANUARY 2011 WARNING LETTER AND CORRESPONDING 483 INSPECTION

Following a routine inspection, the FDA issued a Warning Letter in 2011 to improve Sanofi's pharmacovigilance practices procedures for *all* drugs, specifically focusing on 15-day reporting obligations and foreign clinical trials. This 2011 FDA Warning Letter is not relevant to any element of Plaintiff's claim, and any probative value from these opinions is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 401–403. Such evidence is not specific to Taxotere, the risk of alopecia (much less permanent alopecia), or the adequacy of the Taxotere warnings regarding alopecia. Instead, such evidence serves only to improperly paint Sanofi as a "bad actor" and bias the jury against the Company, resulting in unfair prejudice to Sanofi.

Courts regularly exclude these Warning Letters because they are either irrelevant or mislead the jury, confuse the issues, and cause unfair prejudice. *See Allen v. Hylands Inc.*, No. cv-12-1150, 2015 WL 12720304, at *11 (C.D. Cal. Aug. 20, 2015), *aff'd*, No. 17-56184, 2019 WL 2142843 (9th Cir. May 15, 2019) (granting motion *in limine* to exclude FDA inspections and Warning Letters as irrelevant because the FDA Warning Letters, correspondence, and inspection were not related to the claims in the case); *Pom Wonderful LLC v. Tropicana Prod., Inc.*, No. cv-

09-00566, 2010 WL 11519185, at *4 (C.D. Cal. Nov. 1, 2010) (granting motion *in limine* to exclude FDA Warning Letter because "FDA allegations have minimal relevance" and "are likely to cause Pom unfair prejudice"); *Moon v. Advanced Med. Optics, Inc.*, No. 4:08-cv-0021, 2010 WL 11509119, at *6 (N.D. Ga. Dec. 29, 2010) (granting a motion *in limine* to exclude "evidence and argument concerning the FDA warning letters issued... The Court's concern with those letters is that Defendant will make the letters into a mini-trial of a minor side issue. The letters have only limited relevance, even for impeachment purposes").

Plaintiff cites no case law where such Warning Letters have been permitted into evidence. To the contrary, the cases Plaintiff relies upon are entirely irrelevant to the issue in dispute.  *See* Rec. Doc. 7813, Plf's Opp. at 2.  For example, Plaintiff cites to *Spinden v. Johnson & Johnson*, 177 N.J. Super 605, 609 (App. Div.), cert. denied, 87 N.J. 376 (1981), which has nothing to do with FDA 483 Warning Letters, but instead ordered there was no evidence of over-promotion of the drug at issue.  Plaintiff's reliance on *In re Able Labs Secs. Litig.*, 2008 WL1967509, at *15 n.20 (D.N.J. Mar. 24, 2008) is also misplaced as this is an order on a motion to dismiss regarding a securities fraud violation claim.  The only other case Plaintiff relies on, *Figueroa v. Boston Scientific Corp.*, 2003 WL21488012 (S.D.N.Y. June 27, 2003), has nothing to do with 483 Warning letters.

Plaintiff argues this Warning Letter is relevant because it could somehow show that Sanofi never submitted the TAX316 data to the FDA.  *See* Rec. Doc. 7813, Pltf.'s Opp. at 3.  This is false. As Plaintiff is aware, Sanofi not only submitted this data to the FDA, but the FDA acknowledged receipt of the data and released Sanofi from all its post-marketing commitments for the TAX316 study.  *See* **Ex. 1**, Sanofi_00837658, attached hereto.  Not only is this document on Plaintiff's exhibit list *twice*, but Plaintiff also questioned numerous company witnesses during depositions

2

regarding this submission of the TAX316 data to FDA—making their purported basis for introducing such evidence less than credible.  *See* **Ex. 2**, Earnest Exhibit List, Exhibits 404, 1174, attached hereto.

Plaintiff next argues she should be permitted to cross-examine Defendants' regulatory experts because they were not provided with a copy of the Warning Letter before issuing reports. These experts were not provided a copy because this 2011 Warning Letter has **no** bearing on any of the claims in this case.  As conceded in Plaintiff's Opposition, this Warning Letter has nothing to do with alopecia and is not specific to Taxotere.  Rather, this Warning Letter has to do with 15-day reporting requirements—which no one is suggesting that alopecia reports would fall into this category of reporting—and clinical study reports—which are different that annual safety submissions that the company submitted to FDA.  Furthermore, Defendants' regulatory expert testified that this irrelevant letter has no impact on his opinions.  *See* **Ex. 3**, Victoria Dep. 101:13–102:10, attached hereto.

The only reason Plaintiff seeks to present this letter to the jury is to paint Sanofi as a bad Company.  By introducing irrelevant evidence about various Sanofi drugs, Plaintiff wants the jury to infer that these non-applicable 15-day reports and the irrelevant clinical studies apply to permanent alopecia and Taxotere.  As such, the Court should exclude all evidence related to FDA January 2011 Warning Letter.

 Date:  August 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore