**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                              SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 21: MOTION TO
EXCLUDE EVIDENCE OR ARGUMENT CONCERNING CORRESPONDENCE
BETWEEN DDMAC AND SANOFI**

Plaintiff's Opposition to Defendants' Motion in Limine to Exclude Evidence or Argument Concerning Correspondence Between DDMAC and Sanofi (Motion in Limine No. 21) relies on the incorrect presumption that the DDMAC letters "refute Sanofi's claims in this litigation that Taxotere is more effective than Taxol and that only Taxotere is a life-saving drug." Plf's Opp. at 2. However, misleading and irrelevant *marketing* correspondence with FDA has no bearing on the nuanced *medical* conversation about the comparative efficacy of two medicines for a specific Plaintiff, with specific risk factors and cancer type, staging, and treatment objectives. Decades-old marketing letters have no bearing on the testimony and evidence both sides will offer about Taxotere and Taxol. Plaintiff's misstatement of the issues succinctly establishes why such evidence should be precluded as irrelevant, unfairly prejudicial, and improper character evidence.

**A. DDMAC Evidence Should be Excluded as Irrelevant**

First, the DDMAC evidence does not "tend to refute" Sanofi's claims in this litigation that Taxotere is more effective than Taxol, because the DDMAC letters do not address the efficacy of Taxotere for the treatment of early stage breast cancer like Plaintiff's. The DDMAC letters addressed the promotion of Taxotere for the treatment of (i) locally advanced or metastatic non-small cell *lung cancer* and (ii) locally advanced or *metastatic* breast cancer. Metastatic non-small

1

cell lung cancer and locally advanced or metastatic breast cancer have different treatment goals, recommended chemotherapy regimens, and efficacy trials. Sanofi's communications with DDMAC have no bearing on the relative efficacy of Taxotere compared to Taxol for Plaintiff's adjuvant treatment of early breast cancer. Even more simply, letters about marketing have no bearing on whether Plaintiff would be alive today had she received Taxol.

Additionally, the DDMAC evidence does not "tend to refute" Sanofi's claim that "only Taxotere" is a life-saving drug, because Sanofi makes no such claim. It is well-established that Taxotere is a life-saving chemotherapy drug, as are the taxanes as a class. The DDMAC evidence is certainly not necessary for Plaintiff to establish that other chemotherapy drugs save lives in patients with early, non-metastatic breast cancer. The DDMAC correspondence is irrelevant, and Plaintiff should be precluded from presenting such evidence. *See* Fed. R. Evid. 401.

**B. DDMAC Evidence Should Be Excluded As Unduly Prejudicial and Inadmissible Character Evidence**

Plaintiff's Opposition further establishes the misleading and prejudicial effect of the DDMAC letters. Plaintiff argues that she will only introduce the DDMAC evidence to "counter defenses," and not to establish Sanofi as a "bad actor" or to show a propensity to provide "misleading information in the promotion of its products." Plf's Opp. at 2–4. However, Plaintiff also states in her Opposition that the DDMAC evidence will be used to support an affirmative argument that Sanofi promoted "Taxotere at all costs, irrespective of the lack of scientific basis behind its promotions" – *i.e.*, Plaintiff seeks to improperly introduce the DDMAC evidence to bias the jury and present a "propensity" to provide misleading information. *Id.* at 2–3. Even assuming, arguendo, that this incorrect presumption was correct, the DDMAC evidence is still irrelevant, because the "over promotion" at issue relates to two indications (lung cancer and metastatic breast cancer) that are entirely unrelated to Plaintiff's claims. For this reason, it is clear the probative

value of the DDMAC correspondence, if any, is not "substantially outweighed" by any potential prejudice, and should therefore be excluded. *See* Fed. R. Evid. 403–404.

Date: August 16, 2019

                                     Respectfully submitted,

                                     */s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE  URQUHART  & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY& BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile: 305-358-7470
hsastre@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore