UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                          SECTION "H" (5)

THIS DOCUMENT RELATES TO:

**Barbara Earnest, Case No. 2:16-cv-17144.**

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 24: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING FOREIGN LABELING AND REGULATORY ACTIONS**

As an initial matter, Plaintiff asserts that she will only offer evidence of foreign labeling and regulatory actions to establish "Sanofi's notice and/or knowledge of safety concerns." Thus, any such evidence that post-dates Plaintiff's initial Taxotere treatment should be excluded because it does not bear on Sanofi's knowledge or notice of safety concerns for the time period at issue in this case.[1]

As for evidence that pre-dates Plaintiff's treatment, Plaintiff's stated purpose of notice/knowledge is inconsistent with her pretrial disclosures. A review of Plaintiff's deposition designations and exhibit list demonstrates that Plaintiff intends to establish that (1) Sanofi's duty to warn in the United States should be dictated by standards and determinations by distinct health agencies abroad and, (2) that Sanofi's U.S. label should have been the same as the European label. *See, e.g.*, Kopreski Dep. 354:2–22; 358:23–359:12 (Apr. 3, 2019) (**Ex. 1**, attached hereto). This type of foreign regulatory and labeling evidence is irrelevant and unfairly prejudicial because it supplants the standards governing Sanofi's duty to warn in the United States with foreign regulatory standards that differ from those promulgated by FDA.

---

[1] *See, e.g.*, Plf's Trial Ex. Nos. 385, 389-94, 415, 434, 451, 453, 456, 457.

For example, in January 2011—six months before Plaintiff's initial Taxotere treatment—Sanofi evaluated a safety signal for persistent alopecia, drafted a Clinical Overview on the topic, and submitted the Clinical Overview to *both* FDA and EMA along with Product Safety Update Report (PSUR) 28. Arrowsmith Rpt. (**Ex. A** to Rec. Doc. 7666-2) at ¶ 88. The Clinical Overview concluded "the available evidence does not show that irreversible alopecia is caused by docetaxel alone." *Id.* at ¶ 97. While FDA took no further action based on this information, the EMA, while agreeing with Sanofi's conclusion,[2] still requested Sanofi to update its European labeling. *Id.* at ¶¶ 88, 97–98. FDA and EMA are separate and distinct regulatory entities that both wield the authority to require labeling changes that may result in inconsistent warnings across jurisdictions.

At trial, Plaintiff will have the benefit of presenting evidence related to Sanofi's Clinical Overview because Sanofi submitted it to FDA before Plaintiff's treatment. The subsequent EMA label change request and revised European label,[3] however, do not constitute notice of a safety signal. Plaintiff designated testimony related to EMA's request for a label change and the subsequent change to the Taxotere European label in her deposition designations and exhibit list.[4] *See, e.g.*, Kopreski Dep. 354:2–22; 358:23–359:12 (Apr. 3, 2019).

Plaintiff's argument at trial, which is clear from Counsel's questioning at depositions,[5] will be that Sanofi warned European women of persistent alopecia in its European labeling and should

---

[2] Sanofi_01096005 (**Ex. 2**, attached hereto) at 6 ("[O]n the basis of this safety review, it is effectively difficult to conclude that docetaxel alone is able to induce persistent alopecia.").

[3] The EMA label update request and the subsequent label update occurred after Plaintiff's initial treatment with Taxotere.

[4] Plaintiff's exhibit list has a generic entry for "[a]ll past and current EU Summary of Product Characteristics." Plf's Trial Ex. No. 1000. It also individually lists the European label with this subsequent change. *See* Plf's Trial Ex. No. 465.

[5] Kopreski Dep. 359:13–15 (Apr. 3, 2019) ("Q. European women where Sanofi is headquartered got more information. American women didn't. Right?"); 359:19–23 ("So European women got

have given the same warning to women in the United States. This evidence and argument, however, is exactly what Courts have routinely held to be irrelevant and unduly prejudicial, including in *Xarelto* by this Court. *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, No. 2:14-md-02592, 2017 WL 2780760, at *6 (E.D. La. May 26, 2017) ("What is not admissible, however, is what the Defendants did or what they put on Xarelto's label in other countries in order to comply with foreign regulatory bodies or agencies."), Nos. 2:14-cv-2720 and 15-cv-3708, 2017 WL 4168410 at *3 (E.D. La. Sept. 20, 2017) ("The Court was concerned that the jury would be confused by references to foreign regulations and standards because the jury must decide the case based on standards in the United States. The Court has consistently excluded evidence related to foreign regulations under Rule 403."). It also ignores that other jurisdictions, including the European Union, utilize their own regulatory authorities to apply their own "controlling standards of behavior" to determine whether medications should be made available for use, and if so, whether certain risk information should be communicated to physicians. *See Doe v. Hyland Therapeutics*, 807 F. Supp. 1117, 1129 (S.D.N.Y. 1992).

Even the authority cited in Plaintiffs' Opposition recognizes that the use of foreign regulatory actions and foreign labeling to argue that drug manufacturers breached their duty to warn in the United States is irrelevant and unduly prejudicial. *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 307 (E.D. Pa. 2016) ("It would be unfair to allow evidence of foreign labeling in countries requiring different regulatory and/or statutory duties to show that the defendants breached their duties under United States laws. Use of foreign regulatory activities in this way would be inappropriate."); *McWilliams v. Novartis AG*,

---

an updated label with more information about persistent alopecia in 2011 and American women did not; correct?")

No. 2:17-cv-14302, 2018 WL 3369655, at *6 n. 2 (S.D. Fla. Jul. 9, 2018) ("Plaintiff may not use this information to show [defendant] violated the FDA's regulations. Differing regulatory schemes and objectives in other nations should not impact those which governed [the drug]'s use in the United States."), *on reconsideration in part,* No. 2:17-cv-14302, 2018 WL 3637083 (S.D. Fla. Jul. 31, 2018). Accordingly, the Court should preclude Plaintiff from offering foreign regulatory evidence and foreign labeling for this purpose.

Aside from Plaintiff's hollow statement that foreign regulatory actions and labeling may constitute safety signals, Plaintiff does not identify with specificity any foreign regulatory action or labeling evidence that she believes constitutes such "notice." Therefore, the Court should preclude Plaintiff's use of foreign regulatory actions and labeling at trial in its entirety, or at the very least, reserve ruling for trial on whether remaining evidence may be admissible on notice of a safety signal.

Date: August 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile: 305-358-7470
hsastre@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore