UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

**Barbara Earnest, Case No. 2:16-cv-17144.**

<u>REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 25: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT THAT "ONGOING ALOPECIA" DATA OBSERVED IN THE TAX316 AND GEICAM 9805 CLINICAL TRIALS REPRESENTS EVIDENCE ON "PERSISTENT," "PERMANENT," OR "IRREVERSIBLE" ALOPECIA</u>

Plaintiff's Opposition mischaracterizes Sanofi's argument and confuses the issue related to the TAX316 and GEICAM 9805 clinical trial data. Sanofi's argument is simple. Not all 29 patients with "ongoing" alopecia from the TAX316 clinical trial experienced alopecia for the duration of the clinical trial (10 years). In fact, the vast majority of the patients did not even have documented alopecia over 6 months, failing to meet Plaintiff's definition of irreversible/permanent alopecia.[1] Plaintiff's attorneys know this; and her experts know this. They have the underlying clinical trial data for this study. The Court should not allow Plaintiff to argue that these 29 patients represent cases of irreversible/permanent alopecia because these patients do not fit Plaintiff's definition of the injury and such argument is misleading to the jury and unduly prejudicial to Sanofi.

Plaintiff's experts do not base their opinion on a review of the underlying clinical trial data. Nor do they base their opinions on the testimony of Sanofi's witnesses—all of whom have explained that the "ongoing" alopecia data in the TAX316 clinical trial does not represent the number of patients who had alopecia for 10 years. Mancini Dep. 161:3-22 (Mar. 23, 2018) (**Ex. J**

---

[1] According to Plaintiff's experts and Plaintiff's Complaint, alopecia lasting for 6 months post-chemotherapy without resolution constitutes irreversible/permanent alopecia.

1

to Rec. Doc. 7668-1); Kopreski Dep. 560:10-21 (Dec. 13, 2018) (**Ex. E** to Rec. Doc. 7668-1); Gupta Dep. 175:25-178:8 (Apr. 10, 2018) (**Ex. K** to Rec. Doc. 7668-1). Instead, Plaintiff's experts ignore this evidence and baselessly maintain that this TAX316 data reflects Plaintiff's injury—alopecia lasting more than 6 months after the last chemotherapy administration without resolution.

Telling the truth matters in our legal system, and Plaintiff's experts should be held to that standard. They should not be able to misrepresent the TAX316 "ongoing" alopecia data as evidence of permanent/irreversible alopecia or alopecia lasting longer than 6 months when everyone knows that not all of these patients were even followed for a 6-month period.

Plaintiff argues that this misrepresentation is appropriate because a few cherry-picked documents refer to the "ongoing" alopecia data from TAX316 as persistent alopecia.[2] This fact is immaterial to Sanofi's argument. Reference to persistent alopecia in TAX316 by itself is not prejudicial. Persistent alopecia can describe alopecia at any interval of time (e.g., 30 days, 3 months) and it accurately describes what was observed in TAX316, ***understanding that the patients had persistent alopecia for different durations***. Some had persistent alopecia for 1 month, others 3 months, one had it for 10 years, etc.

What is prejudicial, however, is for Plaintiff's attorneys and experts to represent that 29 patients with persistent alopecia observed in TAX316 had a unique injury of "persistent alopecia"—alopecia lasting longer than 6 months without resolution—or permanent/irreversible

---

[2] As the Court heard in oral argument on Plaintiff's Motion to Exclude Dr. Kopreki's review of the TAX316 Data, such descriptions typically emanate from interpretation of the clinical trial results by witnesses conversant in the clinical trial design and its nomenclature—where there can be no mistake that "ongoing" does not mean "permanent"—or from interpretation of the clinical trial results by witnesses not conversant in the clinical trial design and nomenclature—making the precise mistake that Plaintiff and her experts would like the jury to make.

alopecia. The data simply does not support that conclusion, nor do any of the documents cited in Plaintiff's Opposition:

- Exhibit A – This document does not mention the TAX316 clinical trial. Nor does it state that the 29 people from the TAX316 clinical trial had permanent alopecia.

- Exhibit B – Emmanuel Palatinsky, the Global Safety Officer for Taxotere, states that there were 22 cases of persistent alopecia in the TAX316 55-month clinical study report. He does not state that there were 22 patients who had persisting alopecia for the full 55 months. He also does not state that there were 22 patients who had persisting alopecia beyond 6 months.

- Exhibit C – Again Emmanuel Palatinsky states that there were 22 cases of persistent alopecia in TAX316 55-month clinical study report. He also clarifies "[p]lease note that the denominator represents the number of patients with alopecia present at the beginning of the follow up, *while the numerator refers to the number of patients with unresolved (persistent) alopecia at the last follow up visit*."

- Exhibit D – This document reflects persisting alopecia at the beginning of the follow up period, 30 days after the last administration of chemotherapy. It also notes ongoing alopecia observed in GEICAM 9805.

- Exhibit E – This response explains that at the end of the study, there were still 29 patients with persistent alopecia. It does not state that these patients had persistent alopecia for the entire duration of the study. Nor does it characterize the alopecia as irreversible or permanent.

- Exhibit F – This document mentions that some patients in the TAX316 clinical trial had persistent alopecia. It does not demonstrate that alopecia lasted more than 6 months in all 29 cases or that alopecia was permanent.

- Exhibit G – Plaintiff represents that this document demonstrates that EMA considered TAX316 and GEICAM 9805 to show "irreversible alopecia." However, this email documents preliminary discussions regarding grading of adverse events and the safety populations in the TAX316 and GEICAM 9805 clinical trials. EMA never made a finding that this data constituted permanent alopecia. In fact, EMA's ultimate analysis of these studies appropriately characterized alopecia in TAX316 as "ongoing." Sanofi_00723830 at 5-6 (**Ex. 1**, attached hereto).

Accordingly, Sanofi asks the Court to preclude Plaintiff from misrepresenting that the "ongoing" alopecia data from the TAX316 clinical trial represents irreversible/permanent alopecia or a unique injury of "persistent alopecia"—defined as alopecia lasting longer than 6 months.

3

Date:  August 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Douglas J. Moore*
Douglas J. Moore

4