UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 26: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING SHIRLEY LEDLIE AND "TAXOTEARS" OR OTHER THIRD PARTY ADVOCACY OR COMMUNICATIONS <u>GROUPS OR GROUP MEMBERS</u>**

Plaintiff's Opposition wholly ignores the fact that the PSC has repeatedly represented to the Court that evidence related to Ms. Ledlie is irrelevant to the claims of any Trial Plaintiff, including Ms. Earnest. Sanofi's Motion *in Limine* No. 26, Rec. Doc. 7670-1, at 2; **Ex. A** to Rec. Doc. 7670-1 ("There is far more important work to be done for these trials than to 'get in the weeds' on such a wild goose chase abroad about what a woman living in France may have said or done."). For this reason alone, such evidence should be excluded at trial.

Despite these representations, Plaintiff *now* contends that evidence related to Ms. Ledlie, Taxotears, and other third party advocacy and communications groups is suddenly relevant to show (1) "Sanofi's notice of complaints that Taxotere causes permanent hair loss," and (2) that Sanofi "failed to properly warn" of such risk. Plf's Opp., Rec. Doc. 7836, at 1–2. Plaintiff's arguments lack merit and demonstrate the undue prejudice such evidence would present if admitted at trial. Thus, the Court should exclude such arguments and evidence because they are irrelevant, unfairly prejudicial, and constitute inadmissible hearsay. *See* Fed. R. Evid. 401–403, 802.

1

**A. Such Evidence is Irrelevant to Plaintiff's Failure to Warn Claim and the Issue of Causation.**

First, the relevant inquiry for Ms. Earnest's failure to warn claim is whether Sanofi adequately warned Ms. Earnest's prescribing physician (Dr. Carinder) of the risks associated with Taxotere. Order and Reasons, Rec. Doc. 7571, at 20 (July 9, 2019) ("A manufacturer's duty runs only to the physician—the learned intermediary."). This inquiry does not extend to any third parties like Ms. Ledlie or any other members of any third-party advocacy or communications group who lack any nexus to the facts of Ms. Earnest's case. Thus, evidence related to warnings received by Ms. Ledlie and other third parties is not relevant to Ms. Earnest's failure to warn claim.

Second, Plaintiff argues that this evidence is relevant to show alleged misconduct by Sanofi (the concealment/cover-up of adverse events) and Sanofi silencing the voices of patients, but the removal of content from a Facebook page has no bearing on the issue of whether Taxotere's labeling was adequate to warn Dr. Carinder of a risk of permanent alopecia. At best, it goes to the issue of punitive damages, which are not available in Louisiana[1] and have no bearing on Plaintiff's failure to warn claim in this case.

Third, such evidence is irrelevant to the issue of notice of causation because unsubstantiated allegations made on social media (or similar) platforms provide no reliable or probative data for assessing causation evidence. Indeed, none of Plaintiff's purported causation experts (Dr. Madigan and Dr. Feigal) rely on such evidence to support their causation opinions; and none of Plaintiff's experts opine that such evidence established a safety signal for permanent alopecia. If establishing notice of case reports of permanent alopecia were Plaintiff's goal with

---

[1] *See Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. 2007) (noting that the Louisiana Product Liability Act does not permit punitive damages) (citing, *inter alia*, *Cantu v. C.B. Fleet Holding Co.*, No. 2:06CV2168, 2007 WL 689566, at *2 (W.D. La. Mar. 1, 2007) ("Punitive damages are not recoverable under the LPLA.")).

presentation of this evidence, there are far less prejudicial means of attempting to accomplish that goal. But that is not the purpose. Plaintiff's motive is clear: introduce inflammatory arguments regarding hearsay statements to incite the jury and distract it from the relevant facts at issue. Accordingly, evidence and argument regarding these third party communications should be excluded at trial as they are irrelevant to the issues in this case.

### B. Evidence and Argument related to Ms. Ledlie, Taxotears, or any Other Third Parties' Communications and Activity is Unfairly Prejudicial.

Even if such evidence were relevant to Plaintiff's causation or failure to warn theories, which it is not, any possible probative value is substantially outweighed by the risk of unfair prejudice to Sanofi. Indeed, Plaintiff desires to present such evidence to the jury to improperly advance a slanted litigation narrative intended solely to bias the jury against Sanofi and paint it as a "bad actor."[2] *See* Plf's Opp., Rec. Doc. 7836, at 2–3. Unfair prejudice is further heightened

---

[2] Plaintiff's misrepresentation of the factual record demonstrates exactly why this evidence should be excluded. Plaintiff's counsel are well aware that, in the early days of social media, Sanofi developed a Facebook page *for Sanofi employees* called "Sanofi Voices." Malia Dep: 319:21–14 (Oct. 10, 2018). A European woman named Shirley Ledlie—a self-described Taxoterrorist—and possibly others posted voluminous comments in a harassing manner on Sanofi's Facebook page in an apparent attempt to sabotage the page. Email from Shirley Ledlie to Taxotears ("I have be[en] rereading this blog, its basically on about my facebook sabutauge [sic] of SA's page."). Because the page was for Sanofi employees and not intended to promote product (or host patient) information, Sanofi removed the posts. Sanofi also posted a disclaimer on the page asking patients to contact Sanofi's drug safety (pharmacovigilance) department and FDA if they needed to report adverse events:

> This page is not intended as a forum for discussing sanofi-aventis' or other companies products including the reporting of side effects associated with the use of prescription drugs. As such, Postings that contain product discussions may be removed by sanofi-aventis... If you, or someone you know, have possibly experienced a side effect while taking any sanofi-aventis product, please contact our Drug Safety department at 1-800-633-1610, option 2, or via fax at 1-908-203-7783. You are also encouraged to report negative side effects of prescription drugs to the FDA. To do so, visit www.fda.gov/medwatch or call 1-800-FDA-1088. Postings may be reviewed by sanofi-aventis and may be subject to removal if they are deemed to be inappropriate or inconsistent with the intended use of this site. We reserve the right to block users who violate the terms of use.

*Id*. There was no plot to silence women reporting adverse events.

3

where Plaintiff intends to offer this unreliable and inflammatory evidence to support her causation and failure to warn theories, two critical and complex issues in this litigation that otherwise should rest on expert and treating physician testimony. Because the probative value of this evidence is substantially outweighed by unfair prejudice to Sanofi, the Court should exclude it from trial. Fed. R. Evid. 403.

### C. Plaintiff Fails to Articulate a Hearsay Exception for These Third-party Statements.

Plaintiff argues such evidence is not hearsay because they will be used to demonstrate that "Sanofi sought to suppress" information and "ultimately [failed] to warn," but such purposes do not go to notice. *See* Plf's Opp., Rec. Doc. 7836, at 5. Rather, such evidence can only be offered to establish the truth of the matter asserted. Use of social media posts that state "when will you inform oncologists that there is a problem with your chemo drug" or "why do you ignore me and REFUSE to contact me?" is an offering for the truth of the matter asserted. Moreover, how is such purpose—things posted on social media—relevant to Ms. Earnest and Dr. Carinder? It is not.

Plaintiff also argues that these out of Court statements constitute notice of complaints of permanent alopecia caused by Taxotere. Again, use of out of court statements alleging that Taxotere caused permanent alopecia is an offering for the truth of the matter asserted, not notice.[3] "A party cannot circumvent the hearsay rules [] by arguing that the hearsay is offered not to show the truth of the matters asserted but rather to show the opposing party's knowledge of the truth of the matters asserted." *Hendricks v. Ford Motor Co.*, No. 4:12-cv-71, 2012 WL 4478308, at *1 (E.D. Tex. Sept. 27, 2012).

---

[3] Plaintiff also speculates that these Facebook postings "are, perhaps, the very events that FDA reviewed prior to issuing its January 2011 Warning Letter for system problems in the pharmacovigilance department of Sanofi." Plf's Opp., Rec. Doc. 7836, at 5. There is no evidence even suggesting a link between these two events. The Court should ignore this speculative and unsubstantiated allegation.

4

Because this evidence is irrelevant, unfairly prejudicial, and hearsay, the Court should preclude Plaintiff from offering it at trial.

Date:  August 16, 2019

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 16, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore