# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KESHIA HUNT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, M.H., | ) ) ) |
| Plaintiff, | ) CASE NO: 2:11-cv-00457 ) ) |
| v. | ) ) |
| MCNEIL CONSUMER HEALTHCARE, a Division of MCNEIL-PPC, INC.; and JOHNSON & JOHNSON, | ) JUDGE JANE TRICHE ) MILAZZO ) ) ) |
| Defendants. | ) ) MAGISTRATE KAREN WELLS ) ROBY ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 3 CONCERNING OTHER LAWSUITS, CLAIMS OR SETTLEMENTS INVOLVING CHILDREN'S MOTRIN OR MOTRIN**

I. **INTRODUCTION**

Plaintiff's counsel may attempt to identify other cases that witnesses have testified in or otherwise implicate other litigation, perhaps by using reports submitted in other cases. The Court should exclude evidence of other lawsuits, claims and settlements involving Children's Motrin, Motrin, or other ibuprofen products because it is irrelevant, inadmissible hearsay and improper character evidence. Furthermore, use of this evidence would be extremely prejudicial and lead to undue consumption of time and judicial resources. Defendants request an Order specifically instructing Plaintiff (and her witnesses) not to: (1) mention or otherwise refer to other cases, including by name, (2) mention or otherwise refer to the number of other cases, (3) discuss the details of any other cases, and/or (4) mention or otherwise refer to the outcome of any other cases.

SF01/ 894235.1

## II. ARGUMENT

### A. Evidence of Other Lawsuits, Claims or Settlements is Irrelevant

The Court should exclude evidence of other lawsuits, claims and settlements because it is not probative of any fact of consequence in this case. The mere existence of other lawsuits is not evidence of the validity of Plaintiff's claims regarding Children's Motrin here. Each case involves its own facts, distinct issues of causation, and different legal standards. The products and labeling, and what each person reviewed or relied upon before purchasing or ingesting the drug, may differ. Determining causation requires information about when the person ingested an ibuprofen product, for what purpose, how often it was used, what other drugs were being used, how the condition progressed, and what other conditions the person had (*e.g.*, virus or infection). The reason why someone develops SJS or TEN also depends on the unique medical history of *each* individual. Proving causation of these rare, poorly understood conditions is exceptionally complex, requiring review of thousands of pages of medical records and depositions of parents and numerous treating physicians and experts. Thus, the use of factually disparate claims to determine medical causation in this action is inappropriate.

Another person's *claim* that he or she suffered an injury while taking Children's Motrin does not tend to establish anything about causation or other relevant facts in this action.[1] *See, e.g., Huss v. Gayden*, 571 F.3d 442, 458 (5th Cir. 2009) ("anecdotes detailing individual patients' experiences when taking the drug, such as chest pain, fall short of providing scientifically reliable evidence applicable to all other patients"); *Marsee v. U.S. Tobacco Co.*, 866 F.2d 319, 322 (10th Cir. 1989) (the "fact that ... other individual[s] [used the product and developed

---

[1] Admission of evidence of other lawsuits, claims or settlements is particularly problematic here because only eight cases have been tried to verdict, and in five of the eight cases the jury rejected the plaintiffs' claims; in the sixth, seventh, and eighth, there are only verdicts that are now being challenged on appeal.

2

injuries] similar to that suffered by [plaintiff] constitutes very little, if any, proof that [the product] caused [plaintiff's injuries]"). Accordingly, evidence of other lawsuits or claims should be excluded as irrelevant. *See, e.g., Jorden v. Dolphin Towing, L.L.C.*, Civil Action No. 03-222 Section "A"(4), 2004 U.S. Dist. LEXIS 4728, *14 (E.D. La. Mar. 23, 2004) ("Evidence of other personal injury claims has no relevance to any issue in this lawsuit."); *Barnes v. Koppers, Inc.*, Civil Action No. 2:02CV60-P-D, 2006 U.S. Dist. LEXIS 22771, *11-13 (S.D. Miss. Apr. 11, 2006) (in a toxic tort case, concluding "evidence of other lawsuits, claims, and injuries is irrelevant to this case and therefore inadmissible").

### B. Evidence of Other Lawsuits, Claims or Settlements is Inadmissible Under the "Substantial Similarity" Doctrine

The doctrine of "substantial similarity" applies only where there is a substantial similarity of circumstances between the other accidents and the accident that allegedly injured the plaintiff. *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 339 (5th Cir. 1980); *Beane v. Utility Trailer Mfg. Co.*, Docket No. 2:10 CV 0781, 2013 U.S. Dist. LEXIS 3118, *8-9 (W.D. La. Mar. 6, 2013) ("Absent any clear evidence showing that the accidents are 'closely similar,' the probative value of this evidence would be substantially outweighed by the danger of unfair prejudice, confusion, and undue delay").

Plaintiff – who bears the burden of demonstrating that the incidents are substantially similar – cannot provide any evidence that the circumstances involved in any other lawsuits are substantially similar to those present in this case. These lawsuits relate to persons who have entirely different medical histories than M.H., who were given different drugs and dosages at different times, and/or who experienced different symptoms in different sequences.

3

### C. Evidence of Other Lawsuits, Claims or Settlements is Inadmissible Hearsay

Plaintiff may seek to introduce evidence of other lawsuits, claims or settlements either to show that other individuals allegedly ingested ibuprofen and developed SJS/TEN or to portray Defendants as repeated "bad actors." Because it would be offered to prove the truth of the matter asserted, such evidence is inadmissible hearsay. F.R.E. 801. No hearsay exceptions apply because unsubstantiated charges do not possess any indicia of reliability or trustworthiness. Anyone can file a lawsuit regardless of the validity of the underlying claims. *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 579-81 (5th Cir. 1993) (upholding court's prohibition of hearsay evidence of summary of lawsuits, claims, complaints and letters of inquiry from regulatory agency); *Kourtalis v. City of New York*, 594 N.Y.S.2d 325, 326-27 (N.Y. App. Div. 1993) (evidence of five complaints was unsubstantiated hearsay and permitting their introduction was reversible error); *Wolf v. Procter & Gamble Co.*, 555 F. Supp. 613, 620 (D.N.J. 1982) (finding evidence of consumer complaints made to defendants inadmissible hearsay not subject to any exceptions).

Plaintiff may argue that evidence of other cases involving Children's Motrin (or other ibuprofen products) should be admitted to establish "notice." But the factual circumstances of each case vary so greatly that Defendants were not put on notice of anything but the specific allegations in the lawsuit. Moreover, Defendants do not dispute they were aware of reports of SJS and TEN before Plaintiff purchased and used the Children's Motrin at issue in this case. In fact, the prescription labeling for Children's Motrin stated that there had been reports of SJS and TEN long before over-the-counter Children's Motrin was approved and first marketed in 1995. Thus, admission of details of other cases would be immaterial, cumulative and prejudicial.

4

### D. Evidence of Other Lawsuits, Claims or Settlements is Impermissible Character Evidence

Evidence of other lawsuits or claims filed against Defendants also violates the rule that evidence of specific instances of conduct is inadmissible when offered to prove action in conformity therewith on a particular occasion. F.R.E. 404(a). As the notes to the 2006 Amendments to Rule 404 make clear, "the circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." *See also Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice").

The introduction of evidence of other lawsuits or claims would misleadingly suggest to the jury that Defendants may be liable based on prior and unproven alleged acts. But other parties' allegations do not indicate anything about what Defendants may or may not have done because they vary significantly from the facts in this case. Evidence of unsubstantiated allegations by non-parties constitutes impermissible character evidence and should be excluded. *See, e.g., Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 142 (Tex. 2004) (holding that "defects must be proved; they cannot simply be inferred from a large number of complaints").

### E. Evidence of Other Lawsuits, Claims or Settlements Will Cause Unfair Prejudice, Jury Confusion and Undue Delay

The suggestion that Defendants have been parties to other unrelated cases will only serve to prejudice Defendants and inflame the jury. F.R.E. 403. Such evidence will distract from the issues relevant to this case and likely lead the jury to draw improper and speculative inferences from the mere existence of other lawsuits. *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 581 (5th Cir. 1993) (affirming district court's exclusion of evidence of other lawsuits because

5

"the probative value of this evidence is substantially outweighed by the danger of unfair prejudice," and collecting cases finding same); *Comardelle v. Sears*, Civil Action No. 95-1371 Section "D"(2), 1996 U.S. Dist. LEXIS 17309, *4-7 (E.D. La. Nov. 20, 1996) (excluding evidence of other claims because "the probative value of these other accidents is substantially outweighed by the danger of unfair prejudice to Defendants").

For example, the jury might infer from evidence of other lawsuits that Defendants marketed and promoted an unsafe product or that Defendants are "bad actors" who are more likely to have done something wrong in the present case. Yet, anyone can file a lawsuit. The existence of other lawsuits proves nothing about the validity of such claims or their similarity to this case. Thus, the potential for misuse is substantial.

Similarly, evidence of settlements is highly prejudicial as the jury might infer that Defendants settled a case because they believed they were liable. Parties to litigation settle claims for any number of reasons other than the relative merits of a claim. Evidence that another claim or proceeding settled, or of the amount of a settlement, does not establish liability, much less that Children's Motrin can cause SJS/TEN or that it caused Plaintiff M.H.'s specific injuries. Indeed, the policy in favor of settlements has been codified at Federal Rule of Evidence 408, which protects settlement confidentiality and makes settlement offers inadmissible as evidence of liability or damages. F.R.E. 408.

Finally, evidence of other lawsuits, claims or settlements will result in a series of mini-trials requiring an undue consumption of time. F.R.E. 403. If Plaintiffs are allowed to refer to other lawsuits, claims or settlements, Defendants will have to present evidence of how and why each such lawsuit, claim or settlement is dissimilar from Plaintiffs' case and has no merit. Defendants will be required to present voluminous medical records of other individuals and call

treating physicians who never saw or treated M.H. Further, the jury will be forced to hear large amounts of evidence about the specific medical histories of individuals who are not parties to this suit and to evaluate scientific literature pertaining to their alleged injuries. The end result of admission of evidence of other lawsuits or claims will be undue delay and the needless presentation of collateral evidence. Further, the likelihood for juror confusion under these circumstances is extremely high. *See, e.g., Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1240 n.5 (5th Cir. 1990) (evidence of other incidents is "absolutely and totally irrelevant to any issue in this case. This evidence can only serve to confuse the jury with collateral issues, to deprive [defendant] of a fair trial and to burden the court with trying several lawsuits, rather than one.").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude references to or evidence of other lawsuits, claims or settlements involving Children's Motrin or Motrin (or other ibuprofen products).

Dated: February 18, 2014      **RESPECTFULLY SUBMITTED,**

/s/ Paul V. Cassisa, Jr.
JAMES B. IRWIN, TA (La. Bar No. 7026)
DOUGLAS J. MOORE (La. Bar No. 27706)
KELLY E. BRILLEAUX (La. Bar No. 33030)
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100

7

Facsimile: (504) 310-2101

PAUL V. CASSISA, JR. (La. Bar No. 16850)
Butler Snow LLP
P.O. Box 1138
Oxford, Mississippi 38655
Telephone: (662) 513-8000

Attorneys for Defendants
MCNEIL CONSUMER HEALTHCARE
DIVISION OF MCNEIL-PPC, INC.; and
JOHNSON & JOHNSON

## CERTIFICATE OF SERVICE

I certify that on the 18th day of February, 2014, I electronically filed the foregoing Memorandum in Support of Defendants' Motion *in Limine* No. 3 Concerning Other Lawsuits, Claims or Settlements Involving Children's Motrin or Motrin with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Paul V. Cassisa, Jr.*

ButlerSnow 19681773v1