UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**
Barbara Earnest, Case No. 2:16-cv-17144

### MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING EVALUATIONS OF PLAINTIFF BY FORMERLY RETAINED EXPERTS WHO WILL NOT TESTIFY AT TRIAL

MAY IT PLEASE THE COURT:

Plaintiff Barbara Earnest asks the Court to enter an order *in limine* excluding any evidence or argument relating to the work of Plaintiff's former retained experts, Drs. Bianchini and Thompson, whose opinion testimony will not be offered at trial, including any statements Mrs. Earnest made to these experts during their examinations of her that may appear in their expert materials.

### BACKGROUND

In preparing her case for trial, Plaintiff Barbara Earnest retained the services of two mental health experts, neuropsychologist Dr. Kevin Bianchini and psychiatrist Dr. John W. Thompson, Jr., as likely witnesses on the issue of the mental effects from Mrs. Earnest's inability to regrow hair after chemotherapy with Taxotere. These experts examined Mrs. Earnest in the course of forming their opinions, issued the appropriate disclosures under Federal Rule of Civil Procedure 26, and sat for depositions by Sanofi. Mrs. Earnest recently informed the Court that she no longer intends to call these witnesses at trial. Nonetheless, counsel for Sanofi has indicated to undersigned counsel their intention to put before the jury statements made by Mrs. Earnest to these experts

1

during their examinations of her, as they appear in their expert materials or depositions. The use of such statements by Sanofi—and in fact any mention whatsoever of these now-withdrawn witnesses at trial—is inappropriate and highly prejudicial to Plaintiff, and should be excluded under Federal Rule of Evidence 403.

**ARGUMENT**

Any information contained in the expert materials and expert discovery of Plaintiff's now-withdrawn mental health witnesses should not be put before the jury at trial, either directly or indirectly, as it would be unfairly prejudicial to Plaintiff under Federal Rule of Evidence 403. This includes statements by Mrs. Earnest from her examinations by Drs. Bianchini and Thompson that may appear in their notes, written reports, and deposition testimony about her experiences with cancer, chemotherapy, and irreversible hair loss.[1]

As the Court is aware, Drs. Bianchini and Thompson are not Mrs. Earnests' treaters, but rather experts that had been specially employed to offer expert testimony at trial on the subject of her mental health. It is clear that prejudice would result from any reference by Sanofi to unutilized experts or their litigation materials at trial. Such references would invite the jury to make prejudicial assumptions about the reasons why Mrs. Earnest has not called these experts—or other mental health experts—to offer a diagnosis at trial. Further, it would require Mrs. Earnest to spend time at trial explaining who these experts are, why their opinions are not being offered at trial, and why they are not necessary in order for the jury to arrive at a verdict in Mrs. Earnest's favor.[2] In

---

[1] These statements by Mrs. Earnest are excludable under FRE 403, even if their use is limited to impeachment during cross-examination of Mrs. Earnest at trial. Fed. R. Evid. 608 advisory committee's note (extrinsic evidence offered for purposes of impeachment, for instance as a contradiction or prior inconsistent statement, is governed by Rules 402 and 403) (citing *United States v. Winchenbacht*, 197 F.3d 548 (1st Cir. 1999); *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988); *United States v. Lindemann*, 85 F.3d 1232 (7th Cir. 1996)).

[2] Considering the time limitations the Court has set out for the presentation of each party's case, Mrs. Earnest would be prejudiced by having to spend her limited time at trial on these issues.

short, Sanofi's intended use of these expert materials poses a great risk of creating a false evidentiary burden on the plaintiffs in the minds of the jurors by suggesting that such evidence was contemplated but not introduced at trial. Further, considering Sanofi's anticipated intention to utilize these materials only to attempt to impeach Mrs. Earnest's trial testimony, they have little probative use that would justify the likely resulting prejudice. Accordingly, they should be excluded under FRE 403.

## CONCLUSION

For the foregoing reasons, Sanofi's use of information and/or materials developed by Plaintiff's psychiatry and/or psychology experts who will not be called at trial would be prejudicial to Plaintiff's case and should be excluded under FRE 403.

Dated: August 26, 2019

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056

| | |
|---|---|
| Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT
