## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                              SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING EVALUATIONS OF PLAINTIFF BY FORMERLY RETAINED EXPERTS WHO WILL NOT TESTIFY AT TRIAL

Plaintiff's mistitled Motion to Exclude Evidence and Argument Regarding Evaluations of Plaintiff by Formerly Retained Experts Who Will Not Testify at Trial (Rec. Doc. 8108) should be denied. Plaintiff does not seek to exclude the **evaluations** of experts whom she will not call at trial—nor has Sanofi given any indication that it would seek to admit such evaluations. Rather, Plaintiff seeks to exclude **her own statements** made to Drs. Bianchini and Thompson[1]—statements that directly address Plaintiff's theory of causation, the severity and duration of her symptoms, and her weighing of the risks of persisting hair loss versus cancer recurrence. The statements are admissions of a party opponent and thus freely admissible, and are also admissible as statements made for medical diagnosis and records of a regularly conducted activity. Finally, the statements are inconsistent with Plaintiff's other testimony and thus classically admissible for impeachment purposes. Accordingly, the statements are extremely probative of dispositive issues in Plaintiff's case, and are readily admissible under Rules 401, 402 and 403. Plaintiff's request is without support in law or reason, and must be denied.

---

[1] *See* Plf.'s Memo (Rec. Doc. 8108-1) at 1-2 (arguing that Sanofi intends "to put before the jury *statements made by Mrs. Earnest* to these experts during their examinations of her") (emphasis added).

A.    **The Probative Value of Plaintiff's Own Statements Far Outweighs Any Prejudicial Effect.**

Plaintiff's Motion seeks to exclude a sweeping category of evidence including "any statements Mrs. Earnest made to [Drs. Bianchini and Thompson] during their examinations of her that may appear in their expert materials."  This would include, among other things, Plaintiff's statements indicating that for many years she believed another medicine (Arimidex) was "causing [her] hair loss," and that she "didn't seek treatment for hair loss because she had something to attribute it to."  Bianchini Dep. III 122:10-123:9 (May 14, 2019).  Plaintiff made these statements in addressing why "she didn't complain of hair loss to any of her treating physicians until after she filed the lawsuit," given concerns that "her complaints about alopecia and even her emotional complaints about alopecia arose entirely in the context of the lawsuit," which "would raise suspicions about the validity of those symptoms."  *Id.* at 125:17-126:4.

These statements thus provide highly probative evidence of:

- *Causation* – Plaintiff has understood for many years that Arimidex can cause the specific type of hair loss she is experiencing;

- *Plaintiff's Weighing of Risks* – Plaintiff continued taking Arimidex despite the risk (or from her perspective, certainty) of continued hair loss because of anticipated anti-cancer benefits;

- *Validity of Symptoms* – Plaintiff did not report emotional symptoms related to hair loss—and did not seek treatment for the emotional symptoms or the hair loss itself—until motivated to report symptoms due to potential legal claims;

- *Duration of Symptoms* – Plaintiff did not experience significant emotional symptoms related to hair loss for many years following chemotherapy because she perceived her condition as a known and accepted risk of Arimidex, which she continues to use.

Plaintiff's statements are highly probative and substantively admissible as to each of these points.  Critically, Plaintiff does not argue that her statements are *not* probative of these or any issues in her case, nor that admitting the statements would unduly prejudice her *as to any of these*

2

*fundamental issues*.  Rather, Plaintiff argues only that admitting the statements would force her to explain why she did not call Drs. Bianchini and Thompson at trial—a question which does not directly bear on core elements of her claims such as medical causation, proximate causation (risk calculus), or damages.  In effect, Plaintiff attempts to flip Rule 403 on its head, arguing that potential prejudice on a peripheral, non-substantive issue outweighs the significant probative value on essential, even dispositive questions in the case.  This is not the law.  "Relevant evidence is inherently prejudicial; but it is only [u]nfair prejudice, [s]ubstantially outweighing probative value, which permits exclusion of relevant matter under Rule 403 . . . . [T]he application of Rule 403 must be cautious and sparing."  *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979); *see also Lewis v. Herzog's Auto. Parts, Inc.*, No. 97-cv-1949, 1998 WL 398038, at *1 (E.D. La. July 15, 1998) (denying motion *in limine* under Rule 403 where evidence was probative of causation and "the issue of causation is hotly contested.").

Moreover, any potential prejudice is minimal.  To the extent the question of why Plaintiff did not call Drs. Thompson and/or Bianchini is even raised, it is easily addressed by testimony, argument or court instruction, *e.g.*, noting the time constraints for the trial and limited number of witnesses that may be called—as Plaintiff herself points out.  *See* Plf.'s Memo. at 2, n.2.  The statements made to these doctors are no different than those made to Plaintiff's many other physicians whom she will not call to testify at trial.  Thus, Plaintiff's claim of prejudice is hollow.

### B.  Plaintiff's Statements Are Admissible as Admissions of a Party Opponent.

Plaintiff relies solely on Rule 403 in seeking to exclude her statements to Drs. Thompson and Bianchini.  Plaintiff does not in any way contest the veracity of the statements, dispute that she made them, or suggest they are inadmissible hearsay.  Such arguments are thus waived.

Even if asserted, such arguments would fail.  Plaintiff's statements are admissions of a party opponent and are not hearsay.  Rule 801(d)(2); *see also id.*, cmt. (d)(2) "Admissions" (1972) ("Admissions by a party-opponent are excluded from the category of hearsay . . . . No guarantee of trustworthiness is required in the case of an admission."); *Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-cv-4371, 2009 WL 1247098, at *1 (E.D. La. May 4, 2009) (Fallon, J.) (party's own statements not hearsay).  Courts freely admit party admissions without imposing "technical demands of searching for an assurance of trustworthiness," with positive results, which "calls for generous treatment of this avenue to admissibility."  Rule 801(d)(2) cmt. "Admissions" (1972).

Under Fifth Circuit law, the statements of a party's expert are admissible as admissions of a party opponent, even if that expert is withdrawn or unavailable to testify.  *See Collins v. Wayne Corp.*, 621 F.2d 777, 781 (5th Cir. 1980) (deposition testimony of withdrawn expert admissible as admission of party opponent) (superseded by Rule on other grounds as recognized in *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002)); *Steel Coils, Inc. v. M/V Lake Marion*, No. 98-cv-3116, 2001 WL 1191055, at *2 (E.D. La. Oct. 5, 2001) (admitting statements of non-testifying witnesses as "admissions of authorized agents" under Rule 801(d)(2)(C)).  "An admission by a party opponent can come in the form of a statement by a person authorized by the party opponent to make a statement concerning the subject of the case," including an expert.  *Steel Coils*, 2001 WL 1191055, at *2. Accordingly, the statements are not hearsay.

Even if they were hearsay, Ms. Earnest's statements made to Drs. Bianchini and Thompson would be admissible under Rule 803(4) as statements made for medical diagnosis or treatment, and under Rule 803(6) as records of a regularly conducted activity.  In these respects, statements in Drs. Bianchini and Thompson's notes and reports and referred to in their deposition testimony

are no different than statements recorded in Ms. Earnest's other medical records, which are readily admissible.

### C.    Plaintiff's Statements Are Admissible for Impeachment.

In addition to their substantive probative value, Plaintiff's statements regarding her long-standing belief that Arimidex was causing her hair loss directly contradict her sworn deposition testimony:

> Q. Have you ever thought it possible that Arimidex is contributing to the condition, the current condition of your hair?
>
> A. No.
>
> [....]
>
> Q. You've always thought the condition of your hair was related to chemotherapy, correct?
>
> A. Correct.

Earnest Dep. at 291:1-10 (Dec. 21, 2017).  A witness's prior statements "may be used for impeachment purposes if they are inconsistent with the witness' testimony."  *Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-cv-4371, 2009 WL 1247098, at *1 (E.D. La. May 4, 2009) (Fallon, J.) (citing Rules 607 and 613).  Where a witness is available for examination and any potential confusion can be removed, such "statements are not excludable as prejudicial or confusing under Federal Rule of Evidence 403." *Id.*[2] Here, Plaintiff would have every opportunity to adopt or deny and explain her prior statements, removing any potential prejudice.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 762-63 (5th Cir. 2008) (affirming district court's

---

[2]  Here, Plaintiff does not dispute—and thus concedes—that her own statements are relevant and admissible, but argues that she would be prejudiced by having to explain their context.  *See* Plf.'s Memo at 2.  Plaintiff cannot be unduly prejudiced by her own testimony and argument. Suggestions to that effect should not be credited.

decision to admit a prior inconsistent statement as impeachment evidence where the district court provided the proper limiting instructions to the jury).

### D.    Conclusion

For the foregoing reasons, Plaintiff's Motion *In Limine* to Exclude Evidence and Argument Regarding Evaluations of Plaintiff by Formerly Retained Experts Who Will Not Testify at Trial (Rec. Doc. 8108-1) should be denied.

Date: August 28, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 28, 2019**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Douglas J. Moore*
Douglas J. Moore