## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "N"(5) |
| | : | JUDGE JANE TRICHE MILAZZO |
| | : | MAG. JUDGE NORTH |
| SANDRA ALLENDE | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | Civil Action No: 2:17-cv-01135 |
| | : | |
| SANOFI US SERVICES INC., et al. | : | |
| *Defendants* | : | |

## NOTICE OF SERVICE OF SUBPOENA TO TESTIFY AT A DEPOSITION DUCES TECUM IN A CIVIL ACTION

Plaintiff hereby give notice pursuant to Federal Rule of Civil Procedure 45 to Defendants that Plaintiff intends to serve the attached subpoena commanding an appearance to testify at a , deposition and the production of documents, information or objects upon  FLORIDA HOSPITAL CANCER INSTITUTE.

Dated: August 28, 2019

SIMMONS HANLY CONROY

/s/  *John J. Foley*
John J. Foley, IL Bar #6288152
One Court Street
Alton, IL 62002
Telephone:  618-259-2222
Facsimile:  618-259-2251
Email:  jfoley@simmonsfirm.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP (5b).

**Irwin Fritchie Urquhart & Moore LLC**
Douglas J. Moore
400 Poydras Street
Suite 2700
New Orleans, Louisiana 70130
Phone: (504) 310-2163
Facsimile: (504) 310-2101
Email: dmoore@irwinllc.com
*Liaison Counsel for Defendant's*

**Chaffe McCall, LLP**
John F. Olinde
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Phone: (504) 585-7241
Facsimile: (504) 544-6084
Email: olinde@chaffe.com
*Liaison Counsel for Defendants'*

**SHOOK HARDY & BACON LLP**
Harley V. Ratliff
Jon Strongman
Adrienne Bieri
Kelly Bieri
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: hratliff@shb.com
Email: jstrongman@shb.com
Email: abyard@shb.com
Email: kbieri@shb.com
*Counsel for Defendants Sanofi-Aventis*
*U.S. LLC and Sanofi U.S. Services Inc.*

**GREENBERG TRAURIG, LLP Terminus 200**
R. Cliffton Merrell
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Telefax; 678-553-2100
merrellc@gtlaw.com
*Counsel for Defendant Sandoz, Inc.*

**TUCKER ELLIS LLP**
Julie A. Callsen
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Telefax: 216-592-5009
julie.callsen@tuckerellis.com
*Counsel for Defendants Accord Healthcare Inc.*

**MORRISON & FOERSTER LLP**
Erin M. Bosman
12531 High Bluff Dr.
San Diego, CA 92130-2040
Telephone: 858-720-5100
Telefax: 858-720-5125
ebosman@mofo.com
*Counsel for Defendants McKesson Corporation d/b/a McKesson Packaging Service*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Mark S. Cheffo
51 Madison Ave., 22nd Floor New York, NY 10010
Telephone: 212-849-7000
Telefax: 212-849-7100
markcheffo@quinnemanuel.com
*Attorneys for Hospira, Inc., Hospira*
*Worldwide, LLC formally d/b/a*
*Hospira Worldwide, Inc., and Pfizer, Inc.*

**HINSHAW & CULBERTSON LLP**
Geoffrey M. Coan.
28 State Street
Boston, MA 02109
Telephone: 617-213-7000
Telefax: 617-213-7001
gcoan@hinshawlaw.com
*Counsel for Defendants Sun Pharmaceutical Industries, Inc.*
*f/k/a Caraco Pharmaceutical Laboratories, Ltd.*

**ULMER & BERNE LLP**
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Facsimile: 513-698-5065
msuffern@ulmer.com
*Counsel for Defendant Actavis Pharma,*
*Inc. and Actavis LLC f/k/a Actavis Inc.*


Dated: 08/28/2018

                                        */s/  John J. Foley*
                                        John J. Foley

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

| | | |
|---|---|---|
| SANDRA ALLENDE | ) | |
| *Plaintiff* | ) | |
| v . | ) | Civil Action No.   2:17-cv-01135 |
| | ) | |
| SANOFI-AVENTIS U.S. LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Florida Hospital Cancer Institute, 2501 North Orange Avenue, Orlando, FL 32804

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached "Notice of Deposition Duces Tecum" and associated Exhibits A, B, C and D

| Place:  Ron Fleming Video Productions<br>1512 East Concrod Street<br>Orlando, FL 32803 | Date and Time:<br>10/02/2019  9:00 am |
|---|---|

The deposition will be recorded by this method: _____ stenographically

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached "Notice of Deposition Duces Tecum" and associated Exhibits A, B, C and D

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/28/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 Sandra Allende, Plaintiff _____, who issues or requests this subpoena, are:

John J. Foley, Simmons Hanly Conroy-One Court Street, Alton, IL 62002, (618)259-2222, jfoley@simmonsfirm.com

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:17-cv-01135

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" (5) |
| | : | JUDGE JANE TRICHE MILAZZO |
| | : | MAG. JUDGE NORTH |
| SANDRA ALLENDE | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | Civil Action No: 2:17-cv-01135 |
| | : | |
| SANOFI-AVENTIS U.S. LLC, et al. | : | |
| *Defendants* | : | |
| _____ | : | |

**NOTICE OF FED. R. CIV. P 30(b)(6)**
**DEPOSITION DUCES TECUM OF FLORIDA HOSPITAL CANCER INSTITUTE**

To:    Florida Hospital Cancer Institute

2501 North Orange Avenue

Orlando, FL 32804

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff above named, by her attorneys, will take the deposition upon oral examination of Florida Hospital Cancer Institute's duly-appointed designee(s) at Ron Fleming Video Productions- 1512 East Concord Street, Orlando, FL 32803. Beginning at 9:00 am on 10/02/2019, the deposition will commence from day to day, excluding Saturdays, Sundays and holidays, until completed. The deposition will be taken before a certified court reporter or notary public duly authorized to administer oaths and record the oral examination by stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Procedure, Florida Hospital Cancer Institute is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on Florida Hospital Cancer Institute's behalf, and whom Florida

Hospital Cancer Institute will fully prepare to testify regarding the matters designated in Exhibit B, attached hereto, and as to such information that is known or reasonably available to Florida Hospital Cancer Institute.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff demands that Florida Hospital Cancer Institute's designee, responsive to this subpoena *duces tecum*, produce on 10/02/2019 by 9:00 am, the documents identified in the schedule of documents found in Exhibit C, attached hereto, organized and labeled to correspond to the categories identified in the schedule of documents found in Exhibit C.

Also attached as Exhibit D is a court order from the Eastern District of Louisiana Taxotere (Docetaxel) Product Liability Litigation regarding Deposition Protocol (Case Management Order No. 9).

Failure to designate a person who is prepared to provide full and complete testimony with this subpoena *duces tecum* and produce documents may be treated as a failure to comply with this subpoena *duces tecum* and may be treated as contempt of court. A failure to adequately prepare to so testify and produce documents may be considered to be a "failure to appear" for the deposition as subpoenaed, which could result in sanctions, imposed by a Court pursuant to Rule 37(d).

DATED: August 28, 2019                 *ATTORNEYS FOR PLAINTIFF*
                                       SIMMONS HANLY CONROY

                                        /s/  John J. Foley_____
                                       John J. Foley
                                       One Court Street
                                       Alton, IL 62002
                                       Telephone:  618-259-2222
                                       Facsimile:  618-259-2251
                                       Email:  jfoley@simmonsfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above foregoing has contemporaneously with or before

filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b).


DATED: August 28, 2019                    /s/    John J. Foley_____

**EXHIBIT A**

**Definitions**

For the purposes of this subpoena *duces tecum*, the following terms shall have the following meanings:

1. "TREATING FACILITY" refer to Florida Hospital Cancer Institute, located at 2501 North Orange Avenue, Orlando, FL 32804, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2. "PLAINTIFF" refers to Sandra Allende.

3. "APPLICABLE DATES" refers to the time period between 06/01/2014 through 01/01/2016 inclusive.

4. "Taxotere (docetaxel)" refers to <u>any</u> chemotherapy medication of that name, whether brand-manufactured or generic, intravenous infusion or injectable.

5. "Protocol" refers to standard practice, policy, procedure, systems, rule(s), custom, and/or habit.

6. "Employee" refers to anyone subject to the direction and control of, or acting on behalf of, FLORIDA HOSPITAL CANCER INSTITUTE, both past and present.

7. "Document(s)" refers to any recorded information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations – stored in any medium from which that information can be obtained.

8. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

**EXHIBIT B**

**Matters for Examination**

Acquisition and Purchase of Taxotere (docetaxel)

1. FLORIDA HOSPITAL CANCER INSTITUTE's acquisition and purchase of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

2. The substance of any documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's acquisition and purchasing of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

3. The substance of any documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's acquisition and purchasing of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016 identifying batch, lot or control numbers; and/or drug pedigree record.

4. FLORIDA HOSPITAL CANCER INSTITUTE's protocol for the acquisition and purchasing Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

5. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees responsible for the acquisition and purchasing Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

6. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees having knowledge of any documents related to the exchange of transaction information, transaction history, and transaction statements (product tracing information) for the acquisition and purchase of Taxotere (docetaxel) by the FLORIDA HOSPITAL CANCER INSTITUTE between 06/01/2014 THROUGH 01/01/2016. *For dispensers, requirements for the tracing of products through the pharmaceutical distribution supply chain under section 582(d)(1) of the FD&C Act took effect on July 1, 2015.*

7. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees having knowledge of how the FLORIDA HOSPITAL CANCER INSTITUTE compounded drugs, where the compounding occurred, and the identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

Handling and Storage of Taxotere (docetaxel)

8. FLORIDA HOSPITAL CANCER INSTITUTE's handling and storage, from receipt until administration, of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

9. The substance of any documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's handling and storage, from receipt until administration, of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

10. FLORIDA HOSPITAL CANCER INSTITUTE's protocol for handling and storage, from receipt until administration, of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

11. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees responsible for the handling and storage, from receipt until administration, of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

<u>Dispensation and Administration of Taxotere (docetaxel)</u>

12. FLORIDA HOSPITAL CANCER INSTITUTE's dispensation and administration of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

13. The substance of any documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's dispensation and administration of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

14. FLORIDA HOSPITAL CANCER INSTITUTE's protocol for dispensation and administration of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

15. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees responsible for dispensation and administration of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

<u>National Drug Codes</u>

16. FLORIDA HOSPITAL CANCER INSTITUTE's tracking, recording and documentation of National Drug Codes ("NDCs") between 06/01/2014 THROUGH 01/01/2016.

17. The substance of any FLORIDA HOSPITAL CANCER INSTITUTE documents referring to the NDCs of Taxotere (docetaxel) created between 06/01/2014 THROUGH 01/01/2016.

18. FLORIDA HOSPITAL CANCER INSTITUTE's protocol for tracking, recording and documentation of National Drug Codes ("NDCs") between 06/01/2014 THROUGH 01/01/2016.

19. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees responsible for tracking, recording and documentation of National Drug Codes ("NDCs") between 06/01/2014 THROUGH 01/01/2016.

<u>Taxotere (docetaxel) administered to Sandra Allende</u>

20. FLORIDA HOSPITAL CANCER INSTITUTE's administration of Taxotere (docetaxel) to SANDRA ALLENDE.

21. The substance of any documents referring to the Taxotere (docetaxel) administered to SANDRA ALLENDE by FLORIDA HOSPITAL CANCER INSTITUTE.

22. FLORIDA HOSPITAL CANCER INSTITUTE's protocol for where and how the Taxotere (docetaxel) administered to SANDRA ALLENDE was documented or otherwise recorded.

23. The identity of FLORIDA HOSPITAL CANCER INSTITUTE's employees responsible for administration of Taxotere (docetaxel) to SANDRA ALLENDE and responsible for documenting same.

Documents

24. The substance of any documents produced in response to Exhibit C.

## EXHIBIT C

## Materials Designated for Production

1. Documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's acquisition and purchase of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016; including but not limited to:
   a. Dates Taxotere/Docetaxel was purchased;
   b. Dates the Taxotere/Docetaxel shipments were received;
   c. Invoices from the manufacturer/wholesaler/distributor for the FLORIDA HOSPITAL CANCER INSTITUTE's purchase of Taxotere/Docetaxel between 06/01/2014 THROUGH 01/01/2016
   d. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
   e. The identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

2. Documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's handling and storage of Taxotere (docetaxel), from receipt until administration, between 06/01/2014 THROUGH 01/01/2016.

3. Documents created in connection with the FLORIDA HOSPITAL CANCER INSTITUTE's dispensation and administration of Taxotere (docetaxel) between 06/01/2014 THROUGH 01/01/2016.

4. Documents describing FLORIDA HOSPITAL CANCER INSTITUTE's protocol for documenting National Drug Codes ("NDCs") between 06/01/2014 THROUGH 01/01/2016.

5. Documents indicating the NDCs, the manufacturer, the distributor, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, dispensed, or administered by FLORIDA HOSPITAL CANCER INSTITUTE between 06/01/2014 THROUGH 01/01/2016; including but not limited to:

   a. Any and all pharmacy inventory records identifying the Taxotere/Docetaxel in FLORIDA HOSPITAL CANCER INSTITUTE's inventory between 06/01/2014 THROUGH 01/01/2016, including the NDC and/or manufacturer of the Taxotere/Docetaxel in inventory;
   b. Any other records, documents, or reports containing the National Drug Codes or any other document(s) identifying the manufacturer of the Taxotere/Docetaxel shipped to FLORIDA HOSPITAL CANCER INSTITUTE within 06/01/2014 THROUGH 01/01/2016;
   c. Chemotherapy Supply Report or other internal report identifying the NDCs and/or manufacturer of the Taxotere/Docetaxel administered to SANDRA ALLENDE between 06/01/2014 THROUGH 01/01/2016.

6. Documents indicating the NDCs, the manufacturer, the distributor, or the source of the Taxotere (docetaxel) that FLORIDA HOSPITAL CANCER INSTITUTE administered to

SANDRA ALLENDE; including but not limited to:

    a.  Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere/Docetaxel chemotherapy medication administered to SANDRA ALLENDE, including but not limited to, the Taxotere/Docetaxel NDC numbers; batch, lot or control numbers; or drug pedigree record.

7.   Documents indicating the person, entity, and/or their agents, employees or officers that shipped or sold Taxotere (docetaxel) to FLORIDA HOSPITAL CANCER INSTITUTE between 06/01/2014 THROUGH 01/01/2016; including but not limited to:

    a.  the name and address of all manufacturers, distributors and/or wholesalers from whom FLORIDA HOSPITAL CANCER INSTITUTE purchased Taxotere/Docetaxel;

    b.  the name and address of all manufacturers, distributors and/or wholesalers who delivered the Taxotere/Docetaxel to FLORIDA HOSPITAL CANCER INSTITUTE.

**EXHIBIT D**

**Taxotere (Docetaxel) Product Liability Litigation**
**Case Management Order No. 9 – Deposition Protocol**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

THIS DOCUMENT RELATES TO:                      SECTION "N" (5)
ALL CASES

**CASE MANAGEMENT ORDER NO. 9**
**(Deposition Protocol)**

I.      **GENERAL PROVISIONS**

        A.      **Scope of Order**

                This Order addresses depositions conducted of both fact and expert witnesses ("the

        witness") in cases presently pending and hereafter included in this MDL as more fully

        described below.  Except as otherwise provided in this Order, the Federal Rules of Civil

        Procedure and the Local Rules of this Court will apply in this proceeding including those

        regarding the conduct of depositions.

        B.      **Applicability**

                This order shall govern the conduct of depositions of all witnesses deposed in the

        above-captioned matter, including (1) cases directly filed in this Court pursuant to this

        Court's Direct Filing Order of December 13, 2016, PTO No. 5 (Rec. Doc. 131); (2) cases

        transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) any tag-along

        action subsequently transferred to this Court by the Judicial Panel on Multidistrict

        Litigation; and (4) all related cases originally filed in this Court or transferred or removed

        to this Court.

Case 2:16-md-02740-KDE-MBN   Document 1230   Filed 12/15/17   Page 19 of 34

Counsel are reminded that the Court considers depositions to be official court procedures, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court, as if each was appearing personally before the Court at the time of the deposition. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the Louisiana Rules of Professional Conduct, the Louisiana Code of Professionalism and all other Orders of the Court. Neither counsel nor the witness shall, at any time, engage in conduct that obstructs, impedes, delays, or frustrates the examination of the witness. All counsel and the witness must be treated with civility and respect.

Counsel will not abuse or indulge in offensive conduct directed to other counsel, parties or the witness. Counsel will abstain from disparaging personal remarks or acrimony toward other counsel, parties or the witness. Counsel will treat adverse witnesses and parties in a professional manner as officers of the Court.

There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during any deposition recess.

**C.     Meet and Confer**

Counsel shall meet and confer in good faith regarding any disputes that may arise with respect to any matter concerning depositions in an effort to resolve the dispute by agreement before presenting them to Magistrate Judge Michael B. North.

Counsel shall attempt to schedule depositions by mutual agreement and agree to consult regarding scheduling matters in a good faith effort to avoid conflicts.  Counsel will promptly notify other counsel when depositions are to be canceled and rescheduled.

## II.   ATTENDANCE

### A.   Who May Be Present

Unless otherwise ordered under Rule 26(c), depositions may be attended only by counsel of record, members of the PSC, members and employees of their firms, attorneys specifically engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), the witness, counsel for the witness, the parties' expert witness(es), court reporters, and videographers.  By agreement or upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

To minimize travel and related costs, counsel or others permitted to attend the deposition may participate/attend any deposition by telephone or videoconference. Counsel noticing the deposition should facilitate arrangements so that a conference call in line is available during the deposition.  Any party wishing to attend by video conference shall be responsible for the cost of setting up the video conference capabilities.  Notification of attendance by telephone or video conference shall be provided within five (5) days prior to the deposition by those counsel desiring to do so.

Examining counsel and counsel intending to participate remotely shall cooperate in good faith to facilitate such participation.  No deposition shall be delayed or impeded by technical issues related to counsel appearing remotely.  All individuals attending remotely shall identify themselves for the record either verbally or by email to the court reporter and

counsel for the parties, and the court reporter shall record the name of all individuals listening or attending the deposition remotely for any length of time and include them as being in attendance in the official transcript.

**B.     Unnecessary Attendance**

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

**C.     Examination**

Leadership Counsel for the MDL Plaintiffs shall designate one (1) attorney to serve as the primary examiner of each witness on behalf of the MDL Plaintiffs.  Defendants' Leadership or Liaison Counsel shall designate one primary examiner for each Defendant. Additional examiners on behalf of MDL parties shall not be permitted absent good cause and agreement of the parties.  Once a witness has fully answered a question, the same or substantially the same question shall not be asked again.  Counsel who have individual or divergent positions may examine a witness limited to matters not previously covered.

While a witness is being examined about any document or information that has been designated or stamped as "Confidential" pursuant to a stipulated confidentiality agreement or Protective Order in this case, any persons to whom disclosure is not authorized under such Protective Order shall be excluded during such examination.

**D.     Objections**

Objections must be made by <u>only</u> one attorney for each party as designated on the record at the commencement of the deposition.

**III.          SCHEDULING OF PARTIES' WITNESSES**

4

A.     **Mutual Efforts**

Absent extraordinary circumstances, counsel shall consult with opposing counsel in advance of noticing any deposition in an effort to schedule depositions at mutually convenient times and locations.  Counsel will aim to coordinate on deposition scheduling in advance of sending notices of depositions.

Nothing herein shall preclude a party from serving a notice of deposition following a written request for deposition where dates are not provided by opposing counsel or counsel for the proposed deponent within fourteen (14) days of the written request for deposition under this Order and the requesting party has made a good faith attempt to meet and confer.

Each deposition notice shall comply with Rule 30(b).  The deposition notice shall include the name, address, and telephone number of an attorney contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition.  The notice shall clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.

As a general rule, no individual witness under Rule 30(b)(1) should be deposed in the MDL proceeding more than once.  However, to the extent responsive documents are produced or custodial documents are identified after the deposition of the witness, a supplemental deposition may be requested.  Any subsequent deposition shall be limited to issues arising from supplemental productions or identification of custodial documents.  A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception.  Second depositions shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown.

5

### B.     Location

The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the witness, e.g., within 100 miles of the witness's residence, or at such other location as is agreed to by all counsel involved and the witness.  Defendants will make a good faith effort to communicate to former employees that a request for them to appear at a deposition has been made, and will make a good faith effort to produce former employees for depositions.

### C.     Notice of Intent to Attend

In order to make arrangements for adequate deposition space, Counsel for each party shall confer regarding the expected attendance in advance of the deposition.  Five (5) days prior to the deposition, the noticing party shall provide the number of attendees to counsel representing the deponent.

### D.     Duration of Depositions

1.     A deposition noticed pursuant to Case Management Order No. 5, General Discovery Protocol – Sanofi Defendants, ¶ 5 (and the equivalent subsection of the General Discovery Protocol to be entered with the 505(b)(2) defendants) will for durational purposes be limited as follows:

For purposes of 30(b)(6) depositions, each designee is subject to a presumptive seven (7) hour time limit of on the record testimony, separately, regardless of how many designees the entity appoints.  The parties agree to meet and confer on the total deposition time permitted in the context of a given 30(b)(6) notice to the extent it requires more than one witness to cover topics that are sufficiently-related.

2.     For purposes of a 30(d)(1) deposition, each deposition is subject to a presumptive

time limit of seven (7) hours of on the record testimony. However, if the deposition is cross-noticed then the deposition noticed under FRCP 30(d)(1) maybe scheduled for up to two seven (7) hour days with the Plaintiff MDL attorneys limited to seven (7) hours of testimony.

The presumptive duration for any deposition may be extended or otherwise altered by agreement or by court order if requested. Additional time may be permitted for state court litigants if the deposition is cross-noticed in such state court action(s). However, if the deposition is cross-noticed, the Plaintiff MDL attorneys' allotment of seven (7) hours of testimony shall not be affected. Absent exigent circumstances, no additional time shall be used by state court litigants to ask unduly duplicative or cumulative questions. Time spent by defending counsel for direct examination of the witness shall not count against the time allotted to questioning counsel. Where a witness is a non-party, and is not a current or former employee, agent, or consultant for a party or a subsidiary or affiliate of a party, the parties shall meet and confer to reach agreement on the division of the available time to depose the witness.

To effectuate an orderly and efficient 30(b)(6) deposition process, 30(b)(6) notices may be crafted on an issue-by-issue basis and depositions may be conducted on multiple and separate days and times by agreement of the parties and subject to the availability of the witness. The parties may disagree on how the numerical limitations on depositions of defendants set forth in Case Management Nos. 5 (¶ 5) and 7 (¶ 5) apply to 30(b)(6) depositions. For example, the parties disagree on whether each 30(b)(6) notice shall count as one deposition. To resolve any such disagreements, the parties shall report at each

discovery status conference as to their position on how each 30(b)(6) notice is counted against the limits set forth in Case Management Nos. 5 (¶ 5) and 7 (¶ 5).

All objections to a 30(b)(6) deposition topic or topics shall be provided within fourteen (14) days after the proposed topics are propounded in a notice.  The parties shall meet and confer and endeavor to resolve such objections within seven (7) days of the objections being lodged.

3.      Breaks shall be taken on an as needed basis.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.  The time limits agreed to by the parties shall be the actual time spent on the record examining the witness. Time spent on breaks or lunch shall not be counted toward the time limits.

4.      In the event that a deposition involves a translator, the deposition shall be extended as reasonably necessary to conduct the examination up to double the amount of time permitted for the deposition, but absent good cause it shall not exceed an additional day of seven (7) hours of testimony, except by agreement of the parties, or by Court Order for good cause.

**E.      Multi Tracking**

Although the parties will try to avoid multi-tracking of depositions (the scheduling of more than one deposition on a single day), multi-tracking of depositions may be necessary considering the date of the trials and the status of discovery.  The parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions.  To the extent that the parties cannot agree on a proposed schedule for multi-tracking depositions, the parties shall prepare letter briefs to be presented to Magistrate

Judge Michael B. North attaching their separate proposed schedules.  The Court will endeavor to promptly resolve the scheduling dispute.

**F.      Postponement**

Once a deposition has been mutually scheduled and noticed, it shall not be taken off the calendar, rescheduled, or relocated less than seven (7) calendar days in advance of the date it is scheduled to occur, except upon agreement between counsel (including counsel for the witness), or by leave of Court for good cause shown.

**G.      Interpreters/Translators**

1.      Where a witness indicates his or her intention to respond to questions in a language other than English, translators will be employed to interpret and translate between the foreign language and English.  A translator selected by any party may also attend the deposition for the purpose of verifying the interpretation or translation provided by the other translator.  Each translator shall swear under oath or affirm prior to each deposition to provide honest and truthful interpretations and translations.  A monitor displaying "real time" transcription will be placed in front of the translator to assist in the interpretation. Defendants and Plaintiffs will each be responsible for all fees and costs incurred to secure the attendance and services of their respective translators.

2.      Counsel for the witness shall notify the noticing party at least fourteen (14) days in advance of the deposition that the examination will require the involvement of a translator.  In the event the noticing party receives such a notice from a third party or his/her counsel, the noticing party shall inform other involved counsel within 24 hours of receiving such notice.

**IV.     NON-PARTY DEPOSITIONS**

9

A.      **Federal Rule Civil Procedure 30(b)(6)**

Non-party organizations may be required to provide 30(b)(6) testimony through the issuance of a subpoena for that organization to testify.  The subpoena must meet the same requirements as a 30(b)(6) notice.  If a non-party 30(b)(6) deposition is intended to include document production, a subpoena *duces tecum* is required to be served in conjunction with the subpoena to testify pursuant to Rule 30(b)(2).  Rule 45 governs service of the subpoena to obtain testimony from non-party entities.  The non-party can object by sending a letter to Magistrate Judge Michael B. North seeking resolution.  A notice of objection is not sufficient to stay the deposition.  If the non-party 30(b)(6) notice includes a subpoena *duces tecum*, the notice must allow a fourteen (14) day opportunity for the non-party entity to file written objections as required by Rule 45(d)(2)(B).  Once the non-party files written objections, the non-party is not required to produce the documents that are the subject of the filed objection and after conferral, any remaining controversy over the document production will be determined by Magistrate Judge Michael B. North.

Liaison Counsel shall receive documents produced by third parties.  Any counsel who receives documents produced by a third party in response to a subpoena *duces tecum* will produce copies of those documents to all Liaison Counsel as soon as possible but no later than three (3) business days after receipt.  All counsel who receive documents produced by a third party will use best efforts to produce these documents to all Liaison Counsel by ftp or similar electronic means to avoid the delays involved in sending documents by overnight mail.  Counsel transmitting documents to all Liaison Counsel may include a bill for reasonable production and transmission costs to be paid by the receiving

Liaison Counsel, taking into account the form in which the production was received from the third-party.

**B.      Individual Depositions of Non-Party Witnesses**

An officer, director, or managing agent of a non-party corporation, a government official, or other non-party may be deposed with service of a notice of deposition and/or subpoena issued pursuant to the requirements of Rule 30 and 45.  Rule 45 governs service of the subpoena to obtain testimony from non-parties.  The non-party can object by filing a motion to Quash under Rule 45(d)(3) and a party can object by filing a Motion to Quash or for a Protective Order to preclude the discovery.  A notice of objection, without a filed motion, is not sufficient to stay the deposition.  A courtesy copy of this pre-trial order will be attached to the individual non-party service of a notice and/or subpoena.

## V.     OBJECTIONS

1.      Counsel shall comply with Rules 30(c), (d)(1) and (3).  When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

2.      Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. The only objections that can be made are "objection as to form" and privilege.  No other objections shall be made and all other objections are preserved.

3.      Counsel shall refrain from engaging in colloquy during any deposition. The phrase "objection as to form" or similar language as contemplated by Rule 30(c)(2) shall be

11

sufficient to preserve all objections as to form until the deposition is sought to be used.  If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.  No speaking objections are allowed and professionalism is to be maintained by all counsel at all times.

4.      Counsel shall not make objections or statements that might suggest an answer to a witness.

5.      Private consultations between the witness and his or her attorneys during the actual taking of the deposition are improper and prohibited, except for the purpose of determining (a) whether a privilege exists, (b) whether disclosure of information may violate an Order of the MDL Court or another court, or (c) an issue regarding confidentiality or whether the information sought is subject to an applicable protective order.  Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

## VI.      DISPUTES DURING DEPOSITIONS

Disputes between or among the parties must be addressed to the assigned Magistrate Judge, should the parties be unable to resolve the dispute.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge North by telephone at (504-589-7610).  If Magistrate Judge North is unavailable, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel

the right to suspend a deposition pursuant to Rule 30(d)(3), file an appropriate letter with Magistrate Judge North, and appear personally before the Court.

## VII. COORDINATION OF STATE COURT ACTIONS

Any deposition in this MDL proceeding may be cross-noticed in any related state court action, which may require reasonable coordination between the MDL parties and parties in related state court litigation. In coordinating such efforts, the MDL parties shall seek to (1) limit witnesses to a single deposition within the limits set forth in this Order; and (2) streamline examination of the witness to avoid duplicative or cumulative questioning. Plaintiffs' and Defendants' Liaison Counsel shall make best efforts to ensure that deposition notices of current and/or former employees of Defendants, as well as 30(b)(6) witnesses, are transmitted to plaintiffs' counsel in all related state court actions identified by Defendants pursuant to Pretrial Order No. 8 (Rec. Doc. 156). To the extent practicable, the parties shall endeavor to allow for full participation by all jurisdictions in each deposition consistent with paragraph III.D.2, *supra*, and to the extent such participation is not duplicative or cumulative of prior questioning of the witness.

If a deposition originally noticed in this MDL proceeding has been cross-noticed in a state court action, then a party in this MDL may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown. Any disputes among the parties in this MDL regarding subsequent depositions shall be resolved, and good cause determined by the MDL Court, including Magistrate Judge North. Any subsequent deposition may be restricted by stipulation of the parties or as permitted by the Court.

The MDL parties shall encourage the entry of substantively similar deposition protocols in any related state proceedings.

## VIII.  DOCUMENTS USED IN CONNECTION WITH DEPOSITIONS

### A.  Use of Exhibits

All documents produced and used as deposition exhibits should be identified by referring to the unique alpha-numeric identifiers (i.e., Bates stamped numbers) appearing on the documents.  In the case of documents which have not yet received production numbering at the time of the deposition, the parties shall agree on a numbering method.  Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.  The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition. All documents used at depositions must be marked in accordance with the Protective Order and this Order.

### B.  Copies

Extra copies of documents about which deposing counsel expects to examine a witness must be provided to primary counsel for the parties and the witness during the course of the deposition.

### C.  Translation of Documents

Objections as to the accuracy of translations shall be reserved unless a stipulation is reached by the parties in advance of the deposition.  There shall be no electronic translation done for documents in a foreign language used in any manner in this case.

## IX.  MEANS OF RECORDING

## A.     Stenographic Recording

A certified court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities.  The court reporter shall administer the oath or affirmation to the witness.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Rule 30(e) addressing filing, retention, certification and the like.  To the extent any counsel requires real-time video and/or text feed, that counsel is responsible for setting up and paying for the cost of that additional feature.

## B.     Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Rule 30(b)(3) subject to the following rules:

1.     <u>Video Operator</u>.  The operator(s) of the video recording equipment shall be subject to all applicable provisions of Rule 28.  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

2.     <u>Position of the Witness</u>.  Unless physically incapacitated, the witness shall be seated at a table, except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the witness.  Only the witness and any exhibits or

15

demonstrative aids used in the examination will be video recorded.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the witness.

3.      Filing.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and forward a true copy of the videotape, the transcript, and certificate with Plaintiffs' and Defendants' Liaison Counsel at a reasonable cost to each party.

4.      Technical Data.  Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

## C.      Telephone Depositions

By indicating in its notice of deposition that a party wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Rule 30(b)(4).  Unless an objection is filed and served within seven (7) calendar days after such notice is received, the objection is waived.  Other parties may examine the witness telephonically or in person in accord with this Order and any Order of the Court. However, all persons present with the witness shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the witness.  The court reporter shall be in the same room with the witness.

## X.    CORRECTING AND SIGNING DEPOSITIONS

Unless waived by the witness, the transcript of a deposition shall be submitted to the witness for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition.  The time allowed for correcting and signing the transcript shall be extended to forty-five (45) days for those witnesses who responded in a language other than English.  If no corrections are made during this time, the transcript will be presumed accurate.

New Orleans, Louisiana, this 14th day of   November    2017.

_____
Michael B. North
United States Magistrate Judge