# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 16-2740 <br><br> SECTION: "H" (5) |
| Barbara Earnest, No. 16-17144 <br> Jacqueline Mills, No. 17-2689 | | |

## ORDER

Before the Court is a Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's July 9, 2019 Summary Judgment Order for Interlocutory Appeal and Adjourn the Earnest Trial Pending the Appeal (Doc. 7850). The Court held oral argument on August 16, 2019. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

The first bellwether trial of Plaintiff Barbara Earnest ("Plaintiff") is set to begin September 16, 2019. On July 9, 2019, this Court issued an order ruling on Defendants' summary judgment motions against Plaintiffs Barbara

---

[1] Docetaxel is the generic version of Taxotere.

Earnest and Jacqueline Mills. The Court held that the learned intermediary doctrine did not bar Plaintiffs' claims.

In the instant Motion, Defendants seek certification of an interlocutory appeal of the July 9, 2019 order. Defendants argue that the Court misapplied the learned intermediary doctrine and that immediate appellate guidance is necessary. Defendants further move the Court to order a limited adjournment of the Earnest trial pending a decision by the Fifth Circuit on whether to accept an interlocutory appeal and, if accepted, until resolution of the appeal.

## LAW AND ANALYSIS

"For a party to obtain review under § 1292(b), the district court must certify that the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2] "The district court cannot certify an order for interlocutory appeal unless all three criteria are present."[3] Interlocutory appeals are the exception to the "general rule . . . that the whole case and every matter in controversy in it must be decided in a single appeal."[4] The final judgment rule, now codified in 28 U.S.C. § 1291, has been the default rule since the "very foundation of our judicial system" because it "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice."[5]

---

[2] Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1708 (2017) (internal quotations omitted).
[3] David v. Signal Int'l, LLC, 37 F. Supp. 3d 836, 839 (E.D. La. 2014).
[4] *Baker*, 137 S. Ct. at 1712 (2017) (internal quotations omitted).
[5] *Id.*

The Court finds that an immediate appeal would not materially advance this litigation but instead would impede its progress. This MDL was filed in 2016. The case of Barbara Earnest, the first bellwether, is set for trial on September 16, 2019. It was originally set for trial September 24, 2018. The Court will not further delay the litigation by certifying this interlocutory appeal.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion Pursuant to 28 U.S.C. § 1292(b) to Certify the Court's July 9, 2019 Summary Judgment Order for Interlocutory Appeal and Adjourn the Earnest Trial Pending the Appeal (Doc. 7850) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Reply Memorandum in Support of the Motion Pursuant to 28 U.S.C. § 1292(b) (Doc. 7932) is **GRANTED**.

New Orleans, Louisiana this 3rd day of September, 2019.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE