MINUTE ENTRY
MILAZZO, J.
August 30, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)        )      MDL No. 16-2740
PRODUCTS LIABILITY LITIGATION      )
                                   )      SECTION: "H" (5)
                                   )
This document relates to all cases )

### TRIAL PREPARATION AND PROCEDURES (JURY TRIAL)

The Court held a pretrial conference on August 30, 2019. Dawn Barrios, Palmer Lambert, Darin Schanker, Rand Nolen, David Miceli, Karen Barth Menzies, Chris Coffin, and Kyle Bachus participated for Plaintiff; Douglas Moore, Hildy Sastre, Jon Strongman, Harley Ratliff, and John Olinde participated for Defendants.

**IT IS ORDERED THAT**:

1. Jury trial of this matter shall commence at 8:30 a.m. on **SEPTEMBER 16, 2019**. Estimated length of trial is 10 days. Counsel should be present at 8:15 a.m. in the event there remain any issues that must be addressed before trial begins.

2. On or before **SEPTEMBER 9, 2019**, the parties shall electronically file:

    (A) A single joint jury instruction document containing agreed to instructions and the parties' respective positions regarding disputed instructions (parties need only refer to numbers of pattern charge)[1], and

    (B) A single joint verdict form containing agreed-to elements and the parties' respective positions regarding disputed elements.

---

[1] In the event that any unusual jury instruction requires explanation beyond mere citation to authority, counsel should file briefing with jury instructions.

(C) A joint statement of the case to be read by the Court to prospective jurors prior to voir dire. The statement should not be more than three or four sentences.

3. Trial memorandum shall be required only when and to the extent ordered by the Court. If, however, counsel anticipates unique evidentiary problems, a memo addressing the same should be filed electronically not less than **SEPTEMBER 9, 2019** prior to trial.

4. On or before **SEPTEMBER 11, 2019,** the parties shall electronically file final witness lists. The list shall identify the witnesses whom the party intends to call at trial in its case in chief. The party who lists these witnesses shall make them available to all other parties, regardless of whether the listing party actually calls the witness. Any witness not listed shall not be permitted to testify, except for rebuttal witnesses. No witnesses may be listed unless counsel has complied with all of the Court's previous orders regarding identification of witnesses.

5. On or before **SEPTEMBER 11, 2019,** the parties shall deliver exhibits to chambers, with a corresponding exhibit list. Because the exhibit list is voluminous, the exhibits should be delivered in thumb drive format in lieu of hard copies. The parties need not disclose exhibits relating to impeachment.

The parties shall delineate those exhibits that are submitted without objection and those to which an objection has been lodged. Objected-to exhibits shall be placed in a separate section. The party objecting to an exhibit shall provide the basis for the objection using the format identified as Sample 1, attached hereto. On the date of trial, the parties shall bring to Court a set of exhibits, properly marked for identification, which counsel intends to introduce into evidence.

If counsel wishes to display exhibits to the members of the jury, counsel should be properly versed in the courtroom's evidence presentation equipment. Counsel shall contact the case manager at (504) 589-7695 to schedule a brief training session on the use of electronic equipment.

6. Absent a showing of good cause, no deposition testimony will be received in a party's case in chief unless identified in the Pretrial Order.

Additionally, the parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. The parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit.

The parties shall provide to the Court two copies of all proposed deposition testimony on a rolling basis, starting with fact witness testimony. Any objection not resolved prior to the trial shall be presented to the Court at that time in the format identified in Sample 2. Proponents and opponents shall reference supporting authority as to the proposed testimony as shown in Sample 2.

7. The parties shall exchange any demonstrative exhibits that they intend to use in opening statements by noon on the Friday preceding trial. The Court shall be immediately alerted to any objection to the exhibits. The objection shall be addressed prior to trial. In the event the parties choose to present opposing counsel with demonstrative aids earlier than the deadline, the Court shall be notified within 72 hours of objections.

8. Each trial day after the first will begin at 8:30 a.m. and conclude at 5:00 p.m. There will be a one (1) hour break for lunch and a fifteen (15) minute break in the morning and in the afternoon.

9. The jury will be composed of eight (8) jurors. Each party will have 3 peremptory challenges.

10. Counsel will stand when they address the Court, make objections, or examine witnesses. When making an objection, counsel will state the relevant rule and the basis for the objection. Speaking objections are not permitted.

11. In total, Plaintiff will be allowed 26 hours, and Defendants will be allowed 22 hours. For opening statements, each party will be allowed 45 minutes. The court reporter will monitor time. Each party should designate one person to monitor the time daily as well.

12.     The Court adopts the Proposed Pre-trial Order (Doc. 8162) filed by the parties in full except to the extent modified herein.

If needed during trial, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse.  The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services.  Details and information on these services including conference room reservations can be found at http://nofaba.org or by contacting the Executive Director at 504-589-7799 or fbaneworleans@gmail.com.

(JS 10:01:50)

**Joint Exhibits**

| Exhibit No. | Description | | |
|---|---|---|---|
| J-1 | Acme Corp. First Report of Injury | | |

**Plaintiff's Exhibits**

| Exhibit no. | Description | Objection | Response |
|---|---|---|---|
| P-1 | Medical Records - Ochsner | Hearsay | FRE 803(4) |
| P-2 | Medical Bills of Plaintiff | Authenticity | Plaintiff will authenticate |

**Defendant's Exhibits**

| Exhibit no. | Description | Objection | Response |
|---|---|---|---|
| D-1 | Safety meeting minutes | Hearsay | FRE 803(6) |
| D-2 | | | |