# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

CARRIENE NEVIN,
    Plaintiff,
v.

ACCORD HEALTHCARE, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., HOSPIRA WORLDWIDE, LLC, HOSPIRA, INC., McKESSON CORPORATION, PFIZER, INC., SANDOZ, INC., SANOFI US SERVICES, INC., SANOFI-AVENTIS U.S. LLC, SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, INC.,
    Defendants.

MDL No. 16-2740

Master Docket No. 2:16-md-02740

Civil Action No. 2:18-cv-01589

Judge Jane T. Milazzo

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED NOTICE OFAPPEAL WITH RESPECT TO THE DISMISSAL OF PLAINTIFF'S CASE**

**FACTS**

1. This Court entered an order of dismissal with respect to Plaintiff Nevin's case in this MDL on May 22, 2019. *See* Doc. No. 7204; Exhibit A, Declaration of J. Christopher Elliott, Esq., P. 3.

2. As is relevant to the instant Motion, this Court also entered an order dismissing the case of Plaintiff Deborah Purnell in the instant MDL (also represented by undersigned counsel) (Civil Action No. 2:18-cv-01395) on December 28, 2018. *See* Doc. No. 5644; Exhibit A, P. 4.

3. As is also relevant to the instant Motion, on April 23, 2019, the Court also entered orders of dismissal in two other cases in the instant MDL wherein those plaintiffs were also represented by undersigned counsel; to wit: Julie Clark (Civil Action No. 2:18-cv-07024) and Renee Jeffers (Civil Action No. 2:17-cv-14193). *See* Doc. No. 6802; Exhibit A, P. 5.

4. Additionally, as is relevant to the instant Motion, this Court entered an order dismissing the case of Plaintiff Dorothy Kuykendall in the instant MDL (also represented by undersigned counsel) (Civil Action No. 2:18-cv-11852) on July 11, 2019. *See* Doc. No. 7600. Thereafter, this Court entered a supplemental Order with respect to the dismissal of Plaintiff Kuykendall's case on July 18, 2019. *See* Doc. No. 7701, Exhibit A, P. 6.

5. Barring the filing of a motion pursuant to Fed. R. Civ. P. 59(e), pursuant to Fed. R. App. P. 4(a)(1)(A), the notice of appeal with respect to the May

22, 2019 Order of dismissal (Doc. No. 7204) in Plaintiff Nevin's case had to be filed no later than June 21, 2019 (May 22, 2019 plus 30 days). Similarly, barring the filing of a motion pursuant to Fed. R. Civ. P. 59(e), pursuant to Fed. R. App. P. 4(a)(1)(A), the notice of appeal with respect to the April 23, 2019 Order of dismissal (Doc. No. 6802) in Plaintiff Jeffers' and Plaintiff Clark's cases had to be filed no later than May 23, 2019 (April 23, 2019 plus 30 days). Similarly, barring the filing of a motion pursuant to Fed. R. Civ. P. 59(e), pursuant to Fed. R. App. P. 4(a)(1)(A), the notice of appeal with respect to the July 11, 2019 Order of dismissal (Doc. No. 7600) in Plaintiff Kuykendall's case had to be filed no later than August 10, 2019 (July 11, 2019 plus 30 days). *See* Exhibit A, P. 7.

6. As is relevant to the instant Motion, Undersigned counsel timely filed (that is, within 28 days of the orders dismissing those cases) Rule 59(e) Motions to alter or amend the judgment (that is, the April 23, 2019 Order of Dismissal – Doc. No. 6802 – in the Jeffers and Clark cases and the May 22, 2019 Order of Dismissal – Doc. No. 7204 in the Nevin case) in Plaintiffs' Nevin's, Clark's, and Jeffers' cases. *See* Doc. No. 7396 (Nevin), Doc. No. 7105 (Clark), and Doc. No. 7105 (Jeffers), Exhibit A, P. 8.

7. As is also relevant to the instant Motion, on June 13, 2019, Undersigned counsel filed a motion for relief pursuant to Fed. R. Civ. P. 60(b) in the Deborah Purnell case. *See* Doc. No. 7394.   Exhibit A, P. 9.

8. As is relevant to the instant Motion, Undersigned Counsel did not file a motion pursuant to Fed. R. Civ. P. 59 or 60 in the Dorothy Kuykendall case; thus, as noted above, the notice of appeal in her case had to be filed no later than August 10, 2019 (July 11, 2019 plus 30 days) pursuant to Fed. R. App. P. 4(a)(1), *see* Exhibit A, P. 10.

9. On July 11, 2019, this Court issued an Order denying the Rule 59(e) Motions in Plaintiff Nevin's, Plaintiff Clark's, and Plaintiff Jeffers' cases as well as the Rule 60(b) Motion in Plaintiff Purnell's case. *See*  Doc. No. 7635; Exhibit A, P. 11.

10. As is relevant to Plaintiff Nevin's, Plaintiff Clark's, Plaintiff Jeffers', and Plaintiff Purnell's cases, thirty days after July 11, 2019 (the date the Court entered the Order denying the post-judgment relief sought in the Nevin, Clark, Jeffers, and Purnell matters – *see* Doc. No. 7635)  was August 10, 2019.  *See* Exhibit A, P. 12.

11. As is relevant to Plaintiff Kuykendall's case, thirty days after July 11, 2019 (the date the Court entered the Order dismissing Plaintiff Kuykendall's case – *see* Doc. No. 7600) was Saturday August 10, 2019

(Monday August 12, 2019 was the first business day thereafter). *See* Exhibit A, P. 13.

12. Undersigned Counsel timely filed Notices of Appeal in Plaintiff Nevin's, Plaintiff Clark's, Plaintiff Jeffers', Plaintiff Purnell's, and Plaintiff Kuykendall's case on August 8, 2019. *See* Exhibit A, P. 14.

13. However, in the process of filing the foregoing five notices of appeal on the same date, undersigned counsel made a clerical error and failed to include in the Nevin Notice of Appeal (Doc. No. 7868) the May 22, 2019 Order of dismissal in her case (Doc. No. 7204). This error was completely inadvertent as it was always the intention to appeal the May 22, 2019 Order of dismissal in the Nevin case and it was only because undersigned was preparing the other notices of appeal in the Jeffers and Clark matters (which only involve appeals of the denials of the Rule 59(e) motions in those cases) that, due to an oversight, he inadvertently failed to include the May 22, 2019 Order of dismissal (Doc. No. 7204) in the Nevin notice of appeal. *See* Exhibit A, P. 15.

14. Thereafter, while working on Plaintiff Nevin's appeal, undersigned counsel realized he had inadvertently failed to include the May 22, 2019 Order of dismissal (Doc. No. 7204). *See* Exhibit A, P. 16.

15. Thirty days beyond August 10, 2019 (which itself is 30 days after July 11, 2019 – the date of the Order denying the post-judgment relief in the Nevin, cases - *see* Doc. No. 7635) is September 09, 2019. *See* Exhibit A, P. 17.

16. This Motion for Leave to File Amended Notice of Appeal follows.

## ARGUMENT

Fed. R. App. P. 4 first provides that a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from; stating, in relevant part:

FRAP 4. APPEAL AS OF RIGHT — WHEN TAKEN

(a) *Appeal in a Civil Case.*

 (1) *Time for Filing a Notice of Appeal.*

 (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), **the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from**.

Fed. R. App. P. 4(a)(1)(A) (Emphasis added). Nevertheless, if a Plaintiff timely files a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), the time for filing the notice of appeal is extended to 30 days beyond the date of the order disposing of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Specifically, Fed. R. App. P. 4 states, in relevant part:

 (4) ***Effect of a Motion on a Notice of Appeal.***

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure — and does so within the time allowed by those rules — the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> . . . .
>
> (iv) to alter or amend the judgment under Rule 59;

*See* Fed. R. App. P. 4(a)(4).

Pursuant to Fed. R. Civ. P. 59(e), a motion is timely-filed if same is filed within 28 days of the order the Rule 59 Motion asks the Court to alter or amend. In the instant case, the Court entered its order dismissing Plaintiff's case on May 22, 2019. *See* Doc. No. 7204. Twenty-eight days after May 22, 2019 was June 19, 2019. Plaintiff filed her Rule 59(e) Motion on June 13, 2019. *See* Doc. No. 7396. Thus, Plaintiff's Rule 59(e) motion was timely filed pursuant to Fed. R. Civ. P. 59(e), and therefore tolled the time for filing of the Notice of Appeal with respect to the May 22, 2019 Order of dismissal (Doc. No. 7204) until 30 days after this Court's July 11, 2019 Order disposing of the Rule 59(e) motion. *See* Doc. No. 7635). As noted above, pursuant to Fed. R. App. P. 4(a)(1) and 4(a)(4), by timely filing her Rule 59(e) Motion, Plaintiff then had until August 10, 2019 to file her notice of appeal with respect to the May 22, 2019 Order of Dismissal and the July 11, 2019 Order denying Plaintiff's Rule 59(e) Motion.

Plaintiff filed her notice of appeal on August 8, 2019 – within 30 days after the entry of the order denying Plaintiff's Rule 59(e) Motion. *See* Doc. No. 7871. As noted above, however, due to the fact that undersigned counsel was filing five notices of appeal on August 8, 2019 and the fact that he was only appealing the denial of the Rule 59(e) Motions in the Jeffers and Clark cases, undersigned counsel inadvertently failed to include in Plaintiff Nevin's Notice of Appeal the additional May 22, 2019 Order of Dismissal (Doc. No. 7204) along with the Order denying Plaintiff's Rule 59(e) Motion (Doc. No. 7635).

Nevertheless, Fed. R. App. P. 4(a)(5) allows for the filing of a notice of appeal *after* the expiration of the original 30-day period found in Fed. R. App. P. 4(a)(1)(A). Fed. R. App. P. 4(a)(5) states, in relevant part:

> **(5)** *Motion for Extension of Time.*
>
> > (A) **The district court may extend the time to file a notice of appeal if:**
> >
> > > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> > >
> > > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> >
> > (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. **If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.**

*See* Fed. R. App. P. 4(a)(5) (Emphasis added); *see also, e.g.,* Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993) (stating ""The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).").[1]

> As noted by the United States Court of Appeal for the Fifth Circuit:
>
> A notice of appeal is required to "designate the judgment, order, or part thereof being appealed." Fed. R.App. P. 3(c)(1)(B). **This requirement, however, is not jurisdictional and "a mistake in designating a judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake."** *Turnbull v. United States,* 929 F.2d 173, 177 (5th Cir.1991). **Such a mistake in designating the proper judgment can be corrected "by an indication of intent in the briefs or otherwise."** *United States v. Rochester,* 898 F.2d 971, 976 n. 1 (5th Cir.1990).

Ellibee v. Leonard, 226 F. App'x 351, 355 (5th Cir. 2007) (Emphasis added). Moreover, this Court may properly consider the instant Motion to amend the notice of appeal. The United States Circuit Court of Appeals for the Fifth Circuit has held that a district court did have the authority to allow an amended notice of appeal. *See*

---

[1] Despite the fact that Rule 4(a)(5) does not explicitly indicate when a district court should employ the "good cause" standard rather than the "excusable neglect" standard, as recognized by the United States Court of Appeals for the Fifth Circuit, Rule 4(a)(5)'s allowance for extensions in cases of "good cause" (as distinguished from its "excusable neglect" standard) applies only to requests made *before* the expiration of the thirty-day appeals period. *See* Allied Steel v. City of Abilene, 909 F.2d 139, 143 & n. 3 (5th Cir.1990) (per curiam) (citing the Advisory Committee Notes to Rule 4(a)(5)).

Lee v. Coahoma Cnty., 937 F.2d 220, 223 (5th Cir. 1991); *see also* Marshall v. Hope Garcia Lancarte, Inc., 632 F.2d 1196, 1197 (5th Cir. 1980) (allowing amendment of a notice of appeal even after briefing at the appellate level was completed).  In a similar circumstance where an appellant moved to amend his notice of appeal prior to the expiration of the thirty-day time limit found in Fed. R. App. P. 4(a)(5)(A)(i), the United States District Court for the Western District of Louisiana – Monroe Division – stated:

> District courts may, in their discretion, extend the time to file a notice of appeal if the party seeking to appeal moves for such relief within thirty days of the date when the notice of appeal originally should have been filed and demonstrates that the failure to meet the deadline was the result of excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A). Rule 4 contains no special time limits for filing motions to amend a notice of appeal. *Id.*; *see In Re Mem'l Estates, Inc.*, No. 83 A 1119, 1990 WL 37622, at *2 (N.D. Ill. Mar. 22, 1990).
>
> Here, Pham filed his amended notice of appeal on September 2, 2016. His time to appeal the Court's April 8, 2016 and June 6, 2016 decisions expired thirty days after the July 13, 2016 Judgment, on August 12, 2016. The thirty additional days provided for by Rule 4(a)(5)(A)(i) runs on September 13, 2016. **Because a district court may extend the time for filing a notice of appeal if a party moves for an extension no later than 30 days after the initial 30–day period expires, the Court will allow Pham to amend his notice of appeal in this instance. Accordingly, to the extent Pham seeks to add this Court's orders dated April 8, 2016 and June 6, 2016 to his Notice of Appeal, his motion is GRANTED**.

Pham v. Univ. of Louisiana at Monroe, No. CV 16-00467, 2016 WL 4768833, at *2 (W.D. La. Sept. 13, 2016) (Emphasis added).[2]  Thus, this Court may properly allow an amendment to Plaintiff's Notice of Appeal.

Additionally, this Court should find that excusable neglect exists for the amendment in the instant case.  As noted by the United States Court of Appeals for the Fifth Circuit:

> When determining whether there has been excusable neglect, we review "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These circumstances might include (1) "the danger of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on judicial proceedings," and (3) "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Johnson v. Potter, 364 F. App'x 159, 164 (5th Cir. 2010).  When considering "all relevant circumstances," this Court should find excusable neglect for the failure to include the April 23, 2019 Order of dismissal (Doc. No. 6802) in the original notice

---

[2] Other Circuit Courts of Appeal have also found amendments to notices of appeal permissible. As noted by the United States District Court for the Northern District of Texas:

> It is clear that certain amendments to a notice of appeal are permissible. Preble v. Johnson, 275 F.2d 275, 277 (10th Cir. 1960). See also Wyse v. Pioneer-Cafeteria Feeds, Ltd., 340 F.2d 719, 725 (6th Cir. 1965). **The amendments allowed in these cases, however, have corrected descriptions of the orders appealed from.**

Marshall v. Lancarte, 485 F. Supp. 251, 252–53 (N.D. Tex. 1980) (Emphasis added).

of appeal. That is true because the Pioneer elements discussed in the Johnson case, *supra*, all militate in favor of such a finding.

First, there is no danger of prejudice to the Defendants as Defendants were timely on notice that Plaintiff was appealing the denial of Plaintiff's Rule 59(e) Motion (which, itself, necessarily asked the Court to alter or amend its judgment dismissing Plaintiff's case in the May 22, 2019 Order (Doc. No. 7204)); thus, the Defendants were always aware that Plaintiff was, from the time of the May 22, 2019 Order of dismissal itself, challenging the May 22, 2019 Order of dismissal (Doc. No. 7204) as early as June 13, 2019 - the date Plaintiff filed her Rule 59(e) Motion. Furthermore, the nascent nature of the appeal also militates in finding that no prejudice exists; that is, the filing of an amended notice of appeal to include the May 22, 2019 Order of dismissal (Doc. No. 7204) will not interfere with, impede, or slow down the appeal as the record on appeal has not even been completed or filed and no briefing schedule has even been issued by the Fifth Circuit.

Second, the length of delay is miniscule and will have no cognizable impact on the appeal. That is to say, the instant Motion is being filed as soon as practicable after undersigned discovered the inadvertent clerical error; and is still well within the 30-day time limit for filing a motion under Fed. R. App. P. 4(a)(5)(A)(i) [here, September 09, 2019], the record on appeal has not even been filed yet, and no

briefing schedule has been issued.  Thus there has been no meaningful or prejudicial delay.

Finally, the reason for the delay (that is, the reason for the inadvertent omission of the May 22, 2019 Order of dismissal [Doc. No. 7204] in the initial Notice of Appeal and the necessity for the instant Motion) militates in favor of finding excusable neglect as same was based on the fact that undersigned counsel was filing multiple notices of appeal (5) on August 8, 2019 and the Jeffers and Clark notices were only including the denial of the Rule 59(e) motions in those notices of appeal, thus undersigned counsel inadvertently failed to include the May 22, 2019 Order of dismissal (Doc. No. 7204) in the Nevin notice of appeal (which also had a Rule 59(e) motion and concomitant ruling).  Indeed, as noted above, the July 11, 2019 Order (Doc. No. 7635) denied the post-judgment relief in not only the Nevin case, but also the Clark, Jeffers, and Purnell cases.  And, based on the timing of the dismissal of the Kuykendall case (July 11, 2019), undersigned also had to file the notice of appeal in that case as well.  These circumstances demonstrate that no bad faith exists here, either on the part of undersigned counsel or Plaintiff Nevin.  Thus, the delay is not, therefore, based on any untoward or improper purpose, and is certainly not brought for purposes of tactical advantage, gain, or the like but merely to correct undersigned's inadvertent clerical error failing to include the May 22, 2019 Order of dismissal (Doc. No. 7204) in the Notice of Appeal.

As further support, this Court should note that the United States Court of Appeals for the Fifth Circuit has previously found excusable neglect in similar circumstances. Indeed, the Fifth Circuit has found excusable neglect a number of times based on clerical error. *See, e.g.,* Marshall v. Hope Garcia Lancarte, Inc., 632 F.2d 1196, 1197 (5th Cir. 1980) (appeal filed under wrong docket number); *see also* Stotter v. Univ. of Texas at San Antonio, 508 F.3d 812, 820 (5th Cir. 2007) (upholding district court's grant of motion to extend time to file notice of appeal where counsel accidentally entered the incorrect year into her computer-based calendar). The Stotter Court specifically noted that the determination of whether excusable neglect exists pursuant to Fed. R. App. P. 4(a)(5) is, at bottom, an equitable determination, taking into account all relevant circumstances. *See* id. .

Here, that equitable determination militates in favor of allowing Plaintiff to amend her notice of appeal. The instant Motion is filed within 30 days after the time prescribed by Rule 4(a)(1) expires (which, in this case, is 30 days after August 10, 2019; that is: September 09, 2019); therefore, the instant Motion is timely under Fed. R. App. P. 4(a)(5)(A)(i). Additionally, the instant Motion is being filed as soon as practicable after undersigned counsel discovered the inadvertent clerical error (that is, within two weeks of the filing of original notice of appeal), the appeal is nascent, no record has been filed, and no briefing schedule has been issued; thus there is no untoward or prejudicial delay. Furthermore, based on the circumstances

involving how the inadvertent clerical error occurred, the fact that no discernible prejudice has inured to Defendants, and that no bad faith has occurred here, excusable neglect exists for an extension to file an amended notice of appeal to include the May 22, 2019 Order of dismissal (Doc. No. 7204).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant her Motion to Amend the Notice of Appeal based on the law, facts, and arguments set forth herein or for any other reason the Court deems just and proper.

DATED this 5th day of September, 2019.

Respectfully Submitted,

*/s/ J. Christopher Elliott*
J. Christopher Elliott (BAR NO.41063)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street Ste. 700
Denver, CO 80202
P: (303)899-9800
F: (303)893-9900
E: celliott@coloradolaw.net
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that September 5, 2019, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send a notification of filing to CM/ECF participants registered to receive service in this MDL.

*/s/J. Christopher Elliott*
