**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION:  "H" (5) |
| This Document Relates To: | |
| | HON. JANE TRICHE MILAZZO |
| Barbara Earnest, Case No. 2:16-cv-17144 | |

**PLAINTIFF'S AND DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

NOW INTO COURT, comes Plaintiff Barbara Earnest and Defendant Sanofi-Aventis

U.S. LLC and Sanofi U.S. Services Inc. who respectfully submit their respective positions on the

proper jury instructions to be used in trial of matter no. 16-17144, *Barbara Earnest vs. Sanofi-*

*Aventis U.S. LLC et al.*

Dated: September 9, 2019

Respectfully submitted,


/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

Plaintiffs' Co-Liaison Counsel

/s/Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE  URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Defendant's liaison counsel for Sanofi-Aventis
U.S. LLC and Sanofi U.S. Services Inc.

**PLAINTIFF'S AND DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

PLAINTIFF'S PROPOSED GENERAL PATTERN JURY INSTRUCTIONS ............................6

    Plaintiff's Jury Instruction No. 1 – PJI § 3.1 (Jury Charge) ...............................................6

    Plaintiff's Jury Instruction No. 2 – PJI § 3.2 (Burden of Proof)..........................................6

    Plaintiff's Jury Instruction No. 3 – PJI § 3.3 (Evidence)....................................................6

    Plaintiff's Jury Instruction No. 4 – PJI § 3.4 (Witnesses) ..................................................6

    Plaintiff's Jury Instruction No. 5 – PJI § 3.5 (Expert Witnesses)........................................6

    Plaintiff's Jury Instruction No. 6 – PJI § 3.6 (No Inference from Filing Suit)...................6

    Plaintiff's Jury Instruction No. 7 – PJI § 2.13 (Deposition Testimony) .............................6

    Plaintiff's Jury Instruction No. 8 – PJI § 2.3 (Stipulations of Fact) ...................................6

    Plaintiff's Jury Instruction No. 9 – PJI § 2.7 (Charts & Summaries) ..................................6

    Plaintiff's Jury Instruction No. 10 – PJI § 2.16 (Bias – Corporate Party Involved)............6

    Plaintiff's Jury Instruction No. 11 – PJI § 3.7 (Duty to Deliberate; Notes) .......................6

DEFENDANTS' PROPOSED GENERAL JURY INSTRUCTIONS ............................................6

        Plaintiffs' Objection:.................................................................................................. 7

    Defendants' Jury Instruction No. 1 – Jury Charge ...........................................................8

    Defendants' Jury Instruction No. 2 – Corporations Equal before the Law ........................9

    Defendants' Jury Instruction No. 3 – Evidence ...............................................................10

    Defendants' Jury Instruction No. 4 – Witnesses..............................................................12

    Defendants' Jury Instruction No. 5 – Expert Witnesses ..................................................13

    Defendants' Jury Instruction No. 6 – Deposition Testimony ...........................................14

    Defendants' Jury Instruction No. 7 – Objections to Evidence..........................................15

    Defendants' Jury Instruction No. 8 – Stipulations...........................................................16

    Defendants' Jury Instruction No. 9 – Charts and Summaries...........................................17

    Defendants' Jury Instruction No. 10 – Notes...................................................................18

Defendants' Jury Instruction No. 11 – No Inference from Filing Suit .............................19

Defendants' Jury Instruction No. 12 – Burden of Proof ....................................................20

PLAINTIFF'S & DEFENDANTS' PROPOSED SPECIAL INSTRUCTIONS .........................21

Plaintiff's Request No. 12 - Introduction to Claims ........................................................21

Defendants' Objection: ............................................................................... 21

Defendants' Request No. 13 - Defendants Proposed Introduction to Claims...................25

Plaintiff's Objection:............................................................................... 26

Plaintiff's Request No. 13 - Liability Based on Inadequate Warning .............................28

Defendants' Objection: ............................................................................... 28

Defendants' Request No. 14 - Liability Based on Inadequate Warning..........................30

Plaintiff's Objection:............................................................................... 31

Plaintiff's Request No. 14 - Definition of Adequate Warning .......................................32

Defendants' Objection: ............................................................................... 32

Defendants' Request No. 15 - Definition of Adequate Warning.....................................34

Plaintiff's Objection:............................................................................... 35

Defendants' Request No. 16 - Unavoidably Unsafe Products.........................................36

Plaintiffs' Objection:............................................................................... 36

Plaintiff's Request No. 15 - FDA Approval and Labeling .............................................37

Defendants' Objection: ............................................................................... 37

Defendants' Request No. 17 - FDA Approval and Labeling...........................................39

Plaintiffs' Objection:............................................................................... 40

Plaintiff's Request No. 16 – Learned Intermediary Doctrine .........................................41

Defendants' Objection: ............................................................................... 42

Defendants' Request No. 18 - Learned Intermediary Doctrine .......................................44

Plaintiff's Objection:............................................................................... 45

3

Plaintiff's Request No. 17 – Causation ................................................................................46

    Defendants' Objection: ..................................................................................... 46

Defendants' Request No. 19 - Causation – Generally ......................................................49

    Plaintiff's Objection:......................................................................................... 50

Defendants' Request No. 20 - Medical Causation ............................................................52

    Plaintiff's Objection:......................................................................................... 53

Defendants' Request No. 21 - Warnings Causation .........................................................54

    Plaintiff's Objection:......................................................................................... 55

Plaintiff's Request No. 18 – Damages – General Instruction ...........................................56

    Defendants' Objection: ..................................................................................... 57

Defendants' Request No. 22 – Damages—General Instruction ........................................60

    Plaintiff's Objection:......................................................................................... 62

Plaintiff's Request No. 19 – Medical Expenses................................................................64

    Defendants' Objection: ..................................................................................... 64

Plaintiff's Request No. 20 – Mental Anguish ...................................................................65

    Defendants' Objection: ..................................................................................... 65

Defendants' Request No. 24 – Mental Anguish ................................................................66

    Plaintiff's Objection:......................................................................................... 66

Defendants' Request No. 25 – Statements by Counsel as to Damage ..............................67

    Plaintiff's Objection:......................................................................................... 67

Defendants' Request No. 26 – Statute of Limitations – Actual or Constructive Knowledge
...................................................................................................................................68

    Plaintiff's Objection:......................................................................................... 69

Plaintiff's Request No. 21 – Duty to Deliberate ...............................................................70

    Defendants' Objection: ..................................................................................... 71

Defendants' Request No. 27 - Duty to Deliberate ............................................................72

Plaintiff's Objection:...........................................................................................72

**PLAINTIFF'S PROPOSED GENERAL PATTERN JURY INSTRUCTIONS**

For Plaintiff's proposed General Instructions, Plaintiff respectfully requests the following Fifth Circuit Pattern Jury Instructions ("PJI") with no modifications, which is the considered practice that this Court has repeatedly followed in product liability and non-product liability cases:[1]

**Plaintiff's Jury Instruction No. 1 – PJI § 3.1 (Jury Charge)**

**Plaintiff's Jury Instruction No. 2 – PJI § 3.2 (Burden of Proof)**

**Plaintiff's Jury Instruction No. 3 – PJI § 3.3 (Evidence)**

**Plaintiff's Jury Instruction No. 4 – PJI § 3.4 (Witnesses)**

**Plaintiff's Jury Instruction No. 5 – PJI § 3.5 (Expert Witnesses)**

**Plaintiff's Jury Instruction No. 6 – PJI § 3.6 (No Inference from Filing Suit)**

**Plaintiff's Jury Instruction No. 7 – PJI § 2.13 (Deposition Testimony)**

**Plaintiff's Jury Instruction No. 8 – PJI § 2.3 (Stipulations of Fact)**

**Plaintiff's Jury Instruction No. 9 – PJI § 2.7 (Charts & Summaries)**

**Plaintiff's Jury Instruction No. 10 – PJI § 2.16 (Bias – Corporate Party Involved)**

**Plaintiff's Jury Instruction No. 11 – PJI § 3.7 (Duty to Deliberate; Notes)**

**DEFENDANTS' PROPOSED GENERAL JURY INSTRUCTIONS**

Defendants' proposed instructions 1 through 12 are substantially identical to the instructions given by Judge Fallon in *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815).  Defendants' proposed instructions are preferable because, while they are substantially similar to the Fifth Circuit's Civil Pattern Jury Instructions, they have

---

Authority:   See Duxworth v. Assurance Co. of America, No. 2:15-cv-02150 (E.D. La. April 27, 2016) (J. Milazzo) (Rec. Doc. 82-1); Hunt v. McNeil Consumer Healthcare, Case No. 11-457 (E.D. La. April. 2014) (Doc. 466-1) (J. Milazzo).

been given in a product-liability case similar to *Earnest*.  Further, the modifications given in *Orr* have been repeatedly used by judges in the Eastern District.

**Plaintiffs' Objection:**

Plaintiff objects to Defendants' proposed General Instructions, which substantially deviate from the Fifth Circuit Pattern Jury Instructions.  For example, Defendants' proposed General Instruction No. 7 "Objections to Evidence" is not an instruction contained in the Pattern Jury Instruction and contains language similar to that in Defendants' proposed General Instruction No. 3. There are no unusual circumstances in this case that warrant such a departure from the Fifth Circuit's Civil Pattern Jury Instructions. While Sanofi notes that other judges have deviated from the Pattern Jury Instructions, such as in *Xarelto*, Sanofi provides no specific reason why this Court should abandon its practice of adhering to the Pattern Jury Instructions as written and instead adopt a much longer set of instructions that this Court has never given in similar cases.

**Defendants' Jury Instruction No. 1 – Jury Charge[2]**

Members of the jury:

You have now heard all the evidence in the case as well as the final argument. It is my duty to instruct you on the law you must follow and apply in arriving at your decision in this case.

I will first give you some general instructions which apply in all cases, and then I will give you some special instructions specific to this case.

In any jury trial, there are, in effect, two judges: I am one of the judges; the other is you, the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts; but in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you and you should consider all of the instructions about the law as a whole. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

---

[2] <u>Authority:</u>   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 1-2) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.1 (2014) (modified).

**Defendants' Jury Instruction No. 2 – Corporations Equal before the Law[3]**

This case should be considered and decided by you as a case between persons of equal standing in the community and of equal worth, and holding the same or similar stations in life. All persons and corporations or public entities stand equal before the law and are to be dealt with as equals in the court of justice.

---

[3] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 3) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.16 (2014) (modified).

**Defendants' Jury Instruction No. 3 – Evidence[4]**

As I stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that they are particularly concerned that you recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of trial, I have occasionally made comments to the lawyers, or asked a question of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the facts in this case. In arriving at your own findings as to the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law and my instructions that you not consider certain testimony when I have sustained an objection and granted a motion to strike that testimony.

The law of the United States permits the judge to comment on evidence presented during a case. I do not believe that I have made any comments on the evidence in this case. However, if during the course of trial I have occasionally asked a question of a witness in order to bring out facts not then fully covered in the testimony, do not assume that I hold any opinion on the facts to

---

[4] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 3-6, 10) (modified); Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 3.1; 3.3 (2014) (modified).

which my question or questions may have related. Remember at all times, you, as jurors, are the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating a fact to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in light of your knowledge of the natural tendencies of human beings.

**Defendants' Jury Instruction No. 4 – Witnesses[5]**

In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, his or her bearing on the witness stand, his or her personal feelings as demonstrated by his or her testimony and actions, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, and any partiality he or she may have demonstrated.  If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony on other matters. You also have the right to distrust all of that witness's testimony.

You should keep in mind, of course, that a simple mistake does not necessarily mean that the witness was not telling the truth as he or she remembers it because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or only with an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

---

[5] <u>Authority:</u>   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 6-7) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 2.11, 3.4 (2014) (modified).

**Defendants' Jury Instruction No. 5 – Expert Witnesses[6]**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may be called as an expert witness and is permitted to state his or her opinion on those technical matters. Such witnesses have testified in this case. You are not, however, required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the facts the expert relied upon are incorrect, that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has economic, philosophical, or any other interest in the outcome of the case.

---

[6] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 7-8) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.5 (2014) (modified).

**Defendants' Jury Instruction No. 6 – Deposition Testimony[7]**

Certain testimony has been presented to you through video depositions. A deposition is the sworn, recorded answers to questions asked to a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers were presented by video to you. This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and is to be weighed and otherwise considered by you, insofar as it is possible, in the same way as if the witness had been present and had testified from the witness stand in court.

---

[7] Authority:    *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 8-9) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.13 (2014) (modified).

**Defendants' Jury Instruction No. 7 – Objections to Evidence[8]**

During the course of trial, you will have heard objections to evidence. Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his or her client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.  If I strike certain testimony of a witness, you may not consider that testimony in your deliberations.

---

[8] <u>Authority:</u>    *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 9-10) (verbatim); H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions, § 1:1 (West 3d ed. 2016) (modified).

**Defendants' Jury Instruction No. 8 – Stipulations[9]**

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

It has been stipulated and agreed upon in this case, and therefore you may consider it to be established, that: Sanofi is a manufacturer of Taxotere, and Taxotere is a prescription medication. That is to say, a medical provider or doctor must prescribe the medication.

Mrs. Earnest took "generic" docetaxel manufactured by Defendants as the business Winthrop.  For ease of reference, the brand-name Taxotere is used.

---

[9] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 10) (modified); Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 2.2, 2.3 (2014) (modified).

**Defendants' Jury Instruction No. 9 – Charts and Summaries[10]**

Certain materials have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, records, and other documents) in the case. This is what we refer to as "demonstrative evidence" because it is offered merely to demonstrate or illustrate a point rather than as actual proof of that point. Demonstrative evidence is not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

Remember, the demonstrative evidence is only as good as the underlying testimony, data, assumptions, and opinions that serve as the basis for it, and the maxim, "garbage in, garbage out," applies. Like all other evidence in the case, you may accept it or reject it in whole or in part.

---

[10] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 11) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 2.7, 2.8 (2014) (modified).

**Defendants' Jury Instruction No. 10 – Notes[11]**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

---

[11] <u>Authority:</u>   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 11-12) (verbatim); Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014) (modified).

**Defendants' Jury Instruction No. 11 – No Inference from Filing Suit[12]**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

---

[12] Authority:   Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.6 (2014) (verbatim).

**Defendants' Jury Instruction No. 12 – Burden of Proof**[13]

The burden of proof is on the Plaintiff in a civil action, such as this one, to prove every element of her claim by a "preponderance of the evidence." A preponderance of the evidence means that such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact has been proved by a "preponderance of the evidence" in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the Plaintiff fails to establish any element of her claim by a preponderance of the evidence, you, the jury, should find for the Defendants. The Plaintiff need not produce every possible witness, and she need not prove her claim beyond a reasonable doubt as is necessary in a criminal prosecution. But, speculation, mere possibility, or even unsupported probability is not sufficient to support a judgment in her favor.

---

[13] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 14-15) (vebatim); H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 2:4 (West 3d ed. 2016) (modified).

**PLAINTIFF'S & DEFENDANTS' PROPOSED SPECIAL INSTRUCTIONS**

The parties numbering reflects corresponds with their proposed jury instructions.

**Plaintiff's Request No. 12 - Introduction to Claims[14]**

Let me now discuss the law specifically applicable to this case.

The law applicable to this case is the law of Louisiana. In Louisiana, a products liability action such as this one is governed by the Louisiana Products Liability Act or "LPLA." The LPLA provides that the manufacturer of a product shall be liable to a plaintiff for damage proximately caused by one or more characteristics of the product that render it unreasonably dangerous. One of the ways in which a drug can be unreasonably dangerous is by failing to include a proper warning about a characteristic of the drug that may cause damage.

This lawsuit arises out of Barbara Earnest's use of a prescription drug called Taxotere. Mrs. Earnest contends that her use of Taxotere caused her to suffer permanent hair loss. Mrs. Earnest alleges that Taxotere was defective, or "unreasonably dangerous," because of Defendants' failure to provide adequate warnings to Mrs. Earnest's physician, Dr. Carinder.

Defendants deny these allegations. They contend that Taxotere's warnings to Mrs. Earnest's doctor were adequate. They also contend that any claimed inadequacy in the warning did not cause Mrs. Earnest's injury.

**<u>Defendants' Objection:</u>**

Plaintiff's instruction omits the following statements (below in **bold**) from Defendants' corresponding instruction, each of which are correct statements of the law and warranted by the claims and anticipated evidence at trial, *see Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981)

---

[14]<u>Authority</u>    <u>Orr (In Re Xarelto Prod. Liab. Litig.),</u> Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815) (modified).

("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request."), including:

- <u>Para 2</u>: " **. . . when such damage arose from a reasonably anticipated use of the product by the claimant.**"  This is a correct statement of the law.  *See Orr* (Doc. 6815 at 15) ("In order to recover, the plaintiffs in this case must show that . . . their damages arose from a reasonably anticipated use of the product."); *see also* La. Rev. Stat. Ann. § 9:2800.54(A) (manufacturer is liable "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant").

- <u>Para 2</u>: " **. . . adequate warnings of risks not otherwise known to the Plaintiff's prescribing physician.**"  This is a correct statement of the law.  *See Orr* (Doc. 6815 at 15) ("One of the ways in which a drug can be unreasonably dangerous is by failing to include proper warnings or instructions not otherwise known to physicians.").

- <u>Para 3</u>: " **They claim that adequate warnings would have caused Dr. Carinder not to prescribe Taxotere in the case of Mrs. Earnest.**"  This is a correct statement of the law.  *See Orr* (Doc. 6815 at 12) ("They claim that adequate warnings or instructions would have caused Dr. St. Martin not to prescribe Xarelto in the case of Mrs. Orr; and they claim that adequate warnings or instructions would have caused Dr. Bui to perform emergency surgery sooner in the case of Mrs. Orr.").

22

- <u>Para 4</u>: "**They contend Taxotere was appropriately prescribed to Mrs. Earnest by her doctor, Dr. Carinder, for breast cancer, and that the hair loss she experienced did not result from her use of Taxotere. Further, the Defendants contend that the label was approved by the FDA and contains accurate, science-based information enabling doctors to make an informed decision about the benefits and risks of prescribing Taxotere to their patients.**" Defendants are entitled to describe their contentions and defenses in a manner that correctly states the law, as their proposed instruction does. *See Orr* (Doc. 6815 at 13) ("They contend Xarelto was appropriately prescribed to Mrs. Orr by her doctor, Dr. St. Martin, for stroke prevention, and that the brain hemorrhage she suffered on April 24, 2015 did not result from her use of Xarelto. Further, the defendants contend that the label was approved by the FDA and contains accurate, science-based information enabling doctors to make an informed decision about the benefits and risks of prescribing this medication to their patients.")

Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 13 - Defendants Proposed Introduction to Claims**

Let me now discuss the law specifically applicable to this case.

The law applicable to this case is the law of Louisiana. In Louisiana, a products liability action such as this one is governed by the Louisiana Products Liability Act or "LPLA." The LPLA provides that the manufacturer of a product shall be liable to a claimant for damage proximately caused by one or more characteristics of the product that render it unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant. One of the ways in which a medication can be unreasonably dangerous is by failing to include adequate warnings of risks not otherwise known to the Plaintiff's prescribing physician.[15]

This lawsuit arises out of Barbara Earnest's use of a prescription medicine called Taxotere. Mrs. Earnest contends that her use of Taxotere caused her to experience permanent hair loss. Mrs. Earnest alleges that Taxotere was defective, or "unreasonably dangerous," because of Defendants' failure to provide adequate warnings to Mrs. Earnest's physician, Dr. Carinder. she claims that adequate warnings would have caused Dr. Carinder not to prescribe Taxotere in the case of Mrs. Earnest.[16]

Defendants deny these allegations. They contend that Taxotere's warnings to Mrs. Earnest's doctor were adequate. They also contend that any claimed inadequacy in the warning did not cause Mrs. Earnest's injury. They contend Taxotere was appropriately prescribed to Mrs.

---

[15] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 14-15) (modified).

La. Rev. Stat. Ann. § 9:2800.54(A) (manufacturer is liable "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant").

[16]   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 12-13) (modified).

Earnest by her doctor, Dr. Carinder, for breast cancer, and that the hair loss she experienced did not result from her use of Taxotere. Further, the Defendants contend that the label was approved by the FDA and contains accurate, science-based information enabling doctors to make an informed decision about the benefits and risks of prescribing Taxotere to their patients.

**Plaintiff's Objection:**

Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court, including:

- Para 1: "…when such damage arose from a reasonably anticipated use of the product by the claimant."

  There is no contention in this case that Mrs. Earnest used Taxotere in any manner other than a reasonably anticipated use.

- Para. 2: "…she claims that adequate warnings would have caused Dr. Carinder not to prescribe Taxotere in the case of Mrs. Earnest."

  This statement is contrary to the law and contrary to this Court's learned intermediary ruling. See Rec.Doc. 7571.

- Para. 3: "They contend Taxotere was appropriately prescribed to Mrs. Earnest by her doctor, Dr. Carinder, for breast cancer, and that the hair loss she experienced did not result from her use of Taxotere. Further, the Defendants contend that the label was approved by the FDA and contains accurate, science-based information enabling doctors to make an informed decision about the benefits and risks of prescribing Taxotere to their patients."

  This statement is repetitive and unnecessarily highlights Sanofi's defenses. Further, this statement is contrary to this Court's ruling on preemption—namely, that FDA's

initial approval does not mean that the Taxotere label is adequate for all time. See Rec. Doc. 7973.

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 13 - Liability Based on Inadequate Warning[17]**

I will now discuss the law specifically governing the Plaintiff's claim for failure to warn.

In order to establish that Taxotere was unreasonably dangerous for failure to warn, the Plaintiff must prove the following three elements:

(1)     Taxotere had a potentially damage-causing characteristic;

(2)     Sanofi failed to use reasonable care to provide an adequate warning to the plaintiff's prescribing physician about this characteristic and its danger to users of the product; and

(3)     Mrs. Earnest's injuries were proximately caused by inadequate warning.

**<u>Defendants' Objection:</u>**

Plaintiff's instruction omits the following statements (below in **bold**) from Defendants' corresponding instruction, each of which are correct statements of the law and warranted by the claims and anticipated evidence at trial, *see Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request."):

- <u>Element 2</u>: "**This characteristic was known or knowable by Defendants when Dr. Carinder, prescribed Taxotere to Mrs. Earnest**." This is a correct statement of the law. *See Orr* (Doc. 6815 at 21) ("A warning or instruction is inadequate if the manufacturer fails to give the prescriber or treater warning of or instructions about a particular risk that was known or knowable to the manufacturer in light of

---

[17] <u>Authority:</u>   H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (modified)

the generally-recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution."); *see also* La. Rev. Stat. Ann. § 9:2800.59(B) ("[A] manufacturer of a product shall not be liable for damage proximately caused by a characteristic of the product if the manufacturer proves that, at the time the product left his control, he did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.")

- <u>Element 3</u>: Plaintiff replaced "**to Dr. Carinder**" with "users of the product," which is vague and potentially misstates the law because in a pharmaceutical warnings case, the duty to warn runs only to the physician, not the user (and user might be interpreted as the patient).  *See Orr* (Doc. 6815 at 17) ("In order to decide the plaintiffs' failure-to-warn-and/or-instruct claim, you must determine whether the plaintiffs have proven by a preponderance of the evidence that the defendants failed to adequately warn and/or properly instruct Mrs. Orr's prescribing and treating physicians, Drs. St. Martin and Bui, about the proper use of Xarelto and, if so, whether the defendants' failure to warn or instruct was a proximate cause of the plaintiffs' injuries."); *see also Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098 (5th Cir. 1991) (noting under the learned-intermediary doctrine, "[a prescription drug] manufacturer has no duty to warn the patient, but need only warn the patient's physician"); *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) ("Defendants' duty runs only to the implanting physician as learned intermediary").

- Element 4: "**This characteristic and its potential danger was not otherwise known to Dr. Carinder;**"  This is a correct statement of the law.  *See Orr* (Doc. 6815 at 15) ("One of the ways in which a drug can be unreasonably dangerous is by failing to include proper warnings or instructions not otherwise known to physicians.")

- Element 5: "**… both the Taxotere medication and . . .**"   Plaintiff's instruction omits the requirement that Plaintiff prove medical causation.  *See Orr* (Doc. 6815 at 29) ("To recover for the failure-to-warn-or-instruct claim, plaintiffs must prove by a preponderance of the evidence that an inadequate instruction itself – in addition to the medication – was the proximate cause of Mrs. Orr's injury.")

Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 14 - Liability Based on Inadequate Warning[18]**

I will now discuss the law specifically governing the Plaintiff's claim for failure to warn.

---

[18] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 14-15, 17, 18) (modified)

H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (West 3d ed. 2016) (modified)

*See also* La. Rev. Stat. Ann. § 9:2800.54(D) (plaintiff has burden of proving product is unreasonably dangerous); *id.* § 9:2800.57(A) ("A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."); *id.* § 9:2800.54(A) (manufacturer is liable "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant").

In order to establish that Taxotere was unreasonably dangerous for failure to warn, the Plaintiff must prove the following elements by a preponderance of the evidence:

1)     Taxotere had a characteristic that may cause damage;

2)     This characteristic was known or knowable by Defendants when Dr. Carinder, prescribed Taxotere to Mrs. Earnest;

3)     Defendants failed to use reasonable care to provide an adequate warning of that characteristic and its potential danger to Dr. Carinder,

4)     This characteristic and its potential danger was not otherwise known to Dr. Carinder;

5)     The injury which Mrs. Earnest experienced was caused by both the Taxotere medication and the Defendants' allegedly inadequate warning; and

6)     Mrs. Earnest experienced actual damage.

**<u>Plaintiff's Objection:</u>**

Defendants have manipulated the elements necessary to prove a failure to warn. While the case law requires a showing of three elements, Defendants unfairly doubled the number of elements in an effort to create a higher burden for the plaintiff. <u>See</u> H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (modified).  Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 14 - Definition of Adequate Warning[19]**

An "adequate warning" under the LPLA is defined as a "warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."

**<u>Defendants' Objection:</u>**

Plaintiff's instruction omits the following statements (below in **bold**) from Defendants' corresponding instruction, each of which are correct statements of the law and warranted by the claims and anticipated evidence at trial, *see Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request."):

- <u>Para 1</u>:  Plaintiff deleted "**. . . [such as a prescribing or treating physician] . . .**" which renders the instruction vague and risks misstating the law because in a pharmaceutical warnings case, the duty to warn runs only to the physician, not the user (and user might be interpreted as the patient if the above language is deleted).  *See Orr* (Doc. 6815 at 18) ("An 'adequate warning' under the LPLA is defined as a 'warning or instruction that would lead an ordinary reasonable user or handler of a product [such as a prescribing or treating physician] to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner

---

[19] <u>Authority:</u>   H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (modified)

as to avoid the damage for which the claim is made.' The lack of adequate instructions for safe use of the product may include inadequacies in recommended assessment, testing, or screening techniques."); *see also Willett v. Baxter Int'l, Inc*., 929 F.2d 1094, 1098 (5th Cir. 1991) (noting under the learned-intermediary doctrine, "[a prescription drug] manufacturer has no duty to warn the patient, but need only warn the patient's physician"); *Grenier v. Med. Eng'g Corp*., 99 F. Supp. 2d 759, 766 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) ("Defendants' duty runs only to the implanting physician as learned intermediary").

- Para 2: "**An adequate warning need not use specific language to convey every possible existing danger. A manufacturer of a product shall not be liable for damage proximately caused by a characteristic of the product if, at the time the product left the manufacturer's control, it did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.**" This is a correct statement of the law. *See Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766 (W.D. La. 2000) ("Warnings need not use specific language to convey every possible existing danger—the law only requires them to be adequate."), *aff'd*, 243 F.3d 200 (5th Cir. 2001); La. Rev. Stat. Ann. § 9:2800.59(B) ("[A] manufacturer of a product shall not be liable for damage proximately caused by a characteristic of the product if the manufacturer proves that, at the time the product left his control, he did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.")

Defendants reserve the right to raise further objections to this instruction at the charge conference.

33

**Defendants' Request No. 15 - Definition of Adequate Warning[20]**

An "adequate warning" under the LPLA is defined as a "warning or instruction that would lead an ordinary reasonable user or handler of a product [such as a prescribing or treating physician] to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."

An adequate warning need not use specific language to convey every possible existing danger. A manufacturer of a product shall not be liable for damage proximately caused by a characteristic of the product if, at the time the product left the manufacturer's control, it did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.

---

[20] Authority:  *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 18-19, 22-23) (modified)

Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (West 3d ed. 2016).

La. Rev. Stat. Ann. § 9:2800.53(9) ("'Adequate warning' means a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."); *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766 (W.D. La. 2000) ("Warnings need not use specific language to convey every possible existing danger—the law only requires them to be adequate."), *aff'd*, 243 F.3d 200 (5th Cir. 2001); La. Rev. Stat. Ann. § 9:2800.59(B) ("[A] manufacturer of a product shall not be liable for damage proximately caused by a characteristic of the product if the manufacturer proves that, at the time the product left his control, he did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of the characteristic that caused the damage or the danger of such characteristic.")

**<u>Plaintiff's Objection:</u>**

Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court, including:

- <u>Para 2</u>: "An adequate warning need not use specific language to convey every possible existing danger."

  If the Court is inclined to give this instruction, it should also give the instruction: "A mere reference to an adverse effect is not an 'adequate warning' under the LPLA." Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254 (2002), 58 Fed. R. Evid. Serv. 227, Prod.Liab.Rep. (CCH) P 16,270.

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 16 - Unavoidably Unsafe Products[21]**

Prescription medications often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured. The law deems such products "unavoidably unsafe," but they are not defective, nor unreasonably dangerous, if they include adequate warnings or instructions.

**Plaintiffs' Objection:**

This is a cite to Mississippi law. This is not part of the LPLA. Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

---

[21] Authority:    *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 17-18) (modified)

*Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 813 (5th Cir. 1992) ("[T]here are two very different types of warnings that might be associated with a particular product: (1) an unavoidable risk warning; and (2) a preventable risk warning. The first type of warning details a risk that a consumer cannot avoid if the consumer chooses to use the product. Typically, warnings associated with medical drugs fall into this category.")

**Plaintiff's Request No. 15 - FDA Approval and Labeling[22]**

Specific federal regulations authorize the manufacturer of a drug which has been approved by the FDA to add or strengthen a warning, precaution, or adverse reaction information about the drug in the drug's label, and to do so without the need for prior FDA approval. Under federal law, the manufacturer—not the FDA—bears responsibility for the content of its label at all times. A drug manufacturer is charged both with crafting an adequate label and with ensuring that its warnings remain adequate as long as the drug is on the market. When the risks of a particular drug become apparent, the manufacturer has a duty to provide a warning that adequately describes that risk. Just because the FDA approved a product label does not establish that the warnings in the label were adequate under the standards of Louisiana law. In this case, I have determined that federal law (including FDA actions) did not prohibit Sanofi from adding stronger language to the Taxotere label before Mrs. Earnest's treatment in 2011.

**Defendants' Objection:**

Defendants object to the last sentence of Plaintiff's Request No. 17, "FDA Approval and Labeling." Preemption is not a jury issue in the case, *see* Rec. Doc. 7973, so the last sentence—which pertains solely to the legal issue of preemption—is not warranted. *See Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the

---

[22] Authority:

Record Document 7973 – Order and Reasons.

Merck Sharp & Dohme Corp. v. Albrecht, 139 S. Ct. 1668, 203 L. Ed. 2d 822 (2019)

Wyeth v. Levine, 555 U.S. 555, 562, 129 S. Ct. 1187, 1193, 173 L. Ed. 2d 51 (2009)

Hutto v. McNeil-PPC, Inc., 2011-609 (La.App. 3 Cir. 12/7/11), 79 So.3d 1199, 1210

Cannon v. Cavalier Corp., 572 So.2d 299 (La.App. 2d Cir. 1990)

jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request.").  Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 17 - FDA Approval and Labeling**[23]

Before a prescription medicine may be sold, its design and label must be approved by the Federal Food and Drug Administration, or FDA. In approving medicines for sale, the FDA takes into consideration the fact that a medicine has some risks, including some unknown risks, and balances that fact against the medicine's beneficial uses. The FDA approved Taxotere and Taxotere's label. You may consider the FDA's approval in evaluating whether the warnings given by Defendants in connection with Taxotere were adequate.

The standard for including information in an FDA label regarding potential adverse reactions that may occur when taking a prescription medicine is lower than the standard for proving medical causation in a court of law. Statements contained in Taxotere's labeling are not evidence that Taxotere can cause permanent hair loss.[24]

---

[23] Authority:   21 U.S.C. § 355; 21 C.F.R. § 314.105; 21 C.F.R. § 314.125; *cf. Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996). *See also* The Court's Instructions to the Jury, *Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-5743 (JRT), Rec. Doc. 176 at 15 (Instruction 13) (D. Minn. Dec. 6, 2010) (instructing jurors that they may consider evidence that the FDA "approved Levaquin as safe and effective for its intended uses, that the FDA approved Levaquin's label or 'package insert' in place at the time of plaintiff's prescription").

A pharmaceutical company's assessment of adverse event reports, like Sanofi's 2015 assessment for the FDA, is "not a tool for establishing causal attributions between products and adverse events." *Wells v. SmithKline Beecham Corp.*, No. 06-126, 2009 WL 564303 (W.D. Tex. Feb. 18, 2009) (quoting FDA, Guidance for Industry:   Good Pharmacovigilance Practices and Pharmacoepidemiologic Assessment, at 112-13 (2005)), *aff'd*, 601 F.3d 375 (5th Cir. 2010). Company statements—even on drug labels—are "no substitute for expert testimony that established causation in terms of reasonable probability." *Meade v. Parsley*, No. 2:09-00388, 2010 WL 4909435, at *7 (S.D. W. Va. Nov. 24, 2010).

[24] Pending is Sanofi's Motion in Limine to Preclude Evidence and Argument Regarding Company Conduct that Post-Dates Plaintiff's Chemotherapy Treatment (Rec. Doc. 7671), including evidence related to the 2015 and 2018 labeling changes and statements regarding permanent alopecia and the TAX 316 data related to ongoing alopecia. *See* Rec. Doc. 8153 at 5

**<u>Plaintiffs' Objection:</u>**

Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court. *See* Rec. Doc. 7973; <u>Merck Sharp & Dohme Corp. v. Albecht</u>, 139 S. Ct 1668 (2019); <u>Wyeth v. Levine</u>, 555 U.S. 555, 562, 129 S. Ct. 1187, 1193, 173 L. Ed. 2d 51 (2009). Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

---

("'Reasonable evidence of a causal association' is distinct from medical or legal causation"). Defendants offer this proposed instruction only if its Motion in Limine is denied.  If Defendants' Motion in Limine is granted, Defendants reserve the right to withdraw the second paragraph of this proposed instruction.

**Plaintiff's Request No. 16 – Learned Intermediary Doctrine[25]**

Louisiana applies the "learned intermediary" doctrine to warnings cases involving prescription drugs. A drug manufacturer has a duty to provide an adequate warning only to a "learned intermediary," such as the prescribing physician. It does not have a duty to provide any warning directly to the patient. This is because physicians are generally in a superior position to evaluate the warning and instruction and to impart such warning and instruction to the patient, and can provide an independent medical decision as to whether use of the drug is appropriate for a particular patient. Although a drug manufacturer's duty to warn and instruct about the potential risks of its product is directed only to the physician, the manufacturer is directly liable to the patient when it fails to adequately warn of the potential risks of its product.

The warning must both lead the physician to contemplate the risks in using the product and to (1) advise the patient or (2) decline to use it.

In determining the scope of a manufacturer's duty to warn of risks and dangers of its products, the manufacturer is held to the knowledge and skill of an expert in its field. The manufacturer must keep up with scientific knowledge, discoveries, and advances and is presumed to know what could be learned by doing so. This duty is continuing. If the manufacturer learns of a characteristic or danger that may cause injury after its product is on the market, the manufacturer has a continuing duty to use reasonable care to provide adequate warning to prescribing and treating physicians concerning such later-discovered matters. That is to say, under the law (including federal regulations) applicable to this case, drug manufacturers are responsible to draft

---

[25] Record Document 7571 – Order and Reasons.

Orr (In Re Xarelto Prod. Liab. Litig.), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815) (modified).

the initial label for their product, and to assure that the label continues to reflect the current knowledge concerning the risks posed by the drug.

**Defendants' Objection:**

The instruction in Paragraph 2 is not legally correct.   Further, Plaintiff's instruction omits the following statements (below in **bold**) from Defendants' corresponding instruction, each of which are correct statements of the law and warranted by the claims and anticipated evidence at trial, *see Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request."):

- Para 2: "**It is a physician's duty to remain abreast of a medication's characteristics and to take into account the information contained in a prescription medication's label. The manufacturer may reasonably assume that the prescriber or treater will apply the same knowledge, professional expertise, and good judgment that a reasonable physician would apply in using the product. Providing an adequate warning or adequate instructions to the prescribing or treating doctor relieves the manufacturer of its duty to warn the patient regardless of how or if the prescriber or treater warns the patient.**" This is a correct statement of the law. *See Orr* (Doc. 6815 at 21) ("It is a physician's duty to remain abreast of a drug's characteristics and to take into account the information contained in a prescription drug's label. The drug manufacturer may reasonably assume that the prescriber or treater will apply the same knowledge, professional expertise, and good judgment that a reasonable physician would apply in using the product. Providing an adequate warning or adequate instructions to the

prescribing or treating doctor relieves the manufacturer of its duty to warn the patient regardless of how or if the prescriber or treater warns the patient.")

Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 18 - Learned Intermediary Doctrine[26]**

Louisiana applies the "learned intermediary" doctrine to warnings cases involving prescription medicines. A prescription medication manufacturer has a duty to provide an adequate warning only to a "learned intermediary," such as the prescribing or treating physician. It does not have a duty to provide any warning directly to the patient. This is because physicians are generally in a superior position to evaluate the warning and instruction and to impart such warning and instruction to the patient, and can provide an independent medical decision as to whether use of the medication is appropriate for a particular patient. Although a prescription medication manufacturer's duty to warn and instruct about the potential risks of its product is directed only to the physician, the manufacturer is directly liable to the patient for breach of such duty.

It is a physician's duty to remain abreast of a medication's characteristics and to take into account the information contained in a prescription medication's label. The manufacturer may reasonably assume that the prescriber or treater will apply the same knowledge, professional expertise, and good judgment that a reasonable physician would apply in using the product. Providing an adequate warning or adequate instructions to the prescribing or treating doctor relieves the manufacturer of its duty to warn the patient regardless of how or if the prescriber or treater warns the patient.

---

[26] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 19-21) (modified)

*Willett v. Baxter Int'l, Inc*., 929 F.2d 1094, 1098 (5th Cir. 1991) (noting under the learned-intermediary doctrine, "[a prescription drug] manufacturer has no duty to warn the patient, but need only warn the patient's physician"); *Grenier v. Med. Eng'g Corp*., 99 F. Supp. 2d 759, 766 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) ("Defendants' duty runs only to the implanting physician as learned intermediary").

**Plaintiff's Objection:**

Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court. See Plaintiff's Proposed Jury Instruction No. 16.

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 17 – Causation[27]**

In order for Mrs. Earnest to prevail on her claim, she must prove that her injuries were proximately caused by Sanofi's failure to provide an adequate warning. When I use the term "proximate cause," I mean that the failure to provide an adequate warning was a substantial factor in causing Mrs. Earnest's injuries. In other words, the failure to provide an adequate warning is a proximate cause of Mrs. Earnest's injuries if it produces those injuries in a natural and continuous sequence, unbroken by any intervening cause and without which the injuries would not have occurred.

Proximate cause does not mean the sole cause. The defendants' conduct can be a proximate cause if it was at least one of the direct, concurring causes of the alleged injury. In other words, it is not necessary for plaintiffs to negate all other contributing factors or causes of Mrs. Earnest's injuries, provided she shows that defendants' failure to provide adequate warnings substantially contributed to her injuries.

**<u>Defendants' Objection:</u>**

Plaintiff's proposed causation instruction is legally insufficient because (1) it does not require plaintiff to prove medical causation, (2) it confuses the concepts of cause in fact and proximate cause, and (3) it improperly includes the concept of "substantial factor" instead of "but for" causation.

---

[27] <u>Authority:</u>

<u>Hunt v. McNeil Consumer Healthcare</u>, Case No. 11-457 (E.D. La. April. 2014) (Doc. 466-1) (J. Milazzo)

<u>Orr (In Re Xarelto Prod. Liab. Litig.</u>), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815) (modified)

This Court has already recognized that, in order to prevail, Plaintiff must prove **both** medical causation and warnings causation.  To prove medical causation, Plaintiff must specifically prove that Taxotere can cause permanent chemotherapy-induced alopecia (general causation) and that Taxotere did cause her permanent chemotherapy-induced alopecia (specific causation).  Rec. Doc. 8094 at 5.  Proving general causation is a two-part test.  *Id.* at 5 (recognizing that Plaintiff must first prove a statistically significant association and then prove the association is truly causal by application of criteria such as the Bradford-Hill criteria).  The "standard method" for proving specific causation is by testimony regarding a differential diagnosis.  Rec. Doc. 8095 at 4.  Plaintiff's proposed instruction excludes medical causation entirely, rendering it legally inadequate.  Because medical causation is highly contested and the subject presents complicated issues, a separate instruction is warranted.  *See* Defendants' Request No. 20 (medical causation).

Plaintiff's proposed causation instruction is likewise improper because it confuses the concepts of cause in fact and proximate cause.  Causation under Louisiana law requires proof of **both** cause in fact and proximate cause.  *See Stanley v. Starfleet Marine Transportation, Inc*., 2018 WL 4042873, at *5 (E.D. La. Aug. 24, 2018) ("Causation has two sub-elements: '(a) cause in fact and (b) proximate or legal cause.'  To establish cause in fact, the plaintiff must show that the incident would not have occurred but for the defendant's negligence).

Plaintiff's proposed instruction does not include "but for" causation as required by Louisiana law.  Instead, Plaintiff's proposed instruction improperly introduces the concept of "substantial factor" as adequate proof of "proximate cause."  "Substantial factor" is actually an alternative test for *cause in fact*, not proximate cause, and it is not applicable here regardless.  *See Nagle v. Gusman*, 61 F. Supp. 3d 609, 622 (E.D. La. 2014) ("Louisiana case law is clear that cause-in-fact is usually a 'but for' inquiry, 'which tests whether the accident would or would not have

happened but for the defendant's substandard conduct.' The 'substantial factor' test is applied as an alternative to the but-for test '[w]hen there are concurrent causes of an accident which nevertheless would have occurred in the absence of one of the causes.' In such a situation, 'some other test is needed.' The substantial factor test is 'similar to the but-for test,' except that when more than one party's negligence would have caused the injury in the absence of another party's negligence, 'all are held to be causative.' Plaintiffs contend that there are 'multiple causes' for Mr. Goetzee's death, but they do not specify what they mean by this, nor do they explain how this case fits the mold of a concurrent causes case. Thus, the Court concludes that the but-for test is the appropriate test.") (citations omitted); *see also Hutzler v. Cole*, 633 So. 2d 1319, 1337 (La. App. 1994) (concurring opinion) ("We do not need to consider an alternative method for determining cause in fact (the substantial factor test used herein) when the facts do pass the but-for analysis."); *Beary v. Deese*, 2018 WL 3417878, at *6 (E.D. La. July 13, 2018) ("'While the term 'substantial factor' has received recognition in the courts of appeal, the 'but-for' test clearly prevails.' 12 La. Civ. L. Treatise, Tort Law § 4.6 (2d ed.).").

Plaintiff also must prove proximate cause, which requires proof that both the Taxotere medication and the Defendants' allegedly inadequate warning, in natural and continuous sequence, unbroken by any intervening cause, produced Plaintiff's injury and without which Plaintiff's injury would not have occurred. *See* Defendants' Request No. 19. Plaintiff incorrectly included the concept of "substantial factor" in her definition of "proximate cause." That is both legally incorrect and irrelevant to this case.

Finally, because the concepts of causation are complicated, Defendants' proposed separate instructions (a general instruction, plus a medical causation instruction and a warnings causation instruction) are warranted.

**Defendants' Request No. 19 - Causation – Generally**[28]

In order for Plaintiff to prevail on her claim, Plaintiff must establish causation.  Causation requires proof of both causation-in-fact and proximate cause.[29]

Causation-in-fact is proved by Plaintiff establishing that Plaintiff's injury would not have occurred "but for" both the Taxotere medication and the Defendants' allegedly inadequate warning.[30]

Proximate cause is proved by Plaintiff establishing both the Taxotere medication and the Defendants' allegedly inadequate warning, in natural and continuous sequence, unbroken by any intervening cause, produced Plaintiff's injury and without which Plaintiff's injury would not have

---

[28] Authority:   *Orr (In Re Xarelto Prod. Liab. Litig.)*, Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 26-28) (modified)

[29]      *Stanley v. Starfleet Marine Transportation, Inc.*, 2018 WL 4042873, at *5 (E.D. La. Aug. 24, 2018) ("Causation has two sub-elements: '(a) cause in fact and (b) proximate or legal cause.' To establish cause in fact, the plaintiff must show that the incident would not have occurred but for the defendant's negligence. '[W]here there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident.' If the plaintiff's injury would have occurred in the absence of the defendant's act or inaction then the defendant's conduct is not a substantial factor. 'Proximate cause involves a policy determination as to whether the plaintiff's injuries were a reasonably foreseeable result of the defendant's alleged negligent conduct.'") (citations omitted)

[30]      *Nagle v. Gusman*, 61 F. Supp. 3d 609, 622 (E.D. La. 2014) ("Louisiana case law is clear that cause-in-fact is usually a 'but for' inquiry, 'which tests whether the accident would or would not have happened but for the defendant's substandard conduct.' The 'substantial factor' test is applied as an alternative to the but-for test '[w]hen there are concurrent causes of an accident which nevertheless would have occurred in the absence of one of the causes.' In such a situation, 'some other test is needed.' The substantial factor test is 'similar to the but-for test,' except that when more than one party's negligence would have caused the injury in the absence of another party's negligence, 'all are held to be causative.' Plaintiffs contend that there are 'multiple causes' for Mr. Goetzee's death, but they do not specify what they mean by this, nor do they explain how this case fits the mold of a concurrent causes case. Thus, the Court concludes that the but-for test is the appropriate test.") (citations omitted); *see also Hutzler v. Cole*, 633 So. 2d 1319, 1337 (La. App. 1994) (concurring opinion) ("We do not need to consider an alternative method for determining cause in fact (the substantial factor test used herein) when the facts do pass the but-for analysis.")

occurred. A proximate cause is a direct cause, which the law defines as something that produces a natural chain of events which, in the end, brings about the injury.   Under a proximate cause analysis, there must be a substantial connection between the Defendants' actions and the harm which occurs.[31]

The mere fact that Plaintiff may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by the Taxotere medication or the Defendants' allegedly inadequate warning.

**<u>Plaintiff's Objection:</u>**

Defendants improperly seek three separate sections of causation charges in an effort to confuse the jury and heighten Plaintiff's burden. Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court, including:

- <u>Para 3</u>: "A proximate cause is a direct cause, which the law defines as something that produces a natural chain of events which, in the end, brings about the injury. Under a proximate cause analysis, there must be a substantial connection between the Defendants' actions and the harm which occurs." This statement is repetitive and attempts to create a heightened causation standard that is contrary to law.

- <u>Para 4</u>: "The mere fact that Plaintiff may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by

---

[31]     *Ford v. Pennzoil*, 974 F. Supp. 559, 565 (E.D. La. 1997), *aff'd*, 200 F.3d 816 (5th Cir. 1999) ("Louisiana courts generally define 'proximate cause' as any cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred. . . .  Proximate cause requires more than a cause-in-fact or 'but for' connection. Under a proximate cause analysis, there must be a substantial connection between the actions of a defendant and the harm which occurs.") (citations omitted)

Taxotere or the Defendants' allegedly inadequate warning." This statement is repetitive and attempts to create a heightened causation standard that is contrary to law.

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 20 - Medical Causation[32]**

In order to prove the Taxotere medication caused her injury, Plaintiff must prove to a reasonable degree of medical probability both that:

1)      Taxotere can cause permanent hair loss, which requires Plaintiff to prove both (a) that a statistically significant association exists between Taxotere and permanent hair loss, and (b) that additional evidence establishes the association "reflects a true cause-effect relationship"; and

2)      Taxotere was the cause in fact and the proximate cause of Plaintiff's alleged permanent hair loss in this case.  That is, Plaintiff must prove both (a) that she would not have sustained permanent hair loss "but for" taking Taxotere, and (b)

---

[32] Authority:      In Louisiana, a plaintiff must prove "general causation as well as specific causation. General causation is whether a substance is capable of causing a particular injury or condition in the general population. Specific causation is whether a substance caused a particular individual's injury." *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd*, 326 F. App'x 721 (5th Cir. 2009) (citing *Knight v. Kirby*, 482 F.3d 347, 351 (5th Cir. 2007)).

If a plaintiff's case involves "complex issues of medical causation that are beyond the realm of knowledge and experience of the ordinary juror," the plaintiff must present expert testimony to prove causation, *see Demouchet v. Gen. Nutrition Corp.*, 2014 WL 1652518, at *4 (W.D. La. Apr. 24, 2014), and those experts must offer their opinions to a reasonable medical probability. *See Hutchinson v. Shah*, 648 So. 2d 451, 452–53 (La. App. 1994) ("Ordinarily, the test of medical causation is reasonable medical probability."); *see, e.g., Arabie v. CITGO Petroleum Corp.*, 89 So. 3d 307, 321 (La. 2012); *Harris v. Soulie*, 2014 WL 3557481, *5 (La. App. May 2, 2014).

*Burst v. Shell Oil Co.*, 2015 WL 3755953, at *5-6 (E.D. La. June 16, 2015), *aff'd*, 650 F. App'x 170 (5th Cir. 2016) (discussing requirement of statistical significance and that "[o]nce an association is found, 'researchers consider whether the association reflects a true cause-effect relationship'").

*In re Mirena IUD Prod. Liab. Litig.*, 202 F. Supp. 3d 304, 319 (S.D.N.Y. 2016), *aff'd*, 713 F. App'x 11 (2d Cir. 2017) (noting that "no court has held that admissions can substitute for required expert testimony" on the issue of general causation)

that taking Taxotere, in natural and continuous sequence, unbroken by any intervening cause, produced Plaintiff's permanent hair loss (i.e., that taking Taxotere was the direct cause of Plaintiff's injury).

**Plaintiff's Objection:**

This statement is repetitive and attempts to create a heightened causation standard that is contrary to law. Defendants ask that general and specific causation should be parsed out separately in a proposed jury instruction. In *Kaiser v. Johnson & Johnson*, 334 F. Supp. 3d 923 (N.D. Ind. 2018), the court rejected an identical request to parse out general and specific causation because the defendant's "proposed additional parsing of this element would not have prevented juror confusion but instead likely heightened it by implying elements and requirements which were not strictly elements of [plaintiff's] claim." Id. at 943. Sanofi's request should be rejected for these same reasons. Plaintiffs' proposed instruction accurately states Louisiana law on causation, and no further instruction should be given.

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 21 - Warnings Causation[33]**

In order to prove the Defendants' inadequate warning caused her injury, Plaintiff must prove that the inadequate warning was both the cause-in-fact and the proximate cause of Plaintiff's alleged injury.  That is, Plaintiff must prove by a preponderance of the evidence that:

1)  Had an adequate warning been given, Dr. Carinder would not have prescribed Taxotere to Plaintiff;

2)  The inadequate warning, in natural and continuous sequence, unbroken by any intervening cause, produced Plaintiff's injury (i.e., the inadequate warning was the direct cause of Plaintiff's injury); and

3)  Dr. Carinder was unaware that Taxotere had a characteristic that may cause damage.  If Dr. Carinder was already aware that Taxotere had a characteristic that

---

[33] Authority:   *Orr (In Re Xarelto Prod. Liab. Litig.)*, Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 18, 24, 29) (modified)

*Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) (applying Louisiana law) ("To recover for a failure to warn under this doctrine, a plaintiff must show: (1) that the defendant failed to warn the physician of a risk associated with the use of the product, not otherwise known to the physician, and (2) that the failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury. Because the defective aspect of the product must cause the injury, the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e. that but for the inadequate warning, the treating physician would not have used or prescribed the product."); *Pellegrin v. C.R. Bard*, 2018 WL 3046570, at *4 (E.D. La. June 20, 2018) (same); *Huffman v. Squibb*, 2016 WL 6024532, at *2 (E.D. La. Oct. 14, 2016) (same); *Rhodes v. Bayer Healthcare Pharm. Inc.*, 2013 WL 1282450, at *4 (W.D. La. Mar. 28, 2013) (same)

*Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 814 (5th Cir. 1992) ("[W]e reject Thomas's contention that causation is presumed, given an inadequate warning, in the context of an unavoidable risk. We are willing to assume that the failure to give an adequate warning of a known risk entitles the plaintiff to a rebuttable presumption that the learned intermediary would have read and heeded a proper warning. But 'heed' in this context means only that the learned intermediary would have incorporated the 'additional' risk into his decisional calculus. The burden remains on the plaintiff to demonstrate that the additional non-disclosed risk was sufficiently high that it would have changed the treating physician's decision to prescribe the product for the plaintiff.")

may cause damage, then you must find the inadequate warning was not the cause

of Plaintiff's injury.

**<u>Plaintiff's Objection:</u>**

This statement is repetitive and attempts to create a heightened causation standard that is

contrary to law. Plaintiff incorporates her objection to Sanofi's causation instructions. Plaintiff

reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 18 – Damages – General Instruction**[34]

If you decide that the Plaintiff has established the other elements of her case by a preponderance of the evidence, you must decide the question of whether there has been damage to Plaintiff and if so, the amount of that damage. Your award should be designed to fully and fairly compensate the Plaintiff for her injury.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure. You must arrive at a figure that will fairly and adequately compensate the Plaintiff for damages she has suffered. In estimating such damages, you may take into consideration the following elements:

1)      physical injury;

2)      pain and suffering;

3)      loss of enjoyment of life;

4)      permanent disability, if any;

5)      medical expenses, both past and future.

On the one hand, that you are not entitled to award speculative damages for injuries which you think the Plaintiff might have experienced or might experience in the future. On the other hand, it means that you may also make an effort to reasonably approximate the damages which the Plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty.

---

[34] Pattern Jury Instructions, U.S. 5th Circuit, 15.3

Orr (In Re Xarelto Prod. Liab. Litig.), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815) (modified).

You may award compensatory damages only for injuries that plaintiffs prove were caused by defendants' wrongful conduct.   The damages you award must be fair compensation for plaintiffs' damages, no more and no less. Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize defendants.

 If you decide to award compensatory damages, you should be guided by dispassionate common sense.  That is to say, you should not be affected by sympathy, compassion, prejudice, or bias.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require plaintiffs to prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing and award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Defendants take their victim as they find him and are responsible for all natural and probable consequences of their tortious conduct. The Plaintiff must prove that there is a reasonable probability that the injuries sustained were caused by the failure of Sanofi to warn of the risk. If an incident aggravates a pre-existing condition, defendants are liable to the extent of the aggravation. This is true even if the incident in question is not the sole factor in the aggravation, but is a significant contributing factor. Defendant is responsible for the consequences of the incident even if those damages are greater because of a preexisting condition.

**<u>Defendants' Objection:</u>**

Defendants object to the last paragraph of Plaintiff's instruction because it is not warranted by the evidence; namely, Plaintiff has not identified a pre-existing condition or other facts warranting such an instruction.  Further, Plaintiff's instruction omits the following statements (below in **bold**) from Defendants' corresponding instruction, each of which are correct statements

of the law and warranted by the claims and anticipated evidence at trial, *see Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request."):

- Para 6: "**In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages experienced by the Plaintiff. Also, any amount which you might award to the Plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the Plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the Plaintiff for her injuries without regard to what she may pay her attorneys or the amount that you might think would be paid in income taxes.**"   This is a correct statement of the law. *See* H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:1 (West 3d ed. 2016) ("In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the plaintiff. Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount

which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.")

- Para 7: "**When the Defendants' tortious conduct has caused harm to the plaintiff or to her property and in so doing has conferred a special benefit to the interest of the plaintiff that was harmed, the value of the benefit conferred is considered in mitigation of damages, to the extent that this is equitable. Accordingly, even if you decide that Plaintiff is entitled to damages, if you find that her life was extended or improved by the use of Taxotere, you may reduce the award by the value of that benefit.**" This a correct statement of the law.   See Restatement (Second) of Torts, § 920; *Troutt v. Novartis Pharm. Corp.*, No. 8:06-CV-1708-T-24, 2013 WL 5304059 (M.D. Fla. Sept. 20, 2013); *Guenter v. Novartis Pharm. Corp.*,  No. 6:08–cv–456–Orl–31, 2013 WL 4456505 (M.D. Fla. Aug. 16, 2013); *Gracia v. Meiselman*, 220 N.J.Super. 317 (1987), *distinguished by Lodato ex rel. Lodato v. Kappy*, N.J. Super. A.D. (2002); *Mohr v. Williams*, 95 Minn. 261, 270-71 (1905), *overruled in part on other grounds by Genzel v. Halvorson*, 248 Minn. 527 (1957); *Georges v. Novartis Pharm. Corp.*, No. CV 06-05207 SJO VBKX, 2013 WL 5217198, at *6 (C.D. Cal. Apr. 4, 2013).

Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 22 – Damages—General Instruction[35]**

If you decide that the Plaintiff has established the other elements of her case by a preponderance of the evidence, you must decide the question of whether there has been damage to Plaintiff and if so, the amount of that damage.

Louisiana law suggests simple reparation is a just and adequate compensation for injuries. Your award should be designed to fully and fairly compensate the Plaintiff for her injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done if you decide Plaintiff has proven her claims by a preponderance of the evidence. You must arrive at a figure that will fairly and adequately compensate the Plaintiff for damages she has suffered. In estimating such damages, you may take into consideration the following elements:

1)    physical injury;

2)    pain and suffering;

3)    loss of enjoyment of life;

4)    permanent disability, if any;

5)    medical expenses, both past and future.

---

[35] Authority:   Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:1 (West 3d ed. 2016); *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1155 (La. 1988);

Restatement (Second) of Torts, § 920; *Troutt v. Novartis Pharm. Corp.*, No. 8:06-CV-1708-T-24, 2013 WL 5304059 (M.D. Fla. Sept. 20, 2013); *Guenter v. Novartis Pharm. Corp.*,  No. 6:08–cv–456–Orl–31, 2013 WL 4456505 (M.D. Fla. Aug. 16, 2013); *Gracia v. Meiselman*, 220 N.J.Super. 317 (1987), *distinguished by Lodato ex rel. Lodato v. Kappy*, N.J. Super. A.D. (2002); *Mohr v. Williams*, 95 Minn. 261, 270-71 (1905), *overruled in part on other grounds by Genzel v. Halvorson*, 248 Minn. 527 (1957); *Georges v. Novartis Pharm. Corp.*, No. CV 06-05207 SJO VBKX, 2013 WL 5217198, at *6 (C.D. Cal. Apr. 4, 2013).

Like other parts of the Plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the Plaintiff might have experienced or might experience in the future. On the other hand, it means that you may also make an effort to reasonably approximate the damages which the Plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty.

You may award compensatory damages only for injuries that plaintiffs prove were caused by defendants' wrongful conduct.  The damages you award must be fair compensation for plaintiffs' damages, no more and no less. Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize defendants.

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages experienced by the Plaintiff. Also, any amount which you might award to the Plaintiff is *not* income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the Plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the Plaintiff for her injuries without regard to what she may pay her attorneys or the amount that you might think would be paid in income taxes.

When the Defendants' tortious conduct has caused harm to the plaintiff or to her property and in so doing has conferred a special benefit to the interest of the plaintiff that was harmed, the value of the benefit conferred is considered in mitigation of damages, to the extent that this is equitable. Accordingly, even if you decide that Plaintiff is entitled to damages, if you find that her

life was extended or improved by the use of Taxotere, you may reduce the award by the value of that benefit.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.

**Plaintiff's Objection:**

Defendants' proposal contains incorrect statements of fact, incorrect interpretation of law, and contains statements that are contrary to the rulings of this court, including:

- Para. 3: "…but that is what must be done if you decide Plaintiff has proven her claims by a preponderance of the evidence."

  This statement is repetitive, unnecessary, and attempts to create a heightened burden on proof of damages.

- Para. 4: "Like other parts of the Plaintiff's case, these damages must be established by a preponderance of the evidence."

  This statement is repetitive, unnecessary, and attempts to create a heightened burden on proof of damages.

- Para. 6: "In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages experienced by the Plaintiff. Also, any amount which you might award to the Plaintiff is *not* income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the Plaintiff is entitled to damages, the amount

which you award should be the sum that you think will fully and fairly compensate the Plaintiff for her injuries without regard to what she may pay her attorneys or the amount that you might think would be paid in income taxes."

This is not a mandatory charge. <u>See Doyle v. Picadilly Cafeterias</u>, 576 So. 2d 1143 (La. Ct. App. 3d Cir. 1991).

Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 19 – Medical Expenses[36]**

In determining any award that you might make for past or future medical expenses, you should consider the evidence to decide the reasonable value of treatment which was or will be reasonable and necessary for plaintiff's condition.

**<u>Defendants' Objection:</u>**

Plaintiff has disclaimed past medical expenses in her operative PFS, so the "past" aspect of this instruction is not warranted by the claims and the anticipated evidence.  Defendants reserve the right to raise further objections to this instruction at the charge conference.

---

[36] H. Alston Johnson, III, Medical expenses, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:5 (3d ed.) (modified)

**Plaintiff's Request No. 20 – Mental Anguish[37]**

The law recognizes that a plaintiff may experience mental distress and anguish as a result of an injury. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

**<u>Defendants' Objection:</u>**

Plaintiff's instruction omits the second paragraph of Defendants' corresponding instruction, which is a correct statement of the law under these circumstances. *See* H. Alston Johnson, III, Mental Anguish, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:12 (3d ed.) ("[Though the law recognizes a possible recovery for mental distress, it requires that you carefully scrutinize the evidence presented on this point to assure yourselves that such injury has been proven by plaintiff.]"). Defendants reserve the right to raise further objections to this instruction at the charge conference.

---

[37] H. Alston Johnson, III, Mental Anguish, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:12 (3d ed.) (modified)

**Defendants' Request No. 24 – Mental Anguish[38]**

The law recognizes that a plaintiff may experience mental distress and anguish as a result of an injury. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

Though the law recognizes a possible recovery for mental distress, it requires that you carefully scrutinize the evidence presented on this point to assure yourselves that such injury has been proven by the Plaintiff.

**Plaintiff's Objection:**

Plaintiff objects to Paragraph 2. The law cited by Sanofi references a case involving "traumatic neurosis." See Jackson v. U. S. Fidelity & Guaranty Co., 382 So. 2d 223 (La. Ct. App. 3d Cir. 1980). Further, the language is called into question by Professor Johnson in the treatise cited by Defendants. Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

---

[38] Authority:   *Orr* (*In Re Xarelto Prod. Liab. Litig.*), Case No. 15-3708 (E.D. La. June 12, 2017) (Doc. 6815 at 37) (modified)

H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:12 (West 3d ed. 2016) (verbatim)

**Defendants' Request No. 25 – Statements by Counsel as to Damage[39]**

Statements of any attorney in this case as to his or her estimate of dollar amounts to be awarded for any claims such as pain and suffering or similar claims, are not evidence and you should disregard them. The determination of damages is solely your function, and your decision must be based upon competent evidence, and not upon figures suggested by an attorney.

**<u>Plaintiff's Objection:</u>**

Defendants' request is repetitive, unnecessary, and an attempt to raise the burden. The charge cited by Defendants is already contained in the earlier part of this charge. Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

---

[39] <u>Authority:</u>   H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 1:4 (West 3d ed. 2016).

**Defendants' Request No. 26 – Statute of Limitations – Actual or Constructive Knowledge[40]**

In this case, it is necessary for you to determine whether Plaintiff had actual or constructive knowledge of a potential relationship between Plaintiff's alleged injury and her use of Taxotere prior to December 12, 2015. Under Louisiana law, a plaintiff bears the responsibility to reasonably inquire into a possible injury she may have sustained when there is information sufficient to incite curiosity, excite attention, or to put a reasonable person on guard to call for inquiry. She is also

---

[40] Authority:  Final Instruction in *Body By Cook v. Ingersoll-Rand Co.*, 13-cv-00175 (E.D. La. Jan. 15, 2014) (Doc. 98 at 42-45) (modified)

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 2019 WL 2995897, at *2 (E.D. La. July 9, 2019) (describing Louisiana prescription law, including doctrine of contra non valentem and that the burden of establishing such exception is on Plaintiff Earnest: "Because each Plaintiff's complaint is prescribed on its face, Plaintiffs bear the burden of proof.")

LSA–C.C. art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.")

*Campo v. Correa*, 828 So. 2d 502, 510–11 (La. 2002) ("Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. . . . The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct.") (citations omitted)

*Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 975 (La. Ct. App. 1998) ("Although prescription will not begin to run at the earliest indication that a plaintiff may have suffered some wrong; a plaintiff bears the responsibility to reasonably inquire into a possible injury he may have sustained. He is also responsible for seeking out those whom he believes may be responsible." "Ultimately, when prescription begins to run depends on the reasonableness of a plaintiff's action or inaction. Clearly, prescription begins to run when a plaintiff has actual knowledge of an injury. However, in the absence of a plaintiff's actual knowledge, prescription will begin to run when the plaintiff has constructive knowledge; that is, information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry.") (citations omitted)

responsible for seeking out those whom she believes may be responsible. A plaintiff is charged with knowledge or notice of *everything* to which such a reasonable inquiry may lead. This is called constructive knowledge.

Constructive knowledge does not require a plaintiff to be informed by an attorney or physician of a possible claim. Constructive knowledge is when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim.

**Plaintiff's Objection:**

This Court held that "the prescriptive period on Earnest's claim did not begin to run until she associated Taxotere with permanent alopecia in 2016. Because Earnest filed suit within a year of this realization, her claim is not prescribed." Order at 9 (Rec. Doc. 7571). The Court's legal ruling obviates the need for an instruction on contra non valentem, as proposed by Defendants. Plaintiff reserves the right to raise further objections to this instruction at the charge conference.

**Plaintiff's Request No. 21 – Duty to Deliberate[41]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision.  You will take the form with you to the jury room.  The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions.  The answer to each question must be the unanimous answer of the jury.  In the space provided below each question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the courtroom with your verdict.  You must carefully follow these directions as you complete the form.

**(READ THE VERDICT FORM)**

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which I have admitted into evidence.  First, select your foreperson and

---

[41] <u>Authority:</u>   Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014) (modified).

then conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the court has given about your conduct during the trial.  After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even me, any numerical division on any questions.

If you want to communicate with me at any time, please give a signed written message to the Marshal, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your questions.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order otherwise.  You may now retire to the jury room to conduct your deliberations.

**Defendants' Objection:**

Plaintiff's instruction omits statements from Defendants' corresponding instruction that are correct statements of the law and warranted by the evidence.  *See Corey v. Jones*, 650 F.2d 803, 806 (5th Cir. 1981) ("Under federal rules of procedure a litigant is entitled to have the jury instructed as to his claims and theories of law if they are legally correct, supported by the evidence, and are brought to the court's attention in a timely request.").  Defendants reserve the right to raise further objections to this instruction at the charge conference.

**Defendants' Request No. 27 - Duty to Deliberate**[42]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**Plaintiff's Objection:**

Defendants seek language that is contrary to the language set forth by the Fifth Circuit Pattern Jury Charges. See Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014)

---

[42] <u>Authority:</u>   Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014) (modified).

72

(modified). Plaintiff reserves the right to raise further objections to this instruction at the charge conference.