UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  TAXOTERE (DOCETAXEL) ) | | MDL DOCKET NO. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | SECTION "H" (5) |
| ) | | |
| ) | | HON. JANE TRICHE MILAZZO |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | |
| Barbara Earnest, No. 16-17144 | | |

**PLAINTIFF AND DEFENDANTS' PROPOSED JURY VERDICT FORMS**

NOW INTO COURT, comes Plaintiff Barbara Earnest and Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc. who respectfully submit their respective positions on the proper verdict form to be used in trial of matter no. 16-17144, *Barbara Earnest vs. Sanofi-Aventis U.S. LLC et al.*

Dated: September 9, 2019

Respectfully submitted,

| | |
|---|---|
| */s/M. Palmer Lambert* | */s/Douglas J. Moore* |
| M. Palmer Lambert (#33228) | Douglas J. Moore (Bar No. 27706) |
| GAINSBURGH BENJAMIN | IRWIN FRITCHIE URQUHART & MOORE LLC |
| 2800 Energy Centre, 1100 Poydras Street | 400 Poydras Street, Suite 2700 |
| New Orleans, LA 70163-2800 | New Orleans, LA  70130 |
| Phone: 504-522-2304 | Telephone: 504-310-2100 |
| Fax: 504-528-9973 | Facsimile:  504-310-2120 |
| plambert@gainsben.com | dmoore@irwinllc.com |
| | |
| *Plaintiffs' Co-Liaison Counsel* | *Defendant's liaison counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL DOCKET NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO |
| THIS DOCUMENT RELATES TO: Barbara Earnest, No. 16-17144 | ) | |

**PLAINTIFF'S PROPOSED JURY VERDICT FORM**

Proposed Jury Interrogatory No. 1:

Did Sanofi fail to provide an adequate warning that Taxotere can cause permanent hair loss?

\_\_\_\_\_          YES

\_\_\_\_\_          NO

PLEASE PROCEED TO QUESTION 2.

Proposed Jury Interrogatory No. 2:

Was Sanofi's failure to provide an adequate warning of permanent hair loss a substantial contributing factor to Barbara Earnest's permanent hair loss?

\_\_\_\_\_          YES

\_\_\_\_\_          NO

PLEASE PROCEED TO QUESTION 3.

2

Proposed Jury Interrogatory No. 3

What amount would fairly compensate Barbara Earnest for the following:

| | |
|---|---|
| Permanent disfigurement | $_____ |
| Past pain and suffering | $_____ |
| Future pain and suffering | $_____ |
| Past loss of enjoyment of life | $_____ |
| Future loss of enjoyment of life | $_____ |
| Past mental anguish | $_____ |
| Future mental anguish | $_____ |
| Past medical expenses | $_____ |
| Future medical expenses | $_____ |

Please have the foreperson sign the verdict form and return to the court room.

_____

### **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**

Plaintiff's proposed verdict form fails to accurately require findings consistent with the elements that Plaintiff must prove under the Louisiana Products Liability Act ("LPLA"). Defendants' proposed verdict form (below) is consistent with the LPLA and addresses the following problems:

**Medical Causation:**
Plaintiff's proposed verdict form fails to include an interrogatory for general or specific causation. In this case, general and specific causation are disputed issues and, therefore, the jury should be required to render a verdict on both of those essential elements of the Plaintiff's case. Plaintiff's verdict form, however, only includes an interrogatory for warnings causation and fails to require that the jury conclude that the medicine causes the alleged injury, and that it did so in Plaintiff's case. A review of verdict forms employed by the Hon. Eldon E. Fallon in prior pharmaceutical MDLs tried under the LPLA demonstrates that a separate jury interrogatory on the issue of causation is appropriate when the issue of medical causation is a disputed issue in the case. This is evident from a comparison of the verdict forms used in the *In re Propulsid* and *In re Xarelto* MDLs, attached as **Exhibits A** and **B** respectively. In *Propulsid*, medical causation was disputed and, therefore, a separate causation interrogatory was included in the verdict form. In *Xarelto*, there was no dispute that the medicine brought about the Plaintiff's injury and, thus, a separate interrogatory was not necessary. Additionally, general causation was not a disputed issue in the *Propulsid* trial and, therefore, only specific causation was included in the verdict form.

*Contra non valentem*:
Plaintiff's verdict form fails to include a jury interrogatory for *contra non valentem*. Plaintiff bears the burden of proving this exception to prescription and the Eastern District of Louisiana, and the Fifth Circuit has repeatedly held that the issue of *contra non valentem* is a fact issue to be determined by the jury. *Body By Cook v. Ingersoll-Rand Co*., 39 F. Supp. 3d 827, 837–39 (E.D. La. 2014) ("The Court was not free to decide the issue of *contra non valentem* as a matter of law because there was a disputed issue of material fact as to whether the alleged tort was reasonably knowable by the Plaintiffs under the circumstances."). Consequently, the verdict form in this matter should include a jury interrogatory on *contra non valentem.*

**Failure to Warn and Warnings Causation:**
Plaintiff's proposed jury interrogatory for failure to warn (Plaintiff Question 2) misstates the applicable standard and does not accurately seek to have the jury render findings that are consistent with the required elements of their claim under the LPLA. The applicable standard – and the basis for Defendants' Question 4 and corresponding proposed instruction on Warnings Causation – is set forth in *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) (applying Louisiana law) ("To recover for a failure to warn under this doctrine, a plaintiff must show: (1) that the defendant failed to warn the physician of a risk associated with the use of the product, not otherwise known to the physician, and (2) that the failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury. Because the defective aspect of the product must cause the injury, the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e. that but for the inadequate warning, the treating physician would not have used or prescribed the product.").

4

Plaintiff's Question 2 is also legally incorrect because it uses the "substantial contributing factor" test when "but for" is the appropriate test under these circumstances. *See Nagle v. Gusman*, 61 F. Supp. 3d 609, 622 (E.D. La. 2014) ("Louisiana case law is clear that cause-in-fact is usually a 'but for' inquiry"; "Plaintiffs contend that there are 'multiple causes' for Mr. Goetzee's death, but they do not specify what they mean by this, nor do they explain how this case fits the mold of a concurrent causes case. Thus, the Court concludes that the but-for test is the appropriate test.") (citations omitted); *see also Hutzler v. Cole*, 633 So. 2d 1319, 1337 (La. App. 1994) (concurring opinion) ("We do not need to consider an alternative method for determining cause in fact (the substantial factor test used herein) when the facts do pass the but-for analysis.").

**Damages**:  Plaintiff's verdict form included inapplicable categories of damages [*i.e.,* medical expenses, which Plaintiff has disclaimed in her operative PFS], and further includes categories of damages that are redundant of one another (*i.e.*, "disfigurement," "loss of enjoyment of life," "mental anguish," and "pain and suffering."). The Court should not permit the multiple categories of inapplicable and redundant categories of damages.

**Instructions:**
Plaintiff's verdict form fails to instruct the jurors to stop deliberating if a "No" answer is reached in response to an essential element of the Plaintiff's case.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: TAXOTERE (DOCETAXEL) ) | | MDL DOCKET NO. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | SECTION "H" (5) |
| ) | | |
| ) | | HON. JANE TRICHE MILAZZO |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | |
| Barbara Earnest, No. 16-17144 | | |

**DEFENDANTS' REVISIONS TO PLAINTIFF'S PROPOSED JURY VERDICT FORM**

**QUESTION 1**

**Did Plaintiff prove to a reasonable medical probability that she has "Permanent Chemotherapy-Induced Alopecia"?**

**YES ___     NO ___**

*If you answered "yes" to this question, please proceed to Question 2. If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 2**

**Did Plaintiff prove to a reasonable medical probability that Taxotere can cause "Permanent Chemotherapy-Induced Alopecia"?**

**YES ___     NO ___**

*If you answered "yes" to this question, please proceed to Question 3, which is on the following page. If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 3**

    **Did Plaintiff prove to a reasonable medical probability that she has "Permanent Chemotherapy-Induced Alopecia" caused by Taxotere?**

                              **YES \_\_\_      NO \_\_\_**

    *If you answered "yes" to this question, please proceed to Question 4.  If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 4**

    **Did Plaintiff prove by a preponderance of the evidence that the Defendants failed to warn (or inadequately warned) the treating physician of a risk associated with Taxotere that was not otherwise known to the treating physician?**

                                **YES \_\_\_      NO \_\_\_**

    *If you answered "yes" to this question, please proceed to Question 5.  If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 5**

    **Did Plaintiff prove by a preponderance of the evidence that Defendants' failure to warn (or inadequate warning) of a risk not otherwise known to the treating physician caused her "Permanent Chemotherapy-Induced Alopecia"?**

                                  **YES \_\_\_      NO \_\_\_**

    *If you answered "yes" to this question, please proceed to Question 6, which is on the following page.  If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 6**

**Did Plaintiff prove by a preponderance of the evidence that she lacked actual and constructive knowledge of a relationship between Plaintiff's "Permanent Chemotherapy-Induced Alopecia" and her use of Taxotere prior to December 12, 2015?**

**YES \_\_\_     NO \_\_\_**

*If you answered "yes" to this question, please proceed to Question 7.  If you answered "no" to this question, then skip all remaining questions, sign and date this verdict form, and inform the Marshal you have reached a verdict.*

**QUESTION 7**

**What amount of money, if any, did Plaintiff prove by a preponderance of the evidence would fairly and adequately compensate Plaintiff for her alleged injury?**

$_____

Please date and sign the verdict form, inform the Marshal that a verdict has been reached, and return to the courtroom.

New Orleans, Louisiana, this \_\_\_ day of _____, 2019.

_____
Jury Foreperson

## ADDITIONAL JURY INTERROGATORIES PROPOSED BY DEFENDANTS

In addition to the interrogatories set forth above, Defendants' position is that the following jury interrogatories should be included in the verdict form. Requiring the jury to make specific factual findings on the following issues would aid the parties in understanding the jury's verdict and the application that this bellwether trial would have on the balance of the claims pending in this MDL.

**Did Plaintiff prove to a reasonable medical probability that her "Permanent Chemotherapy-Induced Alopecia" was not caused by something other than Taxotere?**

                         **YES ___      NO ___**

**Did Plaintiff prove to a reasonable medical probability that there was an available chemotherapy treatment that would have been equally effective in treating her breast cancer, but would not cause "Permanent Chemotherapy-Induced Alopecia"?**

                         **YES ___      NO ___**

**What amount of money, if any, represents the benefit that Ms. Earnest received from Taxotere?**

                         $_____

**What is the amount of money when the figure set forth in response to Question __ is subtracted from the figure set forth in response to Question __?**

                         $_____

## **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM**

Plaintiff has proposed a verdict form that consists of three, easy-to-understand questions—the same straightforward approach as in other failure-to-warn cases, such as *Xarelto*, whose verdict form also consisted of three simple questions. Sanofi's proposed verdict form, by contrast, is exceedingly lengthy, complicated, repetitive, and confusing.

Sanofi has taken Plaintiffs' three straightforward questions and broken them out into multiple component parts, using language that does not conform to the Pattern Jury Instructions. Sanofi's approach would increase Plaintiff's burden by implying elements and requirements which are not strictly elements of Plaintiff Earnest's claim. Sanofi has also tacked on numerous gratuitous questions, on the belief that the parties would benefit from the jury's views on irrelevant matters, such as the *benefit* of its cancer drug. But such an approach only further sows confusion and could prejudice Plaintiff by demanding that the jury work through so many irrelevant issues in completing a verdict form.

**Medical Causation:** Defendants request that general and specific causation should be parsed out separately in Defendants' Questions 1 through 3. In *Kaiser v. Johnson & Johnson*, 334 F. Supp. 3d 923 (N.D. Ind. 2018), the court rejected an identical request to parse out general and specific causation because the defendant's "proposed additional parsing of this element would not have prevented juror confusion but instead likely heightened it by implying elements and requirements which were not strictly elements of [plaintiff's] claim." *Id.* at 943. Sanofi's request should be rejected for these same reasons. Plaintiffs' proposed verdict form accurately states Louisiana law on causation and sufficiently contemplates specific and general causation in Questions 1 and 2. *See* LA Rev Stat § 9:2800.54.

**Contra Non Valentum:** Defendants' Question 6 improperly places the issue of contra non valentum before the jury despite a legal finding by this Court that "the prescriptive period on Earnest's claim did not begin to run until she associated Taxotere with permanent alopecia in 2016. Because Earnest filed suit within a year of this realization, her claim is not prescribed." Order at 9 (Rec. Doc. 7571). The Court's legal ruling resolves this issue and obviates the need for the jury's determination of contra non valentem, as proposed by Defendants.

**Damages:** Defendants' verdict form fails to capture all of the damage categories available to Mrs. Earnest. As recognized by the Louisiana Supreme Court, "general damages in Louisiana are routinely dissected." *McGee v. A C And S, Inc.*, 33 So. 2d 770, 774–75 (La. 2006). Indeed, "Courts commonly list different elements of general damages, including mental anguish and physical pain and suffering, both past and future, separately. In addition, general damages for permanent scarring and/or disfigurement are often listed separately." *Id.* at 774-75. Here, further consideration of the specific line items may be addressed at the charge conference following introduction of all evidence in this case.