# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740  SECTION: "H" (5) |
| **This document relates to:** Barbara Earnest, 16-17144 | ) ) | |

## ORDER AND REASONS

Before the Court are several Motions in Limine: Defendants' First Omnibus Motion in Limine (Doc. 7720); Defendants' Second Omnibus Motion in Limine (Doc. 7657); Defendants' Motion in Limine to Preclude Evidence or Argument Referring to Sanofi as a "French" or "Foreign" Company (Doc. 7662); Plaintiff's Motion in Limine to Preclude Evidence Regarding Sanofi's Corporate Character and Good Acts (Doc. 7643); Plaintiff's Motion in Limine to Preclude Testimony and Argument that Plaintiff's Experts Have Not Publicized/Published or Submitted Their Opinions to the FDA or Any Other Organization (Doc. 7644); Plaintiff's Motion in Limine to Preclude Testimony and Evidence Regarding "Stem Cell" Staining (Doc. 7645); Plaintiff's Motion in Limine to Preclude Testimony and Argument Regarding Plaintiff Counsel Advertisements (Doc. 7646); Plaintiff's Motion in Limine to Preclude Defense Counsel from Commenting on or Discussing Certain Matters in the Presence of the Jury or Potential Jurors by Plaintiff (Doc. 7648); Plaintiff's Motion in Limine to Exclude Evidence of Healthcare Costs and Insurance as a Collateral Source (Doc. 7650); Plaintiff's Motion in Limine to Preclude Testimony and Evidence Regarding Other Individuals' Personal Use of Taxotere and Personal Experience with Cancer (Doc. 7661); and Defendants' Motion in Limine to

Preclude Evidence or Argument that the Alleged "High Toxicity" of Taxotere Causes or is Associated with Alopecia (Doc. 7664).

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial of Plaintiff Barbara Earnest ("Plaintiff") is set to begin September 16, 2019.

## LAW AND ANALYSIS

The following chart addresses the arguments set forth in each Motion before the Court:

| Motion in Limine to Preclude | Doc. No. | Ruling |
| --- | --- | --- |
| Evidence or Argument Concerning the Purported Moral or Ethical Duties of Pharmaceutical Drug Manufacturers | 7720 | Granted. However, this ruling does not limit testimony on the standard of care. |
| Evidence or Argument Concerning Purported Legal Duties and Conclusions | 7720 | Deferred due to vagueness. |

---

[1] Docetaxel is the generic version of Taxotere.

2

| | | |
|---|---|---|
| Evidence or Argument Concerning Other Lawsuits, Claims, or Investigations Against Defendants and/or Other Sanofi Entities | 7720 | Granted in part and denied in part. The Court will allow testimony of other lawsuits, claims, or investigations to the extent they relate to alopecia pre-dating Earnest's treatment. |
| Evidence or Argument Concerning Complaints and Lawsuits Against Other Manufacturers of Docetaxel | 7720 | Granted in part. Deferred insofar as it concerns any complaints regarding alopecia that were made to the FDA. |
| Evidence or Argument Concerning the Presence, Absence, or Identity of Defendants' Corporate Representative at Trial | 7720 | Granted. Counsel is cautioned, however, not to "vouch" improperly for Sanofi. |
| Evidence or Argument Concerning Defendants' Executive and/or Employee Compensation | 7720 | Deferred. |
| Evidence or Argument Concerning the Cost of Taxotere or Prescription Drug Pricing Generally | 7720 | Granted. If Plaintiff believes the "door is opened" to this evidence, a conference with the Court should be held. |
| Evidence or Argument Concerning Defendants' Corporate Finances or Employment Decisions | 7720 | Deferred. |
| Evidence or Argument Concerning Expert Opinions that Exceed the Scope of Plaintiff's Experts' Rule 26 Expert Disclosures | 7720 | Deferred due to vagueness, except to the extent this has already been addressed in the Court's rulings on the parties' *Daubert* Motions. |
| Evidence or Argument Concerning Defendants' Corporate Intent, Motives, or State of Mind | 7720 | Granted in part and denied in part. The Court will allow factual evidence that may go to show intent, motive, or state of mind. |

| | | |
|---|---|---|
| Evidence or Argument Concerning Defendants' Corporate Integrity Agreements, Government Investigations or Settlements, or Any Other Alleged "Bad Acts" Unrelated to Taxotere | 7720 | Granted, unless the door is opened. |
| Evidence or Argument Concerning Specific Litigation Conduct | 7720 | Granted. |
| Evidence or Argument Concerning Alleged Fraud on the FDA | 7720 | Deferred due to vagueness. The Court notes that there are no allegations of fraud. |
| Evidence or Argument Concerning what Treatment Dr. Carinder Would Prescribe to Plaintiff Today | 7657 | Granted. The Court will only allow testimony as to alternate treatments available at the time of Earnest's treatment. |
| Evidence or Argument Concerning what Plaintiff Would Have Done differently if She Had Been Given Different Risk Information by her Prescribing Oncologist | 7657 | Denied. As previously ruled, the jury must decide whether the prescribing decision would have changed; this depends on the oncologist's conversations with Plaintiff and what risks Plaintiff was willing to accept. |
| Evidence or Argument Concerning Non-Expert Causation Testimony | 7657 | Deferred due to vagueness. |
| Evidence or Argument Concerning Plaintiff's Motive and/or Mental State | 7657 | Granted in part and deferred in part due to vagueness. The Court will allow testimony from others as to their observations of Plaintiff from which the factfinder may infer motive or state of mind. |

| | | |
|---|---|---|
| Evidence or Argument Referring to Sanofi as a "French" or "Foreign" Company | 7662 | Granted in part and denied in part. The Court will allow testimony establishing that Sanofi is a French corporation. The Court will not allow any improper inference or characterization relating to this fact. |
| Evidence Regarding Sanofi's Corporate Character and Good Acts | 7643 | Deferred due to vagueness. |
| Testimony and Argument that Plaintiff's Experts Have Not Publicized/Published or Submitted Their Opinions to the FDA or Any Other Organization | 7644 | Denied. |
| Testimony and Evidence Regarding "Stem Cell" Staining | 7645 | Dismissed as moot. In ruling on *Daubert* Motions, the Court has already ruled that Defendants can discuss this staining but cannot reference it as part of "failed study." |
| Testimony and Argument Regarding Plaintiff Counsel Advertisements | 7646 | Granted in part and denied in part. The Court will allow such testimony as it relates to Earnest only. |
| Defense Counsel from Commenting on or Discussing Certain Matters in the Presence of the Jury or Potential Jurors by Plaintiff | 7648 | Granted in part and denied in part. The parties are precluded from (1) referencing any settlement negotiations; (2) referencing the number of attorneys involved in the litigation; and (3) evoking sympathy due to litigation crisis or pharmaceutical costs. Parties are, however, allowed leeway in cross-examination to elicit bias and to argue that testimony is litigation-driven. |
| Evidence of Healthcare Costs and Insurance as a Collateral Source | 7650 | Granted in part and denied in part. The Court will allow questions regarding financing of Plaintiff's experts. |

| | | |
|---|---|---|
| Testimony and Evidence Regarding Other Individuals' Personal Use of Taxotere and Personal Experience with Cancer | 7661 | Deferred. |
| Evidence or Argument that the Alleged "High Toxicity" of Taxotere Causes or is Associated with Alopecia | 7664 | Dismissed as moot. As the Court discussed in ruling on *Daubert* Motions, Plaintiff cannot introduce testimony that Taxotere is "more toxic" than other chemotherapy drugs. If the door is opened, a conference should be held with the Court. |

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

- Defendants' First Omnibus Motion in Limine (Doc. 7720) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**, as set forth herein;

- Defendants' Second Omnibus Motion in Limine (Doc. 7657) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**, as set forth herein;

- Defendants' Motion in Limine to Preclude Evidence or Argument Referring to Sanofi as a "French" or "Foreign" Company (Doc. 7662) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiff's Motion in Limine to Preclude Evidence Regarding Sanofi's Corporate Character and Good Acts (Doc. 7643) is **DEFERRED**;

- Plaintiff's Motion in Limine to Preclude Testimony and Argument that Plaintiff's Experts Have Not Publicized/Published or Submitted Their Opinions to the FDA or Any Other Organization (Doc. 7644) is **DENIED**;

- Plaintiff's Motion in Limine to Preclude Testimony and Evidence Regarding "Stem Cell" Staining (Doc. 7645) is **DISMISSED AS MOOT**;

- Plaintiff's Motion in Limine to Preclude Testimony and Argument Regarding Plaintiff Counsel Advertisements (Doc. 7646) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiff's Motion in Limine to Preclude Defense Counsel from Commenting on or Discussing Certain Matters in the Presence of the Jury or Potential Jurors by Plaintiff (Doc. 7648) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiff's Motion in Limine to Exclude Evidence of Healthcare Costs and Insurance as a Collateral Source (Doc. 7650) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiff's Motion in Limine to Preclude Testimony and Evidence Regarding Other Individuals' Personal Use of Taxotere and Personal Experience with Cancer (Doc. 7661) is **DEFERRED**; and

- Defendants' Motion in Limine to Preclude Evidence or Argument that the Alleged "High Toxicity" of Taxotere Causes or is Associated with Alopecia (Doc. 7664) is **DISMISSED AS MOOT**.

New Orleans, Louisiana this 10th day of September, 2019.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE