UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |
| Barbara Earnest, Case No. 2:16-cv-17144. | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON RALPH EARNEST

Plaintiff Barbara Earnest was treated with three chemotherapy medicines from April 18, 2011 to August 24, 2011. Although Plaintiff has produced some photographs, she has produced no photographs of her hair composition from the nearly three-year period between December 2011 and November 2014, when the question of her baseline hair composition and medical records of initial hair regrowth are at issue.

Plaintiff raises two arguments in her motions to quash (Rec. Docs. 8222, 8224)—neither which has merit. First, Plaintiff repeatedly asserts that Defendants' subpoenas duces tecum must be quashed because the discovery deadline has passed. Plaintiff fails to mention, however, that the subpoenas seek photographs that Plaintiff has failed to produce, despite court ordered obligation, for over a year. *See* PTO 68, Rec. Doc. 1085 (Filed 11/09/17) ("each plaintiff shall produce representative photographs that have meaning and provide insight into her hair at times relevant to her case"); PTO 71A, Rec. Doc. 1531 (Filed 1/26/18) ("governing Plaintiff's identification, preservation, collection, and production of ESI" and obligating each plaintiff to "do reasonable searches" and "identify and collect potentially responsive ESI for counsel review," including photographs); Plaintiff's Fourth Amended Plaintiff Fact Sheet (PFS) § VI at 20 ("**YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION**

1

**DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN**"); § IX at 29 (requiring Plaintiff to produce, *e.g.*, all photographs in her possession that show her "alleged injury or its effect in [her] life") (attached as **Exhibit A**); Defendant's Third Set of RFPs (Nos. 3, 4, 5, and 13) (served 10/9/18) (attached as **Exhibit B**).  Despite these obligations, Defendants still lack any photographs from Plaintiff during the time described in the subpoenas and despite deposition testimony from Plaintiff and her husband suggesting that such photographs existed.  *See* Barbara Earnest Dep. Vol. I at 156:8–22 (describing one or two photo albums she has saved where she "probably" has pictures, including pictures of her mother); 157:5–20 (describing at least one shoebox with photographs she keeps in her home) (attached as **Exhibit C**); *see also* Ralph Earnest Dep. at 54:5–55:22; 59:10–18 (attached as **Exhibit D**).  Moreover, Plaintiff's motions to quash represent a tacit admission that the photographs exist but were never produced despite Plaintiff's obligations.  In a case such as this one, Plaintiff's photographs are some of the most probative pieces evidence of Plaintiff's injury.  Plaintiff's failure to comply with her discovery obligations relating to photographs is thus inexcusable.

Second, Plaintiff contends that the subpoenas must be quashed because Plaintiff lacks reasonable time to comply.  Defendants, however, served the subpoenas at issue on September 4, 2019.  Plaintiff has had the subpoenas for nearly two weeks now, which is ample time to start and complete the relatively simple process of locating the photographs sought—especially when Plaintiff lives in-state and only a short distance from the federal courthouse.

In sum, instead of complying with obligations under the PFS, PTO 68, and PTO 71A, or contacting Defendants immediately after the subpoenas were served, Plaintiff's counsel has waited

until the Friday afternoon before the eve of trial to file Motions to Quash to avoid producing documents which are highly relevant to the case.

For all the reasons stated above, the Court should deny Plaintiff's Motions to Quash.

Date:  September 13, 2019

                        Respectfully submitted,

                        */s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Jon Strongman
Harley Ratliff
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
jstrongman@shb.com
hratliff@shb.com

Hildy Sastre
**SHOOK, HARDY & BACON L.L.P.**
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: 305-358-5171
Facsimile:  305-358-7470
hsastre@shb.com

**Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.**