# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| BARBARA EARNEST       Plaintiff,v.SANOFI US SERVICES, INC., formerly known as SANOFI-AVENTIS U.S. Inc., and SANOFI-AVENTIS U.S. LLC,       Defendants. | )))))))))))))))  Civil Action No. 2:16-cv-17144 |

**DEFENDANT SANOFI-AVENTIS U.S. LLC'S THIRD SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
BARBARA EARNEST**

Defendant sanofi-aventis U.S. LLC, by and through undersigned counsel, hereby requests that Plaintiff Barbara Earnest answer the following document requests and produce the documents and things requested herein via the online MDL Centrality system, within thirty (30) days from service hereof, pursuant to Rule 34 of the Federal Rules of Civil Procedure. These document requests shall be deemed continuing in nature so as to require the provision of timely supplemental answers and production of documents if Plaintiff, or anyone on her behalf, obtains further information or responsive documents between the time the answers are served and the time of trial.

**INSTRUCTIONS AND DEFINITIONS**

1. "Plaintiff," means Plaintiff Barbara Earnest and any and all persons acting or purporting to act on her behalf.

2. "You" or "Your" refers to the person identified in the captioned action, her agents, representatives, attorneys and any other person, and/or businesses, partnership and enterprises in which Plaintiff has an interest and/or which are subject to Plaintiff's control.

1

3. "Defendant" or "Sanofi" means Defendant sanofi-aventis U.S. LLC and any present or former agent, employee, representative or other person acting for or on behalf of Defendant, including any predecessor corporations.

4. "Date" means the exact day, month, and year of an event if ascertainable or if not, your best approximation thereof (including its relationship to other events).

5. "Communication" means the transmittal of information or a request for information (in the form of facts, ideas, inquiries, or otherwise), whether by written, oral, electronic, or other means. Communications include, but are not limited to all discussions, conversations, meetings, conferences, telephone conversations, interviews, voicemails, negotiations, agreements, understandings, letters, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchanges, however transmitted or stored, including reports, notes, memoranda, lists, agendas and other records of communications.

6. "Concern" or "concerning" means referring to, describing, evidencing, constituting, pertaining to, containing, describing, embodying, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, or relating to.

7. "Document" is used in the broadest sense consistent with the terms of the Federal Rules of Civil Procedure, and includes, without limitation, every writing, record, photograph, piece of electronically stored information, and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, including without limitation: writings; correspondence; records; tables; charts; graphs; reports; notes;

telegrams; telexes; telefax transmittals; telecopy, facsimile or fax transmittals or transmissions; cables; messages; e-mails; electronic messages; electronically stored or transmitted documents; diaries; diary entries; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra- and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; memoranda, notes or jottings of telephone conversations, other conversations, discussions, agreements, acts, meetings, conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; work papers; minutes; affidavits; contracts; opinions; evaluations; analyses; studies; summaries; notices; agreements; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; any notes, summaries, or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. The term "documents" as used herein further means and includes the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

8. "Parties" means "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, as well as the party's agents, attorneys, representatives, or other entities or individuals acting or purporting to act on its (or her) behalf.

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Identify" means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including: (1)

the type of document; (2) the subject matter of the document; (3) the date of the document (including the creation date and dates of any revisions thereto); (4) the author(s) of the document; and (5) the addressee(s) of the document.

11. The use of the singular form of any word shall be deemed to include the plural and vice versa; words in the masculine, feminine or neuter shall include each of the other genders; the terms "all" and "each" shall be construed as "all and each"; the terms "and" and "or" shall be construed conjunctively and disjunctively to mean "and/or." The above definitions are intended to make the document requests inclusive rather than exclusive.

## INSTRUCTIONS

1. These document requests are deemed to be continuing in nature so as to require the prompt and timely filing of supplemental responses and provision of supplemental productions in the event that (1) Plaintiff obtains information upon the basis of which he knows that a response was in whole or in part incorrect when made, or though correct when made, is no longer entirely correct, or that the circumstances are such that a failure to amend the answer is in substance a negligent or knowing misrepresentation; or (2) Plaintiff locates, discovers, obtains, receives, or creates additional documents responsive to one or more of Defendants' document requests.

2. These document requests are directed toward Plaintiff, her agents, representatives, attorneys and any other person, and/or businesses, partnership and enterprises in which Plaintiff has an interest and/or which are subject to Plaintiff's control.

3. If any information or documents responsive to any of these document requests is withheld or redacted on grounds of privilege, set forth in complete detail each and every fact and ground upon which the privilege is based as to each document withheld or produced in redacted format, including the date, author, all addressee(s), email subject, file name and type, description

of the subject matter and form of the document, including attachments, as well as a statement of the basis for the privilege together sufficient for the parties and the Court to make a valid privilege determination as to each document withheld or redacted.

4. For each document you produce, identify the specific document request(s) to which the document is responsive.

5. You are requested to furnish all responsive information in your possession and all information available to you; not merely such information as you know of your own personal knowledge, but also all knowledge that is available to you, your representatives, attorneys, and agents by reason of inquiry including inquiry of their representatives.

6. In producing the documents requested, please furnish all documents within your possession, custody or control, regardless of whether such documents are possessed directly by you, your attorneys, agents, or representatives.

7. If any document requested is withheld pursuant to an objection, state the basis for the objection and provide all requested documents for which the objection does not apply.

8. If there is any document described in a request which once was, but is no longer in your possession, custody or control, indicate and identify: (1) the date and nature of the disposition of such document, including but not limited to whether the document is missing or lost, has been destroyed, or has been transferred to another person; (2) the circumstances surrounding the disposition of the document; and (3) any persons currently in possession, custody or control of such document.

9. All documents that exist in electronic format shall be produced with the associated metadata as required by Pretrial Order No. 71A. *See* PTO 71A (Doc. 1531), at ¶ 5.

10. If any document cannot be produced in full, please produce such document to the

extent possible, state the reason for the inability to produce the remainder of the document, and state whatever information, knowledge or belief you possess concerning the unproduced portion of the document, including but not limited to the specific contents and subject matter of the unproduced portion and the identity of any additional potential custodians of the document.

11. The time period for these document requests is from twelve years prior to the date of the Plaintiff's first chemotherapy treatment to the present, unless another time period is specifically stated in the document request.

12. Each page or sheet produced by you is to be marked with consecutive document control numbers. Any already existing bates numbers are considered responsive information and should not be obscured by document control numbers.

13. Photographs shall, to the extent they exist, be produced in their digital form with the associated metadata as required by Pretrial Order No. 71A. *See* PTO 71A (Doc. 1531), at ¶ 5.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in Defendant's Third Set of Interrogatories to Plaintiff Barbara Earnest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** A copy of any documents on the Plaintiff's computer relating to Taxotere® or docetaxel or any of Plaintiff's claims in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** A copy of any photographs posted to Facebook showing the Plaintiff or her head, hair, or injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All photographs in Plaintiff Barbara Earnest's possession, custody or control, taken within 5 years prior to initiation of her chemotherapy that show Plaintiff on her head, hair, or injury, including photographs stored digitally on any device or accessible to Plaintiff online.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All photographs in Plaintiff Barbara Earnest's possession, custody, or control, taken within the 5 years following her chemotherapy treatment that show Plaintiff or her head, hair, or injury, including photographs stored digitally on any device or accessible to Plaintiff online.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** A copy of all communications between the Plaintiff and any agent, employee, subsidiary or affiliate of Defendant or between the Plaintiff and any agent, employee, subsidiary or affiliate of the United States Food and Drug Administration.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents the Plaintiff reviewed in preparation for her deposition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** A copy of all documents and tangible things in Plaintiff's possession, custody or control that may refute Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications between Plaintiff Barbara Earnest and any colleague, researcher, scientist, healthcare provider, or any other individual regarding any assessment, research, information, treatment or potential treatment for or

concerning hair loss, including but not limited to research into potential treatments for hair loss associated with chemotherapy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents in Plaintiff's possession, custody or control related to hair loss, including but not limited to communications, medical records, medical or scientific literature, journalistic material, photographs, marketing material, scientific data, unpublished research, or other documentation of potential treatment for hair loss associated with chemotherapy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents in Plaintiff's possession, custody or control related to any injury or damages Plaintiff alleges in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents or tangible things in Plaintiff's possession, custody or control related to any diagnosis, treatment, or assessment of the injuries or damages Plaintiff alleges in this lawsuit, including but not limited to documents or things related to any scalp biopsy or other dermatological assessment, pathology report concerning injuries alleged in this lawsuit, or psychological or neuropsychological assessment of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents in Plaintiff's possession, custody or control relating to the effect of Plaintiff's alleged injury on Plaintiff, including but not limited to medical records, and photographs and videos and their associated metadata.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents in Plaintiff's possession, custody or control relating to

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All electronically stored information (ESI), as described in the Court's Pretrial Order No. 71A, that has not previously been produced, including but not limited to any such information generated since Plaintiff's ESI production on March 2, 2018.

**RESPONSE:**

Dated: October 9, 2018                    Respectfully Submitted:

/s/ *Kelly Bieri*
Kelly Bieri
SHOOK, HARDY, & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone:  816-474-6550
Facsimile:  816-421-5547
E-Mail:  kbieri@shb.com

***Counsel for sanofi-aventis U.S. LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, a true and correct copy of Defendant sanofi-aventis U.S. LLC's Third Set of Requests for Production to Plaintiff Barbara Earnest were served upon the following by email:

J. Kyle Bachus
Darin Schanker
BACHUS & SCHANKER, LLC
1899 Wynkoop St, Ste 700
Denver, CO 80202
Phone: (303) 893-9800
(303) 893-9900
Email: kyle.bachus@coloradolaw.net
dschanker@coloradolaw.net

*Attorney for Plaintiff*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
One Shell Square
701 Poydras St.
Suite 3650
New Orleans, LA 70139-3650
Phone: (504) 524-3300
Email: barrios@bkc-law.com
*Co-Liaison Counsel for Plaintiffs*

Matthew Palmer Lambert
Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Email: plambert@gainsben.com
*Co-Liaison Counsel for Plaintiffs*

Douglas J. Moore
Irwin Fritchie Urquhart & Moore, LLC
400 Poydras St.
Suite 2700
New Orleans, LA 70130
Phone: (504) 310-2100
Email: dmoore@irwinllc.com
*Attorney for Defendants*

10

/s/ *Kelly Bieri*
Kelly Bieri