**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                      **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                 **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**Carriene Nevin, Case No. 2:18-cv-01589.**

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF CARRIENE**
**NEVIN'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF APPEAL**

---

Defendants[1] oppose Plaintiff Carriene Nevin's Motion for Leave to File Amended Notice of Appeal.  (Rec. Doc. 8184.)

**PRELIMINARY STATEMENT**

This Court dismissed Plaintiff Carriene Nevin's case for her ongoing failures to comply with this Court's orders—despite being afforded ample time and generous extensions. Specifically, Ms. Nevin and her counsel failed to submit proof of treatment with Taxotere/docetaxel in the fifteen months between the time Ms. Nevin filed suit and when the Court dismissed the case.  Ms. Nevin, moreover, offered no cogent explanation for her delay in providing information that would support or refute the core of her claim, as required by the Plaintiff Fact Sheet ("PFS").

Ms. Nevin's pattern of unjustifiable delay and non-compliance with court rules continues

---

[1] Accord Healthcare, Inc.; Sandoz, Inc.; Hospira, Inc. and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.; Actavis Pharma, Inc. and Actavis LLC; Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.; McKesson Packaging Services, a division of McKesson Corporation; Sanofi-aventis U.S. LLC and Sanofi US Services, Inc. (collectively "Defendants").

1

even after the dismissal.  Now, Ms. Nevin seeks leave to amend her notice of appeal based upon a purported error in drafting the notice of appeal.  Ms. Nevin's counsel's oversight, however, does not support a finding of excusable neglect, especially in light of dilatory conduct that caused this case to be dismissed.  Ms. Nevin's request should be denied.

## PROCEDURAL HISTORY

Despite many warnings and opportunities to cure her PFS deficiencies, Ms. Nevin and her counsel simply failed to do so, without offering any credible explanation for their untimeliness. On May 23, 2019, this Court dismissed Ms. Nevin's case due to her ongoing failure—for more than fifteen months after filing her complaint—to comply with this Court's orders requiring that she submit proof of treatment with Taxotere/docetaxel.  (Rec. Doc. 7204.)  Before the April 4, 2019 Show Cause hearing, Defendants alerted Ms. Nevin in writing *on three separate occasions* of her failure to submit documents that would substantiate her use of Taxotere.  At the Show Cause hearing, Ms. Nevin was given an additional 30 days to cure this deficiency.  (Rec. Doc. 7459, at 3-4 (quoting Apr. 4, 2019 Hr'g Tr. at 43:24-44:16, 69:16-70:9).)   Ms. Nevin did not submit proof of use evidence within the Court's extension (or any time thereafter).  Ms. Nevin filed a motion to reconsider the dismissal order, which the Court appropriately denied on July 16, 2019.  (Rec. Docs. 7396 & 7635.)

On August 8, 2019, Ms. Nevin filed a notice of appeal from this Court's order denying Ms. Nevin's Motion for Reconsideration.  (Rec. Doc. 7871.)  On September 9, 2019, the Clerk of the Fifth Circuit dismissed Ms. Nevin's appeal for failure to prosecute because Ms. Nevin failed to comply with the Fifth Circuit's clear instructions about the requirements for filing a transcript order form.  (*In re: Taxotere Prod Liability*, No. 19-30631 (5th Cir.) Doc. 00515109113 ("App. Doc."); *see also* App. Doc. 00515082104, at 1-2.)  The next day, Ms. Nevin filed a motion to

reinstate her appeal, App. Doc. 00515112626, which the Clerk granted on September 12, 2019. Ms. Nevin now seeks leave to amend her notice of appeal.

## ARGUMENT

**I.     Ms. Nevin's Motion Should Be Denied Because Counsel's Error Does Not Support a Finding of "Excusable Neglect"**

Ms. Nevin's current failure to comply with court rules and procedure is not an isolated situation, but rather, part of a pattern of dilatory conduct and repeated non-compliance with court orders.  Excusing the problem *yet again* will not remedy it.  Ms. Nevin has not demonstrated sufficient justification for this error or otherwise excused any purported neglect.  Thus, Ms. Nevin's request should be denied.

### A.     Legal Standard

The requirements for filing a notice of appeal are straightforward.  A notice of appeal is required to "designate the judgment, order, or part thereof being appealed."  Fed. R. App. P. 3(c)(1)(B).  Further, the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  Under special circumstances, not present here, the district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).

To determine whether a party's neglect is excusable, the Court should consider the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993).  This decision is equitable in nature.  *Id.*  The Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect[.]'"  *Id.* at 392.  The Court further made clear that clients must be held accountable for their attorneys' conduct because clients cannot "avoid the consequences of the acts or omissions of [their] freely selected agent[s]."  *Id.* at 397 (internal quotation marks omitted) (holding that counsel's failure to file on time could be imputed to their clients).

### B.   Counsel's Error Does Not Support a Finding of Excusable Neglect

A purported error in drafting the notice of appeal is the sole ground upon which Ms. Nevin moves.  (Rec. Doc. 8183-3, at 5.)  Federal Rule of Appellate Procedure 3(c)(1)(B) required Ms. Nevin to "designate the judgment, order, or part thereof being appealed" in her notice of appeal.  Ms. Nevin failed to do so.  Counsel's error—which was solely within his control and appears to be the product of hasty lawyering—does not support a finding of excusable neglect.

The Fifth Circuit's opinion in *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998), is instructive.   In *Halicki*, the district court granted summary judgment for the defendants, after which the plaintiff, Halicki, had 30 days to file a notice of appeal.  *Id.* at 467. Mistakenly believing that he had additional time under Rule 6(e) because the judgment was served by mail, Halicki's counsel filed a Rule 59(e) motion two days late.  *Id.*  Thus, the time for filing a notice of appeal lapsed as the parties awaited a ruling on the Rule 59(e) motion.  *Id.*  The district court refused to extend Halicki's time to appeal.  *Id.*  The Fifth Circuit affirmed, holding that misreading Rule 6(e) to apply to judgments served by mail did not constitute excusable neglect under Federal Rule of Appellate Procedure 4(a)(5).  *Id.* at 469.  Applying the *Pioneer* factors, the court held that "a misconstruction of the rules—especially when their language is plain—will

rarely satisfy the 'excusable neglect' standard." *Id.* While "some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed." *Id.* at 470. Consequently, the nature of counsel's error "weigh[ed] heavily against a finding of excusable neglect." *Id.*

Under the Fifth Circuit's reasoning in *Halicki*, this Court should not find excusable neglect here. In that case, counsel missed a deadline and tried to seek relief because of his own faulty interpretation of an unambiguous rule of appellate procedure. The Fifth Circuit squarely rejected that argument as a basis for excusable neglect: "[When] the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline." *Id.* (internal quotation marks omitted). As in *Halicki*, the language of Rule 3(c)(1)(B) is straightforward. But, far from misinterpreting a rule of procedure, Ms. Nevin's counsel admits here that a "clerical error" occurred. (Rec. Doc. 8183-3, at 5.) The only concrete ground that he relies on for arguing that his neglect is excusable is that five three-page notices of appeal were filed on the same day. (*Id.* at 5, 13.) He studiously avoids disclosing to the Court whether he reviewed these notices of appeal before they were filed.

Further, the Fifth Circuit cases Nevin's counsel cites in support of amendment are distinguishable on their facts. In *Marshall v. Hope Garcia Lancarte, Inc.*, 632 F.2d 1196, 1197 (5th Cir. 1980), the Secretary of Labor included the incorrect *docket number* on a notice of appeal. The Fifth Circuit found that this error was excusable, in part because the docket number used was assigned to another case pending in the same district court between the same parties. *Id.* Unlike in this case, the notice of appeal in *Marshall* did not omit an order being appealed. *See id.* Likewise, in *Johnson v. Potter*, the Fifth Circuit affirmed a district court's decision to refuse to continue trial and to dismiss the case, noting that the plaintiff "had consistently disregarded [the

court's] orders and notices and that [her] failure to appear at trial was not an isolated incident." 364 F. App'x 159, 164 (2010) (unpublished) (per curiam).   *Johnson* supports this Court's discretion to deny amendment because of the history of delay and Ms. Nevin's disregard of the Court's orders and her discovery obligations.[2]

Ms. Nevin's argument that Defendants were "aware" of which orders she intended to appeal—but failed to include in her notice of appeal—is clearly incorrect.   (Rec. Doc. 8183-3, at 12.)   One need look no further than the fact that her co-Plaintiffs Jeffers and Clark have conceded that they are not appealing the underlying dismissal orders.   (*Id.* at 5.)   Defendants had no actual or constructive notice, and Ms. Nevin's strategy of arguing otherwise is only an effort to mislead. Following more than a year of delay and disregard for her discovery obligations and this Court's orders, Ms. Nevin should not be given any more latitude.

## **CONCLUSION**

In conclusion, the Court should deny leave to file an amended notice of appeal.

---

[2] Ms. Nevin also cites *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), a case in which amendment of a notice of appeal was not at issue.   In that case, the Fifth Circuit affirmed the district court's finding of excusable neglect where counsel accidentally entered the incorrect year into her new computer-based calendar.   *Id.*   Unlike in that case, Ms. Nevin's counsel has not averred that a technological mishap occurred.   Moreover, unlike in *Stotter*, counsel has not taken responsibility for this mistake or offered an adequate explanation for why it occurred.

Date:  September 17, 2019                    Respectfully submitted,


**TUCKER ELLIS LLP**
By: */s/ Julie A. Callsen*
Julie Callsen
Brandon D. Cox
950 Main Ave., Ste. 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
***Counsel for Defendant Accord Healthcare, Inc.***


**GREENBERG TRAURIG, LLP**
By: */s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100
***Counsel for Defendant Sandoz, Inc.***


**DECHERT LLP**
By: */s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
Three Bryant Park 1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
***Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.***


**ULMER & BERNE LLP**
By: */s/ Michael J. Suffern*
Michael J. Suffern
Kimberly L. Beck
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
***Counsel for Defendant Actavis Pharma, Inc. and Actavis LLC***

7

**HINSHAW & CULBERTSON LLP**
By: */s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelley
53 State Street, 27th Floor
Boston, MA 02109
Telephone: (617) 213-7000
Facsimile: (617) 213-7001
*for Defendant Sun Pharmaceutical Industries,*
*Inc. f/k/a Caraco Pharmaceutical Laboratories,*
*Ltd.*

**CHAFFE MCCALL, L.L.P.**
By: */s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
1100 Poydras Street
New Orleans, LA  70163
Telephone: 504-585-7000
Facsimile:  504-585-7075
E-Mail: olinde@chaffe.com
*505(b)(2) Defendants' Liaison Counsel*

**MORRISON & FOERSTER LLP**
By: */s/ Erin M. Bosman*
Erin M. Bosman
Julie Y. Park
12531 High Bluff Drive
San Diego, CA  92130
Telephone:    858.720.5100
Facsimile:    858.720.5125
*Counsel for Defendant McKesson Packaging*
*Services, a division of McKesson Corporation*

**GREENBERG TRAURIG, LLP**

By: */s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
E-mail : insognan@gtlaw.com
*as PFS Liaison Counsel for 505(b)(2) Defendant*

8

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Kelly G. Bieri
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
kbieri@shb.com

***Counsel for sanofi-aventis U.S. LLC and Sanofi
US Services Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2019, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to all counsel of

record.

*/s/ Douglas J. Moore*