UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                         SECTION "H" (5)
THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE EXPERT'S RELIANCE ON OR REFERENCE TO
THE AMERICAN CANCER SOCIETY BREAST CANCER DICTIONARY**

---

I.      INTRODUCTION

Plaintiff Barbara Earnest respectfully moves this Court to enter an *in limine* order excluding expert's reliance on or reference to the American Cancer Society breast cancer dictionary (attached as Exhibit A).

II.     ARGUMENT

**A.    The learned treatise exception to the hearsay rule does not apply.**

Statements in learned treatises, periodicals, or pamphlets are only admissible hearsay "if (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(13).  "Learned treatises are considered trustworthy because 'they are written primarily for *professionals* and are subject to scrutiny and exposure for inaccuracy, with the reputation of the writer at stake.'"  *Schneider v. Revici*, 817 F.2d 987, 991 (2d Cir. 1987) (emphasis added) (citing Fed. R. Evid. 803(18) advisory committee note).

The American Cancer Society document is obviously intended for laypersons and is not a "treatise" that serves as a resource for professionals. Dr. Kessler has already testified that the American Cancer Society provides information to the public (9/17/2019 Trial Tr. at 410:20-411:12, 435:21-436:7, 437:2-4), and that this hand-out "looks like it's meant for – it looks like a very useful document for the layperson." *Id.* at 437:7-12.  He further testified that he was "not sure any breast oncologist would rely on" the American Cancer Society breast cancer dictionary. *Id.* at 437:12-13.  The Court, then, cannot admit this document under the exception for learned treatise.

There is no other applicable hearsay exception or exemption. No expert witness in this case relies on the American Cancer Society breast cancer dictionary.  Further, Defendants "have not tendered any evidence to show that this article is so authoritative that it warrants judicial notice—an *exceptionally high bar* as it requires that the source's 'accuracy cannot reasonably be questioned.'" *Spears v. U.S.*, 2014 WL 3513203, at *5 (W.D. Tex. July 14, 2014) (emphasis added) (citing Fed. R. Evid. 201). Because this document is not unquestionably an authoritative document, it would not be proper for the Court to take judicial notice of its reliability.  *See Hemingway v. Ochsner Clinic*, 608 F. 2d 1040, 1047 (5th Cir. 1979) ("the trial court correctly ruled that [the text] could not be recognized by judicial notice, since it had been written by registered nurses"); *see also Spears*, 2014 WL 3513203, at *5 ("Plaintiffs have not tendered any evidence to show that this article is so authoritative that it warrants judicial notice–an exceptionally high bar as it requires that the source's 'accuracy cannot reasonably be questioned.'").  As such, there is no foundation for its admission, and it cannot be deemed reliable.  *See Schneider*, 817 F. 2d at 991; *see also Baker v. Barnhart*, 457 F.3d 882, 891 (8th Cir. 2006).

**B. Any probative value of such evidence is substantially outweighed by the danger of undue prejudice.**

Exclusion is also warranted because the American Cancer Society breast cancer dictionary is not relevant and is otherwise confusing, misleading, and unduly prejudicial. There is no evidence in record that any party (or the treating physician) has ever seen this document. But even if the document could be minimally relevant, it should nonetheless be excluded because it is unfairly prejudicial, confusing, and misleading. Fed. R. Evid. 403. The American Cancer Society's definition of alopecia is not at issue in this case. Rather, the fundamental issue in this case is whether Sanofi warned of the risk of permanent alopecia associated with Taxotere. The jury should not be misled into thinking otherwise.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her Motion *in limine* to exclude expert's reliance on or reference to American Cancer Society breast cancer dictionary.

Dated: September 19, 2019               Respectfully submitted,

/s/ Darin L. Schanker                    /s/ Rand P. Nolen
Darin L. Schanker                        Rand P. Nolen
Bachus & Schanker, LLC                   Fleming, Nolen & Jez, L.L.P.
1899 Wynkoop Street, Suite 700           2800 Post Oak Blvd., Suite 4000
Denver, CO 80202                         Houston, TX 77056
Phone: (303) 893-9800                    Phone: (713) 621-7944
Fax: (303) 893-9900                      Fax: (713) 621-9638
dschanker@coloradolaw.net                rand_nolen@fleming-law.com

*Counsel for Plaintiff, Barbara Earnest*   *Trial Counsel for the PSC*
*Trial Counsel for the PSC*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com


J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com



Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

| | |
|---|---|
| Lawrence J. Centola, III<br>Martzell, Bickford & Centola<br>338 Lafayette Street<br>New Orleans, LA 70130<br>Phone: (504) 581-9065<br>Fax: (504) 581-7635<br>lcentola@mbfirm.com | Karen Barth Menzies<br>Gibbs Law Group LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>Phone: 510-350-9700<br>Fax: 510-350-9701<br>kbm@classlawgroup.com |
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT