UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EXPERT'S RELIANCE ON OR REFERENCE TO THE AMERICAN CANCER SOCIETY BREAST CANCER DICTIONARY

The Court should deny Plaintiff's Motion. First, the American Cancer Society has been established as a reliable resource and is thus admissible under the learned treatise exception. *See* Fed. R. Evid. 803 (18). Indeed, the American Cancer Society's definition of alopecia is used and cited in Plaintiff's Exhibit 192—an exhibit on which Plaintiff repeatedly relies and which she has already published for the jury in her case in chief. Moreover, Plaintiff should not be permitted to arbitrarily block cross-examination by denouncing the reliability of a resource as "useful" only for the "layperson" when Plaintiff's own expert relies on similarly "lay" resources. *See Reilly v. Pinkus*, 338 U.S. 269, 275, 70 S. Ct. 110, 114, 94 L. Ed. 63 (1949) ("It certainly is illogical, if not actually unfair, to permit witnesses to give expert opinions based on book knowledge, and then deprive the party challenging such evidence of all opportunity to interrogate them about divergent opinions expressed in other reputable books."). For example, in his expert report, Dr. Kessler relies on the National Cancer Institute's Dictionary definition of "alopecia," which is the first link available on a google search for "alopecia definition cancer," and which contains an "About Cancer" section with links to "lay" resources such as "What is Cancer" and "Finding Health Care Services." *See* Kessler Report at 20 n.77.

1

<0l><0l></0l></0l>

Second, there is nothing confusing, misleading, or unduly prejudicial about the American Cancer Society's definition of alopecia, which largely mirrors the definition on which Plaintiff's expert relies.  *Compare* National Cancer Institute Dictionary of Cancer Terms (defining alopecia as "[t]he lack or loss of hair from areas of the body where hair is usually found. Alopecia can be a side effect of some cancer treatments") *with* American Breast Cancer Society Breast Cancer Dictionary (defining alopecia as "hair loss, which may include eyebrows, eyelashes, and even public hair.  This often happens as a result of chemotherapy . . . In most people, the hair grows back after treatment ends."). "'[U]nfair prejudice' in the context of Rule 403 'is not to be equated with testimony simply adverse to the opposing party ... [t]he prejudice must be 'unfair.'"  *In re M&M Wireline & Offshore Servs.*, LLC, No. CV 15-4999, 2017 WL 485985, at *8 (E.D. La. Feb. 6, 2017) (citing *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)).

Third, Courts routinely take judicial notice of dictionaries as "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201(b)(2).  *See Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio 2009) ("[A] dictionary is one of those sources whose accuracy cannot reasonably be questioned[.]"); *see also Comerica Bank v. Lexington Ins. Co.,* 3 F.3d 939, 944 (6th Cir.1993) (finding that the district court properly took judicial notice of a dictionary definition).

Finally, because another witness may testify to the reliability of the American Cancer Society's Breast Cancer Dictionary, the Court should, at minimum, defer a ruling on this issue until all experts have testified.  *See* Fed. R. Evid. 803 (18) (permitting reliability to be established by "admission of the witness or *by other expert testimony*.") (emphasis added).

Date: September 19, 2019

           Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &**
**MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*

3