UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE PLAINTIFFS'
THIRD AMENDED MASTER LONG-FORM COMPLAINT AND JURY DEMAND**

## I.     INTRODUCTION

Plaintiffs, through the Plaintiffs' Steering Committee ("PSC"), seek leave to file Plaintiffs' Third Amended Master Long-Form Complaint and Jury Demand ("Long-Form Complaint").[1] The proposed pleading does not add any new parties or causes of action; it instead provides more details about the actions and inactions that form the bases of already-existing causes of action, as learned through discovery. For example:

- The Long-Form Complaint describes in more detail the alleged deficiencies of the study supporting initial approval of Taxotere.[2]

- The Long-Form Complaint describes in more detail the condition of Permanent Chemotherapy Induced Alopecia.[3]

- The Long-Form Complaint describes in more detail the actions and inactions of Defendants that is alleged to have caused harm to the plaintiffs in this litigation in regard to the allegations of fraudulent concealment, including but not limited to Sanofi's marketing efforts.[4]

---

[1] The proposed pleading is attached as Exhibit 1.
[2] *See* Exhibit 1 at ¶¶ 125-126.
[3] *See id.* at ¶¶ 196-202.
[4] *See id. at* ¶¶ 133-143, 166-171, 235-244.

1

The amended pleading is not designed to raise new causes of action. Rather, it is designed to remove any doubt about the potential allegations involved in this litigation, which is especially important here, given the future bellwether trials and the fact that Plaintiffs are adopting a complaint that has not been updated to reflect discovery in this matter. Moreover, the reorganized, reworded, and/or new allegations in the Long-Form Complaint have been otherwise covered by more general language included in previous pleadings, or at a minimum addressed – through briefs, arguments, trials, or combinations of all three – at some stage in the proceedings. Defendants have been aware of each and every one of these allegations, and have taken efforts to defend against them, so there can be no genuine claim of unfair surprise or prejudice.

## II.  ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Indeed, the Fifth Circuit has interpreted this rule as evincing "a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). While decisions concerning leave to amend are at the sound discretion of the district court, the court must possess a "substantial reason" to deny such a request. *Id.*; *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998).

The Fifth Circuit adopts a five-factor test, as outlined by the Supreme Court, in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors,

the leave sought should be "freely given." *Id*. In the instant case, none of these factors are applicable, and as such, the amended pleading should be allowed.

Indeed, it would be an abuse of discretion to refuse to allow amendments such as those involved in this case, which do not raise a new cause of action, are not derived out of bad faith, and would not result in unfair surprise or prejudice to Defendants. For example, in *Dueling*, the Fifth Circuit reversed the trial court's denial of Plaintiffs' request for leave to amend, finding that the amendments posed no serious prejudice to the opponent and that delay alone is an insufficient basis for denial of leave to amend. *See Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 130 (5th Cir. 2015) (unpublished). Similarly, in *Dussouy*, the Fifth Circuit reversed the district court's denial of leave to amend because the new facts had been known to the defendants and would not have caused unfair surprise or prejudice, despite the plaintiff moving to amend one week prior to trial. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598-99 (5th Cir. 1981).

As stated above, the proposed pleading does not add any new parties or causes of action, but merely provide more specific allegations supporting the same theories of recovery of which Defendants already are aware. Thus, there is no unfair surprise or prejudice posed to Defendants, there is no undue delay, and there is no bad faith on the part of Plaintiffs. Amendments such as these should be liberally allowed under the Federal Rules, and since there are no factors applicable to justify a denial for leave, the court should allow leave to amend in the instant case.

### III. <u>CONCLUSION</u>

For these reasons, Plaintiffs respectfully request that this Court grant their motion for leave to file their proposed amended pleading.

Dated: October 8, 2019                                    Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura (CA Bar # 298541)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/ M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

4

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT