UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

         SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Barbara Earnest, Case No. 2:16-cv-17144

### SANOFI'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

On September 26, 2019, this Court entered the jury's verdict in favor of Sanofi (Rec. Doc. 8284). Sanofi now respectfully moves and urges that all costs incurred in the defense of this matter, as enumerated in the attached Bill of Costs and supporting Affidavit of Harley Ratliff, be assessed against Plaintiff Barbara Earnest, pursuant to Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(1). Sanofi submits that each and every item listed in the Bill of Costs and Affidavit was necessarily incurred in Sanofi's defense of this case and is properly taxable.

### I. COURT COSTS

The docket fee in the amount of $20.00 is authorized pursuant to 28 U.S.C. § 1923, which provides a $20.00 fee on trial in civil cases. This fee should be taxed against Plaintiff.

### II. TRANSCRIPT FEES

The deposition and trial transcript expenses identified in the Bill of Costs and Affidavit should also be taxed against Plaintiff. "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) [f]ees for printed and electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of deposition transcripts is within the parameters of § 1920(2) permitting fees of the court reporter, even though the deposition stenographer is not the official court reporter. *See United States v. Kolesar*, 313 F.2d 835, 837-38

1

(5th Cir. 1963). Similarly, trial transcript costs may be awarded under § 1920(2). *See J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 615–16 (5th Cir.), *modified on other grounds,* 790 F.2d 1193 (1985) (en banc), *aff'd,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Studiengesellschaft Kohle v. Eastman Kodak Co.,* 713 F.2d 128, 133 (5th Cir.1983); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982), *modified on other grounds,* 701 F.2d 542 (1983) (en banc), *overruled in part on other grounds, J.T. Gibbons,* 790 F.2d at 1195. The relevant inquiry is whether the transcript copies were "necessarily obtained or used in the case." *See id.*

Here, the transcript expenses identified in the Bill of Costs and Affidavit were, in fact, "necessarily obtained for use in the case," and thus are properly taxable. The deposition and trial transcripts were critical for preparation and presentation of the case for trial. *See Sun Ship, Inc. v. Lehman,* 655 F.2d 1311, 1318 n. 48 (D.C. Cir. 1981); *Allen v. U.S. Steel Corp.,* 665 F.2d 669, 697 (5th Cir. 1982). Accordingly, the full amount of these expenses, as set forth in the Bill of Costs and Affidavit, should be taxed against Plaintiffs.

### III.   EXPERT WITNESS COSTS

28 U.S.C. § 1920 provides that, "a judge or clerk of any court of the United States may tax as costs the following: . . . (3) fees and disbursements for . . . witnesses . . . ." The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821, which provides in relevant part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

. . .

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

Sanofi's expert witness, John A. Glaspy, incurred taxable expenses in connection with his attendance at trial, including statutory attendance fees, per diem and travel expenses. Dr. Glaspy's attendance was critical for the preparation and presentation of the case for trial. As such, Sanofi is entitled to recover these expenses listed in the Bill of Costs and Affidavit

## IV.    CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that the full sum set forth in the attached Bill of Costs and supporting Affidavit of Harley Ratliff be taxed against Plaintiff.

Date: October 10, 2019	Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*