UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO ALL CASES IDENTIFIED IN "EXHIBIT A" | |

_____

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS BARRED BY THE TEXAS STATUTE OF REPOSE**
_____

Texas's 15-year statute of repose bars the claims of the plaintiffs in **Exhibit A**. Those plaintiffs allege they received their Taxotere treatments in the late 1990s or early 2000s but did not file suit until over 15 years later. That timing is dispositive under Texas law, which provides "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b).

No discovery is necessary to decide this motion. The Court need only consider two dates: the date of each plaintiff's last Taxotere treatment (per the Short Form Complaint) and the date each plaintiff filed suit (a matter of judicial notice). For every plaintiff in Exhibit A, those two dates are over 15 years apart and therefore barred by the 15-year statute of repose. The only two statutory exceptions (warranty and latent disease) do not apply because (1) plaintiffs do not allege Sanofi ever warranted in writing that Taxotere has a useful safe life over 15 years; and (2) each plaintiff alleges her symptoms manifested within the 15-year window, making the latent-disease exception inapplicable. Accordingly, under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the cases in Exhibit A with prejudice.

## **LEGAL STANDARD**

"If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008). Thus, "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc*., 104 F.3d 773, 776 (5th Cir. 1997).

That principle applies with equal force to an affirmative defense based on the statute of repose. District courts in the Fifth Circuit and elsewhere have granted Rule 12 dismissals based on statute of repose in both individual cases and MDL settings. *See*, *e.g*., *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 (5th Cir. 2011) (affirming district court's order granting defendant's motion to dismiss based on Texas products liability statute of repose); *In re Fluoroquinolone Prod. Liab. Litig.*, 2017 WL 690188, at *6 (D. Minn. Feb. 21, 2017) ("the Texas–resident plaintiffs' claims are barred by the Texas statute of repose, and the Court will grant Defendants' motion to dismiss their claims"); *In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prod. Liab. Litig.*, 2017 WL 2362003, at *7 (S.D. Ind. May 31, 2017) (granting defendants' motion for judgment on the pleadings based on Texas products liability statute of repose); *Scarborough v. Bristol-Myers Squib Co.*, No. 6:07-cv-508, 2008 WL 11449424, at *2-3 (E.D. Tex. July 17, 2008) (dismissing plaintiff's claims under Rule 12(b)(6) where face of the complaint established claims were barred under Texas's statute of repose).

## **CHOICE OF LAW**

Texas substantive law (including choice of law) applies to the cases in Exhibit A. Each plaintiff in her Short Form Complaint alleges she was prescribed Taxotere/docetaxel and was injured in Texas. Although each case was direct filed in this MDL, "[c]ases that are directly filed in an MDL court are treated 'as if they were transferred from a judicial district sitting in the state where the case originated.'" *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 348 (5th Cir. 2017) (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)); *Wahl v. Gen. Elec. Co.*, 786 F.3d 491, 496 (6th Cir. 2015) ("the weight of authority has adopted *Yasmin*'s rule"); *see also* Pretrial Order No. 4 (Doc. 122) ("[direct filing] will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407").

Here, Texas law applies because Texas is the "originating state" (i.e. the state where the case originated) as each plaintiff alleges she was prescribed Taxotere/docetaxel and was injured in Texas. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011) ("the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug"); *In re Avandia Mktg., Sales Prac. & Prods. Liab. Litig.*, 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2012) (direct-filed cases "should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia"). Accordingly, under the authority cited above, Texas substantive law (including choice of law) applies to the cases in Exhibit A.

**ARGUMENT**

**I.      Texas's 15-Year Statute of Repose Bars Plaintiffs' Claims.**

Texas has a 15-year statute of repose for "product liability" actions,[1] which requires a plaintiff to "commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b).  The Fifth Circuit has concluded—based on the rules of statutory construction and the plain meaning of the statute—that the Texas statute of repose starts to run on "the ***date of first sale*** regardless of whether that sale is to a consumer." *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 (5th Cir. 2011) (emphases added).[2]

Unlike a statute of limitation, "awareness of injury is not a factor in determining when the time period of a statute of repose starts to run." *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 363 (5th Cir. 2005) (discussing Texas statute of repose).  Rather, "[s]tatutes of repose begin to run on a ***readily ascertainable date***, and unlike statutes of limitations, a statute of

---

[1] Meaning "any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories[.]"  TEX. CIV. PRAC. & REM. CODE § 16.012(a)(2). There is no dispute that plaintiffs' claims in this MDL are "product liability actions."  *See*, *e.g.*, *Scarborough v. Bristol-Myers Squib Co.*, 2008 WL 11449424, at *3 (E.D. Tex. July 17, 2008), report and recommendation adopted, 2008 WL 11449425 (E.D. Tex. Aug. 21, 2008) ("Plaintiff is suing a manufacturer of breast implants on theories of negligence and strict liability for injuries resulting from the allegedly defective implants, COMPL. ¶ 11-16, and therefore, Plaintiff's case fits the § 16.012(a)(2) definition of a 'products liability action.'")

[2] Section 16.012 is considered a retroactive law, and therefore the 15-year repose period affects claims arising from events that occurred prior to the law being in effect.  *See Burlington Northern & Santa Fe Ry. Co. v. Poole Chemical Co.*, 419 F.3d 355, 359 (5th Cir. 2005) (finding "the plain language of § 16.012 demonstrates that the Texas legislature intended for the 15-year repose period to apply retroactively").  The present version of § 16.012, effective on September 1, 2003, applies to all actions filed on or after July 1, 2003. TEX. CIV. PRAC. & REM. CODE § 16.012 historical note (Vernon 2008); Act of June 2, 2003, 78th LEG., R.S. ch. 204, § 23.02(c), 2003 TEX. GEN. LAWS 847, 899.

repose is not subject to judicially crafted rules of tolling or deferral." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286–87 (Tex. 2010) (emphases added).

Here, each of the cases listed in Exhibit A is barred by Texas's 15-year statute of repose. Exhibit A shows the relevant ascertainable start date; namely, each plaintiff in her Short Form Complaint alleged the <u>date of last Taxotere treatment</u> (which Defendants use here as a generous proxy for the "date of first sale," since the last treatment date is necessarily *after* the "first date of sale" of the Taxotere medication used for such treatment). Exhibit A also shows the <u>date each plaintiff filed her lawsuit</u>, which in all cases was over 15 years later and therefore too late under the 15-year statute of repose. To cite just three examples:

- **Deleese Blackmon** alleges her last Taxotere treatment was October 3, 1997, but she did not file suit until June 29, 2018, approximately 20.74 years later.

- **Barbara Stroud** alleges her last Taxotere treatment was August 4, 1998, but she did not file suit until March 21, 2019, approximately 20.63 years later.

- **Shirley Boykins** alleges her last Taxotere treatment was February 1, 1999, but she did not file suit until June 28, 2018, approximately 19.41 years later.

All the cases listed in Exhibit A involve a similar fact pattern. All those cases, therefore, are barred by the 15-year statute of repose.

**II.    No Statutory Exceptions Apply to Save Plaintiffs' Untimely Claims.**

There are only two exceptions to Texas's statute of repose, and neither applies here.

**A.    Express-Warranty Exception – § 16.012(c)**

The express-warranty exception applies "[i]f a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years." TEX. CIV. PRAC. & REM. CODE § 16.012(c). Here, there is no allegation—including in the operative Master Complaint or

5

the respective Short Form Complaints—that Defendants expressly warranted in writing that Taxotere has a useful safe life over 15 years.[3] Accordingly, no plaintiff in Exhibit A can claim the express-warranty exception. *See*, *e.g.*, *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 816 (E.D. Tenn. 2019) (applying Texas law) ("To prevail, the party seeking the benefit of the § 16.012(c) exception needs to show the 'manufacturer' or 'seller' made a written, express warranty. Plaintiff has not done so, and therefore cannot claim the exception.").

### B.     "Latent disease" Exception – § 16.012(d)

The so-called "latent disease" exception applies when a claimant establishes the three elements in section 16.012(d):

> (1) the claimant was exposed to the product that is the subject of the action before the end of 15 years after the date the product was first sold;
>
> (2) the claimant's exposure to the product caused the claimant's disease that is the basis of the action; and
>
> (3) the symptoms of the claimant's disease did not, before the end of the 15 years after the date of the first sale of the product by the defendant, manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury.

As to the third element, the latent-disease exception does not apply when the symptoms of claimant's disease are apparent within the 15-year window. *See*, *e.g.*, *Brown*, 376 F. Supp. 3d at 819 (latent-disease exception not applicable "[b]ecause Plaintiff has admitted the symptoms were immediately apparent"). Further, based on "the plain language of § 16.012(d), the separation in time between the exposure to the product and the resulting harm is immaterial. The relevant

---

[3] In fact, the Court dismissed the Express Warranty claim (Count VIII) in its entirety after Plaintiffs "elected not to file supplemental briefing or an amendment related to the allegations supporting [the Express Warranty claim in the Master Complaint] . . . ." (Doc. 877-1).

consideration is whether there was a gap between when the injury occurred, and when the harm became apparent." *Id.* at 818–19.

Here, based on the facts alleged in their respective Short Form Complaints, none of the plaintiffs in Exhibit A can establish the third element. No plaintiff alleges that during the 15-year window the symptoms of her alleged injury were not apparent or did not "manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury."

To the contrary, based on the allegations in the Master Complaint, each plaintiff alleges awareness of her symptoms (i.e. "an absence of or incomplete hair regrowth") as soon as "six months beyond the completion of chemotherapy." Second Amended Long Form Master Complaint ¶ 181. Each plaintiff alleges she "struggled to return to normalcy [...] because an integral element of [her] identity, [her] hair, never returned," and that this "acts as a permanent reminder" of her cancer, *id.* at ¶ 6, and creates continual awareness of the symptoms, as "women who suffer from alopecia have a heightened awareness of their appearance;" alopecia can "heighten an individual's everyday awareness that she has or had cancer;" and she remains "stigmatized with the universal cancer signifier—baldness—long after [she] underwent cancer treatment." *Id.* at ¶¶ 215−17, 6. The damages each plaintiffs seeks turn on the obviousness of the symptoms, including damages for negative body image and identity, which plaintiffs claim hinder relationships and shape others' perceptions of her. *Id.* at ¶¶ 6, 214–215. Thus, based on their own allegations, each plaintiff's symptoms manifested and were plainly visible and apparent within the 15-year window, making the latent-disease exception inapplicable. Because plaintiffs' claims are facially outside the 15-year window and no exception applies, the Texas statute of repose bars their claims.

## CONCLUSION

In MDLs, "many cases are filed with little regard for the [limitations period]." *See In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. 4:08-md-2004, 2016 WL 4705827, at *1 (M.D. Ga. Sept. 7, 2016). Thus, MDL courts often "need to consider approaches that weed out non-meritorious cases early, efficiently, and justly." *Id.*[4] This motion provides a straightforward mechanism for achieving this important result in at least 19 cases that should never have been filed because they are barred by the Texas statute of repose. Accordingly, this Court should dismiss the claims of plaintiffs identified in **Exhibit A**.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-47p4-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC*

---

[4] *See, e.g., In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 359 (S.D.N.Y. 2014) (dismissing MDL Plaintiff's claims as barred by the statute of limitations); *In re Mirena IUD Prod. Liab. Litig.*, No. 13-cv-3383, 2015 WL 144214, at *11 (S.D.N.Y. Jan. 9, 2015), *aff'd sub nom. Medinger v. Bayer Healthcare Pharm. Inc.*, 667 F. App'x 321 (2d Cir. 2016) (dismissing additional MDL claims from Louisiana, California, Oklahoma, and Ohio under reasoning of previous order).

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record who are ECF participants.

/s/ *Douglas J. Moore*