IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 19-30631
_____

IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

-------------------------------------------------------------------------------------------------

JULIE CLARK,

       Plaintiff - Appellant

v.

SANOFI-AVENTIS, U.S., L.L.C.; SANOFI U.S. SERVICES,
INCORPORATED, formerly known as Sanofi-Aventis U.S., Incorporated

       Defendants - Appellees

_____

RENEE JEFFERS,

       Plaintiff - Appellant

v.

SANOFI-AVENTIS, U.S., L.L.C.; SANOFI U.S. SERVICES,
INCORPORATED, formerly known as Sanofi-Aventis U.S., Incorporated,

       Defendants - Appellees

_____

CARRIENE NEVIN,

   Plaintiff - Appellant

v.

SANOFI-AVENTIS, U.S., L.L.C.; SANOFI U.S. SERVICES, INCORPORATED, formerly known as Sanofi-Aventis U.S., Incorporated; ACCORD HEALTHCARE, INCORPORATED; HOSPIRA, INCORPORATED; HOSPIRA WORLDWIDE, L.L.C., formerly known as Hospira Worldwide, Incorporated; MCKESSON CORPORATION, formerly known as McKesson Packaging; SANDOZ, INCORPORATED; SUN PHARMA GLOBAL FZE; SUN PHARMACEUTICAL INDUSTRIES, INCORPORATED, formerly known as Caraco Pharmaceutical Laboratories, Limited; PFIZER, INCORPORATED; ACTAVIS PHARMA, INCORPORATED; ACTAVIS, L.L.C., formerly known as Actavis, Incorporated,

   Defendants - Appellees

_____

DEBORAH PURNELL,

   Plaintiff - Appellant,

v.

ACCORD HEALTHCARE, INCORPORATED; HOSPIRA, INCORPORATED; SANDOZ, INCORPORATED; SUN PHARMA GLOBAL FZE; HOSPIRA WORLDWIDE, L.L.C., formerly known as Hospira Worldwide, Incorporated; MCKESSON CORPORATION, doing business as McKesson Packaging; SANOFI U.S. SERVICES, INCORPORATED, formerly known as Sanofi-Aventis U.S., Incorporated; SANOFI-AVENTIS, U.S., L.L.C.; SUN PHARMACEUTICAL INDUSTRIES, INCORPORATED, formerly known as Caraco Pharmaceutical Laboratories, Limited,

   Defendants - Appellees

_____

Appeals from the United States District Court
for the Eastern District of Louisiana

_____

O R D E R :

The Court of Appeals understands the record in this case is extremely voluminous. The court is concerned transporting and working with a record of this enormity would unnecessarily delay the resolution of this appeal.

Therefore, the parties are directed to assist the court by designating those portions of the record relevant to the pending appeal. The parties should attempt to agree on which documents should be included and should file a joint designation. If there are documents the plaintiff(s) believe should be included but the defendant(s) do not agree to, the plaintiff(s) may file a supplemental designation, and vice versa.

The parties are instructed to file the joint designation and (only if necessary) supplemental designations as soon as practicable but in no instance later than 14 days after the date of this order with the clerk of the District Court.

The District Court will construct the Record on Appeal based on the designation of the parties and supplemental designations if necessary.

> LYLE W. CAYCE, CLERK
> United States Court of Appeals
> for the Fifth Circuit
> /s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT