## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                    SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Barbara Earnest, Case No. 2:16-cv-17144

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS AGAINST PLAINTIFF BARBARA EARNEST

Plaintiff, Barbara Earnest filed her lawsuit against Defendants, sanofi-aventis U.S. LLC and Sanofi US Services Inc. ("Sanofi" or "Defendants"), in the instant multidistrict litigation on December 12, 2016.  Mrs. Earnest was selected as a potential bellwether plaintiff as it relates to the Sanofi Defendants and her case underwent Phase I and Phase II discovery, depositions, expert discovery, motion practice, pre-trial proceedings, and eventually a two-week jury trial that resulted in a defense verdict on September 26, 2019.  A motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure was filed by Mrs. Earnest and is currently pending.  Defendants now seek to have the sum of $56,881.91 taxed against Mrs. Earnest.  Plaintiff submits that the awarding of costs in this matter is unwarranted under the circumstances, not supported by proper documentation, and premature.

### LAW AND ARGUMENT

"[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991).  According to the Fifth Circuit, a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the following factors is met: "(1) the losing party's limited financial resources; (2) misconduct by the

prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).  Here, there is no dispute that Mrs. Earnest brought her lawsuit in good faith, and because Mrs. Earnest meets at least four of the listed factors, as detailed below, Defendants' motion should be denied.

First, Mrs. Earnest is a cancer survivor and person of limited means.  Mrs. Earnest has not been employed since 2005 and relies upon the retirement income provided by her husband, Ralph Earnest, Sr.  It is abundantly clear that Mrs. Earnest is ill-equipped and unprepared to pay the tens of thousands of dollars in costs sought by Sanofi.

Second, although the exact parameters of the conduct comprising "misconduct by the prevailing party" are not particularly defined by the jurisprudence, "[m]isconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing parties…." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 540 (5th Cir. 1990).  Sanofi engaged in tactics that were abusive of the trial process including repeatedly violating this Court's evidentiary rulings during the course of the trial.  As a result of Sanofi's behavior, this Court had to deliver several curative instructions to the jury and Mrs. Earnest was forced to move for a mistrial.  Mrs. Earnest has also moved for a new trial due to the serious and prejudicial nature of Sanofi's violations at trial.

Third, unsettled and complex legal and factual issues were presented at trial.  Mrs. Earnest sought damages for permanent chemotherapy-induced alopecia caused by her use of Taxotere.  The jury found against Mrs. Earnest as it relates to specific causation, but there was no finding that Sanofi properly warned of the risk of permanent chemotherapy-induced alopecia associated with Taxotere.  Indeed, the evidence demonstrates that such a warning was never

made by Sanofi in 2011 when Mrs. Earnest was administered Taxotere.  As the Court is aware, the warnings were only added to the Taxotere label in 2015, which is four years after Mrs. Earnest took the drug.  It can still be fairly argued that Sanofi failed to disclose and concealed the known risks of Taxotere to physicians, healthcare providers, and patients in the United States despite a duty to warn of those very risks and that issue remains undecided.  Indeed, a Sanofi document conceding that the 2015 label change should have occurred four (4) years earlier (i.e., in 2011 when Mrs. Earnest was prescribed the drug) was excluded from evidence.  A number of close and difficult matters were weighed by the trier of fact in this case and the outcome was neither certain nor guaranteed.

Fourth, Mrs. Earnest's case provided a great value to the public, this Court, and the parties, "The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).  As explained by the Manual for Complex Litigation, the benefits and costs of a bellwether trials are not the same as in a single plaintiff case:

> If individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. Some judges permit the plaintiffs and defendants to choose which cases to try initially, but this technique may skew the information that is produced. To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of cases. Test cases should produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis, and what range of values the cases may have if resolution is attempted on a group basis.

Manual Complex Lit. § 22.315 (4th ed.).

Mrs. Earnest was one case among a handful of bellwether cases selected with the express purpose of identifying and examining common questions of law and fact. The pretrial litigation and trial of Mrs. Earnest's case provides guidance on issues relevant to the entire MDL and the thousands of cases that have been transferred to the MDL to date. Mrs. Earnest subjected herself to the burdens of bellwether discovery and trial not experienced by any other plaintiff in this MDL to date and fully cooperated with this Court's orders. It would be unfair to require a financially challenged plaintiff to personally bear the full and sole costs of a bellwether trial when participation was ordered by the court and was designed to benefit to MDL's evaluation of common pretrial proceedings generally. This Court has the inherent authority to allocate costs equitably to prevent the heavy onus of common issue costs falling solely on an individual bellwether plaintiff's shoulders particularly when Sanofi agreed to the creation of an MDL as well as coordinated and consolidated pretrial proceedings including the bellwether process.

Finally, Sanofi is a large, multinational pharmaceutical corporation with significant financial resources and will not be unduly burdened by the costs expended in this matter[1]. Moreover, Defendants have failed to provide any details regarding the costs for deposition transcript fees, trial transcript fees, and expert witness costs (Dr. John Glaspy). The prevailing party is not entitled to reimbursement for costs such as expedited transcripts or witness fees and allowances in excess of that permitted by 28 U.S.C.A. § 1821. *Fogleman v. ARAMCO (Arabian Am. Oil Co.*, 920 F.2d 278, (5th Cir. 1991) (finding added cost of obtaining a transcript on an expedited basis is not ordinarily taxable). Defendants have not itemized the costs so it is impossible to determine whether the transcripts were expedited or whether the airfare and local transportation costs are proper. For example, the cost associated with first class travel is not

---

[1] According to public documents, Sanofi's revenue for 2018 was approximately $37 billion.

taxable because travel must be at the "most economical rate available." 28 U.S.C.A. § 1821(c)(1).   Defendants have not met the burden of supporting the costs requested with particularity and should not be entitled to reimbursement of those costs.

CONCLUSION

Given the totality of the circumstances, Mrs. Earnest respectfully requests that this Court use its vast discretion and equitable powers to deny costs to Defendants.  Alternatively, if the Court elects to exercise its discretion to award any costs, Mrs. Earnest respectfully asks that the Court disallow any costs not described by Defendants with particularity and/or reduce costs to an amount that does not pose a personal financial hardship to Mrs. Earnest.  In the alternative, the fact that Plaintiff Earnest's Motion for New Trial remains pending indicates that the instant costs assessment motion is not ripe for consideration, the interests of equity and judicial economy would be best served by delaying a ruling on the instant motion until the motion for new trial and (if necessary) any appeal from the judgment is resolved.

Dated: October 29, 2019                              Respectfully submitted,

*/s/ Christopher L. Coffin*                            */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.    Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505               GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                 6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                             Los Angeles, California 90045
Fax: (504) 355-0089                                  Telephone: 510-350-9700
ccoffin@pbclawfirm.com                         Facsimile: 510-350-9701
                                                              kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*

                                                              *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS