# EXHIBIT A




October 15, 2019

Kelly G. Bieri

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
kbieri@shb.com

VIA ELECTRONIC EMAIL

Betsy Barnes
Morris Bart, LLC
601 Poydras St., 24th Floor
New Orleans, LA 70130
Email: bbarnes@morrisbart.com

Dawn M. Barrios
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Email: barrios@bkc-law.com

M. Palmer Lambert
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Email: plambert@gainsben.com

**Re: Bellwether Plaintiff Sheila Crayton**

Dear Counsel:

In preparation for trial set for March 2020, we write to follow-up on outstanding items from discovery in the *Crayton* case. Please supplement your written responses and produce each of the items and information identified below by **Monday, October 21**. If you object to providing complete written discovery responses or producing any of the items or information, please state the basis for your objection in writing by **Friday, October 18**, and provide your availability on **Monday, October 21** to meet and confer on these issues.

## I. Photographs

As you are aware, the Court-ordered Plaintiff Fact Sheet requires production of all medical diagnoses of Plaintiff's alleged hair loss injury, as well as dated photographs from before, during, and after chemotherapy.[1] The Court

[1] *See* PFS Section VI, Claim Information; PFS Section IX, Document Requests and Information (requiring Plaintiff to "[p]roduce **all documents in your possession**" responsive to the PFS, including all "[p]hotographs [...] or any other media that show your alleged injury or its effect in your life."






consistently articulates this requirement in terms of photographs taken within five years of chemotherapy treatment, as underscored in the Court's Pretrial Order No. 71A,[2] and court-approved written discovery requests propounded upon Ms. Crayton.[3] In searching for and producing photographs, plaintiffs and their counsel are specifically instructed to consider all sources to which Plaintiff has access, including photos posted on social media and photos on family members' phones.[4]

Even as she prepares for trial set less than six months from today, Ms. Crayton has not produced or reported any medical diagnosis of injury, nor has she produced a single photograph from within five years prior to or five years following her chemotherapy treatment. Indeed, **Ms. Crayton has not produced any photographs dated between 1996 and the beginning of her chemotherapy treatment twelve years later in 2008, nor any photos dated between her treatment and the filing of her lawsuit eight years later in 2016**.[5] Simply put, Ms. Crayton has not produced evidence of her alleged injury as required and described by the Court's orders in this MDL.

Moreover, Ms. Crayton has failed to produce photographs identified in her deposition within her possession, custody, and control. *See* Dep I. Tr. (Sept. 19, 2018) 44:17-45:14 (identifying four recent photographs on phone); 82:17-83:4 (referencing photos from 2007); 83:23-84:8 (referencing photos taken between 2008 and 2016). These and all photos of Ms. Crayton from five years prior to her chemotherapy treatment to present should be produced.

Ms. Crayton's status as trial plaintiff makes it particularly critical that she produce all photographs showing her head or hair during this time period, including all photographs that exist of Ms. Crayton during or after her

---

[2] PTO No. 71A requires Plaintiff to search for, review and produce "photographs within 5 years prior to chemotherapy, which depict Plaintiff's hair prior to treatment with Taxotere," and "current photographs, which demonstrate plaintiff's current hair loss following treatment with Taxotere." PTO No. 71A (Doc. 1531-1) at Ex. A, 3. In searching for and producing photographs, Plaintiffs and their counsel are specifically instructed to consider all sources to which Plaintiff has access, including photos posted on social media and photos on family members' phones. PTO No. 71A (Doc. 1531-1) at Ex. A.

[3] *See, e.g.*, Sanofi's First Set of RFPs to Plaintiff Crayton Nos. 3, 4, 5, 6, 14 and 15. Magistrate Judge North has expressly authorized these type of requests and instructed Plaintiffs to respond. *See* Hr'g Tr. 5:12-14; 5:17-20 (March 28, 2018).

[4] PTO No. 71A (Doc. 1531-1) at Ex. A.

[5] Ms. Crayton testified that the two photos from 2008 that she has produced depict her appearance after beginning treatment with Adriamycin and Cytoxan, but before treatment with Taxotere. *See* Dep I. Tr. (Sept. 19, 2018) 71:25-72:10.






chemotherapy treatment. This necessarily includes all photos of Ms. Crayton taken between her November 6, 2018 deposition and today—including photos on her own phone, her children's or family members' phones, or in any other location available to her.

Photographs satisfying Ms. Crayton's basic discovery obligations have not been produced, despite previous correspondence and the continuation of her initial deposition among other reasons, to address missing and mis-dated photographs, and photos incorrectly identified as Ms. Crayton in MDL Centrality. *See, e.g*., Letter from Ms. Bieri to Ms. Barrios dated Sept. 26, 2018 (attached as Ex. 1); Email from Ms. Bieri to Ms. Godshall dated October 16, 2018 (Ex. 2) In light of this history, counsel for Plaintiff should conduct and attest to a personal search along with Ms. Crayton for <u>all</u> responsive photographs and documents in Plaintiff's possession, as well as to efforts to obtain photographs from other family members or friends who may have them.

Given the importance of such evidence, and counsel's compliance without objection to the same request in advance of trial 1, we do not anticipate any objection to such production. Please produce all such photographs by Friday, October 18, 2019, or provide your availability to meet and confer on Monday, October 21.

## II. <u>Additional Responsive Documents Identified At Deposition</u>

In her deposition of September 19, 2018, Ms. Crayton and her counsel referred to several "books, printouts and pamphlets" pertaining to her chemotherapy treatment and lawsuit claims that were in her possession but had not been produced. *See, e.g*., Dep I. Tr. (Sept. 19, 2018) 137:7-18 (referring to nursing books mentioning chemotherapy); 141:25-145:4 (referring to a grey and pink book, an internet printout, and approximately five pamphlets from Dr. Sekar reviewed by Plaintiff prior to chemotherapy); 251:13-252:4 (referencing pamphlets); 149:11-14 (counsel discussing production of "books, printouts and pamphlets"). While some additional materials were uploaded to MDL Centrality in advance of Ms. Crayton's continued deposition of November 6, 2018, the specific books, pamphlets, and printout referenced in her first deposition were never produced (or never identified as part of any production). *See* MDL Centrality Doc. Nos. 245342-245348 (produced Oct. 2, 2018) (including six items, at least five of which are books, and none of which are grey and pink or fairly described as internet printouts). These materials must be produced. Moreover, given the previous failures to produce all responsive materials, counsel for Plaintiff should conduct and attest to a search along with Ms. Crayton for <u>all</u> responsive materials and documents in Plaintiff's possession. *See* Dep I. Tr. (Sept. 19, 2018) 149:11-24 (counsel offering to "send someone out there" to search for materials, but abandoning idea in light of Ms. Crayton's statement that she could not describe the location of the materials to






a third party).

## III. Written Discovery

Sanofi identifies the following deficiencies in Plaintiff's written discovery responses, and requests supplemental responses pursuant to the continuing nature of the requests. *See* Sanofi's First Set of Requests for the Production of Documents to Plaintiff Sheila Crayton at 1 ("These document requests shall be deemed continuing in nature so as to require the provision of timely supplemental answers and production of documents if Plaintiff, or anyone on her behalf, obtains further information or responsive documents between the time the answers are served and the time of trial"); Sanofi's First Set of Interrogatories to Plaintiff Sheila Crayton at 1 (same).

### A. First Requests for Production of Documents

**Request No. 1:** This request asks Plaintiff to produce written reports, diagnoses, statements or opinions from Plaintiff's physicians that causally relate Plaintiff's claimed injury(ies) to her use of Taxotere. Plaintiff does not assert any objections to this request. However, instead of identifying any specific responsive documents (or indicating that none exist), Plaintiff generically directed Sanofi to "see records already produced and in MDL Centrality." Plaintiff's reference, in wholesale fashion, to the over ten thousand of pages of medical records on MDL Centrality, is no response at all. Plaintiff should identify and produce documents response to the request or state that none exist. Plaintiff's current response does not permit identification in any manner.

**Request No. 3:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 4:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 5:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 6:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 9:** This request asks Plaintiff to produce documents Plaintiff reviewed in preparation for her depositions. Instead of identifying any specific responsive documents (or indicating that none exist), Plaintiff generically responded that "any and all documents identified as having been reviewed prior to the deposition have been previously produced." This is no response at all. Plaintiff should identify and produce documents responsive to the request

or state that none exist. Plaintiff's current response does not permit identification in any manner.

**Request No. 10:** This request seeks a copy of documents and things that Plaintiff may use to support her claims. Plaintiff asserts no objection to this request. However, instead of substantively responding, Plaintiff generically refers to all documents produced in the litigation. Plaintiff further represents that "[i]f and when Plaintiff is selected for Phase II under CMO 14 Plaintiff will amend in due course." Despite that Plaintiff was selected for Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, she has failed to provide a response to this request.

**Request No. 12:** This request asks Plaintiff to produce medical literature she believes supports her position on issues in this litigation. Plaintiff did not object to this request. Instead, Plaintiff states that "[i]f and when Plaintiff is selected for Phase II under CMO 14 Plaintiff will amend in due course." Despite that Plaintiff was selected for Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, she has failed to provide a response to this request.

**Request No. 14:** This request seeks documents in Plaintiff's possession related to hair loss or potential treatment for hair loss associated with chemotherapy. Plaintiff does not object to this request. Instead, Plaintiff, in contradictory fashion responds both (1) "no documents responsive to this request" and (2) "all documents have been previously produced." To the extent Plaintiff has documents responsive to this request that she believes have been previously produced, those should be referred to in a fashion that allows defendant to identify them. Plaintiff's current response does not permit identification in any manner.

**Request No. 15:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

### B. First Interrogatories

**Interrogatory No. 5:** This interrogatory asks for the name and contact information of individuals Plaintiff believes are likely to have discoverable information that she may use to support her claims, along with the subjects of such information. Plaintiff objected to the request as premature because Plaintiff "has not been selected as a trial plaintiff by the Court under CMO 14 to go through Phase II discovery." Given that Plaintiff was selected to go through Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, Plaintiff's objections should be withdrawn and any information withheld subject to her objections should be provided. Further, Plaintiff's supplemental response should include






all individuals Plaintiff believes are likely to have discoverable information that she may use to support her claims, along with the subjects of such information, and should not be limited to individuals with whom Plaintiff has purportedly had contact and/or communication regarding potential treatment for her hair loss.

**Interrogatory No. 6:** This interrogatory asks Plaintiff to identify persons with whom she has had contact or communication concerning hair loss or potential treatment for hair loss, and to provide the date(s), method and a description of the contact or communication, as well as the last known contact information for that person. Plaintiff objected to the request as premature because Plaintiff "has not been selected as a trial plaintiff by the Court under CMO 14 to go through Phase II discovery." Given that Plaintiff was selected to go through Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, Plaintiff's objections should be withdrawn and any information withheld subject to Plaintiff's objections should be provided.

**Interrogatory No. 8:** This interrogatory asks Plaintiff to identify persons with whom she has communicated regarding injuries alleged in this lawsuit and seeks specific information regarding identified communications. Plaintiff objected to the request as premature because she "has not been selected as a trial plaintiff by the Court under CMO 14 to go through Phase II discovery." Given that Plaintiff was selected to go through Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, Plaintiff's objections should be withdrawn and any information withheld subject to Plaintiff's objections should be provided.

**Interrogatory No. 9:** This interrogatory asks Plaintiff to state whether she contends that a different chemotherapy regimen would have been more appropriate to treat her cancer in 2008 and if so, to identify it. Plaintiff responds "yes," but does not state what regimen she believes would have been more appropriate. Plaintiff should clearly state what, if any, regimen she believes would have been more appropriate to treat her cancer.

**Interrogatory No. 13:** Interrogatory No. 13 asks Plaintiff to identify persons who have information regarding her claimed injuries and damages, and to identify their contact information, relationship to Plaintiff and the nature of the information known by such persons. Plaintiff generically objected to this interrogatory as premature and more specifically objected on the grounds that she had not been selected to go through Phase II discovery or nominated as a trial plaintiff. Given that Plaintiff was selected to go through Phase II discovery on January 29, 2019, and was also identified as one of the two plaintiffs selected for the March 2020 trial, Plaintiff's objections should be withdrawn






and any information withheld subject to Plaintiff's objections should be provided.

**Verification Page:** To date, counsel has not provided a verification page for Ms. Crayton's responses to Sanofi's First Request for Interrogatories despite that counsel served the interrogatory responses almost a year ago on December 17, 2018.

## IV. <u>Medical Records Authorizations</u>

On July 15, 2019, after numerous requests by Sanofi for updated (non expired) authorizations, Plaintiff's counsel provided via email HIPPA and Health Insurance Records authorizations. Consistent with CMO No. 22, those should be uploaded to MDL Centrality. Further, please upload the Psychiatric Authorization and Social Security Earnings authorizations provided on August 30, 2018, to MDL Centrality as required by CMO No. 22. Plaintiff should also submit to MDL Centrality an updated (not expired) Psychiatric Records Authorization.

*****

Ms. Crayton has a continuing duty to supplement all PFS and other discovery responses with all responsive information and documents from any source in her custody or control. Electronically stored information (including photographs and documents) to which Plaintiff has access, including those on social media, Plaintiff's computers or phones, or the computers or phones of friends or family to which Plaintiff have access, must be produced.

Please produce all requested information and materials by **Monday, October 21, or state all objections and their bases in writing by Friday, October 18, along with your availability to meet and confer on Monday, October 21.** Thank you for your prompt attention to these matters.

Sincerely,

Kelly G. Bieri
Partner

cc: Rick Root
John Olinde
Douglas J. Moore
Harley Ratliff

# Exhibit 1




September 26, 2018

VIA ELECTRONIC MAIL

Kelly Bieri

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
kbieri@shb.com

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
barrios@bkc-law.com

RE: *In re: Taxotere (docetaxel) Prods. Liab. Litig.*, MDL No. 2740
**Proof-of-Injury Photograph Misrepresentations**

Dear Counsel:

I write to follow-up on Ms. Byard's September 18, 2018, letter regarding global concerns with PFS deficiencies, including misrepresentations made by plaintiffs on purported proof-of-injury photographs. As you know, the PFS in this MDL requires disclosing any medical diagnosis for plaintiffs' alleged hair loss injury, but also permits plaintiffs to produce dated before, during, and after chemotherapy photographs. The Court consistently articulates this requirement in terms of photographs taken within five years of chemotherapy treatment. Many plaintiffs fail to produce such photographs, fail to date them, or, worse, egregiously mis-date photographs as their sole putative "proof" of injury in this MDL.

This problem is not limited to non-bellwether cases. For example, the recent deposition of bellwether plaintiff Sheila Crayton reveals misrepresentations about proof-of-injury photographs in the trial pool.

Ms. Crayton underwent chemotherapy in 2008. Her PFS attaches 11 purported dated photographs of her. At deposition, Ms. Crayton testified that only two of the 11 photographs produced to Sanofi were correctly dated. **Two of the 11 photographs were not even photographs of her**. Ms. Crayton has no idea who they are:

Q. Let me hand you what is being marked as Deposition Exhibit No. 10.
(Whereupon Exhibit No. 10, a photograph was marked for Identification.)
(Witness peruses document.)
A. That's not me.
Q. Who is this a photograph of?
(Witness peruses document.)
A. I don't know.
Q. Have you ever seen this photograph before?
A. No.

Q. Okay. Did you know that it was produced as a photograph of you?
A. No.
Q. Okay. This is not you?
A. It is not me.

...

Q. Is Deposition Exhibit No. 11 a photograph of you?
A. No.
Q. 100 percent sure?
A. Yes.

*See* Crayton Dep. at 67:19-68:11; 69:16-20.

Ms. Crayton's testimony is more significant because these photographs allegedly from 2007 but not of her were the only photographs within the five years before her treatment. The next two photographs allegedly proximal in time to treatment were dated 2002 and 2003, but those dates—as the testimony revealed—were misrepresented by decades. Ms. Crayton testified that those photographs were actually taken in the mid-1980s, over twenty years before her 2008 treatment. *See id.* at 65:1-15; 65:24-66:4.

Further, two photographs dated from 2011, which would have been approximately three years ***after*** chemotherapy, were actually taken in 2008, ***during*** Ms. Crayton's chemotherapy treatment with Adriamycin and Cyclophosphamide. *See id.* at p. 71:10-72:10.

This issue was not surprising once it became clear that Ms. Crayton was in no way involved in the selection or review of the PFS-required proof-of-injury photographs produced in litigation:

Q. Your daughter identified the photographs to give to --
A. Yes.
Q. -- your lawyers in this case?
A. Yes.
Q. Your daughter Jyan?
A. Jyan, yes.
Q. Did you provide any input in that process or did she completely handle identifying the photographs?
A. She completely handled it.

...

Q. You said that your daughter went through and picked out the photographs to be produced in this litigation, right?
A. Yes.
Q. Did you look at the ones that she had selected before they were produced to us counsel?
A. No.
Q. Did she give them directly to your counsel?
A. I can't remember.
Q. Did you ever have the photographs that were given to your counsel to be produced in this litigation?
A. Yes.
Q. So you could have looked at them if you wanted to, correct?






A. Yes.
Q. But you chose not to?
A. Correct.

*Id.* at 63:25-64:10; 68:16-69:8.

The result of these misrepresentations is that bellwether plaintiff Sheila Crayton has failed to produce any "before" photographs in the twelve years prior to her chemotherapy or any "after" photographs of herself in the eight years following chemotherapy. This is despite that Ms. Crayton testified that such photographs exist:

Q. Do you think that you have any photographs of you in 2007?
A. Yeah.
Q. You seem certain --
A. Yeah.
Q. -- that you think that you have some in the books?
A. Yes.
Q. So even though you have in your possession photographs that depict you in 2007, the most recent photograph that you produced before chemotherapy to the defendants was taken in 1996, correct?
A. Correct.

*Id.* at 82:17-83:4.

However, because the dates of the photographs (and even the identity of the subject of the photos) were misrepresented when produced, Sanofi was deprived of the accurate information until counsel began her deposition last week. And, to date, the additional photographs that Ms. Crayton testified exist still have yet to be produced.

As you can imagine, this is very troubling to Sanofi, both in the context of the Sheila Crayton bellwether case and across the inventory. Ms. Crayton's case is subject to dismissal for lack of completeness. We continue to work up cases only to find that the basic discovery requirements of the Court's orders have not been met. Our expectation about these discovery obligations is that they are serious and must be faithfully executed, not that they are extravagantly burdensome or unprecedented. They are neither. In every MDL, let alone individual lawsuit, plaintiffs must substantiate an injury. There is substantial failure to do so here and, at times, resort to out-and-out falsehood.

We will address with the Court these issues with Shelia Crayton, but we also welcome the opportunity of your assistance on global PFS deficiencies like these.

Sincerely,

Kelly Bieri
Partner

cc: Betsy Barnes, Lauren Gotshall, Doug Moore, John Olinde, Palmer Lambert

# Exhibit 2

**From:** Bieri, Kelly (SHB)
**Sent:** Tuesday, October 16, 2018 8:45 AM
**To:** Lauren Godshall
**Cc:** Harmon, Jason R. (SHB); Betsy Barnes; Rick Root
**Subject:** RE: Taxotere: Sheila Crayton

Lauren,

Thank you for your email. In reviewing the materials recently uploaded to MDL Centrality, it is clear that plaintiff has only produced a few pages from the literature in her possession related to cancer and cancer treatment. As an initial matter, plaintiff should have produced copies of the entire content of these books instead of inappropriately self-limiting the pages produced from these materials. Please upload the entire contents of these cancer related materials by Wednesday, October 17 at noon. If you do not intend to do so, please let me know today, as I will plan to send someone to your office to make copies on Wednesday and we can address with Magistrate North as necessary.

Notably not included in the limited materials provided by plaintiff were the documents she specifically testified at deposition were in her possession. As you undoubtedly recall, Ms. Crayton testified that she had in her desk at home handouts received from her prescribing oncologist, Dr. Sekar as well as cancer-treatment related printouts that her daughter provided to her (*See* Crayton Dep., at 143:6-145:4). As such, I was surprised to see that these were not in her production. Please produce these by noon on Wednesday, October 17. Alternatively, confirm that plaintiff does not have these documents in her possession.

In addition to the limited literature excerpts, Ms. Crayton produced three additional photographs. Each of these three photographs are dated as taken in 1991, some 17 years before Ms. Crayton received chemotherapy in 2008. This was surprising as Ms. Crayton explicitly testified that she additional photographs including photographs taken of her as recently as 2007 (*Id.* at 82:17-83:4).

Ms. Crayton testified that her daughter Jyan Crayton was solely responsible for selecting the photographs initially produced to sanofi and plaintiff corrected the date taken of numerous of the photographs produced (as well as noting that two of the photographs produced were not even photographs of plaintiff) (*Id.* at 63:25-64:10; 68:16-69:8). Given that the two photographs represented as taken in 2007 do not depict Ms. Crayton and that she testified that the photographs produced as taken of her in 2002 and 2003 were actually taken in the mid 1980's, **the most recent "before" photograph produced to sanofi was taken in 1996, some twelve years before her chemotherapy** (*Id.* at 63:-12-14; 65:1-66:4; 82:2-7). Again, this was surprising given Ms. Crayton's testimony that more recent photographs of her exist. Similarly, two photographs were produced to sanofi as being taken in 2011; however, Ms. Crayton testified these photos were actually taken in 2008 - *during* Ms. Crayton's chemotherapy treatment. **Thus, Ms. Crayton has not produced <u>any</u> photographs of herself in the 12 years prior to chemotherapy nor produced any photographs in the 8 years after chemotherapy ----- meaning that plaintiff has failed to produce any photographs in the 20 years surrounding her chemotherapy treatment save two *during* chemotherapy photos.** As you are aware, the Court has repeatedly indicated that plaintiffs must produce photographs within the 5 years prior to chemotherapy. Because plaintiff has not produced photographs in the relevant time frame she is subject to dismissal.

Finally, I would like to schedule the continuation of Ms. Crayton's deposition as well as the deposition of Ms. Jyan Crayton. I would like to take these on **October 25 (plaintiff) and October 26 (Jyan Crayton)**. Please advise if you will be producing Ms. Jyan Crayton for deposition. Alternatively, if you are not representing Ms. Jyan Crayton for her deposition, I will subpoena her.

thanks,

Kelly

---

**From:** Lauren Godshall <lgodshall@morrisbart.com>
**Sent:** Tuesday, October 2, 2018 4:48 PM
**To:** Bieri, Kelly (SHB) <KBIERI@shb.com>
**Cc:** Harmon, Jason R. (SHB) <JHARMON@shb.com>; Betsy Barnes <bbarnes@morrisbart.com>; Rick Root <rroot@morrisbart.com>
**Subject:** RE: Taxotere: Sheila Crayton

Dear Kelly,

Ms. Crayton's home search turned up the materials we have now uploaded in MDL Centrality. In several cases, we produced excerpts, including title pages and tables of contents and relevant chapters, for lengthy medical texts; we will provide the entire texts at the deposition. If you or local counsel would like to come here to review the books prior to the deposition, please let me know.

Lauren

---

**From:** Bieri, Kelly (SHB) [mailto:KBIERI@shb.com]
**Sent:** Friday, September 28, 2018 3:05 PM
**To:** Lauren Godshall
**Cc:** Harmon, Jason R. (SHB); Betsy Barnes; Rick Root
**Subject:** Taxotere: Sheila Crayton

Lauren,

As you recall, Ms. Crayton testified during her deposition of the existence at her home of additional photographs and materials related to her cancer treatment, including photographs and chemotherapy materials provided by Dr. Sekar, cancer printouts, and cancer-related books. It has now been over a week since Ms. Crayton's deposition, during which we contacted Magistrate Judge North who instructed plaintiff's counsel to marshal any addition materials to be produced so that a continuation of her deposition could occur. Given the scheduling order and other discovery to be conducted, we need to proceed with the continuation of Ms. Crayton's deposition. Accordingly, please produce these materials (and any other materials required by the PFS or PTO 71A) by Tuesday, October 2.

Kelly

**Kelly G. Bieri**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2109 | kbieri@shb.com

