# EXHIBIT B



October 15, 2019

Kelly G. Bieri

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
kbieri@shb.com

VIA ELECTRONIC EMAIL

Betsy Barnes
Morris Bart, LLC
601 Poydras St., 24th Floor
New Orleans, LA 70130
Email: bbarnes@morrisbart.com

Dawn M. Barrios
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Email: barrios@bkc-law.com

M. Palmer Lambert
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Email: plambert@gainsben.com

**Re: Bellwether Plaintiff Cynthia Thibodeaux**

Dear Counsel:

In preparation for trial set for March 2020, we write to follow-up on outstanding items from discovery in the *Thibodeaux* case. Please supplement your written responses and produce each of the items and information identified below by **Monday, October 21**. If you object to providing complete written discovery responses or producing any of the items or information, please state the basis for your objection in writing by **Friday, October 18**, and provide your availability on **Monday, October 21** to meet and confer on these issues.

### I.    Photographs

As you are aware, the Court-ordered Plaintiff Fact Sheet requires production of all medical diagnoses of Plaintiff's alleged hair loss injury, as well as dated photographs from before, during, and after chemotherapy.[1]   The Court

---

[1]   *See* PFS Section VI, Claim Information; PFS Section IX, Document Requests and Information (requiring Plaintiff to "[p]roduce **all documents in your possession**"



October 15, 2019
Page 2

consistently articulates this requirement in terms of photographs taken within five years of chemotherapy treatment, as underscored in the Court's Pretrial Order No. 71A,[2] and court-approved written discovery requests propounded upon Ms. Thibodeaux.[3] In searching for and producing photographs, plaintiffs and their counsel are specifically instructed to consider all sources to which Plaintiff has access, including photos posted on social media and photos on family members' phones.[4]

The photos produced to date by Ms. Thibodeaux leave substantial gaps in the evidence of her appearance of her hair before and after chemotherapy. **Indeed, Ms. Thibodeaux has not produced any photos showing her head or hair between the start of her chemotherapy treatment in 2008 and the filing of her lawsuit eight years later in 2016, and has only produced two photos dated between 1997 and her chemotherapy treatment eleven years later in 2008**.[5] In one of these "before" photos, her hair is barely visible. The total lack of after photos and extremely limited selection of before photos within the relevant time period prejudice the parties' ability to assess Plaintiff's alleged injury and litigate her claims.

Moreover, Ms. Thibodeaux has identified additional sources of photographs within her possession that have not been searched or produced. *See* Dep. I Tr. (Dec. 14, 2017) 30:20-21, 31:21-25, 32:13-16 (referring to photographs from 2011 to present stored on mobile phone); 39:5-7, 14-15, 40:6-9 (referring to LinkedIn and Facebook profiles and noting that she did not search Facebook for photos); 64:24-65:2 (noting that she did not ask husband to search for photos to produce); 66:22-24 (noting that she did not give any instruction to family members regarding locating and identifying photographs); Dep. II Tr. (Sept. 6, 2019) 546:23-25 (noting that she did not give counsel her phone to

---

responsive to the PFS, including all "[p]hotographs […] or any other media that show your alleged injury or its effect in your life."

[2] PTO No. 71A requires Plaintiff to search for, review and produce "photographs within 5 years prior to chemotherapy, which depict Plaintiff's hair prior to treatment with Taxotere," and "current photographs, which demonstrate plaintiff's current hair loss following treatment with Taxotere." PTO No. 71A (Doc. 1531-1) at Ex. A, 3.

[3] *See, e.g.*, Sanofi's First Set of RFPs to Plaintiff Thibodeaux Nos. 3, 4, 5, 6, 14 and 15. Magistrate Judge North has expressly authorized these type of requests and instructed Plaintiffs to respond. *See* Hr'g Tr. 5:12-14; 5:17-20 (March 28, 2018).

[4] PTO No. 71A (Doc. 1531-1) at Ex. A, 3.

[5] In fact, it was actually a fact witness, not Ms. Thibodeaux, who produced one of the two photographs Sanofi has been provided that depict Ms. Thibodeaux in the decade prior to her chemotherapy.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

2



October 15, 2019
Page 3

conduct a search for photographs).

In addition, Ms. Thibodeaux has failed to produce photographs substantiating her claims for loss of hair on various parts of her body. *See, e.g.*, Dep. I Tr. (Dec. 14, 2017) 268:10-14; 270:3-6; 270:22-25.

Importantly, Plaintiff has failed to produce photographs in compliance with her discovery obligations despite past assurances that she had done so. *Compare* PTO 71 Written Statement 1 (MDL Centrality Doc. #62546 Jan. 9, 2018) and PTO 71A Written Statement 2 (MDL Centrality Doc. #404605 Sept. 5, 2019) (reporting no additional responsive information on her phone) *with* Dep. II Tr. (Sept. 6, 2019) 521:25-522:13 (admitting existence of previously unproduced photos of herself at breast cancer walk on her mobile phone). In fact, Ms. Thibodeaux's testimony makes clear that she attested to an ESI search that she did not, in fact, conduct. *Compare* PTO 71A Written Statement 2 (MDL Centrality Doc. #404605 Sept. 5, 2019) ("I have searched my mobile phone for these terms (a) breast cancer; (b) cancer; (c) chemotherapy […]") *with, e.g.*, Dep. II Tr. (Sept. 6, 2019) 528:14-21; 530:5-18 ("Q. You didn't run any search terms? A. No, I didn't."); 546:23-25 ("[…] you don't think you ever gave them your phone to look at; right? A. No."). In light of this history, counsel for Plaintiff should conduct and attest to a personal search along with Ms. Thibodeaux for <u>all</u> responsive photographs and documents in Plaintiff's possession, as well as to efforts to obtain photographs from other family members or friends who may have them. <u>All</u> photos of Ms. Thibodeaux from five years prior to her chemotherapy treatment to present should be produced.

Ms. Thibodeaux's status as trial plaintiff makes it particularly critical that she produce <u>all</u> photographs showing her head or hair during this time period, including <u>all</u> photographs that exist of Ms. Thibodeaux during or after her chemotherapy treatment. This necessarily also includes all photos of Ms. Thibodeaux taken between her initial December 14, 2017 deposition and today—including photos on her own phone or family members' phones, or in any other location available to her.

Given the importance of such evidence, and counsel's compliance without objection to the same request in advance of trial 1, we do not anticipate any objection to such production. Please produce all such photographs by Friday, October 18, 2019, or provide your availability to meet and confer on Monday, October 21.

II. **Additional Responsive Documents Identified At Deposition**

Additional documents and information referenced in Ms. Thibodeaux's deposition should also be provided. *See, e.g.*, Dep. I Tr. (Dec. 14, 2017) 79:24-80:1 (agreeing to provide previous address in LaPlace, Louisiana); Dep. II Tr. (Sept. 6, 2019) 354:12-20 (failing to identify or produce list of documents

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

3



October 15, 2019
Page 4

reviewed prior to deposition); 364:3-8 (reporting that she was not asked to and did not look for any documents in response to *subpoena duces tecum* for supplemental deposition). Again, given the previous failures to search for and produce all responsive materials, counsel for Plaintiff should conduct and attest to a search along with Ms. Crayton for <u>all</u> responsive materials and documents in Plaintiff's possession, including but not limited to all material identified in the notices of Ms. Thibodeaux's depositions.

### III. Written Discovery

Sanofi identifies the following deficiencies in Plaintiff's written discovery responses and requests supplemental responses pursuant to the continuing nature of the requests. *See* Sanofi's First Set of Requests for Production of Documents to Plaintiff at 1 ("These document requests shall be deemed continuing in nature so as to require the provision of timely supplemental answers and production of documents if Plaintiff, or anyone on her behalf, obtains further information or responsive documents between the time the answers are served and the time of trial"); Sanofi's First Set of Interrogatories to Plaintiff at 1 (same).

#### A. Second Set of Requests for Production

**Request No. 2:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 3:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 4:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 5:** See part I above. All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced.

**Request No. 7:** This request asks Plaintiff to produce documents identified in response to Defendant's Second Set of Interrogatories to Plaintiff Cynthia Thibodeaux. Instead of identifying and producing any specific responsive documents (or indicating that none exist), Plaintiff generically responded that "all documents responsive to this request have been previously produced." Documents responsive to this request that Plaintiff believes were previously produced should be identified with specificity, and in a fashion that allows defendant to identify them. Plaintiff's current response does not permit identification in any manner.

**Request No. 8:** This request asks Plaintiff to produce documents she reviewed in preparation for her deposition. Instead of identifying any

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

4



responsive document(s) (or indicating that none exist), Plaintiff states "Please see the Notice of Deposition propounded by Defendants." This response does not make sense and does not answer the question posed.

October 15, 2019
Page 5

**Request No. 9:** This request seeks communications Plaintiff had with others regarding information, treatment, or potential treatment for or concerning hair loss. Plaintiff asserts an attorney-client objection and then responds that "all responsive documents were previously produced." Plaintiff's non-specific reference to previously produced documents - without any specificity - is no response at all. Documents responsive to this request that Plaintiff believes were previously produced should be identified with specificity, and in a fashion that allows defendant to identify them. Plaintiff's current response does not permit identification in any manner. Further, it is unclear if Plaintiff has withheld responsive documents subject to her objection. To the extent she has, no privilege log has been provided.

**Request No. 10:** This request seeks documents in Plaintiff's possession, custody, or control related to hair loss or potential treatment for hair loss associated with chemotherapy. Plaintiff does not object to this request. Instead, Plaintiff states "all responsive documents were previously produced." To the extent Plaintiff has documents responsive to this request that she believes have been previously produced, those should be identified with specificity, and in a fashion that allows defendant to identify them. Plaintiff's current response does not permit identification in any manner.

**Request No. 11:** All responsive photographs of any origin accessible to Plaintiff or her representatives should be produced (*see* part I above). Further, this request also seeks documentation of any expense related to Plaintiff's alleged injury. Instead of identifying and producing any specific responsive documents (or indicating that none exist), Plaintiff generically responded that "[a]ll responsive documents were previously produced." Documents responsive to this request that Plaintiff believes were previously produced should be identified with specificity, and in a fashion that allows defendant to identify them. Plaintiff's current response does not permit identification in any manner.

**Request No. 13:** This request seeks documents related to scalp biopsies or other diagnosis of or treatment for Plaintiff's alleged injuries, including communications, medical records, calendars or other documentation of diagnosis or treatment encounters. Plaintiff's response contends that she "does not have any documents responsive to this request. However, any responsive documents will be produced subject to the agreement between Plaintiffs' Liaison Counsel and Jordan Baehr." This request includes communications, calendars, non-medical records, and other materials outside the scope of CMO 15 (Pathology Protocol) or discussions between Mr. Baehr

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

5


and Plaintiff's counsel. The request is thus broader than other discovery obligations or agreements related to biopsies or diagnoses. As Plaintiff has not objected to any portion of the request, all responsive material should be produced.

October 15, 2019
Page 6

### B. Second Set of Interrogatories

**Interrogatory No. 4:** This interrogatory asks Plaintiff to identify persons with whom she has communicated regarding any information, research, treatment or potential treatment for or concerning hair loss, and requests that for each such person, Plaintiff provide the date(s), method, and a description of the contact or communication. Plaintiff identified two individuals, Dr. Carl Kardinal and Dr. Antonella Tosti, but failed to provide the requested information regarding the communications with the identified individuals. Regarding Dr. Tosti, Plaintiff simply asserted "June 4, 2019, in person appointment" without providing any of the other information requested. As to Dr. Kardinal, Plaintiff responded "see medical records for dates; see medical records and deposition transcripts for content of communication." This wholly non-specific response, which fails to provide the information requested, and that is not tied to any deposition transcript citation (and that is not necessarily consistent with the deposition testimony provided in this case) is improper.

**Interrogatory No. 5:** This interrogatory asks Plaintiff to identify individuals with whom she has communicated regarding this litigation and the date(s), method, and a description of the contact or communication, and last known contact information for that individual. Plaintiff identified numerous individuals but failed to provide any of the requested information regarding the communications. Instead, she simply stated that "the content and dates of the contact as described by Plaintiff, her husband, her niece, her friend or her doctors in their deposition/medical records." This generic response, which fails to provide the information requested, and that is not tied to any deposition transcript citation (and that is not necessarily consistent with the deposition testimony provided in this case) is improper.

**Interrogatory No. 6:** This interrogatory asks Plaintiff to identify persons with whom she has communicated regarding the injuries alleged in this lawsuit and seeks information regarding whether each identified individual has stated an opinion as to whether an injury Plaintiff alleges was attributed to docetaxel, what that person said, when and where that person made each such statement, and to whom each statement was made. Plaintiff identified five individuals in response to this request but failed to provide any of the requested information regarding the communications. Instead, she simply stated that "the content and dates of the contact as described by Plaintiff or her doctors in their deposition." This vague response, which fails to provide the information requested, and that is not tied to any deposition transcript citation (and that is

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

6



not necessarily consistent with the deposition testimony provided in this case) is improper.

**Interrogatory No. 10:** This interrogatory asks Plaintiff to identify persons from whom she received documents or tangible things responsive to Defendant's Second Set of Request for Production, and requests Plaintiff identify which documents or things were received and provide the date and a description of the document or thing. Plaintiff responded: "None, unless medical records were received in MDL Centrality that were the subject of Defendant's Second Set of Requests for Production to Plaintiff Cynthia Thibodeaux, in which case the sender and date are identified in MDL Centrality. All documents, tangible things or communications have been previously produced or can be found in MDL Centrality." This response is no response at all as it fails to respond to the question posed with any specificity that allows defendant to know to what, if anything, Plaintiff believes is responsive. Plaintiff should identify, with specificity, the documents – whether "previously produced" or "on MDL Centrality" that she believes is responsive to this request.

**Interrogatory No. 11:** This interrogatory seeks identification of individuals who have performed diagnosis, treatment or assessment of the injuries Plaintiff alleges in this lawsuit, or whom Plaintiff has reason to believe may be in possession of documents or tangible things related to diagnosis, treatment or assessment of the injuries or damages she alleges in this lawsuit. The response to interrogatory No. 11 identified three doctors: Dr. Carl Kardinal, Dr. Antonella Tosti and Dr. John Thompson. By way of reminder, Mr. Root served these interrogatory responses at 8:04 pm on September 5, 2019, the evening prior to Ms. Thibodeaux's supplemental deposition. Shortly thereafter, I requested Mr. Root confirm whether Ms. Thibodeaux had seen Dr. John Thompson as represented in the response to this interrogatory. At 8:26 am the morning of Ms. Thibodeaux's 9 am deposition, Mr. Root advised that "Ms. Thibodaux (sic) has not seen Dr. Thompson to my knowledge." Based on this information, Sanofi proceeded with the supplemental deposition of Ms. Thibodeaux. Further, in light of Mr. Root's representation, the response to Interrogatory No. 11 should be updated to remove reference to Dr. John Thompson.

**Verification Page:** As most recently identified to you by counsel for Sanofi on October 7, 2019, counsel has not provided a verification page for:
1. Plaintiff's Response to Defendant Sanofi-Aventis U.S. LLC's First Set of Interrogatories (responses dated February 26, 2018);
2. Plaintiff's First Supplemental and Amended Response to Defendant Sanofi-Aventis U.S. LLC's First Set of Interrogatories (response dated April 20, 2018);

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

7



October 15, 2019
Page 8

3. Plaintiff's Responses to Defendant Sanofi-Aventis U.S. LLC's Second Request for Interrogatories to Plaintiff Cynthia Thibodeaux (response dated December 18, 2018); and
4. Plaintiff's Supplemental Responses to Defendant Sanofi-Aventis U.S. LLC's Second Request for interrogatories (response dated September 5, 2019).

### IV. Medical Records Authorizations

On October 9, 2019, after numerous requests by Sanofi for updated (non-expired) authorizations, Plaintiff's counsel uploaded a current HIPPA authorization. As requested on October 10, 2019, Sanofi also requests that Plaintiff upload a non-expired Health Insurance Authorization.

*****

Ms. Thibodeaux has a continuing duty to supplement all PFS and other discovery responses with all responsive information and documents from any source in her custody or control. Electronically stored information (including photographs and documents) to which Plaintiff has access, including those on social media, Plaintiff's computers or phones, or the computers or phones of friends or family to which Plaintiff have access, must be produced.

Please produce all requested information and materials by **Monday, October 21, or state all objections and their bases in writing by Friday, October 18, along with your availability to meet and confer on Monday, October 21.** Thank you for your prompt attention to these matters.

Sincerely,

Kelly G. Bieri
Partner

cc:  Rick Root
     John Olinde
     Douglas J. Moore
     Harley Ratliff

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

8