# EXHIBIT C



September 26, 2018

Kelly Bieri

VIA ELECTRONIC MAIL

2555 Grand Blvd.
Kansas City, Missouri 64108
t 816.474.6550
f 816.421.5547
kbieri@shb.com

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
barrios@bkc-law.com

RE: *In re: Taxotere (docetaxel) Prods. Liab. Litig.*, MDL No. 2740
**Proof-of-Injury Photograph Misrepresentations**

Dear Counsel:

I write to follow-up on Ms. Byard's September 18, 2018, letter regarding global concerns with PFS deficiencies, including misrepresentations made by plaintiffs on purported proof-of-injury photographs. As you know, the PFS in this MDL requires disclosing any medical diagnosis for plaintiffs' alleged hair loss injury, but also permits plaintiffs to produce dated before, during, and after chemotherapy photographs. The Court consistently articulates this requirement in terms of photographs taken within five years of chemotherapy treatment. Many plaintiffs fail to produce such photographs, fail to date them, or, worse, egregiously mis-date photographs as their sole putative "proof" of injury in this MDL.

This problem is not limited to non-bellwether cases. For example, the recent deposition of bellwether plaintiff Sheila Crayton reveals misrepresentations about proof-of-injury photographs in the trial pool.

Ms. Crayton underwent chemotherapy in 2008. Her PFS attaches 11 purported dated photographs of her. At deposition, Ms. Crayton testified that only two of the 11 photographs produced to Sanofi were correctly dated. **Two of the 11 photographs were not even photographs of her.** Ms. Crayton has no idea who they are:

Q. Let me hand you what is being marked as Deposition Exhibit No. 10.
(Whereupon Exhibit No. 10, a photograph was marked for Identification.)
(Witness peruses document.)
A. That's not me.
Q. Who is this a photograph of?
(Witness peruses document.)
A. I don't know.
Q. Have you ever seen this photograph before?
A. No.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C

8951327 v1

| SHOOK |
| HARDY & BACON |

September 26, 2018
Page 2

Q. Okay. Did you know that it was produced as a photograph of you?
A. No.
Q. Okay. This is not you?
A. It is not me.
...
Q. Is Deposition Exhibit No. 11 a photograph of you?
A. No.
Q. 100 percent sure?
A. Yes.

See Crayton Dep. at 67:19-68:11; 69:16-20.

Ms. Crayton's testimony is more significant because these photographs allegedly from 2007 but not of her were the only photographs within the five years before her treatment. The next two photographs allegedly proximal in time to treatment were dated 2002 and 2003, but those dates—as the testimony revealed—were misrepresented by decades. Ms. Crayton testified that those photographs were actually taken in the mid-1980s, over twenty years before her 2008 treatment. *See id.* at 65:1-15; 65:24-66:4.

Further, two photographs dated from 2011, which would have been approximately three years ***after*** chemotherapy, were actually taken in 2008, ***during*** Ms. Crayton's chemotherapy treatment with Adriamycin and Cyclophosphamide. *See id.* at p. 71:10-72:10.

This issue was not surprising once it became clear that Ms. Crayton was in no way involved in the selection or review of the PFS-required proof-of-injury photographs produced in litigation:

Q. Your daughter identified the photographs to give to --
A. Yes.
Q. -- your lawyers in this case?
A. Yes.
Q. Your daughter Jyan?
A. Jyan, yes.
Q. Did you provide any input in that process or did she completely handle identifying the photographs?
A. She completely handled it.
...
Q. You said that your daughter went through and picked out the photographs to be produced in this litigation, right?
A. Yes.
Q. Did you look at the ones that she had selected before they were produced to us counsel?
A. No.
Q. Did she give them directly to your counsel?
A. I can't remember.
Q. Did you ever have the photographs that were given to your counsel to be produced in this litigation?
A. Yes.
Q. So you could have looked at them if you wanted to, correct?

SHOOK
HARDY & BACON

A. Yes.
Q. But you chose not to?
A. Correct.

September 26, 2018
Page 3

*Id.* at 63:25-64:10; 68:16-69:8.

The result of these misrepresentations is that bellwether plaintiff Sheila Crayton has failed to produce any "before" photographs in the twelve years prior to her chemotherapy or any "after" photographs of herself in the eight years following chemotherapy. This is despite that Ms. Crayton testified that such photographs exist:

Q. Do you think that you have any photographs of you in 2007?
A. Yeah.
Q. You seem certain --
A. Yeah.
Q. -- that you think that you have some in the books?
A. Yes.
Q. So even though you have in your possession photographs that depict you in 2007, the most recent photograph that you produced before chemotherapy to the defendants was taken in 1996, correct?
A. Correct.

*Id.* at 82:17-83:4.

However, because the dates of the photographs (and even the identity of the subject of the photos) were misrepresented when produced, Sanofi was deprived of the accurate information until counsel began her deposition last week. And, to date, the additional photographs that Ms. Crayton testified exist still have yet to be produced.

As you can imagine, this is very troubling to Sanofi, both in the context of the Sheila Crayton bellwether case and across the inventory. Ms. Crayton's case is subject to dismissal for lack of completeness. We continue to work up cases only to find that the basic discovery requirements of the Court's orders have not been met. Our expectation about these discovery obligations is that they are serious and must be faithfully executed, not that they are extravagantly burdensome or unprecedented. They are neither. In every MDL, let alone individual lawsuit, plaintiffs must substantiate an injury. There is substantial failure to do so here and, at times, resort to out-and-out falsehood.

We will address with the Court these issues with Shelia Crayton, but we also welcome the opportunity of your assistance on global PFS deficiencies like these.

SHOOK
HARDY & BACON

September 26, 2018
Page 4

Sincerely,

Kelly Bieri
Partner

cc: Betsy Barnes, Lauren Gotshall, Doug Moore, John Olinde, Palmer Lambert