# EXHIBIT H

Morris Bart, LA
Terry B. Loup, LA, MS, TX
Glenn Lieberman, LA
Kenneth M. Altman, LA, MS, FL
Craig A. Gentry, LA, MS
Janet Buggee Avery, LA
James L. Leathem, LA
Roderick A. James, LA
Daniel Snellings, LA, MS, FL
Dennis N. Thomson, LA, AL, MS
Abby L. Roberts, LA, AR
Paige Patriarca, LA
Patrick H. Gibbons, LA
David Lawson, LA
Esmeralda Graham, LA, NM
Lauren Pilie, LA, GA
Przemek Lubecki, LA, IL
Danielle Smith, LA, TX
Matthew Hemmer, LA, OH, KY
Sophia Johnson, LA, IL, TX
Jeffrey Lust, LA, TX
Kathryn Landry, LA
Austin Marks, LA
Erin E. Cloyd, LA
Sharika L. King, LA
Shalane Loehn, LA, MA
Reshonda Thompson, LA
Kim Paul, LA
Linda Gonzales, LA
J.D. Parker, LA
Kelly Johnson, LA
Travis Williams, LA
Alaina Brandhurst, LA
Lindsey Topp, LA, MS, CA
Adam Bosso, LA
Tamyra Craig, LA
Betsy Barnes, LA
John Richards, LA, AR
Lauren Sullivan, LA, MS
Richard (Rick) Root, LA
Paul Villalobos, LA
John Enochs, LA, TX, MS, KY
Spencer Gulden, LA, TX
Natalie Kobetz, LA
Sarah Constant, LA
Aaron Hurd, LA
Faye Sheets, LA, TN
Rebekah Capers, LA
Thelia Eaby, LA
Jacob Goehring, LA
Bevan Sabo, LA
Melodie Molina, LA
Marquita Cage, LA
Taylor Burnham, LA, GA
Rachel Fajoni, LA
Eve Vavrick, LA
John White, LA
Alexander Lair, LA
Luc Zeller, LA
Tara Melancon, LA
Robert Warren, LA
Mary Reed, LA
Jordan Lieberman, LA

OF COUNSEL
Shannon Rodriguez, LA
Darryl Dungan, LA, FL
Kristi Tamura, LA
Kathryn Cox, LA
Mark Lumpkin, LA
Stephanie Roberts, LA
Edward Boudreaux, LA
Melissa Herman, LA
Brejette Bundy, LA

ADMINISTRATOR
Mark Duhon

**MORRIS BART, L.L.C.**
ATTORNEYS AT LAW

Pan American Life Center, 601 Poydras Street, 24th Floor
New Orleans, Louisiana 70130-6036

Telephone 504.525.8000
Fax 504.599.3380

October 28, 2019

*VIA USPS AND EMAIL*
Kelly G. Bieri
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108

RE:  Sheila Crayton

Dear Kelly:

We have had a chance to review your correspondence, dated October 15, 2019, related to purported discovery deficiencies in the case of bellwether plaintiff Shelia Crayton. Counsel has undertaken a good faith effort to address each and every alleged deficiency to the best of counsel's ability. As you are well aware, bellwether Plaintiff, Shelia Crayton, has significant medical issues unrelated to the chemotherapy and suffers from cognitive and mental impairments, including diagnosed memory loss for which she is medicated. These conditions make it very challenging for her counsel to obtain information for discovery and for her to adequately assist counsel. Despite these limitations, counsel has gone to great lengths to ensure that Ms. Crayton complies with her discovery obligations to the best of her knowledge, recollection, and ability.

A large portion of your letter focuses on purported photographic deficiencies. One of the issues raised is the purported lack of "before" photographs from 1996 to 2008. In the course of Ms. Crayton's original photographic production, she uploaded two photographs to MDL Centrality dated 2002 and 2003 (MDL Centrality Record document Nos. 42289 & 42290). However, during the course of her first deposition, Ms. Crayton identified these photos having been taken at new dates, sometime in the 1980s. This was the first time counsel became aware of this change. (See 11-6-2018 Deposition of Shelia Crayton at 65:12-66:23.) This is but one example of the obstacles faced by counsel given how easily confused Ms. Crayton is concerning all issues, but particularly time frames.

Unfortunately, Ms. Crayton is predominately homebound, and has someone to care for her almost 24 hours a day. In order to comply with the discovery, counsel had to travel to Ms. Crayton's home and search for photographs. The results of that search and visit uncovered some additional "before" photographs, as well as current photographs taken by counsel at the time of the visit. Those photographs have now been uploaded to MDL Centrality for your review. That production contains many photographs prior to her chemotherapy, but unfortunately, none within the five years preceding her chemotherapy. We have also produced two photographs from 2008. Unfortunately, the photographs located from 2008 appear to have been taken during the time Ms. Crayton was undergoing chemotherapy and depict Ms. Crayton wearing a wig. It has been difficult to locate additional "before" photographs as Ms. Crayton lost many of her photographs during Hurricane Katrina.

In addition, you raise concerns regarding the production of "after" photographs. At the time of your letter, Ms. Crayton had previously produced two photographs to MDL Centrality from 2011 (MDL Centrality Record Document Nos. 42294 & 42293). Unfortunately, these photographs were accidentally uploaded as before photographs. This error has now been corrected. Although counsel assisted in conducting an in-home search for additional responsive photographs, counsel was unable to locate responsive "after" photographs from 2009-2016, aside from those previously produced. However, counsel did take additional current photographs which have now been produced via MDL Centrality. At this time, all responsive photographs within Ms. Crayton's possession which depict her in a photograph have been produced and uploaded to MDL Centrality.

As you are well aware, Ms. Crayton's deposition is filled with examples of her deteriorating mental state. For example, you point to three references in her deposition where she stated she had photographs on her phone, believed she had photographs from 2007, and thought that she may have photographs from 2008-2016. Counsel has investigated each of these claims to determine if these locations yield other relevant photographs. Although Ms. Crayton stated she may have photographs on her phone, Ms. Crayton is adamant that she did not obtain a cell phone until the past few weeks and previously only had a land line. She had recently been provided a cell phone by the government for low income persons. Counsel searched her cell phone but no photographs of Ms. Crayton were on her phone, rather her photographs were limited to those of her grandchildren. Furthermore, counsel's search for additional responsive photographs did not uncover photographs from 2007-2016, aside from two photos in 2008 that depict Ms. Crayton wearing a wig. Although she testified early on in her deposition that she might have such items, she later testified on the same day that she had looked for all such photographs and was unable to locate any. (See 11-6-2018 Deposition of Shelia Crayton at 27:22-25; 292:19-293:1.) These later statements are consistent with the results of counsel's own search efforts as no trove of photographs from 2007-2016 depicting Ms. Crayton were located. More importantly, Ms. Crayton's contradictory statements evidence her confusion and memory loss.

Thus, counsel has conducted as complete a search of Ms. Crayton's home as possible given Ms. Crayton's cognitive limitations and has uploaded to MDL Centrality all representative photographs depicting Ms. Crayton within her possession. Additionally, counsel has tried to the best of their ability to obtain dates for all photographs based on the limited recollection of Ms. Crayton, but counsel is unable to attest to the accuracy of such dates.

The second item of concern raised in your letter, relates to the production of documents, namely books, pamphlets, and/or internet printouts, which were referred to during the course of Ms. Crayton's first deposition. At that time, Plaintiff testified that she may have a pink and grey book that discussed Taxotere. As you acknowledge, Ms. Crayton produced several documents, including books, within her possession prior to her second deposition (See MDL Centrality Record Document Nos. 245242-245348). Included within this production were relevant excerpts from a purple and pink book entitled "The Breast Cancer Dictionary" and a pink, grey, and blue book entitled "The Cancer Breakthrough You've Never Heard of," which mentioned tamoxifen. Your contention that these documents were not produced is in error; the real error is in Ms. Crayton's inability to recall the color of documents based on her failing memory.

Counsel has taken Sanofi's concerns seriously and has conducted a _second_ search for any potentially responsive material. In doing so, counsel searched all documents previously produced as well as searched for additional materials during their recent in-home visit with Ms. Crayton. Counsel was unable to locate a pink and gray book discussing Taxotere. In all likelihood, in her deposition Ms. Crayton was referring to one of the pink books she previously produced that discussed cancer. Moreover, each book has been reviewed and counsel is unable to locate any reference to Taxotere. However, counsel is willing to make each and every book available in hard copy format for inspection by you upon reasonable request and with proper notice. At that time you may copy any pages you deem relevant beyond that which has already been produced.

Furthermore, searches were conducted at Ms. Crayton's home for any internet printouts and none could be located.

With regard to the pamphlets that Plaintiff thought she may have received from Dr. Sekar, the only item which counsel or Plaintiff has been able to locate from Dr. Sekar's office was the Breast Cancer Dictionary which was previously produced in October of 2018. No other pamphlets were located. Counsel reiterates that counsel has conducted a search at an in-home visit with Ms. Crayton and has been unable to locate any additionally responsive information within the possession of Plaintiff. Locating items on behalf of a client with limited faculties is difficult. Should you wish to inspect and copy the Breast Cancer Dictionary in its entirety, beyond that which has been previously produced, counsel is happy to make the dictionary available to you upon reasonable request and with proper notice.

      Lastly, counsel has reviewed the purported written discovery deficiencies which you have raised and believes that the meet and confer set for this matter today will be helpful to clarify questions regarding the information sought. Counsel intends to produce supplemental responses, if so required, following the meet and confer after having an opportunity to more fully explore your concerns. However, counsel has reservations regarding Plaintiff's ability to attest to specific facts, dates, and time frames given her deteriorating physical and mental condition. As a result, counsel does not believe that Plaintiff retains the mental capacity and lucidity to properly sign and verify discovery production.

Sincerely,

*Betsy Barnes*
Betsy Barnes

*Richard Root*
Richard Root

*Christine Brandt*
Christine Brandt

BBAR/tcan