# EXHIBIT DD

Morris Bart, LA
Terry B. Loup, LA, MS, TX
Glenn Lieberman, LA
Kenneth M. Altman, LA, MS, FL
Craig A. Gentry, LA, MS
Janet Buggee Avery, LA
James L. Leathem, LA
Roderick A. James, LA
Daniel Snellings, LA, MS, FL
Dennis N. Thomson, LA, AL, AR
Abby L. Roberts, LA, AR
Paige Patriarca, LA
Patrick H. Gibbons, LA
David Lawson, LA
Esmeralda Graham, LA, NM
Lauren Pilie, LA, GA
Przemek Lubecki, LA, IL
Danielle Smith, LA, TX
Matthew Hemmer, LA, OH, KY
Sophia Johnson, LA, IL, TX
Jeffrey Lust, LA, TX
Kathryn Landry, LA
Austin Marks, LA
Erin E. Cloyd, LA
Sharika L. King, LA
Shalane Loehn, LA, MA
Reshonda Thompson, LA
Kim Paul, LA
Linda Gonzales, LA
J.D. Parker, LA
Kelly Johnson, LA
Travis Williams, LA
Alaina Brandhurst, LA
Lindsey Topp, LA, MS, CA
Adam Bosso, LA
Tamyra Craig, LA
Betsy Barnes, LA
John Richards, LA, AR
Lauren Sullivan, LA, MS
Richard (Rick) Root, LA
Paul Villalobos, LA
John Enochs, LA, TX, MS, KY
Spencer Gulden, LA, TX
Natalie Kobetz, LA
Sarah Constant, LA
Aaron Hurd, LA
Faye Sheets, LA, TN
Rebekah Capers, LA
Thelia Eaby, LA
Jacob Goehring, LA
Bevan Sabo, LA
Melodie Molina, LA
Marquita Cage, LA
Taylor Burnham, LA, GA
Rachel Fajoni, LA
Eve Vavrick, LA
John White, LA
Alexander Lair, LA
Luc Zeller, LA
Tara Melancon, LA
Robert Warren, LA
Mary Reed, LA
Jordan Lieberman, LA

OF COUNSEL
Shannon Rodriguez, LA
Darryl Dungan, LA, FL
Kristi Tamura, LA
Kathryn Cox, LA
Mark Lumpkin, LA
Stephanie Roberts, LA
Edward Boudreaux, LA
Melissa Herman, LA
Brejette Bundy, LA

ADMINISTRATOR
Mark Duhon

**MORRIS BART, L.L.C.**
ATTORNEYS AT LAW

Pan American Life Center, 601 Poydras Street, 24th Floor
New Orleans, Louisiana 70130-6036

Telephone 504.525.8000
Fax 504.599.3380

October 28, 2019

<u>*VIA USPS AND EMAIL*</u>
Kelly G. Bieri
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108

RE:   Cynthia Thibodeaux

Dear Kelly:

We have reviewed your correspondence dated October 15, 2019, related to purported discovery deficiencies of bellwether plaintiff Cynthia Thibodeaux. Counsel has undertaken a good faith effort to address each and every alleged deficiency to the best of counsel's ability.

A large portion of your letter focuses on purported photographic deficiencies. The issues raised are the purported lack of: (1) "before" photographs and (2) photographs from 2008 to 2016 (from the start of her chemotherapy until she filed the instant lawsuit). As you are aware, Ms. Thibodeaux lost a significant number of photographs in Hurricanes Katrina and Isaac. Counsel has performed an exhaustive search for photographs of Ms. Thibodeaux and uploaded over sixty (60) photos to MDL Centrality on October 24-25, 2019. Almost all of those photos are "after" photos dated between 2008 and 2016 that show Ms. Thibodeaux wearing a wig. We have also included a photograph of Ms. Thibodeaux taken several decades before her chemotherapy.

Counsel searched for photos on Mrs. Thibodeaux's phone and iPad. Counsel has uploaded the relevant non-duplicative photos, including the photo you referenced from the breast cancer walk to MDL Centrality. Counsel also obtained and uploaded copies of photographs on Ms. Thibodeaux's expired driver's licenses and her identification badge from her former employer. (Ms. Thibodeaux's husband has been attending a retreat, but he will search his phone yet again upon his return this week. See Mr. Williams' email to you of April 27, 2019.) Ms. Thibodeaux also requested that her brother and niece continue to search for photos. If any additional photos are found, they will be uploaded to MDL Centrality. You also requested photographs of Ms. Thibodeaux's arms, legs, genitalia, and the inside of her nose.

New Orleans        Baton Rouge        Shreveport         Lafayette          Monroe             Alexandria
504.525.8000       225.925.8000       318.222.9000       337.233.4200       318.807.1000       318.561.7700
           Lake Charles          Gulfport            Pascagoula           Hattiesburg          Mobile
           337.477.4600          228.432.9000        228.762.4700         601.583.8000         251.433.2210
Birmingham         Huntsville         Montgomery         Little Rock        Texarkana          Toll Free
205.251.6700       256.539.8500       334.834.1800       501.376.9000       870.772.1669       1.800.876.2244

www.morrisbart.com

Ms. Thibodeaux does not have any responsive photographs. (Please see Dr. Tosti's report for the information regarding the lack of hair on Ms. Thibodeaux's body.)

Ms. Thibodeaux gave counsel her passwords and log-ins for her LinkedIn and Facebook accounts. Yet again, in response to your letter, counsel has now searched Mrs. Thibodeaux's Facebook account with all PTO 71A search terms for a fourth time as well as reviewed any all photographs posted to her account. All relevant information has been produced. This should come as no surprise, as Mrs. Thibodeaux has previously testified that she allowed counsel access to her devices and the proper searches, as confirmed by counsel, were conducted. ("I gave them my email address and my password account..." Dep. II Tr. 546: 21-22).

Additionally, the testimony you cited from the deposition about whether Ms. Thibodeaux provided her phone to her counsel to search is not clear. Is the issue whether Ms. Thibodeaux **thought** she gave her attorney her phone and her response was that she didn't **think** that she had? These statements were not definitive. Nevertheless, Ms. Thibodeaux did provide counsel with her phone and iPad and counsel performed searches on both devices pursuant to the obligations set forth in PTO 71A. Ms. Thibodeaux does not own a computer. All responsive documents have been produced.

Thus, at this time, another search for photographs has been conducted with Ms. Thibodeaux, and all photographs depicting Ms. Thibodeaux within her possession have been produced. The second section in your letter seeks additional information referenced in Ms. Thibodeaux's depositions. The first item you raise is Ms. Thibodeaux's address for the time that she lived in LaPlace, Louisiana. Your question to Ms. Thibodeaux was, "[i]f you remember today, while we're in the deposition, when we go to lunch or on a break, what your address was when you lived at LaPlace, Louisiana, will you just let me know?" (Dep. I Tr 79:22-25). Ms. Thibodeaux did agree to let you know if she remembered that day. (Dep. I Tr 80:1). Counsel was unaware that your request was continuing past the end of Ms. Thibodeaux's deposition. The question posed refers to a particular period of time- the day of the deposition. Nonetheless, counsel has located her LaPlace address in her earlier deposition- 2824 English Colony Drive, LaPlace, LA.

The second item in the second section is Ms. Thibodeaux's purported failure to produce a list of documents she reviewed prior to her deposition. Ms. Thibodeaux confirmed that she went over documents with her attorney but could not remember the names of the documents. (Dep. II Tr 353:4-10, 354:4-355:8). At that time, Mr. Root provided you with the information you were requesting. He told you that Ms. Thibodeaux had reviewed the subpoena that accompanied the deposition notice. (Dep. II Tr 353:11-354:2). You have access to the subpoena and depo notice that was reviewed by Mrs. Thibodeaux prior to her deposition as you were the party who served the subpoena and therefore production is unnecessary.

The third section in your letter addresses your perceived deficiencies in Ms. Thibodeaux's written discovery responses. After the meet and confer, Ms. Thibodeaux will make a good-faith effort to respond to those purported deficiencies that are necessary. Many of them need clarifications and limitations.

      The fourth section of your letter addresses a Health Insurance Authorization. Counsel uploaded that authorization to MDL Centrality on October 21, 2019. (Doc No. 413787)

Sincerely,

Betsy Barnes

Richard Root

Christine Brandt

BBAR/tcan