UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
Tanya Francis, Case No. 2:16-cv-17410

### SANOFI'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TAX COSTS AGAINST PLAINTIFF TANYA FRANCIS

The Fifth Circuit has made clear that under Rule 54(d)(1) there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances – none of which are present here. Plaintiff's Opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld. This Court should rightly give effect to this "strong presumption" and grant Sanofi's motion in its entirety.

### LEGAL STANDARD

"Unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

In *Pacheco*, the Fifth Circuit cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." *Id.* at 794 (citation omitted). Among these reasons are, "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial

1

benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* Importantly – and what is omitted from Plaintiff's brief – the Fifth Circuit in *Pacheco* "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (quoting *Pacheco*, 448 F.3d at 794 n. 18).

The Fifth Circuit did subsequently hold, however, that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs," *id.* (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013) – a holding that is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). Relatedly, the Court of Appeals has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). And the Fifth Circuit has rejected an interpretation that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors" identified above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## ARGUMENT

### I. Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Costs.

In her Opposition, Plaintiffs misstates precedent in arguing that "when every one of the *Pacheco* factors cited above are present, this Court may deny or reduce costs." Pl.'s Br. at 5. As just discussed, the Fifth Circuit has specifically rejected this argument. Even assuming the Court could properly consider these factors, Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

2

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is of "limited financial resources" and that Sanofi has "enormous financial resources." Pl.'s Br. at 5, 7. Plaintiff, however, offers no legal authority to support her argument that costs should be withheld on this basis. To the contrary, the Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth – either relative or absolute – is impermissible as a matter of law," *Moore*, 735 F.3d at 320, and that the "limited resources" of the losing party cannot provide a basis for denying costs. *Id.* (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources' ").

As to the alleged misconduct (the second factor), Plaintiff claims that Sanofi's alleged failure "to disclose risks that it knew to be associated with its product despite a duty to warn of those very dangers" warrants costs being withheld. Pl.'s Br. at 6. This argument is a red herring and merely an unsupported allegation made in her dismissed case. Fifth Circuit case law holds that it is the prevailing party's fault, misconduct or bad faith *in the course of litigation* that is material. *See, e.g., Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990) (upholding tax against defendants (the prevailing parties) where they unjustifiably refused to produce documents in violation of a discovery order, repeatedly and falsely denied having applied for or having patent rights in an air-snorkel device, misled plaintiff, the purported inventor, about the nature of various documents, and were unwilling to state that certain information or claims should be directed to one defendant, rather than another). Plaintiff points to no evidence of any such conduct on the part of Sanofi.

As to the close and difficult legal issues presented (the third factor), Plaintiff generically avers that the dismissal of her case was a "close and difficult ruling." Pl.'s Br. at 6. To the

3

contrary, the Court applied a straightforward application of Louisiana prescription law in finding her claims were clearly time-barred. The Court found that years after her chemotherapy treatment, Plaintiff knew her hair had not returned as expected, yet she never investigated into any potential claim.

Additionally, Plaintiff fails to identify a substantial benefit that her lawsuit conferred on the *public* (the fourth factor). Instead, Plaintiff asserts that her case has "provided guidance to the parties and the Court on the issues relevant to the entire MDL." Pl.'s Br. at 6. Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred on the public. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

Ignoring the Fifth Circuit precedent contrary to her position, Plaintiff relies on various provisions of the Manual for Complex Litigation to argue that costs should be withheld. Pl.'s Br. at 2-4. Plaintiff's reliance on these materials (which pertain to cost allocation in pre-trial discovery) is wholly misplaced. Instead, under the applicable standard in Rule 54(d)(1), unless a federal statute, rule or court order provides otherwise – which there are none – Sanofi as the prevailing party is entitled to its costs.

Sanofi hereby withdraws its claim for expert costs of Dr. Portia Love.

## CONCLUSION

Based on the foregoing, Plaintiff cannot overcome the "strong presumption" that Sanofi, as the prevailing party, is entitled to recover its costs. Sanofi's Motion thus should be granted in its entirety, excepting expert costs.

Date: October 23, 2019                    Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*