UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Sheila Crayton, Case No. 2:16-cv-05923,
Cynthia Thibodeaux, Case No. 2:16-cv-15859.

**DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI U.S. SERVICES, INC.'S
REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

　　While Sanofi's Motion to Compel explained in great detail why many of Plaintiffs' discovery responses remain deficient, Plaintiffs' Opposition almost entirely ignores the substance of the discovery issues raised. Nor does Plaintiffs' Opposition address multiple issues regarding their photographic production to date. Plaintiffs' cursory treatment underscores an ongoing problem with Plaintiffs' approach to their discovery obligations. In just over four months, the parties will proceed to trial. To adequately prepare its defense, Sanofi needs complete and accurate discovery responses, information, and photographs from Plaintiffs. Sanofi asks the Court to compel Plaintiffs to respond fully and accurately to Sanofi's discovery requests, affirm production of all photographs, and permit a narrow supplemental deposition of Ms. Thibodeaux to address only the newly produced photographs and discovery responses.

**ARGUMENT**

I.  **The Court Should Compel Plaintiffs and Their Counsel to Certify They Have Produced All Photographs.**

Plaintiffs do not dispute (1) that Ms. Thibodeaux and Ms. Crayton produced 120 photographs of themselves in the last two weeks, or (2) that the recent production was made, in Ms. Crayton's case, by searching her home, and, in Ms. Thibodaux's case, searching her phone and iPad. *See* Letter from Ms. Thibodeaux's Counsel to Kelly Bieri (Oct. 28, 2019) (Ex. DD); Letter from Ms. Crayton's Counsel to Kelly Bieri (Oct. 28, 2019) (Ex. H to Rec. Doc. 8424-1). Plaintiffs also do not—and cannot—dispute their production occurred long *after* Plaintiffs and their counsel previously averred that all photographs of Plaintiffs had been produced—including from the very sources from which they recently produced more photographs. At bottom, these photographs either were not searched for previously or were withheld.[1]

Ms. Thibodeaux and her counsel certified compliance with PTO 71A in January 2018 and again in April/May 2019.[2] *See* No Additional ESI Found (Jan. 9, 2018) (also signed by Ms. Thibodeaux's counsel on Jan. 15, 2018) (Ex. J to Rec. Doc. 8424-1); Ms. Thibodeaux's PTO 71A Written Statement (Apr. 30, 2019) (also signed by counsel on May 3, 2019) (Ex. K to Rec. Doc. 8424-1). It is clear that Ms. Thibodeaux and her counsel had not complied with 71A at the time

---

[1] Among the eighty-two (82) photographs recently produced by Ms. Thibodeaux, Ms. Thibodeaux submitted new before photographs from the years leading up to her chemotherapy in the form of a driver's license photograph (2001) and an identification badge (2007). In Plaintiffs' brief, counsel asserts that they were "under the impression that the Court looked unfavorably upon those types of photographs." Rec. Doc. 8441 at 2. Judge Milazzo, however, has repeatedly explained the opposite. *See* Jan. 18, 2019 Hr'g Tr. at 143:1-14 (noting that driver's license photographs are relevant to proof of injury) (Ex. AA); May 29, 2019 Hr'g Tr. at 52:3-15 (explaining that "[p]eople are going to have driver's licenses" when discussing searches for before photographs) (Ex. BB); *id.* at 57:10-25 (The Court asking, "She doesn't have a driver's license?" when counsel for an MDL plaintiff asserted she had no before photographs from within five years of treatment) (Ex. BB); Aug. 15, 2019 Hr'g Tr. at 105:7-25 (Plaintiffs' liaison counsel offering to work with individual plaintiff's counsel to look for a driver's license photograph to fulfill obligation to produce photographs of plaintiff) (Ex. CC); *see also* PTO 68 (Rec. Doc. 1085), at 2, ¶ 3 (recognizing before photographs should be "portrait-type" photographs).

[2] Pretrial Order No. 71A Certifications are subject to Rule 26(g)(3). PTO 71A (Rec. Doc. 1531), at 4, ¶ 7.

of these certifications. Ms. Thibodeaux's counsel recently admitted (1) they searched Ms. Thibodeaux's email and Facebook account for the first and only time on September 5, 2019 and (2) they searched Ms. Thibodeaux's iPhone and iPad for the first and only time on October 24, 2019—over a year and a half after Plaintiff and her counsel certified compliance with PTO 71A:

> On 9/5/2019, plaintiff's counsel performed an online search of Ms. Thibodeaux's email and Facebook account only. Those searches were done pursuant to PTO 71(a). There were no searches at that time of any electronic devices themselves or any cloud account. On 10/24/2019, plaintiff's counsel performed a search on Ms. Thibodeaux's physical iPhone and iPad. These are the only searches performed.

Letter from Ms. Thibodeaux's Counsel to Kelly Bieri (Oct. 29, 2019) (Ex. L to Rec. Doc. 8424-1), at 2, ¶ 5. Plaintiffs' Opposition carefully avoided addressing this issue.

Of note, Ms. Thibodeaux's recent production includes a photograph that appeared on her Facebook page as early as June 18, 2015, over four years ago. However, it was produced to Sanofi for the first time on October 25, 2019—nearly a year after Sanofi first requested this type of responsive photograph, and over a year and a half after Plaintiff and her counsel first certified compliance with PTO 71A. And this production—coupled with counsel's representation of




3

searching Ms. Thibodeaux's Facebook *only* once in September 2019—calls into question Plaintiff's earlier sworn discovery responses:

- In her September 5, 2019 First Supplemental Response to Sanofi's Second Request for Production, Ms. Thibodeaux represented that "counsel for Plaintiff has run an exhaustive electronic search for any responsive documents three times and no photographs were located."

Ex. EE.[3]

Like Ms. Thibodeaux, questions remain about Ms. Crayton's photographic production. Despite that Ms. Crayton's counsel represented in *October 2018* that all photographs from Ms. Crayton's home had been produced, Ms. Crayton just produced 38 photographs found in her home on October 28, 2019.  *Compare* E-mail from Lauren Godshall to Kelly Bieri (Oct. 17, 2018) (Ex. G to Rec. Doc. 8424-1) ("We were unable to locate additional photographs beyond what we have produced to date."), *and* E-mail from Lauren Godshall to Kelly Bieri (Oct. 2, 2018) (Ex. G to Rec. Doc. 8424-1) ("Ms. Crayton's home search turned up the materials we have now uploaded to MDL Centrality"), *with* Letter from Ms. Crayton's Counsel to Kelly Bieri (Oct. 28, 2019) (Ex. H. to Rec. Doc. 8424-1) (acknowledging that a search of Ms. Crayton's house turned up additional photographs that were then uploaded to MDL Centrality).  Again, Plaintiffs' Opposition avoided addressing this issue.

Sanofi remains rightfully uncertain whether Ms. Thibodeaux and Ms. Crayton have produced all responsive photographs to their counsel, and whether Plaintiffs' counsel have disclosed all to Sanofi.  Plaintiffs' Opposition also latches onto Sanofi's statement that "Ms. Thibodeaux produced no photographs of herself from 2008-2016" and repeats that additional

---

[3] Ms. Thibodeaux's recent production also illustrates that her original response to Sanofi's production request was inaccurate.  On December 18, 2018, in her original Response to Sanofi's Second Request for Production, Ms. Thibodeaux averred that she had "no photographs responsive" to a request for "photographs posted to Facebook . . . showing the Plaintiff or her head, hair, or injury."  (Ex. Z), at 2.

4

photos simply do not exist. Rec. Doc. 8441 at 2-3. Putting aside any concerns of accuracy, 2008 to 2016 is not the only relevant time period. As Sanofi explained in its Motion to Compel, it has just four photographs of Ms. Thibodeaux from eight years *before* her treatment with Taxotere (two of which were produced by Ms. Thibodeaux in the last two weeks and one of which was produced by a third party pursuant to subpoena). Similarly, Sanofi also remains without photographs of Ms. Crayton dated between 1998 and the beginning of her chemotherapy a decade later, or of photographs of her head between her treatment and the filing of her lawsuit eight years later in 2016. The dearth of photographs over this period stretches belief. However, if this truly is the case, then Plaintiffs should confirm as much in writing.

Sanofi seeks limited, but necessary, relief. First, Sanofi requests the opportunity to depose Ms. Thibodeaux on her most recent production of eighty-two (82) photographs. Sanofi has no context for these photographs, and Ms. Thibodeaux is the only person capable of providing the necessary background for each one. Second, Sanofi requests the Court compel Plaintiffs to affirm in writing that all photographs of themselves in their possession have been produced, and require Plaintiffs' counsel to also affirm that all photographs provided to them by Plaintiffs have been produced. Third, Sanofi also requests that Plaintiffs' counsel cease submitting photographs with dates inconsistent with Plaintiffs' sworn testimony.[4] *S*ee Rec. Doc. 8424-1 at 5-7.

**II.     Plaintiffs' Responses to Sanofi's Interrogatories and Requests for Production of Documents Remain Deficient.**

   **A.     Ms. Thibodeaux**

Sanofi's Motion to Compel described in detail the deficiencies in Ms. Thibodeaux's written discovery responses. Plaintiffs' Opposition, however, addressed only two of the deficient

---

[4]     Again, Plaintiffs made no effort to address this concern in their Opposition briefing.

5

responses with any specificity.[5]  Even as to the discovery requests addressed, Plaintiffs' Opposition avoids addressing the actual substance of Sanofi's complaint.  All of Ms. Thibodeaux's responses identified by Sanofi still fail to answer the question posed fully and accurately.

For example, Plaintiff frames Interrogatory No. 10 to suggest Sanofi asked her to produce photographs in the possession of Frank Williams and Kenisha Thibodeaux.  Plaintiff states that, "All we can do is ask folks to look, look again, and keep on looking." Rec. Doc. 8441 at 4.  Neither the framing of Interrogatory No. 10 or Plaintiff's response is adequate.  Interrogatory No. 10 asks Ms. Thibodeaux to identify persons from whom *she* has received documents or things responsive to Defendant's Second Set of Request for Production; identify which documents or things were received; and provide the date and a description of the document or thing.  Interrogatory No. 10 is a straightforward request that should not require a motion to compel.  Plaintiff's current response does not address this request.

Next, Plaintiff turns to Interrogatory No. 4, which seeks information regarding Ms. Thibodeaux's communications with health care providers or others regarding treatment or potential treatment for hair loss.  The Interrogatory requests that for each person identified, Ms. Thibodeaux provide the date(s) and method of the communications, and describe the communications.  Sanofi seeks discoverable, factual information.

In her supplemental response, Ms. Thibodeaux included "Catherine Valteau" as someone she "may" have had contact or communication with regarding hair loss.  But, now in her Opposition brief, Plaintiff states her "reference to Ms. Valteau should have been left off, as we are advised that Ms. Valteau is deceased.  We apologize for that confusion." Rec. Doc. 8441 at 4.  This response is troubling in two respects.  First, Plaintiff knew Ms. Valteau was deceased when

---

[5] In total, Sanofi identified 10 deficient answers across Ms. Thibodeaux's responses for interrogatories and production.  Rec. Doc. 8424-1 at 7-11.

6

she filed her supplemental response: In her answer she listed "Catherine Valteau: deceased; date of discussion unknown; please see Plaintiff's deposition for only information known by Plaintiff[.]" (Ex. S to Rec. Doc. 8424-1 at 2). Regardless, and more importantly, Plaintiff's Opposition underscores a broader problem: Plaintiff was aware of Sanofi's concerns regarding discovery responses on October 15, 2019. (Ex. B to Rec. Doc. 8424-1). But, weeks later, Plaintiff's responses remain incomplete, and, as conceded by Ms. Thibodeaux, the information that has been provided is not entirely accurate.[6]

And, beyond these issues, Plaintiff fails to address Sanofi's broader complaint regarding this and numerous other of both bellwether Plaintiffs' responses:[7] that Plaintiffs do not provide the information requested regarding the communications and generically refer to large swaths of previously produced documents and depositions. As outlined in Sanofi's opening brief, this is improper.

Instead of addressing any of the other discovery requests at issue with specificity, Ms. Thibodeaux also raises (for the first time) a generalized objection: "[a]s to the remaining issues with Ms. Thibodeaux's discovery responses, she respectfully advises the Court that she is not an expert[.] . . . And to the extent that Sanofi wants to use discovery to obtain a premature exhibit list, and force Plaintiff to tell Sanofi which documents Plaintiff feels provide which element of the case more than other documents, Plaintiff respectfully suggest that those impressions are of a work product nature[.]" Rec. Doc. 8441 at 4. However, Ms. Thibodeaux's deficient responses cannot

---

[6] Similarly, in Crayton Request No. 1, Ms. Crayton's counsel responded that "counsel relies upon the previously produced records of Dr. Rochon which note that Plaintiff suffers from alopecia[.]" (Ex. P to Rec. Doc. 8424-1). Counsel further responds that Dr. Rochon's records have already been produced. *Id.* But, this was inaccurate. Ms. Crayton had not produced these documents until *after* Sanofi filed the instant motion to compel. Ms. Crayton also has never identified Dr. Rochon in her Plaintiff Fact Sheet as a provider.

[7] *See* Thibodeaux Request for Production No. 7 (Ex. R. to Rec. Doc. 8424-1); Thibodeaux Requests for Interrogatories Nos. 4-6, 10 (Ex. S to Rec. Doc. 8424-1); Crayton Requests for Production Nos. 1, 9-10, 12, 14 (Ex. P to Rec. Doc. 8424-1); Crayton Requests for Interrogatories No. 6, 8, 13 (Ex. Q to Rec. Doc. 8424-1).

be saved by stating she is not an expert or that Sanofi seeks work product—the bulk of these written discovery requests ask straightforward questions seeking information and documentation within Ms. Thibodeaux's knowledge and possession. The Court should direct Ms. Thibodeaux to respond to all the written discovery requests identified in Sanofi's Motion to Compel fully and accurately.

Ms. Thibodeaux also opposes Sanofi's request to depose her. In her Opposition, Plaintiff states she "feels she has complied with the questions and production duties in full." Rec. Doc. 8441 at 4. Respectfully, Sanofi disagrees. Sanofi seeks to depose Ms. Thibodeaux because she has produced 82 photographs and new written discovery responses in the last two weeks. Sanofi never had the opportunity to ask Ms. Thibodeaux about these photographs or discovery responses. The Court should permit Sanofi to depose Ms. Thibodeaux on these new areas.[8]

**B.    Ms. Crayton**

Plaintiffs' Opposition fails to addresses a single deficiency identified in Sanofi's Motion to Compel regarding Ms. Crayton. Instead, Plaintiff's counsel makes a blanket assertion that Ms. Crayton lacks the competence to comply with written discovery or verify her responses.[9] Sanofi reiterates three points in response. First, Ms. Crayton filed this lawsuit, and she has participated as an MDL plaintiff for more than two years. She is not legally incapacitated, and suit has not been filed on her behalf in a representative capacity.[10] Second, the Court has previously denied counsel's attempt to remove Ms. Crayton from the trial pool based on her health. Rec. Doc. 6935.

---

[8]    If the Court permits Sanofi to depose Ms. Thibodeaux, Sanofi represents that the scope of the deposition will cover only the recently produced photographs and the supplemental discovery responses.

[9]    In support of their argument that Ms. Crayton is not competent, Ms. Crayton's counsel point to Ms. Crayton's depositions and assert that, "Sanofi is aware of the approximately one hundred non-responsive answers to her various questions. 'I don't know' and 'I don't remember predominated.'" Rec. Doc. 8441 at 6. This is neither unusual nor specific to Ms. Crayton. Ms. Thibodeaux, for example, answered with similar phrases, such as "I don't know," "I don't remember," and "I don't recall" more than 150 times in her December 14, 2017 deposition alone.

[10]    As the facts stand today, Ms. Crayton—and not her counsel—must answer and verify her interrogatory responses. *See Leleux-Thubron v. Iberia Par. Gov't*, No. 6:13-CV-00852, 2015 WL 5519231, at *3 (W.D. La. Sept. 16, 2015). Plaintiff's counsel cannot unilaterally decide to answer Ms. Crayton's interrogatories for her.

Third, Ms. Crayton's counsel suggested that she be deposed as recently as September 2019 with no mention of competence concerns. *See* E-mail from Jordan Baehr to Jennifer Greene (Sept. 3, 2019) (Ex. U to Rec. Doc. 8424-1).[11] Plaintiff has an active litigation—and her case is scheduled potentially to be tried to a jury in four months. The Court should compel Ms. Crayton to provide complete and accurate discovery responses, discovery response verification, and an updated (non-expired) Psychiatric Records authorization.

## CONCLUSION

For the foregoing reasons, Sanofi respectfully requests the Court grant its Motion to Compel.

Date: November 5, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

***Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.***

---

[11] Ms. Crayton's Opposition also highlights her counsel's continued efforts to remove (or effectively remove) her from the trial pool without dismissing her case with prejudice.