UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: Barbara Earnest, Case No. 2:16-cv-17144 | |

### SANOFI'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TAX COSTS AGAINST PLAINTIFF BARBARA EARNEST

The Fifth Circuit has made clear that under Rule 54(d)(1) there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances – none of which are present here. Plaintiff's Opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld. This Court should rightly give effect to this "strong presumption" and grant Sanofi's motion in its entirety.

### LEGAL STANDARD

"Unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

In *Pacheco*, the Fifth Circuit cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." *Id.* at 794 (citation omitted). Among these reasons are, "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial

1

benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* Importantly, the Fifth Circuit in *Pacheco* "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.' " *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (quoting *Pacheco*, 448 F.3d at 794 n. 18).

The Fifth Circuit did subsequently hold, however, that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs," *id.* (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013) – a holding that is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.' " *Id.* (quoting *Pacheco*, 448 F.3d at 793). Relatedly, the Court of Appeals has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). And the Fifth Circuit has rejected an interpretation that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors" identified above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## ARGUMENT

I. **Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Costs.**

In her Opposition, Plaintiffs mischaracterizes Fifth Circuit law in arguing, "a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the [above] factors is met." Pl.'s Br. at 1. As just discussed, the Fifth Circuit has specifically rejected this argument. Even assuming the Court could properly consider these factors, Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "of limited means" and that Sanofi has "significant financial resources." Pl.'s Br. at 2, 7. The Fifth Circuit holds, however, that "reducing or eliminating a prevailing party's cost award based on its wealth – either relative or absolute – is impermissible as a matter of law," *Moore*, 735 F.3d at 320, and that the "limited resources" of the losing party cannot provide a basis for denying costs. *Id.* (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources' "). Even if this Court could consider Ms. Earnest's financial status – which the Fifth Circuit holds it cannot – based on standard contingency fee practice, it is likely that Plaintiff's counsel is the one who bears the costs where, as here, the case resulted in a defense verdict. At a minimum, Plaintiff should be required to make some factual showing to support her bald assertion she is "ill-equipped" and "unprepared to pay" Sanofi's costs.

As to the alleged misconduct (the second factor), Plaintiff claims that Sanofi "engaged in tactics that were abusive of the trial process including repeatedly violating this Court's evidentiary rulings during the course of the trial." Pl.'s Br. at 2. Plaintiff's accusations are unfounded and do nothing to support the denial of costs. Further, Plaintiff's reliance on *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533 (5th Cir. 1990) is wholly misplaced. There the Fifth Circuit upheld the district court's taxing of costs against the defendants (the prevailing parties) where they unjustifiably refused to produce documents in violation of a discovery order, repeatedly and falsely denied having applied for or having patent rights in an air-snorkel device, misled plaintiff about the nature of various documents, and were unwilling to state that certain information or claims should be directed to one defendant, rather than another. *Id.* at 539-40. Plaintiff points to no evidence of any such conduct on the part of Sanofi.

As to the close and difficult legal issues presented (the third factor), Plaintiff generically avers that "a number of close and difficult matters were weighed by the trier of fact" at trial. Pl.'s Br. at 2-3. Plaintiff ignores the fact that the jury deliberated for less than three hours before returning a defense verdict. This factor is, at best, neutral.

Plaintiff also fails to identify a substantial benefit that her lawsuit conferred on the public (the fourth factor). Instead, Plaintiff asserts that her case has "provide[d] guidance on issues relevant to the entire MDL." Pl.'s Br. at 3. Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred on the public. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people). Plaintiff, mistakenly, relies on *dicta* in *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997) in an attempt to show her case conferred a significant benefit on the public. *Chevron* concerned review of a district court's trial plan, not a motion to tax costs under Rule 54(d)(1), and is thus inapposite here.

Plaintiff offers two additional arguments – neither of which are supported by any legal authority – that costs should be disallowed.

First, Plaintiff claims that Sanofi's Motion should be denied because Sanofi's costs are not supported by "proper documentation." Pl.'s Br. at 1. Sanofi fully complied with Local Rule 54.3 by submitting the Court-approved Bill of Costs Form and a supporting Affidavit, which included an itemization of the costs Sanofi incurred. (Rec. Doc. 8340-2, 8340-3). Plaintiff cites no federal rule, local rule or any other legal authority that Sanofi's Motion is deficient. Nonetheless, Sanofi

attaches as **Exhibit A** invoices for costs of its expert witness, Dr. John Glaspy, and is willing to provide the Clerk with any further supporting documentation of its costs, if necessary.

Second, Plaintiff argues that Sanofi's Motion is premature because she has filed a motion for new trial, which remains pending. Pl.'s Br. at 1. Plaintiff, however, offers no case which suggests a court's ruling on a motion to tax costs should be deferred under these circumstances. Moreover, Sanofi should not be deprived of its statutory right to recover its costs, where a ruling on the motion for new trial and any appeals could take months, if not years, before resolution.

## CONCLUSION

Based on the foregoing, Plaintiff cannot overcome the "strong presumption" that Sanofi, as the prevailing party, is entitled to recover its costs. Sanofi's Motion thus should be granted in its entirety.

Date: November 6, 2019

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*