# EXHIBIT B

REVOCABLE LIVING TRUST AGREEMENT

DATE: June 4, 2008

TRUSTOR: TED TURNER AND MARTHA TURNER

TRUSTEE: TED TURNER AND MARTHA TURNER

## ARTICLE 1

## TRUST

1.1 DECLARATION OF TRUST. We, Ted Turner and Martha Turner, as trustors, establish a trust with Ted Turner and Martha Turner ("my trustees"), as co-trustees. All property which is made subject to this trust shall be held, administered, and distributed in accordance with this agreement.

1.2 NAME OF TRUST. This trust may be called the Ted and Martha Turner Revocable Living Trust.

1.3 TRUST PROPERTY. We have transferred and delivered to our trustees the property described on Schedule A, and our trustees acknowledge receipt of this property.

1.4 ADDITIONS TO TRUST. Our trustees may receive other property that is transferred by will or otherwise to our trustees by us or by any other person. Our trustees shall have the sole discretion to accept additions to the trust.

1.5 REVOCATION OR WITHDRAWAL. We reserve the right to revoke this agreement or to withdraw all or any portion of the trust property. Revocation or withdrawal shall be made only by a written instrument signed by us as trustors and filed with our trustees.

1.6 AMENDMENT. We reserve the right to amend this agreement by a written instrument signed by us as trustors and accepted by our trustees.

1.7 PERSONAL POWERS. The rights of revocation, withdrawal, and amendment reserved by us must be exercised solely by us and may not be exercised by any other person, including any agent,

Page 1 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

guardian, or conservator. However, if one of us is deceased or if during our joint lifetime one of us is incapacitated to the extent that he or she is unable to manage business affairs, the other trustor acting alone may exercise the foregoing rights of revocation, withdrawal, alteration and amendment.

1.8 SUCCESSOR TRUSTEE. If Ted Turner or Martha Turner die, resign, or become incapacitated the surviving trustee shall continue to act as sole trustee. If both co-trustees die, resign or become incapacitated, we name Ted's niece Kim Ebeling and Martha's sister Sybil Schreiber as co-successor trustees. If Kim Ebeling predeceases the survivor of us, Ted's niece Kristi Ceciliani shall be a co-successor trustee. If Sybil Schreiber predeceases the survivor of us, Martha's sister Karen Schaffer shall be a co-successor trustee.

1.9 INCAPACITY. For purposes of this instrument, we shall be considered incapacitated if we become unable to manage business affairs due to illness, age, or any other cause. The fact of incapacity shall be determined by our trustee upon consultation with any treating physician. If our trustee acts in good faith, our trustee shall not be liable for any acts or omissions by our trustee in reliance upon the determination of incapacity.

## ARTICLE 2

## FAMILY

2.1 SPOUSE. We declare that we are married and that we have no children.

## ARTICLE 3

## TRUST DISTRIBUTIONS DURING MY LIFE

During our lifetimes, the trust shall be administered and distributed as follows:

3.1 REQUESTED DISTRIBUTIONS. Our trustee shall distribute to us or for our benefit those amounts of income or principal which we request in writing.

3.2 DISTRIBUTIONS UPON INCAPACITY. If we become incapacitated, our trustee shall distribute to us or for our benefit those amounts of income or principal which our trustee considers necessary or advisable for our health, education, support, maintenance, or reasonable comforts including See's Candy for Martha (dark chocolate Marzipan and ginger) and strawberry shakes for Ted.

///

Page 2 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

ARTICLE 4

TRUST DISTRIBUTIONS AFTER MY DEATH

After our death, the trust shall be administered and distributed as follows:

4.1 DEBTS AND EXPENSES. If our trustee determines that other provision has not been adequately made, our trustee shall pay out of the residue of the trust estate, without apportionment, any debts of ours as they come due, expenses of our last illness and funeral, and expenses incurred in administering or distributing our probate or trust estate.

4.2 TAXES. Our trustee shall pay out of the residue of our trust estate, without apportionment, all estate, inheritance, and other death taxes (including interest and penalties) payable by reason of our death on property in or passing into any trust created by this agreement at or as a result of our death.

4.3 DISTRIBUTION OF RESIDUE. At the death of both co-trustees, our successor trustees shall distribute the remaining trust property equally among the seventeen numbered beneficiaries below, one share to each numbered listing:

4.3(a) BENEFICIARIES.

1) Carol Lewis (Ted's sister) and Glenn Lewis or the survivor of them. If both Carol and Glenn predecease Ted and Martha, this share shall return to the trust estate to be divided among the remaining beneficiaries.

2) Martha's parents Lucymay Schreiber and Robert Schreiber or the survivor of them. If both Lucymay and Robert predecease Martha and Ted this share shall return to the trust estate to be divided among the remaining beneficiaries.

3) Karen Lewis Lodby

4) Kim Lewis Ebeling

5) Kevin Lewis

6) Kenneth Lewis

7) Kristi Lewis Ceciliani

8) Kyle Lewis

9) Celeste Schreiber Borchardt

10) Roberta Schreiber

Page 3 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

11) Elaine Schreiber Fenton

12) Sybil Schreiber

13) Barbara Schreiber

14) Karen Schreiber Schaefer

15) Kirsten Schreiber Cowan

16) Vincent Schreiber

17) Larry Schreiber

Other than the beneficiaries listed under 1) and 2), if the beneficiaries listed herein predecease both trustees, that beneficiary's share shall be distributed to their devisees if they have a will or to their legal heirs otherwise.

## ARTICLE 5

## TRUST ADMINISTRATION

5.1 NO TRUST BENEFICIARY. If at any time there remains no named or described beneficiary of any trust, our trustee shall distribute the remainder of the trust as if we had died at the termination of the trust.

5.2 NONASSIGNMENT. The interest of any beneficiary in income or principal may not be voluntarily or involuntarily anticipated, alienated, or encumbered and shall not be subject to claims of creditors or others or to legal process. The limitations in this section shall not restrict the exercise of any power of appointment or the right to disclaim.

5.3 RULE AGAINST PERPETUITIES. Despite any other provision of this instrument, each trust created by this instrument shall terminate and be distributed as if it had then terminated in accordance with its terms not later than 21 years after the death of the last survivor of our descendants living at my death.

5.4 UNDISTRIBUTED INCOME. Income accrued or undistributed at the termination of a beneficiary's interest in a trust shall be added to and become part of the principal of that trust, and any rights of that beneficiary to that income shall terminate.

5.5 CONSIDERATION OF OTHER INCOME OR PROPERTY. In making discretionary distributions, our successor trustees may, but are not required to, consider any other income, support, or property available to the beneficiary.

5.6  CONSOLIDATION OF TRUSTS.  Our trustees may consolidate any trust created by this instrument with any other trust if the trusts have the same beneficiaries and are substantially identical.

## ARTICLE 6

## TRUSTEE POWERS

As to each trust created by this instrument, our trustees shall have all powers conferred on a trustee by Oregon law as now existing or later amended.  In addition, our trustees shall have the power:

6.1  MANAGE AND DISPOSE OF ASSETS.  To manage, maintain, improve, lease, grant options on, encumber, sell, exchange, or otherwise dispose of part or all of the trust estate in any manner and on any terms my trustee considers beneficial to the trust estate.

6.2  RETAIN ASSETS.  To retain any property for so long as our trustees consider retention of probable benefit to the trust estate and the trust beneficiaries.

6.3  MAKE INVESTMENTS.  To invest and reinvest the trust estate in common or preferred stocks, bonds, mutual funds, common trust funds, secured and unsecured obligations, mortgages, and other property, real or personal, which our trustees consider advisable and in the best interest of the trust estate, whether or not authorized by law for the investment of trust funds.

6.4  RECEIVE COMPENSATION.  To receive reasonable compensation for our trustees' own services and reimbursement for expenses incurred in administering the trust estate.

6.5  ADVANCE FUNDS OR BORROW.  To advance our trustees' own funds to the trust for any trust purposes at prevailing rates of interest (with any advance to be a lien on the trust estate) and to borrow money for those purposes and upon those terms and conditions which our trustees consider to be in the best interest of the trust estate.

6.6  PURCHASE ASSETS AND MAKE LOANS.  To purchase assets at their fair market value (as determined by our trustees) from my probate estate, and to make secured or unsecured loans to our probate estate, for any reason our trustees believe will benefit our probate estate.

6.7  COMBINE MANAGEMENT OF SEPARATE TRUSTS.  To hold the trust estate as an undivided whole without separation into any separate trusts for as long as our trustees consider suitable and to allot undivided interests in any asset to any separate trusts,

Page 5 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

but no undivided holding shall defer vesting or distribution under the trusts.

6.8 CHOOSE MANNER OF MAKING DISTRIBUTION. To make any distribution in any of the following ways to a beneficiary who is a minor, incompetent, under legal disability, or considered by our trustees to be unable to handle property if paid to him directly, without liability to our trustees:

6.8(a) Directly to the beneficiary.

6.8(b) To the beneficiary's guardian or conservator, to a custodian under the Oregon Uniform Transfers to Minors Act, or to any other fiduciary.

6.8(c) To any person or organization furnishing health care, education, support, or maintenance.

6.9 DO OTHER ACTS. Except as otherwise provided in this instrument, to do all acts that might legally be done by an individual in absolute ownership and control of property and which in my trustees' judgment is necessary or desirable for the proper and advantageous management of the trust estate.

ARTICLE 7

TRUSTEE

7.1 RESIGNATION OF TRUSTEE. Our trustees may resign the trusteeship at any time. In addition, if all current income beneficiaries of any trust request in writing, our trustees shall resign the trusteeship of that trust. Any resignation shall be in writing and shall become effective only upon written acceptance of the trust by a successor trustee.

7.2 DESIGNATION OF SUCCESSOR TRUSTEE. If a trust has no trustee and no successor is named in this instrument, a majority in interest of the current income beneficiaries of that trust may appoint a successor trustee in writing. Beneficiaries not of legal age or capacity shall be represented by their guardians, if any, in requesting the resignation of a trustee under this section. If the current income beneficiaries fail to appoint a successor, any court having jurisdiction may do so at the request of any person interested in the trust.

7.3 TRANSFER TO SUCCESSOR TRUSTEE. Upon acceptance, a successor trustee shall succeed to all rights, powers, and duties of the trustees. All right, title, and interest in the trust property shall vest in the successor. The prior trustees shall, without warranty, transfer the existing trust property to the successor trustee. A successor trustee shall not have any duty to examine the records or actions of any former trustees and

Page 6 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

shall not be liable for the consequences of any act or failure to act of any former trustees.

    7.4  NO BOND REQUIRED. No bond or other undertaking shall be required of any individual trustee of any trust.

## ARTICLE 8

### GENERAL ADMINISTRATIVE PROVISIONS

    8.1  SURVIVORSHIP. A beneficiary under this instrument shall be considered to survive us only if the beneficiary is living on the sixtieth day after the date of our deaths.

    8.2  DESCENDANTS. "Descendants" means all naturally born or legally adopted descendants of the person indicated.

    8.3  ELECTIONS, DECISIONS, AND DISTRIBUTIONS. I authorize our trustees to make any election or decision available to my trust under federal or state tax laws, to make pro rata or non-pro rata distributions without regard to any differences in tax basis of assets distributed, and to make distributions in cash, in specific property, in undivided interests in property, or partly in cash and partly in property. The good faith decisions of our trustees in the exercise of these powers shall be conclusive and binding on all parties, and our trustees need not make any adjustments among beneficiaries because of any election, decision, or distribution.

    8.4  CHANGE IN CORPORATE FIDUCIARY. If any corporate fiduciary is merged or voluntarily liquidated into or consolidated with another entity having the required fiduciary powers, the successor shall have all powers granted to the original corporate fiduciary.

    8.5  GOVERNING LAW. The validity and construction of this agreement shall be determined under Oregon law in effect on the date this agreement is signed.

    8.6  CAPTIONS. The captions are inserted for convenience

///

///

///

///

///

///

Page 7 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

only. They are not a part of this instrument and do not limit the scope of the section to which each refers.

This agreement is executed on this 4th day of June, 2008.

TRUSTORS:

_____     _____
Ted Turner                    Martha Turner

TRUSTEES:

_____     _____
Ted Turner                    Martha Turner


STATE OF OREGON    )
                   )ss.
County of Clackamas)

Personally appeared Ted Turner and Martha Turner and acknowledged the foregoing instrument to be their voluntary act and deed.

Before me:

_____
NOTARY PUBLIC FOR OREGON
My Commission Expires: 11-12-10

OFFICIAL SEAL
LOLA L JACKSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 410130
MY COMMISSION EXPIRES NOVEMBER 12, 2010

Page 8 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

SCHEDULE "A"

BEING a schedule of property transferred in accordance with the Trust Agreement

Between

Ted and Martha, as Trustors

and

Ted and Martha Turner, as Trustees

DATED this 4th day of June, 2008.

Asset Description                                                    Approx. Value

Real Property - 2810 N.W. Savier Street
                Portland OR 97210

Real Property - 4664 S.E. King Road
                Milwaukie OR 97222

Smith Barney:
    Account No. ██████  - Joint
    Account No. ██████  - Managed

**Spouse is primary beneficiary,
Trust is ███████y beneficiary:**

Smith Barney Account No. ██████ - Martha - Roth IRA
Smith Barney Account No. ██████ - Ted - Roth IRA
Smith Barney Account No. ██████ - Martha - IRA
Smith Barney Account No. ██████ - Ted   SEP - IRA

PERS:
    Account No. ███████████ - Martha

PERS:
    Individual Account Program (IAP)
    ID ██████ - Martha

Equitable-TSA:
    Account No. █████████ - Martha

Life Insurance:
    First Colon(y)(Gensworth) Life Insurance - Ted
    Policy No. ████████

    NEA Life Insurance
    Certificate No. ████████

Page 9 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

Not in trust but payable on death to trust after death of survivor:

US Bank - ███████████

By: _____  By: _____
    Ted Turner, Trustor          Martha Turner, Trustor

By: _____  By: _____
    Ted Turner, Trustee          Martha Turner, Trustee

Page 10 - TED AND MARTHA TURNER REVOCABLE LIVING TRUST

SCHEDULE "A"

BEING a schedule of property transferred in accordance with the Trust Agreement

Between

Ted Turner, as Trustor

And

Ted Turner, as Trustee

DATED this 15th day of February, 2019

**Asset Description**

Real Property – 2810 N.W Savier Street
   Portland, OR 97210

Vanguard:
   Acct. No. : ▮▮▮▮▮ - Joint

**Trust is beneficiary of IRA's and life insurance**

Vanguard:
   Acct. No. : ▮▮▮▮▮ – Ted – SEP IRA

   Acct. No. : ▮▮▮▮▮ - Ted – Roth IRA

Life Insurance:
   Gensworth Life Insurance - Ted
   Policy No. ▮▮▮▮▮

**US Bank - Not in trust but payable on death to trust after death** of survivor:

   US Bank - ▮▮▮▮▮

Litigation: Any funds payable to Martha Turner resulting from Martha T. Turner v. Sandoz, Inc. and Accord Healthcare, Inc., United States District Court, Eastern District of Louisiana, MDL 2740, Civil Action No. : 2:17-cv-7732

By: _____        By: _____
   Ted Turner, Trustor                    Ted Turner, Trustee

EXHIBIT "B"

NOTICE OF AMENDMENT OF DECLARATION OF TRUST

By an instrument dated June 4, 2008, We, Ted Turner and Martha Turner, created a Trust with ourselves as the initial Trustees. By signing this instrument, we hereby amend that Declaration of Trust as follows:

Page 3, Paragraph 4.3(a)(3)-correction to spelling of "Loddby"

Page 3, Paragraph 4.3- change seventeen to "fifteen"

Page 3, Paragraph 4.3(a) Beneficiaries-totally delete Paragraphs (1) and (2) regarding Carol and Glenn Lewis and Martha's parents

Said amendment is effective immediately.

IN WITNESS WHEREOF, we have executed this instrument on the date indicated next to our signatures.

DATED: __April 6, 2017__

_____
TED TURNER

_____
MARTHA TURNER

STATE OF OREGON         )
                        ) ss.
COUNTY OF MULTNOMAH     )

The foregoing instrument was acknowledged before me this __6th__ day of __April__, __2017__ by Ted Turner and Martha Turner, as Grantors.

Before me:

_____
Notary Public for Oregon
My Commission Expires: January 17, 2021

1 - EXHIBIT "B"

OFFICIAL STAMP
KIMLYN PARINNA JENSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 958130
MY COMMISSION EXPIRES JANUARY 17, 2021