# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3

 4
     IN RE:   TAXOTERE (DOCETAXEL)        *
 5            PRODUCTS LIABILITY          *   Docket No.: 16-MD-2740
              LITIGATION                  *   Section N
 6                                        *   November 10, 2106
     This Document Relates To All Cases   *   New Orleans, Louisiana
 7   * * * * * * * * * * * * * * * * * *  *

 8
                 TRANSCRIPT OF MONTHLY STATUS CONFERENCE
 9          HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                     UNITED STATES DISTRICT JUDGE
10


11
     APPEARANCES:
12
     For the Plaintiffs:          Pendley, Baudin & Coffin, LLP
13                                BY:  CHRISTOPHER COFFIN, ESQ.
                                  1515 Poydras Street, Suite 1400
14                                New Orleans, Louisiana 70112

15

16                                Barrios, Kingsdorf & Casteix, LLP
                                  BY:  DAWN BARRIOS, ESQ.
17                                701 Poydras Street, Suite 3650
                                  New Orleans, Louisiana 70139

18

19
                                  Gainsburgh, Benjamin, David,
20                                  Meunier & Warshauer, LLC
                                  BY:  GERALD E. MEUNIER, ESQ.
21                                BY:  PALMER LAMBERT, ESQ.
                                  2800 Energy Centre
22                                1100 Poydras Street
                                  New Orleans, Louisiana 70163-2800
23

24

25

            JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
```

```
 1   will --
 2              THE COURT:  Right.  Okay.
 3              MR. COFFIN:  -- but I don't know of any at this
 4   point.
 5              THE COURT:  Well, I'm just asking about as we sit
 6   here today --
 7              MR. COFFIN:  No.
 8              THE COURT:  -- looking at the horizon of what we'll
 9   have to deal with.
10                   Insofar as -- you all have it on your list, and
11   I have it on mine as well -- a master complaint.  We have done
12   that in the two MDLs that I have handled.  I thought it was
13   very useful and productive to try to tee everything up on a
14   master complaint, which would bring up the Rule 12 motion
15   practice and some of the things that have already been filed in
16   some of the cases.
17                   When we do get liaison counsel, I would like you
18   all to consider filing a master complaint.  I'm not going to
19   order it, that it be filed by any particular day today.  But I
20   think that is something that is going to need to be addressed
21   early on by liaison counsel.
22                   So you certainly may begin discussing that and
23   what that might look like, what issues might be brought to the
24   fore in a master complaint, but I'd like to pursue that line of
25   thought.  I take it you all have since it's on your list here,
```

1  **MR. STRONGMAN:** And I think a couple of issues that
2  are, again, what I would kind of consider hurdle issues in this
3  litigation involve -- you mentioned general causation, and it
4  is complicated. And I think this litigation is somewhat unique
5  in that specific and general causation are perhaps more balled
6  up together here than in other places.
7  For example, Taxotere, in most all of the cases
8  that we've seen to date that have been filed, involves
9  treatment with a host of chemotherapy agents. It's a
10 collection of medications that are used, all of which have hair
11 loss as a potential side effect.
12 So you have a very complicated set of facts with
13 each and every person. And so you're absolutely right, the
14 causation is a big hurdle, and specific causation is going to
15 be an even bigger hurdle.
16 All chemotherapy agents in general have hair
17 loss as a side effect. Everybody knows that. And we're going
18 to have this tug and pull, I believe, too, on, what is the
19 injury that we're talking about, what is permanent hair loss,
20 what is persistent hair loss, and how do we define that, which
21 is another critical issue. It has a scientific component to it
22 certainly, but it will also have a significant impact on how we
23 are able to kind of collectively evaluate our cases together as
24 well.
25 So I agree with you, that addressing those kind

1  of causation and scientific definitional issues are important
2  to understand how we can move this litigation forward.
3        **THE COURT:** Okay. Well, it was just a thought. It
4  was on my list of things that I would ask you all to consider.
5  It sounds like you both have, so we'll get into that in a lot
6  more detail.
7        You also have -- well, I think we already talked
8  about, if I'm not mistaken, the ESI protocol issue. I will
9  have to get with the magistrate on that, but that will be
10 something that we'll want to tee up early.
11       **MR. COFFIN:** Very early. Yes, Your Honor.
12       **THE COURT:** The defense, did you all have any
13 thoughts on that you wanted to comment on what was said?
14       **MR. STRONGMAN:** Nothing specific. We can certainly
15 work on a protocol. Once we know who we're negotiating with,
16 we'll go down that road.
17       **THE COURT:** Okay. No. 10 on your list, I think we
18 talked about the fact sheet issue, unless anyone has anything
19 to add.
20       The potential for a tolling agreement. Anybody
21 want to comment on that?
22       **MR. COFFIN:** Well, we have discussed this in earlier
23 cases earlier this year. We haven't come to an agreement, but
24 my understanding the last time we talked about it was that it's
25 potentially still on the table.