# EXHIBIT D

```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************

 4   IN RE:  TAXOTERE
     (DOCETAXEL) PRODUCTS
 5   LIABILITY LITIGATION

 6                               CIVIL ACTION NO. 16-MD-2740 "N"
                                 NEW ORLEANS, LOUISIANA
 7                               WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8   THIS DOCUMENT RELATES TO:

 9   ALL CASES

10   ****************************************************************

11
                 TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12             HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                       UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15

16   FOR THE PLAINTIFFS:     BARRIOS KINGSDORF & CASTEIX
                             BY:  DAWN M. BARRIOS, ESQ.
17                                BRUCE S. KINGSDORF, ESQ.
                             701 POYDRAS STREET, SUITE 3650
18                           NEW ORLEANS, LOUISIANA 70139

19

20                           GAINSBURGH BENJAMIN DAVID
                             MEUNIER & WARSHAUER
21                           BY:  M. PALMER LAMBERT, ESQ.
                             1100 POYDRAS STREET, SUITE 2800
22                           NEW ORLEANS, LOUISIANA 70163

23

24                           PENDLEY BAUDIN & COFFIN
                             BY:  CHRISTOPHER L. COFFIN, ESQ.
25                           1515 POYDRAS STREET, SUITE 1400
                             NEW ORLEANS, LOUISIANA 70112
                              OFFICIAL TRANSCRIPT
```

1    plaintiffs' counsel in formulating allegations within a Master
2    Long Form Complaint, as well as the administrative function of
3    a master complaint.
4           However, with that being said, specific
5    allegations, particularly with respect to any allegations of
6    fraud, should be perfected within the short form complaints
7    filed in the individual member cases.
8           However, also at this point in the litigation,
9    allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to
10   proceed serves the goals of the MDL.  Just as the Court noted
11   in the *In re: Trasylol Product Liability Litigation* -- you can
12   find that at 2009 Westlaw 577726 -- this Court finds that it is
13   in the best interest of justice to allow these claims to go
14   forward, and to more appropriately be addressed when we move to
15   the summary judgment phase of the case.
16          Now, with respect to Counts 2 and 8, which allege
17   strict liability for misrepresentation and breach of an express
18   warranty respectively, the Court requires additional
19   information from plaintiffs.
20          The defendants are correct in stating that the
21   plaintiffs have not provided any express statement by the
22   defendants that was either misleading or an express warranty
23   and relied upon by a plaintiff or a particular group of
24   plaintiffs.
25          The Court agrees that plaintiffs cannot state a

*OFFICIAL TRANSCRIPT*