**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                 SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Wanda Stewart, Case No. 17-cv-10817;*
*Dora Sanford, Case No. 17-cv-09417;*
*Alice Hughes, Case No. 17-cv-11769.*

**SANDOZ, HOSPIRA, AND ACCORD DEFENDANTS' RESPONSE TO**
**THE PSC'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM**
**COMPLAINTS FOR THIRD TRIAL PLAINTIFFS**

Hospira, Inc., and Hospira Worldwide, LLC, formerly doing business as Hospira

Worldwide, Inc. ("Hospira"), Sandoz Inc. ("Sandoz"), and Accord Healthcare, Inc. ("Accord")

(together, "Defendants") respond to and oppose the PSC's Motion for Leave to File Amended

Short Form Complaints for Third Bellwether Trial Plaintiffs (Doc. 8577) (the "Motion").

Plaintiffs Wanda Stewart, Dora Sanford, and Alice Hughes seek permission from the Court

to amend their respective Short Form Complaints ("SFCs") to:  eliminate some of the legal counts

not recognized by Louisiana law; add a failure-to-warn claim under the Louisiana Products

Liability Act ("LPLA"); and revise and add numerous allegations that are either inconsistent with

their prior allegations and sworn testimony or are irrelevant to these Defendants.  *See* Proposed

Second Am. SFCs in *Stewart* (Doc. 8577-2), *Sanford* (Doc. 8577-3), and *Hughes* (Doc. 8577-4).

Defendants do not oppose the Motion for leave to amend to the extent that Plaintiffs seek to

eliminate causes of action not permitted by Louisiana law and to add a failure-to-warn claim under

the LPLA.  Defendants otherwise oppose the Motion for the following three reasons.

First, Plaintiffs' Motion should be denied to the extent that it seeks to retain Count I from

the Master Complaint, for "Strict Products Liability – Failure to Warn."  Louisiana law governs

Plaintiffs' cases and does not permit strict products liability or common law failure-to-warn claims here.  Rather, allegations of failure to warn may be pursued exclusively under the LPLA.  Plaintiffs should be directed to substitute their LPLA cause of action for their generic Master Complaint Count I.  They cannot pursue both.

Second, Plaintiffs' Motion for leave to amend should be denied to the extent that it seeks to use the SFCs improperly and as an end-run around their motion for leave to amend the Master Complaint.  The purpose of the Short Form Complaint is to tailor the general allegations in the Master Complaint to fit the specific facts of each case.  Instead, Plaintiffs are attempting to use their SFCs to do the opposite – to *expand* the general, non-case-specific allegations in the Master Complaint.  Indeed, Plaintiffs concede that their motions to amend the SFCs would make the same proposed changes and additions that all Plaintiffs have moved for leave to make to the Master Complaint (Doc. 8334).  *See* Pls.' Mem. in Supp. of Mot. (Doc. 8577-1) at 1-2; *see also* Proposed Second Am. SFC in *Sanford* (Doc. 8577-3) at 4-12.  All Defendants have opposed Plaintiffs' motion for leave to file an amended Master Complaint (Doc. 8601), and this Court is scheduled to hear argument on December 5, 2019 (Doc. 8389).  Plaintiffs cannot cite any authority for amending Master Complaint allegations through SFCs, and their Motion should therefore be denied to the extent that it seeks to alter those general, non-case-specific allegations.

Plaintiffs' attempt to add new and amended general allegations to their SFCs should also be denied for all of the same reasons Defendants set forth in their opposition to Plaintiffs' motion for leave to amend the Master Complaint, including Plaintiffs' undue delay and the prejudice and futility of the requested amendments.  Further, Plaintiffs' Motion should be denied to the extent that it proposes to add dozens of allegations that relate only to Sanofi, a non-party, and not to any of the 505(b)(2) Defendants named in these three cases.  Regardless of whether Plaintiffs are

permitted to add these new allegations to the Master Complaint (and they should not be), there is no basis for adding them to the SFCs, which should contain only allegations that apply to these specific cases.

Third, Plaintiffs' Motion should be denied as to Plaintiff Hughes's attempt to amend her case-specific factual allegations to delete her previously-alleged date of onset of injury.

This Court should deny the Motion except as to the limited consented-to amendments and Plaintiffs should promptly file compliant amended SFCs.

## **BACKGROUND**

To facilitate orderly filings in this MDL, the parties agreed upon and the Court adopted a Short Form Complaint Order and process that directs Plaintiffs to "refer to the Amended Master Long Form Complaint" and "tailor the [SFC] form to correspond to each Plaintiff's claims/allegations." PTO 37A (Doc. 1682) at 1. The agreed SFC form and process followed significant negotiation, including with respect to which case-specific information Plaintiffs should include in the enumerated paragraphs 1-13 of the SFC.

Plaintiffs filed their initial SFCs on October 18, 2017 (*Stewart*) (Ex. 1), September 21, 2017 (*Sanford*) (Ex. 2), and November 3, 2017 (*Hughes*) (Ex. 3). Each SFC incorporated by reference the operative Master Complaint, set forth case-specific allegations following the agreed form, and asserted the following legal counts from the Master Complaint: Strict Products Liability – Failure to Warn; Strict Products Liability for Misrepresentation; Negligence; Negligent Misrepresentation; Fraudulent Misrepresentation; and Fraudulent Concealment. Plaintiff Stewart also asserted an additional cause of action for alleged redhibitory defects under Louisiana law. SFC in *Stewart* (Ex. 1) at 4.

Plaintiffs Stewart, Sanford, and Hughes were included in the third Trial Pool, and on October 31, 2019, in CMO No. 21 (Doc. 8430), this Court selected the three cases to proceed with discovery in connection with the third trial.  On November 14, 2019, an agreed deadline, Plaintiffs in each case moved to amend their SFCs.  Each Plaintiff's proposed amended SFC:

1.  Amends the case-specific information provided in SFC paragraph 12, which requires allegations about the "[n]ature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury)," to provide only the following allegation in each case:  "Permanent, irreversible and disfiguring alopecia." Proposed Second Am. SFCs in *Stewart* (Doc. 8577-2) at 3; *Sanford* (Doc. 8577-3) at 3; *Hughes* (Doc. 8577-4) at 3.  This is in contrast to the individualized, case-specific description each Plaintiff offered for her own alleged injury in the original SFCs, namely: in *Stewart*:  "Permanent hair loss"; in *Sanford*:  "Disfiguring permanent Alopecia beginning sometime after treatment with Taxotere (Docetaxel) and continuing until present"; and in *Hughes*:  "Hair Loss and Thinning – August 2012."  SFCs in *Stewart* (Ex. 1) at 4; *Sanford* (Ex. 2) at 4; and *Hughes* (Ex. 3) at 4.

2.  Removes all previously asserted causes of action except for "Strict Products Liability – Failure to Warn."  *See, e.g.*, Proposed Second Am. SFC in *Sanford* (Doc. 8577-3) at 4.

3.  Adds a cause of action for "Inadequate Warning Under LSA-RS 9:2800.57."  *See, e.g.*, *id.* at 12.

4.  Adds nine pages and 31 paragraphs of allegations copied verbatim from Plaintiffs' proposed Second Amended Master Complaint, which is subject to the PSC's pending motion for leave, many of which are redacted, nearly all of which involve allegations

4

asserted against Sanofi, a non-party in these three cases, and none of which is specific to any of the Plaintiffs or Defendants in these three cases. *See, e.g.*, *id.* at 4-12.[1]

## LEGAL STANDARD

While Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires," the Fifth Circuit has stated that "leave to amend should not be given automatically." Fed. R. Civ. P. 15(a)(2); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). For example, the Court has discretion to deny leave if a proposed amendment is "futile" or otherwise fails to state a claim upon which relief could be granted. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 531 (5th Cir. 2004). The Court also has discretion to deny leave if a proposed amendment would unduly prejudice defendant, including where, as here, "[plaintiff's] attempt to broaden the issues would likely require additional discovery" or require the defendant to prepare a different defense. *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).

I.    **This Court Should Deny Plaintiffs' Motion to the Extent That It Seeks to Retain a Legally Insufficient "Strict Products Liability" Claim**

Courts routinely deny leave to amend a complaint if the proposed amendment contains legally insufficient claims. *See, e.g.*, *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288-89 (10th Cir. 2008); *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1332-33 (Fed. Cir. 2000). This is because proposed amendments containing legally insufficient claims are futile. *See Duzich*, 395 F.3d at 531. "'[T]o determine futility, [courts] . . . apply the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Fuller v. United States*, No. 00-

---

[1] The proposed amended SFCs also contain certain changes to the "Defendants" and "Product(s)" identified and Stewart's eliminates the additional cause of action for redhibitory defect under Louisiana law that appeared in her original SFC. *See, e.g.*, Proposed Second Am. SFCs in *Stewart* (Doc. 8577-2) at 2-3, 13, and *Hughes* (Doc. 8577-4) at 2-3, 13. Defendants do not oppose those amendments, except to the extent that Plaintiffs have included the product name "Docetaxel Injection Concentrate," which does not apply to these Defendants.

2791, 2001 WL 699036, at *1 (E.D. La. June 20, 2001) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

Under Louisiana law, which governs these three Louisiana Plaintiffs' cases, products liability claims are legally insufficient unless permitted by the LPLA, which establishes "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. Because the LPLA does not permit any theory of strict liability, a strict liability claim is no longer "viable as an independent theory of recovery against a manufacturer" in a products liability action under Louisiana law. *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997).

Defendants do not oppose Plaintiffs' motion for leave to amend their SFCs to eliminate counts. Nor do Defendants oppose Plaintiffs' motion to add an inadequate warning claim under the LPLA. But the proposed amendments also seek to retain the Master Complaint's generic Count I claim for "Strict Products Liability – Failure to Warn." Because Louisiana law does not permit such a claim and it would be subject to dismissal under the LPLA, Plaintiffs should not be allowed to amend to include it together with the LPLA claim. Instead, they should be directed to substitute their LPLA claim for the impermissible Master Complaint Count I.

II.     **The Court Should Deny Plaintiffs' Motion Because It Improperly Proposes to Amend the Master Complaint Through Short Form Complaints and Add Allegations About a Non-Party**

      a.   ***The Court Should Not Permit Plaintiffs to Amend the Master Complaint by Amending Short Form Complaints***

Plaintiffs attempt to do indirectly – amend the Master Complaint – what they have not been permitted to do directly. Specifically, Plaintiffs' Motion seeks to amend their SFCs by adding to or revising 31 paragraphs or subparagraphs in the operative Master Complaint, without having been granted leave to make those amendments to the Master Complaint. While the SFC process

6

adopted by the parties and the Court permits a Plaintiff to select from and add to the list of *legal counts* included in the Master Complaint to tailor her causes of action to her claims and the state law governing her case, neither the parties nor the Court ever contemplated, much less permitted, a process by which individual plaintiffs could seek to amend, through an SFC, the allegations in the Master Complaint on which all parties have relied in conducting general fact and expert discovery and other pretrial activities for years. There is good reason for this – to permit such amendments to those general allegations by each Plaintiff in an MDL would defeat the purpose of having a Master Complaint, create confusion about the scope and nature of common claims, and lead to significant uncertainty and inefficiency in these pretrial proceedings. Plaintiffs do not and cannot cite any authority supporting their attempt to amend the Master Complaint through their SFCs, and this Court should deny their Motion for leave to do so.

In any event, the Court is already addressing Plaintiffs' opposed motion for leave to file a Third Amended Master Complaint. That motion seeks to amend the Master Complaint in the same way that Plaintiffs attempt to amend it here through their SFCs, by revising allegations to fundamentally change the definition of Plaintiffs' alleged injury and by adding allegations that Defendants concealed the alleged risks of docetaxel from the medical community. As Defendants show in their Opposition to that motion (Doc. 8601), which Defendants incorporate in full by reference here, the Court should deny leave to amend the Master Complaint because the amendments are unduly delayed, contrary to Plaintiffs' own sworn statements and expert opinions, will trigger another round of Rule 12 briefing, will undo and reopen years of discovery and expert work, and will prejudice Defendants. Each of those reasons applies and warrants similar denial of Plaintiffs' motion to amend their SFCs in the same way.

Defendants Sandoz, Hospira, and Accord have already been subject to two years of general discovery – starting in November 2017, when each first had cases included in a trial pool.  That discovery proceeded based on the allegations in Plaintiffs' existing Master Complaint, not the dozens of new allegations and revised injury definition that Plaintiffs seek to add now.  Similarly, in deposing the Plaintiffs, healthcare providers, and other witnesses during Phase 1 discovery during the last year in *Stewart*, *Sanford*, and *Hughes*, Defendants relied on Plaintiffs' Master Complaint allegations, SFC allegations, and Plaintiff Fact Sheets, including allegations and information with which Plaintiffs' proposed amendments to the Master Complaint conflict.

As just a few examples, in contrast to Plaintiffs' proposed new allegations that attempt to redefine their alleged injury from occurring six months following chemotherapy to lacking any "single definition" and potentially "occurring between twelve to twenty-four months following chemotherapy treatment" (*see, e.g.*, Proposed Second Am. SFC in *Sanford* (Doc. 8577-3) at proposed amended paragraph 181):

- Plaintiff Stewart's Plaintiff Fact Sheet defines her alleged injury as "[s]ignificant thinning of the hair on [her] head after six (6) months of discontinuing Taxotere® or Docetaxel treatment" and identifies her alleged injury as beginning July 2014, during the time that she was undergoing chemotherapy treatment (Doc. 8601-18 at 15, 18);

- Plaintiff Hughes's Plaintiff Fact Sheet defines her alleged injury as "[n]o hair growth on [her] head or body after six (6) months of discontinuing Taxotere® or Docetaxel treatment" and identifies her alleged injury as beginning August 2012, six months after she completed chemotherapy treatment in February 2012 (Doc. 8601-19 at 16, 20); and

- Plaintiff Sanford's Plaintiff Fact Sheet identifies her alleged injury as beginning in November 2013, during the time that she was undergoing chemotherapy treatment (Sanford Sixth Am. Plaintiff Fact Sheet at 16-17) (Ex. 4).

Defendants are working to complete remaining case-specific and general discovery within the next few months and prepare for expert discovery pursuant to an agreed schedule for an October 2020 trial.  To be clear, none of Plaintiffs' proposed Master Complaint amendments would salvage their claims from existing dispositive defenses, including the statute of limitations. However, if Plaintiffs were permitted to amend their core injury definition and other allegations now, Defendants would need the opportunity to address the amended pleadings and explore them through discovery, including potentially reopening discovery completed during the last two years. This would further delay this MDL proceeding and prejudice Defendants.  Plaintiffs offer no justification for such a result, and their Motion to amend their SFCs should therefore be denied for the same reasons as their motion to amend the Master Complaint.

### b. *The Court Should Not Permit Plaintiffs to Amend Their Short-Form Complaints with Irrelevant Allegations About a Non-Party Defendant*

Plaintiffs' Motion should also be denied because it seeks add at least 31 allegations about *Sanofi* to the SFCs in these three cases in which Sanofi is not a party.  *See, e.g.*, Proposed Second Am. SFC in *Sanford* (Doc. 8577-3) at proposed amended paragraphs 124b, 136, 148a, 149a, 152a, 157a, 181a-c, 213.  Plaintiffs offer no explanation, much less a credible basis, for why they should be permitted to amend their SFCs to add any allegations about Sanofi.  Discovery of Sanofi closed nearly a year ago.  CMO 5 (Doc. 762.)  There is no valid reason for permitting Plaintiffs to add allegations in their SFCs—which are designed to be case-specific pleadings—about Sanofi and conduct unrelated to these Plaintiffs or the Defendants at issue – Sandoz, Hospira, and Accord. Thus, the Court should deny Plaintiffs' Motion to add allegations about Sanofi to their SFCs.

**III.    Plaintiff Alice Hughes's Improper Attempt to Delete Her Alleged Date of Injury Will Prejudice Accord**

In addition, Accord would be prejudiced by Plaintiff Hughes's proposed Motion to Amend to the extent that it attempts to change paragraph 12 of her Short Form Complaint regarding the nature and extent of her alleged injury and its duration—from "August 2012" (six months after her chemotherapy treatment) to no date of onset or duration at all.  Undue prejudice exists when a plaintiff attempts to change key factual and legal theories alleged in the complaint late in the course of litigation.  *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846-47 (5th Cir. 1992) (finding it reasonable for the district court to deny plaintiffs' motion to amend that alleged a new factual basis and was filed following discovery and motions for summary judgment); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir. 1981) (denying plaintiff's motion for leave to amend that attempted to establish new factual bases and legal theories more than one year after the filing of the lawsuit and after discovery was conducted).

In Plaintiff Hughes's SFC, filed on November 3, 2017, she identified her injury as "Hair loss and Thinning" and stated that it began in "August 2012" (six months after her chemotherapy treatment).  SFC in *Hughes* (Ex. 3) at 4.  Plaintiff then submitted her initial Plaintiff Fact Sheet on January 19, 2018, and she amended it three more times before her deposition on March 20, 2019.  In each PFS, Hughes indicated that her alleged injuries related to this lawsuit began in August 2012.  Plaintiff Hughes was questioned at her deposition in March 2019 and testified consistently based on these sworn statements as to her knowledge of the facts underlying her lawsuit and the scope of her investigation into the cause of her hair loss.

Four months after Plaintiff Hughes's deposition, on July 9, 2019, this Court issued its statute of limitations decisions in the *Johnson* and *Francis* matters, which provided guidance as to how the Court would assess the timeliness of plaintiffs' claims under the Louisiana Prescription

Law.  (Doc. 7571).  Now – nearly eight months following Hughes's deposition, four months following this Court's statute of limitations Order, and two months after the close of Phase I discovery in *Hughes* – Plaintiff Hughes has filed the instant Motion seeking to revise her allegations by broadly claiming that she experienced "[p]ermanent, irreversible and disfiguring alopecia."  Proposed Second Am. SFC in *Hughes* (Doc. 8577-4) at 3.

Plaintiff Hughes thus seeks to contradict earlier statements made in her Amended SFC and multiple PFSs by changing the onset and duration of her alleged injury from "August 2012" to no date of onset or duration at all.  This is completely inconsistent with the facts of record in her own case.  Plaintiff Hughes's intention is clear:  to attempt to avoid dismissal under Louisiana's Prescription Law and circumvent this Court's statute of limitations rulings.[2]  Plaintiff Hughes's Motion is akin to a self-serving affidavit proffered in an attempt to defeat summary judgment, and it should likewise be rejected.  *See generally Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984) ("[T]he nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony.").

## CONCLUSION

Defendants respectfully request that this Court require Plaintiffs to use the Master Complaint and Short Form Complaints for their intended purposes and pursuant to the agreed and entered Orders governing their scope and amendment.  Plaintiffs' Motion should be denied because their proposed amendments would retain a legally insufficient claim, circumvent the established procedure for amending the Master Complaint, and prejudice Defendants by untimely

---

[2] Plaintiff Hughes's proposed revised allegations about the nature and timing of her injury in paragraph 12 are exactly the same as those of the other Plaintiffs seeking leave to amend (Stewart and Sanford), demonstrating that Hughes's amendment is not case-specific, but rather a part of Plaintiffs' global attempt to change the record to try to avoid statute of limitations dismissals.

adding new general allegations, including new allegations about a non-party Defendant.  The Court

should direct Plaintiffs to file amended SFCs that correct these problems as set forth above.

Date: November 26, 2019                          Respectfully submitted,


*/s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**DECHERT LLP**
Three Bryant Park
1095 Avenues of Americas, 31st Floor
New York, New York 10036
Telephone: (212) 689-3814
Facsimile: (212) 698-3599
Mark.Cheffo@dechert.com
Maracusker.Gonzalez@dechert.com


/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE McCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com


***Counsel for Defendants Hospira, Inc., Hospira
Worldwide, LLC, formerly doing business as
Hospira Worldwide, Inc.***

/s/ *Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2100

cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
**ADAMS AND REESE LLP**
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile:(504)-566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

**Counsel for Defendant Sandoz Inc.**

/s/ *Julie A. Callsen*
Julie A. Callsen,
Brandon D. Cox
**TUCKER ELLIS LLP**
950 Main Ave., Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 696-2286
Facsimile: (216) 592-5009
Julie.Callsen@TuckerEllis.com
Brandon.Cox@TuckerEllis.com

**Counsel for Defendant Accord Healthcare Inc.**