**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                        MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                  SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' THIRD AMENDED MASTER LONG-FORM COMPLAINT

Plaintiffs are not adding new theories or claims for relief to their proposed Third Amended Master Complaint.  Rather, Plaintiffs seek to clarify certain allegations regarding permanent hair loss that Defendants have repeatedly misconstrued, claiming that Plaintiffs have defined permanent hair loss as occurring "no later than" six months following chemotherapy.  This is simply inaccurate, and Plaintiffs seek to correct this misunderstanding by adding facts regarding (1) the definitions used for permanent hair-loss and (2) Sanofi's knowledge of permanent hair-loss among women using Taxotere but repeated and deliberate failure to warn women about this in the United States.

First, Plaintiffs' proposed amendments clarify the definition of permanent hair loss to align with medical literature and sworn statements from Sanofi's employees.  Defendants do not dispute any of the facts contained in Plaintiffs' proposed amendment on this issue.  They nonetheless object, claiming that this litigation has been operating under a single definition of permanent hair loss that Plaintiffs "were injured no later than six months after finishing chemotherapy." This is simply not true.  Neither Plaintiffs, Plaintiffs' experts, nor the medical community at large have accepted such a strict definition for chemotherapy induced permanent hair loss.  Indeed, outside of the courtroom, Sanofi itself has not adopted this six-month definition.  Rather, Sanofi has

1

internally defined "persistent hair loss" as occurring at 12 months, 24 months, and 48 months post-chemotherapy.[1]   Defendants ignore this, instead claiming that additional discovery will be necessary to address the prejudice inflicted by these "new definitions" of permanent hair-loss.  But these definitions are not new.  In fact, it was through discovery that Plaintiffs learned that Sanofi defined "persistent hair loss" using the more conservative 12 months, 24 months, and 48 months.  Moreover, Plaintiffs' experts have not used the definition that permanent hair loss manifests itself "no later than six months following chemotherapy" as suggested by Defendants.  For example, Dr. Kessler's original Expert Report from October of 2018 includes an entire section devoted to the various definitions of permanent hair loss, including those used internally by Sanofi[2]—a point he has reiterated at trial and in his most recent deposition taken just last week.[3]   Additionally, Plaintiffs' experts Dr. Tosti, Dr. Feigal, and Dr. Plunkett have all stated that permanent hair loss requires "at least" or "more than" six months of no hair regrowth,[4] pointing to medical literature that defines permanent hair loss ranging from six months to 36 months.  This is far different than the definition put forth by Defendants that permanent hair loss manifests itself "no later than" six months no discovery has never been limited to such a definition.  Accordingly, Plaintiffs' proposed amendment serves to align Plaintiffs' Master Complaint with the undisputed facts case and clarify that there is no definitive definition of permanent hair loss as purported by Defendants.

Second, Plaintiffs' proposed amendments add allegations regarding Sanofi's knowledge that its U.S. label failed to warn women about the risk of permanent hari loss and Sanofi's efforts to remove information about permanent hair loss from its Facebook Page.  Defendants objects to

---

[1] Ex. A, Sanofi_04353204 at 18; Ex. B, Sanofi_04878450 at 4; Ex. C, Sanofi_01268143 at 12, Ex. D, Palatinsky Dep. 444:14-445:9.
[2] Ex. E, Kessler Rep. at 20-21.
[3] Ex. F, Trial Tr. 432:4-433:2, Sept. 17, 2019; Ex. G. Kessler Dep. [Rough] 107:12-108:15, Nov. 26, 2019.
[4] Ex. H, Tosti Rep. at 12-17, Ex. I, Feigal Rep. at 55-60; Ex. J. Plunkett Rep. at 14-18; *see also* Ex. K, Madigan Rep. 20-26

these allegations, claiming that additional discovery would be necessary to address the prejudice posed by these new allegations.  But these allegations are not new and have been a part of the "record" since December of 2018—a point which Defendants acknowledge.  In addition, these allegations do not add a new claim or theory—rather, they further support Plaintiffs' Fraudulent Concealment claim as pled in Plaintiffs' Master Complaint.

Defendants' unfounded objections should be overruled.

### Conclusion

Defendants seek to prevent Plaintiffs from (1) clarifying the definition of permanent hair loss that Defendants know is not based in fact and (2) adding detail to Plaintiffs' previously pled claim for fraudulent concealment. But Defendants suffer little, if at any, prejudice from Plaintiffs' proposed Third Amended Master Complaint.  None of the allegations contained therein are "new" to Defendants and Defendants do not dispute the factual underpinnings.  Defendants fail to offer a valid basis in which to deny Plaintiffs' proposed amendment under Rule 15A liberal standard for amending complaints.

Dated: December 3, 2019                           Respectfully submitted,


/s/ Christopher L. Coffin                          /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                     Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                   Andre Mura (CA Bar # 298541)
1100 Poydras Street, Suite 2505                    GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                       6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                              Los Angeles, California 90045
Fax: (504) 355-0089                                Telephone: 510-350-9700
ccoffin@pbclawfirm.com                             Facsimile: 510-350-9701
                                                   kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                                   *Plaintiffs' Co-Lead Counsel*

/s/ M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

4

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

5

<div align="center">6</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.

<div style="margin-left: 50%;">

*/s/ M. Palmer Lambert*

M. PALMER LAMBERT

</div>

<div align="center">6</div>