UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 16-2740  SECTION: "H" (5) |
| This document relates to all cases | | |

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint and Jury Demand (Doc. 8334). The Court held oral argument on the Motion on December 5, 2019. For the following reasons, the Motion is **DENIED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held from September 16-26, 2019, and the second is set for March 23, 2020.

Notably, before the first bellwether trial, the Court ruled on Defendants' summary judgment motions asserting statute-of-limitations defenses.[2] In its rulings, the Court had to decide when Plaintiffs injuries manifested and when

---

[1] Docetaxel is the generic version of Taxotere.
[2] Doc. 7571.

prescription began to run. The Court looked to Plaintiffs' complaint, which alleged that their hair loss became permanent when it had not grown back six months after the completion of chemotherapy.[3] Accordingly, the Court found that generally prescription begins to run after six months of hair loss. For Plaintiff Barbara Earnest, the first bellwether Plaintiff, the Court held that contra non valentem may apply to extend prescription on her claims if Earnest was led to reasonably believe she had no actionable injury.[4]

In the Motion before the Court, Plaintiffs seek to amend the Long-Form Complaint to no longer define their injury as manifesting six months after chemotherapy. Instead, the proposed amended complaint alleges that "[t]here is no single definition for Permanent Chemotherapy Induced Alopecia and the amount of time to establish permanent hair loss varies from patient to patient, including among Plaintiffs."[5] Plaintiffs also seek to amend the Long-Form Complaint to describe in greater detail "the actions and inactions of Defendants that is alleged to have caused harm to the plaintiffs in this litigation in regard to the allegations of fraudulent concealment, including but not limited to Sanofi's marketing efforts."[6]

## **LEGAL STANDARD**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."[7] However, leave to amend "is by no means automatic."[8] Instead, "decisions concerning motions to amend are 'entrusted to

---

[3] Doc. 7571 at 5 n.12.
[4] Doc. 7571 at 8–9.
[5] Doc. 8334-2 at 38.
[6] Doc. 8334-1 at 1.
[7] Fed. R. Civ. P. 15(a)(2).
[8] Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

the sound discretion of the district court."[9] While leave should be freely given, "that generous standard is tempered by the necessary power of a district court to manage a case."[10] In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[11]

## LAW AND ANALYSIS

In the instant Motion, Plaintiffs aver that the proposed amended complaint "is not designed to raise new causes of action" but instead "to remove any doubt about the potential allegations involved in this litigation."[12] At the same time, Plaintiffs assert that "the reorganized, reworded, and/or new allegations in the Long-Form Complaint have been otherwise covered by more general language included in previous pleadings."[13]

In response, Defendants emphasize that Plaintiffs have been granted two prior amendments. Defendants emphasize that this MDL is well underway, having seen several rounds of dispositive briefing, the decisions on statute-of-limitations issues, the completion of the first bellwether trial, and the close of fact discovery for the second trial.

This Court agrees with Defendants that an amendment to the Long-Form Complaint would be inappropriate at this time. The parties and the Court have been operating under Plaintiffs' original definition of their alleged injury since Plaintiffs adopted it in their original master complaint filed on

---

[9] Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (quoting Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998)).
[10] Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).
[11] *Smith*, 139 F.3d at 595 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
[12] Doc. 8334-1 at 2.
[13] Doc. 8334-1 at 2.

March 31, 2017. Magistrate Judge North used the definition in resolving certain discovery disputes. For example, when Plaintiffs requested a 30(b)(6) deposition (presumably the first of several) and asked Sanofi to produce a representative who could discuss reports of "persistent alopecia" with Taxotere, Sanofi objected to the broad nature of this request.[14] Judge North ruled that "persistent alopecia" meant alopecia remaining six months after chemotherapy.[15] This Court also adopted Plaintiffs' definition in its summary judgment rulings on statute of limitations issues. Indeed, Plaintiffs' own expert, Dr. Laura Plunkett, adopted this definition in her expert report, writing that the medical literature generally defines irreversible alopecia as "hair loss that is still seen six months after treatment has ended."[16]

The Fifth Circuit has held that a defendant is unduly prejudiced by granting leave to amend if the changes to the complaint would require additional discovery and the defendant to prepare a different defense.[17] If the Court were to allow Plaintiffs to amend at this late stage, this would negate a significant amount of the work that has been done in this MDL. Defendants would undoubtedly want to revise certain expert reports and conduct supplemental depositions, and certain rulings from the Court would be mooted.

It is apparent that the main reason Plaintiffs wish to amend the Long-Form Complaint at this juncture is to save cases that are otherwise subject to dismissal for being filed too late. By redefining the injury and adding allegations of fraudulent concealment, Plaintiffs would not only delay the start

---

[14] Doc. 2850.
[15] Doc. 3473 at 2.
[16] Doc. 6155-8 at 14.
[17] *Id.* at 596; *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (finding defendant unduly prejudiced by plaintiff's attempt to broaden the issues, which would require additional discovery and another motion for summary judgment); *Pharr v. Wille*, No. 1:14- cv-762, 2016 WL 1448886, at *2 (W.D. Tex. Apr. 12, 2016) (denying motion to amend where the case had entered the summary judgment stage because it would "fundamentally alter the course of [the] litigation").

of prescription but also require Defendants to defend against the application of contra non valentem based on Sanofi's alleged fraudulent concealment. This Court will not allow Plaintiffs to make these unduly belated amendments that would cause serious prejudice to Defendants. Presumably, Plaintiffs made an informed decision to define their injury the way they originally did. The Court will not allow Plaintiffs at this point in the MDL to backtrack on that decision. Accordingly, the Court denies Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint and Jury Demand (Doc. 8334) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (Doc. 8602) is **GRANTED**. The Clerk's office is instructed to file Exhibits A, H, I, J, K, L, and M to Defendants' response under seal;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Reply (Doc. 8650) is **GRANTED**. The Clerk's office is instructed to file Plaintiffs' reply into the record in this matter.

New Orleans, Louisiana this 11th day of December, 2019.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE