# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740<br><br>SECTION: "H" (5) |
| **This document relates to:**<br>Wanda Stewart, No. 17-10817<br>Dora Sanford, No. 17-9417<br>Alice Hughes, No. 17-11769 | ) ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Amended Short-Form Complaints for Third Bellwether Trial Plaintiffs (Doc. 8577). The Court held oral argument on the Motion on December 5, 2019. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held from September 16-26, 2019, and the second is set for March 23, 2020.

Notably, before the first bellwether trial, the Court ruled on Defendants' summary judgment motions asserting statute-of-limitations defenses. In its rulings, the Court had to decide when Plaintiffs injuries manifested and when

---

[1] Docetaxel is the generic version of Taxotere.

prescription began to run. The Court looked to Plaintiffs' master complaint—the "Long-Form Complaint"—which alleged that their hair loss became permanent when it had not grown back six months after the completion of chemotherapy. Accordingly, the Court found that generally prescription begins to run after six months of hair loss. For Plaintiff Barbara Earnest, the first bellwether Plaintiff, the Court held that contra non valentem may apply to extend prescription on her claims if Earnest was led to reasonably believe she had no actionable injury.

Plaintiffs recently filed a Motion to Amend the Long-Form Complaint (Doc. 8334), which the Court denied. In that Motion, Plaintiffs sought to amend the Long-Form Complaint to no longer define their injury as manifesting six months after chemotherapy. Instead, the proposed amended complaint alleged that "[t]here is no single definition for Permanent Chemotherapy Induced Alopecia and the amount of time to establish permanent hair loss varies from patient to patient, including among Plaintiffs."[2] Plaintiffs also sought to amend the Long-Form Complaint to describe in greater detail "the actions and inactions of Defendants that is alleged to have caused harm to the plaintiffs in this litigation in regard to the allegations of fraudulent concealment, including but not limited to Sanofi's marketing efforts."[3] The Court ruled that the belated amendment would prejudice Defendants. The Court noted that Plaintiffs' attempted amendment was simply an effort to save cases that are otherwise subject to dismissal for being time-barred.

The instant Motion is being brought by three Plaintiffs—Wanda Stewart, Dora Sanford, and Alice Hughes. These are the three Plaintiffs that the Court selected on October 31, 2019, to proceed with discovery in connection

---

[2] Doc. 8334-2 at 38.
[3] Doc. 8334-1 at 1.

2

with the third bellwether trial.[4] In other words, the Court ruled that these three cases should continue being developed with an eye toward trial, as any of them could be selected as the bellwether plaintiff for the third trial. In their proposed amended complaints, the three Plaintiffs now seek to eliminate certain causes of action, add a failure to warn claim under the Louisiana Products Liability Act ("LPLA"), and revise and add several allegations. The Court will address the proposed amendments in turn.

## LEGAL STANDARD

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."[5] However, leave to amend "is by no means automatic."[6] Instead, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'"[7] While leave should be freely given, "that generous standard is tempered by the necessary power of a district court to manage a case."[8] In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[9]

## LAW AND ANALYSIS

In the instant Motion, Plaintiffs seek to remove certain allegations and add others. Insofar as Plaintiffs seek to eliminate certain legal counts not recognized by Louisiana law, Defendants do not oppose the Motion. Defendants

---

[4] Doc. 8430 (Case Management Order No. 21).
[5] Fed. R. Civ. P. 15(a)(2).
[6] Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir.1993).
[7] Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (quoting Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir.1998)).
[8] Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir.2003)
[9] *Smith*, 139 F.3d at 595 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

also do not oppose Plaintiffs' addition of an inadequate warning claim under the LPLA. Accordingly, Plaintiffs' Motion is granted in these respects.

Defendants ask the Court to deny Plaintiffs' Motion insofar as Plaintiffs seek to retain a cause of action for "Strict Products Liability – Failure to Warn." Indeed, when an amendment would be futile because it states a legally insufficient claim, a court may deny leave to amend.[10] Under Louisiana law, the LPLA establishes "the exclusive theories of liability for manufacturers for damage caused by their products."[11] Because the LPLA does not permit any theory of strict liability, a strict liability claim is not "viable as an independent theory of recovery against a manufacturer" in a products liability action under Louisiana law.[12] Accordingly, the Court denies Plaintiffs' Motion insofar as it seeks to retain this strict products liability claim.

Defendants next take issue with Plaintiffs' attempt to revise in their Short-Form Complaints the allegations that they incorporated from the Long-Form Complaint. Essentially, Plaintiffs move the Court to adopt and incorporate the amended Long-Form Complaint that was the subject of Plaintiffs' Motion to Amend the Long-Form Complaint (Doc. 8334), which the Court denied. For the reasons explained in the Court's order denying that Motion, the Court will not allow Plaintiffs to alter allegations in their Short-Form Complaints to parallel the proposed Long-Form Complaint.

Defendants next argue that Plaintiffs should not be permitted to include allegations in their Short-Form Complaints regarding the conduct of Sanofi, a manufacturer that is not a Defendant in the cases of the three Plaintiffs bringing the instant Motion. Plaintiffs offer no basis for including these allegations in their complaints. The Short-Form Complaints are designed to be

---

[10] *See* Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).
[11] LA. REV. STAT. § 9:2800.52.
[12] Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1251 (5th Cir. 1997).

4

case-specific pleadings. Without an explanation from Plaintiffs, the Court will not permit Plaintiffs to confuse the record by adding allegations of a manufacturer that is not a defendant in these cases.

Lastly, Defendants object to Plaintiffs' amendments to Paragraph 12 of their Short-Form Complaints. The paragraph prompt reads as follows: "Nature and extent of alleged injury (including duration, approximate date of onset (if known) and description of alleged injury." Initially, for Question 12, Plaintiff Stewart stated, "Permanent hair loss," Plaintiff Sanford stated, "Disfiguring permanent Alopecia beginning sometime after treatment with Taxotere (Docetaxel) and continuing until present," and Plaintiff Hughes stated, "Hair Loss and Thinning – August 2012." Plaintiffs seek to revise these statements to read simply "Permanent, irreversible and disfiguring alopecia," removing any references to the date of the injury's onset.

The Court will not permit Plaintiffs to alter their responses to Paragraph 12. As this Court noted in its order on the Motion to Amend the Long-Form Complaint, it is apparent that Plaintiffs seek to revise their allegations to buttress their claims against statute-of-limitations defenses. The proposed amendments would prompt Defendants to conduct additional discovery and prepare a different statute-of-limitations defense.[13] Because of the prejudice Defendants would suffer, the Court will not allow Plaintiffs to make these amendments to their pleadings at this late stage in the litigation.

---

[13] Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999) (finding defendant unduly prejudiced by plaintiff's attempt to broaden the issues, which would require additional discovery and another motion for summary judgment); Pharr v. Wille, No. 1:14- cv-762, 2016 WL 1448886, at *2 (W.D. Tex. Apr. 12, 2016) (denying motion to amend where the case had entered the summary judgment stage because it would "fundamentally alter the course of [the] litigation").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Leave to File Amended Short-Form Complaints for Third Bellwether Trial Plaintiffs (Doc. 8577) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs may file amended complaints removing certain causes of action and adding inadequate warning claims under the LPLA.

New Orleans, Louisiana this 11th day of December, 2019.

*[signature]*
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE