UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' THIRD AMENDED MASTER LONG-FORM COMPLAINT**

　　　　Plaintiffs are not adding new theories or claims for relief to their proposed Third Amended Master Complaint. Rather, Plaintiffs seek to clarify certain allegations regarding permanent hair loss that Defendants have repeatedly misconstrued, claiming that Plaintiffs have defined permanent hair loss as occurring "no later than" six months following chemotherapy. This is simply inaccurate, and Plaintiffs seek to correct this misunderstanding by adding facts regarding (1) the definitions used for permanent hair-loss and (2) Sanofi's knowledge of permanent hair-loss among women using Taxotere but repeated and deliberate failure to warn women about this in the United States.

　　　　First, Plaintiffs' proposed amendments clarify the definition of permanent hair loss to align with medical literature and sworn statements from Sanofi's employees. Defendants do not dispute any of the facts contained in Plaintiffs' proposed amendment on this issue. They nonetheless object, claiming that this litigation has been operating under a single definition of permanent hair loss that Plaintiffs "were injured no later than six months after finishing chemotherapy." This is simply not true. Neither Plaintiffs, Plaintiffs' experts, nor the medical community at large have accepted such a strict definition for chemotherapy induced permanent hair loss. Indeed, outside of the courtroom, Sanofi itself has not adopted this six-month definition. Rather, Sanofi has

internally defined "persistent hair loss" as occurring at 12 months, 24 months, and 48 months post-chemotherapy.[1]  Defendants ignore this, instead claiming that additional discovery will be necessary to address the prejudice inflicted by these "new definitions" of permanent hair-loss.  But these definitions are not new.  In fact, it was through discovery that Plaintiffs learned that Sanofi defined "persistent hair loss" using the more conservative 12 months, 24 months, and 48 months.  Moreover, Plaintiffs' experts have not used the definition that permanent hair loss manifests itself "no later than six months following chemotherapy" as suggested by Defendants.  For example, Dr. Kessler's original Expert Report from October of 2018 includes an entire section devoted to the various definitions of permanent hair loss, including those used internally by Sanofi[2]—a point he has reiterated at trial and in his most recent deposition taken just last week.[3]  Additionally, Plaintiffs' experts Dr. Tosti, Dr. Feigal, and Dr. Plunkett have all stated that permanent hair loss requires "at least" or "more than" six months of no hair regrowth,[4] pointing to medical literature that defines permanent hair loss ranging from six months to 36 months.  This is far different than the definition put forth by Defendants that permanent hair loss manifests itself "no later than" six months no discovery has never been limited to such a definition.  Accordingly, Plaintiffs' proposed amendment serves to align Plaintiffs' Master Complaint with the undisputed facts case and clarify that there is no definitive definition of permanent hair loss as purported by Defendants.

Second, Plaintiffs' proposed amendments add allegations regarding Sanofi's knowledge that its U.S. label failed to warn women about the risk of permanent hari loss and Sanofi's efforts to remove information about permanent hair loss from its Facebook Page.  Defendants objects to

---

[1] Ex. A, Sanofi_04353204 at 18; Ex. B, Sanofi_04878450 at 4; Ex. C, Sanofi_01268143 at 12, Ex. D, Palatinsky Dep. 444:14-445:9.
[2] Ex. E, Kessler Rep. at 20-21.
[3] Ex. F, Trial Tr. 432:4-433:2, Sept. 17, 2019; Ex. G. Kessler Dep. [Rough] 107:12-108:15, Nov. 26, 2019.
[4] Ex. H, Tosti Rep. at 12-17, Ex. I, Feigal Rep. at 55-60; Ex. J. Plunkett Rep. at 14-18; *see also* Ex. K, Madigan Rep. 20-26

2

these allegations, claiming that additional discovery would be necessary to address the prejudice posed by these new allegations. But these allegations are not new and have been a part of the "record" since December of 2018—a point which Defendants acknowledge. In addition, these allegations do not add a new claim or theory—rather, they further support Plaintiffs' Fraudulent Concealment claim as pled in Plaintiffs' Master Complaint.

Defendants' unfounded objections should be overruled.

## Conclusion

Defendants seek to prevent Plaintiffs from (1) clarifying the definition of permanent hair loss that Defendants know is not based in fact and (2) adding detail to Plaintiffs' previously pled claim for fraudulent concealment. But Defendants suffer little, if at any, prejudice from Plaintiffs' proposed Third Amended Master Complaint. None of the allegations contained therein are "new" to Defendants and Defendants do not dispute the factual underpinnings. Defendants fail to offer a valid basis in which to deny Plaintiffs' proposed amendment under Rule 15A liberal standard for amending complaints.

Dated: December 3, 2019                                  Respectfully submitted,

*/s/ Christopher L. Coffin*                              */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                         Andre Mura (CA Bar # 298541)
1100 Poydras Street, Suite 2505                          GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                             6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                                    Los Angeles, California 90045
Fax: (504) 355-0089                                      Telephone: 510-350-9700
ccoffin@pbclawfirm.com                                   Facsimile: 510-350-9701
                                                         kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*

*Plaintiffs' Co-Lead Counsel*

3

*/s/ M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

4

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT