**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5) |
| **THIS DOCUMENT RELATES TO:**<br><br>*Gail Glass Hill and James Hill, v. Sanofi US Services Inc. f/k/a SANOFI-AVENTIS U.S. INC., et al.; Case No. 2:18-cv-14293* | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**PLAINTIFFS' MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL VOLUNTARY DISMISSAL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, by and through the undersigned counsel, hereby file this motion and memorandum of law in support of their motion for relief from the incorrect notice of partial dismissal with prejudice as to all Defendants in this matter except Sagent Pharmaceuticals, Inc., request that the Court vacate said notice of partial dismissal pursuant to Rule 60(b), and respectfully submit that this relief is warranted due to mistake, clerical error, and excusable neglect.

**INTRODUCTION**

Pursuant to this Court's Case Management Order No. 12A ("CMO 12A"), Plaintiffs sought partial dismissal of only Sagent Pharmaceuticals, Inc. ("Sagent"). However, the notice of partial dismissal and voluntary discontinuance filed on September 20, 2019 (Doc. No. 8261) inadvertently, and by mistake and clerical error, provided this Court with notice of Plaintiffs' intent to dismiss all Defendants except Sagent. Plaintiffs demonstrate herein that all Defendants except Sagent should not be dismissed. Plaintiffs further submit that this Court should allow Plaintiffs to withdraw the erroneous notice of partial dismissal filed on September 20, 2019 (Doc. No. 8261) and instead file a notice of dismissal of Sagent because Sagent should properly be dismissed.

## PROCEDURAL HISTORY

Plaintiffs' complaint was filed, by and through the undersigned counsel, in the Taxotere (Docetaxel) Products Liability Litigation MDL 2740 in the Eastern District of Louisiana on December 28, 2018. Plaintiff Gail Glass Hill ("Plaintiff") served the verified Plaintiff Fact Sheet ("PFS") via MDL Centrality on March 21, 2019, and August 12, 2019 (Document ID 346184 and Document ID 398287). On March 21, 2019, Plaintiffs served medical records from Northside Hospital, Outpatient Infusion Center, establishing that Plaintiff was administered Taxotere from June 2012 through August 2012 (Document ID 327558).

On September 5, 2019, counsel for Sagent requested that Plaintiffs in this matter and four other cases[1] dismiss Sagent because of the dates that Plaintiff was administered Taxotere, which, in this case, was before 2012. Upon information and belief, Sagent did not market Taxotere until April 2013. Thus, on September 20, 2019, the undersigned counsel filed a notice of partial dismissal in this matter, intending to dismiss only Sagent from this case. However, due to an inadvertent clerical error and mistake, the language in the notice of partial dismissal filed in this case stated that pursuant to CMO 12A, Plaintiffs dismiss "all previously named defendants in this matter ***except*** Sagent Pharmaceuticals, Inc…" (Doc. No. 8261) (emphasis added).

On November 14, 2019, counsel for Sagent again requested that the undersigned dismiss Sagent from this case, as was done in the *Fowler* case (Case No. 2:19-cv-12274). At this time, the undersigned counsel reviewed the language in the notice of partial dismissal filed in this case (Doc. No. 8261) and realized immediately that the notice requested the inverse relief / dismissal of Defendant(s). On November 18, 2019, Plaintiffs' counsel contacted all counsel of record and

[1] On September 5, 2019, counsel for Sagent also requested that the undersigned dismiss Sagent from the cases filed for Debra Fowler, Cynthia Siddoway, Valerie Jones, Vivian Fox.

notified them of the mistake and error, and requested that counsel for Defendants consent to this motion to modify the notice of partial dismissal (Doc. No. 8261) and replace Sagent with those Defendants who are proper parties to this action. Plaintiffs now move to vacate or withdraw the Notice of Partial Dismissal with Prejudice as to All Except Sagent Pharmaceuticals, Inc. (Doc. No. 8261) due to mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60 (b)(1).

## LEGAL STANDARD

Federal Rules of Civil Procedure Rule 60(b) set forth the "Grounds for Relief from a Final Judgment, Order, or Proceeding". Fed. R. Civ. Pro. Rule 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party);
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief."

Fed. R. Civ. Pro. Rule 60(b).

## ARGUMENT

Federal Rule of Civil Procedure 60(b)(1) permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993). The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances. *Pioneer*, 507 U.S. at 382. Whether "to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Violante v. Allstate Tex. Lloyds*, No. 7:17-CV-

335, 2018 U.S. Dist. LEXIS 213822, at *3 (S.D. Tex. Dec. 19, 2018). "[A] party remains under a duty to take legal steps to protect his own interests." *Id*. Plaintiffs have demonstrated that relief under Rule 60(b)(1) is warranted in this case the inadvertent dismissal of the proper parties in this matter instead of dismissing Sagent (which is not a proper party given the facts in this case) was due to mistake, inadvertence, surprise, and excusable neglect. Plaintiff's medical records, which have been in Defendants' possession since March 21, 2019, clearly show the dates of Plaintiff's Taxotere use, which was prior to 2013.

Here, Plaintiffs have shown good cause for the relief sought. As the Supreme Court has stated, the determination of whether neglect is "excusable" is an equitable one, "taking account of all relevant circumstances." *Pioneer, supra,* 507 U.S. at 382. The Supreme Court has held for purposes of Fed. R. Civ. P. 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer,* 507 U.S. at 394. Here, there has been no negligence attributable to Plaintiffs or Plaintiffs' counsel. Plaintiffs and their counsel were, and still are, working diligently to make sure all claims are properly supported, and all requirements by the Court are being met. Plaintiff and her counsel acted in good faith, evidenced by their actions, to properly litigate Plaintiff's claims. Moreover, setting aside the inadvertent notice of dismissal of all Defendants except Sagent would not prejudice Defendants, but would severely prejudice Plaintiffs.

The Supreme Court of the United States held in *Pioneer*, the lack of any prejudice to the Defendants, or to the interest of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim. *Pioneer, supra,* 507 U.S. at 382. Defendants have been aware of Plaintiffs' claims since the time of service of the medical records showing her Taxotere use on March 21, 2019. Plaintiffs and Plaintiffs'

counsel have, at all times, acted in good faith to pursue Plaintiffs' claims. At all times up to and until November 14, 2019, the undersigned counsel believed that the proper parties had been dismissed from this matter pursuant to CMO 12A. It was not until November 14, 2019 that Plaintiff's counsel even became aware of the inadvertent clerical error in the notice of partial dismissal that was field on September 20, 2019, which was filed by mistake.

Based on the above, vacation or withdrawal of the notice of partial dismissal with prejudice as to all Defendants in this matter except Sagent (Doc. No. 8261) is proper. Plaintiffs' counsel submits that there was no act of negligence on behalf of counsel or by Plaintiff as an individual, that Defendants would not be prejudiced by a vacation or withdrawal of the incorrect notice, and that Plaintiffs and Plaintiffs' counsel alike have acted in good faith throughout the litigation of this matter. Furthermore, the inadvertent filing by Plaintiffs' counsel by mistake should not result in the dismissal of prejudice of the proper parties in this action. Such a result would be contrary to this Court's strong preference for adjudication of claims on the merits. The undersigned counsel's mistake, inadvertence, or even "excusable neglect" should not result in the dismissal with prejudice of the proper parties this action.

**CONCLUSION**

Plaintiffs request that this Court set aside the notice of partial dismissal with prejudice as to all Defendants in this matter except Sagent filed on September 20, 2019 (Doc. No. 8261) because this notice was filed inadvertently and by mistake, due to clerical errors therein, and adjudication of this case on its merits requires the relief sought.

Date: December 12, 2019

Respectfully submitted,
MARC J. BERN & PARTNERS LLP

By: /s/ Debra J. Humphrey

Debra J. Humphrey
60 E. 42nd Street, Suite 950
New York, NY 10165
Tel: (212) 702-5000
Fax: (212) 818-0164
dhumphrey@bernllp.com
*Attorneys for Plaintiff(s)*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ Debra J. Humphrey
Attorneys for Plaintiff(s)