# EXHIBIT L

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  TAXOTERE (DOCETAXEL)        *    16-MD-2740
PRODUCTS LIABILITY LITIGATION       *
                                    *    Section H
                                    *
Relates to:  All Cases              *    May 22, 2019
                                    *
                                    *    10:00 a.m.
* * * * * * * * * * * * * * * * * *
```

ORAL ARGUMENT BEFORE
THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

Appearances:

For the Plaintiffs:        Barrios Kingsdorf & Casteix, LLP
                           BY:  DAWN M. BARRIOS, ESQ.
                           701 Poydras Street, Suite 3650
                           New Orleans, Louisiana 70139

For the Plaintiffs:        Pendley Baudin & Coffin, LLP
                           BY:  CHRISTOPHER L. COFFIN, ESQ.
                           1515 Poydras Street, Suite 1400
                           New Orleans, Louisiana 70112

For the Plaintiffs:        Morgan & Morgan, P.A.
                           BY:  EMILY C. JEFFCOTT, ESQ.
                           700 S. Palafox Street, Suite 95
                           Pensacola, Florida 32502

For the Plaintiffs:        Bachus & Schanker, LLC
                           BY:  DARIN L. SCHANKER, ESQ.
                           1899 Wynkoop Street, Suite 700
                           Denver, Colorado 80202

01:35
1                    In that case, though, the man knew that he had
2     been the victim of a tort of negligence, because the drill had
3     slipped, the day after his surgery where the drill had slipped.
4     He knew he was the victim potentially of a tort, so that's why
5     the one-year prescription period runs against that individual.
6     This is a different case because we have even until now the
7     defendant saying that "Our product does not cause permanent
8     hair loss" and not until the end of 2015 warning about it.
9                    Now, in both these cases the suits were filed
10    within that period of time, in the 2016 time period, but the
11    point of it is that there is an impossibility point here,
12    because it's not being widely reported by anybody that there's
13    permanent hair loss associated with this drug.  The
14    manufacturer is not putting that in the label.  The
15    manufacturer is not telling physicians.  Their detail people
16    aren't telling physicians.
17             THE COURT:  So I'm going back to, I think, the first
18    question I asked based upon what you are arguing.  Are you
19    telling me that prescription didn't run until they changed the
20    label?  Is that the position you are taking?
21             MR. NOLEN:  No, I'm not taking that position because
22    we actually --
23             THE COURT:  When does it start running?
24             MR. NOLEN:  We actually know in both instances how
25    these individuals, Ms. Francis and Ms. Earnest, learned about

01:36  1  the potential for permanent hair loss, and it wasn't the label
2  change.  In both instances it was an advertisement, an attorney
3  advertisement.  Ms. Francis, she saw it on Facebook.  In
4  Ms. Earnest's case, I think she saw it on TV.
5              That would have been their first notice because
6  that's the first time they had any idea that their hair was
7  never going to come back.  That was the first possible notice
8  that they had because there's no evidence of any other notice
9  to them.  I'm not tying it to the label change at all.  They
10  didn't even know about the label change.
11              Does the Court have any other questions?
12         **THE COURT:**  No.  I think I'm good.  Thank you.
13         **MR. NOLEN:**  Happy to answer them.
14         **MR. STRONGMAN:**  Your Honor, just one minute.
15              A couple of points I wanted to make.  Now, with
16  regard to Ms. Francis, her hair has continued to grow back and
17  change over time, so that's one circumstance.  Ms. Earnest, I
18  believe, has been clear that her hair condition has remained
19  the same since 2012, so that's an entirely different
20  circumstance altogether.
21              I know that you're wrestling with the idea of
22  this line between temporary and permanent, and the reality is
23  that we don't need to make a determination on that exact issue
24  today for everybody because what we know is that these two
25  cases -- you know, whether that line is one year, two years,