UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
CASES LISTED IN EXHIBIT A

### DEFENDANTS' MEMORANDUM IN SUPPORT OF OMNIBUS MOTION TO STRIKE AMENDMENTS TO THE SECOND AMENDED MASTER COMPLAINT THROUGH PLAINTIFFS' SHORT FORM COMPLAINTS

　　Without seeking leave from the Court or conferring with Sanofi, Plaintiffs identified in Exhibit A have filed amended Short Form Complaints ("SFC") that attempt to alter and expand the Second Amended Master Complaint ("Master Complaint"). Plaintiffs use their respective amended SFCs to make the same changes proposed by all Plaintiffs in their Motion to Amend the Long-Form Complaint (Doc. 8334), and the PSC's Motion for Leave to File Amended Short Form Complaints for Third Bellwether Trial Plaintiffs (Doc. 8577), both of which the Court has previously denied. *See* Order and Reasons (Doc. 8702); Order and Reasons (Doc. 8703). Thus, for the same reasons set forth in the Court's December 12, 2019, Orders, the Court should strike Plaintiffs' renewed attempt to use the SFC, in active defiance of the Court's clear ruling, to circumvent the procedure for amending the Master Complaint as futile and prejudicial.

### LEGAL STANDARD

　　Pursuant to Rule 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are a "disfavored" and "drastic remedy" that should be "resorted to only when required for the purposes of justice." *Mendoza v. Doyle Int'l Louisiana, LLC*, No. CV 17-437-BAJ-EWD, 2019 WL 5391389, at *2 (M.D. La. Oct.

1

22, 2019); *see also Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011), reconsideration granted in part on other grounds, 2012 WL 1230736 (E.D. La. Apr. 12, 2012). As a result, "[a] motion to strike should be granted only when the challenged allegations are 'prejudicial to the defendant or immaterial to the lawsuit.'" *Id.* It is within the Court's discretion to strike material from a plaintiff's complaint. *Hoffman v. Bailey*, No. CV 13-5153, 2017 WL 1969540, at *6 (E.D. La. May 12, 2017).

As the Court stated in its December 12, 2019, Orders, Plaintiffs' "unduly belated amendments [to the Master Complaint] . . . would cause serious prejudice to Defendants," and as a result the Court "will not allow Plaintiffs to alter allegations in their Short-Form Complaints to parallel the proposed Long-Form Complaint." Order at 4 (Doc. 8703); Order at 5 (Doc. 8702). Here, Plaintiffs' respective SFCs copy verbatim from Plaintiffs' proposed amendments to the Master Complaint to: (1) change the definition of their injury from occurring six-months following chemotherapy to lacking any "single definition," and (2) add the same argumentative allegations that Defendants hid the alleged risk of permanent hair loss with Taxotere from the medical community.[1] These amendments remain unduly delayed and contrary to Plaintiffs' own sworn

---

[1] *See, e.g.*, First Amended SFC (Doc. 8825), *Corliss Ladson*, No. 19-13661, at 5-9; First Amended SFC (Doc. 8826), *Carolyn Campbell*, No. 19-13684, at 5-9; First Amended SFC (Doc. 8827), *Lisa Gibbs*, No. 19-13670, at 5-9; First Amended SFC (Doc. 8828), *Varlie Ollis*, No. 19-13669, at 5-9; First Amended SFC (Do. 8229), *Eveline Armstrong*, No. 19-13668, at 5-9; First Amended SFC (Doc. 8830), *Bobbie Knight*, No. 19-13686, at 5-9; First Amended SFC (Doc. 8831), *Jacqueline Dickens*, No. 19-13659, at 5-9; First Amended SFC (Doc. 8833), *Angela Mays*, No. 19-13940, at 5-9; First Amended SFC (Doc. 8834), *Beverly Might*, No. 19-13944, at 5-9; First Amended SFC (Doc. 8835), *Tosha Jones*, No. 19-13946, at 5-9; First Amended SFC (Doc. 8836), *Antoinette Howell*, No. 19-13943, at 5-9; First Amended SFC (Doc. 8838), *Nita Woods*, No. 19-14007, at 5-9; First Amended SFC (Doc. 8839), *Betty Jean Beckham*, No. 19-13727, at 5-9; First Amended SFC (Doc. 8840), *Aldonia Charles*, No. 19-13728, at 5-9; First Amended SFC (Doc. 8841), *Louvenia Barfield*, No. 19-13730, at 5-9; First Amended SFC (Doc. 8842), *Palmerita Brown*, No. 19-13731, at 5-9; First Amended SFC (Doc. 8843), *Leighann Fleming*, No. 19-13737, at 5-9; First Amended SFC (Doc. 8845), *Veronica Carr*, No. 19-13740, at 5-9; First Amended SFC (Doc. 8847), *Margarita Ogorman*, No. 19-13766, at 5-9; First Amended SFC (Doc. 8851), *Lauren Eisiliones*, No. 19-13771, at 5-9; First Amended SFC (Doc. 8853), *Donna Jones*, No. 19-13777, at 5-9; First Amended SFC (Doc. 8854), *Estella Bruton*, No. 19-13780, at 5-9; First Amended SFC (Doc. 8857), *Brenda Carter*, No. 19-14312, at 5-9; First Amended SFC (Doc. 8858), *Coralia Reilly*, No. 19-14339, at 5-9; First Amended SFC (Doc.

statements and expert opinions, and "would negate a significant amount of work that has been done in this MDL," requiring additional discovery and defense.  Order at 4 (Doc. 8702).

After extensive negotiation, the parties agreed upon PTO 37A (Doc. 1682), which directs Plaintiffs to "refer to the Amended Master Long Form Complaint" and "tailor the [SFC] to correspond to each Plaintiff's claims/allegations."  PTO 37A (Doc. 1682) at 1.  As argued in Sandoz, Hospira, and Accord Defendants' Response to the PSC's Motion for Leave to File Amended Short Form Complaints for Third Trial Plaintiffs (Doc. 8635), "[w]hile the SFC process adopted by the parties and the Court permits a Plaintiff to select from and add to the list of *legal counts* included in the Master Complaint to tailor her causes of action to her claims and the state law governing her case, neither the parties nor the Court ever contemplated, much less permitted, a process by which individual plaintiffs could seek to amend, through an SFC, the allegations in the Master Complaint on which all parties have relied in conducting general fact and expert discovery and other pretrial activities for years."  Response (Doc. 8635) at 6-7.

Plaintiffs' motivation for these amendments remains transparent.  Plaintiffs are using their SFCs as an "attempted amendment" of the Master Complaint in "an effort to save cases that are otherwise subject to dismissal for being time-barred."  Order (Doc. 8702) at 4; *see also* Order (Doc. 8703) at 2.  As before, "[i]t is apparent that the main reason Plaintiffs wish to amend the Long-Form Complaint at this juncture is to save cases that are otherwise subject to dismissal for being filed too late.  By redefining the injury and adding allegations of fraudulent concealment,

---

8859), *Patricia Iacovelli*, No. 19-14151, at 5-9; First Amended SFC (Doc. 8861), *Valinda Chappell*, No. 19-14202, at 5-9; First Amended SFC (Doc. 8862), *Karen Jackson*, No. 19-14213, at 5-9; First Amended SFC (Doc. 8863), *Wanda Woods*, No. 19-14087, at 6-10; First Amended SFC (Doc. 8865), *Jean Housel*, No. 19-14109, at 5-9; First Amended SFC (Doc. 8866), *Robin West*, No. 19-14084, at 5-9; First Amended SFC (Doc. 8867), *Kelly Warden*, No. 19-14101, at 5-9; First Amended SFC (Doc. 8870), *Mechalene Lindsey*, No. 2:19-14328, at 4-10; Amended SFC (Doc. 8874), *Sharon Smith*, No. 2:19-14383, at 5-9; Amended SFC (Doc. 8875), *Akoba Corun*, No. 2:19-14479, at 5-9; Amended SFC (Doc. 8876), *Gwendolyn Lane*, 2:19-14387, at 5-9.

Plaintiffs would not only delay the start of prescription but also require Defendants to defend against the application of contra non valentem based on Sanofi's alleged fraudulent concealment. This Court will not allow Plaintiffs to make these unduly belated amendments that would cause serious prejudice to Defendants." Order (Doc. 8702) at 4-5. Thus, for all the reasons set forth in the Court's previous Orders, the Court should strike Plaintiffs renewed attempts to amend the Master Complaint through the SFC process.

## CONCLUSION

Sanofi respectfully requests that this Court strike Plaintiffs' amendments to their respective Short Form Complaints. Plaintiffs' unilateral amendments are an attempt to circumvent the Court's December 12, 2019, Orders denying leave to amend the Master Complaint, and they unduly prejudice Sanofi by delaying proceedings and consuming resources after years of litigation. By filing amended SFCs en masse, Plaintiffs have created a significant procedural imposition on this Court's docket, which may require broader redress or reproach. For the reasons stated above, the Court should direct Plaintiffs to file amended SFCs in compliance with the agreed and entered Orders governing their scope and amendment.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

>Harley V. Ratliff
>Adrienne L. Byard
>**SHOOK, HARDY& BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile: 816-421-5547
>hratliff@shb.com
>abyard@shb.com
>
>*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

>*/s/ Douglas J. Moore*