# EXHIBIT J

August 9, 2019

*Via E-Mail: samantha_schott@laed.uscourts.gov*
Honorable Jane Triche Milazzo
United States District Court Eastern District of Louisiana
500 Poydras Street, Room C-206
New Orleans, LA 70130

      RE:  Plaintiffs' Objections to CMO 20 Cases
            *In re: Taxotere (Docetaxel) Products Liability Litigation, MDL 2740*

Dear Judge Milazzo:

      Pursuant to Case Management Order 20 (Rec. Doc. 7772), The Plaintiff's Steering Committee ("PSC") respectfully submits its comments on the Court's selections for Trials 4 and 5. The PSC thanks the Court for the time and analysis preparing CMO 20 and does not object to the fitness of any of the court nominated bellwethers due to potential or perceived defects in a plaintiff's PFS, but rather shares the following objections based primarily on representativeness concerns.

    **I.**    **Product Identification**

      Defendants have questioned product identification produced for several CMO 20 plaintiffs. After review and discussion with bellwether counsel we agree that the following plaintiffs still need more time to obtain the full product ID from the facilities and at this time should not be included in the bellwether pool: **Connie Johnson** (17-cv-10128), **Mary Jones** (17-cv-16759), **Denise Lee** (17-cv-5927), **Hazel Reed** (17-cv-17994), and **Tangnika Snow** (16-cv-16797).

    **II.**    **Representativeness**

      The bellwether trial should give the parties "an appreciation of all of the vexations of the case." *See* March 17, 2017 Steering Committee Status Conference Transcript, 37-38. A plaintiff who is disparate or an outlier on key, meaningful issues will frustrate the purposes of a trial which is to shed as much light on the merits of the case as possible. An outlier case will have little probative value.[1]

      The following plaintiffs should be excluded because they are not representative of the MDL plaintiffs.

        **A.**    **Diagnosed with Multiple Cancers:**

      A mere 19% of plaintiffs in the MDL have been diagnosed with cancer more than once. CMO 20 Plaintiffs that had cancer more than once should therefore be excluded as not

---

[1] *See, generally*, Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynne, Bellwether Trials in Multidistrict Litigation, 82 TUL. L. REV. 2323 (2008).

representative. These plaintiffs generally will have shorter life expectancies, continuing medical treatment, and confounding/individualized factors that will not be representative and may significantly lengthen the discovery process.[2]

Accordingly, the following CMO 20 plaintiffs should be removed because of multiple cancer diagnoses: **Sybil Carter** (18-cv-538), **Gloria Elmore** (16-cv-17375), **Betty Haralson** (17-cv-13975), and **Antoinette Thomas** (17-cv-10916).

### B. Dates of Use

While the PSC certainly does not believe any one party's suggestions of what cases are most representative should trump another's, the PSC did ask the Court to focus its selections on Sanofi/Winthrop[3] cases between March 2011 (when patent protection ended) and December 2015 (when Sanofi first changed its label to include a warning related to permanent/persistent hair loss).

Ten (10) of the Court's proposed thirteen (13) Sanofi cases in CMO 20 fall before 2011.[4] Since Barbara Earnest's infusion was 2011 and Cynthia Thibodeaux's (second trial primary Plaintiff) was in 2009, the verdicts and finding in those cases will provide more than enough "fence posts" for the period when Sanofi held the exclusive patent. From a liability standpoint, Plaintiffs suggest it would be most helpful to test the time period for Sanofi between 2012 and 2015 when additional liability evidence comes into play including internal company admissions that an attempted label change in 2011 did not actually occur until 2015.

> From: Polizzano, Frances R&D/US
> Sent: Monday, November 09, 2015 7:53 PM
> To: Vestea, Gina GZ/US
> Subject: RE: Taxotere - FDA request regarding permanent/ irreversible alopecia - CO with my comments
>
> I had a feeling you were going to say that. It appears that Vanina did not find anything either. Well this is going to be fun submitting > 4 year old labeling changes to the FDA now. Thanks for looking.

Moreover, only 3% of MDL Plaintiffs had infusions after 12/11/2015. A post 12/15/2015 case will result in litigating the adequacy of the 2015 warning rather than the failure to warn claim. **Samantha Berry** (18-cv-6173) used Taxotere from 05/24/2016-7/26/2016 and should be removed because this is not a representative time period of use.

---

[2] There already is a bellwether plaintiff that had cancer more than once: Della Martin (2:16-cv-15678).
[3] Winthrop US is a d/b/a name of Sanofi; it is not a standalone entity.
[4] Tanga Dyson (17-cv-1001), Sybil Carter(18-cv-538), Nancy Alvarez (17-cv-9402), Kelly Mosher (17-cv-10833), Barbara Dixon Young (18-cv-836), Marcella Jolivette (17-cv-2297), Pamela White (17-cv-5007), Geraldine Broussard (16-cv-1576), Daphne Jones (16-cv-16936), and Gloria Elmore (16-cv-17375).

### C. Unique Issue

Recently **Jody Fulcher** (16-cv-15855) developed shingles on her scalp which has resulted in open sores on the top and left side of her scalp. She is taking medication for shingles, but the sores continue. At this time, her scalp is not representative of how it was when she brought her lawsuit. Selection of this case would result in an analysis of scalp shingles rather than permanent chemotherapy induced permanent alopecia, which to our knowledge does not affect any other MDL plaintiff.

### III. Unable to Move Forward (for Health Reasons)

The PSC alerted Defendants on August 2, 2019 the following plaintiffs are unable to move forward because of health:

**Georgiann Crosby** (17-cv-8934). Ms. Crosby is currently receiving treatment for metastatic breast cancer. Ms. Crosby has stated she is not well enough to go through the bellwether process.

**Katherine Collins** (16-cv-16035). Ms. Collins died of a recurrence of breast cancer October 13, 2018. Counsel have been working to substitute her daughter as the plaintiff, but the family is still grieving her loss.

### IV. Venue Issues

The following cases have potential venue issues because their cancer treatment occurred outside the 5th Circuit: (1) **Tanga Dyson**, 17-cv-1001; (2) **Tinella Thomas**, 17-cv-12048; and, (3) **Kelly Mosher**, 17-cv-10833.

### V. Already in the Bellwether Pool

**Trudy Autin** (17-cv-7331) and **Alice Hughes** (17-cv-11769) are currently plaintiffs in phase one of the Round 3 trial pool.

### VI. Conclusion

For the reasons set forth above, the PSC respectfully requests the plaintiffs discussed above should be removed from the bellwether pool. Plaintiffs put the information in chart format following the order of Plaintiffs in CMO 20 for the Court's convenience.

| # | PLAINTIFF | CASE # | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|
| 1 | Tanga Dyson | 17-cv-1001 | Could be outside the 5th Circuit. |
| 2 | Sybil Carter | 18-cv-538 | Removal due to multiple cancer diagnoses with Metastatic adenocarcinoma. Not representative. |

| # | PLAINTIFF | CASE # | PLAINTIFF'S OBJECTIONS |
|---|---|---|---|
| 3 | Georgiann Crosby | 17-cv-8934 | Removal. Unable to move forward. Currently undergoing treatment for recurrence of breast cancer. Defendants notified on August 1, 2019. |
| 4 | Tinella Thomas | 17-cv-12048 | Could be outside the 5th Circuit. |
| 5 | Nancy Alvarez | 17-cv-9402 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 6 | Kelly Mosher | 17-cv-10833 | Could be outside the 5th Circuit. |
| 7 | Barbara Dixon Young | 18-cv-836 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 8 | Marcella Jolivette | 17-cv-2297 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 9 | Pamela White | 17-cv-5007 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 10 | Samantha Berry | 18-cv-6173 | Removal. Dates of use in 2016 not representative. |
| 11 | Geraldine Broussard | 16-cv-1576 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 12 | Daphne Jones | 16-cv-16936 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 13 | Gloria Elmore | 16-cv-17375 | Removal due to multiple cancer diagnoses. Not representative. |
| 14 | Hazel Reed | 17-cv-17994 | Agrees that information in Centrality raises issues regarding the manufacturer and counsel seeks additional time to attempt to correct. |
| 15 | Antoinette Thomas | 17-cv-10916 | Removal due to multiple cancer diagnoses. Not representative. |
| 16 | Katherine Collins | 16-cv-16035 | Removal. Plaintiff died in October 2018. Defendants notified on August 1, 2019. |
| 17 | Alice Hughes | 17-cv-11769 | Removal. Already selected a bellwether in Round 3. |
| 18 | Pearlstine Watson | 18-cv-9053 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 19 | Debbie Hubbard | 18-cv-10283 | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |

| #  | PLAINTIFF         | CASE #       | PLAINTIFF'S OBJECTIONS |
|----|-------------------|--------------|------------------------|
| 20 | Lula Gavin        | 18-cv-11232  | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 21 | Betty Haralson    | 17-cv-13975  | Removal due to multiple cancer diagnoses. Not representative. |
| 22 | Mary Jones        | 17-cv-16759  | Agrees that information in Centrality raises issues regarding the manufacturer and counsel seeks additional time to attempt to correct. |
| 23 | Connie Johnson    | 17-cv-10128  | Agrees that information in Centrality raises issues regarding the manufacturer and counsel seeks additional time to attempt to correct. |
| 24 | Audrey Plaisance  | 18-cv-08086  | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 25 | Denise Lee        | 17-cv-5927   | Agrees that information in Centrality raises issues regarding the manufacturer and counsel seeks additional time to attempt to correct. |
| 26 | Mary Vallier      | 18-cv-2751   | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 27 | Clare Guilbault   | 16-cv-17061  | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 28 | Lachanda Boyd     | 17-cv-12962  | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 29 | Jody Fulcher      | 16-cv-15855  | Removal. Plaintiff has developed shingles on her scalp. Unrepresentative. |
| 30 | Catherine Samuels | 16-cv-17216  | Without the ability to fully vet the cases and reserving all rights of individual counsel, Plaintiffs have no objection. |
| 31 | Trudy Autin       | 17-cv-7331   | Removal. Already selected as a bellwether in Round 3. |
| 32 | Tangnika Snow     | 16-cv-16797  | Agrees that information in Centrality raises issues regarding the manufacturer and counsel seeks additional time to attempt to correct. |

Respectfully submitted:

5

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (LA Bar # 27902) | Karen Barth Menzies (CA Bar #180234) |
| Pendley, Baudin & Coffin, L.L.P. | Gibbs Law Group LLP |
| 1100 Poydras Street, Suite 2505 | 400 Continental Boulevard, 6th Floor |
| New Orleans, LA 70112 | El Segundo, CA 90245 |
| Telephone: 504-355-0086 | Telephone: 510-350-9700 |
| Facsimile: 504-523-0699 | Facsimile: 510-350-9701 |
| E-Mail: ccoffin@pbclawfirm.com | E-Mail: kbm@classlawgroup.com |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC | BARRIOS, KINGSDORF & CASTEIX, LLP |
| 2800 Energy Centre, 1100 Poydras Street | 701 Poydras Street, Suite 3650 |
| New Orleans, LA 70163-2800 | New Orleans, LA 70139 |
| Phone: 504-522-2304 | Phone: 504-524-3300 |
| Fax: 504-528-9973 | Fax: 504-524-3313 |
| plambert@gainsben.com | barrios@bkc-law.com |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |

cc:    Douglas J. Moore, Esq. (*via e-mail: dmoore@irwinllc.com*)
       John F. Olinde, Esq. (*via e-mail: olinde@chaffe.com*)