UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Carriene Nevin, 18-cv-1589 | ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Amended Notice of Appeal (Doc. 8184). In the Motion, Plaintiff explains that her counsel erred in drafting her notice of appeal. Under Federal Rule of Appellate Procedure 3(c)(1)(B), Nevin was required to "designate the judgment, order, or part thereof being appealed" in her notice of appeal. Nevin's counsel explains that he was filing several notices of appeal on the same date, and for Nevin's appeal, he inadvertently failed to correctly identify the dismissal order at issue. Plaintiff's Notice of Appeal stated that she was appealing Record Document No. 7635, the Court's order denying her Rule 59 Motion; Plaintiff had intended to appeal Record Document No. 7204, the Court's order dismissing her case.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), the district court may extend the time to belatedly file a notice of appeal if the party shows excusable neglect or good cause. Nevin argues that because her counsel was filing several notices of appeal on the same day and in doing so made a clerical error, this qualifies as "excusable neglect." Nevin also points to a ruling by the United States Fifth Circuit:

> A notice of appeal is required to "designate the judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B). This requirement, however, is not jurisdictional and "a mistake in designating a

1

judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." Turnbull v. United States, 929 F.2d 173, 177 (5th Cir.1991). Such a mistake in designating the proper judgment can be corrected "by an indication of intent in the briefs or otherwise." United States v. Rochester, 898 F.2d 971, 976 n. 1 (5th Cir.1990).[1]

Counsel's firm represents thousands of cases in this MDL. Under these circumstances, the Court finds that counsel's error qualifies as excusable neglect and that Nevin's intent to appeal the specific judgment dismissing her case can be inferred. The Court further notes that Defendants point to no prejudice that they will suffer by allowing Plaintiff to amend her appeal. Therefore, the Court will allow Plaintiff to amend her notice of appeal and designate the dismissal order at issue.

Accordingly, for the foregoing reasons, Plaintiff's Motion for Leave to File Amended Notice of Appeal (Doc. 8184) is **GRANTED**.

New Orleans, Louisiana this 16th day of January, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[1] Ellibee v. Leonard, 226 Fed. App'x 351, 355 (5th Cir. 2007).

2