UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

           SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Gail Glass Hill and James Hill v. Sanofi US Services, Inc.*
*f/k/a SANOFI-AVENTIS U.S. INC., et al.;*
Case No. 2:18-cv-14293.

___

**SANOFI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL DISMISSAL PURSUANT TO RULE 60(b)**
___

Over a year ago, Plaintiffs Gail and James Hill filed a shotgun Complaint against eleven (11) defendants despite having no evidence to determine which one manufactured the docetaxel Ms. Hill alleges she received. Plaintiffs remain without evidence of product identification today. Instead, Plaintiffs only generically allege that Ms. Hill was administered some form of docetaxel between June 2012 and August 2012. Because Sagent Pharmaceuticals, Inc. ("Sagent") did not market docetaxel until April 2013, it requested dismissal. Rec. Doc. 8714-1 at 2. Plaintiffs' Motion argues they mistakenly dismissed their case with prejudice as to all Defendants except for Sagent, when they intended to only dismiss their case as to Sagent. *Id.* at 2. Plaintiffs seek to reinstate their claims against all Defendants except for Sagent. *See* Rec. Doc. 8714. Plaintiffs' Motion, however, wholly ignores that they remain without any evidence of which defendant manufactured the docetaxel administered to Ms. Hill and have failed to undertake the steps contemplated by CMO 12A to determine product identification. Under these circumstances, the Court should reject Plaintiffs' request for a blanket reinstatement of claims against all defendants

1

(for whom there remains no evidence of involvement) until Plaintiffs can identify the manufacturer of the docetaxel Ms. Hill received.

## ARGUMENT

### I. Plaintiffs Have Not in Good Faith Fulfilled their CMO 12A Obligations to Obtain Product ID Information.

"Recognizing the importance of determining product identification," this Court entered Case Management Order ("CMO") 12A on July 24, 2018 to "clarify the parties' obligations and procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used." Rec. Doc. 3492 at 1. According to CMO 12A, "[e]ach party must discharge the obligations of th[e] Order in a diligent, good faith, and documented manner." *Id.*

Plaintiffs initially filed their Complaint on December 28, 2018. Rec. Doc. 8714-1 at 2. More than one year has since passed, and Plaintiffs have not fulfilled their obligations to obtain Product ID Information under CMO 12A. After Plaintiffs proceeded through the steps outlined by paragraphs 1–3, Sanofi fulfilled its obligation under paragraph 4 to send a letter to the infusion facility requesting Product ID Information. *See* **Exhibit A** (email to Plaintiffs' Counsel), attached. On October 2, 2019, Sanofi notified Plaintiffs' counsel that the infusion facility failed to provide Sanofi with Product ID information. *Id.*; *see also* CMO 12A ¶ 4(d). Under paragraph 5, Plaintiffs were then required to issue a subpoena on the infusion facility within 30 days of Sanofi's notice and to provide a copy of the subpoena to defense counsel. CMO 12A ¶ 5. As of the date of this opposition, Plaintiffs have not done so.

### II. The Court Should Dismiss Plaintiffs' Instant Motion Without Prejudice.

Instead of taking steps to obtain Product identification information, Plaintiffs seek to revive previously dismissed claims against ten (10) defendants—none of whom they can say

manufactured the chemotherapy medication Ms. Hill received. Plaintiffs contend they are entitled to relief under Federal Rule of Civil Procedure 60 because their dismissal was made by "mistake, inadvertence, surprise, or excusable neglect." Rec. Doc. 8714-1 at 4 (citing Fed. R. Civ. P. 60(b)). Rule 60(c)(1) provides that a motion under Rule 60(b)(1) must be made within a year after the entry of the order from which relief is sought. Here, that would be September 20, 2020—well after the time allotted for Plaintiffs to fulfill their CMO 12A obligations. Therefore, at this time, the Court should deny Plaintiffs' motion without prejudice to refiling. When Plaintiffs obtain sufficient product identification (outlined in CMO 12A paragraph 6), Plaintiffs may seek relief from the improper dismissal as to the defendants <u>who belong in the case</u>. The Court should not exercise its discretion to reinstate claims against defendants Sanofi (or other defendants) for whom there is no evidence of involvement in Plaintiffs' case and without having first fulfilled their CMO 12A obligations to obtain Product ID Information in good faith.

## **CONCLUSION**

Because Plaintiffs have failed to exhaust their obligations under CMO 12A to determine product identification, Plaintiffs' request under Rule 60 for reinstatement of their claims against Sanofi and other manufacturers for which there is no evidence of involvement in Plaintiffs' case should be denied.

        Respectfully submitted,

        /s/ *Douglas J. Moore*
        Douglas J. Moore (Bar No. 27706)
        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        400 Poydras Street, Suite 2700
        New Orleans, LA 70130
        Telephone: 504-310-2100
        Facsimile: 504-310-2120
        dmoore@irwinllc.com

        Harley V. Ratliff
        Adrienne L. Byard
        Kelly Bieri
        **SHOOK, HARDY& BACON L.L.P.**
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816-474-6550
        Facsimile: 816-421-5547
        hratliff@shb.com
        abyard@shb.com
        kbieri@shb.com

        *Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

        /s/ *Douglas J. Moore*
        Douglas J. Moore