UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Valerie Jones v. Sanofi US Services, Inc.*
*f/k/a SANOFI-AVENTIS U.S. INC., et al.;*
Case No. 2:19-cv-10778.

---

### SANOFI DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL DISMISSAL PURSUANT TO RULE 60(b)

---

Over eight months ago, Plaintiff Valerie Jones filed a shotgun Complaint against eleven (11) defendants despite having no evidence to determine which one manufactured the docetaxel Plaintiff alleges she received. Plaintiff remains without evidence of product identification today. Instead, Plaintiff only generically alleges that she was administered some form of docetaxel between December 2011–July 2012. Because Sagent Pharmaceuticals, Inc. ("Sagent") did not market docetaxel until April 2013, it requested dismissal. Rec. Doc. 8716-1 at 2. Plaintiff's Motion argues she mistakenly dismissed her case with prejudice as to all Defendants except for Sagent, when she intended to only dismiss her case as to Sagent. *Id.* at 2. Plaintiff seeks to reinstate her claims against all Defendants except for Sagent. *See* Rec. Doc. 8716. Plaintiff's Motion, however, wholly ignores that she remains without any evidence of which defendant manufactured the docetaxel administered to Plaintiff, and that she has failed to undertake the steps contemplated by CMO 12A to determine product identification. Under these circumstances, the Court should reject Plaintiff's request for a blanket reinstatement of claims against <u>all</u> defendants (for whom

1

there remains no evidence of involvement) until Plaintiff can identify the manufacturer of the docetaxel she received.

## ARGUMENT

### I. Plaintiff Has Not in Good Faith Fulfilled her CMO 12A Obligations to Obtain Product ID Information.

"Recognizing the importance of determining product identification," this Court entered Case Management Order ("CMO") 12A on July 24, 2018 to "clarify the parties' obligations and procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used." Rec. Doc. 3492 at 1.  According to CMO 12 A, "[e]ach party must discharge the obligations of th[e] Order in a diligent, good faith, and documented manner." *Id.*

Plaintiff initially filed her Complaint on May 28, 2019.  Rec. Doc. 8716-1 at 2.  According to CMO 12A, she was required within 60 days of May 28, 2019 to begin taking the steps outlined in paragraph 1 (requesting insurance records from her infusion records containing the National Drug Code number(s) for the docetaxel she received).  As of the date of this opposition, almost eight months have passed since Plaintiff filed her complaint.  However, there is no evidence that Plaintiff has taken any of the steps to determine Product ID Information outlined by CMO 12A.

### II. The Court Should Dismiss Plaintiff's Instant Motion Without Prejudice.

Instead of taking steps to obtain Product identification Information, Plaintiff seeks to revive previously dismissed claims against ten (10) defendants—none of whom she can say manufactured the chemotherapy medication she received.  Plaintiff contends she is entitled to relief under Federal Rule of Civil Procedure 60 because her dismissal was made by "mistake, inadvertence, surprise, or excusable neglect." Rec. Doc. 8716-1 at 4 (citing Fed. R. Civ. P. 60(b)).  Rule 60(c)(1) provides that a motion under Rule 60(b)(1) must be made within a year after the entry of the order from

which relief is sought. Here, that would be September 20, 2020—giving Plaintiff six months to comply with her CMO 12A obligations. Therefore, at this time, the Court should deny Plaintiff's motion without prejudice to refiling. When Plaintiff obtains sufficient product identification information (outlined in CMO 12A paragraph 6), Plaintiff may seek relief from the improper dismissal as to the defendants <u>who belong in the case</u>. The Court should not exercise its discretion to reinstate claims against defendants Sanofi (or other defendants) for whom there is no evidence of involvement in Plaintiff's case and without having first fulfilled her CMO 12A obligations to obtain Product ID Information in good faith.

## **CONCLUSION**

Because Plaintiff has failed to exhaust her obligations under CMO 12A to determine product identification, Plaintiff's request under Rule 60 for reinstatement of her claims against Sanofi and other manufacturers for which there is no evidence of involvement in Plaintiff's case should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore