UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Vivian Fox and Gene Fox v. Sanofi US Services, Inc.*
*f/k/a SANOFI-AVENTIS U.S. INC., et al.;*
Case No. 2:18-cv-14134.

___

**SANOFI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL DISMISSAL PURSUANT TO RULE 60(b)**
___

       Over a year ago, Plaintiffs Vivian and Gene Fox filed a shotgun Complaint against eleven (11) defendants despite having no evidence to determine which one manufactured the docetaxel Ms. Fox alleges she received. Plaintiffs remain without evidence of product identification today. Instead, Plaintiffs only generically allege that Ms. Fox was administered some form of docetaxel between April 2011 and June 2011. Because Sagent Pharmaceuticals, Inc. ("Sagent") did not market docetaxel until April 2013, it requested dismissal. Rec. Doc. 8713-1 at 2. Plaintiffs' Motion argues they mistakenly dismissed their case with prejudice as to all Defendants except for Sagent when they intended to dismiss their case as to Sagent *only*.[1] *Id.* at 1–2. Plaintiffs seek to reinstate their claims against all other Defendants and dismiss Sagent and Accord.[2] *See* Rec. Doc. 8713. Plaintiffs' Motion, however, wholly ignores that they remain without any evidence of which defendant manufactured the docetaxel administered to Ms. Fox and have failed to undertake the

___

[1] Plaintiffs contend that docetaxel was administered to Ms. Fox from April 2011–June 2011. Because Sagent did not market docetaxel until April 2013, it requested dismissal. Rec. Doc. 8713-1 at 2.

[2] Plaintiffs assert that, based on representations from counsel from Accord, Accord should also be dismissed. Rec. Doc. 8713-1 at 3.

1

steps contemplated by CMO 12A to determine product identification. Under these circumstances, the Court should reject Plaintiffs' request for a blanket reinstatement of claims against <u>all</u> defendants (for whom there remains no evidence of involvement) until Plaintiffs can identify the manufacturer of the docetaxel Ms. Fox received.

## **<u>ARGUMENT</u>**

### I. **Plaintiffs Have Not in Good Faith Taken All Steps Contemplated Under CMO 12A to Obtain Product ID Information.**

"Recognizing the importance of determining product identification," this Court entered Case Management Order ("CMO") 12A on July 24, 2018 to "clarify the parties' obligations and procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used." Rec. Doc. 3492 at 1. According to CMO 12A, "[e]ach party must discharge the obligations of th[e] Order in a diligent, good faith, and documented manner." *Id.*

Plaintiffs initially filed their Complaint on December 21, 2018. Rec. Doc. 8713-1 at 2. Only as of December 12, 2019, one year later, have Plaintiffs issued a subpoena on the Virginia G Piper Cancer Care Network ("VPCCN") to obtain the NDC numbers for the docetaxel administered to Ms. Fox, thus complying with paragraph 5 of CMO 12A. *See* Rec. Doc. 8713-1 at 3. Still, as of the date of this Opposition, Plaintiffs do not have any evidence of product identification. Under CMO 12A, a plaintiff who lacks Product ID Information after complying with paragraphs 1–5 is authorized to "conduct discovery to the relevant infusion facility, distributor, and healthcare providers" to "discover Product ID Information." Rec. Doc. 3492 at 9. Plaintiffs have "one-hundred and twenty (120)" days from the issuance of their paragraph 5 subpoena to do so. *Id.* at 9–10. As of the date of this opposition, Plaintiffs have not made any effort to conduct discovery on the VPCCN. They have until April 10, 2020.

## II. The Court Should Dismiss Plaintiffs' Instant Motion Without Prejudice.

Instead of taking steps to obtain product identification information, Plaintiffs seek to revive previously dismissed claims against a total of nine (9) defendants—none of whom they can say manufactured the chemotherapy medication Ms. Fox received. Plaintiffs contend they are entitled to relief under Federal Rule of Civil Procedure 60 because their dismissal was made by "mistake, inadvertence, surprise, or excusable neglect." Rec. Doc. 8713-1 at 4 (citing Fed. R. Civ. P. 60(b)). Rule 60(c)(1) provides that a motion under Rule 60(b)(1) must be made within a year after the entry of the order from which relief is sought. Here, that would be September 20, 2020—well after the time allotted for Plaintiffs to complete discovery contemplated by paragraph 12 of CMO 12A. Therefore, at this time, the Court should deny Plaintiffs' motion without prejudice to refiling. When Plaintiffs obtain sufficient product identification information (outlined in CMO 12A paragraph 6), Plaintiffs may seek relief from the improper dismissal as to the defendants <u>who belong in the case</u>. The Court should not exercise its discretion to reinstate claims against defendants Sanofi (or other defendants) for whom there is no evidence of involvement in Plaintiffs' case and without Plaintiffs having first fulfilled their CMO 12A obligations to obtain Product ID Information in good faith.

## CONCLUSION

Because Plaintiffs have failed to exhaust their obligations under CMO 12A to determine product identification, Plaintiffs' request under Rule 60 for reinstatement of their claims against Sanofi and other manufacturers for which there is no evidence of involvement in Plaintiffs' case should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore

4