Case 2:16-md-02740-JTM-MBN   Document 9166-2   Filed 01/31/20   Page 1 of 8

# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Elizabeth Kahn vs. Sanofi S.A., et al.<br>Case No. 2:16-cv-17039 | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE T. MILAZZO |

## SECOND AMENDED SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Elizabeth Khan

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    N/A

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    N/A

4. Current State of Residence: Louisiana

5. State in which Plaintiff(s) allege(s) injury: Louisiana

1

6. Defendants (check all Defendants against whom a Complaint is made):

    a. Taxotere Brand Name Defendants

        ☐ A. Sanofi S.A.

        ☐ B. Aventis Pharma S.A.

        ☒ C. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☒ D. Sanofi-Aventis U.S. LLC

    b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☐ A. Sandoz Inc.

        ☐ B. Accord Healthcare, Inc.

        ☐ C. McKesson Corporation d/b/a McKesson Packaging

        ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☐ E. Hospira, Inc.

        ☐ F. Sun Pharma Global FZE

        ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☐ H. Pfizer Inc.

        ☐ I. Actavis LLC f/k/a Actavis Inc.

        ☐ J. Actavis Pharma, Inc.

        ☐ K. Other:

7. Basis for Jurisdiction:

    ☒ Diversity of Citizenship

    ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure:

2

8. Venue:

   District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

   USDC for the Eastern District of Louisiana

9. Brand Product(s) used by Plaintiff (check applicable):

   - ☑ A. Taxotere
   - ☐ B. Docefrez
   - ☐ C. Docetaxel Injection
   - ☐ D. Docetaxel Injection Concentrate
   - ☐ E. Unknown
   - ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

    Plaintiff was administered Taxotere from May 29, 2008 through July 31, 2008

11. State in which Product(s) identified in question 9 was/were administered:

    Louisiana

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury:

> Permanent, irreversible and disfiguring alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to present.

13. Counts in Master Complaint brought by Plaintiff(s):

- ☑ Count I – Strict Products Liability – Failure to Warn
- ☐ Count II – Strict Products Liability for Misrepresentation
- ☐ Count III – Negligence
- ☐ Count IV – Negligent Misrepresentation
- ☐ Count V – Fraudulent Misrepresentation
- ☐ Count VI – Fraudulent Concealment
- ☐ Count VII – Fraud and Deceit
- ☐ Count VIII – Breach of Express Warranty (Sanofi Defendants only)
- ☑ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

### Factual Allegations

1. Plaintiff, prior to undergoing chemotherapy treatment in May 29, 2008, discussed potential side effects with her prescribing oncologist, Dr. Carl Kardinal.

2. Plaintiff was instructed by Dr. Kardinal and her clinical trial nurses that although she may experience hair loss during the course of her chemotherapy treatments, her hair loss would be temporary.

3. At no time did Plaintiff receive a warning that her use of Taxotere may result in permanent hair loss. In fact, one of Plaintiff's clinical trial nurses made a point to introduce Plaintiff to another patient whose hair was growing back to reassure Plaintiff that after chemotherapy she would have a full head of hair

4

again.

4. Furthermore, Plaintiff's second oncologist, Dr. Larned, likewise told her that her hair loss would be temporary.

5. Although Plaintiff understood that her hair loss would temporary , Plaintiff was unsure of when her hair would start to re-grow following the end of chemotherapy.

6. Plaintiff completed cytotoxic chemotherapy on October 23, 2008 and continued to receive Avastin through July 2009.

7. At some time after completing chemotherapy, Plaintiff noticed that although she had some hair re-growth, her hair was not re-growing as fast or as fully as she had anticipated.

8. In 2009 Plaintiff asked her treating oncologist, Dr. Larned, about her concerns regarding the rate of her hair re-growth. Unfortunately, Dr. Larned had no response and was unable to tell Plaintiff when her hair would fully re-grow. As a result, Plaintiff held out hope that over time her hair would continue to fully re-grow, as Dr. Larned did not inform her that her hair loss may be permanent.

9. Plaintiff also consulted with a dermatologist in 2009 as well who advised Plaintiff that she might consider taking Biotin to encourage faster hair regrowth, but Plaintiff was never informed that she may be suffering from permanent hair loss caused by Taxotere.

10. In addition, Plaintiff asked her gynecologist, Dr. Roberie, if she had any insight into the condition of Plaintiff's hair. Dr. Roberie advised Plaintiff that perhaps her age may be a factor but did not indicate that Plaintiff's hair loss may be permanent or potentially caused by her use of Taxotere.

11. Plaintiff did not suspect she may be suffering from permanent hair loss caused by Taxotere until she received a call from her close friend, Leslie McDermott, in the summer or early fall of 2016.

12. Ms. McDermott relayed to Plaintiff that she had seen a TV advertisement that a chemotherapy drug called Taxotere could cause permanent hair loss.

13. After speaking with Leslie, Plaintiff conducted online research and discovered that Sanofi knew Taxotere carried with it a risk for permanent hair loss but

5

      failed to disclose that information.

14. This was the first time Plaintiff suspected that her lack of full hair re-growth might actually be permanent hair loss caused by her use of Taxotere.

## Inadequate Warning Under LSA-RS 9:2800.57

15. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Master Long Form Complaint, with the same force and effect as if fully set forth herein.

16. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to, permanent disfiguring alopecia.

17. Defendants had/have a duty to warn of adverse drug reactions, including, but not limited to, permanent disfiguring alopecia, which they knew or should have known can be caused by the use of TAXOTERE® and/or are associated with the use of TAXOTERE®.

18. The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring permanent alopecia.

19. Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

20. Due to the inadequate warning regarding the serious risk for disfiguring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

21. Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

> 22. Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.
>
> 23. Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring permanent alopecia with Plaintiff and/or would not have prescribed it.
>
> 24. As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered disfiguring permanent alopecia.
>
> 25. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:  */s/ Christopher L. Coffin*

Christopher L. Coffin
Louisiana Bar No. 27902
Jessica A. Perez
Louisiana Bar No. 34024
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Tel: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com
nrockforte@pbclawfirm.com
jperez@pbclawfirm.com