**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "H" (5)
                                                     JUDGE MILAZZO
                                                     MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Altheria Dennis,et al.*,
Case No. 17-11257

## MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

**I.      PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on October 25, 2017.  *See*

Complaint in Member Action No. 2:17-cv-11257-JTM-MBN (Doc. 1).  Plaintiff's Short Form

Complaint named the following Defendants: Sanofi S.A., Aventis Pharma S.A., Sanofi US

Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord

Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun

Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical

Laboratories Ltd., Pfizer Inc., Actavis LLC f//k/a Actavis Inc., Actavis Pharma, Inc., and Teva

Pharmaceutical Industries, Ltd.  Sanofi S.A., and Aventis Pharma S.A., were terminated from the

action on January 4, 2018.  On January 28, 2018, Plaintiff filed a Notice of Partial Dismissal With

Prejudice as to All Except Actavis LLC and Actavis Pharma, Inc. (Master Docket, Doc. 9127).

Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior

complaint, including a short form complaint, must contact "each defendant(s) presently named

and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed

motion… ."  PTO 37A.  PTO 37A further provides that any defendant "sought to be added by a

motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On January 14, 2020, Plaintiff's counsel contacted the undersigned, counsel for Defendant Sagent Pharmaceuticals, Inc. ("Sagent"), an entity that is not presently named in the lawsuit but which Plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.[1] On January 21, 2020, counsel for Sagent informed Plaintiff's counsel that Sagent opposes the motion for leave to amend because the case is clearly time-barred as to Sagent. *See* E-mail thread between Plaintiff's counsel, Nathan Buttars, and Sagent's counsel, Michael J. Suffern, attached hereto as Exhibit 1. On January 22, 2020, Plaintiff filed *Plaintiff's Motion for Leave to File Amended Short Form Complaint* ("Plaintiff's Motion") (Master Docket, Doc. 9107). Sagent hereby enters its Special Appearance solely for the purpose of opposing Plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[2]

## II.   ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that Plaintiff is entitled to the relief requested. The only statement in support of the motion for leave to amend is the following: "Justice requires the Court's leave to amend in order to name the correct defendants because product identification has been obtained." *Plaintiff's Motion*, p. 1 (Master Docket, Doc. 9107). Plaintiff's Motion makes no attempt to support her claim that she seeks leave to amend in order to name the correct defendants because product identification has been obtained.

---

[1] The undersigned also represents Defendants, Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc. ("the Actavis Defendants") in this multidistrict litigation. The Actavis Defendants are named in the original Short Form Complaint and in the proposed Amended Short Form Complaint in this member action, but neither Actavis Defendant has been served process to date. Though the Actavis Defendants believe this case is time-barred as to them as well, this Special Appearance is filed only on behalf of Sagent. The Actavis Defendants, which have not been served and which are not appearing in this action, reserve all rights to assert all applicable defenses in the event that they are served with process, including the defenses of untimely service of process and statute of limitations.

[2] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. PTO 37A.

Nor does Plaintiff's Motion attempt to rebut Sagent's grounds for refusing to consent; namely, that the case is clearly time-barred. But even if Plaintiff's Motion did attempt to justify the relief it is seeking, as opposed to simply asserting that it is entitled to such relief, the proposed Amended Short Form Complaint would be futile, because Plaintiff's case against Sagent is time-barred.

### A.      LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis,* 371 US 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny Plaintiff's Motion for Leave to Amend because, if the motion were granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

Generally, the timeliness of filing a complaint is governed by the law of the jurisdiction where the alleged injury occurred or, if none has been specified, plaintiff's place of treatment or diagnosis or, if none has been specified, plaintiff's place of residence. *See In re: Avandia Mktg., Sales Prac. & Prods. Liab. Litig.,* No. 07-MD-1871, MDL No. 1871, 2014 WL 2011239, at *1 (E.D. Pa. May 16, 2014) (applying state of limitations of place of injury); *In re: Yasmin and Yaz (Drospirinone) Mktg., Sales Practices  & Prod. Liab. Litig.,* No. 3:09-MD-02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011) (law of place of purchase and prescription applies). Plaintiff in this case identifies Alabama as her state of residence and as the state in which her injury occurred. *Proposed Amended Short Form Complaint* (Master Docket, Doc. 9107-1, p. 2). Under Alabama law, the law of the state in which the injury occurred governs the substantive rights of an injured party, while the procedural law is supplied by the forum state. *Randolph v. Tenn. Valley*

*Auth.*, 792 F. Supp. 1221, 1222 (N.D. Ala. 1992); *Fitts v. Minn. Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991). The Alabama Supreme Court has held that the statute of limitations for negligence claims or claims brought under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") are procedural. *See e.g., Etheridge v. Genie Indus., Inc.*, 632 So. 2d 1324, 1326-27 (Ala. 1994). But regardless of whether the Court applies Louisiana's one-year statute of limitations or Alabama's two-year statute of limitations, Plaintiff's proposed Amended Short Form Complaint is futile, because if her motion is granted, the Amended Short Form Complaint would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

> ### B.   THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

The proposed Amended Short Form Complaint, as well as Plaintiff's Second Amended Plaintiff Fact Sheet, a copy of which is attached hereto as Exhibit 2, allege that Plaintiff completed her chemotherapy on November 20, 2014. *See Proposed Amended Short Form Complaint* (Master Docket, Doc. 9107-1, ¶ 10); *Second Amended Plaintiff Fact Sheet*, Ex. 2, ¶ 12(d), p. 15. The proposed Amended Short Form Complaint also incorporates by reference the Amended Master Long Form Complaint and Jury Demand filed in this case on March 31, 2017. *Proposed Amended Short Form Complaint* (Master Docket, Doc. 9107-1, p. 1). This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the Plaintiff's injury occurred no later than six months after the completion of chemotherapy. *See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702). Therefore, Plaintiff's injury in this case occurred no later than six months after her completion of chemotherapy, or by

May 20, 2015. Plaintiff's counsel, however, did not file this lawsuit until October 25, 2017, more than two years and five months after her injury occurred.

The one-year statute of limitations codified in La. Civ. Code Ann. art. 3492 would apply to Plaintiff's claims against Sagent were the Court to analyze the issue under Louisiana law. *See Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 974 (La. App. 4 Cir. 1998). Plaintiff's negligence and product liability claims, in the event that Alabama's statute of limitations were to apply, are governed by that state's two-year statute of limitations codified in Ala. Code § 6-2-38. *See e.g., Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 112 (Ala. 2003). Therefore, whether the Court analyzes the issue under Louisiana's one-year statute of limitations or under Alabama's two-year statute of limitations, this lawsuit was untimely on its face when it was filed originally. Now, more than four-and-a-half years after the latest date on which Plaintiff's injury could be said to have occurred, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sagent for the first time.

### C. NEITHER *CONTRA NON VALENTEM* NOR ANY 'DISCOVERY RULE' APPLIES TO SAVE PLAINTIFF'S TIME-BARRED CLAIM

#### 1. Louisiana Law[3]

There is no colorable argument that the doctrine of *contra non valentem* saves the facially time-barred claims the Plaintiff wants to assert against Sagent in the proposed Amended Short Form Complaint. "Generally, the prescriptive period for a tort claim begins to run from the time plaintiff is injured." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.,* MDL No. 2592, No. 15-4790, 2017 WL 4517287 at *2 (E.D. La. Oct. 10, 2017). However, in Louisiana, the doctrine of

---

[3] The Sanofi Defendants extensively briefed the applicable law regarding Louisiana's doctrine of *contra non valentem* in *Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment Based on the Statute of Limitations* (Doc. 5734-2) in the Deborah Johnson case. Rather than incorporating the Sanofi Defendants' memorandum by reference, Sagent is reproducing much of that argument here, some nearly verbatim, for the Court's convenience.

*contra non valentem* "provides some grace for those plaintiffs who are unaware that their injury was caused by a tort." *Id*. Importantly, "this grace period does not extend until the plaintiff has gathered all of the facts necessary to successfully pursue her claim," nor does it "extend until the plaintiff has determine[d] the legal theory upon which [her] lawsuit will be based." *Id*. Instead, the doctrine only suspends prescription until the plaintiff has "actual or constructive knowledge of a causal relationship between the object or product and the injury." *Id.* Here, it is beyond dispute that the Plaintiff believed her alleged injury was caused by a tort when she filed a lawsuit on October 25, 2017 in this case alleging that her injury was caused by docetaxel. Plaintiff simply cannot claim she did not know she was injured, or that her injury was wrongfully caused, any later than the date on which she filed a lawsuit seeking redress for her alleged injury.

*Contra non valentem* should be applied only in "extreme circumstances." *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010). Moreover, "[a]s a judicial exception to the statutory rule of prescription, Louisiana courts strictly construe this doctrine and only extend its benefits up to the time that the plaintiff has actual or constructive knowledge of the tortious act." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000) (internal quotes omitted). Again, the Plaintiff here cannot seriously argue she was unaware of her injury, or that her injury allegedly was caused by a tortious act, any later than the date on which she filed a tort case seeking recovery for her alleged injury, October 25, 2017.

That Plaintiff may argue she did not know a Sagent-labeled docetaxel product was used in her chemotherapy does not save her time-barred claim against Sagent. As the Louisiana Supreme Court has stated, the *contra non valentem* doctrine "will not exempt the plaintiff's claim from the running of prescription if [her] ignorance is attributable to [her] own willfulness or neglect; that is, a plaintiff will be deemed to know what [she] could by reasonable diligence have learned."

*Marin*, 48 So. 3d at 246 (quoting *Corsey v. State of Louisiana, Through Dept. of Corrections,* 375 So. 2d 1319, 1322 (La. 1979); *see also Renfroe v. State ex rel. Dep't. of Transp. & Dev.*, 809 So. 2d 947, 954 (La. 2002) (*contra non valentem* doctrine did not apply where plaintiff sued the incorrect party because true defendant's identity was discoverable within the limitations period); *Brown v. Biomet Orthopedics, LLC*, No. 3:14-cv-1470, 2017 WL 2684856, at *2 (N.D. Ind. 2017) (same; applying Louisiana law).

Based on the information posted to MDL Centrality by Plaintiff's counsel,[4] there can be no dispute in this case that the Plaintiff could with reasonable diligence have discovered that Sagent-labelled docetaxel apparently was used in her chemotherapy. The product ID evidence Plaintiff posted to MDL Centrality, a copy of which is attached hereto as Exhibit 3, consists of Plaintiff's medical records. Those records identify Sagent NDC numbers (25021-0222-04) for all four of her docetaxel treatments. All the Plaintiff needed to do to discover the identity of the allegedly proper defendant was to retrieve and look at her medical records.[5] The very same medical records (Ex. 3), which contain the Sagent NDC numbers, also were posted by Plaintiff's counsel to MDL Centrality under the "Proof of Use – Medical Records" heading on **January 5, 2018**. *See Screen Shot from MDL Centrality Page for Altheria Dennis,* Plaintiff Documents Tab, Doc. ID 53825, attached hereto as Exhibit 4. So, there can be no conceivable factual dispute that Plaintiff had actual knowledge Sagent was a potential defendant in this case by January 5, 2018. Even using that date as the date on which her cause of action accrued against Sagent does not save her time-barred claim.

---

[4] Rule 201(b)(2) of the Federal Rules of Evidence permits the Court to take judicial notice of the medical records posted to MDL Centrality by Plaintiff's counsel in this case for the purpose of determining the dates on which those records were posted.

[5] Sagent notes that the fax transmittal date on the top of Plaintiff's medical records posted to MDL Centrality is May 5, 2017. So, it is reasonable to assume that those records were actually in Plaintiff's possession by that date. But that is irrelevant to whether *contra non valentem* operates to save her facially time-barred claims. The relevant inquiry is what the Plaintiff, exercising reasonable diligence, could have learned.

But Plaintiff's claims against Sagent, and, indeed against all defendants, accrued much earlier than that. Whether she knew which Defendant's product was used in her treatment is irrelevant to whether *contra non valentem* operates to save her claim against Sagent. "[T]he prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 300 (5th Cir. 1999) (citing *Terrel v. Perkins*, 704 So. 2d 35, 39 (La. App. 1st Cir. 1997)). That Plaintiff filed a lawsuit alleging docetaxel caused her injury conclusively establishes that her limitations period began on that date, at the very latest. *See e.g., Mason v. Danek Med., Inc.*, No. 95-cv-3481, 1998 WL 774176, at *1 (E.D. La. Oct. 30, 1998) (finding claims prescribed where "plaintiff's symptoms which are the basis for this suit manifested themselves to such a degree after his [treatment] that he should have known by exercising reasonable diligence that there was a reasonable possibility that his problem was caused by" one of several medical products involved in treatment); *Bultman v. Danek Med., Inc.*, No. 96-cv-3447, 1999 WL 33537321, at *3 (E.D. La. Dec. 17, 1999) (same); *See also Oil Ins. Ltd. v. Dow Chem. Co.*, 977 So. 2d 18, 21, 23-24 (La. App. 2007), w*rit denied*, 976 So. 2d 1284 (La. 2008) (finding limitations triggered where plaintiff had suspected that defendant's conduct "may have been" a "possible" or "potential" cause of injury, over objection that the "true cause" was not "confirmed." Noting that *contra non valentem* "does not allow the plaintiff to wait until the cause of the damage is certified or confirmed." And that "certitude is not a prerequisite to the commencement of prescription.").

### 2.    Alabama Law

Nor is there anything about Alabama law, were the Court to apply it to the statute of limitations analysis, that could save Plaintiff's time-barred claims against Sagent. Plaintiff's

negligence and product liability claims, in the event that Alabama's statute of limitations apply, are governed by that state's two-year statute of limitations. Ala. Code § 6-2-38(l). The AEMLD applies to any transaction in which a product is placed into the stream of commerce. *See e.g., Spain*, 872 So. 2d at 112. The Alabama statute of limitations for personal injuries not arising out of contract, which includes AEMLD and negligence actions, is two years. Ala. Code § 6-2-38(1). The statute of limitations under that section "begins to run from the time the plaintiff's cause of action accrues, and there is no 'discovery rule' that would toll the running of the statute of limitations from the time the cause of action was 'discovered' by the plaintiff." *Singer Asset Fin. Co., L.L.C. v. Connecticut Gen. Life Ins. Co.*, 975 So. 2d 375, 382 (Ala. Ct. App. 2007); *see also, Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993); *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prod. Liab. Litig.*, No. 1:17-MD-2775, 2018 WL 6067505, *14 (D. Md. Nov. 19, 2018).

And, again, even if there were a discovery rule, Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by a tort no later than the date on which she originally filed her suit, October 25, 2017. Her counsel cannot even argue in good faith they lacked actual knowledge of Sagent as a potential defendant more than two years before her counsel sought leave to amend to add Sagent as a defendant. *See* Exs. 3 and 4, discussed above.

## I.    CONCLUSION

For all the foregoing reasons, Defendant Sagent Pharmaceuticals, Inc., respectfully requests the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a Defendant. Such a complaint would be futile, because the claims would be subject to dismissal on statute of limitation grounds.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorney for Defendant Sagent*
*Pharmaceuticals, Inc.*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.


/s/ Michael J. Suffern