**Exhibit A**
*VALERIE MCCOLLUM*
*vs.*
*Accord Healthcare, Inc., et al.*

**Liability Under The Mississippi Products Liability Act**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this First Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:

   a. Failure to instruct and/or warn of the serious risk of developing disfiguring permanent alopecia and other injuries;
   b. Failure to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered TAXOTERE ® to Plaintiff, Valerie McCollum, of the serious risk of developing disfiguring permanent alopecia and other injuries;
   c. Manufacturing, producing, promotion, formulating, creating, and/or designing TAXOTERE® without adequately testing it;
   d. Failing to provide adequate warning of the dangers associated with TAXOTERE®;
   e. The defects in designing, formulating, researching, developing, manufacturing, marketing, promoting and selling a medication when it knew or reasonably should have known of the propensity to cause disfiguring pe1manent alopecia and other injuries;
   f. Defendant's liability under the Mississippi Products Liability Act as a result of its design, development, manufacture, marketing, and sale of a medication which is defective and unreasonably dangerous for the risk of developing disfiguring permanent alopecia and other injuries;
   g. The continued production and sale of docetaxel (TAXOTERE®) given the propensity of the medication to cause disfiguring pe1manent alopecia and other injuries;
   h. Providing inaccurate labeling and inadequate warnings and instructions;
   i. Utilizing testing methods which were not accurate, sensitive, specific, and/or reproducible;
   j. Other breaches and defects which may be shown through discovery or at trial; and
   k. Generally, the failure of Defendants to act with the required degree of care commensurate with the existing situation.

### Extreme and Outrageous Conduct /Intentional Infliction of Emotional Distress

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this First Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Defendant's conduct, as set forth above, was extreme and outrageous.

3. Defendant's actions were done recklessly or with the intent of causing Plaintiff severe emotional distress; and

4. Defendant's conduct caused Plaintiff severe emotional distress.

5. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, ham1s, and losses, including but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; pern1anent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

### Punitive Damages

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this First Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendant's intentional, willful, knowing, fraudulent, malicious acts, omissions, and conduct, and Defendant's reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (TAXOTERE®). Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendant's knowledge and awareness of the serious side effects and risks associated with the docetaxel (TAXOTERE®) product.

3. Defendants had knowledge of, and were in possession of evidence demonstrating that the docetaxel (TAXOTERE®) product caused serious side effects. Notwithstanding Defendant's knowledge of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel (TAXOTE RE®) product.

4. Defendants failed to provide warning that would have dissuaded health care

professionals and consumers from purchasing and ingesting the docetaxel (TAXOTERE®) product, thus depriving both from weighing the true risks against the benefits of prescribing, purchasing or consuming the product.

5. Defendant knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the drug as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs in a conscious or negligent disregard of the foreseeable harm caused.

6. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint were willful and malicious. Defendants committed these acts with knowing, conscious, and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendant's profits from the sale and distribution of the products. Defendant's outrageous and unconscionable conduct wan-ants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.