# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Shelly Jones et al. v. Sanofi US Services, Inc. et al., 19-cv-1164 | ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion to Remand to State Court (Doc. 6597). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On August 24, 2018, sixteen Plaintiffs filed an action in the Superior Court for the County of Los Angeles. According to their complaint, the sixteen women are all breast cancer survivors who live in California.[2] They alleged that they were treated with Taxotere or docetaxel and suffered permanent hair loss.[3] Plaintiffs sued several defendants, including McKesson Corporation

---
[1] Docetaxel is the generic version of Taxotere.
[2] Civ. A. No. 19-cv-1164, Doc. 1-3 at 3–10.
[3] *See id.*

("McKesson"). Soon after the suit was filed, Defendants removed the suit and requested that it be transferred to this MDL. In support of their removal, Defendants aver that Plaintiffs fraudulently joined McKesson in this action to destroy diversity. In the instant Motion, Plaintiffs ask the Court to remand the case to state court, averring that McKesson is a proper party to their suit.

## LAW AND ANALYSIS

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[4] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[5] If a defendant shows that the plaintiff is unable to recover against a non-diverse party, this meets the test for improper joinder.[6] Stated differently, to establish improper joinder, a defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[7]

To assess a plaintiff's possibility of recovery against an in-state defendant, the Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[8] The Court may also "pierce the pleadings" and consider summary judgment-type evidence as to "discrete facts that would determine the propriety of joinder."[9]

---

[4] 28 U.S.C. § 1441.
[5] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[6] Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004).
[7] *Id.*
[8] *Id.*
[9] *Id. See also* Davidson v. Georgia-Pacific, LLC, 819 F.3d 758, 766 (5th Cir. 2016).

Plaintiffs describe only a remote possibility that one of them has a claim against McKesson. In their Motion to Remand, Plaintiffs write that "McKesson's marketing indicates it packages Sanofi Taxotere NDC 0075-8003-01. . . . The complaint names all manufacturers of Taxotere, so as McKesson packages the drug, it follows that the named manufacturers must have received the drug from McKesson."[10] Plaintiffs do not allege, however, that McKesson is the sole packager or distributor of the drug. Therefore, it does not follow that the named manufacturers must have received from McKesson the actual doses of Taxotere that Plaintiffs were administered.

Indeed, Plaintiffs do not allege that McKesson distributed the medicine that was in fact administered to any Plaintiff in this suit. Instead, Plaintiffs allege that McKesson distributed to an infusion facility where one of the sixteen Plaintiffs in this action, Debra Pollack, received treatment. This does not provide a reasonable basis upon which the Court can conclude that McKesson is a proper defendant in this action. The fact that McKesson distributed to her infusion facility does not allow the Court to conclude that Pollack or any other Plaintiff might be able to recover against McKesson. Without more, none of these sixteen Plaintiffs have asserted plausible claims against McKesson.

Plaintiffs aver that according to the law in this MDL, any California multi-party case where one or more named plaintiffs has received Taxotere/docetaxel from Sanofi and McKesson must be remanded. Plaintiffs cite to this Court's Order and Reasons remanding certain cases to the Superior Courts of California.[11] In that Order, however, the Court emphasized that "at

---

[10] Doc. 6597-1 at 8.
[11] Doc. 2597.

least one Plaintiff's medical records explicitly state that she received docetaxel from McKesson Packaging Services, creating a factual dispute as to McKesson's involvement."[12] The Court wrote that "given the factual dispute as to McKesson's involvement with regard to at least one Plaintiff, remand is appropriate under the circumstances."[13] In this case, Plaintiffs have not pointed to one Plaintiff who even alleges that she received docetaxel from McKesson. Accordingly, remand is not appropriate under these circumstances.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 6597) is **DENIED**, and **IT IS ORDERED** that Plaintiffs shall sever this case pursuant to PTO 65. If any individual Plaintiff has obtained evidence since the filing of this Motion and now has more support for her allegations against McKesson, she may re-urge a Motion to Remand in her individual case.

New Orleans, Louisiana this 7th day of February, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[12] *Id.*
[13] *Id.*