# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*****************************************************************

IN RE:  TAXOTERE (DOCETAXEL)           Docket No. 16-MD-2740
PRODUCTS LIABILITY LITIGATION          Section H
                                       New Orleans, LA
Relates to:  Barbara Earnest           Monday, September 23, 2019
             16-CV-17144

*****************************************************************

                    TRANSCRIPT OF TRIAL PROCEEDINGS
           HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                    UNITED STATES DISTRICT JUDGE
                       DAY 6, MORNING SESSION
```

APPEARANCES:

FOR THE PLAINTIFF:            BACHUS & SCHANKER, LLC
                              BY:  DARIN L. SCHANKER, ESQ.
                                   J. KYLE BACHUS, ESQ.
                              1899 Wynkoop St., Suite 700
                              Denver, CO 80202

                              FLEMING NOLEN & JEZ
                              BY:  RAND P. NOLEN, ESQ.
                              2800 Post Oak Blvd., Suite 4000
                              Houston, TX 77056

                              GIBBS LAW GROUP, LLP
                              BY:  KAREN B. MENZIES, ESQ.
                              6701 Center Drive West, 14th Floor
                              Los Angeles, CA 90045

                              DAVID F. MICELI, LLC
                              BY:  DAVID F. MICELI, ESQ.
                              P.O. Box 2519
                              Carrollton, GA 30112-0046

                              PENDLEY BAUDIN & COFFIN
                              BY:  CHRISTOPHER L. COFFIN, ESQ.
                              2505 Energy Centre
                              1100 Poydras St.
                              New Orleans, LA 70163

```
                                    BARRIOS KINGSDORF & CASTEIX
                                    BY:  DAWN M. BARRIOS, ESQ.
                                    701Poydras St., Suite 3650
                                    New Orleans, LA 70139

                                    GAINSBURGH BENJAMIN DAVID
                                    MEUNIER & WARSHAUER
                                    BY:  M. PALMER LAMBERT, ESQ.
                                    2800 Energy Centre
                                    1100 Poydras St.
                                    New Orleans, LA 70163

                                    MORGAN & MORGAN
                                    BY:  EMILY C. JEFFCOTT, ESQ.
                                    700 S. Palafox St., Suite 95
                                    Pensacola, FL 32502


FOR THE DEFENDANT:                  SHOOK HARDY & BACON
                                    BY:  HILDY M. SASTRE, ESQ.
                                    201 Biscayne Blvd., Suite 3200
                                    Miami, FL 33131

                                    SHOOK HARDY & BACON
                                    BY:  JON A. STRONGMAN, ESQ.
                                         HARLEY V. RATLIFF, ESQ.
                                    2555 Grand Blvd.
                                    Kansas City, MO 64108

                                    IRWIN FRITCHIE URQUHART & MOORE
                                    BY:  DOUGLAS J. MOORE, ESQ.
                                    400 Poydras St., Suite 2700
                                    New Orleans, LA 70130


Official Court Reporter:            Karen A. Ibos, CCR, RPR, CRR, RMR
                                    500 Poydras Street, B-275
                                    New Orleans, Louisiana 70130
                                    (504) 589-7776


   Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

P R O C E E D I N G S

(MONDAY, SEPTEMBER 23, 2019)

(MORNING SESSION)

08:38:50   (OPEN COURT.)

08:38:50   THE COURT:  All jurors are present.  Court's back in session.  You may be seated.

08:38:55   Please call your first witness.

08:38:56   MR. SCHANKER:  Good morning, your Honor.

08:38:57   THE COURT:  Good morning.

08:39:00   MR. SCHANKER:  We would like to call Dr. James Carinder to the stand.

08:39:19   THE DEPUTY CLERK:  You can step around here.  Doctor, can you raise your right hand, please.

08:39:25   (WHEREUPON, JAMES CARINDER, WAS SWORN IN AND TESTIFIED AS FOLLOWS:)

08:39:29   THE DEPUTY CLERK:  And please state and spell your name for the record.

08:39:32   THE WITNESS:  James Carinder, C-A-R-I-N-D-E-R.

08:39:36   THE COURT:  Can I have counsel approach, please?

10:06:07   (WHEREUPON, THE FOLLOWING BENCH CONFERENCE WAS HELD:)

08:42:09   THE COURT:  I just want to talk to you a little bit out of presence of the jury.  Very frankly, I am doing it this way because it just slipped my mind when I first walked in.

08:42:09   I know your report's as an oncologist, and I know what

```
08:42:09  1  you're doing.  But your testimony, you should know, is going to be
08:42:22  2  limited to your treatment of Mrs. Earnest and not anything outside
08:42:22  3  of that.  And, you know, a case -- and both parties, the plaintiff,
08:42:22  4  have certain positions, and the defendants have positions as well.
08:42:22  5  And I just want you to recognize that both parties have the firm
08:42:22  6  beliefs in their respective positions.  But what I am concerned
08:42:22  7  about with you is that your testimony be limited to your treatment
08:42:22  8  and those decisions you made with Ms. Earnest.  Fair enough?
08:42:22  9           MS. SASTRE:  Yes.
08:42:22 10           THE COURT:  Anything?
08:42:22 11           MS. SASTRE:  That's fine, your Honor.
08:42:22 12      (OPEN COURT.)
08:42:22 13           THE COURT:  Please proceed.
08:42:22 14           MR. SCHANKER:  Thank you, your Honor.
08:42:22 15                      DIRECT EXAMINATION
08:42:22 16  BY MR. SCHANKER:
08:42:22 17  Q.  Sir, could you go ahead and introduce yourself to the jury this
08:42:22 18  morning?
08:42:22 19  A.  James Carinder.  I am a medical oncologist and hematologist.
08:42:22 20  Q.  And what part of town do you work in?  What part of the
08:42:22 21  community do you work in, Doctor?
08:42:22 22  A.  Covington.
08:42:22 23  Q.  And were you subpoenaed here today?
08:42:22 24  A.  Yes.
08:42:22 25  Q.  Doctor, were you part of the team that treated Barbara Earnest
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  TAXOTERE (DOCETAXEL)    *        16-MD-2740
PRODUCTS LIABILITY LITIGATION   *
                                *        Section H
                                *
Relates to:  Barbara Earnest    *        September 23, 2019
             16-CV-17144        *
* * * * * * * * * * * * * * * * *
```

DAY 6 - AFTERNOON SESSION
TRANSCRIPT OF JURY TRIAL BEFORE
THE HONORABLE JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE

Appearances:

```
For the Plaintiffs:        Barrios Kingsdorf & Casteix, LLP
                           BY:  DAWN M. BARRIOS, ESQ.
                           701 Poydras Street, Suite 3650
                           New Orleans, Louisiana 70139

For the Plaintiffs:        Gainsburgh Benjamin David Meunier
                             & Warshauer, LLC
                           BY:  M. PALMER LAMBERT, ESQ.
                           1100 Poydras Street, Suite 2800
                           New Orleans, Louisiana 70163

For the Plaintiffs:        Pendley Baudin & Coffin, LLP
                           BY:  CHRISTOPHER L. COFFIN, ESQ.
                           1100 Poydras Street, Suite 2505
                           New Orleans, Louisiana 70163

For the Plaintiffs:        Gibbs Law Group, LLP
                           BY:  KAREN BARTH MENZIES, ESQ.
                           6701 Center Drive West, Suite 1400
                           Los Angeles, California 90045
```

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Bachus & Schanker, LLC<br>BY:  J. KYLE BACHUS, ESQ.<br>      DARIN L. SCHANKER, ESQ.<br>1899 Wynkoop Street, Suite 700<br>Denver, Colorado 80202 |
| For the Plaintiffs: | Fleming Nolen & Jez, LLP<br>BY:  RAND P. NOLEN, ESQ.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, Texas 77056 |
| For the Plaintiffs: | DAVID F. MICELI, LLC<br>BY:  DAVID F. MICELI, ESQ.<br>Post Office Box 2519<br>Carrollton, Georgia 30112 |
| For the Plaintiffs: | Morgan & Morgan, P.A.<br>BY:  EMILY C. JEFFCOTT, ESQ.<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32502 |
| For the Sanofi Defendants: | Irwin Fritchie Urquhart<br>    & Moore, LLC<br>BY:  DOUGLAS J. MOORE, ESQ.<br>400 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130 |
| For the Sanofi Defendants: | Shook Hardy & Bacon, LLP<br>BY:  HARLEY V. RATLIFF, ESQ.<br>      JON A. STRONGMAN, ESQ.<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108 |
| For the Sanofi Defendants: | Shook Hardy & Bacon, LLP<br>BY:  HILDY M. SASTRE, ESQ.<br>201 Biscayne Boulevard, Suite 3200<br>Miami, Florida 33131 |

```
Official Court Reporter:      Toni Doyle Tusa, CCR, FCRR
                              500 Poydras Street, Room B-275
                              New Orleans, Louisiana 70130
                              (504) 589-7778
```

Proceedings recorded by mechanical stenography using computer-aided transcription software.

JAMES CARINDER - CROSS

| | |
|---|---|
| 03:28 1 | **A.** Yes. |
| 03:28 2 | **Q.** And she's living proof that it worked. |
| 03:28 3 | **A.** She is here. |
| 03:28 4 | **Q.** Yeah. Okay. All right. You can put the guidelines down. |
| 03:28 5 | Just a couple more minutes and I'll be done, Doctor. |
| 03:29 6 | Now, Mr. Schanker, who did your direct exam, is an |
| 03:29 7 | attorney that you met with a number of times before your |
| 03:29 8 | deposition in this case and also before your trial testimony |
| 03:29 9 | today, right? |
| 03:29 10 | **A.** Once before the deposition. |
| 03:29 11 | **Q.** Let's talk about that just for a moment, okay? |
| 03:29 12 | I believe that you also know the gentleman sitting at |
| 03:29 13 | counsel's table on the far left, Mr. Coffin? |
| 03:29 14 | **A.** Yes. |
| 03:29 15 | **Q.** And I believe -- and I want to start at the very |
| 03:29 16 | beginning, but I believe how this all started is that you got a |
| 03:29 17 | phone call from Mr. Coffin in about November of 2017, right? |
| 03:29 18 | **A.** I don't remember if I got a phone call from him. |
| 03:30 19 | **Q.** Okay. You agree that was about two months before your |
| 03:30 20 | deposition was taken? |
| 03:30 21 | **A.** The deposition was in January of 2018, so yes. |
| 03:30 22 | **Q.** And let me just show you your deposition just to refresh |
| 03:30 23 | your recollection, Doctor. I know it's been a long time. But |
| 03:30 24 | if you'd turn to page 18, please, line 6. |
| 03:30 25 | From line 6: "Do you recall meeting" -- |

JAMES CARINDER - CROSS

```
03:30  1              THE COURT:  I thought you were refreshing his memory.
03:30  2              MS. SASTRE:  Okay.
03:30  3  BY MS. SASTRE:
03:30  4  Q.   If you'd read from line 6 to line 17.
03:30  5              MS. SASTRE:  That's fine, Your Honor.
03:31  6              THE WITNESS:  I don't even remember that.  I mean, I
03:31  7  didn't remember that --
03:31  8  BY MS. SASTRE:
03:31  9  Q.   That's okay.
03:31 10  A.   -- honestly.
03:31 11  Q.   No problem.  I understand.  This is not a memory test on
03:31 12  every single thing, so, again, it was just to refresh your
03:31 13  memory.
03:31 14              But you see now that you testified you had a phone
03:31 15  call with Mr. Coffin.
03:31 16  A.   It must have been a brief one.
03:31 17  Q.   And Mr. Coffin was somebody that represented you
03:31 18  previously -- I know you talked about that on direct exam -- in
03:31 19  a lawsuit, true?
03:31 20  A.   True.
03:31 21  Q.   So you had familiarity with him.  You knew who he was and
03:31 22  he knew who you were, right?
03:31 23  A.   Yes.
03:31 24  Q.   And after that, you had a meeting -- I believe several
03:31 25  weeks before your deposition -- where Mr. Schanker was present,
```

JAMES CARINDER - CROSS

```
03:31   1    true?
03:32   2    A.   Yes.
03:32   3    Q.   And I believe another attorney was there, too, who
03:32   4    represents the plaintiff, a lawyer named John Thornton?
03:32   5    A.   I don't remember the name.
03:32   6    Q.   And do you recall Mr. Coffin also joined you by phone?
03:32   7    A.   No.
03:32   8    Q.   And do you recall that on that date, that you met with
03:32   9    plaintiff's counsel for about an hour?  Does that sound about
03:32  10    right?
03:32  11    A.   An hour seems a stretch, but it could have been.
03:32  12    Q.   And you talked with them about, of course, this lawsuit,
03:32  13    right?
03:32  14    A.   Yes.
03:32  15    Q.   And you would agree with me no lawyer or representative
03:32  16    from Sanofi was there, true?
03:32  17    A.   No.  I didn't meet anyone representing Sanofi until they
03:32  18    deposed me.
03:32  19    Q.   Right.  And your deposition, of course, both sides were
03:32  20    present and we asked you questions under oath like today,
03:32  21    right?
03:32  22    A.   Yes.
03:32  23    Q.   But before your deposition and before trial and, candidly,
03:32  24    at any time -- I know we haven't met before today, right?
03:32  25    A.   Right.
```

JAMES CARINDER - CROSS

03:33  1  **Q.**   And you would agree with me you haven't had any private
03:33  2  meetings with any of the lawyers sitting at my table before
03:33  3  today, right?
03:33  4  **A.**   No.
03:33  5  **Q.**   The only private meetings you have had have been with a
03:33  6  number of the plaintiff's attorneys, right?
03:33  7  **A.**   Yes.
03:33  8  **Q.**   Now, you then had another meeting with Mr. Schanker, and
03:33  9  that was two days before your deposition, true?
03:33 10  **A.**   Yes.
03:33 11  **Q.**   And, in fact, one of the things he showed you at that
03:33 12  meeting is the *Breast Cancer Handbook* that we have been talking
03:33 13  about.
03:33 14  **A.**   Yes, yes.
03:33 15  **Q.**   And you would agree with me that these meetings that you
03:33 16  had with Mr. Schanker and the other plaintiff's attorneys were,
03:33 17  in fact, to prepare you for your deposition.  They were prep
03:33 18  sessions, right?
03:33 19  **A.**   Yes.
03:33 20  **Q.**   And you charged them for your time; is that fair?
03:33 21  **A.**   Yes.
03:33 22  **Q.**   I believe it was a thousand dollars an hour?
03:33 23  **A.**   Yes.
03:33 24  **Q.**   And you're charging them for your time today, right?
03:34 25  **A.**   Yes.

JAMES CARINDER - CROSS

```
03:34  1  Q.  And your rate for today is $1,250 an hour, right?
03:34  2  A.  Yes.
03:34  3  Q.  That's about $20 a minute?
03:34  4  A.  I guess.
03:34  5  Q.  Take my word for it?
03:34  6  A.  Yes.
03:34  7  Q.  And then, sir, about six days before the start of this
03:34  8  trial, you had another meeting with Mrs. Earnest's lawyers on
03:34  9  September 10th, right?
03:34 10  A.  Yes, around there.
03:34 11  Q.  And you met with them for about 1 1/2 hours, true?
03:34 12  A.  Yes.
03:34 13  Q.  And there was another lawyer present at that meeting.  It
03:34 14  was Mr. Schanker again, and there was also a gentleman named
03:34 15  Mr. Wool, right, Zachary Wool?
03:34 16  A.  Yes.
03:34 17  Q.  And you were paid for that meeting, correct, about $1,500?
03:34 18  A.  Yes.
03:34 19  Q.  They showed you some documents during that meeting,
03:34 20  correct?
03:34 21  A.  Yes.
03:35 22  Q.  They told you about some of the questions they might ask
03:35 23  you at trial, right?
03:35 24  A.  Briefly.  Not really.
03:35 25  Q.  They told you about some of the things that the Sanofi
```

1  lawyer might ask you, right?
2  **A.**   They alluded to a few.
3  **Q.**   Did they work on answers with you, how you should respond?
4  **A.**   No.
5  **Q.**   Okay. And then on September 17th, while we were actually
6  already in trial, you had another meeting with the lawyers that
7  represent the plaintiff -- Mr. Schanker and Mr. Wool -- again,
8  true?
9  **A.**   By phone. I think it was by phone.
10 **Q.**   But you talked with them. You're right, that was over the
11 phone.
12 **A.**   Yes.
13 **Q.**   And you spoke with them for about 45 minutes at that time,
14 true?
15 **A.**   Roughly.
16 **Q.**   And you were compensated at your usual rate of about a
17 thousand dollars an hour?
18 **A.**   Yes.
19 **Q.**   And then just again yesterday, the day before you were set
20 to come in here and testify, you again spoke with Mr. Schanker
21 and Mr. Wool, true?
22 **A.**   Yes.
23 **Q.**   And, again, did they talk with you about the questions
24 they were going to ask you, sir?
25 **A.**   No.

| | | |
|---|---|---|
| 03:36 | 1 | Q. Any more conversations about questions that the lawyers on |
| 03:36 | 2 | the defense side might ask you with them? |
| 03:36 | 3 | A. They alluded to the angle that might be taken. |
| 03:36 | 4 | Q. In any of your meetings with Mr. Coffin, Mr. Schanker, |
| 03:36 | 5 | Mr. Wool, Mr. Thornton, was Mrs. Earnest ever present? |
| 03:36 | 6 | A. No. |
| 03:36 | 7 | Q. Okay. Just a couple more questions. |
| 03:36 | 8 | You talked about the four cycles of the Adriamycin |
| 03:36 | 9 | and Cytoxan chemotherapy that you gave Mrs. Earnest, right? |
| 03:37 | 10 | A. Yes. |
| 03:37 | 11 | Q. She received it four times, right? |
| 03:37 | 12 | A. Yes. |
| 03:37 | 13 | Q. Two weeks apart each time. |
| 03:37 | 14 | A. Yes. |
| 03:37 | 15 | Q. And you would agree with me, sir, that sometime shortly |
| 03:37 | 16 | after Mrs. Earnest received her second dose of Adriamycin and |
| 03:37 | 17 | Cytoxan, she lost her hair. |
| 03:37 | 18 | A. Yes. |
| 03:37 | 19 | Q. And, to use your words, at that time her hair was gone, |
| 03:37 | 20 | true? |
| 03:37 | 21 | A. Yes. |
| 03:37 | 22 | Q. And that was weeks and weeks before she ever took her |
| 03:37 | 23 | first drop of Taxotere. |
| 03:37 | 24 | A. That's correct. |
| 03:37 | 25 | Q. Sir, you agree with me nobody can say with certainty that |

JAMES CARINDER - REDIRECT

| | |
|---|---|
| 03:41  1 | attorneys meeting with you.  Were you aware that the Court |
| 03:41  2 | entered an order in this case allowing plaintiff's lawyers to |
| 03:41  3 | meet with you? |
| 03:41  4 | **MS. SASTRE:**  Objection, Your Honor. |
| 03:41  5 | **THE COURT:**  Sustained.  Sustained. |
| 03:41  6 | (The following proceedings were held at the bench.) |
| 03:41  7 | **THE COURT:**  The fact there were orders in place, |
| 03:41  8 | there was nothing improper with him meeting with this witness. |
| 03:42  9 | I'm inclined to tell the jury there's nothing improper. |
| 03:42 10 | **MS. SASTRE:**  I didn't suggest there was anything |
| 03:42 11 | improper, Your Honor, but to go through -- |
| 03:42 12 | **MR. SCHANKER:**  We believe that inference was created. |
| 03:42 13 | **MS. SASTRE:**  Your Honor, they decided how many times |
| 03:42 14 | they were going to meet him, how much time to spend with him, |
| 03:42 15 | what they were going to discuss with him, showing documents |
| 03:42 16 | from their opening, showing him materials that he wouldn't have |
| 03:42 17 | an opportunity to see in his care and treatment, and the truth |
| 03:42 18 | is we could have had an opportunity -- |
| 03:42 19 | **MR. SCHANKER:**  Could you keep your voice down, |
| 03:42 20 | please. |
| 03:42 21 | **MS. SASTRE:**  Sure.  We could have had an opportunity |
| 03:42 22 | to have met with them as well, but we didn't because they |
| 03:42 23 | opposed that. |
| 03:42 24 | **MR. SCHANKER:**  The judge entered an order. |
| 03:42 25 | **MS. SASTRE:**  You opposed our having an opportunity to |

JAMES CARINDER - REDIRECT

03:42  1   meet with the prescribing doctors.  I could have asked that
03:42  2   question too.  In fact, they have an obligation to tell him
03:42  3   that when they meet with him.  I did not ask that question.
03:42  4             So they have met with him -- Your Honor, if you
03:42  5   want to go and spend this much time with a fact witness, we are
03:42  6   going to bring it out.  The inference is the inference.  I
03:43  7   didn't suggest there's something wrong with it.  But if they
03:43  8   are going to talk with him about the questions I'm going to ask
03:43  9   him and the things that they are going to ask him on direct
03:43 10   exam --
03:43 11             **MR. SCHANKER:**  Your Honor, we are allowed to do that,
03:43 12   and the inference was created by counsel that it's
03:43 13   impermissible.
03:43 14             **THE COURT:**  I wasn't involved in any order that was
03:43 15   entered.  It is what it is.  I think there was an inference
03:43 16   that there was something improper with the meeting, and there
03:43 17   is nothing improper with meeting with a witness that you intend
03:43 18   to call at trial.
03:43 19             **MS. SASTRE:**  Well, Your Honor, candidly, we do think
03:43 20   that there were things that were done that we talked to you
03:43 21   about that we believe were improper.  So I'm just saying --
03:43 22             **MR. SCHANKER:**  Nothing improper was done.
03:43 23             **MS. SASTRE:**  Hold on.  If you want to spend six hours
03:43 24   with a fact witness and show him a bunch of things and have
03:43 25   five different lawyers meet with him for, quote, prep talks

JAMES CARINDER - REDIRECT

before his deposition and prior to trial, then there is a price. You have to make a decision when you do things like that. The jury is entitled to hear about it. They are entitled, and I'm entitled to ask what they talked about.

**THE COURT:** And you did.

**MS. SASTRE:** I understand, Judge, but to say now that there's nothing improper --

**THE COURT:** I think what I will tell the jury -- I'm not getting into any orders that were entered. Maybe the best thing for you to do is to ask this series of questions "Did we try to influence your testimony? Did we ask you to say anything?" that sort of thing, but I'm not going to get into orders.

**MS. SASTRE:** Okay.

**THE COURT:** You can question him about whether or not we instructed you how to answer certain questions --

**MR. SCHANKER:** Sure.

**THE COURT:** -- that sort of thing. Let's do it that way.

Charged to nobody.

(End of bench conference.)

BY MR. SCHANKER:

Q. Dr. Carinder, you were asked a whole litany of questions about meetings I had with you. My question to you is: Did I, in any way, try to influence you in any way, shape, or form in

```
03:45  1   your testimony here?
03:45  2   A.   No.
03:45  3   Q.   Did any other lawyer who met with you from the plaintiff's
03:45  4   side try to influence you in any way, shape, or form in your
03:45  5   testimony here?
03:45  6   A.   No.
03:45  7   Q.   In this case the defense attorney had the chance to take
03:45  8   your deposition for -- you indicated, I believe -- almost four
03:45  9   hours?
03:45 10   A.   Yes.
03:45 11   Q.   Did you answer all of those questions honestly and
03:45 12   truthfully?
03:45 13   A.   Yes.
03:45 14   Q.   When I met with you, did you answer all of the questions I
03:45 15   asked you honestly and truthfully?
03:45 16   A.   Yes.
03:45 17   Q.   Thank you.
03:45 18            I want to ask you about the NCCN guidelines, which we
03:45 19   have gone over quite a bit here today, and specifically talk
03:46 20   about the regimen that you prescribed.
03:46 21            We understand it's the AC, followed by the Taxotere,
03:46 22   correct?
03:46 23   A.   Yes.
03:46 24   Q.   Before we do that, I want to remind you in this context --
03:46 25   let's go to page 3 of the document.  First of all, page --
```