## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                         SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Elizabeth Kahn,* Case No. 16-cv-17039
*June Phillips*, Case No. 16-cv-15397

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINTS OF BELLWETHER TRIAL PLAINTIFFS, ELIZABETH KAHN AND JUNE PHILLIPS

The Court should deny Plaintiffs' Motion to File Amended Short Form Complaints ("SFC") of Bellwether Trial Plaintiffs, Elizabeth Kahn and June Phillips (Rec. Doc. 9166, "Motion") just as it did in December 2019.  *See* Order (Rec. Doc. 8702); Order (Rec. Doc. 8703). Contrary to Plaintiffs' Motion, the proposed amendments do not merely "provide factual allegations particular to the circumstances of each Plaintiff's claim."  *See* Motion (Rec. Doc. 9166-1) at 1.  Rather, Plaintiffs' untimely amendments to their SFCs are an "effort to save cases that are otherwise subject to dismissal for being time-barred."  Order (Rec. Doc. 8702) at 4; *see also* Order (Rec. Doc. 8703) at 2.  Plaintiffs offer no credible justification for changing the nature and extent of their alleged injuries three years into suit, or for contradicting sworn witness testimony upon which the cases were selected for Phase II discovery and set for Trial II.  Thus, for the same reasons set forth in the Court's December 12, 2019, Orders, the Court should deny Plaintiffs' renewed attempt to amend their SFCs as futile and prejudicial.  *See* Order (Rec. Doc. 8703); *see also* Order (Rec. Doc, 8702).

## LEGAL STANDARD

While Rule 15 provides that "leave to amend a pleading should be given freely … when justice so requires," the generous standard set forth in Rule 15(a) "is tempered by the necessary power of a district court to manage a case." *See Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-cv-1087, 2014 WL 2861819, at *2 (E.D. La. June 24, 2014) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (internal quotation marks omitted)).   The Supreme Court has identified five factors when assessing whether to deny leave to amend a complaint: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).   All relevant factors favor denying Plaintiffs' Motion to Amend.

I.   **Plaintiffs' Amendments are an Improper, Futile, and Prejudicial Use of the SFC to avoid dismissal.**

At the outset, Plaintiffs' proposed amendments are improper under the plain language of the SFC and should be denied.   The SFC instructs Plaintiffs to use the "Other" box of Section 13 to "assert additional theories and/or State Causes of Action[s]" not previously contemplated in Plaintiffs' Master Complaint.   (Rec. Doc. 9166-2) at 4; (Rec Doc. 9166-3) at 4.   Plaintiffs, however, are not asserting new or unforeseen claims, nor are they alleging additional theories of recovery.   By Plaintiffs' own admission, they are allegedly using these amendments to "clarify case-specific factual allegations made in previous versions of their pleadings." (Rec. Doc. 9166-1) at 2.  Even if this argument is taken at face value, Plaintiffs' amendments were not contemplated by the Parties or the Court when developing the SFC process, and should be denied.

However, it is clear that Plaintiffs' amendments are an attempt to avoid dismissal – not to "clarify" prior claims. (Rec. Doc. 9166-1) at 2. Ms. Kahn filed her lawsuit on December 9, 2016. Ms. Phillips filed her lawsuit on October 8, 2016. Ms. Kahn first completed a PFS on May 20, 2017, and has updated it 3 times and as recently as September 29, 2017. Ms. Phillips first completed a PFS on May 19, 2017, and has updated it 8 times and as recently as July 31, 2019. Ms. Kahn's case was selected for the trial pool on July 21, 2017. *See* CMO No. 3 (Rec. Doc. 669). Ms. Phillips' case was selected for the trial pool on November 14, 2017. *See* CMO No. 8A (Rec. Doc. 1099). Sanofi took Ms. Kahn's deposition on December 7, 2017, and January 31, 2018. Sanofi took Ms. Phillips' deposition on August 16, 2018. Between January 1, 2018 and November 30, 2018, Sanofi deposed both women's primary oncologists and other treaters. Phase I discovery closed on December 14, 2018. *See* CMO No. 14A (Rec. Doc. 5035). On January 17, 2020, both cases were selected as alternates for an August 20, 2020, Trial II. Joint Report No. 19 of Liaison Counsel (Rec. Doc. 9074) at 12-13. Initial briefing (including on statute of limitations), is due on February 14, 2020, just seven (7) days after Plaintiffs finally chose to seek leave to amend their SFCs. But Ms. Kahn previously amended her SFC on December 12, 2017, and Ms. Phillips has not filed an amended SFC since May 31, 2017.

Now, for the third time, MDL Plaintiffs seek to amend the definition of their injury in Paragraph 12 of their SFCs to avoid dismissal under the statute of limitations. *See* Motion to Amend Long-Form Complaint (Rec. Doc. 8334); Motion for Leave to File Amended SFCs for Third Bellwether Trial Plaintiffs (Rec. Doc. 8577). And, for the third time, the Court should reject this attempt. *See* Order (Rec. Doc. 8703) at 5 ("The Court will not permit Plaintiffs to alter their responses to Paragraph 12. . . . it is apparent that Plaintiffs seek to revise their allegations to buttress their claims against statute-of-limitations defenses."); *see also* Order (Rec. Doc. 8702) at 4-5 ("It

3

is apparent that the main reason Plaintiffs wish to amend the Long-Form Complaint at this juncture is to save cases that are otherwise subject to dismissal for being filed too late. . . . . This Court will not allow Plaintiffs to make these unduly belated amendments that would cause serious prejudice to Defendants").

Specifically, Plaintiffs amend their SFC to state, "Permanent, irreversible and disfiguring alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to present." (Rec. Doc. 9166-2 at 5; Rec. Doc. 9166-3 at 4). Injecting "sometime" into Plaintiffs' pleadings stands in contrast to the clear definition of Plaintiffs' injuries detailed in the Second Amended Master Complaint. Plaintiffs' injury is not "sometime." It is six months after completing chemotherapy. *See* Pls.' Second Am. Master Compl. ¶ 181. Not only then is the amendment futile, as it contradicts Plaintiffs' Master Complaint, it is also highly prejudicial.

Courts do not permit amendment under these circumstances. *Quinn for CryptoMetrics, Inc. v. Scantech Identification Beams Sys., LLC*, No. 5:13-cv-834, 2017 WL 2124487, at *2 (W.D. Tex. May 15, 2017) ("The Court finds, however, that the trustee is not seeking to merely correct an insufficiently stated claim – *i.e.*, that the adverse interest exception applies – but is instead trying to alter the facts previously pled in order to avoid dismissal. In such circumstances, leave to amend is not warranted."). Any attempt to alter Plaintiffs' definition of the injury is an attempt to uncouple Plaintiffs' SFC from the Master Complaint. If granted, the proposed amendment would prompt Sanofi to conduct additional discovery and prepare a different statute-of-limitations defense. The Court has twice rejected these efforts, and should do so again.

## II.     Granting Plaintiffs' Motion to Amend will Unduly Prejudice Defendants

A defendant is unduly prejudiced by granting leave to amend if the changes to the complaint would require additional discovery and the defendant to prepare a different defense. *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004); *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (defendant unduly prejudiced by plaintiff's attempt to broaden the issue, which would require additional discovery and another motion for summary judgement); *Pharr v. Willie*, No. 1:14-cv-762, 2016 WL 1448886, at *2 (W.D. Tex. Apr. 12, 2016) (denying motion to amend where the case had entered the summary judgment stage because it would "fundamentally alter the course of [the] litigation").  Here, both would be required if Plaintiffs are granted leave to amend.

For example, Ms. Kahn seeks to amend her SFC to allege her oncologist, Dr. Larned, "told her that her hair loss would be temporary," and that she discussed "her concerns regarding the rate of her hair re-growth" with Dr. Larned who was "unable to tell Plaintiff when her hair would fully re-grow." (Rec. Doc. 9166-2).  Thus, Ms. Kahn alleges, she "held out hope that over time her hair would continue to fully re-grow, as Dr. Larned did not inform her that her hair loss may be permanent." (Rec. Doc. 9166-2).  However, Dr. Larned was deposed on February 21, 2018, and testified:

> Q.  . . . Do you ever guarantee to a patient that their hair loss will be temporary?
>
> A.  No.
>
> Q.  Do you ever guarantee that it will grow back in a certain time period?
>
> A.  No.
>
> . . . . .
>
> Q.  When you noted in your records prior to February of 2012, "hair is growing back in, pleased her hair is growing back in, still notes thinning hair or still notes thinning hair, slightly better" - - beyond

those words, do you remember Ms. Kahn saying anything else to you in addition to that about her hair?

A.  No.

. . .

Q.    And would you have made notations if she said additional comments about her hair?

A.  Yes.

. . .

Q.   And no discussion of any sort of conversation with Ms. Kahn about conversations for referral or for treatment correct?

A.  I would have documented it if we had that discussion.

. . .

Q.   Sure.  And I'm not even talking about in terms of her initial consent. I mean would you in the course of your treatment of Ms. Kahn . . . ever have told her, Ms. Kahn, your hair loss will only be temporary?

. . .

A.  No.

*See* Larned Dep. 50:6-11; 82:24-84:1-13.

Ms. Kahn seeks to amend her SFC to allege her prescribing oncologist, Dr. Kardinal, told her that her "hair loss would be temporary."  (Rec. Doc. 9166-2) at 4.  Dr. Kardinal, who was deposed on January 17, 2018, testified:

Q.  And what would you say?

A.  I'd generally say that the probabilities are such that she would probably have hair loss with the use of this drug.  And perhaps it was naïve of me, but I would generally say that the hair would come back.

Q.  You would say that the hair would generally come back?

A.  Yes.

6

. . . .

> Q.   . . . Would you guarantee to a patient that her hair would return after chemotherapy?
>
> A.   I said – no; that it probably would come back. You always want to leave the door open, you know, but at that point in time – or at – when I was using Adriamycin and so forth, the hair basically inevitably came back.

*See* Kardinal Dep. 101:14-102:8.

In addition, Ms. Kahn seeks to amend her SFC to allege she "asked her gynecologist, Dr. Roberie, if she had any insight into the condition of Plaintiff's hair," and "Dr. Roberie advised Plaintiff that perhaps her age may be a factor but did not indicate that Plaintiff's hair loss may be permanent or potentially caused by her use of Taxotere." Dr. Roberie's records, however, do not indicate Ms. Kahn ever discussed Taxotere, and the first mention of hair loss is in 2017 – well after Ms. Kahn filed her lawsuit in this case. *See* Ochsner Health System 1806-1824 (June 29, 2017).

Similarly, Ms. Phillips seeks to amend her SFC to "newly" allege that "Plaintiff did not think, nor was Plaintiff told that her hair would not return to normal by any nurse or doctor treating Plaintiff during the time period after Plaintiff's chemotherapy and before Plaintiff saw a legal commercial. Plaintiff spoke with her oncologist, Dr. Sonnier, about the delay in her hair returning to normal, and Dr. Sonnier did not know what was causing Plaintiff's delay in full and complete hair regrowth." (Rec. Doc. 9166-3) at 4-5.

However, Dr. Sonnier, who was deposed on November 1, 2018, testified:

> Q.   . . . In discussing hair loss, obviously this is in October 2013, prior to the label change. At that point in time, were you telling patients, typically, that, "You should experience hair loss, but it's going to come back"? Would that have been your general practice in 2013?
>
> . . .

7

> A.   I believe, and I'm fairly certain, if I can recall correctly here, that at the time of Ms. Phillips' case, that there were some reports about the concern about permanent hair loss.  Certainly, we touched on that as a potential risk.
>
> . . .
>
> Q.   At that point in time – we've taken her deposition previously. She's testified numerous times in that deposition that when you were advising her about hair loss at this point in time, you told her that she would most likely lose hair, but it would return.  Is that in line with what you were advising patients at this point in time?
>
> A.   At that point it was that it's likely to return.  And that there were some cases that – where there's some concern about permanent hair loss.

*See* Sonnier Dep. 30:20-10; 31:21-32:7.   Although Dr. Sonnier could not say with complete certainty he had this conversation before Ms. Phillips received chemotherapy, he recalled discussing "concerns about permanent hair loss," as well as Ms. Phillips "dissatisfaction with the way that her hair growth was taking shape," following chemotherapy.  Sonnier Dep. at 43:13-22; 48:22-49:7.

Allowing Plaintiffs to amend their SFC to include these allegations based solely on a tactical, not factual, change in circumstances, will result in prejudice to Defendants.  Plaintiffs argue there is no prejudice because Defendants have the opportunity to "question Ms. Kahn and/or Ms. Phillips regarding these proposed amended allegations" in a future deposition.  (Rec. Doc. 9166-1) at 2.  However, the testimony of key fact witnesses has already been taken, and Sanofi is filing initial motions on those bases one week from the date of Plaintiffs' delayed, proposed amendments on February 14, 2020.  Where, as here, "the amendments would … affect the orderly progress of the MDL proceeding," including by "open[ing] the door to at least some additional discovery" in cases worked up for trial, amendments "would cause undue prejudice" and leave to

amend should be denied.  *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591, 2016 WL 4705620, at *3 (D. Kan. Sept. 8, 2018).

**III.     Plaintiffs' Amendments are Futile.**

Using their amended SFC to make Plaintiffs' alleged injuries more nebulous will not save a claim filed years too late in this MDL.  Order (Rec. Doc. 8702) at 4; *see also* Order Rec. (Doc. 8703) at 2.   Plaintiffs have both incorporated the Master Complaint into their pleadings.  (Rec. Doc. 9166-2) at 4; (Rec. Doc. 9166-3) at 4.  Both Plaintiffs allege they developed permanent alopecia, which they define as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."  Second Am. Master Compl. ("AMC") (Rec. Doc. 4407) at ¶ 181; *see also* Order (Rec. Doc. 8702).  But Plaintiffs' new, self-serving, and contradictory allegations do not raise a genuine issue of material fact under this Court's rulings in *Thibodeaux*, *Francis*, *Johnson*, or *Earnest*.  *See* Order (Rec. Doc. 9110); Order (Rec. Doc. 7571).  As such, Plaintiffs' amendments are futile and should be denied.

**IV.     There is No Justification for Plaintiffs' Delay.**

Finally, the Court should deny Plaintiffs' attempt to amend their SFCs because the delay is not excusable.  "Although Rule 15(a) does not impose a time limit 'for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)).  "In such a situation, the plaintiff bears the burden of showing the delay to be 'due to oversight, inadvertence, or excusable neglect.'"  *Id.* (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).

Plaintiffs' proposed amendments are not new or previously undisclosed factual allegations that "memorialize" a failure-to-warn claim.  (Rec. Doc. 9166-1) at 1.  Rather, many of Plaintiffs'

allegations are, on their face, based on information disclosed or known to Plaintiffs years before they filed their lawsuits in this case.  (Rec. Doc. 9166-2); (Rec Doc. 9166-3).

Plaintiffs offer no explanation or excuse for their delay in amending the nature of their injury, asserting only a desire to "provide factual allegations particular to the circumstances of each Plaintiff's claim."  (Rec. Doc. 9166-1).  Plaintiffs should not be allowed to use amendments to their SFCs, under the guise of "clarify[ing] prior allegations," to cloud the timing of their alleged injuries or delay the start of prescription.  (Rec. Doc. 9166-1) at 1.  As the Court stated in its January 23, 2020, Order, "Plaintiffs cannot avoid prescription by being evasive in their Short Form Complaints about when their injuries occurred.  Both as a general matter and for purposes of prescription, this MDL requires defining Plaintiffs' injury."  (Rec. Doc. 9115) at 4.  Thus, for all the reasons stated above, the Court should deny Plaintiffs' Motion.

## CONCLUSION

Sanofi respectfully requests that this Court deny Plaintiffs' motion to amend their respective Short Form Complaints.  Plaintiffs' have offered no credible reason for seeking amendments to their SFCs regarding the nature and extent of their alleged injury.  Plaintiffs should not be allowed to use untimely amendments to their SFCs to confuse the date of Plaintiffs' alleged injury in an attempt to avoid future dismissal. The amendments are contradicted by the witness's own testimony, and are certain to delay proceedings and consume resources.  For the reasons stated above, and in the Court's December 12, 2019, Orders, the Court should deny Plaintiffs' Motion for Leave to File Amended Short Form Complaints.

Respectfully submitted,


/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi
U.S. Services Inc.*


## CERTIFICATE OF SERVICE


I hereby certify that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore
Douglas J. Moore