# EXHIBIT K

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "N"(5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| ELIZABETH KAHN                                , | : : | COMPLANT & JURY DEMAND |
| Plaintiff(s), | : : | Civil Action No.: **2:16-cv-17039** |
| vs. | : : : | |
| Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC                            , | : : : : : | |
| Defendant(s). | : : | |

## SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Elizabeth Kahn

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    N/A

1

3.     Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    N/A

4.     Current State of Residence:   Louisiana

5.     State in which Plaintiff(s) allege(s) injury:   Louisiana

6.     Defendants (check all Defendants against whom a Complaint is made):

    a.     Taxotere Brand Name Defendants

- [x] A.     Sanofi S.A.
- [x] B.     Aventis Pharma S.A.
- [x] C.     Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
- [x] D.     Sanofi-Aventis U.S. LLC

    b.     Other Brand Name Drug Sponsors, Manufacturers, Distributors

- [ ] A.     Sandoz, Inc.
- [ ] B.     Accord Healthcare, Inc.
- [ ] C.     McKesson Corporation d/b/a McKesson Packaging
- [ ] D.     Hospira Worldwide Inc.
- [ ] E.     Hospira Inc
- [ ] F.     Sun Pharma Global FZE
- [ ] G.     Sun Pharma Global Inc.
- [ ] H.     Caraco Pharmaceutical Laboratories Ltd.
- [ ] I.     Pfizer Inc.
- [ ] J.     Allergan Finance LLC f/k/a Actavis Inc.
- [ ] K.     Actavis Pharma Inc.

2

|   |   | L. | Other: |   |
|---|---|---|---|---|

7. Basis for Jurisdiction:

&boxtimes; Diversity of Citizenship

☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC for the Eastern District of Louisiana

9. Brand Product(s) used by Plaintiff (check applicable):

&boxtimes; A. Taxotere

☐ B. Docefrez

☐ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

3

10.     First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> May 29, 2008 through July 31, 2008

11.     State in which Product(s) identified in question 9 was/were administered:

> Louisiana

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Disfiguring permanent Alopecia beginning sometime after treatment with Taxotere (Docetaxel) and continuing to present

13.     Counts in Master Complaint brought by Plaintiff(s):

- ☒ Count I – Strict Products Liability - Failure to Warn
- ☒ Count II – Strict Products Liability for Misrepresentation
- ☐ Count III – Negligence
- ☐ Count IV – Negligent Misrepresentation
- ☐ Count V – Fraudulent Misrepresentation
- ☐ Count VI – Fraudulent Concealment
- ☒ Count VII – Fraud and Deceit
- ☒ Count VIII – Breach of Express Warranty (Sanofi Defendants only)

- ☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

Liability Under The Louisiana Products Liability Act; Inadequate Warning Under LSA-RS 9:2800.57; Breach of Express Warranty Under LSA-RS 9:2800.58; Breach of Warranty in Redhibition

(See Exhibit A attached)

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Christopher L. Coffin
Louisiana Bar No. 27902
Nicholas R. Rockforte
Louisiana Bar No. 31305
Jessica A. Perez
Louisiana Bar No. 34024
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Tel: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com
nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

5

# Exhibit A

*Elizabeth Kahn*
*vs.*
*Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a*
*Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC*

### Liability Under The Louisiana Products Liability Act

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Under the Louisiana Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:

   a. Failure to instruct and/or warn of the serious risk of developing disfiguring permanent alopecia and other injuries;
   b. Failure to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered TAXOTERE® to Plaintiff, of the serious risk of developing disfiguring permanent alopecia and other injuries;
   c. Manufacturing, producing, promotion, formulating, creating, and/or designing TAXOTERE® without adequately testing it;
   d. Failing to provide adequate warning of the dangers associated with TAXOTERE®;
   e. The defects in designing, formulating, researching, developing, manufacturing, marketing, promoting and selling a medication when it knew or reasonably should have known of the propensity to cause disfiguring permanent alopecia and other injuries;
   f. Defendants' liability under the Louisiana Products Liability Act as a result of its design, development, manufacture, marketing, and sale of a medication which is defective and unreasonably dangerous for the risk of developing disfiguring permanent alopecia and other injuries;
   g. The continued production and sale of docetaxel (TAXOTERE®) given the propensity of the medication to cause disfiguring permanent alopecia and other injuries;
   h. Providing inaccurate labeling and inadequate warnings and instructions;
   i. Utilizing testing methods which were not accurate, sensitive, specific, and/or reproducible;
   j. Other breaches and defects which may be shown through discovery or at trial; and

k.  Generally, the failure of Defendants to act with the required degree of care commensurate with the existing situation.

**Inadequate Warning Under LSA-RS 9:2800.57**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

2. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to, permanent disfiguring alopecia.

3. Defendants had/have a duty to warn of adverse drug reactions, including, but not limited to, permanent disfiguring alopecia, which they knew or should have known can be caused by the use of TAXOTERE® and/or are associated with the use of TAXOTERE®.

4. The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring permanent alopecia.

5. Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

6. Due to the inadequate warning regarding the serious risk for disfiguring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

7. Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

8. Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.

9. Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring permanent alopecia with Plaintiff and/or would not have prescribed it.

10. As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered disfiguring permanent alopecia.

11. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

### Breach of Express Warranty Under LSA-RS 9:2800.58

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

2. Defendants expressly warranted that TAXOTERE® was safe and well accepted by users.

3. TAXOTERE® does not conform to these express representations, because TAXOTERE® is not safe and has numerous serious side effects, including, but not limited to, permanent and disfiguring alopecia, many of which were not accurately warned about by Defendants.

4. As a direct and proximate result of the breach of these warranties, Plaintiff suffered and will continue to suffer severe and permanent personal injuries, disfigurement, losses, and damages.

5. Plaintiff and Plaintiff's physicians relied on Defendants' express warranties. Furthermore, the express warranties represented by Defendants were a part of the basis for Plaintiff's and Plaintiff's physicians use of TAXOTERE® and she relied upon these warranties in deciding to use TAXOTERE®.

6. Members of the medical community, including physicians and other healthcare professionals, relied upon the representations and warranties of Defendants for use of TAXOTERE® in recommending, prescribing, and/or dispensing TAXOTERE®. Defendants breached the aforesaid express warranties, as their drug TAXOTERE® was and is defective and causes harm and injury as discussed herein.

7. At the time of the making of express warranties, Defendants had knowledge of the purpose for which TAXOTERE® was to be used, and warranted same to be in all respects safe, effective, and proper for such use.

8. Defendants expressly represented to Plaintiff, Plaintiff's physicians, and/or healthcare providers that TAXOTERE® was safe and fit for use for the purposes intended, that it was of merchantable quality, that it did not produce any dangerous side effects in excess of those risks associated with other forms of treatment for cancer, that the side effects it did produce were accurately reflected in the warnings, and that it was adequately tested and fit for its intended use.

9. Defendants knew or should have known that, in fact, their representations and warranties were false, misleading, and untrue in that TAXOTERE® was not safe and fit for the use intended, and, in fact, TAXOTERE® produced serious injuries to the users that were not accurately identified and represented by Defendants.

10. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

## **Breach of Warranty in Redhibition**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

2. TAXOTERE® contains a vice or defect which renders it useless or its use so inconvenient that consumers would not have purchased it had they known about the vice or defect.

3. Pursuant to Louisiana Civil code article 2520, a seller warrants the buyer against redhibitory defects, or vices, in the thing sold. TAXOTERE®, which was sold and promoted by Defendants, possesses a redhibitory defect because it is unreasonably dangerous, as described above, which renders TAXOTERE® useless or so inconvenient that it must be presumed that Plaintiff, would not have bought TAXOTERE® had she known of the defects.

4. Defendants were aware of the substantial risks of disfiguring permanent alopecia associated with TAXOTERE® but failed to fully disclose those risks to Plaintiff.

5. In accordance with Louisiana Civil Code article 2545, Defendants, as the manufacturers, distributors and sellers of TAXOTERE®, are deemed to be aware of its redhibitory defects.

6. Had Plaintiff been made aware of the defects contained in TAXOTERE®, he would not have purchased TAXOTERE®. This characteristic rendered TAXOTERE® unfit for its intended purposes.

7. Defendants are liable to Plaintiffs under the theory of redhibition as a consequence of the sale to Plaintiff a product unfit for its intended use.

8. Plaintiff is entitled to the return of purchase price paid for TAXOTERE®, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiffs may be entitled.

9. As a result of the aforementioned breach of obligation by Defendants, Plaintiff, suffered and continues to suffer from the following items of damage, all past, present, and future, for which she is entitled to be compensated by Defendants, *in solido*, in an amount which is just and reasonable:

   a. Medical and related expenses;
   b. Physical injury and disability;
   c. Physical pain and suffering;
   d. Mental anguish and distress;
   e. Loss of earnings;
   f. Impairment to earning capacity;
   g. Loss of enjoyment of life; and
   h. Other items of damage which may be shown through discovery or at trial.

10. By reason of the foregoing, Plaintiff demands judgment against each Defendant, individually, jointly and severally for compensatory damages in a sum in excess of $75,000.00, together with interest, costs of suit, and all such other and further relief as the Court deems proper.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | )|
|---|---|
| Elizabeth Kahn | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| SANOFI S.A., ET AL | ) |
| | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
SANOFI US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
55 Corporate Drive
Bridgewater, NJ 08807

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Christopher L. Coffin
Pendley, Baudin & Coffin, LLP
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

Case 2:16-md-02740-JTM-MBN Document 9295-13 Filed 02/14/20 Page 13 of 13
Case 2:16-cv-17039-KDE-MBN Document 6-2 Filed 05/10/17 Page 2 of 2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: