# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Vivian Fox, 18-cv-14134 Gail Glass Hill, 18-cv-14293 Cynthia Siddoway, 19-11983 Valerie Jones, 19-cv-10778 | ) ) ) ) ) | |

## ORDER AND REASONS

Before the Court are four Motions to Vacate Notices of Voluntary Dismissals (Docs. 8713, 8714, 8715, and 8716). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

The four Motions before the Court are nearly identical. In each, the Plaintiff explains that she filed a Notice of Dismissal dismissing several Defendants from her suit. Each Plaintiff, however, made a clerical error in her Notice of Dismissal. She dismissed the Defendants she intended to keep in her

---

[1] Docetaxel is the generic version of Taxotere.

action, and she kept the Defendant(s) that she intended to dismiss.[2] Plaintiffs filed the instant Motions seeking to vacate the incorrect dismissals.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[3] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[4]

Plaintiffs explain that they mistakenly dismissed certain Defendants from their suits, and they wish to reinstate their claims as to these Defendants. In response, Defendants argue that Plaintiffs do not have any evidence to support the claims against them. Defendants aver that Plaintiffs have not fulfilled the obligations required of them under Case Management Order 12A. Pursuant to CMO 12A, a Plaintiff must work to obtain sufficient information to identify the specific manufacturer of the drug that she was administered.

Defendants fail to point to any undue prejudice that they will suffer if the Court grants Plaintiffs' Motions. Instead, Defendants raise issues that would be better addressed at a show cause hearing. At these hearings, the

---

[2] Plaintiffs Gail Glass Hill, Cynthia Siddoway, and Valerie Jones dismissed all Defendants except Sagent Pharmaceuticals, Inc. ("Sagent"). These Plaintiffs, however, intended to dismiss only Sagent and keep the other Defendants. Plaintiff Vivian Fox dismissed all Defendants except Sagent and Accord Healthcare, Inc. ("Accord"). She intended, however, to dismiss only Sagent and Accord.
[3] Hesling v. CSX Transp., Inc., 396 F. 3d 632, 638 (5th Cir. 2005).
[4] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir.1996) (en banc)).

Court considers whether certain Plaintiffs have failed to comply with CMO 12A. Because Plaintiffs dismissed Defendants unintentionally, the Court will allow them to vacate their dismissals. The Court cautions, however, that Plaintiffs should be more diligent in the future.[5]

## CONCLUSION

For the foregoing reasons, the Motions to Vacate Notices of Voluntary Dismissals (Docs. 8713, 8714, 8715, and 8716) are **GRANTED**. The voluntary dismissals filed in the four above-captioned cases are **VACATED**.

New Orleans, Louisiana, this 13th day of February, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[5] Each Plaintiff is represented by the same law firm, Marc J. Bern & Partners. The Court will allow only so many more mistakes from this firm. The Court notes that at the show cause hearing on August 15, 2019, Marc J. Bern & Partners was admonished for not following certain procedures in this MDL. *See* Doc. 8081. Further, the Court noticed that in the caption of Jones's Motion, her name was listed as "Valeria Jones," when her Short Form Complaint and other briefing refers to her as Valerie Jones. Plaintiffs are of course allowed some mistakes, but this firm continues to make glaring mistakes. The Court strongly advises the firm to pay better attention to detail moving forward.