# EXHIBIT B

| State | Case |
|---|---|
| Alabama | To establish the defendant's duty to warn, the plaintiff must prove that: (1) the defendant placed the product in question on the market, (2) the product was substantially unaltered when the plaintiff used it, (3) the product was imminently dangerous when put to its intended or customary purpose, and (4) the defendant knew or should have known that the product could create a danger when used in its intended or customary manner. *Campbell v. Robert Bosch Power Tool Corp.*, 795 F. Supp. 1093, 1097 (M.D. Ala. 1992). |
| Alaska | If such a defect is the proximate cause of the plaintiff's injuries, the manufacturer is strictly liable unless the defendant manufacturer can prove that the risk was scientifically unknowable at the time the product was distributed to the plaintiff. *Shanks v. Upjohn Co.*, 835 P.2d 1189, 1200 (Alaska 1992). |
| Arizona | The trial court did not err by instructing the jury that it could only consider whether, at the time of the M–26's distribution, Taser knew or should have known that the M–26 was unreasonably dangerous unless accompanied by an adequate warning. *Powers v. Taser Int'l, Inc.*, 174 P.3d 777, 784 (Ariz. Ct. App. 2007). |
| Arkansas | The issue of due care in giving adequate warning, essentially in the same terms used to define negligence, is placed squarely in the strict liability instruction. Foreseeability is an inherent consideration in determining negligence, and the instruction makes it so with respect to strict liability. *DeLuryea v. Winthrop Labs.*, 697 F.2d 222, 228–29 (8th Cir. 1983) (applying Arkansas law). |
| California | The rules of strict liability require a plaintiff to prove only that the defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution. *Carlin v. Superior Court*, 920 P.2d 1347, 1351 (Cal. 1996). |
| Colorado | A manufacturer cannot warn of dangers that were not known to it or knowable in light of the generally recognized and prevailing scientific and technical knowledge available at the time of manufacture and distribution. *Fibreboard Corp. v. Fenton*, 845 P.2d 1168, 1175 (Colo. 1993). |
| Connecticut | Though the [CPLA] does not specifically describe the boundaries of the seller's duty, any more than the CPLA spells out the elements of any of the causes of action it was enacted to encompass, the fundamental principle that a seller's duty to warn is premised on the existence of its knowledge or its reason to know of the hazards is evident. *LaMontagne v. E.I. Du Pont De Nemours & Co.*, 41 F.3d 846, 859 (2d Cir. 1994) (Connecticut law). |
| Delaware | The manufacturer's duty to warn is dependant [sic] on whether it had knowledge of the hazards associated with its product. Colgain, however, does |

| | |
|---|---|
| | not need to present evidence that Finska Mineral had actual knowledge of those dangers. It is enough that he merely establish that the manufacturer should have known of them.  *In re Asbestos Litig.*, 799 A.2d 1151, 1152 (Del. 2002). |
| District of Columbia | The bulk of the case law . . . holds that a manufacturer is not an insurer of his product, and that he may not be held liable for failure to warn absent a finding that the injury resulting from his product because it was inadequately labelled was reasonably foreseeable.  *Payne v. Soft Sheen Prod., Inc.*, 486 A.2d 712, 722 n.8 (D.C. 1985). |
| Florida | [M]anufacturers are not required to warn of every risk which might be remotely suggested by any obscure tidbit of available knowledge, but only of those risks which are discoverable in light of the 'generally recognized and prevailing best' knowledge available.  *Barrow v. Bristol-Myers Squibb*, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *30 (M.D. Fla. Oct. 29, 1998). |
| Georgia | To establish a failure to warn claim, "a plaintiff must show that (1) the defendant knew, or had reason to know, that the product is likely to be dangerous for the intended use; (2) the defendant had no reason to believe that the user would realize the danger; and (3) the defendant failed to exercise reasonable care to inform the user about the danger."  *Brazil v. Janssen Research & Dev. LLC*, 196 F. Supp. 3d 1351, 1360 (N.D. Ga. 2016). |
| Idaho | While sellers need not be clairvoyant, they are held to the knowledge and experience of experts in their fields.  Knowledge of the product's risks based on reliable and obtainable information is imputed to the seller.  Thus, the balancing between benefits and risks is based on the best available information at the time of distribution, not merely the information known to the seller.  *Toner v. Lederle Labs.*, 732 P.2d 297, 307 (Idaho 1987) (internal citations omitted).  In *Toner*, the Idaho Supreme Court – while discussing a strict liability design defect claim – explained that "as we recently stated:  '[T]here generally is little difference in the requirements and analysis of the duty to warn under either a negligence of strict liability theory[.]'"  *Id.* at 305 n.7 (Idaho 1987) (quoting *Sliman v. Aluminum Co. of Am.*, 731 P.2d 1267, 1270 (Idaho 1986)). |
| Illinois | We perceive that requiring a plaintiff to plead and prove that the defendant manufacturer knew or should have known of the danger that caused the injury, and that the defendant manufacturer failed to warn plaintiff of that danger, is a reasonable requirement, and one which focuses on the nature of the product and on the adequacy of the warning, rather than on the conduct of the manufacturer.  *Woodill v. Parke Davis & Co.*, 402 N.E.2d 194, 198 (Ill. 1980). |
| Indiana | Because a manufacturer cannot be required to warn of a risk unknown to science, the knowledge chargeable to him must be limited to that of the period during which the plaintiff was using the product in question.  *Ortho Pharm. Corp. v. Chapman*, 388 N.E.2d 541, 548 (Ind. Ct. App. 1979). |

| | |
|---|---|
| Iowa | We conclude, therefore, that the manufacturer Ortho had no duty to warn when it did not know or should not have known of the danger. The contention that plaintiffs urge would impose a duty on a manufacturer to warn of unknown dangers, and we do not adopt such a requirement. *Moore v. Vanderloo*, 386 N.W.2d 108, 116 (Iowa 1986). |
| Kansas | Ortho is under a duty to make known to the medical profession, or at least those physicians who are prescribing that drug, any of the dangerous side effects of which it knows or has reason to know. *Wooderson v. Ortho Pharm. Corp.*, 681 P.2d 1038, 1062 (Kan. 1984). |
| Kentucky | Generally, a manufacturer has a duty to warn of dangers that it either knew or should have known. . . .  A manufacturer will not be charged with constructive knowledge of a risk that was unknown in the medical community. *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 708, 711 (W.D. Ky. 2013). |
| Louisiana | [A] manufacturer's duty to warn a particular plaintiff is measured by the state of scientific and/or technical knowledge at the time the product left the manufacturer's control. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 272 n.11 (5th Cir. 2002). |
| Maine | Under this standard, when the strict liability defect consists of a failure to warn, reasonableness of the manufacturer's conduct is a factor in determining whether the manufacturer had a duty to warn.  The conduct should be measured by knowledge at the time the manufacturer distributed the product. Given the scientific, technological and other information available when the product was distributed, did the manufacturer know or should he have known of the danger. In other words, did he have actual or constructive knowledge of the danger. *Bernier v. Raymark Indus., Inc.*, 516 A.2d 534, 538 (Me. 1986). |
| Maryland | Thus, where a product lacks a warning because of insufficient knowledge on the part of the manufacturer or in the scientific field involved, the product is not defective.  As defectiveness is an element to be proven by the plaintiff, the knowledge or state of the art component is not an affirmative defense. *Gourdine v. Crews*, 955 A.2d 769, 781 n.10 (Md. 2008) (quoting *Owens-Illinois, Inc. v. Zenobia*, 601 A.2d 633, 641 n.8 (Md. 1992)). |
| Massachusetts | In recognition of the clear judicial trend regarding the duty to warn in products liability cases, and the principles stated in Restatement (Third) of Torts: Products Liability, supra at § 2(c) and comment m, we hereby revise our law to state that a defendant will not be held liable under an implied warranty of merchantability for failure to warn or provide instructions about risks that were not reasonably foreseeable at the time of sale or could not have been discovered by way of reasonable testing prior to marketing the product. *Vassallo v. Baxter Healthcare Corp.*, 696 N.E.2d 909, 923 (Mass. 1998). |

| | |
|---|---|
| Michigan | In a product liability action brought against a manufacturer or seller for harm allegedly caused by a failure to provide adequate warnings or instructions, a manufacturer or seller is not liable unless the plaintiff proves that the manufacturer knew or should have known about the risk of harm based on the scientific, technical, or medical information reasonably available at the time the specific unit of the product left the control of the manufacturer.  Mich. Comp. Laws Ann. § 600.2948(3). |
| Minnesota | Under Minnesota law, a manufacturer has a duty to warn users of its products of all dangers associated with those products of which it has actual or constructive knowledge.  Failure to provide such warnings will render the product unreasonably dangerous and will subject the manufacturer to liability for damages under strict liability in tort.  *Karjala v. Johns-Manville Prod. Corp.*, 523 F.2d 155, 158 (8th Cir. 1975). |
| Mississippi | [T]he manufacturer, designer or seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer, designer or seller, the manufacturer, designer or seller knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition.  Miss. Code. Ann. § 11-1-63. |
| Missouri | As used in this section, "state of the art" means that the dangerous nature of the product was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.<br><br>The state of the art shall be a complete defense and relevant evidence only in an action based upon strict liability for failure to warn of the dangerous condition of a product. This defense shall be pleaded as an affirmative defense and the party asserting it shall have the burden of proof.<br><br>Mo. Ann. Stat. § 537.764(1)-(2). |
| Nebraska | The additional language suggests that manufacturers should have supplied warnings reporting any scientific or medical evidence tending to show an association between inhalation of asbestos dust and mesothelioma regardless of whether that evidence represented the generally recognized and prevailing best technology reasonably available to the industry during the 1940s.  Under a state-of-the-art defense, warnings of scientific or medical concerns should not be required if the concerns are not generally recognized as reflecting the best data reasonably available at the time.  *Menne v. Celotex Corp.*, 861 F.2d 1453, 1472 (10th Cir. 1988) (Nebraska law). |

| Nevada | Many courts have examined and compared the application of strict liability and negligence theories and concluded that there is sometimes little, if any, difference between the 2 theories in the failure to warn context. Under both theories the duty to warn rests on the negligence concept of foreseeability . . . [and] recovery ultimately depends upon . . . what constitutes reasonable warning. . . . Thus, it has been said that the test of liability for failure to warn still contains a standard of reasonableness. *Forest v. E.I. DuPont de Nemours & Co.*, 791 F. Supp. 1460, 1464 (D. Nev. 1992). |
|---|---|
| New Hampshire | "Foreseeability"—i.e., what a manufacturer "knew or should have known" about the dangers of its product—is substantially determined by the knowledge a manufacturer 'should have' acquired, and the tests it "should have" conducted. *Cheshire Med. Ctr. v. W.R. Grace & Co.*, 853 F. Supp. 564, 570 (D.N.H. 1994), *aff'd*, 49 F.3d 26 (1st Cir. 1995). |
| New Jersey | Similarly, as to warnings, generally conduct should be measured by knowledge at the time the manufacturer distributed the product. Did the defendant know, or should he have known, of the danger, given the scientific, technological, and other information available when the product was distributed; or, in other words, did he have actual or constructive knowledge of the danger? *Feldman v. Lederle Labs.*, 479 A.2d 374, 386 (N.J. 1984). |
| New Mexico | The supplier of a product which is defective by reason of a latent production flaw is universally held liable under strict products liability notwithstanding the fact that by inspection, testing, X-ray or any other means known to science at the time the product was placed on the market, it was not possible to know of the unreasonable risk of injury. *Stang v. Hertz Corp.*, 83 N.M. 730, 497 P.2d 732 (1972) (rented tire defective because of impact damage which was not discoverable by normal inspection procedures). While it may be an illogical inconsistency to hold that an unreasonably dangerous design or inadequate warning can give rise to strict products liability based only on what the supplier could reasonably know at the time the product was placed on the market, the New Mexico Supreme Court has not yet addressed this issue in a design or warning case. NMRA, Rule 13-1407. |
| New York | To prevail on [a failure to warn] claim, plaintiff must prove that "(1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses about which it knew or should have known, and (3) that failure to do so was the proximate cause of the harm." *Adeghe v. Janssen Pharm., Inc.*, No. 16 CIV. 2235 (LGS), 2017 WL 3741310, at *5 (S.D.N.Y. Aug. 30, 2017) (quoting *State Farm Fire & Cas. Co. v. Nutone, Inc.*, 426 F. App'x 8, 10 (2d Cir. 2011)). |
| North Carolina | A duty to warn arises when the supplier of a product knows or has reason to know that the product is, or can be, dangerous for the use for which it is supplied. *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 706 (W.D.N.C. 2003); *see also* N.C. Gen. Stat. Ann. § 99B-5. |

| | |
|---|---|
| North Dakota | This court, in *Olson v. A.W. Chesterton Company*, 256 N.W.2d 530 (N.D.1977), recognized that under Restatement (Second) Torts, § 402A, one who manufactures or sells a product has a duty to warn of dangers inherent in its intended use and also to warn of dangers involved in a use which can be reasonably anticipated. Thus a manufacturer or seller can be held liable under a products-liability theory for selling a product which, although meeting every requirement for its designed utility and although properly manufactured, is marketed without adequate warnings to make the product free from unreasonable danger to the user. *Mauch v. Manufacturers Sales & Serv., Inc.*, 345 N.W.2d 338, 345 (N.D. 1984); *Harris v. McNeil Pharm.*, No. CIV 3:98-cv-105, 2000 WL 33339657, at *3 n.2 (D.N.D. Sept. 5, 2000). |
| Ohio | The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages[.]  Ohio Rev. Code Ann. § 2307.76. |
| Oklahoma | Our products liability law generally requires a manufacturer to warn consumers of danger associated with the use of its product to the extent the manufacturer knew or should have known of the danger. *Edwards v. Basel Pharm.*, 933 P.2d 298, 300 (Okla. 1997). |
| Oregon | [A] seller is required to give warning of a danger when the danger is "not generally known" and if the seller "has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge," of the presence of the danger. *Benjamin v. Wal-Mart Stores, Inc.*, 61 P.3d 257, 264 (Or. Ct. App. 2002). |
| Pennsylvania | [A] seller of prescription drugs [has a duty] to warn not only of risks of which he reasonably should have knowledge, but also warn of risks of which he did, in fact, have knowledge. *Bell v. Boehringer Ingelheim Pharm., Inc.*, No. CV 17-1153, 2018 WL 928237, at *3 (W.D. Pa. Feb. 15, 2018) (citing *Hahn v. Richter*, 673 A.2d 888, 890 (Pa. 1996)). |
| Rhode Island | For the same reasons of public policy we reject plaintiff's assertion that a drug manufacturer should be held strictly liable for failure to warn of risks inherent in a drug even though it neither knew nor could have known by the application of scientific knowledge available at the time of distribution that the drug could produce the undesirable effects suffered by plaintiff. *Castrignano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 782 (R.I. 1988). |
| South Carolina | The distinction between strict liability and negligence in design-defect and failure-to-warn cases is that in strict liability, knowledge of the condition of the product and the risks involved in that condition will be imputed to the manufacturer, whereas in negligence these elements must be proven. *Bragg v.* |

| | |
|---|---|
| | *Hi-Ranger, Inc.*, 462 S.E.2d 321, 326 (S.C. Ct. App. 1995). This Court can predict that the South Carolina Supreme Court would follow the vast majority of jurisdictions that impose liability only for known or knowable risks. *Compare id.* (quoting *Bilotta v. Kelley Co.*, 346 N.W. 2d 616, 622 (Minn. 1984)), *with* Minnesota Jury Instruction Guides, Civil 75.25 (6th ed. 2014) (collecting cases for the proposition that the Minnesota Supreme Court's case law indicates the duty to warn is based primarily on negligence principles); *see also* 5 Louis R. Frumer et al., Products Liability § 50.04[1] (2019) ("[A] few states continue to adhere to the illogical rule that manufacturers may have to warn of the unknowable in strict liability cases generally . . . although in [] some of the jurisdictions adhering to the minority rule, it is inapplicable for prescription drugs."). |
| South Dakota | The South Dakota Supreme Court has cautioned that Section 402A "does not make the manufacturer an absolute insurer against any injuries caused by his product." *Engberg v. Ford Motor Co.,* 87 S.D. at 205, 205 N.W.2d at 109. This court believes the South Dakota Supreme Court would apply comments j and k of Restatement Section 402A to this prescription drug case, in light of the absence of any evidence that Lilly knew of, or should have foreseen, in 1949, the potential adverse side effects of DES here involved. *McElhaney v. Eli Lilly & Co.*, 575 F. Supp. 228, 232 (D.S.D. 1983), *aff'd*, 739 F.2d 340 (8th Cir. 1984). |
| Tennessee | We believe inquiry on this issue was properly limited to the scientific and medical knowledge available to Ciba-Geigy at the time Ritalin left the control of Ciba-Geigy. *Witherspoon v. Ciba-Geigy Corp.*, No. C.A. 1023, 1986 WL 2138, at *3 (Tenn. Ct. App. Feb. 12, 1986). |
| Texas | If a manufacturer knows or should know of potential harm to a user because of the nature of its product, the manufacturer is required to give an adequate warning of such dangers. *Bristol-Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex. 1978). |
| Utah | To establish a claim in strict liability for a failure to warn, the Plaintiffs must rely on evidence tending to show that (1) MPP knew or should have known of the risk involved, (2) the risk was not disclosed or adequately disclosed rendering the product unreasonably dangerous, and (3) the failure to provide an adequate warning caused the injury. *Herrod v. Metal Powder Prod.*, 413 F. App'x 7, 18–19 (10th Cir. 2010) (Utah law). |
| Vermont | [A] product manufacturer escapes liability for its product absent proof that the manufacturer knew or should have known of the risk about which it failed to warn. *Kellogg v. Wyeth*, 762 F. Supp. 2d 694, 704 n.5 (D. Vt. 2010). |
| Virginia | It is well settled that the manufacturer of an ethical drug has a duty to provide timely and adequate warnings to the medical profession of any dangerous side |

| | |
|---|---|
| | effects produced by its drugs of which it does, or should, know. *Stanback v. Parke, Davis & Co.*, 502 F. Supp. 767, 770 (W.D. Va. 1980). |
| Washington | Until recently, it appeared that Washington courts applied a strict liability standard to all failure to warn and inadequate warning claims brought under RCW 7.72.030(1)(b). . . . However, in *Estate of LaMontagne v. Bristol–Myers Squibb* . . . , the Washington State Court of Appeals firmly stated that "[w]hether a prescription drug manufacturer provides adequate warning to physicians is governed by the negligence standard under the *Restatement (Second) of Torts § 402A, cmt. k* (1965)," thereby distinguishing prescription drug products[.] . . . Like RCW 7.72.030(1), comment k imposes a duty on a drug manufacturer to warn of the known dangers and risks associated with prescription drugs. *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1171 (W.D. Wash. 2006). |
| West Virginia | A manufacturer is not required to produce an accident-free product; however, if the danger encountered by the plaintiff was reasonably foreseeable, the manufacturer has a duty to warn of that hazard. *Church v. Wesson*, 385 S.E.2d 393, 396 (W. Va. 1989). |
| Wisconsin | Hence, in order to maintain an action against a manufacturer for harm arising from the manufacturer's failure to warn of a danger, whether pursuant to a negligence theory or a strict liability theory, the plaintiff must prove that the manufacturer knew or should have known of the danger which caused the harm at issue. *Stupak v. Hoffman-La Roche, Inc.*, 326 F. App'x 553, 557–58 (11th Cir. 2009) (Wisconsin law). |
| Wyoming | The manufacturer is not required to warn of unknown or unforeseeable risks. *Jacobs v. Dista Prod. Co.*, 693 F. Supp. 1029, 1033 (D. Wyo. 1988) (predicting Wyoming law); *Estates of Tobin by Tobin v. Smithkline Beecham Pharm.*, 164 F. Supp. 2d 1278, 1288 (D. Wyo. 2001). |