# EXHIBIT G

| | |
|---|---|
| **From:** | David  Miceli <dmiceli@miceli-law.com> |
| **Sent:** | Tuesday, January 21, 2020 3:16 PM |
| **To:** | Byard, Adrienne (SHB); Ratliff, Harley (SHB); McRae, Chris (SHB); Douglas Moore; Olinde (Olinde@chaffe.com) |
| **Cc:** | Palmer Lambert; 'Chris Coffin'; Karen Barth Menzies - Gibbs Law (kbm@classlawgroup.com); Dawn Barrios; David  Miceli |
| **Subject:** | Expert Discovery/Continuation of Kessler and Madigan (postponement) |

**EXTERNAL**

Adrienne, Harley, et al.

Following our meet and confer on the future trial schedules, and our agreement to disagree on whether the next trial case opens all experts for new depositions, we feel that our interests would be best served in seeking the Court's input on whether the preparation of additional round #2 trial group cases (Kahn and Phillips) allows for re-deposition of general causation experts. As Drs. Kessler, Madigan, Feigal and Plunkett offer no case specific opinions, and have no present plan to offer any additional opinions for the August 10 trial, we see re-deposing these witnesses as a waste of both time and resources for both parties, particularly at a time when we are facing other tight deadlines for necessary discovery. Judge North has ordered an additional two hours with Drs. Kessler and Madigan, and we absolutely intend to comply with the Court's directive, and likewise obtain the information requested in connection with Dr. Wei's deposition. However, due to the concerns Sanofi raised last Friday that case specific discovery could somehow impact general causation testimony – and we disagree with Sanofi on this point – if that is the case, we suggest putting off the scheduled two-hour continuation depositions until Sanofi can complete the case specific depositions it feels may impact the need to question Plaintiffs' general causation experts. Then, if the Court agrees that all experts are to be fully deposed again, Sanofi can include the examination of the new calculation in its next round of expert depositions. Otherwise, we can simply complete the remaining two hour depositions ordered by Judge North.

Judge North already expressed his concern that all experts do not need to be deposed for a full seven hours each round. This is uniquely true of experts that offer no case-specific opinions. Thus, as we prepare to submit our proposed schedule to the Court for Trial 2A, we feel it is prudent to seek the Court's input on what depositions are included in the line items for "expert depositions." If Plaintiff does not offer any new opinions through their general causation experts, then it remains our position that no additional deposition is warranted of those experts. The same would apply to Plaintiff's examination of Defense experts, assuming no change in the expert and his/her report. Any expert that offers case specific opinions will need to be deposed; for experts that offer both general and specific – Glaspy and Love, for instance – would only need to provide a case-specific supplemental report.

As a result, until we can resolve what expert depositions will need to be taken in relation to the next trial, we intend to postpone the currently scheduled continuations of Drs. Kessler and Madigan. We can reschedule these depositions as soon as we have clarity on this issue. I am certain Sanofi continues in its disagreement with our position, and we are happy to include this issue during tomorrow's call if you like.

Dave