UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Elizabeth Kahn, Case No. 16-cv-17039;*
*June Phillips, Case No. 16-cv-15397.*

### REPLY MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINTS OF BELLWETHER TRIAL PLAINTIFFS, ELIZABETH KAHN AND JUNE PHILLIPS

MAY IT PLEASE THE COURT:

Plaintiffs Elizabeth Kahn and June Phillips, through undersigned counsel, submit this reply memorandum in support of their request for leave to file amended Short Form Complaints. Contrary to Sanofi's assertions, Plaintiffs do not seek leave to amend the Second Amended Master Complaint's *definition* of their injury; rather, Plaintiffs seek to amend their pleadings to make particularized allegations regarding their *notice* of their injury, their *notice* of its onset, their *notice* of a potential tort/cause-of-action, and/or their *investigation* of their injury and its potential cause. Plaintiffs' request for this Court's leave to add these case-specific facts is consistent both with the Court's prior rulings denying the addition of boilerplate allegations and with these Plaintiffs' deposition testimony.[1]

**I.    The definition of the injury used in the Second Amended Master Complaint has been conflated with individual Plaintiffs' actual or constructive knowledge of an actionable injury.**

Pursuant to Pretrial Order No. 15, Plaintiffs must use the Master Complaint, which provides "efficiency and economy by presenting certain common allegations and common

---

[1] Addition of these allegations prior to Plaintiffs' scheduled follow-up depositions also is consistent with the Court's guidance given to lead and liaison counsel in the January 9, 2020 chambers conference that Plaintiffs would be allowed to add facts particularized to their case in their Short Form Complaints.

questions of fact and law that generally pertain to Plaintiffs" rather than individual allegations. (Doc. 4407 at ¶2). As the Court is well aware, Plaintiffs' definition of Permanent Chemotherapy Induced Alopecia ("PCIA") in the Second Amended Master Complaint – "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" – is nothing more than one definition used in science to define PCIA; a definitional allegation that was provided by the PSC as part of its due diligence in investigating and preparing common factual liability and injury allegations (Doc. 4407 at ¶181). Plaintiffs further aver that this *definition* neither somehow confers on each MDL Plaintiff actual or constructive *notice* at six months, nor provides a case-specific allegation that any particular MDL Plaintiff's hair loss actually became permanent or irreversible exactly at six months. Defense expert Dr. Chang's acknowledgment that there is no magic date at which hair loss transitions from reversible to irreversible buttresses Plaintiffs' position.²

However, setting aside the PSC's disagreement that all Plaintiffs in the MDL should be bound by the Second Amended Master Complaint's *definition* of PCIA for purposes of statute of limitations analysis in any individual Plaintiff's case (*see* Docs. 7571, 8702, 8703, and 9115), the Court has held that the prescriptive period in an individual Plaintiff's case commences only "'when the plaintiff has actual or constructive knowledge of a causal relationship between the object or product [here, Taxotere] and the injury [defined as hair not growing back six months after chemotherapy].'" (*See* Doc. 7571 at 5 (citing *In re*: Xarelto (Rivaroxaban) Prods. Liab. Litig., 2017 WL 4517287, at *2 (E.D. La. Oct. 10, 2017))). In other words, it is not the *definition* of the injury **alone** which triggers the running of the prescriptive period – the analysis requires an evaluation of

---

² Dr. Chang states in her report "[t]here is no universal or authoritative clinical definition of this condition, and various scientists and clinicians may define it differently, for example, based on the duration of persistence or the degree of hair regrowth." See Exhibit A, Expert Report of Ellen T. Chang, Sc.D. at 4.

an individual Plaintiff's *actual or constructive knowledge* of their injury and of the link between the injury to the Defendants' product.

Here, the record is void of a suggestion that Plaintiffs were aware of the six-month *definition* at the time their injury was experienced. In fact, these Plaintiffs' operative Short Form Complaints (before the instant proposed amendments) do not affirmatively provide an exact onset date or a date by which they were on notice of the irreversibility of their hair loss. Furthermore, the Plaintiff Fact Sheet responses prepared with the benefit of hindsight, which require responses at fixed time periods, do not ask MDL Plaintiffs to answer as if they time-traveled back in time to the point that they were experiencing the injury. Plaintiffs are answering these Plaintiff Fact Sheet questions in consultation with their attorneys with the benefit of research and knowledge compiled by the PSC. In effect, therefore, by use of streamlined discovery (PFSs) and form pleadings (SFCs) providing efficiency for all parties, Plaintiffs are being held to have actual or constructive knowledge of the link between their injury and Taxotere based on a single *definition* of injury pled years, **after** the moment in time at which knowledge must be evaluated relevant to any prescription inquiry.

By analogy, if a patient had abdominal surgery experiences stomach pain six months after surgery, and if, hypothetically, medical science recognizes that stomach pain persisting six months after surgery is indicative of a foreign object left inside the patient, the prescriptive period would not commence at six months after surgery if the patient had no reason to associate his continuing pain with a foreign object. Any other result would be utterly inconsistent with the policy of fairness underlying the *contra non valentem* doctrine. Moreover, it would be inappropriate to consider the prescriptive period in such a case to automatically commence six months after surgery, even if in a later-filed complaint, the Plaintiff and his counsel endorsed the position of medical science that

diagnosis of a foreign object left in the patient is appropriate if pain persists six months after surgery. To impose medical or scientific information on a lay patient solely because his attorneys later filed a lawsuit citing that medical science information, wrongly presupposes that the information was within the actual or constructive purview of the lay patient at the time relevant to the prescription analysis.

Plaintiffs therefore submit that a "temporal disconnect" underlies Defendants' arguments regarding the pleadings in this case, and that this disconnect should not continue to be exploited by Defendants with regard to any individual Plaintiff's allegation of actual or constructive knowledge in the Court's consideration of prescription and *contra non valentem*. Plaintiffs agree with the Court that they should be allowed to make particularized allegations regarding their present-sense knowledge and/or investigation of their injury and its cause. But, regardless of the addition of such particularized allegations, individual MDL Plaintiffs should not be held to any particular date by which they were on actual or constructive notice unless and until the actual or constructive knowledge of Plaintiffs can be ascertained. It is neither logical nor equitable to impose a later-endorsed definition of legal harm on an individual Plaintiff, in order to trigger the commencement of the prescriptive period at a point in time well **before** that filing.

II. **Justice requires that the Court grant Plaintiffs leave to amend their Short Form Complaints.**

Plaintiffs' individual factual allegations were not and could not have been considered in the Second Amended Master Complaint as adopted by Plaintiffs' Short Form Complaints. Plaintiffs do not propose their supplemental factual allegations in order to create an issue of material fact; rather, Plaintiffs seek to amend to conform their Short Form Complaints to the facts learned through discovery concerning Plaintiffs' actual and constructive knowledge of their injury and its link to Taxotere. The Court's ruling partially denying the third bellwether trial Plaintiffs'

4

motion for leave to file amended Short Form Complaints is inapposite. (Doc. 8703). In part, the third bellwether trial Plaintiffs sought to amend their Short Form Complaints to add common factual assertions of Defendants' conduct to conceal Sanofi's knowledge of Taxotere's association with persistent alopecia that had been discovered in general discovery and set forth in Plaintiffs' proposed Third Amended Master Long-Form Complaint. The Court denied this portion of the proposed amendments, finding that they were boilerplate and not particularized to each Plaintiff's case. In the instant motion, Plaintiffs' proposed supplemental allegations are individualized and in conformity with their deposition testimony and discovery responses.

    A large portion of the Defendants' opposition memorandum focuses on certain portions of testimony of other fact witnesses, including Plaintiffs' physicians, to suggest Plaintiffs' allegations are contradictory or futile. The proposed amendments are not contradictory to Plaintiffs' deposition testimony and discovery responses. The fact that some other witness may have a slightly different recollection is why we have trials and why contested facts are tested through cross examination at trial. Plaintiffs' amending allegations and their sworn testimony and discovery responses may contradict other fact witness testimony. Any such perceived conflicts in testimony are already known by Defendants through the discovery taken thus far, and, therefore, there is no prejudice. Plaintiffs' allegations of interactions with witnesses that are consistent with Plaintiffs' prior testimony and that involve witnesses who have already been deposed (and who have long been known by Defendants for through identification in the PFSs) do not prejudice defendants nor require additional discovery. Defendants have pointed to no particular additional discovery that they would need in order to evaluate these supplemental allegations made in conformity with Ms. Kahn's and Ms. Phillips' testimony. Even so, phase II discovery is not closed and Defendants will be afforded the opportunity both to take updated depositions of Ms. Kahn and Ms. Phillips (which

depositions Sanofi has already requested) and to cross examine witnesses on alleged contradictory fact testimony at trial. Accordingly, Defendants will not be prejudiced by Plaintiffs' proposed amendments.

There has been no undue delay or bad faith in bringing these amendments. Just recently in the fall of 2019, this Court made rulings regarding interpretation of the master allegations, and indeed only selected Ms. Kahn and Ms. Phillips as alternate Plaintiffs for the second trial at the end of 2019. Further, the parties have discussed procedures for amending Short Form Complaints with Your Honor in the last two lead/liaison conferences. These amendments are brought with the Court's guidance and by the parties' agreed deadline to amend these trial Plaintiffs' complaints.

For the reasons stated above, Plaintiffs' motions for leave should be granted and the proposed amending Short Form Complaints should be entered into the record in the above captioned cases.

Dated: February 18, 2020

Respectfully submitted,

/s/ Richard L. Root
Betsy J. Barnes #19473
Richard L. Root #19988
Morris Bart, LLC
601 Poydras Street, 24th Floor
New Orleans, Louisiana 70130
Phone: (504) 525-8000
Fax: (504) 599-3392
bbarnes@morrisbart.com
rroot@morrisbart.com

*Counsel for Trial Plaintiff, June Phillips*

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
Jessica A. Perez (#34024)
Pendley, Baudin & Coffin, LLP
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
jperez@pbclawfirm.com

*Counsel for Trial Plaintiff, Elizabeth Kahn*

**FOR THE PLAINTIFFS' STEERING COMMITTEE**

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com


J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com


Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>*/s/ M. Palmer Lambert*
>M. PALMER LAMBERT