UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO All Cases v. Hospira/Pfizer Defendants; Dora Sanford No. 17-9417 | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THE HOSPIRA GENERAL DISCOVERY DEADLINE

MAY IT PLEASE THE COURT:

The PSC respectfully requests that the Court extend the Hospira general discovery deadline for approximately three months, or until June 3, 2020. One of the three trial plaintiffs selected by the Court for MDL trial #3, Dora Sanford, and more than 1,400 MDL plaintiffs who have filed claims against Hospira will be significantly prejudiced if general discovery closes on March 3, 2020 without a full opportunity for the PSC to both complete its review of delayed document productions by Hospira and notice additional corporate depositions the PSC deems necessary based on that review.

Hospira continues to produce documents that should have been produced with its CMO 7 disclosures back in November 2017, over two years ago. To date, Hospira has yet to produce custodial files that were requested as early as August 7, 2019. Further, each deposition of a Hospira witness has revealed the existence of relevant documents that have not been produced and/or relevant witnesses that have not been identified. Because Hospira has not been forthcoming or timely in meeting its discovery obligations, the general discovery deadline for Hospira should be

1

extended by approximately three months, or until June 3, 2020.[1] The PSC further requests that Hospira be required to submit a certification that all responsive documents have been produced by March 3, 2020.

The PSC addressed these concerns regarding the general discovery deadline in the parties' February 13, 2020 discovery conference with Magistrate Judge North, who directed the PSC to present this issue to Your Honor for resolution in consideration of the deadline's overlap with the phase II discovery deadline for MDL trial #3.

**A.  Since September 2019, Hospira has produced 25,741 documents consisting of 329,376 pages.**

The PSC propounded written discovery on Hospira in July 2018. Each deposition of a Hospira employee reveals relevant documents that have not yet been produced. Hospira continues to produce relevant and responsive documents 1.5 years after discovery was propounded.

On September 15, 2019, the PSC requested additional documents that were mentioned in the deposition of Juergen Schmider.[2] All of the requested documents have not yet been produced. Examples of the documents that have been produced since September are:

- On November 6, 2019, Hospira produced 59,137 pages of documents consisting of the custodial files of Lisa Skeens and Lisa Zboril. These custodial files were requested on August 7, 2019.

- On December 3, 2019, Hospira produced 130 pages labeled "Hospira Corporate Safety Board documents."

- On January 20, 2020, Hospira produced 154,528 pages labeled "Custodial Files of Angeliki Kotsianti."

- On January 7, 2020, Hospira produced 906 pages labeled "Hospira pharmacovigilance committee minutes."

---

[1] As the parties and the Court experienced with general discovery against Sanofi, some of the delays in completion of general discovery are a natural consequence of the number of moving parts in this MDL, and it is not unanticipated given the number of witnesses, custodians and attorneys involved that extensions of the general discovery deadline have been necessary, appropriate and agreed thus far.
[2] Ex. A, 9/15/19 email from Liakos to counsel for Hospira.

- On January 21, 2020, Hospira produced 677 pages labeled "Hospira Quarterly Signal Detection Medical Reviews."

- On February 4, 2020, Hospira produced 512 pages labeled "Hospira March 2017 Label Update FDA Submission."

The PSC is in the process of reviewing the produced documents and evaluating the privilege claims/redactions, but the PSC needs additional time to fully digest the information and may have to request additional depositions and/or additional deposition time with witnesses who were previously deposed.

On August 7, 2019, the PSC requested the production of custodial files for several witnesses, including Eric Floyd whose deposition is set for March 3, 2020.[3] To date, Hospira has not produced the custodial file for Eric Floyd. Similarly, Hospira has not produced the custodial file for Lora Peknik-Graham, whose deposition the parties are attempting to set in March 2020.

**B.     The January 23, 2020 deposition of Robynn Michelson revealed the names of two witnesses that Hospira improperly failed to previously identify.**

On January 23, 2020, the PSC deposed Robynn Michelson, Senior Manager, Drug Safety Surveillance. [REDACTED PER PTO 50]

---

[3] Ex. B, 8/7/19 letter from Centola to counsel for Hospira.
[4] Ex. C, 2/19/20 email from counsel for Hospira to Centola.

3

[REDACTED PER PTO 50]

**C.    Some witnesses will not be deposed by the March 3, 2020 deadline.**

---

[5] Ex. D, deposition of Schmider, pg. 10.
[6] Ex. E, deposition of Michelson, pg. 19, 26 and 37.
[7] Ex. E, pg. 39.
[8] Ex. E, pg. 55.
[9] Ex. E, pg. 85.
[10] Ex. E, pg. 55, 73,105-106.
[11] Ex. E, pg. 127.

Despite efforts by both sides to make reasonable accommodations, the depositions of Middle Qiu ("Middle") and Laura Peknik-Graham will not be complete by March 3, 2020.[12] Middle lives in Shanghai, China and is currently under travel restrictions. The parties have agreed to depose Middle in Singapore when the travel restrictions are lifted. The PSC will work with Hospira to complete Middle's deposition as soon as possible in light of the travel restrictions on Chinese residents. However, should the deposition of Middle reveal additional names of persons who have relevant information and who have not been previously identified, or if the deposition of Middle reveals categories of relevant documents that have not previously been identified, the PSC should have the opportunity to conduct discovery on the previously undisclosed information. The same holds true for the deposition of Peknik-Graham.

The Chinese witness, Middle, is a critical witness that likely will lead to the discovery of additional key witnesses and/or documents. [REDACTED PER PTO 50]

Because Middle is a critical witness and because Middle cannot be deposed at this time due to circumstances outside the control of the parties, the general discovery deadline for Hospira should be continued.

---

[12] Ex. F, 2/3/20 email from counsel for Hospira.
[13] Ex. G, Rough draft of deposition of Kotsianti, pg. 28.
[14] Ex. G, pg. 28.
[15] Ex. G, pg. 102.
[16] Ex. G, pg. 103.
[17] Ex. G, pg. 105.
[18] Ex. G, pg. 112-113.

### D. A three-month continuance may impact a Hospira trial but will not prevent the court from trying a 505(b)(2) trial in October 2020.

Although the PSC recognizes that a three-month continuance of the Hospira discovery deadline may impact the viability of a Hospira trial on October 13, 2020, the Court can still hold a 505(b)(2) trial on October 13, 2020 as the PSC anticipates discovery in the Sandoz case and the Accord case will be complete.[19]

The court scheduled an additional 505(b)(2) trial for April 19, 2021. A three-month continuance will not impact the viability of Hospira's participation in an April 19, 2021 trial. In fact, with the addition of four (4) Hospira-only cases to the pool for MDL trial #5 from the Court's initial selections of additional trial pool plaintiffs in CMO 20, there is a strong likelihood that Hospira will be the Defendant for trial #5.

### E. Conclusion

Because Hospira failed to timely identify relevant witnesses who had responsibility for its docetaxel product, as required by CMO 7, because Hospira has not timely produced custodial files that were requested in August 2019, because several depositions have revealed additional witnesses and documents not previously disclosed, because of the inability to depose a critical witness who resides in China, and considering the prejudicial impact that premature conclusion of general discovery would have on over 1,400 MDL plaintiffs, the discovery deadline for Hospira should be extended for three months, or until June 3, 2020.

| | |
|---|---|
| Dated: February 25, 2020 | Respectfully submitted, |
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |

---

[19] The PSC and Defendants have worked cooperatively to schedule depositions and complete discovery within the March 3, 2020 deadline and have regularly advised Judge North of the plaintiffs' concerns regarding completion of general discovery against all three Defendants within the deadline. The PSC, Sandoz and Accord may have some general discovery that, by agreement, extends beyond the March 3, 2020 deadline.

1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT