# EXHIBIT A

## Larry J. Centola

| | |
|---|---|
| **From:** | Jennifer Liakos <JLiakos@NapoliLaw.com> |
| **Sent:** | Sunday, September 15, 2019 10:24 AM |
| **To:** | MaraCusker.gonzalez@dechert.com |
| **Cc:** | Larry J. Centola; Andrew Lemmon; Shea Shaver; Kaelyn Urrea |
| **Subject:** | Documents mentioned by Dr. Schmider |

Mara –

After a review of the deposition of Juergen Schmider and a review of the documents that have been produced to date, Plaintiffs believe we are missing the following documents mentioned in Dr. Schmider's deposition:

1. All meeting minutes and meeting agenda for the corporate safety board. We'd also like all email or other correspondence between the members of that group that discuss docetaxel.
2. The tracking sheets and all associated documents maintained my Robynn Michelson or any member of her group – the drug safety surveillance group.
3. All meeting minutes and meeting agenda for the drug safety surveillance group and all email or other correspondence between the members of that group that discuss docetaxel.
4. All meeting minutes and meeting agenda for the labeling review committee and all email or other correspondence between the members of that group that discuss docetaxel.
5. All FDA Inspection Reports and responses to those reports. Any correspondence internally discussing those reports or Hospira's responses to those reports.
6. All correspondence between Hospira and WIPRO concerning the pharmacovigilance agreement or responsibilities WIPRO had in 2015 and every other time WIPRO had any pharmacovigilance responsibilities for Hospira.
7. All correspondence regarding the 2011 MHRA review, including but not limited to the SOP and/or process in place that allowed the continued failure to update the SmPC between 2011-2015, any correspondence regarding the remediation of that process/SOP any proposed corrective actions.
8. All SOPs and/or processes in place to ensure that the label was changed when the innovator changed its label and any changes to that process over time (we do have the following:
    SOP from 2014 re monitoring the RLD and determination of action by Hospira. This version was updated to define responsibility for the procedure (page 5)
    SOP from 2015 re changes to the SmPC/packaging. Page 13 outlines the changes between versions of the document- it was last updated in Feb 2013
    But need all others relating to this topic.

9. All correspondence regarding SOPs and/or processes in place to ensure that the label was changed when the innovator changed its label and any changes to that process over time.

Once these documents have been produced, we'd like a date for the deposition of Robynn Michelson. As these documents should have been produced with the initial production, we trust Hospira will produce these documents within the next couple of weeks so we can keep things moving. We do not want to move forward with regulatory witness or with anyone involved in the corporate safety board without these documents.

Thank you,

Jenn

1

**Jennifer Liakos**
**Partner**

(212) 397-1000 Ext. 3418 | JLiakos@NapoliLaw.com
5757 W. Century Boulevard Suite 680, Los Angeles, CA 90045 | vCard

Our Mission Statement

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

# Larry J. Centola

| | |
|---|---|
| **From:** | Moore, Richmond <RMoore@wc.com> |
| **Sent:** | Monday, February 3, 2020 10:17 AM |
| **To:** | Larry J. Centola |
| **Cc:** | Chris Coffin; Karen Barth Menzies; Andrew Lemmon; Jennifer Liakos; Cusker Gonzalez, Mara |
| **Subject:** | RE: Hospira - Meet and Confer email - extend general discovery deadline |

Dear Larry:

I am writing to follow up on your email below and our call on January 28.

1. <u>Annette Murphy</u>: Thank you for confirming that Annette Murphy's deposition will not go forward.
2. <u>Xing Min (Middle) Qiu</u>:
    a. *Location*: As discussed, Tokyo is not a good option for Middle's deposition because Japan has onerous rules on depositions, including that they must be taken at the US consular facility, must be presided over by a U.S. consular officer, and must be taken pursuant to a court order or commission.  See https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html.  Manila, Philippines does not have any such restrictions, see https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Philippines.html, and is about the same distance for the witness.  Singapore also would be an acceptable location.  See https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Singapore.html. Therefore, we will agree for Middle to be available for her deposition in Manila or Singapore.
    b. *Timing*: Middle remains available for her deposition on February 27, as previously proposed.  However, unfortunately the Coronavirus and its associated travel restrictions have made it impossible for Middle's deposition to be taken anywhere right now.  This is obviously an unforeseen event that neither party can control.  Thus, we propose that we set Middle's deposition for February 27 to meet the March 3 discovery cut-off.  If her deposition cannot go forward then because of the Coronavirus, we will reschedule this specific deposition for another date once the health issues have cleared.  Middle is a redundant witness who is not on our Trial 3 witness list.  You have requested and we will be producing two other witnesses – Tricia Racanelli and Angeliki Kotsianti – who were involved in the same label change process as Middle, and we also previously offered to produce a 30(b)(6) witness on this or other topics about which you believe Middle has knowledge, but you declined our offer.  Thus, if Middle's deposition needs to be postponed due to this unforeseen public health issue, it will not affect the March 3 fact discovery deadline and remaining schedule for Trial 3.
3. <u>Dr. Claudio Rodriguez and Dr. Tariq Mir</u>: Your email incorrectly states that these former Hospira employees were first identified at Ms. Michelson's recent January 23 deposition.  To

the contrary, in addition to their names appearing in documents and communications in Hospira's document production served more than 16 months ago, Dr. Juergen Schmider identified both individuals during his June 17, 2019 30(b)(6) deposition on Hospira's pharmacovigilance procedures and personnel. Thus, there is no valid basis for your late request to depose them just before the March 3 discovery cut-off. They are both former employees, so we do not know when they will be available. And it will take time to search for and produce their custodial files. Thus, we will check on their availability and respond, but your late requests are no justification for extending the discovery cut-off.

4. <u>Laura Peknik-Graham</u>: Ms. Peknik-Graham is available on March 5 or March 6. As previously discussed, we made her available on the week of February 24, but you said you were unavailable then because of your schedule. Accordingly, we will agree to take her deposition a few days after the March 3 cut-off to accommodate your schedule, with the understanding that this will not affect the remainder of the schedule.

Thank you, and please do not hesitate to reach out if you would like to meet and confer on these issues further.

Best,
Rich


**Richmond T. Moore**
**Williams & Connolly LLP**
725 12th Street, N.W., Washington, DC 20005
(P) 202-434-5688 | (F) 202-434-5029
rmoore@wc.com | www.wc.com/rtmoore

---

**From:** Larry J. Centola <lcentola@mbfirm.com>
**Sent:** Tuesday, January 28, 2020 12:54 PM
**To:** Moore, Richmond <RMoore@wc.com>
**Cc:** Chris Coffin <ccoffin@pbclawfirm.com>; Karen Barth Menzies <kbm@classlawgroup.com>; Andrew Lemmon <Andrew@lemmonlawfirm.com>; Jennifer Liakos <JLiakos@napolilaw.com>; Cusker Gonzalez, Mara <MaraCusker.gonzalez@dechert.com>
**Subject:** RE: Hospira - Meet and Confer email - extend general discovery deadline

1. We do not intend on taking Annette Murphy's deposition at this time.
2. Please provide deposition dates for Middle in Tokyo.
3. Please provide deposition dates for Dr. Claudio Rodriguez and Dr. Tariq Mir who were identified in the deposition of Michelson taken on January 23.
4. We will pull down the deposition of Felice Summerfield, previously set for February 6.

---

**From:** Moore, Richmond <RMoore@wc.com>
**Sent:** Monday, January 27, 2020 1:53 PM
**To:** Larry J. Centola <lcentola@mbfirm.com>
**Cc:** Chris Coffin <ccoffin@pbclawfirm.com>; Karen Barth Menzies <kbm@classlawgroup.com>; Andrew Lemmon <Andrew@lemmonlawfirm.com>; Jennifer Liakos <JLiakos@napolilaw.com>; Cusker Gonzalez, Mara

&lt;MaraCusker.gonzalez@dechert.com&gt;
**Subject:** RE: Hospira - Meet and Confer email - extend general discovery deadline

Larry:

On the deposition issues, we would appreciate it if you would let us know your positions on a few issues before tomorrow's call so that we can consider them and be prepared to have a productive discussion.

First, please let us know whether you intend to take Annette Murphy's deposition in Australia.

If not, please propose a location for Middle's deposition that is consistent with Judge North's instructions.

We continue to believe Hong Kong as the most efficient option because it is a few hours from Shanghai and has direct flights from the US. I was in Hong Kong last fall (October 2019) for an arbitration hearing while the protests were ongoing, and it was not a problem. They were easily avoidable. So we ask that you reconsider that option. But if you do not want to do it in Hong Kong, please suggest somewhere else.

Thank you in advance.

Best,

Rich


**Richmond T. Moore**
**Williams & Connolly LLP**
725 12th Street, N.W., Washington, DC 20005
(P) 202-434-5688 | (F) 202-434-5029
rmoore@wc.com | www.wc.com/rtmoore

---

**From:** Larry J. Centola &lt;lcentola@mbfirm.com&gt;
**Sent:** Saturday, January 25, 2020 12:52 PM
**To:** Cusker Gonzalez, Mara &lt;MaraCusker.gonzalez@dechert.com&gt;
**Cc:** Moore, Richmond &lt;RMoore@wc.com&gt;; Chris Coffin &lt;ccoffin@pbclawfirm.com&gt;; Karen Barth Menzies &lt;kbm@classlawgroup.com&gt;; Andrew Lemmon &lt;Andrew@lemmonlawfirm.com&gt;; Jennifer Liakos &lt;JLiakos@napolilaw.com&gt;
**Subject:** Re: Hospira - Meet and Confer email - extend general discovery deadline

3 pm eastern on Tuesday works. Please send a conference number. Thanks.


On Jan 24, 2020, at 9:25 AM, Cusker Gonzalez, Mara &lt;MaraCusker.gonzalez@dechert.com&gt; wrote:


3

Larry,

Hospira has timely produced documents in compliance with the relevant CMOs and there is no reason to extend the agreed March 3 discovery deadline.

As we've discussed, we expect to be able to schedule Ms. Peknik-Graham's deposition for the week of March 2, following Mr. Floyd's deposition. We have been working with you to first confirm the scheduling of Middle's deposition for the prior week.

We can be available to meet and confer on the issue of whether Plaintiffs intend to take Ms. Murphy's deposition, the location for Middle's deposition, and the other issues above on January 27 between 12 and 3 pm ET or January 28 between 3 and 4 pm ET.

Thanks,
Mara
212-641-5665

**From:** Larry J. Centola [mailto:lcentola@mbfirm.com]
**Sent:** Wednesday, January 22, 2020 9:53 PM
**To:** Cusker Gonzalez, Mara <MaraCusker.gonzalez@dechert.com>; Moore, Richmond <RMoore@wc.com>
**Cc:** Chris Coffin <ccoffin@pbclawfirm.com>; Karen Barth Menzies <kbm@classlawgroup.com>; Andrew Lemmon <Andrew@lemmonlawfirm.com>; Jennifer Liakos <JLiakos@NapoliLaw.com>
**Subject:** Re: Hospira - Meet and Confer email - extend general discovery deadline

Dear Mara:

  Since October 31, 2019, Hospira has produced 24,939 documents consisting of 321,445 pages. While these documents are responsive to discovery requests, these documents should have been produced with the initial document production. More than once, during the taking of a deposition, we discover new categories of relevant documents that should have been produced.

  We propose that the general discovery deadline be extended from March 3, 2020 until June 3, 2020 to allow the PSC an adequate time to review the recently produced documents, to determine whether prior deponents need to sit for additional questioning, and to allow for identification of additional relevant discovery. Please let me know your availability for a meet and confer on January 27 or 28.

  Also, we still have not received additional dates for the deposition of Ms. Peknik Graham. Please be prepared to discuss that deposition at the meet and confer.

  Thank you.

Larry Centola
338 Lafayette Street
New Orleans, Louisiana 70130
504-581-9065

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.