UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

**Cynthia Thibodeaux, Case No. 2:16-cv-15859**

<u>SANOFI'S MEMORANDUM IN SUPPORT OF MOTION TO TAX COSTS</u>

On January 23, 2020, this Court entered an Order granting Sanofi's Motion for Summary Judgment and dismissing with prejudice Plaintiff Cynthia Thibodeaux's claims based on the applicable statute of limitations (Rec. Doc. 9110). Sanofi now respectfully moves and urges that all costs incurred in the defense of this matter, as enumerated in the attached Bill of Costs and supporting Affidavit of Adrienne L. Byard, be assessed against Plaintiff Cynthia Thibodeaux, pursuant to Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(1). Sanofi submits that each and every item listed in the Bill of Costs and Affidavit was necessarily incurred in Sanofi's defense of this case and is properly taxable.

**I.    COURT COSTS**

The docket fee in the amount of $20.00 is authorized pursuant to 28 U.S.C. § 1923, which provides a $20.00 fee on trial in civil cases. This fee should be taxed against Plaintiff.

**II.   TRANSCRIPT FEES**

The deposition transcript expenses identified in the Bill of Costs and Affidavit should also be taxed against Plaintiff. "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit has held that the taxation of deposition

costs comes within the parameters of § 1920(2), provided they were "necessarily obtained for use in the case." *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991); *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963). Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination within the district court's discretion. *See id.* "The cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman*, 920 F.2d at 285-86). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs *will* be taxed as having been 'necessarily obtained for use in the case.'" *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 102 F.R.D. 73, 80 (E.D. La. 1984) (emphasis added).

Here, the transcript expenses identified in the Bill of Costs and Affidavit were, in fact, "necessarily obtained for use in the case," and thus are properly taxable. Indeed, each deposition transcript was "reasonably expected to be used for trial or trial preparation." Accordingly, the full amount of these expenses, as set forth in the Bill of Costs and Affidavit, should be taxed against Plaintiff.

## III.   CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that the full sum set forth in the attached Bill of Costs and supporting Affidavit of Adrienne L. Byard be taxed against Plaintiff.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S., LLC and Sanofi U.S. Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*