## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:                            SECTION "H" (5)
All Cases v. Hospira/Pfizer Defendants;
Dora Sanford No. 17-9417

---

### HOSPIRA'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE GENERAL DISCOVERY DEADLINE

The PSC's motion is its latest attempt to prevent the timely close of general discovery of Hospira, a position that this Court and Magistrate Judge North rejected in September 2019 and that Judge North again rejected during the recent February 13, 2020 discovery conference based on the same arguments the PSC makes now.  Nothing has changed.  The PSC has had nearly *28 months* to take discovery of Hospira and has not identified any valid basis to further extend this deadline.

Rather than offering any reason to extend the deadline, the PSC misstates the record.  It claims that "Hospira has not been forthcoming or timely in meeting its discovery obligations," Mot. at 1, but the opposite is true.  Hospira has produced voluminous documents to the PSC about its Docetaxel product and has worked cooperatively and promptly to address any questions or issues raised by the PSC.  Magistrate Judge North has never found otherwise.  Indeed, Hospira has timely responded to all of Plaintiffs' requests for documents and there are *no outstanding document requests*.  Likewise, Hospira has timely provided deposition dates for *all the witnesses sought by the PSC*, and they will be completed by March 13.  The lone exception is a witness in China whose deposition was postponed because of the unanticipated Coronavirus, but this one-off situation is no basis for extending the longstanding discovery deadline.

Hospira would be prejudiced by a further extension of the discovery deadline. CMO 7 provided Plaintiffs 16 months to complete general discovery of Hospira. That window was agreed upon by the parties and intended to provide a fair and adequate, but not unlimited, period of time to conduct general discovery. The PSC has now had an additional 12 months to complete discovery. Discovery is burdensome, and the PSC has exacerbated the burden by scheduling depositions only to cancel many of them days before the deposition, repeatedly disrupting witnesses' lives and wasting time and resources. *See* Ex. 1, Hospira Dep. Chart. The Court should not grant the PSC's request to extend this discovery period because it would prolong and increase this burden, with no valid reason. Moreover, the Court set the discovery deadline so that it could be completed in accordance with the Trial 3 schedule, and the PSC's motion would disrupt this schedule. Hospira has worked diligently to comply with the March 3 discovery deadline, including taking seven depositions in the *Sanford* trial case within two weeks last month. The PSC should be held to the same standard and finally complete its discovery of Hospira after having more than two years to do so.

For all of these reasons, this Court should deny the Motion.

## **BACKGROUND**

The original discovery deadline against Hospira was in March 2019. CMO 7 provides that "general liability fact discovery against a 505(b)(2) Defendant shall be completed no later than sixteen (16) months after the date that the Defendant becomes subject to general discovery" by being a defendant in "a case identified in a trial scheduling order." CMO 7 (Doc. 915) ¶¶ 2(d), 9. Hospira became subject to general discovery on November 14, 2017, when the *Sylvest* case was selected for the trial pool in CMO 8A (Doc. 1099) ¶ 2. Thus, under CMO 7, the general discovery deadline against Hospira was in March 2019.

The discovery deadline against Hospira has since been extended by one year, until March 3, 2020. *See* CMO 14E (Doc. 9367, 9367-1). Last year, before general discovery closed in March 2019 under CMO 7, Hospira and the other 505(b)(2) trial pool Defendants, Sandoz and Accord, agreed to extend the deadline to July 31, 2019, with both sides reserving rights as to any further extension. *See* Ex. 2, 1/15/19 Ltr. from K. Menzies to Judge North. When the first Sanofi trial was continued from May until September 2019, the 505(b)(2) Defendants again agreed to extend the deadline, until December 2019. In September 2019, the PSC sought to extend the discovery deadline until May 2020. Magistrate Judge North denied that request and directed that the close of fact discovery occur before the close of expert discovery on March 13, 2020. *See* Ex. 3, 9/17/19 Disc. Conference Tr. at 15. This Court echoed that direction to the parties during a chambers conference in connection with their preparation of a trial scheduling order. Accordingly, the parties agreed to extend the general discovery deadline as to Hospira, Sandoz, and Accord until March 3, 2020, and the Court adopted the schedule in CMO 14E.

During the last 28 months, Hospira has responded to the PSC's document requests and produced more than 1.5 million pages of documents, including its regulatory files, product labeling, adverse event reports and other safety information, marketing materials, standard operating procedures, organizational charts, and custodial files from 20 employees. *See* Ex. 4, Hospira Produc. Chart. Hospira produced documents on a rolling basis pursuant to CMO 7 paragraph 6.c, and the PSC has had ample opportunity to timely request and conduct depositions. By August 12, 2019, for example, more than six months before the March 3, 2020 discovery deadline, Hospira had produced more than 77% of its documents, and, by October 31, 2019, Hospira had produced more than 86% of its documents. *Id. There are no outstanding requests for documents.*

The PSC has deposed eight Hospira fact witnesses and taken three 30(b)(6) depositions. *See* Ex. 1, Hospira Dep. Chart. The following is the status of the additional witnesses whose depositions have been requested:

- *Eric Floyd*: Deposition scheduled for March 3.

- *Tariq Mir*: Deposition scheduled for March 11.

- *Claudio Rodriguez*: Deposition scheduled for March 13.

*Note*: The reason the depositions of Drs. Mir and Rodriguez are just after the March 3 deadline is because the PSC did not request their depositions and custodial files until January 28, 2020, even though they were disclosed more than a year and a half earlier. Notwithstanding this late request, Hospira located these former employees, who left Hospira many years ago, produced their custodial files, and made arrangements for their depositions to be taken on an expedited basis. Dr. Mir does not have any custodial documents, and Hospira produced Dr. Rodriguez's custodial file of 433 documents on February 26 and a small supplement of 19 documents on March 3, with more than sufficient time for the PSC to review them for a deposition on March 13. Although the PSC originally rejected Hospira's proposed dates of March 11 and 13, it has now accepted these dates. *See* Ex. 5, 2/28/20 Email from L. Centola.

- *Lora Peknik-Graham*: Hospira offered dates for Ms. Peknik-Graham, a former employee, during the week of February 24 and on March 5. The PSC rejected those dates (after first accepting March 5) without any valid basis. *See* Ex. 6, 12/18/19, 2/5/20, & 2/24/20 Emails from L. Centola. Instead, the PSC erroneously claimed Ms. Peknik-Graham's custodial file had not been produced, even though it was produced in October 2019. Thus, the PSC had ample opportunity to depose Ms. Peknik-Graham within the discovery period but chose not to do so.

- *Xing Min ("Middle") Qiu*:  Hospira agreed to make Ms. Xing, who resides in Shanghai, China, available for deposition in Singapore on February 27.  The parties have agreed to take this deposition in Singapore once the virus-related travel bans are lifted.

Thus, other than Ms. Xing, the Hospira depositions will be completed by March 13.

On February 10, 2020, the PSC requested from Judge North the same discovery extension it seeks in its motion now.  *See* Ex. 7, 2/10/20 PSC Submission.  Judge North considered these arguments and denied the request during a conference on February 13 and by Minute Order the same day.  Ex. 8, 2/13/20 Discovery Conference Tr. ("Tr.") at 8 ("I remain unconvinced that the general discovery deadline needs to be extended.  It's pretty simple."); 2/13/20 Minute Order (Doc. 9284) ("The Court once again declines to extend the general discovery deadline as to the 505(b)(2) Defendants.").  Judge North made clear that he did not find any basis for extending the schedule, "by any period, but certainly [not] as much as 90 days into expert discovery."  Ex. 8, Tr. at 9.

That is the actual record.  In an attempt to manufacture a justification for extending the discovery deadline, the PSC has offered a series of "alternative facts" that are demonstrably false:

| PSC's Incorrect Assertion | Actual Record |
| --- | --- |
| "Hospira improperly failed to … identify" former Hospira employees Drs. Claudio Rodriguez and Tariq Mir until the deposition of Hospira witness Robynn Michelson on January 23, 2020.  Mot. at 3. | Hospira identified both witnesses starting more than a year and a half ago, including through multiple discovery disclosures:<br><br>• **August 2018** – Pfizer's custodial file productions included numerous documents identifying both Drs. Rodriguez and Mir.<br><br>• **October 1, 2018** – Hospira's response to Plaintiffs' First Set of Interrogatories identified Drs. Rodriguez and Mir as individuals involved in Hospira's safety-related activities for Docetaxel.  *See* Ex. 9, Hospira Interrog. Resps. (Nos. 13 & 15).<br><br>• **June 17, 2019** – Hospira's 30(b)(6) witness Juergen Schmider identified Drs. |

| PSC's Incorrect Assertion | Actual Record |
|---|---|
| | Rodriguez and Mir and their roles during his 30(b)(6) deposition on safety and pharmacovigilance issues, including by listing them as persons with responsibility for U.S. pharmacovigilance for Hospira's Docetaxel in a document he prepared for the deposition. *See* Ex. 10, Schmider Tr. at 21:5-16; Ex. 11, Schmider Dep. Ex. ("Persons with Responsibility for U.S. Pharmacovigilance for Hospira's Docetaxel"). |
| "To date, Hospira has not produced the custodial file for Eric Floyd." *Id.* | On **October 31, 2019** (four months ago), Hospira told the PSC that Eric Floyd did not have any responsive custodial file documents. *See* Ex. 12, 10/31/19 Email. Hospira reminded the PSC of this again on February 21, before this motion was filed.  *See* Ex. 13, 2/21/20 Email from R. Moore. |
| "Hospira has not produced the custodial file for Lora Peknik-Graham, whose deposition the parties are attempting to set in March 2020." *Id.* | On **October 31, 2019** (four months ago), Hospira produced Lora Peknik-Graham's custodial file to the PSC.  Hospira reminded the PSC of this again on February 21, before this motion was filed.  *See* Ex. 13, 2/21/20 Email from R. Moore. |
| "Hospira has yet to produce custodial files that were requested as early as August 7, 2019." *Id.* at 1. | There are *no outstanding custodial files or other requests for documents*.  Hospira has responded to all of Plaintiffs' requests. |

# ARGUMENT

## I.     The PSC Has Not Established Good Cause for Extending the Discovery Deadline.

Federal Rule 16 and CMO 7 require the PSC to establish good cause to extend the general discovery deadline as to Hospira.  F.R.C.P. 16(b)(4) (a pretrial schedule "may be modified only for good cause and with the judge's consent"); CMO 7 ¶ 9 (requiring "good cause" to extend the general discovery deadline).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted); *see also U.S. v. St. Bernard Parish*, 2013 WL 209025, at *1 (E.D. La. Jan. 17, 2013) (Berrigan, J.) (denying motion to extend discovery deadline).

The PSC has not met its burden to demonstrate good cause here.

## A.     There Are No Outstanding Document Production Issues That Warrant An Extension of the Deadline.

Contrary to the PSC's claims, there are *no outstanding Hospira custodial files or other documents*.  In an effort to create discovery issues where none exist, the PSC repeatedly misrepresents the facts.

The PSC argues that Hospira failed to respond to a September 15, 2019 email from counsel, but it ignores Hospira's detailed response and agreement to produce additional documents.  *See* Ex. 14, 10/6/19 Email from M. Cusker Gonzalez.  The PSC argues that "[a]ll of the requested documents have not yet been produced," Mot. at 2, but it fails to cite a single example of any allegedly missing documents, much less any record of it raising any deficiency before Judge North. Instead, the record shows that Hospira worked diligently to resolve the PSC's requests.  Thus, this

unsupported claim of unidentified missing documents cannot be the basis for any extension of the deadline.

Likewise, as noted above, the PSC misrepresents the status of the custodial files for Eric Floyd and Lora Peknik-Graham, inexplicably disregarding the parties' recent correspondence in which Hospira reminded the PSC that there were no files for Mr. Floyd and that Ms. Peknik-Graham's files were produced four months ago.  *See* Ex. 12, 10/31/19 Email; Ex. 13, 2/21/20 Email from R. Moore.  Thus, there are no outstanding custodial files.

Nor is there any basis for the PSC's assertions that it "needs additional time to fully digest the information" Hospira has produced since September 2019 and "may have to request . . . additional deposition time with witnesses that were previously deposed."  Mot. at 3.  The vast majority of the documents it cites (213,665 pages) were custodial files produced for scheduled depositions (Zboril, Skeens, and Kotsianti) that Plaintiffs already have taken or canceled.  *See* Ex. 1, Hospira Dep. Chart.  The PSC has never lodged any complaint at these depositions or otherwise about any inability to "digest" these custodial files.  The routine productions of custodial files of witnesses requested by the PSC is not a basis to extend the discovery deadline.  Other than these custodial files, the only other examples cited are 2,225 pages of supplemental productions, a modest amount that does not warrant any extension.

Thus, there are no outstanding document production issues that justify extending the discovery deadline.

**B.      There Are No Outstanding Deposition Issues That Warrant an Extension of the Deadline.**

The Court should also reject the PSC's request to move the discovery deadline based on the remaining depositions.  The PSC again misrepresents the record in its effort to avoid the deadline, and it cannot establish any reason to extend the entire discovery schedule based on the timing of these depositions.

First, there is no basis to extend the discovery deadline based on the upcoming depositions of former employees Drs. Tariq Mir and Claudio Rodriguez, scheduled for March 11 and March 13, respectively.  Although the PSC did not request their depositions until January 28, 2020, Hospira worked cooperatively and expeditiously with the PSC on these belated requests.  Despite the short notice and the fact that these former employees left Hospira many years ago, Hospira was able to locate the witnesses and make them available on March 11 and March 13, as close to the March 3 discovery deadline as possible.  Although the PSC originally rejected those dates outright, stating only that the PSC lawyers "are not available on those dates," *see* Ex. 15, 2/20/20 Email from L. Centola, it has accepted them after filing this motion.  *See* Ex. 5, 2/28/20 Email from L. Centola.

Moreover, the PSC attempts to justify its belated requests by incorrectly asserting that Hospira did not "reveal" the names and roles of Drs. Rodriguez and Mir until Hospira employee Robynn Michelson's January 23, 2020 deposition.  Mot. at 3.  This is inaccurate, as Hospira has already explained in its submission to Judge North.  Hospira disclosed these employees in discovery more than a year and a half ago.  Hospira's custodial file productions in August 2018 included numerous documents identifying both former employees.  In addition, Hospira identified both Drs. Rodriguez and Mir in its October 1, 2018 Response and Objections to Plaintiffs' First Set of Interrogatories.  *See* Ex. 9.  Moreover, Hospira's 30(b)(6) witness on pharmacovigilance

9

issues, Juergen Schmider, specifically identified Drs. Rodriguez and Mir and their roles during his June 17, 2019 30(b)(6) deposition on safety and pharmacovigilance issues, including by listing them on the first page of a document identifying employees with safety responsibilities for Docetaxel. *See* Ex. 11, Schmider Dep. Ex.; Ex. 10, Schmider Tr. at 21:5-16. The PSC's argument that these witnesses were not identified in initial CMO 7 disclosures at the start of discovery ignores the fact that they have been disclosed for more than a year and a half. Thus, the PSC's late request for these witnesses was not because of any lack of disclosure and is not a valid basis for extending the discovery deadline.

*Second*, the PSC's request for Lora Peknik-Graham cannot be a basis for extending the deadline because the PSC refused to take her deposition within the discovery period, with no valid reason. Hospira offered deposition dates for Ms. Peknik-Graham during the week of February 24. The PSC rejected that proposal. As a result, the parties agreed to proceed with Ms. Peknik-Graham's deposition on March 5, just two days after the discovery deadline, with the agreement that the deposition date would not affect the schedule. *See* Ex. 16, 2/3/20 Email from R. Moore. Despite that agreement, the PSC suddenly informed Hospira on February 20 that it cannot take Ms. Peknik-Graham's deposition on March 5 because it "still do[es] not have her custodial file." *See* Ex. 15, 2/20/20 Email from L. Centola. Even after Hospira promptly reminded the PSC that it has had Ms. Peknik-Graham's custodial file since October 31, 2019, the PSC continues to erroneously assert that it is outstanding. Mot. at 3. Ms. Peknik-Graham is a busy professional who made herself available to meet the PSC's schedule, but it declined to proceed. The PSC had ample opportunity to take Ms. Peknik-Graham's deposition within the discovery period, but it elected not to do so. The PSC cannot rely on its own confusion and misrepresentations about her deposition to delay the discovery deadline.

Finally, as to Xing Min (Middle) Qiu, a Pfizer employee who lives and works in Shanghai, China, the parties made every attempt to schedule Ms. Xing's deposition by the March 3 discovery deadline but have been unable to proceed because of the Coronavirus and its associated travel restrictions. The parties tentatively scheduled her deposition for February 27 in Singapore, with the understanding that the deposition will not occur until these travel issues are resolved. *See* Ex. 17, 2/19/20 Email from R. Moore.

Contrary to the PSC's contentions, however, the scheduling of Ms. Xing's deposition is an isolated issue that should not impact the general discovery deadline. Although the PSC attempts to portray Ms. Xing as a crucial witness, she did not have any responsibilities relating to Docetaxel until the middle of 2016, well after the Hospira Trial 3 plaintiff (Sanford) took Docetaxel in 2013. She is not on Hospira's witness list for Trial 3. And the PSC has not offered any reason why her testimony would be relevant to Trial 3, nor could it, as it would be inadmissible under the Court's rulings. Thus, taking her deposition as soon as this unexpected health crisis resolves should not prevent other discovery from otherwise closing or upset the schedule.

## II. Further Extending the Fact Discovery Deadline Would Prejudice Hospira.

Hospira has been subject to general discovery for more than two years, far longer than the 16-month period the parties and Court determined was reasonable in CMO 7, and longer than the period of general discovery of Sanofi. Hospira has devoted significant resources to meeting the PSC's demands and producing documents and witnesses. The PSC has also repeatedly created unnecessary work and disruption for witnesses and counsel by scheduling and then unilaterally cancelling four depositions within days of the deposition, after the witnesses and counsel have spent substantial time and resources preparing. *See* Ex. 1, Hospira Dep. Chart. The PSC also

requested and then withdrew the requests for at least five other witnesses, including former employees whose lives were unnecessarily interrupted by these requests and cancellations. *Id.*

Extending the discovery deadline would only further increase these burdens on and prejudice to Hospira, with no valid basis. *See, e.g.*, *St. Bernard Parish*, 2013 WL 209025, at *1; *Green v. Archer Daniels Midland*, 2012 WL 85409, at *3 (E.D. La. Jan. 11, 2012) (Africk, J.). Moreover, the PSC's argument that its proposed extension would not prevent a 505(b)(2) trial in October is misguided. As an initial matter, discovery should be closed, regardless of the Trial 3 schedule. Since CMO7, the parties and Court have always recognized that there should be a general discovery cut-off that is not tied to any trial schedule. As set forth above, 28 months is ample time to complete discovery, and there is no basis for any extension.

In addition, the PSC's proposal would interfere with the current Trial 3 schedule. Hospira is the defendant in one of the three 505(b)(2) cases currently set for trial in October (the *Sanford* case). Thus, the parties should maintain the general discovery deadline so that fact discovery against Hospira can be completed and will not interfere with the expert discovery and dispositive motions phases the parties are scheduled to begin after the close of general discovery on March 3.

## CONCLUSION

For all of the foregoing reasons, Hospira respectfully requests that this Court deny Plaintiffs' Motion to Extend the Hospira General Discovery Deadline.

Respectfully submitted,

*/s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com
maracusker.gonzalez@dechert.com

*/s/ Richmond T. Moore*
Richmond T. Moore
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Phone: (202) 434-5688
Fax: (202) 434-5029
rmoore@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Counsel for Defendants Hospira, Inc., and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that, this 3d day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.


/s/ Mark S. Cheffo