# EXHIBIT 2



January 15, 2019

**VIA EMAIL SUBMISSION**
The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, LA 70130

      Re: *In re: Taxotere (Docetaxel) Products Liability Litigation,* MDL No. 2740

Dear Judge North:

      The Plaintiffs' Steering Committee submits this letter brief identifying two issues to be addressed at the January 18, 2019 Discovery Status Conference, as well as two status reports. Also attached to this submission is a letter brief from Kyle Bachus regarding a third issue for Your Honor's consideration at this Friday's conference.

    **I.**    **Sanofi's time to produce a privilege log for third party documents being withheld for privilege.**

      Regarding the production of documents pursuant to third party subpoenas, after numerous negotiations, the PSC and Sanofi have agreed to the following:

1.) If a third-party produces documents to a party other than the party that served the subpoena (the "receiving/reviewing party"), the receiving/reviewing party will notify the subpoenaing party of the date of receipt and volume of third-party documents that have been produced at the time of the production;
2.) The receiving/reviewing party has 30 days from the date of the third-party production to perform privilege review. If the volume is unusually large or if other circumstances impair the receiving/reviewing party's ability to complete the privilege review within 30 days, the subpoenaing party shall be flexible subject to good faith negotiation;
3.) During that 30-day review period, the receiving/reviewing party tells third-parties producing the documents on a rolling basis that we have reviewed X documents and they can be produced on a rolling basis.
4.) If any third-party documents are withheld for privilege, the receiving/reviewing party will produce a privilege log consistent with the privilege logs previously produced in this case.

      Only one dispute on this topic remains: the timing of production of the privilege log. The PSC contends that the receiving/reviewing party should produce the privilege log at the same time the third-party is notified that X documents can be produced on a rolling basis. Sanofi would like 45 days from the date it notifies the third-party what documents can be produced to provide a privilege log.

Date:   January 15, 2019
Page:   2 of 3

The PSC would be prejudiced by unnecessary delay should the Court allow Sanofi 45 days from the date that review is complete to provide a privilege log. The PSC and Sanofi already have an agreement that the PSC will contest privilege designations 50 documents at a time and that Sanofi will have 15 days from the date of the contest to respond. Allowing a 45-day delay between the privilege review and the first possible date to contest the privilege would unnecessarily delay a decision by this Court – a decision that could impact trial evidence.

Currently, Sanofi is reviewing approximately 6000 documents that it received from a third party on December 30, 2018. The parties agree that Sanofi has until January 30, 2019 to complete its privilege review. Under Sanofi's proposal, Sanofi would have until March 16, 2019 to provide a privilege log. Even if the PSC were to challenge the privilege designations on March 17, 2019, Sanofi would have until April 1, 2019 to respond and effectively the PSC would not be able to get a ruling from this Court in the privilege designations prior to the May 2019 trial. The PSC was generous in agreeing to the 30-day time period for privilege review, but the PSC should not be prejudiced by a 45-day delay to produce a privilege log after the 30-day delay to perform the privilege review.

II.     **PSC requests that the Court add McKesson Corporation ("McKesson"), in its capacity regarding its own NDC only, to the introductory paragraph of CMO 7 and that McKesson be ordered to comply with the terms thereof, including disclosures, within 30 days after such Order. PSC further requests that the Court order McKesson subject to third party discovery as an identified distributor for every other 505(b)(2) defendant.**

CMO 7 was entered on October 10, 2017.  On October 16, 2017, McKesson responded to the Plaintiffs' First Amended Master Long Form Complaint and Demand for Jury Trial (Rec. Doc. 969) McKesson stating: "it packaged and distributed two docetaxel products with NDC Codes 63739-971-17 and 63739-932-11 under NDA #201195 beginning March 26, 2015 and ending January 7, 2016 and April 20, 2016, respectively."  McKesson, therefore, was inadvertently not included as one of the 505(b)(2) defendants subject to CMO 7.  McKesson, however, has not complied with the terms of CMO 7 and has not disclosed its systems, persons with knowledge, or distributors.  McKesson has not responded to PSC attempts to modify by agreement CMO 7 to add McKesson to the introductory paragraph.

Interestingly, while on the one hand McKesson refuses to comply with the obligations of CMO 7, McKesson has sought to use the limitations of CMO 7 to resist responding to third party discovery.  While PSC agrees that McKesson is not subject to discovery at this time as an NDC holder and direct defendant (because it is not named as a trial pool defendant per CMO 14), McKesson is one of the largest third-party distributors for all of the other 505(b)(2) defendants, was identified as such by each of the other defendants' CMO 7 disclosures and should be subject to third party discovery in that capacity.

PSC issued subpoenas to all distributors identified in CMO 7 disclosures by one or more of the 505(b)(2) defendants, in part to follow the chain of commerce and assist in product identification.  McKesson has indicated that it will resist this authorized third-party discovery

Date:   January 15, 2019
Page:   3 of 3

pursuant to CMO 7's limitations.  PSC requests that the Court reject that limitation as regards McKesson's capacity as distributor for other 505(b)(2) defendants.

**III.     The PSC reports that it has reached agreement during meet and confers with Sagent Pharmaceuticals, Inc. ("Sagent") regarding CMO 7, as follows:**

Pursuant to the agreement, Sagent agrees that it shall be subject to the terms of CMO 7 in its capacity as a 505(b)(2) defendant.  Sagent also agrees that it will provide the disclosures identified in Paragraph 6(a)(i) and (ii) of CMO 7 on or before January 31, 2019.

**IV.     The PSC also reports on agreement between PSC and 505(b)(2) defendants Hospira, Sandoz, and Accord regarding general discovery deadlines contained in CMO 7 in light of the selection and then reselection of trial pool plaintiffs for the third trial.  Both sides agreed to the following:**

Rather than present the issue of choosing between March 2019 and March 2020 (or one of our separate proposals) for the general discovery deadline to Magistrate Judge North, we all agreed that the current general discovery deadline for Hospira, Accord, and Sandoz pursuant to CMO 7 will be July 31, 2019, with both sides reserving their rights. We all pledged to work together productively and to reassess the general discovery deadline in March or April, noting the PSC's concern that the July 31, 2019 date may not provide sufficient time to complete general discovery.  If we are unable to agree at that time as to how much additional time (if any) is needed to complete discovery, either side may raise the general deadline issue with Magistrate Judge North without prejudice.

                                                            Respectfully Submitted,

                                                            /s/ Karen Barth Menzies
                                                            Karen Barth Menzies
                                                            On behalf of the Plaintiffs' Steering Committee

CC:
Harley V. Ratliff, Esq. (via email)
Douglas J. Moore, Esq.  (via email)
John F. Olinde, Esq.  (via email)