AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| MARTHA MILLER ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 2:18-cv-04893 |
| SANOFI-AVENTIS U.S. LLC, et al. ) | |
| _Defendants_ ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Corporate Representative, CSC Corporate Service Company
50 Weston St, Hartford CT 06120-1537

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached "Notice of Deposition Duces Tecum" and associated Exhibits A, B, C, and D.

| Place: Marriott Courtyard New Haven at Yale 30 Whalley Ave, New Haven, CT 06511 | Date and Time: March 31, 2020 9:00 am EST |
|---|---|

The deposition will be recorded by this method: Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached "Notice of Deposition Duces Tecum" and associated Exhibits A, B, C, and D.

Any and all records showing the name of the Manufacturer(s) and NDC number(s) and/or Lot Numbers of the Taxotere/Docetaxel administered to MARTHA MILLER aka CONYERS during her course of treatment as they are kept in the ordinary course of business. This must include any itemized billing, UB-04 forms and/or Health Insurance Statements Form. In the alternative, you may complete the Statement of Regarding Chemotherapy Drug. Administered attached hereto as Exhibit A. You may also provide written confirmation that the above information has been searched for and cannot be provided and the reason as to which it cannot be provided. You will be released from this subpoena by providing the requested information to my office: KIRKENDALL DWYER LLP, Attn: Andrew Kirkendall, 4343 Sigma Rd. STE 200, Dallas, TX 75244 in a minimum of fourteen (14) days prior to the date required by this subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2020

_CLERK OF COURT_                                        OR

_____                    _/s/_____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Martha Miller aka Martha Miller Conyers , who issues or requests this subpoena, are:
Alexander G. Dwyer, Kirkendall Dwyer LLP
4343 Sigma RD, STE 200, Dallas, TX 75244

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-04893

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: Martha Miller (Conyers)

DATE OF BIRTH: 9 / 06 / 1937           SSN: ____ ____ / 7734

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

***PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED***

**SANOFI AVENTIS US LLC**
- ☐ 0075-8003-01
- ☐ 0075-8004-04

**WINTHROP US**
- ☐ 0955-1020-01
- ☐ 0955-1021-04

**HOSPIRA, INC.**
- ☐ 0409-0201-02
- ☐ 0409-0201-10
- ☐ 0409-0201-20
- ☐ 0409-0201-25
- ☐ 0409-0201-26
- ☐ 0409-0201-27

**McKESSON PACKAGING**
- ☐ 63739-932-11
- ☐ 63739-971-17

**SANDOZ**
- ☐ 66758-050-01
- ☐ 66758-050-02
- ☐ 66758-050-03
- ☐ 66758-950-02
- ☐ 66758-950-03

**ACCORD HEALTHCARE**
- ☐ 16729-120-49 KIT
- ☐ 16729-228-50 KIT

**ACCORD HEALTHCARE**
- ☐ 16729-267-63
- ☐ 16729-267-64
- ☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
- ☐ 25021-222-01
- ☐ 25021-222-04
- ☐ 25021-222-07

**PFIZER LABORATORIES**
- ☐ 0069-9141-11
- ☐ 0069-9141-22
- ☐ 0069-9142-11
- ☐ 0069-9142-22
- ☐ 0069-9144-11

**ATAVIS PHARMA, INC.**
- ☐ 45963-734-54
- ☐ 45963-765-52
- ☐ 45963-781-74
- ☐ 45963-790-56

**DR REDDYS LAB LTD.**
- ☐ 43598-258-11
- ☐ 43598-259-40

**TEVA PHARMS USA**
- ☐ 0703-5720-01
- ☐ 0703-5730-01

**NORTHSTAR RX LLC**
- ☐ 16714-465-01
- ☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
- ☐ 42367-121-25
- ☐ 42367-121-29

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ WAS     ☒ WAS NOT
**ADMINISTERED TAXOL/PACLITAXEL**

**Infusion dates:**
Cycle 1- 11/07/2011
Cycle 2- 12/19/2011
Cycle 3- 01/09/2012
Cycle 5- 01/30/2012

____11__ / __07__ / _2011___        ____01_ / __30__ / _2012___        ____4_____
DATE OF FIRST TREATMENT              DATE OF LAST TREATMENT              # OF DOSES

_____     **Smilow Cancer Hospital at Yale New Haven Health**
SIGNATURE OF REPRESENTATIVE OF       NAME OF PRACTICE/INFUSION CENTER
PRACTICE/INFUSION CENTER

_____     **20 York Street**
PRINTED NAME & TITLE OF REPRESENTATIVE   ADDRESS

                                      New Haven, CT 06510
_____     CITY, STATE, ZIP
DATE

## EXHIBIT A

### Definitions

For the purposes of this subpoena *duces tecum*, the following terms shall have the following meanings:

1. **"TREATING FACILITY"** refers to **Smilow Cancer Center at Yale New Haven**, located at **20 York St, New Haven, CT 06510**, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2. **"PLAINTIFF"** refers to **Martha Miller a/k/a Martha Miller Conyers**.

3. **"APPLICABLE DATES"** refers to the time period between **11/30/2011 - 1/30/2012**, inclusive.

4. "Taxotere (docetaxel)" refers to <u>any</u> chemotherapy medication of that name, whether brand-manufactured or generic, intravenous infusion or injectable.

5. "Protocol" refers to standard practice, policy, procedure, systems, rule(s), custom, and/or habit.

6. "Employee" refers to anyone subject to the direction and control of, or acting on behalf of, **Smilow Cancer Center at Yale New Haven**, both past and present.

7. "Document(s)" refers to any recorded information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations – stored in any medium from which that information can be obtained.

8. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

**EXHIBIT B**

**Matters for Examination**

Acquisition and Purchase of Taxotere (docetaxel)

1. **TREATING FACILITY's** acquisition and purchase of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

2. The substance of any documents created in connection with the **TREATING FACILITY**'s acquisition and purchasing of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

3. The substance of any documents created in connection with the **TREATING FACILITY's** acquisition and purchasing of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012 identifying batch, lot or control numbers; and/or drug pedigree record.

4. **TREATING FACILITY's** protocol for the acquisition and purchasing Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

5. The identity of **TREATING FACILITY's employees** responsible for the acquisition and purchasing Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

6. The identity of **TREATING FACILITY's** employees having knowledge of any documents related to the exchange of transaction information, transaction history, and transaction statements (product tracing information) for the acquisition and purchase of Taxotere (docetaxel) by the **TREATING FACILITY** between 11/30/2011 - 1/30/2012. *For dispensers, requirements for the tracing of products through the pharmaceutical distribution supply chain under section 582(d)(1) of the FD&C Act took effect on July 1, 2015.*

7. The identity of **TREATING FACILITY's** employees having knowledge of how the TREATING FACILITY compounded drugs, where the compounding occurred, and the identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

Handling and Storage of Taxotere (docetaxel)

8. **TREATING FACILITY's** handling and storage, from receipt until administration, of Taxotere (docetaxel) between - 1/30/2012.

9. The substance of any documents created in connection with the **TREATING FACILITY's** handling and storage, from receipt until administration, of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

10. **TREATING FACILITY's** protocol for handling and storage, from receipt until administration, of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

11. The identity of **TREATING FACILITY's** employees responsible for the handling and storage, from receipt until administration, of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

Dispensation and Administration of Taxotere (docetaxel)

12. **TREATING FACILITY's** dispensation and administration of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

13. The substance of any documents created in connection with the **TREATING FACILITY's** dispensation and administration of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

14. **TREATING FACILITY's** protocol for dispensation and administration of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

15. The identity of **TREATING FACILITY's** employees responsible for dispensation and administration of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

National Drug Codes

16. **TREATING FACILITY's** tracking, recording and documentation of National Drug Codes ("NDCs") between 11/30/2011 - 1/30/2012.

17. The substance of any **TREATING FACILITY** documents referring to the NDCs of Taxotere (docetaxel) created between  - 1/30/2012.

18. **TREATING FACILITY's** protocol for tracking, recording and documentation of National Drug Codes ("NDCs") between 11/30/2011-1/30/2012.

19. The identity of **TREATING FACILITY's** employees responsible for tracking, recording and documentation of National Drug Codes ("NDCs") between 11/30/2011 - 1/30/2012.

Taxotere (docetaxel) administered to Plaintiff

20. **TREATING FACILITY's** administration of Taxotere (docetaxel) to Martha Miller.

21. The substance of any documents referring to the Taxotere (docetaxel) administered to Martha Miller by TREATING FACILITY.

22. **TREATING FACILITY's** protocol for where and how the Taxotere (docetaxel) administered to Martha Miller was documented or otherwise recorded.

23. The identity of **TREATING FACILITY's** employees responsible for administration of Taxotere (docetaxel) to Martha Miller and responsible for documenting same.

Documents

24. The substance of any documents produced in response to Exhibit C.

# EXHIBIT C

## Materials Designated for Production

1. Documents created in connection with the **TREATING FACILITY's** acquisition and purchase of Taxotere (docetaxel) between 11/30/2011 1/30/2012; including but not limited to:
    a. Dates Taxotere/Docetaxel was purchased;
    b. Dates the Taxotere/Docetaxel shipments were received;
    c. Invoices from the manufacturer/wholesaler/distributor for the **TREATING FACILITY's** purchase of Taxotere/Docetaxel between 11/30/2011 - 1/30/2012
    d. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
    e. The identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

2. Documents created in connection with the **TREATING FACILITY's** handling and storage of Taxotere (docetaxel), from receipt until administration, between 11/30/2011 - 1/30/2012.

3. Documents created in connection with the **TREATING FACILITY's** dispensation and administration of Taxotere (docetaxel) between 11/30/2011 - 1/30/2012.

4. Documents describing **TREATING FACILITY's** protocol for documenting National Drug Codes ("NDCs") between 11/30/20111/30/2012.

5. Documents indicating the NDCs, the manufacturer, the distributor, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, dispensed, or administered by **TREATING FACILITY between 11/30/2011 - 1/30/2012**; including but not limited to:

    a. Any and all pharmacy inventory records identifying the Taxotere/Docetaxel in **TREATING FACILITY's** inventory between 11/30/2011 - 1/30/2012, including the NDC and/or manufacturer of the Taxotere/Docetaxel in inventory;
    b. Any other records, documents, or reports containing the National Drug Codes or any other document(s) identifying the manufacturer of the Taxotere/Docetaxel shipped to **TREATING FACILITY** within 11/30/2011 - 1/30/2012;
    c. Chemotherapy Supply Report or other internal report identifying the NDCs and/or manufacturer of the Taxotere/Docetaxel administered to Martha Miller between 11/30/2011 - 1/30/2012.

6. Documents indicating <u>the NDCs, the manufacturer, the distributor, or the source of the Taxotere (docetaxel) that TREATING FACILITY administered to Martha Miller;</u> including but not limited to:

    a. Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere/Docetaxel chemotherapy medication administered to Martha Miller, including but not limited to, the Taxotere/Docetaxel NDC numbers; batch, lot or control numbers; or drug pedigree record.

7. Documents indicating the person, entity, and/or their agents, employees or officers that shipped or sold Taxotere (docetaxel) to TREATING FACILITY between 11/30/2011 - 1/30/2012; including but not limited to:

    a. the name and address of all manufacturers, distributors and/or wholesalers from whom Miller purchased Taxotere/Docetaxel;
    b. the name and address of all manufacturers, distributors and/or wholesalers who delivered the Taxotere/Docetaxel to Miller.

**EXHIBIT D**

**Taxotere (Docetaxel) Product Liability Litigation**
**Case Management Order No. 9 – Deposition Protocol**

(intentionally left off)