UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

　　　　The PSC's Notice of Supplemental Authority is a fleeting attempt to force a round peg into a square hole. Specifically, the Fifth Circuit's decision in *Crochet v. Bristol-Myers Squibb Company* concerns a plaintiff who reasonably did not connect his drug regimen with his injury. No. 19-30026 (Mar. 13, 2020) (unpublished). Ms. Kahn, in contrast, has always attributed her hair loss with Taxotere. Accordingly, *Crochet* is not on point and does not change the undisputed conclusion that Ms. Kahn's claims have prescribed.

　　　　In the unpublished opinion[1] provided by Ms. Kahn, the Fifth Circuit held that the plaintiff's claims had not prescribed because he failed to connect his use of Abilify – an antipsychotic drug – with his involuntary mouth movements and ultimate injury (tardive dyskinesia). *See* Rec. Doc. 9548-3 at 12–13. This is not the case here. Instead, Ms. Kahn, like several other MDL Plaintiffs, attributed her hair loss to her chemotherapy. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-15607, 2019 WL 2995897, at *3 (E.D. La. July 9, 2019) ("Plaintiff Johnson testified that she did not think anything other than her chemotherapy had caused her hair loss."), *reconsideration denied*, No. 16-CV-15607, 2020 WL 375597 (E.D. La. Jan. 23, 2020); *id.* at *4 ("Like Johnson

---

[1] Unpublished opinions after January 1, 1996 are not precedent except under the doctrines of res judicata, collateral estoppel, and law of the case. 5th Cir. R. 47.5.4.

and Earnest, Francis attributed her hair loss to her chemotherapy, which she completed in October of 2009."); Rec. Doc. 9110 at 5 ("Thibodeaux testified that she attributed her hair loss to her chemotherapy treatment[.]").

Ms. Kahn, in fact, goes a step further. Not only did she attribute her hair loss to her chemotherapy generally, she attributed her hair loss to Taxotere specifically:

> Q. When you lost your hair -- at the time you lost your hair, what did you attribute it to?
>
> A. The chemotherapy drugs that I was taking.
>
> Q. Any specific chemotherapy drug?
>
> A. Well, I knew that one of the side effects of Taxotere was temporary hair loss.
>
> **Q. And did you think it could have been due to the Xeloda or to the Avastin, or did you specifically attribute it to the Taxotere?**
>
> **A. To the Taxotere.**

Rec. Doc. 9295-4 at 18–19 (emphasis added). Unlike the plaintiff in *Crochet*, who had no reason to believe that Abilify caused her injury until diagnosis, Ms. Kahn has always connected Taxotere with her alleged injury.[2]

Nor does *Crochet* support the application of *contra non valentem* when Ms. Kahn's doctors did not lull her into believing that something besides Taxotere allegedly caused her injury. As the Fifth Circuit explained, the plaintiff's claim hinged on whether it was reasonable for the plaintiff to remain unaware of the connection between his damages and Abilify. Rec. Doc. 9548-3 at 7. In

---

[2] At oral argument, Ms. Kahn's counsel also suggested that *Shepard v. Johnson & Johnson*, No. 5:17-CV-01604, 2019 WL 653817 (W.D. La. Feb. 15, 2019), might be persuasive. It is not, for similar reasons. In *Shepard*, the Court denied summary judgment because Defendants presented no evidence that "Plaintiff believed or suspected that her symptoms or the recurrence of the hernia were linked to their surgical mesh[.]" *Id.* at *4. Ms. Kahn's uncontroverted testimony displays her awareness of the link between her alleged injury and her chemotherapy regimen.

Ms. Kahn's case, her uncontroverted testimony demonstrates that she had "knowledge of a causal relationship between the object or product and the injury." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 15-4790, 2017 WL 4517287, at *2 (E.D. La. Oct. 10, 2017)). Ms. Kahn, however, made no investigation of her injury during the prescription period. And, to the extent Ms. Kahn met with her doctors before her injury, she did not rely on any alternative cause or assurance that her hair would grow back. *Cf. Hoerner v. Wesley-Jensen, Inc.*, 684 So. 2d 508, 514 (La. App. 4 Cir. 1996) (applying *contra non valentem* where plaintiff's doctor attributed eye injury to a "bug" and not the true cause: wearing extended-wear contacts), *with* Rec. Doc. 9295-2 at 12–13. Instead, Ms. Kahn waited more than six years after suffering her alleged injury to file suit. In sum, Ms. Kahn has not met her burden to demonstrate that *contra non valentem* applies, and the Court should enter summary judgment in Sanofi's favor.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*