# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE JANE TRICHE MILAZZO<br>MAG. JUDGE NORTH |
| TRACI HALFHILL,<br>    *Plaintiff*<br><br>vs.<br><br>SANOFI US SERVICES INC., et al.<br>    *Defendants* | : : : : : : : : : : | <br><br><br>Civil Action No: 18-11063 |

## NOTICE OF SERVICE OF SUBPOENA TO TESTIFY AT A DEPOSITION DUCES TECUM IN A CIVIL ACTION

Plaintiff hereby gives notice pursuant to Federal Rule of Civil Procedure 45 to Defendants that Plaintiff intends to serve the attached subpoena commanding an appearance to testify at a deposition and the production of documents, information or objects upon SPECTRUM HEALTH LAKELAND.

Dated: March 16, 2020

/s/ *Jason S. Long*
**FEARS NACHAWATI, PLLC**
Jason S. Long
5473 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Fax: (214) 890-0712
jlong@fnlawfirm.com

Counsel for plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties on their attorneys in a manner authorized by FRCP (5b).

**Irwin Fritchie Urquhart & Moore LLC**
Douglas J. Moore
400 Poydras Street
Suite 2700
New Orleans, Louisiana 70130
Phone: (504) 310-2163
Facsimile: (504) 310-2101
Email: dmoore@irwinllc.com
*Liaison Counsel for Defendant's*

**Chaffe McCall, LLP**
John F. Olinde
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Phone: (504) 585-7241
Facsimile: (504) 544-6084
Email: olinde@chaffe.com
*Liaison Counsel for Defendants'*

**SHOOK HARDY & BACON LLP**
Harley V. Ratliff
Jon Strongman
Adrienne Bieri
Kelly Bieri
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: hratliff@shb.com
Email: jstrongman@shb.com
Email: abyard@shb.com
Email: kbieri@shb.com
*Counsel for Defendants Sanofi-Aventis*
*U.S. LLC and Sanofi U.S. Services Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Mark S. Cheffo
51 Madison Ave., 22nd Floor New York, NY 10010
Telephone: 212-849-7000
Telefax: 212-849-7100
markcheffo@quinnemanuel.com
*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

DATED: March 16, 2020                              /s/ *Jason S. Long*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|

The deposition will be recorded by this method:

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*                            OR

_____         _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE JANE TRICHE MILAZZO<br>MAG. JUDGE NORTH |
| TRACI HALFHILL,<br>    *Plaintiff* | : : : | |
| vs. | : : | Civil Action No:  18-11063 |
| SANOFI US SERVICES INC., et al.<br>    *Defendants* | : : : : | |

**NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION DUCES TECUM OF SPECTRUM HEALTH LAKELAND**

To:    MARY ANN PATER, Registered Agent
       **SPECTRUM HEALTH LAKELAND**
       1234 Napier Ave.
       St. Joseph, MI  49085

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff above named, by her attorneys, will take the deposition upon oral examination of SPECTRUM HEALTH LAKELAND ("LAKELAND") duly-appointed designee(s), beginning at 1:00 P.M. EST on **THURSDAY, APRIL 2, 2020**, the deposition will commence from day to day, excluding Saturdays, Sundays and holidays, until completed at a location to be determined. The deposition will be taken before a certified court reporter or notary public duly authorized to administer oaths and record the oral examination by stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Procedure, LAKELAND is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on LAKELAND's behalf, and whom LAKELAND will fully prepare to testify regarding the matters designated in **Exhibit B**, attached hereto, and as to such information that is known or reasonably available to LAKELAND.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff demands that LAKELAND's designee responsive to this subpoena *duces tecum*, produce the documents identified in the schedule of documents found in **Exhibit C**, attached hereto, organized and labeled to correspond to the categories identified in the schedule of documents found in **Exhibit C**, by **noon March 30, 2020**.

Also attached as **Exhibit D** is a court order from the Eastern District of Louisiana Taxotere (Docetaxel) Product Liability Litigation regarding Deposition Protocol (Case Management Order No. 9).

Failure to designate a person who is prepared to provide full and complete testimony with this subpoena *duces tecum* and produce documents may be treated as a failure to comply with this subpoena *duces tecum* and may be treated as contempt of court. A failure to adequately prepare to so testify and produce documents may be considered to be a "failure to appear" for the deposition as subpoenaed, which could result in sanctions, imposed by a Court pursuant to Rule 37(d).

DATED: March 16, 2020                                /s/ *Jason S. Long*____

**FEARS NACHAWATI, PLLC**
Jason S. Long
5473 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Fax: (214) 890-0712
jlong@fnlawfirm.com
Counsel for plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b).


DATED: March 16, 2020                                             /s/ *Jason S. Long*____

# **EXHIBIT A**

### **Definitions**

For the purposes of this subpoena *duces tecum*, the following terms shall have the following meanings:

1. "TREATING FACILITY" refers to SPECTRUM HEALTH LAKELAND **("LAKELAND")**, located at 3950 Hollywood Road, Suite 240, St. Joseph, MI 49085, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2. "PLAINTIFF" refers to **TRACI HALFHILL**.

3. "APPLICABLE DATES" refers to the time period between **03/25/2011 through 05/27/2011,** inclusive.

4. "Taxotere (docetaxel)" refers to any chemotherapy medication of that name, whether brand-manufactured or generic, intravenous infusion or injectable.

5. **"**NDC" refers to the National Drug Code which is the identifier of the Taxotere (docetaxel) product.

6. "Protocol" refers to standard practice, policy, procedure, systems, rule(s), custom, and/or habit.

7. "Employee" refers to anyone subject to the direction and control of, or acting on behalf of, LAKELAND, both past and present.

8. "Document(s)" refers to any recorded information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations – stored in any medium from which that information can be obtained.

9. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

# EXHIBIT B

## Matters for Examination

**Acquisition and Purchase of Taxotere (docetaxel)**

1. LAKELAND acquisition and purchase of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

2. The substance of any documents created in connection with the LAKELAND acquisition and purchasing of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

3. The substance of any documents created in connection with the LAKELAND acquisition and purchasing of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011 identifying batch, lot or control numbers; and/or drug pedigree record.

4. LAKELAND protocol for the acquisition and purchasing Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

5. The identity of LAKELAND employees responsible for the acquisition and purchasing Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

6. *The identity of LAKELAND employees having knowledge of any documents related to the exchange of transaction information, transaction history, and transaction statements (product tracing information) for the acquisition and purchase of Taxotere (docetaxel) by the LAKELAND between 03/25/2011 - 5/27/2011. For dispensers, requirements for the tracing of products through the pharmaceutical distribution supply chain under section 582(d)(1) of the FD&C Act took effect on July 1, 2015.*

7. The identity of LAKELAND employees having knowledge of how the LAKELAND compounded drugs, where the compounding occurred, and the identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

**Handling and Storage of Taxotere (docetaxel)**

8. LAKELAND handling and storage, from receipt until administration, of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

9. The substance of any documents created in connection with the LAKELAND handling and storage, from receipt until administration, of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

10. LAKELAND protocol for handling and storage, from receipt until administration, of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

11. The identity of LAKELAND employees responsible for the handling and storage, from receipt until administration, of Taxotere (docetaxel) between 12/01/2012- 05/31/2013.

**Dispensation and Administration of Taxotere (docetaxel)**

12. LAKELAND dispensation and administration of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

13. The substance of any documents created in connection with the LAKELAND dispensation and administration of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

14. LAKELAND protocol for dispensation and administration of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

15. The identity of LAKELAND employees responsible for dispensation and administration of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

**National Drug Codes**

16. LAKELAND tracking, recording and documentation of National Drug Codes between 03/25/2011 - 5/27/2011.

17. The substance of any LAKELAND documents referring to the NDCs of Taxotere (docetaxel) created between 03/25/2011 - 5/27/2011.

18. LAKELAND protocol for tracking, recording and documentation of NDCs between 03/25/2011 - 5/27/2011.

19. The identity of LAKELAND employees responsible for tracking, recording and documentation of NDCs between 03/25/2011 - 5/27/2011.

<u>Taxotere (docetaxel) administered to Plaintiff</u>

20. LAKELAND administration of Taxotere (docetaxel) to PLAINTIFF.

21. The substance of any documents referring to the Taxotere (docetaxel) administered to PLAINTIFF by LAKELAND.

22. LAKELAND protocol for where and how the Taxotere (docetaxel) administered to PLAINTIFF was documented or otherwise recorded.

23. The identity of LAKELAND employees responsible for administration of Taxotere (docetaxel) to PLAINTIFF and responsible for documenting same.

<u>Documents</u>
24. The substance of any documents produced in response to Exhibit C.

# EXHIBIT C

## Materials Designated for Production

1. Documents created in connection with the LAKELAND acquisition and purchase of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011; including but not limited to:
    a. Dates Taxotere/Docetaxel was purchased;
    b. Dates the Taxotere/Docetaxel shipments were received;
    c. Invoices from the manufacturer/wholesaler/distributor for the LAKELAND purchase of Taxotere/Docetaxel between 03/25/2011 - 5/27/2011
    d. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
    e. The identity of the contracted compounding facilities involved with the <u>preparation</u> of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

2. Documents created in connection with the LAKELAND handling and storage of Taxotere (docetaxel), from receipt until administration, between 03/25/2011 - 5/27/2011.

3. Documents created in connection with the LAKELAND dispensation and administration of Taxotere (docetaxel) between 03/25/2011 - 5/27/2011.

4. Documents describing LAKELAND protocol for documenting NDCs between 03/25/2011 - 5/27/2011.

5. Documents indicating the NDCs, the manufacturer, the distributor, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, dispensed, or administered by LAKELAND between 03/25/2011 - 5/27/2011; including but not limited to:
    a. Any and all pharmacy inventory records identifying the Taxotere/Docetaxel in LAKELAND inventory between 03/25/2011 - 5/27/2011, including the NDC and/or manufacturer of the Taxotere/Docetaxel in inventory;
    b. Any other records, documents, or reports containing the NDCs or any other document(s) identifying the manufacturer of the Taxotere/Docetaxel shipped to LAKELAND within 03/25/2011 - 5/27/2011;
    c. Chemotherapy Supply Report or other internal report identifying the NDCs and/or manufacturer of the Taxotere/Docetaxel administered to PLAINTIFF between 03/25/2011 - 5/27/2011.

6. Documents indicating the NDCs, the manufacturer, the distributor, or the source of the Taxotere (docetaxel) that LAKELAND administered to PLAINTIFF; including but not limited to:
    a. Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere/Docetaxel chemotherapy medication administered to PLAINTIFF, including but not limited to, the Taxotere/Docetaxel NDC numbers; batch, lot or control numbers; or drug pedigree record.

7. Documents indicating the person, entity, and/or their agents, employees or officers that shipped or sold Taxotere (docetaxel) to LAKELAND between 03/25/2011 - 5/27/2011; including but not limited to:

      a. the name and address of all manufacturers, distributors and/or wholesalers from whom LAKELAND purchased Taxotere/Docetaxel;

      b. the name and address of all manufacturers, distributors and/or wholesalers who delivered the Taxotere/Docetaxel to LAKELAND.

# EXHIBIT D

**Taxotere (Docetaxel) Product Liability Litigation**
**Case Management Order No. 9 – Deposition Protocol**