UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO |
| | MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: *Yvonne Holt* *Case No. 2:17-cv-12971* | |

**Plaintiff's Memorandum in Support of Her Motion for Leave to File an Amended Short Form Complaint**

Plaintiff, Yvonne Holt, by and through her attorneys, respectfully files this Motion for Leave to File an Amended Short Form Complaint and, in support, would show the Court the following:

**I.     Sagent Identified Itself as a Manufacturer of Docetaxel that Mrs. Holt Received and Should be Added as a Proper Party**.

Ms. Holt filed her Short Form Complaint on November 21, 2017, naming Defendants Sanofi U.S. Services, Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC (collectively, "Sanofi"), Sandoz Inc. ("Sandoz"), Accord Healthcare, Inc. ("Accord"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc. (collectively, "Hospira"), Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

1

(collectively, "Sun Pharma"), Pfizer Inc. ("Pfizer"), Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. (collectively, "Actavis") based upon medical records showing she was treated with Taxotere/Docetaxel.

After diligently engaging in third party discovery pursuant to this Court's Case Management Order No. 12A, Ms. Holt's infusion facility provided a "Statement Regarding Chemotherapy Drug Administered" on February 27, 2018. (MDL Centrality Doc ID #396947.) The infusion facility attached its "Chemotherapy Admixing Log" specifically identifying docetaxel lot numbers used in Ms. Holt's treatment.



(MDL Centrality Doc ID # 396947.) The lot numbers for the first three treatments

90030647.3

are attributable to Sanofi, but the fourth lot number could not be attributed to any entity based on information known or reasonably available to Ms. Holt at the time. The only way to attribute the fourth lot number was to cross-reference the number with records in a manufacturer's exclusive control showing all of their own lot numbers.

Over the course of the litigation, Defendants refused to produce any of their records identifying lot numbers for the docetaxel it manufactured. Finally, on September 6, 2019, counsel for Sagent provided a list of lot numbers to the Plaintiffs' Leadership Committee. One of the lot numbers from the list of lot numbers produced by Sagent's counsel is "DE14001A," which matches the lot number for the last of Ms. Holt's Taxotere/Docetaxel treatments.

Consequently, Ms. Holt seeks leave to amend her complaint to name Sagent Pharmaceuticals, Inc.

## II.   Ms. Holt's Motion to Add Sagent as a Defendant is Timely.

### A. Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F3d 1459, 1464 (5th Cir. 1995). Generally, the timeliness of filing a complaint is governed by the law of the jurisdiction where the alleged injury occurred or, if none has been specified, plaintiff's place of treatment or diagnosis. *See In re: Avandia Mktg., Sales Prac. & Prods. Liab. Litig.*, No. 07-MD-187, MDL No. 1871, 2014 WL 2011239, at *1 (E.D. Pa. May 16, 2014). *See also*

*McKinney v. Fairchild Intern., Inc.*, 487 S.E.2d 913, 923 (W.Va. 1997). Ms. Holt identifies West Virginia as the state in which her injury occurred. (Ex. A.)

Under West Virginia law actions based on personal injury must be brought within two years after the right to bring the action has accrued. W.Va. code § 55-2-12(b) (2017). The West Virginia Supreme Court adopted the discovery rule to avoid miscarriages of justice, whereby the statute of limitations extinguish a plaintiff's cause of action before he or she knew about it. *See Cecil v. Airco, Inc.*, 416 S.E.2d 728, 730 (W.Va. 1992).

> A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact. Syl. Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255 (W.Va. 2009).

To further explain step three, under West Virginia's discovery rule, the statute of limitations will begin to run when the plaintiff knows, or by exercise of reasonable diligence, should know (1) that she has been injured, (2) the identity of the entity who owed her a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to her injury. Syl. Pt. 4, *Gaither v. City Hosp. Inc.*, 487 S.E.2nd 901 (W. Va. 1997).

### B. Argument

In this case, Ms. Holt filed her claim on November 21, 2017. She engaged in discovery and received records from her infusion facility. On February 9, 2018, Ms. Holt produced medical records proving Taxotere/Docetaxel administration. During the next few months Ms. Holt's counsel worked to obtain NDC codes from her infusion facility but was only able to obtain lot numbers. These records were produced via MDL Centrality on August 6, 2019, pursuant to CMO 12A. Ms. Holt had no way of identifying Sagent as a manufacturer or manufactures of her Taxotere/Docetaxel treatments until Defendants finally produced their lot numbers on September 6, 2019. Therefore, the statute of limitations as to Sagent did not begin to run until September 6, 2019. Ms. Holt identified Sagent as a potential manufacturer of her Taxotere/Docetaxel treatments within the applicable limitations period and should be allowed to amend her complaint.

In addition, Actavis is properly named and served in this case. According to the master allegations in the Second Amended Master Complaint, Sagent's product

5

was produced under Actavis' New Drug Application ("NDA"). As of this filing neither Actavis nor Sagent has admitted which of the two defendants is responsible for the contents of the Sagent label. Therefore, Ms. Holt's statute of limitations has been tolled as to Sagent by timely naming Actavis.

### III.     Other Previously Named Defendants Should be Dismissed.

This motion also dismisses with prejudice previously named Defendants Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc., Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc. Ms. Holt's proposed Amended Short Form Complaint is attached hereto as Exhibit A.

Pursuant to Local Rule 7.6 and Pretrial Order No. 37A, Plaintiff's Counsel provided notice of this motion to Defense Counsel on February 11, 2020. Counsel for Sagent indicated its client opposes Mrs. Holt's motion, therefore this motion is filed as <u>opposed</u>.

WHEREFORE, Plaintiff Yvonne Holt hereby respectfully requests this Honorable Court grant leave to file Plaintiff's proposed Amended Short Form Complaint.

6

Respectfully submitted this 20th day of March, 2020.

**ROBINS KAPLAN LLP**

*/s/ Jason L. DePauw*
Jason L. DePauw (MN Bar#0392150)
Munir R. Meghjee (MN Bar #0301437)
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
jdepauw@robinskaplan.com
mmeghjee@robinskaplan.com

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on this 20th Day of March, 2020, the foregoing the document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operating of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2740.

*/s/ Jason L. DePauw*
Jason L. DePauw