UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO<br>*Yvonne Holt, et al.*,<br>Case No. 17-12971 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

**I.      PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on November 21, 2017. *See* Complaint in Member Action No. 2:17-cv-12971-JTM-MBN (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f//k/a Actavis Inc., and Actavis Pharma, Inc.

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. ("Sagent"). Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion…." PTO 37A. PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On February 11, 2020, plaintiff's counsel contacted the undersigned, counsel for Sagent, an entity that is not presently named in the

lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.[1] On March 3, 2020, counsel for Sagent informed plaintiff's counsel that Sagent opposes the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Julie Reynolds, and Sagent's counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On March 20, 2020, plaintiff filed *Plaintiff's Motion for Leave to File Amended Short Form Complaint* and a Memorandum in Support ("Plaintiff's Memo.") (Master Docket, Doc. 9686-1 and 9686-2). Sagent hereby enters its Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[2]

## II.  LAW AND ARGUMENT

Plaintiff's motion should be denied because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff states that she is entitled to relief because her infusion facility only supplied lot numbers for her four infusions of chemotherapy, and she was not able to determine the identity of the manufacturer of one of the four infusions until after Sagent produced lot numbers on September 6, 2019. (Plaintiff's Memo., p. 5.) Yet plaintiff made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit. Instead, she checked the boxes for eleven different defendants identified on the Short Form Complaint and, only after her complaint was filed, sought to investigate which docetaxel she received. It was only then that plaintiff claims

---

[1] The undersigned also represents Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc. ("the Actavis Defendants") in this multidistrict litigation. The Actavis Defendants are named in the original Short Form Complaint and in the proposed Amended Short Form Complaint in this member action, and plaintiff served the Actavis Defendants on December 5, 2017. This case is time-barred as to the Actavis Defendants as well. The Actavis Defendants reserve all rights to assert all applicable defenses, including the defense of violation of statute of limitations.

[2] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

she learned that a Sagent-labeled product was used for the fourth chemotherapy infusion, necessitating amendment of her Short Form Complaint. Plaintiff's proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to Amend Her Short Form Complaint must be denied.

    A.    **LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis,* 371 US 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

Plaintiff makes two separate arguments as to why her proposed Amended Short Form Complaint asserts a timely claim against Sagent. First, she argues the West Virginia discovery rule saves her claims, even though she clearly knew, more than two years before she sought to assert a claim against Sagent, that she had an injury she believed was caused by docetaxel, as demonstrated by her filing of her original Short Form Complaint against other defendants. That argument requires an analysis of which state's law applies to the statute of limitations here, discussed below. Plaintiff's second argument is that the statute of limitations should be tolled as to Sagent because plaintiff previously named the Actavis Defendants in the original Short Form Complaint. (Plaintiff's Memo., pp. 5-6.) But plaintiff offers no legal or factual support for her assertion. There is no basis for tolling the statute of limitations for her claims against Sagent.

In diversity lawsuits, a federal court is ordinarily bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). Direct filing does not change that analysis. *In re Vioxx*, 478 F. Supp. 2d at 904. Accordingly, this Court should look to Louisiana's choice of law rules to determine which state's statute of limitations governs.[3] Louisiana Civil Code Article 3549 governs which statute of limitations should be applied. It provides, in relevant part:

> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
>
> (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.
>
> (2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice.

Accordingly, in order to determine which state's statute of limitations applies, the Court must consider whether plaintiff's claims against Sagent would be barred under either states law. Here, plaintiff's claim against Sagent is time-barred regardless of which state's law applies.

But regardless of whether the Court applies Louisiana's one-year statute of limitations or West Virginia's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than five

---

[3] Like Louisiana, the Supreme Court of Appeals of West Virginia (the state's highest court) has held that the statutes of limitations are procedural. *See Tice v. E.I. Du Pont De Nemours & Co.,* 106 S.E.2d 107, 111 (W. Va. 1958).

4

years after her alleged injury. Her proposed Amended Short Form Complaint is futile because, as to the party she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

The proposed Amended Short Form Complaint, as well as plaintiff's Third Amended Plaintiff Fact Sheet, a copy of which is attached hereto as Exhibit 2, allege that plaintiff completed her chemotherapy on April 16, 2014. (*See Proposed Amended Short Form Complaint* (Master Docket, Doc. 9686-3, ¶ 10); *Third Amended Plaintiff Fact Sheet*, Ex. 2, ¶ 12(d), p. 15.) The proposed Amended Short Form Complaint also incorporates by reference the Amended Master Long Form Complaint and Jury Demand filed in this case on March 31, 2017. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9686-3, p. 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than six months after her completion of chemotherapy, or by October 16, 2014. Plaintiff, however, did not file this lawsuit until November 21, 2017, more than three years and one month after her injury occurred.

The one-year statute of limitations codified in La. Civ. Code Ann. art. 3492 would apply to plaintiff's claims against Sagent were the Court to analyze the issue under Louisiana law. *See Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 974 (La. App. 4 Cir. 1998). Plaintiff claims her injuries occurred in West Virginia. (*Proposed Amended Short Form Complaint* (Master Docket, Doc.

5

9686-3, ¶ 5.) Plaintiff's negligence and product liability claims, in the event that West Virginia's statute of limitations were to apply, are governed by that state's two-year statute of limitations codified in W. Va. Code § 55-2-12(b). *See, e.g., Harrison v. Davis*, 478 S.E.2d 104, 108 n.8 (W. Va. 1996). Therefore, whether the Court analyzes the issue under Louisiana's one-year statute of limitations or under West Virginia's two-year statute of limitations, this lawsuit was untimely on its face when it was filed originally. Now, nearly five-and-a-half years after the latest date on which plaintiff's injury could have occurred, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sagent for the first time.

### C. NEITHER *CONTRA NON VALENTEM* NOR ANY 'DISCOVERY RULE' APPLIES TO SAVE PLAINTIFF'S TIME-BARRED CLAIM

#### 1. Louisiana Law[4]

There is no colorable argument that the doctrine of *contra non valentem* saves the facially time-barred claims the Plaintiff wants to assert against Sagent in the proposed Amended Short Form Complaint. "Generally, the prescriptive period for a tort claim begins to run from the time plaintiff is injured." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.,* MDL No. 2592, No. 15-4790, 2017 WL 4517287 at *2 (E.D. La. Oct. 10, 2017). However, in Louisiana, the doctrine of *contra non valentem* "provides some grace for those plaintiffs who are unaware that their injury was caused by a tort." *Id*. Importantly, "this grace period does not extend until the plaintiff has gathered all of the facts necessary to successfully pursue her claim," nor does it "extend until the plaintiff has determine[d] the legal theory upon which [her] lawsuit will be based." *Id*. Instead,

---

[4] The Sanofi Defendants extensively briefed the applicable law regarding Louisiana's doctrine of *contra non valentem* in *Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment Based on the Statute of Limitations* (Doc. 5734-2) in the Deborah Johnson case. Rather than incorporating the Sanofi Defendants' memorandum by reference, Sagent is reproducing much of that argument here, some nearly verbatim, for the Court's convenience.

6

the doctrine only suspends prescription until the plaintiff has "actual or constructive knowledge of a causal relationship between the object or product and the injury." *Id.*

Here, it is beyond dispute that the Plaintiff believed her alleged injury was caused by a tort when she filed a lawsuit on November 21, 2017 in this case alleging that her injury was caused by docetaxel. Plaintiff simply cannot claim she did not know she was injured, or that her injury was wrongfully caused, any later than the date on which she filed a lawsuit seeking redress for her alleged injury. Plaintiff offers reasons why she purportedly was unable to identify Sagent in a timely fashion. Plaintiff states, "Defendants refused to produce any of their records identifying lot numbers for the docetaxel it manufactured" because it is "[t]he only way to attribute the fourth lot number was to cross-reference the number with records in a manufacturer's exclusive control showing all their own lot numbers" (Plaintiff's Memo., p. 3.)[5] Such assertions that she did not know a Sagent-labeled docetaxel product was used in her chemotherapy does not save her time-barred claim against Sagent.

First, plaintiff does not define who "Defendants" are and gives no factual or legal support for either assertion. Plaintiff concedes that the evidence she needed to trace the last infusion to Sagent existed, but she offers no explanation of her failure to investigate to learn whose lot number it was.

*Contra non valentem* should be applied only in "extreme circumstances." *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010). Moreover, "[a]s a judicial exception to the statutory rule of prescription, Louisiana courts strictly construe this doctrine and only extend its benefits up to the time that the plaintiff has actual or constructive knowledge of the tortious act." *Eldredge v.*

---

[5] It is noteworthy that plaintiff sued eleven defendants on the checklist of defendants identified on the Short Form Complaint before she had any lot numbers or any other evidence of product ID.

*Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000) (internal quotes omitted).  Again, the plaintiff here cannot seriously argue she was unaware of her injury, or that her injury allegedly was caused by a tortious act, any later than the date on which she filed a tort case seeking recovery for her alleged injury, November 21, 2017.

As the Louisiana Supreme Court has stated, the *contra non valentem* doctrine "will not exempt the plaintiff's claim from the running of prescription if [her] ignorance is attributable to [her] own willfulness or neglect; that is, a plaintiff will be deemed to know what [she] could by reasonable diligence have learned." *Marin*, 48 So. 3d at 246 (quoting *Corsey v. State of Louisiana, Through Dept. of Corrections,* 375 So. 2d 1319, 1322 (La. 1979); *see also Carter v. Matrixx Initiatives, Inc.*, 391 F. App'x 343, 345 (5th Cir. 2010) (applying Louisiana law noting that "a plaintiff will be responsible to seek out those whom [she] believes may be responsible for a specific injury."); *Renfroe v. State ex rel. Dep't. of Transp. & Dev.*, 809 So. 2d 947, 954 (La. 2002) (*contra non valentem* doctrine did not apply where plaintiff sued the incorrect party because true defendant's identity was discoverable within the limitations period); *Brown v. Biomet Orthopedics, LLC*, No. 3:14-cv-1470, 2017 WL 2684856, at *2 (N.D. Ind. 2017) (same; applying Louisiana law).

Whether plaintiff knew which Defendant's product was used in her treatment is irrelevant to whether *contra non valentem* operates to save her claim against Sagent.  "[T]he prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 300 (5th Cir. 1999) (citing *Terrel v. Perkins*, 704 So. 2d 35, 39 (La. App. 1st Cir. 1997)).  That plaintiff filed a lawsuit alleging docetaxel caused her injury conclusively establishes that her limitations period began on that date, at the very latest.  *See e.g., Mason v.*

*Danek Med., Inc.*, No. 95-cv-3481, 1998 WL 774176, at *1 (E.D. La. Oct. 30, 1998) (finding claims prescribed where "plaintiff's symptoms which are the basis for this suit manifested themselves to such a degree after his [treatment] that he should have known by exercising reasonable diligence that there was a reasonable possibility that his problem was caused by" one of several medical products involved in treatment); *Bultman v. Danek Med., Inc.*, No. 96-cv-3447, 1999 WL 33537321, at *3 (E.D. La. Dec. 17, 1999) (same); See also *Oil Ins. Ltd. v. Dow Chem. Co.*, 977 So. 2d 18, 21, 23-24 (La. App. 2007), w*rit denied*, 976 So. 2d 1284 (La. 2008) (finding limitations triggered where plaintiff had suspected that defendant's conduct "may have been" a "possible" or "potential" cause of injury, over objection that the "true cause" was not "confirmed." Noting that *contra non valentem* "does not allow the plaintiff to wait until the cause of the damage is certified or confirmed." And that "certitude is not a prerequisite to the commencement of prescription.").

    **2.    West Virginia Law**

Nor is there anything about West Virginia law, were the Court to apply it to the statute of limitations analysis, that could save plaintiff's time-barred claims against Sagent. Plaintiff's negligence and product liability claims, in the event that West Virginia's statute of limitations apply, are governed by that state's two-year statute of limitations. W. Va. Code § 55-2-12(b) ("Every personal action for which no limitation is otherwise prescribed shall be brought... within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.").

West Virginia employs a discovery rule that "tolls the statute of limitation until the claimant knows or by the exercise of reasonable diligence should know of his claim." *Bennett v. Asco Servs., Inc.*, 218 W. Va. 41, 51 (2005). In *Gaither v. City Hospital, Inc.*, 199 W.Va. 706,

9

714 (1997), the Supreme Court of Appeals of West Virginia stated that "this rule tolls the statute of limitations until a plaintiff, acting as a reasonable, diligent person, discovers the essential elements of a possible cause of action, that is, discovers duty, breach, causation and injury." A plaintiff has an affirmative duty to discover or make inquiry to discern additional facts about his or her injury when placed on notice of the possibility of wrongdoing. *McCoy v. Miller*, 213 W. Va. 161, 165 (2003). But, the discovery rule "does not go so far as to suggest that until a prospective plaintiff is informed of every possible act of malpractice and the identity of every potential wrongdoer, the statute of limitations is tolled." *Id.* at 166.

As stated above, plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by a tort no later than the date on which she originally filed her suit, November 16, 2017. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent.

### D. THE STATUTE OF LIMITATIONS WAS NOT TOLLED AS TO SAGENT

Finally, plaintiff asserts that the statute of limitations is tolled as to Sagent because the Actavis entities are named and because "neither Actavis nor Sagent has admitted which of the two defendants is responsible for the contents of the Sagent label." (Plaintiff's Memo., pp. 5-6.) Plaintiff provides no legal or factual support for this assertion or how this prevents her claims against Sagent from being time-barred. Nor has any fact or law supporting tolling been pled in the Amended Master Long Form Complaint and Jury Demand, the operative Short Form Complaint, or the proposed Amended Short Form Complaint.

### III. CONCLUSION

For all the foregoing reasons, Defendant Sagent Pharmaceuticals, Inc., respectfully requests the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a Defendant. Such a complaint would be futile, because

the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds.

Dated: March 31, 2020.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorney for Defendant Sagent Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Michael J. Suffern