## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS  LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| All cases | ) | |

## ORDER  AND  REASONS

Before the Court is a Motion to Amend Pretrial Order 70B Regarding Ex Parte Contact with MDL Plaintiffs' Prescribing and Treating Physicians (Doc. 9109). The Court held oral argument on March 11, 2020. For the following reasons, the Motion is **DENIED**.


## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019 in the case of Barbara Earnest. The second bellwether trial is set to begin August 10, 2020.

In the instant Motion, Defendants ask the Court to amend Pretrial Order 70B, which governs the parties' interactions with the prescribing and treating physicians of MDL Plaintiffs. Defendants note that in the days leading up to

---

[1] Docetaxel is the generic version of Taxotere.

the trial of Plaintiff Earnest, Plaintiffs' counsel met repeatedly with Earnest's prescribing physician, Dr. James Carinder.

## LAW AND ANALYSIS

Defendants aver that Plaintiffs' counsel met with Dr. Carinder before trial "for the purpose of influencing his trial testimony to align with Plaintiff's trial themes."[2] Defendants argue that PTO 70B gives Plaintiffs' counsel an "unfettered ability to engage in ex parte contact with an MDL plaintiff's prescribing or treating physician."[3] Defendants ask the Court to amend PTO 70B to place the same restrictions on Plaintiffs' counsel as it does on Defendants' counsel. Specifically, Defendants wish for PTO 70B to prohibit Plaintiffs' counsel from having any ex parte contacts with a Plaintiff's prescribing or treating physician. In the alternative, Defendants ask the Court to allow Plaintiffs only a single ex parte meeting with a prescribing or treating physician—a meeting that occurs before the physician's deposition and that is limited to discussions about a Plaintiff's treatment.

In response, Plaintiffs note that the Court has already considered and rejected Defendants' assertion that Plaintiffs' meeting with Dr. Carinder before trial was improper. Plaintiffs aver that they did not attempt to bias or manipulate Dr. Carinder at the meeting but instead prepared him to give testimony at trial. Plaintiffs emphasize that they complied with PTO 70B and made all the required disclosures to Defendants regarding the meeting. Plaintiffs further argue that the Court should not amend PTO 70B to "even the

[2] Doc. 9109-1 at 4.
[3] Doc. 9109-1 at 9.

playing field" as Defendants request because Defendants can cross-examine witnesses regarding their contacts with Plaintiffs' counsel.

The Court finds that PTO 70B provides sufficient protection to Defendants. Under the order, Plaintiffs must make detailed disclosures to Defendants regarding any ex parte communications between Plaintiffs' counsel and a prescribing or treating physician. Plaintiffs must disclose to Defendants the date, duration, and location of the communication, the participants involved, whether compensation was provided, and other details. For any communications that occur close to the start of trial, PTO 70B requires that Plaintiffs promptly make these disclosures to Defendants.

With these protections in place, Defendants receive the information they need to cross-examine witnesses about their contacts with Plaintiffs' counsel before trial. Accordingly, the Court will not amend PTO 70B to prohibit Plaintiffs from communicating with these witnesses. As the Court said at trial regarding Plaintiffs' meeting with Dr. Carinder, "there is nothing improper with meeting with a witness that you intend to call at trial."[4] This is especially true when such meetings are governed by disclosure requirements like those set forth in PTO 70B.

## CONCLUSION

For the foregoing reasons, the Motion to Amend Pretrial Order 70B Regarding Ex Parte Contact with MDL Plaintiffs' Prescribing and Treating Physicians (Doc. 9109) is **DENIED**.

---

[4] Doc. 9225-1 at 17.

3

New Orleans, Louisiana this 8th day of April, 2020.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE