UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO<br>*Geneva Simmons, et al.*,<br>Case No. 17-09337 | |

### MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

**I.    PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing an Short Form Complaint on September 20, 2017. *See* Complaint in Member Action No. 2:17-cv-09337-JTM-MBN (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Actavis LLC f//k/a Actavis Inc., Actavis Pharma, Inc., and Teva Pharmaceutical Industries, Ltd.  Plaintiff attached a summons to her Short Form Complaint for Actavis Pharma, Inc., but not Actavis LLC f/k/a Actavis Inc. (Doc. 1-3.) The Clerk issued the summons on September 25, 2017 (Doc. 4), and plaintiff served Actavis Pharma, Inc., on December 29, 2017. Plaintiff never served Actavis LLC with the Short Form Complaint.

On October 12, 2018, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Sanofi S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, and Accord Healthcare, Inc. (Master Docket, Doc. 4602.)

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. ("Sagent"), and to re-name two defendants that previously were dismissed: Actavis LLC f/k/a Actavis LLC ("Actavis LLC"), and Actavis Pharma, Inc. ("Actavis Pharma") (collectively "Defendants").  Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." PTO 37A.  PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.*  On March 2, 2020, plaintiff's counsel contacted the undersigned counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.  On March 13, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the case is time-barred as a matter of law as to Sagent.  (*See* E-mail thread between plaintiff's counsel, Nate Buttars, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.)  On March 25, 2020, plaintiff filed *Plaintiff's Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 9799).  Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent and because plaintiff has made no argument justifying grounds for relief under F.R.C.P. 60(b)(6) as to Actavis Pharma and Actavis LLC.[1]

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

2

## II.     LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff makes no statement why her Amended Short Form Complaint should be amended to name Actavis LLC and Actavis Pharma. (Plaintiff's Motion, p. 1.) Plaintiff states that she is entitled to relief because she obtained product identification identifying Sagent. (*See generally, id.*) Yet plaintiff made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit. Instead, she checked the boxes for twelve different defendants identified on the Short Form Complaint. Plaintiff then checked a box titled "Other" and identified a thirteenth defendant. But only after her complaint was filed, did plaintiff seek to investigate which docetaxel she received. It was only then that plaintiff claims she learned that a Sagent-labeled product was used. Subsequent to that, she immediately dismissed various defendants with prejudice, including Actavis LLC and Actavis Pharma. Now, she states her knowledge that a Sagent-labeled product was used necessitates amendment of her Short Form Complaint. Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A.    LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if

the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

Plaintiff states that leave to amend her Short Form Complaint to name Defendants is necessary because she determined that a Sagent-labeled docetaxel product was used in her chemotherapy, but does not state why her claim against Sagent is timely. (Plaintiff's Motion, p. 1.) Plaintiff states, without citation to any law, that "a substantive disagreement on timeliness is premature." (*Id.*) As stated above, however, an evaluation is proper at this stage to determine whether the claims asserted against Defendants are futile and subject to dismissal. Next, plaintiff states that "the discovery rule exception to Texas' statute of limitation operates to toll Plaintiff's claims in this case." (*Id.*, at 2.) But plaintiff offers no legal or factual support for her assertion. There is no basis for tolling the statute of limitations for her claims against Sagent.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Northern District of Texas). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Texas' choice-of-law rules shall apply. Under Texas choice-of-law provisions, Texas' statute of limitations will apply in this matter. *Pappion v. Dow Chemical Co.,* 627 F. Supp.

4

1576, 1579 (W.D. La. 1986); *Beatty v. Isle of Capri Casino, Inc.,* 234 F. Supp. 2d 651, 658 (E.D. Tex. 2002).

Under Texas' two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than four-and-a-half years after her alleged injury. The discovery rule cannot save her claim, because she seeks to assert a claim against Sagent more than two years after she believed she had an injury caused by docetaxel, as demonstrated by her filing of her original complaint. Accordingly, her proposed Amended Short Form Complaint is futile because, as to the party she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

**B.     THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on September 20, 2017. The proposed Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on February 27, 2014. (*See Proposed Amended Short Form Complaint* (Master Docket, Doc. 9799, ¶ 10.) The proposed Amended Short Form Complaint also incorporates by reference the First Amended Master Long Form Complaint and Jury Demand filed in this case on July 25, 2017. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9799-1, p. 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than six months after her completion of chemotherapy, or by August 26, 2014. Plaintiff, however, did not file this

lawsuit until September 20, 2017, more than three years and one month after the latest date her injury could have occurred.

Plaintiff claims she currently resides in, and her injuries occurred in, Texas. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9799-1, ¶¶ 4, 5.) Plaintiff's negligence and product liability claims are governed by that state's two-year statute of limitations codified in Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). *See, e.g., Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 360 (5th Cir. 2005). Therefore, under Texas' two-year statute of limitations, this lawsuit was untimely on its face when it was filed originally. Now, over five-and-a-half years after the latest date on which plaintiff's injury could have occurred, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sagent for the first time.

C. **TEXAS' 'DISCOVERY RULE' DOES NOT APPLY TO SAVE PLAINTIFF'S TIME-BARRED CLAIM AGAINST SAGENT**

Plaintiff states, without any citation to applicable law, that the Texas discovery rule operates to toll her claims as to Sagent. (Plaintiff's Motion, p. 2.) Plaintiff is incorrect. Under Texas law, the discovery rule does not apply in situations where the plaintiff has knowledge of an injury, but not of the specific defendants who may be potentially liable to the plaintiff.

Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) states that "a person must bring a suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.") A cause of action "accrues" under Texas law when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). However, in "rare cases," Texas courts will employ a judicially-crafted exception to the general rule of accrual, known as the discovery rule. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994). Under the discovery rule, a cause of action will not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, "should have

known of the wrongful act and resulting injury." *S.V.*, 933 S.W.2d at 4 (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994)).

It is well-settled in Texas that the discovery rule does not toll limitations periods until "a plaintiff discovers a specific cause of action against a specific defendant." *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 357 n.9 (Tex. 1990); *see also LaGesse v. PrimaCare, Inc.*, 899 S.W.2d 43, 46 (Tex. App. 1995), *writ denied* (Apr. 12, 1996) (noting Texas Supreme Court has held that "limitations run from the date the 'injury' is discovered, not from the date of the discovery of the responsible party."); *Foreman v. Pettit Unlimited, Inc.*, 886 S.W.2d 409, 412 (Tex. App. 1994), *disapproved of on other grounds, Nghiem v. Sajib*, 567 S.W.3d 718 (Tex. 2019); (noting that "[t]his is not how the discovery rule operates" in response to plaintiff's argument that his lack of knowledge of the responsible party delays the beginning of the limitations period).

Plaintiff's case here is squarely on point with the Texas Court of Appeals' decision in *Otis v. Sci. Atlanta, Inc.*, 612 S.W.2d 665 (Tex. Civ. App. 1981), *writ refused no reversible error* (May 27, 1981). In *Otis*, plaintiffs filed a lawsuit against a fire alarm system after a fire caused damage to their house. *Id.* at 665. Over two years after initially filing suit, plaintiffs sought to amend their complaint to add a component manufacturer arguing that they could not have known through exercise of reasonable diligence that the newly-added defendant was the responsible party. *Id.* at 666. In affirming the trial court's order granting summary judgment, the Texas Court of Appeals held that the statute of limitation is not tolled "until [plaintiffs] discovered the identity of the party responsible for the cause of their injury." *Id.*

Accordingly, the statute of limitations are not tolled until plaintiff discovered that she received Sagent-labeled docetaxel. Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel no later than the date on which she

7

originally filed her suit, September 20, 2017.  At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent.  More than two years have passed since plaintiff knew of her claim, as demonstrated by her having filed a complaint on September 20, 2017.  Accordingly, there are no facts that could allow the discovery rule to make her claims against Sagent timely.

### D. PLAINTIFF OFFERS NO REASON WHY SHE REQUIRES RELIEF FROM HER DISMISSAL WITH PREJUDICE OF ACTAVIS LLC AND ACTAVIS PHARMA

Plaintiff's attempt to name Actavis LLC and Actavis Pharma as defendants fails for a separate reason.  Plaintiff named both entities as defendants in her Amended Short Form Complaint filed on September 20, 2017.  Plaintiff later dismissed both entities *with prejudice* on October 12, 2018.  (Master Docket, Doc. 4602.)  That dismissal states that "i[f] warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)."  (*Id.*)  Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment or order based on "any other reason that justifies relief."

But plaintiff does not argue that she requires relief from her dismissal with prejudice of Actavis LLC and Actavis Pharma pursuant to Rule 60.  Indeed, plaintiff does not offer *any* reasons why she seeks leave to rename Actavis LLC and Actavis Pharma.  (*See generally* Plaintiff's Motion.)  Plaintiff states that she requires leave to amend because she has identified a separate entity, Sagent, as an alleged supplier of her docetaxel.  Plaintiff does not offer any reasons why her motion for leave as to Actavis LLC and Actavis Pharma should be granted.  For that separate reason, her motion must be denied as to Actavis LLC and Actavis Pharma.

In addition, the motion for relief from the order dismissing Actavis LLC and Actavis Pharma is untimely itself.  "A motion under Rule 60(b) must be made within a reasonable time—

8

and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." While plaintiff never explains why she requires leave to add Actavis LLC and Actavis Pharma as defendants, presumably it is tied to her claim that there is evidence she used a Sagent-labeled docetaxel product. But the document plaintiff submits as proof of this evidence is dated September 24, 2018 (*see* Exhibit B to Plaintiff's Motion), which is approximately a month ***before*** she dismissed Actavis LLC and Actavis Pharma. Yet plaintiff waited until March of 2020 to file her motion for leave to amend her Short Form Complaint. Plaintiff's motion for leave to add Actavis LLC and Actavis Pharma as defendants was not brought within a reasonable time and this Court has the discretion to deny plaintiff's motion. *Clark v. Davis*, 850 F.3d 770, 782 (5th Cir. 2017).

**III.   CONCLUSION**

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., respectfully request the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a defendant and re-naming Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc., as defendants. Such a complaint would be futile, because the addition of Sagent as a defendant would defeat diversity and divest the Court of subject matter jurisdiction. In addition, the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds. Plaintiff's Motion also should be denied as to Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc., because Plaintiff has made no argument justifying grounds for relief under Rule 60(b)(6).

Dated:  April 14, 2020.

Respectfully submitted,

/s/ Michael J. Suffern

9

        Michael J. Suffern
        Jennifer Snyder Heis
        ULMER & BERNE LLP
        600 Vine Street, Suite 2800
        Cincinnati, OH 45202
        Telephone: (513) 698-5064
        Facsimile: (513) 698-5065
        msuffern@ulmer.com
        jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                        /s/ Michael J. Suffern