UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

MDL No. 2740

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Janice Infusino, et al.*,
Case No. 17-10313

### MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

**I.     PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on October 9, 2017. *See* Complaint in Member Action No. 2:17-cv-10313-JTM-MBN (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Actavis LLC f//k/a Actavis Inc., Actavis Pharma, Inc., and Teva Pharmaceutical Industries, Ltd. Plaintiff attached a summons to her Short Form Complaint for Actavis Pharma, Inc., but not Actavis LLC f/k/a Actavis Inc. (Doc. 1-3.) The Clerk issued the summons on October 13, 2017 (Doc. 4), and Actavis Pharma, Inc., was served on December 29, 2017. Plaintiff never served Actavis LLC with the Short Form Complaint.

On August 13, 2018, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Sanofi S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, and Accord Healthcare, Inc. (Master Docket, Doc. 3752.)

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. ("Sagent"), and to re-name two defendants that previously were dismissed: Actavis LLC f/k/a Actavis LLC ("Actavis LLC"), and Actavis Pharma, Inc. ("Actavis Pharma") (collectively "Defendants"). Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion…." PTO 37A. PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On March 2, 2020, plaintiff's counsel contacted the undersigned, counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On March 13, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Nate Buttars, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On March 25, 2020, plaintiff filed *Plaintiff's Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 9798). Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because: (1) the joinder of Sagent would destroy subject matter jurisdiction; (2) it clearly is time-barred as to Sagent; and (3) because plaintiff has made no argument justifying grounds for relief under F.R.C.P. 60(b)(6) as to Actavis Pharma and Actavis LLC.[1]

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

2

## II.    LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested. First, both Sagent and plaintiff are citizens of Illinois, so adding Sagent would destroy the diversity of citizenship that currently exists and divest the Court of subject matter jurisdiction. Next, plaintiff makes no statement why her Amended Short Form Complaint should be amended to name Actavis LLC and Actavis Pharma. (Plaintiff's Motion, p. 1.) Plaintiff states that she is entitled to relief because she obtained product identification information identifying Sagent. (*See generally, id.*) Yet plaintiff made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit. Instead, she checked the boxes for twelve different defendants identified on the Short Form Complaint. Plaintiff then checked a box titled "Other" and identified a thirteenth defendant. But only after her complaint was filed did plaintiff seek to investigate which docetaxel she received. It was only then that plaintiff claims she learned that a Sagent-labeled product was used. Subsequent to that, she immediately dismissed various defendants with prejudice, including Actavis LLC and Actavis Pharma. Now, she states her knowledge that a Sagent-labeled product was used necessitates amendment of her Short Form Complaint. Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A.    THE ADDITION OF SAGENT WILL DEFEAT DIVERSITY DIVESTING THE COURT OF SUBJECT MATTER JURISDICTION

It is axiomatic that when a federal court's subject matter jurisdiction is based on diversity, complete diversity must exist, i.e., "no plaintiff may be a domiciliary of the same state as any defendant." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993). The addition of a

non-diverse party will defeat diversity. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, (1978)).

Here, the addition of Sagent as a defendant would defeat diversity because plaintiff is not diverse from Sagent. Plaintiff alleges she is a citizen of Illinois. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9798-1, ¶ 4.) Sagent also is a citizen of Illinois. (*See* Paragraph 99 to *Sagent Pharmaceuticals, Inc.'s Answer and Additional Defenses to Plaintiffs' Second Amended Master Long Form Complaint Jury Trial Demanded* (Master Docket, Doc. 5497) admitting plaintiff's allegation in the *Second Amended Master Long Form Complaint And Demand for Jury Trial* (Master Docket, Doc. 4407) that Sagent has its principal place of business in Illinois).

The addition of Sagent as a defendant would destroy diversity and divest this Court of subject matter jurisdiction, requiring dismissal of the matter. In order to maintain this case in the MDL, the Court must deny plaintiff's motion to amend.

B. **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFF'S CLAIMS ARE TIME-BARRED AS TO SAGENT**

Even if Sagent was diverse from plaintiff, her motion should be denied because her proposed claims against Sagent are time-barred and no discovery rule applies to save them. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion

was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

Plaintiff states that leave to amend her Short Form Complaint to name Defendants is necessary because she determined that a Sagent-labeled docetaxel product was used in her chemotherapy, but does not state why her claim against Sagent is timely. (Plaintiff's Motion, p. 1.) Plaintiff states, without citation to any law, that "a substantive disagreement on timeliness is premature." (*Id.*) As stated above, however, an evaluation is proper at this stage to determine whether the claims asserted against Defendants are futile and subject to dismissal. Next, plaintiff states that "the discovery rule exception to Illinois' statute of limitation operates to toll Plaintiff's claims in this case." (*Id.*, at 2.) But plaintiff offers no legal or factual support for her assertion. There is no basis for tolling the statute of limitations for her claims against Sagent.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Northern District of Illinois). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Illinois' choice-of-law rules shall apply. Under Illinois choice-of-law provisions, Illinois' statute of limitations will apply in this matter. *Humanes v. Gen. Elec. Transp.*

5

*Services*, 99 C 4528, 2000 WL 1029127, at *2 (N.D. Ill. July 24, 2000) (*citing Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977)).

Under Illinois' two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent five years after her alleged injury. The discovery rule cannot save her claim, because she seeks to assert a claim against Sagent more than two years after she believed she had an injury caused by docetaxel, as demonstrated by her filing of her original complaint. Accordingly, her proposed Amended Short Form Complaint is futile because, as to the party she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

      i.    **The Proposed Amended Short Form Complaint Is Untimely On Its Face**

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on October 9, 2017. The proposed Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on October 9, 2014. (*See Proposed Amended Short Form Complaint* (Master Docket, Doc. 9798, ¶ 10.) The proposed Amended Short Form Complaint also incorporates by reference the First Amended Master Long Form Complaint and Jury Demand filed in this case on July 25, 2017. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9798-1, p. 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than six months after her

completion of chemotherapy, or by April 9, 2015. Plaintiff, however, did not file this lawsuit until October 9, 2017, two-and-a-half years after the latest date her injury could have occurred.

Plaintiff claims she currently resides in, and her injuries occurred in, Illinois. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9798-1, ¶¶ 4, 5.) Plaintiff's negligence and product liability claims are governed by that state's two-year statute of limitations codified 735 Ill. Comp. Stat. Ann. § 5/13-202. *See, e.g., Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017). Therefore, under Illinois' two-year statute of limitations, this lawsuit was untimely on its face when it was filed originally. Now, five years after the latest date on which plaintiff's injury could have occurred, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sagent for the first time.

> ii. **Illinois' 'Discovery Rule' Does Not Apply to Save Plaintiff's Time-Barred Claim Against Sagent**

Plaintiff states, without any citation to applicable law, that the Illinois discovery rule operates to toll her claims as to Sagent. (Plaintiff's Motion, p. 2.) Plaintiff is incorrect. Under Illinois law, the discovery rule does not apply in situations where the plaintiff has knowledge of an injury, but not of the specific defendants who may be potentially liable to the plaintiff.

The applicable statute of limitation under Illinois law requires such lawsuits to be "commenced within 2 years next after the cause of action accrued." 735 Ill. Comp. Stat. Ann. § 5/13-202. A cause of action "accrues" and the statute of limitations beings to run under Illinois law "when the wrongful act or omission results in damages." *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 929 F.3d 914, 920 (7th Cir. 2019). In certain instances, Illinois courts will employ an exception to the general rule of accrual called the discovery rule. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 414 (1981). Under the discovery rule, "the statutory limitations period starts

7

to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Id.* at 415.

It is well-settled in Illinois that the discovery rule will not toll limitations periods until a plaintiff discovers *who* caused his or her injury. *See Guarantee Trust Life Ins. Co. v. Kribbs*, 68 N.E.3d 1046, 1054 (Ill. App. 2016) (explaining that Illinois courts have "repeatedly rejected" the proposition that under the discovery rule, "the identity of the party who caused [the plaintiff's] injury is a prerequisite to the commencement of the running of the statute of limitations"); *Wells v. Travis*, 672 N.E.2d 789, 793 (Ill. App. 1996) ("Knowledge that an injury has been 'wrongfully caused' does not mean knowledge of a specific defendant's negligent conduct."); *Peal v. Lee*, 933 N.E.2d 450, 461 (Ill. App. 2010) (discovery rule did not toll the one-year statute of limitations applicable to ice skating instructor's defamation claim against a manager for his former employer, where instructor knew that defamatory statements were being made about him at work at around the time they were allegedly made, and instructor had the burden to inquire further into who made the statements); *McCormick v. Uppuluri*, 621 N.E.2d 57, 61 (Ill. App. 1993) (rejecting the notion that the plaintiff's ignorance of a doctor's role in his injury tolled the running of the limitations period where "[a]ny reasonable discovery attempts should have included ascertaining [the doctor]'s involvement"); *Guebard v. Jabaay*, 381 N.E.2d 1164 (Ill. App. 1978) (holding the limitations period commenced when the plaintiff knew her injury was caused by an improperly performed operation, not when the plaintiff discovered the identity of the doctor who performed the operation).

In addition, the filing of a lawsuit for the same injuries proves, as a matter of law, that the plaintiff has knowledge of his or her injuries and that they were wrongfully caused. The Illinois Appellate Court's decision in *Heredia v. O'Brien*, 33 N.E.3d 807, 809 (Ill. App. 2015), is directly

on point. In that case, the plaintiff alleged medical malpractice following a medical procedure that occurred in 2009. In 2010, she filed suit against the two radiologist surgeons involved in the procedure and the medical center. *Id.* Following discovery in that action, plaintiff learned that two hematologists who participated in the 2009 procedure may be liable for her injuries, so she filed a second action against them in 2013. *Id.* at 811. The two actions were consolidated and the two hematologists moved to dismiss because plaintiff's cause of action against them was time-barred. *Id.* at 810. In affirming the trial court's decision granting the motion to dismiss, the Illinois court stated "we find that, at the very latest, when she filed her 2010 complaint, the plaintiff had sufficient information to be placed on notice of any injuries and that those injuries were wrongfully caused so as to trigger the running of the statute of limitations." *Id.* at 819.

Also instructive is the Illinois Appellate Court's decision in *Butler v. BRG Sports, LLC*, Nos. 1-18-0362 and 1-18-0394 (cons.), 2019 WL 5390106, --- N.E.3d --- (Ill. App. Oct. 21, 2019). In that case, numerous former football players filed two separate lawsuits against helmet manufacturers for personal injuries. *Id.* at *1. More than two years prior to the filing of these suits, the same players had participated in a class action lawsuit against the National Football League (NFL) for the same injuries. The trial court dismissed the cases at the pleadings stage as being barred by Illinois' two-year statute of limitations because the players already knew about their injuries more than two years prior when they sued the NFL. *Id.* The Illinois Appellate Court affirmed, holding that "[i]t is apparent that the 'injury' for which plaintiffs seek redress in this case is the same injury for which they sought redress in the federal class action case. It is similarly apparent that plaintiffs knew about those injuries when they sued the NFL so that, as a matter of law, the statute of limitations accrued at least as early as the plaintiffs' class action filings." *Id. at* *6.

The same logic must apply here to deny plaintiff's motion for leave to amend. Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel no later than the date on which she originally filed her suit, October 9, 2017. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent. More than two years have passed since plaintiff knew of her claim, as demonstrated by her having filed a complaint on October 9, 2017. Accordingly, there are no facts that could allow the discovery rule to make her claims against Sagent timely.

### C. PLAINTIFF OFFERS NO REASON WHY SHE REQUIRES RELIEF FROM HER DISMISSAL WITH PREJUDICE OF ACTAVIS LLC AND ACTAVIS PHARMA

Plaintiff's attempt to name Actavis LLC and Actavis Pharma as defendants fails for a separate reason. Plaintiff named both entities as defendants in her Amended Short Form Complaint filed on October 9, 2017. Plaintiff later dismissed both entities ***with prejudice*** on August 13, 2018. (Master Docket, Doc. 3752.) That dismissal states that "i[f] warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)." (*Id.*) Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment or order based on "any other reason that justifies relief."

But plaintiff does not argue that she requires relief from her dismissal with prejudice of Actavis LLC and Actavis Pharma pursuant to Rule 60. Indeed, plaintiff does not offer *any* reasons why she seeks leave to rename Actavis LLC and Actavis Pharma. (*See generally* Plaintiff's Motion.) Plaintiff states that she requires leave to amend because she has identified a separate entity, Sagent, as an alleged supplier of her docetaxel. Plaintiff does not offer any reasons why her motion for leave as to Actavis LLC and Actavis Pharma should be granted. For that separate reason, her motion must be denied as to Actavis LLC and Actavis Pharma.

In addition, the motion for relief from the order dismissing Actavis LLC and Actavis Pharma is untimely itself. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." While plaintiff never explains why she requires leave to add Actavis LLC and Actavis Pharma as defendants, presumably it is tied to her claim that there is evidence she used a Sagent-labeled docetaxel product. But the document plaintiff submits as proof of this evidence is dated August 9, 2018 (*see* Exhibit B to Plaintiff's Motion), which is just a few days ***before*** she dismissed Actavis LLC and Actavis Pharma. Yet plaintiff waited until March of 2020 to file her motion for leave to amend her Short Form Complaint. Plaintiff's motion for leave to add Actavis LLC and Actavis Pharma as defendants was not brought within a reasonable time and this Court has the discretion to deny plaintiff's motion. *Clark v. Davis*, 850 F.3d 770, 782 (5th Cir. 2017).

### III.   CONCLUSION

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., respectfully request the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a defendant and re-naming Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc., as defendants. Such a complaint would be futile, because the addition of Sagent as a defendant would defeat diversity and divest the Court of subject matter jurisdiction. In addition, the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds. Plaintiff's Motion also should be denied as to Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc., because Plaintiff has made no argument justifying grounds for relief under Rule 60(b)(6).

Dated:  April 14, 2020.

11

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Michael J. Suffern