UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　SECTION: "N" (5)

THIS DOCUMENT RELATES TO:

*Kelly Gahan*
Case No.:2:16-cv-15283

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS AGAINST KELLY GAHAN

　　Plaintiff Kelly Gahan, a breast cancer survivor, filed her products liability Complaint against Defendants Sanofi-Aventis U.S., LLC and Sanofi US Services, Inc. ("Sanofi") in the instant MDL, and her case was selected as a potential Bellwether trial candidate.  Ms. Gahan participated in Phase I discovery, answered discovery pleadings, and was ultimately deposed, along with her treating provider, Dr. Virginia Borges.  Ultimately, however, Ms. Gahan's case was removed from Bellwether status due to the Court's reluctance to travel outside the Fifth Circuit.

　　Despite the removal of Dr. Gahan's case from Bellwether status, Sanofi filed a wholly unauthorized Motion for Summary Judgment on the basis of the "learned intermediary" doctrine. The matter was briefed and argued to the Court.  The Court granted Sanofi's motion for summary judgment on March 3, 2020.  That judgment is currently on appeal to the United States District Court for the Fifth Circuit.

　　Sanofi seeks costs in the amount of $22,684.85.  Plaintiff does not dispute Defendants' claimed costs for docket fees ($20) or deposition expenses ($8,823.11).  However, Defendants' claimed costs for obtaining Ms. Gahan's medical records ($10,841.24) and expert witness fees

1

paid to Dr. Borges for deposition testimony ($3,000.00) are not within the scope of costs recoverable pursuant to 28 U.S.C. § 1920, and cannot be awarded.

Federal Rule of Civil Procedure 54(d) provides that: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 provides that the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A district court should grant an award for costs to the prevailing party under Rule 54(d)(1) as long as a listed expense is reasonably necessary to the litigation and authorized by statute. Absent explicit statutory or contractual authorization, only those costs articulated in § 1920 are recoverable under Rule 54(d).  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444–45 (1987).  Defendants do not assert any contractual or statutory basis for expanding the scope of recoverable costs beyond those allowed under section 1920.

The party seeking recovery "bears the burden of supporting its request with evidence of the costs incurred and if applicable, proof that the challenged amount was necessarily incurred." In re Ridgeway, No. 16-10643, 2018 WL 3630156, at *19 (Bankr. E.D. La. July 27, 2018).  When

2

cost-seekers neglect to supply any verification that the costs claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. Bd. of Supervisors of Louisiana State Univ. v. Smack Apparel Co., No. CV 04-1593, 2007 WL 9770644, at *16 (E.D. La. May 23, 2007). Before the court can tax costs, it must find that the costs were necessarily incurred in the litigation and this finding must be based on "some proof of the necessity." Id. "The Court does have discretion to allow unverified costs where it is clear from the nature of the cost that it was necessarily incurred." Id. (quoting Johnson v. State of R.I., No. 98-266T, 2000 WL 303305, at *13 (D.R.I. Mar. 22, 2000)

Ms. Gahan does not contest the recoverability of Defendants' claim for $20.00 related to docket expenses, nor the $8,823.11 claimed for obtaining the depositions and transcripts of Ms. Gahan and Dr. Borges.  Plaintiff does note, however, that Defendant has submitted no documentation or invoices substantiating the details of these charges.  While deposition transcript expenses are generally recoverable, charges for unnecessary services, such as expedited transcription, are not recoverable in the absence of exceptional circumstances.  U.S. ex rel. Long v. GSDMIdea City, L.L.C., 807 F.3d 125, 132 (5th Cir. 2015).  Here, Defendants have failed to provide invoices detailing their transcript order from the Court reporter.  Ms. Gahan is thus precluded from contesting potentially unnecessary elements of Defendant's order.  In the absence of documentation substantiating that Defendant's deposition expenses fall within the scope of costs recoverable under section 1920, the Defendants' cost claim cannot be awarded.

Defendants claim for $10,841.24 for "medical record collection" is not recoverable.  28 U.S.C. § 1920 includes no category of recoverable cost associated generally with the collection of medical records.  Defendants affidavit in support of this claimed expense includes no explanation of the charge that would bring the claimed expense (in whole or part) within the categories of

3

expenses that are recoverable under the statute.  Indeed, Defendants provided no itemization, documentary evidence or even a bare explanation supporting this claimed cost – it's components are a mystery to Ms. Gahan and the Court alike.

Ms. Gahan is at a loss to even speculate how Sanofi could have incurred nearly $11,000.00 in costs associated with collecting her medical records in this MDL – when the phase I discovery rules required her to obtain and electronically submit her own medical records.  Under these circumstances, the pro forma certification by Defendants counsel that its claimed costs were necessarily incurred in support of the litigation is not sufficient.  Some further explanation is required as a matter of course, and Defendants failure to provide such an explanation demands that the cost be denied.

Defendants claim for $3,000.00 to compensate Dr. Borges for her deposition time must also be denied.  Section 1920 only permits compensation for court-appointed experts.  See <u>Roofing v. Assurance Co. of Am.</u>, No. CV 15-2150, 2016 WL 4261768, at *2 (E.D. La. Aug. 12, 2016).

April 14, 2020		Respectfully Submitted,

/s/ *Darin L. Schanker*
Darin L. Schanker
Scot C. Kreider
BACHUS & SCHANKER, LLC
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
(303)899-9800
F: (303)893-9900
d.schanker@coloradolaw.net
scot.kreider@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Darin L. Schanker