UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |

Elizabeth Kahn, Case No. 2:16-cv-17039.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### SUPPLEMENTAL MEMORANDUM IN OPPOSITION

The PSC has failed to raise a genuine issue of material fact as to *Ms. Kahn's* knowledge of the connection between Taxotere and her alleged injury. Now, the PSC's Supplemental Memorandum asks the Court to substitute Ms. Kahn's knowledge with the alleged knowledge of her husband, Steve Seebol, and her friend, Leslie McDermott. Ms. Kahn's testimony, however, is dispositive. Ms. Kahn is a Masters-educated Plaintiff, who testified that she always has attributed her hair loss to Taxotere; that she expected her hair to regrow after chemotherapy; and that she did not investigate her injury during the prescription period. The PSC's Supplemental Memorandum does not change these undisputed facts, and summary judgment in Sanofi's favor is warranted.

First, Mr. Seebol's and Ms. McDermott's testimony is not probative on the issue of Ms. Kahn's knowledge of the connection between Taxotere and her alleged injury. "[T]he mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Therefore, '[i]f the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cortez v. Depuy Orthopaedics, Inc.*, No. CV 15-617, 2016 WL 633665, at *2 (E.D. La. Feb. 17, 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). For example, Mr. Seebol's opportune testimony that Dr. Larned assured Ms. Kahn that her hair would

regrow arguably would be probative *had Ms. Kahn testified to this conversation*.[1] This Court, however, has constructed a framework based on whether the patient – not a patient's family member – was lulled into believing that she had no injury. Because Ms. Kahn did not testify to this conversation, the PSC cannot argue that she relied on this purported assurance.

Second, the PSC also reprises an argument this Court rejected in *Thibodeaux* – namely, that while Ms. Kahn had been warned of the possibility of temporary hair loss, she was never warned of the possibility of permanent hair loss. *See* Rec. Doc. 9550 at 2. Specifically, Mr. Seebol testified that Dr. Kardinal told Ms. Kahn her hair would regrow after chemotherapy. *Id.* But, "[e]ven if the Court disregards the clear definition of PCIA as manifesting six months after treatment," Ms. Kahn "at some point must have grown skeptical of the initial warning she had been given." Ms. Kahn, however, did not investigate during the prescription period. Rec. Doc. 9110 at 7. Nor at any time in the years thereafter. And, Ms. Kahn never relied on any assurance or alternative cause during any of her pre-injury doctors visits. Accordingly, this Court should grant summary judgment in Sanofi's favor.

---

[1] Even assuming this conversation occurred – a tenuous proposition on the record – Dr. Larned's alleged statement is easily distinguished from Dr. Carinder's alleged statement to MDL Plaintiff Barbara Earnest. There, Dr. Carinder allegedly told Ms. Earnest she should give her hair time to regrow. This conversation occurred six months *after* completion of all chemotherapy. Dr. Larned, in contrast, allegedly spoke with Ms. Kahn halfway through chemotherapy:

> A She said something to the nature of, Don't worry. Your hair will come back. And the reason I remember this is because she said the thing about the comb over, which I thought was very odd that she said it.
>
> Q And that conversation occurred after Elizabeth start taking the chemo?
>
> A Yes.
>
> Q So she was mid treatment when that was said?
>
> A As far as I could remember.

Rec. Doc. 9550-1 at 18–19. If anything, Dr. Larned's alleged assurance in the middle of chemotherapy would prompt *more* investigation after chemotherapy, as it was Ms. Kahn's expectation that her hair would regrow.

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Adrienne L. Byard |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | **SHOOK, HARDY& BACON L.L.P.** |
| 400 Poydras Street, Suite 2700 | 2555 Grand Boulevard |
| New Orleans, LA 70130 | Kansas City, Missouri 64108 |
| Telephone: 504-310-2100 | Telephone: 816-474-6550 |
| Facsimile: 504-310-2120 | Facsimile: 816-421-5547 |
| dmoore@irwinllc.com | hratliff@shb.com |
| | abyard@shb.com |

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

3