UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE MILAZZO |
| GENEVA SIMMONS, ET AL., | MAG. JUDGE NORTH |
| Plaintiffs, | |
| vs. | Civil Action No.: 2:17-cv-09337 |
| SANOFI S.A., ET AL., | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

COMES NOW Plaintiff, Geneva Simmons, through undersigned counsel to reply to Sagent Pharmaceuticals, Inc. ("Sagent") and its opposition to Plaintiff's Motion for Leave to Amend her Complaint.

Plaintiff seeks to add Sagent as a defendant in this case because product identification shows that Plaintiff was administered a docetaxel product produced and/or distributed by Sagent. Both Document ID 127271 in MDL Centrality and Exhibit 3 of Sagent's Response in Opposition are Plaintiff's medical records that show NDC numbers of the docetaxel that was administered to Plaintiff. Actavis LLC (f/k/a Actavis Inc.) and Actavis Pharma, Inc. were previously dismissed on Plaintiff's Notice of Partial Dismissal on October 12, 2018, but justice requires that they be renamed as Defendants in this case because Plaintiff has since obtained additional product identification information identifying Sagent as a docetaxel manufacturer in Plaintiff's treatment. *See generally* Plaintiff's Motion for Leave to Amend Complaint and accompanying exhibits. Upon information and belief, and under the allegations put forth in Plaintiffs' Second Amended

Master Long Form Complaint (Doc. 4407), Actavis and Sagent are related entities and are joint tortfeasors in this case (Doc. 4407, pages 19-21).

Pre-Trial Order 37(A) allows a Plaintiff to file a motion to amend a complaint to seek to add any unserved Defendant. CMO 12A encourages plaintiffs to dismiss any and all named Defendants not identified by the Product ID Information and contemplates naming the correct Defendants in the case and its documents (i.e. Short Form Complaint, Plaintiff Fact Sheet). Plaintiff seeks to add Sagent as a Defendant to her Short Form Complaint to reflect the proper docetaxel manufacturer and/or distributor.

Sagent argues that Plaintiff's reasoning that "justice requires the Court's leave to amend in order to name the correct defendants because product identification has been obtained" is inadequate. However, F.R.C.P. 15(a)(2) advises the court to "freely give leave [to amend] when justice so requires." Justice indeed requires that the correct defendants be named in this or any case. Since product identification of a correct Defendant, Sagent, has been obtained, justice requires the court to give leave to Plaintiff to amend her Short Form Complaint.

Sagent alleges that "Plaintiff made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit." *See* Doc. 9942-1, p. 3. In reality, Plaintiff sought and obtained records of her docetaxel usage prior to her filing suit. *See* MDL Centrality Doc. ID 41096 and 41097. CMO 12/12A always contemplated that plaintiffs may obtain other product identification proof. *See* CMO 12A(1). Indeed, while the Order requires dismissal with prejudice using a form document attached to the Order as Exhibit C, the defendants don't admit product identification at that time. Under CMO 12A(6-8), plaintiffs are only afforded a presumption that defendants are allowed to rebut. Therefore, when plaintiffs obtain contrary evidence of different manufacturer involvement, CMO 12A contemplates and requires, and F.R.C.P. 60(b)(6) allows,

amendment of Plaintiff's pleadings in this non-bellwether case to name the appropriate manufacturing defendants. Here, Plaintiff obtained evidence that Sagent, and by extension its affiliates Actavis Pharma and Actavis LLC, were manufacturing defendants from the Administration Statement produced by Plaintiff's cancer treatment facility. *See* Doc. 92423. This is the precise situation that F.R.C.P. 60(b)(6) contemplates to allow plaintiffs relief from an order. Since Plaintiff has obtained the newly discovered evidence of her docetaxel product identification in the Administration Statement, and because CMO 12A requires Plaintiff to amend her pleadings, the Court should grant Plaintiff's Motion for Leave to Amend her Complaint to add Sagent and the Actavis entities.

Plaintiff opposes Sagent's argument that Plaintiff's case is time-barred because it is not ripe for determination at this time. Timeliness is a substantive issue that is not currently ripe for decision. Under PTO 15(i), Sagent may subsequently file defenses or a 12(b) motion. At this time, no facts have been developed in general discovery to warrant Sagent's argument that Plaintiff's claim is time-barred. Ripeness requires the evaluation of both the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration. *Texas v. United States*, 523 U.S. 296, 300-301 (1998) (*quoting Abbott Laboratories v. Gardner*, 387 U.S. 136 149 (1967)). The issue of timeliness is not fit for judicial decision at this time because no facts have been sufficiently developed in general discovery or in this case. Thus, postponing consideration of the timeliness issue permits the parties and this Court to sufficiently develop discovery so that a proper determination can be made. Furthermore, there is no hardship to Defendants in allowing the Court to rule on Plaintiff's Motion for Leave to Amend her Complaint to name the proper defendants in her case.

## CONCLUSION

For the foregoing reasons, Plaintiff opposes Sagent's Response in Opposition to Her Motion for Leave to Amend Her Short Form Complaint and respectfully requests the Court grant her Motion to name Sagent and the Actavis entities as Defendants.

Respectfully submitted on April 20, 2020

By: */s/ Nathan Buttars*
Nathan Buttars
T. Aaron Stringer
**LOWE LAW GROUP**
6028 S. Ridgeline Dr., Ste. 200
Ogden, UT 84405
Telephone: (385) 298-0175
Facsimile: (801) 656-0997
Email: nate@lowelawgroup.com
aaron@lowelawgroup.com
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED: April 20, 2020                              */s/ Nathan Buttars*