UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: Kelly Gahan, Case No. 2:16-cv-15283 | |

### SANOFI'S REPLY IN SUPPORT OF ITS MOTION TO TAX COSTS AGAINST PLAINTIFF KELLY GAHAN

The Fifth Circuit has made clear that under Rule 54(d)(1) there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances—none of which are present here. Plaintiff's Opposition does nothing to overcome this heavy burden. Notably, Plaintiff admits she is liable for the statutorily-authorized docket fee and the deposition transcript expenses incurred by Sanofi. Pl's Opp. at 1. Further, contrary to Plaintiff's unsupported assertions, the costs associated with the copying and collection Plaintiff's medical records are properly taxable under 28 U.S.C. §1920(4). Accordingly, this Court should rightly give effect to this "strong presumption" and grant Sanofi's Motion.[1]

### LEGAL STANDARD

"Unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 enumerates expenses that this Court may tax as a cost under the discretionary authority under Rule 54(d):

(1) Fees of the clerk and marshal;

---

[1] Sanofi withdraws its claim related to the costs it incurred for Dr. Virginia Borges' time in preparing for and participating in a deposition.

>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Fifth Circuit holds that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

## ARGUMENT

Plaintiff cannot overcome the "strong presumption" that Sanofi, as the prevailing party, is entitled to recover its costs. Sanofi's Motion therefore should be granted in its entirety, excepting expert costs.

As discussed, Plaintiff admits she is liable for the docket fee ($20) and the deposition transcript expenses ($8,823.11). Although Plaintiff does not (nor could she) dispute the depositions of Plaintiff and her prescribing oncologist, Dr. Borges, were "necessarily obtained for use in the case," Plaintiff complains that documentation supporting these expenses has not been provided. Pl's Opp. at 3. This is not a basis to deny costs, however. *See, e.g., Johnson v. State of R.I.*, No. 98-266T, 2000 WL 303305, at *13 (D.R.I. Mar. 22, 2000) (observing that federal courts "have discretion to allow unverified costs where it is clear from the nature of the cost that it was necessarily incurred"). Nonetheless, Sanofi attaches as **Exhibit A** invoices supporting the deposition transcript expenses it incurred in this case.

2

Further, Sanofi's claim for costs associated with the copying and collection of Plaintiff's medical records are properly taxable under 28 U.S.C. §1920(4). *See, e.g., Romero v. U.S.*, 865 F. Supp. 585, 595 (E.D. Mo. 1994) (holding costs of copying medical records for use of expert witnesses were necessarily obtained for use in the case and properly taxable under §1920(4)); *Molnar v. Elgin, Joliet and Eastern Ry. Co.*, 697 F. Supp. 306, 311-12 (N.D. Ill. 1988) (finding costs of copying injured railroad employee's medical records were reasonably necessary to the case in order for the attorneys to prepare for depositions and provided evidence of employee's medical condition, and thus properly taxable under §1920(4)).  These costs were clearly "necessarily obtained for use in the case"—the records provided key evidence of Plaintiff's medical condition, cancer and chemotherapy—and Plaintiff does not argue otherwise.  Sanofi attaches as **Exhibit B** invoices supporting the medical records collection costs it incurred in this case.  These costs, thus, should be awarded.

## CONCLUSION

Based on the foregoing, Plaintiff cannot overcome the "strong presumption" that Sanofi, as the prevailing party, is entitled to recover its costs.  Sanofi's Motion thus should be granted in its entirety, excepting expert costs.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

4