UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

           SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Cases listed in Rec. Doc. 9189-2.

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Sanofi submits this Notice of Supplemental Authorities in further support of its Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started After December 11, 2015. Both cases address the burdens for each party under conflict preemption.

In *Gayle v. Pfizer, Inc.*, No. 19-cv-3451, 2020 WL 1685313 (S.D.N.Y. Apr. 7, 2020) (attached as Exhibit A), conflict preemption applied after the plaintiffs failed to plead "newly acquired evidence" necessary to trigger the drug manufacturer's duty to update its label through the CBE process. Plaintiffs asserted that 6,000 adverse event reports ("AERs") sent to FDA by Pfizer constituted "newly acquired evidence." *Id.* at *5. The court rejected this assertion, reasoning that AERs – or analyses based on AERs – did not demonstrate the requisite "reasonable evidence of a causal relationship with a drug" in this case. *Id.*

In *Thomas v. Bracco Diagnostics Inc.*, No. 19-cv-00493, 2020 WL 1016273 (W.D. La. Feb. 27, 2020), *report and recommendation adopted*, No. 19-cv-0493, 2020 WL 1243389 (W.D. La. Mar. 13, 2020) (attached as Exhibit B), conflict preemption applied after the court held that the scientific studies and reports cited in plaintiff's complaint were not "newly acquired evidence." The studies cited showed no new risk of the chemical at issue, gadolinium; instead, they merely discussed "how gadolinium can be retained, but [did] not demonstrate proof of any adverse effects from gadolinium retention." *Id.* at *10. Accordingly, the cited studies did not trigger the

manufacturer's duty to update its label through the CBE process.  The court also held that the manufacturer produced "clear evidence" that FDA would not have approved the warning proposed by plaintiff.  *Id.*  Specifically, FDA considered the exact risk plaintiff identified and instead approved a different warning.  To constitute "clear evidence" then, *Thomas* holds that the manufacturer need not request the label change.

In this MDL, Plaintiffs have and continue to file new lawsuits with post-2015 treatment dates.  These lawsuits – alleging Sanofi's purported failure to warn after 2015 – come weeks after Sanofi filed its post-2015 Motion and years after this MDL began.  If the Court enters an order granting Sanofi's Motion, Sanofi will seek dismissal of any newly filed cases subject to such order, as necessary.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*