UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br><br>*Yvonne Holt*<br>*Case No. 2:17-cv-12971* | |

**Plaintiff's Reply Memorandum in Support of Her Motion for Leave to File an Amended Short Form Complaint**

Plaintiff, Yvonne Holt, by and through her attorneys, respectfully files this Reply Memorandum in Support of Her Motion for Leave to File an Amended Short Form Complaint (Dkt. 9686):

**I. Neither Louisiana's Choice of Law Rules Nor Its Statute of Limitations Apply to Ms. Holt's Claims Against Sagent (or Any Other Defendant in Her Case).**

It is well established that an MDL court applies the law of the transferor state and not the law of the state in which the MDL court sits—even for cases directly filed into an MDL. *See Wahl v. Gen. Elec. Co.*, 983 F. Supp. 2d 937, 943 (M.D. Tenn. 2013), *aff'd*, 786 F.3d 491 (6th Cir. 2015) (citing:

- *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–2100–DRH–PMF, 2011 WL 1375011 (S.D. Ill. Apr. 12,

1

2011) ("[T]he better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated," which is "the state where the plaintiff purchased and was prescribed the subject drug. Thus, for a foreign direct filed member action involving a plaintiff that purchases and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.");

- *In re Avandia Mktg, Sales Practices & Prods. Liab. Litig.*, No. 07–MD–01871, 2012 WL 3205620, at *2 (E.D.Pa. Aug. 7, 2010) ("The Court has concluded, as have other MDL courts, that such cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia. This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those Plaintiffs who filed directly in the MDL.");

- *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp.2d 885, 888, 2013 WL 4564927, at *2 (N.D.Ill. Aug. 27, 2013) ("[U]nlike the usual case filed in this district, the present case has no connection with Illinois other than the fortuity that the JPML authorized an MDL proceeding to take place here, supervised by the undersigned judge. Illinois is essentially an artificial forum created for purposes of convenience and efficiency. That is doubly true for the present case, which was filed here only by virtue of a court-approved direct-filing procedure whose sole purpose was to maximize convenience and

save the parties' and judicial resources. Given the circumstances, it would not make a great deal of sense to apply Illinois law in this case, or even Illinois' choice of law rules. Indeed, the prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including the choice of law rules) that applies is the law of the state where the case originated.");

- *In re Bausch & Lomb Inc. Contacts Lens Solution Prods. Liab. Litig.*, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007) ("[I]t would be an odd result to subject plaintiffs to [the law of the MDL forum] simply because they took advantage of the direct filing procedure-a procedure that provides benefits to all parties and preserves judicial resources.")).

In fact, Sagent cites only one case for the proposition that this Court is bound to apply Louisiana law to Ms. Holt's claims simply because she direct-filed into this MDL Court which happens to sit in Louisiana: *In re Vioxx Prods. Liab. Litig.,* 478 F. Supp. 2d 897 (E.D. La. 2007). But whatever persuasiveness that case may have had falls apart when read in light of this Court's direct-filing order in this MDL.

This Court entered a direct filing order governing the procedure and process for filing a case directly into the MDL transferee court. (Pretrial Order No. 5, Dkt 131.) This order relieves the plaintiff of the procedural burden of filing her case in the home transferor court and then subsequently waiting for her case to be transferred to this MDL transferee court. (PTO 5, ¶ II.A.) The explicit purpose of the order is "to promote judicial efficiency, and avoid the delays associated with

awaiting transfer." (PTO 5, ¶ II.A.) Each directly filed case is consolidated into this MDL transferee Court for pretrial proceedings only. (PTO 5, ¶ II.D.)

Critical to the direct filing order is its choice of law provision, which explicitly states that direct filing into this MDL transferee Court has *no impact* on choice of law analysis applicable to the plaintiff's case:

> H.  Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

(PTO 5, ¶ H.)

The inclusion of this provision in this MDL transferee Court's direct filing order is critical when analyzing how—or more fundamentally *whether*—*In re Vioxx* has any persuasive authority in this matter. The simple answer is that *In re Vioxx* has no bearing on this question in this case. Critical to Judge Fallon's analysis in the *In re Vioxx* order regarding whether the MDL transferee court's or home transferor court's choice of law rules apply for direct filed cases is the absence of an order or stipulation that addresses which forum's choice of law rule applies. 478 F. Supp. 2d 897, 904, 904 n.2. Indeed, Judge Fallon suggested the use of such a provision to address and clarify the choice of law issue for direct-filed cases in future MDLs. *Id.* at 904 n.2 ("Perhaps the answer lies in a stipulation which addresses and clarifies these issues.")

In fact, in a subsequent MDL, Judge Fallon even acknowledged the effect of a direct filing order preserving the choice of law in favor of a direct-filed plaintiff's

4

home state has on an MDL transferee court's choice of law analysis: the plaintiff's home state's law applies and the MDL transferee court's does not. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). *In re Vioxx* just does not apply here. Thus, even though Ms. Holt directly filed into this MDL transferee court, her case is to be treated as though it were filed in her home district (the Southern District of West Virginia) and West Virginia's law applies.

Louisiana simply has no connection to Ms. Holt's claims against Sagent and its laws cannot apply to prevent Ms. Holt from having her day in court against Sagent and the other remaining defendants. Even though Sagent did not address the existence or import of this Court's direct-filing Order in its response brief, it is a critical factor in deciding this issue. Ms. Holt direct-filed into this MDL, her "transferor" state is West Virginia, and therefore West Virginia law should apply to determine the statute of limitations applicable to her claims against Sagent. The substantial weight of authority and this Court's direct-filing Order agree with this conclusion.

## II. Even if Louisiana's Statute of Limitations Does Apply, *Contra Non Valentem* Preserves Ms. Holt's Claims Against Sagent.

Louisiana's statute of limitations does not apply to Ms. Holt's claims. But even if it did, *contra non valentem* applies to preserve her claims against Sagent. The bar for when *contra non valentem* applies to exempt a plaintiff's claims from the application of Louisiana's statute of limitations is not as high as Sagent contends. *Contra non valentem* suspends "the running of prescription until such

time as the plaintiff knew or reasonably should have known that his or her damages were the fault of the defendant's negligent act." *Crochet v. Bristol-Myers Squibb Co.,* No. 19-30026 (5th Cir. March 13, 2020) *(unpublished)* (quoting *Carter v. Haygood*, 04-0646 (La. 01/19/05), 892 So. 2d 1261, 1268).

This standard is very similar to West Virginia's discovery rule. As Ms. Holt set out in her opening brief—West Virginia's discovery rule tolls the limitations period until a plaintiff knows or should know by exercise of reasonable diligence the identity of a potentially at fault person or entity (among other things). *See Gaither v. City Hosp. Inc.*, 487 S.E.2nd 901 (W. Va. 1997).

And as Ms. Holt set forth in detail in her opening brief, she did not know nor could she have known that Sagent had any role designing, manufacturing, labeling, or distributing the Taxotere that was administered to her or was otherwise at fault for her significant damages until September of 2019. In the event Louisiana law does apply to Ms. Holt's claims against Sagent, *contra non valentem* operated to exempt those claims from the application of Louisiana's statute of limitations until September 2019. Her motion to amend her complaint to add Sagent is well within Louisiana's limitations period.

### III. The Application of a State's Statute of Limitations to a Plaintiff's Claims is a Fact Question to be Decided by a Jury After the Litigation Has Appropriately Matured.

Federal courts sitting in diversity will consider the transferor state's provisions regarding the adjudication of a plaintiff's claims on timeliness issues. *See, e.g., In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 910 (E.D. La. 2007)

(citing Tennessee law). In West Virginia, adjudication of whether a statute of limitations—and specifically the discovery rule—applies to bar a plaintiff's claims is a fact question for the jury. *Evans v. United Bank, Inc.*, 235 W. Va. 619, 775 S.E.2d 500, 501 (2015) (holding that the resolution of whether a cause of action is time-barred "generally involve questions of material fact that will need to be resolved by the trier of fact."). It is not appropriate to adjudicate the question of whether any state's statute of limitations acts to bar Ms. Holt's claims in this setting–that question is for the jury to decide.

Further, adjudication of a statute of limitations question is premature in this case. As this Court has repeatedly acknowledged in the FEMA MDL, the Vioxx MDL, and again in this MDL, the question of claim prescription turns on the individual facts of each plaintiff's claim, which should not be answered until the plaintiff's litigation has matured through complete discovery. *See In re FEMA Trailer Formaldehyde Prods. Liab. Lit.*, No. 07-1873, 2012 WL 1580761, at * 2 (E.D. La. May 4, 2012); *In re Vioxx Prods. Liab. Litig.*, 522 F.Supp. 2d 799, 801 (E.D.La. 2007); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. MDL 2740, Dkt. 1034 (E.D. La. Oct. 26, 2017) (order declining to address Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc.'s motion to dismiss based on a statute of limitations as premature where individual plaintiffs had not yet been subject to complete discovery).

Sagent has not been subject to discovery in this MDL. Ms. Holt has not been subject to complete discovery. The adjudication of whether the statute of

limitations applies to bar her claims is therefore premature.

## Conclusion

In the interests of justice, Ms. Holt respectfully asks this Court to grant her motion to amend her complaint to add Sagent as a named defendant in this action.

Respectfully submitted this 2nd day of April, 2020.

**ROBINS KAPLAN LLP**

*/s/ Jason L. DePauw*
Jason L. DePauw (MN Bar #0392150)
Munir R. Meghjee (MN Bar #0301437)
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
jdepauw@robinskaplan.com
mmeghjee@robinskaplan.com

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on this 2nd Day of April, 2020, the foregoing the document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operating of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2740.

*/s/ Jason L. DePauw*
Jason L. DePauw