UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Vivian Crenshaw, et al.*, Case No. 17-14012 | |

### MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

**I.  PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on December 1, 2017.  *See* Complaint in Member Action No. 2:17-cv-14012-JTM-MBN (Doc. 1).  Plaintiff's Short Form Complaint named one defendant:  Sanofi-Aventis U.S. LLC.  Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. ("Sagent"), Actavis LLC f/k/a Actavis LLC ("Actavis LLC"), and Actavis Pharma, Inc. ("Actavis Pharma") (collectively "Defendants").  Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ."  PTO 37A.  PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed."  *Id.*  On March 9, 2020, plaintiff's counsel contacted the undersigned counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.  On March 23, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the

case is time-barred as a matter of law as to Defendants. (*See* E-mail thread between plaintiff's counsel, Jonathan Mencel, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On March 27, 2020, plaintiff filed *Plaintiff's Second Amended Opposed Motion for Leave to File And Amend Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 9809).[1] Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Defendants.[2]

## II.   LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff states that she is entitled to relief because she obtained "medical records" that show Defendants (along with Sanofi-Aventis U.S. LLC) "should be named as the Defendants in Plaintiff's Complaint." (Plaintiff's Motion, p. 1.) Plaintiff does not identify what "medical records" she obtained that necessitate amendment of her Complaint. (*See generally, id.*) Further, plaintiff made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit. Instead, she checked the box for one defendant, Sanofi-Aventis U.S. LLC, on the Short Form Complaint. Only after her complaint was filed did plaintiff seek to investigate which docetaxel she received. It was only then that plaintiff claims she learned through "medical records" that Defendants were proper parties, necessitating amendment of her Short Form Complaint. But Plaintiff's Motion makes no attempt to support her claim that she seeks leave to amend in order to name the correct defendants because product identification has been obtained. Nor does Plaintiff's Motion attempt to rebut Defendants' grounds for refusing to consent; namely,

---

[1] Plaintiff initially filed her motion on March 24, 2020, but inadvertently stated that plaintiff's motion was unopposed by Defendants. (*See* Doc. 9766).
[2] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

2

that the case is clearly time-barred. But even if Plaintiff's Motion did attempt to justify the relief it is seeking, as opposed to simply asserting that it is entitled to such relief, the proposed Amended Short Form Complaint would be futile, because plaintiff's case against Defendants is time-barred.

### A.  LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Southern District of Alabama). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Alabama's choice-of-law rules shall apply. Under Alabama choice-of-law

3

provisions, Alabama's statute of limitations will apply in this matter. *Randolph v. Tennessee Valley Auth.*, 792 F. Supp. 1221, 1222 (N.D. Ala. 1992); *Penaloza v. Drummond Co., Inc.*, 384 F. Supp. 3d 1328, 1351 (N.D. Ala. 2019). Plaintiff's negligence and product liability claims are governed by that state's two-year statute of limitations codified in Ala. Code § 6-2-38. *See e.g., Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 112 (Ala. 2003).

Under Alabama's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Defendants almost five years after her alleged injury. Moreover, it cannot be disputed that plaintiff was aware she believed that she had an injury caused by docetaxel, because she now seeks to assert a claim against Defendants more than two years after she filed her original complaint. Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

**B.   THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on December 1, 2017. The proposed Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on November 5, 2014. (*See Proposed Amended Short Form Complaint* (Master Docket, Doc. 9809-2, ¶ 10.) The proposed Amended Short Form Complaint also incorporates by reference the First Amended Master Long Form Complaint and Jury Demand filed in this case on July 25, 2017. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 9809-2, p. 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for

4

Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than six months after her completion of chemotherapy, or by May 5, 2015. Plaintiff, however, did not file this lawsuit until December 1, 2017, more than two-and-a-half-years after the latest date her injury could have occurred.

As discussed above, plaintiff claims she currently resides in, and her injuries occurred in, Alabama, which employs a two-year statute of limitations. *See* Ala. Code § 6-2-38. Therefore, under Alabama's two-year statute of limitations, this lawsuit was untimely on its face when it was filed originally. Now, nearly five years after the latest date on which plaintiff's injury could have occurred, she seeks leave to file an Amended Short Form Complaint, asserting claims against Defendants for the first time.

In addition, based on the information posted to MDL Centrality by plaintiff's counsel,[3] there can be no dispute in this case that plaintiff had knowledge more than two years ago that Sagent-labeled docetaxel apparently was used in her chemotherapy. The product ID evidence plaintiff posted to MDL Centrality, a copy of which is attached hereto as Exhibit 2, consists of plaintiff's medical records. Those records identify Sagent NDC numbers (25021-0222-04) for four of the six of her docetaxel treatments. All plaintiff needed to do to discover the identity of the allegedly proper defendant was to retrieve and look at her medical records.[4] The very same medical records (Ex. 2), which contain the Sagent NDC numbers, also were posted by plaintiff's counsel to MDL Centrality under the "Proof of Use – Medical Records" heading on **February 24,**

---

[3] Rule 201(b)(2) of the Federal Rules of Evidence permits the Court to take judicial notice of the medical records posted to MDL Centrality by plaintiff's counsel in this case for the purpose of determining the dates on which those records were posted.

[4] Defendants note that the fax transmittal date on the side of plaintiff's medical records posted to MDL Centrality is July 20, 2017. So, it is reasonable to assume that those records were actually in plaintiff's possession by that date.

5

**2018**. *See Screen Shot from MDL Centrality Page for Vivian Crenshaw*, Plaintiff Documents Tab, Doc. ID 98249, attached hereto as Exhibit 3. So, there can be no conceivable factual dispute that plaintiff had actual knowledge Sagent was a potential defendant in this case by February 24, 2018. Though it is not the legal test for timeliness under the law, even using that date as the date on which her cause of action accrued against Sagent does not save her time-barred claim.

None of the "medical records" posted to MDL Centrality, reflect NDC numbers for any docetaxel product associated with either Actavis LLC or Actavis Pharma,[5] yet plaintiff states she requires leave to add Actavis LLC and Actavis Pharma based on those "medical records." But because those records show that plaintiff's claims are time-barred as to Sagent, the same logic applies to Actavis LLC and Actavis Pharma: plaintiff's proposed claims as to Actavis LLC and Actavis Pharma also are time-barred.

Finally, plaintiff is unable to rely on any "discovery rule" to help save her time-barred claims as to Defendants. Alabama's statute of limitations "begins to run from the time the plaintiff's cause of action accrues, and there is no 'discovery rule' that would toll the running of the statute of limitations from the time the cause of action was 'discovered' by the plaintiff." *Singer Asset Fin. Co., L.L.C. v. Connecticut Gen. Life Ins. Co.*, 975 So. 2d 375, 382 (Ala. Ct. App. 2007); *see also, Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993); *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prod. Liab. Litig.*, No. 1:17-MD-2775, 2018 WL 6067505, *14 (D. Md. Nov. 19, 2018).

### III.   CONCLUSION

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., respectfully request the Court deny Plaintiff's Motion for

---

[5] The NDC numbers associated with plaintiff's other two docetaxel treatments (00955-1021-04) identify Sanofi U.S. LLC, who already is a defendant.

Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc., as defendants. Such a complaint would be futile, because the newly added claims against Defendants would be subject to dismissal on statute of limitation grounds.

Dated: April 28, 2020.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

      /s/ Michael J. Suffern