UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                                              SECTION "H" (5)

THIS DOCUMENT RELATES TO
Kahn v. Sanofi-Aventis, et al, Case No. 2:16-cv-17039

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION**

MAY IT PLEASE THE COURT:

Just as no good deed goes unpunished, no good order goes unchallenged—or so Sanofi would have it. Sanofi asks this Court to reconsider its Order (Rec. Doc. 9885) denying Sanofi's Motion for Summary Judgment Based on the Statute of Limitations (Rec. Doc. 9295) for two reasons. First, Sanofi claims Plaintiff Kahn did not rely on the statements made by her gynecologist, Dr. Margert Roberie, concerning lack of hair re-growth. Second, Sanofi insists that the inquiry that Plaintiff Kahn made to Dr. Roberie occurred before Plaintiff Kahn suffered her injury.

None of this is new or worthy of reconsideration, as Sanofi identifies no error in the Court's order but merely continues to disagree with the outcome. As fully argued in Plaintiff Kahn's original briefing in response to Sanofi's motion for summary judgment, she experienced a permanent lack of hair re-growth following cytotoxic chemotherapy, she made multiple inquiries to her physicians about the failure of her hair to re-grow within one year and six months of completion of her cytotoxic chemotherapy with Taxotere, and she reasonably relied on the information provided by her physicians in response to her investigation and held out hope that her hair would fully regrow. The Court correctly found that there is an issue of fact on whether the

1

doctrine of *contra non valentem* applies to toll prescription. As such, reconsideration of the Court's ruling is not warranted, and Sanofi's Motion for Reconsideration should be denied.

## ARGUMENT

**I.      The Court's reconsideration of its ruling is unwarranted.**

Although Rule 54(b) of the Federal Rules of Civil Procedure provides a court with broad discretion to revisit an interlocutory order, *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017), "this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012) (citations omitted).

Consistent with that approach, this Court refused to reconsider its rulings in the *Johnson* and *Francis* cases on statute of limitations and *contra non valentem* because reiteration of original briefing "is not a proper argument for a Rule 59(e) motion." (Rec. Doc. 9115). The Court should likewise deny reconsideration here, even under Rule 54(b)'s more relaxed standard, because Sanofi does nothing more than attempt to rehash arguments that the parties thoroughly briefed and the Court duly considered.

Indeed, Sanofi simply realleges that the doctrine of *contra non valentem* does not apply to Plaintiff Kahn's claims because she failed to take reasonable steps to investigate the source of her injury after her injury occurred but before the prescriptive period had run and she did not rely on the statements her physicians made as result of her inquiries. The Court detailed these arguments in the same ruling (Rec. Doc. 9885) that Sanofi now asks the Court to reconsider:

> Defendants also argue that contra non valentem does not apply because Plaintiff failed to investigate her claim. They note that although Kahn talked to her oncologist, Dr. Zoe Larned, about her hair thinning, she never asked him about the cause of it. Defendants argue that a Plaintiff should not be able to toll prescription simply because she told her doctor about changes in her hair. Defendants

> further argue that any conversations Kahn had with doctors during her chemotherapy treatment, before her injury was realized, should not serve to toll prescription. Kahn testified that around April 2009 she asked her gynecologist, Dr. Margaret Roberie, about her hair thinning. Dr. Roberie told Kahn that her age could be causing her hair loss. Defendants aver, however, that this inquiry has no bearing on the contra non valentem analysis because Kahn's injury had not yet manifested itself. According to Defendants, Plaintiff Kahn has not shown reliance as required by contra non valentem.

As such, reconsideration is not appropriate.

## II. The Court correctly found an issue of fact as to whether Plaintiff Kahn acted reasonably to discover the cause of her permanent hair loss.

On the issue of whether Plaintiff Kahn acted reasonably to discover the cause of her permanent hair loss, Sanofi merely disagrees with the Court's ruling and its assessment of the underlying record, which evinces a dispute of material fact. Sanofi's slanted reading of the record, however, is no reason to revisit this Court's considered order. Sanofi can identify no legal error because there is none, and in fact the Fifth Circuit's recent ruling in *Crochet v. Bristol-Myers Squibb Co.*, No. 19-30026, 2020 WL 1242521 (5th Cir. Mar. 13, 2020) (per curiam), fully supports this Court's order.

As Plaintiff Kahn has already explained, she made reasonable inquires to three physicians, but was not on notice that she had suffered permanent hair loss caused by Taxotere until she learned about a lawyer advertisement in late 2016. The conversation between Plaintiff Kahn and her gynecologist, Dr. Roberie, as cited by the Court, is just one example of the information provided to Plaintiff Kahn in response to her inquires. Moreover, Defendants' interpretation of Plaintiff Kahn's deposition testimony concerning her reliance on the alternative cause offered by Dr. Roberie is not undisputed. Rather, the parties' conflicting interpretations of the deposition testimony support a triable issue of fact.

That conclusion is consistent with *Crochet*, which Plaintiffs cited before this Court ruled. In that case, the Fifth Circuit reversed the district court's grant of summary judgment based on prescription finding that a genuine issue of fact was presented as to whether *contra non valentem* preserved the plaintiff's failure to warn products liability claim. The Fifth Circuit stated that "[*c*]*ontra non valentem* would save even this otherwise time-barred claim if and for as long as it was reasonable for [the plaintiff] to remain unaware of the connection between those damages and [the pharmaceutical drug.]." 2020 WL 1242521, at *3. Just as in *Crochet*, and as this Court has already determined, it is proper for a jury to evaluate whether Plaintiff Kahn made reasonable inquiries to her physicians such that *contra non valentem* is applicable. *Id*. at *5.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration should be denied.

Dated: April 28, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
Jessica A. Perez (#34024)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Attorneys for Plaintiff*

**FOR THE PLAINTIFFS' STEERING COMMITTEE**

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                        */s/ M. Palmer Lambert*
                                                        M. PALMER LAMBERT