UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                        SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039.

DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION

The Court should grant Sanofi's Motion, which identifies sufficient grounds for reconsideration on *contra non valentem* based on the substance and the timing of Ms. Kahn's conversation with Dr. Roberie.  The Opposition also supports reconsideration – faced with Ms. Kahn's uncontroverted testimony and medical records, it side steps both of Sanofi's arguments.

First, it is undisputed that Ms. Kahn viewed "hair balding" and "hair thinning" as separate concepts, and that Dr. Roberie addressed only potential causes of "hair thinning" (rather than Ms. Kahn's alleged injury, "hair balding").  Far from a "slanted reading of the record," Ms. Kahn's consistent testimony requires no interpretation.  Ms. Kahn heard nothing in that conversation about "hair balding," and she did not then (and cannot now) rely on that conversation to invoke *contra non valentem*:

- Ms. Kahn asserted that her injury is hair balding, not hair thinning. Ex. S, Dec. 7, 2017 Kahn Dep. 272:3–4.

- Ms. Kahn's specific question to Dr. Roberie concerned her hair balding. Ex. B, Dec. 7, 2017 Kahn Dep. 257:14–258:5.

- Ms. Kahn "dropped" her question when Dr. Roberie suggested age may be a cause.  *Id.*

- Ms. Kahn "dropped" her question because Dr. Roberie "didn't explain hair balding.  She talked about hair thinning.  As I said, I think those are two different things."  Ex. S, Dec. 7, 2017 Kahn Dep. 273:20–24.

- ▪ Ms. Kahn unambiguously stated that Dr. Roberie "didn't answer my question."  *Id.* at 274:20.

- ▪ Despite what Dr. Roberie told her, Ms. Kahn affirmed that did not even think other alternative causes, such as menopause, caused her injury.  *Id.* at 276:6–21.

On this record, it is undisputed that Dr. Roberie told Ms. Kahn nothing about potential causes of her "hair balding," the specific injury Ms. Kahn alleges.  Absent such information, there is no triable issue on whether Ms. Kahn reasonably *relied* on Dr. Roberie's statements, since Ms. Kahn did not believe those statements related to her alleged injury, hair balding.  *See* Rec. Doc. 9946-1 (collecting Orders in this MDL finding reliance necessary to invoke *contra non valentem*).

Second, reconsideration is appropriate because Ms. Kahn met with Dr. Roberie before her injury manifested.  Save for a passing reference to this Court's Order, the Opposition fails to address Sanofi's argument.  And for good reason.  Ms. Kahn completed her pre-surgery chemotherapy regimen on October 23, 2008.  Rec. Doc. 9295-1 at 2.  Ms. Kahn and Dr. Roberie met on April 6, 2009.  Rec. Doc. 9295-2 at 11 n.6.  Because Ms. Kahn alleges that she suffered her injury six months after chemotherapy, her meeting with Dr. Roberie occurred weeks before her injury manifested.

Both points warrant reconsideration.  Under Rule 54(b), the court "is free to reconsider its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks and citation omitted).  The Opposition's arguments to the contrary cannot change this conclusion.  For example, the Court's Order on Reconsideration in the *Johnson* and *Francis* matters, which applied a heightened standard of review under Rule 59(e), has no bearing on Sanofi's present Motion.  Nor does *Crochet v. Bristol-Myers Squibb Co.* alter the Court's analysis.  No. 19-30026, 2020 WL 1242521 (5th Cir. Mar. 13, 2020).  As

previously detailed, Ms. Kahn, unlike the plaintiff in *Crochet*, has always attributed her injury (hair loss) to the drug (in Ms. Kahn's case, Taxotere specifically).[1]   Despite making this connection, Ms. Kahn waited more than six years after suffering her alleged injury to file suit.

## **CONCLUSION**

Meeting with a doctor is not enough for a plaintiff to create a genuine issue of material fact under the doctrine of *contra non valentem*.  This Court instead has recognized that a doctor must lull a plaintiff into believing either no injury exists or something other than chemotherapy caused the injury.  Ms. Kahn was not lulled by Dr. Roberie or any other doctor.  Ms. Kahn, in fact, met with Dr. Roberie before her injury manifested, and she did not hear anything during that conversation about hair balding.  On these undisputed facts, Sanofi requests that the Court grant this Motion to Reconsider and enter summary judgment in Sanofi's favor.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

---

[1] Sanofi addressed *Crochet* in detail after the PSC filed its Notice of Supplemental Authority in Ms. Kahn's case.  *See generally* Rec. Doc. 9549-2.

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S., LLC and
Sanofi U.S. Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2020, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*