UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Elizabeth Kahn, No. 16-cv-17039 | ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration (Doc. 9946). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second is set for October 19, 2020.

In its Order and Reasons dated April 7, 2020 (Doc. 9885), the Court denied Sanofi's Motion for Summary Judgment against Plaintiff Elizabeth Kahn. The Court held that there is an issue of fact on whether contra non valentem applies to toll prescription for Plaintiff Kahn. The Court discussed a

---

[1] Docetaxel is the generic version of Taxotere.

certain conversation that Kahn had with her gynecologist, who told Kahn that her hair loss might be due to age rather than her chemotherapy.

In the instant Motion, Sanofi asks the Court to reconsider its ruling. Sanofi argues that Kahn did not rely on the conversation with her gynecologist but instead rejected the idea that her age might have caused her hair loss. Sanofi further argues that the conversation between Kahn and her gynecologist occurred before Kahn's injury was realized. For these reasons, Sanofi avers that contra non valentem is inapplicable.

## **LEGAL STANDARD**

A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[2] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[3] Rule 54(b), however, does not give the Court unlimited power to consider new arguments.[4] "Any position is supportable by boundless arguments," but "[j]udicial economy counsels against reconsidering an issue each time someone presents a new argument."[5] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[6]

---

[2] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).
[3] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[4] Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 480 (M.D. La. 2002).
[5] *Id.* at 481.
[6] Hightower v. Group 1 Automotive, Inc., 2016 WL 3430569, at *3 (E.D. La. June 22, 2016).

## LAW AND ANALYSIS

Sanofi argues that contra non valentem is inapplicable here because Kahn has not shown reliance as required by the doctrine of contra non valentem. Sanofi points to certain deposition testimony from Kahn that the Court discussed in its original Order and Reasons:

> Q: Have you ever asked any health care provider why they thought your hair is thinner than it was before chemotherapy?
>
> A: I talked once to my gynecologist, and her comments were back -- her comment to me was, Well, as you age, your hair gets thinner.
>
> Q: And which gynecologist was this?
>
> A: Dr. Roberie.
>
> Q: So have you considered whether the current condition of your hair is affected by the aging process?
>
> A: I was 50 at the time, and most 50-year-old's hair do not thin. You know, 80, maybe, but not 50. So when she told me that, I was a little taken aback, but -- so I dropped it.[7]

Sanofi avers that Kahn "dropped" the question because she did not believe Dr. Roberie's explanation applied to her. Sanofi argues that Kahn's testimony is clear—she did not rely on what Dr. Roberie said about a link between age and hair thinning.

Sanofi's interpretation of Kahn's testimony is certainly reasonable, but it is not the only reasonable interpretation.[8] Ultimately, the interpretation of

---

[7] Doc. 9418-17 (Ex. P) (pp. 257–58 of deposition).

[8] *See* Crochet v. Bristol-Myers Squibb Co., 2020 WL 1242521, at *3 (5th Cir. 2020) (reversing district court grant of summary judgment and finding issue of fact on contra non valentem) ("The court's interpretation of this passage — that Crochet connected his mouth movements

Kahn's testimony is a question of fact for the jury. A jury must assess the degree to which Kahn reasonably relied on what her doctors told her about the possible causes of her permanent hair loss. As the Court made clear in its Order and Reasons, the evidence shows that Kahn had conversations with her doctors about her injury. Kahn investigated her injury to some extent. Thus, there is an issue of fact on whether these conversations are sufficient to invoke contra non valentem and toll prescription.

Next, Sanofi argues again that Kahn's injury had not yet been realized when she spoke with her gynecologist about her hair loss. Sanofi avers that, at the time of her conversation with Dr. Roberie, Kahn's hair loss could not yet be deemed "permanent." Kahn has defined permanent hair loss as hair loss existing six months after chemotherapy. Using this definition, Sanofi avers that Kahn spoke to Dr. Roberie weeks before her injury was realized. The Court rejects this argument. Even if Kahn spoke to doctors when her injury was only partially realized, a jury could find that Kahn reasonably relied on these conversations to determine the cause of her injury.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration (Doc. 9946) is **DENIED**.

New Orleans, Louisiana this 13th day of May, 2020.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

to Abilify almost immediately after he began experiencing those symptoms — is certainly reasonable. But it is not the only reasonable interpretation. Equally plausible is that Crochet's answer was insight that came only with the benefit of hindsight.").