**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION: H |
| This Document Relates To: | JUDGE MILAZZO |
| *All Cases* | MAG. JUDGE NORTH |

**PLAINTIFFS' OBJECTIONS TO PRETRIAL ORDER NO. 105**

Plaintiffs, through the Plaintiffs' Steering Committee, respectfully submit objections to the Pretrial Order (PTO) No. 105. Rec. Doc. 10338.

As the Court knows, Plaintiffs sought leave to amend the Second Amended Master Long Form complaint in part to allege:

> There is no single definition for Permanent Chemotherapy Induced Alopecia and the amount of time to establish permanent hair loss varies from patient to patient, including among Plaintiffs. The scientific literature has variously referred to Permanent Chemotherapy Induced Alopecia as occurring between twelve to twenty-four months following chemotherapy treatment. Some literature has indicated that hair loss can be deemed "persistent" six months beyond the completion of chemotherapy.

Proposed Third Amended Master Long Form Complaint ¶ 194, Rec. Doc. 8334-2. The Court denied that request. Order of December 12, 2019, Rec. Doc. 8702.[1] Subsequently, in PTO 105, the Court (among other things) permitted Plaintiffs to amend short-form complaints "to add factual allegations regarding particularized facts individual and specific to each Plaintiff's

---

[1] On the same day, the Court issued an Order denying in part a motion for leave to amend filed by three bellwether plaintiffs on prejudice grounds considering the plaintiffs had already given deposition testimony.

1

medical care and treatment and/or that Plaintiff's communications with medical professionals." Rec. Doc. 10338, at 1.

The parties disagree regarding the scope of permissible amendments.[2] Plaintiffs do not read this Court's order to bar case-specific allegations, including those pertinent to the injury experienced, which are *particular* to that Plaintiff. Quite the opposite, PTO 105 expressly contemplates such allegations. PTO 15, at 1. Any interpretation of this language which would restrict Plaintiffs' ability to allege such particularized facts is contrary to law given that leave to amend should be freely permitted where, as here, such allegations do not add any new parties or causes of action, but merely provide more specific allegations supporting the same theories of recovery of which Defendants already are aware. The Court is thus correct to allow amendments pursuant to PTO 105 to add particularized facts individual and specific to each Plaintiff's treatment because such an amendment in no way unfairly surprises or prejudices Defendants, would not be in bad faith, and is timely given that such cases are still at the pleadings/pre-deposition stage. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (recognizing Rule 15 liberally allows amendments in such circumstances). In fact, such amendments are contemplated by the language of both the order and the exemplar short form complaint, and are particularly appropriate because any assessment of a plaintiffs' statute of limitations issue is inherently individualized and is appropriate only after a development of a full record. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 25292, 2012 WL 1580761, at *2 (E.D. La. May 4, 2012). Here, none of the non-bellwether plaintiffs have had that opportunity, and it would be highly prejudicial to deny them even the opportunity to allege particularized

---

[2] The parties submitted competing proposed orders on January 28, 2020, and the Court provided the parties with its ruling in the form of a draft order on March 18, 2020.  In discussions with the defendants after receipt of the Court's adjudicated version of the disputed proposals for this order, the parties came to a disagreement on interpretation of paragraph 2 of the order and brought this disagreement to the Court's attention.

facts related to their medical care and treatment, which are relevant to analysis of the specific state law applicable to their claims. PTO 105 thus appropriately allows individual Plaintiffs to add allegations about their medical care and treatment, and communications with medical professionals, that reflect *their* experiences.

Defendants nevertheless intend to challenge any "particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals" (PTO 105) which (in their view) could be read as suggesting that a particular Plaintiff may not have experienced an injury at an exact date in time and/or may not have been aware, until well after six months beyond completion of chemotherapy involving multiple drugs, that Taxotere caused her injury. Those forthcoming oppositions and/or motions to strike are inappropriate, because they necessarily render illusory any ability under PTO 105 to allege particularized facts about medical care and treatment.

The Court should not permit Defendants to undermine Plaintiffs' right to allege particularized facts as permitted by PTO 105. Doing so would inappropriately treat the statute of limitations as common issue. That is contrary to established law, including in this District. Limitations issues "are not common issues, but rather turn on the individual facts of each plaintiff's claim," which is why "the question of prescription (limitation) [should] be litigated, if at all, in the transferee Court, who will likely 'apply whatever law it would have applied had the action been properly commenced there.'" *In re FEMA Trailer*, 2012 WL 1580761, at *2.

Defendants' insistence that each amendment will be met with an opposition or a motion to strike would require a second analysis of whether leave to amend is appropriate[3] and effectively is an end run around this Court's longstanding position that it will *not* entertain

---

[3] Paragraph 3 of the Order was part of Defendants' proposal and was added over Plaintiffs' objection.  Plaintiffs' believed leave should be granted by the order in order to efficiently allow for the amendment of a complaint in an MDL that contains over 12,000 non-bellwether cases in which no depositions have been taken.

dispositive motions on statute of limitations issues in non-bellwether cases. The Court has declined to entertain such requests for the same reasons articulated in *In re FEMA Trailer*: that such legal issues are not susceptible to common adjudication because, for each Plaintiff, the Court would need to consider an individualized factual record in order to "decide the multiple questions inherent in the limitations issue as to each of the individual movants, including the question of which state's choice-of-law rules apply, which state's limitations period applies to the individual plaintiff, when the limitations period began to run . . . [,] [and] the applicability or not of contra non valentem or other equitable tolling[.]" *Id*. at *2.

Defendants' forthcoming oppositions/motions are a wolf in sheep's clothing. They seek to have the Court decide the statute of limitations issues *on the pleadings* for non-bellwether plaintiffs. Having refused to decide statute of limitations issues in non-bellwether cases, the Court should not entertain hundreds (possibly thousands) of disputes over the appropriateness of case-specific, particularized allegations in short form complaints that address "particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." PTO 105. In fact, Defendants' approach is procedurally improper. A motion to strike is *not* an appropriate motion to adjudicate the merits of an issue such as statute of limitations , nor is an adjudication in a request for leave to amend in cases that have not proceeded through depositions.[4] "Where there are disputed issues of fact or substantial issues of law, a motion to strike should not be used to test the merits of the defense; close or new questions of law and disputed factual issues should await a full hearing on the

---

[4] The stage of the proceedings in some cases, in which Defendants had sought to strike the entire complaint (as opposed to particular allegations in the complaint), is yet another important factor in the leave to amend analysis. *See* Doc. 8703. Limitations on the ability of a plaintiff to make factual allegations in their original complaint, or in a complaint amended within their Rule 15 period to amend as of course, would not only be improper but also would expand the Court's jurisdiction beyond MDL litigants and contradict the rights of plaintiffs in the Federal Rules of Civil Procedure.

merits." *Century Graphics Corp. v. Harris Graphics Corp.*, No. CIV.A. 86-5375, 1987 WL 25132, at *1 (E.D. La. Nov. 23, 1987) (citation omitted).

PTO 105 properly allows plaintiffs to amend Short Form Complaints to allow advancement of particularized *allegations* about their injury for the record. Allegations do not establish any *entitlement* to relief, and thus PTO 105 in no way prejudices Defendants, who retain the right to challenge the allegations through depositions and cross examination. In contrast, allowing Defendants to strike particularized allegations that merely set forth Plaintiffs' individualized experience is deeply prejudicial because nothing in the master long form complaint speaks to any Plaintiffs' individual experience. And that is precisely why this Court entered PTO 105.

Lastly, Defendants' suggestion that Plaintiffs are flouting this Court's order denying an amendment to the master long form complaint is simply incorrect. On remand, Defendants can rely on this Court's MDL-wide rulings to challenge individual non-bellwether Plaintiffs as time-barred. But that does not mean that, at this time, Plaintiffs cannot add allegations particular to them and their treatment.

If anything, the bellwether cases have proven that statute of limitations issues require a careful assessment of such individual circumstances. Similarly, the ultimate disposition on statute of limitations issues in *non-bellwether* cases will turn on particularized facts and discovery—and will be determined (if at all) by a transferee court applying the relevant state law. Thus, there is no reason to prohibit such allegations.

As such, the Court should not predetermine the appropriateness of individualized, case-specific facts alleged in accordance with PTO 105, because the Order allows Plaintiffs to make an individualized record; Plaintiffs do not believe that this Court intended to adjudicate such

disputes on a case-by-case basis when it adopted PTO 105 to allow for an efficient and orderly amendment process in this MDL. To the extent there is any confusion, the Court should make plain that such challenges by Defendants are not permissible.

That is the only sensible course for several reasons. It preserves Plaintiffs' rights to individual adjudication. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) (consolidation under 28 U.S.C. § 1407 does not change "individual" character of each action so grouped). It preserves Defendants' rights to challenge, at an appropriate time, statute of limitations issues in such cases. It preserves a transferee court's ability to decide such issues in light of particularized facts and this Court's MDL orders once those cases are appropriately worked up. And it preserves this Court's resources, which (consistent with this Court's case management orders) are better focused on bellwether cases. Indeed, the amount of time the parties have expended on a simple PTO that merely allows an *allegation* is a harbinger of how swamped the parties and the Court would be were Defendants permitted to oppose each amendment and/or file motions to strike the same.

Dated: May 21, 2020                          Respectfully submitted,


/s/ Christopher L. Coffin                     /s/ Karen B. Menzies
Christopher L. Coffin (#27902)               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.             Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505              GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                 6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                        Los Angeles, California 90045
Fax: (504) 355-0089                          Telephone: 510-350-9700
ccoffin@pbclawfirm.com                       Facsimile: 510-350-9701
                                             kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                             *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s /Dawn M. Barrios
DAWN M. BARRIOS