UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Elizabeth Kahn, No. 16-cv-17039 June Phillips, No. 16-cv-15397 | ) ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Leave to File Amended Short Form Complaints of Bellwether Plaintiffs Elizabeth Kahn and June Phillips (Doc. 9166). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second is set for October 19, 2020. Plaintiffs Elizabeth

---

[1] Docetaxel is the generic version of Taxotere.

Kahn and June Phillips were selected by the Court as alternative trial Plaintiffs for this second bellwether trial.

On March 23, 2020, the Court granted Defendants' Motion for Summary Judgment against Plaintiff June Phillips. As a result, Phillips's failure to warn claim was dismissed. The parties now agree that the instant Motion is moot as to Phillips, and her case can be dismissed.

Regarding Plaintiff Elizabeth Kahn, she seeks to amend her Short Form Complaint ("SFC") "to provide factual allegations particular to the circumstances of [her] claim and to memorialize [her] LPLA failure-to-warn allegations."[2] Defendants dispute this characterization of her amendments, averring that Kahn seeks to amend her SFC only to buttress her claims against dismissal for being untimely filed.

## **LEGAL STANDARD**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."[3] However, leave to amend "is by no means automatic."[4] Instead, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'"[5] While leave should be freely given, "that generous standard is tempered by the necessary power of a district court to manage a case."[6] In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]

---

[2] Doc. 9166.
[3] FED. R. CIV. P. 15(a)(2).
[4] Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir.1993).
[5] Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (quoting Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir.1998)).
[6] Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir.2003)
[7] *Smith*, 139 F.3d at 595 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## LAW AND ANALYSIS

According to Plaintiff Kahn, she wishes to amend her SFC to add particularized allegations regarding when she had notice of her injury. In response to Question 12 on her SFC, which asks for the date and duration of her injury, she now wishes to add the word "sometime" to her answer, so that it will say her injury—permanent alopecia—occurred *sometime* after her treatment with Taxotere. Defendants oppose this, noting that the Master Complaint defines permanent alopecia as alopecia that remains six months after the completion of chemotherapy.

Plaintiff Kahn further wishes to add allegations regarding the details of certain conversations she had with her doctors about her alleged permanent hair loss. For example, she seeks to amend her SFC to allege that her oncologist, Dr. Zoe Larned, "told her that her hair loss would be temporary," and that she discussed "her concerns regarding the rate of her hair re-growth" with Dr. Larned who was "unable to tell Plaintiff when her hair would fully re-grow." Defendants argue that these and other similar allegations contradict her doctors' deposition testimony.

Recently, this Court denied Defendants' Motion for Summary Judgment against Plaintiff Kahn, holding that there is an issue of fact on whether contra non valentem applies to toll prescription for her claims. The Court wrote that there is an issue of fact on whether Plaintiff Kahn acted reasonably to discover the cause of her hair loss, and the Court wrote that Kahn may have had reason to believe that something other than Defendants' conduct was the cause. The Court noted, as an example, that Kahn had a conversation with her gynecologist, who told Kahn that her hair loss may be due to her age. Considering this, the Court wrote as follows: "A jury will have to consider whether Plaintiff was reasonable in relying on such statements from her

3

doctors and whether Plaintiff was reasonable in failing to attribute her injury to Taxotere until she learned of the attorney advertisement years after she sustained her injury."[8]

In light of this ruling, the Court will allow Plaintiff Kahn to amend her complaint to include allegations regarding the nature and extent of the conversations she had with her doctors about her alleged hair loss. Insofar as Defendants assert that Kahn's allegations contradict her doctors' deposition testimony, this is a factual question for the jury to resolve at trial.

The Court will not, however, permit Plaintiff to amend Question 12 of her SFC to state that her injury occurred *sometime* after her Taxotere treatment. This is an obvious attempt by Plaintiff to distance herself from the definition provided in the Master Complaint. The Court has not permitted other Plaintiffs to make such amendments,[9] and the Court will not permit Plaintiff Kahn to do so either. Individual Plaintiffs will be held to the definition provided in the Master Complaint.

## CONCLUSION

For the foregoing reasons, the Motion for Leave to File Amended Short Form Complaints of Bellwether Plaintiffs Elizabeth Kahn and June Phillips (Doc. 9166) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Elizabeth Kahn may amend her complaint consistent with this Order, and Plaintiff June Phillips's case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 27th day of May, 2020.

---

[8] Doc. 9885.
[9] Doc. 8702.

4

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE