UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

_____

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO PRETRIAL ORDER NO. 105

Plaintiffs requested an opportunity "to make written objections on the record to the entry of [Pretrial Order 105]." On May 11, 2020, this Court granted that request. (Rec. Doc. 10337). However, what was filed is ***not an objection to PTO 105 at all***. Plaintiffs make no complaint about the Order and make no argument that the Court was in error in entering it. Instead, Plaintiffs object to a hypothetical interpretation of PTO No. 105 that has not been raised by Defendants, and that is based on unfiled, "forthcoming" motions and short form complaints. (Rec. Doc. 10457 at 2-4). Plaintiffs' arguments against Defendants in the abstract, without a motion pending before the Court, are irrelevant to the entry of PTO No. 105 and should be disregarded. This Court gave Plaintiffs an opportunity to state their objection to the Court's determination of what should be contained in the Order and they wholly failed to do so. Thus, the Court should disregard Plaintiffs' submission and deny their requested relief as not in accordance with its May 11, 2020 Minute Entry. (Rec. Doc. 10337).

Stating their objection to the Order itself was apparently not their purpose. Plaintiffs' so-called "objections" are yet another attempt to convince the Court that they should be permitted to alter the definition of the injury adopted in the Master Complaint. Despite their protestations, Defendants do not intend to "undermine Plaintiffs' right to allege particularized facts as permitted

1

by [Paragraph 2 of] PTO 105," by objecting to "allegations that merely set forth Plaintiffs' individualized experience." *Id.* at 3-5.  The language in Paragraph 2 of PTO No. 105 is clear and unambiguous.  Instead, as Plaintiffs are aware, Defendants object to Plaintiffs' improper attempt to use the language in Paragraph 2 of PTO No. 105 to change the alleged injury – hair loss continuing more than six months after completing chemotherapy.  *See* Order (Rec. Doc. 10465) at 4; *see also* Order (Rec. Doc. 8703) at 5; Order (Rec. Doc. 8702) at 4-5.  And while it is not expressly stated in their "objection," this is precisely what the Plaintiffs mean when they assert that they will include facts about each Plaintiff's "individual experience." (Rec. Doc. 10457 at 3-5).  They will assert that they did not "experience" chemotherapy-induced alopecia six months following their therapy, but instead, first experienced the injury in this case when they witnessed a lawyer's advertisement.  Plaintiffs' opposition is a merely an attempt to again urge this Court to allow them to abandon the injury stated in their Master Complaint by permitting them to assert their "individual experience" in Short Form Complaint amendments.

Defendants have previously objected to Plaintiffs' use of generalized, non-specific amendments to Short Form Complaints "to save cases that are otherwise subject to dismissal for being time-barred."  *See, e.g.*, Def. Opp. to Plaintiffs' Motion for Leave to File Amended SFC of Bellwether Trial Plaintiffs Elizabeth Kahn and June Phillips (Rec. Doc. 9256); Sandoz, Hospira, and Accord Defs. Response to the PSC's Motion for Leave to File Amended Short Form Complaints for Third Trial Plaintiffs (Rec. Doc. 8635); Order (Rec. Doc. 10465) at 4; *see also* Order (Rec. Doc. 8702) at 4; Order (Rec. Doc. 8703) at 2.  The Court has repeatedly rejected Plaintiffs' attempts, and instructed Plaintiffs that they "will be held to the definition provided in the Master Complaint."  *See* Order (Rec. Doc. 10465) at 4; *see also* Order (Rec. Doc. 8703) at 5;

Order (Rec. Doc. 8702) at 4-5.[1]  Most recently, the Court denied Plaintiff Elizabeth Kahn's request to amend her Short Form Complaint to include allegations that her injury "occurred *sometime* after her Taxotere treatment."  Order (Rec. Doc. 10465) at 4 (emphasis in original).  The Court found this amendment was an "obvious attempt by Plaintiff to distance herself from the definition provided in the Master Complaint."  *Id.*

By way of further illustration, Mississippi Plaintiff Mildred Kumar (No. 2:17-cv-15311) recently proposed several amendments to her Short Form Complaint that clearly violate PTO No. 105's directive to amend with "particularized facts individual and specific to each Plaintiff."  For example, Plaintiff Kumar seeks to amend her Short Form Complaint's "Statement of Facts" to include the "particularized" allegations:

> 7. Not until Plaintiff saw legal advertisements on television, did she even begin to realize that her hair loss and thinning of the hair were likely permanent and the negligence which caused injury.  Not until such time, did she realize the "who, when, how, and by what" had she been permanently injured.
>
> 8. As a layperson, it was unrealistic for Plaintiff to perceive any injury at the time of the wrongful acts complained of herein, or six months thereafter or later, as she cannot reasonably be held to have knowledge of negligent acts and corresponding injuries which were known only to the manufacturer of her chemotherapy drug, and kept secret, and a few informed attorneys.

These statements are so generic they could be stated as "fact" for any Plaintiff in this litigation – and are a transparent attempt to change, or distance herself from, the date of the onset of injury to conflict with the Master Complaint.

PTO No. 105 allows Plaintiffs to amend their respective complaints to "add factual

---

[1] "Permanent Chemotherapy Induced Alopecia" is defined by the Second Amended Master Long Form Complaint as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."  Rec. Doc. 4407 ¶ 181.

3

allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Rec. Doc. 10338.  The Court has made clear that this language does not allow Plaintiffs to include allegations that were not permitted by the Court in prior efforts to amend the Master Complaint and/or Short Form Complaints, nor does it allow Plaintiffs to include allegations that are intended to, or seek to, alter the commencement date of the injury from the Master Complaint.  That Plaintiffs are forecasting that "hundreds (and possibly thousands)" of Plaintiffs will seek to make such amendments, in violation of PTO No. 105, confirms that Plaintiffs continue to disregard the Court's rulings and improperly divert the Court's time and resources.[2]  *See* Objections (Rec. Doc. 10457) at 4.

## **CONCLUSION**

Plaintiffs were granted permission to file objections to PTO No. 105 – but they have offered none and instead improperly asked the Court to revisit its prior rulings by asserting arguments about a notional interpretation of the Order with respect to some unnamed case, or some future, currently unfiled, Short Form Complaint.  Plaintiffs' "objections" are thus an impermissible attempt to re-litigate Plaintiffs' ability to amend their Short Form Complaints to include generalized language that may alter the date of onset of their injury – contradicting the Court's prior Orders and the Second Amended Master Complaint.  For these reasons, Defendants respectfully requests the Court disregard Plaintiffs' Objections to Pretrial Order (PTO) No. 105, deny their request for relief, and grant any further relief the Court deems appropriate.

---

[2] To date, Plaintiffs have filed approximately 12,205 Plaintiff Fact Sheets, and only about 2,175 Plaintiffs allege that they spoke to their doctor about their hair loss.

4

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

GREENBERG TRAURIG, LLP

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500 New Orleans, Louisiana 70139 Telephone: (504) 581-3234 Facsimile: (504) 566-0210 debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


TUCKER ELLIS LLP

*/s/ Julie A. Callsen*
Julie A. Callsen
Brandon D. Cox
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
Julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

6

DECHERT LLP

*/s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
Mark Cheffo
1095 Sixth Ave.
New York, NY 10036
Telephone: 212-698-3500
Facsimile: 212-698-3599
maracusker.gonzalez@dechert.com
sara.roitman@dechert.com
mark.cheffo@dechert.com

CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


HINSHAW & CULBERTSON LLP

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

ULMER & BERNE LLP

/s/ *Michael J. Suffern*
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*