UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                    SECTION "H" (5)
                                                    JUDGE MILAZZO
                                                    MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Brenda Weathers, et al.*,
Case No. 2:17-cv-12447

**<u>MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT</u>**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The requested leave to amend would be futile and would be subject to a motion to dismiss because (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend — waiting more than nine months after obtaining product identification — such that the doctrine of laches bars the amendment.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on November 14, 2017. (*See* Complaint in Member Action No. 2:17-cv-12447-JTM-MBN, filed Nov. 11, 2017). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A).

Plaintiff is a resident of the state of Texas. (*See* Doc. 10451-3 at 3). As such, her personal injury claims are subject to a 2-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

On March 20, 2018, Plaintiff submitted to MDL Centrality product identification pursuant to Case Management Order ("CMO") 12A, which identified Sandoz as the manufacturer of Plaintiff's docetaxel. (See Statement Regarding Chemotherapy Drug Administered, attached as Exhibit 1). Curiously, on September 28, 2018, more than six months after learning that Sandoz was a proper defendant, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 4454).

Now, more than two years after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10451, 10451-1, 10451-2, 10451-3).

Pursuant to Pretrial Order ("PTO") 37A, a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." PTO 37A (Doc. 1682). PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On April 28, 2020, Plaintiff's counsel contacted the undersigned, counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 2). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to

amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 3). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on May 20, 2020. (Doc. 10451).

## II. LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff states only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10451-1 at 1). Critically, however, Plaintiff submitted the medical records purporting to demonstrate product identification as to Sandoz on March 20, 2018, more than two years before Plaintiffs' instant motion. (*See* Exhibit 1).

Plaintiff apparently made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit in November 2017. She then failed to review product identification records already in her possession when she dismissed certain parties in September 2018. Plaintiff's motion does not even attempt to excuse her delay in seeking to amend or responding to information she already possessed. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred. Even if it were not time barred, Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

### A. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion

3

to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches. *See Fazakerly v. Fzakerly*, 996 S.W.2d 260, 264-65 (Tex. App. – Eastland 1999) (affirming the trial court's judgment on numerous grounds, including "[b]ecause either limitations or laches was adequate to support the trial court's ruling" striking a party's amended petition).

A federal court sitting in diversity ordinarily looks to the choice of law rules of the state in which it sits to determine whether the courts of that state would apply their own state's statute of limitations, or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But, in this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Eastern District of Texas). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying Texas's choice of law rules, Texas's statute of limitations applies, because Texas is the state where Plaintiff resides and in which her treatment and alleged injury occurred. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000); *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 & n.1 (Tex. 2000).

4

Texas has a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.003, and a four-year statute of limitations for claims based in fraud, *id.* § 16.004.

**B.     THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Under Texas's applicable statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz nearly six years after her alleged injury.[2] Her ignorance of the proper defendant is no excuse for her failure to name each known MDL defendant. Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *an additional two-plus years* (i.e. longer than the limitations period) *after* learning Sandoz was a proper defendant. Accordingly, Plaintiff's proposed Amended Short Form Complaint would be subject to a motion to dismiss on statute of limitations grounds, and amendment would be futile.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about June 10, 2014. (*See* Doc. 10451-3 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master

---

[2] Texas' four-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

5

Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than December 10, 2014. Plaintiff did not attempt to sue *any* manufacturer of docetaxel until almost three years after her injury had accrued.

Then, on November 14, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-12447-JTM-MBN, filed Nov. 14, 2017). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she did not attempt to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two-plus years, until more than five years after her injury accrued.

Under Texas's two-year statute of limitations, Plaintiff's lawsuit was untimely on its face, when filed originally. Now, more than five years after the latest date on which plaintiff's claim could have accrued and almost three years after her initial filing, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly proscribed and leave to amend would be futile.

Further, by no later than March 20, 2018, Plaintiff knew Sandoz was not only a possible defendant but the *proper* defendant. On that date, Plaintiff's counsel submitted to MDL Centrality CMO-12 product identification evidence that plainly indicates Sandoz Inc. was a manufacturer of the docetaxel with which she was treated (attached as Exhibit 1). The submitted evidence consists of plaintiff's medical records which identify Sandoz NDC numbers (66758-050-03) for her docetaxel treatments between March 18, 2014 and June 10, 2014.

All Plaintiff needed to do to discover the identity of the allegedly proper defendant was to review medical records, which she indisputably had in her possession by March 20, 2018 when

6

they were produced on MDL Centrality.³ (*See* Screen Shot from MDL Centrality Page for Brenda Weathers, Plaintiff Documents Tab, Doc. ID 116132, attached hereto as Exhibit 4). Though identification of the proper defendant is not the legal test for timeliness under the law, even using March 20, 2018 as the date on which her cause of action accrued against Sandoz, plaintiff's claims are barred by Texas' two-year statute of limitations.

Further, Plaintiff is unable to rely on the "discovery rule" to help save her time-barred claims. "Texas Civil Practice and Remedies Code section 16.003(a) mandates that suits for personal injury must be brought no later than two years after the day the cause of action accrues." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018). The discovery rule is "a very limited exception to statutes of limitations" that "defers the accrual of the cause of action until the injury was or could have reasonably been discovered." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011). "The discovery rule applies 'only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable.'" *Id.* (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)). The Texas Supreme Court has "restricted the discovery rule to exceptional cases to avoid defeating the purposes behind the limitations statutes." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam). No such exceptional circumstances apply here.

Whether the discovery rule applies turns on whether the injured person is aware that she has an injury and that it was likely caused by the wrongful acts of another. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). It does not turn on whether the injured person knows the exact identity of the tortfeasor or all the ways in which the tortfeasor was at fault in causing the injury. *See Childs*

---

³ Sandoz notes that the fax transmittal date on the side of plaintiff's medical records posted to MDL Centrality is February 9, 2018, suggesting those records were actually in plaintiff's possession by that date.

*v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). Even if Plaintiff could somehow justify application of the discovery rule, her claims are still time-barred under Texas law: she waited nearly three years from her initial lawsuit and more than two years (the limitations period) from the time she *knew* Sandoz was a proper defendant before she sought to amend her complaint. Under any conceivable metric, her claims are time barred and amendment would be futile.

### C. THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them within two years of the date of her injury and failed to bring them against Sandoz within almost six years of the date of her injury. To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, however, her motion for leave to amend should also be denied under the doctrine of laches.

"Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to a lapse of time." *Green v. Parrack*, 974 S.W.2d 200, 203 (Tex. App. – San Antonio 1998); *see also Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 912 (Tex. App. – Houston [1st Dist.] 1995). Under Texas law, two essential elements must exist for laches to bar a claim: (1) a party's unreasonable delay in asserting a legal or equitable right; and (2) a good faith and detrimental change of position by another because of the delay. *See Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). Here, both requirements are satisfied.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after identifying Sandoz as the proper defendant. Her delay is inexcusable, and was compounded by her own misleading submissions. Indeed, none of the "medical records" posted to MDL Centrality reflect NDC numbers for any docetaxel product associated with any other Defendant. The very same day that Plaintiff produced records purporting to show Sandoz product

ID she filed a Plaintiff Fact Sheet indicating the manufacturer of her docetaxel was "Sandoz." (See excerpt of Plaintiff's Fact Sheet filed Mar. 20, 2018, attached as Exhibit 5). Yet, six months later, on September 28, 2018, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 4454). Instead, she sat on product identification information for *more than two years*.

Second, Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff's Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes the type of "extraordinary circumstances" sufficient to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *See Fazakerly*, 996 S.W.2d at 264-65, 268 (affirming the trial court's judgment on numerous grounds, including "[b]ecause either limitations

9

or laches was adequate to support the trial court's ruling" striking a party's amended petition); *see also Green*, 974 S.W.2d at 204.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated: June 2, 2020.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**
*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June __, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/________________________