**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| MELISSA FLECK, | MAG. JUDGE MICHAEL NORTH |
| Plaintiff, | |
| v. | |
| HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC., *et al.*, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PUTATIVE DEFENDANT ACCORD HEALTHCARE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff's requested amendment to file an amended Short Form Complaint to assert claims against Accord Healthcare, Inc. ("Accord") is futile and should be denied.  This attempt to add Accord as a Defendant comes more than two years following the commencement of her action, and is thus plainly time-barred by the governing two-year statute of limitations set forth under Texas law.

**I.      PROCEDURAL HISTORY**

Plaintiff Melissa Fleck is a resident of Texas.  (*See* Proposed Amended Compl. ¶ 4, Master Docket, Doc. 10417-3).  She initiated her action in this MDL by filing her Short Form

Complaint on October 24, 2017 against Sanofi, Hospira, and Pfizer entities, alleging persisting hair loss due to her use of Docetaxel. (*See* Compl., Doc. 1). Though Accord Healthcare, Inc. is listed as a possible defendant on the template short form complaint, Plaintiff did not check off Accord as a Defendant in her Short Form Complaint. (*See id.*).

Nearly a year later, on September 12, 2018, Plaintiff uploaded to MDL Centrality product identification identifying Accord as the manufacturer of the Docetaxel administered to her. (*See* CMO 12 Product ID, dated August 15, 2018, attached as Exhibit 1). On November 2, 2018, Plaintiff dismissed the Sanofi entities. (*See* Notice of Partial Dismissal with Prejudice as to all Except Hospira, Inc.; Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.; Pfizer Inc., Master Docket, Doc. 4843).

On April 29, 2020, eighteen months after Plaintiff obtained product identification as to Accord, Plaintiff contacted counsel for Accord requesting consent to file a motion for leave to amend the Short Form Complaint to add Accord pursuant to Pretrial Order No. 37A ("PTO 37A"). PTO 37A requires a plaintiff seeking leave to amend a prior complaint to contact "each defendant(s) presently named and . . . any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion," and further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." That same day, counsel for Accord objected, via special appearance, to Plaintiff's request on the grounds that the amendment would be futile as to Accord based on the applicable statute of limitations. (*See* Callsen to Ruiz April 29, 2020 Correspondence, attached as Exhibit 2). Nonetheless, on May 14, 2020, Plaintiff moved for leave to file an amended complaint to add Accord on the grounds that "Plaintiff discovered that Accord Healthcare, Inc. was the manufacturer of the Taxotere/Docetaxel that she received."

(Master Docket, Doc. 10417-2).  No attempt was made by Plaintiff to address Accord's futility argument in filing the opposed Motion to Amend.  (*See id.*)  In accordance with PTO 37A, Accord enters a Special Appearance solely for the purpose of opposing Plaintiff's Motion, as the proposed Amended Short Form Complaint is clearly time-barred under Texas law, thus any proposed amendment is futile and should be denied.

## II.      LEGAL STANDARD AND CHOICE OF LAW

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2); *see also Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995).  However, "that generous standard is tempered by the necessary power of a district court to manage a case." *Shiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

A proposed amendment is futile when, if granted, it would not withstand a motion to dismiss.  *Engstrom*, 47 F.3d at 1464 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602-03 (E.D. La. 2012) (denying plaintiff's motion for leave to amend where the proposed amended complaint would not withstand a motion to dismiss).

A federal court sitting in diversity generally applies the forum state's choice-of-law rules. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 2592, 2017 WL 3188460, at \*3 (E.D. La. July 24, 2017).  Generally, an "MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice of law

rules." *Id.* (citing *In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007)).  But

here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial
> consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on
> choice of law that otherwise would apply to an individual case had it been
> originally filed in another district court and transferred to this Court pursuant to
> 28 U.S.C. § 1407.

PTO No. 5(II)(H).  Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit

was filed in plaintiff's home district. In this case, Plaintiff's home district is the Eastern District

of Texas.  (*See* Proposed Amended Compl. ¶ 8, Doc. 10417-3).  The Texas Supreme Court

adopted the "most significant relationship" test which considers: (1) where the injury occurred;

(2) the relationship of the parties to the forum; and (3) and the plaintiff's residence.  *Wood v.*

*Hustler Magazine, Inc.*, 736 F.2d 1084, 1087 (5th Cir. 1984).  Because Plaintiff is a resident of

Texas and her alleged injury occurred in Texas, Texas's statute of limitations applies.  *Id.*; TEX.

CIV. PRAC. & REM. CODE ANN. § 16.003.

## III.    LAW AND ARGUMENT

Plaintiff's Motion should be denied because any amendment to add Accord is futile as

her claims are time-barred by Texas's statute of limitations.  Under Texas law, the statute of

limitations for personal injury actions, regardless of whether the claims are couched in terms of

negligence or product liability, is two years from the date the cause of action accrues.  TEX. CIV.

PRAC. & REM. CODE ANN. § 16.003; *Bowman v. Sanofi-Aventis U.S.*, No. A-09-CA-192-SS,

2009 WL 5083435, at *2 (W.D. Tex. Dec. 10, 2009).[1]  In most cases, a cause of action accrues

when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury.

*Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998).  While Texas law recognizes a

---

[1] Texas' four-year statute of limitations for fraud claims should not apply to Plaintiff's supposed
fraud claim, in any event, because it is wholly derivative of her failure to warn personal
injury claims.

discovery rule, it does not turn on whether the injured person knows the exact identity of the tortfeasor or all the ways in which the tortfeasor was at fault in causing the injury. *See id.* at 44.

Here, Plaintiff was obviously aware of her injuries on the date she filed her lawsuit in this Court alleging hair loss due to use of Docetaxel: October 24, 2017.[2]  As of that date, there is no denying that she was knew of her injury, including the facts underlying her claims, and indeed actually undertook the legal process to address.  That she did not know at the time that Accord was the manufacturer of her Docetaxel is of no import under *Childs*.  Therefore, to timely file her cause of action as to Accord under Texas law, Plaintiff must have moved to amend her complaint to add Accord by October 24, 2019.  Plaintiff failed to do so.  Rather, she waited until May 2020 – six months too late – to seek leave to name Accord.  Plaintiff articulates absolutely no reason in her Motion for her delay (*see* Doc. 10417), and there certainly is not one as she has been in possession of the product identification as to Accord since September 12, 2018—which was within the statutory period.  Accordingly, Plaintiff's case as to Accord is time barred.

Likewise, Plaintiff's decision to languish 18 months with proof of product identification instead of preserving her claim against Accord is undue delay, and impermissible under the doctrine of laches.  *See Brewer v. Nationsbank of Texas, N.A.*, 28 S.W.3d 801, 804 (Tex. Ct. App. 2000) ("[L]aches is an equitable remedy that prevents a plaintiff from asserting due to a lapse of time."); *Green v. Parrack*, 974 S.W.2d 200, 203–04 (Tex. Ct. App. 1998).  Laches prevents parties from seeking relief where they have improperly rested on their claims and the defendants would be prejudiced as a result of the delay.  *Id.*; *F.D.I.C. v. Niblo*, 821 F. Supp. 441,

---

[2] For the sake of simplicity and for the purposes of this Motion only, Accord will assume that Plaintiff's cause of action accrued on the same date she filed her initial Complaint.  Accord reserves the right to argue that her cause of action accrued much earlier – six months following the completion of chemotherapy – consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings, in the absence of tolling.

450–51 (N.D. Tex. 1993).  Eighteen months to amend her complaint is plainly inexcusable delay, and Accord is prejudiced as a result.  Specifically, Plaintiff's delay denied Accord the ability to investigate this case as a potential Trial Pool section for eighteen months.  In that period of time, Accord has made multiple nominations without the opportunity to evaluate Plaintiff's case. To this end, Plaintiff should not be rewarded for improperly sitting on her claims.

Courts have recognized the futility of amending a complaint based upon the statute of limitations in denying motions for leave.  For example, in *Martin v. Sanford*, the court denied plaintiffs' motion for leave to add additional defendants where the statute of limitations period expired.  *Martin v. Sanford*, No. 3:03-CV-1835, 2004 WL 224589, at *7 (N.D. Tex. Jan. 29, 2004).  According to the court, "[i]t is futile to add a party where the statute of limitations has run."  *Id.*; *see also Rooney v. Costco Wholesale Corp.*, No. CV H-19-4536, 2020 WL 2514882, at *3 (S.D. Tex. May 15, 2020) (denying motion for leave to amend to add a new party filed more than a year after the injury accrued as "th[e] amendment [was] futile based on the statute of limitations"); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489986, at *2 (W.D. Tex. July 10, 2014) (denying motion for leave to amend complaint to add defendant where claim was time-barred by statute of limitations and plaintiff made no showing to support tolling).  This Court should do the same.

## IV.   CONCLUSION

Plaintiff's proposed amended complaint is time-barred and therefore futile.  Accordingly, Accord respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint attempting to name Accord Healthcare, Inc. as a defendant.

Date:  June 2, 2020                                    Respectfully submitted,

                                                       /s/ *Julie A. Callsen*
                                                       Julie A. Callsen
                                                       Brenda A. Sweet
                                                       TUCKER ELLIS LLP
                                                       950 Main Avenue, Suite 1100
                                                       Cleveland, OH  44113-7213
                                                       Telephone:   216.592.5000
                                                       Facsimile:    216.592.5009
                                                       Email:         julie.callsen@tuckerellis.com
                                                                       brenda.sweet@tuckerellis.com

                                                       *Attorneys for Putative Defendant Accord*
                                                       *Healthcare, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2020, I electronically filed the foregoing *Memorandum In Support of Putative Defendant Accord Healthcare, Inc.'s Opposition to Plaintiff's Motion for Leave to File Amended Short Form Complaint* with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Julie A. Callsen
Julie A. Callsen

015418\000001\4691565.3