AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| LILLIE CARPENTER | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-10034 |
| SANOFI US SERVICES INC. f/k/a SANOFIAVENTIS U.S. INC. ET AL. | ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: PATTY SELEGY, CUSTODIAN OF RECORDS, TEXAS ONCOLOGY/FT. WORTH CANCER CENTER, 500 SOUTH HENDERSON ST, FORT WORTH, TEXAS 76104

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records showing the name of the Manufacturer(s) and/or NDC number(s) of Taxotere/Docetaxel administered to Lillie Carpenter during treatment as kept in the ordinary course of business and must include any docetaxel purchasing records, UB-04 forms and/or Health Insurance Statements forms. In the alternative, you may complete the Statement Regarding Chemotherapy Drugs Administered attached hereto as Exhibit A. You may also provide written confirmation the above information has been searched for and cannot be provided and the reason as to which it cannot be provided. You will be released from subpoena by providing the requested information to: 4343 Sigma Rd., STE 200, Dallas, TX 75244 a minimum of fourteen (14) days prior to the date required by this subpoena.

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/04/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Alexander G. Dwyer |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Lillie Carol Carpenter, who issues or requests this subpoena, are:** Alexander G. Dwyer, Kirkendall Dwyer LLP, 4343 Sigma Rd. Suite #250, Dallas, Texas 75244; ADwyer@KirkendallDwyer.com Tel: 214-271-4027

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ==*Producing Documents or Electronically Stored Information.*== These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

To: **Texas Oncology and Dr. John Nugent - Fort Worth, TX**

Date of Service Requested: **08/14/2012, 9/5/2012, 9/25/2012, 10/16/2012, 11/6/2012, 11/27/2012 (Chemotherapy)**

Re  Name: **Lillie Carol Carpenter**

Address: **P.O. Box 32**

City State and Zip: **Glen Rose, TX  76043**

DOB: 11-24-58   DOD: _____   SSN# (last 4 digits) 7273

I authorize the individual or organization listed above to disclose the above-named patient's health information **to Kirkendall Dwyer LLP and/or XeBee Records LLC**, for the purpose of the above-named individual's personal injury claim.
The information to be used or disclosed is as follows:

Any billing, purchasing, pharmacy records or other internal records of any kind
which may identify manufacturer of Docetaxel used in patient's chemotherapy infusion therapy.

Signed Statement of Chemotherapy Drugs Administered with docetaxel manufacturer(s) identified.

I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, enrollment in any health plan, or payment/benefit eligibility. I may inspect or copy any information used/disclosed under this authorization.

_LC_ I understand that the information in the patient's health records may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). _LC_ It may also include information about behavioral or mental health services, _LC_ or treatment for alcohol or drug abuse. The information authorized for release may include records which may indicate the presence of a communicable or non-communicable disease _LC_. (Initialed to agree to release specific records).

I understand that authorizing the disclosure of this health care information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand that I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure of the patient's health information by the recipient, resulting in the health information no longer being protected by federal confidentiality rules.

A copy of the consent and a notation as to any action taken thereon is to be entered in the patient's record. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing by sending or presenting my written revocation to the Privacy Contact of the health care provider named above. I understand that the revocation of this authorization will not apply to the extent that the healthcare provider has taken action in reliance thereon. I understand that if the authorization was obtained as a condition of obtaining insurance coverage, other law provides the insurer with the right to contest a claim under the policy or the policy itself.

A photocopy of this authorization shall be considered as effective and valid as the original. In the absence of an express revocation, the authority granted under this authorization shall remain in effect for one year from the date set forth below. This authorization does not waive my doctor/patient privilege.

The information requested by this authorization falls within § 164.512 of the Health Insurance Portability and Accountability Act of 1996. The undersigned further agrees to waive at any time limitations required by the above provider with respect to their receipt of this authorization and the date on which the authorization was signed.

Date   05/01/2020         Signature:  _Lillie Carol Carpenter_

Expiration
Date:   05/01/2021                      Lillie Carol Carpenter
                                          Printed Name

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: Lillie C. Carpenter

DATE OF BIRTH: 11 / 24 / 1958          SSN: xxx / xx / 7273

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

***PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED***

**SANOFI AVENTIS US LLC**
☐ 0075-8003-01
☐ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
☐ 0955-1020-01
☐ 0955-1021-04

**HOSPIRA, INC.**
☐ 0409-0201-02
☐ 0409-0201-10
☐ 0409-0201-20
☐ 0409-0201-25
☐ 0409-0201-26
☐ 0409-0201-27

**McKESSON PACKAGING SERVICES**
☐ 63739-932-11
☐ 63739-971-17

**SANDOZ INC.**
☐ 66758-050-01
☐ 66758-050-02
☐ 66758-050-03
☐ 66758-950-02
☐ 66758-950-03
☐ 66758-950-04

**ACCORD HEALTHCARE, INC.**
☐ 16729-120-49 KIT
☐ 16729-228-50 KIT
☐ 16729-267-63
☐ 16729-267-64
☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
☐ 25021-222-01
☐ 25021-222-04
☐ 25021-222-07

**PFIZER LABORATORIES**
☐ 0069-9141-11
☐ 0069-9141-22
☐ 0069-9142-11
☐ 0069-9142-22
☐ 0069-9144-11

**ACTAVIS PHARMA, INC.**
☐ 45963-734-54
☐ 45963-765-52
☐ 45963-781-74
☐ 45963-790-56

**DR REDDYS LAB LTD.**
☐ 43598-258-11
☐ 43598-259-40

**TEVA PHARMS USA**
☐ 0703-5720-01
☐ 0703-5730-01

**NORTHSTAR RX LLC**
☐ 16714-465-01
☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
☐ 42367-121-25
☐ 42367-121-29

**SUN PHARMACEUTICAL INDUSTRIES, INC.**
☐ 47335-285-41
☐ 47335-286-41

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ WAS  /  ☒ WAS NOT **ADMINISTERED TAXOL/PACLITAXEL**

C1:  8/14/2012
C2:  9/05/2012
C3:  9/25/2012
C4:  10/16/2012
C5:  11/06/2012
C6:  11/27/2012

08 / 14 / 2012          11 / 27 / 2012          -6-
DATE OF FIRST TREATMENT     DATE OF LAST TREATMENT     # OF DOSES

SIGNATURE OF REPRESENATIVE OF PRACTICE/INFUSION CENTER

Texas Oncology - Ft. Worth (ordered by Dr. John Nugent)
NAME OF PRACTICE/INFUSION CENTER

PRINTED NAME & TITLE OF REPRESENTATIVE          ADDRESS

DATE          CITY, STATE, ZIP