UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Barbara Harris et al.*, Case No. 17-13114 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc. (collectively "Defendants") is futile and should be denied. This attempt to add Defendants comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing two-year statute of limitations set forth under Ohio law.

**I.   PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing an Amended Short Form Complaint on November 22, 2017. *See* Complaint in Member Action No. 2:17-cv-13114-JTM-MBN. (Doc. 1.) Plaintiff's Short Form Complaint named the following defendants: Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc.

Plaintiff now seeks leave to amend her Short Form Complaint to name Defendants. Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." (PTO 37A.) PTO 37A further provides that any defendant "sought to be added by a

motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." (*Id.*)  On April 28, 2020, plaintiff's counsel contacted the undersigned counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.  On May 11, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the case is time-barred as a matter of law as to Defendants.  (*See* E-mail thread between plaintiff's counsel, Valarie Hall, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.)  On June 1, 2020, plaintiff filed *Plaintiff's Motion for Leave to Amend Complaint* and Memorandum in Support. ("Plaintiff's Memo") (Master Docket, Doc. 10485.)  Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Defendants.[1]

## II.  LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested.  Plaintiff claims she seeks to add Defendants simply because she discovered, over five years and seven months after her last administration of docetaxel, that Defendants "were the manufacturer of the Taxotere/Docetaxel" that she received. (Plaintiff's Memo, p. 1.)  But plaintiff's motion does not even argue she is seeking leave to amend in order to name the defendant(s) whose product was used in her cancer treatment, though presumably that is what she is attempting to do. More importantly, plaintiff's motion does not even attempt to rebut Defendants' grounds for refusing to consent; namely, that the case is clearly time-barred.  But even if plaintiff did attempt to justify the relief she is seeking, as opposed to simply asserting that she is

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction.  (*See* PTO 37A.)

2

entitled to such relief, the proposed Amended Short Form Complaint would be futile, because plaintiff's case against Defendants is time-barred.

### A.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

(PTO No. 5(II)(H).) Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Northern District of Ohio). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Ohio' choice-of-law rules shall apply. Under Ohio choice-of-law provisions, Ohio's statute of limitations apply in this matter. *Pappion v. Dow Chemical Co.,* 627 F. Supp.

3

1576, 1579 (W.D. La. 1986); *Mettke v. Hewlett Packard Co.,* No. 2:11-CV-00410, 2012 WL 1158629, at *6 (S.D. Ohio Apr. 6, 2012).

Under Ohio's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Defendants more than two years after she filed her original complaint.[2] Accordingly, her proposed Amended Short Form Complaint is futile because, as to the parties she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

**B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on November 22, 2017. Plaintiff claims she currently resides in, and her injuries occurred in, Ohio. (*Proposed Amended Short Form Complaint* (Master Docket, Doc. 10485-2, ¶¶ 4, 5.) Plaintiff's negligence and product liability claims are governed by that state's two-year statute of limitations codified in Ohio Rev. Code Ann. § 2305.10(A). *See, e.g., In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.,* 45 F. Supp. 3d 706, 720 (N.D. Ohio 2014). Ohio Rev. Code Ann. § 2305.10 (A) states that "an action based on a product liability claim and action for bodily injury … shall be brought within two years after the cause of action accrues." Further, a cause of action "accrues" under Ohio law "when the injury or loss to person or property occurs." *Id. See O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87, 447 N.E.2d 727, 730 (1983). Ohio courts also recognize a "discovery rule" where the statute of limitation commences when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action. *LGR Realty,*

---

[2] For the sake of simplicity and for the purposes of responding to plaintiff's motion only, Defendants will assume that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint. Defendants reserve the right to argue that her cause of action accrued much earlier, and no later than six months following the completion of chemotherapy consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)

4

*Inc. v. Frank & London Ins. Agency,* 2018-Ohio-334, 152 Ohio St. 3d 517, 520, 98 N.E.3d 241, 245 (2018).

It is well-settled in Ohio that the ignorance of a defendant's identity does not delay the accrual of a cause of action. *Brown v. Quimby Material Handling, Inc.,* No. 1999 AP 110066, 2000 WL 874917, at *3 (5th Dist. June 15, 2000) ("[T]he discovery rule is predicated on the 'discovery of the injury' not the perpetrator of the injury."); *see also Mardis v. Meadow Wood Nursing Home,* 2010-Ohio-4800, ¶ 7, 2010 WL 3836154, at 1 (12th Dist. October 4, 2010) (the discovery rule did not apply to toll the statute of limitation even though the plaintiff contended that he did not learn the identity of the defendant, where, at the time complaint was filed, the plaintiff was already aware that the defendant may have been at fault); *Neff v. Standard Fed. Bank,* No. 2:06-CV-856, 2007 WL 2874794, at *5 (S.D. Ohio Sept. 27, 2007) ("in fraud cases, what matters for purpose of the statute of limitations is the discovery of the fraud itself, not the identity of wrongdoer."); *Bigi v. Brown*, No. 3:14-CV-282, 2014 WL 7228808, at *2 (S.D. Ohio Dec. 16, 2014) ("the discovery rule does not operate to toll the statute of limitation until such time as a plaintiff discovers who should be named as defendant.").

Plaintiff's case here is squarely on point with the Ohio Court of Appeals' decision in *Hervey v. Normandy Dev. Co.,* 66 Ohio App. 3d 496, 497, 585 N.E.2d 570, 571 (1990). In *Hervey*, plaintiff filed a lawsuit against the mobile home's manufacturer and the supplier in order to recover for personal injuries she suffered as a result of the presence of formaldehyde in her mobile home. *Id.* at 571. Over three years after initially filing of the suit, plaintiff sought to amend her complaint to add the flooring supplier, arguing that she was obstructed from discovering the identity of the newly added defendant because other defendants did not reveal its identity. *Id.* at 573. In affirming the trial court's order granting summary judgment, the Ohio Court of Appeals held that the "two-

year period is provided so that the injured party has ample time to identify responsible parties. *Id*. at 573. Therefore, the identity of the floor supplier as a potential defendant should have occurred within two years of the time when plaintiff first discovered her injury, and that was when the plaintiff became aware of her claim and the statutory investigation period for the particulars of her claim began. *Id.* at 574.

Accordingly, the statute of limitations is not tolled until plaintiff discovered that she received docetaxel that was manufactured by Defendants. Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel no later than the date on which she originally filed her suit, November 22, 2017. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent, Actavis LLC, and Actavis Pharma. Nearly **two years and six months** have passed since plaintiff knew of her claim, as demonstrated by her having filed a complaint on November 22, 2017. Accordingly, there are no facts that could allow the discovery rule to make her claims against Defendants timely.

### C. THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT

Plaintiff may attempt to argue the claims against Defendants in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and therefore her claims are timely. But directly applicable Fifth Circuit precedent holds that relation-back under FRCP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff admits she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998). Therefore plaintiff's claims against Defendants are barred by Ohio's two-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave for an amendment to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)). *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). "An amendment to a pleading relates back to the date of the original pleading when:"

> ……
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > i. received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which, is fatal and the claims against the new defendant will not relate back. *Jacobsen v. Osborne*, 133 F.3d at 320 (5th Cir. 1998). Here, an analysis of

7

the criteria in Rule 15(c)(1)(C)(i) is not necessary. Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Defendants was "but for a mistake concerning the proper party's identity."[3]

Plaintiff admits she is naming Defendants now because she previously did not know their identity.  (*See* Plaintiff's Memo, p. 1 ("Subsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that [Defendants] were also the manufactures of the Taxtotere/Docetaxel that she received . . .".).)  The Fifth Circuit has held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c).  *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).)  Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name."  *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (*citing Jacobsen*, 133 F.3d 315).

Plaintiff does not allege a mistake that would allow her claims against Defendants to relate back.  She does not state that she attempted to name Defendants in her original Short Form Complaint but misspelled or used incomplete names.  Instead, plaintiff admits that she did not

---

[3] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Defendants] received such notice of the action that [they] will not be prejudiced in defending on the merits" under F.R.C.P. 15(c)(1)(C)(i). Plaintiff first apprised Defendants of her belief that they should have been parties to this lawsuit on April 28, 2020, but the lawsuit was initiated against other defendants on October 25, 2017. Surely plaintiff cannot seriously argue that Defendants somehow are on notice that they might be added as parties to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because they are parties in some cases in this MDL.

8

know the identity of Defendants at all. Plaintiff's failure to identify Defendants in the nearly two-and-a-half-years since she filed her original Short Form Complaint in November of 2017 is not a mistake Rule 15(c) is designed to remedy. *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Defendants are futile and her motion for leave to amend her Complaint to add Defendants must be denied

## III. CONCLUSION

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., respectfully request the Court deny Plaintiff's Motion for Leave to Amend Complaint naming Sagent Pharmaceuticals, Inc., Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc., as defendants. Such a complaint would be futile, because the newly added claims against Defendants would be subject to dismissal on statute of limitation grounds.

Dated: June 16, 2020.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800

9

        Cincinnati, OH 45202
        Telephone: (513) 698-5064
        Facsimile: (513) 698-5065
        msuffern@ulmer.com
        jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Michael J. Suffern