UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Netonya Usher Williams, et al.*, Case No. 2:17-cv-11194 | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc. (collectively "Defendants") is futile and should be denied. This attempt to add Defendants comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing two-year statute of limitations set forth under Georgia law.

**I.    PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on October 25, 2017. *See* Complaint in Member Action No. 2:17-cv-11194-JTM-MBN. (Doc. 1.) Plaintiff's Short Form Complaint named the following Defendants: Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc.

Plaintiff now seeks leave to amend her Short Form Complaint to name Defendants. Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." PTO 37A. PTO 37A further provides that any defendant "sought to be added by a

motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On April 28, 2020, plaintiff's counsel contacted the undersigned counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On May 11, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the case is time-barred as a matter of law as to Defendants. (*See* E-mail thread between plaintiff's counsel, Valarie Hall, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On June 4, 2020, plaintiff filed *Plaintiff's Motion for Leave to Amend Complaint* and Memorandum in Support ("Plaintiff's Memo") (Master Docket, Doc. 10523). Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Defendants.[1]

## II. LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff, a resident of Georgia, knew about her claim that docetaxel caused her injury at least as early as October 25, 2017, as evidenced by the filing of her Short Form Complaint. The only statement in support of the motion for leave to amend is the following: "Subsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that [Defendants] were also the manufacturers of the Taxotere/Docetaxel that she received . . . ." (Plaintiff's Memo, p. 1.) But plaintiff's motion does not even argue she is seeking leave to amend in order to name the defendant(s) whose product was used in her cancer treatment, though presumably that is what she is attempting to do. More importantly, plaintiff's motion does not

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

even attempt to rebut Defendants' grounds for refusing to consent; namely, that the case is clearly time-barred. But even if plaintiff did attempt to justify the relief she is seeking, as opposed to simply asserting that she is entitled to such relief, the proposed Amended Short Form Complaint would be futile, because plaintiff's case against Defendants is time-barred.

### A. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602-03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Northern District of Georgia). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24,

3

2017).  As such, Georgia's choice-of-law rules apply.  Under Georgia choice-of-law provisions, Georgia's statute of limitations will apply in this matter.  *Mullins v. M.G.D. Graphics Sys. Grp.*, 867 F. Supp. 1578, 1580 (N.D. Ga. 1994); *Jamison v. Cooper*, 754 F.2d 1568, 1569–70 (11th Cir. 1985).  Plaintiff's claims are governed by Georgia's two-year statute of limitations applicable to product liability actions as codified in O.C.G.A. § 9-3-33.  *See e.g., Daniel v. Am. Optical Corp.*, 251 Ga. 166, 167, 304 S.E.2d 383, 385 (1983).

Under Georgia's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Defendants more than two-and-a-half years after she filed her original complaint.[2]  Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on October 25, 2017.  As discussed above, plaintiff claims she currently resides in, and her injuries occurred in, Georgia, which employs a two-year statute of limitations.  *See* O.C.G.A. § 9-3-33.  Under Georgia law, a "cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be." *Rivell v. Private Health Care Sys., Inc.*, 887 F. Supp. 2d 1277, 1285 (S.D. Ga. 2012) (quoting *Barrett v. Jackson,* 44 Ga. App. 611, 611 (1932)).  Georgia does employ what is known as a "discovery rule," which tolls the statute of limitations until the plaintiff knew or should have discovered, through the exercise of reasonable diligence, both (1)

---

[2] For the sake of simplicity and for the purposes of responding to plaintiff's motion only, Defendants will assume that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint.  Defendants reserve the right to argue that her cause of action accrued much earlier, and no later than six months following the completion of chemotherapy consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)

4

the nature of his or her injury; and (2) the causal connection between the injury and the alleged conduct of the defendant. *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992); *Anderson v. Sybron Corp.*, 165 Ga. App. 566 (1983).

However, the Georgia Supreme Court has explicitly limited the discovery rule's application "to cases of bodily injury which develop only over an extended period of time." *Corporation of Mercer Univ. v. National Gypsum Co.,* 258 Ga. 365 (1988). Thus, in Georgia the discovery rule only applies to cases involving "continuing torts," where the plaintiff's injury developed from prolonged exposure to the defendants' tortious conduct. *See Bitterman v. Emory*, 175 Ga. App. 348 (1985) (stating that the discovery rule "was adopted in Georgia to aid a plaintiff suffering a continuing tort," and defining a continuing tort as "one inflicted over a period of time"); *see also Burch v. Remington Arms Co., LLC*, No. 2:13-CV-00185-RWS, 2014 WL 12543887, at *3 (N.D. Ga. May 6, 2014).

Here, plaintiff's injuries cannot be considered a "continuing tort" that would allow for application of the discovery rule. Any such argument is belied by the fact that plaintiff believed her alleged injury was tortiously caused by at least October 25, 2017, when she filed this lawsuit alleging that her injury was caused by docetaxel. Plaintiff simply cannot claim that she had a "continuing tort" that necessitates application of the discovery rule when she already filed her lawsuit more than two years ago claiming injuries related to docetaxel. Further, while Defendants have assumed that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint (*see* footnote 2), this Court's previous Order shows that plaintiff's injury is not a continuing tort. (*See e.g.*, *Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand [Doc. 8702] (holding that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is

5

defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy.") Here, at a minimum, plaintiff's injury occurred, and her cause of action accrued, no later than six months after the completion of chemotherapy, or October 12, 2016. (*See* Proposed Amended Short Form Complaint [Doc. 10523-2] ¶ 10, claiming that plaintiff's last docetaxel treatment was on April 12, 2016.)

### C. THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT

Plaintiff may attempt to argue the claims against Defendants in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and therefore her claims are timely. But directly applicable Fifth Circuit precedent holds that a relation-back argument under FCRP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff admits she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998). Therefore plaintiff's claims against Defendants are barred by Georgia's two-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave for an amendment to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under

FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)).  *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006).  "An amendment to a pleading relates back to the date of the original pleading when:"

> ……
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>   i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which, is fatal and the claims against the new defendant will not relate back.  *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998).  Here, an analysis of the criteria in Rule 15(c)(1)(C)(i) is not necessary.  Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Defendants was "but for a mistake concerning the proper party's identity."[3]

Plaintiff admits she is naming Defendants now only because she previously did not know their identity. (*See* Plaintiff's Memo, p. 1 ("Subsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that [Defendants] were also the manufactures of the

---

[3] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Defendants] received such notice of the action that [they] will not be prejudiced in defending on the merits" under FRCP 15(c)(1)(C)(i).  Plaintiff first apprised Defendants of her belief that they should have been parties to this lawsuit on April 28, 2020, but the lawsuit was initiated against other defendants on October 25, 2017.  Surely plaintiff cannot seriously argue that Defendants somehow are on notice that they might be added as parties to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because they are parties in some cases in this MDL.

Taxtotere/Docetaxel that she received . . .".).)  The Fifth Circuit has held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c).  *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).)  Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name." *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (*citing Jacobsen*, 133 F.3d 315).

  Plaintiff does not allege a mistake that would allow her claims against Defendants to relate back.  She does not state that she attempted to name Defendants in her original Short Form Complaint but misspelled or used incomplete names.  Instead, plaintiff admits that she did not know the identity of Defendants at all.  Plaintiff's failure to identify Defendants in the over two-and-a-half-years since she filed her original Short Form Complaint in October of 2017 is not a mistake Rule 15(c) is designed to remedy.  *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

  Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-

barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Defendants are futile and her motion for leave to amend her Complaint to add Defendants must be denied.

### III.   CONCLUSION

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., respectfully request the Court deny *Plaintiff's Opposed Motion for Leave to Amend Complaint* naming Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc., as defendants.  Such a complaint would be futile, because the newly added claims against Defendants would be subject to dismissal on statute of limitation grounds.

Dated:  June 16, 2020.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Michael J. Suffern