UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 <br><br> SECTION "H" (5) <br> JUDGE MILAZZO <br> MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO <br> *Rose Calvin v. Sanofi-Aventis U.S. LLC et al.* <br> Case No. 2:17-cv-11094 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint is subject to a motion to dismiss and, as such, leave to amend would be futile, because: (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz, such that the doctrine of laches bars the amendment.

**I.      PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on October 24, 2017. (*See* Complaint in Member Action No. 2:17-cv-11094). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of the state of Illinois and received all of her chemotherapy treatment in that state. (*See* Doc. 10525-2 at 2, 4). As such, all of Plaintiff's personal injury claims are subject to Illinois' 2-year statute of limitations. *See* 735 I.L.C.S. § 180/2, 5/13-202, 213(d).

On January 8, 2020, Plaintiff submitted product identification documents to the MDL Centrality system pursuant to Case Management Order ("CMO") 12A, which purports to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Calvin, Rose – BMR – 000075-97, attached as Exhibit 1; *see also* see also Screen Shot from MDL Centrality Page for Rose Calvin, Plaintiff Documents Tab, Doc. ID 431742, attached hereto as Exhibit 2).

Now, more than six months after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10525, 10525-1, 10525-2).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted the undersigned, counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 4, 2020. (Doc. 10525).

## II.  LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff states only that she is entitled to relief because

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not aware that she had claimed Sandoz product identification.

2

"[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10525-1 at 1).

Plaintiff apparently made no effort to determine which Defendant's docetaxel she received prior to filing her lawsuit in October 2017. But, knowing she did not have identification for the manufacturer of her docetaxel, she elected not to sue one of the possible manufacturers, MDL Defendant Sandoz. She then failed to obtain product identification for more than two years (the applicable limitations period) and allowed the statute of limitations to expire as to Sandoz. Plaintiff's motion offers no excuse for her delay. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred and her proposed amended complaint does not relate back to the filing of her original complaint. Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

### A.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when leave would be futile; leave to amend is futile where the proposed amended complaint would not withstand a motion to dismiss. *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012); *Peneschi v. National Steel Corp.*, 170 W.Va. 511, 523, 295 S.E.2d 1, 13 (1982) ("Rule 15(c) imposes restrictions in deference to the equally important purposes of the statute of limitations").

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches. *Foryoh v. Hannah-Porter*, 428 F.Supp.2d 816, 820 (N.D. Ill. 2006); *Moore*

3

*v. State of Indiana*, 999 F.2d 1125, 1129–30 (7th Cir.1993) (affirming denial of leave to amend complaint where amendment would be futile, as time-barred); *1515 North Wells, L.P. v. 1513 North Wells, L.L.C.*, 392 Ill.App.3d 863, 870 (Ill. App. 2009)("factors a court must consider include: … (2) whether the proposed amendment was timely; (3) whether the opposition would be prejudiced or surprised by the amendment; and (4) whether there were earlier opportunities to amend the pleading"); *Holland v. Richards*, 4 Ill.2d 570, 572 (Ill. 1955) (dismissing claims and denying leave to amend where claims barred by statute of limitations and laches).

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Eastern District of Illinois). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying Illinois's injury-centric choice of law rules, Illinois's statute of limitations applies to Plaintiff's claims because Plaintiff resides in and claims to have sustained her alleged injury in Illinois. *See Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, (Ill. 2007).

Illinois has a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* 735 I.L.C.S. § 180/2, 5/13-202, 213(d), and a five-year statute of limitations for claims based in fraud, 735 I.L.C.S. § 5/13-202.

B. **THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Under Illinois' applicable statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz

4

more than five years after her alleged injury. Her ignorance of the proper defendant is no excuse for her failure to name each known MDL defendant. Indeed, Plaintiff's motion offers zero evidence she even *attempted* to obtain product identification within the statute of limitations. Accordingly, Plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to a motion to dismiss on statute of limitations grounds.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about April 23, 2014. (*See* Doc. 10497-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, Plaintiff's injury in this case occurred no later than October 23, 2014.

More than three years later, on October 24, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-10313-JTM-MBN, filed Nov. 11, 2017). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two-plus years, more than five years after her injury accrued. Under Illinois' two-year statute of limitations, Plaintiff's lawsuit was barred

by the statute of limitations when originally filed. It is plainly untimely as against Sandoz. *Foryoh*, 428 F.Supp.2d at 820; *Moore*, 999 F.2d at 1129–30.[3]

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under Federal Rule of Civil Procedure 15(c)(1), an amended pleading against a new defendant only relates back to the date of the original filing if the defendant to be added "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity.*" FRCP 15(c)(1)(C)(ii) (emphasis added). As the Seventh Circuit has opined, the rule permits "an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Correctional Officer*, 201 F3d 910, 914 (7th Cir. 2000). The rule "does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identify the proper party." *Id*. Indeed, courts have held that relation back may not be used where the "mistake" was ignorance of a defendant's identity; it is limited to cases of "misnomer." *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993).

Plaintiff's proposed amended complaint is barred by Illinois' statute of limitations and cannot relate back to her original filing. As such, leave to amend would be futile.

### C.    THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

---

[3] The "discovery rule" has no application to the instant motion. Under the discovery rule, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused. Clay v. Kuhl, 727 N.E.2d 217 (Ill. App. 2000). *PSI Resources, LLC v. MB Financial Bank, Nat. Ass'n*, 55 N.E.3d 186, 196 (2016) ("once the injured person becomes possessed of sufficient information concerning his injury… the burden is upon plaintiff to inquire further as to the existence of a cause of action"). Those principles simply have no application, here. On October 24, 2017, when she filed her lawsuit, Plaintiff was in possession of all of the facts on which her claims are based. There is no question her alleged injury had accrued by that date and she had "discovered" it. Yet, she did not attempt to sue Sandoz for another two-plus years. Under any conceivable metric, her claims are time barred and amendment would be futile.

To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought (none was), her motion for leave to amend should also be denied under the doctrine of laches.

Laches is an equitable doctrine that forecloses a claim when the plaintiff has unreasonably delayed in bringing it, to the opposing party's prejudice. *Lingenfelter v. Keystone Consol. Indus.*, 691 F.2d 339, 340 (7th Cir. 1982). It is "principally a question of the inequity of permitting a claim to be enforced." *Galliher v. Cadwell*, 145 U.S. 368, 12 S. Ct. 873, 36 L. Ed. 738 (1892). Unlike statutes of limitations, which are based on the passage of time, laches is based "upon changes of conditions or relationships." *Miller v. City of Indianapolis*, 281 F. 3d 648, 653 (7th Cir. 2002). Thus, there must be both a lack of diligence by the plaintiffs and prejudice to the defendants. *Id.* "The plaintiffs bear the burden of explaining their delay in bringing suit." *Id.* Here those requirements are satisfied.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after her initial filing and offers no justification for her failure to obtain product identification in that period. Then, once she obtained product identification in January 2020, Plaintiff failed to seek leave to amend her complaint for another 6 months. Her continued pattern of unjustified delay is inexcusable.

Second, Plaintiff's delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff's Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets. Any assertion by Plaintiff that documents or information were submitted on MDL

7

Centrality ignores the very issue raised by this opposition: until Sandoz was named as a defendant in this case, it had no reason to and did not examine documents submitted by Plaintiff.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes the type of "extraordinary circumstances" sufficient to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated: June 19, 2020

        Respectfully submitted,

        **GREENBERG TAURIG, LLP**

        */s/ Nicholas A. Insogna*
        Nicholas A. Insogna
        One International Place, 20th Floor
        Boston, MA 02110
        Telephone: (617) 310-6231
        insognan@gtlaw.com
        *Attorney for Sandoz Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Nicholas A. Insogna*