UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Rosita Young* Case No. 2:18-cv-08037 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint is subject to a motion to dismiss and, as such, leave to amend would be futile because: (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, causing significant prejudice to Sandoz, including denying it an opportunity to conduct discovery and/or to consider this case for trial pool nominations; as such, the doctrine of laches also bars the amendment.

**I.  PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit on August 23, 2018. (*See* Complaint in Member Action No. 2:18-cv-08037). Plaintiff's "Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of and received chemotherapy in the state of North Carolina. (*See* Doc. 10526-2 at 2). As such, her personal injury claims (and purported fraud claims) are subject to a 3-year statute of limitations. N.C.G.S.A. § 1-52 et seq.

On November 1, 2018, Plaintiff submitted product identification documents to the MDL Centrality system pursuant to Case Management Order ("CMO") 12A, which purports to identify Sandoz[2] and Hospira as the manufacturers of Plaintiff's docetaxel. (*See* Young, Rosita – BMR – 00001-10, attached as Exhibit 1; *see also* Screen Shot from MDL Centrality Page for Rosita Younf, Plaintiff Documents Tab, Doc. ID 259087, attached hereto as Exhibit 2).

Curiously, that same day, Plaintiff submitted a Plaintiff Fact Sheet identifying only Hospira as the manufacturer of her Docetaxel. (*See* Plaintiff's Fact Sheet filed November 1, 2018, attached as Exhibit 3). Notably, too, the transmittal cover letter on Plaintiff's submitted product identification information reflects that those same documents (Young, Rosita – BMR – 00001-10) were sent to her attorney's office on April 28, 2018, before her lawsuit was filed. (*See* Ex. 1 at Young, Rosita – BMR – 00002).

On April 4, 2020, long after submitting product identification identifying Sandoz and Hospira as manufacturers of her docetaxel, Plaintiff dismissed the Sanofi entities. (Doc. No. 9941). Even then, she made no effort to amend her complaint to add Sandoz as a defendant.

Now, more than eighteen months after producing documents purporting to establish product ID with respect to Sandoz, and after North Carolina's three-year statute of limitations lapsed on her claims, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant. (Docs. 10526, 10526-1, 10526-2, and 10526-3).

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not contemporaneously aware that she had claimed Sandoz product identification.

On April 28, 2020, pursuant to CMO-37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 4). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 5). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 4, 2020. (Doc. 10526).

II.   **LAW AND ARGUMENT**

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff states only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10526-1 at 1). Critically, however, Plaintiff submitted the medical records purporting to demonstrate product identification as to Sandoz on November 1, 2018, more than eighteen months prior to Plaintiff's instant motion. (*See* Exhibit 1).

At the time plaintiff filed her lawsuit, she already was in possession of the records upon which she now claims product identification as to Sandoz. (*See* Ex. 1, Young, Rosita – BMR – 00002). She simply failed to act on product identification information that was in her possession for more than a year and half. Plaintiff's motion offers no excuse for her delay — indeed, Plaintiff simply ignores the facts, despite knowing that her delay and the statute of limitations would be the bases of Sandoz' opposition to the proposed amendment. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred and there are no grounds upon which it could relate back to the original filing date. Even if it were not time barred, Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

3

### A. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss. *Id.* (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on numerous grounds provided under North Carolina law, including statute of limitations, undue delay, and the doctrine of laches. *See Everett v. Prison Health Services*, 412 Fed.Appx. 604, at *2 (4th Cir. 2011) (affirming denial of leave to amend where statute of limitations had expired as to new defendant); *Rowe v. Aurora Commercial Corp.*, 599 Fed.Appx. 95, 96 (4th Cir. 2015) (affirming denial of leave to amend where amended claims could not withstand motion to dismiss on, *inter alia*, statute of limitations grounds); *Harold v. Dowd*, 561 S.E.2d 914, 920 (N.C. App. 2002) ("Reasons warranting a denial of leave to amend include "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments"); *Williams v. Owens*, 712 S.E.2d 359, 360 (N.C. Ct. App. 2011).

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Middle District of North Carolina). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying North Carolina's choice of law rules, North Carolina's statute of limitations applies because Plaintiff resides and received her chemotherapy treatment in North Carolina. *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 698 S.E.2d 719, 799 (N.C. App. 2010).

North Carolina has a three-year statute of limitations for all of Plaintiff's claims, including her personal injury claims, whether based on strict products liability and negligence, and her purported fraud claims. *See* N.C.G.S.A. § 1-52 et seq.

B.     **THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Under North Carolina's applicable statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz more than three years after her alleged injury.

The proposed Second Amended Short Form Complaint alleges that Plaintiff completed her chemotherapy on or about May 1, 2015. (*See* Doc. 10452-3 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form

5

Complaint and Jury Demand (Doc. 8702).)  Therefore, plaintiff's injury in this case occurred no later than November 1, 2015.

On August 23, 2018, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-11129-JTM-MBN, filed Oct. 24, 2017). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she did not attempt to sue Sandoz — *who she already knew was a manufacturer of her docetaxel* — for nearly two more years until after the statute of limitations had expired.

Under North Carolina's three-year statute of limitations, Plaintiff's lawsuit against Sandoz is untimely and leave to amend should be denied.  *See Everett v. Prison Health Services*, 412 Fed.Appx. 604, at *2 (4th Cir. 2011) (affirming denial of leave to amend where statute of limitations had expired as to new defendant); *Rowe v. Aurora Commercial Corp.*, 599 Fed.Appx. 95, 96 (4th Cir. 2015) (affirming denial of leave to amend where amended claims could not withstand motion to dismiss on, *inter alia*, statute of limitations grounds).  Even the most lenient application of a "discovery rule" cannot toll a statute of limitations for more than 5 years, particularly where the claimed injury is a cosmetic injury the plaintiff claims causes her great mental anguish.

Even if Plaintiff claims she was unaware that Sandoz was a proper defendant (a claim contradicted by the documents), the Fourth Circuit does not permit relation back under such circumstances.  *See Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (stating that Rule 15(c) permits relation back in case of mistake concerning identity of proper party, not lack of knowledge of proper party); *Penn Millers Ins. Co. v. U.S.*, 472 F.Supp.2d 705, 715-716

(E.D. N.C. 2007).[3] Accordingly, permitting Plaintiff's proposed Amended Short Form Complaint is subject to a motion to dismiss and leave to amend would be futile.

### C.   LEAVE TO AMEND SHOULD BE DENIED FOR PLAINTIFF'S UNDUE DELAY

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them against Sandoz within three years of the date of her injury. To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, however, her motion for leave to amend should also be denied because she unduly delayed in seeking to amend her complaint to name Sandoz as a defendant and, separately, because that delay was unduly prejudicial to Sandoz.

Undue delay and undue prejudice are specifically identified as independent grounds for denying a motion for leave to amend a complaint under North Carolina jurisprudence. G.S. § 1A-1, Rule 15; *Harold*, 561 S.E.2d at 920; *Coffey v. Savers Life Ins. Co.*, 578 S.E.2d 709 (N.C. App. 2003) (affirming denial of leave to amend where "the amendment was also untimely because plaintiff could have sought leave to amend the complaint earlier in the proceedings"); *House of Raeford Farms, Inc. v. City of Raeford*, 408 S.E.2d 885, 887 (N.C. App. 1991) (affirming denial of leave to amend based on undue prejudice where plaintiff sought to add new claims that could have been brought earlier).

Here, Plaintiff unreasonably delayed in seeking to amend her complaint for more two years after her initial filing, despite knowing that Sandoz was a proper defendant that entire time. Plaintiff's delay is inexcusable and she offers no justification for it. To the contrary, Plaintiff's motion claims that "subsequent to the filing of her initial Short Form Complaint, Plaintiff

---

[3] Similarly, under North Carolina law a plaintiff may not amend her pleading to add a new defendant outside of the statute of limitations — such complaints do not "relate back" to the original filing date, under any circumstance. *Williams v. Owens*, 712 S.E.2d 359, 360 (N.C. Ct. App. 2011) (relation back doctrine "is not applicable as plaintiff is attempting to amend her complaint to add new parties"), citing *Fennell v. Stephenson*, 554 S.E.2d 629, 633–34 (N.C. Sup. Ct. 2001) ("This Court has directly and explicitly stated that while Rule 15 of the North Carolina Rules of Civil Procedure permits the relation-back doctrine to extend periods for pursuing claims, it does not apply to parties")

discovered that Sandoz Inc. was one of the manufacturers of [her] Taxotere/Docetaxel." (Doc. No. 10526-1, at 1). That is false. As set forth above, Plaintiff appears to have been in possession of that information at the time she filed her initial complaint and certainly had it no later than November 1, 2018.

Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff's Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. Sandoz has made trial pool nominations in the period during which it should have been named in Ms. Young's case, but was not due to her unexcused delay in amending her complaint. Had Sandoz been named as a defendant, it could have considered Ms. Young's case for inclusion in those nominations.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes the type of "extraordinary circumstances" sufficient to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *Harold*, 561 S.E.2d at 920 ("Reasons

warranting a denial of leave to amend include "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments").

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and for her unreasonable delay and the resultant prejudice to Sandoz.

Dated: June 19, 2020.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**
*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.


                                            /s/      *Nicholas A. Insogna*