## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)
                                               JUDGE MILAZZO
                                               MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Carol Murray v. Sanofi-Aventis U.S. LLC et al.*
*Case No. 2:17-cv-12356*

### MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant.  The proposed amended complaint would be subject to a motion to dismiss and, as such, leave to amend would be futile because Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations.

## I.    PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff initiated this lawsuit on November 13, 2017. (*See* Complaint in Member Action No. 2:17-cv-12356). Plaintiff's Short Form Complaint named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

Plaintiff is a resident of the state of Texas, but allegedly sustained her injuries in the state of Virginia. (*See* Doc. 10510-2 at 4).  As such, all her claims are subject to Virginia's 2-year statute of limitations. Va. St. 12 § 8.01-243(A).

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction.  (*See* PTO 37A, Rec. Doc. No. 1682).

On September 12, 2018, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted product identification documents to the MDL Centrality system purporting to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Murray, Carol – BMR – 000072-000079, attached as Exhibit 1; Screen Shot from MDL Centrality Page for Carol Murray, Plaintiff Documents Tab, Doc. ID 122692 attached hereto as Exhibit 2).

Notably, both the transmittal letter and the certification date on Plaintiff's CMO-12 submission reflect that those documents were provided to plaintiff's counsel on December 11, 2017.   *See* Ex. 1, at pp. 78-79. Thus, Plaintiff was aware of the alleged manufacturer of her docetaxel on that earlier date and simply failed to upload that information within the 30 days required by CMO-12A.

Curiously, on September 28, 2018, more than nine months after receiving records purportedly demonstrating that Sandoz was the manufacturer of her medication and a proper defendant, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 4443).   She still did not seek leave to amend her complaint to add Sandoz at that time.

Now, more than two years (the statute of limitations) after receiving documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10510, 10510-1, 10510-2, 10510-3).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not aware that she had claimed Sandoz product identification.

May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 2, 2020. (Doc. 10510).

## II.   LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested and her claims are clearly time-barred. Plaintiff offers only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10510-1 at 1). Critically, however, Plaintiff was in possession of those same medical records purporting to demonstrate product identification as to Sandoz on or about December 11, 2017, more than two years (i.e. the statutory limitations period) prior to Plaintiff's instant motion. (*See* Ex. 1). Plaintiff offers no excuse for her delay — she simply ignores the facts, despite knowing that her delay and untimeliness are the bases of Sandoz' opposition to the proposed amendment. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred.

### A.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint is futile and could not withstand a motion to dismiss on statute of limitations

grounds. *See*; *Everett v. Prison Health Services*, 412 Fed.Appx. 604, at *2 (4th Cir. 2011) (affirming denial of leave to amend where statute of limitations had expired as to new defendant); *Ahari v. Morrison*, 654 S.E.2d 891, 893-94 (Va. 2008) (affirming denial of leave to amend where statute of limitations lapsed); *Walker v. McDonald's Corp.*, 18 Va. Cir. 22, 1988 WL 619191 at *1 (Va. Cir. Ct. 1988) (denying leave to amend to add a new defendant where statute of limitations had expired).

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Eastern District of Texas).   *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017).  Applying Texas's choice of law rules, Virginia's statute of limitations applies to Plaintiff's claims because Virginia is the state where Plaintiff's treatment and alleged injury occurred. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) (applying "most substantial relationship" test, based on location of injury, conduct causing injury, and relationship between the parties); *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 & n.1 (Tex. 2000).

Virginia has a two-year statute of limitations for all of Plaintiff's claims, whether sounding in personal injury or fraud.  Va. St. 12 § 8.01-243(A).

## B.     THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under Virginia's two-year statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz

more than five years after her alleged injury, and more than two years after she initiated her lawsuit and obtained product identification.  Plaintiff's initial ignorance of the manufacturer of her docetaxel is no excuse for her failure to name each known MDL defendant.  Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *an additional two years* (i.e. longer than the limitations period) after learning Sandoz was a proper defendant.  In the interim, she amended her pleadings to dismiss other defendants, without ever attempting to name the proper defendant. Accordingly, leave to amend would be futile because the proposed amended complaint is subject to a motion to dismiss on statute of limitations grounds.

The proposed Second Amended Short Form Complaint alleges that Plaintiff completed her chemotherapy on or about June 4, 2015. (*See* Doc. 10510-2, ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018.  (*Id.* at 1).  This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy.  (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)  Therefore, plaintiff's injury in this case occurred no later than December 4, 2015.  Plaintiff did not attempt to sue *any* manufacturer of docetaxel until November 13, 2017.

On that date, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:18-cv-02031-JTM-MBN, filed Feb. 27, 2018)).  Thus, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury.  Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL.  In fact,

she did not attempt to sue Sandoz for another two years, until more than four years after her alleged injury. Under Virginia's two-year statute of limitations, her claims against Sandoz are plainly proscribed and leave to amend would be futile.

Further, by no later than December 11, 2017, Plaintiff knew Sandoz was not only a possible defendant but (according to Plaintiff's claims) the proper defendant.[3] On that date, Plaintiff came into possession of CMO-12 product identification evidence that she claims indicates Sandoz was the manufacturer of the docetaxel with which she was treated. (*See* Exhibit 1). Indeed, Plaintiff's First Amended Plaintiff Fact Sheet submitted on March 27, 2018 claimed that Sandoz was the manufacturer of her docetaxel. (See Ex. 2; *see also* attached First Amended Plaintiff Fact Sheet for Carol Murray attached hereto as Ex. 5). Even though knowledge of the identify of the proper defendant is not the test for accrual of a cause of action under the law, by any conceivable metric March 27, 2018 is the absolute latest date on which the statute of limitations began to run. By that date Plaintiff indisputably believed by March 27, 2018 that she had an evidentiary basis and legal grounds for a cause of action against Sandoz. Her attempt to add Sandoz as a defendant more than two years later is plainly barred by Virginia's statute of limitations. Va. St. 12 § 8.01-243(A).

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under both Va. St. § 8.01-6 and Federal Rule of Civil Procedure 15(c)(1), an amended pleading identifying a new defendant only relates back to the date of the original filing if:

> "[the new] party will not be prejudiced in maintaining a defense on the merits, and that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party."

---

[3] The certification date on plaintiff's CMO-12 submission and the transmittal letter to plaintiff's counsel reflect a December 11, 2017 date. Plaintiff simply failed to upload that information within the 30 days required by CMO-12A, waiting an additional nine months without excuse. (Ex. 1).

*See* Va. St. § 8.01-6; *see also* FRCP 15(c)(1)(C)(ii) (requiring that defendant to be added "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity.*") (emphasis added).

Plaintiff cannot satisfy those requirements.  There was no "mistake" as to the identity of the proper defendant — Plaintiff knew the identity of all potential manufacturers of her docetaxel and simply elected not to sue Sandoz.  That election is not a "mistake" sufficient to justify the relation back to her original complaint date.  And, it certainly cannot justify Plaintiff's continued delay for over two years after her actual knowledge in March 2018 that Sandoz was a proper defendant.

Indeed, Virginia state and federal courts have expressly held that the "relation back" doctrine cannot be used in similar circumstances.  *Bruce v. Smith*, 581 F.Supp. 902, 906 (W.D. Va. 1984) ("in the absence of a mistake by plaintiff as to the identification of the proper defendants, it is irrelevant whether the new party had constructive notice that the suit would have been brought against him"); ; *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971) ("misnomer arises where the right party is incorrectly named, not where the wrong defendant is named").  The provision does not apply when an amendment seeks to assert claims against a new defendant, even when the amendment adds a "necessary party." *Carter v. Commonwealth*, 67 Va. Cir. 308, 2005 WL 995519 at *1 (Va. Cir. 2005); *see also Contracting Corp. v. Bechtel Corp*., 885 F.2d 1196, 1201 (4th Cir. 1989) (stating that Rule 15(c) permits relation back in case of mistake concerning identity of proper party, not lack of knowledge of proper party); *Schieszler v. Ferrum College*; 233 F.Supp.2d 796, 802 (W.D. VA 2002).

Finally, Plaintiff is unable to rely on the "discovery rule" to help save her time-barred claims.  Where applicable, the "discovery rule" provides that a cause of action accrues when the

injury is, or should have been, discovered.  Even under the most liberal application of a discovery rule, however, Plaintiff's claims are still time-barred under Virginia law: she waited more than two years (the limitations period) from the time she *knew* Sandoz was the proper defendant before she sought to amend her complaint.  Under any conceivable metric, her claims are time barred and amendment would be futile.

## III.    CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend.  The proposed amended complaint would be futile, because the claims against newly-added defendant Sandoz would be subject to dismissal on statute of limitation grounds.

Dated:  June 19, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<u>/s/ *Nicholas A. Insogna*      </u>