UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)      MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Wendy Ellen Galecki Polk v. Sanofi-Aventis U.S. LLC et al.*,
Case No. 2:17-cv-11187

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint would be subject to a motion to dismiss and, as such, leave to amend would be futile because (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz, such that the doctrine of laches bars the amendment.

**I. PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit on October 25, 2017. (*See* Complaint in Member Action No. 2:17-cv-11187). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Plaintiff subsequently dismissed the Sanofi entities in two series of dismissals on January 8, 2018 and September 28, 2018 (*see* Doc. 4441). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of the state of Arizona and received her chemotherapy treatments in that state. (*See* Doc. 10511-3 at 2, 4). As such, her personal injury claims are subject to a 2-year statute of limitations. Ariz. Rev. Stat. § 12-542.

On March 19, 2018, Plaintiff submitted product identification to the MDL Centrality system pursuant to Case Management Order ("CMO") 12A, which purports to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (Galecki Polk, Wendy Ellen – BMR - 000182, attached as Exhibit 1; see also Screen Shot from MDL Centrality Page for Wendi Galecki Polk, Plaintiff Documents Tab, Doc. ID 114653, attached hereto as Exhibit 2).

Curiously, Plaintiff submitted a Fact Sheet that same day asserting that the manufacturer of her docetaxel was "unknown." (*See* Excerpt of Plaintiff's Fact Sheet filed March 19, 2018, attached as Exhibit 3). Notably, the fax header on Plaintiff's purported product identification documentation is dated December 22, 2017, suggesting that she had that information in her possession since that earlier date. (See Ex. 1).

Now, more than five years after her chemotherapy was completed, more than two years after she filed her complaint and obtained product identification, and long after Arizona's two-year statute of limitations has lapsed on her claims, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10511, 10511-1, 10511-2, 10511-3).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 4). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not contemporaneously aware that she had claimed Sandoz product identification.

2

as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 5). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 2, 2020. (Doc. 10511).

## II.     LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff's Motion states only that "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10511-1 at 1). Critically, however, Plaintiff submitted medical records purporting to demonstrate product identification as to Sandoz on March 19, 2018, more than two years (the limitations period) before the instant motion. (*See* Exs. 1-2).

Plaintiff apparently made no effort to determine which Defendant's docetaxel she received prior to filing her lawsuit in October 2017. She then failed to act on product identification information in her possession for more than two years. Plaintiff's motion offers no excuse for her delay. Plaintiff simply ignores those facts, despite knowing they would be the basis of Sandoz' opposition to the proposed amendment. Accordingly, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred. Even if Plaintiff's claims were not time barred, Plaintiff's proposed amended complaint is barred by the doctrine of laches.

### A.     LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012); *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013); *see also Reddy v. Litton Indus., Inc.,*

3

912 F. 2d 291 (9th Cir. 1990).  Courts are correct to deny leave to amend where the amended complaint would be subject to dismissal.  *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991) (citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989)).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches.  In *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1103 (9th Cir. 2018), the Ninth Circuit found that "[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' such as when the claims are barred by the applicable statute of limitations." (citing *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008)); *see also Deutsche Bank National Trust Company v. Pheasant Grove LLC*, 429 P.3d 558, 564 (Ariz. 2018) (affirming denial of leave to amend where statute of limitations had expired on amended claims); *Tovrea v. Nolan*, 875 P.2d 144 (Ariz. 1993); *Isgro v. Wells Fargo Bank, N.A.*, 2019 WL 273373, (Ariz. App., Jan. 22, 2019) (denying leave to amend on both statute of limitations and laches grounds).

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the District of Arizona).  *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017).  Applying Arizona's choice of law rules, Arizona's statute of limitations applies to Plaintiff's claims because

4

Plaintiff resides in Arizona and her alleged injury occurred there. *See Pounders v. Enserch E&C, Inc.*, 232 Ariz. 352 (Ariz. 2013).

Arizona applies a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence and a three-year statute of limitations for claims based in fraud. Ariz. Rev. Stat. §§ 12-542, 12-543(3).

### B.   THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under Arizona's two-year statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz roughly five years after her alleged injury accrued.[3] Plaintiff did not even attempt to add Sandoz as a defendant for more than two years (i.e., longer than the limitations period) after learning Sandoz was a proper defendant. Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to a motion to dismiss.

The proposed Second Amended Short Form Complaint alleges that Plaintiff completed her chemotherapy on or about September 11, 2014. (*See* Doc. 10452-3 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, applying this Court's Order,

---

[3] Arizona's three-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

5

Plaintiff's injury in this case occurred no later than March 11, 2015. Plaintiff did not attempt to sue *any* manufacturer of docetaxel until more than two years after her injury had accrued.

Then, on October 25, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-11187). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two-plus years, until more than five years after her injury accrued.

Under Arizona's two-year statute of limitations, Plaintiff's lawsuit was untimely when filed originally. Now, more than five years after Plaintiff's claim accrued and more than two years after her initial filing, she seeks leave to file an Amended Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly proscribed and leave to amend would be futile. *Hoang*, 910 F.3d at 1103; *Pima County*, 550 P.2d at 94; *Deutsche Bank*, 429 P.3d at 564; *Tovrea*, 875 P.2d 144.[4]

Further, the "relation back" doctrine does not save Plaintiff's untimely complaint. Under Arizona law, "relation back" does not apply to new parties not named in the original filing. *Pima County v. Superior Court, In and For Pima County*, 550 P.2d 92, 94 (Ariz. 1976) (affirming denial of leave to amend where statute of limitations had run as to new defendant to be added). Similarly, under FRCP 15 does not permit "relation back" where the only "mistake" alleged is that the

---

[4] To be clear the "discovery rule" has zero application to this motion. Under the discovery rule, "the statute begins to run… when a claimant knows or should know she has been injured and when she likewise "knows or with reasonable diligence should know the facts underlying the cause." *Wyckoff v. Mogollon Health All.*, 307 P.3d 1015, 1018 (Az. App. 2013). It is the plaintiff's burden to show the discovery rule applies. *Id*. Once a plaintiff is suspicious about an injury, she has reasonable cause to investigate and there will be no further tolling of the statute. *Id*. Those principles do not apply. Regardless of when she claims to have "discovered" her cause of action, by March 2018, Plaintiff had filed a lawsuit and possessed the evidence based on which she now claims Sandoz was the proper defendant. She then waited longer than the entire limitations period after she indisputably *knew* Sandoz was a proper defendant before she sought to amend her complaint. Under any conceivable metric, her claims are time barred and amendment would be futile.

plaintiff did not know the identity of the proper defendant at the time of his original filing. *See*, *Gonzales v. Phoenix Police Dept*., 2006 WL 2052711 at *4 (D. Ariz., July 19, 2006). In short "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." *Long v. Ford Motor Co.*, 2008 WL 2937751 at *5 (D. Ariz., July 23, 2008), *citing Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993) ("Rule 15(c)6 does not permit relation back where, as here, there is a lack of knowledge of the proper party").

Further, by no later than March 19, 2018 (and apparently by December 22, 2017), Plaintiff knew Sandoz was not only a possible defendant but a *proper* defendant. On March 19, 2018, Plaintiff's counsel submitted to MDL Centrality CMO-12 product identification evidence that plainly indicates Sandoz Inc. was a manufacturer of the docetaxel with which she was treated (attached as Exhibit 1). The submitted evidence consists of plaintiff's medical records which identify Sandoz NDC numbers for her docetaxel treatments. Though identification of the proper defendant is not the legal test for timeliness, even using March 19, 2018 as the absolute latest date on which Plaintiff's claims against Sandoz could have accrued, she still did not file within the two year statute of limitations. Her claims are plainly time-barred and leave to amend would be futile.

    **C.**    **THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS**

To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought (none was) her motion should also be denied under the doctrine of laches.

Laches is an equitable doctrine that forecloses a claim when the plaintiff has unreasonably delayed in bringing it, resulting in prejudice to the opposing party. *Sotomayor v. Burns*, 13 P.3d 1198, 1199-1200 (Ariz. 2000) ("laches will generally bar a claim when the delay is unreasonable and results in prejudice to the opposing party"). Here, laches applies to bar Plaintiff's claims.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after identifying Sandoz as the proper defendant. Her delay is inexcusable and Plaintiff does not even attempt to offer justification.

Second, Plaintiff's delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff's Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's relied in good faith on Plaintiff's pleadings, to its detriment. That is sufficient reason to deny plaintiff's motion for leave to amend, even if her claims were not time-barred by the applicable statute of limitations.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches

Dated:  June 19, 2020

                              Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/      Nicholas A. Insogna