UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION, | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HONORABLE JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Mildred Kumar v. Sanofi S.A., et al.* Civil Action No. 2:17-cv-15311 | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

**COMES NOW** Plaintiff, Mildred Kumar, by and through counsel and pursuant to Pretrial Order 105, Federal Rule of Civil Procedure 15(a), and LR 7.4, and hereby files this, her Memorandum in Support of Motion for leave to file her First Amended Short Form Complaint.

## BACKGROUND

Considering that many Plaintiffs have begun amending, or intend to amend, their individual Short Form Complaints in response to this Court's rulings on recent motions seeking to amend pleadings as they relate to statute of limitations, this Court entered Pretrial Order 105 [Doc. No. 10338] to address such amendments regarding all Plaintiffs in MDL No. 2470 who intend to amend their Short Form Complaints. The Plaintiff herein, Mildred Kumar, is one of those Plaintiffs.

## LEGAL STANDARD

Not unmindful of the plethora of case law regarding amending pleadings under Rule 15, such an analysis and discussion is unncesary in the present Motion. To be sure, this Honorable Court has already addressed and anaylzed all relevant standards

1

and provided the parties to this litigation specific guidance and instructions to follow concerning Plaintiffs in MDL No. 2470 who intend to amend their Short Form Complaints. Specifically, this Court has already ruled that "Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Pretrial Order No. 105, Paragraph 2 [Doc. No. 10338].

## ANALYSIS

Here, Ms. Kumar seeks to amend her Short Form Complaint's Statement of Facts to include the following particularized allegations:

1. On or about October 14, 2010, Plaintiff underwent her first round of Docetaxel Injections with her treating Oncologist.

2. As she was being escorted by her treating physician to receive her first round of chemotherapy, Plaintiff was advised by her oncologist that she was going to lose her hair, but it would grow back.

3. During the course of chemotherapy, Plaintiff suffered hair loss and thinning of the hair, over her entire head, along with bald-spotting and thinning of the hair, hair loss and thinning around the temples, eyebrows, body, and genital areas.

4. Plaintiff's last chemotherapy treatment occurred on or about April 21, 2011.

5. Plaintiff reasonably relied on the statements provided by her physician. Plaintiff did experience some return of hair growth over an extended period of time, as suggested by her physician.

6. Plaintiff was never provided any information by her physician or the manufacturer of her chemotherapy drug upon which to reasonably know that negligence

       had occurred. Specifically, no statements made by her doctors or their staff, or contained within Plaintiff's medical records, or notices or warnings provided by her chemotherapy drug manufacturer, or otherwise available to her upon reasonable investigation would have suggested anything other than what she was informed by her doctor.

7. Not until Plaintiff saw legal advertisements on television did she even begin to realize her hair loss and thinning of the hair were likely permanent and the negligence which caused injury. Not until such time did she realize the "who, when, how, and by what" had she been permanently injured.

8. As a layperson, it was unrealistic for Plaintiff to perceive any injury at the time of the wrongful acts complained of herein, or six months thereafter or later, as she cannot reasonably be held to have knowledge of negligent acts and corresponding injuries which were known only to the manufacturer of her chemotherapy drug, and kept secret, and a few informed attorneys.

9. As a result of the actions of the Defendants as set forth herein, Plaintiff has suffered compensable injuries based on the following Counts, *inter alia*.

While Plaintiff does not presuppose to know Defendants' objections to the requested amendment, it can reasonably be assumed that Defendants object to Paragraphs 7 and 8 of Plaintiff's Statement of Facts set forth verbatim above. For example, in Defendants' Opposition to Plaintiffs' Objections to Pretrial Order No. 105 [Doc. No. 10448], Ms. Kumar's request to amend her Short Form Complaint was specifically addressed. In opposition, Defendants argued that Paragraphs 7 and 8 of Ms. Kumar's Statement of Facts do not comply with Pretrial Order 105 because the allegations are "so generic they could be stated as 'fact' for any Plaintiff in this litigation – and are a transparent attempt to change, or distance herself from, the date of the

3

onset of injury in conflict with the Master Complaint." Defendants' Opposition to Plaintiffs' Objections to Pretrial Order No. 105, Page 3 [Doc. No. 10448].

Despite protestation to the contrary, the Plaintiff herein is not trying to alter the commencement date of the injury from the Master Complaint.  Argument on this issue would be futile.  This Court has made it abundantly clear to all parties that the Plaintiffs are tied to the commencment date alleged in their Master Complaint.  However, concerning the allegations contained in Paragraph 7 of Plaintiff's Statement of Facts, this Court has already determined that "[a] jury will have to consider whether Plaintiff was reasonable in relying on such statements from her doctors (those contained in Paragraphs 2 and 6 of Plaintiff's Statement of Facts) and whether Plaintiff was reasonable in failing to attribute her injury to Taxotere until she learned of the attorney advertisement years after she sustained her injury."  Order and Reasons [Doc. No. 10465].  Paragraph 7 of Plaintiff's proposed amended Statement of Facts must be read in conjuction with all preceding paragraphs, not in isolation.  Paragraph 7 of Plaintiff's Statement of Facts is specifically factual to her, and the type of fact this Court has already deemed sufifciently relevant to present to a jury.

Concerning Defendants' objections to Paragraph 8 of Plaintiff's Statement of Facts, Plaintiff concedes that this paragraph taken in isolation is arguably not 'factual' in nature.  However, Ms. Kumar thought it important for this Honorable Court and the Defendants to understand her position on the issue of notice and knowledge.  Ms. Kumar understands that the final decision regarding her request to amend her Short Form Complaint rests with the discretion of this Court, and she takes comfort in that knowledge.

## CONCLUSION

Plaintiff herein, Ms. Mildred Kumar, confidently presumes that she has complied with this Court's stated requirements contained within Pretrial Order 105 concerning her request to amend her Short Form Complaint. Thus, for all the reasons stated herein as well as her Motion, she respectfully requests that this Court grant her Motion to Amend her Short Form Complaint.

Dated this the 19th day of June, 2020.

                                        RESPECTFULLY SUBMITTED,

                                      Mildred Kumar, Plaintiff

BY:   */s/ Jim Reeves, Esquire*
          JIM REEVES, ESQUIRE
          MS Bar No. 9519
          Reeves & Mestayer, PLLC

## CERTIFICATE OF CONFERENCE

I certify that I attempted to obtain the consent of counsel for the Defendants to file this Motion for Leave to File Amended Complaint pursuant to Local Rule 7.6. Defendants have indicated that they opposse the motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed using the Court's electronic filing system and thereby served upon all counsel of record by electronic filing on this 19th day of June, 2020.

BY: /s/ Jim Reeves
Jim Reeves, Esquire
MS Bar No. 9519
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS  39530
(228) 374-5151 (telephone)
(228) 374-6630 (facsimile