# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

MDL No. 2740

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Donna Bailey, et al.*,
Case No. 2:17-cv-12885

## MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint would be subject to a motion to dismiss and, as such, leave to amend would be futile because: (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz (including denying it a potential trial pool nomination), such that the doctrine of laches bars the amendment.

## I.    PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff initiated this lawsuit on November 21, 2017. (*See* Complaint in Member Action No. 2:17-cv-12885). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of North Carolina and received her chemotherapy treatment in that state. (*See* Doc. 10486-2 at 2). As such, her personal injury claims are subject to a 3-year statute of limitations. N.C.G.S.A. § 1-52 et seq.

On March 20, 2018, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted product identification documents to the MDL Centrality system purporting to identify Sandoz[2] as a manufacturer of Plaintiff's docetaxel. (*See* Baily, Donna – BMR - 000109, attached as Exhibit 1; *see also* Screen Shot from MDL Centrality Page for Donna Bailey, Plaintiff Documents Tab, Doc. ID 116880, attached hereto as Exhibit 2). Curiously, on September 28, 2018, more than six months after learning that Sandoz was a proper defendant, Plaintiff filed a Notice of Partial Dismissal as to the Sanofi entities, but still made no effort to add Sandoz as a defendant. (*See* Doc. 4435).

Now, more than two years after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10486, 10486-1, 10486-2).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 1, 2020. (Doc. 10491).

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not contemporaneously aware that she had claimed Sandoz product identification.

## II.    LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested.  Plaintiff offers only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10491-1 at 1). Critically, however, Plaintiff submitted the medical records purporting to demonstrate product identification as to Sandoz on March 20, 2018, more than two years prior to Plaintiffs' instant motion. (*See* Exs. 1-2).

Plaintiff apparently made no effort to determine which Defendant's docetaxel she received prior to filing her lawsuit in November 2017.  She then failed to review product identification records already in her possession when she dismissed certain parties in September 2018.  Plaintiff's motion offers no excuse for her delay — Plaintiff simply ignores the facts, despite knowing the basis of Sandoz' opposition to the proposed amendment. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred.  Even if it were not time barred, Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

### A.    LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires.  F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995).  Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss.  *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under

the doctrine of laches. *See Everett v. Prison Health Services*, 412 Fed.Appx. 604, at *2 (4th Cir. 2011) (affirming denial of leave to amend where statute of limitations had expired as to new defendant); *Rowe v. Aurora Commercial Corp.*, 599 Fed.Appx. 95, 96 (4th Cir. 2015) (affirming denial of leave to amend where amended claims could not withstand motion to dismiss on, *inter alia*, statute of limitations grounds); *Harold v. Dowd*, 561 S.E.2d 914, 920 (N.C. App. 2002) ("Reasons warranting a denial of leave to amend include "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments").

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if Plaintiff's lawsuit was filed in Plaintiff's home district (in this case, the Eastern District of North Carolina). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying North Carolina's choice of law rules, North Carolina's statute of limitations applies to Plaintiff's claims because North Caroline is where Plaintiff resides, where Plaintiff received her chemotherapy treatment, and where Plaintiff sustained her alleged injury. *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 698 S.E.2d 719, 799 (N.C. App. 2010).

North Carolina has a three-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, and her fraud claims. *See* N.C.G.S.A. § 1-52 *et seq*.

**B.     THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Under North Carolina's three-year statute of limitations, Plaintiff's lawsuit was untimely on its face. Plaintiff's proposed Amended Short Form Complaint is time-barred because she seeks to assert her personal injury claims against Sandoz more than three years after her alleged injury.

The proposed Second Amended Short Form Complaint alleges that Plaintiff completed her chemotherapy on or about April 22, 2014. (*See* Doc. 10486-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1). This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, Plaintiff's injury in this case occurred no later than October 22, 2014. North Carolina's three-year statute of limitations, expired on October 22, 2017. Plaintiff did not attempt to sue *any* manufacturer of docetaxel until more than three years later.

On November 21, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two and one-half years, until more than six years after her injury accrued.

Under North Carolina's three-year statute of limitations, Plaintiff's original lawsuit was untimely on its face. Now, more than five years after the date on which Plaintiff's claim accrued (per the Master Complaint), more than two and one-half years after her initial filing, and more than

two years after Plaintiff's submitted product identification, she seeks leave to file an Amended
Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly
proscribed and leave to amend would be futile.[3]

The Fourth Circuit does not permit relation back under the instant circumstances. *See
Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (stating that Rule 15(c)
permits relation back in case of mistake concerning identity of proper party, not lack of knowledge
of proper party); *Penn Millers Ins. Co. v. U.S.*, 472 F.Supp.2d 705, 715-716 (E.D. N.C. 2007).[4]

Further, by no later than March 20, 2018, Plaintiff knew Sandoz was not only a possible
defendant but the *proper* defendant.[5]  On that date, Plaintiff's counsel submitted to MDL Centrality
CMO-12 product identification evidence that purports to show Sandoz Inc. was a manufacturer of
the docetaxel with which she was treated. (*See* Exhibit 1).  The submitted evidence consists of a
medical record from plaintiff's infusion facility which identifies a Sandoz NDC numbers (66758-
050-03) with respect to a single treatment of docetaxel, on February 7, 2014.  *Id.*

All Plaintiff needed to do to discover the identity of the allegedly proper defendant was to
review medical records, which she indisputably had in her possession by March 20, 2018 when

---

[3] The "discovery rule" is plainly inapplicable in this case.  Where applicable, the "discovery rule" provides that a
cause of action accrues when the injury is, or should have been, discovered.  Even under the most liberal application
of a discovery rule, however, Plaintiff's claims are still time-barred under North Carolina law: she waited more than
two years from the time she *knew* Sandoz was the proper defendant before she sought to amend her complaint.
Under any conceivable metric, her claims are time barred and amendment would be futile.

[4] Similarly, under North Carolina law a plaintiff may not amend her pleading to add a new defendant outside of the
statute of limitations — such complaints do not "relate back" to the original filing date, under any circumstance.
*Williams v. Owens*, 712 S.E.2d 359, 360 (N.C. Ct. App. 2011) (relation back doctrine "is not applicable as plaintiff
is attempting to amend her complaint to add new parties"), citing *Fennell v. Stephenson*, 554 S.E.2d 629, 633–34
(N.C. Sup. Ct. 2001) ("This Court has directly and explicitly stated that while Rule 15 of the North Carolina Rules
of Civil Procedure permits the relation-back doctrine to extend periods for pursuing claims, it does not apply to
parties")

[5] The fax header and fax cover sheet on plaintiff's CMO-12 submission shows that the documents were faxed on
January 4, 2018, suggesting that Plaintiff actually was aware of the manufacturer of her docetaxel on that earlier
date and simply failed to upload that information within the 30 days required by CMO-12A.  *See* Ex. 1.

they were produced on MDL Centrality.  (Ex. 2). Plaintiff did not even attempt to add Sandoz as a defendant for *more than two years* after that date.

### C.   THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them within three years of the date of her injury and failed to bring them against Sandoz within 5 years of the date of her injury. To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, however, her motion for leave to amend should also be denied under the doctrine of laches.

Undue delay and undue prejudice are specifically identified as independent grounds for denying a motion for leave to amend a complaint under North Carolina jurisprudence.  G.S. § 1A-1, Rule 15; *Harold*, 561 S.E.2d at 920; *Coffey v. Savers Life Ins. Co*., 578 S.E.2d 709 (N.C. App. 2003) (affirming denial of leave to amend where "the amendment was also untimely because plaintiff could have sought leave to amend the complaint earlier in the proceedings"); *House of Raeford Farms, Inc. v. City of Raeford*, 408 S.E.2d 885, 887 (N.C. App. 1991) (affirming denial of leave to amend based on undue prejudice where plaintiff sought to add new claims that could have been brought earlier).

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after identifying Sandoz as the proper defendant. Her delay is inexcusable and was compounded by her own misleading submissions.  Indeed, none of the "medical records" posted to MDL Centrality reflect NDC numbers for any docetaxel product associated with any other Defendant.  Six months later, on September 28, 2018, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 4442). Instead, she sat on product identification information for *more than two years*.

Second, Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes the type of "extraordinary circumstances" sufficient to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *Harold*, 561 S.E.2d at 920 ("Reasons warranting a denial of leave to amend include "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments").

III.     **CONCLUSION**

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend.  The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated:  June 19, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.


/s/  *Nicholas A. Insogna*