UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

MDL No. 2740

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Demetria Pierce v. Sanofi-Aventis U.S. LLC et al.;* Case No. 2:17-cv-11075

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint would be subject to a motion to dismiss and, as such, leave to amend would be futile because: (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz, such that the doctrine of laches bars the amendment.

**I.      PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on October 24, 2017. (*See* Complaint in Member Action No. 2:17-cv-11075). Plaintiff's Short Form Complaint named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of and allegedly sustained her injuries in the state of Kentucky. (*See* Doc. 10504-2 at pp. 2-4). As such, her personal injury claims are subject to a 1-year statute of limitations. Ky. Rev. Stat. § 413.140(1)(a).

On July 10, 2018, Plaintiff uploaded a First Amended Plaintiff Fact Sheet claiming that Sandoz was the manufacturer of her docetaxel. *See* Plaintiff's First Amended Plaintiff Fact Sheet, attached as Exhibit 1; Screen Shot from MDL Centrality Page for Demetria Pierce, Plaintiff Documents Tab, Doc. ID 198928, attached hereto as Exhibit 2. On September 12, 2018, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted product identification documents to the MDL Centrality system purporting to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Statement of Chemotherapy Drug Administered, attached as Exhibit 3).

Notably, the certification date on plaintiff's CMO-12 submission shows that the documents were certified by the provider facility on May 24, 2018, suggesting that Plaintiff actually was aware of the alleged manufacturer of her docetaxel on that earlier date and simply failed to upload that information within the 30 days required by CMO-12A. (*Id.*). With both submissions, Plaintiff failed to amend her complaint to name Sandoz as a defendant.

Curiously, on September 28, 2018, Plaintiff filed a Notice of Partial Dismissal With Prejudice, dismissing the Sanofi entities. Still, Plaintiff failed to amend her complaint to name Sandoz as a defendant.

Now, more than a year after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10504, 10504-1, 10504-2, 10504-3).

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not aware that she had claimed Sandoz product identification.

On April 28, 2020, pursuant to Pretrial Order ("PTO") 37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 4). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 5). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 2, 2020. (Doc. 10504).

**II.   LAW AND ARGUMENT**

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff offers only that "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. were the manufacturers of the Taxotere/Docetaxel that she received." (Doc. 10504-1 at 1).

Critically, however, Plaintiff claimed Sandoz product identification on July 10, 2018, and submitted the medical records purporting to demonstrate product identification as to Sandoz on September 12, 2018, both well over a year (i.e. the statutory limitations period) prior to Plaintiff's instant motion. (*See* Exs. 1, 3). In short, Plaintiff's original complaint failed to identify the proper defendant and, once she was aware of the proper defendant, she still waited longer than the full limitations period before she attempted to sue that defendant (Sandoz). Those facts are sufficient to show that Plaintiff's claims are time-barred as to Sandoz. As such, the proposed amended complaint is subject to a motion to dismiss and leave to amend would be futile.

Plaintiff's motion offers no excuse for her delay — Plaintiff simply ignores the facts, despite knowing that her delay and untimeliness are the bases of Sandoz' opposition to the proposed amendment. Alternatively, Plaintiff's proposed amended complaint is subject to dismissal under the doctrine of laches.

### A.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires.  F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995).  Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss.  *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Kentucky law provides that where a proposed amendment to a complaint could not withstand a Rule 12(b) motion to dismiss on any grounds, a district court may properly deny leave to amend as futile.  *Clark v. Viacom Int'l Inc*., 617 Fed. Appx. 495 (2015) (citing *Riverview Health Inst. LLC v. Med. Mut. Of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (applied where statute of limitations had expired);  *Hughes v. Red River Gorge Zipline, LLC, d/b/a Red River Gorge Zipline Tours, et al.,* No. 5:17-cv-482, 2018 WL 3199458 (E.D. Ky. June 29, 2018) (citing *Clark*, 617 F. App'x at 500; *see Plaza Condominium Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 54 (Ky. 1996) (laches "serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others").

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Western District of Kentucky).  *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24,

4

2017). Applying Kentucky's forum-centric choice of law rules, Kentucky's statute of limitations applies to Plaintiff's claims because Plaintiff resides in and claims to have sustained her alleged injury in Kentucky. *See Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009); *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972) (finding that in tort cases "if there are significant contacts—not necessarily the most significant contacts—with Kentucky, the Kentucky law should be applied").

Kentucky has a one-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* Ky. Rev. Stat. § 413.140(1)(a), and a five-year statute of limitations for claims based in fraud, *id.* § 413.120(11).

### C.  THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under Kentucky's applicable statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz nearly four years after her alleged injury and more than two years after she initiated her lawsuit and obtained purported product identification.[3] Her initial ignorance of the manufacturer of her docetaxel is no excuse for her failure to name each known MDL defendant. Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *well over an additional year (i.e. longer than the limitations period) after* learning Sandoz purportedly was a proper defendant.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about February 8, 2016. (*See* Doc. 10504-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1). This Court has held that the Master Complaint in the MDL,

---

[3] Kentucky's five-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Plaintiff's injury in this case occurred no later than August 8, 2016. Plaintiff did not attempt to sue *any* manufacturer of docetaxel for more than one year after her injury had accrued.

Then, on October 24, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-11075). Her initial lawsuit was untimely on its face. Regardless, as of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two and one-half years.

Now, more nearly four years after the date on which Plaintiff's claim accrued (per the Master Complaint) and more than two and one-half years after her initial filing, Plaintiff seeks leave to file an Amended Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are barred by Kentucky's one-year statute of limitations and leave to amend should be denied as futile.[4]

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under Federal Rule of Civil Procedure 15(c)(1), in Kentucky, relation back is only

---

[4] The "discovery rule" cannot save her time-barred claims against Sandoz. Under Kentucky law, the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered. *Michels v. Sklavos*, 869 S.W.2d 728, 732 (Ky. 1994). However, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. *Resthaven Memorial Cemetery, Inc. v. Volk*, 286 Ky. 291, 150 S.W.2d 908, 912 (Ky. 1941). A person who has knowledge of an injury is put on "notice to investigate" and discover, within the statutory time constraints, the identity of the tortfeasor. *McCollum v. Sisters of Charity of Nazareth health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990). Here, Plaintiff waited more than a year after *knowing* the identify of the proper defendant. The discovery rule is plainly inapplicable.

available where there was "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *Estate of McMain by & through Bullock v. Noffsinger,* 2020 WL 1066995, at *2 (W.D. Ky. Mar. 5, 2020). Relation back is not available to add new parties where a plaintiff learned the new party's identity in discovery, and the Sixth Circuit has explained that plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)[ (1)(C)(ii).]" *Moore v. Hopkins Cty., Kentucky*, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008))

Indeed, Kentucky courts have denied attempts to apply the relation back doctrine when a new defendant's identity is discovered after the statute of limitations has expired, concluding that relation back is not appropriate "when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired." *Moore v. Hopkins Cty., Kentucky,* 2017 WL 3097530, at *3 (quoting *Hiler v. Extendicare Health Network, Inc.,* 2013 WL 756352, *3–4 (E.D. Ky. Feb. 26, 2013)); *see also Ham v. Sterling Emergency Servs. of the Midwest, Inc.,* 575 F. App'x 610, 615–17 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio,* 517 Fed. Appx. 431, 434 (6th Cir. 2013); *Medley v. Shelby Co., Ky.,* No. 13-CV-35-GFVT, 2015 WL 2041780 (E.D. Ky. Apr. 30, 2015) (Plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period.); *Jadco Enterprises, Inc. v. Fannon*, No. CIV.A. 6:12-225-DCR, 2013 WL 6055170 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) (a plaintiff's lack of knowledge of the

7

identities of the defendants is not a reason to relate back after the statute of limitations has expired).

Here, by no later than July 10, 2018, Plaintiff knew Sandoz was not only a possible defendant but (according to Plaintiff's claims) the proper defendant. On that date, Plaintiff's counsel submitted to MDL Centrality a First Amended Plaintiff Fact Sheet claiming that Sandoz was the manufacturer of her docetaxel. *See* Exs. 1-2. Though identification of the proper defendant is not the legal test for timeliness under the law, even using that metric, July 10, 2018 is the absolute latest date on which the statute of limitations could begin to run. It took Plaintiff nearly *two more years* to seek leave to amend her complaint. Her claims against Sandoz are plainly time-barred and leave to amend would be futile. Ky. Rev. Stat. § 413.140(1)(a).

C. **THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS**

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them within two years of the date of her injury and failed to bring them against Sandoz within 5 years of the date of her injury. To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, however, her motion for leave to amend should also be denied under the doctrine of laches.

"The doctrine of laches prohibits claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Cherry v. Augustus*, 245 S.W.3d 766, 774 (Ky. Ct. App. 2006). "[T]his doctrine serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Plaza Condominium Ass'n, Inc.*, 920 S.W.2d at 54. Prior to the expiration of the statute of limitations, one claiming laches must also show prejudice based on the unreasonable delay. *Id.*

Here, while plaintiffs proposed amended complaint was not filed until *after* expiration of the statute of limitations, there exist both unreasonable delay and prejudice.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than a year after identifying Sandoz as the proper defendant. Her delay is inexcusable and was compounded by her own misleading submissions. On January 4, 2019, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 5679). Instead, she sat on product identification information for an additional year.

Second, Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where

memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes the type of "extraordinary circumstances" sufficient to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *See Plaza Condominium Ass'n, Inc.*, 920 S.W.2d at 54 (noting that laches can bar any claim based on unreasonable delay rendering it inequitable to allow that party to reverse a previous course of action, but a party claiming laches prior to the expiration of the statute of limitations must also show prejudice).

### III.  CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated:  June 19, 2020

    Respectfully submitted,

    **GREENBERG TRAURIG, LLP**

    */s/ Nicholas A. Insogna*
    Nicholas A. Insogna
    One International Place, 20th Floor
    Boston, MA 02110
    Telephone: (617) 310-6231
    insognan@gtlaw.com
    *Attorney for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Nicholas A. Insogna*

ACTIVE 50996994v2