UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Mary Richmond* Case No. 2:17-cv-13108 | |

**<u>MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT</u>**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint is subject to a motion to dismiss and, as such, leave to amend would be futile because (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, causing significant prejudice to Sandoz, such that the doctrine of laches bars the amendment.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on November 22, 2017. (*See* Complaint in Member Action No. 2:17-cv-13108). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of the state of West Virginia. (*See* Doc. 10497-2 at 2). As such, all her claims (whether personal injury or fraud) are subject to a 2-year statute of limitations. *See* W. Va. Code § 55-2-12.

On March 20, 2018, Plaintiff submitted product identification to the MDL Centrality system pursuant to Case Management Order ("CMO") 12A, which purports to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Richmond, Mary – BMR – 001159-001172, attached as Exhibit 1; see also Screen Shot from MDL Centrality Page for Mary Richmond, Plaintiff Documents Tab, Doc. ID 117152, attached hereto as Exhibit 2).

Curiously, on September 28, 2018, more than six months after learning that Sandoz was a proper defendant, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 4449).

Now, more than two years after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10497, 10497-1, 10497-2).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 2, 2020. (Doc. 10497).

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not contemporaneously aware that she had claimed Sandoz product identification.

2

## II.  LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because Plaintiff' has not made any showing that she should be granted the requested leave to amend, despite the running of the statute of limitations and her unreasonable delay.  Rather, Plaintiff states only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10497-1 at 1). Critically, however, Plaintiff submitted the medical records purporting to demonstrate product identification on March 20, 2018, more than two years (the limitations period) *before* Plaintiffs' instant Motion. (*See* Exs. 1-2).

Plaintiff apparently made no effort to determine which defendant's docetaxel she received prior to filing her lawsuit in November 2017.  She then failed to review product identification records already in her possession when she dismissed certain defendants in September 2018. Plaintiff's motion simply ignores those inconvenient facts.  Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred and her proposed amended complaint may not relate back to the filing of her original complaint.  Even if it were not time barred, Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

### A.  LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires.  F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995).  Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss.  *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012); *Peneschi v. National*

*Steel Corp.*, 170 W.Va. 511, 523, 295 S.E.2d 1, 13 (1982) ("Rule 15(c) imposes restrictions in deference to the equally important purposes of the statute of limitations").

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches. *Everett v. Prison Health Services*, 412 Fed.Appx. 604, at *2 (4th Cir. 2011) (affirming denial of leave to amend where statute of limitations had expired as to new defendant); *Rowe v. Aurora Commercial Corp.*, 599 Fed.Appx. 95, 96 (4th Cir. 2015) (affirming denial of leave to amend where amended claims could not withstand motion to dismiss on, *inter alia*, statute of limitations grounds); *Bowyer v. Hi-Lad, Inc.*, 2002 WL 34455146 (W.Va. Cir. Ct., Oct. 1, 2002) ("with respect to the motion for leave to amend… because it was filed more than two years after the original Complaint was filed, it may be untimely… said motion should be denied").

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Southern District of West Virginia). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying West Virginia's choice of law rules, West Virginia's statute of limitations applies to Plaintiff's claims because West Virginia is the state in which Plaintiff's alleged injury occurred. *See State of West Virginia ex rel. Chemtall Inc. v. Madden*, 607 S.E.2d 772, 780 (W.Va. 2002); *Vest v. St. Albans Psychiatric Hosp.*, 182 W.Va. 228, 229, 387 S.E.2d 282, 283 (1989) ("the substantive rights between the parties are determined by the law of the place of injury").

West Virginia has a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability, negligence and fraud. *See* W. Va. Code § 55-2-12.

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under West Virginia's applicable two-year statute of limitations, Plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz nearly six years after her alleged injury. Her ignorance of the proper defendant is no excuse for her failure to name each known MDL defendant. Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *an additional two-plus years* (i.e. longer than the limitations period) *after* learning Sandoz was a proper defendant. Accordingly, Plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to a motion to dismiss on statute of limitations grounds.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about May 29, 2014. (*See* Doc. 10497-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1).) This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).) Therefore, plaintiff's injury in this case occurred no later than November 29, 2015.

Nearly two years later, on November 22, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:17-cv-10313-JTM-MBN, filed Nov. 11, 2017). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she did not attempt to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two-plus years, more than five years after her injury accrued. Under West Virginia's two-year statute of limitations, Plaintiff's lawsuit is plainly untimely as against Sandoz, who Plaintiff did not even attempt to sue until more than five years after the latest date on which her claim could have accrued and more than two years after her initial filing.[3]

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under both West Virginia Rule of Civil Procedure 15(c) and Federal Rule of Civil Procedure 15(c)(1), an amended pleading only relates back to the date of the original filing if:

> "the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and [] notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint"

*See* W. Va. Civ. Pro. 15(c)(3)); *see also* FRCP 15(c)(1)(C)(ii) (requiring that defendant to be added "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*."); *Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (stating that Rule 15(c) permits relation back in case of mistake concerning identity of proper party, not lack of knowledge of proper party) (emphasis added).

---

[3] The "discovery rule" plainly has no application, here. The discovery rule is a limited exception that tolls a statute of limitations only until such time as a plaintiff, "by the exercise of reasonable diligence" should have known the facts sufficient for her cause of action. *Roberts v. West Virginia American Water Co.*, 655 S.E.2d 119, 125 (2007). "Mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations." *Id*. That exception does not assist Plaintiff: she waited longer than the limitations period from the time she *knew* Sandoz was a proper defendant before she sought to amend her complaint to name Sandoz. Under any conceivable metric, her claims are time barred and amendment would be futile.

6

Plaintiff cannot satisfy the requirements for her proposed amended complaint to relate back to the original filing.  There was no "mistake" as to the identity of the proper defendant — Plaintiff knew the identity of all potential manufacturers of her docetaxel and simply elected not to sue Sandoz.  That election is no basis on which to claim a "mistake."

Further, by no later than March 20, 2018, Plaintiff knew Sandoz was not only a possible defendant but the *proper* defendant.  On that date, Plaintiff's counsel submitted CMO-12 product identification evidence that plainly indicates Sandoz Inc. was a manufacturer of the docetaxel with which she was treated (attached as Exhibit 1).  Plaintiff failed to amend her complaint for more than two additional years (i.e., longer than the statutory limitations period) after learning of her supposed "mistake."  Though identification of the proper defendant is not the legal test for timeliness under the law, even using March 20, 2018 as the date on which her cause of action accrued against Sandoz, Plaintiff's claims are barred by West Virginia' two-year statute of limitations.  A Plaintiff cannot sit idly for longer than the limitations period after learning the identity of the proper defendant and then claim that her pleading "relates back."  Indeed, a "mistake" under West Virginia Rule 15(c) does not include "a deliberate tactical omission." *Brown v. Community Moving & Storage, Inc.,* 193 W.Va. 176, 179, (1995) (*per curiam*).  Accordingly, Plaintiff's Complaint is time-barred on its face and leave to amend would be futile.

      C.      **THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS**

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them against Sandoz within 5 years of the date of her injury. To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, however, her motion for leave to amend should also be denied under the doctrine of laches.

The doctrine of laches is "an equity doctrine to the effect that unreasonable delay will bar a claim if the delay is a prejudice to the defendant." *Kinsinger v. Pethel*, 766 S.E.2d 410 (Sup. Ct. Appeals W. Va. 2014). Under West Virginia law, two essential elements must exist for laches to bar a claim: (1) unreasonable delay in asserting a right or claim; and (2) prejudice to the opposing party by the delay. *Id.*; *see also Hartley v. Ungvari*, 318 S.E.2d 634, 638 (S. Ct. App. W. Va. 1984). Here, both requirements are satisfied.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after identifying Sandoz as the proper defendant. Her delay is inexcusable and was compounded by her own misleading submissions: on September 28, 2018, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 4442). Instead, she sat on product identification information for *more than two years*.

Second, Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff's Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets. Any assertion by Plaintiff that documents or information were submitted on MDL Centrality ignores the very issue raised by this opposition: until Sandoz was named as a defendant in this case, it had no reason to and did not examine documents submitted by Plaintiff.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether

Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint at the eleventh hour, after the limitations period has expired.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, is sufficient reason to bar Plaintiff's claims under the doctrine of laches.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated:  June 19, 2020.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**
*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Nicholas A. Insogna*