UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO |
| | MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Cindy Barbiche, et al.*, Case No. 2:17-cv-12311 | |

### MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint would be subject to a motion to dismiss and, as such, leave to amend would be futile because: (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in substantial prejudice to Sandoz, by denying it an opportunity to conduct discovery and consider this case for inclusion in trial pool nominations; as such, the doctrine of laches bars the amendment.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff initiated this lawsuit on November 13, 2017. (*See* Complaint in Member Action No. 2:17-cv-12311). Plaintiff's "Amended Short Form Complaint" named Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of and received her chemotherapy treatment in the state of New Jersey. (*See* Doc. 10489-2 at 2). As such, her personal injury claims are subject to a 2-year statute of limitations. N.J.S.A § 2A:14-2.

On September 12, 2018, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted product identification documents purporting to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Plaintiff's CMO-12 submission, CMR – Barbiche, Cindy – 0000361, attached as Exhibit 1; *see also* MDL Centrality Screenshot for Cindy Barbiche, attached as Exhibit 2, at Doc ID 234958 (submission date)).

Now, more than seven years after completing chemotherapy and eighteen months after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant. (Docs. 10489, 10489-1, 10489-2). That proposed amended complaint is time-barred.

On April 28, 2020, Plaintiff's counsel contacted counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 1, 2020. (Doc. 10489).

**II.   LAW AND ARGUMENT**

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff offers only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz,

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not contemporaneously aware that she had claimed Sandoz product identification.

2

Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10489-1 at 1). Critically, however, Plaintiff sued other manufacturers of docetaxel nearly three years earlier, and submitted the medical records purporting to demonstrate product identification as to Sandoz on September 12, 2018, well over a year prior to her instant motion. (*See* Exhibit 1).

Plaintiff apparently made no effort to determine which Defendant's docetaxel she received prior to filing her lawsuit in November 2017. Plaintiff's motion offers no excuse for her delay — Plaintiff simply ignores the facts, despite knowing the basis of Sandoz' opposition to the proposed amendment. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred. Even if it were not time barred, Plaintiff's proposed amended complaint is barred by the doctrine of laches.

A. **LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches. *See In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314 (3d Cir. 2002) (affirming denial of leave to amend as futile where Plaintiff's claim was barred by statute of limitations); *see also Doe v. United States,* 112 F. Supp. 2d 398, 402 (D.N.J. 2000) ("where the amended claims are barred by the statute of limitations [leave] can be denied for futility.").

3

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the District of New Jersey). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying New Jersey's choice of law rules, New Jersey's statute of limitations applies to Plaintiff's claims because Plaintiff resides in New Jersey, received her chemotherapy treatment in New Jersey, and sustained her alleged injury in New Jersey. *McCarrell v. Hoffmann-La Roche, Inc.*, 153 A.3d 207, 210 (N.J. 2017) (in a pharmaceutical products liability matter, New Jersey's statute of limitations should apply unless "exceptional circumstances" exist).

New Jersey has a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* N.J.S.A § 2A:14-2, and a four-year statute of limitations for claims based in fraud, *id.* § 2A:14-1.

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under New Jersey's statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz more than six years after her alleged injury and more than two and one-half years after she initiated her lawsuit.[3] Plaintiff's ignorance of the proper defendant is no excuse for her failure to name

---

[3] New Jersey's four-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

4

each known MDL defendant.  Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *more than 18 months* after learning Sandoz was a proper defendant.  Accordingly, leave to amend would be futile because the proposed amended complaint is subject to a motion to dismiss on both statute of limitations and laches grounds.

The proposed Second Amended Short Form Complaint alleges that Plaintiff completed her chemotherapy on or about May 7, 2013. (*See* Doc. 10489-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018.  (*Id.* at 1).  This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy.  (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)  Therefore, Plaintiff's injury occurred no later than November 7, 2013.  Plaintiff did not attempt to sue *any* manufacturer of docetaxel until more than four years after her injury had accrued, on November 13, 2017.

On that date, Plaintiff filed suit claiming she was injured by her treatment with docetaxel.  As of November 13, 2017, then, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury.  Yet, she did not attempt to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two and one-half years, until more than six years after her injury accrued.

Under New Jersey's two-year statute of limitations, Plaintiff's lawsuit was untimely on its face, when filed originally.  Now, more than six years after the date on which Plaintiff's claim accrued (per the Master Complaint) and more than two and one-half years after her initial filing,

5

she seeks leave to file an Amended Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly proscribed and leave to amend would be futile.[4]

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. New Jersey requires that a Plaintiff show four elements for a complaint to qualify for the relation back doctrine:

> "(1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; (2) the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits; (3) the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the third and fourth requirements must have been fulfilled within 90 days after the original complaint was filed, or longer if good cause is shown."

*Sterling v. New Jersey Aquarium, LLC,* 2020 WL 1074809, at *5 (D.N.J. Mar. 6, 2020) (citing Fed. R. Civ. P. 15(c)(1)(C)).

New Jersey courts have found that when the statute of limitations has expired regarding the claims at issue, the relation back doctrine is inapplicable. *Molnar v. Hedden,* 138 N.J. 96, 104 (1994) (relation-back doctrine 'does not authorize amendment of the pleading to allege a new cause of action against another party to the litigation [that] is barred by the running of the statute of limitations").

Further, by no later than September 12, 2018, Plaintiff knew Sandoz was not only a possible defendant but a *proper* defendant. On that date, Plaintiff's counsel submitted CMO-12

---

[4] The "discovery rule" cannot save her time-barred claims as against Sandoz. *Kendall v. Hoffman-La Roche, Inc.*, 209 N.J. 173, 191 (2012) ("statutes of limitation are intended to penalize dilatoriness and serve as measures of repose. When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action.") Application of the rule does not turn on whether the injured person knows the exact identity of the tortfeasor, nor must the plaintiff have legal advice or an expert opinion for her cause of action to accrue. Baird v. Am. Med. Optics, 155 N.J. 54, 66 (1998). Here, Plaintiff waited more than a year after *knowing* the proper defendant to bring suit. The discovery rule is plainly inapplicable.

product identification evidence that purports to show Sandoz was a manufacturer of the docetaxel with which she was treated. (*See* Exhibit 1). The submitted evidence consists of a screenshot from Plaintiff's healthcare provider's computer system which appears to identify a Sandoz NDC number (66758-050-01) associated with at least one of plaintiff's docetaxel treatments. *Id*.

Thus, all Plaintiff needed to do to discover the identity of the allegedly proper defendant was to review medical records, which she indisputably had in her possession by September 12, 2018 when they were produced on the MDL Centrality system. (*See* Ex. 2). She did not do so; instead, she allowed the statute of limitations to run as to Sandoz and then sat on product identification for an additional eighteen months after she obtained it. Her claims are time barred and amendment would be futile.

      **C.**    **THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS**

All of Plaintiff's claims are time-barred, as discussed above, because she failed to bring them within four years of the date of her injury and failed to bring them against Sandoz within six years of the date of her injury. To the extent the Court finds that any of Plaintiff's claims was timely brought, however, Plaintiff's Motion should also be denied under the doctrine of laches.

Laches is an equitable doctrine used to "deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." *Knorr v. Smeal,* 178 N.J. 169, 181 (2003) (citing *In re Kietur,* 332 *N.J.Super.* 18, 28 (App.Div.2000)). The Supreme Court of New Jersey has explained that, "The key factors to be considered in deciding whether to apply the doctrine are the length of the delay, the reasons for the delay, and the "changing conditions of either or both parties during the delay." *Knorr,* 178 N.J. at 181. The core equitable concern in applying laches is whether a party has been harmed by the delay. *Id.* Here, both requirements are met: Sandoz has been harmed

7

and prejudiced by Plaintiff Barbiche's inexcusable and unexplained delay in seeking leave to amend her complaint.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than eighteen months after identifying Sandoz as the proper defendant. Plaintiff's motion does not even attempt to justify that inexcusable delay.

Second, Plaintiff's delay unquestionably prejudiced Sandoz. Because Sandoz was not named as a defendant in this case, Sandoz' counsel had no reason to investigate this case or review the submitted Plaintiff Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason – to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost. Plaintiff should not be permitted to amend her Complaint after unreasonably sitting on product identification information for eighteen months.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment is a sufficient alternative basis to deny plaintiff leave to amend.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated: June 19, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                /s/     *Nicholas A. Insogna*