UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 <br><br> SECTION "H" (5) <br> JUDGE MILAZZO <br> MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO <br> *Judy Cardwell, et al.*, <br> Case No. 2:18-cv-02031 | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint is subject to a motion to dismiss and leave to amend would therefore be futile because: (1) Plaintiff has not actually submitted any product identification documentation as to Sandoz, (2) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations, and (3) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz, including denying its opportunities to review plaintiff fact sheets, conduct discovery and consider this case for inclusion in trial pool nominations; as such, the doctrine of laches also bars the proposed amended complaint.

I.     **PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on February 27, 2018. (*See* Complaint in Member Action No. 2:18-cv-02031). Plaintiff's Short Form Complaint named Defendants Sanofi US Services Inc. f/k/a

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

Plaintiff is a resident of Kentucky, and allegedly sustained her injuries in that state. (*See* Doc. 10490-2 at 2). As such, her personal injury claims are subject to a 1-year statute of limitations. Ky. Rev. Stat. § 413.140(1)(a).

On January 15, 2019, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted product identification documents to the MDL Centrality system purporting to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Cardwell, Judy – MBN – 000326-000524, attached as Exhibit 1; *see also* Screen Shot from MDL Centrality Page for Judy Cardwell, Plaintiff Documents Tab, Doc. ID 292980, attached hereto as Exhibit 2). The undersigned counsel has reviewed the 200 pages in which Plaintiff claims product identification is contained and is unable to identify a basis on which to identify *any* defendant as a manufacturer of Plaintiff's docetaxel.

Regardless, on January 4, 2019, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 5679). She still did not attempt to amend her complaint to add Sandoz as a defendant. Now, more than a year (i.e. the statutory limitations period) after producing documents purporting to establish product ID with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10490, 10490-1, 10490-2, 10490-3). Plaintiff still has not provided any actual evidence of product identification and her claims are time-barred.

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not aware that she had claimed Sandoz product identification.

2

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted the undersigned, counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because, *inter alia*, the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 1, 2020. (Doc. 10490).

II.  **LAW AND ARGUMENT**

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff offers only that she is entitled to relief because "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Accord Healthcare, Inc. and Sandoz, Inc. were the manufacturers of the Taxotere/Docetaxel that she received." (Doc. 10490-1 at 1). Critically, however, Plaintiff has not actually offered any such evidence of product identification. (*See* Exhibit 1).[3] Moreover, she waited more than the entire statute of limitations period from the time she claims she *knew* Sandoz was a proper defendant before seeking to amend her complaint to add Sandoz.

Plaintiff's motion offers no excuse for her delay in seeking leave to amend, either — Plaintiff simply ignores the facts. Regardless, leave to amend would be futile, because Plaintiff has not actually identified any evidentiary basis for adding Sandoz as a defendant, any claims against Sandoz would be time-barred, and Plaintiff's proposed amended complaint is barred by the doctrine of laches.

A.  **LEGAL STANDARD**

---

[3] See discussion in Section II.A, *infra*: Plaintiff's records do not in fact show product ID as to any Defendant.

3

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile; a proposed amended complaint is futile where it would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012).

Kentucky law provides that where a proposed amendment to a Complaint could not withstand a Rule 12(b) motion to dismiss, a district court may properly deny leave to amend as futile. *Clark v. Viacom Int'l Inc*., 617 Fed. Appx. 495 (2015) (citing *Riverview Health Inst. LLC v. Med. Mut. Of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (applied where statute of limitations had expired); *Hughes v. Red River Gorge Zipline, LLC, d/b/a Red River Gorge Zipline Tours, et al.,* No. 5:17-cv-482, 2018 WL 3199458 (E.D. Ky. June 29, 2018); *see Plaza Condominium Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 54 (Ky. 1996) (laches "serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action.").

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Western District of Kentucky). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying Kentucky's forum-centric choice of law rules, Kentucky's statute of limitations

4

applies to Plaintiff's claims because Plaintiff resides in and claims she was injured in Kentucky. *See Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009); *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972).

Kentucky has a one-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* Ky. Rev. Stat. § 413.140(1)(a), and a five-year statute of limitations for claims based in fraud, *id.* § 413.120(11).

### B. PLAINTIFF'S SUBMITTED RECORDS DEMONSTRATE THE PROPOSED AMENDMENT IS FUTILE

Plaintiff's motion should be denied because she fails to set forth with particularity the grounds for the requested amendment. A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Applying the 12(b)(6) standard, a complaint is futile if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2016). Plaintiff states that "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Accord Healthcare, Inc. and Sandoz, Inc. were the manufacturers of the Taxotere/Docetaxel that she received." (Doc. 10490-1 at 1). However, the submitted CMO 12A product identification documents purporting to identify Sandoz and Accord as the manufacturers of Plaintiff's docetaxel do not identify any Defendant as the manufacturer of Plaintiff's docetaxel. (*See* Exhibit 1). No NDC numbers or other product identifier are contained and Sandoz' counsel are unable to identify any basis for plaintiff's claim of product identification. In short, Plaintiff cannot demonstrate any evidentiary support for her amended complaint. As such, her proposed amendment fails to state a claim on which relief could be granted and amendment would be futile. *See Stripling*, 234 F.3d at 872.

### C. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

5

Under Kentucky's applicable statute of limitations, Plaintiff's proposed Amended Short Form Complaint is also time-barred, because she seeks to assert her personal injury claims against Sandoz more than six years after her alleged injury, more than two years after she initiated her lawsuit, and more than one year after she claims to have obtained product identification.[4]

The proposed amended complaint alleges that Plaintiff completed her chemotherapy on or about September 1, 2013. (*See* Doc. 10490-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018. (*Id.* at 1). This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy. (*See e.g., Order and Reasons* (Doc. 8702).) Therefore, Plaintiff's injury occurred no later than March 1, 2014. Plaintiff did not attempt to sue *any* manufacturer of docetaxel until nearly four years after her injury.

Then, on February 27, 2018, Plaintiff filed suit claiming she was injured by her treatment with docetaxel. (*See* Complaint in Member Action No. 2:18-cv-02031). As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury. Yet, she did not attempt to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two years, until more than six years after her injury accrued. Under Kentucky's one-year statute of limitations, Plaintiff's lawsuit was untimely on its face, when filed originally.

Now, more than six years after the date on which Plaintiff's claim accrued (per the Master Complaint) and more than two years after her initial filing, she seeks leave to file an Amended

---

[4] California's three-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

6

Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly proscribed and leave to amend would be futile.

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under Federal Rule of Civil Procedure 15(c)(1), relation back is only available where there was "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). *Estate of McMain by & through Bullock v. Noffsinger*, 2020 WL 1066995, at *2 (W.D. Ky. Mar. 5, 2020). Relation back is not available to add new parties where a plaintiff gained knowledge of the new party's identity in discovery, and the Sixth Circuit has explained that plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)" *Moore v. Hopkins Cty., Kentucky*, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008)).

Indeed, Kentucky courts have denied attempts to apply the relation back doctrine when a new defendant's identity is discovered after the statute of limitations has expired, concluding that relation back is not appropriate "when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired." *Moore v. Hopkins Cty., Kentucky,* 2017 WL 3097530, at *3; *see also Ham v. Sterling Emergency Servs. of the Midwest, Inc.,* 575 F. App'x 610, 615–17 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio,* 517 Fed. Appx. 431, 434 (6th Cir. 2013); *Medley v. Shelby Co., Ky.,* No. 13-CV-35-GFVT, 2015 WL 2041780 (E.D. Ky. Apr. 30, 2015) (Plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period.); *Jadco Enterprises, Inc. v. Fannon*, No. CIV.A. 6:12-225-DCR, 2013 WL 6055170 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through

7

discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) (lack of knowledge of the identities of the defendants is not a reason to relate back after the statute of limitations has expired).

Further, by no later than January 15, 2019, Plaintiff knew Sandoz was not only a possible defendant but (according to Plaintiff's claims) one of the proper defendants.[5] On that date, Plaintiff's counsel submitted product identification evidence she claims indicates Sandoz and Accord Healthcare, Inc. were the manufacturers of the docetaxel with which she was treated. (*See* Exhibit 1). While Defendants cannot corroborate Plaintiff's alleged product identification, Plaintiff's belief that she had a claim against Sandoz and Accord as of that date is the absolute last date on which the one year statute of limitations could have begun to run.

Curiously, on January 4, 2019, more than two months after learning that Sandoz was a proper defendant, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 5679). She still did not attempt to amend her complaint to add Sandoz as a defendant.

In short, Plaintiff indisputably had in her possession by January 15, 2019 all the documentation upon which her proposed amended complaint against Sandoz is founded. (*See* Ex. 2). Though identification of the proper defendant is not the legal test for timeliness under the law, even using January 15, 2019 as the latest possible date on which her cause of action accrued against Sandoz, plaintiff's claims are barred by Kentucky's one-year statute of limitations.[6]

---

[5] The certification date on plaintiff's CMO-12 submission shows that the documents were certified by the provider facility on October 19, 2018, suggesting that Plaintiff actually was aware of the manufacturer of her docetaxel on that earlier date and simply failed to upload that information within the 30 days required by CMO-12A. (*See* Exhibit 3).

[6] The "discovery rule" plainly has no application here. Under Kentucky law, the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered. *Michels v. Sklavos*, 869 S.W.2d 728, 732 (Ky. 1994). However, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. *Resthaven Memorial Cemetery, Inc. v. Volk*, 286 Ky. 291, 150

C.     THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

To the extent the Court is inclined to believe that any of Plaintiff's claims was timely brought, her motion for leave to amend should also be denied under the doctrine of laches.

"The doctrine of laches prohibits claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Cherry v. Augustus*, 245 S.W.3d 766, 774 (Ky. Ct. App. 2006). "[T]his doctrine serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Plaza Condominium Ass'n, Inc.*, 920 S.W.2d at 54. Prior to the expiration of the statute of limitations, one claiming laches must also show prejudice based on the unreasonable delay. *Id.* Here, while plaintiffs proposed amended complaint was not filed until *after* expiration of the statute of limitations, there nevertheless exist both unreasonable delay and prejudice.

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than a year after identifying Sandoz as the proper defendant. Her delay is inexcusable and was compounded by her own misleading submissions. On January 4, 2019, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 5679). Instead, she sat on product identification information for *over an additional year*.

Second, Plaintiff's unreasonable delay unquestionably prejudiced Sandoz. Because Sandoz had never been named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff Fact Sheets. As such, Plaintiff's delay in

---

S.W.2d 908, 912 (Ky. 1941). A person who as knowledge of an injury is put on "notice to investigate" and discover, within the statutory time constraints, the identity of the tortfeasor. *McCollum v. Sisters of Charity of Nazareth health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990). Even if Plaintiff could somehow justify application of the discovery rule, it does not help her: she waited more than a full year (the limitations period) from the time she purportedly knew Sandoz was a proper defendant before she sought to amend her complaint. Under any conceivable metric, her claims are time barred and amendment would be futile.

9

seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to evaluate a potential trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, the laches defense and statutes of limitation exist for this exact reason — to protect parties and courts from the burdens associated with the prosecution of stale cases where memories have faded and evidence has been lost.

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes sufficient grounds to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *See Plaza Condominium Ass'n, Inc.*, 920 S.W.2d at 54.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated:  June 19, 2020.

                                                                               Respectfully submitted,

**GREENBERG TRAURIG, LLP**
<u>*/s/ Nicholas A. Insogna*</u>
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ *Nicholas A. Insogna*