UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                                   SECTION "H" (5)
                                                                   JUDGE MILAZZO
                                                                   MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Tami Cobb, et al.*,
Case No. 2:17-cv-11115

## MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Sandoz Inc. ("Sandoz") hereby enters a Special Appearance[1] solely to oppose Plaintiff's motion for leave to amend her complaint to add Sandoz as a defendant. The proposed amended complaint would be subject to a motion to dismiss and leave to amend would be futile because (1) Plaintiff's claims against Sandoz are time-barred by the applicable statute of limitations, and (2) Plaintiff unreasonably delayed seeking leave to amend, resulting in significant prejudice to Sandoz — denying it opportunities to identify fact sheet deficiencies, collect documents, and consider the case for inclusion in trial pool nominations; as such, the doctrine of laches bars the amendment.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff initiated this lawsuit on October 24, 2017. (*See* Complaint in Member Action No. 2:17-cv-11115). Plaintiff's "Amended Short Form Complaint" named Defendants Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (*Id.*). Sandoz has never been named as a defendant.

---

[1] PTO 37A provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." Such Special Appearance does not waive service or any defenses, including personal jurisdiction. (*See* PTO 37A, Rec. Doc. No. 1682).

Plaintiff is a resident of California and received her chemotherapy treatment in that state. (*See* Doc. 10491-2 at 3). As such, her personal injury claims are subject to a 2-year statute of limitations. Cal. Code Civ. Proc. § 335.1.

On February 15, 2018, pursuant to Case Management Order ("CMO") 12A, Plaintiff submitted to MDL Centrality product identification documents purporting to identify Sandoz[2] as the manufacturer of Plaintiff's docetaxel. (*See* Health Insurance Claim Forms, Cobb, Tami – BMR – 000072-86, attached as Exhibit 1; *see also* Screen Shot from MDL Centrality Page for Tami Cobb, Plaintiff Documents Tab, Doc. ID 86269, attached hereto as Exhibit 2). Notably, both the fax header and fax cover sheet on those documents indicate that they actually were transmitted to Plaintiff's counsel on October 25, 2017, and Plaintiff simply failed to upload them to MDL Centrality within the 30 days required by CMO-12. (Ex. 1, at Cobb, Tami – BMR – 000072).

Curiously, on September 28, 2018, more than six months after learning that Sandoz was a proper defendant, Plaintiff filed a Notice of Partial Dismissal With Prejudice as to All Defendants except Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 4437). She still did not attempt to amend her complaint to add Sandoz at that time.

Now, more than two years after producing documents purporting to establish product identification with respect to Sandoz, Plaintiff seeks leave to file an Amended Short Form Complaint adding Sandoz as a defendant and dismissing all other defendants. (Docs. 10491, 10491-1, 10491-2).

On April 28, 2020, pursuant to PTO-37A, Plaintiff's counsel contacted the undersigned, counsel for Sandoz, requesting consent to file as unopposed a motion for leave to amend to add Sandoz as a Defendant. (*See* April 28, 2020 email from V. Hall, attached as Exhibit 3). Counsel

---

[2] Because Sandoz was not named as a defendant in Plaintiff's lawsuit, it was not tracking her MDL Centrality submissions and was not aware that she had claimed Sandoz product identification.

for Sandoz responded on May 6, 2020, that Sandoz opposed the motion for leave to amend because, *inter alia*, the case is time-barred as a matter of law as to Sandoz. (*See* May 6, 2020 email from N. Insogna, attached as Exhibit 4). Plaintiff filed her Motion for Leave to Amend Complaint ("Plaintiff's Motion") on June 1, 2020. (Doc. 10491).

II.  **LAW AND ARGUMENT**

Plaintiff's motion should be denied summarily, because Plaintiff makes no showing that she is entitled to the relief requested. Plaintiff offers only that "[s]ubsequent to the filing of her initial Short Form Complaint, Plaintiff discovered that Sandoz, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Doc. 10491-1 at 1). Critically, however, Plaintiff submitted the medical records purporting to demonstrate product identification as to Sandoz on February 15, 2018, more than two years (the limitations period) prior to Plaintiffs' instant motion. (*See* Exhibit 1).

Plaintiff's motion offers no excuse for her delay — Plaintiff simply ignores the facts, despite knowing the basis of Sandoz' opposition to the proposed amendment. Regardless, leave to amend should be denied as futile, because Plaintiff's suit against Sandoz is time-barred. Even if it were not, Plaintiff's proposed amended complaint also is barred by the doctrine of laches.

A.  **LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). Leave to amend may be denied, however, when the proposed amended complaint is futile. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). Courts are correct to deny leave to amend where the amended complaint would be subject to dismissal. *Saul*

3

*v. United States,* 928 F.2d 829, 843 (9th Cir. 1991) (citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989)).

Here, this Court should deny Plaintiff's Motion, because her proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds or under the doctrine of laches. In *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1103 (9th Cir. 2018), the Ninth Circuit found that "[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' such as when the claims are barred by the applicable statute of limitations." (citing *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008)).

In this MDL, the Court's "direct-filing" order states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H).

Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Central District of California). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Applying California's choice of law rules, the governmental interest test applies. *McCann v. Foster Wheeler LLC,* 48 Cal. 4th 68, 87–88 (2010). For statute of limitations issues, California courts have found that California law applies because "[s]tatutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost." *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790, 794 (Ct. App. 1982). California's borrowing statute, Section 361, requires adoption of the statute of limitations of the state in which the action arose. *Cossman v.*

4

*DaimlerChrysler Corp.,* 108 Cal. App. 4th 370, 376 (2003).  Here, on both grounds, the California statute of limitations applies.

California has a two-year statute of limitations for Plaintiff's personal injury claims, including those based on strict products liability and negligence, *see* Cal. Code Civ. Proc. § 335.1, and a three-year statute of limitations for claims based in fraud, *id.* § 338(d).

### B.    THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Under California's applicable statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sandoz more than six years after her alleged injury and more than two years after she initiated her lawsuit.[3]  Her ignorance of the proper defendant is no excuse for her failure to name each known MDL defendant.  Here, the failing is even worse, however: Plaintiff did not add Sandoz as a defendant for *over two years (i.e. longer than the limitations period) after learning Sandoz was a proper defendant*.  Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to a motion to dismiss on both statute of limitations and laches grounds.

The limitations period begins once the plaintiff "has notice or information of circumstances to put a reasonable person *on inquiry* . . ." *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1110-11 (Cal. 1988), or when the cause of action accrues—i.e., when the "cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 806-807 (2005) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)); *see also* Cal. Civ. Proc. Code §312.  Accordingly, the limitations period begins to run "when a suit may be maintained." *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 815 (2001) (quoting *Cnty. Of San Diego v.*

---

[3] California's three-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

*Myers*, 147 Cal. App. 3d 417, 421 (1983)).  There is no question that Plaintiff possessed all facts necessary to maintain her suit on February 15, 2018, at the absolute latest.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about September 17, 2013. (*See* Doc. 10491-2 ¶ 10). It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018.  (*Id.* at 1).  This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy," means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy.  (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)  Therefore, plaintiff's injury in this case occurred no later than March 17, 2014.  Plaintiff did not attempt to sue *any* manufacturer of docetaxel until more than two and one-half years after her injury had accrued.

Then, on October 24, 2017, Plaintiff filed suit claiming she was injured by her treatment with docetaxel.  As of that date, Plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury.  Yet, she elected not to sue Sandoz — a known manufacturer of docetaxel and a defendant in this MDL — for another two and one-half years, until *more than six years* after her injury accrued.

Under California's two-year statute of limitations, Plaintiff's lawsuit was untimely on its face, when filed originally.  Now, more than six years after the date on which Plaintiff's claim accrued (per the Master Complaint) and more than two and one-half years after her initial filing,

she seeks leave to file an Amended Short Form Complaint, asserting claims against Sandoz for the first time. Those claims are plainly proscribed and leave to amend would be futile.[4]

Plaintiff's proposed amended complaint also does not relate back to the date of her original complaint. Under Federal Rule of Civil Procedure 15(c)(1), an amended pleading against a new defendant only relates back to the date of the original filing if the defendant to be added "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity.*" FRCP 15(c)(1)(C)(ii) (emphasis added). In California, courts have held that relation back does not apply where a Plaintiff attempts to amend her Complaint to add a new defendant: "The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed. *Penton v. Johnson,* 2019 WL 6618051, at *17 (E.D. Cal. Dec. 5, 2019) (citing *Woo v. Superior Court,* 75 Cal. App. 4th 169, 176 (1999)); *see also Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 683 (9th Cir. 1980) (addition of new defendant does not relate back to the time of the original complaint under California law.) California courts have also found that relation back is not intended for cases where Plaintiff has knowledge of a "new" defendant's identity but fails to include it, unlike cases where Plaintiff made a true mistake by a "misnomer" of a proper defendant. *Hawkins v. Pac. Coast Bldg. Prods., Inc.,* 124 Cal. App. 4th 1497 (2004).

---

[4] To be clear, no application of the "discovery rule" could rescue Plaintiff's time-barred claims. The discovery rule is a very limited exception to statutes of limitations that tolls the limitations period until the plaintiff has discovered or has reason to discover that he has been injured. *See Romo v. Wells Fargo Bank, N.A.*, No. 15-cv-03708-EMC, 2016 WL 324286, at *4 (N.D. Cal. Jan. 27, 2016) (citing *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008)). It requires a plaintiff to use due diligence to discover the basis for the cause of action. *Id.* and "does not encourage dilatory tactics because plaintiffs are charged with presumptive knowledge of an injury if they have 'information of circumstances to put [them] *on inquiry*'". *Fox, supra,* 35 Cal. 4th 797, 807-808. That rule is plainly inapplicable to Plaintiff's amended complaint: she waited more than two and one-half years from her initial lawsuit and more than two years (the limitations period) from the time she actually *knew* Sandoz was a proper defendant before she sought to amend her complaint. Under any conceivable metric, Plaintiff's claims are time barred and amendment would be futile.

Further, by no later than February 15, 2018, Plaintiff knew Sandoz was not only a possible defendant but the *proper* defendant.[5] On that date, Plaintiff's counsel submitted to MDL Centrality CMO-12 product identification evidence that plainly indicates Sandoz Inc. was a manufacturer of the docetaxel with which she was treated. (*See* Exhibit 1, at Bates pages Cobb-Tami-BMR-72, 75, 79, 82, and 85).

All Plaintiff needed to do to discover the identity of the allegedly proper defendant was to review medical records, which she indisputably had in her possession by February 15, 2018 when they were produced on MDL Centrality. (Ex. 2). Though identification of the proper defendant is not the legal test for timeliness under the law, even using February 15, 2018 as the absolute latest date on which her cause of action accrued against Sandoz, Plaintiff failed to bring her claims against Sandoz within California's two-year statute of limitations. Plaintiff's claims are time-barred and leave to amend would be futile.

### C. THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

Even if any of Plaintiff's claims was timely brought (none was), her motion for leave to amend should also be denied under the doctrine of laches.

Laches is an equitable defense that acts to bar relief requested by parties who neglect their rights, where such neglect operates to the detriment of others. *Bono v. Clark*, 103 Cal. App. 4th 1409, 1417 (2002). The defense of laches requires a showing of (1) unreasonable delay, and (2) acquiescence in the act about which plaintiff complains, or prejudice to the defendant resulting from the delay. *Johnson v. City of Loma Linda,* 24 Cal. 4th 61, 68 (2000). Here, both requirements are satisfied.

---

[5] The fax header and fax cover sheet on plaintiff's CMO-12 submission shows that the documents were faxed on October 25, 2017, suggesting that Plaintiff actually was aware of the manufacturer of her docetaxel on that earlier date and simply failed to upload that information within the 30 days required by CMO-12A. *See* Ex. 1.

8

First, Plaintiff unreasonably delayed in seeking to amend her complaint for more than two years after identifying Sandoz as the proper defendant. Her delay is inexcusable and was compounded by her own misleading submissions. On September 28, 2018, Plaintiff dismissed some of the previously named Defendants, but made no effort to amend her complaint to add Sandoz. (Doc. 4442). Instead, Plaintiff sat on product identification information that was already in her possession for more than two years.

Second, Plaintiff's unreasonable delay prejudiced Sandoz. Because Sandoz was not named as a defendant in this case, Sandoz' counsel have had no reason to investigate this case or review the submitted Plaintiff Fact Sheets. As such, Plaintiff's delay in seeking to amend her complaint deprived Sandoz of an opportunity to review and raise deficiencies in Plaintiff's Fact Sheets.

Plaintiff's unreasonable delay similarly denied Sandoz the opportunity to evaluate whether Plaintiff's case should have been included as a potential Trial Pool selection. In the time since Plaintiff first knew Sandoz was a proper defendant and the time Plaintiff sought leave to add Sandoz, Sandoz has made multiple nominations to bellwether trial pools. Sandoz never had cause to consider whether Plaintiff's case was an appropriate nomination to be included and Sandoz was denied an opportunity to present a potentially-suitable trial case.

Finally, Plaintiff denied Sandoz an opportunity to conduct discovery. Sandoz can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time. Indeed, statutes of limitation are enacted for this exact reason as California courts have explained: "[s]tatutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost." *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790, 794 (Ct. App. 1982).

In short, Sandoz's good faith reliance on Plaintiff's pleadings, to its detriment, constitutes sufficient prejudice to bar Plaintiff's claims, even if they were not time-barred by the applicable statute of limitations.

### III. CONCLUSION

For all the foregoing reasons, Sandoz respectfully requests the Court deny Plaintiff's Motion for leave to amend. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches.

Dated: June 19, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Nicholas A. Insogna
Nicholas A. Insogna
One International Place, 20th Floor
Boston, MA 02110
Telephone: (617) 310-6231
insognan@gtlaw.com
*Attorney for Sandoz Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/     *Nicholas A. Insogna*