**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| VANESSA NNYANZI, | MAG. JUDGE MICHAEL NORTH |
| Plaintiff, | |
| v. | |
| SANOFI US SERVICES INC. F/K/A SANOFI-AVENTIS U.S. INC., *et al.*, | |
| Defendants. | |
| *Case No. 2:17-cv-12884* | |

**MEMORANDUM IN SUPPORT OF PUTATIVE DEFENDANT ACCORD HEALTHCARE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff's requested amendment to file an amended Short Form Complaint to assert claims against Accord Healthcare, Inc. ("Accord") is futile and should be denied. This attempt to add Accord as a Defendant comes more than two years following the commencement of her action, and does not relate back to the date of the original complaint for the purposes of Fed. R. Civ. P. 15. Thus, Plaintiff's requested amendment is plainly time-barred by the governing two-year statute of limitations set forth under Ohio law.

**I.    PROCEDURAL HISTORY**

Plaintiff Vanessa Nnyanzi is a resident of Ohio. (*See* Proposed Amended Compl. ¶ 4, Master Docket, Doc. 10507-2). She initiated her action in this MDL by filing her Short Form Complaint on November 21, 2017 against Sanofi, Hospira and Pfizer entities, alleging persisting hair loss due to her use of Docetaxel. (*See* Compl., Doc. 1). Though Accord Healthcare, Inc. is listed as a possible defendant on the template short form complaint, Plaintiff did not check off Accord as a Defendant in her Short Form Complaint. (*See id.*).

On August 8, 2019, Plaintiff uploaded to MDL Centrality product identification identifying Accord as the manufacturer of the Docetaxel administered to her. (*See* CMO 12 Product ID, attached as Exhibit 1). On August 15, 2019, Plaintiff dismissed the Sanofi entities. (*See* Notice of Partial Dismissal with Prejudice as to all Except Hospira Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide; and Pfizer Inc., Master Docket, Doc. 7996).

On April 28, 2020, eight months after Plaintiff obtained product identification as to Accord, Plaintiff contacted counsel for Accord requesting consent to file a motion for leave to amend the Short Form Complaint to add Accord pursuant to Pretrial Order No. 37A ("PTO 37A"). PTO 37A requires a plaintiff seeking leave to amend a prior complaint to contact "each defendant(s) presently named and . . . any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion," and further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." On April 29, 2020, counsel for Accord objected, via special appearance, to Plaintiff's request on the grounds that the amendment would be futile as to Accord based on the applicable statute of limitations. (*See* Callsen to Hall Correspondence, attached as Exhibit 2). Nonetheless, on June 2, 2020, Plaintiff moved for leave to file an amended complaint to add Accord on the grounds that "Plaintiff discovered that

2

Accord Healthcare, Inc. . . . [was] the manufacturer of the Taxotere/Docetaxel that she received." (Master Docket, Doc. 10507-1). No attempt was made by Plaintiff to address Accord's futility argument in filing the opposed Motion to Amend. (*See id.*). In accordance with PTO 37A, Accord enters a Special Appearance solely for the purpose of opposing Plaintiff's motion, as the proposed Amended Short Form Complaint is clearly time-barred under Ohio law, thus any proposed amendment is futile and should be denied.

## II.     LEGAL STANDARD AND CHOICE OF LAW

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, "that generous standard is tempered by the necessary power of a district court to manage a case." *Shiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003). In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Quintanilla v. Tex. Television, Inc*., 139 F.3d 494, 499 (5th Cir. 1998)).

A proposed amendment is futile when, if granted, it would not withstand a motion to dismiss. *Engstrom*, 47 F.3d at 1464 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see also In re Vioxx Prod. Liab. Litig*., 874 F. Supp. 2d 599, 602-03 (E.D. La. 2012) (denying plaintiff's motion for leave to amend where the proposed amended complaint would not withstand a motion to dismiss).

A federal court sitting in diversity generally applies the forum state's choice-of-law rules. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig*., No. 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Generally, an "MDL court must apply the law of the transferor forum, that is, the

3

law of the state in which the action was filed, including the transferor forum's choice of law rules." *Id*. (citing *In re Vioxx Prod. Liab. Litig*., 478 F. Supp. 2d 897, 903 (E.D. La. 2007)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if Plaintiff's lawsuit was filed in Plaintiff's home district. In this case, Plaintiff's home district is the Southern District of Ohio. (*See* Proposed Amended Compl. ¶ 8, Doc. 10507-2). Ohio's choice-of-law rules direct this Court to apply Ohio law to a tort claim if Ohio has the most significant relationship to the occurrence of the lawsuit. *White v. Crown Equip. Corp*., 827 N.E.2d 859, 862 (Ohio Ct. App. 2005). To determine the state with the most significant relationship, a court considers: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors which the court may deem relevant to the litigation. *Id.*; *City of Cuyahoga Falls v. Johnson Controls, Inc*., No. 5:18-CV-1130, 2019 WL 1116006, at *3 (N.D. Ohio Mar. 11, 2019) (applying Ohio's statute of limitations where the conduct at issue wholly occurred in Ohio). Since the Plaintiff resides in and received chemotherapy treatment in Ohio, Ohio's statute of limitations will apply.

### III. LAW AND ARGUMENT

#### A. Amendment to Plaintiff's Complaint is Futile, and Otherwise Barred by the Doctrine of Laches

Plaintiff's motion should be denied because any amendment to add Accord is futile as her claims are time-barred by Ohio's statute of limitations. Under Ohio law, the statute of

4

limitations for a product liability action is two years from the date the cause of action accrues. OHIO REV. CODE § 2305.10.[1] In most cases, a cause of action accrues when the injury or loss to person or property occurs. *Id.* While Ohio law recognizes a discovery rule, it does not turn on whether the injured person knows the exact identity of the tortfeasor or all the ways in which the tortfeasor was at fault in causing the injury. *Hervey v. Normandy Dev. Co.*, 585 N.E.2d 570, 572 (Ohio Ct. App. 1990) ("To allow a claim to be filed upon discovery of the liable parties no matter how long that takes, would completely destroy the purpose and function of Ohio's statute of limitations."); *Yacub v. Sandoz Pharm. Corp.*, 101 F. Supp. 2d 852, 865–66 (S.D. Ohio 1998) ("Once the plaintiff determined the cause of his wife's injury with relative certainty, however, the statute of limitations began running, even though he did not know . . . who manufactured the drug.").

Here, Plaintiff was obviously aware of her injuries on the date she filed her lawsuit in this Court alleging hair loss due to the use of Docetaxel: November 21, 2017.[2] As of that date, there is no denying that she knew of her injury, including the facts underlying her claims, and indeed actually undertook the legal process to address. That she did not know at the time that Accord was the manufacturer of her Docetaxel is of no import under *Hervey*. Therefore, to timely file her cause of action as to Accord under Ohio law, Plaintiff must have moved to amend her

---

[1] All of Plaintiff's fraud and negligent misrepresentation claims are duplicative of her failure to warn claim and are abrogated by the Ohio Products Liability Act. *See Hendricks v. Pharmacia Corp.*, No. 2:12-cv-613, 2014 WL 2515478, at *4 (S.D. Ohio June 4, 2014) (granting motion to dismiss fraud and misrepresentation claims sounding in failure to warn as abrogated by the OPLA). Therefore Ohio's two-year statute of limitations for product liability claims governs all of Plaintiff's viable claims.

[2] For the sake of simplicity and for the purposes of this Motion only, Accord will assume that Plaintiff's cause of action accrued on the same date she filed her initial Complaint. Accord reserves the right to argue that her cause of action accrued much earlier – six months following the completion of chemotherapy – consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings, in the absence of tolling.

complaint to add Accord by November 21, 2019.  Plaintiff failed to do so.  Rather, she waited until June 2020 – seven months too late – to seek leave to name Accord.  Plaintiff articulates absolutely no reason in her Motion for her delay (*see* Doc. 10507-1), and there certainly is not one as she has been in possession of the product identification as to Accord since August 8, 2019—which was within the statutory period.  Accordingly, Plaintiff's case as to Accord is time-barred.

Likewise, Plaintiff's decision to languish 10 months with proof of product identification instead of preserving her claim against Accord is undue delay, and impermissible under the doctrine of laches.  *See Connin v. Bailey*, 472 N.E.2d 328, 328 (Ohio 1984).  Laches prevents parties from asserting a claim where they have knowingly rested in their claims and the defendants would be prejudiced as a result of the delay.  *Id.* ("Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party."); *Francosky v. Customized Vinyl Sales*, 137 N.E.3d 542, 548 (Ohio Ct. App. 2019).  Ten months to amend her complaint is plainly inexcusable delay, and Accord is prejudiced as a result.  Specifically, Plaintiff's delay denied Accord the ability to investigate this case as a potential Trial Pool section for ten months.  In that period of time, Accord has made multiple nominations without the opportunity to evaluate Plaintiff's case. To this end, Plaintiff should not be rewarded for improperly sitting on her claims.

Courts have recognized the futility of amending a complaint based upon the statute of limitations in denying motions for leave.  For example, in *Martin v. Sanford*, the court denied plaintiffs' motion for leave to add additional defendants where the statute of limitations period expired.  *Martin v. Sanford*, No. 3:03-CV-1835, 2004 WL 224589, at *7 (N.D. Tex. Jan. 29, 2004).  According to the court, "[i]t is futile to add a party where the statute of limitations has run."  *Id.*; *see also Rooney v. Costco Wholesale Corp.*, No. CV H-19-4536, 2020 WL 2514882,

at *3 (S.D. Tex. May 15, 2020) (denying motion for leave to amend to add a new party filed more than a year after the injury accrued as "th[e] amendment [was] futile based on the statute of limitations"); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489986, at *2 (W.D. Tex. July 10, 2014) (denying motion for leave to amend complaint to add defendant where claim was time-barred by statute of limitations and plaintiff made no showing to support tolling). This Court should do the same.

### B. Plaintiff's Amended Complaint Does Not "Relate Back" to the Date of the Original Filing.

Plaintiff's proposed amended short form complaint does not relate back to the original short form complaint. When a plaintiff seeks to add a new defendant through an amendment to the complaint Rule 15(c)(1)(C) governs. *See Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). Indeed, for relation back to be proper, plaintiffs must demonstrate all of the following: that (1) the amendment relates to same conduct, transaction, or occurrence, (2) the putative defendant had sufficient notice of the action, and (3) the action would have been brought against the newly added defendant but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C); *see also Carlos Salazar v. Zapata Cty.*, No. 5:16-cv-00292, 2018 WL 8017042, at *3 (S.D. Tex. Dec. 6, 2018).

Plaintiff has not satisfied these requirements.

As to notice, under Rule 15(c), notice may be actual, as prescribed by Fed. R. Civ. P. 4(m) requiring service within 90 days after the complaint is filed, or imputed through an "identity of interest" with the party named on the original complaint only if the new defendant is "so closely related in the business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *See Jacobson*, 133 F.3d at 320; *Salazar*, 2018 WL 8017042, at *4. Here, Accord has not received notice—actual or

7

imputed—within the meaning of Rule 15(c)(1)(C). Indeed, the 90-day period allowed by Rule 15(c)(1)(C) for potential defendants to receive notice expired on February 19, 2018. Moreover, Plaintiff has failed to allege any facts suggesting that Accord's business operations were closely related to any of the named defendants. Further, any suggestion that Accord's presence in the MDL provided "notice" is not supported by any law and would improperly result in Accord's potential exposure to liability in every one of the more than 12,000 lawsuits that have been filed in this MDL, simply because they are parties in some of the cases in this MDL.  As such, Plaintiff's motion should be denied because she cannot satisfy the notice requirements that would allow her pleading to relate back to the date of the original complaint.

As to "mistake," Plaintiff's proposed amendment does not seek to correct a misnomer or misidentification. The goal of the relation back doctrine is to correct a mistake concerning the identity of a party. *See Jacobson*, 133 F.3d at 320-321 (explaining that the rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification"). Yet, as courts in this circuit have made clear, "[w]here a plaintiff could have obtained the proper identities of intended defendants by greater diligence, failing to identify a party defendant until discovery untimely reveals it is not a "mistake" or "misidentification" for purposes of the relation back doctrine under Rule 15(c)." *See In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 723 (S.D. Tex. 2006) (citing *Jacobson*, 133 F.3d at 320-321).

There is nothing before this Court to establish that a mistake prevented Plaintiff from identifying Accord as a potential defendant at the commencement of this action.  Plaintiff has not articulated a reason why she sued the named defendants and not Accord.  That is particularly the case in this MDL, where Accord was listed as a possible defendant on the template Short Form Complaint used by Plaintiff.

8

## IV. CONCLUSION

Plaintiff's proposed amended complaint is time-barred and therefore futile. Accordingly, Accord respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint attempting to name Accord Healthcare, Inc. as a defendant.

Date: June 19, 2020

Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Putative Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing *Memorandum In Support of Putative Defendant Accord Healthcare, Inc.'s Opposition to Plaintiff's Motion for Leave to File Amended Short Form Complaint* with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

015418\000001\4715375.1