# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| JUDY CARDWELL, | MAG. JUDGE MICHAEL NORTH |
| Plaintiff, | |
| v. | |
| SANOFI-AVENTIS U.S. LLC., *et al.*, | |
| Defendants. | |
| Case No. 2:18-cv-02031 | |

## MEMORANDUM IN SUPPORT OF PUTATIVE DEFENDANT ACCORD HEALTHCARE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Plaintiff has no basis for her requested amendment to file an amended Short Form Complaint as she lacks any product identification information identifying Accord Healthcare, Inc. ("Accord") as the manufacturer of the Docetaxel administered to her. Even if she did have a reasonable basis to pursue a claim against Accord, her attempt to add Accord as a Defendant comes more than one year following the commencement of her action, and does not relate back to the date of the original complaint for the purposes of Fed. R. Civ. P. 15. Thus, Plaintiff's requested amendment is plainly time-barred by the governing one-year statute of limitations set forth under Kentucky law.

**I.     PROCEDURAL HISTORY**

Plaintiff Judy Cardwell is a resident of Kentucky.  (*See* Proposed Amended Compl. ¶ 4, Master Docket, Doc. 10490-2).  She initiated her action in this MDL by filing her Short Form Complaint on February 27, 2018 against Sanofi, Hospira, and Pfizer entities, alleging persisting hair loss due to her use of Docetaxel.  (*See* Compl., Doc. 1).  Though Accord Healthcare, Inc. is listed as a possible defendant on the template short form complaint, Plaintiff did not check off Accord as a Defendant in her Short Form Complaint.  (*See id.*).

On January 15, 2019, Plaintiff uploaded medical and billing records from her chemotherapy treatment demonstrating use of Taxotere/Docetaxel.  However, the records fail to identify any specific manufacturer of the Taxotere/Docetaxel administered to her.  (*See* CMO 12 Product Identification, attached as Exhibit 1).  Neither does Plaintiff's most recent Plaintiff Fact Sheet identify Accord as the manufacturer of the Docetaxel administered to her.  (*See* April 15, 2019 Third Amendment Plaintiff Fact Sheet, attached as Exhibit 2).  To date, Plaintiff offers no evidence of product identification with respect to Accord.  (*See* Plaintiff's Motion in Support of Motion for Leave to Amend Complaint and Accompanying Exhibits, Master Docket, Doc. 10490 -10490-3).

On April 28, 2020, more than two years after Plaintiff filed her initial Complaint, Plaintiff contacted counsel for Accord requesting consent to file a motion for leave to amend the Short Form Complaint to add Accord pursuant to Pretrial Order No. 37A ("PTO 37A").  (*See* E-mail correspondence, attached as Exhibit 3).  PTO 37A requires a plaintiff seeking leave to amend a prior complaint to contact "each defendant(s) presently named and . . . any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion," and further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed."  The

next day, counsel for Accord objected, via special appearance, to Plaintiff's request on the grounds that the amendment would be futile as to Accord based on the applicable statute of limitations.  (*See* Callsen to Hall, April 29, 2020 Correspondence, attached as Exhibit 4). Nonetheless, on June 1, 2020, Plaintiff moved for leave to file an amended complaint to add Accord on the grounds that "Plaintiff discovered that Accord Healthcare, Inc. was the manufacturer of the Taxotere/Docetaxel that she received." (Master Docket, Doc. 10490-1).  No attempt was made by Plaintiff to address Accord's futility argument in filing the opposed Motion to Amend.  (*See id.*)  In accordance with PTO 37A, Accord enters a Special Appearance solely for the purpose of opposing Plaintiff's Motion, as Plaintiff, without evidence of product identification, lacks any basis for amendment.  Furthermore, the proposed Amended Short Form Complaint is clearly time-barred under Kentucky law, thus any proposed amendment is futile and should be denied.

## II.     LEGAL STANDARD AND CHOICE OF LAW

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2); *see also Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995).  However, "that generous standard is tempered by the necessary power of a district court to manage a case." *Shiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

A proposed amendment is futile when, if granted, it would not withstand a motion to dismiss.  *Engstrom*, 47 F.3d at 1464 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227,

3

230 (1962)); *see also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602-03 (E.D. La. 2012) (denying plaintiff's motion for leave to amend where the proposed amended complaint would not withstand a motion to dismiss).

A federal court sitting in diversity generally applies the forum state's choice-of-law rules. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). Generally, an "MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice of law rules." *Id.* (citing *In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if the plaintiff's lawsuit was filed in plaintiff's home district. In this case, Plaintiff's home district is the Western District of Kentucky. (*See* Proposed Amended Compl. ¶ 8, Doc. 10490-2). Under Kentucky choice-of-law principles for tort actions, "any significant contact with Kentucky is sufficient to allow Kentucky law to be applied." *Salyer v. S. Poverty Law Ctr., Inc.*, No. CIV.A. 3:09-CV-44-H, 2009 WL 1036907, at *1 (W.D. Ky. Apr. 17, 2009) (applying Kentucky's statute of limitations where the plaintiff resided in and the injury occurred in Kentucky). Since plaintiff here resides in and received chemotherapy treatment in Kentucky, Kentucky's statute of limitations applies.

4

### III. LAW AND ARGUMENT

#### A. Plaintiff's failure to provide sufficient product identification renders her proposed amended complaint futile.

A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Applying the 12(b)(6) standard, a complaint is futile if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2016). Even accepting all the allegations in Plaintiff's proposed Amended Complaint as true, Plaintiff has not provided any evidentiary basis for her proposed amendment. Plaintiff's CMO12A product identification documents fail to identify any specific Defendant or non-party as the manufacturer of Plaintiff's docetaxel. (*See* Exhibit 1). As such, her proposed amended complaint fails to state a claim on which relief could be granted and her proposed amendment is futile. *See Stripling*, 234 F.3d at 872.

#### B. Plaintiff's Motion for Leave to Amend Short Form Complaint should be denied because it is untimely on its face.

Even if Plaintiff has provided adequate product identification as to Accord, Plaintiff's proposed amended Short Form Complaint to add Accord is futile as her claims are time-barred by Kentucky's statute of limitations. Under Kentucky law, the statute of limitations for product liability claims is one year from the date of injury. KY. REV. STAT. ANN. § 413.140 (West); *Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 737 (W.D. Ky. 2014).[1] The limitations period begins running "on the date the injury is inflicted even where the injury is slight initially and its full extent is not known until years later." *Bosch*, 13 F. Supp. at 737 (citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 321–22 (6th Cir. 2010) (applying

---

[1] Kentucky's five-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

5

Kentucky law)). While Kentucky law recognizes a discovery rule, it does not turn on whether the injured person knows the exact identity of the tortfeasor or all the ways in which the tortfeasor was at fault in causing the injury. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 65 (Ky. 2010); *Faulkner v. ABB Inc.*, No. 5:08-CV-212-R, 2011 WL 1225697, at *3 (W.D. Ky. Mar. 30, 2011) ("A person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints.") (citing *Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190 (Ky. Ct. App. 2006)).

Here, Plaintiff was obviously aware of her injuries and that those injuries were allegedly linked to her Taxotere/Docetaxel use on the date she filed her lawsuit in this Court: February 27, 2018.[2] That she did not know at the time that Accord was the manufacturer of her Docetaxel is of no import under *Fluke*. Therefore, to timely file her cause of action as to Accord under Kentucky law, Plaintiff must have moved to amend her complaint to add Accord by February 27, 2019. Plaintiff failed to do so. Rather, she waited until June 2020 – sixteen months too late – to seek leave to name Accord. Plaintiff articulates absolutely no reason in her Motion for her delay (*see* Doc. 10490-1). Accordingly, Plaintiff's case as to Accord is time barred.

Courts have recognized the futility of amending a complaint based upon the statute of limitations in denying motions for leave. For example, in *Martin v. Sanford*, the court denied plaintiffs' motion for leave to add additional defendants where the statute of limitations period expired. *Martin v. Sanford*, No. 3:03-CV-1835, 2004 WL 224589, at *7 (N.D. Tex. Jan. 29, 2004). According to the court, "[i]t is futile to add a party where the statute of limitations has

---

[2] For the sake of simplicity and for the purposes of this Motion only, Accord will assume that Plaintiff's cause of action accrued on the same date she filed her initial Complaint. Accord reserves the right to argue that her cause of action accrued much earlier – six months following the completion of chemotherapy – consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings, in the absence of tolling.

run." *Id.*; *see also Rooney v. Costco Wholesale Corp.*, No. CV H-19-4536, 2020 WL 2514882, at *3 (S.D. Tex. May 15, 2020) (denying motion for leave to amend to add a new party filed more than a year after the injury accrued as "th[e] amendment [was] futile based on the statute of limitations"); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489986, at *2 (W.D. Tex. July 10, 2014) (denying motion for leave to amend complaint to add defendant where claim was time-barred by statute of limitations and plaintiff made no showing to support tolling). This Court should do the same.

### C. Plaintiff's Amended Complaint Does Not "Relate Back" to the Date of the Original Filing.

Plaintiff's proposed amended short form complaint does not relate back to the original short form complaint. When a plaintiff seeks to add a new defendant through an amendment to the complaint Rule 15(c)(1)(C) governs. *See Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). Indeed, for relation back to be proper, plaintiffs must demonstrate all of the following: that (1) the amendment relates to same conduct, transaction, or occurrence, (2) the putative defendant had sufficient notice of the action, and (3) the action would have been brought against the newly added defendant but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C); *see also Carlos Salazar v. Zapata Cty.*, No. 5:16-cv-00292, 2018 WL 8017042, at *3 (S.D. Tex. Dec. 6, 2018).

Plaintiff has not satisfied these requirements.

As to notice, under Rule 15(c), notice may be actual, as prescribed by Fed. R. Civ. P. 4(m) requiring service within 90 days after the complaint is filed, or imputed through an "identity of interest" with the party named on the original complaint only if the new defendant is "so closely related in the business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *See Jacobson*, 133 F.3d at

7

320; *Salazar*, 2018 WL 8017042, at *4. Here, Accord has not received notice—actual or imputed—within the meaning of Rule 15(c)(1)(C). Indeed, the 90-day period allowed by Rule 15(c)(1)(C) for potential defendants to receive notice expired on May 28, 2018. Moreover, Plaintiff has failed to allege any facts suggesting that Accord's business operations were closely related to any of the named defendants. Further, any suggestion that Accord's presence in the MDL provided "notice" is not supported by any law and would improperly result in Accord's potential exposure to liability in every one of the more than 12,000 lawsuits that have been filed in this MDL, simply because they are parties in some of the cases in this MDL. As such, Plaintiff's motion should be denied because she cannot satisfy the notice requirements that would allow her pleading to relate back to the date of the original complaint.

As to "mistake," Plaintiff's proposed amendment does not seek to correct a misnomer or misidentification. The goal of the relation back doctrine is to correct a mistake concerning the identity of a party. *See Jacobson*, 133 F.3d at 320-321 (explaining that the rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification"). Yet, as courts in this circuit have made clear, "[w]here a plaintiff could have obtained the proper identities of intended defendants by greater diligence, failing to identify a party defendant until discovery untimely reveals it is not a "mistake" or "misidentification" for purposes of the relation back doctrine under Rule 15(c)." *See In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 723 (S.D. Tex. 2006) (citing *Jacobson*, 133 F.3d at 320-321).

There is nothing before this Court to establish that a mistake prevented Plaintiff from identifying Accord as a potential defendant at the commencement of this action. Plaintiff has not articulated a reason why she sued the named defendants and not Accord. That is particularly the

8

case in this MDL, where Accord was listed as a possible defendant on the template Short Form Complaint used by Plaintiff.

## IV. CONCLUSION

Plaintiff has failed to provide any evidence of product identification identifying Accord as the manufacturer of the Docetaxel administered to her and, therefore, lacks any reasonable basis to add Accord as a Defendant. Even if she did, Plaintiff's proposed amended complaint is time-barred and therefore futile. Accordingly, Accord respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint attempting to name Accord Healthcare, Inc. as a defendant.

Date: June 19, 2020                                Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
Email:       julie.callsen@tuckerellis.com
             brenda.sweet@tuckerellis.com

*Attorneys for Putative Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing *Memorandum In Support of Putative Defendant Accord Healthcare, Inc.'s Opposition to Plaintiff's Motion for Leave to File Amended Short Form Complaint* with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

                                          */s/ Julie A. Callsen*
                                          Julie A. Callsen