UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Barbara Harris v. Sanofi-Aventis U.S. LLC et al.* | : : | |
| *Case No. 2:17-cv-13114* | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Barbara Harris, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.  Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "district courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.  Granting Plaintiff Leave to Amend Complaint is Not Futile

a.  The Relation Back Doctrine Applies

The Court should grant Plaintiff Barbara Harris's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15.  Even if the relevant statute of limitations would not allow a new action to be brought against Defendants

Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. ("Actavis"), and Sagent Pharmaceuticals, Inc. ("Sagent") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Actavis and Sagent were put on notice of a possible claim against them. The Taxotere (Docetaxel) MDL was created well before Ms. Harris filed her original complaint on November 22, 2017. Actavis and Sagent were also manufacturers of Taxotere and/or Docetaxel well before Ms. Harris filed her original complaint. Actavis and Sagent were put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured.

Ms. Harris's original complaint was timely filed. As Ms. Harris's Taxotere/Docetaxel was administered in Ohio and it is her state of residence, the statute of limitations in Ohio controls. Ohio has a "discovery rule" where "a cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Doane v. Givaudan Flavors Corp.,* 184 Ohio App. 3d 26, 33.

Ms. Harris's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became aware that her injury was a result of the negligence on the part of a manufacturer of Taxotere/Docetaxel. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 843 (S.D.W. Va. 2015). Ms. Harris did not become aware that the Taxotere/Docetaxel could be responsible for her permanent

hair loss until August 2017 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Harris was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Harris that her hair loss would be permanent before she saw the internet advertisement. Ms. Harris's limitations period did not begin to run until August 2017, when she discovered her permanent hair loss was caused by the wrongful acts of a manufacturer of Taxotere/Docetaxel. Ms. Harris brought her claims within the applicable two-year time period under Ohio law, as she filed her claims on November 22, 2017.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 23, 2020

Respectfully submitted,

*/s/ Jade M. Ruiz*
Jade M. Ruiz
Texas Bar No. 24077836
**Johnson Law Group**
2925 Richmond Ave., Ste. 1700
Houston, TX 77098
Tel: 713-626-9336
Fax: 713-583-9460
jader@johnsonlawgroup.com

*Attorney for Plaintiff*