UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>MELISSA FLECK,<br><br>      Plaintiff,<br><br>      v.<br><br>HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC., *et al.*,<br><br>      Defendant.<br><br>*Case No. 2:17-cv-11161* | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**PUTATIVE DEFENDANT ACCORD HEALTHCARE, INC.'S SUR-REPLY IN RESPONSE TO PLAINTIFF'S REPLY REGARDING MOTION FOR LEAVE TO AMEND COMPLAINT**

In her Reply brief, Plaintiff attempts to base her argument that her amended complaint is timely through application of the "relation back" doctrine under Fed. R. Civ. 15(C). But such reliance is not grounded in either law or fact—indeed, Plaintiff is unable to establish the requisite facts for the doctrine to apply in her case—and therefore the doctrine cannot and does not salvage the untimeliness of her claims.

When a plaintiff seeks to add a new defendant through an amendment to the complaint, Rule 15(c)(1)(C) governs. *See Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). For relation back to be proper pursuant to Fed. R. Civ. P. 15(c)(1)(C), plaintiffs must

demonstrate all of the following: (1) the amendment relates to same conduct, transaction, or occurrence, (2) the putative defendant had sufficient notice of the action, and (3) the action would have been brought against the newly added defendant but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C); *see also Carlos Salazar v. Zapata Cty.*, No. 5:16-cv-00292, 2018 WL 8017042, at *3 (S.D. Tex. Dec. 6, 2018).

Here, Plaintiff has failed to establish either proper notice or "mistake."

### A. Plaintiff's Proposed Amendment Does Not Satisfy Rule 15(c)'s Notice Requirements.

Plaintiff's amended complaint cannot "relate back" because she never placed Accord on notice of her lawsuit. Under Rule 15(c), notice may be actual, as prescribed by Fed. R. Civ. P. 4(m) requiring service within 90 days after the complaint is filed, or imputed through an "identity of interest" with the party named on the original complaint only if the new defendant is "so closely related in the business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998); *see also Salazar*, 2018 WL 8017042, at *5 (explaining that "[w]here courts have found an identity of interest between the party to be brought in by amendment and the party mistakenly named on the original complaint, that finding has been predicated in part on the fact that both parties have been represented by the same counsel").

Here, there was no notice—actual or imputed—within the meaning of Rule 15(c)(1)(C). Accord never received notice within the 90-day period, expiring January 22, 2018, allowed by Rule 15(c)(1)(C). Moreover, Plaintiff has failed to allege any facts suggesting that Accord's business operations were closely related to any of the named defendants. Further, any suggestion that Accord's presence in the MDL provided "notice" is unsupported by law and would improperly result in Accord's potential exposure to liability in every one of the more than 12,000 lawsuits that

have been filed in this MDL simply because they are parties in some of the cases in this MDL. As such, Plaintiff's motion should be denied because she cannot satisfy the notice requirements that would allow her pleading to relate back to the date of the original complaint.

### B. Plaintiff's Proposed Amendment Is Not Intended Correct a Mistake.

Additionally, Plaintiff's amended complaint cannot "relate back" because Plaintiff's proposed amendment does not seek to correct a misnomer or misidentification. In her Reply, Plaintiff cherry-picked a single line from *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968), to support the proposition that the proposed amendment relates back "so long as the amended complaint refers to the same transaction or occurrence . . . and the defendant was put on notice of the claim by the first complaint." (*See* Pl.'s Reply at 2). Yet, the complete text of Rule 15(c) imposes a "mistake" requirement which requires plaintiffs to establish that the new defendant would have been a party to the original complaint "but for a mistake concerning the proper party's identity." *Williams*, 405 F.2d at 236 n.7; *see Jacobsen*, 133 F.3d at 320.

Though Plaintiff glossed over this requirement, the Fifth Circuit has explained that the rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint *only* if the change is the result of an error, such as a misnomer or misidentification." *See Jacobsen*, 133 F.3d at 320-321 (emphasis added). And as courts in this circuit have made clear, "[w]here a plaintiff could have obtained the proper identities of intended defendants by greater diligence, failing to identify a party defendant until discovery untimely reveals it is not a "mistake" or "misidentification" for purposes of the relation back doctrine under Rule 15(c)." *See In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 723 (S.D. Tex. 2006) (citing *Jacobsen*, 133 F.3d at 320-321).

There is nothing before this Court to establish that a mistake prevented Plaintiff from identifying Accord as a potential defendant at the commencement of this action. Plaintiff has not

3

articulated a reason why she initially named the defendants she did and not Accord. Plaintiff's failure to identify Accord as a potential defendant is particularly inexcusable in this MDL, where Accord was listed as a possible defendant on the template Short Form Complaint used by Plaintiff. As a result, Plaintiff's motion should be denied because she has not offered any evidence to establish that the proposed amendment is intended to correct a mistake in her original complaint.

## II.  CONCLUSION

Plaintiff's failure to satisfy the notice and "mistake" requirements of Rule 15(c) render the relation back doctrine inapplicable. Because the "relation back" doctrine does not apply, it cannot salvage her ultimately amended Complaint.  As such, Accord respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Accord Healthcare, Inc. as a defendant.

Date:  June 23, 2020

Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:   216.592.5000
Facsimile:    216.592.5009
Email:         julie.callsen@tuckerellis.com
                    brenda.sweet@tuckerellis.com

*Attorneys for Putative Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I electronically filed the foregoing *Sur-Reply in Response to Plaintiff's Reply in Support of her Motion for Leave to Amend the Complaint* with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

015418\000001\4729027.1