**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL)**              **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**June Phillips, Case No. 2:16-cv-15397**

### SANOFI'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

On April 7, 2020, this Court entered an Order granting Sanofi's Motion for Summary Judgment on Warnings Causation and dismissing with prejudice Plaintiff June Phillips' failure-to-warn and negligence claims (Rec. Doc. 9887). Thereafter, on May 27, 2020, the Court entered judgment in favor of Sanofi, dismissing with prejudice all claims of Plaintiff June Phillips (Rec. Doc. 10469). Sanofi now respectfully moves and urges that all costs incurred in the defense of this matter, as enumerated in the attached Bill of Costs and supporting Affidavit of Harley V. Ratliff, be assessed against Plaintiff June Phillips, pursuant to Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(1). Sanofi submits that each and every item listed in the Bill of Costs and Affidavit was necessarily incurred in Sanofi's defense of this case and is properly taxable.

**I.      COURT COSTS**

The docket fee in the amount of $20.00 is authorized pursuant to 28 U.S.C. § 1923, which provides a $20.00 fee on trial in civil cases. This fee should be taxed against Plaintiff.

**II.     TRANSCRIPT FEES**

The deposition transcript expenses identified in the Bill of Costs and Affidavit should also be taxed against Plaintiff. "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed and electronically recorded transcripts necessarily obtained for

use in the case." 28 U.S.C. § 1920(2).  The Fifth Circuit holds that the taxation of deposition costs comes within the parameters of § 1920(2), provided they were "necessarily obtained for use in the case." *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991); *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963).  Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination within the district court's discretion.  *See id.*  "The cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable."  *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman*, 920 F.2d at 285-86).  "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs *will* be taxed as having been 'necessarily obtained for use in the case.' "  *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 102 F.R.D. 73, 80 (E.D. La. 1984) (emphasis added).

Here, the transcript expenses identified in the Bill of Costs and Affidavit were "necessarily obtained for use in the case" and thus are properly taxable.  Indeed, each deposition transcript was "reasonably expected to be used for trial or trial preparation."  Accordingly, the full amount of these expenses, as set forth in the Bill of Costs and Affidavit, should be taxed against Plaintiff.

## III.   OTHER COSTS

Sanofi's costs associated with copying and collecting Plaintiff's medical records are properly taxable under 28 U.S.C. §1920(4).  *See, e.g., Romero v. U.S.*, 865 F. Supp. 585, 595 (E.D. Mo. 1994) (holding costs of copying medical records for use of expert witnesses were necessarily obtained for use in the case and properly taxable under §1920(4)); *Molnar v. Elgin, Joliet and Eastern Ry. Co.*, 697 F. Supp. 306, 311-12 (N.D. Ill. 1988) (finding costs of copying injured railroad employee's medical records were reasonably necessary to the case in order for the attorneys to prepare for depositions and provided evidence of employee's medical condition, and

thus properly taxable under §1920(4)).  These costs were clearly "necessarily obtained for use in the case" in that the records provided key evidence of Plaintiff's medical condition, cancer and treatment.  As such, the full amount of these expenses, as set forth in the Bill of Costs and Affidavit, should be taxed against Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that the full sum set forth in the attached Bill of Costs and supporting Affidavit be taxed against Plaintiff.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN   FRITCHIE   URQUHART   & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*