UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| *Demetria Pierce v. Sanofi-Aventis U.S. LLC et al*<br><br>Case No. 2:17-cv-11075 | : : : : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Demetria Pierce, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I. Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "[d]istrict courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II. Granting Plaintiff Leave to Amend Complaint is Not Futile

   a. The Relation Back Doctrine Applies

The Court should grant Plaintiff Demetria Pierce's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15. Even if the relevant statute of limitations would not allow a new action to be brought against Defendant

Sandoz Inc. ("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against them. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Pierce filed an original complaint on October 24, 2017. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Pierce specifically was administered Taxotere/Docetaxel produced by Sandoz September 12, 2018 when her medical record was produced on MDL Centrality.

Ms. Pierce's original complaint was timely filed. As Ms. Pierce's Taxotere/Docetaxel was administered in Kentucky and it is her state of residence, the statute of limitations in Kentucky controls. Kentucky has a "discovery rule" where "a cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party." *Hazel v. General Motors Corp.*, 83 F.3d 422 (6th Cir. 1996).

Ms. Pierce's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became aware that her injury was a result of the negligence on the part of Sandoz. *See id.* Ms. Pierce did not become aware that the Taxotere/Docetaxel could be responsible for her permanent hair loss until November 2016 when she saw an internet advertisement connecting the use of

2

Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Pierce was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Pierce that her hair loss would be permanent before she saw the internet advertisement. Ms. Pierce's limitations period did not begin to run until November 2016, when she discovered her permanent hair loss was caused by the wrongful acts of Sandoz. Ms. Pierce brought her claims within the applicable two-year time period under Kentucky law, as she filed her claims on October 24, 2017.

      b.  The Doctrine of Laches Does Not Apply

Ms. Pierce's Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. Laches "prohibits claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow the party to reverse a previous course of action." *Cherry v. Augustus*, 245 S.W.3d 766, 774 (Ky. Ct. App. 2006).

Here, Sandoz has made no showing of prejudice. Sandoz clearly has had access to Ms. Pierce's Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from April of 2018 to May of 2019, as Sandoz references her Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Pierce has submitted all required discovery. However, if Sandoz spots a deficiency in Ms. Pierce's discovery and wishes to issue a deficiency notice, it has every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 26, 2020

Respectfully submitted,

*/s/ Jade M. Ruiz*
Jade M. Ruiz
Texas Bar No. 24077836
**Johnson Law Group**
2925 Richmond Ave., Ste. 1700
Houston, TX 77098
Tel: 713-626-9336
Fax: 713-583-9460
jader@johnsonlawgroup.com

*Attorney for Plaintiff*