# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION : | MDL NO. 2740 |
| : | |
| : | SECTION "H" (5) |
| : | |
| THIS DOCUMENT RELATES TO: : | HON. JANE TRICHE MILAZZO |
| : | MAG. JUDGE MICHAEL NORTH |
| *Netonya Usher Williams v. Sanofi-Aventis U.S. LLC et al.* : | |
| : | |
| Case No. 2:17-cv-11194 : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Netonya Usher Williams, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.   Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "district courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.   Granting Plaintiff Leave to Amend Complaint is Not Futile

   a.   The Relation Back Doctrine Applies

The Court should grant Plaintiff Netonya Usher Williams's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P.

15.  Even if the relevant statute of limitations would not allow a new action to be brought against Defendants Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. ("Actavis"), and Sagent Pharmaceuticals, Inc. ("Sagent") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Actavis and Sagent were put on notice of a possible claim against them. The Taxotere (Docetaxel) MDL was created well before Ms. Usher Williams filed her original complaint on October 25, 2017. Actavis and Sagent were also manufacturers of Taxotere and/or Docetaxel well before Ms. Usher Williams filed her original complaint. Actavis and Sagent were put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured.

Ms. Usher Williams's original complaint was timely filed. As Ms. Usher Williams's Taxotere/Docetaxel was administered in Georgia and it is her state of residence, the statute of limitations in Georgia controls. Georgia has a "discovery rule" where "a cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 319, 287 S.E.2d 252, 254 (1981) quoting *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 170-171.

Ms. Usher Williams's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she

became aware that her injury was a result of the negligence on the part of a manufacturer of Taxotere/Docetaxel. *See id*. Ms. Usher Williams did not become aware that the Taxotere/Docetaxel could be responsible for her permanent hair loss until November 2016 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Usher Williams was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Usher Williams that her hair loss would be permanent before she saw the internet advertisement. Ms. Usher Williams's limitations period did not begin to run until November 2016, when she discovered her permanent hair loss was caused by the wrongful acts of a manufacturer of Taxotere/Docetaxel. Ms. Usher Williams brought her claims within the applicable two-year time period under Georgia law, as she filed her claims on October 25, 2017.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 29, 2020

Respectfully submitted,

*/s/ Jade M. Ruiz*
Jade M. Ruiz
Texas Bar No. 24077836
**Johnson Law Group**
2925 Richmond Ave., Ste. 1700
Houston, TX 77098
Tel: 713-626-9336
Fax: 713-583-9460
jader@johnsonlawgroup.com

*Attorney for Plaintiff*