# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740<br><br>SECTION "N"(5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| SANDRA BURKS<br><br>    Plaintiff:, | : : : : | COMPLANT & JURY DEMAND<br><br>Civil Action No.: 18-00686 |
| vs.<br>SANOFI S.A. f/k/a SANOFI AVENTIS S.A., AVENTIS PHARMA S.A., and;<br>SANOFI U.S SERVICES, INC. f/k/a SANOFI-AVENTIS, U.S. INC.<br>SANOFI-AVENTIS U.S. LLC, separately, and doing business as WINTHROP U.S. | : : : : : : : | |

## FIRST AMENDED SHORT FORM COMPLAINT (EFFECTIVE MAY 13, 2020)

Plaintiff incorporates by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendants.

Plaintiff further alleges as follows:

1. Plaintiff:

    SANDRA BURKS

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator): _____

   _____

4. Current State of Residence: Mississippi _____

5. State in which Plaintiff(s) allege(s) injury: Mississippi _____

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☐ A. Sandoz, Inc.

      ☐ B. Accord Healthcare, Inc.

      ☐ C. McKesson Corporation d/b/a McKesson Packaging

      ☐ D. Hospira Worldwide Inc.

      ☐ E. Hospira Inc

      ☐ F. Sun Pharma Global FZE

      ☐ G. Sun Pharma Global Inc.

      ☐ H. Caraco Pharmaceutical Laboratories Ltd.

      ☐ I. Pfizer Inc.

      ☐ J. Allergan Finance LLC f/k/a Actavis Inc.

      ☐ K. Actavis Pharma Inc.

      ☐ L. Sagent Pharmaceuticals, Inc.

☐     M.     Other:

7.     Basis for Jurisdiction:

☒     Diversity of Citizenship

☐     Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.     Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Southern District of Mississippi

9.     Brand Product(s) used by Plaintiff (check applicable):

☒     A.     Taxotere

☐     B.     Docefrez

☐     C.     Docetaxel Injection

☐     D.     Docetaxel Injection Concentrate

☐     E.     Unknown

☐     F.     Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> June 2010- October 2010

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> **Before Plaintiff was treated with Taxotere, her physician gave her a booklet that explained her hair would re-grow after chemotherapy but that it may come back a different color or texture. She was continually re-assured her hair would return. Following chemotherapy, Plaintiff's hair did not fully return.  Plaintiff continued believing her hair would grow back, as her internet searches did not reveal why her hair was not returning.**

13. Counts in Master Complaint brought by Plaintiff(s):

   ☒ Count I – Strict Products Liability - Failure to Warn
   ☒ Count II – Strict Products Liability for Misrepresentation
   ☒ Count III – Negligence
   ☒ Count IV – Negligent Misrepresentation
   ☒ Count V – Fraudulent Misrepresentation
   ☒ Count VI – Fraudulent Concealment
   ☒ Count VII – Fraud and Deceit
   ☒ Count VIII – Breach of Express Warranty (Sanofi Defendants only)

4

☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

Please see Exhibit A, attached.

5

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: *Darin L. Schanker* (#23881)
*J. Kyle Bachus* (#24441)
*J. Christopher Elliott* (#41063)
Bachus & Schanker, LLC
101 West Colfax Suite 650
Denver, CO 80202
Telephone: (303) 893-9800
FAX: (303) 893-9900
E-mail: dschanker@coloradolaw.net
E-mail: kyle.bachus@coloardolaw.net
Email: celliott@coloradolaw.net

6

## EXHIIBIT A

## Liability Under the Mississippi Products Liability Act (§ 11-1-63)

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.
2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:
    a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries;
    b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered Taxotere® to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries;
    c. Manufacturing, producing, promotion, formulating, creating, and/or designing Taxotere® without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia;
    d. Failing to provide adequate warning of the dangers associated with Taxotere®;
    e. Designing, formulating, researching, developing, manufacturing, marketing, promoting and selling Taxotere® when it knew or reasonably should have known of its propensity to cause disfiguring permanent alopecia and other injuries;
    f. Defendants' design, development, manufacture, marketing, and sale of Taxotere®, which drug is defective and unreasonably dangerous for the undisclosed risk of developing disfiguring permanent alopecia and other injuries;
    g. The continued production and sale of docetaxel (Taxotere®) without adding adequate warnings despite Defendants' knowledge of the association between Taxotere® and disfiguring permanent alopecia and other injuries;
    h. Providing inaccurate labeling and inadequate warnings and instructions;
    i. Utilizing inadequate testing methods which were not accurate, sensitive, specific, and/or reproducible to track the actual rate of permanent alopecia;
    j. Other breaches and defects which may be shown through discovery or at trial; and
    k. Failure to act with the required degree of care due and owing to plaintiff and her physician(s).

## Punitive Damages (§ 11-1-65)

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.
2. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' fraudulent and grossly negligent conduct and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (Taxotere®). Defendants

7

    intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious, permanent, and disfiguring side effects and risks associated with the docetaxel (Taxotere®) product.

3. Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel (Taxotere®) product was associated with serious, permanent side effects. Defendants recklessly failed to track, test, account for, monitor, and report the side effect of persistent or permanent alopecia in clinical trials during the development of Taxotere, in violation of their own clinical trial protocols. Notwithstanding Defendants' knowledge and reckless disregard of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel (Taxotere®) products.
4. Defendants failed to provide warning that would have dissuaded health care professionals from recommending/prescribing and consumers from ingesting the docetaxel (Taxotere®) product, thus depriving both from weighing the true risks against the benefits of prescribing, using or consuming the product.
5. Defendant knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the drug as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs and their physicians, in a conscious reckless, or grossly negligent disregard of the foreseeable harm caused.
6. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were knowing, fraudulent and reckless. Defendants committed these acts with knowing, conscious and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the products. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.