# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740 SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: Cindy L. Smith, v. Sanofi S.A., et al. ------------------------------------------------------------ | : : : : : : : : : : : | COMPLAINT & JURY DEMAND Civil Action No.: __2:18-cv-07702__ |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Cindy L. Smith

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   <u>     N/A                                                                                     </u>

4. Current State of Residence: <u>  Mississippi                                     </u>

5. State in which Plaintiff(s) allege(s) injury: <u> Mississippi                        </u>

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☒  A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☒  B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☐  A. Sandoz Inc.

      ☐  B. Accord Healthcare, Inc.

      ☐  C. McKesson Corporation d/b/a McKesson Packaging

      ☐  D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

      ☐  E. Hospira, Inc.

      ☐  F. Sun Pharma Global FZE

      ☐  G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

      ☐  H. Pfizer Inc.

      ☐  I. Actavis LLC f/k/a Actavis Inc.

      ☐  J. Actavis Pharma, Inc.

      ☐  K. Sagent Pharmaceuticals, Inc.

☐    L.    Other:

7.    Basis for Jurisdiction:

☒    Diversity of Citizenship

☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.    Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC Southern District of Mississippi, Southern Division

9.    Brand Product(s) used by Plaintiff (check applicable):

☒    A.    Taxotere

☐    B.    Docefrez

☐    C.    Docetaxel Injection

☐    D.    Docetaxel Injection Concentrate

☐    E.    Unknown

☐    F.    Other:

3

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> 06/10/2014 through 09/23/2014

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent, irreversible, and disfiguring alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to present.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability - Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ☒ Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

1. Plaintiff received chemotherapy treatment beginning June 10, 2014 at Singing River Hospital in Pascagoula, Mississippi.

2. Prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Elizabeth Herrington, MD.

3. Prior to Plaintiff's chemotherapy treatment, Plaintiff had a full head of hair.

4. Prior to Plaintiff's chemotherapy treatment, Plaintiff was advised by her prescribing doctor, Dr. Elizabeth Herrington, that she would likely have temporary hair loss during her chemotherapy treatment. Dr. Herrington also advised Plaintiff that her hair would re-grow after the chemotherapy treatment.

5. Plaintiff did not receive any warnings that her use of Taxotere/Docetaxel may or would result in permanent hair loss.

6. Plaintiff believed that her hair loss would be temporary and was uncertain when her hair would begin to grow back after her chemotherapy treatment.

7. Plaintiff completed her chemotherapy treatment regimen on September 23, 2014.

8. Approximately one month after chemotherapy ended, Plaintiff's hair began to re-grow much thinner than prior to treatment. Plaintiff continued to believe and hope that her hair would re-grow to its pre-chemotherapy-treatment thickness and body.

9. Approximately six months after the chemotherapy treatment ended, Plaintiff went for a follow-up visit at Dr. Herrington's office. Dr. Herrington continued to encourage Plaintiff to use OTC products to assist with her hair re-growth. At no time did Dr. Herrington insinuate that Plaintiff's hair loss and thinning was permanent or in any way associated with the Taxotere/Docetaxel product.

10. By mid-2015, Plaintiff began researching Wonderbrow and Keranique products as options to help her hair re-growth after visits with Dr. Herrington and Dermatologist Dr. Thomas Garrott who encouraged her to do so. Plaintiff also took OTC Biotin beginning in January 2015 for two years on the advice of Dr. Garrott and Dr. James Gatewood, but it has not helped to stimulate or restore Plaintiff's hair re-growth or ameliorate her hair thinning.

11. Plaintiff discussed her concerns about her hair thinning and not growing back as it was prior to chemotherapy treatment with family and close friends, but none of her discussions gave Plaintiff any idea that her permanent alopecia was related to the use of Taxotere.

5

12. In approximately January 2016 Plaintiff saw attorney advertisements online on Facebook and on television regarding the association between Taxotere/Docetaxel and her hair's thinning and failure to re-grow as prior to her chemotherapy treatment.

### FAILURE TO WARN UNDER MISS. CODE § 11-1-63

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Second Amended Master Long Form Complaint, with the same force and effect as if fully set forth herein.

2. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to, permanent disfiguring alopecia.

3. Defendants had/have a duty to warn of adverse drug reactions, including, but not limited to, permanent disfiguring or scarring alopecia, which they knew or should have known in light of reasonably available knowledge can be caused by the use of TAXOTERE® and/or are associated with the use of TAXOTERE®, and of which an ordinary consumer would not realize.

4. The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective and rendered dangerous to the user/consumer in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring or scarring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring or scarring permanent alopecia.

5. Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring or scarring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

6. Due to the inadequate warning regarding the serious risk for disfiguring or scarring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

7. Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

8. Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.

9. Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring or scarring permanent alopecia with Plaintiff and/or would not have prescribed it.

10. As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered scarring and disfiguring permanent alopecia.

11. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement and scarring, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

## PUNITIVE DAMAGES UNDER MISS. CODE § 11-1-65

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' fraudulent and grossly negligent conduct and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (Taxotere®). Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious, permanent, and disfiguring side effects and risks associated with the docetaxel (Taxotere®) product.

3. Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel (Taxotere®) product was associated with serious, permanent side effects, including, but not limited to, permanent, persistent, disfiguring, and scarring alopecia. Defendants recklessly failed to track, test, account for, monitor, and report the side effect of persistent or permanent alopecia in clinical trials during the development of Taxotere, in violation of their own clinical trial protocols. Notwithstanding Defendants' knowledge and reckless disregard of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel (Taxotere®) products.

4. Defendants failed to provide warning that would have dissuaded health care professionals from recommending/prescribing and consumers from ingesting or receiving administration of the docetaxel (Taxotere®) product, thus depriving both from weighing the true risks against the benefits of prescribing, using or consuming the product.

5. Defendant(s) knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the docetaxel (Taxotere®) product as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff(s) and her physicians, in a conscious reckless, or grossly negligent disregard of the foreseeable harm caused.

6. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were knowing, fraudulent and reckless. Defendants committed these acts with knowing, conscious, and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the docetaxel (Taxotere®) product. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.

Case 2:16-md-02740-JTM-MBN   Document 10668-11   Filed 06/29/20   Page 10 of 10

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

/s/ *Nathan Buttars*

Nathan Buttars (UT Bar No. 13659)
T. Aaron Stringer (UT Bar No. 12681)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405
Tel : 801-917-8500
Fax : 801-917-8484
nate@lowelawgroup.com
aaron@lowelawgroup.com

9