# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Brenda Weathers v. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. et al.* | : | |
| | : | |
| Case No. 2:17-cv-12447 | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Brenda Weathers, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.  Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "district courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.  Granting Plaintiff Leave to Amend Complaint is Not Futile

a.  The Relation Back Doctrine Applies

The Court should grant Ms. Weathers' Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15. Even if the relevant statute of limitations would not allow a new action to be brought against Defendant

Sandoz Inc. ("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against it. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Weathers filed her Complaint in November of 2017. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Weathers specifically was administered Taxotere/Docetaxel produced by Sandoz in March of 2018 when her medical record was produced on MDL Centrality.

Ms. Weathers' original complaint was timely filed. As Ms. Weathers' Taxotere/Docetaxel was administered in Texas and it is her state of residence, the statute of limitations in Texas controls. Texas has a "discovery rule" where "accrual is tolled until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another." *Childs v. Haussecker*, 974 S.W.2d 31, 41 (Tex. 1998).

Ms. Weathers' limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became aware that her injury was a result of the negligence on the part of a manufacturer of Taxotere/Docetaxel. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 843 (S.D.W. Va. 2015). Ms.

Weathers did not become aware that the Taxotere/Docetaxel she was given could be responsible for her permanent hair loss until August 2017 when she saw a television advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Weathers was not even aware that her hair loss would be permanent until she viewed this television advertisement. No physician informed Ms. Weathers that her hair loss would be permanent before she saw the television advertisement. Ms. Weathers' limitations period did not begin to run until August 2017, when she discovered her permanent hair loss was caused by the wrongful acts of a manufacturer of Taxotere/Docetaxel. Ms. Weathers brought her claims within the applicable two-year time period under Texas law, as she filed her claims on November 14, 2017. Even if the Court feels there is a question as to whether or not Ms. Smiley should have discovered the nature of her injury earlier, it is a question of fact that should be left to a jury. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 844 (S.D.W. Va. 2015).

      b.   The Doctrine of Laches Does Not Apply

Ms. Weathers' Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. Laches is "an equitable doctrine [that] attempts to prevent injustice against one party that could result when another asserts his demands so long after they matured that evidence has been lost or impaired." *Fazakerly v. Fazakerly*, 996 S.W.2d 260, 265 (Tex. App. 1999) citing *Walet v. Haskins*, 68 Tex. 418, 4 S.W. 596, 598–99 (1887); *De Benavides v. Warren*, 674 S.W.2d 353, 362 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Laches requires "delay coupled with disadvantage." *Brewer v. Nationsbank of Texas, N.A.*, 28 S.W.3d 801, 804 (Tex. App. 2000). The court in *Fazakerly* stated that limitations or laches applied when the plaintiff tried to assert claims against a prenuptial agreement where she entered into a settlement agreement based on the prenuptial agreement five years previous. The court also found that

3

evidence was lost because at that time defendant had Alzheimer's disease and was not competent to testify; "her position had changed during the delay." *Fazakerly v. Fazakerly*, 996 S.W.2d 260, 265 (Tex. App. 1999).

      Here, Sandoz has made no showing of disadvantage nor that evidence has been lost. Sandoz clearly has had access to Ms. Weathers' Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from March of 2018 to June of 2020, as Sandoz references the Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Weathers has submitted all required discovery. However, if Sandoz determines there is a deficiency in Ms. Weathers' discovery and wishes to issue a deficiency notice, it has every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

      For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 30, 2020　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jade M. Ruiz*
　　　　　　　　　　　　　　　　　　　　　　　Jade M. Ruiz
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24077836
　　　　　　　　　　　　　　　　　　　　　　　**Johnson Law Group**
　　　　　　　　　　　　　　　　　　　　　　　2925 Richmond Ave., Ste. 1700
　　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77098
　　　　　　　　　　　　　　　　　　　　　　　Tel: 713-626-9336
　　　　　　　　　　　　　　　　　　　　　　　Fax: 713-583-9460
　　　　　　　　　　　　　　　　　　　　　　　jader@johnsonlawgroup.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*