**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

MDL No. 2740

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Eva Itza Encarncion Medero, et al.*,
Case No. 18-02152

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Sagent Pharmaceuticals, Inc. ("Sagent") is futile and should be denied. This attempt to add Sagent as a Defendant comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing one-year statute of limitations set forth under Puerto Rico law.

## I. PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by filing a Short Form Complaint on February 28, 2018. *See* Complaint in Member Action No. 2:18-cv-02152-JTM-MBN. (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f//k/a Actavis Inc., and Actavis Pharma, Inc.

On March 24, 2020, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Accord Healthcare, Inc., Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc. (Master Docket, Doc. 9776.)

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent. Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." PTO 37A. PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On April 3, 2020, plaintiff's counsel contacted the undersigned counsel for Sagent, an entity that is not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On April 16, 2020, counsel for Sagent informed plaintiff's counsel that Sagent opposes the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Amy Zeman, and Sagent's counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On May 19, 2020, plaintiff filed *Plaintiff's Opposed Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 10466). Sagent hereby enters its Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[1]

## II.  LAW AND ARGUMENT

Plaintiff's motion should be denied because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff, a resident of Puerto Rico, knew about her claim that docetaxel caused her injury at least as early as February 28, 2018, as evidenced by the filing of her Short Form Complaint. Plaintiff argues that she "diligently endeavored to identify the manufacturers of

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

the docetaxel she was administered in 2015" but offers no substantive argument as to why the claims against Sagent are not time-barred as a matter of law. Nor does she even credibly explain why it took five years since that time to identify Sagent as a possible defendant. (Plaintiff's Motion, p. 1.) Instead, plaintiff simply argues that a purported relationship between Sagent and Actavis is the reason for the delay in naming Sagent. She does not explain why any such relationship saves her time-barred claims against Sagent. She does not even explain how this prevented her from naming Sagent earlier, especially in light of the fact that plaintiff admits she was in possession of records identifying Sagent as of September 17, 2018. (*Id.*, p. 2.) Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods.*

*Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the District of Puerto Rico). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Puerto Rico's choice-of-law rules shall apply. Under Puerto Rico choice-of-law provisions, Puerto Rico's statute of limitations will apply in this matter. *Montalvo v. Gonzalez-Amparo*, 587 F.3d 43, 46 (1st Cir. 2009); *Valedon Martinez v. Hosp. Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1133 (1st Cir. 1986). Plaintiff's claims are governed by Puerto Rico's one-year statute of limitations applicable to tort actions codified in P.R. Laws Ann. Tit. 31 § 5298(2). *See e.g., Rabassa Suarez v. Ford Motor Co.*, 204 F. Supp. 2d 302, 303 (D.P.R. 2002).

Under Puerto Rico's one-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than two years after she filed her original complaint.[2] Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

### B. The Proposed Amended Short Form Complaint Is Untimely On Its Face

[2] For the sake of simplicity and for the purposes of responding to plaintiff's motion only, Sagent will assume that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint. Sagent reserves the right to argue that her cause of action accrued much earlier, and no later than six months following the completion of chemotherapy, consistent with Plaintiff's First Amended Master Long Form Complaint and this Court's previous rulings. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on February 28, 2018. As discussed above, plaintiff claims she currently resides in, and her injuries occurred in, Puerto Rico, which employs a one-year statute of limitations. *See* P.R. Laws Ann. Tit. 31 § 5298(2). Puerto Rico's statute of limitations starts to run once the injured party knew or should have known of the injury and the person who caused it. *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009). However, "once a plaintiff is put on notice that someone or some entity is the cause of the injury, the plaintiff may not succeed in a late-filed claim by asserting ignorance about the precise identity of the tortfeasor." *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997). Knowledge of the author of the injury can be found when: (1) the plaintiff has actual knowledge of the defendant's involvement; or (2) with the exercise of due diligence, the plaintiff should know of the defendant's involvement. *Espada v. Lugo*, 312 F.3d 1, 4 (1st Cir. 2002). Importantly, under what is known as the "discovery rule," "[t]he one-year [statute of limitations] does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit." *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth. (PREPA)*, 756 F.3d 23, 27 (1st Cir. 2014).

Here, it is beyond dispute that plaintiff believed her alleged injury was caused by a tort by at least February 28, 2018, when she filed this lawsuit alleging that her injury was caused by docetaxel. Plaintiff simply cannot claim she did not know she was injured, or that her injury was wrongfully caused, any later than the date on which she filed a lawsuit seeking redress for her alleged injury. Plaintiff offers reasons why she purportedly was unable to identify Sagent in a timely fashion, yet plaintiff admits that she was in possession of NDC codes identifying Sagent by September 17, 2018 – more than a year and a half before she sought leave to amend her complaint to name Sagent. (*Id.*) Finally, while plaintiff complains about purported "admissions" Actavis

has not made, plaintiff does not explain why any discovery from Actavis should be necessary for her to move for leave to name Sagent when, in 2018, she obtained records with Sagent NDC codes for her docetaxel treatments.

Under Puerto Rico law, "[i]f a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir. 1987). Again, plaintiff here cannot seriously argue she was unaware of her injury, or that her injury allegedly was caused by a tortious act, any later than the date on which she filed a tort case seeking recovery for her alleged injury, February 28, 2018. The First Circuit Court of Appeals in *Hodge* affirmed the District of Puerto Rico's dismissal of plaintiff's negligence claims as being time-barred on similar grounds. *See Hodge*, 833 F.2d 6. In that case, plaintiff filed a lawsuit against her former employer, Parke Davis, alleging that she was exposed to chemicals while working that made her sick. *Id.* at 7. Several years prior to that, however, the plaintiff had sought workers' compensation for the same injuries and was granted an award. *Id.* Parke Davis moved for summary judgment arguing that plaintiff's claims were time-barred by Puerto Rico's one-year statute of limitations. *Id.* The district court granted the motion. *Id.* In affirming the decision, the First Circuit noted:

> In this case, the opinion of the workers' compensation commission reveals that the plaintiff knew of her injuries, their physical causes, and their relation to the workplace several years before she brought suit. It seems to us that, for summary judgment purposes, these findings end the matter.

*Id.*

The same logic must apply here to deny plaintiff's motion for leave to amend. Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel no later than the date on which she originally filed her suit, February 28, 2018. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she

simply did not sue Sagent. More than one year has passed since plaintiff knew of her claim, as demonstrated by her having filed a complaint on February 28, 2018. Accordingly, there are no facts that could allow the discovery rule to make her claims against Sagent timely.

In addition, plaintiff admits that she had actual knowledge more than one year ago that Sagent should be named in her lawsuit. Plaintiff states that she uploaded records to MDL Centrality that contained NDC codes identifying Sagent on September 17, 2018. (Plaintiff's Motion, p. 2.) There can be no dispute that plaintiff had actual knowledge Sagent was a potential defendant in this case by that date. Though it is not the legal test for timeliness under the law, even using that date as the date on which her cause of action accrued against Sagent does not save her time-barred claim.

The records plaintiff posted to MDL Centrality also demonstrate plaintiff's failure to exercise diligence with regard to asserting claims against Sagent. Attached hereto as Exhibit 2, the records consist of plaintiff's billing records, and identify Sagent NDC numbers (25021-0222-04 and 25021-0222-01) for two of the three of plaintiff's docetaxel treatments. As such, all plaintiff needed to do to discover the identity of the allegedly proper defendant was to retrieve and look at her billing records. *See Alejandro–Ortiz*, 756 F.3d at 29 (discussing plaintiff's failure to exercise due diligence when "a mere glance at her electricity bill would have allowed [her] ... to discover that the owner of the power line was PREPA.") Plaintiff's arguments about exercising diligence to pursue the proper parties here are both meritless and irrelevant to the application of Puerto Rico's discovery rule. Plaintiff's Motion for Leave to Amend should be denied.

### C. THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT

Plaintiff may attempt to argue the claims against Defendants in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and

therefore her claims are timely. But directly applicable Fifth Circuit and First Circuit precedent holds that a relation-back argument under FRCP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff admits she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998); *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994). Therefore plaintiff's claims against Defendants are barred by Puerto Rico's one-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave for an amendment to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)). *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). "An amendment to a pleading relates back to the date of the original pleading when:"

> ……
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      i. received such notice of the action that it will not be prejudiced in defending on the merits; and

ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which, is fatal and the claims against the new defendant will not relate back. *Jacobsen*, 133 F.3d at 320. Here, an analysis of the criteria in Rule 15(c)(1)(C)(i) is not necessary. Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Defendants was "but for a mistake concerning the proper party's identity."[3]

Both the Fifth and First Circuits have held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c). *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).); *Wilson*, 23 F.3d at 563 (affirming District of Puerto Rico's dismissal of amended complaint adding new defendants as time-barred holding that Rule 15 did not apply when plaintiff lacked knowledge of

[3] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Defendants] received such notice of the action that [they] will not be prejudiced in defending on the merits" under FRCP 15(c)(1)(C)(i). Plaintiff first apprised Sagent of her belief that they should have been parties to this lawsuit on April 3, 2020, but the lawsuit was initiated against other defendants on February 28, 2018. Surely plaintiff cannot seriously argue that Sagent somehow is on notice that they might be added as parties to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because they are parties in some cases in this MDL.

the proper party). Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name." *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (citing *Jacobsen*, 133 F.3d 315).

Plaintiff does not allege a mistake that would allow her claims against Defendants to relate back. She does not state that she attempted to name Defendants in her original Short Form Complaint but misspelled or used incomplete names. Plaintiff's failure to identify Sagent in the over two years since she filed her original Short Form Complaint in February of 2018 is not a mistake Rule 15(c) is designed to remedy. *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Sagent is futile and her motion for leave to amend her Complaint to add Sagent must be denied.

## III. CONCLUSION

For all the foregoing reasons, Defendant Sagent Pharmaceuticals, Inc., respectfully requests the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a defendant. Such a complaint would be futile, because the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds.

Dated:  June 30, 2020.

                                          Respectfully submitted,

                                          */s/ Michael J. Suffern*
                                          Michael J. Suffern
                                          Jennifer Snyder Heis
                                          ULMER & BERNE LLP
                                          600 Vine Street, Suite 2800
                                          Cincinnati, OH 45202
                                          Telephone: (513) 698-5064
                                          Facsimile: (513) 698-5065
                                          msuffern@ulmer.com
                                          jheis@ulmer.com

                                          *Attorneys for Defendant Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Michael J. Suffern*