UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO *Sherri Welch, et al.*, Case No. 18-00845 | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Sagent Pharmaceuticals, Inc. ("Sagent") is futile and should be denied. This attempt to add Sagent as a defendant comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing two-year statute of limitations set forth under Colorado law.

**I.   PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on January 26, 2018. *See* Complaint in Member Action No. 2:18-cv-00845-JTM-MBN. (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f//k/a Actavis Inc., and Actavis Pharma, Inc.

On March 24, 2020, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Accord Healthcare, Inc., Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc. (Master Docket, Doc. 9775.)

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent. Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." (PTO 37A) PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On April 3, 2020, plaintiff's counsel contacted the undersigned counsel for Sagent, an entity that is not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On April 16, 2020, counsel for Sagent informed plaintiff's counsel that Sagent opposes the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Amy Zeman, and Sagent's counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On May 19, 2020, plaintiff filed *Plaintiff's Opposed Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 10443). Sagent hereby enters its Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[1]

**II.     LAW AND ARGUMENT**

Plaintiff's Motion should be denied because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff, a resident of Colorado, knew about her claim that docetaxel caused her injury at least as early as January 26, 2018, as evidenced by the filing of her Short Form Complaint. Plaintiff argues that she "diligently endeavored to identify the manufacturers of the

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

2

docetaxel she was administered in 2015 and 2016" but offers no substantive argument as to why the claims against Sagent are not time-barred as a matter of law. Nor does she even credibly explain why it took nearly five years since that time to identify Sagent as a possible defendant. (Plaintiff's Motion, p. 1.) Instead, plaintiff simply argues that a purported relationship between Sagent and Actavis is the reason for the delay in naming Sagent. She does not explain why any such relationship saves her time-barred claims against Sagent. She does not even explain how this prevented her from naming Sagent earlier. Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A.    LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id.* (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

3

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the District of Colorado). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Colorado's choice-of-law rules shall apply. Under Colorado choice-of-law provisions, Colorado's statute of limitations will apply in this matter. *Hamilton v. Cunningham,* 880 F. Supp. 1407, 1414 (D. Colo. 1995); *Butera v. Crane,* No. 13-CV-03327-RBJ, 2014 WL 5849317, at *7 (D. Colo. Nov. 12, 2014). Plaintiff's claims are governed by Colorado's two-year statute of limitations applicable to tort actions codified in Colorado Revised Statute § 13–80–106(1). *See e.g., Two Denver Highlands Ltd. Liab. Ltd. P'ship v. Stanley Structures, Inc.,* 12 P.3d 819, 823 (Colo. App. 2000).

Under Colorado's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than two years after she filed her original complaint.[2] Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

---

[2] For the sake of simplicity and for the purposes of responding to plaintiff's motion only, Sagent will assume that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint. Sagent reserves the right to argue that her cause of action accrued much earlier, and no later than six months following the completion of chemotherapy, consistent with Plaintiff's Second Amended Master Long Form Complaint and this Court's previous rulings. (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)

4

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on January 26, 2018. Plaintiff claims she currently resides in, and her injuries occurred in, Colorado, which employs a two-year statute of limitation. Plaintiff's negligence and product liability claims are governed by that state's two-year statute of limitations codified in Colo. Rev. Stat. § 13–80–106(1). *See, e.g., Sepulveda v. Ford Motor Co.*, No. 15-CV-00572-CMA-CBS, 2015 WL 3947113, at *2 (D. Colo. June 26, 2015). Colo. Rev. Stat. § 13–80–108(1) states that "a cause of action for injury to person … shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *See Bartlett v. Elgin,* 973 P.2d 694, 696 (Colo. App. 1998) (citation omitted).

The Colorado Court of Appeals addressed the issue of when a cause of action accrues where the identity of the defendant is not readily ascertainable in *Grogan v. Taylor*, 877 P.2d 1374 (Colo. App. 1993). At trial the court instructed the jury that:

> [The plaintiff's] [ ] claims against the defendant [ ] are deemed to accrue on the date both his physical injuries and their cause were known or should have been known to him or his attorneys by the exercise of reasonable diligence. However, it is not necessary for the defendant to prove that [the plaintiff] [ ] or his attorneys knew the specific acts of the alleged negligence by this defendant or others or that they knew the details of the facts necessary to prove the claims against this defendant or others. It is enough that the plaintiff or his attorneys knew, or may be reasonably charged with knowledge of, sufficient facts to be aware that a claim existed more than two years before it was filed.

*Id.* at 1379. *See also Sender v. Mann,* 423 F. Supp. 2d 1155, 1166-67 (D. Colo. 2006) (finding statute of limitations accrued once plaintiff was aware of the Ponzi scheme even where plaintiff did not know identity of specific defendants); *Thermo Fluids, Inc. v. United States of Am.*, No. 15-CV-00569-JLK-MEH, 2015 WL 5579650, at *2 (D. Colo. Sept. 23, 2015) (The discovery of the injury "triggered the beginning of a two-year window in which Plaintiff was required to conduct a

5

reasonably diligent investigation, discover the identity of those responsible, and bring its claims against them."). Therefore, plaintiff's alleged ignorance about the identity of the defendant does not toll the limitation period.

Plaintiff's case here is squarely on point with the Colorado district court's decision in *Yoder v. Honeywell,* 900 F. Supp. 240 (D. Colo. 1995) (applying Colorado law). In *Yoder*, plaintiff filed a product liability action against Honeywell and Bull Information Systems ("Bull"), alleging that Honeywell had manufactured a keyboard that caused plaintiff's injury. *Id.* at 242-243. At a scheduling conference, Honeywell denied having manufactured the keyboard, and both parties subsequently participated in an inspection of the relevant keyboards. *Id.* at 242. Counsel for Honeywell then informed plaintiff they believed that the keyboards at issue were actually manufactured by Bull, and plaintiff moved to amend to add Bull as a defendant, more than two years after the original complaint was field. *Id*. at 243. The court granted Bull's motion to dismiss on statute of limitations grounds, finding that "the relevant inquiry is when the Yoders knew or should have known that Ms. Yoder's injuries were caused by her use of the keyboard" and that "[w]here, as here, the identity of the defendant could be discovered through reasonable diligence the action is properly barred if not filed within the two year limitation period." *Id*. at 247-48.

Accordingly, the statute of limitation is not tolled until plaintiff discovered she received docetaxel that was sold by Sagent. Plaintiff cannot dispute she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel any later than the date on which she originally filed her suit, January 26, 2018. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent. Nearly **two years and six months** have passed since plaintiff knew of her claim, as demonstrated by her having filed a

6

complaint on January 26, 2018. Accordingly, no facts possibly could be discovered to make her claims against Sagent timely.

### C. THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT

Plaintiff may attempt to argue the claims against Sagent in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and therefore her claims are timely. But directly applicable Fifth Circuit and Tenth Circuit precedent holds that relation-back under FRCP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff admits she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Therefore plaintiff's claims against Sagent are barred by Colorado's two-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave for an amendment to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)). *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d

7

801, 806 (5th Cir. 2006). "An amendment to a pleading relates back to the date of the original pleading when:"

> ……
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>   i.  received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which is fatal, and the claims against the new defendant will not relate back. *Jacobsen*, 133 F.3d at 320. Here, an analysis of all the criteria in Rule 15(c)(1) is not necessary. Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Sagent was "but for a mistake concerning the proper party's identity."[3]

Both the Fifth Circuit and Tenth Circuit have held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c). *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended

---

[3] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Sagent] received such notice of the action that [they] will not be prejudiced in defending on the merits" under FRCP 15(c)(1)(C)(i). Plaintiff first apprised Sagent of her belief that it should have been parties to this lawsuit on April 3, 2020, but the lawsuit was initiated against other defendants on January 26, 2018. Surely plaintiff cannot seriously argue that Sagent somehow is on notice that it might be added as a party to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because it is party in some cases in this MDL.

complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)); *Garrett*, 362 F.3d at 696; *Garrett*, 362 F.3d at 696 (a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c).); *see also Silli v. Meininger*, No. 12-CV-00289-LTB-CBS, 2012 WL 1015803, at *5 (D. Colo. Mar. 23, 2012) ("A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's identity for purposes of relating back.");. Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name.") *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (*citing Jacobsen*, 133 F.3d 315).

Plaintiff does not allege a mistake that would allow her claims against Sagent to relate back. She does not state that she attempted to name Sagent in her original Short Form Complaint but misspelled or used incomplete names. Plaintiff's failure to identify Sagent in the nearly two-and-a-half-years since she filed her original Short Form Complaint in January of 2018 is not a mistake Rule 15(c) is designed to remedy. *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-

barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Sagent are futile and her motion for leave to amend her Complaint to add Sagent must be denied.

### III.    CONCLUSION

For all the foregoing reasons, Defendant Sagent Pharmaceuticals, Inc., respectfully requests the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a defendant. Such a complaint would be futile, because the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds.

Dated:  June 30, 2020.

Respectfully submitted,

*/s/ Michael J. Suffern*
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendant Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<em>/s/ Michael J. Suffern</em>