# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Carol Murray v. Sanofi-Aventis U.S. LLC et al* | : | |
| | : | |
| Case No. 2:17-cv-12356 | | |
| | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Carol Murray, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.  Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "district courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.  Granting Plaintiff Leave to Amend Complaint is Not Futile

   a. The Relation Back Doctrine Applies

The Court should grant Ms. Murray's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15. Even if the relevant statute of limitations would not allow a new action to be brought against Defendant Sandoz Inc.

("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against it. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Murray filed an original complaint on November 13, 2017. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Murray specifically was administered Taxotere/Docetaxel produced by Sandoz on September 12, 2018 when her medical record was produced on MDL Centrality.

Ms. Murray's original complaint was timely filed. Ms. Murray's Taxotere/Docetaxel was administered in Virginia and Texas is her state of residence. One of the factors of the "most substantial relationship test" is "the domicile, residence, nationality, place of incorporation and place of business of the parties." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). As Ms. Murray's permanent residence is Texas, the statute of limitations in Texas controls.

Texas has a "discovery rule" where "accrual is tolled until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another." *Childs v. Haussecker*, 974 S.W.2d 31, 41 (Tex. 1998).

Ms. Murray's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became

aware that her injury was a result of the negligence on the part of manufacturer of Taxotere/Docetaxel. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 843 (S.D.W. Va. 2015). Ms. Murray did not become aware that the Taxotere/Docetaxel she was given could be responsible for her permanent hair loss until July 2017 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Murray was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Murray that her hair loss would be permanent before she saw the internet advertisement. Ms. Murray's limitations period did not begin to run until July 2017, when she discovered her permanent hair loss was caused by the wrongful acts of a manufacturer of Taxotere/Docetaxel. Ms. Murray brought her claims within the applicable two-year time period under Texas law, as she filed her claims on November 13, 2017. Even if the Court feels there is a question as to whether or not Ms. Murray should have discovered the nature of her injury earlier, it is a question of fact that should be left to a jury. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 844 (S.D.W. Va. 2015).

   For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 9, 2020              Respectfully submitted,

                             */s/ Jade M. Ruiz*
                             Jade M. Ruiz
                             Texas Bar No. 24077836
                             **Johnson Law Group**
                             2925 Richmond Ave., Ste. 1700
                             Houston, TX 77098
                             Tel: 713-626-9336
                             Fax: 713-583-9460
                             jader@johnsonlawgroup.com

                             *Attorney for Plaintiff*

4