# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Rosita Young v. Hospira, Inc et al.* Case No. 2:18-cv-08037 | : : : : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Rosita Young, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.   Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "[d]istrict courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.   Granting Plaintiff Leave to Amend Complaint is Not Futile

a. The Relation Back Doctrine Applies

The Court should grant Ms. Young's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15. Even if the relevant statute of limitations would not allow a new action to be brought against Defendant Sandoz Inc.

("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against them. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Young filed an original complaint on August 23, 2018. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Young specifically was administered Taxotere/Docetaxel produced by Sandoz on November 1, 2018 when her medical record was produced on MDL Centrality.

Ms. Young's original complaint was timely filed. As Ms. Young's Taxotere/Docetaxel was administered in North Carolina and it is her state of residence, the statute of limitations in North Carolina controls. North Carolina has three-year statute of limitations and Ms. Young filed her original complaint within three years of the occurrence of her injury.

   b. The Doctrine of Laches Does Not Apply

Ms. Young's Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. The "mere passage of time is insufficient to support a finding of laches; the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches." *MMR Holdings, LLC v. City of Charlotte,* 148 N.C.App. 208, 209–10, 558 S.E.2d 197, 198 (2001).

Here, Sandoz has made no showing of prejudice nor a change of conditions or relationships. Sandoz clearly has had access to Ms. Young's Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from March of 2018 to June of 2020, as Sandoz references her Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Young has submitted all required discovery. However, if Sandoz spots a deficiency in Ms. Young's discovery and wishes to issue a deficiency notice, it has every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 30, 2020                              Respectfully submitted,

                                                  */s/ Jade M. Ruiz*
                                                  Jade M. Ruiz
                                                  Texas Bar No. 24077836
                                                  **Johnson Law Group**
                                                  2925 Richmond Ave., Ste. 1700
                                                  Houston, TX 77098
                                                  Tel: 713-626-9336
                                                  Fax: 713-583-9460
                                                  jader@johnsonlawgroup.com

                                                  *Attorney for Plaintiff*