UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

MDL No. 2740

SECTION "H" (5)
JUDGE MILAZZO
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO
*Donna Santisi v. Sanofi US Services, Inc., et al.*,
Case No. 17-12659

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Sagent Pharmaceuticals, Inc. ("Sagent") is futile and should be denied. This attempt to add Sagent as a Defendant comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing two-year statute of limitations set forth under California law.

**I.   PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by filing a Short Form Complaint on November 17, 2017. *See* Complaint in Member Action No. 2:17-cv-12659-JTM-MBN (Doc. 1.) Plaintiff's Short Form Complaint named the following defendants: Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f//k/a Actavis Inc., and Actavis Pharma, Inc.

On May 18, 2020, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.,

Sanofi-Aventis U.S. LLC, Hospira, Inc., Hospira Worldwide, LLC f/k/a/ Hospira Worldwide, inc., Actavis Pharma, Inc., and Actavis LLC f/k/a Actavis Inc. (Master Docket, Doc. 10440.)

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. ("Sagent"). Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s) presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ." (PTO 37A.) PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." (*Id.*) On April 3, 2020, plaintiff's counsel contacted the undersigned counsel for Sagent, an entity that is not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On April 16, 2020, counsel for Sagent informed plaintiff's counsel that Sagent opposes the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Amy Zeman, and Sagent's counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.) On May 19, 2020, plaintiff filed *Plaintiff's Opposed Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 10444). Sagent hereby enters its Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[1]

## II. LAW AND ARGUMENT

Plaintiff's motion should be denied because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff, a resident of California, knew about her claim that docetaxel

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

caused her injury at least as early as November 17, 2017, as evidenced by the filing of her Short Form Complaint. Plaintiff states she has "diligently endeavored to identify the manufacturers of the docetaxel she was administered in 2014," but offers no substantive argument as to why the claims against Sagent are not time-barred as a matter of law. Nor does she even credibly explain why it took six years since that time to identify Sagent as a possible defendant. (Plaintiff's Motion, p. 1.) Instead, plaintiff simply argues that a purported relationship between Sagent and Actavis is the reason for the delay in naming Sagent. She does not explain why any such relationship saves her time-barred claims against Sagent. She does not even explain how this prevented her from naming Sagent earlier. Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. F.R.C.P. 15(a)(2); *see also Engstrom v. First National Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). *See also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion were granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods.*

*Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing *Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

(PTO No. 5(II)(H).) Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the Central District of California). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, California' choice-of-law rules apply. Under California choice-of-law provisions, California' statute of limitations will apply in this matter. *See e.g. Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1163, 1168 (S.D. Cal. 2014) (*citing Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009)). Plaintiff's claims are governed by California's two-year statute of limitations applicable to personal injury codified in Cal. Civ. Proc. Code § 335.1. *See e.g. Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 728 (N.D. Cal. 2019) (under California law, a two-year statute of limitation applies to personal injury claims based upon defective products, regardless of the particular legal theory invoked.).

Under California's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than two years after she filed her original complaint.[2] Accordingly, her proposed Amended Short Form

---

[2] For the sake of simplicity and for the purposes of responding to plaintiff's motion only, Defendants will assume that plaintiff's cause of action accrued on the same date she filed her initial Short Form Complaint. Defendants reserve the right to argue that her cause of action accrued much earlier, and no later than six months following the completion of chemotherapy consistent with Plaintiff's Second Amended Master Long Form Complaint and this Court's previous rulings. (*See e.g.*, Order and Reasons, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)

4

Complaint is futile because, as to the party she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

### B. THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE

Plaintiff originally filed this lawsuit, claiming injury from docetaxel, on November 17, 2017. Plaintiff claims she currently resides in, and her injuries occurred in, California, which employs a two-year statute of limitation. Cal. Civ. Proc. Code. § 335.1. *See e.g. Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 728 (N.D. Cal. 2019). A cause of action accrues when "the plaintiff discovers, or has reason to discover, the cause of action." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 39, 981 P.2d 79, 88 (1999). An exception to the rule regarding accrual of a cause of action is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1232, 171 Cal. Rptr. 3d 1, 8 (2014). The discovery rule, however, does not apply in situations where the plaintiff has knowledge of an injury, but not of the specific defendants who may be potentially liable to the plaintiff. *See Norgart*, 21 Cal. 4th 383, at 399, 981 P.2d 79, at 89 (failure to discover, or have reason to discover, the identity of the defendant does not postpone accrual of a cause of action for limitations purposes.). The identity of a defendant is not an element of a cause of action, and thus ignorance of a defendant's identity does not delay the accrual of a cause of action. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1107, 751 P.2d 923, 925 (1988) ("the ignorance of the identity of the defendant does not affect the statute of limitations."); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 110 P.3d 914 (2005) (the discovery rule does not delay accrual of a cause of action when the plaintiff did not have reason to suspect the defendant's identity, because the identity of the defendant is not an element of a cause of action.)*; Dominguez v. Wickremasinghe*, No. F056597, 2010 WL 625840, at \*6 (Cal. Ct. App. Feb. 24,

2010) (ignorance of the identity of the defendant did not delay accrual of a claim, where the plaintiff could have discovered all facts supporting his cause of action within the applicable statute of limitation.).

Plaintiff's case here is squarely on point with the California Court of Appeals' decision in *Hines Interests Ltd. P'ship v. Superior Court*, No. A101136, 2003 WL 21153456 (Cal. Ct. App. May 20, 2003). In *Hines*, in 1999, the plaintiff suspected that her medical conditions were related to her exposure to the chemicals used at her workplace. *Hines Interests Ltd. P'ship*, 2003 WL 21153456, at *1. In August 2000, discovery in litigation revealed two individuals who were responsible for the exposure. *Id.* In February 2001, plaintiff filed an action against those two individuals for general negligence and premises liability. *Id.* The trial court denied the two individuals' motion for summary judgment arguing the claims were time-barred. *Id*. The Court of Appeal reversed and held the statute of limitation started to run in 1999 when she suspected the wrongdoing. "The plaintiff may discover the cause of action even if he or she does not know the identity of the defendant." Plaintiff's argument that she was unaware of the identity of the wrongdoer did not affect the accrual of a cause of action and did not toll the statute of limitations. *Id.* at *3.

Accordingly, the statute of limitation is not tolled until plaintiff discovered that she received docetaxel that was manufactured by Sagent. Plaintiff cannot dispute that she had knowledge of her alleged injury and of her claim that the injury was caused by docetaxel any later than the date on which she originally filed her suit, November 17, 2017. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent. More than two years have passed since plaintiff knew of her claim, as demonstrated by

her having filed a complaint on November 17, 2017. Accordingly, no facts possibly could be discovered to make her claims against Sagent timely.

        **C.    THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT**

Plaintiff may attempt to argue the claims against Sagent in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and therefore her claims are timely. But directly applicable Fifth and Ninth Circuit precedent holds that relation-back under FRCP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff admits she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998); *Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993). Therefore plaintiff's claims against Sagent are barred by California's two-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave to amend to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)). *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801,

806 (5th Cir. 2006). "An amendment to a pleading relates back to the date of the original pleading when:"

......

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which is fatal, and the claims against the new defendant will not relate back. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). Here, an analysis of all the criteria in Rule 15(c)(1) is not necessary. Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Sagent was "but for a mistake concerning the proper party's identity."[3]

Both the Fifth Circuit and Ninth Circuit have held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c). *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended

---

[3] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Sagent] received such notice of the action that [they] will not be prejudiced in defending on the merits" under FRCP 15(c)(1)(C)(i). Plaintiff first apprised Sagent of her belief that it should have been parties to this lawsuit on April 3, 2020, but the lawsuit was initiated against other defendants on November 17, 2017. Surely plaintiff cannot seriously argue that Sagent somehow is on notice that it might be added as a party to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because it is party in some cases in this MDL.

complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)); *Louisiana-Pac. Corp.*, 5 F.3d at 434 (the new claims against the proposed new defendant do not relate back to the original complaint where the moving party knew about the proposed new defendant but made a conscious choice of not suing the proposed new defendant in the original complaint.); *see also Penton v. Johnson,* No. 2:11-cv-0518, 2019 WL 6618051, at *17 (E.D. Cal. Dec. 5, 2019) (citation omitted) (the "new claims do not relate back under federal law because plaintiff cannot demonstrate any 'mistake concerning the proper party's identity.'"). Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name." *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (citing *Jacobsen*, 133 F.3d 315).

    Plaintiff does not allege a mistake that would allow her claims against Sagent to relate back. She does not state that she attempted to name Sagent in her original Short Form Complaint but misspelled or used incomplete names. Plaintiff's failure to identify Sagent in the over two-and-a-half-years since she filed her original Short Form Complaint in November, 2017 is not a mistake Rule 15(c) is designed to remedy. *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Sagent are futile and her motion for leave to amend her Complaint to add Sagent must be denied.

### III. CONCLUSION

For all the foregoing reasons, Sagent Pharmaceuticals, Inc., respectfully requests the Court deny Plaintiff's Opposed Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc., as a defendant. Such a complaint would be futile, because the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds.

Dated: June 30, 2020.

Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys Sagent Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Michael J. Suffern