UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO<br>*Angelica Burruel, et al.*,<br>Case No. 17-11410 | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Plaintiff's request for leave to amend her Short Form Complaint to assert claims against Sagent Pharmaceuticals, Inc. ("Sagent") is futile and should be denied. This attempt to add Sagent as a Defendant comes more than two years following the commencement of her action, and thus plainly is time-barred by the governing two-year statute of limitations set forth under Arizona law.

### I. PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by filing a Short Form Complaint on October 27, 2017. *See* Complaint in Member Action No. 2:17-cv-11410 (Doc. 1). Plaintiff's Short Form Complaint named the following Defendants: Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Actavis LLC f//k/a Actavis Inc., and Actavis Pharma, Inc.

Plaintiff now seeks leave to amend her Short Form Complaint to name Sagent Pharmaceuticals, Inc. Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s)

presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion . . . ." PTO 37A. PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed." *Id.* On April 3, 2020, plaintiff's counsel contacted the undersigned counsel for Sagent, an entity that is not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed. On April 16, 2020, counsel for Sagent informed plaintiff's counsel that Defendants oppose the motion for leave to amend because the case is time-barred as a matter of law as to Sagent. (*See* E-mail thread between plaintiff's counsel, Amy Zeman, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.)

On May 19, 2020, plaintiff filed *Plaintiff's Opposed Motion for Leave to File Amended Short Form Complaint* ("Plaintiff's Motion"). (Master Docket, Doc. 10445.) Sagent hereby enters its Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that the proposed amended complaint would be futile because it clearly is time-barred as to Sagent.[1]

## II. LAW AND ARGUMENT

Plaintiff's motion should be denied because it makes no showing that plaintiff is entitled to the relief requested. Plaintiff, a resident of Arizona, knew about her claim that docetaxel caused her injury at least as early as October 27, 2017, as evidenced by the filing of her Short Form Complaint. Plaintiff argues that she "diligently endeavored to identify the manufacturers of the docetaxel she was administered in 2013" but offers no substantive argument as to why the claims against Sagent are not time-barred as a matter of law. Nor does she even credibly explain why it took over six years since that time to identify Sagent as a possible defendant. (Plaintiff's Motion,

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction. (*See* PTO 37A.)

2

p. 1.) Instead, plaintiff simply argues that a purported relationship between Sagent and Actavis is the reason for the delay in naming Sagent. She does not explain why any such relationship saves her time-barred claims against Sagent. She does not even explain how this prevented her from naming Sagent earlier, even though she admits she possessed records identifying Sagent as of February 21, 2018, which is more than two years before she sought leave to amend to add Sagent as a defendant. (*Id.*, p. 2.) In fact, plaintiff was aware that she purportedly received Sagent's docetaxel much earlier. The document she posted on February 21, 2018 is an affidavit executed by plaintiff's physician on June 19, 2017, identifying Sagent-labeled docetaxel as one of her six docetaxel treatments. *See* Exhibit 2 (filed under seal). Allowing plaintiff to file her proposed Amended Short Form Complaint would be futile, because plaintiff's case against Sagent is time-barred. Plaintiff's Motion for Leave to File Amended Short Form Complaint must be denied.

### A.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. FRCP 15(a)(2); *see also In re Allstate Life Ins. Co. Litig.*, 2012 WL 176497, at *2 (D. Ariz. Jan. 23, 2012). However, leave to amend may be denied when the proposed amended complaint is futile and, if granted, would not withstand a motion to dismiss. *Id*. (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); s*ee also In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 602–03 (E.D. La. 2012). This Court should deny plaintiff's motion because, if the motion was granted, the proposed Amended Short Form Complaint could not withstand a motion to dismiss on statute of limitations grounds.

In diversity lawsuits, a federal court ordinarily is bound to look to the choice of law rules of the state in which it sits to determine whether the state courts of that state would apply their own state's statute of limitations or the statute of limitations of some other state. *In re Vioxx Prods.*

*Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (*citing Long Island Trust Co. v. Dicker*, 659 F.2d 641, 645 (5th Cir. 1981)). But here, the Court has entered a "direct-filing" order that states:

> Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

PTO No. 5(II)(H). Thus, this Court must apply the choice-of-law rules as if plaintiff's lawsuit was filed in plaintiff's home district (in this case, the District of Arizona, Phoenix Division). *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 3188460, at *3 (E.D. La. July 24, 2017). As such, Arizona's choice-of-law rules apply. Under Arizona choice-of-law provisions, Arizona's statute of limitations will apply in this matter. *See Jackson v. Chandler,* 204 Ariz. 135, 139, 61 P.3d 17, 21 (Ariz. 2003). Plaintiff's claims are governed by Arizona's two-year statute of limitations applicable to tort actions codified in Ariz. Rev. Stat. § 12-542 and Ariz. Rev. Stat. § 12–551. *See e.g.*, *Mack v. A.H. Robins Co.*, 573 F. Supp. 149, 151 (D. Ariz. 1983), *aff'd*, 759 F.2d 1482 (9th Cir. 1985).[2]

Under Arizona's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she is seeking to assert a claim against Sagent more than two years after she filed her original complaint. Accordingly, her proposed Amended Short Form Complaint is futile because, as to the party she seeks to add, it would be subject to dismissal on a motion to dismiss on statute of limitations grounds.

    **B.**    **THE PROPOSED AMENDED SHORT FORM COMPLAINT IS UNTIMELY ON ITS FACE**

Under Arizona's two-year statute of limitations, plaintiff's proposed Amended Short Form Complaint is time-barred, because she seeks to assert her personal injury claims against Sagent

---

[2] Arizona's three-year statute of limitations for fraud claims should not apply to plaintiff's purported fraud claim, both because plaintiff pleads no particularized facts sounding in fraud as to Sagent, and because the purported fraud claim is wholly derivative of her failure to warn personal injury/product liability claims.

4

roughly six years after her alleged injury accrued.[3]  Plaintiff did not even attempt to add Sagent as a defendant for more than two years (i.e., longer than the limitations period) after learning Sagent was a proper defendant.  Accordingly, plaintiff's proposed Amended Short Form Complaint is futile because it would be subject to a motion to dismiss.

The proposed Second Amended Short Form Complaint alleges that plaintiff completed her chemotherapy on or about September 18, 2013. (*See* Doc. 10445-1, ¶ 10.) It also incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in this MDL on September 27, 2018.  (*Id.* at 1).)  This Court has held that the Master Complaint in the MDL, which alleges that permanent chemotherapy induced alopecia "is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" means that the plaintiff's injury occurred no later than six months after the completion of chemotherapy.  (*See e.g., Order and Reasons*, denying the Motion for Leave to File Plaintiffs' Third Amended Master Long Form Complaint and Jury Demand (Doc. 8702).)  Therefore, applying this Court's Order, plaintiff's injury in this case occurred no later than March 18, 2014.  Plaintiff did not attempt to sue *any* manufacturer of docetaxel until more than two years after her injury had accrued.

Then, on October 27, 2017, plaintiff filed suit claiming she was injured by her treatment with docetaxel. As of that date, plaintiff necessarily believed *some* manufacturer of docetaxel caused her injury.  Yet, she elected not to sue Sagent—a defendant in this MDL—for another two-plus years, until more than six years after her injury accrued.

Under Arizona's two-year statute of limitations, plaintiff's lawsuit was untimely when filed originally.  Now, more than six years after plaintiff's claim accrued and more than two years after her initial filing, she seeks leave to file an Amended Short Form Complaint, asserting claims

---

[3] Arizona's three-year statute of limitations for fraud claims should not apply to Plaintiff's supposed fraud claim, in any event, because it is wholly derivative of her failure to warn personal injury claims.

against Sagent for the first time. Those claims are plainly proscribed and leave to amend would be futile. *Mack*, 573 F. Supp. at 151.

The discovery rule does not save plaintiff's claims. Under the discovery rule, "the statute begins to run … when a claimant knows or should know she has been injured and when she likewise knows or with reasonable diligence should know the facts underlying the cause." *Wyckoff v. Mogollon Health All.*, 307 P.3d 1015, 1018 (Az. App. 2013) (internal quotations omitted). It is the plaintiff's burden to show the discovery rule applies. *Id*. Once a plaintiff is suspicious about an injury, she has reasonable cause to investigate, and there will be no further tolling of the statute. *Id*.; *see also Doe v. Roe*, 955 P.2d 951, 962 (Ariz. 1998) (plaintiffs have an affirmative duty of due diligence to investigate potential claims). Here, regardless of when plaintiff claims to have "discovered" her cause of action, by no later than February 21, 2018, plaintiff admits she was in possession of the evidence based on which she now claims Sagent was a proper defendant. She then waited longer than the entire limitations period after she indisputably *knew* Sagent was a proper defendant before she sought to amend her complaint. Under any conceivable analysis, her claims are time barred and amendment would be futile.

Moreover, when she originally filed this lawsuit on October 27, 2017, alleging that her injury was caused by docetaxel, she already had in her possession the affidavit (dated June 19, 2017), which she later posted on February 21, 2018, which purports to identify Sagent docetaxel as part of her treatment. Plaintiff offers reasons why she purportedly was unable to identify Sagent in a timely fashion, yet plaintiff admits she had the very document that provides NDC codes for Sagent's docetaxel and identifies that product as one she received more than two years before she sought leave to amend her complaint to name Sagent. And, while plaintiff complains about purported "admissions" Actavis has not made, plaintiff does not explain why any discovery from

6

Actavis should be necessary for her to move for leave to name Sagent when, in 2017, she obtained records with Sagent NDC codes for her docetaxel treatments.

Again, plaintiff here cannot seriously argue she was unaware of her injury, or that her injury allegedly was caused by a tortious act, any later than the date on which she filed a tort case seeking recovery for her alleged injury, October 27, 2017. At that time, plaintiff named various defendants she believed to be potential wrongdoers, but she simply did not sue Sagent, despite having an affidavit that identified Sagent as the seller of docetaxel she purportedly received. More than two years have passed since plaintiff knew of her claim, as demonstrated by her having filed a complaint on October 27, 2017. Accordingly, there are no facts that could allow the discovery rule to make her claims against Sagent timely.

The records plaintiff posted to MDL Centrality also demonstrate plaintiff's failure to exercise diligence with regard to asserting claims against Sagent. Plaintiff's physician executed an affidavit on June 19, 2017, identifying Sagent-labeled docetaxel as one of her six docetaxel treatments. *See* Exhibit 2. At the time plaintiff's physician executed the affidavit identifying Sagent, reasonable diligence would have put plaintiff on notice of a potential cause of action against Sagent. *See e.g.*, *Mack*, 573 F. Supp. at 155 aff'd, 759 F.2d 1482 (dismissing plaintiff's personal injury and product liability claims against medical device manufacturer as barred by the statute of limitations when plaintiff filed her complaint three years after she was advised by her physician that her injuries were caused by the device). All plaintiff needed to do to discover the identity of the allegedly proper defendant was to look at the record provided by her physician. Plaintiff's arguments about exercising diligence to pursue the proper parties here are both meritless and irrelevant to the application of Arizona's discovery rule. *Cavan v. Maron*, 182 F. Supp. 3d 954, 963 (D. Ariz. 2016) (dismissing plaintiff's fraud and negligent misrepresentation claims

7

because plaintiff failed to explain how he exercised reasonable diligence and did not meet his burden to establish the applicability of the discovery rule).

More than two years have passed since plaintiff knew of her claim, as demonstrated by her physician's affidavit executed on June 19, 2017, her filing the Short Form Compliant in this lawsuit on October 27, 2017, and her uploading records to MDL Centrality that contained NDC codes identifying Sagent on February 21, 2018. Accordingly, plaintiff's Motion for Leave to Amend should be denied.

    **C.    THE PROPOSED AMENDED SHORT FORM COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL SHORT FORM COMPLAINT**

Plaintiff may attempt to argue the claims against Defendants in the proposed Amended Short Form Complaint relate back to the date her original Short Form Complaint was filed and therefore her claims are timely. But directly applicable Fifth Circuit precedent and the District Court of Arizona has held that relation-back under FCRP 15(c) does not save plaintiff's untimely claims where, as here, plaintiff claims she simply did not know the identity of the allegedly proper defendant within the statute of limitations. *See Jacobsen v. Osborne*, 133 F.3d 315, 317 (5th Cir. 1998); *Long v. Ford Motor Co.*, No. CV07-2206-PHX-JAT, 2008 WL 2937751, at *7 (D. Ariz. July 23, 2008) (finding that there was no mistake under either federal Rule 15(c) or Arizona Rule 15(c) and the amended complaint did not relate back to the date of the original complaint where plaintiffs were simply unaware of possible liability of new defendant to be added). Therefore plaintiff's claims against Defendants are barred by Arizona's two-year statute of limitations.

A federal court sitting in diversity applies federal law in determining whether relation back of amendments is appropriate. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("[w]e agree with the district court and the defendant that federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court."); *LeMasters v. K-Mart,*

*Inc.*, 712 F. Supp. 518, 521 (E.D. La. 1989) (noting that "[t]he rule, ... in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result.") (citation omitted).

When a plaintiff seeks leave for an amendment to add a new defendant, a determination of whether the amended complaint relates back to the filing of the original complaint is decided under FRCP 15(c)(1)(C) (formerly styled as 15(c)(3)). *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). "An amendment to a pleading relates back to the date of the original pleading when:"

……

- (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    i. received such notice of the action that it will not be prejudiced in defending on the merits; and

    ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Plaintiff's proposed addition of a new defendant must satisfy all the criteria of FRCP 15(c)(1)(C), the failure to satisfy any of which is fatal and the claims against the new defendant will not relate back. *Jacobsen*, 133 F.3d at 320. Here, an analysis of the criteria in Rule 15(c)(1)(C)(i) is not necessary. Plaintiff's proposed amendment fails because she cannot satisfy Rule 15(c)(1)(C)(ii) that requires that plaintiff's initial failure to identify Defendants was "but for a mistake concerning the proper party's identity."[4]

---

[4] Although plaintiff's admitted failure to satisfy the relation back requirement of FRCP 15(c)(1)(C)(ii) is dispositive

Both the Fifth Circuit and District Court of Arizona have held, however, the failure to name a party as a defendant in a lawsuit because of a lack of knowledge of the identity of the party is not a mistake for purposes of Rule 15(c). *Jacobsen*, 133 F.3d at 317 (agreeing with the majority of the other circuits that have considered the issue that "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996))); *Long*, 2008 WL 2937751, at *7 (finding plaintiff's amended complaint adding new defendant did not relate back under Rule 15(c) when plaintiff lacked knowledge of the proper party's possible liability). Instead, "[a] mistaken identification exists when the plaintiff knows who the correct party is but identifies the party using for example a misspelled or incomplete name." *Roberts v. Orleans Par. Med. Staff*, No. CIV.A. 99-2266, 2002 WL 1022488, at *5 (E.D. La. May 20, 2002) (*citing Jacobsen*, 133 F.3d 315).

Plaintiff does not allege a mistake that would allow her claims against Sagent to relate back. She does not state that she attempted to name Sagent in her original Short Form Complaint but misspelled or used incomplete names. Plaintiff's failure to identify Sagent in the over two years since she filed her original Short Form Complaint in October of 2017 is not a mistake Rule 15(c) is designed to remedy. *See Jenkins v. Stan Ware Enterprises, Inc.*, No. CIV. A. 06-2217, 2008 WL 40912926, at *6 (W.D. La. Aug. 27, 2008) (affirming magistrate judge's decision denying amendment of complaint to add new parties because "[a]s the jurisprudence makes

---

here, it also is noteworthy that plaintiff cannot show "within the period provided by Rule 4(m) for serving the summons and complaint [Defendants] received such notice of the action that [they] will not be prejudiced in defending on the merits" under FRCP 15(c)(1)(C)(i). Plaintiff first apprised Sagent of her belief that they should have been parties to this lawsuit on April 3, 2020, but the lawsuit was initiated against other defendants on October 17, 2017. Surely plaintiff cannot seriously argue that Sagent somehow is on notice that they might be added as parties to every one of the more than 12,000 lawsuits that have been filed in this MDL simply because they are parties in some cases in this MDL.

10

clear, relation back under Rule 15(c) is not permitted when the plaintiff simply lacks knowledge of the proper party.").

Because lack of knowledge of the identity of a party is not a "mistake" that will allow relation back as recognized by the Federal Rules of Civil Procedure, plaintiff's claims are time-barred and are subject to dismissal under a motion to dismiss for failure to state a claim. Accordingly, her claims against Sagent are futile and her motion for leave to amend her Complaint to add Sagent must be denied.

### III. CONCLUSION

For all the foregoing reasons, Defendant Sagent Pharmaceuticals, Inc., respectfully request the Court deny Plaintiff's Motion for Leave to File an Amended Short Form Complaint naming Sagent Pharmaceuticals, Inc. Such a complaint would be futile, because the newly added claims against Sagent would be subject to dismissal on statute of limitation grounds.

Dated: June 30, 2020.

Respectfully submitted,

*/s/ Michael J. Suffern*
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Michael J. Suffern*