UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Donna Bailey v. Sanofi-Aventis U.S. LLC et al.* | : | |
| | : | |
| Case No. 2:17-cv-12885 | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Donna Bailey, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.  Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "[d]istrict courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.  Granting Plaintiff Leave to Amend Complaint is Not Futile

a.  The Relation Back Doctrine Applies

The Court should grant Ms. Bailey's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15.  Even if the relevant statute of limitations would not allow a new action to be brought against Defendant

Sandoz Inc. ("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against them. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Bailey filed an original complaint on November 21, 2017. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Bailey specifically was administered Taxotere/Docetaxel produced by Sandoz on March 20, 2018 when her medical record was produced on MDL Centrality.

Ms. Bailey's original complaint was timely filed. As Ms. Bailey's Taxotere/Docetaxel was administered in North Carolina and it is her state of residence, the statute of limitations in North Carolina controls. North Carolina has a "discovery rule" where statute of limitations does not begin to run until a plaintiff knows of his injury and knows that defendant's wrongful conduct or negligence caused the injury. *See Black v. Littlejohn*, 312 N.C 626, 647, 325 S.E.2d, 469, 483 (1985).

Ms. Bailey's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became aware that her injury was a result of the negligence on the part of Sandoz. *See id.* Ms. Bailey did not become aware that the Taxotere/Docetaxel could be responsible for her permanent

hair loss until January 2017 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Bailey was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Bailey that her hair loss would be permanent before she saw the internet advertisement. Ms. Bailey's limitations period did not begin to run until January 2017, when she discovered her permanent hair loss was caused by the wrongful acts of Sandoz. Ms. Bailey brought her claims within the applicable two-year time period under Texas law, as she filed her claims on November 21, 2017.

      b. The Doctrine of Laches Does Not Apply

Ms. Bailey's Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. The "mere passage of time is insufficient to support a finding of laches; the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches." *MMR Holdings, LLC v. City of Charlotte,* 148 N.C.App. 208, 209–10, 558 S.E.2d 197, 198 (2001).

Here, Sandoz has made no showing of prejudice nor a change of conditions or relationships. Sandoz clearly has had access to Ms. Bailey's Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from March of 2018 to June of 2020, as Sandoz references her Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Bailey has submitted all required discovery. However, if Sandoz spots a deficiency in Ms. Bailey's discovery and wishes to issue a deficiency notice, it has every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.


Dated: June 30, 2020                                    Respectfully submitted,

                                                        */s/ Jade M. Ruiz*
                                                        Jade M. Ruiz
                                                        Texas Bar No. 24077836
                                                        **Johnson Law Group**
                                                        2925 Richmond Ave., Ste. 1700
                                                        Houston, TX 77098
                                                        Tel: 713-626-9336
                                                        Fax: 713-583-9460
                                                        jader@johnsonlawgroup.com

                                                        *Attorney for Plaintiff*