UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Judy Cardwell v. Sanofi-Aventis U.S. LLC et al.* | : | |
| | : | |
| Case No. 2:18-cv-02031 | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Judy Cardwell, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.   Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "[d]istrict courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.   Granting Plaintiff Leave to Amend Complaint is Not Futile

   a.   The Relation Back Doctrine Applies

The Court should grant Plaintiff Judy Cardwell's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15.  Even if the relevant statute of limitations would not allow a new action to be brought against Defendant

Sandoz Inc. ("Sandoz") and Accord Healthcare, Inc. ("Accord") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz and Accord were put on notice of a possible claim against them. Sandoz and Accord have been Defendants in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Cardwell filed an original complaint on February 27, 2018. Sandoz and Accord were put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz and Accord were aware that Ms. Cardwell specifically was administered Taxotere/Docetaxel produced by Sandoz and Accord on January 15, 2019 when her medical record was produced on MDL Centrality.

Ms. Cardwell's original complaint was timely filed. As Ms. Cardwell's Taxotere/Docetaxel was administered in Kentucky and it is her state of residence, the statute of limitations in Kentucky controls. Kentucky has a "discovery rule" where "a cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party." *Hazel v. General Motors Corp.*, 83 F.3d 422 (6th Cir. 1996).

Ms. Cardwell's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became aware that her injury was a result of the negligence on the part of Sandoz and Accord. *See id.* Ms. Cardwell did not become aware that the Taxotere/Docetaxel could be responsible for

her permanent hair loss until April 2017 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Cardwell was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Cardwell that her hair loss would be permanent before she saw the internet advertisement. Ms. Cardwell's limitations period did not begin to run until April 2017, when she discovered her permanent hair loss was caused by the wrongful acts of Sandoz and Accord. Ms. Cardwell brought her claims within the applicable two-year time period under Texas law, as she filed her claims on February 27, 2018.

      b.   The Doctrine of Laches Does Not Apply

Ms. Cardwell's Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. Laches "prohibits claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow the party to reverse a previous course of action." *Cherry v. Augustus*, 245 S.W.3d 766, 774 (Ky. Ct. App. 2006).

Here, Sandoz nor Accord have made a showing of prejudice or a change of conditions or relationships. Ms. Cardwell has not been chosen as a bellwether candidate, but if she were, she is alive and well and competent to testify. Sandoz and Accord clearly have had access to Ms. Cardwell's Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from March of 2018 to June of 2020, as Sandoz and Accord reference her Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Cardwell has submitted all required discovery. However, if Sandoz or Accord spot a deficiency in Ms. Cardwell's discovery and wish to issue a deficiency notice, they have every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.

Dated: June 30, 2020

Respectfully submitted,

*/s/ Jade M. Ruiz*
Jade M. Ruiz
Texas Bar No. 24077836
**Johnson Law Group**
2925 Richmond Ave., Ste. 1700
Houston, TX 77098
Tel: 713-626-9336
Fax: 713-583-9460
jader@johnsonlawgroup.com

*Attorney for Plaintiff*