UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Mary Richmond v. Sanofi-Aventis U.S. LLC et al.* | : | |
| | : | |
| Case No. 2:17-cv-13108 | | |
| | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Mary Richmond, by and through undersigned counsel, respectfully submits this Reply Memorandum in Support of Her Motion for Leave to Amend Complaint and shows:

I.   Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) controls the amendment of pleadings before trial. The party seeking amendment must seek consent of the opposing party or the leave of court. Once leave of court is sought, "the court should freely give leave when justice so requires" and "[d]istrict courts must entertain a presumption in favor of granting parties leave to amend." Fed. R. Civ. P. 15; *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004).

II.   Granting Plaintiff Leave to Amend Complaint is Not Futile

   a.   The Relation Back Doctrine Applies

The Court should grant Ms. Richmond's Motion for Leave to Amend Complaint because it would not be futile based on the relation back doctrine. *See* Fed. R. Civ. P. 15. Even if the relevant statute of limitations would not allow a new action to be brought against Defendant

Sandoz Inc. ("Sandoz") at this time, the relation back doctrine allows an amended pleading "to relate back to the date of the original pleading." *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). This allows for "even new defendants" to be added. *Id.* at 237. An amendment will be allowed "as long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint." *Id.*

Here, Sandoz was put on notice of a possible claim against them. Sandoz has been a Defendant in the Taxotere (Docetaxel) Products Liability Litigation since before Ms. Richmond filed an original complaint on November 22, 2017. Sandoz has been put on proper notice that any Plaintiffs in the Taxotere (Docetaxel) MDL could have been administered Taxotere/Docetaxel that they manufactured. Additionally, Sandoz was aware that Ms. Richmond specifically was administered Taxotere/Docetaxel produced by Sandoz on March 20, 2018 when her medical record was produced on MDL Centrality.

Ms. Richmond's original complaint was timely filed. As Ms. Richmond's Taxotere/Docetaxel was administered in West Virginia and it is her state of residence, the statute of limitations in West Virginia controls. West Virginia has a "discovery rule" where "the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 708, 487 S.E.2d 901, 903 (1997).

Ms. Richmond's limitations period did not commence until she discovered, or should have discovered, all the elements of a cause of action, and therefore, did not commence until she became

aware that her injury was a result of the negligence on the part of Sandoz. *See id.* Ms. Richmond did not become aware that the Taxotere/Docetaxel could be responsible for her permanent hair loss until July 2017 when she saw an internet advertisement connecting the use of Taxotere/Docetaxel and permanent hair loss. In fact, Ms. Richmond was not even aware that her hair loss would be permanent until she viewed this internet advertisement. No physician informed Ms. Richmond that her hair loss would be permanent before she saw the internet advertisement. Ms. Richmond's limitations period did not begin to run until July 2017, when she discovered her permanent hair loss was caused by the wrongful acts of Sandoz. Ms. Richmond brought her claims within the applicable two-year time period under West Virginia law, as she filed her claims on November 22, 2017. Even if the Court feels there is a question as to whether or not Ms. Richmond should have discovered the nature of her injury, it is a question of fact that should be left to a jury. *See id.*

      b.   The Doctrine of Laches Does Not Apply

Ms. Richmond's Motion for Leave to Amend Complaint should be granted, as it is not barred by laches. Laches requires both unreasonable delay that prejudices defendants. *Kinsinger v. Pethel*, 234 W.Va. 463, 467, 766 S.E.2d 410, 414. "[D]elay alone does not constitute laches; it is delay which places another at a disadvantage." *Kinsinger v. Pethel*, 234 W.Va. 463, 467, 766 S.E.2d 410, 414 (2014) quoting *Carter v. Carter*, 107 W.Va 394, 148 S.E. 378 (1929).

Here, Sandoz has made no showing of prejudice. Sandoz clearly has had access to Ms. Richmond's Plaintiff Fact Sheet, medical records, and accompanying items, such as photos, since their submission to MDL Centrality at different times from March of 2018 to April of 2020, as Sandoz references her Plaintiff Fact Sheet and medical records several times. To her knowledge, Ms. Richmond has submitted all required discovery. However, if Sandoz spots a deficiency in Ms.

Richmond's discovery and wishes to issue a deficiency notice, it has every right to. Defendants regularly issue deficiency notices almost daily in this litigation and there is no deadline set in this litigation to issue deficiency notices or conduct discovery.

For the reasons stated above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend.


Dated: June 29, 2020                                         Respectfully submitted,

                                                             */s/ Jade M. Ruiz*
                                                             Jade M. Ruiz
                                                             Texas Bar No. 24077836
                                                             **Johnson Law Group**
                                                             2925 Richmond Ave., Ste. 1700
                                                             Houston, TX 77098
                                                             Tel: 713-626-9336
                                                             Fax: 713-583-9460
                                                             jader@johnsonlawgroup.com

                                                             *Attorney for Plaintiff*