UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO |
| | MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO | |
| *Kaia Luke v. Sanofi-Aventis U.S. LLC et al.* Case No. 2:17-cv-12876 | |

### SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

As set forth in Sandoz Inc.'s ("Sandoz") concurrently-filed Motion for Leave to Submit Sur-Reply, Plaintiff's Reply in support of its Motion for Leave to File Amended Short Form Complaint raised additional grounds for granting the requested relief that were not set forth in its motion. This Court should not consider any of those arguments. *United States v. Jackson,* 426 F.3d 301, 304 n. 2 (5th. Cir.2005); *see also Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.,* No. CIV.A. 08-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009).[1]

Regardless, because Sandoz has had no prior opportunity to respond to Plaintiff's new "relation back" argument, which is contradicted by controlling law, it has sought leave to submit this brief sur-reply, so that, if the Court is inclined to consider those arguments, it has the benefit of Sandoz' response, along with proper legal authorities.

Plaintiff's Reply argues primarily that leave to amend her complaint would not be futile because her proposed Amended Short Form Complaint should be deemed to "relate back" to the filing of her initial complaint, under Federal Rule of Procedure 15. Plaintiff is wrong.

---

[1] Plaintiff initially filed a substantially-identical Reply on June 9, 2020, without first seeking leave of this Court. On July 1, 2020, Plaintiff filed a motion for leave seeking this Court's assent to its filing.

The "relation back" doctrine of Rule 15(c) only allows an amended complaint to relate back to the filing date of an original complaint where certain conditions are met. Fed. R. Civ. P. 15(c); *Mornes v. Valdez*, 414 F.Supp.3d 888, 891 (N.D. Tex. 2019). Where the amended complaint seeks to add a new defendant, the filing only relates back to the original complaint if the plaintiff can "show both that said defendant (1) received adequate notice of the original lawsuit; and (2) knew that, but for a mistake concerning her identity, the action would have originally been brought against her." *Id.*, *citing Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998).

Here, Sandoz was provided no notice sufficient to satisfy Rule 15(c)(1)(C) that it might be a defendant in this lawsuit. Sandoz was not served with the lawsuit or otherwise informed within the 90-day period that it might be added as a defendant. Plaintiff has not argued that Sandoz's business operations were closely related to any of the named defendants (nor could she). Plaintiff's suggestion that Sandoz' involvement as an MDL Defendant provided "notice" is specious. If that were the law, each MDL defendant would face potential exposure to liability in every one of the more than 12,000 lawsuits that have been filed in this MDL, if at any time in the future the plaintiff elects to amend her complaint. Plaintiff cannot satisfy the notice requirements of Rule 15(c) and her complaint does not relate back.

Further, Plaintiff's failure to name Sandoz in its original complaint was not a "mistake" under Rule 15(c). Sandoz was a known defendant in this MDL and Plaintiff simply made a tactical decision not to sue each possible defendant. It is not a "mistake" where the plaintiff did not know the identity of the defendant. *Winzer v. Kaufman County*, 916 F.3d 464, 470 (5th Cir. 2019) ("even if Appellants were diligent in trying to identify [the defendants to be added], such failures to identify do not relate back"). Plaintiff's own cited case law confirms the rule. *See* Reply at p. 2, *citing Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968) ("the rule is generally stated to be

that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings").

It is not a "mistake" for purposes of relation back where the Plaintiff knew the identity of a possible defendant and simply elected not to sue that party. Here, the failing is even worse: Plaintiff learned Sandoz was not only a possible defendant, but the proper defendant and still waited longer than the applicable limitations period before she sought leave to amend her pleading. Under Rule 15, her proposed amended complaint does not relate back; her inexplicable delay in seeking leave to amend should not be rewarded. *Anderson v. Papillion*, 445 F.2d 841, 842 (5th Cir. 1971) ("Rule 15(c)… simply may not be interpreted so as to deny the protection of a limitations statute to an entirely new defendant, added after the prescription has run").

For all the foregoing reasons and the reasons set forth in Sandoz' June 2, 2020 Opposition, Sandoz respectfully requests the Court deny Plaintiff's Motion for Leave to File Amended Short Form Complaint. The proposed amended complaint would be futile, because the newly added claims against Sandoz would be subject to dismissal on statute of limitation grounds and under the doctrine of laches and the proposed amended complaint does not relate back to the date of Plaintiff's original complaint filing.

Dated: July 2, 2020.

                                                          Respectfully submitted,

                                                          **GREENBERG TRAURIG, LLP**
                                                          */s/ Nicholas A. Insogna*
                                                          Nicholas A. Insogna
                                                          One International Place, 20th Floor
                                                          Boston, MA 02110
                                                          Telephone: (617) 310-6231
                                                          insognan@gtlaw.com
                                                          *Attorney for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/      Nicholas A. Insogna