# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: "H" (5) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ALL ACTIONS ) | |

**[PROPOSED] PRETRIAL ORDER NO. X**
**(HAIR LOSS DIAGNOSIS ORDER)**

1. **Applicability of Order.** This Order applies to all Plaintiffs in MDL No. 2740 and shall govern proof of alleged hair loss injury, in supplement to Section IV, question 5, 6, 7, and 8, and the document requests in Section IX of the Plaintiff Fact Sheet (*see* PTO No. 55 (Rec. Doc. 688)), and any future requests for production that may be served by Defendants.

2. **Hair Loss Injury Diagnosis – Medical Records or Medical Declaration.** Each Plaintiff in MDL No. 2740 must comply with the following requirements of this Order:

   a. **Pre-Lawsuit Medical Records Confirming Diagnosis of Permanent Alopecia and Cause(s) of the Same.** Within 60 days of entry of this Order (or on the date that a Plaintiff Fact Sheet is due where one is not yet due), each Plaintiff must upload to MDL Centrality excerpts of the specific medical record reflecting a diagnosis by a qualified physician of permanent hair loss as alleged in her Complaint(s) and PFS (i.e., "permanent chemotherapy-induced alopecia") and its cause(s). If a pathology report exists it must be included with the excerpt provided. The medical record excerpt, along with any associated pathology, invoicing or billing documents in the Plaintiff's possession: 1) must pre-date the filing of Plaintiffs' lawsuit; 2) shall be uploaded to MDL Centrality using the "Proof of Injury – Pre-Lawsuit Medical Record" document-type field; and 3) shall be uploaded within the deadline set forth in this Order.

1

In the event that Plaintiff does not have a pre-lawsuit medical record confirming a diagnosis of permanent alopecia and its cause(s), Plaintiff must comply with either (b), (c), or (d) below:

**b. Post-Lawsuit Filing Date: Medical Records Confirming Diagnosis of Permanent Alopecia and Cause(s) of the Same:** Within 60 days of entry of this Order (or on the date that a Plaintiff Fact Sheet is due where one is not yet due), each Plaintiff must upload to MDL Centrality excerpts of the specific medical record by a qualified physician reflecting a diagnosis of permanent hair loss as alleged in her Complaint(s) and PFS (i.e., "permanent chemotherapy-induced alopecia") and its cause(s). If a pathology report exists it must be included with the excerpt provided. The medical record must be made for—and reasonably pertinent to—medical diagnosis or treatment in the ordinary course of care within the meaning of Federal Rule of Evidence 803(4) and may not consist of a record generated for litigation-related screening. The medical record excerpt, along with any associated pathology, invoicing or billing documents in the Plaintiff's possession, shall be uploaded to MDL Centrality using the "Proof of Injury – Post-Lawsuit Medical Record" document-type field(s). Plaintiff shall upload such documents within the deadline set forth in this Order.

**c. Post-Lawsuit Filing Date: Medical Declaration Confirming Permanent Alopecia from Taxotere (Docetaxel).** Within 60 days of entry of this Order (or on the date that a Plaintiff Fact Sheet is due where one is not yet due), each Plaintiff must upload to MDL Centrality a signed declaration authored by a qualified physician in good standing with his or her state licensing authority (and who has not previously served as a testifying expert or consulting expert for any Plaintiffs' counsel bringing Taxotere claims) attesting to a reasonable degree of medical probability that: (i) Plaintiff has suffered a permanent hair loss injury and

(ii) Taxotere (docetaxel) caused the plaintiff's hair loss injury. The declaration must include: (i) an explanation of the basis for the attestation that Plaintiff suffered a hair loss injury, that the injury is permanent, and that the hair loss injury was caused by Taxotere (docetaxel); (ii) an identification of any other causes that were considered in formulating the opinion; (iii) a description of the specific medical findings that support the diagnosis of those injuries; (iv) an identification of all documents, including lab results, pathology reports, or physical examination relied on by the qualified physician in forming her opinion; and (v) the proposed treatment plan. The medical declaration, along with any associated invoicing or billing documents in the Plaintiff's possession, must be uploaded to MDL Centrality using the "Proof of Injury – Post-Lawsuit Medical Declaration" document-type field within the deadlines set forth in this Order. No physician may submit more than five such declarations.

      **d. Post-Lawsuit Filing Date: Plaintiff Certification of Refusal to Seek Diagnosis of Permanent Alopecia from Taxotere (Docetaxel).** Within 60 days of entry of this Order (or on the date that a Plaintiff Fact Sheet is due where one is not yet due), each Plaintiff must upload to MDL Centrality a signed Certification that she refuses to seek a diagnosis of permanent hair loss as alleged in her Complaint(s) and PFS (i.e., "permanent chemotherapy-induced alopecia"). The Certification must be uploaded to MDL Centrality using the "Proof of Injury – Certification of Refusal to Seek Diagnosis" document-type field within the deadlines set forth in this Order.

**3. Enforcement.** Any Plaintiff who fails to comply with the terms of this Order may be listed for Non-Compliance and Show Cause Order Process following the ordinary procedures of Pretrial Order No. 22A (Rec. Doc. 3493). Defendants reserve the right to challenge any Plaintiff submissions pursuant to ¶ 2 of this Order, and to seek dismissal or any other applicable relief with

respect to submissions under ¶ 2(d) of this Order pursuant to procedures to be negotiated by the parties and entered by the Court.

    **4. Rule 26(g) certification.** Any statements, declarations or certifications made by a Plaintiff or her attorney regarding information and documents produced in discovery in this litigation, including the medical declaration or certification and the disclosure required under ¶ 2 of this Order, shall be subject to Rule 26(g)(3).

    **5. Penalties for Fraud and Deception.** Any Plaintiff (and/or her attorneys) who submits false or intentionally misleading information, or otherwise attempts to satisfy the documentation requirements of this Order through any form of deception, dishonesty, or fraud shall be subject to appropriate sanctions (including monetary sanctions and costs) and dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37.

                                                               _____
                                                               JANE TRICHE MILAZZO
                                                               UNITED STATES DISTRICT JUDGE