# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Debbie L. Hubbard v. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira, Inc.* | |
| Case No. 2:18-cv-10283 | |

## PLAINTIFF'S FIRST AMENDED SHORT FORM COMPLAINT[1]

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:
    Debbie L. Hubbard

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):
    N/A

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
    N/A

4. Current State of Residence: Mississippi

5. State in which Plaintiff(s) allege(s) injury: Mississippi

---

[1] This is the version of the Short Form Complaint effective May 13, 2020 and supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

    a. Taxotere Brand Name Defendants

        ☐ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐ B. Sanofi-Aventis U.S. LLC

    b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☐ A. Sandoz Inc.

        ☐ B. Accord Healthcare, Inc.

        ☐ C. McKesson Corporation d/b/a McKesson Packaging

        ☑ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☑ E. Hospira, Inc.

        ☐ F. Sun Pharma Global FZE

        ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☐ H. Pfizer Inc.

        ☐ I. Actavis LLC f/k/a Actavis Inc.

        ☐ J. Actavis Pharma, Inc.

        ☐ K. Sagent Pharmaceuticals, Inc.

        ☐ L. Other:

7. Basis for Jurisdiction:

    ☑ Diversity of Citizenship

    ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure:

2

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court for the Northern District of Mississippi – Greenville Division

9. Brand Product(s) used by Plaintiff (check applicable):

- ☐ A. Taxotere
- ☐ B. Docefrez
- ☑ C. Docetaxel Injection
- ☐ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

Plaintiff was administered Taxotere/Docetaxel from February 25, 2014 through July 7, 2014

11. State in which Product(s) identified in question 9 was/were administered:

Mississippi

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury:

> Permanent, irreversible and disfiguring alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to the present.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☑ Count I – Strict Products Liability – Failure to Warn

    ☑ Count III – Negligence

    ☑ Count IV – Negligent Misrepresentation

    ☑ Count V – Fraudulent Misrepresentation

    ☑ Count VI – Fraudulent Concealment

    ☑ Count VII – Fraud and Deceit

    ☑ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> **Factual Allegations**
>
> 1. Plaintiff, prior to undergoing chemotherapy treatment on February 25, 2014, discussed potential side effects with an oncology nurse at her infusion center. The nurse indicated that, although she may experience hair loss during the course of chemotherapy treatments, her hair loss would be temporary. Plaintiff's treating oncologist (Dr. Yunus) and a nurse practitioner also indicated that hair loss during chemotherapy was "normal" or something to that effect.
>
> 2. At no time did Plaintiff receive a warning that her use of Taxotere/Docetaxel may result in permanent hair loss. Consequently, Plaintiff had no expectation of permanent hair loss. During chemotherapy treatment, Plaintiff showed baldness at the top of her head to a home health nurse who responded she was "sorry," but did not provide any instructions or anything regarding how long it would last. Plaintiff also mentioned her hair loss to a nurse who stated hair loss during chemotherapy was "normal" or something to that effect. Plaintiff's hair fell out completely during chemotherapy treatment.

4

3. Although Plaintiff understood her hair loss would be temporary, she was unsure when her hair would start to re-grow following the end of chemotherapy. Plaintiff completed cytotoxic chemotherapy on July 7, 2014.

4. After completing chemotherapy treatments, Plaintiff told Dr. Yunus her hair was "gone." Dr. Yunus indicated that hair loss during chemotherapy was to be expected.

5. After that, Plaintiff noticed that although she had some hair re-growth, her hair was not re-growing as fast or as fully as she had anticipated – it was re-growing in patches throughout her scalp. During an office consult, Plaintiff stated to "Nurse Latia" (Latia Butts, NP) that Plaintiff's hair wasn't growing back normally. Nurse Butts expressed regret that Plaintiff's hair was not growing back, but did not tell Plaintiff when her hair would fully re-grow.

6. After viewing a television commercial for Rogaine in approximately February 2015, Plaintiff purchased one bottle of Rogaine mousse and applied the treatment to her scalp daily in an effort to help her re-grow hair. During radiation treatment/therapy, Plaintiff mentioned to a radiation technician that she was using Rogaine, but it was not working. Plaintiff recalls the technician said something to the effect of "OK" – Plaintiff did not receive any guidance regarding her lack of hair re-growth from the radiation technician.

7. Dr. Azmi took over as Plaintiff's oncologist in the fall of 2015 – Plaintiff's first visit with him was September 16, 2015. During one of her visits with Dr. Azmi, Plaintiff recalls talking with him about her hair loss, including whether it was still "normal" or whether anything else could be done. Dr. Azmi responded that Plaintiff should "give it more time."

8. Neither Dr. Azmi nor any other healthcare provider ever told Plaintiff that her hair loss was "permanent." Thus, Plaintiff continued to believe her hair would eventually fully come back and that she would not experience permanent hair loss.

9. Plaintiff did not suspect she may be suffering from permanent hair loss caused by Taxotere/Docetaxel until she saw an advertisement in 2018 that a chemotherapy drug called Taxotere could cause permanent hair loss. Plaintiff also believes she saw a Facebook posting about Taxotere lawsuits. This was the first time Plaintiff suspected her lack of full hair re-growth might actually be permanent hair loss caused by her use of Taxotere/Docetaxel.

**Liability Under the Mississippi Products Liability Act (§ 11-1-63)**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

5

2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions, and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:

   a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries;

   b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered Taxotere® to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries;

   c. Manufacturing, producing, promoting, formulating, creating, and/or designing Taxotere® without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia;

   d. Failing to provide adequate warning of the dangers associated with Taxotere®;

   e. Designing, formulating, researching, developing, manufacturing, marketing, promoting and selling Taxotere® when it knew or reasonably should have known of its propensity to cause disfiguring permanent alopecia and other injuries;

   f. Defendants' design, development, manufacture, marketing, and sale of Taxotere®, which drug is defective and unreasonably dangerous for the undisclosed risk of developing disfiguring permanent alopecia and other injuries;

   g. The continued production and sale of docetaxel (Taxotere®) without adding adequate warnings despite Defendants' knowledge of the association between Taxotere® and disfiguring permanent alopecia and other injuries;

   h. Providing inaccurate labeling and inadequate warnings and instructions;

   i. Utilizing inadequate testing methods which were not accurate, sensitive, specific, and/or reproducible to track the actual rate of permanent alopecia;

   j. Other breaches and defects which may be shown through discovery or at trial; and

   k. Failure to act with the required degree of care due and owing to Plaintiff and her physician(s).

## **Punitive Damages (§ 11-1-65)**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

6

2.      Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' fraudulent and grossly negligent conduct and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (Taxotere®). Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious, permanent, and disfiguring side effects and risks associated with the docetaxel (Taxotere®) product.

3.      Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel (Taxotere®) product was associated with serious, permanent side effects. Defendants recklessly failed to track, test, account for, monitor, and report the side effect of persistent or permanent alopecia in clinical trials during the development of Taxotere, in violation of their own clinical trial protocols. Notwithstanding Defendants' knowledge and reckless disregard of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel (Taxotere®) products.

4.      Defendants failed to provide warning that would have dissuaded health care professionals from recommending/prescribing and consumers from ingesting the docetaxel (Taxotere®) product, thus depriving both from weighing the true risks against the benefits of prescribing, using or consuming the product.

5.      Defendant knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the drug as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs and their physicians, in a conscious reckless, or grossly negligent disregard of the foreseeable harm caused.

6.      The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were knowing, fraudulent and reckless. Defendants committed these acts with knowing, conscious and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the products. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: */s/ Ryan J Browne*

Ryan J Browne
Texas State Bar No. 00796262
Spencer P. Browne
Texas State Bar No. 24040589
Dana M. Gray
Texas State Bar No. 00787584
**REYES | BROWNE | REILLEY**
8200 Douglas Avenue, Suite 400
Dallas, Texas 75225
(214) 526-7900
(214) 526-7910 (fax)
ryan@reyeslaw.com
spencer@reyeslaw.com
dana@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**