UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Sheila Crayton, Case No. 2:17-cv-05923.

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIALS FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Sanofi hereby submits this Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, pursuant to Local Rule 56.1:

1. According to the PSC's expert dermatologist, Dr. Antonella Tosti, PCIA is a "medical condition" that is "[a]bsolutely" diagnosable. Ex. D, Tosti Dep. 228:7–13 (Dec. 12, 2019).

2. Dr. Tosti has testified that because PCIA presents similarly to other types of alopecia, a patient must be assessed by a qualified medical doctor before she can be diagnosed with this condition. *Id.* at 228:14–229:12.

3. Dr. Tosti diagnosed the first three bellwether Plaintiffs in this MDL – as well as bellwether plaintiff Cynthia Thibodeaux – with PCIA only after personally examining them with trichoscopy and reviewing pathology results from their scalp biopsies. *See* Ex. E, Tosti November 2018 Report at 28; Ex. C, Tosti October 21, 2019 Report at 31–32.

4. Ms. Crayton filed her lawsuit on June 19, 2017. Ex. B, Crayton PFS § I.4.

5. Five months later, the Court selected her case for initial "Phase One" discovery in anticipation of the second MDL bellwether trial. Rec. Doc. 1099 (CMO 8A).

6. During that time, Sanofi deposed Ms. Crayton and three additional fact witnesses. *See* Rec. Doc. 1168 (CMO 10).

7. On January 29, 2019, the Court selected Ms. Crayton's case to proceed to the second phase of discovery as an alternate for the second bellwether trial. Rec. Doc. 6017 (CMO 16).

8. Two months later, after "Phase Two" discovery was well underway, the PSC asked this Court to remove Ms. Crayton from the trial pool. Rec. Doc. 6559 (Plaintiff's Motion to Remove Sheila Crayton from the Second Bellwether Trial Plaintiff Pool).

9. In their motion, the PSC argued that Ms. Crayton's health prevented her from meaningfully participating in the trial. *Id.*

10. The PSC did not assert in their motion that Ms. Crayton's health prevented her from seeing a dermatologist and obtaining required medical expert testimony on her alleged injury. Rec. Doc. 6559-1.

11. On May 7, 2019, the Court denied the PSC's motion. Rec. Doc. 6935 (Minute Entry re May 7, 2019 Telephone Status with Liaison Counsel).

12. The PSC's deadline to produce expert reports for Ms. Crayton was October 21, 2019. Rec. Doc. 7416 (CMO 14D) (Ordering Plaintiff Expert Reports to be submitted by September 27, 2019; the deadline was later extended to October 21, 2019 pursuant to agreement between the parties).

13. Although the PSC submitted case-specific expert opinions for Cynthia Thibodeaux, Plaintiffs failed to submit case-specific expert opinions for Ms. Crayton. *See* Ex. C, Tosti October 21, 2019 Report at 31–32.

14. At no point before the expert deadline did the PSC request an extension for Ms. Crayton or inform Sanofi (or the Court) that no expert reports would be forthcoming.

15. It was not until December 12, 2019, after Sanofi's expert reports were due, that Ms. Crayton was officially removed from the trial pool. Rec. Doc. 8701.

16. As a result, in addition to devoting two years of resources working up Ms. Crayton's case, Sanofi spent significant time and expense having its experts review Ms. Crayton's medical records and all pertinent discovery under the false impression that her case would proceed past expert discovery. *See, e.g.*, Ex. H, Glaspy December 9, 2019 Report at 45; *see also* Ex. I, Miletello December 9, 2019 Report.

17. In the three years since she filed her case, and the two years since being selected for pretrial discovery, Ms. Crayton has never been diagnosed with PCIA or sought treatment for her injury. Ex. B at § VI.6–7; Ex. F, Crayton Dep. Vol. II 342:13–343:2 (Nov. 6, 2018) (no doctor has ever diagnosed Ms. Crayton with hair loss or "persistent hair loss," and she has never inquired about potential treatment for hair loss).

18. No dermatologist (retained for litigation or otherwise) has ever examined Ms. Crayton with trichoscopy or ordered a scalp biopsy to determine if she has PCIA. Ex. B at § VII; Ex. G, Crayton Dep. Vol. I 131:16–25 (Sept. 19, 2018).

    Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*