# EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE NORTH |
| Sheila Crayton v. Sanofi S.A., et al. Case No. 2:17-cv-05923 | COMPLAINT & JURY DEMAND |

**AMENDED SHORT FORM COMPLAINT (Effective as of January 4, 2019)[1]**

Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on July 25, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Sheila Crayton

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   N/A

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

4.     Current State of Residence: _____ Louisiana _____

5.     State in which Plaintiff(s) allege(s) injury: _____ Louisiana _____

6.     Defendants (check all Defendants against whom a Complaint is made):

      a.     Taxotere Brand Name Defendants

          ☑     A.     Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

          ☑     B.     Sanofi-Aventis U.S. LLC

      b.     Other Brand Name Drug Sponsors, Manufacturers, Distributors

          ☐     A.     Sandoz Inc.

          ☐     B.     Accord Healthcare, Inc.

          ☐     C.     McKesson Corporation d/b/a McKesson Packaging

          ☐     D.     Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

          ☐     E.     Hospira, Inc.

          ☐     F.     Sun Pharma Global FZE

          ☐     G.     Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

          ☐     H.     Pfizer Inc.

          ☐     I.     Actavis LLC f/k/a Actavis Inc.

          ☐     J.     Actavis Pharma, Inc.

          ☐     K.     Other:

7.     Basis for Jurisdiction:

      ☑     Diversity of Citizenship
      ☐     Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure:

8.     Venue:

District Court and Division in which remand and trial is proper and where you might
have otherwise filed this Short Form Complaint absent the direct filing Order entered by
this Court:

| |
|---|
| USDC Eastern District of Louisiana |

9.     Brand Product(s) used by Plaintiff (check applicable):

☑     A.     Taxotere

☐     B.     Docefrez

☐     C.     Docetaxel Injection

☐     D.     Docetaxel Injection Concentrate

☐     E.     Unknown

☐     F.     Other:

| |
|---|
| |

10.     First date and last date of use (or approximate date range, if specific dates are unknown)
for Products identified in question 9:

| |
|---|
| August 20, 2008 - October 22, 2009 |

11.     State in which Product(s) identified in question 9 was/were administered:

| |
|---|
| Louisiana |

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if
        known), and description of alleged injury:

┌─────────────────────────────────────────────────────────────────────────────┐
│ Permanent, irreversible and disfiguring alopecia beginning after treatment with │
│ Taxotere (docetaxel) and continuing to present.                                 │
└─────────────────────────────────────────────────────────────────────────────┘

13.     Counts in Master Complaint brought by Plaintiff(s):

        ☑       Count I – Strict Products Liability – Failure to Warn

        ☐       Count III – Negligence

        ☐       Count IV – Negligent Misrepresentation

        ☐       Count V – Fraudulent Misrepresentation

        ☐       Count VI – Fraudulent Concealment

        ☐       Count VII – Fraud and Deceit

        ☑       Other: Plaintiff(s) may assert the additional theories and/or State Causes of
                Action against Defendant(s) identified by selecting "Other" and setting forth such
                claims below.  If Plaintiff(s) include additional theories of recovery, for example,
                Redhibition under Louisiana law or state consumer protection claims, the specific
                facts and allegations supporting additional theories must be pleaded by Plaintiff in
                sufficient detail as required by the applicable Federal Rules of Civil Procedure.

┌─────────────────────────────────────────────────────────────────────────────┐
│                  **Inadequate Warning Under LSA-RS 9:2800.57**                  │
│                                                                                 │
│        1.      Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Master │
│ Long Form Complaint, with the same force and effect as if fully set forth herein. │
│                                                                                 │
│        2.      Defendants researched, tested, developed, designed, licensed,    │
│ manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced │
│ TAXOTERE® into the stream of commerce, and in the course of same, directly      │
│ advertised or marketed TAXOTERE® to consumers or persons responsible for        │
│ consumers, and therefore, had a duty to both Plaintiff directly and her physicians to │
│ warn of risks associated with the use of the product, including, but not limited to, │
│ permanent disfiguring alopecia.                                                 │
│                                                                                 │
│        3.      Defendants had/have a duty to warn of adverse drug reactions,    │
│ including, but not limited to, permanent disfiguring alopecia, which they knew or │
│ should have known can be caused by the use of TAXOTERE® and/or are associated   │
│ with the use of TAXOTERE®.                                                      │
└─────────────────────────────────────────────────────────────────────────────┘

4

4.	The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring permanent alopecia.

5.	Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

6.	Due to the inadequate warning regarding the serious risk for disfiguring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

7.	Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

8.	Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.

9.	Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring permanent alopecia with Plaintiff and/or would not have prescribed it.

10.	As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered disfiguring permanent alopecia.

11.	As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

## **Breach of Warranty in Redhibition**

12.     Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Master Long Form Complaint and all additional paragraphs herein, with the same force and effect as if fully set forth herein.

13.     TAXOTERE® contains a vice or defect which renders it useless or its use so inconvenient that consumers, including Plaintiff,   would not have purchased it had they known about the vice or defect.

14.     Pursuant to Louisiana Civil code article 2520, a seller warrants the buyer against redhibitory defects, or vices, in the thing sold. TAXOTERE®, which was manufactured, sold and promoted by Defendants, possesses hidden defects which at the time of purchase were unknown to Plaintiff and which could not have been discovered by Plaintiff,  which defects render TAXOTERE® useless or so inconvenient that it must be presumed that Plaintiff, Sheila Crayton, would not have bought TAXOTERE® had she known of the defects.

15.     Defendants were aware of the substantial risks of disfiguring permanent alopecia associated with TAXOTERE® but failed to fully disclose those risks to Plaintiff.

16.     In accordance with Louisiana Civil Code article 2545, Defendants, as the manufacturers, distributors and sellers of TAXOTERE®, are deemed to be aware of its redhibitory defects.

17.     Had Plaintiff been made aware of the defects contained in TAXOTERE® at the time of sale, she would not have purchased TAXOTERE®. This characteristic rendered TAXOTERE® unfit for its intended purposes.

18.     Defendants are liable to Plaintiff under Chapter 9 of Title VII of Book III of the Civil Code, pursuant to La. Rev. Stat. Ann. § 9:2800.53(5), as a consequence of the sale to Plaintiff of a product unfit for its intended use and containing a defect of which the manufacturer had notice.  Plaintiff is entitled to the return of purchase price paid for TAXOTERE®, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiff may be entitled.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es)
and Mailing Address(es) representing Plaintiff(s):

> By: _/s/ Betsy Barnes_
> BETSY BARNES, LA19473
> Morris Bart, LLC
> 601 Poydras St., 24th Fl.
> New Orleans, LA 70130
> Phone: (504) 525-8000
> Fax: (504) 599-3392
> bbarnes@morrisbart.com