## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                  MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                             SECTION "H" (5)
                                             JUDGE MILAZZO
                                             MAG. JUDGE NORTH
THIS DOCUMENT RELATES TO
*Janice Infusino, et al.*,
Case No. 17-10313

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT

Plaintiff's request for leave to amend her Short Form Complaint to re-name two defendants previously dismissed, Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc. (collectively "Defendants"), should be denied because plaintiff previously dismissed Defendants ***with prejudice*** and has not shown any circumstances that would warrant relief from the dismissal with prejudice. In addition, plaintiff's motion should be denied because plaintiff unreasonably delayed seeking leave to amend – waiting nearly two years after obtaining purported product identification – such that the doctrine of laches bars the amendment.

## I.     PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by filing a Short Form Complaint on October 9, 2017.  *See* Complaint in Member Action No. 2:17-cv-10313-JTM-MBN (Doc. 1).  Plaintiff's Short Form Complaint named the following Defendants: Sanofi S.A., Aventis Pharma, S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Actavis LLC f//k/a Actavis Inc., Actavis Pharma, Inc., and Teva Pharmaceutical Industries, Ltd.  Plaintiff attached a summons to her Short Form Complaint for Actavis Pharma,

Inc., but not Actavis LLC f/k/a Actavis Inc.  (Doc. 1-3.)  The Clerk issued the summons on October 13, 2017 (Doc. 4), and Actavis Pharma, Inc., was served on December 29, 2017.  Plaintiff never served Actavis LLC with the Short Form Complaint.

On August 13, 2018, plaintiff filed a Notice of Partial Dismissal with Prejudice, dismissing all defendants with prejudice except Sanofi S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, and Accord Healthcare, Inc.  (Master Docket, Doc. 3752.) That dismissal states that "i[f] warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)."  (*Id.*)

On March 25, 2020, plaintiff filed a Motion for Leave to File Amended Short Form Complaint to name Sagent Pharmaceuticals, Inc., and to re-name Defendants.  (Master Docket, Doc. 9798.)  Following briefing, on April 20, 2020, plaintiff moved to partially withdraw her motion as to Sagent because she realized that adding Sagent as a defendant would destroy subject matter jurisdiction since plaintiff and Sagent are both residents of Illinois.  (*See* Plaintiff's Motion to Partially Withdraw Sagent as a Defendant in Plaintiff's Motion for Leave to File Amended Short Complaint (Master Docket, Doc. 9987).)  On April 27, 2020, plaintiff moved to withdraw her Motion for Leave to File Amended Short Form Complaint and all related pleadings.  (*See* Plaintiff's Motion to Withdraw Plaintiff's Motion for Leave to File Amended Short From Complaint and All Related Proceedings (Master Docket, Doc. 10047).)  On May 1, 2020, the Court granted plaintiff's motion and struck it and all related pleadings.  (*See* Order (Master Docket, Doc. 10092).)

For the second time, plaintiff now seeks leave to amend her Short Form Complaint to re-name Defendants.  Pursuant to Pretrial Order No. 37A ("PTO 37A"), a plaintiff seeking leave to amend a prior complaint, including a short form complaint, must contact "each defendant(s)

presently named and… any defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion… ."  PTO 37A.  PTO 37A further provides that any defendant "sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed."  *Id.*  On April 27, 2020, plaintiff's counsel contacted the undersigned, counsel for Defendants, entities that are not presently named in the lawsuit, but which plaintiff seeks to add by the motion for leave to amend, requesting consent to file the motion for leave to amend as unopposed.  On May 19, 2020, counsel for Defendants informed plaintiff's counsel that Defendants oppose the motion for leave to amend.  (*See* E-mail thread between plaintiff's counsel, Nate Buttars, and Defendants' counsel, Jennifer Snyder Heis, attached hereto as Exhibit 1.)  On July 20, 2020, plaintiff filed *Plaintiff's Motion for Leave to File Amended Short Form Complaint.* ("Plaintiff's Motion") (Master Docket, Doc. 10814).  Defendants hereby enter their Special Appearance solely for the purpose of opposing plaintiff's motion on grounds that:  (1) plaintiff has made no argument justifying grounds for relief under F.R.C.P. 60(b)(6) as to Defendants; and (2) the doctrine of laches is a bar to plaintiff's proposed amended Short Form Complaint.[1]

## II.   LAW AND ARGUMENT

Plaintiff's motion should be denied summarily, because it makes no showing that plaintiff is entitled to the relief requested pursuant to Rule 60(b)(6).  Instead, plaintiff erroneously moves for leave to amend her Complaint under Rule 15.  (Plaintiff's Motion, p. 1.)  Plaintiff states "[u]pon information and belief…Sagent and [Defendants] are related entities and are joint tortfeasors in this case" (Plaintiff's Memorandum in Support of Motion for Leave to File Amended Short Form Complaint (Master Docket 10814-3)), but she offers no explanation of how or why that alleged

---

[1] A Special Appearance pursuant to PTO 37A does not waive service or any defenses, including defenses based on service of process or personal jurisdiction.  (*See* PTO 37A.)

fact justifies relief from the dismissal with prejudice of Defendants.  The only other thing she says in support of her motion for leave to amend is the following: "Sagent cannot be added to this case because diversity among the parties would be destroyed." *Id.*  But the fact that Sagent cannot be added as a defendant without divesting this Court of subject matter jurisdiction is no reason plaintiff should be allowed to amend her complaint to add other defendants.  Finally, plaintiff does not explain why she waited nearly two years to seek this relief in light of the fact she has known since July of 2018 that she may have been treated with a Sagent-labeled product.

### A.  PLAINTIFF OFFERS NO JUSTIFICATION FOR RELIEF FROM HER DISMISSAL WITH PREJUDICE OF DEFENDANTS

Plaintiff's attempt to re-name Defendants as parties to this case should be denied, because she has offered no justification for seeking relief from her notice of dismissal with prejudice of Defendants.  Plaintiff named both entities as defendants in her Amended Short Form Complaint filed on October 9, 2017.  Plaintiff later dismissed both entities ***with prejudice*** on August 13, 2018. (Master Docket, Doc. 3752.)  That dismissal states that "i[f] warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)."  (*Id.*)  Rule 60(b)(6) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment or order based on "any other reason that justifies relief."

But plaintiff does not argue that she requires relief from her dismissal with prejudice of Defendants pursuant to Rule 60.  Indeed, plaintiff does not offer *any* reasons why she seeks leave to rename Defendants.  (*See generally* Plaintiff's Motion.)  Plaintiff states only that she requires leave to amend because she has identified a separate entity, Sagent, as an alleged supplier of her docetaxel, and that adding Sagent would destroy subject matter jurisdiction because Sagent is not diverse from plaintiff.  (Plaintiff's Memorandum, p. 2.)  But Plaintiff does not and cannot argue that her decision not to sue Sagent somehow justifies relief from the dismissal of Defendants under

Rule 60.  In sum, plaintiff does not offer *any* reasons why her motion for leave as should be granted.  For that reason, her motion must be denied.

In addition, plaintiff's request to rename Defendants as parties is untimely under Rule 60.  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  While plaintiff never exactly explains why she requires leave to rename Defendants as parties, presumably it is tied to her claim that there is evidence she used a Sagent-labeled docetaxel product.  But the document plaintiff submits as proof of this evidence is dated August 9, 2018 (*see* Exhibit B to Plaintiff's Motion), which is ***before*** she dismissed Defendants.  Yet plaintiff waited until July of 2020 to file her motion for leave to amend her Short Form Complaint.  Plaintiff's motion for leave to add Defendants was not brought within a reasonable time and this Court should exercise its discretion to deny plaintiff's motion.  *Clark v. Davis*, 850 F.3d 770, 782 (5th Cir. 2017).

### B.     THE DOCTRINE OF LACHES BARS PLAINTIFF'S CLAIMS

For the same reasons why any request from relief from the dismissal with prejudice would be untimely, plaintiff's motion for leave to amend should also be denied under the doctrine of laches.  The Supreme Court of Illinois[2] has defined laches "a neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity."  *Meyers v. Kissner,* 594 N.E.2d 336, 340 (Ill. 1992).  Under Illinois law, two essential elements must exist for laches to bar

---

[2] Because of the "direct-filing" order entered in the MDL that states that a case filed directly in this Court has no impact on choice of law that otherwise would apply had that case been filed in another district court and transferred to this court (*see* Pretrial Order No. 5(II)(H)), Illinois law would apply in deciding whether laches applies to bar an action.  *See Miller v. Long Airdox Co.* 914 F.2d 976, 978 (7th Cir. 1990) (noting that generally Illinois law presumes that the law of the state where the injury occurred will govern a personal injury claim).

a claim: (1) lack of due diligence by the party asserting a claim; and (2) prejudice to the party asserting laches. *Ashley v. Pierson*, 791 N.E.2d 666, 671 (Ill. App. 2003). Here, both requirements are satisfied.

First, plaintiff unreasonably delayed in seeking to amend her complaint for nearly two years after dismissing Defendants, yet having knowledge the entire time that she may have been treated with a Sagent-labeled product. As stated above, plaintiff has submitted evidence in support of her motion that she had knowledge of use of a Sagent-labeled product as of August 9, 2018, yet plaintiff waited nearly two years to seek to re-name Defendants. Plaintiff's delay is inexcusable. Plaintiff sat on product identification information for nearly two years and did nothing.

Second, plaintiff's unreasonable delay unquestionably prejudiced Defendants. Because Defendants were dismissed ***with prejudice*** in this case nearly two years ago, Defendants' counsel have had no reason to investigate this case or review the submitted plaintiff's Fact Sheets. As such, plaintiff's delay in seeking to amend her complaint deprived Defendants of an opportunity to review and raise deficiencies in plaintiff's Fact Sheets.

Finally, plaintiff denied Defendants an opportunity to conduct discovery. Defendants can only speculate what information and records will be more difficult or even impossible to obtain given this lapse in time.

In short, Defendants' good faith reliance on plaintiff's pleadings, to its detriment, constitutes the type of "special circumstances" sufficient to bar plaintiff's claims, even if they were not time-barred by the applicable statute of limitations. *See In re Marriage of Kramer*, 253 Ill. App. 3d 923, 933, 625 N.E.2d 808, 815 (1993); *see also Rangel v. Cisneros*, No. 1–13–0616, 2013 WL 6221358, at *7 (Ill. App. Nov. 27, 2013).

## III.  CONCLUSION

For all the foregoing reasons, Defendants Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc., respectfully request the Court deny plaintiff's Motion for Leave to File an Amended Short Form Complaint re-naming Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc., as defendants.  Plaintiff's Motion should be denied because plaintiff has made no argument justifying grounds for relief under Rule 60(b)(6).  Plaintiff's Motion should also be denied under the doctrine of laches.

Dated:  July 28, 2020.


Respectfully submitted,

/s/ Michael J. Suffern
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com
jheis@ulmer.com

*Attorneys for Defendants Actavis LLC f/k/a Actavis Inc., and Actavis Pharma, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<u>/s/ Michael J. Suffern</u>