**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**
                                               **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO**
**ALL CASES**

## JOINT REPORT NO. 20 OF LIAISON COUNSEL
## (August 5, 2020)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants'

Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 20 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28

civil action(s) to the United States District Court for the Eastern District of Louisiana for

coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere*

*(Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4,

2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana

pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML").

On May 16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche

Milazzo. (Doc. 2599). As of July 29, 2020, there are approximately 12,647 cases pending in the

MDL before the Honorable Jane Triche Milazzo, with approximately 2,684 cases that have been

closed, dismissed, or remanded since inception of the MDL.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, New Jersey, Delaware, and

Mississippi. Some state court cases were removed to federal court. This Court ruled on remand

motions on August 30, 2017, May 15, 2018, October 3, 2018, and February 7, 2020. (Rec. Docs. 781, 2597, 4517, 9220).

On February 7, 2018, the Court entered Pretrial Order No. 77 (Rec. Doc. 1633) to streamline the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant. Pretrial Order No. 77 has since been superseded by Pretrial Order No. 77A (Rec. Doc. 2202), in order to clarify the date on which a case is "docketed" in the MDL.

The Attorney General for the State of Mississippi filed *Jim Hood, Attorney General of the State of Mississippi, ex rel. The State of Mississippi v. Sanofi S.A., et al*. in the Chancery Court of Hinds County, Mississippi. Sanofi removed the case to the Southern District of Mississippi and tagged the case for transfer to the MDL with the JPML. The Attorney General filed a Motion to Remand and opposed MDL transfer which the JPML granted. The case was remanded to the Chancery Court of Hinds County, Mississippi.  In June 2020, the Attorney General filed an Amended Complaint[1].  Sanofi and the 505(b)(2) Defendants filed motions to dismiss the matter in its entirety on July 13, 2020.

Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties continue to coordinate and communicate with all counsel and advise them of the status conference call-in number (listen only). The parties also continue to make efforts to identify the relevant state court judge(s) and provide their information to the Court. The parties understand the Court has made or will make contact with these judges to apprise them of the MDL and the Court's willingness to coordinate discovery and other pretrial proceedings.

---

[1] The Attorney General is no longer moving forward with any claims against Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.

2

There are three cases in California filed in three different counties. The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware, who presides over 53 cases that were remanded from this Court. The New Jersey Supreme Court ordered centralized case management of Taxotere cases filed in New Jersey on July 17, 2018, and designated the Honorable James F. Hyland of Middlesex County to preside over that litigation. As of July 25, 2020, there were 165 cases pending in New Jersey before Judge Hyland. Judge Hyland's next status conference is October 20, 2020. The court entered a Case Management Order setting forth an agreed-upon Bellwether Plan between plaintiffs and Sanofi on July 16, 2020.  Written discovery has been exchanged and the parties are meeting and conferring on alleged PFS deficiencies, Plaintiff ESI Order deficiencies, and product identification deficiencies. Judge Hyland has joined Status Conferences before this Court by phone.

Federal-state Liaison Counsel provided the Court with the names and contact information for the state court judges, as well as a chart of state court case information.

### 3.  **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.20.

The Court has issued the following Pretrial Order (sometimes "PTOs") since the January 9, 2020 Status Conference:

- **Pretrial Order No. 102** (Rec. Doc. 9213) entered February 6, 2020, setting a status conference, meeting with lead and liaison counsel, and show cause hearing on March 24, 2020.

- **Pretrial Order No. 103** (Rec. Doc. 9827) entered March 30, 2020, dismissing cases identified on Defendants' March 10, 2020 Notice of Non-Compliance.

- **Supplement to Pretrial Order No. 85** (Rec. Doc. 9980) entered April 17, 2020, supplementing protocol for determination of deficiencies on issues related to non-bellwether Plaintiffs' obligations under Pretrial Order No. 71A.

3

- **Pretrial Order No. 104** (Rec. Doc. 10036) entered April 25, 2020, setting a show cause hearing on May 15, 2020.

- **Pretrial Order No. 105** (Rec. Doc. 10338) entered May 11, 2020, regarding Short Form Complaint allegations and amendments related to statute of limitations.

- **Pretrial Order No. 106** (Rec. Doc. 10647) entered June 26, 2020, setting a status conference, meeting with lead and liaison counsel, and show cause hearing on July 15, 2020.

- **Pretrial Order No. 107** (Rec. Doc. 10705) entered July 1, 2020, continuing the July 15, 2020 status conference, meeting with lead and liaison counsel, and show cause hearing to August 5, 2020.

- **Pretrial Order No. 107A** (Rec. Doc. 10868) entered July 29, 2020, changing the time of the status conference and meeting with lead and liaison counsel on August 5, 2020.

## 4. CASE MANAGEMENT ORDERS

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.20.

The Court has issued the following Case Management Orders (sometimes "CMOs") since the January 9, 2020 Status Conference:

- **Case Management Order No. 22** (Rec. Doc. 9197) entered February 4, 2020, continuing the second bellwether trial.

- **Case Management Order No. 23** (Rec. Doc. 9321) entered February 18, 2020, selecting Mississippi plaintiffs for fourth bellwether trial.

- **Case Management Order No. 14E** (Rec. Doc. 9367) entered February 21, 2020, amending the second, third, fourth, and fifth bellwether trial schedules.

- **Case Management Order No. 14F** (Rec. Doc. 9631) entered March 19, 2020, amending certain deadlines in CMO 14E due to COVID-19.

- **Case Management Order No. 24** (Rec. Doc. 10113) entered May 5, 2020, continuing the second bellwether trial to October 19, 2020 and the third bellwether trial to be set at a later time.

- **Case Management Order No. 25** (Rec. Doc. 10114) entered May 5, 2020, removing Sharon Allen from the trial pool.

- **Case Management Order No. 26** (Rec. Doc. 10461) entered May 26, 2020, adding four cases to the trial pool for the fifth bellwether trial.

5. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Co-Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

6. **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

The Second Amended Master Long Form Complaint attached to Pretrial Order No. 82 (Rec. Doc. 4230) and the exemplar Short Form Complaint (Rec. Doc. 1463-1), are the effective and operative complaints for Plaintiffs. The exemplar Short Form Complaint, as amended on May 13, 2020, is available on the Court's MDL 2740 website under the tab "Forms"[2] or on MDL Centrality. Pursuant to Pretrial Order 37A "[i]ndividual Plaintiffs' counsel shall tailor the form to correspond to each Plaintiff's claims/allegations."  (Rec. Doc. 1682)

All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963, 969, 4704, and 4705). The Plaintiffs filed an opposed motion for leave to file a Third Amended Master Long Form Complaint (Rec. Doc. 8334), Defendants filed an opposition (Rec. Doc. 8601) and Plaintiffs filed a reply (Rec. Doc. 8705).  The Court heard oral argument on the motion on

---

[2] http://www.laed.uscourts.gov/sites/default/files/taxotere/TAXOTERE%20-%20updated%20exemplar%20SFC%205.13.2020.pdf

December 5, 2019.  On December 12, 2019, the Court issued an Order and Reasons denying the motion (Rec. Doc. 8702).  Since then, multiple Plaintiffs have filed individual amended Short Form Complaints to include the same or similar allegations that the PSC made in its proposed Third Amended Master Long Form Complaint. Sanofi has moved to strike the amendments (Rec. Doc. 8934).  PTO 105 denied Sanofi's motion without prejudice. (Rec. Doc. 10338)

The Court issued PTO 105 (Rec. Doc.  10338) setting forth the parameters for Plaintiffs who seek to amend a Short Form Complaint in light of the Court's rulings related to statute of limitations.  The Order provides three sets of deadlines for Plaintiffs who had already filed a Short Form Complaint, for Plaintiffs who are in the Bellwether pools, and for Plaintiffs who originally file a Short Form Complaint after the entry of the Order (May 11, 2020), by which time such Plaintiffs may seek leave to file a PTO 105 amendment to a Short Form Complaint.  The Plaintiffs filed an objection to PTO 105 (Rec. Doc. 10457), the defendants filed an opposition to Plaintiffs' objections (Rec. Doc. 10488), and the Court declined to issue a ruling on Plaintiffs' objection and instructed the parties to comply with PTO 105 as written (Rec. Doc. 10843).  In pertinent part, PTO 105 provides: "Within the terms set forth in this Order, Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Nothing in PTO 105 requires a Plaintiff to amend a Short Form Complaint.

On June 19 and June 29, 2020 Plaintiffs in trial pool 4 filed Motions for Leave to File Amended Short Form Complaints of Bellwether Pool Plaintiffs (Rec. Docs. 10603 and 10668), Sanofi filed an Opposition to Plaintiffs' Motions for Leave to File Amended Short Form Complaints of Bellwether Pool Plaintiffs on July 29, 2020. (Rec. Doc. 10861)

Should a Plaintiff wish to file an Amended Complaint, the Court's Local Rule 7.6[3] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Pretrial Order No. 37A (Rec. Doc. 1682) sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A (Rec. Doc. 1682) for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[4]  If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will

---

[3] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf.
[4] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

3617774-1

close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under paragraph "J" of PTO 15 (Rec. Doc. 230), Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either file a stipulation to dismiss or move to dismiss with prejudice. On November 27, 2018, the Court entered PTO 87 which ordered procedures for the dismissal with prejudice by any non-Trial Pool Plaintiff as to the entire action against all defendants in the MDL. (Rec. Doc. 5363). The Form Dismissal to be used by Plaintiffs is attached as Exhibit A to PTO 87. (Rec. Doc. 5363-1).

Dismissals with prejudice of those defendants whose product was not used, but not a dismissal of an entire action, must follow the form approved by the Court as Exhibit C to Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492).

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

Counsel should note the rules of the PFS in several Pretrial Orders:

A. PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B. Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C. PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D. PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1;

E.  PTO 55 (Rec. Doc. 688) updated the form of the PFS.[5]  See Exhibit A to PTO 18 (Rec. Doc. 236-1); and

F.  PTO 22A (Rec. Doc. 3493) provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

As of July 29, 2020, Plaintiffs have served 12,251 PFSs, and 959 are in progress. Based on the PFSs received as of July 29, 2020, they allege product ID among Defendants as follows: 5,113 - sanofi before March 8, 2011; 1,569 - sanofi after March 8, 2011; 106 - sanofi (unknown treatment date); 1,658 - Hospira; 592 - Sandoz; 432 - Accord; 6 – Actavis ; 25 - McKesson; 23 – Sagent; 9 - Sun; 6 – Pfizer; 1,094 - Unknown; 101 - Blank; 6 - Other (Dr. Reddy's, Eagle, Teva); 272 - Defendant(s) + Unknown; 1,185 - multiple defendants + CMO 12 Upload[6]; 54 - multiple defendants + No CMO 12 Upload.

The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of narrowing the number of cases in dispute.  Consistent with Pretrial Order No. 22A, the Defendants submitted to Plaintiffs' Liaison Counsel Notices of Non-Compliance on May 7, 2020, and submitted their 14-Day Notice of Non-Compliance Cases Subject to the August 5, 2020 Dismissal Call Docket on July 22, 2020 (Rec. Doc. 10831). Attached to the 14-Day Notice is the list of cases they allege remain subject to dismissal. The list identifies 158 Plaintiffs listed on Exhibit A, and 9 listed on Exhibit B to the 14-Day Notice. The Court has set the August Call Docket to begin at 1:00 pm after the status conference on August 5, 2020. Counsel with cases on the Notice of Non-Compliance Cases Subject to the August 5, 2020

---

[5] A fillable form of the PFS can be found on the "Forms" tab of the Court's MDL 2740 website and on Brown Greer's MDL Centrality website.

[6] The parties continue to meet and confer to present the most accurate numbers as possible and present the categories which will yield the most pertinent information. No party has confirmed the sufficiency of records uploaded in determining product identification pursuant to CMO 12A.

3617774-1

Dismissal Call Docket must appear via telephone. (Rec. Doc. 10705). The call-in number is (646) 828-7666 US, Meeting ID: 161 087 0276, Password: 187158.

The PLC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. Counsel should also familiarize themselves with PTO No. 68 (Rec. Doc. 1085) with regard to the requirements of representative, dated photographs taken closest in time to starting treatment and in no event earlier than five (5) years before then. All parties and individual counsel in the MDL are reminded that any statement/affidavit attesting to the lack of photographs from any given time period should be submitted only in response to a Court order specifically requiring production of that time period's photographs at a show cause hearing.

## 8. <u>SERVICE ON DEFENDANTS</u>

Counsel for the Defendants and the Plaintiffs' Steering Committee ("PSC") have agreed to streamlined service procedures for each Defendant. The relevant Orders are:

- PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity;[7]

- PTO 29 (Rec. Doc. 303) for Accord Healthcare, Inc.;

- PTO 30 (Rec. Doc. 304) for Sandoz Inc.;

- PTO 32A (Rec. Doc. 710) for Actavis Pharma, Inc.;

- PTO 33 (Rec. Doc. 308) for McKesson Corporation;

- PTO 39A (Rec. Doc. 711) for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.;

- PTO 40A (Rec. Doc. 509) for Hospira Worldwide, LLC.; and,

- PTO 83 (Rec. Doc. 4263) for Sagent Pharmaceuticals, Inc.

---

[7] Sanofi acknowledges that service of a complaint naming Winthrop US may be made on sanofi-aventis US LLC.

3617774-1

9. **PRODUCT IDENTIFICATION ORDER**

On July 18, 2018, the Court entered Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) that sets forth the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was not used.  When Product ID Information is obtained, Plaintiffs are required to amend the Plaintiff Fact Sheet Section III. 1, 2 and 3 to reflect the correct defendant(s) and to remove those defendants dismissed in connection with CMO 12A.  Exhibit A to CMO 12A lists the email address of all defense counsel who should be notified pursuant to CMO 12A. Exhibit B is a Statement Regarding Chemotherapy Administered, which includes new/updated NDC numbers. Counsel are reminded to use this Exhibit B Statement when sending requests to infusion facilities. Exhibit C to CMO 12A provides the form for noticing voluntary dismissal with prejudice of the defendants not identified by Product ID Information.

The PSC has been advised by certain counsel in the MDL that there are compliance issues with regard to subpoenas issued in connection with CMO 12A. PTO 97 (Rec. Doc. 7602) has been entered to assist the parties with a uniform process for seeking compliance with subpoenas issued outside this district.

There are specific agreed upon procedures to serve McKesson Corporation d/b/a McKesson Packaging with subpoenas issued in connection with CMO 12A. Counsel may contact Plaintiffs' Co-Liaison Counsel at taxotere@bkc-law.com for those procedures. The PSC has been conferring with Cardinal (Cardinal Health, Inc.) and AmerisourceBergen (AmerisourceBergen Corporation) in an effort to streamline subpoenas to these distributors.

3617774-1

Each Defendant in the MDL has provided the PSC with their listing of Lot Numbers for Taxotere/docetaxel/docefrez sold in the United States. The parties are conferring with respect to the lot numbers provided.

### 10. PRESERVATION ORDER

Counsel are reminded to familiarize themselves with the terms of PTO 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. In addition, counsel are reminded of the preservation requirement in CMO 15 (Rec. Doc. 5008, ¶3) related to biopsies performed on plaintiffs for evaluation of hair loss.

### 11. PROTECTIVE ORDER

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO 50 (Rec. Docs. 612-1, 613).

### 12. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO 49 (Rec. Docs. 611-1, 613).

On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531), which amends and supersedes Pretrial Order No. 71. Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

On November 13, 2018, the Court entered Pretrial Order No. 85 (Rec. Doc. 5257) which is the protocol for Defendants to raise PTO 71A and privilege log deficiencies of Non-Bellwether Plaintiffs before Magistrate Judge North. Counsel are reminded to review the procedures for deficiencies raised by the Defendants regarding ESI and privilege logs in PTO 85 as the procedure for the Show Cause Order Process before Magistrate Judge North is slightly different from the

Show Cause Order Process before Judge Milazzo. On April 17, 2020 (Rec. Doc. 9980), the Court entered an Order supplementing the protocol for determination of deficiencies on issues related to non-bellwether Plaintiffs' obligations under Pretrial Order No. 71A.

The first PTO 85 call docket was held on March 27, 2019, at which time the Court issued rulings applicable to all MDL Plaintiffs. A Minute Entry on the rulings followed on March 27, 2019. (Rec. Doc. 6614).

The second PTO 85 call docket was held on August 8, 2019, at which time the Court denied Sanofi's requests for production of a "Taxotere Photo Guide", for prior notice by the PSC of any mental or physical examinations of Plaintiffs, and rulings applicable to the subject MDL Plaintiffs. A Minute Entry on the rulings followed on August 8, 2019 (Rec. Doc. 7985).

The third PTO 85 call docket was held on November 6, 2019, at which time the Court issued rulings applicable to the subject MDL Plaintiffs. A Minute Entry on the rulings followed on November 6, 2019. (Rec. Doc. 8536).

The fourth PTO 85 call docket was held on January 10, 2020 (Rec. Doc. 9026). Magistrate Judge North addressed deficiencies raised by Sanofi, set a 30-day deadline to cure, and ordered Plaintiffs to file a Rule 26 certification attesting that Plaintiffs' production is complete.  Further, Magistrate Judge North ordered that, moving forward, Sanofi is to provide the PSC a list of perceived deficiencies, identifying specific photographs to allow a meet and confer, and possible resolution, prior to formally raising the issues with the Court.

Pursuant to the Court's Minute Entry (Rec. Doc. 9026), on March 3, 2020, Sanofi submitted a letter brief to Magistrate Judge North regarding its position as to the alleged deficiencies. On April 23, 2020, the Plaintiffs submitted a response letter brief to Magistrate Judge

North regarding their position as to the alleged deficiencies.  The matter has been submitted to Judge North for ruling.

### 13. <u>DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY</u>

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have produced numerous responsive documents. Plaintiffs have taken depositions of current and former Sanofi employees. Plaintiffs have also served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have received productions. Depositions of representatives of these Defendants have occurred and are continuing. The parties meet and confer about discovery and bring any unresolved issues to Magistrate Judge North, although general discovery as to those Defendants has closed.

Plaintiffs and counsel for Sun Pharmaceutical Industries, Inc., Sagent Pharmaceuticals, Inc., Actavis LLC and Actavis Pharma, Inc. have submitted opposing letter briefs to Magistrate Judge North on the PSC's proposed amendment to CMO 7 which would subject these defendants to general discovery.  The matter is fully briefed.

Trial of the *Barbara Earnest* matter began on September 16, 2019 and concluded on September 26, 2019, with a jury verdict in favor of Sanofi. (Rec. Doc. 8284). Judgment consistent with the jury's verdict was entered in favor of Sanofi (Rec. Doc. 8290). On October 12, 2019, Sanofi moved for taxation of costs against Mrs. Earnest (Rec. Doc. 8340), which motion has been referred to the Clerk of Court for determination (Rec. Doc. 8381). On October 25, 2019, Plaintiff filed a motion for new trial (Rec. Doc. 8394), Sanofi opposed the motion (Rec. Doc. 8600), and the motion was orally argued on December 5, 2019. The Court denied the motion (Rec. Doc. 9294). Ms. Earnest appealed to the Fifth Circuit Court of Appeals on July 16, 2020 (Fifth Circuit Case No. 20-30184).

On January 29, 2019, in CMO 16, the Court selected the following Trial Plaintiffs for the second bellwether trial: Cynthia Thibodeaux (primary Plaintiff) and Sheila Crayton (alternate Plaintiff). (Rec. Doc. 6017). Plaintiffs filed a Motion to remove Sheila Crayton from the trial pool on March 22, 2019. (Rec. Doc. 6559). The Court denied this Motion. (Rec. Doc. 6935). After interviewing Sheila Crayton on November 18, 2019, the Court ordered that Ms. Crayton would no longer serve as the alternate Plaintiff for the second bellwether trial. (Rec. Doc. 8701). However, given that discovery has been completed, the Court would entertain dispositive motions in her case. (*Id.*)   On July 21, 2020, Sanofi filed a Motion for Summary Judgment on the Claims of Sheila Crayton (Rec. Doc. 10821).

On December 19, 2019, Sanofi filed a Motion for Summary Judgment on the Claims of Plaintiff Cynthia Thibodeaux (the trial 2 bellwether plaintiff). (Rec. Doc. 8779).  Plaintiff filed an opposition on January 3, 2020. (Rec. Doc. 8890-1).  The Court granted the motion (Rec. Doc. 9110) and Ms. Thibodeaux has since appealed (Fifth Circuit Case No. 20-30104).

No later than January 17, 2020, the Court ordered the parties to submit a schedule for an alternate trial setting for Sanofi in the event the *Thibodeaux* case was dismissed, with that trial to be selected from the following Trial Plaintiffs: Elizabeth Kahn and June Phillips. (Rec. Doc. 8733). The parties thereafter complied and proceeded with initial motion practice on both of those cases. On March 23, 2020, the Court denied Sanofi's Motion for Summary Judgement Based on Statute of Limitations as to Ms. Kahn, denied Sanofi's Motion for Summary Judgment Based on Warnings Causation as to Ms. Kahn, and granted Sanofi's Motion for Summary Judgment Based on Warnings Causation against Ms. Phillips.  (Rec. Doc. 9729).  The Court denied Sanofi's Motion for Reconsideration of the denial of its motion based on the statute of limitations as to Ms. Kahn.

(Rec. Doc. 10399). The Court issued a judgment dismissing all claims of Ms. Phillips' (Rec. Doc. 10469) and Ms. Phillips has since appealed (Fifth Circuit Case No. 20-30405).

In CMO 19 on June 13, 2019 the Court set a schedule for the selection of trial pool plaintiffs for the fourth and fifth bellwether trials setting deadlines for the Court to select a pool of plaintiffs, deadline for  the parties to raise objections, with the Court ultimately narrowing  the trial pools to 20 plaintiffs. (Rec. Doc. 7402). In CMO 20 the Court initially selected 32 plaintiffs for the fourth and fifth bellwether trials, and set August 9, 2019 for the parties to raise objections. (Rec. Doc. 7772). On February 18, 2020 the Court selected 12 plaintiffs to proceed with discovery for the fourth bellwether trial in CMO 23. (Rec. Doc. 9321)

On October 31, 2019, in CMO 21 the Court selected the following Trial Plaintiffs for the third bellwether trial: Wanda Stewart (Sandoz), Dora Sanford (Hospira), and Alice Hughes (Accord). (Rec. Doc. 8430). Hospira filed a Motion for Summary Judgment against Dora Sanford on the basis of prescription.  (Rec. Doc. 9508).  Plaintiff opposed the motion.  (Rec. Doc. 9918) The Court granted the motion and dismissed Ms. Sanford's case.  (Rec. Doc. 10807) Plaintiffs Wanda Stewart and Alice Hughes are proceeding through expert discovery.

Due to the COVID-19 pandemic and the Chief Judge of the Eastern District of Louisiana's COVID 20-9 Order, jury trials will not be held before October 5, 2020.  Issues related to the pandemic and examination of Ms. Kahn for hair loss by Plaintiff and Defendants' medical experts have resulted in the continuance of the Plaintiff Elizabeth Kahn's trial against Sanofi from October 13, 2020 to February 1, 2021, subject to rescheduling negotiations in light of the same. Plaintiffs and Sanofi have exchanged expert reports pursuant to pretrial deadlines that have been modified by agreement among the parties and provided to the Court.  The parties and the Court also are discussing the trial schedules for the remaining MDL trials.

3617774-1

14. **MOTION PRACTICE**

On January 7, 2019, the Sanofi Defendants filed Motions for Summary Judgment with regard to three Plaintiffs' cases: Kelly Gahan (Rec. Doc. 5730); Jacqueline Mills (Rec. Doc. 5732); and Deborah Johnson (Rec. Doc. 5734). The motions have been fully briefed. Defendants' Motion for Summary Judgment regarding Kelly Gahan and Deborah Johnson were granted. (Rec. Docs. 7571, 9440).  The Court denied Defendants' Motion for Summary Judgment as to Jacqueline Mills. (Rec. Doc. 7571).

On February 5, 2019, sanofi filed a Motion for Summary Judgment on Causation-Learned Intermediary and Statute of Limitations with regard to three Plaintiffs' cases: Antoinette Durden (Rec. Doc. 6076 and 6077); Barbara Earnest (Rec. Doc. 6078 and 6079); and Tanya Francis (Rec. Doc. 6080 and 6081). Oral argument on the motions related to Ms. Earnest and Ms. Francis was held on May 22, 2019. On July 9, 2019, the Court issued an Order and Reasons granting Sanofi's motions for summary judgment against Tanya Francis and Deborah Johnson based on the statute of limitations and dismissing their cases with prejudice. (Rec. Doc. 7571). The Court denied the motions for summary judgment as to Barbara Earnest. *Id.* On August 6, 2019, Plaintiffs Francis and Johnson filed a motion for reconsideration, or, in the alternative, for clarification/amendment of judgments dismissing their cases (Rec. Doc. 7857), Sanofi filed an opposition (Rec. Doc. 8064) and Plaintiffs filed a reply (Rec. Doc. 8152). The Court denied the motion for reconsideration. (Rec. Doc. 9115). Sanofi's motion to certify this decision for interlocutory review under 28 U.S.C. 1292(b) was denied (Rec. Doc. 8160).

On February 5, 2019, Sanofi also filed a sealed Motion for Summary Judgment Based on Federal Preemption (Rec. Doc. 6186), which was argued on July 25, 2019 and subsequently denied in part and deferred in part (Rec. Doc. 7973).

3617774-1

Prior to the September 16, 2019 trial involving Barbara Earnest, the parties filed numerous Daubert and *in limine* motions. The Court ruled on all pretrial motions in advance of trial, which rulings are memorialized on the docket. Should any counsel wish to review these rulings, please contact Plaintiffs' Co-Liaison Counsel.

On March 25, 2019, the Court held a conference with liaison counsel in anticipation of which the parties submitted certain letter briefing for a proposed CMO (Amendment to Trial Pool Selection), along with the PSC's proposed redlines, to account for voluntary dismissal by Plaintiffs of Trial Pool cases, and to account for Trial Pool cases determined to be ineligible. The Court issued CMO 14C (Rec. Doc. 6789). The Court granted Sanofi the right to de-designate a Trial Pool Plaintiff selected by the Plaintiffs to replace two Plaintiffs dismissed with prejudice, but only from the same round of Trial Pool Plaintiffs as the Plaintiffs dismissed.[8]  Additionally, any Trial Pool Plaintiff selected must sign a Certification stating that she understands the responsibilities associated with her selection and accepts those responsibilities.

On June 10, 2019, counsel for Accord submitted a letter brief to Judge Milazzo's chambers notifying the Court that Accord's previously nominated trial pool plaintiff, Loretta Hulin (18-07259), needed to be substituted due to dual product representation. Accord therefore substituted Gloria J. Cooper (18-00194) in place of Hulin.

On October 25, 2019 Sanofi filed Defendants' Motion to Dismiss Claims Barred by the Texas Statute of Repose which seeks dismissal with prejudice of 19 individual plaintiffs. (Rec. Doc. 8393). That motion was withdrawn by Sanofi. (Rec. Doc. 8621).

On November 14, 2019, Plaintiffs filed Motion for Leave to File Amended Short Form Complaints for Third Bellwether Trial Plaintiffs. (Rec. Doc. 8577).  Defendants opposed the

---

[8] The Plaintiffs and the 505(b)(2) Defendants agreed on replacements for Trial Pool Plaintiffs dismissed. See footnote in CMO 14C.

motion (Rec. Doc. 8635) and the motion was orally argued on December 5, 2019. (Rec. Doc. 8659). On December 12, 2019, the Court issued Order and Reasons granting in part and denying in part the motion. The Court allowed Plaintiffs to remove certain causes of action and add an inadequate warning claim under the Louisiana Products Liability Act, but denied the motion in all other respects. (Rec. Doc. 8703).

On January 7, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started Before December 15, 2006 (Rec. Doc. 8977). Plaintiffs opposed the motion on February 7, 2020 (Rec. Doc. 9231). Oral argument was held on May 7, 2020, and the motion was granted in part and deferred in part on June 1, 2020 (Rec. Doc. 10487). Plaintiffs filed a Motion for Reconsideration on June 29, 2020 (Rec. Doc. 10667). Defendants filed an opposition on July 28, 2020 (Rec. Doc. 10862).

On February 3, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started After December 11, 2015 (Rec. Doc. 9189). Plaintiffs opposed the motion on February 19, 2020 (Rec. Doc. 9354). Oral argument was held on May 7, 2020, and the motion was granted on May 27, 2020 (Rec. Doc. 10464).

On July 17, 2020, Sanofi filed a Motion for Entry of an Order Requiring Proof of Diagnosis (Rec. Doc. 10808). On July 21, 2020 the 505(b)(2) defendants joined Sanofi's Motion for Entry of an Order Requiring Proof of Diagnosis. (Rec. Doc. 10818).

On July 21, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Michigan Plaintiffs listed on Exhibit A (Rec. Doc. 10819).

On July 22, 2020 the Court granted Sanofi's Motion for Summary Judgement Based on the Statute of Limitations, (Rec. Doc. 10833) and dismissed Antoinette Durden's case. (Rec. Doc. 10835).

15. **SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES**

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL. The Court has met with and communicated with the Special Master to discuss the time and expenses submitted on several occasions.

16. **NEXT STATUS CONFERENCE**

The next General Status Conference and meeting of Lead and Liaison Counsel will be scheduled by agreement of the Court and counsel. The Court will set up a telephone conference line for the status conference that will begin at 10:00 a.m. To join the status conference by telephone at 10:00 a.m., please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail: barrios@bkc-law.com

***Plaintiffs' Co-Liaison Counsel***

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700 New Orleans, LA 70130 Telephone: 504-310-2100 Facsimile: 504-310-2120 E-Mail: dmoore@irwinllc.com

***Sanofi Defendants' Liaison Counsel***

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier & Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile: 504-528-9973
E-Mail: plambert@gainsben.com

***Plaintiffs' Co-Liaison Counsel***

*/s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com

***505(b)(2) Defendants' Liaison Counsel***

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on, August 4, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.


*/s/ Dawn M. Barrios*
**DAWN M. BARRIOS**

3617774-1