UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Cases listed on Exhibit A | | |

# ORDER

Before the Court are several Motions to Amend Complaints (Docs. 9107, 9686, 9799, 10417, 10443, 10444, 10445, 10446, 10449, 10450, 10451, 10452, 10484, 10485, 10486, 10489, 10490, 10491, 10497, 10504, 10507, 10510, 10511, 10512, 10523, 10525, 10526, 10528, 10540, 10541, 10542, and 10603). In their oppositions to the Motions, Defendants claim to make "Special Appearances" pursuant to Pretrial Order 37A ("PTO 37A"), which provides as follows: "Any unserved Defendant presently named or sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed."[1]

The Court finds Defendants' reliance on PTO 37A improper. Under PTO 37A, a Defendant may make a Special Appearance to challenge whether a Plaintiff has obtained Product Identification information to support her claim against that Defendant.[2] In the Motions at issue, each Plaintiff avers that she has obtained

---

[1] Doc. 1682.
[2] The Court's reading of PTO 37A is supported by Case Management Order 12A, which requires a Plaintiff to voluntarily dismiss claims against any Defendant for which she does not have supporting Product Identification information. This Court has made clear that Product ID is required to support a Plaintiff's claim against a particular Defendant.

1

Product ID as required, and Defendants do not dispute this. Instead, Defendants argue that Plaintiffs' claims are time-barred by state statute-of-limitations laws.

The Court finds that Defendants' challenges to Plaintiff's Motions are challenges to be raised on summary judgment. Many if not all of Defendants' oppositions would require the Court to make factual determinations regarding whether Plaintiffs were reasonable in their efforts to obtain Product Identification information. For example, Plaintiff Yvonne Holt avers that Defendants withheld the information she needed to identify the manufacturer of the drug she took.[3] Similarly, Plaintiff Eva Itza Encarnacion Medero avers that a certain Defendant is refusing to confirm certain Product ID Information that she obtained, and for this reason Plaintiff Medero moves to amend to sue an entity related to that Defendant.[4] Given the assertions of this nature, the Court will not preclude Plaintiffs' claims at this stage of the litigation. Defendants should raise their timeliness arguments at the summary judgment stage, at which time the parties can submit evidence.

---

[3] Doc. 9686-2.
[4] Specifically, she writes as follows:

> Despite being asked by the PSC on multiple occasions, Counsel for defendants will not admit that Actavis is the actual manufacturer and the controller of the labeling language as NDA holder for the products bearing the Sagent NDC codes. And Plaintiffs in this MDL have to-date been unable to pursue discovery against Sagent and Actavis to evaluate their relationship regarding the manufacturer of docetaxel. Therefore, without assurances that Actavis is responsible for the liabilities alleged herein by Ms. Encarncion, Plaintiff is forced to seek leave to add Sagent.

Doc. 10446.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motions are **GRANTED**. The Clerk's office is instructed to file the amended complaints attached to Plaintiffs' Motions in the member cases.

New Orleans, Louisiana, this 11th day of August, 2020.

_____
**HON. JANE T. MILAZZO**
**UNITED STATES DISTRICT JUDGE**