UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Lula Gavin, Case No. 2:18-cv-11232*
*Clare Guilbault, Case No. 2:16-cv-17061*
*Debbie Hubbard, Case No. 2:18-cv-10283*
*Audry Plaisance, Case No. 2:18-cv-08068*

### HOSPIRA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINTS

Hospira, Inc. and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. (together, "Hospira") oppose Plaintiffs' Motion for Leave to File Amended Short Form Complaints (Doc. 10817). These four cases were added to the trial pool eligible for Trial 5 and involve claims against Hospira by Plaintiffs Lula Gavin, Clare Guilbault, Debbie Hubbard, and Audrey Plaisance. This Court should deny Plaintiffs' Motion to the extent their proposed Short Form Complaint ("SFC") amendments improperly attempt to revise the definition or description of their alleged injuries, include non-cognizable legal claims, or add allegations not permitted by Pre-Trial Order No. 105 ("PTO 105") (Doc. 10338).

First, the Court should deny Plaintiff Hubbard's proposed amendments to her alleged injuries in paragraph 12 of her SFC for the same reasons that it has rejected similar proposed amendments by Plaintiffs in this MDL. *See* Order (Doc. 8702); Order (Doc. 8703); Order (Doc. 10465); *see also* PTO 105 (Doc. 10338); Order (Doc. 10843).

Second, the Court should deny Plaintiffs' Motion to the extent that Plaintiffs seek to add or retain causes of action that are not permitted by Louisiana law. Louisiana law governs the

claims of Louisiana Plaintiffs Guilbault and Plaisance.  As this Court has already held in denying similar motions to amend, Plaintiffs cannot use the SFC amendment process to add or retain a cause of action that "would be futile because it states a legally insufficient claim" under the Louisiana Products Liability Act ("LPLA").  Order (Doc. 8703) at 4.  For the same reason, this Court should deny Plaintiffs Guilbault's and Plaisance's motion to include non-LPLA claims, including Plaintiff Plaisance's attempt to maintain claims under Illinois law.

Third, the Court should deny Plaintiffs' Motion to amend their SFCs to add allegations that do not comply with PTO 105.  PTO 105 permits the addition only of "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and/or that Plaintiff's communications with medical professionals."  PTO 105 at 1 (Doc. 10338); Order (Doc. 10843). Many of Plaintiffs' proposed amendments include general allegations and legal conclusions that are neither particularized to the Plaintiff nor related to the Plaintiff's medical care, treatment, or communications with medical professionals.  *See* Ex. A, Pls.' Original SFCs; Ex. B, Chart of Proposed Amendments that Do Not Comply with PTO 105.  Those amendments should be denied.

## **LEGAL STANDARD**

While Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court has recognized that "leave to amend 'is by no means automatic.'"  Order (Doc. 8703) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  Courts have discretion to deny leave if a proposed amendment is "futile" or otherwise fails to state a claim upon which relief could be granted, *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 531 (5th Cir. 2004), or if a proposed amendment would unduly prejudice defendant.  *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).

Moreover, in an MDL proceeding, this Court can issue orders to manage the parties'

pleadings for efficiency and overall case management. *See In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 235 (5th Cir. 2018) (per curiam). Accordingly, this Court has denied amendments, for example, where Plaintiffs in this MDL sought to, among other things: (1) redefine the definition of their alleged injury in order to avoid dismissal on statute of limitations grounds; or (2) add or retain causes of action not permitted by Louisiana law. Order (Doc. 8702); Order (Doc. 8703); Order (Doc. 10465).

In addition, to avoid unnecessary motion practice and streamline SFC amendments by Plaintiffs in response to this Court's rulings on statute of limitations motions, this Court issued PTO 105 and set forth parameters governing the nature and scope of permissible SFC amendments. PTO 105 provides:

> Within the terms set forth in this Order, Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals.

PTO 105 ¶ 2 (Doc. 10338). This Court has made clear that this language means what it says: In response to the PSC's filing that purported to set forth "objections" to PTO 105 but instead "seem[ed] to ask the Court to issue what would essentially be an advisory opinion ruling on the oppositions [to motions to amend] that Plaintiffs anticipate," this Court instructed the parties to "comply with PTO 105 as it is written." Order (Doc. 10843) (emphasis added).

3

**ARGUMENT**

**I. This Court Should Reject Plaintiff Hubbard's Attempt to Redefine Her Injuries Through SFC Paragraph 12.**

This Court should deny Plaintiff Hubbard's motion to amend to revise SFC paragraph 12, which asks about the "nature and extent" (including "duration" and "date of onset") of Plaintiffs' alleged injuries. Plaintiff Hubbard seeks to amend paragraph 12 to allege only that she experienced her injury "beginning sometime after treatment with Taxotere (docetaxel)." Hubbard Proposed Am. SFC ¶ 12 (Doc. 10817-5). In addition to conflicting with the Master Complaint's definition of when her alleged injury began, this allegation conflicts with Plaintiff Hubbard's sworn Plaintiff Fact Sheet ("PFS"), which alleges the month and year of each of her alleged injuries. Consistent with the Master Complaint, her PFS states that she experienced permanent hair loss by January 2015, six months after she stopped her docetaxel treatment. Ex. C, Hubbard Sixth Am. PFS at 16. This Court has already expressly rejected amendments like the one Plaintiff Hubbard proposes, including by Trial 2 Plaintiff Kahn. *See Kahn* Order (Doc. 10465) ("The Court will not […] permit Plaintiff to amend Question 12 of her SFC to state that her injury occurred *sometime* after her Taxotere treatment."); *see also* Order (Doc. 8703) at 5 ("The Court will not permit Plaintiffs to alter their responses to Paragraph 12.").

In *Kahn*, the Court noted that "[it] has not permitted other Plaintiffs to make such amendments," *Kahn* Order (Doc. 10465) at 4 (citing Order (Doc. 8702)), and it should not do so here. The proposed amendment is "an obvious attempt by Plaintiff to distance herself from the [injury] definition provided in the Master Complaint." *Id.* As in *Kahn*, this Court should "[hold] Plaintiff[] [Hubbard] to the definition" of her alleged injury "provided in the Master Complaint." *Id.*

4

**II.     This Court Should Deny Plaintiffs' Motion to the Extent Plaintiffs Seek to Include Claims that Louisiana Law Does Not Permit.**

Louisiana law governs the claims of Plaintiffs Guilbault and Plaisance, both of whom are Louisiana residents who allege they received docetaxel in Louisiana and were injured there. Consistent with this Court's prior rulings, the Court should deny Plaintiffs' Motion to the extent they seek to add or retain causes of action that are not permitted under Louisiana law, including Plaintiff Plaisance's Illinois law claims and claims by Plaintiffs Guilbault and Plaisance that are not permitted under the LPLA. Because such claims are "legally insufficient," "amendment would be futile." Order (Doc. 8703).

### A. Louisiana Substantive Law Governs Plaintiffs Guilbault's and Plaisance's Claims and Plaisance Cannot Maintain Illinois Law Claims.

Plaintiffs Guilbault and Plaisance are both Louisiana residents who allege they sustained injury as a result of using docetaxel in Louisiana. Guilbault Proposed Am. SFC ¶¶ 4, 5, 11 (Doc. 10817-4); Plaisance Proposed Am. SFC ¶¶ 4, 5, 11 (Doc. 10817-6). Plaintiff Guilbault concedes that Louisiana law governs her claims. Guilbault Proposed Am. SFC ¶ 8 (Doc. 10817-4). Plaintiff Plaisance incorrectly seeks to amend to plead her claims under Illinois law. Plaisance Proposed Am. SFC ¶ 8 (10817-6). Because Louisiana's choice-of-law rules require that Louisiana law governs all of Plaintiff Plaisance's claims, the Court should deny her motion to amend and pursue improper Illinois law claims.

A district court sitting in diversity applies state substantive law. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "In determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state"—here, Louisiana. *Id.*; *Rainbow USA, Inc. v. Nutmeg Ins. Co.*, 612 F. Supp. 2d 716, 725 (E.D. La. 2009). Louisiana Civil Code Article 3545 provides the choice-of-law rule for product liability cases and provides that Louisiana law applies to Plaintiff Plaisance's

5

claims because the alleged "injury was sustained in this state by a person domiciled or residing in this state." La. C.C. Art. 3545.

The parties and this Court have consistently recognized that Louisiana law governs cases where the Plaintiff was a resident of Louisiana, received the product at issue in Louisiana, and sustained her alleged injury in Louisiana. *See, e.g.*, *Sanford* Order (Doc. 10807) at 4; *Wilson v. Takata Corp.*, No. 16-1356, 2019 WL 2546929, at *2 (E.D. La. June 20, 2019); *Clayton v. Ethicon Inc.*, No. 17-10168, 2019 WL 1778697, at *1 (E.D. La. Apr. 23, 2019); *Guidry v. Janssen Pharms., Inc.*, No. 15-45491, 2016 WL 633673, at *2-3 (E.D. La. Feb. 17, 2016); *O'Neil v. Abbott Labs., Inc.*, No. 11-11, 2011 WL 902427, at *2 (E.D. La. Mar. 11, 2011). Each of these facts applies to Plaintiff Plaisance. Thus, Louisiana law governs Plaintiff Plaisance's claims, and her Motion should be denied to the extent it seeks to include claims under Illinois law.

Plaintiff Plaisance cannot avoid this result by identifying the Northern District of Illinois as the "District Court and Division in which remand and trial is proper and where [she] might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court." Plaisance Proposed Am. SFC ¶ 8 (Doc. 10817-6). Plaintiff is from Cut Off, Louisiana, which is within this Court's jurisdiction. *See* Ex. D., Plaisance Second Am. PFS at 2. Her claims have no connection to Illinois other than Hospira having its principal place of business there. In analogous personal injury product liability actions, federal district courts routinely reject venue arguments based on the location of a corporate defendant and grant motions to transfer venue to plaintiff's home jurisdiction under 28 U.S.C. § 1404. *See, e.g.*, *Gibson v. SmithKline Beecham Corp.*, No. 14-1539, 2014 WL 12712346, at *3 (E.D. Pa. July 21, 2014); *Overson v. Berryman Prods.*, 461 F. Supp. 2d 537, 539-41 (E.D. Tex. 2006); *Dearing v. Sigma Chem. Co.*, 1 F. Supp. 2d 660, 664-65 (S.D. Tex. 1998); *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 323-27 (D.N.J. 1998). In any case, even if this case had been filed in Illinois, Illinois choice-of-law rules would direct that

Louisiana law govern Plaintiff's claims. *See, e.g.*, *Paulsen v. Abbott Labs.*, No. 15-cv-4144, 2018 WL 1508532, at *12-13 (N.D. Ill. Mar. 27, 2018); *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903-06 (Ill. 2007).

### B. Plaintiffs' Motion Should Be Denied to the Extent It Seeks to Maintain Claims by Plaintiffs Guilbault and Plaisance That Fall Outside of the LPLA.

This Court's denial of the Trial 3 Plaintiffs' motion to amend to include claims not permitted under the LPLA applies equally here to Plaintiffs Guilbault's and Plaisance's proposed SFCs, which assert claims that fall outside of the LPLA. Order (Doc. 8703) at 4.

"The LPLA only allows recovery if a product is unreasonably dangerous: 1) in construction or composition; 2) in design; 3) because of inadequate warning; or 4) because of nonconformity to express warranty." *Guidry*, 2016 WL 633673, at *2. Accordingly, any theories of recovery outside of these four are prohibited by the LPLA and Plaintiffs' attempt to include them in their amended SFCs should be denied. As this Court held in its Order on the Trial 3 Plaintiffs' motion, "the LPLA establishes 'the exclusive theories of liability for manufacturers for damage caused by their products.' Because the LPLA does not permit any theory of strict liability, a strict liability claim is not 'viable as an independent theory of recovery against a manufacturer' in a products liability action under Louisiana law." Order (Doc. 8703) at 4 (quoting LA. REV. STAT. § 9:2800.52; *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997)). Here, as there, this Court should "den[y] Plaintiffs' Motion insofar as it seeks to retain [a] strict products liability claim" and other claims not permitted by the LPLA. *Id.*

Thus, this Court should deny Plaintiff Guilbault's proposed amended SFC to the extent she seeks to include the Master Complaint's Count I claim for "Strict Products Liability – Failure to

7

Warn" and Count II "Strict Products Liability for Misrepresentation."[1]  Similarly, this Court should deny Plaintiff Plaisance's proposed amended SFC to the extent she seeks to include Master Complaint Count I ("Strict Products Liability – Failure to Warn"), Count III ("Negligence"), Count IV ("Negligent Misrepresentation"), Count V ("Fraudulent Misrepresentation"), Count VI ("Fraudulent Concealment"), and Count VII ("Fraud and Deceit").

This Court should also deny Plaintiff Plaisance's proposed amended SFC to the extent she seeks to include a claim for punitive damages under Illinois law.  Louisiana's choice-of-law rules dictate that in product liability cases, claims for "damages, whether compensatory, special or punitive, are governed by the law of this state . . . when the injury was sustained in this state by a person domiciled or residing in this state." La. C.C. Art. 3545.  Because Plaintiff Plaisance is a Louisiana resident alleging injury as a result of using docetaxel in Louisiana, Louisiana law applies to her claim for punitive damages.  Plaisance Proposed Am. SFC ¶¶ 4, 5, 11 (Doc. 10817-6).

"Punitive damages are not authorized under the LPLA," and Louisiana federal courts routinely dismiss requests for punitive damages in products liability cases governed by Louisiana law.  *Lampkin v. Stryker Sales Corp.*, No. 14-0151, 2015 WL 1284197, at *2 n.8 (W.D. La. Mar. 18, 2015); *accord Bell v. Foster Wheeler Energy Corp.*, No. CV 15-6394, 2017 WL 979023, at *4-5 (E.D. La. Mar. 13, 2017); *Averette v. Bayer Healthcare Pharms. Inc*., No. 13-05968, 2014 WL 1246851, at *2 (E.D. La. Mar. 25, 2014); *Thompson v. Bayer Healthcare Pharms., Inc*., No. 13-3702, 2013 WL 5375441, at *3 (E.D. La. Sept. 24, 2013); *Truxillo v. Johnson & Johnson*, No. 07-2883, 2007 WL 1853363, at *4 (E.D. La. June 27, 2007).

---

[1] Hospira does not oppose Plaintiff Guilbault's motion for leave to amend her SFC to eliminate counts. Nor does Hospira oppose Plaintiff Guilbault's motion to add an inadequate warning claim under the LPLA.

Louisiana courts have also expressly rejected attempts by plaintiffs in similar actions to circumvent the LPLA's exclusionary rule by applying Article 3547's "exceptional cases" choice-of-law provision to their punitive damages claims. Article 3547 provides for another state's law to govern only where "it is clearly evident" from the totality of the circumstances that the policies of another state "would be more seriously impaired" if its law were not applied. La. C.C. Art. 3547; *see, e.g.*, *Wilson*, 2019 WL 2546929, at *2-3. Product liability cases like Plaintiff Plaisance's, involving a Louisiana resident allegedly injured in Louisiana, are "simply not the kind of truly exceptional case to which Article 3547 was intended to apply." *Shively v. Ethicon, Inc.*, No. 3:17-0716, 2018 WL 6816083, at *5 (W.D. La. Dec. 27, 2018); *see also Jefferson Par. Hosp. Serv. Dist. #2 v. W.R. Grace & Co.*, No. 92-0891, 1992 WL 167263, at *3 (E.D. La. June 30, 1992). Indeed, "it is Louisiana law that would be seriously impaired if it were so easily circumvented." *Guidry*, 2016 WL 633673, at *2-3.

Accordingly, this Court should deny Plaintiffs Guilbault's and Plaisance's motion to file amended SFCs that include claims not permitted under the LPLA.

### III.    Plaintiffs' Motion Should Be Denied To the Extent It Seeks to Add Non-Factual and Non-Particularized Allegations That Do Not Comply with PTO 105.

This Court should also reject Plaintiffs' attempt to amend their SFCs to add non-factual and non-particularized allegations. Pursuant to PTO 105, Plaintiffs are permitted to amend their SFCs only to "add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." PTO 105 at 1. Many of Plaintiffs' proposed amendments are improper legal conclusions not authorized by PTO 105. Even those allegations that might be considered "factual" are non-particularized statements copied across complaints. These proposed amendments, which are identified in detail in Exhibit B, fail to comply with PTO 105 and should be denied.

For example, Plaintiff Plaisance seeks to add allegations that "the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants."  Plaisance Proposed Am. SFC ¶ 2(a)-(k) (Doc. 10817-6).  And Plaintiffs Gavin, Guilbault, and Hubbard seek to assert identical generic allegations that:  "At no time did Plaintiff receive a warning that her use of Taxotere may result in permanent hair loss."  Gavin Proposed Am. SFC ¶ 3 (Doc. 10817-3); Guilbault Proposed Am. SFC ¶ 3 (Doc. 10817-4); Hubbard Proposed Am. SFC ¶ 2 (Doc. 10817-5).  These generalized allegations duplicate or modify those set forth in the Master Complaint and do not contain facts relating to each Plaintiff's medical treatment or communications, as required by PTO 105.

Even where Plaintiffs' proposed amendments include the names of prescribing physicians or dates of treatment, they still cannot fairly be called particularized, individual, and specific as required by PTO 105.  For example, Plaintiffs Gavin, Guilbault, and Hubbard each recite that "prior to undergoing chemotherapy treatment [in/on] [date]," she "discussed potential [chemotherapy] side effects with her [prescribing oncologist/oncology nurse]."  Gavin Proposed Am. SFC ¶ 1 (Doc. 10817-3); Guilbault Proposed Am. SFC ¶ 1 (Doc. 10817-4); Hubbard Proposed Am. SFC ¶ 1 (Doc. 10817-5).  Further, Plaintiffs Gavin and Guilbault each make nearly identical allegations that:

- "Plaintiff was instructed by Dr. Penland that although she may experience hair loss during the course of her chemotherapy treatments, her hair loss would be temporary." Gavin Proposed Am. SFC ¶ 2 (Doc. 10817-3).

- "Plaintiff was instructed by Dr. Theodossiou that although she may experience hair loss during the course of her chemotherapy treatments, her hair loss would be temporary and that any hair lost would re-grow."  Guilbault Proposed Am. SFC ¶ 2 (Doc. 10817-4).

10

*See also* Hubbard Proposed Am. SFC ¶ 1 (Doc. 10817-5) (similar). Although such allegations include the name of each Plaintiffs' prescribing physician or dates of treatment, none provide any meaningful information to distinguish their allegations from those in the Master Complaint. Indeed, any Plaintiff in MDL 2740 could allege the same verbatim statements, filling in the blank for her prescribing physician's name or dates of treatment.

In addition, many of Plaintiffs' proposed new allegations do not concern Plaintiff's medical care, treatment, or communications at all, but rather each Plaintiff's purported personal beliefs about her hair. For example, Plaintiff Guilbault alleges: "Plaintiff did not suspect she may be suffering from permanent hair loss caused by Taxotere until she observed a legal advertisement in approximately May of 2016." Guilbault Proposed Am. SFC ¶ 13 (Doc. 10817-4); *see also* Gavin Proposed Am. SFC ¶ 8 (Doc. 10817-3) (similar); Hubbard Proposed Am. SFC ¶ 9 (Doc. 10817-5) (similar). These alleged personal beliefs do not constitute or reference allegations regarding medical care, treatment, or communications with medical professionals.

Thus, because they fail to comply with PTO 105, this Court should deny Plaintiffs' Motion as to each of the proposed amended allegations identified above and in Exhibit B.

## **CONCLUSION**

Hospira respectfully requests that this Court deny Plaintiffs' Motions for Leave to File Amended SFCs, as set forth above.

Date: August 11, 2020    Respectfully submitted,

*/s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
DECHERT LLP
Three Bryant Park
1095 Avenues of Americas, 31st Floor
New York, New York 10036
Telephone: (212) 689-3814

Facsimile: (212) 698-3599
Mark.Cheffo@dechert.com
Maracusker.Gonzalez@dechert.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
CHAFFE McCALL LLP
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*