UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

MEMORANDUM IN SUPPORT OF PLAINTIFF, ELIZABETH KAHN'S,
PARTIAL MOTION FOR SUMMARY JUDGMENT ON THE COMPARATIVE
FAULT OF HER TREATING PHYSICIANS AND MISUSE OF TAXOTERE

　　　　In Defendants' Master Answer and Affirmative Defenses to Plaintiffs' First Amended Master Long Form Complaint ("Master Answer"), Defendants, sanofi-aventis U.S. LLC and Sanofi US Services Inc. ("Sanofi"), assert the affirmative defenses of third party liability and product misuse in Affirmative Defenses Nos. 15, 18, 19, 21, 26, 27, 44, and 91 (Rec. Doc. 961). (Pls' LR 56.1 Statement of Undisputed Fact ("LR 56.1 Statement") at ¶¶ 12-19.) An affirmative defense must be supported by the facts to be admitted at trial and not based on mere conjecture. There is a dearth of evidence to suggest, let alone establish, that Plaintiff, Elizabeth Kahn's, treating physicians were negligent in any way or that Ms. Kahn used Taxotere improperly. The burden is on Sanofi to prove its affirmative defenses of comparative fault on the part of Plaintiff's treating physicians and Plaintiff's misuse of Taxotere and, because it has not done so, Plaintiff submits that partial summary judgment is warranted dismissing the affirmative defenses set forth above.

LEGAL STANDARD

　　　　A moving party is entitled to summary judgment on a defense or part of a defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

1

judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to move beyond the boilerplate language of the pleadings to determine whether a party's claims, defenses, or any part thereof are worthy of trial and provide a means for dismissal of claims or defenses that are not trial-worthy. *Quinn v. City of Boston*, 325 F.3d 18, 28 (1st Cir. 2003); and *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). If a nonmovant advances no facts to carry the burden of proof at trial, then summary judgment may be obtained by providing "evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

A nonmoving party cannot rely on the allegations and denials in pleadings, but must demonstrate the existence of a genuine issue of material fact through "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). There must be "more than a scintilla of evidence", and conclusory assertions or unsubstantiated beliefs will not preclude summary judgment. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 & 544 (5th Cir. 2005). Summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

 **I.** **No Third Party Fault- The breast cancer treatment provided to Plaintiff did not deviate from the applicable standard of care**

Louisiana law requires a party asserting the affirmative defense of comparative fault to prove, by a preponderance of the evidence, that the fault of another "was a cause-in-fact of the damage being complained about." *Dupree v. City of New Orleans*, 765 So.2d 1002, n. 13 (La. 2000); and *Barnes v. Quinlan*, 2002 WL 31375606, *2 (E.D. La. Oct. 22. 2002). Sanofi asserts a

2

number of affirmative defenses in the Master Answer that allege comparative fault on the part of some phantom third party or which could be construed to assert such a defense, including Affirmative Defenses 15, 19, 21, 26, 27, 44, and 91. (Rec. Doc. 961) (LR 56.1 Statement at ¶ 12, ¶¶ 14-19.) Sanofi's allegations are not specific enough for Plaintiff to determine to whom they apply, but, to the extent that any affirmative defense is based upon the comparative fault of Plaintiff's treating physicians, the defense lacks the necessary evidentiary support. To the extent it may apply to others, Sanofi has produced no evidence to support the fault of any third party.

Proof of a physician's negligence requires proof by a preponderance of evidence of the applicable standard of care, breach of the standard of care, and the causal connection between the breach and the injury. *Schultz v. Guoth*, 57 So.3d 1002, 1006 (La. 2011.); and *see Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The general rule is that expert testimony is required to establish the elements of a medical malpractice claim unless the negligence is obvious. *Schultz*, 57 So.3d at 1006-1007; *see Cleveland*, 457 F.3d at 403-404.

Plaintiff was diagnosed with breast cancer in April of 2008 and began treating with Carl Kardinal, M.D. on April 22, 2008. (LR 56.1 Statement at ¶¶ 2-3.) Dr. Kardinal recommended that Plaintiff enroll in the NSABP B-40 clinical trial because the clinical trial was the standard of care or better. (LR 56.1 Statement ¶ 3.) Plaintiff agreed to participate in the NSABP B-40 clinical trial and received a chemotherapy regimen including Taxotere from May 29, 2008, through July 31, 2008. (LR 56.1 Statement ¶ 3-4.) Zoe L. Larned, M.D. began treating Plaintiff in June of 2008 but did not prescribe or discuss the risks and benefits of Taxotere as her chemotherapy regimen was already in place. (LR 56.1 Statement ¶ 5.)

Sanofi has presented no evidence of the controlling standard of care (presumably of an oncologist) that Plaintiff's treating physicians breached that standard of care, or that such a breach

3

proximately caused her injuries. In fact, Sanofi's own experts, John A. Glaspy, M.D. and Gerald P. Miletello, M.D., are practicing oncologists and have testified categorically and without question that there was no breach of the standard of care associated with the diagnosis, care, or treatment of Plaintiff. Dr. Glaspy's opinion is that Plaintiff's treating physicians provided the appropriate breast cancer treatment and did not commit medical malpractice:

> Q. Okay. So no opinions about malpractice, right?
> A. Well, actually I have an opinion about malpractice. I don't think it occurred.
> (LR 56.1 Statement at ¶ 6.)

Dr. Miletello likewise believes that the breast cancer treatment provided to Plaintiff was all within the standard of care:

> Q. And that, as a matter of fact, from your review of the records, that all of the counseling and treatment that was provided to Elizabeth Kahn by the medical providers through the course of her care for her cancer, was all of that within the standard of care?
> A. Yes, I feel like it was.
> (LR 56.1 Statement at ¶ 7.)

Since Dr. Glaspy's and Dr. Miletello's own admissions contradict Sanofi's affirmative defenses of physician comparative fault and Sanofi has no evidence to support its "blame the doctor defense," the Court should grant summary judgment, striking the affirmative defenses in the Master Answer urged in paragraph numbers 15, 19, 21, 26, 27, 44, and 91. (Rec. Doc. 961). (LR 56.1 Statement at ¶ 12, ¶¶ 14-19.) Sanofi has not pointed to evidence of conduct by any of Plaintiff's treating physicians that would constitute negligence, so there is no genuine issue of material fact as to their comparative fault. Any affirmative defenses based on the comparative fault of Plaintiff's treating physicians or of a third party fail as a matter of law.

## II. Plaintiff did not misuse Taxotere as Plaintiff's use of Taxotere was as prescribed and in accord with accepted prescribing practices

Affirmative Defense 18 in the Master Answer contends that Sanofi is not liable due to Plaintiff's misuse of the product. (Rec. Doc. 961) (LR 56.1 Statement at ¶ 13.) How could Plaintiff misuse a chemotherapy product infused into her under the supervision of medical professionals? The product was properly prescribed according to Sanofi's experts, and it was infused into Plaintiff through a port in her chest. Plaintiff never had control over or touched Taxotere. Sanofi presents no evidence otherwise, and the Court should grant summary judgment dismissing Affirmative Defense 18 related to Plaintiff's misuse of Taxotere.

In the event Sanofi's affirmative defense is directed to the misuse of Taxotere by Plaintiff's treating physicians, the testimony of Dr. Kardinal and Sanofi's experts belie the contention that Taxotere was misused in any way. Dr. Kardinal recommended enrollment in the NSABP B-40 clinical trial to Plaintiff because the clinical trial was the standard of care or better. (LR 56.1 Statement ¶ 3.) While the NSABP B-40 clinical trial chemotherapy regimen was off-label, Dr. Glaspy and Dr. Miletello both agreed that the regimen was within the standard of care. Dr. Glaspy testified:

> Q. Right. Again, I think you may have already said this, but for purposes of making sure I have a clean record, you will not be offering an opinion that there was anything wrong with Ms. Kahn receiving her care in the context of a clinical trial?
> A. I will not.
> (LR 56.1 Statement at ¶ 11.)
>
> …
>
> And, Dr. Miletello testified:
> Q. The chemotherapy regimen that Elizabeth Kahn was administered in this case by Dr. Kardinal was technically off-label, but was certainly within the standard of care, correct?
> A. Absolutely.
> (LR 56.1 Statement at ¶ 10.)

Additionally, it is common practice in the oncology field for oncologists to prescribe regimens for Taxotere that are either detailed in clinical trials or accepted by the NCCN Guidelines although not on-label. (LR 56.1 Statement ¶¶ 9-10.) Since Sanofi has not produced any evidence to show that Taxotere was misused either by Ms. Kahn or her physicians, Affirmative Defense No. 18 regarding misuse of Taxotere, including off-label use should be dismissed on summary judgment.

## CONCLUSION

Plaintiff, Elizabeth Kahn, prays that the Court grant her , Partial Motion for Summary Judgment on the Comparative Fault of Her Treating Physicians and Misuse of Taxotere and dismiss  Affirmative Defenses Nos. 15, 18, 19, 21, 26, 27, 44, and 91 because Sanofi cannot meet its burden of proving the essential elements needed to maintain these affirmative defenses. Specifically, Plaintiffs seek and Order prohibiting any evidence or testimony on the following topics: (1) comparative fault on the part of anyone, including Ms. Kahn's physicians, Dr. Kardinal and Dr. Larned; (2) Dr. Kardinal's or Dr. Larned's care and treatment of Ms. Kahn being below the standard of care; (3) misuse of Taxotere by anyone, including Ms. Kahn, Dr. Kardinal, and Dr. Larned; (4) and prescribing Taxotere "off label" is in any way inappropriate or treatment falling below the standard of care

There is simply no evidence – by expert testimony or otherwise – that Dr. Kardinal or Dr. Larned caused or contributed to the injury sustained by Plaintiff or that Taxotere was misused. To the contrary, Sanofi's experts explicitly found that there was no breach of the standard of care by Plaintiff's treating physicians and voiced approval for the off-label chemotherapy regimen utilized in the NSABP B-40 clinical trial. Sanofi should not be allowed to rely on the bare bones contentions of the Master Answer to maintain its affirmative defenses of the fault of an unnamed

third party or Ms. Kahn's physicians or of the misuse of Taxotere, and Plaintiff's motion for partial summary judgment on the affirmative defenses of the comparative fault of her treating physicians and misuse of Taxotere should be granted.

Dated: August 13, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                           */s/ Dawn M. Barrios*
                                                         DAWN M. BARRIOS