UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF, ELIZABETH KAHN'S, PARTIAL MOTION FOR SUMMARY JUDGMENT ON THE COMPARATIVE FAULT OF TREATING PHYSICIANS AND MISUSE OF TAXOTERE**

Pursuant to Local Rule 56.1, Plaintiff, Elizabeth Kahn, hereby submits this Statement of Undisputed Material Facts in Support of Plaintiff, Elizabeth Kahn's, Partial Motion for Summary Judgment on the Comparative Fault of Treating Physicians and Misuse of Taxotere:

1. Plaintiff was administered Taxotere manufactured by Defendants, sanofi-aventis U.S. LLC and Sanofi US Services Inc., Exhibit 1, Amended Short Form Complaint at pp. 1-4.

2. Plaintiff was diagnosed with breast cancer in April of 2008. Exhibit 2, Medical Records of Carl Kardinal, M.D. at p. 1.

3. Plaintiff began breast cancer treatment with Carl Kardinal, M.D. on April 22, 2008. *Id.* Dr. Kardinal recommended a course of breast cancer treatment to Plaintiff that included enrollment in the NSABP B-40 clinical trial because the clinical trial was the standard of care or better. Exhibit 2 at pp. 1-5 and Exhibit 3, Deposition of Carl Kardinal, M.D. at 99:22-100:18. Plaintiff agreed to participate in the NSABP B-40 clinical trial and was randomized to receive Taxotere, Xeloda, and Avastin. Exhibit 4, Provider Note at p. 1.

4. Plaintiff received Taxotere in connection with the NSABP B-40 clinical trial. *Id.*

1

5. Zoe L. Larned, M.D. began treating Plaintiff in June of 2008. Exhibit 5, Deposition of Dr. Zoe Larned at 66:14-21. Dr. Larned did not prescribe a chemotherapy regimen for Plaintiff because of her ongoing participation in the NSABP B-40 clinical trial. *Id.* at 66:22-67:2 & 128:23-129:19. Dr. Larned did not prescribe Taxotere to Plaintiff or discuss the risks and benefits of Taxotere with her. *Id.*

6. John A. Glaspy, M.D., an oncologist and expert witness for Defendants, testified that Plaintiff's treating physicians did nothing below the standard of care as it relates to the breast cancer treatment provided to her. Exhibit 6, May 13, 2020 Deposition of John A. Glaspy, M.D. at 56:24-58:3 & 125:8-128:9. Dr. Glaspy does not believe that Dr. Kardinal breached the standard of care in diagnosing and selecting a treatment plan for Plaintiff. *Id.* at 57:7-58:3 & 125:8-128:9. It is Dr. Glaspy's assessment that there was no medical malpractice on the part of Plaintiff's treating physicians. *Id.* at 57:14-21 & 125:8-128:9.

7. Another defense expert and oncologist, Gerald P. Miletello, M.D., also concluded that the breast cancer treatment provided to Plaintiff was all within the standard of care. Exhibit 7, May 21, 2020 Deposition of Gerald P. Miletello, M.D. at 24:4-20.

8. The breast cancer treatment provided to Plaintiff by Dr. Kardinal and Dr. Larned did not deviate from the applicable standard of care. Exhibit 6 at 56:24-58:3 & 125:8-128:9 and Exhibit 7 at 24:4-20.

9. Taxotere is often used by oncologists including Dr. Glaspy off-label. Exhibit 8, Expert Report of John Glaspy, M.D. at p. 15 and Exhibit 6 at 163:3-164:23. It is well known throughout the oncology field that oncologists follow preferred regimens for Taxotere that are either detailed in clinical trials or accepted by the NCCN Guidelines but not on-label. Exhibit 6 at 164:5-16. Dr. Glaspy does not criticize the care received by Plaintiff and will

not offer an opinion that the Taxotere taken in connection with the NSABP B-40 clinical trial was an improper neoadjuvant treatment of her breast cancer. *Id.* at 162:11-165:5. Plaintiff was eligible for the NSABP B-40 clinical trial "and it was within the standard of care to inform Ms. Kahn about the clinical trial." Exhibit 8 at p. 41.

10. Dr. Miletello further agrees that "it was within the standard of care for Dr. Kardinal to inform Ms. Kahn about the clinical trial and recommend that regimen to treat Ms. Kahn's cancer." Exhibit 9, Expert Report of Gerald P. Miletello, M.D. at p. 2 & 16 and Exhibit 7 at 24:21-25:25. The off-label chemotherapy regimen administered to Plaintiff in the NSABP B-40 clinical trial is an approved line of treatment and within the standard of care. Exhibit 7 at 26:1-30:21. In addition, the chemotherapy dosages received by Plaintiff were appropriate. *Id.* at 32:14-21. The prescription of chemotherapy regimens off-label was not unusual in 2008 or today. *Id.* at 28:13-29:13.

11. According to Dr. Galspy, Plaintiff's use of Taxotere was as prescribed and in accordance with accepted prescribing practices. Exhibit 8 at p. 15, Exhibit 6 at 162:11-165:5, Exhibit 9 at p. 2 & 16, and Exhibit 7 at 24:21-30:21 & 32:14-21.

12. Sanofi's Fifteenth Affirmative Defense: The injuries and/or damages allegedly sustained by Plaintiffs were caused or contributed to be caused by third parties for whom Sanofi Defendants are not responsible and whom Sanofi Defendants have no right to control.

13. Sanofi's Eighteenth Affirmative Defense: If any loss, damage, injury, harm, expense, diminution, or deprivation alleged by Plaintiffs was caused by any product manufactured or distributed by Sanofi Defendants, which Sanofi Defendants deny, the same was attributable to Plaintiffs' misuse of the product, including but not limited to the following:

    (a)    failing to seek timely medical advice and care;

3

    (b)    failing to inform treating physicians and health care providers as to the true and complete nature of Plaintiffs' conditions;

    (c)    failing to follow medical advice and instruction;

    (d)    failing to take other medications in the manner and dosage prescribed;

    (e)    misuse or abuse of Taxotere® and/or docetaxel;

    (f)    alteration or negative use of Taxotere® and/or docetaxel;

    (g)    failing to follow the package insert and prescriber's information for Taxotere® and/or docetaxel; and

    (h)    failing to otherwise properly care for and preserve Plaintiffs' physical health.

14. Sanofi's Nineteenth Affirmative Defense: The alleged injuries and damages of which Plaintiffs complain were not caused by any docetaxel product manufactured, sold, or distributed by Sanofi Defendants or any actions of Sanofi Defendants of any kind, but were caused by some other product, process, occurrence, event, service, and/or person over which Sanofi Defendants exercised no control or right of control.

15. Sanofi's Twenty-First Affirmative Defense: Sanofi Defendants are liable only for damages found by the trier of fact equal to their percentage of responsibility, if any. Pursuant to Louisiana Civil Code article 2323, and any similar provisions under any applicable state law deemed to apply to the individual Plaintiffs' claims, if a person suffers injury, death, or loss as the result partly of her own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss. Furthermore, liability for damages caused by two or more persons shall be a joint and divisible obligation. *See, e.g.*, La. C.C. art. 2324. Furthermore, Sanofi Defendants contend that they shall not be solely liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss,

regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute, or otherwise. *See, e.g.*, *id.*

16. Sanofi's Twenty-Sixth Affirmative Defense: Plaintiffs' claims against Sanofi Defendants are barred as Plaintiffs' alleged injuries and/or damages, if any, were proximately caused by intervening and/or superseding events (including acts and/or omissions) attributable to persons, firms, or corporations other than Sanofi Defendants, and any action or omission on the part of Sanofi Defendants was not the proximate cause of the alleged injuries and/or damages.

17. Sanofi's Twenty-Seventh Affirmative Defense: Upon information and belief, there exists no proximate causation between any alleged act, omission, breach of duty, or breach of warranty (none being admitted) by Sanofi Defendants and Plaintiffs' alleged damages, injuries, and/or losses, and all of Plaintiffs' alleged damages, injuries, and/or losses, if any, were the result of conduct by persons other than Sanofi Defendants.

18. Sanofi's Forty-Fourth Affirmative Defense: If any loss, damage, injury, harm, expense, diminution, or deprivation alleged by Plaintiffs were caused by any product manufactured or distributed by Sanofi Defendants, which Sanofi Defendants deny, the actions or omissions of other persons and the independent knowledge and awareness of such other persons of the risks inherent in the use of such products and other independent causes, such as idiosyncratic reactions, pre-existing or co-existing medical conditions, constitute intervening and/or superseding causes between Plaintiffs' alleged injuries and any alleged acts, conduct, or omissions of Sanofi Defendants.

19. Sanofi's Ninety-First Affirmative Defense: Plaintiffs' causes of action are barred, in whole or in part, and the recoverable damages, if any, should be apportioned or diminished,

because the fault, negligence and culpable conduct of parties or non-parties over whom Sanofi Defendants have no control and no responsibility caused or contributed to the injuries and damages allegedly sustained.

Dated: August 13, 2020                                       Respectfully submitted,

<u>/s/ Christopher L. Coffin</u>                              <u>/s/ Karen B. Menzies</u>
Christopher L. Coffin (#27902)                                Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                              Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505                               GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                                  6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                                         Los Angeles, California 90045
Fax: (504) 355-0089                                           Telephone: 510-350-9700
ccoffin@pbclawfirm.com                                        Facsimile: 510-350-9701
                                                              kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

                                                              *Plaintiffs' Co-Lead Counsel*

<u>/s/M. Palmer Lambert</u>                                   <u>/s/Dawn M. Barrios</u>
M. Palmer Lambert (#33228)                                    Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                     BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                      701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                       New Orleans, LA 70139
New Orleans, LA 70163-2800                                    Phone: 504-524-3300
Phone: 504-522-2304                                           Fax: 504-524-3313
Fax: 504-528-9973                                             barrios@bkc-law.com
plambert@gainsben.com

                                                              *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

### PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                                  Daniel P. Markoff
Andrews Thornton Higgins Razmara, LLP                         Atkins & Markoff Law Firm
2 Corporate Park, Suite 110                                   9211 Lake Hefner Parkway, Suite 104
Irvine, CA 92606                                              Oklahoma City, OK 73120
Phone: (800) 664-1734                                         Phone: (405) 607-8757
aa@andrewsthornton.com                                        Fax: (405) 607-8749
                                                              dmarkoff@atkinsandmarkoff.com

| | |
|---|---|
| J. Kyle Bachus<br>Bachus & Schanker, LLC<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>Phone: (303) 893-9800<br>Fax: (303) 893-9900<br>kyle.bachus@coloradolaw.net | Abby E. McClellan<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Phone: (816) 714-7100<br>Fax: (816) 714-7101<br>mcclellan@stuevesiegel.com |
| Lawrence J. Centola, III<br>Martzell, Bickford & Centola<br>338 Lafayette Street<br>New Orleans, LA 70130<br>Phone: (504) 581-9065<br>Fax: (504) 581-7635<br>lcentola@mbfirm.com | Karen Barth Menzies<br>Gibbs Law Group LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>Phone: 510-350-9700<br>Fax: 510-350-9701<br>kbm@classlawgroup.com |
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS