# EXHIBIT G

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*********************************************************************

IN RE:  TAXOTERE (DOCETAXEL)        Docket No. 16-MD-2740
PRODUCTS LIABILITY LITIGATION       Section H
                                    New Orleans, LA
Relates to:  Barbara Earnest        Thursday, September 26, 2019
             16-CV-17144

*********************************************************************

                    TRANSCRIPT OF TRIAL PROCEEDINGS
            HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                    UNITED STATES DISTRICT JUDGE
                       DAY 9, MORNING SESSION
```

APPEARANCES:

FOR THE PLAINTIFF:                  BACHUS & SCHANKER, LLC
                                    BY:  DARIN L. SCHANKER, ESQ.
                                         J. KYLE BACHUS, ESQ.
                                    1899 Wynkoop St., Suite 700
                                    Denver, CO 80202

                                    FLEMING NOLEN & JEZ
                                    BY:  RAND P. NOLEN, ESQ.
                                    2800 Post Oak Blvd., Suite 4000
                                    Houston, TX 77056

                                    GIBBS LAW GROUP, LLP
                                    BY:  KAREN B. MENZIES, ESQ.
                                    6701 Center Drive West, 14th Floor
                                    Los Angeles, CA 90045

                                    DAVID F. MICELI, LLC
                                    BY:  DAVID F. MICELI, ESQ.
                                    P.O. Box 2519
                                    Carrollton, GA 30112-0046

                                    PENDLEY BAUDIN & COFFIN
                                    BY:  CHRISTOPHER L. COFFIN, ESQ.
                                    2505 Energy Centre
                                    1100 Poydras St.
                                    New Orleans, LA 70163

|  |  |
|---|---|
| 09:45:27 1 | dermatoscope, as well as the laboratory pathology results, and she |
| 09:45:31 2 | systemically determined that Taxotere caused Ms. Earnest's PCIA. |
| 09:45:37 3 | Dr. Glaspy is not a hair researcher or dermatologist, he |
| 09:45:40 4 | is an oncologist, and he never examined Ms. Earnest before |
| 09:45:44 5 | rendering an opinion in this case.  Never examined her.  No one did |
| 09:45:48 6 | from the defense side. |
| 09:45:54 7 | So this question:  "Do you find by a preponderance of the |
| 09:45:58 8 | evidence that Barbara Earnest has permanent chemotherapy-induced |
| 09:46:01 9 | alopecia caused by Taxotere?"  Based on what you've seen, ladies |
| 09:46:06 10 | and gentlemen, overwhelmingly, yes. |
| 09:46:37 11 | Next question that you'll see:  "Do you find by a |
| 09:46:46 12 | preponderance of the evidence," more likely true than not, "that |
| 09:46:49 13 | the defendant's failure to warn Dr. Carinder was the proximate |
| 09:46:54 14 | cause, was the proximate cause, of Barbara Earnest's injuries?" |
| 09:46:58 15 | Was the defendant's failure to warn the proximate cause of Barbara |
| 09:47:04 16 | Earnest's injuries by a preponderance of the evidence? |
| 09:47:08 17 | Proximate cause.  This legal term, what does that mean in |
| 09:47:14 18 | the law?  Proximate cause -- this is the jury instruction that you |
| 09:47:20 19 | are to apply, the judge's instruction to you.  Proximate cause does |
| 09:47:24 20 | not mean the sole cause.  The defendant's conduct can be a |
| 09:47:28 21 | proximate cause if it was at least one of the direct concurring |
| 09:47:32 22 | causes of the alleged injury.  However, plaintiff must show that |
| 09:47:35 23 | defendant's conduct was a substantial contributing factor in |
| 09:47:39 24 | bringing about the result.  In other words, it's not necessary for |
| 09:47:44 25 | plaintiff to negate all other contributing factors or causes of |

1  Ms. Earnest's injuries provided they show that the defendant's
2  failure to provide an adequate warning in Taxotere's label
3  substantially contribute.  So that's what you have to look at, did
4  it substantially contribute?  We believe in this case, ladies and
5  gentlemen, that it was the sole cause, but the law doesn't require
6  that.  You must determine if it substantially contributed.  Did
7  Taxotere substantially contribute?
8          And this idea of proximate cause -- we touched on this in
9  the opening as well.  You remember this patient protection system,
10 which we've heard a lot about it in this case and how it's supposed
11 to work?  Well, this is how it actually worked in this case.
12 Sanofi did not warn Dr. Carinder about everything that it knew.
13 Dr. Carinder was presented with treatment recommendation to
14 Ms. Earnest without the knowledge of PCIA as a risk and side
15 effect.  Dr. Carinder and Ms. Earnest could not weigh all of the
16 risks and benefits; and, therefore, Dr. Carinder prescribed
17 Taxotere to Barbara with neither of them knowing.  And the patient
18 protection system is shattered.
19         Barbara on her cancer journey and how it fits in to all
20 of this is important for you to consider.  She conducted the self
21 exams two times a week; found the lump.  When she found it, she
22 went quickly to a doctor.  She met with Dr. Lagarde who recommended
23 a double mastectomy.  Barbara was concerned about that and sought a
24 second opinion, and she's glad she did.  She sought out that second
25 opinion and ended up having a lumpectomy instead.  She then chose