## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE
### THE CAUSATION TESTIMONY OF DR. GERALD MILETELLO

Dr. Miletello offers opinions suggesting that certain chemotherapy drugs,[1] hormonal therapies,[2] and the aging process[3] may potentially cause permanent hair loss.[4] But Dr. Miletello concedes that he does not know whether the other drugs taken by Ms. Kahn—Xeloda, Adriamycin, Cyclophosphamide, Avastin and Tamoxifen—caused her permanent hair loss nor could he attribute it to her aging either. Indeed, Dr. Miletello disclaimed at his deposition any intention to opine as to what drugs can cause persistent hair loss or what caused Ms. Kahn's permanent hair loss. Dr. Miletello said he would not offer such an opinion because he had not done the work to determine whether these or any other drugs or medical conditions cause permanent hair loss generally or specifically as to Ms. Kahn.

Nonetheless, Dr. Miletello has made statements in his report and at his deposition suggesting potential, alternative causes of persistent hair loss. These statements are irrelevant, unreliable and misleading, and Dr. Miletello should not be permitted to opine as to such.

---

[1] Specifically, Dr. Miletello identifies the following drugs as have "[c]ases of delayed hair regrowth or incomplete hair regrowth": Adriamycin, Carboplatin, Cisplatin, Taxol, Epirubicin, 5-Fluorouracil, Melphalan, Gemcitabine, Capecitabine, Busulfan, CMF, and Cyclophosphamide. *See* Ex. A, April 29, 2020 Expert Report of Gerald Miletello, M.D. at 9.
[2] Dr. Miletello's report identifies "Tamoxifen or Aromatase Inhibitors" as hormonal therapies that "may be responsible for a woman's hair not growing." *Id.* at 11.
[3] *Id.* at 9.
[4] *Id.*

## LEGAL STANDARD

Under *Daubert*, the trial court's gatekeeper function serves to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Expert testimony is inadmissible when "the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 136 F.3d 935, 937 (5th Cir. 1999). Similarly, an expert's testimony should be excluded where it "go[es] beyond the scope of his expertise in giving his opinions." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) (citing *First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 136 (5th Cir. 1996)).

Likewise, a qualified expert's testimony is only admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The party offering the expert testimony bears the burden of establishing each of these elements by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 275-76 (5th Cir. 1998).

## ARGUMENT

**I.     Dr. Miletello Concedes That He is Not Offering Opinions as to Whether Other Drugs or Conditions Cause Permanent Hair Loss in General or as They Relate to Ms. Kahn.**

In his report, Dr. Miletello states that "[c]ases of delayed hair regrowth have been reported with many chemotherapy drugs including Adriamycin, Carboplatin, Cisplatin, Taxol, Epirubicin, 5-Fluorouracil,      Melphalan,      Gemcitabine,      Capecitabine,      Busulfan,      CMF,      and

Cyclophosphamide."[5] At his deposition, Dr. Miletello acknowledged only recalling reports of delayed hair regrowth with three of the listed drugs: Taxol, 5FU, and Adriamycin,[6] and even with these drugs, Dr. Miltello admitted that no valid scientific evidence exists to support causation.[7]

With no evidence to support causation, it is of no surprise that Dr. Miletello agreed not to opine at trial that any of these chemotherapy drugs cause permanent hair loss:

> Q.   So focusing on any, just any drug at all, it's kind of a catch-all because I want to make sure we're covering this thoroughly…, nowhere in your report do you actually offer an opinion on causation, causation, between any drug and permanent, irreversible hair loss?
>
> A.   That's correct.
>
> Q:   And you're not planning in this case to come into court and try to say that any drug, from a scientific standpoint, all the requirements and the hurdles of general causation, that any drug causes permanent or irreversible hair loss?  That's not what you're here for and what you're planning on coming into court and testifying to, correct?
>
> A:   That's correct."[8]

Dr. Miletello also agreed at his deposition that he is not opining that hormonal therapies, such as Tamoxifen or aromatase inhibitors,[9] cause permanent hair loss.[10] Likewise, Dr. Miletello conceded that he is not offering any opinions as to the specific cause of Ms. Kahn's hair loss:

> Q.   And, in fact, nowhere in your report do you attempt to offer an opinion on the potential causes of Ms. Kahn's hair loss, do you?
>
> A.   None other than her losing her hair after her first treatment, which was when she received the Taxotere.
>
> Q.   So other than that statement, there's no other opinions that you intend to offer concerning the potential causes of Ms. Kahn's hair loss, correct?

---

[5] *Id.* at 9.  Importantly, only two of the identified drugs are relevant as having been taken Ms. Kahn: Adriamycin and Cyclophosphamide.
[6] *See* Ex. B, May 21, 2020 Deposition of Gerald P. Miletello, M.D. at 86:6-88:17.
[7] *Id.* at 90:06-13, 93:14-23, 96:09-24.
[8] *Id.* at 108:03-109:11.
[9] Ms. Kahn took Tamoxifen from April 2009 to April 2018. *See* Ex. A at 2.  Her hair has not regrown since completing treatment with Tamoxifen.
[10] *See* Ex. B at 106:02-24.

A.      Correct.[11]

It is of no surprise that Dr. Miletello conceded these opinions—he sets forth no ascertainable methodology that could give credence to causation opinions nor does he possess the qualifications to offer them. An expert rendering a general causation opinion must set forth a reliable methodology as a foundation for his opinions and cannot rely solely upon his own subjective beliefs.[12] Furthermore, an expert seeking to offer a specific causation opinion must be able to perform a differential diagnosis capable of ruling in a specific cause and ruling out other potential causes based upon more than mere speculation. By his own admission, Dr. Miletello admits he performed no statistical analysis of drugs that he suggests my cause persistent hair loss nor does he cite any scientific literature that would provide support for a statistically significant increased risk of persistent hair loss with any drugs he mentions.[13]  Furthermore, Dr. Miletello has never performed a Bradford Hill analysis or any other methodology to assess general causation pertaining to whether ANY drug can cause permanent chemotherapy induced alopecia (PCIA) nor does he understand how to conduct such an analysis.[14]

---

[11] *Id.* at 85:16-86:02.

[12] This Court applies a two-prong test to assess whether general causation exists between an agent and a disease requires: (1) evidence showing a "statistically significant association" between the agent and the disease and, only if an association is found, (2) evidence must be established to demonstrate that a true causal relationship underlies the association through the use of a reliable methodology. *See* Court's Order and Reasons concerning general causation, Rec. Doc. 8094.

[13] In regards to a lack of a statistically significant association for: (1) Tamoxifen, *see* Ex. C, December 19, 2019 Deposition of Gerald P. Miletello, M.D. at 106:10-107:1 and 166:22-168:8; *see* Ex. B at 105:12-107:22; (2) chemotherapy drugs, *see* Ex. B at 86:6-88:17, 89:15-23, 92:8-17, 95:2-12, 95:18-96:5, and 97:25-98:8; and (3) aging, *see* Ex. C at 106-107:1.

[14] In regards to failing to apply any methodology to assess causation regarding: (1) the Branford Hill analysis, *see* Ex. B, at 91:21- 24, (2) general causation, *see* Ex. D, February 7, 2019 Deposition of Gerald P. Miletello, M.D. at 97:20-101:3, 168:6-170:18; *see* Ex. C, at 24:18-25, 26:16-27:11, 28:8-23, 109:3-22, 125:20-24, 126:15-17; 145:15 – 19, and Ex. B, at 107:23 – 109:11, (3) Adriamycin and PCIA, *see* Ex. D at 168:6-170:18, Ex. C at 141:19-24, 145:15-19, Ex. B at 88:18-93:5, (4) Cyclophosphamide and PCIA, *see* Ex. C at 146:17-19, Ex. B at 101:24-102:5, (5) Taxol and PCIA, *see* Ex. B, at 93:6-96:8, Ex. D at 219:14-229:3, Ex. C at 146:20-150:2, (6) 5FU and PCIA, *see* Ex. B at 96:9-101:23, Ex. C at 150:3-153:16, (7) Xeloda and PCIA, *see* Ex. B at 102:6-104:23, 105:2 -11, (8) Tamoxifen and persistent hair loss, *see* Ex. B at 105:12-107:22, 115:21-116:3, Ex. C at 153:18-22; 164:16-168:8, (9) any chemotherapy drug or other medical condition and permanent hair loss, *see* Ex. B at 105:12 – 109:11, 115:1-116:20,

In addition, Dr. Miletello is not qualified to offer opinions as to the specific cause of Ms. Kahn's hair loss.[15] Dr. Miletello has not seen much less performed a differential diagnosis of Ms. Kahn's underlying hair loss.[16] Likewise, Dr. Miletello has never performed a differential diagnosis on the patients he claims to have seen with alopecia as a result of a variety of chemotherapy drugs.[17] He admits that he cannot perform a differential diagnosis because he lacks the qualifications to do so.[18]  Indeed, he lacks even a basic understanding of the fundamentals of hair loss, including the basic anatomy of a hair follicle.[19] Further, he cannot identify or describe any stage of the hair cycle and is unfamiliar with the standard diagnostic tools of dermatology, such as the dermatoscope, which are used to assess hair loss.[20] Even if Dr. Miletello might observe what he believed to be alopecia, he admits he does not know the grading scale for alopecia that dermatologists use, and he cannot grade the severity of alopecia properly, Finally, Dr. Miletello is unable to differentiate between various forms of alopecia.[21] It is no surprise then that when it comes to a differential diagnosis pertaining to the underlying cause of a patient's hair loss, Dr. Miletello confesses that he would instead refer that patient to a qualified dermatologist.[22]

Thus, having recognized his lack of qualifications and disclaiming any intention to opine as to what generally causes persistent hair loss or what specifically caused Ms. Kahn's permanent

---

Ex. D at 168:6-170:18 and 170:19-175:20; and (10) any combination of chemotherapy drugs and PCIA, *see* Ex. B at 113:1-114:25.

[15] Under Fifth Circuit precedent, to reliably opine on the cause of a particular condition, a medical expert must have a specialized expertise relating to the causation of that condition. *See Tanner v. Westbrook*, 174 F.3d 542 (5th Cir. 1999); *Verzwyvelt v. St. Paul Fire & Marine Insurance Co.*, is also instructive. 175 F. Supp. 2d 881, 884-888 (W.D. La. 2001).

[16] *See* Ex. B at 85:10-86:2.

[17] *See* Ex. C at 128:21-129:12.

[18] *Id.* at 114:13-116:12.

[19] *Id.* at 125:2-6.

[20] *Id.* at 115:16-20 and 123:7-25.

[21] *Id.* at 106:10-107:1, 114:13-116:12 and 127:9-17.

[22] *Id.* at 126:9-14.

hair loss, Dr. Miltello should not be permitted to testify as to potential, alternative causes of permanent hair loss.

## II.     Dr. Miletello's Statements Suggesting Potential Alternative Causes of Permanent Hair Loss should be Excluded as Misleading and Unreliable.

An expert's opinion must assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A challenge that an expert's conclusions would not be helpful to the trier of fact is a challenge to relevancy. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591 (1993). An opinion must be relevant to the facts at issue to be admissible. *See Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 245 (5th Cir.2002).

Here, Dr. Miletello makes a number of statements in his report that may suggest to a lay person that these drugs can cause persistent hair loss.  Specifically, Dr. Miletello states that (1) "cases of delayed hair regrowth or incomplete hair regrowth have been reported with many chemotherapy drugs including Adriamycin, Carboplatin, Cisplatin, Taxol, Epirubicin, 5-Fluorouracil, Melphalan, Gemcitabine, Capecitabine, Busulfan, CMF, and Cyclophosphamide"; the aging process and endocrine based therapies such as Tamoxifen "may be responsible for a woman's hair not growing."[23]

Dr. Miletello does not cite a single source in support of any of these "opinions" beyond case studies and anecdotal reports,[24] and as Sanofi has previously recognized, the scientific community ranks different forms of evidence into a hierarchy wherein the lowest rung of evidence are these types of reports, which on their own are not insufficient to establish a general causation

[23] *See* Ex. A at 9-11*; see also* Ex. C at 106:10-107:1.
[24] *Id.*; *see also* Ex. D at 97:20-101:3.

opinion.[25] Dr. Miletello readily agrees with this accepted hierarchy of evidence and admits that these reports alone do not equate to a causation opinion.[26]

Because Dr. Miletello's statements as to "cases" of persistent hair loss with other drugs and conditions are insufficient to support causation, they are irrelevant to this case.  More importantly, though, juror confusion and prejudice is likely, with jurors believing that causation can be inferred from case studies and anecdotal reports—particularly when an expert discusses them.  Accordingly, Dr. Miletello's statements suggesting that other other drugs and medical conditions may cause persistent hair loss should be excluded.

### III.    Dr. Miletello provides Two Other Unsupported Opinions that should be Stricken.

Dr. Miletello offers no support for his opinion that Taxotere offered Ms. Kahn the "best chance of survival" compared to Taxol and all other chemotherapy drugs.[27] Although he does not offer this opinion within the confines of his report, he goes to great lengths in his deposition to assert the superiority of Taxotere without any morsel of evidence to support his undisclosed opinion.[28] Because this deposition testimony is not supported by Dr. Miletello's report, he cannot offer new, undisclosed opinions.

In any event, when asked the basis of his opinion, Dr. Miletello was unable to point to any clinical trial or scientific literature in support of his position.[29] In addition, he employed no reliable scientific method to assess superiority. Troublingly, his claims directly conflict with the FDA's own assessment that Taxotere is not superior to Taxol in terms of efficacy.[30] Given that Dr.

---

[25] *See* Sanofi Defendants' Motion to Exclude Expert Testimony on General Causation, Rec. Doc. No. 6163 at 4-5.
[26] *See* Ex. C at 146:3-10.
[27] *See* Ex. B at 69:19-73:7, 109:12 – 111:7.
[28] *Id*.
[29] *Id*.
[30] *See* Ex. E, 2009 DDMAC letter.

Miletello's opinion that Taxotere was the best choice for Ms. Kahn is unreliable and unsupported by any scientific methodology, and indeed forms no part of his report, it must be stricken. Reluctantly, Dr. Miletello himself acknowledges that Taxotere and Taxol both offered the same chance of survivability and efficacy.[31]

Secondly, Dr. Miletello offers numerous opinions as to what the best regimen to treat Ms. Kahn's breast cancer may have been, based solely on his own personal preferences as well as the adequacy of the Taxotere label. However, Dr. Miletello admits that he was never involved in the treatment or care of Ms. Kahn and he was not present at the time her prescribing oncologist, Dr. Kardinal, discussed available treatment options and potential side effects.[32] Furthermore, Dr. Miletello opines that in his view the use of the term alopecia within the Taxotere label has always been sufficient to communicate both temporary and permanent hair loss. This opinion should be excluded considering Dr. Miletello is not a labeling expert and his personal beliefs are irrelevant as the only inquire permitted under the learned intermediary analysis is what understanding Ms. Kahn's prescribing oncologist Dr. Kardinal took away from the labeling. As this Court previously opined, experts are not permitted to opine on the case specific facts of what other treatment options should have been offered or how the prescribing physician should have responded to an adequate warning when the prescriber is available to testify.[33] Thus, Dr. Miletello's personal prescribing preferences and opinions as to the adequacy of the Taxotere label are irrelevant and should be stricken.

[31] Ex. B at 73:8-75:6; 80:25-81:4.
[32] *Id.* at 23:12-25:5; 82:12-83:17.
[33] *See* Court's Order and Reasons concerning Dr. Linda Bosserman, Rec. Doc. 7807 at p. 5.

## **CONCLUSION**

For the foregoing reasons, Defendant's expert Dr. Gerald Miletello should be excluded from opining in this case as to causation, and particularly should be precluded from testifying directly or indirectly regarding (1) general and specific causation between any drug and persistent hair loss and (2) any suggestions of causation by referring to case studies or anecdotal reports of persistent hair loss with other drugs and conditions.

Dated: August 13, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
**M. PALMER LAMBERT**