UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                        MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                            SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE AND/OR LIMIT TESTIMONY OF DR. CARL KARDINAL AND DR. ZOE LARNED

**I. INTRODUCTION**

The PSC moves this Court to exclude and/or limit testimony of Dr. Carl Kardinal and Dr. Zoe Larned under Federal Rules of Civil Procedure 26(a)(2)(B), 26(a)(2)(C) and 37(c)(1), and Federal Rules of Evidence 702, 703 and 705, and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

Courts allow treating physicians to offer testimony as non-retained experts if the testimony is confined to those facts or data the physician learned during actual treatment of the plaintiff. But courts do not allow testimony that consists of opinions based on scientific, technical, or other specialized knowledge regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation. That type of testimony—such as testimony about causation—is expert testimony and thus is only allowed if certain requirements are met, such as disclosure under Federal Rule of Civil Procedure 26(a)(2)(C).

Here, Sanofi seeks to elicit testimony from Dr. Kardinal and Dr. Larned about matters that qualify as expert testimony. Specifically, Sanofi asked about causation and toxicity—even though Sanofi's disclosures nowhere provide the subject matter or the facts and opinion on which the

1

witness is expected to testify. Failure to comply with the deadline for disclosure requirements results in "mandatory and automatic" exclusion under Federal Rule of Civil Procedure 37(c)(1), and such failure here was not substantially justified or is harmless.

## II. RELEVANT FACTS

Pursuant to this Court's discovery Order, Sanofi served its Disclosure of Expert Testimony on April 17, 2020.[1] There, Sanofi identified several treating physicians as Rule 26(a)(2)(C) witnesses, including Dr. Kardinal and Dr. Larned. Sanofi stated that the treating physicians "may offer a mixture of fact and opinion testimony on the subject matter expressed in their depositions and consistent with their knowledge, experience, and expertise".[2] Nowhere does this disclosure state (1) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 705; and (2) the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(c)(2). Instead, Sanofi merely listed the treating physicians' names and city/state locations.[3]

## III. LAW AND ARGUMENT

### A. LEGAL STANDARDS

"Federal Rule of Civil Procedure 26 requires parties to 'disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.'" *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, at *2 (E.D. La. July 24, 2020) (quoting Fed. R. Civ. P. 26(a)(2)(A)).

"Several courts have determined that treating physicians may offer testimony as non-retained experts if the testimony is confined to those facts or data the physician learned during

---

[1] Ex. A, Sanofi Defendants' April 17, 2020 Disclosure of Expert Testimony.
[2] *Id.*
[3] *Id.*

actual treatment of the plaintiff. *Warren*, 2020 WL 4260448, at *3 (collecting cases). "However, where testimony 'consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation,' the testimony is rather that of an expert." *Id*. (citation omitted). "For example, testimony as to causation or as to future medical treatment has been considered the province of expert testimony subject to the requirements of section (a)(2)(B)." *Id*. (citation omitted). "In addition, where a physicians' testimony is prepared in anticipation of litigation by the attorney or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)." *Id*. (citation omitted).

Before 2010, non-retained experts, such as treating physicians, were exempt from disclosure requirements under certain circumstances. *Hooks v. Nationwide House. Sys., LLC*, No. 15-729, 2016 WL 3667134 at *4 (E.D. La. July 11, 2016). Rule 26(a)(2)(C) was added in 2010 to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." [4] Rule 26(a)(2)(C) thus requires a disclosure stating (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify.*" LaShip, LLC v. Hayward Baker, Inc.,* 296 F.R.D. 475, 481 (E.D. La. 2013). That disclosure must include reference to any testimony that would be considered expert testimony, which for a treating physician would include any testimony not contained within medical records. *Rea v. Wisconsin Coach Lines, Inc.*,

---

[4] Fed. R. Evid. 26(a)(2)(C) 2010 Advisory Committee's Notes.

No. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (citing *Perdomo v. United States*, 2012 WL 2138106, at *1 (E.D. La. 2012)).

A Rule 26(a)(2)(C) disclosure "need not be extensive," but must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Matthews v. Amtrust Group, Ins.*, 2020 WL 206186, at *2 (quoting *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018)). "Although the rule does not require overly comprehensive disclosure … it does require disclosure in at least some form in order to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary." *Id*.

"Failure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1)." *Id.* Excluded witnesses or information may not be used "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Red Dot Bldgs. v. Jacob Tech., Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. 2012) (quoting Fed. R. Civ. P. 37). But even where such testimony is allowed, it is nonetheless subject to Rule 702 and *Daubert*. *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2016 WL 3180776, at *7 (E.D. La. July 7, 2016).

> **B.   Both Dr. Kardinal's and Dr. Larned's Rule 26(a)(2)(C) Disclosures Fail to Summarize the Opinions and the Facts Supporting Those Respective Opinions, and Therefore Constitute Inadequate Disclosures**
>
> **Testimony of Dr. Carl Kardinal is insufficient under Rules 26(a)(2)(B) and 26(a)(2)(C)**

Dr. Kardinal was asked to provide a comparative opinion on neurotoxicity, *vis-a-vis* Taxotere and Taxol. However, no foundation was ever established for providing said opinion.[5] Dr.

---

[5] Ex. B, Kardinal Dep. 1/17/2018 at 71:15-73:16 and 136:3-137:7.

4

Kardinal was never offered as an expert on subjects of testing pharmaceutical products, and in fact agreed that he was not qualified to offer opinions on the same.[6] In fact, Sanofi's counsel went to great lengths at the outset of Dr. Kardinal's deposition confirming areas in which he was not an expert, and did not attempt to qualify him as an expert beyond his clinical oncology practice.[7]

Specifically, and despite the lack of neurotoxicity throughout Plaintiff's medical records, Sanofi questioned Dr. Kardinal on the neurotoxicity differences between Taxotere and Taxol:

> Q. Would you agree that neuromuscular toxicity was considerably less common with docetaxel than with paclitaxel? [Objection]
>
> A. Well, I'll agree to that yeah.
>
> ----
>
> Q. Concerning paclitaxel or Taxol –
>
> A. Yes.
>
> Q. – and it having more neurotoxic – or neurotoxic neuropathy effects than docetaxel, is that something that you've just seen in your clinical experience?
>
> A. No. I think that this has been generally reviewed and that Taxol is more neurotoxic than Taxotere.[8]

As such, testimony on neurotoxicity. the relative neurotoxicity between two chemotherapy drugs. and which is more toxic clearly involves scientific and/or specialized knowledge and/or pertains to matters beyond those contained in Plaintiff's medical records, and clearly were not disclosed and should be excluded.

---

[6] Ex. B, Kardinal Dep. 1/17/2018 at 49:25-50:9.
[7] Ex. B, Kardinal Dep. 1/17/2018 at 49:25 – 52:6. *See also,* 135:19 – 139:5.
[8] Ex. B, Kardinal Dep. 1/17/2018 at 71:25-72:5 and 136:17-137:1.

**Testimony of Dr. Zoe Larned is insufficient under Rules 26(a)(2)(B) and 26(a)(2)(C)**

Dr. Larned was asked numerous times at her deposition to provide opinions on permanent hair loss.[9] She was never offered as an expert on causation of persistent alopecia or hair loss and agreed that she was not qualified to offer opinions on same.[10] Dr. Larned is an oncologist, and was not qualified as an expert in dermatology.[11] Yet despite Sanofi confirming its understanding with Dr. Larned that she "is not qualified to offer expert opinion []testimony" about the cause of persistent hair loss, Sanofi lists Dr. Larned as an expert under FRCP 26(a)(2)(c) and yet fails to identify the facts relied upon or the anticipated testimony to be offered.

> Q. Would you say that it's a rare side effect?
>
> A. Yes.
>
> ---
>
> Q. Do you think it's possible that Ms. Kahn's either menopause or Tamoxifen use contributed to her hair loss?
>
> A. Potentially.
>
> ---
>
> Q. Do you agree that hair loss can be caused by many things, including thyroid issues, menopause, Tamoxifen, among others?
>
> A. Yes.
>
> Q. And persistent hair loss could be caused by those things, correct?
>
> A. Yes.
>
> ---

---

[9] Ex. C, Larned Dep. 2/22/2018 at 59:1-60:4, 92:2-12, 146:13-21, 147:12-148:17 and 149:10-15.
[10] Ex. C, Larned Dep. 2/22/2018 at 29:7-30:21 and 121:1-12.
[11] Ex. C, Larned Dep. 2/22/2018 at 30:15-21 ("Do you agree that you are not qualified to offer expert opinions or expert opinion testimony in this litigation on diagnosing the cause of persistent alopecia or hair loss?  A.  Yes.")

> Q. So can you say to a reasonable degree of medical certainty that Ms. Kahn would have a full head of hair today has she received Taxol instead of Taxotere?
>
> A. I cannot say that.[12]

As such, testimony on the potential causes of Ms. Kahn's permanent hair loss, and the rates of permanent hair loss associated with other drugs and unrelated medical conditions are issues that involve scientific and/or technical knowledge and/or pertain to matters beyond those contained in Plaintiff's medical records. Additionally, as the Court will see through Plaintiff's other motions, no retained or non-retained expert offers reliable and credible expert opinion testimony on whether any other chemotherapy drug, Tamoxifen or other medical condition can cause permanent, chemotherapy-induced alopecia (PCIA).[13]

### C. Sanofi Fails to Satisfy Disclosure and *Daubert* Requirements for both Treating Physicians Kardinal and Larned

As discussed, the proposed testimony identified above is not confined to facts or data that the physicians learned during the actual treatment of Plaintiff, but includes opinions based on scientific, technical, or other specialized knowledge that qualifies as expert testimony. *See Warren*, 2020 WL 4260448, at *2; *Perdomo,* 2012 WL 2138106, at *1, *Rea*, 2014 WL 4981803, at *2. Accordingly, the disclosure requirements of Rule 26(a)(2-3) must be met.

"Here, the question is not the level of specificity required in the summary, because [Sanofi] has failed to produce any summary of the facts and opinions to which the witness is expected to testify." *Talbot v. Elec. Ins. Co.*, No. 17-299, 2018 WL 8223433, at *4 (M.D. La. Nov. 19, 2018). Sanofi's vague statement fails to provide at the very least an abstract or summary of the opinions being offered and the supporting facts. Instead, Plaintiff is left to guess which subjects covered in

---

[12] Ex. C, Larned Dep. 2/22/2018 at 59:21-60:4; 92:4-12, 146:13-21 and 149:10-15.

[13] *See* Motions to exclude certain opinions of Sanofi retained experts John Glaspy, M.D.; Ellen Chang, ScD; Lee Jen Wei, PhD; Gerald Miletello, M.D.; and Janet Arrowsmith, MD filed on August 13, 2020.

7

Dr. Kardinal's and Dr. Larned's depositions may be addressed at trial. Ms. Kahn needs the opportunity to prepare for effective cross examination and arrange for testimony from other experts, if necessary. Moreover, the "subject matter" of the testimony covered in Dr. Kardinal's and Dr. Larned's depositions pertain to matters beyond the medical records, including causation,[14] which clearly constitutes expert testimony and is therefore subject to the disclosure requirements of Rule 26(a)(2)(B), for which no reports were offered.

And there was no attempt at setting out a methodology used by the physicians to establish their opinions. It was simply questions unmoored from any factual basis, supporting research or references, and more akin to off the cuff, subjective opinions. The 2010 amendment to FRCP 26(a)(2)(C) makes clear that such cavalier opinions do not comport with the rule and are subject to court's gatekeeping scrutiny concerning a proper disclosure of opinions being offered.

Further, because Rule 26(a)(2)(C) refers to Fed. R. Evid. 702, and the offering of expert testimony, the proponent of the testimony must establish the requirements for admissibility of the expert under *Daubert*, and its progeny. Sanofi's disclosures make no attempt at demonstrating the evidentiary requisites for the admission of expert testimony from Dr. Kardinal or Dr. Larned, and any opinions beyond what is contained in their respective medical records is due to be excluded.

In sum, whether Dr. Kardinal and Dr. Larned are considered treating physicians or experts subject to Rule 26(a)(2)(C), their proposed testimony should be limited to only opinions and conclusions set out in their medical records and data learned and recorded during their actual treatment of Plaintiff.

---

[14] Ex. C, Larned Dep. 2/22/2018 at 59:21-60:4; 92:4-12, 146:13-21 and 149:10-15.

**D. Sanofi's Failure to Disclose Was Not Substantially Justified or Harmless.**

As mentioned, "[f]ailure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1), and the party is not allowed to use 'that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Warren*, 2020 WL 4260448, at *3 (citing *Red Dot Bldgs.*, 2012 WL 2061904, at *3); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. 2008). "Courts evaluate four factors to assess the nature of the omission in deciding whether to strike the testimony: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).

As for the first factor, Sanofi has not offered an explanation for its failure to offer proper disclosure under Rule 26(a)(2)(C). On the second factor, causation testimony would be highly important at trial given causation is a key issue. The third factor, the potential prejudice in allowing the testimony, weighs against allowing it. As the *Earnest* jury's verdict rested on causation, it is obvious that the *Kahn* jury will be faced with the critical issue of causation. Any jury consideration of causation must be only based on admissible evidence. Further, Plaintiff does not know what issues Sanofi intends to offer these witnesses for at trial and that lack of information is problematic given the tight deadlines set for the trial in February of 2021. As for the last factor, concerning the availability of a continuance to cure such prejudice, the deadline set for in the scheduling order for Sanofi's expert disclosures and reports was April 17, 2020. The trial has already been postponed from August 10, 2020 to October 19, 2020 to February of 2021 which weighs heavily against

another continuance. Moreover, the fact that Sanofi offers no explanation for its failure to provide proper disclosures militates against the granting a continuance.

## IV. CONCLUSION

Both Dr. Kardinal and Dr. Larned's disclosures lack any recitation of opinions or facts upon which their testimony is to be offered and run afoul of Rule 26(a)(2)(C). Additionally, Dr. Karidnal and Dr. Larned were deposed as only treating physicians for Mrs. Kahn, before expert disclosures were required, and neither provided any expert report.[15] Plaintiffs have not had an opportunity to cross examine either of these treating physicians' opinions and/or to challenge the basis, methodology, or reliability of their opinions under FRE 702 and *Daubert*. And this is because adequate disclosure of opinions required under Rule 26(a)(2)(B) and (C) were not made. Such failures, moreover, were not substantially justified or harmless.

Wherefore, Plaintiff respectfully moves this Court to exclude any expert testimony of Dr. Carl Kardinal and Dr. Zoe Larned at the trial of this matter. Specifically, Plaintiff, Elizabeth Kahn, requests that the Court order the exclusion of:

1. Any opinions from Dr. Zoe Larned or Dr. Carl Kardinal not set out in their respective medical charts on Plaintiff, Elizabeth Kahn; and

2. Any opinion on the diagnosis, cause, or permanency of persistent hair loss, in general and specifically related to Ms. Kahn.

3. Any opinion on the neurotoxicity of Taxotere, Taxol or other chemotherapy drugs and the comparison of the neurotoxicity values between chemotherapy drugs; and

4. Any opinion or facts supporting any opinion not disclosed; and or

---

[15] Concerning Dr. Larned: "Do you understand that you're here today to talk about your care and treatment of Elizabeth Kahn?  A.  Yes."  Ex. C, Larned Dep. 2/22/2018 at 8:11-14.

5. Any opinion on the rates of persistent hair loss associated with other drugs and unrelated medical conditions.

Dated: August 13, 2020            Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                        */s/ Dawn M. Barrios*
                        DAWN M. BARRIOS