UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br>*Cynthia Brown*, Case No. 2:18-cv-06428<br>*Sandra Burks*, Case No. 2:18-cv-00686<br>*Angela Durden*, Case No. 2:18-cv-01544<br>*Juanita Greer*, Case No. 2:18-cv-11728<br>*Hattie Grines*, Case No. 2:16-cv-15319<br>*Mildred Kumar*, Case No. 2:17-cv-15311<br>*Minnie Moore*, Case No. 2:18-cv-12295<br>*Shirlon Pigott*, Case No. 2:18-cv-08673<br>*Melissa Roach*, Case No. 2:17-cv-07918<br>*Cindy Smith*, Case No. 2:18-cv-07702<br>*Emma Willie*, Case No. 2:18-cv-03857 | MDL No. 2740<br><br>SECTION: H<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE NORTH |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINTS OF BELLWETHER POOL PLAINTIFFS FOR TRIAL FOUR**

Plaintiffs, through the Plaintiffs' Steering Committee, respectfully submit this Reply Memorandum in Support of its Motion for Leave to File Amended Short Form Complaints of Bellwether Pool Plaintiffs and submit the following:

Sanofi raises three objections to Plaintiffs' proposed Short Form Complaint amendments: (1) futility, (2) non-particularized, and/or (3) conflicts with PTO 105[1]. Each of these will be addressed individually.

---

[1] Defendants also allege that 4 Plaintiffs have allegations that are contrary to the Plaintiff Fact Sheet (PFS). This is not a reason to deny an amendment. The PFS is amended often to add newly learned and recalled information and any true contradiction will be amended to ensure consistency. Additionally, the Defendants have the opportunity at a deposition to question the Plaintiffs on statements it believes are contradictory.

1

I. **<u>The Proposed Amendments are not Futile.</u>**

Sanofi urges that the proposed amendments are futile under its view that the statute of limitations has run. This argument is meritless. The amendments of the bellwether Short Form Complaints are proper as they are factual allegations specific to each Plaintiff, and relate to their treatment and communications with their physicians, consistent with PTO 105. Sanofi's attempt to use a futility argument to prematurely brief its position on Mississippi statute of limitations is untimely and an inaccurate recitation of Mississippi law. Plaintiffs will respond to any statute of limitation arguments under Mississippi law at the appropriate time as set forth in a briefing schedule. Sanofi cites *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) to bolster their futility argument. However, *Smith* is factually distinguishable as that case involved a motion for leave to add a fraud claim filed during the middle of trial. Here, no depositions have occurred, and no expert reports have been prepared. Plaintiffs are not alleging any new causes of action.

II. **<u>The Proposed Amendments are Particularized and Case-Specific.</u>**

Leave to amend a complaint should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue or allowance of amendment and futility of amendment. *Id*. The characterization of individual Plaintiffs' supplemental allegations as non-particularized is simply inaccurate, as the allegations are Plaintiff-specific. Sanofi appears to take issue that Plaintiffs allege similar facts, but this is to be expected since these cases were centralized by the Judicial Panel for Multidistrict Litigation because of the common issues of fact among these Plaintiffs.

The bellwether Plaintiffs are permitted to add particularized facts individual and specific to each Plaintiff's treatment because such amendments in no way unfairly surprise or prejudice Defendants, are not alleged in bad faith, are not futile and are timely given that such cases are still

at the pleadings/pre-deposition stage. Indeed, such amendments are contemplated by the language of both PTO 105 and the exemplar Short Form Complaint. Moreover, the amendment of pleadings deadline (pursuant to the parties' agreed schedule for Trial 4) has not passed. It would be highly prejudicial to deny these Plaintiffs the opportunity to allege particularized facts related to their medical care and treatment and allegations that reflect their experiences, which are relevant to the analysis of their claims.

### III. The Proposed Amendments Comply with PTO 105.

Plaintiffs vehemently disagree with Sanofi's reading of PTO 105 as it relates to the scope of permissible amendments. It appears Defendants have misread PTO 105 to state that ONLY communications with medical professionals can be plead. This is incorrect. PTO 105 does not bar case-specific allegations, including those pertinent to the injury, care and treatment, which are *particular* to that Plaintiff. *See Plaintiffs' Obecjtions to Pretrial Order No. 105* (Rec. Doc. 10457*).* To the contrary, PTO 105 expressly allows such allegations. PTO 105, paragraph 2 states "Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." *See* PTO 105 (Rec. Doc. 10338).

PTO 105 does not obviate the Court's prior Orders in PTO Nos. 15, 73, and 73A, directing Plaintiffs to use the Court-approved and agreed upon exemplar Short Form Complaint, "tailor[ing] the form to correspond to each Plaintiff's claims/allegations." *Id.* at ¶2 (internal quotation omitted). Any interpretation of this language restricting Plaintiffs' ability to allege such particularized facts is contrary to law given that leave to amend should be freely permitted where, as here, such allegations merely provide more specific facts in support of the same theories of recovery of which Defendants were already put on notice.

If Plaintiffs' right to allege particularized facts as permitted by PTO 105 is denied, it would essentially treat statute of limitations as a common issue, which is contrary to established precedent in a prior MDL in this district. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* No. 25292, 2012 WL 1580761, at*2 (E.D. La. May 4, 2012). Moreover, such denial will prevent Plaintiffs from addressing statute of limitations issues and will allow Defendants to urge an affirmative defense to prevent amendment. PTO 105 properly allows Plaintiffs to amend Short Form Complaints to allow advancement of particularized *allegations* about their injury for the record. Allegations do not establish any *entitlement* to relief, and thus PTO 105 in no way prejudices Defendants, who retain the right to challenge the allegations through depositions and cross examination. In contrast, prohibiting Plaintiffs' proposed particularized allegations that merely set forth individualized experiences and recollections of Plaintiffs is deeply prejudicial because nothing in the master long form complaint speaks to any Plaintiffs' individual experience. That is precisely why this Court established the use of individual Short Form Complaints to set forth facts particular to Plaintiffs' cases as nothing in the Second Amended Master Long Form Complaint is particular or specific to any MDL Plaintiff.   The Short Form Complaint is the vehicle in which Plaintiff establishes the requiste allegations to support her claim under applicable state law.

### IV.   Conclusion

Plaintiffs have followed the Court's requirements for short form complaint amendments under PTO Nos. 15, 73, 73A and 105. Accordingly, Plaintiffs Cynthia Brown, Sandra Burks, Angela Durden, Juanita Greer, Hattie Grines, Mildred Kumar, Minnie Moore, Shirlon Pigott, Melissa Roach, Cindy Smith, and Emma Willie, respectfully request the Court grant their Motion

for Leave to Amend their Short Form Complaints and enter the proposed pleadings into the record.

Dated: August 7, 2020                                       Respectfully submitted,

/s/ Christopher L. Coffin                                    /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                             Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505                              GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                                 6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                                        Los Angeles, California 90045
Fax: (504) 355-0089                                          Telephone: 510-350-9700
ccoffin@pbclawfirm.com                                       Facsimile: 510-350-9701
                                                             kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                                             *Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert                                         /s/Dawn M. Barrios
M. Palmer Lambert (#33228)                                   Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                    BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                     701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                      New Orleans, LA 70139
New Orleans, LA 70163-2800                                   Phone: 504-524-3300
Phone: 504-522-2304                                          Fax: 504-524-3313
Fax: 504-528-9973                                            barrios@bkc-law.com
plambert@gainsben.com
                                                             *Plaintiffs' Co-Liaison Counsel*
*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                                 Daniel P. Markoff
Andrews Thornton Higgins Razmara, LLP                        Atkins & Markoff Law Firm
2 Corporate Park, Suite 110                                  9211 Lake Hefner Parkway, Suite 104
Irvine, CA 92606                                             Oklahoma City, OK 73120
Phone: (800) 664-1734                                        Phone: (405) 607-8757
aa@andrewsthornton.com                                       Fax: (405) 607-8749
                                                             dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s /Dawn M. Barrios*
DAWN M. BARRIOS