UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Sheila Crayton, Case No. 2:17-cv-05923.

_____

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT ON THE CLAIMS OF SHEILA CRAYTON
_____

Nowhere in their Opposition do Plaintiffs dispute that: (1) Sheila Crayton was selected as a bellwether trial plaintiff and subject to Court ordered obligations and deadlines; or (2) the PSC knew well in advance of the Court ordered deadline that it would not be producing essential specific causation evidence for Ms. Crayton but failed to notify the Court or Sanofi that no evidence would be forthcoming. Because Ms. Crayton failed to produce essential specific causation evidence, Sanofi is entitled to summary judgment on her claims. And, because the PSC failed to inform Sanofi that it would not be producing this evidence, Sanofi is entitled to costs and fees for the time unnecessarily spent preparing to defend her case at trial.

**I. AS AN ALTERNATE BELLWETHER PLAINTIFF, MS. CRAYTON WAS OBLIGATED TO PROCEED WITH HER SUIT AND SUBMIT SPECIFIC CAUSATION EVIDENCE.**

Plaintiffs contend Ms. Crayton's case should not be dismissed for failing to produce essential specific causation evidence because Ms. Crayton has been removed from the trial pool.[1]

---

[1] Rec. Doc. 10909, at 5 (Pl.'s Opp'n to Sanofi's Mt. for Summ. J.).

1


According to Plaintiffs, Ms. Crayton is now "merely one of 12,000 plaintiffs," who, until the Court enters an order requiring proof of diagnosis, is under no obligation to submit evidence of her injury.[2] This argument fails for at least three reasons.

First, Plaintiffs ignore the timing of events. The October 21, 2019 deadline for Ms. Crayton to produce expert evidence passed well before she was removed from the trial pool on December 11—and almost a month before the Court decided to interview Ms. Crayton on November 18.[3] Until the Court removed Ms. Crayton from the trial pool, she remained subject to the same duties and obligations of any case selected for trial.[4] *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) ("Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial. Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with [her] own suit, if so selected.").

Second, the Court's decision to defer ruling on Sanofi's Motion for a Medical Diagnosis Order is irrelevant to Ms. Crayton's case. Ms. Crayton is not like the over 12,000 other plaintiffs with cases pending in this MDL. Once Ms. Crayton was selected as an alternate plaintiff for the second bellwether trial, "sitting back to await the outcome of another plaintiff's experience" was no longer an option. *See In re FEMA*, 628 F.3d at 163. Ms. Crayton was the subject of extensive

---

[2] *Id.*

[3] *Id.* at 4–5.

[4] The PSC also asserts that Ms. Crayton "does not want to be singled out for special treatment and forced to produce an expert report at this perilous time of Covid-19 outbreak." Rec. Doc. 10909 at 6. This is the second time the PSC has invoked the current global health crisis to excuse failings that occurred well before the outbreak. *See* Rec. Doc. 10667 at 10 (Pls.' Mot. for Recons. re Order Granting in Part Defs.' Mot. for Summ. J.). The deadline for Ms. Crayton to produce expert evidence on specific causation was October 21, 2019. Since she failed to produce this required evidence, Sanofi is entitled to summary judgment. *See Stewart v. Capital Safety USA*, 867 F.3d 517, 522 (5th Cir. 2017) (affirming summary judgment for defendants where plaintiff did "not proffer[] any competent expert testimony on causation.").

pretrial discovery up to the summary judgment stage, and when she failed to produce evidence that raised a genuine issue of material fact about whether she was injured in the way she alleged, her case became subject to dismissal.

Finally, Plaintiffs incorrectly argue that *Housley v. Cerise*, 579 So. 2d 973 (La. 1991) saves Ms. Crayton from summary judgment because, by alleging she developed PCIA *after* receiving Taxotere, the "evidence of causation . . . [is] sufficient to deny the requested relief."[5] This reliance is misplaced. The only "evidence" of injury Ms. Crayton has produced is an "after photo" reflecting that she has no appreciable hair loss and which, according to Dr. Tosti, is insufficient to establish PCIA.[6] Regardless, the *Housley* presumption does not apply at the summary judgment stage. *Savoy v. Kroger Co.*, No. 2:17-cv-00897, 2020 WL 97377, at *9 (W.D. La. Jan. 7, 2020)("[C]ourts have held that the *Housley* presumption does not apply at the summary judgment stage."); *Miller v. Mr. B's Bistro, Inc.*, No. 04-3271, 2005 WL 2036780, at *2 (E.D. La. Aug. 3, 2005) (finding no cases where courts "granted summary judgment to a plaintiff based upon the *Housley* presumption"). Rather, "[t]he *Housley* presumption comes into play when a party appeals an adverse decision in the trial court." *Miller*, 2005 WL 2036780, at *2. The *Housley* presumption does not apply, so it cannot relieve Ms. Crayton from her obligation to produce expert evidence on specific causation. Sanofi is entitled to summary judgment on Ms. Crayton's claims, and her case should be dismissed.

## II.  COSTS AND FEES ARE APPROPRIATE.

In opposing Sanofi's request for costs and fees, Plaintiffs argue the PSC never "violated any order of the Court" and should not be "sanctioned for not disclosing litigation strategy with

---

[5] Rec. Doc. 10909 at 7–8.

[6] *See* Ex. 7 to Rec. Doc. 10808 (Defs.' Mot. for Entry of a Medical Diagnosis Order); *see also* Tosti Dep. (Dec. 12, 2019) at 119:25–120:5, 181:20–182:1.

the opposing party."[7]  Plaintiffs seem to suggest that because local counsel and the PSC repeatedly urged the Court that Ms. Crayton should not be a bellwether candidate, the Court's denial of the PSC's motion to remove Ms. Crayton from the second bellwether trial pool in May 2019 is immaterial.[8]  It is not, and the PSC's failure to produce expert evidence for Ms. Crayton without notice to the Court or Sanofi—*despite* the Court's order that Ms. Crayton would continue to serve as a bellwether plaintiff—cannot be called good faith "litigation strategy."  When it became clear to the PSC that Ms. Crayton could not—or would not—be seeing a medical professional to obtain a diagnosis, the PSC should have notified the Court and Sanofi that Ms. Crayton's case could not proceed.  Instead, Sanofi spent considerable time and resources working up a case that the PSC knew would not proceed to trial.  The Court should order the PSC to pay the costs and fees Sanofi incurred unnecessarily defending Ms. Crayton's case from May 7, 2019, until December 11, 2019.[9] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also* Fed. R. Civ. P. 37(b)(A)–(C); 28 U.S.C. § 1927.

## CONCLUSION

For the reasons stated above, Sanofi is entitled to summary judgment on Ms. Crayton's claims and to costs and attorney's fees spent preparing to defend against her claims at trial.

---

[7]  Rec. Doc. 10909 at 7.

[8]  Rec. Doc. 6935 (Minute Entry re May 7, 2019 Telephone Status Conference with Liaison Counsel).

[9]  Rec. Doc. 8701 (December 11, 2019 Order That Crayton Will No Longer Serve as Bellwether Plaintiff).

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*