UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** |
| | **SECTION "H" (5)** |

**THIS DOCUMENT RELATES TO:**
*Lula Gavin, Case No. 2:18-cv-11232*
*Clare Guilbault, Case No. 2:16-cv-17061*
*Debbie Hubbard, Case No. 2:18-cv-10283*
*Audrey Plaisance, Case No. 2:18-cv-08068*

## HOSPIRA'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINTS

Hospira, Inc. and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. (together, "Hospira") respectfully submit this Surreply in Opposition to Plaintiffs' Motion for Leave to File Amended Short Form Complaints (Doc. 10817) to address a misrepresentation of the record in Plaintiffs' Reply Memorandum (Doc. 10989). In their Reply, Plaintiffs suddenly claim that one of the agreed-upon cases eligible for Trial 5 (Plaintiff Audrey Plaisance) should be tried in the Northern District of Illinois. But this Court selected this case as a potential Trial 5 case more than a year ago, and Plaintiff never made any objection based on venue or otherwise. To the contrary, Plaintiff *agreed* in February 2020—six months ago—that it was one of the four new cases eligible for Trial 5 in this Court. Thus, Plaintiffs' Reply is a transparent and misguided attempt to manipulate the trial pool and should be summarily rejected.

Plaintiffs' Reply incorrectly asserts that this Court should allow Plaintiff Plaisance, a Louisiana resident who alleges she sustained injury as a result of using docetaxel in Louisiana, to maintain claims under Illinois law because Hospira did not previously object to Plaintiff Plaisance's original alternative venue designation of the United States District Court for the

Northern District of Illinois in her Short Form Complaint ("SFC"). Reply at 5. Plaintiffs erroneously contend that Case Management ("CMO") Order No. 14C (Doc. 6789) governed objections to this set of trial pool cases.

Although CMO 14C provided for the initial June 2019 trial case selection and objections procedure for cases eligible for Trials 4 and 5, that procedure was *superseded* by CMOs 19 (Doc. 7402), 19A (Doc. 7636), and 20 (Doc. 7772). Under CMOs 19, 19A, and 20, on July 29, 2019, this Court selected a group of 32 Plaintiffs for the trial pool for the fourth and fifth trials and allowed the parties until August 9, 2019 to "raise any objections" to inclusion of the cases in the trial pool. CMO 20 (Doc. 7772); *see also* CMO 19 (Doc. 7402). CMO 19 made clear that it "amend[ed] any previous order insofar as it relates to the selection of trial pool plaintiffs for the fourth and fifth bellwether trials." CMO 19 (Doc. 7402). Thus, the selection and objections procedure set out in CMO 14C did not apply and, instead, the Court selected a group of cases, and the parties had until August 9, 2019 to raise objections to their inclusion in the trial pool. Consistent with this Court's direction that trial pool cases be cases in which venue is proper in this Court or another district court within the Fifth Circuit, *see, e.g.*, CMO 14A (Doc. 5035) at 2, this Court's CMO 20 case selections involved Plaintiffs, including Plaintiff Plaisance, who alleged they were Louisiana, Mississippi, or Texas residents.

To the extent Plaintiff Plaisance intended to contend that venue was not proper in this Court (or the Fifth Circuit) and that she intended to seek to proceed with her case in the Northern District of Illinois, she was required to raise that objection by August 9, 2019 as provided by CMO 20. She did not raise that or any other objection to inclusion of her case in the trial pool.

By contrast, several Plaintiffs selected by the Court in CMO 20 raised objections based on lack of venue in the Fifth Circuit[1]:

> **IV. Venue Issues**
>
> The following cases have potential venue issues because their cancer treatment occurred outside the 5th Circuit: (1) **Tanga Dyson**, 17-cv-1001; (2) **Tinella Thomas**, 17-cv-12048; and, (3) **Kelly Mosher**, 17-cv-10833.

Thereafter, at the Court's direction, Plaintiffs and Hospira selected two cases per side from among the Court's CMO 20 cases—to which neither side had objected—for a total of four cases to be added to the trial pool eligible for Trial 5. Plaintiffs and Hospira agreed that *Plaisance* was one of the cases to which neither side had objected, and on February 20, 2020, Plaintiffs and Hospira jointly submitted it as one of the four cases selected by the parties to "be added to the trial pool for the fifth bellwether trial." CMO 26 (Doc. 10461). Plaintiff Plaisance never raised an objection to venue in this Court or the Fifth Circuit, a prerequisite for inclusion in the trial pool. She sought to assert a request for a different venue in Illinois only as part of her recent motion to amend her SFC.

Plaintiff's position not only is contrary to this Court's procedures and CMOs but also prejudicial. Since February 2020, the parties have been engaging in Phase 1 discovery in Plaintiff Plaisance's case, including conducting written discovery, records collection, and preparing for and scheduling depositions. Plaintiff should not be permitted to abruptly seek to remove this case from the trial pool based on her erroneous procedural objection after the parties have proceeded in reliance on their agreement and this Court's orders.

---

[1] *See* 8/9/19 Letter to Judge Milazzo from Plaintiffs' Co-Liaison Counsel re: Plaintiffs' Objections to CMO 20 Cases.

In sum, it is Plaintiff Plaisance, not Hospira, who has waived any right to challenge venue in her case in this Court. This Court's CMOs do not permit Plaintiff's belated and prejudicial attempt to avoid this Court and Louisiana law, and her motion to amend should be denied.

Date: August 21, 2020

Respectfully submitted,

*/s/ Mark S. Cheffo*
Mark S. Cheffo
Mara Cusker Gonzalez
DECHERT LLP
Three Bryant Park
1095 Avenues of Americas, 31st Floor
New York, New York 10036
Telephone: (212) 689-3814
Facsimile: (212) 698-3599
Mark.Cheffo@dechert.com
Maracusker.Gonzalez@dechert.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
CHAFFE McCALL LLP
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*