UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

*Juanita Greer*, Case No. 2:18-cv-11728

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON THE STATUTE OF LIMITATIONS

In the Master Complaint, all Plaintiffs claim to have suffered the same injury—"permanent chemotherapy-induced alopecia"—and all Plaintiffs claim they sustained that injury six months after they completed chemotherapy.[1] Plaintiff Juanita Greer—one of the eleven Mississippi bellwether plaintiffs—adopted those allegations in her individual pleadings.[2] In Mississippi, the statute of limitations is three years. Miss. Code Ann. § 15–1–49. Yet, Ms. Greer waited to file until nearly nine years after injury. As this Court has recognized in cases pleading identical factual allegations, Ms. Greer's complaint is time-barred on its face.

Here, Ms. Greer's claims can proceed <u>only</u> if she can allege facts showing that the statute of limitations was tolled under Mississippi law. However, in stark contrast to Louisiana law, which this Court has analyzed in other cases, the Mississippi statute will toll only in cases involving *latent* injuries, defined to mean injuries that are hidden or unseen. Under Mississippi law, neither the plaintiff's knowledge of the cause of her injury nor the reasonableness of the actions in discovering

---

[1] Rec. Doc. 4407 ¶ 181.

[2] Rec. Doc. 10668-6.

the claim are relevant.  Absent a latent injury, no discovery rule applies, and the statute runs three years after the injury was sustained.

Here, Ms. Greer specifically pled that her injury was obvious, and, in fact, the obviousness and stigmatizing nature of hair loss is one of all Plaintiffs' fundamental complaints.  Because Ms. Greer does not assert that she suffered a hidden or unseen injury, the inquiry ends.  The Mississippi discovery rule does not apply, and Ms. Greer's claim accordingly was time barred three years after she sustained her alleged injury.  Because she did not file suit until nearly nine years after her injury was sustained, Ms. Greer's claims should be dismissed and Sanofi should not be required to incur the unnecessary expense of conducting bellwether discovery in a time-barred case.

## FACTUAL BACKGROUND

Ms. Greer alleges she received chemotherapy treatment that included Taxotere "[a]pproximately from September 2009 to October 2009."[3]  Ms. Greer filed her original Short Form Complaint on November 29, 2018, adopting the allegations in the Master Complaint defining "permanent" alopecia as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[4]  As such, her injury accrued in April 2010.

The Master Complaint alleges that permanent alopecia is so apparent that it has stigmatized

---

[3]  Rec. Doc. 10668-6 ¶ 10.

[4]  Rec. Doc. 1.  On June 29, 2020, Plaintiffs, including Ms. Greer, moved for leave to file Amended Short Form Complaints.  See Rec. Docs. 10603, 10663.  Sanofi has opposed leave to amend Plaintiffs' injury allegations, see Rec. Doc. 10861, based on the Court's prior rulings that Plaintiffs may not seek to redefine their injury away from the definition in the Master Complaint.  *See* Rec. Doc. 9115 ("Both as a general matter and for purposes of prescription, this MDL requires defining Plaintiffs' injury. This Court used a definition that the medical literature has adopted and that Plaintiffs have espoused" and "will not reconsider its ruling"); *see also* Rec. Doc. 10456.  Further, at most Ms. Greer proposes to change her injury date to something less concrete than six months following chemotherapy.  *See* Rec. Doc. 10861.  Even if those amendments were permitted, this Court has already determined that Plaintiffs cannot avoid a statute-of-limitations ruling by "being evasive in their Short Form Complaints about when their injuries occurred."  Rec. Doc. 9115 at 4.  And Plaintiffs' proposed amendments do not alter the non-latent nature of their injuries.  Plaintiffs' pending motions to amend their SFCs accordingly have no bearing on the present motion.

2

plaintiffs (including Ms. Greer) and negatively affected body image, social relationships, and emotional well-being.[5]  But despite specifically pleading that she developed permanent hair loss six months after she finished treatment with Taxotere, Ms. Greer waited until November 2018 before filing her lawsuit.[6]

## LEGAL STANDARD

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.2007).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dismissal is proper where, like here, "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Woolfolk v. Rhoda*, No. 3:19-cv-17, 2019 WL 4579287, at *2 (N.D. Miss. Sept. 20, 2019) (quoting *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017)); *see also Crosby v. Pippin*, No. 1:18-cv-343, 2019 WL 1063377, at *X (S.D. Miss. Mar. 6, 2019) (granting motion to dismiss where plaintiff filed complaint after § 15–1–49 statute of limitations had run); *Wells v. Radiator Specialty Co.*, 413 F. Supp. 2d 778, 780 (S.D. Miss. 2006) (granting dismissal under both 12(c) and 12(b)(6) because action was time-barred); *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 897 (Miss. 2006) (holding circuit court should have granted motion to dismiss because action was time-barred).

---

[5]  *See* Rec Doc. 4407 ¶¶ 214–20.

[6]  *See* Rec. Doc. 10668-6.

3

**ARGUMENT**

Ms. Greer's claims are time-barred because: (1) she admittedly sustained her injury six months after the end of chemotherapy but did not file suit within three years thereafter; and (2) the Mississippi discovery rule does not apply to toll the statute of limitations because Ms. Greer did not sustain a latent injury.

**I.   Ms. Greer's claims are time-barred on their face.**

Ms. Greer claims to suffer from permanent chemotherapy-induced alopecia ("PCIA") caused by Taxotere.[7] As this Court has recognized, the Master Complaint alleges that all Plaintiffs' hair loss became permanent six months after the completion of chemotherapy.[8] In filing her Short Form Complaint in MDL 2740, Ms. Greer specifically adopted the allegations of the Master Complaint, including the definition of hair loss becoming permanent six months after chemotherapy.[9] On the face of her pleadings, Ms. Greer has alleged an injury that was sustained six months following the completion of her chemotherapy treatment.

Pursuant to Mississippi Code § 15–1–49(1), Ms. Greer had three years from the date she sustained her injury to file a complaint. Miss. Code Ann. § 15–1–49(1) (1990) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Ms. Greer finished chemotherapy in

---

[7] Rec. Doc. 4407 at, e.g., ¶ 231. Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere. Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary. However, for the purposes of this Motion, even if Taxotere caused Ms. Greer's injuries, her claims still are time-barred by Miss. Code Ann. § 15–1–49.

[8] *See, e.g.*, Rec. Doc. 10833 at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (same), 9110 (same), 10807 (same), 4407 at ¶ 181.

[9] Rec. Doc. 10668-6, *see also* Rec. Doc. 19807 at 4, n.8 (finding Plaintiff Dora Sanford's claims time-barred and noting that "in her Short Form Complaint, Sanford specifically adopted the allegations of the Second Amended Master Complaint.").

October 2009 and accordingly sustained her alleged injury in April 2010.[10]  To be timely, Ms. Greer needed to file her complaint by April 2013, three years later.  Ms. Greer, however, did not file her lawsuit until November 2018.[11]

Ms. Greer's claim is time-barred on its face; a conclusion this Court has already reached in similar cases involving identical injury allegations.[12]

## II.   The discovery rule does not apply because PCIA is not a latent injury.

Because her claim is time-barred on its face, Ms. Greer can only save her claim by alleging facts showing that the statute of limitations was tolled under Mississippi law.  There, Ms. Greer ultimately bears the burden of proof.  *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008) (plaintiff bears the burden to prove application of the discovery rule).

On the issue of tolling, Mississippi and Louisiana law fundamentally differ.  Louisiana's doctrine of *contra non valentem* provides that where a plaintiff has "act[ed] reasonably to discover *the cause*" of the injury, the prescription period may be tolled until the plaintiff has "actual or constructive knowledge of facts indicating to a reasonable person that he or she is the *victim of a tort*."[13]  Plaintiffs' conduct and its reasonableness have been central to this Court's timeliness analysis under Louisiana law.[14]

Under Mississippi law, however, those issues are irrelevant.  Rather, the only question is whether a *latent injury* is present.  *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 455

---

[10]   *See* Rec. Doc. 10668-6 ¶ 10; 4407 ¶ 181.

[11]   Rec. Doc. 10668-6.

[12]   *See* Rec. Doc. 10833 at 3 (finding Ms. Durden's claims prescribed on their face based on Louisiana's one-year prescription period given (1) allegation in Master Complaint that all injuries were sustained six months following completion of chemotherapy, (2) failure to file suit within one year after injury was sustained); *see also* Rec. Docs. 7571, 9110, 10807, 9115 at 4.

[13]   Rec. Doc. 10833 at 4 (emphasis added).

[14]   *Id.*; *see also* Rec. Docs. 7571, 9110, 10807, 9115.

(5th Cir. 2009) ("As the Mississippi Supreme Court has held, this discovery rule only applies if a latent injury is present.")  (internal citation omitted).  If the case does not involve a latent injury, the discovery rule cannot apply.

Mississippi courts have cautioned that a latent injury should be found only in "limited circumstances."  *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 51 (Miss. 2005) (internal quotation omitted) (holding that worker's paint exposure injury was not latent where worker had acute symptoms of injury at time of exposure).  In those limited cases where a latent injury is present, the discovery rule may apply and the limitations period may be tolled but, even then, it will only be tolled until the plaintiff discovers her *injury*, not its cause or that she is a tort victim.  *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010) ("No provision of Section 15–1–49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations.").[15]

Mississippi courts reject the argument repeatedly advanced by other Plaintiffs in this MDL—that the statute of limitations may be tolled until the plaintiff learns the *cause* of her injury via a lawyer advertisement.  *See Pounds v. Rogersol, Inc.*, No. 07-cv-554, 2009 WL 607429, at *5 (S.D. Miss. Mar. 5, 2009) (finding claim accrued when plaintiff was injured, not when she learned of its potential cause "either when we were contacted by telephone by an attorney […] or when we saw an advertisement on television explaining the link.").  That argument has no relevance under Mississippi law.

Here, no latent injury is present, and so the analysis ends.  "[A] latent injury is an injury which is hidden or unseen."  *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007).

---

[15] The Fifth Circuit has recognized the irrelevance of the plaintiff's knowledge regarding the cause of her harm in a general negligence or product liability case.  *Barnes*, 534 F.3d at 357, 360.  The Court recognized that the Mississippi legislature only made plaintiff's knowledge of the cause relevant in medical malpractice actions, intentionally omitting it from the analysis in other matters.  *Id.*

The Fifth Circuit has recognized that "'[f]or an injury to be latent it must be undiscoverable by reasonable methods' such as 'through personal observation or experience.'" *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 455 (5th Cir. 2009) (quoting *PPG*, 909 So. 2d at 51) (holding there was no latent injury in confidential client information misappropriation case where discovering injury "was not difficult").

The heart of each Plaintiff's claim in this MDL is that the injury suffered was so apparent it stigmatized all Plaintiffs, their body image, and their social relationships.[16] The Master Complaint alleges that permanent hair loss is a "disfigurement" that "acts as a permanent reminder [to Plaintiffs] that they are cancer victims" and has "altered Plaintiffs' self-image, negatively impacted their relationships, and others' perceptions of them, leading to social isolation and depression."[17] Ms. Greer has adopted all of those allegations. As such, she can never meet her burden to prove that she experienced a latent, hidden injury that was undiscoverable through "personal observation." Rather, all Plaintiffs, including Ms. Greer, have made the open and obvious nature of their injury central to their claims.

Under Mississippi law, an injury like permanent hair loss—which is obvious—cannot be latent. Courts have held that (1) an obvious injury to a patient's back, (2) a known finger injury, (3) injuries sustained during a wrestling match, and (4) chemical exposure resulting in acute neurological complications, were obvious, non-latent injuries that did not toll the statute of limitations. *See Freeman v. Univ. of Mississippi Med. Ctr.*, 944 So. 2d 75 (Miss. Ct. App. 2006) (back injury was not a latent injury); *Benoist Elevator Co. v. Mitchell*, 485 So. 2d 1068 (Miss. 1986) (trial court's finding that claimant had sustained latent injury was improper where claimant

---

[16] Rec. Doc. 4407 ¶¶ 214–20.

[17] *Id.* at ¶¶ 6, 231.

had previously been compensated for injury to finger); *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1250 (Miss. 2015) (battery during wrestling matches and sports physicals cannot be latent injury because "in a typical battery action, the action would be ascertainable to one at the time of the touching"); *PPG*, 909 So. 2d at 51 (exposure to paint fumes resulting in fainting and subsequent neurological symptoms was a known injury).

A finding that permanent alopecia is not latent under Mississippi law likewise would be consistent with those limited opinions finding a latent injury did exist. In *Barnes*, for example, the Fifth Circuit recognized that lung cancer caused by lifelong exposure to contamination emitted from a wood treatment plant was a latent disease, and the resulting claims did not accrue until the decedent was diagnosed. *Barnes*, 534 F.3d at 359–60. Similarly, in *Pounds*, acute lymphocytic leukemia caused by benzene exposure was considered a latent disease, and the claim accrued upon the decedent's diagnosis. *Pounds*, 2009 WL 607429, at *1, 5. In both cases, plaintiffs were unaware of their injuries until the time of diagnosis, and, in fact, it appears that neither plaintiff was even aware that she had been exposed until that time. The facts of those cases are fundamentally at odds with the facts of Ms. Greer's lawsuit, which involves an admittedly known exposure, with hair loss during treatment and continuing thereafter that was visible and obvious.

The latency analysis undertaken in *Barnes* and *Pounds* makes sense considering that discovery rules largely developed in response to injury claims resulting from asbestos exposure. *See, e.g.*, Alex J. Grant, *When Does the Clock Start Ticking?: Applying the Statute of Limitations in Asbestos Property Damage Actions*, 80 Cornell L. Rev. 695, 696–97 (1995) (describing asbestos litigation as the "mother of invention" because it prompted "the widespread adoption of the discovery rule for applying the statute of limitations."). A plaintiff may be unaware of an asbestos exposure, may have no symptoms, and may not be diagnosed with any illness for many years. *See,*

8

*e.g.*, *Trieschock v. Owens Corning Fiberglas Co., Inc.*, 511 A.2d 863, 865 (Pa. Super. Ct. 1986) (concluding that date of injury was "simply not ascertainable" in an asbestos case when the disease developed "over years without symptoms."). The Mississippi Supreme Court has similarly recognized that Mississippi's discovery rule was intended to address cases in which an unknown injury may appear many years following an exposure. *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 708 (Miss. 1990).

That logic, however, has no application here. Rather, Ms. Greer specifically pled that (1) hair loss is a well-known side effect of chemotherapy, (2) hair loss typically begins one to three weeks into a chemotherapy regimen, (3) she had permanent chemotherapy-induced alopecia six months following chemotherapy, and (4) she suffered injuries that were so open and obvious they stigmatized her and altered the way she and others viewed herself. Ms. Greer's allegations are directly contrary to any claim that she suffered a latent injury.

Ms. Greer completed chemotherapy in October 2009.[18] Ms. Greer sustained her injury in April 2010.[19] Because no latent injury is present, the discovery rule does not apply, and Ms. Greer's claims accordingly expired in April 2013—three years after her injuries were sustained. That conclusion requires no further discovery as all necessary facts appear in the Master Complaint and Ms. Greer's Short Form Complaint.[20]

## CONCLUSION

For the foregoing reasons, Ms. Greer's claims must be dismissed.

---

[18] Rec. Doc. 10668-6 ¶ 10.

[19] Rec. Doc. 4406 ¶ 181.

[20] Whether Plaintiffs have been diagnosed likewise is irrelevant here. Ms. Greer—like the vast majority of Plaintiffs in MDL 2740—never received a PCIA diagnosis. *Cf.* Rec. Doc. 10808. A fortiori, such a diagnosis cannot be a prerequisite for claim accrual under Mississippi law.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*