UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" |
| | : | JUDGE TRICHE MILAZZO |
| | : | MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | : | |
| Willie Francis, 2:18-cv-08767 | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL DISMISSAL PURSUANT TO RULE 60(b)**

Plaintiff, by and through the undersigned counsel, respectfully requests relief from the incorrect notice of partial dismissal with prejudice as to all Defendants in this matter except Hospira, Inc., and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., requests that the Court vacate said notice of partial dismissal pursuant to Rule 60(b), and respectfully submits that this relief is warranted due to mistake, clerical error, and excusable neglect.

**INTRODUCTION**

Pursuant to this Court's Case Management Order No. 12A ("CMO 12A"), Plaintiff sought partial dismissal with prejudice as to all defendants except for Accord Healthcare Inc. ("Accord"). However, the notice of partial dismissal filed on June 19, 2020 (Doc. No. 10623) inadvertently provided this Court with notice of Plaintiff's intent to dismiss all defendants with prejudice except Hospira, Inc., and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. ("Hospira"). Plaintiff submits that this Court should allow Plaintiff to withdraw the erroneous notice of partial dismissal filed on June 19, 2020 (Doc. No. 10623), or in the alternative, vacate this notice and instead allow Plaintiff to file a notice of partial dismissal with prejudice as to all defendants except Accord.

## **PROCEDURAL HISTORY**

Plaintiff's complaint was filed, by and through the undersigned counsel, in the Taxotere (Docetaxel) Products Liability Litigation MDL 2740 in the Eastern District of Louisiana on September 19, 2018. Plaintiff Willie Francis ("Plaintiff") served her verified Plaintiff Fact Sheet ("PFS") via MDL Centrality on January 15, 2019 (Document ID 293795). On January 15, 2019, Plaintiff served medical records from Dr. Chitra Venkatraman, M.D. establishing that Plaintiff was administered Docetaxel from August 2015 through October 2015 (Document IDs 293174, 293177, and 293180).

On June 19, 2020, Plaintiff obtained a "Statement Regarding Chemotherapy Drug Administered" form from Plaintiff's infusion facility identifying docetaxel labelled by Accord as the docetaxel product that was used in Plaintiff's treatment. Plaintiff served this form via MDL Centrality on June 19, 2020 (Document ID 479429).

Plaintiff filed her notice of partial dismissal on June 19, 2020 (Doc. No. 10623), which partially dismissed all defendants with prejudice except for Hospira, Inc., and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. ("Hospira"). This was inadvertently filed in error.

On August 25, 2020, Plaintiff contacted all defense counsel of record and notified them of the mistake and error, and requested that counsel for Defendants consent to this motion to vacate the notice of partial dismissal (Doc. No. 10623) and submit a new notice of partial dismissal with prejudice as to all except Accord.

Plaintiff now moves to vacate or withdraw the notice of partial dismissal with prejudice as to all except Hospira (Doc. No. 10623) due to mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1).

**LEGAL STANDARD**

Federal Rules of Civil Procedure Rule 60(b) set forth the "Grounds for Relief from a Final Judgement, Order, or Proceeding." Fed. R. Civ. Pro. Rule 60(b). "On motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party);
4) the judgement is void;
5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief."

Fed. R. Civ. Pro. Rule 60(b).

**ARGUMENT**

Federal Rule of Civil Procedure 60(b)(1) permits courts to reopen judgements for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993). The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances. *Pioneer Inv. Servs.,* 507 U.S. at 382. Whether "to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Violante v. Allstate Tex. Lloyds,* No. 7:17- CV-335, 2018 U.S. Dist. LEXIS 213822, at *3 (S.D. Tex. Dec. 19, 2018). "[A] party remains under a duty to take legal steps to protect his own interests." *Id*. Plaintiff has demonstrated that relief under Rule 60(b)(1) is warranted in this case due to the inadvertent dismissal of the proper parties in this matter. Instead of

dismissing all defendant with prejudice except for Accord, Plaintiff inadvertently filed her notice of partial dismissal as to all defendants except Hospira. Pursuant to the "Statement Regarding Chemotherapy Drug Administered" form from Plaintiff's infusion facility (Document ID 479429), Accord was identified as the docetaxel product that was used in Plaintiff's treatment.

    Here, Plaintiff has shown good cause for relief sought. The Supreme Court stated that the determination of whether neglect is "excusable" is an equitable one, "taking account of all relevant circumstances." *Pioneer, supra*, 507 U.S. at 382. The Supreme Court has held for all purposes of Fed. R. Civ. P. 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer*, 507 U.S. at 394. Here, there was no negligence attributable to Plaintiff or Plaintiff's counsel. Plaintiff and her counsel continue to work diligently to ensure that all claims are properly supported and all Court requirements are met. Plaintiff and her counsel acted in good faith to properly litigate Plaintiff's claims. Setting aside the inadvertent notice of dismissal would not prejudice defendants but would severely prejudice Plaintiff.

    Based on the above, vacation or withdrawal of the notice of partial dismissal with prejudice as to all defendants in this matter is proper (Doc. No. 10623). Plaintiff's counsel submits that there was no act of negligence on behalf of counsel or Plaintiff as an individual, that Defendants would not be prejudiced by a vacation or withdrawal of the incorrect notice, and that Plaintiff and Plaintiff's counsel have acted in good faith throughout the litigation of this matter. Furthermore, the inadvertent filing by Plaintiff's counsel by mistake should not result in the dismissal of prejudice of the proper parties in this action. Such a result would be contrary to this Court's strong preference for adjudication of claims on the merits. Plaintiff

counsel's inadvertence should not result in the dismissal with prejudice of the proper parties in this action.

## CONCLUSION

Plaintiff requests that this Court set aside the notice of partial dismissal with prejudice as to all Defendants in this matter except Hospira filed on June 19, 2020 (Doc. No. 10623) because this notice was inadvertently filed in error and adjudication of this case on its merits requires the relief sought.

Dated this 14th Day of September 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Jason S. Long*
　　　　　　　　　　　　　　　　　　　　　　　　　　**FEARS NACHAWATI, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　　　　Jason S. Long #24098012
　　　　　　　　　　　　　　　　　　　　　　　　　　Matthew R. McCarley, #24041426
　　　　　　　　　　　　　　　　　　　　　　　　　　Tarek A. Abbassi, #24096225
　　　　　　　　　　　　　　　　　　　　　　　　　　5473 Blair Road
　　　　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75231
　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 890-0711
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (214) 890-0712
　　　　　　　　　　　　　　　　　　　　　　　　　　mccarley@fnlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　tabbassi@fnlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　jlong@fnlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　Counsel for plaintiff