<div align="center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

</div>

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Kahn v. Sanofi S.A., et al.,

<div align="center">

**Plaintiffs' Response in Opposition to Defendants'
Motion to Exclude Expert Testimony of Linda Bosserman, M.D.**

</div>

**INTRODUCTION**

Defendants moved to exclude certain opinions of Linda Bosserman, M.D. ("Dr. Bosserman") regarding her proposed testimony on: 1) the standard of care for informed consent or alternative treatments, 2) the dissemination of risk information using online predictive tools, and 3) knowledge about permanent chemotherapy-induced alopecia as a known adverse event of Taxotere-containing regimens.

Dr. Bosserman offers general causation opinions in this case as a clinical oncologist specializing in the diagnosis, treatment, and care of patients with breast cancer. She is board certified in internal medicine and medical oncology. Dr. Bosserman was a Clinical Instructor of Medicine at Stanford University School of Medicine and Harvard University before joining Wilshire Oncology Medical Group in 1990. From 1990 until 2014, she served as a breast cancer specialist and clinical research trial lead seeing as many as 350 – 450 newly diagnosed breast cancer patients each year.[1] She is currently a Clinical Professor of Medical Oncology at City of Hope Medical Foundation, and serves as the Editor-in-Chief of the Journal of Oncology Practice, American Society of Clinical Oncology.

---

[1] Ex. 1, Dr. Linda Bosserman's Curriculum Vitae.

<div align="center">1</div>

Based on her education, training and experience, Dr. Bosserman offers opinions related to breast cancer diagnosis, treatment and care generally, the contributions of various treatment modalities to overall recovery and survival, and the informed consent process. Her testimony will help the jury understand general concepts of medical oncology, the spectrum of breast cancer, its relative survivability, treatment options available to patients, and the predictive modeling available to demonstrate the relative contributions of different treatment modalities. Her testimony will further assist the jury in understanding that not all cancer diagnoses are the same; and provide necessary education and context with which to evaluate the facts of this case, as well as relevant concepts surrounding Defendants' failure to warn about permanent hair loss causally associated with the use of Taxotere. Her opinions are based on her education, training, and experience; peer-reviewed literature and studies; and nationally accepted guidelines and tools utilized in the practice of medical oncology. Further, the analysis presented in her opinions is based upon the decades of practice as an expert in the field of medical oncology.

Nothing suggests that a medical oncologist with Dr. Bosserman's education, background and experience should be barred from testifying about oncology, the diagnosis, treatment and prognosis of early stage breast cancer, and Taxotere and other chemotherapies. Defendants' motion is merely a reiteration of the arguments made in *Earnest* which were properly denied.[2] Indeed, the Court previously, and based upon the same opinions provided in her Expert Report, accepted Dr. Bosserman as an expert "in breast cancer diagnosis, breast cancer treatment, management of breast cancer treatment, treatment options and guidelines for breast cancer, and generally the care physicians provide for informing patients through the decision making process".[3] For the reasons set forth herein, Dr. Bosserman's opinions and conclusions are

---

[2] Rec. Doc. 6131 (Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).
[3] Ex. 2, Trial Tr. at 1259:6-11, Sept. 20, 2019.

2

admissible, and the Court should deny Defendants' motion to exclude Dr. Bosserman's testimony.

**LEGAL STANDARD**

A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipaitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). In order to allow an expert's testimony, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. 579, 592-93 (1993) 592–93. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Id*. at 594.

The purpose of a *Daubert* inquiry is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 150. "[W]hether an expert's testimony is reliable is a fact-specific inquiry." *Burleson v. Texas Dep't of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004) (citation omitted). Additionally, testimony is admissible when "the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *Tripkovich v. Ramirez*, No. 13-6389, 2015 WL 3849392, at * (E.D. La. June 22, 2015) (citing *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579, 593 (1993)). Expert testimony can be classified as relevant if "the reasoning or methodology 'fits' the facts of the case and will thereby assist the trier of fact to understand the evidence." *Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 550 (E.D. La. 2015) (citations omitted).

**ARGUMENT**

I. **THIS COURT HAS ALREADY ALLOWED DR. BOSSERMAN TO OFFER GENERAL INFORMED CONSENT STANDARD OF CARE AND TREATMENT OPTION OPINIONS**

Defendants misleadingly assert that Ms. Kahn has offered Dr. Bosserman to provide case-specific opinions. First, Dr. Bosserman stated in her Expert Report that she offers opinions on the "accurate communication of information concerning the risk of PCIA with the use of Taxotere, from Sanofi to Dr. Kardinal, the treating physician of Ms. Kahn, via the product label, marketing pieces, correspondence and through the sales representatives who visited the doctors' offices, would more likely than not, have been included in the discussion and process of informed consent in a real and substantial way for any standard or clinical trial docetaxel based regimen."[4] Dr. Bosserman does not offer any case-specific causation opinion. Dr. Bosserman is instead offering an opinions on the diagnosis, staging, and grading early stage breast cancer tumors, the treatment options, predictive modeling, and how physicians share and communicate information to patients though the shared decision-making process of informed consent, which this Court previously allowed.[5] Dr. Bosserman does not offer an opinion on what Ms. Kahn's treating physicians would have said regarding the risks and benefits of an alternative, non-Taxotere chemotherapy regimen, or what Ms. Kahn would have decided after considering such information. Dr. Bosserman has offered opinions that accurate communication of information

---

[4] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at pg. 55, April 3, 2020.
[5] Rec. Doc. 7807, at 5 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman) (Dr. Bosserman, …can testify about the standard of care for physicians for informing patients through the decision-making process.)

4

concerning the risk of PCIA with the use of Taxotere "would have allowed for a more honest, accurate and complete informed consent process and discussions between the physicians, the oncology nurse, the clinical trial investigators and Ms. Kahn, and would have allowed for a decision to be made on more truthful and accurate information."[6] Those opinions do not include what Ms. Kahn's physicians would have actually stated or what Ms. Kahn would have actually decided.

Second, the Court has allowed Dr. Bosserman to testify about alternative treatments available and rejected arguments that Dr. Bosserman's testimony on that issue was speculative, unhelpful and irrelevant. Specifically, this Court held that "Dr. Bosserman, therefore, can testify about the guidelines from the National Comprehensive Cancer Network and what they require."[7] Dr. Bosserman has offered an opinion that "[t]here were several treatment options with equal efficacy to reduce her recurrence risk and improve her overall survival."[8] Those guidelines include the alternative treatments that were available during the time Dr. Kardinal treated Ms. Kahn, and Dr. Bosserman should not be prohibited in this trial from testifying about same. And, Dr. Bosserman's opinion that Ms. Kahn had a preference for "different acute, chronic and permanent toxicities like PCIA" when making treatment decisions is not speculative. Dr. Bosserman's opinions are based on statements made by Ms. Kahn in her deposition concerning her personal preferences.[9]

Finally, the fact that Ms. Kahn elected to participate in a clinical trial does not render her opinions on Ms. Kahn's preference for alternative treatment speculative. As stated above, Ms. Kahn herself has expressed the desire for treatment options without the risk of permanent

---

[6] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 55-56, April 3, 2020.
[7] Rec. Doc. 7807, at 5 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).
[8] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 56, April 3, 2020.
[9] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 53, April 3, 2020.

alopecia.[10] Moreover, it is of no moment that Ms. Kahn left the determination of which chemotherapy regimen she would receive to random selection because she was still provided with risk information on all of the chemotherapy drugs involved in the clinical trial.[11] As such, Dr. Bosserman's opinions concerning alternative treatment options and opinions on what physicians should be informing patients about the risks associated with those options is relevant and helpful. Ultimately, Defendants arguments as to Dr. Bosserman's causation opinions go to the weight or credibility of her testimony, not its admissibility.

II.   **DR. BOSSERMAN'S USE OF THE ONLINE PREDICTIVE TOOL IS RECOGNIZED AND USED BY CLINICAL ONCOLOGISTS**

Contrary to Defendants' assertions, the Court did not prohibit Dr. Bosserman from offering testimony regarding online "predictive" tools. The Court, in *Earnest*, held that "[i]n her report, Dr. Bosserman generally discusses the benefit of using online tools in the creation of a treatment plan. Such general testimony is permissible."[12] Dr. Bosserman can certainly discuss the utility of online predictive tools for in the development of a patient's treatment plan. The predictive tool utilized allows an oncologist to discuss and demonstrate to a patient like Ms. Kahn, in general terms, the relative contribution of different treatments: surgery, radiation, estrogen modulators and adjuvant chemotherapy.  Doing so allows a patient to put the contributions into context, which in turn can be discussed during the shared decision-making process in selecting treatment options.

Further, the unavailability the specific predictive tool used by Dr. Bosserman in her report at the time of Ms. Kahn's treatment does not preclude Dr. Bosserman from offering her opinions on the usefulness of these tools. Dr. Bosserman explained that in 2008, when the

---

[10] Ex. 3, Kahn Dep. 19:3-20:22, 204:5-21, 301:3-21 and 303:8-14, Dec. 7, 2017.
[11] Ex. 4, Exhibit 8 to Elizabeth Kahn Dep. Dec. 7. 2017.
[12] Rec. Doc. 7807, at 6 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).

decisions on Ms. Kahn's treatment were being made, —Adjuvant! On Line was available, but has since been taken off line.[13] Dr. Bosserman also explained that in 2010 the PREDICT online tool was launched and remains available to, and is used by, clinical oncologists to "confirm[] information concerning individualized predictions."[14] Dr. Bosserman explained, as she has in prior reports and depositions – prior to *Earnest* - that the Adjuvant! OnLine and PREDICT draw upon the same data and yield common results for 5, 10-, and 15-year survival predictions.[15] This predictive tool, as the Court previously recognized, is relevant and helpful in educating the jury about the relative impact of undergoing chemotherapy, and other treatment options. And as the Court noted in *Earnest* in allowing Dr. Bosserman to educate the jury on the use of predictive tools, Sanofi will have the opportunity to cross examine Dr. Bosserman about the limitations in the use of such tools.[16] As such, Dr. Bosserman should not be precluded from providing testimony on, and educating the jury with, the use and utility of online predictive tools.

### III. THIS COURT HAS ALREADY RULED THAT DR. BOSSERMAN'S RISK OF PERMANENT HAIR LOSS KNOWLEDGE OPINIONS ARE ADMISSIBLE

Sanofi also argues again that Dr. Bosserman's informed consent opinions must be excluded because those opinions "hinge on the notion that Dr. Kardinal would have relayed a known risk of permanent hair loss with Taxotere to Ms. Kahn, or that there was a known risk to be conveyed."[17] To the contrary, Dr. Bosserman sets out support for those opinions and the applicable medical oncology practice for diagnosing and treating early stage breast cancer patients, including shared decision-making regarding treatment options that requires that "all

---

[13] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 31-33, April 3, 2020.
[14] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 31, April 3, 2020.
[15] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 31-32, April 3, 2020.
[16] Rec. Doc. 7807, at 6 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).
[17] Rec. Doc. 10929-1 at 11.

risks that are significant to patients be discussed."[18] In offering her opinion that "all risks that are significant to patients be discussed," Dr. Bosserman relies upon the increased risk, general causation opinion of Dr. Ellen Feigal. There is no rule that a single expert is required, or that one expert cannot rely on another's opinion.[19] It is entirely appropriate for Dr. Bosserman to rely on Dr. Feigal's report in support of her opinion of what information was or was not available at the time of Ms. Kahn's treatment, and that such information should have been discussed with Ms. Kahn. This Court in *Earnest* rejected the notion that one expert has to conduct the entire causation inquiry.[20] While Defendants may disagree with Dr. Bosserman's testimony, that disagreement goes to the weight of the evidence, not its admissibility.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to Exclude the Expert Testimony of Linda Bosserman, M.D.

Dated: September 14, 2020                                  Respectfully submitted,

/s/ Christopher L. Coffin                                  /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                             Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                           Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505                            GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163                               6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                                      Los Angeles, California 90045
Fax: (504) 355-0089                                        Telephone: 510-350-9700
ccoffin@pbclawfirm.com                                     Facsimile: 510-350-9701
                                                           kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                                           *Plaintiffs' Co-Lead Counsel*

---

[18] Defs' Ex. H, Taxotere Rule 26 Report of Linda Bosserman, M.D., at 21-26, April 3, 2020.
[19] *See Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*, No. 17-CV-592-JWD-EWD, 2020 WL 1307046, at *7 (M.D. La. Mar. 19, 2020)( "An expert can rely upon otherwise inadmissible evidence as long as it is of a type 'reasonably relied upon by experts in the particular field.' Fed. R. Evid. 703. *See also, Monsanto Co. v. David*, 516 F.3d 1009, 1015–1016 (5th Cir. 2008) (finding that expert could rely upon a report prepared by someone else)").
[20] Rec. Doc.8094, at 6. (Order and Reasons Defs. Mot. To Exclude General Causation)

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

<div style="column-count:2">

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<div style="text-align:right">

/s/ Dawn M. Barrios
DAWN M. BARRIOS

</div>