UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE AND/OR LIMIT TESTIMONY OF DR. CARL KARDINAL AND DR. ZOE LARNED

---

In a pharmaceutical-warnings case like this, the plaintiff's treating physicians may testify about their care and treatment of their patient—including the risk-benefit calculus that went into their treatment decisions—without crossing into "expert opinion" territory requiring a summary disclosure under Rule 26(b)(2)(C). The Court should deny Ms. Kahn's motion in its entirety.

First, no summary disclosure is required for Ms. Kahn's treaters (Dr. Kardinal, and, later, Dr. Larned) to offer fact testimony about their prescribing and treatment decisions in this case and their *then-existing knowledge* concerning the risks and benefits of Taxotere versus other treatment options, including potential side-effects like neuropathy and permanent hair loss. Such fact testimony is essential for the jury to analyze the issue of warnings-causation—i.e., whether Ms. Kahn's treaters were aware of the allegedly non-disclosed information and whether disclosure of such information would have changed the ultimate treatment decision for Ms. Kahn. That was the rationale for the Court's ruling in *Earnest* when it permitted Dr. Carinder to testify (over Plaintiff's objection) about his awareness of the risk of neuropathy associated with Taxotere versus Taxol. The same logic applies here, and the PSC's renewed request for the same relief should be denied.

Second, both Sanofi and the PSC submitted substantially *identical* disclosures for Dr. Kardinal and Dr. Larned, which summarily referenced the testimony from their depositions because both sides well-know the substance of the treating physicians' testimony after their long depositions.  Ms. Kahn's attempt to preclude her treating physicians from testifying is transparent and disingenuous—she cannot claim any risk of prejudice or surprise in their testimony, considering her counsel attended these treaters depositions and then cited those depositions in her *identical* summary disclosure.  Given that, the PSC's advancement of this argument is not only without merit, but a waste of the Court's time and resources.

Nevertheless, in the event the Court determines that both parties' identical references to the existing deposition testimony is not sufficient, the Court should deny Ms. Kahn's motion and permit both parties to submit a supplemental Rule 26(b)(2)(C) disclosure within 30 days.  Under these circumstances, there is no justification for the unilateral sanction requested by Ms. Kahn's motion; Ms. Kahn has had the opportunity to depose both treaters, and she filed a substantially identical disclosure for Drs. Kardinal and Larned.  Importantly, the testimony identified in Ms. Kahn's motion is essential to the disputed issue of warnings causation.  The Court should deny Ms. Kahn's request to exclude such testimony.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 sets out two different disclosure requirements for witnesses who will provide expert testimony.  Expert witnesses who are "retained or specially employed to provide expert testimony" must submit full, written reports.  Fed. R. Civ. P. 26(a)(2)(B); *see also Butler v. Louisiana*, No. 12-00420, 2014 WL 7186120 at *2 (M.D. La. Dec. 16, 2014) (internal citations omitted) (noting that the experts contemplated by Rule 26(a)(2)(B)'s

heightened standard "are retained for the purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or trial.").

Non-retained experts—treating physicians are a common example—are subject to Rule 26(a)(2)(C), which provides a lesser disclosure requirement.  If the non-retained expert is offering expert testimony, then a summary disclosure is required identifying:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).  Per the advisory committee's notes to the 2010 amendments to Rule 26, the disclosure required by Rule 26(a)(2)(C) "is considerably less extensive than the report required by Rule 26(a)(2)(B)," and "[c]ourts must take care against requiring undue detail," keeping in mind the non-retained nature of these witnesses.  *Dauterive v. Guilbeau Marine Logistics LLC*, No. 15-CV-2182, 2018 WL 3414595, at *1 (W.D. La. July 12, 2018).

If the non-retained expert (in this case, Dr. Kardinal or Dr. Larned) is offering only fact testimony, then no disclosure is required at all.  *Robert v. Maurice*, No. 18-CV-11632, 2020 WL 5046487, at *4 (E.D. La. Aug. 26, 2020) ("[O]nly proposed expert testimony must be disclosed under Rule 26(a)(2)(C), and **a treating physician may testify as a fact witness without making such a disclosure**.") (emphasis added); *Logan v. Westfield Ins. Co.*, No. 17-CV-19, 2020 WL 412216, at *5 (W.D. La. Jan. 24, 2020) (same); *see also* Fed. R. Civ. P. 26 Advisory Comm. Notes (2010) (stating the Rule 26(a)(2)(C) disclosure does not apply to facts to which the expert will testify).

## I. DR. KARDINAL AND DR. LARNED ARE PROVIDING FACT AND LAY OPINION TESTIMONY THAT DOES NOT REQUIRE DISCLOSURE.

Sanofi did not need to disclose Dr. Kardinal and Dr. Larned under Rule 26(a)(2)(C) because such disclosures are not required for treating physicians who provide testimony regarding their treatment of the plaintiff. *Patton v. Jacobs Eng'g Grp. Inc.*, No. 15-CV-123, 2016 WL 1090566, at *3 (M.D. La. Mar. 18, 2016), *aff'd*, No. 15-CV-00123, 2016 WL 2770879 (M.D. La. May 13, 2016) (when treating physicians are not designated as "experts pursuant to Rule 26(a)(2)(C), their testimony will be limited to lay testimony regarding their treatment of the Plaintiff."). Specifically, no disclosure is necessary for treating physicians to offer opinions formed during the course of treatment or to testify regarding the medical records generated as a result of that treatment. *McIntyre v. Hous. Auth. of New Orleans*, No. 14-CV-1641, 2015 WL 5083503, at *4 (E.D. La. Aug. 27, 2015) ("The treating physician exception provides that written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert.") (internal quotations omitted); *Wilcox v. Max Welders, L.L.C.*, No. 12-CV-2389, 2013 WL 4517907, at *1 (E.D. La. Aug. 22, 2013); *Perdomo v. U.S.*, No. 11-CV-2374, 2012 WL 2138106 at *1 (E.D. La. June 11, 2012); *Dauterive*, 2018 WL 3414595, at *2.

In *Perdomo*, for example, the defendant moved to strike the testimony of plaintiff's treaters, arguing that the plaintiff produced neither expert reports nor summary disclosures pursuant to Rule 26. 2012 WL 2138106 at *1. While noting that treaters were traditionally exempt from Rule 26's written report requirement, the Court acknowledged that such providers may have to provide summary disclosure "solely [as] to the opinions not contained in the medical records." *Id*. Thus, the defendant's request to strike the plaintiff's treaters was rejected—with the understanding that those providers would not testify outside the scope of their treatment and

4

plaintiff's medical records. *Id.*; *see also Tucker v. U.S.*, No. 18-CV-4056, 2019 WL 4198254, at *3 (E.D. La. Sept. 4, 2019) (when treating physician's expert testimony is not disclosed, testimony is limited to their treatment of patient and opinions contained in medical records); *Wilcox*, 2013 WL 4517907 at *4 (plaintiff's treating physician is not required to provide defendants with a written report to the extent his opinions derive from information learned during treatment of plaintiff); *Butler v. State of Louisiana*, No. 12-CV-00420, 2014 WL 7186120 (M.D. La. Dec. 16, 2014) (treating physician is properly characterized as a fact witness, not an expert, and may testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during treatment).

This Court addressed similar arguments and attempts to exclude testimony multiple times in this MDL, including in *Earnest*. There, Plaintiff's treating physician, Dr. Carinder, was not disclosed as an expert. He did not testify as an expert at trial; he provided only fact and lay opinion testimony.[1] In *Earnest*, Plaintiffs attempted to prevent Dr. Carinder from testifying to comparative risks and neurotoxicity—just as the PSC seeks to limit Ms. Kahn's treating physicians here—and this Court repeatedly refused to limit such testimony:

> The Court will allow testimony regarding the risk of neuropathy associated with Taxol. . . . The jury will have to consider how Dr. Carinder and Earnest would have weighed the risks and benefits of her treatment options. The risk of neuropathy associated with Taxol is relevant to this analysis.[2]

---

[1] **Ex. A**, Sept. 23, 2019 Trial Tr. 1573:15–16 ("THE COURT: Let me get back to the learned treatise. The problem is [Dr. Carinder] has not been qualified as an expert."); *see also*, **Ex. B**, Sept. 23, 2019 Trial Tr. 1501:13–15 ("THE COURT: I think my biggest problem is that it was some sort of hypothetical, and he is not an expert and can't testify to hypothets.").

[2] Rec. Doc. 8201 at 3.

5

Pursuant to those rulings, Dr. Carinder testified at trial regarding his knowledge of various comparative chemotherapy treatments and relative risks and how that knowledge would have affected the patient counseling he gave (or would have given) Ms. Earnest.[3]

As this Court has recognized, the risk-benefit analysis is necessary in order for the jury to determine both whether Ms. Kahn's treaters were aware of the allegedly non-disclosed information and if not, whether disclosure of such information would have changed the ultimate treatment recommendation or decision for Ms. Kahn. "[T]o find proximate causation, the jury will have to find that [the treating physician]'s prescribing decisions would have changed if he had known of Taxotere's risk of permanent alopecia."[4] And like in *Earnest*, the jury here "will have to consider how [Dr. Kardinal and Dr. Larned] and [Ms. Kahn] would have weighed the risks and benefits of her treatment options."[5]

Dr. Kardinal and Dr. Larned's consideration of neuropathy and other side effects is simply fact testimony relevant to the inquiry. Sanofi (and Plaintiff) deposed both doctors, who discussed at length their diagnosis and treatment of Ms. Kahn—fact testimony and lay opinion testimony based on the treating physicians' **personalized knowledge** pursuant to Federal Rule of Evidence 701. For instance, Dr. Kardinal provided fact testimony as to what he considered in choosing which chemotherapy treatment to administer:

> Q. So what things did you consider when choosing Taxotere, docetaxel, over other chemotherapeutic agents?
>
> A. Well, mostly I was comparing taxanes, and the neuropathy with paclitaxel was greater than it was with docetaxel.[6]

---

[3] **Ex. D**, Sept. 23, 2019 Trial Tr. 1495:9–20.

[4] Rec Doc. 8201 at 3.

[5] *Id*.

[6] **Ex. E**, Dr. Kardinal Dep. 74:12–17 (Jan. 17, 2018).

6

And Dr. Larned provided similar fact testimony about her discussion with Ms. Kahn regarding the risks and benefits of various treatment options:

> Q. And you had a half an hour session with [Ms. Kahn] about hormonal therapy options; is that correct?
>
> A. Yes.
>
> Q. And did you discuss the side effects of Tamoxifen versus a aromatase inhibitor with Ms. Kahn?
>
> A. Yes.[7]

As evidenced by these examples, both Dr. Kardinal and Dr. Larned are providing testimony about their personal knowledge—what each doctor knew and understood at the time of Ms. Kahn's treatment—which does not require Rule 26(b)(2)(C) expert disclosure.[8]  *Robert*, 2020 WL 5046487, at *4.

If called, Dr. Kardinal and Dr. Larned will testify to facts concerning Ms. Kahn's treatment and their opinions contained in the medical records or formed during their treatment of Ms. Kahn. This testimony is not the type of expert testimony that requires disclosure—just as Dr. Carinder's testimony did not require such a disclosure in *Earnest*. Consequently, this Court should deny Ms. Kahn's motion to limit or exclude the testimony of her treating physicians.

---

[7] **Ex. F**, Dr. Larned Dep. 84:22–85:3 (Feb. 22, 2018).

[8] Ms. Kahn also asserts that there is a "lack of neurotoxicity throughout Plaintiff's medical records." Rec. Doc. 10921-1 at 5. This is patently false; Ms. Kahn's medical records repeatedly mention symptoms of neuropathy. *See, e.g.*, **Ex. G**, Ochsner Health System 983–84, 991–993 (July 10, 2008 oncology records); Ochsner Health System 1000 (July 21, 2008 oncology records); Ochsner Health System 1004 (July 31, 2008 clinical trial nursing records); Ochsner Health System 1028 (August 21, 2008 clinical trial nursing records); Ochsner Health System 1040 (Sept. 11, 2008 clinical trial nursing records); *see also*, **Ex. H**, Plaintiff Produced Records (PPR) 513-15, 517, 518 (Plaintiff journal entries from July-September 2008).

## II. THE COURT SHOULD DENY MS. KAHN'S RULE 37 REQUEST AND PERMIT SANOFI TO SUBMIT SUPPLEMENTAL RULE 26(A)(2)(C) DISCLOSURES, IF NECESSARY.

Sanofi asserts that no Rule 26(a)(2)(C) disclosure is required here; however, if this Court disagrees, <u>both parties</u> should be allowed to cure any deficiency in a timely manner and without prejudice.

Failure to disclose can preclude the use of a witness unless it is harmless or the offending party shows substantial justification. Fed. R. Civ. P. 37(c)(1); *see also Weinhoffer as Tr. of Offshore Specialty Fabricators LLC v. Davie Shoring, Inc.*, No. 19-11175, 2020 WL 4738203, at *3 (E.D. La. Aug. 14, 2020) (quoting Fed. R. Civ. P. 37(c)(1)). The Fifth Circuit analyzes four factors when deciding whether a failure to provide Rule 26(a)(2) disclosures is substantially justified or harmless: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Logan v. Westfield Ins. Co.*, No. 17-CV-29, 2020 WL 412216, at *3 (W.D. La. Jan. 24, 2020).

As shown below, any disclosure deficiency as to Drs. Kardinal and Larned is substantially justified and harmless under each of these four factors.

### A. Sanofi identified Dr. Kardinal and Dr. Larned as potential treating physician witnesses, and any deficiency in Sanofi's disclosure was substantially justified.

As discussed above, Ms. Kahn's treating physicians will be providing fact testimony based on their personal knowledge, which does not require disclosure. In an abundance of caution, however, Sanofi furnished a disclosure on April 17, 2020—which identified Dr. Kardinal and Dr. Larned—in accordance with this Court's scheduling order.[9] Sanofi's disclosure stated the treating

---

[9] Rec Doc. 9367; **Ex. I**, Sanofi Defendants' Disclosure of Expert Testimony, April 17, 2020.

physicians are anticipated to "offer a mixture of fact and opinion testimony on the subject matter expressed in their depositions and consistent with their knowledge, experience, and expertise,"[10] which is language **substantially identical** to Ms. Kahn's disclosure for Dr. Kardinal and Dr. Larned. Confoundingly, Ms. Kahn now claims that Sanofi's disclosure is inadequate, and completely ignores the fact that her counsel provided the very same disclosure.

For comparison, here are the relevant excerpts of the parties' disclosures:

> **II.    RULE 26(A)(2)(C) WITNESSES NOT REQUIRED TO PROVIDE A WRITTEN REPORT**
>
> Out of an abundance of caution, Defendants reserve the right to call Plaintiffs' treating physicians who have been deposed in this litigation pursuant to Fed. R. Civ. P. 26(A)(2)(C). The treating physicians may offer a mixture of fact and opinion testimony on the subject matters expressed in their depositions and consistent with their knowledge, experience, and expertise. These treating physicians include, but are not limited to:
>
> 1. **Carl Kardinal, MD**
>    Columbia, Missouri
>
> 2. **Zoe Larned, MD**
>    New Orleans, Louisiana

**Ex. I**: Sanofi Defendants' Disclosure of Expert Testimony, April 17, 2020.

---

[10] *Id.*

> **II. RULE 26(a)(2)(C) WITNESSES NOT REQUIRED TO PROVIDE A WRITTEN REPORT**
>
> Out of an abundance of caution, Plaintiff reserves the right to call her treating physicians who have been deposed in this litigation pursuant to Fed. R. Civ. P. 26(A)(2)(C). The treating physicians may offer a mixture of fact and opinion testimony on the subject matters expressed in their depositions and consistent with their knowledge, experience, and expertise.
>
> Page 3 of 7
>
> ---
>
> These treating physicians include, but are not limited to:
> 1) Carl Kardinal, M.D.
>    Columbia, Missouri
>
> 2) Zoe Larned, M.D.
>    New Orleans, Louisiana

**Ex. J**: Plaintiff's Disclosure of Witnesses, March 23, 2020.

Even more bewildering, not only is Ms. Kahn claiming that the disclosures provided by **both parties** are inadequate, but she overreaches even further, arguing that Sanofi should have filed a Rule 26(a)(2)(B) written expert reports for Dr. Kardinal and Dr. Larned. The simple fact is that Sanofi did not file a Rule 26(a)(2)(B) written expert report for Dr. Kardinal or Dr. Larned because they will not be testifying as retained experts, nor will they be offering opinions beyond their depositions—which Ms. Kahn was present for.

What is good for the goose is good for the gander. Sanofi was substantially justified in its belief that its disclosure was adequate because both parties filed substantially identical summary disclosures, and both parties attended the treaters' depositions.

**B.     Dr. Kardinal and Dr. Larned's deposition testimony goes to the heart of Sanofi's defense.**

Just as in *Earnest*, the testimony of Ms. Kahn's treating physicians is vitally important to Sanofi's defense (and presumably Plaintiff's case-in-chief). As this Court has repeatedly acknowledged, the jury will need to consider how Ms. Kahn and her treating physicians "would have weighed the risks and benefits of her treatment options."[11] Further, this Court has repeatedly agreed with Sanofi that the evidence relating to the comparative risk (e.g., neuropathy) is inextricably part of the testimony on why a treating physician still would have prescribed Taxotere to a patient even if he were provided different information concerning the risk of permanent alopecia, as well as the broader risks and benefits of each treatment that would have been available.[12] Without Dr. Kardinal and Dr. Larned's testimony on those topics, the jury will not be able to "get into the room" and learn what the conversations between Ms. Kahn and her treaters were and likely would have been in order to decide the disputed issue of proximate causation.[13]

**C.     Ms. Kahn will not be prejudiced by allowing Dr. Kardinal and Dr. Larned's testimony.**

Even if the disclosures are inadequate, the deficiency is undoubtedly harmless. The Fifth Circuit has explained that "[t]he basic purpose of Rule 26 is to prevent prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013). Ms. Kahn cannot claim either prejudice or surprise in good conscience. Ms. Kahn's counsel attended the depositions, and acknowledged that Sanofi "went to great lengths at the outset" of the depositions to confirm that the doctors were not experts "beyond [their] clinical practice." Here, the treating

---

[11]   Rec. Doc. 8201 at 3.

[12]   Rec. Doc. 7571 at 21; Rec. Doc. 8201 at 3.

[13]   **Ex. C**, Hr'g Tr. 40:9–12, 17–19 (Sept. 5, 2019).

11

physicians' depositions were properly designated as trial depositions and were taken in 2018—well before any applicable deadline. And there is clearly no risk of surprise, as Ms. Kahn knows precisely what testimony Sanofi intends to elicit from these witnesses, as evidenced by her identical summary disclosure. Ms. Kahn participated in the depositions of her treating physicians and is certainly on notice of these treaters' opinions, she cannot now feign prejudice in an attempt to preclude vital testimony from her treaters.

To the extent that there is specific testimony that Ms. Kahn seeks to exclude on other grounds—such as relevance—she can raise such request at the motion *in limine* stage or at trial. It is clear from the record that both Dr. Kardinal and Dr. Larned have treated Ms. Kahn; that Ms. Kahn is keenly aware of their anticipated testimony as evidenced by her participation in their depositions; and, to the extent that Ms. Kahn desires to challenge the basis of any part of the physicians' opinions at trial, she will have the opportunity to cross-examine the witnesses. Consequently, Ms. Kahn did not suffer material prejudice, and any alleged disclosure deficiency was harmless. Fed. R. Civ. P. 37(c)(1).

### D. Any deficiency in the Rule 26(a)(2)(C) disclosures was cured through the depositions of Dr. Kardinal and Dr. Larned, and both parties can provide further supplementation if this Court so requires.

Federal Rule of Civil Procedure 26(e)(1) provides: "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some respect that the disclosure or response is incomplete or incorrect . . . ." This is required only "if the additional or corrective information **has not otherwise been made known to the other parties** during the discovery process or in writing," or if ordered by the Court. Fed. R. Civ. P. 26(e)(1) (emphasis added). Even if there was a deficiency in the initial summary disclosures, that deficiency was cured by Dr. Kardinal and Dr. Larned's depositions, which,

pursuant to Rule 26(e)(1) made the subject matter and basis for the treating physicians' opinions known to Ms. Kahn.  If this Court determines otherwise, both parties should supplement the disclosures with additional detail within 30 days.  The parties have plenty of time before trial to supplement the disclosures if this Court so requires.

## CONCLUSION

For the foregoing reasons, Ms. Kahn's motion to limit or exclude the testimony of Dr. Kardinal and Dr. Larned should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*