UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT ON THE COMPARATIVE FAULT OF HER TREATING PHYSICIAN AND MISUSE OF TAXOTERE

---

The PSC's motion should be denied as moot. As in *Earnest*, Sanofi does not intend to raise an affirmative defense that Ms. Kahn's injury was caused by *medical malpractice*, including by prescribing Taxotere "off label," or that Ms. Kahn or her treating physicians *misused* Taxotere in a manner warranting application of comparative fault or third-party liability. That stipulation alone should allow the Court to deny the summary-judgment aspect of the PSC's motion.

The evidentiary aspect of the PSC's motion should also be denied. It seeks to relitigate evidentiary issues this Court decided in *Earnest*, and to broadly exclude "topics" that include case-specific facts relevant to warnings causation and other triable issues. Such facts include that:

(i)     Dr. Kardinal recommended that Ms. Kahn participate in an experimental clinical trial (NSABP B-40), even though it fell outside of the NCCN guidelines and required that she take Taxotere and other certain investigational drugs in a manner inconsistent with the FDA-approved indication;

(ii)     Random selection was used to pick which of six chemotherapy regimens participants, like Ms. Kahn, might receive in the clinical trial;

(iii)     Ms. Kahn consented to the clinical trial and initialed each page of the consent form, indicating she understood and accepted that the clinical trial posed certain side effects (specifically "hair loss") and that some side effects might be permanent; and

(iv)     Dr. Kardinal reviewed the Taxotere label when he first started prescribing Taxotere to patients in the late 1990s, but he has no recollection of reviewing it since.

These facts are relevant to disputed issues at trial, such as whether Dr. Kardinal would have acted differently had information about permanent hair loss been specified in the label, and whether Ms. Kahn gave express, voluntary consent sufficient to constitute a release.  *See Murray v. Ramada Inns, Inc.*, 521 So. 2d 1123, 1134 (La. 1988).  As detailed below, the Court should deny Plaintiff's the evidentiary aspect of the PSC's motion for at least two reasons:

<u>First</u>, the PSC's request to "prohibit any evidence or testimony" on certain "topics" through a motion for summary judgment is procedurally improper and premature, since motions *in limine* are not due until December 7, 2020.

<u>Second</u>, when the Court hears such motions on their merits, it should rule, as it did in *Earnest*, that Sanofi may ask Ms. Kahn's treaters whether the regimen selected for her was "off-label" or outside the NCCN guidelines, without suggesting malpractice.  The Court's bench ruling in *Earnest* (denying the PSC's request to exclude "any testimony reflecting an error by Dr. Carinder, such as prescribing an alleged 'off-label' treatment, or prescribing a non-preferred treatment under NCCN guidelines")[1] is equally applicable in the *Kahn* case:

> **I think it's appropriate for you to ask Dr. Carinder what his options were, what recommendations he made to this – this patient, why he made those recommendations, what he would have done had he been properly warned** that this – and when I say properly, just – that's the allegation of the lawsuit, that he'd been warned that this medication runs a risk of permanent alopecia.  I would have told her, we would have had further conversation and the jury is going to make a determination much beyond that.
>
> And I think – **I believe it to be appropriate for you to say, now, you were going to prescribe such and such and such and such, that's off-label, correct?**  But I think it's fine for them to respond that's within the standard of care.  So it's not – what I'm not going to allow is that inference that he prescribed off-label and somehow that was beyond the standard of care and that's what really caused all of this as opposed to that was within the standard of care.  I think it's fine for you to say it was off-label.

---

[1]   Rec. Doc. 7653-1 at 2.

> \* \* \*
> **You can ask him about off-label and then I think it's appropriate for them to say that that's an acceptable – it's within the standard of care.** I think that's fine. And then be done with it. I'm not going to go – **I will not allow anybody to run down some rabbit hole of malpractice. It's not at issue in this case.**[2]

As with the PSC's motion *in limine* regarding Dr. Carinder, their motion here is yet another attempt to limit Sanofi's ability to examine plaintiff's treating physicians concerning the basic facts of their treatment and, more specifically, the facts about the regimen they selected and to which plaintiffs consented. As in *Earnest*, the Court should deny that request. The fact the regimen was off-label and outside of the NCCN guidelines is relevant to disputed issues at trial, like whether Dr. Kardinal would have acted differently had information about PCIA been specified in the label—*i.e.*, warnings causation. As in *Earnest*, such testimony can be elicited from Ms. Kahn's treaters without implying malpractice or product misuse, which are not issues in this case.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for partial summary judgment as moot. Plaintiff's motion should also be denied to the extent it seeks to exclude evidence, since motions *in limine* are not yet due and the evidence sought to be excluded is relevant and admissible.

---

[2] **Ex. G**, Sept. 5, 2019 *Earnest* Hr'g Tr. 11:8–25, 13:12–17 (emphases added).

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA  70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile:  504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile:  816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*