UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |
| Juanita Greer, Case No. 2:18-cv-11728 | |

___

**SANOFI DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON THE STATUTE OF LIMITATIONS**
___

Ms. Greer does not challenge that her claim is time-barred on its face, nor could she. It is undisputed that Ms. Greer finished chemotherapy in October 2009. Ms. Greer sustained her injury six months later, in April 2010, and her claim, under Mississippi law, expired three years later in April 2013. Ms. Greer, however, did not file suit until November 2018. To avoid dismissal, Ms. Greer argues that the statute of limitations was tolled under either Mississippi's latent-injury rule or its fraudulent-concealment exception, arguments on which she bears the burden of proof—neither of which she has met.

First, Ms. Greer did not suffer a latent injury, and Mississippi's discovery rule accordingly does not apply. Ms. Greer specifically pled that her injury was not latent, but rather open and obvious, and that she sustained her injury six months after completing chemotherapy. Ms. Greer's arguments that she thought her injury was temporary and did not know that chemotherapy caused permanent hair loss do not save her claim under Mississippi law.

Second, Ms. Greer's assertion that her claims were tolled under Mississippi's fraudulent-concealment exception misconstrues the law. That limited exception applies only if the defendant engaged in distinct concealment targeted at the plaintiff that was designed to hide her claim. For

alleged concealment to toll the statute, it must be separate from the concealment alleged in support of the plaintiff's substantive allegations. Here, Plaintiff bases her tolling request on the same generic allegations that support her substantive fraudulent-concealment claim—that Sanofi concealed the risks associated with Taxotere. No tolling applies under those circumstances, nor does Ms. Greer cite any caselaw in support of her position to the contrary.

Because no exception applies, the statute of limitations ran in April 2013, and Ms. Greer's claims are time-barred.

## I. MS. GREER'S UNTIMELY CLAIMS ARE NOT SAVED BY THE DISCOVERY RULE.

Ms. Greer admits that, under Mississippi law, the discovery rule does not apply to toll the statute of limitations absent a latent injury.[1] Ms. Greer, like all the plaintiffs in this MDL, alleges that her hair loss became permanent six months after completing chemotherapy and further alleges that her injury was so open and obvious it was stigmatizing.[2] In opposing Sanofi's Rule 12(c) motion, Ms. Greer now argues that her hair loss was not, in fact, open and obvious but rather latent and unknown to her until some unidentified point in time more than six months after chemotherapy.[3] Ms. Greer more specifically claims that the latency exception applies because: (1) she thought her hair loss was temporary, and (2) she did not know that chemotherapy could allegedly cause permanent hair loss until May 2016. Ms. Greer's arguments suffer from multiple fundamental flaws.

---

[1] Rec. Doc. 11057 at 5 ("For product liability and negligence actions, the discovery rule should only be applied in cases involving latent injuries.").

[2] *See, e.g.*, Rec. Doc. 10833 at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (same), 9110 (same), 10807 (same), 4407 at ¶ 181.

[3] Rec. Doc. 11057 at 2.

First, Ms. Greer bears the burden of proving that the discovery rule applies, yet she cites not one on-point Mississippi case in support of her arguments. *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008) (plaintiff bears the burden to prove application of the discovery rule). Ms. Greer made no attempt to distinguish the law cited by Sanofi holding that the latency exception applies only in "limited circumstances," such as cases involving toxic exposures resulting in injuries that were hidden and otherwise unknowable until the time of diagnosis. *See*, *e.g.*, *Barnes*, 534 F.3d at 365 (latency exception applied in case involving toxic exposures from wood treatment plant and subsequent lung-cancer diagnosis); *Pounds v. Rogersol, Inc.*, No. 07-cv-554, 2009 WL 607429, at *5 (S.D. Miss. Mar. 5, 2009) (latency exception applied in case involving toxic exposures to benzene and subsequent leukemia diagnosis). Ms. Greer can draw no parallel between this case, where she specifically alleged the date on which her injury occurred *and* alleged that her injury was so obvious it was stigmatizing, and those limited toxic exposure cases finding the latency-exception applied, nor did she make any attempt to do so.

Second, Ms. Greer attempts to avoid the six-month definition the PSC (and later this Court) set for her injury, claiming that when her injury occurred is not a "black and white" analysis.[4] But the Court already rejected this argument:

> The Court will not allow Plaintiffs to avoid the application of prescription simply because their injuries are hard to define. Similarly, Plaintiffs cannot avoid prescription by being evasive in their Short Form Complaints about when their injuries occurred. Both as a general matter and for purposes of prescription, this MDL requires defining Plaintiffs' injury. This Court used [the six-month] definition that the medical literature has adopted and that Plaintiffs have espoused. The Court will not reconsider its ruling on this.[5]

---

[4] *Id.* at 6.

[5] Rec. Doc. 9115 at 4.

3

That ruling applies equally here. Ms. Greer insinuates that her injury did not occur at six months (as alleged in the Master Complaint), but never states when it *did* occur. Ms. Greer does not argue, for instance, that her injury occurred and her claim accrued when she was diagnosed with permanent hair loss, because she has never received such a diagnosis. Nor does Ms. Greer make any attempt to square her argument that her injury was so obvious it altered her self-image with her argument that she was unaware of the harm she had suffered until 2016, when her daughter told her about a lawyer advertisement.[6] Ms. Greer may not avoid application of the statute of limitations by "being evasive." She must be held to her pleadings, which state that her injury occurred six months following the end of chemotherapy.

Third, Ms. Greer tries to argue that the latency exception applies because, allegedly, she subjectively thought her hair loss was temporary.[7] Ms. Greer appears to argue that she actually suffered two separate injuries, claiming there is a:

> [D]istinction between temporary hair loss—a common result of chemotherapy—and permanent hair loss—an unexpected, unwarned of **injury** that Sanofi continues to claim its product does not cause. While both [injuries] involve hair loss, it is the difference between temporary and permanency that makes her injury latent— one is expected and the other is not.[8]

Even accepting Plaintiff's argument as true, and considering temporary and permanent hair loss to be different injuries, the latter necessarily follows the former, meaning the diseases are related sequentially and in the same alleged causal chain. Mississippi law expressly rejects the notion that the statute of limitations on an initial condition is tolled until the later condition is discovered. In *Massey v. Wyeth*, for example, the court ruled that the plaintiff's claim accrued

---

[6]  Rec. Doc. 11057 at 2, 3.

[7]  Rec. Doc. 11057 at 7.

[8]  *Id.* at 5 (emphasis added).

when she was diagnosed with atherosclerosis, not when she developed stenosis, since the latter was "part of a progression of the atherosclerosis." *Massey v. Wyeth, Inc.*, No. 4:03-CV-105, 2013 WL 140437, at *2 (S.D. Miss. Jan. 11, 2013). The same is true here. To the extent temporary and permanent hair loss are different conditions, permanent hair loss is "part of a progression" of Ms. Greer's hair loss. Ms. Greer, in fact, has specifically pled the moment when her temporary hair loss became permanent—six months following the completion of chemotherapy. Plaintiff's claim accrued when she suffered that injury, not when she learned of this litigation.

Finally, Ms. Greer argues that it was not until May 2016 that she "even knew chemotherapy *could cause* permanent hair loss" when "her daughter saw advertisements concerning Taxotere and permanent hair loss."[9] That argument, however, has no relevance under Mississippi law. The Fifth Circuit has held definitively that whether a plaintiff knew the cause of her injury does not factor into Mississippi's latency analysis: "[t]he firmest rebuke to this interpretation is the language of the statute itself, which *refers only to discovery of the injury, not to discovery of its cause*." *Barnes*, 534 F.3d at 360 (emphasis added)*; see also Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010) ("We find that the plain language of the statute supports Defendants' argument that the cause of action accrued upon discovery of the injury, not discovery of the injury and its cause."). Courts have directly rejected the *precise* argument Ms. Greer advances here, namely that the statute is tolled until the cause of the injury was revealed through an attorney advertisement.[10] *See Pounds*, 2009 WL 607429, at *5 (finding claim accrued when plaintiff was injured, not when she learned of its potential cause "either when we were contacted by telephone by an attorney […] or when we saw an advertisement on television explaining the link."). Yet, Ms. Greer made no attempt to

---

[9]  Rec. Doc. 11057 at 2, 7 (emphasis added).

[10] Rec. Doc. 11057 at 3 (arguing that Ms. Greer did not know the cause of her injury until her "daughter informed her of advertising concerning Taxotere and permanent hair loss" in May 2016).

5

Case 2:16-md-02740-JTM-MBN   Document 11097-2   Filed 09/15/20   Page 6 of 11

address that law in opposing Sanofi's motion. Ms. Greer's arguments regarding her knowledge as to the cause of her injuries have no merit. The discovery rule does not apply to toll the statute of limitations on Ms. Greer's claim, because she did not suffer a latent injury.

## II. THE STATUTE OF LIMITATIONS IS NOT TOLLED BY PLAINTIFFS' FRAUDULENT-CONCEALMENT CLAIM.

Ms. Greer argues that she "specifically adopted" the Second Amended Master Long Form Complaint's fraudulent-concealment claim ("Master Complaint"), which alleges that Sanofi concealed the risks of Taxotere from the medical community and the public. Ms. Greer now argues that same allegation tolls the statute of limitations. But, under Mississippi law, the statute is not tolled absent acts of concealment that are *separate and apart* from the alleged concealment underlying the plaintiff's substantive claim. Stated differently, Ms. Greer may not allege that Sanofi's alleged acts of concealing the risks of Taxotere from the medical community and the public both entitle her to damages on her fraudulent-concealment claim *and* toll the statute of limitations. Rather, to toll the statute, Ms. Greer must allege a specific fraudulent act, directed at her, that prevented her from discovering her claim, and that was different from, and subsequent to, those acts alleged in support of her fraudulent-concealment claim. Ms. Greer advances no separate concealment argument as to her specifically and, in fact, explicitly admits that her tolling argument is based entirely on the allegations that support her underlying fraudulent-concealment claim.[11] Ms. Greer's tolling argument must be rejected under Mississippi law.

---

[11] Ms. Greer attempts to garner support for her argument by noting that Judge Engelhardt previously declined to dismiss Plaintiffs' fraudulent-concealment claim. Rec. Doc. 877. However, Ms. Greer fails to mention that Judge Engelhardt explicitly stated that while Plaintiffs' fraud-based claims would not be dismissed for failure to plead with particularity, "specific allegations, particularly with respect to any allegations of fraud, should be perfected within the short form complaints filed in the individual member cases."). *See* **Ex. A**, Hr'g Tr. at 23:4–7 (Aug. 30, 2017) (Engelhardt. J., presiding). Ms. Greer has not done so.

6

Mississippi law provides a limited exception to its three-year statute of limitations for non-latent injuries when the defendant "fraudulently conceal[ed] the cause of action from the knowledge of" the plaintiff. Miss. Code Ann. § 15–1–67. For the exception to apply, the defendant must have affirmatively hid a plaintiff's claim and acted in a manner specifically designed to prevent the plaintiff from discovering it. *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 83 (Miss. 2003) ("[F]raudulent concealment of a cause of action tolls its statute of limitations."); *Windham v. Latco of Mississippi, Inc.*, 972 So. 2d 608, 614 n.8 (Miss. 2008) ("The affirmative act must in fact be designed to prevent the discovery of the claim" by the plaintiff.). Importantly, "[t]he affirmative act of concealment must have occurred ***after and apart from*** the discrete acts upon which the cause of action is premised." *Smith v. First Family Fin. Servs., Inc.*, 436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006) (internal quotations omitted) (emphasis added). An alleged act of concealment cannot be both a basis of the plaintiff's substantive claims *and* a basis to toll the statute of limitations. *See, e.g.*, *Whitaker v. Limeco Corp.*, 32 So. 3d 429, 438 (Miss. 2010) ("The trial court aptly stated the law that an act cannot be both an act of fraud in the inducement and an act of fraudulent concealment."). "Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations." *Ross v. CitiFinancial, Inc.,* 344 F.3d 458, 464 (5th Cir. 2003). Plaintiff bears the burden to prove that the statute of limitations should be tolled. *Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 265 (S.D. Miss. 2007), *aff'd*, 550 F.3d 506 (5th Cir. 2008); *Liddell v. First Family Fin. Servs., Inc.*, 146 F. App'x 748, 750 (5th Cir. 2005); *Gulf Nat'l Bank v. King*, 362 So. 2d 1253, 1255 (Miss. 1978).

In the Master Complaint, in support of their fraudulent-concealment claim, all Plaintiffs allege that Sanofi knew of, but concealed, the risks of Taxotere and thereby caused healthcare

7

providers to prescribe the product and plaintiffs to use it.[12]  In support of her tolling argument, Ms. Greer alleges that Sanofi knew "of the propensity of their drugs to cause the injuries at issue in this MDL while concealing it from and/or failing to warn patients, health care professionals, the medical community, or the public in the U.S."[13]  Those claims are identical.  The law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis for both Ms. Greer's substantive claim and her claim for tolling.  *Whitaker*, 32 So. 3d at 438; *Smith*, 436 F. Supp. 2d at 840; *Ross,* 344 F.3d at 464.  Rather, to toll the statute, Ms. Greer must have alleged (1) a separate concealment, (2) that was different from and occurred after the concealment that allegedly caused her to be prescribed and to take Taxotere, and (3) that was specifically directed at her in order to hide her claim.  *Smith*, 436 F. Supp. 2d at 840–41.  Ms. Greer advances no such allegation, and, in fact, cites no law in support of her position, though she bears the burden of proof.  Ms. Greer's tolling argument must be rejected.[14]

The facts and arguments in *Bryant v. Wyeth* were nearly identical to those at issue here.  *Bryant v. Wyeth*, 816 F. Supp. 2d 329 (S.D. Miss. 2011), *aff'd*, 487 Fed. App'x 207 (5th Cir. 2012).  In that case, the plaintiff was prescribed and used Prempro, a hormone replacement therapy sold by defendant Wyeth.  In April 1999, she was diagnosed with breast cancer.  In December 2002—three and a half years after her diagnosis—the plaintiff sued, alleging various product liability claims, including fraudulent concealment.  *Id*. at 330.  Wyeth sought summary judgment based on

---

[12]  Rec. Doc. 4407 at ¶¶ 270, 273, 276.

[13]  Rec. Doc. 11057 at 8.

[14]  This result would be no different had the PSC been granted their motion to file a Third Amended Master Complaint.  The PSC's proposal would have added more of the same—generic allegations that Defendants concealed the risks associated with docetaxel—but would not have added any allegation that Defendants engaged in separate conduct, directed at the Plaintiffs, that hid their cause of action from them.  Regardless, the Court correctly held that the PSC's proposed amendments came too late and would have prejudiced Defendants.  Rec. Doc. 8702.  Should Ms. Greer be granted leave to amend her Short Form Complaint, this result likewise would be no different.  Ms. Greer's proposed amendments do not allege a separate concealment, directed at her, that hid her cause of action from her.  They are accordingly irrelevant to the analysis.

Mississippi's three-year statute of limitations for non-latent injuries. In response, the plaintiff raised Mississippi's fraudulent-concealment exception, claiming that the statute was tolled because "Wyeth concealed the true risks of breast cancer from the entire medical and scientific community, and they were certainly concealed from a layman like Mrs. Bryant." *Id*. at 335.

The Court granted Wyeth judgment, recognizing that plaintiff's arguments in favor of tolling were the same as those she raised in support of her fraudulent-concealment claim. "The requirement of proof of an affirmative act refers not to proof of the act that gives rise to the claim but rather to a subsequent affirmative act of concealment," the court held. *Id.* (citing *Liddell*, 146 Fed. App'x at 751). "Inadequacies in Wyeth's labeling which ultimately form the basis of plaintiff's claims for relief do not constitute subsequent affirmative acts of concealment. Since there is no proof of fraudulent concealment, the running of the statute of limitations on plaintiff's causes of action was not tolled." *Id.*

The ruling was similar in *Tanner v. Pfizer, Inc.*, wherein the court dismissed product liability claims against a pharmaceutical manufacturer and found the fraudulent-concealment exception did not toll the statute of limitations. *Tanner v. Pfizer, Inc.*, No. 1:15-CV-75, 2015 WL 6133207, at *4 (S.D. Miss. Oct. 19, 2015). The court held that the exception could not apply because the plaintiff "alleged no specific affirmative act of concealment by Defendant, subsequent to the discovery of [plaintiff's] injury." *Id*. at *3. While the plaintiff raised general sales and marketing campaigns, the plaintiff did not allege that they "reached him or influenced his ability to discover his claim." *Id*. The same is true here. Sanofi's alleged concealment of Taxotere's risks—which forms the basis of Ms. Greer's substantive claims—are not subsequent affirmative acts of concealment, were not specifically directed at Ms. Greer, and did not hide her cause of action from her. "Mississippi law is unambiguous." *Ross*, 344 F.3d at 464. Without an allegation

9

of a separate, subsequent concealment, which Ms. Greer does not make, the fraudulent-concealment exception to the statute of limitations does not apply.

Because no exception applies to toll Ms. Greer's claims, the statute ran in 2013. Ms. Greer's 2018 filing was accordingly untimely.

## CONCLUSION

For the foregoing reasons, the Court should grant Sanofi's motion and dismiss Ms. Greer's claims.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-47p4-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S., LLC and Sanofi US Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*