# EXHIBIT A

```
 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************

 4   IN RE:  TAXOTERE
     (DOCETAXEL) PRODUCTS
 5   LIABILITY LITIGATION

 6                                   CIVIL ACTION NO. 16-MD-2740 "N"
                                     NEW ORLEANS, LOUISIANA
 7                                   WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8   THIS DOCUMENT RELATES TO:

 9   ALL CASES

10   ****************************************************************

11
                  TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12            HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                        UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15

16   FOR THE PLAINTIFFS:         BARRIOS KINGSDORF & CASTEIX
                                 BY:  DAWN M. BARRIOS, ESQ.
17                                    BRUCE S. KINGSDORF, ESQ.
                                 701 POYDRAS STREET, SUITE 3650
18                               NEW ORLEANS, LOUISIANA 70139

19

20                               GAINSBURGH BENJAMIN DAVID
                                 MEUNIER & WARSHAUER
21                               BY:  M. PALMER LAMBERT, ESQ.
                                 1100 POYDRAS STREET, SUITE 2800
22                               NEW ORLEANS, LOUISIANA 70163

23

24                               PENDLEY BAUDIN & COFFIN
                                 BY:  CHRISTOPHER L. COFFIN, ESQ.
25                               1515 POYDRAS STREET, SUITE 1400
                                 NEW ORLEANS, LOUISIANA 70112
                             *OFFICIAL TRANSCRIPT*
```

| | | |
|---|---|---|
| 10:00:40 | 1 | plaintiffs' counsel in formulating allegations within a Master |
| 10:00:45 | 2 | Long Form Complaint, as well as the administrative function of |
| 10:00:47 | 3 | a master complaint. |
| 10:00:49 | 4 | However, with that being said, specific |
| 10:00:51 | 5 | allegations, particularly with respect to any allegations of |
| 10:00:54 | 6 | fraud, should be perfected within the short form complaints |
| 10:00:59 | 7 | filed in the individual member cases. |
| 10:01:01 | 8 | However, also at this point in the litigation, |
| 10:01:03 | 9 | allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to |
| 10:01:10 | 10 | proceed serves the goals of the MDL.  Just as the Court noted |
| 10:01:12 | 11 | in the *In re:  Trasylol Product Liability Litigation* -- you can |
| 10:01:22 | 12 | find that at 2009 Westlaw 577726 -- this Court finds that it is |
| 10:01:28 | 13 | in the best interest of justice to allow these claims to go |
| 10:01:32 | 14 | forward, and to more appropriately be addressed when we move to |
| 10:01:38 | 15 | the summary judgment phase of the case. |
| 10:01:39 | 16 | Now, with respect to Counts 2 and 8, which allege |
| 10:01:44 | 17 | strict liability for misrepresentation and breach of an express |
| 10:01:47 | 18 | warranty respectively, the Court requires additional |
| 10:01:52 | 19 | information from plaintiffs. |
| 10:01:53 | 20 | The defendants are correct in stating that the |
| 10:01:55 | 21 | plaintiffs have not provided any express statement by the |
| 10:01:57 | 22 | defendants that was either misleading or an express warranty |
| 10:02:01 | 23 | and relied upon by a plaintiff or a particular group of |
| 10:02:05 | 24 | plaintiffs. |
| 10:02:06 | 25 | The Court agrees that plaintiffs cannot state a |

*OFFICIAL TRANSCRIPT*