UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. L.J. WEI

---

The PSC's motion to exclude the testimony of Sanofi's expert biostatistician, Dr. Lee-Jen Wei, should be denied for the following reasons:

First, the PSC seeks to exclude an opinion Dr. Wei does not provide. Dr. Wei does not, as the PSC suggests, provide an opinion on the alternative causes of Ms. Kahn's alleged permanent hair loss. Instead, he offers the opinion that the results from certain clinical trials, namely TAX 316 and TAX 301 (GEICAM 9805), do not provide statistical evidence that Taxotere causes permanent alopecia as compared to the other chemotherapies administered in those trials. That is an opinion Dr. Wei is well-qualified to offer, and the PSC provides no argument as to why he should be excluded.

Second, Dr. Wei's opinions regarding the alopecia follow-up times of TAX 316 patients are reliable and admissible. Dr. Wei analyzed the same clinical trial data sets as Plaintiff's expert biostatistician, Dr. David Madigan, and came to the conclusion that few of these patients were followed by the study's investigators long enough to reliably assume these participants have "irreversible" alopecia. Dr. Wei's opinions are consistent with what Sanofi told a foreign health

authority about the follow-up times for adverse events in the TAX 316 study, including alopecia. The PSC may disagree with Dr. Wei's analysis because either they think it is incorrect or simply disrupts their trial narrative about that study. That, however, is not a basis for exclusion and the PSC may present their own evidence on this study to the Jury, as they did in *Earnest*.

## BACKGROUND

### I. Dr. Wei's Qualifications.

The PSC does not allege that Dr. Wei is unqualified to offer opinions in this case, nor could they. Dr. Wei is a highly-qualified biostatistician.[1] He has a Ph.D. in Statistics from the University of Wisconsin.[2] Among other qualifications, he has been a tenured professor of biostatistics at Harvard University since 1991 and was a professor of biostatistical science and computational biology at the Dana-Farber Cancer Institute, Harvard Medical School between 1997 and 2012.[3] He has published over 185 research articles in peer-reviewed journals and is responsible for developing novel statistical methods for designing, monitoring, and analyzing clinical studies, survival analyses, and meta-analyses.[4] In 2009, Dr. Wei received the Wilks Medal from the American Statistical Association, one of the most prestigious awards in the field of statistics, for outstanding contributions to clinical trial methodological research.[5]

### II. Dr. Wei's Opinions.

In his expert reports, Dr. Wei offers opinions that are well-grounded in his area of expertise:

- The data from the TAX 316 and TAX 301 studies do not provide any evidence of a safety signal of a new or unexpected risk of

---

[1] *See* **Ex. A,** Dec. 10, 2018 Wei Rpt.

[2] *Id.* at 1 ¶ 1.

[3] *Id.*

[4] *Id.* at 1–2 ¶ 3.

[5] *Id.*

- permanent or irreversible alopecia with Taxotere use as compared to other cancer-treatment regimens.[6]

- Dr. Madigan's analyses suffer from serious and well-known limitations, rendering those analyses of little or no value in determining whether there is reliable statistical evidence that Taxotere is associated with an increased risk of permanent or irreversible alopecia.[7]

- The vast majority of patients with ongoing alopecia in the TAX 316 study were followed for their alopecia for less than six months, making it impossible to say those patients experienced "irreversible" alopecia.[8]

- Dr. Madigan's analyses relating to the Sanofi 2012 Health Canada submission are arbitrary and misleading.[9]

The PSC challenges some, but not all, of this testimony.

## ARGUMENT

### I. Dr. Wei is Not Offering an Opinion On the Possible Alternative Causes of Plaintiff's Alopecia.

The PSC claims that Dr. Wei should be prevented from opining on "possible alternative causes of Ms. Kahn's PCIA." Dr. Wei, however, is not offering the opinion the PSC asks this Court to exclude. Dr. Wei is not a specific causation expert and does not offer an opinion on alternative causes for Ms. Kahn's alleged hair loss. Likewise, Dr. Wei does not opine that another "chemotherapy-related drug Ms. Kahn took causes PCIA."[10] The PSC seems to agree, as they fail to cite to any of Dr. Wei's testimony in arguing that Dr. Wei may not present these alleged opinions.[11]

---

[6] *Id.* at 3 ¶ 10.

[7] *Id.* at 3 ¶ 11; **Ex. B,** Dec. 9, 2019 Wei Supp. Rpt. at 6–11 ¶¶ 23-40.

[8] Ex. B, Dec. 9, 2019 Wei Supp. Rpt. at 2 ¶ 13.

[9] **Ex. C,** April 17, 2020 Wei Second Supp. Rpt. at 2-6 ¶¶ 6-17.

[10] Rec. Doc. 10940-1 at 7 (Pl.'s Mot. to Exclude Test. of Dr. L.J. Wei).

[11] *Id.* at 7–8 ("I cannot comment on other chemotherapy. I'm here as a—commenting on Taxotere.").

What Dr. Wei *does* opine on—and what the PSC does not and cannot challenge—is that the results of the TAX 316 and TAX 301 clinical studies do not provide statistical evidence that Taxotere causes permanent alopecia as compared to the other chemotherapies used in those trials. Dr. Wei did not need to "study other chemotherapy drugs," to reach these opinions.[12] Dr. Wei also did not need to "demonstrate[] a statistically significant increased risk of PCIA with any other drugs" to reach his opinions.[13] His task was to determine whether Taxotere (not other drugs) had a statistically significant increased risk of permanent hair loss, and, based on his analysis of the data, he determined that it did not. The PSC has not come forward with any reason as to why Dr. Wei should be prevented from offering those opinions.

## II. Dr. Wei's Opinions Regarding TAX 316 Are Reliable and Admissible.

As set forth in more detail in Sanofi's Opposition to Plaintiff's Motion for Partial Summary Judgment on General Causation, the PSC's challenge to Dr. Wei's opinions on TAX 316 should be denied. Dr. Wei's opinions regarding the alopecia follow-up times of patients in the TAX 316 study are reliable and admissible. Dr. Wei has a Ph.D. in statistics and has been a professor of biostatistics at Harvard for almost three decades.[14] The PSC criticizes Dr. Wei for limiting his analysis to the 45 patients in TAX 316 (29 in TAC, 16 in FAC) that, ironically, are the exact focus of *Plaintiff's* experts. Dr. Wei analyzed the same data as Dr. Madigan,[15] as well as the same study protocols,[16] and offered an opinion regarding the length of time each of the 45 patients was tracked into the follow-up period.[17] Because few were followed for any significant length of time, Dr.

---

[12] *Id.* at 8.

[13] *Id.*

[14] Ex. A, Dec. 10, 2018 Wei Report at 1.

[15] **Ex. D,** Dec. 10, 2018 Wei Rpt. at Appendix B; **Ex. E,** Mar. 23, 2020 Dr. Madigan Reliance List.

[16] Ex. A, Dec. 10, 2018 Wei Rpt. at 10 ¶ 24.

[17] Ex. B, Dec. 9, 2019 Wei Supp. Rpt. at ¶¶ 11–17.

Wei opined, few of the 45 could be assumed (as Dr. Madigan assumed) to have "irreversible" alopecia.[18]  If Dr. Wei's opinion were subject to exclusion because it addressed only those 45 patients, then Dr. Madigan's calculations regarding those same patients would be subject to exclusion for the exact same reason.

Dr. Wei's analysis of the alopecia follow-up times in the TAX 316 study also is consistent with Sanofi's March 2012 submission to Health Canada.[19]  Both Dr. Wei's analysis and Sanofi's March 2012 submission demonstrate in detail that the follow-up times for alopecia were much shorter than Plaintiff's experts claim.  The PSC may disagree with Dr. Wei's analysis, but that does not warrant exclusion.

Finally, the PSC criticizes Dr. Wei for relying on calculations performed by his colleague, Dr. Wu.[20]  The PSC advances this argument despite the fact that the general-causation opinions of Plaintiff's own experts rely entirely on Dr. Madigan's analyses.[21]  If Dr. Wei's opinions were subject to exclusion because they rely on Dr. Wu's calculations, then so too are the opinions of Dr. Feigal and Dr. Kessler, who rely on Dr. Madigan's work.  Indeed, this Court has rejected that argument several times in the context of Dr. Kopreski, finding reliance on his testimony appropriate so long as the reliance is not "blind."  *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. MDL 16-2740, 2019 WL 3817658, at *2 (E.D. La. Aug. 14, 2019); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-CV-17144, 2020 WL 759566, at *2 (E.D. La. Feb. 14, 2020).  Dr. Wei analyzed Dr. Wu's work,[22] and it is evidence of the type on which an expert in his field would

---

[18]    *Id.*

[19]    *See* **Ex. F,** Mar. 13, 2012 Response to Agency Request (Sanofi_02368838).

[20]    Rec. Doc. 10940-1 at 11 (Pl.'s Mot. to Exclude Test. of Dr. L.J. Wei).

[21]    *See, e.g.*, **Ex. G,** Oct. 21, 2019 Kessler Supp. Rpt. at ¶¶ 12, 15, 24; **Ex. H,** March 23, 2020 Feigl Rpt. at 56 n.105a.

[22]    *See, e.g.*, **Ex. I,** Dec. 20, 2019 Wei Dep. 183:17–184:5.

typically rely. *See Justin Brands, Inc. v. Lucchese, Inc.*, No. 4:04-CV-054, 2005 WL 8159158, *3 (N.D. Tex. Aug. 29, 2005) ("An expert may rely upon information supplied by a third party in formulating his opinions" and "only runs afoul of *Daubert* where that expert blindly relies" on that information) (citing *Legier and Matherne, APAC v. Great Plains Software, Inc.*, No. 03-CV-278, 2004 WL 1488597, at *3 (E.D. La. June 30, 2004)). The PSC's arguments regarding Dr. Wei's testimony must be rejected, consistent with this Court's prior rulings.

## CONCLUSION

For all of the reasons stated above, Plaintiff's Motion to Exclude the Testimony of Dr. Wei should be denied in its entirety.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*