# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Curtice Bryant v. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., et al* | EDLA No. 2:20-cv-2018 |

**FIRST AMENDED SHORT FORM COMPLAINT**

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Curtice Bryant

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

4. Current State of Residence: Georgia
5. State in which Plaintiff(s) allege(s) injury: Georgia & South Carolina
6. Defendants (check all Defendants against whom a Complaint is made):

    a. Taxotere Brand Name Defendants

1

    ☐ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

    ☐ B. Sanofi-Aventis U.S. LLC

  b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

    ☐ A. Sandoz Inc.

    ☐ B. Accord Healthcare, Inc.

    ☐ C. McKesson Corporation d/b/a McKesson Packaging

    ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

    ☐ E. Hospira, Inc.

    ☐ F. Sun Pharma Global FZE

    ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

    ☐ H. Pfizer Inc.

    ☐ I. Actavis LLC f/k/a Actavis Inc.

    ☐ J. Actavis Pharma, Inc.

    ☐ K. Sagent Pharmaceuticals, Inc.

    ☐ L. Other:

[ ]

7. Basis for Jurisdiction:

  ☐ Diversity of Citizenship
  ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

[ ]

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

2

> Georgia Southern District Court

9. Brand Product(s) used by Plaintiff (check applicable):

    ☐   A.   Taxotere

    ☐   B.   Docefrez

    ☐   C.   Docetaxel Injection

    ☐   D.   Docetaxel Injection Concentrate

    ☐   E.   Unknown

    ☐   F.   Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

    > October 10, 2013 to January 15, 2014

11. State in which Product(s) identified in question 9 was/were administered:

    > South Carolina

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Alopecia or incomplete hair re-growth, from July 2014 to Present.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☐ Count I – Strict Products Liability – Failure to Warn
    ☐ Count III – Negligence
    ☐ Count IV – Negligent Misrepresentation
    ☐ Count V – Fraudulent Misrepresentation
    ☐ Count VI – Fraudulent Concealment
    ☐ Count VII – Fraud and Deceit

    ☐ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> **FACTUAL ALLEGATIONS**
> Plaintiff was first treated with Taxotere about October 2014. Prior to undergoing chemotherapy, she discussed potential side effects with her oncologist, Dr. Edenfield. She was told she might experience hair loss during treatment, but that any such hair loss would be temporary. Plaintiff never received a warning that she might suffer permanent hair loss as a result of taking Taxotere. Plaintiff completed Taxotere therapy about January 2014. At some point following completion of chemotherapy, Plaintiff noticed that her hair was not growing in fully as it had prior to chemotherapy. She believed her hair was coming in thinner because she was doing something wrong. Plaintiff's mother had also used Taxotere and, as far as Plaintiff knows, experienced full hair regrowth. Plaintiff had no reason to connect her hair loss to Taxotere. In May 2019, Plaintiff discovered that she had a bald spot. Also in May 2019, Plaintiff saw a television commercial connecting Taxotere use and permanent hair loss. Until May 2019, when Plaintiff discovered her bald spot and saw the television commercial, she did not suspect that she may be suffering

4

> from permanent hair loss, including her bald spot and thinning hair, that was caused by Taxotere/Docetaxel.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

>By
>/s/Steven D. Davis
>IL Bar Number: 6281263
>**TorHoerman Law LLC**
>210 S. Main Street
>Edwardsville, IL 62025
>Telephone: (618) 656-4400
>Facsimile: (618) 656-4401
>sdavis@thlawyer.com

5