UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                 MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE AND/OR LIMIT TESTIMONY OF DR. CARL KARDINAL AND DR. ZOE LARNED

**I.     INTRODUCTION**

Testimony that consists of opinions based on scientific, technical, or other specialized knowledge—such as testimony about causation—is expert testimony regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation. That means Dr. Kardinal and Dr. Larned cannot testify on causation or the neurotoxicity values of chemotherapy drugs because such opinions indisputably cross into "expert opinion" territory and must meet the requirements of Federal Rule of Civil Procedure 26, not to mention the Federal Rules of Evidence and *Daubert*.

In response, Sanofi does little more than underscore the importance of such testimony to its defense against liability and thus asks for a do-over, including the opportunity to fix certain disclosures that are deficient. But if Sanofi believed that it was necessary for Dr. Kardinal and Dr. Larned to offer expert opinions on causation and neurotoxicity, Sanofi should have followed the process for presenting expert opinions under the Federal Rules of Civil Procedure, and it should have made a showing that such testimony meets the strictures of *Daubert*. Sanofi did none of these things. Its gambit is to elicit such opinions from two physicians on the fly, with limited questioning that gives the misimpression that any or all drugs may cause permanent hair loss or are extremely

toxic. None of this expert testimony is supported by way of an expert report, which would need to meet threshold requirements of reliability and relevancy under *Daubert*.

Sanofi also tries to create a false equivalency between Plaintiff's questioning of these treaters, and Sanofi's. Plaintiff is not eliciting, and has no interest in eliciting, expert opinions from these two physicians. Thus, Plaintiff's Rule 26 disclosures are entirely appropriate. The reason that Sanofi's Rule 26 disclosures are deficient, in contrast, is Sanofi is eliciting expert opinion, but has not complied with the rules.

Sanofi proposes that the Court resolve this dispute by allowing all such disclosures to be amended so that these treaters can give such testimony. That is not a permissible solution, and it is too late in the day for Sanofi to disclose these treaters as experts who may testify on causation and neurotoxicity. The only solution is to follow the rules and to apply them evenhandedly. Thus, the Court should prohibit the parties from eliciting expert opinions on causation or neurotoxicity from these two treating physicians, neither of whom have been disclosed or qualified as experts to render opinions on such specialized matters.

**II.   ARGUMENT**

**A.   DR. KARDINAL AND DR. LARNED PROVIDED EXPERT TESTIMONY AND SANOFI'S RULE 26(A)(2)(C) DISCLOSURES ARE INADEQUATE**

The law is settled that when a witness—including a treating physician—is to provide expert testimony, Rule 26(a)(2)(C) requires a disclosure that must include "an abstract, abridgement, or compendium of the opinion and facts supporting the opinion." *Matthews v. Amtrust Group, Ins.*, 2020 WL 206186, at *2 (quoting *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018)); *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, at *2 (E.D. La. July 24, 2020) (discussing circumstances where "treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)").

The depositions taken of Dr. Kardinal and Dr. Larned were for general discovery purposes and subject to the Federal Rules of Civil Procedure, which allow broad ranges of questions and responses that need not be admissible at trial. Despite the lengths at which Sanofi's counsel went to confirm areas in which Dr. Kardinal and Dr. Larned were not experts and not offering opinions as experts, Sanofi still elicited testimony in areas that require expert testimony. Sanofi had an opportunity to lay the foundation to support those opinions prior to asking the questions but chose not to.

The scope of a treating physician's testimony is limited to their treatment and the patient's medical records. *Perdomo v. U.S.*, No.11-CV-2374, 2012 WL 2138106 at *1 (E.D. La. June 11, 2012). With that said, at the depositions for both Dr. Kardinal and Dr. Larned, Sanofi sought testimony regarding neurotoxicity and permanent hair loss, both of which are outside the scope of their treatment of Ms. Kahn and her medical records. Indeed, there is not one mention of neurotoxicity in Plaintiff's medical records, nor has Dr. Kardinal voiced a concern about neurotoxicity and Ms. Kahn; yet, Sanofi, without laying a foundation for sources, questioned Dr. Kardinal on neurotoxicity:

> Q. Would you agree that neuromuscular toxicity was considerably less common with docetaxel than with paclitaxel? [Objection]
>
> A. Well, I'll agree to that yeah.
>
> ----
>
> Q. Concerning paclitaxel or Taxol –
>
> A. Yes.
>
> Q. – and it having more neurotoxic – or neurotoxic neuropathy effects than docetaxel, is that something that you've just seen in your clinical experience?

      A.  No. I think that this has been generally reviewed and that Taxol is more neurotoxic than Taxotere.[1]

Similarly, Dr. Larned was asked numerous times at her deposition to provide permanent hair loss opinions, despite not being offered as an expert on the causation of permanent hair loss:

      Q. Would you say that it's a rare side effect?

      A. Yes.

      ---

      Q. Do you think it's possible that Ms. Kahn's either menopause or Tamoxifen use contributed to her hair loss?

      A. Potentially.

      ---

      Q. Do you agree that hair loss can be caused by many things, including thyroid issues, menopause, Tamoxifen, among others?

      A. Yes.

      Q. And persistent hair loss could be caused by those things, correct?

      A. Yes.

      ---

      Q. So can you say to a reasonable degree of medical certainty that Ms. Kahn would have a full head of hair today has she received Taxol instead of Taxotere?

      A. I cannot say that.[2]

Sanofi's attempt to equate this testimony as related to what Drs. Kardinal and Larned considered at the time of treatment falls flat[3].  This testimony is about the toxicity profiles and

---

[1] Ex. B to Plaintiff's Memorandum in Support of Plaintiff's Motion to Exclude and/or Limit Testimony of Dr. Carl Kardinal and Dr. Zoe Larned (hereinafter "Pl's Memo"), Kardinal Dep., 1/17/2018, 71:25-72:5 and 136:17-137:1.
[2] Ex. C to Pl's Memo, Larned Dep., 2/22/2018, 59:21-60:4, 92:4-12, 146:13-21 and 149:10-15.
[3] Rec. Doc.11089, Defendants' Opposition to Plaintiff's Motion to Exclude and/or Limit Testimony of Dr. Carl Kardinal and Dr. Zoe Larned (hereinafter "Defs' Opp") at pp.6-7.

whether a drug is more toxic than another drug—facts that neither physician had seen or considered. And, contrary to Sanofi's suggestion,[4] this testimony is not germane to the risk-benefit analysis the Court determined necessary in *Earnest*. These opinions, which Sanofi failed to address in its opposition as to how they constitute "fact testimony" and not subject to disclosure requirements, clearly pertain to matters beyond those contained in the medical records and require disclosure under the rules. Indeed, both sides have retained experts that were properly disclosed that will testify on the matters of rates of neurotoxicity and potential causes and rates of permanent hair loss associated with other chemotherapy drugs.

Moreover, "where a physician's testimony relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)." *Warren v. Mallory*, No. 18-11613, 2020 WL 4260448, at *2 (E.D. La. July 24, 2020). We do not know the sources of the opinion testimony discussed herein nor a methodology used by the physicians to establish these opinions. Again, it was simply questions unmoored from any factual basis, supporting research or references; just off the cuff unqualified opinions. The 2010 amendment to FRCP 26(a)(2)(C) makes it clear that such opinions do not comport with the rule. Accordingly, the Court should exercise its gatekeeping role, excluding this testimony and limiting any future testimony to their treatment of Ms. Kahn and the conclusions contained in her medical records.

**B.    SANOFI HAS NOT MET ITS BURDEN UNDER RULE 37**

The rules are clear that failure to comply with the deadline for disclosure requirements absent a justified or harmless error showing, results in "mandatory and automatic" exclusion under

---

[4] Rec Doc. 11089, Defs' Opp at p. 6.

Federal Rule of Civil Procedure 37(c)(1). *Warren*, 2020 WL 4260448, at *3 (citing *Red Dot Bldgs.*, 2012 WL 2061904, at *3).

Sanofi offers two "excuses" for failing to provide disclosures for Dr. Kardinal and Dr. Larned; 1) that the testimony of the treating physicians does not require disclosure and 2) Plaintiffs submitted similar disclosures and so if their disclosures are deficient then so are Plaintiffs.

First, as discussed herein the testimony elicited by Sanofi was not just fact testimony; it involved questions that directly relate to matters that require an expert opinion. Again, both sides have designated experts to provide similar testimony and if Sanofi wanted to pursue those areas with the treating physicians at trial then Sanofi was required to properly disclose those opinions and facts. Sanofi has utterly failed to show the Court how the testimony complained of herein constitutes "fact testimony," and failed to provide an excuse that could be accepted at this late stage in the case, when trial is merely months away.

Second, the old proverb—do as I say, not as I do—rings true. Unlike Sanofi, Plaintiffs did not elicit testimony on issues that cross into expert opinions at either of those depositions and do not intend to offer testimony or opinions beyond the scope of the treating physician's medical records. As such, Plaintiffs' disclosures were adequate. Sanofi is merely deflecting attention from the fact that testimony it sought crosses into expert testimony subject to disclosure requirements.

But even if Plaintiff had crossed the line, the solution would not be (as Sanofi proposes) to allow both parties to run amok. The solution would be to apply the rules evenhandedly and to prohibit both parties from eliciting expert opinions from treating physicians whom no one has designated as an expert on causation or neurotoxicity.

In sum, Sanofi's disclosures are inadequate; and the deficiency is not harmless and cannot be cured by depositions to remedy the testimony sought to be excluded. Ms. Kahn's trial has

suffered numerous continuances, through no fault of either party. However, allowing Sanofi a chance to amend its disclosures to comply, when there was no reason not to do so at the outset, would result in additional motion practice and a possible continuance to further examine the expert opinions being offered by Sanofi through Dr. Kardinal and Dr. Larned.

### III. CONCLUSION

For the forgoing reasons, Plaintiffs' motion to limit or exclude the testimony of Dr. Kardinal and Dr. Larned should be granted.

Dated: September 24, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                                   */s/ Dawn M. Barrios*
                                                                   DAWN M. BARRIOS