**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
   PRODUCTS LIABILITY
   LITIGATION

                  SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE CAUSATION TESTIMONY OF DR. GERALD MILETELLO

Defendants' opposition memorandum focuses primarily on the practice and experience of their expert oncologist, Dr. Gerald Miletello, rather than any reliable principles and methodology employed by Dr. Miletello, with said principles and methodology being applied to the facts of the *Kahn* case.[1]

Defendants claim that Dr. Miletello's opinions regarding potential "alternative explanations," i.e. causes, of Ms. Kahn's persistent hair loss should be admitted because "a "plaintiff without direct evidence of causation <u>must</u> eliminate other causes." (Rec. Doc. 11090 at 1-2) (emphasis added). But the cases cited by Defendants do not involve the exclusion of expert opinions, and the facts and issues raised are dissimilar to the *Kahn* case here. First, in *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1089–90, the court distinguishes between direct evidence and circumstantial evidence being used to prove the various elements of a negligence action, and further states:

> Use of circumstantial evidence and the deductions and inferences arising therefrom is a common process for establishing liability in negligence cases.  However, the inferences drawn from the circumstantial evidence must cover all the necessary elements of negligence, and the plaintiff must still sustain the burden of proving

---

[1] Notably, Defendants' memorandum does not even mention *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993), the requirements of Fed. R. Evid. 702, or any specific principles and methods used by Dr. Miletello.

his injuries were more likely than not the result of the defendant's negligence. If circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. **This does not mean, however, that it must negate all other possible causes.**" (emphasis added).

Likewise, *Llewellyn v. Lookout Saddle Co.*, 315 So. 2d 69, 71 (La. Ct. App. 1975), also cited by the Defendants, states:

The plaintiff's burden is to prove causation by a preponderance of the evidence. This burden may be met by direct or by circumstantial evidence. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. **This does not mean, however, that it must negate all other possible causes.** Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation." (emphasis added).

Finally, *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002), also cited by Defendants, states that "[c]ircumstantial evidence may be sufficient under the facts of a case to establish causation for purposes of liability under the LPLA. The plaintiff need not absolutely negate all other possible causes of the injury to meet his burden on causation; rather the plaintiff may prove causation by establishing "with reasonable certainty that all other alternatives are impossible."

Therefore, aside from the fact that most of the cases cited by Defendants are inapplicable to the present issues raise in Plaintiff' motion – which focuses on whether are not Dr. Miletello's opinions are based on sufficient facts or data, whether Dr. Miletello's testimony is the product of reliable principles and methods, and whether Dr. Miletello has reliably applied the principles and methods to the facts of the case – the cases simply do not hold that a plaintiff must eliminate all other potential causes of an injury, as claimed by Defendants in their opposition.

Even if Ms. Kahn was required to eliminate other potential causes of her injury, Dr. Miletello's subjective, clinical observations that Taxol, 5FU (5-fluorouracil), and Adriamycin

caused delayed hair regrowth are insufficient to rise to the level of "possible causes" to be presented before a jury.[2]  Indeed, the *Pipitone* case cited by Defendants and referenced above proves Plaintiff's position. In that case, a patient who contracted salmonella infection after receiving injection of synthetic fluid in his knee joint brought a products liability action against the fluid manufacturer. In *Pipitone*, the plaintiff argued that the district court abused its discretion by excluding plaintiff's expert testimony that Synvisc caused the salmonella infection in Pipitone's knee. 288 F.3d at 244–45.  Like Sanofi touting Dr. Miletello's experience and credentials as an oncologist, the primary argument in *Pipitone* was that plaintiff's expert was experienced in knee joints, received specialized training in the area, and performed knee injections for nearly twenty years. *Id*. The Fifth Circuit, however, ruled that the expert's testimony was properly excluded, stating:

> In his deposition testimony, Dr. Millet stated that it was as likely as not that the Synvisc syringe that he administered to Pipitone contained the salmonella bacteria that infected Pipitone's knee**. He testified that he had no "scientific evidence" to support the conclusion that it was more likely than not that the infection occurred in this way.** Dr. Millet then deferred to Dr. Coco for any other explanation of how the joint became infected. Dr. Millet's testimony on causation is not helpful to the fact-finder because of his inability to conclude that it was more likely than not that the Synvisc caused the infection in Pipitone's knee. A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence. Therefore, the district court did not abuse its discretion in excluding Dr. Millet's testimony." (emphasis added). *Id*.

Like the expert in *Pipitone*, Dr. Miletello here admitted that no valid scientific evidence existed to support causation between various chemotherapy drugs (Rec. Doc. 10919-1 at 3), and his testimony regarding such topics should be properly excluded.

---

[2] Ex. B to Plaintiff's Motion to Exclude the Causation Testimony of Dr. Gerald Miletello, Rec. Doc. 10919-3, Deposition of Dr. Gerald Miletello, May 21, 2020 ("Miletello Dep. III") at pp. 86:6-88:17.

With respect Dr. Miletello's opinions comparing Taxotere to Taxol, the cases cited by Defendants are similarly unpersuasive. First, Defendants' reliance on *Huss v. Gayden*, 571 F.3d 442 (5th Cir. 2009), is misplaced. In that case, a board-certified internist was qualified to give an expert opinion that a drug administered by medical malpractice defendants did not cause or contribute to patient's cardiomyopathy. However, the sole issue pertaining to the expert in that case was that the proffered testimony was simply to explain to the jury why the literature reviewed by plaintiff's expert did not establish a causal link between Terbutaline and plaintiff's cardiomyopathy. *Id.* at 455. The Fifth Circuit found that the defense expert did not need to be board-certified in cardiology or toxicology to explain that the studies relied on by the plaintiffs do not prove a causative relationship. *Id*. Here, Dr. Miletello is not rebutting a specific study relied upon by the Plaintiff or Plaintiff's experts, but rather making generalized conclusions about causation with no real methods or principles to back up his conclusions.

Indeed, the *Xarelto* case cited by the Defendants proves the necessity of reliable principles in methods to pass *Daubert.* Before the court were several motions to exclude certain areas of anticipated testimony of various expert witnesses for the bellwether trials. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 1352860, at *1 (E.D. La. Apr. 13, 2017). The court went through each expert at issue and analyzed their methodology to determine whether it was sound and proper.[3] Here, the Defendants do not even mention "principles" or "methods" in their opposition.

---

[3] "He bases his opinions on medical literature, federal regulations, and his experience. He uses appropriate methodology in forming his opinions." *Id.* at *3; "The Court finds that Dr. Parisian is qualified by virtue of education and experience and she uses sound methodology in reaching her conclusions." *Id.*; "In researching for and writing his expert report, Dr. Winstead attests that he used the same methods he uses to evaluate and treat his patients." *Id.* at *5; "The Doctors' opinions are based on their experience and training, are relevant, and are based on proper methodology." *Id.*; "Dr. Gaziano's opinions are based on proper methodology and are relevant to the issues in dispute in this case." *Id.* at *6; "This Court finds the testimony is proper as the experts are well-qualified and their testimony is relevant and based on proper methodology." *Id.* at *7.

In summary, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Defendants make absolutely no showing in their opposition that Dr. Miletello's testimony satisfies Fed. R. Evid. 702 and *Daubert*, nor do they mention these legal standards. In conclusion, Defendant's expert, Dr. Gerald Miletello, should be excluded from opining in this case as to causation, and particularly should be precluded from testifying directly or indirectly regarding (1) general and specific causation between any drug and persistent hair loss and (2) any suggestions of causation by referring to case studies or anecdotal reports of persistent hair loss with other drugs and conditions.

Dated: September 24, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

6

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
**M. PALMER LAMBERT**