UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO EXCLUDE TESTIMONY OF PROFESSOR L.J. WEI**

Sanofi's opposition memorandum narrows the issues for this Court's consideration as it concedes Plaintiff's request for the exclusion of any testimony of Professor Wei regarding causation and alternative causes. Sanofi agrees with Plaintiff that Professor Wei will not opine, either directly or indirectly, about the risks of other drugs. Sanofi also agrees that Professor Wei will not testify regarding alternative causes of Ms. Kahn's PCIA. Indeed, such limitations are appropriate with regard to the opinions of a biostatistician.[1]

Remaining for this Court's determination is Professor Wei's adoption of a re-analysis of a select portion of TAX316 clinical trial documentation, which clearly departs from the proper methodology to analyze clinical trials and does so without meeting the tenants of reliability required by *Daubert*. Professor Wei criticizes the locked follow-up data as defined in the study protocols without looking at the protocols, investigates only select portions of clinical trial data without applying a consistent methodology to all study participants, and relies blindly on others to perform calculations without verifying the correctness of the results, the methodology used by others to arrive at a result, or how piecemeal information was selected. Indeed, Professor Wei testified as such:

---

[1] *See* Order and Reasons of August 23, 2019 ("[Dr. Madigan] appropriately limits his opinion to statistics and does not opine on medical causation.") (Rec. Doc. 8094 at p. 6).

Q    Okay. And having to make sure that the work that you do as a biostatistician conforms with protocols?

A    Yes, sir.[2]

Q    And you know that all clinical trials have protocols that direct and explain how those clinical trials will be conducted; correct?

A    Correct.

Q    And I believe in your report, you state that those protocols specifically set out the statistical analyses that will be done on the data; right?

A    Correct.

Q    Okay. Did you specifically ask for the protocols for TAX 316 or GEICAM9805 before you rendered your opinions in this case?

A    I don't need this case, because they do have a clinical study report for both studies.

Q    Yeah. Okay. That's not my question, though. My question is: Did you request the protocols for TAX 316 and GEICAM9805?

A    I don't remember.

Q    Okay. If it's not reflected on the materials you reviewed, would you conclude that you did not request those?

A    Probably not.

Q    You would not conclude that or you probably did not request them?

A    I don't remember I request or not.

Q    Okay. Certainly whether you requested them or not, they were never provided to you prior to rendering your opinions in this case; right?

A    I don't recall, sir.

Q    Well, they're not on your reliance list. If you had received them, would they be on your -- on your materials reviewed list?

A    Well, I -- I think that your question is those lists of document I use to make my statement in my report. That's my

---

[2] Ex. 1, Wei Dep., 12/20/2019, 28:11-14.

> understanding.  Then you ask me:  Did I do some extra work? I
> said I did. I didn't put those document in Appendix B; right? So the
> same question you ask me if I received the SAP or protocol for
> TAX 316 or 301, I really don't remember.  But based on Appendix
> B, I did not use -- even I had a chance to review it, SAP or protocol
> for TAX 316, I didn't use them and to actually make my statement
> in my reports.  That's what I was trying to say.[3]

What is so problematic as to cross the line of unreliability is not solely Professor Wei's reliance on co-workers to both redefine follow-up data and provide unvalidated calculations (including the dot-plot chart that conflicts with what Sanofi consistently has represented to the US and EU authorities), but rather Professor Wei's criticisms of locked clinical trial data based on counsel-selected partial clinical trial documentation.[4]  Sanofi's representation that Professor Wei "analyzed the same clinical trial data sets as Plaintiff's expert biostatistician, David Madigan"[5] is incorrect.  Dr. Madigan has explained in numerous depositions and at the *Earnest* trial that he ran statistical analyses on the final TAX 316 clinical trial, inclusive of all study patients.[6]  While Professor Wei states in paragraph 13 of his December 9, 2019 Supplemental Expert Report that he reviewed the same data set as Dr. Madigan (SA_VOL_170), under basic examination during his December 20, 2019 deposition, Professor Wei admitted to not having the TAX 316 clinical trial data, and to only receiving information on 45 patients.[7]  If we want to know more about the content of what was received, Professor Wei stated that we would have to ask Dr. Wu, because Professor Wei "didn't do this [the work for his report]."[8]

---

[3] *Id.* at 58-61.
[4] Ex. 1, Wei Dep., 12/20/2019, 274-283.
[5] Rec. Doc. 11103, Defendants' Opposition to Plaintiff's Motion to Exclude Expert Testimony of Dr. L.J. Wei at p. 1
[6] Ex. 2, Madigan Report, 3/23/2020, including appendices to document analyses on TAX316 final clinical trial data.
[7] Ex. 1, Wei Dep., 12/20/2019, 243:10-246:16. ("The only thing we have is 45 patients, data file." *Id.* at 246:12-13.)
[8] *Id.* at 238:22-239:14.

"Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798–99 (N.D. Tex. 2013). Professor Wei simply did not do the work required to form a reliable opinion based on these matters.

## **CONCLUSION**

Accordingly, for the above reasons and those set forth in her original supporting memorandum, Plaintiff's Motion to Exclude Testimony of Professor L.J. Wei should be granted.

Dated: September 24, 2020                                    Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

4

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

> */s/ Dawn M. Barrios*
> DAWN M. BARRIOS