UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 <br><br> SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039 | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF JANET ARROWSMITH, M.D.

The PSC moved to exclude certain testimony of Janet Arrowsmith, M.D. for very particular reasons: (1) she offers no methodology for her general causation opinion that non-Taxotere drugs can cause permanent hair loss, (2) her opinion that TAX 316 does not provide support for the proposition that Taxotere causes permanent hair loss is unreliable as it is based entirely upon Michael Kopreski's improper, unreliable and unverified reanalysis of clinical trial data, and (3) she fails to state an opinion whether Sanofi acted appropriately in failing to change its Taxotere label to include a "warning or precaution" or "adverse drug experience" under 21 CFR § 201.57(c)(6) and (c)(7), respectively

Instead of addressing the substance of Plaintiff's challenges, Sanofi chooses to highlight Dr. Arrowsmith's experience and qualifications. But an expert, even if qualified, cannot escape the rigors of *Daubert*. Given Dr. Arrowsmith's failure to provide, much less apply, a reliable methodology, the above described opinions should be excluded.[1]

**I.    Sanofi fails to identify any factual basis or scientific methodology for Dr. Arrowsmith's opinions of alternative causes of permanent hair loss.**

---

[1] Plaintiff's well-founded objections to Dr. Arrowsmith's testimony are not simply "retreading" old arguments as suggested by Defendants. Dr. Arrowsmith had never been deposed on her December 9, 2019 report, nor had she been previously examined on the alternative cause issues addressed in the present motion. This is an issue of first impression for the Court.

1

An affirmative defense asserted by Sanofi—for which Sanofi bears the burden of proof—is that Ms. Kahn's ongoing hair loss is caused by agents or diseases other than Taxotere.  (*See* Mot. Summ. Judg. Alternative Causes, Rec. Doc. 10928.).  Sanofi has tasked Dr. Arrowsmith, among others, with offering these alternative cause opinions.  But Dr. Arrowsmith agreed that she does not "intend to offer testimony that valid scientific evidence demonstrates a statistically significant causal association between any chemotherapy agent and permanent chemotherapy-induced alopecia."[2]  Sanofi's argument that Dr. Arrowsmith's opinions are "based on relevant literature" misses the mark.[3]  Dr. Arrowsmith recognizes that the relevant literature, which is comprised of primarily case reports, cannot be used to support a finding of causation by other agents.[4]  Indeed, by her own admission, Dr. Arrowsmith did not undertake any causation analysis to assess whether or not *any* chemotherapy drug, or hormone therapy (i.e., tamoxifen), can cause permanent hair loss.[5]

As a result, any opinions or comments pertaining to general causation as to non-Taxotere agents and permanent hair loss as set forth in Dr. Arrowsmith's December 9, 2019 report must be excluded as unreliable.

**II.     Sanofi's assertion that "Dr. Arrowsmith conducted an independent analysis of the TAX316 study data" is not supported by the evidence or her testimony**

---

[2] Ex. A to Plaintiff's Motion to Exclude Testimony of Dr. Janet Arrowsmith, Rec. Doc. 10926-2, Arrowsmith II, 7/29/2020, at p. 47:1-9; *See. Id.* at p. 41:13-15, re: Tamoxifen.
[3] Throughout their opposition, Defendants refer the Court to Dr. Arrowsmith's report—without mentioning Dr. Arrowsmith's sworn, contradictory testimony that draws into question the reliability of the report itself.
[4] Ex. A, Rec. Doc. 10926-2, at p. 40:12-17.
[5] *Id.* at p. 36:5-10 and pp. 39:3 – 41:22. (Dr. Arrowsmith did not perform a causation analysis to assess permanent hair loss and any potential causal association with: Adriamycin, 5-FU/Fluorourosil, cyclophosphamide, epirubicin, paclitaxel/Taxol, Xeloda, Avastin, tamoxifen, and methotrexate.); *see also,* pp. at 39:17 – 41:22. (When asked if she had done a causal association between any drug and permanent alopecia, Dr. Arrowsmith admitted, " . . . I have not gone back and sorted out,  you know, the strengths of association between, say 5-FU or cyclophosphamide, or any of the other chemotherapeutic agents, or paclitaxel for that matter, Taxol. . .").

2

Dr. Arrowsmith cites one thing to support her opinions regarding TAX316: Dr. Kopreski's deposition.[6]  While Sanofi claims that Dr. Arrowsmith later considered other materials to independently validate Dr. Kopreski's findings, her report identifies no methodology, no documents, and no analysis to support such a claim.  Indeed, it appears that Dr. Arrowsmith is unaware of what Dr. Kopreski even did in his analysis—much less the nature, extent, or completeness of what Dr. Kopreski was provided by Sanofi's counsel. [7]  In fact, Dr. Arrowsmith acknowledges that she never reviewed the final TAX316 clinical trial data set (SA VOL 170 and 208) as it was not provided to her for review.[8]

Further, Sanofi's claim that Dr. Arrowsmith's opinions regarding TAX316 are underpinned by her own statistical analysis—namely, a Fisher's Exact Test (the same test performed by Plaintiff's expert statistician, Dr. David Madigan)—is not supported by her report. (Opp. at 3, n. 9.) There is no discussion of any sort of statistical analysis or calculation in her report, and while Dr. Arrowsmith refers to paragraph 113 of her report for her application of Fisher's Exact Test, a plain reading proves otherwise:

> 113.  With respect to "ongoing alopecia" there were 29 cases (4.2%) in the TAC arm and 16 (2.5%) in the FAC arm from the TAX 316 final clinical study report. These results do not constitute a signal of an increased risk for an association between TAC and "ongoing alopecia" as there is not a statistically significant difference between the incidence of "ongoing alopecia" in the two arms.[9]

Indeed, Dr. Arrowsmith agrees that she does not describe, identify or set out any actual calculation that she performed.[10]  Unlike Dr. Madigan, who explained his work and provided

---

[6] Ex. B to Plaintiff's Motion to Exclude Testimony of Dr. Janet Arrowsmith, Rec. Doc. 10926-3, Arrowsmith Report, 12/9/2019, ¶¶ 116 -123; *see id.* at ¶¶ 117 (737 – 759, 22 pages); 121 (729:7 – 730:3, 1 page); and 122 (725:12-17, 5 lines rounded up to 1 page)
[7] Ex. A, Rec. Doc. 10926-2, at pp. 153:15 – 154:6.
[8] Ex. B, Rec. Doc. 10926-3, Exhibit B to Arrowsmith, 12/9/2019 Report.
[9] *Id.* at ¶¶ 113.
[10] Ex. A, Rec. Doc. 10926-2, at p. 44:8-19 and p. 45:4-14.

3

Appendix 6 to document how he derived his results, i.e. his methodology,[11] Dr. Arrowsmith did not. This omission cannot be considered an incidental oversight. Having served as a litigation expert for over 20 years, Dr. Arrowsmith understands the need to be thorough and complete when setting out her opinions in a report.[12] Her failure to identify and explain the methodology she used to validate Dr. Kopreski's analysis—beyond citing to his deposition—renders unreliable her opinions confirming his findings.

### III. Dr. Arrowsmith fails to set out a labeling opinion under 21 CFR § 201.57(c)(6) and (c)(7), pursuant to FRCP, Rule 26(a)(2)(B).

Although Dr. Arrowsmith recognizes the standards necessary to be met of "reasonable evidence of a causal association" and "some basis to believe there is a causal relationship" to update the "Warnings and Precautions" and "Adverse Reactions" sections of a drug's labeling, respectively, she does not express an opinion in her report regarding whether there was insufficient evidence to meet these standards at the time of Ms. Kahn's usage of Taxotere. Instead, what Dr. Arrowsmith offers is an opinion based on a different standard: one of an "unequivocal causal role" in causing permanent hair loss.[13] But Dr. Arrowsmith recognized that the standard is not one of unequivocal proof under 21 CFR § 201.57(c)(6) or (7),[14] yet she chose not to address the appropriate standard, and offers an opinion on an inapplicable and irrelevant standard of "unequivocal" proof.[15] As a result, Dr. Arrowsmith, and Sanofi, have not disclosed any relevant opinion concerning the applicable standard for inclusion of either a "Warning and Precaution" or an "Adverse Reaction" pursuant to FRCP, Rule 26(a)(2)(B), or a methodology for how she

---

[11] Ex. 1, Expert Report of Dr. David Madigan, 3/23/2020, ¶ 56, and Appendix 6.
[12] In fact, Dr. Arrowsmith has experience in serving as a defense expert for Sanofi's counsel – Shook, Hardy & Bacon – in prior pharmaceutical litigations: Baycol and Yasmin. Ex. A, Rec. Doc. 10926-2, at pp. 24:13 – 25:20 and p. 27:11 - 19.
[13] Ex. B, Rec. Doc. 10926-3, at ¶ 141.
[14] Ex. 2, Deposition of Dr. Janet Arrowsmith II, 7/29/2020, pp. 47:17-49:06, pp. 50:23-52:16; *see id.* pp. 164:23-165:21.
[15] Ex. B, Rec. Doc. 10926-3, at ¶ 141.

4

assessed Sanofi's obligations under 21 CFR § 201.57(c)(6) and (c)(7). Dr. Arrowsmith includes a recitation of the standard – "reasonable evidence of a causal association" – twice on page 14 of her report, and once on p. 17,[16] but neither are in the context of offering an opinion. They are simply reciting the standard. As a result, Dr. Arrowsmith should be precluded from offering any opinion on the Taxotere label, and its compliance with 21 CFR § 201.57(c)(6) and (c)(7), at trial as she never addresses Sanofi's conformity or nonconformity with these standards.

## CONCLUSION

Because these opinions do not meet the FRE 702 and *Daubert* hurdles for allowing expert testimony to be heard by a jury, the Court should exclude Dr. Arrowsmith's opinions as prayed for in Plaintiff's initial briefing, and as set out further herein.

Dated: September 24, 2020

Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

---

[16] Ex. B, Rec. Doc. 10926-3, pp. 14, 17.

5

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
**M. PALMER LAMBERT**
