UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF ELLEN FEIGAL, M.D.**

---

The PSC's Opposition spends little time addressing Sanofi's substantive arguments, focusing mostly on Dr. Feigal's overarching qualifications, which Sanofi has not challenged. The PSC does nothing to clarify Dr. Feigal's contradictory statements regarding her intended testimony, cites Mississippi law in an unannounced attempt to have this Court overturn its prior rulings on the learned-intermediary doctrine under Louisiana law, and advances conclusory positions (with no caselaw support) in arguing that Dr. Feigal's general-causation opinions are reliable. The PSC has not met its burden of proving that Dr. Feigal's opinions are admissible, and they accordingly must be excluded.

### I. DR. FEIGAL'S OPINIONS REGARDING AN "OBJECTIVE PHYSICIAN" ARE IRRELEVANT AS A MATTER OF LAW.

Sanofi moved to exclude any plaintiff-specific opinion Dr. Feigal intends to offer because Dr. Feigal repeatedly contradicts herself on this topic. In *Earnest*, the Court held, "where Plaintiff's treating physician . . . is available to testify," Dr. Feigal would not be permitted to opine

on the specific facts of the plaintiff's case.[1]  Ms. Kahn's treating physicians are available to testify, so Dr. Feigal may not offer any plaintiff-specific opinion in this case.  The PSC appears to agree.

The PSC indicates that Dr. Feigal will instead offer the same generic opinions admitted in *Earnest* regarding the standard of care and the general dissemination of risk information.  The PSC also innocuously claims—without disclosing that it is asking the Court to overrule its prior decisions *or* that the case it cites in support applied Mississippi, not Louisiana, law—that Dr. Feigal is permitted to offer testimony regarding "how a reasonable physician would have responded to a warning about the causal association between Taxotere and permanent alopecia."[2]  That is a fundamental misstatement of the law and, obviously, was never admitted in *Earnest*.

The Court already addressed and rejected the PSC's argument.  In *Earnest*, in response to Sanofi's *Daubert* motion, the PSC argued that Dr. Feigal's "reasonable physician" testimony should be allowed because, "under the learned intermediary doctrine, subjective *or objective* evidence is appropriate."[3]  This Court disagreed, recognizing that, under the Louisiana Products Liability Act, warnings causation turns on the understanding and testimony of the plaintiff's treating physicians—not the objective testimony of an expert witness regarding what a "reasonable physician" might do.[4]  That conclusion was well-grounded in 5th Circuit and Louisiana law.  *See, e.g.*, *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 265-66 (5th Cir. 2002); *Willett*, 929 F.2d at 1099 ("the plaintiff must show that a proper warning would have changed the decision of *the treating physician*, *i.e.*, that but for the inadequate warning, the treating physician would not have

---

[1]  Rec. Doc. 8094, at 18 (Order and Reasons).

[2]  Rec. Doc. 11083, at 4 (Pl.'s Resp. in Opp. to Defs.' Mot. to Exc. Expert Test. of Ellen Feigal, M.D.).

[3]  Rec. Doc. 8094, at 18 (Order and Reasons) (emphasis added).

[4]  *Id.*

2

used or prescribed the product."); *see also Pellegrin v. C.R. Bard*, 2018 WL 3046570, at *4 (E.D. La. June 20, 2018).

The single case the PSC cites in asking this Court to overrule its prior decisions, *Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806 (5th Cir. 1992), is inapposite. In *Thomas*, the Fifth Circuit considered "the most likely result to be reached by a *Mississippi* court" faced with a failure-to-warn claim—a ruling that is clearly irrelevant here. Rather, under Louisiana law, Dr. Feigal's testimony as to what a "reasonable physician" would do with a different warning is irrelevant as a matter of law and must be excluded as it was in *Earnest*.

## II. DR. FEIGAL'S OPINION THAT DEFENDANTS DID NOT ADEQUATELY COMMUNICATE RISK INFORMATION SHOULD BE EXCLUDED.

Dr. Feigal has also contradicted herself as to whether she will offer an opinion that the warning provided was inadequate. Despite her claims to the contrary, Dr. Feigal's opinion that the informed consent discussion would change, "*[h]ad physicians been informed* of the risk of [PCIA]," is necessarily an opinion on "the adequacy of the risk information" communicated in the Taxotere label.[5] The PSC's Opposition did nothing to clarify Dr. Feigal's proposed testimony.

The PSC argues that Dr. Feigal will not testify about the warning's adequacy while simultaneously arguing that Dr. Feigal has an opinion regarding general causation and "information [regarding general causation] available for dissemination to physicians for use in an informed consent process."[6] There is only one way to interpret that statement—Dr. Feigal intends to testify that Taxotere causes "PCIA" and that "information" should have been "disseminat[ed] to physicians" (*i.e.*, the warning provided was missing available information). But Dr. Feigal has

---

[5] Rec. Doc. 11083, at 7 (Pl.'s Resp. in Opp. to Defs.' Mot. to Exc. Expert Test. of Ellen Feigal, M.D.) (emphasis added); *see also* Rec. Doc 10931-11 (Ex. J), Expert Report of Ellen Feigal, M.D. at 72, Mar. 23, 2020.

[6] Rec. Doc. 11083, at 7 (Pl.'s Resp. in Opp. to Defs.' Mot. to Exc. Expert Test. of Ellen Feigal, M.D.).

3

offered *no* methodology—reliable or otherwise—to support her opinion that the Taxotere label was inadequate to warn of the risk of permanent hair loss (and thus lead to a different informed consent discussion), and the PSC provides no argument to the contrary.[7]  While *Jones v. Novartis Pharm. Corp.*, supports the argument that the Court may look beyond an expert's words to assess her true intentions, Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, support the exclusion of an expert opinion offered without any reliable methodology.

Also on this point, the PSC claims that "[h]ad physicians been informed of the risk of permanent chemotherapy-induced alopecia, *reasonable physicians* would and could have included a discussion of the risk in their benefit-risk interaction with patients about treatment options for their early stage breast cancer, to allow for more informed decisions."[8]  The PSC's claim that Dr. Feigal may testify about the potential actions of "reasonable physicians" is again incorrect as a matter of law.  Ms. Kahn's treating oncologists have provided relevant testimony.  Dr. Feigal's opinions must be excluded.

### III.  DR. FEIGAL'S GENERAL-CAUSATION OPINIONS SHOULD BE EXCLUDED.

Sanofi raised a single argument regarding Dr. Feigal's general-causation opinions. Admissions during the *Earnest* trial and in her report for *Kahn* demonstrate that the key support for Dr. Feigal's testimony only counts cases of Taxotere-containing regimens and not cases involving Taxotere alone.  That admission renders Dr. Feigal's methodology unreliable as it is clear she did nothing to isolate Taxotere in reaching her opinion that Taxotere causes "PCIA."  In response, the PSC focuses on other information Dr. Feigal reviewed—all of which suffers from

---

[7]  Rec. Doc. 10931-9 (Ex. H), Feigal Dep. 97:10-16, 100:23-101:2, 102:13-16, 116:8-11, Dec. 7, 2018 ("I am not offering opinions on what should be in their label."); ("I will not opine on the adequacy of the Taxotere label.").

[8]  Rec. Doc. 11083, at 7 (Pl.'s Resp. in Opp. to Defs.' Mot. to Exc. Expert Test. of Ellen Feigal, M.D.) (emphasis added).

the same multi-drug regimen flaw—and argues "[t]he fact that the language [in Dr. Feigal's report] changed from 'cases' to 'regimens' for *Kahn* is of no moment."[9]  The PSC admits that Dr. Feigal counted cases involving multi-drug regimens but claims that fact goes to the weight of Dr. Feigal's testimony, not its admissibility.  The PSC's argument should be rejected.

It is the PSC's—not Sanofi's—burden to prove that Dr. Feigal's testimony is reliable and admissible, but the PSC has not met that burden.  *Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 550 (E.D. La. 2015).  The PSC argues that Dr. Feigal did "not ignore" reports of "PCIA" associated with other chemotherapy drugs and notes that "[t]hose reports were referenced in both of her reports."[10]  The PSC then summarily states that "anecdotal reports do not rise to the level of a causal association with permanent alopecia as those of taxotere, and accordingly, do not change Dr. Feigal's opinion."[11]  The PSC cites no caselaw in support of its position that this conclusory statement demonstrates the reliability of Dr. Feigal's methodology.

Rather, the PSC's response only further demonstrates that Dr. Feigal's methodology was virtually identical to the methodology ruled unreliable in *Burst*.  As the PSC admits, Dr. Feigal consulted a variety of data sources—all of which report "that the subjects were exposed to a range of substances" that are associated with the risk of permanent hair loss— and then "nonspecifically" noted a "substantially higher" disease incidence with Taxotere.  *Burst v. Shell Oil Co.*, No. 14-109, 2015 WL 3755953, at *7 (E.D. La. June 16, 2015) (citing *LeBlanc v. Chevron USA, Inc.*, 396 F. App'x 94, 99 (5th Cir. 2010).  Neither this Court in *Burst* nor the Fifth Circuit has found that type of analysis reliable, and the PSC cites no caselaw in support of its position to the contrary.  *See also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (holding that an expert's reliance on a

---

[9]  *Id.* at 9.

[10]  *Id.* at 9.

[11]  *Id.*

5

study was misplaced when the subjects of the study "had been exposed to numerous potential carcinogens"); *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 353 (5th Cir. 2007) ("Of all the organic solvents the study controlled for, it could not determine which led to an increased risk of cancer . . . . The study does not provide a reliable basis for the opinion that the types of chemicals appellants were exposed to could cause their particular injuries in the general population.")). The PSC failed to carry its burden of proving that Dr. Feigal's general-causation opinions are reliable, and they accordingly should be excluded.

## CONCLUSION

The Court should exclude the aforementioned expert testimony of Dr. Feigal under Federal Rule of Evidence 702.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
dmoore@irwinllc.com

Harley Ratliff
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*