UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO
Kahn v. Sanofi-Aventis, et al, Case No. 2:16-cv-17039

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION

        Plaintiff, Elizabeth Kahn, offers the following reply memorandum in support of Plaintiff's

Motion for Partial Summary Judgment on Causation:

I.      There is no genuine issue of material fact concerning whether Taxotere can cause
        permanent or irreversible alopecia.

        "General causation is whether a substance is capable of causing a particular injury or

condition in the general population…" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th

Cir. 2007) (citation and quotation marks omitted).   Sanofi's conclusion in its 2015 Clinical

Overview that the "cumulative weighted evidence is sufficient to support a causal association

between docetaxel and permanent/irreversible alopecia" is surely an admission that Taxotere is

capable of causing permanent or irreversible alopecia.   Sanofi claims that its conclusion provided

to the FDA for drug labeling purposes is not epidemiologically relevant.   But physicians, and

therefore their patients, rely on epidemiological statements in drug labels to inform their clinical

decisions.   Sanofi should not be permitted to inform the FDA of a causal association while claiming

before the Court that Taxotere does not cause permanent or irreversible alopecia.

        Sanofi cites *Wells v. SmithKline Beecham Corp.*, No. 06-126, 2009 WL 564303 (W.D. Tex.

Feb 18, 2009) in support of its argument that its conclusion of a causal association in its 2015

Clinical Overview does not prove general causation.   In *Wells v. SmithKline Beecham Corp.*, the

1

district court determined that the plaintiff "does not sufficiently explain" how the results of the defendant's disproportionality analyses support general causation because the FDA guidance states that '[d]ata mining is not a tool for establishing causal attributions between products and adverse events'"  *Id.* at \*12 (citing *FDA, Guidance for Industry: Good Pharmacovigilance Practices and Pharmacoepidemiologic Assessment*, at 112-13 (2005)).  However, as admitted by Sanofi in its opposition, Sanofi conducted considerably more than disproportionality analyses for its 2015 Clinical Overview, including a review of its pharmacovigilance reports, clinical trial data, and medical literature.  Moreover, Plaintiff has clearly explained how the results of Sanofi's own internal analyses support general causation in this case.[1]

## II.    Sanofi's and its experts' criticisms do not amount to evidence of a genuine issue of material fact.

Regardless of whether Sanofi's conclusion in its in 2015 Clinical Overview is dispositive of a causal association between Taxotere and permanent or irreversible alopecia, Plaintiff's experts independently demonstrate (1) evidence showing a "statistically significant association" between Taxotere and permanent or irreversible alopecia and (2) a true causal relationship underlying the association through the applications of the Bradford Hill criteria.  Sanofi's primary criticism of Plaintiff's proof of general causation– that it is not based on an epidemiological study that specifically assesses Taxotere and permanent or irreversible alopecia – does not prevent summary judgment.  The absence of a randomized controlled clinical trial specifically focused on whether Taxotere causes permanent or irreversible alopecia is a limitation beyond Plaintiff's control.[2]

---

[1] *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on General Causation (Rec. Doc. 10936-1).

[2] Plaintiff maintains that TAX316 and TAX301 clinical data, as submitted to the FDA, supports a causal association between Taxotere and permanent or irreversible alopecia.  *See id.*

Plaintiff's experts consider all available and relevant data and employ methodologies that both Sanofi and the FDA have utilized.

Sanofi renews its argument that Plaintiff's expert, Dr. David Madigan, improperly combined results from TAX 316 and TAX 301 to establish a statistically significant association between Taxotere and permanent or irreversible alopecia. However, the Court has previously rejected Sanofi's argument that Dr. Madigan's methodology related to his analyses of clinical trial data is flawed.[3]

The Court has likewise already concluded that Dr. Madigan's methodology related to his analyses of adverse event reports "passes muster."[4] As outlined in Plaintiff's opposition to Sanofi's motion to exclude expert testimony of Dr. Madigan, the FDA's new draft guidance issued for comment purposes in November 2019 does not support Sanofi's challenge to Dr. Madigan's methodology. Sanofi confuses safety signal identification with safety signal evaluation. Dr. Madigan's analysis of case reports is related to safety signal identification and is consistent with Section 6 of the FDA's new draft guidance. Reviewing individual, underlying case reports is not contemplated as part of safety signal identification because the methodology inherently centers on a review of the FDA's FAERS database without possible access to the underlying case reports.

Dr. Madigan's new meta-analysis of four observational studies supports his opinion that there is a statistically significant risk of permanent/irreversible alopecia associated with Taxotere. The bulk of Sanofi's argument to exclude Dr. Madigan's meta-analysis focuses on the biases of observational studies. But, consistent with Dr. Madigan's publications cited by Sanofi in its motion, Dr. Madigan acknowledged in his deposition that the meta-analysis of observational studies is only a supportive strand of evidence that is of lesser quality than randomized controlled

---

[3] Order and Reasons, Rec. Doc. 8094 at 10.
[4] *Id.* at 9.

clinical trial evidence.[5]  Dr. Madigan further considered the heterogeneity of the observational studies.[6]  Despite a relatively high heterogeneity, the evidence by no means should be dismissed.

Plaintiff's expert, Dr. David Kessler, has conducted a thorough Bradford Hill analysis of the available data in 12 pages of his expert report, which in turn incorporate several more pages of analysis from his prior report.[7]   Dr. Kessler is qualified to comprehend and discuss complex concepts in epidemiology.  There can be no mystery how Dr. Kessler analyzes each of the nine criteria; it is spelled out and linked to each supporting strand of available data.[8]   Further, Dr. Kessler has been transparent as to the weight he affords each of the criteria. For instance, temporality,[9] biological plausibility,[10] and coherence[11] weigh more heavily towards his conclusion of causation than do specificity[12] and experiment, which he finds inapplicable.[13]

## III.    Plaintiff has challenged Sanofi's experts' testimony and opinions on general causation through *Daubert* motions.

Plaintiff has moved to exclude Sanofi's expert's testimony and opinions on general causation through *Daubert* motions. While Plaintiff's arguments and/or responses concerning the exclusion of Sanofi's experts' general causation testimony and opinions are more fully set out in her *Daubert* briefing, Plaintiff highlights that Sanofi's experts have merely rubberstamped Dr. Kopreski's TAX 316 analysis, which Plaintiff avers is inadmissible.

---

[5] Ex. K to Plaintiff's Statement of Undisputed Facts (hereinafter "Pl's SOF"), Deposition of Dr. David Madigan, Nov. 14, 2019 at 192:25-194:5.

[6] Ex. A to Pl's SOF, Expert Report of Dr. David Madigan, Mar. 23, 2020 at 23 ¶ 58.

[7] Ex. C to Pl's SOF, Supplemental Expert Report of Dr. David Kessler, Oct. 21, 2019 at 9-20.

[8] *Id.*

[9] Ex. 1, Deposition of Dr. David Kessler, Nov. 26, 2019 at 287:2-10.

[10] *Id.* at 288:10 – 289:23.

[11] *Id.* at 83:1-24.

[12] Ex. C to Pl' SOF, Supplemental Expert Report of Dr. David Kessler, Oct. 21, 2019 at 17, ¶ 54.

[13] *Id.* at 20, ¶ 60.

For the foregoing reasons, and those reasons in Plaintiff's prior submission to the Court, Plaintiff's Motion for Partial Summary Judgment on General Causation should be granted.

Dated: September 24, 2020

Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Plaintiffs' Co-Lead Counsel

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

Plaintiffs' Co-Liaison Counsel

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

Plaintiffs' Co-Lead Counsel

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

Plaintiffs' Co-Liaison Counsel

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188

Fax: (985) 783-1333                                    gzimmerman@meshbesher.com
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.

_/s/ M. Palmer Lambert_
M. PALMER LAMBERT