# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL NORTH |
| *Alice D. Hughes v.* *Accord Healthcare, Inc.* *Case No. 2:17-cv-11769* | |

### DEFENDANT ACCORD HEALTHCARE, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE RELATED TO MOTION FOR SUMMARY JUDGMENT ON PREEMPTION GROUNDS

Defendant Accord Healthcare, Inc. ("Accord") opposes Plaintiff's Motion to Continue—and her request for expedited consideration of the Motion—which would result in an unnecessary *two month* delay of Accord's Motion for Summary Judgment based on federal preemption.[1] Accord's Motion has ramifications for all of the 2,188 cases that plaintiffs have currently pending against Accord, making its prompt resolution a key tool for managing the consolidated litigation before this Court. Further it involves a subject that plaintiffs have been anticipating since the inception of this litigation involving the 505(b)(2) defendants. Plaintiff's Motion is, simply, a delay tactic—and a disingenuous one at that.

---

[1] Plaintiff requested an expedited conference with the Court by October 1 despite knowledge that lead counsel for Accord would be involved in the preparation for and deposition of Accord's regulatory expert Dr. Mukul Agrawal on October 1 and therefore unavailable.

Plaintiff fails to point out in her motion that Accord *had agreed to a compromise submission date* for the Motion for Summary Judgment. Immediately upon the filing of the Motion for Summary Judgment, Plaintiffs' Liaison Counsel ("PLC") had reached out to Accord's counsel, who indicated she would be amenable to adjusting the submission date in response to PLC's concern that the October 6 opposition date coincided with oral argument in the *Kahn* case. On September 21, PLC proposed a submission date of November 11, 2020 and within 36 hours, Accord indicated agreement to this date with certain conditions. Instead of attempting to work out these conditions, PLC reneged on that offer within 24 hours and now argues the Motion for Summary should be deemed filed on the same date as a motion that PLC predicts Defendant Sandoz, Inc. will file based on different facts in a different case. These inconsistent maneuvers—whether intentional or simply erratic—suggest a strong desire to avoid a ruling on Accord's motion for as long as possible. Because Accord's motion is of significant importance to this litigation and there is ample time for a response with a November 11 submission date, Plaintiff's motion should be denied.

## RELEVANT BACKGROUND

It has been clear since the outset of this litigation that plaintiffs' regulatory case against the 505(b)(2) Defendants would be challenging. During the course of general discovery, including written discovery and company witness depositions completed in 2019, Accord has advised plaintiffs that it could not change its label unless the Reference Listed Drug upon which it relied for its NDA submission did so first, and indeed, echoed this in its defense expert reports. Plaintiff's regulatory expert Dr. Ross expressed no criticisms of Accord's pre-approval process with the FDA. These basic facts are part and parcel of a preemption motion for FDA-approved products, known by all attorneys to this litigation.

Accord filed its Motion the same afternoon that the deposition of Plaintiff's regulatory expert Dr. Ross concluded, September 10, 2020.[2] The submission date for this motion was October 14, 2020, with Plaintiff's opposition due October 6, 2020.

On September 11, 2020, Accord's counsel Julie Callsen received a phone call from PLC in which they requested that Accord withdraw its motion and refile it in November due to other deadlines coming up in the *Kahn* case. Ms. Callsen requested that they make an offer for the extension sought. Nearly two weeks later, PLC e-mailed Ms. Callen apologizing for the delay and "suggest[ing] the submission date of November 11, 2020 which will allow the Court time to review and rule on it prior to the pre-trial motions in Kahn." Ex. A, Email String, at Sept. 21, 2020 Email from Barrios to Callsen. On September 23, Accord agreed to the November 11 submission date and suggested an October 27, 2020 opposition date to allow time for reply within the submission period. *Id.* at Sept. 23, 2020 Email from Callsen to Barrios. That same day, PLC reneged on the offer of the November 11, 2020 submission date and instead indicated that they should be permitted to treat Accord's preemption motion as if it were *filed* on November 9, 2020, thus making their opposition due December 4, 2020—nearly three months after the motion was filed. *Id.* at Sept. 23, 2020 Email from Barrios to Callsen. The stated reason was to allow the completion of expert depositions and "sufficient time to incorporate such discovery into motions." *See id.* But Accord's regulatory expert Dr. Agrawal—the only one relevant to this motion—is set to be

---

[2] Accord waited to file its Motion until after Dr. Ross's deposition because in his expert report, Dr. Ross offered an opinion that Accord *could* have changed its label. At his deposition, however, it became clear that his opinion was contingent on the existence of certain facts and that Dr. Ross himself had *no opinion* regarding the existence of those facts.

3

deposed October 1, 2020.³  There is nearly four weeks between that deposition and the due date of Plaintiff's Brief in Opposition based on a November 11 submission date.

On September 28, 2020, PLC again called Ms. Callsen indicating for the first time that the reason they would seek for continuance is that Plaintiff's opposition would be filed before Sandoz's briefing deadline.  Plaintiff's motion filed on September 29 provides only this rationale, arguing that Sandoz will have a "preview" of Plaintiff's preemption-related defenses and arguments.  *See* Rec. Doc. 11188-1, at 2.  Though not set forth in Plaintiff's motion, the new due date requested by Plaintiff under the briefing schedule is December 4, 2020—a two-month extension.

## **ARGUMENT**

Plaintiff's request for a two-month extension of her opposition deadline is unreasonable and should be denied.  First, her stated basis—not providing Sandoz with a "preview" of her arguments against preemption—is spurious.  There is no rule, much less authority from any source, providing that a party is entitled to brief an issue of first impression all at once. It is called an issue of "first" impression for a reason.  And it is routine during litigation that other parties see motion practice similar to issues that other parties may raise.⁴  This is not unfair—it is inherent to the litigation process and something *all* litigations and litigants experience at various times.

In any event, Plaintiff's arguments against preemption are not state secrets.  Plaintiff's experts have already spoken and the law on these issues is publicly available.  No matter when and if Sandoz files a motion, it would do so—as all litigants do—anticipating opposing counsel's

---

³ The deposition of Sandoz's regulatory expert Dr. Williams has already been completed.

⁴ Accord has not delved into Sandoz's regulatory history as to docetaxel thus does not opine as to whether Sandoz will raise a similar preemption motion.

arguments. There is nothing unusual about this to warrant a two-month continuance. Nor is it even clear that Sandoz *would* gain any advantage as, at the summary judgment stage, plaintiffs and this Court will address the issue of judgment as a matter of law in favor of *Accord*, not Sandoz. Accord's motion will turn on a different regulatory record than Sandoz's.

In addition, over the course of the past three weeks, PSC has made requests then withdrawn them, provided rationale and then changed them, and then presented this Court with an overreaching and unnecessary continuance request and ask for an expedited hearing. While Accord will not belabor the facts supporting this characterization already set forth above, Accord posits that if PSC's only concern is Sandoz's motion due on November 9, then a more reasonable approach would be to request a new opposition date of November 10, the following day. This provides Plaintiff with an ample *two full months* to oppose Accord's motion, including more than five weeks from the deposition of Accord's regulatory expert. But that is not what PSC did, which begs the question: why?

In contrast, Accord cannot shy away from the importance and significance of its Motion, and the need for its prompt resolution. Plaintiffs have more than 2,188 active cases against Accord. Plaintiffs have known this motion was coming for *years* and they have had ample opportunity to prepare for its opposition through experts and legal research. Yet, Plaintiffs continue to try to delay facing the inevitable 505(b)(2) preemption issues at all costs. Indeed, during the process of trial selection for Trial No. 3 last fall, the PSC urged this Court in discussions and written submissions to elect another Sanofi case for Trial No. 3 and not pursue a trial of a 505(b)(2) defendant *at all*, based on their anticipation of "new briefing on legal issues." Through its issuance of Case Management Order No. 21 setting three cases against 505(b)(2) defendants for trial, the Court acknowledged that such legal issues should be addressed, and addressed promptly.

For all of the reasons set forth above, Plaintiff's Motion should be denied as to its relief sought and instead, Accord's initial compromise of a November 11 submission date be considered.

Date: September 30, 2020    Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:    216.592.5000
Facsimile:    216.592.5009
Email:    julie.callsen@tuckerellis.com
          michael.ruttinger@tuckerellis.com
          brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Brief in Opposition to Plaintiff's Motion to Continue Related to Motion for Summary Judgment on Preemption Grounds* was filed with the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

4868335