UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2740


**TRANSFER ORDER**


**Before the Panel:** Plaintiffs in the actions listed on Schedule A[1] move under Panel Rule 7.1 to vacate our orders that conditionally transferred their actions to MDL No. 2740. Defendants Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC (together, Sanofi) oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2740, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. No party disputes that, like many of the already-centralized actions, the actions before the Panel involve factual questions arising out of allegations that Taxotere (docetaxel), a chemotherapy drug, causes permanent hair loss, and that defendants were aware of this possible side effect and failed to warn patients. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 220 F. Supp. 3d 1360 (J.P.M.L. 2016).

In support of the motions to vacate, plaintiffs argue that removal of their actions was improper, and the transferor court should decide their motions for remand to state court. Jurisdictional issues do not present an impediment to transfer of factually related cases, as plaintiff can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs also argue that two summary judgment rulings in MDL No. 2740 would "claim" several of these cases. But the Panel does not consider "[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to

---

[1]     Plaintiffs assert the District of New Jersey ordered remand of the *Bramblett* action on June 25 ,2020, and the CTO should be vacated as to *Bramblett* because the case has been returned to state court. But on June 26, Sanofi filed a supplemental notice of removal and the case was reopened. We will, therefore, include it in this transfer order.

[2]     Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

a litigant's contention . . . in exercising its discretion under Section 1407." *See In re Libor-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, ECF No. 226, Transfer Order, at 2 (J.P.M.L. June 6, 2013) (quoting *In re Glenn W. Turner Enterprises Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973)).

Finally, plaintiffs suggest that their claims can be more efficiently litigated in the state court Multicounty Litigation , which has fewer cases pending than in MDL No. 2740. But the cases now before the Panel are not pending in New Jersey state court. Plaintiffs' argument presumes the success of their motions to remand to state court. Vacatur, therefore, could result in similar claims pending in at least three different courts.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Jane Triche Milazzo for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |



CLERK'S OFFICE
A TRUE COPY
Oct 01 2020
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**IN RE: TAXOTERE (DOCETAXEL)**
**PRODUCTS LIABILITY LITIGATION**                           MDL No. 2740

## SCHEDULE A

District of New Jersey

| | |
|---|---|
| 20-2662 | GLOVER v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06463 |
| 20-2663 | CORA v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06474 |
| 20-2664 | ROONEY v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06478 |
| 20-2665 | GAMBOA v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06481 |
| 20-2666 | VICK v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06487 |
| 20-2667 | GOUGH v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06492 |
| 20-2668 | JORDAN v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06503 |
| 20-2669 | BRYANT v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06506 |
| 20-2670 | SULLIVAN v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06516 |
| 20-2671 | BIDWELL v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06519 |
| 20-2672 | COOPER v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06521 |
| 20-2673 | PAYTON v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06523 |
| 20-2674 | BLADES v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06527 |
| 20-2675 | CHAISSON-RICKER v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06530 |
| 20-2676 | CABRERA v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06538 |
| 20-2677 | BRAMBLETT v. HOSPIRA, INC., ET AL., C.A. No. 3:20-06550 |
| 20-2678 | ANDREWS v. SANOFI S.A., ET AL., C.A. No. 3:20-06834 |