**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                         SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON PREEMPTION

---

In *Lyons v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 18-cv-04624, 2020 WL 5835125 (N.D. Ga. Sept. 29, 2020), the Northern District of Georgia applied the burden-shifting preemption framework advanced by Sanofi and adopted by federal district courts after the Supreme Court's decision in *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019).[1]

The court granted the defendant manufacturer summary judgment on the plaintiff's failure-to-warn claims based on preemption for two reasons.   First, the plaintiff "had not met her burden of showing 'newly acquired information' supporting her warning criticisms."  *Lyons*, 2020 WL 5835125, at *6.  The plaintiff, for example, cited various articles in medical literature yet "fail[ed] to explain how any of these articles 'reveal[ed] a risk of a different type or greater severity or frequency than previously included in submissions to FDA' under 21 C.F.R. § 314.3(b)."  *Id.* at *10.  Second, the court found that the defendant had established "clear evidence" that FDA would have rejected the plaintiff's proposed warning.  *Id.* at *11.  Of note, the court considered a study by FDA published after the plaintiff's injury, which "further show[ed] the FDA's consistency in

---

[1]     Attached as Exhibit A.

its initial conclusions with regard to [the risk] and show[ed] the FDA would have rejected the warning the Plaintiff seeks." *Id.*

*Lyons*—like the majority of courts after *Albrecht*—recognizes that the plaintiff must first identify "newly acquired information" to avoid summary judgment. And as the court recognized, "newly acquired information" "cannot be rooted in conjecture or hypothesis"—instead, the evidence "must conclusively establish, by scientifically valid measurable and statistically significant data, that the different or increased risks are actual and real." *Id.* at *8. In Ms. Kahn's case, the PSC has not—and cannot—identify any "newly acquired information" sufficient for Sanofi to have utilized the CBE process before Ms. Kahn received Taxotere in May 2008.

To that end, even if the PSC could meet its initial burden (it cannot), Sanofi can meet its burden to show "clear evidence" that FDA would have rejected the proposed warning. As *Lyons* demonstrates, this Court can and should analyze FDA action after the plaintiff's injury to determine whether "clear evidence" of FDA rejection of a warning exists. Here, FDA's approval of a warning in 2015 contrary to the warning proposed by Ms. Kahn is "clear evidence" of FDA rejection of a different warning any earlier in time.

These propositions are well accepted after *Albrecht*, and this Court should hold that federal law preempts Ms. Kahn's remaining failure-to-warn claim.

Respectfully submitted,

 /s/ *Douglas J. Moore*

| | |
|---|---|
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE  URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA  70130 | **SHOOK, HARDY& BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| dmoore@irwinllc.com | Kansas City, Missouri 64108 |
| | Telephone: 816-474-6550 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*