UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Juanita Greer, Case No. 2:18-cv-11728

## SANOFI DEFENDANTS' SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION FOR JUDMENT ON THE PLEADINGS

On August 24, 2020, Sanofi filed a Motion for Judgment on the Pleadings Based on the Statute of Limitations (MJOP), arguing that Ms. Greer's claim is time-barred under Mississippi's three-year statute of limitations for non-latent injuries. Sanofi's MJOP noted that Plaintiff's Motion for Leave to File Amended Short Form Complaints of Bellwether Pool Plaintiffs, which included proposed amendments to Ms. Greer's Short Form Complaint (SFC), was pending but had no impact on Sanofi's arguments.[1] More specifically, Ms. Greer's proposed amendments should not alter the six-month permanent injury definition previously adopted by the PSC and this Court and could not alter the non-latent nature of Ms. Greer's injuries.[2]

This Court ruled on Plaintiffs' SFC amendments on September 22, 2020, granting in part and denying in part Ms. Greer's proposed amendments.[3] This Court reiterated that Plaintiffs cannot amend their SFCs to distance themselves from the six-month injury definition in the Master

---

[1] Rec. Doc. 10668-6 ¶ 13 c.
[2] Rec. Doc. 11010-1 at 2, n. 4.
[3] Rec. Doc. 11129 at 8–9. The deadline for amendments, which was June 29, 2020, is now closed. *See* Rec. Doc. 10985.

Complaint, nor to "create a favorable narrative for statute-of-limitations purposes."[4]  The only amendments allowed relate to Ms. Greer's discussions with others concerning her hair loss.[5]  Specifically, this Court ruled that Ms. Greer "may allege that she recalls complaining to an oncologist about her hair loss" and "that she discussed her hair loss with family, friends, and her beautician and that she took suggestions from her beautician."[6]

The filing of an amended pleading does not moot a motion to dismiss when the "amended complaint 'on its face' fails to address the alleged defects identified in the motion."  *Sutton v. Allstate Ins. Co.*, No. 4:19-CV-74-DMB-JMV, 2020 WL 896748, at *1 (N.D. Miss. Feb. 24, 2020).  Because the amendments this Court permitted Ms. Greer to make to her SFC do not address the statute of limitations defect in her pleadings, Ms. Greer's new SFC has no impact on Sanofi's pending motion.

## I.   MS. GREER'S CLAIM IS TIME-BARRED ON ITS FACE.

This Court's ruling precludes Ms. Greer from asserting that her injury occurred more than six months after she completed chemotherapy.  Ms. Greer alleges she received chemotherapy "[a]pproximately from September 2009 to October 2009."[7]  By her own pleadings, Ms. Greer sustained her injury six months later, in April 2010.  Pursuant to Mississippi Code § 15–1–49(1), Ms. Greer needed to file her complaint three years later, or by April 2013.  Ms. Greer did not file until November 2018, however.  Ms. Greer's complaint is untimely on its face, as reaffirmed by this Court's recent ruling.

---

[4]  See *id*. at 9; see also *id*. at 5, 8, 10, 11, 14, 16, 17.
[5]  Rec. Doc. 11129 at 9.
[6]  *Id*.
[7]  Rec. Doc. 10668-6 ¶ 10.

## II.   NO TOLLING APPLIES TO SAVE MS. GREER'S UNTIMELY CLAIM.

The SFC amendments this Court allowed relate solely to Ms. Greer's discussions with others relating to her hair loss.[8]  Specifically, this Court ruled that Ms. Greer "may allege that she recalls complaining to an oncologist about her hair loss" and "that she discussed her hair loss with family, friends, and her beautician and that she took suggestions from her beautician."[9]  Those allegations have no impact on the tolling analysis under Mississippi law.

The discovery rule could only apply if Ms. Greer's injury was latent.  "[A] latent injury is an injury which is hidden or unseen." *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007).  Ms. Greer's SFC amendments only further highlight that her injury was not "hidden or unseen"—rather, Ms. Greer's injury was so obvious that she sought advice from her beautician regarding how to manage it.

The PSC has also argued that the statute on Ms. Greer's claims was tolled under Mississippi's fraudulent-concealment exception.  That exception could only apply, however, if Ms. Greer alleged a specific fraudulent act, directed at her, that prevented her from discovering her claim, and that was different from, and subsequent to, those acts alleged in support of her fraudulent-concealment claim.  Ms. Greer advances no such argument, and the SFC amendments do not change that fact.  Ms. Greer alleges only that she discussed her injury with an oncologist and her beautician, *not* that Sanofi engaged in any conduct, directed at Ms. Greer, which hid her injury from her.  The fraudulent-concealment exception does not toll Ms. Greer's claims.

Because Ms. Greer's permitted SFC amendments have no impact on Sanofi's pending motion, Sanofi respectfully submits that the MJOP is fully briefed and ready for ruling.

---

[8]   Rec. Doc. 11129 at 9.
[9]   *Id.*

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA 70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile: 504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

4