UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Kahn v. Sanofi-Aventis, et al*, Case No. 2:16-cv-17039

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO SANOFI'S MOTION FOR SUMMARY JUDGMENT BASED ON PREEMPTION

Plaintiff, through the Plaintiffs' Steering Committee ("PSC"), respectfully submits this Notice of Supplemental Authority in further support of her opposition to Defendants' Motion for Summary Judgment Based Preemption (Rec. Doc. 11093) in order to alert the Court to a recent decision in *Evans v. Gilead Scis., Inc*., No. 20-CV-00123-DKW-KJM, 2020 WL 5189995 (D. Haw. Aug. 31, 2020). A copy of the decision is attached as Exhibit A. For the Court's convenience, the relevant portion of the decision, found at 2020 WL 5189995, at *11, is excerpted here as follows:

> Second, even if there was little or no "newly acquired information" relevant to Evans' claims, that did not make it *impossible* for Gilead to change its Truvada label. The FDA's CBE regulation permits a brand-name drug manufacturer, like Gilead, to file a supplemental application and then immediately "change a label to 'reflect newly acquired information' if the changes 'add or strengthen a ... warning' for which there is 'evidence of a causal association,' without prior approval from the FDA." *See ,e.g., Albrecht*, 139 S. Ct. at 1679 (quoting 21 C.F.R. § 314.70(c)(6)(iii)(A)); *Wyeth*, 555 U.S. at 568 ("[I]t may make the labeling change upon filing [a] supplemental application with the FDA; it need not wait for FDA approval."). Thus, Gilead could have filed a supplemental application and immediately changed its Truvada label. *See Wyeth*, 555 U.S. at 571 ("Wyeth had a duty to provide a warning that adequately described that risk, and the CBE regulation permitted it to provide such a warning before receiving the FDA's approval."). As the Supreme Court recently emphasized:
>
>> Of course, the FDA reviews CBE submissions and can reject label changes even after the manufacturer has made them. *See* §§ 314.70(c)(6), (7).... But in the

1

interim, the CBE regulation permits changes, so a drug manufacturer will not ordinarily be able to show that there is an actual conflict between state and federal law such that it was impossible to comply with both.

*Albrecht*, 139 S. Ct. at 1679; *Wyeth*, 555 U.S. at 571 ("[A]bsent clear evidence that the FDA would not have approved a change to Phenergan's label, we will not conclude that it was impossible for Wyeth to comply with both federal and state requirements."); *PLIVA*, 564 U.S. at 624 n.8. As explained, state law failure-to-warn claims are only preempted by the FDCA and related labeling regulations when the drug manufacturer produces " 'clear evidence' that the FDA would not have approved the warning [change] that state law requires." *Albrecht*, 139 S. Ct. at 1676 (quoting *Wyeth*, 555 U.S. at 571). In 2019, the Supreme Court held that " 'clear evidence' is evidence that shows the court that the drug manufacturer fully informed the FDA of the justifications for the warning required by state law and that the FDA, in turn, informed the drug manufacturer that the FDA would not approve a change to the drug's label to include that warning." *Id.* at 1672; *id.* at 1678.

Gilead has not offered such evidence. Gilead has not shown that it filed a supplemental application, changed its Truvada labeling to include a warning for the injuries Evans allegedly suffered, and that the FDA later rejected that change. The notion that perhaps there was not sufficient "newly acquired information" or "evidence of a causal association" between Truvada and the risk of injuries alleged here, 21 C.F.R. § 314.70(c)(6)(iii)(A), are merely two of any number of reasons for the FDA to reject the label changes after Gilead had made them. But federal law did not preclude Gilead from making a label change in the interim.

Accordingly, Evans' failure-to-warn claims are not preempted by the FDCA and its labeling regulations.

Wherefore, Plaintiff respectfully advises the Court of this recent decision as additional authority for her position that Defendants' motion be denied.

Dated: October 2, 2020                     Respectfully submitted,


/s/ Christopher L. Coffin                  /s/ Karen B. Menzies
Christopher L. Coffin (#27902)             Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.           Andre Mura ((CA Bar # 298541) (on the brief)
1100 Poydras Street, Suite 2505            GIBBS LAW GROUP LLP
New Orleans, Louisiana 70163               6701 Center Drive West, Suite 1400
Phone: (504) 355-0086                      Los Angeles, California 90045
Fax: (504) 355-0089                        Telephone: 510-350-9700
ccoffin@pbclawfirm.com                     Facsimile: 510-350-9701
                                           kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*
                                           *Plaintiffs' Co-Lead Counsel*

2

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

3

| | |
|---|---|
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, Florida 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904<br>15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Genevieve Zimmerman<br>Meshbesher & Spence Ltd.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                  */s/ Dawn M. Barrios*
                                                  DAWN M. BARRIOS