UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Jane and Shawn Abram v. Sanofi US Services Inc., et al.*, EDLA No. 2:17-cv-17703 | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)**[1]

Plaintiffs incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Jane Abram

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   Shawn Abram

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable

4. Current State of Residence:  Pennsylvania

5. State in which Plaintiff(s) allege(s) injury:  Pennsylvania

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

   ☐ K. Sagent Pharmaceuticals, Inc.

   ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship
   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Pennsylvania Western District Court

9. Brand Product(s) used by Plaintiff (check applicable):

☒ A. Taxotere
☐ B. Docefrez
☐ C. Docetaxel Injection
☐ D. Docetaxel Injection Concentrate
☐ E. Unknown
☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

4 cycles of Taxotere—last cycle was 4/18/08

11. State in which Product(s) identified in question 9 was/were administered:

Pennsylvania

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent, irreversible, and disfiguring alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to the present.  Please also see last page of First Amended Short Form Complaint for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability – Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ☐ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below.  If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

/s/ Justin E. Dunlap
Attorney for the Plaintiff
TX Bar 24040835
Hotze Runkle PLLC
1101 S. Capital of Texas Hwy
Bldg. C, Suite 100
West Lake Hills, Texas 78746
justin@hotzerunkle.com
(512) 476-7771 tel
(512) 476-7781 fax

5

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Taxotere beginning February 15, 2008 at the Magee-Womens Hospital of the University of Pittsburg Medical Center in Pittsburgh, Pennsylvania.

2. In approximately January 2008, prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Dr. Paniti Sukumvanich. Dr. Sukumvanich advised Plaintiff that she would likely have temporary hair loss during her chemotherapy treatment and that "a high percentage of black women will not do chemotherapy because of their fear of hair loss." However, Dr. Sukumvanich stated to Plaintiff that "your hair will grow back."

3. Dr. Sukumvanich did not advise Plaintiff during their discussion regarding potential chemotherapy side effects that her use of Taxotere in her chemotherapy might or would result in permanent hair loss.

4. Plaintiff completed her chemotherapy treatment with Taxotere on April 18, 2008.

5. Following chemotherapy, Plaintiff observed that the hair on her scalp did not grow back other than a small amount of hair above her neck on the back of her scalp. Additionally, Plaintiff observed that her eyebrows, eyelashes, and body hair did not grow back.

6. In approximately 2010 Plaintiff discussed her continued hair loss with her therapist during a counseling session.

7. In September 2016 Plaintiff saw attorney advertisements concerning Taxotere and permanent hair loss.

8. Prior to seeing the attorney advertisements concerning Taxotere Plaintiff was never instructed by Dr. Sukumvanich or any other medical provider that her hair loss might in fact be permanent or that her hair loss might have been caused by Taxotere.

9. In 2017 Plaintiff consulted with her physician Dr. David Hall and was diagnosed with hair loss disorder.