

October 27, 2020

The Honorable Jane Triche Milazzo, United States District Judge
500 Poydras Street
Room C206
New Orleans, Louisiana 70130

Kelly Bieri

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
kbieri@shb.com

**Re: Sheila Stubbs (2:19-cv-14162) – No Proof of Docetaxel Use**

Judge Milazzo:

Despite receiving treatment more than a decade ago, and having filed her case nearly one year ago,[1] plaintiff Sheila Stubbs has not produced a *single medical or billing record showing she was ever actually administered docetaxel.*

It is axiomatic that a plaintiff in a product liability action must have actually used the purportedly defective product. In this litigation, CMO 12A mandates that a plaintiff such as Ms. Stubbs, who alleges chemotherapy treatment prior to March 8, 2011, must submit "[m]edical and/or billing records" to establish her use of Taxotere.[2] Here, plaintiff has not submitted *any* medical or billing records in this case and admits her chemotherapy records have been destroyed.[3]

In her only attempt to provide proof of use, Ms. Stubbs submitted an unsigned letter authored by an unidentified person in the "Aflac Claims Department" typed almost a decade after her cancer treatment, seemingly in response to an inquiry by Bachus & Schanker.[4] It states in its substantive entirety:[5]

> The Chemotherapy Drugs that you received were Carboplatin, Docetaxel, and Trastuzmab and you also received Anti-Nausea Drugs Ondansetron and Dexamethasone.

Plaintiff's PFS—submitted *after* plaintiff received this Aflac letter—acknowledged her lack of proof of use of Taxotere:[6]

---

[1] *Stubbs v. Sanofi-Aventis U.S. LLC.*, 2:19-cv-14162 (E.D. La. Dec. 6, 2019) (Rec. Doc. 1).
[2] *See* CMO 12A at 7 (Rec. Doc. 3492).
[3] *See* October 23, 2020 Christopher Elliott Letter (Rec. Doc. 11341).
[4] Notably, plaintiff does not identify Aflac as an insurance provider in her PFS. *See* Stubbs PFS at 23, relevant portions attached as **Exhibit A**. Plaintiff's argument that the letter combined with her testimony is sufficient as "some evidence a jury can weigh as to whether docetaxel was administered" is nonsensical. *See* Rec. Doc. 11341. This case lacks proof of use of docetaxel and cannot get to trial without this essential elements of plaintiff's claims.
[5] *See* April 15, 2019 Aflac Letter, attached as **Exhibit B**.
[6] *See* Stubbs PFS at 5, **Ex. A**.

> **III. PRODUCT IDENTIFICATION**
>
> I HAVE RECORDS DEMONSTRATING USE OF TAXOTERE ® OR OTHER DOCETAXEL: Yes ☐ No ☐

This is not surprising as Sanofi did not sell, distribute, deliver or otherwise provide Taxotere to plaintiff's prescribing oncologist or to her identified cancer treatment facility during the two years before plaintiff's first chemotherapy treatment through her last treatment.[7]

The single, post-litigation letter from an unidentified person wholly fails to create a presumption of product identification under CMO 12A.[8] Nor should it. Allowing a document like this to suffice as proof of use runs contrary to Court Orders and has the very real potential to lead to abuse, confusion, and speculation. Indeed, the Stubbs letter is a single declaratory sentence that offers no indication of who wrote it or that it is based on the review of any medical or insurance records. Instead, this is yet another example of a plaintiff failing to prove an essential element of her claim, while wasting the time and effort of the Court.[9]

For these reasons, Sanofi requests dismissal of this case with prejudice.

Respectfully,

*/s/ Kelly G. Bieri*
Kelly Bieri

---

[7] *See* Stubbs DFS at 4-5, relevant portions attached as **Exhibit C**. The DFS is limited to direct sale, distribution, or supply by Sanofi and does not preclude the possibility of sale, distribution, or supply of Sanofi or Winthrop medicines by third-party distributors.

[8] *See* CMO 12A at 7 (Rec. Doc. 3492).

[9] *See, e.g.*, Order (Rec. Doc. 6120) (denying Plaintiff Antoinette Durden's Motion to Enforce CMO 12A). Plaintiff's PFS also reveals she has never received treatment for the injury she alleges in this lawsuit, has never been diagnosed by a healthcare provider for the injury alleged, and that she has never discussed with any healthcare provider whether docetaxel caused or contributed to her alleged injury. *See* Stubbs PFS at 15, **Ex. A**.

2

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Kelly G. Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*