**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                 MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                             SECTION "H" (5)
THIS DOCUMENT RELATES TO:
*Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DR. MAMINA TUREGANO

MAY IT PLEASE THE COURT:

Sanofi has identified Dr. Mamina Turegano as an expert in the areas of dermatology and dermatopathology.  While Dr. Turegano has the education to treat patients in the fields of dermatology and dermatopathology, her deposition testimony confirms that she has not done the necessary work, nor applied appropriate methodology, to opine on general causation.  Because Dr. Turegano implements no methodology, other than a literature search, to possibly assert general causation opinions, such opinions set forth in her expert report that drugs other than Taxotere "can cause" certain alopecia conditions must be excluded.[1]

The only opinions set forth in her report that arguably satisfy the tenets of reliability to meet *Daubert* scrutiny are Dr. Turegano's medical examination and diagnosis of Ms. Kahn's condition from a dermatology standpoint.  However, her "generic opinions," unsupported general causation statements, and discussion of multiple irrelevant drugs and conditions lack appropriate methodology (or any methodology whatsoever) and must be excluded.  Having disclaimed any

---

[1] Exhibit A, Expert Report of Dr. Mamina Turegano ("Turegano Report"), Oct. 9, 2020 at pp. 7-13.

attempt to apply a recognized methodology to assess and determine general causation, the Court should exclude the testimony of Dr. Turegano under *Daubert*.[2]

## **STANDARD**

A qualified expert's testimony is only admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The party offering the expert testimony bears the burden of establishing each of these elements by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 275-76 (5th Cir. 1998). And the trial judge is obligated to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

Expert testimony is inadmissible when "the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 136 F.3d 935, 937 (5th Cir. 1999). Similarly, an expert's testimony should be excluded where it "go[es] beyond the scope of his expertise in giving his opinions." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) (citing *First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 136 (5th Cir. 1996)).

Additionally, testimony is not admissible unless "the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *Tripkovich v. Ramirez*, No. 13-6389, 2015 WL 3849392, at * (E.D. La. June 22, 2015) (citing *Daubert*, 509 U.S. at 593). Likewise, testimony

---

[2] These opinions, which clearly lack any reliability, are also excludable under Rule 702 and Rule 403 of the Federal Rules of Civil Procedure because such unsupported testimony would only confuse the issues and/or mislead the jury.

should be stricken as irrelevant when there is "too great an analytical gap" between the data or

facts considered and the opinion proffered. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Thus, opinion evidence is inadmissible if it is only tethered to existing facts through the *ipse dixit*

of the expert. *Id.*

## ARGUMENT

Dr. Turegano offers speculative opinions on the "risk factors" for androgenetic alopecia

and endocrine therapy induced alopecia (ETIA) generally, and as to Ms. Kahn specifically.

However, Dr. Turegano lacks experience to render any opinions on general causation in this case.

It is clear from the expert report and testimony of Dr. Turegano that speculation alone is her vehicle

for suggesting that alternative causes are responsible for Ms. Kahn's permanent hair loss.

## I.    DR. TUREGANO APPLIES NO ACCEPTED GENERAL CAUSATION METHODOLOGY AND IS UNQUALIFIED TO OFFER ANY OPINIONS REGARDING GENERAL CAUSATION

Because Dr. Turegano is not a biostatistician or statistician, has not conducted a Bradford

Hill analysis, and employs no methodology to support general causation statements in her report,

her "generic" opinions in that regard must be excluded.[3]

Dr. Turegano admitted she has not conducted a Bradford Hill analysis beyond a

comprehensive literature search.[4]  Moreover, she agreed that case reports of PCIA found in medical

literature are not equivalent to and cannot solely support general causation statements.[5]   Dr.

---

[3] Plaintiff previously filed a motion to exclude expert testimony on alternative causes (Rec. Doc. 10928) and adopts the reasons herein why Dr. Turegano likewise should not be allowed to speculate on alternative causes without a reliable scientific basis.
[4] Ex. B, Deposition of Dr. Mamina Turegano ("Turegano Dep."), Oct. 23, 2020 at 60:6-66:21.
[5] *Id.* at 95:13-19.

Turegano also admitted that she has not conducted any statistical analysis to support the contention that there is an established causation link between any drug and PCIA.[6]

> Q. You're not going to testify at trial that any other drug other than docetaxel has a statistically significant increased risk of causing PCIA, correct?
>
> A. Yeah, I -- I don't believe that there's enough evidence that shows statistical significance with any specific chemotherapy drug in actually -- well, at least in the plaintiff's regimen.
>
> Q. Okay. But in these charts that exist in your report from page 7, 8, 9 and 10, you don't cite any statistical analysis or you don't do any statistical analysis regarding a statistically significant connection between any one of these drugs and PCIA, correct?
>
> A. Correct.[7]

Dr. Turegano's admissions demonstrate her lack of qualification and methodology to offer opinion testimony before a jury about whether any particular drug or condition causes permanent hair loss.  Her testimony clearly indicates she was confused on the meaning of general causation. Other than a "comprehensive literature search," Dr. Turegano has not performed any sort of causation analysis.[8]  Without this necessary foundation, Dr. Turegano cannot offer any opinion regarding the cause of PCIA or ETAC.

---

[6] *Id.* at 66:22-67:8; 96:7-22 (confirming she will not opine on statistically significant risk of PCIA with any other chemotherapy agent).

[7] *Id.* at 98:8-99:2 (form objections omitted).

[8] *Id.* at 60:6-66:21.

## II. DR. TUREGANO'S REPORT DOES NOT INCLUDE ANY OPINIONS AS TO WHETHER TAXOTERE-CONTAINING REGIMENS MAY CAUSE PERMANENT HAIR LOSS

Sanofi disclosed Dr. Turegano as an expert pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  Any expert designated under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, must produce a report that contains "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them . . .; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years. . . ."    Therefore, like all experts designated under Rule 26(a)(2)(B), Dr. Turegano must properly disclose a complete statement of all opinions that she will offer, the basis and reasons for the opinions, and the facts and data considered in forming her opinions.

Further, the trial judge is obligated to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589 (1993).   When an expert's testimony is demonstrated to be speculative and lacking of any established methodology the Court should exclude such testimony.  *In re: Vioxx Prod. Liability Litigation*, 414 F. Supp.2d 574, 579 citing *Moore*, 151 F.3d at 279.

Dr. Turegano admits that PCIA exists "and part of that definition is that it's induced by chemotherapy."[9]  However, Dr. Turegano also admits that she did not include an opinion as to whether the Taxotere-containing regimen caused Ms. Kahn's condition.[10]  She simply claims that "it's also impossible to say that it's because of Taxotere" again without implementing any acceptable methodology.[11]

---

[9] *Id.* at 110:23-111:1.
[10] *Id.* at 109:22-111:20
[11] *Id.* at 111:15-18.

Without employing any reliable methodology or citing to any scientific support, Dr. Turegano claims that it is impossible to isolate Taxotere as a cause of permanent hair loss.  In addition, she does not provide an opinion in her expert report as to whether she considered or ruled out Taxotere-containing regimens as a cause of permanent hair loss.  When an expert like Dr. Turegano fails to provide an opinion or fails to provide any reliable support for an opinion, this Court has consistently stated that such an expert will not be allowed to opine about the topic at trial.

## **CONCLUSION**

For the foregoing reasons, Dr. Turegano should be precluded from testifying about general causation and determining causation regarding permanent chemotherapy-induced alopecia (PCIA) and endocrine therapy induced alopecia.

Dated: October 27, 2020

Respectfully submitted:

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
Andre Mura (CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

6

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton
4701 Von Karman Ave.
Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

J. Kyle Bachus
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*

M. PALMER LAMBERT