UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON PREEMPTION**

---

*Silverstein v. Boehringer Ingelheim Pharmaceuticals, Inc.* is yet another recent case that supports Sanofi's motion for summary judgment on preemption on Ms. Kahn's remaining failure-to-warn claim. No. 19-cv-81188, 2020 WL 6110909 (S.D. Fla. Oct. 7, 2020). In *Silverstein*, the plaintiffs alleged that the manufacturer of Pradaxa—a blood thinner used to treat atrial fibrillation—failed to warn that Pradaxa could cause severe bleeding. *Id.* at *2. The magistrate judge recommended the district court grant the defendant drug manufacturer's summary judgment motion on preemption because the plaintiffs could not identify any newly acquired information. *Id.* at *40.

*Silverstein* is instructive for two reasons.

First, in *Silverstein*, the court adopted the correct two-part preemption framework advanced by Sanofi. *Id.* at *9. The PSC has continued to assert that the only question on preemption is whether the drug manufacturer can show clear evidence that FDA would not have approved the proposed change to the drug label.[1] Yet the PSC has never directly addressed the clear majority

---

1 *See generally* Rec. Doc. 11124-2 (Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Preemption).

of courts that have first required the plaintiff to identify newly acquired information that would permit the drug manufacturer to change the drug label.[2] *Silverstein* joins that majority. As the court explained, "Plaintiffs bear the initial burden of identifying and producing facts *that they assert* were 'newly acquired information' that would have allowed [the manufacturer] to invoke the CBE regulations." *Id.* at *12. The PSC, in contrast, has never addressed its initial burden, instead choosing to argue only that Sanofi has not met its secondary burden under the clear evidence prong of the preemption framework. Because the PSC has declined to identify any newly acquired information, the Court should follow *Silverstein*—and the majority of courts addressing preemption after *Albrecht*—and enter summary judgment in Sanofi's favor.

Second, *Silverstein* supports Sanofi's preemption argument for another reason—namely, Sanofi can affirmatively show that no newly acquired information existed between 2004 (when FDA approved Taxotere's adjuvant indication) and 2008 (when Ms. Kahn first received Taxotere). Consistent with Sanofi's briefing, the *Silverstein* court explained that newly acquired information must meet a specific, regulatory definition. Newly acquired information (1) must be data, analyses, or other information not previously submitted to FDA; (2) must reveal risks of a greater severity or frequency than previously submitted to FDA; and (3) must constitute sufficient, scientifically reliable evidence of a causal association between the drug and the risk. *Id.* at *31; *see also id.* at *7–8 (citing 21 C.F.R. § 314.3(b)).

---

[2]  Rec. Doc. 11152 at 2 n.2 (Defs.' Reply in Supp. of Mot. for Summ. J. Based on Preemption) (collecting cases applying correct two-part preemption framework after *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019)). *Silverstein* joins a line of Pradaxa preemption cases, which Sanofi has previously cited. *Ignacuinos v. Boehringer Ingelheim Pharm., Inc.*, 2020 WL 5659071 (D. Conn. Sept. 23, 2020); *Ridings v. Maurice*, 444 F. Supp. 3d 973 (W.D. Mo. 2020); *Estep v. Boehringer Ingelheim Pharm., Inc.*, 2020 WL 5290777 (Conn. Super. Ct. Aug. 25, 2020); *Adkins v. Boehringer Ingelheim Pharm., Inc.*, 2020 WL 1890681 (Conn. Super. Ct. Mar. 13, 2020); *Pradaxa Cases*, No. 16-004863, 2019 WL 6043513 (Cal. Super. Ct. Nov. 8, 2019); *Roberto v. Boehringer Ingelheim Pharm., Inc.*, 2019 WL 4806271 (Conn. Super. Ct. Sept. 11, 2019).

The court then examined four categories of information identified by the plaintiffs and held that none was "newly acquired." *Id.* at *31–38. Relevant to Ms. Kahn's case, the *Silverstein* court analyzed whether the drug manufacturer could have added a warning to Pradaxa to instruct treating physicians to conduct therapeutic monitoring. *Id.* at *33–34. In support, the plaintiffs pointed to a re-analysis conducted by a statistician employed by the defendant manufacturer. *Id.* at *19, *34. The re-analysis suggested that a "cut-off" point existed where Pradaxa provided no marginal stroke reduction based on patients' plasma concentrations. *Id.* at *19. So, the plaintiffs asserted, the drug manufacturer should have updated the Pradaxa label to direct physicians to monitor patients' plasma concentrations. *Id.* at *34.

The court rejected this argument. In holding that the statistician's re-analysis was not newly acquired information, the court explained the re-analysis was not "sufficiently scientifically reliable" because there was "no evidence in the record that the [statistician's] modeling was ever peer reviewed, corroborated, or replicated." *Id.* at *35 (citing *Adkins*, 2020 WL 1890681, at *9); *see also Adkins*, 2020 WL 1890681, at *9 ("[T]he court cannot recognize the statement from a single scientist, such as [the statistician], as constituting newly acquired information, at least until that statement becomes part of a peer-reviewed article or finds other forms of corroboration.").[3] Like the statistician's re-analysis in *Silverstein*, Dr. Madigan's re-analysis of adverse event reports has never been peer reviewed. It has never been corroborated. Nor has it ever been replicated. At bottom, Dr. Madigan's post-hoc re-analysis is not newly acquired information because it is not

---

[3] Notably, the statistician conducted his re-analysis in 2011, before the plaintiff started taking the drug. *Id.* at *14, *19. Dr. Madigan conducted his litigation-driven re-analysis a decade after Ms. Kahn received Taxotere, which, by definition, cannot be "newly acquired information." *See Ridings*, 444 F. Supp. 3d at 993 (while "it is clear that 'newly acquired information' may encompass a new analysis of 'old' data . . . even with this understanding, 'studies published after a plaintiff's injury [are not] relevant to constitute newly acquired information.'") (citation omitted); *see also Roberto*, 2019 WL 5068452, at *15 ("In determining whether [something] constitutes newly acquired information, the first issue is timing.").

3

sufficiently scientifically reliable; it post-dates Ms. Kahn's treatment; and it does not reveal a risk of a different severity or frequency.[4]  *See Silverstein*, 2020 WL 6110909, at *31.

*Silverstein* further highlights that Ms. Kahn has not—and cannot—identify any newly acquired information sufficient for Sanofi to have used the CBE process to amend the Taxotere label before Ms. Kahn received Taxotere in 2008.  The Court should enter summary judgment on Ms. Kahn's remaining failure-to-warn claim because it is preempted by federal law.

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA  70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| dmoore@irwinllc.com | Kansas City, Missouri 64108 |
| | Telephone: 816-474-6550 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

---

[4]  Rec. Doc. 11152 at 9–11 (showing that Dr. Madigan's re-analysis, even if accepted, does not reveal a risk of greater severity or frequency than what Sanofi submitted to FDA previously).