**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL)**                                              **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                                           **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**
**Antoinette Durden, Case No. 2:16-cv-16635**

**SANOFI'S RESPONSE TO PLAINTIFF'S OPPOSITION**
**TO BILL OF COSTS AGAINST PLAINTIFF ANTOINETTE DURDEN**

The Clerk should award Sanofi all of its claimed costs for two reasons.  First, Plaintiff's

Opposition is procedurally improper under Federal Rule of Civil Procedure 54(d)(1) because

Plaintiff cannot seek review of Sanofi's Bill of Costs until *after* the Clerk has adjudicated the

issue—which has not yet occurred.  Second, even if Plaintiff were able to seek review now, which

Sanofi denies, the Fifth Circuit has made clear that under Rule 54(d)(1), there is a "strong

presumption" that the prevailing party will be awarded costs and a denial is appropriate only in

special circumstances—none of which are present here.  Indeed, Plaintiff's Opposition does

nothing to overcome this heavy burden and instead misstates precedent to argue costs should be

withheld.  The Clerk should rightly give effect to this "strong presumption" and award Sanofi all

its costs enumerated in the Bill of Costs.

## I.    LEGAL STANDARD

Rule 54(d)(1) provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides
> otherwise, costs—other than attorney's fees—should be allowed to
> the prevailing party . . . **The clerk may tax costs on 14 days' notice.**
> **On motion served within the next 7 days, the court may review**
> **the clerk's action**.

Fed. R. Civ. P. 54(d)(1) (emphasis added); *see also Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *1 (E.D. Mich. May 16, 2016) ("Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action."). Thus, *only after* the clerk adjudicates costs is a party entitled to seek review of the clerk's action by filing a motion.

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (citation omitted). In *Pacheco*, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794. However—*and what Plaintiff conveniently omits in her opposition brief*—the Fifth Circuit in *Pacheco* "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n.18).

Subsequent to *Pacheco*, the Fifth Circuit held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs." *Id.* (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013)). This holding is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). Further, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). And, the Fifth Circuit has

specifically rejected that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## II.   ARGUMENT

### A.  Plaintiff's Opposition Is Procedurally Improper and Premature.

As discussed, Rule 54(d)(1) permits a party to file a motion seeking review of the clerk's taxation of costs within seven days *after* the clerk's action.  Here, however, there has been no adjudication on the costs which Sanofi seeks to recover, such that Plaintiff's Opposition is procedurally improper and premature, and should be disregarded in its entirety.

### B.  Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Its Costs.

Even if Plaintiff were permitted to seek review now—which she cannot—Plaintiff's Opposition does nothing to overcome the "strong presumption" that Sanofi is entitled to recover its costs.  Significantly, Plaintiff does not dispute, nor could she, that Sanofi's claim for deposition transcript expenses, and costs associated with copying and collecting medical records are properly taxable under 28 U.S.C. §1920.  Instead, Plaintiff patently misstates binding precedent from the Fifth Circuit in arguing "when every one of the *Pacheco* factors cited above are present, this Court may deny or reduce costs."[1]  Even assuming this Court could properly consider these factors— which the Fifth Circuit holds it cannot—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "a person of limited means" and that Sanofi has "significant

---

[1] Rec. Doc. 11075 at 2. (Pl.'s Opp. to Defs.' Bill of Costs Against Plaintiff Antoinette Durden).

financial resources."[2]  Plaintiff, however, offers no legal authority to support her argument that

costs should be withheld on this basis.  To the contrary, the Fifth Circuit holds that "reducing or

eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is

impermissible as a matter of law," and that the "limited resources" of the losing party cannot

provide a basis for denying costs.  *Moore*, 735 F.3d at 320 (holding that "it would have been

reversible error for the district court to reduce the cost award based on a finding of 'limited

resources'").  Even if this Court could consider Ms. Durden's financial status, based on standard

contingency fee practice, Plaintiff's counsel—not Ms. Durden—very likely bears all the costs

where, as here, the case was dismissed with prejudice.  At a minimum, Plaintiff should be required

to make some factual showing to support her bald assertion she is "ill-equipped" and "unprepared"

to pay Sanofi's costs.

As to the alleged misconduct (the second factor), Plaintiff claims that Sanofi's alleged

failure "to disclose risks that it knew to be associated with docetaxel, despite a duty to warn of

those very risks" warrants costs being withheld.[3]  Plaintiff's accusations are both unfounded and

immaterial to the issue of whether Sanofi's costs are properly taxable.  Plaintiff's reliance on *Sheets*

*v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533 (5th Cir. 1990) is wholly misplaced.  In *Sheets*, the

Fifth Circuit held that it is the prevailing party's fault, misconduct or bad faith *in the course of*

*litigation* that is material.  *Id.* at 539-40.  The Fifth Circuit upheld the district court's taxing costs

against the defendants (the prevailing parties) where they unjustifiably refused to produce

documents in violation of a discovery order, repeatedly and falsely denied having applied for or

having patent rights in an air-snorkel device, misled plaintiff (the purported inventor) about the

---

[2] *Id.* at 2, 5.

[3] *Id.* at 3.

nature of various documents, and were unwilling to state that certain information or claims should be directed to one defendant, rather than another. *Id.* Conversely, here, Plaintiff does not allege any conduct on Sanofi's part during the course of litigation—let alone wrongful conduct.

As to the close and difficult legal issues presented (the third factor), Plaintiff generically avers that the dismissal of her case was a "close and difficult legal issue."[4] To the contrary, this Court found that Plaintiff "failed to create an issue of fact on contra non valentum" and instead, the uncontroverted evidence established Plaintiff "suspected something was wrong [with her hair] and yet failed to investigate its cause."[5] This factor is neutral, at best.

Plaintiff also fails to identify a substantial benefit that her lawsuit conferred on the public (the fourth factor). She baldly asserts that her case has "provided guidance to the parties and the Court on issues relevant to the entire MDL."[6] But, Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred on the public at large—not MDL plaintiffs. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

Ignoring the overwhelming authority from the Fifth Circuit contrary to her position, Plaintiff also relies on various provisions of the Manual for Complex Litigation to argue that costs should be withheld.[7] Plaintiff's reliance on these materials (which pertain to cost allocation in pre-

---

[4] *Id.*

[5] Rec. Doc. 10833 at 5 (Order and Reasons Granting Defs.' Mot. for Summ. J. Based on the Statute of Limitations).

[6] Rec. Doc. 11075 at 4. (Pl.'s Opp. to Defs.' Bill of Costs Against Plaintiff Antoinette Durden).

[7] *Id.* at 4-5.

trial discovery) is wholly misplaced.  Rather, under the applicable standard in Rule 54(d)(1), unless a federal statute, rule or court order provides otherwise—which there are none—Sanofi as the prevailing party is entitled to recover its costs.

Finally, Plaintiff relies on *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278 (5th Cir. 1991) to summarily argue that Sanofi's claim for deposition transcript expenses ordered on an expedited basis should be withheld.[8]  In *Fogleman*, ARAMCO waited more than two years to take the plaintiff's deposition, and ordered the transcript on a "semi-expedited" basis to meet court deadlines.  *Id.* at 286.  The Fifth Circuit held the additional charges incurred merely for the convenience of counsel were not properly taxable.  *Id.*  In contrast, Sanofi's deposition transcripts ordered on an expedited basis were necessarily obtained for use in the case.  Sanofi reserves its right to provide briefing on this issue, if necessary.

## CONCLUSION

Plaintiff's Opposition is procedurally improper and should be disregarded.  Even if Plaintiff were entitled to seek review of the Bill of Costs now, which she cannot, Plaintiff cannot overcome the "strong presumption" that Sanofi is entitled to recover its costs.  For these reasons, the Clerk should award Sanofi all of its costs enumerated in the Bill of Costs.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

---

[8] *Id.* at 5-6.

Harley V. Ratliff
Adrienne L. Byard
Kelly Bieri
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
kbieri@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

<u>/s/ *Douglas J. Moore*</u>