UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Juanita Greer, Case No. 2:18-cv-11728

---

### SANOFI DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON THE STATUTE OF LIMITATIONS

---

Sanofi's pending motion for judgment on the pleadings ("MJOP") raised three points: (1) on the face of her complaint, Ms. Greer's claims are time-barred by Mississippi's three-year statute of limitations; (2) Ms. Greer specifically pled that her injury was *not* latent, and the discovery-rule exception does not toll her claims under Mississippi law; and (3) the fraudulent-concealment exception to the statute of limitations also does not apply because Ms. Greer did not plead separate concealment by Sanofi, directed at Ms. Greer, that concealed her cause of action from her.[1] In response, Ms. Greer claimed that she did plead facts—in the Master Complaint and in her Short-Form Complaint—allegedly showing that either the discovery rule or the fraudulent-concealment exception applies to save her late claims.[2] Ms. Greer's arguments have no merit, as outlined in Sanofi's reply brief.[3]

---

[1] *See* Rec. Doc. 11010.
[2] *See* Rec. Doc. 11057.
[3] *See* Rec. Doc. 11142.

The PSC now seeks leave of Court to provide supplemental *evidence*, elicited in another case, that they argue demonstrates Ms. Greer's *pleadings* are sufficient to overcome dismissal. More specifically, the PSC claims that the specific-causation testimony of Sanofi's witness Dr. Mamina Turegano—given in the *Kahn* case—shows that Ms. Greer adequately pled application of the discovery rule to toll her claims. The PSC's position is illogical and should be rejected for the following reasons:

First, it is procedurally improper to present evidence outside Ms. Greer's Complaint in response to a motion for judgment on the pleadings. Moreover, the evidence Ms. Greer attempts to advance concerns a *different* plaintiff and *different* facts in a case governed by Louisiana, not Mississippi, law.

Second, even if the Court considers the specific-causation testimony of Dr. Turegano from the *Kahn* case, it is dispositive to Sanofi, not Ms. Greer. Dr. Turegano testified that PCIA is not a latent injury. Dr. Turegano's testimony does not support Ms. Greer's arguments that her claim was tolled because her injury is allegedly latent. The PSC's arguments regarding a potential latent *diagnosis*—which further demonstrate the specific-causation hurdle the PSC faces in this MDL— are irrelevant to Sanofi's MJOP. Ms. Greer's supplemental pleading should be rejected.

## ARGUMENT

### I. MS. GREER'S PROPOSED SUPPLEMENT IS PROCEDURALLY IMPROPER.

Ms. Greer's proposed supplemental pleading is procedurally improper on several grounds. The PSC argues that the deposition testimony of Dr. Turegano should be considered in deciding Sanofi's motion regarding Ms. Greer. The PSC claims Dr. Turegano's testimony demonstrates "Ms. Greer has provided sufficient allegations to trigger the discovery rule."[4] But Sanofi's motion

---

[4] Rec. Doc. 11372-2 at 4.

is one for judgment **on the pleadings** pursuant to Rule 12(c), and it must be "decided on the face of the pleadings alone." *Hartford Cas. Ins. Co.*, 826 So. 2d 1206, 1211 (Miss. 2001). The PSC offers no argument as to why the Court should consider evidence outside Ms. Greer's pleadings, much less irrelevant evidence concerning Ms. Kahn's alleged injury, in ruling on Sanofi's MJOP. Dr. Turegano's testimony in *Kahn* has no bearing on the sufficiency of Ms. Greer's pleadings, and Ms. Greer's proposed supplemental pleading should be denied for this reason alone.

The PSC also indicates that Dr. Turegano's testimony in *Kahn* demonstrates that discovery is needed regarding Ms. Greer's "discovery/discoverability of [her] hair loss."[5] Ms. Greer, however, did not claim that additional discovery was needed in her opposition to Sanofi's MJOP, and a supplemental pleading is not a proper vehicle for raising a new argument. *United States v. Bonilla–Mungia*, 422 F. 3d 316, 319 (5th Cir. 2005) ("[W]e will not consider new arguments first raised by an appellee in supplemental briefing on unrelated issues.").

Ms. Greer has already pled the facts relevant to Sanofi's motion, including when she sustained her injury and its open-and-obvious nature. No additional facts, and no additional discovery, are needed—a fact the PSC previously appeared to acknowledge. Indeed, after Sanofi filed its MJOP, Ms. Greer requested—and Sanofi agreed—to stay case-specific discovery in her case pending the Court's decision on Sanofi's Motion.[6] The PSC's position that discovery is now needed is inconsistent and prejudicial and should be rejected.

---

[5] Rec. Doc. 11372-2 at 4.
[6] **Ex. A**, E-mail from Alexandra W. Robertson to Torrey Peterson (Sept. 4, 2020, 09:30 CST), and E-mail from Torrey Peterson to Alexandra W. Robertson (Sept. 9, 2020, 19:58 CST).

## II.   MS. GREER DID NOT SUFFER A LATENT INJURY.

Even if this Court were to consider the testimony of Dr. Turegano, it does not provide any basis to toll Ms. Greer's claims.  As cited in Ms. Greer's own Supplemental Pleading, Dr. Turegano testified that PCIA is **not** a latent disease:

> Q.   So it could be a latent injury or a latent diagnosis, right?
>
> . . .
>
> A.   Oh, right.  **That wasn't my answer**.  That was me saying that was the question.  It – just from my reading, the diagnosis – the general consensus that I'm gathering from the definition of PCIA is that the diagnosis is hair loss that remains six months or longer.  So if the hair – **so I don't see it being** like a late – **a latent type of process because it would just be like persistent hair loss that doesn't go away after six months**, not like – not like hair regrows and then later on hair gets lost.  **So no, I guess, would be my answer**.[7]

Dr. Turegano testified, in no uncertain terms, that PCIA is not a "latent process"; rather the patient's hair loss is obvious at six months and the hair does not come back thereafter.  Dr. Turegano's testimony only further confirms that PCIA does not fit Mississippi's definition of latent injury, which is an injury that is "hidden or unseen."  *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007).  Dr. Turegano's testimony regarding the nature of PCIA also is consistent with Ms. Greer's own pleadings, which allege that she sustained her injury six months following chemotherapy and that it is so open and obvious it is stigmatizing.  To the extent it is relevant at all, Dr. Turegano's testimony supports Sanofi's position, backed by Mississippi law, that PCIA is not a latent injury.

To distract the Court, the PSC highlights Dr. Turegano's responses to convoluted questioning regarding the potential latency of a PCIA **diagnosis**.  The PSC indicates that, if a

---

[7]   Rec. Doc. 11372-3 at 5:6 – 6:1 (Dep. of Mamina Turegano, M.D. taken Oct. 23, 2020) (emphases added).

4

patient finished chemotherapy and immediately began taking Tamoxifen or another form of endocrine therapy—as Ms. Kahn and many other plaintiffs did—a clinician (and the patient) might be unable to ascertain whether the **cause** of the patient's hair loss was chemotherapy or endocrine therapy.[8]  While the PSC's argument demonstrates notable problems with its specific-causation case in *Kahn*, it is irrelevant here.  Ms. Greer does not allege, in either the Master Complaint or her Short-Form Complaint, that she took endocrine therapy, rendering the PSC's argument off point.[9]  As this Court is well aware, the vast majority of plaintiffs in this litigation have never seen a doctor about their hair loss—let alone been diagnosed with PCIA caused by Taxotere (or endocrine therapy).  The PSC's pleading seems to acknowledge the difficulty in making such a diagnosis—a problem of proof for plaintiffs on medical causation, not a defense to the statute of limitations.

Finally, as set forth in Sanofi's opening motion, even if an injury is latent and the discovery rule applies, the statute is only tolled until the plaintiff discovers her **injury**, **not its cause**.  *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010) ("No provision of Section 15–1–49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations.").  Here, Ms. Greer pled that her injury was open and obvious.  That allegation ends the analysis.  Ms. Greer does not suffer from a latent injury and whether her clinicians hypothetically could ascertain her injury's precise cause is irrelevant to application of the discovery rule under Mississippi law.

At base, the PSC's latest filing amounts to another effort to distance themselves from their own pleadings.  The PSC pled that all plaintiffs sustained their injury six months after completing

---

[8]   Rec. Doc. 11372-2 at 4–5.
[9]   Rec. Doc. 4407; Rec. Doc. 10668-6.

chemotherapy, and the PSC pled that all plaintiffs suffered an open and obvious, stigmatizing injury.  By her own pleadings, Ms. Greer sustained her open and obvious injury in April 2010, but she did not file suit until November 2018.  Those facts are case-dispositive under Mississippi law.  Ms. Greer's Motion for Leave to File Supplemental Pleading in Opposition should be denied as procedurally improper and irrelevant to Sanofi's Motion for Judgment on the Pleadings.


Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA  70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile:  504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile:  816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*