# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Alice D. Hughes v. Accord Healthcare, Inc.* Case No. 2:17-cv-11769 | : : : : : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |

### DEFENDANT ACCORD HEALTHCARE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF DAVID ROSS, M.D., PH.D., M.B.I.

Defendant Accord Healthcare, Inc. ("Accord") moves to strike the untimely Declaration of Plaintiff's regulatory expert, Dr. David Ross, signed by Dr. Ross on November 11, 2020 and served on Accord on November 12, 2020 as Exhibit 4 to Plaintiff's Opposition to Accord's Motion for Summary Judgment on Preemption Grounds. Courts routinely refuse to allow supplemental expert reports under the circumstances present here, where the months-late report is clearly designed to bolster Dr. Ross's opinions in an effort to defeat Accord's preemption motion. *See Buxton v. Lil' Drug Store Prods., Inc.*, No. 2:02-cv-178, 2007 WL 2254492, at *6 (S.D. Miss. Aug. 1, 2007) (holding that to permit an expert's supplemental affidavit in response to a motion for summary judgment "would eviscerate Rule 26's expert disclosure requirements, as well as courts' authority to enforce their own scheduling orders"). Coupled with Plaintiff's numerous requests for an extension to respond to this motion (pending since September) this attempt to rebut the motion through use of an expert whose deposition needed to be halted and rescheduled based upon an incomplete reliance list and then proceeded over three days is, to say the least, highly prejudicial to Accord. Plaintiff's tactic conflicts with Fed. R. Civ. P. 6, 26, and 37, and should not be

countenanced by this Court. Accord specifically requests that this Court strike the Declaration from the record and preclude Plaintiff from relying on Dr. Ross's Declaration in support of her Opposition to Accord's Motion for Summary Judgment on Preemption Grounds.

## I.  INTRODUCTION AND KEY FACTS

The deadline for Plaintiff's expert reports is long past. Pursuant to Case Management Order No. 14G, Plaintiff's general and case-specific expert reports were due on June 8, 2020. *See* Rec. Doc. 10985. Dr. Ross timely served his expert report on June 8, 2020. Defendants served their expert reports, including that of Accord's regulatory expert Dr. Mukul Agrawal, on July 24, 2020. Pursuant to Case Management Order No. 14, "rebuttal expert reports shall be submitted, if necessary and for good cause shown, to address only new issues raised in the Defendant expert reports, within fourteen (14) days of receipt of the expert report to which the rebuttal report is addressed." *See* CMO 14 (June 13, 2018), Rec. Doc. 3064. However plaintiff never sought an opportunity to submit a rebuttal report, even though Dr. Ross had Dr. Agrawal's expert report in his possession before his deposition commenced.

Dr. Ross was deposed over three days: August 27, 2020, August 31, 2020, and September 10, 2020.[1] Dr. Ross did not complete an errata sheet for any of these depositions, despite advising at the conclusion of his testimony that he planned to read and sign. On September 10, 2020, following the completion of Dr. Ross's deposition, Accord filed its Motion for Summary Judgment on Preemption Grounds, with a submission date of October 14, 2020. *See* Rec. Doc. 11226 (under seal). Accord's Motion directly addressed Dr. Ross's lack of regulatory or factual support for

---

[1] A third day was required because PSC did not produce an accurate copy of Dr. Ross's reliance list, which was purportedly not discovered until after the start of Dr. Ross's first day of testimony scheduled on August 27.

Plaintiff's position that Accord could have or should have changed its docetaxel label by November 2011, when Plaintiff was first administered docetaxel. *See id.*

While Accord will not belabor these facts, this Court is well aware that from late September to early October, Plaintiff, through plaintiffs' liaison counsel, peppered Accord and this Court with multiple requests to delay the due date of the Brief in Opposition to Accord's preemption motion. The excuses presented for such request included conflicts with briefing in the *Kahn* case, attorney vacations, or the fear of Sandoz seeing Plaintiff's opposition before it filed its presumed preemption motion. In none of these communications or court conferences did PSC ever even suggest, much less seek, the opportunity to supplement Dr. Ross's expert report.

The Court ultimately permitted two separate extensions amounting to a total of a five weeks beyond the initial due date for the filing of Plaintiff's Brief in Opposition, through November 11, 2020. The Declaration of Dr. Ross was signed November 11, 2020 and attached to Plaintiff's Brief in Opposition, which was filed in the wee hours of the morning on November 12, 2020. The supplemental report, formally titled "Declaration of David B. Ross, M.D., Ph.D., M.B.I. in Support of Plaintiff's Response in Opposition to Accord's Motion for Summary Judgment on Preemption Grounds" is 29 pages (not including exhibits) consisting of 124 paragraphs of new opinions which contain FDA regulatory citations and questions posed based on his interpretation of same. *See* Ex. 4 to Pl.'s Opp. to Accord's Mot. for Summary Judgment Based on Preemption (filed under seal at Rec. Doc. 11423). Yet, there has been no new information presented regarding Accord to justify any new opinions. Thus, if within his area of regulatory expertise, then the information Dr. Ross cites to in his supplemental report was available at the time he produced his expert report on June 8, 2020.

## II.     FEDERAL RULES 6, 26, AND 37 REQUIRE THAT THE UNTIMELY DECLARATION AND NEW OPINIONS OF DR. ROSS SHOULD BE STRICKEN.

Federal Rule of Civil Procedure 26 requires each party to provide "a *complete* statement of *all* opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Rule 26(e)(1) requires a party to supplement or correct its expert disclosure in a timely manner if "the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." However, Rule 26(e) supplementation "is subject to reasonable limits to ensure that it does not become a subterfuge for untimely disclosures." *Everett Financial, Inc. v. Primary Residential Mortgage, Inc.*, No. 3:14-cv-1028, at *2 (N.D. Tex. Feb. 28, 2017) (citing *CQ, Inc. v TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir 2009) (affirming trial court's exclusion of late-disclosed damages computations)). A party may not supplement an expert report to introduce new expert opinions that could have been provided before the expert's report and deposition, nor to circumvent summary judgment. *See Buxton*, 2007 WL 2254492, at *6 (acknowledging that permitting an expert's supplemental affidavit in response to a motion for summary judgment "would eviscerate Rule 26's expert disclosure requirements, as well as courts' authority to enforce their own scheduling orders"); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001) ("A subsequent expert affidavit submitted to rebut a summary judgment motion may be excluded if it differs from an earlier Rule 26 report.").

Where a disclosure is not timely or does not comply with the requirements of Rule 26(a)(2), Rule 37(c)(1) requires exclusion of the testimony: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless". Fed. R. Civ. P. 37(c)(1). The Fifth Circuit supports a trial

court's decision to exclude expert testimony pursuant to Rule 16 or Rule 37(c)(1) based upon the following four factors: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The Fifth Circuit has specifically given "[d]istrict judges . . . the power to control their dockets by refusing to give ineffective litigants a second change to develop their case." *Id.* at 257-58 (affirming district court's decision to deny request to supplement expert report).

Plaintiff offered no explanation whatsoever for this late submission, nor even sought leave or a modification to the expert witness disclosures set forth in the Scheduling Order entered by the Court. It is patently clear that Dr. Ross's supplemental report is a blatant attempt to circumvent summary judgment because it is titled "Declaration of David B. Ross, M.D., Ph.D., M.B.I. *in Support of Plaintiff's Response in Opposition to Accord's Motion for Summary Judgment on Preemption Grounds*." (Emphasis added).[2] Expert report supplementation must be carefully scrutinized when it is only provided for the narrow purpose of fending off a dispositive motion, as is the case here. Courts routinely hold that supplemental expert reports cannot be used to "fix" problems in initial reports after being confronted with them in summary judgment or *Daubert* motions. *See Companhia Energentica Potiguar v. Caterpillar, Inc.*, No. 14-cv-24277, 2016 WL

---

[2] Ironically, while Dr. Ross's declaration is clearly aimed to bolster Plaintiff's arguments against summary judgment, he *still* fails to identify "newly acquired information" that would have permitted Accord to change its docetaxel warnings about alopecia—the focus of Plaintiff's failure-to-warn claim, and does not overcome the shortcomings in his testimony that required summary judgment in the first place. Accord, however, will not address the merits of Dr. Ross's untimely and improper declaration in this Motion to Strike.

5

3102225, at *9 (S.D. Fla. 2016) (likening expert's supplementation following *Daubert* challenge to "invit[ing] the proverbial fox into the henhouse"); *Buxton*, 2007 WL 2254492, at *6 (acknowledging that permitting an expert's supplemental affidavit in response to a motion for summary judgment "would eviscerate Rule 26's expert disclosure requirements, as well as courts' authority to enforce their own scheduling orders"); *Brumley* 200 F.R.D. at 603 ("A subsequent expert affidavit submitted to rebut a summary judgment motion may be excluded if it differs from an earlier Rule 26 report.").[3]  As such, PSC's belated attempt to rehabilitate Plaintiff's claims through an untimely supplemental report of Dr. Ross should not be permitted.

Even if Accord's preemption motion were not pending, defendant would be unduly prejudiced if Dr. Ross's supplemental report, submitted in the guise of a "Declaration", is not stricken.  There is no reason for any supplementation as any new opinions offered by Dr. Ross in the Declaration are based on FDA regulations, guidance documents, and Accord documents that have long been available to him.  *See Marzett v. SeaTrade Reefer Chartering, N.V.*, No. 13-cv-5270, 2015 WL 1415277, at *2 (E.D. La. March 27, 2015) (Milazzo, J.) (striking supplemental

---

[3] *See also Shahbaz v. Johnson & Johnson*, No. 13-cv-7382, 2020 WL 5894590, at *7 (C.D. Cal. July 31, 2020) (striking supplemental expert report and rejecting argument that defendants' motion for summary judgment was a substantial justification for an untimely supplemental expert disclosure); *Kaiser v. Johnson & Johnson*, No. 2:17-cv-114, 2017 WL 5414182 (N.D. Ind. Nov. 13, 2017 (striking supplemental expert report served after *Daubert* motion filed); *The Brinkmann Corp.*, No. 1:08-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."), *aff'd*, 381 Fed App'x 968 (11th Cir. 2010); *Beller v. U.S.*, 221 F.R.D. 689, 691-95 (D.N.M. 2003) (supplemental reports cannot be used to buttress opinions or "shore up problems" in opinions contained in initial reports); *Shelter Mut. Ins. Co. v. Culbertson's Ltd.*, No. 97-cv-1608, 1999 WL 135297, at *4 (E.D. La. 1999) (expert report discussing issues not included in initial report cannot be considered "supplementary"); *Jones Creek Investors, LLC v. Columbia Cnty.*, 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) ("[Rule] 26(e) does not permit supplementation to add points that could have been made in the original expert report or to otherwise shore up weaknesses or inadequacies, and there is no reason why the new assumptions and methodologies used in the second report could not have been adopted and disclosed in the first during the discovery period.").

expert report as untimely where it was clear that expert "was well aware" of facts allegedly underpinning need for supplemental report at the time of serving the expert's initial report); *Cooper Tire & Rubber Co. v. Farese*, No. 2008 WL 5104745, at *4 (N.D. Miss. Nov. 26, 2008) (recognizing that courts "have routinely rejected untimely 'supplemental' expert testimony where the opinions are based on upon information available prior to the deadline for expert disclosures"). As set forth above, there have no new developments or evidence not available to him as of June 8, 2020 with respect to Accord.

The Plaintiff's violation of this Court's scheduling order constitutes sufficient prejudice to support exclusion. *Williams v. Gonzales*, 2005 WL 3447885, at *4 (E.D. Tx. December 14, 2005) Plaintiff offers no justification for serving this supplemental report more than five months after the expert deadline. Nor did PSC broach the issue during the multiple conversations with Accord's counsel and/or the Court during the course of their requests for an extension of time to oppose Accord's Motion. It was simply attached as an Exhibit to Plaintiff's Brief in Opposition. When PSC accused Sanofi of this same kind of ambush-testimony, PSC described late-filed expert submissions of this sort as "most disturbing." *See* Pl.'s Memo. in Support of Pl.'s Motion to Strike the Untimely Supplemental Report of Dr. David Spiegal, *Earnest v. Sanofi*, No. 2:16-md-2740 (E.D. La. Aug. 7, 2019), Rec. Doc. 7863-1 at 3-4 ("Most disturbingly, Sanofi did not provide prior notice to the PSC of its intent to supplement Dr. Spiegal's opinions or acknowledge or even attempt to justify the blatant untimeliness of its Rule 26 discovery to the PSC."). Sauce for the goose is sauce for the gander as well.

## CONCLUSION

Expert discovery in this case is closed. For the reasons set forth above, Plaintiff's last-ditch attempt to salvage her claims in the face of Accord's Motion for Summary Judgment on Preemption Grounds through an untimely expert disclosure is not permissible under the applicable

law and evidentiary rules, and Accord therefore respectfully requests that this Court strike Dr. Ross's belated Declaration from the record.

Date: November 16, 2020  Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com
michael.ruttinger@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Memorandum of Law in Support of Motion to Strike Supplemental Expert Report of David Ross, M.D., Ph.D., M.B.I.* was filed with the Court via the established process for filing under seal and will be placed on the docket, and also via email on all counsel of record.

       /s/ *Julie A. Callsen*
       Julie A. Callsen

4927124