UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section: N(5) |
| This Document Relates to: *Wanda Stewart v. Sandoz Inc.* Civil Case No. 2:17-cv-10817 | JUDGE JANE TRICHE MILAZZO |
| | MAG. JUDGE NORTH |

## DEFENDANT SANDOZ INC.'S MOTION TO EXCLUDE OR LIMIT OPINIONS OF DR. LINDA D. BOSSERMAN

Pursuant to Federal Rules of Evidence 702, 403, and 104, Defendant, Sandoz Inc. ("Sandoz"), hereby moves to exclude certain testimony of Plaintiff's oncologist, Dr. Linda D. Bosserman. For the reasons more fully set forth in the corresponding Memorandum in Support, the Court should exclude:

1. Dr. Bosserman's case-specific opinions — including her opinions about what Plaintiff's prescribing oncologist and/or Plaintiff could or would have done if Sandoz' docetaxel labelling had been written differently in 2014 and/or her opinions about alternative treatments Plaintiff's oncologist could have prescribed — because those opinions are irrelevant, speculative, and likely to confuse or mislead the jury;

2. Dr. Bosserman's causation opinions, including any general or specific causation opinions and/or any opinion that permanent alopecia was a "known or knowable" risk associated with docetaxel, because Dr. Bosserman (i) has not reviewed any

1

      Sandoz documents or done any independent analysis to support such opinions as to Sandoz and (ii) is merely parroting Plaintiff's other experts' conclusions;

3. Dr. Bosserman's regulatory or labelling opinions, because (i) Dr. Bosserman has expressly disclaimed having any such opinions, (ii) has not reviewed any Sandoz documents or done any independent analysis to support such opinions as to Sandoz and (iii) is merely parroting Plaintiff's other experts' conclusions;

4. Dr. Bosserman's opinions concerning Sandoz' knowledge at any time, including with respect to a supposed risk of permanent alopecia associated with its docetaxel, because Dr. Bosserman is not qualified to offer such opinions;

5. Dr. Bosserman's opinions concerning online predictive tools and/or alternative treatment options available to Plaintiff, because that testimony is irrelevant, as Plaintiff's prescribing oncologist is available to and already has testified concerning those subjects; and

6. Any and all opinions in subject areas as to which Dr. Bosserman has disclaimed having any opinions to offer.

For these reasons, as more fully set forth in the corresponding Memorandum in Support, Dr. Bosserman's opinions should be excluded entirely or, at a minimum, significantly limited.

Dated: November 17, 2020         Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100

                                    (678) 553-2386 (facsimile)
                                    CohenL@gtlaw.com
                                    MerrellC@gtlaw.com
                                    HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, a copy of the foregoing Motion to Exclude or Limit Opinions of Dr. Linda D. Bosserman was served on all counsel of record via email.

/s/ *Lori G. Cohen*
Lori G. Cohen