UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Alice Hughes*, Case No. 2:17-11769; *Wanda Stewart*, Case No. 2:17-10817 | |

MEMORANDUM IN SUPPORT OF PSC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THIRD PARTY FAULT

In Defendants' Affirmatives Defenses raised to Plaintiffs' First Amended Master Long Form Complaint ("Master Answer"), Defendants Sandoz Inc. and Accord Healthcare, Inc. both raised issues of third-party or "other" fault. See *e.g.* Accord Healthcare, Inc.'s Affirmative Defenses Nos. 24, 25, and 31 (Rec. Doc. 955); and Sandoz Inc.'s Affirmative Defenses Nos. 6, 7, 10, 16 (Rec. Doc. 960). When Defendants' original responses to discovery did not provide factual support or even identify the party they might try to blame, the PSC propounded specific discovery regarding those affirmative defenses.

During meet and confers and motion practice over Defendants' responses to those requests (particularly interrogatories no. 1 and 2 and request for production no. 1), the PSC argued that an affirmative defense must be supported by facts and evidence at trial, and not based on naked statements or conjecture, and that the PSC is entitled to those facts and the identity of witnesses or evidence that ostensibly support such allegations of third-party fault.[1] Over Defendants' joint objection, Judge North ordered Defendants to respond fully to the specific discovery.

---

[1] Statement of Facts ("SOF") ¶4.

During the hearing, Judge North recognized that the PSC is entitled to explore the specifics of the vague allegations of third-party fault contained in the Affirmative Defenses.[2] Specifically, *see* Rec. Doc. 9284 at pages 7-8, Judge North said:

> If any of these defendants plan to put on a comparative fault type defense, and point to other entities as being – whether they're parties or third-parties – as being responsible for failing to take steps to update a label they claim should have been updated, they are entitled to know who those entities are; so they can conduct the appropriate discovery of those entities, as a matter of fact, what they know, what their recollections were. I don't think it is that complicated.
>
> If you-all don't plan to suggest that there's a comparative fault element to your defense, that can be your response to the interrogatories and request for production.

Defendants responded that they could not identify any party or third-party against whom they would allege or imply fault at trial.[3] In essence, no facts in the above-captioned cases support the affirmative defenses relating to third-party or other fault. Therefore, third-party or other fault should not be allowed to be implied at trial, and no third-party or non-party other than the Defendant may appear on the verdict form. The burden is on Defendants to prove affirmative defenses of fault, which they have apparently abandoned. The PSC submits that partial summary judgment is warranted dismissing the affirmative defenses set forth above.

## **LEGAL STANDARD**

A moving party is entitled to summary judgment on a defense or part of a defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to move beyond the boilerplate language of the pleadings to determine whether a party's claims, defenses, or any part thereof are worthy of trial and provide a means for dismissal of claims or defenses that

---

[2] SOF ¶5.
[3] SOF ¶6.

are not trial-worthy. *Quinn v. City of Boston*, 325 F.3d 18, 28 (1st Cir. 2003); and *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). If a nonmovant advances no facts to carry the burden of proof at trial, then summary judgment may be obtained by providing "evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

A nonmoving party cannot rely on the allegations and denials in pleadings, but must demonstrate the existence of a genuine issue of material fact through "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  Conclusory assertions or unsubstantiated beliefs will not preclude summary judgment. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 & 544 (5th Cir. 2005). Summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In this case, Defendants' effectively abandoned affirmative defenses of third-party or non-party fault by admitting that they lack evidence to identify any third party who should be apportioned fault.  Accordingly, partial summary judgment should be granted.

### **Third-Party Fault is Not Supported by Any Evidence.**

Louisiana law requires a party asserting an affirmative defense of fault to prove, by a preponderance of the evidence, that the fault of another "was a cause-in-fact of the damage being complained about." *Dupree v. City of New Orleans*, 765 So.2d 1002, n. 13 (La. 2000); and *Barnes v. Quinlan*, 2002 WL 31375606, *2 (E.D. La. Oct. 22. 2002). Although Defendants asserted a

number of allegations of third-party fault, the allegations were not specific, and their response to discovery after motions to compel revealed no evidence of such fault and no identity of any party against whom such fault may be assigned.

The PSC specifically propounded discovery regarding third-party and comparative fault. Both Accord and Sandoz responded that they did not intend to pursue fault of parties or third-parties, and neither produced any facts or documents to support such a proposition.[4] Discovery is now closed, and those defenses should be dismissed on summary judgment.

No other evidence of fault has been elicited, including against the prescribing oncologists. In fact, Defendants' own experts testified that the treating doctors acted appropriate and proper. Dr. Maurie Markman, Accord's expert in the Hughes case, said:

> Q. […] my question is do you have an opinion as to whether Dr. Veith acted appropriately in his care and treatment of Ms. Hughes breast cancer?
>
> A. Yeah, in my opinion he contacted very appropriately.
>
> Q. Do you have any criticisms of any of the care in what you have reviewed so far that Ms. Hughes received related to her breast cancer?
>
> A. No, I have no criticism and I'm delighted that she is this number of years out continues to do very well I hope and pray that it continues for a very long time in the future.
>
> \*\*\*
>
> Q. All of those appeared to be within the realm of oncology hematology, correct?
>
> A. You mean my opinions?
>
> Q. Yes, the first few sentences of the summary conclusions?

---

[4] SOF ¶¶ 2,5-7.

> A. That's what my opinions would be, yes, my knowledge of the field of oncology as relates to breast cancer, yes.[5]

Drs. Foote and Reddy[6] testified similarly for Sandoz in the Wanda Stewart case. For example, Dr. Foote testified, when asked about the prescribing doctor's decision-making in prescribing TAC to Ms. Stewart said,

> I thought he looked at the status of her disease, asked appropriate questions about her social circumstances, meaning her weight, her family history of diabetes and such like that and chose a regimen that I think is – a perfect regimen for her with avoiding the long-term complications of Taxol but getting her a drug that's – get in quickly and was effective before her disease spread to other organs making it incurable.
> So I thought his thought process and his rationale behind it were exceptional.[7]

No expert offered a different opinion, there is no other record evidence to support such a claim and the time in which Defendants may furnish any such evidence has ended.

## Lacking Supporting Evidence, Affirmative Defenses of Third-Party Fault Must Be Stricken.

Proof of a physician's negligence requires proof by a preponderance of evidence of the applicable standard of care, breach of the standard of care, and the causal connection between the breach and the injury. *Schultz v. Guoth*, 57 So.3d 1002, 1006 (La. 2011); and *see Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The general rule is that expert testimony is required to establish the elements of a medical malpractice claim unless the negligence is obvious. *Schultz*, 57 So.3d at 1006-1007; *see Cleveland*, 457 F.3d at 403-404. As indicated hereinabove, any other non-party fault must be supported by competent liability and causation evidence sufficient to allow the factfinder to adjudicate a genuine issue of material fact.

---

[5] Deposition of Dr. Maurie Markman, Nov. 6, 2020, at pp. 217:22-24, 218:1-5, 233:5-16, SOF ¶8.
[6] Deposition of Dr. Sreekanth C. Reddy, Sept. 29, 2020, at pp. 253:19-22, 254:3-15, SOF ¶10.
[7] Deposition of Dr. Lawrence Foote, Oct. 28, 2020, at p. 264:10-23, SOF ¶9.

Since Defendants offer no expert opinion and have no testimony or facts to support the proposition that Plaintiffs' treating physicians breached any standard of care or caused injuries, it cannot establish an essential element of its defense. All affirmative defenses based on the comparative fault of Plaintiff's treating physicians or of a third party fail as a matter of law.

## CONCLUSION

Defendants have had every opportunity to offer information about, and to identify the supporting proof for, its Affirmative Defenses surrounding fault of others. No witness, document, or expert satisfies Defendants' burden, and indeed Defendants have apparently abandoned those defenses. To avoid any surprise witnesses or arguments at trial, the PSC prays that the Court grant this Motion for Summary Judgment on Third-Party Fault and dismiss all allegations surrounding such Affirmative Defenses, including Nos. 24, 25, and 31 by Accord Healthcare, Inc., and Nos. 6, 7, 10, and 16 by Sandoz Inc.

Dated: December 4, 2020                                  Respectfully submitted,

*/s/ Christopher L. Coffin*                              */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                         GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                          6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                             Los Angeles, California 90045
Phone: (504) 355-0086                                    Telephone: 510-350-9700
Fax: (504) 355-0089                                      Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                   kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                            *Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN DAVID | BARRIOS, KINGSDORF & CASTEIX, LLP |
| MEUNIER & WARSHAUER, LLC | 701 Poydras Street, Suite 3650 |
| 2800 Energy Centre, 1100 Poydras Street | New Orleans, LA 70139 |
| New Orleans, LA 70163-2800 | Phone: 504-524-3300 |
| Phone: 504-522-2304 | Fax: 504-524-3313 |
| Fax: 504-528-9973 | barrios@bkc-law.com |
| plambert@gainsben.com | |
| | *Plaintiffs' Co-Liaison Counsel* |
| *Plaintiffs' Co-Liaison Counsel* | |

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT
