# EXHIBIT 1

# LEMMON
## LAW FIRM, LLC

www.LemmonLawFirm.com

15058 River Road
Post Office Box 904
Hahnville, LA 70057
P 985.783.6789 · F 985.783.1333

650 Poydras Street
Suite 2335
New Orleans, LA 70130
P 504.581.5644 · F 504.581.2156

**<u>PLEASE REPLY TO HAHNVILLE OFFICE ONLY</u>**
February 10, 2020

**<u>VIA ELECTRONIC MAIL</u>**

Re:   IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA, MDL No. 2740

Dear Magistrate Judge North:

The PSC respectfully submits this letter brief regarding a Hospira deposition of a former employee (Lisa Zboril), when the witness was asked whether she had been told by anyone to say that the word "alopecia" used in Hospira's label included all forms of alopecia. Hospira's counsel improperly objected by saying, "You mean other than counsel?", rather than simply objecting or asserting a privilege as required by the Court's deposition protocol. The improper objections continued throughout this discussion and went on for 10 pages of transcript, which are attached hereto. The witness never answered the question as to whether the testimony about Hospira's label was her testimony or was provided by counsel. If the testimony came from counsel and not the witness, the PSC and the jury is entitled to know.

The testimony itself regarded the definition of alopecia, and how Hospira came to claim that the use of that word in Hospira's label, which it copied directly from Sanofi without any inquiry or analysis, includes all forms of hair loss. The witness was firm in her belief "as a pharmacist", in what the word meant. But her testimony about what Hospira meant by its use of that term is its label is beyond her personal knowledge and apparently the product of counsel. She is not an employee of Hospira, she does not know about Hospira's discussions surrounding the label, and her testimony was as an individual. There is no privilege for an attorney to instruct a witness on facts she did not independently know with testimony that counsel creates. The PSC requests that either the witness or counsel be sworn to respond to the question.

The PSC also seeks responses from each of the 505b2 defendants (Hospira, Accord, and Sandoz) as to third parties who they may seek to blame at trial. Interrogatory Nos. 1 and 2 and RFP No. 1 specifically ask for identification and documentation of any third party against whom they may seek to apportion fault.[1] The uniform objection is to avoid responding at all until after expert reports are submitted, which is after discovery is closed. While there may be some parties and facts that may come to light during the

---

[1] A copy of an exemplar set of individual discovery is attached.

Andrew A. Lemmon
andrew@lemmonlawfirm.com

James (Jake) Lemmon *of Counsel*
jake@lemmonlawfirm.com

Irma L. Netting
irma@lemmonlawfirm.com

Scott J. Falgoust
scott@lemmonlawfirm.com

Harry T. Lemmon
*of Counsel*

expert reports and depositions, there are some facts and witnesses known to the parties that should be disclosed during discovery.

Only the issues to be revealed by experts, like specific damages, should be delayed until expert discovery is complete.  For example, while the expert reports and medical testimony might attempt to identify other potential causes of the lack of hair regrowth for a particular cancer patient, the responsibility for and failure to update a particular label is a *fait accompli*.   The PSC is entitled to know, before the close of discovery, who defendants may attempt to blame for not updating the labels.  The PSC must properly prepare their case and properly select witnesses for trial.

The PSC raises one additional issue (the Hospira discovery deadline) that will be briefed separately due to technology problems at the drafter's office so that those defendants affected by the other issues are able to draft their responses.


Sincerely,


Andrew A. Lemmon


AAL/aa