# EXHIBIT 2



## Tucker Ellis | LLP

950 Main Avenue, Suite 1100 | Cleveland, OH 44113-7213 | TEL 216.592.5000 | FAX 216.592.5009

February 12, 2020

DIRECT DIAL  216.696.2286 | julie.callsen@tuckerellis.com

**VIA EMAIL**

The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street
Room B419
New Orleans, Louisiana 70130

*Re: In re: Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740 – Accord, Hospira, and Sandoz's Response to the PSC's February 11, 2020 Submission to the Court*

Dear Judge North:

The only issue that Plaintiffs have raised regarding Accord Healthcare, Inc. and Sandoz Inc. is a vague complaint that these defendants have not adequately identified in written discovery responses "third parties who they may seek to blame at trial." PSC Ltr. at 1. The PSC makes the same complaint as to Hospira. But Plaintiffs do not even provide the Court with the discovery objections and responses about which they appear to complain, much less demonstrate that any objection is improper or that any response is insufficient. Defendants attach their responses here and submit that they have adequately responded and properly reserved their rights to supplement based on additional discovery in these trial cases, including expert discovery, which has not yet commenced.

The discovery requests to which Plaintiffs refer are the following as served in each of the three trial cases at issue (*Stewart* for Sandoz, *Sanford* for Hospira, and *Hughes* for Accord):

| | |
|---|---|
| Plaintiff's Interrogatory No. 1 | Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing or trial of this matter for the damages identified by [Plaintiff] in this litigation. |
| Plaintiff's Interrogatory No. 2 | Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony. |
| Plaintiff's Request for Production No. 1 | For every person or entity identified in response to Interrogatory No. 1, produce all DOCUMENTS that YOU believe support such a finding of fault or liability. |

As set forth in each Defendant's responses, Defendants have disclosed responsive information and reserve the right to supplement their responses in accordance with CMO 14 and 14D. *See* Defendants' Supplemental Responses to Trial Pool Plaintiff Interrogatories and Requests for Production, attached as **Exhibits A, B, C**.

Further, Defendants have properly objected to the extent that Plaintiffs' requests seek privileged information or attorney work product, such as attorney impressions about any person or entity to "whom [Defendant] *may attempt*" to attribute fault or liability. *See, e.g.*, *Ingraham v. Planet Beach Franchising Corp.*, No. CIV.A. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) ("[T]his exhibit . . . clearly includes the mental impressions of the attorney . . . specifically her thoughts on the viability of a potential defense . . . [t]his is clearly protected as opinion work-product.").

CHICAGO   CLEVELAND   COLUMBUS   HOUSTON   LOS ANGELES   SAN FRANCISCO   ST. LOUIS | tuckerellis.com



Finally, discovery is ongoing and Plaintiffs have not yet served any expert reports or opinions in these cases.  As Plaintiffs acknowledge, "there may be some parties and facts that may come to light during the expert reports and depositions."  PSC Ltr. at 2.  Defendants' objections to the requests as premature and their reservation of their right to supplement their responses are therefore appropriate.

Accordingly, this Court should deny Plaintiffs' request as to Defendants' discovery responses.

Sincerely,

TUCKER ELLIS LLP

GREENBERG TRAURIG LLP

/s/JULIE A. CALLSEN
JULIE A. CALLSEN
ON BEHALF OF ACCORD
HEALTHCARE, INC.

/s/BETH K. TOBERMAN
BETH K. TOBERMAN
ON BEHALF OF SANDOZ INC.

DECHERT LLP

/s/MARA CUSKER GONZALEZ
MARA CUSKER GONZALEZ
ON BEHALF OF HOSPIRA, INC., HOSPIRA
WORLDWIDE, LLC, FORMERLY DOING
BUSINESS AS HOSPIRA WORLDWIDE, INC.
AND PFIZER INC.

Enclosure
cc:   Andrew Lemmon (andrew@lemmonlawfirm.com)
       John Gomez (john@thegomezfirm.com)
       Lindsay Stevens (lstevens@thegomezfirm.com)
       John Olinde (olinde@chaffe.com)
       Douglas Moore (dmoore@irwinllc.com)
       Palmer Lambert (plambert@gainsben.com)
       Dawn Barrios (barrios@bkc-law.com)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

**THIS DOCUMENT RELATES TO**
*Wanda Stewart v. Sandoz Inc., et al.*
Civil Case No. 2:17-cv-10817

## DEFENDANT SANDOZ INC.'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO TRIAL POOL PLAINTIFF WANDA STEWART'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Case Management Order No. 7, Defendant Sandoz Inc. ("Sandoz") hereby answers, responds, and objects to Plaintiff's Interrogatories ("Answers") and Requests for Productions ("Responses") as follows. As discovery in this matter is ongoing, Sandoz reserves the right to amend, supplement, modify or change its Answers and Responses.

## PRELIMINARY STATEMENT

Plaintiff's Interrogatories and Requests for Production of Documents arise from product liability cases consolidated in MDL 2740 for coordinated pretrial proceedings pursuant to 28 B.SC. § 1407, before the Honorable Jane T. Milazzo in the United States District Court for the Eastern District of Louisiana. The action involves FDA-approved prescription chemotherapy medications known by the brand name, Taxotere®, or the generic name docetaxel - the active ingredient in Taxotere®. The entity that holds the original New Drug Application (NDA) for Taxotere® is Sanofi-Aventis U.S. LLC ("Sanofi"). Sanofi's NDA for Taxotere®, NDA No. 020449, was approved by the FDA on May 14, 1996.

## SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing of trial of this matter for the damages identified by Ms. Stewart in this litigation.

**ANSWER:**

To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order No. 14 – Trial Scheduling Order. Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter. Sandoz further states that Plaintiff's claims are barred, and/or reduced by alternative causes for the damages claimed, including the fault of Plaintiff and/or another manufacturer of the docetaxel product taken by Plaintiff other than Sandoz, if any.

Beyond this, Sandoz objects to this Interrogatory on the basis it exceeds the scope of permissible discovery and seeks to improperly shift Plaintiff's burden of proof of product identification onto Sandoz. Amended Pretrial Order No. 22 requires each Plaintiff to submit a complete and verified Plaintiff Fact Sheet ("PFS") to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS contains questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1. Sandoz further objects to this Interrogatory as premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's treating physicians,

Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz also objects to this Interrogatory to the extent it calls for a legal conclusion. Finally, Sandoz objects to this Interrogatory to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.

**SUPPLEMENTAL ANSWER:**

**To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order Nos. 14 and 14D (or any subsequently entered Orders supplementing or amending the same). Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter, particularly the depositions of Plaintiff and Plaintiff's treating physicians, which are all equally available to Plaintiff. Sandoz further states that Plaintiff's claims are barred, and/or reduced by alternative causes for the damages claimed, including potentially the fault of Plaintiff.**

**Beyond this, Sandoz objects to this Interrogatory on the basis it exceeds the scope of permissible discovery and is premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's relevant treating physicians, Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz also objects to this Interrogatory to the extent it calls for a legal conclusion. Finally, Sandoz objects to this**

**Interrogatory to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.**

**Interrogatory No. 2:**

Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony.

**ANSWER:**

To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order No. 14 – Trial Scheduling Order. Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter. Sandoz further identifies Plaintiff Wanda Stewart.

Beyond this, Sandoz objects to this Interrogatory on the basis it exceeds the scope of permissible discovery and seeks to improperly shift Plaintiff's burden of proof of product identification onto Sandoz. Amended Pretrial Order No. 22 requires each Plaintiff to submit a complete and verified PFS to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS contains questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1. Sandoz further objects to this Interrogatory as premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's treating physicians, Sandoz has not received all medical records

14

regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz also objects to this Interrogatory to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.

**SUPPLEMENTAL ANSWER:**

**To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order Nos. 14 and 14D (or any subsequently entered Orders supplementing or amending the same). Additionally, Sandoz states that information regarding witnesses whom Sandoz may call to testify at a hearing or at trial may be found in the Preliminary Witness List served by Sandoz on November 21, 2019, or any subsequent supplemental or amended versions thereof. Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter. Sandoz further identifies Plaintiff Wanda Stewart.**

**Beyond this, Sandoz objects to this Interrogatory on the basis it exceeds the scope of permissible discovery and is premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's treating physicians, Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz also objects to this Interrogatory to the extent it seeks information or materials protected by the attorney-**

**client privilege, the attorney work product doctrine, or other applicable privileges and immunities.**

**Interrogatory No. 3:**

Identify and describe the factual and medical basis for every alternative cause of Ms. Stewart's HAIR LOSS that YOU may offer at a hearing or trial in this matter, including:

a. any product use or medical condition for the alleged alternative cause of her HAIR LOSS;
b. the start date of alleged alternate medical cause of her HAIR LOSS;
c. the start date of alleged product use alternate cause of her HAIR LOSS; and
d. if the alternate cause of her HAIR LOSS is not alleged to be due to product use or a medical condition, the start of her HAIR LOSS and the precipitating condition.

**ANSWER:**

To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order No. 14 – Trial Scheduling Order. Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter. Sandoz further refers Plaintiff to the broad body of publicly available scientific and medical literature which contains information regarding alternative causes of hair loss. It is commonly known, based on such widely available literature, that hair loss may be caused by several factors or conditions, including, but not limited to, age, genetics, hormones, dietary or vitamin deficiencies, stress, trauma, autoimmune disorders, infection or bacteria, illness or disease, hair care or treatment, various medications including other chemotherapy drugs, as well as other medical conditions.

Beyond this, Sandoz objects to this Interrogatory as premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of

**ANSWER:**

Sandoz incorporates by reference its Answer to Interrogatory No. 1.

**SUPPLEMENTAL ANSWER:**

**Sandoz states this Interrogatory exceeds the scope of permissible discovery and seeks to improperly shift Plaintiff's burden of proof of product identification onto Sandoz. Amended Pretrial Order No. 22 requires each Plaintiff to submit a complete and verified Plaintiff Fact Sheet ("PFS") to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS contains questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1. Subject to and without waiving those objections, Sandoz states that Plaintiff has produced a signed statement from her oncology provider and records of her chemotherapy treatment that identify Sandoz' docetaxel as the docetaxel product used, and Sandoz is not aware of any information or documents that would refute these documents at this time.**

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**Request No. 1:**

For every person or entity identified in response to Interrogatory No. 1, produce all DOCUMENTS that YOU believe support such a finding of fault or liability.

**RESPONSE:**

To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order No. 14 – Trial Scheduling

Order. Sandoz states that further information responsive to this Request, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter and that are equally available to Plaintiff.

Beyond this, Sandoz objects to this Request on the basis it exceeds the scope of permissible discovery and seeks to improperly shift Plaintiff's burden of proof of product identification onto Sandoz. Amended Pretrial Order No. 22 requires each Plaintiff to submit a complete and verified PFS to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS contains questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1. Sandoz further objects to this Request as premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's treating physicians, Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz further objects to this Request to the extent it calls for a legal conclusion. Finally, Sandoz objects to this Request to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.

**SUPPLEMENTAL RESPONSE:**

**To the extent Interrogatory No. 1 – and therefore this Request – seek discovery into matters calling for expert opinions, additional documents and information responsive to this Request may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order Nos. 14 and 14D (or any subsequently entered Orders**

supplementing or amending the same). **Sandoz states that further documents and information responsive to this Request, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter, and particularly the transcripts of the depositions of Plaintiff and Plaintiff's treating physicians, which are equally available to Plaintiff.**

**Beyond this, Sandoz objects to this Request on the basis it exceeds the scope of permissible discovery and is premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's treating physicians, Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz further objects to this Request to the extent it calls for a legal conclusion. Finally, Sandoz objects to this Request to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.**

**Request No. 2:**

Produce every DOCUMENT that supports any claim you make that the Docetaxel product taken by Ms. Stewart was manufactured by someone other than YOU.

**RESPONSE:**

Sandoz refers Plaintiff to Plaintiff's medical records produced in this litigation and transcripts of all depositions taken or to be taken in this matter and that are equally available to Plaintiff.

Beyond this, Sandoz objects to this Request as premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of

21

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | Section "H" (5) |
| THIS DOCUMENT RELATES TO: | JUDGE JANE MILAZZO MAG. JUDGE NORTH |
| DORA SANFORD, | |
| Plaintiff, | |
| v. | Civil Case No. 2:17-cv-09417 |
| HOSPIRA, INC., and HOSPIRA WORLDWIDE, LLC f/k/a HOSPIRA WORLDWIDE, INC., | |
| Defendants. | |

**HOSPIRA, INC. AND HOSPIRA WORLDWIDE, LLC'S SUPPLEMENTAL AND AMENDED RESPONSE AND OBJECTIONS TO TRIAL POOL PLAINTIFF DORA SANFORD'S INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34 and Case Management Order No. 7, Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. (together, "Hospira" or the "Hospira Defendants"), through undersigned counsel, hereby provide supplemental and amended objections and responses to Interrogatories Nos. 1 and 2 in Trial Pool Plaintiff Dora Sanford's Interrogatories and Requests for Production, dated March 8, 2019.

Hospira incorporates herein by reference: the Preliminary Statement set forth in the Hospira Defendants' and Pfizer's Responses and Objections to Plaintiffs' First Set of Requests for Production, which Hospira served on February 8, 2018, and Plaintiffs' Second Set of Requests for Production, which Hospira served on June 21, 2019; and the Objections to Instructions and Definitions set forth in Defendant Hospira Worldwide, LLC's Response and Objections to

1

Plaintiffs' First Set of Interrogatories, served on October 1, 2018, Supplemental and Amended Response and Objections, served on November 15, 2018, Second Supplemental and Amended Response and Objections, served on April 1, 2019, and Third Supplemental and Amended Response and Objections, served on April 22, 2019.

In providing supplementary responses and objections to these Interrogatories, Hospira does not waive: (A) the right to challenge all questions as to competency, relevancy, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceeding or in the trial of this or any other action; (B) the right to object to the use of any of these responses or objections, or the subject matter thereof, in any subsequent proceeding or in the trial of this or any other action; or (C) the right to elicit appropriate evidence, beyond these responses or objections, regarding the subjects referred to in or in response to any discovery request.

Hospira believes the responses herein to be accurate as of the date made and based upon the information and materials currently available.   Hospira reserves the right to amend, supplement, modify, or change its responses as its investigation and discovery in these lawsuits continue.

<u>**SUPPLEMENTAL AND AMENDED RESPONSE AND OBJECTIONS TO INTERROGATORIES NOS. 1 & 2**</u>

**<u>INTERROGATORY NO. 1</u>:**

Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing of trial of this matter for the damages identified by Ms. Sanford in this litigation.

**<u>ANSWER</u>**

Hospira objects to this Interrogatory as premature at this stage of the litigation as discovery in Plaintiff Dora Sanford's case is ongoing.   Hospira further objects to this Interrogatory as premature at this stage of the litigation to the extent it seeks information that falls within the scope

of expert discovery, which has not yet begun in this case.  In addition, Hospira objects to this Interrogatory to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.

Subject to and without waiver of the foregoing objections, Hospira states that Plaintiff's claims are barred and/or reduced by alternative causes for the damages claimed, including the fault of Plaintiff and/or other manufacturer(s) of the docetaxel products taken by Plaintiff other than Hospira.  To the extent this Interrogatory seeks information that falls within the scope of expert discovery, Hospira will supplement its response to this Interrogatory as appropriate pursuant to applicable Court rules and orders, including scheduling orders.

**INTERROGATORY NO. 2:**

Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony.

**ANSWER**

Hospira objects to this Interrogatory as premature at this stage of the litigation as discovery in Plaintiff Dora Sanford's case is ongoing.  Hospira further objects to this Interrogatory as premature at this stage of the litigation to the extent it seeks information that falls within the scope of expert discovery, which has not yet begun in this case.

Subject to and without waiver of the foregoing objections, Hospira refers Plaintiff to its supplemental response to Interrogatory No. 1 and to Hospira's Preliminary Witness List, served on November 21, 2019, which identifies witnesses Hospira may call to testify at trial.  Hospira may supplement its response to this Interrogatory as appropriate pursuant to applicable Court rules and orders, including scheduling orders.

Dated: February 6, 2020

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Alice D. Hughes v. Accord Healthcare, Inc., et al.* *Case No. 2:17-cv-11769* | : : : : | |

**SECOND SUPPLEMENTAL RESPONSES TO TRIAL POOL PLAINTIFF ALICE HUGHES'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ACCORD HEALTHCARE, INC.**

Defendant Accord Healthcare, Inc. ("Accord") submits its second set of supplement objections and responses as follows to Plaintiff Alice Hughes's Interrogatories and Requests for Production.

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

1.      Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing or trial of this matter for the damages identified by Ms. Hughes in this litigation.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

2.      Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony.

**SUPPLEMENTAL RESPONSE:**

See Accord's Preliminary Witness List, served November 21, 2019, scheduled to be updated on August 5, 2020. Accord is unable to fully respond as it has not yet received

Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules.  Further, Accord stands on its objection to the extent this Interrogatory seeks information or materials protected by the attorney work product doctrine.

3.    Identify and describe the factual and medical basis for every alternative cause of Ms. Hughes's HAIR LOSS that YOU may offer at a hearing or trial in this matter, including:

    b.    any product use or medical condition for the alleged alternative cause of her HAIR LOSS;
    c.    the start date of alleged alternate medical cause of her HAIR LOSS;
    d.    the start date of alleged product use alternate cause of her HAIR LOSS; and
    e.    if the alternate cause of her HAIR LOSS is not alleged to be due to product use or a medical condition, the start of her HAIR LOSS and the precipitating condition.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

4.    Identify and describe the factual and medical basis for any claim YOU may make that Ms. Hughes's HAIR LOSS was caused in whole or in part by one or more chemotherapy medicine identified in the Plaintiff Fact Sheet.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

5.    If you contend that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU, identify that manufacturer and state the factual basis for such contention.

**SUPPLEMENTAL RESPONSE:**

Accord does not so contend.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

1. For every person or entity identified in response to Interrogatory No. 1, produce all DOCUMENTS that YOU believe support such a finding of fault or liability.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to identify any such documents at this time as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Request to the extent it seeks information or materials protected by the attorney work product doctrine.

2. Produce every DOCUMENT that supports any claim you make that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU.

**SUPPLEMENTAL RESPONSE:**

N/A

3. Produce all medical records you may allege support a claim of alternative medical, product use, or other precipitating cause of Ms. Hughes's HAIR LOSS.

**SUPPLEMENTAL RESPONSE:**

Accord refers Plaintiff to her own medical records. Upon the receipt of Plaintiff's expert report(s), Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules.


Dated: February 6, 2020                    Respectfully Submitted,

                                           */s/ Julie A. Callsen*
                                           Julie A. Callsen
                                           Brenda A. Sweet
                                           TUCKER ELLIS LLP
                                           950 Main Avenue, Suite 1100
                                           Cleveland, OH  44113-7213
                                           Telephone:    216.592.5000
                                           Facsimile:    216.592.5009
                                           Email:        julie.callsen@tuckerellis.com
                                                         brenda.sweet@tuckerellis.com

                                           *Attorneys for Defendant Accord Healthcare,
                                           Inc.*