# EXHIBIT 3

```
 1                       UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************
     IN RE: TAXOTERE (DOCETAXEL)           MDL NO. 2740
 4   PRODUCTS LIABILITY LITIGATION         SECTION "H" (5)
                                           THURSDAY, FEBRUARY 13, 2020
 5   This document relates to:
     All cases
 6   ****************************************************************

 7

 8                    TRANSCRIPT OF DISCOVERY CONFERENCE
                HEARD BEFORE THE HONORABLE MICHAEL B. NORTH
 9                    UNITED STATES MAGISTRATE JUDGE

10

11   APPEARANCES:

12
     FOR THE PLAINTIFFS:           M. Palmer Lambert, Esquire
13                                 GAINSBURGH, BENJAMIN, DAVID,
                                      MEUNIER & WARSHAUER
14                                 1100 Poydras Street, Suite 2800
                                   New Orleans, LA  70163
15

16                                 Andrew A. Lemmon, Esquire
                                   LEMMON LAW FIRM
17                                 650 Poydras Street, Suite 2335
                                   New Orleans, LA  70130
18

19                                 Lawrence J. Centola, Esquire
                                   MARTZELL, BICKFORD & CENTOLA
20                                 338 Lafayette Street
                                   New Orleans, LA  70130
21

22                                 Christopher L. Coffin, Esquire
                                   PENDLEY, BAUDIN & COFFIN
23                                 1100 Poydras Street, Suite 2505
                                   New Orleans, LA  70163
24

25


                            OFFICIAL TRANSCRIPT
```


```
 1  APPEARANCES CONTINUED:

 2

 3  FOR THE DEFENDANTS:            Julie A. Callsen, Esquire
                                   TUCKER ELLIS, LLP
 4                                 950 Main Avenue, Suite 1100
                                   Cleveland, OH  44113
 5

 6                                 Kelly E. Brilleaux, Esquire
                                   IRWIN, FRITCHIE, URQUHART & MOORE
 7                                 400 Poydras Street, Suite 2700
                                   New Orleans, LA  70130
 8

 9                                 Kathleen E. Kelly, Esquire
                                   HINSHAW & CULBERTSON
10                                 53 State Street, 27th Floor
                                   Boston, MA  02109
11

12                                 Harley V. Ratliff, Esquire
                                   SHOOK, HARDY & BACON
13                                 2555 Grand Boulevard
                                   Kansas City, MO  64108
14

15                                 Mara Cusker Gonzalez, Esquire
                                   DECHERT, LLP
16                                 Three Bryant Park
                                   1095 Avenue of the Americas
17                                 New York, NY  10036

18
                                   Evan C. Holden, Esquire
19                                 GREENBERG TRAURIG
                                   Terminus 200
20                                 3333 Piedmont Road NE, Suite 2500
                                   Atlanta, GA  30305
21

22
                                   John F. Olinde, Esquire
23                                 CHAFFE, McCALL
                                   1100 Poydras Street, Suite 2300
24                                 New Orleans, LA  70163

25


                          OFFICIAL TRANSCRIPT
```

```
 1  APPEARANCES CONTINUED:

 2

 3  FOR THE DEFENDANTS:            Richmond T. Moore, Esquire
                                   WILLIAMS & CONNOLLY
 4                                 725 Twelfth Street N.W.
                                   Washington, D.C.  20005
 5

 6

 7  PARTICIPATING BY PHONE:

 8                                 Michael J. Suffern, Esquire
                                   ULMER & BERNE
 9                                 600 Vine Street, Suite 2800
                                   Cincinnati, OH  45202
10

11

12

13

14

15  Official Court Reporter:       Alexis A. Vice, CCR, RPR, CRR
                                   500 Poydras Street, HB-275
16                                 New Orleans, LA  70130
                                   (504) 589-7777
17                                 Alexis_Vice@laed.uscourts.gov

18

19

20  PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
    PRODUCED BY COMPUTER.
21

22

23

24

25


                         OFFICIAL TRANSCRIPT
```

| | |
|---|---|
| 1 | P-R-O-C-E-E-D-I-N-G-S |
| 2 | THURSDAY, FEBRUARY 13, 2020 |
| 3 | (DISCOVERY CONFERENCE) |
| 4 | |
| 5 | THE COURT: Good morning, everybody.  Y'all can have a |
| 6 | seat. |
| 7 | All right, the first issue I'll address is the issue |
| 8 | of the testimony of this witness Zboril.  I've reviewed the |
| 9 | testimony that was included with both submissions, and I don't |
| 10 | think that any additional questioning or testimony of this |
| 11 | witness is appropriate.  The witness clearly testified as to |
| 12 | her appreciation of the term "alopecia" at the time that |
| 13 | Hospira submitted its label dossier long before this litigation |
| 14 | was begun or before any counsel that I'm aware of became |
| 15 | involved. |
| 16 | Additionally, she testified that her understanding or |
| 17 | definition of the term was the product of her background as a |
| 18 | pharmacist, a fact that even the PSC acknowledged in its |
| 19 | submission when it said that the witness was firm in her belief |
| 20 | as a pharmacist in what the word meant. |
| 21 | I don't think you can bootstrap any relevance this |
| 22 | idea that lawyers fed her some definition by asking as the |
| 23 | threshold question, "Did anybody ever tell you that in |
| 24 | connection with this litigation?"  That was the first question |
| 25 | that was asked of the witness that we started down this path. |

1  That question screams for the disclosure of privileged
2  communications.  I think the objection was entirely
3  appropriate, and for that reason, I don't think any additional
4  testimony or questioning on that witness is appropriate.
5           Anything to -- it probably won't change my mind, but
6  if you want to --
7           MR. LEMMON:  No.  Well, one thing I just wanted to say
8  is I didn't mean to misrepresent that she was a former
9  employee.  I just made an honest mistake.
10          THE COURT:  No, and that's fine.  It happens.  I mean
11 I know that you-all are going fast and furious.
12          MR. LEMMON:  It's a mistake in my notes actually.  I
13 went back to my notes.  It says that in my notes, but anyhow.
14          Obviously, the question that I wanted answered is
15 what Hospira meant by that.
16          THE COURT:  Well, I think you have to ask Hospira that
17 question.
18          MR. LEMMON:  Right.
19          THE COURT:  I mean as an individual witness in her
20 role as a pharmacist for the company back in 2010 when this
21 happened, she testified what her appreciation of the word was,
22 and she testified it was based on her own background.  So I
23 think that that's as much as you're going to get from her.
24          MR. LEMMON:  She's probably the wrong witness.
25          THE COURT:  Okay, all right.  The next issue is the

OFFICIAL TRANSCRIPT

1  identification of what I'll call third-party tortfeasors.  I
2  read the discovery requests themselves which were a good deal
3  broader than what I am told in the PSC submission it is that
4  they're actually looking for.  In the PSC submission, they
5  suggest to the Court that they're only seeking the
6  identification of third parties that the 505(b)(2) defendants
7  may suggest at trial are responsible for failing to update the
8  labels.
9              MR. LEMMON:  Your Honor, what I was meaning in saying
10 that is that in this instance, like right now prior to expert
11 testimony, we realize that some things will come out from
12 experts.  But if they're going to blame Sanofi, for example, or
13 if they're going to blame the FDA or if they're going to blame
14 their own third-party contractor or if they're going to blame,
15 you know, one of their own foreign entities, I mean we need to
16 know that so that we can take discovery of those entities
17 during the discovery period.
18             THE COURT:  So I think as to that discrete issue, my
19 instinct is that that information is properly requested and
20 ought to be shared at this point.  Those are, you know, unlike
21 other exposures or other pharmaceuticals that plaintiffs have
22 taken that are more appropriately subject to the expert
23 testimony.  I think to the extent that this is not uncommon
24 discovery in garden variety tort cases, and that's what this
25 boils down to, I think, in the context of this request.

                         OFFICIAL TRANSCRIPT

1       If the defendants intend to argue that other third
2  parties are responsible for this particular omission in failing
3  to update a label, I think that information ought to be
4  provided, and it need not await the disclosure of expert
5  reports.
6       MS. CALLSEN: Your Honor, Julie Callsen on behalf of
7  the 505(b)(2)'s.  You know, I understand their position.  But
8  we're defendants.  I mean we're not in the -- we're kind of not
9  in the business of blaming other people.
10       THE COURT: Oh, I don't know about that.
11       MS. CALLSEN: So, well, in general --
12       THE COURT: Then that's your answer.
13       MS. CALLSEN: Correct.
14       THE COURT: If your answer is -- hold on.  If your
15  answer is we do not currently intend to suggest to a jury that
16  anyone else is responsible for updating the label and we intend
17  to contend that neither are we, then that's your answer.  But
18  it's very clear what the PSC is asking for.
19       If any of these defendants intend to put on a
20  comparative fault type defense and point to other entities as
21  being -- whether they're parties or third parties -- as being
22  responsible for failing to take steps to update a label that
23  they claim should have been updated, they're entitled to know
24  who those entities are; so they can conduct the appropriate
25  discovery of those entities, as a matter of fact, what they

1  know, what their responsibilities were.  I don't think it's
2  that complicated.
3        If you-all don't plan to suggest that there's a
4  comparative fault element to your defense, then that can be the
5  response to the interrogatories and request for production.
6        MS. CALLSEN: Understood.  The interrogatories as
7  phrased ask for people we do intend to blame, not everybody
8  we've ruled out, so I guess.
9        THE COURT: Just to be clear, the first thing I said
10 was the interrogatories were much broader --
11       MS. CALLSEN: Okay.
12       THE COURT: -- in scope than what it is I'm being told
13 now they're really looking for.  So my minute entry is only
14 going to reflect that entities that the 505(b)(2) defendants
15 currently intend to suggest to the jury are responsible for
16 failing to update the appropriate labels are to be identified.
17 That's it, very narrow.
18       MS. CALLSEN: Okay, understood.  Understood, thank
19 you.
20       MR. LEMMON: Thank you.
21       THE COURT: All right.  Finally, I remain unconvinced
22 that the general discovery deadline needs to be extended.  It's
23 pretty simple.
24       And I understand that you-all have visited with
25 Judge Milazzo before, after, during the last time that we

OFFICIAL TRANSCRIPT

1  talked about it and that she agreed.  At some point -- and this
2  is not to put the matter off on Judge Milazzo.  But at some
3  point, if you-all get to a point where you think it's that big
4  of a deal, I think it's most appropriately brought up with her.
5           The schedule was built by Judge Milazzo.  It was
6  constructed by her in consultation with you-all.  And I don't
7  think that it would be appropriate for me to jump in at this
8  late date and start extending periods for discovery really by
9  any period, but certainly as much as 90 days into expert
10 discovery.  So I'm not going to extend the discovery period.
11          If you-all think it's that big of a deal -- and maybe
12 there's somebody next-door right now doing it.  I was told
13 yesterday that we have simultaneous hearings going on with
14 Judge Milazzo and with me.  But if you-all think it's that much
15 of an issue, I suggest you raise it with her.  I'm not inclined
16 to mess around with her schedule at this point.
17          All right, anything else?
18          MR. LEMMON: Your Honor, there is another issue that
19 is percolating with Accord in particular.  It may be addressed
20 through the answers to the interrogatories.  I'm not sure, but
21 anyhow.
22          THE COURT: I'm happy to address something by
23 telephone if you-all give me a heads-up.
24          MR. LEMMON: Okay.
25          THE COURT: If you want to address something because

OFFICIAL TRANSCRIPT

1  of the pending discovery deadline before the next time we get
2  together, just send me an email, and we'll do it by phone.
3              MR. LEMMON: Great.  That was all I was going to ask
4  was for a date.
5              MS. CALLSEN: I would just appreciate knowing what the
6  issue is before I can respond.
7              THE COURT: Well, y'all can talk offline as they say.
8              MS. CALLSEN: All right, thank you.
9              THE COURT: Again, I'll leave it up to you-all to
10 decide when we need to do this again.  And just get dates from
11 Blanca, and we'll go from there.
12             All right, thank y'all.
13             (Whereupon this concludes the proceedings.)
14
15
16                           **CERTIFICATE**
17    I, Alexis A. Vice, RPR, CRR, Official Court Reporter for
18 the United States District Court, Eastern District of
19 Louisiana, do hereby certify that the foregoing is a true and
20 correct transcript, to the best of my ability and
21 understanding, from the record of the proceedings in the
22 above-entitled and numbered matter.
23
24                              */s/Alexis A. Vice, RPR, CRR*
                                Alexis A. Vice, RPR, CRR
25                              Official Court Reporter

                          OFFICIAL TRANSCRIPT