UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DR. AZAEL FREITES-MARTINEZ

The party offering expert testimony bears the burden of establishing its admissibility. *Seaman v. Seacore Marine L.L.C.*, 326 F. App'x 721, 724 (5th Cir. 2009); *U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003). Sanofi offers little beyond its conclusory statements to demonstrate Dr. Freites-Martinez's qualifications. The issue before this Court is whether Dr. Freites-Martinez has the knowledge, training and experience as an onco-dermatologist to determine the genesis and extent of Mrs. Kahn's permanent alopecia, or generally.[1] Plaintiff respectfully submits that Dr. Freites-Martinez does not have the requisite expertise and should not be allowed to offer any case-specific opinions with respect to Mrs. Kahn.

Recognizing that "[s]imply having a medical degree or training is insufficient expertise to establish causation which hinges on factors such as 'dosage, duration of dosage and latency periods,'" the court in *Sutera v. Perrier Group of America Inc.* found that an oncologist and hematologist was not qualified to testify as an expert witness with respect to causation in a products liability action where the physician had no expertise in epidemiology, toxicology, biostatistics or

---

[1] Sanofi notes in its opposition that Plaintiff concedes Dr. Freites-Martinez's opinions are reliable and relevant. This is a gross overstatement. Plaintiff does not address the reliability of Dr. Freites-Martinez's opinions because he does not have the necessary experience to offer expert opinions to begin with.

1

risk-assessment. 986 F. Supp. 655, 667 (D. Mass. 1997). The *Sutera* holding is equally applicable in the present matter. Dr. Freites-Martinez's limited experience in general dermatology, and almost no practical experience in onco-dermatology, is insufficient to qualify him as an expert offering case specific testimony. *See Whiting v. Boston Edison Co.*, 891 F.Supp. 12, 24 (D. Mass. 1995) ("Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease."); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 987 (5th Cir. 1997); *Wilson v. Woods*, 163 F.3d 935, 938 (5th Cir. 1999) (affirming the district court's refusal to qualify a witness as an expert where the witness's expertise "was no greater than that of any other individual with a general scientific background.").

Here, Sanofi attempts to offer Dr. Freites-Martinez as an onco-dermatology expert. Dr. Freites-Martinez is *not* a licensed medical doctor in the United States and is *not* legally allowed to operate as a onco-dermatologist or dermatologist in the United States. Dr. Freites-Martinez was not licensed, *i.e.* not legally allowed to practice medicine, in *any* country prior to beginning private practice in the Canary Islands in July 2018.[2]

Further, despite Sanofi's attempts to characterize "*his* research" and "*his* publications" differently, all of Dr. Freites-Martinez's publications related to onco-dermatology are a direct result of his research fellowship with Dr. Mario Lacouture.[3] Moreover, Dr. Freites-Martinez's curriculum vitae demonstrates that he has not published in the peer reviewed medical literature

---

[2] Rec. Doc. 11355-4, Curriculum Vitae of Azael Freites-Martinez, M.D., ("Freites-Martinez CV"); Dr. Freites-Martinez Dep., 10/20/20 at 125:23-126:12 [Rec. Doc. 11355-3]; *see also*, Exhibit A, Dr. Freites-Martinez Dep., 10/20/20 at 127:6-128:5, 118:10-123:10.

[3] Freites-Martinez CV; *see also*, Dr. Freites-Martinez Dep., 10/20/20 at 59:2-9, 59:21-60:3, [Rec. Doc. 11355-3]. Notably, Sanofi identifies Dr. Freites-Martinez's fellowship as a medical fellowship in its opposition. However, even Dr. Freites-Martinez acknowledged his fellowship was researched based.

concerning PCIA outside of his two-year research fellowship with Dr. Lacouture, and he admits as much.[4] Dr. Freites-Martinez has never independently written an article regarding PCIA, and has not done any independent study or testing.[5]

Sanofi identifies several publications that Dr. Freites-Martinez was able to participate in because of his research fellowship with Dr. Lacouture and attempts to recharacterize them as Dr. Freites-Martinez's own work. This is disingenuous and something even Dr. Freites-Martinez himself admits stemmed from his research fellowship with Dr. Lacouture.[6] Moreover, the first article Sanofi draws the Court's attention to is about adverse events generally, and is not related specifically to alopecia at all.[7] And the CMEs listed on Dr. Freites-Martinez's curriculum vitae were all funded through grants to Dr. Lacouture, not Dr. Freites-Martinez.[8] While listed as a co-author, the research and publication are a product of Dr. Lacouture's work and research grants, not Dr. Freites-Martinez's. Importantly, none of the publications that Sanofi lists in its opposition include "hundreds of examinations and diagnoses by Dr. Freites-Martinez of patients with persisting hair loss after cancer treatment," as represented by Sanofi.[9] The articles referenced in Sanofi's opposition do not document *any* patient interaction by the authors, and specifically none by Dr. Freites-Martinez.[10] Sanofi's representations in this regard are simply false, and are made

---

[4] Freites-Martinez CV; *see also*, Dr. Freites-Martinez Dep., 10/20/20 at 71:3-12, [Rec. Doc. 11355-3].

[5] Freites-Martinez CV.

[6] Dr. Freites-Martinez Dep., 10/20/20 at 59:2-9, 59:21-60:3, [Rec. Doc. 11355-3].

[7] Rec. Doc. 11415, at 6, n.17.

[8] Ex. A, Dr. Freites-Martinez Dep., 10/20/20 at 61:14-22.

[9] Rec. Doc. 11415, at 5, n.9 and 10. ("Those publications reflect hundreds of examinations and diagnoses by Dr. Freites-Martinez of patients with persisting hair loss after cancer treatment.")

[10] Concerning the publications included in Dr. Freites-Martinez's curriculum vitae and cited in Sanofi's Opposition: Article 6 listed in Dr. Freites-Martinez's CV [Rec. Doc. 11355-4, at 4], *Assessment of Quality of Life and Treatment Outcomes of Patients with Persistent Post Chemotherapy Alopecia*, is a retrospective analysis of patient charts from three hospital where Dr. Freites-Martinez does not hold privileges (article attached hereto as Exhibit B, *see* p. 725, "Methods"); Article 12 listed in Dr. Freites-Martinez's CV [Rec.

in a blatant attempt to mislead this Court into believing that Dr. Freites-Martinez actually examined patients whose data was included – if at all – in the various publications.[11] In fact, the two Continuing Medical Education publications were literature based reviews, and did not involve review of individual patient data. The two JAMA articles did include patient data, but only by way of chart review from visits that pre-date Dr. Freites-Martinez beginning his research fellowship by seven years.[12] Such a gross mischaracterization of the obvious facts and circumstances leading to these publications further demonstrates the lengths to which Sanofi will go in an attempt to stretch Dr. Freites-Martinez beyond his clear – albeit minimal – lack of expertise. These clearly false representations concerning Dr Freites-Martinez's experience and qualifications further demand his exclusion.

Sanofi would have this Court believe that a research fellow that had never practiced a single day in an onco-dermatology practice was responsible for and recruited by the American Academy of Dermatology to publish a series of CMEs for practicing doctors, and that the Journal of the

---

Doc. 11355-4, at 5], *Hair disorders in cancer survivors*, is a "journal-based CME," and does not describe *any* patient examinations by the CME authors, and specifically no examinations by Dr. Freites-Martinez (article attached hereto as Exhibit C, *see p.*1199 ); Article 13 listed in Dr. Freites-Martinez's CV [Rec. Doc. 11355-4, at 5], *Hair disorders in patients with cancer*, is another "journal-based CME," and does not describe *any* patient examinations by the CME authors, and specifically none by Dr. Freites-Martinez (article attached hereto as Exhibit D, *see p.*1179); Article 14 listed in Dr. Freites-Martinez's CV [Rec. Doc. 11355-4, at 5*], Endocrine Therapy-Induced Alopecia in Patients with Breast Cancer*, is an article based on "retrospectively identified [patient records from 2009 – 2016] using a hospital wide medical record search and a medical imaging software archive . . ." abstracted from patient medical records (article attached hereto as Exhibit E, *see* p. E2, "Methods"). As a point of fact, Dr. Mario Lacouture, and not Dr. Freites-Martinez, is listed on each of these four publications as the "corresponding author," further distancing Dr. Freites-Martinez from the primary responsibility Sanofi attempts to ascribe to him.

[11] Rec. Doc. 11355-4, at 4-5, Articles 6, 12, 13, and 14.

[12] *See* Ex. B (Article #6 in fn 10), at p. 725; and Ex. A, Freites-Martinez Dep., 205:24-208:3, Dr. Freites-Martinez retrospectively reviewed medical charts, with the assistance of medical students, and photographs. There is no evidence or mention that Dr. Freites-Martinez examined patients related to the publications mentioned in Sanofi's opposition (Rec. Doc. 11415 at 5.)

4

American Medical Association did the same concerning publications in its dermatology journal. The actual facts paint a much different picture.

Despite what Sanofi states, Plaintiff does not allege Dr. Freites-Martinez is not of a proper age or is too young to be an expert. Age is not the issue. The issue is experience (or lack thereof). Dr. Freites- Martinez simply has not had the time to develop this expertise, and he admits as much. According to Dr. Freites-Martinez's own testimony, one does not just open a practice in onco-dermatology; it takes years to develop and build.[13]

Sanofi alleges Dr. Freites-Martinez is qualified to offer expert testimony because he published the largest clinical retrospective analysis on PCIA and endocrine therapy. Yet Dr. Freites-Martinez acknowledged the retrospective nature of the research, stating he reviewed patient charts and did not examine any patients, despite what Sanofi now represents to the Court.[14] Indeed, the publication describes that charts from 2009 to 2016 were reviewed to build the cohort, which would make examination by Dr. Freites-Martinez impossible since he did not begin his research fellowship at Memorial Sloan Kettering until 2016.[15] Nothing in the articles cited in Sanofi's opposition reflect Dr. Freites-Martinez examined any patient; and the very nature of the methods and data utilized to create the publications make it clear he did not.[16]

Sanofi compares Dr. Freites-Martinez to Dr. Tosti and alleges that Dr. Freites-Martinez's qualifications exceed those of Dr. Tosti. Nothing could be farther from the truth. Contrary to Sanofi's assertions, Dr. Antonella Tosti is a world-renowned, hair-specialist/clinical dermatologist

---

[13] Dr. Freites-Martinez Dep., 10/20/20 at 115:10-13, [Rec. Doc. 11355-3] ("It's a lot of work. Do you know how many years I have to spend with Dr. Lacouture to get that? That's a long time.").

[14] Ex. A, Dr. Freites-Martinez Dep., 10/20/20 at 207:7-208:3.

[15] Ex. A, Dr. Freites-Martinez Dep., 10/20/20 at 130:2-11; s*ee also*, Freites-Martinez CV.

[16] *See* n. 10, *supra*.

who has studied PCIA for years.[17] Dr. Tosti has authored over 800 publications dating back to 1979,[18] whereas Dr. Freites-Martinez has a total of 30 publications that he co-authored with others, and virtually all prior to actually entering the active practice of dermatology.[19] Dr. Tosti is a licensed medical doctor in the state of Florida, and in Italy.[20] Dr. Freites-Martinez has been a licensed medical doctor in the Canary Islands since July 2018, and is not licensed in the United States.[21] Dr. Tosti has 40+ years of practice versus Dr. Freites-Martinez having less than 3 years of practice, and he had no actual practice of medicine under his belt when he was Dr. Lacouture's research fellow.[22] Dr. Tosti is a tenured professor in universities on two continents.[23] Dr. Freites-Martinez is not a tenured professor, and only became a part-time associate professor in Madrid in January 2020.[24] Yet Sanofi represents Dr. Freites-Martinez as "one of the world's leading dermatologists specializing in hair disorders involving cancer patients and dermatologic adverse events associated with cancer therapies."[25] Unfortunately, the objective facts of Dr. Freites-Martinez's education, training and experience fall far short of such a grandiose characterization. He is a dermatologist with less than three-years of experience; his positions since entering the active practice of medicine in July 2018 have been in two separate general dermatology practices

---

[17] Rec. Doc. 11377-6, sealed Ex. E to Defendants' Motion to Exclude Expert Testimony of Dr. Antonella Tosti, Expert Report of Dr. Antonella Tosti, M.D., Sept. 15, 2020 ("Tosti Report") at p. 1.

[18] Rec. Doc. 11421-4, sealed Ex. 1 to Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Antonella Tosti, Curriculum Vitae of Dr. Antonella Tosti, M.D., ("Tosti CV").

[19] Freites-Martinez CV.

[20] See https://mqa-internet.doh.state.fl.us/MQASearchServices/HealthCareProviders.

[21] Dr. Freites-Martinez Dep., 10/20/20 at 40:12-15, [Rec. Doc. 11355-3].

[22] See Tosti CV and Freites-Martinez CV.

[23] Tosti CV.

[24] Freites-Martinez CV.

[25] Rec. Doc. 11415, at 1.

in the Canary Islands; and since January 2020, he has spent four to five days a month in Madrid, Spain devoting part of his time to developing an onco-dermatology practice.[26] Giving Dr. Freites-Martinez the benefit of the doubt on the upper end of his estimate (five days a month), he has spent *some portion* of fifty-five days out of his less than three-year career as a practicing dermatologist trying to develop his desired specialty onco-dermatology. Further, and again taking Dr. Freites-Martinez at his word that since beginning his part-time practice in Madrid, Spain that 10% of his time is devoted to his work as an associate professor, this equates to a grand total of five days serving as an associate professor; that is five days in his entire career.[27] That hardly makes him "one of the world's leading dermatologists specializing in hair disorders involving cancer patients."

In addressing the chart Sanofi created comparing Dr. Tosti to Dr. Freites-Martinez, Plaintiff notes the following distinguishing factors: Dr. Freites-Martinez rode the coat tails of Dr. Lacouture to be listed as the first author on any publication; all of Dr. Freites-Martinez's peer reviewed publications are either review articles or retrospective analyses and do not reflect any study author, much less Dr. Freites-Martinez, conducted any physical examinations; there is no evidence Dr. Freites-Martinez is still involved in the longitudinal study mentioned, and he admits that Gregory Phillips, another of Dr. Lacouture's research fellows, took over his work when he left;[28] Dr. Freites-Martinez did not complete a *medical* fellowship, as Sanofi so brazenly states, he completed a *research* fellowship; and Dr. Freites-Martinez has never been licensed to treat patients in any state in the United States, and did not begin his active practice of medicine until July 2018. As

---

[26] Ex. A, Dr. Freites-Martinez Dep., 10/20/20 at 100:4-18.

[27] *Id. at* 108:17-19.

[28] Dr. Freites-Martinez Dep., 10/20/20 at 59:17-20, [Rec. Doc. 11355-3].

7

recounted above, Dr. Tosti has been practicing medicine for nearly 40 years, is a professor at universities on two continents, holds a distinguished professorial chair at the University of Miami, and has published over 800 peer reviewed publications. In reality, Dr. Tosti is a lot more akin to Dr. Lacouture than Dr. Freites-Martinez.

Sanofi's cherry-picked testimony from Dr. Tosti's deposition to suggest that she regards Dr. Freites-Martinez as an expert with regard to PCIA is a falsehood. Dr. Tosti's full testimony dismisses this fiction. When asked if she thought Dr. Freites-Martinez is an expert with regard to chemotherapy regimens and persistent alopecia, Dr. Tosti replied, "I think somehow, he is because he wrote a lot on status, this topic. He's a young doctor, and this is more a review because it's a book."[29] Dr. Tosti was further asked if she considered Dr. Freites-Martinez to be one of the leading authorities in the world about chemotherapy regimens and alopecia, to which she answered "No, I don't think so."[30] Nonetheless, Dr. Tosti's opinion about Dr. Freites-Martinez does not move the needle for Sanofi. The Federal Rules of Civil Procedure, Rule 26, sets out what it takes to be qualified as an expert, and the Federal Rules of Evidence, Rule 702, and *Daubert* establish how courts should scrutinize an expert's qualifications. The stark contrast in qualifications between Dr. Freites-Martinez and Dr. Tosti demonstrates that Dr. Freites-Martinez's limited experience and lack of expertise in the field of onco-dermatology do not qualify him to offer case specific expert opinions with respect to Mrs. Kahn.

Without a doubt, Dr. Freites-Martinez aspires to one day be the onco-dermatologist Sanofi is currently portraying him to be. But onco-dermatology is currently not Dr. Freites-Martinez's area of expertise. Dr. Freites-Martinez's experience as a licensed, practicing physician is limited

---

[29] *Id.* at 11:9-16, [Rec. Doc. 11415-7, at 3].

[30] *Id.* at 11:18-22, [Rec. Doc. 11415-7, at 3].

8

to two years and four months as a general dermatologist in two separate clinics in the Canary Islands (Clinica Vithas Santa Catalina and CEM Fuerteventura), and only since January 2020 has he worked part-time (four to five days a month) as an attending dermatologist and as an associate professor of clinical dermatology in Madrid, Spain.[31]

As in *Sutera*, just because Dr. Freites-Martinez has a foreign medical license, that does not establish his expertise in onco-dermatology. Dr. Freites-Martinez has grand plans to have a specialized practice in onco-dermatology, and is taking steps to develop such a practice through his part-time work in Madrid, Spain, but looking objectively at his present experience and testimony, he simply is not qualified at this time to offer expert testimony in this case.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Court should issue an Order excluding from trial any testimony of Dr. Azael Freites-Martinez in the above captioned mater.

Dated: November 20, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com
*Plaintiffs' Co-Lead Counsel*

---

[31] Ex. A, Dr. Freites-Martinez Dep., 10/20/20 at 33:15-21, 99:22-100:18.

<div style="display:flex">
<div>

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

</div>
<div>

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

</div>
</div>

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                              */s/ Dawn M. Barrios*
                                              DAWN M. BARRIOS