UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Kahn v. Sanofi S.A., et al.*, 2:16-cv-17039 | |

**PLAINTIFF'S REPLY TO SANOFI'S OPPOSITION TO HER
MOTION TO EXCLUDE DR. SHAPIRO'S OPINIONS**

**INTRODUCTION**

Sanofi's opposition to Plaintiff's Motion to Exclude certain opinions of Dr. Jerry Shapiro, a dermatologist, misconstrues Plaintiff's motion and arguments in several respects. Dr. Shapiro is not qualified to opine on general and specific causation, including dermatopathology, concerning permanent chemotherapy-induced alopecia (PCIA) and endocrine-induced alopecia after chemotherapy (EIAC) because Sanofi has not demonstrated Dr. Shapiro's expertise beyond referring to him as "one of the world's leading experts."

Further, because Dr. Shapiro does not set out, and in fact, admits he did not attempt to set out a methodology to tie his opinions to the facts of Ms. Kahn's case, his opinions must be excluded. Dr. Shapiro does not provide a scientifically valid basis to support his opinions. Dr. Shapiro cannot speculate by simply offering his "thoughts" when he admits that he "[has] not done a causation analysis."[1] Regardless of his credentials, or his self-proclaimed preeminence in the field of dermatology, if Dr. Shapiro is going to be offered as an expert in this matter, his report

---

[1] Exhibit A, Shapiro Dep. Oct. 18, 2020, 77:24-78:4. Further testimony cited herein demonstrates Dr. Shapiro did not do a causation analysis for any drug, including Taxotere.

1

must comply with Federal Rules of Civil Procedure, 26(a)(2)(B), and his opinions must pass the Court's gatekeeping role under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579(1993).

Having disclaimed any attempt to apply a recognized methodology to assess and determine causation (general or specific), or any expertise in dermatopathology to diagnose chemotherapy-induced alopecia and/or endocrine-induced alopecia, the Court should exclude the testimony of Dr. Shapiro under *Daubert*.[2] Regardless of his qualifications, failing to apply a recognized and reliable methodology renders his testimony rank speculation. As the party offering the expert testimony, it is Sanofi's obligation to establish its admissibility. Dr. Shapiro's admission of failing to follow any methodology or causation analysis demands that his opinions be excluded.

## SANOFI MISCONSTRUES PLAINTIFF'S ARGUMENTS REGARDING GENERAL CAUSATION

Sanofi maintains that Dr. Shapiro can offer a case specific opinion without his ever establishing or investigating the presence or lack of a causal association between any drug and permanent chemotherapy-induced alopecia (PCIA).[3] But Sanofi apparently misunderstands Plaintiff's position.

First, none of Sanofi's experts ever demonstrate that they conducted any type of systematic causation analysis of the scientific literature to investigate a causal association between *any drug* and PCIA.[4] Second, if Sanofi intends to call experts to opine that other drugs *caused, or may have caused,* Ms. Kahn's permanent hair loss, then it must provide valid scientific evidence to support

---

[2] These opinions, which clearly lack any reliability, also are excludable under Rule 702 and Rule 403 because such unsupported testimony would only confuse the issues and/or mislead the jury.

[3] *See* Rec. Doc. 11420, Sanofi's Opposition to Plaintiff's Motion to Exclude Dr. Shapiro's Opinions at p 2.

[4] *See* Rec. Doc. 10924, Motion to Exclude John Glaspy, M.D.; Rec. Doc. 10926, Motion to Exclude Janet Arrowsmith, M.D.; and Rec. Doc. 10934, Motion to Exclude Ellen Chang, Sc.D.

2

its alternative causation theory and the opinions of its experts. No other expert offered by Sanofi provides an opinion supported by or that is the product of a recognized and reliable methodology (like a Bradford-Hill analysis), so if Dr. Shapiro is going to offer the opinions he outlines in his report – including that other drugs can and do *cause* PCIA, or could have caused Ms. Kahn's PCIA – then he must offer reliable evidence to support those general causation opinions **before** he offers opinions about specific causation.[5]

Expert testimony is not admissible unless "the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *Tripkovich v. Ramirez*, No. 13-6389, 2015 WL 3849392, at * (E.D. La. June 22, 2015) (citing *Daubert*, 509 U.S. at 593). Here, Dr. Shapiro acknowledged his lack of methodology, admitting that he has not done a causation analysis for any particular drug.[6] And when asked whether he has done so for any chemotherapy regimen, Dr. Shapiro admitted he did not.[7] When further pressed, Dr. Shapiro admitted that he did not do a causation analysis nor did he set out a causation analysis in his report, because that "would require special expertise" that Dr. Shapiro acknowledged at his deposition that he did not possess.[8] All Dr. Shapiro intended to do is simply "comment" and offer his "thoughts" on what he reviewed, because that is what Sanofi asked him to do.[9] Unfortunately for Sanofi and Dr. Shapiro, Rule 702

---

[5] *See*. Rec. Doc. 8094, at 5 (citing *Knight v. Kirby Inland Marine Inc*, 482 F.3f 347, 351 (5th Cir. 2007).

[6] Ex. A, Shapiro Dep. Oct.18, 2020, 74:20-75:3.

[7] *Id*. at 75:4-18.

[8] *Id.* at 78:6-80:19.

[9] *Id.* at 75:19-22; Ex. A to Plaintiff's Motion to Exclude Dr. Shapiro's Opinions, Shapiro Dep. Oct. 18, 2020 at 176:14-178:9.

and *Daubert* require much more. Sanofi would have Dr. Shapiro offer the very type of *ipsi dixit* that *Daubert* and its progeny have rendered unacceptable.

### DR. SHAPIRO IS NOT QUALIFIED TO RENDER DERMATOPATHOLOGY OPINIONS

Dr. Shapiro is a dermatologist, and not a dermatopathologist. Further, in his most recent deposition, Dr. Shapiro confirmed that he has not received any further training in the pathology of PCIA since his August 2019 deposition.[10] And Dr. Shapiro's recent testimony is that that he still defers pathologic diagnoses to dermatopathologists.[11]

Notwithstanding Dr. Shapiro's testimony that he defers dermatopathologic diagnoses to Drs. Curtis Thompson and Chandra Smart, both dermatopathologists, he includes in his report that he disagrees with Dr. Thompson's pathologic diagnosis: "I do not agree with this diagnosis. Medical literature establishes that lower follicular density, a shift in terminal/vellus ratio, as well as a decreased anagen to catagen/telogen ratio are indicative of androgenetic alopecia."[12] And while Dr. Shapiro speaks of "medical literature," he provides none in support for this conclusion that is admittedly outside his expertise. In addition, Dr. Shapiro ignores a critical source that provides that one of the key elements that distinguishes the diagnosis of PCIA from androgenetic alopecia is "decreased total number of follicles." [13]

So, contrary to Sanofi's representation that Plaintiff takes issue with a dermatologist relying upon pathologic findings when making a clinical correlation and diagnosis, this is not so.

---

[10] Ex. A to Plaintiff's Motion to Exclude Dr. Shapiro's Opinions, Shapiro Dep. Oct. 18, 2020 at 40:13-41:3.

[11] Ex. A, Shapiro Dep. Oct. 18, 2020 at 215:15-23.

[12] *See* Ex. C to Plaintiff's Motion to Exclude Dr. Shapiro's Opinions, Shapiro Report Oct. 9, 2020, 48, para 137

[13]   Leonard C. Sperling et al., An Atlas of Hair Pathology with Clinical Correlations 197 (2nd ed.) (2012). Sperling Atlas p. 197

4

What Plaintiff takes issue with is Dr. Shapiro, who admits that he is not qualified to render opinions about dermatopathology, and defers pathologic diagnoses to a dermatopathologist, disagreeing with Dr. Thompson's pathologic diagnosis without offering support for his opinion. Dr. Shapiro repeatedly disclaims expertise in dermatopathology, but then attempts to opine that Dr. Curtis Thompson is wrong in his pathologic findings, and does not offer support to buttress his contrary, and non-expert, opinion. For this reason, Plaintiff sought to exclude Dr. Shapiro's unsupported dermatopathology opinion, offered without support.

Any expert designated under Rule 26(a)(2)(B), must produce a report that contains "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them … ; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years … ." *Id.* When an expert's testimony is demonstrated to be speculative and lacking of any established methodology the Court should exclude such testimony. *In re: Vioxx Prod. Liability Litigation*, 414 F. Supp.2d 574, 579 citing *Moore*, 151 F.3d at 279.

Here, Dr. Shapiro provides no methodology and instead intends to just give us his "thoughts" on PCIA based on his experience.[14] This does not comply with Rule 26 requirements that an expert provide a complete statement of his opinions and the bases supporting them, and it does not pass *Daubert/702* scrutiny. FRCP 26(a)(2)(B).

## **CONCLUSION**

Dr. Shapiro's admissions demonstrate his lack of qualifications and failure to apply a proper methodology to offer opinion testimony before a jury about whether any particular drug

---

[14] Ex. A to Plaintiff's Motion to Exclude Dr. Shapiro's Opinions, Shapiro Dep. Oct. 18, 2020 at 176:14-178:9

or regimen causes PCIA or EIAC. In his own words, he does not even know what general causation means. [15]

For the foregoing reasons, Dr. Shapiro should be precluded from testifying about dermatopathology and determining causation regarding permanent chemotherapy-induced alopecia (PCIA) and endocrine-induced alopecia after chemotherapy (EIAC).

Dated: November 20, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

---

[15] *Id* at 288:3-4.

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn. M. Barrios*
DAWN M. BARRIOS

8