UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO**
*Elizabeth Kahn*, Case No. 2:16-cv-17039

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DR. MAMINA TUREGANO

MAY IT PLEASE THE COURT:

In its opposition memorandum, Sanofi both mischaracterizes plaintiff's position with regard to Dr. Turegano's opinions and misstates its own burden regarding alternative *causes* of Ms. Kahn's alopecia.

Regarding Dr. Turegano's qualifications and experience, Dr. Turegano has never testified as an expert and the deposition given in this case was her first.[1] Dr. Turegano does not hold herself out as an expert in hair loss disorders and only a small portion of her professional career has involved clinical examination of hair loss.[2] In her practice since leaving her fellowship in dermatopathology, Dr. Turegano has not investigated a single alopecia patient in her capacity as a dermatopathologist.[3] In her four years of practice at Sanova Dermatology following completion of her dermatopathology boards, she has only treated approximately ten (10) patients where chemotherapy was in the differential as a possible contributing factor.[4] Dr. Turegano has never diagnosed PCIA as a dermatologist or dermatopathologist, and she has reviewed only one or two

---

[1] Ex. 1, Deposition of Dr. Mamina Turegano, Oct. 23, 2020, at p. 8.
[2] *Id.* at pp. 30-31.
[3] *Id.* at pp. 31-33.
[4] *Id.* at pp. 34-36.

patients' dermatopathology slides where PCIA was in the differential (both of which were during her dermatopathology fellowship prior to passing her board exams in dermatopathology).[5]

As was presented in Plaintiff's motion, Dr. Turegano possesses the requisite expertise, in terms of training, to clinically examine and make her Rule 35 diagnosis of Ms. Kahn's type of alopecia.  However, she should be precluded from offering opinions as to the *cause* of Ms. Kahn's alopecia, as she lacks the experience, training and expertise to investigate or evaluate general causation between various drugs and alopecia.  Even if Dr. Turegano were qualified to make such conclusions about causation, she has not employed any methodology, or cited any reliable methodology, on which to base general and specific causation opinions.  Accordingly, Dr. Turegano must be precluded from proffering opinion testimony to a jury regarding general or specific causation between any specific chemotherapy drug and alopecia.  Such testimony would be speculative, confusing and completely lacking in terms of any reliable scientific support.

More specifically, if Dr. Turegano will suggest to the jury, in the form of an expert opinion, that another drug is responsible for Ms. Kahn's alopecia, she must then provide the same level of general causation support (either herself or in reliance on some other expert) to make a specific causation conclusion that Plaintiff's experts are required to meet.  In other words, what's good for the goose is good for the gander.  If Dr. Turegano intends to suggest that Adriamycin or cyclophosphamide causes PCIA, she must provide general causation support for such a statement.[6]

---

[5] *Id.* at pp. 35-37.
[6] If the Court disagrees with Plaintiff and allows discussion of case reports suggesting an association between certain drugs and PCIA, the Court should order an appropriate limitation of her testimony to exclude any references to "causation," "general causation," "can cause," or "cause(s)" and only allow testimony as to "association." Without such limitation, Dr. Turegano's testimony will transgress the *Daubert* bar into the realm of improper speculation highly likely to result in confusion of the jury.

Defendants' opposition memorandum proves the point. Monotherapy is not an issue in this case, and yet that is the basis for Dr. Turegano's opinions on causation with regard to Taxotere and Taxotere-containing regimens:

> [I]t is impossible for her to say that the "Taxotere-containing regimen of chemotherapies may have caused Ms. Kahn's PCIA," because there is not enough available scientific evidence for her reach such a conclusion. As Dr. Turegano explained, based on her review of the medical literature, "there's not a scientific article that establishes monotherapy treatment of Taxotere as a cause of PCIA . . . nor is there a paper that shows an established mechanism of action for why Taxotere would cause PCIA."[7]

The literature with regard to Taxotere and PCIA mostly involves analysis of combination therapies. Yet, Dr. Turegano only discusses the literature with regard to Taxotere in monotherapy and PCIA. Even when counsel's argument is spliced into Dr. Turegano's testimony, there is a complete lack of reliable scientific methodology for the conclusions Dr. Turegano advances that Adriamycin and cyclophosphamide cannot be ruled out.[8]

There is no conclusion in Dr. Turegano's expert report as to whether the Taxotere-containing regimen taken by Ms. Kahn can be ruled out as a cause. This is particularly important because Sanofi is well aware that its drugs will be administered in adjuvant, multi-drug regimens for treatment of early stage breast cancer.

> Q. Okay. I don't believe in this report you have an opinion as to whether or not it is possible to establish that the Taxotere-containing chemotherapy regimen can be established as a cause of PCIA, do you?
>
> A. No, I don't -- I don't think that that can be established as a cause.
>
> Q. Why not?
>
> A. Because other chemotherapy drugs that are used in multidrug regimens with Taxotere have also been implicated in PCIA.

---

[7] Def. Opp. Mem., Doc. 11418, at p. 6 (quotations in original).
[8] *See Id.*

3

> Q. Okay. I think we're maybe crossing wires here a little bit. Let me try asking you a different way. You don't have an opinion in this particular report that it's impossible to say that the chemotherapy regimen as a whole did not cause PCIA?
>
> A. Are you talking about for the patient, for the plaintiff?
>
> Q. I'm talking about in general, because I think this -- this paragraph is in general.
>
> A. I mean, I do believe that PCIA as an entity exists, and part of that definition is that it's induced by chemotherapy.
>
> Q. Okay. Fair enough. So it's not impossible to say that the Taxotere-containing regimen of chemotherapies may have caused Ms. Kahn's PCIA?
>
> A. Nor is it possible to say that it does.
>
> Q. Okay. But I thought that you just testified that you can say that the regimen as a whole can be concluded to be the cause of PCIA, right?
>
> A. Yeah, I said it's possible, but it's also impossible to say that it's because of Taxotere. Sorry, maybe I didn't say that clearly or correctly.[9]

Since Dr. Turegano apparently did not consider the Taxotere-containing regimen's propensity to cause PCIA, did not include an opinion on this issue in her report, and did not reference the literature with regard to Taxotere-containing regimens and PCIA, her conclusions on causation are fundamentally flawed and must be excluded.

For these reasons, and the reasons set forth in her original memorandum, Plaintiff respectfully prays that this Court exclude Dr. Turegano's causation testimony and dermatopathology opinions, limiting Dr. Turegano to her clinical examination and her opinion as to the type of alopecia from which Ms. Kahn suffers. Should the Court allow Dr. Turegano to

---

[9] *See* Ex. B to Plaintiff's Motion to Exclude Testimony of Dr. Mamina Turegano, Rec. Doc. 11357-3, at pp. 109-11 (form objections omitted).

discuss risk factors and associations from case reports, Plaintiff alternatively requests an appropriate limitation to avoid terminology that is suggestive of "general causation" or an expert's causation analysis because of the witness' lack of expertise and methodology to proffer such opinions.

Dated: November 20, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

5

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@atkinsandmarkoff.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT
