# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| <u>Beverley L. Binder</u>, <br><br>    Plaintiff(s), <br><br>vs. <br><br><u>Sanofi S.A. f/k/a Sanofi Aventis S.A., et al.</u>, <br><br>    Defendant(s). <br>------------------------------------------------------------ | : : : : : : : : : : | COMPLANT & JURY DEMAND<br><br>Civil Action No.: 2:18-cv-3252 |

## FIRST AMENDED
### SHORT FORM COMPLAINT (Effective as of January 4, 2018)[1]

Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on July 25, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.    Plaintiff:

    Beverley L. Binder

---

[1]    This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

  __None__

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

  __None__

4. Current State of Residence:  __Texas__

5. State in which Plaintiff(s) allege(s) injury:  __Texas__

6. Defendants (check all Defendants against whom a Complaint is made):

  a. Taxotere Brand Name Defendants

   ☑ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☑ B. Sanofi-Aventis U.S. LLC

  b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

☐    K.    Other:

7.    Basis for Jurisdiction:

☑    Diversity of Citizenship

☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.    Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Southern District of Texas, Houston Division

9.    Brand Product(s) used by Plaintiff (check applicable):

☑    A.    Taxotere

☐    B.    Docefrez

☐    C.    Docetaxel Injection

☐    D.    Docetaxel Injection Concentrate

☐    E.    Unknown

☐    F.    Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> August 2007 – January 2008

11. State in which Product(s) identified in question 9 was/were administered:

> Texas

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Hair loss from 2007 through the present
> See Exhibit 1, attached

13. Counts in Master Complaint brought by Plaintiff(s):

- ☑ Count I – Strict Products Liability - Failure to Warn
- ☑ Count III – Negligence
- ☑ Count IV – Negligent Misrepresentation
- ☑ Count V – Fraudulent Misrepresentation
- ☑ Count VI – Fraudulent Concealment
- ☑ Count VII – Fraud and Deceit

- ☐ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: /s/ Cory Fein
Cory Fein
Texas Bar No. 06879450
Cory Fein Law Firm
(281) 254-7717
cory@coryfeinlaw.com
712 Main St., #800
Houston, TX 77002

Attorney for Plaintiff, Beverley L. Binder

## **EXHIBIT 1**

1. During the course of chemotherapy, Plaintiff suffered hair loss and thinning of the hair..

2. Plaintiff's last chemotherapy treatment occurred on or about January 2008.

3. After Binder completed her chemotherapy treatments in January 2008, she had regular appointments with her oncologist and her endocrinologist.

4. Initially these appointments were every 3 months, then every six months, then once per year.

5. These visits were at the MD Anderson clinic, Nellie B. Connolly Breast Center, in Houston, Texas.

6. She spent a significant amount of time before each of these visits in the waiting room talking to other cancer patients who had gone through chemotherapy and experienced hair loss.

7. During these conversations, these other cancer patients told Plaintiff that they had experienced hair loss like hers during their chemotherapy treatments, but that their hair had grown back thicker and curlier than it was before.

8. Ms. Binder does not know the names of these people she spoke to in the waiting room, but in these multiple conversations, from 2008 through 2018, she was told that her hair loss was temporary and that it would grow back thicker and curlier than before.

9. These conversations occurred on: 2-19-2009, 6-18-2009, 9-4-2009, 12-1-2009, 4-13-2010, 6-15-2010, 7-5-2010, 9-2-2010 and 12-21-2010.

10. Ms. Binder also spoke to her friend, Janey Evans, on the telephone in 2008 or 2009 about chemotherapy and hair loss. During these conversations, Ms. Evans told Ms. Binder

2

that she had completed her chemotherapy for breast cancer several months ahead of Ms. Binder, and that her hair grew back thicker and curlier than before chemotherapy.

11. Ms. Binder's brother, Allan Lusky, was diagnosed with GBM brain cancer in June or July of 1996, which recurred in May of 2003. Ms. Binder cared for her brother during his battle with cancer and personally witnessed him lose his hair during chemotherapy, and then have his hair grow back afterwards.

12. Also, for many years after 2003, Mr. Lusky volunteered at MD Anderson, consulting with cancer patients until he could no long do volunteer work due to eventual complications of his two brain surgeries.

13. Ms. Binder regularly drove Mr. Lusky to MD Anderson for his volunteering, including at times between 2008 and 2010. On those occasions, Ms. Binder would visit with patients in the hospitality room and discuss their cancer treatments with them, including the subject of hair loss and hair regrowth after chemotherapy. These patients also told Ms. Binder that their hair loss caused by chemotherapy was temporary, and that their hair eventually grew back thicker and curlier than before.