# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | **MDL NO. 2740** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION "H" (5)** |
| | : | **JUDGE MILAZZO** |
| | : | **MAG. JUDGE NORTH** |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| Cynthia Brown, et al. | : | |
|      v. | : | |
| Sanofi US Services, Inc., et al. |      : | |
| | : | **COMPLAINT & JURY DEMAND** |
| | : | |
| | : | **Civil Action No.:    2:18-cv-06428** |
| | : | |
| -------------------------------------------------------- : | | |

### FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.      Plaintiff:

    Cynthia Brown

---

[1]      This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

2.      Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss

of consortium):

____Raymond Brown_____

3.      Other type of Plaintiff and capacity (i.e., administrator, executor, guardian,

conservator):

____N/A_____

4.      Current State of Residence: ___Mississippi_____

5.      State in which Plaintiff(s) allege(s) injury: ___Mississippi_____

6.      Defendants (check all Defendants against whom a Complaint is made):

a.      Taxotere Brand Name Defendants

☒      A.      Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

☒      B.      Sanofi-Aventis U.S. LLC

b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

☐      A.      Sandoz Inc.

☐      B.      Accord Healthcare, Inc.

☐      C.      McKesson Corporation d/b/a McKesson Packaging

☐      D.      Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

☐      E.      Hospira, Inc.

☐      F.      Sun Pharma Global FZE

☐      G.      Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical
                Laboratories Ltd.

☐      H.      Pfizer Inc.

☐      I.      Actavis LLC f/k/a Actavis Inc.

☐ J.      Actavis Pharma, Inc.

☐ K.     Sagent Pharmaceuticals, Inc.

☐ L.     Other:

7.      Basis for Jurisdiction:

☒     Diversity of Citizenship

☐     Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.      Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

> USDC Northern District of Mississippi, Aberdeen Division

9.      Brand Product(s) used by Plaintiff (check applicable):

☒ A.     Taxotere

☐ B.     Docefrez

☐ C.     Docetaxel Injection

☐ D.     Docetaxel Injection Concentrate

☐ E.     Unknown

☐   F.   Other:

10.   First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

10/09/2008 through 01/16/2009

11.   State in which Product(s) identified in question 9 was/were administered:

Mississippi

12.   Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

Permanent, irreversible, and disfiguring hair loss and thinning.

13.   Counts in Master Complaint brought by Plaintiff(s):

☒   Count I – Strict Products Liability – Failure to Warn
☒   Count III – Negligence
☒   Count IV – Negligent Misrepresentation
☒   Count V – Fraudulent Misrepresentation
☒   Count VI – Fraudulent Concealment
☒   Count VII – Fraud and Deceit

☒   Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

## FACTUAL ALLEGATIONS

1. Plaintiff received chemotherapy treatment beginning October 9, 2008 at Columbus Hematology & Oncology in Columbus, Mississippi.

2. Prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, John Whitecar, MD.

3. Prior to Plaintiff's chemotherapy treatment, Dr. Whitecar advised Plaintiff that she would likely have temporary hair loss during her chemotherapy treatment. However, Dr. Whitecar explained to Plaintiff that her hair would re-grow after the chemotherapy treatment.

4. Plaintiff completed her chemotherapy treatment regimen on January 16, 2009.

5. Approximately six months after the chemotherapy treatment ended, Plaintiff went for a follow-up visit at Dr. Whitecar's office.  Plaintiff's hair slowly came in and was very short on her head.  By October 2009, Plaintiff had a very short afro.  Plaintiff did not at this time suspect a problem because she figured it would take time for it to grow out to the full head of hair she had prior to chemotherapy treatment.

6. Plaintiff first complained to Dr. Whitecar, MD in late 2011 or early 2012 about her hair thinning after her chemotherapy treatment.  Dr. Whitecar seemed dismissive about Plaintiff's concerns and told Plaintiff that "it would be okay." Plaintiff understood this to mean that the lack of full hair regrowth was a normal occurrence and still expected her hair to re-grow as prior to chemotherapy treatment.

7. At a follow-up visit in approximately 2011 at the Columbus AFB in Columbus, MS, a base doctor performed a thyroid test to determine whether Plaintiff's thyroid might be causing the failure of Plaintiff's hair re-growth.  Plaintiff then subsequently visited with a dermatologist at Columbus AFB where a second thyroid test was done.  Neither thyroid test showed results that linked thyroid problems to the hair's failure to re-grow normally.  Nurse Practitioner Paula Hardy at the Westmoreland Dermatology Center diagnosed Plaintiff with alopecia and prescribed special shampoo and Biotin in late 2016.  Plaintiff diligently followed Ms. Hardy's orders, including adding OTC Men's Rogaine, but after about a year, Plaintiff realized that the special shampoo, Biotin, and Rogaine treatment was having no effect to help bolster her hair volume, fix her hair thinning, and cause it to re-grow.

8. In 2016 Plaintiff saw an attorney advertisement online on Facebook regarding the association between Taxotere/Docetaxel and permanent hair loss.

## FAILURE TO WARN UNDER MISS. CODE § 11-1-63

9. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Second Amended Master Long Form Complaint, with the same force and effect as if fully set forth herein.

10. Defendants researched, tested, developed, designed, licensed, manufactured,

5

14.     Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

/s/ *Nathan Buttars*

Nathan Buttars (UT Bar No. 13659)
T. Aaron Stringer (UT Bar No. 12681)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405
Tel : 801-917-8500
Fax : 801-917-8484
nate@lowelawgroup.com
aaron@lowelawgroup.com