# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "N"(5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| HATTIE B. GRINES_____, <br><br>    Plaintiff(s), <br><br>vs. <br><br><br>Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC, <br><br>    Defendant(s). <br>------------------------------------------------------------ | : : : : : : : : : : : : : : | COMPLANT & JURY DEMAND<br><br>Civil Action No.: **2:16-cv-15319** |

## AMENDED SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Hattie B. Grines

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    N/A

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Current State of Residence: Mississippi

5. State in which Plaintiff(s) allege(s) injury: Mississippi

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☐ A. Sandoz, Inc.

      ☐ B. Accord Healthcare, Inc.

      ☐ C. McKesson Corporation d/b/a McKesson Packaging

      ☐ D. Hospira Worldwide Inc.

      ☐ E. Hospira Inc

      ☐ F. Sun Pharma Global FZE

      ☐ G. Sun Pharma Global Inc.

      ☐ H. Pfizer Inc.

      ☐ I. Actavis LLC f/k/a Actavis Inc.

      ☐ J. Actavis Pharma Inc.

      ☐ K. Sagent Pharmaceuticals, Inc.

      ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

   District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

   USDC for the Southern District of Mississippi, Northern (Jackson) Division

9. Brand Product(s) used by Plaintiff (check applicable):

   ☒ A. Taxotere

   ☐ B. Docefrez

   ☐ C. Docetaxel Injection

   ☐ D. Docetaxel Injection Concentrate

   ☐ E. Unknown

   ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

3

> December 29, 2009 through April 13, 2010

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Disfiguring permanent Alopecia beginning sometime after treatment with Taxotere (Docetaxel) and continuing to present

13. Counts in Master Complaint brought by Plaintiff(s):

   ☒ Count I – Strict Products Liability - Failure to Warn
   ☒ Count II – Strict Products Liability for Misrepresentation
   ☒ Count III – Negligence
   ☒ Count IV – Negligent Misrepresentation
   ☒ Count V – Fraudulent Misrepresentation
   ☒ Count VI – Fraudulent Concealment
   ☒ Count VII – Fraud and Deceit
   ☒ Count VIII – Breach of Express Warranty (Sanofi Defendants only)

   ☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

**Factual Allegations**

1. Plaintiff, prior to undergoing chemotherapy treatment in December of 2009, discussed potential side effects with her prescribing oncologist, Dr. Jones.

2. Plaintiff was instructed by Dr. Jones that although she may experience hair loss during the course of her chemotherapy treatments, her hair loss would be temporary.

3. Plaintiff completed chemotherapy in April of 2010.

4. At some time after completing chemotherapy, Plaintiff noticed that although she had some hair re-growth, her hair was not re-growing as fast or as fully as she had anticipated.

5. Within six months to a year after completing chemotherapy, Plaintiff asked her treating oncologist, Dr. Jones, how long it would take for her hair to fully re-grow. She was instructed that a specific timeframe could not be given but that her hair should fully re-grow.

6. Plaintiff tried the use of Biotin to encourage her hair to re-grow faster. Plaintiff also used Rogaine in hopes of fully re-growing her hair. Neither worked well enough to cause Plaintiff's hair to fully re-grow.

**Liability Under the Mississippi Products Liability Act (§ 11-1-63)**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:

    a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries;

    b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered Taxotere® to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries;

    c. Manufacturing, producing, promotion, formulating, creating, and/or designing Taxotere® without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia;

    d. Failing to provide adequate warning of the dangers associated with Taxotere®;

    e. Designing, formulating, researching, developing, manufacturing, marketing, promoting and selling Taxotere®

5

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Christopher L. Coffin
Louisiana Bar No. 27902
Jessica A. Perez
Louisiana Bar No. 34024
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Tel: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com
jperez@pbclawfirm.com

6