# EXHIBIT K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740<br><br>SECTION "N"(5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| MELISSA S. ROACH & BILLY E. ROACH, | : : | COMPLANT & JURY DEMAND |
| Plaintiff(s), | : : | Civil Action No.: _____ |
| vs. | : : : | |
| Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC    , | : : : : | |
| Defendant(s). | : : | |

## AMENDED SHORT FORM COMPLAINT

Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Melissa S. Roach

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    Billy E. Roach

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Current State of Residence:  Mississippi

5. State in which Plaintiff(s) allege(s) injury:  Mississippi

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

   ☐ K. Sagent Pharmaceuticals, Inc.

   ☐ L. Other:

2

7. Basis for Jurisdiction:

☒ Diversity of Citizenship

☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Northern District of Mississippi, Aberdeen Division

9. Brand Product(s) used by Plaintiff (check applicable):

☒ A. Taxotere

☐ B. Docefrez

☐ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

Approximately October 2009 through November 10, 2009

3

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Disfiguring permanent Alopecia beginning sometime after treatment with Taxotere (Docetaxel) and continuing to present

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability - Failure to Warn
    ☒ Count II – Strict Products Liability for Misrepresentation
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit
    ☒ Count VIII – Breach of Express Warranty (Sanofi Defendants only)

    ☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

**Factual Allegations**

1. Plaintiff, prior to undergoing chemotherapy treatment in October of 2009, discussed potential side effects with her prescribing oncologist, Dr. Alnas.

2. Based on these conversations and on her knowledge of other persons who had been through chemotherapy, Plaintiff anticipated that she would experience temporary hair loss as a result of her chemotherapy treatments.

3. Plaintiff completed chemotherapy in the later part of 2010.

4. At some time after completing chemotherapy, Plaintiff noticed that although she had some hair re-growth, her hair was not re-growing as fast or as fully as she had anticipated.

5. Within six months to a year after completing chemotherapy, during a follow up visit with her oncologist, Dr. Alnas acknowledged that he could see some hair regrowth and reassured Plaintiff that it would only be a matter of time before her hair fully re-grew.

6. Unfortunately, Plaintiff's hair did not fully re-grow. Plaintiff independently investigated the potential for using Rogaine to try and encourage faster hair re-growth, but decided against it due to its expense and requirement of continuous daily use.

7. Plaintiff was never instructed by Dr. Alnas or any other medical provider that her hair loss might in fact be permanent, let alone that her hair loss might have been caused by Taxotere.

**Liability Under the Mississippi Products Liability Act (§ 11-1-63)**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:

    a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries;

    b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered Taxotere® to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries;

    c. Manufacturing, producing, promotion, formulating, creating, and/or designing Taxotere® without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia;

    d. Failing to provide adequate warning of the dangers associated

5

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Christopher L. Coffin
Louisiana Bar No. 27902
Jessica A. Perez
Louisiana Bar No. 34024
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Tel: (504) 355-0086
Fax: (504) 523-0699
ccoffin@pbclawfirm.com
jperez@pbclawfirm.com