# EXHIBIT L

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br><br>Cindy L. Smith,<br>v.<br>Sanofi US Services, Inc., et al.<br><br>-------------------------------------------------------- | : : : : : : : : : : : | <br><br><br><br><br>COMPLAINT & JURY DEMAND<br><br>Civil Action No.:   2:18-cv-07702 |

## FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Cindy L. Smith

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   None

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Current State of Residence: Mississippi

5. State in which Plaintiff(s) allege(s) injury: Mississippi

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☐ A. Sandoz Inc.

      ☐ B. Accord Healthcare, Inc.

      ☐ C. McKesson Corporation d/b/a McKesson Packaging

      ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

      ☐ E. Hospira, Inc.

      ☐ F. Sun Pharma Global FZE

      ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

      ☐ H. Pfizer Inc.

      ☐ I. Actavis LLC f/k/a Actavis Inc.

☐    J.    Actavis Pharma, Inc.

☐    K.    Sagent Pharmaceuticals, Inc.

☐    L.    Other:

7. Basis for Jurisdiction:

☒ Diversity of Citizenship

☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

> USDC Southern District of Mississippi, Southern Division

9. Brand Product(s) used by Plaintiff (check applicable):

☒    A.    Taxotere

☐    B.    Docefrez

☐    C.    Docetaxel Injection

☐    D.    Docetaxel Injection Concentrate

☐    E.    Unknown

3

☐     F.     Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> 06/10/2014 through 09/23/2014

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent, irreversible, and disfiguring hair loss and thinning.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒    Count I – Strict Products Liability - Failure to Warn
    ☒    Count III – Negligence
    ☒    Count IV – Negligent Misrepresentation
    ☒    Count V – Fraudulent Misrepresentation
    ☒    Count VI – Fraudulent Concealment
    ☒    Count VII – Fraud and Deceit

    ☒    Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

FACTUAL ALLEGATIONS

1. Plaintiff received chemotherapy treatment beginning June 10, 2014 at Singing River Hospital in Pascagoula, Mississippi.

2. Prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Elizabeth Herrington, MD.

3. Prior to Plaintiff's chemotherapy treatment, Plaintiff had a full head of hair.

4. Prior to Plaintiff's chemotherapy treatment, Plaintiff was advised by her prescribing doctor, Dr. Elizabeth Herrington, that she would likely have temporary hair loss during her chemotherapy treatment. Dr. Herrington also advised Plaintiff that her hair would re-grow after the chemotherapy treatment.

5. Plaintiff completed her chemotherapy treatment regimen on September 23, 2014.

6. Approximately one month after chemotherapy ended, Plaintiff's hair began to re-grow much thinner than prior to treatment.

7. Approximately six months after the chemotherapy treatment ended, Plaintiff went for a follow-up visit at Dr. Herrington's office. Dr. Herrington continued to encourage Plaintiff to use OTC products to assist with her hair re-growth. At no time did Dr. Herrington insinuate that Plaintiff's hair loss and thinning was permanent or in any way associated with the Taxotere/Docetaxel product.

8. By mid-2015, Plaintiff began researching Wonderbrow and Keranique products as options to help her hair re-growth after visits with Dr. Herrington and Dermatologist Dr. Thomas Garrott who encouraged her to do so. Plaintiff also took OTC Biotin beginning in January 2015 for two years on the advice of Dr. Garrott and Dr. James Gatewood, but it has not helped to stimulate or restore Plaintiff's hair re-growth or ameliorate her hair thinning.

9. Plaintiff discussed her concerns about her hair thinning and not growing back as it was prior to chemotherapy treatment with family and close friends, but none of her discussions gave Plaintiff any idea that her permanent alopecia was related to the use of Taxotere.

10. In approximately January 2016 Plaintiff saw attorney advertisements online on Facebook and on television regarding the association between Taxotere/Docetaxel and permanent hair loss.

FAILURE TO WARN UNDER MISS. CODE § 11-1-63

5

11. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Second Amended Master Long Form Complaint, with the same force and effect as if fully set forth

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

/s/ *Nathan Buttars*

Nathan Buttars (UT Bar No. 13659)
T. Aaron Stringer (UT Bar No. 12681)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405
Tel : 801-917-8500
Fax : 801-917-8484
nate@lowelawgroup.com
aaron@lowelawgroup.com