# EXHIBIT M

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br><br>Wanda Jean Stewart v. Accord Healthcare, Inc., et al.<br>Case No. 2:17-cv-10817 | COMPLAINT & JURY DEMAND |

**SECOND AMENDED SHORT FORM COMPLAINT[1]**

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (MDL Doc. 4407), subject to the amendments set forth in paragraph 13 of this Amended Short Form Complaint.[2] Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Wanda Jean Stewart

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

---

[1] (Effective as of January 4, 2019) This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

[2] Because the PSC has sought leave to file a third amended master long form complaint, Plaintiff has incorporated the proposed amending allegations herein.

1

       N/A

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

       N/A

4. Current State of Residence:   Louisiana

5. State in which Plaintiff(s) allege(s) injury:   Louisiana

6. Defendants (check all Defendants against whom a Complaint is made):

    a. Taxotere Brand Name Defendants

        ☐ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐ B. Sanofi-Aventis U.S. LLC

    b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☑ A. Sandoz Inc.

        ☐ B. Accord Healthcare, Inc.

        ☐ C. McKesson Corporation d/b/a McKesson Packaging

        ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☐ E. Hospira, Inc.

        ☐ F. Sun Pharma Global FZE

        ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☐ H. Pfizer Inc.

        ☐ I. Actavis LLC f/k/a Actavis Inc.

        ☐ J. Actavis Pharma, Inc.

        ☐ K. Other:

7. Basis for Jurisdiction:

    ☑ Diversity of Citizenship
    ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure:

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC Middle District of Louisiana

9. Brand Product(s) used by Plaintiff (check applicable):

- ☐ A. Taxotere
- ☐ B. Docefrez
- ☑ C. Docetaxel Injection
- ☑ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

June 2014 through October 2014

11. State in which Product(s) identified in question 9 was/were administered:

Louisiana

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury:

> Permanent hair loss.

13. Counts in Master Complaint brought by Plaintiff(s):
    - ☐ Count I – Strict Products Liability – Failure to Warn
    - ☐ Count III – Negligence
    - ☐ Count IV – Negligent Misrepresentation
    - ☐ Count V – Fraudulent Misrepresentation
    - ☐ Count VI – Fraudulent Concealment
    - ☐ Count VII – Fraud and Deceit
    - ☑ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below.  If Plaintiff(s) include additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> **Inadequate Warning Under LSA-RS 9:2800.57**
>
> 1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Master Long Form Complaint, with the same force and effect as if fully set forth herein.
>
> 2. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to,

permanent disfiguring alopecia.

3. Defendants had/have a duty to warn of adverse drug reactions, including, but not limited to, permanent disfiguring alopecia, which they knew or should have known can be caused by the use of TAXOTERE® and/or are associated with the use of TAXOTERE®.

4. The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring permanent alopecia.

5. Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

6. Due to the inadequate warning regarding the serious risk for disfiguring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

7. Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

5

8. Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.

9. Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring permanent alopecia with Plaintiff and/or would not have prescribed it.

10. As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered disfiguring permanent alopecia.

11. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Andrew Geiger Bar No. 32467
Allan Berger Bar No. 2977
Allan Berger & Associates
4173 Canal Street
New Orleans, LA 70119
Phone: 504-486-9481
Fax: 504-483-8130
ageiger@bergerlawnola.com

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
bking@kinginjuryfirm.com

Attorneys for Plaintiff