# EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br><br>Emma R. Willie, et al.<br>vs.<br>Sanofi US Services, Inc., et al. | : : : : : : : : : : | <br><br><br><br><br><br>COMPLAINT & JURY DEMAND<br><br>Civil Action No.:   2:18-cv-03857 |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)**[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Emma R. Willie

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

      Albert Willie

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

      N/A

4. Current State of Residence:   Mississippi

5. State in which Plaintiff(s) allege(s) injury:   Mississippi

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   - [x] A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
   - [x] B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   - [ ] A. Sandoz Inc.
   - [ ] B. Accord Healthcare, Inc.
   - [ ] C. McKesson Corporation d/b/a McKesson Packaging
   - [ ] D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.
   - [ ] E. Hospira, Inc.
   - [ ] F. Sun Pharma Global FZE
   - [ ] G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.
   - [ ] H. Pfizer Inc.
   - [ ] I. Actavis LLC f/k/a Actavis Inc.

☐ J. Actavis Pharma, Inc.

☐ K. Sagent Pharmaceuticals, Inc.

☐ L. Other:

7. Basis for Jurisdiction:

☒ Diversity of Citizenship

☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC Northern District of Mississippi, Oxford Division

9. Brand Product(s) used by Plaintiff (check applicable):

☒ A. Taxotere

☐ B. Docefrez

☐ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

3

☐     F.     Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> 01/29/2015 through 04/02/2015

11. State in which Product(s) identified in question 9 was/were administered:

> Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent, irreversible, and disfiguring hair loss and thinning.

13. Counts in Master Complaint brought by Plaintiff(s):

☒     Count I – Strict Products Liability – Failure to Warn
☒     Count III – Negligence
☒     Count IV – Negligent Misrepresentation
☒     Count V – Fraudulent Misrepresentation
☒     Count VI – Fraudulent Concealment
☒     Count VII – Fraud and Deceit

☒     Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

## FACTUAL ALLEGATIONS

1. Plaintiff received chemotherapy treatment beginning January 29, 2015 at Baptist Cancer Center in Southaven, Mississippi.

2. Prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Sadanand I. Patil, MD.

3. Plaintiff was told by Dr. Patil that she would likely have temporary hair loss, but that her hair loss would be temporary and that her hair would grow back thicker than before the treatment.

4. Plaintiff completed her chemotherapy treatment regimen on April 2, 2015.

5. Shortly after the chemotherapy treatment ended, Plaintiff went for a follow-up visit at Dr. Patil's office where a staff member asked whether Plaintiff's hair was growing back. Plaintiff responded that it was not. The staff member assured Plaintiff that her hair would re-grow and to give it time. Nothing more was said at this visit about Plaintiff's hair loss or that it might be permanent, and Plaintiff continued to hope that her hair would fully return in the future.

6. Approximately 4-5 months prior to June 2016, Plaintiff began to see television advertisements for lawsuits related to the Taxotere chemotherapy drug and its effects on patients' hair loss. Plaintiff contacted and signed a retainer agreement with her attorneys on June 13, 2016.

7. Plaintiff complained to dermatologist Terri H. Henson, MD on August 31, 2016 about her hair loss after her chemotherapy treatment. Dr. Henson found that Plaintiff had "scarring alopecia, not the typical chemo induced alopecia…" and prescribed clobetasol/Rogaine 5%. This was the first time Plaintiff had any idea that her hair loss may not be temporary in nature.

8. At a follow-up visit on February 28, 2017, Dr. Henson's assessment of Plaintiff's condition was "prob. Permanent alopecia from Taxotere." This assessment helped to confirm that Plaintiff's lack of hair re-growth might indeed be permanent alopecia caused by the Taxotere/Docetaxel.

## FAILURE TO WARN UNDER MISS. CODE § 11-1-63

9. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Second Amended Master Long Form Complaint, with the same force and effect as if fully set forth herein.

10. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to, permanent disfiguring alopecia.

5

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

/s/ *Nathan Buttars*

Nathan Buttars (UT Bar No. 13659)
T. Aaron Stringer (UT Bar No. 12681)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405
Tel : 801-917-8500
Fax : 801-917-8484
nate@lowelawgroup.com
aaron@lowelawgroup.com