UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br>*Wanda Stewart v. Sandoz Inc.*<br>Civil Case No. 2:17-cv-10817 | MDL No. 2740<br><br>Section: N(5)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE NORTH |

**DEFENDANT SANDOZ INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT ON THIRD PARTY FAULT</u>**

**GREENBERG TRAURIG, LLP**
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100

*Counsel for Defendant Sandoz Inc.*

1

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

SUMMARY JUDGMENT STANDARD ........................................................................................ 3

ARGUMENT AND AUTHORITIES .............................................................................................. 3

    I.     PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE SHE HAS FAILED TO ESTABLISH THE ABSENCE OF AN ISSUE OF FACT. ............................................................................................. 3

    II.    PLAINTIFF'S EVIDENTIARY ARGUMENTS ARE INAPPROPRIATE FOR A SUMMARY JUDGMENT MOTION; SUCH ARGUMENTS MUST BE RESERVED FOR A MOTION *IN LIMINE* OR AT TRIAL. .............. 6

CONCLUSION ................................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)............................................................................................................2

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)............................................................................................................1

*Louzon v. Ford Motor Co.*,
   718 F.3d 556 (6th Cir. 2013) ..............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56.......................................................................................................................1, 3

Fed. R. Civ. P. 56(c) .......................................................................................................................1

Local Rule 56.1...............................................................................................................................1

**DEFENDANT SANDOZ INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT ON THIRD PARTY FAULT</u>**

Defendant Sandoz Inc. ("Sandoz"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.2, respectfully submits its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on Third Party Fault (Doc. No. 11460) ("Mot.") and Plaintiff's supporting Memorandum of Law. (Doc. No. 11460-1) ("Mem."). For the reasons set forth below, Plaintiff is not entitled to partial summary judgment, and the motion should be denied.

**INTRODUCTION**

In a brief memorandum of law, Plaintiff seeks partial summary judgment as to Sandoz's Affirmative Defenses Nos. 6, 7, 10, and 16. (Mem. at 1):

(6) "Plaintiffs' causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiffs' outcome was caused by intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Sandoz and for which Sandoz cannot be held liable.";

(7) "Plaintiffs' causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiffs' outcome was caused by misuses, abuse, modification, alteration, acts, or omissions of Plaintiffs or third parties over whom Sandoz had no control or authority, and, thus, any recovery should be reduced or barred by such parties' proportionate fault.";

(10) "Plaintiffs' causes of action are barred, in whole or in part, because Plaintiffs may have failed to exercise ordinary care on their own behalves for their own safety, thereby causing the alleged injuries or damages."; and

(16) "Sandoz pleads that it is liable only for damages found by the trier of fact equal to their percentage of responsibility, if any. Pursuant to Louisiana Civil Code article 2323, and any similar provisions under any applicable state law deemed to apply to the individual Plaintiffs' claims, if a person suffers injury, death, or loss as the result partly of her own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss. Furthermore, liability for damages caused by two or more persons shall be a joint and divisible obligation. *See, e.g.*, La. C.C. art. 2324. Furthermore, Sandoz contends that it shall not be solely liable with any other person for damages attributable to the fault of such other person, including the

1

> person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute, or otherwise. *See, e.g.*, *id.*"

Plaintiff has failed to meet her initial burden of establishing the absence of a genuine issue of material fact as to Sandoz's affirmative defenses. Although Sandoz does not intend to invoke third party fault as to Plaintiff's physicians or Sanofi (the focus of Plaintiff's memorandum of law), Sandoz does intend to introduce evidence of Plaintiff's failure to seek any treatment for her hair loss and of the numerous alternative and potentially superseding causes for her hair loss, including, for example, Plaintiff's hair care practices, Central Centrifugal Cicatricial Alopecia (CCCA), endocrine therapy, and other chemotherapy agents. Thus, these four affirmative defenses will still be very much at issue at trial.

Perhaps more importantly, however, Plaintiff's "summary judgment" motion is a thinly veiled—and improperly made—motion *in limine* that seeks to preclude Sandoz from presenting necessary information and context in its defense of this case before the jury. Nothing in Rule 56 permits Plaintiff such relief. Indeed, the evidence Plaintiff improperly seeks to exclude is highly relevant to the core issues in this case. Even if Sandoz is not seeking to invoke third party responsibility as to Plaintiff's physicians and Sanofi, evidence related to the actions of critical third parties such as Sanofi, which is the manufacturer of the Reference Listed Drug ("RLD") Taxotere, and Plaintiff's treating physician, who prescribed docetaxel, is absolutely essential to Sandoz's defense. Plaintiff's only remaining cause of action is failure to warn, and evidence and testimony related to her treating physician is critical to Sandoz's defense, regardless of whether Sandoz intends to assign fault to a third party. By seeking summary judgment on four of Sandoz's affirmative defenses, the PSC seeks to prevent Sandoz from presenting third-party evidence related both to the reasonableness of Sandoz's own labeling and to issues like warnings and causation, which go to the heart of Plaintiff's case. Moreover, evidence related to alternative causes and

2

Plaintiff's failure to mitigate will play a central role at trial. For the reasons set forth more fully herein, Plaintiff's motion for partial summary judgment should be denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is material if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## ARGUMENT AND AUTHORITIES

**I.     PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE SHE HAS FAILED TO ESTABLISH THE ABSENCE OF AN ISSUE OF FACT.**

Plaintiff seeks partial summary judgment as to Sandoz's Affirmative Defenses Nos. 6, 7, 10, and 16. (Mem. at 1). Plaintiff's focus in her motion for summary judgment relates to third party fault and comparative fault as to her physicians and Sanofi's labeling. Sandoz does not anticipate raising the defenses of third-party fault at trial related to Plaintiff's physicians or Sanofi, but the affirmative defense Plaintiff seeks summary judgment as to are much broader than her memorandum of law implies. These four affirmative defenses also touch on critical contested issues in the case such as superseding cause, alternative causation, and Plaintiff's own actions that may have contributed to her hair loss and failure to grow back. For example, Sandoz's experts intend to offer opinions that Plaintiff's hair loss is unrelated to her use of docetaxel, and is in fact

3

due to CCCA. Furthermore, Plaintiff was treated with endocrine therapy and other chemotherapy agents that also are known to cause hair loss. Moreover, Sandoz will present evidence that Plaintiff used hair treatment products that have impacted her hair loss. Sandoz will also present evidence of Plaintiff's failure to seek treatment for her hair loss. *See* Statement of Undisputed Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment on Third Party Fault ("SUMF"), Sandoz's Affirmative Statement of Facts at ¶¶ 1-2. All of this evidence is supported by Sandoz's experts' opinions and will be presented at trial in support of these affirmative defenses.

Simply put, Plaintiff has failed to establish the absence of an issue of fact entitling her to summary judgment. Specifically, Plaintiff excludes key portions of the February 13, 2020 hearing transcript upon which her motion hinges. (Mem. at 1). Plaintiff asserts that in "meet and confers and motion practice" as to "Defendants' responses to [the PSC's] requests" for discovery as to these affirmative defenses, "the PSC argued that an affirmative defense must be supported by facts and evidence at trial, . . . the PSC is entitled to those facts and the identity of witnesses or evidence that ostensibly support such allegations of third-party fault," and "Judge North ordered Defendants to respond fully to the specific discovery." (Mem. at 1; Pl. SOF ¶ 5). That is not what Judge North ordered.

As Plaintiff herself acknowledges in quoting from the hearing transcript, Judge North stated, "If any of these defendants plan to put on a comparative fault type defense, and point to other entities as being – whether they're parties or third-parties – *as being responsible for failing to take steps to update a label they claim should have been updated*, they are entitled to know who those entities are . . . ." (Mem. at 2) (emphasis added). And, prior thereto, Judge North noted: "If [Defendants'] answer is we do not currently intend to suggest to a jury that anyone else is

4

*responsible for updating the label* and we intend to contend that neither are we, then that's your answer [in response]." (Pl. Ex. 3 Transcript of Discovery Conference, Feb. 13, 2020, at 7) (emphasis added). Thus, Judge North issued a narrow ruling—not a sweeping discovery order as Plaintiff suggests. Further, contrary to Plaintiff's representation, Sandoz did not admit following the hearing that it "could not identify any party or third-party against whom [it] would allege or imply fault at trial." (Mem. at 2).

Plaintiff has failed to meet her preliminary burden of establishing the absence of a genuine issue of material fact as to Sandoz's affirmative defenses 6, 7, 10, and 16. Nothing about the discovery hearing and Sandoz's interrogatory responses establishes the absence of an issue of fact as to Sandoz's affirmative defenses. Sandoz did not, and does not, "intend to suggest to [the] jury that anyone else [was] responsible for *updating* [Sandoz]' label" for docetaxel. *See id.* (emphasis added). However, Sandoz certainly will present evidence that (i) the FDA also jointly held responsibility with respect to updating the Sandoz labeling, (ii) Sanofi was responsible for updating its own labeling, and (iii) Sandoz was reliant on both the FDA and Sanofi with respect to Sandoz's label. Plaintiff seeks partial summary judgment on something much broader—i.e., "any third party who should be apportioned fault" (Mem. at 3)—and she has failed to meet her burden in doing so. Instead, she merely states that Sandoz has not pointed to any evidence of conduct that would constitute negligence of a third party, failing to identify when and how Sandoz was required to affirmatively identify such evidence. Moreover, Plaintiff's citation to the testimony of Sandoz's expert witnesses Dr. Foote and Dr. Reddy also does not demonstrate that there is no "genuine issue of fact" related to third-party fault. At most, the testimony of Dr. Foote and Dr. Reddy indicates that Ms. Stewart's choice of Taxotere was appropriate to treat her breast cancer. And as discussed

5

above, substantial evidence as to alternative causes and Plaintiff's failure to mitigate will be presented in support of these four affirmative defenses.

Thus, Plaintiff's motion for partial summary judgment should be denied as Plaintiff has failed to establish the absence of a genuine issue of material fact as to affirmative defense Nos. 6, 7, 10, and 16.

II. **PLAINTIFF'S EVIDENTIARY ARGUMENTS ARE INAPPROPRIATE FOR A SUMMARY JUDGMENT MOTION; SUCH ARGUMENTS MUST BE RESERVED FOR A MOTION *IN LIMINE* OR AT TRIAL.**

Plaintiff's motion for summary judgment is a thinly disguised motion *in limine* that seeks to preclude Sandoz from presenting admissible evidence in its defense at trial. For instance, Plaintiff argues "third-party or other fault should not be allowed to be implied at trial" (Mem. at 2), and requests entry of an order "prohibiting any evidence or testimony of third-party or non-party fault." (Mot. at 1). Federal Rule of Civil Procedure 56 does not provide for such arguments seeking to exclude evidence at this stage in the proceedings—much less in the overly broad manner Plaintiff suggests—and Plaintiff cites to no law allowing her to seek exclusion of evidence through a motion for summary judgment. That is because "[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (citing *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). Plaintiff may not substitute her partial summary judgment motion for a motion *in limine*. *Cf. id.* at 561-62. Because Plaintiff is looking to exclude evidence through her partial summary judgment motion, this Court should reserve ruling on any such arguments until a properly filed motion *in limine* is considered at the appropriate time under the Federal Rules of Evidence. *Cf. Louzon*, 718 F.3d at 561-63 (collecting case law from multiple federal circuits and holding district court erred by considering sufficiency

6

of evidence on motion *in limine*). Until then, Plaintiff's evidentiary arguments are premature and procedurally improper.

Moreover, Sandoz maintains that evidence and testimony relating to Plaintiff's treatment—without implying malpractice—are nonetheless highly relevant to the issues in this case. Sandoz is entitled to elicit and present evidence concerning the basic facts of Plaintiff's course of treatment. Furthermore, Sandoz intends to present evidence and testimony, including expert testimony, that it placed considerable reliance on Sanofi as the RLD, as well as the FDA as to the contents of the docetaxel labeling, including the alopecia warning. As a 505(b)(2) manufacturer of docetaxel, Sandoz relied in its new drug application for its docetaxel product on the FDA approval of the Sanofi Taxotere as safe and effective based on Sanofi's clinical trials. Sandoz thereby relied on the Sanofi testing and the Sanofi labeling in the approval of its own docetaxel product. Indeed, Sandoz's FDA expert Roger Williams opines that Sandoz was reasonable and complied with FDA regulations and guidances in utilizing the Sanofi labeling as the contents for Sandoz's docetaxel warnings, precautions, and adverse reactions section, and also reasonable and compliant with FDA regulations and guidances in continuing to monitor the Sanofi labeling and only updating the docetaxel label when the FDA approved Sanofi labeling changes. *See* SUMF, Sandoz's Affirmative Statement of Facts at ¶¶ 3-4 (Roger Williams Expert Report at 4-5).

While Sandoz is not seeking to assert third-party fault as to Sanofi or the FDA, this evidence is not only highly relevant, but also critically important for the jury to weigh the reasonableness of Sandoz's conduct with respect to the issue at the heart of this case: the alopecia warnings in the docetaxel labeling. Finally, Sandoz intends to present substantial evidence related to Plaintiff's own actions that impacted her hair loss as well as the use of endocrine therapy and other chemotherapy agents, all of which are implicated her hair loss. Sandoz expressly reserves

7

the right to respond to such a motion to exclude or preclude evidence *in limine* or to an evidentiary objection as to this issue.

## CONCLUSION

For the foregoing reasons, Sandoz respectfully requests the Court to deny Plaintiff's motion for summary judgment, to reserve ruling on Plaintiff's evidentiary arguments until consideration of a properly filed motion *in limine* or upon objection at trial, and to grant such further relief as the Court deems just and proper.

Dated: December 11, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Lori G. Cohen
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a copy of the foregoing document was served on all counsel of record via CM/ECF.

/s/ *Lori G. Cohen*
Lori G. Cohen