UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Wanda Stewart v. Sandoz Inc.*<br>Civil Case No. 2:17-cv-10817 | MDL No. 2740<br><br>Section: N(5)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE NORTH |

**DEFENDANT SANDOZ INC.'S STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THIRD PARTY FAULT**

Defendant Sandoz Inc. ("Sandoz"), pursuant to Local Rule 56.2, submits this Statement of Material Facts in opposition to Plaintiff's Motion for Partial Summary Judgment on Third Party Fault (Doc. No. 11460) ("Mot."), Plaintiff's supporting Memorandum of Law. (Doc. No. 11460-1) ("Mem."), and in response to the Statement of Material Facts submitted by Plaintiff in support of that Motion.

**I.     OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS.**

1.     **Plaintiff's Statement:** *Sandoz and Accord alleged affirmative defenses of third-party and "other" fault, including possibly other parties in this MDL and Plaintiffs' individual medical providers.*

**Sandoz' Response**: Admitted.

2.     **Plaintiff's Statement:** *The PSC propounded interrogatories and request[s] for production to obtain information regarding the defenses.*

**Sandoz' Response**: Denied that the discovery propounded by the PSC identified Sandoz' affirmative defenses with any particularity. Admitted that Plaintiff served Sandoz with an

1

interrogatory asking it to "[i]dentify every person or entity against whom [Sandoz] may attempt to attribute fault or liability at a hearing or trial of this matter for the damages identified by [Plaintiff] in this litigation" and a request for production of any documents that "support such a finding of fault or liability." (Pl. Ex. 5, Defendant Sandoz Inc.'s Second Supplemental Answers and Objections to Trial Pool Plaintiff Wanda Stewart's Interrogatories and Requests for Production, Doc. No. 11460-7 at 13).[1]

3. **Plaintiff's Statement:** *Defendants objected to producing such information other than through expert testimony.*

**Sandoz' Response**: Objection. Under Federal Rule of Civil Procedure 56(c), Plaintiff is required to support this assertion with citation to particular parts or materials in the record, which Plaintiff fails to do here. Thus, no response is required. However, Sandoz admits that it responded to discovery as propounded as follows:

> To the extent this Interrogatory seeks discovery into matters calling for expert opinions, additional documents and information responsive to this Interrogatory may be adduced in expert discovery and Sandoz refers Plaintiff to forthcoming expert disclosures and reports, to be issued in accordance with the schedule set forth in Case Management Order Nos. 14 and 14D (or any subsequently entered Orders supplementing or amending the same). Sandoz states that further information responsive to this Interrogatory, if any, may be found in Plaintiff's medical records and transcripts of all depositions taken or to be taken in this matter, particularly the depositions of Plaintiff and Plaintiff's treating physicians, which are all equally available to Plaintiff. Sandoz further states that Plaintiff's claims are barred, and/or reduced by alternative causes for the damages claimed, including potentially the fault of Plaintiff. Additionally, based on further communications with counsel for Plaintiff, Sandoz understands that Plaintiff is also asking in this Interrogatory that Sandoz identify any party or third party whom Sandoz may argue at trial is at fault for any purported failure to update the docetaxel label. Given that interpretation of this Interrogatory, Sandoz further responds that, at this time, it is not aware of any party or third party whom it reasonably expects to suggest to the jury is at fault regarding any allegations or claims made with respect to the docetaxel label. Sandoz specifically objects to Plaintiff's characterization of a "failure to update the label" in this request, and expressly denies any defect in the docetaxel label or any wrongdoing whatsoever on Sandoz' part. Sandoz expressly reserves the right to

---

[1] Sandoz' citations to page numbers are to the docket entry page number indicated at the top of each page referenced.

amend or supplement this Answer as investigation and discovery continue, and to introduce argument and evidence concerning compliance with FDA regulations, guidance, and practice, including applicable labeling requirements.

Beyond this, Sandoz objects to this Interrogatory on the basis it exceeds the scope of permissible discovery and is premature because investigation and discovery in this matter are ongoing, the parties have yet to take the depositions of all of Plaintiff's relevant treating physicians, Sandoz has not received all medical records regarding the care and treatment of Plaintiff in this case, and expert discovery has not yet concluded. Sandoz also objects to this Interrogatory to the extent it calls for a legal conclusion. Finally, Sandoz objects to this Interrogatory to the extent it seeks information or materials protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities.

(Pl. Ex. 5, Defendant Sandoz Inc.'s Second Supplemental Answers and Objections to Trial Pool Plaintiff Wanda Stewart's Interrogatories and Requests for Production, Doc. No. 11460-7 at 15-16).

4. **Plaintiff's Statement:** *During meet and confers and motion practice over Defendants' responses to those requests (particularly interrogatories no. 1 and 2 and request for production no. 1), the PSC argued that an affirmative defense must be supported by facts and evidence at trial, and not based on naked statements or conjecture, and that the PSC is entitled to those facts and the identity of witnesses or evidence that ostensible support such allegations of third-party fault.*

**Sandoz' Response**: Denied. During meet and confers leading to motion practice, and during the hearing before Magistrate Judge North, Plaintiff's counsel made clear that their interrogatories were much narrower in focus, seeking information only as to whether Sandoz intended to fault any third party for failing to update the applicable labeling. (Pl. Ex. 3, Doc. No. 11460-5 at 6:4-6:17 ("In the PSC submission, they suggest to the Court that they're only seeking the identification of third parties that the 505(b)(2) defendants may suggest at trial are responsible for failing to update the labels.")).

3

5. **Plaintiff's Statement:** *Magistrate Judge North [o]rdered Defendants to provide discovery responses regarding their comparative fault defenses and to identify the parties against whom they attempt to cast fault and produce the support for such allegation.*

**Sandoz' Response**: Denied. Judge North stated, "If any of these defendants plan to put on a comparative fault type defense, and point to other entities as being – whether they're parties or third-parties – *as being responsible for failing to take steps to update a label they claim should have been updated*, they are entitled to know who those entities are . . . ." (Mem. at 2) (emphasis added). And, prior thereto, Judge North noted: "If [Defendants'] answer is we do not currently intend to suggest to a jury that anyone else is *responsible for updating the label* and we intend to contend that neither are we, then that's your answer [in response]." (Pl. Ex. 3 Transcript of Discovery Conference, Feb. 13, 2020, at 7) (emphasis added). Thus, Judge North issued a narrow ruling—not a sweeping discovery order as Plaintiff suggests. Further, contrary to Plaintiff's representation, Sandoz did not admit following the hearing that it "could not identify any party or third-party against whom [it] would allege or imply fault at trial." (Mem. at 2).

6. **Plaintiff's Statement:** *Defendants failed to identify any party or evidence for a third-party or "other" fault affirmative defense against whom they would allege or imply fault at trial and acknowledged they did not intend to pursue third-party or "other" fault affirmative defenses.*

**Sandoz' Response**: Denied. Following Magistrate Judge North's order, Sandoz responded to Plaintiff's counsel confirming that "at this time, [Sandoz] is not aware of any party or third party whom it reasonably expects to suggest to the jury is at fault regarding any allegations or claims made with respect to the docetaxel label," and "Sandoz specifically objects to Plaintiff's characterization of a 'failure to update the label'" in this request, and expressly denies any defect

4

in the docetaxel label or any wrongdoing whatsoever on Sandoz' part." (Pl. Ex. 5, Defendant Sandoz Inc.'s Second Supplemental Answers and Objections to Trial Pool Plaintiff Wanda Stewart's Interrogatories and Requests for Production, Doc. No. 11460-7 at 15).

7. **Plaintiff's Statement:** *Defendants have provided no factual testimony or documentation to support a claim of third-party or non-party fault.*

**Sandoz' Response**: Objection. Rather than a statement of material fact, Plaintiff's assertion is legal conclusion or attorney argument. Further, Plaintiff provides no citation to support this assertion as required by Fed. R. Civ. P. 56(c). Thus, Sandoz is not required to provide a response.

8. **Plaintiff's Statement:** *Accord Healthcare, Inc.'s expert in the field of oncology, Dr. Maurie Markman, opined that none of Ms. Hughes' healthcare providers acted outside the standard of care.*

**Sandoz' Response**: Objection. This statement of fact is not applicable to the *Stewart* case and Sandoz takes no position as to its truth or falsity.

9. **Plaintiff's Statement:** *Sandoz Inc.'s expert in the field of oncology, Dr. Lawrence Foote opined that Ms. Stewart's healthcare providers provided care that was "exceptional."*

**Sandoz' Response**: Denied. Plaintiff's citation to the testimony of Sandoz' expert witness Dr. Foote does not demonstrate that there is no "genuine issue of fact" related to third-party fault. At most, the testimony of Dr. Foote indicates that Ms. Stewart's choice of Taxotere was appropriate to treat her breast cancer.

10. **Plaintiff's Statement:** *Sandoz Inc.'s additional expert in the field of oncology, Dr. Sreekanth Reddy, opined that Ms. Stewart's healthcare provider acted "within the community*

*standard of care" and supported the decision to recommend the chemotherapy regimen administered to Ms. Stewart.*

**Sandoz' Response**: Denied. Plaintiff's citation to the testimony of Sandoz' expert witness Dr. Reddy does not demonstrate that there is no "genuine issue of fact" related to third-party fault. At most, the testimony of Dr. Reddy indicates that Ms. Stewart's choice of Taxotere was appropriate to treat her breast cancer.

11.  **Plaintiff's Statement:** *Defendants' experts agree that Plaintiffs' doctors acted appropriately in prescribing decisions and do not criticize those decisions.*

**Sandoz' Response**: Objection. Sandoz is not required to respond to this statement as Plaintiff fails to provide evidentiary support for this opinion, which is required by Fed. R. Civ. P. 56(c). Moreover, the testimony of Defendants' experts, rather than Plaintiff's characterizations thereof, is the best and most appropriate evidence of those experts' opinions.

12.  **Plaintiff's Statement:** *Discovery is closed.*

**Sandoz' Response**: Admitted.

## II.  SANDOZ' AFFIRMATIVE STATEMENT OF FACTS.

1.  Plaintiff never sought any treatment for her hair loss, never spoke to any doctors about her hair loss, and never tried any over-the-counter medications for her hair loss. (Ex. A, Wanda Stewart Dep., 93:14-25).

2.  Plaintiff saw Tara Rheubottom, a dermatology PA who specializes in treating hair loss in women of African-American descent and central centrifugal cicatricial alopecia ("CCCA") specifically, for various skin complaints from 2010 to present, but never brought up or discussed hair loss with her. (Ex. B, Deposition of Tara Rheubottom, 47:5-11, 82:1-10; 85:1-86:7).

3. Sandoz' FDA expert Roger Williams, M.D., opines that Sandoz was reasonable and complied with FDA regulations and guidances in utilizing the Sanofi labeling as the contents for Sandoz' docetaxel warnings, precautions, and adverse reactions section. Ex. C, Roger Williams Expert Report at 4-5.

4. Dr. Williams also opines that Sandoz was reasonable and compliant with FDA regulations and guidances in continuing to monitor the Sanofi labeling and only updating the docetaxel label when the FDA approved Sanofi labeling changes. Ex. C, Roger Williams Expert Report at 4-5.

Dated: December 11, 2020

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Lori G. Cohen
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 11, 2020, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Lori G. Cohen*
Lori G. Cohen
