UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : :: | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO:<br><br>*Alice D. Hughes v. Accord Healthcare, Inc.*<br>*Case No. 2:17-cv-11769* | | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S BRIEF IN OPPOSITION TO PSC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THIRD PARTY FAULT**

The Plaintiffs' Steering Committee ("PSC") roots its motion for partial summary judgment on Defendant Accord Healthcare, Inc.'s ("Accord") affirmative defenses related to third-party fault[1] on a revisionist history of the issues presented to, and resolved by, Magistrate Judge North in the *Hughes*, *Stewart*, and *Sanford* cases at the February 13, 2020 discovery conference.

---

[1] In particular, although Plaintiff never quotes Accord's Affirmative Defenses, Plaintiff appears to be seeking summary judgment on Affirmative Defenses 24 and 25:

> 24. Accord states that the sole proximate cause of the injured/or damages alleged by Plaintiffs were the actions, omissions, or negligence of a person or persons, other than Accord, se actions, omissions, or negligence Accord is in no way liable. Plaintiffs are therefore not entitled to recover from Accord in this action. . . .
>
> 25. Accord expressly denies any third party engaging in the acts alleged by Plaintiffs that were acting as Accord's agent or servant, at the instruction of Accord, or within its control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

Def. Accord Healthcare, Inc.'s Resp. to Pl.'s Statement of Material Facts in Supp. of Mot. for Partial Summ. J. on Third Party Fault ("Accord Resp.") at ¶ 1.

Summary judgment on Accord's third-party fault defense is inappropriate because, contrary to Plaintiff's representations, Accord did *not* admit following that hearing that it "could not identify any party or third-party against whom [it] would allege or imply fault at trial." Pl.'s Mem. in Supp., Rec. Doc. 11460-1 at 2.

To begin, the PSC misstates the outcome of that hearing. In their Motion, the PSC assert that Magistrate Judge North recognized "that the PSC is entitled to explore the specifics of the vague allegations of third-party fault contained in the Affirmative Defenses" and "ordered Defendants to respond fully to the specific discovery" propounded by the PSC on that issue. *Id.* at 1-2. But that is inaccurate. Magistrate Judge North ruled *narrowly*, ordering the Defendants to "identify . . . any party or third party that it reasonably expects to suggest to the jury *is at fault for failing to update the applicable label(s)*." Rec. Doc. 9284, 2/13/20 Minute Entry (emphasis added). The fact that Accord did not identify any party in response to that discrete question does not support Plaintiff's much broader attempt to secure summary judgment on Accord's affirmative defenses—especially considering that the interrogatories in question did not even *specify* any particular affirmative defenses asserted by Accord. *See* Accord Resp. at ¶ 2.

Besides, evidence related to the actions of third parties—including Sanofi, which manufactures the Reference Listed Drug ("RLD") Taxotere®, and Plaintiff's treating physician who prescribed Accord's docetaxel—is *essential* to the jury's consideration of Plaintiff's claims against Accord. Plaintiff's sole remaining claim against Accord is for failure-to-warn, which means that all of the facts considered by her treating physician are relevant *regardless* of whether Accord intends to assign "fault" to any third party. By seeking summary judgment on Accord's affirmative defenses, the PSC seeks to foreclose Accord from putting on relevant third-party evidence related both to the appropriateness of Accord's own labeling and to issues like warnings

2

causation, which is part and parcel of Plaintiff's burden of proof in this case. That is a subject more appropriate for a motion *in limine*, not a motion for summary judgment. As such, this Court should deny the PSC's Motion for Partial Summary Judgment and address the admissibility of evidence related to third parties at trial.

I. **BACKGROUND**

The PSC's argument that there is "no evidence" of third-party fault turns on Plaintiff's overstatement of the issues addressed by Magistrate Judge North in February 2020. The PSC states that it propounded "specific discovery" regarding three enumerated third-party fault affirmative defenses asserted by Accord in its Master Answer to the Master Long Form Complaint, to which Accord objected. *See* Rec. Doc. 11460-1 at 1. The discovery in question, however, did not identify any of Accord's affirmative defenses in particular. Accord Resp. at ¶ 2. The parties subsequently engaged in "meet and confers and motion practice over Defendants' responses to those requests," which the PSC claims ended when "[o]ver Defendants' joint objection, Judge North ordered Defendants to respond fully to the specific discovery." *Id.* According to the PSC, Judge North "recognized that the PSC is entitled to explore the specifics of the vague allegations of third-party fault contained in the Affirmative Defenses." *Id.* at 2. Following this order, the PSC represents, "Defendants responded that they could not identify any party or third-party against whom they would allege or imply fault at trial." *Id.* at 2. That admission, they argue, requires partial summary judgment dismissing the affirmative defenses.

The record, however, confirms that Magistrate Judge North's decision was far narrower than the PSC suggests. The transcript from the February 13, 2020 discovery conference contains Magistrate Judge North's observation that "the discovery requests themselves . . . were a good deal broader than what I am told in the PSC submission it is that they're actually looking for." Accord

3

Resp. at ¶ 5. Specifically, Magistrate Judge North noted, "[i]n the PSC submission, they suggest to the Court that they're only seeking the identification of third parties that the 505(b)(2) defendants may suggest at trial are responsible for failing to update the labels." *Id.* Magistrate Judge North agreed that *if* defendants intend to make such an argument, discovery of that information would be relevant. *Id.* ("If any of these defendants intend to put on a comparative fault type defense and point to other entities . . . as being responsible for failing to take steps to update a label that they claim should have been updated, they're entitled to know who those entities are."). For that reason, Magistrate Judge North ruled that defendants were required to respond to Plaintiff's discovery on that narrow issue, alone. *Id.* ("So my minute entry is only going to reflect that entities that the 505(b)(2) defendants currently intend to suggest to the jury are responsible for failing to update the appropriate labels are to be identified. **That's it, very narrow**.") (emphasis added). In response to that narrow order, Accord sent a letter response confirming that "[a]t present, Accord is unable to identify any party or third party that it reasonably expects to suggest to the jury is at fault *for failing to update the applicable label.*" *Id.* at ¶ 6.

## II. LAW AND ARGUMENT

### A. Plaintiff has not met her summary judgment burden.

As an initial matter, Plaintiff cannot meet her burden of establishing that summary judgment is appropriate on Accord's affirmative defenses related to third-party fault. The party moving for summary judgment on an affirmative defense "is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine dispute of material fact for trial." *Broussard v. TMR Co.*, No. 2:11-CV-1446, 2013 WL 5516462, at *1 (W.D. La. Oct. 1, 2013) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)). When the movant "fails to

meet this burden," denial of the summary judgment motion is mandatory. *Id.* Only *if* the movant's burden is satisfied does the burden shift to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Plaintiff cannot meet her burden. She cites only two things in support of the assertion that Accord admits it has no evidence of third-party fault: (1) Accord's February 20, 2020 letter to counsel; and (2) testimony from Accord's expert, Dr. Maurie Markman. But as explained above, the letter from Accord addressed a *narrower* issue and stands only for the proposition that Accord does not intend to argue that any third party was responsible for failing to update the applicable label for Accord's docetaxel. Dr. Markman's testimony quoted in Plaintiff's Motion also does not clear the hurdle for summary judgment. While Dr. Markman testified that in his opinion Ms. Hughes's treating physician, Dr. Veith, "acted appropriately," that testimony, alone, does not demonstrate that there is "no genuine issue of fact" related to third-party fault.

**B.   To the extent that Plaintiff's motion for partial summary judgment seeks premature evidentiary rulings, it should also be denied.**

The evidentiary aspects of Plaintiff's Motion should also be denied. Plaintiff's goal in seeking summary judgment on Accord's affirmative defenses appears to be to block Accord from presenting *evidence* related to third parties, regardless of whether Accord purports to assign "fault" to those parties. That topic is more appropriate for a motion *in limine*—which is premature—than it is for a motion for summary judgment. Those are separate concepts and third-party evidence is both relevant to *and necessary for* consideration of Plaintiff's failure-to-warn claims, apart from Accord's affirmative defenses.

First, as this Court knows and Accord underscored in its Motion for Summary Judgment based on federal preemption, Rec. Doc. 11226, the FDA's approval of Accord's 505(b)(2) NDA

5

for docetaxel was premised on Sanofi's Reference Listed Drug, Taxotere®. The story of Accord's docetaxel approval cannot be told fully without reference to Sanofi, Taxotere®, and its own post-approval labeling history. Accord intends to present evidence, including expert testimony, that it relied to the fullest extent permitted by federal law on Sanofi as the RLD, clinical data collected by Sanofi, as well as the FDA as to the contents of the docetaxel labeling, including the alopecia warning. While Accord is not seeking to assert third-party fault as to Sanofi or the FDA, this evidence is not only highly relevant, but also critically important for the jury to weigh the reasonableness of Accord's conduct with respect to the issue at the heart of this case: the alopecia warnings in the docetaxel labeling.

Second, when the court *does* take up the admissibility of third-party evidence, it should rule—as it did regarding Sanofi in the *Earnest* case—that Accord may ask Plaintiff's treating physicians whether the regimen selected for her was "off-label" or outside the NCCN guidelines, without suggesting malpractice. The Court's bench ruling in *Earnest*, which denied the PSC's request to exclude "any testimony reflecting an error by Dr. Carinder, such as prescribing an alleged 'off-label' treatment, or prescribing a non-preferred treatment under the NCCN guidelines," Rec. Doc. 7653-1 at 2, is equally applicable here. As with that motion against Sanofi in *Earnest*, the PSC's motion here is an attempt to limit Accord's ability to examine plaintiff's treating physicians concerning the basic facts of their treatment and, more specifically, the facts about the regimen they selected and to which Plaintiff consented. This evidence is relevant to disputed issues at trial, like whether Dr. Veith would have acted differently if information about PCIA had been specified in the label—i.e., warnings causation. Such testimony can be elicited from Plaintiff's treating physicians without implying fault, malpractice, or product misuse, and is therefore independently admissible without regard to Accord's third-party fault defense.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for partial summary judgment. Plaintiff's motion should also be denied to the extent it seeks to exclude evidence, since motions *in limine* are not yet due and the evidence sought to be excluded is relevant and admissible.

Date:  December 11, 2020

Respectfully submitted,

/s/ Julie A. Callsen
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
Email:       julie.callsen@tuckerellis.com
             michael.ruttinger@tuckerellis.com
             brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a true and correct copy of the foregoing *Defendant Accord Healthcare, Inc.'s Brief in Opposition to PSC's Motion for Partial Summary Judgment on Third Party Fault* was filed via the ECF system that will send notification of such filing to all counsel of record.

/s/ *Julie A. Callsen*
Julie A. Callsen

4945607