**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Alice D. Hughes v. Accord Healthcare, Inc.* | : | |
| *Case No. 2:17-cv-11769* | : | |
| | : | |
| | : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THIRD PARTY FAULT**

Defendant Accord Healthcare, Inc. ("Accord") submits this Statement of Material Facts in

opposition to Plaintiff's Motion for Partial Summary Judgment on the issue of third-party fault

and in response to the Statement of Material Facts submitted by Plaintiff in support of that motion,

Rec. Doc. 11460-2, pursuant to Local Rule 56.2.

1.      Sandoz and Accord alleged affirmative defenses of third-party and "other" fault,

including possibly other parties in this MDL and Plaintiffs' individual medical providers.

**Accord's Response**: Admitted. In particular, Accord identified the following affirmative defenses

in its Answer to Plaintiff's First Amended Master Long Form Complaint:

24.     Accord states that the sole proximate cause of the injured/or damages
alleged by Plaintiffs were the actions, omissions, or negligence of a person or
persons, other than Accord, se actions, omissions, or negligence Accord is in no
way liable. Plaintiffs are therefore not entitled to recover from Accord in this
action. . . .

25.     Accord expressly denies any third party engaging in the acts alleged by
Plaintiffs that were acting as Accord's agent or servant, at the instruction of Accord,

or within its control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

Accord's Answer to Pl.'s First Am. Master Long Form Compl., Affirmative Defenses ¶¶ 24, 25, Rec. Doc. 955.

2.     The PSC propounded interrogatories and request [sic] for production to obtain information regarding the defenses.

**Accord's Response**: Denied that the discovery propounded by the PSC identified any particular affirmative defenses asserted by Accord. Admitted that Plaintiff served Accord with an interrogatory asking it to "[i]dentify every person or entity against whom [Accord] may attempt to attribute fault or liability at a hearing or trial of this matter for the damages identified by [Plaintiff] in this litigation" and a request for production of any documents that "support such a finding of fault or liability." Ex. A, Trial Pool Plaintiff Alice Hughes's Interrogatories and Requests for Production to Defendant Accord Healthcare, Inc., p. 7 ¶ 1.

3.     Defendants objected to producing such information other than through expert testimony.

**Accord's Response**: Objection. Plaintiff fails to support this assertion with any citation to particular parts or materials in the record, as Fed. R. Civ. P. 56(c) requires, and so no response is required. Accord nevertheless admits that it responded to discovery as propounded that "Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same," and further objected "to the extent [plaintiff] seeks information or materials protected by the attorney work product doctrine." Ex. B, Accord's Second Supp. Resp. to Trial Pool Plaintiff Alice Hughes's Interrogatories and Requests for Production to Defendant Accord Healthcare, Inc.

4945606

4. During meet and confers and motion practice over Defendants' responses to those requests (particularly interrogatories no. 1 and 2 and request for production no. 1), the PSC argued that an affirmative defense must be supported by facts and evidence at trial, and not based on naked statements or conjecture, and that the PSC is entitled to those facts and the identity of witnesses or evidence that ostensible support such allegations of third-party fault.

**Accord's Response**: Denied. During meet and confers leading to motion practice, and in particular during the hearing before Magistrate Judge North, Plaintiff made clear that their interrogatories were much narrower in focus, seeking information only as to whether Accord intended to fault any third party for failing to update the applicable labeling. Rec. Doc. 11460-5, Ex. 3 to Pl.'s Motion, 2/13/20 Hr'g Tr., at 6:4-17 ("In the PSC submission, they suggest to the Court that they're only seeking the identification of third parties that the 505(b)(2) defendants may suggest at trial are responsible for failing to update the labels.").

5. Magistrate Judge North [o]rdered Defendants to provide discovery responses regarding their comparative fault defenses and to identify the parties against whom they attempt to cast fault and produce the support for such allegation.

**Accord's Response**: Denied. Magistrate Judge North recognized that "the discovery requests themselves . . . were a good deal broader than what I am told in the PSC submission it is that they're actually looking for." *Id.* at 6:24. Specifically, Magistrate Judge North noted, "[i]n the PSC submission, they suggest to the Court that they're only seeking the identification of third parties that the 505(b)(2) defendants may suggest at trial are responsible for failing to update the labels." *Id.* at 6:4-8. Magistrate Judge North agreed that *if* defendants intend to make such an argument, discovery of that information would be relevant. *Id.* at 7:19-8:2 ("If any of these defendants intend to put on a comparative fault type defense and point to other entities . . . as being responsible for

3

failing to take steps to update a label that they claim should have been updated, they're entitled to know who those entities are."). Magistrate Judge North ruled that defendants were required to respond to Plaintiff's discovery on that narrow issue, alone. *Id.* at 8:12-17 ("So my minute entry is only going to reflect that entities that the 505(b)(2) defendants currently intend to suggest to the jury are responsible for failing to update the appropriate labels are to be identified. **That's it, very narrow**.") (emphasis added).

6.       Defendants failed to identify any party or evidence for a third-party or "other" fault affirmative defense against whom they would allege or imply fault at trial and acknowledged they did not intend to pursue third-party or "other" fault affirmative defenses.

**Accord's Response**: Denied. Following Magistrate Judge North's order, Accord responded to Plaintiff's counsel confirming that "[a]t present, Accord is unable to identify any party or third party that it reasonably expects to suggest to the jury is at fault for failing to update the applicable label." Rec. Doc. 11460-6, Ex. 4 to Pl.'s Motion, Accord's 2/20/20 Letter.

7.       Defendants have provided no factual testimony or documentation to support a claim of third-party or non-party fault.

**Accord's Response**: Objection. Plaintiff's assertion is attorney argument, not a material fact, and Plaintiff includes no citation in support of this assertion as required by Fed. R. Civ. P. 56(c). No response is therefore required.

8.       Accord Healthcare, Inc.'s expert in the field of oncology, Dr. Maurie Markman, opined that none of Ms. Hughes' healthcare providers acted outside the standard of care.

**Accord's Response**: Denied. The pages of Dr. Markman's deposition cited by Plaintiff in fact confirm that the question to which Plaintiff references did *not* involve the standard of care. Rec. Doc. 11460-8, Ex. 6 to Pl.'s Motion, Markman Depo. at 226:16-227:2 (". . . and I think he was

4

asking if you had opinions about the breach of the standard of care but my question is do you have an opinion as to whether Dr. Veith acted appropriately in his care and treatment . . ."). Admitted that Dr. Markman testified that "in my opinion" Dr. Veith acted "very appropriately" and "I have no criticism." (*Id.* at 226:3-11.).

9.      Sandoz Inc.'s expert in the field of oncology, Dr. Lawrence Foote opined that Ms. Stewart's healthcare providers provided care that was "exceptional."

**Accord's Response**: Objection. This statement of fact is not applicable to the *Hughes* case and Accord takes no position as to its truth or falsity.

10.     Sandoz Inc.'s additional expert in the field of oncology, Dr. Sreekanth Reddy, opined that Ms. Stewart's healthcare provider acted "within the community standard of care" and supported the decision to recommend the chemotherapy regimen administered to Ms. Stewart.

**Accord's Response**: Objection. This statement of fact is not applicable to the *Hughes* case and Accord takes no position as to its truth or falsity.

11.     Defendants' experts agree that Plaintiffs' doctors acted appropriately in prescribing decisions and do not criticize those decisions.

**Accord's Response**: Objection. Plaintiff provides no evidentiary support for this opinion as required by Fed. R. Civ. P. 56(c), and therefore no response is required. To the extent that Plaintiff seeks to characterize the testimony of Defendants' experts, the experts' testimony—not Plaintiff's characterization—is the best and most appropriate evidence of those experts' opinions.

12.     Discovery is closed.

**Accord's Response**:  Admitted.

Date:  December 11, 2020                          Respectfully submitted,

                                                 */s/ Julie A. Callsen*
                                                 Julie A. Callsen
                                                 Michael J. Ruttinger
                                                 Brenda A. Sweet
                                                 TUCKER ELLIS LLP
                                                 950 Main Avenue, Suite 1100
                                                 Cleveland, OH  44113-7213
                                                 Telephone:  216.592.5000
                                                 Facsimile:   216.592.5009
                                                 Email:       julie.callsen@tuckerellis.com
                                                              michael.ruttinger@tuckerellis.com
                                                              brenda.sweet@tuckerellis.com

                                                 *Attorneys for Defendant Accord Healthcare, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Response to Plaintiff's Statement of Material Facts in Support of Motion for Partial Summary Judgment on Third Party Fault* was filed with the Court via ECF that will send notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*      
Julie A. Callsen

7

4945606