# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                      SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Weber v. Sanofi-Aventis U.S., LLC, et al.*
Civil Case No. 2:16-cv-16035


**TRIAL POOL PLAINTIFF ALICE HUGHES'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ACCORD HEALTHCARE, INC.**

TO:     Accord Healthcare, Inc.
        Through its counsel of record
        Julie A. Callsen, Esq.
        (julie.callsen@tuckerellis.com)
        TUCKER ELLIS LLP
        950 Main Avenue, Suite 1100
        Cleveland, OH 44113-7213

And

        John F. Olinde, Esq.
        (olinde@chaffe.com)
        Liaison Counsel for the 505(b)(2) Defendants
        CHAFFE McCALL, LLP
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, through undersigned counsel, propound the following Interrogatories and Requests for Production of Documents to Defendant, Accord Healthcare, Inc. ("Defendant").

Answers to these Interrogatories and Requests for Production Documents, including all objections, shall be served within thirty days after service of this document.

Under Federal Rule of Civil Procedure 26(e), these Interrogatories and Requests for Production of Documents are continuing in nature. Defendant, therefore, is required to supplement its responses as new or different information becomes available.

## DEFINITIONS

1. "TAXOTERE" refers to brand name TAXOTERE®, a chemotherapy agent used in the treatment of cancer.

2. "DOCETAXEL" refers to Docetaxel and docefrez, chemotherapy agents used in the treatment of cancer.

3. "SANOFI" means every Sanofi entity identified in this MDL litigation and all parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, attorneys, joint ventures, third-party contractors, or other representatives, including all corporations and affiliated entities.

4. "RLD" means Reference Listed Drug under Section 505(b)(2) of FDCA, i.e. TAXOTERE for your NDA.

5. "ALOPECIA" or "HAIR LOSS" means the loss of human hair, whether temporary, permanent or unknown (unless a difference is apparent in context of a particular interrogatory), on a part of the body and includes terms used to identify, describe, or quantify the diminution, impairment, or loss of hair.

6. "YOU", "YOUR", and "DEFENDANT" refer to Accord Healthcare, Inc. as well as all parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, attorneys, joint ventures, third-party contractors, or other representatives, including all corporations and affiliated entities.

7. "COMMUNICATION" means and refers to any oral, written, spoken, or electronic transmission of information including meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between YOU and any other person or entity.

8. "RELATING TO", "relate to", "relating", "referring to", "refer to", "regarding", "concerning", or "concern" means evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, RELATING TO, referring to in any way or manner, or in any way logically or factually connecting with the matter described in that paragraph of these interrogatories, including documents attached to or used in the preparation of or concerning the preparation of the documents.

9. "STUDY" includes research, analysis, examination, inspection or investigation (including clinical investigations), or other activity by which data or information is acquired for the purpose of analysis or understanding. The term is intended to include studies that have been completed and studies still in progress regardless of whether such activity took place within or outside the United States. It should include information and data acquired from such STUDY regardless of the stated or original purpose of the STUDY.

10. "TEST" includes every kind of examination, experiment, scientific analysis, or other inquiry or undertaking seeking to develop or acquire information or data. It should include information and data acquired from such TESTs regardless of the stated or original purpose of the TEST. The term is intended to include TESTs that have been completed and TESTs still in progress regardless of whether such activity took place within or outside the United States. The term "TEST" is often used in conjunction with the term "STUDY" defined

herein. A request for information concerning a TEST or STUDY should be construed as including information from the following documents : the protocol for the conduct of the TEST or STUDY; a statement of the conditions under which the TEST or STUDY was intended to be conducted; a statement of the conditions under which the TEST or STUDY was actually conducted; documents requesting that the TEST or STUDY be performed; documents ordering that the TEST or STUDY be performed; documents containing the original raw TEST or STUDY data; documents containing the written TEST or STUDY report and all attachments thereto; documents containing the TEST or STUDY specifications, including the pass-fail criteria; every summary, abstract, analysis, compilation, including evaluation or interpretation of the TEST or STUDY; and all investigators or entities, universities, and laboratories involved in the testing.

11. "FDA" means the United States Department of Health & Human Services, United States Food & Drug Administration, any committee, subcommittee, or advisory committee thereto, and any person, employee, or agent acting as a representative thereof.

12. "FOREIGN REGULATORY BODY" means any organization, including the regulatory bodies or authorities or organizations, in any country (or other jurisdictional entity such as the European Union) other than the United States, that regulates medical drugs such as TAXOTERE.

13. "IDENTIFY" or "identity" with respect to natural persons or entities means to give, to the extent known, the person or entity's full name, present or last known address, telephone numbers, and email addresses. When referring to a natural person, the present or last known place of employment must also be provided. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent

discovery requesting the identification of that person. When referring to STUDIES, the term "IDENTIFY" or "identity" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); (v) its present location; (vi) the name and address of its custodian; (vii) for documents stored electronically, such as in a computer, PDA, or other type of portable electronic device, provide the location of the electronic device on which the document is located, the computer program by which the document was created, and the computer program on which the document currently exists; and (viii) the Bates stamp number assigned to such document.

14. "PERSON" means a natural person, as well as any business, corporate, legal, or governmental entity or association.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular includes the plural and vice versa.

## INSTRUCTIONS

1. Each interrogatory and request for production not only calls for YOUR knowledge, but also for all knowledge that is available to YOUR employees, representatives, agents, and attorneys.

2. If YOU cannot answer the following interrogatories and requests for production in full and complete detail after exercising due diligence to secure the information to do so, please so state and answer to the extent possible, specifying in each instance YOUR inability to answer the remainder of the interrogatory and stating whatever information or knowledge

    YOU have concerning the unanswered portions and to the best of YOUR knowledge the names, addresses, and telephone numbers of all persons and organizations where such information is, will be, or is believed to be.

3. These interrogatories and are to be regarded as continuing in nature, including those to which YOU claim an inability to answer fully and completely for any reason, including that discovery is continuing. On acquiring any information responsive to these interrogatories after the service of answers hereto, YOU are required to serve supplemental answers containing such later acquired information, and YOU may be precluded at the trial of this action from introducing evidence RELATING TO the subject matter of these interrogatories that YOU have not disclosed by these answers or by supplemental answers thereto.

4. All information requested shall include all information that relates in whole or in part to the Relevant Time Period or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior to or after the Relevant Time Period.

5. If any interrogatory is deemed to call for the release of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying such information withheld on grounds of privilege:

    a. The reason for withholding the information;
    b. A statement of the legal basis for the claim of privilege, work product, or other ground for non-disclosure;
    c. A brief description of the document or information, including:
        i. the date of the document;

    ii. the number of pages, attachments, and appendices of a document;

    iii. the name(s) of the source(s) or preparer(s) of the information and identification by employment and title of each such person;

    iv. the name of each person who was involved with or has had access to or custody of the document or information, together with an identification of each such person;

    v. the present custodian(s); and

    vi. the subject matter of the document or information, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

## INTERROGATORIES

1. Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing of trial of this matter for the damages identified by Ms. Hughes in this litigation.

2. Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony.

3. Identify and describe the factual and medical basis for every alternative cause of Ms. Hughes's HAIR LOSS that YOU may offer at a hearing or trial in this matter, including:

    a. any product use or medical condition for the alleged alternative cause of her HAIR LOSS;
    b. the start date of alleged alternate medical cause of her HAIR LOSS;
    c. the start date of alleged product use alternate cause of her HAIR LOSS; and
    d. if the alternate cause of her HAIR LOSS is not alleged to be due to product use or a medical condition, the start of her HAIR LOSS and the precipitating condition.

4. Identify and describe the factual and medical basis for any claim YOU may make that Ms. Hughes's HAIR LOSS was caused in whole or in part by one or more chemotherapy medicine identified in the Plaintiff Fact Sheet.

5. If you contend that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU, identify that manufacturer and state the factual basis for such contention.

## REQUESTS FOR PRODUCTION

1. For every person or entity identified in response to Interrogatory No. 1, produce all DOCUMENTS that YOU believe support such a finding of fault or liability.

2. Produce every DOCUMENT that supports any claim you make that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU.

3. Produce all medical records you may allege support a claim of alternative medical, product use, or other precipitating cause of Ms. Hughes's HAIR LOSS.

Dated: March 8, 2019                                              Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
Andre Mura ((CA Bar # 298541) (on the brief)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Page **8** of **10**

| | |
|---|---|
| Anne Andrews<br>Andrews Thornton Higgins Razmara, LLP<br>2 Corporate Park, Suite 110<br>Irvine, CA 92606<br>Phone: (800) 664-1734<br>aa@andrewsthornton.com | Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@atkinsandmarkoff.com |
| J. Kyle Bachus<br>Bachus & Schanker, LLC<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>Phone: (303) 893-9800<br>Fax: (303) 893-9900<br>kyle.bachus@coloradolaw.net | Abby E. McClellan<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Phone: (816) 714-7100<br>Fax: (816) 714-7101<br>mcclellan@stuevesiegel.com |
| Lawrence J. Centola, III<br>Martzell, Bickford & Centola<br>338 Lafayette Street<br>New Orleans, LA 70130<br>Phone: (504) 581-9065<br>Fax: (504) 581-7635<br>lcentola@mbfirm.com | Karen Barth Menzies<br>Gibbs Law Group LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>Phone: 510-350-9700<br>Fax: 510-350-9701<br>kbm@classlawgroup.com |
| Christopher L. Coffin<br>Pendley, Baudin & Coffin, L.L.P.<br>1100 Poydras Street, Suite 2505<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com | David F. Miceli<br>David F. Miceli, LLC<br>P.O. Box 2519<br>Carrollton, GA 30112<br>Phone: (404) 915-8886<br>dmiceli@miceli-law.com |
| Alexander G. Dwyer<br>Kirkendall Dwyer LLP<br>440 Louisiana, Suite 1901<br>Houston, TX 77002<br>Phone: (713) 522-3529<br>Fax: (713) 495-2331<br>adwyer@kirkendalldwyer.com | Rand P. Nolen<br>Fleming, Nolen & Jez, L.L.P.<br>2800 Post Oak Blvd., Suite 4000<br>Houston, TX 77056<br>Phone: (713) 621-7944<br>Fax: (713) 621-9638<br>rand_nolen@fleming-law.com |
| Emily C. Jeffcott | Hunter J. Shkolnik |

Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, Florida 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Genevieve Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
gzimmerman@meshbesher.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of March 2019, the foregoing copy of Trial Pool Plaintiff Alice Hughes's Interrogatories and Requests for Production to Defendant Accord Healthcare, Inc. was served upon Defendants' Liaison Counsel by E-mail.

/s/ Andrew A. Lemmon
ANDREW A. LEMMON
*Plaintiffs' Steering Committee*