# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Alice D. Hughes v. Accord Healthcare, Inc., et al.*<br>*Case No. 2:17-cv-11769* | : : : : : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

### SECOND SUPPLEMENTAL RESPONSES TO TRIAL POOL PLAINTIFF ALICE HUGHES'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ACCORD HEALTHCARE, INC.

Defendant Accord Healthcare, Inc. ("Accord") submits its second set of supplement objections and responses as follows to Plaintiff Alice Hughes's Interrogatories and Requests for Production.

### SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1. Identify every person or entity against whom YOU may attempt to attribute fault or liability at a hearing or trial of this matter for the damages identified by Ms. Hughes in this litigation.

### SUPPLEMENTAL RESPONSE:

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

2. Identify every witness who may testify as to such fault or liability at a hearing or trial of this matter, stating the factual and legal basis for and substance of that testimony.

### SUPPLEMENTAL RESPONSE:

See Accord's Preliminary Witness List, served November 21, 2019, scheduled to be updated on August 5, 2020. Accord is unable to fully respond as it has not yet received

Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. Further, Accord stands on its objection to the extent this Interrogatory seeks information or materials protected by the attorney work product doctrine.

3.  Identify and describe the factual and medical basis for every alternative cause of Ms. Hughes's HAIR LOSS that YOU may offer at a hearing or trial in this matter, including:

> b.  any product use or medical condition for the alleged alternative cause of her HAIR LOSS;
> c.  the start date of alleged alternate medical cause of her HAIR LOSS;
> d.  the start date of alleged product use alternate cause of her HAIR LOSS; and
> e.  if the alternate cause of her HAIR LOSS is not alleged to be due to product use or a medical condition, the start of her HAIR LOSS and the precipitating condition.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

4.  Identify and describe the factual and medical basis for any claim YOU may make that Ms. Hughes's HAIR LOSS was caused in whole or in part by one or more chemotherapy medicine identified in the Plaintiff Fact Sheet.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to fully respond as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Interrogatory to the extent it seeks information or materials protected by the attorney work product doctrine.

5.  If you contend that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU, identify that manufacturer and state the factual basis for such contention.

**SUPPLEMENTAL RESPONSE:**

Accord does not so contend.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

1. For every person or entity identified in response to Interrogatory No. 1, produce all DOCUMENTS that YOU believe support such a finding of fault or liability.

**SUPPLEMENTAL RESPONSE:**

Accord is unable to identify any such documents at this time as it has not yet received Plaintiff's expert reports nor had the opportunity to consult with its own experts on the opinions cited in the same. Thus, Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules. As previously stated, Accord stands on its objection to this Request to the extent it seeks information or materials protected by the attorney work product doctrine.

2. Produce every DOCUMENT that supports any claim you make that the Docetaxel product taken by Ms. Hughes was manufactured by someone other than YOU.

**SUPPLEMENTAL RESPONSE:**

N/A

3. Produce all medical records you may allege support a claim of alternative medical, product use, or other precipitating cause of Ms. Hughes's HAIR LOSS.

**SUPPLEMENTAL RESPONSE:**

Accord refers Plaintiff to her own medical records. Upon the receipt of Plaintiff's expert report(s), Accord may supplement pursuant to CMO 14 and 14D along with the applicable Federal Rules of Civil Procedure and local rules.

Dated: February 6, 2020

Respectfully Submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:   216.592.5009
Email:   julie.callsen@tuckerellis.com
         brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, a true and correct copy of foregoing *Second Supplemental Answers to Trial Pool Plaintiff Alice Hughes's Interrogatories and Requests for Production to Defendant Accord Healthcare, Inc.* was served on this date upon the following counsel via e-mail:

>Samuel M. Wendt
>WENDT LAW FIRM, P.C.
>1100 Main Street, Suite 2610
>Kansas City, MO 64105
>sam@wendtlaw.com
>
>*Counsel for Plaintiff*
>
>M. Palmer Lambert (plambert@gainsben.com)
>Dawn M. Barrios (barrios@bkc-law.com)
>
>*Plaintiffs' Liaison Counsel*
>
>John F. Olinde (Olinde@chaffe.com)
>
>*Defense Liaison Counsel*
>
>                        /s/ *Julie A. Callsen*
>                        Julie A. Callsen

4