UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Elizabeth Kahn, 16-17039 | ) ) | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses Concerning Alternative Causes (Doc. 10928). The Court held oral argument on the Motion on October 6, 2020. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for 2021.[2]

In the instant Motion, Plaintiff Elizabeth Kahn, the second bellwether plaintiff, seeks summary judgment on Sanofi's eleven affirmative defenses

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

concerning alternative causation. Plaintiff avers that Sanofi has provided no expert proof to support the defenses, warranting judgment for Plaintiff on the issue of alternative causes of Plaintiff's injury. Sanofi opposes the Motion, arguing that causation is Plaintiff's burden.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

2

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8]

## LAW AND ANALYSIS

In her Motion, Plaintiff points to eleven affirmative defenses that Sanofi raised in its Master Answer in this MDL. The defenses all relate to causation. For example, in one, Sanofi asserts that "[t]he injuries and/or damages allegedly sustained by Plaintiffs were caused or contributed to be caused by third parties for whom Sanofi Defendants are not responsible and whom Sanofi Defendants have no right to control."[9] Noting that Sanofi bears the burden of proof on its affirmative defenses, Plaintiff argues that Sanofi has failed to create an issue of fact on whether any other cause, other than Taxotere, caused Plaintiff's injury.

In response, Sanofi argues that under Louisiana law, "cause" is not an affirmative defense upon which summary judgment can be granted. Sanofi emphasizes that Plaintiff bears the burden of proving causation and that to meet her burden, Kahn will need to establish with some certainty that none of the medications she took caused her alleged permanent hair loss. According to Sanofi, Sanofi does not have the burden of proving another cause.

This Court finds that Plaintiff's Motion is based on the erroneous premise that alternative causation is an affirmative defense.[10] When a party in his or her pleading labels a defense as an affirmative defense, this does not

---

[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Doc. 961 at 74.
[10] *See* Ebel v. Eli Lilly & Co., 321 Fed. App'x 350, 356 (5th Cir. 2009) (finding plaintiff's argument based on erroneous premise that the learned intermediary doctrine is an affirmative defense and emphasizing that under the doctrine, the plaintiff bears the burden of establishing that the inadequate warning caused her injury).

necessarily mean it is a true affirmative defense.[11] "An affirmative defense is a defendant's assertion of facts and argument that, if true, will defeat the plaintiff's claim, even if all the allegations in the plaintiff's complaint are true."[12] "A defense that merely points out a defect in the plaintiff's *prima facie* case is a denial not a true affirmative defense."[13]

As Sanofi notes, Article 1005 of the Louisiana Code of Civil Procedure provides that "[t]he answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense."[14] Notably, the statute does not list "alternative cause." Similarly, Federal Rule of Civil Procedure 8 does not list "alternative cause."[15] Indeed, courts have held that because a plaintiff bears the burden of proof on causation, defenses relating to causation are not affirmative defenses.[16]

Plaintiff Kahn bears the burden of proving that Taxotere caused her injury. The fact that Sanofi mischaracterized certain defenses does not shift the burden to Sanofi to prove that a cause other than Taxotere caused Kahn's hair loss. Accordingly, as in the first bellwether trial, Sanofi will be permitted to challenge Plaintiff's causation experts with reliable evidence. To the extent

---

[11] *See* Salinas v. State Farm Fire & Casualty Co., 2011 WL 13254062, at *2–4 (S.D. Tex. Dec. 27, 2011) (examining a party's "affirmative defenses" and finding that some were not true affirmative defenses).
[12] *Id.*
[13] Sowell v. Geico Cas. Ins. Co., 2015 WL 3843803, at *1 (N.D. Fla. June 20, 2015) (citing In re Rawson Food Serv., Inc., 846 F.3d 1343, 1349 (11th Cir. 1988)).
[14] La. Code Civ. P. art. 1005.
[15] Fed. R. Civ. P. 8(c).
[16] *See e.g., Salinas*, 2011 WL 13254062, at *4 ("The Court finds that State Farm's first asserted 'affirmative defense' encompassing the doctrine of concurrent causation is not an affirmative defense. State Farm does not bear the burden of proof. Plaintiffs must show that the alleged damages were covered under the Policy and, to the extent applicable, the portion of the damages that were caused only by covered perils."); *Ebel*, 321 Fed. App'x at 356.

4

Plaintiff wishes to dispute the reliability of Sanofi's evidence, Plaintiff can raise these arguments by filing motions in limine.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses Concerning Alternative Causes (Doc. 10928) is **DENIED**.

New Orleans, Louisiana this 18th day of December, 2020.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE