**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N"(5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL NORTH |
| *Donna Dean v. Accord Healthcare, Inc.* Case No. 2:19-cv-14798 | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Donna Dean, a resident of Alabama, died on September 23, 2018. *See* Statement of Undisputed Material Facts ("SUMF") ¶ 1. Yet somehow, more than a year later, on December 31, 2019, Ms. Dean attempted to initiate a lawsuit against Accord Healthcare, Inc. ("Accord") alleging fraud, negligence, and strict products liability from her use of docetaxel. *See* Short Form Compl., Doc. 1. Ms. Dean is the only plaintiff named in the Complaint—there are no estate representatives or next of kin identified in paragraphs 2 and 3 of the Complaint. *See id.* While counsel knew or should have known of Ms. Dean's death at the time of filing, the paragraph in the Complaint requiring identification of an individual serving in a representative capacity stated, "N/A." *See* Short Form Compl. ¶ 3; SUMF ¶ 4. Counsel filing the Complaint did not disclose Ms. Dean's death until responding to written discovery, almost nine months after the initial filing. *See* SUMF ¶ 5-7. At this time, counsel identified Christy C. Wright, Ms. Dean's daughter, as the individual serving in a representative capacity. *See id.*

Under Alabama law, unfiled tort-based causes of action do not survive the death of a would-be plaintiff in favor of a personal representative. ALA. CODE § 6-5-462; *Cont'l Nat'l*

*Indem. Co. v. Fields*, 926 So. 2d 1033, 1037 (Ala. 2005); *Wilson v. Big Lots, Inc.*, No. CV-13-S-1008-NE, 2013 WL 5532703 (N.D. Ala. Oct. 7, 2013); *Bassie v. Obstetrics & Gynecology Assocs. of Northwest Ala., P.C.*, 828 So. 2d 280 (Ala. 2002). Thus, both Ms. Dean and her daughter lack capacity to sue under Fed. R. Civ. P. 17(b), rendering her claims a legal nullity, meaning the claims should be treated as if they were never filed in the first place. Accord therefore moves for summary judgment.[1]

## II.   LAW AND ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard "mandates the entry of summary judgment . . . against a party who," despite having had access to discovery and receiving the benefit of reasonable factual inferences, "fails to make a showing sufficient to establish the existence of an element essential to that party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive summary judgment, the nonmovant must present evidence demonstrating a genuine issue of fact—i.e., evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the undisputed facts establish that Ms. Dean pre-deceased the filing of her Complaint, and therefore, Accord is entitled to judgment as a matter of law.

### A.   In Alabama, unfiled personal injury claims are nullified upon death and cannot be pursued by a personal representative.

Federal Rule of Civil Procedure 17(b) provides that "[c]apacity to sue or be sued is determined . . . by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Federal courts

---

[1] Out of an abundance of caution, Accord treats this Motion as one for summary judgment since discovery responses confirming Ms. Dean's death before the filing of the lawsuit are submitted for this Court's consideration.

2

therefore rely on state law to determine whether a party is a legal entity capable of filing suit. *See Campbell v. Travelers Ins.*, No. CIV. A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008). Ms. Dean resided in Alabama; therefore, Alabama law applies. *See* SUMF ¶ 1. Under Alabama law, "[i]n all proceedings not of an equitable nature, all claims upon which an action **has been filed** . . . survive in favor of and against personal representatives . . ." Ala. Code § 6-5-462 (emphasis added).

Alabama courts have repeatedly interpreted Section 6-5-462 to nullify unfiled tort claims upon the death of the would-be plaintiff. *Cont'l Nat'l Indem. Co. v. Fields*, 926 So. 2d 1033, 1037 (Ala. 2005) ("As a general rule, causes of action in tort do not survive in favor of the personal representative of the deceased."); *Wilson v. Big Lots, Inc.*, No. CV-13-S-1008-NE, 2013 WL 5532703, at * 1 (N.D. Ala. Oct. 7, 2013) (explaining that a claim sounding in tort for which no action has been filed does not survive the death of a would-be plaintiff); *Bassie v. Obstetrics & Gynecology Assocs. of Northwest Ala., P.C.*, 828 So. 2d 280 (Ala. 2002). In *Bassie*, the Supreme Court of Alabama affirmed summary judgment for defendants where a personal representative filed personal injury claims on behalf of a woman after she was declared legally dead. *Id.* at 282-284. Since the woman pre-deceased the filing, her personal injury claims extinguished pursuant to well-settled Alabama law and could not be maintained by a representative. *Id.*; *see also Shelton v. Green*, 261 So. 3d 295 (Ala. 2017) (upholding Section 6-5-462 as constitutional and affirming summary judgment for defendants where the plaintiff pre-deceased the filing of the complaint).

Just as the claims in the aforementioned cases failed, so too do the claims here. The undisputed facts established that Ms. Dean died over a year before the Complaint was filed. *See* SUMF ¶¶ 2-3. Since Ms. Dean pre-deceased the filing, her claims nullified upon her death and

3

cannot be maintained either by her—a deceased individual—or her daughter as a personal representative. Accordingly, Ms. Dean and her daughter lack capacity to sue, and the instant lawsuit is a nullity and should be dismissed.

## III. **CONCLUSION**

The undisputed facts establish that the only named plaintiff is deceased. At the time of her death, her personal injury claims were not filed. Therefore, Alabama law requires dismissal. Thus, Accord respectfully requests that this Court GRANT its motion for summary judgment, DISMISS WITH PREJUDICE Plaintiff's Complaint in its entirety, and any such other relief the Court deems appropriate.

Date: December 21, 2020

Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

5

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 21, 2020, a true and correct copy of *Memorandum in Support of Defendant Accord Healthcare, Inc.'s Motion for Summary Judgment* was filed with the Court via the ECF system that will send notification of such filing to all counsel of record.

                                          /s/ *Julie A. Callsen*
                                          Julie A. Callsen

4871126