UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*Wanda Stewart v. Sandoz Inc. et al.*,<br>Case No. 2:17-cv-10817 | MDL No. 2740<br><br>Section: N(5)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE NORTH |

## SANDOZ INC.'S REPLY IN SUPPORT OF ITS MOTION FOR
## SUMMARY JUDGMENT ON PREEMPTION GROUNDS

**GREENBERG TRAURIG, LLP**
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100

*Counsel for Defendant Sandoz Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................2

    A. Plaintiff's Opposition Waives the Central Issue Raised by Sandoz's Preemption Motion: The Absence of "Newly Acquired Information" Supporting a Label Change under the CBE Regulation. .........................................2

    B. Plaintiff's Response to Sandoz's Statement of Undisputed Material Facts Does Not Cure the Waiver. ..................................................................................5

    C. The Remainder of Plaintiff's Opposition Is Irrelevant. .........................................8

III. CONCLUSION ............................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...................................................................................................7

*Christmas v. Mentor Abi, LLC*,
    No. 14-1117, 2015 U.S. Dist. LEXIS 114523 (E.D. La. Aug. 28, 2015) ..............3, 8

*Dall. Gas Partners, L.P. v. Prospect Energy Corp.*,
    733 F.3d 148 (5th Cir. 2013) .....................................................................................3

*Eveler v. Ford Motor Co.*,
    No. 16-14776, 2017 U.S. Dist. LEXIS 124084 (E.D. La. Aug. 7, 2017) .................6

*Fed. Trade Comm'n v. AbbVie Inc.*,
    107 F. Supp. 3d 428 (E.D. Pa. 2015) ........................................................................8

*Ferring Pharm., Inc. v. Burwell*,
    169 F. Supp. 3d 199 (D.D.C. 2016) ..........................................................................8

*Keelan v. Majesco Software, Inc.*,
    407 F.3d 332 (5th Cir. 2005) .....................................................................................3

*Ledet v. Fleetwood Enters., Inc.*,
    245 F.3d 791 (5th Cir. 2000) .....................................................................................3

*McZeal v. J.P. Morgan Chase Bank, NA*,
    No. 13-6754, 2014 U.S. Dist. LEXIS 92529 (E.D. La. July 7, 2014) .......................3

*Merck Sharp & Dohme Corp. v. Albrecht*,
    139 S. Ct. 1668 (2019) .........................................................................................9, 10

*United States v. Dunkel*,
    927 F.2d 955 (7th Cir. 1991) .....................................................................................6

*Wells Fargo Equip. Fin., Inc. v. Cross Mar. Inc.*,
    No. 16-14777, 2017 U.S. Dist. LEXIS 160735 (E.D. La. Sep. 29, 2017) ................3

I.      INTRODUCTION

In an unmistakable waiver and tacit admission of summary judgment, Plaintiff's Memorandum in Opposition to Sandoz's Motion for Summary Judgment on Preemption Grounds ("Opposition" or "Opp.") does not even attempt to address the undisputed evidence and straightforward arguments demonstrating why Plaintiff Wanda Stewart's ("Plaintiff") claims against Defendant Sandoz Inc. ("Sandoz") are preempted by federal law. Instead, for reasons unknown, Plaintiff largely copies and pastes a response to a distinct preemption motion filed by Accord Healthcare, Inc. ("Accord") in a separate case. The Opposition focuses almost exclusively on arguments from that motion, replacing the name "Accord" with "Sandoz" while retaining text and statements identifiably unique and specific to Accord's motion. That is fatal to Plaintiff's claims, because though Sandoz has no disagreements with Accord's arguments, Sandoz's motion presents different facts and raises distinct arguments. Plaintiff's Opposition leaves these grounds unanswered, thereby waiving the case-dispositive issue of federal preemption.

The factual and legal bases for federal preemption in this case are simple and uncontested. The record contains no evidence that Sandoz (i) had any "newly acquired information" regarding Sandoz's docetaxel product, (ii) revealing any risks of a different type or greater severity or frequency than previously submitted to the U.S. Food & Drug Administration ("FDA"), and (iii) providing reasonable evidence of a causal connection between Sandoz's docetaxel and a clinically significant hazard or adverse reaction. Because the federal Changes Being Effected ("CBE") regulation demands "newly acquired information" meeting these criteria to support a manufacturer's unilateral label change without prior FDA approval, Sandoz could not change its label. It was thus impossible as a matter of law for Sandoz to comply simultaneously with federal law and its alleged duties under state law, and Plaintiff's claims are preempted in their entirety.

The Opposition rebuts none of these points. Indeed, it scarcely discusses them, much less

1

offers any record evidence demonstrating a genuine dispute as to any material fact supporting federal preemption. Plaintiff's entire treatment of the question of "newly acquired information" in her Opposition consists of an acknowledgment that such information is required to change labeling without FDA approval under the CBE regulation (*See* Opp. at p. 5) and an assertion that "newly acquired information" is not limited to "new data" (*id*. at pp. 10, 14-15). But as explained in Sandoz's opening brief—and waived without debate in the Opposition—the record contains no evidence of *any* data, old or new, to support Plaintiff's insistence that, under state law, Sandoz should have added the word "permanent" before the existing alopecia warning in its docetaxel product before it was used to treat Plaintiff and save her life from June to September 2014. Federal preemption necessarily and inescapably follows from the absence of such evidence.

The Opposition instead devotes the vast majority of its attention to issues from Accord's motion that Sandoz did not raise, pertaining to preemption under the § 505(b)(2) approval pathway, FDA's rejection of the proposed label change, and a four-part preemption standard with shifting burdens of proof. (*See* Opp. at pp. 1-3, 7-16). Accord has separately briefed and persuasively argued these points, and Sandoz has no quarrel with its positions. But Sandoz did not make the same arguments. There was simply no need to do so, as Plaintiff's complete failure of proof on the absence of "newly acquired information" fully disposes of Plaintiff's claims as a matter of law.

## II. ARGUMENT

### A. Plaintiff's Opposition Waives the Central Issue Raised by Sandoz's Preemption Motion: The Absence of "Newly Acquired Information" Supporting a Label Change under the CBE Regulation.

Plaintiff's Opposition waives almost the entirety of Sandoz's Motion by failing to respond to any of Sandoz's core arguments for summary judgment on preemption grounds. "A party's failure to brief an argument in response to a summary judgment motion waives that argument." *Christmas v. Mentor Abi, LLC*, No. 14-1117, 2015 U.S. Dist. LEXIS 114523, at *14 (E.D. La.

2

Aug. 28, 2015) (citing *Ledet v. Fleetwood Enters., Inc.*, 245 F.3d 791 (5th Cir. 2000)). *See also Dall. Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 156 (5th Cir. 2013) (quoting *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339-40 (5th Cir. 2005)) (holding that failure to raise an argument in response to summary judgment motion waives it); *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 U.S. Dist. LEXIS 92529, at *29 & n.23 (E.D. La. July 7, 2014) (same); *Wells Fargo Equip. Fin., Inc. v. Cross Mar. Inc.*, No. 16-14777, 2017 U.S. Dist. LEXIS 160735, at *9 (E.D. La. Sep. 29, 2017) (same).

Here, the arguments Plaintiff has briefed in her Opposition bear almost no relationship to the arguments Sandoz raises in its Motion. The Opposition fails to address, and therefore waives, essentially the entirety of Sandoz's Memorandum of Law in Support of Its Motion for Summary Judgment on Preemption Grounds [Doc. No. 11476-2] ("Sandoz Br."). Among the points waived, Plaintiff does not dispute any of the following:

- Sandoz brought its version of docetaxel to market in June 2011 using the § 505(b)(2) regulatory pathway, with an FDA-approved label that contained references to "alopecia" but did not include a warning or adverse reaction of "permanent" alopecia. (*See* Sandoz Br. at 1-2, 6-9).

- Plaintiff was treated with Sandoz's docetaxel from June to September 2014, and Plaintiff has been cancer-free since September 2014. (*Id*. at 3-4).

- The brand-name manufacturer of docetaxel, Sanofi, undertook an updated clinical overview of docetaxel and permanent alopecia from March to November 2015, and based on that overview provided a CBE labeling supplement in November 2015 (which FDA approved in December 2015) proposing to add the following statement in the "Adverse Reactions, Post Marketing Experience" section of the package insert: "Cases of permanent alopecia have been reported." (*Id*. at 9-10).

- Sandoz submitted a CBE Supplement to update its docetaxel warnings in March 2016, matching Sanofi's change. (*Id*. at 10-11).

- Federal law preempts a state law claim where it is impossible for the defendant to independently do under federal law what state law requires of it, including when state law requires a new or different warning or adverse reaction that requires prior FDA approval. (*Id*. at 3, 13).

3

- Federal law prohibits Sandoz as a § 505(b)(2) drug manufacturer from revising its FDA-approved label without prior FDA approval, unless Sandoz is able to satisfy the requirements to "add or strengthen" a warning or adverse reaction based on "newly acquired information" under the CBE regulation. (*Id*. at 1-2, 13-14).

- Whether there was reasonable evidence sufficient for Sandoz to propose a change by CBE supplement without prior FDA approval is not a matter of fact for a jury, but a matter of law for the Court to decide. (*Id*. at 3, 13).

- Submission of a CBE supplement to change a label without prior FDA approval requires "newly acquired information," which means data, analyses, or other information not previously submitted to FDA, including but not limited to data derived from new clinical studies, reports of adverse events, or new analyses of previously submitted data if they reveal risks of a different type or greater severity or frequency than previously included in submissions to FDA. (*Id*. at 14).

- Newly acquired information" must further present reasonable evidence of a causal association between the drug and a clinically significant hazard. (*Id*. at 2, 14).

- The only relevant time period here for purposes of ascertaining whether Sandoz had "newly acquired information" supporting an earlier CBE supplement is the period from June 2011, when FDA approved Sandoz's docetaxel and label, and September 2014, when Plaintiff completed her treatment. (*Id*. at 17-19).

- There is no evidence of "newly acquired information" known to Sandoz between June 2011 and September 2014, but not previously submitted or available to FDA that would have supplied the basis for a new alopecia warning. (*Id*. at 19-21).

- Sandoz's foreign regulatory submissions and foreign drug labels cannot constitute "newly acquired information" as a matter of law because they are the product of different and distinct regulatory standards and decisions, and do not render a U.S. label insufficient, misleading, or legally inadequate. (*Id*. at pp. 20-21).

- There is no evidence in the record that any purported "newly acquired information" revealed risks of a different type or greater severity or frequency than previously included in submissions to FDA. (*Id*. at pp. 21-23).

- There is no evidence in the record that any purported "newly acquired information" provided reasonable evidence of a causal association between docetaxel and a clinically significant hazard or adverse reaction. (*Id*. at pp. 23-25).

Each of these points is uncontested in Plaintiff's Opposition. The absence of the requisite "newly acquired information" to support a label change under the CBE regulation confirms it was impossible under federal law for Sandoz to change its label prior to Plaintiff's use of its docetaxel

4

to add the word "permanent" to its alopecia warnings. Because federal law prohibited Sandoz from taking the action Plaintiff alleges it was required to take to comply with state law, Plaintiff's claims are preempted in their entirety by federal law. (*See* Sandoz Br. at pp. 13-25).

### B. Plaintiff's Response to Sandoz's Statement of Undisputed Material Facts Does Not Cure the Waiver.

Plaintiff has also submitted to the Court—but barely mentions in her Opposition—a Response ("SUMF Response") to Sandoz's Statement of Undisputed Material Facts ("SUMF"), and an incorporated Statement of Material Facts ("Plaintiff's SMF"). That submission fails to cure Plaintiff's waiver and provides no rationale to overcome federal preemption.

At the outset, the SUMF Response and Plaintiff's SMF are irrelevant because the Opposition fails to incorporate them at all into any argument responsive to Sandoz's motion. Sandoz's opening brief goes point-by-point though the evidence set forth in its SUMF, laying out the undisputed facts and explaining their materiality to the federal preemption question raised by Sandoz's Motion. (*See* Sandoz Br. at pp. 3-13). The Opposition, does not reference the SUMF Response even once, makes only one putative mention of the SUMF in reference to a statement Sandoz ***did not make***,[1] and refers to Plaintiff's SMF only in purporting to address two ***unrelated*** questions ***not*** raised in Sandoz's Motion as discussed *infra* in § II.C. (*See* Opp. at pp. 10-13).

In short, the Opposition lacks any explanation of how (or why) this Court should look to anything contained in the SUMF Response or Plaintiff's SMF in deciding Sandoz's Motion. This Court need not and should not scour Plaintiff's submissions in an unproductive search for putative

---

[1] The Opposition purports to rebut a single paragraph of Sandoz's SUMF, paragraph 30, by asserting that Sandoz "grasps at straws" in supposedly discussing a "tracked changes Word document with a margin comment" by FDA in response to a putative Sandoz CBE label change in May 2016. (*See* Opp. at p. 13). But Sandoz's SUMF says nothing about a May 2016 CBE label change, a Word document, a margin comment, or any request by FDA to "delete" any language. The referenced SUMF paragraph is actually about Sandoz's label being identical to the Taxotere® labeling, and the SUMF Response admits its accuracy. *See* SUMF ¶ 30; SUMF Response ¶ 30. Plaintiff's erroneous description appears to be a product of her copy-and-paste of the Accord opposition into the present Opposition.

"material facts" that might be repurposed from other filings for consideration in connection with arguments Plaintiff has failed to make in her Opposition. "After all, '[j]udges are not like pigs, hunting for truffles buried in briefs.'" *Eveler v. Ford Motor Co.*, No. 16-14776, 2017 U.S. Dist. LEXIS 124084, at *32 n.4 (E.D. La. Aug. 7, 2017) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Any argument "not raised in the body of [the] summary judgment opposition" should be deemed waived. *Id.*

Even if this Court were inclined to undertake its own review of the SUMF Response and Plaintiff's SMF despite Plaintiff's neglect of them in the Opposition, nothing contained in either submission changes the outcome—Plaintiff's claims are still preempted. The SUMF Response quibbles at the margins with the details or specific wording of the SUMF's statements (*see, e.g.,* SUMF Response at ¶¶ 2, 6-7, 9, 13, 15, 18, 24, 26, 28, 34-36, 44, 46, 48-49, 52, 54), argues about the statements' completeness or relevance (*see, e.g., id.* at ¶¶ 7, 14, 19-20, 22-23, 25, 27, 29-31), or seeks to insert additional, unrelated matters under the guise of disputes (*see, e.g., id.* at ¶¶ 3-5, 8, 10-11, 25, 32, 37, 50, 53). But neither the SUMF Response nor the Opposition makes any attempt to show how any of this pedantry adds up to a material factual dispute with respect to those facts actually relevant to preemption—the absence of evidence of "newly acquired information" reflecting any risks of a different type or greater severity or frequency than previously submitted to FDA, and the absence of evidence of a causal connection between Sandoz's docetaxel and a clinically significant hazard or adverse reaction. Because the SUMF Response raises no genuine issue of material fact on these points, it cannot stand in the way of summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

6

Plaintiff's SMF fares no better against Sandoz's uncontested arguments for preemption. Paragraphs 1-3 and most of paragraph 35 confirm facts already set forth in the SUMF. *Compare* SUMF at ¶¶ 1-2, 26, 33-38, 48-51. Paragraphs 4-6, 8-12, and 34 are irrelevant to Sandoz's federal preemption arguments and therefore are disregarded. *See Anderson*, 477 U.S. at 248. Paragraphs 6 and 7 are not factual statements, but an incomplete and partially erroneous definition of "newly acquired information"—a point addressed in Sandoz's opening brief. (*See* Sandoz Br. 14 & n.7, 23-25). Paragraphs 13-28 and the last clause of paragraph 35 deal with foreign labels and foreign regulatory compliance, including prior to June 2011, and are therefore irrelevant because they pre-date the applicable time period and/or because foreign regulatory submissions and labels cannot constitute "newly acquired information"—both points addressed in Sandoz's opening brief on which the Opposition and Plaintiff's SMF are silent. (*See id*. at pp. 17-19, 20-21).

Lastly, Paragraphs 29 through 33 supposedly identify "[n]ew evidence" after June 2011, and the Opposition briefly references "seven articles" published between June 2011 and Plaintiff's treatment and two adverse event reports received by Sandoz in 2011 and 2012. (*See* Opp. at pp. 11-12). This "[n]ew evidence" fails to address any of the serious deficiencies detailed in Sandoz's discussion of the same materials in its opening brief. (*See* Sandoz Br. at pp. 11-13, 19-25). In particular, Plaintiff fails to offer any evidence that: (1) any of the literature was "previously known" to Sandoz before Plaintiff's treatment (*id*. at pp. 19-20); (2) any of the literature or adverse event reports revealed any risks of a ***different type or greater severity or frequency*** than the literature and adverse event reports preceding June 2011 (*id*. at pp. 21-23); or (3) any of the literature or reports provide ***reasonable evidence of a causal association between docetaxel and a clinically significant hazard or adverse reaction*** (*id*. at pp. 23-25). Plaintiff's SMF and the Opposition do not address any of these points—yet again waiving them. *See Christmas*, 2015 U.S.

7

Dist. LEXIS 114523, at *14. Indeed, the Opposition only discusses Plaintiff's purported "material facts" in the context of an entirely separate issue from Accord's motion *not* raised by Sandoz—whether Sandoz "fully informed" FDA of the justifications for a stronger warning. (*See* Opp. at pp. 10-12). Referencing putative evidence already shown *not* to raise a genuine dispute as to any material fact—in an unrelated context and without rebutting the arguments and authorities showing *why* they fail to raise a genuine issue of material fact—cannot stave off summary judgment.

        C.        **The Remainder of Plaintiff's Opposition Is Irrelevant.**

The bulk of the Opposition largely duplicates a previously-filed response to a preemption motion filed by Accord in a separate case before this Court, with the parties' names changed. [*See* ECF No. 11499]. This has resulted in some baffling discrepancies—such as Plaintiff purporting to rebut a supposed "statement" that is nowhere to be found in Sandoz's SUMF. *See* footnote 1, *supra*. It also means most of the Opposition has nothing to do with **Sandoz's** motion for summary judgment on preemption grounds. Though Sandoz has no quarrel with Accord's well-argued grounds for preemption, Sandoz chose to forego most of these arguments to focus on the complete absence of any evidence of "newly acquired information" to support a label change to Sandoz's docetaxel. Consequently, the Opposition should largely be disregarded as non-responsive.

The Opposition begins by hairsplitting over the use of the word "generic" to describe the hybrid § 505(b)(2) pathway,[2] and insisting that Sandoz is trying to introduce a "follow the leader" principle to support preemption. (*See* Opp. pp. 1-2, 7-8). But Sandoz has not offered a "follow the

---

[2] There is nothing improper about this usage. Federal courts have described the § 505(b)(2) pathway as one of two avenues for approval of a "generic drug," the other being an Abbreviated New Drug Application under § 505(j). *See, e.g.*, *Fed. Trade Comm'n v. AbbVie Inc.*, 107 F. Supp. 3d 428, 432 (E.D. Pa. 2015) (describing § 505(b)(2) pathway as one option to "seek[] FDA approval for a generic drug"); *Ferring Pharm., Inc. v. Burwell*, 169 F. Supp. 3d 199, 204 (D.D.C. 2016) (describing a § 505(b)(2) application as "generic competition"). Though the Opposition gets hung up on semantics, the Court need not. Sandoz has not argued preemption is the same for § 505(b)(2) and § 505(j) drugs. The undisputed factual record nevertheless supports preemption as to Sandoz's § 505(b)(2) drug because it shows there was no "newly acquired information" to support a label change under the CBE regulation.

leader" or "duty of sameness" argument, nor has it argued that the § 505(b)(2) approval pathway forecloses Sandoz from submitting a label change under the CBE regulation ***when supported by the requisite "newly acquired information."*** (*See* Sandoz Br. at pp. 1-2, 13-14). Sandoz has simply argued that the record contains no evidence of the necessary "newly acquired information" in this case, and therefore federal law prohibited Sandoz from unilaterally changing its label to add the word "permanent" to its alopecia warning during the relevant time period. (*Id*. at pp. 16-25).

The Opposition next argues Sandoz has failed to establish preemption under *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019), and this Court's August 14, 2019 Order and Reasons in *Earnest* [Dkt. No. 7973] ("*Earnest*"). (*See* Opp. at pp. 2-3, 8-13). But *Albrecht* dealt with a different issue: what level of proof is required that FDA "would have rejected" an attempted CBE label change. 139 S. Ct. at 1675. There was no question in *Albrecht* that "newly acquired information" existed to support an attempted label change; Merck "conceded that the FDA's CBE regulation would have permitted Merck to try to change the label to add a warning before 2010," but argued FDA would have rejected the change. *Id*. The Supreme Court formulated the two-part test discussed in the Opposition to decide that question, requiring the manufacturer to show that: (1) it "fully informed" the FDA of the justification for the label change; and (2) FDA informed the manufacturer it "would not approve" the change. *Id*. at 1678. (*See* Opp. at pp. 8-13).

Though Accord argues in its preemption motion that FDA "would have rejected" a label change based on the regulatory history for Accord's docetaxel, Sandoz elected not to raise that issue. Rather, Sandoz has demonstrated the proposed label change was legally impossible from the outset. This is the predicate point that Merck conceded in *Albrecht* but Sandoz has not: There is no record evidence of the "newly acquired information" necessary for Sandoz even to submit a CBE supplement proposing to change its label. Thus, the prerequisite necessary to "try to change

9

the label to add a warning" was absent. FDA cannot be "fully informed" of what does not exist, nor can it approve (or "not approve") a CBE supplement that Sandoz had no legal right to submit. Moreover, unlike in *Earnest* (as well as the Court's recent Order and Reasons in *Kahn* [Dkt. No. 11682] ("*Kahn*")), Sandoz has presented the Court with the entire record of what was available to it during the relevant time period of 2011 to 2014 and has affirmatively demonstrated that nothing in the record from that time satisfies the threshold requirement of "newly acquired information" necessary for Sandoz to attempt a label change under the CBE regulation. And unlike in *Earnest* (and *Kahn*), Plaintiff has **waived** that point in its Opposition, leaving no fact issue to decide.

Lastly, the Opposition erroneously asserts Sandoz is proposing a "four-part test" with "four shifting burdens." (*See* Opp. at pp. 3, 13-16). Sandoz has not proposed such a test. It does advocate the substantial majority view that the plaintiff carries the initial burden of proving the requisite "newly acquired information," with the defendant then responsible for proving the two-part *Albrecht* test once this initial burden has been met. (*See* Sandoz Br. at pp. 15-16). As discussed in Sandoz's opening brief, this majority approach avoids forcing manufacturers to "prove a negative." (*Id*. 16). Plaintiffs' contrary authority represents a minority view and is inapposite because it is directed to the pleading stage, not summary judgment. (*Id*. at pp. 15-16). But regardless of where the burden lies, Sandoz has "proved the negative"; it has demonstrated the absence of "newly acquired information" to support a label change under the CBE regulation. (*Id*. at pp. 16-25). And the Opposition has waived the point.

### III. CONCLUSION

Plaintiff has failed to rebut Sandoz's showing that the record lacks any evidence of "newly acquired information" to support a label change under the CBE regulation prior to September 2014. Because federal law thus prohibited Sandoz from fulfilling its alleged state law obligations, Plaintiff's claims are federally preempted and summary judgment is appropriate.

10

ACTIVE 54233318v5

| | |
|---|---|
| Dated: December 22, 2020 | Respectfully submitted,<br><br>**GREENBERG TRAURIG, LLP**<br><br>*/s/ Lori G. Cohen*<br>Lori G. Cohen<br>R. Clifton Merrell<br>Evan C. Holden<br>Terminus 200<br>3333 Piedmont Road, N.E., Suite 2500<br>Atlanta, Georgia 30305<br>(678) 553-2100<br>(678) 553-2386 (facsimile)<br>CohenL@gtlaw.com<br>MerrellC@gtlaw.com<br>HoldenE@gtlaw.com<br><br>*Attorneys for Sandoz Inc.* |

11

ACTIVE 54233318v5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2020, a copy of the foregoing document was served on all counsel of record via CM/ECF.

/s/ *Lori G. Cohen*
Lori G. Cohen