UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Alice Hughes*, Case No. 2:17-cv-11769
*Wanda Stewart*, Case No. 2:17-cv-10817

**REPLY MEMORANDUM TO SANDOZ'S AND ACCORD'S OPPOSITIONS TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THIRD PARTY FAULT**

Defendants Sandoz Inc.'s and Accord Healthcare, Inc.'s opposition to summary judgment regarding third-party or other fault attempts to preserve those defenses by (1) blurring them with alternative causes and comparative fault, and (2) claiming how important evidence of the actions of others (Drs. Foote and Reddy, Plaintiff Stewart's treating physicians; Dr. Veith, Plaintiff Hughes' treating physician) and third parties (like Sanofi) are for their trial presentation. Because neither Sandoz's nor Accord's original responses to discovery, nor the responses to supplemental discovery, provide factual support or even identify any party on which they might try to place blame, including Sanofi and Plaintiffs' treating physicians, the defenses regarding third-party or other fault should be dismissed.

Sandoz's and Accord's attempts to rename Plaintiffs' motion as a motion *in limine* and thereby rebut that idea as premature does not save those defenses. Indeed, motions *in limine* may be filed at the appropriate time, and the dismissal of these defenses may form the basis of one or more motions, but the defenses themselves cannot stand without competent summary judgment evidence, as a matter of law, and Sandoz's and Accord's discovery responses are abundantly clear that there is no third-party or "other" fault alleged much less supported with requisite evidence.

Based on undisputed facts, Sandoz's and Accord's affirmative defenses of third-party and other fault should be denied as a matter of law. Neither has put forth any facts to support those defenses. And while the fact that those defenses do not exist may affect Sandoz's and Accord's presentation of evidence and argument, allowing the Defendants to argue or imply the fault of any third party to the jury would confuse the jury and unfairly prejudice Plaintiffs. Since there are no facts or evidence identified or produced by Sandoz or Accord to support the defenses, they cannot imply to the jury that someone else should have done or did something that excuses their conduct, and the defenses of third-party or other fault cannot "still be very much at issue at trial" as Sandoz stated in its opposition (Rec. Doc. 11631 at page 2). Sandoz and Accord denied alleging third-party or other fault in its discovery responses and failed to identify any party they intend to blame. Thus, the defenses are no longer at issue. The PSC submits that partial summary judgment is warranted dismissing the affirmative defenses of third-party fault or others fault.

Both Sandoz and Accord attempt to preserve their defenses with a formal, rigid reading of Magistrate Judge North's Minute Entry Order from the motion to compel (Rec. Doc. 9284), without context to the case or reference to the motion itself.  While the words quoted by Defendants appear in the Order, the full meaning comes from Judge North's clear understanding and statement that Plaintiffs are entitled to explore the affirmative defenses regarding third party and other fault in the particular cause of action alleged failure to warn through updated labeling:

> MR. LEMMON: Your Honor, what I was meaning in saying that is that in this instance, like right now prior to expert testimony, we realize that some things will come out from experts. But if they're going to blame Sanofi, for example, or if they're going to blame the FDA or if they're going to blame their own third-party contractor or if they're going to blame, you know, one of their own foreign entities, I mean we need to know that so that we can take discovery of those entities during the discovery period.

> THE COURT: So I think as to that discrete issue, my instinct is that that information is properly requested and ought to be shared at this point. Those are, you know, unlike other exposures or other pharmaceuticals that plaintiffs have taken that are more appropriately subject to the expert testimony. I think to the extent that this is not uncommon discovery in garden variety tort cases, and that's what this boils down to, I think, in the context of this request. If the defendants intend to argue that other third parties are responsible for this particular omission in failing to update a label, I think that information ought to be provided, and it need not await the disclosure of expert reports.[1]

Magistrate Judge North specifically discussed third party fault for failing to update labels as a way to distinguish it from defenses that were to be identified in expert reports, which was Defendants' stated basis for the original objections. Plaintiffs' case is centered upon their allegation of these Defendants' failure to warn, and the warning comes from the label. Thus, identification of a third or other party, who Defendants may attempt to blame, relates directly to the failure to update the label. Magistrate Judge North's statements on the record are not so narrow as to preserve those defenses without disclosing them in discovery. In fact, His Honor ordered the Defendants to identify those parties within seven (7) days.  Neither Defendant identified anyone.

Accord went further and argued that Plaintiff Hughes cannot meet her burden on summary judgment because it claims that there's more to its claim of third-party fault than what it gave in its responses to discovery or its expert's testimony. How can Accord now assert that there is more to its claim than what was disclosed in discovery and it's experts' reports? In discovery and argument on the motion to compel, it disavowed allegations of third party fault. Its expert testified that Ms. Hughes' treating physician acted appropriately. Those are the facts that relate to this affirmative defense. It did not state any fact it contends is in dispute regarding any third party or other fault.

---

[1] *See* Pl's Ex. 3 to their Motion for Partial Summary Judgment (Rec. Doc. 11460-5) at pp. 6-7,

3

## CONCLUSION

No witness, document, or expert has been identified to support Sandoz's or Accord's affirmative defenses related to third-party or other fault. Accordingly, those affirmative defenses should be dismissed.

Dated: December 22, 2020

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

### PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

> */s/ M. Palmer Lambert*
> M. PALMER LAMBERT