**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Alice D. Hughes v. Accord Healthcare, Inc.* Case No. 2:17-cv-11769 | : : : : : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |

**DEFENDANT ACCORD HEALTHCARE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. MUKUL AGRAWAL**

Defendant Accord Healthcare, Inc. ("Accord"), by and through counsel, moves to strike Plaintiff's Reply Brief in Support of Motion to Exclude Testimony of Dr. Mukul Agrawal as untimely filed.

On November 5, 2020, the parties agreed to alter the briefing schedule for Trial 3 cases, moving the deadline for Motions and Briefs to November 17, 2020, with Oppositions due on December 11, 2020 and Replies on December 22, 2020. On November 12, 2020, Plaintiff Alice Hughes ("Plaintiff") elected to file a Motion to Exclude Accord's regulatory expert Dr. Mukul Agrawal (*see* Motion to Seal, Rec. Doc. 11425) outside of the timeline for Trial 3 motions. In recognizing that her motion would not be subject to the Trial 3 deadlines established, Plaintiff noticed the submission of the Agrawal motion for December 9, 2020. (*See* sealed Agrawal Motion package, Rec. Doc. 10504-2).[1]

---

[1] In accordance with Eastern District of Louisiana Local Rule 7.5, Accord filed its Memorandum in Opposition to Plaintiff's Motion on December 1, 2020, eight days before the submission date.

4982145

Pursuant to Eastern District of Louisiana Local Rule 7.2, "[t]he noticed date is the date the motion is deemed submitted to the court for decision and after which no further briefing will be allowed, except with prior leave of court."  Accordingly, Plaintiff's reply brief was due on December 9, 2020.  Without seeking prior leave, Plaintiff filed a reply brief in support of her Motion to Exclude Dr. Agrawal on December 22, 2020, 13 days late.

Nor did Plaintiff attempt to comply with Fed. R. Civ. P. 6(b) by filing a motion to establish good cause and/or excusable neglect.  As recognized by this Court, "[t]he standard is strict and requires more than ignorance, carelessness, or negligence."  *Jonesfilm v. Hoffman*, No. 11-cv-1994, 2012 WL 1804681 (E.D. La. May 17, 2012) (Milazzo, J.) (citing *Traffic Scan Network, Inc. v. Winston*, 92–2243, 1995 WL 83932, *1 (E.D. La. 1995) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).  Indeed, where the party selects the submission date and fails to act in accordance with it, this Court has found no excusable neglect.  *See Jonesfilm*, 2012 WL 1804681 at *2.  Accordingly, Plaintiff's reply brief should be stricken from the record as untimely.  *See Garst v. Costco Wholesale Corp.*, No. 19-cv-13906, 2020 WL 3287272 (E.D. La. June 18, 2020) (Milazzo, J.) (striking affidavit not submitted until after submission date).

Date:  December 29, 2020

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
Email:       julie.callsen@tuckerellis.com
             michael.ruttinger@tuckerellis.com
             brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2020, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Memorandum in Support of Motion to Strike Plaintiff's Reply Brief in Support of Motion to Exclude Testimony of Dr. Mukul Agrawal* was filed with the Court via the established process for filing under seal and will be placed on the docket, and also via email on all counsel of record.

                                        /s/ *Julie A. Callsen*
                                        Julie A. Callsen

4982145