UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| This document relates to: | ) | |
| Elizabeth Kahn, 16-17039 | ) | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on the Comparative Fault of her Treating Physicians and Misuse of Taxotere (Doc. 10915). The Court held oral argument on the Motion on October 6, 2020. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for 2021.[2]

In the instant Motion, Plaintiff Elizabeth Kahn, the second bellwether plaintiff, seeks summary judgment on Sanofi's eight affirmative defenses

---

[1] Docetaxel is the generic version of Taxotere.

[2] The second trial was continued due to the COVID-19 pandemic.

relating to third-party liability and product misuse. In addition, Plaintiff's Motion asks the Court to prohibit any testimony on the following:

(1) comparative fault on the part of anyone, including Ms. Kahn's physicians, Dr. Kardinal and Dr. Larned;

(2) Dr. Kardinal's or Dr. Larned's care and treatment of Ms. Kahn being below the standard of care;

(3) misuse of Taxotere by anyone, including Ms. Kahn, Dr. Kardinal, and Dr. Larned; and

(4) the prescription of Taxotere "off-label" as inappropriate or treatment falling below the standard of care.

In response to Plaintiff's Motion, Sanofi stipulates that it will not raise the eight affirmative defenses at trial that Plaintiff identifies. Sanofi, therefore, asks the Court to deny the summary judgment aspect of Plaintiff's Motion as moot. Sanofi does oppose, however, the evidentiary aspect of Plaintiff's Motion.

## LAW AND ANALYSIS

Given that Sanofi stipulates that it will not raise the affirmative defenses at issue, the Court denies as moot the summary judgment aspect of Plaintiff's Motion. The Court further denies Plaintiff's request for an evidentiary ruling, as this request is procedurally improper and premature. Plaintiff may instead file a motion in limine at the appropriate time, and in that context, the Court will consider whether to exclude the testimony at issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment on the Comparative Fault of her Treating Physicians and Misuse of Taxotere (Doc. 10915) is **DENIED**.

New Orleans, Louisiana this 8th day of January, 2021.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE