UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Alice D. Hughes v. Accord Healthcare, Inc.*<br>*Case No. 2:17-cv-11769* | : : : : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL
EXPERT REPORT OF DAVID ROSS, M.D., PH.D., M.B.I.**

Either Dr. Ross's Declaration "does not offer new opinions"—and is irrelevant—or it "expands on" and "further clarifi[es]" his opinions—and is untimely. Both of those things cannot be true, but that does not stop Plaintiff from expressly *saying* both in her brief opposing Accord's Motion to Strike. Pl.'s Opp. at 1, 6 (pending motion for leave to file under seal at Rec. Doc. 11563). No matter how many innocuous-sounding synonyms for "new opinion" Plaintiff serves up, Dr. Ross's supplemental declaration speaks for itself. Parties should not need to file 124-paragraph, nearly 30-page declarations to "provide context" for their expert reports. Dr. Ross is seeking a do-over.

Plaintiff has known for more than two years that Accord would seek summary judgment on preemption grounds. The specter of Accord's preemption defense was a large measure of the *raison d'être* for Dr. Ross's involvement in this case as a regulatory expert. His initial expert report corresponded to the arguments Plaintiff anticipated would be needed to respond to Accord's preemption motion, including Dr. Ross's understanding of the regulations and labeling obligations

applicable to drugs approved through the FDA's § 505(b)(2) regulatory pathway. Apparently, given that she felt the need to supplement her preemption opposition with a replacement declaration expounding on Dr. Ross's initial report, Plaintiff did not think he did a very good job the first time around.

Her reliance on Rule 56(c) as justification for her late disclosure has been squarely rejected by courts within the Fifth Circuit. And her flimsy, *ipse dixit* statement that Accord will not suffer "prejudice" holds no water given the years and resources already expended in this case. The only appropriate way to mitigate this prejudice is to strike Dr. Ross's Declaration—a measure that should cause Plaintiff no real prejudice or consternation given her insistence that he "does not offer new opinions" anyway. Thus this Court should not permit Plaintiff's untimely attempt to supplement Dr. Ross's opinions.

> **A.     Plaintiff's Opposition confirms that the opinions in Dr. Ross's Declaration are new, untimely, and should be stricken.**

This Court should not credit Plaintiff's argument that Dr. Ross's Declaration "does not offer new opinions." Even as she resists Accord's characterization of the declaration as "supplemental," Plaintiff litters her responses with euphemisms for the same thing:

- "Moreover, the Ross Declaration *offers further clarity* to the Court . . . ." Pl.'s Opp. at 1 (emphasis added);

- "The Ross Declaration was included *to provide further detail* specific to Accord's request for this Court to apply a novel preemption bar . . . .," *id.* at 4 (emphasis added);

- "*expanding on the opinion* that Accord should have been aware of 'newly acquired information' available during the relevant timeframe . . . .," *id.* at 6 (emphasis added);

- "*providing further clarification* on Accord's ability to change its label . . . .," *id.* at 6 (emphasis added);

- "The Ross Declaration was offered not to fix any problems in his report, but rather *to expand on and clarify certain issues* . . . .," *id.* at 6 (emphasis added).

Plaintiff can claim all she likes that these are neither "new" nor untimely in light of the clear scheduling order in this case, but nothing is cited to support this proposition.

> **B.   There is no excuse—legal or otherwise—for Dr. Ross's untimely declaration.**

Nor does Plaintiff offer up a single case citation to support the argument that summary judgment motions or the deposition of an opposing expert, such as Dr. Agrawal, create a scheduling order exemption that invites "expanding" opinions or "providing context" or providing "further background" in a supplemental report provided after the close of expert discovery. Besides, these excuses ring hollow in light of the facts that (1) Accord is not the first party in this MDL to raise and file a preemption-based motion for summary judgment; (2) Dr. Ross was aware of Dr. Agrawal's report and opinions and could have sought to supplement his opinions within the scheduled time for expert discovery; and (3) Dr. Ross was deposed over *three days* and could have expanded his opinions or provided context during any of those times.

Plaintiff seeks to excuse Dr. Ross's late supplement by misappropriating dicta from this Court's "fence post" order, which pertained to Sanofi's Motion for Summary Judgment on the claims of all plaintiffs who treated with Taxotere® prior to December 25, 2006. That Order has nothing to do with preemption and nothing to do with Accord. It is not a *carte blanche* invitation for plaintiffs to submit supplemental declarations in any case and on any issue they believe necessary across this MDL. That is particularly the case where, here, Dr. Ross was retained specific to Plaintiff Alice Hughes's lawsuit and is subject to this *case-specific* scheduling order. This Court has never invited an expert to issue supplemental reports well after the deadline already in place in a particular case.

Rule 56(c) also does not create a summary judgment "loophole" for a late expert opinion. Rule 56(c) contemplates attaching the affidavit of an expert *that was properly produced in*

3

*accordance with the scheduling order* in response to a summary judgment. It is not a license for a plaintiff to introduce *new* evidence, thereby defeating the very purpose for which discovery deadlines exist. Otherwise, as the Southern District of Mississippi explained in *Buxton v. Lil' Drug Store Prods., Inc.*, No. 2:02-cv-178, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007), "if plaintiff's position was the law, litigants could continue to file new expert affidavits and supplementary affidavits at any time right up until the day before any hearing the court may set on a motion for summary judgment." This, the court warned, "would eviscerate Rule 26's expert disclosure requirements, as well as courts' authority to enforce their own scheduling orders." *Id.*

Like in *Buxton*, Plaintiff here "has not cited one case in support of this argument—and, indeed, fails to address any of the cases cited in defendants' brief in support of the motion to strike, a number of which explicitly arise in the summary judgment context." *Id.*; *see also, e.g.*, *Williams v. Gonzales*, No. 1:04-cv-342, 2005 WL 3447885, at *6 (E.D. Tex. Dec. 14, 2005); *Cleave v. Renal Care Group, Inc.*, No. 2:04-cv-161, 2005 WL 1629750, at *1 (N.D. Miss. July 11, 2005); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001); *Thompson v. Barnett*, 734 F. Supp. 751, 753 (S.D. Miss. 1989) (striking untimely expert reports filed in response to defense motion for summary judgment).

Instead, Plaintiff misleads the Court by citing an incomplete snippet from a magistrate's decision in the Northern District of Texas, *Johnson v. Arkema*, and by extension, a case, *Pritchard*, from the Western District of Pennsylvania,[1] in support of her argument that a "further elaboration" upon the initial opinions expressed is permissible in support of a summary judgment motion. Pl.'s Opp. at 6. But the full quotation does not support Plaintiff:

---

[1] Plaintiff does so under the guise that *Johnson v. Arkema* was affirmed by the Fifth Circuit; however it was affirmed *on other grounds*.

4

> As in *Pritchard*, the undersigned is of the opinion that Dr. Grodzin's opinion that Mr. Johnson now has pulmonary fibrosis as opposed to the possibility of pulmonary fibrosis is merely an elaboration of his earlier opinion *after receipt of new information learned after the expert report deadline*.

*Johnson v. Arkema, Inc.*, No. W-09-cv-107, 2010 WL 11506972, at *16 (W.D. Tex. Dec. 16, 2010) (emphasis added). Plaintiff does not, and cannot, argue against the fact that every single piece of information relied upon by Dr. Ross in his supplemental report was based on information in his possession at the time of the expert report deadline. Thus it is clear that in the absence of new evidence, no new opinions—or even "elaboration"—is proper, and the Declaration was untimely.[2]

Finally, assuming the supplemental report is not timely, the four *Geiserman* factors (importance, prejudice, the ability to cure prejudice, and explanation of plaintiff) confirm that exclusion is the only appropriate remedy. Starting with the last factor, as set forth above, Plaintiff offers *no* explanation as to why Dr. Ross's "expanded" opinions were not disclosed at the appropriate time—*during* the expert discovery window. Plaintiff does not contest that they could have been. And with respect to prejudice, Plaintiff's response that Accord is not prejudiced because Accord could "confront" Dr. Ross's opinions in its summary judgment reply briefing is hardly reassuring. A reply brief is not confrontation; a deposition is—and Dr. Ross already had *three days* in which he could have "expanded upon" and "further clarified" his opinions when Accord would have had a chance to cross-examine him. Instead, Dr. Ross and Plaintiff's counsel spent those three days stonewalling defense counsel with non-responsive answers, "caveats," and objections. Their decision to wait to "clarify" Dr. Ross's opinions until a post-summary judgment declaration, which Accord cannot cross-examine, is thinly disguised sand-bagging. The alternative

---

[2] Plaintiff's attempt to distinguish the cases cited by Accord in its opening brief rests solely on Plaintiff's untenable position that Dr. Ross's 124-paragraph declaration contains no new opinions. (*See* Pl.'s Opp. at 7.)

5

to striking Dr. Ross's testimony—reopening discovery, engaging in supplemental expert reports, re-filing *Daubert* motions, and delaying trial—would only heighten the prejudice.[3]  Accord has been in this litigation for years, been sued in thousands of cases, and this Court should not further delay justice by giving into plaintiff's delay tactics.  Thus the second and third *Geiserman* factors are met.  And, with respect to the importance of the opinions factor, Plaintiff does not appear to believe her own position; the "important" Ross Declaration was cited in exactly one footnote to her Opposition to the preemption motion.[4]

As the Fifth Circuit has recognized, "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (upholding district court's decision to deny request to supplement expert report when the importance and prejudice *Geiserman* factors met).  This Court should exercise that discretion and strike Dr. Ross's Declaration.

## CONCLUSION

Synonyms and euphemisms cannot hide Plaintiff's attempt to circumvent the discovery schedule and sand-bag Accord with an untimely supplemental report of its regulatory expert, Dr. Ross. At best, this is yet another in Plaintiff's myriad delay tactics to forestall this Court from

---

[3] Plaintiff should not be permitted to use trial delays due to COVID-19 to her tactical advantage. The prejudice of having to re-do discovery and motion practice already completed is enormous, regardless of the trial date.

[4] Plaintiff also attached Dr. Ross's supplemental report to its Motion to Exclude Dr. Agrawal.  As set forth in Defendants' Brief in Opposition to the Motion to Exclude Dr. Agrawal (motion for leave to file under seal pending at Rec. Doc. 11553), Dr. Ross's *substantive opinions* are not germane to the determination of Dr. Agrawal's *qualifications*.

addressing Accord's preemption motion. At worst, it is a flagrant abuse of the discovery process. Either way, the appropriate remedy is to strike Dr. Ross's Declaration.

Date: December 7, 2020	Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:	216.592.5000
Facsimile:	216.592.5009
Email:	julie.callsen@tuckerellis.com
	michael.ruttinger@tuckerellis.com
	brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Reply Brief in Support of Motion to Strike Supplemental Expert Report of David Ross, M.D., Ph.D., M.B.I.* was filed with the Court via the electronic court filing system.

*/s/ Julie A. Callsen*
Julie A. Callsen

4946050