UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Mary LaGodna*<br>*v.*<br>*Sandoz Inc., EDLA No. 2:17-cv-12644* | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Mary E. LaGodna

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   N/A

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable

4. Current State of Residence:  Florida

5. State in which Plaintiff(s) allege(s) injury:  Florida

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

6. Defendants (check all Defendants against whom a Complaint is made):

    a. Taxotere Brand Name Defendants

        ☐  A.  Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐  B.  Sanofi-Aventis U.S. LLC

    b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☒  A.  Sandoz Inc.

        ☐  B.  Accord Healthcare, Inc.

        ☐  C.  McKesson Corporation d/b/a McKesson Packaging

        ☐  D.  Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☐  E.  Hospira, Inc.

        ☐  F.  Sun Pharma Global FZE

        ☐  G.  Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☐  H.  Pfizer Inc.

        ☐  I.  Actavis LLC f/k/a Actavis Inc.

        ☐  J.  Actavis Pharma, Inc.

        ☐  K.  Sagent Pharmaceuticals, Inc.

        ☐  L.  Other:

7. Basis for Jurisdiction:

    ☒  Diversity of Citizenship

    ☐  Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Florida Middle District Court

9. Brand Product(s) used by Plaintiff (check applicable):

☐ A. Taxotere

☐ B. Docefrez

☒ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

September 2, 2014-November 4, 2014

11. State in which Product(s) identified in question 9 was/were administered:

Florida

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately May, 2015 to present. Permanent/Persistent loss and thinning of hair on the scalp since treatment with Docetaxel. Also, permanent/persistent loss and thinning of eyebrows and eyelashes. Please see the last page for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒    Count I – Strict Products Liability – Failure to Warn
    ☒    Count III – Negligence
    ☒    Count IV – Negligent Misrepresentation
    ☒    Count V – Fraudulent Misrepresentation
    ☒    Count VI – Fraudulent Concealment
    ☒    Count VII – Fraud and Deceit

    ☐    Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

> /s/ Justin E. Dunlap
> Attorney for the Plaintiff
> TX Bar 24040835
> Hotze Runkle PLLC
> 1101 S. Capital of Texas Hwy
> Bldg. C, Suite 100
> West Lake Hills, Texas 78746
> justin@hotzerunkle.com
> (512) 476-7771 tel
> (512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Docetaxel beginning September 2, 2014 at the Moffitt Cancer Center in Tampa, Florida.

2. On August 19, 2014 prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Dr. Loretta Loftus. Dr. Loftus told Plaintiff that "all side effects during chemotherapy are temporary and not permanent."

3. Prior to undergoing chemotherapy, Moffin Cancer Center provided Plaintiff with an "Education and Medication Leaflet" for Docetaxel which stated that a common side effect of docetaxel was "temporary hair loss."

4. Plaintiff completed her chemotherapy treatment with Docetaxel on November 4, 2014.

5. Following chemotherapy, Plaintiff's hair partially re-grew, although Plaintiff observed that the regrowth was very thin and there were patches on her scalp with no hair. Additionally, Plaintiff observed that her eyebrows and eyelashes did not re-grow.

6. In 2016 Plaintiff tried the use of Cerafill Minoxidil Topical Solution and Nioxin shampoo to encourage her hair to re-grow following chemotherapy.

7. In September 2016 Plaintiff saw attorney television advertisements concerning Docetaxel and permanent hair loss.

8. In 2018 Plaintiff consulted with a dermatologist in Ft. Myers, Florida in 2018 regarding her hair loss.