| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Rosemary and Frank Gary*<br>*v.*<br>*Sanofi US Services Inc., et al.*, EDLA No. 2:17-cv-05451 | HON. JANE T. MILAZZO |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiffs incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Rosemary Gary

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   Frank Gary

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable

4. Current State of Residence: Florida

5. State in which Plaintiff(s) allege(s) injury: Florida

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

      ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

      ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

      ☐ A. Sandoz Inc.

      ☐ B. Accord Healthcare, Inc.

      ☐ C. McKesson Corporation d/b/a McKesson Packaging

      ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

      ☐ E. Hospira, Inc.

      ☐ F. Sun Pharma Global FZE

      ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

      ☐ H. Pfizer Inc.

      ☐ I. Actavis LLC f/k/a Actavis Inc.

      ☐ J. Actavis Pharma, Inc.

      ☐ K. Sagent Pharmaceuticals, Inc.

      ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship
   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Middle District of Florida

9. Brand Product(s) used by Plaintiff (check applicable):

    ☒ A. Taxotere
    ☐ B. Docefrez
    ☐ C. Docetaxel Injection
    ☐ D. Docetaxel Injection Concentrate
    ☐ E. Unknown
    ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

    First Date of Use—October 26, 2010

    Last Date of Use—February 7, 2011

11. State in which Product(s) identified in question 9 was/were administered:

    Florida

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately August 2011 (six months after last treatment with Taxotere). Permanent/Persistent loss and thinning of hair on the scalp since treatment with Taxotere. Additionally, Plaintiff has suffered Permanent/Persistent loss of eyelashes, eyebrows, and body hair since treatment with Taxotere. Please also see last page for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability – Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ☒Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

    > Count VIII--Violation of the Florida Deceptive and Unfair Trade Practices Act (F.S. § 501.201 *et seq.*). Defendants communicated the purported benefits of Taxotere while failing to disclose the serious side effects related to permanent alopecia. Defendants made these representations and omissions to physicians, the medical community at large, and to patients and consumers such as Plaintiff.
    >
    > Count IX--Loss of Consortium relating to spouse Frank Gary. Spouse Plaintiff has suffered and will continue to suffer the loss of their loved one's support, companionship, services, society, love and affection due to Plaintiff Rosemary Gary's hair loss. Plaintiff Spouse alleges that their marital relationship was impaired and depreciated, and the marital association between husband and wife has been altered due to Plaintiff Rosmary Gary's permanent hair loss.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

/s/ Justin E. Dunlap
Attorney for the Plaintiff
TX Bar 24040835
Hotze Runkle PLLC
1101 S. Capital of Texas Hwy
Bldg. C, Suite 100
West Lake Hills, Texas 78746
justin@hotzerunkle.com
(512) 476-7771 tel
(512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Taxotere beginning October 26, 2010 at 21st Century Oncology of Jacksonville in Jacksonville, Florida.

2. In October 2010, prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing oncologist, Dr. Dimitrios Agaliotis. Dr. Agaliotis advised Plaintiff that she would lose her hair during her chemotherapy treatment, but that "your hair should grow back."

3. Plaintiff completed her chemotherapy treatment with Taxotere on February 7, 2011.

4. Following chemotherapy, Plaintiff observed that the regrowth of her hair was like fuzz on her scalp and did not grow back fully. Plaintiff also observed the loss of her eyelashes, eyebrows, and body hair, which never grew back.

5. During follow-up oncology appointments in 2011 and 2012 Plaintiff expressed her concerns to Dr. Agaliotis that her hair was not coming back following chemotherapy. Plaintiff told Dr. Agaliotis that "I still don't have much hair." Dr. Agaliotis responded that "it will just take time, but it will grow back."

6. During a follow-up visit with Dr. Agaliotis on October 15, 2012, Dr. Agaliotis wrote in his physical examination notes that the "patient continues to grow hair."

7. In September 2016 Plaintiff saw attorney advertisements concerning Taxotere and permanent hair loss.

8. In March 2018, Plaintiff discussed her concerns regarding the rate of her hair re-growth with Dr. Zhen Hou at 21st Century Oncology of Jacksonville. Dr. Hou diagnosed Plaintiff as having developed "alopecia as a result of the chemotherapy from which she never fully recovered afterwards."