# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| Evelyn Disher                              , | : : | COMPLANT & JURY DEMAND |
| Plaintiff(s), | : : | Civil Action No.: **2:18-cv-05523** |
| vs. | : : : | |
| Hospira Worldwide, LLC, et al.            , | : : | |
| Defendant(s). | : : | |
| ------------------------------------------------------------ | : | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Evelyn Disher

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   N/A

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Current State of Residence: <u>South Carolina</u>

5. State in which Plaintiff(s) allege(s) injury: <u>Ohio</u>

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

       ☐ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

       ☐ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

       ☐ A. Sandoz Inc.

       ☐ B. Accord Healthcare, Inc.

       ☐ C. McKesson Corporation d/b/a McKesson Packaging

       ☒ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

       ☒ E. Hospira, Inc.

       ☐ F. Sun Pharma Global FZE

       ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

       ☐ H. Pfizer Inc.

       ☐ I. Actavis LLC f/k/a Actavis Inc.

       ☐ J. Actavis Pharma, Inc.

       ☐ K. Other: _____

7.     Basis for Jurisdiction:

       ☒     Diversity of Citizenship

       ☐     Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.     Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

> District of South Carolina

9.     Brand Product(s) used by Plaintiff (check applicable):

       ☐     A.     Taxotere

       ☐     B.     Docefrez

       ☒     C.     Docetaxel Injection

       ☐     D.     Docetaxel Injection Concentrate

       ☐     E.     Unknown

       ☐     F.     Other:

10.     First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> Date of first treatment: February 9, 2015
> Date of last use: April 13, 2015

3

11. State in which Product(s) identified in question 9 was/were administered:

> Ohio

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent hair loss and thinning on top of head.

13. Counts in Master Complaint brought by Plaintiff(s):

- ☒ Count I – Strict Products Liability – Failure to Warn
- ☒ Count III – Negligence
- ☒ Count IV – Negligent Misrepresentation
- ☒ Count V – Fraudulent Misrepresentation
- ☒ Count VI – Fraudulent Concealment
- ☐ Count VII – Fraud and Deceit

- ☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> Strict Liability – Failure to Warn – Ohio Rev. Code Ann. §2307.76(A); South Carolina Unfair Trade Practices Act – S.C. Code Ann. §39-50-1(a) as a result of failing to disclose risks and side effects of the drug and by misleading physicians and the public

4

**FACTUAL ALLEGATIONS**

1. Plaintiff completed chemotherapy treatment in April 2015
2. Plaintiff moved from Ohio to South Carolina in late 2015.
3. Plaintiff contacted her prescribing oncologist, Dr. David Randolph Drosick, on July 6, 2015 inquiring whether it was normal for her hair to take this long to grow back, as she did not experience difficulty with hair re-growth after chemotherapy was completed for breast cancer in her right breast in November 1995. Plaintiff contacted Dr. Drosick's office again on May 13, 2016 and advised that her hair was still not growing back.
4. After moving to South Carolina, Plaintiff began seeing a new oncologist, Dr. Mary Ackerman. At her visit on June 27, 2016, Plaintiff inquired about her hair loss. Dr. Ackerman advised that she did not treat Plaintiff through her cancer diagnosis and treatment and was unaware of the extent of her hair loss to give any advice.
5. On September 26, 2016, Plaintiff talked to a nurse in Dr. Ackerman's office about her hair loss.
6. In May 2016, Plaintiff started using a scalp stimulator brush to help stimulate hair growth, as well as black castor oil cream. Plaintiff still uses these products.
7. In July 2017, Plaintiff started using Biotin to encourage her hair to re-grow faster. Plaintiff used the product as directed.
8. On September 18, 2018, Plaintiff saw Dr. Smythe Rich, a facial and plastic reconstructive surgery doctor. During this visit, Plaintiff spoke with Nancy Ruth, R.N., about permanent cosmetic eyebrows. However, Plaintiff did not get the procedure because of the cost.
9. In September 2018, Plaintiff purchased a lash serum that was recommended by Dr. Rich. She used the product as directed.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: Bruce S. Kingsdorf (#7403)
Dawn M. Barrios (#2821)
Zachary L. Wool (#32778)
Emma K. Schwab (#35864)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
bkingsdorf@bkc-law.com
barrios@bkc-law.com
zwool@bkc-law.com
eschwab@bkc-law.com
Attorneys for the Plaintiff

6