## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Karen and James Lee Hamann v. Sanofi US Services Inc., et al.*, EDLA No. 2:17-cv-07327 | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiffs incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Karen Hamann

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   James Lee Hamann

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable

4. Current State of Residence:   Nevada

5. State in which Plaintiff(s) allege(s) injury:   Nevada

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

   ☐ K. Sagent Pharmaceuticals, Inc.

   ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship
   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

2

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Nevada District Court

9. Brand Product(s) used by Plaintiff (check applicable):

☒ A. Taxotere

☐ B. Docefrez

☐ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

First Date of Use—April 7, 2010

Last Date of Use—May 27, 2010

11. State in which Product(s) identified in question 9 was/were administered:

Nevada

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately November, 2010 to present (Six months post Taxotere). Permanent/Persistent loss and thinning of hair on the scalp since treatment with Taxotere. Additionally, Plaintiff has suffered Permanent/Persistent loss of eyelashes and eyebrows since Taxotere. Please also see last page for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability – Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ☐ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

> /s/ Justin E. Dunlap
> Attorney for the Plaintiff
> TX Bar 24040835
> Hotze Runkle PLLC
> 1101 S. Capital of Texas Hwy
> Bldg. C, Suite 100
> West Lake Hills, Texas 78746
> justin@hotzerunkle.com
> (512) 476-7771 tel
> (512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Taxotere beginning April 6, 2010 at the Carson Tahoe Cancer Center in Carson City, Nevada.

2. In November 2009, prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing oncologist, Dr. John Kelly. Dr. Kelly advised Plaintiff that "usually two weeks after treatment your hair will start coming out", and that "hair will fall out, but hair will grow back." Dr. Kelly also stated "you have really straight hair, sometimes hair will come back curly, but your hair will come back."

3. Plaintiff completed her chemotherapy treatment with Taxotere on May 27, 2010.

4. Following chemotherapy Plaintiff observed that her hair regrowth was sporadic and the top of her scalp stayed bald, and what hair did grow back was very fine. Plaintiff also observed the loss of her eyelashes and eyebrows, which never grew back.

5. In August 2010, Plaintiff discussed her hair loss with a hair dresser at Super Cuts. The hair dresser stated to Plaintiff that "everyone has two layers of hair and your bottom layer is completely gone."

6. In 2011 Plaintiff brought up her concerns about her continued hair loss to Dr. Kelly. Dr. Kelly stated to Plaintiff that "you may have had fine hair before the chemotherapy."

7. In May 2017 Plaintiff saw attorney advertisements concerning Taxotere and permanent hair loss.

8. In January 2018, Plaintiff consulted with physician Dr. Melanie Adams with Carson Dermatology in Carson City, Nevada and was diagnosed with alopecia areata following a biopsy.