# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Carolyn Hubbard*<br>*v.*<br>*Sanofi US Services Inc., et al.*, EDLA No. 2:17-cv-06531 | |

## FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff further allege as follows:

1. Plaintiff:

    Carolyn Hubbard

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    Not Applicable

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    Not applicable

4. Current State of Residence:  Virginia

5. State in which Plaintiff(s) allege(s) injury:  Virginia

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

   ☐ K. Sagent Pharmaceuticals, Inc.

   ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship
   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

> Western District of Virginia

9. Brand Product(s) used by Plaintiff (check applicable):

   ☒ A. Taxotere
   ☐ B. Docefrez
   ☐ C. Docetaxel Injection
   ☐ D. Docetaxel Injection Concentrate
   ☐ E. Unknown
   ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> First Date of Use—December 9, 2009
>
> Last Date of Use—February 10, 2010

11. State in which Product(s) identified in question 9 was/were administered:

> Virginia

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately August, 2010 to the present. Permanent/Persistent loss and thinning of hair on the scalp since treatment with Taxotere. Additionally, Plaintiff has suffered Permanent/Persistent loss of eyelashes since treatment with Taxotere. Please also see last page for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability – Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ❑Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

> /s/ Justin E. Dunlap
> Attorney for the Plaintiff
> TX Bar 24040835
> Hotze Runkle PLLC
> 1101 S. Capital of Texas Hwy
> Bldg. C, Suite 100
> West Lake Hills, Texas 78746
> justin@hotzerunkle.com
> (512) 476-7771 tel
> (512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Taxotere beginning on December 9, 2009 at the Ravenel Oncology Center, Memorial Hospital in Martinsville, Virginia.

2. Plaintiff completed her chemotherapy treatment with Taxotere on February 10, 2010.

3. Following chemotherapy, Plaintiff observed that although her hair partially regrew, her hair had thinned and that there was a large bald spot on the back of her scalp that never regrew. Additionally, Plaintiff observed that her eyelashes did not regrow following her chemotherapy.

4. In 2011, during a chemotherapy follow-up appointment, Plaintiff raised concerns regarding her continued hair loss with her prescribing oncologist Dr. Sreedhar Katragadda. Dr. Katragadda stated that he "did not know why" Plaintiff's hair had not regrown fully. In 2011, Plaintiff also discussed her hair loss with her primary care physician Dr. Virgil Atienza.

5. In 2011, Plaintiff tried Rogaine to encourage her hair to re-grow.

6. In September 2016 Plaintiff saw attorney television advertisements concerning Taxotere and permanent hair loss.