UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | HON. JANE T. MILAZZO |
| THIS DOCUMENT RELATES TO:<br><br>STELLA SHERMAN v. SANOFI US SERVICES INC., ET AL., EDLA No. 2:17-cv-04860 | Civil Action No.: 2:17-CV-04860 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED SHORT FORM COMPLAINT**

Plaintiff, through undersigned counsel, respectfully requests leave of Court to file the attached proposed Amended Short Form Complaint for plaintiff, Stella Sherman.

The Plaintiff's attached proposed Amended Short Form Complaint is submitted to provide factual allegations particular to the circumstances of Plaintiff Stella Sherman's claim and to memorialize her causes of action under applicable law. Plaintiff submits that the proposed Amended Short Form Complaint is consistent with PTO 105 in that it adds factual allegations of particularized facts individual and specific to Plaintiff's medical care and treatment and Plaintiff's communications with medical professionals, and to clarify prior allegations.

The Court should grant leave to file an amended pleading unless the opposing party can show prejudice, bad faith, or undue delay. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the context of this MDL, Plaintiffs are required to use the master complaint structure pursuant to Pretrial Order No. 15 (Rec. Doc. 230). The interests of fairness, equity and justice support allowing the above referenced Plaintiff leave to amend her pleading to conform to

1

the legal allegations and to clarify her case-specific factual allegations made in previous versions of her pleadings.

Because PTO 105 deadlines allow for amendment of pleadings, and considering Plaintiff has not been deposed, Plaintiff respectfully suggests that there is no prejudice as the Defendants have the ability to question Plaintiff regarding these proposed amended allegations. Defendants will have the opportunity to challenge these allegations through discovery and with motion practice brought in accordance with the agreed deadlines.

Moreover, the allegations do not add any additional parties. The amendments merely add particularized facts individual and specific to Plaintiff's treatment and/or communications with medical professionals; thus the amendments in no way will unfairly surprise or prejudice Defendants, are not made in bad faith, and are timely given that Plaintiff's case is at the pleadings and pre-deposition stage. *See Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (recognizing Rule 15 liberally allows amendments in such circumstances). The amendments are proper and necessary because any assessment of Plaintiff's statute of limitations issue is inherently individualized and is appropriate only after a development of a full factual record. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 25292, 2012 WL 1580751, at *2 (E.D. La. May 4, 2012). PTO 105 appropriately allows all Plaintiffs to add allegations about their medical care and treatment, and communications with medical professionals, which has been done in the amendments.

Accordingly, Plaintiff respectfully requests that the Court grant their Motion for Leave to Amend her Short Form Complaint and enter the proposed pleading into the record.

Dated this 13th day of January 2021.

By: s/Justin E. Dunlap
Justin E. Dunlap
Hotze Runkle, PLLC
1101 S. Capital of Texas Hwy
Bldg. C, Suite 100
West Lake Hills, Texas 78746
Telephone: (512) 476-7771

Facsimile: (512) 476-7781
Email: justin@hotzerunkle.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

By: s/Justin E. Dunlap
Justin E. Dunlap