# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Tillie Fentress v. Hospira, Inc., et al.*, EDLA No. 2:17-cv-07085 | |

## FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff further allege as follows:

1. Plaintiff:

    Tillie Fentress

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    Not applicable

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    Not applicable

4. Current State of Residence:  Nebraska

5. State in which Plaintiff(s) allege(s) injury:  Nebraska

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

6. Defendants (check all Defendants against whom a Complaint is made):

    a.    Taxotere Brand Name Defendants

        ☐    A.    Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐    B.    Sanofi-Aventis U.S. LLC

    b.    Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☐    A.    Sandoz Inc.

        ☐    B.    Accord Healthcare, Inc.

        ☐    C.    McKesson Corporation d/b/a McKesson Packaging

        ☒    D.    Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☒    E.    Hospira, Inc.

        ☐    F.    Sun Pharma Global FZE

        ☐    G.    Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☒    H.    Pfizer Inc.

        ☐    I.    Actavis LLC f/k/a Actavis Inc.

        ☐    J.    Actavis Pharma, Inc.

        ☐    K.    Sagent Pharmaceuticals, Inc.

        ☐    L.    Other:

7. Basis for Jurisdiction:

    ☒    Diversity of Citizenship

    ☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Nebraska District Court

9. Brand Product(s) used by Plaintiff (check applicable):

- ❏ A. Taxotere
- ☐ B. Docefrez
- ☒ C. Docetaxel Injection
- ☐ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

First Date of Use—July 22, 2015

Last Date of Use—September 25, 2015

11. State in which Product(s) identified in question 9 was/were administered:

Nebraska

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately March, 2016 to present (Six months post Docetaxel). Permanent/Persistent loss and thinning of hair on the scalp since treatment with Docetaxel. Additionally, Plaintiff has suffered Permanent/Persistent loss of eyelashes and eyebrows since Docetaxel. Please also see last page for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

   ☒ Count I – Strict Products Liability – Failure to Warn
   ☒ Count III – Negligence
   ☒ Count IV – Negligent Misrepresentation
   ☒ Count V – Fraudulent Misrepresentation
   ☒ Count VI – Fraudulent Concealment
   ☒ Count VII – Fraud and Deceit

   ☐ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

> /s/ Justin E. Dunlap
> Attorney for the Plaintiff
> TX Bar 24040835
> Hotze Runkle PLLC
> 1101 S. Capital of Texas Hwy
> Bldg. C, Suite 100
> West Lake Hills, Texas 78746
> justin@hotzerunkle.com
> (512) 476-7771 tel
> (512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Docetaxel beginning July 22, 2015 at ACH Bergan Mercy Medical Center in Omaha, Nebraska.

2. In June and July 2015, prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing oncologist, Dr. Geetha Palaniappan. Dr. Palaniappan advised Plaintiff that she would "probably lose your hair, eyelashes, and eyebrows, but don't worry about it, it is only temporary and will grow back a few months after chemotherapy."

3. Plaintiff completed her chemotherapy treatment with Docetaxel on September 25, 2015.

4. Following chemotherapy, Plaintiff's hair partially re-grew, although Plaintiff observed that much of the hair that did regrow was fine like baby hair and there were continued patchy bald spots along the crown and sides of her scalp. Additionally, Plaintiff observed the loss of her eyelashes and eyebrows, which never regrew.

5. In September 2016 Plaintiff saw attorney advertisements concerning Docetaxel and permanent hair loss.

6. In July 2018 Plaintiff discussed her continued hair loss with Dr. Maman Ali and was diagnosed with "permanent hair loss."