UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Danette Shepherd v. Sanofi US Services Inc., et al.*, EDLA No. 2:17-cv-11200 | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this First Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff further allege as follows:

1. Plaintiff:

    Danette Shepherd

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

    Not Applicable

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    Not applicable

4. Current State of Residence: Michigan

5. State in which Plaintiff(s) allege(s) injury: Michigan

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☒ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐ A. Sandoz Inc.

   ☐ B. Accord Healthcare, Inc.

   ☐ C. McKesson Corporation d/b/a McKesson Packaging

   ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐ E. Hospira, Inc.

   ☐ F. Sun Pharma Global FZE

   ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐ H. Pfizer Inc.

   ☐ I. Actavis LLC f/k/a Actavis Inc.

   ☐ J. Actavis Pharma, Inc.

   ☐ K. Sagent Pharmaceuticals, Inc.

   ☐ L. Other:

7. Basis for Jurisdiction:

   ☒ Diversity of Citizenship
   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

   District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

   Michigan Eastern District Court

9. Brand Product(s) used by Plaintiff (check applicable):

   ☒ A. Taxotere
   ☐ B. Docefrez
   ☐ C. Docetaxel Injection
   ☐ D. Docetaxel Injection Concentrate
   ☐ E. Unknown
   ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

    Approximately January-December 2004 (this is an approximate date range, specific dates are unknown)

11. State in which Product(s) identified in question 9 was/were administered:

    Michigan

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Approximately 2004 to present. Permanent/Persistent loss and thinning of hair on the scalp since treatment with Taxotere.  Please also see last page of First Amended Short Form Complaint for additional information.

13. Counts in Master Complaint brought by Plaintiff(s):

    ☒ Count I – Strict Products Liability – Failure to Warn
    ☒ Count III – Negligence
    ☒ Count IV – Negligent Misrepresentation
    ☒ Count V – Fraudulent Misrepresentation
    ☒ Count VI – Fraudulent Concealment
    ☒ Count VII – Fraud and Deceit

    ❏Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

> /s/ Justin E. Dunlap
> Attorney for the Plaintiff
> TX Bar 24040835
> Hotze Runkle PLLC
> 1101 S. Capital of Texas Hwy
> Bldg. C, Suite 100
> West Lake Hills, Texas 78746
> justin@hotzerunkle.com
> (512) 476-7771 tel
> (512) 476-7781 fax

Continuation of Question 12:

1. Plaintiff received chemotherapy treatment with Taxotere beginning in approximately January 2004 at Great Lakes Cancer Management Specialists in Warren, Michigan.

2. In approximately January 2004, prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Dr. Tariq Sabir. Dr. Sabir told Plaintiff that "you will lose your hair, do not get alarmed, it will grow back after chemotherapy once your body readjusts."

3. Plaintiff completed her chemotherapy treatment with Taxotere in approximately April 2004.

4. In late 2004 or early 2005, during a chemotherapy follow-up appointment, Plaintiff raised concerns regarding her continued hair loss with Dr. Sabir. Dr. Sabir responded that Plaintiff's hair regrowth "might be slow, but would grow back."

5. In approximately 2005 or 2006, Plaintiff saw dermatologist Dr. Lorna Thomas about the failure of her hair to fully re-grow. Dr. Thomas stated to Plaintiff that she "did not think that her hair loss was permanent."

6. In September 2016 Plaintiff saw attorney television advertisements concerning Taxotere and permanent hair loss.

7. In January 2018 Plaintiff consulted with Dr. Majed Rammouni of Lakeside Internal Medicine and was diagnosed with "significant and generalized alopecia."