# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE MILAZZO |
| Mary E. Vance, | MAG. JUDGE NORTH |
| Plaintiff(s), | COMPLAINT & JURY DEMAND |
| vs. | Civil Action No.: 2:18-cv-6913 |
| Sanofi U.S. Services Inc., et al., | |
| Defendant(s). | |

**FIRST AMENDED SHORT FORM COMPLAINT (Effective as of January 4, 2019)[1]**

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

    Mary E. Vance

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

2.     Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):
   N/A

3.     Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
   N/A

4.     Current State of Residence: Idaho

5.     State in which Plaintiff(s) allege(s) injury: Montana

6.     Defendants (check all Defendants against whom a Complaint is made):

   a.    Taxotere Brand Name Defendants

       [✔] A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
       [✔] B. Sanofi-Aventis U.S. LLC

   b.    Other Brand Name Drug Sponsors, Manufacturers, Distributors

       [ ] A. Sandoz Inc.
       [ ] B. Accord Healthcare, Inc.
       [ ] C. McKesson Corporation d/b/a McKesson Packaging
       [ ] D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.
       [ ] E. Hospira, Inc.
       [ ] F. Sun Pharma Global FZE
       [ ] G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.
       [ ] H. Pfizer Inc.
       [ ] I. Actavis LLC f/k/a Actavis Inc.
       [ ] J. Actavis Pharma, Inc.

|   |   | K. | Other: |   |
|---|---|---|---|---|

7. Basis for Jurisdiction:

| ✔ | Diversity of Citizenship |
|---|---|
|   | Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): |

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

USDC District of Montana, Kalispell Division

9. Brand Product(s) used by Plaintiff (check applicable):

| ✔ | A. | Taxotere |
|---|---|---|
|   | B. | Docefrez |
|   | C. | Docetaxel Injection |
|   | D. | Docetaxel Injection Concentrate |
|   | E. | Unknown |
|   | F. | Other: |

3

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

> 2/4/2004 - 4/6/2004

11. State in which Product(s) identified in question 9 was/were administered:

> Montana

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Permanent/persistent hair loss and diffuse thinning of hair.

13. Counts in Master Complaint brought by Plaintiff(s):

   - ✔ Count I – Strict Products Liability - Failure to Warn
   - ✔ Count III – Negligence
   - ✔ Count IV – Negligent Misrepresentation
   - ✔ Count V – Fraudulent Misrepresentation
   - ✔ Count VI – Fraudulent Concealment
   - ✔ Count VII – Fraud and Deceit

   - ✔ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

In addition to the counts listed above, Plaintiff(s) also adopts the allegations and claims listed in the Master Long Form Complaint and asserts the following:

Count IX. Violations of Applicable Montana Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices.

FACTUAL ALLEGATIONS

1. Plaintiff received chemotherapy treatment from 2/4/2004 through 4/6/2004 at Kalispell Medical Oncology in Kalispell, Montana.

2. Prior to undergoing chemotherapy treatment, Plaintiff discussed the potential chemotherapy side effects with her prescribing doctor, Karen Hunt, MD.

3. Plaintiff was told by her oncologist that she would lose her hair during chemotherapy treatment, but that it would grow back after chemotherapy ended, although the hair texture and/or color may change. Plaintiff was told that her hair should begin to regrow within 1-2 years after chemotherapy ended.

4. Plaintiff attended each of her six-month follow-up appointments in the immediate months after chemotherapy ended and she inquired and discussed her hair loss and lack of hair regrowth with her providers during those initial visits. Her provider often answered with responses such as, "well, you're alive; get in line" and seemed dismissive. Plaintiff was also concerned about other health issues that came up at this time, including a back wound and a possible second diagnosis of breast cancer in her other breast.

5. Plaintiff's hair only grew back very thin and fuzzy and sparse over her scalp which did not improve over time. Her length was barely 1-2 inches and would not grow any longer.

6. Plaintiff treated with Sarah Nargi, MD in South Whitefish, MT from approximately September 2009 through June 2011. Plaintiff was diagnosed with alopecia and treated using topical treatments, laser treatment, and follicular unit hair transplantation, but Plaintiff saw no appreciable regrowth on her scalp, eyelashes, or eyebrows.

7. Plaintiff first saw the Taxotere lawsuit advertisements shortly before she made contact with the law firm and signed retainer documentation in July 2016.

FAILURE TO WARN UNDER THE MONTANA CODE

8. Plaintiff repeats, reiterates, and re-alleges all paragraphs of the Second Amended Master

Long Form Complaint, with the same force and effect as if fully set forth herein.

9. Defendants researched, tested, developed, designed, licensed, manufactured, packaged, labeled, distributed, sold, marketed, and/or introduced TAXOTERE® into the stream of commerce, and in the course of same, directly advertised or marketed TAXOTERE® to consumers or persons responsible for consumers, and therefore, had a duty to both Plaintiff directly and her physicians to warn of risks associated with the use of the product, including, but not limited to, permanent disfiguring alopecia.

10. Defendants had/have a duty to warn of adverse drug reactions, including, but not limited to, permanent disfiguring or scarring alopecia, which they knew or should have known in light of reasonably available knowledge can be caused by the use of TAXOTERE® and/or are associated with the use of TAXOTERE®, and of which an ordinary consumer would not realize.

11. The TAXOTERE® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Defendants was defective and rendered dangerous to the user/consumer in that it failed to include adequate warnings regarding all adverse side effects, including, but not limited to, permanent disfiguring or scarring alopecia, associated with the use of TAXOTERE®. The warnings given by Defendants did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of disfiguring or scarring permanent alopecia.

12. Defendants failed to provide adequate warnings to physicians and users, including Plaintiff's physicians and Plaintiff, of the increased risk of disfiguring or scarring permanent alopecia associated with TAXOTERE®, although Defendants aggressively and fraudulently promoted the product to physicians.

13. Due to the inadequate warning regarding the serious risk for disfiguring or scarring permanent alopecia, TAXOTERE® was in a defective condition and unreasonably dangerous at the time that it left the control of Defendants.

14. Defendants' failure to adequately warn Plaintiff and her prescribing physicians of the serious risk of disfiguring permanent alopecia prevented Plaintiff's prescribing physicians and Plaintiff herself from correctly and fully evaluating the risks and benefits of TAXOTERE®.

15. Had Plaintiff been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff would not have taken TAXOTERE®.

16. Upon information and belief, had Plaintiff's prescribing physicians been adequately warned of the serious risk of disfiguring permanent alopecia associated with TAXOTERE®, Plaintiff's physicians would have discussed the risks of disfiguring or scarring permanent alopecia with Plaintiff and/or would not have prescribed it.

17. As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of TAXOTERE®, Plaintiff suffered scarring and disfiguring permanent alopecia.

18. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement and scarring, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

## PUNITIVE DAMAGES UNDER THE MONTANA CODE

19. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

20. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' fraudulent and grossly negligent conduct and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (Taxotere®). Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious, permanent, and disfiguring side effects and risks associated with the docetaxel (Taxotere®) product.

21. Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel (Taxotere®) product was associated with serious, permanent side effects, including, but not limited to, permanent, persistent, disfiguring, and scarring alopecia. Defendants recklessly failed to track, test, account for, monitor, and report the side effect of persistent or permanent alopecia in clinical trials during the development of Taxotere, in violation of their own clinical trial protocols. Notwithstanding Defendants' knowledge and reckless disregard of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel

> (Taxotere®) products.
>
> 22. Defendants failed to provide warning that would have dissuaded health care professionals from recommending/prescribing and consumers from ingesting or receiving administration of the docetaxel (Taxotere®) product, thus depriving both from weighing the true risks against the benefits of prescribing, using or consuming the product.
>
> 23. Defendant(s) knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the docetaxel (Taxotere®) product as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff(s) and her physicians, in a conscious reckless, or grossly negligent disregard of the foreseeable harm caused.
>
> 24. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint, were knowing, fraudulent and reckless.  Defendants committed these acts with knowing, conscious, and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the docetaxel (Taxotere®) product.  Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:
> *T. Aaron Stringer (UT 12681)
> *Nathan Buttars (UT 13659)
> *(Admitted pro hac vice)
> LOWE LAW GROUP
> 6028 S. Ridgeline Drive, Ste 200
> Ogden, Utah 84405
> Tel: (801) 917-8500
> Fax: (801) 917-8484
> aaron@lowelawgroup.com
> nate@lowelawgroup.com