UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| *Theresa Snowden v. Sanofi S.A., et al.* *Cause No. 2:17-cv-00369* | |

**SECOND AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)**[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Theresa Snowden

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

   Not applicable.

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable.

4. Current State of Residence: Mississippi

5. State in which Plaintiff(s) allege(s) injury: Mississippi

6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

EXHIBIT "A"

    ☒ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

    ☒ B. Sanofi-Aventis U.S. LLC

  b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

    ☐ A. Sandoz Inc.

    ☐ B. Accord Healthcare, Inc.

    ☐ C. McKesson Corporation d/b/a McKesson Packaging

    ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

    ☐ E. Hospira, Inc.

    ☐ F. Sun Pharma Global FZE

    ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

    ☐ H. Pfizer Inc.

    ☐ I. Actavis LLC f/k/a Actavis Inc.

    ☐ J. Actavis Pharma, Inc.

    ☐ K. Sagent Pharmaceuticals, Inc.

    ☐ L. Other:

7. Basis for Jurisdiction:

  ☒ Diversity of Citizenship
  ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court, Southern District of Mississippi

9. Brand Product(s) used by Plaintiff (check applicable):

☒ A. Taxotere

☐ B. Docefrez

☐ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

July 3, 2013 to September 23, 2013

11. State in which Product(s) identified in question 9 was/were administered:

Mississippi

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

Disfiguring permanent Alopecia beginning after treatment with Taxotere (docetaxel) and continuing to present.

See Statement of Facts Below for nature, extent and description of alleged injury.

13. Counts in Master Complaint brought by Plaintiff(s):

☒ Count I – Strict Products Liability – Failure to Warn
☒ Count III – Negligence
☒ Count IV – Negligent Misrepresentation
☒ Count V – Fraudulent Misrepresentation
☒ Count VI – Fraudulent Concealment
☒ Count VII – Fraud and Deceit

☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

1. On or about July 3, 2013, Plaintiff underwent her first round of Docetaxel Injections with her treating Oncologist.

2. At her initial chemotherapy infusion appointment, Plaintiff was advised by her oncologist and nursing staff that she was going to lose her hair, but it would grow back.

3. During the course of chemotherapy, Plaintiff suffered hair loss and thinning of the hair, over her entire head, along with bald-spotting and thinning of the hair, hair loss and thinning around the temples, eyebrows, body, and genital areas.

4. Plaintiff's last chemotherapy treatment occurred on or about September 23, 2013.

5. By March of 2014, Plaintiff's hair had not returned and Plaintiff was suffering from permanent alopecia.

6. In December of 2016, Plaintiff filed her Complaint in this litigation.

7. In 2018, Plaintiff was told by her doctor that her hair loss may have been caused by the drug, Taxotere.

**Liability Under The Mississippi Products Liability Act**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.
2. Under the Mississippi Products Liability Act, Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:
    a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries,
    b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered Taxotere® to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries,
    c. Manufacturing, producing, promotion, formulating, creating, and/or designing Taxotere® without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia,
    d. Failing to provide adequate warning of the dangers associated with Taxotere®,
    e. Designing, formulating, researching, developing, manufacturing, marketing, promoting and selling Taxotere® when it knew or reasonably should have known of its propensity to cause disfiguring permanent alopecia and other injuries,
    f. Defendants' design, development, manufacture, marketing, and sale of Taxotere®, which drug is defective and unreasonably dangerous for the undisclosed risk of developing disfiguring permanent alopecia and other injuries,
    g. The continued production and sale of docetaxel (Taxotere®) without adding adequate warnings despite Defendants' knowledge of the association between Taxotere® and disfiguring permanent alopecia and other injuries,
    h. Providing inaccurate labeling and inadequate warnings and instructions,
    i. Utilizing inadequate testing methods which were not accurate, sensitive, specific, and/or reproducible to track the actual rate of permanent alopecia,
    j. Other breaches and defects which may be shown through discovery or at trial; and
    k. Failure to act with the required degree of care due and owing to plaintiff and her physician(s).

## **Punitive Damages**

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this First Amended Complaint inclusive, with the same force and effect as if fully set forth herein.

2. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' intentional, willful, knowing, fraudulent, malicious acts, omissions, and conduct, and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel (Taxotere®). Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious side effects and risks associated with the docetaxel (Taxotere®) product.

3. Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel (Taxotere®) product caused serious side effects. Notwithstanding Defendants' knowledge of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel (Taxotere®) products.

4. Defendants failed to provide warning that would have dissuaded health care professionals and consumers from purchasing the ingesting the docetaxel (Taxotere®) product, thus depriving both from weighing the true risks against the benefits of prescribing, purchasing or consuming the product.

5. Defendant knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the drug as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs in a conscious or negligent disregard of the foreseeable harm caused.

6. The acts, conduct, and omissions of Defendants, as alleged throughout this Complaint were willful and malicious. Defendants committed these acts with knowing, conscious and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the products. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.

Liability under the Mississippi Products Liability Act; Extreme and Outrageous Conduct/Intentional Infliction of Emotional Distress Against all Defendants, Punitive Damages

Consumer Protection Act Section 75-24-1 et seq.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By  *R. Scott Pietrowski*            .
R. Scott Pietrowski, Esquire
MS Bar No. 99387
Reeves & Mestayer, PLLC  160 Main Street
Biloxi, MS 39530
(228) 374-5151 (Telephone)
(228) 374-6630 (Facsimile)
Email: rsp@rmlawcall.com

1