# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| Harvey Alpert, on behalf of Rhea Alpert, and the Estate of Rhea Alpert, v. Sanofi US Services, Inc., et al. | Civil Action No.: 2:19-cv-13977 |

**AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)**[1]

Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:
   Harvey Alpert, on behalf of Rhea Alpert, and the Estate of Rhea Al

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):
   Harvey Alpert

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
   Executor

4. Current State of Residence: Florida

5. State in which Plaintiff(s) allege(s) injury: Florida

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

6. Defendants (check all Defendants against whom a Complaint is made):

    a.    Taxotere Brand Name Defendants

         ☐   A.   Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
         ☐   B.   Sanofi-Aventis U.S. LLC

    b.    Other Brand Name Drug Sponsors, Manufacturers, Distributors

         ☐   A.   Sandoz Inc.
         ☐   B.   Accord Healthcare, Inc.
         ☐   C.   McKesson Corporation d/b/a McKesson Packaging
         ☒   D.   Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.
         ☒   E.   Hospira, Inc.
         ☐   F.   Sun Pharma Global FZE
         ☐   G.   Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.
         ☐   H.   Pfizer Inc.
         ☐   I.   Actavis LLC f/k/a Actavis Inc.
         ☐   J.   Actavis Pharma, Inc.
         ☐   K.   Sagent Pharmaceuticals, Inc.
         ☐   L.   Other:

7. Basis for Jurisdiction:

         ☒   Diversity of Citizenship
         ☐   Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

2

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court for the Southern District of Florida - Miami Division

9. Brand Product(s) used by Plaintiff (check applicable):

- ☐ A. Taxotere
- ☐ B. Docefrez
- ☒ C. Docetaxel Injection
- ☐ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

May 27, 2015 to December 11, 2015

11. State in which Product(s) identified in question 9 was/were administered:

Florida

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Hair loss, permanent alopecia

13. Counts in Master Complaint brought by Plaintiff(s):

- ☒ Count I – Strict Products Liability – Failure to Warn
- ☒ Count III – Negligence
- ☒ Count IV – Negligent Misrepresentation
- ☒ Count V – Fraudulent Misrepresentation
- ☒ Count VI – Fraudulent Concealment
- ☒ Count VII – Fraud and Deceit

☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> Please see the attached page. (Page 6)

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By: /s/ Leslie LaMacchia: TX# 24048602
Adam Pulaski: TX# 16385800
Pulaski Kherkher, PLLC
2925 Richmond, Suite 1725
Houston, TX 77098
Tel: (713) 664-4555
Fax: (713) 664-7543
llamacchia@pulaskilawfirm.com
adam@pulaskilawfirm.com

Plaintiff has the right to bring the following survival action on behalf of Decedent pursuant to the consolidated Florida Wrongful Death and Survival Statute Sections 768.16 - 768.26.  All causes of action asserted in the Master Complaint survive the death of Rhea Alpert.  Prior to Decedent's death on April 11, 2017, Decedent suffered from hair loss and permanent alopecia that was caused by Defendants' Docetaxel/Taxotere.  As a result of the foregoing acts and omissions, the Decedent was caused to suffer  severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including but not limited to, diminished enjoyment of life. Accordingly, the Plaintiff Harvey Alpert brings all such causes of action on behalf of the Plaintiff-Decedent for these damages.  Plaintiff further pleads all survival damages allowed by the State of Florida Survival Statute.

Additional Facts Allegations: Following the completion of chemotherapy on December 11, 2015, Plaintiff sought the advice of her oncologist, Peter Cintron, MD,  pertaining to her hair loss.  These visits took place during 2016. Plaintiff was told that her hair should grow back, and continued to take multi-vitamins to facilitate the regrowth.