# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| Susan Baritot v. Sanofi US Services Inc., et al. | Civil Action No.: 2:19-cv-13978 |

**AMENDED SHORT FORM COMPLAINT (Effective as of May 13, 2020)[1]**

    Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this [Original/Amended] Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

    Plaintiff(s) further allege as follows:

1. Plaintiff:
   Susan Baritot

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

4. Current State of Residence: New York

5. State in which Plaintiff(s) allege(s) injury: New York

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

6. Defendants (check all Defendants against whom a Complaint is made):

    a.     Taxotere Brand Name Defendants

        ☐   A.     Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐   B.     Sanofi-Aventis U.S. LLC

    b.     Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☒   A.     Sandoz Inc.

        ☐   B.     Accord Healthcare, Inc.

        ☐   C.     McKesson Corporation d/b/a McKesson Packaging

        ☒   D.     Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

        ☒   E.     Hospira, Inc.

        ☐   F.     Sun Pharma Global FZE

        ☐   G.     Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

        ☐   H.     Pfizer Inc.

        ☐   I.     Actavis LLC f/k/a Actavis Inc.

        ☐   J.     Actavis Pharma, Inc.

        ☐   K.     Sagent Pharmaceuticals, Inc.

        ☐   L.     Other:

7. Basis for Jurisdiction:

    ☒   Diversity of Citizenship

    ☐   Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court for the Western District of New York - Rochester Division

9. Brand Product(s) used by Plaintiff (check applicable):

- ☐ A. Taxotere
- ☐ B. Docefrez
- ☒ C. Docetaxel Injection
- ☐ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

November 26, 2013 to March 10, 2014

11. State in which Product(s) identified in question 9 was/were administered:

New York

3

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

> Hair loss, permanent alopecia

13. Counts in Master Complaint brought by Plaintiff(s):

- ☒ Count I – Strict Products Liability – Failure to Warn
- ☒ Count III – Negligence
- ☒ Count IV – Negligent Misrepresentation
- ☒ Count V – Fraudulent Misrepresentation
- ☒ Count VI – Fraudulent Concealment
- ☒ Count VII – Fraud and Deceit

- ☒ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> See additional page attached (Page 6)

4

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

 By: /s/ Leslie LaMacchia: TX# 24048602
   Adam Pulaski: TX# 16385800
   Pulaski Kherkher, PLLC
   2925 Richmond, Suite 1725
   Houston, TX 77098
   Tel: (713) 664-4555
   Fax: (713) 664-7543
   llamacchia@pulaskilawfirm.com
   adam@pulaskilawfirm.com

**Breach of express warranty:** The manufacturers of the Docetaxel/Taxotere created an express warranty in the labeling of its product and represented its quality so that the public and/or Plaintiff's physician and/or Plaintiff were induced to purchase the product. Plaintiff was injured by Docetaxel/Taxotere and the injury occurred because the product was unfit for its intended purposes and the defect existed at the time it left control of the manufacturer.

**Breach of implied warranty**: The Defendants manufactured, distributed, advertised, promoted and sold Docetaxel/Taxotere as chemotherapy treatment for breast cancer. At the time Defendants marketed, sold, and distributed Docetaxel/Taxotere for use by Plaintiff, Defendants knew of the use for

which Docetaxel/Taxotere was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use. The Defendants implicitly represented and warranted to the users of Docetaxel/Taxotere and their physicians, healthcare providers, and/or the FDA that Docetaxel/Taxotere was safe and of merchantable quality and fit for the ordinary purpose for which said product was to be used. That said representations and warranties aforementioned were false, misleading, and inaccurate in that Docetaxel/Taxotere was not of merchantable quality and defective. Plaintiff and/or members of the medical community and/or healthcare professionals, did rely on said implied warranty of merchantability of fitness for a particular use and purpose. Plaintiff and Plaintiff's physicians and healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether Docetaxel/Taxotere was of merchantable quality and safe and fit for its intended use. Docetaxel/Taxotere was injected into the stream of commerce by the Defendants in a defective and dangerous condition and the products and materials were expected to and did reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold. The Defendants herein breached the aforesaid implied warranties, as their drug Docetaxel/Taxotere was not fit for its intended purposes and uses. As a result, Plaintiff suffered hair loss and permanent alopecia, as well as other severe and personal injuries which were permanent and lasting in nature, physical pain and mental anguish, diminished enjoyment of life, and financial expenses for medical care.

**Additional Factual Allegations:** In approximately January 2015, Plaintiff spoke with her oncologist, Marcia Krebs, MD, regarding her hair loss and that it had not yet grown back. She was told that her hair loss would probably be temporary and to be patient. Plaintiff's hair has not grown back.