UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)
THIS DOCUMENT RELATES TO:

Ada Rodriguez vs. Hospira Inc, et al.
Case No. 2:19-cv-14469

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EX PARTE/CONSENT MOTION FOR LEAVE TO FILE
AMENDED SHORT FORM COMPLAINT

Plaintiff, Ada Rodriguez, through undersigned counsel, respectfully requests leave of Court to file the attached proposed Amended Short Form Complaint.

Plaintiff's attached proposed Amended Short Form Complaint is submitted to provide factual allegations particular to the circumstances of Plaintiff's claim and to memorialize Plaintiff's causes of action under applicable law. Plaintiff submits that this proposed Amended Short Form Complaint is consistent with PTO 105 in that it adds factual allegations of particularized facts individual and specific to Plaintiff's medical care and treatment and/or Plaintiff's communications with medical professionals, and it clarifies prior allegations.

The Court should grant leave to file an amended pleading unless the opposing party can show prejudice, bad faith, or undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the context of this MDL, Plaintiffs are required to use the master complaint structure pursuant to Pretrial Order No. 15 (Rec. Doc. 230). The interests of fairness, equity, and justice support allowing Plaintiff leave to amend her Short Form Complaint to conform to the legal allegations and to clarify her case-specific factual allegations made in her original Short Form Complaint.

Because PTO 105 allows for amendments to pleadings, and considering that Plaintiff is a non-bellwether Plaintiff in this litigation, Plaintiff respectfully suggests that there is no prejudice to Defendants should the Court grant the instant Motion.

Moreover, the allegations do not add any additional parties. The amendments merely add particularized facts individual and specific to Plaintiff's treatment and/or communications with medical professionals; thus, the amendments in no way will unfairly surprise or prejudice Defendants, are not made in bad faith, and are timely given that the case is at the pleadings stage. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (recognizing Rule 15 liberally allows amendments in such circumstances). The amendments are proper and necessary because any assessment of a Plaintiff's statute of limitations issue is inherently individualized and is appropriate only after a development of a full factual record. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 25292, 2012 WL 1580761, at*2 (E.D. La. May 4, 2012). PTO 105 appropriately allows all Plaintiffs to add allegations about their medical care and treatment, and communications with medical professionals, which has been done in the attached proposed Amended Short Form Complaint.

Accordingly, Plaintiff, Ada Rodriguez, requests that the Court grant her Motion for Leave to Amend her Short Form Complaint and enter the proposed pleadings into the record.

| | |
|---|---|
| Dated: January 15, 2021 | */s/Panagiotis V. Albanis*<br>Panagiotis "Pete" V. Albanis (FL Bar No. 77354)<br>Morgan & Morgan – Complex Litigation Group<br>12800 University Drive, Suite 600<br>Fort Myers, FL 33907<br>239-433-6880 – T<br>239-433-6836 – F<br>palbanis@forthepeople.com<br>**Counsel for Plaintiff** |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Panagiotis V. Albanis