UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE T. MILAZZO |
| Cassandra Williams vs. Sanofi US Services Inc., et al. | Civil Action No. 2:18-cv-02651 |

**AMENDED [EXEMPLAR] SHORT FORM COMPLAINT**
**(Effective as of May 13, 2020)** [1]

      Plaintiff(s) incorporate by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (Doc. 4407). Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

      Plaintiff(s) further allege as follows:

1. Plaintiff:
   Cassandra Williams

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):
   _____

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
   _____

4. Current State of Residence: Georgia

5. State in which Plaintiff(s) allege(s) injury: Georgia

---

[1] This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDLCentrality.


...


6. Defendants (check all Defendants against whom a Complaint is made):

   a. Taxotere Brand Name Defendants

   - ☑ A. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.
   - ☑ B. Sanofi-Aventis U.S. LLC

   b. Other Brand Name Drug Sponsors, Manufacturers, Distributors

   - ☐ A. Sandoz Inc.
   - ☐ B. Accord Healthcare, Inc.
   - ☐ C. McKesson Corporation d/b/a McKesson Packaging
   - ☐ D. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.
   - ☐ E. Hospira, Inc.
   - ☐ F. Sun Pharma Global FZE
   - ☐ G. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.
   - ☐ H. Pfizer Inc.
   - ☐ I. Actavis LLC f/k/a Actavis Inc.
   - ☐ J. Actavis Pharma, Inc.
   - ☐ K. Sagent Pharmaceuticals, Inc.
   - ☐ L. Other:

7. Basis for Jurisdiction:

   - ☑ Diversity of Citizenship
   - ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

2

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

Northern District of Georgia

9. Brand Product(s) used by Plaintiff (check applicable):

- ☑ A. Taxotere
- ☐ B. Docefrez
- ☐ C. Docetaxel Injection
- ☐ D. Docetaxel Injection Concentrate
- ☐ E. Unknown
- ☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

3/15/2014-5/17/2014

11. State in which Product(s) identified in question 9 was/were administered:

Georgia

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

See additional factual allegations on Exhibit A.

3

13. Counts in Master Complaint brought by Plaintiff(s):

☑ Count I – Strict Products Liability – Failure to Warn
☑ Count III – Negligence
☑ Count IV – Negligent Misrepresentation
☑ Count V – Fraudulent Misrepresentation
☑ Count VI – Fraudulent Concealment
☑ Count VII – Fraud and Deceit

☑ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, applicable state law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

See attached for Ninth and Tenth counts.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By */s/ Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis (FL Bar No. 77354)
Morgan & Morgan – Complex Litigation Group
12800 University Drive, Suite 600
Fort Myers, FL 33907
Phone: 239-433-6880
Fax: 239-433-6836
palbanis@forthepeople.com

4

## NINTH CLAIM FOR RELIEF
**(Violation of the Georgia Deceptive and Unfair Trade Practices Act – Against all Defendants)**

1. Plaintiff repeats, reiterates, and realleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein

2. Defendants have a statutory duty to refrain from making false and/or fraudulent representations and/or from engaging in deceptive acts or practices in the sale and promotion of TAXOTERE® pursuant to the Georgia's Uniform Deceptive Trade Practices Act, O.C. G.A. Section 10-1-370, *et seq*.,

3. Defendants engaged in unfair, deceptive, false, and/or fraudulent acts and/or trade practices in violation of the Georgia Deceptive and Unfair Trade Practices Act, including but not limited to:

   a. Publishing instructions and product material containing inaccurate and incomplete factual information regarding TAXOTERE®;

   b. Misrepresenting the nature, quality, and characteristics of TAXOTERE®;

   c. Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding;

   d. Misrepresenting the alleged benefits of TAXOTERE®;

   e. Failing to disclose material information concerning known side effects of TAXOTERE®;

   f. Misrepresenting the quality of TAXOTERE®; and

   g. Uniformly communicating the purported benefits of TAXOTERE® while failing to disclose the serious and dangerous side-effects related to the use of TAXOTERE® and its safety, efficacy, and usefulness.

5

4. Defendants' conduct in connection with TAXOTERE® was impermissible and illegal in that it created a likelihood of confusion and misunderstanding, because Defendants misleadingly, falsely, and/or deceptively misrepresented and omitted numerous material facts regarding, among other things, the utility, benefits, costs, safety, efficacy, and advantages of TAXOTERE®.

5. These deceptive trade practices occurred in the course of Defendants' business.

6. These deceptive trade practices significantly impacted Plaintiff and the public as actual or potential consumers of Defendants' product TAXOTERE®.

7. Defendants made these representations to physicians, the medical community at large, and to patients and consumers such as Plaintiff in the marketing and advertising campaign described herein.

8. Plaintiff was an actual consumer of Defendant' product TAXOTERE®.

9. Defendants' conduct as described above was a material cause of Plaintiff's decision to purchase TAXOTERE®.

10. As a direct, foreseeable, and proximate cause of Defendants' deceptive trade practices, Plaintiff suffered actual damages, including personal injuries, economic damages, and non-economic damages.

11. Defendants' conduct was wanton, egregious, and reckless.

12. As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature; and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia;

6

mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physician and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

13. As a result of the foregoing acts, omissions, and wrongful conduct of Defendants, Plaintiff is entitled to treble damages, attorneys' fees, and costs.

**TENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty – Against All Defendants)**

14. Plaintiff repeats, reiterates, and realleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.

15. At all times relevant, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, and sold docetaxel (TAXOTERE®) and/or have recently acquired the entities that have manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, and sold docetaxel (TAXOTERE®) for the treatment of various forms of cancer.

16. At the time Defendants marketed, sold, and distributed docetaxel (TAXOTERE®) for use by Plaintiff, Defendants knew of the use for which docetaxel (TAXOTERE®) was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

17. Defendants impliedly represented and warranted to the users of docetaxel (TAXOTERE®) and their physicians, and/or healthcare providers that docetaxel (TAXOTERE®) was safe and of merchantable quality and fit for the ordinary purpose for which it was to be used.

18. Defendants' aforementioned representations and warranties were false, misleading, and inaccurate in that docetaxel (TAXOTERE®) was unsafe, unreasonably dangerous, improper, not of merchantable quality, and defective.

19.     Plaintiff, Plaintiff's physicians, members of the medical community, and healthcare professionals relied on this implied warranty of merchantability of fitness for a particular use and purpose.

20.     Plaintiff, Plaintiff's physicians, and Plaintiff's healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether docetaxel (TAXOTERE®) was of merchantable quality and safe and fit for its intended use.

21.     Docetaxel (TAXOTERE®) was placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition.

22.     Docetaxel (TAXOTERE®) was expected to and did reach users, handlers, and persons coming into contact with docetaxel (TAXOTERE®) without substantial change in the condition in which it was sold.

23.     Defendants breached the aforementioned implied warranties, as their drug docetaxel (TAXOTERE®) was not fit for its intended purposes and uses.

24.     As a result of the foregoing acts and omissions, Defendants caused Plaintiff to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.

**EXHIBIT A**

1. Plaintiff's primary oncologist, Dr. James McKnight, told Plaintiff in March 2014 just prior to her chemotherapy treatments that Plaintiff's "hair would grow back" after her chemotherapy treatments.

2. From April 2016 to August 2016, Plaintiff was under the care of dermatologist Dr. Denise Buntin who acknowledged Plaintiff's hair loss but told Plaintiff to be patient regarding her hair possibly regrowing. Dr. Buntin prescribed Fluocinonide shampoo.

3. From December 2017 to May 2018, Plaintiff was a patient of Dr. Jaldeep Daulat (dermatologist). Dr. Daulat prescribed Fluocinonite and Biotin for Plaintiff's hair loss.