AN AFFIDAVIT TO JESSE WHITE, THE SECRETARY OF THE STATE OF ILLINOIS, PURSUANT TO 755 ILCS 5/ART. XXV OF THE PROBATE ACT, ILLINOIS COMPILED STATUTES, AS AMENDED BY PUBLIC ACT 98-0836 (EFF. 1-1-15).

STATE OF ILLINOIS
COUNTY OF __Cook__

## SMALL ESTATE AFFIDAVIT

I, __Jeffrey Jingen__ (name of affiant), on oath state:

1. (a) My post office address is: __205 N. Parkway__
   (b) My residence address is: __205 N. Parkway__ ; and
   (c) I understand that if I am an out-of-state resident I submit myself to the jurisdiction of Illinois courts for all matters related to the preparation and use of this affidavit. My agent for service of process in Illinois is:

   NAME: _____  ADDRESS: _____
   CITY: _____  TELEPHONE: _____

   I understand that if no person is named above as my agent for service or, if for any reason, service on the named person cannot be effectuated, the Clerk of the Circuit Court of _____ (County) _____ (Judicial Circuit) Illinois is recognized by Illinois law as my agent for service of process.

2. The decedent's name is __Valerie Jingen__
3. The date of the decedent's death was __May 21st 2020__ and I have attached a copy of the death certificate hereto.
4. The decedent's place of residence immediately before his/her death was __205 N. Parkway, Prospect Hts, IL 60070__
5. No letters of office are now outstanding on the decedent's estate, and no petition for letters is contemplated or pending in Illinois or in any other jurisdiction, to my knowledge.
6. The gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed $100,000 in value and consists of the following (list each asset and its fair market value):

Including vehicle(s) described below:

| Make of Vehicle | Body Type | Year Model | Vehicle Identification Number |
| --- | --- | --- | --- |
| | | | |
| | | | |

Last licensed in the State of Illinois in (Year) _____ License Plate Number(s) _____

7. Mark (X) either (a) or (b): (a) [X] All the decedent's funeral expenses and other debts have been paid, or (b) [ ] All the decedent's known unpaid debts are listed and classified as follows:

   **Class 1:** Funeral and burial expenses, which include reasonable amounts paid for a burial space, crypt, or niche; a marker on the burial space; and care of the burial space, crypt, or niche; expenses of administration; and statutory custodial claims:
   Name _____
   Post Office Address _____ Amount $ _____

   **Class 2:** Surviving spouse's award or child's award, if applicable:
   Name _____
   Post Office Address _____ Amount $ _____

   **Class 3:** Debts due the United States:
   Name _____
   Post Office Address _____ Amount $ _____

**Class 4:** Money due employees of the decedent of not more than $800 for each claimant for services rendered within four (4) months prior to the decedent's death and expenses attending the last illness:

Name _____

Post Office Address _____ Amount $ _____

**Class 5:** Money and property received or held in trust by the decedent that cannot be identified or traced:

Name _____

Post Office Address _____ Amount $ _____

**Class 6:** Debts due the State of Illinois and any county, township, city, town, village, or school district located within Illinois:

Name _____

Post Office Address _____ Amount $ _____

**Class 7:** All other claims:

Name _____

Post Office Address _____ Amount $ _____

7.5  I understand that all valid claims against the decedent's estate described in paragraph 7 must be paid by me from the decedent's estate before any distribution is made to any heir or legatee. I further understand that the decedent's estate should pay all claims in the order set forth above, and if the decedent's estate is insufficient to pay the claims in any one class, the claims in that class shall be paid pro rata.

8. There is no known unpaid claimant or contested claim against the decedent except as stated in paragraph 7.

9. (a) The names and places of residence of any surviving spouse, minor children and adult dependent* children of the decedent are as follows:

| Name and Relationship | Place of Residence | Age of Minor Child |
|---|---|---|
| Jeffrey Lingin, husband, | 205 N. Parkway, Prosp Hts, IL 60070 | |

*(Note: An adult dependent child is one who is unable to maintain himself and is likely to become a public charge.)*

(b) The award allowable to the surviving spouse of a decedent who was an Illinois resident is $ _____

($20,000, plus $10,000 multiplied by the number of minor children and adult dependent children who resided with the surviving spouse at the time of the decedent's death. If any such child did not reside with the surviving spouse at the time of the decedent's death, so indicate in 9(a)).

(c) If there is no surviving spouse, the award allowable to the minor children and adult dependent children of a decedent who was an Illinois resident is $ _____ ($20,000, plus $10,000 multiplied by the number of minor children and adult dependent children), to be divided among them in equal shares.

10. Mark (X) either 10(a) or 10(b):

[✓] (a) The decedent left no will. The names, places of residence and relationships of the decedent's heirs, and the portion of the estate to which each heir is entitled under the law where decedent died intestate are as follows:

| Name, Relationship and Place of Residence | Age of Minor | Portion of Estate |
|---|---|---|
| Jeffrey Lingin, husband, 205 N. Pkwy, Prosp. Hts | | total estate |

[ ] (b) The decedent left a will, which has been filed with the clerk of an appropriate court. A certified copy of the will on file is attached. To the best of my knowledge and belief the will on file is the decedent's last will and was signed by the decedent and the attesting witnesses as required by law and would be admittable to probate. The names and places of residence of the legatees and the portion of the estate, if any, to which each legatee is entitled are as follows:

| Name, Relationship and Place of Residence | Age of Minor | Portion of Estate |
|---|---|---|
| | | |

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

10.3  My relationship to the decedent or the decedent's estate is: _____.

10.5  I understand that the decedent's estate must be distributed first to satisfy claims against the decedent's estate as set forth in paragraph 7.5 of this affidavit before any distribution is made to any heir or legatee. By signing this affidavit, I agree to indemnify and hold harmless all creditors of the decedent's estate, the decedent's heirs and legatees, and other persons, corporations, or financial institutions relying upon this affidavit who incur any loss because of reliance on this affidavit, up to the amount lost because of any act or omission by me. I further understand that any person, corporation, or financial institution recovering under this indemnification provision shall be entitled to reasonable attorney's fees and the expenses of recovery.

11.  After payment by me from the decedent's estate of all debts and expenses listed in paragraph 7, any remaining property described in paragraph 6 of this affidavit should be transferred to (NAME) _Jeffrey Jinsen_
(ADDRESS) _205 N. Pkwy, Prosp. Hts. IL 60070_ ;
this affidavit is made to induce Jesse White, Secretary of State of Illinois, to issue a Certificate of Title to the vehicle to the assignee.

The foregoing statement is made under the penalties of perjury. (Note: A fraudulent statement made under the penalties of perjury is perjury, as defined in Section 32-2 of the Criminal Code of 2012.)

_____[signature]_____    _1/6/21_
Signature of Affiant                Date

Subscribed and sworn to before me this __6__ day of __January__, __2021__.

_____[signature] Liliana Gonzalez Correa_____
Notary Public                                              (SEAL)

OFFICIAL SEAL
LILIANA GONZALEZ CORREA
Notary Public, State of Illinois
My Commission Expires 9/09/2024