**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                           **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                      **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**Melissa Roach, Case No. 2:17-cv-07918.**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR**
**SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

     Plaintiff Melissa Roach's claims are time-barred on the face of her pleadings.  Consistent

with this Court's previous ruling dismissing the claims of Ms. Juanita Greer (Rec. Doc. 12057),

Mississippi's three-year statute of limitations started running when Ms. Roach sustained her

pleaded injury six months after she finished chemotherapy.  Ms. Roach finished chemotherapy in

November 2009 and accordingly sustained her injury in May 2010, but she did not file suit until

August 2017.

     Because Ms. Roach's claims are time-barred on their face, her case can only survive if she

pleads and proves that the statute of limitations was tolled, which occurs under Mississippi law in

only two circumstances:  (1) where an unseen, latent injury is present and the "discovery rule"

applies, or (2) where the defendant fraudulently concealed plaintiff's claim from her.  Ms. Roach

has not pleaded and cannot prove that either exception tolled her claims.  Ms. Roach's claims are

accordingly time barred, and Sanofi is entitled to judgment.

## FACTUAL BACKGROUND

Ms. Roach found a lump in her breast during an at-home self-exam in early June 2009.[1] At the time, Ms. Roach believed the lump was cancerous, so she scheduled an appointment with her OB/GYN who referred her to a breast cancer specialist.[2]  By late June 2009, Ms. Roach was diagnosed with stage two, HER2 positive breast cancer.[3]  Ms. Roach "never considered" declining treatment.[4]  Following her doctors' recommendations, Ms. Roach underwent a partial mastectomy on June 30, 2009, and began chemotherapy thereafter.[5]  Ms. Roach's chemotherapy regimen included Taxotere, Herceptin, and Carboplatin ("THC").[6]  Ms. Roach remembers asking her oncologist whether "any of the drugs [she] was taking were the type that would cause [her] hair to fall out," and she remembers being told that she was going to lose her hair.[7]  Still, Ms. Roach expected that her hair would fully regrow "at the most six months" after completing chemotherapy.[8]  Ms. Roach completed chemotherapy on November 10, 2009.[9]

As soon as six months after chemotherapy, in approximately May 2010, Ms. Roach noticed that her hair had not fully regrown.[10]  "Around 2011" it was apparent to Ms. Roach that her hair

---

[1]   *See* Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Melissa Roach ("SOF") at ¶ 1.

[2]   *Id*. at ¶ 2.

[3]   *Id*. at ¶ 3.

[4]   *Id*. at ¶ 4.

[5]   *Id*. at ¶ 5.

[6]   *Id*. at ¶ 6.

[7]   *Id*. at ¶ 7.

[8]   *Id*. at ¶ 8.

[9]   *Id*. at ¶ 9.

[10]   *Id*. at ¶ 10.

was "much, much thinner" than it had been before chemotherapy.[11]  Also in 2011, Ms. Roach

felt it had become "apparent [] that [her hair] just wasn't growing back like it should."[12]  Despite these

observations, Ms. Roach never sought a doctor's opinion on her hair loss.[13]  Indeed, Ms. Roach

could not recall a single instance in which she complained to any healthcare provider about her

hair or hair loss.[14]  Ms. Roach never attributed her hair loss to anything other than her

chemotherapy.[15]

Ms. Roach alleges she decided to file her lawsuit "the day [she] saw the advertisement on

[her] Facebook account for the [Taxotere] lawsuit that was being filed."[16]  Ms. Roach filed her

Complaint on August 16, 2017.[17]

## LEGAL STANDARD

Summary judgment is warranted where "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine dispute

of fact exists only if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "If the evidence

---

[11]   *Id.* at ¶ 11.

[12]   *Id.* at ¶ 12.

[13]   *Id.* at ¶ 15 ("Have you ever sough a doctor's opinion on whether you have permanent hair loss? A. No.").

[14]   *Id.* at ¶ 16 ("[Y]ou haven't complained to one health care provider about your hair loss.  Is that correct? [objection] A. I don't recall specifically . . .  I don't remember it.  Doesn't mean I didn't, but I don't remember it specifically."); 264:14–23 (same).

[15]   *Id.* at ¶ 14.

[16]   *Id.* at ¶ 17.

[17]   *Id.* at ¶ 18.

3

is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).

## ARGUMENT

## I.    MS. ROACH'S CLAIMS ARE TIME BARRED ON THEIR FACE.

Ms. Roach's claims are substantively identical to the recently dismissed claims of Ms. Juanita Greer.  *See* Rec. Doc. 12057.  Ms. Roach claims her injury is permanent chemotherapy-induced alopecia ("PCIA") caused by Taxotere.[18]  The Master Complaint defines all Plaintiffs' injuries as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."  Rec. Doc. 12057 at 4.  In filing her Short Form Complaint ("SFC"), Ms. Roach specifically adopted the Master Complaint's allegations, including the six-month injury definition.[19]  Ms. Roach completed chemotherapy on November 10, 2009.[20]  On the face of her pleadings, Ms. Roach sustained her injury in May 2010.  *See* Rec. Doc. 12057 at 4 (finding Ms. Greer sustained her injury six months after completing chemotherapy).

---

[18]    Rec. Doc. 4407 at, e.g., ¶ 231.  Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere.  Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary.  However, for the purposes of this Motion, even if Taxotere caused Ms. Roach's injuries, her claims still are time-barred by Miss. Code Ann. § 15–1–49.

[19]    *See, e.g.*, Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 at ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint); Rec. Doc. 10668-10 (Ms. Roach's Proposed Amended SFC, adopting allegations set forth in the Master Complaint).

[20]    SOF at ¶ 9.

Pursuant to Mississippi Code § 15–1–49(1), Ms. Roach had three years from the date she sustained her injury to file a complaint. Miss. Code Ann. § 15–1–49(1) (1990) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); Rec. Doc. 12057 at 4 (Mississippi's three year statute of limitations begins to run on the date the injury is sustained, here six months after the plaintiff completed chemotherapy). Ms. Roach's claims would only be timely if filed by May 2013. Because Ms. Roach did not file her Complaint until August 16, 2017, her claims are time barred on their face.

## II.   NO EXCEPTION APPLIES TO TOLL THE STATUTE OF LIMITAITONS ON MS. ROACH'S CLAIMS.

As this Court recognized in *Greer*, under Mississippi law, an untimely claim could only be saved if the plaintiff proves either (1) a hidden, latent injury is present and the "discovery rule" applies, or (2) the defendant fraudulently concealed the plaintiff's claim from her. Rec. Doc. 12057 at 5–7. The plaintiff bears the burden to prove that either exception applies. *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008) (plaintiff bears the burden to prove application of the discovery rule); *Brown v. McKee*, 242 So. 3d 121, 130 (Miss. 2018) (at the summary judgment state, plaintiff "bore the burden to produce evidence establishing a triable claim for fraudulent concealment."). Ms. Roach cannot meet that burden, and her claims must accordingly be dismissed.

### A.   The Discovery Rule Does Not Apply.

As this Court already recognized, under Mississippi law, the discovery rule only applies when a latent "hidden or unseen" injury is present. Rec. Doc. 12057 at 5; Miss. Code Ann. § 15-

1-49(2); *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007).  The Fifth Circuit has

found that "'[f]or an injury to be latent it must be undiscoverable by reasonable methods' such as

'through personal observation or experience.'"  *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575

F.3d 450, 455 (5th Cir. 2009) (quoting *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47,

51 (Miss. 2005)); Rec. Doc. 12057 at 5.  This Court recognized in *Greer* that Mississippi courts

caution a latent injury should be found only in "limited circumstances."  Rec. Doc. 12057 at 5,

citing *PPG*, 909 So. 2d at 51 (Miss. 2005).

       The heart of each Plaintiff's claim in this MDL is that the injury suffered was so apparent

it stigmatized all Plaintiffs, their body image, and their social relationships.[21]  Ms. Roach adopted

each of those allegations, demonstrating her injury was not hidden or unseen.  Ms. Roach further

testified that she remembers asking her oncologist whether "any of the drugs [she] was taking were

the type that would cause [her] hair to fall out."[22]  Ms. Roach was told she was going to lose her

hair, but Ms. Roach expected that her hair would fully regrow "at the most six months" after

completing chemotherapy.[23]  Yet, Ms. Roach testified that six months after chemotherapy, or by

May 2010, she noticed her hair had not fully regrown,[24] and, "around 2011," it was "apparent"

that Ms. Roach's hair was not growing back like she expected.[25]

       In *Greer*, this Court recognized that Mississippi law considers only whether the plaintiff

---

[21]  Rec. Doc. 4407 ¶¶ 214–20.

[22]  SOF at ¶ 7.

[23]  *Id.* at ¶ 7–8.

[24]  *Id.* at ¶ 10.

[25]  *Id.* at ¶ 11–12.

knew of her *injury*, not its cause.  Rec. Doc. 12057 at 6–7 ("Courts have expressly rejected this argument" that a cause of action does not accrue until the plaintiff knows the cause of her injury).  This Court went on to rule that:

> [T]he discovery rule does not apply here.  Plaintiff anticipated that her hair loss would be temporary.  Even setting aside the [six month] definition of PCIA in the Master Complaint, Greer knew or should have known six months after her treatment that something was amiss when her hair had not grown back as she expected.

Rec. Doc. 12057 at 5–6.  The same reasoning applies here.  Ms. Roach also anticipated that her hair loss would be temporary and that her hair would regrow six months after completing chemotherapy.  Ms. Roach admitted that, by the six-month mark, she knew her hair had not fully regrown.  Just as in *Greer*, Ms. Roach "knew or should have known" at that time that "something was amiss."  *Id.*  Because Ms. Roach did not suffer a latent injury, the discovery rule cannot apply to toll her claims.

### B.    The "Fraudulent Concealment" Exception Does Not Apply.

The "fraudulent concealment" exception does not apply to save Ms. Roach's claim, either.  "[A] plaintiff seeking to avail herself of the doctrine of fraudulent concealment has 'a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim,' which act was designed to prevent the discovery of the claim and '(2) due diligence was performed on [her] part to discover it.'"  Rec. Doc. 12057 at 7, quoting *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 84 (Miss. 2003).  Importantly, "[t]he affirmative act of concealment must have occurred ***after and apart from*** the discrete acts upon which the cause of action is premised."  *Smith v. First Family Fin. Servs., Inc.*, 436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006) (internal quotations omitted) (emphasis added).

7

In ruling that the fraudulent-concealment exception did not apply to toll the plaintiff's claims in *Greer*, this Court held:

> To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss. As Sanofi notes, the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Greer's substantive claim and her claim for tolling. Rather, Plaintiffs would need to show a separate act "to conceal the underlying tortious conduct." She points only to the underlying conduct. Because Plaintiff has failed to make the required showing, the doctrine of fraudulent concealment does not save her claims.

Rec. Doc. 12057 at 8, internal citations omitted. The same analysis applies here. Ms. Roach's claims are substantively identical to the claims dismissed in *Greer*. Ms. Roach's failure-to-warn claim also alleges that Sanofi prevented her from discovering Taxotere's risks of permanent hair loss. Ms. Roach alleges no additional act—separate from the allegations that underlie her failure-to-warn claim—that allegedly prevented Ms. Roach from discovering her claim. Without such an allegation, the fraudulent-concealment exception does not apply as a matter of law.

## CONCLUSION

Ms. Roach's claims accrued in May 2010—six months after she completed chemotherapy and sustained her pleaded injury. No statute-of-limitations exception applies to toll her claims' accrual, yet Ms. Roach did not file suit until August 2017. Ms. Roach's claims are accordingly time-barred, and the Court should dismiss her claims with prejudice.

Respectfully submitted,


/s/ Douglas J. Moore                          Harley V. Ratliff
Douglas J. Moore (Bar No. 27706)              Jon Strongman
**IRWIN FRITCHIE  URQUHART & MOORE LLC**      Adrienne L. Byard
400 Poydras Street, Suite 2700                **SHOOK, HARDY & BACON L.L.P.**
New Orleans, LA  70130                        2555 Grand Boulevard
Telephone: 504-310-2100                       Kansas City, Missouri 64108
Facsimile:  504-310-2120                      Telephone: 816-474-6550
dmoore@irwinllc.com                           Facsimile:  816-421-5547
                                              hratliff@shb.com
                                              jstrongman@shb.com
                                              abyard@shb.com
                                              *Counsel for sanofi-aventis U.S. LLC and*
                                              *Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore