UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION: "H" (5) |

THIS DOCUMENT RELATES TO:

Cindy Smith, Case No. 2:18-cv-7702.

### DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON WARNINGS CAUSATION

Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. (collectively "Defendants" or "Sanofi") submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment under Local Rule 56.1:

**A.   Taxotere**

1. Taxotere is a chemotherapy prescribed to treat various forms of cancer, including breast cancer. Second Am. Long Form Master Compl. ¶ 4.

2. Taxotere was first approved for use in the United States in 1996, and its FDA-approved labeling has always warned that hair loss is one of the drug's most common side effects. *Compare* Ex. A, 1996 Taxotere Labeling, *with* Ex. B, 2018 Taxotere Labeling.

3. Taxotere has never been removed from the market, and oncologists continue to prescribe Taxotere as an effective drug to treat potentially life-threatening forms of breast cancer. *See, e.g.*, Ex. C, Oct. 14, 2020 Herrington Dep. 77:18–78:7.

**B.   Plaintiff's Breast Cancer Diagnosis and Treatment**

4. Plaintiff Cindy Smith is a 61-year-old resident of Moss Point, Mississippi. Ex. D, Smith Fifth Am. Pl. Fact Sheet § I.10, 13, 15.

5. On April 10, 2014, Ms. Smith was diagnosed with breast cancer at age 54. Ex. E, Oct. 1, 2020 Smith Dep. 52:21–23, 76:9–12.

6. The cancer was classified as stage IIIB, HER2-negative, ER-negative, PR-negative. Ex. D, Smith Fifth Am. Pl. Fact Sheet § V.8; Ex. C, Oct. 14, 2020 Herrington Dep. 89:2–9.

7. Ms. Smith understood her tumor was about the size of a peach, and she put her chances of survival at 50-50. Ex. C, Oct. 14, 2020 Herrington Dep. 89:15–22; Ex. E, Oct. 1, 2020 Smith Dep. 82:3–11, 84:7–15.

8. Ms. Smith had triple-negative breast cancer, which is an aggressive form of cancer that is more likely to spread and recur. Ms. Smith's cancer could have recurred anywhere in her body, including her lungs, liver, or brain. Ex. C, Oct. 14, 2020 Herrington Dep. 90:21–91:17.

9. Ms. Smith met with Dr. John Bailey, a surgeon, after she received her diagnosis. Dr. Bailey recommended Ms. Smith proceed with a left mastectomy, then chemotherapy, then radiation. Ex. E, Oct. 1, 2020 Smith Dep. 84:25–85:18.

10. Ms. Smith decided that she would do whatever she could to beat cancer and survive. *Id.* at 86:4–9.

11. Ms. Smith would consent to whatever treatment it took to ensure her cancer would not return. *Id.* at 90:20–23.

12. Ms. Smith wanted to take *all* preventative measures to make sure there was no chance the cancer would come back. *Id.* at 90:6–9.

13. Ms. Smith was in shock and did not ask about other treatment or options. *Id.* at 28:19–29:12, 142:11–16.

14. Ms. Smith never considered declining treatment. *Id.* at 86:1–9.

15. Without chemotherapy, Ms. Smith's chances of survival were "poor." Ex. C, Oct. 14, 2020 Herrington Dep. 92:4–13; Ex. F, Smith Dep. Ex. 4, Ms. Smith's Diagnosis and Prognosis.

16. Before her treatment, Ms. Smith "thought all chemo was the same," and she did not ask about which regimen she would receive. Ex. E, Oct. 1, 2020 Smith Dep. 151:2–5, 154:5–11.

17. Ms. Smith relied on and trusted her doctors to prescribe the most effective treatment because she was not prepared to determine an appropriate treatment. *Id.* at 86:10–17, 142:11–16.

18. Dr. Herrington prescribed six cycles of Taxotere and Carboplatin to Ms. Smith, followed by radiation. Ex. C, Oct. 14, 2020 Herrington Dep. 39:24–40:16, 96:13–15. Ex. E, Oct. 1, 2020 Smith Dep. 27:20–28:1.

19. Ms. Smith had a left mastectomy on April 23, 2014. Ex. D, Smith Fifth Am. Pl. Fact Sheet § V.5.

20. Ms. Smith received her first cycle of Taxotere and Carboplatin on June 10, 2014. Ex. E, Oct. 1, 2020 Smith Dep. 166:18–24.

21. Ms. Smith received her sixth and final cycle of Taxotere and Carboplatin on September 23, 2014. *Id.* at 173:23–25.

22. While Ms. Smith now asserts she would have taken something different if it was available, Ms. Smith cannot identify what "something different" was in 2014 and is not aware of any other option she could have taken in place of her Taxotere treatment. *Id.* at 142:11–143:7.

23. Even today, Ms. Smith could not say whether she would have chosen an alternative regimen that would have lowered her chances of survival. *Id.* at 277:25–278:5.

24. To date, Ms. Smith's treatment has been successful and she feels blessed. She is cancer free today. *Id.* at 52:14–17, 69:15–18.

**C.     Dr. Herrington's Decision to Prescribe a TC Chemotherapy Regimen**

25.     Dr. Herrington relied on the 2014 NCCN guidelines to treat Ms. Smith's breast cancer.  Ex. C, Oct. 14, 2020 Herrington Dep. 41:22–42:23.

26.     The 2014 NCCN guidelines included three "Preferred regimens" and ten "Other regimens" for HER2-negative breast cancer.  Ex. G, 2014 NCCN Guidelines at 46.

27.     The Taxotere-containing regimen was the only preferred regimen that did not contain an anthracycline.  *Id.*; Ex. C, Oct. 14, 2020 Herrington Dep. 98:16–99:10.

28.     Dr. Herrington explained that she could not use most of the other regimens for Ms. Smith because they included an anthracycline, such as doxorubicin or epirubicin.  Ex. C, Oct. 14, 2020 Herrington Dep. 43:24–46:16.

29.     Anthracyclines carry a risk of heart failure.  The risk is higher for patients with preexisting risk factors for heart disease.  *Id.* at 95:17–96:5.

30.     Ms. Smith had several risk factors for heart disease, including hypertension, hyperlipidemia, a long-term history of smoking, and obesity.  *Id.* at 94:11–18; Ex. H, 10396 - SMITH, CINDY - Singing River Health System 000863–69.

31.     Ms. Smith also received an echocardiogram before her second appointment with Dr. Herrington.  Ex. C, Oct. 14, 2020 Herrington Dep. 97:4–13.

32.     The echocardiogram revealed Ms. Smith had an ejection fraction ("how strong the heart pumps") of 45 percent, which Dr. Herrington characterized as "low."  *Id.* at 97:4–20.

33.     The echocardiogram also revealed Ms. Smith had a grade one diastolic dysfunction ("a dysfunction in the way her heart relaxes").  *Id.*

34.     Due to Ms. Smith's underlying heart dysfunction, Dr. Herrington concluded that Ms. Smith could not receive an anthracycline in her chemotherapy regimen.  *Id.* at 40:4–16, 97:21–24; Ex. I, 10396 – Smith, Cindy – Singing River Health System 001044–50.

4

35. Dr. Herrington also would not have prescribed CMF (Cyclophosphamide, Methotrexate, Fluorouracil) to Ms. Smith because it was "less aggressive" and Ms. Smith "would not have had much of a fair chance" on this regimen. Ex. C, Oct. 14, 2020 Herrington Dep. 45:9–46:1.

36. Dr. Herrington "definitely wanted to use Taxotere" to treat Ms. Smith. *Id.* at 40:17–20.

37. The only question was whether Dr. Herrington would pair Taxotere with Carboplatin or with Cytoxan. Dr. Herrington relied on her training, experience, and understanding of the literature to select Carboplatin in place of Cytoxan for Ms. Smith. *Id.* at 40:4–41:4, 99:11–100:7.

38. If Dr. Herrington had not selected Taxotere and Carboplatin, Dr. Herrington would have selected Taxotere and Cytoxan. *Id.* at 43:16–20, 45:6–8, 100:8–18.

39. Dr. Herrington would only have prescribed Ms. Smith a chemotherapy regimen that contained Taxotere because it was Ms. Smith's only option:

> Q. Dr. Herrington, given the stage and triple-negative type of cancer that Ms. Smith had, it was your opinion that she absolutely needed chemotherapy; correct?
>
> A. Yes.
>
> Q. And if Ms. Smith would have refused to take Taxotere due to a risk of permanent hair loss, would you have referred her to a different oncologist because, in your professional judgment, she needed chemotherapy and she needed a Taxotere-containing regimen?
>
> Mr. Stringer: Object to the form.
>
> THE WITNESS: Yes.
>
> Q. And a Taxotere-containing regimen was her only option; correct?

5

>        A. Yes.

*Id.* at 101:13–102:4.

    40.    Dr. Herrington was clear that she would not deviate from those choices, even if Ms. Smith had asked:

>        Q. How often do you encourage your patients to be an active participant in deciding what regimen, what chemotherapy they will receive?
>
>        A. You know, if they have that option, that's wonderful, but with all due respect, it is not like a McDonald's menu where you can just go and pick and choose which ones you want.

*Id.* at 51:2–8.

    41.    Even with the information that Dr. Herrington has today about the association between Taxotere and permanent hair loss, this information *would not have factored into her decision making process* to prescribe Taxotere and Carboplatin to Ms. Smith:

>        Q. And is it correct that information that you have today about the association of Taxotere with permanent hair loss would not have factored into your decision making process to prescribe Taxotere and carboplatin to Ms. Smith?
>
>        A. That's correct.
>
>        Q. Okay. Knowing what you know today, you still would have prescribed Taxotere and carboplatin; correct?
>
>        A. Yes.

*Id.* at 100:19–101:3.

    42.    Dr. Herrington continues to prescribe Taxotere to her patients today. *Id.* at 77:18–20.

6

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*