UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Cindy Smith, Case No. 2:18-cv-07702.

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS

Plaintiff Cindy Smith's claims are time-barred on the face of her pleadings. Consistent with this Court's previous ruling dismissing the claims of Ms. Juanita Greer (Rec. Doc. 12057), Mississippi's three-year statute of limitations started running when Ms. Smith sustained her pleaded injury six months after she finished chemotherapy. Ms. Smith finished chemotherapy in September 2014 and accordingly sustained her injury in March 2015, but she did not file suit until August 2018.

Because Ms. Smith's claims are time-barred on their face, her case can only survive if she pleads and proves that the statute of limitations was tolled, which occurs under Mississippi law in only two circumstances: (1) where an unseen, latent injury is present and the "discovery rule" applies, or (2) where the defendant fraudulently concealed plaintiff's claim from her. Ms. Smith has not pleaded and cannot prove that either exception tolled her claims. Ms. Smith claims are accordingly time barred, and Sanofi is entitled to judgment.

## FACTUAL BACKGROUND

Ms. Smith discovered she had breast cancer after a motorcycle wreck where she subsequently developed a hematoma on her left breast.[1] In April 2014, Ms. Smith was diagnosed with stage IIIb, triple negative breast cancer.[2] At the time, Ms. Smith did not consider declining treatment.[3] Following her oncology surgeon's advice, Ms. Smith underwent a left mastectomy on April 23, 2014.[4] Ms. Smith started her first round of chemotherapy on a Taxotere and Carboplatin regimen on June 10, 2014.[5] Ms. Smith completed chemotherapy on September 23, 2014.[6] Ms. Smith had hair loss "the whole time" she was going through chemotherapy.[7] Ms. Smith never attributed her hair loss to anything other than her chemotherapy.[8]

Ms. Smith testified that by approximately January 2015, her hair began regrowing "much thinner" than prior to treatment.[9] Ms. Smith started using a hair regrowth product called "Keranique" around June 2015 because she thought her hair should be thicker than it was.[10] On May 21, 2015, Ms. Smith told her counselor, Bessie Marshall, that her eyebrows had not regrown since she finished her chemotherapy treatment.[11] Ms. Smith first saw a lawsuit advertisement for

---

[1] *See* Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment on Statute of Limitations Grounds Against Plaintiff Cindy Smith ("SOF") at ¶ 1.

[2] *Id.* at ¶ 2.

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 4.

[5] *Id.* at ¶ 5–6.

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶ 8.

[8] *Id*. at ¶ 12.

[9] *Id.* at ¶ 9.

[10] *Id.* at ¶ 10.

[11] *Id.* at ¶ 11.

Taxotere in early 2016,[12] and she retained the Lowe Law Group in April 2016.[13]  Ms. Smith did not file her lawsuit until August 14, 2018.[14]

## LEGAL STANDARD

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine dispute of fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249–50 (internal citations omitted).

## ARGUMENT

**I.     MS. SMITH'S CLAIMS ARE TIME BARRED ON THEIR FACE.**

Ms. Smith's claims are substantively identical to the claims this Court recently dismissed in *Greer*. Rec. Doc. 12057.  Ms. Smith claims her injury is permanent chemotherapy-induced alopecia ("PCIA") caused by Taxotere.[15]  The Master Complaint defines all Plaintiffs' injuries as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy." Rec. Doc. 12057 at 4.  In filing her Short Form Complaint ("SFC"), Ms. Smith specifically adopted the Master Complaint's allegations, including the six-month injury definition.[16]  Ms. Smith

---

[12]  *Id.* at ¶ 13.

[13]  *Id.* at ¶ 14.

[14]  *Id.* at ¶ 15.

[15]  Rec. Doc. 4407 at, *e.g.*, ¶ 231.  Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere.  Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary.  However, for the purposes of this Motion, even if Taxotere caused Ms. Smith's injuries, her claims still are time-barred by Miss. Code Ann. § 15–1–49.

[16]  *See, e.g.*, Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 at ¶ 181; Rec. Doc. 12057 (Order

3

completed chemotherapy on September 23, 2014.[17]  On the face of her pleadings, Ms. Smith sustained her injury in March 2015.  *See* Rec. Doc. 12057 at 4 (finding plaintiff sustained her injury six months after completing chemotherapy).

Pursuant to Mississippi Code § 15–1–49(1), Ms. Smith had three years from the date she sustained her injury to file a complaint.  Miss. Code Ann. § 15–1–49(1) (1990) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); Rec. Doc. 12057 at 4 (Mississippi's three year statute of limitations begins to run on the date the injury is sustained, here six months after the plaintiff completed chemotherapy).  Ms. Smith's claims would only be timely if filed by March 2018.  *See, e.g.*, *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 839 (Miss. 2010) (claim filed in November 2005 was outside Mississippi's three-year statute of limitations that began to run in September 2002).  Because Ms. Smith did not file her Complaint until August 14, 2018, her claims are time barred on their face.

## II.  NO EXCEPTION APPLIES TO TOLL THE STATUTE OF LIMITAITONS ON MS. SMITH'S CLAIMS.

As this Court recognized in *Greer*, under Mississippi law, an untimely claim could only be saved if the plaintiff proves either (1) a hidden, latent injury is present and the "discovery rule" applies, or (2) the defendant fraudulently concealed the plaintiff's claim from her.  Rec. Doc. 12057 at 5–7.  The plaintiff bears the burden to prove that either exception applies.  *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008) (plaintiff bears the burden to prove application of the discovery rule); *Brown v. McKee*, 242 So. 3d 121, 130 (Miss. 2018) (at

---

and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint); Rec. Doc. 10668-11 (Ms. Smith's Proposed Amended SFC, adopting allegations set forth in the Master Complaint).

[17]   SOF at ¶ 7.

the summary judgment stage, plaintiff "bore the burden to produce evidence establishing a triable claim for fraudulent concealment."). Ms. Smith cannot meet that burden, and her claims must accordingly be dismissed.

### A. The Discovery Rule Does Not Apply.

As this Court already recognized, under Mississippi law, the discovery rule only applies when a latent "hidden or unseen" injury is present. Rec. Doc. 12057 at 5; Miss. Code Ann. § 15-1-49(2); *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007). The Fifth Circuit has found that "'[f]or an injury to be latent it must be undiscoverable by reasonable methods' such as 'through personal observation or experience.'" *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 455 (5th Cir. 2009) (quoting *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 51 (Miss. 2005)); Rec. Doc. 12057 at 5. This Court recognized in *Greer* that Mississippi courts caution a latent injury should be found only in "limited circumstances." Rec. Doc. 12057 at 5, citing *PPG*, 909 So. 2d at 51 (Miss. 2005).

The heart of each Plaintiff's claim in this MDL is that the injury suffered was so apparent it stigmatized all Plaintiffs, their body image, and their social relationships.[18] Ms. Smith adopted each of those allegations, demonstrating her injury was not hidden or unseen. The three-year statute of limitations began to run in March 2015—six months after Ms. Smith finished chemotherapy. There is no way Ms. Smith's injury was "hidden" because in June 2015, Ms. Smith started using Keranique—hair regrowth treatment products— to thicken her hair.[19] She testified she began using these products because at this point she expected more hair regrowth following her chemotherapy.[20] Ms. Smith also told her counselor in May 2015 that her eyebrow hair had not

---

[18] Rec. Doc. 4407 ¶¶ 214–20.

[19] SOF at ¶¶ 8–10.

[20] *Id*.

5

grown back from her chemotherapy treatment.[21] Ms. Smith also even testified that it was as soon as January 2015, or four months after she completed chemotherapy, that she noticed her hair was not as thick as it should have been.[22] Ms. Smith never attributed her injury to anything besides chemotherapy.[23]

In *Greer*, this Court recognized that Mississippi law considers only whether the plaintiff knew of her *injury*, not its cause. Rec. Doc. 12057 at 6–7 ("Courts have expressly rejected this argument" that a cause of action does not accrue until the plaintiff knows the cause of her injury). This Court went on to rule that:

> the discovery rule does not apply here. Plaintiff anticipated that her hair loss would be temporary. Even setting aside the [six month] definition of PCIA in the Master Complaint, Greer knew or should have known six months after her treatment that something was amiss when her hair had not grown back as she expected.

Rec. Doc. 12057 at 5–6. The same reasoning applies here. Ms. Smith also anticipated that her hair loss would be temporary and admitted that, by as little as four months after chemotherapy and in the months beyond, she knew her hair had not fully regrown. Just like in *Greer*, Ms. Smith "knew or should have known" at that time that "something was amiss." *Id.* Because Ms. Smith did not suffer a latent injury, the discovery rule cannot apply to toll her claims.

    **B.**    **The "Fraudulent Concealment" Exception Does Not Apply.**

The "fraudulent concealment" exception does not apply to save Ms. Smith's claim, either. "[A] plaintiff seeking to avail herself of the doctrine of fraudulent concealment has 'a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented

---

[21] *Id.* at ¶ 11.

[22] *Id.* at ¶ 9.

[23] *Id.* at ¶ 12.

discovery of a claim,' which act was designed to prevent the discovery of the claim and '(2) due diligence was performed on [her] part to discover it.'" Rec. Doc. 12057 at 7, quoting *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 84 (Miss. 2003).  Importantly, "[t]he affirmative act of concealment must have occurred ***after and apart from*** the discrete acts upon which the cause of action is premised." *Smith v. First Family Fin. Servs., Inc.*, 436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006) (internal quotations omitted) (emphasis added).

In ruling that the fraudulent-concealment exception did not apply to toll the plaintiff's claims in *Greer*, this Court held:

> To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss.  As Sanofi notes, the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Greer's substantive claim and her claim for tolling.  Rather, Plaintiffs would need to show a separate act "to conceal the underlying tortious conduct."  She points only to the underlying conduct.  Because Plaintiff has failed to make the required showing, the doctrine of fraudulent concealment does not save her claims.

Rec. Doc. 12057 at 8, internal citations omitted.  The same analysis applies here.  Ms. Smith's claims are substantively identical to the claims dismissed in *Greer*.  Ms. Smith's failure-to-warn claim also alleges that Sanofi prevented her from discovering Taxotere's risks of permanent hair loss.  Ms. Smith alleges no additional act—separate from the allegations that underlie her failure-to-warn claim—that allegedly prevented Ms. Smith from discovering her claim.  Without such an allegation, the fraudulent-concealment exception does not apply as a matter of law.

## CONCLUSION

Ms. Smith's claims accrued in March 2015—six months after she completed chemotherapy and sustained her pleaded injury.  No statute-of-limitations exception applies to toll her claims'

7

accrual, yet Ms. Smith did not file suit until August 2018.  Ms. Smith's claims are accordingly time-barred, and the Court should dismiss her claims with prejudice.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
Torrey Peterson
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*