# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CINDY SMITH,** | |
| **Plaintiff,** | |
| v. | **CASE NO. 2:18-cv-07702** |
| **SANOFI S.A., SANOFI-AVENTIS U.S. L.L.C., SANOFI US SERVICE, INC., and AVENTIS-PHARMA S.A.,** | |
| **Defendants.** | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Cindy Smith, by and through undersigned counsel, hereby provides her first responses to Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc.'s (hereinafter "Sanofi") First Set of Interrogatories.

1

## INTERROGATORIES

**INTERROGATORY NO.1:** Do you contend that you received inadequate medical care from any practitioners that you saw in connection with your treatment for breast cancer? If your answer is anything other than an unqualified "No," identify and describe all facts and evidence that support your contention that you received inadequate medical care.

**ANSWER:** Plaintiff objects to the extent this Interrogatory calls for speculation on the part of the Plaintiff regarding an expert opinion. Plaintiff is without the education, training, or experience to properly form a medical opinion based on her knowledge and relies on her experts to opine on an answer to this Interrogatory. Subject to and without waiving these objections, Plaintiff responds that she is not making a claim for medical malpractice.

**INTERROGATORY NO.2:** Do you contend that Dr. Elizabeth Herrington was at fault for prescribing you a regimen including docetaxel to treat your breast cancer in 2014? If so, please identify and describe the factual basis for such contention, including a description of every document that you assert would support such a contention, and the identity of every witness that you assert would have knowledge or information regarding such contention.

**ANSWER:** Plaintiff objects to the extent this Interrogatory calls for speculation on the part of the Plaintiff regarding an expert opinion. Plaintiff is without the education, training, or experience to properly form a medical opinion based on her knowledge and relies on her experts to opine on an answer to this Interrogatory. Subject to and without waiving these objections, Plaintiff responds that she is without the education, training, or experience to respond based solely on her own knowledge. Plaintiff does not believe Dr. Herrington was at fault for prescribing a regimen including Taxotere/docetaxel to treat her breast cancer in 2014, but rather, that Dr.

Herrington was provided inadequate information from Sanofi (and/or Winthrop) concerning the side-effects of Taxotere/docetaxel and the risk of permanent alopecia.

**INTERROGATORY NO.3:** Do you contend that Dr. Elizabeth Herrington failed to properly warn you of the risks related to the use of docetaxel? If your answer is anything but an unqualified "No," identify and describe all facts and evidence that support your contention that Dr. Elizabeth Herrington failed to properly warn you of the possible complications related to the use of docetaxel.

**ANSWER:** Plaintiff states, "No," and reserves the right to supplement with her own and/or with Dr. Herrington's deposition testimony. Plaintiff contends that Defendant Sanofi neglected to inform her oncologist, Dr. Herrington, of the risk of permanent chemotherapy-induced alopecia associated with the use of Taxotere. As a result, Plaintiff was deprived of the information necessary to make an informed decision about her chemotherapy regimen, which information would have caused Plaintiff to make a decision to use an alternative chemotherapy regimen that did not have an established risk of permanent chemotherapy-induced alopecia. Furthermore, Plaintiff objects to the extent this Interrogatory calls for an expert opinion. Subject to and without waiving said objection, Plaintiff is without the education, training, or experience to respond based solely on her own knowledge.

**INTERROGATORY NO.4:** When did you first learn that lawsuits had been filed related to hair loss following chemotherapy treatment, and when did you first consider contacting and/or retaining an attorney or filing a lawsuit in connection with the allegations set forth in your lawsuit Complaint?

**ANSWER:** Plaintiff saw a television or Facebook advertisement regarding Taxotere lawsuits sometime in early 2016.

**INTERROGATORY NO.5:** When did you first retain an attorney or law firm in connection with the allegations set forth in your lawsuit Complaint? Please identify all attorneys and law firms that have represented you in connection with this lawsuit, and the dates they were retained.

**ANSWER:** Plaintiff sought information the law offices of Lowe Law Group and Arentz Law Group in April 2016.

**INTERROGATORY NO.6:** Provide the name, address and telephone numbers of each individual likely to have information – along with the subjects of that information – that you may use to support your claims in this lawsuit.

**ANSWER:**

| Name | Address | Telephone Number | Subject |
|---|---|---|---|
| William (Jason) Cunningham | ███ | ███ | Breast cancer treatment and impact of permanent hair loss and thinning |
| Laura Reynolds | ███ | ███ | Breast cancer treatment and impact of permanent hair loss and thinning |
| Anita Cunningham | ███ | ███ | Breast cancer treatment and impact of permanent hair loss and thinning |
| Joseph and Azlee Cunningham | ███ | ███ | Breast cancer treatment and impact of permanent hair loss and thinning |
| Donna Chandler | ███ | ███ | Breast cancer treatment and impact of permanent hair loss and thinning |
| Calvin Ennis, MD | ███ | ███ | Primary care history and alopecia treatment |

| Julius Bosco, MD | 4507 Hospital Rd., Pascagoula, MS 39581 | 228-769-1940 | OB/GYN history |
|---|---|---|---|
| Harris Barrett, MD | 5907 US-90, Moss Point, MS 39563 | 228-769-2611 | Primary care history and mammograms |
| Elizabeth L. Herrington, MD | 2809 Denny Ave., Pascagoula, MS 39581 | 228-809-5251 | Chemotherapy history, treatment, and follow-up |
| Singing River Hospital | 2809 Denny Ave., Pascagoula, MS 39581 | 228-809-5000 | Breast cancer history and treatment |
| John D. Bailey, MD | 2406 Catalpa Ave, Pascagoula, MS 39567 | 228-696-0818 | Lumpectomy, mastectomy |
| Alan G. Crawford, MD | 24 Marks Rd, Ocean Springs, MS 39564 | 228-872-8873 | Dermatology history and treatment |
| James Gatewood, MD | 2809 Denny Ave, Pascagoula, MS 39581 | 228-809-5251 | Breast cancer history, treatment, and follow-up |
| George V. Davis, MD | 3407 Shamrock Ct., Gautier, MS 39553 | 228-497-0690 | Psychological history and treatment |
| Miranda Jones, MS | 3407 Shamrock Ct., Gautier, MS 39553 | 228-497-0690 | Psychological history and treatment |

**INTERROGATORY NO.7:** Identify every person with whom you have had contact or communication regarding any research, information, treatment or potential treatment for or concerning hair loss, including but not limited to research into potential treatment for hair loss associated with chemotherapy. For each such person, provide the date(s), method, and a description of the contact or communication, as well as the last known contact information for that person.

**ANSWER:**

| Name | Contact Information | Dates & Method of Contact | Description |
|---|---|---|---|
| Garrott Dermatology—Alan G. Crawford, MD | 24 Marks Rd, Ocean Springs, MS 39564; 228-872-8873 | In-person consultations from 12/21/2016 through present. | See Plaintiff's medical records in MDL Centrality related to the diagnosis and |

5

| | | | |
|---|---|---|---|
| | | | attempts to treat her permanent alopecia from Taxotere, Doc. ID 463526. |
| Calvin Ennis, MD | 8006 MS-613, Moss Point, MS 39562; 228-475-1166 | In-person consultation, especially on 01/06/2020. | Dr. Ennis prescribed spironolactone, 25mg daily, for at least six months in an attempt to treat Plaintiff's permanent alopecia. |
| James Gatewood, MD | 3535 Bienville Blvd., Ocean Springs, MS 39564; 228-809-5251 | In-person consultations from mid-2015 through Nov. 7, 2019. | Dr. Gatewood assessed Plaintiff's alopecia and recommended Biotin. |

**INTERROGATORY NO.8:** Provide the name, address, and telephone number of all hair dressers, hair stylists, or other persons who have cut and/or styled your hair.

**ANSWER:** The Company Salon & Spa, 1241 Market St., Pascagoula, MS 39567, 228-762-0251.

**INTERROGATORY NO.9:** Do you contend that you could have or should have been treated with a different chemotherapy regimen other than the one you were prescribed? If your answer is anything but an unqualified "No," state the regimen you believe would have been more appropriate to treat your cancer, and identify and describe all facts and evidence that support your contention that such regimen would have been more appreciate that the one you were prescribed.

**ANSWER:** Plaintiff objects to the extent that this request calls for an expert opinion. Subject to and without waiving this objection, Plaintiff is without the education, training, or experience to respond based solely on her own knowledge.

**INTERROGATORY NO.10:** Identify and describe all medications you have taken that included or include a risk of hair loss. For all such medications, please identify and

6

describe the factual basis for your belief that it may have caused or contributed to your injuries, including a description of every document that you assert would support such a conclusion, and the identity of every witness that you assert would have knowledge or information regarding such conclusion.

**ANSWER:** Plaintiff objects to the extent this request calls for a medical and/or expert opinion. Plaintiff is without the knowledge, experience, or educational background necessary to properly respond to this request to the extent it seeks a medical and/or expert opinion and therefore defers to experts in this matter. Should Plaintiff be selected as a trial plaintiff in this matter, Plaintiff will identify experts and produced expert reports within the time frame set forth by the Court. Subject to and without waiving said objection, Plaintiff is unaware of any medication, aside from Taxotere, which she ingested that has been proven to be associated with permanent hair loss.

**INTERROGATORY NO.11:** Identify all persons from whom you have received documents or tangible things, including but not limited to communications, responsive to Defendants' First Set of Requests for Production to Plaintiff. For each such person, identify which documents or things were received and provide a date and description of the document or thing.

**ANSWER:**

| Name | MDL Centrality Doc. ID # | Date | Description |
|---|---|---|---|
| Singing River Hospital | 292228 | 12/31/2018 | Plaintiff's Taxotere medication information reports for administration from June 2014 through September 2014 with Dr. Elizabeth Herrington, MD. |
| Regional Cancer Center | 256304 | 06/07/2016 | Medication dosage records for June through October 2014 and Progress Note for 10/21/2014 with Dr. Elizabeth Herrington, MD. |

| Garrott Dermatology | 463526 | 03/11/2020 | Progress Notes for visits December 21, 2016 through October 17, 2019 with Dr. Alan Crawford, MD. |
|---|---|---|---|
|  |  |  |  |

**INTERROGATORY NO.12:** Identify all persons who have performed any diagnosis, treatment, or assessment of the injuries you allege in this lawsuit, or whom you have reason to believe may be in possession of documents or tangible things related to any diagnosis, treatment, or assessment of the injuries or damages she alleges in this lawsuit, including but not limited to documents or things related to any scalp biopsy or other dermatological assessment, pathology report concerning injuries alleged in this lawsuit, or psychological or neuropsychological assessment of you, and state all diagnoses provided and treatments offered or undertaken.

**ANSWER:**

| Name | Contact Information | Dates & Method of Contact | Description |
|---|---|---|---|
| Garrott Dermatology—Dr. Alan Crawford, MD | 24 Marks Rd, Ocean Springs, MS 39564; 228-872-8873 | In-person consultations from Dec. 21, 2016 through Oct. 17, 2019 with Dr. Crawford and staff. | See Plaintiff's medical records in MDL Centrality related to the diagnosis and attempts to treat her permanent alopecia with OTC Biotin daily. See Doc. ID 463526. |
| Calvin Ennis, MD | 8006 MS-613, Moss Point, MS 39562; 228-475-1166 | In-person consultation, especially on 01/06/2020. | Dr. Ennis prescribed spironolactone, 25mg daily, for at least six months in an attempt to treat Plaintiff's permanent alopecia. |
| James Gatewood, MD | 3535 Bienville Blvd., Ocean Springs, MS 39564; 228-809-5251 | In-person consultations from mid-2015 through Nov. 7, 2019. | Dr. Gatewood assessed Plaintiff's alopecia and recommended Biotin. |

**INTERROGATORY NO.13:** Identify all persons with whom you have had contact or communication regarding this litigation, including contact or communications regarding any requests for records, documents, or information; subpoenas; other discovery; or other investigation into claims presented in the litigation; and whether or how such investigative efforts should be responded to or complied with. As used in this Interrogatory, the term "litigation" includes the above-captioned matter, MDL 2740, and any allegation of wrongdoing related to an alleged risk of permanent or persisting hair loss following treatment with docetaxel or any other chemotherapy drug. For each such person, provide the date(s), method, and a description of the contact or communication, as well as the last known contact information for that person.

**ANSWER:** To the best of Plaintiff's knowledge and recollection, she has never personally requested records, documents, or information, subpoenas, other discovery, or conducted other investigation into claims presented in the litigation. Rather, all requests for records, documents, or information, subpoenas, other discovery, or other investigation into claims presented in the litigation have been conducted by her counsel and counsel has produced all these responsive documents. To the best of Plaintiff's knowledge and recollection, she has had contact with the following persons concerning this litigation:

| Name | Contact Information | Dates & Method of Contact | Description |
|---|---|---|---|
| Garrott Dermatology | 24 Marks Rd, Ocean Springs, MS 39564; 228-872-8873 | In-person consultations from Dec. 21, 2016 through Oct. 17, 2019. | See Plaintiff's medical records in MDL Centrality related to the diagnosis and attempts to treat her permanent alopecia with OTC Biotin daily. See Doc. ID 463526. |

9

| | | | |
|---|---|---|---|
| Regional Cancer Center | 2809 Denny Ave., Pascagoula, MS 39581; 228-809-5251 | In-person consultations, treatment, and visits in 2014. | See Plaintiff's medical records in MDL Centrality related to her breast cancer diagnosis, chemotherapy administration, and treatment. See Doc. ID 256304. |
| Singing River Hospital | 2809 Denny Ave., Pascagoula, MS 39581; 228-809-5251 | In-person consultations and treatment in 2014. | See Plaintiff's medical records in MDL Centrality related to her breast cancer chemotherapy administration and treatment. See Doc. ID 292228. |

**INTERROGATORY NO.14:** Identify all persons with whom you have communicated about any injury you allege in this lawsuit, including but not limited to persons with whom you have communicated regarding the effect of your alleged injury on, and persons with whom you have communicated regarding whether any injury you allege in this lawsuit (1) is permanent or persistent, and/or (2) was caused or contributed to by use of docetaxel. For each such person who has stated an opinion as to whether any injury you allege was attributable to docetaxel, state what the person said (i.e., your condition was related to docetaxel; your condition was not related to docetaxel; your condition may be related to docetaxel; the person did not know whether your condition was related to docetaxel; or you do not recall what you were told), when and where that person made each such statement, and to whom each such statement was made.

**ANSWER:**

| Name | Statement Content | Where & When | To Whom |
|---|---|---|---|
| Azlee Cunningham | Believes that the Taxotere caused | Various times at both Plaintiff's home and | Plaintiff |

10

|  | Plaintiff's hair thinning and permanent alopecia. | Azlee's home since mid-2018. |  |
|---|---|---|---|
|  |  |  |  |

**INTERROGATORY NO.15:** Identify and describe all physical evidence or other tangible things obtained, possessed, created, or collected from, for, or by you or any other person, or otherwise known by you to exist, related to your injuries or claims in this lawsuit, including but not limited to all tissue or other medical samples, biopsy slides, or scalp or hair components of you or any other person, and identify all persons who have or have ever had possession, custody, or control of such tangible thing.

**ANSWER:** Plaintiff states that no responsive evidence or tangible things are known and in her possession, custody, or control.

Dated: May 15, 2020                     Respectfully Submitted:

/s/ *Nathan Buttars*
Nathan Buttars
T. Aaron Stringer
LOWE LAW GROUP
6028 S. Ridgeline Dr., Suite 200
Ogden, UT 84405
Tel: 385-298-0175
Fax: 801-656-0997
nate@lowelawgroup.com
aaron@lowelawgroup.com
*Counsel for Plaintiff*

## **VERIFICATION**

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, recollection, and belief at the present time.

05/15/2020  
_____  
Date

*Cindy L. Smith*  
_____  
Plaintiff's Signature

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, a true and correct copy of Plaintiff's Responses to Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc.'s First Set of Interrogatories to Plaintiff were served upon the following by email:

Torrey Peterson
Lori Schultz
SHOOK HARDY & BACON
Email: tpeterson@shb.com
Email: lschultz@shb.com

*Counsel for Defendant Sanofi-Aventis US LLC and Sanofi US Services, Inc.*

/s/ *Nathan Buttars*