UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |

Emma Willie, No. 28-cv-03857.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT UNDER THE DOCTRINE OF JUDICIAL ESTOPPEL**

Mrs. Willie filed her Complaint in this action on April 11, 2018, while simultaneously involved in a Chapter 13 bankruptcy proceeding in the Northern District of Mississippi (the "bankruptcy court"). Before the bankruptcy court, Mrs. Willie took the position, under oath, that her assets and income were insufficient to pay her debts and that she had no contingent claims. Despite a statutory obligation to do so, Mrs. Willie never disclosed to the bankruptcy court her contingent claim against Sanofi before her debts were discharged in 2019. Rather, it was only after Mrs. Willie was nominated as a bellwether plaintiff, and after Sanofi raised a concern, that Mrs. Willie attempted to belatedly re-open the bankruptcy proceeding and disclose this lawsuit as a contingent asset.

Mrs. Willie's late disclosure cannot save her claims. Under well-settled law, Mrs. Willie failed to properly disclose her contingent claim against Sanofi to the bankruptcy court. Mrs. Willie's actions meet all three of the Fifth Circuit's criteria for judicial estoppel. As such she should be estopped from pursuing or collecting any judgment on her claims against Sanofi, and the Court should enter summary judgment in Sanofi's favor.

## **LEGAL STANDARD**

Judicial estoppel is an equitable doctrine that "prevents a party from assuming inconsistent positions in litigation." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004)); *see also Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (citing *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011)).  The doctrine is designed to protect the judicial system, not any individual litigant, and therefore "detrimental reliance" by the opposing party is not required." *See Tyson Foods*, 677 F.3d at 261 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). Judicial estoppel is intended to "protect the integrity of the judicial process" by "preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Kane*, 535 F.3d at 385; *see also Tyson Foods*, 677 F.3d at 261.

In the context of bankruptcy, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Woolfolk v. Rhoda*, No. 3:19-cv-17-DMB-RP, 2020 WL 5735134, at *2 (N.D. Miss. Sept. 24, 2020) (quoting *United States ex rel. Long v. GSD & M Idea City, LLC*, 798 F.3d 265 (5th Cir. 2015)); *see also Davis v. Wells Fargo Bank*, No. 3:19-cv-2444-M-BN, 2020 WL 2529382, at *3 (N.D. Tex. Apr. 23, 2020) (quoting *Reed v. City of Arlington*, 650 F. 3d 571, 573-74 (5th Cir. 2011)).  "Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.* (quoting *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)).

The Fifth Circuit has adopted a three-prong test to determine whether a plaintiff who failed to make appropriate disclosures in one litigation is judicially estopped from pursuing her claim in

another: "(1) the party against whom [judicial estoppel] is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013) (citing *Reed v. City of Arlington*, 650 F. 3d 571, 574 (5th Cir. 2011)); *see also Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012); *Jethroe v. Omnova Solutions, Inc.*, 412 F. 3d 598, 600 (5th Cir. 2005); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004); *In re Coastal Plains, Inc.*, 179 F.3d 197, 213 (5th Cir. 1999). All three factors are met here.

## ARGUMENT

### A. MRS. WILLIE'S CLAIMS AGAINST SANOFI ARE ESTOPPED UNDER THE FIFTH CIRCUIT'S THREE-PARTY TEST.

**1. Willie's current legal position is plainly inconsistent with her prior legal position.**

The first prong of the Fifth Circuit's judicial estoppel test—inconsistent positions—is easily satisfied. If a plaintiff "fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met." *Amos v. Sanderson Farms, Inc.*, No. 3:04-cv-839-WHB-JCS, 2006 WL 8199359, at *3 (S.D. Miss. May 31, 2006); *see also In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004); *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999); *In re Adams*, 481 B.R. 854, 860 (Bankr. N.D. Miss. 2012). As the Fifth Circuit has explained: "[the debtor's] omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no claim existed." *In re Superior Crewboats, Inc.* 374 F.3d at 335 (citing *In re Coastal Plains, Inc.*, 179 F.3d at 210); *see also Amos*, 2006 WL 8199359, at *3. If a debtor later pursues the omitted personal injury claim, she contradicts her prior representation to the bankruptcy court that no such claim existed.

3

The Fifth Circuit has repeatedly stated that debtors have an affirmative duty to disclose all *existing and potential* claims in their bankruptcy petition, including claims that allegedly arose *after* their bankruptcy proceeding was initiated: "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." *In re Flugence*, 738 F. 3d 126, 129 (5th Cir. 2013); *see also In re Superior Crewboats, Inc.*, 374 F. 3d at 335 ("The duty to disclose is continuous."); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one."); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F. 3d 380, 384-85 (5th Cir. 2008) ("Pursuant to the Bankruptcy Code, debtors are under a continuing duty to disclose all pending and potential claims."); *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) ("The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one.").

As the Fifth Circuit has made clear, "the importance of this disclosure duty cannot be overemphasized." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (internal citations omitted). Indeed, the "integrity of the bankruptcy system depends on full and honest disclosure by debtors of their assets." *Id.* (quoting *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)).

Mrs. Willie's assertions before the bankruptcy court were plainly contradictory to her assertions made before this Court. Mrs. Willie represented to the bankruptcy court in 2013 that she had no contingent claims. Mrs. Willie completed chemotherapy in April 2015 and suffered her alleged injury by October 2015.[1] Mrs. Willie contacted her attorney and discussed her claim

---

[1] *See, e.g.*, Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 at ¶ 181; Rec. Doc.

4

as early as June 2016, and she filed this lawsuit on April 11, 2018.[2] Mrs. Willie did not, however, notify the bankruptcy court of the claim prior to her debt being discharged and her bankruptcy case being closed in 2019.[3]

Under Fifth Circuit law, Mrs. Willie's failure to disclose her alleged claim against Sanofi to the bankruptcy court is "tantamount to a representation that no such claim existed." *In re Superior Crewboats, Inc.*, 374 F. 3d 330, 335 (5th Cir. 2004) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). "Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *Id.*

### 2. The bankruptcy court adopted Mrs. Willie's previous position.

Second, the bankruptcy court adopted Mrs. Willie's contention that she had no pending lawsuits when it entered an Order discharging Mrs. Willie's debt and closing the bankruptcy case.[4] "The second element for judicial estoppel is met if the party against whom estoppel is asserted convinced a court to accept the prior inconsistent position." *Amos v. Sanderson Farms, Inc.*, No. 3:04-cv-839-WHB-JCS, 2006 WL 8199359, at *3 (S.D. Miss. May 31, 2006); *see also Woolfolk v. Rhoda*, No. 3:19-cv-17-DMB-RP, 2020 WL 5735134, at *2 (N.D. Miss. Sept. 24, 2020); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005). "[C]ourts have 'held that a bankruptcy court accepts a debtor's position when it relies on her asset schedules and confirms her bankruptcy plan.'" *Johnson v. Deutsche Bank Nat. Tr. Co.*, No. 3:12-cv-3542-L, 2013 WL 3810715, at *9 (N.D. Tex. July 23, 2013) (citing *Bauer v. Dean Morris, LLP*, No. 08-5013, 2011

---

12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint).

[2] Defs.' Statement of Facts ("DSOF") ¶ 4-5.
[3] *Id.* ¶ 8-9.
[4] *Id.*

5

WL 1303814, at *5 (E.D. La. Mar. 30, 2011)). Such was the case here—Mrs. Willie's debts were discharged and her bankruptcy case closed without Ms. Willie ever disclosing her claim against Sanofi.

### 3. Mrs. Willie's non-disclosure was not inadvertent.

The third element of judicial estoppel, inadvertence, may only be avoided by the debtor if: (1) she "lacks knowledge of the undisclosed claims," or (2) "has no motive for concealment." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). Neither exclusion applies.

A plaintiff is held to have "knowledge of a claim whenever she knows the facts that give rise to the claim." *Abreu v. Zale Corp.*, No. 3:12-cv-2620, 2013 WL 1949845 (N.D. Tex. May 13, 2013) (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005)); *see also In re Superior Crewboats Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). The debtor's "awareness of [her] statutory disclosure duty is simply not relevant to the question of judicial estoppel," instead all that matters is her awareness "of the facts giving rise to her claim." *Karmont v. West*, 83 Fed. App'x 1, 3 (5th Cir. 2003) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210-12 (5th Cir. 1999)).

Here, Mrs. Willie was aware of her claim by October 2015, six months after she completed chemotherapy and sustained her pleaded injury.[5] And Mrs. Willie was certainly aware of her claim against Sanofi by 2018 when she filed the present lawsuit—yet, Mrs. Willie failed to disclose this contingent claim to the bankruptcy court before her debts were discharged a year later.[6]

---

[5] *See, e.g.*, Rec. Doc. 10833 at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy.").

[6] *Id.* ¶ 4-5, 7-9.

6

In the bankruptcy context, courts have held that motivation is self-evident "because of potential financial benefit resulting from the nondisclosure." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Thompson v. Sanderson Farms, Inc.*, No. 3:04-cv-837-WHB-JCS, 2006 US Dist. Lexis 48409, at *12-13 (S.D. Miss. May 31, 2006) (citation omitted)). More specifically, debtors have motivation to conceal because they stand to "'reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.'" *Id.* (quoting *In re Superior Crewboats Inc.*, 374 F.3d 330, 336 (5th Cir. 2004)). The "motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court," as occurred here. *Thompson*, 2006 US Dist. Lexis 48409, at *12-13.

Disclosure of Mrs. Willie's claims in this lawsuit may have dramatically changed the outcome of the bankruptcy case. Mrs. Willie's Chapter 13 plan provided for a 0% distribution to general unsecured creditors, to whom she owed $12,800.37.[7] Mrs. Willie represented to the Chapter 13 trustee, the bankruptcy court, and her creditors, that she had insufficient assets to pay a cent on the dollar to her general unsecured creditors. Throughout the life of the Chapter 13 plan, Mrs. Willie's general unsecured creditors received no payment, and Mrs. Willie's debts were eventually discharged.[8] Had this lawsuit been properly disclosed, Mrs. Willie's general unsecured creditors may have been entitled to object to confirmation of the Chapter 13 plan, as the plan could have provided for a distribution greater than zero for those creditors. However, because of Mrs. Willie's non-disclosure, she was able to confirm a Chapter 13 plan that paid nothing to the general unsecured creditors, and eventually receive a discharge of her debts.

---

[7]     *Id.* ¶ 6.

[8]     *Id.* ¶ 6-8.

Because Mrs. Willie's actions meet all three of the Fifth Circuit's criteria for judicial estoppel, she should be estopped from pursuing or collecting any judgment on her claims against Sanofi, and her claims should be dismissed in order to preserve the integrity of the judicial system.

**B. JUDICIAL ESTOPPEL CANNOT BE AVOIDED BY THE REOPENING OF MRS. WILLIE'S BANKRUPTCY PROCEEDINGS.**

Mrs. Willie's untimely motion to re-open her bankruptcy post-discharge does not resolve or preclude judicial estoppel. Judicial estoppel is concerned with protecting "the integrity of the judicial process." *In re Adams*, 481 B.R. 854, 860 (Bankr. N.D. Miss. 2012) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). The Fifth Circuit has expressly rejected attempts to avoid judicial estoppel under similar circumstances:

> [t]he basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [debtor's] present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights.
>
> *This is a palpable fraud that the court will not tolerate, even passively.*
>
> [Debtor], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.

*See In re Coastal Plains, Inc.*, 179 F.3d at 213 (emphasis added) (quoting *Payless Wholesale Distributors, Inc. v. Alberto Culver (P. P.), Inc.*, 989 F.2d 570, 571 (1st Cir. 1993)).

In *Superior Crewboats, Inc.*, the Fifth Circuit addressed a similar late attempt to re-open a bankruptcy proceeding to disclose a contingent asset, barring the claims of the plaintiff for failure to timely disclose in the bankruptcy court. *Id.* at 333-34. The Fifth Circuit found the disclosure untimely, in part, because the plaintiffs moved to reopen the bankruptcy proceeding only after the opposing party raised a concern about disclosure. *Id.* at 333-34. The Fifth Circuit explained,

8

"[plaintiffs] cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses." *Id.* at 336 (citations omitted)).[9]

Mrs. Willie's belated attempt to reopen her bankruptcy proceeding does not change the judicial estoppel analysis under Fifth Circuit precedent. As in *In re Superior Crewboats*, here too Mrs. Willie did not move to reopen until after Sanofi's counsel raised a concern about the prior bankruptcy proceedings and its impact on Mrs. Willie's ability to serve as a bellwether plaintiff.[10] Only then did Mrs. Willie move to reopen her bankruptcy proceeding claiming she "has discovered that she may have a potential asset in that she is eligible to be included in a class action lawsuit with Taxotere, filed April 11, 2018."[11] Ms. Willie's "discovery" came four years after she had retained counsel, two years after she filed this lawsuit, and a full year after her bankruptcy was discharged.

Nor could the bankruptcy re-opening have any impact here, as the trustee could not substitute in to pursue Mrs. Willie's claim. As the Fifth Circuit explained in *Reed v. City of Arlington* and *Kane v. National Union Fire Insurance Company*, in a *Chapter 7* bankruptcy case "absent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a

---

[9] *See, e.g.*, *Thompson v. Sanderson Farms, Inc.*, No. 3:04-cv-837-WHB-JCS, 2006 US Dist. Lexis 48409, at *12-13 (S.D. Miss. May 31, 2006) (disallowing plaintiff from pursuing claims in then-pending bankruptcy for benefit of bankruptcy estate, and stating "[a] plaintiff/debtor should not be allowed to amend a bankruptcy plan 'only after his omission has been challenged by an adversary'"); *Amos v. Sanderson Farms, Inc.*, No. 3:04-cv-839-WHB-JCS, 2006 WL 8199359, at *3 (S.D. Miss. May 31, 2006) (applying judicial estoppel when plaintiff failed to advise bankruptcy court of suit until dispositive motion filed by defendant in litigation); *Estel v. Bigelow Mgmt., Inc.*, 323 B.R. 913, 924 (E.D. Tex. Jan. 19, 2005) (dismissal of plaintiff's claims "may be viewed as a harsh remedy, but the bankruptcy courts and courts of this country have a right to insure that complete candor surrounds all proceedings").

[10] DSOF ¶ 12-15.

[11] *Id.* ¶ 14-15.

judgment or cause of action that the debtor fails to disclose in bankruptcy." [12] However, the U.S. Bankruptcy Court for the Eastern District of Louisiana recently considered the application of this same doctrine in a Chapter 13 bankruptcy case—like Mrs. Willie's—and held that it did not apply.

"[T]he Chapter 13 trustee has many duties of a trustee in a Chapter 7 or Chapter 11 case, but the Chapter 13 trustee's power to deal with estate property is significantly limited." *In re Lymon*, No. 18-13128, 2020 WL 7388073, at *7 (Bankr. E.D. La. Jan. 15, 2020) (citations omitted). A Chapter 13 trustee "does not possess the same right as a chapter 7 trustee to 'collect and reduce the money to the property of the estate,'" and is "specifically restricted from exercising control of property of the estate under 11 U.S.C. § 1303." *Id.* at *7 (citing *In re Aycock*, No. 10-80516, 2014 WL 1047803, at *2 n.1 (Bankr. W.D. La. Mar. 18, 2014)). The Court accordingly recognized in *Lymon* that a Chapter 13 trustee cannot pursue a debtor's undisclosed claim because to do so would "act beyond the authority given her by Congress in §§ 1302 and 1303 of the Bankruptcy Code." *Id.* As such, Ms. Willie's untimely re-opening of her bankruptcy proceeding does not change the fact that her claims in this litigation are estopped and must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Sanofi respectfully requests Mrs. Willie be judicially estopped from pursuing or collecting any judgment on her claims against Sanofi, and that the Court enter summary judgment and dismiss Mrs. Willie's claims with prejudice.

---

[12] *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011); *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380 (5th Cir. 2008). This Court's order in *Kinderdine* was made regarding a Chapter 7, not a Chapter 13, bankruptcy proceeding. *See cf.* Rec. Doc. 4625 (Order and Reasons).

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*

11