# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|   |   |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
|  | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
|  | MAG. JUDGE MICHAEL NORTH |
| *Alice D. Hughes v. Accord Healthcare, Inc.* *Case No. 2:17-cv-11769* |  |

## DEFENDANT ACCORD HEALTHCARE, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PREEMPTION GROUNDS

Defendant Accord Healthcare, Inc. ("Accord") advises the Court of a new published preemption decision by the U.S. Court of Appeals for the Fourth Circuit that touches on numerous issues raised by Accord's preemption-based summary judgment motion (Rec. Doc. 11226) in this case: *Knight v. Boehringer Ingelheim Pharm., Inc.*, --- F.3d ---, 2021 WL 41897 (4th Cir. Jan. 6, 2021). The *Knight* decision, attached as Exhibit A, reversed a jury verdict on the plaintiff's fraud claim related to the warning label on the prescription drug Pradaxa, finding that the claim was preempted because the plaintiff could not provide evidence of "newly acquired information"—the regulatory threshold for a manufacturer to unilaterally change its drug's FDA-approved label. *Id.* at *6–8; *see also* 21 C.F.R. §§ 314.3(b), 314.70(c)(6)(iii).

The *Knight* decision provides guidance on the following issues addressed by Accord's preemption motion. Specifically, the court of appeals:

- Held that "hypotheses, differing viewpoints and even preliminary conclusions" from a manufacturer's report or study "are not reliable evidence of new risks," and "cannot, without more, reveal 'newly acquired information,'" *Knight*, 2021 WL 41897, at *8;

- Held that subsequent FDA approval of the label, without modification, after receipt of a published study, belies the suggestion that the study identified a new or more severe risk, as necessary for "newly acquired information," *id.* at *7 (explaining that, "after reviewing the Reilly Paper, the FDA has continued to approve labels with no monitoring requirement"); and

- "[C]aution[ed] against a quick trigger in determining the existence of newly acquired information" from preliminary study results, noting the risk of "discourag[ing] the open dialogue needed to reach the best results," as well as the problem of "flood[ing] labels" with premature warning modifications, *id.* at *8.

These portions of the decision, among others, while not binding on courts outside the Fourth Circuit, provide guidance on issues raised at pages 13–19 (Part III.B) of Accord's preemption motion and further demonstrate why Plaintiff has not (and cannot) show "newly acquired information" in this case. *See* Rec. Doc. 11226-1, Accord Preemption MSJ Br. at 13–19.

| | |
|---|---|
| Date: January 8, 2021 | Respectfully submitted, |

*/s/ Julie A. Callsen*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:     216.592.5000
Facsimile:      216.592.5009
Email:            julie.callsen@tuckerellis.com
                     michael.ruttinger@tuckerellis.com
                     brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 8, 2021, a true and correct copy of *Defendant Accord Healthcare, Inc.'s Notice of Supplemental Authority in Support of Motion for Summary Judgment on Preemption Grounds* was filed via the ECF system that will send notification of such filing to all counsel of record.

                                            */s/ Julie A. Callsen*
                                            Julie A. Callsen

5002713