UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO *Melissa Roach*, Case No. 2:17-cv-7918 | |

### PLAINTIFF MELISSA ROACH'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON WARNINGS CAUSATION

Plaintiff Melissa Roach hereby submits this Response to Defendants' Statement of Undisputed Material Facts, which was filed in support of Defendants' Motion for Summary Judgment. Plaintiff Roach submits this Response pursuant to Local Rule 56.2 and states:

1. Admitted.

2. Admitted insofar as the Taxotere labeling warned of temporary hair loss rather than permanent hair loss, and it never disclosed a risk of permanent hair loss known to Sanofi.

3. Admitted. However, Taxotere is one of many effective chemotherapy agents available to treat breast cancer. Only recently since Sanofi changed its label in December 2015 have doctors and their patients been provided with information to understand and consider the risk of permanent alopecia known for many years to Sanofi. Just last year, prescribing oncologists were recommended to warn their patients of the risk of permanent hair loss with alopecia. Ex. D, 2020 UpToDate article.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted only insofar as the testimony speaks for itself and that Plaintiff's diagnosis is characterized in the literature as a relatively aggressive form of breast cancer. The relative risk and possibilities of recurrence are issues to be addressed by experts, whose reports have not yet been disclosed in this case.

10. Admitted only insofar as the testimony speaks for itself.

11. Ms. Roach admits that at the time of her diagnosis, she did not consider declining treatment. However, Ms. Roach clarifies that this testimony was a reference to her decision to treat her cancer in general. This testimony did not address whether Ms. Roach considered declining specific chemotherapy drugs, nor that she had the information necessary to make informed decisions about specific chemotherapy drugs. Although Ms. Roach was focused on her survival, if Plaintiff Ms. Roach had been informed of the risk of permanent hair loss, she would have researched and chosen another chemotherapy regimen or alternate therapy. Ex. A, Roach Dep. at 254-258.

12. Ms. Roach admits that at the time of her diagnosis, she did not ask about other treatment options. However, Ms. Roach did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere. *Id.* at 254-258.

13. Admitted.

14. Ms. Roach admits that at the time of her diagnosis, she did not ask about other treatment options. However, Ms. Roach did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere. Ex. A, Roach Dep. at 254-258.

15. Ms. Roach admits that at the time of her diagnosis, she did not ask about other treatment options. However, Ms. Roach did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere. *Id.* at 254-258.

16. Admitted insofar as Dr. Alnas testified that she believed Ms. Roach's chances of survival without a regimen that included some form of chemotherapy would be poor. Ms. Roach admits that at the time of her diagnosis, she did not ask about other treatment options. However, Ms. Roach did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere. *Id.* at 254-258.

17. Admitted. However, Ms. Roach did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk

of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere.  *Id.* at 254-258.

18. Admitted.

19. Admitted

20. Denied.  Ms. Roach is not a medical professional, and she did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere.  Ex. A, Roach Dep. at 254-258. Further, Ms. Roach's expert reports are not yet due in this matter; she anticipates her experts will identify the available options with similar efficacy in their expert reports all of which are within the standard of care and identified in the NCCN Guidelines.

21. Denied.  Ms. Roach is not a medical professional, and she did not have the information necessary to make an informed decision about Taxotere because her physician was not informed of the unique risk of permanent hair loss with Taxotere. Had Ms. Roach known about the risk of permanent hair loss, she would have wanted to take another chemotherapy agent aside from Taxotere.  *Id.* at 254-258. Further, Ms. Roach's expert reports are not yet due in this matter; she anticipates her experts will identify the available options with similar efficacy in their expert reports all of which are within the standard of care and identified in the NCCN Guidelines.

22. Admitted.

23. Admitted.

24. Admitted. However, there are other chemotherapy regimens appropriate for Ms. Roach's type of breast cancer that did not include Taxotere consistent with the NCCN guidelines.

25. Admitted. However, there are other chemotherapy regimens appropriate for Ms. Roach's type of breast cancer that did not include Taxotere consistent with the NCCN guidelines.

26. Admitted. However, there are other chemotherapy regimens appropriate for Ms. Roach's type of breast cancer that did not include Taxotere consistent with the NCCN guidelines.

27. Admitted only insofar as this represents Dr. Alnas' recommendation and thought process without knowing of a risk of permanent hair loss associated with Taxotere. However, Dr. Alnas testified that he would have counseled Ms. Roach about permenant hair loss and respected his patient's ultimate decision whether to take a chemotherapy agent. Ex. B, Alnas Dep. at 43-44. Plaintiff also intends to submit objective evidence that a reasonable physician would not have prescribed Taxotere for a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks.

28. Admitted only insofar as this represents Dr. Alnas' recommendation and thought process without knowing of a risk of permanent hair loss associated with Taxotere. However, Dr. Alnas testified that he would respect his patient's ultimate decision whether to take a chemotherapy agent. *Id.* at 43-44. Plaintiff also intends to submit objective evidence that a reasonable physician would not have prescribed Taxotere for

a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks.

29. Admitted only insofar as this represents Dr. Alnas' recommendation and thought process without knowing of a risk of permanent hair loss associated with Taxotere. However, Dr. Alnas testified that he would respect his patient's ultimate decision whether to take a chemotherapy agent. *Id.* at 43-44. Plaintiff also intends to submit objective evidence that a reasonable physician would not have prescribed Taxotere for a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks.

30. Admitted only insofar as this represents Dr. Alnas' recommendation and thought process without knowing of a risk of permanent hair loss associated with Taxotere. However, Dr. Alnas testified that he would respect his patient's ultimate decision whether to take a chemotherapy agent. *Id.* at 43-44. Plaintiff also intends to submit objective evidence that a reasonable physician would not have prescribed Taxotere for a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks.

31. Admitted only insofar as this represents Dr. Alnas' recommendation and thought process without knowing of a risk of permanent hair loss associated with Taxotere. However, Dr. Alnas testified that he would respect his patient's ultimate decision whether to take a chemotherapy agent. *Id.* at 43-44. Plaintiff also intends to submit objective evidence that a reasonable physician would not have prescribed Taxotere for a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks.

32. Admitted. However, Dr. Alnas testified that he had he known of permanent alopecia, he also would have advised Ms. Roach about the risk of permanent alopecia associated with Taxotere. *Id.* at 45:4-9. Therefore, Ms. Roach would have been able to adequately weigh the risks of both chemotherapy regimens.

33. Admitted.  However, Dr. Alnas now counsels his patients on the risk of permanent hair loss associated with Taxotere.  *Id.* at 60:2-11; 62:7-9.

Plaintiff Melissa Roach also hereby submits her Statement of Disputed Material Facts in support of her Opposition to Sanofi's Motion for Summary Judgment pursuant to Local Rule 56.2 and states:

1. Dr. Alnas warns his patients of common and permanent side effects associated with chemotherapy drugs.  Ex. B, Alnas Dep. at 19:7-25.

2. When appropriate, Dr. Alnas counsels his patients on risks specific to individual chemotherapy drugs like Taxotere.  *Id.* at 26-28.

3. Dr. Alnas has since learned about cases of permanent hair loss associated with Taxotere, and he now counsels his breast cancer patients about the possibility of permanent hair loss associated with Taxotere. *Id*. at 34-35; 39:12-20; 44:14-18; 59-60.

4. If Dr. Alnas had known about a risk of permanent hair loss associated with the use of Taxotere, he would have advised Ms. Roach about that risk. *Id.* at 45:4-9.

5. Dr. Alnas appreciates that his patients make the ultimate decision on whether to take a recommended chemotherapy drug. *Id.* at 43-44.

6. If Plaintiff Ms. Roach had been informed of the risk of permanent hair loss, she would have researched and chosen another chemotherapy regimen or alternate therapy. Ex. A, Roach Dep. at 254-258.

7. Ms. Roach "had absolutely no idea that it was possible that the hair loss [she] was going to experience after chemotherapy was going to be permanent." *Id.* at 86:11-16.

8. Ms. Roach testified that, at her initial consultation with Dr. Alnas, "he just said that I would lose my hair and that it would grow back after I finished chemo." *Id*. at 222:1-4.

9. Dr. Alnas and his nursing staff told Ms. Roach that her hair would grow back. *Id.* at 249-250.

10. When Ms. Roach sought treatment in 2009, she had options other than Taxotere.

11. A reasonable physician also would not have prescribed Taxotere for a patient like Plaintiff without first counseling the patient on the risks involved and allowing the patient to make an informed decision once adequately warned of the risks. *See, e.g.,* Ex. C, Expert Report of Dr. Bosserman submitted for Trial 1, 11/9/2018 at p. 11.

12. A reasonable physician would have considered and prescribed an alternative if the patient elected to avoid a particular risk. *Id.* at p. 20.

Dated: March 8, 2021

Respectfully submitted,

Christopher L. Coffin
Jessica Perez Reynolds
Evan P. Fontenot
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
jreynolds@pbclawfirm.com
efontenot@pbclawfirm.com

*Counsel for Plaintiff, Melissa Roach*

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                          */s/ M. Palmer Lambert*
                                          M. PALMER LAMBERT