UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF LOUISIANA

In Re: TAXOERE (DOCETAXEL) PRODUCTS     MDL NO. 2740
LIABILITY LITIGATION

                                           SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Emma R. Willie v. Sanofi-Aventis US, LLC, et al.*
Case No. 2:18-cv-03857

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON JUDICIAL ESTOPPEL

Invoking the equitable doctrine of judicial estoppel, Sanofi seeks to bar Plaintiff Emma Willie from proceeding with her suit. Sanofi's judicial estoppel arguments turn equity on its head. The only way Ms. Willie's creditors would be harmed is if judicial estoppel were applied to bar Ms. Willie — or a Trustee, if the Court prefers — from pursuing a tort claim against Sanofi. In this case, equity favors allowing the claim to go forward, at least for the creditors.

Whether Ms. Willie is entitled to any surplus funds is premature and should be decided after a verdict and by the bankruptcy court. But if the Court reaches that issue, it should find that Sanofi has not met its burden of proving judicial estoppel. On this record, Sanofi has not proven as a matter of law that the bankruptcy court relied on any inconsistent position, or that Ms. Willie acted in bad faith.

## I. Facts

Ms. Willie lives in Senatobia, Mississippi, (Deposition of Emma R. Willie[1] p. 9:7 – 9), population 8,165 according to the 2010 census.  She was born in Senatobia and has lived at the same address all her life. *Id.* at pp. 9:10 – 15, 10:10 – 13.  She resides with her husband, son, and

---

[1] Deposition of Emma R. Willie is attached as Exhibit A.

granddaughter.  *Id.* at p. 9:16 – 20.  Ms. Willie graduated from high school in 1981, and briefly attended college but never graduated.  *Id.* at pp.10:20 – 11:14. Ms. Willie has been married to Albert Willie since August 5, 1995.  *Id.* at pp. 11:20 – 12:8. Mr. Willie is 66 years old and works as a bus driver and substitute for the local school.  *Id.* at p. 12:3 – 6.  Ms. Willie has never been convicted of a crime. *Id.* at p. 273:6 – 8.

Ms. Willie was 51 years old in 2014 when she discovered she had a lump in her breast via mammography.  *Id.* at pp. 33:23 – 34:17. She subsequently had a biopsy in October 2014.  *Id.* at p. 40:1 – 3.  That procedure was followed by a visit to her medical oncologist on October 28, 2014. *Id.* at pp. 42:9 – 20; 55:21 – 56:17. Ms. Willie's oncologist advised her she could either have a mastectomy or lumpectomy, set up the appointment for her to see the surgeon and told her to get the surgery as soon as possible.  *Id.* at pp. 48:8 – 49:4. Ms. Willie's surgeon performed the lumpectomy and removed the cancerous lymph node on November 17, 2014.  *Id.* at p. 115:5 – 15. Ms. Willie relied on her Christian faith and prayer to get through her breast cancer.  *Id.* at p. 37:3 – 11 She believes that her surgeon took a second look to discover that the cancer had spread and removed it because they had prayed together before the surgery. *Id*. at pp. 116:16 – 117:16. In the weeks after the surgery, Ms. Willie received chemotherapy and radiation.  *Id.* at p.118:5 – 10.  She had several cycles of Taxotere.  *Id.* at p. 24:4 – 10.  Ms. Willie is now bald.






Ms. Willie hired a lawyer to investigate whether she had a potential case on June 13, 2016. *Id*. at p. 150:9 – 24. At that time, which was more than a year after her chemotherapy had ended, Ms. Willie didn't know if her hair loss was permanent. *Id*. at p. 152:4 – 12. To be clear, when she hired her lawyer, she wasn't sure that her hair loss was permanent. *Id*. at p. 152:4 – 16. Rather, she had seen an advertisement for legal services that mentioned Taxotere and knew she had taken Taxotere. *Id*. at pp. 266:3 – 267:22.

Like many hard-working Americans, Ms. Willie has struggled financially. On November 21, 2013 — before her cancer diagnosis — she and her husband declared personal bankruptcy. On August 12, 2014, the bankruptcy court approved the Chapter 13 plan, and her case was closed on April 25, 2019. However, the bankruptcy case has since been reopened and Ms. Willie's lawsuit against Sanofi has been disclosed as a contingent asset. *See* Rec. Docs. 76 and 85, collectively attached as Exhibit B. The Trustee has hired Ms. Willie's Taxotere counsel to bring the claim. *See* Rec. Doc. 82, attached as Exhibit C.

Here is a summary of relevant dates:

- 11/21/2013: Chapter13 bankruptcy filed[2]
- 08/12/2014: Chapter 13 plan confirmed[3]
- 10/28/2014: Ms. Willie was diagnosed with breast cancer[4]

---

[2] U.S. Bankruptcy Court Northern District of Mississippi (Aberdeen) Bankruptcy Petition #: 13-14910-JDW Docket Sheet is attached as Exhibit D.

[3] *Id*.

[4] Ex. A, Deposition of Emma R. Willie at pp. 42:9 – 20; 55:21 – 56:17.

- 01/29/2015 – 04/02/2015:  Ms. Willie received Taxotere infusions[5]
- 06/13/2016: Ms. Willie hired a lawyer to determine if she had a potential Taxotere lawsuit[6]
- 06/13/2016 Ms. Willie didn't know that her hair loss was permanent[7]
- 04/11/2018: Ms. Willie's Taxotere case was filed.
- 11/21/2018: Last day plan could be extended to include payments from the lawsuit
- 03/11/2019: Chapter 13 Trustee's Final Report And Account is filed reflecting the Willies paid $44,246.72 for the asserted and approved claims and expenses of administration.[8]
- 04/23/2019: Chapter 13 bankruptcy discharged[9]
- 04/24/2020: Chapter 13 bankruptcy reopened to include the asset of the unliquidated Taxotere claim.[10]
- 05/27/2020: Order For Application For Employment entered approving Nathan Buttars to represent Emma Willie in her Taxotere case.[11]


## II.    Legal Standard

Judicial estoppel is an affirmative defense. *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir.2011) (en banc) (citations omitted).[12] When a party moves for summary judgment on an affirmative defense, it "bear[s] the burden of proof at trial and therefore must show that it has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007). Summary judgment is not appropriate unless "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." *Sherman v. Hallbaue*r, 455 F.2d 1236, 1241 (5th Cir. 1972).  A genuine issue of fact

---

[5] *Id*. at pp. 24:4 – 25:3.

[6] *Id*. at p. 150:9 – 24.

[7] *Id*. at p. 152:4 – 16.

[8] Defs' Ex. D, Chapter 13 Standing Trustee's Final Report And Account.

[9] Ex. D, U.S. Bankruptcy Court Northern District of Mississippi (Aberdeen) Bankruptcy Petition #: 13-14910-JDW Docket Sheet.

[10] *Id.*

[11] Ex. C, Order For Application For Employment.

[12] Even so, Sanofi failed to plead judicial estoppel in its Answer. *See* Rec. Doc. 961.

exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.  *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 532 (5th Cir. 1997).

A party asserting judicial estoppel must show that: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed*, 650 F.3d at 574.

These three elements only limit judicial estoppel's application; they are necessary but not always sufficient to judicially estop a plaintiff's claim. *See, e.g.*, *Kane v. Nat'l Union Fire Ins. Co*., 535 F.3d 380, 385–86 (5th Cir. 2008); *Browning Mfg. v. Mims (In re Coastal*), 179 F.3d 197, 206 (5th Cir. 1999); *accord Love v. Tyson Foods, Inc*., 677 F.3d 258, 267 (5th Cir. 2012) (Haynes, J., dissenting). Even if the elements of judicial estoppel are met, a court should not apply the doctrine if doing so would disserve equity. *Gilbreath v. Averitt Exp., Inc.*, No. CIV.A. 09-1922, 2010 WL 4554090, at *8 (W.D. La. Nov. 3, 2010).

## III.    Arguments and Authorities

Judicial estoppel is an equitable doctrine, and courts may apply it flexibly to achieve substantial justice. *Reed*, 650 F.3d at 574. Consequently, "[e]ven if the elements of judicial estoppel are satisfied by a particular set of facts, application of the doctrine is not compulsory." *Gilbreath v. Averitt Exp., Inc.*, No. CIV.A. 09-1922, 2010 WL 4554090, at *8 (W.D. La. Nov. 3, 2010).

Fifth Circuit precedent precludes the application of judicial estoppel here. In *Reed*, the Fifth

Circuit, sitting en banc, "rejected the notion that innocent creditors should be punished for the debtor's failure to comply with disclosure rules." *In re Flugence*, 738 F.3d 126, 131 (5th Cir. 2013) (citing *Reed*, 650 F.3d at 576).[13] Subsequently, the Fifth Circuit in *In re Flugence* allowed a trustee to litigate a personal injury claim because the recovery would go to the estate. The court reasoned that "personal-injury defendants" would receive a "windfall" if judicial estoppel were to bar such a claim, and such a result was "neither necessary nor desirable. *Id*. at 132. "That wrongful tortfeasors would be favored over innocent creditors by the mere happenstance of the debtor's independent non-disclosure turns equity on its head." *Id*.

For similar reasons, in *Kane v. National Union Fire Insurance Co*., 535 F.3d 380 (5th Cir. 2008), the Fifth Circuit refused to apply judicial estoppel to bar a lawsuit because doing so would have harmed the creditors. *Id*. at 387-88 (citing *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006)).

By comparison, Sanofi's cases and others — such as *In re Superior Crewboats*, *Jethroe*, and *In re Coastal* — did not involve application of judicial estoppel to the detriment of the estate's creditors. *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 333 (5th Cir. 2004) (Chapter 7 liquidation case in which the debtor had already obtained a complete discharge of its debts before seeking to recover on undisclosed claims purely for its own benefit);

*In re Coastal Plains, Inc*., 179 F.3d 197, 203 (5th Cir. 1999) (same); *see Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 599 (5th Cir. 2005) (creditors could not benefit from Chapter 13 bankruptcy

---

[13] "[J]udicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, *while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate*." *Thomas v. Econ. Premier Assur. Co*., 196 So. 3d 7, 18 (La. Ct. App. 2016) (emphasis added) (citing *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir.2011) (en banc)).

because proceeding was dismissed before the plan was completed).

Here, as in *Kane*, and consistent with *Reed* and *In re Flugence*, if Ms. Willie's suit is barred, then her creditors (who have not been made whole and who received notice of the re-opening of the bankruptcy) would be denied their right to the equitable distribution of that asset. What's more, "[i]f judicial estoppel were applied here, the only parties to 'reap a windfall' would be the defendants." *Thomas*, 196 So. 3d at 18. Allowing a windfall for the alleged wrongdoer, Sanofi, at the expense of Ms. Willie's creditors, is an inequitable result.

Contrary to Sanofi's suggestion, Ms. Willie can proceed on behalf of the estate. The "rights and powers" that the Chapter 13 debtor enjoys under § 1303 include the power to sue on claims that are property of the estate on behalf of the estate. *See, e.g.*, *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir.2008) (collecting cases). Ms. Willie filed suit after her bankruptcy plan was confirmed, so any lawsuit then belonged to the estate. *See* 11 U.S.C. § 1327(b)–(c); *see also* Order Confirming Debtor's Plan (noting all property belongs to the estate until discharge); *Gilbreath v. Averitt Exp., Inc.*, No. CIV.A. 09-1922, 2010 WL 4554090, at *9 (W.D. La. Nov. 3, 2010) ("Chapter 13 debtor is the 'true representative[ ] of the estate'" (citations omitted)).

Even if Ms. Willie cannot proceed, Sanofi is also wrong to suggest that a Trustee cannot proceed in Ms. Willie's stead. Fifth Circuit law is clear that, in Chapter 13 cases, a Trustee may be substituted as a party. *In re Flugence*, 738 F.3d at 132 ("[W]here a debtor is judicially estopped from pursuing a claim he failed to disclose to the bankruptcy court, the trustee, consistent with *Reed*, may pursue the claim without any limitation not otherwise imposed by law."). Substitution, as was done in Kinderdine[14], would be proper even at this stage. *See Kane*, 535 F.3d at 388 ("Also unpersuasive, and raised for the first time on appeal, is Defendants' argument that the Trustee's

---

[14] Order and Reasons, Rec. Doc. 4625

motion to substitute was untimely because it was not filed until after Defendants moved for summary judgment on judicial estoppel grounds.").[15]

Lastly, Ms. Willie could benefit only if there is a surplus after all debts and fees have been paid. The Court need not, and should not, decide at this time whether Ms. Willie should be estopped from receiving any surplus. "[S]uccess of [her tort] claims would almost certainly require [Ms. Willie's] participation. A district court ruling on a judicial estoppel defense could conclude that prohibiting [Ms. Willie] from sharing in any recovery would remove most, if not all, of [her] incentives to participate in the lawsuit and could prove fatal to [her] claims." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 266 n.4 (5th Cir. 2012). To avoid that result, the Court should defer ruling on whether Ms. Willie is judicially estopped from receiving any surplus until after a verdict is rendered that exceeds all debts and fees owed.

Even if the Court were to consider that question at this time, however, judicial estoppel of any surplus is not appropriate. "As a purely equitable consideration, it bears noting that [Ms. Willie's] trustee would not have sought to modify her plan even if she had disclosed her claim." *Gilbreath*, 2010 WL 4554090, at *9 (W.D. La. Nov. 3, 2010). That is because her tort claim for monetary damages was unliquidated, and the last day to extend her plan was just after she filed suit against Sanofi. Thus, it is not apparent that the bankruptcy court made any decision in reliance on Ms. Willie's omission. *See Thomas*, 196 So.3d at 12 ("Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent results exists.") (citing *Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566 (5th Cir. 2015)).

Further, Ms. Willie's omission was inadvertent, and she had no motive to conceal. After

---

[15] *In re Superior Crewboats* is inapposite because "the trustee had abandoned the claim, [and thus] was not the real party in interest and was not entitled to be substituted as such." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 386 (5th Cir. 2008) (distinguishing *In re Superior Crewboats*).

all, when Ms. Willie filed suit against Sanofi, that asset belonged to the estate until the value of the claim exceeded the debts. *See Kane*, 535 F.3d at 387 (citing *In re Miller*, 347 B.R. 48, 53 (Bankr. S.D. Tex. 2006), for the proposition that unscheduled claims that belong to the estate may be administered through a reopened bankruptcy case). On this record, then, Ms. Willie should not be found to have acted in bad faith.

At most, Ms. Willie — who is not well educated, let alone in complex bankruptcy procedure — made a mistake.[16] In the Fifth Circuit, as elsewhere, "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). In fact, the *Browning* court, applying the Fifth Circuit's standard in *In re Coastal*, found "no motive for concealment in light of [plaintiff's] role as a debtor-in-possession, having all the rights and duties of a trustee." *Id*. The same is true of Ms. Willie, who filed suit against Sanofi when the claim belonged to the estate, not her. Ultimately, Sanofi has "presented no proof to show that [Ms. Willie] intended to convince the bankruptcy court that it had no claims against [Sanofi]. [Ms. Willie's] omission is as consistent with inadvertence as it is with an affirmative assertion." *Id*. at 775.

For these reasons and those set forth in Ms. Willie's Declaration[17]. Sanofi's request for summary judgment, then, must be denied, even as to Ms. Willie's entitlement to any surplus.

## IV.   Conclusion

As discussed, the Court should deny Sanofi's summary judgment motion because it would impose a windfall on Sanofi, a tortfeasor, to the detriment of Ms. Willie's innocent creditors. Further consideration of whether to bar Ms. Willie from recovering any surplus should be postponed until the jury renders its verdict. If the Court, however, considers this narrow basis for

---

[16] Ex. A, Deposition of Emma R. Willie pp. 273:10 – 279:16
[17] Ex. E, Declaration of Emma R. Willie

9

estoppel, it should nonetheless deny summary judgment because the bankruptcy court was not tricked into accepting an inconsistent position, and evidence of a motive to conceal is lacking to grant judgment as a matter of law.

Dated: March 8, 2021

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS