UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

         SECTION "H" (5)

**THIS DOCUMENT RELATES TO**
*Juanita Greer*
**Case No. 2:18-cv-11728**

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' BILL OF COSTS AGAINST PLAINTIFF JUANITA GREER

Plaintiff, Juanita Greer, filed her lawsuit against Defendants, Sanofi Aventis US LLC and Sanofi US Services, Inc. ("Defendants"), in this multidistrict litigation on November 29, 2018. Ms. Greer was later selected as a potential bellwether plaintiff. Subsequent to her selection as a potential bellwether case, Ms. Green began undergoing Phase I discovery pursuant to the relevant trial orders. However, due to delays related to the Covid pandemic, much of the substantive discovery had yet to occur in Ms. Greer's case when Defendants filed a motion for judgement on the pleadings.

On August 24, 2020, Defendants filed a Motion for Judgment on the Pleadings Based on the Statute of Limitations in Ms. Greer's case (Doc. 11010). On or around September 8, 2020, Plaintiff's Counsel and Defendants agreed to a stay of discovery in the case given the pending motion. On January 22, 2021, following briefing and oral argument, Ms. Greer's case was ordered dismissed with prejudice (Doc. 12057). On February 19, 2021, Plaintiff entered a Notice of Appeal (Doc. 12188). Ms. Greer's case is currently pending appeal before the 5th Circuit. It is Plaintiff's Counsel's understanding, per Plaintiffs' Liaison Counsel, that any Bill of Costs motions pending before the Clerk in the Taxotere multidistrict litigation have been continued without a hearing date pending the appeal rulings by the 5th Circuit.

Defendants now seek to have the sum of $5,206.38 taxed against Ms. Greer. Plaintiff submits that the awarding of costs in this matter is unwarranted under the circumstances, unnecessary, overburdensome, and premature.

## **LAW AND ARGUMENT**

The decision whether to award costs ultimately lies within the sound discretion of the district court. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). The Fifth Circuit has identified a wide range of reasons that may be invoked to justify withholding costs from the prevailing party, "including: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *In Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Additionally, the Fifth Circuit has stated that a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the above-noted factors is met. *Id.* at 794. There is no real dispute that Ms. Greer brought her lawsuit in good faith. As such, because Ms. Greer meets at least one of the listed factors, taxing her Defendants' costs should be denied.

As to the assessment of costs in this, a complex litigation setting, the Manual for Complex Litigation (Fourth Edition, 2004) provides some guidance. This Court's general authority to allocate costs is discussed in Chapter 11, governing pre-trial discovery procedures. Section 11:443 states:

> Cost allocation may also be an appropriate means to limit unduly burdensome or expensive discovery. Rule 26's purpose is not to equalize the burdens on the parties, but Rule 26(b)(2)(iii) expressly requires the court to take the parties' resources into account in balancing the burden or expense of particular discovery against its benefit. Thus, where the parties' resources are grossly disproportionate, the judge can condition discovery that would be unduly burdensome on one of them upon a fair allocation of costs.

First, Ms. Greer is a cancer survivor and person of limited means. Ms. Greer lost her job in approximately 2020 and is now retired. Ms. Greer relies on social security and Medicare disability to support herself.  Ms. Greer is also the sole supporter of her household in which her adult son lives. Ms. Greer is incapable of paying Defendants' costs on her limited means.

Second, while the exact parameters of the conduct comprising "misconduct by the prevailing party" are not particularly defined by the jurisprudence, "[m]isconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing parties…." *Sheets v. Yamaha Motors Corp.*, U.S.A., 891 F.2d 533, 540 (5th Cir. 1990). The Bill of Costs Defendants filed states, "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" upwards of $5,000. (Doc. 12229). The amount on its face seems exorbitant and unnecessary given it is almost exclusively linked to the ordering and procuring of medical records.

Plaintiff provided numerous medical records covering chemotherapy usage and treatment as part of the Plaintiff Fact Sheet process. Plaintiff's costs in ordering all the requisite medical records for the lawsuit totals approximately $300, a sum markedly less than Defendants' total fees for the same.[1] In addition, as illustrated in Defendants' itemized exhibit to the Bill of Costs (Doc. 12229-1), well over half of the expenses were incurred *after* the Parties' agreement to stay discovery given the pending motion for judgement on the pleadings. Approximately $2,500 of the itemized costs occurred on or after September 8, 2020 when Defendants agreement to stay discovery in the case.  Defendants' Bill of Cost is exorbitant and wasteful, in that it includes numerous fees obtained during a stay of discovery.

---

[1] Plaintiff's Costs are attached as Exhibit A to the Declaration of Alexandra W. Robertson. Should the Court desire any additional evidence as to Plaintiff's costs and/or communications between the parties concerning the stay of discovery in Ms. Greer's matter, Plaintiff is prepared to provide such documentation as requested.

Third, Plaintiff's cause for dismissal involved a close and difficult legal issue. This matter presented Defendants first filing of a motion for judgement based on the pleadings as to the statute of limitations. There was numerous briefing on the issue, and Plaintiff continues to maintain there was law warranting a denial of Defendants' motion. Further, there is an appeal pending before the Fifth Circuit.

Fourth, Ms. Greer's case provided a substantial benefit conferred to the public. As in all bellwether cases, the benefits and costs are not viewed in the same light as an individual case. "The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997). Ms. Greer's case has provided guidance to the parties and the Court on issues relevant to the entire multidistrict litigation. The decision as to Ms. Greer's motion for judgment was even considered in setting deadlines for the entire multidistrict litigation's short form complaint amendment process. The Stipulation Regarding Pre-Trial Order No. 105 states: "The deadline to file amendments pursuant to PTO 105 is extended to 45 days after the Court issues a decision in the *Greer* matter or by January 15, 2021, whichever is earlier." (Doc. 11347). As a potential bellwether, Ms. Greer's case provided the parties and the Court important information as to the statute of limitations, Mississippi law, and judgements on the pleadings. The issues presented in Ms. Greer's case were important and continue to provide a substantial benefit to the litigation.

Fifth, Defendants, Sanofi is a large, multinational pharmaceutical corporation with significant financial resources and will not be unduly burdened by the costs expended in this matter. Further, Defendants' itemized costs were not judicious, nor efficient, as they continued to incur additional record ordering fees following an agreed to stay of discovery between the parties.

## **CONCLUSION**

Ms. Greer's case is currently pending appeal before the Fifth Circuit. Any decisions as to costs should be deferred until after a decision on the appeal is made. As such, Ms. Greer asserts Defendants' Bill of Costs as premature.

Ms. Greer filed her case in good faith. She has limited means in which to pay Defendants' costs. Defendants' costs are exorbitant and unnecessarily high, especially when compared to Plaintiff's costs for medical records. Further, much of Defendants' costs occurred after the Parties agreed to a stay of discovery. Plaintiff's cause for dismissal is on appeal, involving complex and difficult legal issues. Plaintiff's case was selected as a potential bellwether and has conferred important and substantial benefit on this multidistrict litigation, including guidance on Mississippi law, the statute of limitations, and motions on the pleadings. Lastly, Defendant is a large, multinational pharmaceutical corporation with significant financial resources.

When any one, let alone all, of the *Pacheco* factors cited above are present, this Court may deny or reduce costs. The decision whether to award costs ultimately lies within the sound discretion of this Court. Based on the above arguments, Plaintiff submits that the awarding of costs in this matter is unwarranted under the circumstances, excessive, unnecessary, and overburdensome. As such, Plaintiff respectfully requests this Court deny Defendants' Bill of Costs.

Dated: March 11, 2021　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Alexandra W. Robertson
　　　　　　　　　　　　　　　　　　　　Alexandra W. Robertson, Esq.
　　　　　　　　　　　　　　　　　　　　JOHNSON BECKER, PLLC
　　　　　　　　　　　　　　　　　　　　444 Cedar Street, Suite 1800
　　　　　　　　　　　　　　　　　　　　St. Paul, MN 55101
　　　　　　　　　　　　　　　　　　　　Toll Free: 800-279-1800
　　　　　　　　　　　　　　　　　　　　arobertson@johnsonbecker.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff Juanita Greer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2021, I electronically filed the forgoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Alexandra W. Robertson