UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

**Loretta Anderson, Case No. 2:20-cv-03087.**

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Plaintiff Loretta Anderson brings claims against sanofi-aventis U.S. LLC and Sanofi U.S. Services, Inc. ("Sanofi"), alleging she sustained permanent alopecia as a result of receiving Taxotere. Plaintiff, however, previously dismissed <u>with prejudice</u> these same claims against these same Defendants. Accordingly, her claims are barred by the doctrine of res judicata, which provides that "a valid final judgment precludes a second suit between the same parties on the same claim." *Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020). As such, the Court should dismiss Plaintiff's current lawsuit.[1]

## STATEMENT OF FACTS

On December 7, 2017, Plaintiff filed her first lawsuit against Sanofi in New Jersey state court.[2] In her complaint, Plaintiff identified herself as Loretta Anderson, "a resident of the state

---

[1] On January 28, 2021, counsel for Sanofi met and conferred with Plaintiff's counsel in an effort to get this case dismissed without Court intervention. Plaintiff's counsel would not agree to dismissal, claiming he did not know why the case had previously been dismissed with prejudice.

[2] **Ex. A**, Complaint and Jury Demand, *Anderson v. Sanofi U.S. Servs., Inc., et al.*, No. BER-L-008414-17 (N.J. Super. Ct. Bergen Cnty. Dec. 7, 2017).

of Missouri," and alleged that she suffered from "permanent and severe alopecia" "as a direct result of being exposed to Taxotere."[3]

Five days later, on December 12, 2017, Plaintiff filed a second complaint against Sanofi and other Defendants in California state court.[4] The second complaint also alleged that "Plaintiff LORETTA ANDERSON is a natural person currently residing in Missouri" who "received chemotherapy treatment with TAXOTERE," which led to permanent alopecia.[5]

The next day, on December 13, 2017, Plaintiff filed a third complaint against Sanofi and other Defendants in Illinois state court, alleging that she "is and was at all relevant times a citizen and resident of the state of Missouri."[6] Plaintiff's third lawsuit, like the two previously filed, claimed that she suffered from "permanent alopecia as a result of receiving chemotherapy with TAXOTERE."[7] Napoli Shkolnik PLLC represented Plaintiff in all three lawsuits and admitted these filings were duplicative.[8]

Both the Illinois and California state court actions were removed by Defendants to the MDL.[9] On March 27, 2018, Plaintiff dismissed without prejudice her Illinois lawsuit (the third

---

[3] *Id*. at ¶¶ 4, 73.

[4] **Ex. B**, Complaint and Demand for Jury Trial, *Brown, et al.*, v. *Sanofi U.S. Servs., Inc., et al.*, No. 2:18-CV-02599-JTM-MBN, Doc. No. 1–4 (E.D. La. Feb. 7, 2018).

[5] *Id*. at ¶¶ 11, 141.

[6] **Ex. C**, Complaint and Demand for Jury Trial, *Anderson, et al., v. Sanofi U.S. Servs., Inc., et al*., No. 2:18-cv-03315-JTM-MBN, Doc. No. 1–1, at ¶ 15 (E.D. La. Feb. 5, 2018).

[7] *Id*. at ¶ 147.

[8] Rec. Doc. 2421 (Stipulation Concerning Multiple Filings) ("Going forward, [Napoli Shkolnik PLLC agrees to] discontinue duplicate filings of the same plaintiff or plaintiffs.").

[9] **Ex. D**, Notice of Removal, *Anderson, et al.*, v. *Sanofi U.S. Servs., Inc.*, No. 2:18-cv-03315-JTM-MBN, Doc. No. 1 (E.D. La. Feb. 5, 2018); **Ex. E**, Notice of Removal, *Brown, et al.*, v. *Sanofi U.S. Servs., Inc., et al.*, No. 2:18-CV-02599-JTM-MBN, Doc. No. 1 (E.D. La. Feb. 7, 2018).

lawsuit) in the MDL.[10]  On May 1, 2018, Napoli Shkolnik PLLC entered a Stipulation concerning multiple filings in the MDL.[11]  That Stipulation resulted in the dismissal without prejudice of Plaintiff's New Jersey lawsuit (the first lawsuit).[12]

On February 8, 2019, pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff dismissed <u>with prejudice</u> her only remaining case (the California lawsuit or second lawsuit) in the MDL.[13]  Recognizing the finality of the dismissal, Plaintiff specifically acknowledged that she could only later seek relief pursuant to Federal Rule of Civil Procedure 60(b).[14]  Two months *after* the California lawsuit was dismissed with prejudice, the Wendt Law Firm filed a motion to be substituted in place of Hunter Shkolnik for Plaintiff in the California case.[15]  Even though

---

[10] **Ex. F**, Notice of Voluntary Dismissal Without Prejudice, *Anderson, et al., v. Sanofi U.S. Servs., Inc., et al.*, 2:18-cv-03315-JTM-MBN, Doc. No. 29 (E.D. La., Mar. 27, 2018).

[11] Rec. Doc. 2421 (Stipulation Concerning Multiple Filings).

[12] **Ex. G**, Notice of Voluntary Dismissal Without Prejudice, *Anderson v. Sanofi U.S. Servs., Inc., et al*., No. MID-L-002675-18 (N.J. Super. Ct. Middlesex Cnty. May 22, 2018).

[13] Rec. Doc. 6133 (Non-Trial Pool Plaintiff Loretta Andersons' Stipulation of Dismissal with Prejudice as to All Defendants).

[14] *Id*. Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

None of those reasons are applicable here.

[15] Rec. Doc. 6818 (Joint Motion to Withdraw and Substitute Counsel).

Plaintiff's case had already been dismissed with prejudice, the Court granted the motion on April 29, 2019.[16]

Approximately a year and a half later, on November 13, 2020, the Wendt Law Firm filed directly in this MDL a *fourth* case on behalf of Plaintiff Loretta Anderson against Sanofi, again alleging Plaintiff is a Missouri resident who received Taxotere and that caused her permanent hair loss.[17] Plaintiff claims the proper venue for remand is the "Eastern District Court of Missouri."[18] As of the date of this motion, Plaintiff has taken no further action in this case.[19]

## STANDARD

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).[20] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550

---

[16] Rec. Doc. 6836 (Order Granting Joint Motion to Withdraw and Substitute Counsel).

[17] **Ex. H**, Short Form Complaint, *Anderson v. Sanofi U.S. Servs., Inc., et al.*, No. 2:20-cv-03087-JTM-MBN, Doc. No. 1, at ¶¶ 4-5 (E.D. La. Nov. 13, 2020).

[18] *Id.* at ¶ 8.

[19] Pursuant to the Court's Amended Pretrial Order No. 22, Plaintiff was required to file a Plaintiff Fact Sheet ("PFS") within 75 days of filing her complaint, making her PFS due on or before January 27, 2021. Rec. Doc. 325 at 2 (Amended Pretrial Order 22 [Service of Plaintiff Fact Sheets and Defendant Fact Sheets]). As of the date of this motion, Plaintiff has failed to serve a PFS.

[20] Because this case is based on diversity jurisdiction, federal law controls procedural issues and state law controls substantive issues. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938). Fifth Circuit law, therefore, applies to the procedural issues. *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 836–37 (E.D. La. 2012), *aff'd*, 753 F.3d 521 (5th Cir. 2014) (holding that "as the MDL transferee court, [the court] is obliged to apply . . . substantive state law of the transferor court . . . and the federal law of its own circuit"); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3866 (3d ed. 2009) (noting that when analyzing questions of federal law, the MDL transferee court should apply the law of the circuit in which it is located). Missouri law applies to substantive issues. **Ex. H**, Short Form Complaint, *Anderson v. Sanofi U.S. Servs., Inc., et al.*, No. 2:20-cv-03087-JTM-MBN, Doc. No. 1, at ¶ 5 (E.D. La. Nov. 13, 2020) (alleging Plaintiff sustained her injuries in Missouri).

U.S. 544, 570 (2007)).  Dismissal is proper where, as here, "the elements of res judicata are apparent on the face of the pleadings."  *Stone v. La. Dep't of Rev.*, 590 F. App'x 332, 335–36 (5th Cir. 2014) (citations omitted).

## ARGUMENT

To determine whether res judicata applies, two related doctrines are implicated.  First, an MDL transferee court applies the substantive state law of the jurisdiction in which the action was filed.  *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d at 836–37.  Second, when determining the preclusive effect of a dismissal by a federal court sitting in diversity, courts apply federal common law, which the Supreme Court has held is "the law that would be applied by state courts in the State in which the federal diversity court sits," except "in situations in which the state law is incompatible with federal interests."  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001).  These two doctrines therefore provide that, depending on the compatibility of state law with federal interests, Plaintiff's dismissal with prejudice of her California complaint is governed by either California or federal law.  In this case, the distinction is irrelevant—both bar Plaintiff from bringing her claims.

Under California law, res judicata applies if three requirements are met:  "(1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding."  *Fed. Home Loan Bank of S.F. v. Countrywide Fin. Corp.*, 154 Cal. Rptr. 3d 873, 878 (2013) (citation omitted).  Federal common law applies these same principles but additionally requires that "the judgment in the prior action must have been rendered by a court of competent jurisdiction."  *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)) (listing four

elements of res judicata). This additional element is clearly met, since this Court, in which the dismissal with prejudice was entered, has jurisdiction to resolve the case pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and 28 U.S.C. §§ 1332, 1407.[21]

The three other elements are also satisfied. The November 13, 2020 complaint at issue and Plaintiff's California complaint, which was dismissed with prejudice, arise from the same cause of action, namely, Plaintiff's allegations that Taxotere caused her permanent alopecia. *See Fed. Home Loan Bank of San Francisco*, 154 Cal. Rptr. 3d at 883 (barring the plaintiff's claims in a second lawsuit which arose from the "same nucleus of operative facts" as the first lawsuit dismissed with prejudice); *Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (holding that to determine whether two suits involve the same cause of action the Court must determine whether the two cases are based on "the same nucleus of operative facts"). That Plaintiff and Sanofi are the same parties in both actions is also evident by the pleadings. Plaintiff listed herself as Loretta Anderson, a Missouri resident, in both complaints. And her attorney of record in this case, the Wendt Law Firm, filed a motion to substitute as counsel in the California case previously dismissed with prejudice.

Finally, under both federal and state law, Plaintiff's stipulation of dismissal with prejudice "is tantamount to a judgment on the merits." *U.S. ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 128 n.2 (5th Cir. 2015) (citation and quotation omitted); *Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 35 Cal. Rptr. 3d 496, 505 (2005) (holding

---

[21] *See* Judicial Panel on Multidistrict Litigation, Rule 7.1 (allowing for conditional transfer of related actions to the MDL); 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions or fact are pending in different districts, such actions may be transferred to any district for coordinate and consolidated pretrial procedures."); 28 U.S.C. § 1332 (granting federal diversity jurisdiction).

"a plaintiff's filing of a dismissal of his or her action with prejudice . . . is deemed to be a judgment on the merits against that plaintiff"). On February 8, 2019, only Plaintiff Loretta Anderson's California case remained, and she dismissed that case with prejudice. The November 13, 2020 case by the same Plaintiff making the same claims is therefore barred by res judicata,[22] and the Court should dismiss it with prejudice yet again. *See Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.").

## **CONCLUSION**

For these reasons, the Court should grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's claims.

---

[22] Plaintiff's claims are also precluded under Missouri law. *See* Mo. Ann. Stat. § 510.150 ("A dismissal with prejudice operates as an adjudication upon the merits."); Mo. Sup. Ct. R. 67.01 (dismissing a claim with prejudice "bars the assertion of the same cause of action or claim against the same party."); *Empire Dist. Elec. Co. v. Coverdell*, 588 S.W.3d 225, 237 (Mo. Ct. App. 2019) ("A dismissal with prejudice pursuant to Rule 67.01 has the effect of an adjudication on the merits and bars further suit by the plaintiff.").

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*