# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIRGIE ANDERSON; FERIAL ALAWAR;                )
LINDA D. ABRAMS; CATHY ANDERSON;               )
JERRY ANDERSON; LORETTA ANDERSON;              )
ROSE ANDERSON; JANET ANNE BLOOM;               )
JUDY BONB; GENEVA BOUNDS; BEVERLY              )
BREAUX; LINDA BROADIE; VANETTA                 )
BROWN; DELLA BUCKLEY; HELEN BUNCHE;)
FRANCIS CARROLL; LINDA CARROLL;                )
CLARA CARSON; BRENDA K. CARTER;                )
MARY K. CARTER; PAULETTE CARTER;               )
JUANITA CHAMBERS; CYNTHIA CHAPMAN; )
GLORIA J. CHARETTE; MARY Y.                     )
CHARLESTON; MELODY CLARK; MARY                 )
COLLINS; ASHLEY CONWAY; MAXINE                 )
CRAFTON; DAWN CREECH; CHRISTIANNA              )      Case No.  1:18-cv-00930
CROCKETT; VIVIAN L. CROSBY; CAROL A.           )
CRUMBLIN; YOLANDA DANKINS; SANDRA              )      State Court Case No: 2017-L-012694
DANTZLER; MARY B. DAVENPORT;                    )
DOROTHY L. DAVIS; JENNIFER DAVIS;              )
REGINA DAVIS; RUBY L. DAVIS;                    )
CHARMAINE DIXON; DOROTHY DIXON;                )
SELINA M. DIXON; FRANCES M. DOUGAN;            )
JENNIFER W. EDWARDS; GEORGETTE                 )
ENWRIGHT; CAROLYN K. ESTES; ERMA              )
FARRINGTON; MARY FAULKNER; and                 )
MARTHA A. FOSTER,                              )
                              Plaintiffs,       )
        v.                                      )
                                                )
SANOFI U.S. SERVICES INC., formerly            )
known as SANOFI-AVENTIS U.S. INC.;             )
SANOFI-AVENTIS U.S. LLC, separately,           )
and doing business as WINTHROP U.S.;           )
HOSPIRA, INC.; HOSPIRA WORLDWIDE,              )
LLC f/k/a HOSPIRA WORLDWIDE, INC.;             )
McKESSON CORPORATION doing business            )
as McKESSON PACKAGING; SANDOZ                  )
INC.; ACCORD HEALTHCARE LTD.;                   )
ACCORD HEALTHCARE, INC.; and                   )
DOES, INC.,                                     )
                              Defendants.       )

**DEFENDANTS ACCORD HEALTHCARE, INC. AND ACCORD HEALTHCARE,
LTD.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Accord

Healthcare, Inc. and Accord Healthcare, Ltd. ("Removing Defendants"),[1] through undersigned

counsel, hereby submit this Notice of Removal of the above-captioned action from the Circuit

Court for Cook County, Illinois to the U.S. District Court for the Northern District of Illinois,

and state as follows:

1.      This case is one of more than 7,400 products-liability actions now pending in the

federal courts in which Plaintiffs allege they have permanent alopecia as a result of using

docetaxel (brand name Taxotere®).  On October 4, 2016, pursuant to 28 U.S.C. § 1407, the

Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was

appropriate for these actions and began transferring Taxotere® cases involving allegations of

permanent alopecia to Judge Kurt D. Engelhardt of the U.S. District Court for the Eastern

District of Louisiana for consolidated pretrial proceedings.  *See In re Taxotere (Docetaxel) Prod.*

*Liab. Litig.*, MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016).  The JPML reasoned that

"[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and

conserve the resources of the parties, their counsel and the judiciary."  *Id*. at 1.

2.      On December 13, 2017, 50 Plaintiffs who are allegedly residents of Illinois,

---

[1] This court lacks personal jurisdiction over any of the Defendants except for Hospira, Inc. and Hospira Worldwide, LLC.  In addition, Accord Healthcare, Ltd. is not a proper party to this litigation. The Removing Defendants appear specially herein with full reservation of all rights and defenses, including their defenses of lack of personal jurisdiction, lack of proper service, and Plaintiffs' failure to state a claim upon which relief can be granted.  Further, Removing Defendants intend to file a motion to stay this action pending its transfer to MDL No. 2740, *In Re: Taxotere (Docetaxel) Products Liability Litigation*.  As will be explained in that pleading, Removing Defendants are named in thousands of other Taxotere® product liability cases pending in MDL No. 2740, or en route to MDL No. 2740 via the tag-along procedures of the Judicial Panel on Multidistrict Litigation ("JPML").  Removing Defendants will therefore request that this Court stay all proceedings in this case pending its transfer to MDL No. 2740, as it would be a more efficient use of judicial and party time and resources to allow the MDL Court to rule on the overlapping jurisdictional defenses that have arisen in numerous cases.  A stay, accordingly, reduces the risk that district courts will make these types of determinations piecemeal or issue inconsistent rulings.

3610604.1

North Carolina, Ohio, Maryland, South Carolina, Missouri, Minnesota, Texas, Mississippi, Pennsylvania, Connecticut, Florida, District of Columbia, Indiana, Wisconsin, Nevada, Oklahoma, Arizona, Georgia, Alabama, and Alaska commenced this action by filing a Complaint in the Circuit Court for Cook County, Illinois, bearing Case No. 2017-L-012694, against various manufacturers of Taxotere®/docetaxel, as well as McKesson Corporation, which is a distributor of pharmaceutical products.

3.      The 50 separate Plaintiffs, each of whom asserts her own products liability action based on her alleged use of Taxotere®/docetaxel, have improperly joined their personal injury claims in this one suit in an elaborate effort to defeat diversity jurisdiction.  As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because several Plaintiffs are fraudulently misjoined.

4.      As is set forth more fully below, this case is properly removed to this Court because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## I.      REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.      Upon information and belief, the Complaint was served on the Hospira, Inc.  on January 4, 2018, Accord Defendants on January 5, 2018, and Sanofi Defendants and Sandoz Inc. on January 8, 2018.  The remaining Defendants have not been served.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.      The Circuit Court for Cook County, Illinois is located within the Northern District of Illinois.  Therefore, venue is proper under 28 U.S.C. § 93(a) because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7.      No previous application has been made for the relief requested herein.

3610604.1

8.      As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Removing Defendants, including the Summonses and Petitions, is attached as Exhibit 1.

9.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Circuit Court for Cook County, Illinois.

10.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants that have been properly joined and served must join in or consent to the removal of the action.  The properly joined and served defendants have, through counsel, consented to removal.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of different states.

### A.    Complete Diversity of Citizenship Exists Because Plaintiffs Virgie Anderson, Alawar, Bloom, Broadie, Brown, Charette, Crumblin, and Farrington Have Been Fraudulently Misjoined in this Action.

12.     Sanofi-aventis U.S. LLC is now and was at the time Plaintiffs commenced this action, a Delaware limited liability company with its principal place of business in New Jersey. (Compl. ¶ 61.)  Sanofi U.S. Services Inc. is the sole member of sanofi-aventis U.S. LLC.  Sanofi U.S. Services Inc. is now and was at the time Plaintiffs commenced this action, a Delaware corporation with its principal place of business in New Jersey (*Id.* ¶ 60).  Thus, for jurisdictional purposes, sanofi-aventis U.S. LLC is a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

13.     Hospira Worldwide, LLC is a Delaware limited liability company whose sole

4

member is Hospira Inc., a Delaware corporation with its principal place of business in Illinois. (Compl. ¶¶ 64-65).

14.     Sandoz, Inc. is a Colorado corporation with is principal place of business in New Jersey.  (*Id*. ¶ 67).

15.     Accord Healthcare, Inc. is a North Carolina corporation with its principal place of business in North Carolina.  (*Id*. ¶ 68).  Accord Healthcare, Ltd., which is not a proper party to this action, is a foreign corporation.

16.     Of the 50 Plaintiffs joined in this case, eight fraudulently misjoined Plaintiffs are alleged to be citizens of Illinois or North Carolina.  As explained below, the citizenship of the Illinois and North Carolina Plaintiffs should be ignored because those non-diverse Plaintiffs are fraudulently misjoined in this action.

17.     The citizenship of each Plaintiff is alleged as follows:

- Plaintiff Virgie Anderson is a citizen and a resident of Illinois. (Compl. ¶ 10).

- Plaintiff Ferial Alawar is a citizen and a resident of North Carolina. (*Id*. ¶ 11).

- Plaintiff Linda D. Abrams is a citizen and a resident of Ohio. (*Id*. ¶ 12).

- Plaintiff Cathy Anderson is a citizen and a resident of Maryland. (*Id*. ¶ 13).

- Plaintiff Jerry Anderson is a citizen and a resident of South Carolina. (*Id*. ¶ 14).

- Plaintiff Loretta Anderson is a citizen and a resident of Missouri. (*Id*. ¶ 15).

- Plaintiff Rose Anderson is a citizen and a resident of Maryland. (*Id*. ¶ 16).

- Plaintiff Janet Anne Bloom is a citizen and a resident of Illinois. (*Id*. ¶ 17).

- Plaintiff Judy Bonb is a citizen and a resident of Minnesota. (*Id*. ¶ 18).

- Plaintiff Geneva Bounds is a citizen and a resident of Texas. (*Id*. ¶ 19).

- Plaintiff Beverly Breaux is a citizen and a resident of Texas. (*Id*. ¶ 20).

- Plaintiff Linda Broadie is a citizen and a resident of North Carolina. (*Id*. ¶ 21).

- Plaintiff Vanetta Brown is a citizen and a resident of Illinois. (*Id*. ¶ 22).

- Plaintiff Della Buckley is a citizen and a resident of Mississippi. (*Id*. ¶ 23).

- Plaintiff Helen Bunche is a citizen and a resident of South Carolina. (*Id*. ¶ 24).

- Plaintiff Francis Carroll is a citizen and a resident of Pennsylvania. (*Id*. ¶ 25).

- Plaintiff Linda Carroll is a citizen and a resident of Connecticut. (*Id*. ¶ 26).

- Plaintiff Clara Carson is a citizen and a resident of Florida. (*Id*. ¶ 27).

- Plaintiff Brenda K. Carter is a citizen and a resident of the District of Columbia. (*Id*. ¶ 28).

- Plaintiff Mary K. Carter is a citizen and a resident of Indiana. (*Id*. ¶ 29).

- Plaintiff Paulette Carter is a citizen and a resident of Pennsylvania. (*Id*. ¶ 30).

- Plaintiff Juanita Chambers is a citizen and a resident of Missouri. (*Id*. ¶ 31).

- Plaintiff Cynthia Chapman is a citizen and a resident of Wisconsin. (*Id*. ¶ 32).

- Plaintiff Gloria J. Charette is a citizen and a resident of North Carolina. (*Id*. ¶ 33).

- Plaintiff Mary Y. Charleston is a citizen and a resident of Florida. (*Id*. ¶ 34).

- Plaintiff Melody Clark is a citizen and a resident of Indiana. (*Id*. ¶ 35).

- Plaintiff Mary Collins is a citizen and a resident of Texas. (*Id*. ¶ 36).

- Plaintiff Ashley Conway is a citizen and a resident of Maryland. (*Id*. ¶ 37).

- Plaintiff Maxine Crafton is a citizen and a resident of Maryland. (*Id*. ¶ 38).

- Plaintiff Dawn Creech is a citizen and a resident of Nevada. (*Id*. ¶ 39).

- Plaintiff Christianna Crockett is a citizen and a resident of Oklahoma. (*Id*. ¶ 40).

- Plaintiff Vivian L. Crosby is a citizen and a resident of Missouri. (*Id*. ¶ 41).

- Plaintiff Carol A. Crumblin is a citizen and a resident of Illinois. (*Id*. ¶ 42).

- Plaintiff Yolanda Dankins is a citizen and a resident of Texas. (*Id*. ¶ 43).

6

- Plaintiff Sandra Dantzler is a citizen and a resident of Arizona. (*Id*. ¶ 44).

- Plaintiff Mary B. Davenport is a citizen and a resident of Texas. (*Id*. ¶ 45).

- Plaintiff Dorothy L. Davis is a citizen and a resident of the District of Columbia. (*Id*. ¶ 46).

- Plaintiff Jennifer Davis is a citizen and a resident of Georgia. (*Id*. ¶ 47).

- Plaintiff Regina Davis is a citizen and a resident of Maryland. (*Id*. ¶ 48).

- Plaintiff Ruby L. Davis is a citizen and a resident of Georgia. (*Id*. ¶ 49).

- Plaintiff Charmaine Dixon is a citizen and a resident of South Carolina. (*Id*. ¶ 50).

- Plaintiff Dorothy Dixon is a citizen and a resident of Texas. (*Id*. ¶ 51).

- Plaintiff Selina M. Dixon is a citizen and a resident of Ohio. (*Id*. ¶ 52).

- Plaintiff Frances M. Dougan is a citizen and a resident of Texas. (*Id*. ¶ 53).

- Plaintiff Jennifer W. Edwards is a citizen and a resident of Alabama. (*Id*. ¶ 54).

- Plaintiff Georgette Enwright is a citizen and a resident of South Carolina. (*Id*. ¶ 55).

- Plaintiff Carolyn K. Estes is a citizen and a resident of Arizona. (*Id*. ¶ 56).

- Plaintiff Erma Farrington is a citizen and a resident of North Carolina. (*Id*. ¶ 57).

- Plaintiff Mary Faulkner is a citizen and a resident of Georgia. (*Id*. ¶ 58).

- Plaintiff Martha A. Foster is a citizen and a resident of Alaska. (*Id*. ¶ 59).

### 1. **Plaintiffs Alawar, Broadie, Charette, and Farrington Fail to State a Claim Against Non-Diverse Defendants.**

18.     As set forth above, Plaintiffs Ferial Alawar, Linda Broadie, Gloria Charette, and Erma Farrington are not diverse from defendant Accord.  However, Plaintiffs allege that they were prescribed docetaxel manufactured by Hospira <u>only</u>.  They do not allege use of any docetaxel manufactured by Accord.  (*See id*. ¶¶ 11, 21, 33, 57).

19.     Under the fraudulent joinder doctrine, an out-of-state defendant's right of removal

premised on diversity cannot be defeated by joinder of a non-diverse defendant against whom the plaintiff's claim has "no chance of success." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). If the removing defendant can establish that the plaintiff cannot establish a cause of action against a diversity-destroying defendant, the federal district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants." *Id.*

20.     Because Plaintiffs Alawar, Broadie, Charette, and Farrington do not assert claims against Accord, they have "no chance of success" against it and the citizenship of Accord should be disregarded as it has been fraudulently joined. Because Alawar, Broadie, Charette, and Farrington are diverse from Hospira, diversity jurisdiction exists.

21.     In any event, as set forth *infra*, this Court lacks personal jurisdiction over Alawar, Broadie, Charette, and Farringtons' claims against Accord under U.S. Supreme Court precedent in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) and *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017), as none of these plaintiffs alleges use of the products in Illinois, nor is Accord "at home" in Illinois.

22.     Alternatively, even if Accord is not fraudulently joined in the actions brought by Alawar, Broadie, Charette, and Farrington, the Plaintiffs themselves (along with several Illinois Plaintiffs) are fraudulently misjoined for the purposes of destroying diversity, and their citizenship should be disregarded for the purposes of removal.

**2.      Plaintiffs Virgie Anderson, Alawar, Bloom, Broadie, Brown, Charette, Crumblin, and Farrington are Non-Diverse Plaintiffs Whose Claims are Misjoined.**

23.     The joinder of the 50 Plaintiffs in this case is improper because they have failed to show that their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as required for the permissive joinder of Plaintiffs under Federal Rule of Civil Procedure 20(a). *See Simmons v. Wyeth Labs., Inc.*, No. 96-cv-06631, 1996 WL 617492, at *2

3610604.1

(E.D. Pa. Oct. 24, 1996). Although each Plaintiff alleges that she received Taxotere® or a generic equivalent, that commonality is insufficient to support Rule 20(a) joinder as a matter of law. *See, e.g.*, *id.* *3; *In re Rezulin*, 168 F. Supp. 2d at 145-46.

24. When a party, whether a plaintiff or defendant, has been fraudulently misjoined, its citizenship is ignored for the purposes of determining whether the parties are diverse. *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146-48 (S.D.N.Y. 2001); *In re Diet Drugs Prods. Liab. Litig.*, No. 98-cv-20478, 1999 WL 554584, at *2 (E.D. Pa. July 16, 2009); *Lyons v. The Am. Tobacco Co.*, No. 96-cv-00881, 1997 WL 809677, at *4 (S.D. Ala. Sept. 30, 1997).

25. Federal courts agree that removal jurisdiction will not be defeated by improper joinder of parties. *See, e.g.*, *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("[I]f it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent."); *see also, e.g.*, *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity."); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (holding that diversity of citizenship is satisfied when a non-diverse defendant is fraudulently misjoined), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000); *Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008) (holding that strict product liability claims against diverse defendants were fraudulently misjoined with medical malpractice claims against California residents); *Green v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004) ("Although the Ninth Circuit has not yet published an opinion addressing the fraudulent misjoinder rule, this Court agrees with the Fifth and Eleventh Circuits that the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.") (footnotes omitted).

26. There is no question that non-diverse Plaintiffs are joined in this action with diverse Plaintiffs—each of whom assert claims arising out of separate and discrete injuries—solely in an attempt to prevent removal. It is all the more apparent since all 50 Plaintiffs misjoined in this Complaint have also filed separate lawsuits in different jurisdictions (including California and New Jersey state courts) against the exact same defendants. Such pervasive double- (and triple-) dipping was calculated to destroy diversity in this action.

27. A federal court may exercise jurisdiction over this case, dismiss the non-diverse parties, and thereby retain subject-matter jurisdiction over the remaining claims because the joinder of the non-diverse parties is a procedurally improper sham.

28. "Misjoinder of parties occurs when a party fails to satisfy the conditions for permissive joinder under Rule 20(a)." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001). Accordingly, fraudulent misjoinder applies where, as here, the Plaintiffs improperly join different claims that do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" or give rise to common questions of law or fact. FED. R. CIV. P. 20(a).

29. It is improper for Plaintiffs to join 50 Plaintiffs from 21 different states into one action, and it is clearly a misjoinder effectuated solely for the purpose of jurisdictional manipulation. Courts have found fraudulent misjoinder of plaintiffs in similar cases and held that claims by pharmaceutical and medical device product-liability plaintiffs from multiple states—like those in this case—are highly individualized and cannot be properly joined, even where the plaintiffs allegedly used the same product. *See, e.g.*, *Stinnette v. Medtronic Inc.*, No. H-09-03854, 2010 WL 767558, at *2 (S.D. Tex. March 3, 2010); *Hyatt v. Organon USA, Inc.*, No. 4:12-cv-1248, 2012 WL 4809163, at *1 (E.D. Mo. Oct. 10, 2012) (finding plaintiffs were

10

improperly joined and noting "[e]ach Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers"); *Alday v. Organon USA, Inc.*, No. 09-cv-01415, 2009 WL 3531802, at *1 (E.D. Mo. Oct. 27, 2009); *Boschert v. Pfizer, Inc.*, No. 08-cv-01714, 2009 WL 1383183, at **3-4 (E.D. Mo. May 14, 2009); *McNaughton v. Merck & Co.*, No. 04 Civ. 8297, 2004 WL 5180726, at *2 (E.D.N.Y. Dec. 17, 2004); *In re Baycol Prods. Liab. Litig.*, No. MDL 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *In re Diet Drugs*, 1999 WL 554584, at **3-4; *Simmons*, 1996 WL 617492, at *3; *Chaney v. Gate Pharms.*, No. 98-cv-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (pleading went "well beyond mere misjoinder" where plaintiffs "attempt[ed] to join persons from seven different states into one civil action who have absolutely no connection to each other except that they each ingested fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those drugs").

30. Courts have found fraudulent misjoinder under the precise circumstances presented here, where plaintiffs "allege such unspecific injuries as to make it impossible to determine how the plaintiffs share any connection," and "given the complicated causation questions that pervade drug product liability claims, Plaintiffs' claims will require divergent questions of law and fact." *Welch v. Merck Sharpe & Dohme Corp.*, No. 11-cv-3045, 2012 WL 1118780 at *4 (D.N.J. Apr. 3, 2012). Here, Plaintiffs allege absolutely no factual connection among their claims, aside from the basic fact they each received docetaxel allegedly manufactured by defendants.

31. Among the differences of these Plaintiffs' claims are their unique medical histories, including use of the product and risk profile, the labeling as read by their treating physicians, the duration of use of the product, their particular injuries alleged, the cause of their

alleged injuries, and other individual issues.  Each Plaintiff received individualized medical care, provided by different medical providers in different states, before and after the alleged injuries. The laws of different states apply to each of their underlying tort claims.

32.     Numerous courts have found that claims were procedurally misjoined under circumstances similar to those here.  Those courts have recognized that claims by product-liability plaintiffs are highly individualized and cannot be joined to defeat jurisdiction, even if plaintiffs allege use of the same product.  *See, e.g.*, *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-MD-331, 2013 WL 3729570, at *3 (E.D.N.Y. May 17, 2013) (finding procedural misjoinder as to suit removed from Missouri state court where "the injuries . . . will greatly vary from plaintiff to plaintiff based on factors like age, physical state at the time of taking the drug, and dosage"); *In re Fosamax (Alendronate Sodium) Prod. Liab. Litig. (No. II)*, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014) (finding procedural misjoinder where plaintiffs "allege such unspecific injuries as to make it impossible to determine how the plaintiffs share any connection and "given the complicated causation questions that pervade drug product liability claims, plaintiffs' claims will require divergent questions of law and fact").

33.     Where fraudulent misjoinder applies, the court should sever the improperly joined claims into separate and distinct cases.  *See Boschert v. Pfizer, Inc.*, No. 4:08-cv-1714, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009) (granting motion to sever claims of four plaintiffs allegedly injured as a result of using smoking-cessation medication Chantix, holding that, "the mere fact [that] four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement."); *In re Baycol Prods. Litig.*, No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (holding that a plaintiff had "been fraudulently [mis]joined

with the other plaintiffs, warranting severance and remand" of that plaintiff's claims and denying plaintiffs' motion to remand); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2007 WL 737589, at *2-3 (M.D. Fla. Mar. 7, 2007) (severing claims of multiple plaintiffs alleging injury from use of Seroquel and ordering each to file an individual complaint and pay the court's full filing fee); *Cumba v. Merck & Co.*, No. 08-cv-2328, 2009 WL 1351462 at *1 (D.N.J. May 12, 2009) (granting motion to sever claims of 49 plaintiffs who allegedly "took the drug Vytorin and . . . [allegedly] sustained broadly similar injuries as a result thereof" because their claims were based on disparate facts).

34.     As in the above-cited cases, Plaintiffs' claims here do not arise out of the same transaction, occurrence, or series of transactions; nor do they give rise to common questions of law or fact.  Thus, pursuant to Federal Rules of Civil Procedure 20 and 21, the claims of the non-diverse Plaintiffs should be severed and remanded to state court, the claims of Alawar, Broadie, Charette, and Farrington should be dismissed for lack of personal jurisdiction, and the remaining causes of action alleged against Defendants should remain in federal court, "so as to preserve the removing defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum." *Sutton*, 251 F.R.D. at 505.

35.     Moreover, the erroneous joinder of these various claims will not serve to promote the efficient resolution of these claims.  Rather, the result will be quite the opposite.  The product liability laws of potentially 21 or more different states will apply to this case, and 21 sets of jury instructions will be required.  *See Boschert*, 2009 WL 1383183, at *1 (granting severance in part because "four sets of jury instructions would be required to encompass the laws from four different states").  "The joinder of several plaintiffs who have no connection to each other in no

way promotes trial convenience or expedites the adjudication of the asserted claims.  Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process." *Chaney*, 1999 WL 554584, at *3-4.

> **3.** **This Court does not have personal jurisdiction over any of the non-Illinois Defendants for the non-resident Plaintiffs' claims.**

36.     In their Complaint, Plaintiffs fail to allege facts that establish specific or general jurisdiction over any of the non-Illinois Defendants.  None of the non-resident Plaintiffs can establish specific jurisdiction because not one alleges that her injuries occurred in Illinois, nor does any allege that any other event giving rise to her claims occurred in Illinois such that the non-resident Defendants can be subjected to specific jurisdiction in Illinois.  "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) ("*BMS*") (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (alternation in original); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (holding that specific jurisdiction exists only when "the defendant's *suit-related conduct* . . . create[s] a substantial connection with the forum State.") (emphasis added); *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ("Because neither Nelson nor Tyrrell alleges any injury from work in or related to Montana, only the propriety of general jurisdiction is at issue here.").

37.     Indeed, the non-resident Plaintiffs allege that they were prescribed docetaxel manufactured by Hospira only, further belying any claim that the non-Illinois Defendants have any affiliation with Illinois. Simply put, the claims of the non-resident Plaintiffs do not allege

that they involve any contact with Illinois and, as such, do not establish specific jurisdiction over the non-Illinois Defendants.

38.    Illinois courts likewise lack general jurisdiction over the non-resident Plaintiffs' claims against the non-Illinois Defendants.  Under the Supreme Court's decision in *Daimler*, a plaintiff who seeks to establish general jurisdiction must show that a defendant's contacts with the chosen forum are so extensive "as to render them essentially at home in the forum State." 134 S. Ct. at 754 (internal quotations omitted).  The non-Illinois Defendants are "at home" in states other than Illinois, and, as such, Plaintiffs must demonstrate that this case constitutes the "exceptional" case in which a defendant's "'affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'"  *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851).  No such circumstances exist here.

39.    For these reasons, Plaintiffs cannot show that this Court has personal jurisdiction over any of the non-Illinois Defendants.

## II.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

40.    The amount in controversy in this case exceeds $75,000, exclusive of interest and cost, under the "facially apparent" standard recognized by this Court.  In removal cases, when a complaint does not allege a specific amount of damages, the removing party bears the burden of proving, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).  This burden may be satisfied if the district court, upon examining the complaint, finds it apparent that it is more likely than not that the claims exceed the jurisdictional amount.  *McCoy v. GMC*, 226 F. Supp. 2d 939, 941-942 (N.D. Ill. 2002) (holding the complaint obviously described damages exceeding amount in controversy threshold, but denying removal on other grounds).  A removing party "only must

15

establish an amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Sabrina Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (internal citation omitted). Once established, remand is appropriate "only if the plaintiff can establish the claim is for less than the requisite amount to a legal certainty." *Id.* (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)).

41.     It is apparent from the face of the Complaint that each Plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest. Each Plaintiff claims that she has suffered "severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life." (Compl. ¶¶ 204, 227, 232, 241, 252, 266, 276, 287, 295, 330, 342).

42.     Nowhere in the Complaint do any of the Plaintiffs limit the amount in controversy to less than $75,000.00.

43.     Illinois district courts have recognized that the amount in controversy exceeded $75,000.00 in cases with similar personal injury allegations to those made here. *See, e.g.*, *Martin v. Bayer Corp.*, 11-cv-12606, 2012 WL 2135281, at *10 (S.D. Ill. Jun. 12, 2012) ("Here, the damages are related to product defect and product liability which lead to the decedent's alleged wrongful death. The Court is well satisfied that the alleged damages in this case are more than sufficient to meet the requisite amount for diversity jurisdiction."); *Jankins v. Bayer Corp.*, No.

16

3:10-cv-20095, 2010 WL 1963202, at *2 n.1 (S.D. Ill. May 14, 2010) ("Given the severe and ongoing nature of the injuries alleged [from taking prescription pills], the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1043 (C.D. Ill. 2008) (removing defendant in product liability suit "had a good faith belief that the amount in controversy exceeded $75,000, as injuries alleged were severe"); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) ("[T]he litany of injuries [plaintiff] claims to have sustained, which include but are not limited to 'future thromboembolic events, which are permanent and lasting in nature, physical pain and mental anguish, diminished enjoyment of life, medical, health, incidental and related expenses, the need for lifelong medical treatment, monitoring and/or medications, and the fear of developing any of the above named health consequences,' makes clear that she is seeking damages in excess of $75,000.").

44.     Other federal courts have similarly concluded that the amount in controversy exceeded $75,000.00 in pharmaceutical cases. *See, e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo. 2002) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (same).

45.     The Removing Defendants need not confirm through discovery that the jurisdictional amount is satisfied.  Indeed, "a defendant who wishes to remove a case to federal

court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery ... that more than $75,000 [is] in issue."' *Fields v. Jay Henges Enters., Inc.*, 2006 U.S. Dist. LEXIS 47948, at *11 (S.D. Ill. June 30, 2006); *see also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010) ("[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled."); *Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all").

46.     WHEREFORE, Defendants Accord Healthcare, Inc. and Accord Healthcare, Ltd. respectfully remove this action from the Circuit Court for Cook County, Illinois, bearing Case No. 2017-L-012694, to this Court under 28 U.S.C. § 1441. Should any question arise as to the removal of this matter, Removing Defendants respectfully request an opportunity to provide briefing and oral argument as to why removal is proper.

Respectfully submitted,

February 5, 2018                              TUCKER ELLIS LLP

                                             By: /s/ Sherry Knutson
                                                 Sherry Knutson (6276306)
                                                 Brittany L. Weiss (6316722)
                                                 233 South Wacker Drive, Suite 6950
                                                 Chicago, IL 60606-9997
                                                 Tel:  (312) 624-6300; Fax:  (312) 624-6309
                                                 Email sherry.knutson@tuckerellis.com
                                                       brittany.weiss@tuckerellis.com
                                                 *Attorneys for Defendants Accord
                                                 Healthcare, Inc. and Accord Healthcare,
                                                 Ltd.*

19

## CONSENT OF OTHER DEFENDANTS

Consent to removal on behalf of Defendants
Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.

By: */s/ Harley V. Ratliff*
Harley V. Ratliff
Adrienne L. Byard
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri  64108
T: (816) 474-6550
F: (816) 421-5547
E: hratliff@shb.com; abyard@shb.com
*Counsel for Defendants Sanofi U.S. Services, Inc., and Sanofi-Aventis U.S. LLC*


Consent to removal on behalf of Defendants Hospira Worldwide, LLC, f/k/a/ Hospira
Worldwide, Inc., and Hospira, Inc.

By: */s/ Mara Cusker Gonzalez*
Mara Cusker Gonzalez
Sara Roitman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
T: (212) 849-7000
F: (212) 849-7100
E: maracuskergonzalez@quinemanuel.com
     sararoitman@quinnemanuel.com
*Counsel for Defendants Hospira Worldwide,*
*LLC, f/k/a Hospira Worldwide, Inc., and*
*Hospira, Inc.*


Consent to removal on behalf of Defendant Sandoz, Inc.

By: */s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia  30305

20

3610604.1

T: (678) 553-2100
F: (678) 553-2100
E: cohenl@gtlaw.com
    merrellc@gtlaw.com
    holdene@gtlaw.com
*Counsel for Defendant Sandoz, Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system. A copy of the foregoing was also served via

United States Postal Service, postage pre-paid, on the following counsel:

Paul J. Napoli
Wilson D. Sikes
NAPOLI SHKOLNIK, PLLC
Mark Twain Plaza II
103 West Vandalia St. Suite 125
Edwardsville, IL 62026
T: (618) 307-4528
E: PNapoli@napolilaw.com
WSikes@napolilaw.com
*Counsel for Plaintiffs*

Lori G. Cohen
R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
T: (678) 553-2100
F: (678) 553-2100
E: cohenl@gtlaw.com
   merrellc@gtlaw.com
   holdene@gtlaw.com
*Counsel for Defendant Sandoz, Inc.*

Erin M. Bosman
Julie Y. Park
MORRISON & FOERSTER
12531 High Bluff Dr.
San Diego, CA 92130
T. (858)720-5100
E: ebosman@mofo.com
E: juliepark@mofo.com
*Counsel for McKesson Corp. doing business as
McKesson Packaging*

Harley V. Ratliff
Adrienne L. Byard
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
T: (816) 474-6550
F: (816) 421-5547
E: hratliff@shb.com; abyard@shb.com
*Counsel for Defendants Sanofi U.S. Services,
Inc., and Sanofi-Aventis U.S. LLC*

Mara Cusker Gonzalez
Sara Roitman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
T: (212) 849-7000
F: (212) 849-7100
E: maracuskergonzalez@quinemanuel.com
   sararoitman@quinnemanuel.com
*Counsel for Defendants Hospira Worldwide,
LLC, f/k/a Hospira Worldwide, Inc., and
Hospira, Inc.*

/s/ Sherry Knutson
Sherry Knutson (6276306)

3610604.1