# EXHIBIT E

Eva M. Weiler (SBN: 233942)
eweiler@shb.com
Brian P. Ziska (SBN: 272043)
bziska@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Defendants
sanofi-aventis U.S. LLC and Sanofi U.S.
Services Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENISHA BROWN; LINDA D. ABRAMS; FERIAL ALAWAR; CATHY ANDERSON; JERRY ANDERSON; LORETTA ANDERSON; ROSE ANDERSON; VIRGIE ANDERSON; GLORIA ARGEL; CAROLYN BELIN; HARRIET BENJAMIN; SALLY M. BERNETT; JANET ANNE BLOOM; JUDY BONB; GENEVA BOUNDS; BEVERLY BREAUX; LINDA BROADIE; VANETTA BROWN; PHYLLIS E. BRUNER; DELLA BUCKLEY; HELEN BUNCHE; FRANCIS CARROLL; LINDA CARROLL; CLARA CARSON; BRENDA K. CARTER; MARY K. CARTER; PAULETTE CARTER; JUANITA CHAMBERS; CYNTHIA CHAPMAN; GLORIA J. CHARETTE; MARY Y. CHARLESTON; MELODY CLARK; MARY COLLINS; ASHLEY CONWAY; MAXINE CRAFTON; DAWN CREECH; CHRISTIANNA CROCKETT; VIVIAN L. CROSBY; CAROL A. CRUMBLIN; YOLANDA DANKINS; SANDRA DANTZLER; MARY B DAVENPORT; DOROTHY L. DAVIS; JENNIFER DAVIS; LUWANDA DAVIS; REGINA DAVIS; RUBY L. DAVIS; CHARMAINE DIXON; DOROTHY DIXON; AND SELINA M. DIXON, | Case No.: 2:18-cv-01062 **NOTICE OF REMOVAL OF ACTION BY DEFENDANTS SANOFI U.S. SERVICES INC. & SANOFI-AVENTIS U.S. LLC UNDER 28 U.S.C. §§ 1332, 1441, AND 1446.** **DEMAND FOR JURY TRIAL** [Removed from Los Angeles County Superior Court Case No. BC686740] [Filed concurrently with Civil Cover Sheet; Disclosure Statement; Notice of Related Cases; Notice of Pendency of Other Actions; and Certification and Notice of Interested Parties] |
| Plaintiffs, | |

1     v.       )
             )
2 SANOFI U.S. SERVICES INC., )
 formerly known as SANOFI-AVENTIS )
3 U.S. INC, SANOFI-AVENTIS U.S. )
 LLC, separately and doing business as )
4 WINTHROP U.S., SANDOZ, INC., )
 McKESSON CORPORATION doing )
5 business as McKESSON PACKAGING; )
 HOSPIRA, INC., HOSPIRA )
6 WORLDWIDE, LLC f/k/a HOSPIRA )
 WORLDWIDE, INC, SANDOZ, INC., )
7 and ACCORD HEALTHCARE, INC. )
             )
8    Defendants.    )
             )
9 _____)

ii

DEFENDANTS' NOTICE OF REMOVAL

# **TABLE OF CONTENTS**

I.    THE REMOVED CASE ................................................................................2

II.   SANOFI HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.........................................................................................5

III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441...................................................................................................6

     A.    There is Complete Diversity of Citizenship between All Properly Joined Parties.............................................................6

          1.    The citizenship of McKesson does not defeat diversity jurisdiction because McKesson is fraudulently joined.............10

          2.    The Court should ignore the non-resident plaintiffs' citizenship because their claims have been fraudulently and procedurally misjoined.......................................16

          3.    That numerous plaintiffs in this action have filed duplicate or triplicate suits in various jurisdictions is further evidence of fraudulent joinder ..............................................23

          4.    This Court does not have personal jurisdiction over the non-California defendants for the non-resident plaintiffs' claims ..................................................................................25

          5.    The claims of the non-resident plaintiffs have been fraudulently joined.................................................................31

     B.    The Amount-in-Controversy Requirement is Satisfied .....................31

IV.  CONCLUSION ........................................................................................34

iii

8574682 v7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**<u>Cases</u>**

*Adams v. California Dep't of Health Services*,
    487 F.3d 684 (9th Cir. 2007) ........................................................................ 24

*Adams v. I-Flow Corp.*,
    CV09-09550 R SSX, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) .............. 19, 24

*Aronis v. Merck & Co., Inc.*,
    No. S-05-0486, 2005 WL 5518485 (E.D. Cal. May 3, 2005) ............................... 13

*Ashcroft v. Iqbal*,
    536 U.S. 662 (2009) ...................................................................................... 12

*Badon v. R J R Nabisco, Inc.*,
    224 F.3d 382 (5th Cir. 2000) ........................................................................ 14

*Bailey v. J.B. Hunt Transp., Inc.*,
    No. 06-240, 2007 WL 764286 (E.D. Pa. Mar. 8, 2007) .......................................... 32

*Baldwin v. Sears, Roebuck & Co.*,
    667 F.2d 458 (5th Cir. 1982) ........................................................................ 16

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995) ........................................................................ 25

*Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*,
    234 F. Supp. 2d 633 (S.D. Miss. 2002) ......................................................... 14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 12

*BNSF Railway Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) .................................................................................. 26

*Boschert v. Pfizer, Inc.*,
    No. 4:08-CV-1714, 2009 U.S. Dist. LEXIS 41261 (E.D. Mo. May 14,
    2009) ...................................................................................................... 22, 23

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., et al.*,
137 S. Ct. 1773 (2017)...............................................1, 2, 3, 4, 26, 27, 28

*Brown v. Allstate Ins.*,
17 F. Supp. 2d 1134 (S.D. Cal. 1998) .....................................11

*Camara v. Bayer Corp.*,
No. C 09-06084 WHA, 2010 WL 902780 (N.D. Cal. Mar. 9, 2010)....................15

*Campbell v. Bridgestone/Firestone, Inc.*,
No. CIVF051499FVSDLB, 2006 WL 707291 (E.D. Cal. Mar. 17, 2006) ........................................................................32

*Campbell v. Stone Ins., Inc.*,
509 F.3d 665 (5th Cir. 2007) ...................................................18

*Carpenter v. Wichita Falls I.S.D.*,
44 F.3d 362 (5th Cir. 1995) .....................................................16

*Century Assets Corp. v. Solow*,
88 F. Supp. 2d 659 (E.D. Tex. 2000) .......................................33

*Chaney v. Gate Pharms. (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)*,
No. Civ.A. 98-20478, 1999 WL 554584 (E.D. Pa. July 16, 1999) ..................20, 23

*Chesapeake & O. R. Co. v. Cockrell*,
232 U.S. 146 (1914)................................................................17

*Conrad Assocs. v. Hartford Accident & Indemn. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998).......................................31

*Cumba v. Merck & Co.*,
No. 08-CV-2328, 2009 U.S. Dist. LEXIS 41132 (D.N.J. May 12, 2009) .......................................................................22

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014).........................................3, 28, 29, 30, 31

*David v. Medtronic, Inc.*
237 Cal. App. 4th 734 (2015) ..................................19, 21, 22

v

8574682 v7

*Federated Dep't. Stores, Inc. v. Moitie*,
452 U.S. 394 (1981)..................................................................................16

*Fields v. Jay Henges Enters., Inc.*,
No. 06-323-GPM, 2006 WL 1875457 (S.D. Ill. June 30, 2006)..........................33

*Filla v. Norfolk Southern Ry. Co.*,
336 F.3d 806 (8th Cir. 2003) ....................................................................18

*Fisher v. Paul Revere Ins. Group*,
55 Fed. Appx. 412 (9th Cir. 2002) .............................................................13

*Gonzalez v. First NLC Fin. Servs.*,
No. CV 09-4147 AHM, 2009 WL 2513670 (C.D. Cal. Aug. 12, 2009)..................7

*Goodwin v. Kojia*,
SACV 13-325-JST (JPRx), 2013 U.S. Dist. LEXIS 53403 (C.D. Cal.
April 12, 2013)........................................................................................18

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 131 S. Ct. 2846 (2011).............................................................26, 27, 28

*Green v. Wyeth*,
344 F. Supp. 2d 674 (D. Nev. 2004) ...........................................................18

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)..................................................................................26

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)...................................................................................17

*Hunter v Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) .............................................................10, 11

*Hyatt v. Organon, U.S.A., Inc.*,
No. 4:12CV1248, 2012 U.S. Dist. LEXIS 146905 (E.D. Mo. Oct. 10,
2012)......................................................................................................19

*In re Baycol Prods. Litig.*,
No. 03-2931, 2003 WL 22341303 (D. Minn. 2003) .......................................20

*In re Fluoroquinolone Prod. Liab. Litig.*,
No. MDL 15-2642 (JRT), 2016 WL 4154338 (D. Minn. Aug. 5, 2016) ...............15

vi

8574682 v7

*In re JPMorgan Chase Derivative Litig.*,
   263 F. Supp. 3d 920, 928 (E.D. Cal. 2017) ............................................................. 25

*In re Rezulin Prods. Liab. Litig.*,
   133 F. Supp. 2d 272 (S.D.N.Y. 2001) ..................................................... 13, 14, 33

*In re Rezulin Prods. Liab. Litig.*,
   168 F. Supp. 2d (S.D.N.Y. 2001) ................................................................. 14, 19

*In re Seroquel Prods. Liab. Litig.*,
   No. 6:06-md-1769, 2007 U.S. Dist. LEXIS 17603 (M.D. Fla. Mar. 7,
   2007) ................................................................................................................. 21

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*,
   MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016).......................................... 2

*In re Yasmin & YAZ (Drospirenone) Mktg., Sales Practices & Relevant
   Prods. Liab. Litig.*,
   No. 3:09-md-02100-DRH-PMF, 2010 WL 3937414 (S.D. Ill. Oct. 4,
   2010) ................................................................................................................. 13

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   131 S. Ct. 2780 (2011).......................................................................... 2, 5, 25, 31

*Jankins v. Bayer Corp.*,
   No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 1963202
   (S.D. Ill. May 15, 2010)...................................................................................... 12

*Jankins v. Bayer Corp.*,
   No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 2402926
   (S.D. Ill. June 15, 2010)...................................................................................... 12

*Johnson v. Parke Davis*,
   114 F. Supp. 2d 522 (S.D. Miss. 2000) .......................................................... 11, 13

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ................................................................................. 7

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................................... 7

*Lyons v. Am. Tobacco Co.*,
   No. Civ. A. 96-0881-BH-S, 1997 WL 809677 (S.D. Ala. Sept. 30,
   1997) ................................................................................................................. 11

DEFENDANTS' NOTICE OF REMOVAL

*Maffei v. Allstate California Ins. Co.*,
  412 F. Supp. 2d 1049 (E.D. Cal. 2006) ...................................................................... 11

*Maiden v. N. Am. Stainless*,
  19 Fed. Appx. 485, 2005 WL 3557175 (6th Cir. Dec. 29, 2005) ............................. 14

*McCabe v. General Foods Corp.*,
  811 F.2d 1336 (9th Cir. 1987) .................................................................................. 11

*McCann v. Foster Wheeler LLC*,
  225 P.3d 516 (Cal. 2010) ........................................................................................... 23

*McCoy v. Gen. Motors Corp.*,
  226 F. Supp. 2d 939 (N.D. Ill. 2002) ........................................................................ 32

*Navarro Savings Ass'n v. Lee*,
  446 U.S. 458 (1980) ................................................................................................... 17

*Novelli v. Allstate Texas Lloyd's*,
  No. H-11-2690, 2012 WL 949675 (S.D. Tex. Mar. 19, 2012) ................................. 14

*Osborn v. Metro. Life Ins. Co.*,
  341 F. Supp. 2d 1123 (E.D. Cal. 2008) ..................................................................... 18

*Oshima v. Kia Motors Corp.*,
  No. 11-CV-03349-REB-MEH, 2012 WL 1578397 (D. Colo. May 4,
  2012) ........................................................................................................................... 14

*Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*,
  196 F.3d 284 (1st Cir. 1999) ..................................................................................... 30

*Quinn v. Kimble*,
  228 F. Supp. 2d 1036 (E.D. Mo. 2002) ..................................................................... 32

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001) ...................................................................................... 30

*Roe v. Michelin N. Am., Inc.*,
  613 F.3d 1058 (11th Cir. 2010) ................................................................................. 33

*Salisbury v. Purdue Pharm. L.P.*,
  166 F. Supp. 2d 546 (E.D. Ky. 2001) ........................................................................ 13

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006) ..................................................................................... 30

viii

*Singer v. State Farm Mut. Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ................................................................... 31

*Standard Fire Ins. Co. v. Knowles*,
   133 S. Ct. 1345 (2013) .............................................................................. 17

*Staples v. Merck & Co., Inc.*,
   270 F. Supp. 2d 833 (N.D. Tex. 2003) ..................................................... 14

*Sutton v. Davol, Inc.*,
   251 F.R.D. 500 (E.D. Cal. 2008) ........................................................ 18, 23

*Tapscott v. MS Dealer Serv. Corp.*,
   77 F.3d 1353 (11th Cir. 1996) ............................................................... 4, 18

*United Computer Sys., Inc. v. AT&T Corp.*,
   298 F.3d 756 (9th Cir. 2002) ................................................................... 5, 7

*Vu v. Ortho-McNeil Pharma., Inc.*,
   602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................. 3, 11

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) .............................................................................. 26

*Walton v. Eaton Corp.*,
   563 F.2d 66 (3d Cir. 1977) ........................................................................ 24

*Wecker v. Nat'l Enameling & Stamping Co.*,
   204 U.S. 176 (1907) .................................................................................. 16

*Welch v. Merck Sharpe & Dohme Corp.*,
   MDL NO. 2243, No. 11-3045, 2012 U.S. Dist. LEXIS 48114 (D.N.J.
   Apr. 3, 2012) ............................................................................................. 20

*Wilson v. Republic Iron & Steel Co.*,
   257 U.S. 92 (1921) .................................................................................... 17

**Statutes**

28 U.S.C. § 1332 ...................................................... 1, 3, 4, 6, 16, 17, 34

28 U.S.C. § 1407 .............................................................................. 2

28 U.S.C. § 1441 ................................................ 5, 6, 7, 11, 17, 34

DEFENDANTS' NOTICE OF REMOVAL

8574682 v7

28 U.S.C. § 1446.................................................................................. 1, 4, 5, 6, 34

Cal. Code Civ. Proc. § 378 .............................................................. 19, 21

Cal. Code Civ. Proc. § 379 ...................................................................... 21

**Rules**

Fed. R. Civ. Proc. 8.................................................................................. 12

Fed. R. Civ. Proc. 20.......................................................................... 19, 22

Fed. R. Civ. Proc. 21.............................................................................. 22

Fed. R. Civ. Proc. 23.............................................................................. 13

**Other Authorities**

14 C. WRIGHT, A. MILLER, & E. COOPER, *Federal Practice and Procedure* § 3722 (1976)........................................................................ 16

DEFENDANTS' NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively "sanofi"), by and through undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The United States District Court for the Central District of California has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all **properly joined** and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

First, McKesson Corporation ("McKesson") – the only resident defendant – is not properly joined in this action as it has no connection to any plaintiff. Thus, its California citizenship must be disregarded.

Second, there are 50 plaintiffs in this case from 20 different states – the vast majority of whom have no connection whatsoever to California. Many of these plaintiffs have filed duplicate or triplicate Complaints in various state courts including California, New Jersey, and Illinois. *See* **Exhibit A**. In fact, plaintiff Gloria Argel already has a case in MDL 2740 (2:17-cv-16601). These cases should be brought to federal court and transferred to the MDL for de-duplication and dismissal.

Additionally, sanofi, Hospira, Inc., Hospira Worldwide, LLC, Sandoz, Inc., and Accord Healthcare, Inc. – all of the defendants other than McKesson – are not citizens of California and are not subject to personal jurisdiction in California. In its recent decisions in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., et al.*, 137 S. Ct. 1773 (2017) ("*BMS*"), the United States Supreme Court established that specific jurisdiction is lacking over defendants as to claims by out-of-state plaintiffs that have no connection to the forum where the action is commenced, regardless of whether those plaintiffs join their claims with those of in-state plaintiffs.

Accordingly, this Court does not have personal jurisdiction over the claims of any of the non-resident plaintiffs, and has discretion to dispose of each of these plaintiffs' claims on personal-jurisdiction grounds. *See BMS*, 137 S. Ct. at 1776 ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, <u>principally, [an] activity or an occurrence that takes place in the forum State.</u>") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (emphasis added) (alteration in original); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2797-98 (2011) (holding that corporations are subject to specific jurisdiction only when the claims asserted are related to a defendant's contacts with the forum state).

In support of removal, sanofi states as follows:

## I.   THE REMOVED CASE

1.     Plaintiffs filed this civil action on December 12, 2017, in the Los Angeles County Superior Court, styled *Renisha Brown, et al.*, *v. Sanofi U.S. Services Inc., et al.*, Case No. BC686740.

2.     This case is one of more than 7,000 products-liability actions now pending in the federal courts in which plaintiffs allege they have permanent alopecia as a result of using Taxotere®. On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Taxotere® cases involving allegations of permanent alopecia to Judge Kurt D. Engelhardt of the United States District Court for the Eastern District of Louisiana for consolidated pretrial proceedings. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016). The JPML reasoned that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *Id.* at 1.

8574682 v7

3.     Based on this Court's jurisdiction under 28 U.S.C. § 1332(a), sanofi shall promptly request that the JPML transfer this action to MDL-2740 pursuant to the "tag-along" procedure contained in the JPML Rules.  In addition, sanofi will likely seek a stay of these proceedings in the interests of judicial efficiency and consistency so that the MDL Court can decide the issue of remand, if it arises.

4.     This case presents jurisdictional questions that are interrelated.  On its face, plaintiffs' Complaint does not allege complete diversity between the parties. However, McKesson, the only California defendant, has been fraudulently joined in this case because plaintiffs failed to establish any connection between themselves and McKesson.  Thus, McKesson's citizenship must be disregarded for purposes of the subject-matter jurisdiction analysis.  *See, e.g.*, *Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009).

5.     Moreover, plaintiffs have improperly misjoined their separate and distinct claims in a single Complaint alleging different personal injuries.  The improper joinder of plaintiffs alleging separate and discrete personal-injury claims with residents of California and non-diverse defendants in an attempt to defeat removal to federal court violates the due process clause of the United States Constitution.  *BMS*, 137 S. Ct. 1773, 1780 ("[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation.  They are a consequence of territorial limitations on the power of the respective states.'") (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)); *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (jurisdictional rules must allow defendant to structure primary conduct to accept or avoid jurisdiction).  Plaintiffs have not alleged any relationship to one another, live in 20 different states, have not pled any facts that would link their individual experiences using docetaxel that allegedly caused their injuries, and the non-resident plaintiffs' claims against the non-California defendants are not subject to personal jurisdiction here.  Pursuant to the MDL Court's Pretrial Order No. 65, the

8574682 v7

MDL Court will sever multi-plaintiff cases that are transferred into the MDL. *See* PTO No. 65 (attached as **Exhibit B**). As the MDL Court has been charged with overseeing the Taxotere® litigation nationwide, this Court should defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner on the issues of joinder, severance, and personal jurisdiction. As is set forth in more detail below, plaintiffs' joinder of their unrelated claims in an attempt to defeat diversity jurisdiction is egregious and does not satisfy the permissive joinder rules under the Federal Rules of Civil Procedure. Accordingly, plaintiffs' claims should be severed, and this Court should exercise subject-matter jurisdiction over the claims of the resident plaintiffs.

6. Plaintiffs have filed suit in a forum in which the defendants (excluding fraudulently joined McKesson) do not reside. The policies that underlie 28 U.S.C. §§ 1332 and 1446 recognize the right of a defendant to remove an action to federal court when the action is not filed in a defendant's home state. Although a plaintiff is generally entitled to choose a forum, adding non-diverse plaintiffs and filing suit in a foreign forum—as plaintiffs have done here—is an egregious misjoinder of parties that warrants severance of these claims. *See* 28 U.S.C. §§ 1332, 1446; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

7. Importantly, the non-resident plaintiffs have not established that sanofi, Hospira, Inc., Hospira Worldwide, LLC, Sandoz, Inc., and Accord Healthcare, Inc. are subject to personal jurisdiction in California for the claims which they assert. This Court does not have personal jurisdiction over the claims of any of the non-resident plaintiffs and has discretion to dispose of each of these plaintiffs' claims on personal-jurisdiction grounds. *See BMS*, 137 S. Ct. at 1776 ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, <u>principally, [an] activity or an occurrence that takes place</u>

DEFENDANTS' NOTICE OF REMOVAL

in the forum State.'") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 131 S. Ct. 2846, 2851 (2011)) (emphasis added) (alteration in original); *J. McIntyre Machinery, Ltd.*, 131 S. Ct. at 2797-98 (holding that corporations are subject to specific jurisdiction only when the claims asserted are related to a defendant's contacts with the forum state).

8.      In sum, this Court has subject-matter jurisdiction based on complete diversity over the claims of the resident plaintiffs as to all properly joined and served defendants – that is, all defendants other than McKesson, which is fraudulently joined.

## II.      SANOFI HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9.      This removal is timely.  Sanofi files this Notice of Removal within 30 days of January 8, 2018, the date of service of the initial pleading upon sanofi.

10.      Pursuant to 28 U.S.C. § 1446(a), attached is a copy of all process, pleadings, and orders served upon sanofi.  *See* **Exhibit C**.

11.      The United States District Court for the Central District of California is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, Los Angeles County, California.

12.      Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Los Angeles County Superior Court.

13.      As discussed below, McKesson was fraudulently joined in this case. Therefore, McKesson's consent is not required for removal.    28 U.S.C. § 1446(b)(2)(A) (requiring the consent for removal only of those defendants "who have been properly joined"); *United Computer Sys.*, *Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to 'nominal,

8574682 v7

1  unknown or fraudulently joined parties.'" (*quoting Emrich v. Touche Ross & Co.*, 84

2  F.2d 1190, 1193 fn. 1 (9th Cir. 1988)).

3      14.   Likewise, pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants that

4  have been properly joined and served must join in or consent to the removal of the

5  action.  The properly joined and served defendants have, through counsel, consented

6  to removal.

7  **III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

8  **MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

9      15.   This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332

10  and 1441 because this is a civil action in which there is complete diversity of

11  citizenship between all properly joined parties and the amount in controversy exceeds

12  $75,000, exclusive of interest and costs.

13      **A.   <u>There is Complete Diversity of Citizenship between All Properly</u>**

14  **<u>Joined Parties.</u>**

15      16.   Sanofi-aventis U.S. LLC is now and was at the time plaintiffs

16  commenced this action, a Delaware limited liability company with its principal place

17  of business in New Jersey.  (Compl. ¶ 66).  Sanofi U.S. Services Inc. is the sole

18  member of sanofi-aventis U.S. LLC.  Sanofi U.S. Services Inc. is now and was at the

19  time plaintiffs commenced this action, a Delaware corporation with its principal place

20  of business in New Jersey (*Id.* ¶ 56).  Thus, for jurisdictional purposes, sanofi-aventis

21  U.S. LLC is a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

22      17.   Hospira Worldwide, LLC is a Delaware limited liability company whose

23  sole member is Hospira Inc., a Delaware corporation with its principal place of

24  business in Illinois.  (Compl. ¶ 87).

25      18.    Sandoz, Inc. is a Colorado corporation with is principal place of business

26  in New Jersey.  (*Id.* ¶ 88).

27

28

DEFENDANTS' NOTICE OF REMOVAL

19. Accord Healthcare, Inc. is a North Carolina corporation with its principle place of business in North Carolina. (*Id.* ¶ 89).

20. Removal is proper based on diversity of citizenship except "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, the rule that all defendants join in a notice of removal does not apply to nominal, unknown, or fraudulently-joined parties. *United Computer Sys., Inc. v. AT&T*, 298 F.3d 756, 762 (9th Cir. 2002).

21. State citizenship for diversity purposes requires that the individual be domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's place of residence is "prima facie" evidence of domicile. *Gonzalez v. First NLC Fin. Servs.*, No. CV 09-4147 AHM, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

22. The citizenship of each plaintiff is alleged as follows:

- Plaintiff Renisha Brown is a citizen and resident of California. (Compl. ¶ 6).
- Plaintiff Linda D. Abrams is a citizen and resident of Ohio. (*Id.* ¶ 7).
- Plaintiff Ferial Alawar is a citizen and resident of North Carolina. (*Id.* ¶ 8).
- Plaintiff Cathy Anderson is a citizen and resident of Maryland. (*Id.* ¶ 9).
- Plaintiff Jerry Anderson is a citizen and resident of South Carolina. (*Id.* ¶ 10).
- Plaintiff Loretta Anderson is a citizen and resident of Missouri. (*Id.* ¶ 11).

7

- Plaintiff Rose Anderson is a citizen and resident of Maryland. (*Id.* ¶ 12).

- Plaintiff Virgie Anderson is a citizen and resident of Illinois. (*Id.* ¶ 13).

- Plaintiff Gloria Argel is a citizen and resident of California. (*Id.* ¶ 14).

- Plaintiff Carolyn Belin is a citizen and resident of South Carolina. (*Id.* ¶ 15).

- Plaintiff Harriet Benjamin is a citizen and resident of North Carolina. (*Id.* ¶ 16).

- Plaintiff Sally M. Bernett is a citizen and resident of Mississippi. (*Id.* ¶ 17).

- Plaintiff Janet Anne Bloom is a citizen and resident of Illinois. (*Id.* ¶ 18).

- Plaintiff Judy Bonb is a citizen and resident of Minnesota. (*Id.* ¶ 19).

- Plaintiff Geneva Bounds is a citizen and resident of Texas. (*Id.* ¶ 20).

- Plaintiff Beverly Breaux is a citizen and resident of Texas. (*Id.* ¶ 21).

- Plaintiff Linda Broadie is a citizen and resident of North Carolina. (*Id.* ¶ 22).

- Plaintiff Vanettta Brown is a citizen and resident of Illinois. (*Id.* ¶ 23).

- Plaintiff Phyllis E. Bruner is a citizen and resident of California. (*Id.* ¶ 24).

- Plaintiff Della Buckley is a citizen and resident of Mississippi. (*Id.* ¶ 25).

- Plaintiff Helen Bunche is a citizen and resident of South Carolina. (*Id.* ¶ 26).

- Plaintiff Francis Carroll is a citizen and resident of Pennsylvania. (*Id.* ¶ 27).

- Plaintiff Linda Carroll is a citizen and resident of Connecticut. (*Id.* ¶ 28).

- Plaintiff Clara Carson is a citizen and resident of Florida. (*Id.* ¶ 29).

- Plaintiff Brenda K. Carter is a citizen and resident of the District of Columbia.  (*Id.* ¶ 30).

- Plaintiff Mary K. Carter is a citizen and resident of Indiana.  (*Id.* ¶ 31).

- Plaintiff Paulette Carter is a citizen and resident of Pennsylvania.  (*Id.* ¶ 32).

- Plaintiff Juanita Chambers is a citizen and resident of Missouri.  (*Id.* ¶ 33).

- Plaintiff Cynthia Chapman is a citizen and resident of Wisconsin.  (*Id.* ¶ 34).

- Plaintiff Gloria J. Charette is a citizen and resident of North Carolina.  (*Id.* ¶ 35).

- Plaintiff Mary V. Charleston is a citizen and resident of Florida.  (*Id.* ¶ 36).

- Plaintiff Melody Clark is a citizen and resident of Indiana.  (*Id.* ¶ 37).

- Plaintiff Mary Collins is a citizen and resident of Texas.  (*Id.* ¶ 38).

- Plaintiff Ashley Conway is a citizen and resident of Maryland.  (*Id.* ¶ 39).

- Plaintiff Maxine Crafton is a citizen and resident of Maryland.  (*Id.* ¶ 40).

- Plaintiff Dawn Creech is a citizen and resident of Nevada.  (*Id.* ¶ 41).

- Plaintiff Christianna Crockett is a citizen and resident of Oklahoma.  (*Id.* ¶ 42).

- Plaintiff Vivian L. Crosby is a citizen and resident of Missouri.  (*Id.* ¶ 43).

- Plaintiff Carol A. Crumblin is a citizen and resident of Illinois.  (*Id.* ¶ 44).

- Plaintiff Yolanda Dankins is a citizen and resident of Texas.  (*Id.* ¶ 45).

- Plaintiff Sandra Dantzler is a citizen and resident of Arizona.  (*Id.* ¶ 46).

9

- Plaintiff Mary B. Davenport is a citizen and resident of Texas. (*Id.* ¶ 47).

- Plaintiff Dorothy L. Davis is a citizen and resident of the District of Columbia. (*Id.* ¶ 48).

- Plaintiff Jennifer Davis is a citizen and resident of Georgia. (*Id.* ¶ 49).

- Plaintiff Luwanda Davis is a citizen and resident of California. (*Id.* ¶ 50).

- Plaintiff Regina Davis is a citizen and resident of Maryland. (*Id.* ¶ 51).

- Plaintiff Ruby L. Davis is a citizen and resident of Georgia. (*Id.* ¶ 52).

- Plaintiff Charmaine Dixon is a citizen and resident of South Carolina. (*Id.* ¶ 53).

- Plaintiff Dorothy Dixon is a citizen and resident of Texas. (*Id.* ¶ 54).

- Plaintiff Selina M. Dixon is a citizen and resident of Ohio. (*Id.* ¶ 55).

23. Although there is not complete diversity between the parties that plaintiffs attempt to join in the Complaint, this Court has subject-matter jurisdiction because: (1) McKesson is fraudulently joined and therefore its citizenship should be disregarded and does not destroy diversity as to the four California plaintiffs; (2) the claims by the non-resident plaintiffs against the remaining defendants (all non-residents) are fraudulently joined with the claims by the resident plaintiffs because this Court does not have personal jurisdiction over the non-resident defendants; and (3) plaintiffs' claims are procedurally misjoined and, at a minimum, this Court has jurisdiction over the plaintiffs who are completely diverse from all defendants.

**1.    The citizenship of McKesson does not defeat diversity jurisdiction because McKesson is fraudulently joined.**

24. McKesson is alleged to be a citizen of California. (Compl. ¶ 80). "Although an action may be removed to federal court only where there is complete diversity of citizenship one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v Philip Morris*

10

8574682 v7

*USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "When determining whether a defendant is fraudulently joined, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006). Under the fraudulent joinder doctrine, the citizenship of resident defendant McKesson should be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(b)(2). *See, e.g.*, *Vu*, 602 F. Supp. 2d at 1154-55 (disregarding a resident defendant's citizenship under the fraudulent joinder doctrine reasoning defendant was fraudulently joined because she did not market or distribute the product in question).

25.     Fraudulent joinder exists here since there is no showing that McKesson has a connection to these specific plaintiffs. *See id.*; *Johnson v. Parke Davis*, 114 F. Supp. 2d 522, 524 (S.D. Miss. 2000) (denying remand where plaintiffs "failed to establish any connection between themselves and the named [in-forum defendants]").

26.     The fraudulent joinder of McKesson is obvious based on the insufficient factual allegations of plaintiffs' pleadings—namely the lack of allegations related to McKesson's connection to these plaintiffs. *See*, *e.g.*, *Brown v. Allstate Ins.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (upholding fraudulent joinder determination reasoning "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against [the defendants]"). In order to state a proper claim for

DEFENDANTS' NOTICE OF REMOVAL

relief, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face" and allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and threadbare recitals of elements, supported by mere conclusion, simply do not suffice. *Ashcroft v. Iqbal*, 536 U.S. 662, 678 (2009). The Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citation omitted). Rather, Rule 8 "'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented.'" *Id.* at 556 (citation omitted). Thus, pleadings—such as plaintiffs' Complaint here—which fail to set forth factual allegations to support asserted legal conclusions should be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 536 U.S. at 678–79 ("Rule 8 . . . does not unlock doors of discovery for a plaintiff armed with nothing more than conclusions.").

27.     In particular, a non-manufacturer defendant is fraudulently joined where the complaint does not allege that that defendant supplied the actual products used by the plaintiff. *See*, *e.g.*, *Jankins v. Bayer Corp.*, No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 2402926, *3 (S.D. Ill. June 15, 2010) (denying reconsideration of order denying remand, explaining that the complaint's allegation "that McKesson was *a* distributor of the subject matter drugs is not the equivalent of alleging that McKesson was *the* distributor that supplied the drugs that allegedly caused plaintiff's injuries," and that "[a]bsent such an allegation, there can be no causal connection between McKesson and plaintiff's alleged injuries," which meant that the complaint did "not sufficiently [plead] a claim against McKesson") (emphasis in original); *Jankins v. Bayer Corp.*, No. 3:10-cv-20095-DRH-PMF, MDL No. 2100, 2010 WL 1963202, *4 (S.D. Ill. May 15, 2010) (because plaintiff did "not allege that McKesson distributed the pills that were allegedly the cause of her injury" and that the "failure to plead a causal connection between McKesson and [the

8574682 v7

plaintiff's] alleged injuries [was] fatal to her claims against McKesson"); *In re Yasmin & YAZ (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, 2010 WL 3937414, \*18 (S.D. Ill. Oct. 4, 2010) ("Absent an allegation that McKesson supplied the subject drugs, the Court has no choice but to find that McKesson has been fraudulently joined."); *Aronis v. Merck & Co., Inc.*, No. S-05-0486, 2005 WL 5518485, \*1–\*2 (E.D. Cal. May 3, 2005) (denying remand and holding that McKesson was fraudulently joined because plaintiff made "no allegation that McKesson ever handled the specific pills that were allegedly the cause of her injuries"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) ("[T]he complaint must allege that the defendant pharmacies sold or supplied Rezulin *to plaintiffs*.  Without drawing that connection, plaintiffs have no way of showing that the pharmacy defendants' acts proximately caused the alleged injuries." (emphasis in original)); *Salisbury v. Purdue Pharm. L.P.*, 166 F. Supp. 2d 546, 549 (E.D. Ky. 2001) ("plaintiff does not allege that any of the proposed representative plaintiffs themselves (or, for that matter, any members of the proposed Rule 23 classes) purchased or were otherwise supplied [the medication] by the defendant pharmacies"); *see also Johnson*, 114 F. Supp. 2d at 524.

28.    A plaintiff cannot evade these precedents by referring to "Defendants" generally and lumping the allegations against the defendants together, while making no specific factual allegations about the in-state defendant's activities.  *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 291 ("holding "plaintiffs improperly joined the pharmacies as defendants" and therefore affirming diversity jurisdiction when "[p]laintiffs there make no allegations specifically against the defendant pharmacies, but instead lump them together with the manufacturers and attribute the acts alleged-failure to warn, breach of warranty, and fraud-to the 'defendants' generally"); *see also Fisher v. Paul Revere Ins. Group*, 55 Fed. Appx. 412, 414 (9th

13

Cir. 2002) (affirming fraudulent joinder ruling reasoning plaintiff "asserted only 'general and conclusory' claims against [defendant]").[1]

29. Here, plaintiffs allege "[u]pon investigation and belief, McKesson manufactured[,] marketed, sold and distributed TAXOTERE® administered to Plaintiffs" (Compl. ¶ 84). Yet, there are 50 plaintiffs from 20 different states. McKesson has not been the exclusive distributor of Taxotere® in California, let alone the entire United States. Plaintiffs make no specific allegations regarding McKesson. They do not allege *where* they received Taxotere®, *when* they received Taxotere®, *from whom* they received Taxotere®, or any other case-specific facts that allow defendants to determine whether or not they actually received Taxotere® that was distributed by McKesson. A proposed Pretrial Order is before the MDL Judge that

---

[1] *See also Maiden v. N. Am. Stainless*, 19 Fed. Appx. 485, 2005 WL 3557175 (6th Cir. Dec. 29, 2005) (finding fraudulent joinder where complaint did not seek relief directly from the fraudulently joined defendant); *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 391–93 (5th Cir. 2000) (affirming finding of fraudulent joinder where plaintiffs' claims simply referred to "defendants" collectively, and where plaintiffs failed to allege any "particular or specific activity" on the part of each of the in-state defendants); *Oshima v. Kia Motors Corp.*, No. 11-CV-03349-REB-MEH, 2012 WL 1578397 (D. Colo. May 4, 2012) (finding fraudulent joinder where there were global references to defendants collectively in the complaint); *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 WL 949675, *4–*5 (S.D. Tex. Mar. 19, 2012) (finding fraudulent joinder where identical wrongful acts were collectively alleged against individual and corporate defendants); *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 844 (N.D. Tex. 2003) (allegation that "Defendants committed actual fraud" insufficient to warrant remand); *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) ("conclusory and generic allegations of wrongdoing on the part of all Defendants … are not sufficient to show that [defendant] was not fraudulently joined"); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 136, 140 & n.10 (S.D.N.Y. 2001) (remand should be denied where "plaintiffs make no specific allegations against [the defendant] at all, instead [they] attribut[e] wrongdoing to the collective 'defendants'"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 291 (finding fraudulent joinder where plaintiffs "lump" defendants together "and attribute the acts alleged … to the 'defendants' generally").

14

would require plaintiffs to provide this information.  Without it, McKesson is not a proper party to this action.

30.     In the Fluoroquinolone MDL proceeding in the District of Minnesota, four plaintiffs whose cases were removed to the Northern District of California and then transferred to the MDL sought remand back to California state court, arguing removal was improper because the court lacked diversity jurisdiction.  *In re Fluoroquinolone Prod. Liab. Litig.*, No. MDL 15-2642 (JRT), 2016 WL 4154338, at *1 (D. Minn. Aug. 5, 2016).   "[I]n the interests of judicial economy and for efficient handling of the MDL," the MDL court deferred ruling on the motion to remand until it was determined whether McKesson actually distributed the particular drugs taken by the plaintiffs.  *Id.* at *2.  There, plaintiffs' allegations that McKesson distributed their drugs were entirely on "information and belief."  *Id.*  The MDL court also noted that "the information necessary to determine if McKesson is a proper party to this action should have been provided to Defendants."  *Id.*

31.     Plaintiffs' remaining conclusory allegations, which are directed at "Defendants" collectively, are not supported by any specific factual allegations. Plaintiffs have therefore failed to allege facts giving rise to a plausible claim of causation with respect to McKesson.  *Camara v. Bayer Corp.*, No. C 09-06084 WHA, 2010 WL 902780, *3 (N.D. Cal. Mar. 9, 2010) (staying case pending transfer to MDL and declining to decide motion to remand because plaintiffs' complaint failed "to clearly explain the role of McKesson in the injury of these specific plaintiffs").

32.     On August 30, 2017, Judge Kurt D. Engelhardt overseeing the Taxotere MDL, denied remand in several removed California state court cases stating "[c]ounsel failed to provide any individualized information as to how McKesson is connected to each of these . . . plaintiffs.  Rather, counsel provided the Court with generalized statements regarding the dates in which McKesson has distributed

Taxotere or generic Docetaxel throughout the United States. These types of nonspecific statements are insufficient to satisfy even the liberal 'upon information and belief' pleading standard that is utilized in the state of California." (8/30/17 MDL Hearing Transcript at 28:2-15 [attached as **Exhibit D**].)

> **2.** **The Court should ignore the non-resident plaintiffs' citizenship because their claims have been fraudulently and procedurally misjoined.**

33. Congress first implemented the federal constitutional grant of diversity jurisdiction by its passage of the Judiciary Act of 1789, 1 Stat. 78, 11, and the federal courts have had jurisdiction over suits between citizens of different states ever since. The Act of March 3, 1875, § 1, 18 Stat. 470, first established the language found today in 28 U.S.C § 1332(a). Plaintiffs have been attempting to deprive defendants of their federal right of removal of actions filed in state court ever since then, but the United States Supreme Court has adopted judicial tools such as the prohibition against jurisdictional manipulation and the doctrine of fraudulent joinder to prevent those efforts.

34. "While the plaintiff, in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the *Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right*, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907) (emphasis added); *see also Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 & n.2 (1981) (recognizing "'defendant's right to a federal forum'") (quoting 14 C. WRIGHT, A. MILLER, & E. COOPER, *Federal Practice and Procedure* § 3722, at pp. 564-66 (1976)); *Carpenter v. Wichita Falls I.S.D.*, 44 F.3d 362, 366 (5th Cir. 1995) (recognizing "defendant's right to remove" a federal question case); *Baldwin v.*

DEFENDANTS' NOTICE OF REMOVAL

*Sears, Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir. 1982) ("28 U.S.C. § 1441 creates a broad right of removal.").

35.    As the Supreme Court of the United States has explained, the inclusion or designation of a party to a suit "although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). To this end, sanofi's "right of removal" cannot be defeated by fraudulent joinder of a party "having no real connection with the controversy." *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

36.    The United States Supreme Court does not permit plaintiffs or defendants to engage in manipulative attempts to create or to defeat the diversity jurisdiction of the federal district courts. The Supreme Court has consistently held that evasive attempts at jurisdictional manipulation of the requirements of 28 U.S.C. § 1332 through artifices such as the filing of non-binding stipulations, *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013), sham practices, *see Hertz Corp. v. Friend,* 559 U.S. 77, 97 (2010), or the naming of nominal parties, *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460, 461 (1980), will not be permitted.

37.    The principle that the plaintiff is the master of her complaint is not a talisman that deprives sanofi of its constitutionally-backed right of removal and to be permitted to defend themselves against the claims of the plaintiffs whose citizenship is totally diverse. The inclusion of the non-resident plaintiffs, and specifically those that are not diverse, in this proceeding is the precise type of jurisdictional manipulation that the precedents of the United States Supreme Court prohibit. The Complaint alleges no facts that show the claims of the non-resident plaintiffs have a nexus with the state courts of California. Thus, the citizenship of the non-resident plaintiffs may therefore be disregarded.

17

38.     Federal courts agree that removal jurisdiction will not be defeated by improper joinder of parties.  *See, e.g.*, *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("[I]f it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent."); *see also, e.g.*, *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity.").  There is no question that the non-resident, and specifically the non-diverse plaintiffs are joined in an action with plaintiffs from California, each asserting claims arising out of separate and discrete injuries, solely in an attempt to prevent removal.  A federal court may exercise jurisdiction over this case, dismiss the non-diverse parties, and thereby retain subject-matter jurisdiction over the remaining claims because the joinder of the non-diverse parties is a procedurally improper sham.

39.     The fraudulent misjoinder doctrine is intended to ensure that a defendant's statutory removal rights cannot be subverted by the improper joinder of parties.  *See Tapscott*, 77 F.3d at 1360 (holding that diversity of citizenship is satisfied when a non-diverse defendant is fraudulently misjoined), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000); *Sutton v. Davol, Inc.,* 251 F.R.D. 500 (E.D. Cal. 2008) (holding that strict product liability claims against diverse defendants were fraudulently misjoined with medical malpractice claims against California residents); *Green v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("Although the Ninth Circuit has not yet published an opinion addressing the fraudulent misjoinder rule, this Court agrees with the Fifth and Eleventh Circuits that the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.") (footnotes omitted).[2]

---

[2]  *But see Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123 (E.D. Cal. 2008) (declining to apply the fraudulent misjoinder theory to two insurance defendants); *see also Goodwin v. Kojia*, SACV 13-325-JST (JPRx), 2013 U.S. Dist. LEXIS 53403, *11

18

40.     "Misjoinder of parties occurs when a party fails to satisfy the conditions for permissive joinder under Rule 20(a)."  *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001).  Accordingly, fraudulent misjoinder applies where, as here, the plaintiffs improperly join different claims that do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and give rise to common questions of law or fact.  Fed. R. Civ. P. 20(a); Cal. Code Civ. Proc. § 378; *see also Adams v. I-Flow Corp.*, CV09-09550 R SSX, 2010 WL 1339948, at *8 (C.D. Cal. Mar. 30, 2010) ("The California rule on joinder of parties plaintiff is practically identical to [the federal rule].")'; *David v. Medtronic, Inc.* 237 Cal. App. 4th 734 (2015).

41.     Here, the claims of these 50 different plaintiffs have been fraudulently misjoined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences as required by federal and California joinder rules.  *See* Fed. R. Civ. Proc. 20; *see also* Cal. Code Civ. Proc. § 378(a).

42.     It is improper for plaintiffs to join 50 plaintiffs from 20 different states into one action, and it is clearly a misjoinder effectuated solely for the purpose of jurisdictional manipulation.  Courts have found fraudulent misjoinder of plaintiffs in similar cases and held that claims by pharmaceutical and medical device product-liability plaintiffs from multiple states—like those in this case—are highly individualized and cannot be properly joined, even where the plaintiffs allegedly used the same product.  *See, e.g., Hyatt v. Organon, U.S.A., Inc.*, No. 4:12CV1248, 2012 U.S. Dist. LEXIS 146905, 53 (E.D. Mo. Oct. 10, 2012) (plaintiffs misjoined where "[e]ach plaintiff was injured at different times in different states allegedly from their

---

(C.D. Cal. April 12, 2013) (acknowledging that "[t]he Ninth Circuit has not adopted the fraudulent misjoinder doctrine, and district courts in the Ninth Circuit are split on whether the doctrine applies," but applying the doctrine and finding two defendants were not fraudulently misjoined because, among other reasons, there was "only one plaintiff instead of multiple sets of plaintiffs").

8574682 v7

1   use of NuvaRing that was presumably prescribed by different healthcare providers");
2   *Chaney v. Gate Pharms. (In re Diet Drugs (Phentermine, Fenfluramine,*
3   *Dexfenfluramine) Prods. Liab. Litig.)*, No. Civ.A. 98-20478, 1999 WL 554584, at *3
4   (E.D. Pa. July 16, 1999) (pleading went "well beyond mere misjoinder" where
5   plaintiffs "attempt[ed] to join persons from seven different states into one civil action
6   who have absolutely no connection to each other except that they each ingested
7   fenfluramine, Redux (dexfenfluramine), phentermine or some combination of those
8   drugs.").

9       43.   Courts have also found fraudulent misjoinder under the precise
10   circumstances presented here, where plaintiffs "allege such unspecific injuries as to
11   make it impossible to determine how the plaintiffs share any connection," and "given
12   the complicated causation questions that pervade drug product liability claims,
13   plaintiffs' claims will require divergent questions of law and fact." *Welch v. Merck*
14   *Sharpe & Dohme Corp.*, MDL NO. 2243, No. 11-3045, 2012 U.S. Dist. LEXIS
15   48114, at *15–16 (D.N.J. Apr. 3, 2012). Here, plaintiffs allege absolutely no factual
16   connection among their claims, aside from the basic fact they each received docetaxel
17   allegedly manufactured by defendants.

18       44.   Among the differences of these plaintiffs' claims are their unique medical
19   histories, including use of the product and risk profile, the labeling as read by their
20   treating physicians, the duration of use of the product, their particular injuries alleged,
21   the cause of their alleged injuries, and other individual issues. Each plaintiff received
22   individualized medical care, provided by different medical providers in different
23   states, before and after the alleged injuries. The laws of different states apply to each
24   of their underlying tort claims.

25       45.   Where fraudulent misjoinder applies, the court should sever the
26   improperly joined claims into separate and distinct cases and remand only those cases
27   in which the remaining parties are not diverse. *See In re Baycol Prods. Litig.*, No. 03-

28

DEFENDANTS' NOTICE OF REMOVAL

2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (holding that a plaintiff had "been fraudulently [mis]joined with the other plaintiffs, warranting severance and remand" of that plaintiff's claims and denying plaintiffs' motion to remand); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2007 U.S. Dist. LEXIS 17603, at *115-22 (M.D. Fla. Mar. 7, 2007) (severing claims of multiple plaintiffs alleging injury from use of Seroquel and ordering each to file an individual complaint and pay the court's full filing fee).

46.    The issue of misjoinder of personal injury product liability claims asserted by multiple plaintiffs in one lawsuit was recently analyzed in California state court in *David v. Medtronic, Inc.*, 237 Cal. App. 4th 734 (2015).  In *David*, 37 plaintiffs alleged in one lawsuit various personal injuries after implantation of Infuse, a medical device consisting of a genetically engineered protein that stimulates bone growth and a metal cage used to house the protein and provide a framework for the bone growth. *Id.* at 737.  *David* affirmed the trial court's order granting severance on the same independent bases at issue here—plaintiffs were improperly joined under Code of Civil Procedure section 378 and severance was justified in the interests of justice under Code of Civil Procedure section 379.5. *Id.* at 740-741.  The court found that, although there was a "common factor" that plaintiffs had been implanted with the Infuse or the Infuse protein, joinder was improper because plaintiffs "had different surgeries, performed by different surgeons, with different knowledge and exposure to different representations by [defendant]." *Id.* at 741.

47.    In finding misjoinder of numerous plaintiffs implanted with the same medical device, *David* analyzed prior California state court cases as well as federal misjoinder cases.  *David* distinguished cases in which joined plaintiffs alleged a single scheme that depended on the same basic misrepresentations and led to a series of transactions exactly similar in kind and manner of operation, such as when all plaintiffs were led to purchase property in the same subdivision based on identical

DEFENDANTS' NOTICE OF REMOVAL

misrepresentations about the property. *David*, 237 Cal. App. 4th at 741 (citing *Anaya v. Superior Court* 160 Cal. App. 3d 228, 232 (1984); *Aldrich v. Transcontinental Land etc. Co.* 131 Cal. App. 2d 788, 791-792 (1955)). The court instead approvingly cited federal court cases that had found misjoinder of claims brought by multiple plaintiffs alleging injuries from the same pharmaceutical or medical device. *Id.* (citing *In re Prempro Products Liability Litigation* 417 F.Supp.2d 1058, 1060 (E.D. Ark. 2006); *In re Rezulin Products Liability Litigation* 168 F.Supp.2d 136, 145-146 (S.D.N.Y. 2001)).

48.     Numerous federal courts have granted motions to sever in similar cases as well. *See, e.g., Boschert v. Pfizer, Inc.*, No. 4:08-CV-1714, 2009 U.S. Dist. LEXIS 41261, at *7-8 (E.D. Mo. May 14, 2009) (granting motion to sever claims of four plaintiffs allegedly injured as a result of using smoking-cessation medication Chantix, holding that, "the mere fact [that] four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement."); *Cumba v. Merck & Co.*, No. 08-CV-2328, 2009 U.S. Dist. LEXIS 41132, at *4-5 (D.N.J. May 12, 2009) (granting motion to sever claims of 49 plaintiffs who allegedly "took the drug Vytorin and . . . [allegedly] sustained broadly similar injuries as a result thereof" because their claims were based on disparate facts).

49.     As in the above-cited cases, plaintiffs' claims here do not arise out of the same transaction, occurrence, or series of transactions; nor do they give rise to common questions of law or fact. Because McKesson is fraudulently joined and the non-resident plaintiffs are fraudulently joined, only California plaintiffs against non-California defendants remain. But, at a minimum, based on procedural misjoinder alone, pursuant to Federal Rules of Civil Procedure, Rules 20 and 21, the claims of the non-diverse plaintiffs could be severed and remanded to state court, while the remaining plaintiffs' claims remain in federal court, "so as to preserve the removing

DEFENDANTS' NOTICE OF REMOVAL

defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum." *Sutton*, 251 F.R.D. at 505.

50.   The erroneous joinder of these various claims will not serve to promote the efficient resolution of these claims.  Rather, the result will be quite the opposite. For each case, the court will need to apply the "governmental interest" approach to determine which state's law will apply.  *McCann v. Foster Wheeler LLC*, 225 P.3d 516 (Cal. 2010).  Accordingly, the product liability laws of potentially 20 or more different states will apply to this case, and 20 sets of jury instructions will be required. *See Boschert v. Pfizer, Inc.*, Civ. No. 08-1714, 2009 U.S. Dist. LEXIS 41261, 2009 WL 1383183 (E.D. Mo. May 14, 2009) (granting severance in part because "four sets of jury instructions would be required to encompass the laws from four different states").  As the court observed in *Chaney*, "[t]he joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims.  Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process."  *Chaney v. Gate Pharm.* (*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*), No. Civ. A. 98-20478, 1999 WL 554584, at *3-4 (E.D. Pa. July 16, 1999).

**3.   That numerous plaintiffs in this action have filed duplicate or triplicate suits in various jurisdictions is further evidence of fraudulent joinder.**

51.   As evidenced by **Exhibit A**, many of the plaintiffs in this case have filed duplicate and in some cases triplicate Complaints in various state courts including

1  California, New Jersey, and Illinois.  In fact, plaintiff Gloria Argel already has a case
2  in MDL 2740 (2:17-cv-16601).

3      52.    "Plaintiffs generally have 'no right to maintain two separate actions
4  involving the same subject matter at the same time in the same court and against the
5  same defendant.'"  *Adams v. California Dep't of Health Services*, 487 F.3d 684, 688
6  (9th Cir. 2007) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977) (en
7  banc)).    A district court acts properly when it dismisses a duplicative suit with
8  prejudice.  *Id.* at 694.    Dismissing such duplicative suits with prejudice promotes
9  judicial economy and acts to "protect the parties from vexatious and expensive
10  litigation and to serve the societal interest in bringing an end to disputes."  *Id.* at 692–
11  93.

12     53.    To determine whether a suit is duplicative, the Ninth Circuit borrows
13  from the test for claim preclusion, and thus "the true test of the sufficiency of a plea of
14  'other suit pending' in another forum [i]s the legal efficacy of the first suit, when
15  finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the
16  second suit."  *Adams*, 487 F.3d at 688–89 (quoting *U.S. v. The Haytian Republic*, 154
17  U.S. 118, 124, 14 S. Ct. 992, 38 L. Ed. 930 (1894)).    In particular, courts "examine
18  whether the causes of action and relief sought, as well as the parties or privies to the
19  action, are the same."  *Adams*, 487 F.3d at 689.

20     54.    In deciding whether there is an identity of claims, courts examine four
21  criteria:  "(1) whether rights or interests established in the prior judgment would be
22  destroyed or impaired by prosecution of the second action; (2) whether substantially
23  the same evidence is presented in the two actions; (3) whether the two suits involve
24  infringement of the same right; and (4) whether the two suits arise out of the same
25  transactional nucleus of facts."  *Adams,* 437 F.3d at 689 (quoting *Constantini v. Trans
26  World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).    The fourth criterion is the
27  most important.  *Id*.

28

DEFENDANTS' NOTICE OF REMOVAL

55.    A judgment in any of the other matters would destroy the prosecution of the present case, the same evidence would be presented in the actions, the suits involve alleged infringement of the same primary rights, and, most importantly, the actions share a common transactional nucleus of facts.  The crux of the cases is claims of personal injuries allegedly related to use of docetaxel.

56.    Plaintiffs are required to bring at one time all the claims against a defendant relating to the personal injuries claimed due to the use of docetaxel.  The Court should disregard plaintiffs' blatant jurisdictional manipulation to defeat diversity, when sanofi has a clear defense because these plaintiffs are already included in other actions.   Accordingly, these plaintiffs are fraudulently joined, and their citizenship should not be considered for purposes of determining whether diversity jurisdiction exists, and they should be dropped from this action with prejudice.

**4.    This Court does not have personal jurisdiction over the non-California defendants for the non-resident plaintiffs' claims.**

57.    Each plaintiff in a multi-plaintiff action must establish personal jurisdiction over each defendant.  *See In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 928 (E.D. Cal. 2017) ("A federal court must independently ensure it has subject matter jurisdiction over every claim and personal jurisdiction over every party.").  The non-resident plaintiffs bear the burden to allege facts that demonstrate this Court's jurisdiction.  *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

58.    Plaintiffs' Complaint contains no specific facts underlying the non-resident plaintiffs' alleged injuries that would support jurisdiction over their unrelated claims in California courts.  None of these unrelated plaintiffs alleges that she suffered her alleged injuries in California, that her docetaxel was prescribed or administered in California, or that any has ever stepped foot within the borders of the state.  Therefore, none can establish personal jurisdiction over sanofi in this, or any, California court. *See J. McIntyre Machinery, Ltd.*, 131 S. Ct. at 2797-98.

25

59. There are two ways to establish personal jurisdiction—"specific jurisdiction" and "general jurisdiction." None of the non-resident plaintiffs can establish specific jurisdiction because not one alleges that her injuries occurred in California, nor does any allege that any other event giving rise to her claims occurred in the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant."). The proper inquiry is whether the non-resident plaintiffs' claims arise out of any systemic and continuous contacts with California. *See id.*; *see also Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) ("Specific jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy." (second alteration in original) (internal quotation omitted)). The claims of the non-resident plaintiffs do not allege that they involve any contact with California and, as such, do not establish specific jurisdiction over sanofi.

60. The Supreme Court's holding in *BMS* confirms that the constitutional limitations on the exercise of specific jurisdiction apply in this case, and that this Court does not have specific jurisdiction over sanofi for the claims of the non-resident plaintiffs. "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *BMS*, 137 S. Ct. at 1781 (quoting *Goodyear*, 131 S. Ct. at 2851) (alternation in original); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (holding that specific jurisdiction exists only when "the defendant's *suit-related conduct* . . . create[s] a substantial connection with the forum State.") (emphasis added); *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ("Because neither Nelson nor Tyrrell alleges any injury from work in or related to Montana, only the propriety of general jurisdiction is at issue here.");

Goodyear, 131 S. Ct. at 2851 (holding that where a plaintiff's injury occurred abroad, and the product "alleged to have caused the accident was manufactured and sold abroad, North Carolina courts lacked specific jurisdiction to adjudicate the controversy.").

61.    As articulated in *BMS*, the inquiry for "specific jurisdiction" focuses on the facts giving rise to each plaintiff's claims individually, and is not affected by a defendant's contacts with California generally, contacts by California residents, or decisions made by lawyers for litigation purposes. Plaintiffs' Complaint contains no specific facts connecting the non-resident plaintiffs' alleged injuries to sanofi's purported contacts with the State of California. None of the non-resident plaintiffs alleges that her docetaxel was prescribed or administered in California or that she was otherwise injured by docetaxel in California. (*See* Compl. ¶¶ 7-13, 15-23, 25-49, 51-55).    Rather, plaintiffs claim that jurisdiction exists because each defendant "is licensed to conduct or is systematically and continuously conducting business in the state of California, including, but not limited to, the marketing, advertising, selling, and distributing of drugs, including TAXOTERE®, to the residents in this state." (*Id.* ¶ 4).  This argument was recently rejected by the Supreme Court in *BMS*.  137 S. Ct. 1773, at 1781-82.  In *BMS*, more than 600 plaintiffs, most of whom were not California residents, sued a nonresident pharmaceutical manufacturer in California state court.  The defendant manufacturer moved to dismiss the nonresidents' claims on the ground that the court lacked personal jurisdiction.  In holding that the trial court lacked specific jurisdiction over defendants for the nonresident plaintiffs' claims, the Court observed:

> The nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. **The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction**

8574682 v7

1
2
3

> **over the nonresidents' claims.** As we have explained, "a defendant's relationship with a … third party, standing alone, is an insufficient basis for jurisdiction." . . . This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents.

*Id.* at 1781 (citations omitted) (emphasis added). The Court reiterated that "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Id.* (quoting *Goodyear*, 131 S. Ct. at 2856); *see also Goodyear*, 131 S. Ct. at 2857 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). The Supreme Court determined that "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id.* Because "[t]he relevant plaintiffs [were] not California residents and [did] not claim to have suffered harm in that State" and "all the conduct giving rise to the nonresidents' claims occurred elsewhere," the Court concluded that "California courts [could not] claim specific jurisdiction" over the nonresident defendant for the nonresident plaintiffs' claims. *Id.* at 1782.[3]

62. California courts likewise lack general jurisdiction over the claims that non-resident plaintiffs assert against sanofi. Under the Supreme Court's decision in *Daimler AG v. Bauman*, a plaintiff who seeks to establish general jurisdiction must show that a defendant's contacts with the chosen forum are so extensive "as to render them essentially at home in the forum State." 134 S. Ct. 746, 754 (2014) (internal quotations omitted). The defendants (excluding fraudulently joined McKesson whose citizenship must be disregarded) are "at home" in states other than California, and, as

---

[3] The *BMS* Court also rejected the plaintiffs' argument that the defendant corporation's decision to contract with a local pharmaceutical distributor provided a sufficient basis for personal jurisdiction. *Id.* at 1783 ("The bare fact that [Bristol-Myers Squibb] contracted with a California distributor is not enough to establish personal jurisdiction in the State.").

28

8574682 v7

such, plaintiffs must demonstrate that this case constitutes the "exceptional" case in which a defendant's "'affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851).

63. In *Daimler*, the Supreme Court clarified that there are limitations on where defendants, including both persons and multinational corporations, are subject to general personal jurisdiction. 134 S. Ct. at 760. Unlike specific jurisdiction, "[g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. The Supreme Court has made "clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. For a corporation, this "limited set of affiliations" justifying the exercise of general jurisdiction is generally held to be the state of incorporation and the state where the corporation's principal place of business is located. *Id.*

64. The simple fact that a defendant has conducted business in California is not sufficient to render it subject to general jurisdiction in the state. *Daimler*, 134 S. Ct. at 757 ("Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" (quoting *Goodyear*, 131 S. Ct. at 2857) (emphasis in original)).

65. Simply stated, sanofi is not subject to general jurisdiction in the courts of California. Sanofi does not have its principal place of business or headquarters in California, and does not have affiliations with the state that are so extensive as to render it "at home" in this state. *Daimler*, 134 S. Ct. at 754. Moreover, plaintiffs fail to allege any actual facts specific to California regarding sanofi's conduct and operations that would support such a finding. The mere fact that sanofi allegedly sold

29

a product in this state is insufficient to support the exercise of general jurisdiction over it. *See id.* at 757. The same holds true as to the other non-California defendants.

66. The fact that certain California-resident plaintiffs have also been named in the Complaint is not a factor in the jurisdictional analysis, and the exercise of specific jurisdiction based on the improper joinder of parties would violate the Due Process Clause of the United States Constitution. *See id.* at 761-62. Considering the residence of a California plaintiff in the analysis would give plaintiffs' lawyers the power to unilaterally create jurisdiction over a non-resident defendant in any jurisdiction so long as they join a resident plaintiff. Such a result would fly in the face of *Daimler*'s admonition that companies should be permitted to structure their corporate functions to ensure predictability in where they may reasonable be subjected to suit.

67. A separate analysis as to each plaintiff (and claim) is required as a matter of due process. Plaintiffs cannot circumvent it by using permissive joinder rules to extend specific jurisdiction from claims of residents to those of nonresidents. *See, e.g., Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 n.6, 276 (5th Cir. 2006) ("[t]here is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim"; "[p]ermitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendants' forum contacts would violate the Due Process Clause"); *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999) ("questions of specific jurisdiction are always tied to the particular claims asserted"); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) ("determination" of personal jurisdiction "is claim specific").

30

68.     Because this Court lacks personal jurisdiction over the non-resident plaintiffs' claims, it should dismiss their claims and ignore their citizenship for purposes of its subject-matter-jurisdiction inquiry.

### 5.     The claims of the non-resident plaintiffs have been fraudulently joined.

69.     As set forth above, the non-resident plaintiffs cannot recover for their claims in California courts because they cannot establish personal jurisdiction over the remaining defendants – all non-residents – in this State.

70.     The non-resident plaintiffs are fraudulently joined because their claims may not be brought in California courts under the United States Constitution.  As is discussed in detail above, the non-resident defendants' contacts with California do not subject them to general personal jurisdiction in California.  *See Daimler*, 134 S. Ct. at 760.  Further, the non-resident plaintiffs have not alleged any facts justifying the exercise of specific jurisdiction over the non-resident defendants as to their claims, as they are unrelated to any contact with the State of California.   *See J. McIntyre Machinery, Ltd.*, 131 S. Ct. at 2797-98.

### B.     The Amount-in-Controversy Requirement is Satisfied.

71.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

72.     A defendant may utilize the allegations in the complaint to establish the amount in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Alternatively, a defendant may set forth facts in its notice of removal that demonstrate that the amount in controversy exceeds $75,000.  *Singer*, 116 F.3d at 377.

73.     It is facially apparent from the Complaint that the amount in controversy as to each plaintiff exceeds $75,000.   Plaintiffs allege that, as a result of their

DEFENDANTS' NOTICE OF REMOVAL

respective use of docetaxel, they "suffered serious and permanent physical and emotional injuries, including permanent hair loss." (*See* Compl. ¶ 2). Plaintiffs claim that defendants caused them "to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including but not limited to: past and future medical expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life." (*Id.* ¶ 303).

74. Courts across the country have routinely held that cases involving serious physical injuries, such as those alleged here, satisfy the amount in controversy requirement. *See*, *e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2 (E.D. Cal. Mar. 17, 2006) (amount-in-controversy requirement satisfied where plaintiffs sought compensatory damages for wage loss, hospital and medical expenses, general damage, property damage, and loss of earning capacity, and alleged "severe [injuries]," including head trauma, a broken right arm, a broken wrist and a deep laceration to the lower left leg); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, *6 (E.D. Pa. Mar. 8, 2007) (amount-in-controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments," and "the allegedly permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo.

8574682 v7

2002) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought damages for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

75. Sanofi need not confirm through discovery in the state court action that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, *3 (S.D. Ill. June 30, 2006) (quoting *McCoy*, 226 F. Supp. 2d at 941); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate . . . . Otherwise, a defendant could wrongly be denied the removal to which it is entitled."); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all," and that removal was untimely where it was apparent from the complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

DEFENDANTS' NOTICE OF REMOVAL

8574682 v7

IV.    **CONCLUSION**

In this civil action, there is complete diversity of citizenship between the properly joined parties.  The amount in controversy is also satisfied.  Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Sanofi hereby removes the above-captioned action to the United States District Court for the Central District of California.

Dated:  February 7, 2018                        Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:    _/s/    Eva M. Weiler_
                    Eva M. Weiler

Attorneys for Defendants
sanofi-aventis U.S. LLC and
Sanofi U.S. Services Inc.

## DEMAND FOR JURY TRIAL

Sanofi demands a trial by jury on all issues that may be tried by a jury.

Dated:  February 7, 2018                        Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:    _/s/    Eva M. Weiler_
                    Eva M. Weiler

Attorneys for Defendants sanofi-
aventis U.S. LLC and Sanofi U.S.
Services Inc.

34

8574682 v7

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California, 92614.

On February 7, 2018, I served on the interested parties in said action the within:

## NOTICE OF REMOVAL

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the **Central District of California**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the law of the State of California, and the United States, that the foregoing is true and correct.

Executed on February 7, 2018, at Irvine, California.

_____          _____
Janice Liu                                            (Signature)
(Type or print name)

-1-

462823 v1

## SERVICE LIST

Jennifer Liakos, Esq.
NAPOLI SHKOLNIK PLLC
525 South Douglas Street, Suite 260
El Segundo, CA  90245

T:  (310) 331-8224
F:  (310) 736-2877
jliakos@napolilaw.com
**Attorney for Plaintiffs**

-2-