UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039.

## SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

In excluding Dr. Madigan's new meta-analysis as unreliable, this Court relied on Dr. Madigan's previously published statements regarding the limitations of such analyses, as well as the PSC's acknowledgment that the analysis Dr. Madigan conducted resulted in a "relatively high heterogeneity." Based on that, this Court found Dr. Madigan's analysis unreliable, holding that "Plaintiff has not presented the Court with any law to support a different ruling." The PSC's Motion for Reconsideration changes nothing.

Without mentioning the appropriate legal standard—*much less providing any legally sufficient justification*—the PSC now requests the Court reconsider its Order. In so doing, the PSC argues only that Dr. Madigan's analysis was reliable based on arguments and resources the PSC could have presented in their opposition to Sanofi's *Daubert* motion. As this Court is aware, however, simply re-arguing a previously decided decision does not meet the stringent requirements of Rule 59. Because the PSC has not met their heavy burden under this Rule, their Motion for Reconsideration must be denied.

## LEGAL STANDARD

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As this Court has previously articulated, "'[r]elief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice.'"[1] "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation and brackets omitted). The movant has the burden of clearly establishing any manifest error. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citation omitted). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."[2] Notably, Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*.

## ARGUMENT

New to his report for *Kahn*, Dr. Madigan conducted a meta-analysis of four observational studies. In his peer-reviewed, published scientific literature, however, Dr. Madigan stated that combining observational studies into a meta-analysis is unreliable when the studies are too heterogeneous. As stated in their Motion, the PSC acknowledges the meta-analysis conducted for *Kahn* resulted in "substantial heterogeneity." The PSC likewise conceded that the analysis resulted in a "relatively high heterogeneity."

---

[1] Rec. Doc. 11683, at 4 (Order and Reasons Denying Motion for Reconsideration) (quoting Fed. R. Civ. P. 59(e)).

[2] Rec. Doc. 9115, at 2–3 (Order and Reasons Denying Motion for Reconsideration) (quoting *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

In excluding Dr. Madigan's analysis, this Court held:

> [S]ince Dr. Madigan discourages relying on observational data in the face of significant heterogeneity, the Court will not permit him to do so for the sake of this MDL.  Indeed, Plaintiff has not presented the Court with any law to support a different ruling.[3]

The Court should deny the PSC's Motion for Reconsideration of its Order because: (1) the PSC failed to articulate, much less meet, their legal burden to prove that reconsideration is warranted; (2) each of the PSC's arguments and supporting "evidence" was available to the PSC when they opposed Sanofi's *Daubert* motion; and (3) the Court's prior holding is still correct on the merits.

## I.   THE PSC DID NOT EVEN ARTICULATE, MUCH LESS MEET, THE HIGH STANDARD FOR RELIEF UNDER RULE 59(e).

The PSC's Motion for Reconsideration should be denied outright for failing to articulate the Rule 59 standard or explain to the Court under which arm of the Rule they are proceeding.  In their Motion, the PSC does not assert that there was: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice, which are the only circumstances under which Rule 59 can apply.  Indeed, the PSC does not cite a single source of authority in support of their request for reconsideration (a problem that also plagued their opposition to Sanofi's *Daubert* motion).  The Court should weigh this defect heavily in rendering its decision.  *See, e.g.*, *Faciane v. Sun Life Assurance Co. of Can.*, No. 18-cv-30918, 2019 WL 3334654, at *8 (5th Cir. July 25, 2019) ("Our court routinely dismisses arguments as abandoned when parties fail to brief them. The same is suitable here, given [appellant's] lack of briefing on the Rule 59(e) standard.") (citations omitted).

---

[3]   Rec. Doc. 12098 at 12–13 (Orders and Reasons).

3

## II.     PLAINTIFF HAS PROVIDED NO BASIS FOR RECONSIDERATION.

First, the PSC cites no law in their Motion, and accordingly could not be arguing that a change in controlling law would warrant reconsideration under Rule 59.  Indeed, no new law exists for them to cite, except perhaps for Dr. Madigan's recent exclusion in *In re Incretin-Based Therapies*.  No. 3:30-md-02452, Rec. Doc. 4048 at 35–39 (S.D. Cal. Mar. 9, 2021) ("[T]he Court finds that Dr. Madigan's analysis does not fall 'within the range of accepted standards governing how scientists conduct their research and reach their conclusions.'") (internal citations omitted).

Second, the PSC also does not argue that their Motion is based on new evidence not previously available.  Nor could they.  Every deposition transcript, publication, and report cited in Plaintiff's Motion was available to the PSC when they filed their opposition to Sanofi's motion to exclude Dr. Madigan's testimony.[4]  The only three pieces of evidence the PSC relies on for their Motion are:

- Dr. Madigan's November 14, 2019 Deposition
- Dr. Madigan's October 20, 2019 Expert Report
- July 2019 Cochrane Handbook[5]

Not only were all three available to the PSC at the time they filed their Opposition—*all three pieces of evidence were used* in Sanofi's motion to exclude.[6]  The fact that the PSC did not address them in their opposition is not an excuse to file a motion for reconsideration.  The present Motion relies on no other piece of evidence.  Likewise, they identify no newly-published scientific

---

[4]   Rec. Doc. 11086 (PSC Opposition to Motion to Exclude David Madigan) (Filed September 14, 2020).

[5]   Rec. Doc. 12195-1, at 1–4 (Motion for Reconsideration re Order on Motion to Exclude Madigan).

[6]   Rec. Doc. 11103, at 12–16 (Sanofi's Motion to Exclude Test. of David Madigan).

literature or learned treatise that would justify a different outcome now. This Motion is nothing more than the opposition the PSC perhaps wishes they had originally filed.

Finally, the PSC does not assert that the Court committed clear error or that injustice will ensue if Dr. Madigan's meta-analysis is excluded. To the contrary, they argue only that evidence <u>previously available</u> now warrants a different result. But that argument does not meet the requirements of Rule 59. *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 733 (5th Cir. 2008) ("A party's 'unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'") (quoting *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006)).

### III.   THE COURT DECIDED THIS ISSUE CORRECTLY.

The Court correctly decided this issue the first time, and nothing has changed since then. Even if the PSC met the legal standard for reconsideration (they have not), the outcome would stay the same. The PSC claims because the calculation is on the lower end of the "substantial heterogeneity" category, it is not concerning to Dr. Madigan. But an expert's self-validation for the courtroom does not make an opinion or analysis admissible. As the New Jersey Supreme Court held in addressing Dr. Madigan's opinions, "'[t]he court's function is to distinguish scientifically sound reasoning from that of the self-validating expert, who uses scientific terminology to present unsubstantiated personal beliefs.'" *See In re Accutane Litig.*, 234 N.J. 340, 390 (2018) (quoting *Landrigan v. Celotex Corp.*, 127 N.J. 404, 414, 605 A.2d 1079, 1084 (1992)).

Further, the PSC argues that Dr. Madigan's published work is not in opposition to the results of his meta-analysis. But the PSC concedes in both their original opposition and Motion

for Reconsideration that the calculation represents "relatively high heterogeneity."[7]  And, as previously briefed, Dr. Madigan has written that "deriving a composite estimate in the face of significant heterogeneity should be discouraged."[8]  Dr. Madigan testified that the higher the heterogeneity, the more inconsistent the results.[9]

Here, Dr. Madigan calculated the heterogeneity of his meta-analysis as $I^2=62.9\%$.[10]  While Dr. Madigan may have testified it is below *his threshold* of concern for this litigation, the calculation on its face blatantly falls within the "substantial heterogeneity" category.  The PSC also only focuses on the single $I^2$ calculation but ignores the rest of the reasoning and analysis that highlights the differences between the four observational studies that the $I^2$ could not calculate.[11]  Assuming the $I^2$ metric alone is not problematic, the calculation still does not (and cannot) compute the differences in the chemotherapy regimens, study designs, definitions of permanent alopecia, and evaluations of the patient's injuries between each of the four studies.  Dr. Madigan combined four "very different" studies, all with unique biases and limitations, and relied upon their combined results—precisely what he warns against in his scientific publications.[12]  The Court correctly held that Dr. Madigan's analysis could not be deemed reliable and that the PSC presented no authority meriting a different result.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (*Daubert* makes certain an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."); *see also Wells v. SmithKline*

---

[7]   *Id.*, at 7; Rec. Doc. 12195-1, at 2 (Motion for Reconsideration re Order on Motion to Exclude Madigan).

[8]   *Id*.

[9]   Ex. A, Apr. 9, 2020 Madigan Dep. 80:6–13.

[10]  Ex. B, Mar. 23, 2020 Madigan Rpt. at 23 ¶ 58.

[11]  *See* Rec. Doc. 11103, at 12–17 (Sanofi's Motion to Exclude David Madigan).

[12]  *Id*. at 13–14.

*Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010); *Burleson*, 393 F.3d at 584; *Black v. Food Lion, Inc.*, 171 F.3d 308, 311 (5th Cir. 1999); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997).[13]

The same is still true. The PSC has presented no valid reason for the Court to reconsider its Order, and they have not met their burden under Rule 59. The PSC's Motion is nothing more than another opposition to Sanofi's *Daubert* motion filed six months too late. *In re Life Partners Holdings, Inc.*, 926 F.3d at 128.

## CONCLUSION

For the foregoing reasons, Sanofi respectfully requests the Court deny Plaintiffs' Motion for Reconsideration of Sanofi's Motion to Exclude Dr. Madigan's observational study meta-analysis.

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA 70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile: 504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.* |

---

[13] Sanofi also incorporates the additional argument and analysis set forth in its original motion to exclude as further reason and support that this Court exclude Dr. Madigan's observational study meta-analysis. *See* Rec. Doc. 11103, at 12–17 (Sanofi's Motion to Exclude David Madigan).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*