**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                                **SECTION "H" (5)**

THIS DOCUMENT RELATES TO:

Melissa Roach, Case No. 2:17-cv-07918.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

In their Opposition, the PSC does not even acknowledge that this Court already issued a

ruling on the Mississippi statute of limitations and its limited exceptions in *Greer*.  This case and

the *Greer* matter are nearly identical, and the conclusions reached in *Greer* apply equally here.

The PSC did not attempt to distinguish this case from *Greer* because they cannot do so.

Ms. Roach does not dispute that her claims are time-barred on their face—nor could she.

Ms. Roach finished chemotherapy in November 2009.  Ms. Roach accordingly sustained her injury

six months later in May 2010.  Her claim, under Mississippi law, expired three years later in May

2013, four years before Ms. Roach filed suit.  Unable to argue that she filed within the applicable

limitations period, Ms. Roach argues instead that the statute of limitations was tolled under either

Mississippi's latent-injury exception or its fraudulent-concealment exception.  Nowhere in her

Opposition, however, does Ms. Roach make an argument that this Court did not already consider

and reject in *Greer*.[1]

First, Ms. Roach did not suffer a latent injury, and Mississippi's discovery rule does not

_____

[1] *See* Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings).

apply.  Like the plaintiff in *Greer*, Ms. Roach specifically pled that her injury was not latent, but rather open and obvious, and testified that she expected her hair to regrow "at the most six months" after completing chemotherapy.  The PSC argues that Ms. Roach believed her injury was temporary, not permanent, and did not realize she had a cause of action.  But Mississippi law does not apply the discovery rule under those circumstances, and the PSC has not cited a single case to the contrary.  Rather, as this Court already ruled in *Greer*, injuries of the type alleged by Ms. Roach are not latent under Mississippi law and whether the plaintiff knows she has a cause of action is irrelevant.

Second, as in *Greer*, Ms. Roach bases her fraudulent-concealment tolling request on the same generic allegations that she alleges in support of her fraudulent-concealment claim—that Sanofi concealed the risks associated with Taxotere.  This Court has already recognized that the law does not permit application of the fraudulent-concealment exception when the same allegations form the basis of both plaintiff's substantive claim and her claim for tolling.  Because no exception applies, the statute of limitations on Ms. Roach's claims expired in May 2013, and her case should be dismissed.

## I.    MS. ROACH BEARS THE BURDEN OF SHOWING AN EXCEPTION APPLIES TO SAVE HER CLAIM.

Ms. Roach contends that Sanofi misstated the summary judgment standard, and Plaintiff's burden is "simply to show that there is at least one material fact in dispute."[2]  Plaintiff is incorrect. Sanofi, as the moving party, bears the burden of showing that no genuine issue of material fact exists and that Sanofi is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S.

---

[2]    Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 3.

317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.").   Once Sanofi carried its burden, "the burden shift[ed] to [Plaintiff] to show that summary judgment should not be granted."  *Id.* at 324–25.  In this case, the burden shifted to Ms. Roach to prove that an exception to the three-year statute of limitations applied to toll her claims.  *See Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008) (plaintiff bears the burden to prove application of the discovery rule); *Brown v. McKee*, 242 So. 3d 121, 130 (Miss. 2018) (at the summary judgment stage, plaintiff "bore the burden to produce evidence establishing a triable claim for fraudulent concealment.").   Because Ms. Roach failed to do so, Sanofi is entitled to summary judgment.

## II.   MS. ROACH'S UNTIMELY CLAIMS ARE NOT SAVED BY THE DISCOVERY RULE.

As this Court already recognized, under Mississippi law, the discovery rule only applies when a "hidden or unseen" injury is present.[3]  Miss. Code Ann. § 15-1-49(2); *Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007).  Ms. Roach contends that the discovery rule applies here because, six months after she finished chemotherapy, she was experiencing only a "presentation of a symptom" (hair loss) but had not been diagnosed with a "long-term condition" (permanent hair loss).[4]  But Plaintiff's months-long hair loss is not a "symptom" separate from the condition of permanent hair loss.  And Mississippi law expressly rejects the notion that the statute

---

[3]   Rec. Doc. 12057 at 5.

[4]   Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 5.

3

of limitations on an initial condition (such as hair loss) is tolled until the later condition (permanent hair loss) is discovered. *See Massey v. Wyeth, Inc.*, No. 4:03-CV-105, 2013 WL 140437, at *2 (S.D. Miss. Jan. 11, 2013) (ruling that the plaintiff's claim accrued when she was diagnosed with atherosclerosis, not when she developed stenosis, since the latter was "part of a progression of the atherosclerosis.").

Ms. Roach relies on *Schiro v. American Tobacco Co.* for her position.[5] The injury at issue in *Schiro*, however, was cancer. Cancer is the epitome of a "hidden or unseen" injury,[6] and the discovery rule accordingly tolled the statute of limitations until the *Schiro* plaintiff was diagnosed because the plaintiff did not know she had cancer until that time. *See Schiro*, 611 So. 2d at 964–65. The same logic does not apply here. This Court already determined that hair loss is not a latent injury.[7] Indeed, Plaintiffs alleged in their Master Complaint that the injury suffered was so apparent it stigmatized all Plaintiffs, their body image, and their social relationships.[8] Ms. Roach adopted these allegations in her short-form complaint.[9] And, as in *Greer*, Ms. Roach expected her

---

[5]  Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 7–10; 611 So. 2d 962 (Miss. 1992).

[6]  *See, e.g.*, *Hewitt v. Wyeth, Inc.*, 812 F. Supp. 2d 768 (S.D. Miss. 2011) (applying the latent injury rule in a breast cancer case); *Barnes*, 534 F.3d at 359−60 (same); *Alexander v. Wyeth*, 897 F. Supp. 2d 489 (S.D. Miss. 2012) (same).

[7]  Rec. Doc. 12057 at 5.

[8]  Rec. Doc. 4407 ¶¶ 214–20.

[9]  *See, e.g.*, Rec. Doc. 10668-10 (Ms. Roach's Proposed Amended SFC, adopting allegations set forth in the Master Complaint); Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 at ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint).

hair to fully regrow "at the most six months" after she completed chemotherapy.[10]  Ms. Roach also testified that "[a]round 2011" it was apparent that her hair was "much, much thinner" than it had been before chemotherapy, and Ms. Roach felt at that time it had become "apparent [] that [her hair] just wasn't growing back like it should."[11]  Just like in *Greer*, Ms. Roach "knew or should have known six months after her treatment that something was amiss when her hair had not grown back as expected."[12]  Because Ms. Roach knew she suffered an injury—unlike the plaintiff in *Schiro*—she cannot claim the discovery rule applied to toll her claim.

Ms. Roach's arguments that she had to be diagnosed with "permanent hair loss" and that her claim did not accrue until she knew that she had an "actionable" injury are also flawed.[13]  As this Court has already recognized, Courts have "expressly rejected this argument" that the plaintiff must know that she has a claim and must know whom to sue.  "[T]he language of the statute itself . . . refers only to the discovery of the injury, not to discovery of its cause."[14]  Nor does the statute require diagnosis when the injury is otherwise seen and not hidden.  Regardless, in making this argument, Ms. Roach relies on another inapplicable latent injury case.[15]  In *Watson*, the Court denied summary judgment on statute of limitations because it was not clear from the record when the plaintiff knew or should have known of his illness (bronchiectasis), which was slowly

---

[10]  *See* Rec. Doc. 12198-2 (Defs.' Statement of Undisputed Material Facts in Support of Mot. for Summ. J. Based on Statute of Limitations) ("SOF") at ¶ 8.

[11]  SOF at ¶¶11–12.

[12]  Rec. Doc. 12057 at 5–6.

[13]  Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 11–13.

[14]  Rec. Doc. 12057 at 5–6 (citing *Barnes*, 534 F.3d at 360).

[15]  Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 11–13 (discussing *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So. 3d 626 (Miss. 2016)).

identified by doctors through a series of chest x-rays. *Watson*, 189 So. 3d at 630. The same is not true here, where Ms. Roach's pleadings and testimony establish that she knew or should have known of her injury by May 2010 when her hair had not grown back as expected.[16] Because Ms. Roach did not suffer a latent injury, the discovery rule does not apply.

## III.    THE STATUTE OF LIMITATIONS IS NOT TOLLED BY PLAINTIFFS' FRAUDULENT-CONCEALMENT CLAIM.

Ms. Roach likewise has not demonstrated that the fraudulent-concealment exception applies to save her claim. Like the plaintiff in *Greer*, Ms. Roach contends Sanofi concealed her claim because "Taxotere's label only warned that it may cause 'temporary' hair loss" and that her oncologist advised her accordingly.[17] Ms. Roach also argues that Taxotere's label "substantiated" her oncologist's opinion that Ms. Roach's hair loss was temporary.[18] These arguments are insufficient as a matter of law. As this Court already recognized, "the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both [plaintiff's] substantive claim and her claim for tolling."[19] Nowhere in nearly six pages of argument on this issue does Ms. Roach allege any additional act—separate from the allegations that underlie her failure-to-warn claim—directed at Ms. Roach that allegedly prevented her from discovering her claim.[20] Nor does Ms. Roach cite a single Mississippi case that would allow

---

[16]  *See* Rec. Doc. 12057 at 5–6; *see also* SOF at ¶¶ 10–12 (As soon as six months after chemotherapy, in approximately May 2010, Ms. Roach noticed that her hair had not fully regrown. By 2011 it was apparent to Ms. Roach that her hair was "much, much thinner" than it had been before chemotherapy and "wasn't growing back like it should.").

[17]  Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 15.

[18]  Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 13.

[19]  Rec. Doc. 12057 at 8.

[20]  *See* Pl.'s Opp. to Defs.' Mot. for Summ. J. Based on Statute of Limitations at 13–19.

application of the fraudulent-concealment exception under these circumstances. The fraudulent-concealment exception does not apply to Ms. Roach's claims as a matter of law.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Sanofi's Motion for Summary Judgment, the Court should grant Sanofi's motion and dismiss Ms. Roach's claims.


Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE  URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*