UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Emma Willie, Case No. 2:18-cv-03857.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER THE DOCTRINE OF JUDICIAL ESTOPPEL**

　　Judicial estoppel is a doctrine designed to protect the judicial system, not an individual litigant or her claims. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). In her Opposition, Mrs. Willie concedes the first two prongs of the Fifth Circuit's three-prong judicial estoppel analysis (i.e., that she took inconsistent positions both before the bankruptcy court and this Court, and that the bankruptcy court relied on her representations that she had no contingent claims). Mrs. Willie claims only that the third prong of the Fifth Circuit's test—inadvertence—is not met. However, Mrs. Willie's argument, that she did not know or understand her statutory obligation to disclose, has been summarily rejected by the Fifth Circuit.

　　Further, Mrs. Willie's assertion that even if estopped, she or the Chapter 13 trustee should be allowed to pursue her claims to protect unsecured creditors also fails. Mrs. Willie is not an "innocent trustee," and there are statutory limits on the rights of a Chapter 13 trustee to control property of the estate that impact substitution. Mrs. Willie's actions meet all three of the Fifth Circuit's criteria for judicial estoppel, she should be estopped from pursuing or collecting any judgment on her claims against Sanofi, and the Court should dismiss her claims with prejudice.

**I.     Mrs. Willie Cannot Argue Inadvertence.**

Mrs. Willie's claim that she did not know about her statutory obligation to disclose because her attorneys did not advise her of the obligation cannot prevent judicial estoppel.[1] It is well-settled in the Fifth Circuit that a "lack of awareness of a statutory disclosure duty for [] legal claims is not relevant." *In re Flugence*, 738 F.3d 126, 130-31 (5th Cir. 2013) (rejecting claim attorney did not inform plaintiff of obligation to disclose) (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005)); *see also In re Coastal Plains*, *Inc.*, 179 F.3d 197, 212 (5th Cir. 1999) (same) (citing *Chandler v. Samford University*, 35 F. Supp. 2d 861, 865 (N.D. Ala. 1999) ("Research reveals no case in which a court accepted such an excuse for a party's failure to comply with the requirement of full disclosure.")).

Instead, to prove inadvertence, Mrs. Willie "must show *not* that she was unaware that she had a duty to disclose her claims but that . . . she was *unaware of the facts* giving rise to" the claims. *Id.* (citing *Jethroe*, 412 F.3d at 601) (emphasis added). Mrs. Willie retained counsel in 2016 and filed her Complaint in this action more than a year before her bankruptcy was discharged.[2] As such, Mrs. Willie knew the facts underlying her personal-injury claim long before she filed suit but, at a minimum, by 2016.[3] "That she did not know that bankruptcy law required

---

[1]   *See* Rec. Doc. 12282-6 (Ex. E to Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel (Decl. of E. Willie)).

[2]   *See* Rec. Doc. 12282, at 3-4 (Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel).

[3]   Mrs. Willie's argument that she did not know she was "permanently" injured when she retained her counsel in 2016, over a year after completing chemotherapy, holds no weight. First, as the Fifth Circuit noted in *In re Coastal*, "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (quoting *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F. Supp. 859, 867 (E.D. Tex. 1996)). "*Any claim with potential must be disclosed*, even if it is 'contingent, dependent, or conditional.'" *Id.* (emphasis in original) (quoting *Westland Oil Dev. Corp. V. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)).

2

disclosure—even if true—is, according to our precedents, irrelevant." *In re Flugence*, 738 F.3d at 131.

The PSC cites a single distinguishable Sixth Circuit case in support of its argument that Mrs. Willie's nondisclosure was inadvertent. *See Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002). In *Browning*, the Sixth Circuit considered judicial estoppel in the context of a corporate-debtor's Chapter 11 bankruptcy—not an individual-debtor under Chapter 13. The Court cited the Fifth Circuit's two-prong test for inadvertence: (1) "the debtor lacks knowledge of the factual basis of the undisclosed claims," or (2) "the debtor has no motive for concealment." *Browning*, 283 F.3d at 776 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999)). Because the proceeding concerned a Chapter 11 bankruptcy, under the corporation's Plan of Reorganization "all of the estate's assets [were] to be reduced to cash . . . and distributed to creditors in accordance with the terms of the plan and the priority provisions of the Bankruptcy Code." *Id.* at 776. As a result, the Sixth Circuit determined the corporation would "receive no windfall as a result of its failure to disclose its claims, because only [the] creditors will receive the distribution of any recovery." *Id.* Therefore, the Sixth Circuit held the corporation had "no motive for concealment" and was not estopped. *Id.* at 776-77.

The logic in *Browning*, however, does not apply here. In this instance, Mrs. Willie *would* reap a windfall if paid on her undisclosed claim. Mrs. Willie's argument that she had no "motive

---

Second, this Court has already held that on the basis of plaintiffs' own allegations, "a plaintiff's hair loss becomes permanent six months after completing chemotherapy." *See, e.g.*, Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 at ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint).

for concealment" fails by her own admission: "when Ms. Willie filed suit against Sanofi, that asset belonged to the [bankruptcy] estate."[4] This is precisely the situation the Fifth Circuit has repeatedly held underscores an individual debtor's financial motive to conceal her claims. *See, e.g.*, *In re Flugence*, 738 F.3d 126, 130-31 (5th Cir. 2013) (plaintiff "had motive to conceal, because her claim, if disclosed, would be available to the creditors."); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335-36 (5th Cir. 2004) (plaintiff would reap a windfall if allowed to recover on undisclosed claim without disclosing to creditor); *In re Coastal Plains, Inc.* 179 F.3d 197 (5th Cir. 1999) (plaintiff would benefit in great disproportion to the estate if allowed to recover on undisclosed claim). As this Court held in *Kinderdine*:

> The motivation to conceal exists because, as articulated in *Superior Crewboats*, [plaintiff] would have reaped a windfall if she had been able to pursue this claim and collect a judgment from [defendant] without having to share the judgment with her creditors.[5]

In addition to a possible windfall, Mrs. Willie's nondisclosure also resulted in confirmation of a Chapter 13 plan that paid nothing to her unsecured creditors while also discharging her debts.

Finally, Mrs. Willie's Opposition and accompanying Declaration do not contest that, as in *Love*, *Superior Crewboats* and *Kinderdine*, her bankruptcy case was only reopened after Sanofi raised it as an issue.[6] Mrs. Willie declares she "never gave any thought at all about the effect of not disclosing [this lawsuit]" and does not articulate why, in fact, the bankruptcy case was reopened.[7] Mrs. Willie further testified that she has never actually spoken to the Chapter 13

---

[4]   Rec. Doc. 12282, at 8-9 (Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel).

[5]   Rec. Doc. 4625, at 10 (Order and Reasons).

[6]   *See* Rec. Doc. 12285-3 (Amended Ex. H to Defs' Statement of Undisputed Material Facts in Support of Mot. for Summ. J. Under the Doctrine of Judicial Estoppel (Decl. of A. Byard)).

[7]   *See* Rec. Doc. 12282-6 (Ex. E to Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel (Decl. of E. Willie)); *see also* Rec. Doc. 12282, at 3 (Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel).

4

Trustee about this lawsuit or the decision to reopen her bankruptcy case.[8] Allowing the debtor "to back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if [she] is caught concealing them." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 266 (5th Cir. 2012) (quoting *In re Superior Crewboats, Inc.*, 374 F.3d at 336).

Mrs. Willie has failed to provide any basis to find that her nondisclosure was inadvertent, and she does not challenge any other prongs of the Fifth Circuit's judicial estoppel analysis. Because Mrs. Willie's actions meet all three of the Fifth Circuit's criteria for judicial estoppel, she should be estopped from pursuing or collecting any judgment on her claims against Sanofi, and her claims should be dismissed.

## II. Mrs. Willie Cannot Proceed as an Innocent Trustee in Order to Protect the Creditors.

Mrs. Willie additionally argues that, even if she meets all prongs of the Fifth Circuit's judicial estoppel test, judicial estoppel should not apply because the creditors will be impacted. But Fifth Circuit precedent does not preclude the application of judicial estoppel in these circumstances. *Love*, 677 F.3d at 266. Indeed, if this were the case, the doctrine would rarely, if ever, apply. While the "effect of judicial estoppel on creditors is a consideration," here, when weighed against Mrs. Willie's conduct in failing to disclose this lawsuit to the bankruptcy court, the balance of equities clearly favors estoppel. *Id.*

The PSC cites three cases in support of their contrary position—*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011), *Kane v. National Union Fire Insurance Co.*, 535 F.3d 380 (5th Cir.

---

[8] *See* Rec. Doc. 12282-2, at 276:1-16; 277:6-278:12; 278:19-16 (Ex. A to Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel (Dep. of E. Willie)).

2008), and *In re Flugence*, 783 F.3d 126, 128 (5th Cir. 2013).  In all three cases, however, the debtors were estopped by the court, and the claims at issue "were ultimately pursued by innocent [] trustees, and not by the debtors themselves." *Love*, 677 F.3d at 266 (citing *Reed*, 650 F.3d at 574-75; *Kane*, 535 F.3d at 383-84); *see also In re Flugence*, 783 F.3d 126, 128 (5th Cir. 2013) (holding *trustee* may pursue the claim without any limitation).  Here, the Chapter 13 trustee has not substituted in as the real party in interest—nor can the trustee do so under Fifth Circuit law. *See, e.g.*, *In re Lymon*, No. 18-13128, 2020 WL 7388073, at *7 (Bankr. E.D. La. Jan. 15, 2020). To the extent the PSC is arguing Mrs. Willie can act as the trustee that argument also fails.  Mrs. Willie is "a debtor—one who did not meet [her] disclosure obligations and subsequently failed to provide any basis for the district court to conclude that [her] nondisclosure was inadvertent." *Love*, 677 F.3d at 266.  As the Fifth Circuit has stated, if a debtor could disclose her claims and automatically be "deemed an innocent trustee, there would be virtually no incentive for a debtor to disclose [her] claims until forced to do so by an opponent." *Id.* at 266.

The balance of equities favors application of judicial estoppel here.  Mrs. Willie is not the Chapter 13 trustee.  Instead, she remains the real party in interest and is necessary to prosecute her claims.  Mrs. Willie stood to gain a significant windfall from her nondisclosure, and has relatively few general unsecured creditors that will be impacted.

### III. The Chapter 13 Trustee Likewise Cannot Proceed.

The Chapter 13 trustee does not have the statutory authority to substitute in to this litigation as the real party in interest.  "A Chapter 7 trustee, under § 704(a)(1), § 323, and [Bankruptcy Rule] 6009 may 'sue and be sued' and the 'trustee stands in the shoes of the debtor and can only assert those causes of action possessed by the debtor.'" *In re Lymon*, No. 18-13128, 2020 WL 7388073, at *7 (Bankr. E.D. La. Jan. 15, 2020) (citing *In re Aycock*, No. 10-80516, 2014 WL 1047803, at

6

\*2 n. 1 (Bankr. W.D. La. Mar. 18, 2014)).  By contrast, the Chapter 13 trustee does not have the authority to perform the duties listed in §704(a)(1), and therefore "does not possess the same right as a chapter 7 trustee to 'collect and reduce to money the property of the estate,'" and is "specifically restricted from exercising control of property of the estate under 11 U.S.C. § 1303." *Id.*  Essentially, "only a chapter 13 *debtor*—not the chapter 13 *trustee*—has the right to use, sell, or lease (i.e., control) all property of the estate." *Id.*

In *In re Flugence*, the Fifth Circuit did not consider "the specific issue of whether a Chapter 13 trustee has the same rights and duties of a Chapter 7 trustee under the Bankruptcy Code to control property of the estate," and instead considered "whether the Fifth Circuit's holding in *Reed* (which dealt with a Chapter 7 case) should be read to limit an 'innocent trustee's' recovery on an estopped debtor's cause of action strictly to the amount owed to creditors."  *Lymon*, 2020 WL 7388073, at \*7 n. 5; *see also In re Flugence*, 738 F.3d at 128, 131-32.  Courts that have considered the specific issue have generally judicially estopped the debtor, dismissed their claims, and suggested the bankruptcy be converted to Chapter 7—rather than allow a Chapter 13 trustee to proceed as the real party in interest to a debtor's claims.  *See, e.g.*, *United States v. Tangipahoa Parish Sch. Bd.*, No. 12-2202, 2017 WL 4049596 (E.D. La. Sept. 13, 2017), *aff'd* 766 F. App'x 38 (5th Cir. 2019); *Allen v. C & H Distribs., LLC*, No. 10-1604, 2015 WL 1399683 (W.D. La. Mar. 26, 2015), *aff'd as modified*, 813 F.3d 566 (5th Cir. 2015); *Henley v. Malouf (In re Roberts)*, 556 B.R. 266 (Bankr. S.D. Miss. 2016); *In re Aycock*, No. 10-80516, 2014 WL 1047803 (Bankr. W.D. La. Mar. 18, 2014).

In this case, because Mrs. Willie's bankruptcy is under Chapter 13, substitution "as was done in *Kinderdine*," would not be proper.[9]

## CONCLUSION

For the reasons set forth above, and in its initial Motion, Sanofi respectfully requests Mrs. Willie be judicially estopped from pursuing or collecting any judgment on her claims against Sanofi, and that the Court enter summary judgment and dismiss Mrs. Willie's claims with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

***Counsel for Sanofi US Services Inc. and sanofi-aventis U.S. LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

---

[9] Rec. Doc. 12282, at 7 (Pl.'s Mem. In Opp. to Def.'s Mot. Summ. J. Based on Judicial Estoppel).

8