UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO: | : | SECTION "N"(5) |
| | : | HON. JANE TRICHE MILAZZO |
| BABY FAY HURD <br>     Plaintiff(s), | : | |
| vs. | : | |
| SANOFI S.A., et al., <br>     Defendant(s). | : | |
| Civil Case No.: 2:20-cv-01784 | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW Plaintiff Baby Fay Hurd, by and through the undersigned counsel, and respectfully moves this Court to reconsider dismissing her case with prejudice for the reasons stated herein.

**INTRODUCTION**

Ms. Hurd was in full compliance with her PTO 71A obligations prior to the dismissal of her case with prejudice. While her compliance admittedly occurred outside the time frame specified by the Court at the February 19, 2021 show-cause hearing, the PTO71A deficiency had not previously been raised by Sanofi at a show-cause hearing. The fourteen-day extension allowed by the Court after the February 19, 2021 hearing, while appreciated by Plaintiff's counsel, was the first and only extension on Ms. Hurd's PTO 71A compliance. In light of the procedural history of this case, the draconian, last resort remedy of dismissal with prejudice was not warranted.

1

## FACTS

Sanofi first raised Ms. Hurd's PTO 71A deficiency prior to the February 19, 2021 show-cause hearing.[1] At the hearing, the Court granted Ms. Hurd fourteen days within which to cure the PTO 71A deficiency. Prior to the show cause hearing, Ms. Hurd's counsel had attempted to obtain a completed and executed PTO 71A statement from her. On several occasions, for reasons that neither Ms. Hurd nor counsel can determine, U.S. Postal Service mail sent to Ms. Hurd was returned as undeliverable. As such, Ms. Hurd did not receive all of the letters that counsel had sent her regarding the importance of PTO 71A.[2]

Due to the short time table and the past problems with the U.S. Postal Service, counsel sent Ms. Hurd a new PTO 71A statement via Fed Ex on February 17, 2021. This was followed up by several phone conversations with Ms. Hurd. Due to winter storms in Texas, the Fed Ex package did not reach Ms. Hurd until February 25, 2021. Unfortunately, Ms. Hurd did not immediately complete, execute, and return the PTO 71A statement to counsel. When she finally did so, she gave the return Fed Ex package to her daughter to drop off for return, but her daughter did not immediately drop the package off for pickup. Ms. Hurd does not have a car and does not drive; as such, she relies on her daughter for transportation and to run errands for her.

---

[1] At the time of the show cause hearing, Ms. Hurd was also listed as deficient due to an expired Psychiatric authorization. Plaintiff, through her counsel, timely filed an updated authorization and notified defendants pursuant to PTO22A prior to the show-cause hearing, curing this deficiency.

[2] As evidenced by her executed PTO71A statement (attached as Exhibit 1), Ms. Hurd has no social media, nor does she possess an email address she could have employed to return an executed PTO71A statement. Ms. Hurd also has no friends or family who could email or scan documents to or from her related to her case. As such, mail was the only avenue to obtain an executed ESI statement.

Counsel finally received Ms. Hurd's completed and signed PTO 71A statement on the morning of March 15, 2021 and promptly submitted the statement to MDL Centrality. Counsel also emailed Sanofi's counsel a copy of said statement, notifying them that the statement had just been uploaded to MDL Centrality, and at that point, Ms. Hurd was in compliance with her PTO 71A responsibilities. Upon learning that Sanofi's counsel did not intend to notify the Court that Ms. Hurd was in compliance, her counsel filed a response to Sanofi's letter seeking dismissal. *See* Plaintiff's Response to Defendant Sanofi's March 9, 2021 Letter Requesting Dismissal at MDL 2740 Docket Document No. 12297 (filed March 15, 2021). The Court dismissed this case with prejudice on March 16, 2021.

**ARGUMENT**

While this Court has discretion in the management of cases within this MDL, dismissal with prejudice is a "draconian remedy" and a "remedy of last resort." *See Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F. 3d 351 at 356-357 (5th Cir. 2020). The Fifth Circuit has held that a two-factor test applies to a district court's dismissal with prejudice in the MDL context. *Id.* Under this test, dismissal with prejudice is appropriate "so long as (1) there is a 'clear record of delay or contumacious conduct by the plaintiff,' and (2) lesser sanctions would not serve the best interests of justice." *Id.* at 358.

It is not lost on counsel that the *Kuykendall* case cited above was an affirmation of this Court's dismissal of a case for failure to timely serve a Plaintiff Fact Sheet. However, the facts of that case are distinguishable from those of Ms. Hurd's case, and the distinction between the two cases illustrates why dismissal with prejudice is not appropriate in the present case. In *Kuykendall*, the plaintiff was given several extensions by this Court prior to dismissal. On the other hand, Ms. Hurd was given one fourteen-day extension.  Further, the *Kuykendall* plaintiff

never fully complied with this Court's orders, but submitted multiple incomplete PFS after the deadlines set by this Court. Conversely, Ms. Hurd fully complied with her PTO 71A obligations prior to the dismissal of her case.

Ms. Hurd has not exhibited a "clear record of delay or contumacious conduct." She has admittedly been slow to respond and, perhaps, has not been as diligent as might be hoped. However, she relies on others for transportation, and rarely gets out of the house, especially in the midst of the Covid-19 pandemic and Texas winter storms. Further, a lesser sanction - for example an additional short extension or a conditional dismissal - would have served the interests of justice in this case. This is especially true here, where Ms. Hurd fully complied with PTO 71A ten days after the extended deadline set by and prior to any additional intervention by the Court.

## CONCLUSION

Ms. Hurd became fully compliant in her discovery requirements without any additional intercession by the Court. Dismissal of her case with prejudice was a remedy of last resort that was not appropriate given the procedural history of this case.

For the reasons stated above, Plaintiff requests the Court to reconsider and reverse its prior dismissal.

This the 26th day of March, 2021.

                DAVIS & CRUMP, P.C.

                /s/ Trevor B. Rockstad
                Trevor B. Rockstad
                MS State Bar No.: 103614
                2601 14th Street
                Gulfport, MS 39501
                Phone: 228-863-6000
                Facsimile: 228-864-0907
                Email: Trevor.rockstad@daviscrump.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Trevor B. Rockstad*
TREVOR B. ROCKSTAD