fUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Juanita Greer, Case No. 2:18-cv-11728

### SANOFI'S REPSONSE TO PLAINTIFF'S OPPOSITION TO BILL OF COSTS AGAINST PLAINTIFF JUANITA GREER

The Clerk should award Sanofi all of its claimed costs for two reasons. First, Plaintiff's Opposition is procedurally improper under Federal Rule of Civil Procedure 54(d)(1) because Plaintiff cannot seek review of Sanofi's Bill of Costs until *after* the Clerk has adjudicated the issue—which has not yet occurred. Second, even if Plaintiff were able to seek review now, which Sanofi denies, the Fifth Circuit has made clear that under Rule 54(d)(1), there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances—none of which are present here. Indeed, Plaintiff's Opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld. The Clerk should rightly give effect to this "strong presumption" and award Sanofi all its costs enumerated in the Bill of Costs.

I.      **LEGAL STANDARD**

Rule 54(d)(1) provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party . . . **The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action**.

Fed. R. Civ. P. 54(d)(1) (emphasis added); *see also Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *1 (E.D. Mich. May 16, 2016) ("Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action."). Thus, *only after* the clerk adjudicates costs is a party entitled to seek review of the clerk's action by filing a motion.

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (citation omitted). In *Pacheco*, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794. However—*and what Plaintiff conveniently omits in her opposition brief*—the Fifth Circuit in *Pacheco* specifically "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n. 18).

Subsequent to *Pacheco*, the Fifth Circuit held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs." *Id.* (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013)). This holding is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). Further, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). And, the Fifth Circuit has

specifically rejected that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

II.   ARGUMENT

   A. **Plaintiff's Opposition Is Procedurally Improper and Premature.**

As discussed, Rule 54(d)(1) permits a party to file a motion seeking review of the clerk's taxation of costs within seven days *after* the clerk's action.  Here, however, there has been no adjudication on the costs which Sanofi seeks to recover, such that Plaintiff's Opposition is procedurally improper and premature, and should be disregarded in its entirety.

   B. **Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Its Costs.**

Even if Plaintiff were permitted to seek review now—which she cannot—Plaintiff's Opposition does nothing to overcome the "strong presumption" that Sanofi is entitled to recover its costs.  Significantly, Plaintiff does not dispute, nor could she, that Sanofi's claim for costs associated with copying and collecting medical records are properly taxable under 28 U.S.C. §1920.  Instead, Plaintiff patently misstates binding precedent from the Fifth Circuit in arguing that "the Fifth Circuit has stated that a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the above-noted factors is met."[1]  Even assuming this Court could properly consider these factors—which the Fifth Circuit holds it cannot—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "a person of limited means" and that Sanofi has "significant

---

[1] Rec. Doc. 12291 at 2. (Pl.'s Opp. to Defs.' Bill of Costs Against Plaintiff Juanita Greer).

3

financial resources."[2]  Plaintiff, however, offers no legal authority to support her argument that costs should be withheld on this basis.  To the contrary, the Fifth Circuit holds that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law," and that the "limited resources" of the losing party cannot provide a basis for denying costs.  *Moore*, 735 F.3d at 320 (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources'").  Even if this Court could consider Ms. Greer's financial status, based on standard contingency fee practice, Plaintiff's counsel—not Ms. Greer—very likely bears all the costs where, as here, the case was dismissed with prejudice.  At a minimum, Plaintiff should be required to make some factual showing to support her bald assertion she is "incapable" of paying Sanofi's costs.

As to the purported misconduct (the second factor), Plaintiff does not allege *any* conduct on Sanofi's part at all, let alone wrongful conduct, that could support costs being withheld.  *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990) (holding that it is the prevailing party's fault, misconduct or bad faith in the course of litigation that is material to determining whether costs are properly taxable).  Plaintiff instead pivots to an unrelated matter and speculates that the costs set forth in Sanofi's Bill of Costs—which include itemized invoices for each expense—"seem exorbitant and unnecessary given it is almost exclusively linked to the ordering and procuring of medical records."[3]  Rather than offering any factual support, Plaintiff cites the costs she incurred in ordering some of her medical records, which does nothing to rebut the reasonableness of the costs Sanofi incurred.  Further, Plaintiff purports to argue that Sanofi should have halted its investigation of Plaintiff's injury claim entirely while the motion for

---

[2] Rec. Doc. 12291 at 2, 5. (Pl.'s Opp. to Defs.' Bill of Costs Against Plaintiff Juanita Greer).
[3] *Id.* at 3.

4

judgment on the pleadings was pending. That argument is nonsensical, impractical, and unsupported by fact or law.

As to the close and difficult legal issues presented (the third factor), Plaintiff summarily states that the dismissal of her case was a "close and difficult legal issue" because "there was numerous briefing on the issue" and she believes "there was law warranting a denial of Defendants' motion."[4] To the contrary, this Court applied straightforward Mississippi law to find that Plaintiff's claims were timed-barred on their face. This factor is neutral, at best.

Plaintiff also fails to identify a substantial benefit that her lawsuit conferred on the public (the fourth factor). She baldly asserts that her case has "provided guidance to the parties and the Court on issues relevant to the entire multidistrict litigation."[5] But, Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred *on the public at large*—not MDL plaintiffs. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

Ignoring the overwhelming authority from the Fifth Circuit contrary to her position, Plaintiff also simply cites various provisions of the Manual for Complex Litigation purportedly to argue that costs should be withheld, but offers no explanation or analysis.[6] Regardless, Plaintiff's reliance on these materials (which pertain to cost allocation in pre-trial discovery) is wholly misplaced. Rather, under the applicable standard in Rule 54(d)(1), unless a federal statute, rule or

---

[4] Rec. Doc. 12291 at 3. (Pl.'s Opp. to Defs.' Bill of Costs Against Plaintiff Juanita Greer).
[5] *Id.* at 4.
[6] *Id.* at 2.

court order provides otherwise—which there are none—Sanofi as the prevailing party is entitled to recover its costs.

## III. CONCLUSION

Plaintiff's Opposition is procedurally improper and should be disregarded. Even if Plaintiff were entitled to seek review of the Bill of Costs now, which she cannot, Plaintiff cannot overcome the "strong presumption" that Sanofi is entitled to recover its costs. For these reasons, the Clerk should award Sanofi all of its costs enumerated in the Bill of Costs.

<div style="margin-left:3em;">

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*