# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08068 |

### HOSPIRA'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT ON
### <u>CLAIMS UNDER ILLINOIS LAW</u>

Plaintiff Audrey Plaisance resides in Louisiana; she was prescribed and administered Docetaxel in Louisiana; and her alleged injury occurred in Louisiana. Accordingly, consistent with this Court's previous decision on choice-of-law, Ms. Plaisance's case originated in Louisiana. Order (Doc. 10487 at 4). Thus, Louisiana law should apply, despite Ms. Plaisance's attempt to plead additional claims under Illinois law. That result holds under both Louisiana and Illinois choice-of-law rules.

When Hospira raised this choice-of-law issue at the pleadings stage, this Court predicted that the "Illinois law claims ultimately [would] not survive." Order (Doc. 11825 at 6). However, the Court declined to dismiss the Illinois claims at that stage because of concern with the potential for a "flurry" of other choice-of-law motions at the pleadings stage. *Id.* This lawsuit has now been selected as one of two cases for Trial 5, and determination of the applicable law is an important threshold issue for the upcoming motions practice as this case proceeds towards trial. Thus, Hospira respectfully requests a ruling at this time applying Louisiana law to Ms. Plaisance's case and granting summary judgment on the claims asserted under Illinois law.

## BACKGROUND

Ms. Plaisance is a Louisiana resident who alleges she sustained an injury due to the Docetaxel treatment she received in Louisiana. Hospira's Statement of Undisputed Material Facts ("SOF") ¶¶ 1-3. Her short form complaint pleads several causes of action: Count I – Strict Products Liability – Failure to Warn; Count III – Negligence; Count IV – Negligent Misrepresentation; Count V – Fraudulent Misrepresentation; Count VI – Fraudulent Concealment; Count VII – Fraud and Deceit. *Id.* ¶ 4. It further purports to bring a claim for "Punitive Damages Pursuant to Illinois Law." *Id.* ¶ 5.

Hospira previously opposed Ms. Plaisance's motion for leave to amend her short form complaint on the basis that the proposed amendment contained claims under Illinois law. *See* Hospira's Opposition to Plaintiffs' Motion for Leave to File Amended Short Form Complaints (Doc. 10907 at 5). At the time, the Court stated:

> The Court will not engage in a choice-of-law analysis at this time, although the Court suspects that Plaintiff's Illinois law claims ultimately will not survive. Plaintiff asks the Court to consider Illinois choice-of-law rules, but even these rules would create a strong presumption that Louisiana law should apply in Plaisance's case. The Court doubts that Plaintiff can overcome the presumption. Despite this, the Court will not delve into a thorough choice-of-law analysis at this juncture, as this could lead to a flurry of other Plaintiffs asking the Court to conduct choice-of-law analyses in their cases. For now, Plaintiff may assert claims under Illinois law.

Order (Doc. 11825 at 6) (internal citation omitted).

## LEGAL STANDARD

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).

## ARGUMENT

Louisiana's choice-of-law rules require that Louisiana law govern all of Ms. Plaisance's claims. Thus, the Louisiana Products Liability Act ("LPLA") applies. Because the LPLA provides the exclusive theories of liability for manufacturers in products liability cases, the Court should dismiss the claims that fall outside the scope of the LPLA. Moreover, even if the Court were to apply Illinois' choice-of-law rules, Louisiana law would still apply.

**I.      The Court Should Decide the Choice-of-Law Issue.**

As a threshold issue, the timing is now ripe for decision on choice-of-law for Ms. Plaisance's Illinois claims. By contrast, her earlier motion to amend her short form complaint was part of an "influx of motions to amend short form complaints." Order (Doc. 11825 at 2). The Court issued Pretrial Order 105 "to deal with the continuing flurry of motions" and "establish what kind of amendments are permissible and what kind are not." *Id.* at 3. In that context and at that time, the Court declined to address the choice-of-law issue because it "could lead to a flurry of other Plaintiffs asking the Court to conduct choice-of-law analyses in their cases." *Id.* at 6.

Now, however, Ms. Plaisance's case is one of two cases designated for the fifth bellwether trial. *See* Case Management Order No. 30 (Doc. 11796). As such, Phase 1 discovery has been completed, and this case is differently situated from other non-bellwether cases. Thus, the Court's ruling on this motion would not set any precedent that would create additional motion practice based on the allegations in short form complaints.

Moreover, Hospira is seeking summary judgment pursuant to the early motions deadline. This is a specific procedure that only applies to bellwether cases. It was established to permit the parties to file initial motions in the event that an early decision could prevent the parties from

3

wasting resources on non-viable claims. That rationale is applicable here because a ruling on the choice-of-law issue would streamline the parties' pre-trial motions and trial preparation. Instead of having to prepare the case and file later motions under the laws of two different states, the parties will know what law applies and can proceed accordingly. Thus, the Court should decide this motion at this stage.

## II.     Louisiana Law Applies.

The parties and this Court have consistently recognized that Louisiana law governs cases in which the plaintiff was a Louisiana resident, received the product at issue in Louisiana, and sustained the alleged injury in Louisiana. *See, e.g.*, *Sanford* Order (Doc. 10807 at 4); *Wilson v. Takata Corp.*, No. 16-1356, 2019 WL 2546929, at *2 (E.D. La. June 20, 2019); *Clayton v. Ethicon Inc.*, No. 17-10168, 2019 WL 1778697, at *1 (E.D. La. Apr. 23, 2019); *Guidry v. Janssen Pharms., Inc.*, No. 15-4591, 2016 WL 633673, at *3 (E.D. La. Feb. 17, 2016); *O'Neil v. Abbott Labs., Inc.*, No. 11-11, 2011 WL 902427, at *2 (E.D. La. Mar. 11, 2011). In each of these cited cases, the defendants were corporations incorporated outside of Louisiana and with their principal places of business outside the state of Louisiana.

The same result should apply here. As this Court has previously recognized, because the case originated in Louisiana, the Court should apply Louisiana law pursuant to Louisiana's choice-of-law rules. The outcome on this issue would be the same under Illinois' choice-of-law rules: Louisiana substantive law would still govern Ms. Plaisance's claims.

### A.     Louisiana Law Applies Under Louisiana's Choice-of-Law Rules.

The Court should apply Louisiana's choice-of-law rules because the case originated in Louisiana. "Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied." *In re Air Disaster at Ramstein Air Base, Germany on*

4

*8/29/90*, 81 F.3d 570, 576 (5th Cir. 1996) (citations omitted). "Cases that are directly filed in an MDL court are treated as if they were transferred from a judicial district sitting in the state where the case originated." *In re Deputy Orthopaedics, Inc.*, 870 F.3d 345, 348 (5th Cir. 2017) (citation and quotation marks omitted).

Consistent with other MDL courts, this Court has held that "the law that applies in each case will be the law of the state where the case originated, which is the state where a Plaintiff was prescribed or administered her Taxotere treatment." Order (Doc. 10487 at 4); *see also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 ("[T]he Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug"); *In re Avandia Mktg., Sales Prac. & Prods. Liab. Litig.*, No. 3:09–md–02100, 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2012) (explaining that direct-filed cases "should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia"). Ms. Plaisance's case originated in Louisiana because she was prescribed and administered Docetaxel in Louisiana. Thus, Louisiana's choice-of-law rules apply.

Louisiana Civil Code Article 3545 sets forth Louisiana's choice-of-law rules specific to products liability cases. Article 3545 provides that in product liability cases, claims for "damages, whether compensatory, special, or punitive, are governed by the law of this state . . . when the injury was sustained in this state by a person domiciled or residing in this state." Ms. Plaisance resides in Louisiana and alleges injury as a result of her use of Docetaxel in Louisiana. SOF ¶¶ 1, 3. Thus, Louisiana substantive law governs Ms. Plaisance's claims, and the relevant law here is the Louisiana Products Liability Act.

      **B.**    **Louisiana Law Applies Under Illinois Choice-of-Law Rules.**

Ms. Plaisance previously has taken the position that Illinois' choice-of-law rules apply because her short form complaint alleges that Illinois was a venue "where her case would have

5

been filed absent the direct filing order." Plaintiffs' Reply Memorandum (Doc. 10989 at 5). But that argument directly contradicts this Court's ruling that a plaintiff's case is governed by the law of the state in which it originated, meaning the state where plaintiff "was prescribed or administered her Taxotere treatment." *See* Order (Doc. 10487 at 4). Ms. Plaisance's case "originated" in Louisiana, so Louisiana choice-of-law rules apply. Thus, her allegation regarding venue in Illinois does not determine the applicable choice-of-law and is not a valid basis for applying Illinois law.[1]

Moreover, even if the Court were to apply Illinois choice-of-law rules, Louisiana substantive law would still govern. To resolve choice-of-law issues in torts cases, the Supreme Court of Illinois adheres to the "most significant relationship test" outlined in the Restatement (Second) of Conflict of Laws ("Second Restatement"). *See Townsend v. Sears, Roebuck and Co.*, 227 Ill.2d 147, 159 (2007). Under this test, Illinois courts presume that "local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a *more* significant relationship with the occurrence and with the parties." *Id*. at 163 (citing *Ingersoll v. Klein*, 46 Ill.2d 42, 45 (1970)). In *Townsend*, plaintiffs were Michigan residents, and the alleged injury transpired in Michigan. *Id*. at 150. Although the defendants in *Townsend* were headquartered in Illinois, the Illinois Supreme Court held that under Illinois choice-of-law rules, Michigan law applied. *Id*. at 175.

Again, Ms. Plaisance is a Louisiana resident, and her alleged injury occurred in Louisiana. SOF ¶¶ 1, 3. Furthermore, her alleged hair loss injury "occurred in the course of an activity or a

---

[1] Even more misguided is Ms. Plaisance's previous argument that Hospira failed to object to this venue allegation in her short form complaint. As explained previously, this argument is directly contradicted by the record. *See* Hospira's Sur-reply in Opposition to Plaintiffs' Motion for Leave to File Amended Short Form Complaints (Doc. 10993-2).

relationship which was centered" in Louisiana—the Docetaxel regimen she received to treat her breast cancer. *Id*. at 166 (citation omitted). Thus, under Illinois choice-of-law rules, a strong presumption exists that the law of Louisiana, the place of the alleged injury, governs the substantive issues in this case. This presumption can be overcome only by a showing of "a *more or greater* significant relationship to another state." *Id*.; *see* Order (Doc. 11825 at 6) (Illinois choice-of-law "rules would create a strong presumption that Louisiana law should apply in Plaisance's case") (citing *Paulsen v. Abbot Labs.*, No. 15-cv-4144, 2018 WL 1508532, at *12 (N.D. Ill. Mar. 27, 2018)).

Ms. Plaisance has argued that Illinois law should apply because Hospira is headquartered there. However, Illinois courts have recognized that the location of the corporation's headquarters alone "does not override [the] strong presumption that the law of [Louisiana], as the state where the plaintiff[] reside[s] and where the injury occurred, governs the conflicting issues presented in this case." *Townsend*, 227 Ill.2d at 175. [2] Thus, Illinois and Louisiana choice-of-law rules lead to the same result: Louisiana substantive law – and specifically the LPLA – governs this case.

### C. Ms. Plaisance's Illinois Law Claims Are Not Available Under the LPLA.

The LPLA provides the exclusive theories of liability a manufacturer may face as a result of potential injuries caused by their products, and a "claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth" in the LPLA. La. Stat. Ann. § 9:2800.52.

---

[2] Ms. Plaisance previously cited *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744 (N.D. Ill. Nov. 29, 2010), for the application of Illinois law, but, as other courts have recognized, that decision was inconsistent with the Illinois Supreme Court's controlling analysis in *Townsend*. *See Hammond v. System Transport, Inc.*, No. 11-cv-1295, 2012 WL 3234865, at *11 (C.D. Ill. Aug. 6, 2012).

"The LPLA only allows recovery if a product is unreasonably dangerous: 1) in construction or composition; 2) in design; 3) because of inadequate warning; or 4) because of nonconformity to express warranty." *Guidry*, 2016 WL 633673, at *2 (citation omitted). Accordingly, any theories of recovery outside of these four claims should be dismissed as unavailable under the LPLA.[3]

Thus, the Court should dismiss all claims in Ms. Plaisance's short form complaint that do not fall under the exclusive theories provided for in the LPLA. This includes: Count I ("Strict Products Liability—Failure to Warn"), Count III ("Negligence"), Count IV ("Negligent Misrepresentation"), Count V ("Fraudulent Misrepresentation"), Count VI ("Fraudulent Concealment"), and Count VII ("Fraud and Deceit").

As to Count I ("Strict Products Liability—Failure to Warn"), this Court has previously held that "[b]ecause the LPLA does not permit any theory of strict liability, a strict liability claim is not 'viable as an independent theory of recovery against a manufacturer' in a products liability action under Louisiana law." Order (Doc. 8703 at 4) (quoting *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997)). Thus, this claim should be dismissed or construed as being subject to the LPLA. *See* Order (Doc. 11825 at 5) (interpreting claim as being subject to the LPLA).

This Court should also dismiss Ms. Plaisance's claims for punitive damages asserted under Illinois law. "Punitive damages are not authorized under the LPLA," and Louisiana federal courts routinely dismiss requests for punitive damages in products liability cases governed by Louisiana law. *Lampkin v. Stryker Sales Corp.*, No. 14-0151, 2015 WL 1284197, at *2 n.8 (W.D. La. Mar.

---

[3] To be clear, Hospira does not agree that Ms. Plaisance has sufficient evidence supporting these recognized theories under the LPLA.

18, 2015); *Averette v. Bayer Healthcare Pharms. Inc.*, No. 13-05968, 2014 WL 1246851, at *1 (E.D. La. Mar. 25, 2014); *Thompson v. Bayer Healthcare Pharms., Inc.*, No. 13-37021, 2013 WL 5375441, at *3 (E.D. La. Sept. 24, 2013); *Truxillo v. Johnson & Johnson*, No. 07-2883, 2007 WL 1853363, at *4 (E.D. La. June 27, 2007).

## CONCLUSION

Thus, for the reasons stated above, Hospira respectfully requests that this Court hold that Louisiana law applies and dismiss Ms. Plaisance's alleged claims that fall outside the scope of the Louisiana Products Liability Act.

Date: April 2, 2021

Respectfully submitted,

*/s/ Heidi K. Hubbard*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
hhubbard@wc.com
rmoore@wc.com
nwadhwani@wc.com


*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
CHAFFE McCALL LLP
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC,*

*formerly doing business as Hospira Worldwide, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                /s/ *Heidi K. Hubbard*