UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Emma Willie, No. 28-cv-03857

### DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF CHAPTER 13 TRUSTEE'S INTEREST IN UNLIQUIDATED TORT CLAIM OF DEBTOR, EMMA R. WILLIE, IN RE-OPENED CHAPTER 13 PROCEEDINGS

Plaintiff recently filed a Notice of Chapter 13 Trustee's Interest in Unliquidated Tort Claim of Debtor, Emma R. Willie, in Re-Opened Chapter 13 Proceedings (Rec. Doc. 12417) ("Notice"). Plaintiff's Notice is not relevant to the questions before this Court, and, to the extent it is inconsistent with Plaintiff's Response to Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment Under the Doctrine of Judicial Estoppel (Rec. Doc. 12282-1) ("Statement of Facts") or the Declaration of Emma R. Willie (Rec. Doc. 12282-6), it should be disregarded.

Mrs. Willie remains the real party in interest in this litigation. The Chapter 13 Trustee has not substituted in as the real party in interest—nor can they.[1] *See, e.g., In re Lymon*, No. 18-13128, 2020 WL 7388073, at *7 (Bankr. E.D. La. Jan. 15, 2020) (recognizing a Chapter 13 trustee cannot pursue a debtor's undisclosed claim because to do so would act beyond the trustee's statutory authority). Plaintiff's Notice is simply a late statement that the Chapter 13 Trustee has an "interest" in Mrs. Willie's personal injury claim, should a judgment be entered in this proceeding.[2] The

---

[1]     *See* Rec. Doc. 12201 (Defs.' Mot. for Summ. J. Based on Judicial Estoppel); Rec. Doc., 12316 (Defs.' Reply Mem. In Supp. of Mot. for Summ. J. Based on Judicial Estoppel).

[2]     *See* Rec. Doc. 12417, at ¶ 6 (Notice).

Chapter 13 Trustee, however, has had such an interest in this litigation since at least April 28, 2020, when the Bankruptcy Court granted the motion re-opening Ms. Willie's bankruptcy case.[3] And, as stated in Defendants' motion for summary judgment, the fact that the bankruptcy case was reopened does not alter the fact that, should the Court determine Mrs. Willie's actions meet the Fifth Circuit's criteria, she should be estopped from pursuing her claims in this litigation.[4]

Respectfully submitted,

| | |
|---|---|
| /s/ Douglas J. Moore | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@irwinllc.com |
| | abyard@shb.com |

*Counsel for Sanofi Defendants*
*Sanofi US Services Inc. and*
*sanofi-aventis U.S. LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore

---

[3] *See* Rec. Doc. 12417, at ¶ 3-4 (Notice).

[4] *See* Rec. Doc. 12201 (Defs.' Mot. for Summ. J. Based on Judicial Estoppel); Rec. Doc., 12316 (Defs.' Reply Mem. In Supp. of Mot. for Summ. J. Based on Judicial Estoppel).

2