# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "N" (5)

THIS DOCUMENT RELATES TO:
*Baby Fay Hurd,* Case No.: 2:20-cv-1784

## SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff could have submitted a PTO 71A statement[1] at any time in the more than nine months her case has been pending, but she failed to do so despite numerous deficiency notices from Defendants and a Show Cause Order from this Court.  It was not until March 15, 2021—*after* the Court's extension for Plaintiff to submit a PTO 71A statement had passed—that Plaintiff first produced a PTO 71A statement in this litigation.  The Court, thus, appropriately dismissed Plaintiff's case with prejudice.  Moreover, the veracity of Plaintiff's untimely PTO 71A statement is questionable.

Without even referencing the appropriate legal standard for relief—much less providing any legally sufficient justification—Plaintiff now requests the Court reconsider its Order dismissing her case with prejudice.  Assuming Plaintiff seeks relief under Rule 59(e), she has not satisfied this heavy burden.  Her Motion for Reconsideration must be denied.

## BACKGROUND

Plaintiff filed her case on June 22, 2020, making her PTO 71A statement due on September 5, 2020.[2]  On November 20, 2020, Sanofi identified Plaintiff's case as deficient for, *inter alia*,

---

[1]   *See* Rec. Doc. 1531 (Pretrial Order No. 71A [Replacing Pretrial Order No. 71 Governing Plaintiffs' Responsibilities Relevant to ESI]).

[2]   **Ex. A**, *Baby Fay Hurd v. Sanofi US Servs. Inc., et al.*, No. 20-cv-01784-JTM-MBN, Doc. 1 (Short Form Complaint).

failure to submit a PTO 71A statement.[3]  On December 21, 2020, Plaintiff's attorney responded to the November 20, 2020 Notice of Non-Compliance, e-mailing Sanofi that "Plaintiff is gathering all applicable documents and will supplement once received."[4]

When Plaintiff failed to submit a PTO 71A statement in response to the Notice, her case was *again* identified on the February 5, 2021 Notice of Non-Compliance that was filed with this Court.[5]  Plaintiff's counsel responded to the February 5, 2021 Notice of Non-Compliance on February 18, 2021, e-mailing Sanofi, "We are awaiting receipt of Plaintiff's ESI statement in the mail and will upload when received."[6]

Plaintiff still failed to submit a PTO 71A statement before the scheduled Show Cause hearing and was again identified on the hearing list sent to the Court on February 18, 2021.[7]  At the February 19, 2021 Show Cause hearing, the Court granted Plaintiff 15 additional days to comply with her PTO 71A obligation:

> MR. HARDENSTEIN: And as for the social media statement, we believe, based on our conversations with Ms. Hurd, that it had gotten lost in the mail, so we went ahead and Fed-Exed her a new one and would just request 14 days to get that back, returned and uploaded.
>
> THE COURT: The Court's going to grant 15 days to do that, to get in compliance.  Thank you.[8]

---

[3]   Rec. Doc. 12299 at 5 (Nov. 20, 2021 Email from Kelly Bieri to Dawn Barrios, Palmer Lambert, and Kate Robinson); *Id*. at 9 (Defs.' Notice of Non-Compliance indicating Baby Fay Hurd has "No PTO 71A").

[4]   **Ex. B**, Dec. 21, 2020 Email from Taylor Hardenstein to Sanofi.

[5]   Rec. Doc. 12123 (Defs.' Notice of Non-Compliance Cases Subject to February 19, 2021 Dismissal Call Docket).

[6]   **Ex. C**, Feb. 18, 2021 Email from Taylor Hardenstein to Sanofi.

[7]   **Ex. D**, Feb. 18, 2021 Email from Kelly Brilleaux to Samantha Schott.

[8]   **Ex. E**, Feb. 19, 2021 Show Cause Hr'g Tr. at 31:18–23.

Accordingly, Plaintiff had until March 6, 2021 to upload a signed PTO 71A statement, but failed to do so.[9]

On March 9, 2021, consistent with the practice agreed to by liaison counsel and as is customary in this litigation, Sanofi emailed Plaintiff's liaison counsel its intent to submit a letter seeking dismissal of Plaintiff's case.[10]  Sanofi then submitted to the Court its March 9, 2021 Letter Requesting Dismissal of Plaintiff's case.[11]

Six days later, on March 15, 2021, Plaintiff uploaded an undated PTO 71A statement to MDL Centrality.[12]  That same day, Plaintiff's counsel filed a response to Defendant's March 9, 2021 Letter Requesting Dismissal with the Court.[13]  In her response, Plaintiff admitted that she failed to timely file her PTO 71A statement, but asserted that because she had now uploaded a PTO 71A statement to MDL Centrality, her case should not be dismissed.[14]  This Court dismissed her case the next day—on March 16, 2021—although the Order is dated March 15, 2021.[15]  Plaintiff filed the instant Motion for Reconsideration on March 26, 2021.[16]

---

[9]   Recognizing that March 6, 2021 fell on a Saturday, Sanofi allowed Plaintiff two additional days—until March 8, 2021—to timely file her PTO 71A Statement.

[10]   **Ex. F**, Mar. 9, 2021 Email from Madison Hatten to Dawn Barrios and Palmer Lambert ("Please find attached a letter I plan to send to Judge Milazzo around 3 pm today.").  It is clear that when Ms. Hatten e-mailed Ms. Barrios, the draft letter was circulated to plaintiffs' counsel whose cases were implicated because when Plaintiff filed a "Response to Defendant Sanofi's March 9, 2021 Letter Requesting Dismissal," (Rec. Doc. 12297), she attached this older, draft version of the letter that was not actually submitted to the Court.

[11]   **Ex. G**, Mar. 9, 2021 Letter from Madison Hatten to Judge Milazzo Re: Sanofi's Notification of Plaintiff Who Failed to Cure Within 15 Days as Ordered at the February 19, 2021 Show Cause Hearing.

[12]   Rec. Doc. 12366-3 (Pl.'s Electronically Stored Information Statement).

[13]   Rec. Doc. 12297 (Pl.'s Resp. to Def. Sanofi's March 9, 2021 Letter Requesting Dismissal).

[14]   *Id.*

[15]   Rec. Doc. 12305 (Order Dismissing Case With Prejudice).

[16]   Rec. Doc. 12366 (Pl.'s Mot. for Reconsideration).

3

## LEGAL STANDARD

All postjudgment motions that call into question the correctness of the judgment and are served within twenty-eight days of the judgment's entry are treated as Federal Rule of Civil Procedure 59(e) motions. *Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 427 n.4 (5th Cir. 2013). Because Plaintiff's motion was filed ten days after the dismissal of her claims, Rule 59(e) governs.[17]

"The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018) (citing *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993)). Indeed, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As this Court has previously articulated, "'[r]elief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice.'"[18] A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. The movant has the burden of clearly establishing any manifest error. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citation

---

[17]   In the alternative, if Plaintiff argues that Federal Rule of Civil Procedure 60(b) applies, she has not met her standard for relief. This Court has denied previous motions to reconsider pursuant to Rule 60(b) under similar circumstances, noting "Plaintiff [] was on notice that her case could be dismissed if she failed to fulfill her obligations related to the Plaintiff Fact Sheet." *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2019 WL 250860, at *3 (E.D. La. Jan. 17, 2019). Moreover, the Fifth Circuit has stated courts "should only grant Rule 60(b)(6) motions if extraordinary circumstances are present. . . . **Missing a deadline, however, is not an extraordinary circumstance.**" *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (internal quotations and citations omitted) (emphasis added).

[18]   Rec. Doc. 11683, at 4 (Order and Reasons Denying Mot. for Reconsideration) (quoting Fed. R. Civ. P. 59(e)).

omitted).  "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."[19]

## ARGUMENT

### I.   PLAINTIFF DID NOT ARTICULATE, MUCH LESS MEET, THE HIGH STANDARD FOR RELIEF UNDER RULE 59(E).

Plaintiff's Motion for Reconsideration should be denied outright for failing to articulate the Rule 59(e) standard or explain to the Court under which arm of the Rule she seeks relief.  In her Motion, Plaintiff does not assert that there was: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice, which are the only circumstances under which Rule 59 can apply.  The Court should weigh this defect heavily in rendering its decision.  *See, e.g.*, *Faciane v. Sun Life Assurance Co. of Can.*, No. 18-cv-30918, 2019 WL 3334654, at *8 (5th Cir. July 25, 2019) ("Our court routinely dismisses arguments as abandoned when parties fail to brief them.  The same is suitable here, given [appellant's] lack of briefing on the Rule 59(e) standard.") (citations omitted).

Moreover, Plaintiff's motion provides no basis for reconsideration under any of the three prongs outlined in Rule 59(e).  Plaintiff does not argue that a change in controlling law would warrant reconsideration under Rule 59(e).  This is because no new law exists.

She also does not argue that her motion is based on new evidence not previously available.  Nor could she.  Every fact relied on by Plaintiff in her motion for reconsideration was available to her absolutely no later than March 15, 2021, when she filed her response to Defendant's March 9, 2021 Letter Requesting Dismissal.

---

[19]   Rec. Doc. 9115, at 2–3 (Order and Reasons Denying Mot. for Reconsideration) (quoting *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

Finally, Plaintiff does not assert that the Court committed clear error or that manifest injustice will ensue if Plaintiff's case remains dismissed.  To the contrary, she asserts only that legal arguments and evidence <u>previously available</u> now warrant a different result.  But those arguments do not meet the requirements of Rule 59(e).  *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 733 (5th Cir. 2008) ("A party's 'unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'") (quoting *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006)).  Plaintiff has failed to meet her burden under Rule 59(e).

## II. THE COURT CORRECTLY DISMISSED PLAINTIFF'S CASE WITH PREJUDICE.

### A. There Is A Clear Record Of Delay And A Lesser Sanction Would Not Serve The Interests of Justice.

Even if Plaintiff had met the legal standard for reconsideration (she has not), the outcome would remain the same.  Plaintiff failed to submit a PTO 71A statement at any time in the more than nine months her case was pending despite: (1) being notified multiple times of the deficiency by Defendants before the February 19, 2021, Show Cause hearing[20] and (2) a Show Cause Order mandating compliance within 15 days.  Plaintiff now argues her case should be reopened because of delays caused by the winter storm in Texas and the fact that she ultimately submitted a PTO 71A statement.

As previously discussed, the delay caused by the Texas winter storm was previously known when Plaintiff filed her response to Defendant's March 9, 2021 Letter Requesting Dismissal, yet she failed to address it.  Moreover, while Sanofi is sympathetic to those impacted by the storm, it

---

[20]   Plaintiff's Motion seemingly argues that Sanofi failed to provide notice to Plaintiff and her counsel at all.  This is simply inaccurate.  As outlined above, Sanofi provided ample notice in accordance with relevant Pretrial Order procedures.

6

is inexcusable that counsel sent Plaintiff a new PTO 71A statement two days before the Show Cause hearing. Counsel knew about the relevant deficiency no later than November 20, 2020, and was aware of Plaintiff's obligation to produce a PTO 71A statement since the case was filed in June 2020. And, despite the storm, Plaintiff admits that when she received the PTO 71A statement, she "did not immediately complete, execute, and return the PTO 71A statement to counsel."[21] Plaintiff's failure to take seriously this Court's deadlines should not be rewarded by reopening her case.

In arguing that this Court inappropriately dismissed her case with prejudice, Plaintiff also cites *Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F. 3d 351, 356–357 (5th Cir. 2020). But contrary to Plaintiff's best efforts to distinguish it, *Kuykendall* supports dismissal on this record. In *Kuykendall*, the Fifth Circuit affirmed this Court's dismissal of plaintiff's claims for failing to timely file a Plaintiff Fact Sheet. *Id.* In so doing, it noted that dismissal with prejudice is appropriate "so long as (1) there is a 'clear record of delay or contumacious conduct by the plaintiff,' and (2) lesser sanctions would not serve the best interests of justice." *Id.* at 358 (internal citation omitted). As in *Kuykendall*, both elements supporting dismissal with prejudice are met here.

The first prong is certainly met. As noted above, Plaintiff failed to comply with the Court's order to submit a PTO 71A statement for months, despite multiple notices by Sanofi and a Show Cause Order by the Court. Plaintiff complains that her delay was not as long as the delay in *Kuykendall*, making her case distinguishable. But the *Kuykendall* Court rejected that same argument, noting that "[b]ecause this case involves an MDL," "the district court was empowered to "establish [a] schedule[ ] with [a] firm cutoff date[ ]." *Kuykendall*, 966 F.3d at 360 (quoting *In*

---

[21]   Rec. Doc. 12366-2 at 2 (Pl.'s Mot. for Reconsideration).

*re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006)).  And

"'administering cases in multidistrict litigation is different from administering cases on a routine

docket.'"  *Id.* (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d

863, 867 (8th Cir. 2007)).  Plaintiff's failure to file a PTO 71A statement within the timeframe set

by the Court evidences a clear record of delay.

 Second, the record shows that a lesser sanction would not serve the best interests of justice.

As in *Kuykendall*, Plaintiff was given several opportunities to comply with PTO 71A (whether by

notices from Defendant or an extension from the Court), but she continuously failed to upload a

PTO 71A statement to MDL Centrality.  *Kuykendall*, 966 F.3d at 360.  "'Providing plaintiff with

a second or third chance' is itself 'a lenient sanction, which, when met with further default, may

justify imposition of the ultimate sanction of dismissal with prejudice.'"  *Id.* (quoting *Callip v.*

*Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam) (cleaned up)).

Given Plaintiff's multiple notices and extensions from both Sanofi and the Court, it is unclear what

lesser sanction could have been appropriate.

 This is especially true, where, as here, Sanofi will suffer unfair prejudice if the case is

reopened.  *In re Phenylpropanolamine Prod. Lib. Litig.*, 460 F.3d at 1235-37 ("Failing to produce

documents as ordered is considered sufficient prejudice. . . .  The law also presumes prejudice

from unreasonable delay.").  As this Court has recognized:

> [A]dministering cases in multidistrict litigation is different from administering
> cases on a routine docket, so the lens through which the district court . . . view[s]
> transgressions, and sanctions, is different as well.  Multidistrict litigation is a
> "special breed of complex litigation where the whole is bigger than the sum of its
> parts," and the district court "needs to have broad discretion to administer the
> proceeding as a whole, which necessarily includes keeping the parts in line."  It
> makes sense then that an MDL court may consider "the importance of sanctions as
> a deterrent to noncompliance by the thousands of other plaintiffs in the litigation."

*In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2019 WL 250860, at *1 (E.D. La. Jan. 17, 2019) (internal citations omitted); *see also Kuykendall*, 966 F.3d at 359 (quoting *Nwatulegwu v. Boehringer Ingelheim Pharm., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016) ("Strict adherence to case management orders is necessary to manage multidistrict litigation.")).  Here, Defendants are prejudiced by plaintiffs who continue to fail to comply with court-ordered deadlines, as it slows down the entire adjudication of this MDL.  A lesser sanction would not serve the interests of justice.

For these reasons, Plaintiff is unable to show that dismissal of her claims with prejudice was inappropriate, and reconsideration of this Court's order is unwarranted.

### B. Plaintiff Failed To Comply With Discovery Obligations and Disclose The Existence Of Discoverable Information.

In spite of all this, Plaintiff claims she "has now fully complied with PTO 71A,"[22] but this is simply not true.  An online search reveals that Plaintiff has misrepresented her social media presence and withheld ESI mandated by this Court's orders.

Plaintiff's untimely PTO 71A statement alleges, "I do not have any locations or resources where responsive ESI may exist,"[23] yet she has a Facebook account.[24]  And so do her three children—each of whom have posted photos, and some videos, of Plaintiff.[25]  Take, for example, this photo from Plaintiff's youngest daughter's Facebook account[26]:

---

[22]   Rec. Doc. 13336-2 at 4.

[23]   Rec. Doc. 12366-3 at 1.

[24]   *See* Facebook, *Faye Coleman-Hurd*, https://www.facebook.com/faye.colemanhurd (last visited Apr. 12, 2021). Sanofi's investigation indicates Plaintiff's Facebook account is active, but her "profile," including posts and photographs, is only accessible to her Facebook friends.

[25]   It is clear that these individuals are Plaintiff's children because Plaintiff named them as her children on her PFS, and they refer to Ms. Hurd as their mom in their posts.  **Ex. H**, First Amended PFS at 7 (relevant portion attached) (identifying Robert Dixon, Tracy Dixon, and Schantella Dixon as her children).

[26]   Facebook, *Schantella Dixon*, https://www.facebook.com/schantellad (last visited Apr. 12, 2021).



Or this photo from March 2019 posted by her son[27]:



And, finally, this photo posted to her daughter's Facebook in February 2019[28]:



---

[27]   Facebook, *Robert Dixon*, https://www.facebook.com/robert.dixon.33 (last visited Apr. 12, 2021).

[28]   Facebook, *Tracy Dixon*, https://www.facebook.com/tracy.annette.5 (last visited Apr. 12, 2021).

Despite not identifying or producing these photos, or any other ESI in this litigation, Plaintiff attests to having conducted a search for ESI and "taken the steps to preserve and produce all ESI within the scope of discovery."[29] A simple search refutes this assertion. This Court has already issued a "warning to other plaintiffs" that their failure to comply with court orders could result in sanctions, including dismissal with prejudice.[30] Plaintiff's discovery deficiency further supports denying the instant Motion.[31]

## IV.  CONCLUSION

Plaintiff has presented no valid reason for the Court to reconsider its Order. Plaintiff was on notice that this case could be dismissed if she failed to fulfill her Court-ordered obligations long before March 16, 2021. Her failure to meet the deadlines (and then producing a false PTO 71A statement) should not be rewarded by allowing Plaintiff's dismissed claims to now proceed. As Judge Engelhardt recognized:

> To be effective, the dismissal procedure requires predictability regarding the Court's orders. Lightly vacating Orders, in the absence of unusual or compelling circumstances (which are not present here), would undermine the process and lead to further delay. If cases of extreme neglect such as the movants' cannot be dismissed (and remain dismissed), then the Court's orders would lose all credibility. The message sent would be that compliance with the Court's deadlines is optional.

---

[29]  Rec. Doc. 12366-3 at 2.

[30]  Rec. Doc. 3917 ("If the Court learns that any other plaintiff has intentionally withheld relevant information that should have been produced in a PFS or in response to a request by Defendants, the Court will impose severe sanctions, which may include dismissal with prejudice.").

[31]  PTO 71A states:

> **Rule 26(g) certification**. Any statement, declarations or certifications made by a plaintiff or her attorney regarding information and documents produced in discovery in this litigation, including the PFS declaration and the disclosure required under ¶ 5 of this Order, shall be subject to Rule 26(g)(3).

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2011 WL 5547876, at *9 (E.D. La. Nov. 15, 2011).   This Court properly dismissed with prejudice Plaintiff's case, and her Motion for Reconsideration should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com
***Counsel for Sanofi U.S. Services Inc. and sanofi-aventis U.S. LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*