**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

                                               JUDGE MILAZZO

                                               MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO:
    *Audrey Plaisance vs. Hospira Worldwide, LLC F/K/A et al.,*
    *Civil Case No. 2:18-cv-08086*

**PLAINTIFF AUDREY PLAISANCE'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIMS UNDER**
**ILLINOIS LAW**

        Hospira argues that Louisiana law should govern all of Plaintiff Audrey Plaisance's claims.

In making this argument, Hospira asks the Court to deprive Mrs. Plaisance of her right to choose

her original filing venue, within the bounds of 28 U.S.C. § 1391, in this Multidistrict Litigation.

Further, Hospira urges the Court to ignore established Illinois choice of law jurisprudence and

avoid conducting a careful choice of law analysis. Instead, Hospira presents a hard and fast rule

under which the Court would apply the law of the state in which an MDL plaintiff was

administered docetaxel, regardless of original filing venue or that venue's choice of law rules.

While this rule might be attractive in its simplicity, it is not supported by any authority, and in fact,

conflicts with basic choice of law jurisprudence. For these reasons and those stated more fully

below, summary judgment should not be granted as to Mrs. Plaisance's claim for punitive damages

under Illinois law.[1]

---

[1] Mrs. Plaisance concedes that Louisiana product liability law should govern in her case, except
as to her punitive damages claim. However, that conclusion should be reached through a choice
of law analysis under Illinois choice of law rules. *See infra* Section II.D.

1

I.      **Facts**

Mrs. Plaisance, a Louisiana resident, was prescribed Docetaxel that was manufactured, marketed, and distributed for use by Defendants Hospira Worldwide, LLC and Hospira, Inc. (collectively referred to hereafter as "Hospira"). Hospira's principle place of business is in Lake Forest, Illinois in the Northern District of Illinois. *See* Hospira's Answer to Plaintiffs' Amended Master Long Form Complaint, Rec. Doc. 963, at ¶¶ 64-65. In Mrs. Plaisance's original Short Form Complaint, filed in this MDL on August 23, 2018, she alleged that she would have filed her Complaint in the Northern District of Illinois, absent the direct filing Order entered by this Court. Plaisance SFC, attached as Exhibit 1, at ¶ 8. Mrs. Plaisance's Amended Short Form Complaint, cited by Hospira in its Motion, did not alter the ¶8 venue allegation in any way. *See* Defs' Ex. 2, Plaisance Amended SFC.

II.     **Argument and Authority**

A. **The transferor venue in Plaintiff's case is the Northern District of Illinois**

The federal venue statute provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporate entity defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2). A corporate defendant is always subject to personal jurisdiction in the judicial district in which its headquarters are located. *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017); *Salinas v. O'reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005).

Section 1391 grants a plaintiff a choice of courts, and the plaintiff "has the privilege of filing his claim in any judicial division appropriate under the general venue statute…." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). While the "effects of the exercise of this privilege" may be tempered by 28 U.S.C. § 1404(a) transfer, such transfer is only appropriate where the party seeking transfer demonstrates good cause. *Id.* at 314. A plaintiff's venue choice must be respected unless another venue is "clearly more convenient" than that chosen by the plaintiff. *Id.* Contrary to Hospira's argument, the plaintiff's right to choose her venue is not disturbed by MDL coordination, including 28 U.S.C. §1407 transfer to an MDL or direct filing into an MDL pursuant to a direct file order. *See, e.g.*, 28 U.S.C. §1407; *Wahl v. GE*, 786 F.3d 491, 498 (6th Cir. 2015) (holding that direct filing of MDL case did not alter location of transferee venue at time of remand).

Mrs. Plaisance filed her case directly into this MDL pursuant to Pretrial Order No. 4 (Rec. Doc. 122), but she identified the Northern District of Illinois as her chosen transferor venue in her original Short Form Complaint. Further, she identified this transferor venue pursuant to the express instructions of the Short Form Complaint, the use of which was mandated by the Court. *See* Pretrial Order No. 15 at ¶C.b. (Rec. Doc. 230); Plaisance SFC, attached as Exhibit 1, at ¶ 8. Finally, Hospira is undeniably subject to personal jurisdiction in the Northern District of Illinois, and as such, Mrs. Plaisance's chosen venue is appropriate pursuant to the federal venue statute. Therefore, Mrs. Plaisance's transferor venue is the Northern District of Illinois.

Contrary to Hospira's prior argument raised in opposition to Plaintiff's Motion to File Amended Short Form Complaints, Mrs. Plaisance does not now "seek to proceed with her case in the Northern District of Illinois." Rec. Doc. 10993-2, at 2. Instead, she has waived any objection to this Court's authority to try her case, which she might otherwise possess pursuant to *Lexecon v.*

3

*Millbert Weiss*, 523 U.S. 26 (1998). However, this *Lexecon* waiver does not alter her original filing venue, nor the choice of law analysis in her case. Further, she has not waived her original filing venue by failing to object to her inclusion in the trial pool, as Hospira further argued in its Surreply. *Id.* at 3. Mrs. Plaisance did not have an objection to her inclusion in the trial pool, so she did not raise any such objection.[2]

Also raised in opposition to Plaintiffs' Motion for Leave to File Amended Short Form Complaints, Hospira argued that federal courts routinely transfer venue to plaintiff's home jurisdiction in personal injury cases. Rec. Doc. 10907, at 6. However, Hospira has not made a motion for §1404 transfer nor has it demonstrated good cause for such a transfer. *See In re Chatman-Bey*, 718 F.2d 484, 488  (D.C. Cir. 1983) (noting that "transfer on a court's own motion is strongly disfavored"). In fact, there is no good cause for §1404 transfer since the parties have waived their *Lexecon* rights and this Court is in a position to try this case. Further, even if this case were not a part of this MDL, there would be insufficient cause for transferring this case from Illinois. Unequivocally, all of the relevant conduct giving rise to this case, except the actual administration of docetaxel and resulting injury to Mrs. Plaisance, occurred in Illinois. *See* Plaintiff's Statement of Undisputed Facts, ¶¶8-9.

Ultimately, Mrs. Plaisance elected to file her case in the Northern District of Illinois, though she did so through the admittedly MDL-unique tool of direct-filing. Hospira now asks the Court to disregard that venue choice for the sole purpose of gaining access to Louisiana choice of law rules. That results driven approach is not supported by any authority and would greatly discourage direct filing in future MDLs.

---

[2] In fact, it is the defendants in this MDL, not the Plaintiffs, who have consistently refused to waive their *Lexecon* rights.

**B. Illinois choice of law rules must be applied in this case**

As Hospira notes, "[w]here a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied." *In re Air Disaster at Ramstein Air Base, Germany on 8/29/90*, 81 F.3d 570, 576 (5th Cir. 1996) (citations omitted); *Kaiser v. C.R. Bard, Inc.*, 2016 U.S. Dist. LEXIS 157627 at *5 (S.D. W. Va. November 15, 2016) ("the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation"). The choice of law analysis in this case is not impacted by the fact that Mrs. Plaisance direct-filed her case in this MDL. *See* Pretrial Order No. 4 (Rec. Doc. 122) ("[Direct filing] will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.").

Hospira cites several cases for the proposition that Louisiana law governs cases in which the plaintiff was a Louisiana resident, received the product at issue in Louisiana, and sustained the alleged injury in Louisiana. *See* Def. Memorandum at 4. However, Hospira omits the critical fact that each of these cases was originally filed in Louisiana. It is not at all instructive that these Courts applied Louisiana choice of law rules in cases that were originally filed in Louisiana. In fact, the Court in *Clayton v. Ethicon Inc.* specifically referenced the fact that the case was filed in Louisiana in reaching its choice of law conclusion. *Clayton v. Ethicon Inc.*, No. 17-10168, 2019 U.S. Dist. LEXIS 68281, at *2-3 ("Because this case was originally filed in Louisiana, Louisiana's choice of law rules apply.").

Since Mrs. Plaisance's transferor venue is the Northern District of Illinois, Illinois choice of law rules must be applied in this case. Her case was effectively filed in Illinois and, therefore,

Illinois choice of law rules govern and are the starting point for the Court's choice of law analysis.

### C. Illinois choice of law rules require application of Illinois law to Mrs. Plaisance's punitive damages claim

Illinois has adopted the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *See, e.g.*, Miller v. Long-Airdox Co., 914 F.2d 976, 978 (7th Cir. 1990); *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744, 747 (N.D. Ill. 2010). Courts must conduct an issue-by-issue choice of law analysis, and different states' law may govern different issues. *I-Flow Corp.*, 753 F. Supp. 2d at 747.[3] While there is a presumption in personal injury cases that the law of the state where the injury occurred governs, that presumption may be overcome. *Id.* In answering this question, the court must consider the principles set forth in Sections 6 and 145 of the Restatement (Second) of Conflicts of Laws. *Id.*

Section 145 of the Second Restatement sets forth a list of factual contacts for courts to consider, including the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile of the parties, and the place where the relationship, if any, between the parties is centered. *Townsend v. Sears, Roebuck & Co.*, 879 N.E. 2d 893, 901 (Ill. 2007). However, the court cannot simply count the relevant states' contacts, but must consider them in light of the general principles identified in Section 6 of the Restatement. *Id.* Specifically, the Court should consider the "relevant policies of the forum; the relevant policies of the interested states and the relative interests of those states *in the determination of the particular issue*; *and the basic*

---

[3] Of course, before a choice of law analysis is appropriate, or even necessary, there must be a conflict between two states' law on a particular issue. Such a conflict exists here, as Louisiana law disallows punitive damages and Illinois law allows punitive damages. *Compare Cheeks v. Bayer Corp.*, No. 03-132, 2003 U.S. Dist. LEXIS 5236, at *3 (E.D. La. march 31, 2003) *with Moore v. Remington Arms Co.*, 427 N.E.2d 608, 617 (Ill. Ct. App. 1981).

policies underlying the particular field of law." *I-Flow Corp.*, 753 F. Supp. 2d at 747 (emphasis added).

A state's purpose in imposing punitive damages is to "punish wrongdoing, and thereby to protect itself from future misconduct…." *Id.* at 748. Conversely, "a state's decision to *disallow* punitive damages is to protect its residents from excessive liability." *Id.* (emphasis added). In light of these converse purposes, "a state in which a defendant is domiciled has a considerably stronger policy interest in whether punitive damages are available than the state in which the plaintiff's injury occurred." *Id.*; *see also Med Mut. of Ohio v. Abbvie Inc. (In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings)*, 159 F. Supp. 3d 898, 926 fn. 9*; Paulsen v. Abbot Labs.*, No. 15-cv-4144, 2018 U.S. Dist. LEXIS 50256, at *36-37 (N.D. Ill. March 27, 2018) (distinguishing *I-Flow Corp* based on the fact that punitive damages were not at issue in *Paulsen*).

Hospira argues that the holding in *I-Flow* was inconsistent with the Illinois Supreme Court's analysis in *Townsend*. Def. Memorandum at 6. However, this is not true, and *Townsend* was carefully distinguished by the Court in *I-Flow*. Hospira's argument interprets *Townsend* as creating an inflexible *rule* that the law of the state of injury governs, rather than the *presumption* that *Townsend* actually stated. As the Court in *I-Flow* explained:

> *Townsend*, however, is distinguishable. In that case, the 'place of wrongdoing' factor pointed to the laws of two different states, because the defendant's claim of contributory negligence brought plaintiff's alleged wrongdoing into play. One of those states, Illinois, was the state where the plaintiff's injury had occurred. Thus both of the most significant contacts pointed, at least partly, toward the place of injury, leaving no persuasive argument to rebut the presumption in favor of applying that state's law. In the Smith's case, by contrast, there is no claim of any sort of fault on the

7

plaintiffs' part. Thus unlike in *Townsend*, one of the two most significant contacts points, in this case, away from applying (at least on the issue of punitive damages) the law of the place where the plaintiff's injury occurred.

*I-Flow Corp.*, 753 F. Supp. 2d at 749.

A careful choice of law analysis utilizing the most significant relationship test leads to the conclusion that Mrs. Plaisance's punitive damages claim is governed by Illinois law. In fact, the analysis in Mrs. Plaisance's case is exactly the same as that conducted in *I-Flow*. Mrs. Plaisance was injured in Louisiana. However, the conduct that led to her injury, specifically Hospira's decision making regarding its docetaxel products and the warnings that accompanied those products, occurred in Illinois where it is headquartered. *Cf. I-Flow* 753 F. Supp. 2d at 747-748 (explaining that Plaintiff's injury occurred in Michigan, but I-Flow's decisions regarding marketing and distribution of its pain pumps, took place in California where I-Flow is headquartered).[4]

As seen in *I-Flow* the Court should next consider the policy factors identified in Section 6 of the Restatement. The purpose of Illinois's allowance of punitive damages in product liability cases is to punish wrongdoing by product manufacturers, thereby deterring future misconduct. On the other hand, Louisiana's disallowance of punitive damages can only fulfill the purpose of protecting its residents from excessive liability. As such, Illinois has a "considerably stronger policy interest in whether punitive damages are available" than does Louisiana. In fact, Louisiana does not have any identifiable interest in preventing the imposition of punitive damages against a corporation that is not domiciled within its borders, as is the case here.

---

[4] As in *I-Flow*, there is no viable claim of contributory negligence presented in this case. While Hospira included a generic contributory negligence affirmative defense in its Answer to the Master Complaint, there is no evidence in the records to support such defense.

**D. The Court should interpret Mrs. Plaisance's failure to warn claim as being subject to the LPLA**

Mrs. Plaisance concedes that, in regard to her theories of liability, she cannot overcome the presumption that the law of her place of injury, Louisiana, applies in her case. *See, e.g.*, *Paulsen*, 2018 U.S. Dist. LEXIS at *33. Since the exclusive theories of liability available under Louisiana law are found in the LPLA, the Court should interpret her failure to warn claim under the LPLA as the Court has done in other cases. *See* Order (Rec. Doc. 11825 at 5) ("The Court, therefore, sees no need to strike Count I but instead interprets it as being subject to the LPLA."). This concession does not impact the conclusion that Illinois law governs Mrs. Plaisance's punitive damages claim.

## CONCLUSION

Mrs. Plaisance filed her case in the Northern District of Illinois, a proper venue pursuant to 28 U.S.C. §1391. As a result, Illinois choice of law rules must govern her case. An issue-by-issue choice of law analysis under Illinois choice of law rules leads to the conclusion that Illinois law should govern Mrs. Plaisance's punitive damages claim. Therefore, Hospira's Motion should be denied as to Mrs. Plaisance's punitive damages claim and her Count I Failure to Warn claim should be interpreted under the LPLA.

Dated: April 19, 2021                    Respectfully submitted,


*/s/ Christopher L. Coffin*              */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.         GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225          6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163             Los Angeles, California 90045
Phone: (504) 355-0086                    Telephone: 510-350-9700
Fax: (504) 355-0089                      Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                   kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*            *Plaintiffs' Co-Lead Counsel*

9

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 19, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS