**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | |
| | : | SECTION "N"(5) |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| | : | HON. JANE TRICHE MILAZZO |
| | : | |
| BABY FAY HURD | : | |
|     Plaintiff(s), | : | |
| | : | |
| vs. | : | |
| | : | |
| SANOFI S.A., et al., | : | |
|     Defendant(s). | : | |
| | : | |
| Civil Case No.: 2:20-cv-01784 | : | |
| ------------------------------------------------------------ | : | |

**PLAINTIFF'S REPLY TO SANOFI'S OPPOSITION OF**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW Plaintiff Baby Fay Hurd, by and through the undersigned counsel, and respectfully replies to Defendant Sanofi's opposition to her motion to reconsider dismissing her case with prejudice and would show unto the court the following:

**INTRODUCTION**

At the time of the dismissal, Plaintiff was in compliance with the court's requirement to submit an executed PTO71A. As was discussed in Plaintiff's Memorandum in Support of the Motion for Reconsideration, the PTO71A was admittedly submitted outside the Court's guidance as set in the February 19, 2021 show cause order. At most, Plaintiff's submission outside the window amounted to excusable neglect. The change in the case occurred when Plaintiff submitted her PTO71A statement. At that time, she was in compliance with her responsibilities under PTO71A, as well as the Court's order.

1

**ARGUMENT**

Plaintiff's Motion for Reconsideration should be construed as a motion to alter or amend under Fed. R. Civ. P. 59(e), similar to what the court did in *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 423 (5th Cir. 2019) ("Because Faciane had filed it within twenty-eight days of final judgment, the court appropriately construed it as a motion to alter or amend the judgment under Rule 59(e)."). Here, Plaintiff's Motion for Reconsideration was filed within 28 days of the March 16, 2021 dismissal (Doc. 12305). As such, it should be viewed through the lens of Rule 59(e). Such "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact . . . and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Life Partners Creditors' Trust v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 128 (5th Cir. 2019); *see also Faciane*, 931 F.3d at 423.

Both propositions in *Cowly* hold true here. As Plaintiff noted in her Memorandum in Support (Doc. 12366-2), her failure to submit a PTO71A statement was brought to the Court's attention *exactly* one time, at the February 19, 2021 Show Cause hearing. Factually, Plaintiff became fully compliant with the Court's order to submit a PTO71A statement on March 15, 2021, when it was submitted to MDL Centrality and Defendants were subsequently given notice thereof. *See* Doc. 12297 at *2; *see also* Doc. 12366-2, at *3. Plaintiff similarly alerted the Court to this fact in her March 15, 2021 letter explaining the circumstances. (Doc. 12297).  Plaintiff's March 15, 2021 letter to the Court showing full compliance was an argument against dismissal, was timely made, and was made before any judgment was issued by the Court.[1]

---

[1] The dismissal was signed March 15, 2021, but was filed the next day, March 16, 2021. Doc. 12305.

Plaintiff admits and agrees that MDL courts have the power to "manage their own affairs" in the maintenance of their dockets, *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995), with said power allowing the use of "last resort" tactics, such as dismissal with prejudice. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). That sanction, however, has been acknowledged by the Fifth Circuit to be "draconian." *Id.* Dismissal of Plaintiff's case *with prejudice* was too harsh a penalty, considering Plaintiff became fully compliant and gave timely notice thereof to both the Court and Defendants. Dismissal of her case despite that amounts to a manifest error under the law.

Plaintiff's case is distinguishable from *Kuykendall* in that Plaintiff in the present case became fully compliant in filing her PTO71A statement *before* dismissal, whereas Kuykendall never cured prior to dismissal. *Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F. 3d 351 at 356-357 (5th Cir. 2020). Despite submitting a PFS prior to the rescheduled Show Cause hearing, Kuykendall failed to abide by her duty to submit a "substantially complete" PFS. *Id.* at 356 (noting that ". . . the document was missing responses to several important questions, including spousal information, weight and height information, and information regarding her prescribing doctor."). Even after the Show Cause Hearing, Plaintiff in *Kuykendall* failed to address these case critical issues. Plaintiff in the instant case did not fail in that regard, despite what Defendants would attempt to argue regarding her duties and disclosures under PTO71A.

In addressing the veracity of Plaintiff's PTO71A statement, Defendants are correct in that the Facebook page titled *Faye Coleman-Hurd* is active; however, aside from the page name and friends list, there is no other identifying information. When asked by her counsel if the Facebook page *Faye Coleman-Hurd* belongs to her, Plaintiff explicitly informed her counsel that she does

wider

not have a Facebook page, and that this one does not belong to her, despite the name.[2] This

corresponds to the ESI statement that Plaintiff signed and returned to counsel's office. Plaintiff

was unable to opine on who this page belongs to, or who may have set it up. Counsel has no reason

to believe that Plaintiff is not telling the truth regarding this.

  With regard to Defendant's argument that Plaintiff failed to disclose potential ESI located

on her children's social media accounts, Plaintiff would show that under PTO71A, Plaintiff has an

obligation to identify and subsequently produce any relevant ESI *within* her control. (Doc. 1531).

Paragraph 2 of PTO71A lists a non-exhaustive list of sources of ESI that she may have "used or

maintained . . . five years prior to her docetaxel treatment." *Id.* at ¶ 2. Paragraph 3 likewise outlines

a Plaintiff's search obligations with respect to any sources identified in paragraph 2. *Id.* at ¶ 3.

Nowhere in paragraphs 2 or 3, nor the rest of PT071A, does it show that Plaintiff has an obligation

to search and produce ESI that is out of their custody or control and is maintained or owned by

third parties not associated with her case. *Id.* Plaintiff would further show that the photos produced

by Defendant in footnotes 26, 27, and 28 of their opposition memorandum do not have the

Facebook page of *Faye Coleman-Hurd*—the page in question—named, identified, or otherwise

"tagged" in any of the three photos uploaded by Plaintiff's children.[3] Plaintiff was under no

obligation to produce or identify the pages or photos in question because they were not maintained

or used by her, but rather those of her children. Nor was she under any obligation to identify or

search any page that she contends she is not owner of.

---

[2] *See* Facebook, *Faye Coleman-Hurd*, https://www.facebook.com/faye.colemanhurd (last visited Apr. 15, 2021).

[3] *See* Sanofi's Opposition to Plaintiff's Motion for Reconsideration, pgs. 9-10, FN 26, 27, 28, respectively.

**CONCLUSION**

Ms. Hurd did not have a requirement to identify and submit ESI in the hands of third parties. She became fully compliant in her discovery requirements without any additional intercession by the Court, and said compliance occurred before any judgment occurred. Dismissal of her case with prejudice remains a remedy of last resort that was not appropriate given the procedural history of this case.

For the reasons stated above, Plaintiff requests the Court to reconsider and reverse its prior dismissal.

This the 20th day of April, 2021.

DAVIS & CRUMP, P.C.

/s/ Trevor B. Rockstad
Trevor B. Rockstad
MS State Bar No.: 103614
2601 14th Street
Gulfport, MS 39501
Phone: 228-863-6000
Facsimile: 228-864-0907
Email: Trevor.rockstad@daviscrump.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Trevor B. Rockstad*

TREVOR B. ROCKSTAD