UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
Loretta Anderson, Case No. 2:20-cv-03087

## PLAINTIFF LORETTA ANDERSON'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Loretta Anderson opposes Defendants' motion for judgment on the pleadings and respectfully submits this memorandum of law in opposition to Defendants' motion. The motion should be denied because the parties did not intend the stipulation of dismissal filed in this case to have *res judicata* effect, and the stipulation should be vacated under Federal Rule of Civil Procedure 60(b)(6) (as specifically contemplated in the stipulation of dismissal and Pretrial Order No. 87), which is warranted by the complex circumstances at issue in this case.

### I. FACTUAL BACKGROUND

From the outset of the Taxotere litigation, Defendants have complicated the procedural picture and contributed to the circumstances they now seek to exploit. Since the inception of the case, Defendants have demanded dismissals "with prejudice" of duplicative lawsuits, whether mistakenly filed as duplicates or an inadvertent dual representation issue.[1] To address such filings, the Court instituted procedures to de-duplicate filings through issuance of Pretrial Orders and enforcement mechanisms in show cause proceedings. In preparation of each Pretrial Order, undersigned counsel

---

[1] *See also* Joint Report No. 5 of Liaison Counsel (Doc. 839) at 5-6.

understands from PSC leadership that Defendants demanded dismissals "with prejudice" in these situations.[2]

Additionally, at the outset of a mass tort litigation, individual plaintiffs consult with their attorneys as to whether they wish to proceed in federal or state court, as is their right under the diversity rules to sue a defendant in the defendant's home state. Compounding that attorney-client protected decision-making in this litigation was unknown product/manufacturer identification, particularly for plaintiffs who resided in a state where one of the many potential defendants "reside" for purposes of diversity jurisdiction and who were faced with perceived statutes of limitation prior to obtaining manufacturer identification. Indeed, early in the litigation, undersigned counsel also understands from PSC leadership that Defendants asked this Court to find that multi-defendant cases filed prior to obtaining specific evidence identifying a particular manufacturer amounted to a Rule 11 violation (a position that undersigned Judge Engelhardt rejected but addressed through entry of a product identification process in CMO 12).[3] Because of these procedural challenges, some of which were unique to this MDL, many plaintiffs' cases were filed in multiple jurisdictions.

But most of these cases were eventually removed and consolidated into the MDL, resulting in a need for this Court to address whether multi-plaintiff complaints would be allowed to proceed under the FRCP joinder rules. Finding that joinder rules prohibited

---

[2] *See also* CMO 12A. When the original version of CMO 12A was being negotiated, Defendants would not admit or stipulate to definitive manufacturer identification once certain presumptive categories of identification were met, despite their demands for dismissals with prejudice upon obtaining presumptive proof. In the final versions of CMO 12, and subsequently CMO 12A, Defendants agreed to addition of language identifying Federal Rule of Civil Procedure 60(b)(6) as a procedural means to unwind dismissals, in the event presumptive identification proof later turned out to be incorrect and despite the form dismissal attached to CMO 12A being "with prejudice."

[3] The "Rule 11" position was properly rejected, as Sanofi (unlike other Taxotere MDL defendants) initially refused to enter tolling agreements with plaintiffs facing upcoming/perceived limitations periods.

such multi-plaintiff filings, the Court entered Pretrial Order (PTO) No. 65, which required the severance of plaintiffs from such cases and the re-filing of individual short form complaints within 45 days from the Order of severance. (*See* PTO No. 65, Doc. 959). PTO 65 governed the severance and re-filing of Ms. Anderson's case because hers was one of the multi-plaintiff filings (Case No. 2:18-cv-02599) in the MDL. Ms. Anderson's attorneys at the time, Napoli Shkolnik PLLC, also entered a subsequent Stipulation Concerning Multiple Filings (Doc. 2421) with the Sanofi Defendants, among others, to address the handling of Napoli Shkolnik's multi-plaintiff and duplicate cases.

Consistent with PTO 65 and the Stipulation Concerning Multiple Filings, the Court entered an Order of Severance on July 30, 2018, which ordered that Ms. Anderson's case be severed from the multi-plaintiff case (2:18-cv-2599) with which it had been filed (Order of Severance, Doc. 3567). Napoli Shkolnik did not then file a new short-form individual complaint on her behalf within 45 days of severance under PTO No. 65.

In the meantime, and in fairness unbeknownst to Sanofi, Ms. Anderson also had a dual representation issue because she had contracted with two different sets of attorneys to represent her: the attorneys at Napoli Shkolnik, who then represented her, and the attorneys at Wendt Law Firm, P.C., who now represent her. In such dual representation situations, Defendants insisted that any stipulation for dismissal must be "with prejudice," and they represented to the Court that they "file[d] dual representation stipulations on a daily basis [in the Xarelto litigation] that say, dismissed with prejudice, with no effect on the remaining case" and "with no effect on any rights contained –" See November 15, 2018 Show Cause Hearing at 67:8.

On November 27, 2018, the Court entered PTO No. 87 (Doc. 5363), which specifies non-trial pool dismissals with prejudice as to all defendants, and which attaches as Exhibit A to the Order a form for use in such situations under Federal Rule of Civil Procedure 41(a)(ii) and PTO No. 87. Among other things, PTO No. 87 specifically provides that "[i]f warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)." (Doc. 5363 at ¶ 5).

Likewise, Exhibit A to PTO No. 87 also specifically provides that "[i]f warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)." (*Id*. at p. 3). On February 8, 2019, Napoli Shkolnik filed Non-Trial Pool Plaintiff Loretta Anderson's Stipulation of Dismissal with Prejudice as to All Defendants on behalf of Ms. Anderson in Case No. 2:18-cv-2599, using Exhibit A to PTO No. 87 as the template. (Doc. 6133).

After the Court granted Ms. Anderson's motion to substitute Wendt Law Firm as her counsel in place of Napoli Shkolnik on April 29, 2019, Wendt Law Firm continued working to confirm product/manufacturer identification before filing a new complaint in the MDL. On April 21, 2020, Wendt Law Firm confirmed Sanofi was the correct manufacturer of the docetaxel products administered to Ms. Anderson but also discovered that case number 2:18-cv-2599 was no longer active and that the docket showed Ms. Anderson's case had been closed. The same day, Wendt Law Firm contacted the Court's Case Manager, Erin Mouledous, and reached out to the PSC for guidance. *See "Exhibit A"*, April 21, 2020 email correspondence from Micaela Staley to Erin Mouledous, attached hereto. Ms. Anderson ultimately filed her pending Complaint in the MDL under Missouri

law to protect the limitations date, and she has provided Defendants with her updated Plaintiff Fact Sheet.

## II. ARGUMENT AND AUTHORITIES

Ms. Anderson respectfully submits that the procedures the Court implemented (much of it at Defendants' request) for severance and re-filing of multi-plaintiff complaints and dismissal with prejudice in dual representation cases were never intended to have *res judicata* effect or otherwise bar viable claims on the merits. Indeed, Defendants represented to the Court that their dual-representation stipulations of dismissal with prejudice in the similar Xarelto mass tort litigation had "no effect on the remaining case" and "no effect on any rights contained" in the remaining case. Moreover, both PTO No. 87 and Exhibit A to PTO No. 87 specifically contemplate that plaintiffs may seek relief from such dismissals under Federal Rule of Civil Procedure 60(b)(6), which also suggests that the parties did not intend such dismissals to have *res judicata* effect.

Accordingly, and consistent with the language of PTO No. 87 and the stipulation of dismissal itself (Doc. 6133), Ms. Anderson moves for relief from the "with prejudice" stipulation of dismissal under Federal Rule of Civil Procedure 60(b)(6) because it is incorrect, unjust under the circumstances, and does not reflect the intention or agreement of the Court and parties. This Court retains jurisdiction to grant Ms. Anderson relief under Rule 60(b) by the terms of PTO No. 87, Ms. Anderson's stipulated dismissal, as well as Fifth Circuit caselaw. *See Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 WL 2500099, *3-4 (S.D. Tex. June 27, 2017) (surveying caselaw from other jurisdictions and concluding that courts retain jurisdiction to consider relief from Rule 41 voluntary dismissals, both with and without prejudice), *aff'd* 727 F.3d 356, 361-62 and n. 16 (5th

Cir. 2013) (citing with approval authority from other federal circuits for the proposition that courts retain jurisdiction over voluntary dismissals with prejudice under Rule 60(b)).

"'Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses. The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Yesh Music*, 2012 WL 2500099, at *3 (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005)). Such relief is warranted when "extraordinary circumstances are present." *Id*. (internal quotation marks and citations omitted).

Such circumstances were present in *Yesh Music*, above, and warranted the district court's use of its reservoir of equitable power under Rule 60(b)(6), because the plaintiffs in that case had dismissed their action voluntarily in one jurisdiction as part of an agreement with the defendants that the plaintiffs would re-file their action in another jurisdiction. As the District Court explained in granting relief under Rule 60(b)(6) and vacating the dismissal:

> Plaintiffs operated with the understanding that this case would proceed in the Southern District of Texas. Surely, Plaintiffs' choice to dismiss the original lawsuit was voluntary, affirmative, and tactical. Plaintiffs' dilemma is unique, however, in that the parties concluded that the action would proceed in Texas, albeit without determining the precise procedural mechanism for doing so. As the parties had come to this agreement, it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6), as failing to do so would cause a manifest injustice.

*Id*. at *5.

As in *Yesh Music*, the circumstances here likewise warrant this Court's use of its "reservoir of equitable power under Rule 60(b)(6)." Although Ms. Anderson's former counsel filed a voluntary dismissal with prejudice on her behalf, they did so against the

backdrop of attempting to comply with various complex procedural mechanisms unique to this MDL, including the severance of multi-plaintiff cases and the dismissal of duplicate filed or dual representation cases (which, as noted, Defendants insisted be "with prejudice."). Given the particularities of this MDL's procedural mechanisms and the parties' clear intent to allow a single claim to move forward despite "with prejudice" dismissals of duplicate filed cases, it would cause manifest injustice to treat Ms. Anderson's situation differently and, thereby, disallow her from continuing her case because she dismissed two prior cases without prejudice and one with prejudice.

Moreover, when Wendt Law Firm moved to be substituted as counsel for Ms. Anderson and such substitution met the Court's approval, she clearly demonstrated her intent to continue pursuing her claims against Defendants. In addition, Wendt Law Firm complied with CMO 12A by working to confirm product identification before filing another Complaint. As soon as Wendt Law Firm obtained product identification, it sought to file, only later learning of the procedural issues discussed here. Even then, Wendt Law Firm promptly contacted the Court's Case Manager and the PSC on April 21, 2020 – the same day they received confirmation of product identification – in an effort to remedy the issue.

Moreover, Defendants have not sustained any appreciable prejudice and will not sustain such prejudice from the granting of relief under Rule 60(b)(6). Not only have Defendants been on notice about the substitution of counsel and the issue with the stipulated dismissal since April 2020, but Ms. Anderson has furnished Defendants with an updated Plaintiff Fact Sheet documenting her product use, among other things, and Defendants have had the benefit of the discovery process along the way. In essence, Defendants have tacitly accepted Ms. Anderson's ongoing participation in this litigation.

To allow Defendants to wait in the weeds throughout this process only to file a motion based on *res judicata* now constitutes manifest injustice, but one capable of correction under Rule 60(b)(6).

### III.  Conclusion

For these reasons, Ms. Anderson respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings and grant her relief from Non-Trial Pool Plaintiff Loretta Anderson's Stipulation of Dismissal with Prejudice as to All Defendants on behalf of Ms. Anderson in Case No. 2:18-cv-2599 by vacating the "with prejudice" portion of the Stipulation of Dismissal in connection with her claims against the Sanofi Defendants. Ms. Anderson further requests all other relief that the Court deems just and proper.

Respectfully Submitted,

WENDT LAW FIRM, P.C.

**/s/Samuel M. Wendt**
Samuel M. Wendt, MO Bar# 53573
4717 Grand Avenue, Ste 130
Kansas City, MO 64112
Phone: (816) 531-4415
Fax: (816) 531-2507
Email: sam@wendtlaw.com
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/Samuel M. Wendt*
Samuel M. Wendt