UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

## MEMORANDUM IN SUPPORT OF MOTION DIRECTING THE PARTIES TO ESTABLISH A SHOW CAUSE PROCEDURE WHY SEALED PLEADINGS AND EXHIBITS SHOULD NOT BE UNSEALED

MAY IT PLEASE THE COURT:

　　The Plaintiffs' Steering Committee ("PSC") respectfully moves this Court for an Order requiring the parties to establish a show cause procedure directed to any party wishing any sealed document to remain sealed in light of the Fifth Circuit's views articulated in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410 (5th Cir. 2021).

　　The public's right of access to judicial records is fundamental and courts are duty bound to ensure that the public has access to filed records. *See id.* In *Le*, the Fifth Circuit wrote: "[j]udicial records are public records. And public records, by definition, presume public access." *Id.* at 416. While there is a presumption that judicial records should not be sealed, "protecting trade secrets or the identities of confidential informants" can constitute good reason to seal a document, in whole or in part. *Id.* at 419 (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019)); *see also In re: Blue Cross Blue Shield Antitrust Litig.*, No.: 13-20000, 2016 WL 7026339, at *3 (N.D. Ala. Oct. 18, 2016) ("In civil litigation, only trade secrets, information covered by a recognized privilege...and information required by statute to be maintained in confidence ... is typically enough to overcome the presumption of access.") (quoting *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016)).

In determining whether a document should be sealed, "judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotation marks and citations removed). Indeed, "a court abuses its discretion if it 'makes no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id*. This analysis is necessary even if the sealing request is uncontested or a stipulated protective order is in place. *See e.g., Id.*; *In re: Benicar (Olmesartan) Products Liab. Litig.*, 15-2606, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

A fundamental principle recognized by the Fifth Circuit is that our judicial system is intended to resolve disputes publicly and without a cloak of secrecy, which can undermine faith in the process. *Le*, 990 F.3d at 421. Hundreds of pleadings, in whole or in part, in the MDL record are hidden from the public view, for no particularized reason other than it was requested pursuant to the Protective Order (PTO 50) to be sealed at the time of filing.[1] The Protective Order alone is insufficient to meet the Fifth Circuit's standard for maintaining a seal on documents filed at the adjudicative stage:

> At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.

---

[1] As of April 30, 2021, 223 of 12535 documents (which number excludes exhibits) filed on the docket are sealed.

*Id.* at 419-420.

The Fifth Circuit's holding is broad and applies to all sealed documents or exhibits in a case. There is no exception for a pleading filed prior to the date of the *Le* decision. There is no prohibition on retroactivity- the public has a right to know the allegations and evidence advanced by the parties. *Dawson v. Merck & Co., Inc.*, 112-1876, 2021 WL 242148 (E.D.N.Y. Jan. 24, 2021). The district court in *Dawson* even unsealed documents and removed redactions ***after*** a settlement was reached and the case dismissed, finding "[d]ocuments…filed in support of a motion for summary judgment…are entitled to the highest presumption of access." *Id.*, at *6.

The party objecting to the unsealing has the burden of proof and generalized assertions of confidentiality are insufficient to overcome the presumption of public access. *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 464 (D.D.C. 2018) ("[A] party seeking to seal court documents must come forward with specific reasons why the record, or any part thereof, should remain under seal.") (internal quotation marks omitted)); see also .

Pursuant to the Fifth Circuit's directive in *Le*, the PSC requests that this Court set a deadline by which all parties who wish any document to remain sealed, in whole or in part, must show cause by articulating specific reasons compelling countervailing interests favoring nondisclosure, that sealing outweighs the public's right of access, and that there exists no less drastic alternative. Such a showing will allow the Court to balance the interests mandated by the Fifth Circuit. Should the party fail to prove such compelling reasons to keep the document under seal, such document will be unsealed.

WHEREFORE, the PSC prays that the Court order the parties to meet and confer prior to June 1, 2021 to establish a show cause proceedure directing any party who wishes to maintain a particular document under seal, in whole or in part, to demonstrate with particularity why the

factors articulated in *Le* support maintaining any previously sealed documents in this MDL under protective seal.

Dated: May 4, 2021                                                  Respectfully submitted,

*/s/ Christopher L. Coffin*                                          */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.              GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                         6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                          Los Angeles, California 90045
Phone: (504) 355-0086                                         Telephone: 510-350-9700
Fax: (504) 355-0089                                              Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                     kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                              *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                      */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                             Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                   BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                    701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street          New Orleans, LA 70139
New Orleans, LA 70163-2800                             Phone: 504-524-3300
Phone: 504-522-2304                                            Fax: 504-524-3313
Fax: 504-528-9973                                                 barrios@bkc-law.com
plambert@gainsben.com

                                                                                *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews                                                      Abby E. McClellan
Andrews Thornton Higgins Razmara, LLP    Stueve Siegel Hanson LLP
2 Corporate Park, Suite 110                                460 Nichols Road, Suite 200
Irvine, CA 92606                                                  Kansas City, MO 64112
Phone: (800) 664-1734                                         Phone: (816) 714-7100
aa@andrewsthornton.com                                  Fax: (816) 714-7101
                                                                                mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@amalaw.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS