UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Loretta Anderson, Case No. 2:20-cv-03087

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

In her Opposition, Plaintiff Loretta Anderson does not dispute that the case at issue—the fourth case she filed against Sanofi on November 13, 2020—is barred by the doctrine of res judicata. Instead, Plaintiff "responds" to Sanofi's Motion by requesting relief from the dismissal with prejudice she filed on February 8, 2019 in the case she initially filed in California state court.[1] Plaintiff's request is both procedurally improper and substantively insufficient. Even if Plaintiff's Opposition qualified as a motion (it does not) that was filed in the appropriate case (it is not), Plaintiff fails to carry her burden of proving that the extraordinary relief provided by Rule 60(b) is warranted. Because Plaintiff's claims are barred by the doctrine of res judicata, the Court should grant the only motion before it: Sanofi's Motion for Judgment on the Pleadings.

**ARGUMENT**

**I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.**

Plaintiff does not dispute that her November 13, 2020 case is barred by the doctrine of res judicata. Nor could she. On February 8, 2019, Plaintiff had one case pending against Sanofi, and

---

[1] Rec. Doc. 6133 (Non-Trial Pool Plaintiff Loretta Anderson's Stipulation of Dismissal with Prejudice as to All Defendants).

she dismissed that case *with prejudice*.² The case that she filed 644 days later asserting the same claims against Sanofi is therefore barred by res judicata. *See Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020) ("a valid final judgment precludes a second suit between the same parties on the same claim."); *Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.").

## II.   PLAINTIFF'S REQUEST FOR RELIEF IS PROCEDURALLY IMPROPER.

Recognizing the preclusive effect of her dismissal, Plaintiff's Opposition requests that, under Federal Rule of Civil Procedure 60(b)(6), this Court vacate Plaintiff's February 8, 2019 dismissal with prejudice. But Plaintiff has not satisfied the procedural requirements necessary to obtain such relief.

Under Rule 60(b), a party may seek relief from a prior judgment only "*[o]n motion* and just terms." Fed. R. Civ. P. 60(b) (emphasis added). Rule 7(b)(1), governing motions, also provides that "[a] request for a court order must be *made by motion*." Fed. R. Civ. P. 7(b)(1) (emphasis added). Plaintiff's request for relief in a responsive brief is not a separate motion and is therefore procedurally improper.

Moreover, Plaintiff's request for relief is not filed in the correct case. To obtain relief from the dismissal with prejudice filed in her California case, Plaintiff must file a motion in that underlying action—not this new, separate proceeding.³ *See Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 WL 2500099, at *2 (S.D. Tex. June 27, 2012), *aff'd*, 727 F.3d 356 (5th Cir. 2013) (noting that a plaintiff's only hope of "reinstating" the same claims against the same

---

²    *Id.*
³    The case Plaintiff initially filed in California state court became Case No. 2:18-cv-2599 after it was removed to this MDL. Rec. Doc. 12307–6 (Notice of Removal).

defendant after a dismissal with prejudice is to file a Rule 60(b) motion in the underlying action because any future claims based on the same conduct is barred by the doctrine of res judicata). Because of these procedural errors, the Court should refuse Plaintiff's improper request for relief.

### III.     PLAINTIFF HAS NOT MET HER BURDEN UNDER RULE 60(b)(6).

Setting aside Plaintiff's procedural deficiencies, she is still not entitled to relief under Rule 60(b)(6).[4] Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made." *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005) (alteration in original) (emphasis added) (quoting *Edward H. Bohlin Co. v. Banning*, 6 F.3d 350, 356–57 (5th Cir. 1993)). "Where a party makes a considered choice . . . he cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him that, as it turns out, his decision was probably wrong." *Id.* at 193 (alteration in original) (internal citations and quotations omitted). A plaintiff must bring a motion under Rule 60(b) "within a reasonable time," Fed. R. Civ. P. 60(c), and she carries a "heavy burden" to prove that relief under Rule 60(b) is warranted. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 258 (5th Cir. 2003).[5]

---

[4]   Plaintiff recognizes that her only possible avenue for relief is under Rule 60(b)(6)'s catch-all provision. Indeed, Plaintiff cannot seek relief under Rule 60(b)(1)-(3) because her request for relief is untimely. Fed. R. Civ. P. 60(c)(1) (relief under subsections (1)-(3) must be sought "no more than a year after the entry of judgment."). Plaintiff's dismissal with prejudice was filed on February 8, 2019 – more than two years ago.

Relief is also not warranted under Rule 60(b)(4) or (5) because the dismissal is not void, has not been "satisfied, released, or discharged," is not "based on an earlier judgment that has been reversed or vacated," and is not inequitable to apply prospectively. Fed. R. Civ. P. 60(b)(4)-(5).

[5]   Plaintiff has failed to bring her request within a reasonable time. In her Opposition, Plaintiff claims she became aware of this issue on April 21, 2020. Rec. Doc. 12524 at 4. Yet, she took no action until she filed a new, fourth action on November 13, 2020. She never contacted Sanofi. On January 28, 2021, counsel for Sanofi proactively contacted Plaintiff's counsel to meet and confer regarding this issue, yet Plaintiff gave no justification for why

3

Plaintiff, relying on *Yesh Music v. Lakewood Church*, argues that relief under Rule 60(b)(6) is appropriate because the parties did not intend the stipulation of dismissal to have preclusive effect. 2012 WL 2500099. Neither the facts nor the law support Plaintiff's argument. In *Yesh*, plaintiffs voluntarily dismissed *without prejudice* their case against defendants in the Southern District of Texas, and the next day filed the same claims against the same defendants in the Eastern District of New York. *Id*. at *1. Before the dismissal without prejudice was filed, the parties agreed on the record that the case should proceed in Texas, not New York. *Id*. at *2. Plaintiffs then voluntarily dismissed their claims in New York. *Id*. Because the second voluntary dismissal in New York operated as a dismissal with prejudice, the Texas Court informed plaintiffs that the only hope of "reinstating" the case in Texas was to file a Rule 60(b) motion in the Texas case because a third action would be barred by res judicata. *Id*.

Plaintiffs then filed a Rule 60(b)(6) motion in Texas based on the parties' agreement that plaintiffs' claims should proceed in Texas. *Id*. Defendants opposed the motion, arguing that reinstatement of the case was unwarranted because plaintiffs' deliberate, voluntary actions were to blame for their situation. *Id*. Plaintiffs replied that it would be manifestly unjust to permit defendants to agree on the record for the case to proceed in Texas, encourage the dismissal of plaintiffs' claims in New York, and then claim that plaintiffs' Texas claims were barred by res judicata. *Id*. The Court agreed and held that because defendants had agreed on the record to proceed in Texas, it would be a manifest injustice not to reinstate the case. *Id*. at *5.

*Yesh* is inapplicable because Plaintiff and Sanofi did not agree that Plaintiff could file a future lawsuit against Sanofi despite the dismissal with prejudice. Plaintiff cites the November

---

she filed yet a new case against Sanofi and again took no action until Sanofi filed its Motion for Judgment on the Pleadings.

4

15, 2018 Show Cause Hearing Transcript as evidence that the parties agreed that a stipulation of dismissal would not have preclusive effect. A review of the transcript belies Plaintiff's claim. At the hearing, the parties and the Court discussed the unique situation where a plaintiff dismisses a duplicative case with prejudice while another action remains pending. In those circumstances only, Sanofi agreed that dismissal with prejudice in the duplicative action was not intended to have preclusive effect on the already pending case.[6]

But Plaintiff's case was not a "dual representation" or "duplicative action" situation. When Plaintiff filed her dismissal with prejudice on February 8, 2019, she had only one Complaint pending, and she was represented by only one counsel of record.[7] Plaintiff presents no evidence from her former counsel—or otherwise—that the parties intended Plaintiff's stipulation of dismissal with prejudice not to have preclusive effect. To the contrary, the fact that Plaintiff

---

[6] Rec. Doc. 5509 (Nov. 15, 2018 Show Cause Hearing Transcript). The transcript states in full:

> MR. LAMBERT: May I -- I'm sorry, Judge. Palmer Lambert, again, for the PSC. With regard to the duplicate filed cases, the dismissal with prejudice of a duplicate filed case might be a problem. It may be a res judicata issue. I think that it's more appropriate to dismiss a duplicate filed case without prejudice, instead of with prejudice.
> MS. BRILLEAUX: Your Honor, I'll represent to you that I'm involved in the Xarelto litigation, and we file dual representation stipulations on a daily basis that say, dismissed with prejudice, with no effect on the remaining case.
> MR. LAMBERT: Either way is fine, Your Honor.
> THE COURT: What I want to do is confirm that the other case is out there.
> MS. BRILLEAUX: Absolutely.
> THE COURT: So we can say dismissed with prejudice, with no effect on any rights . . . .

*Id*. at 67:8–24.

[7] Plaintiff even recognizes that her supposed dual representation was unknown to Sanofi when she dismissed her California case with prejudice. Rec. Doc. 12542 at 3 (Pl.'s Opp. to Sanofi's Mtn. for Judgment on the Pleadings) ("In the meantime, *and in fairness unbeknownst to Sanofi*, Ms. Anderson also had a dual representation issue because she had contracted with two different sets of attorneys to represent her: the attorneys at Napoli Shkolnik, who then represented her, and the attorneys at Wendt Law Firm, P.C., who now represent her.") (emphasis added). Regardless, Plaintiff's single California case was dismissed with prejudice on February 8, 2019, Rec. Doc. 6133 (Non-Trial Pool Plaintiff Loretta Anderson's Stipulation of Dismissal with Prejudice as to All Defendants), but her Motion to Substitute Attorney was not filed until April 25, 2019. Rec. Doc. 6818 (Motion to Substitute Attorney). This is not a dual representation or duplicative case issue.

dismissed her first two actions without prejudice evidences her understanding that dismissing her case with prejudice would bar future claims against Sanofi.

Plaintiff's attempt to blame "the procedures the Court implemented (much of it at Defendants' request) for severance and re-filing of multi-plaintiff complaints and dismissal with prejudice in dual representation cases"[8] is also unavailing for the same reasons. Contrary to Plaintiff's contentions, these pretrial procedures were not implemented to allow Plaintiffs to dismiss claims with prejudice and then refile them without regard for the doctrine of res judicata. Counsel's inability to navigate these Court-ordered procedural requirements is insufficient to constitute manifest injustice. *In re Pettle*, 410 F.3d at 192–93.

Allowing Plaintiff to now reopen her case not only undermines the Court's interest in finality and prejudices Sanofi by exposing it to continued litigation in a case that the parties agreed would be barred from further litigation, but it also encourages the continued use of multiple filings on behalf of the same plaintiffs in numerous jurisdictions against all Defendants. Indeed, Plaintiff's predicament results from voluntary choices she and her counsel made throughout this litigation. Plaintiff chose to file three separate cases in three separate jurisdictions *within a 7-day span* against multiple defendants, and decided to dismiss two of those actions without prejudice and her remaining case with prejudice. While Plaintiff now realizes that dismissing her case with prejudice was the wrong decision, this does not constitute a manifest injustice. *In re Pettle*, 410 F.3d at 193 (recognizing the wrong choices of counsel will not constitute a manifest injustice).

---

[8] Rec. Doc. 12524 at 5 (Pl.'s Opp. to Sanofi's Mtn. for Judgment on the Pleadings).

Plaintiff fails to satisfy her heavy burden for proving relief is warranted under Rule 60(b)(6), and the Court should not vacate her prior dismissal.[9]

## CONCLUSION

Because Plaintiff does not dispute that her November 2020 action is barred by res judicata, and because she has not satisfied her Rule 60(b) burden, the Court should grant Sanofi's Motion for judgment on the pleadings and dismiss Plaintiff's claims.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

---

[9] Plaintiff is also incorrect that Sanofi has "tacitly accepted Ms. Anderson's ongoing participation in this litigation" while "wait[ing] in the weeds" to file a motion based on res judicata. Rec. Doc. 12524 at 7–8 (Pl.'s Opp. to Sanofi's Mtn. for Judgment on the Pleadings). After Plaintiff filed a new, fourth case against Sanofi in November 2020, Sanofi began investigating whether she was the same Plaintiff who had already dismissed her claims with prejudice. Upon confirmation that Plaintiff's claims were barred by res judicata, counsel for Sanofi proactively contacted Plaintiff's counsel in January 2021 to resolve the issue without Court intervention. When Plaintiff's counsel refused to dismiss the case, Sanofi promptly brought the issue before the Court.

Plaintiff has also not actively participated in this litigation as she claims. Despite the Plaintiff Fact Sheet being due for the case at issue on January 27, 2021, she only first filed her Plaintiff Fact Sheet on April 26, 2021, one day before responding to Sanofi's Motion for Judgment on the Pleadings. However, she failed to include her PTO 71A statement and HIPAA Authorization, her Insurance Authorization is not witnessed, and her Psychiatric Records Authorization is not dated, making her case deficient.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*