**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Kahn v. Sanofi-Aventis*, *et al.*, Case No. 2:16-cv-17039.

_____

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE SUPPLEMENTAL**
**OPINION OF DR. LAURA PLUNKETT**

_____

This Court has already ruled once in this case regarding the admissibility of Dr. Plunkett's toxicology opinions under Rule 702 and *Daubert*.  In its January 2021 Order, this Court held Dr. Plunkett was not permitted to testify that: (1) Taxotere "carries an independent risk" of permanent alopecia because she conducted no general causation analysis; or (2) Taxotere is a "substantial contributing factor" to permanent alopecia because that opinion would invade the province of the jury.

The PSC recently submitted a supplemental labeling opinion from Dr. Plunkett as well as a new labeling opinion from Dr. Ross to fill the void left by Dr. Kessler's absence.  Dr. Plunkett and Dr. Ross reached the same, duplicative conclusion—*i.e.*, that the Taxotere label should have been updated before Ms. Kahn's treatment with Taxotere.  Dr. Plunkett explicitly based her new labeling opinion on both her "independent risk" and "substantial contributing factor" opinions that this Court previously excluded.  Dr. Plunkett's excluded toxicology opinions are not now admissible because they have been repackaged as support for Dr. Plunkett's new labeling opinion.  Rather, they remain inadmissible for the reasons this Court previously identified, leaving Dr.

Plunkett's labeling opinion without a proper foundation.  And, because Dr. Plunkett's new opinion is entirely duplicative of Dr. Ross' opinion, it serves no purpose in this litigation other than to circumvent this Court's previous holding.  Finally, if Dr. Plunkett's supplemental opinion is admitted, Sanofi will have no way to properly cross-examine her on her labeling opinion without implicating the concerns outlined in the Court's prior order.  Dr. Plunkett's labeling opinion should be excluded for these reasons.

## <u>LEGAL STANDARD</u>

Federal Rule of Evidence 702 controls the admission of expert testimony.  Under Rule 702, the Court's gatekeeping function first involves determining whether the expert is qualified; then it "involves a two-part inquiry into reliability and relevance."  *Burst v. Shell Oil Co*., 120 F. Supp. 3d 547, 550 (E.D. La. 2015) (citations omitted).  Plaintiff bears the burden of proof on both.  *Id.* Importantly, experts are not allowed to render conclusions of law.  *United States v. Thomas*, 847 F.3d 193, 206 (5th Cir. 2017).  Rule 702 requires that expert testimony should either help the jury "understand the evidence" or "determine a fact in issue," and "'[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect.'"  *Woodard v. Andrus*, 2009 WL 140527, at *1 (W.D. La. Jan. 20, 2009) (quoting *Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3d 1207, 1212 (D.C.Cir.1997)); *accord Henry v. New Orleans Louisiana Saints, LLC*, 2016 WL 2901775, at *4 (E.D. La. May 18, 2016).

## FACTUAL BACKGROUND

This Court previously ruled on the admissibility of Dr. Laura Plunkett's pharmacology and toxicology testimony,[1] deciding Dr. Plunkett would be permitted to testify that drug-induced alopecia ("DIA") is distinguishable from permanent chemotherapy-induced alopecia ("PCIA") and that Dr. Plunkett generally could rely on the weight-of-the-evidence methodology as the basis for her opinions.[2] But the Court also ruled that Dr. Plunkett could not testify that Taxotere carries an "independent risk" of permanent alopecia. "[S]tating that Taxotere carries an independent risk of permanent alopecia is indistinguishable from stating that Taxotere alone can cause alopecia," and Dr. Plunkett had not done a general causation analysis enabling her to offer such an opinion.[3] For similar reasons, the Court also excluded Dr. Plunkett's opinion that, when used in combination with other drugs, Taxotere is a "substantial contributing factor" to permanent alopecia.[4] The Court determined that such a conclusion would "invade the province of the jury" on the proximate cause issue.[5] The Court also reiterated its prior decision that Dr. Plunkett would not be permitted to testify that Taxotere is "more toxic" than Taxol, at the risk the jury might assume "without a sufficient basis for doing so that . . . Taxotere is more likely to cause permanent hair loss."[6]

---

[1]   Rec. Doc. 11823 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

[2]   *Id.* at 6−7.  Sanofi continues to contest those rulings but does not address them here.

[3]   *Id.* at 5.

[4]   *Id.*

[5]   *Id.* at 5−6.

[6]   Rec. Doc. 11823 at 4, Rec. Doc. 8097 at 6 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett in *Kahn* and *Earnest*, respectively).

On February 8, 2021, the PSC sought leave to file new regulatory expert reports because Dr. David Kessler was no longer available. The PSC filed two reports: one from Dr. David Ross, who, like Dr. Kessler, is a former FDA official.[7]  Dr. Ross opines that Sanofi should have updated its label "to inform physicians and patients about the adverse reaction of PCIA" before Ms. Kahn's treatment with Taxotere.[8]  The other was a supplemental report from Dr. Plunkett, who, despite previously testifying that she would not be providing a labeling opinion in this litigation,[9] now also concludes Sanofi should have added PCIA to the Adverse Reactions section of its label by the time Ms. Kahn received chemotherapy.[10]  Dr. Plunkett wrote that she was asked by the PSC to "offer an opinion on whether the toxic effects of Taxotere demonstrate a basis to believe that a causal association exists between the drug and permanent chemotherapy-induced alopecia (PCIA)."[11]  Despite doing no additional analysis, Dr. Plunkett expressly opined that her "independent risk" and "substantial contributing factor" opinions—both previously excluded— "provide important support for [her] new opinion" that Sanofi should have updated the Adverse Reaction Section of its label before Ms. Kahn was treated.[12]

---

[7]  Ex. A, Feb. 8, 2021 Ross Report at ¶¶ 2–17.

[8]  *Id.* at ¶ 27–28.

[9]  Ex. B, April 21, 2020 Plunkett Dep. at 32:22−33:11.

[10]  Ex. C, Feb. 7, 2021 Plunkett Supplemental Rpt. at ¶ 96.

[11]  *Id.* at 1.

[12]  *Id.* at ¶ 95.

## ARGUMENT

The Court should exclude Dr. Plunkett's supplemental opinion for two reasons.  First, Dr. Plunkett's supplemental labeling opinion lacks proper foundation because it is based on conclusions that this Court has already deemed inadmissible under the Federal Rules and *Daubert*. Second, there is no way for Sanofi to properly cross-examine Dr. Plunkett on her supplemental opinion without inquiring into the foundation of her labeling opinion, which would violate the Court's order on Dr. Plunkett's admissible testimony.

## I.   DR. PLUNKETT'S SUPPLEMENTAL OPINION LACKS PROPER FOUNDATION.

Dr. Plunkett's inadmissible "independent risk" and "substantial contributing factor" opinions form the foundation for her new opinion that Sanofi should have updated the Adverse Reaction Section of its label.[13]  In explaining her new labeling opinion, Dr. Plunkett writes:

> ***As discussed in my March Report***, when the published literature relevant to the relationship between docetaxel exposure and CIPAL/ PCIA is considered as a whole, . . . the weight-of-the-evidence indicates that it is biologically plausible that Taxotere/ docetaxel can cause CIPAL/ PCIA when the drug is used as an adjuvant to treat early stage breast cancer, that the risk of permanent, irreversible alopecia is not rare, ***that Taxotere/ docetaxel use carries an independent risk of CIPAL/ PCIA***, and ***that Taxotere/ docetaxel use is associated with an increased risk of CIPAL/ PCIA as compared to other drugs used in breast cancer treatment. Thus, the evidence discussed in my March Report provides important support for my new opinion*** that there is a basis in the Taxotere database, importantly including clinical trial evidence, *"to believe there is a causal relationship between the drug and the occurrence of*

---

[13]    *Id.*

5

> *the adverse event"* (the adverse event standard cited [] in
> paragraph 90; see the Final Rule dated January 24, 2006).[14]

Put another way, Dr. Plunkett concludes the FDA standard for listing an adverse event ("some basis to believe there is a causal relationship") is met because she believes the available evidence shows that Taxotere "carries an independent risk" of PCIA and is a "substantial contributing factor" to women who developed PCIA. These conclusions, "in conjunction with Dr. Madigan's analyses," led Dr. Plunkett to conclude that Sanofi was obligated to update its label before Ms. Kahn was treated with Taxotere.

The fact that Dr. Plunkett's new labeling opinion is based on her inadmissible "independent risk" and "substantial contributing factor" opinions makes Dr. Plunkett's new opinion equally problematic. Nothing has changed since Dr. Plunkett's March 2020 Report that would alleviate the Court's concerns about admitting her "independent risk" and "substantial contributing factor" opinions. Dr. Plunkett still has not conducted a general causation analysis,[15] and so should not be permitted to testify that she believes Taxotere carries an "independent risk" of permanent alopecia.[16] Likewise, Dr. Plunkett's opinion that Taxotere is a "substantial contributing factor" to the development of PCIA in women still would invade the province of the jury—whether delivered in support of her toxicology opinions or her labeling opinion. As this Court already explained:

---

[14]   *Id.* (emphasis added).

[15]   Ex. D, April 7, 2021 Plunkett Dep. at 115:25−116:6 ("Q. And so you had told us previously that you were not rendering a causation opinion in your March 3 report, correct? A. Yes. Q. And you're still not rendering a causation opinion in your supplemental report either, correct? A. I am not."); *Id.* at 128:2−3 ("I'm not a causation expert[.]").

[16]   Rec. Doc. 11823 at 5 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

> If Dr. Plunkett were to tell the jury that Taxotere was a
> 'substantial contributing factor' that led to permanent alopecia
> in patients who took combination regimens, the jury may see this
> as a direct answer to proximate causation.[17]

The Court's reasons for excluding Dr. Plunkett's "independent risk" and "substantial contributing factor" conclusions apply equally here. Submitting those conclusions not as toxicology opinions but instead as support for Dr. Plunkett's new labeling opinion does not alter the admissibility analysis. Because the foundation for Dr. Plunkett's new opinion is inadmissible, the resulting conclusion likewise is inadmissible.[18] That conclusion, regardless, would tell the jury nothing, as it is entirely duplicative of Dr. Ross' conclusion. Indeed, Dr. Plunkett's new opinion seems designed only to backdoor in her previously excluded conclusions. For the reasons this Court already identified, Dr. Plunkett should be limited at trial to testifying as to only those opinions offered in her March 2020 report that were not previously excluded.[19]

## II. SANOFI CANNOT PROPERLY CROSS-EXAMINE DR. PLUNKETT ON HER SUPPLEMENTAL OPINION.

Practically speaking, the jury is not permitted to hear testimony regarding Dr. Plunkett's previously excluded conclusions. Allowing Dr. Plunkett to nevertheless offer her ultimate labeling opinion would disadvantage both Sanofi and the jury. Sanofi would be unable to cross-examine

---

[17] Rec. Doc. 11823 at 6 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

[18] Dr. Plunkett's supplemental report also references her opinion that Taxotere/docetaxel is "more toxic" than Taxol/paclitaxel. That reference should be stricken, as Dr. Plunkett's "more toxic" opinion also was previously excluded. *See, e.g.*, Ex. C, Feb. 7, 2021 Plunkett Supplemental Rpt. at ¶ 71; *see also* Rec. Doc. 11823 at 4, Rec. Doc. 8097 at 6 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett in *Kahn* and *Earnest*, respectively).

[19] *See* Rec. Doc. 11823 at 6−7 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

Dr. Plunkett thoroughly regarding *all* bases for her labeling opinion, including those she admits were "important" to her ultimate conclusion. Fed. R. Evid. 705 ("Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. *But the expert may be required to disclose those facts or data on cross-examination*.") (emphasis added). The jury likewise would be handicapped in its ability to weigh Dr. Plunkett's opinion without hearing testimony about all of the facts and data underlying it. *Melendez v. So. Fidelity Ins. Co.*, No. 20-cv-00689, 2020 WL 6868850, at *3 (E.D. La. Nov. 23, 2020) ("The facts, data, and sources used in an expert's opinion are generally considered by the jury in weighing the evidence[.]"). For these reasons, too, Dr. Plunkett's new labeling opinion should be excluded.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should exclude Dr. Plunkett's supplemental labeling opinion.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)          Harley V. Ratliff
**IRWIN FRITCHIE  URQUHART & MOORE LLC**          Jon Strongman
400 Poydras Street, Suite 2700               Adrienne L. Byard
New Orleans, LA  70130                   **SHOOK, HARDY & BACON L.L.P.**
Telephone: 504-310-2100                 2555 Grand Boulevard
Facsimile:  504-310-2120                 Kansas City, Missouri 64108
dmoore@irwinllc.com                    Telephone: 816-474-6550
                                  Facsimile:  816-421-5547
                                  hratliff@shb.com
                                  jstrongman@shb.com
                                  abyard@shb.com

                                  ***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all counsel of record.

*<u>/s/ Douglas J. Moore</u>*