UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

*ALL CASES*

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION DIRECTING THE PARTIES TO ESTABLISH A SHOW CAUSE PROCEDURE <u>WHY SEALED PLEADINGS AND EXHIBITS SHOULD NOT BE UNSEALED</u>

Without conferring with the Defendants,[1] and without addressing with the Court in a regularly scheduled lead and liaison meeting, the Plaintiffs' Steering Committee ("PSC") has improvidently filed a Motion[2] seeking to implement a procedure in this MDL that is unnecessary, inefficient, and has the potential to impose thousands of hours of work on the parties, as well as the Court and its staff. The PSC asks this Court to revisit and issue detailed findings "document by document" and "line by line" of potentially hundreds of sealed pleadings and exhibits in this litigation—documents that undeniably contain private, personal, and/or commercially sensitive information. While the PSC's motivations are unknown, their Motion's impact is certain, and its reasoning would presumably apply to every case ever litigated in the federal district courts of Louisiana, Texas, and Mississippi.

The PSC's Motion is without procedural or substantive support. There is no justification to circumvent the manner in which PTOs and CMOs have been established in this MDL, nor to

---

[1] Plaintiffs' Liaison Counsel provided to Defendants' Liaison Counsel a courtesy copy of the instant Motion approx. three hours before it was filed.

[2] Rec. Doc. 12545 (Pls.' Mot. Directing the Parties to Establish a Show Cause Procedure Why Sealed Pleadings and Exhibits Should Not be Unsealed) ("Pls' Mot. to Unseal").

1

request this Court to establish a precedent that would mire the parties and this Court (and likely many others) into a never-ending procedural morass. For these reasons, and as set forth more fully below, the PSC's Motion should be denied.

## BACKGROUND

On March 5, 2021, the Fifth Circuit considered an appeal of a summary judgment ruling issued in a breach-of-contract case, *Binh Hoa Le v. Exeter Financial Corporation*. 2021 U.S. App. LEXIS 6663, at *1. In doing so, the Fifth Circuit, in *dicta*, addressed the fact that the litigants had filed nearly three-quarters of the pleadings under seal. *Id.*

The *Le* Court took the opportunity to emphasize the importance of public access to judicial records and court proceedings. *Id.* at *10-19. Nevertheless, the Court recognized that "litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets." *Id.* at *15. Because most of the sealed pleadings in the *Le* case were submitted through consent motions, a practice that the Fifth Circuit recognized was "not uncommon," the Court observed that district courts, when considering whether to allow sealing of documents in a given case, should undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (citation omitted).

Since the *Le* decision, the parties, in consultation with the Court, have ensured that pleadings and exhibits submitted to this Court will be addressed in a manner that is consistent with the decision. The parties have worked with the Court's staff to address Motions to Seal that were pending when the *Le* decision was issued and have committed to making future requests to the Court for the sealing of documents in a manner permitting the analysis suggested by the Court in *Le*.

On April 22, 2021, Plaintiffs' Liaison counsel submitted to Defendants' Liaison counsel a draft Motion and Order to address sealed pleadings and documents in the *Kahn* and *Greer* cases. The *Greer* case has already been appealed and the record has been lodged in the Fifth Circuit. The Kahn case is set to be tried on August 23, 2021, in the event it survives Sanofi's recent Motions for Reconsideration on Warnings Causation and Prescription.[3]

In response, Defendants' Liaison Counsel suggested that the issue be placed on the agenda for the next Lead and Liaison meeting so that the parties could discuss with the Court whether the *Le* decision anticipated retroactive application, and if so, to what extent. Defendants repeatedly indicated their willingness to confer over an equitable and efficient process to address previously sealed pleadings, if the Court believes the *Le* decision requires such or otherwise wishes the parties to do so. Apparently dissatisfied with the suggestion that the issue be first raised with the Court in the same manner as previous PTOs and CMOs, the PSC filed the instant Motion that is broader in scope and asks the Court to order the parties to confer over a "show cause process" that the PSC then unilaterally outlines in the Motion. The PSC's Motion is based on the unsupported assumption that the *Le* decision requires every district court in the Fifth Circuit to revisit past orders to seal in all cases—not only pending cases, but cases that are final through settlement or verdict.

**ARGUMENT**

The Court should deny the PSC's Motion. There is no procedural support for ordering a party to confer and agree to a show cause process unilaterally crafted by their adversary. If the Court believes that the *Le* decision may require, or justify, addressing past orders in this MDL,

---

[3] Rec. Doc. 12536 (Defs.' Mot. for Reconsideration of Order and Reasons Denying in Part Mot. for Summ. J. on Warnings Causation); Rec. Doc. 12542 (Defs.' Mot. for Reconsideration of Order and Reasons Denying Motion for Summary Judgment Based on the Statute of limitations).

3

then the process for addressing that issue should begin at a regularly scheduled meeting of liaison counsel and not through a Motion that attempts to dictate the outcome of what is first supposed to be a deliberative process.

### I. PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER AND SHOULD BE DENIED.

The relief sought in the PSC's Motion is not one that is contemplated by the Federal Rules of Civil Procedure, nor is it one envisioned in PTO 1, which outlines the responsibilities of the PSC for the management of this MDL. The PSC's Motion asks this Court to "order the parties to meet and confer prior to June 1, 2021 to establish a show cause procedure . . . ."[4] Never once in this MDL has a conferral desired by the Court required a motion for it to occur. Instead, the parties have worked diligently to effectively and efficiently manage this MDL. The purpose of motion practice is not to order parties to confer. Instead, motion practice is necessary when the parties, through conferral, cannot reach a consensus on the content of a PTO or CMO for presentation to the Court. Conferral has the benefit of reaching agreement where possible and narrowing the issues for the Court's consideration.

This is why, when first presented with Plaintiffs' draft Motion related to the *Kahn* and *Greer* cases, Defendants' Liaison Counsel suggested that it be placed on the agenda for the next lead and liaison meeting with the Court. Unfortunately, the PSC refused and then informed the Defendants that they would be filing the instant motion—which is much broader than the *Kahn* and *Greer* cases—and essentially asks the Court to order the defendants to confer over a subject matter they already agreed to confer over after consultation with the Court.

The Court should refrain from reaching the merits of this Motion and, instead, deny the motion as procedurally improper. Otherwise, the parties in this litigation will be encouraged to

---

[4] Rec. Doc. 12545 (Pls' Mot. to Unseal), at p. 1.

4

file motions staking out their positions on case management issues without first conferring with other counsel or consulting with the Court. The Court should deny Plaintiff's Motion and address the issue, if it desires, at a meeting of liaison counsel. The Defendants remain willing and able to work with the Plaintiffs' leadership over any case management issue that the Court requests.

**II. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT IS SUBSTANTIVELY FLAWED AND WOULD IMPOSE AN UNDUE BURDEN ON THE COURT AND THE PARTIES.**

Should the Court overlook the procedural impropriety of the PSC's Motion and address its substantive arguments, the Court should also deny the Motion because it is based on the incorrect assumption that the Fifth Circuit anticipated that the *Le* decision would be retroactively applied, imposing upon every district court in its jurisdiction an administrative morass to readdress every sealed pleading in every case, past or pending. While the PSC's motion ostensibly asks for a conferral to occur (within two business days of the hearing), in truth, the PSC seeks to have this Court predetermine the outcome of the conferral by dictating in its Motion the process it believes should occur—without regard for whether it is necessary to address the concerns outlined in *Le* or is overly burdensome to the Court or the parties.

First, the PSC presumes that *Le* not only requires retroactive application in pending cases, but in past, closed cases as well.[5] Essentially, the PSC is asking this Court to undertake *Le's* "document-by-document" "line-by-line" analysis of any pleading that has ever been sealed. However, the PSC cannot cite any authority in support of their proposal to implement a show cause process in which sealed documents are retroactively unsealed unless a party demonstrates with particularity that a specific document should remain sealed.[6] *Le* does not address the current

---

[5] Rec. Doc. 12545-1 (Pls.' Mem. of Law in Support of Mot. Directing the Parties to Establish a Show Cause Procedure Why Sealed Pleadings and Exhibits Should Not be Unsealed), at pp. 1, 3-4.

[6] *Id.*

5

procedural posture of this action—the Fifth Circuit Court did not establish any retroactive requirements for unsealing documents or define a procedure for revisiting already-sealed docket entries. *See Le*, 2021 U.S. App. LEXIS 6663, at *10-19.  Noticeably absent from the *Le* decision is an instruction to the District Court in *Le* to go back and issue new rulings on previously sealed documents for the purpose of complying with the precepts outlined by the Court in *Le*.  Surely, if the Fifth Circuit intended for *Le* to have retroactive application, it would have imposed such an order upon the district court and litigants whose conduct it was reviewing.  Instead, the Fifth Circuit simply, and with "[g]reat respect, …urge[d] litigants and [its] judicial colleagues to zealously guard the public's right of access to judicial records . . . ." *Id.*[7]  *Le* does not order the district court, or any court, to reopen pleadings and reissue rulings on previously sealed documents.

     Second, the PSC fails to account for whether the concerns raised in *Le* are present in this litigation, or rather, whether they can be adequately addressed through prospective application.  As an initial matter, Plaintiffs themselves note that only 223 of the 12,535 docket entries in the MDL are sealed[8]—that is only 1.7% of the documents filed in the MDL, which is far less than the 73% of the record that was sealed and the Court found concerning in *Le*.  *Le*, 2021 U.S. App. LEXIS 6663, at *12.  The Fifth Circuit has considered numerous appeals in this MDL and has not raised any concerns over the volume or content of sealed pleadings.  And it should be noted that, while some pleadings and exhibits have been sealed, hearings on motions addressing those documents have been conducted in open court, as was the *Earnest* trial.  Thus, the Fifth Circuit's concerns

---

[7] The remaining cases cited by Plaintiffs are not binding and also do not mandate or otherwise discuss a show cause procedure in these circumstances.  *See Dawson v. Merck & Co.*, 1:12-CV-1876 (BMC)(PK), 2021 U.S. Dist. LEXIS 12725, at *6 (E.D.N.Y. Jan. 24, 2021); *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 457 (D.D.C. 2018); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2016 U.S. Dist. LEXIS 170946, at *22-25 (N.D. Ala. Oct. 18, 2016); *In re Benicar (Olmesarten) Prods. Liab. Litig.*, No. 15-2606 (RBK/JS), 2016 U.S. Dist. LEXIS 7977, *68-71 (D.N.J. Jan. 21, 2016).

[8] *See* Rec. Doc. 12545-1 (Pls.' Mem. of Law in Support of Mot. Directing the Parties to Establish a Show Cause Procedure Why Sealed Pleadings and Exhibits Should Not be Unsealed), at p. 1, n.1).

that "justice [] not be done in a corner" are not present in this case. The PSC also ignores the fact that this MDL is far from over and, to the extent that previously sealed documents are an issue, there is no doubt that many will be resubmitted in future filings so that the analysis outlined in *Le* can be appropriately undertaken moving forward. The issue can also be addressed through record designations for future appeals, as necessary.

Finally, Plaintiffs presume that every previously sealed document was unjustifiably sealed. However, the documents sealed in this litigation do not just contain commercially sensitive, non-public information of the Defendants, but also includes the Plaintiffs' personal, private medical information of a highly sensitive nature. The Defendants urge the Court to review Rec. Doc. Nos. 2831-20, 6140-5, 6140-9 and 6151-1 for examples of the types of information that would require reconsideration by this Court; information that is not necessary to make public in the fair administration of justice in this case. While the public's right to access to judicial records is an important one, the *Le* Court recognized that it is not absolute and even specified "trade secrets" as a justifiable basis to seal court records. This is consistent with prior observations of the Fifth Circuit which held that sealing may be appropriate where documents "incorporate confidential business information." *See e.g., Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon v. Warner Commun., Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). The PSC's proposed show cause process does not consider the chilling effect that may occur if litigants are required to make public their most sensitive mental and physical health information. Nor does the PSC's proposed process anticipate any reasonable balancing of interests in seeking to make public commercially sensitive information of the Defendants simply because they were sued in a litigation that has yet to demonstrate any validity on the merits.

7

Consequently, the PSC's Motion should be denied. To the extent that the concerns outlined in *Le* exist in this case, those issues can be appropriately addressed through prospective application of the decision and, if necessary, through future PTOs that are the result of consultation with the Court and conferral of the parties.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny PSC's Motion in its entirety and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

GREENBERG TRAURIG, LLP

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500 New Orleans, Louisiana 70139 Telephone: (504) 581-3234 Facsimile: (504) 566-0210 debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


TUCKER ELLIS LLP

*/s/ Julie A. Callsen*
Julie A. Callsen
Brandon D. Cox
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
Julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

9

WILLIAMS & CONNOLLY LLP

/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


HINSHAW & CULBERTSON LLP

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

10

ULMER & BERNE LLP

/s/ *Michael J. Suffern*
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*