UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                                                                      SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE UNTIMELY SUPPLEMENTAL REPORT OF ELLEN CHANG, ScD, OR ALTERNATIVELY TO EXCLUDE ANY OPINIONS NOT OFFERED IN HER ORIGINAL REPORT**

Plaintiff, Elizabeth Kahn, through the Plaintiffs' Steering Committee ("PSC") respectfully moves to strike the untimely Supplemental Report of Sanofi's expert, Ellen Chang, ScD ("Dr. Chang"), served on the PSC on April 26, 2021, and alternatively to preclude Dr. Chang from offering any testimony regarding her supplemental opinions.

**I.    Introduction**

Sanofi served Dr. Chang's original expert report on April 17, 2020.

The Court allowed the PSC to substitute regulatory experts since David Kessler, M.D. could no longer be the PSC's regulatory expert as President Biden appointed him to head the President's vaccine efforts. The PSC served the reports of Laura Plunkett, PhD and David Ross, M.D., on February 7 and 8, respectively.

Pursuant to an agreed upon amendment to Case Management Order 14(I), Sanofi deposed Drs. Ross and Plunkett on March 4 and April 7, 2021, respectively.[1] Your Honor ordered that "Defendant's Regulatory Expert Reports ¶4 (if necessary)" would be served following the completion of the depositions of Drs. Ross and Plunkett.[2] On April 26, 2021, Sanofi served only a

---

[1] The deposition of Dr. Laura Plunkett was completed outside of the agreed upon dates in CMO 14(I) due to personal medical issues that prevented completion within the CMO's time deadlines.
[2] *See* Rec. Doc. 12283.

supplemental expert report for Dr. Chang.[3] Plaintiff moves to strike Dr. Chang's supplemental report as it lacks any new regulatory opinions, and fails to address the regulatory standard applicable, or the evidentiary burden that must be met, to justify a change to the Taxotere label. Noticeably absent from Dr. Chang's supplemental report are any opinions directly addressing the regulatory opinions offered by Drs. Plunkett and Ross. Most importantly, Dr. Chang admits that she is not a regulatory expert and does not offer regulatory opinions.

Dr. Chang's supplemental report merely offers criticisms of Dr. Madigan's FAERS signal detection analysis, and Drs. Plunkett and Ross' reliance upon it in offering their regulatory opinions. Sanofi offers Dr. Chang's untimely report to relitigate an issue this Court has rejected; the Court previously determined that "Dr. Madigan's methodology [used in conducting his FAERS analysis] passes muster."[4] Dr. Chang's supplemental report is untimely as the opinions expressed are not new or necessary and should have been urged in the original report; thus, the opinions in the supplemental report are untimely. Without presenting any new regulatory opinions and presenting only arguments already rejected, Dr. Chang's supplemental report should be stricken. In the alternative, if the Court disagrees, Dr. Chang's opinions should be excluded for the reasons expressed below.

**II.   The Untimely Supplement Report of Dr. Chang Should be Stricken.**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> In evaluating whether a party's failure to disclose is harmless, a court looks to four factors: (1) the explanation for the party's failure

---

[3]  *See* Ex. 1, Supplemental Report of Ellen Chang, ScD, 04/26/21.
[4]  *See* Rec. Doc. 8094, at p. 9; *see also* Rec. Doc. 12098 at p.13.

> to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence.

*Red Dot Bldgs. v. Jacobs Technology, Inc.*, 2012 WL 2061904, at *4 (E.D. La. June 7, 2012) (citing *CQ, Inc. v. TXU Mining Co., L.P.,* 565 F. 3d 268, 280 (5th Cir. 2009)).

### A. Sanofi Can Offer No Justifiable Excuse for Failing to Comply with the Court's Deadlines

Sanofi timely served Dr. Chang's original expert report by April 17, 2020.[5] Dr. Chang's original report contained an extensive list of "materials reviewed" that includes the following: Dr. Madigan's November 2, 2018 expert report; Dr. Madigan's October 20, 2019 expert report; Dr. Madigan's December 7, 2018 deposition; and Dr. Madigan's November 14, 2019 deposition.[6] One of the cornerstones of Dr. Madigan's opinion is his FAERS safety signal analysis which he includes in every report offered in this MDL, and also included in each report is Dr. Madigan's Appendix 4, documenting the results of his FAERS safety signal analysis, and outlining his methodology.[7]

Sanofi's counsel questioned Dr. Madigan extensively on the methodology of his FAERS disproportionality analysis, and the cumulative results of six positive hits for Taxotere as of the first quarter of 2008 (1Q2008), at both his December 7, 2018 and November 14, 2019 depositions.[8] Further, in Dr. Madigan's November 14, 2019 deposition, Sanofi's counsel walked through the same six MedWatch forms that Dr. Chang references in her April 26, 2021 supplemental expert report.[9] In fact, Dr. Chang lists the six reports in nearly the exact sequence as they were used by

---

[5] *See* Ex. 2, Original Expert Report of Ellen Chang, ScD, 04/17/20.
[6] *Id. at pp.* 12-13.
[7] *See* Ex. 3, Expert Report of David Madigan, PhD, 11/2/2018, at ¶ 37; *see also* Ex. 4, Expert Report of David Madigan, PhD, 10/20/2019, at ¶ 42.
[8] *See* Ex. 5, Deposition of David Madigan, PhD, 12/7/2018, at pp. 109:15 – 136:12; *see also* Ex. 6, Deposition of David Madigan, PhD, 11/14/2019, at pp. 137:10 – 141:24, and deposition exhibits 17-22.
[9] *See* Ex. 1 at p. 4.

Sanofi's counsel in the November 14, 2019 deposition of Dr. Madigan.[10] There is nothing new - Dr. Chang presents no new opinions and the reports of Drs. Plunkett and Ross provide no new information that Dr. Chang did not have prior to her original report of April 17, 2020. Without any new opinions or information, and just rehashing prior ones, not only should the supplemental report be stricken for lack of any regulatory opinion, but for untimeliness as the opinions she did express should have been included in her original report.

Dr. Chang's report fails to address or identify any information unavailable to her or Sanofi prior to the issuance of her initial report of April 17, 2020, but available after that date. Instead, all of Dr. Chang's opinions in her supplemental report were included in her initial *Kahn* report, and all the bases for the opinions in her supplemental report are included in the materials reviewed for her April 17, 2020 report. Dr. Chang and Sanofi have known of Dr. Madigan's FAERS analysis, and Appendix 4 to his reports, since Dr. Madigan's first report of November 2, 2018. Neither Drs. Plunkett's or Ross' reports or depositions revealed new information about Dr. Madigan's FAERS analysis that necessitated Dr. Chang's supplemental opinions. And, as the Court noted, Sanofi could serve a supplemental regulatory report, if necessary.[11] It was unnecessary, and Sanofi has not provided a supplemental regulatory report.

As further evidence that Dr. Chang's supplemental report discloses nothing new, Dr. Chang's opinions offer substantial criticisms of Dr. Madigan's FAERS analysis that were the basis, in part, for Sanofi's motion to exclude Dr. Madigan in the *Kahn* matter.[12] Dr. Chang's supplemental report is merely Sanofi's attempt at resurrecting arguments this Court has rejected.[13] Dr. Chang continues to focus on the use of FAERS to demonstrate evidence of causation, knowing

---

[10] *Id.*; Compare to Ex. 6, Exhibits 17 – 22 to Dr. Madigan's Deposition.
[11] *See* Rec. Doc. 12283.
[12] *See* Rec. Doc. 10930 at pp. 17-20.
[13] *See* Rec. Doc. 8094 at p. 9; *see also* Rec. Doc. 12098 at p. 13.

well that Dr. Madigan's use of FAERS is for safety signal detection.[14] This is a fundamental part of Sanofi's prior argument that this Court already rejected.[15]

Dr. Chang's justification for only now offering her supplemental opinions is untenable. She claims that it was her review of Dr. David Ross' March 4, 2021 deposition and counsel's review of the six MedWatch reports with Dr. Ross that prompted new criticisms of Dr. Madigan's FAERS analysis.[16] But this is not a credible assertion for several reasons. First, Dr. Madigan's FAERS analysis has been clearly set out in each of his prior reports, dating back to 2018, including the number of Taxotere cases reported meeting his search terms, and Dr. Chang admits this.[17] Dr. Chang's "materials reviewed" list includes all of Dr. Madigan's prior reports and depositions.[18] Dr. Chang cannot plausibly assert that Dr. Ross' deposition revealed anything concerning the individual reports that Sanofi claims represent the positive hits as of 1Q2008 for Taxotere found in Dr. Madigan's FAERS safety signal analysis, as Dr. Ross does not address individual cases in his report.[19]

Second, as Dr. Ross neither addresses any individual case reports of permanent alopecia in his expert report, nor the positive hits in Dr. Madigan's FAERS analysis, he cannot be the genesis of any new information related to Dr. Madigan's FAERS analysis. Instead, it was Sanofi's counsel who offered the six MedWatch forms as exhibits during Dr. Ross' deposition. Dr. Chang's inclusion of each of Dr. Madigan's reports and depositions (with exhibits) in her materials reviewed for her April 17, 2020 report proves Plaintiff's point - Dr. Chang was presented nothing new in Dr. Ross' deposition. She possessed – and in fact previously reviewed -- the very documents

---

[14] *See* Ex.7, Deposition of Ellen T. Chang, ScD, 05/04/21, at p. 237:3-21; *see also* Ex. 4 at p. 19, ¶ 48.
[15] *See* Rec. Doc. 12098.
[16] *See* Ex. 7 at p. 204:3-20.
[17] *Id.* at pp. 201:11 – 203:5.
[18] *See* Ex. 2 at pp. 12-13.
[19] *See* Ex. 8, Expert Report of David Ross, MD, 02/08/2021.

Sanofi's counsel used as exhibits with Dr. Ross.[20] There is no difference in the use of the exhibits with Dr. Madigan in November 2019 and with Dr. Ross in 2021. The six MedWatch forms were exhibits used by Sanofi's counsel with Dr. Madigan in his November 14, 2019 deposition. It is baseless for Dr. Chang to now assert that Sanofi's use of the same exhibits with Dr. Ross on March 4, 2021 triggered a need for a supplemental opinion; it is a thinly veiled attempt to relitigate this Court's prior rulings on the methodology behind Dr. Madigan's FAERS safety signal analysis.[21]

Third, and finally, Dr. Chang admitted that her supplemental report does not specifically address Drs. Plunkett's or Ross's regulatory opinions but only addresses Dr. Madigan's FAERS analysis.[22] Dr. Chang further concedes that she (1) is not a regulatory expert, (2) is not acquainted with the regulatory requirements or evidence necessary to justify a label change, (3) is unfamiliar with whether from a regulatory standpoint it is appropriate to rely upon the information in Dr. Madigan's report,[23] and (4) does not address regulatory requirements for labeling in her supplemental report.[24]

CMO 14(I), amends the pretrial deadlines for Trial 2A to allow for the substitution of Plaintiff's regulatory experts, and for Sanofi to serve a supplemental regulatory expert report *if necessary*.[25] Sanofi has failed to produce an expert report in accordance with CMO 14(I) since Dr. Chang's report was unnecessary as it offers no new regulatory opinions or new criticisms of Plaintiff's substituted experts. Sanofi's submission of Dr. Chang's supplemental report is a transparent attempt to relitigate through Dr. Chang's supplemental expert report the settled issue

---

[20] *See* Ex. 6, Exhibits 17-22 to Dr. Madigan's Deposition; *see also* Ex. 9, Deposition of David Ross, MD, 03/04/21, at pp. 82:23 – 98:20, 197:21 – 198:2; and Exhibits 6-10 and 21 to Dr. Ross' Deposition, which are identical.
[21] *See* Rec. Docs. 8094 and 12098.
[22] *See* Ex. 7 at pp. 226:23 – 227:7.
[23] *Id.* at p. 220:2-15, and pp. 226:20 – 227:25.
[24] *Id.* at p. 228:16-25.
[25] *See* Rec. Doc. 12283 at p. 2.

of the admissibility of Dr. Madigan's FAERS analysis. The law, the Orders and the facts justify striking Dr. Chang's report under FRCP, Rule 37(c)(1).

### B. Plaintiffs are Prejudiced by Sanofi's Failure to Comply with the Court's Order for Supplementing Regulatory Expert Reports

Plaintiff is prejudiced by Sanofi's attempt to relitigate a settled issue. The parties fully briefed and argued the sole issue that Dr. Chang's supplemental report seeks to address: the methodology employed by Dr. Madigan in conducting his FAERS safety signal analysis. But the Court has spoken, and this issue is decided.[26] To require Plaintiffs to review the supplemental report, and prepare and take Dr. Chang's deposition, and prepare this motion is prejudicial and inefficient. When questioned if she was aware of the Court's ruling on Dr. Madigan's methodology in its Order and Reasons, Rec Docs. 8094 and 12098, Dr. Chang professed being entirely unaware.[27] But Sanofi is certainly aware of the settled issue of the methodology Dr. Madigan used in performing his FAERS analysis, yet it offered Dr. Chang a second time, knowing full well that she would offer no regulatory opinion as required by CMO 14(I), that she is unqualified to render regulatory opinions, and that the sole purpose of her report was to relitigate this Court's prior ruling. Her report was unnecessary, and her report should be stricken.

### III.    Conclusion

Accordingly, Plaintiff respectfully asks that the Court (1) strike Dr. Chang's April 26, 2021, Supplemental Report as untimely, or alternatively (2) preclude Dr. Chang from offering regulatory expert opinion testimony regarding the opinions contained in her supplemental report at trial.

---

[26] *See* Rec. Docs. 8094 and Doc. 12098.
[27] *See* Ex. 7 at pp. 226:579 – 227:2.

Dated: May 11, 2021

Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin
Jessica Perez Reynolds
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
jperez@pbclawfirm.com

*Counsel for Plaintiff, Elizabeth Kahn and Trial Counsel for the PSC*

/s/ David F. Miceli
David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

*Trial Counsel for the PSC*

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| John Gomez<br>The Gomez Law Firm, PLLC<br>655 West Broadway, Suite 1700<br>San Diego, CA 92101<br>Phone: (619) 237.3490<br>Fax: 619.237.3496.<br>john@thegomezfirm.com | Jessica Perez Reynolds<br>Pendley, Baudin & Coffin<br>P.O. Drawer 71<br>24110 Eden Street<br>Plaquemine, LA 70765<br>Phone: (225) 687-6396<br>Fax: (225) 687-6398<br>jperez@pbclawfirm.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@atkinsandmarkoff.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                          /s/ M. Palmer Lambert
                                          M. PALMER LAMBERT