## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                     **SECTION "H" (5)**

THIS DOCUMENT RELATES TO
*Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039

### PLAINTIFF'S OPPOSITION TO DEFENDANTS'
### MOTION FOR RECONSIDERATION ON WARNINGS CAUSATION

Sanofi asks this Court to reconsider its Order (Rec. Doc. 9888) denying Sanofi's Motion for Summary Judgment on Warnings Causation (Rec. Doc. 9300) due to the Fifth Circuit's decision in *Phillips*. The Court's ruling on warnings causation in *Kahn* does not conflict with the Fifth Circuit's recent decision. The Court correctly found that there were fact issues on how the conversation between Ms. Kahn and her prescribing physician would have gone had they known of Taxotere's risk of permanent hair loss. As such, reconsideration of the Court's ruling is not warranted, and Sanofi's Motion for Reconsideration should be denied.

### I.      BACKGROUND

Dr. Kardinal, Ms. Kahn's prescribing oncologist, testified that he did not warn patients of a risk of permanent hair loss because, in his experience, hair grew back after chemotherapy.[1] Rather, Dr. Kardinal testified that he informed his patients that hair loss would be temporary.[2] Dr. Kardinal further testified that during the time he was practicing oncology, he did not review or become aware of any literature showing Taxotere or any other chemotherapy drug carried with it the risk of permanent hair loss.[3]

---

[1] Ex. A, Deposition of Dr. Carl Kardinal 1/17/2018 "Kardinal Dep." at 87:2-88:3.
[2] *Id.* at 175:9-17.
[3] *Id.* at 88:4-88:17.

Dr. Kardinal testified that had Sanofi warned about "permanent hair loss" in 2008, such information should have been disclosed and placed in the informed consent form.[4]  Moreover, with regard to Ms. Kahn, Dr. Kardinal testified that, had he received an adequate warning of the risk of permanent hair loss, he would have counseled Ms. Kahn on the risk involved and would have respected her decision to go with a different treatment regimen.[5]  More specifically, Dr. Kardinal testified that Taxotere and Taxol are equivalent in efficacy, and he considered treatment with Taxol, Adriamycin, and Cyclophosphamide to be an adequate alternative if a patient did not wish to undergo treatment with Taxotere due to the risk of permanent hair loss.[6]

In conjunction, Ms. Kahn testified as follows: "If my doctor had told me that one of the side effects of Taxotere was permanent hair loss, I would have asked him, what are my other options.  Just like when I was told about the surgery, about a mastectomy, I wanted to know what my other options were."[7]  Ms. Kahn further testified that she would have chosen a non-Taxotere treatment in order to avoid the "known" risk of permanent hair loss associated with Taxotere.[8]  While Ms. Kahn's primary goal was to survive breast cancer, she wanted to be as whole as possible after the conclusion of her cancer treatment "so that [she] wouldn't be reminded every day, that [she] had cancer."[9]

---

[4] *Id.* at 139:20-140:9.
[5] *Id.* at 141:2-145:22.
[6] *Id.* at 145:11-146:12.
[7] Ex. B, Deposition of Elizabeth Kahn 12/7/2017 "Kahn Dep." at 301:16-21.
[8] *Id.* at 301:11-305:13, 338:8-20.
[9] *Id.* at 156:9-157:5.

## II.    ARGUMENT

### A. The Court's reconsideration of its ruling on warnings causation in *Kahn* is unwarranted.

Although Rule 54(b) of the Federal Rules of Civil Procedure provides a court with broad discretion to revisit an interlocutory order, *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017), "this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Lightfoot v. Hartford Fire. Ins. Co.*, 07-4822, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012) (citations omitted). The Court should deny reconsideration here, even under Rule 54(b)'s more relaxed standard, because the Court's framework for the learned intermediary analysis does not conflict with the Fifth Circuit's decision in *Phillips*.

Neither the law nor the facts have changed since this Court ruled that summary judgment was not appropriate. Sanofi's motion for reconsideration does nothing more than rehash arguments that the parties thoroughly briefed and the Court duly considered. Indeed, Sanofi simply reargues that the patient's input into the conversation with her doctor about her breast cancer treatment should be disregarded under the learned intermediary analysis. This simply is not the law.

Both this Court, in its *Kahn* ruling, and the Fifth Circuit, in its *Phillips* decision, state that the necessary proof under the learned intermediary analysis is a showing that "a proper warning would have changed the decision of the [prescribing] physician, *i.e,* that but for the inadequate warning, the [prescribing] physician would not have used or prescribed the product." Rec. Doc. 9888 at 4; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30205, 2021 WL 1526420, at *3 (5th Cir. April 19, 2021) (citations omitted). Neither Court excludes the patient's input in the doctor-patient conversation from consideration.

Despite Sanofi's attempts to completely remove the patient's input and choice from the learned intermediary analysis, the Fifth Circuit considered evidence including "other available treatments and the importance [the plaintiff] places on her appearance" to be relevant to the inquiry of whether a proper warning on the risk of permanent hair loss would have affected the prescribing decision. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30205, 2021 WL 1526420, at *3 (5th Cir. April 19, 2021). Moreover, just like this Court, the Fifth Circuit recognizes that a patient's input might "steer[] the conversation in such a way that [the prescribing physician] would have changed his prescribing decision had he known that the risk of alopecia associated with Taxotere was potentially permanent rather than temporary." *Id.* at *4. Consequently, the Fifth Circuit's opinion in *Phillips* is consistent with the Court's consideration of "how patient choice then would have steered the conversation and the ultimate prescribing decision." Rec. Doc. 9888 at 4.[10] As such, reconsideration is not appropriate here.

**B. Fact issues regarding how the conversation between Ms. Kahn and her prescribing physician would have gone had they known of Taxotere's risk of permanent hair loss illustrate disputed issues of material fact exist.**

On the issue of whether a label change would have affected Dr. Kardinal's prescribing decision, Sanofi merely disagrees with the Court's ruling and its assessment of the underlying record, which evidences a dispute of material fact. Sanofi's slanted reading of the record, however, is no reason to revisit the Court's considered order. Sanofi can identify no legal error because there is none, and in fact the Fifth Circuit's recent ruling in *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30205, 2021 WL 1526420 (5th Cir. April 19, 2021) fully supports the Court's order.

---

[10] Sanofi's reliance on footnote 4 in the Fifth Circuit's decision in *Phillips* is wholly misplaced. The point of footnote 4 was not to eliminate consideration of the patient's choice and input in the conversation with her doctor, but to emphasize that ultimately it is the physician that prescribes the drug. Had the Fifth Circuit intended for the language in footnote 4 to be a centerpiece of its opinion or holding, such language certainly would not be included as dicta in a footnote.

In that case, the Fifth Circuit affirmed the Court's grant of summary judgment based on warnings causation finding insufficient evidence to create a genuine dispute of material fact as to whether a warning that Taxotere caused permanent hair loss would have changed the prescribing physician's decision. *Id.* at *5. However, the prescribing physician in *Phillips*, Dr. Sonnier, testified that had the plaintiff Ms. Phillips asked to undergo an Anthracycline-based therapy instead of a Taxotere-based therapy, "he [didn't think it would have been okay with [him],' and he 'he would not give it.'" *Id.* at *4. In contrast, Ms. Kahn has put forth evidence of an equally efficacious treatment that her prescribing physician considered adequate to treat her breast cancer.

Sanofi relies on Dr. Kardinal's testimony concerning his treatment "recommendation" to Ms. Kahn. Sanofi's Memorandum in Support at 7-8. But Dr. Kardinal's recommendation to Ms. Kahn cannot end the inquiry when "the decision to use a drug in a particular circumstances rests with [both] the doctor and the patient." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30205, 2021 WL 1526420, at *3 (5th Cir. April 19, 2021) (citations omitted). Dr. Kardinal was adamant that had he been warned of the risk of permanent hair loss associated with Taxotere, he would have disclosed that risk and allowed the patient to decide whether she wished to proceed with Taxotere.[11] Ms. Kahn testified that she would have asked her physician about other options had she been told Taxotere could cause permanent hair loss.[12]

With regard to alternative treatment options, Dr. Kardinal testified that Taxol would have been an equivalent treatment to Taxotere.[13] When questioned about any potential superiority that Taxotere or Taxol has, Dr. Kardinal testified: "They both have activity in breast cancer. I think

---

[11] Ex. A, Kardinal Dep. at 141:1-143:1. ("[Permanent hair loss] would be something that would have to be included in the discussion." *Id.* at 142:11-12)
[12] Ex. B, Kahn Dep. at 301:11-305:13.
[13] Ex. A, Kardinal Dep. at 145:17-146:12.

they seem fairly equivalent, but I don't know that one is clearly superior."[14]  Also, when asked whether Taxotere saves lives, Dr. Kardinal testified: "Perhaps.  As does paclitaxel perhaps.  If survival after a clinical trial with docetaxel is greater than without a taxane, then the answer to that is yes.  Is it better than Taxol?  The answer is who knows."[15]

Because Taxotere and Taxol offer equal efficacy for the treatment of Ms. Kahn's specific type of early stage breast cancer, a reasonable patient like Ms. Kahn would reject a Taxotere regimen in favor of a Taxol regimen to avoid the elevated risk of developing permanent hair loss associated with Taxotere.[16]  Accordingly, Ms. Kahn testified that she would have chosen a non-Taxotere treatment in order to avoid the "known" risk of permanent hair loss associated with Taxotere.[17]  As such, Plaintiff has more than adequately sustained her burden of proving that other options existed, which Dr. Kardinal was willing to prescribe, if she declined treatment with Taxotere after being advised of the risk of permanent hair loss.

In addition, the Fifth Circuit in *Phillips* determined that "there is no indication that Phillips investigated or asked about alternatives that might avoid the abnormal hair growth or hair loss." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30205, 2021 WL 1526420, at *4 (5th Cir. April 19, 2021).  First, the language described by Sanofi in Ms. Kahn's informed consent form does not identify hair loss as a permanent side effect and cannot be fairly read to provide actual or constructive knowledge that hair loss, a known side effect – a side effect that the form identifies as temporary – is in fact permanent.  Dr. Kardinal testified that he informed his patients that hair

---

[14] *Id.* at 137:8-18.
[15] *Id.* at 75:16-23.
[16] *See also* Ex. C, Joseph A. Sparano et al., *Weekly Paclitaxel in the Adjuvant Treatment of Breast Cancer*, 358 N. Engl. J. Med. 1663 (2008); *see also* Ex. D, Deposition of Dr. Glaspy 5/13/2020 at 88:8-20, 89:11-21, 131:5-14.
[17] Ex. B, Kahn Dep. at 301:11–305:13; 338:8-20

loss would be temporary because, in his experience, hair grew back after chemotherapy.[18]  Dr. Kardinal further testified that had Sanofi warned about "permanent hair loss" in 2008, such information should have been disclosed and placed in the informed consent form.[19]

Second, as previously outlined by the Court, Ms. Kahn's choices related to her treatment for breast cancer evidence her concern about her appearance. Rec. Doc. 9888 at 5.  Specifically, Ms. Kahn chose not to undergo a mastectomy in hopes that chemotherapy would reduce the size of her tumor and allow her to undergo a lumpectomy.  *Id.*  With regard to chemotherapy, she testified that "[j]ust like when I was told about the surgery, about a mastectomy, I wanted to know what my other options were."[20]  While Ms. Kahn's goal was to survive breast cancer, she wanted to be as whole as possible after the conclusion of her cancer treatment so that she would not be reminded that she had cancer every day.[21]  Plaintiff has more than adequately met her burden of proving that if she had been advised of the risk of permanent hair loss associated with Taxotere, she would have inquired about other available and viable options for the treatment of her breast cancer.

## III.   CONCLUSION

For the reasons stated above, Sanofi's Motion for Reconsideration should be denied.

Dated: May 11, 2021                               Respectfully submitted,


/s/ *Christopher L. Coffin*                        /s/ *Karen B. Menzies*
Christopher L. Coffin (#27902)          Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.    GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225          6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163             Los Angeles, California 90045
Phone: (504) 355-0086                        Telephone: 510-350-9700

---

[18] Ex. A, Kardinal Dep. at 87:2-88:17, 175:9-17.
[19] *Id.* at 139:20-140:9.
[20] Ex. B, Kahn Dep. at 301:16-21.
[21] *Id.* at 156:9-157:5.

Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.

Andre M. Mura
Gibbs Law Group LLP

1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749

505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313

dmarkoff@amalaw.com                    zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT