UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION BASED ON THE STATUTE OF LIMITATIONS

In her opposition, the Plaintiff asks this Court to ignore the Fifth Circuit's controlling decision regarding the application of *contra non valentem*.[1] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, — F.3d —, 2021 WL 1560724 (5th Cir. Apr. 21, 2021). None of Plaintiff's argument, however, can stand under the Fifth Circuit's recent holding.

First, Plaintiff has produced no evidence that she investigated Taxotere as the cause of her injury after prescription began running, as the Fifth Circuit requires. In fact, Plaintiff does not dispute that she failed to investigate Taxotere. She argues only that she still acted "reasonably," and that such an investigation would have otherwise been futile. These are the precise arguments that the Fifth Circuit rejected.

Second, Plaintiff cannot dispute that her claim was "'reasonably knowable in excess of one year prior to filing' suit" in 2016, and the Fifth Circuit charges her with <u>all</u> information a reasonable inquiry would have uncovered. As the Fifth Circuit has held, such an investigation would have uncovered the publicly available information cited in Plaintiff's Master Complaint showing a possible association between Taxotere and permanent alopecia well before 2015.

---

[1] *See* Rec. Doc. 12583 (Pl.'s Brief Opposing Defs.' Second Mot. to Reconsider This Court's Order Denying Summ. J. Based on Prescription) [*hereinafter* "Pl.'s Opp."].

Third, Plaintiff's burden-shifting arguments are irrelevant. Both parties agree the applicable standard is the federal summary-judgment standard, and that standard has been correctly applied in all relevant holdings by this Court and the Fifth Circuit.

Finally, Plaintiff argues the third *contra non valentem* exception (fraudulent concealment) applies and therefore tolls prescription. That argument, too, ignores the Fifth Circuit's findings directly to the contrary.

Because the prescription period ran more than one year before Plaintiff filed suit, her claim is time-barred. Plaintiff has raised no genuine dispute to the contrary. Reconsideration is therefore warranted, and summary judgment should now be entered for Sanofi.

**I.     Under the Fifth Circuit's Ruling, Plaintiff Has Not Demonstrated Any Genuine Dispute for Trial.**

There can be no dispute that the Fifth Circuit's decision is binding precedent that applies to the facts of the *Kahn* case. The Fifth Circuit conducted a *de novo* review and issued a binding analysis of the application of *contra non valentem* to Plaintiffs bringing claims under the Master Complaint in this MDL. Although Plaintiff attempts to argue that the Fifth Circuit's decision should not control because *Kahn* is "not a no-inquiry case,"[2] the Fifth Circuit created no such limitation. The Fifth Circuit did not confine its application to only certain types of Plaintiffs, and no such distinction exists under Louisiana law. There is no separate *contra non valentem* doctrine applicable to Ms. Kahn. Her case must now be analyzed under the framework established by the Fifth Circuit.

    **A.     *The Fifth Circuit charged all Plaintiffs with investigating Taxotere as a potential cause of their injuries.***

The Fifth Circuit articulated a clear standard that must be met for the fourth *contra non*

---

[2] Pl.'s Opp. at 1.

*valentem* exception (*i.e.*, the discovery rule) to apply and toll the prescriptive period. Under Louisiana law generally, the Fifth Circuit recognized:

> [P]rescription runs "from the time there is notice enough to call for *inquiry* about a claim. . . . Appellants' injuries were sustained six months after chemotherapy ended. **Each injury should have caused an inquiry within a reasonable time thereafter**. . . . The duty to act requires an investigation of the injury. . . .

2021 WL 1560724 at *4 (internal citations omitted) (emphasis added). Specific to the claims asserted in this MDL, the Fifth Circuit ruled:

> [W]e interpret Louisiana law to require that once hair loss persisted after six months, *contra non valentem* tolled the prescription period **until the point when a prospective plaintiff through the exercise of reasonable diligence should have "considered [Taxotere] as a potential root cause of" her injury**. Each Appellant testified at her deposition that she attributed her initial hair loss to her chemotherapy treatment. . . . [W]e consider the standard of "knew or should have known" . . . to mean **they needed to investigate Taxotere as a potential cause**.

*Id.* at *6 (emphasis added).

Here, Plaintiff does not dispute that she attributed her initial hair loss not just to chemotherapy, but to Taxotere specifically.[3] After her hair loss persisted more than six months, Plaintiff had "notice enough" for the prescriptive period to commence and to require her to investigate Taxotere as the cause of her injury. Plaintiff does not dispute that she never investigated Taxotere as the cause of her injury—an admission that, on its own, is fatal to Plaintiff's claim under the Fifth Circuit's holding.[4]

Failing to meet the Fifth Circuit's clear standard, Plaintiff instead raises multiple arguments that the Fifth Circuit has already rejected.

---

[3] Pl.'s Opp. at 3 ("Ms. Kahn believed that Taxotere initially caused her hair to fall out"). This fact is somewhat unique to this Plaintiff and renders her failure to investigate Taxotere even more unreasonable than the failure of the plaintiffs in *Francis*, *Johnson*, and *Thibodeaux*.

[4] *See id.* at 16–18.

First, Plaintiff repeatedly argues that, despite knowledge of her initial hair loss and its cause, she "reasonably did not know that she had permanent hair loss."[5]  But the standard for tolling is not what the plaintiff *knew*, it is whether the plaintiff was on notice enough to *call for an inquiry*.  The Fifth Circuit already held that Plaintiff was on such notice after her initial hair loss (which she believed to be caused by Taxotere) persisted more than six months.  *Id.* at *4, 6.  What Plaintiff actually "knew" is not legally relevant and is entirely inconsistent with the Fifth Circuit's holding that a reasonable inquiry would have produced sufficient knowledge of whom to sue more than one year before plaintiffs (like Ms. Kahn) filed suit in 2016.

Second, Plaintiff alternatively argues that, unlike plaintiffs Francis, Johnson, and Thibodeaux, she reasonably investigated her claim, relying on the same three facts initially raised in opposition to summary judgment: (1) that she asked her gynecologist in April 2009 about her hair and was told hair thinning can be caused by age; (2) that she asked her oncologist in 2010 when her hair would return to its original thickness but was provided no answer; and (3) that she asked her dermatologist in 2009 whether she could take anything to speed her hair thickening.[6]  The Fifth Circuit's holding renders those investigations unreasonable as a matter of law.

Plaintiff makes much of the timing of her 2009 appointment with her gynecologist, reversing her earlier position about when she sustained her six-month injury.[7]  But that conversation, as well as her two other conversations regarding hair thickness, are irrelevant under the Fifth Circuit's reasoning.  It is undisputed that **Plaintiff never asked any clinician if *Taxotere* caused her persistent hair loss**.  As such, Plaintiff's purported investigation was not reasonable

---

[5] *Id.* at 13–14, 16.

[6] *Id.* at 11–13.

[7] Previously, Plaintiff argued that the six-month injury period ran from the end of "cytotoxic chemotherapy" in October 2008, rather than the end of chemotherapy treatment in July 2009.  *See* Rec. Doc. 9418.  The Court accepted Plaintiff's position in ruling on summary judgment.  Now, Plaintiff argues the opposite.

4

as a matter of law under the Fifth Circuit's holding. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 1560724 at *4, 6.[8]

Plaintiff likewise cannot argue that her clinicians "failed to diagnose" her with persistent hair loss, when she never asked what injury she had or what caused it. This Court rejected that exact argument in *Thibodeaux*, explaining the plaintiff could not argue tolling applied "simply because others observed her injury and could have offered unsolicited advice to help her but did not. This falls short of 'act[ing] reasonably to discover the cause of the problem' as the law requires."[9]

Finally, Plaintiff argues her inaction may be excused because she did not know which chemotherapy caused her injury and, as such, did not know which manufacturer to sue. The Fifth Circuit directly addressed that argument as well, analyzing *Bennett v. Gen. Motors Corp.*, 420 So. 2d 531, 532 (La. App. 2d Cir. 1982), in which the plaintiff argued "he did not know whom to sue." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 1560724 at *5. The Louisiana court rejected that argument in *Bennett*, as did the Fifth Circuit, holding "Plaintiffs are not entitled to wait to sue until they are certain of what and/or who caused their injury." *Id.* This argument is particularly unavailing considering the Fifth Circuit already held Plaintiff—*had she reasonably investigated*—would have found information linking Taxotere to persistent hair loss. *Id.* at *7.

None of Plaintiff's arguments raise a genuine dispute regarding application of the discovery rule to her case. The Fifth Circuit ruled that a reasonable inquiry likely would include talking to her doctors about Taxotere as a potential cause, as well researching the issue for herself.

---

[8] This Court relied heavily on Plaintiff's inquiry with her gynecologist in concluding a jury would need to decide if her actions were reasonable. But that decision was made prior to the Fifth Circuit's clarification that Plaintiff specifically needed to investigate Taxotere as a cause of her injury, which Plaintiff undisputedly did not do.

[9] Rec. Doc. 9110 at 6.

5

*Id.* at *6. It is undisputed that Plaintiff never investigated Taxotere as a cause of her persistent hair loss, even though she believed Taxotere to be the initial cause. It is also undisputed that Plaintiff never investigated her injury independently, which the Fifth Circuit concluded would have revealed publicly available information about Taxotere and permanent hair loss. Application of the Fifth Circuit's standard to the undisputed facts can lead to only one conclusion: Plaintiff has not raised a genuine dispute that she conducted a reasonable inquiry.

### B. *The Fifth Circuit charged all plaintiffs with the information a reasonable inquiry would have uncovered.*

At the time Plaintiff was on notice to investigate, the prescriptive period began running and Plaintiff had one year in which to file suit. Plaintiff failed to reasonably investigate her claim during that time, and she is charged with all information a reasonable inquiry would have revealed.

As the Fifth Circuit made clear, "[t]he master complaint helps us determine what a reasonable inquiry would have uncovered. Appellants are charged with whatever information that is."[10] 2021 WL 1560724 at *6. The Fifth Circuit highlighted multiple sources linking Taxotere to persistent hair loss, much of which were publicly reported on news and social media sites, and concluded plaintiffs could not raise a genuine dispute that "a reasonable inquiry would have left [them] without knowledge — if not certainty — of whom to sue by 2015." *Id.* at *7. Because plaintiffs' claims were "'reasonably knowable in excess of one year prior to [their] filing' suit" in 2016, *id.* at *7, the prescriptive period ran and their claims were time barred.

Plaintiff's identical claim here was likewise reasonably knowable to her at least by 2015, in excess of one year before she filed suit in 2016. To avoid that result, Plaintiff argues a

---

[10] Plaintiff argues the Fifth Circuit created an exception for "reasonable plaintiffs," and then argues that this Court should not charge her with that knowledge because she acted reasonably. *See* Pl.'s Opp. at 6–7. Contrary to Plaintiff's assertions, the Fifth Circuit did not limit its holding. However, a "reasonable plaintiff" standard would not apply to Plaintiff for the reasons discussed in this Section and Section I.A. above. She did not act reasonably under the Fifth Circuit's reasoning.

reasonable inquiry would have been futile because her doctors did not know Taxotere could cause permanent hair loss and because Sanofi's defenses demonstrate the issue is unsettled. Neither argument has any relevance. The plaintiffs in *Francis*, *Johnson*, and *Thibodeaux* also argued "there is no evidence that Appellants' healthcare providers knew Taxotere could cause permanent hair loss prior to th[is] litigation." The Fifth Circuit held this argument did not present a material dispute sufficient to overcome judgment because "[w]hen these parties actually knew that Sanofi was a potential cause of their injury is not the question." *Id.* at *7.[11] Sanofi's causation defense also has no impact on the Fifth Circuit's conclusion as to what a reasonable inquiry would have uncovered.[12]

Just like the Plaintiffs before the Fifth Circuit, Plaintiff here raised no genuine dispute that she reasonably investigated her claim during the one-year prescriptive period or that a reasonable investigation would have left her "without knowledge" of whom to sue well before 2015. To hold otherwise would be contrary to controlling law.

## II. Plaintiff's Burden-Shifting Arguments Are Irrelevant Because No Court Misapplied the Correct Standard.

Both parties appear to agree on the appropriate burden of proof on prescription and its exceptions, and both this Court and the Fifth Circuit have applied the correct standard to

---

[11] This argument has even less relevance here because, had Plaintiff inquired with her oncologist, Dr. Zoe Larned, she would have learned that Dr. Larned had "known for a long time that certain chemotherapy drugs can cause permanent changes to hair," such as changes to texture, color, fullness/thinning, and hair loss. Rec. Doc. 9300-1 ¶¶ 17–18 (Defs.' Stmt. of Undisputed Facts in Supp. of Their Mot. for Summ. J. on Warnings Causation). Dr. Larned also testified that, "having treated hundreds of patients over [her] career . . . not everyone grows their hair back completely, irrelevant of Taxotere." *Id.*

[12] Plaintiff's reliance on *Sharkey v. Sterling Drug Inc.* is misplaced. 600 So. 2d 701 (La. App. 1st Cir. 1992). In that case, the appellate court held plaintiffs' delay in filing suit was reasonable because, at the time, no one knew what caused Reye's Syndrome. *Id.* at 714. Plaintiff cannot make that argument here considering she believed Taxotere caused her initial hair loss, and the Fifth Circuit has already articulated the available information about persistent hair loss that a reasonable investigation would have uncovered.

7

Defendants' various prescription-based motions.

Louisiana law is clear regarding the ultimate burden of proof as to prescription and its exceptions. At trial, Sanofi bears the initial burden of proving that Plaintiff's claim has prescribed. *Hogg v. Chevron USA, Inc.*, 2009-2632 (La. 7/6/10), 45 So. 3d 991, 998 ("Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed."); *M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't*, 2015-0860 (La. App. 4 Cir. 12/2/15), 182 So. 3d 312, 319 (same). Once Sanofi proves that Plaintiff's claim is prescribed on its face, the burden then shifts to Plaintiff to show that her claim is not prescribed because an exception applies. *See Trahan v. BP Am. Prod. Co.*, 2016-267 (La. App. 3 Cir. 12/7/16), 209 So. 3d 166, 171, *writ denied*, 2017-0022 (La. 3/24/17), 216 So. 3d 815 ("If the defendant establishes that the plaintiff's case has prescribed, the plaintiff who assert[s] the benefit of *contra non valentem* bears the burden of proof of its requisite elements and applicability." (internal quotation marks and citation omitted)); *Hogg*, 45 So. 3d at 998.

The federal summary judgment standard is likewise clear.[13] As explained in *Celotex*, the moving party bears the "initial burden of production, which shifts to the nonmoving party if satisfied by the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* 10A Wright, Miller & Kane § 2727); *see also Bartucci v. Jackson*, 246 F. App'x 254, 257 (5th Cir. 2007); *LaShip L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 323 (5th Cir. 2017).

In its original motion, Sanofi demonstrated Plaintiff's claim was prescribed on its face and no genuine dispute existed regarding application of *contra non valentem* to save it.[14] In response,

---

[13] Plaintiff's arguments regarding Louisiana procedural law on summary judgment are obviously irrelevant. *See, e.g.*, *Cole v. Elliott Equip. Co.*, 653 F.2d 1031, 1033 (5th Cir. 1981) ("In federal court, including cases based on diversity jurisdiction, the Federal Rules of Civil Procedure, and the decisions of the federal courts interpreting these rules, control as to procedural matters.") (internal citations omitted)).

[14] *See* Rec. Doc. 9295-2 at 6 (explaining that Plaintiff's claims are "barred on their face" because she "filed her lawsuit five years after prescription ran"); *see also id.* at 7-13 (detailing the undisputed facts demonstrating that no exception

Plaintiff argued that a genuine dispute did exist, and this Court agreed, holding Plaintiff's discussions with her doctors were sufficient to preclude summary judgment in Sanofi's favor.[15] Sanofi likewise met its burden in *Johnson*, *Francis*, and *Thibodeaux*, demonstrating no genuine dispute existed regarding application of *contra non valentem*, and, in those cases, this Court agreed that Plaintiffs failed to raise a genuine dispute once the burden shifted to them.[16] The Fifth Circuit's ruling applied the correct burden-shifting framework applicable at summary judgment. Although the Fifth Circuit believed no party raised the issue, it correctly held, *de novo*, that summary judgment was inappropriate when "reasonable minds could differ as to the applicability of *contra non valentem*" and further held that Plaintiffs did not meet their burden of production because they could not demonstrate the existence of a genuine dispute regarding application of either *contra non valentem* exception. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 1560724 at *2 & 6–8. That holding is legally and procedurally correct.

Plaintiff's burden arguments are an unnecessary debate in semantics, as Sanofi has in all cases met its initial burden. After Sanofi demonstrated in each case that no genuine dispute existed regarding application of *contra non valentem*, the burden then shifted to Plaintiffs, as federal law required. This Court correctly applied that standard in this case and elsewhere.

### III.  The Fifth Circuit Rejected Plaintiff's Fraudulent-Concealment Argument as a Matter of Law.

---

tolled Ms. Kahn's claims and concluding Ms. Kahn's "failure to investigate before learning about the advertisement was unreasonable as a matter of law.").

[15] *See* Rec. Doc. 9418 at 10–13; *see also* Rec. Doc. 9885 at 6–8.

[16] *See, e.g.*, Rec. Docs. 5734-2 at 10−20 (detailing the undisputed facts demonstrating that no exception tolled Ms. Johnson's claims), 6081 at 8−16 (same as to Ms. Francis's claims), 8879-2 at 8−14 (same as to Ms. Thibodeaux's claims). *See also* Rec. Docs. 7571 and 9110 (Orders Granting Summ. J. on Ms. Johnson, Ms. Francis, and Ms. Thibodeaux's claims).

This Court did not previously rule on Plaintiff's argument that the third *contra non valentem* exception—*i.e.*, defendant prevented her from availing herself of her cause of action—applied and tolled the prescriptive period. Plaintiff now re-asserts that argument raising the same points previously advanced here and elsewhere—that, despite evidence associating Taxotere with permanent hair loss, Defendants did not update the Taxotere label until 2015. In reiterating that argument, Plaintiff ignores the Fifth Circuit's dispositive ruling on the issue, as well as this Court's recent decision in *Hughes*. As the Fifth Circuit stated:

> The third *contra non valentem* scenario, *i.e.*, where the defendant prevented the plaintiff from availing herself of her cause of action, is inapplicable because of our holding that Appellants here were not prevented from availing themselves of their causes of action; a reasonable inquiry would have led to the information needed.

2021 WL 1560724 at *8. This Court also recently recognized in *Hughes* that the third exception cannot toll the prescriptive period for other MDL plaintiffs under the Fifth Circuit's holding.[17] The same conclusion must be reached here. Plaintiff's fraudulent-concealment argument is identical to the argument raised in *Francis*, *Johnson*, *Thibodeaux*, and *Hughes*, and it cannot prevail without directly conflicting with the Fifth Circuit precedent.

## **CONCLUSION**

For all of these reasons, Sanofi requests that this Court reconsider its April 7, 2020 Order denying Sanofi's motion for summary judgment on Plaintiff's claims and find that Plaintiff's claims are prescribed under the Fifth Circuit's recent ruling in *Francis*, *Johnson*, and *Thibodeaux*.

---

[17] Rec. Doc. 12532 at 9 (quoting *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 1560724, at *8).

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

*Counsel for Sanofi Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*