UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## MEMORANDUM IN SUPPORT OF PSC
## MOTION TO PRESERVE EXPERT TESTIMONY

I.　**Introduction:**

The Plaintiffs' Steering Committee ("PSC") respectfully requests an order (the "Proposed CMO") to establish the protocol for the preservation deposition of general expert witnesses for eventual use at trial in remanded cases.  The PSC recognizes that remand is not immediately imminent, however PTO 1 charges it with conducting depositions for all Plaintiffs, which would include remanded plaintiffs.  (Rec. Doc. 4) The preservation depositions of general experts done by the PSC to provide to individual litigating counsel is an appropriate next step in this MDL.

II.　**Argument and authority:**

Expert discovery and motion practice have been both extensive and repetitive, as the Court has recognized.  Discovery as to Plaintiffs' general causation experts has been redundant, and wasted resources of the parties and the Court.[1] Three of the four defendants who have the largest number of Plaintiffs making claims against them, namely Sanofi, Sandoz and Accord, have fully cross examined these experts on multiple occasions.  All other 505(b)(2) defendants have attended, or have had the opportunity to attend, each deposition of Plaintiffs' general experts, and every defendant has the opportunity to receive every transcript of these experts' depositions.  Further,

---

[1] Sanofi's repeated attempts to exclude experts on the same or similar grounds is precisely the conduct MDL's are created to prevent.

1

the admissibility of and methodology for the opinions of the general experts have been extensively litigated, and further expert disclosures of these witnesses are unnecessary. Several MDLs in the Eastern District, and elsewhere, have allowed general expert testimony to be preserved if relevant to all plaintiffs and will have general and broad application.[2]

In the absence of global resolution or disposition in the MDL, preserving common key expert testimony are paramount. The perpetuation depositions become part of a completed trial package. As an extensive trial package will take months to accomplish, the PSC wants to begin the work now, well in advance of the establishment of a remand procedure.

Preservation depositions (and the trial package) provide non-PSC members with a road map of the case. They eliminate the need of the general expert to be disclosed or appear at each and every remanded trial by putting the testimony "in the can." Preservation depositions, especially after *Daubert* determinations will define the proper scope of that testimony.

The Proposed CMO establishes procedures for expert preservation depositions consistent with this Court's previous discovery orders, and consistent with prior orders in other MDLs dictating how preservation depositions are to be scheduled and conducted.[3] Should the expert at issue proffer any new opinions in a supplemental report, the defendants will be allowed a limited additional deposition prior to the preservation deposition. Absent new, supplemental disclosures, the Proposed CMO prohibits further expert discovery prior to the preservation depositions.

On November 15, 2017, CMO 9 established the deposition protocol for fact and expert witnesses.[4] Since then, hundreds of hours of depositions have been conducted. The Court has

---

[2] Such preservation likewise is necessary and appropriate to avoid what recently transpired with the unavailability of Dr. David Kessler.

[3] Barbara J. Rothstein et. al., A Model Mass Tort: The PPA Experience, 54 Drake L. Rev. 621 (2006).
[4] *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 Section N, 2:16-md-02740-KDE-MBN, Case Mgmt. Ord. No. 9 (Deposition Protocol) (E.D. La. Nov. 14, 2017) (Rec. Doc. 1110).

overseen extensive litigation regarding whether a proffered witness may offer expert testimony under Federal Rule of Evidence 702.[5]

Plaintiffs have served their general causation expert reports on four separate occasions, and these experts have been deposed and cross-examined, some four or five times. Should remand become necessary, these general expert witnesses will appear via a video preservation deposition, should the Court enter the Proposed CMO.

In the event of remand,[6] preservation depositions included in a trial package will obviate the need for duplicative work-up of general expert testimony. "Ultimately, the availability of a trial package ensures that the knowledge acquired by the PSC is not lost if a global resolution cannot be achieved in the transferee court."[7] The contents of a trial package should be comprehensive:

> [A trial package] typically will include various databases of material such as the relevant documents acquired in discovery, other valuable background information, expert reports, deposition and trial testimony (both transcripts and video, if available), biographies of potential witnesses, transferee court rulings and transcripts, and the coordinating attorneys' work product and strategies with respect to all of this material. Ideally, these materials will be well-organized, indexed, and electronically searchable.[8]

In *In re Phenylpropanolamine (PPA) Products Liability Litigation*, Judge Barbara J.

---

[5] *See e.g.'.s In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 16-2740, 2021 WL 119244, at *1 (E.D. La. Jan. 13, 2021) (concerning the admissibility of the testimony of Dr. Laura Plunkett); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 16-2740, 2021 WL 311865 (E.D. La. Jan. 29, 2021) (concerning the admissibility of the testimony of Dr. David Madigan); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 16-2740, 2021 WL 321661 (E.D. La. Feb. 1, 2021) (concerning the admissibility of the testimony of Linda Bosserman, M.D.); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 16-2740, 2021 WL 533716 (E.D. La. Feb. 12, 2021) (concerning the admissibility of the testimony of Dr. Mamina Turegano).

[6] *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004), § 20.133 ("When [remand] should be done will depend on the circumstances of the litigation. In some cases, remands have been ordered relatively early, while substantial discovery remained to be done; in others, virtually all discovery had been completed and the cases were ready for trial at the time of remand to the transferor districts.").

[7] *See* F. Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, Bellwether Trials in Multidistrict Litigation, 82 TUL. L. REV. 2323, 2340 (2008).

[8] *Id.* at 2339.

Rothstein created a suggested model for achieving fairness and equity in MDL litigation to the American Law Institute.[9] The *In Re: PPA* MDL court was recognized as providing a critical, centralized role in adjudicating evidentiary matters, in particular with relation to the handling of expert testimony.[10] There the guidelines controlling preservation depositions of expert witnesses were similar in scope to this Court's Order regarding the deposition of expert witnesses,[11] thus alleviating the presence of each expert at each of the following trials,[12] a practical consideration recognized as especially appropriate for MDL administration.[13] And like the present MDL, *In Re: PPA* was an MDL with multiple defendants that manufactured cold and cough, and over-the-counter weight loss products (e.g. Dexatrim). Even with multiple defendants a trial package

---

[9] Barbara J. Rothstein is also one of the two coauthors of MANAGING MULTIDISTRICT LITIGATION IN PRODUCTS LIABILITY CASES: A POCKET GUIDE FOR TRANSFEREE JUDGES (2011), in which Judge Rothstein draws extensively on her experience in the administration of the PPA MDL. She emphasizes the importance of MDL discovery procedure that is informed by consideration of optimal use of resources. ([§ 9(c)] "Limiting repetitive depositions of significant decision makers, defendants, or experts promotes efficiency, as does using videotaped depositions for witnesses likely to testify more than once. Parties with different interests must be allowed fair discovery, but discovery that has already been competently conducted need not be reopened for later-added parties, absent a showing of a specific need. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 11.452. . .").

[10] Barbara J. Rothstein et. al., A Model Mass Tort: The PPA Experience, 54 Drake L. Rev. 621, 626 (2006) ("The Federal Judicial Center's *Manual for Complex Litigation* offers guidance regarding issues to be considered when expert testimony arises in complex cases. In general, it urges that judges assess the complexity of the scientific evidence and underlying areas of disagreement as part of an initial pretrial conference; require disclosure of anticipated expert testimony through expert reports; exercise firm control over the discovery of experts; consider the possibility of videotaped expert depositions; resolve disputes over the admissibility of expert testimony through individual or consolidated *Daubert* hearings, with the possible assistance of court-appointed experts; and hear motions for summary judgment; all in anticipation of the final pretrial conference and trial.") (internal citations omitted).

[11] *Id.* at 631. ("Case Management Order No. 14, entered on May 2, 2003, further refined the structure of expert witness preservation depositions. Testimony elicited during preservation depositions was 'limited to the opinions and bases and reasons therefor contained in the expert's written report pursuant to Rule 26(a)(2)(B),' and were to last seven hours the first day and five the second. 'Testimony elicited from the expert witness on cross-examination may be used by any adverse party as if counsel for that adverse party had conducted the cross-examination, and accordingly an adverse party may not duplicate the cross-examination previously conducted by another adverse party.'"); *In re Phenylpropranolamine* MDL No. 1407, 2:01-md-01407-BJR, Case Management Order Regarding Conducting of Expert Witness Trial Preservation Depositions (CMO No. 14) (W.D. Wash. Apr. 30, 2003) (attached as Exhibit 1).

[12] Byron G. Stier, Resolving the Class Action Crisis: Mass Tort Litigation As Network, 2005 Utah L. Rev. 863, 928 (2005) ("Moreover, Judge Rothstein provided for the taking of Preservation Deposition to preserve the testimony of witnesses who might not be able to appear at every trial.").

[13] See *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, No. MDL 1203, 2000 WL 876900, at *7 (E.D. Pa. June 20, 2000) ("The preservation depositions are especially important in the MDL sense, because in most trials before transferor courts, Drs. Avorn and Rubin will not appear live, but will be offered on video to a jury.").

including the preservation of general expert testimony was accomplished and both state court actions and remanded actions proceeded to trial.

The Honorable Eldon E. Fallon ordered in its general deposition guidelines for the *In Re: Xarelto (Rivaroxaban) Products Liability Litigation* MDL its instruction on preservation depositions:

> To the extent a party wishes to conduct a preservation deposition for trial, the deposing party shall provide at least thirty (30) days' notice of the intent to take the preservation deposition and, if the witness has not previously been deposed, provide opposing counsel an opportunity to take a discovery deposition of that witness, absent agreement of the parties to shorten the time or by Court order for good cause.

The Proposed CMO prohibits the improper use of a preservation deposition to engage in further fact finding,[14] and it ensures ample opportunity for informed cross examination. Only if new reliance materials are disclosed or a supplemental General Expert report is served, opposing counsel is permitted to take a limited supplemental discovery deposition prior to the preservation deposition.

*In Re: Vioxx Products Liability Litigation* the Court's original order establishing deposition guidelines was silent on how preservation depositions were to be conducted.[15] When the Honorable Eldon E. Fallon later set the procedure for preservation depositions for expert

---

[14] *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001) ("Lawyers use depositions during the discovery phase primarily to discover evidence. However, lawyers do not always know during the discovery phase which witnesses will actually be needed for trial, and whether the testimony of some of these witnesses will need to be presented at trial by means of depositions. Once those decisions are made by attorneys, courts cannot ignore a party's need to preserve testimony for trial, as opposed to the need to discover evidence, simply because the period for discovery has expired. As the Court noted in the *Charles* decision, in a trial deposition, the parties are simply 'seeking a means for introducing [the deponent's] testimony at trial,' and discovery is a matter of secondary concern, or not a concern at all. *Charles v. F.W. Wade*, 665 F.2d at 664."); *see also White v. Novartis Pharm. Corp.*, No. CIVS06-0665 WBS GGH, 2010 WL 2557198, at *1 (E.D. Cal. June 21, 2010) (denying request to take preservation depositions because the scheduling order specified *all* depositions "including depositions for preservation of testimony" be completed by the expired deadline).

[15] *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657, Section L(3), 2:05-md-01657-EEF-DEK, Pretrial Ord. No. 9 (AMENDED) (Deposition Guidelines) (E.D. La. Oct. 2, 2006), published on the United States District Court Eastern District of Louisiana MDL online database and available at http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/pto9amend.pdf

witnesses, the Court considered certain analogous procedures in live trial testimony:

> When a party has sought to call an expert witness in its case-in-chief in trials in this multidistrict litigation, the Court has required that party to share both exhibits and demonstratives that he/she intends to use with the expert witness with opposing counsel no later than 6:00 p.m. local time the day before the witness takes the stand. This practice is based on considerations of fairness and efficiency, and it has significantly reduced delays during trial. Any objections that opposing counsel may have are usually able to be resolved the next morning, before the trial resumes.
>
> It is the Court's view that trial preservation depositions of expert witnesses should proceed in the same manner for similar reasons. Accordingly, when a party notices a trial preservation deposition of an expert witness in this litigation, that party shall be required to share both the exhibits and demonstratives that they intend to use with the expert witness during the deposition with opposing counsel no later than 6:00 p.m. local time (determined by the location of the deposition) the day before the deposition. This will allow any objections to be resolved prior to the start of the deposition, and reduce likelihood that such depositions will need to be re-taken or significantly edited. Moreover, it will enhance the jury's ability to focus on the testimony in an unedited version should the deposition be played in future trials.
>
> It should be noted that opposing counsel need not disclose in advance the materials he or she intends to use during cross examination of such an expert witness. Lastly, these disclosure requirements do not apply to witnesses called adversely or to purely factual depositions.[16]

Other courts have similarly structured the organization of expert preservation depositions in consideration of their use at future trials.[17]

The PSC proposes to take the perpetuation depositions of the following general expert witnesses:

- Linda D. Bosserman, M.D., FACP, FASCO

---

[16] *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657 Section L(3), 2:05-md-01657-EEF-DEK, Minute Entry (E.D. La. March 6, 2007) (attached as Exhibit 2).

[17] *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, No. MDL 1203, 2000 WL 876900, at *7 (E.D. Pa. June 20, 2000) ("First, the court recognizes that this testimony will be offered, presumably, at hundreds of trials in different states where the Federal Rules of Evidence will apply. However, the state substantive law applied by these transferor courts may be different (i.e., state laws about informed consent). These differences in state law may affect the substance of a particular civil action as it involves the content of the drug warnings and labels and other issues. The preservation deposition of an expert witness, therefore, must be handled in a materially different way than the preservation deposition of a fact witness. The mechanics of the preparation of the preservation deposition should be such that depending on transferor court rulings as to relevancy, admissibility, and Rule 403 balancing, excerpts from portions of the preservation deposition—including questions, answers and possibly even exhibits—may have to be deleted or rearranged.").

- Ellen G. Feigal, M.D.
- David Madigan, Ph.D.
- Laura M. Plunkett, Ph.D., DABT
- David Ross, M.D., Ph.D., M.B.I.

The Proposed CMO provides the procedures and schedules for the preservation of the testimony of the general experts informed by this Court's MDL experience. Preservation depositions are not to exceed seven (7) hours and are subject to opposing counsel's cross examination. Notice of attendance is to be provided five (5) days in advance of each deposition, and the general procedures by which the preservation depositions are to be conducted track that of this Court's order establishing the initial deposition protocol.[18]

The Proposed CMO reserves defendants' right to be protected from any new opinions and provides defense counsel ample opportunity for examination of the general experts on any new opinions, if there be any, *before* a preservation deposition can be conducted.

### III. Conclusion:

In preparation for eventual remand, the Proposed CMO on preservation of general expert depositions will allow for the preparation of the most effective, comprehensive trial package for the benefit of counsel in remanded cases. It achieves one of the goals of the MDL- efficient discovery on issues common to all plaintiffs.

For these reasons, the PSC respectfully requests that the Court enter the attached Proposed CMO to begin the preservation of deposition testimony of general experts.

---

[18] *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 Section N, 2:16-md-02740-KDE-MBN, Case Mgmt. Ord. No. 9 (Deposition Protocol) (E.D. La. Nov. 14, 2017) (Rec. Doc. 1110).

Dated: May 24, 2021                                             Respectfully submitted,

*/s/ Christopher L. Coffin*                                     */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                                  Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                                GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                                 6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                    Los Angeles, California 90045
Phone: (504) 355-0086                                           Telephone: 510-350-9700
Fax: (504) 355-0089                                             Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                          kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                   *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                          */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                      Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                       BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                        701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                         New Orleans, LA 70139
New Orleans, LA 70163-2800                                      Phone: 504-524-3300
Phone: 504-522-2304                                             Fax: 504-524-3313
Fax: 504-528-9973                                               barrios@bkc-law.com
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*                                *Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                                    Abby E. McClellan
Andrews Thornton Higgins Razmara, LLP                           Stueve Siegel Hanson LLP
2 Corporate Park, Suite 110                                     460 Nichols Road, Suite 200
Irvine, CA 92606                                                Kansas City, MO 64112
Phone: (800) 664-1734                                           Phone: (816) 714-7100
aa@andrewsthornton.com                                          Fax: (816) 714-7101
                                                                mcclellan@stuevesiegel.com


J. Kyle Bachus                                                  Karen Barth Menzies
Bachus & Schanker, LLC                                          Gibbs Law Group LLP
101 W Colfax Ave, Suite 650                                     6701 Center Drive West, Suite 1400
Denver, CO 80202                                                Los Angeles, CA 90045 Phone:
Phone: (303) 222-2222                                           510-350-9700
Fax: (303) 893-9900                                             Fax: 510-350-9701
kyle.bachus@coloradolaw.net                                     kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS