# EXHIBIT 2

**MINUTE ENTRY**
**FALLON, J.**
**MARCH 6, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

A telephone status conference was held on this date in the Chambers of Judge Eldon E. Fallon. Lenny Davis, Troy Rafferty, and Don Arbitlit participated on behalf of the Plaintiffs' Steering Committee ("PSC"). Phil Beck and Andrew Goldman participated on behalf of Merck. At the conference, the parties discussed certain practical procedures to be followed in trial preservation depositions of expert witnesses.

When a party has sought to call an expert witness in its case-in-chief in trials in this multidistrict litigation, the Court has required that party to share both the exhibits and demonstratives that he/she intends to use with the expert witness with opposing counsel no later than 6:00 p.m. local time the day before the witness takes the stand. This practice is based on considerations of fairness and efficiency, and it has significantly reduced delays during trial. Any objections that opposing counsel may have are usually able to be resolved the next morning, before the trial resumes.

-1-

JS10(00:30)

It is the Court's view that trial preservation depositions of expert witnesses should proceed in the same manner for similar reasons. Accordingly, when a party notices a trial preservation deposition of an expert witness in this litigation, that party shall be required to share both the exhibits and demonstratives that they intend to use with the expert witness during the deposition with opposing counsel no later than 6:00 p.m. local time (determined by the location of the deposition) the day before the deposition. This will allow any objections to be resolved prior to the start of the deposition, and reduce the likelihood that such depositions will need to be re-taken or significantly edited. Moreover, it will enhance the jury's ability to focus on the testimony in an unedited version should the deposition be played in future trials.

It should be noted that opposing counsel need not disclose in advance the materials he or she intends to use during cross examination of such an expert witness. Lastly, these disclosure requirements do not apply to witnesses called adversely or to purely factual depositions.