UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | |

**[PROPOSED] CASE MANAGEMENT ORDER NO. __**
**(PRESERVATION OF EXPERT TESTIMONY)**

This Multi District Litigation ("MDL") was created on October 10, 2016, significant discovery has been completed, one trial has occurred, and a second trial is scheduled to begin August 23, 2021, with additional trials to follow. At this advanced stage of the MDL proceedings, the Court finds it appropriate to begin preparation for possible remand of cases to transferor districts at a later date. Preserving general expert testimony is a necessary and efficient use of party resources at this time considering expert discovery in the bellwether trials is coming to a close.

This Court charged the Plaintiffs' Steering Committee ("PSC") to conduct "all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs." PTO 1, para 16 (a)(iv). In order to do so, the PSC must preserve testimony of its general experts for the eventual use at trial in remanded cases by taking perpetuation depositions.

**APPLICABILITY OF ORDER**

The following procedures and schedules will govern the preservation of general expert testimony.[1] Absent further Orders of this Court, no Party may conduct any trial package evidence

---

[1] General Expert Testimony is testimony that is "generally applicable and susceptible to proof across large groups of individuals and over time." *See* B. Rothstein, et al, Managing Multidistrict Litigation in Products Liability Cases, A Pocket Guide for Transferee Judges; FEDERAL JUDICIAL CENTER, JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, 2011.

preservation not specifically outlined in and expressly authorized by this Order. The Federal Rules of Civil Procedure and the Federal Rules of Evidence shall apply to the proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications. The depositions authorized by this Order shall hereinafter be referred to as "general expert preservation depositions," and shall be subject to the limitations set forth below.

Counsel are reminded that the Court considers depositions to be official court procedures, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court. Counsel shall not, at any time, conduct themselves in a manner not becoming an officer of the court and shall, at all times, comply with the Louisiana Rules of Professional Conduct, the Louisiana Code of Professionalism, and all other Orders of the Court. Neither counsel nor the witness shall, at any time, engage in conduct that obstructs, impedes, delays, or frustrates the examination of the witness. All counsel and witnesses must be treated with civility and respect.

1. **GENERAL PROVISIONS**

    a. Except as expressly set forth herein, this Order shall not limit or prejudice any party's rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of this Court. The Court notes that the provisions of this Order obviate any applicable specifications on timing and sequencing of discovery set forth in FRCP Rule 26(d).

    b. Due to the varying years of usage of Taxotere or docetaxel by the large numbers of plaintiffs in this MDL, expert preservation depositions need to be comprehensive in both substance and breadth of years. Regardless, the seven (7) hour limitation for the deposition shall apply.

    c.  Plaintiffs shall first conduct a direct examination. Cross examination of each expert whose testimony is to be preserved shall be coordinated with counsel for Defendants, and shall be limited to one (1) counsel for the Sanofi defendants, and one (1) counsel for the 505(b)(2) defendants. The 505(b)(2) defendants shall confer with one and other, and coordinate and agree upon cross-examining counsel.

    d.  Unless otherwise ordered under Rule 26(c), depositions may be attended only by counsel of record, members of the PSC, members and employees of their firms, attorneys specifically engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), the witness, counsel for the witness, court reporters, and videographers. By agreement or upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

To minimize travel and related costs, each party shall be permitted only two physical attendees at the general expert preservation depositions, including counsel and client representative. Further, counsel or others permitted to attend the deposition may participate/attend any deposition by telephone or video conference. Counsel noticing the deposition shall facilitate arrangements so that a conference call-in line is available during the deposition. Notification of attendance physically, telephonically or by video link shall be provided the noticing counsel five (5) days prior to the deposition by those counsel desiring to attend. Notice shall include the names of all persons attending, and whether the person is attending physically or remotely.

Examining counsel and counsel intending to participate remotely shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing remotely. All individuals attending remotely shall identify themselves

for the record either verbally or by email to the court reporter and counsel for the parties, and the court reporter shall record the name of all individuals listening or attending the deposition remotely for any length of time and include them as being in attendance on the official transcript.

**2. CONFERRAL PRIOR TO GENERAL EXPERT PRESERVATION DEPOSITIONS**

The Parties shall meet and confer in good faith regarding any disputes pertaining to the general expert preservation depositions before seeking the Court's intervention. To facilitate this process, the Parties shall utilize the procedures set forth in this Paragraph.

a. The PSC has served general expert reports on multiple occasions – those experts whose testimony does not involve the particular facts of any single plaintiff - and the Sanofi, Sandoz and Accord Healthcare defendants have fully cross examined Plaintiffs' general causation experts. All other 505(b)(2) defendants have attended, or have declined their opportunity to attend, each deposition of Plaintiffs' general causation expert witnesses.

b. If any of the PSC's general expert witnesses offer any previously undisclosed opinions, the PSC shall serve a supplemental general report, including any supplemental materials reviewed or relied upon. If the PSC intends to offer a supplemental report for any of its general expert witnesses, it shall serve the report upon Defendants' counsel, and Defense Liaison Counsel, no later than thirty days prior to the preservation deposition.[2]

c. Prior to the commencement of each general expert preservation deposition defendants may have an opportunity to examine the PSC's general causation experts on any *newly*

---

[2] The reports, whether new or adopted, shall be confined to the time parameters set out in the Court's Orders on the "fence post" motions. (Doc. 10464 and Doc. 10487) Such parameters may be amended as further orders from this Court or the 5th Circuit Court of Appeals are issued.

4

>    *disclosed* opinions for which defendants (collectively) have not had an opportunity to examine the experts on previously. This paragraph does not provide an opportunity for any defendant to examine the PSC's general causation experts on opinions previously expressed and included in their prior respective reports.
>
>    d. Upon the completion of the general expert preservation depositions no defendant shall be entitled to depose the PSC's general experts as a matter of right, except upon a showing of good cause relating to *new or otherwise previously unavailable evidence*. The particular facts of a given plaintiff's case shall not constitute good cause under this Order.

3. **EXAMINATION**

The PSC shall designate one attorney to serve as the primary examiner and one secondary examiner of each expert witness on behalf of the MDL Plaintiffs. Defendants' Leadership or Defendants' Liaison Counsel shall no later than five (5) days prior to the preservation deposition designate one primary examiner and one secondary examiner. The cross examination by the secondary examiner shall not be duplicative of the first. Additional examiners on behalf of MDL parties shall not be permitted absent good cause, and by Order of the Court. Once a witness has fully answered a question, the same or substantially the same question shall not be asked again. The general preservation expert deposition shall not exceed seven (7) hours of direct testimony, and seven (7) hours of cross examination, in total.

4. **DOCUMENTS PRODUCED BY PARTIES – PRESUMPTION OF AUTHENTICITY**

This Order establishes a rebuttable presumption that documents produced by the parties at any time in this MDL are authentic, if said documents were either created or authored by the producing party, or any of its employees, agents, or contractors, so long as the employee, agent or

contractors' work was performed in connection with a project, assignment or clinical trial sponsored by the producing party. No further evidence to establish authenticity need be provided prior to the expert preservation depositions.

5. **FACT DISCOVERY**

This Order does not create the right to conduct any further fact discovery upon any plaintiff, or any general expert. Significant fact discovery has been conducted in this MDL and this Order is being entered to avoid further duplication of efforts, to appropriately limit expenses to the parties and wasting of resources, to allow the PSC to create a trial package, and to promote the efficient preparation for eventual remand.

6. **RESOLUTION OF DISPUTES UNDER THIS PROTOCOL**

If a dispute arises under this Order that the Parties cannot resolve after good-faith efforts in meaningful meet and confer sessions, they are to immediately contact the chambers of Magistrate Judge Michael North, who will thereafter resolve the matter with the parties' input.

New Orleans, Louisiana this _____ day of _____, 2021.

_____
HON. JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE