UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

*Kahn v. Sanofi-Aventis*, *et al.*, Case No. 2:16-cv-17039.

---

**DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE REBUTTAL OPINION OF DR. ELLEN CHANG**

---

Dr. Chang's rebuttal report responds to the new labeling opinions submitted by Plaintiffs' experts Dr. Ross and Dr. Plunkett. Dr. Chang's rebuttal report was timely served by the Court-ordered deadline. Nothing about Dr. Chang's rebuttal report was improper or prejudicial to Plaintiff, and the Court should deny Plaintiff's Motion to Strike or Exclude Dr. Chang's opinions.

**I.     DR. CHANG'S REBUTTAL REPORT WAS TIMELY.**

Dr. Chang's rebuttal report was timely under the agreed-upon deadline for defense rebuttal reports. Because Plaintiff was given leave to provide substitute labeling opinions to replace those of Dr. Kessler, the Court permitted Sanofi to file responsive expert reports as necessary.[1] Plaintiff served reports from Dr. Plunkett and Dr. Ross on February 7th and 8th, respectively. Dr. Chang's

---

[1] Rec. Doc. 12283 (CMO 14(I)) at 2, setting the deadline for defense rebuttal reports to March 16, 2021. The parties later agreed to extend the deadline to April 26, 2021.

report, which responded to Dr. Ross and Dr. Plunkett's new reports, was served on April 26, 2021, the parties' agreed-upon deadline.[2]

Both Drs. Ross and Plunkett rely heavily on Dr. Madigan's FDA Adverse Event Report ("FAERs") database search in support of their new labeling opinions. Dr. Madigan counted the number of FAERS reports that "hit" on one of his chosen keywords and opined that those hits support his safety-signal identification conclusion. Although Drs. Ross and Plunkett rely on Dr. Madigan's conclusion, neither expert (nor Dr. Madigan for that matter) reviewed the six reports that hit on Dr. Madigan's terms.[3] Both experts admitted that failure when questioned at their depositions:

> Q. My question was simply: Did you review the individual ICSR's that Dr. Madigan identified in his signal analysis in the FAERS database, yes or no?
>
> A. [Dr. Ross] Oh. And again, I think it's critical not just to get a single word answer, but to say that is not a relevant part of the methodology. It's not what I do, so no. There you go.[4]
>
> ***
>
> Q. Okay. And have you reviewed -- just to confirm, you haven't reviewed the underlying clinical information for any of these six reports other than the three that I just showed you?

---

[2] *Id.*

[3] Ex. A, Feb. 8, 2021 Ross Rpt. at ¶ 50−51, 57, 60, 88 (relying on Dr. Madigan's "disproportionality analysis demonstrat[ing] a consistent safety signal for PCIA" for "purposes of assessing whether there was some basis to believe a causal association exists between Taxotere and PCIA."); Ex. B, Feb. 7, 2021 Plunkett Supp. Rpt. at ¶¶ 92−96 (discussing her reliance on Dr. Madigan's safety-signal analysis in reaching her labeling conclusion that "Sanofi had some basis to believe a causal relationship between Taxotere use and CIPAL/PCIA existed at least by 2006.").

[4] Ex. C, March 4, 2021 Ross Dep. at 159:4−11.

> A. [Dr. Plunkett] That is correct, because, again, that was beyond the scope of -- of what I felt I was required to do.[5]

To address that gap and to rebut Plaintiff's new labeling experts, Dr. Chang ran the same FAERS database search as Dr. Madigan, but, unlike Drs. Ross and Plunkett, Dr. Chang reviewed the six underlying reports. Dr. Chang concluded that, in her capacity as an epidemiologist, the underlying reports "provide no evidence to support a causal effect of docetaxel on permanent or irreversible alopecia."[6]

Plaintiff contends Dr. Chang's rebuttal report was nevertheless untimely because it "fails to address or identify any information unavailable to her or Sanofi prior to the issuance of her initial report of April 17, 2020."[7] Plaintiff's contention misses this mark. Dr. Chang's report is to *rebut* the new opinions of Drs. Ross and Plunkett, which rely on these reports. In doing so, she is not confined only to information that post-dates April 17, 2020— and Plaintiff cites no authority to suggest otherwise. Her role is to address and rebut the opinions and evidence relied upon by Plaintiff's new labeling experts, which her report plainly does. Before Plaintiff submitted the new Ross and Plunkett reports, Dr. Madigan's FAERs search was just one of several pieces of information relied upon by Dr. Kessler in forming his labeling opinions. Dr. Kessler placed significant weight on Dr. Sedlacek's work. While Dr. Ross's report largely tracks Dr. Kessler's, Dr. Plunkett relies almost exclusively on Dr. Madigan's FAERs search and her own toxicology

---

[5] Ex. D, April 7, 2021 Plunkett Dep. at 166:18−25.

[6] Ex. E, April 26, 2021 Supp. Chang Supp. Rpt. at 7.

[7] Rec. Doc. 12582-1 (Pl.'s Mot. to Strike Dr. Chang's Rpt.) at 4. It is worth noting that Dr. Plunkett also based her supplemental expert report on information that was available to her before February 7, 2021. Ex. B, Feb. 7, 2021 Plunkett Supplemental Rpt. at ¶ 95 (Dr. Plunkett's previously excluded toxicology opinions and Dr. Madigan's FAERs safety signal analysis are the foundation for Dr. Plunkett's labeling opinion).

findings to reach her new labeling conclusion.[8]  Because Dr. Madigan's work is now central to Plaintiff's labeling case, Sanofi appropriately asked Dr. Chang to analyze the underlying reports located through Dr. Madigan's key-word search to rebut Plaintiff's new experts' conclusions.  Dr. Chang's rebuttal report was served by the rebuttal report deadline and accordingly was timely.  Plaintiff cited no authority in support of her argument to the contrary.

## II.   DR. CHANG'S REBUTTAL OPINION DOES NOT PREJUDICE PLAINTIFF.

Plaintiff asserts she is prejudiced by Dr. Chang's rebuttal opinion because it is an attempt to "resurrect" and relitigate arguments this Court rejected in Sanofi's motion to exclude Dr. Madigan (*e.g.*, that Dr. Madigan should have conducted a signal evaluation (not just identification) and assessed the individual PCIA case reports he identified in the FAERs database, but he chose not to do so).[9]  Plaintiff cites no case law in support of her argument.  And, importantly, the Court did not "reject" Sanofi's criticisms of Dr. Madigan's work but ruled they were appropriate questions for cross-examination:

> The Court, therefore, finds that Dr. Madigan's methodology is sufficiently reliable, and on cross-examination, Sanofi may emphasize for the jury that Dr. Madigan's work has limitations.[10]

Just as Sanofi is allowed to question Dr. Madigan about his work's limitations, so too is Sanofi allowed to submit a rebuttal report from Dr. Chang that responds to the similarly limited, and

---

[8]   Ex. B, Feb. 7, 2021 Plunkett Supp. Rpt. at ¶¶ 92−96 (discussing her reliance on Dr. Madigan's safety-signal analysis in reaching her labeling conclusion that "Sanofi had some basis to believe a causal relationship between Taxotere use and CIPAL/PCIA existed at least by 2006."); Ex. A, Feb. 8, 2021 Ross Rpt. at ¶ 50−51, 57, 60, 88 (relying on Dr. Madigan's "disproportionality analysis demonstrat[ing] a consistent safety signal for PCIA" for "purposes of assessing whether there was some basis to believe a causal association exists between Taxotere and PCIA").

[9]   Rec. Doc. 12582-1 (Pl.'s Mot. to Strike Dr. Chang's Rpt.) at 4.

[10]  Rec. Doc. 12098 (Order and Reasons on Expert Testimony of Dr. David Madigan) at 14.

4

newly produced, reports from Drs. Ross and Plunkett. It was for this purpose that the parties agreed to, and the Court set, a rebuttal report deadline.

Dr. Chang's rebuttal disclosure has not impacted the trial schedule or Plaintiff's ability to prepare her case. *C.f.*, *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (finding prejudice where late expert designation disrupted the court's discovery schedule and opponent's preparation); *Red Dot Bldgs. v. Jacobs Tech., Inc.*, 2012 WL 2061904, at *4 (E.D. La. June 2012) (finding prejudice where late disclosure prevented party from retaining their own expert to rebut the findings in the expert's supplemental report). Plaintiff deposed Dr. Chang on May 4, 2021, after her rebuttal report was issued and also could have filed a *Daubert* motion regarding Dr. Chang's new opinion by the May 11, 2021 deadline but chose not to do so. *C.f.*, *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (the Court was "sympathetic" to arguments that late designation of experts deprives parties of opportunities to depose the expert, file *Daubert* challenges, and rebut the late witness with their own experts). Because Plaintiff has not suffered prejudice, and because Dr. Chang's rebuttal report was proper, striking Dr. Chang's opinion is not warranted under the Federal Rules.

## **CONCLUSION**

For the reasons stated above, the Court should deny Plaintiff's Motion to Strike Dr. Chang's rebuttal report and to exclude her opinions regarding the FAERS data.

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas J. Moore* | |
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA 70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile: 504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |
| | |
| | *Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*

6