**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                               **SECTION "H" (5)**

THIS DOCUMENT RELATES TO
ALL CASES

## JOINT REPORT NO. 22 OF LIAISON COUNSEL
### (May 26, 2021)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 22 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML"). On May 16, 2018, the JPML reassigned MDL. No. 2740 to the Honorable Judge Jane Triche Milazzo. (Rec. Doc. 2599). As of May 21, 2021, there are approximately 12,528 cases pending in the MDL before the Honorable Jane Triche Milazzo, with approximately 3,005 cases that have been closed, dismissed, or remanded since inception of the MDL.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, New Jersey, Delaware, and Mississippi.

1

Pretrial Order No. 77A (Rec. Doc. 2202) streamlines the briefing of future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant.

The Attorney General for the State of Mississippi filed *Jim Hood, Attorney General of the State of Mississippi, ex rel. The State of Mississippi v. Sanofi S.A., et al.* in the Chancery Court of Hinds County, Mississippi. In June 2020, the Attorney General filed an Amended Complaint[1]. Sanofi and the 505(b)(2) Defendants filed motions to dismiss the matter in its entirety on July 13, 2020. Oral argument on the motions to dismiss was heard on February 23, 2021 before Chancellor Crystal Wise-Martin. Subsequent to oral arguments, the parties submitted supplemental briefing. As a result, the court set a second hearing for June 10, 2021.

Pursuant to PTO No. 8 (Rec. Doc. 156), counsel for each Defendant shall provide to Plaintiffs' Federal-State Liaison Counsel all relevant information on the cases pending in state court, the contact information for each state court Judge; as well as provide copies of all state court complaints. The parties also continue to make efforts to identify the relevant state court judge(s) and provide their information to the Court. The parties understand the Court has made or will make contact with these judges to apprise them of the MDL and the Court's willingness to coordinate discovery and other pretrial proceedings.

There are two cases in California filed in two different counties. *Klara Ernyes-Kofler, et al. v. Sanofi S.A. et al.* is set for trial before Honorable Sunil R. Kulkarni in Santa Clara County on March 28, 2022. *Lisa McCallister, et al. v. Sanofi S.A., et al.* is pending in Sacramento County before Honorable Richard K. Sueyoshi. A Case Management Conference will be held on July 23, 2021. Discovery is proceeding in both cases.

---

[1] The Attorney General is no longer moving forward with any claims against Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.

3617774-1

The Court has been in communication with the Honorable Judge Vivian Medinilla of Delaware, who presides over 49 cases that were remanded from this Court.

The New Jersey Supreme Court ordered centralized case management of Taxotere cases filed in New Jersey on July 17, 2018. As of February 1, 2021, the Honorable Bruce Kaplan is now presiding over the litigation.  Judge Kaplan's contact information has been provided to the Court, as he has expressed an interest in the MDL. Co-Liaison Counsel understands Judge Kaplan plans to attend Status Conferences before this Court by phone. As of March 24, 2021 2021, there were 163 cases pending in New Jersey before Judge Kaplan.  Written discovery has been exchanged and the parties are meeting and conferring on requested depositions of Sanofi witnesses, alleged PFS deficiencies, Plaintiff ESI Order deficiencies, and product identification deficiencies. On January 22, 2021, the Court issued an Order and Opinion permitting Plaintiffs to file the Third Amended Master Complaint. The Defendants have filed their Answers.  Judge Kaplan's next case management conference is July 6, 2021.  The Court extended the amendment of the Bellwether Plan by 60 days so Phase I discovery will end on July 9, 2021.

Federal-state Liaison Counsel provided the Court with the names and contact information for the state court judges, as well as a chart of state court case information.

### 3.  **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.22.

The Court has issued the following Pretrial Order (sometimes "PTOs") since the February 19, 2021 Status Conference:

- **Pretrial Order No. 115** (Rec. Doc. 12260) entered March 3, 2021, appointing John Jackson as Settlement Master.

- **Pretrial Order No. 116** (Rec. Doc. 12337) entered March 23, 2021, setting the next show cause hearing, lead and liaison meeting, and 2A bellwether trial meeting for April 14, 2021.

- **Pretrial Order No. 117** (Rec. Doc. 12468) entered April 15, 2021, setting a show cause hearing with Finson Law Firm for May 25, 2021 and the next general status conference, lead and liaison meeting, and motions hearing for May 26, 2021.

## 4.   CASE MANAGEMENT ORDERS

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.22. The Court has issued the following Case Management Orders (sometimes "CMOs") since the February 19, 2021 Status Conference:

- **Case Management Order No. 14(I)** (Rec. Doc. 12283) entered March 9, 2021, amending the schedule for trials 2A-5.

- **Case Management Order No. 32** (Rec. Doc. 12469) entered April 15, 2021, resetting the second bellwether trial for August 23, 2021- September 3, 2021.

## 5.   COUNSEL CONTACT INFORMATION FORM

All counsel in the MDL are required to complete the Counsel Contact Information Form (available as a fillable PDF on the Court's MDL 2740 website) attached to PTO No. 7 (Rec. Doc. 155), and forward it to Plaintiffs' Co-Liaison Counsel ("PLC") at taxotere@bkc-law.com. This information must be provided by Plaintiffs' counsel when counsel files the first MDL case and be kept current by each counsel as it will be relied upon throughout the litigation for updated information to Plaintiffs' counsel. The PLC provides a copy of all Counsel Contact Forms to Jacob Woody at BrownGreer. BrownGreer will rely on the information included in the Counsel Contact Form to serve all pleadings.

## 6.   MASTER COMPLAINT AND SHORT FORM COMPLAINT

The Second Amended Master Long Form Complaint attached to Pretrial Order No. 82 (Rec. Doc. 4230) and the exemplar Short Form Complaint (Rec. Doc. 1463-1), are the effective and operative complaints for Plaintiffs. The exemplar Short Form Complaint, as amended on May

13, 2020, is available on the Court's MDL 2740 website under the tab "Forms"[2] or on MDL Centrality. Pursuant to Pretrial Order 37A "[i]ndividual Plaintiffs' counsel shall tailor the form to correspond to each Plaintiff's claims/allegations." (Rec. Doc. 1682).

All Defendants have filed Master Answers (Rec. Docs. 955, 956, 957, 958, 960, 961, 963, 969, 4704, and 4705). On December 12, 2019, the Court issued an Order and Reasons denying the Plaintiffs' opposed motion for leave to file a Third Amended Master Long Form Complaint (Rec. Doc. 8702).

The Court issued PTO 105 (Rec. Doc. 10338) setting forth the parameters for Plaintiffs who seek to amend a Short Form Complaint in light of the Court's rulings related to statute of limitations.  In pertinent part, PTO 105 provides: "Within the terms set forth in this Order, Plaintiffs may amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Nothing in PTO 105 requires a Plaintiff to amend a Short Form Complaint and the deadlines related to PTO 105 have since passed.

On February 15, 2021, the Court entered Pretrial Order No. 114 (Rec. Doc. 12162), creating and governing the Call Docket process for contested amendments and, alternately, the process for filing *ex parte*/Consent Motions to Amend Short Form Complaints. Plaintiffs' Co-Liaison Counsel provided the Defendants with a chart of the plaintiffs who plan to go forward with seeking leave to amend their complaints. Defendants are in the process of reviewing the 375 cases listed for those that should be placed on the Call Docket for a determination of whether leave should be granted to include the proposed language.

---

[2] http://www.laed.uscourts.gov/sites/default/files/taxotere/TAXOTERE%20-%20updated%20exemplar%20SFC%205.13.2020.pdf

3617774-1

Should a Plaintiff wish to file an Amended Complaint for any reason other than to amend for statute of limitation reasons, the Court's Local Rule 7.6[3] requires that before filing any motion for leave to amend pleadings, Plaintiff must attempt to obtain the consent for the filing and granting of the motion from all parties having an interest to oppose. Pretrial Order No. 37A (Rec. Doc. 1682) sets forth the procedure that must be followed before filing a motion to amend a prior complaint, including amending a Short Form Complaint. Counsel for Plaintiff must contact in writing Defendant Liaison Counsel ("DLC") (John Olinde, olinde@chaffe.com, and Douglas Moore, dmoore@irwinllc.com) and the Contact Person listed on Exhibit B to Pretrial Order No. 37A (Rec. Doc. 1682), as modified by Pretrial Order No. 112 (Rec. Doc. 12062), for each Defendant(s) presently named and for any Defendant sought to be added to the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[4] If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed. If any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, a motion for leave to amend the pleadings must be filed as an opposed motion. If consent is obtained or no opposition is received in the fourteen (14) day period, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for Plaintiff of the consent of opposing counsel or that no opposition was received from opposing counsel in the fourteen (14) day period.

Should any Plaintiff wish to file an Amended Complaint for statute of limitation purposes, counsel must reference both Stipulations (Rec. Docs. 11347 and 11910), as well as PTOs 105 and

---

[3] http://www.laed.uscourts.gov/sites/default/files/local_rules/LAEDLocalCivilRules_4.pdf.
[4] The request should include the proposed motion, order and amending pleading, as well as documentation supporting product identification (if available).

3617774-1

114 (Rec. Docs. 10338 and 12162), for deadlines, procedures, and contact information for the defendants' counsel. For cases filed before May 11, 2020 the deadline for filing an Amended Complaint related to any statute of limitations has expired.  Only amendments for newly filed cases, in compliance with the deadlines and substantive requirements set forth in the above referenced PTOs will be considered by the Defendants.

Additionally, should any Plaintiff's counsel use the Short Form Complaint as an amending complaint, and not include all Defendants named in any earlier complaint, the Clerk's office will close that Plaintiff's claims against the Defendant(s) who is (are) not named in the amended complaint.

Moreover, attention must be paid to amendments entailing voluntary dismissal of the entire case. Under paragraph "J" of PTO 15 (Rec. Doc. 230), Plaintiffs cannot "notice" a voluntary dismissal of all Defendants without prejudice. They must either file a stipulation to dismiss or move to dismiss with prejudice. On November 27, 2018, the Court entered PTO 87 which ordered procedures for the dismissal with prejudice by any non-Trial Pool Plaintiff as to the entire action against all defendants in the MDL. (Rec. Doc. 5363). The Form Dismissal to be used by Plaintiffs is attached as Exhibit A to PTO 87. (Rec. Doc. 5363-1).

Dismissals with prejudice of those defendants whose product was not used, but not a dismissal of an entire action, must follow the form approved by the Court as Exhibit C to Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492).

## 7.  PLAINTIFF AND DEFENDANT FACT SHEETS

Counsel should note the rules of the PFS in several Pretrial Orders:

A.  PTO 18 (Rec. Doc. 236) provides the form of the (prior) PFS and current Defendant Fact Sheet ('DFS");

B.  Amended PTO 22 (Rec. Doc. 325) sets forth the process for service of PFS and DFS, and the deadlines for service and deficiencies related to PFS and DFS;

C.  PTO 23 (Rec. Doc. 280) provides the form of authorizations attached to the PFS (Rec. Doc. 236-1);

D.  PTO 24 (Rec. Doc. 279) provides additional details on the service of fact sheets and authorizations through MDL Centrality and the PLC Distribution of Orders and Notices per PTO 1;

E.  PTO 55 (Rec. Doc. 688) updated the form of the PFS.[5] See Exhibit A to PTO 18 (Rec. Doc. 236-1); and

F.  PTO 22A (Rec. Doc. 3493) provides the show cause process for PFS deficiencies and for alleged failures to comply with CMO 12A and PTO 71A.

As of May 21, 2021, Plaintiffs have served 12,406 PFSs, and 922 are in progress. Based on the PFSs received as of May 21, 2021, they allege product ID among Defendants as follows: 5,151– sanofi before March 8, 2011; 1,606 – sanofi after March 8, 2011; 77 – sanofi (unknown treatment date); 1,749– Hospira; 607 – Sandoz; 443 – Accord; 5 – Actavis; 24 – McKesson; 23 – Sagent; 9 – Sun; 5 – Pfizer; 1,046 – Unknown; 95 – Blank; 6– Other (Dr. Reddy's, Eagle, Teva); 255 – Defendant(s) + Unknown; 1,258 – multiple defendants + CMO 12 Upload[1]; 47 – multiple defendants + No CMO 12 Upload.

The parties strive to work together and meet and confer on all alleged deficiencies in the Fact Sheets with the goal of narrowing the number of cases in dispute. Consistent with Pretrial

---

[5] A fillable form of the PFS can be found on the "Forms" tab of the Court's MDL 2740 website and on Brown Greer's MDL Centrality website.

[1] The parties continue to meet and confer to present the most accurate numbers as possible and present the categories which will yield the most pertinent information. No party has confirmed the sufficiency of records uploaded in determining product identification pursuant to CMO 12A.

Order No. 22A, the Defendants submitted to Plaintiffs' Liaison Counsel Notices of Non-Compliance on March 15, 2021and submitted their 14-Day Notice of Non-Compliance Cases Subject to the May 25, 2021 Dismissal Call Docket on May 11, 2021. (Rec. Doc.12579). Attached to the 14-Day Notice is the list of cases they allege remain subject to dismissal. The list identifies Plaintiffs listed on Exhibit A, and listed on Exhibit B to the 14-Day Notice. The Court has set the May Call Docket to begin at 9:00 am on May 25, 2021 Plaintiffs' Co-Liaison Counsel has circulated the call-in number.

The PSC has advised all Plaintiffs' counsel of the Court's statements on the issue of photographs, and enclosed copies of the transcript where the Court expressed its expectation. Counsel should also familiarize themselves with PTO No. 68 (Rec. Doc. 1085) with regard to the requirements of representative, dated photographs taken closest in time to starting treatment and in no event earlier than five (5) years before then. All parties and individual counsel in the MDL are reminded that any statement/affidavit attesting to the lack of photographs from any given time period should be submitted only in response to a Court order specifically requiring production of that time period's photographs at a show cause hearing.

8. **SERVICE ON DEFENDANTS**

Counsel for the Defendants and the Plaintiffs' Steering Committee ("PSC") have agreed to streamlined service procedures for each Defendant. The relevant Orders are:

- PTO 9 (Rec. Doc. 160) for service of complaints on the domestic sanofi entity;[6]

- PTO 29 (Rec. Doc. 303) for Accord Healthcare, Inc.;

- PTO 30 (Rec. Doc. 304) for Sandoz Inc.;

- PTO 32A (Rec. Doc. 710) for Actavis Pharma, Inc.;

---

[6] Sanofi acknowledges that service of a complaint naming Winthrop US may be made on sanofi-aventis US LLC.

- PTO 33 (Rec. Doc. 308) for McKesson Corporation;

- PTO 39A (Rec. Doc. 711) for Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, LTD.;

- PTO 40A (Rec. Doc. 509) for Hospira Worldwide, LLC.; and,

- PTO 83 (Rec. Doc. 4263) for Sagent Pharmaceuticals, Inc.

### 9.  **PRODUCT IDENTIFICATION ORDER**

On July 18, 2018, the Court entered Case Management Order No. 12A: Product Identification Order (Rec. Doc. 3492) that sets forth the obligations and procedures governing discovery of Product ID Information and subsequent dismissal of defendants whose product was not used. When Product ID Information is obtained, Plaintiffs are required to amend the Plaintiff Fact Sheet Section III. 1, 2 and 3 to reflect the correct defendant(s) and to remove those defendants dismissed in connection with CMO 12A. Exhibit A to CMO No. 12A lists the email address of all defense counsel who should be notified pursuant to CMO No. 12A. Exhibit B is a Statement Regarding Chemotherapy Administered, which includes new/updated NDC numbers. Counsel are reminded to use this Exhibit B Statement when sending requests to infusion facilities. Exhibit C to CMO No. 12A provides the form for noticing voluntary dismissal with prejudice of the defendants not identified by Product ID Information.

The PSC has been advised by certain counsel in the MDL that there are compliance issues with regard to subpoenas issued in connection with CMO 12A. PTO No. 97 (Rec. Doc. 7602) has been entered to assist the parties with a uniform process for seeking compliance with subpoenas issued outside this district.

There are specific agreed upon procedures to serve McKesson Corporation d/b/a McKesson Packaging with subpoenas issued in connection with CMO 12A. Counsel may contact

3617774-1

Plaintiffs' Co-Liaison Counsel at taxotere@bkc-law.com for those procedures. The PSC has been conferring with Cardinal (Cardinal Health, Inc.) and AmerisourceBergen (AmerisourceBergen Corporation) in an effort to streamline subpoenas to these distributors.

Each Defendant in the MDL has provided the PSC with their listing of Lot Numbers for Taxotere/docetaxel/docefrez sold in the United States. The parties are conferring with respect to the lot numbers provided.

The PSC and Defendants are working together to evaluate each Plaintiff's compliance with CMO 12A.

## 10. **PRESERVATION ORDER**

Counsel are reminded to familiarize themselves with the terms of PTO No. 1 (Rec. Doc. 4, ¶12) regarding preservation of evidence. In addition, counsel are reminded of the preservation requirement in CMO No. 15 (Rec. Doc. 5008, ¶3) related to biopsies performed on plaintiffs for evaluation of hair loss.

## 11. **PROTECTIVE ORDER**

Magistrate Judge North entered the Protective Order on July 5, 2017, as PTO No. 50 (Rec. Docs. 612-1, 613).

## 12. **ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY**

Magistrate Judge North entered the Electronically Stored Information Protocol on July 5, 2017 as PTO No. 49 (Rec. Docs. 611-1, 613).

On January 26, 2018, the Court entered Pretrial Order No. 71A (Rec. Doc. 1531), which amends and supersedes Pretrial Order No. 71. Pretrial Order No. 71A sets forth Plaintiffs' Responsibilities Relevant to ESI and requires specific searches and a certification of compliance by both Plaintiff and Plaintiff's Counsel.

3617774-1

On November 13, 2018, the Court entered Pretrial Order No. 85 (Rec. Doc. 5257) which is the protocol for Defendants to raise PTO No. 71A and privilege log deficiencies of Non-Bellwether Plaintiffs before Magistrate Judge North. Counsel are reminded to review the procedures for deficiencies raised by the Defendants regarding ESI and privilege logs in PTO No. 85 as the procedure for the Show Cause Order Process before Magistrate Judge North is slightly different from the Show Cause Order Process before Judge Milazzo. On April 17, 2020 (Rec. Doc. 9980), the Court entered an Order supplementing the protocol for determination of deficiencies on issues related to non-bellwether Plaintiffs' obligations under Pretrial Order No. No. 71A. Various PTO No. 85 call dockets have been held.

### 13. <u>DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY</u>

Plaintiffs have served merits discovery on Sanofi, and the Sanofi Defendants have produced numerous responsive documents. Plaintiffs have taken depositions of current and former Sanofi employees. Plaintiffs have also served merits discovery on Accord Healthcare, Inc., the Hospira/Pfizer Defendants, and Sandoz Inc. and have received productions. Depositions of representatives of these Defendants have occurred. The parties meet and confer about discovery and bring any unresolved issues to Magistrate Judge North, although general discovery as to those Defendants has closed.

Plaintiffs and counsel for Sun Pharmaceutical Industries, Inc., Sagent Pharmaceuticals, Inc., Actavis LLC and Actavis Pharma, Inc. submitted opposing letter briefs to Magistrate Judge North on the PSC's proposed amendment to CMO 7 which would subject these defendants to general discovery. On December 2, 2020, Magistrate Judge North advised the parties that the scope of discovery permissible at this time against these defendants is that scope outlined in Exhibits C and D to the PSC's July 13, 2020 letter briefing and that CMO 7 otherwise remains in effect. (Rec.

Doc. 11575). These defendants have sent plaintiffs document productions pursuant to Judge North's ruling, and plaintiffs have propounded written interrogatories to these defendants, to which these defendants have responded. Sun Pharmaceutical Industries, Inc. has been gathering additional information from India and will be supplementing its discovery responses.

### A.  Bellwether Trial #1 (*Earnest v. Sanofi*)

Trial of the *Barbara Earnest* matter began on September 16, 2019 and concluded on September 26, 2019, with a jury verdict in favor of Sanofi. (Rec. Doc. 8284). Judgment consistent with the jury's verdict was entered in favor of Sanofi. (Rec. Doc. 8290). On October 12, 2019, Sanofi moved for taxation of costs against Mrs. Earnest (Rec. Doc. 8340), which motion has been referred to the Clerk of Court for determination (Rec. Doc. 8381). On October 25, 2019, Plaintiff filed a motion for new trial (Rec. Doc. 8394), Sanofi opposed the motion (Rec. Doc. 8600), and the motion was orally argued on December 5, 2019. The Court denied the motion (Rec. Doc. 9294). Ms. Earnest appealed to the Fifth Circuit Court of Appeals on July 16, 2020 (Fifth Circuit Case No. 20-30184).  The appeal is set for oral argument before a panel of the Fifth Circuit on July 21, 2021.

### B.  Bellwether Trial #2 (*Kahn v. Sanofi*)

On January 29, 2019, in CMO No. 16, the Court selected the following Trial Plaintiffs for the second bellwether trial: Cynthia Thibodeaux (primary Plaintiff) and Sheila Crayton (alternate Plaintiff). (Rec. Doc. 6017). Plaintiffs filed a Motion to remove Sheila Crayton from the trial pool on March 22, 2019. (Rec. Doc. 6559). The Court denied this Motion. (Rec. Doc. 6935). After interviewing Sheila Crayton on November 18, 2019, the Court ordered that Ms. Crayton would no longer serve as the alternate Plaintiff for the second bellwether trial. (Rec. Doc. 8701). However, given that discovery had been completed, the Court would entertain dispositive motions in her

13

case. (*Id.*). On July 21, 2020, Sanofi filed a Motion for Summary Judgment on the Claims of Sheila Crayton (Rec. Doc. 10821). On January 13, 2021, the Court granted Sanofi's Motion, dismissing the claims of Sheila Crayton with prejudice. (Rec. Doc. 11824).

On December 19, 2019, Sanofi filed a Motion for Summary Judgment on the Claims of Plaintiff Cynthia Thibodeaux. (Rec. Doc. 8779).  Plaintiff filed an opposition on January 3, 2020. (Rec. Doc. 8890-1).  The Court granted the motion (Rec. Doc. 9110), and Ms. Thibodeaux appealed (Fifth Circuit Case No. 20-30104). On April 21, 2021, the Fifth Circuit affirmed in a consolidated appeal of Cynthia Thibodeaux, Deborah Johnson, and Tayna Francis. (Fifth Circuit Case No. 20-30104). Ms. Thibodeaux, Ms. Johnson, and Ms. Francis filed a Petition for Rehearing *En Banc* on May 5, 2021, which is pending. (Fifth Circuit Case No. 20-30104)

The Court thereafter set an alternate trial for Sanofi with Trial Plaintiffs: Elizabeth Kahn and June Phillips. (Rec. Doc. 8733). The parties thereafter complied and proceeded with initial motion practice on both of those cases.  On March 23, 2020, the Court denied Sanofi's Motion for Summary Judgement Based on Statute of Limitations as to Ms. Kahn, denied Sanofi's Motion for Summary Judgment Based on Warnings Causation as to Ms. Kahn, and granted Sanofi's Motion for Summary Judgment Based on Warnings Causation against Ms. Phillips. (Rec. Doc. 9729). The Court denied Sanofi's Motion for Reconsideration of the denial of its motion based on the statute of limitations as to Ms. Kahn. (Rec. Doc. 10399).

The parties filed various Rule 56 and *Daubert* motions in Ms. Kahn's matter, and the Court has issued rulings regarding said motions. Copies of the rulings are available on the Court's MDL 2740 website and through MDL Centrality. On April 30, 2021 Sanofi filed Defendants' Motion for Reconsideration of the Order and Reasons Granting in Part and Denying in Part Motion for Summary Judgment on Warnings Causation (Rec. Doc. 12536) and Defendants' Motion for

3617774-1

Reconsideration of the Order and Reasons Denying Motion for Summary Judgment Based on the Statute of Limitations on May 4, 2021 (Rec. Doc. 12542). Ms. Kahn filed Oppositions to both on May 11, 2021 (Rec. Doc. 12584 and 12583). Sanofi filed a Reply to the Statute of Limitations motion on May 18, 2021 (Rec. Doc. 12629), and a Reply on the Warnings Causation motion on May 19, 2021 (Rec. Doc. 12626). The Court will hear oral arguments on May 26, 2021.

Sanofi filed a Motion for Summary Judgment on Warnings Causation (Rec. Doc. 9299) in Ms. Phillips case. The Court granted the motion. (Rec. Doc. 9887). Ms. Phillips appealed to the Fifth Circuit Court of Appeals which affirmed the district court. Fifth Circuit Case No. 20-30405. Ms. Phillips filed a Petition for *En Banc* rehearing on May 3, 2021, which was denied on May 24, 2021.

Due to the COVID-19 pandemic and the Chief Judge of the Eastern District of Louisiana's General Order No. 21-10, jury trials will not be until June 7, 2021. Issues related to the pandemic have resulted in the continuance of the Plaintiff Elizabeth Kahn's trial against Sanofi to June 21, 2021, and then to August 23 2021. See Rec. Doc. 12469.

### C.  Bellwether Trial #3 (Stewart/Sandoz (primary) and Hughes/Accord (alternate)

On October 31, 2019, in CMO 21 the Court selected the following Trial Plaintiffs for the third bellwether trial: Wanda Stewart (Sandoz), Dora Sanford (Hospira), and Alice Hughes (Accord). (Rec. Doc. 8430). Hospira filed a Motion for Summary Judgment against Dora Sanford on the basis of prescription. (Rec. Doc. 9508). Plaintiff opposed the motion. (Rec. Doc. 9918). The Court granted the motion and dismissed Ms. Sanford's case. (Rec. Doc. 10807). Ms. Sanford has appealed (Fifth Circuit Case No. 20-30517).

The parties have filed various Rule 56 and *Daubert* motions in the *Stewart* and *Hughes* matters, and on February 10, 2021 the Court heard argument on four motions brought by Accord

and Sandoz related to preemption and plaintiffs' regulatory expert. Accord had also filed a Motion for Summary Judgment on Prescription Grounds, which was granted on April 28, 2021, and the Court dismissed all other Accord motions as moot. (Rec. Doc 12532) Sandoz's Motion for Summary Judgment was granted on April 19, 2021, and the Court dismissed all other Sandoz motions as moot. (Rec. Doc. 12494)

Due to the dismissal of the three trial plaintiffs for the third MDL trial, no trial against Accord or Sandoz is set.

### D.  Bellwether Trial #4 (Sanofi/Mississippi)

In CMO No. 19, on June 13, 2019, the Court set a schedule for the selection of trial pool plaintiffs for the fourth and fifth bellwether trials setting deadlines for the Court to select a pool of plaintiffs and for the parties to raise objections, with the Court ultimately narrowing the trial pools to 20 plaintiffs. (Rec. Doc. 7402). In CMO No. 20 the Court initially selected 32 plaintiffs for the fourth and fifth bellwether trials, and set August 9, 2019 for the parties to raise objections. (Rec. Doc. 7772). On February 18, 2020, the Court selected 12 plaintiffs to proceed with discovery for the fourth bellwether trial in CMO No. 23. (Rec. Doc. 9321). On December 28, 2020, the Court entered CMO No. 28 (Rec. Doc. 11722), ordering that the following Plaintiffs are designated to proceed with discovery for the fourth bellwether trial: (1) Emma Willie, 18-cv-3857 (Primary Plaintiff), (2) Cindy Smith, 18-cv-7702, and (3) Melissa Roach, 17-cv-7918.

Sanofi filed two motions in *Willie* on March 17, 2021- Defendants' Motion for Summary Judgment Under the Doctrine of Judicial Estoppel (Rec. Doc 12201) and Defendants' Motion for Summary Judgment Based on Warnings Causation (Rec. Doc 12202).   Ms. Willie filed Oppositions to each motion on March 8, 2021 (Rec. Doc. 12282 and 12280).  The Defendants filed Replies on March 17, 2021 (Rec. Doc. 12316 and 12332).  The Court heard oral arguments on

April 14, 2021.  The Court granted the Defendants' Motion for Summary Judgment Based on Warnings Causation on April 19, 2021 (Rec. Doc.12491) and dismissed the Defendants' Motion for Summary Judgment Under the Doctrine of Judicial Estoppel as moot on April 19, 2021 (Rec. Doc. 12491).

Against Trial Plaintiff Roach Sanofi filed Defendants' Motion for Summary Judgment Based on Warnings Causation (Rec. Doc 12197) and Defendants Motion for Summary Judgment Based on the Statute of Limitation (Rec. Doc. 12198) on February 22, 2021.  Ms. Roach filed Oppositions to each on March 8, 2021 (Rec. Docs. 12279 and 12277). Sanofi filed Replies on March 17, 2021 (Rec. Docs. 12328 and 12313).  On May 14, 2021 the Court granted the Defendants' Motion for Summary Judgment Based on the Statue of Limitations and dismissed the Defendants' Motion for Summary Judgment Based on Warnings Causation as moot (Rec. Doc. 12611).

Sanofi filed Defendants' Motion for Summary Judgment Based on Warnings Causation and Defendants' Motion for Summary Judgment Based on the Statute of Limitations against Ms. Smith on February 22, 2021 (Rec. Docs. 12199 and 12200).  Ms. Smith opposed each motion on March 8, 2021 (Rec. Docs. 12281 and 12278).  These motions are still pending.

The fourth bellwether trial has been continued and reset for October 18, 2021 through October 29, 2021. (Rec. Doc. 12283)

### E.  Bellwether Trial No. 5 (Hospira)

The Court entered CMO No. 30 on January 11, 2021 selecting Clare Guilbault as the Primary Plaintiff and Audrey Plaisance as the alternate Plaintiff for the fifth MDL trial.  (Rec, Doc.11796).

In the Guilbault case, Hospira filed two motions for summary judgment. First, on April 22, 2021, Hospira filed Hospira's Motion for Summary Judgment Based on the Statute of Limitations on April 2, 2021. (Rec.Doc. 12386). Plaintiff filed an Opposition (Rec. Doc. 12511). Hospira filed a Reply on May 6, 2021 (Rec. Doc. 12590). Second, on April 30, 2021, Hospira filed Hospira's Motion for Summary Judgment Based on the Learned Intermediary Doctrine (Rec. Doc 12538). Ms. Guilbault filed an Opposition on May 12, 2021 (Rec. Doc. 12586). Hospira filed a Reply on May 18, 2021 (Rec. Doc. 12619). The Court will hear argument on both motions on May 26, 2021.

In the Plaisance case, Hospira filed a Motion for Summary Judgment on Claims Under Illinois Law on April 2, 2021 (Rec. Doc. 12387). Ms. Plaisance filed an Opposition on April 19, 2021 (Rec. Doc. 12495). Hospira filed a Reply on May 6. 2021 (Rec. Doc. 12562). The Court will hear argument on this motion on May 26, 2021.

The fifth bellwether trial has been continued and reset for January 24, 2022 through February 4, 2022. (Rec. Docs. 12283).

## 14. **MOTION PRACTICE**

On January 7, 2019, the Sanofi Defendants filed Motions for Summary Judgment with regard to three Plaintiffs' cases: Kelly Gahan (Rec. Doc. 5730); Jacqueline Mills (Rec. Doc. 5732); and Deborah Johnson (Rec. Doc. 5734). The motions have been fully briefed. Defendants' Motion for Summary Judgment regarding Kelly Gahan and Deborah Johnson were granted. (Rec. Docs. 7571, 9440). The Court denied Defendants' Motion for Summary Judgment as to Jacqueline Mills. (Rec. Doc. 7571). Plaintiff Gahan appealed (Fifth Circuit Case Nos. 20-30229), and her appeal was orally argued on February 3, 2021.

On February 5, 2019, Sanofi filed a Motion for Summary Judgment on Causation-Learned Intermediary and Statute of Limitations with regard to three Plaintiffs' cases: Antoinette Durden (Rec. Doc. 6076 and 6077); Barbara Earnest (Rec. Doc. 6078 and 6079); and Tanya Francis (Rec. Doc. 6080 and 6081). Oral argument on the motions related to Ms. Earnest and Ms. Francis was held on May 22, 2019. On July 9, 2019, the Court issued an Order and Reasons granting Sanofi's motions for summary judgment against Tanya Francis and Deborah Johnson based on the statute of limitations and dismissing their cases with prejudice. (Rec. Doc. 7571). The Court denied the motions for summary judgment as to Barbara Earnest. *Id*. On August 6, 2019, Plaintiffs Francis and Johnson filed a motion for reconsideration, or, in the alternative, for clarification/amendment of judgments dismissing their cases (Rec. Doc. 7857), Sanofi filed an opposition (Rec. Doc. 8064) and Plaintiffs filed a reply (Rec. Doc. 8152). The Court denied the motion for reconsideration. (Rec. Doc. 9115). Sanofi's motion to certify this decision for interlocutory review under 28 U.S.C. 1292(b) was denied (Rec. Doc. 8160). Plaintiffs Tanya Francis and Deborah Johnson each appealed, and their appeals were consolidated with that of Cynthia Thibodeaux. (Fifth Circuit Case Nos. 20-30104 and 20-30107). Oral argument on the 3 consolidated cases was presented on February 11, 2021.

On February 5, 2019, Sanofi also filed a sealed Motion for Summary Judgment Based on Federal Preemption (Rec. Doc. 6186), which was argued on July 25, 2019 and subsequently denied in part and deferred in part (Rec. Doc. 7973).

Prior to the September 16, 2019 trial involving Barbara Earnest, the parties filed numerous Daubert and *in limine* motions. The Court ruled on all pretrial motions in advance of trial, which rulings are memorialized on the docket. Should any counsel wish to review these rulings, please contact Plaintiffs' Co-Liaison Counsel. Likewise, the parties have filed Daubert and dispositive

19

motions in advance of the second bellwether trial regarding Plaintiff Elizabeth Kahn and third bellwether trial regarding Plaintiffs Alice Hughes and Wanda Stewart. As the Court issues its rulings on these motions, such rulings will also be memorialized on the master docket.

On March 25, 2019, the Court held a conference with liaison counsel in anticipation of which the parties submitted certain letter briefing for a proposed CMO (Amendment to Trial Pool Selection), along with the PSC's proposed redlines, to account for voluntary dismissal by Plaintiffs of Trial Pool cases, and to account for Trial Pool cases determined to be ineligible. The Court issued CMO No. 14C (Rec. Doc. 6789). The Court granted Sanofi the right to de-designate a Trial Pool Plaintiff selected by the Plaintiffs to replace two Plaintiffs dismissed with prejudice, but only from the same round of Trial Pool Plaintiffs as the Plaintiffs dismissed.[7] Additionally, any Trial Pool Plaintiff selected must sign a Certification stating that she understands the responsibilities associated with her selection and accepts those responsibilities.

On October 25, 2019 Sanofi filed Defendants' Motion to Dismiss Claims Barred by the Texas Statute of Repose which seeks dismissal with prejudice of 19 individual plaintiffs. (Rec. Doc. 8393). That motion was withdrawn by Sanofi. (Rec. Doc. 8621).

On November 14, 2019, Plaintiffs filed Motion for Leave to File Amended Short Form Complaints for Third Bellwether Trial Plaintiffs. (Rec. Doc. 8577). Defendants opposed the motion (Rec. Doc. 8635), and the motion was orally argued on December 5, 2019. (Rec. Doc. 8659).  On December 12, 2019, the Court issued Order and Reasons granting in part and denying in part the motion. The Court allowed Plaintiffs to remove certain causes of action and add an inadequate warning claim under the Louisiana Products Liability Act, but denied the motion in all other respects. (Rec. Doc. 8703).

---

[7] The Plaintiffs and the 505(b)(2) Defendants agreed on replacements for Trial Pool Plaintiffs dismissed. See footnote in CMO No. 14C.

On January 7, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started Before December 15, 2006 (Rec. Doc. 8977). Plaintiffs opposed the motion on February 7, 2020 (Rec. Doc. 9231). Oral argument was held on May 7, 2020, and the motion was granted in part and deferred in part on June 1, 2020 (Rec. Doc. 10487). Plaintiffs filed a Motion for Reconsideration on June 29, 2020 (Rec. Doc. 10667). Defendants filed an opposition on July 28, 2020 (Rec. Doc. 10862). The Court denied Plaintiffs Motion for Reconsideration. (Rec. Doc. 11683).

On February 3, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Whose Taxotere Treatment Started After December 11, 2015 (Rec. Doc. 9189). Plaintiffs opposed the motion on February 19, 2020 (Rec. Doc. 9354). Oral argument was held on May 7, 2020, and the motion was granted on May 27, 2020 (Rec. Doc. 10464).

On July 17, 2020, Sanofi filed a Motion for Entry of an Order Requiring Proof of Diagnosis (Rec. Doc. 10808). On July 21, 2020, the 505(b)(2) defendants joined Sanofi's Motion for Entry of an Order Requiring Proof of Diagnosis. (Rec. Doc. 10818). The Court has deferred briefing on Defendants' motion subject to being re-urged after the third bellwether trial. (Rec. Doc. 10908).

On July 21, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Michigan Plaintiffs listed on Exhibit A (Rec. Doc. 10819). The Court dismissed the Motion without prejudice on August 31, 2020. (Rec. Doc. 11031).

On July 22, 2020, the Court granted Sanofi's Motion for Summary Judgement Based on the Statute of Limitations, (Rec. Doc. 10833) and dismissed Antoinette Durden's case. (Rec. Doc. 10835).

On August 18, 2020, Sanofi filed Defendants' Motion for Summary Judgment on the Claims of Brenda Mixon and Entry of Show Cause Order (Rec. Doc. 10978). Plaintiff filed an opposition (Rec. Doc. 11324). The Court granted the motion on April 7, 2021 (Rec. Doc. 12405),

On August 24, 2020, Sanofi filed the Motion for Judgment on the Pleadings Based on Statute of Limitations related to Juanita Greer. (Rec. Doc. 10668), to which plaintiff filed an opposition (Rec. Doc. 11057). Oral argument was presented on November 17, 2020. The Court granted the Motion on January 22, 2021. (Rec. Doc. 12057).

Based on the Fifth Circuit's decision in *Binh Hoa Le v. Exeter Finance Corp.,* 990 F. 3rd 410 (5th Cir. 2021), Plaintiffs filed a Motion Directing the Parties to Establish A Show Cause Procedure Why Sealed Pleadings and Exhibits Should Not Be Unsealed on May 4, 2021 (Rec. Doc. 12545) The Defendants filed an Opposition on May 11, 2021 (Rec. Doc. 12578). The parties are working together to establish a procedure to address the issue.

### 15. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

In PTO 20 (Rec. Doc. 265), the Court appointed Kenneth W. DeJean as Special Master for the Plaintiffs to review the time and expenses submitted as common benefit during the course of the MDL The Court has met with and communicated with the Special Master to discuss the time and expenses submitted on several occasions.

### 16. NEXT STATUS CONFERENCE

The next General Status Conference and meeting of Lead and Liaison Counsel will be scheduled by agreement of the Court and counsel. The Court will set up a telephone conference line for the status conference. To join the status conference by telephone please use the call-in information on the Court's website under the tab "Upcoming Events."

3617774-1

Respectfully submitted:

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail: barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART
& MOORE LLC**
400 Poydras Street, Suite 2700 New
Orleans, LA 70130 Telephone: 504-
310-2100 Facsimile: 504-310-2120 E-
Mail: dmoore@irwinllc.com

*Sanofi Defendants' Liaison Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier
& Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile: 504-528-9973
E-Mail: plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ John F. Olinde
John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com

*505(b)(2) Defendants' Liaison Counsel*

3617774-1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of the

Court using the ECF system which sent notification of such filing to all counsel of record.

*<u>/s/ Dawn M. Barrios</u>*

3617774-1