# LAST WILL AND TESTAMENT

## OF

## PATRICIA J. SAPP

I, **PATRICIA J. SAPP**, a resident of the State of Georgia, do hereby declare and publish this as and for my Last Will and Testament, hereby revoking any and all prior wills and codicils made by me.

## ARTICLE I

## FAMILY MEMBERS

For purposes of this Will, all references to my husband shall refer to **RANDALL SAPP**. All references to the term "child" or "children" shall be deemed to include **BRITTANY SAPP, STEPHANIE NECOLE FINCHER** and **TONY ALLEN FINCHER, JR.**, and any future child born to or adopted by me. All references to the term "descendant" or "descendants" shall be deemed to include my child or children and any natural or legally adopted child of my child or children and their descendants.

It is my intention under this Will to treat certain of my children differently than others, and notwithstanding any other provisions under this Will to the contrary, my children, **BRITTANY SAPP, TONY ALLEN FINCHER, JR.** and their respective descendants and **STEPHANIE NECOLE FINCHER** shall not receive any property of any kind or character under this Will. For all purposes of this Will the terms "child" or "descendant" or similar terms shall exclude my children, **BRITTANY SAPP, TONY ALLEN FINCHER, JR.**, and their respective descendants and **STEPHANIE NECOLE FINCHER**. I have chosen to not include the descendants of **STEPHANIE NECOLE FINCHER** under this paragraph since my primary remainder beneficiary is a descendant of **STEPHANIE NECOLE FINCHER**. I have given careful consideration to the following divisions and dispositions my named children shall receive under this Will and I wish any court to be guided by my intentions stated herein if someone should contest this Will.



## ARTICLE II

## APPOINTMENT OF EXECUTOR

I hereby appoint my husband as Executor of this my Last Will and Testament. In the event he shall fail to qualify or cease, for any reason, to serve as Executor, then I hereby appoint **STEPHANIE NECOLE FINCHER** to serve as his successor.

## ARTICLE III

## BURIAL PROVISIONS

I wish my body be buried in a suitable manner and a suitable memorial erected and the cost thereof paid out of my estate.

## ARTICLE IV

## PAYMENT OF DEBTS

I direct that all of my lawful debts and outstanding charitable pledges, and the expenses of my last illness and funeral, shall be paid by my Executor as soon as may be practicable after my death. In paying these debts or in making arrangements for their payment, my Executor shall not be required to prepay any debt prior to its maturity but shall have the authority and discretion to continue to pay any installment indebtedness on a basis agreeable with the creditor.

## ARTICLE V

## GENERAL GIFT OF PERSONAL PROPERTY

A. I give all of my personal property, both tangible and intangible, including all of my household furniture and furnishings, books, pictures, objects of art, silverware, jewelry, clothing, sporting goods and other personal effects located in my principal residence and any other dwellings used or occupied by me and any automobiles, boats or other vehicles, including all insurance policies, accessories and equipment relating thereto, to my husband, provided he survives me. If he does not survive me, I give such property to my granddaughter, **PATRICIA NECOLE FINCHER**, if she survives me. The reasonable cost of delivering such property shall be paid by my Executor as an expense of my estate.

B. Notwithstanding anything in this Article to the contrary, if I leave a list regarding the disposition of my personal property with my Executor or attached to this Will at the time



of my death, then it is my wish and desire that my personal property be distributed in accordance with such list. I understand that any such list will be precatory only and will not be binding upon my Executor.

## ARTICLE VI

## RESIDUE

I give the residue of my estate, of every kind and description, to my husband, provided he survives me. In the event my husband fails to survive me, then I give such property outright and in fee simple to my granddaughter, **PATRICIA NECOLE FINCHER**, if she survives me.

## ARTICLE VII

## ESTATE EXPENSES AND TAXES

All transfer, estate, inheritance, succession and other death taxes which shall become payable by reason of my death, other than any tax on any generation-skipping transfer and any additional estate tax imposed pursuant to Section 2032A(c) of the Internal Revenue Code of 1986 as amended, and all debts and expenses of administration of my estate, whether in respect of property passing under this Will or otherwise, shall, unless otherwise expressly provided elsewhere in this Will, be paid without apportionment from my residuary estate, except that the Executor shall make claim, if and to the extent permitted by law, for death taxes assessed against my estate because of any power of appointment which I may have.

## ARTICLE VIII

## DISTRIBUTION TO MINORS AND INCOMPETENT PERSONS

If any income or principal from my estate shall become distributable to a beneficiary who is then under the age of twenty-five (25) or who is then suffering from a legal disability or a disability which prevents such beneficiary from carrying on business, such beneficiary's portion shall vest in such beneficiary indefeasibly, and the Executor shall not require the appointment of a guardian, custodian or other trustee for such distributable property. However, the Executor may, in its discretion, either pay over such principal or income at any time to the guardian or custodian of such beneficiary, or retain the same in trust for such beneficiary during the period of disability or until such beneficiary attains age twenty-five (25). In the event of such retention, the Executor shall serve as Trustee, without obtaining any bond, apply such amounts of the income and principal as it shall determine for the support and well-being of such beneficiary and, in such instance, may do so irrespective of any other resources of such beneficiary or of the beneficiary's parent. The receipt by any

-4-



such person shall be a full discharge of the Executor, who shall not be bound to see to the application of any such payment. Any such principal or income so retained, and any income therefrom, which is not applied under the provisions of this Article, shall be paid over to the beneficiary upon attaining age twenty-five (25) or upon otherwise terminating his or her disability, or, if he or she shall sooner die, to his or her estate. In holding any income or principal for a beneficiary, the Executor shall have all the powers and discretion provided herein.

## ARTICLE IX

## EXECUTOR PROVISIONS

A. In the management, care, and disposition of my estate, I confer upon the Executor of this Will, and their successors in office, the power to do all things and execute such instruments as may be deemed necessary or proper, including the powers set out in O.C.G.A. Section 53-12-261 as amended to the date of execution of this Will, which powers are incorporated by reference herein. All such powers may be exercised without order of or report to any court.

B. My Executor and any Trustee whose office may be created pursuant to the provisions of this Will shall not in the exercise of any discretion make any determination inconsistent with my intentions as expressed in this Article.

C. The Executor and any Trustee whose office may be created pursuant to the provisions of this Will and their successors named herein or appointed as provided herein shall not be required to file any inventory or appraisal or any annual or other returns or reports to any court or to give bond. Nor shall any Successor-Executor or Successor-Trustee be required to inquire into or audit the acts or doings of any predecessor or to make any claims against any such predecessor.

D. All Successor-Executors or Successor-Trustees appointed as provided herein shall have and may exercise any or all of the powers herein conferred to the same extent as if such successor had originally been named herein.

E. Any reference in this Will to "Executor" or "Trustee" shall refer to the one or more persons serving in such office at any given time, whether he, she or it be the original, substitute, successor or co-fiduciary.

F. Any bank, trust company or other corporate entity named herein or appointed as provided herein shall be deemed to include any bank or trust company with which it may hereafter be merged or consolidated.



G. For service as an Executor, my Executor shall be entitled to receive reasonable compensation for such services even though the amounts may be that provided by the laws of Georgia for fiduciaries and without any report to or order of any court; provided, however, that any individual who is a beneficiary of income and principal of my estate or any trust created under this Will shall not receive a fee for his or her services as Executor or Trustee. Any bank, trust company or other corporate entity serving as a fiduciary hereunder shall receive a fee based upon those set forth in such fiduciary's regularly published fee schedule for similar services at the time it serves as a fiduciary hereunder or such other fee as may be agreed to upon the corporate fiduciary's appointment.

H. All nouns, pronouns and other parts of speech used herein shall be deemed to refer to the masculine, feminine, neuter, singular or plural, as the identity of the person, persons, or entity may require.

## ARTICLE X

## INVESTMENTS HELD AT DEATH

I have confidence in the investments and assets which will be found in my estate at the time of my death, and no change need be made by my Executor in these investments solely for the purpose of creating a diversity of investments; but, without being constrained to do so, my Executor shall be authorized to sell or otherwise dispose of such investments, if and to the extent my Executor deems such sale or disposition to be within the best interests of my estate.

## ARTICLE XI

## RESIGNATION OF EXECUTOR AND TRUSTEE

A. Any Executor of this Will and their successors may at any time resign by instrument in writing signed by the Executor or their successors and delivered to the persons then entitled to the income from my estate and with the court having jurisdiction of the administration of my estate.

B. Should any vacancy occur in the office of Executor of this Will or Trustee of any trust created by this Will and there is no other named Executor or Trustee, my husband, if living, and if not, a majority of my then living adult children, or if I have no then living adult children, a majority of my then living adult descendants who are beneficiaries of any trust created under this Will, or if I have no then living adult descendants who are beneficiaries hereunder, a majority of the guardians of my then living minor descendants who are beneficiaries of any trust created under this Will, shall within sixty (60) days after such office becomes vacant, by written instrument, appoint a Successor-Executor or Successor-Trustee,

-6-



provided that such successor shall be a bank, trust company or other corporate entity possessing fiduciary trust powers. Should such persons fail or refuse within sixty (60) days so to appoint such successor, then such successor may be appointed by the judge of the court having jurisdiction to appoint executors and trustees upon application of any person interested in my estate or such trust or upon application of the resigning Executor or Trustee or its personal representative; provided that the resigning Executor or Trustee shall not be relieved of its duties until such successor is appointed and accepts its fiduciary responsibilities. All costs and expenses of any resigning Executor or Trustee in applying to such court shall be an expense of my estate or the trusts created hereunder, as the case may be.

## ARTICLE XII

### ANCILLARY ADMINISTRATION PROVISION

At my death I may own an interest or interests in real estate located outside of the State of my domicile. In such event or in the event ancillary administration on my estate is needed for any reason outside of the State of my domicile, I appoint my domiciliary Executor as such ancillary administrator. If my domiciliary Executor is unable or unwilling to qualify as such, then I appoint the person or persons selected by my domiciliary Executor to act as such ancillary administrator, which person or persons shall complete the administration of my estate in such other state as soon as possible and turn the proceeds thereof over to my domiciliary Executor.

## ARTICLE XIII

### YEAR'S SUPPORT PROVISION

The provisions of this Will made for the benefit of my husband and children are made in lieu of year's support, dower, spouse's elective share, or any marital rights arising under the laws of Georgia or any other state in which I may be domiciled at the time of my death.

## ARTICLE XIV

### DISCLAIMER

Any person may irrevocably disclaim and renounce any part or all of my estate to which such person is entitled whether or not passing under this Will. In the event any person, including my husband, disclaims any part or all of any legacy, devise or of my residuary estate to which such person may be entitled, then I direct that such disclaimed property shall be disposed of as if such person had not survived me. This right to disclaim may also be



exercised by the executor, administrator, trustee, guardian, attorney-in-fact or other legal representative of any person entitled to disclaim hereunder.

## ARTICLE XV

### GUARDIAN AND CONSERVATOR PROVISIONS

A. In the event my husband does not survive me, I hereby appoint **STEPHANIE NECOLE FINCHER**, as Guardian and Conservator of my minor children. In the event that **STEPHANIE NECOLE FINCHER** shall fail to qualify or cease, for any reason, to serve as Guardian and/or Conservator, then I hereby appoint **PATRICIA NECOLE FINCHER** to serve as Guardian and/or Conservator of my minor children.

B. In making any distribution of income or principal from any trust under this Will to a minor, the Trustee is authorized in its sole discretion to make distributions from the trust directly to the Guardian and Conservator of such minor child or children for expenses incurred by the Guardian and Conservator because of his care for such child or children. Such expenses are to include, by way of illustration and not limitation, the Guardian's and Conservator's reasonable travel expenses in visiting the minor child or children, the reasonable cost of additions or improvements to the Guardian's home, the reasonable cost of constructing or purchasing a new home, and the reasonable cost of additional household help in the Guardian's home, provided such expenditures are necessary in the judgment of the Trustee to enable the Guardian and Conservator to care for such child or children. It is my intention and desire that such expenses be paid even though such payments may directly or indirectly benefit the Guardian or the Guardian's family, and the Conservator or the Conservator's family. In addition, it is my desire that the Guardian of my children be able to use and occupy my residence and any vacation home I own until my children become adults and leave home for school, all as my Executor, Trustee, Guardian, and Conservator may deem to be reasonable and appropriate under the circumstances at that time.

[Remainder of Page Intentionally Left Blank.]



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal to this my Last Will and Testament, this the  9  day of February, 2017.

*Patricia J. Sapp* (SEAL)
PATRICIA J. SAPP

Signed, sealed, published, and declared by **PATRICIA J. SAPP** as and for her Last Will and Testament in our presence and we, at her request and in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses the day and year above set out. And we, and each of us, declare that we believe this Testator to be of sound mind and memory.

WITNESSES:

[signature]

[signature] Linda P. Huff

ADDRESSES:

240 Third Street
Macon, GA 31201

240 Third Street
Macon, GA 31201

-9-

STATE OF GEORGIA
COUNTY OF BIBB

Before me, the undersigned authority, on this day personally appeared, **PATRICIA J. SAPP**, **JENNY MARTIN STANSFIELD** and _Lindsay P. Huff_ known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, **PATRICIA J. SAPP**, testator, declared to me and to the said witnesses in my presence that said instrument is her last will and testament and that she had willingly made and executed it as her free act and deed for the purposes therein expressed. The witnesses, each on his or her oath, stated to me in the presence and hearing of the testator that the testator had declared to them that the instrument is her last will and testament and that she executed same as such and wanted each of them to sign it as a witness; and upon his or her oath each witness stated further that he or she did sign the same as witness in the presence of the testator and at her request; that she was at that time 14 years of age or over and was of sound mind; and that each of said witnesses was then at least 14 years of age.

_/s/ Patricia J. Sapp_
**PATRICIA J. SAPP**, Testatrix

_/s/ Jenny_
Witness

_/s/ Lindsay P. Huff_
Witness

Sworn to and subscribed before me by **PATRICIA J. SAPP**, testatrix, and sworn to and subscribed before me by **JENNY MARTIN STANSFIELD** and _Lindsay P. Huff_, witnesses, this _9_ day of February, 2017.

_/s/ Kelly M. Carter_
(Official capacity of officer)

[NOTARY SEAL]

[Seal: KELLY M. CARTER, NOTARY PUBLIC, BIBB COUNTY, GEORGIA, EXPIRES 09/12/2020]

-10-