UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO | |
| *Wanda Stewart* | HON. JANE TRICHE MILAZZO |
| Case No. 2:17-cv-10817 | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS AGAINST PLAINTIFF WANDA STEWART**

Plaintiff, Wanda Stewart, a breast cancer survivor, filed her products liability lawsuit against Defendant Sandoz, Inc. ("Sandoz" or "Defendant"), in the instant multidistrict litigation on October 18, 2017 (Doc No. 1). Ms. Stewart was selected as a potential bellwether plaintiff as it relates to Sandoz and her case underwent all phases of discovery, including depositions, expert discovery, and motion practice. Defendant filed a Motion for Summary Judgment based on the learned intermediary doctrine, and Ms. Stewart's case was ultimately dismissed on summary judgment on April 19, 2021 after briefing and oral argument (MDL Rec. Doc. 12494). A notice of appeal was filed with the United States Court of Appeals for the Fifth Circuit on May 18, 2021 and is currently pending.

Defendant now seeks $91,238.27 in purported costs to be taxed against Ms. Stewart. This total includes $81,232,44 in deposition transcript fees, $9,985.83 in medical records collection, and $20.00 in docket fees. Rather than file a memorandum of support citing law and argument as to why they should be entitled to these fees, Defendant simply attached an itemized list of these expenses along with receipts for same.

Plaintiff submits that the awarding of costs in this matter is unwarranted under the circumstances, not supported by proper documentation, and premature.

## LAW AND ARGUMENT

"[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). According to the Fifth Circuit, a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the following factors is met: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

Here, the Defendant does not assert that Ms. Stewart brought her suit in bad faith. Good intent on its own is not justification to deny the awarding of costs to a prevailing party. "[T]he mere fact that a suit may have been brought in good faith is alone insufficient to warrant a denial of costs in favor of a prevailing defendant.'' *Cherry v. Champion*, 186 F.3d 442, 446 (4th Cir.1999). However, when every one of the *Pacheco* factors cited above are present, this Court may deny or reduce costs. The decision whether to award costs ultimately lies within the sound discretion of the district court. See *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S.560, (2012). For the following reasons, Defendants' Bill of Costs must be denied.

First, Mrs. Stewart is a cancer survivor and person of limited means. As testified in her deposition on March 15, 2019, Ms. Stewart works in human resources for the Department of Public Safety. It is clear that Ms. Stewart is ill-equipped and unprepared to pay the tens of thousands of dollars in costs sought by Sandoz.

Second, although the exact parameters of the conduct comprising "misconduct by the prevailing party" are not particularly defined by the jurisprudence, "[m]isconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing parties…."

*Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 540 (5th Cir. 1990). The learned intermediary issue in Ms. Stewart's case involved a weighing of her testimony as to the treatment she received from her physicians as well as the testimony of her treating physicians as to what knowledge they may have had regarding the warning label of Taxotere or docetaxel and what they communicated to Ms. Stewart regarding such warnings at the time of her treatment. Though Ms. Stewart's arguments were deemed insufficient by the Court, there was no finding by the Court that the Defendant had warned of the risk of permanent alopecia to Ms. Stewart's treating oncologist. Sandoz failed to disclose risks that it knew to be associated with docetaxel, despite a duty to warn of those very risks.

Third, the learned intermediary question was a close and difficult legal issue. As a result, there is an Appeal pending. There is a massive, contentious body of case law analyzing the issue of the application of *the learned intermediary doctrine,* and while this Court found for the Defendant and dismissed Plaintiff's case, it was a close and difficult ruling.

Fourth, Ms. Stewart's case provided a great value to the public, this Court, and the parties involved in this litigation. "The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997). As in all bellwether situations, the benefits (and costs) of a ruling are not the same as in a "one-off" case. As a potential bellwether, Ms. Stewart's case provided

guidance to the parties and the Court on issues relevant to the entire MDL. The discovery aided the parties in defining issues pertinent to the MDL as a whole. As to the assessment of costs in this case, a complex litigation setting, the Manual for Complex Litigation (Fourth Edition, 2004) provides some guidance. This Court's general authority to allocate costs is discussed in Chapter 11, governing Pre-trial discovery procedures. Section 11:443 states:

> "Cost allocation may also be an appropriate means to limit unduly burdensome or expensive discovery. Rule 26's purpose is not to equalize the burdens on the parties, but Rule 26(b)(2)(iii) expressly requires the court to take the parties' resources into account in balancing the burden or expense of particular discovery against its benefit. Thus, where the parties' resources are grossly disproportionate, the judge can condition discovery that would be unduly burdensome on one of them upon a fair allocation of costs."

Considerations of cost allocation are not based on relative resources alone. Rule 26(b)(2)(iii) allows the court to allocate costs based on considerations of benefits, burdens, and overall case efficiency. Courts have articulated as many as eight factors relevant to cost allocation:

- the specificity of the discovery requests;
- the likelihood of discovering critical information;
- the availability of such information from other sources;
- the purposes for which the responding party maintains the requested data;
- the relative benefit to the parties of obtaining the information;
- the total cost associated with the production;
- the relative ability of each party to control costs and its incentive to do so; and
- the relative resources available to each party.

Here, Wanda Stewart subjected herself to the burdens of bellwether discovery not experienced by the vast majority of the MDL plaintiffs, while cooperating fully with the Court and its orders. The eight factors referenced above apply to issues of cost allocation in an MDL. Ms. Stewart was one case among a handful of bellwether cases selected to represent the issues and facts of similarly situated plaintiffs in this MDL, with an express purpose of utilizing those bellwether selections to identify and resolve common

4

questions of law and fact pertaining to the MDL.

As explained by the Manual for Complex Litigation, the benefits and costs of a bellwether trial are not the same as in a single plaintiff case:

> If individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. Some judges permit the plaintiffs and defendants to choose which cases to try initially, but this technique may skew the information that is produced. To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of cases. Test cases should produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis, and what range of values the cases may have if resolution is attempted on a group basis.

Manual Complex Lit. § 22.315 (4th ed.).

Wanda Stewart was selected to act as a bellwether to assist the Court and the parties in the resolution of those common issues. Among those issues common to the MDL are issues of statute of limitations and learned intermediary defenses as applied to the facts of the several representative bellwether cases. This Court has the inherent authority to allocate MDL bellwether case costs to common benefit or other cost sources. This Court has the authority to prevent that heavy financial load of common issue costs falling solely on an individual bellwether plaintiff's shoulders, especially when that plaintiff is financially challenged.

Finally, Sandoz is a large, multinational pharmaceutical corporation with significant financial resources and will not be unduly burdened by the costs expended in this matter. Moreover, Defendant has failed to provide many details regarding the costs for deposition transcript fees and other costs, and have not provided a memorandum of law and argument in support of its Bill of Costs. The prevailing party is not entitled to reimbursement for costs such as

expedited transcripts or witness fees and allowances in excess of that permitted by 28 U.S.C.A. § 1821. *Fogleman v. ARAMCO (Arabian Am. Oil Co.*, 920 F.2d 278, (5th Cir. 1991) (finding added cost of obtaining a transcript on an expedited basis is not ordinarily taxable). A review of the receipts provided by Defendant shows that several of the transcripts appear to have been ordered on an expedited basis. Defendant has not met the burden of supporting the costs requested with particularity and should not be entitled to reimbursement of those costs.

## CONCLUSION

Given the totality of the circumstances, Ms. Stewart respectfully requests that this Court use its vast discretion and equitable powers to deny costs to Defendant Sandoz. Alternatively, if the Court elects to exercise its discretion to award any costs, Ms. Stewart respectfully asks that the Court disallow any costs not described by Defendant with particularity and/or reduce costs to an amount that does not pose a personal financial hardship to Ms. Stewart. In the alternative, the fact that Plaintiff Stewart's appeal remains pending indicates that the instant costs assessment motion is not ripe for consideration, the interests of equity and judicial economy would be best served by delaying a ruling on the instant motion until the motion for new trial and (if necessary) any appealfrom the judgment is resolved.

Dated: June 4, 2021                                                      Respectfully submitted,


                                                                         */s/ Andrew J. Geiger*
                                                                          Andrew J. Geiger (#32467)
                                                                          **ALLAN BERGER & ASSOCIATES**
                                                                          4173 Canal Street
                                                                          New Orleans, Louisiana 70119
                                                                          Phone: (504) 526-2222
                                                                          Fax: (504) 483-8130
                                                                          ageiger@bergerlawnola.com
                                                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Andrew J. Geiger*
Andrew J. Geiger (#32467)
