# LAST WILL AND TESTAMENT
## OF
## HATTIE S. PENDERGRASS

I, Hattie S. Pendergrass, a resident of and domiciled in the County of Williamsburg and State of South Carolina, do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking all Wills and Codicils at any time heretofore made by me. I am currently married to Hartwell Pendergrass and have three children, AnTonia Andrews, Hartwell Pendergrass, Jr., and Cicely Morris.

## ITEM I.

**Provision for Debts.** Except as hereinafter provided, I direct that all my legally enforceable debts, secured and unsecured, be paid from my residuary estate as soon as practicable after my death. Notwithstanding this direction, my Personal Representative may cause any debt of mine to be carried, renewed, or refinanced from time to time upon such terms and with such securities for its repayment as my Personal Representative deems advisable taking into consideration the best interest of the beneficiaries. Furthermore, if at the time of my death any of the real or personal property herein devised is subject to a mortgage or lien, I direct that the devisee taking such property shall take it subject to the mortgage or lien and that the devisee shall not be entitled to have the obligation secured thereby paid out of my general estate.

## ITEM II.

**General Bequest of Personal and Household Effects.** I give and bequeath all of my personal and household effects of every kind including but not limited to furniture, appliances, furnishings, pictures, silverware, china, glass, books, jewelry, wearing apparel, boats, automobiles, and other vehicles, and all policies of fire, burglary, property damage, and other insurance on or in connection with the use of this property as follows:

(1)      **Memoranda**. In such manner as may be specified by me in any memorandum or memoranda (hereinafter referred to in the aggregate as "Memoranda") from time to time and at any time signed by me directing the disposition of this property or any part thereof, provided however that if no such Memoranda are found and identified as such by my Personal Representative within 90 days after my death, then such Memoranda shall be null, void, and of no effect whatever. Any property given and devised to a beneficiary who is not living at the time of my death and for whom no effective alternate provision has been made shall pass according to the provisions of the following paragraph, and not pursuant to any anti-lapse statute.

(2)      **Disposition in Default**. In default of such Memoranda or to the extent that such Memoranda do not completely dispose of the property passing hereunder, then I give and bequeath all of such property (or such thereof as is not disposed of by such memorandum or memoranda) to my daughter, Cicely Morris, if she shall survive me. If she shall not survive me, I give and bequeath all of said property to AnTonia Andrews.

(3)        **Expenses.** The cost of packing and shipping such property shall be charged against my estate as an expense of administration.

## ITEM III.

**General Devise of Residential Property.** I give and devise to my daughter, Cicely Morris, if she shall survive me, any interest I may own in any Real Property. If she shall not survive me, then I give and devise to AnTonia Andrews, any interest I may own in any Real Property.

## ITEM IV.

**Disposition of Residue.** I give, devise and bequeath all the rest, residue and remainder of my property of every kind and description (including lapsed legacies and devises), wherever situate and whether acquired before or after the execution of this Will, absolutely in fee simple to Cicely Morris. If she shall not survive me, then I give, devise, and bequeath to AnTonia Andrews, any and all property under this Item.

## ITEM V.

**Will Contest.** Should any of my beneficiaries in this Will contest it in any manner, I revoke any gift to him or her, and direct that his or her share of any gift be disposed of as if he or she had predeceased me.

## ITEM VI.

**Nomination of Personal Representative.** I hereby nominate, constitute and appoint Cicely Morris as Personal Representative of this my Last Will and Testament, and direct that no bond shall be required. If for any reason she shall be unable or unwilling to serve or to continue to serve, then I nominate AnTonia Andrews, as substitute or successor Personal Representative with the same authority and responsibility and direct that no bond shall be required.

## ITEM VII.

**Definition of Personal Representative.** Whenever the word "Personal Representative" or any modifying or substituted pronoun therefor is used in this my Will, such words and respective pronouns shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof, and shall apply equally to the Personal Representative named herein and to any successor or substitute Personal Representative acting hereunder, and such successor or substitute Personal Representative shall possess all the rights, powers and duties, authority and responsibility conferred upon the Personal Representative originally named herein.

## ITEM VIII.

**Powers of the Personal Representative.** By way of illustration and not of limitation and in addition to any inherent, implied or statutory powers granted to executors generally, my Personal Representative is specifically authorized and empowered with respect to any property real or personal, at any time held under any provision of this my Will: to allot, allocate between principal and income, assign, borrow, buy, care for, collect, compromise claims, contract with respect to, continue any business of mine, convey, convert, deal with, dispose of, enter into, exchange, hold, improve, incorporate any business of mine, invest, lease, manage, mortgage, grant and exercise options with respect to, take possession of, pledge, receive, release, repair, sell, sue for, to make distributions or divisions, pro rata or non-pro rata, in cash or in kind or partly in each without regard to the income tax basis of such asset, and in general, to exercise all of the powers in the management of my Estate which any individual could exercise in the management of similar property owned in its own right, upon such terms and conditions as to my Personal Representative may seem best, and to execute and deliver any and all instruments and to do all acts which my Personal Representative may deem proper or necessary to carry out the purposes of this my Will, without being limited in any way by the specific grants of power made, and without the necessity of a court order. Provided, however, my Personal Representative may not sell any property which is specifically devised herein or in any Memoranda referred to herein unless necessary to pay my debts or expenses of administration.

## ITEM IX.

Definitions. For purposes of this my Will, the following definitions are applicable:

(1)    **Definition of Children.** For purposes of this Will, "children" means the lawful descendants in the first degree of the parent designated; and "issue" and "descendants" mean the lawful descendants in any degree of the ancestor designated. The terms "child," "children," "issue," "descendant," and "descendants" or those terms preceded by the terms "living" or "then living" shall include the lawful descendant in the first degree of the parent designated even though such descendant is born after the death of such parent, provided such descendant was in gestation at the death of such parent.

## ITEM X.

**Provision Presuming Beneficiary Predeceases Testator.** If any beneficiary should die within thirty (30) days of my death, then it shall be conclusively presumed for the purposes of this Will that the beneficiary predeceased me.

## ITEM XI.

It is not my intention to make provision in this, my Last Will and Testament, for any person not expressly provided for herein, except for children born to or legally adopted by me after the date of this instrument; and if any such person has not been expressly mentioned

herein, he or she has been omitted by me intentionally and with full knowledge of his or her relationship and existence.

I, Hattie S. Pendergrass, the Testator, sign my name to this, my Last Will and Testament on this ___14__ day of March 2018, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument willingly (or willingly direct another to sign for me), that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

*Hattie S. Pendergrass*
_____
Hattie S. Pendergrass
Testator

## ATTESTATION

We, _Charline Y Woodberry_ and _Kimberly M. Hodge_ the witnesses, sign our names to this instrument being first duly sworn, do hereby declare, generally and to the undersigned authority, that Hattie S. Pendergrass signs and executes this instrument as her Last Will and Testament and that she signs it willingly (or willingly directs another to sign for him/her), and that each of us, in the presence and hearing of Hattie S. Pendergrass, hereby signs this Will as witness to Hattie S. Pendergrass's signing, and that to the best of our knowledge Hattie S. Pendergrass is eighteen years of age or older, of sound mind, and under no constraint or undue influence.

_Charline Y Woodberry_
Witness Signature
Name of Witness Printed: _Charline Y Woodberry_

_Kimberly Hodge_
Witness Signature
Name of Witness Printed: _Kimberly M. Hodge_

## AFFIDAVIT

STATE OF SOUTH CAROLINA

COUNTY OF WILLIAMSBURG

Subscribed, sworn to, and acknowledged before me by Hattie S. Pendergrass whose name appears above and subscribed and sworn to before me by _Charline Y Woodberry_ and _Kimberly M. Hodge_ whose names appear witnesses above this _14th_ day of March 2018.

Subscribed and sworn to before me this _14th_ day of March 2018.

_____
Notary Public for South Carolina
My Commission Expires: _8/29/2023_

Page 5 of 5