UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039.

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE SUPPLEMENTAL OPINION OF DR. LAURA PLUNKETT

Plaintiff's Opposition mischaracterizes or fails to address the issues identified in Sanofi's Motion to Exclude Dr. Plunkett's new labeling opinion. Dr. Plunkett's new opinion should be excluded for multiple reasons.

First, Plaintiff mischaracterizes Sanofi's argument regarding the foundation for Dr. Plunkett's new opinion. Sanofi does not challenge the regulatory standard Dr. Plunkett used to form her new labeling opinion, nor does Sanofi argue that Dr. Plunkett failed to prove causation. Sanofi argues only that Dr. Plunkett's new opinion lacks a reliable foundation because it is admittedly based on opinions this Court previously excluded. Plaintiff provided no valid response on this issue.

Second, Plaintiff ignored Sanofi's arguments that Dr. Plunkett's new opinion is unhelpful to the jury because it duplicates Dr. Ross' opinions and that Sanofi will be prejudiced if Dr. Plunkett's new opinion is admitted because Sanofi will be unable to cross-examine Dr. Plunkett regarding all bases for her opinion. Because the burden is on Plaintiff, her failure to address these arguments should result in exclusion of Dr. Plunkett's new opinion.

I.       **PLAINTIFF MISCHARACTERIZES SANOFI'S FOUNDATION ARGUMENT.**

Plaintiff argues throughout her Opposition that, because Dr. Plunkett allegedly applies the correct regulatory standard for labeling changes and because a causation analysis is not required to render a labeling conclusion, Dr. Plunkett's new labeling opinion is admissible.[1]  But Sanofi did not challenge the regulatory standard applied by Dr. Plunkett, nor did Sanofi argue that Dr. Plunkett must conduct a general causation analysis in order to opine on labeling.  Sanofi argued only that, because the bases for Dr. Plunkett's new opinion were previously excluded, her new opinion lacks a reliable foundation.

Dr. Plunkett's supplemental report specifically outlines the bases for her new labeling opinion, including her previous conclusions that "Taxotere/ docetaxel use carries an ***independent risk*** of CIPAL/ PCIA" and that Taxotere was a "***substantial contributing factor***" to PCIA in the patients in Dr. Sedlacek's study.  According to Dr. Plunkett, these conclusions, along with Dr. Madigan's analyses, were sufficient evidence for Sanofi to have "had some basis to believe a causal relationship between Taxotere use and CIPAL/ PCIA existed at least by 2006."  In other words, this is the evidence upon which Dr. Plunkett relies for her new opinion that Sanofi should have added language about PCIA to the adverse reactions section of the Taxotere label by 2006.[2]

Dr. Plunkett's "independent risk" and "substantial contributing factor" conclusions were excluded under this Court's prior Order because Dr. Plunkett did not conduct a general causation

---

[1]    Rec. Doc. 12739 (Opp. to Mot. to Exclude Expert Test. of Dr. Ross and Dr. Plunkett) at 12−13.

[2]    Rec. Doc. 12575-4 (Ex. C), Feb. 7, 2021 Plunkett Supplemental Rpt. at ¶ 95−96.

2

analysis and because those opinions invade the province of the jury.[3]  Plaintiff implies those problems are now irrelevant because Dr. Plunkett did not need to conduct a general causation analysis to render a labeling opinion.  Plaintiff misunderstands the issue.  This Court already ruled that Dr. Plunkett cannot tell the jury Taxotere carries an "independent risk" of PCIA.  Whether offered in support of a labeling opinion or in support of a toxicology opinion, Dr. Plunkett's conclusion remains inadmissible because she did not conduct an appropriate analysis to reach it.

The same is true of Dr. Plunkett's "substantial contributing factor" opinion—it continues to invade the province of the jury no matter how it is packaged.  Indeed, Dr. Ross, who offers an identical labeling conclusion as Dr. Plunkett, did not go so far as to say that Taxotere carries an "independent risk" of, or was a "substantial contributing factor" to, PCIA in women featured in the underlying studies.  If he had, those conclusions likewise would be subject to exclusion.[4]  Plaintiff fails to explain how Dr. Plunkett's new labeling opinion is properly founded when it is explicitly supported by conclusions this Court already excluded.

Nor does Plaintiff argue that Dr. Plunkett's new labeling opinion is supported by sufficient evidence even setting her "independent risk" and "substantial contributing factor" opinions to the side.  Plaintiff argues only that Dr. Plunkett bases her labeling opinion on "relevant evidence."[5]  That is insufficient to meet Plaintiff's burden of proving that Dr. Plunkett's new labeling opinion

---

[3] Rec. Doc. 11823 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

[4] Rec. Doc. 12575-2 (Ex. A), Feb. 8, 2021 Ross Rpt. at ¶¶ 27–28, 88a−f (relying on the same evidence as Dr. Plunkett but declining to conclude that the evidence shows that Taxotere carries an "independent risk" or was a "substantial contributing factor" to PCIA in the women in the underlying studies).

[5] Rec. Doc. 12739 (Opp. to Mot. to Exclude Expert Test. of Dr. Ross and Dr. Plunkett) at 13.

is admissible. *See Complete Logistical Servs., LLC v. Rulh*, 394 F. Supp. 3d 625, 636 (E.D. La. 2019) ("When the admissibility of expert testimony is challenged under *Daubert*, the proponent of the evidence bears the burden of proving that the testimony is reliable and relevant.") (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)); *see also In re Taxotere*, No. 16-2740, 2019 WL 4007783, at *2 (E.D. La. Aug. 23, 2019). Dr. Plunkett's new labeling opinion should be excluded in its entirety because it lacks an adequate foundation.[6]

## II.   PLAINTIFF FAILED TO ADDRESS SANOFI'S REMAINING ARGUMENTS.

Once Sanofi filed its motion challenging Dr. Plunkett's new labeling opinion, the burden switched to Plaintiff to prove that her opinion is admissible. *See Rulh*, 394 F. Supp. 3d at 636 ("When the admissibility of expert testimony is challenged under *Daubert*, the proponent of the evidence bears the burden of proving that the testimony is reliable and relevant.") (citing *Moore*, 151 F.3d at 276); *see also In re Taxotere*, 2019 WL 4007783, at *2. Yet, Plaintiff did not address Sanofi's argument that Dr. Plunkett's labeling opinion will not help the jury because it entirely duplicates Dr. Ross' new opinions. Plaintiff also failed to address Sanofi's argument that, because the jury is not permitted to hear testimony regarding Dr. Plunkett's previously excluded conclusions, Sanofi and the jury will be disadvantaged if Dr. Plunkett's new labeling opinion is nonetheless admitted. Sanofi would be unable to cross-examine Dr. Plunkett thoroughly regarding *all* bases for her labeling opinion, including those she admits were "important" to her ultimate conclusion but are inadmissible under the Court's prior order. Fed. R. Evid. 705 ("Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first

---

[6] *See* Rec. Doc. 11823 at 6−7 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett).

4

testifying to the underlying facts or data. *But the expert may be required to disclose those facts or data on cross-examination*.") (emphasis added).  Because the burden to prove admissibility rests with Plaintiff, Plaintiff's failure to address these arguments should result in exclusion of Dr. Plunkett's new opinion.

## CONCLUSION

For the reasons stated above, and in Sanofi's Motion, the Court should exclude Dr. Plunkett's supplemental labeling opinion.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*