UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Kahn v. sanofi-aventis, et al.*, No. 16-17039

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE UNTIMELY REPORT OF ELLEN CHANG, SC.D OR, IN THE ALTERNATIVE, TO EXCLUDE OPINIONS NOT OFFERED IN HER ORIGINAL REPORT**

MAY IT PLEASE THE COURT:

Plaintiff, Elizabeth Kahn, offers the following in reply to Sanofi's Opposition to Plaintiff's Motion to Strike the Untimely Report of Ellen Chang, Sc.D. or, in the Alternative, to Exclude Opinions Not Offered in Her Original Report:

**1. Dr. Chang offers no opinions to rebut the regulatory opinions of Plaintiff's experts Laura Plunkett, Ph.D. and David Ross, M.D.**

In the opening line of Sanofi's opposition to Plaintiff's present motion, it states "Dr. Chang's rebuttal report responds to the new labeling opinions submitted by Plaintiff's experts Dr. Ross and Dr. Plunkett."[1]  This, however, is a bold misstatement, and has no basis in truth.  In fact, Sanofi's statement is wrong. Dr. Chang's admissions speak most succinctly to this point:

> Q. And you don't attempt to directly address the regulatory opinions of Dr. Ross or Dr. Plunkett that were offered, correct?
>
> A. That's correct, except as they rely on Dr. Madigan's FAERS analysis.[2]

And,

> Q. You are not a regulatory expert, right?

---

[1] Doc. 12738.
[2] See Exhibit A, Depo. of E. Chang, 5/4/2021, 227:3-7.

1

> A. I am not a regulatory expert.[]
>
> Q. You're not familiar with the regulatory requirements for label changes, right?
>
> A. Correct.[3]

And,

> Q. You do not address regulatory requirements for labeling in your supplemental report?
>
> A. Correct.[4]

As set forth in Plaintiff's initial memorandum, it is abundantly clear that Dr. Chang's supplemental report is solely intended to provide a non-regulatory expert's renewed attack on Dr. Madigan's FAERS analysis that this Court has ruled on and rejected twice.[5]  Even assuming *arguendo* Sanofi's position on the appropriateness of revisiting the issue of signal *detection* in connection with the regulatory reports of Dr. Ross and Dr. Plunkett, Dr. Chang is not the expert to do so.  Again, it is Dr. Chang's own admissions that makes this point clearly:

> Q. Well, you don't do signal detection yourself, right?
>
> A. That's correct. I don't do signal detection. I do causation analysis.
>
> [. . .]
>
> Q. Well, let me see if I can ask a question and see if you can give me a simple answer to my simple question.  You do not do signal detection analyses, correct?
>
> A. Correct.
>
> Q You don't regularly utilize the FAERS database to do signal detection analyses, correct?

---

[3] Id. 219:21 – 220:9
[4] Id. 228:16-18
[5] *See* Doc 8094 at p. 9 and 12098 at p. 13.

    A.  That's correct.[6]

And,

    Q.  Okay. Are you qualified to do a signal detection analysis, doctor?

    A.  No. I don't do signal analysis. I don't do that . . .[7]

Perhaps most telling is Dr. Chang's response when questioned why she did not review evidence from internal Sanofi documents where Dr. Nanae Hangai concluded that 13 cases that predate the first quarter of 2008 met the company's definition of permanent alopecia. Dr. Chang candidly described the reason for failing to address this important point in her supplemental report: "my role here is to address Dr. Madigan's opinions."[8] She does not address the regulatory opinions of Dr. Plunkett or Dr. Ross, only Dr. Madigan's opinions. But even if it were appropriate to re-challenge Dr. Madigan's opinions, Dr. Chang is not the appropriate expert. Dr. Chang has no opinion on the methods used by Dr. Madigan for signal detection[9] She only does causation analyses. *See* footnote 6, and quoted text above.

  **2. Dr. Chang is not qualified to offer regulatory opinions.**

By her own admission, Dr. Chang is not qualified to do signal detection, and she concedes that her only role in offering a supplemental report is to address Dr. Madigan's FAERS signal detection opinion. Despite this rather direct admission, Sanofi opens its opposition by stating "Dr. Chang's rebuttal report responds to the new labeling opinions submitted by Plaintiff's experts Dr. Ross and Dr. Plunkett." But that is not what the expert says. She states that she offered her supplemental report to address Dr. Madigan's opinions. If there was any doubt whether Dr. Chang

---

[6] See Exhibit A, Depo. of E. Chang, 5/4/2021, 246:23 – 247:1; 247:13-20
[7] Id. 249:21-24
[8] Id. 242:17 – 243:4
[9] Id. 248:20-21

3

was attempting to offer opinions to counter Dr. Plunkett's and Dr. Ross' recently offered regulatory opinions, she unambiguously stated that she is *not* offering regulatory opinions. *See.* footnotes 2-4, and text quoted above. And that is a natural consequence of her admission that she is not a regulatory expert. *See* footnote 3. Dr. Chang's testimony is very clear on these critical points of fact. She is not a regulatory expert and offers no regulatory opinions.

She candidly admits that she knows nothing of regulatory requirements for labeling and offers no such opinion. *See* footnotes 3 and 4. She does not discuss the regulatory requirements for labeling in her report. *Id.*

Dr. Chang concludes in her report that "[Dr. Madigan's FAERS analysis] provide[s] no evidence to support a causal effect of docetaxel on permanent or irreversible alopecia."[10] But that opinion is irrelevant and does not address, nor offer countervailing evidence to oppose the *regulatory opinions* of Dr. Plunkett and Dr. Ross. As set out in Plaintiff's omnibus opposition to Sanofi's motions to exclude Plaintiff's experts, proof of causation is not necessary to trigger Sanofi's obligation to amend §6 of its Taxotere label. Sanofi's attempt to merge the two concepts (causation and the regulatory burden to require a label amendment) is simply trying to shift the Court's focus away from Sanofi's regulatory obligation to amend § 6 of the label as soon as there is "some basis to believe there is a causal relationship" to a heightened burden of proof of causation. But proof of causation is not required. Sadly for Sanofi, however, the expert it produced – Dr. Chang – is entirely unfamiliar with the relevant regulatory standard or the level of evidence necessary to trigger a label change.

Dr. Chang has no demonstrated expertise in the regulatory requirements for label changes, the evidence necessary to require a label change, and admits that she is not a regulatory expert.

---

[10] Ex. 1 to Plaintiff's Initial Memorandum, Chang Supplemental Report at 7, 4/26/2021.

Thus, she cannot be allowed to offer any regulatory opinions, including what qualifies as appropriate evidence for regulatory decision making. Further, because Dr. Chang candidly explained that her "role" was to address Dr. Madigan's opinions, and not to offer opinions to counter those offered by Dr. Plunkett and Dr. Ross, her report should be stricken in its entirety as untimely.

The evidence upon which she offers her supplemental opinions has been in her possession and subject to her review and conclusions for over two years. Sanofi fails to demonstrate any reliance upon the alleged "new evidence" by Plaintiff's experts. Neither Dr. Plunkett nor Dr. Ross relied upon the case reports that Sanofi uses in its attempt to manufacture an issue of causation; causation is irrelevant to Dr. Plunkett's and Dr. Ross' regulatory opinions. To the extent Sanofi seeks to elicit opinions from Dr. Chang further criticizing Dr. Madigan's FAERS analysis, the criticisms should have been included in her original report of April 17, 2020. It is telling that Dr. Chang previously devoted three sections of her initial report of April 16, 2020, to criticizing Dr. Madigan's various analyses, particularly his FAERS analysis, and she cites to his work extensively.[11] But Dr. Chang offers nothing to rebut the regulatory opinions of Dr. Plunkett and Dr. Ross.

## CONCLUSION

Wherefore, based upon Plaintiff's prior submission, and this reply, Plaintiff respectfully moves this Court to strike Dr. Chang's supplemental report and exclude any expert testimony from Dr. Chang concerning regulatory duties and obligations at the trial of this matter.

---

[11] *See* Exhibit 5 to Plaintiff's Initial Memorandum, Original Expert Report of Ellen Chang, 4/17/20, at pp. 34, 43, and 70. At p. 43 Dr. Chang addresses the very topic of her recent Supplemental Report in the section titled "Dr. Madigan's analyses of the FAERS and Sanofi global pharmacovigilance databases are not a valid scientific basis for evaluating the causation or incidence of irreversible or permanent alopecia among patients treated with docetaxel."

Dated: June 9, 2021                                    Respectfully submitted,

/s/ Christopher L. Coffin                              /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                         Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                       GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                        6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                           Los Angeles, California 90045
Phone: (504) 355-0086                                  Telephone: 510-350-9700
Fax: (504) 355-0089                                    Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                 kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                          *Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert                                   /s/Dawn M. Barrios
M. Palmer Lambert (#33228)                             Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                              BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                               701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                New Orleans, LA 70139
New Orleans, LA 70163-2800                             Phone: 504-524-3300
Phone: 504-522-2304                                    Fax: 504-524-3313
Fax: 504-528-9973                                      barrios@bkc-law.com
plambert@gainsben.com

                                                       *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                           Abby E. McClellan
Andrews Thornton Higgins Razmara, LLP                  Stueve Siegel Hanson LLP
2 Corporate Park, Suite 110                            460 Nichols Road, Suite 200
Irvine, CA 92606                                       Kansas City, MO 64112
Phone: (800) 664-1734                                  Phone: (816) 714-7100
aa@andrewsthornton.com                                 Fax: (816) 714-7101
                                                       mcclellan@stuevesiegel.com

J. Kyle Bachus                                         Karen Barth Menzies
Bachus & Schanker, LLC                                 Gibbs Law Group LLP
101 W Colfax Ave, Suite 650                            6701 Center Drive West, Suite 1400
Denver, CO 80202                                       Los Angeles, CA 90045 Phone:
Phone: (303) 222-2222                                  510-350-9700
Fax: (303) 893-9900                                    Fax: 510-350-9701
kyle.bachus@coloradolaw.net                            kbm@classlawgroup.com

Lawrence J. Centola, III                               David F. Miceli
Martzell, Bickford & Centola                           David F. Miceli, LLC

6

338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333

P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

andrew@lemmonlawfirm.com

| | |
|---|---|
| Daniel P. Markoff | Zachary Wool |
| Atkins & Markoff Law Firm | Barrios Kingsdorf & Casteix, LLP |
| 9211 Lake Hefner Parkway, Suite 104 | 701 Poydras Street, Suite 3650 |
| Oklahoma City, OK 73120 | New Orleans, LA 70139 |
| Phone: (405) 607-8757 | Phone: (504) 524-3300 |
| Fax: (405) 607-8749 | Fax: (504) 524-3313 |
| dmarkoff@amalaw.com | zwool@bkc-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT