UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Elizabeth Kahn*, Case No. 2:16-cv-17039

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF HEALTHCARE COSTS AND INSURANCE AS A COLLATERAL SOURCE**</u>
(Motion *in Limine* No. 2)

## I. INTRODUCTION

Plaintiff respectfully requests that this Court exclude any evidence of Plaintiff's healthcare costs and insurance payments as a collateral source. In *Earnest,* the Plaintiff filed an identical motion *in limine*.[1] Your Honor granted the relief requested with a narrow exception to permit "questions regarding financing of Plaintiff's experts."[2] As in *Earnest,* this Court should hold that collateral source evidence is irrelevant to Plaintiff's case and unfairly prejudicial. "The law is clear that the jury is not to be told about any collateral benefits a personal injury plaintiff may be receiving." *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1236 (5th Cir. 1986).

## II. ARGUMENT

Under Louisiana's collateral source rule,[3] payments received from an independent source will not be deducted from any award that an injured plaintiff would otherwise receive from the defendant. *See Louisiana Dep't of Transp. & Dev't v. Kansas City S. Ry.*, 846 So.2d 734, 739 (La.

---

[1] *See* Rec. Doc.7650.
[2] *See* Rec. Doc. 8206 at p. 5
[3] The collateral source rule originated in the common law and has been enforced in Louisiana courts. *See Bozeman v. State of Louisiana, Dept. of Transp.* ("*Bozeman*"), 03-1016 (La. 07-02-04) 879 So. 2d 692. In *Bozeman*, the Supreme Court noted that the Louisiana Legislature has declined to make any statutory changes to the collateral source doctrine. *Id.* Moreover, Louisiana courts have unanimously embraced the collateral source doctrine and have applied the doctrine in most instances. *Id.*

1

2003) (holding that "a tortfeasor may not benefit, and an injured party's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution"); *see also Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992); *Bellard v. Am. Cent. Ins. Co.*, 2007-1335 (La. 4/18/08), 980 So. 2d 654, 669; *Suhor v. Lagasse*, 770 So.2d 422, 423, (La. App. 4 Cir. 2000).

The public policy behind the collateral source doctrine ensures that payments from a collateral source do not exonerate the tortfeasor's debt to the victim. *Stanfield v. Island Operating Co.*, 2007 U.S. Dist. LEXIS 84722, *11 (E.D. La. 2007). The reason for excluding collateral source evidence derives from the preeminent concern that a juror's knowledge of collateral sources and receipt of such benefits will influence the overall determination of liability. *Joseph v. River Parishes Co., Inc.*, 2000 U.S. Dist. LEXIS 11788, *4 (E.D. La. 2000) (finding that the receipt of collateral benefits has such a prejudicial effect that courts cannot be assured the evidence does not play some role in a jury's determination of negligence). The collateral source rule is thus intended to ensure that the availability of outside sources of income does not diminish an injured party's recovery. *See Barrera v. E.I. DuPont De Nemours and Co., Inc.*, 653 F.2d 915, 920-21 (5th Cir. 1981); *Kadlec Med. Cent. V. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 9930, *2-3 (E.D. La. Mar. 14, 2006).

It is anticipated that Sanofi may attempt to introduce at trial evidence and/or testimony that Plaintiff has received benefits from a collateral source. It is well established, however, that payment by a collateral source, such as health insurance,[4] is inadmissible to mitigate damages. *See Singleton v. United States*, No. CV 19-2684, 2020 WL 6276912, at *1 (E.D. La. Oct. 7, 2020)

---

[4] If the benefit conferred on the injured party was established for that party by law, the collateral source rule applies. Restatement 2d Of Torts § 920A cmt. b (1979) ("The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him . . . it is the tortfeasor's responsibility to compensate for all harm that he causes, not confined to the net loss that the injured party receives.").

2

(granting plaintiff's motion to exclude collateral source payments); *Womack v. Travelers Insurance Co.*, 258 So.2d 562 (La.App. 1st Cir., 1972); *Coates v. AC AND S, Inc.*, 844 F.Supp. 1126 (E.D. La., 1994); *Surgi v. Otis Elevator Co.*, 541 So.2d 297, 300 (La.App. 5th Cir.1989); *Hall v. State, Department of Highways*, 213 So.2d 169, 175 (La. App. 3rd Cir.1968), *cert. denied*, 215 So.2d 128 (La.1968); *see also McKelroy v. Wood*, 2009 U.S. Dist. LEXIS 16305, *2 (N.D. Miss. Feb. 2, 2009) ("The collateral source rule prevents the defendant from using evidence that the plaintiff's medical bills were covered by insurance in order to argue to the jury that any damages awarded should be mitigated, or reduced, by the amount already paid for by the insurance company.").

Furthermore, the admission of evidence concerning Plaintiff's health insurance for an improper use is highly prejudicial against the Plaintiff. *See Joseph v. River Parishes Co.*, 2000 U.S. Dist. LEXIS 11788 *6 (E.D. La. August 9, 2000) (holding that receipt of collateral benefits has such a prejudicial effect that a court cannot be assured such evidence will not play a role in the jury's overall determination of negligence); *Bourque v. Diamond M. Drilling*, 623 F.2d 351, 354 (5th Cir. 1980) (explaining that "the collateral source rule bars both evidence directly bearing on damages and evidence which might be considered by the jury in assessing damages."); *Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 930 n.6 (5th Cir. 1992). Reference to receipt of collateral benefits will only serve as an unjust and improper attempt to mitigate a damages award. Plaintiff should not be penalized for having previously taken the precaution to purchase and maintain collateral sources of compensation. *See Cox Operating, L.L.C. v. Settoon Towing, LLC*, 2018 U.S. Dist. LEXIS 90726 *12-13 (E.D. La. May 31, 2018) (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994)); *Eichel v. New York Cent. R.*, 375 U.S. 253, 255 (1963) ("[P]etitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial

impact."); *Tipton v. Socony Mobil Oil*, 375 U.S. 34, 37 (1963) (holding that new trial was necessary due to admission of collateral source evidence).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her Motion *in limine* to exclude any evidence of Plaintiff's healthcare costs and insurance as a collateral source.

Dated: July 17, 2021                                        Respectfully submitted,

*/s/ Christopher L. Coffin*                                 */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                              Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                            GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                             6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                Los Angeles, California 90045
Phone: (504) 355-0086                                       Telephone: 510-350-9700
Fax: (504) 355-0089                                         Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                      kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                               *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                      */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                  Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                   BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                    701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                     New Orleans, LA 70139
New Orleans, LA 70163-2800                                  Phone: 504-524-3300
Phone: 504-522-2304                                         Fax: 504-524-3313
Fax: 504-528-9973                                           barrios@bkc-law.com
plambert@gainsben.com

                                                            *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

4

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@atkinsandmarkoff.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT