**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Elizabeth Kahn*, Case No. 2:16-cv-17039

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING "STEM CELL" STAINING
### (Motion *in Limine* No. #5)

Ms. Kahn anticipates that Defendants may improperly argue that "stem cell" staining is a necessary step in the diagnosis of permanent chemotherapy induced alopecia ("PCIA") and that her experts did not perform this step.  In *Earnest*, Plaintiff filed Rule 702 motions to exclude opinions from Sanofi's experts—Drs. Love, Shapiro, and Smart—that cytokeratin 15 or Ki-67 staining performed on Ms. Earnest's tissue has import for the diagnosis of PCIA.[1]  The Court ruled that Defendants' experts Drs. Shapiro and Smart can discuss the results of Ms. Earnest's stem cell staining but cannot reference it as part of "failed study."[2]  The Court then dismissed Ms. Earnest's Motion *in Limine* to Preclude Testimony and Evidence Regarding "Stem Cell" Staining as moot.[3]

Unlike in Ms. Earnest's case where stem cell staining was performed by Dr. Thompson, Ms. Kahn's tissue was not tested for the presence of stem cells through cytokeratin 15 or Ki-67 staining by either plaintiff's or defendant's experts.  Indeed, dermatopathologist Dr. Curtis Thompson explained that he did not perform cytokeratin 15 or Ki-67 staining on Ms. Kahn's tissue "[b]ecause those are research tools and I was simply asked to render my professional pathologic diagnosis on these."[4]  He further testified that his pathologic diagnosis of Ms. Kahn's PCIA "is

---

[1] *See* Rec. Docs. 7528 and 7322.
[2] *See* Rec. Docs. 8136 and 8133.
[3] *See* Rec. Doc. 8206.
[4] *See* Ex. 1, Dep. of Dr. Curtis Thompson, M.D., Sept. 23, 2020, at pp. 110:17-111:4.

still based on just basic H&E, hematoxylin-eosin stains" and "[w]e don't have a single molecular stain that aids in diagnostics."[5]   Accordingly, the exclusion of testimony and evidence regarding cytokeratin 15 or Ki-67 staining used for the diagnosis of PCIA is not only warranted under FRE 401 due to its unreliability as previously urged in *Earnest* but also necessary due its irrelevancy here when Ms. Kahn's tissue was not tested for the presence of stem cells.

The cytokeratin 15 and Ki-67 staining previously performed on Ms. Earnest's tissue by Dr. Thompson was "for research" and "an investigational project."[6]   Both parties' dermatopathology experts admit that such staining is neither necessary nor regularly performed to diagnosis PCIA. In fact, Dr. Thompson has explained that while a "negative" (unreactive) result to a cytokeratin 15 or Ki-67 stain would suggest no follicular stem cell is present, a "positive" (reactive) cytokeratin 15 or Ki-67 stain tells us very little because the stains react to a broader set of cells than just follicular stem cells.  Specifically, cytokeratin 15 stains other cells besides follicular stem cells, and Ki-67 will react to any cell (including non-stem cells) that is growing, or even antigens in a dead cell.[7]   Thus, while Ms. Kahn's expert, Dr. Feigal, may discuss stem cell damage in relation to general causation (specifically, biologic plausibility), the cytokeratin 15 and Ki-67 staining is not a reliable method to support specific causation.  Rather, the principal method used to make a pathologic diagnosis of PCIA is the H&E stain, which was performed by Dr. Thompson and reviewed by Dr. Smart.[8]

---

[5] *Id.* at p. 111:4-7. Dr. Antonella Tosti did not ask Dr. Thompson to perform "stem cell testing" on Ms. Kahn's tissue. *See also* Ex. 2, Dep. of Dr. Antonella Tosti, M.D., Sept. 29, 2020, at p. 100:2-4.
[6] *See* Ex. 3, Dep. of Curtis Thompson, M.D., Feb. 26, 2019, at p. 328:11-16; *see also* Ex. 4, Dep. of Curtis Thompson, M.D., April 3, 2019, at p. 399:9-18.
[7] *See* Ex. 4 at pp. 398:2-401:3.
[8] *See* Ex. 5, Expert Report of Curtis Thompson, M.D., Sept. 15, 2020; *see also* Ex. 6, Expert Report of Dr. Chandra N. Smart, Oct. 9, 2020.

Sanofi's experts have agreed (or professed ignorance) on the unreliability of cytokeratin 15 and Ki-67 stains.[9]  Further, "there's no established evidence in the literature to state whether or not [. . .] the stem cells being present or absent have anything to do with PCIA."[10]  This is why Dr. Smart did not conduct or suggest any staining of Ms. Earnest's or Ms. Kahn's scalp tissue—"if it's not proven in the literature, doing the stains wouldn't really add or, you know, subtract from my initial H&E diagnosis."[11]  Dr. Smart also testified that she does not plan to offer an opinion that Dr. Thompson did anything wrong by not performing the cytokeratin 15 or Ki-67 staining on Ms. Kahn's tissue and that she does not hold an opinion that such staining has anything to do with an appropriate histopathology investigation for PCIA.[12]  As such, Defendants should be precluded from arguing through expert testimony or evidence that "stem cell" staining would be meaningful to Ms. Kahn's PCIA diagnosis or that Ms. Kahn's proof of specific causation is deficient for lack of "stem cell" staining. Allowing such irrelevant testimony would be unduly confusing to the jury and would carry no probative value in relation to the significant prejudice to Ms. Kahn.

By the admission of Sanofi's own experts, whether or not Ms. Kahn's scalp tissue would be reactive with cytokeratin 15 or Ki-67 has no "tendency to make it more or less probable" that she has PCIA and is irrelevant and excludable under FRE 401.  In the alternative, if relevant at all, this evidence is so minimally probative on the issue of specific causation that the risk of

---

[9] *See* Ex. 7, Dep. of Chandra N. Smart, M.D., May 23, 2019, at p. 172:2-7 (unreliability of cytokeratin 15), and p. 182:15-18 ("Ki 67 is not a reliable marker for stem cells.  It just tells you whether or not cells that are present, whatever cells they are, are proliferating."); *see also* Ex. 8, Dep. of Chandra M. Smart, M.D., Oct. 19, 2020, at pp. 71:10-72:6 (cytokeratin 15 and Ki-67 stains are not specific to follicular stem cells), and pp. 72:12-73:2 ("Q. … So using these stem cells does not help you make a determination of whether or not what you see on a pathology slide is or is not indicative of PCIA, … right? A. That's correct, because the mechanism hasn't been worked out…[a]nd there…are no definitive histologic findings."); *see also* Ex. 9, Dep of Jerry Shapiro, M.D., May 19, 2019, at pp. 211:17-218:20.
[10] *See* Ex. 7 at pp. 159:14-21, 160:17-161:3 (Dr. Smart searched for and found no literature on a connection between these stains and PCIA); *see also* Ex. 8 at p. 75:7-15 (Dr. Smart did not find literature on a connection between these stains and PCIA during her updating literature search).
[11] *See* Ex. 7 at pp. 155:12 – 156:4.
[12] *See* Ex. 8 at pp. 74:12-23, 76:9-15. Dr. Smart further testified that Section G of her expert report on "stem cell" staining has no impact on her opinions that she intends to offer at trial.  *Id.* at pp. 74:24-75:5.

misleading the jury far outweighs any reason for allowing it.  If Sanofi argues that Ms. Kahn's experts disregarded stem cell testing, Ms. Kahn would then need to spend significant time and effort explaining the cytokeratin 15 and Ki-67 staining and its unreliability to the jury.  Surely such a trial within a trial on stem cell pathology is unwarranted when no expert relies upon it in offering any opinions in Ms. Kahn's case.

For these reasons, Plaintiff respectfully requests that this Court preclude counsel for Defendants and all witnesses from introducing any evidence, testimony, or argument relating to "stem cell" staining as a part of a dermatology or dermatopathology investigation of the diagnosis of PCIA.

Dated: June 17, 2021

Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

4

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT

6