# EXHIBIT 2

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*******************************************************************

IN RE:   TAXOTERE (DOCETAXEL)        Docket No. 16-MD-2740
PRODUCTS LIABILITY LITIGATION        Section H
                                     New Orleans, LA
Relates to:  Barbara Earnest         Thursday, September 26, 2019
             16-CV-17144

*******************************************************************

                   TRANSCRIPT OF TRIAL PROCEEDINGS
            HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                     UNITED STATES DISTRICT JUDGE
                       DAY 9, MORNING SESSION
```

APPEARANCES:

```
FOR THE PLAINTIFF:             BACHUS & SCHANKER, LLC
                               BY:  DARIN L. SCHANKER, ESQ.
                                    J. KYLE BACHUS, ESQ.
                               1899 Wynkoop St., Suite 700
                               Denver, CO 80202

                               FLEMING NOLEN & JEZ
                               BY:  RAND P. NOLEN, ESQ.
                               2800 Post Oak Blvd., Suite 4000
                               Houston, TX 77056

                               GIBBS LAW GROUP, LLP
                               BY:  KAREN B. MENZIES, ESQ.
                               6701 Center Drive West, 14th Floor
                               Los Angeles, CA 90045

                               DAVID F. MICELI, LLC
                               BY:  DAVID F. MICELI, ESQ.
                               P.O. Box 2519
                               Carrollton, GA 30112-0046

                               PENDLEY BAUDIN & COFFIN
                               BY:  CHRISTOPHER L. COFFIN, ESQ.
                               2505 Energy Centre
                               1100 Poydras St.
                               New Orleans, LA 70163
```

1   have driven long distances, back and forth every day, to be here
2   with us to help us settle this dispute.  And that means a lot to
3   us.  We understand that you all have your own lives, your own
4   families and things to do.  But you have come forward to serve as
5   jurors in this case, and we appreciate that very, very much.
6           And we've also paid close attention to you, seeing you
7   pay close attention to the evidence.  And that's something that's
8   been incredibly important in this case, ladies and gentlemen.  And
9   it told us, it told me, Jon, Doug, that you took your job
10  seriously.  So thank you again very, very much for all of that.
11          Now, as you know, this is my last opportunity to get a
12  chance to speak with you.  And we've heard a lot of evidence over
13  the past two weeks, so let me just say this at the outset:
14  Everybody is very thankful that Mrs. Earnest is alive today, living
15  cancer-free eight years removed from that day in 2011 when she
16  learned that she had Grade II invasive breast cancer.  Mrs. Earnest
17  is a breast cancer survivor.  There is no question about that.  And
18  she is a testament to the fact that her treatment worked.  And it
19  continues, ladies and gentlemen, to work today.
20          Now, let me also say this at the outset.  Of course
21  everybody wishes that Mrs. Earnest had had more of her hair grow
22  back, and it is unfortunate that that hasn't happened.  But as you
23  have heard many, many times since the first day of trial in this
24  courtroom, when it comes to chemotherapy, including the risk of
25  hair loss, there simply are no risk-free options.

```
11:06:40   1   come up here and ask you for $12 million.  And I have to respond to
11:06:45   2   that.  I just simply have to.  How did Mr. Schanker come up with
11:06:53   3   that number?  Is it any different than me coming up here and
11:06:56   4   telling you, "Well, just give Mrs. Earnest $100,000?"  Is it any
11:07:03   5   different than that?  Did he just pull the number out of thin air?
11:07:10   6             The plaintiff has the burden in this case on all of the
11:07:14   7   causes of action, including damages.  Ladies and gentlemen, they
11:07:18   8   have to prove to you by the weight of the evidence every single
11:07:22   9   dollar that they ask you for.  So ask yourself, is there any
11:07:28  10   evidence in this case to support the number of $12 million that
11:07:33  11   Mr. Schanker just asked you for?  What would justify such a huge
11:07:39  12   number based upon the evidence you heard in this trial, ladies and
11:07:42  13   gentlemen?  How do you get to $1 million in a case like this,
11:07:45  14   ladies and gentlemen, let alone 12 million?  The number defies
11:07:50  15   common sense.
11:07:54  16             Mrs. Earnest was 60 years old when she was diagnosed with
11:07:58  17   Stage II invasive breast cancer.  Eight years later, today, she is
11:08:04  18   alive and cancer free thanks in part to Taxotere.  And maybe
11:08:09  19   Mr. Schanker wants to trivialize that or minimize it.  I don't
11:08:14  20   think you should.  I don't think Mrs. Earnest does.  It means
11:08:19  21   something.  She received a benefit like no other.  It's the gift of
11:08:28  22   life.  It's time with her husband.  They have a happy marriage.
11:08:32  23   You heard that.  She had two grandbabies born since she was
11:08:36  24   diagnosed, and you know she loves them.  We don't question that.
11:08:48  25             Ladies and gentlemen, should Mrs. Earnest be handed over
```

11:08:52  1   millions of dollars where the evidence has proven that a Taxotere
11:08:59  2   regimen gave her the best chance to survive and the best chance to
11:09:02  3   prevent her cancer from coming back and the best chance -- don't
11:09:05  4   leave this part out -- to minimize potentially serious
11:09:13  5   consequences?  Hair loss isn't the only risk.  It's just the only
11:09:15  6   one they want to talk about.
11:09:20  7              Given the evidence that you've heard in this case, ladies
11:09:23  8   and gentlemen, we don't believe any money damages are appropriate.
11:09:27  9   But if you get this far, we would ask you, please, just use your
11:09:32 10   commonsense.  Use your every day life experiences in deciding how
11:09:38 11   much money would be appropriate to compensate Mrs. Earnest, and
11:09:42 12   please consider the value of the benefit that you believe Taxotere
11:09:45 13   gave her.
11:09:50 14              Now, ladies and gentlemen, I am going to go and sit down
11:09:53 15   in a moment, and plaintiff's counsel is going to get another
11:09:59 16   opportunity to come up here and talk with you.  They get the
11:10:02 17   advantage of going first and going last.  It's because they have
11:10:05 18   the burden of proof.  So that's what the law says that they get.
11:10:09 19              I don't know what Mr. Schanker is going to say, but I am
11:10:12 20   pretty sure he is going to say some things that are very critical
11:10:16 21   of Sanofi.  I ask you, please, that as you listen to what he is
11:10:20 22   saying to you, ask yourself, what does this have to do with the
11:10:24 23   decision made by Dr. Carinder that he stood by today -- stands by
11:10:31 24   today in this courtroom?
11:10:37 25              Ladies and gentlemen, we very, very much appreciate the