# EXHIBIT D

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

****************************************************************
IN RE:  TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                    Civil Action No. 16-MD-2740
                    Section "H"(5)
                    New Orleans, Louisiana
                    September 5, 2019

THIS DOCUMENT RELATES TO ALL CASES
****************************************************************

              TRANSCRIPT OF MOTION HEARING
         HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:
                    DAWN BARRIOS
                    BARRIOS KINGSDORF & CASTEIX
                    701 POYDRAS STREET
                    SUITE 3650
                    NEW ORLEANS, LA 70139

                    MATTHEW PALMER LAMBERT
                    GAINSBURGH BENJAMIN DAVID MEUNIER
                    & WARSHAUER
                    1100 POYDRAS STREET
                    SUITE 2800
                    NEW ORLEANS, LA 70163

                    DARIN SCHANKER
                    BACHUS & SCHANKER
                    1899 WYNKOOP STREET
                    SUITE 700
                    DENVER, CO 80202

                    CHRISTOPHER COFFIN
                    PENDLEY BAUDIN & COFFIN
                    1515 POYDRAS STREET
                    NEW ORLEANS, LA 70112

                    OFFICIAL TRANSCRIPT
                         Page 1
```

```
                    KAREN BARTH MENZIES
                    GIBBS LAW GROUP
                    400 CONTINENTAL BOULEVARD
                    EL SUGUNDO, CA 90245

                    DAVID F. MICELI
                    SIMMONS HANLY CONROY
                    ONE COURT STREET
                    ALTON, IL 62002

                    RAND NOLEN
                    FLEMING NOLEN & JEZ
                    2800 POST OAK BOULEVARD
                    SUITE 4000
                    HOUSTON, TEXAS 77056

                    ANDRE MURA
                    GIBBS LAW GROUP, LLP
                    505 14TH STREET
                    SUITE 1110.
                    OAKLAND, CA 94612

APPEARANCES CONTINUED
FOR SANOFI S.A.:

                    HARLEY V. RATLIFF
                    SHOOK HARDY & BACON
                    2555 GRAND BOULEVARD
                    KANSAS CITY, MS 64108

                    HILDE SASTRE.
                    SHOOK HARDY & BACON
                    CITIGROUP CENTER
                    201 S. BISCAYNE BOULEVARD
                    SUITE 3200
                    MIAMI, FL 33131

                    DOUGLAS MOORE
                    IRWIN FRITCHIE URQUHART & MOORE
                    400 POYDRAS STREET
                    SUITE 2700
                    NEW ORLEANS, LA 70130

                    JON STRONGMAN
                    SHOOK, HARDY & BACON
                    1155 F STREET NW, SUITE 200
                    WASHINGTON, DC  20004

                    OFFICIAL TRANSCRIPT
                         Page 2
```

```
FOR HOSPIRA, INC.; HOSPIRA WORLDWIDE, LLC,
FORMERLY DOING BUSINESS AS HOSPIRA WORLDWIDE, INC.,
AND PFIZER, INC.:

                    JOHN F. OLINDE
                    CHAFFE MCCALL
                    1100 POYDRAS STREET
                    SUITE 2300
                    NEW ORLEANS, LA 70163


Official Court Reporter:    Nichelle N. Drake, RPR, CRR
                            500 Poydras Street, B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7775

   Proceedings recorded by mechanical stenography,
transcript produced via computer.




                    OFFICIAL TRANSCRIPT
                         Page 3
```

```
 1                    P R O C E E D I N G S
 2              (Call to order of the court.)
01:00:09PM  3        THE DEPUTY CLERK:  Court's in session.  You may be
01:00:10PM  4   seated.
01:00:11PM  5        THE COURT:  How are we going to do this?  Do you have
01:00:17PM  6   the list of who's arguing what?
01:00:19PM  7        MR. MOORE:  We're still working on that filling that
01:00:21PM  8   out.  It didn't exactly line up with our list.  We had them
01:00:23PM  9   listed differently.  So we're trying to pair the docket
01:00:29PM 10   numbers.
01:00:29PM 11        THE COURT:  All right.  Well, ya'll want to give me a
01:00:31PM 12   list of which order because I made them in this order in my
01:00:35PM 13   scribbly notes.
01:00:37PM 14        MR. MOORE:  We can take them in whatever order Your
01:00:41PM 15   Honor requests.  We had sent an e-mail to Sam that outlines
01:00:46PM 16   the ones that we wanted -- okay.  You have that?
01:00:47PM 17        THE COURT:  That's my order.
01:00:49PM 18        MR. MOORE:  That's our order as well.
01:00:55PM 19        MR. SCHANKER:  I'm not sure if -- and it probably
01:00:58PM 20   doesn't matter.  Excuse me.  Darin Schanker.  Nice to see
01:01:02PM 21   you.  I don't have a copy of that e-mail.  If you want us to
01:01:05PM 22   be kind of -- make sure that we have --
01:01:07PM 23        THE COURT:  Why don't you all get together, and I'll
01:01:10PM 24   let you get it together and then.
           25        Erin, what do you have?
                    OFFICIAL TRANSCRIPT
                         Page 4
```

agreed that the fact -- whatever her status of neuropathy is today is irrelevant, that that evidence is in no way relevant, we know that Dr. -- Dr. Miletello --

THE COURT: I think I talked about that last time. Or did I talk about this last time?

Mr. MOORE: Seems like a long time ago.

MR. SCHANKER: Yes. Only yesterday.

THE COURT: I'm glad we're taking two minutes per --

MR. SCHANKER: Yes. And just a point of clarification, Your Honor, just the natural extension of your order is that it's irrelevant, the fact or lack of the neuropathy that she suffers from today because that in no way goes to the prescribing decision that would have been made.

THE COURT: I think that's making hindsight calls.

MS. SASTRE: Well, that's what they do, Judge. That's what this whole --

THE COURT: Well --

MS. SASTRE: Their whole case is Monday morning quarterback. Right? Their experts are basically going to say, you know what, if she had taken taxol, she'd have a lot more hair today. That's basically what this whole case is about. And the whole case is Monday morning quarter back. If Dr. Carinder had known something that he supposedly didn't know, and if Ms. Earnest had known something that she supposedly did something that -- that she didn't know --

THE COURT: I think the issue is --

MS. SASTRE: They would have done something different --

THE COURT: I think the issue is -- I don't know how to make it clearer. I'm really struggling with this. I think it's any time it's a failure-to-warn case, and in this circumstance, it's got to be what information was known at that time. If this information was known at that time, would changes have been made, and not having that information, she chose this path and did this path cause her hair loss.

MS. SASTRE: Sure. I agree with that, Your Honor. The only clarification, the only reason I stood up was that plaintiff's experts are going to talk about at length for two weeks the risks of Taxotere compared to the risks of taxol. And as Your Honor had said, look, Ms. Earnest has been questioned about if she was presented with an alternative, she said, "Look, I'd have to know about that other drug, right?" I understand what the ruling is, but our experts likewise, Judge, should be entitled to talk about the risks of these medications. The whole case is not just about one risk. These are medications with significant risks and we're talking about a doctor that's trying to save someone's life and make the right prescribing decision. I understand the question is what he would do if he had supposedly some information he didn't know that he needed to tell her more,

right? And I guess, again, we'll have to see what their conversation is. And what she would have done if she had that information. But the rest of it, as you have said, "Well, what else would he have told you about the medication?" Our experts can't be handcuffed and not able to talk about any of the risks of taxol and we only talk about taxol in the context of hair loss.

THE COURT: What I'm not going to allow your expert to say is she suffered neuropathy -- there is a significant risk of neuropathy with taxol because she suffers from neuropathy now after taking Taxotere certainly it would have been worse. I'm not going to -- because that's -- that's taking a step that's not relevant to this case. And you're saying -- are you not understanding?

MS. SASTRE: I do. And I'm fine with your ruling --

THE COURT: I don't know. I don't know very frankly and we're going to have to have this conversation when this quick oral argument is done. That's tongue in cheek.

MS. SASTRE: I got it. I was smiling.

THE COURT: Good. When this oral argument is done as to what Miletello and Glaspy are going to say, I have not seen those reports. What I will not allow them to say is that her neuropathy would have been so much worse because, look, she has it with Taxotere because that's something nobody would have had that conversation with. They would

have talked about taxol. Now, I think you need to table the rest of your conversation because I think I'm going to have to have -- to see the reports.

MS. SASTRE: Sure. I think what you're saying is that it would be speculative for someone to say that and I just have two things very quickly to say. Our experts would say that that would be based upon their training, their experience, their education. They have an ability to say, listen, if this was a patient, I can't read the future. Right? No one in this case is a fortunate teller, but I can tell you within a reasonable degree of medical certainty that this condition with taxol would have been worse.

And let me give you the flip side --

THE COURT: I'm not going to allow you to do that.

MS. SASTRE: But the flip side of the coin, Your Honor, is they're going to line up expert after expert and they are going to say if she had taken taxol she would have more hair than she has today. You talk about reading the future? That's something that nobody should be allowed to testify to and it's the exact flip side of this coin, Judge. It's no different. That is Monday morning quarter-backing, just as much. It should be goose-gander, Your Honor.

THE COURT: 7659, this is Motion *in Limine* Excluding Improper Arguments or Suggestions Regarding FDA Approval.

MR. MURA: Good afternoon, Andre Mura.