UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Elizabeth Kahn, Case No. 2:16-cv-17039*

---

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE REGARDING SANOFI'S CORPORATE CHARACTER AND GOOD ACTS
(Motion *in Limine* No. 1)**

---

## I.  INTRODUCTION

Plaintiff respectfully requests that this Court preclude Sanofi counsel and all of its witnesses from mentioning, discussing, commenting on, referring to, or attempting to introduce testimony or evidence about Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as the general public good resulting from the use of its pharmaceuticals. Alternatively, if Sanofi is permitted to introduce evidence of its "good" character, then Plaintiff requests that the Court allow Plaintiff to introduce evidence of Sanofi's "bad" character.

## II.  ARGUMENT

Evidence related to Sanofi's character and good acts are both irrelevant to Plaintiff's case and its introduction will cause unfair prejudice to Plaintiff if Sanofi raises them in the presence of the jury or potential jurors. An order *in limine* preluding counsel from introducing this type of evidence in the presence of the jury is both necessary and appropriate. Plaintiff requests an order like that which this Court granted in *In re Vioxx Prod. Liab. Litig.*, No. MDL 1657, 2005 WL

1

3164251, at *1 (E.D. La. Nov. 18, 2005) (granting motion to "exclude any evidence or testimony as to the Defendant's good reputation and/or other good acts"); *see also In re Vioxx Prod. Liab. Litig.*, No. MDL NO. 1657, 2006 WL 344997, at *1 (E.D. La. Feb. 6, 2006) (reaffirming grant of motion to exclude evidence or discussion concerning defendant's reputation and/or "good acts").

Before the *Earnest* trial, this Court deferred ruling on a similar motion *in limine* due to vagueness.[1] Accordingly, in this motion, Ms. Kahn identifies the evidence and argument with specificity that she seeks to exclude. Specifically, Ms. Kahn requests that the Court preclude evidence or argument related to such items as the following:

- Sanofi's contributions to the development of COVID-19 vaccine candidates and its collaboration with GlaxoSmithKline and/or any other partners in the development, production, or distribution of COVID-19 treatments;

- past and/or planned charitable activities, including sponsorships, medical education, fellowships, and donations;

- success stories of other pharmaceuticals and treatments; in particular, any evidence framing of Sanofi's general product line, unrelated to Taxotere, as life-saving;

- reference to Sanofi as a "job creator", for example, the number of jobs created by Sanofi's building of new manufacturing facilities;

- any awards and recognitions, which bear no relation to Sanofi's marketing of Taxotere, such as Sanofi's 100% rating on the Human Rights Campaign's Corporate Equality Index or Sanofi's U.S. Commerce Department's United States Patent and Trademark Office-granted Patents for Humanity;

- the Planet Mobilization program and Sanofi's efforts to minimize the environmental impacts of its business through its environmental sustainability initiatives; and

- Sanofi's research in genomic medicine and gene therapy, investments in research and development unrelated to Taxotere, and any other science and innovation efforts introduced to cast Sanofi and its product line as "cutting edge".

---

[1] Rec. Doc. 8206, at p. 5

Each of the above items is irrelevant to Plaintiff's case whose introduction into evidence would unfairly bias the jury.

      **A.**      **Pursuant to Rule 404, evidence of corporate good character is not admissible.**

Rule 404 prohibits the use of evidence of a person's character, character trait, or other acts to prove conduct in conformity therewith on a particular occasion. Fed. R. Evid. 404(a)(1), (b)(1). A "defendant will not be permitted to prove a pertinent character trait by offering evidence of specific instances of good conduct", and thus it should be excluded on that basis. *U.S. v. Crockett*, 586 F. Supp. 2d 877, 884 (E.D. Mich. 2008). The reason for this rule is that the tendency of character evidence to create unfair prejudice, particularly with a jury, outweighs any circumstantial relevance such evidence might have. Fed. R. Evid. 404, comment. The Fifth Circuit has applied Fed. R. Evid. 404 to disallow evidence pertaining to the character of corporations. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018) ("The district court allowed these repeated references to Hussein and the DPA because defendants had supposedly 'opened the door' by eliciting testimony on their corporate culture and marketing practices.") (applying Rule 404 to exclude corporate character evidence and reversing the district court and ordering a new trial for the district court's "serious evidentiary errors").

Plaintiff anticipates that Sanofi may attempt to argue or suggest to potential jurors or the jury during trial that it is a "good" company with a "good" reputation that benefits society by making drugs that save people's lives, or by making charitable contributions, or engaging in other acts benefitting the world or community. The only conceivable purpose for such evidence that Defendant is a "good company" is to create the impression with the jury that this "good company" is incapable – or at least unlikely – to make harmful products or irresponsible

decisions. This is precisely the sort of propensity evidence that is explicitly barred by Rule 404(a)(1) and is therefore inadmissible.

**B.     Pursuant to Rules 401 and 402, evidence of good acts is irrelevant and thus inadmissible.**

Assuming *arguendo* that Rule 404 does not apply, such evidence is irrelevant and thus inadmissible under Rules 401 and 402. Specifically, Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. It is axiomatic that all relevant evidence is generally admissible, while evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Here, evidence regarding the alleged good acts and corporate character of Sanofi, including that it develops lifesaving drugs is irrelevant to any fact of consequence in determining this case. Therefore, under Rules 401 and 402, such evidence should be deemed irrelevant and inadmissible at trial.

**C.     Pursuant to Rule 403, evidence of good acts is unfairly prejudicial.**

Even if the evidence is relevant, the Court should use its discretion to exclude it if its prejudicial impact outweighs its probative value. Rule 403 provides this familiar balancing test: "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Id*.

Again, Plaintiff anticipates that Defendant may attempt to portray itself to the jury as a "good" company with a "good" reputation that is simply incapable of making harmful products

4

or irresponsible decisions. This is precisely the sort of evidence that would be unfairly prejudicial to Plaintiff by swaying the jury on an emotional, and improper, basis. Indeed, this Court should not permit evidence or argument that could encourage a jury to nullify or reduce a verdict simply because the jury has adoration or respect for the Defendant. Therefore, such evidence should be barred as unfairly prejudicial under Rule 403.

**D.     If this Court permits evidence or argument of Sanofi's "good acts", Plaintiff should be able to introduce rebuttal evidence of Sanofi's "bad acts".**

Alternatively, if this Court determines that Rule 404(a) does not bar Sanofi's alleged "good acts," then Rule 404(b) does not bar rebuttal evidence of Sanofi's "bad acts." If Sanofi introduces evidence generally to establish its good corporate reputation, Plaintiff should be able to use contrary evidence to show the jury the "bad acts," "bad reputation," and substantial harms that other products and actions have wrought on consumers. Sanofi's "bad acts" include the following:

- In 2017, Sanofi's vaccine for dengue – a disease that afflicts hundreds of millions of people around the world and had been used in 830,000 school children in the Philippines – was suspended after an investigation revealed that Sanofi discounted early warnings that its vaccine could actually put some people at heightened risk of the disease.

- From 2010 to 2015, Sanofi (one of the world's leading insulin suppliers) raised the price of Lantus, an insulin product, by 168%. The FDA reported that millions of patients with diabetes, unable to afford the high-priced insulin, were forced to ration their insulin, while others died without the insulin they needed to survive.

- In 2012, Sanofi reached an agreement with the Justice Department and several states to pay over $100 million to settle claims that it engaged in illegal kickbacks by giving doctors free samples of their arthritis drug to encourage them to prescribe the medication to patients that is typically covered by federal Medicare and Medicaid insurance programs, thus forcing taxpayers to foot the bill for the medication that would have not otherwise been prescribed.

- In 2014, Sanofi was involved in a scheme violating federal law by funneling more than $30 million in kickbacks and other incentives to induce hospitals, doctors,

- and retail pharmacy chains to purchase and prescribe the company's diabetes drug.

- In 2009, Sanofi took a cloak-and-dagger approach in laying off nearly a thousand employees by wishing them a happy Thanksgiving, and then informing them that they should stay home the following Monday and await a phone call indicating whether their job was safe or gone.

This is not a comprehensive history of the actions taken by Sanofi but serves as examples of the "bad acts" and "bad reputation" evidence that Plaintiff should be able to introduce in rebuttal if this Court lets Sanofi present evidence of its "good acts" and "good reputation."

## CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that the Court preclude evidence about Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as any general public good resulting from its manufacture of pharmaceuticals. Alternatively, if the Court permits Sanofi to introduce evidence of its "good" character, Plaintiff requests permission to offer evidence of Sanofi's "bad" character.

Dated: June 17, 2021                                                  Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300

Phone: 504-522-2304  
Fax: 504-528-9973  
plambert@gainsben.com  

*Plaintiffs' Co-Liaison Counsel*

Fax: 504-524-3313  
barrios@bkc-law.com  

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews  
Andrews Thornton Higgins Razmara, LLP  
2 Corporate Park, Suite 110  
Irvine, CA 92606  
Phone: (800) 664-1734  
aa@andrewsthornton.com  

Abby E. McClellan  
Stueve Siegel Hanson LLP  
460 Nichols Road, Suite 200  
Kansas City, MO 64112  
Phone: (816) 714-7100  
Fax: (816) 714-7101  
mcclellan@stuevesiegel.com  

J. Kyle Bachus  
Bachus & Schanker, LLC  
101 W Colfax Ave, Suite 650  
Denver, CO 80202  
Phone: (303) 222-2222  
Fax: (303) 893-9900  
kyle.bachus@coloradolaw.net  

Karen Barth Menzies  
Gibbs Law Group LLP  
6701 Center Drive West, Suite 1400  
Los Angeles, CA 90045 Phone:  
510-350-9700  
Fax: 510-350-9701  
kbm@classlawgroup.com  

Lawrence J. Centola, III  
Martzell, Bickford & Centola  
338 Lafayette Street  
New Orleans, LA 70130  
Phone: (504) 581-9065  
Fax: (504) 581-7635  
lcentola@mbfirm.com  

David F. Miceli  
David F. Miceli, LLC  
P.O. Box 2519  
Carrollton, GA 30112  
Phone: (404) 915-8886  
dmiceli@miceli-law.com  

Christopher L. Coffin  
Pendley, Baudin & Coffin, L.L.P.  
1100 Poydras Street, Suite 2225  
New Orleans, Louisiana 70163  
Phone: (504) 355-0086  
Fax: (504) 355-0089  
ccoffin@pbclawfirm.com  

Andre M. Mura  
Gibbs Law Group LLP  
505 14th Street Suite 1110  
Oakland, CA 94612  
Phone: (510) 350-9717  
Fax: (510) 350-9701  
amm@classlawgroup.com  

Alexander G. Dwyer  
Kirkendall Dwyer LLP  
440 Louisiana, Suite 1901  
Houston, TX 77002  

Rand P. Nolen  
Fleming, Nolen & Jez, L.L.P.  
2800 Post Oak Blvd., Suite 4000  
Houston, TX 77056

Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                */s/ M. Palmer Lambert*
                                                M. PALMER LAMBERT