UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Elizabeth Kahn, Case No. 2:16-cv-17039*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
CONCERNING THE AMERICAN CANCER SOCIETY BREAST CANCER
DICTIONARY
(Motion *in Limine* No. 19)**

**I.　　INTRODUCTION**

　　Plaintiff expects Sanofi to advance at trial the statement that alopecia is defined by the American Cancer Society as "hair loss, which may include eyebrows, eyelashes, and even pubic hair. This often happens as a result of chemotherapy or from radiation therapy to the head. In most people, the hair grows back after treatment ends."[1] The Court excluded this testimony in the *Earnest* trial as Sanofi did not establish a proper foundation. The Court should again preclude this testimony, and the evidence on which it is based, for several reasons.

　　First, the argument has no foundation in admissible evidence, as it is based on rank hearsay, as explained below. Second, assuming the hearsay hurdle could be overcome, Sanofi would still need to present testimony to establish that the document is reliable authority, which it cannot do. Third, this evidence is more prejudicial than probative and would confuse the jury as the definition of alopecia is not at issue in this case.

---

[1] Rec. Doc. 8247-2, at 5.

1

**II.     ARGUMENT**

The source material for Sanofi's assertion appears in a purported "breast cancer dictionary" by the American Cancer Society. This out of court statement is clearly hearsay and cannot be admitted at trial to prove the subject matter of the statement. Sanofi should be barred from eliciting testimony regarding the American Cancer Society's definition of alopecia, as any such testimony without proper foundation and authentication is inadmissible hearsay for which there is no exception.

To the extent that Sanofi claims the document falls within the learned treatise exception to Fed. R. Evid. 803 (18), it is wrong. Federal Rule of Evidence 803(18) excludes from hearsay, learned treatises. The rule states:

> A statement contained in a treatise, periodical, or pamphlet if:
>
> (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
>
> (B) the publication is **established as a reliable authority** by the expert's admission or testimony, by another expert's testimony, or by judicial notice.
>
> If admitted, the statement may be read into evidence but not received as an exhibit.

Fed. R. Evid. 803(18) (emphasis added). Rule 803(18) explicitly requires that to qualify under the learned treatise exception, a proper foundation as to the authoritativeness of the statements must be laid by an expert witness.

In *Dartez v. Fibreboard Corp.*, 765 F.2d 456 (5th Cir. 1985), the Fifth Circuit applied this rule and held that the admission of several medical articles in an asbestos exposure case was improper. The court explained that "[t]he reason for the Rule's restrictions on the use of learned treatises is to avoid the possibility that the jury will misunderstand and misapply the technical

language within such an article if they are allowed to consider the publication itself instead of receiving the information through testimony of an expert in the field." *Id*. at 465 (citing Fed. R. Evid. 803(18) advisory committee note). Moreover, "[l]earned treatises are considered trustworthy because 'they are written primarily for *professionals* and are subject to scrutiny and exposure for inaccuracy, with the reputation of the writer at stake.'" *Schneider v. Revici*, 817 F.2d 987, 991 (2d Cir. 1987) (emphasis added) (citing Fed. R. Evid. 803(18) advisory committee note).

The American Cancer Society document is obviously intended for laypersons and is not a "treatise" that serves as a resource for professionals. In the *Earnest* trial, Dr. Kessler testified that while the American Cancer Society provides information to the public, the hand-out "looks like it's meant for – it looks like a very useful document for the layperson."[2] Dr. Kessler further testified that he was "not sure any breast oncologist would rely on" the hand-out.[3]

There is no other applicable hearsay exception or exemption. No expert witness in this case relies on the American Cancer Society Breast Cancer Dictionary. Further, Sanofi has "not tendered any evidence to show that this article is so authoritative that it warrants judicial notice—an *exceptionally high bar* as it requires that the source's 'accuracy cannot reasonably be questioned.'" *Spears v. U.S.*, 2014 WL 3513203, at *5 (W.D. Tex. July 14, 2014) (emphasis added) (citing Fed. R. Evid. 201). Because this document is not unquestionably an authoritative document, it would not be proper for the Court to take judicial notice of its reliability. *See Hemingway v. Ochsner Clinic*, 608 F.2d 1040, 1047 (5th Cir. 1979) ("the trial court correctly ruled that [the text] could not be recognized by judicial notice, since it had been written by registered nurses"). As such,

---

[2] Ex. A, September 17, 2019 *Earnest* Trial Tr. At 410:20-411:12, 435:21-436:7, 437:2-4, 7-12.
[3] *Id*. at 437:12-13.

there is no foundation for its admission, and it cannot be deemed reliable. *See Schneider*, 817 F.2d at 991; *see also Baker v. Barnhart*, 457 F.3d 882, 891 (8th Cir. 2006).

Exclusion is also warranted because the American Cancer Society Breast Cancer Dictionary is not relevant and is otherwise confusing, misleading, and unduly prejudicial. And even if the document could be minimally relevant, it should nevertheless be excluded because it is unfairly prejudicial, confusing and misleading. Fed. R. Evid. 403. The American Cancer Society's definition of alopecia is not at issue in this case. Rather, the fundamental issue in this case is whether Sanofi warned of the risk of permanent alopecia associated with Taxotere. The jury should not be misled into thinking otherwise.

In light of above, Sanofi should be precluded from introducing into evidence any statements from the American Cancer Society Breast Cancer Dictionary.

### III. CONCLUSION

For the foregoing reasons, the Court should preclude Sanofi from presenting evidence from the American Cancer Society's Breast Cancer Dictionary.

Dated: June 17, 2021                                    Respectfully submitted,

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |
| 1100 Poydras Street, Suite 2225 | 6701 Center Drive West, Suite 1400 |
| New Orleans, Louisiana 70163 | Los Angeles, California 90045 |
| Phone: (504) 355-0086 | Telephone: 510-350-9700 |
| Fax: (504) 355-0089 | Facsimile: 510-350-9701 |
| ccoffin@pbclawfirm.com | kbm@classlawgroup.com |
| | |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |
| | |
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN DAVID | BARRIOS, KINGSDORF & CASTEIX, LLP |
| MEUNIER & WARSHAUER, LLC | 701 Poydras Street, Suite 3650 |

2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.

5

440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

              */s/ M. Palmer Lambert*
              M. PALMER LAMBERT