UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO

Elizabeth Kahn, Case No. 2:16-cv-17039

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY AND ARGUMENT REGARDING
PLAINTIFF'S COUNSEL'S ADVERTISEMENTS**
**(Motion *in Limine* No. 4)**

## I.    INTRODUCTION

Plaintiff respectfully requests that this Court preclude counsel for Sanofi and all witnesses from commenting on, referring to, attempting to introduce testimony or argument, or introducing testimony or argument about Plaintiff's counsel's advertisements. Plaintiff filed a very similar Motion *in Limine* in *Earnest*. Rec. Doc. 7645.  Your Honor granted it in part and denied in part, holding "(t)he Court will allow such testimony as it relates to Earnest only." Rec. Doc. 8206.  As in *Earnest*, Ms. Kahn requests that the Court prohibit Sanofi from commenting on, referring to or attempting to introduce any evidence or argument on Plaintiff's counsel's advertisement, except as relates directly to Ms. Kahn.

Specifically, Plaintiff requests an order excluding any testimony or argument about: (1) Plaintiff's counsel's advertisements, websites, public appearances, or other representations related to Taxotere; or (2) whether Plaintiff's counsel's advertisements, websites, public appearances, or other representations may have caused a spike in adverse event reporting related to Taxotere.

1

For the convenience of the Court to review plaintiff's arguments, Ms. Kahn advances them below.

## II.    ARGUMENT

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Here, applying Rule 401 and 402, such evidence is irrelevant as it is wholly unrelated and has no bearing on any fact of consequence in determining this case.

Even if the court determines such evidence to be relevant, the evidence should nonetheless be excluded because its prejudicial impact outweighs any possible probative value. Under Rule 403, "the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Id*.

Plaintiff anticipates that Sanofi may attempt to alienate the jury by converting the trial into a referendum on the lawful practices of Plaintiff's attorneys, while suggesting to the jury that these types of advertisements are harmful and persuade persons to go off their medication or cause a spike in Taxotere adverse events. Any remarks suggesting that this case (or litigation) was generated or profoundly affected by lawyers' advertisements, and any other comments concerning lawyer involvement, are inflammatory and represent an improper attempt to mislead and prejudice the jury. The introduction of such testimony and argument has no probative value because it is based on a false premise and is substantially and unfairly prejudicial.

Indeed, evidence about counsel's advertising efforts or websites, including the purported effects of plaintiffs' counsel's advertising, has commonly been barred in litigation. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op., at 2-3 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 06-cv-485, slip op., at ¶ 3(n) (E.D. La. Nov. 18, 2011) (citing Rule 401 in precluding "[a]ny reference that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media itself"); *Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., at ¶ 3(n) (E.D. La. Nov. 22, 2006) (citing Rules 401 and 403 in precluding "[a]ny comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media"); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) ("As to plaintiff's counsel's advertising efforts, this subject too is irrelevant. And evidence as to it would serve potentially, to alienate the jury, by converting the trial into a referendum on lawful practices by plaintiffs' counsel."); *Esquivel v. Johnson & Johnson*, July Term 2010, No. 1322, slip op., at ¶ F (Phila. Com. Pl. Ct. May 1, 2013) (precluding evidence about or references to "[a]ny advertisements or websites by attorneys"); *Doherty v. Merck & Co., Inc.*, No. ATL-L-638-05, slip op., at ¶ y (N.J. Super. Ct. June 1, 2006) (same, but without citing a rule); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op., at ¶ y (N.J. Super. Ct. Mar. 28, 2006) (same).

### III. CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that the Court rule as it did on the *Earnest* motion *in limine* and preclude Sanofi counsel from commenting on, referring to, attempting to, or introducing testimony or argument about: (1) Plaintiff's counsel's advertisements, websites, public appearances, or other representations related

to Taxotere; or (2) whether Plaintiff's counsel's advertisements, websites, public appearances, or other representations may have caused a spike in adverse events and/or adverse event reporting related to Taxotere.

Dated: June 17, 2021

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

4

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Phone: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

| | |
|---|---|
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@amalaw.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS