UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)             MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY AND ARGUMENT REGARDING THE PERSONAL
USE OF TAXOTERE OR OTHER CANCER DRUGS BY ANY DEFENDANT
EMPLOYEE WITNESS, EXPERT WITNESS, ATTORNEY, AND/OR FAMILY
MEMBER, OR THEIR PERSONAL EXPERIENCES WITH CANCER**
(Motion *in Limine* No. 6)

---

**I. INTRODUCTION**

Plaintiff respectfully requests that this Court preclude counsel for Sanofi from introducing any evidence, testimony, or argument relating to the personal use of Taxotere or other cancer drugs by Sanofi's employees, former employees, experts, attorneys, and their family members, or any of these parties' personal experiences with cancer. The intent of introducing such evidence is as obvious as it is impermissible—to invite the jury to attach improper weight to the experiences of a select few individuals who took Taxotere and did not suffer permanent hair loss, thus calling Plaintiff's injuries into question and unfairly suggesting that their anecdotal experiences demonstrate product safety. Such evidence would mislead the jury to conclude that Taxotere is safe since Sanofi's own employees' family members, for example, took the drug.

In the alternative, should the Court allow introduction of any such evidence, Plaintiff requests that for those individuals, the Court requires Defendant to disclose their medical records.

1

*See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2780760, at *1 (E.D. La. May 26, 2017) (sustaining plaintiff's motion *in limine* "to Preclude Testimony and Argument About the Personal Use of Anticoagulants Including Xarelto by Defendants' Experts, Employees, and/or Family Members, or, in the Alternative, to Compel the Production of Relevant Medical Records and/or Medical Authorizations").

## II.    ARGUMENT

### A.    Sanofi should not be able to introduce evidence about witnesses' personal use of Taxotere.

Plaintiff anticipates that Sanofi may attempt to use its employee witnesses to introduce their personal experiences with Taxotere and/or other cancer drugs to suggest to the jury that Plaintiff's claim is unfounded and without merit, while boasting that Taxotere is safe. Such anecdotal personal use evidence lacks relevance and would cause unfair prejudice, especially when coming from past or present employees. *See In re Tylenol (Acetaminophen) Mktg.*, 2016 WL 3125428, at *4 (E.D. Pa. 2016) ("Testimony by employees of the defendants about whether they personally take Tylenol is of little relevance to this case. However, the prejudice that such testimony may cause substantially outweighs any probative value it may have"); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391, at *22 (S.D. Ill. Dec. 22, 2011). ("This type of anecdotal evidence is either not relevant or is marginally relevant at best depending on one's point of view. The disputed evidence is not probative of the issues at hand. That employees are loyal to the brand label is neither surprising nor probative of the issues at bar.").[1]

---

[1] *See also In re Pelvic Mesh Litig.*, Mar. Term, 2014, CCP, Phila, No. 5384 (Mar. 17, 2017) (granting plaintiff's motion *in limine* to exclude testimony regarding specific personal experiences of defendant employees or experts regarding use of transvaginal mesh); *Humeston v. Merck & Co., Inc.*, No. ATL-L-2272-03, slip op. at 2-3 (Sup. Ct. N.J. 2005) (holding that evidence linking defendant's employees to Vioxx was more prejudicial than probative and must be excluded).

2

> **B.     Sanofi should not be able to introduce evidence about family members' personal use of Taxotere and other cancer drugs.**

As this Court and others have found, the evidentiary exclusion should extend past Sanofi's past and present employees and include their family members. *See Dedrick v. Merck & Co. (In re Vioxx)*, 2:05-md-01657, slip op., at ¶ 5 (E.D. La. Nov. 22, 2006) (excluding "any evidence, discussion, or argument that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market"); *In re Vioxx Prod. Liab. Litig.*, No. MDL 1657, 2005 WL 3164251, at *1 (E.D. La. Nov. 18, 2005) (granting motion to exclude "[a]ny comment or personal anecdote from any witness or lawyer for the Defendant that they or a family member has used Vioxx"); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., at ¶¶ 3(m), 7 (E.D. La. 2011) (finding that this evidence is generally not admissible since it is of no relevance).[2]

For similar reasons, Sanofi should also be precluded from introducing "personal use" witness evidence that the witness took a different cancer drug and suffered permanent hair loss, suggesting that Taxotere is not the only cancer drug to cause permanent alopecia. Such evidence would be misleading to the jury as Sanofi has not established that other cancer drugs cause permanent alopecia to a reasonable degree of medical certainty, and the introduction of select individual cases would falsely suggest that it does.

In this same regard, Plaintiff anticipates that Sanofi may attempt to introduce witness testimony concerning their personal experiences with cancer, including those experiences of

---

[2] *See also In re Fosamax Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 6631 (S.D. Ill. Jan. 15, 2013) (granting motion *in limine* precluding defendant from introducing evidence of its employees, or employees' families' exposure to Fosamax); *McCarrell v. Hoffman-LaRoche, Inc. and Roche Labs., Inc.*, 2007 WL 6875810 (2007) ATL-L-1951-03-MT (N.J. Law Div. Apr. 17, 2007) (Higbee, J.) (excluding evidence that witnesses, experts, or Plaintiff's family/friends personally used Accutane because it would be "more prejudicial than probative").

3

family members and loved ones, in order to distract the jury from the facts of Plaintiff's case, interjecting facts not at issue, and appealing to jurors on an emotional and improper basis. The introduction of such testimony and argument has no probative value and is substantially and unfairly prejudicial to Plaintiff.

      **C.**      <u>**In the alternative, any testimony offered about an individual's personal use of and experience with Taxotere must be preceded by disclosure of that individual's medical records.**</u>

If, however, the Court allows evidence of personal use of Taxotere or other cancer drugs and related personal experiences with cancer for Sanofi employees and/or employees' family members, Plaintiff should be provided appropriate medical authorizations and records for these individuals and should likewise be allowed to conduct thorough and complete discovery of these individuals' medical histories for purposes of meaningful cross-examination at trial. This District Court sustained a similar motion *in limine*, prohibiting any witnesses from discussing a family member's use of Xarelto, unless the witness first produced "all the medical records of that family member to allow for cross examination." *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.* ("*Xarelto*"), No. MDL 2592, 2017 WL 2780760, at *2 (E.D. La. May 26, 2017). As Judge Fallon explained:

> Each person who takes Xarelto is different, and the circumstances are different. In fairness, there ought to be some testing of the specific circumstances of that person if the Defendants wish to bring up this issue at trial. Accordingly, Defendants will not be permitted to elicit information about a witness' family member taking Xarelto without producing their medical records.

Otherwise, Plaintiff would have no way to verify or test the veracity of the testimony or understand the medical context surrounding these other individuals' personal use of or experience with Taxotere or cancer. An appellate court recently cited the *Xarelto* decision in an opinion reversing and remanding the matter for a new trial after it found that the trial court abused its discretion by allowing such testimony from a witness:

4

> Here, the trial court unduly prejudiced Cynthia's case against J&J. It allowed J&J to elicit irrelevant personal and family use testimony from its witness, Dr. Hopkins. His irrelevant testimony gave rise to an unnecessary distraction by putting the medical histories of those individuals at issue. Further compounding its error, the trial court then effectively shielded Dr. Hopkins' testimony by precluding Cynthia from examining the medical histories of the individuals implicated in Dr. Hopkins' testimony. . . .

*Hayes v. Colgate-Palmolive Co.*, No. 2019-CA-1343-MR, 2021 WL 298377, at *7 (Ky. Ct. App. Jan. 29, 2021) (citing *Xarelto*). While Plaintiff requests that the Court grant the motion to preclude introduction of such anecdotal, prejudicial evidence, if Defendant is able to introduce it either generally or through a witness, preparation for cross-examination will require access to medical records and any other disclosures made necessary by the testimony.

### III. CONCLUSION

For the foregoing reasons, and in the interests of justice and a fair trial, Plaintiff respectfully requests that Sanofi be precluded from introducing any evidence, testimony, or argument relating to Sanofi's current or former employees, and their relatives' personal use of Taxotere or other cancer drugs, or their personal experiences with cancer.

Dated: June 17, 2021                                      Respectfully submitted,

*/s/ Christopher L. Coffin*                               */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                            Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                          GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                           6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                              Los Angeles, California 90045
Phone: (504) 355-0086                                     Telephone: 510-350-9700
Fax: (504) 355-0089                                       Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                    kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                             *Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN DAVID | BARRIOS, KINGSDORF & CASTEIX, LLP |
| MEUNIER & WARSHAUER, LLC | 701 Poydras Street, Suite 3650 |
| 2800 Energy Centre, 1100 Poydras Street | New Orleans, LA 70139 |
| New Orleans, LA 70163-2800 | Phone: 504-524-3300 |
| Phone: 504-522-2304 | Fax: 504-524-3313 |
| Fax: 504-528-9973 | barrios@bkc-law.com |
| plambert@gainsben.com | |
| | *Plaintiffs' Co-Liaison Counsel* |
| *Plaintiffs' Co-Liaison Counsel* | |

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

6

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS