UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Elizabeth Kahn*, Case No. 2:16-cv-17039

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE UNSUPPORTED STATEMENTS FROM
COUNSEL IN OPENING AND CLOSING STATEMENTS
(Motion *in Limine* No. 16)**

Ms. Kahn anticipates that Defendants may make improper and unsupported statements to the jury about Sanofi's hindsight interpretation of the words "generally grows back," "alopecia" and "hair loss" in its warnings for Taxotere prior to Ms. Kahn's use of Taxotere.

In her opening statement in the Earnest trial, Ms. Sastre stated:

> Now, what's the third key piece of evidence in this case, ladies and gentlemen? The Taxotere label has always warned of the risk of hair loss. Taxotere was first approved by the FDA in 1996 to treat certain cancers, and here you can see the label for Taxotere from 2004. And the reason I'm sharing the 2004 label with you is because this is the label that went into effect when Taxotere was approved by the FDA to treat the type of breast cancer that Mrs. Earnest had.
>
> And you can see here, ladies and gentlemen, with your own eyes, what that label said. "Hair loss. Loss of hair occurs in most patients taking Taxotere." And then importantly, "Hair loss will begin after the first few treatments and varies from patient to patient. Once you have completed all your treatments, hair generally grows back."
>
> So here you're reading the FDA approved label for Taxotere, and it says, "Hair generally grows back." The Taxotere label never said short-term hair loss. It never said reversible hair loss. It says, "Hair generally grows back." And the evidence will show that that means usually or most of the time, not always.
>
> Now, here's the 2010 label, and I'm showing you this label because this was the label in effect when Dr. Carinder prescribed Taxotere to Mrs. Earnest. This is also FDA approved. It talks about alopecia

1

> and hair loss 13 different times in 13 different places throughout the label. And it didn't say short term or reversible either.
>
> Now, the word "alopecia," you've heard a little bit about it, but I just want to spend a moment on it. It's a medical term, and it's a medical term for hair loss. And it's in the label, ladies and gentlemen, because the label is a document that goes to physicians. So, of course, you would expect that you're going to see words like "alopecia" or medical terminology in the label.[1]

Likewise, in her closing statement, Ms. Sastre argued as follows:

> …you don't need a two-week long trial with a bunch of doctors or experts or lawyers or anyone coming in here to tell you what does the word "generally" mean. I mean, it has an agreed-upon meaning in our language. There are many witnesses who used the word while they testified during the court of trial, and all of the experts agreed that "generally" means "usually" or "most of the time." And you know that. You know that. Hair grows back usually. That's the warning Dr. Carinder read in 1999.[2]
>
> So here is what Dr. Carinder read in 1999. Hair generally grows back. He told you exactly what that means. He said it means "most of the time." That was consistent with his experience. Two patients in his whole career. And don't forget Taxotere was his go-to drug. Is the warning adequate? Of course. Of course it is. And the experts agree, Dr. Kessler agrees. What does "generally" mean? It doesn't mean all the time. Dr. Carinder told you the same thing. And as I said, you don't need a bunch of lawyers and doctors telling you what that word means, for heaven's sake.[3]
>
> As we mentioned, it has over 13 different references to alopecia and hair loss. It never says, "temporary" or "short-term." But the question in this case is whether Sanofi adequately warned Dr. Carinder, and we cannot be at fault for him not reading a label since 1999. This label has nothing to do with this case. The case of Barbara Earnest. What did plaintiff's expert tell you "alopecia" means? Hair loss. That's what they told you. Is that an adequate warning? Did it say anywhere that it was short-term or temporary? It never did.[4]

---

[1] Ex. 1, Rec. Doc. #8404, *Earnest* Trial Transcript, 09/16/2019, at pp. 197:8-198:15.
[2] Ex. 2, Rec. Doc. #8421, *Earnest* Trial Transcript, 09/26/2019, at pp. 2192:7-16.
[3] *Id*. at pp. 2207:19-2208:4.
[4] *Id*. at p. 2208:13-31.

What is so problematic with these statements is that they were some of the first and last words spoken by Sanofi's counsel, to the jury, and are specifically contradicted by the evidence and testimony of Sanofi's corporate witnesses.

Sanofi's associate director for regulatory affairs for oncology, Linda Gustavson, admitted in deposition testimony that:

> Q. "Hair loss will begin after the first few treatments and varies from patient to patient. Once you've completed all of your treatments, hair generally grows back." Do you see that?
>
> A. I see that.
>
> Q. Okay. Now, earlier in your testimony today we talked about – you mentioned alopecia and said that there was no -- there's no durational warning, correct?
>
> A. Correct.[5]

Sanofi's senior manager of U.S. regulatory affairs for marketed products, including Taxotere, Frances Polizzano, confirmed that Sanofi's patient information pamphlet stated: "What is alopecia? It is a common, yet temporary side effect of some cancer medicines."[6] Then, the pamphlet elaborates: "If you lose your hair, it will usually grow back after the treatment is over, but it may grow back while you're still having treatment." The document goes on to tell patients "When my hair grows back." Dr. Polizzano indicated it was difficult for her to answer questions about what the company was representing to patients. Sanofi's representations do address duration; they informed patients alopecia was a "common, yet temporary, condition."

Jean-Philippe Aussel, a long-time clinical trials manager involved in the very early clinical trials of Taxotere, confirmed that the original label language ("hair generally grows back") did not

---

[5] Ex. 3, Dep. of Linda Gustavson, Ph.D., 5/3/2018, at p. 359:18-21.
[6] Ex. 4, Dep. of Frances Polizzano, PharmD, 2/28/2018, at pp. 416:12-420:24; *see also* Ex. 23 to Dep. of Polizzano, 2/28/2018, Patient Information Pamphlet, identified as Ex. 5 herein.

intend to include a warning of permanent hair loss.[7] He explained that this is because when the phrase was originally placed in the label, the company had only studied Taxotere in patients with metastatic breast cancer, and there was no long term follow-up.[8] And as a result, through a review of patient and physician targeted documents using the same phrase – "hair generally grows back" – Mr. Aussel agreed that even as late as 2006 the term alopecia, and hair generally grows back, is clearly intended to mean reversible hair loss.[9] And he also agrees that there is nothing in the Sanofi labels reviewed during his deposition that say anything about permanent alopecia.[10]

    Sanofi's Associate Vice President of Medical Information Services, the department that handled unsolicited inquiries from healthcare providers and individuals, confirmed this understanding as well. Leslie Fierro joined Sanofi in 2000 to lead the Medical Information Services Department, remaining in her position until 2014.[11] Ms. Fierro confirmed in her deposition that she understands today that Taxotere can cause permanent hair loss.[12] She also confirmed that when she began her tenure in the Medical Information Services department, she read and familiarized herself with the Taxotere label, and at that time, she did not have an understanding based upon her reading of the label that Taxotere could cause permanent hair loss.[13] Importantly, Ms. Fierro was the head of the department charged with providing medical information and fielding questions from healthcare providers and consumers.

---

[7] Ex. 6, Dep. of Jean-Philippe Aussel, 10/11/2018, at p. 123:18-21 ("Q. There's nothing in the label that says anything about permanent alopecia, is there? A. Correct.").
[8] *Id.* at pp. 39:4 – 40:4.
[9] *Id.* at pp. 107:8 – 108:23, 122:25 – 123:7, 125:9-22 (Mr. Aussel repeatedly agrees that "hair generally grows back" refers to reversible hair loss.)
[10] *Id.* at p. 123:18-21 (Mr. Aussel was shown labels, patient leaflets, and Sanofi clinical trial informed consent forms from 1996, 2005 and 2006, all of which contain the identical language of "hair generally grows back," and/or the related language describing alopecia as a reversible adverse event.).
[11] Ex. 7, Dep. of Leslie Fierro, 1/17/2019, at pp. 13:10 – 15:7
[12] *Id.* at. pp. 89:22 – 90:1.
[13] *Id.* at pp. 93:24 – 94:14.

4

Sanofi's counsel cannot improperly recharacterize the Taxotere labeling and represent that it included a warning for permanent alopecia when Sanofi's employees confirm that it did not. Sanofi's counsel is simply offering her own testimony to replace that of the company employees. Such a misrepresentation must be excluded as unsupported and contradicted by the facts and admissions by Sanofi's employees. If allowed, these statements would only mislead and confuse the jury.

This Court should limit Sanofi's counsel's argument to the actual evidence, and reasonable inferences that can be drawn from the evidence. As the Fifth Circuit has long held, "[i]n general, an attorney may not inject into his argument any extrinsic or prejudicial matter that has no basis in the evidence." *US v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978). This rule applies to all cases and all parties: "This is the law in civil suits as well as in criminal suits and for a plaintiff's attorney as well as for a defendant's attorney." *Id*. Counsel's arguments should be confined to facts that can be proven, or that have been demonstrated to have some basis in the facts of the case.

Sanofi's admissions are direct and to the point, and counsel cannot argue otherwise. Accordingly, federal courts routinely bar commentary by counsel about possible facts that the parties have not demonstrated by evidence. *See Stollings v. Ryobi Techs.*, 725 F.3d 753, 761 (7th Cir. 2013) ("[N]o admissible evidence supported the argument."); *Thompson v. Chicago*, 722 F.3d 963, 979 (7th Cir. 2013). (Defense counsel's closing statement that misstated the evidence and misled jury). For these reasons, Plaintiff respectfully requests that this Court preclude counsel for Defendants from making unsupported statements that its labeling always warned of permanency as a potential side effect.

Alternatively, if the Court will allow counsel to make such claims, Plaintiff must be allowed to introduce testimony and documents that post-date Ms. Kahn's use of Taxotere, but

which documents and testimony confirm Sanofi's interpretation of the pre-2008 labeling did not include a warning of permanent alopecia.[14]

| | |
|---|---|
| Dated: June 17, 2021 | Respectfully submitted, |
| /s/ Christopher L. Coffin<br>Christopher L. Coffin (#27902)<br>PENDLEY, BAUDIN & COFFIN, L.L.P.<br>1100 Poydras Street, Suite 2225<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com<br><br>*Plaintiffs' Co-Lead Counsel* | /s/ Karen B. Menzies<br>Karen Barth Menzies (CA Bar #180234)<br>GIBBS LAW GROUP LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>Telephone: 510-350-9700<br>Facsimile: 510-350-9701<br>kbm@classlawgroup.com<br><br>*Plaintiffs' Co-Lead Counsel* |
| /s/M. Palmer Lambert<br>M. Palmer Lambert (#33228)<br>GAINSBURGH BENJAMIN DAVID<br>MEUNIER & WARSHAUER, LLC<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: 504-522-2304<br>Fax: 504-528-9973<br>plambert@gainsben.com<br><br>*Plaintiffs' Co-Liaison Counsel* | /s/Dawn M. Barrios<br>Dawn M. Barrios (#2821)<br>BARRIOS, KINGSDORF & CASTEIX, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: 504-524-3300<br>Fax: 504-524-3313<br>barrios@bkc-law.com<br><br>*Plaintiffs' Co-Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Anne Andrews<br>Andrews Thornton Higgins Razmara, LLP<br>2 Corporate Park, Suite 110<br>Irvine, CA 92606<br>Phone: (800) 664-1734<br>aa@andrewsthornton.com | Abby E. McClellan<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Phone: (816) 714-7100<br>Fax: (816) 714-7101<br>mcclellan@stuevesiegel.com |

---

[14] E.g., Ex. 8, Dep. of Emanuel Palatinsky, M.D., 8/10/2018, at pp. 399:19-408:19 and Exs. 23 and 24 from Dep. of Palatinsky, 8/10/2018, which are cited within Ex. 8 and identified as Ex. 9 herein; *see also* Ex. 4 at pp. 132:9-134:21 and Ex. 5 from Dep. of Polizzano, 2/28/18, which is cited within Ex. 4 and identified as Ex. 10 herein.

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT