UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)           MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
Elizabeth Kahn, Case No. 2:16-cv-17039

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
*IN LIMINE* TO PRECLUDE ANY COMMENT OR ARGUMENT
CONCERNING THE COMPARATIVE FAULT OF HER TREATING
PHYSICIANS AND MISUSE OF TAXOTERE
(Motion *in Limine* No. 18)**

---

**I. INTRODUCTION**

Plaintiff respectfully requests that this Court preclude Sanofi and all of its witnesses from mentioning, discussing, commenting on, referring to, or attempting to introduce testimony or evidence that Plaintiff, Elizabeth Kahn's, treating physicians were negligent in any way, or that Taxotere was used improperly.

Ms. Kahn previously filed Plaintiff's Motion for Partial Summary Judgment on the Comparative Fault of her Treating Physicians and Misuse of Taxotere, raising identical arguments. Rec. Doc. 10915. The Court denied the motion and stated that "Plaintiff may instead file a motion in limine at the appropriate time, and in that context, the Court will consider whether to exclude the testimony at issue." Rec. Doc. 11782. This is Plaintiff's motion *in limine* filing.

Given Sanofi's asserted affirmative defenses of third party liability and product misuse, Plaintiff anticipates that Sanofi will attempt to elicit testimony at trial that Plaintiff, Elizabeth Kahn's, treating physicians were comparatively at fault or misused Taxotere in their treatment of

Plaintiff. The Court should exclude this testimony and evidence upon which it is based in this trial for the following reasons.

First, the treatment provided to Plaintiff did not deviate from the standard of care. Second, Plaintiff's treating physicians prescribed Taxotere in accordance with accepted prescribing practices.

## II. ARGUMENT

### A. The breast cancer treatment provided to Plaintiff did not deviate from the applicable standard of care

Louisiana law requires a party asserting the affirmative defense of comparative fault to prove, by a preponderance of the evidence, that the fault of another "was a cause-in-fact of the damage being complained about." *Dupree v. City of New Orleans*, 765 So.2d 1002, n. 13 (La. 2000); and *Barnes v. Quinlan*, 2002 WL 31375606, *2 (E.D. La. Oct. 22. 2002). Sanofi asserts a number of affirmative defenses in the Master Answer that allege comparative fault on the part of some phantom, third party or which could be construed to assert such a defense, including Affirmative Defenses 15, 19, 21, 26, 27, 44, and 91. (Master Answer, Rec. No. 961, Affirmative Defenses 15, 19, 21, 26, 27, 44, and 91 at pp. 74, 76, 77-78, 82 & 93.) The allegations are not specific enough for Plaintiff to determine to whom they apply, but, to the extent that any affirmative defense is based upon the comparative fault of Plaintiff's treating physicians the defense lacks the necessary evidentiary support and any testimony concerning same should be prohibited.

Proof of a physician's negligence requires proof by a preponderance of evidence of the applicable standard of care, breach of the standard of care, and the causal connection between the breach and the injury. *Schultz v. Guoth*, 57 So.3d 1002, 1006 (La. 2011.); and *See Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The general rule is that expert testimony

is required to establish the elements of a medical malpractice claim unless the negligence is obvious. *Schultz*, 57 So.3d at 1006-1007; *See Cleveland*, 457 F.3d at 403-404.  Here, Sanofi has made no showing of any breach of the standard of care, let alone a causal connection between such a breach and Plaintiff's injury.

Plaintiff was diagnosed with breast cancer in April of 2008 and began treating with Carl Kardinal, M.D. on April 22, 2008.[1] Dr. Kardinal recommended that Plaintiff enroll in the NSABP B-40 clinical trial because the clinical trial was the standard of care or better.[2] Plaintiff agreed to participate in the NSABP B-40 clinical trial and received a chemotherapy regimen including Taxotere from May 29, 2008, through July 31, 2008.[3] Zoe L. Larned, M.D. began treating Plaintiff in June of 2008 but did not prescribe or discuss the risks and benefits of Taxotere as her chemotherapy regimen was already in place.[4]

Sanofi has presented no evidence of the controlling standard of care, that a Plaintiff's treating physicians breached that standard of care, or that such a breach proximately caused her injuries. In fact, Sanofi's own experts, John A. Glaspy, M.D. and Gerald P. Miletello, M.D., are practicing oncologists and have testified categorically and without question that there was no breach of the standard of care associated with the diagnosis, care, or treatment of Plaintiff. Dr. Glaspy's opinion is that Plaintiff's treating physicians provided the appropriate breast cancer treatment and did not commit medical malpractice:

> Q. Okay. So no opinions about malpractice, right?
> A. Well, actually I have an opinion about malpractice. I don't think it occurred.[5]

---

[1] Ex. 1, Medical Records of Carl Kardinal, M.D. at p. 1.
[2] Ex. 1 at pp. 1-5 and Ex. 2, Deposition of Carl Kardinal, M.D. at 99:22-100:18.
[3] Ex. 1, at p. 5; Ex. 3, Provider Note at p. 1.; and Ex. 4, NSABP Protocol B-40 at p. 1.
[4] Ex. 5, Deposition of Dr. Zoe Larned at 66:14-67:2 and 128:23-129:19.
[5] Ex. 6, May 13, 2020 Deposition of John A. Glaspy, M.D. at 57:14-18.

Dr. Miletello likewise believes that the breast cancer treatment provided to Plaintiff was all within the standard of care:

> Q. And that, as a matter of fact, from your review of the records, that all of the counseling and treatment that was provided to Elizabeth Kahn by the medical providers through the course of her care for her cancer, was all of that within the standard of care?
> A. Yes, I feel like it was.[6]

Since Dr. Glaspy's and Dr. Miletello's own admissions contradict Sanofi's affirmative defenses of physician comparative fault and Sanofi has no expert testimony to support its "blame the doctor defense," the Court should grant Plaintiff's motion *in limine* and prohibit any testimony on same.

**B. Plaintiff did not misuse Taxotere as Plaintiff's use of Taxotere was as prescribed and in accord with accepted prescribing practices**

Affirmative Defense 18 in the Master Answer contends that Sanofi is not liable due to Plaintiff's misuse of the product. (Master Answer, Rec. Doc. 961, Affirmative Defenses at p. 75.) However, there is no evidence that Plaintiff misused Taxotere given that Plaintiff had no control over the administration of the drug and the drug, as affirmed by Sanofi's own experts, was properly prescribed by her treating physician. Plaintiff never had control over or touched Taxotere. Sanofi presents no evidence otherwise, and the Court should prohibit any argument or testimony concerning same.

Additionally, and while directed towards the Plaintiff's misuse, in the event Sanofi's Affirmative Defense 18 is directed at the misuse of Taxotere by Plaintiff's treating physicians, as was the case in the *Earnest* trial[7], the testimony of Dr. Kardinal and Sanofi's experts belies the

---

[6] Ex. 7, May 21, 2020 Deposition of Gerald P. Miletello, M.D at 24:13-20.
[7] Ex. 8, September 23, 2019 *Earnest* Trial Tr. at 1595:5-1603:3. See also Ex. 9, September 16, 2019 *Earnest* Trial Tr. at 60:12-18.

contention that Taxotere was misused in this case. For example, even though the parties agreed that the treatment regimen was within the standard of care, Sanofi continuously questioned the regimen used by Dr. Kardinal,

> Q. Yeah I'm saying, like if you did, if a doctor did do a dose-dense AC regimen
> A. Yes.
> Q. Followed by Taxotere. Are you with me so far?
> A. Yes.
> Q. A doctor would have to do those growth factor treatments that you were talking about earlier?
> A. Yes. dose-dense requires growth factors.
> Q. But the bottom line is, what we know is that does-dense AC followed by Taxotere is not in the guidelines correct?
> A. Correct.[8]

With that said, Dr. Kardinal recommended enrollment in the NSABP B-40 clinical trial to Plaintiff because the clinical trial was the standard of care or better.[9] While the NSABP B-40 clinical trial chemotherapy regimen was off-label, Dr. Glaspy and Dr. Miletello, respectively, both agreed that the regimen was within the standard of care,

> Q. Right. Again, I think you may have already said this, but for purposes of making sure I have a clean record, you will not be offering an opinion that there was anything wrong with Ms. Kahn receiving her care in the context of a clinical trial?
> A. I will not.[10]
>
> \*\*\*
>
> Q. The chemotherapy regimen that Elizabeth Kahn was administered in this case by Dr. Kardinal was technically off-label, but was certainly within the standard of care, correct?
> A. Absolutely.[11]

---

[8] Ex. 10, September 20, 2019 *Earnest* Trial Tr. at 1278:14-24.
[9] Ex. 1 at pp. 1-5 and Ex. 2, Deposition of Carl Kardinal, M.D. at 99:22-100:18.
[10] Ex. 6 at 164:24-165:5.
[11] Ex. 7 at 29:17-22.

Likewise, it is common practice in the oncology field for oncologists to follow regimens for Taxotere that are either detailed in clinical trials or accepted by the NCCN Guidelines.[12] Since Sanofi has not produced any evidence to show that Taxotere was misused, any affirmative defense of misuse including off-label use should be prohibited and may not be submitted to the jury at trial.

### III. CONCLUSION

For the foregoing reasons, the Court should preclude Sanofi from presenting evidence and testimony that Plaintiff, Elizabeth Kahn's, treating physicians were negligent in any way, or that Taxotere was used improperly. There is simply no evidence – by expert testimony or otherwise - that Dr. Kardinal or Dr. Larned caused or contributed to the injury sustained by Plaintiff or that Taxotere was misused. To the contrary, Sanofi's experts explicitly found that there was no breach of the standard of care by Plaintiff's treating physicians and voiced approval for the off-label chemotherapy regimen utilized in the NSABP B-40 clinical trial.

Dated: June 17, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |
| 1100 Poydras Street, Suite 2225 | 6701 Center Drive West, Suite 1400 |
| New Orleans, Louisiana 70163 | Los Angeles, California 90045 |
| Phone: (504) 355-0086 | Telephone: 510-350-9700 |
| Fax: (504) 355-0089 | Facsimile: 510-350-9701 |
| ccoffin@pbclawfirm.com | kbm@classlawgroup.com |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |

---

[12] Not all regimens set forth in the NCCN Guidelines are set forth in the Taxotere label; however, they are within the standard of care and, therefore, reasonably anticipated uses of Taxotere. Ex. 11, Expert Report of John Glaspy, M.D. at p. 15; Ex. 6 at 162:11-165:5 and 163:3-164:23; Ex. 12, Expert Report of Gerald P. Miletello, M.D. at p. 2 and 16; and Ex. 7 at 24:21-25:25.

*/s/M. Palmer Lambert*  
M. Palmer Lambert (#33228)  
GAINSBURGH BENJAMIN DAVID  
MEUNIER & WARSHAUER, LLC  
2800 Energy Centre, 1100 Poydras Street  
New Orleans, LA 70163-2800  
Phone: 504-522-2304  
Fax: 504-528-9973  
plambert@gainsben.com  

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*  
Dawn M. Barrios (#2821)  
BARRIOS, KINGSDORF & CASTEIX, LLP  
701 Poydras Street, Suite 3650  
New Orleans, LA 70139  
Phone: 504-524-3300  
Fax: 504-524-3313  
barrios@bkc-law.com  

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews  
Andrews Thornton Higgins Razmara, LLP  
2 Corporate Park, Suite 110  
Irvine, CA 92606  
Phone: (800) 664-1734  
aa@andrewsthornton.com  

Abby E. McClellan  
Stueve Siegel Hanson LLP  
460 Nichols Road, Suite 200  
Kansas City, MO 64112  
Phone: (816) 714-7100  
Fax: (816) 714-7101  
mcclellan@stuevesiegel.com  

J. Kyle Bachus  
Bachus & Schanker, LLC  
101 W Colfax Ave, Suite 650  
Denver, CO 80202  
Phone: (303) 222-2222  
Fax: (303) 893-9900  
kyle.bachus@coloradolaw.net  

Karen Barth Menzies  
Gibbs Law Group LLP  
6701 Center Drive West, Suite 1400  
Los Angeles, CA 90045  
Phone: (510) 350-9700  
Fax: (510) 350-9701  
kbm@classlawgroup.com  

Lawrence J. Centola, III  
Martzell, Bickford & Centola  
338 Lafayette Street  
New Orleans, LA 70130  
Phone: (504) 581-9065  
Fax: (504) 581-7635  
lcentola@mbfirm.com  

David F. Miceli  
David F. Miceli, LLC  
P.O. Box 2519  
Carrollton, GA 30112  
Phone: (404) 915-8886  
dmiceli@miceli-law.com  

Christopher L. Coffin  
Pendley, Baudin & Coffin, L.L.P.  
1100 Poydras Street, Suite 2225  
New Orleans, Louisiana 70163  
Phone: (504) 355-0086  
Fax: (504) 355-0089  
ccoffin@pbclawfirm.com  

Andre M. Mura  
Gibbs Law Group LLP  
505 14th Street Suite 1110  
Oakland, CA 94612  
Phone: (510) 350-9717  
Fax: (510) 350-9701  
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                      */s/ Dawn M. Barrios*
                                                      DAWN M. BARRIOS