UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO *Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039 | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO *INCLUDE* EVIDENCE AND ARGUMENT REGARDING ONLINE ADVOCACY**
**(Motion *in Limine* No. 17)**

## I.     INTRODUCTION

Plaintiff Elizabeth Kahn respectfully moves this Court to enter an *in limine* order allowing evidence and argument regarding online advocacy by breast cancer patients who experienced permanent hair loss caused by Taxotere, in the event Sanofi argues or suggests to the jury that Ms. Kahn's case is untimely because of an alleged lack of reasonable inquiry.

## II.    ARGUMENT

Sanofi has raised prescription as an affirmative defense. However, Ms. Kahn's prescriptive period is suspended if *contra non valentem* applies. Under Louisiana law, a fact finder must consider four scenarios when determining whether *contra non valentem* tolls the running of the prescriptive period:

> The doctrine operates to suspend prescription when the plaintiff is prevented from acting under one of four scenarios: (1) where there was some legal cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; (2) where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

1

*Morgan v. Entergy New Orleans, Inc.*, 2016-1250 (La. App. 4 Cir. 12/6/17), 234 So. 3d 113, 116, *writ denied,* 2017-2172 (La. 2/23/18), 237 So. 3d 520. The third scenario, dealing with Defendants' actions to conceal information relevant to the inquiry, is crucial here, because Sanofi did just that – actively and fraudulently concealed what it knew about Taxotere causing permanent hair loss.[1]

Back in the relevant timeframe of 2009-2015, Facebook was the predominant online social media and information platform.  A layperson, such as Ms. Kahn, was much more likely to see posts on the popular platform than medical subscription publications from other sources.  Sanofi maintained an American Facebook page, entitled "Voices," for the purpose of "mak[ing] Voices heard throughout the community on issues of importance to patients…"[2]  Following a March 5, 2010 Canadian newspaper article addressing Sanofi hiding Taxotere's risk of permanent hair loss, women began posting on the Voices page about that very topic. In response to the article and the posts, Sanofi's communications department formed a Rapid Response Team.[3] Part of the Rapid Response Team's responsibility included monitoring the Voices page on Facebook twenty-four hours per day to remove any posts about Taxotere and permanent hair loss.[4] Sanofi shortly thereafter hired an outside company, InTouch Solutions, to conduct this around-the-clock monitoring of its Facebook page. At Sanofi's direction, InTouch logged and removed posts about permanent hair loss, blocked the user posting about it, and reported the user to Facebook to have her banned from the platform.[5]

One user posted the following:

---

[1] As the Court probably remembers, Amy Freedman – Sanofi's Global Safety Officer in charge of Taxotere – admitted in her deposition that Sanofi knew in 2006, years before Ms. Kahn took Taxotere, that Taxotere caused permanent hair loss.
[2] Ex. 1, January 17, 2019, Deposition Transcript of Lesley Fierro ("Fierro Dep.") at 179:10-181:16.
[3] Ex. 2, October 10, 2018, Deposition Transcript of Madeline Malia at 298:6-302:7.
[4] Ex. 3, Sanofi_05932261, at 4
[5] Ex. 4, December 13, 2018, InTouch Solutions, Inc. 30(b)(6) at 61:6-62:13; Ex. 1, Fierro Dep. at 143:22-147:22.

> When will you inform oncologists that there is a problem with your chemo drug, Taxotere? Why don't you want women to know they could be left permanently disfigured? Because they will choose a different drug not made by you. The net is closing in on you, Sanofi.[6]

At Sanofi's direction, InTouch Solutions removed the post within an hour, blocked the user from posting on the page, and reported the user to Facebook.[7]

Another user posted:

> My medical team have spoken to you, and therefore I have been informed that YOUR DRUG Taxotere has done this to me. Why do you ignore me and REFUSE to contact me? Why don't you explain to me why your drug Taxotere has permanently disfigured me and hundreds of others?[8]

InTouch Solutions removed the post within an hour and reported the user to Facebook. But the user was undeterred, posting that same post 28 more times after it was removed. And 28 more times, InTouch Solution – at Sanofi's direction – scrubbed the post from Facebook, and the woman was permanently banned from the page.[9]

Another user posted, "I did say I wouldn't stop until there was global publicity. You can't shut up women that you disfigure."[10] Sanofi silenced her and had InTouch Solutions scrub her post from Facebook in less than an hour.[11]

After successfully deleting mentions of permanent hair loss from Sanofi's Voices Facebook page, InTouch Solutions created a presentation to market its services to other drug companies, and it used the "crisis management" services it provided to Sanofi as a case study of what it could accomplish for its clients.[12]

---

[6] Ex. 5, sanofi-aventis VOICES Facebook Comment Monitoring Rep. at 1.
[7] *Id*.
[8] *Id.* at 4.
[9] *Id*.
[10] *Id.* at 1.
[11] Ex. 1, Fierro Dep. at 170:20-171:16.
[12] Ex. 6, Excerpt from InTouch PowerPoint.

Sanofi not only concealed the information from a publicly available source – information nearly identical to the claims made here (i.e., that Taxotere causes permanent hair loss; that Sanofi knows about it; and that Sanofi fails to warn doctors and patients) – but Sanofi also took punitive steps to punish the women who posted to try to warn others. InTouch Solutions was required by Sanofi to report the women calling out Sanofi for its failure to warn to Facebook, resulting in a ban from the page. At the same time, InTouch also monitored a Facebook page of Sanofi's relating to DVT (deep vein thrombosis). While InTouch moderated the content on that page, per Sanofi's instructions, Sanofi never instructed InTouch to ban any users who posted on the DVT page, regardless of how negative the post was. In other words, Sanofi instructed InTouch Solutions to ban women from its Voices page for posting about permanent hair loss, effectively muzzling them from trying to warn others about this devastating side effect, something it did not do for posters on its DVT page.

Here, this fraudulent concealment is particularly relevant because the activity falls within the window of time in which Ms. Kahn (according to the Court's prior rulings) would have to take some action to preserve her claim. As this Court noted in its April 7, 2020 Order denying Sanofi's motion for summary judgment based on the statute of limitations, "Defendants posit… that the one-year prescription period began to run in January 2010… Defendants also argue that contra non valentem does not apply because Plaintiff failed to investigate her claim."[13] In its Order, the Court ruled: "Based on the evidence, however, the Court finds that there is an issue of fact on whether Plaintiff acted reasonably to discover the cause of her hair loss… Because the *Hoerner* plaintiff conducted an investigation and reasonably relied on what she learned in her investigation, prescription was tolled."[14] Thus, the prescriptive period for her cause of action – unless it is tolled

---

[13] Rec. Doc. 9885 at 3.
[14] *Id.* at 6-7.

– started to run in January 2010 and would have ended in January 2011. That period of time overlaps with Defendants' actions here: Defendants were fraudulently concealing Ms. Kahn's cause of action *during the window of time under Louisiana law* (per this Court's analysis) that Ms. Kahn should have filed her suit or otherwise made an inquiry about her injury.[15] As the Court has already found, now twice after denying Sanofi's request for reconsideration, there is a question of fact as to whether Ms. Kahn's multiple inquiries to her physicians were reasonable, and an element of that consideration is fraudulent concealment by the Defendants. In order for a jury to do its job and judge whether the inquiries were reasonable, the jury must be allowed to hear that Sanofi was actively suppressing information online in the United States about the exact causal nexus that Ms. Kahn was supposed to discovery prior to her doctors' awareness of Taxotere's ability to cause PCIA and prior to Sanofi's 2015 label change.

Simply put, Defendants' actions to conceal information that would inform a plaintiff of her cause of action sooner is relevant to the issues Sanofi itself raised in its affirmative defense: prescription, fraudulent concealment, and the reasonableness of Ms. Kahn's actions. *By removing the warnings from prior patients from Facebook, Sanofi removed the information from the online marketplace of ideas where others like Ms. Kahn might find it.* A jury could reasonably find that Sanofi's efforts to maintain secrecy on the issue of permanent and disfiguring hair loss factored into the reasonableness of Ms. Kahn's action or inaction and whether Louisiana liberative prescription rules should result in a finding that her claims against Sanofi (which claims its drug does not cause PCIA, claims Ms. Kahn does not have PCIA, and claims that the cause of Ms. Kahn's hair loss is impossible to determine) were stale and untimely. It therefore is admissible at trial. If it is not, then the jury has no way to properly weigh the elements of *contra non valentem*,

---

[15] Plaintiff's numerous conversations with her oncologist and dermatologists regarding her hair loss occurred from 2009 to 2011, during the same time period that Sanofi was actively silencing women victimized by Taxotere.

because the jury will not be able to consider evidence of Sanofi's conduct to conceal a causal nexus between its drug and PCIA (i.e., to disappear information online about Taxotere causing permanent hair loss).

As stated previously, the doctrine of *contra non valentem* provides an exception to Louisiana's one-year liberative prescription also in cases "where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action." *Morgan v. Entergy New Orleans*, 234 So. 3d 113, 116 (La. App. 4th Cir. 2017). Should Sanofi make the argument to the jury that Plaintiff Kahn's claims are prescribed, Plaintiff is entitled to present this evidence to the jury regarding Sanofi's actions in preventing Plaintiff from availing herself of her cause of action. Even if Ms. Kahn would have conducted an online search for Taxotere and permanent hair loss, a reasonable jury could find that she would not have found any pertinent information because Sanofi actively removed such information from its public platforms.  Not only are Ms. Kahn's actions relevant to statute of limitations, but so are Sanofi's actions in concealing information during the relevant time period of inquiry.

*Additionally,* evidence and argument concerning online advocacy is relevant to Sanofi's notice of complaints that Taxotere causes permanent hair loss. Sanofi was aware of various advocacy groups claiming that Taxotere causes permanent hair loss at least by April 2009.[16] Plaintiff must be permitted to submit evidence to the factfinder that Sanofi was notified of adverse events and failed to properly investigate patients' claims. At a minimum, if Sanofi is permitted to argue that the number of adverse events did not warrant Sanofi warning that Taxotere causes permanent hair loss on the drug label, evidence of adverse events reported to Sanofi through

---

[16] Ex. 7, Sanofi_05446835 at 4.

6

advocacy groups and group members – and Sanofi's efforts to silence women – are undoubtedly relevant.

In sum, the evidence referred to in this memorandum is relevant to Plaintiffs' failure-to-warn claim, Sanofi's defenses, and Plaintiff Kahn's reasonableness in her inquiry after completing chemotherapy, as it relates to the jury's decision on statute of limitations.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her Motion *in limine* to allow evidence and argument regarding online advocacy by breast cancer patients who experienced permanent hair loss caused by Taxotere.

Dated: June 17, 2021                                            Respectfully submitted,

/s/ Christopher L. Coffin                                       /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                                  Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                                GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                                 6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                    Los Angeles, California 90045
Phone: (504) 355-0086                                           Telephone: 510-350-9700
Fax: (504) 355-0089                                             Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                          kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                   *Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert                                            /s/Dawn M. Barrios
M. Palmer Lambert (#33228)                                      Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                                       BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                        701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                         New Orleans, LA 70139
New Orleans, LA 70163-2800                                      Phone: 504-524-3300
Phone: 504-522-2304                                             Fax: 504-524-3313
Fax: 504-528-9973                                               barrios@bkc-law.com
plambert@gainsben.com

                                                                *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street

Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT