# EXHIBIT J

```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

*********************************************************************

IN RE:  TAXOTERE (DOCETAXEL)          Docket No. 16-MD-2740
PRODUCTS LIABILITY LITIGATION         Section H
                                      New Orleans, LA
Relates to:  Barbara Earnest          Thursday, September 26, 2019
             16-CV-17144

*********************************************************************

                    TRANSCRIPT OF TRIAL PROCEEDINGS
              HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                       UNITED STATES DISTRICT JUDGE
                         DAY 9, MORNING SESSION
```

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFF: | BACHUS & SCHANKER, LLC |
| | BY:  DARIN L. SCHANKER, ESQ. |
| |     J. KYLE BACHUS, ESQ. |
| | 1899 Wynkoop St., Suite 700 |
| | Denver, CO 80202 |
| | |
| | FLEMING NOLEN & JEZ |
| | BY:  RAND P. NOLEN, ESQ. |
| | 2800 Post Oak Blvd., Suite 4000 |
| | Houston, TX 77056 |
| | |
| | GIBBS LAW GROUP, LLP |
| | BY:  KAREN B. MENZIES, ESQ. |
| | 6701 Center Drive West, 14th Floor |
| | Los Angeles, CA 90045 |
| | |
| | DAVID F. MICELI, LLC |
| | BY:  DAVID F. MICELI, ESQ. |
| | P.O. Box 2519 |
| | Carrollton, GA 30112-0046 |
| | |
| | PENDLEY BAUDIN & COFFIN |
| | BY:  CHRISTOPHER L. COFFIN, ESQ. |
| | 2505 Energy Centre |
| | 1100 Poydras St. |
| | New Orleans, LA 70163 |

```
11:53:40   1    the plaintiff must show to a reasonable degree of medical
11:53:43   2    probability that Taxotere can cause permanent hair loss, that
11:53:47   3    Taxotere caused permanent hair loss for Ms. Earnest, and that the
11:53:52   4    failure to warn Dr. Carinder was the cause of Ms. Earnest's injury.
11:53:58   5             Legal cause is proved by establishing foreseeability.
11:54:02   6    The test of foreseeability is whether some injury to another is a
11:54:06   7    natural and probable consequence of the complained-of conduct.  The
11:54:11   8    law requires only reasonable foresight.  It is not necessary for
11:54:16   9    the plaintiff to demonstrate that the defendant should have
11:54:21  10    foreseen the particular event which occurred, but merely that the
11:54:26  11    defendant should have foreseen that its actions would probably
11:54:30  12    cause injury to someone.  The plaintiff proves legal cause by
11:54:35  13    establishing that the injury in question occurred as a natural and
11:54:41  14    probable consequence of the defendant's actions or inactions.
11:54:47  15             Proximate cause does not mean the sole cause.  The
11:54:51  16    defendants' conduct can be a proximate cause if it was at least one
11:54:56  17    of the direct, concurring causes of the alleged injury.  However,
11:55:02  18    plaintiff must show that defendants' conduct was a substantial
11:55:06  19    contributing factor in bringing about the result.  In other words,
11:55:11  20    it is not necessary for plaintiff to negate all other contributing
11:55:16  21    factors or causes of Ms. Earnest's injuries, provided they show
11:55:21  22    that defendants' failure to provide an adequate warning in the
11:55:25  23    Taxotere label substantially contributed to her injuries.  Where
11:55:30  24    two or more possible causes for an injury are identified, plaintiff
11:55:36  25    must establish with reasonable probability that Mrs. Earnest's
```