# EXHIBIT EEE

# BARRIOS KINGSDORF & CASTEIX, L.L.P.
## ATTORNEYS AT LAW

DAWN M. BARRIOS
BRUCE S. KINGSDORF
BARBARA TREUTING CASTEIX
ZACHARY L. WOOL*

EMMA KINGSDORF SCHWAB

JOSEPH I. GIARRUSSO III†
 OF COUNSEL

*ADMITTED IN NY & LA
†ADMITTED IN TX & LA

701 POYDRAS STREET, SUITE 3650
NEW ORLEANS, LA 70139-3650
TELEPHONE (504) 524-3300
FACSIMILE (504) 524-3313
WWW.BKC-LAW.COM

October 11, 2018

**VIA EMAIL SUBMISSION**

The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, Louisiana 70130

        Re: *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740

Dear Magistrate Judge North,

The PSC objects to Sanofi's Motion for the following reasons:

First, Sanofi's Request for International Judicial Assistance ("Request") states that "[t]he purpose of the documents and testimony sought herein is to obtain evidence relevant to the claims and defenses raised in the Action. Plaintiffs have specifically identified Mrs. Ledlie as a witness they may intend to call at trial." (Rec. Doc. 4522-3 at 5-6.) The PSC is willing to remove Ms. Ledlie from its "may call" witness list to avoid the expenditure of resources by the Parties and the Court. In fact, at this time, the PSC does not intend to call Ms. Ledlie as a witness and given that, Sanofi cannot articulate how the documents and testimony sought from Mrs. Ledlie would be relevant to the claims and defenses of the more than 9,300 Plaintiffs in the MDL or of the named trial Plaintiffs to be raised at upcoming trials. Indeed, Sanofi's Request fails to comport with the French Blocking Statute, which requires that the discovery sought "have a direct and precise link with the object of the procedure."[1] None of the discovery topics identified in Sanofi's Request can be described as having a "direct and precise link" with upcoming trials—particularly given that Plaintiffs do not intend to call Mrs. Ledlie at trial and not one of the upcoming Trial Plaintiffs have had any contact with Mrs. Ledlie.

Second, because Mrs. Ledlie is not a Plaintiff and isn't suing Sanofi, many areas of inquiry are irrelevant and wholly beside the point. For example, Sanofi seeks the following documents from

---

[1] *In re Activision Blizzard, Inc.*, 86 A.3d 531, 53 (Del. Ch. 2014)

The Honorable Michael B. North
October 11, 2018
Page 2
_____

Mrs. Ledlie: "[c]orrespondence related to Taxotere or docetaxel and hair loss with Dr. Bourgeois and Dr. Miguel Martin from July 2008 to present." (Rec. Doc. 4522-3 at 5.) Presumably, these are Mrs. Ledlie's doctors because later the Request states that Sanofi seeks to examine Mrs. Ledlie about "[h]er communications with physicians regarding Taxotere or docetaxel and hair loss." (Rec. Doc. 4522-3 at 5-6.) Sanofi also broadly seeks "[d]ocuments related to Taxotere or docetaxel and the claim that it causes hair loss from June 20, 2006 to present." (Rec. Doc. 4522-3 at 5.) Given that Mrs. Ledlie has asserted no legal claims against Sanofi, and, more importantly, that Mrs. Ledlie isn't an expert and can't express opinions on a causal connection between Taxotere or docetaxel and permanent alopecia these burdensome and invasive requests have no bearing on this litigation and border on harassment.

Thirdly, Sanofi's Request is inflammatory. The Request describes Mrs. Ledlie as the self-identified "Taxoterrorist," suggesting that she is a threat to Sanofi. Given this description, at the very least, this needs to be deleted. The addition of this language in the Request indicates the animus Sanofi seems to feel towards Mrs. Ledlie, and perhaps the motivation behind the Request.

Lastly, as noted by both Your Honor and Judge Milazzo, the time and energy spent between now and the trials need to focus on the trials, and not on peripheral items. Mrs. Ledlie can add no information that is relevant to any Trial Plaintiff. However, if the Court wishes to consider this issue further, the PSC requests an opportunity to more fully brief it

Sincerely,

*Dawn Barrios* (signature)

Dawn M. Barrios