# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Clare Guilbault, Case No. 2:16-cv-17601 |

### HOSPIRA'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

Defendants Hospira, Inc. and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. (collectively, "Hospira") respectfully submit the decision in *In re Taxotere (Docetaxel) Products Liability Litigation (Durden)*, Case No. 20-30495, 2021 WL 2373490 (5th Cir. June 9, 2021) ("*Durden*") (attached as Exhibit A) as supplemental authority in support of Hospira's Motion for Summary Judgment Based on the Statute of Limitations in the *Guilbault* case. (ECF No. 12386).[1]  In *Durden*, the Fifth Circuit affirmed summary judgment and held that the plaintiff's conversations with her doctors regarding her hair loss did not toll prescription.

The Fifth Circuit's decision in *Durden*, issued after briefing was completed, provides further support for Hospira's arguments.  *First*, it held that general conversations with medical providers about hair loss do not toll prescription if a plaintiff, like Ms. Guilbault, does not specifically investigate Taxotere/docetaxel as a potential cause of the injury.  *Durden* at *6; Hospira's Mem. Supp. Mot. Summ. J. ("Br.") at 12-14, ECF No. 12386-1; Hospira's Reply Supp. Mot. Summ. J. ("Reply") at 3-4, ECF No. 12552-1.

---

[1] In *Guilbault*, Hospira has a second pending Motion for Summary Judgment under the Learned Intermediary Doctrine.  *See* ECF No. 12538.

*Second*, it was not enough to defeat summary judgment that Ms. Durden's dermatologist diagnosed her with female pattern hair loss because "there is no evidence that Durden herself *reasonably believed* that her persistent hair loss was caused by 'female pattern hair loss.'" *Durden* at *7 (emphasis added). Likewise, Dr. Terezakis diagnosed Ms. Guilbault with female pattern hair loss, but there is no evidence that she relied on that diagnosis and reasonably believed it was true. *See* Br. at 11-12; Reply at 5.

*Third*, like Ms. Durden, Ms. Guibault was on constructive notice because the publicly available information that she would have uncovered through a reasonable investigation would "have uncovered at least some information that linked Taxotere to persistent alopecia.'" *Durden* at *6 (quoting *In re Taxotere* (*Docetaxel*) *Prods. Liab. Litig.* (*Thibodeaux*), 995 F.3d 384, 394 (5th Cir. 2021)).

Thus, for the reasons explained previously, and as confirmed in *Durden*, the Court should grant Hospira's motion and enter judgment on behalf of Hospira.


Date: June 18, 2021                                    Respectfully submitted,

                                                       */s/ Heidi K. Hubbard*
                                                       Heidi K. Hubbard
                                                       Richmond T. Moore
                                                       Neelum J. Wadhwani
                                                       **WILLIAMS & CONNOLLY LLP**
                                                       725 Twelfth Street, N.W.
                                                       Washington, DC 20005
                                                       Telephone: 202-434-5000
                                                       Facsimile: 202-434-5029
                                                       hhubbard@wc.com
                                                       rmoore@wc.com
                                                       nwadhwani@wc.com

John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE McCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 858-7000
Facsimile: (504) 585-7075
olinde@chaffe.com
rotolo@chafe.com

*Counsel for Defendants Hospira, Inc.,*
*Hospira Worldwide, LLC, formerly doing*
*business as Hospira Worldwide, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Heidi K. Hubbard*