UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                              MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                        SECTION "H" (5)

THIS DOCUMENT RELATES TO:


Elizabeth Kahn, Case No. 2:16-cv-17039.

MEMORANDUM IN SUPPORT OF
DEFENDANTS' RENEWED MOTION FOR RECONSIDERATION

While Sanofi recognizes the unusual nature of filing multiple motions to reconsider the same order, the Fifth Circuit's recent decision in *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Durden)*[1] demonstrates that no jury question remains in *Kahn* as to prescription and, therefore, judgment should be entered in Sanofi's favor. Indeed, after *Durden*, no room exists between the record at summary judgment in this case and the arguments that the Fifth Circuit rejected. As such, Sanofi is compelled to file this motion because the Fifth Circuit's on-point reasoning and holding in *Durden* are plainly applicable to this case.

Previously, this Court distinguished *Kahn* from Ms. Durden's case and *Thibodeaux* based solely on Plaintiff's inquiry with her gynecologist about her hair loss and her gynecologist's statement that hair thinning can be caused by age. In *Durden*, however, the Fifth Circuit reiterated that all MDL plaintiffs must have specifically investigated ***Taxotere*** as a cause of their injuries, which Plaintiff here undisputedly did not do. That failure is case dispositive, as the Fifth Circuit has now recognized.

---

[1] Pursuant to Fifth Circuit Rule 47.5, the *Durden* decision is unpublished and therefore not precedential. 2021 WL 2373490, at *1.

Even if Plaintiff could overcome that hurdle, the *Durden* ruling also independently makes clear that the investigation undertaken by Plaintiff was unreasonable as a matter of law. After the *Thibodeaux* opinion was published, Durden wrote a letter to the Fifth Circuit attempting to distinguish *Thibodeaux*.[2] The panel walked through these arguments and rejected each one. Most notably, the Fifth Circuit found irrelevant the fact that Durden's dermatologist misdiagnosed her with female pattern hair loss because the diagnosis was not exclusive of other causes, and because Durden did not present evidence at summary judgment that she reasonably believed it. The same facts are present here, rendering Plaintiff's inquiry with Dr. Roberie likewise insufficient to create a jury question.

This Court also previously held that, because Plaintiff inquired with her gynecologist, a jury would need to consider whether Plaintiff was reasonable in failing to conduct any independent investigation on the internet or through another public source. Sanofi requests that the Court reexamine that conclusion in light of *Durden*. Because Plaintiff's inquiry was insufficient as a matter of law (as explained in *Thibodeaux*), she is charged with all information that a reasonable investigation would have uncovered. The Fifth Circuit has already determined that a reasonable investigation would have yielded information in the public domain linking Taxotere to persistent alopecia. Because the Fifth Circuit considered and rejected the same facts and arguments that this Court previously held should be presented to a jury in *Kahn*, Sanofi respectfully requests reconsideration and judgment.

---

[2] *See* **Ex. A**, Plaintiff Durden's May 4, 2021 Response to Rule 28(j) Correspondence from Appellees. Plaintiffs Kahn and Durden are represented by the same counsel, who made the same arguments on appeal in *Durden* that Plaintiff makes to avoid summary judgment here. The Fifth Circuit rejected each of those arguments. 2021 WL 2373490, at *6–7.

**BACKGROUND**

Because the Court is intricately familiar with the facts of Plaintiff's case, Sanofi focuses here on only those relevant to the Fifth Circuit's analysis set forth in *Durden*.  The Court's previous rulings on Sanofi's Motion for Summary Judgment Based on the Statute of Limitations and subsequent motions for reconsideration have focused on a singular interaction between Plaintiff and her gynecologist, Dr. Margaret Roberie, in April 2009.  Plaintiff testified that she asked Dr. Roberie about hair balding and was told hair thinning can be caused by age.[3]  Plaintiff further testified that she did not accept Dr. Roberie's explanation: "Q. Even despite what Dr. Roberie said, *you don't even think it's possible [that your hair loss was caused by age].  Is that your testimony?* A. *Yes*."[4]  Yet, this Court previously held that Plaintiff "may have had reason to believe that something other than Defendants' conduct caused her injury" and a jury must assess the reasonableness of Plaintiff's failure to investigate further.[5]  On April 14, 2020, Sanofi moved for reconsideration.  That motion was denied.[6]

On July 23, 2020, this Court granted summary judgment for Sanofi in *Durden*.[7]  The Court recognized that Durden talked to her doctors and tried various remedies for her hair loss.[8]  But this Court explicitly distinguished the facts in *Kahn* because, unlike Durden, Kahn made a single inquiry regarding the *cause* of her harm (though she never inquired about Taxotere as a cause, which the Fifth Circuit now requires).[9]

---

[3] Rec. Doc. 9481-5 Dec. 7, 2017 Kahn Dep. at 273:14–274:21 (Ex. S to Defs.' Reply in Support of Mot. for Summ. J. Based on the Statute of Limitations).

[4] *Id.* 274:6–8; 276:15–21 (emphasis added).

[5] Rec. Doc. 9885 at 6–8.

[6] Rec. Doc. 9946.

[7] Rec. Doc. 10833.

[8] *Id.* at 5.

[9] *Id.*

On May 19, 2021, Sanofi again moved for reconsideration of this Court's Order denying summary judgment in *Kahn*, this time relying on the Fifth Circuit's recent holding in *Thibodeaux*. In denying Sanofi's motion, this Court distinguished *Kahn* from *Thibodeaux* because the *Thibodeaux* plaintiffs engaged in no investigation.[10] This Court ruled that Plaintiff's conversation with Dr. Roberie was sufficient to create an issue of fact as to whether Plaintiff reasonably investigated her claim.[11] This Court also held that, because Plaintiff investigated, it need not "automatically charge Kahn with knowledge of the information available on the internet, as the Fifth Circuit did for the Thibodeaux Plaintiffs."[12] Rather, before it had the benefit of the *Durden* decision, the Court found that a jury needed to assess whether Plaintiff "should have conducted her own research at some point before 2016."[13]

Since the Court's June 4, 2021 Order denying Sanofi's motion for reconsideration, the Fifth Circuit affirmed judgment on prescription grounds in *Durden*, reaffirming that, in order to satisfy the "reasonable inquiry" requirement, MDL plaintiffs must specifically investigate Taxotere as a possible cause of their persistent hair loss. 2021 WL 2373490, at *5. The Fifth Circuit went further, holding that plaintiffs asserting "misdiagnosis" theories, like Durden and Kahn, must (at the very least) present sufficient evidence at summary judgment that they reasonably believed the alleged misdiagnosis. *Id.* at *6–7. Finally, the Fifth Circuit reiterated that Plaintiffs are charged with all information a reasonable inquiry would have uncovered, citing public information highlighted in the Master Complaint and finding it demonstrates "Taxotere as a possible cause of persistent hair loss was not an obscure possibility." *Id.* at *6; *see also id.* at *7 ("Durden failed to

---

[10] Rec. Doc. 12805 at 6.

[11] *Id.* at 4.

[12] *Id.* at 7.

[13] *Id.*

consider Taxotere as a potential cause of her persistent hair loss because she engaged in no reasonable inquiry to determine Taxotere's effects on the persistent loss of her hair.").[14]

## LEGAL STANDARD

The Court's Order denying Sanofi's motion for summary judgment is non-final and, thus, it is "within the plenary power of the court that rendered [it] to afford such relief from [it] as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks omitted). If the district court determines circumstances have changed or it has erred, "it would be a waste of judicial resources to force it to perpetuate such error through a trial on the remaining issues, even though it believed the ultimate judgment would have to be reversed on appeal." *Zimzores*, 778 F.2d at 266; *see also Washington v. Fieldwood Energy LLC*, 2018 WL 263230, at *5 (E.D. La. Jan. 2, 2018) (Milazzo, J.) (granting motion to reconsider summary judgment ruling).

## ARGUMENT

**I.     THE *DURDEN* HOLDING REQUIRES JUDGMENT FOR SANOFI IN *KAHN*.**

**A.     Plaintiff's Failure to Investigate Taxotere Is Case Dispositive.**

This Court has distinguished *Kahn* from *Durden* and *Thibodeaux* on a single factual difference—here, Plaintiff asked her gynecologist about the cause of her injury and was told hair

---

[14] The *Durden* plaintiff attempted to distinguish her case from *Thibodeaux* for two additional reasons. Durden argued her case was different because "multiple doctors" told her that her hair would grow back. The Court found the record did not support Plaintiff's argument. Durden also argued that *Thibodeaux* did not apply because her hair partially regrew. The Court held two *Thibodeaux* plaintiffs also experienced hair regrowth and, regardless, that did not relieve plaintiffs of their duty under Louisiana law to reasonably investigate their claims. *Id.* at *6–7.

thinning can be caused by age.[15]  This Court held that inquiry alone was sufficient to create a jury

question.  In *Durden*, however, the Fifth Circuit reiterated that an MDL plaintiff must do more

than undertake *some* investigation into her claim to defeat summary judgment.  Rather, each

plaintiff is ***required to investigate Taxotere*** as a cause of her injury.  2021 WL 2373490, at *5–6.

Applying *Thibodeaux* to the claims in *Durden*, the Fifth Circuit affirmed summary judgment

because:

> [l]ike the plaintiffs in *Thibodeaux*, Durden never "explored"
> Taxotere "as a possible explanation" for her persistent hair loss.  **She
> "needed to investigate Taxotere as a potential cause,"** [] but
> failed altogether to do so.

*Id.* at *6.  That failure required judgment, and the same conclusion should be reached here.

This is especially true where, as here, it is undisputed that Plaintiff attributed her initial hair

loss specifically to Taxotere:  "Q. And [when you lost your hair] did you think it could have been

due to the Xeloda or to the Avastin, or did you specifically attribute it to the Taxotere?  A. **To the**

**Taxotere**."[16]  Despite this, Plaintiff concedes that she never asked any healthcare provider whether

Taxotere caused or contributed to her hair loss:

> Q. Have you ever -- through today's date, have you ever talked to
>    any health care provider about whether Taxotere caused or
>    contributed to your hair thinning?
>
> A. No.[17]

Plaintiff points to no evidence to the contrary.

---

[15] Rec. Doc. 10833 at 5; *see also* Rec. Doc. 12805 at 5–7.  Plaintiff also argued that she sought treatment options from other healthcare providers, but never argued she asked those providers what caused her harm.  *See* Rec. Doc. 12583 at 11–13, 16; *see also* Rec. Doc. 9418 at 4 (conceding that inquiries with healthcare providers sought only information concerning when hair would regrow), 10–12 (failing to identify any independent inquiry by Plaintiff in response to Sanofi's summary judgment motion).  Without asking about the cause, those inquiries are irrelevant under the Fifth Circuit's analysis.

[16] Rec. Doc. 9295-4 Dec. 7, 2017 Kahn Dep. 228:13–229:10 (Ex. B to Sanofi's Mot. for Summ. J. Based on the Statute of Limitations) (emphasis added).

[17] *Id.* at 257:9–13.

This Court's prior orders did not address Plaintiff's admission that she failed to explore Taxotere as a cause of her injury. The Court found only that Plaintiff's inquiry with Dr. Roberie was sufficient to create a jury question, even though Plaintiff concedes she did not ask Dr. Roberie whether Taxotere caused her harm. The *Durden* Court clarified that ruling was in error. Without inquiring whether Taxotere caused her harm with either her physicians or researching the readily available documents in the public domain, the prescription period was not tolled, and Plaintiff's claim cannot survive.

**B.     Dr. Roberie's Comment Is Irrelevant to the Reasonableness Analysis.**

While Plaintiff's failure to inquire if Taxotere caused her harm is case dispositive, the Fifth Circuit also clarified that Plaintiff's discussion with Dr. Roberie was independently insufficient to create a jury question.

Like Kahn, Durden also discussed her hair loss with various providers and sought treatment for it.[18] Although, Durden never specifically asked about the cause of her injury (whether Taxotere or otherwise),[19] her physician told her that she may have female pattern hair loss. 2021 WL 2373490, at *7. Durden argued on appeal that her inquiry was reasonable because she relied on her doctor's alternative diagnosis—just as this Court ruled in *Kahn* that Plaintiff was reasonable because she may have had reason to believe she had age-based hair thinning. The Fifth Circuit rejected Durden's argument as irrelevant based on two independent factors:

> It is true that one of Durden's doctors—a dermatologist—diagnosed Durden with "alopecia . . . and scarring alopecia[,] likely the component of female pattern hair loss," ***but it is not clear why that diagnosis makes a relevant difference***. There is no evidence that any doctor told Durden that her persistent hair loss was ***singularly***

---

[18] Rec. Doc. 10833 at 5.

[19] *Id.* ("Critically, however, Plaintiff points to no evidence showing that she asked her doctors about the cause of her hair loss. . . . Similarly, Plaintiff Kahn testified that she spoke to her gynecologist who told her that 'as you age, your hair gets thinner,' giving Kahn a reason to believe something other than chemotherapy treatment was causing her poor hair regrowth.").

>>>*attributable to* "female pattern hair loss" to the exclusion of other
potential causes.  To the contrary, the record reflects that Durden
and her oncologist discussed (in April or May 2012) chemotherapy
as the reason Durden's hair had not regrown.  ***What is more, there
is no evidence that Durden herself reasonably believed that her
persistent hair loss was caused by "female pattern hair loss.***"

*Id.* (emphasis added).  The facts here likewise compel dismissal because, after *Durden*, Plaintiff's

physician's remark about hair thinning is insufficient evidence to take this case to a jury.

As in *Durden*, there is no evidence that Dr. Roberie told Plaintiff her persistent hair loss is

singularly attributable to age to the exclusion of other causes.  Plaintiff testified only that Dr.

Roberie told her "[w]ell, as you age, your hair gets thinner."[20]  The Fifth Circuit in *Durden*

explained that such a comment from a physician does not relieve a plaintiff of her obligation to

conduct a reasonable investigation under Louisiana law, much less satisfy that obligation.  2021

WL 2373490, at *7.  The record here also demonstrates that when she initially sustained her

injury—like the plaintiff in *Durden*—Plaintiff believed her hair loss was caused not just by

chemotherapy, but Taxotere specifically.[21]

Finally, also nearly identical to *Durden*, Plaintiff's testimony and her conduct following

the April 2009 appointment with Dr. Roberie show that there is no evidence at summary judgment

that she "reasonably believed" Dr. Roberie's explanation that age was causing her hair loss:

>>Q. So have you considered whether the current condition of your
hair is affected by the aging process?
>>
>>A. I was 50 at the time, and most 50-year-old's hair do not thin.
You know, 80, maybe, but not 50.  So when she told me that, I
was a little taken aback, but -- ***so I dropped it***.[22]

---

[20] Rec. Doc. 9295-4 Dec. 7, 2017 Kahn Dep. 257:14–20 (Ex. B to Defs.' Mot. for Summ. J. Based on the Statute of Limitations) (emphasis added).

[21] *Id.* 228:13–229:10; *see also* Rec. Doc. 10833 ("The record shows that from the time [Durden's] injury began to manifest, Plaintiff attributed her hair loss to her chemotherapy.").

[22] *Id.* 257:14–258:5 (emphasis added).

\*\*\*

Q. ***Even despite what Dr. Roberie said, you don't even think it's possible [that your hair loss was caused by age]. Is that your testimony?***

A. ***Yes***.[23]

After the discussion with Dr. Roberie, Plaintiff continued to express concern to other doctors about her hair loss, further underscoring that she did not believe Dr. Roberie's statement about age-based hair thinning. Plaintiff attended multiple follow-up appointments with her oncologist, Dr. Zoe Larned, between 2009 and 2011, as well as an appointment with her dermatologist, Dr. Martin Claiborne, in July 2009.[24] Plaintiff complained several times about thinning hair loss to Dr. Larned and Dr. Claiborne, but never inquired about the potential cause of her hair loss.[25] Neither doctor gave Plaintiff any alternative causes, clinical diagnoses, or promises that hair growth may take longer than expected.[26] Yet, Plaintiff engaged in no further diligence, despite believing that her hair loss was caused by Taxotere. Plaintiff's lack of investigation is insufficient as a matter of law to show that her conduct was reasonable.

The *Thibodeaux* court held that Plaintiff was required to investigate the publicly available information that allegedly linked Taxotere with persistent alopecia. 995 F.3d at 393–94. The *Durden* court further clarified that Plaintiff cannot rely on a diagnosis she did not reasonably believe to argue she had no duty to investigate further. 2021 WL 2373490, at \*7 (*contra non valentem* does not apply where a doctor offers an alternative diagnosis but a plaintiff fails to show

---

[23] Rec. Doc. 9481-5 Dec. 7, 2017 Kahn Dep. 274:6–8; 276:15–21 (Ex. S to Defs.' Reply in Support of Mot. for Summ. J. Based on the Statute of Limitations) (emphasis added).

[24] *See* Rec. Doc. 9295-1 ¶¶ 18, 25–26; *see also* Rec. Doc. 9481 Jan. 31, 2018 Kahn Dep. 44:9–45:21, 53:11–17 (Ex. T to Defs.' Reply in Support of Mot. for Summ. J. Based on the Statute of Limitations).

[25] *Id.*

[26] *Id.*

she "reasonably believed" the diagnosis).  Plaintiff's inquiry with Dr. Roberie was insufficient as

a matter of law to create a jury question under the Fifth Circuit's ruling in *Durden*.

      **C.**      **Plaintiff Too Is Charged with All Information a Reasonable Investigation Would Have Uncovered.**

In *Thibodeaux*, the Fifth Circuit held a reasonable investigation includes steps that show

diligence, such as an inquiry with a doctor and independent research on the internet.  995 F.3d at

393.  In denying Sanofi's motion for reconsideration in *Kahn*, this Court held that, because Plaintiff

inquired with Dr. Roberie, a jury would need to decide if Plaintiff "should have conducted her own

research at some point before 2016."[27]   This Court determined it "need not speculate [what a

reasonable inquiry would have uncovered] and will not automatically charge Kahn with

knowledge of the information available on the internet, as the Fifth Circuit did for the *Thibodeaux*

Plaintiffs."[28]

Under *Durden*, Plaintiff here has not put forth sufficient record evidence that presents a

jury question regarding Plaintiff's inquiry with Dr. Roberie.  Because Plaintiff never investigated

if Taxotere caused her injury (even in spite of her subjective beliefs that it was the cause) and

because she did not believe Dr. Roberie's statement about aging, the undisputed facts foreclose

Plaintiff's argument that she engaged in a reasonable investigation.  This Court accordingly cannot

rely on Plaintiff's discussion with Dr. Roberie to hold a jury must assess whether Plaintiff should

have conducted an independent investigation.

Plaintiff was required to reasonably investigate Taxotere, including inquiries with a doctor

and independent research on the internet, and Plaintiff did neither.  The *Durden* plaintiff argued

that she did "a lot of research" regarding her hair loss and never uncovered its cause.  2021 WL

---

[27] Rec. Doc. 12805 at 6.

[28] *Id.* at 7.

2373490, at *7.   But the Fifth Circuit still held that "unspecified" research regarding "the *permanency* of her hair loss" did not satisfy the requirement that plaintiff explore Taxotere as a possible explanation.  *Id.*  Just like the plaintiffs in *Thibodeaux* and *Durden*, Plaintiff is charged with all knowledge that a reasonable investigation would have uncovered, which the Fifth Circuit has already determined would be "at least some information that linked Taxotere to persistent alopecia." 2021 WL 1560724, *7.  Under these facts, Plaintiff cannot argue the prescription period was tolled indefinitely and her claim was not time barred.  A holding to the contrary would directly conflict with the Fifth Circuit's detailed analysis of these issues under Louisiana law.  The Court should grant Sanofi's Motion to Reconsider and enter summary judgment in Sanofi's favor.

## CONCLUSION

For all of these reasons, Sanofi requests that this Court reconsider its April 7, 2020 Order denying Sanofi's motion for summary judgment on Plaintiff's claims and find them prescribed under the Fifth Circuit's recent rulings in *Durden* and *Thibodeaux*.

Respectfully submitted,

/s/ Douglas J. Moore                                     Harley V. Ratliff
Douglas J. Moore (Bar No. 27706)                         Jon Strongman
**IRWIN FRITCHIE  URQUHART & MOORE LLC**                 Adrienne L. Byard
400 Poydras Street, Suite 2700                           **SHOOK, HARDY & BACON L.L.P.**
New Orleans, LA  70130                                   2555 Grand Boulevard
Telephone: 504-310-2100                                  Kansas City, Missouri 64108
Facsimile:  504-310-2120                                 Telephone: 816-474-6550
dmoore@irwinllc.com                                      Facsimile:  816-421-5547
                                                         hratliff@shb.com
                                                         jstrongman@shb.com
                                                         abyard@shb.com

                                                         *Counsel for Sanofi Defendants*
                                                         *Sanofi US Services Inc. and*
                                                         *sanofi-aventis U.S. LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore

12