# EXHIBIT A

LAW OFFICES
GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.
2800 ENERGY CENTRE
1100 POYDRAS
NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL
STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

SAMUEL C. GAINSBURGH
(1926-2003)

JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

REPLY TO NEW ORLEANS OFFICE

May 4, 2021

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

> Re: *In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30495
> Appellants' Response to Rule 28(j) Correspondence from Appellees

Dear Mr. Cayce:

*Thibodeaux*[1] did not reject Appellant Durden's arguments regarding the timeliness of her suit under Louisiana law. But even if *Thibodeaux* was correctly decided,[2] Ms. Durden's case is night-and-day different.

First, *Thibodeaux* assumed without deciding "that the Appellants had the burden to establish" Louisiana's equitable-tolling doctrine of *contra non valentem*.[3] Here, Ms. Durden has squarely argued that the district court erred in requiring Ms. Durden to disprove prescription at summary judgment.[4]

---

[1] *In re Taxotere (Docetaxel) Products Liability Litigation*, 2021 WL 1560724 (5th Cir. Apr. 21, 2021) ("*Thibodeaux*").
[2] Appellants in *Thibodeaux* will be seeking rehearing en banc.
[3] 2021 WL 1560724, at *2.
[4] Opening Br. 19-21; Reply Br. 3-6.

Second, *Thibodeaux* agreed with the district court that the plaintiffs there acted unreasonably because they had "made no inquiry" whatsoever about their lack of hair regrowth after chemotherapy.[5] "None of the Appellants inquired with her doctor" or investigated another way.[6]

Here, a jury could conclude that Ms. Durden acted reasonably because:

1) She asked her doctors about her hair loss, and *four* doctors said it would grow back.[7]
2) Her doctors, unaware Appellees' prescription drug Taxotere could cause permanent hair loss, misdiagnosed her with conditions like "female pattern hair loss."[8]
3) Over the years, her hair slowly thickened on the sides of her head. A few "strings" on the top grew longer, but not thicker.[9] She used medication, shampoo, and shots to stimulate regrowth.[10] She reasonably believed her hair would regrow, and it did (but only to an extent).
4) She "did a lot of research" confirming her "hair was going to come back."[11]

Nothing in *Thibodeaux* suggests Ms. Durden's reliance on her doctors and her own research is unreasonable *as a matter of law* merely because her pleading mentioned a medical abstract or a newspaper article connecting Taxotere to reports of persistent hair loss.

Respectfully submitted,

*/s/M. Palmer Lambert*
M. Palmer Lambert
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163

---

[5] 2021 WL 1560724, at *6-7
[6] *Id*.
[7] Reply Br. 7-10 (collecting record cites including ROA.1421 ("[T]hey said it wasn't going to be permanent."))
[8] Reply Br. 8 (citing ROA.1455)
[9] Reply Br. 9 (citing ROA.1422-1425, 1428-1429, 1451, 1570).
[10] Reply Br. 9 (citing ROA.1431-1432, 1443-1444, 1446, 1454-1455, 1461-1462).
[11] Reply Br. p. 8 (citing ROA.1417).

Phone: 504-522-2304

*Co-Liaison Counsel for MDL Plaintiff/Appellant*

Cc: All Counsel (by ECF)

Case: 20-30495  Document: 00515848956  Page: 3  Date Filed: 05/04/2021