UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                        SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY AND ARGUMENT THAT TAXOTERE HAS
BEEN PROVEN SUPERIOR TO TAXOL - OR ANY DRUG OTHER THAN 5-FU –
OR THAT TAXOTERE GAVE PLAINTIFF THE "BEST CHANCE" OF
SURVIVING CANCER, OR THAT TAXOTERE GAVE HER THE "BEST
CHANCE" FOR PREVENTING HER CANCER FROM RETURNING**
(Motion *in Limine* No. 7)

---

**I.    INTRODUCTION**

Plaintiff respectfully moves to prevent all testimony and argument that (A) Taxotere has been proven superior to Taxol—or any drug other than 5-FU—or (B) that Taxotere gave Plaintiff the "best chance" of surviving cancer, or that Taxotere gave her the "best chance" for preventing her cancer from returning.

In *Earnest*, this Court granted in part and denied in part a similar motion.[1] This Court recognized that some argument would be over-the-top.[2] However, the Court determined that "the risk-benefit analysis particularly for this patient is absolutely relevant."[3]

---

[1] Rec. Doc. 8198 at 1.
[2] Ex. 1, 9/5/19 Hearing Tr. at 65:1-3, 67:7-8.
[3] *Id*. at 64:20-21.

1

As explained in this brief, this Court should grant Ms. Kahn's motion in full because Sanofi lacks any evidence to support the argument that Taxotere is more effective than Taxol in the risk-benefit analysis. Moreover, this Court now has the benefit of hindsight, and Sanofi's conduct in the *Earnest* trial shows that such argument or evidence would be irrelevant and unduly prejudicial.

## II.   ARGUMENT

### A. This Court should prevent Sanofi from overstating efficacy.

Sanofi will present no evidence at trial that Taxotere is more effective than Taxol. Moreover, Dr. Glaspy was clear on the degree of any efficacy benefit from Taxotere/Taxol over other drugs. Dr. Glaspy explained that early-stage breast cancer is highly survivable.[4] According to Dr. Glaspy there is a 0% chance that Taxotere saved her life compared to Taxol and about a 1 in 200 chance that Taxotere saved Ms. Kahn's life compared to other chemotherapy drugs. Dr. Glaspy initially testified that chemotherapy – not Taxotere - reduces the risk of death by 28%, from about 7-8% to about 4-5%.[5] However, Dr. Glaspy explained that there are non-Taxotere alternatives, which would have similarly reduced the risk of death. Significantly, Dr. Glaspy testified that there's a minor difference of about half a percent between "better" chemotherapy drugs like Taxotere and "less good ones":

> [T]here's about a 4 percent impact of chemotherapy, then you could tell someone that if you use the better ones, we're going to get that 4, and the less good ones will probably get a 3-1/2. I mean, when you're dealing with small numbers, there aren't big differences.[6]

Given Dr. Glaspy's testimony, Sanofi cannot argue affirmatively that Taxotere/Taxol were more effective, probably more effective, or even that Taxotere/Taxol made a "big difference"

---

[4] Ex. 2, Glaspy 5/13/20 Dep. at 43:19-23.
[5] Ex. 3, Glaspy 1/9/20 Dep. at 151:7-20. *Id.* at 144:17-146:8.
[6] *Id.* at 159:1-6. *See also* Ex. 2, Glaspy 5/13/20 Dep. at 146:23-148:22.

2

compared to "less good" alternatives. Rather, Dr. Glaspy testifies to about a 1 in 200 chance that Taxotere/Taxol were more effective than "less good" alternatives.

Furthermore, Dr. Glaspy's testimony about a 0.5% difference between Taxotere/Taxol and "less good" alternatives is so minimal that any argument in Ms. Kahn's case about efficacy is nothing more than equivocation, speculation, and conjecture. But the Fifth Circuit has held that "[a] perfectly equivocal opinion does not make any fact more or less probable *and is irrelevant* under the Federal Rules of Evidence." *Pipitone v. Biomatrix*, 288 F.3d 239, 245 (5th Cir. 2002) (emphasis added). Likewise, as the Supreme Court explained in *Daubert,* "[c]onjectures that are probably wrong are of little use, however, in the project of reaching a quick, final, and binding legal judgment—often of great consequence—about a particular set of events in the past." *Daubert v. Merrell Dow*, 509 U.S. 579, 597 (1993). Under *Pipitone* and *Daubert*, Dr. Glaspy simply does not support any argument that Taxotere/Taxol's efficacy benefit is more or less probable compared to "less good" alternatives. Accordingly, this Court should bar such argument.

B.  **There is no evidence that Taxotere gave Ms. Kahn the "best chance" to survive.**

This Court should prohibit any argument that Taxotere gave Ms. Kahn the best chance to survive or to beat her cancer because there is no evidence to support the argument. In the *Earnest* trial, Sanofi argued "the evidence has proven that a Taxotere regimen gave her the best chance to survive and the best chance to prevent her cancer from coming back…"[7] However, since the *Earnest* trial, Sanofi's expert (Dr. Glaspy) has made clear that he will not and cannot testify that Taxotere "gave Ms. Kahn the best chance to survive":

---

[7] Ex. 4, *Earnest* Trial Transcript at 2217:25-2218:5.

3

> Q. But you're not going to offer the opinion that Taxotere going into her treatment course gave Ms. Kahn the best chance to survive her diagnosis of early stage breast cancer, are you?
>
> A. No, I would -- my opinion is that the survival is best with *a taxane*.
>
> Q. Right.
>
> A. And there are two roads to that.[8]

Dr. Glaspy repeatedly testified in his deposition that Taxol and Taxotere are "equal in efficacy."[9] As a result, the evidence does not support an argument that Taxotere gave Ms. Kahn the "best chance to survive" or "the best chance to prevent her cancer from coming back."

This Court should limit argument by Sanofi's counsel to the actual evidence. As the Fifth Circuit has long held, "[i]n general, an attorney may not inject into his argument any extrinsic or prejudicial matter that has no basis in the evidence." *US v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978). This rule applies to all cases and all parties: "This is the law in civil suits as well as in criminal suits and for a plaintiff's attorney as well as for a defendant's attorney." *Id.*

This rule applies not only to opening and closing argument, but also to improper questions. *See Bufford v. Rowan Companies*, 994 F.2d 155, 158 (5th Cir. 1993) (improper for defense counsel, through argument and cross-examination, to create the impression that plaintiff's counsel selected a doctor to help plaintiff exaggerate their injury); *Thompson v. Chicago*, 722 F.3d 963, 977 (7th Cir. 2013) ("The scope of cross-examination … is subject to Rule 403 balancing, however."); *Brown v. Royalty*, 535 F.2d 1024, 1026-1027 (8th Cir. 1976) (defense counsel, through improper cross-examination and closing argument, created false impression that defendant did not receive traffic ticket); *Simpson v. City of Maple Heights*, 720 F. Supp. 1306, 1308 (N.D. Ohio 1989)

---

[8] Ex. 2, Glaspy 5/13/20 Dep. at 132:2-11 (emphasis added).
[9] *Id.* at 107:23-25. *See id.* at 89:2-4 ("And I do not believe Taxotere is, from an efficacy standpoint, more effective than Taxol."). *See also id.* at 55:10-16, 89:2-91:25, 95:12-15, 106:17-20, 129:13-131:25.

4

(through improper questioning, "Defense counsel attempted to minimize any potential damage award by demonstrating that the Plaintiff's physical and psychological injuries primarily stemmed from a history of abusive relationships rather than from the incident in question.").

Accordingly, federal courts routinely bar commentary by counsel about *possible* facts that the parties have not demonstrated by evidence. *See Stollings v. Ryobi Techs.*, 725 F.3d 753, 761 (7th Cir. 2013) ("[N]o admissible evidence supported the argument."); *Thompson*, 722 F.3d at 979 (defense counsel's closing statement that misstated the evidence and misled jury); *Wharf v. Burlington N. R.*, 60 F.3d 631, 638 (9th Cir. 1995) (defense counsel misled jury into believing that it had not terminated the plaintiff) ("If Wharf had known he had been fired, he could have asked for additional damages from the jury."); *Rodgers v. Hyatt*, 697 F.2d 899, 901 (10th Cir. 1983) (defense counsel referenced facts not supported by the record); *Ayoub v. Spencer*, 550 F.2d 164, 170 (3d Cir. 1977) ("The remarks of counsel were required to be confined to the evidence admitted in the case and reasonable inferences drawn therefrom."); *Oslund v. State Farm*, 242 F.2d 813, 817 (9th Cir. 1957) ("Counsel was clearly stating as facts things not in evidence. There were no facts in evidence from which any such 'inference' could be logically made.").

Specifically, the Fifth Circuit has held that it is improper for counsel to opine where expert testimony is lacking:

> Counsel's improper statements in summation is a continuing problem in this Court in civil and criminal jury trials. The purpose of summations is for the attorneys to assist the jury in analyzing, evaluating, and applying the evidence. **It is not for the purpose of permitting counsel to "testify" as an "expert witness."** The assistance permitted includes counsel's right to state his contention as to the conclusions that the jury should draw from the evidence. Therefore, an attorney's statements that indicate his opinion or knowledge of the case as theretofore presented before the court and jury are permissible if the attorney makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence.

*Morris*, 568 F.2d at 401 (emphasis added). As noted in *Morris*, counsel cannot argue anything that requires expert testimony, unless the actual expert testimony supports counsel's argument.

5

For example, in *Hall v. Freese*, 735 F.2d 956 (5th Cir. 1984), the Court ordered a new trial due to defense counsel's prejudicial guesstimation that overuse of prescription drugs caused plaintiff's injuries:

> The defense presented absolutely no evidence to support its suggestion that Hall's disability was caused by the use of drugs. In fact, the only opinion expressed by any witness in this regard was that Hall's condition was not caused by drug use. The evidence did show that Hall took a large quantity of prescription drugs, but did not establish that any of these drugs was prescribed improperly. Under the circumstances, the defense attorneys' repeated references to drug use as the probable source of Hall's disability were wholly unjustified and were unfairly prejudicial to Hall's case.

*Id.* at 961. The Court emphasized that "deliberately misstating the record or arguing outside the record [does not] serve any remote purpose for which a trial is intended." *Id.* at 962.

Similarly, in *Berguido v. E. Air Lines*, 35 F.R.D. 200 (E.D. Pa. 1964), the Court held that defense counsel made improper argument as to alternate causation without evidentiary support:

> The argument concerning the possible mechanical failure of the aircraft was certainly without an evidentiary basis, in that all evidence concerning the plane was to the effect that it was functioning well when it left Miami, and up to the time of the crash, none of its crew reported any malfunctions, and subsequent to the accident the parts which could be tested were found to be in good working order. This evidence was uncontradicted and there was no evidence on which to argue mechanical failure. The fact that the jury might be aware how fast mechanical failure can develop, and the fact that another pilot on the same night had trouble with his plane, could not support an inference that the aircraft in question suffered a mechanical failure which was the cause of the accident.

*Id.* at 210. *See id.* ("[T]here was no evidence as to the location of the truck relative to the glide slope and, therefore, its presence could not be used to show that it caused a deflection in the I.L.S. which may have caused the accident, and it was prejudicial to do so.").

The case law is clear that counsel cannot argue outside the evidence. In Ms. Kahn's trial, the evidence will not support any argument that Taxotere or "a Taxotere regimen gave her the best chance to survive and the best chance to prevent her cancer from coming back." As a result, this Court should bar Sanofi's counsel from making similar efficacy arguments at Ms. Kahn's trial.

6

    **C. Any possible probative value of allowing such evidence is substantially outweighed by the danger of undue prejudice and jury confusion.**

It is well-established that "[c]ounsel is not permitted to make an appeal to passion or prejudice calculated to inflame the jury." *US v. Crooks*, 83 F.3d 103, 107 n.15 (5th Cir. 1996). Even where evidence is otherwise admissible, this Court should prevent prejudicial argument about the weight or application of evidence. *See Llaguno v. Mingey*, 763 F.2d 1560, 1569 (7th Cir. 1985) (error to allow "the defense to dwell in obsessive detail on the crimes that the police were investigating").

Nobody contests that highly survivable early stage breast cancer needs to be treated. And nobody contests that Taxotere has some effectiveness in some patients. But whether chemotherapy is an effective treatment option for patients like Ms. Kahn is not an issue in this trial. Whether Sanofi warned of PCIA is the issue, yet Sanofi attempts to improperly interject that Taxotere's superior efficacy makes it the *only or best choice* over other options. This is problematic because Sanofi can point to no scientific support for its argument, its own experts disagree with this argument, and the 5th Circuit precedent forbids such improper argument from Sanofi's counsel.

Thus, any such evidence should be excluded under Fed. R. Evid. 403.

**III.    CONCLUSION**

For these reasons, Plaintiff respectfully requests that this Court preclude Sanofi and its witnesses from offering, or trying to offer, any comments, references, testimony, argument, or evidence that Taxotere has been proven superior to Taxol - or any drug other than 5-FU - or that Taxotere gave Plaintiff the "best chance" of surviving cancer, or that Taxotere gave her the "best chance" for preventing her cancer from returning.

Dated: June 17, 2021                                    Respectfully submitted,

*/s/ Christopher L. Coffin*                             */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                          Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                        GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                         6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                            Los Angeles, California 90045
Phone: (504) 355-0086                                   Telephone: 510-350-9700
Fax: (504) 355-0089                                     Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                  kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                           *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                  */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                              Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                               BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                 New Orleans, LA 70139
New Orleans, LA 70163-2800                              Phone: 504-524-3300
Phone: 504-522-2304                                     Fax: 504-524-3313
Fax: 504-528-9973                                       barrios@bkc-law.com
plambert@gainsben.com

                                                        *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                            Abby E. McClellan
Andrews Thornton Higgins Razmara, LLP                   Stueve Siegel Hanson LLP
2 Corporate Park, Suite 110                             460 Nichols Road, Suite 200
Irvine, CA 92606                                        Kansas City, MO 64112
Phone: (800) 664-1734                                   Phone: (816) 714-7100
aa@andrewsthornton.com                                  Fax: (816) 714-7101
                                                        mcclellan@stuevesiegel.com


J. Kyle Bachus                                          Karen Barth Menzies
Bachus & Schanker, LLC                                  Gibbs Law Group LLP
101 W Colfax Ave, Suite 650                             6701 Center Drive West, Suite 1400
Denver, CO 80202                                        Los Angeles, CA 90045
Phone: (303) 222-2222                                   Phone: 510-350-9700
Fax: (303) 893-9900                                     Fax: 510-350-9701
kyle.bachus@coloradolaw.net                             kbm@classlawgroup.com

8

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

9

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

        */s/ Dawn M. Barrios*
        DAWN M. BARRIOS