UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

           SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039.

---

### DEFENDANTS' OMNIBUS MOTIONS *IN LIMINE*

---

Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi") respectfully submit the following Omnibus Motions *in Limine* pursuant to Case Management Order 14J:

1. Motion to Preclude Evidence or Argument Concerning the Purported Moral or Ethical Duties of Pharmaceutical Drug Manufacturers.

2. Motion to Preclude Evidence or Argument Concerning Purported Legal Duties and Conclusions.

3. Motion to Preclude Evidence or Argument Concerning Other Lawsuits, Claims, or Investigations Against Defendants and/or Other Sanofi Entities.

4. Motion to Preclude Evidence or Argument Concerning Complaints and Lawsuits Against Other Manufacturers of Docetaxel.

5. Motion to Preclude Evidence or Argument Concerning Adverse Event Reports or Other Complaints Involving Patients Other Than Plaintiff.

6. Motion to Preclude Evidence or Argument Concerning the Presence, Absence, or Identity of Defendants' Corporate Representative at Trial.

7. Motion to Preclude Evidence or Argument Concerning Defendants' Executive and/or Employee Compensation.

8. Motion to Preclude Evidence or Argument Concerning the Cost of Taxotere and Prescription Drug Pricing Generally.

9. Motion to Preclude Evidence or Argument Concerning Defendants' Corporate Finances or Employment Decisions.

10. Motion to Preclude Evidence or Argument Concerning Expert Opinions that Have Been Disclaimed and/or that Exceed the Scope of Plaintiff's Experts' Rule 26 Disclosures and Deposition Testimony.

11. Motion to Preclude Evidence or Argument Concerning Defendants' Corporate Intent, Motives, or State Of Mind.

12. Motion to Preclude Evidence or Argument Concerning Defendants' Corporate Integrity Agreements, Government Investigations or Settlements, or Any Other Alleged "Bad Acts" Unrelated to Taxotere.

13. Motion to Preclude Evidence or Argument Concerning Specific Litigation Conduct.

14. Motion to Preclude Evidence or Argument Concerning Alleged Fraud on the FDA.

15. Motion to Preclude Reference to PCIA as "Common".

16. Motion to Preclude Evidence or Argument Concerning What Ms. Kahn Would Have Done Differently if She Had Been Given Different Risk Information by Her Prescribing Oncologist.

17. Motion to Preclude Evidence or Argument Concerning Sanofi Promotional and/or Marketing Materials Not Possessed or Relied On by Ms. Kahn or Her Prescribing Physician.

18. Motion to Preclude Evidence or Argument Concerning Non-Expert Causation Testimony.

19. Motion to Preclude Evidence or Argument Concerning Plaintiff's Motive and/or Mental State.

20. Motion to Preclude Evidence or Argument Regarding Sanofi Sales Representatives, and to Exclude Sales Representative Witness Testimony.

21. Motion to Preclude Evidence or Argument Concerning Correspondence Between DDMAC and Sanofi.

22. Motion to Preclude Evidence or Argument Referring to Sanofi as a "French" or "Foreign" Company.

23. Motion to Preclude Evidence or Argument Concerning FAERS Signal Evaluation.

24. Motion to Preclude Evidence or Argument Regarding Foreign Labeling and Regulatory Actions.

25. Motion to Preclude Evidence and Argument that "Ongoing Alopecia" Data Observed in the TAX316 and GEICAM 9805 Clinical Trials Represents Evidence of "Persistent," "Permanent," or "Irreversible" Alopecia.

26. Motion to Preclude Evidence or Argument Regarding Shirley Ledlie, any "Taxotears" or Other Third Party Advocacy or Communications Group or Group Members, facebook voices page, And Intouch Solutions.

27. Motion to Preclude Evidence and Argument Regarding Company Conduct that Post-Dates Plaintiff's Chemotherapy Treatment.

28. Motion to Preclude Evidence and Argument Concerning FDA's January 2011 Warning Letter and Corresponding 483 Inspection.

29. Motion to Preclude Evidence or Argument That Plaintiff's Actinic Keratosis was Caused By Taxotere or PCIA, or Claiming Damages Therefor.

30. Motion to Preclude Evidence or Argument Concerning the Use of Cold Caps.

31. Motion to Preclude Evidence or Argument Concerning the Canadian Informed Consent.

32. Motion to Preclude Evidence or Argument Concerning Dr. Kessler or his Role in the U.S. Government's Covid-19 Response Team.

33. Motion to Preclude Duplicative Expert Testimony.

34. Motion to Preclude Punitive Damages Evidence.

35. Motion to Preclude Evidence or Argument Regarding Dear Health Care Provider Letters.

Defendants specifically reserve the right to file additional motions *in limine* in the event further issues arise prior to trial or if additional evidence or testimony is adduced during pretrial proceedings or trial.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*