UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)             MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR RECONSIDERATION ON WARNINGS CAUSATION

Defendants sanofi-aventis US LLC and Sanofi US Services, Inc. ("Sanofi") respectfully submit the decision in *In re Taxotere (Docetaxel) Products Liability Litigation*, No. 20-30229 (5th Cir. July 1, 2021) (*Gahan*) (unpublished) (attached as **Exhibit A**)[1] as supplemental authority in support of Sanofi's Motion for Reconsideration in *Kahn*.[2]

In *Kahn*, this Court denied Sanofi's Motion for Summary Judgment on Warnings Causation by applying a chemotherapy-specific framework that relied in part on Plaintiff's testimony as to what *she* would have done if given a warning about permanent hair loss. Given its rulings in *Phillips* and now *Gahan*, the Fifth Circuit has rejected the analytical framework advanced by Plaintiff *and* the evidentiary rationale for denying Sanofi's Motion for Summary Judgment on Warnings Causation.

In *Kahn*, this Court accepted the warnings-causation framework advanced by Plaintiff:

> [T]he Court has discussed in prior rulings, *the chemotherapy decision-making process is unique*. The Court must consider not only whether an oncologist would have warned his or her patient of the risk of permanent alopecia *but also how patient choice then would have steered the conversation* and the ultimate prescribing decision.[3]

---

[1] Under Fifth Circuit Rule 47.5, the *Gahan* decision is unpublished.

[2] *See* Rec. Doc. 12536.

[3] Rec. Doc. 9888 at 4 (emphases added).

Applying this framework, the Court then addressed Plaintiff's testimony as to what *she* would have done with the benefit of hindsight in this hypothetical scenario:

> Plaintiff Kahn testified that if she "was told that Taxotere could have caused permanent hair loss, [she] would have asked what [her] other options were." Notably, when Kahn was given options regarding her initial treatment, she chose not to have a mastectomy; instead, she chose to see if chemotherapy would shrink her tumor, which it did, thereby allowing her to have a lumpectomy instead. Considering the evidence, the Court finds that there are fact issues for the jury to decide regarding how the conversation between Plaintiff and her doctor would have gone if they had known of Taxotere's risk.[4]

In *Phillips*, the Fifth Circuit declined to apply a chemotherapy-specific framework for warnings causation.[5] Rather, warnings causation under Louisiana law asks whether the *physician*'s decision to prescribe the drug at issue would have changed had a different warning been provided.[6] As the Fifth Circuit explained, "to the extent that patient choice is relevant, that relevance is cabined to helping [the Court] decide whether . . . [the doctor's] prescribing decision would have been different had *he* known that Taxotere's associated risk of alopecia was potentially permanent rather than temporary."[7] On reconsideration in *Kahn*, Sanofi argued that the Fifth Circuit's analysis in *Phillips* required the Court to assess whether Plaintiff's actions at the time of treatment would affect the doctor's prescribing decision, not what Plaintiff said she would do in hindsight.[8]

---

[4] *Id.* at 5.

[5] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 1526429, at *3 n.4 ("Under Louisiana state law, we find no support for this proposition and no occasion to deviate from binding caselaw to apply this standard.").

[6] *Id.* at *3.

[7] *Id.*

[8] May 26, 2021 Hr'g Tr. 6:8–12 ("But what the Fifth Circuit analyzed was what did you say *then*. Did you tell the doctor *then* that your physical appearance was so important to you that you wanted a chemotherapy option that wouldn't change your physical appearance[.]").

2

In *Gahan*, the Fifth Circuit confirmed that a plaintiff's subjective, after-the-fact testimony has no bearing on warnings causation. To the extent the patient's knowledge has any relevance to warnings causation, the Fifth Circuit explained, "[t]he relevant question [] is not what [Plaintiff] now testifies that she herself might have done. . . . The relevant question is what a *reasonable person* in [Plaintiff's] position would have done."[9] *Gahan*, decided under Colorado law, is on all fours with Louisiana law, which applies in *Kahn*. *See Hondroulis v. Schuhmacher*, 553 So. 2d 398, 412 (La. 1988) (adopting an objective, "reasonable patient" standard of causation). As such, reliance upon Plaintiff's testimony—given a decade after she received Taxotere—cannot serve as a basis for denying Sanofi's summary judgment motion.

As the Court is aware, before joining a clinical trial, Plaintiff signed a consent form that warned that "hair loss" was a potential side effect and that "[i]n some cases, side effects may be very serious, long-lasting, or may never go away."[10] Plaintiff trusted Dr. Kardinal's recommendation and consented to the randomized clinical trial involving Taxotere because she believed it gave her the best chance of survival.[11] There is no evidence that Plaintiff asked *any* questions about the many, serious side effects in the consent form. Nor is there any evidence that Plaintiff raised any issues about her hair or appearance with Dr. Kardinal that might have affected his prescribing decision had he been given a different warning. In fact, Dr. Kardinal was never even asked that question.[12] Under the Fifth Circuit's decisions in *Phillips* and now *Gahan*, Plaintiff has failed to raise a genuine issue of material fact on warnings causation.

---

[9] Ex. A at 4 (emphases added).

[10] Rec. Doc. 9300-1 ¶¶ 28–29 (Defs.' Statement of Undisputed Facts in Support of Their Mot. for Summ. J. on Warnings Causation).

[11] *Id.* at ¶ 31.

[12] May 26, 2021 Hr'g Tr. 3:7–14.

Accordingly, the Court should reconsider its Order denying Defendants' Motion for Summary Judgment on Warnings Causation in *Kahn* and grant summary judgment in Sanofi's favor.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
504-310-2100
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
816-474-6550
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

4