# EXHIBIT A

Case 2:16-md-02740-JTM-MBN   Document 15022-1   Filed 10/27/21   Page 2 of 6

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2021

Lyle W. Cayce
Clerk

No. 20-30229

In re: Taxotere (Docetaxel) Products Liability
Litigation

———————————————————

Kelly Gahan,

*Plaintiff—Appellant,*

*versus*

Sanofi-Aventis, U.S., L.L.C.; Sanofi U.S. Services,
Incorporated, *formerly known as* Sanofi-Aventis U.S.,
Incorporated,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-MD-2740
USDC No. 2:16-CV-15283

Before JOLLY, SOUTHWICK, and COSTA, *Circuit Judges*.
PER CURIAM:[*]

Plaintiff Kelly Gahan ("Gahan") was diagnosed with breast cancer in January 2013. In March, she began chemotherapy, taking the "TCH"[1] drug regimen under the supervision of Dr. Virginia Borges. Gahan's hair fell out during the course of chemotherapy, a common side effect of the treatment. Chemotherapy-induced hair loss is usually temporary, but allegedly Gahan's hair never grew back.[2] In December 2015, Gahan filed a complaint in the United States District Court for the District of Colorado alleging eight state law claims against the defendants (collectively, "Sanofi") under Colorado law. Her case was subsequently consolidated into MDL 2740: In re: Taxotere (Docetaxel) Products Liability Litigation and lodged in the United States District Court for the Eastern District of Louisiana. Two of Gahan's claims were dismissed earlier in the litigation. The district court granted summary judgment for Sanofi on her remaining six claims. Gahan now appeals that ruling with respect to five of her claims, two of which sound, respectively, in negligence and strict products liability and three of which are fraud-based.

I.

We review a grant of summary judgment *de novo*. *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (per curiam). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] "TCH" is an acronym for Taxotere, Carboplatin, and Herceptin, the three drugs included in the regimen.

[2] According to the defendants, her hair did begin to grow back as a result of some experimental treatment, but she discontinued that treatment before filing suit and hid this information during discovery.

R. CIV. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit." *Id.* We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor. *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020) (per curiam).

## II.

Dr. Kelly Gahan, a medical doctor, was diagnosed with breast cancer in 2013. Her oncologist, Dr. Virginia Borges, recommended a chemotherapy treatment regimen that included the prescription drug Taxotere. At that time, Taxotere was packaged with a label that warned of the risk of hair loss. The label, however, did not state that such hair loss might be permanent. Hair loss is a common side effect of chemotherapy, but usually a patient's hair grows back after completion of the treatment.

Despite the fact that the Taxotere label omitted any mention of the specific risk of permanent hair loss, Dr. Borges had actual knowledge that Taxotere could cause permanent hair loss because she knew three of her patients had suffered permanent hair loss after taking the drug. She conveyed this risk to Gahan. Nevertheless, because of its exceptional effectiveness, Dr. Borges decided to prescribe the Taxotere regimen. Furthermore, in this litigation, Dr. Borges testified unequivocally that she would have prescribed the drug regardless of any changes made to its warning label because it was such an effective treatment for the type of cancer from which Gahan was suffering.

The parties devote much of their briefing to discussing the learned-intermediary doctrine—how it applies to these facts, including Sanofi's duty to warn of permanent hair loss, to whom a duty to warn was owed, whether such duty was satisfied, and the consequences of any breach. The question of how the learned-intermediary doctrine applies, in medical prescription cases, when no warning was given to the doctor, has not been decided by the

Colorado courts. We find, however, that we need not address this question in order to decide this appeal.

The doctrine is irrelevant because, in order to recover on any of her claims, Gahan must establish that Sanofi's failure to adequately warn was a proximate cause of her injury. *See, e.g.*, *Oja v. Howmedica, Inc.*, 111 F.3d 782, 791 (10th Cir. 1997) ("[A]s with all tort claims, the plaintiff must prove the elements of causation and damages."). The undisputed facts do not allow her to do so. Like Dr. Borges, Gahan was specifically aware of the risk of permanent hair loss because Dr. Borges had told her about the three previous patients whose hair did not regrow. Moreover, Gahan, a medical doctor herself, had done her own independent research on the drug, during the course of which she discovered evidence linking Taxotere to permanent hair loss. In short, both Gahan and her doctor had actual knowledge of the risk of permanent hair loss, and nevertheless chose to proceed with the treatment anyway; it follows that the inadequate warning label, omitting a fact of which she was fully aware, could not have been a proximate cause of Gahan's permanent hair loss and thus that her claims sounding in products liability and negligence fail. Accordingly, we hold that the district court committed no error in dismissing these claims.

Perhaps we should note that, despite the fact that she had actual knowledge of the risk prior to undertaking the treatment regimen, Gahan testified that a warning noting the risk of permanent hair loss might have changed her decision to take Taxotere. The relevant question, however, is not what Gahan now testifies that she herself might have done. *See Hamilton v. Hardy*, 549 P.2d 1099, 1105 (Colo. App. 1976) ("[The patient's] right to recover must be resolved on an objective basis, i.e., what would a reasonable person in the plaintiff's position have decided if adequately informed?"), *overruled on other grounds by State Bd. of Med. Exam'rs v. McCroskey*, 880 P.2d 1188 (Colo. 1994) (en banc). The relevant question is what a reasonable person in Gahan's position would have done. *See id.* (after-the-fact

testimony that the patient "would not have taken [the drug at issue] had she been advised of this risk…would be, at best, self-serving, speculative, and, of course, subjective."). Here, a reasonable person, with all of the information that Gahan possessed, would not have changed her mind by reading a warning that told her what she already knew.

Aside from her negligence and products liability claims, Gahan also brought a number of claims of fraud against Sanofi. Under Colorado law, reasonable reliance is an essential element of any fraud claim. *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). The fact that Gahan conducted her own independent research and was advised of the very risk at issue undermines any claim of reliance on the defective warning. Thus her fraud claims fail for much the same reason as her negligence and strict liability claims. We affirm the district court's judgment dismissing Gahan's claims of fraud.

## III.

We conclude: No reasonable factfinder could conclude that the inadequate warning provided by Sanofi was a proximate cause of Gahan's permanent hair loss. The district court therefore committed no error in dismissing her claims based on negligence and strict products liability. We further conclude that no reasonable factfinder could conclude that Gahan relied on the Taxotere warning label in deciding to take the drug. The district court thus committed no error in dismissing her fraud-based claims.

For the reasons stated, the judgment of the district court is, in all respects,

AFFIRMED.