## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

              SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE REGARDING SANOFI'S <u>CORPORATE CHARACTER AND GOOD ACTS</u>

Plaintiff's motion to exclude evidence related to Sanofi's corporate character and "good acts" should be denied as vague, overbroad, and premature.  Even with Plaintiff having added a few outlier examples, Plaintiff's motion seeks to preclude ***all*** evidence of corporate character and good acts.  A blanket exclusion of all evidence that Plaintiff deems to fall within the scope of this motion, absent necessary context, still is premature and would result in unfair prejudice to Sanofi.  Similarly, Plaintiff's proposed alternate relief is improper because Plaintiff seeks to introduce irrelevant, highly prejudicial accusations that would mislead the jury and cause delays in an already lengthy trial.  Moreover, the specific examples of purported "bad acts" that Plaintiff sets forth in her motion are not relevant to the trier of fact and are seemingly intended to portray Sanofi negatively to the Court.  For these reasons, Plaintiff's motion should be denied.

  **A.**  **The Court Should Deny Plaintiff's Motion Because It Is Overly Broad, Vague, and Premature.**

Plaintiff seeks to exclude evidence about "Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as the general public good resulting from the use of its

pharmaceuticals."[1]  In doing so, Plaintiff identifies several examples, but she continues to seek a blanket order precluding any and all evidence of Sanofi's corporate character and good acts that is not limited to the examples in her bulleted list.[2]  Indeed, Plaintiff's requested relief contains no limitation to those examples: "Plaintiff respectfully requests that the Court preclude evidence about Sanofi's corporate character, reputation, good acts, or charitable contributions, as well as any general public good resulting from its manufacture of pharmaceuticals."[3]

Absent far more specificity, and without the full context for which such evidence may be offered at trial, the Court should deny Plaintiff's motion as overbroad, vague, and premature.[4]  *See, e.g.*, *Snider v. N.H. Ins. Co.*, No. 14-cv-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (denying motions *in limine* that did not identify specific evidence as "overly broad and vague"); *In re OMI Envtl. Sols.*, Nos. 12-cv-2298, 12-cv-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial" and, therefore, "raises no concrete evidentiary disputes for the Court to decide."); *Sellers v. Canada Life Assur. Co.*, No. 00-cv-1388, 2002 WL 58542, at *1 (E.D. La. Jan. 11, 2002) (denying motion *in limine* that "does not provide enough detail about specific items [defendant] believes should be excluded.").  The Court can address such evidence in context—if Sanofi offers any—at trial.

### B.   Plaintiff's Motion Should Be Denied Because Such Evidence May Be Proper Rebuttal Evidence or Necessary for Purposes of *Voir Dire*.

Plaintiff's motion should also be denied because such evidence may be essential for Sanofi

---

[1]  Rec. Doc. 12892-1 at 1.

[2]  *Id.* at 2.

[3]  *Id.* at 6.

[4]  To the extent Plaintiff argues that Sanofi should be precluded from offering evidence that Taxotere "saves lives," this too presents a reason for Plaintiff's motion to be denied.  *See* Sanofi Opp. to Pl.'s Mot. in Limine No. 14, filed concurrently herewith.

to establish its defense or rebut evidence presented by Plaintiff.  More specifically, Plaintiff may argue that Sanofi and its employees prioritized profits and concealed safety information from patients and doctors.  Such allegations are attacks on Sanofi and its employees and if Plaintiff pursues these narratives at trial, Sanofi must be allowed to defend itself with necessary, relevant evidence and testimony.

Moreover, although Sanofi does not intend to introduce evidence about its other products and medications, the parties may need to inquire during *voir dire* about whether potential jurors have been treated with Sanofi medicines or whether potential jurors have formed opinions concerning Sanofi based on recent events.  If potential jurors have experience with Sanofi medications (positive or negative), or if potential jurors have experiences with Sanofi based on recent events during the pandemic, either side may need to explore further to determine whether these experiences would influence the juror's view of this case.

### C.   Plaintiff's Motion Should Be Denied to the Extent Plaintiff Proposes to Present Evidence of Irrelevant and Largely Decade-Old Alleged "Bad Acts" of Sanofi.

Regardless of the admissibility of Sanofi's "good" acts at trial, the Court should deny Plaintiff's proposed alternative relief—that if Sanofi is permitted to submit character evidence, Plaintiff should be permitted to submit evidence of Sanofi's alleged "bad acts."[5]  Such "bad acts" evidence—consisting entirely of alleged conduct that has no connection to Taxotere—should be excluded at trial under any circumstances.  This includes, but may not be limited to, evidence regarding other Sanofi medications, pricing, government investigations and/or settlements, or Sanofi employment decisions having no bearing on this case and that should be excluded from

---

[5]   *See* Rec. Doc. 12892-1 at 5–6 (referencing conduct wholly unrelated to Taxotere, many of which post-date the date of Plaintiff's treatment).

trial.[6]  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").  Moreover, any marginal probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ."  Fed. R. Evid. 403.  Rule 403 requires exclusion of evidence and argument about Sanofi's corporate history because any possible probative value—*and there is none*—of the alleged conduct would be drastically outweighed by the unfair prejudice to the company.  This highly prejudicial evidence would invite the jury to decide this case on an improper, emotional basis, rather than on the merits of Plaintiff's claim.  *U.S. v. Cook*, 557 F.2d 1149, 1153 (5th Cir. 1977) (citing Fed. R. Evid. 403 advisory committee's notes).

Furthermore, allowing evidence of Sanofi's alleged "bad acts" would result in undue delay because Sanofi would be compelled to defend itself against Plaintiff's extraneous and purposefully inflammatory accusations, thereby resulting in a needless mini-trial on collateral issues.  *See* Fed. R. Evid. 403; *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403.") (internal quotation and citation omitted).  Accordingly, this Court should deny Plaintiff's motion and preclude Plaintiff from introducing evidence of Sanofi's "bad acts" at trial.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion *in Limine* to Preclude

---

[6]  *See* Rec. Doc. 12911-3 at 8 (Sanofi's Mot. in Limine Memo No. 3 to preclude evidence or argument concerning other lawsuits, claims, or investigations against defendants and/or other Sanofi entities), 26 (Sanofi's Mot. in Limine Memo No. 8 to preclude evidence or argument concerning the cost of Taxotere and prescription drug pricing generally), 28 (Sanofi's Mot. in Limine Memo No. 9 to preclude evidence or argument concerning defendants' corporate finances and employment decisions), 42 (Sanofi's Mot. in Limine Memo No. 12 to preclude evidence or argument concerning defendants' corporate integrity agreements, government investigations or settlements, or any other alleged "bad acts" unrelated to Taxotere).

Evidence Regarding Sanofi's Corporate Character and Good Acts.

Respectfully submitted,

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore