UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF HEALTHCARE COSTS AND INSURANCE AS A COLLATERAL SOURCE**

Plaintiff seeks to exclude evidence of certain healthcare costs associated with her care and treatment for breast cancer, persisting alopecia, and mental health care under Louisiana's collateral source rule. Plaintiff completely fails, however, to acknowledge the recent change in Louisiana's collateral source doctrine. Codified under Louisiana Revised Statutes § 9:2800.27, this new rule permits Sanofi to present evidence of collateral source payments from health insurance issuers, Medicare, or Medicaid to the Court after the jury has rendered its verdict. As such, evidence of collateral source payments is admissible.

Additionally, neither Louisiana Revised Statutes § 9:2800.27 nor Louisiana case law preclude defendants from presenting evidence of *attorney's* payment of his client's medical bills to the jury.[1] *See Vaughn v. Progressive Sec. Ins. Co.*, 2003-1105 (La. App. 3 Cir. 3/2/05), 896 So. 2d 1207, 1215. Indeed, evidence of an attorney's involvement in the payment of such costs is

---

[1] Should Plaintiff assert that she could not afford medical care related to her alopecia or mental health, Sanofi reserves the right to introduce evidence of Plaintiff's health insurance coverage. *See, e.g.*, *Lawson v. Trowbridge*, 153 F.3d 368, 380 (7th Cir. 1998) (recognizing that direct examination testimony of "financial weakness" puts that matter at issue in the trial) (citing *Kroning v. State Farm Automobile Ins., Co.*, 567 N.W.2d 42, 46 (Minn. 1997) ("[W]hen a plaintiff, through either the use of misleading statements or outright false statements, falsely conveys to the jury that he or she is destitute or in dire financial straits, the admission of evidence of collateral source payments received by the plaintiff is permitted.")).

relevant and admissible on the issue of bias.  *See Rogers v. Crosby Tugs, Inc.*, No. Civ. A. 11-2453, 2016 WL 9406114, at *1 (E.D. La. Jan. 22, 2016) (citing *Butler v. Rigsby*, No. Civ. A. 96-2453, 1998 WL 164857, *2 (E.D. La. Apr. 7, 1998); *Woodard v. Diamond Offshore Drilling, Inc.*, No. Civ. A. 99-1661, 2000 WL 275797, *1 (E.D. La. Mar. 9, 2000) (citing *United States v. Abel*, 105 S. Ct. 465, 466 (1984)).  As such, the Court should deny Plaintiff's Motion and permit the introduction of evidence that does not contravene Louisiana's new collateral source rule.

### A. Louisiana's New Collateral Source Rule Limits Plaintiff's Recovery.

Effective January 1, 2021, Louisiana's collateral source rule provides that:

> In cases where a claimant's medical expenses have been paid, in whole or in part, by a health insurance issuer or Medicare to a contracted medical provider, the claimant's recovery of medical expenses is limited to the amount actually paid to the contracted medical provider by the health issuer or Medicare, and any applicable cost sharing amounts paid or owed by the claimant, and not the amount billed.  The court shall award the claimant forty percent of the difference between the amount billed and the amount actually paid to the contracted medical provider by a health insurance issuer or Medicare in consideration of the claimant's cost of procurement, provided that this amount shall be reduced if the defendant proves that the recovery of the cost of procurement would make the award unreasonable.[2]

In the event a claimant's medical costs are paid, in whole or in part, by Medicaid, Louisiana law now stipulates that "the claimant's recovery of medical expenses actually paid by Medicaid is limited to the amount actually paid to the medical provider by Medicaid."[3]  Thus, although Sanofi may not present evidence of common collateral source payments—*e.g.*, evidence of healthcare costs paid by a true collateral source, such as medical insurance, Medicare, or Medicaid—to the

---

[2]  La. R.S. 9:2800.27(B).

[3]  *Id.* at 9:2800.27(C).

jury, the Court must consider such evidence after the jury renders its verdict in order to properly reduce any recovery for medical expenses.[4]

### B. The Collateral Source Rule Does Not Apply to Healthcare Costs Paid By Plaintiff's Counsel For Plaintiff's Visits to Drs. Antonella Tosti or Curtis Thompson.

Plaintiff alleges that she suffers from permanent alopecia caused by her Taxotere use. However, this conclusion was only drawn by dermatologists who have special financial relationships with Plaintiff's counsel. Plaintiff never received a medical diagnosis for her hair-loss complaints before filing this lawsuit. Indeed, despite having seen dermatologists in the past for other treatment, Plaintiff's alopecia was only diagnosed after being flown to a visit to Plaintiff's expert, Dr. Antonella Tosti, which was organized and paid for by Plaintiff's counsel for the purpose of this litigation.

More specifically, on September 4, 2020, Plaintiff had an appointment with Dr. Tosti for scalp biopsies.[5] Plaintiff's appointment with Dr. Tosti was coordinated and paid for by her attorneys—not at the recommendation of her oncologist or treating physician.[6] One of Plaintiff's attorneys even accompanied Plaintiff to this appointment.[7] Subsequently, at the direction of her counsel, Plaintiff's scalp biopsies were sent to Dr. Curtis Thompson, a dermatopathologist, located across the country in Oregon, for review.[8] Just as with Dr. Tosti, review of her scalp biopsy

---

[4]   *Id.* at 9:2800.27(F).

[5]   **Ex. A**, Sept. 29, 2020 Tosti Dep. at 38:2-4, 61:11-62:3.

[6]   *Id.* at 9:7-9 ("Q. You are an expert in this case that's been hired by the plaintiffs, correct? A. Yes."); *id.* at 43:10-13 ("Q. Just to be clear, Ms. Kahn is not your patient though, correct? . . . A. No, [she is] not my patient."); *id.* at 45:20-46:4 ("Q. With regard to the examination that you performed, did Ms. Kahn pay for it? . . . A. No, she didn't pay. Q. Who paid for it? A. The plaintiff. Q. The lawyers? A. Yes.").

[7]   *Id.* at 41:23-25 ("Q. You believe that a lawyer accompanied Ms. Kahn and her husband to Miami, correct? A. Yes.").

[8]   **Ex. B**, Sept. 23, 2020 Thompson Dep. at 9:23-10:9.

3

pathology by Dr. Thompson was coordinated and paid for by Plaintiff's counsel.[9]  Indeed, Dr. Thompson did not discuss his review of Plaintiff's biopsies with anyone other than Plaintiff's counsel.[10]

Any money paid by Plaintiff's counsel for Plaintiff's visit to Dr. Tosti, review of her pathology by Dr. Thompson, or any other medical treatment is not protected under Louisiana's collateral source rule and is therefore admissible.  *See Vaughn*, 896 So. 2d at 1215 ("prepayment of medical expenses by [plaintiff's] attorney does not satisfy the collateral source rule" where there is no evidence to prove that Plaintiff was not obligated to reimburse her attorney for those expenses).  Accordingly, Plaintiff's Motion *in Limine* should be denied to the extent it seeks to exclude evidence that counsel paid for Plaintiff's healthcare costs, including her visit to Dr. Tosti and Dr. Thompson's pathology review.

### C. Evidence That Plaintiff's Counsel Paid for Plaintiff's Healthcare Costs Is Also Admissible to Show Bias.

Evidence of attorney involvement in the payment of Plaintiff's healthcare expenses is also admissible to show bias, regardless of whether it qualifies as collateral source evidence.  *See Rogers*, 2016 WL 9406114 at *1 ("Evidence of a special relationship between an expert witness and legal counsel is relevant to demonstrate the possible bias of the expert witness. . . ."); *Woodard*, 2000 WL 275797 at *1 ("A party clearly has the right to inquire as to the bias or prejudice of any witness.") (citing *United States v. Abel*, 105 S. Ct. 465, 466 (1984) (holding that impeachment of

---

[9]  *Id.*

[10]  *Id.* at 28:24-29:6 ("Q.  Have you had any conversations with Dr. Tosti about the Kahn case?  A.  No. . . . Q. Beyond Ms. Kahn's attorneys, have you had conversations with anyone about the Kahn case?  A.  No."); *id.* at 45:19-22 ("Q. . . . Have you ever talked to Ms. Kahn?  A.  No.  Q.  Have you ever talked to any of her doctors? A.  No.").

a witness for purposes of establishing bias was permissible under the Federal Rules of Evidence)).[11]

Accordingly, evidence that counsel paid healthcare (and related) costs associated with Plaintiff's visits to Dr. Tosti and review of her pathology by Dr. Thompson are relevant to show these doctors' biases regarding their assessment of Plaintiff and the credibility of their opinions in this case. Indeed, the entirety of Plaintiff's alopecia care in this case was directed and funded by her attorneys, and Sanofi should be allowed to introduce such evidence to the jury.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion *in Limine* No. 2.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

---

[11] Courts in this Circuit have recognized exceptions to Louisiana's collateral source rule in the past. *See Global Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202-203 (5th Cir. 1995) (holding that "the collateral source rule does not require in all circumstances that the collateral benefit (insurance) be excluded from the evidence introduced at trial"); *Savoie v. Otto Candies, Inc.*, 692 F.2d 363 (5th Cir. 1982) (admitting evidence of maintenance benefits made by the employer to the plaintiff to show the plaintiff's status as a seaman at the time of his injury); *Bozeman v. State*, 2003-1016 (La. 7/2/04), 879 So. 2d 692, 700 (jointly admitted evidence of collateral source payments showing the amount of plaintiff's medical bill written off by the heath care provider).

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*