UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:


Elizabeth Kahn, Case No. 2:16-cv-17039.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
TO BAR PREJUDICIAL LITIGATION CONDUCT

　　　　The Court should deny Plaintiff's Motion for two reasons. First, Plaintiff has identified no example from *Earnest* or a prospective risk of Sanofi's counsel referencing his or her personal life or background warranting such an Order. Second, if the Court precludes Sanofi's counsel from using the terms "we," "us," or "our" (though Plaintiff again cites no examples from *Earnest*), this Court should preclude Plaintiff's counsel from doing the same.

　　**A.　Plaintiff Has Failed to Identify a Non-Speculative Risk of Sanofi's Counsel Referencing His or Her Personal Life or Background.**

　　　　From the two-week *Earnest* trial, Plaintiff identifies one reference by counsel to the Causeway Bridge. Reference to a local landmark, however, is a far cry from the concerns in the lone case cited by Plaintiff, *In re 3M Combat Arms Earplug Products Liability Litigation*, 2021 WL 918214 (N.D. Fla. Mar. 10, 2021). *In re 3M* is an MDL in the Northern District of Florida involving product liability claims brought by military service members against an earplug manufacturer.[1] Before a bellwether trial, the plaintiffs filed a motion in limine to prevent defendants' counsel from referencing their experience in the United State military (as the plaintiffs were all military service members) or on the University of Alabama football team (as the trial

---

[1] *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 365617, at *2 (N.D. Fla. Jan. 22, 2020); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1370 (J.P.M.L. 2019).

would be in Pensacola, 15 miles from the Florida-Alabama border).  Although the *In re 3M* court granted the plaintiff's motion without comment, the decision rests on the implicit rationale that references to counsels' military service or football career at the nearby University of Alabama would unfairly sway the jury.

While Plaintiff has borrowed generously from the *In re 3M* briefing,[2] the same concerns underpinning that case are missing.  Plaintiff has identified no example from *Earnest* or a prospective risk of Sanofi's counsel referencing his or her personal life or background that would unfairly sway the jury—*e.g.*, if counsel were a breast cancer survivor or a former member of the Louisiana State University football team.  Nor does Plaintiff identify examples of, let alone suggest how to police, the use of "exaggerated Louisiana accents."[3]  Plaintiff seeks the same relief as the *In re 3M* plaintiffs, but the facts do not align.  As a result, this Court should deny Plaintiff's Motion.

> **B.    If The Court Precludes Sanofi's Counsel From Using The Terms "We," "Us," Or "Our," The Court Should Preclude Plaintiff's Counsel From Doing The Same.**

The *In re 3M* plaintiffs also moved to preclude defendants' counsel from using the terms "we," "us," or "our" during trial.  Those plaintiffs cited multiple examples from pretrial hearing transcripts in support—*e.g.*, "[T]hat was a directive from the military to *us*."[4]  Again, Plaintiff's Motion lacks the same support, as it identifies no examples from *Earnest* or anywhere else.  For this reason alone, the Court should deny Plaintiff's Motion as speculative.  If the Court entertains

---

[2]  *See* **Ex. A**, Pls.' Omnibus Mots. in Limine and Mem. of Law at 11–12, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, (N.D. Fla. Feb. 19, 2021).  It appears Plaintiff has simply updated the names of the parties from *In re 3M* for her present Motion.

[3]  Rec. Doc. 12896-1 at 1.  Plaintiff also asks the Court to "preclude *all witnesses* and counsel from engaging in prejudicial litigation conduct, including . . . references to personal lives or backgrounds," *id.* (emphasis added), which may present challenges if Plaintiff is asked where she lives at trial.  **Ex. B**, Earnest Trial Tr. 1718:17–22 ("Q.  Could you please introduce yourself to the jury.  A.  My name is Barbara LeBlanc Earnest.  Q.  And tell these folks where you were born.  A.  New Orleans.  I'm from here.  Q.  All right.  Have you lived in Louisiana your whole life?  A.  Yes, I have.").

[4]  *See* Ex. A at 12 n.1 (emphasis added).

2

Plaintiff's Motion, however, it should preclude Plaintiff's counsel from using "we," "us," or "our" in reference to Plaintiff, which Plaintiff's counsel used throughout the *Earnest* trial. *See, e.g.*, Ex. B, Earnest Trial Tr. 2158:11–12 ("We put on a lot of evidence in this case, but it's a simple case."), 2158:16–18 ("We've also shown you that Sanofi knew that Taxotere causes PCIA, and that Barbara Earnest, unfortunately, as a result of this, must live with permanent baldness."), 2162:6–7 ("Now, we believe, ladies and gentlemen, in this case that we've proved this to you like this."), 2187:7–10 ("All you had to do was warn and none of us would be here. It's really simple. Almost feel like what we hear from the company is, 'Barbara get out of the way. We have more important things to do.'").

Succinctly put, the Court should continue to rely on trial counsel's expectations for professionalism, and should not prohibit them from being and acting as (and talking like) they are themselves, including earnest and simple identification of their side with their respective client.

## **CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion in Limine to Bar Prejudicial Litigation Conduct.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

3

>Harley V. Ratliff
>Jon Strongman
>Adrienne L. Byard
>**SHOOK, HARDY& BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile: 816-421-5547
>hratliff@shb.com
>jstongman@shb.com
>abyard@shb.com
>
>*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

>/s/ *Douglas J. Moore*