UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)     MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Elizabeth Kahn*, Case No. 2:16-cv-17039.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE TESTIMONY AND ARGUMENT REGARDING PLAINTIFF'S COUNSEL'S ADVERTISEMENTS

This Court granted in part and denied in part Plaintiff's motion on this same issue in *Earnest*, allowing Sanofi to submit evidence and argument of attorney advertisements as it related to Ms. Earnest.[1]  The same result is warranted here.

Like in *Earnest*, Plaintiff has made evidence of lawyer advertising central to the issues of timeliness, causation, and damages in her case.  Plaintiff has repeatedly argued that she learned her hair loss was permanent for the first time through a lawyer's advertisement in 2016, eight years after her treatment with Taxotere.[2]  Plaintiff further testified that after learning of her permanent hair loss through an advertisement, she did not seek a medical diagnosis of her hair loss or its

---

[1] Rec. Doc. 8206 ("Granted in part and denied in part. The Court will allow such testimony as it relates to Earnest only.").

[2] Rec. Doc. 9418 (Pl.'s Opp. to Sanofi's Mot. for Summ. J. Based on SOL) at 7 ("Ms. Kahn did not know she had suffered permanent alopecia—much less its risk from Taxotere—until she learned from a friend of an attorney advertisement in 2016 regarding litigation about Taxotere and permanent hair loss."); Rec. Doc. 10054 (Pl.'s Opp. to Sanofi's Mot. for Reconsideration on Prescription) at 3 ("As Plaintiff Kahn has already explained, she made reasonable inquires to three physicians, but was not on notice that she had suffered permanent hair loss caused by Taxotere until she learned about a lawyer advertisement in late 2016."); Rec. Doc. 12583 (Pl.'s Opp. to Sanofi's Second Mot. for Reconsideration on Prescription) at 7 ("Ms. Kahn did not attribute the lack of regrowth to Taxotere until 2016."); **Ex. A**, Dec. 7, 2017 Kahn Dep. 22:11–19 ("It was sometime during the summer or fall of 2016. . . .  I was talking to a very old friend of mine, and she was very hesitant, but told me, Have you seen the ads on TV, that there are lawsuits being held against the drug company that makes Taxotere, and that the suits were because of permanent hair loss."), 260:11–14 ("I had no clue that that was one of the side effects of Taxotere, until 2016.  I had no clue that a side effect of Taxotere was permanent hair loss.").

cause. She did not discuss either with any healthcare provider before filing suit later that year. She has not tried anything to help her hair complaints since then. In effect, she took such advertisements themselves as a diagnosis.

Having relied on testimony and argument regarding lawyer advertising to avoid summary judgment and set out her causation and damages claims, Plaintiff now moves to keep all such information from the jury. Plaintiff's Motion *in Limine* No. 4 (Rec. Doc. 12897) should be denied under the doctrine of judicial estoppel and pursuant to Rules 401, 402, and 403.

### A. Evidence of Lawsuit Advertising is Directly Relevant to the Viability of Plaintiff's Claim.

According to Plaintiff, after her treatment with Taxotere from May to October 2008, her hair never fully regrew.[3] For almost eight years, she waited for her hair to return, always expecting that it would.[4] Then, between July and September 2016, she realized that her hair loss was persistent when talking to a friend who told her "that there were lawsuits being held against the drug company that makes Taxotere, and that the suits were because of permanent hair loss."[5] This advertisement was a turning point for Plaintiff, as she described in opposing summary judgment on statute of limitations grounds: "Ms. Kahn did not know she had suffered permanent alopecia—much less its risk from Taxotere—until she learned from a friend of an attorney advertisement in 2016 regarding litigation about Taxotere and permanent hair loss."[6] Plaintiff again relied on this advertisement in opposing Sanofi's motions for reconsideration on prescription.[7]

---

[3]   *See* Rec. Doc. 9418 (Pl.'s Opp. to Sanofi's Mot. for Summ. J. Based on SOL) at 3.

[4]   *Id.* at 4.

[5]   Ex. A, Dec. 7, 2017 Kahn Dep. 22:14–19.

[6]   Rec. Doc. 9418 (Pl.'s Opp. to Sanofi's Mot. for Summ. J. Based on SOL) at 7; *see also id*. at 11 ("Ms. Kahn did not realize that her hair might never grow back, much less why her hair had not returned, until she was informed by a friend of an attorney advertisement linking Taxotere with permanent hair loss in 2016.").

[7]   *See* Rec. Doc. 10054 (Pl.'s Opp. to Sanofi's Mot. for Reconsideration on Prescription) at 3 ("As Plaintiff Kahn has already explained, she made reasonable inquires to three physicians, but was not on notice that she had

2

Based in part on this testimony and argument regarding attorney advertisements, the Court denied summary judgment on statute of limitations and Sanofi's motions for reconsideration regarding the same. The Court held that summary judgment was improper because "[a] jury will have to consider whether Plaintiff was reasonable in relying on such statements from her doctors and ***whether Plaintiff was reasonable in failing to attribute her injury to Taxotere until she learned of the attorney advertisement years after she sustained her injury***."[8] The Court reiterated its holding in its subsequent orders denying Sanofi's motions for reconsideration on this same issue.[9] Having intentionally and successfully relied on this evidence, Plaintiff is now judicially estopped from advancing the contrary position that it has no relevance to her case.[10]

"Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-mdl-2740, 2018 WL 5016219, at *3 (E.D. La. Oct. 16, 2018). Here, Plaintiff has asserted that lawsuit advertising was relevant to (and dispositive of) the timeliness of her claims. According to her, the 2016 lawsuit advertisement was not only the sole evidence that her hair loss was persistent when she filed her lawsuit suit in 2016, but it was the only evidence of persistent hair loss that a

---

suffered permanent hair loss caused by Taxotere until she learned about a lawyer advertisement in late 2016."); Rec. Doc. 12583 (Pl.'s Opp. to Sanofi's Second Mot. for Reconsideration on Prescription) at 7 ("Ms. Kahn did not attribute the lack of regrowth to Taxotere until 2016.").

[8] Rec. Doc. 9885 (Order and Reasons Denying Mot. for Summ. J. Based on SOL) at 8 (emphasis added).

[9] *See, e.g.*, Rec. Doc. 9946 (Order and Reasons Denying Mot. for Reconsideration on Prescription) at 2 ("The Court ruled that the jury must consider whether Kahn was reasonable in relying on such statements from her doctors and failing to attribute her injury to Taxotere until seeing an attorney advertisement."); Rec. Doc. 12805 (Order and Reasons Denying Sanofi's Second Mot. for Reconsideration on Prescription) at 6 n.16 (recognizing that "an attorney advertisement in 2016 describing the alleged link between Taxotere and permanent hair loss . . . prompted Kahn to take action and ultimately file her lawsuit.").

[10] *See* Rec. Doc. 12897-1 (Pl.'s Mot. in Limine No. 4) at 2 ("such evidence is irrelevant as it is wholly unrelated and has no bearing on any fact of consequence in determining this case.").

reasonable person in her shoes could have obtained at that time. The Court accepted Plaintiff's position in denying summary judgment and Sanofi's motions for reconsideration. Plaintiff's position was not advanced inadvertently. Accordingly, Plaintiff's Motion should be denied on the ground of judicial estoppel.

Even if the arguments in Plaintiff's Motion are not judicially estopped, the Motion should be denied under Rules 401 and 402. Evidence of lawyer advertisements is relevant in Plaintiff's case. Plaintiff testified that lawsuit advertisements she learned of in 2016 not only put her on notice of potential claims, but also served as the basis for her belief that Taxotere caused her specific injury at the time she filed suit. As noted above, Plaintiff maintains that the attorney advertisement informed her that she "suffered permanent alopecia," which was caused by Taxotere.[11] Plaintiff relied on these attorney advertisements for causation[12] prior to filing suit: Plaintiff did not consult a physician regarding her hair loss or seek a diagnosis of its cause between summer 2016 (the date she alleges she learned of her persistent hair loss caused by Taxotere) and the date she filed suit in December 2016.[13] Such advertisements bear on the basis and reliability of Plaintiff's causation and damages allegations and are relevant to her case.

In support of her Motion, Plaintiff cites to one reported opinion and six slip opinions purportedly excluding evidence of lawsuit advertising. The slip decisions are unavailable through standard online databases (Westlaw, LexisNexis, or PACER), and Plaintiff did not attach them as

---

[11] Rec. Doc. 9418 (Pl.'s Opp. to Sanofi's Mot. for Summ. J. Based on SOL) at 7.

[12] Ex. A, Dec. 7, 2017 Kahn Dep. 25:17–26:5 (noting that after learning of the attorney advertisement, she did some online research which revealed information "from law offices, you know, that are in the litigation" and "some other things besides law firms, but I don't remember what.").

[13] *Id.* at 257:9–13 ("Q. Have you ever -- through today's date, have you ever talked to any health care provider about whether Taxotere caused or contributed to your hair thinning? A. No.").

4

exhibits to her memorandum.[14]  A diligent search by Sanofi has produced only four of the six slip opinions.[15]  The Court should therefore disregard this authority.[16]

As for the one reported opinion and the four Sanofi has obtained, they do not support Plaintiff's motion.  None of the cases involved a plaintiff's own testimony or argument that she had seen lawsuit advertisements and that they caused her claim to accrue or supplied the causation or damages allegations stated in her complaint.  *See Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) (prohibiting references to advertising in FLSA class action context, where an individual's claim accrual and causation are irrelevant); *Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., ¶ 3(n) (E.D. La. Nov. 22, 2006) (making no mention of "advertising" whatsoever); *Barnett v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 06-cv-485, slip op., ¶ 3(n) (E.D. La. June 28, 2006) (same);[17] *Esquivel v. Johnson & Johnson*, July Term 2010, No. 1322, slip op., at ¶ F (Phila. Com. Pl. Ct. May 1, 2013) (precluding evidence of advertisements because it was only relevant to the hiring of legal counsel—not claim accrual, causation, or damages).  In *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op. at 2–3, (E.D. La. Apr. 18, 2017), Judge Fallon specifically noted that advertising information would be excluded "unless the information becomes relevant to the actions or

---

[14]  Plaintiff cited this same authority in *Earnest*. Sanofi therefore requested from Plaintiff's counsel copies of the slip opinions on August 1, 2019.  Plaintiff's counsel did not provide them.

[15]  *See* Rec. Doc. 7819-3 (*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, slip op., (E.D. La. Apr. 18, 2017)); Rec. Doc. 7843-2 (*Dedrick v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 05-cv-2524, slip op., (E.D. La. Nov. 22, 2006)); **Ex. B**, *Barnett v. Merck & Co., Inc. (In re Vioxx Prods. Liab. Litig.)*, No. 06-cv-485, slip op., at ¶ 3(n) (E.D. La. June 28, 2006); **Ex. C**, *Esquivel v. Johnson & Johnson*, July Term 2010, No. 1322, slip op., at ¶ F (Phila. Com. Pl. Ct. May 1, 2013).

[16]  The Court should disregard these purported authorities even if Plaintiff later provides them to the Court since Sanofi has been obviously prejudiced by its inability to review and respond to these opinions.  Sanofi additionally notes that the unreported decisions come almost exclusively from state courts outside Louisiana, casting further doubt on their pertinence to the substantive and evidentiary law here.

[17]  *Dedrick* and *Barnett* exclude only a narrow category of evidence suggesting "that Vioxx was taken off the market due to 'media hype'"—not the blanket prohibition Plaintiff seeks here.  Taxotere has never been taken off the market.  As such, these cases provide no guidance.

inactions of the specific Plaintiff." Such is the case here. Plaintiff has alleged that attorney advertising informed her of her "permanent alopecia" and guided her actions in this litigation. The intertwinement of Plaintiff's timeliness, causation, and damages arguments with lawsuit advertising make such advertising relevant in her case and warrant denial of Plaintiff's Motion. *See* Fed. R. Evid. 401, 402.

### B. Evidence of Lawsuit Advertising is Not Unduly Prejudicial

Unlike cases cited by Plaintiff, this evidence is relevant under the specific circumstances of Plaintiff's case. Indeed, the Court's holding that the jury must decide "whether Plaintiff was reasonable in failing to attribute her injury to Taxotere until she learned of the attorney advertisement years after she sustained her injury"[18] may entail the jury hearing evidence about the attorney advertisement and the circumstances surrounding Plaintiff's purported realization that her hair loss was permanent and caused by Taxotere. Excluding evidence and argument regarding lawyer advertisements and their content would hamstring Sanofi's limitations, causation, and damages defenses, causing substantial prejudice. *See* Fed. R. Evid. 403.

Plaintiff also requests exclusion of any testimony or evidence that lawsuit advertising "may have caused a spike in adverse events and/or adverse event reporting related to Taxotere."[19] Any adverse events and/or adverse-event reporting related to patients other than Plaintiff or which took place after Plaintiff's treatment with Taxotere in 2008 are wholly irrelevant to her claims.[20] Sanofi is not aware of any lawsuit advertising which took place before Plaintiff's treatment. Accordingly, at this time, Sanofi does not anticipate submitting any testimony or argument described by this

---

[18] Rec. Doc. 9885 (Order and Reasons Denying Mot. for Summ. J. Based on SOL) at 8.

[19] Rec. Doc. 12897-1 (Pl.'s Mot. in Limine No. 4) at 4.

[20] Rec. Doc. 12911-3 at 15 (Sanofi's Mot. in Limine No. 5), 105 (Sanofi's Mot. in Limine No. 27).

request at trial. Sanofi reserves its right to respond or object to this request or offer such evidence in the event that evidence of irrelevant adverse events or reporting is admitted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *In Limine* to Exclude Testimony and Argument Regarding Plaintiff's Counsel's Advertisements (Plaintiff's Motion *In Limine* No. 4, Rec. Doc. 12897) should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*