UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                 MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                            SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO PRECLUDE TESTIMONY AND ARGUMENT REGARDING THE PERSONAL USE OF TAXOTERE OR OTHER CANCER DRUGS BY ANY DEFENDANT EMPLOYEE WITNESS, EXPERT WITNESS, ATTORNEY, AND/OR FAMILY MEMBER, OR THEIR PERSONAL EXPERIENCES WITH CANCER**

Just as in *Earnest*, Plaintiff seeks to preclude evidence regarding the use of Taxotere or other cancer drugs by Sanofi employees, former employees, or their family members (or their experience with cancer). This request, however, is peculiar in light of the testimony solicited by the PSC from its own witness, Ruth Avila, in the *Earnest* trial. Indeed, Ms. Avila was the only witness who offered testimony about her personal experience with cancer at the *Earnest* trial.[1] Sanofi also views Plaintiff's request for witnesses to turn over their personal medical records as a prerequisite to testimony odd in this respect. Accordingly, Plaintiff's motion should be denied, or, at minimum, once again reserved for ruling at trial when the testimony can be considered in proper context.[2]

---

[1]   **Ex. A**, Avila Trial Tr. at 573:2-10 (E.D. La. Sept. 18, 2019) ("Q. That's all right. What were your impressions – you worked with Dr. Carinder. What were your impressions of him? A. I loved Dr. Carinder. He's a great guy. He's a good physician. I found him very up to date, very clinical. He went to all of the latest meetings. We had high-level clinical discussions. I sought out his advice when I got breast cancer. He was one of the physicians that I went to. I said: You know, tell me, is this the right thing that they want to do? I really respect him a lot.").

[2]   Rec. Doc. 8206 (Order deferring Pl.'s Mot. *in Limine* No. 6 to Preclude Testimony and Evidence Regarding Other Individuals' Personal Use of Taxotere and Personal Experience with Cancer); *see also* **Ex. B**, *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶3m (E.D. La. Nov. 22, 2006).

1

### A.  The Court Should Deny or Reserve Ruling on Plaintiff's Motion Because Such Evidence May Be Relevant to the Credibility of the Witness.

The Court should follow prior decisions in the *Xarelto* and *Vioxx* litigations by denying or deferring a ruling on the admissibility of shared condition evidence until it can be fully considered in the proper context for which it is being offered.[3]

For example, evidence of a witness's personal use of Taxotere would be admissible to rebut claims that Sanofi's employees or former employees knew or believed Taxotere was unsafe or hid risks or other important information from the public. If Plaintiff pursued this theme, Sanofi should be permitted to rebut it by presenting a defense that the Company did not relegate patient safety, which includes evidence that such witnesses and/or their family members use or have used Taxotere. This Court correctly held as much in the *Xarelto* litigation when it admitted testimony from one of the defendant's expert witnesses about his wife's treatment with Xarelto.[4]

Evidence of a witness's personal experience with cancer would also be admissible if offered in response to hypothetical questions about how that witness would feel about various side effects of chemotherapy. For example, in the deposition of Madeline Malia, Plaintiff repeatedly

---

[3] *See, e.g.*, **Ex. C**, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (Boudreaux)*, No. 2:14-md-02592 (Rec. Doc. 6254), Order and Reasons, at 4 (E.D. La. Apr. 18, 2017); **Ex. D**, *Plunkett v. Merck & Co., Inc.*, No. 05-cv-4046, Trial Tr. at 2053-55 (E.D. La. Feb. 15, 2006) (admitting evidence of a witness's personal use of Vioxx because it was relevant to the witness's credibility); *see also* Ex. D, *Plunkett* Trial Tr. at 1182-86 (E.D. La. Dec. 5, 2005) at 1182-86 (same); **Ex. E**, *Smith* Trial Tr. at 2505-07 (E.D. La. Sept. 21, 2006) (same); **Ex. B**, *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶3m (E.D. La. Nov. 22, 2006) (deferring ruling); **Ex. F**, *Reeves v. Wyeth*, No. 4:05-cv-00163, Order at 3 ¶6(h) [ECF No. 287] (E.D. Ark. July 26, 2006) (denying motion *in limine* to exclude evidence of personal use of hormone replacement therapy by any lawyer or witness as "more appropriately addressed at trial"); *but see* **Ex. G**, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (All Cases)*, Order and Reasons (May 26, 2017), at 1-3 (prohibiting Defendants from "elicit[ing] information about a witness's family member taking Xarelto without producing their medical records."); Ex. B, *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶5 (E.D. La. Nov. 22, 2006) (this decision is distinguishable from the court's order in ¶3m because it pertains specifically to testimony about use preceding a recall.).

[4] **Ex. H**, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig. (Boudreaux)*, No. 2:14-md-02592 (Rec. Doc. 6531-5), Trial Tr. at 1120:25-1121:11 (E.D. La. Apr. 28, 2017).

asked whether Ms. Malia would consider persistent hair loss "devastating." Ms. Malia's response was necessarily based on her experience watching her mother and sister navigate cancer treatment:

> Q. Okay. And as we saw from Dr. Bourgeois' abstract, he was talking about patients who continued to have persistent hair loss six months, a year, and more than two years afterwards. And this is an example of a woman with docetaxel-associated hair loss. Do you agree that this type of hair loss, as presented in this study would affect a woman's quality of life?
>
> . . .
>
> A. I can't comment beyond what my own personal experience has been.
>
> Q. That's what I'm asking. Would you consider that devastating?
>
> A. I think without having gone through it myself – I've seen my mom and sister go through it, and the whole experience was devastating.
>
> . . .
>
> Q. Okay. And so if a patient who six months, two years or more after her chemotherapy survived, hopefully, but continued to look like this, would you agree that this is a devastating side effect?
>
> . . .
>
> A. I can't comment beyond my own personal experience. And again, I think the whole experience of a cancer diagnosis is devastating. I can't comment as someone who's not had cancer how I would feel going through treatment and what the outset of that would look like.[5]

Should Plaintiff's motion be granted, however, Plaintiff's witnesses should be similarly precluded from offering testimony about their own experiences with Taxotere or cancer. Indeed, during the *Earnest* trial, Plaintiff's witness, Ruth Avila, was the only person called by either side to discuss her personal experience with cancer, which was testimony elicited by the plaintiff and seemingly

---

[5] **Ex. I**, Oct. 10, 2018 Malia Dep. at 118:24-121:2.

intended to bolster the witness and the prescribing physician's credibility.[6] Ironically, Plaintiff's Motion would prohibit Sanofi witnesses from using defensively and theoretically, what her counsel has used affirmatively and historically.

### B. Plaintiff Is Not Entitled To Discovery Regarding Medical Records Of Non-Party Witnesses Or Their Family Members.

Regardless of whether the evidence Plaintiff seeks to preclude is ultimately introduced at trial, the Court should nonetheless deny Plaintiff's demand that Sanofi produce the medical records of any non-party witness who discusses a personal experience with cancer or the personal use of Taxotere by herself or a member of her family.[7] Such an invasion of a non-party's personal privacy would be manifestly inappropriate—the medical condition of Sanofi's expert's, employees, or its employees' family members is not appropriate *quid pro quo*. Indeed, permitting testimony about personal use of the drug at issue where a witness's credibility has been challenged does not justify the wholesale invasion of that non-party witness's privacy (or the privacy of a family member) under Louisiana law. *See, e.g.*, *Davis v. American Home Prods. Corp.*, 98-2160 (La. App. 4 Cir. 1/15/99), 727 So. 2d 647, 650 ("Absent the existence of a statutory exception, permission from the non-party patients, or a contradictory hearing, the medical records of non-party patients are not discoverable in Louisiana.").

Plaintiff's motivation for seeking to admit these otherwise private medical records is solely to deter witnesses from offering testimony on their personal experiences with Taxotere and/or cancer. Because evidence of a witness's (or her family member's) personal use of Taxotere or personal experience with cancer may be relevant and admissible, Plaintiff should not be permitted to introduce evidence solely meant to harass or deter these witnesses from offering their testimony.

---

[6] Ex. A, Avila Trial Tr. at 573:2-10 (E.D. La. Sept. 2019).

[7] *See* Rec. Doc. 12898 (Pl.'s Mot. *in Limine* No. 6) at 3-4.

4

*See* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: . . . avoid wasting time [and] protect witnesses from harassment or undue embarrassment."). Moreover, if Plaintiff were permitted to introduce this evidence, it would consume unnecessary judicial resources and waste the Court's time with inevitably lengthy examinations of medical records that have no bearing on this litigation. *See id*; *United States v. Insaulgarat,* 378 F.3d 456, 466 (5th Cir. 2004) (holding that the district court did not abuse its discretion by excluding evidence that would result in undue delay or waste of time). Accordingly, Plaintiff's requested alternate relief should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should deny, or at minimum, reserve ruling on Plaintiffs' Motion *in Limine* No. 6.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com
***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*