# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:05CV00163 |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| | : | |
| LINDA REEVES | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| WYETH | : | DEFENDANT |

## ORDER

Pending are the parties' numerous motions in limine. Based on the findings of fact and conclusions of law, as well as statements of counsel, made at the hearing held on July 21, 2006, I rule as follows:

1. Plaintiff's Motion in Limine No. 4 To Preclude Argument Regarding the Preamble and Any Statement By the FDA Regarding Preemption (Doc. No. 180) is GRANTED based on an agreement between the parties.

2. Plaintiff's Motion In Limine No. 6 To Exclude Argument or References to Plaintiff's Diagnosis with Human Papilloma Virus (Doc. No. 183) is GRANTED because the prejudice outweighs the probative value.

3. Plaintiff's Motion in Limine No. 7 to Preclude Wyeth Employees and Former Employee Witnesses From Offering Opinion Testimony Which They are Unqualified to Offer, Which Has Not Previously Been Disclosed, and Which Lacks Appropriate Support Under Daubert (Doc. No. 185) is DENIED. If there is an attempt by these witnesses to present expert testimony at trial, Judge Wilson can address the issue then.

1

4. Plaintiff's Motion in Limine No. 8 to Preclude Wyeth's Counsel and Its Experts From Speculating on Other Causes of Breast Cancer that Have No Reliable Scientific Support (Doc. No. 187) is DENIED. However, the parties should attempt to agree on a limiting instruction describing known risk factors and biological plausibility.

5. Plaintiff's Motion in Limine No. 9 to Preclude Wyeth From Introducing Evidence or Testimony Based on New WHI Data or Further Analysis of Such Data (Doc. No. 188) is DENIED. If any issues arise at trial, Judge Wilson can address them.

6. Plaintiff's Motion in Limine Nos. 13 through 38 (Doc. No. 194) is GRANTED IN PART and DENIED IN PART:

    a. Plaintiff's Motion in Limine No. 13 -- "Lawyer-made" Lawsuits -- GRANTED in PART and DENIED in PART. Defendant may refer to information received by Plaintiff at a particular time but can not indicate that it came from a lawyer advertisement.

    b. Plaintiff's Motion in Limine No. 14(b)-(e)-- Painting Plaintiff's Lawyers in a Negative Light -- GRANTED in PART and DENIED in PART. Defendant may refer to information received by Plaintiff at a particular time but can not indicate that it came from a lawyer advertisement.

    c. Plaintiff's Motion in Limine No. 26 -- Newspaper Reports about Plaintiff -- is MOOT based on an agreement between the parties.

    d. Plaintiff's Motion in Limine No. 22 -- Absent Witness -- is held in ABEYANCE. For the issue to remain live, the parties must submit briefs regarding specific witnesses by 5 p.m. Wednesday August 2, 2006.

    e.    Plaintiff's Motion in Limine No. 23 -- Persons Not Sued -- is GRANTED. However, Defendant may raise this issue before Judge Wilson if there is case law to the contrary.

    f.    Plaintiff's Motion in Limine No. 27 -- Family's Use of HRT -- is GRANTED.

    g.    Plaintiff's Motion in Limine No. 28 -- Family History of Cancer -- is DENIED assuming that Defendant can present expert testimony and evidence of family history; otherwise, Defendant will be precluded from addressing this issue.

    h.    Plaintiff's Motion in Limine No. 29 -- Personal Use of HRT by Any Lawyer or Witness -- is more appropriately addressed at trial.

    i.    Plaintiff's Motion in Limine No. 30 -- Breast Cancer Statistics -- is MOOT based on an agreement between the parties that it must be addressed at trial.

    j.    Plaintiff's Motion in Limine No. 31 -- Cardiac Benefit -- is DENIED so long as the evidence is presented for the purposes of establishing that Defendant had a reasonable basis for promoting a cardiac benefit.

    k.    Plaintiff's Motion in Limine No. 32 -- Risk Factors -- is taken UNDER ADVISEMENT.  Defendant is directed to submit the relevant studies by 5 p.m., Thursday, July 27, 2006 with briefing.  Plaintiff's response must be filed by 5 p.m., Monday, July 31, 2006.

    l.    Plaintiff's Motion in Limine No. 35 -- Number of Premarin/Prempro Users -- is MOOT based on an agreement between the parties that it must be addressed at trial.

   m. Plaintiff's Motion in Limine No. 36 -- FDA approval -- is DENIED but the parties should attempt to agree on a limiting instruction.

   n. Plaintiff's Motion in Limine No. 38 -- Email Correspondence -- is GRANTED but Defendant may raise the issue again by pointing out the relationship between the parties and showing that the email is an admission.

 7. Defendant's Omnibus Motion in Limine (Doc. No. 206) is GRANTED IN PART, DENIED IN PART, and WITHDRAWN IN PART:

   a. Wyeth's Motion in Limine No. 1 to Bar Evidence or Argument that it was knowable prior to WHI that HRT could cause breast cancer is WITHDRAWN.

   b. Wyeth's Motion in Limine No. 2 to Barr Argument and Testimony Based on Nonexistent Failure to Warn Patient is GRANTED with regard to the legal duty to warn.

   c. Wyeth's Motion in Limine No. 3 to Bar Reference to Other Hormone Therapy Claimants or Cases and to Past Litigation Involving Other Wyeth Pharmaceutical Products is MOOT based on an agreement between the parties.

   d. Wyeth's Motion in Limine No. 4 to Bar Reference to Post-May 2000 Labeling Changes for Premarin and Prempro is DENIED but the parties should attempt to agree on a limiting instruction.

   e. Wyeth's Motion in Limine No. 5 to Bar Reference to Premarin/Prempro Sales Trends is GRANTED, except with regard to Plaintiff's prescribing physician.

4

    f.    Wyeth's Motion in Limine No. 6 to Bar Reference to the Profit Margin for Premarin and Prempro is taken UNDER ADVISEMENT.

    g.    Wyeth's Motion in Limine No. 9 to Exclude Hearsay Evidence will be addressed as the issues arise at trial.

    h.    Wyeth's Motion in Limine No. 10 to Exclude Evidence Regarding Foreign Labeling is DENIED. However, Plaintiff may present the evidence only on the issue of notice. The parties should attempt to agree on a limiting instruction

    i.    Wyeth's Motion in Limine No. 11 to Bar Evidence or Argument About the History and Events Leading to Wyeth's Inclusion of an Endometrial Cancer Warning in the Premarin Label is DENIED. Plaintiff can argue the connection between endometrial cancer and estrogen and that it triggers a duty to study estrogen plus progestin in breast cancer. In doing so, Plaintiff can present evidence of how the endometrial cancer/estrogen association was discovered. If Defendant argues that when FDA standards are met, it has no additional duties, Plaintiff may present evidence of Defendant's response to the discovery of the endometrial cancer/estrogen association and the FDA's response to Defendant.

    j.    Wyeth's Motion to Quash Trial Subpoenas and Motion in Limine No. 12 to Bar Presentation of Testimony of Kevin Beckwith and Jennifer Reynolds at Trial is DENIED. Given the limitations described by Plaintiff, there is some relevance. However, Plaintiff will be limited to the description given in oral argument.

  k. Wyeth's Motion in Limine No. 13 to Bar Reference to FDA Warning Letter is DENIED.

  l. Wyeth's Motion in Limine No. 14 to Bar Reference to the Corfman Memos is GRANTED except that Plaintiff may use the memo to address the issue of notice.

  m. Wyeth's Motion in Limine No. 15 to Bar Argument and Testimony that Hormone Therapy Initiated Plaintiffs Breast Cancers is WITHDRAWN.

  n. Wyeth's Motion in Limine No. 16 to Bar Argument and Evidence Regarding Low Dose Prempro is GRANTED. In order for the court to reconsider this ruling, Plaintiff, by 5 p.m., Thursday, July 27, 2006 must submit a brief addressing available technology (low-dose).

The parties must submit modified deposition designations within ten days of the date of this order.

IT IS SO ORDERED this 26th day of July, 2006.

            _/s/ Henry L. Jones, Jr._
            UNITED STATES MAGISTRATE JUDGE