## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO PRECLUDE DEFENSE COUNSEL FROM COMMENTING ON OR DISCUSSING CERTAIN MATTERS IN THE PRESENCE OF THE JURY OR POTENTIAL JURORS

In *Earnest*, this Court granted in part and denied in part Plaintiff's Motion on this issue. Specifically, the Court precluded the parties—not just defense counsel—from "(1) referencing any settlement negotiations; (2) referencing the number of attorneys involved in the litigation; and (3) evoking sympathy due to litigation crisis or pharmaceutical costs."[1]  The Court allowed the parties "leeway in cross-examination to elicit bias and to argue that testimony is litigation-driven."[2]

Once again, Plaintiff requests the Court to preclude defense counsel from commenting on or discussing a variety of unrelated matters in the jury's presence.  As in *Earnest*, Plaintiff's request to preclude only defense counsel from discussing matters of any kind is manifestly inequitable and should be rejected out of hand.  Further, each of the requests set out in Plaintiff's Motion is either unnecessary or unsupported by law, and the Court should deny Plaintiff's requests or, at the very least, maintain its ruling from *Earnest* on these issues. Because the issues identified are discreet and should be considered separately, further responses to each request are set forth below.

---

[1]    Rec. Doc. 8206 (Order and Reasons on *Earnest* Mot. *in Limine*) at 5.

[2]    *Id.*

A. **Any Comments, References, Testimony, or Evidence Regarding Settlement Negotiations, or Any Conduct or Statements Made in Reference or During Settlement Negotiations.**

At this time, Sanofi is not aware of any evidence described by this request that it intends to submit at trial. In particular, Sanofi is not aware of any testimony offered by the witnesses in its witness list or identified in its deposition designations, or evidence described in its exhibit list to which this request would apply.[3] As such, this request is unwarranted and premature, and should be denied. Sanofi reserves its right to respond or object to any attempt by Plaintiff to interpret or apply this request or any ruling thereon to exclude particular testimony, evidence, or argument offered by Sanofi. Sanofi further reserves its right to present evidence described by this request in the event that Plaintiff presents such evidence.

B. **Any Reference, Suggestion, or Inference Regarding the Number of Lawyers Representing Plaintiff; the Fact That Some of Plaintiff's Lawyers May Reside or Practice Outside of Louisiana; the Financial Status or Resources of Plaintiff's Lawyers; the Means of Travel or Accommodations of Plaintiff's Lawyers; and/or the Fact That Some of Plaintiff's Lawyers May Have Represented Other Clients in Other Pharmaceutical Cases or Specializations, or the Topics Involved in Those Other Matters.**

At this time, Sanofi is not aware of any evidence described by this request that it intends to submit at trial. In particular, Sanofi is not aware of any testimony offered by the witnesses in its witness list or identified in its deposition designations, or evidence described in its exhibit list to which this request would apply. As such, this request is unwarranted and premature, and should be denied. Sanofi reserves its right to respond or object to any attempt by Plaintiff to interpret or apply this request or any ruling thereon to exclude particular testimony, evidence, or argument offered by Sanofi. Sanofi further reserves its right to present evidence described by this request in the event that Plaintiff presents such evidence.

---

[3] Sanofi produced its witness list on June 3, 2021 and its exhibit list and deposition designations on June 10, 2021.

2

C.     **Any Comments, References, Attempts to Introduce Testimony or Evidence About, or Introducing Testimony or Evidence About, an Alleged "Litigation Crisis," "Lawsuit Crisis," "Lawsuit Abuse," or "Lawyer-Driven Litigation."**

To the extent Plaintiff seeks to exclude evidence of <u>lawyer- or litigation-driven science</u> in this request, it is well-settled that information tending to show that scientific evidence, including expert opinions, has been developed expressly for purposes of litigation is critical to the assessment of whether that evidence is reliable.  *See, e.g.*, *Burst v. Shell Oil Co.*, No. 14-CV-109, 2015 WL 3620111, at *2 (E.D. La. May 9, 2015), *aff'd* 650 F. App'x 170 (5th Cir. 2016) (courts assessing expert testimony consider whether experts "have developed their opinions expressly for purposes of testifying," and whether expert "is being as careful as he would be in his regular professional work outside his paid litigation consulting.") (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995) and *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997)); *see also Atl. Specialty Ins. Co. v. Porter, Inc.*, No. 15-CV-570, 2016 WL 6569346, at *2 (E.D. La. Nov. 4, 2016), *aff'd* 742 F. App'x 850 (5th Cir. 2018) (same); *Konrick v. Exxon Mobil Corp.*, No. 14-CV-524, 2016 WL 439361, at *2 (E.D. La. Feb. 4, 2016), *aff'd* 670 F. App'x 222 (5th Cir. 2016) (same); *Kidd v. Candy Fleet, LLC*, No. 16-CV-71, 2016 WL 6901937, at *4 (E.D. La. Nov. 23, 2016) (same); *Consol. Envtl. Mgmt., Inc.–Nucor Steel Louisiana v. Zen-Noh Grain Corp.*, 981 F. Supp. 2d 523, 539 (E.D. La. 2013) (same).  Plaintiff cites no legal authority excluding evidence or argument to the effect that proffered scientific evidence is lawyer- or litigation-driven, nor can she.[4]  There is no legal basis to exclude such evidence, and doing so would unfairly

---

[4]    As characterized in her memorandum, none of the cases Plaintiff cites mention scientific evidence at all.  Notably, the majority of Plaintiff's citations are to slip opinions not available through standard online databases (Westlaw, LexisNexis, or PACER) and not attached as exhibits to her memorandum.  *See* Rec. Doc. 12893-1 (Pl.'s Mot. in Limine Memo No. 8) at 4–5 (citing *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, MDL 2592 (E.D. La. Apr. 18, 2017); *Barnett v. Merck & Co., Inc. (In re Vioxx)*, No. 3:09-cv-10012, slip op., ¶3k (E.D. La. Nov. 18, 2011); *Dedrick v. Merck & Co., Inc. (In re Vioxx)*, No. 2:05-md-01657, slip op., at ¶3k (E.D. La. Nov. 22, 2006); *Cona v. Merck & Co., Inc.*, No. ATL-3553-05, slip op. at ¶t (N.J. Super. Ct. Mar. 28, 2006)).  Plaintiff cited these same cases in *Earnest*, and Plaintiff's counsel did not provide them despite a direct request from Sanofi on August 1,

3

prejudice both sides' ability to challenge, question, or contextualize the scientific arguments presented by their counterparts.  Evidence that scientific evidence or theories were developed in the context and for purposes of litigation is relevant and admissible under Rules 401 and 402, especially where, as here, Plaintiff did not seek a diagnosis or treatment of her hair loss between the date she alleges she learned of her persistent hair loss caused by Taxotere (from an attorney advertisement) and the date she filed suit in December 2016.[5]  Such evidence is not unduly prejudicial under Rule 403.  Excluding it would be.

As for references in Plaintiff's Motion to lawyers and litigation generally, Plaintiff and Defendant are both represented by counsel.  There is no danger that "any bias jurors may have against the legal profession" will unfairly prejudice one side or the other.[6]  That said, at this time Sanofi is not aware of any evidence or argument described by this request that it intends to submit at trial.  As such, this request is unwarranted and premature, and should be denied.  However, should Plaintiff introduce arguments referencing crises or misconduct in the pharmaceutical industry, drug or health care costs,[7] corporate intent, finances,[8] or compensation,[9] or otherwise impugning Sanofi's motives with respect to Taxotere or this litigation,[10] the company should be

---

2019.  After a diligent search, Sanofi has been able to locate only the *Xarelto, Barnett*, and *Dedrick* opinions.  Accordingly, the Court should disregard these cases.

[5]  *See* Sanofi's Opp. to Pl.'s Mot. *in Limine* No. 4 to Exclude Testimony and Argument Regarding Pl's Counsel's Advertisements at 4, filed concurrently herewith.

[6]  *See* Rec. Doc. 12893-1 (Pl.'s Mot. *in Limine* Memo No. 8) at 4.

[7]  *See* Rec. Doc. 12911-3 at 26 (Sanofi's Mot. *in Limine* Memo No. 8 to Preclude Evidence or Argument Concerning the Cost of Taxotere or Prescription Drug Pricing Generally).

[8]  *See* Rec. Doc. 12911-3 at 28 (Sanofi's Mot. *in Limine* Memo No. 9 to Preclude Evidence or Argument Concerning Defendants' Corporate Finances or Employment Decisions).

[9]  *See* Rec. Doc. 12911-3 at 24 (Sanofi's Mot. *in Limine* Memo No. 7 to Preclude Evidence or Argument Concerning Defendants' Executive and/or Employee Compensation).

[10]  *See* Rec. Doc. 12911-3 at 38 (Sanofi's Mot. *in Limine* Memo No. 11 to Preclude Evidence or Argument Concerning Defendants' Corporate Intent, Motives, or State of Mind).

allowed to challenge Plaintiff and her counsel's motives for filing the instant lawsuit and reference litigation industry practices in order to elicit bias and argue that testimony is litigation-driven.

> **D.   Any Statement, Suggestion, or Comments Before the Jury Venire, in Opening Statement, or in Closing Argument Regarding the Potential Adverse Effect That Could Result if the Jury Returns a Verdict in Favor of Plaintiff, Including But Not Limited to Suggestions That a Verdict for the Plaintiff Will Adversely Impact Pharmaceutical Companies' Incentive and/or Ability to Develop New Medications, the Ability of Any Member of the Jury to Purchase or Receive Medications in the Future, the Cost Of Medication, the Availability of Pharmaceutical Drugs to Individuals or Industries in the United States or Worldwide, the Stock Price of Defendant or Any Other Publicly-Traded Manufacturer, the Cost of Purchasing or Maintaining Health Insurance, or the Cost of Pharmaceutical Drugs to the Public.**

At this time, Sanofi is not aware of any evidence described by this request that it intends to submit at trial.  As such, this request is unwarranted and premature, and should be denied. However, should Plaintiff introduce arguments accusing Sanofi of placing its profits over the health and safety of Taxotere users, the company should be allowed to present a defense, which may necessarily include evidence of the cost to develop new life-saving medications and the cost of making those medicines available to patients in the U.S. and abroad.  Accordingly, this Court should deny Plaintiff's Motion or, at minimum, reserve ruling on this Motion until trial.

However, should the Court grant Plaintiff's Motion, Plaintiff should be equally precluded from making any "impassioned [or] prejudicial pleas intended to evoke a sense of community loyalty, duty and expectation."  *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238–39 (5th Cir. 1985).  Evidence or argument—which may include statements about Sanofi's moral or ethical duties,[11] the absence or presence of Sanofi's corporate representative at trial,[12] Sanofi's

---

[11]   *See* Rec. Doc. 12911-3 at 1 (Sanofi's Mot. *in Limine* Memo No. 1 to Preclude Evidence or Argument Concerning the Purported Moral or Ethical Duties of Pharmaceutical Drug Manufacturers).

[12]   *See* Rec. Doc. 12911-3 at 22 (Sanofi's Mot. *in Limine* Memo No. 6 to Preclude Evidence or Argument Concerning the Presence, Absence, or Identify of Defendants' Corporate Representative at Trial).

compensation structure[13] or corporate finances,[14] and the cost of Taxotere or other Sanofi medicines[15]—that "urge the jury to render its verdict based on passion and prejudice" are "inherently prejudicial." *Sjostrand v. Ohio State Univ.*, No. 2:11-cv-00462, 2014 WL 4417767, at *8 (S.D. Ohio Sept. 8, 2014); *see also Westbrook*, 754 F.2d at 1238–39.

> **E.     Any Comments, References, Statements, or Testimony Regarding Professional Associations, Trial Strategies, and Educational Seminars and Materials, Including But Not Limited to, Mass Torts Made Perfect (MTMP), The American Association For Justice (AAJ), The Reptile, The Jerry Spence Trial College, or Any Other Books, Seminars, and Educational Materials For Plaintiff Attorneys.**

At this time, Sanofi is not aware of any evidence described by this request with respect to plaintiffs' lawyers that it intends to submit at trial.  Specifically, Sanofi does not intend to introduce evidence regarding Mass Torts Made Perfect (MTMP), the American Association for Justice (AAJ), The Reptile, the Jerry Spence Trial College, or any other books, seminars, and educational materials for plaintiff attorneys.  As such, this request is unwarranted and premature, and should be denied.  However, to the extent Plaintiff puts such evidence at issue, Sanofi reserves its right to elicit testimony on the topic in order to demonstrate bias and to argue that testimony is litigation-driven.[16]

---

[13]  *See* Rec. Doc. 12911-3 at 24 (Sanofi's Mot. *in Limine* Memo No. 7 to Preclude Evidence or Argument Concerning Defendants' Executive and/or Employee Compensation).

[14]  *See* Rec. Doc. 12911-3 at 28 (Sanofi's Mot. *in Limine* Memo No. 9 to Preclude Evidence or Argument Concerning Defendants' Corporate Finances or Employment Decisions).

[15]  *See* Rec. Doc. 12911-3 at 26 (Sanofi's Mot. *in Limine* Memo No. 8 to Preclude Evidence or Argument Concerning the Cost of Taxotere or Prescription Drug Pricing Generally).

[16]  For example, should Plaintiff introduce arguments referencing crises or misconduct in the pharmaceutical industry, drug or health care costs, sales or marketing practices, or otherwise impugning Sanofi's motives with respect to Taxotere or this litigation, Sanofi should be allowed to introduce evidence of plaintiff litigation industry practices, professional organizations, and strategic and educational activities. *See* Rec. Doc. 12911-3 at 26 (Sanofi's Mot. *in Limine* Memo No. 8 to Preclude Evidence or Argument Concerning the Cost of Taxotere or Prescription Drug Pricing Generally), 38 (Sanofi's Mot. *in Limine* Memo No. 11 to Preclude Evidence or Argument Concerning Defendants' Corporate Intent, Motives, or State of Mind).

**F.     Any Comment or Reference Regarding the Compensation Paid to Any of Plaintiff's Experts in Cases Other Than the Case Being Tried. Alternatively, If Such Questioning is Permitted, Plaintiff Should Be Allowed to Elicit Testimony Regarding the Number of Cases Involved in the Other Litigation, the Issues Involved and the Impact of the Experts' Testimony on Those Cases.**

It is well-established that "an expert witness may be cross-examined about fees earned in prior cases to demonstrate bias." *Bello v. Horace Mann Companies*, No. 07-CV-4793, 2010 WL 11541596, at *2 (E.D. La. Mar. 11, 2010) (citing *Collins v. Wayne Corp.*, 621 F.2d 777, 783 (5th Cir. 1980) ("cross-examination of an expert witness regarding fees earned in prior cases is not improper.") (superseded by rule on other grounds); *see also Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 679, 682 (D. Colo. 1991) ("Defendant does have the right to cross-examine an expert witness concerning fees earned in prior cases."); *Wickersham v. Ford Motor Co.*, No. 9:13-CV-1192-DCN, 2017 WL 3783122, at *7 (D.S.C. Aug. 30, 2017) (noting weight of authority that "courts have allowed evidence of earnings from previous cases to establish a 'pattern of compensation'").

In suggesting otherwise, Plaintiff misconstrues *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751 (S.D.N.Y. 2003). That case makes clear that courts give cross-examiners "wide latitude [...] in exploring a witness's bias or motivation in testifying." *Cary Oil*, 257 F. Supp. 2d at 756–57. Accordingly, the Court there placed no restriction on counsel's ability to cross-examine witnesses not only on their hourly rate, but also on their total compensation overall. *Id.* (noting that "the plain language of [Rule 26] clearly refers to the expert's 'compensation,'" not just their rate, and citing *Boselli v. Se. Pennsylvania Transp. Auth.*, 108 F.R.D. 723, 725 (E.D. Pa. 1985) (ordering disclosure of the expert's compensation in the case, and of "the total of the compensation paid to such experts over the [prior] three years.")). Contrary to Plaintiff's characterization, what the court suggested should be "controlled" was discovery requests for experts' financial records—

a subject wholly irrelevant to Plaintiff's Motion *in Limine* to exclude references to experts' compensation at trial. *See id.* The Court indicated that the burdens of discovery should be balanced with the parties' need for such materials "in the preparation of cross-examination." *Id.* The Court did *not* suggest that "the inquiry should be limited" on cross-examination at trial.[17]

While cross-examination over expert compensation in other cases is permissible, that alone does not open the door to expansive detours into "the number of cases involved in the other litigation, the issues involved and the impact of the experts' testimony on those cases"—issues which have no bearing on the claims or defenses in Plaintiff's case, or on the experts' general credibility. Such information is irrelevant to Plaintiff's claims and invites improper consideration of how other courts, juries, and lawyers may have viewed the witness and is therefore unduly prejudicial. Plaintiff offers no legal support for this uncorrelated alternative request, and it should be denied as unduly prejudicial. *See* Fed. R. Evid. 403.

G.    **Any Comment or Reference Regarding How Much An Expert Is Being Paid In This Litigation, As Such Payments Often Reflect Work Benefitting All Plaintiffs In This MDL.**

"It is well-settled that examining an expert's compensation is relevant to bias and is permissible." *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, No. 05-CV-1182, 2008 WL 11351313, at *3 (E.D. La. Oct. 1, 2008). Indeed:

> The normal and appropriate function of cross-examination into the compensation an expert witness earns, <u>**either for services rendered in the case at bar or from forensic activities generally**</u>, is to expose bias-any personal interest the witness may have in arriving at the stated opinion.

*Id.* (internal quotes and cites omitted). Inquiry into an expert's compensation beyond the case at bar is relevant and permissible. *See, e.g.*, *id.*; *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. CV

---

[17]    Rec. Doc. 12893-1 (Pl.'s Mot. *in Limine* No. 8 to Preclude Defense Counsel From Commenting On Or Discussing Certain Matters In The Presence Of The Jury Or Potential Jurors) at 7.

07-6510, 2012 WL 12990384, at *6 (E.D. La. Oct. 17, 2012) (noting that the requirement to disclose compensation "should be considered in conjunction with the wide latitude courts tend to give cross-examiners in exploring a witness's bias or motivation in testifying," and that compensation under Rule 26 "is not limited to compensation for work forming the opinions to be expressed, but extends to all compensation for the study and testimony provided in relation to the action [….t]he objective is to permit full inquiry into such potential sources of bias") (emphasis added); *see also Bello v. Horace Mann Companies*, No. 07-CV-4793, 2010 WL 11541596, at *2 (E.D. La. Mar. 11, 2010) (approving cross-examination on compensation for work beyond the case at bar); *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D. 679, 682 (D. Colo. 1991) (same); *Wickersham v. Ford Motor Co.*, No. 9:13-CV-1192-DCN, 2017 WL 3783122, at *7 (D.S.C. Aug. 30, 2017) (same and noting weight of authority); *cf. Boselli v. Se. Pennsylvania Transp. Auth.*, 108 F.R.D. 723, 725 (E.D. Pa. 1985) (ordering disclosure of the expert's compensation in the case, and of "the total of the compensation paid to such experts over the [prior] three years").

Moreover, whether an expert's work may theoretically benefit plaintiffs in other cases *in addition to* Plaintiff is irrelevant. Cross-examination on expert compensation is relevant to show *bias*; the total compensation received—or indeed, even future *potential* compensation—is probative of bias. *See, e.g.*, *Innovention Toys, LLC*, 2012 WL 12990384, at *6 (noting that "compensation" includes "additional benefits to the expert, such as further work in the event of a successful result in the present case," and "compensation for work done by a person or organization associated with the expert"); *Collins v. Wayne Corp.*, 621 F.2d 777, 783 (5th Cir. 1980), *superseded by rule on other grounds* (stating that "[a] showing of a pattern of compensation in past cases raises an inference of the possibility that the witness has slanted his testimony in those cases so he would be hired to testify in future cases").

Against an abundance of precedent, Plaintiff cites no legal authority whatsoever in support of her request.  Instead, her request is simply a thinly veiled effort to inappropriately reference other pending cases at her trial.  The effort must fail.[18]  In the context of this motion, Plaintiff's bid is additionally unwarranted given that none of Plaintiff's experts has ever been identified as a testifying or consulting expert in the 11,000+ non-trial cases in MDL 2740, and no expert has produced invoices reflecting expert work performed, billed, or paid for on behalf of 11,000+ plaintiffs.[19]  Plaintiff's request that experts revise previous invoices or testimony to ascribe payment to cases other than Plaintiff's is not only unsupported by law, it would necessitate additional depositions and cross-examination on the basis for the revisions, burdening the parties and inviting needless confusion at trial.  Further, financial records not made in the ordinary course of business but fabricated afterward—such as invoices which did not serve as the actual basis for payment—are inadmissible hearsay.  *See, e.g.*, *State v. Russell*, 444 So. 2d 271, 272 (La. App. 1 Cir. 1983) (excluding purported payment records where the witness "admitted in her testimony at trial that she herself had reconstructed the ledger sheets after the fact.").  Altered testimony at trial would create a largely non-probative distraction and should not be endorsed.  This request, along with the rest of Plaintiff's Motion *in Limine* No. 8 (Rec. Doc. 12893), should be denied.

---

[18]   *See, e.g.*, *Stafford v. Lamorak Ins. Co.*, 754 F. App'x 241, 245 (5th Cir. 2018) (evidence of second lawsuit irrelevant and unduly prejudicial under Rule 403); *Hymel v. UNC Inc.*, 68 F.3d 567 (5th Cir. 1995) (pleadings of other lawsuit inadmissible hearsay under Rule 801, and excludable as unduly prejudicial under Rule 403); *Comardelle v. Sears, Roebuck & Co.*, No. 95-CV-1371, 1996 WL 673971, at *3 (E.D. La. Nov. 20, 1996) (excluding references to other accidents, claims, lawsuits and complaints involving same product and injury as unduly prejudicial and hearsay); *see also, e.g.*, Rec. Doc. 12911-3 at 8 (Sanofi's Mot. *in Limine* Memo No. 3 to Preclude Evidence or Argument Concerning Other Lawsuits, Claims, or Investigations Against Defendants and/or Other Sanofi Entities); Rec. Doc. 12911-3 at 12 (Sanofi's Mot. *in Limine* Memo No. 4 to Preclude Evidence or Argument Concerning Complaints and Lawsuits Against Other Manufacturers of Docetaxel); *See* Sanofi Opp. to Pl.'s Mot. *in Limine* No. 14, filed concurrently herewith.

[19]   The single arguable exception to this is Dr. Ellen Feigal's work in connection with Science Day in June 2018. Sanofi has no intent to comment on or reference Science Day at trial.  That said, such work was necessarily performed for Plaintiff's benefit, even if benefit to other plaintiffs was also intended.  To the extent Dr. Feigal's "total compensation" includes compensation for such work, this may be appropriately discussed at trial without referencing Science Day to the jury.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion *in Limine* to Preclude Defense Counsel from Commenting On or Discussing Certain Matters in the Presence of the Jury or Potential Jurors (Plaintiff's Motion *in Limine* No. 8, Rec. Doc. 12893) or, at minimum, maintain its ruling from *Earnest*.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*