**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL)**                         **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                        **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

*Elizabeth Kahn*, **Case No. 2:16-cv-17039.**

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
NO. 10 TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING
INSTANCES OF PERMANENT ALOPECIA AMONG THOSE
PRESCRIBED TAXOTERE BY SANOFI'S EXPERTS**

It is well-settled that an expert's testimony regarding clinical experience with a condition,

product, or injury is relevant and admissible in a medical product lawsuit.  Here, the testimony of

Drs. Glaspy and Miletello regarding their clinical experience with patients' hair loss during and

after breast cancer treatment is probative and reliable.  Their testimony is, in fact, entirely

consistent with testimony offered by Plaintiff's own expert, Dr. Linda Bosserman, which Plaintiff

does not challenge with this motion.  It is also consistent with testimony from Plaintiff's expert,

Dr. Antonella Tosti, concerning her clinical experience with patients' hair loss during and after

breast cancer treatment, which Plaintiff also does not challenge with her motion.  This testimony

is not unduly prejudicial, and Plaintiff has presented no argument that it is.  Accordingly, Plaintiff's

Motion *in Limine* No. 10 (Rec. Doc. 12900) should be denied.

    **A.**    **The Clinical Experience of Sanofi's Expert Oncologists with Taxotere Is
Relevant, Reliable, and Admissible.**

Contrary to Plaintiff's position, evidence of Sanofi's experts' clinical experience with

patients' hair loss during and after breast cancer treatment is reliable, relevant, and admissible

under Louisiana law.  *See In re Vioxx Prod. Liab. Litig.*, 401 F. Supp. 2d 565, 580–81 (E.D. La.

2005) ("Nothing in Rules 702 and 703 or in *Daubert* prohibits an expert witness from testifying to

confirmatory data, gained through his own clinical experience, on the origin of a disease or the

consequences of exposure to certain conditions.") (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007,

1014 (6th Cir. 1993)).  Specifically, Judge Fallon held:

> Plaintiff challenges the admissibility of Dr. Lanza's and Dr. Wilson's testimony
> because it is anecdotal as opposed to scientific.  According to the Plaintiff, since
> their testimony simply recounts their clinical experiences, it cannot be admitted as
> expert testimony.  This assertion is incorrect.  Expert witnesses are allowed to base
> their opinions on personal experiences provided that their opinions are confirmed
> by scientifically reliable data.  Here, both doctors' personal experiences are
> supported by reliable scientific data.  As such, their testimony is reliable, relevant,
> and admissible.  Accordingly, the Plaintiff's motion to exclude the testimony of Dr.
> Lanza and Dr. Wilson is denied.

*Id.* at 580–81; *see also Payton v. Abbott Labs*, 780 F.2d 147, 156 (1st Cir. 1985) (finding

prevalence of injury among patients treated by expert was "facts or data . . . of a type reasonably

relied upon by experts in the particular field in forming opinions" and admitting expert testimony).

As in *Earnest*,[1] Plaintiff cites no legal authority supporting her proposition that an expert's

clinical experience is inadmissible.[2]  Although Plaintiff challenged the opinions of Sanofi's

testifying experts that prescribe Taxotere—Dr. John Glaspy and Dr. Gerald Miletello—on various

grounds, including Dr. Miletello's reliance on anecdotal reports for his opinions, this Court already

has denied Plaintiff's motions.[3]  Specifically, the Court "disagree[d]" with Plaintiff's argument

that Dr. Miletello's reliance on case studies and anecdotal reports would cause "jurors [to] make

an inferential leap [and] conclude that these occurrences can cause hair loss."[4]  The Court

explained that "Dr. Miletello's years of clinical experience make him qualified to offer such a

---

[1]   *See* Rec. Doc. 7652.

[2]   *See* Rec. Doc. 12900-1 (Pl.'s Mot. *in Limine* Memo No. 10) at 1–2.

[3]   *See* Rec. Doc. 11804 at 4 (Order and Reasons Granting in Part and Denying in Part Pl.'s Mot. to Exclude the
      Causation Testimony of Dr. Gerald Miletello (Rec. Doc. 10919)); *see also* Rec. Doc. 11780 (Order and Reasons
      Denying Pl.'s Mot. to Exclude the Testimony of John Glaspy, M.D.).

[4]   *Id.*

statement, and . . . such a statement would [not] mislead the jury to make any obvious erroneous conclusions."[5]  The only limitation the Court imposed on Dr. Miletello's testimony was a general prohibition on duplicating testimony offered by Dr. Glaspy.[6]

The Court cited Dr. Miletello's clinical experience as proper basis for his opinions on many issues, including Dr. Miletello's opinions that "taxane-containing regimens have shown better efficacy than older non-taxane-containing regimens" and that he "would have preferred Taxotere over Taxol in [Plaintiff's] situation."[7]  The Court also cited Dr. Glaspy's clinical experience as relevant to his opinions concerning "the types and causes of alopecia that he sees and treats in his clinical practice," his opinion concerning Plaintiff's hair loss, clinical trials (including TAX 316), and alternative causes of persistent hair loss, and each of the eight categories of testimony Plaintiff contended was not adequately disclosed in Dr. Glaspy's report.[8]  Within existing *Daubert* rulings then, these opinions are "reliable, relevant, and admissible."  *See Vioxx*, 401 F. Supp. 2d at 580–81.

Plaintiff attempts to relitigate the Court's rulings.  *Infernal Tech., LLC v. Sony Interactive Entm't LLC*, 2021 WL 405813, at *6 (E.D. Tex. Feb. 3, 2021) ("Proper *limine* practice is not a second bite at the dispositive apple.").  She does so by likening clinical experience testimony to

---

[5]   *Id.*

[6]   *Id.* at 4–5.

[7]   *Id.* at 5–6.

[8]   *See* Rec. Doc. 11780 at 4–12 (Order and Reasons Denying Pl.'s Mot. to Exclude Testimony of John Glaspy, M.D. (Rec. Doc. 10924)).  This is for good reason: these doctors' opinions are well supported by scientific data.  *See, e.g.*, **Ex. A**, Apr. 29, 2020 Glaspy Rpt. at 21–29, 32–34 (citing the same clinical trial data Plaintiff's experts rely on to confirm opinions on prevalence of persistent alopecia after Taxotere and other chemotherapy agents); **Ex. B**, Apr. 29, 2020 Miletello Rpt., Ex. C "Materials Reviewed" (citing more dozens of scientific articles as well as testimony of Plaintiff's prescribing oncologist in support of opinions on risks and counseling regarding persistent alopecia).

third-party adverse event reports.[9]   But the reasons individual adverse event reports are

inadmissible do not apply to clinical experience.  Any expert who testifies from personal clinical

experience can, of course, be cross-examined on that testimony.  Plaintiff has already had the

opportunity to cross-examine all Sanofi experts.  Both Drs. Glaspy and Miletello testified about

clinical observations of permanent hair loss with Taxotere.[10]   Plaintiff had ample opportunity to

cross-examine them and prepare for effective cross-examination at trial.

By contrast, adverse event reports are not subject to cross-examination or validated by peer

review and medical confirmation.[11]   Such material consists of precisely the kind of "self-reported

anecdotal accounts" that Plaintiff suggests should be excluded—except that it is made worse by

being attributable to third parties, rather than testifying witnesses, and so cannot be directly

explored or challenged at trial.   Rather than these concerns supporting exclusion of clinical

experience, they support exclusion of adverse event reports, when Plaintiff would lead the Court

to the exact opposite (erroneous) result.

> **B.     The Probative Value of Sanofi's Experts' Clinical Experience with Taxotere
> and Permanent Alopecia Outweighs the Prejudicial Effect of Such Evidence,
> if Any.**

Plaintiff presents no argument or authority on prejudice because there is none.  Clinical

---

9    *See* Rec. Doc. 12900-1 (Pl.'s Mot. in *Limine* Memo No. 10) at 1–2 ("such testimony cannot be effectively cross examined […] This is categorically different than published case reports or documented adverse events reported to Sanofi from outside sources.").

10   *See, e.g.*, **Ex. C**, Feb. 7, 2019 Miletello Dep. 262:12–14 ("And in my clinical practice in 33 years, I have yet to see a permanent alopecia in a Taxotere patient, and I've treated hundreds of them."); *see also* **Ex. D**, Jan. 18, 2019 Glaspy Dep. 101:8–10 ("I've only seen that four or five times in 30-some years.  I haven't seen that very often at all.").  Plaintiff's counsel deposed Dr. Glaspy on May 13, 2020, and Dr. Miletello on May 21, 2020, having ample opportunity to cross-examine them on this issue but elected not to raise it.  Instead, her counsel focused on alternative chemotherapy regimens and causation, which this Court already has ruled on multiple times.  *See* **Ex. E**, May 13, 2020, Glaspy Dep. 172:9–180:17; **Ex. F**, May 21, 2020 Miletello Dep. 86:6–108:24; *see also, e.g.*, Rec. Doc 11804 at 4 (holding that Dr. Miletello may opine on possible alternative causes).

11   *See* Rec. Doc. 12911-3 (Sanofi's Mot. *in Limine* No. 5 to Preclude Evidence or Argument Concerning Adverse Event Reports or Other Complaints Involving Patients Other Than Plaintiff) at 15.

experience is of great value to the jury because it provides critical, real-world context for the patient-doctor discussion. Clinical experience also helps make abstract statistical arguments accessible to lay jurors by connecting them with a familiar reference point: a specific doctor's office where a specific practicing physician treats specific patients facing serious medical challenges.

Likewise, as this Court already recognized, such testimony is not unduly prejudicial.[12] Plaintiff offers no reason to suspect that jurors will attach any undue weight to Sanofi's experts' testimony compared with similar testimony from Plaintiff's experts or other evidence offered on the issue of risk prevalence. Consistent with many of Plaintiff's Motions *in Limine*, Plaintiff seeks to preclude evidence presented by Sanofi, but not the same evidence presented by Plaintiff. The title and scope of Plaintiff's motion address only "patients prescribed Taxotere by *Sanofi's* experts."[13] If the motion were granted, Plaintiff's experts (namely Dr. Linda Bosserman, since Dr. Ellen Feigal has not prescribed chemotherapy for a breast cancer patient since Taxotere was approved in 1994) would remain free to testify regarding instances of permanent alopecia among the patients to whom *they* have prescribed Taxotere. Dr. Bosserman has previously testified that she has treated hundreds of patients with Taxotere, but has only had two patients that she believes may have had permanent hair loss.[14] This number—even lower than that reported by Dr. Glaspy— assuages any concerns that Dr. Glaspy's clinical experience is somehow abnormal or unreliable.

---

[12]   *See supra* nn.3–8 and accompanying text.

[13]   *See, e.g.*, Rec. Doc. 12900-1 (Pl.'s Mot. *in Limine* Memo No. 10) at 1–2 (emphasis added).

[14]   *See* **Ex. G**, Dec. 3, 2018 Bosserman Dep. 164:16–22. To be clear, there is no question that this testimony from Dr. Bosserman is relevant and admissible, and it has not been challenged by either party. Given that Dr. Bosserman will testify regarding her clinical experiences and observations, it would be inequitable and prejudicial to deny the same opportunity to Sanofi's experts.

Plaintiff identifies nothing about such testimony that would appeal to juror biases or incite emotions that overwhelm reason.

Similarly, if Plaintiff's motion were granted, Plaintiff's expert dermatologist, Dr. Antonella Tosti, would remain free to offer anecdotal evidence regarding instances of permanent alopecia among her patients.  Though Dr. Tosti does not prescribe Taxotere in her practice, Dr. Tosti testified that she relied upon her clinical experience in rendering her specific causation diagnosis. For example, Dr. Tosti stated, "I have also personally seen patients with PCIA from Taxotere/docetaxel regimens . . . We did not see the problem of PCIA until Taxotere was added to chemotherapy regimens" to support her specific causation opinions in her expert report.[15]  Dr. Tosti also relied on anecdotal evidence from her practice in opining, "I have never seen patients with PCIA from Taxol/paclitaxel or other non-Taxotere regimens within my own clinical practices in Europe and the United States.  I saw my first case of PCIA from Taxotere/docetaxel in 2006."[16] Likewise, Dr. Tosti also testified that she relied on her experience in forming her opinion that Taxotere is a key factor in hair loss, even for combination chemotherapy regimens:

> Q.  And so part of your determination that Taxotere is the factor -- main factor was that you counted up the reports from the literature and found more reports with Taxotere?
>
> A.  No.  The beginning of that is my experience.  I've seen many patients with this problem during my life.  I describe these cases in the beginning.
>
> So this is my medical experience, first of all.  And then, of course, through the literature. . . .[17]

---

[15]   **Ex. H**, Sept. 15, 2020 Tosti. Rpt. at 33.

[16]   *Id.* at 15.

[17]   **Ex. I**, Sept. 29, 2020 Tosti Dep. 191:17–192:24.

Indeed, Dr. Tosti repeatedly testified that she relied on her personal experience for her opinions in this case.[18]

Granting Plaintiff's motion would substantially prejudice Sanofi by denying it the opportunity to challenge Plaintiff's (unreliable) prevalence arguments with real-world evidence. It would also create a disparity between the parties: Plaintiff's experts will be able to offer testimony regarding personal observations of permanent alopecia with Taxotere (and what inferences they may or may not draw from those observations), while Sanofi's experts would not. Such undue prejudice warrants denial of Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* to Preclude Testimony and Evidence Regarding Instances of Permanent Alopecia Among Those Prescribed Taxotere by Sanofi's Experts (Plaintiff's Motion *in Limine* No. 10, Rec. Doc. 12900) should be denied.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

---

[18]  *Id.* at 28:12–29:17 (relying on personal experience for conclusions), 193:25–194:22 (relying on personal experience with Taxotere *inter alia* for opinion that Taxotere has greater risk of PCIA), 196:8–18 ("I also considered my experience" in reaching specific causation opinions.); 208:11–210:7 (testifying that conclusions in UpToDate article "are consistent with my experience with the permanent alopecia from chemotherapy and with the finding I found in Ms. Kahn").

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*