**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Alice D. Hughes v. Accord Healthcare, Inc.* *Case No. 2:17-cv-11769* | : : :: | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S
REPLY BRIEF IN SUPPORT OF BILL OF COSTS**

The Clerk should award Accord Healthcare, Inc. all of its claimed costs (*see* Rec. Doc. 12795) because Plaintiff cannot overcome the "strong presumption" in favor of awarding costs applied in the Fifth Circuit.

Federal Rule 54(d)(1) provides, in relevant part:

> **Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party** . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1) (emphasis added). The Fifth Circuit in *Pacheco v. Mineta*, found that the rule "contains a strong presumption that the prevailing party will be awarded costs." 448 F.3d 783, 793 (5th Cir. 2006). While the court has discretion in determining to award costs, the denial

of costs to a prevailing party "is in the nature of a penalty." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

While Plaintiff cites to *Pacheco* as enumerating five factors, any one of which could allegedly justify denying taxation of costs, (Pls.' Opp. at 2, Rec. Doc. 12904), the Fifth Circuit did no such thing. Rather, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id*. at 794. Moreover, in its ruling, the Fifth Circuit in *Pacheco* specifically "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n. 18).

Assuming this Court should properly consider these factors—though the Fifth Circuit holds it should not—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Accord is entitled to recover its costs.

Financial Resources (first and fifth factors): Following *Pacheco*, the Fifth Circuit confirmed that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs." *Id*. (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013)).[1] This holding is "especially applicable in light of the 'strong

---

[1] Plaintiff's characterization of Accord as a "large multi-national company," (Pl.'s Opp. at 6, Rec. Doc. 12904), is incorrect. Accord Healthcare, Inc. is a U.S. entity with one location in Durham, North Carolina and fewer than 50 employees.

presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). Further, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015); *see also Moore*, 735 F.3d at 320 (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources'").[2]

Plaintiff's contention that she is a person of "limited means" (Pl.'s Opp. at 2) is also factually unsupported and vague, and in any event, contradicted by Plaintiff and her husband's testimony about their employment status and hobbies. Further, based on the standard contingency fee practice for cases dismissed with prejudice, even if this Court were to consider Plaintiff's financial status, Plaintiff's *counsel* and not Mrs. Hughes likely bears the costs.

Purported Misconduct (second factor):  Contrary to Plaintiff's assertion that the parameters of the type of conduct that compromises "misconduct of the prevailing party" are not well defined, (Pl.'s Opp. at 2-3), the Fifth Circuit has recognized that it is the prevailing party's fault, misconduct, or bad faith *in the course of the litigation* that is material to determining whether costs are properly taxable. *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990). Plaintiff alleges absolutely none with respect to Accord. While Plaintiff frolics and detours into Accord's alleged failure to warn of the risks of permanent alopecia, (Pl.'s Opp. at 3), that is not the relevant inquiry with respect to costs and no finding of fact as to Accord's purported

---

[2] In addition, the Fifth Circuit has specifically rejected that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

conduct has been made in this case—and indeed, Defendants' Motion for Summary Judgment on Preemption Grounds, addressing many of the issues raised by Plaintiff, was denied as moot following the Court's ruling on the prescription motion.

<u>Close and Difficult Legal Issues Presented</u> (third factor):  There was not a close legal question as to prescription of plaintiff's claims.  This Court found that Plaintiff "made <u>no</u> inquiry" into her hair loss and accordingly she "fails to create an issue of fact regarding whether she timely filed her lawsuit."  (Order and Reasons, Doc. 12904 at 8-9 (emphasis added)).  Plaintiff has also voluntarily dismissed her appeal.

<u>Substantial Benefit</u> (fourth factor):  Plaintiff also fails to identify a substantial benefit that her lawsuit conferred on the public.  While she asserts that her case has "provided guidance to the parties and the Court on issues relevant to the entire MDL," (Pl.'s Opp. at 4), she did not confer a substantial benefit conferred on the public at large. *See, e.g.*, *Suffolk County v. Sec'y of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

Ignoring the overwhelming authority from the Fifth Circuit contrary to her position, Plaintiff also relies on various provisions of the Manual for Complex Litigation to argue that costs should be withheld. Plaintiff's reliance on these materials (which pertain to cost allocation in pre-trial discovery pursuant to Rule 26) is wholly misplaced. Rather, under the applicable standard in Rule 54(d)(1), unless a federal statute, rule or court order provides otherwise—which there are none—Accord as the prevailing party is entitled to recover its costs.  Moreover, Plaintiff's claims that Mrs. Hughes's case "was the only opportunity to get discovery from Accord in the MDL"

4

(Pl.'s Opp. at 5) is simply not true.  General discovery as to Accord began before Plaintiff's case was selected for trial work up, it was conducted by Plaintiff's Steering Committee and did not relate to any one case, and Accord did not attempt to tax any costs related to the corporate discovery to Plaintiff.

Plaintiff also takes exception to Accord filing its Bill of Costs without enumerating why it should be entitled to these fees.  (Pl.'s Opp. at 1).  But no such motion is required by Fed. R. Civ. P. 54(d)(1), and Local Rule prescribes only that its form be used—which Accord did.  In any event, such a requirement would run counter to the "strong presumption" that costs are properly taxable in the Fifth Circuit.

Finally, Plaintiff's only specific objection was lodged as to the reimbursement for expedited deposition transcripts.  Plaintiff uses *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278 (5th Cir. 1991) to summarily argue that Accord's claim for deposition transcript expenses ordered on an expedited basis should be withheld.  (Pl.'s Opp. at 6).  However, in *Fogleman*, ARAMCO waited more than two years to take the plaintiff's deposition, and ordered the transcript on a "semi-expedited" basis to meet court deadlines. *Fogleman*, 920 F.2d at 286. The Fifth Circuit held the additional charges incurred merely for the convenience of counsel were not properly taxable. *Id*. In contrast, as detailed in the highly detailed invoices attached to Accord's Bill of Costs, the two transcripts that Accord ordered on an expedited basis were necessarily obtained for use in the case, and were de minimis ($356.40, less than 1 percent of the total costs).

## I. CONCLUSION

Plaintiff cannot overcome the "strong presumption" that Accord is entitled to recover its costs. For these reasons stated above, the Clerk should award Accord all of its costs enumerated in the Bill of Cost (Rec. Doc. 12795).

Date: July 7, 2021

Respectfully submitted,

*/s/ Brenda A. Sweet*
Julie A. Callsen
Michael J. Ruttinger
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
Email:        julie.callsen@tuckerellis.com
                  michael.ruttinger@tuckerellis.com
                  brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, a true and correct copy of the foregoing *Defendant Accord Healthcare, Inc.'s Reply Brief in Support of Bill of Costs* was filed via the ECF system that will send notification of such filing to all counsel of record.

      */s/ Brenda A. Sweet*
      Brenda A. Sweet