# EXHIBIT R

Page 2141

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*****************************************************************

IN RE: TAXOTERE (DOCETAXEL)      Docket No. 16-MD-2740
PRODUCTS LIABILITY LITIGATION    Section H
                                 New Orleans, LA
Relates to: Barbara Earnest      Thursday, September 26, 2019
16-CV-17144

*****************************************************************

TRANSCRIPT OF TRIAL PROCEEDINGS
HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE
DAY 9, MORNING SESSION

APPEARANCES:

FOR THE PLAINTIFF:    BACHUS & SCHANKER, LLC
                      BY: DARIN L. SCHANKER, ESQ.
                           J. KYLE BACHUS, ESQ.
                      1899 Wynkoop St., Suite 700
                      Denver, CO 80202

                      FLEMING NOLEN & JEZ
                      BY: RAND P. NOLEN, ESQ.
                      2800 Post Oak Blvd., Suite 4000
                      Houston, TX 77056

                      GIBBS LAW GROUP, LLP
                      BY: KAREN B. MENZIES, ESQ.
                      6701 Center Drive West, 14th Floor
                      Los Angeles, CA 90045

                      DAVID F. MICELI, LLC
                      BY: DAVID F. MICELI, ESQ.
                      P.O. Box 2519
                      Carrollton, GA 30112-0046

                      PENDLEY BAUDIN & COFFIN
                      BY: CHRISTOPHER L. COFFIN, ESQ.
                      2505 Energy Centre
                      1100 Poydras St.
                      New Orleans, LA 70163

Page 2142

                      BARRIOS KINGSDORF & CASTEIX
                      BY: DAWN M. BARRIOS, ESQ.
                      701 Poydras St., Suite 3650
                      New Orleans, LA 70139

                      GAINSBURGH BENJAMIN DAVID
                      MEUNIER & WARSHAUER
                      BY: M. PALMER LAMBERT, ESQ.
                      2800 Energy Centre
                      1100 Poydras St.
                      New Orleans, LA 70163

                      MORGAN & MORGAN
                      BY: EMILY C. JEFFCOTT, ESQ.
                      700 S. Palafox St., Suite 95
                      Pensacola, FL 32502

FOR THE DEFENDANT:    SHOOK HARDY & BACON
                      BY: HILDY M. SASTRE, ESQ.
                      201 Biscayne Blvd., Suite 3200
                      Miami, FL 33131

                      SHOOK HARDY & BACON
                      BY: JON A. STRONGMAN, ESQ.
                          HARLEY V. RATLIFF, ESQ.
                      2555 Grand Blvd.
                      Kansas City, MO 64108

                      IRWIN FRITCHIE URQUHART & MOORE
                      BY: DOUGLAS J. MOORE, ESQ.
                      400 Poydras St., Suite 2700
                      New Orleans, LA 70130

Official Court Reporter:    Karen A. Ibos, CCR, RPR, CRR, RMR
                            500 Poydras Street, B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7776

Proceedings recorded by mechanical stenography, transcript produced by computer.

Page 2143

I N D E X

                                    PAGE/LINE:
CLOSING ARGUMENTS
  By Mr. Schanker                   2157/25
  By Ms. Sastre                     2188/18
  By Mr. Schanker                   2219/9

JURY CHARGE                         2227/14

VERDICT                             2245/24

Page 2144

P R O C E E D I N G S
(THURSDAY, SEPTEMBER 26, 2019)
(MORNING SESSION)

(OPEN COURT.)

THE COURT: Mr. Coffin, you want to put a couple of things on the record or make some motions?

MR. COFFIN: Yes, your Honor. Chris Coffin on behalf of plaintiff, Ms. Barbara Earnest. Two issues, as we discussed in chambers, your Honor. The first one is plaintiff's move to reopen the evidence for the limited purpose of establishing that Ms. Barbara Earnest received a phone call from her brother in February of 2016, which her brother indicated that he had seen advertisements -- an advertisement about the lawsuit related to Taxotere and permanent alopecia.

That specific testimony is in Mr. Jules LeBlanc's deposition. It's not controversial testimony. He specifically says, "QUESTION: So you saw this phone number on TV for a lawyer roughly two years ago?

"ANSWER: Roughly two years ago."

"Do you remember the time of the year that you saw it?"

"ANSWER: Say, early part of the year, somewhere around February, up in that area.

"QUESTION: February of what year?"

"ANSWER: Two years ago would have been '16."

Page 2237

1  manufacturers are responsible to draft the initial label for their
2  product, and they have a continuing duty to ensure that the label
3  remains adequate at all times.
4          It is a physician's duty to remain abreast of the
5  medication's characteristics and to take into account the
6  information contained in the prescription medication's label.  The
7  manufacturer may reasonably assume that the prescriber or treater
8  will apply the same knowledge or professional expertise, and good
9  judgment that a reasonable physician would apply in using the
10 product.  Providing an adequate warning to the prescribing or
11 treating doctor relieves the manufacturer of its duty to warn the
12 patient regardless of how or if the prescribe or treater warns the
13 patient.
14         In order for plaintiff to prevail on her claims, she must
15 establish that the inadequate warning was the "proximate cause" of
16 Ms. Earnest's alleged injuries.
17         Proximate cause means the efficient or direct cause.  The
18 law defines proximate cause as something that produces a natural
19 chain of events which, in the end, brings about the injury.  In
20 other words, proximate cause is the cause without which the injury
21 would not have occurred.  Proximate cause requires proof of both
22 cause cause-in-fact and legal cause.
23         Cause-in-fact is proved by establishing that a
24 plaintiff's injury would not have occurred "but for" the
25 defendant's actions.  In order to prove cause-in-fact in this case,

Page 2238

1  the plaintiff must show to a reasonable degree of medical
2  probability that Taxotere can cause permanent hair loss, that
3  Taxotere caused permanent hair loss for Ms. Earnest, and that the
4  failure to warn Dr. Carinder was the cause of Ms. Earnest's injury.
5          Legal cause is proved by establishing foreseeability.
6  The test of foreseeability is whether some injury to another is a
7  natural and probable consequence of the complained-of conduct.  The
8  law requires only reasonable foresight.  It is not necessary for
9  the plaintiff to demonstrate that the defendant should have
10 foreseen the particular event which occurred, but merely that the
11 defendant should have foreseen that its actions would probably
12 cause injury to someone.  The plaintiff proves legal cause by
13 establishing that the injury in question occurred as a natural and
14 probable consequence of the defendant's actions or inactions.
15         Proximate cause does not mean the sole cause.  The
16 defendants' conduct can be a proximate cause if it was at least one
17 of the direct, concurring causes of the alleged injury.  However,
18 plaintiff must show that defendants' conduct was a substantial
19 contributing factor in bringing about the result.  In other words,
20 it is not necessary for plaintiff to negate all other contributing
21 factors or causes of Ms. Earnest's injuries, provided they show
22 that defendants' failure to provide an adequate warning in the
23 Taxotere label substantially contributed to her injuries.  Where
24 two or more possible causes for an injury are identified, plaintiff
25 must establish with reasonable probability that Mrs. Earnest's

Page 2239

1  injury resulted from a cause for which defendants would be liable.
2  Moreover, plaintiff must proffer a competent medical expert to
3  testify to a reasonable degree of medical probability that Taxotere
4  was a proximate cause of Ms. Earnest's injuries.
5          To recover for the failure to warn claim, plaintiff must
6  prove by a preponderance of the evidence that an inadequate warning
7  itself - in addition to the medication - was the proximate cause of
8  Ms. Earnest's injury.  In other words, plaintiff must prove by a
9  preponderance of the evidence that, if an adequate warning had
10 accompanied Taxotere, then Dr. Carinder would have altered his
11 prescribing or treating decision or behavior and Ms. Earnest would
12 not have suffered her injury.
13         If you decide that the plaintiff has established the
14 other elements of her case by a preponderance of the evidence, you
15 must decide the question of whether there has been damage to
16 plaintiff and if so, the amount of that damage.  Louisiana law
17 suggests simple reparation is just and adequate compensation for
18 injuries.  Your award should be designed to fully and fairly
19 compensate the plaintiff for her injury, if you find one has
20 occurred, and should not go beyond such reparation.
21         The law recognizes the difficulty of translating personal
22 injuries into dollars and cents figures, but that is what must be
23 done if you decide plaintiff has proven her claims by a
24 preponderance of the evidence.  You must arrive at a figure that
25 will fairly and adequately compensate the plaintiff for damages she

Page 2240

1  has suffered.  In estimating such damages, you may take into
2  account the following elements:  Physical injury, pain and
3  suffering, loss of enjoyment of life, and physical (VERBATIM)
4  disability, if any.
5          Like other parts of the plaintiff's case, these damages
6  must be established by a preponderance of the evidence.  This
7  means, on the one hand, you are not entitled to award speculative
8  damages for injuries which you think the plaintiff might have
9  experienced or might experience in the future.  On the other hand,
10 it means that you may also make an effort to reasonably proximate
11 the damages which the plaintiff has proved are more probable than
12 not, even though they cannot be computed with mathematical
13 certainty.
14         You may award compensatory damages only for the injuries
15 that plaintiff prove were caused by defendants' wrongful conduct.
16 The damages you award must be fair compensation for plaintiff's
17 damages, no more and no less.  Compensatory damages are not allowed
18 as punishment and cannot be imposed or increased to penalize the
19 defendants.
20         If you decide to award compensatory damages, you should
21 be guided by dispassionate common sense.  That is to say, you
22 should not be affected by sympathy, compassion, prejudice, or bias.
23 Computing damages may be difficult, but you must not let that
24 difficulty lead you to engage in arbitrary guesswork.  On the other
25 hand, the law does not require plaintiffs to prove the amount of