UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)             MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                                             SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

**SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 12 TO PRECLUDE ANY COMMENT OR ARGUMENT THAT TAXOL WOULD HAVE ENHANCED THE SEVERITY OF PLAINTIFF'S NEUROPATHY**

The Court previously ruled on this motion in *Earnest* and permitted testimony regarding the risk of neuropathy associated with Taxol.[1] The Court specially held: "the risk of neuropathy associated with Taxol [was] relevant" to "weigh[ing] the risks and benefits of [Plaintiff's] treatment options."[2] The Court's ruling applies equally in this case, where Dr. Kardinal preferred Taxotere over Taxol *because of* the increased risk of severe neuropathy associated with Taxol. The Court accordingly should deny Plaintiff's motion.

      **A.**     **Plaintiff's Request is Overbroad.**

Plaintiff asks the Court to preclude Sanofi from "mentioning, discussing, commenting on, referring to, or attempting to introduce testimony or evidence that the use of a Taxol-containing cancer treatment regimen would have enhanced the severity of Plaintiff's neuropathy."[3] Plaintiff's request is overbroad and muddles the distinction between unsupported speculation and well-

---

[1]     Rec. Doc. 8201 at 3 (Order and Reasons on Mot. *in Limine*).

[2]     *Id.* ("To find proximate causation, the jury will have to find that Dr. Carinder's prescribing decision would have changed if he had known of Taxotere's risk of permanent alopecia. As this Court has ruled, Dr. Carinder's prescribing decision would have been influenced by his conversations with Earnest. The jury will have to consider how Dr. Carinder and Earnest would have weighed the risks and benefits of her treatment options. The risk of neuropathy associated with Taxol is relevant to this analysis.").

[3]     Rec. Doc. 12891-1 (Pl.'s Mot. *in Limine* No. 12) at 1.

supported evidence about the prescribing considerations in her case.  Put another way, while it would have been difficult to predict with certainty whether Taxol *would have* increased Plaintiff's neuropathy, the increased risk of severe neuropathy associated with Taxol is highly relevant to rebutting Plaintiff's warnings causation argument—specifically, showing why Dr. Kardinal still would have prescribed Taxotere even if Sanofi had updated the Adverse Reactions section of the Taxotere label with information about permanent hair loss.[4]  *See June Phillips v. Sanofi US Services, Inc. In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 20-30405, 2021 WL 1526429 (5th Cir. Apr. 19, 2021) ("To prove causation in this context, a plaintiff must show that a proper warning would have changed the decision of the [prescribing] physician, *i.e.* that but for the inadequate warning, the [prescribing] physician would not have used or prescribed the product.") (internal quotation marks and citations omitted).  The increased risk of neuropathy associated Taxol accordingly is relevant, and the Court should deny Plaintiff's overbroad request.

    **B.    The Increased Risk of Neuropathy Associated with Taxol was a Significant Consideration for Prescribing Decisions.**

Plaintiff argues that any testimony or evidence "that Taxol use results in greater incidence or severity of neuropathy" should be excluded as speculation because Sanofi's experts admitted they could not definitively link more severe neuropathy with Taxol versus Taxotere.[5]  The record is clear, however, that at least among oncologists, the increased risk of neuropathy is common knowledge.  Dr. Kardinal testified that he was "familiar with cases of long lasting neuropathy"

---

[4]   Any claim that information about permanent hair loss should have appeared in the warnings section of the label has been preempted.  *See* Rec. Doc. 11682 at 21 (Order and Reasons Granting in Part Defs.' Mot. on Preemption) (finding "'clear evidence' that the FDA would not have approved of placing a warning in the more serious 'Warnings and Precautions' section of the label," and that to the extent Plaintiff alleges that Sanofi should have done so before Plaintiff was treated, Plaintiff's claim is preempted).

[5]   Rec. Doc. 1289-1 (Pl.'s Mot. *in Limine* No. 12) at 2−3.

with Taxol, and "perhaps less so with docetaxel [Taxotere]."[6] Sanofi's expert oncologist, Dr. John Glaspy, agrees: "I think every practicing oncologist on the planet knows that Taxol causes more neuropathy than Taxotere."[7]

It is also clear from the record that the greater incidence of neuropathy associated with Taxol was part of why Dr. Kardinal preferred Taxotere.  And, while no expert can definitively say whether the neuropathy Plaintiff later experienced would have been worse if she had taken Taxol, the increased risk of severe neuropathy associated with Taxol is precisely why Dr. Kardinal would not have changed his decision to prescribe Taxotere.[8]  Dr. Kardinal testified that at the time of Plaintiff's treatment, he prescribed docetaxel, as opposed to paclitaxel, because of the risk of neuropathy associated with Taxol:

> Q. So what things did you consider when choosing Taxotere, docetaxel, over other chemotherapeutic agents?
>
> A. Well, mostly I was comparing taxanes, and the neuropathy with paclitaxel was greater than it was with docetaxel.[9]

Sanofi's expert oncologist, Dr. Glaspy, likewise testified:

> [If] we talk about the differences [between Taxotere and Taxol], it's going to be largely related to neuropathy that we've already covered in my previous deposition. . . . I do not believe Taxotere is, from an efficacy standpoint, more effective than Taxol.[10]

---

[6]  **Ex. A**, Jan. 17, 2018 Kardinal Dep. 73:11−16 (Dr. Karindal was "familiar with cases of long lasting neuropathy" with Taxol, and "perhaps less so with docetaxel [Taxotere].")

[7]  **Ex. B**, May 13, 2020 Glaspy Dep. 134:19 −25.

[8]  Ex. A, Jan. 17, 2018 Kardinal Dep. 219:10–220:2 (answering "no" when asked whether a risk of permanent hair loss would have changed his prescribing decision from Taxotere to Taxol).

[9]  *Id*. 74:12−17.  Dr. Kardinal also testified that neurotoxicity with paclitaxel "was a big concern" and that his "main reason for selecting Taxotere over Taxol was the toxicity, neuropathy." *Id.* at 72:7−19.

[10]  Ex. B, May 13, 2020 Glaspy Dep. 88:23−4; *see also id.* at 94:18 –20 (referencing the "neuropathy issue" that he talked about in prior depositions).

Whether Plaintiff would have been a candidate for Taxol (or another chemotherapy regimen) is central to Plaintiff's failure-to-warn case. Indeed, after examining Plaintiff's medical records, Sanofi's expert oncologist concluded that Plaintiff's preexisting conditions made a Taxotere regimen the only suitable choice.[11] As the Court recognized in *Earnest*:

> If the alternative drug carried a risk of neuropathy, this potentially would have influenced [Plaintiff's] decision. She testified that she suffers from neuropathy and that it is very painful. . . . The jury will need to hear the testimony at trial and decide whether [Plaintiff] would have chosen paclitaxel despite her neuropathy or whether she would have still chosen Taxotere knowing of its risk of permanent alopecia.[12]

While this decision may be modified, in part, under the Fifth Circuit's decision in *Phillips*, prescribing physician testimony regarding the risk of neuropathy associated with Taxol is clearly relevant and admissible for the very same reasons previously articulated by this Court, and the Court should deny Plaintiff's Motion.[13]

## CONCLUSION

For these reasons, testimony, argument and evidence relating to the increased neuropathy associated with Taxol is both relevant and admissible, and the Court should deny Plaintiff's Motion.

---

[11] In his report, Dr. Glaspy explained that women who are "obese, pre-diabetic, diabetic, or [who] have heart issues" are "suboptimal candidates for Taxol-containing regimens" because they are at a higher risk of neuropathy and cardiotoxicity. **Ex. C**, Apr. 29, 2020 Glaspy Rpt. at 18.

[12] Rec. Doc. 7571 (Order and Reasons Denying Defs.' Mot. for Summ. J. on Learned Intermediary Doctrine).

[13] *See* Rec. Doc. 8201 at 3 (Order and Reasons on Mot. *in Limine*).

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

5