UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)         MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Elizabeth Kahn, Case No. 2:16-cv-17039.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 15 TO EXCLUDE LOW QUALITY PHOTOGRAPHS

The Court should deny Plaintiff's Motion because Sanofi does not intend to use low-quality photographs at trial where a high-quality copy of the *same* photograph exists. If the Court does not deny Plaintiff's Motion, however, it should defer ruling because, assuming a low-quality photograph is introduced, the best evidence rule requires an individualized fairness analysis for each photograph. Also, if Plaintiff has "higher" quality photographs that would replace what she deems "lower" quality photographs in her possession or available to her, the solution is simply to produce them, not preclude Sanofi from using what it has available or has been provided.

**A.    The Court Should Deny Plaintiff's Motion Because Sanofi Intends to Use High-Quality Photographs When They Are Available.**

As Plaintiff notes, Sanofi has moved to dismiss cases where plaintiffs have not produced photographs showing their alleged injuries. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2019 WL 250860, at *2 (E.D. La. Jan. 17, 2019). In those cases, the plaintiffs did not produce photographs sufficient to satisfy the Court's Pretrial Orders. *Id.* (denying Rule 60(b) relief where the plaintiff failed to remedy deficient PFS containing only four undated blurry photographs). Plaintiff's Motion is not analogous to Show Cause dismissals because it presumes that higher-quality photographs of the same images exist for trial. Sanofi does not intend to introduce a low-quality photograph where Plaintiff could respond with the higher-quality version of the same

photograph.  Thus, the Court need not order what Sanofi will do at trial—use high-quality photographs when available.

### B. The Court Should Defer Plaintiff's Motion Because the Best Evidence Rule Requires an Individualized Fairness Analysis for Any Duplicate Photograph.

Although Sanofi intends to use high-quality photographs when available, the best evidence rule does not prohibit the introduction of low-quality photographs.  Instead, the rule generally requires an original photograph to prove its contents.  Fed. R. Evid. 1002.  A duplicate of a photograph, however, "is admissible to the same extent unless a genuine question is raised about the original's authenticity or the *circumstances make it unfair to admit the duplicate.*"  Fed. R. Evid. 1003 (emphasis added); *see also R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 218 (5th Cir. 2005) (best evidence rule "generally depends on the particular state of facts presented in each case and changing slightly in each instance[.]").  Put another way, if an original photograph is low quality, and the duplicate accurately reproduces the original, the best evidence rule does not preclude introduction of either photograph.  Fed. R. Evid. 1001(4), 1003.  But whether a lower-quality duplicate photograph is admissible when a higher-quality original exists turns on whether the circumstances make it unfair to admit the particular duplicate.  Fed. R. Evid. 1003.  Thus, the Court should wait to apply the best evidence rule unless and until a party objects to the introduction of a specific duplicate photograph at trial.  Moreover, if Plaintiff is aware of or has copies of "higher" quality photographs where she contends Sanofi has only (or made use of) "lower" quality versions of the same photographs, the remedy is to order Plaintiff to produce them to Sanofi, not to tie Sanofi's hands in using what it has available.

### CONCLUSION

For these reasons, the Court should deny or defer Plaintiff's Motion *in Limine* to Exclude Low Quality Photographs.

Respectfully submitted,
/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstonrgman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

3