UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Elizabeth Kahn*, Case No. 2:16-cv-17039.

### SANOFI'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 18 TO PRECLUDE ANY COMMENT OR ARGUMENT CONCERNING THE COMPARATIVE FAULT OF HER TREATING PHYSICIANS AND MISUSE OF TAXOTERE

The Court previously granted in part and denied in part Plaintiff's motion on this issue in *Earnest*, ruling that testimony regarding whether Plaintiff's regimen was "off label" or outside the NCCN guidelines, but nonetheless within the standard of care, was admissible.[1] Plaintiff now seeks to exclude any "testimony or evidence that [Ms. Kahn's] treating physicians were negligent in any way, or that Taxotere was used improperly," including through off-label use.[2] Although it is not Sanofi's position that Dr. Kardinal or Dr. Larned breached the standard of care for Plaintiff or that Plaintiff or her doctors misused Taxotere, evidence about whether Plaintiff's regimen was "off label" or outside the NCCN guidelines is relevant to warnings causation and other triable issues in this case, and is admissible. The Court should therefore deny Plaintiff's motion or, at least, maintain its ruling in *Earnest*.

---

[1] Rec. Doc. 11112 (Sept. 5, 2019 Hr'g Tr.) 14:5–7.

[2] Rec. Doc. 12905-1 (Pl.'s Memo in Support of Mot. *in Limine* No. 18). Plaintiff previously sought to exclude such evidence by filing a motion for partial summary judgment. *See* Rec. Doc. 10915. The Court denied Plaintiff's motion, holding the request was "procedurally improper and premature" and instructing Plaintiff to "instead file a motion in limine at the appropriate time." Rec. Doc. 11782.

In denying Plaintiff's motion on this same issue in *Earnest*, the Court held:[3]

> **I think it's appropriate for you to ask Dr. Carinder what his options were, what recommendations he made to this – this patient, why he made those recommendations, what he would have done had he been properly warned** that this – and when I say properly, just – that's the allegation of the lawsuit, that he'd been warned that this medication runs a risk of permanent alopecia. I would have told her, we would have had further conversation and the jury is going to make a determination much beyond that.
>
> And I think – **I believe it to be appropriate for you to say, now, you were going to prescribe such and such and such and such, that's off-label, correct?** But I think it's fine for them to respond that's within the standard of care. So it's not – what I'm not going to allow is that inference that he prescribed off-label and somehow that was beyond the standard of care and that's what really caused all of this as opposed to that was within the standard of care. I think it's fine for you to say it was off-label.
>
> \* \* \*
>
> **You can ask him about off-label and then I think it's appropriate for them to say that that's an acceptable – it's within the standard of care. I think that's fine.** And then be done with it. I'm not going to go – **I will not allow anybody to run down some rabbit hole of malpractice. It's not at issue in this case**.[4]

As in *Earnest*, evidence that Plaintiff's treatment, as part of a clinical trial, was "off label" or outside the NCCN guidelines is relevant, and granting Plaintiff's motion would exclude certain case-specific facts relevant to warnings causation and other triable issues. Such facts include:

- Dr. Kardinal recommended that Ms. Kahn participate in an experimental clinical trial (NSABP B-40), even though it fell outside of the NCCN guidelines and required that she take Taxotere and other certain investigational drugs in a manner outside of the FDA-approved indication;

- Randomization was used to pick which of six chemotherapy regimens participants, like Ms. Kahn, might receive in the clinical trial;

---

[3] Rec. Doc. 7653-1 at 2 (denying the PSC's request to exclude "any testimony reflecting an error by Dr. Carinder, such as prescribing an alleged 'off-label' treatment, or prescribing a non-preferred treatment under NCCN guidelines").

[4] Rec. Doc. 11112 11:8–25, 13:12–17 (emphases added).

- Ms. Kahn consented to the clinical trial and initialed each page of the consent form, indicating she understood and accepted that the clinical trial posed certain side effects (specifically, "hair loss") and that some side effects might be permanent;

- When Dr. Larned took over Ms. Kahn's care during her chemotherapy treatment, Dr. Larned continued Ms. Kahn in the NSABP B-40 clinical trial;

- Dr. Kardinal reviewed the Taxotere label when he first started prescribing Taxotere to patients in the late 1990s, but he has no recollection of reviewing it since; and

- Additional labeling that permanent hair loss has been reported would not have altered Dr. Larned's opinion of Taxotere or caused her to warn her patients differently.

These facts are relevant to disputed issues at trial, including whether Plaintiff gave express, voluntary consent sufficient to constitute a release and whether a different warning would have had any material effect on the course of Ms. Kahn's prescription for chemotherapy ("warnings causation"). *See Murray v. Ramada Inns, Inc.*, 521 So. 2d 1123, 1134 (La. 1988). Indeed, to prevail on her "failure to warn" claim under Louisiana law, Plaintiff "must show that a proper warning would have changed the decision of the treating physician." *See Hebert v. Miles Pharm.*, No. CIV. A. 92-4290, 1994 WL 10184, at *4 (E.D. La. Jan. 13, 1994). The facts of Dr. Kardinal's prescribing decision and Plaintiff continuing on Taxotere with Dr. Larned—including the clinical trial and resulting regimen and dosing Plaintiff received—are relevant to Plaintiff's treatment options, her consent, and educating the jury about the risks and benefits of the available regimens. That the regimen chosen was "off label" and outside of the NCCN guidelines speaks directly to whether these doctors would have acted differently in their prescribing decision had information about PCIA been specified in the label—*i.e.*, warnings causation. As in *Earnest*, such testimony

can be elicited from Ms. Kahn's treaters without implying malpractice or product misuse, which are not issues in this case.

## CONCLUSION

For these reasons, evidence about whether Plaintiff's regimen was "off label" or outside the NCCN guidelines is relevant and admissible, and the Court should deny Plaintiff's Motion, or at the very least, maintain its ruling from *Earnest*.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jon Strongman
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jstrongman@shb.com

*Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*