UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 19 CONCERNING THE AMERICAN CANCER SOCIETY BREAST CANCER DICTIONARY

The Court should deny Plaintiff's Motion for two reasons. First, Plaintiff's foundation objection to the American Cancer Society Dictionary ("Dictionary") is premature because Plaintiff's experts have already recognized the American Cancer Society as an authoritative resource such that a learned treatise foundation can be laid at trial. Second, a treatise definition of alopecia is relevant and not unfairly prejudicial in this case, where Plaintiff alleges that Sanofi failed to warn her physician of the temporal risk of alopecia.

**A.  Plaintiff's Experts Have Already Recognized the American Cancer Society as an Authoritative Resource Such That a Learned Treatise Foundation Can Be Laid at Trial.**

Plaintiff's experts recognize American Cancer Society materials as reliable resources such that they are admissible under the learned treatise exception. Dr. Ellen Feigal, for example, relies on two American Cancer Society annual reports, *Breast Cancer Facts & Figures*, in her expert report to discuss breast cancer epidemiology, diagnosis, and staging.[1]

A learned treatise, periodical, or pamphlet is not hearsay and may be read into evidence during the direct or cross-examination of an expert witness with a proper foundation. Fed. R. Evid.

---
[1]  **Ex. A**, Mar. 23, 2020 Feigal Rpt. 7–8.

803(18). Proper foundation exists when the publication is "established as a reliable authority by the testimony or admission of the witness or *by other expert testimony.*" *Carroll v. Morgan*, 17 F.3d 787, 790 (5th Cir. 1994) (quoting Fed. R. Evid. 803(18)); *see also Dawsey v. Olin Corp.*, 782 F.2d 1254, 1264 (5th Cir. 1986) (plaintiffs "merely [had] to obtain copies of the original articles and have [defendant's expert] or one of their own numerous experts identify the articles as authoritative."); Trial Tr. 443 (Sept. 17, 2019), *In re: Taxotere (Docetaxel) Prods. Liab. Litig. (Earnest)*, No. 16-md-2740 ("MR. STRONGMAN: I think under the rule, it says, 'or by another expert's testimony.' So that means another expert, if they come in here, can testify that it is a reliable authority. THE COURT: Oh, absolutely.") (attached as **Ex. B**).

Although Plaintiff asserts that the Dictionary definition of alopecia is not reliable because of Dr. David Kessler's testimony in *Earnest*, the Fifth Circuit rejected this argument in *Carroll*. In *Carroll*, one of the defendant's expert witnesses refused to recognize certain medical textbooks and journal articles as authoritative during cross-examination. 17 F.3d at 790. The Fifth Circuit found the district court had erred when it refused to allow the plaintiff to use those materials on cross-examination because another medical expert had recognized the materials as reliable at trial. *See id.*[2] Under *Carroll*, Dr. Kessler's testimony alone cannot prevent Sanofi from laying a proper foundation for the Dictionary. Dr. Kessler's testimony is also irrelevant because he not an expert witness in Plaintiff's case and, as indicated, Plaintiff's other experts, with more experience in oncology, actually credit the source as reliable. *See* Fed. R. Evid. 803(18).

---

[2] The Fifth Circuit then found that the error did not warrant reversal after concluding that the plaintiff's substantial rights had not been affected by the district court's erroneous evidentiary ruling. *Id.*

### B. The Dictionary Definition of Alopecia Is Relevant and Not Unfairly Prejudicial to Plaintiff's Claim That Sanofi Failed to Warn of the Temporal Risk of Alopecia.

Plaintiff's case turns on whether the applicable Taxotere label—which warned of the risk of alopecia and instructed that "Hair loss varies from patient to patient. Once you have completed all your treatments, hair generally grows back"—adequately warned of the temporal risk of alopecia, *i.e.*, in some cases, hair may not grow back. Definitions of alopecia are relevant to Plaintiff's claim that Sanofi failed to warn of the temporal risk of alopecia. Fed. R. Evid. 401. Plaintiff's regulatory experts agree. To form their opinions, Dr. Laura Plunkett and Dr. David Ross both cite to Dr. Kessler's 2018 report in their reliance materials, which uses a definition of alopecia from the National Cancer Institute Dictionary of Cancer Terms (alopecia is "[t]he lack or loss of hair from areas of body where hair is usually found. Alopecia can be a side effect of some cancer treatments.").[3]

Plaintiff cannot claim her favored definition of alopecia is relevant, while any disfavored definition is irrelevant. Rather, because Plaintiff's experts rely on definitions of alopecia from the National Cancer Institute, the Court should permit Sanofi to cross-examine these experts with definitions of alopecia from other, reputable organizations. *Reilly v. Pinkus*, 338 U.S. 269, 275 (1949) ("It certainly is illogical, if not actually unfair, to permit witnesses to give expert opinions based on book knowledge, and then deprive the party challenging such evidence of all opportunity to interrogate them about divergent opinions expressed in other reputable books.").

Nor is there anything prejudicial about the Dictionary definition of alopecia. "'[U]nfair prejudice' in the context of Rule 403 'is not to be equated with testimony simply

---

[3] **Ex. C**, Appendix A to Feb. 8, 2021 Plunkett Suppl. Rpt. 1 (citing to Nov. 6, 2018 Kessler Rpt.); **Ex. D**, Exhibit C to Feb. 8, 2021 Ross Suppl. Rpt. 2 (citing to Nov. 6, 2018 Kessler Rpt.); *see* **Ex. E**, Nov. 6, 2018 Kessler Rpt. 20 n.77.

3

adverse to the opposing party . . . [t]he prejudice must be 'unfair.'" *In re M&M Wireline & Offshore Servs., LLC*, 2017 WL 485985, at *8 (E.D. La. Feb. 6, 2017) (citing *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)).  Here, Plaintiff disagrees with the Dictionary definition of alopecia simply because it is adverse to Plaintiff's claim that Sanofi did not adequately warn of the temporal risk of alopecia.  Accordingly, the Dictionary definition of alopecia is relevant and not unfairly prejudicial.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion *in Limine* Concerning the American Cancer Society Breast Cancer Dictionary.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART &
MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

4

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                /s/ *Douglas J. Moore*