# EXHIBIT B

## Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) *
PRODUCTS LIABILITY LITIGATION * Docket No.: 16-MD-2740
                               * Section "H(5)"
                               * New Orleans, Louisiana
Relates to: Barbara Earnest    * September 17, 2019
Case No.: 16-CV-17144          *
* * * * * * * * * * * * * * * *

DAY 2 - AFTERNOON SESSION
TRANSCRIPT OF JURY TRIAL BEFORE
THE HONORABLE JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:    Barrios Kingsdorf & Casteix, LLP
                       BY: DAWN M. BARRIOS, ESQ.
                       701 Poydras Street
                       Suite 3650
                       New Orleans, Louisiana 70139

For the Plaintiffs:    Gainsburgh Benjamin David Meunier
                       & Warshauer, LLC
                       BY: M. PALMER LAMBERT, ESQ.
                       1100 Poydras Street
                       Suite 2800
                       New Orleans, Louisiana 70163

For the Plaintiffs:    Pendley Baudin & Coffin, LLP
                       BY: CHRISTOPHER L. COFFIN, ESQ.
                       1100 Poydras Street
                       Suite 2505
                       New Orleans, Louisiana 70163

OFFICIAL TRANSCRIPT

## Page 2

APPEARANCES:

For the Plaintiffs:    Gibbs Law Group, LLP
                       BY: KAREN BARTH MENZIES, ESQ.
                       6701 Center Drive West
                       Suite 1400
                       Los Angeles, California 90045

For the Plaintiffs:    Bachus & Schanker, LLC
                       BY: J. KYLE BACHUS, ESQ.
                           DARIN L. SCHANKER, ESQ.
                       1899 Wynkoop Street
                       Suite 700
                       Denver, Colorado 80202

For the Plaintiffs:    Fleming Nolen & Jez, LLP
                       BY: RAND P. NOLEN, ESQ.
                       2800 Post Oak Boulevard
                       Suite 4000
                       Houston, Texas 77056

For the Plaintiffs:    DAVID F. MICELI, LLC
                       BY: DAVID F. MICELI, ESQ.
                       Post Office Box 2519
                       Carrollton, Georgia 30112

For the Plaintiffs:    Morgan & Morgan, P.A.
                       BY: EMILY C. JEFFCOTT, ESQ.
                       700 S. Palafox Street
                       Suite 95
                       Pensacola, Florida 32502

For the Sanofi         Irwin Fritchie Urquhart
Defendants:            & Moore, LLC
                       BY: DOUGLAS J. MOORE, ESQ.
                       400 Poydras Street
                       Suite 2700
                       New Orleans, Louisiana 70130

OFFICIAL TRANSCRIPT

## Page 3

APPEARANCES:

For the Sanofi     Shook Hardy & Bacon, LLP
Defendants:        BY: HARLEY V. RATLIFF, ESQ.
                       JON A. STRONGMAN, ESQ.
                   2555 Grand Boulevard
                   Kansas City, Missouri 64108

For the Sanofi     Shook Hardy & Bacon, LLP
Defendants:        BY: HILDY M. SASTRE, ESQ.
                   201 Biscayne Boulevard, Suite 3200
                   Miami, Florida 33131

Official Court Reporter:   Jodi Simcox, RMR, FCRR
                           500 Poydras Street
                           Room HB-275
                           New Orleans, Louisiana 70130
                           (504) 589-7780

Proceedings recorded by mechanical stenography, transcript

produced by computer.

OFFICIAL TRANSCRIPT

## Page 4

I N D E X

                                                    Page

DAVID KESSLER
   Direct Examination By Mr. Nolen:                  381
   Cross-Examination By Mr. Strongman:               388
   Redirect Examination By Mr. Nolen:                506

PROFFER
   Examination By Mr. Strongman:                     528

PROFFER
   Examination By Mr. Miceli                         534

OFFICIAL TRANSCRIPT

1 (Pages 1 to 4)

## Page 65

441

DAVID KESSLER - CROSS

2:27PM 1   it's meant for -- it looks like a very useful document for the
2:28PM 2   lay person. I'm not sure any breast oncologist would rely on
2:28PM 3   this."
2:28PM 4           My guess is you're not asking him if a breast
2:28PM 5   oncologist would use this.
2:28PM 6           MR. STRONGMAN: No, that's not my particular
2:28PM 7   question.
2:28PM 8           THE COURT: I know what your particular is. You know
2:28PM 9   what? I've got that.
2:28PM10           And then the question is what does this mean.
2:28PM11   And then it goes right to what does the plaintiff mean when
2:28PM12   they see it in the label.
2:28PM13           And so I'm listening. Because I think -- I am
2:28PM14   quite certain that's where we're going as to what is the
2:28PM15   definition of "alopecia."
2:28PM16           MR. NOLEN: So if we look at the comments to
2:28PM17   Rule 803(18), it tells us, "The relevance of the use of
2:28PM18   treatises on cross-examination is evident. The use of
2:28PM19   treatises has been the subject of varying views. The most
2:29PM20   restrictive position is that the witness must have stated
2:29PM21   expressly on direct his reliance on upon the treatise. A
2:29PM22   slightly more liberal approach still insists upon reliance but
2:29PM23   allows it to be developed on cross-examination."
2:29PM24           We don't have that here, Your Honor.
2:29PM25           THE COURT: But I'm looking at the language of the

OFFICIAL TRANSCRIPT

## Page 66

442

DAVID KESSLER - CROSS

2:29PM 1   rule. "The statement is called to the attention of an expert
2:29PM 2   on cross-examination or relied on by the expert on direct. And
2:29PM 3   the publication is established as a reliable authority by the
2:29PM 4   expert's admission or testimony or by another expert's
2:29PM 5   admission."
2:29PM 6           MR. STRONGMAN: Obviously, Dr. Kessler has been
2:29PM 7   through this a few times. He can't control his cross.
2:29PM 8           THE COURT: I'm sorry?
2:29PM 9           MR. STRONGMAN: I said the witness shouldn't be able
2:29PM10   to control their cross.
2:29PM11           THE COURT: Well, I think the rule says -- the rule
2:29PM12   says he doesn't have to rely on it in his direct, but he's got
2:30PM13   to acknowledge if as a learned -- as some authority.
2:30PM14           And it's not -- you can't just put something in
2:30PM15   front of him unless he says, "Yes, this is" because it says
2:30PM16   "and" -- I'm a civilian, so we look at all of these books --
2:30PM17   "the publication is established as a reliable authority by the
18   expert's admission or testimony or by another expert's
19   testimony or judicial notice."
2:30PM20           MR. STRONGMAN: Correct.
2:30PM21           THE COURT: So I think he's got to say this is --
2:30PM22   this is reliable authority.
2:30PM23           I'm trying to look at his language, because I
2:30PM24   think that -- I think that, certainly, he doesn't have to rely
2:30PM25   on it in direct, absolutely. But he has -- and you can call it

OFFICIAL TRANSCRIPT

## Page 67

443

DAVID KESSLER - CROSS

2:30PM 1   to his attention on cross, but he's got to establish that this
2:30PM 2   is reliable authority.
2:30PM 3           MR. STRONGMAN: I think under the rule, it says, "or
2:31PM 4   by another expert's testimony." So that means another expert,
2:31PM 5   if they come in here, can testify that it is a reliable
2:31PM 6   authority.
2:31PM 7           THE COURT: Oh, absolutely.
2:31PM 8           MR. STRONGMAN: And so the point being that
2:31PM 9   Dr. Kessler shouldn't be able to control his cross-examination
2:31PM10   just by saying, "I don't think that's reliable" when another
2:31PM11   expert in the case could come in and say it is. I think that's
2:31PM12   the intent of this rule.
2:31PM13           THE COURT: I agree with you except that do I
2:31PM14   anticipate -- am I supposed to anticipate whether another
2:31PM15   expert's going to say that?
2:31PM16           MR. STRONGMAN: I think that's a fair thing to do. I
2:31PM17   think the Court could also take judicial notice of it.
2:31PM18   Obviously, that's included as well.
2:31PM19           We're talking about definitions from the
2:31PM20   American Cancer Society, and it's totally -- it's totally fair
2:31PM21   to just ask did he look for this, did he review it, does he
2:31PM22   know what it says.
2:31PM23           And if he says it's worthless, that's fine too,
2:31PM24   in terms of "I've read it. Here's what it says. And I have an
2:32PM25   opinion that it's not worth something." But I think it's fair

OFFICIAL TRANSCRIPT

## Page 68

444

DAVID KESSLER - CROSS

2:32PM 1   to cross-examine him on it.
2:32PM 2           THE COURT: Okay. I'm listening.
2:32PM 3           MR. NOLEN: Just -- again, I don't think there's any
2:32PM 4   evidence here that this is a peer-reviewed document.
2:32PM 5           THE COURT: Oh, I don't think anybody's going to say
2:32PM 6   it's a peer-reviewed document.
2:32PM 7           MR. NOLEN: And, therefore, it's not a learned
2:32PM 8   treatise, because it's not learned if it's not peer-reviewed.
2:32PM 9           THE COURT: But it says "periodicals" or "pamphlets."
2:32PM10           MR. NOLEN: I think that they would have to come
2:32PM11   under some scrutiny; otherwise, we could put The New York Times
2:32PM12   in front of him.
2:32PM13           THE COURT: Well, we're not going to do that.
2:32PM14           I'm going to take my ten-minute break, and then
2:32PM15   I'll be back.
2:32PM16           THE DEPUTY CLERK: All rise.
2:32PM17           (WHEREUPON, the Court took a recess.)
2:39PM18           THE COURT: Please be seated.
2:39PM19           MR. STRONGMAN: Your Honor, if I could point one
2:39PM20   other thing out.
2:39PM21           THE WITNESS: Do you want me out of here?
2:39PM22           THE COURT: Not the jury yet.
2:39PM23           MR. STRONGMAN: You're fine.
2:39PM24           I asked Dr. Kessler pretty directly:
2:39PM25           "Q. And the American Cancer Society, we established,

OFFICIAL TRANSCRIPT