UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR RECONSIDERATION

Plaintiff's Opposition entirely ignores the two dispositive issues recently addressed by the Fifth Circuit that require judgment here, namely that: (1) Plaintiff never inquired about Taxotere as the cause of her injury; and (2) Plaintiff did not believe her gynecologist's statement that Plaintiff's hair thinning could be caused by aging. Plaintiff instead argues that there is "nothing new to see here" and that the Court should mechanically re-affirm its prior order. But Plaintiff never addresses the reasons her case is now virtually indistinguishable from *Durden*. Under the Fifth Circuit's application of *Thibodeaux* to the facts in *Durden*, Sanofi is entitled to judgment.

Ms. Durden believed her initial hair loss—sustained in October 2011—was caused by chemotherapy, but she did not know which drug. Ms. Kahn also believed her initial hair loss—which allegedly occurred in June 2008—was caused by chemotherapy, and she *specifically believed Taxotere* was the cause. Ms. Durden never investigated Taxotere as the cause of her injury, a failure the Fifth Circuit, applying *Thibodeaux*, determined was unreasonable as a matter of law.[1] Ms. Kahn likewise never investigated Taxotere as the cause of her injury. A doctor told Ms. Durden that she might have female pattern hair loss. Ms. Durden, however, did not believe

---

[1] *In re Taxotere (Docetaxel) Prod. Liab. Litig. (Durden)*, No. 20-30495, 2021 WL 2373490, at *6 (5th Cir. June 9, 2021) (citing *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 393−94 (2021)).

that diagnosis, and the Fifth Circuit ruled this made the fact of misdiagnosis irrelevant.[2]  When Ms. Kahn asked, a gynecologist told Ms. Kahn that her hair thinning could be caused by aging.  Ms. Kahn likewise did not believe that diagnosis—a fact Plaintiff has not disputed.  After the Fifth Circuit's ruling applying *Thibodeaux* to these facts, there remains no basis to distinguish the reasonableness of these plaintiffs' behavior, nor has Plaintiff advanced any viable argument to the contrary.

Instead, Plaintiff spends pages litigating arguments that have already been decided.  This Court already held that prescription is not tolled simply because a doctor had the opportunity but allegedly "failed to diagnose" the plaintiff with PCIA caused by Taxotere.[3]  The Fifth Circuit also roundly rejected Plaintiff's fraudulent-concealment argument,[4] as well as her futility arguments, holding "any argument that the facts supporting [Plaintiff's] cause of action were not reasonably knowable is foreclosed by *Thibodeaux*."[5]  Finally, Plaintiff ignores both that Sanofi has at all times met its burden of proof on summary judgment and that Plaintiff has never raised that issue in any

---

[2]   *Durden*, 2021 WL 2373490, at *7.

[3]   Rec. Doc. 12991 at 11 (Pl.'s Opp. to Renewed Mot. for Reconsideration) (arguing two doctors "refrained from diagnosing her condition"); Rec. Doc. 9110 at 6 (Order and Reasons Granting Sanofi's Mot. for Summ. J. in *Thibodeaux*) (plaintiff could not argue tolling applied "simply because others observed her injury and could have offered unsolicited advice to help her but did not.  This falls short of 'act[ing] reasonably to discover the cause of the problem' as the law requires.").

[4]   Rec. Doc. 12991 at 16–21 (Pl.'s Opp. to Renewed Mot. for Reconsideration) (arguing there remains a material dispute regarding fraudulent concealment); *see also Thibodeaux*, 995 F.3d at 395 ("The third *contra non valentem* scenario, *i.e.*, where the defendant prevented the plaintiff from availing herself of her cause of action, is inapplicable because of our holding that Appellants here were not prevented from availing themselves of their causes of action; a reasonable inquiry would have led to the information needed.").  This Court also recently recognized in *Hughes* that the third exception cannot toll the prescriptive period for other MDL plaintiffs under the Fifth Circuit's holding.  *See* Rec. Doc. 12532 at 9 (Order and Reasons Granting Mot. for Summ. J. in *Hughes*).

[5]   Rec. Doc. 12991 at 12–14 (Pl.'s Opp. to Renewed Mot. for Reconsideration); *see also Durden*, 2021 WL 2373490, at *6 (citing *Thibodeaux*, 995 F.3d 384, 393−95).

motion seeking a ruling.⁶  Plaintiff's arguments are meritless.  Sanofi accordingly requests reconsideration and judgment in its favor.

**I.     Plaintiff Unreasonably Failed To Investigate Taxotere As A Cause Of Her Injury.**

This Court previously distinguished *Kahn* from *Durden* (and *Thibodeaux*) on the sole fact that, around the time of her treatment, Plaintiff asked her gynecologist about hair balding and was told hair thinning can be caused by age.⁷  But the Fifth Circuit has now twice ruled that MDL plaintiffs must ***specifically investigate Taxotere*** as a cause of their injuries to avoid summary judgment.  *In re Taxotere (Docetaxel) Prod. Liab. Litig.* (*Durden*), No. 20-30495, 2021 WL 2373490, at *5–6 (5th Cir. June 9, 2021) (citing *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 394 (2021)).  The Fifth Circuit's reasoning was clear.  The Master Complaint—adopted by all MDL plaintiffs including Ms. Durden and Ms. Kahn—cited "key information" available in the public domain demonstrating that "Taxotere as a possible cause of [] persistent hair loss was not an obscure possibility." *Id.* at *6.  Because it was not an obscure possibility, "diligence required that Taxotere be explored as a possible explanation" for each plaintiff's injury.  *Id.*  And because none of the plaintiffs in *Thibodeaux* or *Durden* made any inquiry into Taxotere as a "possible explanation" for their persistent hair loss, they had "not act[ed] reasonably in light of their injuries," and *contra non valentem*'s fourth category did not suspend prescription.  *Id.*

In her Opposition, Plaintiff acknowledges that "in the recent unpublished *Durden* decision, the Fifth Circuit [affirmed summary judgment because] . . . Durden never 'explored' Taxotere 'as

---

⁶   Plaintiff raised this identical argument in her opposition to Sanofi's Motion for Reconsideration (Rec. Doc. 12542).  Sanofi set forth a detailed response to Plaintiff's argument in its reply brief.  *See* Rec. Doc. 12629-2 at 7–9.  Sanofi incorporates the arguments set forth in Rec. Doc. 12629-2 at 7–9 as though fully set forth herein.

⁷   Rec. Doc. 10833 at 5 (Order and Reasons Granting Mot. for Summ. J. in *Durden*); *see also* Rec. Doc. 12805 at 5–7 (Order and Reasons Denying Mot. for Reconsideration).

a possible explanation' for her persistent hair loss."[8]  Plaintiff still claims, however, that *Durden* is "easily distinguishable from Ms. Kahn's case," based on Plaintiff's 2009 question to her gynecologist about hair thinning.[9]  Plaintiff misses the point.  Plaintiff's inquiry about hair thinning does not distinguish *Kahn* from *Durden* because *neither* plaintiff investigated **Taxotere** as a cause of her injury.[10]  That fact is case dispositive under the Fifth Circuit's rulings.  *Durden*, 2021 WL 2373490, at *6 (citing *Thibodeaux*, 995 F.3d at 394).  Plaintiff has not made any argument to the contrary, nor could she given the undisputed fact that she never investigated Taxotere as a cause of her persistent hair loss.

## II. Plaintiff Does Not Dispute That She Did Not Believe Dr. Roberie's Alternative Diagnosis.

In its Rule 28(j) letter to the *Durden* Court attempting to distinguish that case from *Thibodeaux*, the PSC argued prescription should have been tolled in *Durden* because "[h]er doctors, unaware [Ms. Durden's] prescription drug Taxotere could cause permanent hair loss, misdiagnosed her with conditions like 'female pattern hair loss.'"[11]  The Fifth Circuit directly addressed that argument and found it irrelevant because Ms. Durden did not reasonably believe the misdiagnosis and because the diagnosis was not made exclusive of other causes.  *See Durden,* 2021 WL 2373490, at *7.  Given those facts, Ms. Durden still was required to engage in a "reasonable inquiry to determine Taxotere's effects on [her] persistent loss of her hair." *Id.*

---

[8] Rec. Doc. 12991 at 6 (Pl.'s Opp. to Renewed Mot. for Reconsideration).

[9] *Id.*

[10] Plaintiff also asserts that the Fifth Circuit's affirmance in *Durden* "is unpublished" and therefore "did not announce new law." Rec. Doc. 12991 at 1, 6 (Pl.'s Opp. to Renewed Mot. for Reconsideration).  That *Durden* is unpublished does not change its relevance and applicability to the facts here.  Indeed, *Durden* answers how the Fifth Circuit applies the precedential *Thibodeaux* decision to a case where, as here, the plaintiff not only fails to investigate Taxotere, but also is informed by her physicians that something besides chemotherapy may be causing her persistent hair loss.  *See Durden*, 2021 WL 2373490, at *6−7.  Under *Thibodeaux*, as applied in *Durden*, *contra non valentem* does not apply to save Plaintiff's claims.

[11] Rec. Doc. 12916-2 at 2 (Ex. A to Defs.' Renewed Mot. for Reconsideration).

4

Plaintiff in this case has likewise argued that prescription should be tolled because her gynecologist told her hair thinning can be caused by aging.[12] And this Court previously ruled that Plaintiff's claims were not time-barred because, based on her gynecologist's comment, Plaintiff may have had "a reason to believe" something other than chemotherapy was causing her persistent hair loss.[13] That was, in fact, the singular basis upon which this Court distinguished *Kahn* from other cases in this MDL.[14] As Sanofi demonstrated in its motion, however, the facts here are strikingly similar to those in *Durden*. Plaintiff has presented no evidence that Dr. Roberie said Plaintiff's hair thinning is singularly attributable to age to the exclusion of other potential causes. *See Durden,* 2021 WL 2373490, at *7. And, most critically, the evidence is clear that Plaintiff did not "reasonably believe" her hair loss was caused by age:

> Q. So have you considered whether the current condition of your hair is affected by the aging process?
>
> A. I was 50 at the time, and most 50-year-old's hair do not thin. You know, 80, maybe, but not 50. So when she told me that, I was a little taken aback, but -- *so I dropped it*.[15]
>
> ***
>
> Q. *Even despite what Dr. Roberie said, you don't even think it's possible [that your hair loss was caused by age]. Is that your testimony?*
>
> A. *Yes*.[16]

---

[12] Rec. Doc. 12991 at 6−7 (Pl.'s Opp. to Renewed Mot. for Reconsideration).

[13] Rec. Docs. 9885 at 7 (Order and Reasons Denying Mot. for Summ. J. Based on the Statute of Limitations), 12805 at 6−7 (Order and Reasons Denying Mot. for Reconsideration).

[14] Rec. Doc. 12805 at 6 (Order and Reasons Denying Mot. for Reconsideration).

[15] Rec. Doc. 9295-4, Dec. 7, 2017 Kahn Dep. at 257:14–258:5 (Ex. B to Defs.' Mot. for Summ. J. Based on the Statute of Limitations) (emphasis added).

[16] Rec. Doc. 9481-5, Dec. 7, 2017 Kahn Dep. at 274:6–8; 276:15–21 (Ex. S to Defs.' Reply in Support of Mot. for Summ. J. Based on the Statute of Limitations) (emphasis added). Between 2009 and 2011, Plaintiff attended multiple follow-up appointments with her oncologist, Dr. Zoe Larned, and a dermatologist, Dr. Martin Claiborne, during which she complained several times about thinning hair loss. *See* Rec. Doc. 12916-1 at 9 & nn.24–26 (Defs.' Renewed Mot. for Reconsideration). Plaintiff never inquired about the potential cause of her hair loss

*See id*. Plaintiff's uncontested testimony that she did not believe Dr. Roberie's alternative diagnosis extinguishes Plaintiff's argument that her case must proceed to a jury. That testimony was the key reason Sanofi was compelled to move for reconsideration; yet, Plaintiff nowhere addresses it nor argues that the facts of her case can be distinguished from *Durden*. They cannot. Given the Fifth Circuit's rulings in *Thibodeaux* and *Durden*, because Plaintiff did not believe her hair loss was caused by age, Plaintiff was required to reasonably investigate Taxotere as a cause of her persistent hair loss but did not do so. That failure was particularly glaring considering Plaintiff admitted she believed her initial hair loss was caused by Taxotere but did nothing to investigate it as a cause of her persistent hair loss for a full eight years.[17]

Because Plaintiff failed to act reasonably to investigate Taxotere under the Fifth Circuit's rulings in *Thibodeaux* and in *Durden*, she must be charged with all information that a reasonable inquiry would have revealed.[18] The Fifth Circuit has already determined such an inquiry would have yielded information in the public domain linking Taxotere to PCIA. *See Durden,* 2021 WL 2373490, at *6 (citing *Thibodeaux*, 995 F.3d at 393−94). Because a reasonable inquiry would

---

and neither doctor offered any alternative causes, clinical diagnoses, or promises that hair growth may take longer than expected. *See id.*

[17] Q. When you lost your hair -- at the time you lost your hair, what did you attribute it to?
   A. The chemotherapy drugs that I was taking.
   Q. Any specific chemotherapy drug?
   A. Well, I knew that one of the side effects of Taxotere was temporary hair loss.
   Q. And did you think it could have been due to the Xeloda or to the Avastin, or did you specifically attribute it to the Taxotere?
   A. To the Taxotere.

   Rec. Doc. 9295-4, Dec. 7, 2017 Kahn Dep. at 228:13−229:10 (Ex. B to Defs.' Mot. for Summ. J. Based on the Statute of Limitations); *see also* Rec. Doc. 10833 (Order and Reasons Granting Mot. for Summ. J. in *Durden*) ("The record shows that from the time [Durden's] injury began to manifest, Plaintiff attributed her hair loss to her chemotherapy.").

[18] For purposes of this Motion, it is irrelevant whether a reasonable plaintiff can be charged with constructive notice, as Plaintiff argues. Rec. Doc. 12991 at 8−9 (Pl.'s Opp. to Renewed Mot. for Reconsideration). Here, Plaintiff did not act reasonably under the Fifth Circuit's holding in *Durden*.

have uncovered this information more than one year prior to the time Plaintiff filed suit, her claims are time-barred. Plaintiff has presented no viable argument to the contrary, because she cannot do so. The *Durden* decision answered how the Fifth Circuit's decision in *Thibodeaux* applies to these facts and, as in *Durden*, Sanofi is entitled to judgment.

## CONCLUSION

For all of these reasons, Sanofi requests that this Court reconsider its April 7, 2020 Order denying Sanofi's motion for summary judgment and find Plaintiff's claims prescribed under the Fifth Circuit's recent rulings in *Durden* and *Thibodeaux*.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Adrienne L. Byard |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA 70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile: 504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

*Counsel for Sanofi Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore