UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL SANOFI TO BRING DR. MICHAEL KOPRESKI TO TRIAL FOR LIVE CROSS EXAMINATION PURSUANT TO THIS COURT'S DAUBERT RULING AND FRCP 43 AND 45.

MAY IT PLEASE THE COURT:

### I.　　INTRODUCTION

In this MDL's first bellwether trial of Ms. Earnest's case, Sanofi argued in closing that "[t]he whole case fails once you look at what's under the hood with TAX 316."[1] "And the only person in this case that did that was Dr. Kopreski."[2]

It is imperative that Plaintiff Elizabeth Kahn be permitted to cross examine Dr. Kopreski. He is a key witness for Sanofi, indeed its corporate designee, and absent cross examination at trial, either live (in person) or live via remote videoconference, Plaintiff Kahn would be deeply prejudiced.

Accordingly, Plaintiff Kahn moves for an order compelling Sanofi to produce Dr. Kopreski for cross examination at trial, either voluntarily in person or at a remote location via contemporaneous video transmission consistent with Federal Rules of Civil Procedure 43 and 45.

---

[1] Exhibit A, Excerpt of Earnest Trial Transcript at 2201.
[2] *Id.* at 2200.

1

## II.   BACKGROUND

This Court previously ruled on Plaintiff's *Daubert* motion regarding Dr. Michael Kopreski. In pertinent part, the Court stated:

> The Court notes that while Dr. Kopreski will be allowed to offer the opinions at issue, the Court is concerned about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis. Plaintiff must be able to conduct a robust cross-examination of him in a way that is conducive for the jury. Accordingly, the Court will address options with counsel prior to trial.

Rec. Doc. 11332 at 8.  In accordance with the Order, the parties discussed options with the Court at two conferences with lead and liaison counsel.  At the last such conference on July 9, 2021, the Court directed Plaintiff to file the instant motion.  The Court also indicated that if Defendants intend to bring a witness live, they must advise Plaintiff's counsel, as there would be a fundamental fairness issue with requiring Plaintiff to play deposition testimony and then Defendant bringing that same witness live in their case-in-chief.

## III.   LAW AND ARGUMENT

The Court should compel Sanofi to produce Dr. Kopreski for live testimony at Ms. Kahn's trial.  Considering (1) the significance of Dr. Kopreski's testimony to Defendants' case, (2) Sanofi's experts' reliance on Dr. Kopreski's non-public, direct examination analysis of TAX316 data, (3) the complexity of this MDL, (4) Sanofi's designation of and control over Dr. Kopreski, (5) Dr. Kopreski's consent to serve as Sanofi's 30(b)(6) representative, (6) the lack of prejudice to Dr. Kopreski and Defendants, and (7) the convenience and reliability of remote testimony, it is respectfully appropriate and necessary to compel Dr. Kopreski's attendance, pursuant to Federal Rules of Civil Procedure 43 and 45.  If Sanofi will not confirm Dr. Kopreski's voluntary agreement to appear live for in-person examination, the relevant Rules vest this Court with authority to compel his appearance via live remote videoconference.

Magistrate Judge Gary R. Jones of the Northern District of Florida recently summarized the applicable standard:

> A witness's testimony at trial must be taken in open court unless a federal rule or statute allows otherwise. Fed. R. Civ. P. 43(a). When a party presents "good cause in compelling circumstances" and assures the Court of "appropriate safeguards," the Court "may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Federal courts have been admonished to proceed with caution under Rule 43(a) to ensure what is typically an exception (live testimony by contemporaneous transmission) does not swallow the rule (live in-person testimony):
>
>> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> Fed. R. Civ. P. 43 advisory committee's note.
>
> Federal Rule of Civil Procedure 45 provides a party with the subpoena power to secure a witness's attendance at trial. Relevant here, "[a] subpoena may command a person to attend a trial, hearing, or deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). And "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45 advisory committee's note. The "court for the district were compliance is required" must quash a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]" Fed. R. Civ. P. 45(d)(3)(A)(ii).

Order of May 28, 2021, N.D. Fl. Case No. 7:20-cv-00039 (Doc. 133).[3]

---

[3] Opinion attached hereto as Exhibit B.

As noted by Magistrate Judge Jones, federal courts have the authority under Rule 43(a) to "permit testimony in open court by contemporaneous transmission from a different location." "When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." *See* Fed. R. Civ. P. 45, Advisory Committee Note. Under His Honor's reasoning, therefore, a valid Rule 45 subpoena can issue once an order is issued to permit such live remote videoconference testimony.

However, in this case, the party seeking to procure the direct testimony is the defendant, which results in a bit of an awkward procedural posture. Plaintiff should not be required to subpoena Dr. Kopreski for testimony that Sanofi affirmatively intends to present in Sanofi's case-in-chief. Only an adverse party can use the deposition of a designee under Rule 32(a)(3) for any purpose. While subsection (4) of Rule 32 confers unavailability upon a witness who is more than 100 miles from the Eastern District of Louisiana's courthouse, Sanofi has exercised considerable control over its corporate representative who was made available for 30(b)(6) testimony on multiple instances. And, presumably, Dr. Kopreski was advised of his right to consent or not to his status as 30(b)(6) designee.[4] Sanofi only speaks through its chosen designee, and it makes little sense it can claim its corporate representative's unavailability, or that it may procure the company's unavailability to give direct/non-adverse testimony on which its experts rely and about which the Court has already determined robust cross-examination is appropriate.

On the deposition designations deadline set forth in Case Management Order No. 14(J) (Doc. 12760), Plaintiff identified approximately 35 minutes of Dr. Kopreski's individual (not

---

[4] Federal Rule of Civil Procedure 30 allows an organization to designate a representative to testify on its behalf. Fed. R. Civ. P. 30(b)(6). The advisory committee notes to Rule 30(b)(6) note that the person so designated must provide consent to their status as "the company." Dr. Kopreski has been designated as Sanofi's representative on multiple sittings, including when he was led through a direct examination of his post-retirement, post-hoc analysis of a limited selection of incomplete, interim TAX316 data, which examination was the subject of Plaintiff's *Daubert* challenge.

30(b)(6)) deposition testimony in her affirmative designations, as opposed to Sanofi's affirmative designation of 4 hours and 55 minutes of testimony, including the direct examination at issue.[5] Plaintiff's designations of Dr. Kopreski's individual deposition testimony do not include any of his analysis of TAX316; thus, his reanalysis on direct exam by Sanofi would not fall under the category of "completeness" to be played in Plaintiff's case. Therefore, it appears from its affirmative designations as though Sanofi intends to present this videotape testimony of Dr. Kopreski's reanalysis of TAX316 in its case-in-chief in the same manner as was done in *Earnest*. Such a course of action is inconsistent the Court's Order and Reasons of October 21, 2020 (Doc. 11332) regarding Dr. Kopreski.

Finally, multiple federal courts have allowed contemporaneous transmission of important witness testimony when the geographical limitations of Rule 45 prevent in-person live testimony. In *Vioxx*, a five-factor test was implemented to consider:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

*In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006). In this case, good cause exists to compel Sanofi to bring their corporate designee to trial. While all *Vioxx* factors favor Dr. Kopreski's live appearance at trial, the most significant factor in this case is the tactical advantage Sanofi would gain by shielding its designated corporate representative from live cross examination concerning his post-hoc analysis of limited, interim, and incomplete clinical trial data done years after his retirement from Sanofi. Their counsel's closing argument further highlights the

---

[5] It should be noted that Sanofi has converted many of its affirmative designations to counter-designations in its more recent transmission of counter-designated deposition testimony.

significance of weight Sanofi places on Dr. Kopreski's testimony, and this Court has recognized the necessity of affording Plaintiff the opportunity to present the jury with robust cross-examination. *See* Doc. 11332 at 8. Allowing Sanofi to present this lay opinion testimony via videotape deposition would significantly prejudice Plaintiff and would not adequately "inform the parties on the future course of this entire litigation." *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017).

In the *Actos* MDL, the court noted:

> [C]ontemporaneous transmission of live witness testimony will better allow the jury to more realistically "see" the live witness along with "his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration," without editing or the unavoidable esthetic distance created by a video deposition and, thus, more fully and better satisfy the goals of live, in-person testimony, while avoiding the short-comings of either written or video deposition testimony perhaps recorded weeks or months earlier, prior to whatever developments might have occurred between the time the deposition was recorded and the time the testimony by video deposition is presented at trial.

*In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-CV-00064, 2014 WL 107153, at *8 (W.D. La. Jan. 8, 2014).

Accordingly, the Court should compel Sanofi to bring Dr. Kopreski to trial via remote video feed at a location that ensures appropriate safeguards are in place for contemporaneous transmission, and order the parties to confer on an appropriate protocol on video streaming to be submitted for the Court's review. If Sanofi cannot procure Dr. Kopreski's voluntary appearance at such location, Sanofi should be compelled to issue a subpoena under Rule 45 for Dr. Kopreski's attendance at a suitable remote location.

## IV. CONCLUSION

For the reasons set forth hereinabove, Sanofi should be compelled to bring Dr. Kopreski for live trial testimony via remote videoconferencing for contemporaneous transmission of testimony consistent with Federal Rules of Civil Procedure 43 and 45.

Dated: July 14, 2021                                             Respectfully submitted,

<table>
<tr><td>

/s/ Christopher L. Coffin
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

</td><td>

/s/ Karen B. Menzies
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

</td></tr>
</table>

### PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202

8

Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                  */s/ M. Palmer Lambert*
                                                 M. PALMER LAMBERT