# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*Lloyd Baker*
Case No. 7:20-cv-39
_____/

## **ORDER**

On May 27, 2021, the Court conducted a telephone hearing to address Defendants' Motion to Quash the Subpoenas to Elliot Berger and Brian Myers. ECF No. 122. Prior to the hearing, Plaintiff Baker filed a response in opposition to Defendants' motion. ECF No. 131. For the reasons discussed on the record (which are fully incorporated herein) and those explained below, Defendants' Motion to Quash is due to be **GRANTED IN PART and DENIED IN PART**. This order is a non-exhaustive recitation of the arguments made by the parties, as well as the Court's reasoning.

## I. BACKGROUND

The multidistrict litigation is a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). The bellwether trial in this case—the third thus far in the MDL—will begin on June 7 in Pensacola, Fla. ECF No. 74.

On May 12, Plaintiff Baker served subpoenas on Berger and Myers to compel their testimony at trial by contemporaneous transmission. ECF No. 122-3; ECF No. 122-4. Berger "'is an acoustical engineer who ran Defendant Aearo's research laboratory for several decades and was one of the principal figures in the development of the CAEv2.'" MDL ECF No. 1561 at 2 (quoting MDL ECF No. 1558 at 4) (alterations adopted). Berger maintains a consulting contract with Defendant 3M through his employer, Volt Management Corporation. ECF No. 131-11 at 4–5, 9–10. Myers is the Business Unit Director for Defendant 3M, MDL ECF No. 1602 at 204, was a Senior Marketing Director for Defendant Aearo, and, put simply, was a key employee in the design, testing, and marketing of the CAEv2. MDL ECF No. 1280 at 9–10, 14–15; MDL ECF No. 1602 at 206–15.

Berger lives in Indianapolis, Indiana, and Myers lives in Vadnais Heights, Minnesota. ECF No. 122 at 7. Plaintiff Baker subpoenaed Myers

to testify during Plaintiff's case-in-chief on June 8 from the Media Room of the Edina Executive Center in Edina, Minnesota. ECF No. 122-3 at 2. And Plaintiff Baker subpoenaed Berger to testify on June 9 from the Seventh Floor Conference Room of the Monument Circle Meeting Room in Indianapolis. ECF No. 122-4 at 2.

Defendants ask the Court to quash Plaintiff Baker's trial subpoenas to Berger and Myers because they are outside the geographic limitations of Federal Rule of Civil Procedure 45(c). ECF No. 122 at 7–10. They also argue that even if the subpoenas do not violate Rule 45(c), they should be quashed because Plaintiff Baker fails to satisfy the standard for allowing testimony by contemporaneous transmission under Federal Rule of Civil Procedure 43(a). *Id.* at 10–20.

Plaintiff Baker argues in opposition that his subpoenas do not violate Rule 45(c) because they require testimony by contemporaneous transmission within 100 miles of Berger and Myers' residences rather than in Pensacola. ECF No. 131 at 5–7. Plaintiff Baker further contends that there is good cause and compelling circumstances for the Court to authorize Berger and Myers' remote testimony[1]. *Id.* at 10–17. They

---

[1] To be clear, the undersigned uses interchangeably the terms "remote testimony" and "testimony by contemporaneous transmission" to refer to the type of testimony at issue

3

emphasize the importance of Berger and Myers' testimony concerning the CAEv2, the complexity of this MDL, Defendants' control over these witnesses, the lack of prejudice to the witnesses or Defendants, and the convenience and reliability of remote testimony.

## II.  LEGAL STANDARD

A witness's testimony at trial must be taken in open court unless a federal rule or statute allows otherwise.  Fed. R. Civ. P. 43(a).  When a party presents "good cause in compelling circumstances" and assures the Court of "appropriate safeguards," the Court "may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  Federal courts have been admonished to proceed with caution under Rule 43(a) to ensure what is typically an exception (live testimony by contemporaneous transmission) does not swallow the rule (live in-person testimony):

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances.  The importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

---

here, as distinct from the "in-person" or "video deposition" testimony offered thus far in the bellwether trials.

4

Fed. R. Civ. P. 43 advisory committee's note.[2]

Federal Rule of Civil Procedure 45 provides a party with the subpoena power to secure a witness's attendance at trial. Relevant here, "[a] subpoena may command a person to attend a trial, hearing, or deposition … within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). And "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45 advisory committee's note. The "court for the district were compliance is required" must quash a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]" Fed. R. Civ. P. 45(d)(3)(A)(ii).

### III.  DISCUSSION

The Court concludes that Plaintiff Baker's subpoena to Myers, but not Berger, should be quashed. In other words, the Court will permit remote trial testimony by Berger. This order proceeds in four parts.

---

[2] "Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

5

First, the Court will address Plaintiff's slight procedural misstep—issuing subpoenas for remote testimony before seeking leave of court to offer testimony by contemporaneous transmission—even though it is harmless.  Second, the Court will explain why Plaintiff Baker's subpoenas do not violate the geographic limitations of Rule 45(c).  Third, the Court will explain why there is good cause in compelling circumstances to authorize Berger to testify via contemporaneous transmission but not Myers.  Fourth, and finally, the Court will discuss the appropriate safeguards for remote testimony at trial by Berger.

### A. Plaintiff should have filed a motion under Rule 43(a) before issuing a Rule 45 trial subpoena.

As explained above, Plaintiff Baker served Rule 45 subpoenas on Berger and Myers to compel their remote testimony at trial without first filing a motion, under Rule 43(a), seeking leave of court to permit such contemporaneous transmission.  This was in error.  The rule vests discretion with the Court—not the parties—to "permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a); *see also* Fed. R. Evid. 611(a) ("The [C]ourt should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for

determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."); *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. 2021) ("The plain language of [Rule 43(a)] gives the district court 'discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'" (quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018))).

Indeed, at least one federal court has held that a Rule 45 subpoena seeking a witness's remote testimony is a legal nullity without a corresponding order under Rule 43(a) permitting such testimony. *See Wagner v. Gallup, Inc.*, No. 12-1816 (JNE/TNL), 2014 WL 2808914, at *3 (D. Minn. June 20, 2014) ("Counsel had no authority to issue a subpoena commanding appearance in another jurisdiction for a video conference with this Court. Rule 43(a) does provide that '[f]or good cause in compelling circumstances and with appropriate safeguards, *the court* may permit testimony in open court by contemporaneous transmission from a different location.' No such permission had been given by, or even sought from, the Court." (internal citation omitted and emphasis in original)). This makes sense in view of the Rule 45 Advisory Committee Note addressing the Court's subpoena power relative to the authority to permit testimony by

7

contemporaneous transmission. See Fed. R. Civ. P. 45 advisory committee's note ("When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).").

In any event, this procedural misstep is harmless. Although the Court resolves the instant dispute by ruling on Defendants' Motion to Quash, Plaintiff Baker represented in his response memorandum that "[t]he parties agree adjudication under Rule 43(a) is proper." ECF No. 131 at 4 n.1. As such, the Court advised the parties in the order setting the May 27 telephonic hearing that it was "inclined to agree" with the parties on this point and would construe Plaintiff Baker's response "as a motion under Rule 43(a)." ECF No. 130 at 2. That inclination was realized at the hearing, neither party objected to the Court's resolution of the dispute following this procedural posture, and Defendants were given a sufficient opportunity to respond to Plaintiff's position. There is, therefore, no suggestion that Plaintiff Baker's Rule 45 subpoenas should be quashed on this procedural basis.

**B.     A Rule 45 trial subpoena is valid if the issuing party seeks testimony by contemporaneous transmission within the geographic limitations of Rule 45(c).**

Turning to the threshold legal issue, Defendants contend that Plaintiff Baker's trial subpoenas to Berger and Myers should be quashed because he seeks to compel remote testimony outside the geographic limitations Rule 45(c). In so arguing, Defendants do not mince words. They say that there is no support in Rule 43(a) for Plaintiff Baker's position, ECF No. 122 at 8, that it would serve as "a subterfuge to eschew Rule 45's exhaustive subpoena power," *id.* at 9, and that an unfettered power to compel testimony by contemporaneous transmission could force an MDL witness to testify remotely "at every trial," *id.*

Defendants' narrow reading of the pertinent rules is not consistent with the view of most federal courts. As Plaintiff Baker points out, ECF No. 131 at 6–10, an overwhelming consensus of federal courts, including MDL courts, have held that Rules 43(a) and 45 should be read in tandem. *See, e.g.*, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 25, 2017) (holding the MDL Plaintiffs' subpoena compelling a witness to testify by contemporaneous transmission "within 50 miles from his home and place of business" is "within the bounds of" Rule 45(c)); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods.*

9

*Liab. Litig.*, No. 3:11-md-2244-K, 2016 WL 9776572, at **1–2 (N.D. Tex. Sept. 20, 2016) (granting leave of court for the MDL Plaintiffs to "present testimony via contemporaneous video transmission for certain witnesses under Defendants' control that are unavailable to testify in the Northern District of Texas"); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-md-2299, 2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) ("[T]he two Rules embrace and address the concept of appearance at 'trial' to include contemporaneous live transmission from another location at the location of the Court.").

    The Court concludes that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c). This is because "the 100-mile limitation now found in Rule 45(c) has to do with the place of *compliance*; not the location of the court from which the subpoena issued." *Int'l Seaway Trading Corp. v. Target Corp.*, No. 0:20-mc-86-NEB-KMM, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021) (emphasis in original); *see also In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 815 (D. Md. 2020) ("Given the modification of the deposition notice to provide for a remote deposition over Zoom or other

10

teleconferencing platform, the deposition notice no longer requires GMS or Sharma to travel more than 100 miles (or at all) to comply, so the Court declines to address GMS' argument that the subpoena compels GMS to comply outside of the geographical bounds of Rule 45(c).").

Although this interpretation of the text of Rule 43(a) and 45 is dispositive, it is worth looking at the practical effect of Defendants' argument. *In re Depuy*, 2016 WL 9776572, at *2. Plaintiff Baker is not seeking testimony by contemporaneous transmission in lieu of in-person testimony because Rule 45(c) forbids him from compelling the latter from Berger and Myers, who reside and are employed farther than 100 miles from the Pensacola federal courthouse. Therefore, testimony by contemporaneous transmission is Plaintiff Baker's only option to secure this live trial testimony.

The Court will also not turn a blind eye to the fact that the geographic limitations of Rule 45(c) are a shield for witnesses and not a sword wielded by a litigant. Just as there is no presumptive burden for a witness to travel less than 100 miles to testify at trial in the courtroom, there is no presumptive burden for a witness to travel less than 100 miles to testify at trial by contemporaneous transmission.

11

Therefore, Plaintiff Baker's trial subpoenas to Berger and Myers for remote testimony within 100 miles of their residences do not violate the geographic limitations of Rule 45(c) and will not be quashed on that basis.

**C. There is good cause in compelling circumstances to permit testimony by contemporaneous transmission for Berger but not Myers.**

The Court must now turn to the pivotal question of whether there is "good cause in compelling circumstances" to permit Berger and Myers to testify remotely. "The Court's discretion on this question is supplemented by its wide latitude in determining the manner in which evidence is to be presented under the Federal Rules of Evidence." *In re RFC and ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020).

Neither Rule 43(a) nor the Advisory Committee Notes define these terms, although the latter states that the "most persuasive showing[]" is when a "witness is unable to attend trial for unexpected reasons" and mere inconvenience to the witness does not suffice. Fed. R. Civ. P. 43 advisory committee's note. Some federal courts apply the five-factor *Vioxx* test, which considers:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true

12

prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

*In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006).

The Court will address Berger and Myers separately. As to Berger, the Court concludes there is good cause in compelling circumstances to permit his remote testimony. To state the obvious, he is a key witness for both parties. The undersigned has observed the presentation of evidence in two bellwether trials, and it is evident that the nuances and details of Berger's testimony have evolved along with the MDL Plaintiffs' case strategies. ECF No. 131 at 10–11. It will prejudice Plaintiff Baker and his individual case if he does not have the opportunity to question Berger live before the jury. *See In re Actos*, 2014 WL 107153, at *8 ("[A] trial, itself, is a dynamic, ever evolving process and the use of contemporaneous transmission of live testimony better allows for the witness and counsel to be responsive to the inevitable, unexpected developments and shifts that always occur during trial.").

In the same vein, the Court is sensitive to the fact that Berger has spent a significant amount of time testifying at his video depositions and in the prior bellwether trials—and perhaps one day the Court will need to say no more—but precluding his live testimony in this bellwether trial will not adequately "inform the parties on the future course of this entire litigation."

13

*In re Xarelto*, 2017 WL 2311719, at *4. Assuming no technological mishaps at trial, there is little doubt that live testimony by contemporaneous transmission offers the jury better quality evidence than a videotaped deposition:

> [C]ontemporaneous transmission of live witness testimony will better allow the jury to more realistically "see" the live witness along with "his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration," without editing or the unavoidable esthetic distance created by a video deposition and, thus, more fully and better satisfy the goals of live, in-person testimony, while avoiding the short-comings of either written or video deposition testimony perhaps recorded weeks or months earlier, prior to whatever developments might have occurred between the time the deposition was recorded and the time the testimony by video deposition is presented at trial.

*In re Actos*, 2014 WL 107153, at *8

The *Vioxx* factors also favor granting Plaintiff Baker's request as to Berger. Berger is under Defendants' control—he has an (indirect) consulting contract with Defendant 3M, and Defendants presented him as a live witness in the prior bellwether cases. These bellwether trials are complex—the complexity of these cases mirrors the undisputed fact that this is the largest MDL in American history. And there is no prejudice or inconvenience to Berger—he will not have to travel far to testify remotely

and does not have any prior commitment on June 9 that would preclude his participation in the trial.

As to Myers, the Court concludes there is not good cause in compelling circumstances for his remote testimony. Defendants offered to make Myers available for the first bellwether trial, but the MDL Plaintiffs did not call him as a live witness. Nor was he called in the second bellwether trial. This somewhat negates Plaintiff Baker's argument at the hearing that the jury in this case should hear about all aspects of the design, testing, and marketing of the CAEv2 from Myers. And although live testimony is certainly the preference, the MDL Plaintiffs have adequately presented his video deposition designations. Unlike Berger, Plaintiff Baker does not explain why new or additional questioning of Myers would be necessary at this juncture.

In sum, the Court will quash the trial subpoena to Myers. Plaintiff Baker has presented good cause in compelling circumstances for Berger to testify by contemporaneous transmission.

**D.   There are appropriate safeguards for testimony by contemporaneous transmission in this bellwether trial.**

This leaves only the question of whether there are "appropriate safeguards" for Berger's remote testimony. This is a straightforward

question. "Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MSJ (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

There are appropriate safeguards because Berger will testify via contemporaneous videoconferencing technology (ZoomGov). *See Liu v. State Farm Mut. Auto. Ins. Co.*, No. 2:18-1862-BJR, 2020 WL 8465987, at *2 (W.D. Wash. Dec. 17, 2020) ("[M]odern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded."); *In re RFC and ResCap Liquidating Trust Action*, 444 F. Supp. 3d at 971 ("Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony.'" (quoting *In re Vioxx*, 439 F. Supp. 2d at 644)). Moreover, Plaintiff Baker's counsel assured the Court that there will be a technology vendor at the site of Berger's remote testimony, along with an attorney to manage any potential delay with the transmission of exhibits.

16

Nevertheless, to ensure that the presentation of Berger's testimony proceeds without interruption to the trial and to avoid any possibility of technological glitches, the parties are directed to confer with one another **as soon as possible** to establish a logistical protocol and schedule for Berger's remote testimony. The protocol must address how the parties and Berger will handle the transmission of exhibits and raising objections to Berger's live testimony. The schedule must anticipate that all aspects of Berger's testimony will begin and conclude in one trial day (on June 9) and cause no delay in the Court's trial schedule. The parties must share the logistical protocol and schedule with the Court and the Court's IT Department at their earliest convenience.

## IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Quash the Subpoenas to Elliot Berger and Brian Myers, ECF No. 122, is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff Baker's request to offer Elliot Berger's testimony by contemporaneous transmission under Rule 43(a) is **GRANTED**. Plaintiff Baker's request to offer Brian Myers' testimony by contemporaneous transmission under Rule 43(a) is **DENIED** and, consequently, his Rule 45 trial subpoena is due to be quashed.

3. The parties are directed to confer with one another **as soon as possible** to establish a logistical protocol and schedule for Elliot Berger's remote testimony at the bellwether trial on June 9, 2021. The parties must share the logistical protocol and schedule with the Court and the Court's IT Department at their earliest convenience.

**DONE AND ORDERED** this 28th day of May 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge