# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Cindy Smith, 18-7702 | ) ) ) | |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment Based on Statute of Limitations (Doc. 12200). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second trial is set for August 23, 2021.[2]

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

In December 2020, the Court selected Plaintiff Cindy Smith to proceed with discovery in preparation for the fourth bellwether trial.[3] Smith was diagnosed with breast cancer in 2014 at the age of 54.[4] She was receiving treatment after a motorcycle accident when her doctor discovered a tumor.[5] Soon after the diagnosis, she underwent a single mastectomy, and then she began chemotherapy treatment.[6] At the recommendation of her oncologist, Dr. Elizabeth Herrington, Smith took a regimen that contained Taxotere and Carboplatin.[7] After her first treatment, she lost nearly all of her hair.[8] In September 2014, she finished chemotherapy, and in 2015, she began talking to her doctors about what might help her hair regrow.[9] In August 2018, she filed this lawsuit alleging that she suffers permanent hair loss from Taxotere.[10]

In the instant Motion, Defendants move for summary judgment, arguing that Plaintiff's claims are time-barred under the Mississippi statute of limitations. Plaintiff opposes the Motion.

## **LEGAL STANDARD**

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12] When

---

[3] The Court selected two other Plaintiffs as well—Emma Willie and Melissa Roach. *See* Doc. 11722. The Court has since dismissed these Plaintiffs' cases. *See* Doc. 12491 and Doc. 12718.
[4] Doc. 12200-3 at 8.
[5] *See id.*
[6] *See id.* at 12.
[7] *See id.* at 7, 13.
[8] Deposition of Cindy Smith, Ex. A to Pl.'s Opp., at 23.
[9] *See id.* at 41–42.
[10] Case No. 18-cv-7702-JTM-MBN, Doc. 1.
[11] FED. R. CIV. P. 56.
[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

considering a summary judgment motion, the Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor.[13]

As the party moving for summary judgment on an affirmative defense, Sanofi bears the burden of establishing each element of that defense.[14] Sanofi, then, bears the initial burden of showing that the statute of limitations bars Plaintiff's claims here. If Sanofi does this, the burden shifts to Plaintiff to show that there is a triable issue of fact on whether the discovery rule or fraudulent concealment apply as a defense to the statute of limitations.[15]

## LAW AND ANALYSIS

Sanofi argues that this case is time-barred because (1) the face of the complaint shows that Plaintiff did not file suit within three years of sustaining her injury as required under the applicable statute of limitations; and (2) Mississippi law provides no basis to delay the accrual of her claims or toll the statute of limitations under the facts of her case.

Pursuant to Mississippi Code Annotated § 15–1–49, "All actions for which no other period of limitations is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."[16]

---

[13] Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).
[14] Citigroup Inc. v. Federal Ins. Co., 649 F.3d 367, 371 (5th Cir. 2011) ("When a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense.").
[15] See Barnes ex rel. Estate of Barnes v. Koppers, Inc., 534 F.3d 357, 365 (5th Cir. 2008) ("[T]he plaintiff must, as the proponent of a defense to the state statute of limitation, carry her burden to prove that she is entitled to the benefit of the discovery rule."); Phillips 66 Co. v. Lofton, 94 So.3d 1051, 1059 (Miss. 2012) (discussing the discovery rule and noting that "[d]iscovery of an injury 'is an issue of fact to be decided by a jury when there is a genuine dispute'"); Brown v. McKee, 242 So. 3d 121, 130 (Miss. 2018) (stating that at the summary judgment stage, plaintiff "bore the burden to produce evidence establishing a triable claim for fraudulent concealment").
[16] MISS. CODE ANN. § 15–1–49(1).

Unless an exception applies, this period begins to run on the day that the injury or damage is sustained.[17]

## I. The Face of Plaintiff's Complaint

Sanofi avers that Plaintiff's alleged injury was sustained six months after she finished her chemotherapy with Taxotere. Plaintiff's claimed injury is permanent chemotherapy-induced alopecia ("PCIA"). The Master Complaint filed in this MDL defines PCIA as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[18] Highlighting the fact that in her Short Form Complaint, Plaintiff Smith incorporated the Master Complaint by reference, Sanofi avers that the statute of limitations began to run six months after Plaintiff completed chemotherapy.[19] Sanofi posits that because Plaintiff completed chemotherapy in September 2014, the three-year statute of limitations began to run in March 2015. According to Sanofi, when Plaintiff filed her complaint in August 2018, her claims were time-barred.

In opposition, Plaintiff argues that the allegation contained in the Master Complaint is "merely a generalized medical statement" and does not imply that "*temporary* alopecia is magically morphed into *permanent* chemotherapy-induced alopecia at that six-month mark."[20]

Under Mississippi law, the period of limitations commences on the day that the injury or damage is sustained. Here, the injury of "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy" as defined in the Master Complaint is sustained when, six months after the

---

[17] *See* Smith v. General Motors, LLC, Civil Action No. 3:17CV471TSL-RHW, 2017 WL 4582330, at *3 (S.D. Miss. Oct. 13, 2017); Kaufman ex rel. Kaufman v. Robinson Property Group Ltd. Partnership, 331 Fed. App'x 276, 277 (5th Cir. 2008).
[18] Doc. 4407 at ¶ 181.
[19] Doc. 10668-11.
[20] Pl.'s Opp. at 7.

4

completion of chemotherapy, a person has an absence of or incomplete hair regrowth.[21]

On the face of the pleadings, then, Plaintiff sustained her injury in March 2015, when she had incomplete hair regrowth six months after she completed her chemotherapy treatment. Unless Plaintiff proves otherwise, this is when the limitations period began to run on her claims,[22] and her claims are time-barred on their face.

## II. The "Discovery Rule" and Fraudulent Concealment

Plaintiff Smith invokes two exceptions arguing that her claims are nonetheless timely: (1) the "discovery rule," and (2) fraudulent concealment. The Court will address each in turn.

### a. The "Discovery Rule"

Under Mississippi law, the discovery rule provides that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."[23]

Plaintiff argues that her PCIA is a latent injury. Specifically, she contends that the permanent nature of her hair loss was latent and that for some time after March 2015, she reasonably believed her hair would return. Sanofi, however, cites the Master Complaint, averring that Plaintiff's injury was so open and obvious that Plaintiffs called it "stigmatizing."[24]

---

[21] In re Taxotere (Docetaxel) Prods. Liab. Litig. (Johnson and Thibodaux), No. 20-30104, No. 20-30107, 2021 WL 1560724, at *3 (5th Cir. Apr. 21, 2021).
[22] *See Smith*, 2017 WL 4582330, at *3; *Kaufman*, 331 Fed. App'x at 277; *Barnes*, 534 F.3d at 365.
[23] MISS. CODE ANN. § 15–1–49(2). *See also Barnes*, 534 F.3d at 359–60.
[24] The Master Complaint alleges that "Plaintiffs are stigmatized with the universal cancer signifier—baldness—long after they underwent cancer treatment, and their hair loss acts as a permanent reminder that they are cancer victims." Doc. 4407 at ¶ 6.

5

Under Mississippi law, "a latent injury is an injury which is hidden or unseen."[25] Mississippi has applied the discovery rule when "'the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question.'"[26] Similarly, the Fifth Circuit has recognized that "'[f]or an injury to be latent it must be undiscoverable by reasonable methods' such as 'through personal observation or experience.'"[27] Mississippi courts have cautioned that a latent injury should be found only in "limited circumstances."[28]

The Court finds that the discovery rule does not apply here. Plaintiff anticipated that her hair loss would be temporary. Even setting aside the definition of PCIA in the Master Complaint, Smith knew or should have known six months after her treatment that something was amiss when her hair had not grown back as she expected.

In *PPG v. Lowery*, the Mississippi Supreme Court reasoned that when a plaintiff seeks medical attention for side effects or symptoms, these actions confirm that the plaintiff knew she was injured.[29] Citing *Lowery*, this Court emphasized in the case of MDL Plaintiff Juanita Greer that Greer complained to her oncologist that her hair was not growing back.[30] Similarly, here, the evidence shows that Plaintiff Smith spoke to doctors about her persistent hair loss.[31] She testified that she repeatedly asked one doctor after her

---

[25] Sutherland v. Estate of Ritter, 959 So.2d 1004, 1008 (Miss. 2007).
[26] Archer v. Nissan Motor Acceptance Corp., 633 F. Supp. 2d 259, 268 (S.D. Miss. 2007) (quoting McCain v. Memphis Hardwood Flooring Co., 725 So.2d 788, 794 (Miss. 1998)).
[27] State Indus. Prod. Corp. v. Beta Tech. Inc., 575 F.3d 450, 455 (5th Cir. 2009) (quoting PPG v. Lowery, 909 So.2d 47, 51 (Miss. 2005)).
[28] *PPG*, 909 So.2d at 51.
[29] *Id.*
[30] *See* Doc. 12057.
[31] Deposition of Cindy Smith, Ex. A to Pl.'s Opp., at 41–43 (testifying that she remembers "talking to [Dr. Gatewood] about it a few times" and that "[i]t was with Dr. Herrington, that I'd talk to her about the hair loss and the Taxotere causing it").

chemotherapy if there was a medication she could take to help her hair grow back.[32] He told her there was nothing. Smith further testified that every time she visited her dermatologist, they talked about her hair loss.[33] Considering these facts, the Court finds that this case is indistinguishable from Plaintiff Greer's case. There is no triable issue of fact on whether Smith suffered a latent injury, and Smith's claim, therefore, began to accrue at the time of her injury in March of 2015.

### b. Fraudulent Concealment

Mississippi Code Annotated § 15-1-67 provides for tolling of the statute of limitations as follows:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.[34]

The Mississippi Supreme Court has held that a plaintiff seeking to avail herself of the doctrine of fraudulent concealment has "a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim," which act was designed to prevent the discovery of the claim, and "(2) due diligence was performed on [her] part to discover it."[35]

In her opposition, Plaintiff argues that Sanofi's actions prevented her and her doctors from learning that her hair would not return. She states that "Defendants' false warning [referencing temporary hair loss] constitutes

---

[32] *Id.* at 41–43.
[33] *Id.* at 49–50.
[34] MISS. CODE ANN. § 15-1-67. *See also* Robinson v. Cobb, 763 So.2d 883, 887 (Miss. 2000).
[35] Stephens v. Equitable Life Assur. Soc'y of U.S., 850 So. 2d 78, 83 (Miss. 2003).

7

fraudulent concealment."[36] Plaintiff's argument misses the mark. To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi failed to warn her of Taxotere's risk of permanent hair loss. The law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Plaintiff's substantive failure to warn claim and her claim for tolling.[37] Rather, Plaintiff would need to show a separate act "to conceal the underlying tortious conduct."[38] She points only to the underlying allegedly tortious conduct. Because Plaintiff has failed to make the required showing, the doctrine of fraudulent concealment cannot apply.[39]

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' Motion for Summary Judgment Based on Statute of Limitations (Doc. 12200) is **GRANTED**. Plaintiff Cindy Smith's case is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Warnings Causation as to the Claims of Plaintiff Cindy Smith (Doc. 12199) is **DISMISSED AS MOOT.**

---

[36] Pl.'s Opp. at 16.
[37] Whitaker v. Limeco Corp., 32 So.3d 429, 438 (Miss. 2010) ("[S]howing false financial records could not serve to have both fraudulently induced the Plaintiffs and fraudulently concealed from the Plaintiffs the underlying fraud claim."); Smith v. First Family Financial Services, Inc., 436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006); Ross v. Citifinancial, Inc., 344 F.3d 458, 463–64 (5th Cir. 2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations.").
[38] *See Smith*, 436 F. Supp. 2d at 840–41 (quoting Boone v. Citigroup, Inc., 416 F.3d 382, 390 n.11 (5th Cir. 2005)).
[39] *See Archer*, 633 F. Supp. 2d at 266–67 (finding fraudulent concealment inapplicable where plaintiffs made no inquiry and inquiry would have revealed alleged wrongdoing). The Court notes that according to the Master Complaint, beginning in 2006, there was a growing body of information available about the link between Taxotere/docetaxel and permanent hair loss. *See* Doc. 4407 at 29–32. This undermines Plaintiff's assertion that Sanofi was preventing her from discovering her claim.

New Orleans, Louisiana, this 14th day of July, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**