# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Wanda Stewart v. Sandoz Inc.*<br>*Case No. 2:17-cv-10817* | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

## DEFENDANT SANDOZ INC.'S
## REPLY MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

The Clerk should award Sandoz Inc. ("Sandoz") all the costs sought in its May 24, 2021 Bill of Costs, because the claimed costs were "necessarily obtained for use in the case" and Plaintiff has made no showing to the contrary. As such, the costs are properly recoverable, and Plaintiff cannot overcome the Fifth Circuit's "strong presumption" in favor of awarding costs. Accordingly, they should be awarded in full.

## LEGAL STANDARD

Sandoz has presented an itemized Bill of Costs (Rec. Doc. 12723), supported by invoices. As the prevailing party, it is entitled to recover those costs so long as they were necessarily obtained for use in the case. Plaintiff's arguments to the contrary are based on misstatement of the legal precedent and on vague assertions unsupported by legal citation or evidence. This Court should reject Plaintiff's arguments for three reasons. First, there is a strong presumption that Sandoz is entitled to recover its costs, as the prevailing party. Second, the costs enumerated in

Sandoz' Bill of Costs are properly taxable and each was supported by itemized invoices. Third, Plaintiff has not presented any credible argument that any of the factors that potentially could support a denial of costs is present in this case.

> **A. Plaintiff Cannot Overcome the Strong Presumption that Sandoz is Entitled to Recover Costs, as the Prevailing Party.**

Federal Rule 54(d)(1) provides, in relevant part:

> **Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party** . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1) (*emphasis added*). That rule "contains a strong presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The presumption is so strong that denial of costs to a prevailing party "is in the nature of a penalty." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

As Plaintiff concedes in her Opposition, her case was dismissed on summary judgment, based on application of the long-standing learned intermediary doctrine. *See* Opp. at pp. 1, 3; Rec. Doc. 12494. As such, there is no question that Sandoz is the prevailing party and is entitled to recover its litigation costs.

> **B. The Costs Enumerated in Sandoz' Bill of Costs and Supported By Invoices Are Properly Taxable.**

Rule 54(d)(1) does not limit the costs that may be recovered by the prevailing party. Fed. R. Civ. P. 54(d)(1) ("costs—other than attorneys' fees—should be allowed"). Sandoz' Bill of Costs set forth $91,238.27 in costs, which fall into three enumerated categories. Specifically, Sandoz sought only its costs associated with printed and video recorded deposition transcripts, exemplification and copying of materials necessary to the case, and docket fees. Each of those

items is within the list of costs statutorily allowed to the prevailing party. *See* 28 U.S.C. § 1920 (allowing all costs in six enumerated categories). Each item of cost was "necessarily obtained for use in the case," and Plaintiff has not attempted to present argument to the contrary.

Indeed, Plaintiff has not identified with any specificity a single item of cost that is not allowable. Plaintiff's only substantive assertion is that "several" of Sandoz' deposition transcripts appear to have been ordered on an expedited basis. Opp. at p. 6, *citing Fogelman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991). Plaintiff provides no itemization of the "expediting" costs to which she is objecting; she does not even state whether she is asking this Court to reduce an award of otherwise-appropriate costs on that basis.[1]

In fact, Sandoz sought expedited deposition transcripts for five expert witnesses whose depositions all were taken between September 23, 2020 and October 12, 2020, shortly before Sandoz' Motion for Summary Judgment and *Daubert* motions were filed on November 17, 2020. Notably, Sandoz requested 7-day expediting, not 3-day or overnight rush expediting. That request was reasonable in light of the limited time remaining to digest the depositions and prepare its *Daubert* and dispositive motions. Accordingly, Sandoz' costs for having those deposition transcripts expedited were "necessarily obtained for use in the case," and important for Sandoz' timely preparation of the motions that ultimately were dispositive of the case. In short, Plaintiff has presented zero argument in support of denying or reducing any specific item on Sandoz' Bill of Costs which should be awarded in full.

---

[1] Sandoz has calculated that amount: Sandoz requested 7-day expediting of the deposition transcripts of expert witnesses, Dr. Schwartz ($1,932.90), Dr. Reddy ($1,777.51), Dr. Heilman ($784.53), Dr. Volpicelli ($907.06) and Dr. Williams ($575.84), for a total of only $5,977.84. Sandoz concedes that the expediting and amounts incurred were not approved by the Court in advance and, as such, an award of those costs is within the Court's discretion.

### C. Plaintiff has Not Presented Any Cogent Argument for Denying Sandoz' Enumerated Costs.

Plaintiff's Opposition to Sandoz' Bill of Costs is premised, in the main, on a misstatement of Fifth Circuit precedent. Plaintiff claims that *Pacheco*, *supra*, stands for the proposition that "denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of [five enumerated] factors is met." *See* Opposition at p. 2.[2] *Pacheco* says no such thing. To the contrary, in *Pacheco,* the Fifth Circuit merely cited a legal treatise for the proposition that "a wide range of factors have been invoked to justify withholding costs" but the Court "withheld judgment on whether 'any of the [enumerated] factors is a sufficient reason to deny costs." *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794, n. 18).

Subsequent decisions in the Fifth Circuit have rejected arguments for denying or reducing costs premised on the same factors cited by Plaintiff. *See, e.g., Smith*, 909 F. 3d at 753 (rejecting argument that costs should be denied based on "the comparative ability to more easily bear the costs"); *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam) (in *Pacheco* "we made no holding that that good faith plus one factor requires denying costs to a prevailing party. We were explicit on the point"). Even assuming Plaintiff were correct that the *Pacheco* factors could justify a denial of costs if <u>all the factors were present</u>, a cursory

---

[2] The five factors enumerated in *Pacheco* and in Plaintiff's Opposition are: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d, at 794.

4

review of the case law on those factors makes plain that Plaintiff here has not satisfied any of them, let alone all five.

First, Plaintiff alleges, without factual support, that Ms. Stewart is a "person of limited means,"[3] and that Sandoz is a large corporation, which she claims justifies a denial of costs under the first and fifth factors. Plaintiff is wrong. Case law makes patent that "reducing or eliminating a prevailing party's cost award based on its wealth – either relative or absolute – is impermissible as a matter of law." *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013) (district court may not deny costs to a prevailing party "because of its comparative ability to more easily bear the costs"). Indeed, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). Further, even if this Court were to consider Plaintiff's financial status, it is Plaintiff's counsel, as contingency counsel, not Plaintiff herself, who should bear these costs. Ms. Stewart's resources are of no moment.

Plaintiff also obliquely references the second factor ("misconduct by the prevailing party") as a reason to deny Sandoz' costs; but, she rests her argument entirely on a misunderstanding of the "misconduct" required. Plaintiff's only argument in support of this "misconduct" factor is her statement that "there was no finding by the Court that Defendant had warned of permanent alopecia" (i.e., the same allegation on which her lawsuit was premised). The suggestion this amounts to "misconduct" is absurd on its face. As a preliminary matter, that question (whether Sandoz adequately warned Ms. Stewart) was never ruled on by the Court precisely because

---

[3] Plaintiff provides no evidentiary support for this factual assertion. Indeed, the only related fact asserted in Plaintiff's Opposition is a concession that Ms. Stewart is employed in Human Resources in the Louisiana Department of Public Safety.

Summary Judgment was granted, and her case was dismissed on other grounds. If Plaintiff's formulation were the law, every plaintiff whose meritless lawsuit was dismissed without a finding on some ultimate allegation could claim there was an unresolved issue of potential "misconduct." That is not the standard; rather, the Fifth Circuit has held that this factor is related to misconduct in the course of the litigation. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990). Plaintiff has not even alleged litigation misconduct and has failed to present any other rationale in support of this second *Pacheco* factor. There is none.

As to the third factor (whether the case presented "a close and difficult legal issue"), Plaintiff again simply asserts that this was true, without citation, analysis, or explanation. Once again, Plaintiff misses the mark. This Court's application of Louisiana law on the learned intermediary doctrine was neither close nor difficult. As the Court will recall, Ms. Stewart's prescribing physician testified unequivocally that he never read Sandoz' docetaxel label and that, even after the brand Taxotere label's language regarding hair loss was changed, his prescribing and counseling practices did not. Accordingly, the Court held "Sandoz [] demonstrated that even with a different warning, Plaintiff Stewart and Dr. McCanless would have decided on a docetaxel-containing regimen to treat her cancer. Plaintiff has failed to rebut this and create a genuine dispute of material fact on causation." Rec. Doc. 12494, at p. 10. This was not a close or difficult issue and this factor does not apply.

Finally, as to the fourth factor, Plaintiff claims that her lawsuit conferred a substantial benefit because her case was nominated as a bellwether case in a large multi-district litigation. *See* Opp. at p. 3. Here again, Plaintiff has misinterpreted the law; this factor only applies where a plaintiff has conferred a substantial benefit on the public, such as in the case cited in her brief —

a large environmental case that implicated national policy and public welfare. *Suffolk County v. Sec. of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977). Plaintiff has conferred no such benefit on the public and this factor does not apply. Further, even if Plaintiff were correct that a benefit to an MDL constituted a "great value to the public" (it does not), the only benefit conferred on the MDL by Ms. Stewart's status as bellwether plaintiff was a reaffirmation of the non-controversial principle that, under the learned intermediary doctrine, a failure-to-warn plaintiff cannot recover where the prescriber never read the medication label at issue. And, critically, that benefit will only inure to the MDL if other similarly-situated plaintiffs dismiss their unmeritorious lawsuits.

Ultimately, none of the factors enumerated in *Pacheco* applies, here. Plaintiff has presented nothing more than unsupported assertions and has not identified any valid reason why Sandoz, as the prevailing party, should not be awarded its costs. The costs set forth in Sandoz' Bill of Costs are appropriate and necessarily were incurred in Sandoz' defense of Plaintiff's losing claims. The Court should award those costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff cannot overcome the "strong presumption" that Sandoz is entitled to recover its costs and the Clerk should award Sandoz all of the costs enumerated in the Bill of Costs (Rec. Doc. 12723).

July 7, 2021

Respectfully submitted,

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
**GREENBERG TRAURIG, LLP**
Terminus 200

3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2385
Facsimile: (678) 553-2212
E-mail: cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com
**Counsel for Defendant Sandoz Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, a true and correct copy of the foregoing *Defendant Sandoz Inc.'s Reply Brief in Support of Bill of Costs* was filed via the ECF system that will send notification of such filing to all counsel of record.

                                                     */s/ Lori G. Cohen*
                                                     Lori G. Cohen