UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |
| Elizabeth Kahn, Case No. 2:16-cv-17039. | |

### SANOFI'S NOTICE OF OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATION TESTIMONY OF DR. CARL KARDINAL

Pursuant to Case Management Order No. 14J, Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi") respectfully submit the following Notice of Objections to Plaintiff's affirmative and counter deposition designations of Dr. Carl Kardinal for the convenience of the Court and purposes of preservation of the record on appeal. This Notice is provided in supplement to Sanofi's Full Objections to Plaintiff's affirmative and counter deposition designations of Dr. Kardinal, which will be concurrently served on Plaintiff in the form of a spreadsheet by July 16, 2021. The Parties' affirmative designations, counter designations and objections, and responses to objections, will be delivered to the Court on July 26, 2021.[1]

This Notice highlights overarching violations of the Federal Rules of Evidence and this Court's previous rulings. Sanofi believes this Notice will save the Court considerable time and energy to take up certain testimony by exhibit, topic, or issue. Sanofi herein submits the following for Dr. Kardinal's testimony:

---

[1] Sanofi will also provide courtesy copies of the referenced exhibits to the Court.

# ARGUMENT

### A. Testimony Referencing a Hypothetical Dear Health Care Provider Letter Should Be Excluded.

Plaintiff designated extensive testimony from Dr. Kardinal premised on a hypothetical "Dear Health Care Provider" letter that the FDA neither requested nor approved in connection with the 2015 Taxotere label change, which this Court has previously found adequate as a matter of law.[2] As stated in Sanofi's Motion *in Limine* 35 (Motion to Preclude Evidence or Argument Regarding Dear Health Care Provider Letters), such testimony is irrelevant, confusing, misleading, and unfairly prejudicial under Rules 401–403. The testimony should be excluded.

### B. Testimony Not Tied To the Timing of Ms. Kahn's Treatment or Evidence of Record Should Be Excluded.

Plaintiff has designated numerous excerpts from Dr. Kardinal's deposition testimony that is not limited or relevant to Dr. Kardinal's knowledge or opinions as of the time he treated Plaintiff Kahn in 2008.

For example, in one designated excerpt, Plaintiff's counsel inquired and Dr. Kardinal testified regarding whether, "as we sit here," any information about a theoretical label change to include permanent hair loss for a hypothetical drug would be "news to" him; whether that would change his discussion with a current patient; and what other therapies might be prescribed as alternatives.[3]

Similarly, Plaintiff has designated testimony that lacks foundation or is entirely premised on counterfactual hypotheticals. For example, in one designated exchange Plaintiff's counsel

---

[2] *See, e.g.*, Kardinal Dep. at 129:25–130:20; 141:19–142:12.

[3] *See id.* at 141:19–143:12; *see also, e.g.*, *id.* at 139:20–140:9 (discussing hypothetical patient warnings without regard to time frame); 151:13–152:10 (discussing Dr. Kardinal's general knowledge regarding clinical trial design and data, without regard to time frame); 166:9–167:4 (same).

asked Dr. Kardinal whether he had ever been informed that Taxotere "was associated with the *increased* risk of permanent alopecia."[4] Plaintiff's counsel, however, neither established nor addressed to what the alleged "increase" was relative. Moreover, this Court has excluded testimony and opinions of Dr. Laura Plunkett tending to suggest a generalized increased risk of permanent alopecia with Taxotere as lacking analytical support and as prejudicial, meaning there is neither record evidence nor admissible opinion testimony to support the exchange with Dr. Kardinal.[5] Accordingly, this testimony is inadmissible under Rules 401 and 403.

### C. Certain Exhibits, including Testimony and Opinions, Used with Dr. Kardinal Violate the Federal Rules of Evidence and Prior Rulings on Motions *in Limine*.

Ms. Kahn's designations entail multiple exhibits that violate the Federal Rules of Evidence and, pending the Court's ruling in *Kahn*, its previous rulings in *Earnest* on the Parties' Motions *in Limine*.[6]

### Exhibit 13: "Talking about Taxotere" Brochure[7]

Exhibit 13 is the subject of certain of Plaintiff's designated deposition testimony of Dr. Kardinal.[8] Exhibit 13 is an undated, non-bates-stamped photocopy of a document of uncertain authorship, for which no foundation of origin, distribution, or other relevance was laid.[9] The copy

---

[4] *See id.* at 153:5–16 (emphasis added).

[5] *See* Rec. Doc. 11823 at 4–6, Rec. Doc. 8097 at 6 (Order and Reasons on Defs.' Mot. to Exclude Expert Test. of Dr. Laura Plunkett in *Kahn* and *Earnest*, respectively).

[6] Sanofi states additional objections and reasons within the designations for specific testimony (*i.e.*, argumentative, asked and answered, etc).

[7] Sanofi will also provide courtesy copies of the referenced exhibits to the Court.

[8] *See* Kardinal Dep. at 166:9–167:4.

[9] *See id.* at 161:21–167:18.

of the document shown to Dr. Kardinal contained Plaintiff's counsel's notes and highlighting.[10] Under Rules 401–403, testimony based on this document is irrelevant, misleading to the jury, a waste of time, confusing, and substantially more prejudicial than probative.

Under Rule 401, testimony based on the document is additionally inadmissible because the introduction of the Exhibit, description of counsel's highlighting, etc., have not been designated by either party. Thus, such testimony would be confusing and misleading to jurors not aware that it was elicited in the context of a specific, irrelevant exhibit.

In addition, the document and related testimony are inadmissible for the reasons stated in Sanofi's Motion *in Limine* 17 (Motion to Preclude Evidence or Argument Concerning Sanofi Promotional and/or Marketing Materials Not Possessed or Relied On by Ms. Kahn or Her Prescribing Physician); Sanofi's Motion *in Limine* 20 (Motion to Preclude Evidence or Argument Regarding Sanofi Sales Representatives, and to Exclude Sales Representative Witness Testimony); and Sanofi's Motion *in Limine* 35 (Motion to Preclude Evidence or Argument Regarding Dear Health Care Provider Letters). It is also inadmissible pursuant to the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Exclude and/or Limit Testimony of Dr. Carl Kardinal and Dr. Zoe Larned.[11]

Dr. Kardinal specifically testified he had never seen this document before his deposition, did not provide patients with information from drug companies, and did not rely on any representation from a Sanofi sales representative in his decision to prescribe Taxotere to Elizabeth Kahn.[12] Likewise, Ms. Kahn testified that she did not receive any written information about

---

[10]   *Id.* at 162:1–163:7.

[11]   *See* Rec. Doc. 11803.

[12]   *See* Kardinal Dep. at 204:8–10; 214:8–215; 118:3–8.

Taxotere, other than a chemocare.com information sheet; that she "never read any materials directly from Sanofi;" and that she never saw "written or visual" advertisements or promotional materials related to docetaxel or Taxotere.[13] The exhibit and related testimony should be excluded pursuant to Rules 401–403.

**Exhibit 14: "Partnering With Your Patients" Nurse Tear Sheet**

Exhibit 14 is the subject of certain of Plaintiff's designated deposition testimony of Dr. Kardinal.[14] However, no foundation of draft status, distribution, or other relevance was laid.[15] To the extent a foundation of intended audience was laid, it established only that Dr. Kardinal was "clearly" not the intended audience.[16] Under Rules 401–403, any testimony based on this document is irrelevant, misleading to the jury, a waste of time, confusing, and substantially more prejudicial than probative.

In addition, testimony based on the document is inadmissible because the introduction of the Exhibit has not been designated by either party. Thus under Rule 401, it would be confusing and misleading to jurors not aware that the testimony was elicited in the context of a specific, irrelevant exhibit.

The document and related testimony are also inadmissible for the reasons stated in Sanofi's Motion *in Limine* 17 (Motion to Preclude Evidence or Argument Concerning Sanofi Promotional and/or Marketing Materials Not Possessed or Relied On by Ms. Kahn or Her Prescribing Physician); and Sanofi's Motion *in Limine* 20 (Motion to Preclude Evidence or Argument

---

[13] *See* Kahn Dep. 83:12–16; 247:22–24; 83:22–84:3.

[14] *See* Kardinal Dep. at 169:18–175:17.

[15] *Id.* 161:21–167:18.

[16] *Id.* at 170:11–14.

Regarding Sanofi Sales Representatives, and to Exclude Sales Representative Witness Testimony); as well as the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Exclude and/or Limit Testimony of Dr. Carl Kardinal and Dr. Zoe Larned.[17]

Dr. Kardinal specifically testified he had never seen this document before his deposition, did not provide patients with information from drug companies, and did not rely on any representation from a Sanofi sales representative in his decision to prescribe Taxotere to Elizabeth Kahn.[18]  Likewise, Ms. Kahn testified that she did not receive any written information about Taxotere other than a chemocare.com information sheet, that she "never read any materials directly from Sanofi," and that she never saw "written or visual" advertisements or promotional materials related to docetaxel or Taxotere.[19]  The exhibit and related testimony should be excluded.  *See* Fed. R. Evid. 401–403.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com


Jon Strongman

---

[17] *See* Rec. Doc. 11803.

[18] *See* Kardinal Dep. at 204:11–13; 214:8–215:1; 118:3–8.

[19] *See* Kahn Dep. at 83:12–16; 247:22–24; 83:22–84:3.

>Harley Ratliff
>**SHOOK, HARDY & BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile:  816-421-5547
>jstrongman@shb.com
>hratliff@shb.com
>
>
>Hildy Sastre
>**SHOOK, HARDY & BACON L.L.P.**
>201 S. Biscayne Blvd., Suite 3200
>Miami, Florida 33131
>Telephone: 305-358-5171
>Facsimile:  305-358-7470
>hsastre@shb.com
>
>**Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

>/s/ *Douglas J. Moore*

7