**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**

**Elizabeth Kahn, Case No. 2:16-cv-17039.**

---

**DEFENDANTS' OPPOSITION TO THE PSC'S MOTION TO COMPEL SANOFI TO BRING DR. MICHAEL KOPRESKI TO TRIAL FOR LIVE CROSS-EXAMINATION PURSUANT TO THIS COURT'S DAUBERT RULING AND FRCP 43 AND 45**

---

The PSC asks this Court to ignore the limits imposed on its subpoena power by Rule 45 and compel Dr. Kopreski to testify live at trial—either in person or by contemporaneous transmission. Dr. Kopreski, however, is outside the Court's subpoena power under Rule 45, and, as such, he cannot be compelled to testify live at trial or via contemporaneous transmission under Rule 43. Rule 45's limitations must be enforced, and Rule 43 does not expand them.

In its Motion, the PSC indicates it will suffer severe prejudice if Dr. Kopreski does not appear in person. The PSC, however, has had ample opportunity to fully and effectively cross-examine Dr. Kopreski—*including a special setting granted by Magistrate Judge North for the specific purpose of exploring the TAX316 clinical study and Dr. Kopreski's testimony about that study*—and can present that deposition testimony at trial. Indeed, a party's "inability to elicit live testimony from a witness outside of the court's subpoena power *occurs all the time* and does not present a compelling circumstance when the party can introduce deposition testimony instead." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *5 (D. Kan. July 7, 2021) (internal citation and quotations omitted, emphasis added).

The PSC also argues that this Court should not permit Sanofi to present Dr. Kopreski's testimony regarding TAX316 via deposition. Whether Sanofi chooses to do so after seeing the PSC's presentation of evidence has not been decided. Regardless, Sanofi does not have control over Dr. Kopreski. And because Dr. Kopreski is outside the Court's subpoena power under Rule 45 and unavailable to testify at trial, Sanofi may affirmatively introduce his deposition testimony under Rule 32(a)(4). The PSC may do so as well. The PSC's arguments to the contrary have no merit. Following the mandate of the Federal Rules is not "prejudice," and the Court should deny the PSC's Motion.

## FACTUAL BACKGROUND

Dr. Kopreski served as the head of Sanofi's oncology pharmacovigilance department from 2005 to 2017.[1] In that role, Dr. Kopreski directly oversaw drug safety efforts for marketing and clinical trials of Sanofi's oncology products, including Taxotere.[2] Dr. Kopreski worked on Taxotere's regulatory submissions, and he reviewed numerous safety documents for Taxotere, including Clinical Study Reports, Summaries of Clinical Safety, and Clinical Overviews, all of which required review and analysis of adverse events.[3] In 2017, Dr. Kopreski left Sanofi.[4] He is retired and currently lives in New Jersey.[5]

Because of his role at the company from 2005 to 2017, when the PSC served a Rule 30(b)(6) deposition notice that directed Sanofi to identify and provide testimony on cases of "persisting alopecia" found in TAX316, Sanofi requested Dr. Kopreski serve as its witness, and

---

1 **Ex. A**, Apr. 3, 2019 Kopreski Dep. 27:2–31:15.

2 *Id*. at 27:2–28:3.

3 *Id.*

4 *See* **Ex. B**, Aff. of Harley Ratliff.

5 *Id.*

he agreed.[6] The PSC first deposed Dr. Kopreski in his corporate-designee capacity on September 6, 2018,[7] and did so again on October 11, 2018, December 12, 2018, December 13, 2018, June 4, 2019, and June 24, 2019.[8]

Relevant here, the PSC first deposed Dr. Kopreski about TAX316 on December 12 and 13, 2018.[9] Believing that deposition was somehow insufficient, the PSC petitioned Magistrate Judge North for additional time for cross-examination.[10] Over Sanofi's objection, Magistrate Judge North ordered Sanofi to produce Dr. Kopreski for a third deposition regarding TAX316.[11] The parties completed that deposition on June 4, 2019, during which the PSC again cross-examined Dr. Kopreski on the TAX316 patients.[12] At Dr. Kopreski's April 3, 2019 individual deposition, the PSC, for the fourth time, questioned Dr. Kopreski for 12 hours on multiple topics, including TAX316.[13]

Both parties presented Dr. Kopreski's deposition testimony during the *Earnest* trial. In *Earnest*, the PSC designated about an hour of testimony from Dr. Kopreski's many depositions, including more than 40 minutes of his 30(b)(6) testimony on TAX316.[14] For *Kahn*, the PSC has

6 *See* **Ex. C**, Pl.'s Second Am. Notice of Videotaped Dep. of Sanofi U.S. Pursuant to Fed. R. Civ. P. 30(b)(6) at 3–7; **Ex. D**, Pl.'s Notice of Dep. (Part II) of Sanofi U.S. Pursuant to Fed. R. Civ. P. 30(b)(6) at 3–5 ¶ 1; **Ex. E**, Pl.'s Third Notice of Dep. of Sanofi U.S. Pursuant to Fed. R. Civ. P. 30(b)(6) for Reports 01/01/2012 to 12/31/2018 at 3–8 ¶ 1.

7 **Ex. F**, Sept. 6, 2018 Kopreski Dep. at 1.

8 **Ex. G**, Oct. 11, 2018 Kopreski Dep. at 1; **Ex. H**, Dec. 12, 2018 Kopreski Dep. at 1; **Ex. I**, Dec. 13, 2018 Kopreski Dep. at 1; **Ex. J**, June 4, 2019 Kopreski Dep. at 1; **Ex. K**, June 24, 2019 Kopreski Dep. at 1.

9 *See, e.g.*, Ex. H, Dec. 12, 2018 Kopreski Dep. 20:6–21:12, 158:16–162:4, 219:18–221:8; Ex. I, Dec. 13, 2018 Kopreski Dep. 486:24–487:23.

10 **Ex. L**, 1/15/2019 Letter from PSC to Judge North.

11 Rec. Doc. 5979 at 2 ("The third sitting of the Sanofi Rule 30(b)(6) deposition on issues related to adverse event reports ("AERs") shall proceed with the PSC having one extra hour of deposition time on the record with the Sanofi designee.").

12 *See, e.g.*, Ex. J, June 4, 2019 Kopreski Dep. 714:3–719:9.

13 *See, e.g.*, Ex. A, Apr. 3, 2019 Kopreski Dep. 169:6–11; 194:3–205:14; 304:12–307:24.

14 *See generally* Sept. 9, 2019 Pl.'s Designation of Dr. Kopreski.

designated 35 minutes of Dr. Kopreski's individual deposition testimony, including its cross-examination about the statistical analysis plan for TAX316 and whether the study was designed to investigate the reversibility of alopecia—issues that are plainly intertwined with Dr. Kopreski's other testimony on this study.[15]

Despite this, and recognizing Dr. Kopreski is unavailable to testify at trial, the PSC asks the Court to order Sanofi to bring Dr. Kopreski live to testify about TAX316. The PSC appears to make two arguments in its Motion: (1) if Sanofi intends to present testimony regarding the TAX316 patients, Dr. Kopreski must appear live at trial (either in person or via contemporaneous transmission); and (2) setting the first issue aside, because Dr. Kopreski was Sanofi's 30(b)(6) witness, Sanofi should not be permitted to present Dr. Kopreski by deposition. Neither argument has merit.

## ARGUMENT

### I. DR. KOPRESKI'S LIVE TESTIMONY CANNOT BE COMPELLED UNDER EITHER FEDERAL RULE 45 OR 43.

It is unclear whether the PSC is arguing that Dr. Kopreski must appear live during the PSC's case-in-chief or only during Sanofi's presentation of evidence. While Sanofi is under no obligation to decide a month before trial whether it intends to call Dr. Kopreski during its case, in the end, that issue is largely irrelevant.

"[T]he requirements of the Civil Rules in an MDL case . . . 'are the same as those for ordinary litigation on an ordinary docket.'" *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (*In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011)). If the PSC wants to compel Dr. Kopreski to testify live at trial, it must demonstrate that the requirements

---

15 *See, e.g.*, Ex. A, Apr. 3, 2019 Kopreski Dep. 171:1–173:25; 214:17–215:6; 228:7–229:19.

of Rule 45 are met. Only then could the PSC argue that Dr. Kopreski may testify via contemporaneous transmission under Rule 43. The PSC makes neither showing. There is also no procedural mechanism for forcing the other side to call any witness in its favor or for subpoenaing a witness for the other party's case.[16] Accordingly, if the PSC wants to present testimony of its cross-examination of Dr. Kopreski on TAX316, it will need to do so via deposition designations.

**A. Dr. Kopreski Is Outside the Court's Subpoena Power Under Rule 45.**

Rule 45 defines the scope of this Court's power to command a witness to appear at trial. Rule 45(c)(1) provides that a "subpoena may command a person to attend a trial" either:

> (A) "within 100 miles of where the person resides, is employed, or regularly transacts business in person;" or
>
> (B) "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1). Dr. Kopreski lives in New Jersey, more than 100 miles from the Hale Boggs Federal Building. Fed. R. Civ. P. 45(c)(1)(A). Even if Dr. Kopreski were considered a "party's officer" under Rule 45(c)(1)(B), he still cannot be commanded to attend trial because he lives outside the state of Louisiana.[17] Fed. R. Civ. P. 45(c)(1)(B). Dr. Kopreski is accordingly beyond the Court's subpoena power under Rule 45.

**B. Rule 43 Does Not Extend the Court's Subpoena Power Under Rule 45.**

While Rule 45 defines the scope of a court's power to command a witness to appear at trial, Rule 43 governs the method or mode by which that testimony can be taken. Rule 43 provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may

---

[16] As the PSC hints in its brief, there is no authority authorizing a Court to compel an opposing party to subpoena its own witness at trial. So, even setting aside the fact that Dr. Kopreski is outside the Court's subpoena power, if the PSC wishes for Dr. Kopreski to appear live at trial, the PSC must issue the subpoena—not Sanofi.

[17] *See* Ex. B, Aff. of Harley Ratliff.

permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Courts recognize Rule 43 was intended for witnesses who cannot travel to trial "for unexpected reasons, such as accident or illness." *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019) (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment); *Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*, 2015 WL 6511879, at *10 (W.D. La. Oct. 27, 2015) (same).

The advisory committee's note to Rule 43 addresses the interplay between Rule 43 and Rule 45, explaining that "depositions, including video depositions, provide a superior means of securing the testimony of a witness *who is beyond the reach of a trial subpoena*[.]" *In re EpiPen*, 2021 WL 2822535, at *2 (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment). Rule 43 therefore does not expand the limits of Rule 45—it only provides a different method for a witness who is within the Court's Rule 45 subpoena power (or who is willing to appear voluntarily) to testify.

The Fifth Circuit has indicated that permitting testimony via contemporaneous video transmission under Rule 43, without considering the limits of the court's subpoena power under Rule 45, would be error. Order at 1, *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 16-11419 (5th Cir. Sept. 27, 2016) (Judge E. Grady Jolly, concurring in the denial of the extraordinary remedy of mandamus, finding the "district court misapplied Rules 43(a) and 45(c)" when it granted the plaintiffs' motion to permit live testimony via contemporaneous video transmission without considering the limits of Rule 45). Other courts across the country have likewise recognized that "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a trial subpoena under Rule 45." *In re EpiPen*, 2021 WL 2822535, at *3 (quoting *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020)); *see*

*also Broumand v. Joseph*, 2021 WL 771387, at *10 (S.D.N.Y. Feb. 27, 2021) ("Rule 45(c) . . . speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend. . . . Any other reading would render Rule 45(c)'s geographical limitations a nullity[.]"); *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) ("Plaintiff attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial testimony via live video link moves a trial to the physical location of the testifying person. . . . Plaintiff provides no legal authority or compelling reason for this interpretation of Rule 45(c) and the Court declines to adopt it."); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009) ("[T]he City may not subpoena witnesses, who are otherwise outside this Court's subpoena power, to testify via contemporaneous transmission.").

"If the rule functioned as [Plaintiff] propose[d], [it] would obviate the limitations that Rule 45 places on a court's subpoena power." *In re EpiPen*, 2021 WL 2822535, at *4 (predicting the Tenth Circuit would apply same reasoning if presented with the question). Permitting contemporaneous testimony under Rule 43 therefore still requires the witness to be either compelled to testify at trial within the powers granted under Rule 45 or willing to testify at trial voluntarily. *See, e.g., Roundtree*, 2014 WL 2480259, at *2. Because Dr. Kopreski is beyond the reach of a trial subpoena under Rule 45 and unwilling to testify at trial, the Court cannot invoke Rule 43 to command him to testify via contemporaneous transmission. Any other result would eviscerate the limitations imposed on this Court by Rule 45.

### C. The *Vioxx* Factors Do Not Apply.

The PSC asserts the Court should apply the five-factor test used in *In re Vioxx Products*

*Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006),[18] which the Fifth Circuit has never adopted. Regardless, *Vioxx* supports Sanofi's position—not the PSC's. There, Judge Fallon first considered whether the witness fell within the Court's subpoena power under Rule 45 before applying Rule 43. *Id.* at 641–42.[19] Because the witness was within the Court's subpoena power, the Court *then* applied the five-factor test to decide whether good cause and compelling circumstances would permit contemporaneous transmission of live testimony under Rule 43(a). *Id.* at 642. Here, unlike in *Vioxx*, the PSC cannot first show that Dr. Kopreski is within the Court's subpoena power under Rule 45. The *Vioxx* factors therefore do not apply.

Ignoring this important distinction, the PSC summarily argues *Vioxx* demonstrates good cause exists. But, even if the *Vioxx* factors were relevant, they do not support the PSC's position.

***Control.*** Sanofi does not have control over Dr. Kopreski. The cases the PSC relies on involved a company's current—not former—employees. *Cf. In re EpiPen*, 2021 WL 2822535, at *5, *with In re Vioxx*, 439 F. Supp. 642–43; *see also Mullins v. Ethicon, Inc.*, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015). Dr. Kopreski retired from Sanofi in 2017, and he has not testified in this litigation in more than two years. When asked, Dr. Kopreski stated he is unwilling to attend trial voluntarily.

***Litigation Complexity.*** As the district court explained in *In re Epipen*, the fact that an MDL is a "complex, multi-party, multi-state" lawsuit "doesn't nullify the principle that the requirements of the Civil Rules in an MDL are the same as those for ordinary litigation on an

---

18 The five factors are "(1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation." *In re Vioxx*, 439 F. Supp. 2d at 643.

19 *Vioxx* involved an earlier version of Rule 45 that placed corporate officers more than 100 miles from the courthouse within the court's subpoena power. That provision of Rule 45 has been eliminated.

ordinary docket." 2021 WL 2822535, at *5 (internal quotations omitted) (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844). MDL complexity cannot expand the subpoena limitations of Rule 45.

***Tactical Advantage.*** Although the PSC suggests that Sanofi would enjoy a tactical advantage if Dr. Kopreski is not live for cross-examination, Rule 45 restricts *both parties'* ability to call witnesses outside the Court's subpoena power. The playing field is level—Sanofi cannot compel Dr. Kopreski to appear any more than it can compel Dr. Kardinal or any other witness beyond Rule 45's limits. Moreover, if any party gains a tactical advantage from calling Dr. Kopreski live, it is the PSC. Magistrate Judge North specifically granted the PSC a special sitting to cross-examine Dr. Kopreski on TAX316. The PSC has not suggested that it withheld any cross-examination during Dr. Kopreski's depositions, and, to the contrary, has obtained testimony on all the same arguments it routinely has made in its briefing. Indeed, the PSC has failed to produce any countervailing evidence on the TAX316 patients despite having substantial opportunities to do so. After three rounds of expert witnesses, the PSC has neither identified any witness rebutting Dr. Kopreski's testimony on the TAX316 patients nor cross-examined Sanofi's experts about Dr. Kopreski's conclusions. That the PSC does not like Dr. Kopreski's testimony—after a full and fair opportunity to cross-examine him on TAX316—does not mean compelling circumstances exist.

***Prejudice.*** Dr. Kopreski, not the PSC, will bear the brunt of an order compelling live remote testimony. The Federal Rules specifically anticipate this situation and provide a remedy for a witness's absence. The "inability to elicit live testimony from a witness outside of the court's subpoena power 'occurs all the time and does not present a compelling circumstance' when the party can introduce deposition testimony instead." *In re EpiPen*, 2021 WL 2822535, at *5 (quoting

*Lea*, 2011 WL 1319590, at *2); *see also Spear v. C.I.R.*, 41 F.3d 103, 116 (3d Cir. 1994) ("Although live testimony is generally preferable to videotaped testimony, the absence of such testimony, even from a key witness, is only minimally prejudicial when that witness is adverse and when there is a videotaped deposition that can be introduced in lieu of live testimony."); Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena.").

***Flexibility.*** Although this MDL presents administrative and logistical challenges, the need for flexibility is not at issue here. The PSC has known for some time that Dr. Kopreski would not appear live at trial.

The *Vioxx* factors collectively favor Sanofi. Even if these factors were relevant to the Court's analysis, they weigh against granting the PSC's Motion.

## II. BECAUSE DR. KOPRESKI IS UNAVAILABLE, SANOFI CAN AFFIRMATIVELY USE HIS DEPOSITION TESTIMONY AT TRIAL.

The PSC also argues that Sanofi may not present Dr. Kopreski's testimony by deposition during its case. But Rule 32 explicitly authorizes the use of depositions at trial by either party when a witness, like Dr. Kopreski, is unavailable. Because Dr. Kopreski is unavailable, Sanofi may present his testimony via deposition if it chooses to do so after analyzing the PSC's presentation of evidence.

### A. Dr. Kopreski Is Unavailable to Testify Under Rule 32(a)(4)(B).

Federal Rule of Civil Procedure 32(a)(4)(B) provides that a witness is considered "unavailable" when "the witness is more than 100 miles from the place of hearing or trial . . ., unless it appears that the witness's absence was procured by the party offering the deposition." Upon a finding of unavailability, any party can "use *for any purpose* the deposition of [the

unavailable] witness, *whether or not a party*." Fed. R. Civ. P. 32(a)(4) (emphasis added).

Courts interpreting Rule 32(a)(4) have routinely allowed the introduction of unavailable-witness testimony by either party for "any purpose," regardless of whether the witness is a party or a 30(b)(6) designee. In *Scottsdale Insurance Company v. Education Management, Inc.*, for example, the court overruled defendants' objection to the plaintiffs' use of its corporate representative's deposition at trial, holding Rule 32[20] did "not serve to preclude [the plaintiff] from substituting the deposition of its corporate representative in lieu of live testimony" when the representative was unavailable. 2007 WL 2127798, at *4 (E.D. La. July 25, 2007). Other courts have similarly held.[21]

The PSC does not dispute that Dr. Kopreski lives in New Jersey and is therefore more than 100 miles from the courthouse in New Orleans. The PSC also does not allege that Sanofi procured Dr. Kopreski's absence. Nor could it. Dr. Kopreski retired from Sanofi in 2017. Sanofi asked whether Dr. Kopreski would voluntarily attend the *Kahn* trial, but he was unwilling, noting he has already made many sacrifices for purposes of this litigation, and he will make no more. Because Dr. Kopreski is unavailable within the meaning of Rule 32(a)(4)(B), both parties may use Dr. Kopreski's deposition testimony at trial "for any purpose." Fed. R. Civ. P. 32(a)(4)(B).[22]

---

[20] Although the court examined a previous version of the Federal Rules of Civil Procedure with the relevant subsection listed as Rule 32(a)(3)(B), the language of the current subsection, Rule 32(a)(4)(B), remains the same.

[21] *Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 726 (D.D.C. 2008) (applying Rule 32(a)(4)(B) to allow the offering party to use the deposition testimony of its 30(b)(6) witness at trial); *Century Indem. Co. v. Marine Grp.*, 2015 U.S. Dist. LEXIS 199119, *12-13 (D. N.H. Apr. 6, 2012) ("[Rule 32(a)(4)(B)] specifically allows the use of deposition testimony in lieu of live testimony if a witness is unavailable, without regard to whether the witness is a party or party representative."); *Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc.*, 2012 WL 1161125, at *2 (D.N.H. Apr. 6, 2012) (same); *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, 2017 WL 1312968, at *2 (W.D. Ark. Apr. 5, 2017) (allowing the defendant company to present the deposition testimony of its president at trial because he is unavailable within the meaning of 32(a)(4)).

[22] Sanofi intends to work with the PSC to try to make any deposition testimony as jury-friendly as possible, including by providing captioning for all witnesses.

**B. The PSC's Desire to Further Cross-Examine Dr. Kopreski Is Not "Prejudice."**

The PSC nevertheless claims that this Court should ignore Rule 32(a)(4)(B)'s clear language and prohibit Sanofi from presenting Dr. Kopreski's testimony by deposition. The PSC asks the Court instead to require Sanofi to produce Dr. Kopreski live at trial because it wants another opportunity to "robust[ly]" cross-examine him.[23] The PSC's argument is contradicted by the facts of this case and the Fifth Circuit's recent decision in *Spectrum Association Management of Texas, L.L.C. v. Lifetime HOA Management L.L.C.*, 2021 WL 2935285 (5th Cir. July 13, 2021).

In *Spectrum*, the plaintiff used its own witness's deposition testimony at trial under Rule 32(a)(4)(B) because the witness lived more than 100 miles from the trial location and the plaintiff did not procure the witness's absence. *Id*. at *1. On appeal, the defendants argued the trial court erred in allowing the plaintiff to use the deposition testimony because the defendants had "purposefully and strategically declined to cross-examine [the witness] at his deposition under the assumption that they would have the opportunity to cross-examine him as a live witness." *Id*. at *3. The Fifth Circuit rejected the defendants' argument, holding any prejudice the defendants suffered was the product of their own making. *Id*. The Court reasoned that the defendants were aware well in advance that the witness was unavailable for trial and could have easily requested leave to depose the witness a second time to conduct a more thorough cross-examination. *Id*. The Fifth Circuit accordingly affirmed the district court's ruling that the plaintiff could play the witness's deposition testimony at trial. *Id*.

There is certainly no prejudice here because, unlike the defendants in *Spectrum*, the PSC *has* cross-examined Dr. Kopreski at length and over multiple days about the TAX316 patients. That testimony was presented to the *Earnest* jury by deposition and, as this Court noted in denying

---

23 Rec. Doc. 12058-1 at 6.

Ms. Earnest's motion for a new trial, "[*t*]*he jury had a full picture of Dr. Kopreski's re-analysis*."[24] The PSC will not suffer any prejudice by Sanofi offering Dr. Kopreski's deposition at trial.

Sanofi—not the PSC—will suffer undue prejudice if the Court permits the PSC to present Dr. Kopreski's deposition testimony in its case-in-chief under Rule 32(a)(4)(B), but prohibits Sanofi from doing the same.[25] *See Truckstop.net, L.L.C. v. Sprint Commc'ns Co., L.P.*, 2010 WL 1248254, at *1 (D. Idaho Mar. 23, 2010) ("[T]here is no rule or case law suggesting that a witness can be considered 'unavailable' under Rule 32(a)(4) for part of the trial, but available or potentially available for another part of the trial."). Such a ruling would essentially require the Court to weigh the evidence and determine that some parts of Dr. Kopreski's testimony are appropriate for the jury to hear through deposition testimony, while others are not. The jury, however, is well equipped to weigh the evidence, including the deposition testimony of Dr. Kopreski, at trial.

Sanofi is permitted to use Dr. Kopreski's deposition testimony at trial under Rule 32. Any argument that the PSC will be prejudiced because Dr. Kopreski's deposition testimony does not include a "robust" cross-examination by the PSC must be denied as a product of the PSC's own failings.

## **CONCLUSION**

At trial, Sanofi may choose only to cross-examine the PSC's witnesses about TAX316, may call its expert epidemiologist Dr. Ellen Chang on the topic of the TAX316 patients, or may seek to offer Dr. Kopreski's videotaped deposition testimony. Sanofi's decision on how to defend

---

24 Rec. Doc. 9294 at 4 (Order and Reasons Denying Pl.'s Mot. for New Trial).

25 While the PSC claims it is introducing Dr. Kopreski's individual deposition testimony through Rule 32(a)(4)(3), his designation as a 30(b)(6) witness does not transform his *individual* testimony into *Sanofi's* testimony. *See Howard v. Offshore Liftboats, LLC*, 2016 WL 232251, at *2 (E.D. La. Jan. 19, 2016) ("Plaintiffs may use the depositions of [the corporate designees] but only to the extent they testified as corporate representatives in response to a Rule 30(b)(6) deposition notice."). The PSC accordingly is also relying on Dr. Kopreski's unavailability under 32(a)(4)(B).

itself should not be dictated now. Dr. Kopreski is beyond the Court's subpoena power under Rule 45 and cannot be compelled to testify contemporaneously under Rule 43. Either party may use his deposition testimony under Rule 32(a)(4)(B). This Court should deny the PSC's Motion.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*