# EXHIBIT I

Michael S. Kopreski, M.D.

```
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF LOUISIANA
                     - - -
                                 :
IN RE: TAXOTERE                  :
(DOCETAXEL) PRODUCTS             : MDL No. 2740
LIABILITY LITIGATION             : Section H(5)
_____   :
                                 :
This Document Relates to:        :
All Cases                        :


                     - - -
              December 13, 2018
                     - - -
```

MICHAEL S. KOPRESKI, M.D.

(VOLUME II)

- - -

Transcript of the videotaped deposition of Sanofi U.S. Services, Inc., pursuant to Fed. R. Civ. P. 30(b)(6) held at McElroy Deutsch Mulvaney & Carpenter, LLP, 1300 Mt. Kemble Avenue, Morristown, New Jersey, commencing 9:11 a.m. on the above-referenced date, as taken by and before Constance E. Perks, CRR, CRC, RSA, a Federally-Approved Certified Realtime Reporter and Notary Public.

- - -

GOLKOW TECHNOLOGIES, INC.
ph 877.370.3377  |  fax 917.591.5672
deps@golkow.com

Michael S. Kopreski, M.D.

| Page 486 | Page 488 |
|---|---|
| 1  previous testimony is that Noel Quinn was   12:11:57<br>2  a pharma -- a pharmacovigilance scientist   12:12:00<br>3  at --                                      12:12:00<br>4     A.  That's correct.                     12:12:00<br>5     Q.  -- the company?                      12:12:03<br>6     A.  That's correct.                     12:12:03<br>7     Q.  My understanding is that, at         12:12:03<br>8  the time, Noel Quinn was the point person  12:12:06<br>9  designated by the global safety officer,   12:12:09<br>10 Dr. Palatinsky, to assist Dr. Palatinsky   12:12:12<br>11 in responding to the French government in  12:12:14<br>12 her capacity as a pharmacovigilance        12:12:17<br>13 scientist employed at Sanofi; is that      12:12:21<br>14 correct?                                   12:12:24<br>15    A.  That's correct.                     12:12:24<br>16    Q.  All right.                          12:12:24<br>17    A.  And my point is, as an              12:12:25<br>18 individ -- as a pharmacovigilance          12:12:27<br>19 scientist, it would have been outside her  12:12:28<br>20 scope, as far as I know, to make           12:12:30<br>21 determinations about listedness or         12:12:33<br>22 unlistedness.                              12:12:40<br>23    Q.  Okay.  Thank you.                   12:12:41<br>24        As -- as part of the data          12:12:57<br>25 analysis for TAX 316, you, personally,     12:12:58 | 1  representative of the company --           12:14:07<br>2     Q.  Right.                              12:14:07<br>3     A.  -- in preparation for this          12:14:11<br>4  and prev -- the previous deposition.       12:14:19<br>5     Q.  Right.                              12:14:19<br>6     A.  But what I am asking, you           12:14:21<br>7  referred to how I personally reviewed      12:14:22<br>8  data at the time of the TAX 316            12:14:24<br>9  submission.                                12:14:28<br>10    Q.  Yeah.                               12:14:28<br>11    A.  So since you said                   12:14:29<br>12 "personally," I'm trying to clarify, are   12:14:30<br>13 you asking for personal testimony or are   12:14:34<br>14 you asking for testimony as a              12:14:36<br>15 representative of the company?  Because    12:14:38<br>16 as a representative of the company, the    12:14:39<br>17 company clearly analyzed that data.        12:14:41<br>18    Q.  Let me be very clear.               12:14:43<br>19    A.  Okay.                               12:14:43<br>20    Q.  I don't think that a                12:14:46<br>21 company, an entity, can offer expert       12:14:47<br>22 opinions.  Okay?  I don't think that a     12:14:49<br>23 company can offer any opinions that would  12:14:50<br>24 be governed by Rule 702 of the Federal     12:14:54<br>25 Rules of Evidence.  Okay?                  12:14:57 |

| Page 487 | Page 489 |
|---|---|
| 1  you weren't part of the data analysis     12:13:06<br>2  effort as it relates to TAX 316; is that  12:13:08<br>3  true?                                      12:13:12<br>4     A.  I -- I was not doing the            12:13:12<br>5  data analysis for TAX 316.                 12:13:19<br>6     Q.  Right.  You weren't,                12:13:25<br>7  personally --                              12:13:26<br>8     A.  You're -- I'm sorry, you're         12:13:26<br>9  asking about me as a representative of     12:13:29<br>10 the company, or me, personally now?        12:13:31<br>11    Q.  Well, you previously have           12:13:34<br>12 testified -- I have moved to strike it.    12:13:37<br>13 I don't think it's appropriate for you to  12:13:39<br>14 have testified about TAX 316 and what      12:13:41<br>15 happened with TAX 316, but you have        12:13:46<br>16 already testified about it.  I'm moving    12:13:49<br>17 to strike that testimony.  I don't think   12:13:51<br>18 it was appropriate at all.                 12:13:53<br>19        I don't know whether you           12:13:56<br>20 intend to offer more thoughts on TAX 316   12:13:57<br>21 today, but I have a reason to believe you  12:14:01<br>22 do, based upon some submissions, so I'm    12:14:02<br>23 asking you some questions about it.        12:14:05<br>24    A.  Well, I -- well, I -- I             12:14:06<br>25 certainly reviewed TAX 16 [sic] as a       12:14:07 | 1         However, I believe that you       12:14:59<br>2  offered a lot of 702 type evidence in      12:15:01<br>3  your previous testimony, which you could   12:15:08<br>4  not be offering as an entity.  Entities    12:15:12<br>5  don't have the ability to be experts.      12:15:15<br>6  Entities don't have medical degrees.       12:15:18<br>7  Entities can't offer opinions.             12:15:20<br>8         And so you're, basically,          12:15:22<br>9  you're making the point that we intend to  12:15:22<br>10 make to court -- to the court about your   12:15:25<br>11 prior testimony.  However, just in case    12:15:26<br>12 I'm wrong, I need to make sure I cover     12:15:28<br>13 what you did --                            12:15:32<br>14    A.  In case --                          12:15:32<br>15    Q.  -- in terms of and what I           12:15:33<br>16 believe and anticipate you're going to     12:15:37<br>17 try to do again today.  Okay?              12:15:39<br>18    A.  So --                               12:15:39<br>19    Q.  So I -- I just want to -- so        12:15:41<br>20 what I want to be clear about is that      12:15:41<br>21 you, personally, weren't part of any data  12:15:44<br>22 analysis effort at any time prior to TAX   12:15:48<br>23 316's final CSR submissions, correct?      12:15:52<br>24    A.  So what I'm trying to               12:15:55<br>25 ascertain --                               12:15:56 |

Golkow Litigation Services - 1.877.370.DEPS