# EXHIBIT L

**BACHUS &
SCHANKER, LLC**
ATTORNEYS AT LAW

January 15, 2019

**VIA ELECTRONIC EMAIL**

The Honorable Michael B. North
United States Magistrate Judge
500 Poydras Street, Room B419
New Orleans, Louisiana 70130

Re:   **In re: Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740**
      **Second Round 30(b)(6) for Table 2 Deposition of Sanofi**

Dear Honorable Magistrate Judge North,

On September 4, 2018 and October 11, 2018, Plaintiffs completed the first sitting of the 30(b)(6) deposition of Sanofi regarding Adverse Event Reports (hereinafter "AER") covering the timeframe ending in 2004.

Section 2 (k-m) of the 30(b)(6) Notice regarding AERs, as authorized by the Court, specifically includes as areas of intended inquiry Sanofi's follow-up efforts, actions, and communications in response to the receipt of each AER:

> k. Actions taken by anyone associated with YOU regarding the report;
> l. All follow-up efforts by YOU regarding the report, both internally and externally;
> m. Whether and how the report was handled in the regular course and scope of YOUR business;

During the October 11, 2018 30(b)(6) deposition, Plaintiffs' counsel asked questions related to the Section 2 (k-m) topics for many of the AERs received by Sanofi. Unfortunately, the only designated 30(b)(6) witness, Dr. Kopreski, testified repeatedly that he was not prepared by Sanofi or it's counsel to testify about the company's follow-up actions, communications, and follow-up documentation for the AERs. By way of example, the company's designated 30(b)(6) witness testified as follows:

```
604:17    Q.    All right. Thank you.
604:18          You are unable to testify
604:19    about the existence of a single follow-up
604:20    letter to any of the spontaneous reports
604:21    that we have discussed from Exhibit 9
604:22    through Exhibit 50, correct?
604:23          MR. KEENAN: Object to form.
604:24          THE WITNESS: I can testify
605:1     about follow-up responders that
```

Honorable Magistrate Judge North
January 15, 2019
Page **2** of **5**

    605:2     are in the case.
    605:3  BY MR. BACHUS:
    605:4     Q.   Do you have any --
    605:5     A.   I have not --
    605:6       MR. KEENAN:  Object to form.
    605:7       THE WITNESS:  I have -- I
    605:8   have not -- I have not received
    605:9   within my documentation specific
    605:10   follow-up letters, telephone
    605:11   records or any of these documents
    605:12   that you're referring to.
(30B6 1997-2004 AERs (Vol2) Kopreski, Michael 10-11-18, 604:17-605:12, 10/11/2018)

    606:3     Q.   You don't -- you don't know
    606:4  whether any call logs or letters
    606:5  following up on the spontaneous reports
    606:6  even exist for Exhibits 9 through 50,
    606:7  those that were spontaneous reports,
    606:8  correct?
    606:9     A.   I cannot respond to that
    606:10  question at this time.
    606:11     Q.   You can respond.  You don't
    606:12  know the answer.  You don't know whether
    606:13  they exist, correct?
    606:14     A.   The company -- as the
    606:15  company, yes, I know -- I know that they
    606:16  exist.
    606:17       As a representative of the
    606:18  company, I cannot respond to that
    606:19  question at this time.
    606:20     Q.   Well, as the company you
    606:21  don't know they exist, because you
    606:22  weren't prepared with them.
    606:23     A.   As a representative of the
    606:24  company, I cannot respond to that
    607:1  question at this time.
    607:2       MR. BACHUS:  We obviously
    607:3   reserve the right to have somebody
    607:4   come in and provide testimony with
    607:5   respect to those communications.
(30B6 1997-2004 AERs (Vol2) Kopreski, Michael 10-11-18, 606:3-607:5, 10/11/2018)

At the conclusion of the October 11, 2018 30(b)(6) deposition, Plaintiffs' counsel conferred with Defendants' counsel to confirm that moving forward a designated 30(b)(6) witness would be prepared to testify regarding Sanofi's actions following receipt of the AERs. Plaintiffs' counsel also asked

Sanofi's counsel to identify by Bates label and/or to produce the Sanofi documents related to AER follow-up communications.  This request was made because Plaintiffs' counsel has not been able to find documentation of Sanofi AER follow-up communications despite Sanofi Standard Operating Procedures (SOP's) requiring indefinite retention of AER follow-up documents.  Timing was especially important because further 30(b)(6) sittings were being scheduled and Plaintiffs wanted to avoid a repeat of what occurred during the first deposition sitting regarding AER follow-up.  On November 28, 2018, Plaintiffs again conferred with Sanofi, who agreed to "look into the matter."  Unfortunately, Sanofi did not get back to Plaintiffs' counsel.  Then on December 4, 2018, Plaintiffs' counsel sent Sanofi a follow-up conferral letter because the second 30(b)(6) sitting scheduled for December 12-13, 2018, was fast approaching.  In the December 4, 2018 letter, Plaintiffs' counsel again asked for the location of the documents regarding AER follow-up and also to have the 30(b)(6) witness prepared to testify regarding follow-up communications.[1]

On December 11, 2018, the day before the second 30(b)(6) sitting deposition (covering AERs during the time period 2005-2011), Plaintiffs' counsel reached out to Sanofi to find out why there had still been no substantive response from Sanofi to Plaintiffs' repeated attempts to confer on AER follow-up.  After several phone calls and emails, Sanofi sent a letter and advised a limited amount of materials will be forthcoming.  Unfortunately, nothing came that day.

Then at 12:37 AM, little more than seven hours before the start of the December 12, 2018 30(b)(6) deposition sitting, Sanofi made a limited production of approximately 86 documents related to the conferral topics.  Mr. Bachus was asleep at the time, unaware of the production, and could not review these documents.  Additionally, at the beginning of the December 12, 2018 deposition, Sanofi's counsel, Mr. Keenan, present at the deposition, admitted that he also has not seen the documents produced at 12:37 AM and that the designated witness was not prepared to testify regarding these documents.  Mr. Bachus placed Plaintiffs' objection on the record and explained to Sanofi that Plaintiffs would obviously need additional time to examine the new documents.  Unfortunately, again, during the December 12-13, 2018 sitting the designated witness was repeatedly unable to provide substantive testimony regarding the AER follow-up actions taken by the Company.

On Friday, January 11, 2018, Plaintiffs' counsel participated in yet another conferral call with Sanofi.  Plaintiffs' counsel asked again for  a witness to be prepared to answer AER follow-up questions and

---

[1] Letter to Sanofi dated December 4, 2018 (Exhibit 1).

suggested three additional deposition hours to occur independent of or in conjunction with the third and final 30(b)(6) sitting. During the January 11, 2019 conferral, Sanofi's counsel stated that if Plaintiffs' counsel intended to bring this AER follow-up problem to the Court, then Sanofi would focus their response instead on alleged improper deposition conduct rather than the substantive issues being raised by Plaintiffs' conferral. Plaintiffs' counsel still hopes that Sanofi will address why it has repeatedly failed to have a witness prepared to testify regarding AER follow-up which is the actual issue and its proposed remedy for the same. However, if needed we are certainly prepared to address deposition conduct of the witness and the lawyers if necessary, including providing the Court copies of deposition transcripts. Plaintiffs' counsel would also renew their proposal to hold the third and final 30(b)(6) sitting (AERs from 2012 to Present) at the Federal Courthouse in New Orleans, in order to complete these important 30(b)(6) depositions so that your Honor can address any issues as they arise in real time.

Sincerely

BACHUS & SCHANKER, LLC

J. Kyle Bachus

Honorable Magistrate Judge North
January 15, 2019
Page **5** of **5**

# EXHIBIT 1



December 4, 2018

**<u>Via E-mail</u>**
Harley Ratliff
Matt Keenan
Shook Hardy & Bacon
2555 Grand Blvd
Kansas City, MO 64108
hratliff@shb.com
mkeenan@shb.com

Re:   MDL – 2740 Taxotere (Docetaxel) Products Liability
         Plaintiff's 30(b)(6) Deposition of Sanofi re Table 2

Dear Harley and Matt,

This letter is in follow-up to our telephone call regarding Sanofi's written communications with the spontaneous adverse event reporters in Table 1, Table 2, and the Taxotere MDL Plaintiffs. By way of example, the following reports identify when Sanofi has stated in the report that it sent the reporter or received from the reporter a communication, but have not provided the communications in their disclosures:

1. Sanofi_00792534
   a. 7-29-2005 MIS Data Provided at 1-28428630;
   b. 10-20-2009 Sanofi mailed letter per request at 1-230268880;
   c. 7-13-2006 Sanofi mailed letter per request at 1-69504810;
   d. 12-21-2006 MIS Data Provided at 1-91522022;
   e. 1-27-2007 Sanofi mailed materials per request at 1-95277721;
   f. 12-21-2007 Sanofi mailed research per request at 1-139705400; and
   g. 10-8-2008 Sanofi e-mailed patient std. at 1-179582730.
2. 200517242US -
3. 200616038US – USPV reply letter from consumer;
4. 200620169US – USPV received questionnaire from consumer;
5. 200715455US -
6. 200810318US – Consumer questionnaire, follow-up letter, and email from consumer to USPV; and
7. 200917410US – Email/Blogs from SA Company Rep.

Harley Ratliff and Matt Keenan
December 4, 2018
Page 2 of 2

These are only some examples of written communications noted by Sanofi. Plaintiffs are entitled to all written communications and documentation related to all adverse event reports related to alopecia. Please identify where these communications are located in your production. If they have not been produced, please advise when you will produce these late disclosures.

Please provide updated adverse event reports regarding alopecia, including an updated AWARE data set through current 2018 by December 13, 2018.

Please respond by close of business December 5, 2018 regarding our request for written communications noted above.

Sincerely,

J. Kyle Bachus

JKB/jah

cc: Chris Coffin, Karen Menzies, Dave Miceli, Dawn Barrios, and Palmer Lambert