**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                          **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                     **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO**
*Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
SANOFI TO PRODUCE DR. MICHAEL KOPRESKI AT TRIAL FOR LIVE CROSS
EXAMINATION PURSUANT TO THIS COURT'S DAUBERT RULING AND
<u>FEDERAL RULES OF CIVIL PROCEDURE 43 AND 45</u>**

MAY IT PLEASE THE COURT:

Sanofi's opposition memorandum seeks to unwind this Court's Daubert ruling that

conditionally allows Sanofi to present the jury with Dr. Kopreski's opinion testimony regarding

the TAX316 data if, and only if, the jury also hears robust cross examination of the witness. *See*

Doc. 11332.  The testimony at issue in videotape form was elicited on direct examination (after

Plaintiff's counsel's allotted deposition time had expired) and, therefore, does not afford the jury

the benefit of robust cross examination with which to judge the credibility of Dr. Kopreski.

Sanofi argues that "[t]he Fifth Circuit has ***indicated that permitting testimony via***

***contemporaneous video transmission under Rule 43, without considering the limits of the***

***court's subpoena power under Rule 45, would be error***." Opp. Mem. (quote on p.6) (emphasis

added).  Sanofi misrepresents what the Fifth Circuit decided in the particular "Order" denying the

mandamus relief requested in relation to the *DePuy Orthopaedics* MDL. When investigating the

citation, undersigned could not locate the opinion on the Fifth Circuit's online opinion archive or

anywhere in Westlaw; thus, a copy was requested from opposing counsel and the Fifth Circuit's

webmaster.  Attached as Exhibit A is the dismissal of the mandamus petition without an opinion

that was provided in response.  It is abundantly clear the Fifth Circuit did not "indicate" what Sanofi claims in the "Order at 1" which was not appended to its brief.

More troublesome is that a close reading of the mandamus petition (attached as Exhibit B) reveals the party seeking mandamus review was challenging a general order allowing unnamed witnesses to be subpoenaed from locations outside of the geographical limits of Rule 45 without analyzing particularized issues with regard to the "compelling circumstances" test required by Rule 43(a).  The petitioner (DePuy) in that case wrote, in pertinent part:

> The MDL court held that there was good cause to enter a <u>blanket order compelling unnamed witnesses</u> to provide testimony by contemporaneous transmission based on its preference for live testimony over depositions, its belief that defendants and the witnesses at issue would not be prejudiced by the order and its views regarding an MDL court's role in supervising litigation.[1]

It is disturbing that Sanofi makes the claim that the Fifth Circuit addressed the issue, when the only statement that Judge Jolly made in concurrence was: "Although the district court misapplied Rules 43(a) and 45(c), I concur in the denial of the petition for a writ of mandamus."[2] In fact, the mandamus petition specifically noted that the Fifth Circuit has not yet addressed this issue:

> Mandamus relief is needed both to clarify that Rule 43(a) does not constitute an exception to the limits on courts' subpoena powers set forth in Rule 45 and to remedy the immediate and otherwise irreversible prejudice that defendants, their employees and other witnesses (including orthopedic surgeons practicing throughout the United States) will suffer if plaintiffs are permitted to compel the trial testimony of an unlimited number of witnesses who reside anywhere in the country. In addition, granting defendants' petition will provide an opportunity to address an issue of first impression in this Court regarding the necessary showing under Rule 43(a), an issue that has recurred in district courts in this Circuit and has significant implications for future MDL practice.[3]

---

[1] Exhibit B at 18-19 (citing ECF page numbers) (emphasis added).
[2] Exhibit A.
[3] Exhibit B at 8-9.

The Fifth Circuit's denial of mandamus relief did not disturb the status quo, did not "indicate" what Sanofi claims, and certainly is not authority for its position.  Making such a suggestion of binding Fifth Circuit precedent foreclosing Plaintiff's motion is, at best, erroneous.

Sanofi further argues that "compelling circumstances" have not been met and that the *Vioxx* factors do not apply.  Respectfully, this Court is not bound by the heavily cited *Epi-Pen* ruling of the District of Kansas or any other of the decisions outside of the Fifth Circuit.  Further, the *Spectrum* decision did not involve analysis of the Rule 43(a) test, but rather was an appeal after a bench trial. Indeed, Rule 43(a) and the advisory committee notes thereto specifically contemplate that "compelling circumstances" may allow a Court to compel attendance at trial from a remote location.

In addition to the Court's *Daubert* analysis, which independently provides compelling circumstances under Rules 43(a) and 45(c) for robust, live cross examination due to the significance of the lay witness opinion testimony elicited from Dr. Kopreski by Sanofi, the *Vioxx* factors as analyzed in Plaintiff's opening brief support issuance of an order compelling Sanofi to present Dr. Kopreski if they intend to present they jury with his opinions. Plaintiff will not repeat her *Vioxx*-factors analysis, but would only comment that counsel's statement without underlying documentation that Dr. Kopreski is unwilling to appear is insufficient to rebut the compelling circumstances that exist.

With regard to the contention that Plaintiff's 35-minute designation of Dr. Kopreski's individual deposition testimony somehow implicates, or is "intertwined" with, Dr. Kopreski's post retirement opinions and analysis, the relevant Q&A is appended below:

> Q. I'm going to hand you what's been marked as Exhibit 7. Do you
>    have Kopreski, Michael Exhibit 7 in front of you, Doctor?
> A. I do, thank you.
> Q. -- February 28, 2002. Do you see that?

A. Yes, I do.

Q. And if you go to the top, this is a statistical analysis plan regarding a clinical trial at Sanofi that is labeled as TAX316. Do you agree with me?

A. Yes.

Q. All right. And if you look down at the name of the study chair, the study chair is listed as Dr. Nabholtz. Do you see that?

A. Yes.

Q. And if you would – and again it's February the 2nd – February 28th, 2002; correct?

A. 28th of February, 2002.

Q. Turn to page 30 of 47 and look for a section titled "11.7 Reversibility."

A. Yes.

Q. And you agree with me that as part of the TAX316 statistical analysis plan, as promulgated by the study chair Dr. Nabholtz, that if you look at page 30 of 47, it says that the reversibility of the following adverse events will be analyzed. Do you see that?

A. I do.

Q. And what's the first adverse event that's listed as one that is going to be analyzed for reversibility?

A. Alopecia.

Q. You did not participate in or review any analysis of the reversibility of alopecia related to this study at any time before you retired from the company in 2017.

A. I'm not -- I'm not recalling so.[4]

The "statistical analysis plan" being discussed in this designation is in no way related to Dr. Kopreski's reanalysis of certain TAX316 data.  Indeed, Dr. Kopreski confirms he never saw or participated in this planned review (which never happened) in 2002.  And, further, these questions were to Dr. Kopreski in his individual capacity (not during his 30(b)(6) sittings) and unrelated to his post-retirement work performed at counsel's direction.

Plaintiff submitted this affirmative designation out of an abundance of caution, because it is anticipated that Sanofi will, like in *Earnest*, suggest that TAX316 data regarding ongoing alopecia should not have been used by Plaintiff's experts in their analysis of general causation. A

---

[4] Exhibit C, Run Report with Plaintiff and Defendant Designations, pp. 168-175 (entire set of designations attached for the Court's convenience and for context).  Of note, there is no "robust cross examination" after the leading direct examination of Dr. Kopreski's opinion testimony.

plain reading of this testimony does not implicate Dr. Kopreski's reanalysis of TAX316 as a counter-designation necessary for "completeness." Thus, Sanofi should not be allowed to play this testimony in Plaintiff's case; rather, it should be required to present Dr. Kopreski's opinions in its case-in-chief.  However, if the Court agrees with Sanofi that Plaintiff's designation of such testimony would cause the Court to allow opinion testimony from Dr. Kopreski to be played via videotape without robust cross examination, Plaintiff is willing to forgo playing the aforementioned Q&A.

## CONCLUSION

Compelling circumstances exist such that this Court has authority to allow Dr. Kopreski's testimony to be presented via contemporaneous videoconference consisting with Rule 43(a). Sanofi, therefore, should be ordered to subpoena Dr. Kopreski under Rule 45(c) to a place where appropriate safeguards will allow the live videoconference within 100 miles of his location.  If Sanofi cannot bring its 30(b)(6) representative to trial, either in person or via remote videoconference at a place within 100 miles of his location, the Court should prohibit Sanofi from playing the particular videotaped deposition testimony at issue in the *Daubert* briefing and Order.


Dated: July 21, 2021                              Respectfully submitted,


*/s/ Christopher L. Coffin*                        */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)             Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.    GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225            6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163               Los Angeles, California 90045
Phone: (504) 355-0086                           Telephone: 510-350-9700
Fax: (504) 355-0089                               Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                       kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                    *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT