No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————

In re: DEPUY ORTHOPAEDICS, INC.; DEPUY PRODUCTS, INC.; DEPUY
SYNTHES, INC.; JOHNSON & JOHNSON; JOHNSON & JOHNSON
SERVICES, INC.; JOHNSON & JOHNSON INTERNATIONAL

————————————

# PETITION FOR A WRIT OF MANDAMUS

————————————

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of Texas, MDL No. 2244
*Honorable Ed Kinkeade, District Judge*

————————————

Michael V. Powell
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8453

*/s/ Andrea Mahady Price*
Richard Sarver
Andrea Mahady Price
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Fax:  (504) 589-9701

John H. Beisner
Stephen J. Harburg
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Petitioners

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS ..................................................... 1

REQUEST FOR ORAL ARGUMENT ................................................................ 1

JURISDICTIONAL STATEMENT ..................................................................... 2

RELIEF SOUGHT ................................................................................................ 2

ISSUES PRESENTED .......................................................................................... 3

FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED .............. 5

REASONS WHY THE WRIT SHOULD ISSUE ................................................. 9

I.     PETITIONERS' RIGHT TO ISSUANCE OF A WRIT OF
MANDAMUS IS CLEAR AND INDISPUTABLE. ................................... 11

       A.    The District Court's Order Was Plainly Erroneous. ........................... 11

       B.    The District Court Erroneously Concluded That It Was
Empowered To Compel The Testimony Of Witnesses Who
Reside Beyond Its Subpoena Power. .................................................. 24

II.    THE ISSUE PRESENTED IS "IRREMEDIABLE" THROUGH
REGULAR APPELLATE CHANNELS. ................................................... 26

III.   IMMEDIATE REVIEW IS "PARTICULARLY APPROPRIATE"
BECAUSE THE PETITION PRESENTS A PURELY LEGAL
ISSUE OF IMPORTANCE FAR BEYOND THIS CASE. ......................... 27

CONCLUSION .................................................................................................. 29

i

# TABLE OF AUTHORITIES

**Page(s**

## CASES

*In re Actos (Pioglitazone) Products Liability Litigation*,
    MDL No. 6:11-md-2299, 2014 WL 107153 (W.D. La. Jan. 8, 2014) ..........22

*Air Turbine Technology, Inc. v. Atlas Copco AB*,
    217 F.R.D. 545 (S.D. Fla. 2003) ...................................................................17

*Air Turbine Technology, Inc. v. Atlas Copco AB*,
    410 F.3d 701 (Fed. Cir. 2005) ......................................................................22

*In re Allstate Insurance Co.*,
    8 F.3d 219 (5th Cir. 1993) .............................................................................10

*In re American Airlines, Inc.*,
    972 F.2d 605 (5th Cir. 1992) ......................................................9, 10, 11, 24

*In re Avantel, S.A.*,
    343 F.3d 311 (5th Cir. 2003) ...........................................................................9

*In re Burlington Northern, Inc.*,
    822 F.2d 518 (5th Cir. 1987) ........................................................................28

*Cheney v. U.S. District Court for D.C.*,
    542 U.S. 367 (2004)........................................................................................9

*In re Chesson*,
    897 F.2d 156 (5th Cir. 1990) ...........................................................................9

*In re Chevron U.S.A., Inc.*,
    109 F.3d 1016 (5th Cir. 1997) ................................................................10, 22

*Cross v. Wyeth Pharmaceuticals, Inc.*,
    No. 8:06-cv-429-T-23AEP, 2011 U.S. Dist. LEXIS 67348
    (M.D. Fla. June 23, 2011)..............................................................................17

*Eller v. Trans Union, LLC*,
    739 F.3d 467 (10th Cir. 2013) ..........................................................13, 16, 17

*In re Emanuel*,
   406 B.R. 634 (Bankr. S.D.N.Y. 2009) ........................................................14

*In re Ford Motor Co.*,
   591 F.3d 406 (5th Cir. 2009) .................................................................11, 28

*Hammann v. 800 Ideas, Inc.*,
   No. 2:08-cv-00886-LDG-GWF, 2013 U.S. Dist. LEXIS 17421
   (D. Nev. Feb. 8, 2013) ................................................................................16

*Hebert v. Exxon Corp. (In re Albany Insurance Co.)*,
   953 F.2d 936 (5th Cir. 1992) ......................................................................10

*Matovski v. Matovski*,
   No. 06 Civ. 4259 (PKC), 2007 U.S. Dist. LEXIS 39766
   (S.D.N.Y. May 29, 2007) ............................................................................16

*Niemeyer v. Ford Motor Co.*,
   No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145
   (D. Nev. Oct. 18, 2012) ......................................................12, 14, 23, 27

*In re Occidental Petroleum Corp.*,
   217 F.3d 293 (5th Cir. 2000) ........................................................................9

*Prideaux v. Tyson Foods, Inc.*,
   387 F. App'x 474 (5th Cir. 2010).................................................................14

*In re Reyes*,
   814 F.2d 168 (5th Cir. 1987) ........................................................................9

*Rodriguez v. SGLC, Inc.*,
   No. 2:08-cv-01971-MCE-KJN, 2012 WL 3704922
   (E.D. Cal. Aug. 24, 2012)............................................................................14

*In re San Juan Dupont Plaza Hotel Fire Litigation*,
   129 F.R.D. 424 (D.P.R. 1989) ....................................................................20

*Southern Pacific Transportation Co. v. City of San Antonio*,
   748 F.2d 266 (5th Cir. 1984) ........................................................................9

*In re Spalding Sports Worldwide, Inc.*,
 203 F.3d 800 (Fed. Cir. 2000) ......................................................29

*Thomas v. O'Brien*,
 No. 5:08-CV-0318 (DEP), 2011 U.S. Dist. LEXIS 129166
 (N.D.N.Y. Nov. 8, 2011) ...............................................................12

*United States v. Kivanc*,
 714 F.3d 782 (4th Cir. 2013) ........................................................13

*United States v. Navarro*,
 169 F.3d 228 (5th Cir. 1999) ........................................................19

*United States v. Thompson*,
 599 F.3d 595 (7th Cir. 2010) ........................................................12

*In re Vioxx Products Liability Litigation*,
 439 F. Supp. 2d 640 (E.D. La. 2006) .......................................20, 25

*In re Volkswagen of America, Inc.*,
 545 F.3d 304 (5th Cir. 2008) .......................................10, 11, 26, 27

*In re Washington Public Power Supply System Securities Litigation*,
 MDL No. 551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988).....................20

## STATUTE

28 U.S.C. § 1651(a) .........................................................................2

## RULES

Fed. R. Civ. P. 43(a).................................................................passim

Fed. R. Civ. P. 45(c)(1)..........................................................4, 24, 25

## OTHER AUTHORITY

Federal Judicial Center, *Manual for Complex Litigation* (4th ed. 2004) ..........13, 21

iv

# CERTIFICATE OF INTERESTED PERSONS

*In re: DePuy Orthopaedics, Inc. et al.*, No. _____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.    Marvin Andrews, Kathleen Davis, Rosa A. Metzler, Judith Rodriguez, Linda Standerfer, Michael Weiser, plaintiffs;

2.    DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy Synthes, Inc.; Johnson & Johnson International; Johnson & Johnson Services, Inc.; Johnson & Johnson, Defendants-Petitioners;

3.    Skadden, Arps, Slate, Meagher & Flom LLP (John H. Beisner, Stephen J. Harburg, Jessica D. Miller, Geoffrey M. Wyatt); Locke Lord LLP (Michael V. Powell, Seth M. Roberts); Barrasso Usdin Kupperman Freeman & Sarver, L.L.C. (Richard E. Sarver, Andrea Mahady Price); Quattlebaum, Grooms, Tull & Burrow PLLC (Steve Quattlebaum); Estes Thorne & Carr PLLC (Dawn Estes); Stoel Rives LLP (John Anderson), Counsel for Defendants-Petitioners DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy Synthes, Inc.; Johnson & Johnson International; Johnson & Johnson Services, Inc.; and Johnson & Johnson;

4.      The Lanier Law Firm, PC (W. Mark Lanier, Richard P. Meadow);

Fisher, Boyd, Johnson & Huguenard, LLP (Larry Boyd, Wayne Fisher, Justin

Presnal); Neblett, Beard & Arsenault (Richard J. Arsenault, Jennifer M. Hoekstra);

Simmons Hanly Conroy (Jayne Conroy); Franklin D. Azar & Associates, P.C.

(Franklin D. Azar, Robert O. Fischel, Tonya L. Melnichenko, Nathan J. Axvig);

Kiesel & Larson LLP (Paul R. Kiesel, Helen Zukin, Matthew A. Young); Slack &

Davis, LLP (Mike Davis); Parker Waichman LLP (Jerrold S. Parker); Walkup,

Melodia, Kelly & Schoenberger (Khaldoun A. Baghdadi), Counsel for Plaintiffs.

Respectfully submitted,

*/s/ Andrea Mahady Price*
Richard Sarver
Andrea Mahady Price
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Fax:  (504) 589-9701

John H. Beisner
Stephen J. Harburg
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Petitioners

## REQUEST FOR ORAL ARGUMENT

Defendants in this action respectfully ask this Court to issue a writ of mandamus on an expedited basis directing Judge Ed Kinkeade of the Northern District of Texas to vacate his September 20, 2016 order permitting live testimony via contemporaneous video transmission at an upcoming multi-plaintiff trial scheduled to begin on October 3.  The district court's order authorizes plaintiffs' counsel to issue trial subpoenas to any and all witnesses who reside beyond the district court's subpoena power to testify at trial, as long as that testimony is provided via contemporaneous video transmission under Federal Rule of Civil Procedure 43(a) – without *any* particularized showing of the "good cause in compelling circumstances" standard set forth in the text of that Rule.  Fed. R. Civ. P 43(a).  Mandamus relief is needed both to clarify that Rule 43(a) does not constitute an exception to the limits on courts' subpoena powers set forth in Rule 45 and to remedy the immediate and otherwise irreversible prejudice that defendants, their employees and other witnesses (including orthopedic surgeons practicing throughout the United States) will suffer if plaintiffs are permitted to compel the trial testimony of an unlimited number of witnesses who reside anywhere in the country.  In addition, granting defendants' petition will provide an opportunity to address an issue of first impression in this Court regarding the necessary showing under Rule 43(a), an issue that has recurred in district courts in

1

this Circuit and has significant implications for future MDL practice.  Petitioners submit that oral argument on these points is crucially important to resolving the petition.  Accordingly, pursuant to Fifth Circuit Rule 28.2.3, petitioners respectfully request that the Court hear oral argument.

## JURISDICTIONAL STATEMENT

Jurisdiction of this Court is invoked under the All Writs Act, which provides in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

## RELIEF SOUGHT

Petitioners seek a writ from this Court directing the district court to vacate its Order Granting Plaintiffs' Motion to Allow Live Testimony Via Contemporaneous Transmission, dated September 20, 2016, which permitted plaintiffs to call an unlimited number of witnesses who reside outside of Texas and more than 100 miles from the district court to testify at trial.  *Petitioners seek expedited treatment of the petition and a ruling by October 3, 2016* because trial is scheduled to commence on that date and absent witnesses could be compelled to testify pursuant to the Court's order at any time on that date or after; the harm at issue results from the compulsion to testify and thus cannot be remedied by post-testimonial relief.

## ISSUES PRESENTED

The issue presented is whether the MDL court has clearly abused its discretion in issuing an order providing for live testimony via contemporaneous transmission under Federal Rule of Procedure 43(a) by witnesses who are not within the Court's power to subpoena to appear at trial.

Rule 43(a) provides that a witness's testimony may be taken "[a]t trial" in open court "by contemporaneous transmission from a different location" only "[f]or good cause in compelling circumstances."  Fed. R. Civ. 43(a).  The restrictive nature of this language is elaborated by the Advisory Committee notes, which explain that live testimony or, failing that, recorded depositions, are the preferred mode of presenting witness testimony at trial.  *Id.* advisory committee's note to 1996 amendment.  Contemporaneous transmission is to be the rare exception to this rule, to be used "cautiously" – e.g., "when a witness is unable to attend trial for unexpected reasons, such as accident or illness" – and *not* in cases where a witness's absence is "reasonably foresee[able]."  *Id.*

Nor does Rule 43 anywhere authorize a court to use its subpoena power to compel a faraway witness to testify by contemporaneous transmission.  Rule 45 is explicit that a trial subpoena may only "command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or, in certain circumstances, outside 100 miles but "within the

state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1). As the commentary to the rule makes expressly clear, Rule 43 orders are similarly circumscribed, allowing the use of a trial subpoena only "from any place described in Rule 45(c)(1)." *Id.* advisory committee note to 2013 amendment.

The district court's order disregards these limitations, stating instead that plaintiffs may compel any witnesses ostensibly "under Defendants' control" – including independent contractors under no contractual obligation to testify on defendants' behalf in this litigation – based on the court's preference for live testimony. According to the order, the fact that the cases below are pending before the district court in multidistrict litigation ("MDL") proceedings further justifies the order because of the "flexibility" needed to manage complex litigation. The order does not address the fact that the unavailability of these witnesses was entirely foreseeable (or discuss any witness-specific fact at all); it erroneously states that testimony by contemporaneous transmission is preferred to deposition testimony, precisely the opposite of the Advisory Committee's conclusion; and it does not even reference the limitations imposed on the Court's subpoena power by Rule 45.

This Court has not yet provided definitive guidance on this issue, and it is likely to escape end-of-case review because the prejudice posed is complete and irremediable when a witness is required to testify.

## FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED

This petition arises from an MDL proceeding that includes suits in which plaintiffs allege that they were injured by the Pinnacle Ultamet, a metal-on-metal hip implant designed and sold by petitioner DePuy Orthopaedics, Inc. ("DePuy"), one of many subsidiaries of petitioner Johnson & Johnson ("J&J").[1]  Six plaintiffs' cases are set for a single consolidated trial to commence on October 3, 2016.[2]

On August 26, plaintiffs moved the MDL court to allow live trial testimony via contemporaneous transmission by a slate of unnamed "witnesses that the Defendants may not voluntarily produce in Dallas, Texas or that cannot otherwise be compelled to attend trial" there.  (Rule 43 Motion at 1, ECF No. 43-1, attached as Exhibit 1)[3]  Citing the "Court's preference for live testimony" and the complex

---

[1]  The other petitioners are other subsidiaries of J&J that have been named as defendants in these cases.

[2]  Another petition for mandamus is pending before this Court, seeking relief from other orders by the MDL court that have distorted the bellwether trial process and imposed undue settlement pressure on the defendants.  *See* No. 16-10845.  The order at issue in this petition appears to further the same goal by potentially requiring dozens of witnesses to testify (or at a minimum to prepare to testify), further burdening petitioners and their counsel.

[3]  Citations to "ECF" are to the electronic docket in the *Andrews* case, No. 3:15-cv-3484-K in the district court, which is the first case in alphabetical order, but the motion and the resulting order, as well as this petition, relate to all six plaintiffs' cases.

character of MDL proceedings, plaintiffs argued that the court should permit them to require any witness "under the control of the Defendants" who could not appear at trial to testify by "contemporaneous satellite transmission" instead of by deposition. (*Id.* at 1-2, 9.) According to plaintiffs, these witnesses included defendants' "current employees" (who live nowhere near Texas) as well as "many of Defendants' former employees and consultants" because they "have signed employment or consulting agreements with the Defendants or their affiliates." (*Id.* at 9.)

Petitioners opposed the motion, arguing that the language of Rule 43 makes it plain that testimony by contemporaneous video transmission should be the exception rather than the rule; that plaintiffs had not even identified any witness whose testimony was purportedly needed by this method; that video deposition testimony exists for all key witnesses; and that plaintiffs had thus failed to establish the requisite "good cause in compelling circumstances." (Opp'n To Rule 43 Motion at 1, ECF No. 55 (citation omitted), attached as Exhibit 2.) Petitioners further argued that the multidistrict nature of the proceedings should weigh further in favor of using depositions rather than testimony by contemporaneous transmission in order to reduce the burden on witnesses of repeatedly testifying. (*Id.* at 2.) And petitioners stressed that Rule 45 in any event did not authorize the use of a subpoena to compel testimony out of state. (*Id.* at 15-17.)

On September 9, while their motion was still pending, plaintiffs subpoenaed Dr. Pamela Plouhar, the worldwide vice president of clinical research for DePuy Synthes, Inc., to appear to testify at trial in Indiana – presumably for purposes of testifying by contemporaneous transmission.  (Motion To Quash Plouhar Subpoena at 1-2, ECF No. 67, attached as Exhibit 3.)  Petitioners moved to quash the subpoena, reiterating their prior opposition to such testimony and further noting that plaintiffs had failed to show "compelling circumstances" specific to Dr. Plouhar.  As petitioners explained, plaintiffs have not one but two depositions of Dr. Plouhar that they could use at trial in lieu of live testimony (*see id.*), and because it was always clear to all parties that Dr. Plouhar did not reside in Texas or within 100 miles of Dallas, her absence from trial was both foreseeable and expected (*id.* at 5-6).

On September 20, 2016, the MDL court issued an order granting plaintiffs' blanket motion seeking to use contemporaneous transmission as the default rule for absent witnesses purportedly under petitioners' control.  (Order, ECF No. 83, attached as Exhibit 4.)  The principal basis of the order is its finding that live testimony is preferable to "less reliable deposition transcripts and video" and would "provide the jury with a more truthful witness."  (*Id.* at 4.)  Although the court concluded that this purpose was consistent with the "inherent goal of Rule 43" (*id.*), it did not acknowledge the express statement in the commentary to Rule

7

43 that, "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

The MDL court also concluded that the Rule 43 analysis should be guided by "five factors" listed nowhere in Rule 43, including:  the degree of the opposing party's control over the witness; complexity of the litigation; whether the witness's absence was obtained for a tactical advantage; prejudice to the opposing party; and the flexibility needed to manage multidistrict litigation.  (Order at 2-3.)  The MDL court found that these factors "also favor[ed]" granting plaintiffs' motion because the litigation before it "is complex, and flexibility is required to manage a nationwide docket consisting of over 8,000 cases"; there is "no true prejudice to Defendants" because they are prepared for cross-examination; and there is "little if any real inconvenience to the witnesses" because they can testify from courthouses close to their domiciles.  (*Id.* at 4.)

The MDL court's order did not limit the number of witnesses plaintiffs may compel to testify live at trial.[4]  Nor did it address the dramatic expansion of the trial subpoena power it effected by authorizing plaintiffs to compel the testimony of witnesses who reside more than 100 miles from the district court.

---

[4]     Within a few days of the district court's order, plaintiffs indicated that they were serving subpoenas on at least two more witnesses to testify at trial by way of contemporaneous transmission.  (*See* Exhibit 5.)

This petition follows.

## <u>REASONS WHY THE WRIT SHOULD ISSUE</u>

A writ of mandamus is warranted "when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." *In re Chesson*, 897 F.2d 156, 159 (5th Cir. 1990); *accord In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003). Mandamus review is an "extraordinary remedy" that is granted "'not as a matter of right, but in the exercise of a sound judicial discretion.'" *S. Pac. Transp. Co. v. City of San Antonio*, 748 F.2d 266, 270 (5th Cir. 1984) (citation omitted); *accord In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000). Notwithstanding the fact that the remedy is "reserved for extraordinary cases," 748 F.2d at 270, this Court has recognized that "the standard governing the availability of mandamus is not 'never,' but 'hardly ever,'" *In re Am. Airlines, Inc.*, 972 F.2d 605, 608 (5th Cir. 1992) (citation omitted); *accord Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004) (while the conditions for obtaining the "'drastic and extraordinary'" remedy of mandamus may be "demanding, [they] are not insuperable" (citation omitted)). Indeed, "[w]hen [a] writ of mandamus is sought from an appellate court to confine a trial court to a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course." *In re Reyes*, 814 F.2d 168, 170

(5th Cir. 1987) (quoting *United States v. Denson*, 603 F.2d 1143, 1145 (5th Cir. 1979)).

Parties requesting the issuance of a writ of mandamus must satisfy a two-pronged test in order to be entitled to such relief. *In re Am. Airlines*, 972 F.2d at 608. First, petitioners "'carry the "burden of showing that [their] right to issuance of the writ is' clear and indisputable.'"" *Id.* (alteration in original) (citation omitted). Notably, the fact that the issue presented is one "of first impression" to the Court of Appeals is no bar to mandamus review, especially where the issue would otherwise evade review and presents a purely legal question regarding the scope of a district court's discretion. *See In re Allstate Ins. Co.*, 8 F.3d 219, 220 (5th Cir. 1993). Second, petitioners must show that the district court's error is "not *effectively* reviewable on appeal." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1021 (5th Cir. 1997) (Jones, J., specially concurring); *see also Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) ("'[P]etitioners must show that they lack adequate alternative means to obtain the relief they seek . . . .'"). Additionally, the Court also considers whether granting the writ is "appropriate under the circumstances." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Cheney*, 542 U.S. at 380-81). Writ relief is "'particularly appropriate when the issues also have importance beyond the immediate case.'" *In*

10

*re Ford Motor Co.*, 591 F.3d 406, 416 (5th Cir. 2009) (quoting *In re Volkswagen*, 545 F.3d at 319).

All of these conditions are satisfied here. Petitioners have a "clear and indisputable" right to mandamus because the district court clearly failed to apply the proper standard to permit the use of contemporaneous video-transmitted testimony under Rule 43(a) and exceeded its authority under Rule 45 to compel witnesses who reside beyond the district court's subpoena power to testify at trial – pure questions of law. These issues are effectively unreviewable on appeal because the relevant injury occurs when the witness testifies pursuant to an improper procedure, and proving an effect on the outcome of the case is neither feasible nor related to the policy concerns animating the requirements of the rules. And review is "particularly appropriate" here because the question is an important one that has arisen repeatedly in the district courts of this Circuit, but this Court has not yet had the opportunity to squarely address the scope of the Rules.

## I. PETITIONERS' RIGHT TO ISSUANCE OF A WRIT OF MANDAMUS IS CLEAR AND INDISPUTABLE.

Mandamus relief is appropriate because petitioners' right to the issuance of the writ on the merits is "clear and indisputable." *In re Am. Airlines*, 972 F.2d at 608.

### A. The District Court's Order Was Plainly Erroneous.

The MDL court held that there was good cause to enter a blanket order

compelling unnamed witnesses to provide testimony by contemporaneous transmission based on its preference for live testimony over depositions, its belief that defendants and the witnesses at issue would not be prejudiced by the order and its views regarding an MDL court's role in supervising litigation. (*See* Order at 3-5.) These conclusions were indisputably wrong.

Rule 43(a) expressly requires "compelling circumstances" and "good cause" to displace the ordinary rule that witnesses appear in person. Fed. R. Civ. P. 43(a). Both the Advisory Committee and courts have made clear that Rule 43(a) is an *exception* to be deployed "cautiously." *Id.* advisory committee's note to 1996 amendment; *United States v. Thompson*, 599 F.3d 595, 600 n.4 (7th Cir. 2010) (concluding that these notes mean that "videoconferencing is the exception rather than the rule"). For example, courts have concluded that testimony by contemporaneous transmission may be appropriate when a witness who is otherwise subject to the court's subpoena power is incapacitated or otherwise unable to appear live at trial. *See Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145, at *2 (D. Nev. Oct. 18, 2012) ("the rule really means 'for good cause in compelling circumstances'") (citation omitted); *Thomas v. O'Brien*, No. 5:08-CV-0318 (DEP), 2011 U.S. Dist. LEXIS 129166, at *12 n.8 (N.D.N.Y. Nov. 8, 2011) (explaining that such cause and circumstances are "the exception and not the rule.").

The advisory committee notes to Rule 43(a) clarify that the "most persuasive showings of good cause and compelling circumstances are likely to arise" from "*unexpected reasons*" that emerge after a trial commences, "*such as accident or illness*" that would otherwise require the court to "reschedule the trial," or where the "need arises from the interjection of new issues during trial."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (emphases added); *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (citing this language and emphasizing that testimony by contemporaneous transmission is reserved for "special circumstances," and expressing doubt about decisions that have "sometimes upheld the use of remote testimony" for witnesses who are "located far from the site of the trial or hearing").  Similarly, according to the *Manual for Complex Litigation*, examples that might warrant contemporaneous broadcast include witnesses who are incarcerated, medically incapacitated or otherwise unable to travel, peripheral fact witnesses, and children.  Fed. Judicial Ctr., *Manual for Complex Litigation* § 12.334 (4th ed. 2004); *see also, e.g.*, *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013) (affirming ruling that denied request under Rule 43 despite the fact that the witness claimed to suffer from "kidney stones, hypertension, and fainting" and had to travel from Turkey to attend trial).

Consistent with this guidance, courts have frequently denied requests to permit remote testimony where the witness's absence from trial does not "stem

from an unexpected reason." *Niemeyer,* 2012 WL 5199145, at *2 (denying

plaintiffs' motion to permit their physician to testify via contemporaneous

transmission where plaintiffs claimed physician could not attend trial in person due

to travel plans and "patient obligations," because neither reason was

"unexpected"); *accord Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN,

2012 WL 3704922, at *2 (E.D. Cal. Aug. 24, 2012) (denying plaintiffs' motion to

testify remotely from Mexico because "Plaintiffs have known for years that the

costs of international travel can be prohibitive, just as they have known that visas

may prove difficult to come by"); *In re Emanuel*, 406 B.R. 634, 637 (Bankr.

S.D.N.Y. 2009) (testimony by video teleconference was not appropriate under

Rule 43 where "inability to travel to the Bowling Green Courthouse is not due to

unexpected or health-related reasons"); *see also Prideaux v. Tyson Foods, Inc.*, 387

F. App'x 474, 479 (5th Cir. 2010) (argument that witness was a "primary witness"

and that party "had difficulty locating her" did not constitute "good cause in

compelling circumstances"). Simply put: "'[a] party who could reasonably

foresee the circumstances offered to justify transmission of testimony will have

special difficulty in showing good cause and the compelling nature of the

circumstances.'" *Niemeyer*, 2012 WL 5199145, at *3 (quoting Fed. R. Civ. P.

43(a) advisory committee's notes to 1996 amendment) (witness's overseas travel

and routine job obligations were not unforeseeable and therefore could not justify

contemporaneous transmission).

In light of these requirements, the MDL court clearly abused its discretion – and petitioners' right to mandamus relief is clear and indisputable – for several reasons.

<u>First</u>, the MDL court *did not even consider* whether plaintiffs had made a showing of unexpected absence or other exigency in allowing for testimony by contemporaneous transmission – as reflected in the blanket nature of its five-page order, which does not identify a single witness, much less analyze the circumstances of a specific witness's absence.  Plaintiffs likewise made no showing in their submission that any witness they wish to have testify via video-transmission was suddenly unable to appear in person; nor could they, since plaintiffs have known from the very beginning of this MDL proceeding that many witnesses they seek to question do not reside in Texas.  The most that has been shown here is that there are some witnesses who are arguably under petitioners' control who are outside the MDL court's power to subpoena for trial.  If such a showing were sufficient, Rule 43 would render Rule 45's territorial limitations meaningless and effectively authorize nationwide trial subpoena power.  Accordingly, the only permissible conclusion under the strict terms of Rule 43 was that the propriety of testimony by contemporaneous transmission was not established by plaintiffs.  And because the MDL court did not even consider Rule

43's terms, it clearly abused its discretion. *Cf. Eller*, 739 F.3d at 478 (affirming denial of Rule 43 motion where the party had "proffered no 'unexpected reason[]' for [the witness's] absence from trial").

Second, the principal bases of the MDL court's order – that testimony by contemporaneous transmission is preferable to deposition testimony and "serves the inherent goal of Rule 43" (Order at 4) – is unmistakably wrong. The commentary to Rule 43 – cited to the MDL court by petitioners (Opp'n To Rule 43 Motion at 3), but found nowhere in its order – expressly states the opposite: "Ordinarily, depositions, including video depositions, provide a *superior means* of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (emphasis added, citation omitted).

Adhering to this express and unambiguous statement, courts have *repeatedly* rejected requests to invoke Rule 43 and instead required parties to rely on depositions of an absent witness where they are not available to come to court to testify. *See, e.g.*, *Matovski v. Matovski*, No. 06 Civ. 4259 (PKC), 2007 U.S. Dist. LEXIS 39766, at *7 (S.D.N.Y. May 29, 2007) ("The Notes to Rule 43 describe deposition testimony as 'superior' to contemporaneous transmission."); *Hammann v. 800 Ideas, Inc.*, No. 2:08-cv-00886-LDG-GWF, 2013 U.S. Dist. LEXIS 17421,

16

at *2-3 (D. Nev. Feb. 8, 2013) (denying motion for contemporaneous transmission of live testimony where party may be able to "introduce [the witness's] prior deposition testimony at trial"); *Cross v. Wyeth Pharm., Inc.*, No. 8:06-cv-429-T-23AEP, 2011 U.S. Dist. LEXIS 67348, at *27 (M.D. Fla. June 23, 2011) (finding no compelling circumstances where "plaintiffs may proffer the deposition testimony for admission at trial"); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003) ("read[ing] a deposition of a witness" at trial "occurs all the time, and does not present a 'compelling circumstance[]'" under Rule 43). Indeed, in one case, the U.S. Court of Appeals for the Tenth Circuit affirmed denial of a Rule 43 motion even where no deposition had been taken because the plaintiff "knew well in advance of trial" that the witness lived far away and thus "*could have* made arrangements ahead of time for introducing" it by other means, "by deposition for instance." *Eller*, 739 F.3d at 478.

Notably, both the MDL court and the parties long ago recognized the preference for using depositions, agreeing that video depositions of key witnesses should be taken in anticipation of their potential use at trial pursuant to Rule 32(a)(4)(B). Specifically, the district court stated at the outset of this MDL that it "is anticipated that the depositions taken in this [MDL] will be used in cases filed in various federal and state courts." (Order Regarding Deps. at 1, MDL ECF No.

270 (filed Mar. 4, 2013), attached as Exhibit 6.)[5]  The district court likewise established a deposition protocol to ensure that the parties are able to preserve deposition testimony for future use at trials in this litigation, as well as a procedure, in which all parties have participated, for designating and objecting to deposition testimony for determination by the Special Master.  (*See* MDL ECF No. 270.)  As a result, depositions in this litigation have proceeded not in the dry manner typical of discovery-type depositions but rather in the mode of cross-examinations fit for the courtroom.[6]

Given the availability of these recordings and the long-established

---

[5]     Citations to "MDL ECF" are to the central MDL docket, No. 3:11-md-2244-K in the district court below.

[6]     For example, instead of taking a typical discovery deposition of Dr. Plouhar, plaintiffs' counsel took a tight, cross-examination-style videotaped deposition, knowing that she resides out of state and that those video depositions would constitute trial testimony he would use in his case in chief, as evidence in part by the fact that plaintiffs' counsel made multiple references to the jury during Dr. Plouhar's depositions.  (*See, e.g.*, Dep. of Pamela Plouhar 445:17-19, May 13, 2014, ECF No. 67-1, App. p. 22 (Q.  "And can you tell the jury when your 522 study was finally approved by the FDA?"); *id.* 466:7-10, ECF No. 67-1, App. p. 28 (Q.  "Okay.  So it's safe for the jury to assume that if the FDA does not order or require information, then DePuy doesn't give it necessarily, right?"); Dep. of Pamela Plouhar 27:7-8, Aug. 13, 2013, ECF No. 67-1, App. p. 59 (Q.  "Can you explain to the jury what those were, please?), *id.* 84:16, ECF No. 67-1, App. p. 73 (Q.  "Can you tell the jury what GMB means?"); *see also, e.g.*, Dep. of Polly Cary 32:5-8, July 26, 2013, ECF No. 55-1, App. p. 7 (Q.  "But, ma'am, we know, you and I both know, and the jury knows I suspect, that 99.9 percent of Pinnacle hip components implanted are not still in motion today?"); *id.* 23:10-12, ECF No. 55-1, App. p. 6 (Q.  "I have got a color copy we can use here for the jury.  Do you see the Orthopaedic Product News?"); Dep. of Andrew Ekdahl 27:21-24, July 23, 2013, ECF No. 55-1, App. p. 9 (Q.  "And is it – just so the jury can see it as well, is it, in fact, Pinnacle metal insert project core team meeting minutes from July 24th of 2000?".)  Moreover, plaintiffs' counsel have engaged in over three years of deposition practice, taking depositions of forty company witnesses.  All depositions used two video cameras to allow a jury to see both the lawyer and the witness.

expectations of the parties, the MDL court's pronouncements about the preference for "live testimony" in light of the "inherent goal of Rule 43" simply make no sense.  Rule 43's preference is expressly not for "live testimony" of any sort but for "live testimony *in court*."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (emphasis added); *United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999) ("The Note indicates a clear preference for live *in-court* testimony.") (emphasis added).[7]  The Advisory Committee made clear that the benefits of having the witness testify "in court" are that the power of the "ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling" and that the factfinder will have the greatest opportunity "to judge the demeanor of a witness," with whom the factfinder will be "face-to-face."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.  But these benefits are not secured by having a witness testify to a camera in a courtroom a thousand miles away.  Such a witness is unlikely to find the "ceremony" of such a proceeding any more compelling than a deposition, and the factfinder's ability to "judge the demeanor of a witness" on the video screen will not logically depend on whether the transmission is live or recorded.  On this basis, too, the MDL court's order is a clear abuse of discretion and should be vacated.

---

[7]    *Navarro* concerned the use of live video testimony in a criminal trial; thus, although it acknowledged Rule 43 and canvassed the Advisory Committee notes, it did not squarely address the issues presented in the instant petition.

Third, the MDL court's secondary considerations – "the five factors" that it claimed "[c]ourts generally consider . . . to determine when testimony by contemporaneous transmission is appropriate" (Order at 2, 4-5 (citing *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006))) – find no support in the rule.

The MDL court described the factors as follows: "(1) the control exerted over the witness by the defendant; (2) the complex multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation." (Order at 2-3.)

These factors do not appear anywhere in the text of Rule 43 or the Advisory Committee notes describing it. Indeed, the *Vioxx* court derived these factors from two decisions that *pre-dated* the amendment to Rule 43(a) providing for testimony by contemporaneous transmission. *See Vioxx*, 439 F. Supp. 2d at 643 (citing *In re Wash. Public Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424 (D.P.R. 1989)). As such, even to the extent these factors might fairly inform an analysis of "good cause" or "compelling circumstances," they plainly should not be permitted to trump the Advisory Committee's express preference for

deposition testimony or its admonition that testimony by contemporaneous transmission should be used "cautiously" – i.e., that it should be the exception, not the rule.

But that is precisely what the MDL court's logic would do.  In its estimation, these factors favored a *blanket rule* authorizing testimony by contemporaneous transmission because these cases are part of MDL proceedings; defendants have not shown prejudice; and the witnesses will not be burdened by traveling to a nearby courthouse.  (Order at 4.)  This reasoning would make Rule 43 testimony the norm in cases connected to MDL proceedings, flipping the directive that testimony by contemporaneous transmission should be the exception rather than the rule on its head, in direct contravention of the Advisory Committee's admonitions.

Such an approach is unsupported and counterintuitive.  The MDL context, if anything, favors the use of depositions, not testimony by contemporaneous transmission, precisely *because* of the substantial burden that the need to testify live (or prepare to do so) in case after case would pose on defendants and company witnesses.  Indeed, the *Manual for Complex Litigation* touts the use of video depositions for this very reason, citing their utility in "preserv[ing] the testimony of witnesses who may be unavailable to testify at trial" and to "avoid multiple live appearances by the same witness."  Fed. Judicial Ctr., *Manual for Complex*

Litigation § 11.452 (4th ed. 2004); *cf. also Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 712, 714 (Fed. Cir. 2005) (affirming denial of Rule 43 motion over party's objection that having to rely on depositions would give the other side a "tactical advantage"; reliance on depositions "occurs all the time in complex litigation") (internal quotation marks omitted).[8]

The blanket nature of the MDL court's order is also an invitation to litigation abuse by plaintiffs, who are almost certain to mount substantial trial preparation burdens on petitioners and company witnesses by issuing a slate of Rule 43-based subpoenas – even if plaintiffs have no intent to actually call them to testify at trial. That is exactly what the same plaintiffs' counsel here did in the *Actos* litigation, where the Lanier Firm identified *nineteen witnesses* to testify via contemporaneous transmission and persuaded an MDL court to grant a similar blanket order based on a similar misreading of Rule 43, yet only called one of those witnesses at trial.[9] This tactic required the defendants in that case to divert significant resources to preparing those nineteen witnesses to testify, without knowing which if any would

---

[8]    In their submissions to the MDL court, plaintiffs have argued that the purported "bellwether" status of the next trial justifies the use of testimony by contemporaneous transmission, but this argument also makes no sense because "bellwether" cases are supposed to be representative of how cases would be decided in an ordinary setting, *see In re Chevron USA, Inc.*, 109 F.3d 1016, 1019-20 (5th Cir. 1997), and in the context of a litigation consisting of over 8,000 cases, reliance on deposition rather than live testimony would be the norm.

[9]    The *Actos* court's ruling on the Rule 43 motion is available at *In re Actos (Pioglitazone) Products Liability Litigation*, MDL No. 6:11-md-2299, 2014 WL 107153 (W.D. La. Jan. 8, 2014).

be actually called. Absent this Court's intervention, these cases will likely follow a similar course, significantly prejudicing defendants and disrupting their ability to effectively prepare for and conduct trial. Indeed, since the MDL court's order earlier this week, plaintiffs have already indicated their intent to subpoena two more witnesses to testify by contemporaneous transmission at trial.

The MDL court's conclusion that petitioners will not suffer any prejudice because of their ability to cross-examine witnesses is also wrong. The opportunity to question witnesses by live video transmission will accord plaintiffs a significant tactical advantage. As other courts have noted, the difficulty of using documentary evidence in live examinations of witnesses appearing by simultaneous transmission results in an advantage to the calling party because it knows in advance which documents will be at issue, making it easier to plan for the use of such documents during the examination. Meanwhile, the opposing party is faced with the difficult task of both preparing responses to the substance of the document and dealing with the unique technological and logistical difficulties of presenting responsive documents to the witness. *See Niemeyer*, 2012 WL 5199145, at *3 (explaining that contemporaneous transmission would "severely impede defendants' ability to cross examine . . . witness[es] using important documentary evidence" and noting that, "[d]ue to the dynamic nature of trial testimony, defendants will not know in advance which documents or records are relevant to [the witness's] testimony").

For all of these reasons, it is "clear and indisputable" that the district court abused its discretion in finding that there was good cause to permit testimony via contemporaneous transmission under Rule 43(a).  *See In re Am. Airlines, Inc.*, 972 F.2d 605, 608 (5th Cir. 1992).

### B. The District Court Erroneously Concluded That It Was Empowered To Compel The Testimony Of Witnesses Who Reside Beyond Its Subpoena Power.

Mandamus relief is also necessary to correct the MDL court's clear abuse of discretion in authorizing the use of trial subpoenas beyond the express territorial limits set forth in Rule 45.

Rule 45 expressly states that witnesses who live more than 100 miles from a district court may not be compelled to appear to testify live at trial.  Fed. R. Civ. P. 45(c)(1) (providing that a court may only "command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer; or . . . is commanded to attend a trial and would not incur substantial expense.").

The advisory comments to Rule 45 make clear that the rule limits the reach of courts' subpoena power.  Specifically, the strict 100-mile limit results from a 2013 amendment that was expressly adopted to overrule a set of cases that had

held under the Rule's prior language that the 100-mile and in-state limitations applied only to nonparty witnesses, and that a court could compel party witnesses to appear regardless of their residence. *See* Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment (explaining that "Rule 45(c) directs that compliance may be commanded only as it provides" and noting that "these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers" (citing *In re Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664 (E.D. La. 2006) as a case that had overreached in "finding authority to compel a party officer from New Jersey to testify at trial in New Orleans")).

The employment of Rule 43 for contemporaneous transmission does not alter the analysis. Rather, as the Advisory Committee notes provide, "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from *any place described in Rule 45(c)(1)*," Fed. R. Civ. P. 45(c), advisory committee's note to 2013 amendment, which, in connection with a trial, means within 100 miles of the courthouse.

The MDL court's order did not even address this issue, even though the record was clear that the one witness plaintiffs have subpoenaed for trial at this point – Dr. Plouhar – resides well outside of the trial court's subpoena power. The district court provided no justification for its apparent conclusion that Rule 43(a) can be used to circumvent the strict geographical limitations set forth in Rule 45.

25

For this reason, too, the Court should grant the writ to vacate an act clearly in excess of the MDL court's power to enter.

## II. THE ISSUE PRESENTED IS "IRREMEDIABLE" THROUGH REGULAR APPELLATE CHANNELS.

Not only did the trial court clearly err, but a writ of mandamus is the only means of reviewing its order. In the analogous context of transfer of venue, this Court sitting en banc explained that an appeal from an adverse final judgment would not provide an adequate remedy because "'[the petitioner] would not be able to show that it would have won the case had it been tried in a convenient [venue]'" and "the harm – inconvenience to witnesses, parties and other – will already have been done by the time the case is tried and appealed, and the prejudice suffered cannot be put back in the bottle." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003)).

The same is true here. The proper application of Rule 43(a)'s provision on contemporaneous transmission (and concomitantly Rule 45) is unlikely to ever reach this Court from a final judgment, either in these cases or any others in this MDL proceeding. After all, it would be difficult if not impossible for a party to prove that the outcome of a case would have changed based solely on the ground that certain testimony was admitted by way of contemporaneous transmission rather than deposition.

26

Nonetheless, the "harm – inconvenience to witnesses [and] parties" – is real. As detailed above, the requirement of repeated testimony by company witnesses imposes a substantial burden on the witnesses themselves as well as petitioners, who must prepare those witnesses to testify live and then examine them at trial. The burden is particularly substantial in the case of high-level executives such as Dr. Plouhar, one of the three witnesses that plaintiffs have identified so far for testimony by contemporaneous transmission at trial. After all, Dr. Plouhar has already provided two videotaped depositions and has now been ordered to testify again, causing significant disruption to her other duties. And if past is prologue, the burden faced by Dr. Plouhar will likely be imposed on several other witnesses as well (and correspondingly on petitioners, who will have to scramble to prepare them to testify), just as it was in the *Actos* litigation. By the time of any appeal from a final judgment, this damage "will already have been done . . . and the prejudice suffered cannot be put back in the bottle." *In re Volkswagen*, 545 F.3d at 319.

### III.   IMMEDIATE REVIEW IS "PARTICULARLY APPROPRIATE" BECAUSE THE PETITION PRESENTS A PURELY LEGAL ISSUE OF IMPORTANCE FAR BEYOND THIS CASE.

Finally, mandamus review is "'particularly appropriate'" because the issue presented is purely legal in nature and has "'an importance beyond the immediate case,'" squarely implicating the "'supervisory . . . nature" of the writ. *Niemeyer*,

591 F.3d at 416 (citation omitted).

First, the petition presents the purely legal question of whether the MDL court applied the right standard in resolving plaintiffs' motion under Rule 43. As set forth above, the standard set forth in the rule is "good cause in compelling circumstances," and the Advisory Committee note has been expressly clear that mere absence does not suffice. The MDL court reached the opposite conclusion, which is manifestly erroneous on its face, making this petition an ideal vehicle for mandamus relief. *In re Burlington N., Inc.*, 822 F.2d 518, 522-23 (5th Cir. 1987) (concluding mandamus review appropriate where a district court's order "turns on legal," rather than discretionary, questions that are "not . . . addressed in the decisions but which [are] likely to recur in future cases.").

Second, the broad significance of the issue presented, especially in the MDL context, also suffices by itself to justify the writ. In *Ford*, for example, this Court granted the writ in a case involving *forum non conveniens* in part because there were "at least two other similar cases pending in the MDL court" and "other suits may be filed in our district courts" raising the same questions. 591 F.3d at 416-17. Here, the issue potentially affects not just two but arguably *all* of the more than 8,000 cases pending in the MDL, especially if transferor courts decide to apply the MDL court's resolution of this issue in cases on remand. Moreover, the issue has already arisen repeatedly in MDL litigation in this Circuit, previously in the *Actos*

28

and *Vioxx* litigations, and now here. With technological advances in video technology, the issue is only likely to become more pressing, but this Court has not yet had an opportunity to examine these issues in this context. *See also, e.g.*, *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000) (granting mandamus because "whether attorney-client privilege applied to invention" was "an important issue of first impression").

For this reason too, mandamus review is appropriate.

## CONCLUSION

For the foregoing reasons, petitioners respectfully request that this Court issue a writ of mandamus directing the Honorable Ed Kinkeade, Judge of the United States District Court for the Northern District of Texas, to vacate the Order Granting Plaintiffs' Motion To Allow Live Testimony Via Contemporaneous Transmission.

Respectfully submitted,

*/s/ Andrea Mahady Price*
Richard Sarver
Andrea Mahady Price
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Fax: (504) 589-9701

29

John H. Beisner
Stephen J. Harburg
Jessica Davidson Miller
Geoffrey M. Wyatt
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Michael V. Powell
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8453

*Attorneys for Petitioners*

30

## CERTIFICATE OF SERVICE

I certify that the Petition for a Writ of Mandamus was filed with the Court

electronically on September 23, 2016, and an electronic copy of the brief were

served on the individuals below via electronic mail on the same date.

The Honorable James Edward Kinkeade
United States District Judge
Northern District of Texas
1100 Commerce St # 1625, Dallas, TX 75242

W. Mark Lanier
Richard D. Meadow
The Lanier Law Firm, PC
6810 FM 1960 Rd W
Houston, TX 77069-3804
Telephone: (713) 659-5200
Fax: (713) 659-2204
E-mail: wml@lanierlawfirm.com
E-mail: rdm@lanierlawfirm.com

Larry Boyd
Wayne Fisher
Justin Presnal
Fisher, Boyd, Brown & Huguenard, LLP
2777 Allen Parkway, Suite 1400
Houston, Texas 77019
Telephone: (713) 400-4000
Fax: (713) 400-4050
E-mail: lboyd@fisherboyd.com
E-mail: wfisher@fisherboyd.com
E-mail: justinp@fisherboyd.com

Richard J. Arsenault
Jennifer M. Hoekstra
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190

Alexandria, Louisiana 71301
Telephone: (800) 256-1050
Fax: (318) 561-2591
E-mail: rarsenault@nbalawfirm.com
E-mail: jhoekstra@nbalawfirm.com

Jayne Conroy
Simmons Hanly Conroy
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6402
Fax: (212) 213-5949
E-mail: jconroy@simmonsfirm.com

Franklin D. Azar
Robert O. Fischel
Tonya L. Melnichenko
Nathan J. Axvig
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Fax: (303) 759-5203
E-mail: azarf@fdazar.com

Paul R. Kiesel
Helen Zukin
Matthew A. Young
Kiesel & Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Fax: (310) 854-0812
E-mail: kiesel@kbla.com
E-mail: zukin@kbla.com
E-mail: young@kbla.com

Kaldhoun A. Baghdadi
Walkup, Melodia, Kelly & Schoenberger
650 California St # 26

San Francisco, CA 94108
Email: kbaghdadi@walkuplawoffice.com

Jerrold S. Parker
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
Telephone: (516) 466-6500
Fax: (516) 466-6665
E-mail: jerry@yourlawyer.com

                                        */s/Andrea Mahady Price*
                                        Andrea Mahady Price