UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
Melissa S. Roach, Case No. 2:17-cv-07918.

### SANOFI'S REPLY MEMORANDUM IN SUPPORT OF BILL OF COSTS AGAINST PLAINTIFF MELISSA ROACH

The Clerk should award Sanofi its claimed costs for at least three reasons. First, Plaintiff's opposition is procedurally improper under Federal Rule of Civil Procedure 54(d)(1) because Plaintiff cannot seek review of Sanofi's Bill of Costs until *after* the Clerk has adjudicated the issue—which has not yet occurred. Second, even if Plaintiff were able to seek review now, which Sanofi denies, the Fifth Circuit has made clear that under Rule 54(d)(1), there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances—none of which are present here. Indeed, Plaintiff's opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld. Third, Plaintiff fails to refute that Sanofi's claimed costs were "necessarily obtained for use in the case" and therefore are properly recoverable. The Clerk should rightly give effect to this "strong presumption" and award Sanofi its costs enumerated in the Bill of Costs.[1]

### LEGAL STANDARD

Rule 54(d)(1) provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party . . . **The clerk may tax costs on 14 days' notice.**

---

[1] Sanofi agrees to waive certain incidental costs related to the deposition transcripts and medical records collection, which are outlined below.

1

> **On motion served within the next 7 days, the court may review the clerk's action**.

Fed. R. Civ. P. 54(d)(1) (emphasis added); *see also Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *1 (E.D. Mich. May 16, 2016) ("Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action."). Thus, *only after* the clerk adjudicates costs is a party entitled to seek review of the clerk's action by filing a motion.

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (citation omitted). In *Pacheco*, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794. However, the Fifth Circuit in *Pacheco* specifically "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs'"—**which Plaintiff conveniently omits in her opposition brief**. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n. 18).

Subsequent to *Pacheco*, numerous decisions from the Fifth Circuit, in fact, specifically reject that any of the above factors is a sufficient reason to deny costs. For example, in *Smith*, the Fifth Circuit held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs," 909 F.3d at 753 (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013))—a holding that is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting

2

*Pacheco*, 448 F.3d at 793). Moreover, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). Finally, the Fifth Circuit has specifically rejected Plaintiff's argument that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## ARGUMENT

### I. Plaintiff's Opposition Is Procedurally Improper and Premature.

As discussed, Rule 54(d)(1) permits a party to file a motion seeking review of the clerk's taxation of costs within seven days *after* the clerk's action. Here, however, there has been no adjudication on the costs which Sanofi seeks to recover. As such, Plaintiff's opposition is procedurally improper and premature, and should be disregarded in its entirety.

### II. Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Its Costs.

Even if Plaintiff were permitted to seek review now—which she cannot—Plaintiff's opposition does nothing to overcome the "strong presumption" that Sanofi is entitled to recover its costs. Plaintiff instead patently misstates the holding in *Pacheco*, in suggesting that "when every one of the *Pacheco* factors … are present, this Court may deny or reduce costs."[2] Even assuming this Court could properly consider these factors—which the Fifth Circuit has repeatedly held it cannot—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

---

[2] Rec. Doc. 13042 (Pl's Opp. to Defs.' Bill of Costs) at 2.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "a person of limited means" and that Sanofi has "significant financial resources."[3] As noted, however, the Fifth Circuit has specifically held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law," and that the "limited resources" of the losing party cannot provide a basis for denying costs. *Moore*, 735 F.3d at 320 (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources'"). Even if this Court could consider Plaintiff's financial status, based on standard contingency fee practice, Plaintiff's counsel—not Ms. Roach—very likely bears all the costs where, as here, the case was dismissed with prejudice. At a minimum, Plaintiff should be required to make some factual showing to support her bald assertion that Plaintiff—not her attorneys—will be responsible for paying Sanofi's costs.

As to the purported misconduct (the second factor), Plaintiff generically alleges Sanofi "failed to disclose risks that it knew to be associated with its product despite a duty to warn of those very risks."[4] Plaintiff's (unsupported) allegation, however, is immaterial to determining whether costs are properly taxable against Plaintiff. Instead, this factor focuses on any misconduct by the prevailing party *in the course of litigation* and Plaintiff alleges no such conduct on the part of Sanofi. *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990) (holding that it is the prevailing party's fault, misconduct or bad faith in the course of litigation that is material to determining whether costs are properly taxable).

---

[3] *Id.* at 3, 5.
[4] *Id.* at 3.

As to the close and difficult legal issues presented (the third factor), Plaintiff summarily states that the dismissal of her case was a "close and difficult legal issue" because "there was arguably case law on both sides supporting a dismissal or a denial."[5] To the contrary, this Court applied straightforward Mississippi law to find that no exception applied to save Plaintiff's time-barred claims. This factor is neutral, at best.

Finally, Plaintiff fails to identify a substantial benefit that her lawsuit conferred on the public (the fourth factor). Although Plaintiff speculates her case "provided a great value to the public," she fails to explain how or why her individual case conferred any benefit to the public at large, and instead dedicates an inordinate amount of her brief discussing purported benefits that were conferred to the Court and the parties from her lawsuit.[6] Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred *on the public at large*—not MDL courts and parties. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

### III. Sanofi's Claimed Costs Enumerated in its Bill of Costs Are Properly Taxable and Supported by Adequate Documentation.

In the alternative, Plaintiff requests that the Clerk "substantially decrease" Sanofi's claimed costs. First, Plaintiff summarily alleges that all of the depositions—other than that of Plaintiffs and Ms. Roach's prescribing oncologist, Dr. Wail Alnas—were not "necessarily obtained for use in the case." Second, Plaintiff asserts that "costs for medical records unrelated to the claims at-

---

[5] *Id.* at 4.
[6] *Id.* at 4-6.

5

issue, investigative costs, and third-party retrieval costs," as claimed by Sanofi are not recoverable. Plaintiff's request should be denied.

### A. Each deposition for which Sanofi claims costs was necessarily obtained for use in the case and is properly taxable.

In addressing the recoverability of deposition costs under 28 U.S.C. § 1920, the Fifth Circuit has held:

> [P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." *If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.* Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.

*Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (emphasis added).

Here, each deposition taken by Sanofi was "reasonably expected to be used for trial preparation" and therefore is properly taxable. As enumerated in its Itemized Bill of Costs, Sanofi claims the following deposition costs:

| DATE | DEPONENT | COST |
|---|---|---|
| 9/23/2020 | Melissa Roach | $4,815.32 |
| 10/7/2020 | Wail Alnas, M.D. | $2,337.44 |
| 11/12/2020 | Michael Drew Anthony, M.D. | $2,262.18 |
| 3/23/2021 | Thomas Pearson, M.D. | $2,760.92 |
| 3/26/2021 | Billy Roach | $2,296.84 |
| 4/6/2021 | Jane Kinard | $2,104.12 |
| 4/10/2021 | Jessie Roach | $2,265.28 |
| 4/12/2021 | Somprason Songcharoen | $1,689.46 |
| 4/14/2021 | Thomas Parvin, M.D. | $1,492.74 |
| 4/15/2021 | Amanda Moredecai, N.P. | $1,721.74 |
| | Subtotal: | $23,746.04 |

At the time of taking each of these depositions, Sanofi reasonably expected they would be used for trial preparation and/or during trial. Indeed, Plaintiff identified each of these witnesses in her preliminary witness list, necessitating the need for Sanofi to depose them so it could reasonably and adequately prepare for trial. Further, in the event that Sanofi's motion for summary judgment had been denied, Sanofi intended to use the transcripts to prepare its witnesses for trial and conduct cross-examination or impeachment of Plaintiffs' witnesses.

Nevertheless, Plaintiff summarily states that each deposition, other than that of Plaintiffs and Dr. Alnas, cannot be properly taxed as costs against her. Plaintiff baldly asserts that her non-chemotherapy providers were "unnecessary in-light-of the claims." Further, Plaintiff suggests, nonsensically, that Sanofi should have interviewed the other fact witnesses rather than depose them. Plaintiff's argument finds no support in Fifth Circuit case law and thus should be rejected.

Accordingly, because each deposition taken by Sanofi was "necessarily obtained for use in the case," Sanofi is entitled to recover these costs.

### i. Sanofi is entitled to recover its video deposition costs.

"When a prevailing party obtains printed and electronically recorded transcripts, it may recover both costs if both were necessarily obtained for use in the case. . . . Generally both written and electronically recorded transcripts are found to be necessarily incurred when the witness's testimony was presented at trial by a video deposition recording." *Saacks v. Privilege Underwriters Reciprocal Exchange*, 2018 WL 3769963, at *3 (E.D. La. July 24, 2018) (citing *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977-78 (S.D. Tex. 2011).

As discussed, each deposition for which Sanofi claims costs was "necessarily obtained for use in the case" and accordingly, both written and electronically recorded transcript fees are recoverable. Notwithstanding, Plaintiff asserts that the video deposition fees were "unnecessary"

as this Court had subpoena power over "the vast majority of fact witnesses," but without identifying any such witness. Plaintiff's argument is speculative, at best. Even if the Court had subpoena power over these unidentified witnesses prior to dismissal of Plaintiff's lawsuit, Plaintiff does not—and cannot—argue that the Court would have had such power at the time of trial in 2022. Nor can Plaintiff claim that the witnesses would have complied with any order or voluntarily appeared at trial. This is, in part, precisely why Sanofi arranged for these depositions to be electronically recorded. And, Sanofi intended to present the witnesses' testimony by video at trial if Plaintiff's lawsuit had not been dismissed.

### ii. Sanofi is entitled to recover incidental costs to the deposition transcripts.

Plaintiff further argues that Sanofi cannot recover costs for (1) "Vertitext Virtual Primary Participants," (2) "exhibit share," (3) "attendance," (4) "initial services," (5) "digitizing and synchronization charges," (6) "surcharges for expert/medical/technical and video proceedings," and (7) "equipment rental."

Preliminarily, Plaintiff ignores that all of the depositions were conducted remotely to protect the health and safety of the parties, their counsel and other participants during the global COVID-19 pandemic (which is ongoing). Further, Plaintiff consented to the remote deposition protocol, including the use of Veritext Virtual (a secure web-based deposition platform) and Exhibit Share (a software tool that allows attorneys to introduce and share exhibits electronically to all attending parties). Under these special circumstances, the remote deposition costs, including Veritext Virtual, Exhibit Share, attendance, and initial services, were reasonably and necessarily incurred by Sanofi and thus are properly taxable.

As to the fifth, sixth, and seventh cost categories, this Court has recognized: "Also taxed as part of electronic transcript costs [pursuant to § 1920(2)] are the video synchronization charges

8

of the video operator and the media and the nominal media and master archive charges as necessarily incurred for electronically recorded transcripts." *Saacks*, 2018 WL 3769963, at *3-4, n.2. As such, Sanofi is entitled to recover its costs for video synchronization, other media and equipment rental, all of which were necessarily incurred for preparation of the electronically recorded transcripts.

Sanofi agrees to waive any shipping, binding and tabbing costs incidentally related to the deposition transcript fees. Sanofi further agrees to waive costs for delivery of expedited transcripts via a rough draft.

### B. Plaintiff's medical and other records were necessarily obtained for use in the case and are properly taxable.

Sanofi's costs associated with copying and collecting Plaintiff's medical records are properly taxable under 28 U.S.C. §1920(4). *See, e.g., Romero v. U.S.*, 865 F. Supp. 585, 595 (E.D. Mo. 1994) (holding costs of copying medical records for use of expert witnesses were necessarily obtained for use in the case and properly taxable under §1920(4)); *Molnar v. Elgin, Joliet and Eastern Ry. Co.*, 697 F. Supp. 306, 311-12 (N.D. Ill. 1988) (finding costs of copying injured railroad employee's medical records were reasonably necessary to the case in order for the attorneys to prepare for depositions and provided evidence of employee's medical condition, and thus properly taxable under §1920(4)).

Plaintiff's reliance on *Dunaway v. Cowboys of Lake Charles, Inc.*, No. 07-1138, 2010 WL 3883262, at *5 (W.D. La. Sept. 27, 2010) is misplaced. There, the defendant obtained plaintiff's medical records to attempt to contradict plaintiff's retained medical expert. *Id.* at *5. The Court found the costs associated with collecting such records were not properly taxable because there was no reasonable expectation they could be used to confront plaintiff's expert, and it was unclear whether the records contained any information relevant to plaintiff's claims. *Id.*

9

In stark contrast here, Plaintiff's medical records collected by Sanofi were "necessarily obtained for use in the case" in that the records, in fact, provided key evidence of Plaintiff's medical condition, cancer and treatment. As such, the full amount of these expenses should be taxed against Plaintiff.

Sanofi only agrees to waive its claim for third-party retrieval fees in connection with collecting Plaintiff's medical records.

## CONCLUSION

For these reasons, the Clerk should award Sanofi all of its costs enumerated in the Bill of Costs, unless expressly waived by Sanofi herein.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

***Counsel for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                                    /s/ *Douglas J. Moore*