**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION "H" (5)**

**THIS DOCUMENT RELATES TO:**
**Sheila Crayton, Case No. 2:17-cv-05923**

**SANOFI'S REPLY IN SUPPORT OF BILL OF COSTS AGAINST PLAINTIFF SHEILA CRAYTON**

The Clerk should award Sanofi its claimed costs for the following reasons:

First, Plaintiff's opposition—*which was filed more than five months after the filing of Sanofi's Bill of Costs*—is grossly untimely, and Plaintiff offers no explanation for the delay. Further, Sanofi's counsel never received any communication from Plaintiff's counsel regarding Plaintiff's proposed motion for leave to file the instant opposition out of time, and never stated that the motion was unopposed.

Second, Plaintiff's opposition is procedurally improper under Federal Rule of Civil Procedure 54(d)(1) because Plaintiff cannot seek review of Sanofi's Bill of Costs until *after* the Clerk has adjudicated the issue—which has not yet occurred.

Third, even if Plaintiff were able to seek review now, which Sanofi denies, the Fifth Circuit has made clear that under Rule 54(d)(1), there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances—none of which are present here. Indeed, Plaintiff's opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld.

Finally, Plaintiff fails to refute that Sanofi's claimed costs were "necessarily obtained for use in the case" and therefore are properly recoverable. Instead, Plaintiff conclusorily asserts that awarding costs to Sanofi would be "inequitable" and "improper" in this case.

The Clerk should rightly give effect to this "strong presumption" and award Sanofi its costs enumerated in the Bill of Costs.[1]

**LEGAL STANDARD**

Rule 54(d)(1) provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party . . . **The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action**.

Fed. R. Civ. P. 54(d)(1) (emphasis added); *see also Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *1 (E.D. Mich. May 16, 2016) ("Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action."). Thus, *only after* the clerk adjudicates costs is a party entitled to seek review of the clerk's action by filing a motion.

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (citation omitted). In *Pacheco*, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous

[1] Sanofi agrees to waive certain incidental costs related to the deposition transcripts and medical records collection, which are outlined below.

financial resources." *Id.* at 794. However, the Fifth Circuit in *Pacheco* specifically "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs'"—which Plaintiff omits in her opposition brief. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n. 18).

Subsequent to *Pacheco*, numerous decisions from the Fifth Circuit, in fact, specifically reject that any of the above factors is a sufficient reason to deny costs. For example, in *Smith*, the Fifth Circuit held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs." 909 F.3d at 753 (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013)). This holding is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). Moreover, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). Finally, the Fifth Circuit has specifically rejected Plaintiff's argument that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above. *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## ARGUMENT

### I. Plaintiff's Opposition Is Grossly Untimely and Sanofi Never Consented to Plaintiff's Proposed Motion for Leave to File the Opposition Out of Time.

Sanofi filed its Bill of Costs against Plaintiff on February 17, 2021. Plaintiff filed her opposition on July 19, 2021—*more than five months later*. What's more, Plaintiff offers no explanation for the delay. Plaintiff's opposition therefore is untimely and should not be considered by the Clerk.

Further, Sanofi's counsel never received any communication from Plaintiff's counsel concerning the proposed motion, and never stated that the motion was unopposed—contrary to what is represented in Plaintiff's motion.[2] Plaintiff's motion thus should not have been filed *ex parte*, and the Clerk should disregard Plaintiff's opposition on this additional, separate basis.

**II. Plaintiff's Opposition Is Procedurally Improper and Premature.**

As discussed, Rule 54(d)(1) permits a party to file a motion seeking review of the clerk's taxation of costs within seven days *after* the clerk's action. Here, however, there has been no adjudication on the costs which Sanofi seeks to recover. As such, Plaintiff's opposition is procedurally improper and premature, and should be disregarded in its entirety.

**III. Plaintiff Fails to Overcome the "Strong Presumption" That Sanofi, As the Prevailing Party, Is Entitled to Its Costs.**

Even if Plaintiff were permitted to seek review now—which she cannot—Plaintiff's opposition does nothing to overcome the "strong presumption" that Sanofi is entitled to recover its costs. Plaintiff instead patently misstates the holding in *Pacheco*, in suggesting that "when some (or all) of the *Pacheco* factors . . . are present, this Court may deny or reduce costs."[3] Even assuming this Court could properly consider these factors—which the Fifth Circuit has repeatedly held it cannot—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "not a wealthy woman" and that Sanofi has "enormous financial

[2] *See* Rec. Doc. 13075 (Pl.'s Mot. for Leave ("Plaintiff has notified opposing counsel of her intent to file July 14, 2021, and having received no opposition, files the instant motion.")) at 1.

[3] Rec. Doc. 13075-1 (Pl.'s Opp. to Defs.' Bill of Costs) at 3.

resources."[4] As noted, however, the Fifth Circuit has specifically held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law," and that the "limited resources" of the losing party cannot provide a basis for denying costs. *Moore*, 735 F.3d at 320 (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources'"). Even if this Court could consider Plaintiff's financial status, based on standard contingency fee practice, Plaintiff's counsel—not Ms. Crayton—very likely bears all the costs where, as here, the case was dismissed with prejudice. At a minimum, Plaintiff should be required to make some factual showing to support her bald assertion that Plaintiff—not her attorneys—will be responsible for paying Sanofi's costs.

As to the purported misconduct (the second factor), Plaintiff unintelligibly refers to the expenses enumerated in Sanofi's Bill of Costs, which is immaterial.[5] This factor instead focuses on any misconduct by the prevailing party *in the course of litigation*, and Plaintiff alleges no such conduct on the part of Sanofi. *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990) (holding that it is the prevailing party's fault, misconduct, or bad faith in the course of litigation that is material to determining whether costs are properly taxable).

As to the close and difficult legal issues presented (the third factor), Plaintiff vaguely alleges her case aided in the resolution of "many difficult and often novel legal issues," without identifying any such issue."[6] But Plaintiff does not address this Court's dismissal of her case, which occurred because Plaintiff failed to present expert testimony creating an issue of fact on

[4] *Id.* at 3, 6.

[5] *Id.* at 4.

[6] *Id.* at 4.

causation—a threshold requirement to a complex product liability claim, as here.[7] This was not a novel or difficult legal issue.

Finally, Plaintiff fails to identify a substantial benefit that her lawsuit conferred on the public (the fourth factor). Although Plaintiff speculates her case "provided guidance to the parties and the Court," she fails to explain how or why her individual case conferred any benefit on *the public at large*, and instead dedicates an inordinate amount of her brief discussing purported benefits that were conferred on the Court and the parties from her lawsuit.[8] Plaintiff's situation is materially different from those very rare cases in which courts have found a substantial benefit conferred on the general public—not MDL courts and parties. *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

## IV. Sanofi's Claimed Costs Enumerated in its Bill of Costs Are Properly Taxable and Supported by Adequate Documentation.

Alternatively, should the Clerk award Sanofi its claimed costs, Plaintiff requests that such award be reduced. First, Plaintiff claims that video deposition costs, "rough draft charges," and "expedited charges" are not properly taxable. Second, Plaintiff purports to argue that Sanofi's claimed costs associated with medical records collection are not recoverable either. Plaintiff's request should be denied.

---

[7] Rec. Doc. 11824 (Order and Reasons dismissing the case of Sheila Crayton).

[8] Rec. Doc. 13075-1 (Pl.'s Opp. to Defs.' Bill of Costs) at 3.

**A. Each deposition for which Sanofi claims costs was necessarily obtained for use in the case and is properly taxable.**

In addressing the recoverability of deposition costs under 28 U.S.C. § 1920, the Fifth Circuit has held:

> [P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." *If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.* Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.

*Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (emphasis added).

Here, each deposition taken by Sanofi was "reasonably expected to be used for trial preparation" and therefore is properly taxable. As enumerated in its Itemized Bill of Costs, Sanofi claims the following deposition costs:

| DATE | DEPONENT | COST |
|---|---|---|
| September 19, 2018 | Sheila Crayton | $4,666.31 |
| November 2, 2018 | Nagarajan Chandrasekaran | $2,347.54 |
| November 6, 2018 | Sheila Crayton | $1,794.52 |
| November 7, 2018 | Jyan Crayton | $2,605.74 |
| November 28, 2018 | William Long | $2,085.13 |
| February 12, 2019 | Dr. Donna Mancuso , MD | $1,581.24 |
| February 25, 2019 | Dr. Elizabeth Blanton | $983.90 |
| February 26, 2019 | Dr. Carlos Rodriquez-Fierro | $1,514.00 |
| February 27, 2019 | Dr. Jerry Pounds | $1,627.23 |
| March 21, 2019 | Sherida L. Jackson, DNP, FNP-BC | $1,654.61 |
| March 22, 2019 | Shawanda Johnson, Proces verbal | $755.00 |
| March 25, 2019 | Johnson Crayton , Jr. | $1,135.26 |
| June 11, 2019 | Genene Coleman | $1,291.30 |
| | Subtotal: | $24,041.78 |

At the time of taking each of these depositions, Sanofi reasonably expected they would be used for trial preparation and/or during trial. Indeed, Plaintiff identified each of these witnesses in her preliminary witness list, necessitating the need for Sanofi to depose them so it could reasonably and adequately prepare for trial. Further, in the event that Sanofi's motion for summary judgment had been denied, Sanofi intended to use the transcripts to prepare its witnesses for trial and conduct cross-examination or impeachment of Plaintiffs' witnesses.

Plaintiff asserts, without any legal support, that Sanofi's claim for its video deposition costs should be denied.[9] "When a prevailing party obtains printed and electronically recorded transcripts, it may recover both costs if both were necessarily obtained for use in the case . . . Generally, both written and electronically recorded transcripts are found to be necessarily incurred when the witness's testimony was presented at trial by a video deposition recording." *Saacks v. Privilege Underwriters Reciprocal Exchange*, 2018 WL 3769963, at *3 (E.D. La. July 24, 2018) (citing *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977-78 (S.D. Tex. 2011). Importantly here, Plaintiff does not dispute that each deposition for which Sanofi claims costs was "necessarily obtained for use in the case." And, Sanofi intended to present the witnesses' testimony by video at trial if Plaintiff's lawsuit had not been dismissed. Accordingly, both written and electronically recorded transcript fees are recoverable.

Sanofi agrees to waive costs for shipping and handling and expedited charges for rough deposition transcripts, totaling $2,449.41.

---

[9] *Id.* at 7.

**B. Plaintiff's medical and other records were necessarily obtained for use in the case and are properly taxable.**

Sanofi's costs associated with copying and collecting Plaintiff's medical records are properly taxable under 28 U.S.C. §1920(4). *See, e.g., Romero v. U.S.*, 865 F. Supp. 585, 595 (E.D. Mo. 1994) (holding costs of copying medical records for use of expert witnesses were necessarily obtained for use in the case and properly taxable under §1920(4)); *Molnar v. Elgin, Joliet and Eastern Ry. Co.*, 697 F. Supp. 306, 311-12 (N.D. Ill. 1988) (finding costs of copying injured railroad employee's medical records were reasonably necessary to the case in order for the attorneys to prepare for depositions and provided evidence of employee's medical condition, and thus properly taxable under §1920(4)).

Plaintiff purports to argue, (again) without any legal support, that Sanofi's claimed costs associated with medical records collection are not properly taxable costs against her. However, Plaintiff's medical records collected by Sanofi were "necessarily obtained for use in the case" in that the records, in fact, provided key evidence of Plaintiff's medical condition, cancer and treatment. As such, the full amount of these expenses should be taxed against Plaintiff.

Sanofi reserves the right to supplemental briefing and argument to the extent the Clerk requires additional information on these claimed charges. Sanofi only agrees to waive its claim for third-party retrieval fees in connection with collecting Plaintiff's medical records.

**CONCLUSION**

For these reasons, the Clerk should award Sanofi all of its costs enumerated in the Bill of Costs, unless expressly waived by Sanofi herein.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

***Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*