**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | : | |
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| *Samuel L. Payne, on behalf of decedent* | : | |
| *Deborah Payne, v. Accord Healthcare,* | : | |
| *Inc. Case No. 2:19-cv-12619* | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ACCORD HEALTHCARE, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR WHICH SERVICE OF PROCESS**
**HAS NOT BEEN DELIVERED**

**INTRODUCTION**

Plaintiff Deborah Payne filed her Short Form Complaint on September 16, 2019, naming

Accord Healthcare, Inc. ("Accord").  (Short Form Compl., Doc. 1).  Although Accord was a named

defendant, Plaintiff made no effort to serve Accord.  More than a year later, Plaintiff moved the

Court for an Order substituting Samuel L. Payne on behalf of decedent Deborah Payne, which the

Court granted on December 29, 2020 (*See* Dec. 29, 2020 Order, Doc. 11728).  Yet, even after the

substitution, Plaintiff still did not attempt to effect service on Accord.  In fact, Accord only learned

it was named in this case after Plaintiff's counsel sought consent to file an Amended Short Form

Complaint on January 1, 2021.  (*See* Ex. 1, Jan. 1, 2021 Correspondence between Fleetwood and

Sweet, attached as Exhibit 1).  At that time, counsel for Accord expressly notified Plaintiff's

counsel that it had not been served with the Complaint.  (*See id.* at Jan. 11 Correspondence).  Nine

months later, Plaintiff still has not served Accord with a Short Form Complaint.

Plaintiff has delayed service of process for almost two years without good cause.  Indeed,

Plaintiff cannot rely on inadvertence or mistake as a justification as even after Accord informed

5267917.1

Plaintiff's counsel of this deficiency; Plaintiff made no efforts to attempt to cure the error. Accordingly, Accord should be dismissed.

**ARGUMENT**

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(b) - (m).  A plaintiff may serve a corporation in a judicial district of the United States by (1) delivering a copy of the summons and complain to an authorized agent; or (2) in a manner prescribed by Rule 4(e)(1) for serving an individual.  *See* Fed. R. Civ. P. 4(h).  Additionally, the Rules provide that an individual may be served pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under Louisiana law, a plaintiff may serve an individual with either: (1) personal; or (2) domiciliary service.  La. Code Civ. Proc. Ann. art. 1231.

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint due to improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery *or the lack of delivery* of the summons and complaint." *Matherne v. Louisiana through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020), *reconsideration denied*, No. CV 18-3396, 2020 WL 1503280 (E.D. La. Mar. 27, 2020) (emphasis added) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed.)).  When a defendant challenges service of process, the burden is on the plaintiff to establish the validity of service by showing that the complaint was timely served or good cause for failure to effect timely service. *Ross v. Bob Dean Enterprises, Inc.*, No. CV 10-287, 2013 WL 393108, at *2 (E.D. La. Jan. 30, 2013).

Where a plaintiff cannot demonstrate good cause for his or her failure to comply with the

2

federal and local rules for service, courts sitting in the Eastern District of Louisiana have dismissed the case. *See Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *4 (E.D. La. June 14, 2018); *see also Francis v. Dupree*, No. CV 10-2498, 2011 WL 3818955 (E.D. La. July 29, 2011), *report and recommendation adopted in part*, No. CV 10-2498, 2011 WL 3820076 (E.D. La. Aug. 25, 2011) (dismissing claims where plaintiff's service of process did not comport with the requirements of Fed. R. Civ. P. 4 or La. Code Civ. Prac. Ann. Art. 1231). In *Lauderdale*, the court determined good cause did not exist where plaintiffs failed to serve—or even attempt to serve—defendants with an amended complaint for eight months due to "mistake." 2018 WL 2985316, at **3-4.

Here, Deborah Payne filed her Complaint on September 16, 2019. (Short Form Compl., Doc. 1). To comply with Fed. R. Civ. P. 4, she was required to serve Accord by December 15, 2019. To date, Accord has not been served. Moreover, Ms. Payne's representative Samuel Payne has been on notice of the lack of service since Accord notified Plaintiff's counsel of this failure in January 2021 and has taken no actions to address, further demonstrating the lack of good cause. (*See* Exhibit A). At best, Plaintiff's failure constitutes a mistake; however, the Eastern District of Louisiana has already determined that mistake does not constitute good cause. *See Lauderdale*, 2018 WL 2985316, at *3-4.

Further, particular to this MDL, on March 27, 2017, Judge Engelhardt issued Pretrial Order No. 29 ("PTO 29"), "Streamlined Service on Accord Healthcare, Inc.," in which the parties agreed to implement a streamlined process whereby plaintiffs may effect service by emailing the complaint to the designated email address within 90 days from the date the case is docketed in the MDL. (Master Docket, Rec. Doc. 303). Non-compliance with this streamlined process subjects a plaintiff to the standards governing Fed. R. Civ. P. 4(m). *See id.*; *see also In re Trasylol Prods.*

*Liab. Litig.*, 503 F. App'x 850, 858 (11th Cir. 2013) (affirming dismissal for lack of service where plaintiffs' failed to comply with federal rules or the pretrial order entered in the MDL).

To date, Accord has not received service compliant with PTO 29. For the reasons stated above, Plaintiff cannot satisfy the standards set for by Fed. R. Civ. P. 4. Therefore, Plaintiff's claims against Accord should be dismissed.

## CONCLUSION

In the almost two years since this case has been filed, neither Ms. Payne nor her representative have made any attempt to effect service, and good cause for this failure does not exist.  Accordingly, Accord respectfully requests that this Court grant Accord's motion to dismiss due to improper service of process.


DATED: September 1, 2021

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

5267917.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Memorandum in Support of Motion to Dismiss Claims for which Service of Process has not been Delivered* was filed with the Court via ECF and is deemed served on all counsel of record.

Respectfully submitted,

/s/ Julie A. Callsen
Julie A. Callsen

*One of the Attorneys for Defendant Accord Healthcare, Inc.*

5