**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                          **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                    **SECTION "H" (5)**

**THIS DOCUMENT RELATES TO**
***Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039**

<u>**PLAINTIFF'S OBJECTIONS TO DEFENDANT SANOFI'S NOTICE OF**
**OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATION**
**TESTIMONY OF SANOFI EMPLOYEES**</u>

  NOW COMES, Plaintiff, Elizabeth Kahn, who respectfully objects to Sanofi's impromptu

submission entitled Notice of Objections to Plaintiff's Deposition Designation Testimony of

Sanofi's Employees, set forth in Rec. Doc. 13078 ("Notice of Objections").

  Defendants' Notice of Objections is duplicative of its objections set out in the spreadsheet

jointly submitted by agreement of the parties.  The parties agreed to use the spreadsheet as the

vehicle for exchanging each parties' affirmative designations, objections, and counter designations

and, thereafter, for submission of the same to the Court in accordance with the applicable

scheduling order.  Despite this agreement, Sanofi additionally filed the subject Notice of

Objections pleading on July 16, 2021, based upon what it assumed would be the Court's Motions

in Limine ("MIL") rulings.  But the Notice of Objections were filed well before the Court ruled on

the MILs on September 13, 2021 (Rec. Doc. 13260).  Since Sanofi's objections pre-dated the MIL

rulings, the Notice of Objections should be disregarded as stale and unnecessary as they are based

upon Sanofi's interpretation of what the Court's rulings would be.

  Further, Plaintiff offers the following:

1. The Court entered CMO 14L (Doc. 13298), the latest in a series of trial Scheduling Orders necessitated by the numerous continuances of the *Kahn* trial due to the COVID-19 pandemic.

2. As in *Earnest,* by agreement of the parties and consistent with Your Honor's exemplar designations on the Court's website, deposition designations were submitted to the Court via spreadsheets setting out in column fashion the highlighted deposition testimony (designations and counter-designations) of each witness, the objections to the testimony or exhibit, and the response/position of the opposing party. This format allows the Court to view the testimony, objection, and response together without the need or opportunity for either party editorializing the testimony or exhibits to be ruled upon. This would be the method undertaken by the Court if testimony were presented live, and should remain how the Court receives the designated testimony. Instead, Sanofi not only restated its objections made in the submitted spreadsheets, but offered its summary and editorial comment on the questions, answers, exhibits and motivations or reason for Plaintiff's designations and cross-designations.

3. To ensure clarity of the record, Plaintiff attaches as Exhibit A the spreadsheet previously submitted to the Court by the parties containing each parties' designations, objections, and responses. Additionally, Plaintiff briefly sets forth limited, non-exclusive, examples of Sanofi's characterizations of the designated testimony in the Notice of Objections:[1]

---

[1] Sanofi's Notice of Objections relate to designated testimony of eight current or former Sanofi employees and one outside contractor, Matt Goyer, a contractor with In Touch Solutions, enlisted by Sanofi to scrub negative Facebook postings from Sanofi's page.

a. Jean-Phillipe Aussel is Sanofi's Global Clinical Program Manager on Taxotere. Mr. Aussel described his work with Sanofi as participating in the entire clinical development of Taxotere, from phases I studies through the final adjuvant study reports, and assisting in writing the submission that led to Taxotere's approval in the United States and Europe[2] Despite his description of his work taken from his *curriculum vitae*, Sanofi's Notice of Objections significantly limits and misstates what it represents to this Court: "Mr. Aussel's role and duties at Sanofi was to collect and "clean" clinical trial data before it was submitted to regulatory authorities."[3] Sanofi's truncated description of Mr. Aussel's role is clearly taken out of context of the full designations, objections and responses, and is a misleading account of the actual testimony. And it demonstrates why the agreed upon spreadsheets of actual testimony in the deposition designations should be reviewed and not Sanofi's interpretation of the testimony and the anticipated MDL rulings.

b. Lesley Fierro was Sanofi's former Associate Vice President of Medical Information Services, Drug Safety, 2000 - 2014.[4] While Sanofi points out that Ms. Fierro led the Medical Information Services Department, and was responsible for communicating medical information about Taxotere to consumers and physicians, it argues that she cannot be questioned about Taxotere and adverse reactions. Ms. Fierro is a Pharm.D – a Doctor of Pharmacy – and has knowledge about Taxotere. Like all of Sanofi's current

---

[2] Ex. B, Aussel Dep. Exhibit 4, Jean-Phillipe Aussel *curriculum vitae*.
[3] Doc. 13078, p. 3.
[4] Ex. C, Fierro Dep. Exhibit 2, Lesley Fierro *curriculum vitae,* p. 1.

and former employees, her knowledge about Taxotere and her personal understanding of the association between Taxotere and PCIA in connection with her duties and responsibilities heading up Sanofi's Medical Information Services is relevant and admissible as a statement of a party opponent, a party's statement against interest, evidence of company knowledge/notice, and context for the jury's evaluation of Sanofi's counsel's arguments about what Sanofi knew, when they knew particular information, and what/when the company warned physicians/patients about permanent hair loss.

Ms. Fierro testified that she currently understands that Taxotere can cause permanent hair loss, which is consistent with Sanofi's clinical overview.[5]  Ms. Fierro also testified that when she joined Sanofi she had no understanding that Taxotere could cause permanent hair loss, and that the label did not contain a warning for permanent alopecia.[6]  Sanofi's knowledge of permanent alopecia and the adequacy of warning of it are at the heart of this trial. Ms. Fierro's statements are important as she oversaw the department that fielded calls from consumers and healthcare professionals; she agreed the content of her department's responses were constrained by what was in the label; and she admits that there was nothing in the label about permanent hair loss.[7]  Sanofi fails to acknowledge that the department Ms. Fierro led for fourteen years was one of the company's mouthpieces to the world, communicating only what was consistent with the Taxotere label.  And as the lead of this source of Taxotere

---

[5] Ex. D, Fierro Dep., 89:22-90:1.
[6] *Id.* at 93:24-94:14, 97:11-98:6 ("There's nothing in here about permanent hair loss.")
[7] *Id.* and 117:7-21.

information to the world, Ms. Fierro agreed labels that included the statement "hair generally grows back" did not communicate anything about permanent hair loss. Her primary function in Medical Information Services was to accurately communicate information consistent with Sanofi's Taxotere label, and her testimony is relevant and speaks directly to key issues. In fact, as one of the company's mouthpieces to the world, responsible for communicating with physicians and consumers on Sanofi's behalf, everything Ms. Fierro and her department communicated is a statement by Sanofi. *FRE, Rule 801(d)(2)(A & D).*

The above facts and limited examples are provided to demonstrate why the parties' agreed upon method for submission of the parties' deposition designations, objections and responses should be reviewed without regard to Sanofi's separate Notice of Objections. These examples are just the "tip-of-the-iceberg," as many more could be provided from Mr. Aussel and Ms. Fierro, as well as other Sanofi witnesses, including:

i.    Andris Ortmanis

ii.   Linda Gustavson

iii.  Fran Polizzano

iv.   Amy Freedman

v.    Emanuel Palatinsky

vi.   Michael Kopreski (personal deposition)

## **CONCLUSION**

Sanofi's Notice of Objections pleading mischaracterizes and editorializes the testimony in a manner that does not allow the reader appropriate context with which to adjudicate relevance

and admissibility issues.  Plaintiff respectfully suggests that the spreadsheets containing the designations and objections are the proper record on which the Court should decide upon the designated testimony, objections, and responses in the appropriate context in which the testimony was taken, and not through the editorialized, inaccurate, and out-of-context summaries presented in Sanofi's Notice of Objections pleading.

Moreover, the Notice of Objections pleading should be disregarded for the independent reason that it was filed prior to the Court's rulings on the parties' Motions in Limine, and the arguments and objections therein were premised upon, in large part, the anticipated rulings on the parties' Motions.  Many of the Motions in Limine were not decided as Sanofi anticipated, and thus, the pleading provides a stale foundation for its conclusions.

For the foregoing reasons, Plaintiff respectfully requests that the Court rely only upon the agreed method of presentation of the designated testimony, objections and responses, and related exhibits, in the spreadsheets previously provided and attached as Exhibit A.


Dated: October 7, 2021                        Respectfully submitted,


*/s/ Christopher L. Coffin*                    */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.             GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225              6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                 Los Angeles, California 90045
Phone: (504) 355-0086                        Telephone: 510-350-9700
Fax: (504) 355-0089                          Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                       kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                 *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Dawn M. Barrios*
DAWN M. BARRIOS