UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Kahn v. Sanofi-Aventis*, et al, Case No. 2:16-cv-17039.

**SANOFI'S POST-CONFERENCE BRIEF ON DR. MICHAEL KOPRESKI**

　　　　On October 4, 2021, the PSC – *without prior notice to Sanofi or permission from the Court* – served an invalid trial subpoena on Dr. Michael S. Kopreski at his home in New Jersey seeking (again) to compel his live, remote testimony during Sanofi's case-in-chief. On October 12, the Court directed the parties to submit briefing on this issue.[1]

　　　　This Court should decline to enforce the PSC's subpoena for three reasons:

　　　　*First*, the subpoena is untimely. After many months of discussion, in July, this Court directed the PSC to file a motion to address the specific relief it was seeking regarding Dr. Kopreski. The PSC did so, and its motion was denied after full briefing on July 26. The PSC's attempt to garner the *same relief* by circumventing the Court's previous Order via an invalid subpoena comes too late.

　　　　*Second*, the subpoena is invalid because the Court has not authorized remote testimony for "good cause" in compelling circumstances and with appropriate safeguards as required by Rule 43. This fact alone renders the PSC's subpoena unenforceable.

---

[1]　　Rec. Doc. 13315 at 1 (Minute Entry).

*Third*, even setting aside the subpoena's untimeliness and invalidity, the PSC has not identified any authority – under Rule 43 or otherwise – permitting the PSC to call Dr. Kopreski for cross-examination during Sanofi's case-in-chief, as this Court has already found.

For these reasons, the Court should decline to enforce the subpoena.[2]

## FACTUAL BACKGROUND

At his 2018 and 2019 depositions, Dr. Kopreski identified and testified to cases of "persisting alopecia" (as defined by the PSC) from the TAX316 clinical study (as requested by the PSC in its 30(b)(6) deposition notice). In the Court's words, "[i]n conjunction with this litigation and in response to a 30(b)(6) deposition notice, Dr. Kopreski performed a re-analysis of the TAX316 data [and] reported that less than 1 percent of study patients experienced 'persistent alopecia,'" as defined by the PSC.[3]

During this process, the PSC was afforded *multiple opportunities* to cross-examine Dr. Kopreski on TAX316, and the PSC did so repeatedly – even over Sanofi's objections.[4] After the first bellwether trial (*Earnest*), this Court denied the PSC's motion for a new trial based on Dr. Kopreski's TAX316 testimony, holding "*Dr. Kopreski was deposed three times over the course of six days*"[5] and that the "*jury had a full picture of Dr. Kopreski's re-analysis*"[6] of TAX316 at trial.

---

2   At the same time, the witness may also seek protection by filing a motion to quash in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(1). Because the subpoena seeks to compel Dr. Kopreski to testify remotely from New Jersey, Dr. Kopreski has retained separate counsel and moved to quash the subpoena in the Federal District Court for the District of New Jersey.

3   Rec. Doc. 9294 at 2 (Order & Reasons on Pl.'s Mot. for New Trial).

4   The PSC deposed Dr. Kopreski seven times in this MDL—six times as a Rule 30(b)(6) witness and once in his personal capacity. Dr. Kopreski has provided more than 40 hours of videotaped testimony.

5   Rec. Doc. 9294 at 3 (Order & Reasons on Pl.'s Mot. for New Trial).

6   *Id.* at 5.

Next, the PSC unsuccessfully sought to exclude Dr. Kopreski's TAX316 testimony from the second bellwether trial (*Kahn*).  The Court rejected the PSC's argument that Dr. Kopreski offered improper expert opinions, holding instead that Dr. Kopreski was a "fact witness offering appropriate opinion testimony."[7]  In the Court's Order, issued on October 21, 2020, the Court noted its concern "about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis" and stated that it would discuss options with counsel before Ms. Kahn's trial.[8]

Those options were, in fact, repeatedly discussed by the PSC and eventually addressed by this Court.  For example, in February 2021, the PSC told the Court it "would like to discuss the possibility of calling remote witnesses during Ms. Kahn's trial."[9]  The PSC, however, sought no specific relief on this subject and took no further action.  In April 2021, the PSC again requested "guidance from the Court" on remote testimony.[10]  As before, the PSC took no action or sought any specific relief thereafter.  The PSC raised the same issue with the Court a third time in July 2021.  At that point – after nearly five months without any action by the PSC – the Court *ordered* the PSC to file a motion outlining its requested relief by July 14, 2021.[11]

In response, the PSC filed a "Motion to Compel Sanofi to Bring Dr. Michael Kopreski to Trial for Live Cross-Examination Pursuant to this Court's Daubert Ruling and FRCP 43 and 45."[12]  The Court denied the PSC's motion on July 26, 2021.

---

[7]  Rec. Doc. 11332 at 6 (Order & Reasons on Pl.'s Mot. to Exclude Test. of Michael Kopreski).  Although the PSC has challenged Dr. Kopreski's *status* as a fact witness, it has never challenged the *substance* of Dr. Kopreski's TAX316 testimony through expert testimony or other evidence.

[8]  *Id.* at 8.

[9]  **Ex. A**, Feb. 9, 2021 Agenda for Lead/Liaison Conference.

[10]  **Ex. B**, Apr. 14, 2021 Agenda for Lead/Liaison Conference.

[11]  Rec. Doc. 13038 at 1 (Minute Entry).  At the time of this lead and liaison counsel meeting, Ms. Kahn's trial was set to begin on August 23, 2021.  Rec. Doc. 12469 at 1 (Am. CMO No. 32).

[12]  Rec. Doc. 13035.

The Court recognized that Dr. Kopreski was an unavailable witness but concluded that the Federal Rules "would permit Plaintiff to compel the live [remote] testimony of Dr. Kopreski for good cause."[13]  The Court, however, ultimately denied the PSC's motion because the PSC did not seek to compel Dr. Kopreski's live, remote testimony during its case-in-chief but rather sought to compel *Sanofi* to subpoena Dr. Kopreski to testify live (remotely) during *Sanofi*'s case-in-chief.[14]  The Court recognized there was no legal authority that would permit such a result and, instead, Sanofi had the right to use Dr. Kopreski's deposition testimony during its case-in-chief given his unavailability.  The PSC did not file a motion for reconsideration.

In the following two months, the PSC once again took no further action – that is, until last week, when it issued a trial subpoena on Dr. Kopreski at his home in New Jersey.  The PSC's subpoena seeks the same relief the PSC sought in its previous motion: to compel Dr. Kopreski to give live, remote trial testimony during Sanofi's case-in-chief.  The only difference is that the PSC served the subpoena without leave of Court instead of seeking to compel Sanofi to do so.

## ARGUMENT

**I.     The subpoena is untimely because the Court already directed the PSC to file a motion addressing Dr. Kopreski's role at trial in July, then denied that motion.**

"District courts are vested with the power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 356–57 (5th Cir. 2020).  In doing so, district courts control and enforce their pre-trial proceedings and corresponding deadlines.  *See, e.g.*, *Edwards v. Cass Cnty.*, 919 F.2d 273, 275

---

[13]  Rec. Doc. 13140 at 5.

[14]  Rec. Doc. 13140 at 5–6 (Order & Reasons Denying Pl.'s Mot. to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination Pursuant to This Court's Daubert Ruling and Federal Rules of Civil Procedure 43 and 45).  A week later, the Court continued and reset the second bellwether trial to November 8, 2021.  Rec. Doc. 13174 at 1 (Second Am. CMO No. 32).

4

(5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like."); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have, this power.").

The Court discussed Dr. Kopreski's role at the *Kahn* trial for months with the PSC, but the PSC took no action. Ultimately, the Court directed the PSC to file a motion outlining its requested relief by July 14, 2021.[15] This Court denied the PSC's "Motion to Compel Sanofi to Bring Dr. Michael Kopreski to Trial for Live Cross-Examination Pursuant to this Court's Daubert Ruling and FRCP 43 and 45" on July 26, finding it could not compel Dr. Kopreski to testify during Sanofi's case-in-chief. The PSC did not move the Court to reconsider that order. Yet the PSC now seeks via subpoena the same relief requested and rejected three months ago. The Court should reject the PSC's late attempt to again compel Dr. Kopreski's live, remote testimony during Sanofi's case-in-chief for failure to comply with the Court's deadlines.

**II.   The subpoena is invalid because the Court did not make a finding of "good cause" under Rule 43.**

Under Rule 43(a), the Court may "permit testimony in open court by contemporaneous transmission from a different location" only for good cause in compelling circumstances and with appropriate safeguards. Fed. R. Civ. P. 43(a). "When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. Without such an order, however, a subpoena issued under Rule 43 is invalid. *In re: 3M Combat*

---

[15] *See* Rec. Doc. 13038 (Minute Entry).

5

*Arms Earplug Prods. Liab. Litig.*, 2021 WL 2605957, at *2 (N.D. Fla. May 28, 2021) (error where plaintiff served subpoenas to compel remote testimony without first seeking leave of court under Rule 43); *Wagner v. Gallup, Inc.*, 2014 WL 2808914, at *3 (D. Minn. June 20, 2014) (no authority for counsel to issue subpoena for remote testimony when counsel had not received permission from the court under Rule 43).

The subpoena served on Dr. Kopreski is invalid because this Court has not issued an order permitting remote testimony for any witness under Rule 43 for "good cause." While the Court previously noted that the rules would permit live, remote testimony "for good cause," it did not consider whether "good cause" exists here. Without a Rule 43 order finding "good cause" to compel live, remote testimony exists, the PSC's subpoena is invalid and otherwise unenforceable.

**III.    The PSC still has not identified any authority—under Rule 43 or otherwise—permitting the PSC to call Dr. Kopreski for cross-examination during Sanofi's case-in-chief.**

Rule 43(a) applies when a witness – unlike here – cannot appear in person "for unexpected reasons, such as accident or illness[.]" Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Other reasons "must be approached cautiously." *Id.* A party "who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* The PSC, fully aware of Dr. Kopreski's unavailability for many months (and likely much longer), has not met this heightened showing.

In its previous motion, the PSC made, at best, passing reference to the factors outlined in *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006), which have been used to analyze whether good cause exists under Rule 43. As Sanofi previously asserted in its

opposition to the PSC's motion to compel, which it incorporates here, Rule 43 is not satisfied even if the Court applied the *Vioxx* factors.[16]

That said, if the *Vioxx* factors were, *in arguendo*, met (they are not), the Court should still reject the PSC's request to compel Dr. Kopreski to appear remotely for cross-examination during Sanofi's case-in-chief. The Court has already found that Dr. Kopreski is an unavailable witness under Rule 32. Because Dr. Kopreski is unavailable, Sanofi has the right to present his deposition testimony during its case-in-chief. Sanofi cannot be forced to subpoena an unavailable witness during its case (as the Court previously held), and there is likewise no authority allowing the PSC to do so instead. *See, e.g.*, *Dinsel v. Pa. R. Co.*, 144 F. Supp. 883, 884 (W.D. Pa. 1956) ("[N]o authority in law can be found that would permit defendant to call the plaintiff for cross-examination in plaintiff's case[.]"). Plaintiff, then, cannot evade the Court's previous order simply by serving the trial subpoena on Dr. Kopreski in lieu of Sanofi.[17]

The PSC has had ample time to evaluate its options after vigorously cross-examining Dr. Kopreski at his depositions, but the PSC has yet to pursue one that comports with the Federal Rules of Civil Procedure.

## **CONCLUSION**

For these reasons, the Court should decline to enforce the subpoena.

---

[16] Rec. Doc. 13091 at 7–10.

[17] The PSC has not asked that Dr. Kopreski testify live during its rebuttal case, nor is that the basis of its subpoena. If the PSC later attempted to do so, the request would still be barred by its failure to prove good cause. Nor could good cause possibly be shown to compel live rebuttal testimony after deposition testimony is utilized (presumably) during both parties' cases-in-chief on direct and cross-examination. *See Truckstop.net, L.L.C. v. Sprint Commc'ns Co., L.P.*, 2010 WL 1248254, at *1 (D. Idaho Mar. 23, 2010) ("[T]here is no rule or case law suggesting that a witness can be considered 'unavailable' under Rule 32(a)(4) for part of the trial, but available or potentially available for another part of the trial.").

Respectfully submitted,

/s/ *Douglas J. Moore*

| | |
|---|---|
| Douglas J. Moore (Bar No. 27706) | Harley V. Ratliff |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jon Strongman |
| 400 Poydras Street, Suite 2700 | Adrienne L. Byard |
| New Orleans, LA 70130 | **SHOOK, HARDY & BACON L.L.P.** |
| Telephone: 504-310-2100 | 2555 Grand Boulevard |
| Facsimile: 504-310-2120 | Kansas City, Missouri 64108 |
| dmoore@irwinllc.com | Telephone: 816-474-6550 |
| | Facsimile: 816-421-5547 |
| | hratliff@shb.com |
| | jstrongman@shb.com |
| | abyard@shb.com |

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*