# EXHIBIT B

**Agenda for Lead/Liaison and Trial Team Conferences with the Court**

**Taxotere MDL**

**April 14, 2021**

**10:30 am CT**

1. <u>Selection of Trial Dates</u>

    a. Trial 2A (Kahn) - August 23, 2021

    b. Trials 3-5 TBA pending conferrals among counsel.

2. <u>Anticipated Courtroom Logistics</u>

    a. The parties request the Court's guidance on anticipated covid-related protocols.

3. <u>Juror Questionnaire, Voir Dire, and Jury Selection</u>

    a. Timing of Issuance of Juror Questionnaire

    b. Plaintiffs' request for each party to provide the venire with a statement of the case prior to voir dire

4. <u>Form of the Pretrial Order</u>

5. <u>Remote Testimony</u>

    a. The parties previously discussed this topic in the last lead/liaison meeting and Plaintiffs request further guidance from the Court

6. <u>Update Regarding Ms. Kahn's Prescribing Physician</u>

    a. Defendants would like to discuss with the Court Dr. Kardinal's apparent inability to testify at trial.

7. <u>Michigan Show Cause Process</u>

    a. Defendants would like to discuss a show cause process pursuant to the Court's ruling in the *Mixon* matter.

8. <u>Non-Bellwether Motion for Judgment on the Pleadings (Doc. 12307) filed by Sanofi</u>

Sanofi filed a motion for judgment on the pleadings against plaintiff Loretta Anderson. Plaintiffs' Liaison Counsel has asked Sanofi to withdraw the motion, considering (1) the issues involve duplicate filings and dual representation, which routinely have been resolved without motion practice, and (2) the Court has previously instructed Defendants not to file dispositive motions that involve individualized issues in a single, non-bellwether case.

As set forth in Sanofi's Motion, the Loretta Anderson case does not involve duel representation, but rather involves a plaintiff whose case was previously dismissed with prejudice, yet refiled a new case regarding the same claims.  Sanofi met and conferred multiple times with counsel of record (The Wendt Law Firm) seeking dismissal.  Counsel of record refused to dismiss the case, but could articulate no justification as to why the case should remain pending.   Counsel of record was advised that if a dismissal was not filed, Sanofi would need to file a motion to dismiss.   Plaintiff's counsel did not object to the filing, and informed Sanofi that he would explain his position in the opposition.   Sanofi requests that briefing be completed or that the case be dismissed with prejudice.