UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO *Kahn v. Sanofi-Aventis US, LLC*, No. 16-17039 | |

**PLAINTIFF'S MEMORANDUM REGARDING TRIAL SUBPOENA
ISSUED TO MICHAEL KOPRESKI, M.D.**

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

On October 4, 2021, Ms. Kahn served Dr. Michael Kopreski pursuant to Federal Rule of Civil Procedure 45 for live testimony during Ms. Kahn's bellwether trial against the Sanofi Defendants, consistent with this Court's previous good cause order under Federal Rule of Civil Procedure 43. Plaintiff respectfully believes that the subpoena for cross examination, or alternatively for rebuttal testimony, is appropriate under the applicable rules of civil procedure and in light of the Court's prior findings. Accordingly, Plaintiff respectfully asks that the Court enter an Order deeming the subpoena proper and allowing the live testimony of Dr. Kopreski via live videoconference.

## II. BACKGROUND

Plaintiff respectfully submits that the Court has already made findings supporting the conclusion that requisite "good cause in compelling circumstances" exist such that Dr. Kopreski's remote appearance at the next bellwether trial is appropriate under Federal Rule of Civil Procedure 43. *See* Docs. 11332, 13140. And, since the subpoena directs appearance at a reputable court reporting firm that has been utilized by the PSC for numerous depositions in this MDL, Rule 43's

requirement for appropriate safeguards for the safe and clear transmission of remote videoconference testimony has likewise been met.

A brief history of why good cause in compelling circumstances exist included the following:

- In this MDL's first bellwether trial of Ms. Earnest's case, Sanofi argued in closing that "[t]he whole case fails once you look at what's under the hood with TAX 316."[1] "And the only person in this case that did that was Dr. Kopreski."[2]

- In denying Plaintiff's *Daubert* motion seeking to exclude Dr. Michael Kopreski's opinions developed well after his employment terminated with Sanofi and not formed in connection with his duties at Sanofi, the Court stated: "while Dr. Kopreski will be allowed to offer the opinions at issue, the Court is concerned about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis. Plaintiff must be able to conduct a robust cross-examination of him in a way that is conducive for the jury." Rec. Doc. 11332 at 8.

- Following the *Daubert* ruling, the parties discussed options with the Court at two conferences. The Court also indicated that if Defendants intend to bring a witness live, they must advise Plaintiff's counsel, as there would be a fundamental fairness issue with requiring Plaintiff to play deposition testimony and then Defendant bringing that same witness live in their case-in-chief.

- Plaintiff then filed a motion to compel Sanofi to subpoena Dr. Kopreski's attendance at trial pursuant to Rules 43 and 45, in the event Sanofi elected to present Dr. Kopreski's opinion testimony via his direct examination during his discovery deposition(s). In ruling on the motion, the Court largely agreed with Plaintiff that the requirements of Rule 43(a) were present, but that the Court could not compel Sanofi to subpoena Dr. Kopreski. *See* Doc. 13140 at 5.

Since the Court's denial of Plaintiff's motion to compel Sanofi to subpoena Dr. Kopreski, Plaintiff and Sanofi have worked through an agreed process of exchanging counter-designations and objections to designated testimony of Dr. Kopreski's five discovery depositions—only one of which was taken in his individual capacity and not as a corporate designee—Plaintiff only affirmatively designated 35 minutes of Dr. Kopreski's individual deposition taken on April 3,

---

[1] Exhibit A, Excerpt of Earnest Trial Transcript at 2201.
[2] *Id.* at 2200.

2019.  Sanofi designated almost 5 hours of Dr. Kopreski's testimony across both his individual and four 30(b)(6) depositions, which include Dr. Kopreski's opinion testimony at issue in the *Daubert* ruling.

Sanofi's position is that Plaintiff's affirmative designations trigger Dr. Kopreski's analysis for "completeness" purposes such that Kopreski's reanalysis would be played in Plaintiff's case-in-chief.  In *Earnest*, the Court disagreed with Sanofi and did not find Kopreski's opinions to be subject to the completeness rule; thus, his analysis was played without cross examination in Sanofi's case during the first bellwether trial.  Plaintiff vehemently disagrees that the reanalysis qualifies as "completeness" testimony, as none of Plaintiff's designated questioning involved questions about TAX316 data.  If Sanofi is required to use its case, after Plaintiff rests, to present Dr. Kopreski's opinion testimony, Plaintiff should be allowed to cross examine Dr. Kopreski via live videoconference immediately thereafter.  Any other result would prejudice Plaintiff's ability to robustly examine Dr. Kopreski regarding his conclusions consistent with the Court's *Daubert* ruling. *See* Doc. 11332 at 8.

Accordingly, Plaintiff served Dr. Kopreski on October 4, 2021 with a trial subpoena for his appearance.[3]

### III.   LAW AND ARGUMENT

#### A. The prerequisites for Rule 43(a) and Rule 45 live videoconference testimony have been met.

Given the Court's reasoning in its analysis of the *Daubert* motion related to Dr. Kopreski, and considering the authority and conclusions reached by the Court on Plaintiff's motion under

---

[3] Service copy attached as Exhibit B.  Sanofi agreed Plaintiff should be required to issue a subpoena, not Sanofi. Doc. 13091 at n.16.

Rules 43 and 45, Plaintiff respectfully suggests to the Court that Plaintiff's subpoena to Dr. Kopreski is appropriate and his live remote testimony should be authorized consistent with the Court's prior rulings.

In the Court's Order and Reasons of July 26, 2021, the Court stated:

> [T]his Court joins another section of this Court and at least two additional courts within the Fifth Circuit in holding that, for good cause and compelling circumstances and with the appropriate safeguards, Rule 45 is satisfied so long as the witness is not compelled to testify at a location beyond 100 miles from the witness's residence. Although <u>this Court finds that Rules 43 and 45 would permit Plaintiff to compel the live testimony of Dr. Kopreski for good cause</u>, this is not the relief that Plaintiff requests.

Doc. 13140 at 5 (emphasis added). As set forth in Plaintiff's prior motion, (1) the significance of Dr. Kopreski's testimony to Defendants' case, (2) Sanofi's experts' reliance on Dr. Kopreski's non-public, direct examination analysis of TAX316 data, (3) the complexity of this MDL, (4) Sanofi's designation of and control over Dr. Kopreski, (5) Dr. Kopreski's consent to serve as Sanofi's 30(b)(6) representative, (6) the lack of prejudice to Dr. Kopreski and Defendants, and (7) the convenience and reliability of remote testimony, collectively rise to the requisite level of good cause necessary to allow this Court to issue an order under Federal Rule of Civil Procedure 43(a) for Dr. Kopreski to testify live at Ms. Kahn's trial. Plaintiff also refers, as if fully restated herein, the Court to its prior authority cited in support of her motion to compel. Doc. 13058-1 at 2-6 (citing primarily Fed. R. Civ. P. 43 advisory committee's note; Order of May 28, 2021, N.D. Fl. Case No. 7:20-cv-00039 (Doc. 133)[4]).

Thus, good cause in compelling circumstances exists for this Court to authorize Dr. Kopreski's appearance under Rule 43 and 45 via live videoconference during Ms. Kahn's upcoming trial. Finally, the subpoena meets the geographical limitations of Rules 43 and 45, as it

---

[4] Doc. 13058-3.

requires Dr. Kopreski to travel less than 100 miles from his residence to an appropriately secure location for remote transmission at one of Golkow Litigation Services' offices.

**B. Whether Dr. Kopreski is subpoenaed for cross-examination during Sanofi's presentation of its case, or in rebuttal, is of no moment.**

In this case, the party seeking to procure the direct examination deposition testimony is the defendant, which procured the testimony at the end of a discovery deposition. On the deposition designations deadline set forth in Case Management Order No. 14(J) (Doc. 12760), Plaintiff identified approximately 35 minutes of Dr. Kopreski's individual (not 30(b)(6)) deposition testimony in her affirmative designations, as opposed to Sanofi's affirmative designation of 4 hours and 55 minutes of testimony, including the direct examination at issue.[5] Plaintiff's designations of Dr. Kopreski's individual deposition testimony do not include any of his analysis of TAX316; thus, his reanalysis on direct exam by Sanofi would not fall under the category of "completeness" to be played in Plaintiff's case. Therefore, it appears from its affirmative designations as though Sanofi intends to present this videotape testimony of Dr. Kopreski's reanalysis of TAX316 in its case-in-chief in the same manner as was done in *Earnest*. Such a course of action is inconsistent the Court's Order and Reasons of October 21, 2020 (Doc. 11332) regarding Dr. Kopreski.

Since Sanofi has claimed Dr. Kopreski will not voluntarily participate in the trial,[6] proceeding as it appears Sanofi intends would substantially prejudice Plaintiff, offering her no meaningful opportunity for robust cross examination. In the discovery deposition, Plaintiffs had utilized their Court approved allotment of time for general discovery depositions set forth in CMO

---

[5] It should be noted that Sanofi has converted many of its affirmative designations to counter-designations in its more recent transmission of counter-designated deposition testimony.
[6] "When [sanofi's counsel] asked, Dr. Kopreski stated he is unwilling to attend trial voluntarily." Doc. 13091 at 8.

5 and subsequent Orders entered by Magistrate Judge North specific to Dr. Kopreski's depositions. Playing the designations of Dr. Kopreski's discovery deposition in the order the testimony was taken therefore simply does not afford Plaintiff the opportunity for the robust cross examination already deemed appropriate by this Court, given the type of non-expert opinion testimony being offered by Sanofi through its corporate representative, Dr. Kopreski. *See* Doc. 11332. Making matters more complicated, Dr. Kopreski is a may call witness for Sanofi. The individual deposition (non-30(b)(6) deposition) testimony affirmatively designated by Plaintiff does not trigger Dr. Kopreski's reanalysis for completeness purposes; and, assuming *arguendo* the Court found certain designations would open the door to the reanalysis, Plaintiff would withdraw said designations.

At oral argument during the designations conference before Your Honor on October 12, 2021, the Court asked counsel for Sanofi why Plaintiff could not call Dr. Kopreski during rebuttal. Should the Court deem his live appearance via videoconference be more appropriate during Plaintiff's rebuttal case than in Sanofi's case, Plaintiff nonetheless still believes the requisite good cause in compelling circumstances likewise applies. However, from a trial management perspective, Plaintiff respectfully suggests that Dr. Kopreski's appearance is more appropriate in Sanofi's case immediately following the designated testimony at issue, if even offered by Sanofi, to avoid the potential for unnecessary confusion of the issues presented to the jury.

Thus, to protect Plaintiff's right and ability to conduct a robust cross examination of Dr. Kopreski's opinions, the instant subpoena for his remote attendance for cross examination is necessary and appropriate per Rules 43 and 45.[7]

### C. Any objections to the subpoena may appropriately be disposed with by this Honorable Court.

---

[7] *See, e.g., In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017); *In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-CV-00064, 2014 WL 107153, at *8 (W.D. La. Jan. 8, 2014).

This Court has issued Pretrial Order 97 (Doc. 7602) ("PTO 97") in order to streamline the enforcement of subpoenas to third parties outside this District. Undersigned have issued correspondence to Dr. Kopreski informing him of PTO 97 and counsel's willingness to coordinate an appropriate and convenient time for his remote appearance that will not result in undue burden.[8] There has been no motion to quash filed; however, should one be filed, Plaintiff intends to expeditiously follow the procedures in PTO 97 and respectfully requests that the Court stand ready to coordinate with the District of New Jersey in the event Dr. Kopreski chooses not to submit to this Court's jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, the Court should issue an order authorizing Dr. Kopreski's appearance via remote videoconferencing for contemporaneous transmission of testimony consistent with Federal Rules of Civil Procedure 43 and consistent with the subpoena issued by Plaintiff under Rule 45. Alternatively, the Court should, in its discretion, modify the subpoena as appropriate to ensure the jury has the opportunity to hear robust cross examination of Dr. Kopreski's lay witness opinions.

Dated: October 15, 2021                                                       Respectfully submitted,

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |
| 1100 Poydras Street, Suite 2225 | 6701 Center Drive West, Suite 1400 |
| New Orleans, Louisiana 70163 | Los Angeles, California 90045 |
| Phone: (504) 355-0086 | Telephone: 510-350-9700 |
| Fax: (504) 355-0089 | Facsimile: 510-350-9701 |

---

[8] Correspondence from P. Lambert to Dr. Kopreski is attached as Exhibit C.

ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110

New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                            */s/ M. Palmer Lambert*
                                            M. PALMER LAMBERT