# EXHIBIT C

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL
STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

LAW OFFICES
## GAINSBURGH, BENJAMIN,
## DAVID, MEUNIER & WARSHAUER, L.L.C.

2800 ENERGY CENTRE
1100 POYDRAS

NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

SAMUEL C. GAINSBURGH
(1926-2003)

JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

*REPLY TO NEW ORLEANS OFFICE*

October 13, 2021

**Via Federal Express No. 2848 5016 3344**      **Via Federal Express No. 2848 5162 6718**
Michael Kopreski, M.D.                          Michael Kopreski, M.D.
23 Wellington Drive, Apt. A                     470 Schooleys Mountain Rd SE 8-134
Long Valley, NJ 07853                           Greendell, NJ 07839

   Re: In Re: Taxotere (Docetaxel) Products Liability Litigation
      MDL No. 2740, EDLA, Section H, Division 5

Dear Dr. Kopreski,

  As you are aware, we served you with a trial subpoena (service copy attached) for your attendance at a secure court reporting facility within 100 miles of your residence to give testimony remotely during plaintiff Ms. Elizabeth Kahn's upcoming trial against sanofi-aventis US LLC. The subpoena requires your attendance via videoconferencing pursuant to Rules 43(a) and 45 of the Federal Rules of Civil Procedure. As you may also be aware, I am serving as Plaintiffs' Co-Liaison Counsel in MDL No. 2740.

  We attach Pretrial Order No. 97 for your convenience and respectfully direct your attention specifically to Judge Milazzo's directives on pages 2-4 which we intend to follow. <u>If you are represented by counsel, please provide this correspondence to your counsel and ask them to contact me to set up a conferral pursuant to paragraph 1) on page 3 of the Order.</u> If you are not represented by counsel, please advise of a time when you are available to confer pursuant to paragraph 1) of the Order.

  Pursuant to paragraph 2) of the Order, we also request that you (or your counsel on your behalf) return a signed duplicate copy of this letter with your agreement in writing to submit to the jurisdiction of the Eastern District of Louisiana to resolve any disputed issues regarding the subpoena and your compliance therewith. A duplicate copy of the correspondence is enclosed with a postage prepaid envelope for your convenience.

  Please understand that we intend to work with you and/or your counsel, counsel for Sanofi and the Court on a mutually agreeable time for your remote appearance at trial.

GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.

With kind regards I am,

Sincerely,

M. Palmer Lambert

MPL/lys
Enclosures

cc:   Douglas J. Moore, Esq., Liaison Counsel for sanofi-aventis US LLC (via email
      dmoore@irwinllc.com)
      John F. Olinde, Esq., 505(b)(2) Defendants' Liaison Counsel (via email olinde@chaffe.com)
      Dawn M. Barrios, Esq., Plaintiffs' Co-Liaison Counsel (via email barrios@bkc-law.com)

I hereby agree to submit to the jurisdiction of the Eastern District of Louisiana for adjudication of
any disputes regarding the subpoena served on me requiring my appearance on November 15,
2021 during the trial involving Ms. Kahn's claims against sanofi- aventis US LLC.

Signed: _____

Dated:_____

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Elizabeth Kahn<br>*Plaintiff* | ) ) ) ) ) ) |
| v.<br>Sanofi-Aventis U.S. LLC, et al.<br>*Defendant* | |

Civil Action No.   2:16-cv-17039

**Relates to:** *In Re: Taxotere (Docetaxel) Products Liability Litigation;* **MDL No. 2740, Section "H"(5)**

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Michael S. Kopreski, MD

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

    *Trial Testimony; For Cross Examination via Live Remote Videoconferencing pursuant to Rule 43.*

| Place: 200 Lake Drive East Suite 100<br>Cherry Hill, NJ 08002 | Courtroom No.: |
|---|---|
| | Date and Time: 11/15/2021 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/30/2021

          *CLERK OF COURT*

                            OR

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | /s/M. Palmer Lambert<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff,           Elizabeth Kahn         , who issues or requests this subpoena, are:

M. Palmer Lambert, Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC, 1100 Poydras Street, Suite 2800, New Orleans, Louisiana 70163-2800; (504) 522-2304; plambert@gainsben.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:16-cv-17039

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Michael S. Kopreski, MD

on *(date)*                          .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____   on *(date)*  _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$      83.71       .

My fees are $      40.00      for travel and $      46.71      for services, for a total of $      86.71      .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                  *Server's signature*

                                        _____
                                                  *Printed name and title*

                                        _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# United States District Court

for the
Eastern District of Louisiana

| | |
|---|---|
| **Elizabeth Kahn** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. 2:16-cv-17039 |
| v. ) | |
| ) | |
| **Sanofi-Aventis U.S. LLC, et al.** ) | |
| ) | |
| *Defendant* ) | |
| ) | |

## AFFIDAVIT OF SERVICE

I, Patrick Persicano, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents on Michael Kopreski, MD in Morris County, NJ on October 4, 2021 at 5:37 pm at 23 Wellington Drive, Apt. A, Long Valley, NJ 07853 by personal service by handing the following documents to an individual identified as Michael Kopreski, MD.

Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action
and witness fee check

Additional Description:
I personally served Michael Kopreski, MD with the documents.

White Male, est. age 58, glasses: N, Brown hair, 220 lbs to 240 lbs, 5' 9" to 6'.
Geolocation of Serve: http://maps.google.com/maps?q=40.8143947819,-74.7739513205
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in __Somerset County__ , __NJ__ on
__10/8/2021__ .

_/s/ Patrick Persicano_
Signature
Patrick Persicano
(848) 702-8751

# Exhibit 1

Exhibit 1a)



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**
                                               **SECTION "H" (5)**
**THIS DOCUMENT RELATES TO**
**ALL CASES**

**PRETRIAL ORDER NO. 97**
**(Enforcement of Subpoenas Issued to Nonparties Located Outside of this District)**

The Judicial Panel on Multidistrict Litigation ("JPML") issued an order on October 4,

2016, pursuant to 28 U.S.C. §1407, coordinating and consolidating pretrial proceedings in the

Eastern District of Louisiana as *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL

2740. Plaintiffs generally allege that the Defendant manufacturers of Taxotere (docetaxel) failed

to warn of permanent hair loss in women who used certain chemotherapy drugs during their breast

cancer treatment. As of June 2019, more than 11,000 cases have been centralized in the Eastern

District of Louisiana either by direct filing into this Court or via JPML transfer from districts

throughout the country.

As part of its coordinated or consolidated handling of pretrial proceedings in the matter,

the MDL court has required that each Plaintiff in the MDL complete a Plaintiff Fact Sheet that

requires, among other things, the identification of the particular Taxotere/docetaxel/docefrez

("docetaxel") product infused and the production of records to identify the manufacturer of the

docetaxel product infused.

To promote uniformity and consistency in procedures related to the identification of the

product infused and the production of records identifying the manufacturer, and recognizing the

importance of determining manufacturer identification, the MDL Court entered Case Management

Order No. 12A, which sets forth a step-by-step process to be taken by each Plaintiff to discover

1

the manufacturer of the product. Paragraph 5 of CMO No. 12A provides that in the event all other methods fail for securing product identification information, "Plaintiff shall issue a subpoena requiring the infusion facility to release Product ID Information." The Order further provides that "[i]f the infusion facility fails to comply with the subpoena, the Court shall take appropriate action including a Show Cause Order and/or setting a hearing on a motion to compel."

A uniform process is needed to promote efficiency and consistency in the enforcement of subpoenas issued pursuant to paragraph 5 of CMO No. 12A. Since these subpoenas are issued out of the Eastern District of Louisiana, Rule 37 (a)(2) requires that a motion for an order to compel discovery against a nonparty must be brought "in the court where the discovery is or will be made." Rule 45(c) provides more specific geographic limitations on where compliance can be compelled on the entity subject to the subpoena. However, Rule 45(f) provides that the court where compliance is required may transfer proceedings related to the enforcement of the subpoena if the person subpoenaed consents or if the court finds "exceptional circumstances." The Court also interprets Rule 45(f) to provide efficiency to the nonparty insofar as the nonparty's attorney may file papers and appear in response to the enforcement pleadings as an officer of the issuing court (i.e., the Eastern District of Louisiana) without the need for local counsel or a *pro hac vice* application, as long as that attorney is authorized to practice in the court where compliance is required.

**CONSIDERING THE FOREGOING:**

**IT IS ORDERED** that any MDL Plaintiff seeking transfer to this Court of motions to enforce, quash or modify subpoenas properly issued out of this Court and served pursuant to Rule 45, but where compliance is required elsewhere, shall follow the procedures set forth herein:

1) Before filing a motion to compel compliance, Plaintiff shall make diligent efforts to engage in a meet-and-confer with counsel for the nonparty to which they have issued a subpoena pursuant to CMO No. 12A, ¶5;

2) Before filing a motion to compel compliance, Plaintiff shall also request that the nonparty agree in writing to submit to the jurisdiction of the Eastern District of Louisiana to resolve disputed issues regarding the subpoena through the letter briefing process set forth in CMO No. 9, ¶IV, whereby such matters are briefed and resolved by Magistrate Judge North, subject to the ordinary manner of appellate review under Fed. R. Civ. P. 72;

3) If the conferral under paragraph (1) of this Order is unsuccessful and/or the nonparty does not agree to the voluntary adjudication by this Court of the subpoena under paragraph (2) of this Order within twenty-one (21) days of the request by Plaintiff for the nonparty to submit to the jurisdiction of the Eastern District of Louisiana, the Plaintiff shall file a miscellaneous proceeding in the District Court where compliance of the nonparty is required per Fed. R. Civ. P. 45(c);

4) Within thirty (30) days of a case number being opened in the District Court where compliance is required, Plaintiff shall file the appropriate pleadings to seek enforcement of the subpoena;

5) Any Plaintiff seeking this Court's adjudication of the dispute is encouraged to use the exemplar pleadings prepared by the PSC and attached hereto as Exhibit A ("Exemplar Motion and Memorandum in Support of Motion to Enforce Subpoena and to Compel the Deposition of and/or Production of Documents from []") and Exhibit B ("Exemplar Motion to Transfer Motion to Enforce Subpoena and to Compel the Deposition of

and/or Production of Documents from []") to seek transfer of the enforcement of the

subpoena to this Court pursuant to Fed. R. Civ. Proc. 45(f);

6) Any Plaintiff seeking transfer of the enforcement proceedings to this Court is

encouraged to attach my letter addressed to the District Court where compliance is

required, which is appended as Exhibit C to this Order.

New Orleans, Louisiana, this 11th day of July, 2019.

HON. JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT

_____DISTRICT OF _____

| | |
|---|---|
| **IN RE:** | **CIVIL ACTION NO.** |
| **SUBPOENA UPON** _____ | **Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL Case No.____ and individual Case No.** _____ |

## MOTION TO ENFORCE DEPOSITION SUBPOENA AND TO COMPEL THE DEPOSITION AND PRODUCTION OF DOCUMENTS OF _____

NOW INTO COURT, through undersigned counsel, comes _____

("_____"), who, for the reasons set forth in the accompanying Memorandum,

respectfully moves this Honorable Court to enforce a deposition subpoena and document request

properly issued to, and served upon, _____, issued from *In Re: Taxotere (Docetaxel)*

*Products Liability Litigation*, MDL 2740 currently pending in the Eastern District of Louisiana,

and to compel its appearance and production of documents at a deposition on

_____.

Dated: _____, 2019                    Respectfully submitted,

## RULE 37 CERTIFICATE

Counsel for Plaintiff has confirmed that he has, in good faith, attempted to confer with counsel for _____ in an effort to secure the deposition and document production of _____, without court action. Counsel for _____ has informed counsel for Plaintiff that the requested third party will not voluntarily appear for its deposition or produce documents which were subpoenaed in the related proceedings. Accordingly, counsel has been left with no choice but to file this Motion to Enforce and to Compel the Deposition and Production of Documents of _____ with this Court in connection with the deposition subpoena and document request issued out of this matter styled *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740 currently pending in New Orleans, Louisiana.

Dated: _____, 2019                    Respectfully submitted,

## CERTIFICATE OF SERVICE

I hereby certify that on _____ 2019, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy of the above and foregoing will be sent to the parties in the related litigation pending before the Eastern District of Louisiana either by CM/ECF or by email.

_____

## UNITED STATES DISTRICT COURT

## _____ DISTRICT OF _____

| | |
|---|---|
| IN RE: | **CIVIL ACTION NO.** |
| **SUBPOENA UPON** _____ | **Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL Case No. _____ and individual Case No.** _____ |

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE DEPOSITION SUBPOENA AND TO COMPEL THE DEPOSITION AND PRODUCTION OF DOCUMENTS OF _____

**MAY IT PLEASE THE COURT**:

Plaintiff, _____, respectfully requests this Court to enforce a deposition subpoena and document request properly issued to, and served upon _____, issued from MDL 2740, *In re: Taxotere (Docetaxel) Products Liability Litigation* currently pending in the Eastern District of Louisiana and to compel its appearance at a deposition at a place and time ordered by this Court.

### I.   FACTUAL BACKGROUND

The Judicial Panel on Multidistrict Litigation issued an order on October 4, 2016, pursuant to 28 U.S.C. §1407, coordinating and consolidating pretrial proceedings in *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740, in the Eastern District of Louisiana which litigation concerns alleged permanent hair loss in women who used certain chemotherapy drugs during their breast cancer treatment.  As of June 2019, the Honorable Jane Triche Milazzo presides over more than 11,000 cases centralized before the Eastern District of

Louisiana for which suits have either been filed directly into that Court or have been transferred to that Court from districts throughout the country.

From the very inception of the Taxotere/docetaxel litigation, issues have persisted regarding product and manufacturer identification, which issues have made it difficult for plaintiffs, like the Plaintiff herein, to identify the manufacturers of the chemotherapy products with which they were infused during their breast cancer chemotherapy treatment. As part of its coordinated or consolidated handling of pretrial proceedings in the matter, the MDL court has required that each Plaintiff in the MDL complete a Plaintiff Fact Sheet, which requires, among other things, the identification of the particular Taxotere/docetaxel/docefrez ("docetaxel") product administered to the Plaintiff and the production of records to identify the manufacturer of the docetaxel product infused.

To promote uniformity and consistency in procedures related to the identification of the product infused and the production of records identifying the manufacturer, and recognizing the importance of determining manufacturer identification, the MDL Court entered Case Management Order No. 12A,[1] which provides a uniform procedure for each Plaintiff to discover the manufacturer of the product. Paragraph 5 of CMO No. 12A provides that in the event all other methods fail for securing product identification information, "Plaintiff shall issue a subpoena requiring the infusion facility to release Product ID Information." The Order further provides that "[i]f the infusion facility fails to comply with the subpoena, the Court shall take appropriate action including a Show Cause Order and/or setting a hearing on a motion to compel."

Plaintiff now finds herself in the position contemplated by paragraph 5 of CMO No. 12A, and has served a subpoena upon _____, which _____ has refused to honor. Since the

---

[1] Available at http://www.laed.uscourts.gov/sites/default/files/taxotere/Case%20Management%20Order%2012A.pdf

subpoena has been issued out of the Eastern District of Louisiana, Rule 37 (a)(2) requires that a motion for an order to compel discovery against a nonparty must be brought "in the court where the discovery is or will be made." However, Rule 45(f) provides that the court where discovery is or will be made may transfer a subpoena-relation motion to the court which issued the subpoena if the person subpoenaed consents or if the court finds "exceptional circumstances." Contemporaneous with the filing of this Motion, Plaintiff will be filing a Motion to Transfer this matter for hearing before the Eastern District of Louisiana based upon the existence of "exceptional circumstances."

Attached as Exhibit A is a letter from the Honorable Jane Triche Milazzo agreeing to hear the enforcement motion in MDL 2740 should the court agree to the transfer. Should this court agree to the transfer, the MDL will hear the motion telephonically in order to accommodate the third party within this jurisdiction.

## II.      LAW AND ARGUMENT

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Additionally, "a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(1). Further, Rule 45 provides the framework for securing from non-parties, through the use of subpoenas, testimony, documents, electronically stored information, and tangible things relevant to a pending litigation. The deposition subpoena must be issued from the court where the action is pending. Rule 45(a)(2). However, a motion to compel discovery from "a nonparty must be made in the court where the discovery is or will take place." Rule 37(a)(2). "Where a non-party has been properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend. If the non-party does neither,

the non-party may be held in contempt." *Tranchant v. Envtl. Monitoring Serv., Inc.*, 2001 WL

1160864, at *1 (E.D. La. Oct. 2, 2001).

On _____, a deposition subpoena to appear and produce documents was issued out

of the Eastern District of Louisiana in this matter to be served on non-party witness_____ for

its deposition in _____on _____.   Despite being properly served,

_____ has failed to appear for its deposition or to produce the requested documents

and the instant motion to enforce the deposition is properly before this Court.

As the identification of the particular Taxotere/docetaxel/docefrez ("docetaxel") product

infused and the production of records to identify the manufacturer of the docetaxel product

infused is absolutely critical to Plaintiff's ability to maintain its claim in this litigation, this

Court, or the MDL court if the Motion is transferred, should grant this Motion to Enforce and

order that the deposition of _____take place on the _____day of ___ in

_____and that _____produce all of the documents sought pursuant to the

properly issued and served subpoena.

Dated: _____, 2019                        Respectfully submitted,

# EXHIBIT B

UNITED STATES DISTRICT COURT

_____DISTRICT OF _____

| | |
|---|---|
| **IN RE:** | **CIVIL ACTION NO.** |
| **SUBPOENA UPON** _____ | **Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL 2740 Case No. ____ and individual Case No.** _____ |

## MOTION AND INCORPORATED MEMORANDUM TO TRANSFER MOTION TO ENFORCE SUBPOENA AND TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS TO THE EASTERN DISTRICT OF LOUISIANA IN MDL 2740

Plaintiff, _____, appearing herein through undersigned counsel, respectfully submits this Motion to Transfer to the United States District Court for the Eastern District of Louisiana its Motion to Enforce the deposition subpoena and document request issued out of the United States District Court for the Eastern District of Louisiana in MDL 2740 captioned *In re: Taxotere (Docetaxel) Products Liability Litigation*, Case No. 16-2740, and related Case. No. _____.

On _____, Plaintiff issued a deposition subpoena out of the Eastern District of Louisiana commanding _____ to appear on _____ at _____ and to produce documents relating to Plaintiff's infusion of chemotherapy drugs. Despite proper service of the subpoena, _____ failed to appear at the designated time and place and as _____ is domiciled in this District, Plaintiff was required to file its Motion to Enforce with this Court, and it did so. *See* Fed. R. Civ. P. 37(a)(2) (requiring that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). However, under

certain circumstances, a motion to enforce may be transferred to the issuing court as Rule 45(f)

provides:

> When the court where compliance is required did not issue the
> subpoena, it may transfer a motion under this rule to the issuing
> court if the person subject to the subpoena consents or if the court
> finds *exceptional circumstances*. (emphasis added).

Although _____ has refused to consent to a transfer to the Eastern District of Louisiana, the

existence of "exceptional circumstances" of the existence of the pending MDL 2740 warrants the

transfer of this motion to the Eastern District of Louisiana.

As explained in its Order to facilitate transfer to the Eastern District of Louisiana, issued

on _____ in *In re: Taxotere (Docetaxel) Products Liability Litigation,* MDL No. 2740,

pursuant to 28 U.S.C. §1407, the Judicial Panel on Multidistrict Litigation tasked the MDL court

with handling of coordinated or consolidated pretrial proceedings in the more than 11,000 cases

centralized before the court., 28 U.S.C. §1407(b) authorizes an MDL Court to "exercise the

powers of a district judge in any district for the purpose of conducting pretrial depositions" in the

MDL proceedings. The Honorable Jane Triche Milazzo, the Judge overseeing the MDL, and

Magistrate Judge Michael B. North are willing to adjudicate subpoena-related enforcement

motions to insure uniformity of discovery rulings on subpoena-related issues, and will seek to

minimize any burdens on respondent and its counsel by holding hearings by telephone and is in

the best position to adjudicate any subpoena-related issues. *See* Exhibit A attached hereto, Judge

Jane Triche Milazzo's letter confirming same.

**WHEREFORE**, Plaintiff respectfully requests that after due consideration this

Honorable Court grant this Motion to Transfer pursuant to Rule 45(f) of the Federal Rules of

Civil Procedure and that Plaintiff's Motion to Enforce the subpoena served upon _____ be

transferred to MDL 2740 in the United States District Court for the Eastern District of Louisiana

for hearing and adjudication.  A proposed order granting the instant Motion is attached hereto as

Exhibit B for the Court's convenience.

Dated: _____, 2019                    Respectfully submitted,

## UNITED STATES DISTRICT COURT

_____DISTRICT OF _____

| | |
|---|---|
| IN RE: | CIVIL ACTION NO. |
| **SUBPOENA UPON** _____ | **Related cases pending in the Eastern District of Louisiana: In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL 2740 Case No.** ____ **and individual Case No.** _____ |

### [PROPOSED] ORDER

Considering the foregoing Motion to Transfer Motion to Enforce Subpoena and to Compel Deposition and Production of Document to the Eastern District of Louisiana, and upon this Court's determination that exceptional circumstances exist to warrant the transfer of this action to the Eastern District of Louisiana in MDL 2740,

IT IS ORDERED that the above captioned matter is hereby transferred to the Eastern District of Louisiana, Section "H(5)" for adjudication of the plaintiff's motion for enforcement of the subpoena pursuant to Federal Rule of Civil Procedure 45(f).

_____, _____ this __ day of _____, ____.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C



## United States District Court

Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Chambers of
Jane Triche Milazzo

Your Honor,

The Judicial Panel on Multidistrict Litigation ("JPML") centralized all cases involving product liability claims concerning the drug Taxotere (Docetaxel) as Multidistrict Litigation No. 2740, *In Re: Taxotere (Docetaxel) Products Liability Litigation* in the Eastern District of Louisiana. The JPML assigned this MDL to me as transferee Judge. Currently, the MDL 2740 docket has over 11,000 cases. Magistrate Judge Michael North presides over discovery matters.

Case Management Order No. 12A establishes a procedure for the parties to obtain documentation from Plaintiffs' medical facilities to identify the particular Defendant or Defendants whose products were administered to the Plaintiff during the chemotherapy treatment. CMO 12A authorizes each individual Plaintiff to issue a subpoena pursuant to FRCP 45 to the facility or other entity which may possess the information. CMO 12A also provides that the Court may take appropriate action including issuing a Show Cause Order and/or setting a hearing on a Motion to Compel should the facility fail to provide the information requested.

Rule 45 provides that the place of compliance for a subpoena for a deposition is within 100 miles of where the person or entity resides. The party seeking to enforce the subpoena must file a Miscellaneous Action in the appropriate District Court i.e., in Your Honor's District. Since one of the primary goals of an MDL is the efficient coordination of pretrial proceedings to reduce the possibility of inconsistent rulings, I write this letter to advise that the MDL is willing to handle the enforcement of any such subpoena associated with a Notice of Deposition, should any District Judge or Magistrate Judge be inclined to transfer the matter to the MDL. Magistrate Judge North recently handled enforcement issues related to a non-party subpoena issued in Washington, including allowing the person subpoenaed to conduct the hearing via telephonic conference.

Magistrate Judge North and I welcome the opportunity to accept transfer of any enforcement action related to any subpoena originating from the MDL. If you have any questions or concerns, please contact my chambers (efile-milazzo@laed.uscourts.gov) and/or Magistrate Judge North's chambers (efile-north@laed.uscourts.gov).

Sincerely,

Jane Triche Milazzo

LAW OFFICES

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL
STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

**GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.**

2800 ENERGY CENTRE
1100 POYDRAS

NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

SAMUEL C. GAINSBURGH
(1926-2003)

JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

*REPLY TO NEW ORLEANS OFFICE*

October 13, 2021

**Via Federal Express No. 2848 5016 3344**
Michael Kopreski, M.D.
23 Wellington Drive, Apt. A
Long Valley, NJ 07853

**Via Federal Express No. 2848 5162 6718**
Michael Kopreski, M.D.
470 Schooleys Mountain Rd SE 8-134
Greendell, NJ 07839

Re:   In Re: Taxotere (Docetaxel) Products Liability Litigation
MDL No. 2740, EDLA, Section H, Division 5

Dear Dr. Kopreski,

As you are aware, we served you with a trial subpoena (service copy attached) for your attendance at a secure court reporting facility within 100 miles of your residence to give testimony remotely during plaintiff Ms. Elizabeth Kahn's upcoming trial against sanofi-aventis US LLC. The subpoena requires your attendance via videoconferencing pursuant to Rules 43(a) and 45 of the Federal Rules of Civil Procedure. As you may also be aware, I am serving as Plaintiffs' Co-Liaison Counsel in MDL No. 2740.

We attach Pretrial Order No. 97 for your convenience and respectfully direct your attention specifically to Judge Milazzo's directives on pages 2-4 which we intend to follow. <u>If you are represented by counsel, please provide this correspondence to your counsel and ask them to contact me to set up a conferral pursuant to paragraph 1) on page 3 of the Order.</u> If you are not represented by counsel, please advise of a time when you are available to confer pursuant to paragraph 1) of the Order.

Pursuant to paragraph 2) of the Order, we also request that you (or your counsel on your behalf) return a signed duplicate copy of this letter with your agreement in writing to submit to the jurisdiction of the Eastern District of Louisiana to resolve any disputed issues regarding the subpoena and your compliance therewith. A duplicate copy of the correspondence is enclosed with a postage prepaid envelope for your convenience.

Please understand that we intend to work with you and/or your counsel, counsel for Sanofi and the Court on a mutually agreeable time for your remote appearance at trial.

GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.

With kind regards I am,

Sincerely,

M. Palmer Lambert

MPL/lys
Enclosures

cc:    Douglas J. Moore, Esq., Liaison Counsel for sanofi-aventis US LLC (via email
       dmoore@irwinllc.com)
       John F. Olinde, Esq., 505(b)(2) Defendants' Liaison Counsel (via email olinde@chaffe.com)
       Dawn M. Barrios, Esq., Plaintiffs' Co-Liaison Counsel (via email barrios@bkc-law.com)

I hereby agree to submit to the jurisdiction of the Eastern District of Louisiana for adjudication of
any disputes regarding the subpoena served on me requiring my appearance on November 15,
2021 during the trial involving Ms. Kahn's claims against sanofi- aventis US LLC.

Signed: _____

Dated:_____