UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE:  TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                          Civil Action No. 16-MD-2740
                          Section "H"(5)
                          New Orleans, Louisiana
                          October 12, 2021

THIS DOCUMENT RELATES TO ALL CASES
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF SHOW CAUSE HEARING
HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

                    *DAWN BARRIOS*
                    BARRIOS KINGSDORF & CASTEIX
                    701 POYDRAS STREET
                    SUITE 3650
                    NEW ORLEANS, LA 70139

                    *MATTHEW PALMER LAMBERT*
                    GAINSBURGH BENJAMIN DAVID MEUNIER
                    & WARSHAUER
                    1100 POYDRAS STREET
                    SUITE 2800
                    NEW ORLEANS, LA 70163

                    *CLAIRE E. BERG*
                    GAINSBURGH BENJAMIN DAVID MEUNIER
                    & WARSHAUER
                    1100 POYDRAS STREET
                    SUITE 2800
                    NEW ORLEANS, LA 70163

APPEARANCES CONTINUED

FOR SANOFI S.A.:

                *KELLY E. BRILLEAUX*
                IRWIN FRITCHIE URQUHART & MOORE
                400 POYDRAS STREET
                SUITE 2700
                NEW ORLEANS, LA 70130

FOR ACCORD HEALTHCARE, INC.:

                *JULIE CALLSEN*
                TUCKER ELLIS
                950 MAIN AVENUE
                SUITE 1100
                CLEVELAND, OH 44113

PARTICIPATING VIA PHONE:

                *ROBIN MYERS*
                MURRAY LAW FIRM
                650 POYDRAS STREET
                SUITE 2150
                NEW ORLEANS, LA 70130

                *MELANIE SULKIN*
                BACHUS & SCHANKER
                102 S. TEJON STREET
                11TH FLOOR
                COLORADO SPRINGS, CO 80903

                *SEAN MCCARTY*
                JONES WARD
                1205 EAST WASHINGTON STREET
                SUITE 111
                LOUISVILLE, KY 40206

                *JONATHAN R. MENCEL*
                MCSWEENEY/LANGEVIN
                2116 2ND AVENUE SOUTH
                MINNEAPOLIS, MN 55404

```
Official Court Reporter:        Nichelle N. Drake, RPR, CRR
                                500 Poydras Street, B-275
                                New Orleans, Louisiana 70130
                                (504) 589-7775
```

    Proceedings recorded by mechanical stenography,
transcript produced via computer.

**1**          <u>**P R O C E E D I N G S**</u>

**2**          (Call to order of the court.)

02:32:10PM **3**     THE COURT:  Court's back in session.  We are here to

02:32:13PM **4** handle the show cause process that was set out in Order and

02:32:18PM **5** Reasons in Document 12405.  And are we ready to proceed?

02:32:28PM **6**     MS. CALLSEN:  We are, Your Honor, on behalf of

02:32:32PM **7** defendants.

02:32:34PM **8**     THE COURT:  Okay.  Thank you.

02:32:34PM **9**     MS. BARRIOS:  We're ready to proceed, Your Honor.

02:32:38PM **10**     THE COURT:  Okay.  Good.  Ms. Callsen.

02:32:38PM **11**     MS. CALLSEN:  Your Honor --

02:32:47PM **12**     THE COURT:  We don't know exactly how we're going to

02:32:49PM **13** handle this.

02:32:51PM **14**     MS. CALLSEN:  Ms. Barrios and I had agreed on a

02:32:55PM **15** statement that we wanted to read into the record at the start

02:32:55PM **16** of the hearing.

02:32:58PM **17**     So, Dawn, do you want me to read it or are we going

02:33:00PM **18** to --

02:33:00PM **19**     MS. BARRIOS:  I'll read it since it's really directed

02:33:03PM **20** to the plaintiffs.

02:33:03PM **21**     MS. CALLSEN:  Okay.

02:33:05PM **22**     MS. BARRIOS:  As ordered by the Court in the

02:33:07PM **23** September 20, 2021, order, co-liaison counsel has

02:33:11PM **24** communicated with all plaintiffs' counsel who had cases on

02:33:14PM **25** the defendant's Exhibit A to the instant rule to show cause

02:33:20PM 1    and have relayed each counsel's position on each client to

02:33:24PM 2    the defendant.  The PSC is appearing and objecting on behalf

02:33:31PM 3    of all plaintiffs to any dismissal on the basis of the *Mixon*

02:33:33PM 4    case and by reference all plaintiffs are adopting the

02:33:36PM 5    arguments of the plaintiff in the *Mixon* case.  Defendants

02:33:40PM 6    have agreed not to argue waiver based upon counsel not

02:33:45PM 7    appearing and objecting at the show cause hearing and further

02:33:49PM 8    agree that arguments presented in *Mixon* are preserved on

02:33:53PM 9    appeal for any plaintiff who may want to appeal, such as

02:33:58PM 10   counsel for individual plaintiffs do not need to object

02:34:01PM 11   individually.  Further, by not placing a plaintiff on Exhibit

02:34:05PM 12   A filed with the defendant's motion seeking the show cause

02:34:09PM 13   hearing and are not pursuant to such dismissal at this

02:34:14PM 14   hearing, plaintiff agrees defendants are not waiving their

02:34:17PM 15   right to subsequently argue that the rules and reasons

02:34:20PM 16   entered into the *Mixon* order apply to a plaintiff's case in

02:34:25PM 17   seeking summary judgment.

02:34:28PM 18            THE COURT:  Thank you.

02:34:30PM 19            MS. CALLSEN:  Your Honor, the defendants, we

02:34:32PM 20   submitted a proposed dismissal order in advance of the

02:34:36PM 21   hearing which was updated earlier this morning and there's

02:34:40PM 22   355 plaintiffs who according to the motion filed have advised

02:34:47PM 23   in advance that they don't plan to appear and object, and so

02:34:52PM 24   we would ask that dismissal be granted as to those 355

02:34:56PM 25   plaintiffs.

| | | |
|---|---|---|
| 02:34:56PM | 1 | THE COURT:  Okay.  So ordered for the reasons |
| 02:34:59PM | 2 | articulated in Order and Reasons Document No. 12405. |
| 02:35:06PM | 3 | MS. CALLSEN:  We would then like to move to the list |
| 02:35:10PM | 4 | of 18 who plan to appear, and, Your Honor, we thought it just |
| 02:35:16PM | 5 | made sense that we go through them in the same kind of order |
| 02:35:19PM | 6 | that we go through the show cause with Kelly Brilleaux |
| 02:35:25PM | 7 | presenting for Sanofi, I will present the others, and the |
| 02:35:30PM | 8 | plaintiff can chime in with their objections. |
| 02:35:33PM | 9 | THE COURT:  Okay.  Before we proceed, can you just |
| 02:35:35PM | 10 | give me one minute? |
| 02:36:27PM | 11 | MS. CALLSEN:  Sure. |
| 02:36:27PM | 12 | (Discussion off the record.) |
| 02:36:27PM | 13 | THE COURT:  Thank you all very much.  We're still |
| 02:36:27PM | 14 | trying to move on. |
| 02:36:33PM | 15 | All right.  Ms. Brilleaux? |
| 02:36:36PM | 16 | MR. LAMBERT:  Your Honor, this is Palmer Lambert.  I |
| 02:36:38PM | 17 | have a brief statement to add in addition to what Ms. Barrios |
| 02:36:47PM | 18 | already indicated and we have had e-mails with Ms. Callsen |
| 02:36:53PM | 19 | and others about these 18 and now we're hearing it's 19.  One |
| 02:37:00PM | 20 | name got moved from a list to the other later earlier today |
| 02:37:09PM | 21 | and then there's a list of 9 that the defendants are asking |
| 02:37:12PM | 22 | for some type of briefing on.  And I would just say from the |
| 02:37:18PM | 23 | PSC's perspective that we do feel briefing is necessary on |
| 02:37:25PM | 24 | the choice-of-law issues because the folks identified in at |
| 02:37:31PM | 25 | least 18 or 19 that will be discussed today don't lie within |

02:37:35PM  1    the four corners of a ruling in *Mixon* and they also don't

02:37:42PM  2    share the same set of factual circumstances in terms of

02:37:47PM  3    what's set forth in the plaintiff fact sheet, where they were

02:37:47PM  4    prescribed or administered, where they reside.

02:37:53PM  5         And just by way of background, with the 2006 defense

02:38:02PM  6    post-ruling, Your Honor reminded us that the words in the

02:38:07PM  7    ruling stating "administered or prescribed in" were not

02:38:11PM  8    preemptive of a choice-of-law analysis and that choice-of-law

02:38:16PM  9    analysis needs to start with the transfer or forum states

02:38:25PM  10   choice-of-law rules.  And that's under the *Wahl* case from the

02:38:30PM  11   Sixth Circuit, 783 F.3d 491, and then additionally stated by

02:38:35PM  12   the Eighth Circuit in *Bair Hugger* MDL, 999 F.3d 534 and

02:38:42PM  13   that's from May of this year.

02:38:43PM  14        And so our position is that generally it's an

02:38:48PM  15   objection where there is cause shown why somebody doesn't

02:38:54PM  16   fall within the four corners of the *Mixon* ruling, that there

02:38:59PM  17   should be formal briefing of that, and it could be done in a

02:39:03PM  18   consolidated or abbreviated fashion.  It was done in *3M* that

02:39:10PM  19   way, in the *3M* MDL, and there was summary judgment

02:39:15PM  20   proceedings on the choice-of-law issue particularly.  But

02:39:18PM  21   this particular show cause process I think is going to lack

02:39:22PM  22   the necessary analysis of the individual state choice-of-law

02:39:28PM  23   rules that would apply to the facts in these folks' cases.

02:39:35PM  24   And I'll leave it there.

02:39:37PM  25        MS. BRILLEAUX:  And just to briefly respond to that

02:39:39PM   1   and I'll also let Ms. Callsen speak as well if Your Honor

02:39:44PM   2   would permit, we agreed not to have this substantive

02:39:48PM   3   discussion today.  The defendants agree that briefing should

02:39:50PM   4   be done on the nine cases that we submitted to Your Honor

02:39:55PM   5   yesterday.  We also agree that because this is defendant's

02:40:00PM   6   show cause motion that the plaintiff should make the

02:40:03PM   7   additional submission to show cause as to why they should not

02:40:08PM   8   be dismissed for these individual plaintiffs who defendants

02:40:11PM   9   believe do fall within Your Honor's ruling in *Mixon* and

02:40:16PM   10  defendants can respond accordingly on an agreed upon briefing

02:40:22PM   11  schedule.

02:40:22PM   12          MS. CALLSEN:  Correct.  Yes.  I'd just like to chime

02:40:24PM   13  in.  Your Honor, there's a list of 18 that we had agreed upon

02:40:27PM   14  with plaintiff would be argued at today's hearing that do not

02:40:32PM   15  require briefing and there's been no requests we're seeing.

02:40:36PM   16  If after hearing the argument, if Your Honor wants to proceed

02:40:39PM   17  accordingly, but that was our agreement, the listing of 9

02:40:46PM   18  that I submitted -- that was submitted earlier today, that's

02:40:48PM   19  the nine that we were going to argue briefing on.  And just

02:40:54PM   20  to try to contain any confusion, we thought we could address

02:41:01PM   21  that after hearing the 18 which have different issues.  You

02:41:05PM   22  know, I did not know that this would be addressed altogether.

02:41:09PM   23  Again, our agreement was the 18 would be addressed up front

02:41:12PM   24  and then we would talk about the 9 choice-of-law issues.

02:41:19PM   25          MS. BRILLEAUX:  Correct.

02:41:21PM  **1**         MS. BARRIOS:  Your Honor, I respectfully disagree

02:41:25PM  **2**    with my opposing counsel.  We did ask for briefing on all of

02:41:30PM  **3**    them.  We asked that as a matter of fact they file a motion

02:41:33PM  **4**    for summary judgment on them so that we could have an

02:41:36PM  **5**    opportunity to have the statement of fact so that you would

02:41:38PM  **6**    have a factual record.  And so they refused -- they didn't

02:41:43PM  **7**    want to do that, so that's why we're here.

02:41:46PM  **8**         MS. CALLSEN:  I guess there was some confusion --

02:41:51PM  **9**         THE COURT:  I have some questions.

02:41:52PM  **10**         MS. CALLSEN:  Yep.

02:41:52PM  **11**         THE COURT:  Are you anticipating arguing the merits

02:41:56PM  **12**    of these 19?

02:41:59PM  **13**         MS. CALLSEN:  The 18 -- yes, at least the 18, not the

02:42:03PM  **14**    9.  And they --

02:42:06PM  **15**         THE COURT:  But there's 19 now?

02:42:07PM  **16**         MS. CALLSEN:  19 now.  But the 19th one is just one

02:42:10PM  **17**    that was brought to our attention today, so that's a little

02:42:15PM  **18**    bit different in terms of how we're going to address it.  The

02:42:18PM  **19**    18, none of them involved plaintiffs who received treatment

02:42:23PM  **20**    or resided in Michigan at the time.  The 9 are different

02:42:30PM  **21**    because all of those 9 did reside in Michigan, so -- and the

02:42:36PM  **22**    plaintiffs are alleging that they received their treatment

02:42:38PM  **23**    elsewhere.  So we feel those two different -- the 18 versus

02:42:42PM  **24**    the 9 have different set of arguments such that briefing does

02:42:49PM  **25**    lend itself to the 9, but not these 18.

02:42:52PM   1          THE COURT:  All right.  Let me ask another question.

02:42:52PM   2          MS. CALLSEN:  Yes.

02:42:55PM   3          THE COURT:  Are we -- is it your intent to

02:43:03PM   4   consolidate that 19, that I get argument as to one besides

02:43:07PM   5   argument as to all, or are we going to argue 19 different --

02:43:14PM   6          MS. BRILLEAUX:  So if I may, Ms. Callsen, we have

02:43:16PM   7   agreed to this show cause list similar to the way that we run

02:43:21PM   8   a typical show cause docket and I'm a little confused as to

02:43:25PM   9   why -- we definitely agree that this was today's show cause

02:43:30PM  10   docket as you can tell by the e-mail that we submitted to the

02:43:34PM  11   Court this week.  I don't -- I don't think defendants see any

02:43:38PM  12   reason to delay a hearing which should be very quick that is

02:43:41PM  13   only a few law firms on 19 cases as to why they believe they

02:43:47PM  14   have good cause to not be dismissed.  And our position on all

02:43:53PM  15   of them is that they fall squarely within the *Mixon* ruling,

02:43:55PM  16   unless for some reason they're able to show cause to Your

02:43:59PM  17   Honor that they should not be dismissed.

02:44:02PM  18          MR. LAMBERT:  Your Honor, and I would just add to

02:44:04PM  19   that, and trying not to create confusion here, but the

02:44:08PM  20   position is that at least on our side -- and by way of

02:44:14PM  21   example, I'll talk about my client, although Claire's going

02:44:18PM  22   to handle that in a minute -- our client is different than

02:44:24PM  23   Ms. Mixon because she chose Oregon as her forum state in her

02:44:34PM  24   short form complaint, therefore, her case needs to be

02:44:40PM  25   analyzed under the Oregon choice-of-law analysis under the

02:44:42PM **1** *Wahl* and *Bair Hugger* cases that I just mentioned to you.  And

02:44:44PM **2** so because there's not an uncontested set of facts that

02:44:49PM **3** matches *Mixon* and there's not the same beginning of the

02:44:53PM **4** choice-of-law analysis and different states have different,

02:44:56PM **5** you know, *lexi loci* rule or some of them have a

02:45:01PM **6** multi-factorial test and so that's our issue.

02:45:06PM **7**         I think today's hearing certainly was successful in

02:45:11PM **8** the defendant's opinion.  There are 350 or so dismissals

02:45:17PM **9** where the facts do align more perfect with *Mixon*, but we do,

02:45:23PM **10** at least the PSC believes that where there is good cause why

02:45:30PM **11** it's not exactly the same, there needs to be that record of

02:45:34PM **12** an analysis under a different state law.  And I fear that if

02:45:38PM **13** we do that 19 times, one, it's not going to be very clear on

02:45:46PM **14** record and, two, it won't satisfy the Court in terms of

02:45:52PM **15** providing a sufficient record on which to rule.

02:45:57PM **16**         MS. CALLSEN:  May I just add --

02:45:59PM **17**         THE COURT:  But couldn't I -- but couldn't I,

02:46:01PM **18** Mr. Lambert, at that point after hearing the argument make a

02:46:06PM **19** determination as to whether or not I need further briefing on

02:46:10PM **20** this particular case?  And this is just -- and maybe there's

02:46:17PM **21** some that require no briefing because they fall clearly

02:46:21PM **22** within *Mixon* and others that are not.  I would just ask for a

02:46:24PM **23** briefing on that.

02:46:26PM **24**         MR. LAMBERT:  Absolutely.  Yes, Your Honor.

02:46:28PM **25**         MS. CALLSEN:  That was going to be my suggestion --

02:46:29PM  **1**          THE COURT:  And it's not -- and it's not -- you know,

02:46:32PM  **2**   we have 19 cases to get through.  It's less than an optimal

02:46:40PM  **3**   way to spend my afternoon.  However, it's not so daunting a

02:46:44PM  **4**   task that I think we'll lose sight -- I think we can do it

02:46:49PM  **5**   this way and let's just go one at a time.  And I may --

02:46:53PM  **6**   listen, I may for all 19 say I need some limited briefing on

02:47:01PM  **7**   this particular issue for this particular plaintiff and we'll

02:47:05PM  **8**   deal with it at that time.

02:47:06PM  **9**          MR. LAMBERT:  Understood.  And just a reminder to the

02:47:10PM  **10**  folks on the phone I think it's *6 to unmute just when it's

02:47:13PM  **11**  your turn.

02:47:13PM  **12**         THE COURT:  Thank you, Mr. Lambert.

02:47:17PM  **13**         MS. BARRIOS:  Sorry to interrupt you, but I feel

02:47:20PM  **14**  compelled to defend the plaintiff steering committee's

02:47:24PM  **15**  position.  I did agree it needs to go forward today, but I

02:47:28PM  **16**  did ask that we do briefing on it and that's our position.

02:47:36PM  **17**  So I don't want anyone on the Zoom or the Court to think that

02:47:40PM  **18**  I didn't make that agreement with them.  I added something to

02:47:46PM  **19**  it.  They wouldn't do it.  It was set for today, so we're

02:47:48PM  **20**  ready.

02:47:52PM  **21**         THE COURT:  Ms. Barrios, nobody thinks you roll over

02:47:59PM  **22**  that easy.

02:47:59PM  **23**         MS. BARRIOS:  Can you put that in an order, please?

02:48:03PM  **24**         THE COURT:  We've been at this for some time.  I can

02:48:07PM  **25**  stipulate.

02:48:07PM  1          MS. BARRIOS:  Thank you.

02:48:09PM  2          THE COURT:  All right.  Thank you.

02:48:10PM  3          Ms. Brilleaux, let's take the first case.

02:48:13PM  4          MS. BRILLEAUX:  Sure.  Thank you, Your Honor.  The

02:48:16PM  5   first one that we will address is the one that was added this

02:48:19PM  6   morning, which is Wanda Woods, that was removed from the

02:48:23PM  7   initial Exhibit A.  And just to clarify, as Your Honor is

02:48:28PM  8   aware, the deadline for submitting these lists was last week,

02:48:35PM  9   over a week ago.  We learned about this this morning.

02:48:38PM  10         The short form complaint clearly says that the

02:48:41PM  11  plaintiff is in Michigan, but the plaintiff is now saying

02:48:43PM  12  that that was an incorrect inadvertent mistake and it's Ohio.

02:48:50PM  13  We have received some medical records, but we believe that

02:48:53PM  14  this individual plaintiff should be moved to the list of 9 to

02:48:58PM  15  make it a list of 10 for written briefing at this time.

02:49:05PM  16         THE COURT:  All right.  So we'll just move Ms. Woods

02:49:07PM  17  to that one.  Thank you.

02:49:09PM  18         MS. BARRIOS:  Your Honor, is plaintiff's counsel

02:49:12PM  19  Robin Myers on the phone for Wanda Woods?

02:49:15PM  20         MS. MYERS:  Your Honor --

02:49:16PM  21         MS. BARRIOS:  Your Honor, I think if you'll allow

02:49:19PM  22  Ms. Myers to tell you the facts, we don't have to go into

02:49:22PM  23  briefing.  I think it's pretty clear cut.

02:49:27PM  24         MS. MYERS:  Yeah.  Good afternoon, Your Honor.

02:49:27PM  25         THE COURT:  Good afternoon.

02:49:31PM  1          MS. MYERS:  I would like to first apologize to all

02:49:33PM  2     the parties for not catching this sooner, but it appears that

02:49:35PM  3     Michigan was put in error on Ms. Woods' short form complaint.

02:49:39PM  4     All the other documents submitted to defendants to date have

02:49:43PM  5     -- including her plaintiff fact sheet and medical records

02:49:47PM  6     have either stated or reflected Ohio as her place of

02:49:49PM  7     residence and where she received her Taxotere treatment.  So

02:49:54PM  8     in sum, Ms. Woods has no association with the great state of

02:49:56PM  9     Michigan.  So in true Sagittarius nature, I am absolutely

02:50:00PM 10     thriving in this self-created chaos right now and I would

02:50:04PM 11     like to humbly request court permission to file an amended

02:50:07PM 12     short form complaint to reflect the correct state.

02:50:10PM 13          THE COURT:  Any objection, Ms. Brilleaux?

02:50:13PM 14          MS. BRILLEAUX:  We would request an amended short

02:50:17PM 15     form complaint be filed within seven days.

02:50:20PM 16          THE COURT:  That's fine.  Now, I just want to make

02:50:22PM 17     sure that when she files her amended complaint we're not

02:50:26PM 18     having to do anything but correct the area of residence and

02:50:29PM 19     where she received treatment.

02:50:32PM 20          MS. BRILLEAUX:  I mean, we would also ask that to the

02:50:35PM 21     extent that other inadvertent information was placed in there

02:50:38PM 22     that the plaintiff correct information just to be clear.

02:50:39PM 23          THE COURT:  Of course.  But I want to make sure that

02:50:41PM 24     we are satisfied with all of the medical authorizations and

02:50:49PM 25     that material at this time as it presently stands within

02:50:56PM **1**     there.  Okay.  All right.

02:50:57PM **2**         MS. BRILLEAUX:  With the caveat that we haven't -- we

02:50:59PM **3**     only learned this morning and have not reviewed all of it, to

02:51:03PM **4**     the extent that it's all accurate, that is fine.

02:51:08PM **5**         MS. MYERS:  Perfect.  Thank you.

02:51:10PM **6**         THE COURT:  Thank you.  I'm going to ask that you

02:51:14PM **7**     file an amended short form complaint within seven days.

02:51:14PM **8**     Okay.  Thank you.

02:51:18PM **9**         MS. MYERS:  Thank you.

02:51:20PM **10**         MS. BRILLEAUX:  The next case is Adele Aldridge

02:51:24PM **11**     represented by Bachus & Schanker.

02:51:27PM **12**         THE COURT:  Who do I have on the phone for Bachus &

02:51:27PM **13**     Schanker?

02:51:32PM **14**         MS. SULKIN:  Good afternoon, Your Honor.  This is

02:51:34PM **15**     Melanie Sulkin appearing on behalf of Adele Aldridge and I'm

02:51:38PM **16**     also appearing on behalf of the other Bachus & Schanker

02:51:40PM **17**     plaintiffs as well.  And there are nine of us or nine

02:51:46PM **18**     plaintiffs here.  And if it would save some time, it's going

02:51:49PM **19**     to be a very similar argument or actually the same argument

02:51:54PM **20**     for all of these cases if you would like to have me

02:51:57PM **21**     consolidate that argument for --

02:51:59PM **22**         THE COURT:  If it's the same, I mean, they all

02:52:04PM **23**     have -- well, make your argument and then I may have some

02:52:07PM **24**     questions.

02:52:08PM **25**         MS. SULKIN:  Correct.  Yes, Your Honor.  The nine

02:52:12PM 1   plaintiffs that Bachus & Schanker is objecting to dismissal

02:52:16PM 2   on all filed short form complaints in which they listed New

02:52:20PM 3   Jersey as the appropriate venue of remand.  All of these

02:52:23PM 4   plaintiffs have served product ID showing Sanofi and showing

02:52:27PM 5   that they're headquartered in New Jersey and so venue would

02:52:33PM 6   be proper in New Jersey.  And so under this analysis and

02:52:36PM 7   under the analysis of the New Jersey choice of law, it's very

02:52:41PM 8   possible and probable that the New Jersey -- the New Jersey

02:52:46PM 9   Products Liability Act would apply to these actions.  And so

02:52:50PM 10  we would request that the Court deny defendant's motion to

02:52:53PM 11  dismiss these cases.

02:52:55PM 12       THE COURT:  All right.  So let me just ask this

02:52:58PM 13  initially:  Are these nine plaintiffs all domiciled in

02:53:06PM 14  Michigan?

02:53:08PM 15       MS. SULKIN:  Yes.

02:53:08PM 16       THE COURT:  Okay.  And did they all receive treatment

02:53:11PM 17  in Michigan?

02:53:12PM 18       MS. SULKIN:  Yes.

02:53:19PM 19       MS. BRILLEAUX:  Your Honor, may I briefly respond?

02:53:22PM 20       THE COURT:  Yes.

02:53:23PM 21       MS. BRILLEAUX:  We would just -- defendants Sanofi

02:53:28PM 22  rather would just point to the language of the order which

02:53:31PM 23  clearly states plaintiffs who are prescribed or administered

02:53:33PM 24  Taxotere in Michigan, and under plaintiff's reported analysis

02:53:37PM 25  here, literally any Sanofi case would require New Jersey

02:53:40PM  1   choice-of-law analysis, which cannot be the conclusion here.

02:53:47PM  2       MS. SULKIN:  If I can briefly reply, Your Honor?

02:53:51PM  3       THE COURT:  Yes.

02:53:52PM  4       MS. SULKIN:  I do -- I do want to point out an error

02:53:56PM  5   in defendant's argument just now.  These particular

02:54:00PM  6   plaintiffs shows New Jersey as the venue, so it's not

02:54:05PM  7   necessarily true that New Jersey law would apply to each and

02:54:08PM  8   every plaintiff that shows a product ID of Sanofi only.  But

02:54:12PM  9   for these particular plaintiffs, New Jersey is the venue.

02:54:16PM  10  And so we believe that New Jersey products liability laws

02:54:21PM  11  would apply to these New Jersey plaintiffs instead of

02:54:23PM  12  Michigan's Products Liability Act.

02:54:26PM  13      MS. BRILLEAUX:  And we would just respond that there

02:54:28PM  14  is active litigation going on in New Jersey.  If plaintiff

02:54:31PM  15  wanted to avail themselves of the laws of New Jersey, they

02:54:35PM  16  could have by filing in state court there and instead all

02:54:39PM  17  these cases were direct-filed into the MDL.

02:54:43PM  18      MS. SULKIN:  And if I may reply briefly --

02:54:46PM  19      THE COURT:  Yeah, but do they have to?

02:54:48PM  20      MS. BRILLEAUX:  Do they have to -- I'm sorry?

02:54:50PM  21      THE COURT:  What I understood you to say is they

02:54:55PM  22  could have filed it in the New Jersey state court proceeding.

02:55:01PM  23      MS. BRILLEAUX:  Correct.

02:55:03PM  24      THE COURT:  Is that a -- do they have to?

02:55:04PM  25      MS. BRILLEAUX:  No, but they could have --

| | | |
|---|---|---|
| 02:55:04PM | 1 | THE COURT:  Couldn't they have filed -- |
| 02:55:09PM | 2 | MS. BRILLEAUX:  -- if they wanted to avail themselves |
| 02:55:09PM | 3 | of New Jersey law and not the law of their home state and the |
| 02:55:13PM | 4 | state in which they received treatment. |
| 02:55:16PM | 5 | THE COURT:  Okay. |
| 02:55:17PM | 6 | MS. SULKIN:  Your Honor, if I may briefly reply to |
| 02:55:20PM | 7 | that, if we had filed into the state of New Jersey, there is |
| 02:55:27PM | 8 | a high probability that defendants would have removed these |
| 02:55:30PM | 9 | cases into the MDL.  In fact, previously defendants had moved |
| 02:55:36PM | 10 | to remove these actions that were filed in the New Jersey |
| 02:55:43PM | 11 | MCL.  If there was any diversity jurisdiction, they filed to |
| 02:55:46PM | 12 | remove them to federal court and they were transferred to the |
| 02:55:49PM | 13 | MDL.  And then after, there was some clarification that |
| 02:55:51PM | 14 | defendants had been served prior to removal they were |
| 02:55:55PM | 15 | remanded.  And so, you know, we would have -- there's a high |
| 02:56:00PM | 16 | probability we would have ended up here anyway. |
| 02:56:05PM | 17 | MS. BRILLEAUX:  And just to briefly respond, the |
| 02:56:08PM | 18 | forum defendant rule would have prevented that. |
| 02:56:13PM | 19 | MS. SULKIN:  And if I may briefly reply, the forum |
| 02:56:15PM | 20 | defendant rule -- |
| 02:56:16PM | 21 | THE COURT:  Stop.  Stop.  This is the problem.  I |
| 02:56:24PM | 22 | didn't know what these arguments were going to be for these |
| 02:56:29PM | 23 | 18 plaintiffs.  I'm going to order briefing on this.  No |
| 02:56:36PM | 24 | more, no more than three pages from plaintiff and defendant |
| 02:56:45PM | 25 | because clearly this can be covered in three pages and then |

02:56:49PM  1    I'll make my ruling as to the nine plaintiffs.  But I'm

02:56:54PM  2    having argument and I've seen nothing to give me a heads up

02:57:01PM  3    as to what the argument would be as to these plaintiffs.

02:57:08PM  4           So we are -- we are knocking on the door of a trial

02:57:19PM  5    and so the odds -- I will be perfectly frank with you, the

02:57:24PM  6    odds of me looking at this prior to our trial date in

02:57:29PM  7    November are slim to none.  So I think I am going to give you

02:57:36PM  8    the briefing schedule because I don't think this is a

02:57:40PM  9    particularly complicated issue, but I want to just at least

02:57:45PM  10   look at something and it will be consolidated as to these

02:57:50PM  11   nine plaintiffs.

02:57:51PM  12          And I limit you to three pages.  So that means you

02:57:53PM  13   jump right into your argument and do not give me any -- I

02:57:56PM  14   don't need any background.  I understand it.  It can be two

02:58:00PM  15   sentences, they are Michigan residents, received treatment in

02:58:07PM  16   Michigan and filed in New Jersey.  That's all I need and then

02:58:10PM  17   proceed.  And then that way I can look at it.

02:58:13PM  18          But this is what happens when you're given a list of

02:58:18PM  19   people and argument that -- I just need to look at it.  So

02:58:26PM  20   we'll do that and we will set a briefing schedule on the

02:58:28PM  21   other 10, and at that time, this calendar will work in tandem

02:58:37PM  22   with that.  Okay.

02:58:38PM  23          All right.  Let's go to the next one, which is No.

02:58:42PM  24   11.  I mean No. 10.

02:58:44PM  25          MS. BRILLEAUX:  Yes, Your Honor.  I think this is

02:58:51PM  1   Zosie Iacopetti.

02:58:51PM  2        THE COURT:  You have someone on the phone from

02:58:54PM  3   Hilliard Martinez Gonzales?

02:58:54PM  4        MS. BERG:  Yes, Your Honor.  This is Claire Berg.

02:58:58PM  5   Gainsburgh Benjamin is substituted counsel in Ms. Iacopetti's

02:59:02PM  6   case.  This is the case that Mr. Lambert spoke about earlier.

02:59:07PM  7        Ms. Iacopetti received treatment with Taxotere while

02:59:12PM  8   in Michigan, but then she subsequently moved to Oregon in

02:59:17PM  9   2016.  She's a resident of Oregon and she filed suit directly

02:59:23PM  10  in the MDL and she's selected for the venue where she would

02:59:32PM  11  have filed absent the direct filing order at the District of

02:59:32PM  12  Oregon.  So, therefore, the Oregon choice of law applies in

02:59:41PM  13  her case.

02:59:42PM  14       And they use the most significant relationship test.

02:59:47PM  15  We believe that Oregon has a significant interest in

02:59:51PM  16  Ms. Iacopetti's claim and that it's likely that Oregon law

02:59:56PM  17  rather than Michigan law would apply.

02:59:59PM  18       MS. BRILLEAUX:  And to respond, Your Honor, the

03:00:02PM  19  plaintiff, we don't dispute that she currently lives in

03:00:06PM  20  Oregon, but all of her treatments took place in Michigan.

03:00:11PM  21  She lived in Michigan between the years of 2005 and 2016, the

03:00:14PM  22  relevant dates of treatment.  And we, of course, argue that

03:00:16PM  23  under any analysis Michigan law applies and this case should

03:00:19PM  24  be dismissed.

03:00:26PM  25       THE COURT:  I don't know.  I think we got another

03:00:31PM  1   three-page brief coming.  I need to have a little heads up.

03:00:52PM  2       All right.  Ellen Young.  Ellen Young.

03:00:52PM  3       MS. BRILLEAUX:  Yes, Ellen Young.  I think that's for

03:00:54PM  4   -- I don't know if anyone for Jones Ward is on the line.

03:00:57PM  5       MS. CALLSEN:  Yes, Your Honor.  I can just give you a

03:01:00PM  6   heads up as to what they advised us they were going to argue,

03:01:02PM  7   which is they needed additional discovery.  They don't deny

03:01:06PM  8   that Michigan was the state of residence nor the state of

03:01:10PM  9   treatment, but they claim they need additional discovery

03:01:13PM  10  before a determination that Michigan law can apply.

03:01:17PM  11      MS. BARRIOS:  Your Honor --

03:01:17PM  12      THE COURT:  As to what?

03:01:17PM  13      MS. BARRIOS:  I'm sorry?

03:01:24PM  14      MR. MCCARTY:  Your Honor, my name is Sean McCarty.

03:01:26PM  15  I'm from Jones Ward on behalf of Ms. Young if I can expound

03:01:30PM  16  upon that little bit.

03:01:30PM  17      THE COURT:  Yes, sir.

03:01:31PM  18      MR. MCCARTY:  So two things and the main -- you know,

03:01:35PM  19  the main thrust of our objection is procedural.  One, you

03:01:40PM  20  know, we're objecting to, I think, be able to better preserve

03:01:46PM  21  any arguments made on appeal with regards to the *Mixon* ruling

03:01:51PM  22  as a, you know -- as a dismissal coming over objection I just

03:01:58PM  23  wanted -- first wanted to stipulate it, two, to the extent

03:01:59PM  24  that we may be able to have facts that bring these cases kind

03:02:05PM  25  of outside of the four corners of that ruling, but really I

03:02:10PM   1   think that goes to the defense documents that were produced

03:02:14PM   2   by Sanofi in both of these cases.  And the fact sheets

03:02:17PM   3   indicate there were representations made beyond the labeling

03:02:22PM   4   to both of these ladies' treating physicians, but we don't

03:02:27PM   5   have a lot of detail or color as to their content or to the

03:02:31PM   6   locations where those representations were made.  And

03:02:36PM   7   basically our position is that the show cause mechanism for

03:02:39PM   8   an order that was applied to a bellwether case where there

03:02:44PM   9   was additional written discovery and deposition practice is

03:02:50PM   10   not appropriate as a basis given the, you know, limitations

03:02:51PM   11   that we have here.

03:02:51PM   12        THE COURT:  All right.  Mr. McCarty, let me tell you

03:02:55PM   13   on the outset -- *Mixon*, was that a bellwether case?

03:03:02PM   14        MS. BRILLEAUX:  It was not, Your Honor.

03:03:03PM   15        THE COURT:  It was not a bellwether case.  It's not a

03:03:05PM   16   plaintiff I had encountered before.  I think it was the

03:03:10PM   17   parties' determination that a Michigan case should be

03:03:13PM   18   analyzed in terms of the products liability case as it deals

03:03:19PM   19   with pharmaceuticals in Michigan.

03:03:23PM   20        And, Mr. McCarty, what I'm hearing is representations

03:03:27PM   21   were made to whom, to your client?

03:03:30PM   22        MR. MCCARTY:  To the client's prescribing physician.

03:03:38PM   23        THE COURT:  But under any -- how would that take you

03:03:42PM   24   outside of these order --

03:03:55PM   25        MR. MCCARTY:  To the extent that those -- those

03:03:56PM  1   representations may have been made outside of Michigan, I may

03:04:00PM  2   be able to argue that another state's law applies, but,

03:04:03PM  3   again, without, you know, additional discovery, I don't -- I

03:04:06PM  4   don't know because I don't have a full record to go off of.

03:04:08PM  5        THE COURT:  All right.  Mr. McCarty, let me ask a

03:04:11PM  6   couple of quick questions.  I'm assuming your client

03:04:14PM  7   Ms. Young and Ms. Robinson were both treated in Michigan?

03:04:18PM  8        MR. MCCARTY:  Correct.

03:04:19PM  9        THE COURT:  And they resided and reside in Michigan?

03:04:30PM 10        MR. MCCARTY:  Yes, Your Honor.

03:04:30PM 11        THE COURT:  Mr. McCarty, I'm going to grant summary

03:04:35PM 12   judgment on the record over your objection and advise you

03:04:41PM 13   that it's for the reasons articulated in Document 12405

03:04:49PM 14   relying on Michigan law.  Because what I understand from you

03:04:53PM 15   is you believe that discovery might reveal some

03:04:58PM 16   representation made outside of the -- outside of Michigan to

03:05:03PM 17   her treating physician.  I don't think that fact in and of

03:05:07PM 18   itself, even if true, would change the analysis that the

03:05:14PM 19   Court made in rendering the order.  And so that would be the

03:05:18PM 20   order of the Court and those cases are going to be dismissed

03:05:25PM 21   with prejudice.

03:05:27PM 22        MR. MCCARTY:  Thank you, Your Honor.

03:05:28PM 23        MS. BRILLEAUX:  Thank you, Your Honor.

03:05:29PM 24        THE COURT:  Okay.  And that is Document 175993 and

03:05:36PM 25   175986.  Thank you.

03:05:38PM   1          Okay.  Let's go to the next one.

03:05:42PM   2          MS. BRILLEAUX:  Yes, Your Honor.  So the last group

03:05:45PM   3   is mostly Sanofi cases and there's one Accord case at the end

03:05:48PM   4   and it's the McSweeney firm.

03:05:50PM   5          THE COURT:  Is there someone on the line for the

03:05:53PM   6   McSweeney Firm?  Claire, do you know anything?

03:05:53PM   7          MS. BRILLEAUX:  *6.

03:06:07PM   8          MS. BARRIOS:  *6.

03:06:07PM   9          THE COURT:  Anyone from the McSweeney firm?

03:06:13PM  10          MS. BERG:  We can try to reach out to them and see.

03:06:17PM  11          MS. CALLSEN:  Can I just -- Ms. Barrios told me

03:06:21PM  12   before the hearing and told me that the last case, the

03:06:23PM  13   Swinton case, that plaintiff's counsel did not plan to appear

03:06:29PM  14   and object.  I don't know if the same is true for the others

03:06:29PM  15   --

03:06:32PM  16          MR. MENCEL:  Good afternoon, Your Honor.  Good

03:06:36PM  17   afternoon, Your Honor, Jonathan Mencel on behalf of

03:06:38PM  18   plaintiffs.  Sorry.  I was having a hard time with the mute

03:06:40PM  19   button there.

03:06:41PM  20          THE COURT:  Okay.  But I'm sorry, let me get your

03:06:44PM  21   last name again, sir.

03:06:46PM  22          MR. MENCEL:  Yes, Mencel, M-e-n-c-e-l.

03:06:51PM  23          THE COURT:  Thank you, Mr. Mencel.  Okay.

03:06:57PM  24          MR. MENCEL:  Your Honor -- I'm sorry.  Go ahead.

03:07:02PM  25          THE COURT:  No, please.

| | | |
|---|---|---|
| 03:07:04PM | 1 | MR. MENCEL:  Okay.  As I think the first group of |
| 03:07:07PM | 2 | cases involving the Sanofi defendants fall kind of in the |
| 03:07:11PM | 3 | same lines of what Ms. Sulkin had talked about and discussed |
| 03:07:17PM | 4 | with you earlier, all of them are Michigan residents, all of |
| 03:07:22PM | 5 | them received treatment within Michigan but had alleged |
| 03:07:28PM | 6 | filing in New Jersey courts absent direct filing within the |
| 03:07:32PM | 7 | MDL.  It's our position that New Jersey choice-of-law |
| 03:07:37PM | 8 | analysis puts this outside the four corners of the *Mixon* |
| 03:07:41PM | 9 | ruling.  And I obviously can continue to argue this, but I |
| 03:07:47PM | 10 | know Your Honor has already ruled on it at least as it |
| 03:07:53PM | 11 | pertains to Ms. Sulkin's case. |
| 03:07:58PM | 12 | THE COURT:  I'm going to ask that those cases be |
| 03:08:00PM | 13 | submitted for a three-page brief as well and then we're going |
| 03:08:03PM | 14 | to look to a briefing schedule so that 10-plus -- and, |
| 03:08:12PM | 15 | Mr. Mencel, I'm going to ask that your briefing be |
| 03:08:17PM | 16 | consolidated because I don't want to have -- you have one, |
| 03:08:21PM | 17 | two, three, four, five, six cases -- I don't want 18 pages |
| 03:08:25PM | 18 | because you're sneaking in 3 for each.  Three pages for your |
| 03:08:30PM | 19 | six -- for your six plaintiffs. |
| 03:08:33PM | 20 | And the same thing with the Bachus & Schanker, that |
| 03:08:35PM | 21 | those will be consolidated into one brief.  And I might give |
| 03:08:39PM | 22 | you a half-page more because listing of plaintiffs is going |
| 03:08:43PM | 23 | to take a half a page.  So I don't want any more than that. |
| 03:08:47PM | 24 | I just want three pages of argument.  Okay. |
| 03:08:47PM | 25 | MS. CALLSEN:  Your Honor -- |

03:08:50PM 1          MR. MENCEL:  Understood, Your Honor.

03:08:53PM 2          THE COURT:  Who's talking?  Ms. Callsen?

03:08:54PM 3          MS. CALLSEN:  I would just add, I just want to

03:08:57PM 4    correct, one of those cases has to do with Accord, the last

03:08:59PM 5    case, the Swinton case.  And Accord is not even based in New

03:09:05PM 6    Jersey.  It's from North Carolina.  So my understanding, what

03:09:08PM 7    I was advised, part of the hearing was that counsel was going

03:09:11PM 8    to withdraw its rejection -- withdraw his objection -- excuse

03:09:16PM 9    me -- so if he is arguing otherwise, I just need to know.

03:09:16PM 10          MR. MENCEL:  No.  No.  And I'm sorry if I misspoke.

03:09:26PM 11   I was talking regarding the Sanofi grouping of cases

03:09:26PM 12   regarding our cases.  I had not gotten to the Swinton matter

03:09:29PM 13   yet.  You are correct with regard to Swinson or Swinton.

03:09:34PM 14          THE COURT:  Okay.  Tell me, Mr. Mencel, your argument

03:09:38PM 15   as to Swinton.

03:09:41PM 16          MR. MENCEL:  With Swinton, we are not -- we're

03:09:44PM 17   withdrawing our objections.  It was actually one that was

03:09:49PM 18   mistakenly not included on the dismissal entry that was

03:09:53PM 19   submitted to Your Honor and I did not catch it myself and I

03:09:56PM 20   apologize for not catching it earlier.

03:09:58PM 21          THE COURT:  And as previously articulated, Court's

03:10:02PM 22   going to dismiss Franklin -- Gloria Swinton's case, which is

03:10:09PM 23   Docket 18-12073 for the reasons articulated in

03:10:16PM 24   Document 12405.

03:10:17PM 25          Okay.  So that takes us to 10-plus -- I don't know.

03:10:28PM  **1**   MS. CALLSEN:  I think we agreed the Woods case did

03:10:31PM  **2**   not need to be briefed because they were going to file an

03:10:34PM  **3**   amended complaint, so we're back to nine.

03:10:37PM  **4**   MS. BRILLEAUX:  Well --

03:10:37PM  **5**   THE COURT:  Nine plus --

03:10:37PM  **6**   MS. BRILLEAUX:  Nine plus.

03:10:40PM  **7**   THE COURT:  -- the three --

03:10:42PM  **8**   MS. CALLSEN:  True.

03:10:42PM  **9**   MS. BRILLEAUX:  True.

03:10:42PM  **10**  THE COURT:  -- listed and I think that's frankly --

03:10:46PM  **11**  it's going to be the same argument for at least two groupings

03:10:54PM  **12**  and Ms. Berg is the only one that has -- it's just a little

03:10:59PM  **13**  bit different, but I'm uncomfortable doing anything until

03:11:05PM  **14**  I've looked at the case.  So with that, you now need a

03:11:10PM  **15**  briefing schedule, right?

03:11:12PM  **16**  MS. BRILLEAUX:  Correct.

03:11:12PM  **17**  MS. CALLSEN:  Your Honor, just some clarification,

03:11:14PM  **18**  you said each side is to submit three pages.  Are you asking

03:11:17PM  **19**  them to submit them concurrently?

03:11:20PM  **20**  THE COURT:  I don't know why you couldn't.

03:11:25PM  **21**  Ms. Callsen, is there a reason you could not?

03:11:28PM  **22**  MS. CALLSEN:  Well, you know, it's plaintiff -- it's

03:11:32PM  **23**  defendant's position that we filed a motion to show cause,

03:11:36PM  **24**  plaintiffs were to appear in show cause why the rule -- the

03:11:40PM  **25**  rationale, as Your Honor expressed in *Mixon,* should not apply

03:11:43PM **1** to their cases.  Therefore, we believe the burden is on them

03:11:46PM **2** to come forward and argue their three pages worth first and

03:11:52PM **3** then we could respond with three pages.

03:11:55PM **4**        THE COURT:  My only concern, Ms. Callsen, is

03:11:58PM **5** somebody's going to ask for a reply.

03:12:01PM **6**        MR. LAMBERT:  Your Honor, we would -- we, would of

03:12:05PM **7** course, argue the exact opposite, you know --

03:12:08PM **8**        THE COURT:  You would submit --

03:12:10PM **9**               (Simultaneous speaking.)

03:12:13PM **10**        THE COURT:  You know what, same time.  And if I get

03:12:17PM **11** really confused, I might give you another half-page to send,

03:12:21PM **12** but I think the show cause process, what we had is argument

03:12:26PM **13** made by the parties.  I have an idea what the arguments are.

03:12:30PM **14** I need you to direct me to some law and then I'll rule.  But

03:12:37PM **15** I don't think anybody's going to be shocked by what either

03:12:45PM **16** party -- the arguments raised by the party.  We know what

03:12:48PM **17** they are.  I just don't know what the law on the subject is.

03:12:52PM **18**        And so I'm going to ask you to present that to me

03:12:56PM **19** within -- because I don't want any pontificating, I'm

03:13:06PM **20** limiting you to three pages, because I really want you to

03:13:09PM **21** jump right in to what's important.  And you know what the

03:13:12PM **22** arguments are.  Nobody's going to be surprised.  I think you

03:13:16PM **23** can do it at the same time.

03:13:17PM **24**        Now, for these other nine, tell me something, are

03:13:22PM **25** these all different arguments or is it a little bit of what

03:13:26PM   1   I've already heard?

03:13:29PM   2           MS. CALLSEN:  As I --

03:13:29PM   3           MS. BRILLEAUX:  I'm sorry.  Go ahead, Ms. Callsen.

03:13:32PM   4           MS. CALLSEN:  No, I was going to say, as I started

03:13:34PM   5   the hearing, they all received -- they all resided in

03:13:38PM   6   Michigan at the time of receiving treatment.  It was their

03:13:41PM   7   treatment may have been received in a different state or they

03:13:44PM   8   currently reside in a different state.  So that's the

03:13:47PM   9   difference.  And there are only four states involved.  It's

03:13:54PM  10   Indiana, Ohio, Illinois, and Wisconsin.

03:13:59PM  11           THE COURT:  I think they like staying in the same

03:14:03PM  12   area.

03:14:04PM  13           MS. CALLSEN:  Yeah, little Midwestern --

03:14:07PM  14           THE COURT:  They like -- they like being cold.  I'm

03:14:09PM  15   was just going to say they like being cold.

03:14:13PM  16           MR. LAMBERT:  Your Honor, just a question on the

03:14:14PM  17   three-page brief.  For folks -- I mean, I understand they're

03:14:19PM  18   going to be representing the facts.  Should they cite to

03:14:23PM  19   document numbers in MDL Centrality for, you know, the short

03:14:31PM  20   form complaint or the -- I mean, the PFS or their short form

03:14:35PM  21   complaint by record document number?  I assume they should so

03:14:40PM  22   that there's, you know, the -- I guess their submission of

03:14:45PM  23   the uncontested facts.

03:14:47PM  24           THE COURT:  Yes.

03:14:56PM  25           MR. LAMBERT:  And then the deadline of course.

```
03:14:58PM   1        THE COURT:  I know.  I know.  I'm trying to -- I

03:15:06PM   2   think that the people I heard argument on today, I know what

03:15:12PM   3   the argument is, that we agree we lived here, we agree we had

03:15:17PM   4   treatment here, I moved, I elected to Sanofi in their home

03:15:24PM   5   forum.  I know that.  These others are a little bit different

03:15:27PM   6   and I don't know enough.

03:15:35PM   7        MS. BARRIOS:  Your Honor, this -- this list was

03:15:38PM   8   created and given to the defendants because the plaintiff's

03:15:42PM   9   counsel provided it to us and said look at the language in

03:15:49PM  10   Mixon, it says "administered or prescribed in Michigan."  In

03:15:53PM  11   none of these cases were -- was the drug administered or

03:15:58PM  12   prescribed.  So we requested that they be removed from this

03:16:04PM  13   show cause list and I just say this because that will give

03:16:08PM  14   you an idea of what the issue is.

03:16:11PM  15        THE COURT:  I'm just trying to determine how we

03:16:14PM  16   should proceed in this, if I should have -- and I know -- I

03:16:19PM  17   have to tell you, sometimes you need to be on this side

03:16:22PM  18   because I know that there is a clear belief that if I ask you

03:16:28PM  19   to go first or respond there is some advantage, that's not

03:16:36PM  20   accurate.  I really particularly for this -- I'm trying to

03:16:43PM  21   see which law applies.  If it's Michigan law, I think I've

03:16:47PM  22   already done the analysis and that's it.  I just wanted to

03:16:52PM  23   preserve for these people an opportunity to appeal it if they

03:16:57PM  24   feel like I have made an error.  So I'm -- and the reason I

03:17:08PM  25   want you to do simultaneous briefing on the others is because
```

03:17:15PM   1    -- I know what the issues are here.  I almost think I would

03:17:19PM   2    prefer to hear from the plaintiffs first.

03:17:22PM   3         And I know, Mr. Lambert, and I agree with you

03:17:26PM   4    intellectually, that this is the defendant's motion to

03:17:31PM   5    dismiss these people.  On the other hand, I did submit this

03:17:35PM   6    rule to show cause and I think the plaintiff needs to tell me

03:17:38PM   7    why they don't fall within the four corners of *Mixon,* and as

03:17:44PM   8    a result, the *Mixon* ruling doesn't apply.  But I think

03:17:49PM   9    they're going to have to set up these facts for me and I

03:17:53PM  10    think they're in the better position to do that than the

03:17:56PM  11    defendant if that makes sense.  And then, of course, show

03:18:02PM  12    choice of law or whatever.

03:18:02PM  13         MR. LAMBERT:  I understand, Your Honor.  I just --

03:18:05PM  14    because they didn't -- they weren't prescribed or treated in

03:18:10PM  15    Michigan, they've already shown cause by conferral that the

03:18:14PM  16    ruling doesn't apply.  And so it seems to us that, you know,

03:18:20PM  17    Rule 56 standard, the defendant has to say, you know, under

03:18:25PM  18    this choice-of-law analysis and under the facts of the short

03:18:29PM  19    form complaint, the PFS, you know, this case should be

03:18:35PM  20    dismissed under Michigan law under this choice-of-law

03:18:40PM  21    analysis.  And it may not be under Michigan choice-of-law

03:18:46PM  22    analysis depending on what forums they selected in the short

03:18:50PM  23    form complaints.  So I understand what Your Honor is saying.

03:18:53PM  24    It's just my fear is that they're going to certainly be able

03:18:58PM  25    to show cause that the ruling doesn't apply and then there's

03:19:01PM **1** going to need to be another step, another briefing, because

03:19:06PM **2** there wouldn't be a pending summary judgment motion with

03:19:10PM **3** uncontested facts and argument under the appropriate state

03:19:15PM **4** law, that those cases should be dismissed.  So, I mean, I'm

03:19:21PM **5** just -- I fear that --

03:19:23PM **6** THE COURT:  I know you have concerns, but -- and I

03:19:39PM **7** don't know --

03:19:39PM **8** MR. LAMBERT:  I guess it could be --

03:19:40PM **9** THE COURT:  I mean, fair enough, fair enough.  But I

03:19:42PM **10** wanted to be able to dismiss those cases that everyone agrees

03:19:48PM **11** Michigan law applies, and apparently we're able to dismiss in

03:20:00PM **12** excess of 350 cases which I think, you know -- and what I

03:20:02PM **13** have said from the beginning is that I only want to rule on

03:20:06PM **14** issues that tell you something, except for the bellwether,

03:20:12PM **15** you know, but I thought if we can give you something that

03:20:14PM **16** gives you a clear indication this is -- this does something

03:20:20PM **17** to the MDL, It doesn't -- I was not inclined to start taking

03:20:28PM **18** up this random motion for summary judgment.

03:20:29PM **19** And I'm concerned that as to these I might find

03:20:36PM **20** myself just dealing with nine random summary judgments and I

03:20:42PM **21** wonder if that's not better done in the court where they were

03:20:50PM **22** filed, those individual motions.  They're not bellwether

03:20:50PM **23** plaintiffs.

03:20:56PM **24** I just -- I came into this, I will be perfectly frank

03:20:58PM **25** with you, a little blind.  No, a lot blind.  I didn't know

| | |
|---|---|
| 03:21:04PM | **1** |
| 03:21:12PM | **2** |
| 03:21:18PM | **3** |

what the objections were going to be and I didn't know where

we were.  So maybe the question is, Ms. Brilleaux, why should

I handle the nine random cases?

        MS. BRILLEAUX:  So the reason that these should be

handled in the same way as the other briefing is because it

is still -- the onus is still on plaintiff to show cause why

they shouldn't be dismissed.

        And to respond to Mr. Lambert's point about needing

another step, if Michigan choice of law applies, they get

dismissed.  And as much as it pains me to say this, but if it

doesn't, we can't move forward with dismissal because we

don't have a basis for dismissal.  So it's just a question of

does Michigan choice of law apply.  If the answer is yes,

they should be dismissed since it went to *Mixon,* and if the

answer is no, they don't get dismissed.

        THE COURT:  All of these plaintiffs reside in

Michigan, filed their case in Michigan, if you will, but

received treatment outside of Michigan?

        MS. BRILLEAUX:  At least one of the nine actually did

receive treatment in Michigan.  And we think it's incumbent

on plaintiff to make a record that they weren't prescribed or

treated as is stated in the *Mixon* ruling.

        THE COURT:  I hear what you're saying, Ms. Brilleaux,

but if they filed their cases in Michigan, why would I

not take this --

03:22:57PM   1          MS. CALLSEN:  I believe all these cases were

03:23:01PM   2   direct-filed in the MDL.

03:23:02PM   3          MS. BARRIOS:  Right.  Right.  Right.

03:23:04PM   4          MR. LAMBERT:  And I'm sorry.  I have to defer to Dawn

03:23:08PM   5   or Claire on whether they identified --

03:23:08PM   6          THE COURT:  Who --

03:23:10PM   7          MR. LAMBERT:  -- Michigan as the appropriate forum in

03:23:11PM   8   their short form complaint.  I should have checked that.

03:23:15PM   9          THE COURT:  That's what I think I need to know.  I

03:23:17PM  10   think I'm very comfortable if they selected Michigan.

03:23:27PM  11   Claire?  Dawn?

03:23:29PM  12          MR. LAMBERT:  But I just don't agree though with the

03:23:34PM  13   premise that the Michigan choice of law automatically results

03:23:40PM  14   in dismissal of a case for somebody was prescribed and

03:23:42PM  15   administered the drug in Indiana or Ohio.  And so I guess

03:23:49PM  16   I'm -- the PSC would be fine with, you know, the three-page

03:23:53PM  17   response and okay with Kelly's -- I'm sorry --

03:23:59PM  18   Ms. Brilleaux's suggestion that if -- if the four corners of

03:24:05PM  19   *Mixon* apply, that the case can be dismissed.  But if there

03:24:10PM  20   needs to be some other choice of law analyzed, then there

03:24:14PM  21   should be more of a record than three pages.

03:24:18PM  22          THE COURT:  Oh, I agree.  I agree.  I agree.

03:24:30PM  23          MR. LAMBERT:  And perhaps since it's not high on the

03:24:34PM  24   list, this could be set for, you know, 30 or 60 days.

03:24:37PM  25          THE COURT:  Oh, let me promise you, Mr. Lambert, it

03:24:39PM  1    is not high on the list.  I have enough to say grace over.

03:24:47PM  2            So I'm just -- okay.  I'm going to give you all -- we

03:25:07PM  3    try our case in 30 days --

03:25:11PM  4            MS. BARRIOS:  November 8th.

03:25:13PM  5            MS. BRILLEAUX:  November 8th.

03:25:14PM  6            THE COURT:  November 8th.  And then we go

03:25:17PM  7    into Thanksgiving.  Let me assure you I will be working --

03:25:22PM  8    I'm not working Thanksgiving day, but I will be in my office

03:25:27PM  9    that week.  And then I know it's not your problem, but it

03:25:35PM  10   always -- my problem rapidly becomes your problem because I'm

03:25:39PM  11   just trying to think -- and as you all know, we haven't had

03:25:42PM  12   trials in ever and so things are backing up and I feel like

03:25:49PM  13   I'm --

03:25:49PM  14           MS. BRILLEAUX:  I did want to mention, Your Honor, we

03:25:52PM  15   do have a show cause hearing scheduled for November 23rd.

03:25:57PM  16           MS. CALLSEN:  The usual PFS, CMO 12A.

03:26:04PM  17           THE COURT:  If I don't say it out loud, it isn't on

03:26:06PM  18   the record.

03:26:12PM  19           MS. BARRIOS:  I'm going to suggest something just to

03:26:15PM  20   maybe make your job a little easier.  I think that

03:26:19PM  21   plaintiff's counsel, myself, and defense counsel could do a

03:26:24PM  22   chart for you and show you where they fit --

03:26:28PM  23           THE COURT:  Let me tell you.  I'm really -- I will be

03:26:33PM  24   perfectly honest with you.  I'm really uncomfortable with

03:26:39PM  25   where I am at this very moment and I don't want to bind

03:26:43PM **1**   myself to a procedure that I realize next week was

03:26:51PM **2**   ill-founded.  I would prefer to just have a minute to

03:26:56PM **3**   regroup.

03:26:56PM **4**        I would like a chart that says domicile, place of

03:27:07PM **5**   treatment, current domicile and -- place -- well, I said

03:27:13PM **6**   place of treatment, administration of the Taxotere, docetaxel

03:27:19PM **7**   and then perhaps place of filing so that I can get my arms

03:27:23PM **8**   around.  Because I think those are the four things that I

03:27:26PM **9**   need to consider to determine whether or not *Mixon* applies,

03:27:34PM **10**  surely *Mixon* -- *Mixon* with Michigan across the board, and as

03:27:42PM **11**  I anticipate, that covers the lion's share of all of this.

03:27:46PM **12**       And so we have these few outliers that are going to

03:27:54PM **13**  somehow -- that they're certainly impacted by the *Mixon*

03:27:59PM **14**  ruling, but I don't know if the *Mixon* ruling is dispositive.

03:28:02PM **15**  But it seems to me I need to come up with a procedure that

03:28:07PM **16**  allows me to make a decision as to these cases.  Now, I may

03:28:11PM **17**  find out that this choice-of-law analysis is much more

03:28:18PM **18**  complex and it's going to affect one case and I might tell

03:28:22PM **19**  you this one may be part of a remand at some point.

03:28:25PM **20**       I'll be perfectly frank with you.  I just don't know,

03:28:28PM **21**  but I need to see what I'm looking at.  I know I told the

03:28:32PM **22**  original attorney three days and we would do it at the same

03:28:36PM **23**  time.  Let me see what I have when they make a chart with

03:28:42PM **24**  those four areas and let me think about how I want to proceed

03:28:46PM **25**  with this.  I did not know -- it's a little bit like the

| | | |
|---|---|---|
| 03:28:52PM | 1 | first time I had the show cause docket on the incomplete |
| 03:28:54PM | 2 | plaintiff fact sheets.  It just took me a minute to see how |
| 03:28:58PM | 3 | quickly I can move and what I'm comfortable doing.  And I |
| 03:29:04PM | 4 | don't want this afternoon to start down a path that I am very |
| 03:29:11PM | 5 | uncomfortable with.  I would really like to just get a minute |
| 03:29:14PM | 6 | to think about it and I think that's going to require me |
| 03:29:17PM | 7 | getting my arms around what are the actual issues in the |
| 03:29:21PM | 8 | case.  And then what I will do, once I get that, think about |
| 03:29:25PM | 9 | it as I will issue a briefing on it. |
| 03:29:28PM | 10 | And I'm going to ask Ms. Berg to contact the people |
| 03:29:35PM | 11 | that were on the first whatever, 8, 6, however many people we |
| 03:29:42PM | 12 | had that I said three pages, I'll get back with you, to just |
| 03:29:45PM | 13 | tell them that I have decided to take a brief pause and to |
| 03:29:51PM | 14 | think about it and then to issue an order as to how I would |
| 03:29:56PM | 15 | like the briefing to proceed.  I can assure you under any |
| 03:30:00PM | 16 | circumstance the briefing, the page numbers, they're going to |
| 03:30:03PM | 17 | be limited. |
| 03:30:05PM | 18 | MS. BARRIOS:  Your Honor, on the chart, you had |
| 03:30:08PM | 19 | mentioned the state of filing.  I would think that the choice |
| 03:30:13PM | 20 | of forum in the short form complaint -- |
| 03:30:15PM | 21 | THE COURT:  That's what I meant.  I'm sorry.  That's |
| 03:30:18PM | 22 | what I meant.  No.  That's what I meant.  I didn't mean -- I |
| 03:30:21PM | 23 | know they were filed in through MDL, but that's what I meant. |
| 03:30:27PM | 24 | And if I misspoke I apologize.  Okay? |
| 03:30:34PM | 25 | MS. CALLSEN:  We assumed.  That's what I assumed. |

03:30:34PM   1          MR. LAMBERT:  Your Honor, this is obviously the first

03:30:36PM   2   time we did one of these today.  And if Your Honor has

03:30:40PM   3   questions after thinking about it, certainly, Ms. Callsen,

03:30:44PM   4   Ms. Brilleaux and Ms. Barrios and I would be happy to discuss

03:30:51PM   5   --

03:30:51PM   6          THE COURT:  And that may very well happen.  I just --

03:30:57PM   7   it's very difficult when you're walking into a hearing and

03:31:02PM   8   you're not really sure what the issues are going to be.  And

03:31:07PM   9   now I know.  And so I need to just take a brief pause so that

03:31:11PM  10   I don't find myself down a path that I'm really uncomfortable

03:31:20PM  11   with.

03:31:21PM  12          MS. BRILLEAUX:  Your Honor, if I may, because I know

03:31:24PM  13   you're going to be thinking about the briefing schedule --

03:31:27PM  14          THE COURT:  I knew you'd have an opinion,

03:31:29PM  15   Ms. Brilleaux.

03:31:30PM  16          MS. BRILLEAUX:  Your Honor made a comment a few

03:31:36PM  17   minutes ago about how the *Mixon* order covered the lion's

03:31:40PM  18   share of Michigan and we successfully have gotten 355 cases

03:31:45PM  19   dismissed.  We would like to do that same process with the

03:31:49PM  20   Mississippi cases based on your motion for summary judgment

03:31:52PM  21   rulings in those cases.  We understand that we're still

03:31:55PM  22   dealing with how to deal with the cases where there's a

03:31:58PM  23   choice of law issue and the briefing and I know Your Honor is

03:32:01PM  24   going to consider that, but in terms of compiling a list and

03:32:04PM  25   just getting the clear-cut cases dismissed, we would like to

03:32:09PM  1    proceed with Mississippi.

03:32:10PM  2         MS. CALLSEN:  And along those lines, we've already

03:32:12PM  3    provided a list of 305 plaintiffs to plaintiff's counsel.  We

03:32:18PM  4    did that in late August of this year.

03:32:21PM  5         MS. BARRIOS:  And I did receive it, Your Honor.  I

03:32:23PM  6    did not do anything about it.  As I explained to Ms. Callsen,

03:32:29PM  7    if I sent out to paralegals Michigan and Mississippi, with

03:32:38PM  8    those both starting with M's, we would never get anywhere.

03:32:38PM  9    So I just wanted to take, as Judge Fallon says, just one bite

03:32:46PM  10   at the elephant at a time.

03:32:48PM  11        THE COURT:  That's how you eat an elephant, one bite

03:32:48PM  12   at a time.  And I am not opposed to that, but I think we all

03:32:54PM  13   need to recognize that half, at least half of the people on

03:32:58PM  14   this conference are going to be tied up at least for the next

03:33:03PM  15   six weeks.  So -- and I would not have an objection that we

03:33:07PM  16   proceed, but let me -- let me consider how I want to approach

03:33:13PM  17   Michigan.  I think the Mississippi, what you've read, I think

03:33:18PM  18   it's three now, so that might give us four.  I don't

03:33:27PM  19   remember.  But I've laid that out and we'll just proceed from

03:33:32PM  20   there.  But I -- do I have an objection, no, but you're going

03:33:37PM  21   to have to let me catch my breath.

03:33:39PM  22        MS. BRILLEAUX:  Thank you, Your Honor.

03:33:41PM  23        MS. CALLSEN:  Thank you.

03:33:41PM  24        THE COURT:  Anything else?  Okay.

03:33:45PM  25        MS. BARRIOS:  Thank you, Your Honor.

03:33:46PM  1          THE COURT:  Thank you all very much.

2                        *  *  *  *

3          (WHEREUPON, the proceedings were adjourned.)

4                        *  *  *  *

5                  REPORTER'S CERTIFICATE

6          I, Nichelle N. Wheeler, RPR, CRR, Official Court
Reporter, United States District Court, Eastern District of
7   Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and
8   understanding, from the record of the proceedings in the
above-entitled and numbered matter.

9

10                     /s/ Nichelle N. Wheeler
                      Official Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25