UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
*Audrey Plaisance vs. Hospira Worldwide, LLC F/K/A et al.,*
Civil Case No. 2:18-cv-08086

### MEMORANDUM IN SUPPORT OF PLAINTIFF, AUDREY PLAISANCE'S, MOTION FOR PARTIAL SUMMARY JUDGMENT ON THIRD PARTY FAULT, THE COMPARATIVE FAULT OF HER TREATING PHYSICIANS, MITIGATION OF DAMAGES, CONTRIBUTORY NEGLIGENCE, AND MISUSE OF DOCETAXEL

In Defendants' Master Answer and Affirmative Defenses to Plaintiffs' First Amended Master Long Form Complaint ("Master Answer"), Defendants, Hospira Worldwide, LLC and Hospira, Inc. ("Hospira"), assert the affirmative defenses of third party liability, mitigation of damages, contributory negligence, and product misuse in Affirmative Defenses Nos. 9, 15, 16, 18, 19, 20, 27, 28, and 45 (Rec. Doc. 963) (Pls' LR 56.1 Statement of Undisputed Fact ("LR 56.1 Statement") at ¶¶ 8-16.) An affirmative defense must be supported by the facts to be admitted at trial and not based on mere conjecture. There is a dearth of evidence to suggest, let alone establish, that Plaintiff, Audrey Plaisance, or her treating physicians were negligent in any way or that Mrs. Plaisance used docetaxel improperly. In addition, Hospira's expert witnesses have not identified any third party it may try to blame at trial. The burden is on Hospira to prove its affirmative defenses of comparative fault on the part of an unnamed third party and Plaintiff's treating physicians, plaintiff's failure to mitigate her damages, contributory negligence, and Plaintiff's misuse of docetaxel and, because it has not done so, Plaintiff submits that partial summary judgment is warranted dismissing the affirmative defenses set forth above.

1

**LEGAL STANDARD**

A moving party is entitled to summary judgment on a defense or part of a defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to move beyond the boilerplate language of the pleadings to determine whether a party's claims, defenses, or any part thereof are worthy of trial and provide a means for dismissal of claims or defenses that are not trial-worthy. *Quinn v. City of Boston*, 325 F.3d 18, 28 (1st Cir. 2003); and *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). If a nonmovant advances no facts to carry the burden of proof at trial, then summary judgment may be obtained by providing "evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

A nonmoving party cannot rely on the allegations and denials in pleadings, but must demonstrate the existence of a genuine issue of material fact through "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). There must be "more than a scintilla of evidence", and conclusory assertions or unsubstantiated beliefs will not preclude summary judgment. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 & 544 (5th Cir. 2005). Summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**I.      Third party fault is not supported by any evidence, and, therefore, affirmative defenses of third party fault must be stricken.**

Louisiana law requires a party asserting the affirmative defense of comparative fault to prove, by a preponderance of the evidence, that the fault of another "was a cause-in-fact of the damage being complained about." *Dupree v. City of New Orleans*, 765 So.2d 1002, n. 13 (La. 2000); and *Barnes v. Quinlan*, 2002 WL 31375606, *2 (E.D. La. Oct. 22. 2002). Hospira asserts a number of affirmative defenses in the Master Answer that allege comparative fault on the part of some phantom third party or which could be construed to assert such a defense, including Affirmative Defenses 9, 16, 18, 20, 27, 28, and 45. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 8, 10-11, 13-16.) Hospira's allegations are not specific enough for Plaintiff to determine to whom they apply, but, to the extent that any affirmative defense is based upon the comparative fault of Plaintiff's treating physicians, the defense lacks the necessary evidentiary support. To the extent it may apply to others, Hospira has produced no evidence to support the fault of any third party.

Proof of a physician's negligence requires proof by a preponderance of evidence of the applicable standard of care, breach of the standard of care, and the causal connection between the breach and the injury. *Schultz v. Guoth*, 57 So. 3d 1002, 1006 (La. 2011.); and *see Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The general rule is that expert testimony is required to establish the elements of a medical malpractice claim unless the negligence is obvious. *Schultz*, 57 So.3d at 1006-1007; *see Cleveland*, 457 F.3d at 403-404.

Plaintiff was diagnosed with breast cancer in January 2014 and began treating with Laura Chauvin, M.D. on January 15, 2014. (LR 56.1 Statement at ¶ 2.) Dr. Chauvin recommended that Plaintiff undergo four cycles of docetaxel and Cytoxan. (LR 56.1 Statement ¶ 2.) Plaintiff agreed to proceed with this recommended treatment and completed all four cycles as prescribed by Dr. Chauvin. (LR 56.1 Statement ¶ 2.)

3

Hospira has presented no evidence of the controlling standard of care (presumably of an oncologist), that Plaintiff's treating physicians breached that standard of care, or that such a breach proximately caused her injuries. In fact, Hospira's own experts, Rabia Latif Cattie, M.D. and Foluso Ademuyiwa, M.D., are practicing oncologists and have testified categorically and without question that there was no breach of the standard of care associated with the diagnosis, care, or treatment of Plaintiff. Dr. Cattie's opinion is that Plaintiff's treating physicians provided the appropriate breast cancer treatment:

> Q. Dr. Cattie, do you have any criticisms of Dr. Chauvin who was Ms. Plaisance's oncologist treating her early stage breast cancer?
> A. No, I do not have any criticism.
>
> AND
>
> Q. Do you have any criticisms of any other of Ms. Plaisance's healthcare providers involved in her care and treatment that you reviewed as part of your review of this case?
> A. No, I do not have any criticism.

(LR 56.1 Statement at ¶ 5.)

Dr. Ademuyiwa likewise believes that the breast cancer treatment provided to Plaintiff was within the standard of care:

> Q. Regarding Ms. Plaisance, her chemotherapy treatment was – was what?
> A. Ms. Plaisance received four cycles of docetaxel in combination with cyclophosphamide.
> Q. And that was within the standard of care, correct?
> A. That was in and is within the standard of care.

(LR 56.1 Statement at ¶ 7.)

Since Dr. Cattie's and Dr. Ademuyiwa's own admissions contradict Hospira's affirmative defenses of physician comparative fault and Hospira has no evidence to support its "blame the doctor defense," the Court should grant summary judgment, striking the affirmative defenses in

4

the Master Answer urged in paragraph 9, 16, 18, 20, 27, 28, and 45. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 8, 10-11, 13-16.) Hospira has not pointed to evidence of conduct by any of Plaintiff's treating physicians that would constitute negligence, so there is no genuine issue of material fact as to their comparative fault. Any affirmative defenses based on the comparative fault of Plaintiff's treating physicians or of a third party fail as a matter of law.

Hospira failed to identify any third party against whom it would allege or imply fault at trial. Plaintiff fears Hospira will nonetheless try to blame another entity not present at trial – Sanofi. During a discovery conference Judge North addressed Hospira's vague allegations of third party fault in bellwether cases and ordered "the 505(b)(2) Defendants to identify…any party or third party that it reasonably expects to suggest to the jury is at fault for failing to update the applicable label(s)." (Rec. Doc. 9284 (February 13, 2020 Minute Entry).) Besides merely identifying the phantom third party, which Hospira has failed to identify, an affirmative defense of comparative fault on the part of a third party must be supported by facts and evidence at trial, and not based on naked statements or conjecture. Here, no facts or evidence support the affirmative defenses relating to third party fault. No witness, document, or expert satisfies Hospira's burden. Therefore, third party fault should not be allowed to be implied at trial, and no third party or non-party other than Hospira may appear on the verdict form.

## II. Plaintiff did not misuse docetaxel as Plaintiff's use of docetaxel was as prescribed and in accord with accepted prescribing practices, and there is no evidence of a failure to mitigate or contributory negligence.

Affirmative Defenses 15, 19, and 20 in the Master Answer contends that Hospira is not liable due to Plaintiff's failure to mitigate her damages, contributory negligence, and misuse of the product. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 9, 12, 13.) However, Hospira's retained expert Dr. Cattie's testimony directly contradicts these affirmative defenses:

5

> Q. Do you have any criticisms of Ms. Plaisance in terms of her decision-making or her compliance with medical recommendations that she agreed with?
> A. Criticism of whether she complied? I mean it appears that she received the chemotherapy that was discussed with her and she consented to it, and she took the endocrine therapy, so no, no criticism there.
> Q. Are you going to testify that Ms. Plaisance failed to mitigate her damages by not following the guidance of her physicians?
> A. I have no reason to believe that she did not follow the advice of her physicians.

(LR 56.1 Statement at ¶ 6.)

Further, docetaxel was infused into Plaintiff in a medical setting. Plaintiff never had control over or touched docetaxel, and Hospira presents no evidence otherwise. How could Plaintiff misuse a chemotherapy product infused into her under the supervision of medical professionals? As such, the Court should grant summary judgment dismissing Affirmative Defenses 15, 19, and 20 related to Plaintiff's failure to mitigate her damages, contributory negligence, and misuse of docetaxel.

In the event Hospira affirmative defenses are directed to the misuse of docetaxel by Plaintiff's treating physicians, the testimony of Dr. Chauvin and Hospira's experts belie the contention that docetaxel was misused in any way. (LR 56.1 Statement at ¶¶ 5, 7.). Since Hospira has not produced any evidence to show that docetaxel was misused either by Mrs. Plaisance or her physicians, or any other evidence of a failure to mitigate damages or contributory negligence, Affirmative Defenses 15, 19, and 20 should be dismissed on summary judgment.

## CONCLUSION

Plaintiff, Audrey Plaisance, prays that the Court grant her Motion for Partial Summary Judgment on Third Party Fault, the Comparative Fault of Her Treating Physicians, Failure to Mitigate, Contributory Negligence, and Misuse of Docetaxel and dismiss Affirmative Defenses Nos. 9, 15, 16, 18, 19, 20, 27, 28, and 45 because Hospira cannot meet its burden of proving the essential elements needed to maintain these affirmative defenses. Specifically, Plaintiff seeks an

Order prohibiting any evidence or testimony on the following topics: (1) comparative fault on the part of anyone, including Mrs. Plaisance's physicians (2) any of Mrs. Plaisance's physicians' care and treatment being below the standard of care; and (3) failure to mitigate, contributory negligence, or misuse of docetaxel by anyone, including Mrs. Plaisance or her physicians.

There is simply no evidence – by expert testimony or otherwise – that any physician, Mrs. Plaisance, or any other third party caused or contributed to the injury sustained by Plaintiff or that docetaxel was misused. To the contrary, Hospira's experts explicitly found that there was no breach of the standard of care by Plaintiff's treating physicians. Hospira should not be allowed to rely on the bare bones contentions of the Master Answer to maintain its affirmative defenses of the fault of an unnamed third party or Mrs. Plaisance's physicians or of the misuse of docetaxel, and Plaintiff's Motion for Partial Summary Judgment on the affirmative defenses of the comparative fault on the part of an unnamed third party and Plaintiff's treating physicians, failure to mitigate, contributory negligence, and misuse of docetaxel should be granted.

Dated: November 12, 2021                                     Respectfully submitted,

*/s/ Christopher L. Coffin*                                          */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                              Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                   GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                            6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                              Los Angeles, California 90045
Phone: (504) 355-0086                                            Telephone: 510-350-9700
Fax: (504) 355-0089                                                 Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                        kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                  *Plaintiffs' Co-Lead Counsel*

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

/s/Dawn M. Barrios
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park, Suite 110
Irvine, CA 92606
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                          */s/ M. Palmer Lambert*
                                                          M. PALMER LAMBERT