# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | JUDGE MILAZZO |
| AUDRY PLAISANCE | MAG. JUDGE NORTH |
| Plaintiff(s), | COMPLAINT & JURY DEMAND |
| vs. | |
| HOSPIRA WOLDWIDE, LLC F/K/A HOSPIRA WRLDWIDE, INC., HOSPIRA, INC. | |
| Defendant(s), | |

## FIRST AMENDED SHORT FORM COMPLAINT[1]

Plaintiff incorporates by reference the Second Amended Master Long Form Complaint and Jury Demand filed in the above referenced case on September 27, 2018 (MDL Doc. 4407), Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Second Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1. Plaintiff:

   Audry Plaisance_____

2. Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium): Not applicable_____

3. Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

---

[1] (Effective as of May 13, 2020) This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73A. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

1

       Not applicable

4.    Current State of Residence: <u>Louisiana</u>

5.    State in which Plaintiff(s) allege(s) injury: <u>Louisiana</u>

6.    Defendants (check all Defendants against whom a Complaint is made):

       a.    Taxotere Brand Name Defendants

           ☐    A.    Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

           ☐    B.    Sanofi-Aventis U.S. LLC

       b.    Other Brand Name Drug Sponsors, Manufacturers, Distributors

           ☐    A.    Sandoz Inc.

           ☐    B.    Accord Healthcare, Inc.

           ☐    C.    McKesson Corporation d/b/a McKesson Packaging

           ✓    D.    Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

           ✓    E.    Hospira, Inc.

           ☐    F.    Sun Pharma Global FZE

           ☐    G.    Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

           ☐    H.    Pfizer Inc.

           ☐    I.    Actavis LLC f/k/a Actavis Inc.

           ☐    J.    Actavis Pharma, Inc.

           ☐    K.    Sagent Pharmaceuticals, Inc.

           ☐    L.    Other:

7.    Basis for Jurisdiction:

       ✓    Diversity of Citizenship

       ☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure:

8. Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court Northern District of Illinois

9. Brand Product(s) used by Plaintiff (check applicable):

☐ A. Taxotere

☐ B. Docefrez

✓ C. Docetaxel Injection

☐ D. Docetaxel Injection Concentrate

☐ E. Unknown

☐ F. Other:

10. First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

January 17, 2014-March 20, 2014

11. State in which Product(s) identified in question 9 was/were administered:

Louisiana

12. Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury:

After being administered Docetaxel Chemotherapy between January 17, 2014-March 20, 2014, Plaintiff experienced severe hair loss to her: scalp; top and back of head;

3

> eyebrows; eyelashes; nasal; and body. On May 5, 2014, Plaintiff's oncologist diagnosed her with chemotherapy-induced alopecia, and her oncologist advised that she doubted Plaintiff would have any lasting hair loss issues. Plaintiff's Oncologist continued to follow up with Plaintiff regarding her hair loss, noting in July 2015 that the chemotherapy-induced alopecia appeared to have beenr resolving post-Plaintiff's Docetaxel Chemotherapy treatments in 2014. Plaintiff still experienced no regrowth in some areas of her head. She saw a Dermatologist on March 24, 2016, for her hair's failure to regrow and the Dermatologist diagnosed her continued hair loss issues as Telogen Effluvium. In following up with the Dermatologist again on the hair loss, Plaintiff continued to experience no regrowth in some areas, at which point the Dermatologist noted that the hair loss and lack of growth could be caused by any number of issues, and prescribed medication. Despite continuing the treatments prescribed by the Dermatologist, Plaintiff continues to experience loss of hair caused by the Docetaxel she was prescribed.

13. Counts in Master Complaint brought by Plaintiff(s):

    - ✓ Count I – Strict Products Liability – Failure to Warn
    - ✓ Count III – Negligence
    - ✓ Count IV – Negligent Misrepresentation
    - ✓ Count V – Fraudulent Misrepresentation
    - ✓ Count VI – Fraudulent Concealment
    - ✓ Count VII – Fraud and Deceit
    - ✓ Other: Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) include additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

> ### FACTUAL ALLEGATIONS
>
> Plaintiff's prescribing physician advised her that her hair loss would be temporary, though no indication was given as to exactly how long the regrowth would take. She inquired to her healthcare providers about her hair regrowth in July 2014, approximately three months after finishing treatment, and was again advised that the hair loss would be temporary. Further, Plaintiff was placed on other medications, including hormonal medications, following her treatment with docetaxel. It was her

4

understanding that these medications may impact hair regrowth, Additionally, Ms. Plaisance inquired with a dermatologist in 2016 about her hair's failure to grow back, who did not pinpoint Docetaxel as the cause of her hair loss. Further, this dermatologist advised her that her hair loss could be treated and potentially reversed. As such, Plaintiff did not understand and could not have understood after multiple inquires that her hair loss was permanent. .

## Liability

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.
2. Plaintiff shows that the serious risk of developing disfiguring permanent alopecia and other injuries are the direct and proximate result of breaches of obligations owed by Defendants to Plaintiff, including defects in design, marketing, manufacture, distribution, instructions and warnings by Defendants, which breaches and defects are listed more particularly, but not exclusively, as follows:
    a. Failing to instruct and/or warn of the risk of developing disfiguring permanent alopecia and other injuries;
    b. Failing to adequately instruct and/or warn healthcare providers, including those healthcare providers who administered docetaxel to Plaintiff of the serious risk of developing disfiguring permanent alopecia and other injuries;
    c. Manufacturing, producing, promotion, formulating, creating, and/or designing docetaxel without adequately testing, accounting for, monitoring, and reporting persistent, permanent, and disfiguring permanent alopecia;
    d. Failing to provide adequate warning of the dangers associated with docetaxel;
    e. Designing, formulating, researching, developing, manufacturing, marketing, promoting and selling docetaxel when it knew or reasonably should have known of its propensity to cause disfiguring permanent alopecia and other injuries;
    f. Defendants' design, development, manufacture, marketing, and sale of docetaxel which drug is defective and unreasonably dangerous for the undisclosed risk of developing disfiguring permanent alopecia and other injuries;
    g. The continued production and sale of docetaxel without adding adequate warnings despite Defendants' knowledge of the association between docetaxel and disfiguring permanent alopecia and other

      injuries;

  h. Providing inaccurate labeling and inadequate warnings and instructions;

  i. Utilizing inadequate testing methods which were not accurate, sensitive, specific, and/or reproducible to track the actual rate of permanent alopecia;

  j. Other breaches and defects which may be shown through discovery or at trial; and

  k. Failure to act with the required degree of care due and owing to plaintiff and her physician(s).

## Punitive Damages Pursuant to Illinois Law

1. Plaintiff repeats, reiterates, and re-alleges all paragraphs of this Complaint inclusive, with the same force and effect as if fully set forth herein.
2. Plaintiff is entitled to an award of punitive and exemplary damages based upon Defendants' fraudulent and grossly negligent conduct and Defendants' reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the medical community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the side effects of the docetaxel. Defendants intentionally concealed the true facts and information regarding the serious risks associated with the products, and intentionally downplayed the type, nature, and extent of the adverse side effects despite Defendants' knowledge and awareness of the serious, permanent, and disfiguring side effects and risks associated with the docetaxel product.
3. Defendants had knowledge of and were in possession of evidence demonstrating that the docetaxel product was associated with serious, permanent side effects. Defendants recklessly failed to track, test, account for, monitor, and report the side effect of persistent or permanent alopecia in clinical trials during the development of docetaxel, in violation of their own clinical trial protocols. Notwithstanding Defendants' knowledge and reckless disregard of the serious side effects, Defendants continued to market the drug products by providing false and misleading information with regard to the product's safety to the regulatory agencies, the medical community, and consumers of the docetaxel products.
4. Defendants failed to provide warning that would have dissuaded health care professionals from recommending/prescribing and consumers from ingesting the docetaxel product, thus depriving both from weighing the true risks against the benefits of prescribing, using or consuming the product.
5. Defendant knew of the product's defective nature as set forth herein, but continued to design, manufacture, market, distribute, sell and/or promote the drug as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs and their physicians, in a conscious reckless, or grossly negligent disregard of the foreseeable harm caused.
6. The acts, conduct, and omissions of Defendants, as alleged throughout this

> Complaint, were knowing, fraudulent and reckless. Defendants committed these acts with knowing, conscious and deliberate disregard for the rights, health, and safety of Plaintiffs and for the primary purpose of increasing Defendants' profits from the sale and distribution of the products. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example out of Defendants.

14. Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

>> By: /s/Trevor B. Rockstad
>> MS103614
>> Davis & Crump, P.C.
>> 2601 14th Street
>> Gulfport, MS 39501
>> (228) 863-6000
>> Trevor.Rockstad@daviscrump.com

7