UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Clare Guilbault, Case No. 2:16-cv-17061

### MEMORANDUM IN SUPPORT OF PLAINTIFF, CLARE GUILBAULT'S, MOTION FOR PARTIAL SUMMARY JUDGMENT ON THIRD PARTY FAULT, THE COMPARATIVE FAULT OF HER TREATING PHYSICIANS, MITIGATION OF DAMAGES, CONTRIBUTORY NEGLIGENCE, AND MISUSE OF DOCETAXEL

In Defendants' Master Answer and Affirmative Defenses to Plaintiffs' First Amended Master Long Form Complaint ("Master Answer"), Defendants, Hospira Worldwide, LLC and Hospira, Inc. ("Hospira"), assert the affirmative defenses of third party liability, mitigation of damages, contributory negligence, and product misuse in Affirmative Defenses Nos. 9, 15, 16, 18, 19, 20, 27, 28, and 45 (Rec. Doc. 963) (Pls' LR 56.1 Statement of Undisputed Fact ("LR 56.1 Statement") at ¶¶ 9-17.) An affirmative defense must be supported by the facts to be admitted at trial and not based on mere conjecture. There is a dearth of evidence to suggest, let alone establish, that Plaintiff, Clare Guilbault, or her treating physicians were negligent in any way or that Ms. Guilbault used docetaxel improperly. In addition, Hospira's expert witnesses have not identified any third party it may try to blame at trial. The burden is on Hospira to prove its affirmative defenses of comparative fault on the part of an unnamed third party and Plaintiff's treating physicians, Plaintiff's failure to mitigate her damages, contributory negligence, and Plaintiff's misuse of docetaxel and, because it has not done so, Plaintiff submits that partial summary judgment is warranted dismissing the affirmative defenses set forth above.

1

## LEGAL STANDARD

A moving party is entitled to summary judgment on a defense or part of a defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to move beyond the boilerplate language of the pleadings to determine whether a party's claims, defenses, or any part thereof are worthy of trial and provide a means for dismissal of claims or defenses that are not trial-worthy. *Quinn v. City of Boston*, 325 F.3d 18, 28 (1st Cir. 2003); and *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986). If a nonmovant advances no facts to carry the burden of proof at trial, then summary judgment may be obtained by providing "evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

A nonmoving party cannot rely on the allegations and denials in pleadings, but must demonstrate the existence of a genuine issue of material fact through "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). There must be "more than a scintilla of evidence", and conclusory assertions or unsubstantiated beliefs will not preclude summary judgment. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 & 544 (5th Cir. 2005). Summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

I.  **Third party fault is not supported by any evidence, and, therefore, affirmative defenses of third party fault must be stricken.**

Louisiana law requires a party asserting the affirmative defense of comparative fault to prove, by a preponderance of the evidence, that the fault of another "was a cause-in-fact of the damage being complained about." *Dupree v. City of New Orleans*, 765 So.2d 1002, n. 13 (La. 2000); and *Barnes v. Quinlan*, 2002 WL 31375606, *2 (E.D. La. Oct. 22. 2002). Hospira asserts a number of affirmative defenses in the Master Answer that allege comparative fault on the part of some phantom third party or which could be construed to assert such a defense, including Affirmative Defenses 9, 16, 18, 20, 27, 28, and 45. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 9, 11-12, 14-17.) Hospira's allegations are not specific enough for Plaintiff to determine to whom they apply, but, to the extent that any affirmative defense is based upon the comparative fault of Plaintiff's treating physicians, the defense lacks the necessary evidentiary support. To the extent it may apply to others, Hospira has produced no evidence to support the fault of any third party.

Proof of a physician's negligence requires proof by a preponderance of evidence of the applicable standard of care, breach of the standard of care, and the causal connection between the breach and the injury. *Schultz v. Guoth*, 57 So. 3d 1002, 1006 (La. 2011.); and *see Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). The general rule is that expert testimony is required to establish the elements of a medical malpractice claim unless the negligence is obvious. *Schultz*, 57 So.3d at 1006-1007; *see Cleveland*, 457 F.3d at 403-404.

Plaintiff was diagnosed with breast cancer in August of 2013 and began treating with Dr. Theodossiou on September 17, 2013. (LR 56.1 Statement at ¶ 2, 4.) Dr. Theodossiou recommended treatment to Plaintiff that included Adriamycin and Cytoxan, followed by Docetaxel. (LR 56.1

Statement ¶ 4.) Plaintiff agreed to proceed with this recommended treatment and started this chemotherapy regimen on September 27, 2013. (LR 56.1 Statement ¶ 4.)

Hospira has presented no evidence of the controlling standard of care (presumably of an oncologist), that Plaintiff's treating physicians breached that standard of care, or that such a breach proximately caused her injuries. In fact, Hospira's own experts, Rabia Latif Cattie, M.D. and Foluso Ademuyiwa, M.D., are practicing oncologists and have testified categorically and without question that there was no breach of the standard of care associated with the diagnosis, care, or treatment of Plaintiff. Dr. Cattie's opinion is that Plaintiff's treating physicians provided the appropriate breast cancer treatment:

> Q. Okay. Do you have any criticisms, Dr. Cattie, of Ms. Guilbault's oncologist, Dr. Theodossiou in his decision-making or recommendations with regard to Ms. Guilbault's cancer?
> A. No, I do not.
>
> AND
>
> Q. Do you have any criticisms of any of Ms. Guilbault's healthcare professionals in terms of her cancer treatment based on your review of the records?
> A. No, I don't.
> (LR 56.1 Statement at ¶ 6.)

Dr. Ademuyiwa likewise believes that the breast cancer treatment provided to Plaintiff was within the standard of care:

> Q. …The regimen that included docetaxel was not the only regimen available to treat Ms. Guilbault's breast cancer, correct?
> A. There were other listed regimens but this was the most appropriate with the highest level one evidence, and this was the choice and recommendation of her treating medical oncologist.
> (LR 56.1 Statement at ¶ 8.)

Since Dr. Cattie's and Dr. Ademuyiwa's own admissions contradict Hospira's affirmative defenses of physician comparative fault and Hospira has no evidence to support its "blame the

4

doctor defense," the Court should grant summary judgment, striking the affirmative defenses in the Master Answer urged in paragraph 9, 16, 18, 20, 27, 28, and 45. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 9, 11-12, 14-17.) Hospira has not pointed to evidence of conduct by any of Plaintiff's treating physicians that would constitute negligence, so there is no genuine issue of material fact as to their comparative fault. Any affirmative defenses based on the comparative fault of Plaintiff's treating physicians or of a third party fail as a matter of law.

Hospira failed to identify any third party against whom it would allege or imply fault at trial. Plaintiff fears Hospira will nonetheless try to blame another entity not present at trial – Sanofi. During a discovery conference Judge North addressed Hospira's vague allegations of third party fault in bellwether cases and ordered "the 505(b)(2) Defendants to identify…any party or third party that it reasonably expects to suggest to the jury is at fault for failing to update the applicable label(s)." (Rec. Doc. 9284 (February 13, 2020 Minute Entry).) Besides merely identifying the phantom third party, which Hospira has failed to identify, an affirmative defense of comparative fault on the part of a third party must be supported by facts and evidence at trial, and not based on naked statements or conjecture. Here, no facts or evidence support the affirmative defenses relating to third party fault. No witness, document, or expert satisfies Hospira's burden. Therefore, third party fault should not be allowed to be implied at trial, and no third party or non-party other than Hospira may appear on the verdict form.

**II.   Plaintiff did not misuse docetaxel as Plaintiff's use of docetaxel was as prescribed and in accord with accepted prescribing practices, and there is no evidence of a failure to mitigate or contributory negligence.**

Affirmative Defenses 15, 19, and 20 in the Master Answer contends that Hospira is not liable due to Plaintiff's failure to mitigate her damages, contributory negligence, and misuse of the

product. (Rec. Doc. 963) (LR 56.1 Statement at ¶¶ 10, 13, 14.) However, Hospira's retained expert Dr. Cattie's testimony directly contradicts these affirmative defenses:

> Q. Okay. Same questions for Ms. Guilbault. Do you have any opinion that you're going to express at trial that Ms. Guilbault failed to mitigate her damages by not following the guidance of her healthcare providers?
> A. No, she followed the advice of her physician as far as I can see from her medical record and deposition.
> Q. And you don't have any qualms sitting here today with Ms. Guilbault's decision-making in terms of her selection of treatment regimens?
> A. I mean, her decision-making is her decision-making. Even had she chosen not to undergo chemotherapy at all I could not have criticized that.
> (LR 56.1 Statement at ¶ 7.)

Further, docetaxel was infused into Plaintiff in a medical setting. Plaintiff never had control over or touched docetaxel, and Hospira presents no evidence otherwise. How could Plaintiff misuse a chemotherapy product infused into her under the supervision of medical professionals? As such, the Court should grant summary judgment dismissing Affirmative Defenses 15, 19, and 20 related to Plaintiff's failure to mitigate her damages, contributory negligence, and misuse of docetaxel.

In the event Hospira's affirmative defenses are directed to the misuse of docetaxel by Plaintiff's treating physicians, the testimony of Dr. Theodossiou and Hospira's experts belie the contention that docetaxel was misused in any way. (LR 56.1 Statement at ¶¶ 4, 6, 8.) Since Hospira has not produced any evidence to show that docetaxel was misused either by Ms. Guilbault or her physicians, or any other evidence of a failure to mitigate damages or contributory negligence, Affirmative Defenses 15, 19, and 20 should be dismissed on summary judgment.

## CONCLUSION

Plaintiff, Clare Guilbault, prays that the Court grant her Motion for Partial Summary Judgment on Third Party Fault, the Comparative Fault of Her Treating Physicians, Failure to

Mitigate, Contributory Negligence, and Misuse of Docetaxel and dismiss Affirmative Defenses Nos. 9, 15, 16, 18, 19, 20, 27, 28, and 45 because Hospira cannot meet its burden of proving the essential elements needed to maintain these affirmative defenses. Specifically, Plaintiff seeks an Order prohibiting any evidence or testimony on the following topics: (1) comparative fault on the part of anyone, including Ms. Guilbault's physicians (2) any of Ms. Guilbault's physicians' care and treatment being below the standard of care; and (3) failure to mitigate, contributory negligence, or misuse of docetaxel by anyone, including Ms. Guilbault or her physicians.

There is simply no evidence – by expert testimony or otherwise – that any physician, Ms. Guilbault, or any other third party caused or contributed to the injury sustained by Plaintiff or that docetaxel was misused. To the contrary, Hospira's experts explicitly found that there was no breach of the standard of care by Plaintiff's treating physicians. Hospira should not be allowed to rely on the bare bones contentions of the Master Answer to maintain its affirmative defenses of the fault of an unnamed third party or Ms. Guilbault's physicians or of the misuse of docetaxel, and Plaintiff's Motion for Partial Summary Judgment on the affirmative defenses of the comparative fault on the part of an unnamed third party and her treating physicians, failure to mitigate, contributory negligence, and misuse of docetaxel should be granted.

Dated: November 12, 2021                                   Respectfully submitted,

*/s/ Christopher L. Coffin*                                 */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                              Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                            GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                             6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                Los Angeles, California 90045
Phone: (504) 355-0086                                       Telephone: 510-350-9700
Fax: (504) 355-0089                                         Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                      kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                               *Plaintiffs' Co-Lead Counsel*

| | |
|---|---|
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| GAINSBURGH BENJAMIN DAVID | BARRIOS, KINGSDORF & CASTEIX, LLP |
| MEUNIER & WARSHAUER, LLC | 701 Poydras Street, Suite 3650 |
| 2800 Energy Centre, 1100 Poydras Street | New Orleans, LA 70139 |
| New Orleans, LA 70163-2800 | Phone: 504-524-3300 |
| Phone: 504-522-2304 | Fax: 504-524-3313 |
| Fax: 504-528-9973 | barrios@bkc-law.com |
| plambert@gainsben.com | |
| | *Plaintiffs' Co-Liaison Counsel* |
| *Plaintiffs' Co-Liaison Counsel* | |

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Anne Andrews | Abby E. McClellan |
| Andrews Thornton Higgins Razmara, LLP | Stueve Siegel Hanson LLP |
| 2 Corporate Park, Suite 110 | 460 Nichols Road, Suite 200 |
| Irvine, CA 92606 | Kansas City, MO 64112 |
| Phone: (800) 664-1734 | Phone: (816) 714-7100 |
| aa@andrewsthornton.com | Fax: (816) 714-7101 |
| | mcclellan@stuevesiegel.com |
| J. Kyle Bachus | Karen Barth Menzies |
| Bachus & Schanker, LLC | Gibbs Law Group LLP |
| 101 W Colfax Ave, Suite 650 | 6701 Center Drive West, Suite 1400 |
| Denver, CO 80202 | Los Angeles, CA 90045 Phone: |
| Phone: (303) 222-2222 | 510-350-9700 |
| Fax: (303) 893-9900 | Fax: 510-350-9701 |
| kyle.bachus@coloradolaw.net | kbm@classlawgroup.com |
| Lawrence J. Centola, III | David F. Miceli |
| Martzell, Bickford & Centola | David F. Miceli, LLC |
| 338 Lafayette Street | P.O. Box 2519 |
| New Orleans, LA 70130 | Carrollton, GA 30112 |
| Phone: (504) 581-9065 | Phone: (404) 915-8886 |
| Fax: (504) 581-7635 | dmiceli@miceli-law.com |
| lcentola@mbfirm.com | |

8

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

| | |
|---|---|
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@amalaw.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT