UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

**HOSPIRA'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT REGARDING
<u>GENERAL AND SPECIFIC CAUSATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

I.  LOUISIANA LAW REQUIRES EXPERT TESTIMONY TO PROVE BOTH GENERAL AND SPECIFIC CAUSATION. ..................................................................1

II. PLAINTIFF'S GENERAL AND SPECIFIC CAUSATION EXPERTS DO NOT SATISFY THE *DAUBERT* STANDARD. ................................................................2

    A.    General Causation ..................................................................................2

        1.    Dr. David Madigan ..................................................................2

        2.    Dr. Laura Plunkett ...................................................................3

        3.    Dr. Antonella Tosti ..................................................................3

        4.    Dr. Ellen Feigal ........................................................................3

    B.    Specific Causation ..................................................................................4

        1.    Dr. Antonella Tosti ..................................................................4

CONCLUSION ......................................................................................................................4

CERTIFICATE OF SERVICE ..............................................................................................6

**INTRODUCTION**

Under Louisiana law, plaintiffs who assert product liability claims must prove both general and specific causation through expert testimony. Hospira has moved to exclude Plaintiff's general and specific causation experts under *Daubert* and Federal Rule of Evidence 702. If the Court grants Hospira's *Daubert* motions, there will be no expert testimony presented at trial that would allow a jury to conclude (1) that docetaxel can cause permanent chemotherapy-induced alopecia ("PCIA") (general causation), and (2) that Ms. Plaisance's exposure to docetaxel actually caused her PCIA (specific causation). Accordingly, if the Court grants Hospira's *Daubert* motions and excludes Plaintiff's experts on either general causation or specific causation, it should enter summary judgment in favor of Hospira on all counts. *See* Fed. R. Civ. P. 56(a).

**I.   LOUISIANA LAW REQUIRES EXPERT TESTIMONY TO PROVE BOTH GENERAL AND SPECIFIC CAUSATION.**

Under Louisiana law, a plaintiff who brings a product liability suit must prove both general causation and specific causation. "General causation is whether a substance is capable of causing a particular injury or condition in the general population. Specific causation is whether [that] substance caused a particular individual's injury." *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008) (citation omitted), *aff'd* 326 F. App'x 721 (5th Cir. 2009). "Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence." *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). The inability to establish either type of causation is therefore fatal to a plaintiff's claim.

In cases such as this one, where the claims involve "complex issues of medical causation that are beyond the realm of knowledge and experience of the ordinary juror," the plaintiff must present admissible expert testimony to prove causation. *Demouchet v. Gen. Nutrition Corp.*, 2014 WL 1652518, at *4 (W.D. La. Apr. 24, 2014); *see Seaman*, 564 F. Supp. 2d at 600; *see also Knight*, 482 F.3d at 351-55 (affirming grant of summary judgment where plaintiffs' expert's

1

general causation opinion was excluded under *Daubert*, and holding, in the alternative, that the expert's specific causation opinion would also have been excluded as unreliable and irrelevant if the district court had reached the issue).

## II. PLAINTIFF'S GENERAL AND SPECIFIC CAUSATION EXPERTS DO NOT SATISFY THE *DAUBERT* STANDARD.

### A. General Causation

Analyzing general causation between a substance and a disease involves a two-pronged analysis. *See In re Toxotere (Docetaxel) Prods. Liab. Litig. (Earnest)* (Aug. 23, 2019), ECF No. 8094, at 5 ("*Earnest*") (reciting legal standard for causation). First, the expert looks for "statistically significant associations between medication exposure and [the injury], which are consistent and replicated across epidemiological studies." *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 26 F. Supp. 3d 449, 455 (E.D. Pa. 2014); *see Burst v. Shell Oil Co.*, 2015 WL 3755953, at *5 (E.D. La. June 16, 2015), *aff'd*, 650 F. App'x 170 (5th Cir. 2016); *see also Earnest* at 5. Second, the expert considers whether the statistically significant association "reflects a true cause-effect relationship," which requires use of a reliable methodology, such as the Bradford Hill criteria. *Burst*, 2015 WL 3755953, at *5; *see also Earnest* at 5. Plaintiffs must satisfy both prongs of the analysis to prove general causation.

Ms. Plaisance has designated the following experts whose opinions relate to general causation: Dr. David Madigan, Dr. Laura Plunkett, Dr. Antonella Tosti, and Dr. Ellen Feigal. As explained fully in Hospira's *Daubert* motions, filed herewith and adopted by reference, none of these experts should be permitted to offer expert testimony on general causation because (1) the experts have disclaimed their opinions, and/or (2) their opinions fail to satisfy *Daubert*'s and Federal Rule of Evidence 702's requirements.

#### 1. Dr. David Madigan

The Court has precluded Dr. Madigan, Plaintiff's biostatistician, from offering general causation opinions: Dr. Madigan "has not assessed whether a true causal relationship underlies the statistical association he has identified," and for that reason "cannot tell the jury that there is

2

evidence 'that docetaxel causes irreversible alopecia.'" *In re Toxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Jan. 29, 2021), ECF No. 12098, at 6.

### 2. Dr. Laura Plunkett

The Court has held that Dr. Plunkett is not a general causation expert and is not permitted to "suggest to the jury that Taxotere can cause permanent alopecia." *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Jan. 13, 2021), ECF No. 11823, at 5.

### 3. Dr. Antonella Tosti

Dr. Tosti is Plaintiff's dermatology expert who primarily offers opinions on specific causation, but also opines that docetaxel can cause PCIA. Hospira has moved to exclude this opinion because Dr. Tosti did not perform any reliable general causation methodology, and she based her opinion on invalid sources, including the deficient expert reports of Dr. Madigan and Dr. Feigal.

### 4. Dr. Ellen Feigal

Dr. Feigal, an oncologist, offers opinions on general causation by conducting a Bradford Hill analysis and concluding that her analysis "reflects a true cause-effect relationship" between docetaxel and PCIA. Hospira has moved to exclude Dr. Feigal's general causation opinions because (1) she based her conclusions on Dr. Madigan's previously excluded observational meta-analysis, and (2) she failed to account for other alternative causes of permanent hair loss.

If the Court excludes the general causation opinions of Dr. Madigan, Dr. Plunkett, Dr. Tosti, and Dr. Feigal, that leaves Plaintiff with no witnesses to provide expert testimony on general causation—a necessary element to prevail on her claims. *See Knight*, 482 F.3d at 351 (requiring both general and specific causation). Thus, if the Court grants Hospira's *Daubert* motions as to general causation, the Court should grant summary judgment on the ground that there is no expert testimony to support general causation.

### B.     Specific Causation

"Specific causation is whether a substance caused a particular individual's injury." *Seaman*, 564 F. Supp. 2d at 600.  Even if Plaintiff could establish general causation, she must also show specific causation.  *See Knight*, 482 F.3d at 351 (requiring both general and specific causation).  Plaintiff Plaisance offers one expert to opine on specific causation:  Dr. Antonella Tosti.

#### 1.     Dr. Antonella Tosti

Dr. Tosti is a dermatologist who opines that Ms. Plaisance suffers from PCIA caused by docetaxel.  Hospira has moved to exclude Dr. Tosti's specific causation opinion as unreliable because she did not adequately rule out endocrine therapy induced alopecia as a cause of Ms. Plaisance's hair condition.  Additionally, Dr. Tosti failed to follow her own methodology when diagnosing a patient's hair condition.  Specifically, she did not review critical portions of Ms. Plaisance's clinical history before opining on specific causation.  Dr. Tosti's opinion that Ms. Plaisance's use of docetaxel was the "substantial contributing factor" to her PCIA also improperly invades the province of the jury.

If the Court excludes the specific causation opinions of Dr. Tosti, then that leaves Plaintiff with no witnesses to offer expert testimony on specific causation—a necessary element of Plaintiff's claims.  If the Court grants the *Daubert* motion as to Dr. Tosti, it should grant summary judgment on the ground that there is no expert testimony to support specific causation.

### CONCLUSION

For the foregoing reasons, Hospira respectfully requests that this Court enter summary judgment in its favor on all counts.

Dated: November 12, 2021 	Respectfully submitted,

*/s/ Heidi K. Hubbard*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: 202-434-5000
hhubbard@wc.com

John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-858-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Heidi K. Hubbard*