UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>Elizabeth Kahn, Case No. 2:16-cv-17039. | MDL No. 2740<br><br>SECTION: "H" (5)<br><br>HON. JANE TRICHE MILAZZO |

**PLAINTIFF'S AND DEFENDANTS' PROPOSED JURY VERDICT FORMS**

NOW INTO COURT, comes Plaintiff Elizabeth Kahn and Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc. who respectfully submit their respective positions on the proper verdict forms to be used in trial of matter no. 16-17039, *Elizabeth Kahn vs. Sanofi-Aventis U.S. LLC et al*.

Dated: November 13, 2021

Respectfully submitted,

/s/M. Palmer Lambert
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

Plaintiffs' Co-Liaison Counsel

/s/Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Phone: 504-310-2100
Fax: 504-310-2120
dmoore@irwinllc.com

Defendants' Liaison Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

This Document Relates To:

Elizabeth Kahn, Case No. 2:16-cv-17039.

MDL No. 2740

SECTION: "H" (5)

HON. JANE TRICHE MILAZZO

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

1. Do you find by a preponderance of the evidence that Sanofi failed to adequately warn Dr. Kardinal of the risk of Permanent Chemotherapy-Induced Alopecia ("PCIA") with the use of Taxotere?

   ____ YES                    ____ NO

   If yes, proceed to Question 2.

2. Do you find by a preponderance of the evidence that an adequate warning would have resulted in Dr. Kardinal not prescribing taxotere to Ms. Kahn?

   ____ YES                    ____ NO

   If yes, proceed to Question 3.

3. Do you find by a preponderance of the evidence that Taxotere was a substantial contributing factor in causing Ms. Kahn's PCIA?

   ___ YES                    ___NO

   If yes, proceed to Question 4.

4. Do you find by a preponderance of the evidence that Ms. Kahn had constructive knowledge that she had developed PCIA and of the association between Taxotere and her PCIA prior to December 9, 2015.

   ___ YES                    ___NO

   If no, proceed to Question 5.

5. What amount do you find by a preponderance of the evidence is appropriate to fairly and adequately compensate Ms. Kahn for her PCIA?

    Permanent disfigurement                          $_____
    Past present and future Mental anguish     $_____
    Pass, present and future of loss
    of enjoyment of life                              $_____

                           New Orleans, Louisiana, this _____ day of November, 2021.

                                                    _____
                                                    **JURY REPRESENTATIVE**

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**

At the outset, Plaintiff has identified no reason why this Court should so substantially deviate from the verdict form in *Earnest*, which correctly states the elements Plaintiff must establish in order to succeed on her failure-to-warn claim. Plaintiff's proposed verdict form fails to accurately require findings consistent with the elements that Plaintiff must prove under the Louisiana Products Liability Act ("LPLA"). Defendants' proposed verdict form (below) is consistent with the LPLA and addresses the following problems inherent in Plaintiff's proposed form:

**Order of Interrogatories:**
It is illogical to begin by asking the jury whether Sanofi's label adequately warned of the risk of PCIA before the jury has determined whether Plaintiff suffers from PCIA caused by Taxotere in the first instance. If Plaintiff does not suffer from PCIA caused by Taxotere, then the issue of warnings causation is irrelevant. *See* Rec. Doc. 11780 at 7 (Order Denying Pl.'s Mot. to Exclude Test. of John Glaspy, M.D.) (verbatim) ("Plaintiff Kahn bears the burden of proving that Taxotere caused her injury, and she must prove both general and specific causation."); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2021 WL 127292, at *2 (E.D. La. Jan. 13, 2021) (granting summary judgment where bellwether Plaintiff Sheila Crayton failed to adduce any evidence to establish medical causation).

Moreover, Plaintiff's interrogatories assume that Plaintiff has PCIA without asking the jury to find as much by a preponderance of the evidence. Because this threshold question underlies Plaintiff's remaining interrogatories, it must be asked and answered first on the verdict form.

**Medical Causation:**
Plaintiff's Question 3 is legally incorrect because it uses the "substantial contributing factor" test when "but for" is the appropriate test under these circumstances. *See Nagle v. Gusman*, 61 F. Supp. 3d 609, 622 (E.D. La. 2014) ("Louisiana case law is clear that cause-in-fact is usually a 'but for' inquiry"; "Plaintiffs contend that there are 'multiple causes' for Mr. Goetzee's death, but they do not specify what they mean by this, nor do they explain how this case fits the mold of a concurrent causes case. Thus, the Court concludes that the but-for test is the appropriate test.") (citations omitted); *see also Hutzler v. Cole*, 633 So. 2d 1319, 1337 (La. App. 1994) (concurring opinion) ("We do not need to consider an alternative method for determining cause in fact (the substantial factor test used herein) when the facts do pass the but-for analysis.").

**Contra non valentem:**
Plaintiff's proposed jury interrogatory for contra non valentem, Plaintiff's Question 4, misstates the applicable standard and does not require the jury to render findings consistent with the Fifth Circuit's decisions interpreting the statute of limitations in this MDL. Contra non valentem requires the jury to render findings that Plaintiff could not have discovered through the exercise of reasonable diligence that Taxotere was a potential cause of her injury. *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 392–93 (5th Cir. 2021) ("In summary, we interpret Louisiana law to require that once hair loss persisted after six months, contra non valentem tolled

4

the prescription period until the point when a prospective plaintiff through the exercise of reasonable diligence should have "considered [Taxotere] as a potential root cause of" her injury."); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Durden)*, 860 F. App'x 886, 893 (5th Cir. 2021) ("Durden failed to consider Taxotere as a potential cause of her persistent hair loss because she engaged in no reasonable inquiry to determine Taxotere's effects on the persistent loss of her hair."). Plaintiff's instruction omits reference to "actual knowledge" and fails to tell the jury what "constructive knowledge" means.

Plaintiff's proposed instruction improperly places the burden on Sanofi. The rule is the exact opposite: where a plaintiff is attempting to prove contra non valentem, she bears the burden. *See Hilman v. Succession of Merrett*, 291 So. 2d 429, 431 (La. Ct. App. 1974) ("As a general rule, the burden of proof rests upon a defendant pleading prescription as an affirmative defense. However, under an exception to the rule, where the petition of plaintiff, on its face, or the documents attached thereto and made a part thereof show that the cause of action has prescribed, plaintiff must allege and prove facts sufficient to show a suspension or interruption of prescription to bring the action within the prescriptive period.").

Plaintiff's instruction also incorrectly states, or at least implies, that Plaintiff must know the relevant diagnosis (*i.e.*, the question refers to "PCIA"), which will mislead the jury since there is no requirement under Louisiana law that the plaintiff have knowledge of the alleged diagnosis. *See Alexander v. Fulco*, 39,293 (La. App. 2 Cir. 2/25/05), 895 So. 2d 668, 674, writ denied, 2005-0781 (La. 5/6/05), 901 So. 2d 1107 ("[W]e cannot find that prescription was suspended until plaintiffs received diagnoses of their conditions.").

Finally, Plaintiff's instruction uses the vague word "association" rather than "a potential cause," which is the standard recognized by the Fifth Circuit. *See In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 995 F.3d at 393 ("[W]e consider the standard of 'knew or should have known,' *Oil Ins. Ltd.*, 977 So. 2d at 22, to mean they needed to investigate Taxotere as a potential cause.").

**Failure to Warn and Warnings Causation**:
Plaintiff's proposed jury interrogatories for failure to warn (Questions 1 and 2) incorrectly characterize Dr. Kardinal as Plaintiff's only prescribing physician. Dr. Larned, however, oversaw a majority of Plaintiff's chemotherapy infusions with Taxotere, wrote three out of the four prescriptions for Taxotere for Plaintiff, and made the independent medical decision to keep Plaintiff on chemotherapy with Taxotere. As a result, both Dr. Kardinal *and* Dr. Larned are considered prescribing physicians. *See* Rec. Doc. 11803 at 4–5 (holding Dr. Larned can testify about "her specific care of Plaintiff Kahn[,] . . . [including] the drugs she recommended, and she can answer questions about whether she was aware of reports of persistent hair loss associated with these drugs.").

In addition, the Plaintiff's proposed interrogatory lacks essential aspects of the applicable standard for warnings causation and failure to warn.

5

First, the plaintiff's proposed interrogatory asks only whether Sanofi failed to provide an adequate warning, rather than asking whether Sanofi failed **to take reasonable care** to provide an adequate warning to Plaintiff's prescribing physician(s).  La. Rev. Stat. Ann. § 9:2800.57(A) ("A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed **to use reasonable care to** provide an adequate warning of such characteristic and its danger to users and handlers of the product") (emphasis added).

Second, on warnings causation, Plaintiff's proposed interrogatory uses the "substantial contributing factor" language, rather than the applicable standard for warnings causation that Plaintiff's prescribing physician(s) would not have prescribed Taxotere to Plaintiff and Plaintiff would not have suffered her injury if an adequate warning had accompanied Taxotere.  *See In re Taxotere (Docetaxel) Prods. Liab. Litig. (Phillips)*, 994 F.3d 704, 708 (5th Cir. 2021) ("Pursuant to the Louisiana Products Liability Act, a plaintiff asserting a failure-to-warn claim must prove: (1) a manufacturer's failure to adequately warn the prescribing physician of a risk associated with the product that the physician did not otherwise know about, and (2) that the failure to warn was the cause in fact and the proximate, or legal, cause of the plaintiff's injury." (*citing Kampmann v. Mason*, 921 So. 2d 1093, 1094 (La. Ct. App. 2006))).

**Damages:**
Plaintiff's verdict form includes categories of damages that are redundant (*i.e.*, "disfigurement," "loss of enjoyment of life," "mental anguish," and "pain and suffering").  The Court should not permit these inapplicable and redundant categories of damages.

**Instructions:**
Plaintiff's verdict form fails to instruct the jurors to stop deliberating if a "No" answer is reached in response to an essential element of the Plaintiff's case.  This instruction is necessary, however, to ensure that the jury does not render inconsistent verdicts.  *See Crossland v. Canteen Corp.*, 711 F.2d 714, 726 (5th Cir. 1983) (holding that the court should not invite inconsistent verdicts, and a new trial may be necessary when the jury's inconsistent verdicts cannot be reconciled).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

This Document Relates To:

Elizabeth Kahn, Case No. 2:16-cv-17039.

MDL No. 2740

SECTION: "H" (5)

HON. JANE TRICHE MILAZZO

**DEFENDANTS' PROPOSED JURY VERDICT FORM**

1. **Did you find by a preponderance of the evidence that Plaintiff has permanent chemotherapy-induced alopecia caused by Taxotere?**

    \_\_\_ YES        \_\_\_ NO

    If the answer to Question 1 is "No," please sign the Verdict Form and return to the courtroom.

    If the answer to Question 1 is "Yes," please proceed to Question 2.

2. **Do you find by a preponderance of the evidence that Sanofi failed to take reasonable care to provide an adequate warning to Plaintiff's prescribing physician(s) of the risk of permanent chemotherapy-induced alopecia associated with Taxotere?**

    \_\_\_ YES        \_\_\_ NO

    If the answer to Question 2 is "No," please sign the Verdict Form and return to the courtroom.

    If the answer to Question 2 is "Yes," please proceed to Question 3.

3. **Do you find by a preponderance of the evidence that Plaintiff's prescribing physician(s) would not have prescribed Taxotere to Plaintiff and Plaintiff would not have suffered her**

7

**injury if an adequate warning had accompanied Taxotere?**

\_\_\_ **YES**        \_\_\_ **NO**

If the answer to Question 3 is "No," please sign the Verdict Form and return to the courtroom.

If the answer to Question 3 is "Yes," please proceed to Question 4.

4. **Do you find by a preponderance of the evidence that, before December 9, 2015, Plaintiff could not have discovered through the exercise of reasonable diligence that Taxotere was a potential cause of her injury?**

\_\_\_ **YES**        \_\_\_ **NO**

If the answer to Question 4 is "No," please sign the Verdict Form and return to the courtroom.

If the answer to Question 4 is "Yes," please proceed to Question 5.

5. **What amount do you find by a preponderance of the evidence is appropriate to fairly and adequately compensate Plaintiff for her injuries?**

Permanent disfigurement                $_____
Mental anguish and loss                $_____
of enjoyment of life, past,
present, and future

New Orleans, Louisiana, this \_\_\_\_ day of November, 2021.

_____
**JURY REPRESENTATIVE**

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM**

Plaintiff has proposed a verdict form that is based on the form used in the *Earnest* trial with modest changes, including the order of interrogatories, so that the parties can glean important information from this second bellwether trial on the adequacy of Sanofi's warnings. Such a sequence makes practical sense in terms of the normal, ordinary progression of verdict forms, and in terms of mirroring the required proof of an LPLA inadequate warning claim, *i.e.*, to first assess liability, then whether that fault caused an injury, and finally the amount of any damages for said injury. Sanofi's proposed verdict form, by contrast, does not track the LPLA and pattern jury instructions and includes unnecessary language that requires Plaintiff to meet a higher burden than exists under the law.

#1 SPECIFIC CAUSATION

Plaintiff objects to this specific causation question for two reasons: (1) as stated above, Plaintiff's position is that the order of the verdict form should present the jury with the inadequate warning question first, as is done in the LPLA, followed by the causation questions; and (2) the interrogatory improperly suggests a higher burden than necessary "caused" without mentioning the "substantial contributing factor" test for proximate causation in the jury charges. *See Earnest* jury instructions Plaintiff's proposed jury instructions on causation; Plaintiff's objections to Sanofi's proposed jury instructions on causation. Plaintiff need not prove Taxotere was the sole cause.

#2 ADEQUACY OF WARNING:

Both Plaintiff's proposed verdict form and the one used in *Earnest* ask the jury whether "Sanofi inadequately warned" or "Sanofi failed to adequately warn" of the risk of PCIA. There is no reason to depart from that phrasing in favor of the lengthier "failed to take reasonable care to provide an adequate warning," which Defendants propose, as the jury will be instructed on the standard for finding an inadequate warning. Further, this language does not track the LPLA, which requires a product manufacturer to "use" reasonable care—and not to "take" care.

#3 LEARNED INTERMEDIARY:

The verdict form used in *Earnest* asked the jury whether the plaintiff proved that Sanofi's failure to warn "caused her injuries." Plaintiff requests that the Court adopt a questionnaire that clarifies that this means whether "a proper warning would have *changed the decision of the treating physician*, *i.e.*, that but for the inadequate warning, the treating physician would not have used or prescribed the product." *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2017 WL 1393480, at *3 (E.D. La. Apr. 17, 2017) (quoting *Eschete ex rel. Exchete v. Roy*, 554 F. Supp. 2d 628, 633-34 (E.D. La. 2008)). Plaintiff submits that, while the *Earnest* instruction mirrors language found in the LPLA and caselaw, it is less precise on the actual legal question presented to the jury. Sanofi's proposed instructions and interrogatory unnecessarily compound the issues of warnings

9

causation (i.e., the learned intermediary defense) and medical causation substantial causing factor in a manner that likely will result in the jury confusing the issues to be decided.

Notwithstanding which phrasing the Court prefers—injury or prescribing decision—Defendants' proposal is inappropriate because it includes both. In this way, it suggests that Plaintiff must prove that a faulty warning caused the treatment decision *and the injury*. This has potential to confuse issues of specific medical causation with whether an adequate warning would have changed the prescribing discussion. To illustrate: under Defendants' formulation, the jury could find that Dr. Kardinal relied on the deficient label, but that the treatment didn't solely cause the injury—for instance, because there were contributing alternative cause. This could function as an end-run around the substantial factor test required under the law.  Plaintiff's proposed interrogatories more clearly ask the jury to decide (in separate questions) (a) whether an adequate warning would have changed the prescribing decision[1] and (b) whether Taxotere was a substantial contributing factor to Plaintiff's development of PCIA.

Finally, Plaintiff objects to the generic term "Plaintiff's prescribing doctor(s)" as Dr. Kardinal was the only doctor who was "in the room" with Ms. Kahn during the discussion of treatment options, the discussion of the risks and benefits of the drugs involved in the NSABP B40 clinical trial, and the shared decision making that resulted in Ms. Kahn consenting to and proceeding with the clinical trial.

#4 CONTRA NON VALENTEM:

Plaintiff does not object to rephrasing the *contra non valentem* question for the jury—by replacing the legal term "constructive knowledge" with terms more easily understood by the jury. Specifically, Plaintiffs propose focusing the jury question on the *reasonableness of Plaintiff's behavior* in the context of her treatment and the circumstances required to be considered under Louisiana law of liberative prescription and contra non valentem,[2] rather than on whether *it was possible* for her to discover a link to Taxotere on her own:

> Do you find that Ms. Kahn acted reasonably under all circumstances in relying on her physicians' guidance about the reason her hair did not regrow and in not filing a lawsuit until she learned of a connection between her condition and Taxotere in 2016?

#5 DAMAGES:

Defendants' verdict form and the form used in *Earnest* fail to capture all of the damage categories available to Ms. Kahn. As recognized by the Louisiana Supreme Court, "general damages in Louisiana are routinely dissected." *McGee v. A C And S, Inc.*, 33 So.2d 770, 774-75 (La. 2006). Indeed, "Courts commonly list different elements of general damages, including

---

[1] *See* Doc. 13062 at 7.
[2] *See* Doc. 12805.

mental anguish and physical pain and suffering, both past and future, separately. In addition, general damages for permanent scarring and/or disfigurement are often listed separately." *Id.* Here, further consideration of the specific line items may be addressed at the charge conference following introduction of all evidence in this case.

| **As-Read in Earnest** | **Plaintiff's Proposed Interrogatory** | **Defendants' Proposed Interrogatory** |
|---|---|---|
| Do you find by a preponderance of the evidence that Barbara Earnest has permanent chemotherapy-induced alopecia caused by Taxotere?<br><br>___ YES         ___ NO<br><br>If the answer to Question 1 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 1 is "Yes," please proceed to Question 2. | Do you find by a preponderance of the evidence that <u>Sanofi failed to adequately warn Dr. Kardinal of the risk of Permanent Chemotherapy-Induced Alopecia ("PCIA") with the use of Taxotere?</u> ~~Barbara Earnest has permanent chemotherapy-induced alopecia caused by Taxotere?~~<br><br>____ YES         ____ NO<br><br>~~If the answer to Question 1 is "No," please sign the Verdict Form and return to the courtroom.~~  If the answer ~~to Question 1~~ is "Yes," ~~please~~ proceed to Question 2. | **D**<u>id</u>~~o~~ **you find by a preponderance of the evidence that** ~~Barbara Earnest~~ **<u>Plaintiff</u> has permanent chemotherapy-induced alopecia caused by Taxotere?**<br><br>____ YES         ____ NO<br><br>If the answer to Question 1 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 1 is "Yes," please proceed to Question 2. |
| Do you find by a preponderance of the evidence that Sanofi inadequately warned Dr. Cardiner of the risk of permanent chemotherapy-induced alopecia associated with Taxotere?<br><br>____ YES         ____ NO<br><br>If the answer to Question 2 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 2 is "Yes," please proceed to Question 3. | Do you find by a preponderance of the evidence that <u>that an adequate warning would have resulted in Dr. Kardinal not prescribing taxotere to Ms. Kahn?</u>~~Sanofi inadequately warned Dr. Cardiner of the risk of permanent chemotherapy induced alopecia associated with Taxotere?~~<br><br>____ YES         ____ NO<br><br>~~If the answer to Question 2 is "No," please sign the Verdict Form and return to the courtroom.~~  If the answer ~~to Question 2~~ is "Yes," ~~please~~ proceed to Question 3. | **Do you find by a preponderance of the evidence that Sanofi <u>failed to take reasonable care to provide an adequate warning to Plaintiff's prescribing physician(s)</u>** ~~inadequately warned Dr. Cardiner~~ **of the risk of permanent chemotherapy-induced alopecia associated with Taxotere?**<br><br>___ YES         ___ NO<br><br>If the answer to Question 2 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 2 is "Yes," please proceed to Question 3. |

| | | |
|---|---|---|
| Do you find by a preponderance of the evidence that the Defendants' failure to warn Dr. Carinder was the proximate cause of Barabara Earnest's injuries?<br><br>____ YES          ____ NO<br><br>If the answer to Question 3 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 3 is "Yes," please proceed to Question 4. | Do you find by a preponderance of the evidence that <u>Taxotere was a substantial contributing factor in causing Ms. Kahn's PCIA</u><s>the Defendants' failure to warn Dr. Carinder was the proximate cause of Barabara Earnest's injuries</s>?<br><br>____ YES          ____ NO<br><br><s>If the answer to Question 3 is "No," please sign the Verdict Form and return to the courtroom.</s>  If the answer <s>to Question 3</s> is "Yes," <s>please</s> proceed to Question 4. | **Do you find by a preponderance of the evidence that <u>Plaintiff's prescribing physician(s) would not have prescribed Taxotere to Plaintiff and Plaintiff would not have suffered her injury if an adequate warning had accompanied Taxotere?</u>** <s>the Defendants' failure to warn Dr. Carinder was the proximate cause of Barabara Earnest's injuries?</s><br><br>___ YES          ___ NO<br><br>If the answer to Question 3 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 3 is "Yes," please proceed to Question 4. |
| Do you find by a preponderance of the evidence that Barbara Earnest lacked actual or constructive knowledge of facts indicating that she was a victim of a tort prior to December 12, 2015?<br><br>____ YES          ____ NO<br><br>If the answer to Question 4 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 4 is "Yes," please proceed to Question 5. | Do you find by a preponderance of the evidence that <u>Ms. Kahn</u> <s>Barbara Earnest</s> <u>constructive knowledge that she had developed PCIA and of the association between Taxotere and her PCIA</u> <s>lacked actual or constructive knowledge of facts indicating that she was a victim of a tort</s> prior to December <u>9</u><s>12</s>, 2015?<br><br>___ YES          ___NO<br><br>If <s>the answer to Question 4 is "No,"</s><u>no,</u> please sign the Verdict Form and return to the courtroom.  If the answer to Question 4 is "Yes," <s>please</s> proceed to Question 5. | **Do you find by a preponderance of the evidence that <u>before December 9, 2015, Plaintiff</u> <s>Barbara Earnest</s> <u>could not have discovered through the exercise of reasonable diligence that Taxotere was a potential cause of her injury</u><s>lacked actual or constructive knowledge of facts indicating that she was a victim of a tort prior to December 12, 2015</s>?**<br><br>___ YES          ___ NO<br><br>If the answer to Question 4 is "No," please sign the Verdict Form and return to the courtroom.  If the answer to Question 4 is "Yes," please proceed to Question 5. |

13

| | | |
|---|---|---|
| What amount do you find by a preponderance of the evidence is appropriate to fairly and adequately compensate Barbara Earnest for her injuries?<br><br>Permanent disfigurement $_____<br><br>Mental anguish and loss of enjoyment of life, past, present, and future  $_____ | What amount do you find by a preponderance of the evidence is appropriate to fairly and adequately compensate ~~Barbara Earnest~~<ins>Ms. Kahn</ins> for her ~~injuries~~<ins>PCIA</ins>?<br><br>Permanent disfigurement $_____<br><br><ins>Past present and future Mental anguish $_____</ins><br><br><ins>Pass, present and future of loss of enjoyment of life             $_____</ins><br>~~Mental anguish and loss of enjoyment of life, past, present, and future     $_____~~ | **What amount do you find by a preponderance of the evidence is appropriate to fairly and adequately compensate <ins>Plaintiff</ins> ~~Barbara Earnest~~ for her injuries?**<br><br>Permanent disfigurement    $_____<br><br>Mental anguish and loss of enjoyment of life, past, present, and future           $_____ |

14