


November 13, 2021

VIA ELECTRONIC MAIL

Harley V. Ratliff

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
hratliff@shb.com

Honorable Jane Triche Milazzo
United States District Court
Eastern District of Louisiana
U.S. Courthouse
500 Poydras Street, Room C206
New Orleans, LA 70130

**Re:** ***In re: Taxotere (Docetaxel) Products Liability Litigation (Kahn)*, Case No. 2:16-cv-17039**
**Testimony and Cross-Examination of Dr. Laura Plunkett**

Dear Judge Milazzo:

Plaintiff's counsel's decision to alter the bases for the opinion testimony of Dr. Laura Plunkett, Plaintiff's regulatory and labeling expert, raises serious concerns about the fairness of this trial. Trial-by-ambush is "an evil" that must be rejected. *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (explaining that "trial-by-ambush . . . threatened civil litigation" (citations omitted)). Yet, that is exactly what occurred. In this case, Dr. Plunkett's testimony should be stricken entirely because: (1) she provided new foundation for her labeling opinion; and (2) Sanofi's counsel was not permitted to cross-exam her on the bases of her opinions as disclosed in her Rule 26 Report.

On Friday, Dr. Plunkett dropped multiple previously disclosed bases for her labeling opinion—which comprised the foundation the Court previously analyzed in its *Daubert* order—and instead offered multiple new company documents in support. Both counsel and the Court recognized the problem.

Mr. Strongman repeatedly objected that, while the ultimate conclusion Dr. Plunkett offered on direct was the same, "it wasn't even remotely close to the bases she stated in her report . . . there was nothing about Dr. Madigan's [FAERS], there was nothing about Dr. Madigan's internal database, there was nothing about Nabholtz, which those are three of the four most important items in the report."[1] The Court *also* recognized that Dr. Plunkett dropped the primary bases for her opinions on direct: "it just seemed like that was not the clear underpinnings of her report. I thought her report relied primarily on Dr. Madigan's work."[2]

Plaintiff's counsel's failure to disclose the new bases for Dr. Plunkett's opinions violated Rule 26. The prejudice to Sanofi was evident, as it did not have an opportunity to prepare a cross-examination of Dr. Plunkett on bases not previously disclosed. That prejudice was then compounded by Plaintiff's counsel's objections to Sanofi's questions about the

[1] Tr. 1016:8-14.
[2] Tr. 1018:5-9.






original foundation for Dr. Plunkett's opinions—questions that were permissible under Rule 705. The prejudice cannot be undone. Sanofi therefore seeks an order striking Dr. Plunkett's testimony in its entirety under Federal Rules of Civil Procedure 26(a)(2)(E), 26(e), 37(c)(1), and Federal Rule of Evidence 705.

## I. Plaintiff violated Rule 26 by failing to disclose the new bases for Dr. Plunkett's opinions prior to trial.

An expert's Rule 26 report must be complete to avoid ambush at trial. *Beane v. Util. Trailer Mfg. Co.*, 934 F. Supp. 871, 877–78 (W.D. La. 2013) (precluding expert's opinions disclosed for the first time two weeks before trial). In her supplemental report served earlier this year, Dr. Plunkett relied on seven key items in support of her new labeling opinion: (1) Dr. Madigan's FAERS adverse event analysis;[3] (2) Dr. Madigan's analysis of Sanofi's pharmacovigilance database;[4] (3) Dr. Madigan's meta-analysis of the TAX316 and TAX301 clinical trials;[5] (4) the *Nabholtz* article;[6] (5) the *Sedlacek* article;[7] (6) interim data from the TAX316 study; and (7) her toxicology and pharmacology opinions.[8]

Sanofi timely moved to exclude Dr. Plunkett's opinions as lacking foundation under Rule 702 and *Daubert*, but the Court disagreed.[9]

At trial, however, Dr. Plunkett tossed aside her disclosed foundation and instead claimed her opinion was now supported by: (1) "Amy Freedman's comment";[10] (2) the April 2006 meeting at Sanofi;[11] (3) the *Sedlacek* article;[12] (4) an email from Emanuel Palatinsky;[13] and (5) a generalized reference to Sanofi's pharmacovigilance database.[14]

Absent from her testimony were nearly all of the foundational evidence of her expert report—including Tax 316, Tax 301, Dr. Madigan's analysis, the *Nabholtz* study, and her toxicology and pharmacology opinions. The only foundational evidence she did discuss was the *Sedlacek* article. Although Dr. Plunkett generically references company documents as background support for her toxicology report, they were not the stated basis for her labeling opinions. And, while Dr. Plunkett's "reliance list" may contain hundreds of documents and depositions (and exhibits to depositions), that alone does not permit her to later pick and choose at trial which of these actually serve as the foundation for her final opinion. It is, instead, her Rule 26 report that plainly identifies the bases for labeling opinion. Discarding such bases after *Daubert* further calls into question the reliability of her trial testimony.

---

3 Plunkett Rpt. ¶ 94.
4 *Id.*
5 Plunkett Rpt. ¶ 92.
6 Plunkett Rpt. ¶ 96.
7 *Id.*
8 Plunkett Rpt. ¶ 98.
9 Rec. Doc. 13131.
10 Tr. 1004:4–5.
11 *Id.* 1004:6–8.
12 *Id.* 1004:9–10.
13 *Id.* 1004:11–13.
14 *Id.* 1004:18–1005:5. Dr. Plunkett's generic reference to Sanofi's pharmacovigilance database should not be misinterpreted to mean that Dr. Plunkett performed *her own analysis* of the database. She did not. She relied only on Dr. Madigan's analysis of Sanofi's database, as she states repeatedly in her report.






Under the Federal Rules, an expert may not, for the first time at trial, offer a different foundation for her opinion. Rather, if Dr. Plunkett wanted to add new bases for her labeling opinion (and discard those previously disclosed), Rule 26(e) required Plaintiff to timely submit an amended Rule 26 report disclosing them. Fed. R. Civ. P. 26(e). Plaintiff violated Rule 26 by failing to do so.

"In evaluating whether a violation of Rule 26 is harmless, [courts] examine four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Lofton v. McNeil Consumer & Specialty Pharms.*, No. 3:05-CV-1531-L (BH), 2008 WL 4878066, at *10 (N.D. Tex. July 25, 2008) (citation omitted).

This is a failure-to-warn case. The importance of Dr. Plunkett's opinion—the only labeling expert they intend to call—is indisputable. So, too, is the prejudice to Sanofi by Dr. Plunkett offering four entirely new bases for her labeling opinion—bases Sanofi had no opportunity to explore at deposition because they were not previously disclosed.

There is no possibility to cure this prejudice by a continuance. Dr. Plunkett's examination concluded on the afternoon of Friday, November 12. She lives in Houston, Texas, and is not expected to be called again at trial. This was Sanofi's only opportunity to cross-examine Dr. Plunkett about her labeling opinion, yet Sanofi was unaware until Dr. Plunkett took the stand that she would be offering a new foundation.

Regarding the fourth factor, Plaintiff's counsel prepared for Dr. Plunkett's testimony before she took the stand, and, in fact, determined that Dr. Plunkett would no longer offer a toxicology opinion—rather, she would focus solely on labeling. Plaintiff's counsel was surely aware that Dr. Plunkett would offer a new foundation for that opinion. That decision violated Rule 26.

In doing so, Plaintiff deprived Sanofi of a fair opportunity to prepare for her cross examination. This was not a "harmless" violation of Rule 26—it was both admittedly calculated and prejudicial. Although Plaintiff's counsel may find it advantageous to swap out the evidence Dr. Plunkett relied upon for the documents they find best fits their trial themes, the Court permitting them to do so renders the disclosure of Rule 26 reports, *Daubert*, and *in limine* briefing meaningless.[15] If Dr. Plunkett had been transparent about the *true* bases underlying her opinions, Sanofi's *Daubert* challenge would have looked

[15] Plaintiff's counsel knew the limitations in the Court's *in limine* ruling on Sanofi's motion to preclude evidence of Sanofi's corporate intent. By using company documents rather than the previously disclosed bases for her opinions, Dr. Plunkett attempts to divine Sanofi's motives and intent, responding then to each question as if her answers had the imprimatur of the Food and Drug Administration. This tactic is not new for Dr. Plunkett, and it is excludable. *See, e.g.*, *Roberto v. Boehringer Ingelheim Pharms., Inc.*, 2019 WL 5068452, at *7 (Conn. Super. Ct. Sept. 11, 2019) ("Although Plunkett was entitled to review company documents and explain the process for developing Pradaxa, the court believes that Plunkett engaged in unreliable mind-reading in concluding that the company put sales over safety."). Such speculation violates the Court's ruling on Sanofi's Motion *in Limine* No. 11 and is extremely prejudicial.






much different and, likely the Court's ruling as well.[16] Instead, Plaintiff's counsel waited until trial to lift back the curtain.

The only remedy now is to strike Dr. Plunkett's testimony in its entirety. *See Beane*, 934 F. Supp. at 877–78; *see also Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008–09 (8th Cir. 1998) (affirming exclusion of new expert opinions submitted for the first time after the close of discovery where the other party would have been significantly prejudiced because of lack of time to prepare to refute the evidence at trial).

## II. Sanofi was improperly precluded from conducting a full cross-examination of the bases for Dr. Plunkett's opinions under Rule 705.

Plaintiff's counsel's failure to timely disclose the new foundation for Dr. Plunkett's labeling opinion resulted in obvious prejudice. Rule 705 "assumes that the cross-examiner has the advance knowledge which is essential for effective cross-examination." Advisory Committee Notes, Fed. R. Evid. 705. Here, Sanofi had no such knowledge, and so was precluded from conducting a full and fair examination.

Sanofi expressed concern about its ability to conduct a full and fair examination:

> She didn't put any opinion in this report on her own search of Sanofi's pharmacovigilance database. What she said was, "I looked at Dr. Madigan's Sanofi database and that's what I relied on." Now Dr. Madigan's Sanofi internal database search has some problems -- that's why they're not talking about it. *So we have a situation where I just don't know how to cross-examine this witness based on what has been put out there as the foundation, which is an entirely different shifting foundation that was put out originally*.[17]

That prejudice was compounded when Plaintiff's counsel convinced the Court to sustain objections to valid inquiries on cross.

The Fifth Circuit has repeatedly recognized under Rule 705 that, although an expert may give her opinions without first offering the underlying facts or data, the cross-examiner must be given a full and fair opportunity to elicit and challenge the bases underlying those opinions.[18] *See Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 545 (5th Cir. 1978)

---

[16] Dr. Plunkett's opinions have been excluded by numerous courts. *See Rodman v. Otsuka America Pharmaceutical, Inc.*, No. 18-cv-03732, 2020 WL 2525032, at *5 (N.D. Cal. May 18, 2020) (excluding Dr. Plunkett's opinions for "extrapolat[ing] conclusions beyond the scope of her resources."); *In re Mirena Ius Levonorgestrel-Related Prod. Liab. Litig.* (No. II), 341 F. Supp. 3d 213, 260 (S.D.N.Y. 2018) (excluding Dr. Plunkett because "there [was] too great an analytic gap between the available data and the conclusion."); *Terry v. McNeil-PPC, Inc. (In re Tylenol (Acetaminophen) Mktg., Sales Practices, & Prods. Liab. Litig.)*, MDL No. 2436, 2:12-cv-07263, 2016 U.S. Dist. LEXIS 99175, at *29 (E.D. Pa. July 28, 2016) (excluding Dr. Plunkett's legal opinion because it would "not be helpful to the jury and could lead to confusion about the legal duties of the defendants in this case."); *Tsao v. Ferring Pharm., Inc.*, No. 4:16-cv-01724, 2018 U.S. Dist. LEXIS 49173, at *31 (S.D. Tex. Mar. 26, 2018) (excluding Dr. Plunkett in part based on impermissible legal conclusions).

[17] Tr. 1025:7–15 (emphasis added).

[18] Importantly, while Rule 705 does not require an expert to offer the bases for her opinions on direct examination *to the jury*, it does not relieve Plaintiff's counsel from their obligation to properly disclose the bases for the expert's opinion prior to trial under Rule 26.






("Rule 705, while continuing the often-criticized use of hypothetical questions, removes the need for the expert to make elaborate disclosures of the bases of his opinion. Rather, the onus of eliciting the bases of the opinion is placed on the cross-examiner."); *see also United States v. A & S Council Oil Co.*, 947 F.2d 1128, 1135 (4th Cir. 1991) ("Council should have been permitted to fully explore the bases of [the expert's] opinion, including inquiry about [information the expert discounted]. Rule 703 creates a shield by which a party may enjoy the benefit of inadmissible evidence by wrapping it in an expert's opinion; Rule 705 is the cross-examiner's sword, and, within very broad limits, he may wield it as he likes.")). Even if Plaintiff's counsel chose not to explore the previously disclosed bases for Dr. Plunkett's opinions on direct, Rule 705 allowed Sanofi to explore them on cross-examination.

As the Court called out in its *Daubert* Order and Reasons, the underpinning of Dr. Plunkett's labeling opinion is a comparison of other chemotherapy agents:

> Taxotere/ docetaxel use is associated with an increased risk of CIPAL/ PCIA **as compared to other drugs used in breast cancer treatment**. **Thus, the evidence discussed in my March Report provides important support for my new opinion that there is a basis** in the Taxotere database, importantly including clinical trial evidence, **"to believe there is a causal relationship between the drug and the occurrence of the adverse event."**[19]

Further, Dr. Plunkett identifies that her March report, *her toxicology report*, provided her "important support for [her] new opinion."

Yet, when Mr. Strongman attempted to ask Dr. Plunkett about the evidence that exists regarding PCIA and other chemotherapies besides Taxotere, *an issue directly addressed in her expert report*, counsel's objection was sustained:

> Q: And you know there are case reports of permanent alopecia with Adriamycin.
>
> Mr. Micheli: Objection, Your Honor. Outside the scope.
>
> The Court: Sustained.[20]

In sustaining counsel's objection, the Court precluded Sanofi from eliciting testimony to undermine the credibility of Dr. Plunkett's opinions.[21] That was error. *See United States v. A & S Council Oil Co.*, 947 F.2d 1128, 1135 (4th Cir. 1991) ("Full examination of the underpinnings of an expert's opinion is permitted because the expert, like all witnesses, puts his credibility in issue by taking the stand."); Advisory Committee Notes, Fed. R. Evid. 705 ("If the objection is made that leaving it to the cross-examiner to bring out the

---

[19] *See* Rec. Doc. 13131 at 6 (Order and Reasons on Sanofi's Motion to Exclude Supp. Opinion of Dr. Plunkett) (emphases added).

[20] Tr. 1079:9-13.

[21] *See id.* The Court also initially sustained an objection to questions regarding Dr. Sedlacek's article, then changed course when counsel for Sanofi reminded the Court of the relevance. *See* Tr. 1056:4-14. This, however, shows the very limited scope of cross-examination to which Sanofi was held.






supporting data is essentially unfair, the answer is that he is under no compulsion to bring out any facts or data except those unfavorable to the opinion."). Although Plaintiff's counsel stated that Sanofi could cross-examine Dr. Plunkett, he also repeatedly made sure that could not happen by objecting to permissible questions, which the Court sustained. Indeed, Sanofi informed the Court that Dr. Plunkett incorporated her prior toxicology and pharmacology opinions into her labeling report, attempting to overcome the limited scope that the Court had imposed on Sanofi's cross-examination. Plaintiff's counsel still objected and prohibited Sanofi from fully and fairly cross-examining Dr. Plunkett about the bases for her opinions.[22]

Sanofi had a right to examine Dr. Plunkett on *all* the disclosed bases for her opinions, whether covered on direct or not. The failure to allow Sanofi to do so resulted in real prejudice. *See A & S Council Oil Co.*, 947 F.2d 1128, at 1135 (reversing conviction and remanding for new trial where district court judge prohibited counsel from exploring the discounted bases of expert's opinion). Striking Dr. Plunkett's testimony is the only appropriate remedy.

Sincerely,

Harley V. Ratliff

cc: Trial counsel for Plaintiff and Sanofi

---

[22] Trial Tr. 1058:10-1059:10 ("She's offered [toxicology] opinions, she incorporated those opinions into her report. . . . They were opinions that she expressed in a report that she then incorporated in the report that she's used in this case.").