ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

LAW OFFICES
**GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.**
2800 ENERGY CENTRE
1100 POYDRAS
**NEW ORLEANS 70163-2800**

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

SAMUEL C. GAINSBURGH
(1926-2003)
JACK C. BENJAMIN
(1927-2018)

NEWROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

*REPLY TO NEW ORLEANS OFFICE*

November 13, 2021

*Via Email (Brittany_Flanders@laed.uscourts.gov)*
The Honorable Jane Triche Milazzo
United States District Court of the Eastern District of Louisiana
500 Poydras Street
Room C206
New Orleans, LA 70130

    Re:    Bellwether Trial 2A (*Kahn v. Sanofi-Aventis U.S. LLC*)
              *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740

Dear Judge Milazzo:

    Plaintiff submits this letter brief pursuant to the Court's request following Sanofi's oral motion to strike the testimony of Plaintiff's regulatory expert, Dr. Laura Plunkett. The reasons Sanofi offered the Court were varied, but essentially boil down to prejudice that it claims occurred when Dr. Plunkett didn't raise all of the several bases provided in her expert report in support her regulatory conclusions. Sanofi's position, if accepted, would usurp Plaintiff's ability to determine the scope of her own direct examination of her expert.[1]

    Sanofi's position fails for several reasons, not least of which is that it failed to make any effort to object during direct examination to an opinion it claims was insufficiently reliable for the jury to hear. Indeed, Plaintiff's counsel elicited exhaustive testimony regarding the bases for Dr. Plunkett's conclusions two times without any objection to them (Tr. at 985 – 1015) —it complained at sidebar only after the direct examination concluded. (Tr. 1015:1-10.)

    Sanofi's position might be more compelling if—as it claims—it were a victim of "trial by surprise." But this is impossible for two reasons. First, under Federal Rule of Evidence 705, Plaintiff was under no obligation to offer ***any*** of the bases for her expert's opinions during direct examination. Fed. R. Evid. 705 ("[A]n expert may state an opinion – and give reasons for it –

---

[1] As the Court is aware, Dr. Plunkett issued two expert reports in this case: one addressing regulatory issues and a second addressing pharmacology and toxicology. Plaintiff chose to only offer Dr. Plunkett's regulatory opinions at trial. As a result, Dr. Plunkett offered no opinions based on her pharmacology/toxicology report.

without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination."); *see also Stecyk v. Bell Helicopter Textron*, 295 F.3d 408, 413 (3rd Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination."). Nonetheless, she did so, and exhaustively.

Moreover, each piece of evidence offered in support of Dr. Plunkett's conclusion was presented in her Rule 26 expert disclosures in advance of trial. These are:

- Sanofi's 2006 internal global safety meeting discussing temporary versus permanent hair loss;

- Testimony from company witness Amy Freedman;

- Published study from Dr. Sedlacek;

- Dr. Palatinsky's e-mail and suggested edits to a Canadian informed consent form and Dr. Palatinsky's deposition on the same; and

- Pre-2008 adverse event reports from Sanofi's internal Taxotere database.

There is no plausible reason why Sanofi could not effectively cross-examine Dr. Plunkett on these bases for her opinion. What's more is that all the evidence she discussed on direct has either been in the company's possession for over a decade—or is itself a company statement or document. The fact that Sanofi prepared its cross expecting a carbon copy of Dr. Plunkett's *Earnest* testimony—as evidenced by its use of her 2018 deposition for impeachment—was its own choice.

Further, Sanofi's claim that Dr. Plunkett's regulatory opinion is unreliable for not including Dr. Madigan's statistical analyses is in conflict with the Court's rulings. The Court has in fact held that the bases cited during her testimony Friday, with the addition of the Nabholtz study, were more than sufficient evidence of notice to put the question before the jury—and in fact nearly enough to warrant summary judgment in Plaintiffs' favor on that issue. (*See* ECF No. 10704 at 9.) Importantly, the Court did not reference any analysis by Dr. Madigan in its ruling—only adverse experiences from the clinical trials cited by Mackey. Further, in finding Dr. Plunkett's regulatory opinion in this trial satisfies *Daubert*, the Court singled out evidence in the internal Taxotere database as supporting her conclusions. (ECF No. 13131 at 6.) Dr. Plunkett was explicit at trial that she considered those same self-identified cases of irreversible or permanent in Sanofi's database in reaching her opinions. Importantly, these are separate and apart from any FAERs-related safety signals that were the subjects of Dr. Madigan's analysis. If the root of Sanofi's objection is its inability to discredit Dr. Madigan's analysis, it may do so when Dr. Madigan himself takes the stand.[2]

---

[2] Although Plaintiff understood the Court's request for this letter brief only to cover those issues contained herein, out an abundance of caution, to the extent Sanofi seeks a directed verdict based on exclusion of Dr. Plunkett, such a request is not supported in the law.  Adequacy of a drug label is not an expert question or a legal question – it is a question of fact for the jury to decide under the laws applicable to each Plaintiff's claim. *McNeil v. Wyeth*, 462 F.3d 364, 371 (5th Cir. 2006) (reversing summary judgment order, finding it "inappropriate" as "Reasonable minds can

For the foregoing reasons, the Court should deny Sanofi's oral motion to strike the expert testimony of Dr. Laura Plunkett.

Respectfully submitted,

*/s/ M. Palmer Lambert*

M. Palmer Lambert

cc:     Plaintiffs' and Defendants' Liaison Counsel

---

differ" on the adequacy of the drug label, and finding that defendant "Wyeth is free to argue, to a jury, its views of the proper weight to be given to these studies"). In re Fosamax Prods. Liab. Litig., 645 F.Supp.2d 164, 191 (S.D.N.Y.2009) (admitting expert testimony about "general FDA regulatory requirements and procedures" because "[a] lay jury cannot be expected to understand the complex regulatory framework that informs the standard of care in the pharmaceutical industry").