# Palmer Lambert

| | |
|---|---|
| **From:** | Palmer Lambert |
| **Sent:** | Sunday, November 7, 2021 9:51 PM |
| **To:** | Brittany Flanders |
| **Cc:** | Douglas J. Moore (dmoore@irwinllc.com); Dawn Barrios (barrios@bkc-law.com) |
| **Subject:** | Taxotere MDL - Trial 2A (Kahn) - Day 1 Exhibits, Objections and Responses |
| **Attachments:** | Day 1 Exhibits.zip |

Dear Brittany,

Attached are the exhibits for Monday's witnesses. Below is a chart containing Sanofi's objections and Plaintiff's responses:

### Frances Polizzano
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-1 | Sanofi_01038470-74 – Excerpt from conditionally excluded marketing materials that Dr. Polizzano had not seen prior to her deposition and was unrelated to her job responsibilities. | MIL 17 (Promotional Materials Not Used with Ms. Kahn): P-1 is a Nursing brochure that was not used or given to Ms. Kahn, and the Court conditionally granted Sanofi's motion *in limine*.<br><br>Irrelevant/lacks foundation (401/402): Dr. Polizzano testified that she has never seen this document and it is difficult for her to comment on, testify to, or provide opinions about it; Dr. Polizzano was not in marketing or medical affairs departments; and she was not designated as a 30(b)(6) witness to provide testimony on behalf of Sanofi. Neither Ms. Kahn nor her prescribing physicians saw or relied on the document.<br><br>Misleading, Unduly Prejudicial (403): Soliciting testimony and opinions outside of Dr. Polizzano's role is improper and will mislead the jury. | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 37). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.<br><br>Responding further, the document provides statements against interest (801(d)(2)), in a document that Sanofi represents is a Sanofi document, and the statements that alopecia is a "common, yet temporary, side effect" and stating "[w]hen my hair grows back…" |

| | | | |
|---|---|---|---|
| | | MIL 18 (Non-Expert Causation): The use of this document with this witness constitutes improper causation testimony from a non-expert.<br><br>Incomplete (106): These 5 pages are part of a 68-page document not admitted with this witness. | are directly contradictory to Sanofi's arguments that its warnings were intended to convey a risk of both temporary and permanent hair loss. Relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning, through a senior director in U.S. Regulatory Affairs. |

**Amy Freedman**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-21 | E-mail (3/5/2006) (Sanofi 01035459) | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Hearsay (802); MIL 5 (Adverse Event Reports – Deferred); MIL 24 (Foreign Labeling – Granted/Denied In Part). | Subsequent to the Court's MIL rulings, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 40-41). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi. Responding further, the document contains statements against interest (801(d)(2)). Relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning, through Sanofi's Global Safety Officer over Taxotere. |
| P-28 | Freedman Deposition 11 - (Sanofi_05364125-31) | Irrelevant (401/402); Vague, Ambiguous (403); Cumulative (403); Prejudicial and Misleading (403); Compound; MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 12 (Bad Acts – Conditionally Granted); MIL 24 (Foreign Labeling – Granted/Denied In Part). | Subsequent to the Court's MIL rulings, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 41). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi. Responding further, the document contains statements against interest |

2

| | |
|---|---|
| Additionally, Plaintiff's use of this document is misleading and unduly prejudicial because Plaintiff calls out the words "private and confidential" in bright yellow and plans to present these words to the jury during unrelated testimony on the document. Plaintiff secured <u>no</u> testimony regarding the words "private and confidential" at any point during the Freedman deposition and should be precluded from calling these words out to the jury during unrelated testimony. | (801(d)(2)). Relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning, through Sanofi's Global Safety Officer over Taxotere.<br><br>Regarding the highlighted callouts, exhibits within these depositions are evidence. Had the witness been available and live, Plaintiff would have been able to highlight documents for the jury's attention to certain portions of documents. Within the designations, we have worked cooperatively to allow each side to dictate what documents appear and when during their particular designations or counter-designations. The words "private and confidential" are part of the original document created in the course and scope of Sanofi's business activities. This is not a confidentiality stamp as part of a discovery production. It is important for the jury to understand what information on the one hand was being provided to the public, and what information, on the other hand was internal and confidential. This is particularly important, where, as here, Sanofi will argue that Ms. Kahn filed her lawsuit too late, should have connected the dots earlier, and acted unreasonably in relying on her doctors who were not provided this confidential information. |

**Ruth Avila**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-1 | Sanofi_01038470-74 – Excerpt from conditionally excluded marketing materials that Ms. Kahn, Dr. Kardinal and Dr. Larned did not see or rely on. | Incomplete (106); Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); MIL 17 (Irrelevant Marketing Materials - Conditionally Granted); MIL 18 (Non-expert Causation Testimony - Deferred).<br><br>Specifically, P-1 is a Nursing brochure that was not used or given to Ms. Kahn, and the Court conditionally granted Sanofi's motion *in limine*. | See Response to P-1 Objection, above, in Polizzano. |
| P-280 | Taxotere (docetaxel) Label (Sanofi_000393-000449) | No objection. | |

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| D-570 | Sanofi_01038470 – 537 — Conditionally excluded marketing materials that Ms. Kahn, Dr. Kardinal and Dr. Larned did not see or rely on. | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); MIL 17 (Irrelevant Marketing Materials - Conditionally Granted); MIL 18 (Non-expert Causation Testimony - Deferred).<br><br>Specifically, D-570 is a Nursing brochure that was not used or given to Ms. Kahn, and the Court conditionally granted Sanofi's motion *in limine*. | Ruth Avila was given this document by Sanofi to assist her in doing her job to convey information about Sanofi's products to physicians' offices. The "Partnering with Your Patients" document is an educational care kit with Sanofi's logo on it, containing a nurse tear sheet on alopecia that directly contradicts Sanofi's arguments that its warnings of alopecia meant temporary and permanent. In the Court's Order conditionally granting Sanofi's MIL, the Court said: "I know you're saying we didn't prepare it, we just put our label on it and gave it out. Then it's yours. If you defined it in there as temporary alopecia, I think it goes directly as to what you intended in your warning label. So, for those purposes, I would allow it." Subsequent to the MIL ruling, the Court allowed designations, including in Polizzano's testimony, about this document. Responding further, the document contains statements against interest (801(d)(2)) and is relevant to the adequacy of warnings and whether Sanofi exercised reasonable care to provide an adequate warning. |

Best,
Palmer

M. Palmer Lambert
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504-522-2304
Direct: 504-595-3340
Facsimile: 504-528-9973

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.