| **From:** | Palmer Lambert |
|---|---|
| **To:** | Douglas Moore; Brittany Flanders; Dawn Barrios |
| **Cc:** | Rebecca Eickbush |
| **Subject:** | RE: Objections to Day 2 Exhibits |
| **Date:** | Tuesday, November 9, 2021 7:40:00 AM |
| **Attachments:** | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |

Good Morning Brittany,

Please see responses to exhibit objections for discussion this morning.

Best,
Palmer

**Jean-Philippe Aussel**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-2 | Taxotere XRP6976 Global Project Team Meeting Minutes, 8/11/03 | Irrelevant (401/402); Misleading (403); MIL 1 (Moral/Ethical Duties – Granted); MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 27 (Conduct Post-Dating Plaintiff's Treatment – Granted/Deferred in Part). | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 3-14).  Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.

Appropriate to use this exhibit for the jury's evaluation of Sanofi's dissemination of information and claims that the label language included a warning of permanent hair loss, particularly given Mr. Aussel's role over clinical trials and as international coordinator. |
| P-3 | Deposition Exhibit 9 – Informed Consent Phase III Trial comparing Therapeutic Options for Patients with | Irrelevant (401/402) (this is an informed consent for a prostate cancer clinical trial involving all men); Misleading/Unduly Prejudicial (403) (soliciting | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The |

| | | | |
|---|---|---|---|
| | Prostate Cancer (Sanofi_06114590) | testimony and opinions from a witness who does not know anything about drug labels is improper and will mislead the jury, unduly prejudicial); Lack of Foundation to Testify on behalf of Sanofi; MIL 2 (Legal Duties/Conclusions – Deferred); MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 18 (Non-Expert Causation Testimony – Deferred).

Supplemental Objection: Foundation (602) (neither this witness nor any other has identified this document.  Under FRE 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). | testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 3-14).  Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.

Mr. Aussel was employed at Sanofi since 1996, first in oncology research and development, then from 2000-2004 as international coordinator for clinical trials dealt directly managing studies and country based Monitors. "[A]fter ten years of R&D I chose to remain in the oncology area, but to see oncology from a different window, we'll say, and I had opportunity to integrate the clinical operation team to medical affairs studies, meaning late phase studies, and to be the oncology scientific director in this team. Q. And as the when you were the oncology scientific director, was that was Taxotere one of your responsibilities? A. It was one of my responsibilities indeed, although we had also other products. And yeah, it was one of my products" |
| P-4 | Deposition Exhibit 10 – Taxotere (docetaxel) Label (1/6/2005) (Sanofi_000213-253) | No Objection | |
| P-5 | Deposition Exhibit 14 – 6/12/06 letter from Sanofi to FDA re New Protocol | Irrelevant (401/402); Misleading/Unduly Prejudicial (403) (soliciting testimony and opinions from a witness who does not know anything about drug labels is improper and will mislead the jury, unduly prejudicial); Lack of Foundation (602) (Mr. Aussel has stated he is unfamiliar with this particular document, and he | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 3-14).  Accordingly, |

| | | | |
|---|---|---|---|
| | | never worked in the labeling or regulatory capacity. Mr. Aussel also has spent his entire career in Europe and does not work with the FDA); Lack of Foundation to Testify on Behalf of Sanofi (Mr. Aussel was not designated as a 30(b)(6) witness to provide testimony on behalf of Sanofi, therefore, his testimony needs to be limited to his personal knowledge); MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 18 (Non-Expert Causation Testimony – Deferred).<br><br>Supplemental Objection: Possible Draft. Dep Exh 14 is a 102-page **proposed** protocol to the FDA. | it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.<br><br>Appropriate to use this exhibit for the jury's evaluation of Sanofi's dissemination of information and claims that the label language included a warning of permanent hair loss, particularly given Mr. Aussel's role over clinical trials and as international coordinator. |
| P-30 | Deposition Exhibit 8 – Taxotere (docetaxel) Label (5/14/1996) (Sanofi_000001-10) | Lack of Foundation (602): Mr. Aussel repeatedly testified that he has never worked in the labeling or regulatory group and is not familiar with drug labels, including the Taxotere label. Mr. Aussel, therefore, lacks the requisite foundation to offer testimony about the language in Sanofi's label.<br><br>Misleading and Unduly Prejudicial (401/403): Soliciting testimony and opinions from a witness who does know anything regarding drug labels is improper and will mislead the jury and is unduly prejudicial.<br><br>Lack of Foundation to Testify on Behalf of Sanofi (602): Mr. Aussel was not designated as a 30(b)(6) witness to provide testimony on behalf of Sanofi, therefore his testimony needs to be limited to his personal knowledge, which does not include Sanofi's decision-making or intent with regard to the Taxotere label. | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 3-14). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.<br><br>Appropriate to use this exhibit for the jury's evaluation of Sanofi's claims that the label language included a warning of permanent hair loss, particularly given Mr. Aussel's role over clinical trials and as international coordinator. |

**Dr. Linda Bosserman**

**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| N/A | Current CV | None. | |
| D-1286 | NCCN Breast Cancer Guidelines 2008 | None. | |
| N/A | NIH Guidelines – Tumor Size | None. | |
| N/A | Opening Demonstrative | None. | |
| P-16 | Sedlacek Abstract | Irrelevant (401/402); Vague, Ambiguous (403); Cumulative (403);  Compound; MIL 5 <br><br> Daubert (Rec. Doc. 12109): Sanofi objects to the use of this document to the extent it is used to elicit inadmissible general causation opinion testimony in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D. Dr. Bosserman may only offer expert testimony on (1) general opinions on informed consent; (2) general testimony on how drug companies disseminate risk information; (3) general testimony on alternative chemotherapy treatment options available in 2008; and (4) general testimony on the use of online predictive tools in the creation of a treatment plan. Any | This document is not intended to be entered as an exhibit through this witness, only to be used as a demonstrative. Plaintiff will discuss the limited scope of how the document may be used with Dr. Bosserman at the objections conference this morning. |

| | | | |
|---|---|---|---|
| | | opinion testimony on general causation is outside of the scope of this Court's *Daubert* Order.

Sanofi also objects to the use of this document to the extent it is used to elicit inadmissible testimony as to "what knowledge Sanofi had, what knowledge the writers of the informed consent document had, or what information Kahn's medical providers had."  Rec. Doc. 12109 at 9.  Relatedly, Dr. Bosserman has disclaimed providing any opinions on the adequacy of the Taxotere label (Bosserman Apri. 17, 2020 Dep. 187:20-24) and should not be permitted to suggest that the Taxotere label was inadequate in light of the Sedlacek Abstract.

Last, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order. | |
| P-56 | Nabholtz | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Hearsay (802); Calls for Expert Opinion; Speculation; 602 (Foundation); MIL 1, 2, 5, 8, 12, 20, 23.

Daubert (Rec. Doc. 12109): Sanofi objects to the use of this document to the extent it is used to elicit inadmissible general causation opinion testimony in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D. Dr. Bosserman may only offer expert testimony on (1) general opinions on informed consent; (2) general testimony on how drug companies disseminate risk information; (3) general testimony on alternative chemotherapy treatment options available in 2008; and (4) general testimony on the use of online predictive tools in the creation of a treatment plan. Any | This document is not intended to be entered as an exhibit through this witness, only to be used as a demonstrative. Plaintiff will discuss the limited scope of how the document may be used with Dr. Bosserman at the objections conference this morning. |

| | | opinion testimony on general causation is outside of the scope of this Court's *Daubert* Order.<br><br>Sanofi also objects to the use of this document to the extent it is used to elicit inadmissible testimony as to "what knowledge Sanofi had, what knowledge the writers of the informed consent document had, or what information Kahn's medical providers had." Rec. Doc. 12109 at 9. Relatedly, Dr. Bosserman has disclaimed providing any opinions on the adequacy of the Taxotere label (Bosserman Apri. 17, 2020 Dep. 187:20-24) and should not be permitted to suggest that the Taxotere label was inadequate in light of the Nabholtz Abstract.<br><br>Last, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order. | |
|---|---|---|---|
| D-1286 | 2008 NCCN Guidelines V.2.2008 | No objection. | |
| N/A | NIH Guidelines – Tumor Sizes | No objection. | |
| P-2811 | Excerpt - NSABP B40 Informed Consent Form | Rec. Doc. 12109: Sanofi objects to the use of this document to the extent it is used to elicit inadmissible case-specific testimony on informed consent in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D.<br><br>Further, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order.<br><br>Incomplete: Sanofi also objects to the extent that the "excerpts" from the NSABP Informed | This document is not intended to be entered as an exhibit through this witness, only to be used as a demonstrative. Plaintiff will discuss the limited scope of how the document may be used with Dr. Bosserman at the objections conference this morning. |

| | | Consent Form  do not constitute the complete document. | |
|---|---|---|---|

**Emanuel Palatinsky**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-22 | Periodic Safety Update Report Dated December 1, 2009 to May 31, 2010 | Irrelevant (401/402); MIL 27 (Evidence of Defendant's Conduct After Plaintiff's Treatment—Granted in Part) This document post-dates Plaintiff's treatment and is therefore irrelevant. Indeed, this Court granted in part Sanofi's motion *in limine* to exclude evidence of its conduct post-dating Plaintiff's treatment, holding: "The parties are cautioned to have a conference with the Court regarding *any evidence* that post-dates Plaintiff's treatment." Rec. Doc. 13260 (emphasis added). | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 44-47).  Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi. Appropriate to use this exhibit for the jury's evaluation of Sanofi's claims that the label language included a warning of permanent hair loss, particularly given Mr. Palatinsky's role as Global Safety Officer over Taxotere. |
| P-23 | Email Exchange regarding the Risk Section Review of the Canadian Informed Consent | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Hearsay (802); MIL 11 (Sanofi's Corporate Intent—Granted/Denied In Part), MIL 18 (Non-Expert Causation—Deferred); MIL 24 (Foreign Regulatory Actions—Granted/Denied In Part), 31 (Canadian Informed Consent—Denied) Sanofi reasserts its objection that the email communication related to the Canadian Informed Consent is irrelevant to proving what Sanofi "knew" or "should have known" because the Informed Consent was drafted by a third party, Dr. Palatinsky merely proposed deleting "hair loss" to avoid | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 44-47).  Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi. Appropriate to use this exhibit for the jury's evaluation of Sanofi's claims that the label language included a warning of permanent hair loss, particularly given Mr. Palatinsky's role as Global Safety Officer over Taxotere. |

| | | | |
|---|---|---|---|
| | | redundancy within the consent because it already contained "permanent hair loss," and the corresponding study was suspended before any patients enrolled.<br><br>The email communication is also highly prejudicial and likely to mislead the jury as to Taxotere's propensity to cause hair loss. | |
| P-33 | Deposition Exhibit 1 – Presentation, with speaker notes - Safety Economics Part II | Irrelevant (401/402); Unduly Prejudicial (403); Confusing (403); Misleading (403); Vague; Ambiguous.<br><br>This exhibit post-dates Plaintiff's treatment and is irrelevant under MIL 27 (Granted/Deferred in Part). Per this Court's Order, such evidence may be used only for impeachment and "[t]he parties are cautioned to have a conference with the Court regarding any evidence that post-dates Plaintiff's treatment." | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 44-47). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.<br><br>Appropriate to use this exhibit for the jury's evaluation of Sanofi's claims that the label language included a warning of permanent hair loss, particularly given Mr. Palatinsky's role as Global Safety Officer over Taxotere. |
| P-422 | Deposition Exhibit 2 - Safety Signal Detection Management in GPE PPT | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403).<br><br>This exhibit post-dates Plaintiff's treatment and is irrelevant under MIL 27 (Granted/Deferred in Part). Per this Court's Order, such evidence may be used only for impeachment and "[t]he parties are cautioned to have a conference with the Court regarding any evidence that post-dates Plaintiff's treatment." | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 44-47). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi.<br><br>Appropriate to use this exhibit for the jury's evaluation of Sanofi's claims that the label |

| | | | language included a warning of permanent hair loss, particularly given Mr. Palatinsky's role as Global Safety Officer over Taxotere. |
|---|---|---|---|
| D-307 | Letter to FDA re: labeling (Sanofi_05178821-05179218) | Per conversation with counsel, D-307 will be swapped out for the corresponding deposition exhibit in Dr. Palatinsky's deposition, D-573.1. Sanofi has no objection to D-573.1. | |
| Demo | Dep exhibit 23 | After conferrals the parties have agreed for deposition exhibit 23 to be shown during designated testimony as a demonstrative only and have agreed that it will not be entered into evidence. Sanofi objects to the entry of this document into evidence because it post-dates treatment and is irrelevant | |

**Leslie Fierro**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-11 | Deposition Exhibit 23 – Taxotere (docetaxel) Label - Package Insert (8/16/2000) | Irrelevant (401/402); Hearsay (802); Authenticity (901); Misleading (403)<br><br>This document is misidentified and mistitled by Plaintiff. There are two documents sandwiched together. The first is labeling,; the second is a third party document. The examination confusingly surrounds the third party document as if it were Sanofi's own label or language. It is not. The document consists of a third party publication by U.S. Pharmacopea, a compendium on various drugs (Dep. 233:5-12) and was not created by Sanofi. But its genesis is misleading because it is titled, ""Taxotere package insert, Sanofi Aventis 2000," and counsel often referred to it in the deposition as a "USPDI," similar-sounding to "USPI," an official, FDA-approved and Sanofi document, which would confuse the jury. (Dep. 401:5-18) Even if the | Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations.  The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 15-20). Accordingly, it is Plaintiff's position that this exhibit has already been allowed over the same objections set forth by Sanofi. |

| | | testimony to which Sanofi objected is allowed, the third party document should not be admitted into evidence. | |

M. Palmer Lambert

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC

2800 Energy Centre

1100 Poydras Street

New Orleans, Louisiana 70163

Telephone: 504-522-2304

Direct: 504-595-3340

Facsimile: 504-528-9973

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

**From:** Douglas Moore <dmoore@irwinllc.com>
**Sent:** Monday, November 8, 2021 11:10 PM
**To:** Brittany Flanders <Brittany_Flanders@laed.uscourts.gov>; Palmer Lambert <plambert@gainsben.com>; Dawn Barrios <dbarrios@bkc-law.com>
**Cc:** Rebecca Eickbush <REICKBUSH@shb.com>
**Subject:** Objections to Day 2 Exhibits

Good evening,

Please find Sanofi's objections to Plaintiff's proposed direct exam exhibits and demonstratives for the Day 2 witnesses.

Counsel,
Please see Sanofi's objections to the Exhibits and Demonstratives for the following witnesses:

**Jean-Philippe Aussel**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-2 | Taxotere XRP6976 Global Project Team Meeting Minutes, 8/11/03 | Irrelevant (401/402); Misleading (403); MIL 1 (Moral/Ethical Duties – Granted); MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 27 (Conduct Post-Dating | |

| | | | |
|---|---|---|---|
| | | Plaintiff's Treatment – Granted/Deferred in Part). | |
| P-3 | Deposition Exhibit 9 – Informed Consent Phase III Trial comparing Therapeutic Options for Patients with Prostate Cancer (Sanofi_06114590) | Irrelevant (401/402) (this is an informed consent for a prostate cancer clinical trial involving all men); Misleading/Unduly Prejudicial (403) (soliciting testimony and opinions from a witness who does not know anything about drug labels is improper and will mislead the jury, unduly prejudicial); Lack of Foundation to Testify on behalf of Sanofi; MIL 2 (Legal Duties/Conclusions – Deferred); MIL 11 (Corporate Intent – Granted/Denied In Part); MIL 18 (Non-Expert Causation Testimony – Deferred).<br><br>Supplemental Objection: Foundation (602) (neither this witness nor any other has identified this document.  Under FRE 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). | |
| P-4 | Deposition Exhibit 10 – Taxotere (docetaxel) Label (1/6/2005) (Sanofi_000213-253) | No Objection | |
| P-5 | Deposition Exhibit 14 – 6/12/06 letter from Sanofi to FDA re New Protocol | Irrelevant (401/402); Misleading/Unduly Prejudicial (403) (soliciting testimony and opinions from a witness who does not know anything about drug labels is improper and will mislead the jury, unduly prejudicial); Lack of Foundation (602) (Mr. Aussel has stated he is unfamiliar with this particular document, and he never worked in the labeling or regulatory capacity.  Mr. Aussel also has spent his entire career in Europe and does not work with the FDA); Lack of Foundation to Testify on Behalf of Sanofi (Mr. Aussel was not designated as a 30(b)(6) witness to provide testimony on behalf of Sanofi, therefore, his testimony needs to be limited to his personal knowledge); MIL 11 (Corporate | |

| | | Intent – Granted/Denied In Part); MIL 18 (Non-Expert Causation Testimony – Deferred).<br><br>Supplemental Objection: Possible Draft.  Dep Exh 14 is a 102-page *proposed* protocol to the FDA. | |
|---|---|---|---|
| P-30 | Deposition Exhibit 8 – Taxotere (docetaxel) Label (5/14/1996) (Sanofi_000001-10) | Lack of Foundation (602): Mr. Aussel repeatedly testified that he has never worked in the labeling or regulatory group and is not familiar with drug labels, including the Taxotere label. Mr. Aussel, therefore, lacks the requisite foundation to offer testimony about the language in Sanofi's label.<br><br>Misleading and Unduly Prejudicial (401/403): Soliciting testimony and opinions from a witness who does know anything regarding drug labels is improper and will mislead the jury and is unduly prejudicial.<br><br>Lack of Foundation to Testify on Behalf of Sanofi (602): Mr. Aussel was not designated as a 30(b)(6) witness to provide testimony on behalf of Sanofi, therefore his testimony needs to be limited to his personal knowledge, which does not include Sanofi's decision-making or intent with regard to the Taxotere label. | |

**Dr. Linda Bosserman**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| N/A | Current CV  | None. | |
| D-1286 | NCCN Breast Cancer Guidelines 2008 | None. | |
| N/A | NIH Guidelines – Tumor Size | None. | |

| | | | |
|---|---|---|---|
| |  | | |
| N/A | Opening Demonstrative<br> | None. | |
| P-16 | Sedlacek Abstract | Irrelevant (401/402); Vague, Ambiguous (403); Cumulative (403);  Compound; MIL 5<br><br>Daubert (Rec. Doc. 12109): Sanofi objects to the use of this document to the extent it is used to elicit inadmissible general causation opinion testimony in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D. Dr. Bosserman may only offer expert testimony on (1) general opinions on informed consent; (2) general testimony on how drug companies disseminate risk information; (3) general testimony on alternative chemotherapy treatment options available in 2008; and (4) general testimony on the use of online predictive tools in the creation of a treatment plan. Any opinion testimony on general causation is outside of the scope of this Court's *Daubert* Order.<br><br>Sanofi also objects to the use of this document to the extent it is used to elicit inadmissible testimony as to "what knowledge Sanofi had, what knowledge the writers of the informed consent document had, or what | |

| | | | |
|---|---|---|---|
| | | information Kahn's medical providers had." Rec. Doc. 12109 at 9. Relatedly, Dr. Bosserman has disclaimed providing any opinions on the adequacy of the Taxotere label (Bosserman Apri. 17, 2020 Dep. 187:20-24) and should not be permitted to suggest that the Taxotere label was inadequate in light of the Sedlacek Abstract.<br><br>Last, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order. | |
| P-56 | Nabholtz | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Hearsay (802); Calls for Expert Opinion; Speculation; 602 (Foundation); MIL 1, 2, 5, 8, 12, 20, 23.<br><br>Daubert (Rec. Doc. 12109): Sanofi objects to the use of this document to the extent it is used to elicit inadmissible general causation opinion testimony in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D. Dr. Bosserman may only offer expert testimony on (1) general opinions on informed consent; (2) general testimony on how drug companies disseminate risk information; (3) general testimony on alternative chemotherapy treatment options available in 2008; and (4) general testimony on the use of online predictive tools in the creation of a treatment plan. Any opinion testimony on general causation is outside of the scope of this Court's *Daubert* Order. | |

| | | | |
|---|---|---|---|
| | | Sanofi also objects to the use of this document to the extent it is used to elicit inadmissible testimony as to "what knowledge Sanofi had, what knowledge the writers of the informed consent document had, or what information Kahn's medical providers had." Rec. Doc. 12109 at 9. Relatedly, Dr. Bosserman has disclaimed providing any opinions on the adequacy of the Taxotere label (Bosserman Apri. 17, 2020 Dep. 187:20-24) and should not be permitted to suggest that the Taxotere label was inadequate in light of the Nabholtz Abstract.<br><br>Last, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order. | |
| D-1286 | 2008 NCCN Guidelines V.2.2008 | No objection. | |
| N/A | NIH Guidelines – Tumor Sizes | No objection. | |
| P-2811 | Excerpt - NSABP B40 Informed Consent Form | Rec. Doc. 12109: Sanofi objects to the use of this document to the extent it is used to elicit inadmissible case-specific testimony on informed consent in violation of this Court's *Daubert* Order granting in part Sanofi's Motion to Exclude Expert Testimony of Linda Bosserman, M.D.<br><br>Further, Dr. Bosserman does not identify this document in the body of her expert report, and she offers no expert opinions in her report referencing this document. Any testimony on this article constitutes a previously undisclosed expert opinion that is likewise outside of the scope of this Court's *Daubert* Order. | |

| | | Incomplete: Sanofi also objects to the extent that the "excerpts" from the NSABP Informed Consent Form  do not constitute the complete document. | |

**Emanuel Palatinsky**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-22 | Periodic Safety Update Report Dated December 1, 2009 to May 31, 2010 | Irrelevant (401/402); MIL 27 (Evidence of Defendant's Conduct After Plaintiff's Treatment—Granted in Part) This document post-dates Plaintiff's treatment and is therefore irrelevant.  Indeed, this Court granted in part Sanofi's motion *in limine* to exclude evidence of its conduct post-dating Plaintiff's treatment, holding: "The parties are cautioned to have a conference with the Court regarding *any evidence* that post-dates Plaintiff's treatment." Rec. Doc. 13260 (emphasis added). | |
| P-23 | Email Exchange regarding the Risk Section Review of the Canadian Informed Consent | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Hearsay (802); MIL 11 (Sanofi's Corporate Intent—Granted/Denied In Part), MIL 18 (Non-Expert Causation—Deferred); MIL 24 (Foreign Regulatory Actions—Granted/Denied In Part), 31 (Canadian Informed Consent—Denied)<br><br>Sanofi reasserts its objection that the email communication related to the Canadian Informed Consent is irrelevant to proving what Sanofi "knew" or "should have known" because the Informed Consent was drafted by a third party, Dr. Palatinsky merely proposed deleting "hair loss" to avoid redundancy within the consent because it already contained "permanent hair loss," and the corresponding study was suspended before any patients enrolled.<br><br>The email communication is also | |

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| | | highly prejudicial and likely to mislead the jury as to Taxotere's propensity to cause hair loss. | |
| P-33 | Deposition Exhibit 1 – Presentation, with speaker notes - Safety Economics Part II | Irrelevant (401/402); Unduly Prejudicial (403); Confusing (403); Misleading (403); Vague; Ambiguous.<br><br>This exhibit post-dates Plaintiff's treatment and is irrelevant under MIL 27 (Granted/Deferred in Part). Per this Court's Order, such evidence may be used only for impeachment and "[t]he parties are cautioned to have a conference with the Court regarding any evidence that post-dates Plaintiff's treatment." | |
| P-422 | Deposition Exhibit 2 - Safety Signal Detection Management in GPE PPT | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403).<br><br>This exhibit post-dates Plaintiff's treatment and is irrelevant under MIL 27 (Granted/Deferred in Part). Per this Court's Order, such evidence may be used only for impeachment and "[t]he parties are cautioned to have a conference with the Court regarding any evidence that post-dates Plaintiff's treatment." | |
| D-307 | Letter to FDA re: labeling (Sanofi_05178821-05179218) | Per conversation with counsel, D-307 will be swapped out for the corresponding deposition exhibit in Dr. Palatinsky's deposition, D-573.1. Sanofi has no objection to D-573.1. | |
| Demo | Dep exhibit 23 | After conferrals the parties have agreed for deposition exhibit 23 to be shown during designated testimony as a demonstrative only and have agreed that it will not be entered into evidence. Sanofi objects to the entry of this document into evidence because it post-dates treatment and is irrelevant | |

**Leslie Fierro**
**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-11 | Deposition Exhibit 23 – | Irrelevant (401/402); Hearsay | |

| Taxotere (docetaxel) Label - Package Insert (8/16/2000) | (802); Authenticity (901); Misleading (403)<br><br>This document is misidentified and mistitled by Plaintiff. There are two documents sandwiched together. The first is labeling,; the second is a third party document. The examination confusingly surrounds the third party document as if it were Sanofi's own label or language. It is not. The document consists of a third party publication by U.S. Pharmacopea, a compendium on various drugs (Dep. 233:5-12) and was not created by Sanofi. But its genesis is misleading because it is titled, ""Taxotere package insert, Sanofi Aventis 2000," and counsel often referred to it in the deposition as a "USPDI," similar-sounding to "USPI," an official, FDA-approved and Sanofi document, which would confuse the jury. (Dep. 401:5-18) Even if the testimony to which Sanofi objected is allowed, the third party document should not be admitted into evidence. | |




**DOUGLAS MOORE**
**PARTNER**

Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Tel: (504) 310-2163
Fax: (504) 310-2101
www.irwinllc.com

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.