| | |
|---|---|
| **From:** | Palmer Lambert |
| **To:** | Brittany Flanders |
| **Cc:** | Dawn Barrios (barrios@bkc-law.com); Douglas J. Moore (dmoore@irwinllc.com); olinde@chaffe.com |
| **Subject:** | Taxotere MDL - Exhibits and Demonstratives for Trial Day 4 |
| **Date:** | Thursday, November 11, 2021 8:35:00 PM |

Brittany,

Below is a listing of the exhibits and demonstratives for tomorrow's witnesses, along with Sanofi's objections and Plaintiff's responses.

Best,
Palmer

**Laura Plunkett**

**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-493 | 2015 Clinical Overview on Permanent Alopecia | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 5, 27.<br><br>This company document post-dates Plaintiff's treatment and is excluded per MIL 27. | The witness will not refer to the conclusions in the document.  Dr. Plunkett will, however, refer to this document as it provides documentation of reports of permanent alopecia the company received prior to 2008.<br><br>This Sanofi document provides statements against interest (801(d)(2)), which directly contradict Sanofi's arguments that ongoing means something other than persistent/permanent alopecia.<br><br>The document is relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning. |
| P-418 | 2013 Response to European Health Authority | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 24, 27<br><br>This company document post-dates Plaintiff's treatment and is excluded per MIL 27.<br><br>Dr. Plunkett did not identify this document on her reliance list or in her report. | Dr. Plunkett reviewed the deposition of Pierre Mancini, including exhibits, as referenced in her reliance materials.<br><br>This Sanofi document provides statements against interest (801(d)(2)), which directly contradict Sanofi's arguments that ongoing means something other than persistent/permanent alopecia. Further responding, most of the data pre-dates Ms. Kahn's use of Taxotere.<br><br>The document is relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning. |

| | | | |
|---|---|---|---|
| P-613 | 2011 TAX316 Final Study Report | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 27<br><br>This company document post-dates Plaintiff's treatment and is excluded per MIL 27.<br><br>Dr. Plunkett did not identify this document on her reliance list or in her report. | Withdrawn |
| P-318 | 2011 Clinical Overview on Persistent Alopecia | Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Cumulative (403); Hearsay (802); Completeness (106); MIL 5, 27<br><br>This company document post-dates Plaintiff's treatment and is excluded per MIL 27.<br><br>Dr. Plunkett did not identify this document on her reliance list or in her report. | The witness will not refer to the conclusions in the document. Dr. Plunkett will, however, refer to this document as it provides documentation of reports of permanent alopecia the company received prior to 2008.<br><br>This Sanofi document provides statements against interest (801(d)(2)), which directly contradict Sanofi's arguments that ongoing means something other than persistent/permanent alopecia.<br><br>The document is relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning. |
| P-2811 | NSABP B-40 Informed Consent | Irrelevant (401/402); Undisclosed Expert Opinion<br><br>Dr. Plunkett did not disclose any opinions on the Informed Consent in her report. She also did not list this document on her reliance list. | Withdrawn |
| P-1 | Partnering With Your Patients – Nurse Tear Sheet (Sanofi_01038470-74) | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Cumulative (403); MIL 11<br><br>Per the Court's Order (Rec. Doc. 13260, at 5) regarding Defense MIL 11, Plaintiff cannot introduce speculative testimony regarding Sanofi's intent, motive, or state of mind. | Document already in evidence. Dr. Plunkett reviewed the document, as part of her review of materials considered, including Dr. Kessler's report. Additionally, Dr. Plunkett will explain how the document provides warnings information which implicates labeling issues.<br><br>The document also provides statements against interest (801(d)(2)), which directly contradict Sanofi's arguments that ongoing means something other than persistent/permanent alopecia. |

| | | | |
|---|---|---|---|
| | | Additionally, any testimony regarding this document is cumulative of Ruth Avila, Fran Polizzano, and Dr. Kardinal's testimony.

Further, Dr. Plunkett did not identify this document on her reliance list or in her report. | The document is relevant to adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning. |
| P-23 | Palatinsky Deposition Exhibit 19 (Canadian Informed Consent Email) | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Cumulative (403); Hearsay (802); Undisclosed Expert Opinion; MIL 11, 24, 31.

Per the Court's Order (Rec. Doc. 13260, at 5) regarding Defense MIL 11, Plaintiff cannot introduce speculative testimony regarding Sanofi's intent, motive, or state of mind.

Additionally, any testimony regarding this document is cumulative of Dr. Palatinsky's testimony. | At a previous chambers conference with Your Honor, the Court already allowed this exhibit to be shown during Dr. Palatinsky's deposition, overruling the same objections set forth herein, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 44-47).

This document forms a foundational basis for Dr. Plunkett's labeling opinions in this case. Further, it is the Global Safety Officer recommending the words "permanent hair loss" to be included in an informed consent form for a clinical trial 16 months before Ms. Kahn's treatment.

The document, therefore, is highly relevant, as it contains statements against interest (801(d)(2)) and is relevant to knowledge of permanent hair loss associated with Taxotere, adequacy of warnings, whether Sanofi exercised reasonable care to provide an adequate warning. |
| P-28 | Freedman Deposition Exhibit 11 (Email and meeting documents regarding foreign European labeling) | Irrelevant (401/402); Vague, Ambiguous (403); Cumulative (403); Compound; Undisclosed Expert Opinion; MIL 11.

Per the Court's Order (Rec. Doc. 13260, at 5) regarding Defense MIL 11, Plaintiff cannot introduce speculative testimony regarding Sanofi's intent, motive, or state of mind.

Additionally, any testimony regarding this document is cumulative of Dr. Freedman's testimony. | At a previous chambers conference with Your Honor, the Court already allowed this exhibit to be shown during Freedman's deposition, overruling the same objections set forth herein, as well as in Defendants' filed Notice of Objections (Doc. 13078 at 40-43).

This document forms a basis for Dr. Plunkett's labeling opinions in this case. It contains drafts of internally proposed labeling including permanent alopecia, pre-dating Ms. Kahn's use.

The document, therefore, is highly relevant, as it contains statements against interest (801(d)(2)) and is relevant to knowledge of permanent hair loss associated with Taxotere, adequacy of warnings, whether |

| | | | Sanofi exercised reasonable care to provide an adequate warning |
|---|---|---|---|
| P-626 | TAX 316 Protocol | This document is not included on Dr. Plunkett's reliance list, nor is it cited in her report. | Withdrawn |
| P-1264 | TAX316 Clinical Study Report (from "Ross Reliance List" | This document is not included on Dr. Plunkett's reliance list, nor is it cited in her report. Tellingly, Plaintiff identified the source of this document as "Ross Reliance List" on her Exhibit List | Withdrawn |
| P-16 | Sedlacek Study, PSA, and Presentation at SABCS (Sanofi_00002774, 04196131, 04439621) | **Hearsay (803(18)):** Sanofi has no objection to this document being read to the jury, but Sanofi objects to offering it into evidence. | Plaintiff will use as a demonstrative. |
| P-56 | Phase II Study of Docetaxel, Doxorubicin And Cyclophosphamide As First-Line Chemotherapy For Metastatic Breast Cancer Nabholtz) (Sanofi_00217666-Sanofi_00217673) | **Hearsay (803(18)):** Sanofi has no objection to this document being read to the jury, but Sanofi objects to offering it into evidence. | Plaintiff will use as a demonstrative. |
| P-280 | Taxotere (docetaxel) Label (Sanofi_000393-000449) | No objection. | No issue |
| N/A | Figures and Diagrams in Dr. Plunkett's Report | It is unclear what Plaintiff is referencing with this statement. | Withdrawn |
| N/A | 21 CFR 201.57(c)(7) | No objection. | Demonstrative only. Inadvertent late disclosure. |
| N/A | 21 CFR 202.1 | Sanofi objects to the use of this demonstrative as irrelevant. Dr. Plunkett does not offer any opinions on 21 CFR 202.1. | Demonstrative only. Inadvertent late disclosure. Discussed at paragraph 83 of her report. |
| N/A | 21 CFR 314.80 | Sanofi objects to the use of this demonstrative as irrelevant. Dr. Plunkett does not offer any opinions on 21 CFR 314.80. | Demonstrative only. Inadvertent late disclosure. Discussed at paragraphs 79, 84, 85 of her report. |

Carl Kardinal

**Plaintiff's Exhibits**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-36 | Taxotere label, rev. 9/28/2007, | No objection. Sanofi agrees to use the same document already in evidence (P-280). | No issue |
| P-37 | NSABP B40 Informed Consent Form | No objection. Sanofi agrees to use the same document already in evidence (P-2811). | No issue |
| P-39 | Partnering with your Patients Along Their Journey | Irrelevant (401/402); Misleading (403); Unduly Prejudicial (403); Cumulative (403); MIL 11

Per the Court's Order (Rec. Doc. 13260, at 5) regarding Defense MIL 11, Plaintiff cannot introduce speculative testimony regarding Sanofi's intent, motive, or state of mind.

Additionally, any testimony regarding this document is cumulative of Ruth Avila, Fran Polizzano, and Dr. Kardinal's testimony.

Subject to these objections, Sanofi agrees to use D-507 so it does not duplicate the evidence. | Document already in evidence as D-507.

Subsequent to the Court's MIL ruling, the parties met with the Court on deposition designations and the Court ruled on the parties' deposition designations. The testimony on this exhibit was allowed over the same objections set forth in the designations spreadsheets, as well as in Defendants' filed Notice of Objections (Doc. 13079). Accordingly, it is Plaintiff's position that this exhibit has already been allowed for use with Dr. Kardinal over the same objections set forth by Sanofi.

Responding further, the document provides statements against interest (801(d)(2)), in a document that Sanofi represents is a Sanofi document, and the statements that alopecia is a "common, yet temporary, side effect" and stating "[w]hen my hair grows back…" are directly contradictory to Sanofi's questioning of the learned intermediary doctor in this case, Dr. Kardinal, who was the only physician to have the discussion of the risks and benefits of Ms. Kahn's chemotherapy options and treatment. |
| P-2811 | Medical records and redacted NSABP B40 Informed Consent Form, Deposition Exs. 4 and 6) | No objection. For the informed consent, Sanofi agrees to use the same document already in evidence (P-2811). | No issue |
| N/A | Deposition Ex. 8 (Kardinal CV) | No objection. | Plaintiff agrees the document will not be moved into evidence as an exhibit. |
| | | | |

| N/A | Deposition Ex. 21 (The Chemotherapy Source Book) | No objection. | Plaintiff agrees the document will not be moved into evidence as an exhibit. |
|-----|--------------------------------------------------|---------------|------------------------------------------------------------------------------|

M. Palmer Lambert

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC

2800 Energy Centre

1100 Poydras Street

New Orleans, Louisiana 70163

Telephone: 504-522-2304

Direct: 504-595-3340

Facsimile: 504-528-9973

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.