| **From:** | Palmer Lambert |
| **To:** | brittany_flanders@laed.uscourts.gov |
| **Cc:** | Douglas J. Moore (dmoore@irwinllc.com); olinde@chaffe.com; Dawn Barrios (barrios@bkc-law.com) |
| **Subject:** | RE: Taxotere MDL - Exhibits, Demonstratives and Objections/Responses |
| **Date:** | Sunday, November 14, 2021 10:56:00 PM |

Brittany,

Plaintiff supplements the demonstrative disclosures for Dr. Feigal with two documents. These demonstratives were provided to Sanofi approximately 4 hours after the agreed deadline of 5pm; however, because the two documents were directly cited in her expert report and also timely disclosed for Dr. Madigan, Plaintiff submits there is no prejudice from the late disclosure.

Best,
Palmer

| P-493 | 2015 Clinical Overview on Permanent Alopecia | **Untimely; Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 5, 27.** This company document post-dates Plaintiff's treatment and is excluded per MIL 27. Further, the 2011 and 2015 Clinical Overviews are irrelevant to Dr. Feigal's opinions because Dr. Feigal does not rely on Dr. Madigan's FAERS analysis in her expert report. | Dr. Feigal provides expert opinions relevant to the general causation, which evidence is not time-limited.<br><br>Dr. Feigal references and relies upon the Clinical Overviews directly in her report at footnotes 116 and 117, and quotes Dr. Hangai's conclusion "the cumulative weighted evidence . . ." on p. 68. Her reference to this has nothing to do with Dr. Madigan's opinions re: PV database.<br><br>The overview also contradicts Sanofi's representations regarding causation and is a statement against interest 801(d)(2). |
| P-318 | 2011 Clinical Overview on Persistent Alopecia | **Untimely; Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 5, 27.** This company document post-dates Plaintiff's treatment and is excluded per MIL 27. Further, the 2011 and 2015 Clinical Overviews are irrelevant to Dr. Feigal's opinions because Dr. Feigal does not rely on Dr. Madigan's FAERS analysis in her expert report. | Dr. Feigal provides expert opinions relevant to the general causation, which evidence is not time-limited.<br><br>Dr. Feigal references and relies upon the Clinical Overviews directly in her report at footnotes 116 and 117. Her reference to this has nothing to do with Dr. Madigan's opinions re: PV database.<br><br>The overview also contradicts Sanofi's representations |

|  |  |  | regarding causation and is a statement against interest 801(d)(2). |

M. Palmer Lambert

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC

2800 Energy Centre

1100 Poydras Street

New Orleans, Louisiana 70163

Telephone: 504-522-2304

Direct: 504-595-3340

Facsimile: 504-528-9973

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

**From:** Palmer Lambert
**Sent:** Sunday, November 14, 2021 9:03 PM
**To:** brittany_flanders@laed.uscourts.gov
**Cc:** Douglas J. Moore (dmoore@irwinllc.com) <dmoore@irwinllc.com>; olinde@chaffe.com; Dawn Barrios (barrios@bkc-law.com) <barrios@bkc-law.com>
**Subject:** Taxotere MDL - Exhibits, Demonstratives and Objections/Responses

Brittany,

Below are the objections and responses related to exhibits/demonstratives that Plaintiff intends to use with tomorrow's witnesses, Dr. Feigal, Dr. Madigan and Steve Seebol (Plaintiff's husband). The exhibits and demonstratives are available at https://persuasionllc.box.com/s/mbkhdgm2ic7iko3bhno7ef0vjtfrn57i

Best,
Palmer

### David Madigan

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-1416 | Expert Report of David Madigan (Tables 3, 4, 5, 6, 8 and 9 from | **Irrelevant (401/402); Unduly Prejudicial (403); MIL 27** Sanofi objects to the post-treatment signal detection | Dr. Madigan provides expert opinions relevant to the general causation analysis of Dr. Feigal. General causation |

| | | | |
|---|---|---|---|
| | Madigan's March 23, 2020 Rule 26 Report) | evidence incorporated in Dr. Madigan's tables. Sanofi does not object to the use of pre-treatment portions of this demonstrative. Consistent with the Court's rulings in *Earnest*, however, these tables need to be cut off at the start of Mrs. Kahn's treatment (May 2008, Q1 of 2008, etc.). | evidence is not time-limited. Additionally, Dr. Feigal's report discusses a portion of Dr. Madigan's analysis, it is appropriate to allow the jury to hear about post-treatment analysis. See Feigal Report, n. 105. |
| | Crown, Sedlacek (P-16), Martin, and Kang | **Cumulative; Duplicative (MIL 33):** Dr. Tosti already testified to this article and based on Plaintiff's disclosures this will also be discussed with Dr. Feigal.<br><br>The court also excluded Dr. Madigan's observational meta-analysis of the scientific literature. *See* Rec. Doc. 12098 at p. 12–13. | As stated above, Dr. Madigan provides expert opinions relevant to the general causation analysis of Dr. Feigal. Dr. Tosti was Plaintiff's specific causation expert. Dr. Madigan will not testify regarding a meta analysis of these studies, which the Court excluded; however, he will discuss each of the studies independently and that three of the four studies were statistically significant standing alone.<br><br>Additionally, Dr. Feigal's report discusses a portion of Dr. Madigan's analysis, it is appropriate to allow the jury to hear about post-treatment analysis. See Feigal Report, n. 105. |
| | Mackey | **Undisclosed Expert Opinion; Lack of Foundation; Irrelevant (401/402); Hearsay (801):** This is not in Dr. Madigan's report or on his reliance list. | Plaintiff intends to use a figure from this article that summarizes certain data from TAX316, which was reviewed by Dr. Madigan. Dr. Mackey is one of the authors of the TAX316 Clinical Study Report. |
| | Table 1 from Mackey | **Undisclosed Expert Opinion; Lack of Foundation; Irrelevant (401/402); Hearsay (801):** This is not in Dr. Madigan's report or on his reliance list. | This is a figure that summarizes certain data from TAX316, which was reviewed by Dr. Madigan. Dr. Mackey is one of the authors of the TAX316 Clinical Study Report. |
| P-493 | 2015 Clinical Overview on Permanent Alopecia | **Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); MIL 5, 27:** This Court has ruled that Dr. Madigan cannot provide testimony on medical causation. *See* Rec. Doc. 12098 at p. 4–6. | The document contains trial data that Dr. Madigan relied upon. Dr. Madigan provides expert opinions relevant to the general causation analysis of Dr. Feigal. General causation evidence |

| | | | |
|---|---|---|---|
| | | This company document post-dates Plaintiff's treatment and is excluded per Sanofi's MIL 27 (Post-Dates Treatment). | is not time-limited. The overview also contradicts Sanofi's representations regarding causation and is a statement against interest 801(d)(2). |
| P-318 | 2011 Clinical Overview on Persistent Alopecia | **Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); MIL 5, 27:** This Court has ruled that Dr. Madigan cannot provide testimony on medical causation. *See* Rec. Doc. 12098 at p. 4–6.<br><br>This company document post-dates Plaintiff's treatment and is excluded per Sanofi's MIL 27 (Post-Dates Treatment). | The document contains trial data that Dr. Madigan relied upon. Dr. Madigan provides expert opinions relevant to the general causation analysis of Dr. Feigal. General causation evidence is not time-limited. |
| | Demonstratives | **Undisclosed Expert Opinion; Irrelevant (401/402); Unduly Prejudicial (403); MIL 27:** Consistent with the Court's rulings in *Earnest*, the demonstratives need to be cut off at the start of Mrs. Kahn's treatment (May 2008, Q1 of 2008, etc.). Anything after would be impermissible under Sanofi's MIL 27 (Post-Dates Treatment).<br><br>Plaintiff's disclosed a new figure used in a demonstrative ("Irreversible Alopecia, maximum likelihood – safety signal") that is not found anywhere in his report. Dr. Madigan includes several figures and charts throughout this report. He should not be permitted to use this new figure as it was not included in his Rule 26 Report.<br><br>Sanofi reserves the right to assert any and all objections to any exhibit sought to be offered under this exhibit number at an appropriate time. | As stated above, Dr. Madigan provides expert opinions relevant to the general causation analysis of Dr. Feigal. Accordingly, the general causation related experts may discuss reports not limited by time. Sanofi can certainly (and did in his deposition) cross examine on what information was available at the time that Dr. Kardinal prescribed Taxotere.<br><br>The "Irreversible Alopecia, maximum likelihood" chart exactly matches the data from Table 5 in his expert report – it has simply been converted into a chart for the jury's ease of understanding. Thus, the charts and demonstratives for Dr. Madigan are not "new". |
| P-613 | TAX316 CSR (Sanofi_00724262) | No objection. | |
| P-626 | TAX316 Protocol (Sanofi_04816552) | No objection. | |

**Ellen Feigal**

| | | | |
|---|---|---|---|

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-418 | 2013 Response to European Health Authority | **Irrelevant (401/402); Unduly Prejudicial (403); Misleading (403); Hearsay (802); MIL 24, 27**<br><br>This company document post-dates Plaintiff's treatment and is excluded per MIL 27.<br><br>Dr. Feigal did not identify this document on her reliance list or in her report. | Dr. Feigal is a general causation expert, whose opinions are not limited by time.<br><br>This Sanofi document was discussed in Dr. Feigal's November 21, 2019 deposition (Exh. 20) and provides statements against interest (801(d)(2)), which directly contradict Sanofi's arguments that ongoing means something other than persistent/permanent alopecia.<br><br>The document is relevant to Sanofi's litigation only argument that their own clinical trial data should be re-analyzed to contradict what it continues to represent to regulatory authorities. |
| D-1286 | NCCN Guidelines for 2008 | **MIL 33 (Rec. Doc. 13260); Irrelevant (401/402); Cumulative (403)**<br><br>Dr. Feigal may not offer duplicative testimony regarding the alternative chemotherapy regimens that existed for Taxotere patients as Dr. Bosserman has already provided this testimony. *See* MIL 33. | Dr. Feigal discusses the NCCN Guidelines in her expert report. It is relevant to the issue of Taxotere being prescribed in combination therapy/regimens. Plaintiff anticipates Sanofi will challenge Dr. Feigal's analysis on the premise that none of the studies she cites involve monotherapy and the guidelines orient the jury to why her analysis doesn't involve only monotherapy. Plaintiff does not intend to cumulate the testimony of Dr. Bosserman. |
| P-229 | Excerpts from CSR for GEICAM9805 | **Irrelevant (401/402); Misleading (403); Completeness (106); MIL 27**<br><br>Dr. Feigal does not identify this earlier version of the GEICAM 9805 CSR in her expert report or reliance materials. She instead has only cited the GEICAM CSR | Plaintiff intended to cite the GEICAM CSR from her report. |

| | | | |
|---|---|---|---|
| | | dated November 9, 2009. | |
| | Articles listed in Table 2 to Dr. Feigal's March 23, 2020 Rule 26 Report | No objection. | |
| P-613 | TAX316 CSR (Sanofi_00724262) | No objection. | |
| P-626 | TAX316 Protocol (Sanofi_04816552) | No objection. | |
| | Demonstrative - Bradford Hill | No objection. | |
| | Table 1 from Mackey | No objection. | |

**Steve Seebol**

| Exhibit No. | Description | Objection | Response |
|---|---|---|---|
| P-2649 | Plaintiff Blog | Sanofi reserves its rights to assert hearsay and other objections depending on what Mr. Seebol is asked to testify on within the blog. | Plaintiff and her husband, Mr. Seebol, are co-writers of the blog and both have access to it. Mr. Seebol was asked a number of questions in deposition about the blog. |
| P-2867 | Photo | No objection. | |
| P-2896 | Photo | No objection. | |
| P-2892 | Photo | No objection. | |
| P-2898 | Photo | No objection. | |
| P-2899 | Photo | No objection. | |
| P-2966 | Photo | No objection. | |
| P-2968 | Photo | No objection. | |
| P-2982 | Photo | No objection. | |
| P-3104 | Photo | No objection. | |
| P-3137 | Photo | No objection. | |
| P-3141 | Photo | No objection. | |
| P-3142 | Photo | No objection. | |

M. Palmer Lambert

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC

2800 Energy Centre

1100 Poydras Street

New Orleans, Louisiana 70163

Telephone: 504-522-2304

Direct: 504-595-3340

Facsimile: 504-528-9973

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is

addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.