Zoe Larned, M.D.
Sanofi's Exhibits

| Exhibit No. | Description | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
| D-2166 | Deposition of Elizabeth Kahn, 12/7/17, Exhibit 08 (Defendant proposes using D-2035.1, already in evidence) | NSABP B-40 Informed Consent Form. Objection, relevance, foundation, unduly prejudicial (403), misleading (403). Dr. Larned testified she did not discuss the Informed Consent Form with Ms. Kahn, and was not "in the room" with Dr. Kardinal and Ms. Kahn during the discussion of risks and benefits of the treatment. The Court has consistently ruled that only the actual doctor (Dr. Kardinal), who was in the room for the discussion of informed consent for treatment with Taxotere should be able to discuss that shared decision-making process. Allowing such testimony on this document invites the jury to improperly use Dr. Larned's testimony as akin to a "reasonable doctor" standard for determining warnings causation based on the learned intermediary doctrine. | The Court has already ruled on the parties' deposition designations for Dr. Larned. The testimony on this exhibit was allowed over the same objections set forth in the parties' designations. Accordingly, it is Sanofi's position that this exhibit has already been allowed over the same objections set forth by Plaintiff.<br><br>Moreover, this document has already been admitted into evidence as both P-2811 and D-2035.1.<br><br>Further responding, Dr. Larned was a sub-investigator of NSABP B-40. She testified at her deposition that she reviewed Mrs. Kahn's medical chart prior to meeting with her for the first time. The medical chart included the informed consent, having been a sub-investigator of the study. She also relied on the warnings from the informed consent when meeting with Mrs. Kahn and making medical judgments on whether or not to prescribe additional chemotherapy.<br><br>Further, Sanofi believes that it is appropriate to use this exhibit for the jury's evaluation of Dr. Larned's understanding and reliance |

| Exhibit No. | Description | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
| | | | on the information conveyed in the informed consent as part of Dr. Larned's care and treatment of Mrs. Kahn. |
| D-2164 | Deposition of Elizabeth Kahn, 12/7/17, Exhibit 06 | Plaintiff's blog. Objection, foundation, relevance. Dr. Larned testified she had never seen the blog before counsel presented it to her in the deposition. | The Court has already ruled on the parties' deposition designations for Dr. Larned. The testimony on this exhibit was allowed over the same objections set forth in the parties' designations. Accordingly, it is Sanofi's position that this exhibit has already been allowed over the same objections set forth by Plaintiff.<br><br>Moreover, Plaintiff disclosed the same document as P-2649 in advance of the direct examination of Steve Seebol and used the document during direct examination of Mr. Seebol on November 15, 2021.<br><br>Further responding, this document was written by the Plaintiff contemporaneous with her first visit with Dr. Larned. The exhibit established that Dr. Larned discussed both side effects of the medicines and the Plaintiff's expectations for therapy. The exhibit was used with Dr. Larned to confirm that such a conversation took place and that it would have been part of her protocol when taking over a patient care, as she |

| Exhibit No. | Description | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
|  |  |  | did for Mrs. Kahn. It directly relates to Dr. Larned's care and treatment.<br><br>Further, the document is clearly relevant and constitutes a statement by a party opponent offered against it pursuant to F.R.E. 801(d)(2). |
| D-3879 | Ochsner Health System (Pages 11-738, 791, 797-802, 805-834, 837-841, 845-850, 854-857, 860-900, 903-905, 923-925, 933-936, 941-950, 953-1002, 1004-1044, 1047-1080, 1088, 1101-1102, 1104-1111, 1122-1126, 1130-1131, 1140-1141, 1160, 1164, 1167-1172, 1175-1176, 1180-1181, 1199-1202, 1212-1237, 1240-1264, 1267-1289, 1292-1302, 1306, 1311, 1315-1347, 1351-1424, 1426-1455, 1458-1464, 1472, 1483-1484, 1495-1496, 1507-1538, 1540-1544, 1546-1548, 1555, 1564-1565, 1585-1622, 1623-1640, 1648-1652, 1655-1684, 1756-1919, 1931-2126, 2177-2413, 2309, 2568- | No objection to the agreed set of medical records. However, Plaintiff objects to the extent the records are used with Dr. Larned to discuss decision-making and consent discussions between Dr. Kardinal and Ms. Kahn, pursuant to the same objection set forth above to D-2166. | The Court has already ruled on the parties' deposition designations for Dr. Larned. The testimony on this exhibit was allowed over the same objections set forth in the parties' designations. Accordingly, it is Sanofi's position that this exhibit has already been allowed over the same objections set forth by Plaintiff.<br><br>Further, Sanofi believes that it is appropriate to use this exhibit for the jury's evaluation of Dr. Larned's understanding and reliance on the information conveyed in Mrs. Kahn's own medical records as part of Dr. Larned's care and treatment of Mrs. Kahn. |

| Exhibit No. | Description | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
| | 2693, 3020-3023, 3056-3060, 4369-4394, 4490-4496) | | |
| D-2214 | Deposition of Zoe Larned, 2/22/18, Exhibit 5 | No objection | N/A |
| D-5 | Taxotere USPI | Objection, relevance, foundation, unduly prejudicial (403), misleading (403). Dr. Larned testified she did not discuss the Informed Consent Form with Ms. Kahn, and was not "in the room" with Dr. Kardinal and Ms. Kahn during the discussion of risks and benefits of the treatment. The Court has consistently ruled that only the actual doctor (Dr. Kardinal), who was in the room for the discussion of informed consent for treatment with Taxotere should be able to discuss that shared decision-making process. Allowing such testimony on this document invites the jury to improperly use Dr. Larned's testimony as akin to a "reasonable doctor" standard for determining warnings causation based on the learned intermediary doctrine. | The Court has already ruled on the parties' deposition designations for Dr. Larned. The testimony on this exhibit was allowed over the same objections set forth in the parties' designations. Accordingly, it is Sanofi's position that this exhibit has already been allowed over the same objections set forth by Plaintiff.<br><br>Moreover, this document has already been admitted into evidence by Plaintiff as P-280.<br><br>Plaintiff's objection to this document is unclear, as this document is not the Informed Consent Form. Further responding, however, Taxotere is a drug that Dr. Larned recommended to Mrs. Kahn. In fact, she recommended it three times, relying on her medical judgment to make that decision. Testimony regarding Dr. Larned's understanding of the warning in the Taxotere label—a label she read before treating Mrs. Kahn—is relevant because it directly relates to |

| Exhibit No. | Description | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
|  |  |  | Dr. Larned's understanding of the risks of hair loss (including permanent hair loss) at the time she prescribed Taxotere and other chemotherapy to Mrs. Kahn.<br><br>Further, Sanofi believes that it is appropriate to use this exhibit for the jury's evaluation of Dr. Larned's understanding and reliance on the information conveyed by Sanofi in the Taxotere label as part of Dr. Larned's care and treatment of Mrs. Kahn. |