UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) <br> PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: <br> ALL CASES ON ATTACHED EXHIBITS A-C | |

**DEFENDANTS' NOTICE OF NON-COMPLIANCE CASES
SUBJECT TO DECEMBER 15, 2021 DISMISSAL CALL DOCKET**

Pursuant to Pretrial Order 22A, Paragraph 4 (Rec. Doc. 3493), Defendants sanofi-aventis U.S. LLC, Sanofi US Services Inc., Actavis Pharma, Inc. and Actavis LLC, Accord Healthcare, Inc., Pfizer, Inc., Hospira, Inc. and Hospira Worldwide, LLC, Sandoz Inc., and Sun Pharmaceutical Industries, Inc. (collectively "Defendants"), submit a listing of cases for the December 15, 2021 dismissal call docket. The case lists are attached hereto as **Exhibit A**.

Defendants respectfully request this Court dismiss such cases with prejudice for (1) failure to comply with Amended PTO 22 (Rec. Doc. 325), which required Plaintiffs to produce a complete and verified Plaintiff Fact Sheet ("PFS"), signed and dated Authorizations, and responsive documents requested in the PFS; (2) failure to comply with CMO 12A (Amended Product Identification Order) (Rec. Doc. 3492); and/or (3) failure to comply with PTO 71A (Plaintiffs' Responsibilities Relevant to ESI) (Rec. Doc. 1531).

Pursuant to PTO 22A, counsel for Defendants provided to Plaintiffs' Liaison Counsel Notices of Non-Compliance on June 23, 2021, and July 28, 2021, which identified plaintiffs who: (1) failed to submit a PFS; (2) failed to respond to a PFS notice of deficiency; (3) following receipt of a notice of deficiency, failed to submit a substantially complete PFS with required

declaration and authorizations; (4) failed to upload to MDL Centrality evidence of product identification or notify Defendants of the inability to obtain product identification as required by CMO 12A; or (5) failed to submit the ESI disclosure required by PTO 71A ¶6. Within thirty (30) days of being identified on these Notices of Non-Compliance, Plaintiffs were required to (1) serve Defendants with the complete and verified PFS, along with the requisite responsive documents by uploading them to MDL Centrality; (2) upload a PTO 71A disclosure to MDL Centrality and/or (3) submit product identification to MDL Centrality or notify Defendants of their inability to obtain same pursuant to CMO 12A, and confirm compliance by email to the counsel specified in PTO 22A.

Of the 468[1] cases identified on Defendants' June 23, 2021 and July 28, 2021 Notices of Non-Compliance, 25 filed stipulations of dismissal with prejudice of their entire action instead of attempting to cure the identified deficiency(ies).[2] Of the remaining 420 cases, 229 failed to cure the deficiency(ies) and are identified for dismissal with prejudice on Exhibit A.[3]

Defendants also list 17 cases on **Exhibit B** that were addressed during prior show cause hearings, and that Defendants believe are also subject to dismissal at this time.

Defendants also list on **Exhibit C** 329 cases for which adjudication is being sought pursuant to Case Management Order No. 12A.[4] Case Management Order No. 12A was entered

---

[1] Some cases appeared on both the notice of non-compliance submitted by sanofi and the notice of non-compliance submitted by the 505(b)(2) defendants. Those cases are counted only once.

[2] In addition to these 25 cases, 23 additional cases that appeared on Defendants' June 23, 2021 and July 28, 2021 Notices of Non-Compliance were otherwise previously dismissed.

[3] Defendants do not waive their right to bring deficiencies identified in their June 23, 2021 and July 28, 2021 notices of non-compliance, but omitted herein, before the Court at a later date.

[4] These cases were identified on Defendants' April 2, 2021 Notice of Non-Compliance with CMO 12A sent to the Plaintiffs' Co-Liaison Counsel, and again on Defendants' September 17, 2021 Notice of Non-Compliance with CMO 12A sent to Plaintiffs' Co-Liaison Counsel. Pretrial Order No. 22A, which governs the show cause order process for dismissal of cases, provides that non-compliance lists must be served upon PLC rather than individual counsel for Plaintiffs.

on July 24, 2018, and amended the initial Case Management Order No. 12 governing Product Identification entered on January 12, 2018. In accordance with CMO 12A, Plaintiffs are required to "make a diligent, good faith, and documented effort" to determine Product ID Information (¶ 2).

Defendants have been meeting and conferring with Plaintiffs' Co-Liaison Counsel since March of 2020 on various CMO 12A compliance issues.  Pursuant to Paragraph 12 of CMO 12A, Defendants now seek the appropriate adjudication of the 329 cases submitted as **Exhibit C** for failure to produce Product ID Information in satisfaction of the Order.  Exhibit C is limited to Plaintiffs who meet all of the following criteria: (i) the plaintiff filed suit before January 1, 2019; (ii) the plaintiff has not provided Product ID Information consistent with CMO 12A; and (iii) as of Defendants' September 17, 2021 Notice of Non-Compliance, the plaintiff had not submitted to Defendants proof of any documented efforts to determine Product ID information in 2021.  As such, each of the plaintiffs on Exhibit C has represented to Defendants that she has taken investigatory steps required by CMO 12A, but has not obtained product ID Information.  Pursuant to CMO-12A, ¶ 12, each such plaintiff is "authorized to conduct discovery to the relevant infusion facility, distributor or healthcare providers, limited in scope solely to determine Product ID Information, for a period of not more than seventy-five (75) days" and thereafter may be subject to dismissal.

Accordingly, given the importance of product identification to this litigation, Defendants request that this Court enter an Order setting a 75-day deadline pursuant to CMO 12A for each Plaintiff listed on Exhibit C to produce Product ID and upload such results to MDL Centrality, and dismiss any Defendant(s) for whom there is no Product ID.  For any Plaintiff who fails to determine Product ID Information in accordance with CMO 12A by that deadline, the efforts to

3

obtain Product ID Information should be documented and communicated to Defendants. In accordance with PTO 22A, Defendants will then issue a notice of Non-Compliance requiring plaintiff to show cause at a future hearing why her case should not be dismissed with prejudice.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

GREENBERG TRAURIG, LLP

/s/ R. Clifton Merrell
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ Deborah B. Rouen
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500 New Orleans, Louisiana 70139 Telephone: (504) 581-3234 Facsimile: (504) 566-0210 debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


TUCKER ELLIS LLP

/s/ Julie A. Callsen
Julie A. Callsen
Brandon D. Cox
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
Julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

5

WILLIAMS & CONNOLLY LLP

/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

HINSHAW & CULBERTSON LLP

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

ULMER & BERNE LLP

<u>/s/ *Michael J. Suffern*</u>
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

<u>/s/ *Douglas J. Moore*</u>
Douglas J. Moore
