UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

HOSPIRA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
THIRD PARTY FAULT, THE COMPARATIVE FAULT OF
HER TREATING PHYSICIANS, MITIGATION OF DAMAGES,
CONTRIBUTORY NEGLIGENCE, AND MISUSE OF DOCETAXEL

This Court should deny Plaintiff's Motion for the same reasons it denied a nearly identical motion for partial summary judgment in *Kahn*. *First*, Plaintiff's Motion should be denied as moot because Hospira does not intend to raise at trial the affirmative defenses identified in Ms. Plaisance's Motion. *Second*, Plaintiff's request for an order to exclude evidence should be denied because it is procedurally improper and premature.

BACKGROUND

Plaintiff moves for summary judgment on two categories of affirmative defenses:

A.  **Comparative/Third-Party Fault.**

Plaintiff argues that "Hospira asserts a number of affirmative defenses in the Master Answer that allege comparative fault on the part of some phantom third party or which could be construed to assert such a defense, including Affirmative Defenses 9, 16, 18, 20, 27, 28, and 45." Pl.'s Mem. Supp. Mot. Partial Summ. J. ("Pl.'s Mem.") at 3, ECF No. 13371-1. These seven affirmative defenses are as follows:

- *Hospira's Ninth Affirmative Defense*: If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by the Hospira or Pfizer Defendants and for which they are not liable.

1

- *Hospira's Sixteenth Affirmative Defense*:  Plaintiffs' damages, if any, were the direct result of Plaintiffs' preexisting medical conditions, and/or occurred by operation of nature or as a result of circumstances over which the Hospira and Pfizer Defendants had and continue to have no control.

- *Hospira's Eighteenth Affirmative Defense*:  Plaintiffs' injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom the Hospira and Pfizer Defendants had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

- *Hospira's Twentieth Affirmative Defense*:  Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs or third parties of the docetaxel administered to Plaintiffs.

- *Hospira's Twenty-Seventh Affirmative Defense*:  Should the Hospira and/or Pfizer Defendants be held liable to Plaintiffs, which liability is specifically denied, the Hospira Defendants and Pfizer would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' complaint.

- *Hospira's Twenty-Eighth Affirmative Defense*:  The Hospira and Pfizer Defendants are liable only for damages found by the trier of fact equal to their percentage of responsibility, if any.  Pursuant to Louisiana Civil Code article 2323, and any similar provisions under any applicable state law deemed to apply to the individual Plaintiff's claims, if a person suffers injury, death, or loss as the result partly of her own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.  Furthermore, liability for damages caused by two or more persons shall be a joint and divisible obligation.  *See, e.g.*, La. C.C. art. 2324.  The Hospira and Pfizer Defendants shall not be solely liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute, or otherwise.  *See, e.g., id.*

- *Hospira's Forty-Fifth Affirmative Defense*:  Plaintiff's causes of action are barred because Plaintiff's medical providers owed a nondelegable duty to obtain their informed consent for all medical procedures and treatment, and the Hospira and Pfizer Defendants could not assume or comply with this duty because they are not medical providers.

2

B.   **Contributory Negligence, Misuse, and Mitigation of Damages.**

Plaintiff argues that because "Hospira has not produced any evidence to show that docetaxel was misused either by Mrs. Plaisance or her physicians or any other evidence of a failure to mitigate damages or contributory negligence, Affirmative Defenses 15, 19, and 20 should be dismissed on summary judgment." Pl.'s Mem. at 6. These affirmative defenses are as follows:

- *Hospira's Fifteenth Affirmative Defense*: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.

- *Hospira's Nineteenth Affirmative Defense*: Plaintiffs' claims are barred and/or reduced by Plaintiffs' contributory or comparative negligence and Plaintiffs' contributory or comparative fault.[1]

Plaintiff "seeks an Order prohibiting any evidence or testimony on the following topics: (1) comparative fault on the part of anyone, including Mrs. Plaisance's physicians[;] (2) any of Mrs. Plaisance's physicians' care and treatment being below the standard of care; and (3) failure to mitigate, contributory negligence, or misuse of Taxotere by anyone, including Mrs. Plaisance or her physicians." Pl's. Mem. at 6-7.

I.   **THE COURT SHOULD DENY AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

Ms. Plaisance's Motion should be denied as moot because Hospira does not intend to raise at trial the affirmative defenses on which Plaintiff claims she is entitled to summary judgment. Hospira will not raise any affirmative defenses based on (1) the comparative fault of any third party, including Plaintiff's physicians; (2) Plaintiff's physicians' care and treatment

---

[1]   Affirmative Defense No. 20 is set out above.

3

being below the standard of care; or (3) Plaintiff's treating physicians' contributory negligence, failure to mitigate damages, and/or misuse of docetaxel.[2]

In *Kahn*, the Court denied as moot the plaintiff's near-identical motion for partial summary judgment based on Sanofi's stipulation that it would not raise the affirmative defenses at issue at trial. *See In Re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Jan. 8, 2021), ECF No. 11782, at 2 ("*Kahn*") ("Given that Sanofi stipulates that it will not raise the affirmative defenses at issue, the Court denies as moot the summary judgment aspect of Plaintiff's Motion."). The Court should chart the same course here and deny as moot Ms. Plaisance's Motion.

## II. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR EVIDENTIARY RULINGS.

Although Plaintiff's Motion is labeled as one for summary judgment, it is a thinly veiled motion *in limine*. It not only seeks summary judgment on affirmative defenses, but it also seeks "an Order *prohibiting any evidence or testimony*" relating to these topics. Pl.'s Mem. at 6-7

---

[2] To be clear, although Hospira will not pursue any of the defenses identified by Plaintiff *as affirmative defenses*, it will argue at trial that Plaintiff has not met her burden of proof on causation. Affirmative defenses are defenses on which Hospira has the burden of proof. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). As this Court has recognized, "because a plaintiff bears the burden of proof on causation, defenses relating to causation are not affirmative defenses." *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Dec. 18, 2020), ECF No. 11684, at 4; s*ee also* Ex. B, Nov. 18, 2021 Trial Tr., *Kahn v. Sanofi-Aventis U.S. LLC*, No. 16-cv-17039, at 1929:15 ("[De]fendants don't have the burden of proof in this matter [regarding causation]."); *In Re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Nov. 18, 2021), ECF No. 13433 (order denying Kahn's renewed motion *in limine* to exclude argument for alternative causation). Some of the affirmative defenses identified by Plaintiff relate to causation—e.g., intervening or superseding cause (Ninth Defense), mitigation of damages (Fifteenth Defense), and preexisting conditions (Sixteenth Defense). Although Hospira will not raise these as affirmative defenses on which it has the burden of proof, it will argue at trial that Plaintiff has not proven causation and that there were alternative causes of her alleged injury and damages.

4

(emphasis added).  The Court should deny Plaintiff's request for evidentiary rulings for at least two reasons.

*First*, as the Court in *Kahn* has already held, Ms. Plaisance's "request is procedurally improper and premature." *Kahn* at 2.  Motions *in limine* are not due until January 26.  CMO 14M, ECF No. 13468.  And nothing in Rule 56 permits the relief Plaintiff requests.  *See* Fed. R. Civ. P. 56.  Indeed, "[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).  As this Court has recognized, the admissibility of evidence should be briefed and considered in motions *in limine* in accordance with the Court's schedule:  "Plaintiff may instead file a motion *in limine* at the appropriate time, and in that context, the Court will consider whether to exclude the testimony at issue." *Kahn* at 2. Plaintiff's request for evidentiary rulings therefore should be denied for this reason alone.

*Second*, Plaintiff's vague requests for evidentiary rulings, if granted, could exclude admissible evidence that remains highly relevant to the issues in this case, apart from any affirmative defenses.

**Dr. Chauvin.**  Hospira will not assert that Dr. Laura Chauvin, Plaintiff's treating oncologist, committed medical malpractice or present any other "blame the doctor defense." Pl.'s Mem. at 4.  Evidence about Dr. Chauvin's conduct, however, is highly relevant to Plaintiff's failure-to-warn claim.  For example, under Louisiana law, for a plaintiff to prove the causation element of her claim, she must "show that a proper warning would have changed the decision of the treating physician." *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Stewart)*

5

(Apr. 19, 2021), ECF No. 12494, at 4-5 ("*Stewart*") (quoting *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1099 (5th Cir. 1991)).  Hospira will introduce evidence that the risk of permanent hair loss would not have changed Dr. Chauvin's decision to prescribe docetaxel to Ms. Plaisance. *See* Def.'s SOF ¶¶ 3-4; Ex. A, Deposition of Dr. Chauvin (October 15, 2020) ("Chauvin Dep.") at 135:9-6 (referring to docetaxel regimen as "the right treatment for [Ms. Plaisance's] cancer"); *id.* at 89:14-19 (explaining she does "not feel that there was another treatment option for Mrs. Plaisance that would have been a better treatment option for her").

Similarly, Plaintiff cannot sustain her burden on a failure-to-warn claim "[w]hen a physician does not recall ever reading the label at issue." *Stewart* at 6 (citing *Pustejovsky v. Pliva, Inc.*, 623 F.3d 271, 277 (5th Cir. 2010)).  Hospira will present evidence that Dr. Chauvin could not recall whether she reviewed Hospira's docetaxel label before prescribing it to Ms. Plaisance.  Def.'s SOF ¶¶ 1-2; Ex. A (Chauvin Dep.) at 131:24-132:7 (stating she could not "tell you whose label [she] last looked at," and that she instead reviewed UpToDate).[3]

None of this evidence implies any fault, contributory negligence, or misuse by Dr. Chauvin in prescribing docetaxel to Ms. Plaisance.  It is independently admissible without regard to any affirmative defenses.  Thus, this evidence should not be excluded based on Plaintiff's Motion.

**Sanofi.**  Plaintiff states that she "fears Hospira will nonetheless try to blame another entity not present at trial—Sanofi."  Pl.s' Mem. at 5.  That concern is unwarranted.  Hospira does not intend to blame Sanofi at trial.  Hospira should not be precluded, however, from presenting evidence about Sanofi that is relevant to the issues in this case.  For example, the FDA's

---

[3] Dr. Chauvin's conduct is the subject of Hospira's Motion for Summary Judgment Based on the Learned Intermediary Doctrine.  *See* ECF No. 13383.

approval of Hospira's 505(b)(2) application was predicated on Sanofi's labeling for Taxotere and its accompanying data. Sanofi's labeling is therefore highly relevant to the adequacy of Hospira's docetaxel label, including its alopecia warning. *See* Hospira's Mem. Supp. Mot. Summ. J. Re Preemption at 3-4, 14, ECF. No. 13385-1. Thus, apart from any affirmative defenses, certain evidence regarding Sanofi is admissible and should not be excluded based on Plaintiff's Motion.

**Ms. Plaisance.** Hospira will not argue that Ms. Plaisance's use of docetaxel is a basis for the affirmative defenses of contributory negligence, mitigation of damages, or misuse. But that does not mean that Ms. Plaisance's actions are inadmissible. Rather, Ms. Plaisance's treatment choices are relevant to other issues. For example, for five years she took Femara, an aromatase inhibitor for endocrine therapy that can cause a pattern of hair loss similar to androgenetic alopecia. *See* Def.'s SOF ¶ 5; Ex. A (Chauvin Dep.) at 110:8-111:5. This evidence is relevant to the issue of causation, aside from any affirmative defenses, and should not be excluded based on Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: December 7, 2021                                    Respectfully submitted,

*/s/ Heidi K. Hubbard*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: 202-434-5000
hhubbard@wc.com

7

John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-858-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc.,*
*Hospira Worldwide, LLC, and Pfizer Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      /s/ *Heidi K. Hubbard*