UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

**HOSPIRA'S STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON
THIRD PARTY FAULT, THE COMPARATIVE FAULT OF
HER TREATING PHYSICIANS, MITIGATION OF DAMAGES,
CONTRIBUTORY NEGLIGENCE, AND MISUSE OF DOCETAXEL**

Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira Inc. (collectively "Hospira"), pursuant to Local Rule 56.2, submit this Statement of Material Facts in opposition to Plaintiff's Motion for Partial Summary Judgment on Third Party Fault, the Comparative Fault of Her Treating Physicians, Mitigation of Damages, Contributory Negligence, and Misuse of Docetaxel, ECF No. 13371, Plaintiff's supporting Memorandum of Law, ECF No. 13371-1, and Plaintiff's Statement of Material Facts, ECF No. 13371-2, submitted by Plaintiff in support of that Motion.

**I.     OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS.**

1. **Plaintiff's Statement**: *Plaintiff was administered docetaxel manufactured by Defendants, Hospira Worldwide, LLC and Hospira, Inc., Exhibit 1, Amended Short Form Complaint at pp. 1-4.*

   **Hospira's Response**: Admitted.

2. **Plaintiff's Statement**: *After being diagnosed with breast cancer and undergoing a lumpectomy surgery, Plaintiff was referred by her surgeon, Dr. Barry Landry, to*

1

        *Laura Chauvin, M.D. for further breast cancer treatment. Exhibit 2, Deposition of Laura Chauvin, M.D. at 40:14-19.*

        **Hospira's Response**: Admitted.

3. **Plaintiff's Statement**: *Plaintiff began breast cancer treatment with Laura Chauvin, M.D. on January 15, 2014. Id. Dr. Chauvin recommended a course of breast cancer treatment to Plaintiff that included four cycles of docetaxel and Cytoxan. Id. at 47:7-10. Plaintiff agreed to proceed with the recommended chemotherapy. Id. at 87:15-19. Plaintiff started this chemotherapy regimen on January 17, 2014, id. at 91:7-17, and completed all four cycles as prescribed by Dr. Chauvin. Id. at 100:19-22.*

        **Hospira's Response**: Admitted.

4. **Plaintiff's Statement**: *Dr. Chauvin testified that inclusion of docetaxel in Plaintiff's recommended chemotherapy regimen was the standard of care. Id. at 82:16-17.*

        **Hospira's Response**: Admitted.

5. **Plaintiff's Statement**: *Rabia Latif Cattie, M.D. an oncologist and expert witness for Defendants, testified that Plaintiff's treating physicians did nothing inappropriate as it relates to the breast cancer treatment provided to her. Exhibit 3, November 3, 2021 Deposition of Rabia Latif Cattie, M.D. at 34:6-13, 91:11-18, and 97:9-16 (Rough Draft Transcript). In fact, Dr. Cattie testified that she did not have any criticism of any of Mrs. Plaisance's doctors, including Dr. Chauvin. Id. at 97:9-16 & 97:18-24.*

      **Hospira's Response**: Hospira admits that Dr. Cattie did not criticize Dr. Chauvin. Dr. Cattie's testimony speaks for itself and any attempt to characterize it is denied.

6.   **Plaintiff's Statement**: *Dr. Cattie also testified that she had no criticism of Mrs. Plaisance's medical decision-making or compliance with medical recommendations made by her doctors. Id. at 117:16-118:2. She further testified that she had no opinion that Mrs. Plaisance failed to mitigate her damages by not following her doctors' guidance. Id. at 118:23-119:16.*

      **Hospira's Response**: Hospira admits that Dr. Cattie did not criticize Ms. Plaisance. Dr. Cattie's testimony speaks for itself and any attempt to characterize it is denied.

7.   **Plaintiff's Statement**: *Another defense expert and oncologist, Foluso Ademuyiwa, M.D., testified that the breast cancer treatment provided to Plaintiff was within the standard of care. Exhibit 4, October 29, 2021 Deposition of Foluso Ademuyiwa, M.D. at 22:6-14 (Rough Draft Transcript).*

      **Hospira's Response**: Hospira admits that Dr. Ademuyiwa agreed that Plaintiff's breast cancer treatment and docetaxel prescription was within the standard of care. Dr. Ademuyiwa's testimony speaks for itself and any attempt to characterize it is denied.

8.   **Plaintiff's Statement**: *Hospira's Ninth Affirmative Defense: If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by the Hospira or Pfizer Defendants and for which they are not liable.*

>**Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Ninth Affirmative Defense.

9. **Plaintiff's Statement**: *Hospira's Fifteenth Affirmative Defense: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.*

   **Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Fifteenth Affirmative Defense.

10. **Plaintiff's Statement**: *Hospira's Sixteenth Affirmative Defense: Plaintiffs' damages, if any, were the direct result of Plaintiffs' preexisting medical conditions, and/or occurred by operation of nature or as a result of circumstances over which the Hospira and Pfizer Defendants had and continue to have no control.*

    **Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Sixteenth Affirmative Defense.

11. **Plaintiff's Statement**: *Hospira's Eighteenth Affirmative Defense: Plaintiffs' injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom the Hospira and Pfizer Defendants had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.*

    **Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Eighteenth Affirmative Defense.

12. **Plaintiff's Statement**: *Hospira's Nineteenth Affirmative Defense: Plaintiffs' claims are barred and/or reduced by Plaintiffs' contributory or comparative negligence and Plaintiffs' contributory or comparative fault.*

    **Hospira's Response**:  Hospira admits that Plaintiff has correctly stated Hospira's Nineteenth Affirmative Defense.

13. **Plaintiff's Statement**:  *Hospira's Twentieth Affirmative Defense:  Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs or third parties of the docetaxel administered to Plaintiffs.*

    **Hospira's Response**:  Hospira admits that Plaintiff has correctly stated Hospira's Twentieth Affirmative Defense.

14. **Plaintiff's Statement**:  *Hospira's Twenty-Seventh Affirmative Defense:  Should the Hospira and/or Pfizer Defendants be held liable to Plaintiffs, which liability is specifically denied, the Hospira Defendants and Pfizer would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' complaint.*

    **Hospira's Response**:  Hospira admits that Plaintiff has correctly stated Hospira's Twenty-Seventh Affirmative Defense.

15. **Plaintiff's Statement**:  *Hospira's Twenty-Eighth Affirmative Defense:  The Hospira and Pfizer Defendants are liable only for damages found by the trier of fact equal to their percentage of responsibility, if any.  Pursuant to Louisiana Civil Code article 2323, and any similar provisions under any applicable state law deemed to apply to the individual Plaintiff's claims, if a person suffers injury, death, or loss as the result partly of her own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.  Furthermore, liability for damages*

*caused by two or more persons shall be a joint and divisible obligation. See, e.g., La. C.C. art. 2324. The Hospira and Pfizer Defendants shall not be solely liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute, or otherwise. See, e.g., id.*

**Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Twenty-Eighth Affirmative Defense.

16. **Plaintiff's Statement**: *Hospira's Forty-Fifth Affirmative Defense: Plaintiff's causes of action are barred because Plaintiff's medical providers owed a nondelegable duty to obtain their informed consent for all medical procedures and treatment, and the Hospira and Pfizer Defendants could not assume or comply with this duty because they are not medical providers.*

    **Hospira's Response**: Hospira admits that Plaintiff has correctly stated Hospira's Forty-Fifth Affirmative Defense.

17. **Plaintiff's Statement**: *Hospira has provided no factual testimony or documentation to support a claim of third-party or non-party fault.*

    **Hospira's Response**: Hospira objects to this statement. Rather than a statement of material fact, Plaintiff's assertion is a legal conclusion or attorney statement. Plaintiff, moreover, provides no citation to support this assertion as required by Federal Rule of Civil Procedure 56(c). Hospira is thus not required to provide a response.

II. **HOSPIRA'S AFFIRMATIVE STATEMENT OF FACTS.**

1. Dr. Chauvin testified that before she first prescribed docetaxel, she reviewed the prescribing information and drug labeling. Ex. A, Deposition of Dr. Chauvin (Oct. 15, 2020) ("Chauvin Dep.") at 88:16-23. But she did "not specifically" review Hospira's docetaxel label before prescribing the drug to Ms. Plaisance:

   > Q: And did you review Hospira's docetaxel label before prescribing docetaxel for Mrs. Plaisance?
   >
   > A: Not specifically.
   >
   > Q: And so you didn't rely on Hospira's label in prescribing it for her; is that right?
   >
   > MR. ROCKSTAD: Object to form.
   >
   > A: No, I can't tell you whose label I last looked at. I can put it that way.

   *Id.* at 131:17-25.

2. Dr. Chauvin uses a service known as "UpToDate," but she is unaware if whether, by using the service, she relied on any information from Hospira when prescribing docetaxel to Ms. Plaisance. She stated:

   > Q: Did you rely on any information from Hospira in prescribing docetaxel for Mrs. Plaisance?
   >
   > A: When I look up information on chemo medicines, I go to UpToDate, and I don't think it really notes – I don't pay attention to who the manufacturer is.

   Ex. A (Chauvin Dep.) at 132:2-7.

3. Dr. Chauvin testified that she believes the docetaxel regimen that was prescribed to Ms. Plaisance "was the right treatment for her cancer." Ex. A (Chauvin Dep.) at 135:9-16.

4. Dr. Chauvin testified:

   > Q: And I believe you've testified today that you do not feel that there was another treatment option for Mrs. Plaisance that

7

>       would have been a better treatment option for her; is that
>       right?
>
>   A:   Right.

Ex. A (Chauvin Dep.) at 89:14-19.

5. Dr. Chauvin testified that, after Ms. Plaisance completed chemotherapy, Ms. Plaisance was prescribed Femara, an aromatase inhibitor for endocrine therapy, and that she took the drug for five years. Ex. A (Chauvin Dep.) at 110:8-111:5.

Dated: December 7, 2021                                Respectfully submitted,

                                                       /s/ Heidi K. Hubbard
                                                       Heidi K. Hubbard
                                                       Richmond T. Moore
                                                       Neelum J. Wadhwani
                                                       **WILLIAMS & CONNOLLY LLP**
                                                       725 Twelfth Street, N.W.
                                                       Washington, D.C. 20005-5901
                                                       Telephone: 202-434-5000
                                                       hhubbard@wc.com

                                                       John F. Olinde (Bar No.1515)
                                                       Peter J. Rotolo (Bar No. 21848)
                                                       **CHAFFE MCCALL LLP**
                                                       1100 Poydras Street
                                                       New Orleans, LA 70163
                                                       Telephone: 504-858-7000
                                                       olinde@chaffe.com

                                                       *Counsel for Defendants Hospira, Inc.,*
                                                       *Hospira Worldwide, LLC, and Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Heidi K. Hubbard*