UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　MDL NO. 2740
　　　　PRODUCTS LIABILITY
　　　　LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Plaisance v. Hospira, Inc., et al.*, Case No. 2:18-cv-08086

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE EXPERT TESTIMONY OF LINDA BOSSERMAN, M.D.

**INTRODUCTION**

Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. (hereinafter "Hospira") moved to exclude certain opinions of Linda Bosserman, M.D. ("Dr. Bosserman") regarding her proposed testimony concerning: 1) case specific opinions, 2) opinions regarding online predictive tools, and 3) testimony about what was known or knowable by Hospira about permanent hair loss.

Dr. Bosserman offers general opinions in this case as a clinical oncologist specializing in the diagnosis, treatment, and care of patients with breast cancer. She is board certified in internal medicine and medical oncology. Dr. Bosserman was a Clinical Instructor of Medicine at Stanford University School of Medicine and Harvard University before joining Wilshire Oncology Medical Group in 1990. From 1990 until 2014, she served as a breast cancer specialist and clinical research trial lead seeing as many as 350 – 450 newly diagnosed breast cancer patients each year.[1] She is currently a Clinical Professor of Medical Oncology at City of Hope Medical Foundation, and

---

[1] Ex. 1, Dr. Linda Bosserman's Curriculum Vitae.

1

recently served as the Editor-in-Chief of the Journal of Oncology Practice, American Society of Clinical Oncology.[2]

Based on her education, training and experience, Dr. Bosserman offers opinions related to breast cancer diagnosis, treatment, and care generally, the contributions of various treatment modalities to overall recovery and survival, and the informed consent process. Her testimony will help the jury understand general concepts of medical oncology, the spectrum of diagnoses of breast cancer, its relative survivability, treatment options available to patients generally (educating the jury on the NCCN guidelines), and the predictive modeling available to demonstrate the relative contributions of different treatment modalities. Her testimony will further assist the jury in understanding that not all cancer diagnoses are the same; and she will provide necessary education and context with which to evaluate the facts of this case, as well as relevant concepts surrounding Defendants' failure to warn about permanent hair loss associated with the use of docetaxel. Her opinions are based on her education, training, and experience; peer-reviewed literature and studies; and nationally accepted guidelines and tools utilized in the practice of medical oncology. Further, the analysis presented in her opinions is based upon the decades of practice as an expert in the field of medical oncology, and her observations as a clinical oncologist.

Nothing suggests that a medical oncologist with Dr. Bosserman's education, background and experience should be barred from testifying about oncology, the diagnosis, treatment and prognosis of early-stage breast cancer, and the relative contribution of docetaxel and other chemotherapies and treatments to disease-free survival. Defendants' motion is merely a reiteration of the arguments made in *Earnest* and *Kahn,* many of which were properly denied.[3] Indeed, the Court twice previously accepted Dr. Bosserman as an expert "in breast cancer diagnosis, breast

---

[2] *Id.*
[3] Rec. Doc. 13376 (Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).

cancer treatment, management of breast cancer treatment, treatment options and guidelines for breast cancer, and generally the care physicians provide for informing patients through the decision making process," based upon the same opinions provided in her present Rule 26 Expert Report.[4] For the reasons set forth herein, Dr. Bosserman's opinions and conclusions are admissible, and the Court should deny Defendants' motion to exclude Dr. Besserman's testimony.

**LEGAL STANDARD**

A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). In order to allow an expert's testimony, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. 579, 592-93 (1993) 592–93. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Id*. at 594.

The purpose of a *Daubert* inquiry is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 150. "[W]hether an expert's testimony is reliable is a fact-specific inquiry." *Burleson*

---

[4] Ex. 2, Earnest Trial Tr. Sept. 20, 2019 at 1259:6-11; Dr. Bosserman was tendered and accepted as an expert in the field of oncology, breast cancer care and treatment, clinical trials, informed consent, and the side effects of chemotherapy (Ex. 3, Kahn Trial Tr. Nov. 9, 2021 at 426:2-6).

*v. Texas Dep't of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004) (citation omitted). Additionally, testimony is admissible when "the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *Tripkovich v. Ramirez*, No. 13-6389, 2015 WL 3849392, at * (E.D. La. June 22, 2015) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993)). Expert testimony can be classified as relevant if "the reasoning or methodology 'fits' the facts of the case and will thereby assist the trier of fact to understand the evidence." *Burst v. Shell Oil Co.*, 120 F. Supp. 3d 547, 550 (E.D. La. 2015) (citations omitted).

**ARGUMENT**

    **I.    THIS COURT HAS ALREADY ALLOWED DR. BOSSERMAN TO OFFER GENERAL INFORMED CONSENT STANDARD OF CARE AND TREATMENT OPTION OPINIONS**

Defendants misleadingly assert that Ms. Plaisance offers Dr. Bosserman to provide case-specific opinions. This is not true. As an initial matter, Plaintiff accepts all of the Court's prior restrictions precluding case specific opinions set out in its Order and Reasons concerning Dr. Bosserman's testimony in the *Kahn* matter.[5]

Dr. Bosserman states in her Expert Report that she offers opinions on the accurate communication of information concerning the risk of PCIA with the use of docetaxel, and the methods of communication, including the product label, marketing pieces, correspondence and through the inclusion of updated information by electronic means.[6] Dr. Bosserman does not offer case-specific causation opinions.

Dr. Bosserman is offered to educate the jury on the diagnosis, staging, and grading of early stage breast cancer tumors, treatment options, predictive modeling, and how physicians receive

---

[5] Rec. Doc. 12109
[6] Def. Ex. A, Bosserman Rep., at pg. 58.

4

risk information from pharmaceutical companies and how that information is shared and communicated to patients though the shared decision-making process of informed consent, which this Court previously allowed.[7] Dr. Bosserman does not offer an opinion on what Ms. Plaisance's treating physician would have said regarding the risks and benefits of any alternative, non-docetaxel chemotherapy regimen, or what Ms. Plaisance would have decided after considering such information. Dr. Bosserman does recount Dr. Chauvin's testimony.[8] Similarly, Dr. Bosserman recounts Ms. Plaisance's testimony that she would have considered and chosen a non-docetaxel regimen if informed of the risk of PCIA associated with the use of docetaxel.[9] What Hospira is really complaining about is that Dr. Bosserman relies upon Dr. Chauvin and Ms. Plaisance's testimony concerning their lack of knowledge of the risk of PCIA and what they would do if provided with accurate information, and the choices they would make. The testimony of Dr. Chauvin and Ms. Plaisance are not opinions offered by Dr. Bosserman, but instead are just facts Dr. Bosserman reviewed in forming her opinions. Dr. Bosserman is doing precisely what expert witnesses do, she is relying upon the facts – the testimony of Plaintiff and her prescribing oncologist – in offering her opinions.

The Court has allowed Dr. Bosserman to testify about alternative treatments available and rejected arguments that Dr. Bosserman's testimony on that issue was speculative, unhelpful, and irrelevant. Specifically, this Court held that "Dr. Bosserman, [], can testify about the guidelines from the National Comprehensive Cancer Network and what they require."[10] Dr. Bosserman has

---

[7] Rec. Doc. 12109, at 6 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman) (Dr. Bosserman can offer "general testimony about non-[docetaxel] treatment options . . . how drug companies disseminate risk information […] through various sources, and that it is essential for physicians that the educational and promotion content from pharmaceutical companies prominently include safety discussions.")
[8] Def. Ex. A, Bosserman Rep., at 43, citing Ex. 4, Deposition of Dr. Laura Chauvin, October 15, 2020 ("Chauvin Dep.") at pp. 46:11-47:6.
[9] Def. Ex. A, Bosserman Rep. at 43, citing to Ex. 5, Deposition of Audrey Plaisance, September 22, 2020 ("Plaisance Dep.") at pp. 268:3-271:6, 269:14-27-:3
[10] Rec. Doc. 7807, at 5 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).

offered an opinion that "[t]here were several treatment options with equal efficacy to reduce her recurrence risk and improve her overall survival."[11] The NCCN guidelines include the alternative treatments that were available when Dr. Chauvin treated Ms. Plaisance, and Dr. Bosserman should not be prohibited in this trial from testifying about them. And Dr. Bosserman's opinion that Ms. Plaisance preferred "different acute, chronic and permanent toxicities like PCIA" when making treatment decisions is not speculative; she simply relies upon Ms. Plaisance's testimony.[12]

Because of the foregoing, Hospira's motion should be denied consistent with the Court's prior restrictions on case-specific opinions, and allow opinions that are neither prohibited case-specific opinions nor speculative.

## II. DR. BOSSERMAN'S USE OF THE ONLINE PREDICTIVE TOOL IS RECOGNIZED AND USED BY CLINICAL ONCOLOGISTS

Contrary to Defendants' assertions, the Court did not prohibit Dr. Bosserman from offering testimony regarding online predictive tools. The Court, in *Earnest*, held that "[i]n her report, Dr. Bosserman generally discusses the benefit of using online tools in the creation of a treatment plan. Such general testimony is permissible."[13] Dr. Bosserman can certainly discuss the utility of online predictive tools for in the development of a patient's treatment plan. The predictive tool utilized allows an oncologist to discuss and demonstrate to a patient like Ms. Plaisance, in general terms, the relative contribution of different treatments: surgery, radiation, estrogen modulators and adjuvant chemotherapy. Doing so allows a patient to put the contributions into context, which in turn can be discussed during the shared decision-making process in selecting treatment options.

---

[11] Ex. 6, Taxotere Rule 26 Report of Linda Bosserman, M.D., April 3, 2020, at 56 ("4/3/2020 Bosserman Rep."). Plaintiff initially adopted, pursuant to agreement of the parties, Dr. Bosserman's general opinions in her expert report for Ms. Kahn's matter for efficiency purposes. Dr. Bosserman later produced a case specific expert report for this matter.
[12] Ex. 5, Plaisance Dep. at 270:9-25.
[13] Rec. Doc. 7807, at 6 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman) and Rec. Doc. 12109, at 7 (Order and Reasons, Defs. Mot. To Exclude Expert Test. of Dr. Linda Bosserman).

Hospira's argument that Dr. Bosserman is attempting to provide case-specific opinions is misplaced. Hospira cites to a three-line passage in Dr. Bosserman's recent deposition: "Are you going to be opining as to and applying the Predict model to the specific cancer presentation of Ms. Plaisance? A. Yes."[14] But Defendant's question stops there. In order to see the full context of Dr. Bosserman's Predict opinions the Court should see the full explanation offered.[15] Hospira's questioning does not reveal that Dr. Bosserman is attempting to offer case-specific opinions. Instead, it fails to even attempt to do so.

Clearly, from both Dr. Bosserman's report and her deposition testimony, the Predict modeling tool *requires* the input of Ms. Plaisance's individual, objective medical data.[16] As in *Earnest* and *Kahn*, Dr. Bosserman should not be precluded from providing testimony on, and educating the jury with, the use and utility of online predictive tools.[17] Hospira's motion should be denied.

### III. WHAT WAS KNOWN OR KNOWABLE BY DEFENDANT HOSPIRA

Plaintiff accepts the Court's prior restrictions concerning Dr. Bosserman's testimony concerning what was known or knowable regarding permanent chemotherapy-induced alopecia at the time of Plaintiff's treatment in 2013.[18]

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to Exclude the Expert Testimony of Linda Bosserman, M.D.

---

[14] Def. Ex. B, Bosserman Dep. at 53:5-8.
[15] *Id.* at 51:6-53:8.
[16] *Id.* at 87:6-90:5, 91:13-92:21 and Ex. 6, 4/3/2020 Bosserman Rep.
[17] Rec. Doc. 7807 at 5 and Rec. Doc. 12109 at 7-8.
[18] See Rec. Doc. 12109 at p. 8-9.

Dated: December 7, 2021                              Respectfully submitted,

*/s/ Christopher L. Coffin*                          */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                       Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                     GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2505                      6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                         Los Angeles, California 90045
Phone: (504) 355-0086                                Telephone: 510-350-9700
Fax: (504) 355-0089                                  Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                               kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                        *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                               */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                           Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                            BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                             701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street              New Orleans, LA 70139
New Orleans, LA 70163-2800                           Phone: 504-524-3300
Phone: 504-522-2304                                  Fax: 504-524-3313
Fax: 504-528-9973                                    barrios@bkc-law.com
plambert@gainsben.com

                                                     *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                                         Abby E. McClellan
Andrews & Thornton                                   Stueve Siegel Hanson LLP
4701 Von Karman Ave., Suite 300                      460 Nichols Road, Suite 200
Newport Beach, CA 92660                              Kansas City, MO 64112
Phone: (800) 664-1734                                Phone: (816) 714-7100
aa@andrewsthornton.com                               Fax: (816) 714-7101
                                                     mcclellan@stuevesiegel.com


J. Kyle Bachus                                       Karen Barth Menzies
Bachus & Schanker, LLC                               Gibbs Law Group LLP
101 W Colfax Ave, Suite 650                          6701 Center Drive West, Suite 1400
Denver, CO 80202                                     Los Angeles, CA 90045 Phone:
Phone: (303) 222-2222                                510-350-9700
Fax: (303) 893-9900                                  Fax: 510-350-9701
kyle.bachus@coloradolaw.net                          kbm@classlawgroup.com

8

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

| | |
|---|---|
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@atkinsandmarkoff.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                      */s/ Dawn M. Barrios*
                                                      DAWN M. BARRIOS