UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Plaisance v. Hospira, Inc., et al.*, Case No. 2:18-cv-08086

<u>**PLAINTIFF PLAISANCE'S OPPOSITION TO HOSPIRA'S MOTION
FOR SUMMARY JUDGMENT REGARDING
GENERAL AND SPECIFIC CAUSATION**</u>

**INTRODUCTION**

　　All arguments raised in Hospira's summary judgment motion with respect to Drs. Madigan, Plunkett, Tosti and Feigal were also raised in the contemporaneously filed *Daubert* motions [Rec. Docs. 13378, 13379, 13384 and 13377, respectively]. Oppositions to Hospira's motions are simultaneously being filed with the instant pleading. Thus, Plaintiff adopts and incorporates by reference as if copied herein *in extenso*, the arguments set forth in her *Daubert* oppositions with respect to Drs. Madigan, Plunkett, Tosti and Feigal. In essence, Hospira contends summary judgment must be granted if the Court grants any of its separately filed *Daubert* motions as to Drs. Madigan, Plunkett, Tosti and Feigal because Plaintiff then could not prove medical causation. Plaintiff argues the converse —if the Court denies the *Daubert* motions, summary judgment on this ground must be denied.

　　As more fully outlined below and in Plaintiff's oppositions to Hospira's *Daubert* motions, the analyses and medical diagnostic work of Drs. David Madigan, Laura Plunkett, Ellen Feigal and Antonella Tosti have already been confirmed by this Court in terms of methodology and expertise. Thus, the conclusions of Drs. Madigan, Plunkett, Feigal and Tosti may be presented to a jury and, if accepted by the jury, are sufficient to establish general and specific causation. Hospira's summary judgment motion on general and specific causation should be denied.

1

## ARGUMENT

As previously stated, Plaintiff fully adopts and incorporates the arguments raised in its *Daubert* oppositions, but provides a brief summary of the arguments below.

Hospira's *Daubert* motion on Dr. Plunkett seeks to exclude any testimony that Taxotere can cause PCIA. Dr. Plunkett is not offering causation opinions and has only ever asserted that her opinions are limited to her experience as a toxicologist, which the Court has found she has the requisite expertise and utilized reliable methodology. Hospira's argument as to general causation with respect to Dr. Plunkett is misplaced.

Hospira next challenges Dr. Feigal's general causation opinions by mischaracterizing them. In particular, Hospira pretends that Dr. Feigal's opinion is grounded *solely* on her analysis of Dr. Madigan's meta-analysis of four observational studies. This is not true. Furthermore, Hospira's motion makes it seem as though the Court wholly excluded Dr. Madigan's general causation and biostatistical opinions previously, which is patently false. The Court found Dr. Madigan's opinions reliable and relevant and deemed him qualified to present expert testimony regarding general causation, statistics, biostatistics and signal detection, in conjunction with Dr. Feigal's testimony and there is no reason a different ruling is now warranted.

Hospira attempts to exclude Dr. Tosti's conclusions by characterizing them as general causation rather than specific causation opinions. To be clear, Dr. Tosti is not offering general causation opinions, nor has she ever held herself out as doing so. Thus, Dr. Tosti need not conduct a Bradford Hill analysis to offer a specific causation opinion, rather Dr. Tosti needs only to perform a differential diagnosis ruling in and ruling out alternate causes.[1] Dr. Tosti has clearly undertaken

---

[1] *In re Taxotere*, No. 16-2740, 2019 WL 4007783, at *2 (E.D. La. Aug. 23, 2019) (citing *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 804 (E.D. La. 2011)).

this process and her methodology meets the appropriate *Daubert* standard as previously recognized by this Court for specific causation.[2]

Contrary to Hospira's contention, Dr. Tosti's adequately ruled out endocrine therapy induced alopecia. Dr. Tosti testified that Ms. Plaisance's hair loss did not present in a way that aligns with endocrine induced alopecia.[3] Dr. Tosti understands that endocrine therapy can affect hair that has regrown after chemotherapy and that Ms. Plaisance may have some mild endocrine alopecia, but she testified that Ms. Plaisance has PCIA.[4] Specifically, Dr. Tosti opines "[t]he chronology of [Ms. Plaisance's] alopecia is not consistent with this diagnosis as patients with alopecia due to endocrine therapy have normal hair regrowth after chemotherapy and then develop progressive hair thinning several months after starting endocrine therapy Ms. Plaisance instead had incomplete hair regrowth with severe alopecia **before** starting endocrine therapy."[5] Thus, Dr. Tosti was able to rule out endocrine therapy as a cause of Ms. Plaisance's alopecia "because the history, clinical presentation, and chronology of the alopecia is not consistent with a diagnosis of endocrine therapy."[6] Dr. Tosti established specific causation through a complete differential diagnosis of "ruled in" conditions. She meticulously ruled out least plausible causes until the most probable cause, PCIA, remained. As such, in contrast to the plaintiff in *Wheatley v. Pfizer, Inc.*, 31 F.3d 240, 343 (5th Cir. 1994), Ms. Plaisance has presented expert evidence on why possible alternative causes should be excluded.

---

[2] *See* Rec. Docs. 8095 and 12401.

[3] Ex. 1, Deposition of Antonella Tosti, M.D., Sept. 20, 2021 ("Tosti Dep.") at 222:5-223:6.

[4] *Id.* at 227:3-6.

[5] Ex. 2, Expert Report of Dr. Antonella Tosti, M.D., Aug. 2, 2021 ("Tosti Report") at 34.

[6] *Id.* at 35.

3

Finally, since the Court previously denied defendants' motions to exclude expert testimony on general and specific causation in the *Earnest* and *Kahn* matters, and because the Court previously accepted the qualifications and methodology of Drs. Madigan, Plunkett, Feigal and Tosti in the *Earnest* and *Kahn* cases, the result herein on Hospira's two-part challenge to these experts on *Daubert* grounds and to the sufficiency of general and specific causation evidence on summary judgment should be no different.

## CONCLUSION

For these reasons, Hospira has failed to meet its burden to show entitlement to summary judgment regarding general and specific causation. Accordingly, summary judgment should be denied in all respects.

Dated: December 7, 2021

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

4

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2505
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

| | |
|---|---|
| John Gomez<br>The Gomez Law Firm, PLLC<br>655 West Broadway, Suite 1700<br>San Diego, CA 92101<br>Phone: (619) 237.3490<br>Fax: 619.237.3496.<br>john@thegomezfirm.com | Jessica Perez Reynolds<br>Pendley, Baudin & Coffin<br>P.O. Drawer 71<br>24110 Eden Street<br>Plaquemine, LA 70765<br>Phone: (225) 687-6396<br>Fax: (225) 687-6398<br>jperez@pbclawfirm.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@atkinsandmarkoff.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Dawn M. Barrios
DAWN M. BARRIOS