UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY            ) | |
| LITIGATION                    ) | SECTION: "H" (5) |
|                               ) | |
| **This document relates to:** ) | |
| Deborah Dupree, 21-cv-65      ) | |

## ORDER AND REASONS

Before the Court is a Motion to Vacate Notice of Voluntary Dismissal (Doc. 12794). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On March 4, 2021, Plaintiff Deborah Dupree filed a Notice of Dismissal, dismissing with prejudice all previously named defendants except Sanofi-Aventis US LLC and Sanofi US Services Inc.[2] Sometime after the Notice was filed, Plaintiff's treating facility provided documentation identifying Hospira,

---

[1] Docetaxel is the generic version of Taxotere.
[2] Doc. 12271.

Inc. as the manufacturer of the Taxotere/docetaxel administered to Plaintiff.[3] On May 24, 2021, that document was uploaded to MDL Centrality. On June 3, 2021, Plaintiff filed the instant Motion to Vacate Notice of Voluntary Dismissal seeking to reinstate Plaintiff's claims against Hospira Worldwide, LLC and Hospira, Inc.[4]

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[5] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[6]

Counsel for Plaintiff contends that Plaintiff inadvertently miscommunicated the dates of her treatment with Taxotere to counsel. Therefore, at the time the Notice of Dismissal was filed, counsel was under the impression that Plaintiff had undergone treatment with Taxotere prior to 2011, at which point Sanofi-Aventis was the only manufacturer of Taxotere. Now, based on the documentation provided by Plaintiff's treating facility, counsel is certain the manufacturer of the Taxotere/docetaxel administered to Plaintiff was Hospira, Inc. Plaintiff, therefore, seeks to reinstate her claims against Hospira Worldwide, LLC and Hospira, Inc.

---

[3] Doc. 12794.
[4] *Id.*
[5] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).
[6] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

Because counsel for Plaintiff dismissed the claims against Hospira based on an inadvertent miscommunication from Plaintiff, and Plaintiff's treating facility subsequently identified Hospira, Inc. as the manufacturer of the Taxotere/docetaxel administered to Plaintiff, this Court finds that Plaintiff has satisfied her burden pursuant to Federal Rule of Civil Procedure 60(b). Further, this Court finds that Hospira has failed to show any undue prejudice that it would suffer if the Court grants Plaintiff's Motion. Accordingly, the Court vacates the Notice of Partial Dismissal with respect to Hospira Worldwide, LLC and Hospira, Inc.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Vacate Notice of Voluntary Dismissal (Doc. 12794) is **GRANTED**, and the voluntary dismissal filed in the above-captioned cases is **VACATED** with respect to Hospira Worldwide, LLC and Hospira, Inc. The Clerk's Office is instructed to reinstate Hospira Worldwide, LLC and Hospira, Inc. as defendants in this action.

New Orleans, Louisiana, this 8th day of December, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3