**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| **Cases listed in Exhibit A (attached)** | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW SHOWING WHY CERTAIN PLAINTIFFS'
CLAIMS ARE SUBJECT TO THE COURT'S *MIXON* ORDER AND REASONS**

Michigan law applies to the claims of the 15 Plaintiffs listed in the attached Exhibit A. The Court should decline their invitation to apply New Jersey law.

There is no dispute that the 15 Plaintiffs listed in Exhibit A were prescribed and administered Taxotere in Michigan – not some other state.[1]  There is also no dispute that those Plaintiffs resided in Michigan when they were prescribed, treated, and first experienced their alleged injuries due to Taxotere.[2]  All those Plaintiffs still reside in Michigan today, except for three: Ms. Aldridge (VA), Ms. Jackson (TX), and Ms. Currington (TN).  None of these Plaintiffs have any relevant connection to New Jersey, as none reside there, and none were prescribed, treated, or injured there.

On those undisputed facts, Michigan choice of law rules apply.[3]  "Generally speaking, a

---

[1] *See* Exs. A.1-O.1, above-captioned Plaintiffs' PFSs at § V.5, V.13-15; Exs. A.2-O.2, above-captioned Plaintiffs' Short Form Complaints at ¶ 11.

[2] *See* Exs. A.1-O.1, above-captioned Plaintiffs' PFSs at § V.15; Exs. A.2-O.2, above-captioned Plaintiffs' Short Form Complaints at ¶ 5.

[3] Choice of law rules of the state where Taxotere was prescribed and/or administered apply.  *See In re: Taxotere*, 2020 WL 3487594, at *2 (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)).

tort claim filed in a Michigan court will be governed by Michigan law unless a rational reason exists to displace it." *Gass v. Marriott Hotel Servs., Inc*., 558 F.3d 419, 425 (6th Cir. 2009) (quoting *Watkins & Son Pet Supplies v. Iams Co*., 254 F.3d 607, 611 (6th Cir. 2001)) (internal quotation omitted); *accord Sutherland v. Kennington Truck Serv., Ltd*., 562 N.W.2d 466, 471 (Mich. 1997).

Here, no rational reason exists to displace Michigan law.  Michigan has an interest in regulating prescription drugs sold in its borders for the protection of its residents. *See, e.g.*, *Fednav, Ltd. v. Chester*, 505 F. Supp. 2d 381, 398 (E.D. Mich. 2007) (recognizing state's "interest in regulating prescription drugs within its boundaries"); *Stone v. Stow*, 593 N.E.2d 294, 300 (Ohio 1992) (same). Michigan also has an interest in the application of the Michigan Product Liability Act, which provides clarity to prescription drug manufacturers as to their potential liability for the sale of FDA-approved drugs in the state. *See* Mich. Comp. Laws Ann. § 600.2946(5) (manufacturer "not liable" if FDA-approved drug used FDA-approved label).

By contrast, New Jersey has no particular interest in adjudicating Plaintiffs' claims. Plaintiffs have not alleged any relevant connection to New Jersey.  Other than where they request the District of New Jersey as the venue for their lawsuits, the words "New Jersey" do not appear in any Plaintiff's PFS nor Short Form Complaint, nor the Second Amended Master Complaint which sets forth common claims in this litigation and which Plaintiffs have adopted by reference in their SFCs.  Simply put, Plaintiffs have not identified any connection between themselves and New Jersey that constitutes a "rational reason" why New Jersey law should displace Michigan law.

Moreover, even if New Jersey's choice-of-law rules applied to these cases—which they do not—Michigan law would still govern the claims.  New Jersey's choice-of-law analysis "begins with [Restatement (Second) of Conflict of Laws] section 146 and the presumption that the law of

the state where the injury occurred applies." *In re Accutane Litig.*, 194 A.3d 503, 520 (N.J. 2018). This presumption can be overcome only if "some other state has a more significant relationship with the parties and the occurrence based on an assessment of each state's contacts" with the case and parties. *Id.* (quoting *McCarrell v. Hoffmann-La Roche, Inc.*, 153 A.3d 207, 219 (2017)).[4]

Here, Defendant anticipates Plaintiff will argue that Sanofi's status as a New Jersey resident establishes significant contacts in that state—but to the extent that is true, such contacts are evenly balanced by Plaintiffs' status as Michigan residents.  To this even split, the fact that Plaintiffs' prescriptions, treatments, and injuries all occurred in Michigan heavily favors application of Michigan law, and certainly preserves the Restatement presumption that the law of the state of injury applies.  *Cf. Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 776 (N.J. 2007) ("To allow a life-long Michigan resident who received an FDA-approved drug in Michigan and alleges injuries sustained in Michigan to by-pass his own state's law and obtain compensation for his injuries in this State's courts completely undercuts Michigan's interests, while overvaluing our true interest in this litigation.").

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss the claims of these 15 Plaintiffs with prejudice pursuant to its Order and Reasons in *Mixon*.

---

[4] The significant judicial interest in managing complex litigation which led the *Accutane* court to depart from New Jersey's choice of law framework in the context of a Multicounty Litigation (MCL) is not present here.  *See In re Accutane Litig.*, 194 A.3d at 520 (noting an academic consensus that "ordinary choice-of-law practices should yield in suits consolidating large numbers of claims and that courts should apply a single law in such cases") (quoting Larry Kramer, *Choice of Law in Complex Litigation*, 71 N.Y.U. L. Rev. 547 (1996)).  Here, Plaintiffs expressly chose *not* to file their claims in New Jersey state court, where they might have been included in the now-pending New Jersey MCL.  As it stands, Plaintiffs' cases are no different than any individually filed suit in Michigan.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:     504.310.2100
Facsimile:      504.310.2120
Email:           dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:     816.474.6550
Facsimile:      816.421.5547
Email:           hratliff@shb.com
                     abyard@shb.com
                     jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi*
*U.S. Services Inc.*


*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:     678.553.2100
Facsimile:      678.553.2100
Email:           merrellc@gtlaw.com
                     holdene@gtlaw.com
                     insognan@gtlaw.com

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    504.581.3234
Facsimile     504.566.0210
Email:        debbie.rouen@arlaw.com
              paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:    216.592.5000
Facsimile:    216.592.5009
Email:        julie.callsen@tuckerellis.com
              brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*


*/s/ Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:    202.434.5000
Facsimile:    202.434.5029
Email:        rmoore@wc.com
              hhubbard@wc.com
              nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:    504.858.7000
Facsimile:    504.585.7075
Email:        olinde@chaffe.com
              rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:    617.213.7000
Facsimile:    617.213.7001
Email:        gcoan@hinshawlaw.com
              kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:    513.698.5064
Facsimile:    513.698.5065
Email:        msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*