# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Julie Clem v. Sanofi US Services Inc., et al., No. 2:18-cv-13853* | : : | |
| *Robin Milligan v. Sanofi-Aventis U.S. LLC, et al., No. 2:18-cv-11977* | : : : | |
| *Linda Nelson v. Hospira, Inc.*, No. 2:18-cv-8400 | : : : | |

## DEFENDANTS' MEMORANDUM OF LAW SHOWING WHY PLAINTIFFS' CLAIMS ARE SUBJECT TO THE COURT'S *MIXON* ORDER AND REASONS

### I. Michigan Law Applies To Bar Plaintiffs' Claims Under Indiana Choice of Law Rules

There is no dispute that Plaintiffs Julie Clem, Robin Milligan, and Linda Nelson each resided in Michigan at the time of their prescription, treatment, and alleged injury due to Taxotere/docetaxel.[1]  Each was prescribed and administered docetaxel across the state line in Indiana.[2]

On these facts, Indiana choice of law rules apply.[3]  Where "there exists an important

---

[1] *See* Ex. A, Clem PFS § V.15; Ex. B, Milligan PFS § V.15; Ex. C, Nelson PFS § V.15.

[2] *See* Ex. A, Clem PFS § V.5; V.13-14; Ex. B, Milligan PFS § V.5, 13-14; Ex. C, Nelson PFS § V.5, V.13-14. Plaintiff Nelson's PFS provides a Maryland address for her prescriber but identifies Indiana as the site of her treatment. *See* Ex. C, Nelson PFS § V.5, V.13-14.  Medical records indicate Plaintiff's cancer consultation took place in Indiana. *See* Ex. D, Nelson Medical Records, MDL Centrality Doc 269973, at 36-39 (prescription record from Mishawaka, IN clinic) and 52-60 (chemotherapy orders and infusion records from Mishawaka, IN clinic).  Plaintiff Nelson concedes venue in the Western District of Michigan.

[3] Choice of law rules of the state where docetaxel was prescribed and/or administered apply.  *See In re: Taxotere*, 2020 WL 3487594, at *2 (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)).

conflict between the laws of the states, Indiana's choice-of-law rules mandate a presumption that the rule of *lex loci delicti* (the place of the wrong) applies." *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 896 (N.D. Ind. 2011) (citing *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004)).  "Under this rule, the court applies the substantive laws of the state where the last event necessary to make an actor liable for the alleged wrong takes place."  *Id.* (citing *Simon*, 805 N.E.2d at 805) (internal quote omitted).  This presumption applies unless that place "bears little connection" to the legal action.  *Id.* at 897 (quoting *Simon*, 805 N.E.2d at 805).  Importantly, where conduct in one state leads to an injury manifested in another, "the last event necessary to make the [actor] liable was the injury."  *Simon*, 805 N.E.2d at 806 (noting that where alleged negligence in Washington, D.C. and Indiana led to a plane crash in Kentucky, "under *lex loci delicti,* Kentucky law would apply"); *see also Popovich*, 779 F. Supp. 2d at 897 (N.D. Ind. 2011) (applying California law where the claimant was a California resident at the time of the alleged tortious conduct in Indiana, because "the injurious impacts of the alleged wrongful conduct occurred there").

### a.  Michigan law presumptively applies because Plaintiffs' alleged injuries occurred there.

Plaintiffs' Fact Sheets indicate that they each resided in Michigan when their respective injuries occurred.[4]  Accordingly, Michigan law presumptively applies under Indiana's *lex loci delicti* rule, and governs Plaintiffs' claims unless they can demonstrate that Michigan "bears little connection" to their legal actions.  *Popovich*, 779 F. Supp. 2d at 896 (quoting *Simon*, 805 N.E.2d at 805).

### b.  Michigan does not "bear little connection" to Plaintiffs' lawsuits.

---

[4] *See* Ex. A, Nelson PFS §§ V.15, VI.5 (Plaintiff lived in Michigan in 2017, when she received Taxotere and suffered her alleged injury); Ex. B, Milligan PFS §§ V.15, VI.5 (Plaintiff lived in Michigan in 2006, when she received Taxotere and suffered her alleged injury); Ex. C, Clem PFS §§ V.15, VI.5 (Plaintiff lived in Michigan in 2012, when she received Taxotere and suffered her alleged injury).

Plaintiffs cannot rebut the presumption that Michigan law applies.  As the place where Plaintiffs lived during and after their cancer treatment, Michigan is where "the injurious impacts of the alleged wrongful conduct occurred."  *See Popovich*, 779 F. Supp. 2d at 897.  All forms of damage claimed by Plaintiffs necessarily occurred in Michigan, where they lived and faced the alleged social and emotional impacts of persisting hair loss.[5]  Accordingly, Plaintiff's legal actions are wholly unlike those that bear "little connection" with the location of injury.  *See Simon*, 805 N.E.2d at 806 (declining to apply Kentucky law to claims arising out of a plane crash in Kentucky where "none of the victims or the parties are residents of Kentucky" and "[t]he plane flew over multiple states during the course of the flight, and the crash might have occurred anywhere").  Here, Plaintiffs' presence and injury in Michigan is far from mere happenstance, and it cannot be said that Michigan "bears little connection" to Plaintiff's legal actions.  *See Simon*, 805 N.E.2d at 806; *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1072 (Ind. 1987).  As such, "the court's choice-of-law analysis stops" and Michigan law applies.  *Popovich*, 779 F. Supp. 2d at 897.

## II.     Conclusion

For the foregoing reasons, the Court should grant Defendants' motion and dismiss the claims of the Plaintiffs Clem, Milligan, and Nelson with prejudice pursuant to its Order and Reasons in *Mixon*, Doc. 12405.

---

[5] *See, e.g.*, Rec. Doc. 4407 (Pls. Second Am. Master Compl. ¶¶ 6, 214-220).

3

Respectfully submitted,

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:     504.310.2100
Facsimile:      504.310.2120
Email:            dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:     816.474.6550
Facsimile:      816.421.5547
Email:            hratliff@shb.com
                    abyard@shb.com
                    jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi
U.S. Services Inc.*


/s/ R. Clifton Merrell
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:     678.553.2100
Facsimile:      678.553.2100
Email:            merrellc@gtlaw.com
                    holdene@gtlaw.com
                    insognan@gtlaw.com

/s/ Deborah B. Rouen
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    504.581.3234
Facsimile     504.566.0210
Email:         debbie.rouen@arlaw.com
               paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


/s/ Julie A. Callsen
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:    216.592.5000
Facsimile:    216.592.5009
Email:         julie.callsen@tuckerellis.com
               brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*


/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:    202.434.5000
Facsimile:    202.434.5029
Email:         rmoore@wc.com
               hhubbard@wc.com
               nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:    504.858.7000
Facsimile:    504.585.7075
Email:         olinde@chaffe.com
               rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide,
LLC formally d/b/a Hospira Worldwide, Inc., and
Pfizer, Inc.*


*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:    617.213.7000
Facsimile:    617.213.7001
Email:         gcoan@hinshawlaw.com
               kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc.
f/k/a Caraco Laboratories, Ltd.*


*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:    513.698.5064
Facsimile:    513.698.5065
Email:         msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and
Actavis LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

<u>/s/ *Douglas J. Moore*</u>