UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL NORTH |
| *Linda B. Dobson v. Sanofi S.A., et al.,* Case No. 2:17-cv-06844 | |
| *Veronica Mech v. Sanofi US Service Inc. F/K/A Sanofi-Aventis U.S. Inc., et al.,* Case No. 2:18-cv-11515 | |

**DEFENDANTS' MEMORANDUM OF LAW SHOWING WHY PLAINTIFFS' CLAIMS ARE SUBJECT TO THE COURT'S *MIXON* ORDER AND REASONS**

Plaintiffs Linda Dobson and Veronica Mech (together, "Plaintiffs") are residents of Michigan who lived in that state when they were prescribed and treated with Taxotere, and when their alleged injuries manifested (i.e. six months after completion of treatment). Yet, Plaintiffs claim that they were injured, and that venue is appropriate, in Wisconsin because they were prescribed Taxotere there and travelled there for chemotherapy infusions before returning to their homes in Michigan. Because Plaintiffs' contacts with Michigan are greater than their minimal contact with Wisconsin, and because Michigan has a far greater interest than Wisconsin in having its law applied, this Court should apply Michigan law and dismiss all Plaintiffs' claims, consistent with this Court's order in the *Mixon* case.[1]

**I. Michigan Law Applies to Bar Plaintiffs' Claims under Wisconsin Choice of Law Rules**

At all relevant times, Plaintiffs resided in Michigan but were prescribed Taxotere and

---

[1] Rec. Doc. 12405.

1

received their Taxotere infusions in Wisconsin.[2]

According to Wisconsin's choice of law rules,[3] Wisconsin law "should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance." *Drinkwater v. Am. Family Mut. Ins. Co.*, 714 N.W.2d 568, 575–76 (Wis. 2006) (citation omitted). Where "greater significance" is not clear, the court examines five factors: "(1) Predictability of results; (2) Maintenance of interstate and international order; (3) Simplification of the judicial task; (4) Advancement of the forum's governmental interests; and (5) Application of the better rule of law." *Id*. at 576. Here, the choice of law analysis impels application of Michigan substantive law based on their residence at the time of diagnosis and treatment as well as six months after treatment, when their injuries arose.[4] Accordingly, Michigan's contacts with this case are more significant than Wisconsin's, or at least "not 'so obviously limited and minimal' that application of [Michigan] law would constitute officious intermeddling." *Drinkwater*, 714 N.W.2d at 576.

Next, Wisconsin's five-factor analysis points to the application of Michigan law. First, Plaintiffs, Michigan residents who experienced their alleged injuries in Michigan, cannot "predict and expect that Wisconsin law will dictate their rights to recovery." *Id.* at 577. Similarly, Sanofi Defendants would expect that a lawsuit relating to the administration of their product to Michigan residents would be governed by the Michigan Products Liability Act ("MPLA"). *See Norris v. Pfizer Inc*., 2007 N.Y. Misc. LEXIS 1541, *8 (Cty. Sup. Ct. 2007).

Second, not only is Michigan "more than minimally concerned" in these actions,

---

[2] *See* **Ex. A** (Dobson SFC) at ¶ 11; **Ex. B** (Dobson PFS) at §§ V.5, V.12–15; **Ex. C** (Mech SFC) at ¶ 11; **Ex. D** (Mech PFS) at §§ V.5, V.12–15.

[3] Choice of law rules of the state where Taxotere was prescribed and/or administered apply. *See In re: Taxotere*, 2020 WL 3487594, at *2 (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)).

[4] **Ex. B and D** at §§ V.15, VI.5.

2

*Drinkwater*, 714 N.W.2d at 577 (citation omitted), but Wisconsin is not *substantially* concerned with the application of its own law to non-residents. *Compare Stupak v. Hoffman-LaRoche, Inc.*, 287 F. Supp. 2d 968, 973 (E.D. Wis. 2003). Further, application of Wisconsin law would undermine Michigan's intent in reforming its product liability laws: application of Wisconsin law would signal that Michigan residents can leave the state for medical care and escape the intent and impact of the MPLA. *Drinkwater*, 714 N.W.2d at 577–78.

Third, Michigan has "the more 'simple and easily applied rule' of law." *Thomas v. Brinks, Inc.*, No. 19-CV-1224-JPS, 2020 U.S. Dist. LEXIS 13638, at *8 (E.D. Wis. Jan. 28, 2020) (citation omitted). As Michigan plainly intended in reforming its tort law to provide products liability defendants immunity in cases like this, application of Michigan law "would likely result in the immediate dismissal" of Plaintiffs' claims. *Stupak*, 287 F. Supp. 2d at 973. Fourth, although "Wisconsin has a strong interest in compensating its residents who are victims of torts," *Drinkwater*, 714 N.W.2d at 579, Plaintiffs are not residents of Wisconsin. *See Cowley v. Abbott Labs.*, 476 F. Supp. 2d 1053, 1058–59 (W.D. Wis. 2007); *Stupak*, 287 F. Supp. 2d at 973.

Finally, neither Michigan nor Wisconsin's law "is anachronistic or otherwise impracticable." *Thomas*, 2020 U.S. Dist. LEXIS 13638, at *10. In fact, Wisconsin courts have recognized that Michigan's tort law reform is a modern update to its laws intended to protect government standards and business competitiveness. *See Stupak*, 287 F. Supp. 2d at 974. There is no competing need to apply Wisconsin law to a portion of the case, and Michigan's law is not "anachronistic"—it is a modern reform after thorough study and should be applied. At bottom, because Michigan has "a stronger connection to the facts of th[ese] case[s] than the Wisconsin forum," and because the five factors overall "weigh in favor of applying [Michigan] law," this Court should apply Michigan substantive law, including MCL § 600.2946(5). *Thomas*, 2020 U.S.

Dist. LEXIS 13638, at *10–11.

## II.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss the claims of Plaintiffs Dobson and Mech with prejudice.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:   504.310.2100
Facsimile:   504.310.2120
Email:   dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:   816.474.6550
Facsimile:   816.421.5547
Email:   hratliff@shb.com
  abyard@shb.com
  jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

/s/ R. Clifton Merrell
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:    678.553.2100
Facsimile:    678.553.2100
Email:         merrellc@gtlaw.com
                holdene@gtlaw.com
                insognan@gtlaw.com

/s/ Deborah B. Rouen
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    504.581.3234
Facsimile     504.566.0210
Email:         debbie.rouen@arlaw.com
                paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


/s/ Julie A. Callsen
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:    216.592.5000
Facsimile:    216.592.5009
Email:         julie.callsen@tuckerellis.com
                brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

5

/s/ *Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Email: rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504.858.7000
Facsimile: 504.585.7075
Email: olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617.213.7000
Facsimile: 617.213.7001
Email: gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

/s/ *Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513.698.5064
Facsimile: 513.698.5065
Email: msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*