UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *Denise Ericks, on behalf of decedent Stefanie Mauk, v. Sanofi US Services Inc., et al.,* Case No. 2:17-cv-13431 | | |
| *Desiree Griffin v. Sanofi S.A., et al.,* Case No. 2:17-cv-10465 | | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURUSANT TO *MIXON* ORDER AND REASONS**

**I.      Michigan Law Applies To Bar Both Plaintiffs' Claims Under Illinois Choice of Law Rules.**

At the time of her treatment and at the time of her alleged injury, Plaintiff's decedent Stefanie Mauk resided in Michigan.[1] Plaintiff received her docetaxel administrations in Illinois.[2] Pursuant to the Amended Short Form Complaint filed April 29, 2019, Plaintiff claims that the Northern District of Illinois is the proper venue.

At the time of her treatment and at the time of her alleged injury, Plaintiff Desiree Griffin resided in Michigan.[3] Plaintiff received her docetaxel administrations in Illinois.[4] Pursuant to the Short Form Complaint filed October 10, 2017, Plaintiff claims that the Northern District of Illinois is the proper venue.

---

[1] Ex. A, Mauk PFS § V.15.
[2] Ex. A, Mauk PFS §§ V.5, V.13; *see also* Rec. Doc. 1 (Short Form Compl. ¶ 11).
[3] Ex. B, Griffin PFS § V.15.
[4] Ex. B, Griffin PFS §§ V.5, V.13; *see also* Rec. Doc. 1 (Short Form Compl. ¶ 11).

Accordingly, Defendants' analysis with respect to both Plaintiffs is based upon Illinois's choice-of-law rules.[5]

Illinois observes the "most significant relationship" methodology set out in the Restatement (Second) of Conflict of Laws (hereinafter Second Restatement). *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893 (Ill. 2007). Under Section 146 of the Second Restatement, the local law of the state where the injury occurred determines the rights and liability of the parties in actions for personal injury. Second Restatement § 146, at 430 (1971); *Townsend*, 879 N.E.2d at 904.

### A. Michigan law presumptively applies because the injury allegedly occurred there.

The injury here, permanent chemotherapy induced alopecia ("PCIA"), has been defined as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[6] As to Plaintiff Ericks, she lists August 2014 as the date the decedent Ms. Mauk began experiencing persistent total alopecia.[7] As to Plaintiff Griffin, she lists May 16, 2002 as the date she began experiencing permanent/persistent hair loss.[8]

Because both Plaintiffs lived in Michigan six months after the completion of chemotherapy and at the time they claim their injuries manifested, both of their alleged injuries occurred in Michigan.[9] Accordingly, Michigan law governs the substantive issues unless Plaintiffs can demonstrate that Illinois (or another state) has a more significant relationship to the occurrence and the parties. *Townsend*, 879 N.E.2d at 904-905.

---

[5] Choice of law rules of the state where docetaxel was prescribed and/or administered apply. *See In re: Taxotere*, 2020 WL 3487594, at *2 (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)).

[6] *See* Rec. Doc. 4407 (Pls. Second Am. Master Compl. ¶ 181).

[7] Ex. A, Mauk PFS § VI.5.

[8] Ex. B, Griffin PFS § VI.5.

[9] *See* Ex. A, Mauk PFS § V.15; Ex. B, Griffin PFS § V.15.

**B. No other state has a more significant relationship as necessary to overcome the presumption that Michigan law applies.**

No other state has a more significant relationship. Though it appears Plaintiffs were prescribed docetaxel and received their docetaxel treatment in Illinois, the Second Restatement Section 145 factors for measuring the "most significant relationship" include: (a) the place the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. As noted above, both Plaintiffs' injuries—PCIA—allegedly occurred in Michigan. Moreover, both Plaintiffs lived in Michigan at the time of treatment and continuing to present.[10] These factors support the presumption as none of the parties have any connection to Illinois beyond Plaintiffs' treatment.

WHEREFORE, Defendants pray that the Court grant their motion for summary judgment on the claims of Plaintiffs Denise Ericks and Desiree Griffin as they are precluded under the MPLA. A proposed order is attached.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:    504.310.2100
Facsimile:    504.310.2120
Email:        dmoore@irwinllc.com

---

[10] The decedent Ms. Mauk resided in Michigan until she died; her Plaintiff Denise Ericks also resides in Michigan. *See* Ex. A, Mauk PFS § I.24. *See* Ex. A, Mauk PFS § I.29, § V.15; Ex. B, Griffin PFS § I.13, § V.15.

3

Harley V. Ratliff
Adrienne L. Byard
Madison M. Hatten
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
Email: hratliff@shb.com
abyard@shb.com
mhatten@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


/s/ R. Clifton Merrell
R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678.553.2100
Facsimile: 678.553.2100
Email: merrellc@gtlaw.com
holdene@gtlaw.com

/s/ Deborah B. Rouen
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: 504.581.3234
Facsimile 504.566.0210
Email: debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*

4

/s/ Julie A. Callsen
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:	216.592.5000
Facsimile:	216.592.5009
Email:	julie.callsen@tuckerellis.com

*Attorney for Accord Healthcare, Inc.*


/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:	202.434.5000
Facsimile:	202.434.5029
Email:	rmoore@wc.com
	hhubbard@wc.com
	nwadhwani@wc.com

/s/ John F. Olinde
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:	504.858.7000
Facsimile:	504.585.7075
Email:	olinde@chaffe.com
	rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

5

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617.213.7000
Facsimile: 617.213.7001
Email: gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513.698.5064
Facsimile: 513.698.5065
Email: msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*