UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| *Deborah Farrow v. Sanofi S.A., et al.,*<br>*Case No. 2:17-cv-10035* | : : : | |
| *Michelle Streeter v. Hospira, Inc., et al.,*<br>*Case No. 2:17-cv-11490* | : : : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

**I.  Michigan Law Applies To Bar Both Plaintiffs' Claims Under the Applicable Choice of Law Rules.**

For purposes of this motion, Defendants do not dispute that Plaintiff Streeter was prescribed and administered her one and only dose of docetaxel in Ohio.[1] The evidence shows that Plaintiff Farrow was first prescribed and administered docetaxel in Michigan.[2] These cases thus "originated" in Ohio (Streeter) and Michigan (Farrow), such that Ohio's choice-of-law rules apply to the former and Michigan's choice-of-law rules apply to the latter.[3] *See, e.g.*, *In re: Taxotere*

---

[1] *See* Rec. Doc. 1, (*Streeter* Short Form Compl. ¶ 11).

[2] *See* Ex. A, *Farrow* Treatment Notes. These medical records from April to July 2002 appear on letterhead for her oncologist's Michigan office and thus refute Plaintiff Farrow's assertion that she was prescribed and treated with Taxotere in Ohio. *Cf.* Ex. B, *Farrow* Pl. Fact Sheet ("PFS") § V.5, V.12–15.

[3] Choice of law rules of the state where docetaxel was prescribed and/or administered apply.  *See In re: Taxotere*, 2020 WL 3487594, at *2 (citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09–md–02100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011)).

*(Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2020 WL 3487594, at *2 (E.D. La. June 1, 2020). Applying these choice-of-law principles, Michigan substantive law applies to both cases.

      A.      **<u>Streeter</u>: Michigan Law Applies Under Ohio's Restatement-Based Choice-of-Law Standard.**

Ohio observes the Restatement's "most significant relationship" test. *E.g.*, *Morgan v. Biro Mfg. Co., Inc.*, 474 N.E.2d 286, 288–89 (Ohio 1984); S*tratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *3 (S.D. Ohio June 17, 2008). Under Restatement Section 146, the law of the place of injury presumptively "controls unless another jurisdiction has a more significant relationship to the lawsuit" under the Section 145 factors. *Morgan*, 474 N.E.2d at 289. Here, Michigan law presumptively applies because Plaintiff lived in Michigan at the time of the alleged injury: permanent chemotherapy induced alopecia ("PCIA"), or incomplete regrowth six months after treatment.[4]

The Restatement factors do not suggest otherwise. Those factors include:

> (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6.

*Morgan*, 474 N.E.2d at 289. Along with Factor 1, Factor 3 supports the presumption that Michigan law applies because Plaintiff lived in Michigan at all times relevant to her treatment and continuing to the present. [5]Even if Plaintiff's single alleged treatment in Ohio created a "relationship" under Factor 4, Ohio's interest in regulating the sale of allegedly defective products, alone, does not overcome the presumption that the place of injury controls. *E.g.*, *Bills v. Newbury Indus. Corp.*, No. C88-2015, 1990 WL 301522, at *1 (N.D. Ohio Aug. 9, 1990) (citing *Morgan*).

---

[4] *See* Rec. Doc. 312 (Master Long Form Compl.); *see also* Ex. C, *Streeter* PFS § V.15.
[5] Ex. C, *Streeter* PFS § V.15.

B.       <u>Farrow</u>: **Michigan Law Applies Under Michigan's *Lex Fori* Standard.**

For tort actions, Michigan courts presume the application of Michigan law as *lex fori* unless "unless a 'rational reason' to do otherwise exists." *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 693 (6th Cir. 2013) (quoting *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 562 N.W.2d 466, 471 (1997)). Under this test, the foreign state must have an interest in applying its law that outweighs Michigan's interests. *See id.* The medical records reveal that Dr. Trivedi initially prescribed Taxotere and treated Plaintiff out of a Monroe, Michigan office between April and July 2002.[6] Throughout this time, and continuing through at least October 2002, Plaintiff admits that she was a Michigan resident.[7] Michigan undoubtedly has an interest in regulating prescription drugs sold in its borders for the protection of its residents. *See, e.g., Fednav, Ltd. v. Chester*, 505 F. Supp. 2d 381, 398 (E.D. Mich. 2007) (recognizing state's "interest in regulating prescription drugs within its boundaries"); *Stone v. Stow*, 64 Ohio St. 3d 156, 165, 593 N.E.2d 294, 300 (1992) (same). Michigan also has an interest in the application of the MPLA, which provides clarity to prescription drug manufacturers as to their potential liability for the sale of FDA-approved drugs in the state. *See* Mich. Comp. Laws Ann. § 600.2946(5) (manufacturer "not liable" if FDA-approved drug used FDA-approved label). That interest does not diminish simply because a resident moves at the end of treatment or receives some treatment elsewhere. No foreign interest outweighs Michigan's interests in this case.

WHEREFORE, Defendants pray that the Court grant their motion for summary judgment on the claims of Plaintiffs Deborah Farrow and Michelle Streeter as they are precluded under the MPLA, consistent with this Court's ruling in *Mixon*. A proposed order is attached.

---

[6] *See* Ex. A, *Farrow* Treatment Notes.
[7] Ex. B, *Farrow* PFS, V.15.

3

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:    504.310.2100
Facsimile:     504.310.2120
Email:          dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Madison M. Hatten
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:    816.474.6550
Facsimile:     816.421.5547
Email:          hratliff@shb.com
                    abyard@shb.com
                    mhatten@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
GREENBERG TAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:    678.553.2100
Facsimile:     678.553.2100
Email:          merrellc@gtlaw.com
                    holdene@gtlaw.com

4

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:	504.581.3234
Facsimile	504.566.0210
Email:	debbie.rouen@arlaw.com
	paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


/s/ *Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:	216.592.5000
Facsimile:	216.592.5009
Email:	julie.callsen@tuckerellis.com

*Attorney for Accord Healthcare, Inc.*


/s/ *Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:	202.434.5000
Facsimile:	202.434.5029
Email:	rmoore@wc.com
	hhubbard@wc.com
	nwadhwani@wc.com

5

/s/ John F. Olinde
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:     504.858.7000
Facsimile:     504.585.7075
Email:          olinde@chaffe.com
                rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


/s/ Geoffrey M. Coan
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:     617.213.7000
Facsimile:     617.213.7001
Email:          gcoan@hinshawlaw.com
                kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


/s/ Michael J. Suffern
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:     513.698.5064
Facsimile:     513.698.5065
Email:          msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*