**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Cases Listed on Exhibit A, attached.* | : : : : : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH **ORDER TO SHOW CAUSE REGARDING CMO-12A PRODUCT IDENTIFICATION** |

In accordance with Case Management Order No. 12A (entered July 24, 2018 amending the initial CMO 12 governing Product Identification entered on Jan. 12, 2018), Plaintiffs are required to "make a diligent, good faith, and documented effort" to determine Product ID information (¶ 2). Evidence presumed to be sufficient to establish Product ID is set forth at paragraph 6 of CMO 12A, and Plaintiffs are to upload the Product ID information to MDL Centrality (¶ 7). Any Plaintiff who fails to comply is subject to dismissal pursuant to PTO 22A (¶ 11). For any Plaintiff lacking Product ID information following compliance with Paragraphs 1-5 of CMO 12A, discovery limited in scope to determine Product ID information is then authorized for a period of 120 days (¶ 12). If Product ID is not determined, any Plaintiff continuing to lack Product ID may then "be brought to the attention of the Court for appropriate adjudication" (¶ 12).

On April 2, 2021, Defendants submitted to Plaintiffs a Notice of Non-Compliance identifying a list of cases where Product ID remained unresolved. On September 17, 2021 (more than 120 days later), Defendants submitted to Plaintiffs a second Notice of Non-Compliance

limited to those Plaintiffs for whom Defendants would be seeking adjudication at the following Show Cause Hearing.  On November 30, 2021, Defendants brought these Plaintiffs to the attention of the Court for appropriate adjudication in accordance with CMO 12A.  These Plaintiffs are listed in Exhibit A and meet all the following criteria:  (i) the plaintiff filed suit before January 1, 2019; (ii) the plaintiff has not provided Product ID information consistent with CMO 12A; and (iii) the plaintiff has not submitted documentation of any Product ID discovery efforts conducted pursuant to paragraph 12 of CMO 12A between Jan. 1, 2021 and Defendant's second Notice of Non-Compliance of September 17, 2021 (259 days).  Given the importance of Product ID to this litigation, each Plaintiff listed on Exhibit A is hereby ORDERED to obtain Product ID information consistent with CMO 12A, upload such results to MDL Centrality, and dismiss all Defendants for whom she does not have Product ID within 90 days (by March 15, 2022).

For any Plaintiff who fails to determine Product ID in accordance with CMO 12A by March 15, 2022 and comply fully with the above Order, that Plaintiff is to document all discovery efforts conducted pursuant to paragraph 12 of CMO 12A and communicate such efforts to Defendants by March 15, 2022.  Documentation of unsuccessful efforts to obtain Product ID information does not satisfy Plaintiff's obligations under this Order or CMO 12A, nor exempt a Plaintiff from dismissal for failure to establish Product ID.

In accordance with PTO 22A, it is hereby ORDERED that Defendants shall thereafter issue a notice of Non-Compliance requiring each identified Plaintiff to show cause at a future hearing why her case should not be dismissed with prejudice.  Any Plaintiff who does not plan to show cause or appear to object must notify Plaintiffs' Co-Liaison Counsel, Palmer Lambert and Dawn Barrios at taxotere@bkc-law.com, ten (10) business days prior to the show cause hearing date. Plaintiffs' Co-Liaison Counsel will then provide the list of those cases to Defendants and

ultimately to the Court prior to the hearing, in accordance with the Parties' and this Court's practices for PTO 22A show cause proceedings.


New Orleans, Louisiana, on this 16th day of December, 2021.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**