UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>*Hilda Adams*,<br>Case No. 2:16-cv-17583<br>*Gloria J. Cooper*,<br>Case No. 2:18-cv-00194<br>*Carol Woodson*,<br>Case No. 2:17-cv-12674 | MDL No. 2740<br><br>SECTION: "H"<br><br>JUDGE MILAZZO<br><br>MAG. JUDGE NORTH |
|---|---|

**PLAINTIFFS' OPPOSITION AND RESPONSE TO DEFENDANT ACCORD'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PREEMPTION GROUNDS**

Plaintiffs Hilda Adams, Gloria Cooper, and Carol Woodson hereby oppose the Statement of Undisputed Facts in Support of Motion for Summary Judgment on Preemption Grounds filed by Defendant Accord Healthcare, Inc. ("Defendant" or "Accord"), pursuant to Local Rule 56.2:

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 1. Plaintiff Hilda Adams, of Louisiana, received docetaxel as part of her breast cancer treatment regimen from January 4, 2013 until April 24, 2013.<br><br>Ex. A, Excerpts of Adams Second Am. Pl. Fact Sheet, §§ III.3, V.11–12. | Uncontested. |
| 2. Plaintiff Gloria J. Cooper, of Mississippi, received docetaxel as part of her breast cancer treatment regimen from November 17, 2014 until March 23, 2015.<br><br>Ex. B, Excerpts of Cooper Pl. Fact Sheet §§ III.3, V.12. | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 3. Plaintiff Carol Woodson, of Texas, received docetaxel as part of her breast cancer treatment regimen from May 1, 2013 until July 3, 2013.<br><br>Ex. C, Excerpts of Woodson Third Am. Pl. Fact Sheet §§ III.3, V.12. | Uncontested. |
| 4. In 1996, the FDA approved a New Drug Application ("NDA") submitted by Sanofi for Taxotere®, the brand name and Reference Listed Drug ("RLD") for docetaxel.<br><br>MDL No. 2740, Doc. 4407, 2d Am. Master Long Form Compl. ¶¶ 123–24;<br><br>*see also* Drugs@FDA, https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm (search "Taxotere," follow tab for "Approval Date(s) and History . . .") (last visited November 9, 2021) | Uncontested. |
| 5. Accord is an emerging pharmaceutical company started in 2005 that focuses on the generic pharmaceutical market.<br><br>*See* https://www.accordhealthcare.us/ ("Our focus on a rapidly expanding portfolio of affordable generic medicines of exceptional quality standards has made us one of the fastest growing US generic companies.") (last visited November 9, 2021);<br><br>Ex. D, Listing for Accord Healthcare, Inc., North Carolina Secretary of State, available at<br><br>https://www.sosnc.gov/online_services/search/by_title/_Business_Registration<br>(search for "Accord Healthcare") (last visited November 9, 2021). | Uncontested. |

| **Accord's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 6. Prior to Accord's New Drug Application, the FDA gave guidance to Accord representatives (and parent company Intas) at a Pre-Investigational New Drug (Pre-IND) meeting in June of 2008.<br><br>*See* Ex. E, Meeting Minutes of June 4, 2008 Pre-IND Meeting. | Uncontested, but incomplete.<br><br>Defendant fails to mention that Accord also met with and was provided guidance by FDA staff from the Office of Oncology Drug Products (OODP), within CDER's Office of New Drugs (OND). OND (and its component offices and divisions) regulates drugs developed, reviewed, approved, and marketed under a New Drug Application (NDA), under Section 505(b)(1) and 505(b)(2) of the Federal Food, Drug, and Cosmetic Act (FDCA). Also fails to mention that the OND does not regulate generic drugs, i.e., those developed, reviewed, approved, and marketed under Section 505(j). Guidance on development of generic drugs is provided by CDER's Office of Generic Drugs (OGD).<br><br>**Evidence:**<br><br>Ex. E to Def.'s Br., Meeting Minutes of June 4, 2008 Pre-IND Meeting.<br><br>*See* https://www.fda.gov/about-fda/center-drug-evaluation-and-research-cder/office-new-drugs<br><br>("What We Do:<br>• Provide regulatory oversight for investigational studies during drug development.<br>• Make decisions regarding marketing approval for new *(innovator or non-generic)* drugs, including decisions related to changes to already marketed products.")(emphasis added)(last visited Nov. 10, 2020).<br><br>*See* https://www.fda.gov/about-fda/center-drug-evaluation-and-research-cder/office-generic-drugs<br>("What We Do:<br>• Review applications for the approval of generic drugs (known as abbreviated new drug applications.)")(last visited Nov. 10, 2020)). |

| **Accord's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 7. The report from that meeting reflects, inter alia, the manufacturer's and FDA's joint understanding that:<br>　i. the proposed docetaxel drug would contain the same "active ingredient, route of administration, dosage form, strength, proposed indications and dosing regimen" as the RLD (*see* § 2.4);<br>　ii. the proposed docetaxel drug would contain the "same concentration of the active ingredient" as the RLD (*see* § 2.3);<br>　iii. its inactive ingredients "have been previously approved for use in the same route of administration, at levels above those reflected in the formulation for Accord's proposed product" (*see* § 2.3);<br>　iv. conditioned on these similarities, Accord could "rely on the agency's findings of safety and efficacy for [the RLD]" (*see* § 2.4);<br>　v. conditioned on these similarities, docetaxel was eligible for a waiver of bioequivalence and could apply for an "A" rating of interchangeability from the Office of Generic Drugs (*see* § 2.6); and<br>　vi. no additional toxicological or clinical studies would be required in light of Accord's plan to demonstrate that docetaxel and Taxotere® are pharmaceutically equivalent (*see* § 2.4)<br>*Id.* at 4–6. | Uncontested but incomplete.<br><br>Accord's fact 7.iv. is incomplete and therefore misleading. In fact, in § 2.4 Accord expresses its intention to rely on the agency's findings of safety and efficacy for Taxotere® "as a basis for its NDA submission" and notes that Accord "believes that clinical studies should not be required for ***submission and approval*** of the NDA." (emphasis added). The FDA agrees with Accord. However, it is important to note that the FDA agreed only to the extent that Accord was relying on the agency's findings of safety and efficacy for Taxotere® as it related to Accord's submission for NDA ***approval***. The FDA did not permit this reliance to extend to any of Accord's post-market obligations and responsibilities.<br><br>Moreover, the agency responds to Accord that "[i]t is [Accord's] responsibility to make the case that reliance upon the available information supporting safety and efficacy of docetaxel injection is scientifically appropriate."<br><br>**Evidence:**<br><br>Ex. E to Def.'s Br., Meeting Minutes of June 4, 2008 Pre-IND Meeting at 4-6.<br><br>*See also* 21 § CFR 314.80(b). |
| 8. On December 21, 2009, Accord submitted its § 505(b)(2) NDA for docetaxel.<br><br>Ex. F, FDA Summary Review for Application Number 201195Orig1s000 (hereafter "FDA Summary Review"), at 2, *available at* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm (search "docetaxel," select entry for "Accord Healthcare," follow tab for "Approval Date(s) and History . . .") (last visited August 14, 2020). | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 9. During the FDA's approval process, divisions within the FDA, including the following, reviewed Accord's NDA: Medical Officer; Pharmacology Toxicology; Chemistry Manufacturing Controls/Office of Biotechnology Products; Clinical Pharmacology; Division of Drug Marketing; Advertising and Communication; Cross Discipline Team Leader; and Office of Surveillance and Epidemiology/Division of Medication Error Prevention and Analysis.<br><br>See Ex. G, U.S. Food & Drug Admin., Center for Disease Evaluation and Research Drug Approval Package for Application Number: 201195Orig1S000 (2011) (hereafter "FDA Approval Package") | Uncontested, but incomplete.<br><br>Again, Accord fails to mention that the Office of New Drugs/Division of Drug Oncology was responsible for review of this NDA.<br><br>**Evidence:**<br><br>Ex. E to Def.'s Br., Meeting Minutes of June 4, 2008 Pre-IND Meeting.<br><br>See Ex. G to Def.'s Br., U.S. Food & Drug Admin., Center for Disease Evaluation and Research Drug Approval Package for Application Number: 201195Orig1S000 (2011) (hereafter "FDA Approval Package"). |
| 10. Accord relied on the RLD's clinical studies supporting the pharmaceutical product and the FDA's finding of safety and efficacy as well as its approved warnings for its NDA.<br><br>Ex. G, FDA Approval Package at 199 (noting in the Executive Summary that the "current application . . . does not include clinical studies and relies on the FDA's findings of safety and effectiveness for Taxotere®," concluding that "the application is acceptable from a clinical pharmacology perspective," and also noting that the "proposed labeling is based on the most recently approved label for the two-vial formulation of Taxotere™"),Clinical Pharmacology Biopharmaceutics Review Tab; id. at 194 (explaining, in Detailed Labeling Recommendations, that "[a]ll the other sections of the Clinical Pharmacology Sections of the label were acceptable and identical to the most recent approved language found in the reference product label"), Clinical Pharmacology Biopharmaceutics Review Tab. | Uncontested. |
| 11. Accord's docetaxel differs from the RLD only by the inclusion of two inactive ingredients: citric acid and polyethylene glycol.<br><br>See Ex. G, FDA Approval Package at 211, Clinical Pharmacology Biopharmaceutics Review Tab. | Uncontested. |

| **Accord's Undisputed Facts and Supporting Evidence** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 12. Consistent with the discussions at the pre-IND meeting, Accord requested that the FDA waive the requirement that Accord conduct any in vivo bioequivalence studies of docetaxel because the active ingredient, route of administration, dosage form, and strength of the drug were the same as those of the RLD, Taxotere®.<br><br>*Id.* | Uncontested but irrelevant. There is no significance to the waiver of bioequivalence because there is no requirement that a "505(b)(2) application be bioequivalent to … the listed drug referenced."<br><br>**Evidence:**<br><br>Pl.'s Ex. 1, Letter from Janet Woodcock, Direct of FDA's Center for Drug Evaluation and Research (CDER) re FDA Interpretation of section 505(b)(2), at 18.<br><br>*See also* Pl's Ex. 3, Ross Decl. ¶¶ 27 i-iv. at 8. |
| 13. The FDA agreed to waive bioequivalence studies, *id.*, and granted Accord's docetaxel an "A" rating as the therapeutic equivalent of Taxotere®,<br><br>*See*FDAOrangeBookDatabase, https://www.accessdata.fda.gov/scripts/cder/ob/index.cfm (search "docetaxel") (last visited November 9, 2021). | Uncontested but irrelevant. There is no significance to the waiver of bioequivalence.<br><br>**Evidence:**<br><br>*Id.* |
| 14. The FDA approved Accord's 505(b)(2) application for docetaxel on June 8, 2011, and Accord began marketing the drug on August 15, 2011.<br><br>MDL No. 2740, Doc. 4407, 2nd Am. Master Long Form Compl. ¶ 59;<br><br>*see also* Ex. F, FDA Summary Review for Application Number 201195Orig1s000, at 6. | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 15. Publicly available FDA materials reveal its expectation that 505(b)(2) applicant's warnings will be the same as the RLD unless there is a difference between the two products that supports a clinical reason for the labels to be different.<br><br>*See* Ex. H, FDA Presentation by Monica Cooper, Ph.D., "CMC Considerations for 505(b)(2) Applications," Oct. 2011, slide 4 ("A 505(b)(2) applicant may rely upon . . . FDA's finding of safety and/or effectiveness for one or more listed drugs (includes approved product labeling. . .") (emphasis added), accessed from FDA website in January 2020. | Contested.<br><br>The cited guidance focuses on supplements to approved NDAs that propose labeling changes related to chemistry, manufacturing, and controls – not safety warnings. Neither the slide referenced, nor the presentation says that the FDA "expects" that the 505(b)(2) applicant's warnings will be the same as the RLD. Neither the slide referenced, nor the presentation says that a 505(b)(2) applicant's warnings should be the same as the RLD, ***unless there is a clinical reason to do so***.<br><br>Furthermore, in publicly available FDA materials, the FDA has stated that there are no requirements in section 505(b)(2) that requires a product to "be bioequivalent to, have the same conditions of use as, and use the same labeling as the listed drug referenced."<br><br>**Evidence:**<br><br>*See* Ex. H to Def.'s Br., FDA Presentation by Monica Cooper, Ph.D., "CMC Considerations for 505(b)(2) Applications," Oct. 2011, slide 4.<br><br>Pl's Ex. 1, Letter from Janet Woodcock, Direct of FDA's Center for Drug Evaluation and Research (CDER) re FDA Interpretation of section 505(b)(2) at 18. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 16. Consistent with this expectation, Accord submitted to the FDA a side-by-side comparison of its docetaxel label with the Taxotere® label to demonstrate its total reliance on the RLD and the sameness of the two drugs.<br><br>Ex. I, NDA Module 1.14.3.1, Annotated Comparison with Listed Drug. | Contested in part. There is no support for the "expectation" that Accord references.<br><br>**Evidence:**<br><br>*See* Ex. H to Def.'s Br., FDA Presentation by Monica Cooper, Ph.D., "CMC Considerations for 505(b)(2) Applications," Oct. 2011, slide 4.<br><br>Pl's Ex. 1, Letter from Janet Woodcock, Direct of FDA's Center for Drug Evaluation and Research (CDER) re FDA Interpretation of section 505(b)(2) at 18. |
| 17. Among the reviews in the FDA Approval Package, the 505(b)(2) Assessment, in which the FDA provides comment and review of the application itself, recognized that Accord intended to rely on the safety and efficacy data contained in the Taxotere® label, with no change in indication(s) or dosage form for the drug.<br><br>Ex. G, FDA Approval Package at 249–54, ¶¶ 2, 5, 9, Other Reviews Tab. | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 18. The FDA reviewers from the Division of Drug Marketing, Advertising, and Communications commented on the need for the docetaxel label to "match" the Taxotere® warnings, down to the level of detail of requiring that Accord use one asterisk in the label rather than two, since "[a]ccording to the RLD there should only be one asterix (sic)." <br><br> Ex. G, FDA Approval Package at 235–36, Other Reviews Tab (Division of Drug Marketing, Advertising, and Communications Consult). | Uncontested, but incomplete and misleading. <br><br> Fails to mention that the very first comment from the Division of Drug Marketing, Advertising, and Communications Consult (regarding Section 14, CLINICAL STUDIES) recommends matching the RLD language "[u]nless there is a specific reason for the section titles to be changed," and consistent with FDA's interpretation of section 505(b)(2), there is no requirement that a product approved via the 505(b)(2) pathway have the same label as the listed drug. <br><br> **Evidence:** <br><br> Ex. G to Def.'s Br., FDA Approval Package at 235–36, Other Reviews Tab (Division of Drug Marketing, Advertising, and Communications Consult). <br><br> Pl's Ex. 1, Letter from Janet Woodcock, Direct of FDA's Center for Drug Evaluation and Research (CDER) re FDA Interpretation of section 505(b)(2) at 18. |
| 19. In the Executive Summary of the Label and Labeling Review, the FDA reviewers noted that because the design for the Taxotere® labeling had gone through several revisions "over the years," Accord's docetaxel label should be modified to reflect the same design. <br><br> Ex. G, FDA Approval Package at 261, Other Reviews Tab (Label & Labeling Review from Division of Medication Error Prevention and Analysis). | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 20. At the time of approval, Accord included an unqualified warning about alopecia as an Adverse Reaction under the Prescribing Information section of its docetaxel labeling, which tracked *exactly* the Taxotere® label warnings; further, just as with Taxotere®, Accord's Patient Counseling Information for docetaxel instructed doctors to "[e]xplain to patients that side effects such as . . . hair loss are associated with docetaxel administration," noting that "hair loss" was one of the "most common side effects of Docetaxel Injection."<br><br>MDL No. 2740, Doc. 4407, 2d Am. Master Long Form Compl. ¶¶ 59–60, 135; *see also* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm (search "docetaxel," select entry for "Accord Hlthcare," follow tab for "Labels," select "ORIG-1"; compare with relevant Taxotere® label) (last visited November 9, 2021). | Uncontested. |
| 21. Accord adopted numerous Standard Operating Procedures ("SOPs") to ensure compliance, both in terms of reviewing new adverse events and reporting them to the FDA through its quarterly Periodic Adverse Event Reports ("PADERs") including procedures for reviewing new adverse events and reporting them to the FDA through its quarterly Periodic Adverse Event Reports ("PADERs").<br><br>Ex. J, July 8, 2019 (Vol. I) Dep. of Sabita Nair ("Nair Dep. Vol. I") at 62:20–63:6, 86:24–87:4; Ex. K, Oct. 7, 2019 (Vol. II) Dep. of Sabita Nair ("Nair Dep. Vol. II") at 113:21–124:25 (discussing SOPs for, among other things, (i) the Compilation and Submission of Post Marketing Periodic Report of Adverse Drug Experiences For Marketed Prescription Drug Products, and (ii) for Compliance Monitoring of Pharmacovigilance Functions). | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 22. Accord senior management reconciles all the adverse event reports it receives on a weekly basis.<br><br>Ex. J, Nair Dep. Vol. I at 88:6–21. | Uncontested. |
| 23. Accord contracted with the pharmacovigilance group at Lambda Therapeutic Ltd. ("Lambda") to assist in carrying out pharmacovigilance monitoring "to make sure that [Accord has] covered all adverse events"; to that end, Lambda "is involved in evaluating the safety reports . . . that Accord receives from the market" and also "puts into place a review process," such that "Lambda arranges for submission of those reports to the FDA on behalf of Accord."<br><br>Ex. J, Nair Dep. Vol. I at 18:15–21:2, 89:6–24; *see also* Ex. K, Nair Dep. Vol. II at 25:11–26:8 (explaining how Lambda compiles the PADERs for Accord's review and submission to the FDA). | Uncontested. |
| 24. Between FDA approval and November 2014, Accord's PADERs for docetaxel contained no reports of permanent or persistent hair loss.<br><br>*See* Ex. L, Compilation of 2011 PADERs; Ex. M, Compilation of 2012 PADERs; Ex. N, Compilation of 2013 PADERs; Ex. O, Compilation of 2014 PADERs. | Uncontested, but irrelevant. Whether Accord's PADERs contained such reports is not the question—rather, whether such reports were available to Accord is the relevant question. |
| 25. Accord does not have access to other manufacturers' PADERs.<br><br>Ex. K, Nair Dep. Vol. II at 102:21–24. | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 26. Sanofi, the RLD manufacturer, initiated label changes concerning permanent alopecia in a CBE Supplemental NDA filed on November 24, 2015, which the FDA approved on December 11, 2015.<br><br>Ex. P, Dec. 11, 2015 FDA Supplement Approval Letter; *see also* MDL No. 2740, Doc. 4407, 2d Am. Master Long Form Compl. ¶ 137. | Uncontested. |
| 27. In approving the label change, however, the FDA cautioned that "[Sanofi's] simple statement that permanent cases have been reported is all that can reliably be said given the tremendous limitations of the available data," and directed Sanofi to add the following statement to the Adverse Reactions section of the Taxotere® label: "Cases of permanent alopecia have been reported."<br><br>MDL 2740, Doc. 11020 (*Kahn*), Sanofi's Mot. for Summ. J. Based on Preemption at 2, 3, 17 (citing supporting evidence); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 508 F. Supp. 3d 71, 79 (E.D. La. 2020). | Uncontested. |
| 28. At the same time, the FDA approved similar updates to the "Patient Counseling Information" and "Patient Information" sections of the Taxotere® label. To the former, Sanofi added an instruction to "[e]xplain to patients that side effects such as . . . hair loss (cases of permanent hair loss have been reported) are associated," and to the latter Sanofi added a warning that "the most common side effects" include "hair loss: in most cases normal hair growth should return. In some cases (frequency not known) permanent hair loss has been observed."<br><br>MDL 2740, Doc. 4407, 2d Am. Master Long Form Compl. ¶ 171. | Uncontested. |

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 29. Less than three weeks later, on December 30, 2015, Accord filed a Supplemental New Drug Application (NDA 201195/S-009) advising the FDA that it intended to update its label "in line with the current package insert of RLD Taxotere (docetaxel) Injection."<br><br>Ex. Q, Dec. 30, 2015 Letter from Accord to FDA. | Uncontested. |
| 30. The FDA approved Accord's label changes effective July 26, 2016.<br><br>Ex. R, July 26, 2016 FDA Supplement Approval Letter. | Uncontested. |
| 31. During the FDA's review of the label changes, however, the FDA imposed restrictions that emphasized the need for Accord to match the Taxotere® label and rejected any deviations from the Taxotere® label absent a drug-specific justification.<br><br>Ex. S, May 20, 2016 FDA Resp. to Special Supplement-CBE Labeling No. 9, at 66 (margin comment instructing Accord to "delete" additional warnings regarding a different risk factor, unless there were a drug-specific difference between docetaxel and the RLD justifying a different warning). | Contested. There was no "need" emphasized by the FDA and no restrictions or instructions imposed. The referenced margin comment actually reads:<br><br>"Comment (SGA8): To Accord: We *recommend* you delete these two sentences because this information is not consistent with the corresponding labeling for the referenced product. ***While the labeling for a 505(b)(2) product is not required to be identical to the referenced product***, the safety information provided in the labeling should be consistent, or be supported by clear rationale or data to support differences in safety-related labeling between these products."<br><br>Further, the stricken language was not a warning, but an instruction to women that they should not become pregnant while treating with docetaxel and should take birth control to ensure that they don't. The FDA's comment was with regard to this instruction, which the agency found inconsistent with Taxotere.<br><br>Ex. S to Def.'s Br. At 66 (emphases added). |

Page **13** of **16**

| Accord's Undisputed Facts and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|
| 32. Accord's updated permanent hair loss warnings thus tracked those in the FDA-approved changes to Taxotere®'s label.<br><br>MDL 2740, Doc. 4407, 2d Am. Master Long Form Compl. ¶ 62; Ex. T, July 26, 2016 FDA-Approved Label (docetaxel). | Uncontested. |

Dated: December 17, 2021                                                            Respectfully submitted,


*/s/ Christopher L. Coffin*                                                          */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)                                               Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                                   GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                                                6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                                                  Los Angeles, California 90045
Phone: (504) 355-0086                                                              Telephone: 510-350-9700
Fax: (504) 355-0089                                                                   Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                                                           kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*                                                      *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                                                            */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)                                                   Dawn M. Barrios (#2821)
GAINSBURGH   BENJAMIN   DAVID           BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                                          701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street                                New Orleans, LA 70139
New Orleans, LA 70163-2800                                                   Phone: 504-524-3300
Phone: 504-522-2304                                                                  Fax: 504-524-3313
Fax: 504-528-9973                                                                      barrios@bkc-law.com
plambert@gainsben.com

                                                                                                  *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*


**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045  Phone: 510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin

| | |
|---|---|
| 655 West Broadway, Suite 1700<br>San Diego, CA 92101<br>Phone: (619) 237.3490<br>Fax: 619.237.3496.<br>john@thegomezfirm.com | P.O. Drawer 71<br>24110 Eden Street<br>Plaquemine, LA 70765<br>Phone: (225) 687-6396<br>Fax: (225) 687-6398<br>jperez@pbclawfirm.com |
| Emily C. Jeffcott<br>Morgan & Morgan<br>700 S. Palafox Street, Suite 95<br>Pensacola, FL 32505<br>Phone: (850) 316-9074<br>Fax: (850) 316-9079<br>ejeffcott@forthepeople.com | Darin L. Schanker<br>Bachus Schanker<br>101 W Colfax Ave, Suite 650<br>Denver, CO 80202<br>Phone: (303) 222-2222<br>Fax: (303) 893-9900<br>dls@coloradolaw.net |
| Andrew Lemmon<br>Lemmon Law Firm, LLC<br>P.O. Box 904 15058 River Road<br>Hahnville, LA 70057<br>Phone: (985) 783-6789<br>Fax: (985) 783-1333<br>andrew@lemmonlawfirm.com | Hunter J. Shkolnik<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, NY 10017<br>Phone: (212) 397-1000<br>hunter@napolilaw.com |
| Daniel P. Markoff<br>Atkins & Markoff Law Firm<br>9211 Lake Hefner Parkway, Suite 104<br>Oklahoma City, OK 73120<br>Phone: (405) 607-8757<br>Fax: (405) 607-8749<br>dmarkoff@amalaw.com | Zachary Wool<br>Barrios Kingsdorf & Casteix, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139<br>Phone: (504) 524-3300<br>Fax: (504) 524-3313<br>zwool@bkc-law.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                       */s/ M. Palmer Lambert*
                                       M. PALMER LAMBERT