UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

### REPLY MEMORANDUM IN SUPPORT OF HOSPIRA'S MOTION FOR SUMMARY JUDGMENT REGARDING GENERAL AND SPECIFIC CAUSATION

Plaintiff does not dispute the premise of Hospira's motion: if the Court grants Hospira's *Daubert* motions and excludes the testimony of Plaintiff's experts on general or specific causation, it should grant summary judgment. To prevail on her product liability claims under Louisiana law, she must rely on expert testimony to prove general and specific causation. *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008) (citing *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)), *aff'd* 326 F. App'x 721 (5th Cir. 2009). Thus, if Plaintiff's general or specific causation opinions are excluded, the Court should grant summary judgment. *See Knight*, 482 F.3d at 351 (explaining Louisiana law requires proof of general and specific causation to prevail on product liability claims).[1]

Plaintiff has confirmed that Dr. Feigal is the only witness whom she is offering to provide general causation opinions. She has stated in her oppositions to Hospira's *Daubert* motions that Dr. Plunkett, Dr. Tosti, and Dr. Madigan will not be offering general causation opinions. Mem. Opp. Hospira's Mot. Exclude or Limit Opinions of Dr. Laura Plunkett at 6, ECF No. 13498 ("Dr. Plunkett is not offering general causation opinions …."); Mem. Opp. Hospira's Mot. Exclude or Limit Opinions of Dr. Antonella Tosti at 12, ECF No. 13506 ("To be clear, Dr. Tosti is not offering general causation opinions …."); Mem. Opp. Hospira's Mot. Summ. J. Re General and

---

[1] To the extent Plaintiff defends the merits of Drs. Madigan, Feigal, and Tosti's opinions in her Opposition, Hospira has responded to those arguments in its *Daubert* Reply memoranda (filed herewith and adopted by reference) and reiterates that the causation-related opinions of each of these experts should be excluded.

Specific Causation at 2, ECF No. 13504 (same); Mem. Opp. Hospira's Mot. Exclude or Limit Opinions of Dr. David Madigan ("Madigan Opp.") at 3, ECF No. 13497 ("Dr. Madigan will not offer general causation or drug labeling opinions.").[2] As a result, if the Court excludes the general causation opinion of Dr. Feigal—the sole remaining purported general causation expert—then that leaves Plaintiff with no witness to provide expert testimony on general causation, and summary judgment should be granted.

As for specific causation, Plaintiff does not dispute that Dr. Tosti is her only expert who will offer opinions on specific causation. Thus, if the Court excludes Dr. Tosti's specific causation opinions, that leaves Plaintiff with no witness to offer expert testimony on specific causation, the second necessary element of Plaintiff's claims, and summary judgment should be granted.

## CONCLUSION

For the foregoing reasons and those stated in Hospira's *Daubert* motions, Hospira respectfully requests that this Court enter summary judgment in its favor on all counts.

Date: December 21, 2021

Respectfully submitted,

*/s/ Heidi K. Hubbard*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: 202-434-5000
hhubbard@wc.com

---

[2] Plaintiff's Opposition states that Hospira's claim about Dr. Madigan's causation opinion is "patently false," Opp. at 2, but Plaintiff cites the exact same language that Hospira cited from the Court's previous order excluding Dr. Madigan's opinion. *Compare* Madigan Opp. at 3, *with* Hospira's Mem. Supp. Mot. Summ. J. Re General and Specific Causation at 2-3, 5, ECF No. 13375-1. There is no dispute that Dr. Madigan cannot offer general causation opinions.

John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Phone: 504-858-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc.,
Hospira Worldwide, LLC, and Pfizer Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                              /s/ *Heidi K. Hubbard*