UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Hilda Adams,*<br>Case No. 2:16-cv-17583<br>*Gloria J. Cooper,*<br>Case No. 2:18-cv-00194<br>*Carol Woodson,*<br>Case No. 2:17-cv-12674 | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**DEFENDANT ACCORD HEALTHCARE, INC.'S OPPOSITION AND RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF OPPOSITION TO ACCORD'S MOTION FOR SUMMARY JUDGMENT ON PREEMPTION GROUNDS**

Defendant Accord Healthcare, Inc. ("Accord") hereby responds to Plaintiffs' Separate Statement of Undisputed Facts in Support of Opposition to Accord's Motion for Summary Judgment on Preemption Grounds, as follows:

| Plaintiffs' Undisputed Facts and Supporting Evidence | Accord's Response and Supporting Evidence |
|---|---|
| 1. The FDA approved Accord's 505(b)(2) NDA application for docetaxel on June 8, 2011. | Admitted. |
| 2. Accord Healthcare, Inc. ("Accord") manufactured the docetaxel administered to Plaintiff Adams from January 4, 2013, until April 24, 2013. | Admitted that pursuant to Plaintiff's Fact Sheet, Plaintiff has identified Accord Healthcare, Inc., in accordance with Case Management Order No. 12A, as the manufacturer of the docetaxel administered to her. |

| Plaintiffs' Undisputed Facts and Supporting Evidence | Accord's Response and Supporting Evidence |
|---|---|
| 3. Accord manufactured the docetaxel administered to Plaintiff Cooper from November 17, 2014, until March 23, 2015. | Admitted that pursuant to Plaintiff's Fact Sheet, Plaintiff has identified Accord Healthcare, Inc., in accordance with Case Management Order No. 12A, as the manufacturer of the docetaxel administered to her. |
| 4. Accord manufactured the docetaxel administered to Plaintiff Woodson from May 1, 2013, until July 3, 2013. | Admitted that pursuant to Plaintiff's Fact Sheet, Plaintiff has identified Accord Healthcare, Inc., in accordance with Case Management Order No. 12A, as the manufacturer of the docetaxel administered to her. |
| 5. During the relevant times, the drug's label did not contain any language or warning about the risk of alopecia or hair loss being a potential permanent side effect. | Objection, misleading. During the relevant timeframes, the label warned of "alopecia" or "hair loss" without quantifying the duration of the side effect. |
| 6. Products approved in 505(b)(2) applications are not required to have the same labeling as the listed drug referenced—here, Sanofi's Taxotere. | Denied; further Accord objects to the evidence cited for this "fact" as not supporting the argument made. |
| 7. Following approval, Accord had an ongoing pharmacovigilance obligation to ensure the safety of its product under section 505(b)(2) and as part of this obligation, Accord was required to continually review docetaxel-related information available to it prior to and following approval. | Admitted that Accord, as the holder of a § 505(b)(2) NDA, had pharmacovigilance obligations upon approval under the relevant statutory and regulatory provisions.<br><br>To the extent Plaintiffs rely on the Supplemental Ross Declaration submitted as an exhibit (Rec. Doc. 13595-5), Accord objects that the document is inadmissible and inapplicable to these cases because it was prepared for another case, subject to a motion to strike in that case (Rec. Doc. 11436), and is not part of the record in these cases. Regardless, even if the Supplemental Ross Declaration were properly before this Court (and it is not), the cited paragraphs (¶¶ 81–82) do not support this argument. |

| Plaintiffs' Undisputed Facts and Supporting Evidence | Accord's Response and Supporting Evidence |
|---|---|
| 8. For its U.S. pharmacovigilance obligations, Accord contracted with Lambda Therapeutic, Ltd. ("Lambda"), a clinical research organization, for such obligations including literature surveillance, case processing, aggregate reporting, signal detection and risk evaluation. | Admitted that Accord contracts with Lambda with respect to the listed pharmacovigilance activities to the extent required by U.S. law.<br><br>Objection to the extent Plaintiffs' statement seeks to expand Accord's pharmacovigilance requirements beyond those identified in the applicable statutes and regulations. |
| 9. Lambda also provided pharmacovigilance data for Accord's worldwide entities and created the safety information for all of Accord's products, which was based upon the information that Lambda collected in its global safety database. | Denied. Accord Healthcare, Inc., the defendant in this case, markets pharmaceutical products only within the United States and the cited testimony does not support this argument. |
| 10. Despite its contractual relationship with Lambda, Accord remained fully responsible for its regulatory pharmacovigilance obligations and could access and review all safety data that Lambda has compiled regarding Accord products. | Objection, the cited testimony does not support the statement that Accord has access to "all safety data compiled" by Lambda, which it does not.<br><br>Otherwise, admitted that Accord, as the holder of a § 505(b)(2) NDA, had ongoing pharmacovigilance obligations under the relevant statutory and regulatory provisions for its products only. |

| **Plaintiffs' Undisputed Facts and Supporting Evidence** | **Accord's Response and Supporting Evidence** |
|---|---|
| 11.    Among the data sources Accord was required to consider in evaluating docetaxel's safety profile were the scientific literature, FDA's Adverse Event Reporting System ("FAERs"), as well as foreign labeling. | Denied, as cited materials do not support the argument. Further, Plaintiff does not explain the relevance of this "fact" to the issues in this motion.<br>Also, the FDA's Adverse Event was not made publicly available until 2017. *See* Rec. Doc. 11226-1, at 23 n.9.<br><br>To the extent Plaintiffs rely on the Supplemental Ross Declaration submitted as an exhibit (Rec. Doc. 13595-5), Accord objects that the document is inadmissible and inapplicable to these cases because it was prepared for another case, subject to a motion to strike in that case (Rec. Doc. 11436), and is not part of the record in these cases. Regardless, even if the Supplemental Ross Declaration were properly before this Court (and it is not), the cited paragraphs (¶¶ 81–82) do not support this argument. |
| 12.    With respect to the medical literature, reports of permanent hair loss associated with Taxotere appeared prior to Plaintiffs' first administrations of docetaxel:<br><br>a.    Nabholtz (2001)<br><br>b.    Sedlacek (2006)<br><br>c.    Prevezas (2009)<br><br>d.    Masidonski & Mahon (2009)<br><br>e.    Tallon (2010)<br><br>f.    Bourgeois (2010)<br><br>g.    Miteva (2011)<br><br>h.    Palamaras (2011) | Denied, inasmuch as the cited articles use different terms, definitions, and parameters to describe the phenomena reported therein (*e.g.*, ongoing alopecia, persistent alopecia).<br><br>Further, the articles speak for themselves and may or may not offer findings regarding an "association" between a specific chemotherapy regimen and the reported hair-loss phenomena.<br><br>Finally, Plaintiffs fail to address two important points: (1) all of these studies pre-date the FDA's approval of Accord's § 505(b)(2) application to market docetaxel; and (2) which of these studies had previously been submitted to the FDA. |

4

| **Plaintiffs' Undisputed Facts and Supporting Evidence** | **Accord's Response and Supporting Evidence** |
|---|---|
| 13.  During this same timeframe, quarterly data available from FAERs revealed similarly reports of ongoing alopecia in patients using docetaxel. | Denied. This statement is ambiguous as to the relevant timeframe.<br><br>Further, the Madigan Report cited for support offers a post-treatment analysis (performed solely for the purposes of litigation), and thus is irrelevant to labeling decisions made in 2011. Even if relevant, the numerous methodological flaws with Dr. Madigan's FAERS analysis including counting "false positives" as permanent alopecia cases where the report narrative showed the patient could not have had permanent alopecia, preclude any suggestion that a reasonable manufacturer would have discovered a safety signal in this data.<br><br>To the extent Plaintiffs rely on the Supplemental Ross Declaration submitted as an exhibit (Rec. Doc. 13595-5), Accord objects that the document is inadmissible and inapplicable to these cases because it was prepared for another case, subject to a motion to strike in that case (Rec. Doc. 11436), and is not part of the record in these cases. Regardless, even if the Supplemental Ross Declaration were properly before this Court (and it is not), it does not provide a factual basis for asserting that "newly acquired information" existed that would have enabled Accord to make a unilateral label change before these Plaintiffs' treatment. |
| 14.  Likewise, the foreign labeling for docetaxel, such as in Sanofi's 2010 European Union label and in Sandoz's 2011 Australian label, provided information regarding permanent alopecia in Sanofi's TAX 316 clinical trials. | Denied, as not applicable to this defendant Accord Healthcare, Inc. as the evidence cited in support are not Accord's documents, but rather documents produced by Sanofi and/or Sandoz. |

5

| Plaintiffs' Undisputed Facts and Supporting Evidence | Accord's Response and Supporting Evidence |
|---|---|
| 15.   In addition, after seeking approval for docetaxel in the United States but prior to Plaintiffs' administration of docetaxel, Accord applied for approval to market docetaxel in the European Union, attaching its label to the application. The labeling contained the 10-year follow up data from Sanofi's TAX 316 clinical trial demonstrating the risk of PCIA. | Denied. This defendant Accord Healthcare, Inc., has not sought approval to market docetaxel outside of the United States.<br><br>Plaintiffs have made no attempts to show how the labeling decisions of a foreign health authority impacted – or are otherwise relevant to – the labeling decisions made by the FDA and Accord in this case. |
| 16.   Accord did not submit this proposed label to the FDA. | Objection. Plaintiff fails to support this assertion. Accord further objects that Plaintiff refers to a separate healthcare entity, Accord Healthcare, Ltd. |
| 17.   In addition, in its quarterly Periodic Adverse Drug Event Reports ("PADERs") (of which two were submitted prior to Plaintiffs' administration of docetaxel), Accord did not reference, address, review, or evaluate any of the above-described data. | Objection, ambiguous as to "any of the above-described data."<br><br>Further, consistent with its basis for seeking approval pursuant to § 505(b)(2), Accord has no right of reference to the RLD data. |

Dated: December 27, 2021                Respectfully submitted,


                                        */s/ Julie A. Callsen*
                                        Julie A. Callsen
                                        Michael J. Ruttinger
                                        Brenda A. Sweet
                                        TUCKER ELLIS LLP
                                        950 Main Avenue, Suite 1100
                                        Cleveland, OH 44113-7213
                                        Telephone:  216.592.5000
                                        Facsimile:  216.592.5009
                                        Email:       julie.callsen@tuckerellis.com
                                                     michael.ruttinger@tuckerellis.com
                                                     brenda.sweet@tuckerellis.com

                                        *Attorneys for Defendant*
                                        *Accord Healthcare, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, a true and correct copy of foregoing ***Defendant Accord Healthcare, Inc.'s Opposition And Response To Plaintiffs' Separate Statement Of Undisputed Facts In Support Of Opposition To Accord's Motion For Summary Judgment On Preemption Grounds*** was filed via the ECF system that will send notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen
