UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

**REPLY MEMORANDUM IN SUPPORT OF HOSPIRA'S MOTION TO EXCLUDE OR LIMIT OPINIONS OF DR. LINDA D. BOSSERMAN**

Plaintiff argues that "Defendants' motion is merely a reiteration of the arguments made in *Earnest* and *Kahn*, many of which were properly denied." Pl.'s Mem. Opp. Hospira's Mot. Exclude or Limit Opinions of Dr. Linda Bosserman ("Opp.") at 2, ECF No. 13502. The opposite is true. Every opinion that Hospira seeks to exclude has already been excluded by this Court in those cases. Hospira is simply requesting that the Court apply its previous rulings. It is Plaintiff who is attempting to offer testimony that violates those rulings. Thus, the Court should affirm its previous rulings and prohibit Dr. Bosserman from offering this excluded testimony.

**I.  DR. BOSSERMAN'S CASE-SPECIFIC OPINIONS SHOULD BE EXCLUDED.**

Plaintiff states that she "accepts all of the Court's prior restrictions precluding case specific opinions" in *Kahn*. Opp. at 4. But she then goes on to argue that Dr. Bosserman should be able to offer testimony that the Court has prohibited.

**A.  What Ms. Plaisance's Physician's Would Have Done.**

Plaintiff denies that Dr. Bosserman offers "an opinion on what Ms. Plaisance's treating physician would have said regarding the risks and benefits of any alternative, non-docetaxel chemotherapy regimen." Opp. 5. But she has *no response* to fact that Dr. Bosserman's expert report contains this testimony. Hospira's Mem. Supp. Mot. to Exclude or Limit Opinions of Dr. Linda D. Bosserman ("Br.") at 3-4, ECF No. 13376-1. For example, Dr. Bosserman speculates that Dr. Chauvin would have deemed this information to be "more honest," communicated it to Ms. Plaisance, and offered additional treatments to her. Br. Ex. A, ECF No. 13376-4 (Expert Report of Dr. Linda Bosserman (Aug. 16, 2021) ("Bosserman Rep."), at 58-59.

1

Moreover, Plaintiff exposes her intent to work around the Court's ruling by stating that Dr. Bosserman will only "recount" the testimony of Dr. Chauvin and "what [she] would do if provided with accurate information." Opp. at 5. Plaintiff claims this is justified because Dr. Bosserman "is relying upon the facts—the testimony of Plaintiff and her prescribing oncologist—in offering her opinions." *Id.* But Plaintiff does not identify any admissible opinions from Dr. Bosserman that are allegedly supported by this testimony. Plaintiff does not identify any reason why Dr. Bosserman needs to "recount" case-specific testimony from Dr. Chauvin on important proximate cause/warnings causation issues in order to express her opinions. Indeed, allowing that loophole would be contrary to the Court's ruling that where "Plaintiff's treating physician … is available to testify, Dr. Bosserman will not be allowed to opine on the facts of [Plaintiff's] case. [Plaintiff's treating physician] can testify about how [she] would have responded to an adequate warning from Defendants." *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Earnest)* (Aug. 5, 2019), ECF No. 7807, at 5 ("*Earnest*").

### B. Ms. Plaisance's Preferences.

Plaintiff argues that Dr. Bosserman does not offer an opinion as to what "Ms. Plaisance would have decided after considering such information" about risks and benefits of other medications. Opp. at 5. Again, however, Hospira has shown that Dr. Bosserman's report does exactly that, Br. at 5 (quoting Br. Ex. A (Bosserman Rep.) at 59), and Plaintiff's Opposition has no response.

Similarly, Plaintiff proposes the same "recount" strategy for Ms. Plaisance, claiming that Dr. Bosserman "recounts Ms. Plaisance's testimony that she would have considered and chosen a non-docetaxel regimen if informed of the risk of PCIA associated with the use of docetaxel." Opp. at 5. But, as this Court has recognized, Ms. Plaisance can speak for herself, and Dr. Bosserman's opinions on Ms. Plaisance's preferences and concerns are not helpful:

> Plaintiff Kahn herself will be available to testify about her preferences and any concerns she had about her quality of life. Her treating physicians, too, will be available to testify about what preferences and concerns Kahn shared with them. Dr. Bosserman's testimony on this, therefore, will not be helpful to the jury.

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Feb. 1, 2021), ECF No. 12109, at 6 ("*Kahn*").

Thus, Hospira requests that the Court affirm its previous rulings and prohibit Dr. Bosserman's case-specific opinions.

## II. DR. BOSSERMAN SHOULD BE PRECLUDED FROM APPLYING ONLINE PREDICTIVE TOOLS TO MS. PLAISANCE'S CASE.

Plaintiff misrepresents Hospira's Motion. Hospira did not argue that the Court had "prohibit[ed] Dr. Bosserman from offering testimony regarding online predictive tools" altogether. Opp. at 6. Hospira moved instead to preclude Dr. Bosserman from "applying online 'predictive' tools to Ms. Plaisance's case." Br. at 7. The Court has previously excluded this testimony: "In her report, Dr. Bosserman generally discusses the benefit of using online tools in the creation of a treatment plan. Such general testimony is permissible, although for reasons discussed herein, Dr. Bosserman will not be permitted to testify about the use of these tools in connection with Earnest's case." *Earnest* at 6; *see also Kahn* at 7-8. It should do so again here.

Plaintiff's assertion that Dr. Bosserman does not attempt to apply any online predictive tools to Ms. Plaisance's case, Opp. at 7, is contradicted by Dr. Bosserman's own expert report and deposition testimony. Plaintiff asserts—with no explanation—that the "full context" of Dr. Bosserman's predictive opinions shows they are not case-specific. Opp. at 7. But Dr. Bosserman's testimony could not be more explicit:

> Q. Are you going to be opining as to and applying the Predict model to the specific cancer presentation of Ms. Plaisance?
>
> A. Yes.

Br. Ex. B, ECF No. 13376-5 (Deposition of Dr. Linda Bosserman (Sept. 20, 2021)), at 53:5-8. Likewise, in her report she relies on online predictive tools to support her opinion that Ms. Plaisance "had several equally effective chemotherapy regimen options … that would provide the same miniscule or less reduction in her risk of tumor recurrence and survival impact. These options include 10 of the 14 Category regimens that did not have the proven risk of PCIA from docetaxel." Br. Ex. A (Bosserman Rep.) at 35-40, 44.

3

Plaintiff also attempts to evade this Court's bar to Dr. Bosserman offering case-specific opinions by arguing that discussion of the Predict model necessarily "requires the input of Ms. Plaisance's individual, objective medical data." Opp. at 7. But Dr. Bosserman does not need to input Ms. Plaisance's case-specific medical information in the tool to generally discuss the predictive modeling, as this Court has allowed. This is a clear attempt to offer case-specific testimony, and Dr. Bosserman should not be allowed to sidestep the Court's ruling in this manner.

### III. THE COURT SHOULD PRECLUDE DR. BOSSERMAN FROM TESTIFYING ABOUT WHAT WAS KNOWN OR KNOWABLE ABOUT PERMANENT HAIR LOSS.

Plaintiff does not oppose Part III of Hospira's Motion and concedes that Dr. Bosserman may not opine as to "what was known or knowable regarding permanent chemotherapy-induced alopecia at the time of Plaintiff's treatment in 2013." Opp. at 7. As explained in Hospira's brief, that includes the knowledge of Hospira and Plaintiff's physicians. Thus, the Court should exclude this testimony.

### CONCLUSION

For the foregoing reasons, the Court should grant Hospira's Motion.

| | |
|---|---|
| Date: December 21, 2021 | Respectfully submitted,<br><br>*/s/ Heidi K. Hubbard*<br>Heidi K. Hubbard<br>Richmond T. Moore<br>Neelum J. Wadhwani<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005-5901<br>Phone: 202-434-5000<br>hhubbard@wc.com<br><br>John F. Olinde (Bar No.1515)<br>Peter J. Rotolo (Bar No. 21848)<br>**CHAFFE MCCALL LLP**<br>1100 Poydras Street<br>New Orleans, LA 70163<br>Phone: 504-858-7000<br>olinde@chaffe.com<br><br>*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc.* |

## CERTIFICATE OF SERVICE

     I hereby certify that on this 21st day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                        /s/ *Heidi K. Hubbard*