**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

**REPLY MEMORANDUM IN SUPPORT OF HOSPIRA'S MOTION TO EXCLUDE OR LIMIT OPINIONS OF DR. LAURA M. PLUNKETT**

Plaintiff's Opposition (i) ignores this Court's prior orders and Dr. Plunkett's agreement to comply with them, and (ii) fails to address Hospira's new arguments as to why Dr. Plunkett's opinions should be further limited. Accordingly, the Court should exclude all of Dr. Plunkett's previously excluded or disclaimed opinions and further exclude the following opinions:

- Docetaxel is associated with a "greater risk" of PCIA compared to other drugs;

- It is biologically plausible that Taxotere/docetaxel exposure can cause PCIA; and

- Irreversible alopecia is not the same as drug-induced alopecia.

**I. THE COURT SHOULD EXCLUDE DR. PLUNKETT'S PREVIOUSLY-EXCLUDED OR DISCLAIMED OPINIONS.**

Dr. Plunkett agreed at her deposition—in questioning by Plaintiff's counsel—that her previous opinions had not changed and that she intended to comply with the Court's previous rulings:

Q. Is it fair to say that your opinions have not changed, in terms of pharmacology and toxicology, since your June 3rd, 2020 report and the depositions you gave in September 2020 related to the report?

A. Yes. That is fair. That is correct.

Q. Okay. And have you seen the Court's Daubert rulings related to your expert opinions in the Taxotere MDL?

A. Yes.

Q. Okay. Is it fair to say you intend to comply with the limitations of the Court with regard to your pharmacology and toxicology opinions in this case for Ms. Plaisance and Ms. Guilbault?

A.  Yes.  That is correct.  I will.

Br. Ex. B, ECF No. 13379-5 (Dep. of Dr. Laura Plunkett (Sept. 24, 2021) ("Plunkett Dep.")), at 139:15-140:4.

Notwithstanding, Plaintiff's Opposition inexplicably ignores Dr. Plunkett's avowals and this Court's prior rulings to argue, with no valid basis, that Dr. Plunkett should be allowed to offer opinions that this Court has previously excluded.  The Court should reject this attempted backtracking and affirm its previous rulings.

**A.     Independent Risk.**

Plaintiff argues that "Dr. Plunkett's previously accepted opinion that docetaxel carries an independent risk of PCIA should not be excluded."  Opp. at 4.  But this opinion has been previously *excluded*, not "previously accepted."  As the Court held in *Kahn*:  "After reviewing Dr. Plunkett's report, *the Court will not permit Dr. Plunkett to opine that Taxotere carries an independent risk of permanent alopecia*."  *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Jan. 13, 2021), ECF No. 11823, at 5 ("*Kahn*") (emphasis added).  Moreover, Plaintiff argues that this statement is "not [a] medical causation opinion[]," Opp. at 4, but the Court expressly held otherwise:  "Dr. Plunkett did not conduct an analysis to assess general causation, so she may not suggest to the jury that Taxotere can cause permanent alopecia.  To the Court, *stating that Taxotere carries an independent risk of permanent alopecia is indistinguishable from stating that Taxotere alone can cause alopecia*."  *Id.*  Thus, the Court should affirm this ruling again here.

To be clear, the Court previously permitted "Dr. Plunkett to state that Taxotere has been *associated* with an independent risk of permanent hair loss."  *Id.*  In that regard, Hospira is seeking to exclude testimony that was previously allowed.  In support, Hospira raises a new argument that has not been addressed before—Dr. Plunkett's opinion about an undefined and non-statistically significant "association" is irrelevant and confusing to the jury.  *See* Hospira's Mem. Supp. Mot. Exclude or Limit Opinions of Dr. Laura M. Plunkett ("Br.") at 11-12, ECF No. 13379-1.  Plaintiff's argument that this is just a "battle of semantics" proves Hospira's point.  If Plaintiff cannot keep straight the difference between "carries an independent risk" and "has been

associated with an independent risk," we cannot expect the jury to do so.  Although association does not mean "cause," it is clear that Dr. Plunkett fully intends to exploit this confusion to suggest a causal relationship—exactly what the Court has said she cannot do.  Thus, the Court should go further here and also exclude Dr. Plunkett's opinion that "Taxotere has been *associated* with an independent risk of permanent hair loss."

**B.      Substantial Contributing Factor.**

Plaintiff argues that "Dr. Plunkett's 'substantial contributing factor' statement does not 'invade the province of the jury,'" Opp. at 4, but this Court has ruled exactly the opposite:  "The Court will not permit Dr. Plunkett to opine that when used in combination with other drugs, Taxotere is a 'substantial contributing factor' to permanent alopecia.  This opinion would 'invade the province of the jury.'"  *Kahn*, at 5-6.  Nothing has changed.  Indeed, Plaintiff's argument that Dr. Plunkett is using her own definition of "substantial contributing factor" is verbatim the same argument the plaintiff made in Kahn.  *Compare* Opp. at 5 *with Kahn* Opp. ECF No. 11085, at 7-8.  The Court should reject it again.

Moreover, Plaintiff makes a one-sentence argument that, in the alternative, "Dr. Plunkett should be allowed to explain, without using the term 'substantial contributing factor' why it is scientifically appropriate to find Taxotere *is the likely culprit . . . .*", Opp. at 6, but that is just another example of Dr. Plunkett attempting to offer a prohibited causation opinion through the backdoor.  To say that docetaxel is the "likely culprit" is just another way of saying that docetaxel caused the plaintiff's permanent hair loss, and that opinion should not be allowed under this Court's previous orders.

**C.      More Toxic.**

This Court should exclude Dr. Plunkett's opinion that docetaxel is more toxic than Taxol, as it did in *Earnest* and *Kahn*.  The Court has held that "[i]f the jury were to hear this opinion, it may assume without a sufficient basis for doing so that if Taxotere is more toxic than Taxol, Taxotere is more likely to cause permanent hair loss."  *Kahn* at 4; *Earnest* at 6.  Plaintiff offers no basis to change that ruling here.  The Opposition does not address the Court's reasoning for

rejecting plaintiff Kahn's argument and affirming its ruling from *Earnest* to exclude Dr. Plunkett's "more toxic" opinion. Instead, Section I.C. of Plaintiff's Opposition contains a near-verbatim copy of a different argument from plaintiff Kahn's opposition to Sanofi's motion. *Compare* Opp. at 6-7 *with* Kahn Opp. at 6-7. Indeed, the Opposition quotes and responds to language from Sanofi's motion that does not even appear in Hospira's brief. Opp. at 6.

Moreover, while Dr. Plunkett refers to additional "documents" and "research" concerning comparisons of the toxicities of docetaxel and Taxol, she admits that they "simply further confirmed her previously provided opinions" and thus "would not necessarily be added to her reliance list." Opp. at 7. Undisclosed and unidentified sources are not a valid basis for allowing her previously-excluded opinions. *See* Rule 26(a)(2); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). *See also Hill v. Kopper, Indus.*, 2009 WL 3246630, at *3 (N.D. Miss. Sept. 30, 2009) (holding that an expert is required to show her work in her report, which is "to be 'complete' to the extent that any other person in the expert's field could pick up the report and independently verify the contents therein"). Thus, just as in *Kahn*, "Plaintiff does not articulate why a different ruling is warranted here," and there is "no reason to deviate from this ruling." *See Kahn* at 4.

### D.     Regulatory, Labeling, and Notice/Signal Detection Opinions.

Plaintiff has confirmed that Dr. Plunkett will not be offering these opinions in this case, Opp. at 3, so they should be excluded.[1]

## II.   THE COURT SHOULD EXCLUDE DR. PLUNKETT'S OPINION THAT DOCETAXEL IS ASSOCIATED WITH A "GREATER RISK" OF PERMANENT ALOPECIA.

Plaintiff argues that the Court should admit this testimony because "Hospira offers no new line of attack on the opinions offered by Dr. Plunkett." Opp. at 10. That is inaccurate. The

---

[1]   With no apparent sense of irony, Plaintiff states that Hospira "inexplicably" seeks to exclude these disclaimed regulatory opinions, Opp. at 3, yet spends the majority of the Opposition arguing why Dr. Plunkett's other disclaimed causation opinions should nonetheless be admitted.

Court has previously declined to exclude Dr. Plunkett on the basis that she did not "show her work" on the weight-of-the-evidence methodology. *Kahn* at 7-8. But that is not the argument Hospira is making here. Rather, Hospira has made *new* arguments that Dr. Plunkett's opinions are (1) not relevant and helpful (Br. at 8-10); (2) confusing to the jury (*id.* at 10-12); and (3) based on an unreliable application of her methodology (*id.* at 12-13). Plaintiff does not even attempt to respond to these arguments. Instead, she once again cuts-and-pastes from her *Kahn* brief. *Compare* Opp. 8-10, 14 *with* Kahn Opp. at 13-15, 10. In particular, Plaintiff does not even address Hospira's arguments on relevance and jury confusion. As Hospira explained, Dr. Plunkett's opinions about an unquantified and non-statistically significant "greater risk" are unhelpful and would likely lead the jury to conclude that she is offering a causation opinion— which she cannot do. Br. at 8-12. By failing to respond, Plaintiff has effectively conceded these points. Dr. Plunkett's opinions therefore should be excluded on these grounds alone.

The only response that Plaintiff provides to Hospira's actual arguments is a single boilerplate sentence based on Dr. Plunkett's failure to consider the 2019 Freites-Martinez article. Plaintiff argues that the fact that Dr. Plunkett "did not consider an article that Hospira feels is relevant . . . goes to the weight of the evidence but not a reason to exclude her as an expert." Opp. at 10. The point is not that *Hospira* believes this article is relevant, but that *Dr. Plunkett* agrees it is relevant under her *own* methodology, yet she has excluded it from her analysis. Br. at 12-13. Plaintiff does not contest this. In fact, it is confirmed by the Opposition, which states that Dr. Plunkett assigns particular significance to a paper "where the physician in the paper . . . has attributed causation" to a particular drug. Opp. at 8. Yet Plaintiff makes no attempt to explain why Dr. Plunkett would omit entirely the 47 cases of PCIA attributed to paclitaxel in the Freites-Martinez article. Thus, Dr. Plunkett's omission does not go to the weight of the evidence, but the reliability of her method, as she is not applying her own methodology. "[A]n expert must do more than just state that she is applying a respected methodology; she must follow through with it." *Brown v. Burlington N. Santa Fe Ry.*, 765 F.3d 765, 773 (7th Cir. 2014); *cf. In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)* (Jan. 29, 2021), ECF No. 12098, at 12-13 ("Kahn

Madigan Order") ("[A]n 'expert must employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'").

## III.    THE COURT SHOULD EXCLUDE DR. PLUNKETT'S OPINIONS REGARDING BIOLOGICAL PLAUSIBILITY.

Plaintiff's Opposition once again fails to address Hospira's arguments.  Hospira made two points, yet the Opposition includes a hard-to-follow recitation of unresponsive arguments.

*First*, because Dr. Plunkett is not performing a Bradford Hill analysis, her opinions on "biological plausibility," an element of that analysis, are neither relevant nor helpful to the jury. Br. at 13-14.  Plaintiff has no response.  She offers no valid explanation of why a stand-alone opinion on "biological plausibility"—outside the context of a Bradford Hill causation analysis— is helpful to the jury.

*Second*, Dr. Plunkett has not offered any valid mechanism of action to support her biological plausibility opinion.  Br. at 14.  Her only proposed mechanism of action—killing rapidly dividing cells—does not distinguish the mechanism by which docetaxel destroys cancer cells from any other chemotherapy.  Again, the Opposition does not provide any discernable response.

Thus, the Court should exclude Dr. Plunkett's biological plausibility opinions for the reasons set forth in Hospira's opening memorandum.

## IV.    THE COURT SHOULD EXCLUDE DR. PLUNKETT'S PROPOSED DISTINCTION BETWEEN DRUG-INDUCED ALOPECIA AND PCIA.

Plaintiff offers no valid reason why Dr. Plunkett's purported distinction between "drug induced alopecia" (DIA) and PCIA should be admissible.  Plaintiff does not dispute that Dr. Plunkett's definitions are not based on any different mechanism of action between the two conditions.  She has admitted that she is not aware of any different mechanism of action.  Br. at 14.  Moreover, the Opposition confirms that the way Dr. Plunkett "can distinguish between DIA and PCIA" is that they have a different reported outcome:  "I see drug-induced alopecia as hair loss; whereas, the issue of the persistent alopecia, irreversibility, is a different injury; it's the

inability to regrow."  Opp. at 12 (quoting Opp. Ex. 4, ECF No. 13498-4 (Deposition of Dr. Laura

Plunkett, *Kahn v. Sanofi-Aventis U.S. L.L.C.*, No. 2:16-cv-17039 (Apr. 27, 2020), at 110:20-

112:8)).  But that definitional exercise does not advance the ball.  She is not offering any expert

opinions on *why* those different outcomes occur or any other expert testimony that "help the trier

of fact to understand the evidence or to determine a fact in issue."  *Sandifer v. Hoyt Archery,*

*Inc.*, 907 F.3d 802, 809 (5th Cir. 2018) (quoting Fed. R. Evid. 702); *see also* Fed. R. Evid. 401

(evidence must have a tendency to make a fact of consequence "more or less probable").  She is

merely parroting reported outcomes from the medical literature, with no additional analysis.

Those opinions should therefore be excluded.

**CONCLUSION**

For the foregoing reasons, the Court should exclude or limit the opinions of Dr. Plunkett

as set forth above.

Date: December 21, 2021                                    Respectfully submitted,

                                                          */s/ Heidi K. Hubbard*
                                                          Heidi K. Hubbard
                                                          Richmond T. Moore
                                                          Neelum J. Wadhwani
                                                          **WILLIAMS & CONNOLLY LLP**
                                                          725 Twelfth Street, N.W.
                                                          Washington, D.C. 20005-5901
                                                          Phone: 202-434-5000
                                                          hhubbard@wc.com

                                                          John F. Olinde (Bar No.1515)
                                                          Peter J. Rotolo (Bar No. 21848)
                                                          **CHAFFE MCCALL LLP**
                                                          1100 Poydras Street
                                                          New Orleans, LA 70163
                                                          Phone: 504-858-7000
                                                          olinde@chaffe.com

                                                          *Counsel for Defendants Hospira, Inc.,*
                                                          *Hospira Worldwide, LLC, and Pfizer Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Heidi K. Hubbard*