```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


IN RE:  TAXOTERE (DOCETAXEL)       *        16-MD-2740
PRODUCTS LIABILITY LITIGATION      *
                                   *        Section H
                                   *
Relates to:  All Cases             *        December 22, 2021
                                   *
* * * * * * * * * * * * * * * * *


                     SHOW CAUSE HEARING BEFORE
                 THE HONORABLE JANE TRICHE MILAZZO
                    UNITED STATES DISTRICT JUDGE


Appearances:

For the Plaintiffs:         Gainsburgh Benjamin David Meunier
                              & Warshauer, LLC
                            BY:  M. PALMER LAMBERT, ESQ.
                                 CLAIRE E. BERG, ESQ.
                            1100 Poydras Street, Suite 2800
                            New Orleans, Louisiana 70163

For the Plaintiffs:         Bachus & Schanker, LLC
                            BY:  MELANIE SULKIN, ESQ.
                            101 W. Colfax Avenue, Suite 650
                            Denver, Colorado 80202

For the Sanofi              Irwin Fritchie Urquhart
Defendants:                   & Moore, LLC
                            BY:  KELLY E. BRILLEAUX, ESQ.
                            400 Poydras Street, Suite 2700
                            New Orleans, Louisiana 70130

Official Court Reporter:    Toni Doyle Tusa, CCR, FCRR
                            500 Poydras Street, Room B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7778




Proceedings recorded by mechanical stenography using
computer-aided transcription software.
```

**PROCEEDINGS**

**(December 22, 2021)**

    **THE COURT:** Hello.  Good morning.  Let me do a quick roll call, please, since we were all online.

    Who do we have on behalf of the plaintiffs from the committee?

    **MR. LAMBERT:** Good morning, Your Honor.  Palmer Lambert on behalf of the PSC and I believe Claire Berg, as well, from my office.

    **THE COURT:** Okay.  Thank you.

    **MS. BERG:** Yes, Your Honor.  Claire Berg is on as well too.

    **THE COURT:** Okay.  I'm not going to ask beyond that.

    All right.  For defendants, who do we have on the line?

    **MS. BRILLEAUX:** Kelly Brilleaux on behalf of Sanofi, Your Honor.

    **THE COURT:** Okay.  Do we have anybody on behalf of the 505(b)(2)?

    **MS. BRILLEAUX:** They may be dialing in, but all of the cases on the call docket today are Sanofi.

    **THE COURT:** Okay.  Perfect.  Then that's all I need.

    For Bachus & Schanker, Melanie, are you on the line?

    **MS. SULKIN:** Yes.  Good morning, Your Honor.

10:01  1  Melanie Sulkin on behalf of the Bachus & Schanker plaintiffs.
2  **THE COURT:** Okay.  Thank you.  The rest of the
3  people --
4  **THE DEPUTY CLERK:** Judge, this is Erin.  I'm sorry to
5  interrupt.
6  (Off the record.)
7  **THE COURT:** All right.  Erin, would you please call
8  the docket.
9  **THE DEPUTY CLERK:** Sure.  This is the MDL matter
10  2740, *In re Taxotere*.  Counsel already made their appearance
11  for the call.
12  **THE COURT:** Right.  Okay.  Thank you.
13              This is a continuation of the show cause hearing
14  that we had last week.  I know we closed earlier than allowed
15  us to conclude, but I was going to Grandparents Day, and you
16  will be delighted to know that I made it on time.
17              With that, I think the only items on the call
18  list were parties represented by Bachus & Schanker.  So as I
19  appreciate it, the first three names on the list -- Myra Baker,
20  Docket 19-14170; Janice Stephens, Docket 19-13332; and Janice
21  Whitney, Docket 17-17146 -- we received a declaration of no
22  contact of next of kin, and those matters are going to be
23  dismissed with prejudice following the demise of the original
24  plaintiff.  Next of kin had an obligation to provide contact
25  with counsel so that this matter could continue.  That did not

10:03   1  take place.  So, with that, those items are dismissed with
        2  prejudice.
        3          Now we can go to the noncompliance hearing list.
        4  Ms. Brilleaux, I think the first matter is Mary Carroll,
        5  Docket 17-10651.
        6          **MS. BRILLEAUX:**  That's correct, Your Honor.  The
        7  deficiency for this one is no PFS submitted.
        8          **THE COURT:**  Okay.  Ms. Sulkin.
        9          **MS. SULKIN:**  Hello, Your Honor.  For Ms. Carroll,
       10  after some time we were ready to submit a no contact statement.
       11  However, we did just reach her through her brother.  We request
       12  simply 30 days to gain her compliance now that we have been
       13  able to reach her.  If at that point she is still not able to
       14  cure these deficiencies, then we will not have a defense to her
       15  dismissal, which she now knows she is deficient.
       16          **THE COURT:**  Okay.  Ms. Sulkin, this matter was filed
       17  four years ago and you are just finding her?
       18          **MS. SULKIN:**  Yes, Your Honor.  We had tried several
       19  different addresses and we just had no luck contacting her.
       20  Like I said before, we were getting ready to file a declaration
       21  of no contact, but sometimes these things happen.  People move
       22  and they are only located through other family members, and
       23  that happened in this case.
       24          **THE COURT:**  Okay.  I'm going to grant 30 days.  There
       25  will be no continuance from that time.

10:04  1      **MS. SULKIN:**  Understood.  Thank you, Your Honor.
       2      **THE COURT:**  Thank you.  The next matter is
       3   Martha Johns.  That's Docket 19-12431.  Ms. Brilleaux.
       4      **MS. BRILLEAUX:**  Yes, Your Honor.  So the original
       5   deficiency for this plaintiff was failure to provide
       6   information for a second cancer.  Since then plaintiff's
       7   counsel has amended to note the dates of that chemotherapy.  So
       8   now the deficiency is that we need photos from after Taxotere
       9   treatment, which occurred from June of 2010 to October of 2010,
      10   to her second chemotherapy, which took place between May and
      11   November of 2019.  So we are going to need photos from in
      12   between October 2010 and May of 2019.
      13      **THE COURT:**  Okay.  Ms. Sulkin.
      14      **MS. SULKIN:**  Your Honor, Ms. Johns does not have
      15   photographs between her post-Taxotere treatment and then her
      16   second chemotherapy.  She was diagnosed again with cancer in
      17   2019, and there are no photographs during that time period.  So
      18   we ask that if, after another round of attempting to get
      19   photographs in that time period, Ms. Johns cannot find any that
      20   we be able to submit some sort of declaration outlining who
      21   would testify about -- including Ms. Johns, who would testify
      22   as to the fact that Ms. Johns experienced hair loss and what
      23   her hair looked like in that time period between approximately
      24   2010, 2011, and 2019, when Ms. Johnson received the second
      25   diagnosis.

10:06   1      **THE COURT:** Okay.  I'm going to ask that you work
2  with Ms. Berg to make every effort to search all places for
3  photographs, and that could be cousins, friends, etc.  That was
4  a period of time when people all had cell phones, so I'm just
5  hoping that someone took a photograph of her somewhere, at some
6  family event or whatever.  I'm going to grant 45 days for you
7  to continue that search, and then we will consider whether or
8  not we will accept an affidavit.
9           Okay.  Patricia Kulage, 18-12492.
10      **MS. BRILLEAUX:** Yes, Your Honor.  So this case is an
11 interesting one.  This is one that plaintiffs claim was cured
12 at the last hearing, and it's another issue of photos in
13 between cancer treatments.  The issue with this one, just to
14 kind of get ahead of the issue, the plaintiff had Taxotere in
15 2002, she had another round of chemo in 2017 and then again in
16 2020.  We have the dates of those treatments.
17          The plaintiff submitted a photograph that is
18 dated 2010, but it has her with a birthday cake.  The birthday
19 cake clearly marks her 60th birthday, which means it was
20 actually taken in 2020 during her third chemotherapy.  I have
21 the photos.  Unfortunately, we are on the phone.  I'm happy to
22 send them to Your Honor if you would like to see them, but that
23 is the issue we have with this one.
24      **THE COURT:** Ms. Sulkin.
25      **MS. SULKIN:** Your Honor, the writing on the cake does

10:08  1  not say -- and we have run this to ground with this client.  It
2  does not say "60."  It says, "Go, Pat."  Where it looks like it
3  could say "60," it's actually the word "Go."  It's our position
4  that this photograph was taken in 2010.  Every indication from
5  our client indicates that this photograph was taken in 2010.
6  We believe that this is a factual question that a jury would
7  decide.
8         **THE COURT:**  I'm inclined to believe that that is --
9  of course, I'm not looking at the photograph.  So perhaps the
10  thing to do is to roll this one over to make a determination
11  and I can look at it when we are all present in court.  If it's
12  unclear, I think it's a factual determination for the jury and
13  then that argument might be made.  I'm not inclined to make
14  factual determinations at this stage unless it's clear we have
15  60 candles and a big "60" in candles.
16         **MS. BRILLEAUX:**  Your Honor, our position is that it
17  is very clear.  I'm looking at the photo right now.  I don't
18  see the word "Pat."  I'm happy to send it to you if you would
19  like to look at it, and perhaps we can roll it over to the next
20  hearing after you have had a chance to look at it.
21         **THE COURT:**  All right.  Why don't you send it to me.
22  We will roll it over to the next hearing.
23         **MS. BRILLEAUX:**  Thank you.
24         **THE COURT:**  Okay.  The next one is Carolyn Obannon.
25  That's Docket 19-11884.

10:10

1       **MS. BRILLEAUX:**  Yes, Your Honor.  The only after
2  photos provided here for Ms. Obannon are after her second
3  chemotherapy, so we are going to need photos from between 2004
4  and 2013.
5       **MS. SULKIN:**  Your Honor, this is the same issue as
6  with Ms. Johns, where our plaintiff states that she doesn't
7  have photographs between that time period.  So we would ask to
8  work with Ms. Berg and then potentially be given the
9  opportunity to submit a declaration.
10      **THE COURT:**  I have to tell you, it's just hard for me
11 to understand how these people don't have any photographs for
12 nine years.  I'm going to give you an opportunity to work with
13 Ms. Berg.  I'm not going to dismiss those cases at this point
14 yet, but these people need to make a real effort.  Okay.  So we
15 are going to issue the same ruling as Ms. Johns.
16           All right.  Sheila Rawlins.
17      **MS. BRILLEAUX:**  Yes, Your Honor.  This plaintiff, for
18 Ms. Rawlins, this is failure to provide information on a second
19 cancer.  Again, just to try and get ahead of what the real
20 issue is here, there's a PFS indicating that plaintiff was
21 diagnosed with cancer more than once.  Plaintiff's counsel
22 responded to the deficiencies saying that that was an error.
23 What we need is an amended PFS reflecting that there was only a
24 single cancer diagnosis, and that has not been cured.
25      **THE COURT:**  Okay.  I'm going to grant 30 days for you

10:11  1   to cure that.
       2           **MS. SULKIN:**  Your Honor, if I may, it's my
       3   understanding that we did submit a supplemental PFS on
       4   December 7 and notified the defendants.
       5           **MS. BRILLEAUX:**  My records show that that has not
       6   been done, but --
       7           **THE COURT:**  Okay.  What I will do, I will grant you
       8   15 days to confirm compliance because of the holidays.
       9              Okay.  Margaret Wgeishoski, Docket 18-1528.
      10   Ms. Brilleaux.
      11           **MS. BRILLEAUX:**  Yes, Your Honor.  We have a HIPAA
      12   authorization not signed; insurance authorization not signed,
      13   dated, or witnessed.
      14           **THE COURT:**  Okay.  Ms. Sulkin, when can you get that
      15   to us?
      16           **MS. SULKIN:**  Your Honor, Ms. Wgeishoski passed away,
      17   which is another case where we were almost ready to file a
      18   declaration of no contact with next of kin.  We were able to
      19   locate Ms. Wgeishoski's son, who already does have an estate
      20   open with her.  However, he has the estate paperwork in paper
      21   somewhere.  So we ask just for 90 days for him to locate those
      22   documents, us file a suggestion of death and motion to
      23   substitute parties, and then we can have him sign the
      24   authorizations on Ms. Wgeishoski's behalf.
      25           **THE COURT:**  Okay.  The Court is going to grant

10:13  1  90 days.

2              Okay.  I believe that's it.

3          **MS. BRILLEAUX:**  I believe so too, Your Honor.  Thank

4  you for your time.

5          **THE COURT:**  Okay.  Please have a happy holiday.

6          **MS. SULKIN:**  Thank you, Your Honor.

7          (Proceedings adjourned.)

8                              * * *

9                           **CERTIFICATE**

10         I, Toni Doyle Tusa, CCR, FCRR, Official Court

11 Reporter for the United States District Court, Eastern District

12 of Louisiana, certify that the foregoing is a true and correct

13 transcript, to the best of my ability and understanding, from

14 the record of proceedings in the above-entitled matter.

                                    */s/ Toni Doyle Tusa*
                                    Toni Doyle Tusa, CCR, FCRR
                                    Official Court Reporter