**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL) :
PRODUCTS LIABILITY LITIGATION

**MDL NO. 2740**

CELESTA WILLIAMS and SAMEUL
WILLIAMS,

    *Plaintiff*,

vs.

SANOFI US SERVICES INC. f/k/a
SANOFI-AVENTIS U.S. INC.
SANOFI-AVENTIS U.S. LLC;

    *Defendants*.

**SECTION "N"(5)**

**JUDGE ENGELHARDT**
**MAG. JUDGE NORTH**

**Civil Action No.: 2:18-cv-08297-JTM-MBN**

**MOTION  TO  EXTEND**
**TIMELY SERVICE *NUNC PRO TUNC***

<u>**MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANT**</u>
<u>**SANOFI US SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC. SANOFI-AVENTIS**</u>
<u>**U.S. LLC., *NUNC PRO TUNC*, AND DEEM THE COMPLAINT TIMELY SERVED**</u>

2

**INTRODUCTION**

Good cause exists for the delay of service in this matter such that this Court must allow for an extension of time for service in this matter. Even absent good cause, which Plaintiff submits exists in this matter, this Court should enlarge the time for service and deem the complaint timely served because Plaintiffs proceeded and exchanged discovery in good faith, and no Defendant named herein will be prejudiced by the Court granting an Order for such extension, as all were put on notice previously from the electronically filed complaint notification and the discovery exchanged on behalf of Plaintiffs.

Overall, the circumstances justify an exercise of the Court's discretion to grant Plaintiffs' requested relief and allow for an extension of time to serve Defendant Sanofi U.S. Services Inc. f/k/a Sanofi-Aventis U.S. Inc. Sanofi-Aventis U.S. LLC (hereinafter "Sanofi"), in this matter, particularly given the Federal Courts' strong preference for deciding cases on the merits.

**LEGAL STANDARD**

The Court ***must*** extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert,* 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at

21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend

the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides

to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro,*

*Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s

120-day requirement.").

## ARGUMENT

On or about August 31, 2018, Plaintiff, Celesta Williams, filed her Complaint by and

through the undersigned counsel, Marc J. Bern & Partners LLP ("Movant"), against the

manufacturers of Taxotere. Dkt. 1. On August 31, 2018, the Clerk of the Court issued the

summonses against all Defendants in this matter. Dkt. 3.Pre-Trial Order ("PTO") No. 9 for the

Taxotere Multi District Litigation No. 2740 ("MDL 2740") which governs streamline service and

includes the standards governed by Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(m) states:

> "Time Limit for Service.:
>
> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time. But
> if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period."

Here, Plaintiff has shown good cause for the failure to timely serve. Plaintiff did not delay in

prosecuting this action, rather, Plaintiff commenced discovery by providing thorough and accurate

information to the relevant and pertinent discovery demands.

On January 29, 2019, Plaintiff served all discovery demand responses pursuant to relevant

PTO and Case Management Orders ("CMO's"). Specifically, plaintiff submitted a Plaintiff Fact

Sheet ("PFS"), a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, psychiatric records, and HIPAA Authorizations. To date, Plaintiff has not received a single deficiency notice pertaining to discovery responses from Defendants.

Plaintiff submits that she has made the requisite showing of good cause for the delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Due to the fact that Plaintiff exhibited diligent efforts by filing all discovery-related documents as specified above, Defendant had actual notice of the suit since in or about the time that the Complaint was filed.

Moreover, Plaintiff further submits that this Court should exercise its discretion here and extend time for service of the Complaint in this matter, even if it finds that good cause **has not been shown**, because the circumstances here justify an exercise of the Court's discretion to grant an extension. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld,* 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079

(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the

delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made *without* prejudice). *See also People's Workshop, Inc., supra,* 2018 U.S. Dist. LEXIS 52901 at \*22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Furthermore, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted.  In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.  Here, should This Honorable Court deny the within application, Plaintiff cannot refile her suit as the Statute of Limitations has long elapsed.

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays that this Honorable Court issue an Order granting Plaintiff's Motion to Extend Time for Service on Defendant SANOFI US SERVICES INC., *Nunc Pro Tunc*, and Deem the Complaint Timely Filed.

Dated: December 15, 2021

/s/ Alexandra Colella
Marc J. Bern & Partners, LLP
One Grand Central Plaza
60 East 42nd Street, Suite 950
New York, New York 10165
Tel:    (212) 702-5000
Fax:    (212) 818-164
acolella@bernllp.com
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I CERTIFY that on the 15th day of December 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to all attorneys of record.

/s/ Alexandra Colella
Attorney for Plaintiff