UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCTAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 SECTION "H" (5) |
| | JUDGE MILAZZO MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: *Michelle Streeter v. Hospira, Inc., et al.* | Civil Action No.: 2:17-cv-11490 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

I. **The Court's Ruling in *Mixon* Does Not Apply to Bar Plaintiff's Claims.**

This Court's ruling in *Mixon* is straight-forward: if a Plaintiff was prescribed or administered Taxotere in the State of Michigan, the claim is barred under the Michigan Products Liability Act.[1] In the instant case, Plaintiff Michelle Streeter ("Plaintiff") was prescribed and administered Taxotere in Ohio and, therefore, does not fall under the precedent set in *Mixon*.[2] Additionally, Plaintiff's case has a choice-of-law dispute, but this is resolved under Ohio's standards and promotes Ohio substantive law to be applied.

II. **Ohio Law Applies Under Ohio's Restatement-Based Choice-of-Law Analysis.**

Ohio's courts have adopted the Restatement (Second) Conflict of Laws "most-significant" test standard for determining substantive law to be applied in choice-of-law disputes. *Morgan v. Biro*

---

[1] Rec. Doc. 12405 (April 7, 2021 Order and Reasons).
[2] Ex. 1, *Streeter* First Amended Plaintiff Fact Sheet § V.14

1

*Mfg. Co., Inc.*, 474 N.E.2d 286, 288-89 (1984). Defendants' assertion, following Ohio's standard, that venue is proper in Ohio with Michigan substantive law applied is flawed.

Restatement (Second) Conflict of Laws section 146 states that, "…the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship…" *Morgan*, 474 N.E.2d at 289. Plaintiff asserts her place of injury is Ohio and this is supported by her infusion of Taxotere occurring in Ohio.[3] Defendants claim that Michigan substantive law must be applied in Plaintiff's case, but Michigan law as affirmed by the Sixth Circuit disagrees.

Michigan's *lex loci delicti* rule for determining substantive law to be applied in such disputes contradicts Defendants' contention that Plaintiff's place of injury is Michigan. Plaintiff, upon infusion of Taxotere, was exposed to the product that later caused her injuries; therefore, Plaintiff's place of injury is Ohio, even with her domicile and eventual presentation of latent disease in Michigan. The Sixth Circuit has firmly held under the rule of *lex loci delicti* and Michigan law that the place of wrong is, "the place where the last event necessary to create liability occurred." *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 698 (2013) citing *Sutherland v. Kennington Truck Service, Ltd.*, 562 N.W.2d 466, 468 (1997); *Sexton v. Ryder Truck Rental, Inc.*, 320 N.W.2d 843, 848 (1982). Clearly established, Ohio is Plaintiff's place of injury as her infusion of Taxotere was the last event necessary to create liability. Defendants have presented no evidence contrary; therefore, application of Michigan substantive law would be improper.

Applying the significance test published in Restatement (Second) Conflict of Laws section 145 ("Section 145"), Plaintiff again succeeds in showing Ohio substantive law must be applied. Section 145 requires analysis of several case-specific factors:

---

[3] *Id.*

2

(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Morgan*, 474 N.E.2d at 289.

Factors 1, 2, and 4 all occurred in Ohio, resulting in Ohio being the proper substantive law to be applied. Factor 1, place of the wrong, is clearly shown as Ohio as stated above. Factor 2, the place where the conduct causing the injury occurred, is Ohio as Plaintiff was provided information about, prescribed, and infused with Taxotere in the state. Factor 4, the place where the relationship between the parties is located, is Ohio as well due to Plaintiff's consent to treatment with, prescription for, and infusion of Taxotere in the state. This overwhelming evidence reflects a clear tilting of the scales in Ohio's favor, even with Factor 3 going in Michigan's favor as Plaintiff's place of domicile.

WHEREFORE, Plaintiff prays that the Court deny Defendants' Motion for Summary Judgment for the reasons stated above.

Dated this 5th day of January, 2022.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Amy Collignon Gunn
John G. Simon (MO# 35231)
Amy Collignon Gunn (MO# 74865)
800 Market Street, Suite 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
jsimon@simonlawpc.com
agunn@simonlawpc.com

*Attorneys for Plaintiff*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                  /s/ *Amy Collignon Gunn*
                                                  Amy Collignon Gunn