UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: *Linda B. Dobson v. Sanofi S.A., et al.,* Case No. 2:17-cv-06844 | HON. JANE T. MILAZZO MAG. JUDGE MICHAEL NORTH |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

First, and foremost, *Mixon's* ruling states if a Plaintiff was prescribed or administered Taxotere in Michigan, the claim is barred under the Michigan Products Liability Act.[1] While Plaintiff Linda Dobson ("Plaintiff") is a Michigan resident, she was prescribed and administered Taxotere in Wisconsin. Accordingly, the *Mixon* ruling does not apply to Plaintiff. Not only was Taxotere prescribed and administered in Wisconsin, Plaintiff discussed the pros and cons of Taxotere with her doctor in Wisconsin, and discussed the fact that her hair would never come back with her doctor in Wisconsin. Plaintiff has been receiving medical treatment in Wisconsin since at least 1982. Moving beyond the *Mixon* ruling and applying Wisconsin's Choice of Law Rules, Plaintiff's contacts with Wisconsin are certainly not minimal and outweigh her contacts with Michigan regarding this issue. Further, it is Wisconsin that has the greater interest in having its law applied. Accordingly, this Court should apply Wisconsin law and deny Defendants' Motion for Summary Judgment.

**I.    Wisconsin Law Applies to Plaintiff's Claims Under Wisconsin Choice of Law Rules**

---

[1] Rec. Doc. 12405 (April 7, 2021 Order and Reasons).

1

Defendants point to the analysis in *Drinkwater v. Am. Family Mut. Ins. Co.*, 714 N.W.2d 568, (Wis. 2006) (citation omitted) to make their case that Wisconsin law should not apply here. They first argue that Wisconsin law "should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance." *Id.* at 575-76. According to Defendants, the mere fact that Plaintiff resided in Michigan at the time of treatment and during the six months after treatment when the hair loss appeared to be permanent is enough to conclude Michigan's contacts are more significant. However, Plaintiff didn't just travel to Wisconsin for her chemotherapy infusions. Plaintiff has been treating at the Marshfield Clinic in Wisconsin since 1982 up until the present. Her medications, not just Taxotere, were prescribed at this clinic in Wisconsin. Plaintiff began treating at the Marshfield Clinic in Wisconsin in 1982 when she was diagnosed with breast cancer for the first time. She returned to this same clinic for continued treatment and when she was again diagnosed with breast cancer in 2003, she continued receiving her treatment, including the Taxotere infusion, in Wisconsin because this clinic had already saved her life once.[2] She lived and still does live in Iron River, Michigan, a town of only 11,066 people according to the latest census date.[3] She had and has no choice but to seek out the best care available to her in a different location. Over 25 years of medical treatment in Wisconsin provides for contacts of a greater significance than Michigan in this instance.

Even if, from the above facts, the greater significance of the Wisconsin contacts are not clear, application of the five factors Wisconsin courts turn to would still result in Wisconsin as the correct choice of law. First, predictability of results. Defendants argue Plaintiff can't predict and expect that Wisconsin law will dictate her right to recovery, but this ignores the fact that Plaintiff has been traveling to and treating in Wisconsin for decades. She has been

---

[2] *See* Ex. A at §§ IV.11-12 & 21; § V.5.
[3] https://www.census.gov/quickfacts/fact/table/ironcountymichigan/PST045219.

consistent in treating in Wisconsin with Wisconsin doctors that it would be reasonable for her to expect Wisconsin law would apply to her prescribed treatment in Wisconsin by a Wisconsin doctor.  And Defendants absolutely would expect that a lawsuit relating to the administration of their product in Wisconsin would be subject to Wisconsin law.

Second, following Wisconsin law would not upset interstate and international order.  Allowing a Plaintiff who has treated with the same clinic for over 25 years to sue under Wisconsin law would not invite Michigan residents to readily leave the state for any medical care to escape the MPLA as the two situations are easily distinguishable.  Third, while Michigan may have the more simple and easily applied rule of law in that Plaintiff's case would be dismissed under Michigan law, it would certainly be just as simple to leave Plaintiff's case in the MDL, progressing with all other claims that fall under Wisconsin law.  Fourth, Wisconsin has a strong interest in advancing its governmental interests.  In this particular case, that would be to compensate those who have been injured by a pharmaceutical product sold and distributed in its state.  This is obvious from the fact that Wisconsin has not enacted its own version of the MPLA and has not granted pharmaceutical companies such sweeping immunity.  Finally, there is the application of the better rule of law.  Michigan's reform may be a modern update to its laws, but clearly this update protects pharmaceutical companies under the guise of business competitiveness.  Wisconsin law would at least let the facts of a particular case play out to assess liability, if any.

## II.     CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to dismiss Plaintiff's claims.

Respectfully submitted,

/s/Jennifer L. Crose  
Matthew B. Moreland (LA #24567)  
Jennifer L. Crose (LA #32116)  
JIM S. HALL & ASSOCIATES, LLC  
800 N. Causeway Blvd., Suite 100  
Metairie, LA 70001  
Telephone: (504) 832-3000  
Facsimile: (504) 832-1799  
Email: mmoreland@jimshall.com  
jcrose@jimshall.com  

*Counsel for Linda B. Dobson*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

/s/Jennifer L. Crose

4