# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : : | MDL NO. 2740 SECTION "N"(5) HON. JANE TRICHE MILAZZO |
| THIS DOCUMENT RELATES TO: VERONICA MECH       Plaintiff(s), vs. SANOFI S.A., et al.,       Defendant(s). Civil Case No.: 2:18-CV-11515 | | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT SANOFI'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS

Michigan law does not apply to Ms. Mech's case, because Michigan has no significant interest in or contacts with this case. Ms. Mech was administered Taxotere only in Wisconsin. The Taxotere she was administered was sold by New Jersey-based Sanofi to a Wisconsin cancer center, and prescribed and administered by Wisconsin doctors. *See* Defendant's Exhibits C (Mech SFC) and D (Mech PFS). These facts are undisputed, and unequivocally require application of Wisconsin law.

Wisconsin choice-of-law rules apply to this case because Ms. Mech alleged Wisconsin as her filing venue in her SFC. Def. Ex. C. Pursuant to Wisconsin choice of law rules, Wisconsin law presumptively governs this case unless ***it is clear*** that another forum's contacts are of a greater significance. *Cowley v. Abbott Labs.*, 476 F. Supp. 2d 1053, 1057 (W.D. Wis. 2007). In the instant case, Michigan's contacts are clearly not more significant than Wisconsin's. In fact, common sense dictates that Wisconsin law should govern this case.

1

While the result in this case is obvious, a more thorough analysis of Wisconsin's five factor test, and the case-law that has applied this test, also point to application of Wisconsin law. *See, e.g.*, *Cowley* at 1057-59. Ms. Mech's case is essentially the converse fact pattern as seen in *Cowley*, which found that the law of the state where the plaintiff was prescribed, purchased, and ingested Humira governed the case. *See Cowley* at 1057-59. The *Cowley* Court explained that the first factor, predictability of results, clearly favored the state of prescription, purchase, and ingestion. Regarding the second factor, maintenance of interstate order, the *Cowley* Court found that the state in which the plaintiff began to experience symptoms of his injury must defer to the state of prescription, purchase, and ingestion. Finally, the *Cowley* Court found that the fourth factor, advancement of the forum's governmental interest, also favored application of the law of the state of prescription, purchase, and ingestion.[1] Ms. Mech was prescribed and administered Taxotere exclusively in Wisconsin, and all events leading up to said prescription and administration occurred in Wisconsin. Thus, the Wisconsin five factor test requires the application of Wisconsin law to her case, which is the same result reached by the *Cowley* Court.

The *Stupak v. Hoffman-LaRoche* case provides additional support for application of Wisconsin law in Ms. Mech's case. In *Stupak*, the Plaintiff was a Michigan resident who was prescribed the drug Accutane by a Wisconsin physician, **but purchased and used said drug exclusively in Michigan**. *Stupak v. Hoffman-LaRoche, Inc.*, 287 F. Supp. 2d 968, 971 (E.D. Wis.

---

[1] The *Cowley* Court found that the third and fifth factors were neutral, which is also the case in Ms. Mech's case. Sanofi cites *Thomas v. Brinks, Inc.* for the proposition that Michigan has the "more simple 'and easily applied rule of law.'" *See* Def. Mem. at 3. However, the Court in *Thomas* does not say anything like this. In fact, the *Thomas* Court, applied the law of the state in which the accident occurred (Illinois) even though the plaintiff was a resident of another state (Wisconsin). *See Thomas v. Brinks, Inc.*, No. 19-CV-1224-JPS, 2020 U.S. Dist. LEXIS 13638 (E.D. Wis. Jan. 28, 2020). As such, *Thomas* is directly contrary to Sanofi's argument that Michigan law should govern Ms. Mech's case.

2003). After applying Wisconsin's five-factor test and due in large part to the inclusion of medical malpractice claims in the case, the *Stupak* Court applied Wisconsin law to the case. While the result may have been different if not for the medical malpractice claims, the *Stupak* court explained that a drug manufacturer should not be surprised "that it would be required to defend itself in a forum in which resident physicians are prescribing its products." *Id.* at 973. It is not unreasonable to apply Wisconsin law, even where the purchase and use of a drug occurs in another state. Contrary to Plaintiff Stupak, Ms. Mech was prescribed and administered Taxotere exclusively in Wisconsin, by a Wisconsin medical facility, which purchased the Taxotere in Wisconsin. Therefore, application of Wisconsin law in Ms. Mech's case should come as even less of a surprise to Sanofi, and it is unreasonable to argue that application of Wisconsin law is unexpected or unforeseeable.

Despite what Sanofi asserts, Wisconsin *is* substantially concerned with the application of its own law to non-residents in cases involving prescription, sale, and use of drugs in Wisconsin. The *Stupak* court compared Michigan's interest in limiting claims brought and Wisconsin's interest in ensuring claims and the jury system are protected. *Stupak*, at 974. The very fact that Wisconsin has no similar provision governing product liability claims indicates that Wisconsin is substantially interested in the conduct of manufacturers selling medications in Wisconsin.[2] Michigan's law was passed to protect drug companies from liability for drugs sold within Michigan's borders. *See Stupak*, at 974. Michigan lacks authority to provide this protection for drugs sold and administered outside of its borders. Conversely, Wisconsin has a strong interest in regulating the conduct of manufacturers doing business within the state of Wisconsin, be that

---

[2] Sanofi claims that application of Wisconsin law in this case would encourage Michigan residents to leave the state for medical care and escape the intent of Michigan law. However, to suggest that a patient will seek out-of-state treatment just to avoid application of a law she likely knows nothing about in the event the treatment is unsuccessful or subpar is absurd.

3

through the allowance of tort actions or otherwise. This is equally true whether a drug is sold in Wisconsin to a Wisconsin resident or to a non-resident. Further, Michigan does not have any interest in preventing one of its residents from seeking compensation in a Wisconsin court for injuries caused by a drug prescribed and administered in Wisconsin, and sold by a New Jersey company to a Wisconsin cancer center.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion for summary judgment pursuant to the *Mixon* ruling.

This the 7th day of January, 2022.

DAVIS & CRUMP, P.C.

/s/ Trevor B. Rockstad
Trevor B. Rockstad
MS State Bar No.: 103614
2601 14th Street
Gulfport, MS 39501
Phone: 228-863-6000
Facsimile: 228-864-0907
Email: trevor.rockstad@daviscrump.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

>                                             */s/ Trevor B. Rockstad*
>                                             TREVOR B. ROCKSTAD