UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)
THIS DOCUMENT RELATES TO:

*Clem et al v. Sanofi US Services Inc. et al,*
No. 2:18-cv-13853-JTM-MBN

*Nelson v. Sanofi US Services Inc. et al,*
No. 2:18-cv-08400-JTM-MBN

**PLAINTIFF JULIE CLEM AND LINDA NELSON'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER [Doc. 13581]**

　　　　Defendants' motion should be denied because Indiana's choice of law rules do not call for application of Michigan law. Plaintiffs Julie Clem and Linda Nelson were treated by Indiana doctors, with Taxotere prescribed and administered in Indiana clinics (*see* § 2 *infra*). Indiana applies the traditional *lex loci delicti* rule (the place of the wrong), modified by the significant relationship test.[1] The *lex loci* rule does not recognize Michigan as the place of the wrong (*see* § 1 *infra*). Moreover, according to Defendants' theory, Ms. Clem's *loci* is North Carolina and Ms. Nelson's is both Indiana and Michigan (*see* § 2 *infra*). Even were Michigan law presumed, that presumption is overcome by Michigan's lack of connection to the claims (*see* §§ 2-3 *infra*).

**I. Michigan law does not presumptively apply because Michigan is not the *lex loci*.**

　　　　The motion depends upon the leap of logic that because Plaintiffs resided in Michigan, Michigan law presumptively applies. *See* Defs. Mem., 2 ("resided in Michigan . . . Accordingly, Michigan law presumptively applies"). To the contrary, no apposite Indiana authority finds that the law controlling a tort claim is the law of the state in which i) no defendant resides; ii) none of the defendants' products were used, prescribed, or administered to plaintiffs; *and*, iii) none of

---

[1] *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) (citing *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987)); *see also Matter of Est. of Bruck*, 632 N.E.2d 745, 747 (Ind. Ct. App. 1994) ("A modified version of the 'significant relationship test' was adopted by the Indiana Supreme Court in *Hubbard, supra*, in the context of determining whether to apply Indiana or Illinois product liability law.").

defendants' relevant acts and activities transpired in, or were specifically targeted into, that state.[2]

It is agreed that the *lex loci delicti* rule looks to "the place of the wrong." *See* Defs. Mem., 2. In *Simon*, 805 N.E.2d at 806, that place was the state wherein a plane crashed and decedents died. *Simon* does not say that the place of injury is plaintiffs' residence—certainly not where the relevant events occurred in a different state. Indiana courts have equated the *lex loci* with "the activity,"[3] "physical harm,"[4] and/or the place where the tort was committed.[5] The state wherein the tortious activity occurred controls regardless of plaintiff's return to a different state residence.[6]

**2.  Even under Defendants' "last event" theory, Michigan is not the *lex loci*.**

The motion depends upon the fallacy that *Simon*'s discussion of "last event" means that the place of the wrong is plaintiff's residence. *See* Defs. Mem., 2. Beyond the fact that neither *Simon* nor any other case says this, Defendants' reasoning, as applied to these facts, would not recognize Michigan as the place of the wrong in any event. Defendants presume that injury occurred in Michigan solely because plaintiffs lived there—or in Julie Clem's case, she *once* lived there. Yet if presence in a state makes that state the place of injury, Julie Clem was "last" injured in North Carolina, and Linda Nelson's place of "last" injury would be both Indiana and Michigan.

---

[2] *Contrast Popovich v. Weingarten*, 779 F. Supp. 2d 891, 897 (N.D. Ind. 2011) (immediately after the "injurious impacts" language quoted by Defendants (Defs. Mem., 2), *Popovich* explains that California law applies because "Weingarten alleges that Popovich's defamatory statements were directed to members of Los Angeles's television and movie community in order to interfere with Weingarten's relationship with a member of that community").

[3] *E.g.*, *Snow v. Bayne*, 449 N.E.2d 296, 298 (Ind. Ct. App. 1983) ("All of the activity which gives rise to the tort claims occurred in Indiana.").

[4] *Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 379 (Ind. Ct. App. 2006) (law of Michigan applied where the plaintiff's decedent lived, worked, was treated for depression, and committed suicide in Michigan; in defining where the last event occurred, the court looked to the place of "physical harm") (citations omitted); *see also Judge v. Pilot Oil Corp.*, 205 F.3d 335, 336–37 (7th Cir.2000) (the last event necessary to make the defendants liable occurred where victim was shot and killed).

[5] *Eby v. York-Div., Borg-Warner*, 455 N.E.2d 623, 626 (Ind. Ct. App. 1983) (per *lex loci delicti* rule, "the law of the place where the tort was committed is the law of the resulting litigation" (collecting cases)): *Lee v. Lincoln Nat. Bank & Tr. Co.*, 442 N.E.2d 1147, 1148 (Ind. Ct. App. 1982) (where accident occurred in Indiana, Michigan residents were not bound by Michigan law and Indiana law applied).

[6] *See id.; see also, e.g., Lambert v. Yellowbird, Inc.*, 496 N.E.2d 406, 409 (Ind. Ct. App.) ("if an out-of-state plaintiff is the victim of a battery in Indiana, we apply Indiana law since the injury occurred in Indiana. The fact that the plaintiff might suffer economic injury, such as lost wages, when he returns to his home state would be irrelevant."), *clarified on other grounds on denial of reh'g*, 498 N.E.2d 80 (Ind. Ct. App. 1986).

Dr. Dean Park, of Mishawaka, Indiana, wrote four Taxotere prescriptions administered to Julie Clem in Indiana; she had a double mastectomy in an Indiana hospital and chemotherapy at an Indiana clinic.[7] From 1997-2017, she was treated by Indiana ob-gyn doctors and received nine mammograms in Indiana (PFS, 7-10 [Doc. 13581-4, PP. 8-11/32]). Defendants claim that "[t]here is no dispute that" Clem "resided in Michigan at the time of … [the] injury" and that "[a]ll forms of damage" occurred in Michigan. Def. Mem., 1, 3. This *is* disputed. Ms. Clem suffers from *permanent* bald spots in North Carolina *where she now lives*.[8] According to Defendants' argument, the place of last injury for Ms. Clem would be North Carolina, where she now lives.

Dr. Dean Park also treated Linda Nelson, and her Taxotere (Docetaxel) prescriptions were also administered at the South Bend, Indiana clinic. Defs. Ex. D [Doc. 13581-7]. Her mastectomy surgery, lab tests, cancer treatments, pharmacy, and relevant retailers were all in Indiana. Ex. 2, PFS 25. From 1999 through 2018, Ms. Nelson's ob/gyn and oncologists were Indiana doctors. *Id*., PFS 7-8, 10-12. In 2017, when she was prescribed Docetaxel, she worked in Indiana, *where she works today*. *Id*., PFS 4. Under Defendants' theory, Ms. Nelson is to this day injured in Indiana because she works in Indiana, and both Indiana and Michigan are where she is "last" injured.

**3. If Michigan law presumptively applies (which is denied), the presumption is overcome.**

Were Michigan the place of the wrong under the *lex loci* rule, which is denied, the law of Indiana would apply because that is where Defendants' drug was administered and where the relationship between plaintiffs and defendants is centered.[9] Michigan has no significant relationship to the claims because the relevant medical acts occurred outside of Michigan.

Dated: January 7, 2022                                    Respectfully submitted,

---

[7] Exhibit 1, p. 8/18, 11/18, 12/18, 14/18; PFS, 12-13 [Doc. 13581-4, PP. 13-14/32]; PFS, 13 [Doc. 13581-4, P. 14/32].
[8] PFS, 18 [Doc. 13581-4, P. 19/32]. She has received medical treatment, laboratory tests, and filled prescriptions in North Carolina since 2018. PFS, 7, 25-27 [Doc. 13581-4, PP. 8, 26-28/32].
[9] *See, e.g*., *Melton v. Stephens*, 13 N.E.3d 533, 542 (Ind. Ct. App. 2014) (even assuming place of tort (Illinois) to be insignificant contact in dispute between Indiana residents, Illinois law would still apply; the relationship between actors in collusion only came into existence through the accident in Illinois).

/s/ Gibbs Henderson
Gibbs Henderson
ghenderson@fnlawfirm.com
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

*Counsel for Plaintiffs Julie Clem and Linda Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2022, a true and correct copy of the foregoing was filed and served on all counsel of record using the Court's CM/ECF system.

/s/ Gibbs Henderson
Gibbs Henderson

4