**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                         MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                    SECTION "H" (5)

THIS DOCUMENT RELATES TO
Zosie Iacopetti, Case No. 2:17-cv-13486

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO *MIXON* ORDER AND REASONS**

MAY IT PLEASE THE COURT:

Plaintiff Zosie Iacopetti filed her case directly into the MDL pursuant to the Court's direct filing order, Pretrial Order No. 5 (Doc. 131). In doing so, Ms. Iacopetti designated the District of Oregon as the venue where remand and trial of her case is proper and where she would otherwise have filed her complaint absent the Court's direct filing order. Ex. A, Short Form Complaint ("SFC") at No. 8.[1] For cases directly filed into the MDL, like Ms. Iacopetti's case, the choice of law rules for the jurisdiction where the plaintiff would have filed in the absence of the MDL should be applied. *See* Ex. B, 1/12/2021 Order, *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, Doc. 1599 at 2 (N.D. Fla. Jan. 12, 2021).[2] As such, Oregon choice of law rules govern the determination of applicable substantive law.

Ms. Iacopetti's designated venue, Oregon, applies the "most significant relationship" test to resolve choice of law issues when (1) there is a material difference between Oregon substantive law and the law of another possible forum[3] and (2) both states' "policies and interests are vitally

---

[1] Ms. Iacopetti also stated Oregon is the state in which she alleges injury. Ex. A, Short Form Complaint at No. 5.
[2] Citing *Wahl v. General Elec. Co.*, 786 F.3d 491, 494 (6th Cir. 2015); *Axline v. 3M Co.*, No. CV 17-511, 2018 WL 4300535, at *2 (D. Minn. Sept. 10, 2018); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 610 (7th Cir. 1981).
[3] This conflict of law plainly exists here, where the available legal remedies for tort victims are in stark contrast. This Court has held the Michigan Products Liability Act barred Ms. Mixon's claim. *See* Rec. Doc. 12405.

1

involved." *Bispo v. GSW, Inc.*, 586 F. Supp. 2d 1226, 1237 (D. Or. 2008), *rev'd on other grounds*, 361 F. App'x 834 (9th Cir. 2010) (quoting *Erwin v. Thomas*, 506 P.2d 494 (1973)).  According to the Restatement, the following contacts are relevant to determine which state has the "most significant relationship" to the case: "1) the place where the injury occurred; 2) the place where the tortious conduct occurred; 3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and 4) the place where the relationship, if any, between the parties is centered." *Superior Leasing, LLC v. Kaman Aerospace Corp.*, No. CIV. 04-3099-CO, 2006 WL 3756950, at *10 (D. Or. Dec. 19, 2006) (citations omitted).

First, Ms. Iacopetti, an Oregon resident, disputes Michigan has a substantial interest in her claims.[4]  In *Dabbs v. Silver Eagle Mfg. Co.*, 779 P.2d 1104 (Or. Ct. App. 1989) *review denied Dabbs v. Silver Eagle Mfg. Co.*, 784 P.2d 1101 (Or. 1989), Tennessee residents filed a product liability claim against an Oregon corporation for an injury that occurred in Tennessee within Oregon's two-year statute of limitations, but beyond Tennessee's one-year statute of limitations. The court noted that while Tennessee's statute of limitations gives defendant a defense to plaintiffs' claim, "no Tennessee defendant will have to respond in damages" if Oregon's statute of limitations is applied.  *Id.* at 1105.  The court held Oregon law controlled: "Tennessee could have little concern whether the residents of other states are required to respond to product liability claims and would presumably have little interest in denying recovery to its own residents in other states." *Id.*  Similarly, Michigan does not have a substantial interest in protecting non-Michigan defendants here; on the other hand, Oregon has a substantial interest in protecting its residents, including Ms. Iacopetti. *See Banuelos Rios v. Ford Motor Co.*, No. 05-0019 CO, 2006 WL 2950474, at *1 (D. Or. Oct. 16, 2006) ("Oregon has a strong interest in ensuring the rights of all persons residing in

---

[4] This Court acknowledged the Michigan Legislature's interest in making prescription drugs more available to its residents.  *See* Rec. Doc. 12405 at 7.

the state…The accident may have occurred in Mexico, but the harm will be felt principally here in Oregon.").

In *Bispo v. GSW, Inc.,* plaintiff resided in California at the time that the injury occurred in California, but plaintiff resided in Oregon at the time of filing suit.  586 F. Supp. 2d at 1237. The district court analyzed whether California or Oregon law should govern and stated as follows:

> California has an interest in protecting its residents from harmful products by alleviating their burden of proof in design defect cases.  By contrast with California's approach, the rule in Oregon favors manufacturers.  The Robertshaw Defendants, however are not residents of Oregon.  Therefore, Oregon has little interest in whether California law requires that they bear the burden to prove that the benefits of the challenged design outweigh its inherent risk of danger to the consumer.  Moreover, Bispo's current residence in Oregon does not require that Oregon law apply. While Oregon has an interest in providing redress when its residents suffer wrongs, [], that policy 'cannot be offended' if the court of another state affords protection to an Oregon resident that Oregon itself does not afford.  Thus, California has the greater interest in this case.

*Id.* at 1237-38 (citations omitted).  Here, unlike in *Bispo*, Michigan does not afford similar protection to that provided in Oregon.

Even assuming *arguendo* Michigan is found to have a substantial interest, the "most significant relationship" test still results in Oregon substantive law governing Ms. Iacopetti's case. Since she became an Oregon resident in 2016, Ms. Iacopetti has continued, and will continue, to suffer persistent hair loss due to Taxotere.  The place of injury is not necessarily determinative of the law to be applied, but Ms. Iacopetti's residence should be given more weight because her injury as a result of Taxotere has for years been realized in Oregon.  *See Superior Leasing*, 2006 WL 3756950 at *9-11; *see also Bixby v. KBR, Inc.,* 895 F. Supp. 2d 1075, 1089 n 4 (D. Or. 2012). Because Oregon law, rather than Michigan law, governs Ms. Iacopetti's case, Defendants' Motion for Summary Judgment pursuant to *Mixon* should be denied.  At the very least, Oregon's choice of law test requires adjudication of material facts which should be deferred to trial.

3

DATED: January 7, 2022                    Respectfully submitted,

                                          /s/ Claire E. Berg
                                          M. Palmer Lambert (#33228)
                                          Claire E. Berg (#37029)
                                          GAINSBURGH, BENJAMIN, DAVID,
                                          MEUNIER & WARSHAUER L.L.C.
                                          2800 Entergy Centre
                                          1100 Poydras Street
                                          New Orleans, LA 70163
                                          Phone: (504) 522-2304
                                          Fax: (504) 528-9973
                                          plambert@gainsben.com
                                          cberg@gainsben.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                          /s/ Claire E. Berg
                                          Claire E. Berg