UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br>*Denise Ericks, on behalf of decedent Stefanie Mauk, v. Sanofi U.S. Services, Inc., et al.*<br>Civil Action No.: 2:17-cv-13431 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
AND MEMORANDUM IN SUPPORT FOR SUMMARY JUDGMENT
PURSUANT TO *MIXON* ORDER AND REASONS**

Plaintiff responds in opposition to Defendants' Motion for Summary Judgment pursuant to *Mixon* Order and Reasons and their associated Memorandum in Support.

I. **Michigan Law Does Not Apply to Bar Plaintiff Denise Ericks' Claims On Behalf of Decedent Stefanie Mauk Under Illinois Choice of Law Rules.**

Plaintiff does not dispute that at the time of her cancer treatment that decedent Stefanie Mauk resided in Michigan. Plaintiff, however, disputes that Michigan law presumptively applies because Illinois has a more significant relationship than Michigan to overcome any Michigan law choice of law presumption.

II. **The Second Restatement's Factual Contacts and Connecting Factors Demonstrate Illinois Has a More Significant Relationship to Overcome Any Michigan Choice of Law Presumption.**

The Second Restatement Section 145 factors listed in Defendants' Motion[1] were at issue in a case where the court evaluated choice of law issues related to a Michigan resident Plaintiff

---

[1] Defendants' Memorandum in Support of Motion for Summary Judgment pursuant to Mixon Order and Reasons, Doc. 13584-1, 3.

(Smith) that had sued the I-Flow company for injuries from use of a pain pump. *Smith v. I-Flow Corp.*, 753 F.Supp.2d 744 (N.D. Ill. 2010). The court noted that "[t]he two most significant contacts in a tort case are the place where the injury occurred and the place where the conduct causing the injury occurred." *Id.* at 747-748. In *Smith*, Plaintiff was a resident of and underwent a surgery that included the pain pump in Michigan. I-Flow was headquartered in California where the company's corporate decisions, marketing, and distribution occurred. The *Smith* court found that the domicile factor did not point to any one state because Plaintiff was a Michigan resident and I-Flow's principal place of business was in California. *Id.* at 747. Similarly, the *Smith* court found that the relationship between Smith and I-Flow was centered in Michigan where Smith had her surgery. *Id.*

In this case, Plaintiff disputes that decedent Mauk's injury necessarily occurred in Michigan since the cause of decedent's injury was her docetaxel treatment that occurred in Illinois. *See* Rec. Doc. 1 (Short Form Compl. ¶ 5). Decedent Stefanie Mauk was prescribed docetaxel and treated with it from September 2013 through February 2014 at the Cancer Treatment Center of America ("CTCA") in Zion, Illinois under the direction of oncologist Dr. Rakhshanda Neelam, MD.[2] To receive treatment from Dr. Neelam and CTCA, decedent Mauk made the deliberate decision to travel by train 3 ½ hours each way from her home in Kalamazoo to Zion, Illinois and back, and someone had to accompany her each time.[3] Current one-way train tickets from Kalamazoo, MI to Zion, IL cost a considerable amount, and range from $24-$45.[4]

All of decedent Mauk's personal contacts with the docetaxel product and her treatment

---

[2] Ex. A, Affidavit of Denise Ericks, 1.
[3] Id.
[4] Id.

were in Illinois. Indeed, the only contact decedent Mauk had with Defendants' product was centered in Illinois where she was prescribed and administered all her docetaxel treatments. The CTCA facility and doctor, time, and expense devoted to decedent Mauk's cancer treatment demonstrate a deliberate, calculated decision and purpose to receive treatment in Illinois. Decedent Mauk's deliberate decision to receive treatment in a location 3 ½ hours away makes Illinois the most important nexus of contact with regards to this choice of law evaluation. Furthermore, Plaintiff has claimed that the Northern District of Illinois is the proper venue in her Short Form Complaint since her case was filed in 2017.[5]

Similar facts between this case and *Smith* yield similar results. Here, decedent Mauk and Defendants have different domiciles. Mauk had her docetaxel prescription and administration 3 ½ hours from her Michigan residence in Illinois. Illinois is the state where all of decedent Mauk's contacts with Defendants and the docetaxel product occurred. Any relationship between Mauk and Defendants occurred in Illinois and not in Michigan.

Illinois, therefore, has the most significant relationship to Plaintiff's claims.

The facts related to decedent Mauk's cancer treatment in Illinois must be evaluated with respect to the choice of law issue here and the character of Defendants' tortious conduct in causing her PCIA. These facts here are material because they give weight to the Second Restatement's factors and lean towards a factfinder deciding against the movants.

WHEREFORE, since there is a genuine issue of material fact with regards to the most significant relationship for choice of law purposes, the court should deny Defendants' Motion for Summary Judgment.

---

[5] Rec. Doc. 1 (Short Form Compl. ¶ 8).

Dated January 7, 2022                                  Respectfully submitted,

                                                       /s/ *Nathan Buttars*
                                                       Nathan Buttars (UT Bar 13659)
                                                       **LOWE LAW GROUP**
                                                       6028 S. Ridgeline Dr., #200
                                                       Ogden, UT 84405
                                                       Tel: 801-917-8500
                                                       Fax: 801-917-8484
                                                       E: nate@lowelawgroup.com
                                                       *Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

     I hereby certify that January 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED: January 7, 2022                                            /s/ *Nathan Buttars*