UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO *Desiree Griffin, Case No. 2:17-cv-10465* | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER *MIXON* ORDER AND REASONS**

MAY IT PLEASE THE COURT:

Plaintiff Desiree Griffin filed her case directly into the MDL pursuant to the Court's direct filing order, Pretrial Order No. 5 (Doc. 131). In doing so, Ms. Griffin designated the District of Illinois as the venue where remand and trial of her case is proper and where she would otherwise have filed her complaint absent the Court's direct filing order. Ex. A, Short Form Complaint ("SFC") and No. 8. For cases directly filed into the MDL, like Ms. Griffin's case, the choice of law rules for the jurisdiction of where plaintiff would have filed in the absence of the MDL should be applied. *See* Ex. B, 1/12/2021 Order, *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, Doc. 1599 at 2 (N.D. Fla. Jan. 12, 2021).[1] Illinois choice of law rules govern, this is not disputed. *See* Defendants' Motion for Summary Judgment, p. 2.[2]

Moreover, Plaintiff's cancer treatment determined with her healthcare providers and the resulting prescriptions and infusions of Defendants' drugs Taxotere/docetaxel all occurred in Illinois, which is where Ms. Griffin designated as her place of injury in her SFC. *See* Ex. C (excerpt of Plaintiff's medical record production) and Ex. A, SFC, No. 5. Under Illinois law, a

---

[1] Citing *Wahl v. General Elec. Co.*, 786 F.3d 491, 494 (6th Cir. 2015); *Axline v. 3M Co.*, No. CV 17-511, 2018 WL 4300535, at *2 (D. Minn. Sept. 10, 2018); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 610 (7th Cir. 1981).

[2] To resolve choice of law issues, Illinois considers the principles set forth in sections 6 and 145 of the Restatement (Second) of Conflicts of Laws (Second Restatement), which employs the "most significant relationship test." *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 901 (Ill. 2007).

1

strong presumption that the law of the state where the injury occurred governs in a personal injury case. *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744, 746 (N.D. Ill. 2010). This strong presumption "'may be overcome only by showing a *more* or *greater* significant relationship to another state." *Perkinson v. Courson*, 97 N.E.3d 574, 587 (Ill. 2018), *citing Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893 (Ill. 2007) (Emphasis in original). Defendants do not attempt to rebut this presumption; instead, they argue that the alleged injury occurred six months after Ms. Griffin's last infusion, at which time she was a Michigan resident, so Michigan law should apply. This narrow interpretation is inapposite of the applicable case law and ignores the balance of the factors relevant in this case.

Section 145(2) of the Second Restatement applies the following factors when determining which state's laws apply: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, in any, between the parties is centered." Factors (a), (b) and (c) clearly weigh in favor of Illinois. Factor (c), the residence of each of the parties, even weighs in favor of Illinois given that one of the Defendants, Hospira, is an Illinois company (which defendants ignore).

This is a failure to warn case. Defendants had a duty to warn Ms. Griffin's healthcare providers and Ms. Griffin of the side effects associated with Taxotere/docetaxel. All of Ms. Griffin's healthcare providers involved in determining and providing her cancer treatment were in Illinois; the discussion between Ms. Griffin and her doctor about her treatment plan occurred in Illinois; and Illinois is where Ms. Griffin received her infusions of Defendants' drugs. (Ex. C.) Defendants' alleged failure to warn manifested in that doctor's office in Illinois, both at the time Ms. Griffin's doctor prescribed Taxotere/docetaxel to Ms. Griffin, as well as during the

previous eight (8) years when Defendant Sanofi's sales representatives visited the healthcare providers' at least 105 times. (Ex. D, Sanofi's Defense Fact Sheet.) See *In re Depakote*, 2017 WL 4756452, at *2 (S.D. Ill. Oct. 20, 2017) (Maryland law applies because the failure to warn occurred in Maryland and most of the plaintiff's exposure to defendant's drug occurred in Maryland).

This failure to warn resulted in a treatment plan that included infusions of Taxotere/docetaxel, the drug that allegedly caused Ms. Griffin's injury, all of which occurred in Illinois. Under Illinois law in a failure to warn case, the injury occurs at the time and place of the prescribed medical treatment even if the alleged injury does not become clear until a later time. In *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744, 746 (N.D. Ill. 2010), the plaintiff received a continuous injection of a drug into her shoulder via a pain pump, just like Griffin received a series of injections of the drug Taxotere via chemotherapy. In *Smith v. I-Flow Corp.*, even though the plaintiff's injury was the severe deterioration of her cartilage, which happened over time, the court found that plaintiff's injury occurred when the medical treatment (insertion of the pain pump) took place. *Id*.  Here, Defendants' argument that Ms. Griffin's injury did not occur until six months after her last treatment of Taxotere/docetaxel fails because it is inconsistent with the applicable case law, ignores other relevant facts, and relies on disputed facts.[3]

Defendants' Motion for Summary Judgment pursuant to *Mixon* should be denied.  At the very least, Illinois' choice of law test requires adjudication of material facts which should be deferred to trial.

---

[3]Per her SFC, Ms. Griffin alleges that the "[n]ature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury: Disfiguring permanent alopecia beginning sometime after treatment with Taxotere (docetaxel) and continuing to present."  No additional discovery other than the PFS and DFS has occurred in this case.  At a minimum, additional discovery including depositions of the plaintiff, her healthcare providers and other relevant fact and expert witnesses is needed to present facts essential to oppose this Motion for Summary Judgment.  (Ex. E, Rule 56(d) Declaration of Karen Barth Menzies.)

3

Dated: January 7, 2022            Respectfully submitted,

By: */s/ Karen Barth Menzies*
    Karen Barth Menzies (*pro hac vice*)
    Simone White (Cal. Bar No. 331627)
    **GIBBS LAW GROUP LLP**
    505 14th Street, Suite 1110
    Oakland, CA 94612
    Telephone: (510) 350-9700
    Facsimile: (510) 350-9701
    Email: kbm@classlawgroup.com
           slw@classlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Karen Barth Menzies*
Karen Barth Menzies