**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Elizabeth Kahn vs. Sanofi S.A., et al.*
*Case No. 2:16-cv-17039*

### PLAINTIFF ELIZABETH KAHN'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS [REC. DOC. 13630]

Plaintiff, Elizabeth Kahn, filed her lawsuit against Defendants, Sanofi Aventis U.S. LLC and Sanofi Aventis U.S. Services Inc. (herein after "Sanofi") by way of long form complaint into the *Taxotere (Docetaxel) Products Liability Litigation,* MDL 2740 on or about December 9, 2016. Plaintiff's case was initially selected for inclusion within the bellwether trial pool for Phase I discovery.  At the completion of Phase I discovery, Ms. Kahn's case was ultimately selected by this court to serve as a bellwether trial case.  In preparation for trial, Ms. Kahn's case underwent Phase II discovery which entailed numerous depositions as well as expert discovery.  Prior to trial in this matter, extensive motion practice was held including both general and case-specific *Daubert* motions and various motions for summary judgment filed by Sanofi, including but not limited to, three motions seeking summary judgement on the basis of statute of limitations alone. These motions were denied and Ms. Kahn's case proceeded to trial on November 8, 2021.  Following a two-week trial, a defense verdict was rendered on November 18, 2021 and a judgment entered in favor of Defendants on November 22, 2021 (Rec. Doc. 13447).  On December 20, 2021, Ms. Kahn filed a notice of appeal (Rec. Doc. 13599) which is currently pending.  Defendants now seek to tax Ms. Kahn with a sum of

1

$108,169.62.  Plaintiff submits than an award of such costs is unwarranted, is not properly supported, and premature and should therefore be denied.

## LAW AND ARGUMENT

"[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). According to the Fifth Circuit, a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the following factors is met: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).   Here, it is not in dispute that Ms. Kahn filed her lawsuit in good faith.  It is also clear that Ms. Kahn meets at least four of the five factors which warrant denial of costs in this matter.

First, Ms. Kahn is not in a financial position that affords her the ability to pay excessive costs such as those sought by Sanofi, including for depositions of witnesses not called at trial by either party.  Ms. Kahn works as a school librarian and will be retiring at the close of the 2022 school year. The costs sought by Sanofi substantially outweigh Ms. Kahn's current income and her soon to be future fixed income.  Factor one weighs in favor of denying costs in this matter as the enforcement of such costs would place an undue financial burden upon Ms. Kahn who filed her lawsuit in good faith.

Secondly, Ms. Kahn's case presented complex legal issues in an MDL bellwether setting regarding general causation and specific causation, sufficiency of the pharmaceutical drug's labeling in light of the LPLA and warnings causation, and whether reasonably safer alternatives existed which

could have provided a different outcome. These complex issues required the presentation of testimony by approximately five different experts covering various fields of specialty including: regulatory, oncology, general causation, statistics, and specific causation. Each of these experts was challenged by Sanofi  with countervailing evidence presented to the jury. The outcome of these issues was neither certain nor guaranteed as evidenced by this Honorable Court denying Daubert challenges and finding summary judgment inappropriate in light of genuinely disputed facts on these very issues. Additionally, Ms. Kahn's claims that Taxotere caused her permanent chemotherapy induced alopecia were supported by Sanofi's own internal documents as set forth by the 2015 Hangai analysis and their global safety officer Dr. Palatinsky's acknowledgment in January 2007 that permanent alopecia should be reflected as a risk of Taxotere specifically in an informed consent form. These close and difficult legal and factual issues could have been resolved in favor of either party at trial.

Third, Ms. Kahn's case confers a substantial benefit to the public, this Court, and the parties. By being willing to serve as a bellwether trial plaintiff in MDL 2740, Ms. Kahn has advanced the goals for which complex multidistrict litigations are routinely established. The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997). As explained by the Manual for Complex Litigation, the benefits and costs of bellwether trials are not the same as in a single plaintiff case:

> If individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. Some judges permit the plaintiffs and defendants to choose which cases to try initially, but this technique may skew the

information that is produced. To obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of cases. Test cases should produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis, and what range of values the cases may have if resolution is attempted on a group basis.

Ms. Kahn's case was selected by this Honorable Court, in part, on its representativeness of the claims presented by other plaintiffs within this MDL. Plaintiff's participation was Ordered by the Court and was designed to benefit this MDL's evaluation of common pretrial proceedings. By proceeding to trial in this matter, Ms. Kahn assisted the advancement of this MDL in providing meaningful information which will be considered when the parties evaluate the prospects of settlement and/or remand. Sanofi, the 505(b)(2) defendants and the remaining plaintiffs in this MDL will use the information gleaned through the litigation of Ms. Kahn's case to their advantage in reaching a final resolution. It would be unfair to require Ms. Kahn to shoulder the entire financial burden while providing such advantage to all involved in the MDL. This Court has the inherent authority to allocate costs equitably to prevent the heavy onus of common issue costs falling solely on an individual bellwether plaintiff's shoulders.

Lastly, Sanofi has enormous financial resources, which it has used to its advantage in defending this litigation and in preparing for Ms. Kahn's trial. Sanofi is a multinational pharmaceutical corporation, which, based on current public financial disclosures, reported over $2 billion in profit on of over $10 billion in revenue last year, and whose market capitalization is nearly $130 billion. Sanofi will not be unduly burdened by the costs it chose to expend in litigating the Kahn matter in this MDL setting. Sanofi's willingness to spare no expense is evidenced by Exhibit A to their motion for costs in this matter. A review of their submissions reveals that Sanofi elected

to take a total of twenty-eight depositions in this matter.  Roughly fourteen of those deposition transcripts were requested on an expedited basis and one was requested for same day turn around, and many depositions involved imposition of other costs, such as costs for rough copies and other services.  Although Sanofi elected to only submit testimony of one of their experts, Dr. John Glapsy, Sanofi provided Dr. Glaspy with first class airfare for one of his flights and excessive ground transportation costs.   A prevailing party is not entitled to reimbursement for costs such as expedited transcripts or witness fees and allowances in excess of that permitted by 28 U.S.C.A. § 1821. *Fogleman v. ARAMCO (Arabian Am. Oil Co.*, 920 F.2d 278, (5th Cir. 1991).

Sanofi's request for taxation of costs in this matter should be denied given Ms. Kahn's lawsuit was filed in good faith and four of the Fifth Circuit's factors that warrant denial of costs clearly are met, even when only one factor is necessary to merit denial of costs.

## **CONCLUSION**

Given the totality of the circumstances of this bellwether matter in the Taxotere MDL, Ms. Kahn respectfully requests that this Court employ its vast discretion and equitable powers to deny costs to Defendants in light of Ms. Kahn meeting four factors for which the Fifth Circuit has deemed denial appropriate. Alternatively, if the Court elects to exercise its discretion to award any costs, Ms. Kahn respectfully asks that the Court disallow any excessive costs in violation of 28 U.S.C.A. § 1821 and/or reduce costs to an amount that does not pose a personal financial hardship to Ms. Kahn. In the alternative, the fact that Plaintiff Kahn's appeal remains pending indicates that the instant costs assessment motion is not ripe for consideration, and the interests of equity and judicial economy would be best served by delaying a ruling on the instant motion until any appeal from the judgment is resolved.

Dated: January 10, 2022                    Respectfully submitted,


*/s/ Christopher L. Coffin*                   */s/ Karen B. Menzies*
Christopher L. Coffin (#27902)           Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.    GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225            6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163              Los Angeles, California 90045
Phone: (504) 355-0086                      Telephone: 510-350-9700
Fax: (504) 355-0089                        Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                    kbm@classlawgroup.com

*Plaintiffs' Co-Lead Counsel*               *Plaintiffs' Co-Lead Counsel*

*/s/M. Palmer Lambert*                      */s/Dawn M. Barrios*
M. Palmer Lambert (#33228)               Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID        BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC           701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street   New Orleans, LA 70139
New Orleans, LA 70163-2800               Phone: 504-524-3300
Phone: 504-522-2304                        Fax: 504-524-3313
Fax: 504-528-9973                          barrios@bkc-law.com
plambert@gainsben.com

                                           *Plaintiffs' Co-Liaison Counsel*

*Plaintiffs' Co-Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Anne Andrews                               Abby E. McClellan
Andrews & Thornton                         Stueve Siegel Hanson LLP
4701 Von Karman Ave., Suite 300           460 Nichols Road, Suite 200
Newport Beach, CA 92660                   Kansas City, MO 64112
Phone: (800) 664-1734                      Phone: (816) 714-7100
aa@andrewsthornton.com                    Fax: (816) 714-7101
                                           mcclellan@stuevesiegel.com


J. Kyle Bachus                             Karen Barth Menzies
Bachus & Schanker, LLC                     Gibbs Law Group LLP
101 W Colfax Ave, Suite 650                6701 Center Drive West, Suite 1400
Denver, CO 80202                           Los Angeles, CA 90045 Phone:
Phone: (303) 222-2222                      510-350-9700
Fax: (303) 893-9900                        Fax: 510-350-9701
kyle.bachus@coloradolaw.net                kbm@classlawgroup.com


Lawrence J. Centola, III                   David F. Miceli
Martzell, Bickford & Centola               David F. Miceli, LLC

6

338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC
655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin
P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

7

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT