## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| This document relates to: | ) | |
| Clare Guilbault, 16-1706 | ) | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Her Opposition to Hospira's Motion for Summary Judgment Based on the Learned Intermediary Doctrine (Doc. 13190). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Hospira, Inc. and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. (collectively, "Hospira" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the second was held in November 2021.[2]

---

[1] Docetaxel is the generic version of Taxotere.
[2] The second trial was continued due to the COVID-19 pandemic.

In May 2020, the Court selected Plaintiff Clare Guilbault to proceed with discovery in preparation for the fifth bellwether trial.[3] Hospira filed its Motion for Summary Judgment Based on the Learned Intermediary Doctrine on April 30, 2021. On May 12, 2021, Plaintiff filed her Opposition. The original submission date was May 19, 2021, but by agreement of the parties, the Court extended the submission date and held oral argument on May 26, 2021. On August 11, 2021, Plaintiff Guilbault filed the instant Motion. Hospira opposes.

## LAW AND ANALYSIS

Local Civil Rule 7.2 provides that a motion's submission date "is the date a motion is deemed submitted to the court for decision and after which no further briefing will be allowed, except with prior leave of court."[4] Local Civil Rule 7.5 further provides that "[i]f the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum."[5] Federal Rule of Civil Procedure Rule 6(b) governs the extension of deadlines and provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[6]

Plaintiff's request to file supplemental evidence in opposition to Hospira's motion for summary judgment comes more than two months after Hospira's motion was submitted to the court. As Hospira notes, Plaintiff's motion does not attempt to provide any excusable neglect that justifies the late

---

[3] The Court selected three other Plaintiffs as well—Debbie Hubbard, Audrey Plaisance, and Lula Gavin. *See* Doc. 10461 (Case Management Order No. 26).
[4] LR 7.2.
[5] LR 7.5.
[6] FED. R. CIV. P. 6(b)(1)(B).

filing of the evidence. Accordingly, this Court finds that no good cause exists to extend the deadline in order to allow Plaintiff to file the supplemental evidence.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion for Leave to File Supplemental Evidence (Doc. 13190) is **DENIED**.

New Orleans, Louisiana, this 11th day of January, 2022.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE