UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 16-2740**<br><br>*This document relates to:*<br>Audrey Plaisance, Case No. 2:18-cv-08086 |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL PLEADING IN OPPOSITION
TO HOSPIRA'S MOTION FOR SUMMARY JUDGMENT BASED
ON THE STATUTE OF LIMITATIONS**

Plaintiff's motion for leave to file a supplemental Opposition to Hospira's Motion for Summary Judgment on the Statute of Limitations is procedurally improper because she has failed to demonstrate good cause. Additionally, the "new information" that purportedly supports Plaintiff's opposition has no bearing on the *contra non valentem* analysis articulated by the Fifth Circuit in *Thibodeaux*. *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux/ Francis/ Johnson) ("Thibodeaux")*, 995 F.3d 384 (5th Cir. 2021). Thus, Plaintiff's motion should be denied.

**I.   Background.**

Pursuant to Case Management Order 14M, Hospira filed its Motion for Summary Judgment on November 12, 2021. ECF No. 13387. Plaintiff filed her Opposition on December 7, 2021. ECF No. 13500. By leave of Court, Hospira filed a Reply on December 21, 2021. ECF No. 13640.

By agreement of the parties, Hospira's dermatology expert, Dr. Julian Mackay-Wiggan, served her expert report on November 22, 2021. Plaintiff deposed her on December 17, 2021.

**II.   Plaintiff's supplemental pleading is procedurally improper.**

Local Rule 7.4 provides that "[m]emoranda may not be supplemented, except with leave of court." LR 7.4. Rule 6(b) of the Federal Rules of Civil Procedure states that if the deadline for submitting motion papers has expired, a Court "may, for good cause, extend the time . . . if

the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The standard [for excusable neglect] is strict and requires more than ignorance, carelessness, or negligence." *Jonesfilm v. Hoffman, et. al.*, No. 11-CV-1994, 2012 WL 1804681, at *1 (E.D. La. May 17, 2012) (citation omitted). There is no excusable neglect here. Plaintiff contends that because the deposition of Dr. Mackay-Wiggan took place after the original opposition submission deadline, filing of this supplemental pleading is proper. However, Plaintiff cites no new case law nor previously unavailable information. Indeed, Dr. Mackay-Wiggan's deposition testimony was consistent with the opinions expressed in the report she served on Plaintiff over *two weeks* before Plaintiff filed her Opposition. Thus, Plaintiff's motion should be denied.

**III.    Plaintiff's supplemental pleading does not defeat Hospira's motion.**

Even if Plaintiff's supplemental pleading were proper, it ignores established law and does not give rise to a material factual dispute.

Plaintiff's Supplemental Opposition barely mentions the Fifth Circuit's decision in *Thibodeaux*. But under that controlling precedent, the prescription period in Plaintiff's case began to run in September 2014—six months after she completed chemotherapy—and her claim was prescribed by September 2015. *Thibodeaux*, 995 F.3d 390; Hospira Mem. Supp. Mot. Summ. J. Re Statute of Limitations ("Br."), ECF No. 13387-1 at 6-7. Plaintiff nevertheless suggests that her claim is not time-barred because "it is unreasonable to require her, a layperson, to determine she had experienced PCIA or that docetaxel caused that PCIA." Pl. Mem. Supp. Mot. for Leave to File ("Pl. Mem."), ECF No. 13658-2 at 2. Louisiana law, however, does not require a plaintiff to determine she experienced PCIA caused by docetaxel before filing a complaint. *Thibodeaux*, 995 F.3d at 392 ("Plaintiffs are not entitled to wait to sue until they are certain of what and/or who caused their injury."). Instead, it mandates that once her hair loss persisted for six months past completion of chemotherapy, Plaintiff should have exercised reasonable diligence and considered docetaxel as a potential cause of her injury. *Id.* at 392-93 (citation omitted). Had she done so, a "reasonable inquiry would have uncovered at least some information that linked [docetaxel] to persistent alopecia." *Id.* at 394. Plaintiff, though, did no

2

such thing—she sought treatment for her condition but never inquired into the cause. Br. at 7. Thus, *contra non valentem* does not apply, and her claim is prescribed.

Plaintiff further argues that because Dr. Mackay-Wiggan "is not familiar with all the publicly available information [on PCIA and docetaxel] . . . [Plaintiff] cannot be expected to be familiar with the same information. … [Plaintiff] certainly cannot have been expected to conclude, or even suspect, that such an association existed years before litigation involving Docetaxel began." Pl. Mem. at 4.[1]  Plaintiff's argument suffers from two flaws. *First*, Dr. Mackay-Wiggan's knowledge of specific Facebook groups or any particular article has nothing to do with whether *Plaintiff* conducted a reasonable inquiry into the cause of her own alleged injury. *Second*, Plaintiff implies that she was under no obligation to undertake a reasonable inquiry until she saw attorney advertisements. This argument has been repeatedly rejected by this Court and the Fifth Circuit. *See, e.g., In re Taxotere (Docetaxel) Prods. Liab. Litig. (Johnson)* (July 19, 2019), ECF No. 7571, at 6; *Thibodeaux*, 995 F.3d at 394-95.

Plaintiff's passing attempt to distinguish her case from the Fifth Circuit's *Thibodeaux* opinion similarly falls flat. She implies that *Thibodeaux* is not binding on her because the Fifth Circuit did not analyze the alleged impact of "defendants' expert opinions" on *contra non valentem*. Pl. Mem. at 3 n.1. This is a distinction without a difference. In *Thibodeaux*, the Fifth Circuit rejected appellants' assertions that a factual dispute existed because their healthcare providers did not know docetaxel could cause permanent hair loss prior to this litigation. *Thibodeaux*, 995 F.3d at 394-95. It concluded that "[w]hen these parties actually knew that Sanofi was a potential cause of their injury is not the question." *Id.* The same reasoning applies here.[2] Again, the question is not what Dr. Mackay-Wiggan knew or when. Rather, the focus is

---

[1]  Plaintiff repeatedly mischaracterizes Dr. Mackay-Wiggan's testimony. But, as explained herein, this is of no moment because Dr. Mackay-Wiggan's testimony has no bearing on prescription.

[2]  Dr. Mackay-Wiggan is even further removed from any *contra non valentem* analysis than the Plaintiff's healthcare providers because Plaintiff never sought treatment from her.

on *the plaintiff*, who "must display diligence in discovering the cause of unexpected injuries arising from their treatment." *Id.* at 394. Plaintiff did not do so. Therefore, her claim is prescribed.

Finally, Plaintiff's discussion on page 3 of Dr. Matherne and his testimony is an explicit (and improper) rehash of her arguments in her Opposition filed on December 7. Pl. Mem. at 3. By definition, those arguments are not new and do not meet the "excusable neglect" standard. Hospira respectfully refers the Court to its Reply, ECF No. 13640, and supporting papers for its Reply to Plaintiff's arguments concerning Dr. Matherne.

For the foregoing reasons, the Court should deny Plaintiff's motion.

Date: January 12, 2022

Respectfully submitted,

*/s/ Heidi K. Hubbard*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: 202-434-5000
hhubbard@wc.com

John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Phone: 504-858-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                            /s/ *Heidi K. Hubbard*