**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 |
|  | : | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| **Cases listed in Pls.' Exhibit A (Rec. Doc. 13580-4)** | : : |  |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

Based on the reasoning in the Court's recent Order and Reasons in *Plaisance* (Rec. Doc. 13685), there is no dispute that New Jersey's choice-of-law rules apply to each of the claims of the Plaintiffs in Exhibit A[1]—each of whom selected the District of New Jersey as the remand venue, and where each would have filed suit.  There is also no dispute that application of New Jersey's choice-of-law rules (the "most significant relationship test"—the same test as in *Plaisance*) would select Michigan law, based on the reasoning in *Plaisance*.

Here, as in *Plaisance*, each plaintiff was prescribed, administered, and allegedly injured by docetaxel in her state of residence (here, Michigan)—causing the Restatement's presumption, first, and fourth contact factors to each favor applying Michigan law.  By contrast, under the Court's *Plaisance* reasoning, only the second contact factor weighs in favor of New Jersey law,[2] and the Plaintiffs' and Defendants' different residences make the third contact neutral.  Weighing all, this Court found the law of the state of injury (residence, prescription, and administration) applied, and

---

[1] Rec. Doc. 13580-4 (Ex. A to Pls.' Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).

[2] Though acknowledging the Court's reasoning that certain decision-making regarding docetaxel products and warnings took place at Defendants' headquarters, Defendants certainly maintain that certain conduct in the states where the medicine was administered—including research and reasoning by prescribing physicians, discussions between plaintiffs and healthcare providers, and Plaintiffs' use or nonuse of adequate available information, including drug labels—contributed to causing Plaintiffs' alleged injuries.

the same result is warranted here.  Because Michigan law applies to each of the lawsuits in Exhibit A, the Court should grant Defendants' motion and dismiss those lawsuits, as it did in *Mixon*.

In their opposition, Plaintiffs invite the Court to jettison "ordinary choice-of-law practices"—including New Jersey's choice-of-law rules—and simply conclude that New Jersey law applies to all Plaintiffs claiming venue in the District of New Jersey.  Plaintiffs inaptly analogize their 15 cases, all from Michigan and filed separately in federal court, to the 532 New Jersey state-court cases in *In re Accutane*, brought by plaintiffs from 45 different jurisdictions and consolidated in a Multicounty Litigation (MCL).  Unlike in a federal MDL, judges presiding over New Jersey MCLs try all cases consolidated in their courts, without remand and regardless of origin[3]—enhancing MCL courts' interest in applying uniform law to all claims.  Defendants have not found (and Plaintiffs do not identify) a single case citing *In re Accutane* to apply New Jersey law to out-of-state plaintiffs' claims outside of an MCL context, including any federal case.  Yet many courts have done the opposite.  *See*, *e.g.*, *Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 776 (N.J. 2007) (declining to apply New Jersey law to an individual Michigan plaintiff claiming injury from Accutane); *Wagner v. Catalent Pharm. Sols., LLC*, 2019 WL 1746308 (D.N.J. Apr. 18, 2019) (finding Kentucky law governed Kentucky resident's claims of injury in Kentucky against New Jersey defendant under *In re Accutane* and Restatement); *Walters v. Safelite Fulfillment, Inc.*, 2021 WL 1712261 (D.N.J. Apr. 30, 2021) (*citing In Re Accutane* and applying Connecticut law).  This Court should decline Plaintiffs' invitation to depart from this trend.

## CONCLUSION

For the foregoing reasons and those set out in Defendants' moving brief, the Court should grant Defendants' motion and dismiss the claims of these 15 Plaintiffs with prejudice.

---

[3] *See* Brian R. Marinotti, *Complex Litigation in New Jersey and Federal Courts*, 44 LOYOLA U. L. J. 561, 570-71 & n.52 (2012).

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:     504.310.2100
Facsimile:     504.310.2120
Email:         dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:     816.474.6550
Facsimile:     816.421.5547
Email:         hratliff@shb.com
               abyard@shb.com
               jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi
U.S. Services Inc.*


*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:     678.553.2100
Facsimile:     678.553.2100
Email:         merrellc@gtlaw.com
               holdene@gtlaw.com
               insognan@gtlaw.com

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:      504.581.3234
Facsimile       504.566.0210
Email:          debbie.rouen@arlaw.com
                paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:      216.592.5000
Facsimile:      216.592.5009
Email:          julie.callsen@tuckerellis.com
                brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*


*/s/ Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:      202.434.5000
Facsimile:      202.434.5029
Email:          rmoore@wc.com
                hhubbard@wc.com
                nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:    504.858.7000
Facsimile:    504.585.7075
Email:        olinde@chaffe.com
              rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide,*
*LLC formally d/b/a Hospira Worldwide, Inc., and*
*Pfizer, Inc.*

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:    617.213.7000
Facsimile:    617.213.7001
Email:        gcoan@hinshawlaw.com
              kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc.*
*f/k/a Caraco Laboratories, Ltd.*

*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:    513.698.5064
Facsimile:    513.698.5065
Email:        msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and*
*Actavis LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

<u>/s/ *Douglas J. Moore*</u>