# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "N" (5) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| *Julie Clem v. Sanofi US Services Inc., et al., No. 2:18-cv-13853* | : : : |  |
| *Robin Milligan v. Sanofi-Aventis U.S. LLC, et al., No. 2:18-cv-11977* | : : : |  |
| *Linda Nelson v. Hospira, Inc.*, No. 2:18-cv-8400 | : : : |  |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
## SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS

Plaintiffs Clem and Nelson[1] do not dispute that Indiana determines choice of law according to the *lex loci delicti* rule, which provides that "the court applies the substantive laws of the state where the last event necessary to make an actor liable for the alleged wrong takes place."[2] *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 896 (N.D. Ind. 2011) (citing *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004)).

Applying the *lex loci delicti* rule, the "last event necessary" in Plaintiffs' cases took place in Michigan.  Like all Plaintiffs in MDL 2740, Plaintiffs Clem and Nelson define their injury as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[3] As this Court has repeatedly ruled, this injury occurs six months after treatment, at which time a

---

[1]  It appears that Plaintiff Robin Milligan, Case No. 2:18-cv-11977, has not opposed Sanofi's Motion for Summary Judgment.  Accordingly, opposition is waived, and dismissal is warranted.
[2]  *See* Rec. Doc. 13669 at 1-2 (Pls.' Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).
[3]  Rec. Doc. 4407 at ¶ 181 (Pls.' 2nd Am. Compl.).

Plaintiff's claims accrue and, absent tolling, limitations begin to run.[4]   According to Plaintiffs' own allegations, then, the "last event necessary" for liability in these cases was not Plaintiffs' prescription or administration of docetaxel in Indiana, but their alleged incomplete hair regrowth in Michigan six months after treatment had ended.   At most, Plaintiffs' infusions with docetaxel while temporarily present in Indiana were a *cause* of the injury and harms they later suffered in Michigan; the infusions were not injuries or harms themselves.[5]   On these facts, the "last event necessary" occurred in Michigan, so Michigan law applies and the Court should grant Defendants' motion for summary judgment here, as it did in *Mixon*.

Plaintiffs' Opposition appears to be premised on a misapprehension of the "last event necessary" for potential liability to arise.[6]   Further, the cases cited by Plaintiff analyzing the "last event necessary" support application of Michigan law.   As in *Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 379 (Ind. Ct. App. 2006), Michigan law applies here because it is where Plaintiffs lived and suffered emotional and physical harm.   Likewise, in *Judge v. Pilot Oil Corp.*, 205 F.3d 335, 336–37 (7th Cir.2000), Indiana law was applied because that's where the victim was harmed, notwithstanding that the alleged causes of harm took place earlier in Utah.

Plaintiffs' allusions to a subsequent relocation to North Carolina (Clem) or time spent in Indiana (Nelson) are inapposite.   Indiana courts do not look to the place of most recent injury or most recent harm—they look to the locus of the last <u>event</u> that was <u>necessary</u> for a Plaintiff to state

---

[4]  *See, e.g.*, Rec. Doc. 10833 at 2 (Order and Reasons Granting Mot. for Summ. J. Based on Statute of Limitations) ("[t]his Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy.").

[5]  Defendants do not suggest that a Plaintiff's fleeting presence in one jurisdiction or another on the precise date six months after their final docetaxel infusion should determine the substantive law that governs their claims.  A Plaintiff may be generally expected to be present, and most affected by any injury, in their state of residence during the period of time they reside there. *See Popovich*, 779 F. Supp. 2d at 896 (applying California law because "any injury allegedly experienced by [claimant] necessarily occurred in California, as that is where [claimant] lives and works," even though alleged causes of the harm took place in Indiana).

[6]  *See* Rec. Doc. 13669 at 2, n.2-4 (Pls.' Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).

a claim.  In Plaintiffs' cases, that was the alleged failure of their hair to regrow six months after they finished docetaxel treatment, while they were living in Michigan.  Additional subsequent harms elsewhere—or the previous infusions in Indiana—do not change this analysis.  Michigan substantive law applies.

## **CONCLUSION**

For the foregoing reasons and those set out in Defendants' moving brief, the Court should grant Defendants' motion and dismiss the claims of Plaintiffs Clem, Milligan, and Nelson with prejudice.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:     504.310.2100
Facsimile:     504.310.2120
Email:          dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:     816.474.6550
Facsimile:     816.421.5547
Email:          hratliff@shb.com
                abyard@shb.com
                jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

3

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:     678.553.2100
Facsimile:     678.553.2100
Email:            merrellc@gtlaw.com
                      holdene@gtlaw.com
                      insognan@gtlaw.com

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:     504.581.3234
Facsimile      504.566.0210
Email:            debbie.rouen@arlaw.com
                      paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:     216.592.5000
Facsimile:     216.592.5009
Email:            julie.callsen@tuckerellis.com
                      brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:    202.434.5000
Facsimile:    202.434.5029
Email:        rmoore@wc.com
              hhubbard@wc.com
              nwadhwani@wc.com


/s/ John F. Olinde
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:    504.858.7000
Facsimile:    504.585.7075
Email:        olinde@chaffe.com
              rotolo@chaffe.com


*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


/s/ Geoffrey M. Coan
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:    617.213.7000
Facsimile:    617.213.7001
Email:        gcoan@hinshawlaw.com
              kekelly@hinshawlaw.com


*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

_/s/ Michael J. Suffern_

Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:     513.698.5064
Facsimile:     513.698.5065
Email:          msuffern@ulmer.com

_Attorneys for Defendant Actavis Pharma, Inc. and_
_Actavis LLC_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

_/s/ Douglas J. Moore_