UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL NORTH |
| *Zosie Iacopetti v. Sanofi US Services Inc., et al., Case No. 2:17-cv-13486* | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

Based on the reasoning in the Court's recent Order and Reasons in *Plaisance* (Rec. Doc. 13685), there is no dispute that Oregon's choice-of-law rules apply to the claims of Plaintiff Iacopetti, who selected the District of Oregon as the remand venue, and where she would have filed suit.[1] There is also no dispute that application of Oregon's choice-of-law rules (the "most significant relationship test"—the same test as in *Plaisance*) would select Michigan law, based on the reasoning in *Plaisance*.

Here, as in *Plaisance*, plaintiff was prescribed, administered, and allegedly injured by docetaxel in her state of residence (here, Michigan)—causing the Restatement's presumption, first, and fourth contact factors to each favor applying Michigan law. By contrast, under the Court's *Plaisance* reasoning, the Plaintiff's and Defendants' different residences make the third contact factor neutral, and *none* of the contact factors weighs in favor of applying Oregon law.[2] Weighing

---

[1] *See* Rec. Doc. 13673 at 1 (Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).
[2] The Court's reasoning in *Plaisance* would point to New Jersey law for this factor, which neither Plaintiff nor Defendants suggest governs here. Moreover, Defendants maintain that conduct in Michigan, where Plaintiff's docetaxel was administered—including research and reasoning by Plaintiff's prescriber, discussions between Plaintiff and her healthcare providers, and Plaintiff's use or nonuse of adequate available information, including drug labels—contributed to causing Plaintiff's alleged injuries.

these factors in *Plaisance*, this Court found the law of the state of injury (residence, prescription, and administration) applied, and the same result is warranted here. Because Michigan law applies, the Court should grant Defendants' motion and dismiss Plaintiff's suit, as it did in *Mixon*.

In her opposition, Plaintiff recites the Restatement's four contact factors but does not apply them to her case,[3] presenting no reason for this Court to depart from its analysis in *Plaisance*. The Oregon cases Plaintiff cites further support application of Michigan law. *Bispo v. GSW, Inc.*, 586 F. Supp. 2d 1226 (D. Or. 2008) held that under Oregon's choice of law rules, California law governed the claims of a California resident who was injured by a product in California but then moved to Oregon and filed suit. *See Bispo*, 586 F. Supp. 2d at 1237 (noting California's "interest in protecting its residents from harmful products," in reference to the then-Oregon resident plaintiff). Likewise here, Michigan law governs the claims of Plaintiff, a Michigan resident who was injured in Michigan, but then later moved to Oregon and filed her lawsuit. Similarly, *Dabbs v. Silver Eagle Mfg. Co.*, 779 P.2d 1104 (Or. Ct. App. 1989) illustrates that a plaintiff's current state of residence does not determine what state's law governs her claims. Though the Court there found no choice of law dispute to adjudicate, it ignored the plaintiffs' Tennessee residence in finding that Oregon law governed claims against an Oregon corporation for conduct in Oregon. Here, there is no dispute here that no conduct or events giving rise to Plaintiff's claims took place in Oregon. Accordingly, Oregon has no connection to this suit, and Michigan law governs.

## CONCLUSION

For the foregoing reasons and those set out in Defendants' moving brief, the Court should grant Defendants' motion and dismiss the claims of Plaintiff Iacopetti with prejudice.

---

[3] Plaintiff does assert that "her injury as a result of Taxotere has for years been realized in Oregon." Rec. Doc. 13673 at 3 (Pl.'s Opp.). But Plaintiff defines her injury as incomplete hair regrowth six months after completing chemotherapy, *see* Rec. Doc. 4407 at ¶ 181 (Pls.' Second Am. Master Compl.), and it is undisputed that Plaintiff resided in Michigan six months after she completed chemotherapy in 2009—and for seven more years before moving to Oregon in 2016. *See* Rec. Doc. 13673 at 3 (Pl.'s Opp.).

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:   504.310.2100
Facsimile:   504.310.2120
Email:       dmoore@irwinllc.com


Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:   816.474.6550
Facsimile:   816.421.5547
Email:       hratliff@shb.com
             abyard@shb.com
             jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:   678.553.2100
Facsimile:   678.553.2100
Email:       merrellc@gtlaw.com
             holdene@gtlaw.com
             insognan@gtlaw.com

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:	504.581.3234
Facsimile	504.566.0210
Email:	debbie.rouen@arlaw.com
	paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:	216.592.5000
Facsimile:	216.592.5009
Email:	julie.callsen@tuckerellis.com
	brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*


*/s/ Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:	202.434.5000
Facsimile:	202.434.5029
Email:	rmoore@wc.com
	hhubbard@wc.com
	nwadhwani@wc.com

4

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:     504.858.7000
Facsimile:     504.585.7075
Email:         olinde@chaffe.com
               rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:     617.213.7000
Facsimile:     617.213.7001
Email:         gcoan@hinshawlaw.com
               kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:     513.698.5064
Facsimile:     513.698.5065
Email:         msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*