UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Denise Ericks, on behalf of decedent Stefanie Mauk, v. Sanofi US Services Inc., et al., Case No. 2:19-cv-12625* | : : : : : : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

Plaintiff's list of "personal contacts" with Illinois[1] has no bearing on this court's choice of law analysis. *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744, 747 (N.D. Ill. 2010) (explaining that a court does not simply "count contacts" but rather considers them in light of the general principles of the restatement). Instead, the law of the place of injury presumptively controls unless another state has a more significant relationship to the case. *Id.*

Plaintiff stresses that decedent's treatment occurred in Illinois, but the treatment itself is not the injury. Rather, decedent claims *permanent* chemotherapy induced alopecia ("PCIA")— i.e., "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[2] This matters, as the docetaxel label warned of hair loss at all relevant times. Plaintiff cannot deny that, as a Michigan resident, decedent first experienced PCIA in Michigan.[3] In this context, place of injury refers to where an injury manifests, not the site of treatment. *E.g.*,

---

[1] Rec. Doc. 13676 at 2-3 (Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).
[2] Rec. Doc. 4407 at ¶ 181 (Pls.' Second Am. Master Compl.).
[3] Rec. Doc. 13584-4 at § VI.5; § V.15 (Ex. A to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order, Fourth Amend. Pl. Fact Sheet).

*Millar-Mintz v. Abbott Lab'ys*, 645 N.E.2d 278, 282 (Ill. Ct. App. 1994) (applying law of state where plaintiff's injury manifested as opposed to the site of prescription and ingestion).

The Restatement section 145 factors do not overcome the presumption that Michigan law (site of injury) applies.  Factors (a) and (c) support application of Michigan law.  Factor (b) – alleged misconduct—does not point to any one state as it arguably occurred in multiple jurisdictions.  At best, factor (d) points to Illinois as decedent received her docetaxel infusions in Illinois; however, this factor alone is insufficient to overcome the presumption.  Moreover, Plaintiff's comparison to *Smith* is inaccurate as that court displaced the law of the place of injury—Michigan—in favor of the law of the defendant's domicile only on the issue of punitive damages. *Smith*, 753 F. Supp. 2d at 749.  This Court has recently considered and rejected precisely such an argument in its Order and Reasons in *Plaisance* (Rec. Doc. 13685).  But here, none of the Defendants named in Plaintiff's Complaint are even Illinois corporations, making such an argument even more displaced.

For all these reasons, Defendants' *Mixon* motion should be GRANTED.

        Respectfully submitted,

        */s/ Douglas J. Moore*
        Douglas J. Moore (Bar No. 27706)
        IRWIN FRITCHIE URQUHART &
        MOORE LLC
        400 Poydras Street, Suite 2700
        New Orleans, LA 70130
        Telephone:	504.310.2100
        Facsimile:	504.310.2120
        Email:	dmoore@irwinllc.com

>Harley V. Ratliff
>Adrienne L. Byard
>Jordan Baehr
>SHOOK, HARDY& BACON L.L.P.
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone:     816.474.6550
>Facsimile:      816.421.5547
>Email:            hratliff@shb.com
>                      abyard@shb.com
>                      jbaehr@shb.com
>
>*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*
>
>
>*/s/ R. Clifton Merrell*
>R. Clifton Merrell
>Evan Holden
>GREENBERG TRAURIG, LLP
>Terminus 200
>3333 Piedmont Road NE, Suite 2500
>Atlanta, GA 30305
>Telephone:     678.553.2100
>Facsimile:      678.553.2100
>Email:            merrellc@gtlaw.com
>                      holdene@gtlaw.com
>
>*/s/ Deborah B. Rouen*
>Deborah B. Rouen
>E. Paige Sensenbrenner
>ADAMS AND REESE LLP
>One Shell Square
>701 Poydras Street, Suite 4500
>New Orleans, Louisiana 70139
>Telephone:     504.581.3234
>Facsimile      504.566.0210
>Email:            debbie.rouen@arlaw.com
>                      paige.sensenbrenner@arlaw.com
>
>*Attorneys for Sandoz Inc.*

*/s/ Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com

*Attorney for Accord Healthcare, Inc.*


*/s/ Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Email: rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504.858.7000
Facsimile: 504.585.7075
Email: olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

          */s/ Geoffrey M. Coan*
          Geoffrey M. Coan
          Kathleen E. Kelly
          HINSHAW & CULBERTSON LLP
          53 State Street, 27th Floor
          Boston, MA 02109
          Telephone: 617.213.7000
          Facsimile: 617.213.7001
          Email:  gcoan@hinshawlaw.com
              kekelly@hinshawlaw.com

          *Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


          */s/ Michael J. Suffern*
          Michael J. Suffern
          ULMER & BERNE LLP
          600 Vine Street, Suite 2800
          Cincinnati, OH 45202
          Telephone: 513.698.5064
          Facsimile: 513.698.5065
          Email:  msuffern@ulmer.com

          *Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                /s/ *Douglas J. Moore*

5