UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: |   |   |
| *Michelle Streeter v. Hospira, Inc., et al.,*<br>*Case No. 2:17-cv-11490* |   |   |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT PURSUANT TO *MIXON* ORDER AND REASONS**

Plaintiff muddles the analysis with Michigan's *lex loci delicti* doctrine[1] when the matter is squarely controlled by Ohio's "most significant relationship" test.[2] Thus, the law of the place of injury presumptively controls unless another state has a more significant relationship.[3]

Plaintiff stresses that her treatment occurred in Ohio, but the single Ohio treatment *itself* is not the injury. Rather, Plaintiff claims *permanent* chemotherapy induced alopecia ("PCIA")—*i.e.*, "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[4] This matters, as the docetaxel label warned of hair loss at all relevant times. Plaintiff cannot deny that, as a Michigan resident, she first experienced PCIA in Michigan.[5] In this context, place of injury refers to where an injury manifests, not the site of treatment. *E.g.*, *Montgomery v. Wyeth*,

---

[1] Rec. Doc. 13659 at 2 (Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J. Pursuant to *Mixon* Order).
[2] *Id.* at 1–2 (citing *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 288–89 (Ohio 1984)).
[3] *Id.*
[4] Rec. Doc. 4407 at ¶ 181 (Pls.' Second Am. Master Compl.).
[5] Rec. Doc. 13585-6 (First Am. Pl. Fact Sheet §§ I.13, V.15).

580 F.3d 455, 460–61 (6th Cir. 2009) (affirming summary judgment under Tennessee statute of repose, where Tennessee resident developed the injury after receiving treatment in Georgia).

The Restatement section 145 factors do not overcome the presumption that Michigan law (site of injury) applies. Factors 1 and 3 support application of Michigan law. Factor 2—site of alleged misconduct—arguably occurred in multiple jurisdictions, but claims seeking to punish Defendant's labeling decisions with the FDA target conduct outside of Ohio. *Williams v. Novartis Pharms. Corp.*, 15 F. Supp. 3d 761, 767–68 (S.D. Ohio 2014) (recognizing that product-liability failure-to-warn claims seeking to punish corporate misdeeds must look to the site of the alleged corporate misconduct). In any event, Ohio's "important policy objective in deterring the manufacture and sale of defective products, alone, [i]s insufficient to rebut the presumption that the law of the place of injury controls." *E.g.*, *Bills v. Newbury Indus.*, No. C88-2015, 1990 WL 301522, at *1 (N.D. Ohio Aug. 9, 1990) (applying *Morgan*), *aff'd*, 935 F.2d 269 (6th Cir. 1991).

For all these reasons, Defendants' *Mixon* motion should be GRANTED.

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
IRWIN FRITCHIE URQUHART &
MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone:   504.310.2100
Facsimile:   504.310.2120
Email:       dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:     816.474.6550
Facsimile:       816.421.5547
Email:             hratliff@shb.com
                      abyard@shb.com
                      jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:     678.553.2100
Facsimile:       678.553.2100
Email:             merrellc@gtlaw.com
                      holdene@gtlaw.com

*/s/ Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:     504.581.3234
Facsimile       504.566.0210
Email:             debbie.rouen@arlaw.com
                      paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*

*/s/ Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com

*Attorney for Accord Healthcare, Inc.*


*/s/ Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Email: rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504.858.7000
Facsimile: 504.585.7075
Email: olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

4

        /s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:    617.213.7000
Facsimile:    617.213.7001
Email:    gcoan@hinshawlaw.com
        kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

        /s/ *Michael J. Suffern*
Michael J. Suffern
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:    513.698.5064
Facsimile:    513.698.5065
Email:    msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

        /s/ *Douglas J. Moore*