# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Jeanette Walker v. Sanofi S.A., et al.*<br>*Case No. 2:16-cv-17173* | : : : : : : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM OF LAW IN SUPPORT OF ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR WHICH SERVICE OF PROCESS HAS NOT BEEN DELIVERED**

**INTRODUCTION**

Plaintiff Jeanette Walker filed a long form Complaint on December 12, 2016, naming multiple defendants, including Accord Healthcare, Inc. ("Accord"). (Compl., Rec. Doc. 1). On May 18, 2017, Plaintiff filed her Short Form Complaint naming Sanofi S.A., Sanofi U.S. Services, Inc., McKesson Corporation, and Accord. (Short Form Compl., Rec. Doc. 7). A year later, Plaintiff voluntarily dismissed all defendants except McKesson Corporation and Accord. (Stipulation of Voluntary Dismissal with Prejudice, Rec. Doc. 3350). Accord was not a signatory to the stipulation. (*See id.*) Shortly thereafter, Plaintiff uploaded to MDL Centrality an Amended Plaintiff Fact Sheet ("PFS") and corrected medical records authorization (*See* First Am. PFS; HIPPA authorization). Accord discovered this case when counsel for Plaintiff sought to amend her Complaint pursuant to PTO 105/114.[1]

---

[1] Accord's obligation to review or otherwise respond to the PFS is not triggered until Plaintiff properly serves Accord. (*See* Pretrial Order 22 ¶¶ 10(b)(ii) and 10(c)(iii)).

5388244.1

Plaintiff has delayed service of process for more than five years without good cause. Indeed, Plaintiff cannot rely on inadvertence or mistake as a justification as Plaintiff dismissed all defendants except McKesson Corporation and Accord yet has made no effort to serve Accord. Accordingly, dismissal is appropriate.

## ARGUMENT

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). A plaintiff may serve a corporation in a judicial district of the United States by (1) delivering a copy of the summons and complain to an authorized agent; or (2) in a manner prescribed by Rule 4(e)(1) for serving an individual. *See* Fed. R. Civ. P. 4(h). Additionally, the Rules provide that an individual may be served pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Louisiana law, a plaintiff may serve an individual with either: (1) personal; or (2) domiciliary service. La. Code Civ. Proc. Ann. art. 1231.

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint due to improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery *or the lack of delivery* of the summons and complaint." *Matherne v. Louisiana through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020), *reconsideration denied*, No. CV 18-3396, 2020 WL 1503280 (E.D. La. Mar. 27, 2020) (emphasis added) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed.)). When a defendant challenges service of process, the burden is on the plaintiff to establish the validity of service by showing that the

2

complaint was timely served or good cause for failure to effect timely service. *Ross v. Bob Dean Enterprises, Inc.*, No. CV 10-287, 2013 WL 393108, at *2 (E.D. La. Jan. 30, 2013).

Where a plaintiff cannot demonstrate good cause for his or her failure to comply with the federal and local rules for service, courts sitting in the Eastern District of Louisiana have dismissed the case. *See Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *4 (E.D. La. June 14, 2018); *see also Francis v. Dupree*, No. CV 10-2498, 2011 WL 3818955 (E.D. La. July 29, 2011), *report and recommendation adopted in part*, No. CV 10-2498, 2011 WL 3820076 (E.D. La. Aug. 25, 2011) (dismissing claims where plaintiff's service of process did not comport with the requirements of Fed. R. Civ. P. 4 or La. Code Civ. Prac. Ann. Art. 1231). In *Lauderdale*, the court determined good cause did not exist where plaintiffs failed to serve—or even attempt to serve—defendants with an amended complaint for eight months due to "mistake." 2018 WL 2985316, at **3-4.

Here, Plaintiff filed her Complaint on December 12, 2016. (Compl., Rec. Doc. 1). To comply with Fed. R. Civ. P. 4, Plaintiff was required to serve Accord by March 17, 2017. To date, Accord has not been served, with either the initial Complaint or Short Form Complaint. At best, Plaintiff's failure constitutes a mistake; however, the Eastern District of Louisiana has already determined that mistake—after waiting only eight months to attempt service—does not constitute good cause. *See Lauderdale*, 2018 WL 2985316, at *3-4. To this end, mistake after more than *five years* cannot constitute good cause either.

Further, particular to this MDL, on March 27, 2017, Judge Engelhardt issued Pretrial Order No. 29 ("PTO 29"), "Streamlined Service on Accord Healthcare, Inc.," in which the parties agreed to implement a streamlined process whereby plaintiffs may effect service by emailing the complaint to the designated email address within 90 days from the date the case is docketed in the

3

MDL.  (Master Docket, Rec. Doc. 303).  Non-compliance with this streamlined process subjects a plaintiff to the standards governing Fed. R. Civ. P. 4(m).  *See id.*; *see also In re Trasylol Prods. Liab. Litig.*, 503 F. App'x 850, 858 (11th Cir. 2013) (affirming dismissal for lack of service where plaintiffs' failed to comply with federal rules or the pretrial order entered in the MDL).

To date, Accord has not received service compliant with PTO 29.  For the reasons stated above, Plaintiff cannot satisfy the standards set for by Fed. R. Civ. P. 4.  Therefore, Plaintiff's claims against Accord should be dismissed.

## CONCLUSION

In the five years since Plaintiff filed her claims, Plaintiff has made no attempt to effect service, and good cause for this failure does not exist.  Accordingly, Accord respectfully requests that this Court grant Accord's motion to dismiss due to improper service of process.

DATED: January 18, 2022				Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

5388244.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Memorandum in Support of Motion to Dismiss Claims for which Service of Process has not been Delivered* was filed with the Court via ECF and is deemed served on all counsel of record.

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen

*One of the Attorneys for Defendant Accord Healthcare, Inc.*