UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | MDL No. 16-2740 | |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | SECTION: "H" (5) | |
| ) | | |
| This document relates to all cases ) | | |

## ORDER

Considering the attached correspondence from counsel, the Court denies Hospira's request to participate in the oral arguments currently set for February 17, 2022, regarding preemption.

Nevertheless, the Court will permit Hospira to file a new motion and request for oral argument in a case with a similar fact pattern to *Plaisance*. This new motion shall be filed no later than March 2, 2022.

The Court will still hear argument on February 17, 2022, on the Sandoz and Accord motions for summary judgment on preemption grounds.

New Orleans, Louisiana, this 2nd day of February, 2022.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

RICHMOND T. MOORE
(202) 434-5688
rtmoore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 28, 2022

*Via Electronic Mail*
The Honorable Jane Triche Milazzo
United States District Judge
500 Poydras Street Room C206
New Orleans, Louisiana 70130

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740

Dear Judge Milazzo:

      I write to request that Hospira be allowed to participate in the February 17 oral arguments regarding preemption.

      As the Court knows, Hospira filed a motion for summary judgment based on preemption in *Plaisance*, as did Sandoz and Accord.  All three motions have been fully briefed, and all three were scheduled to be heard in their respective cases on January 25.  Hospira's preemption motion was rendered moot, however, when the Court on January 20 granted summary judgment in *Plaisance* based on the statute of limitations.

      Hospira submits that it would be appropriate nevertheless to allow Hospira to participate in the February 17 preemption argument.  Preemption is an important issue, and the Court has not yet issued a preemption ruling in any case involving a 505(b)(2) Defendant.  Because preemption is an issue that the Court will decide as a matter of law, its decision on the Sandoz and Accord motions will likely apply to the Hospira cases.  If Hospira is not permitted to participate in the argument, it will for all practical purposes lose any opportunity to be heard on the preemption issue.

      Accordingly, Hospira requests the opportunity to argue on February 17.  Hospira does not require or request additional briefing, and it is not requesting any modification of the February 17 argument date.

Respectfully submitted,

*/s/ Richmond T. Moore*

Richmond T. Moore
*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc.*

cc:   Plaintiffs' and Defendants' Liaison Counsel
        Counsel for Sandoz
        Counsel for Accord

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF-FREEDMAN

OF COUNSEL STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

LAW OFFICES
**GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.**
2800 ENERGY CENTRE
1100 POYDRAS
NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

SAMUEL C. GAINSBURGH
(1926-2003)
JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

REPLY TO NEW ORLEANS OFFICE

January 31, 2022

The Honorable Jane Triche Milazzo
500 Poydras Street, Room C206
New Orleans, LA 70130

In Re: Taxotere (Docetaxel) Products Liability Litigation

Dear Judge Milazzo,

The PSC objects to Hospira's request to argue a summary judgment motion filed in a case that has *already* been dismissed on other grounds.

It may seem like a small courtesy to allow Hospira to speak, but this Court's power to decide preemption issues raised in *Plaisance* ended when the Court dismissed the case on statute-of-limitations grounds. That Hospira "does not require or request additional briefing" only confirms its preemption arguments remain tied to the facts of Plaintiff Plaisance's dismissed case. The Court, however, lacks authority to grant relief because Article III prohibits courts from issuing advisory opnions. *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). And it cannot entertain arguments about how preemption might affect other plaintiffs who have sued Hospira. Even if it could, it would be deeply unfair and prejudicial to the PSC to entertain free-floating summary judgment requests without case-specific briefing.

Nevertheless, the PSC offers a solution to allow all 505(b)(2) defendants to be heard in the ordinary course. The only way for Hospira to be heard on preemption would be for it to file a motion. The PSC recommends Hospira be given that opportunity, provided the motion is filed in a case with a similar fact pattern (*i.e.*, a plaintiff who was administered Hospira's drug during the same timeframe as in *Plaisance*). The preemption hearing would be continued until Hospira's motion is fully briefed and before the Court. That way, all 505(b)(2) defendants could present oral argument at the same time, and none can claim prejudice from being unable to participate.

Respectfully submitted,

M. Palmer Lambert



950 Main Avenue, Suite 1100 | Cleveland, OH  44113 | TEL 216.592.5000 | FAX 216.592.5009

January 31, 2022

DIRECT DIAL  216.696.2286 | julie.callsen@tuckerellis.com

**VIA ELECTRONIC MAIL**

Honorable Jane Triche Milazzo
United States District Court
Eastern District of Louisiana
U.S. Courthouse
500 Poydras Street, Room C206
New Orleans, LA 70130

Re: **Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740**

*Preemption Oral Argument*

Dear Judge Milazzo:

Accord writes in response to the PSC's January 31, 2022 letter, which in turn addressed the request by Hospira to proceed with oral argument on the summary judgment motion filed in the *Plaisance* case, since dismissed on other grounds. Hospira's request simply does not necessitate delay as to adjudication of Accord's motion. Accord and Hospira are different companies with different regulatory records and the cases present different relevant timeframes.

The PSC is well aware that Accord and Sandoz oppose any rescheduling of the oral argument on their fully briefed, pending, and ripe for resolution summary judgment motions, which are scheduled for argument on February 17, 2022—a date and time already agreed to by the PSC. Resolution of these motions is important to the future of the claims asserted against these defendants in thousands of cases and should not be further delayed, particularly where the PSC has failed to articulate any prejudice to it in going forward with the preemption hearing as to these motions as scheduled.

Accord and Sandoz therefore oppose the PSC's "solution" for delaying the resolution of their pending summary judgment motions and request that this Court proceed with oral argument as to their motions on February 17, 2022.  Counsel for Accord have conferred with counsel for Sandoz, who join in this response.

Sincerely,

Julie Callsen

JAC:rel

5423718

tuckerellis.com

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

RICHMOND T. MOORE
(202) 434-5688
rtmoore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 2, 2022

*Via Electronic Mail*
The Honorable Jane Triche Milazzo
United States District Judge
500 Poydras Street Room C206
New Orleans, Louisiana 70130

Re:   *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740

Dear Judge Milazzo:

I write to respond to the concerns raised by the PSC in its January 31, 2022 letter.

*First*, there is nothing that prohibits this Court from "entertain[ing] arguments" about how its preemption ruling would apply to Hospira cases. MDL courts routinely issue rulings in representative cases that set a precedent for other cases in the MDL. In this context, the Court has the discretion—and should—allow Hospira, as a defendant in the MDL, to be heard on the important docket-wide issue of preemption, as it applies to 505(b)(2) defendants, before it is decided.

*Second*, the PSC's argument that the Court "lacks authority to grant relief" because it would be an "advisory opinion" is misplaced. Hospira is not asking for any relief, but Sandoz and Accord are, and the Court's ruling on their pending summary judgment motions will not be advisory. Because that ruling will be precedent for any summary judgment motion on preemption grounds that Hospira may file in the future, and because the Court surely does not want to entertain argument on the issue time and again, Hospira asks for the opportunity to be heard alongside Sandoz and Accord.

*Third,* the PSC has not provided any valid reason why it would be prejudiced by Hospira's participation in the argument. It contends there must be "case-specific briefing," but does not say why. The parties fully briefed the issues in Hospira's preemption motion, and the Court can consider Hospira's and Plaintiffs' arguments based on this existing record.

The PSC's proposed "solution" of requiring Hospira to file a motion in another case would be an empty formality. Hospira could select another plaintiff with similar dates of use and change the case caption, but the brief would be verbatim the same. PSC's "solution" would only delay the hearing, and there is no reason to do that. Rather, the most practical and equitable solution is to allow Hospira to present its arguments at the scheduled hearing so that it will not lose this opportunity.

Respectfully submitted,

Richmond T. Moore