UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Jeanette Walker v. Sanofi S.A., et al.* *Case No. 2:16-cv-17173* | : : : : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR WHICH SERVICE OF PROCESS HAS NOT BEEN DELIVERED**

Plaintiff's opposition brief (Rec. Doc. 13756) fails to demonstrate good cause for her years-long delay serving her Complaint and thus dismissal is warranted.

**I.      Plaintiffs' attempt to cure her defect by serving Accord three years late did not comply with PTO 29.**

Pursuant to PTO 29, a Plaintiff "shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons." (Master Docket, Rec. Doc. 303). Plaintiff's case was docketed in this MDL on December 12, 2016 (*See* Compl., Rec. Doc. 1); however, Plaintiff did not serve Accord with her Complaint and Summons until January 19, 2022.[1] (Pl.'s Opp., Exhibit 1). Contrary to Plaintiff's opposition, her attempt to serve Accord is clearly not in accordance with PTO 29 and, thus, should be ignored for purposes of the instant motion.

---

[1] Accord filed its *Motion to Dismiss Plaintiff's Claims for which Service of Process has not been Delivered* on January 18, 2022 (Rec. Doc. 13704).

5426838

**II.   Plaintiff's rationale falls squarely within the category of inadvertence, mistake, or ignorance of counsel, not excusable neglect and, therefore, cannot establish good cause.**

Where a complaint is not timely served and the defendant challenges service of process pursuant to Rule 12(b)(5), the burden is on the plaintiff to establish good cause for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Courts in this district have found good cause existed where circumstances outside the control of the plaintiff prevented timely service. *See Crane v. Johnson & Johnson*, No. CV 20-1018, 2020 WL 7129882, at *6 (E.D. La. Dec. 4, 2020) (denying motion to dismiss where defendants closed their physical offices due to COVID-19 thereby preventing plaintiff from serving defendants); *Pablovich v. Rooms to Go Louisiana Corp.*, No. CV 20-617, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020) (denying motion to dismiss where plaintiff twice attempted to serve defendant, defendant received a letter of representation from plaintiff's counsel, and the ongoing global pandemic of COVID-19 significantly impacted the normal order of business). Here, Plaintiff's counsel blames an "individual who would have been responsible for effectuating service on Accord . . ." and classifies this failure as attorney "oversight." (*See* Pl.'s Opp. ¶¶ 1, 5). However, neither inadvertence of attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that where "counsel had instructed his secretary to serve the papers. . . is surely not good cause or (even) excusable neglect."); *Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his temporary secretary); *see also Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on his secretary. . . for lapses attributable entirely to him"). That counsel's mistake was unintentional or without motive is

wholly irrelevant as any mistake, by its very nature, is accidental; and, it is well-settled law that mistake is not excusable neglect. *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996); *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993).

Moreover, the parties have not "litigated her claim through MDL Centrality to the exact same extent they would have if Accord had been timely served." (*See* Pl.'s Opp. ¶ 8). Although Accord inadvertently uploaded a deficiency notice, it was intended for the matter of *Jeanette Walker v. Accord Healthcare, Inc.*, Case No. 2:17-cv-12125, an entirely different case and plaintiff, and a case which Accord had been properly served with summons and complaint. Accord withdrew its deficiency notice promptly and has not reviewed or otherwise conducted any litigation activities in the instant case as its obligations to do so are not triggered until Plaintiff properly serves Accord. (*See* Pretrial Order No. 22 ¶¶ 10(b)(c)(iii)).[2]

Finally, Plaintiff relies upon a misreading of the 5th Circuit decision in *Sealed Appellant v. Sealed Appellee*, 452 F.3d 417, 418 (5th Cir. 2006) in support of her argument. Contrary to Plaintiff's argument (Pl.'s Opp. ¶ 4), the 5th Circuit held that it did not require a showing of "aggravating factors" for a case to warrant dismissal based on lack of service. *Sealed Appellant*, 452 F.3d at 418.

---

[2] Even if this Court determines that Accord was on notice of Plaintiff's claims at the time it withdrew the deficiency notice intended for the other Jeanette Walker, Accord did so on January 9, 2018 – well beyond the 90-day deadline to effect service. (*See* Pl.'s Opp. at Exhibit 2). Thus, Plaintiff's claims would still be subject to a motion to dismiss based on untimely service of process even at that time.

3

5426838

## **CONCLUSION**

Counsel's oversight in failing to serve Accord does not constitute excusable neglect. Accordingly, Plaintiff has not satisfied her burden to establish good cause and this Court should exercise its discretion by dismissing Plaintiff's action.

Dated: February 8, 2022

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Reply in Support of Motion to Dismiss Claims for which Service of Process has not been Delivered* was filed with the Court via ECF and is deemed served on all counsel of record.

                                                  */s/ Julie A. Callsen*
                                                  Julie A. Callsen

                                                  *One of the Attorneys for Defendant*
                                                  *Accord Healthcare, Inc.*

5426838