UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
*Elizabeth Kahn, Case No. 2:16-cv-17039*

### SANOFI'S REPLY MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS AGAINST PLAINTIFF ELIZABETH KAHN

The Clerk should award Sanofi its claimed costs for the following reasons:

First, Plaintiff's opposition is procedurally improper under Federal Rule of Civil Procedure 54(d)(1) because Plaintiff cannot seek review of Sanofi's Bill of Costs until *after* the Clerk has adjudicated the issue—which has not yet occurred.

Second, even if Plaintiff were able to seek review now, which Sanofi denies, the Fifth Circuit has made clear that under Rule 54(d)(1), there is a "strong presumption" that the prevailing party will be awarded costs and a denial is appropriate only in special circumstances—none of which are present here. Indeed, Plaintiff's opposition does nothing to overcome this heavy burden and instead misstates precedent to argue costs should be withheld.

Third, Plaintiff's opposition does not even address—let alone refute—Sanofi's claim that its costs were "necessarily obtained for use in the case" and thus are properly taxable. Instead, Plaintiff summarily states that Sanofi's claimed costs are "unwarranted" and "not properly supported"—despite Sanofi providing ample controlling case law and detailed invoices in support of its claimed costs.

Fourth, Plaintiff argues that Sanofi's request for costs is "premature" given that Plaintiff has filed a notice of appeal, which remains pending. Plaintiff's argument lacks any legal support and is entirely invented.

Accordingly, the Clerk should rightly give effect to this "strong presumption" and award Sanofi its costs enumerated in its Bill of Costs.[1]

## LEGAL STANDARD

Rule 54(d)(1) provides, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party . . . *The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.*

Fed. R. Civ. P. 54(d)(1) (emphasis added); *see also Gohl v. Livonia Pub. Sch.*, No. 12-CV-15199, 2016 WL 2848421, at *1 (E.D. Mich. May 16, 2016) ("Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action."). Thus, *only after* the Clerk adjudicates Sanofi's claimed costs is Plaintiff entitled to seek review of the Clerk's action.

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006) (citation omitted). In *Pacheco*, the Fifth Circuit merely cited a leading treatise for the proposition that "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party," which include "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous

---

[1] Sanofi will agree to waive certain incidental costs related to deposition transcripts and medical records collection, as outlined below.

2

financial resources." *Id.* at 794.  However, the Fifth Circuit in *Pacheco* specifically "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs'"—which Plaintiff omits in her opposition brief.  *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794 n. 18).

Subsequent to *Pacheco*, numerous decisions from the Fifth Circuit, in fact, specifically reject that any of the above factors is a sufficient reason to deny costs.  For example, in *Smith*, the Fifth Circuit held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs."  909 F.3d at 753 (citing *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013)).  This holding is "especially applicable in light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793).  Moreover, the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs."  *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015).  Finally, the Fifth Circuit has specifically rejected Plaintiff's argument that *Pacheco* means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors," listed above.  *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

## ARGUMENT

### I. Plaintiff's Opposition Is Procedurally Improper and Premature.

As discussed, Rule 54(d)(1) permits a party to file a motion seeking review of the clerk's taxation of costs within seven days *after* the clerk's action.  Here, however, there has been no adjudication on Sanofi's claimed costs.  Plaintiff's opposition thus is procedurally improper and premature.  Accordingly, the Clerk should disregard Plaintiff's opposition in its entirety.

## II. Plaintiff Fails to Overcome the "Strong Presumption" that Sanofi, As the Prevailing Party, Is Entitled to Its Costs.

Even if Plaintiff were permitted to seek review now—which she cannot—Plaintiff's opposition does nothing to overcome the "strong presumption" that Sanofi is entitled to recover its costs. Plaintiff instead patently misstates the holding in *Pacheco*, in suggesting that "a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the following factors [identified in a treatise and discussed in dicta in *Pacheco*] is met[.]"[2] Even assuming the Clerk could properly consider any of these factors—which the Fifth Circuit has repeatedly held that it cannot—Plaintiff fails to offer any legal or equitable basis sufficient to overcome the "strong presumption" that Sanofi is entitled to recover its costs in this case.

As to the alleged disparity of resources between Plaintiff and Sanofi (the first and fifth factors), Plaintiff alleges she is "not in a financial position" to pay Sanofi's costs and that Sanofi has "enormous financial resources."[3] As noted, however, the Fifth Circuit has specifically held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law," and that the "limited resources" of the losing party cannot provide a basis for denying costs. *Moore*, 735 F.3d at 320 (holding that "it would have been reversible error for the district court to reduce the cost award based on a finding of 'limited resources'"). Even if Plaintiff's financial status were material, based on standard contingency fee practice, Plaintiff's counsel—not Ms. Kahn—very likely bears *all* the costs of litigation where, as here, the case resulted in a complete defense verdict. At a minimum, Plaintiff should be required to make some factual showing to support her bald assertion that Plaintiff—not her attorneys—will be responsible for paying Sanofi's costs.

---

[2] Rec. Doc. 13680 (Pl.'s Opp. to Bill of Costs) at 2.
[3] *Id.* at 2, 4.

4

As to the close and difficult legal issues presented (the third factor), Plaintiff posits that her case presented "complex legal issues in an MDL bellwether setting" that "could have been resolved in favor of either party at trial."[4] Plaintiff ignores that Sanofi obtained a complete defense verdict because the jury found that she could not establish causation—a threshold requirement to her product liability claims.  This factor, if the Clerk were permitted to consider it, weighs against Plaintiff

Finally, Plaintiff fails to identify a substantial benefit that her lawsuit conferred on the *public* (the fourth factor).  While Plaintiff speculates her case "assisted the advancement of this MDL in providing meaningful information which will be considered when the parties evaluate the prospects of settlement and/or remand," she does not, and cannot, identify any benefit that her individual lawsuit conferred on the *public*.  Plaintiff's suit is easily distinguishable from those very rare cases in which federal courts have found a substantial benefit was conferred on the general public.  *See, e.g., Suffolk County v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977) (denying prevailing party's motion for costs finding that substantial benefits were conferred upon the public in an environmental case that involved not only national policy and welfare but the public health and well-being of millions of people).

## CONCLUSION

Sanofi will agree to waive its costs related to the shipping, binding, and tabbing of deposition transcripts; expedited delivery fees of deposition transcripts; and third-party retrieval fees in connection with Plaintiff's records.  The Clerk should award Sanofi all of its costs enumerated in the Bill of Costs, excepting those expressly waived by Sanofi above.  Sanofi

---

[4] *Id.* at 3.

reserves the right to supplemental briefing and argument to the extent the Clerk requires additional information on these claimed charges.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*