UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) :<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| MARY MASSINO and EDWARD MASSINO,<br><br>*Plaintiffs,*<br><br>vs.<br><br>SANOFI US SERVICES INC., ET AL.<br><br>*Defendants*. | SECTION "H"(5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH<br><br>Civil Action No.: 2:18-cv-08304-JTM-MBN |

**MEMORANDUM OF LAW IN OPPOSITION TO ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR UNTIMELY SERVICE OF PROCESS AND IN SUPPORT TO EXTEND TIME FOR SERVICE ON DEFENDANT, *NUNC PRO TUNC,* AND DEEM THE COMPLAINT TIMELY SERVED.**

**STATEMENT OF FACTS**

On or about August 31, 2018, Plaintiffs, Mary Massino and Edward Massino, by and through the undersigned counsel at the law firm of Marc J. Bern & Partners LLP ("Movant"), filed the complaint against the manufacturers of Taxotere® for damages sustained from injuries suffered by Plaintiffs resulting from Mary Masino's Taxotere® use. On or about August 31, 2018, the summonses for all named Defendants in this matter were issued by the Clerk of Court. Pursuant to this Court's Pre-Trial Order No. 29 ("PTO 29"), Movant was to effectuate service of the Summons and Complaint on all Defendants within ninety (90) days from when the Complaint is filed, which was on or before November 29, 2018. However, Movant did not properly effectuate service of process on Defendants in this matter within the proscribed time period, due to a clerical error.

1

On January 29, 2019, Plaintiff served all discovery demand responses via MDL Centrality, pursuant to relevant PTO and Case Management Orders ("CMO's"), including a Plaintiff Fact Sheet ("PFS"), a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, psychiatric records, and HIPAA Authorizations.

On or about July 29, 2021, over two years after the service of Plaintiffs' discovery responses, Plaintiffs were notified for the first time, through an Order to Show Cause Notice, that Plaintiffs' Complaint had not been served. On January 19, 2022, Plaintiffs' counsel e-mailed Defendant a copy of the summons to be served onto it. Plaintiffs further e-mailed other Defendants a copy of the summons via e-mail on the same day, without objection, prepared to move through the already commenced discovery phase. It is worth noting that the Plaintiffs' counsel served all defendants herein with the summons on January 19, 2022. Each and every Defendant other than Defendant Accord accepted service without objection and without necessitating motion practice in what is already a voluminous multi district litigation.

## **LEGAL STANDARD**

***Plaintiff is able to show "Good Cause" for the Delay in Service and even when "Good Cause" may be deemed absent, this Court has full discretionary power to extend time for service.***

The Court ***must*** extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect . . . " *Lambert,* 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to

2

enlarge the time for service "even if there is no good cause shown" for any delay in service. Henderson v. U.S., 517 U.S. 654, 658 n.5 (1996). See also Thompson, 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See Bann v. Ingram Micro, Inc., 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

**ARGUMENT**

On or about August 31, 2018, Plaintiffs, Mary Massino and Edward Massino, filed their Complaint by and through the undersigned counsel, Marc J. Bern & Partners LLP ("Movant"), against the manufacturers of Taxotere. Dkt. 1. On August 31, 2018, the Clerk of the Court issued the summonses against all Defendants in this matter. Dkt. 3. Pre-Trial Order ("PTO") No. 29 for the Taxotere Multi District Litigation No. 2740 ("MDL 2740") which governs streamline service and includes the standards governed by Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(m) states:

"Time Limit for Service.:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, Plaintiffs have shown good cause for the failure to timely serve. Plaintiffs did not delay in prosecuting this action, rather, Plaintiffs commenced discovery by providing thorough and accurate information to the relevant and pertinent discovery demands. On January 29, 2019, Plaintiffs served all discovery demand responses pursuant to relevant PTO and Case Management

Orders ("CMO's"). Specifically, Plaintiffs submitted a Plaintiff Fact Sheet ("PFS"), a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations.

Plaintiffs submit that they have made the requisite showing of good cause for the delay in service. Here, Plaintiffs' counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Due to the fact that Plaintiffs exhibited diligent efforts by filing all discovery-related documents as specified above, Defendant had actual notice of the suit since in or about the time that the Complaint was filed.

Moreover, Plaintiffs further submit that this Court should exercise its discretion here and extend time for service of the Complaint in this matter, even if it finds that good cause has not been shown, because the circumstances here justify an exercise of the Court's discretion to grant an extension. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995).

Failure to grant Plaintiffs' requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted

that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc., supra*, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Furthermore, and perhaps most compelling, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should This Honorable Court grant Defendant's motion, Plaintiff cannot refile her suit as the Statute of Limitations has long elapsed.

Here, in acknowledging that, ultimately, this Court has the discretionary power to extend time to effect service where good cause is lacking, Defendant relies on *Barthelemy v. CHS-SLE LAND, L.L.C.* Defendant argues that, in *Barthelemy*, the Court denied Defendant's motion to dismiss Plaintiff's claims on the basis of untimely service solely based on the fact that it was only a 30-day delay and a change in representation. *Barthelemy v. CHS-SLE Land, L.L.C.*, 2020 U.S. Dist. LEXIS 116338, *18 (E.D. La July 2, 2020). However, this Court explicitly states that "even assuming this explanation would not justify an approximately 30- day delay in service, the Court has discretion under Rule 4(m) to extend the time of service even in the absence of good cause. *Id.* Using its discretion, this Court denied Defendant's motion. *See id.*

Similarly, in *Pablovich v. Rooms to Go Lousiana Corp.,* another case on which Defendant relies, Plaintiff's opposition did not even address the delay of service at all. *Pablovich v. Rooms To Go La. Corp.*, 2020 U.S. Dist. LEXIS 139418, at *7 (E.D. La. August 5, 2020). Even still, this Court did not grant Defendant's motion but rather extended time for Plaintiff to serve process, even reasoning that it was "hesitant to penalize Plaintiff for what surely amounts to her attorney's error" *Id.* at *8.

Plaintiffs are able to demonstrate that good cause is present, and, even if this Court disagrees, this Court should use its discretionary power in denying Defendant's motion and granting Plaintiffs an extension to serve Defendant. In granting Defendant's motion, and dismissing Plaintiffs' complaint, Plaintiffs would be the only ones prejudiced, as the Statute of Limitations has elapsed. Discovery has already commenced in this matter and Defendant has engaged in such discovery with Plaintiffs up to this point, and thus, are not prejudiced.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint as Untimely should be denied and Plaintiffs respectfully pray that this Honorable Court issue an Order granting Plaintiffs an extension of time to perpetuate service on Defendant Accord Healthcare, Inc.

Dated: New York, New York
February 11, 2022

_____
Denise Dessel
Marc J. Bern & Partners LLP
*Attorneys for Plaintiffs*