**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENTS RELATES TO: | |
| *Mary J. Massino, et al. v.*<br>*Sanofi US Services Inc., et al.*<br>*Case No. 2:18-cv-08304* | |

**MEMORANDUM OF LAW IN SUPPORT OF ACTAVIS PHARMA, INC.'S AND ACTAVIS LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR UNTIMELY SERVICE OF PROCESS**

Plaintiffs Mary and Edward Massino filed their Short Form Complaint on August 31, 2018, naming multiple defendants, including Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc. (the "Actavis Defendants"). (Short Form Comp., Rec. Doc. 1). On January 19, 2022, Plaintiffs' counsel sent an e-mail with a summons to the e-mail address established by Pretrial Order No. 32A for "Streamlined Service" on the Actavis Defendants. The summons was not served with a copy of the Complaint, as required by Fed. R. Civ. P. 4(c)(1) and PTO 32A. (*See* Jan. 19, 2022, e-mail from Plaintiffs' counsel to actdocecomp@ulmer.com, Exhibit 1). The next day, counsel for the Actavis Defendants wrote an e-mail to Plaintiffs' counsel apprising Plaintiffs that there was no service due to the missing complaint and informing Plaintiffs' counsel that the Actavis Defendants would move to dismiss for untimely service if and when service was effected pursuant to the requirements of Fed. R. Civ. P. 4 and PTO 32A (*See* Jan. 20, 2022, e-mail from counsel for the Actavis Defendants to Plaintiffs' counsel, Exhibit 2).

Then, on January 25, 2022, more than three years after filing their Complaint, Plaintiffs' counsel sent the summons and complaint to the e-mail designated for streamlined service on the Actavis Defendants.  (*See* Jan. 25, 2022, Email from Plaintiff's counsel to actdocecomp@ulmer.com, Exhibit 3).[1]

Under Fed. R. Civ. P. 4 and Pretrial Order No. 32A (Streamlined Service on the Actavis Defendants), Plaintiffs were required to serve the Complaint within 90 days from the date the case was docketed in the MDL.  (PTO 32A, Master Docket, Rec. Doc. 710).  Plaintiff cannot demonstrate good cause for her failure to effect timely service in the face of this record of delay.  Accordingly, the Actavis Defendants should be dismissed.

## JOINDER IN ARGUMENT OF ACCORD HEALTHCARE, INC.

On February 8, 2022, co-defendant, Accord Healthcare, Inc., filed a Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process (Rec. Doc. 13771), and a memorandum in support of its motion (Rec. Doc. 13771-1).  In the interests of judicial economy, the Actavis Defendants hereby adopt and incorporate by reference the legal arguments advanced by co-defendant Accord Healthcare, Inc., contained in Rec. Doc. 13771-1, as and for their legal arguments in support of this Motion.

In addition, the Actavis Defendants note a misstatement of fact in Plaintiffs' Memorandum of Law in Opposition to Accord Healthcare, Inc.'s motion to dismiss Plaintiffs' complaint for untimely service (Rec. Doc. 13789).  Specifically, Plaintiffs state the following in their opposition to Accord's motion: "Each and every Defendant other than Defendant Accord accepted service without objection and without necessitating motion practice in what is already a voluminous multi

---

[1] To date, Plaintiffs have not identified the Actavis Defendants in their Plaintiff Fact Sheet ("PFS") or submitted CMO 12A product identification identifying the Actavis Defendants as the manufacturer of the docetaxel Plaintiff Mary Massino received.  (*See* First Am. PFS, excerpt attached hereto as Exhibit 4).

2

district litigation. *Id*., p. 2. That statement is incorrect. (*See* Exhibit 2) ("Please be advised that we plan to move to dismiss for failure to serve our clients if and when you do serve them.")

## **CONCLUSION**

Plaintiff cannot demonstrate good cause failure to comply with the Federal Rules and Pretrial Order No. 32A to effect timely service. Accordingly, the Actavis Defendants respectfully request this Court grant their motion to dismiss due to improper service of process.

DATED: February 15, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Suffern*
　　　　　　　　　　　　　　　　　　　　　Michael J. Suffern
　　　　　　　　　　　　　　　　　　　　　ULMER BERNE LLP
　　　　　　　　　　　　　　　　　　　　　312 Walnut Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　　Cincinnati, OH 45202
　　　　　　　　　　　　　　　　　　　　　Telephone: (513) 698-5064
　　　　　　　　　　　　　　　　　　　　　Facsimile: (513) 698-5065
　　　　　　　　　　　　　　　　　　　　　msuffern@ulmer.com

　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, a copy of the foregoing *Memorandum of Law in Support of Actavis Pharma, Inc.'s and Actavis LLC's Motion to Dismiss Plaintiffs' Complaint for Untimely Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

/s/ Michael J. Suffern
Michael J. Suffern

*Attorney for Defendants Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc.*