**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Mary J. Massino, et al. v.* *Sanofi US Services Inc., et al.* *Case No. 2:18-cv-08304* | : : : : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR UNTIMELY SERVICE OF PROCESS**

Plaintiffs' opposition brief (Rec. Doc. 13789) fails to demonstrate either good cause for their years-long delay serving their Complaint or a justification for this Court to grant an extension of time to effect service on Accord—particularly given Plaintiffs' notice of the lack of service since July 2021. Thus, dismissal is warranted.

**I.    Plaintiffs' "clerical error" falls squarely within the category of inadvertence, mistake, or ignorance of counsel, not excusable neglect, and therefore, cannot establish good cause.**

The Fifth Circuit has held that neither inadvertence of attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that where "counsel had instructed his secretary to serve the papers. . . is surely not good cause or (even) excusable neglect"); *see also Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his temporary secretary); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on

5441442

his secretary. . . for lapses attributable entirely to him."). As such, counsel's "clerical error" (*see* Pls.' Opp. 1) does not constitute excusable neglect or establish good cause.

Moreover, contrary to Plaintiffs' claim that they "exhibited diligent efforts by filing all discovery-related documents" and as a result, "Defendant had actual notice of the suit since in or about the time that the Complaint was filed", Accord had no such notice nor did they engage in discovery. (*See* Pls.' Opp. 4.) Accord's obligation to review the documents Plaintiffs uploaded to MDL Centrality and take any action is not triggered until Plaintiffs properly serve Accord. (*See* Pretrial Order No. 22 ¶¶ 10(b)(c)(iii)). Therefore, Plaintiffs' discovery-related filings did not put Accord on actual notice of the suit as Accord never reviewed any of Plaintiffs' documents. Accord additionally notes that Plaintiffs have failed to produce product identification in the five years this case has been pending and their case is subject to this Court's December 16, 2021 Order to Show Cause Regarding CMO-12A Product Identification. (*See* Rec. Doc. 13587.)

**II.     The present circumstances do not justify an exercise of the Court's discretion to grant an extension of time to effect service.**

Courts considered circumstances beyond clerical error in the cases cited by Plaintiffs when granting an extension of time to effect service, which are not present here. In *People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *1 (M.D. La. Mar. 28, 2018), plaintiffs sought disaster relief aid from FEMA after being displaced by historic flooding in Louisiana. The court granted an extension because plaintiffs had a large number of defendants to serve, attempted service on all of the defendants within the original period provided by Rule 4, and such efforts were made in good faith and were not inadequate based simply on "'inadvertence of plaintiffs' counsel.'" *Id.* at 8. Here, case-specific discovery has not commenced, Plaintiffs did not attempt to serve Accord within the period prescribed by Rule 4 or PTO 29, and Plaintiffs' untimeliness is wholly attributable to inadvertence of counsel.

2

5441442

Plaintiffs' attack on *Barthelemy* and *Pablovich* is similarly flawed. The court in *Barthelemy* considered the fact that plaintiff's change in representation caused only a 30-day delay in its decision to grant an extension of time. *Barthelemy v. CHS-SLE LAND, L.L.C.*, No. CV 19-10086, 2020 WL 3605931, at *7 (E.D. La. July 2, 2020). And the court in *Pablovich* found it notable that "[d]efendant was apparently on notice of the likelihood of litigation due to the receipt of a letter of representation that Plaintiff ha[d] twice attempted to serve Defendant. . . and the effects of the ongoing global pandemic of COVID-19. . ." *Pablovich v. Rooms to Go La. Corp.*, No. CV 20-617, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020). In other words, courts consistently look for mitigating circumstances beyond the clerical error to justify an extension of time. There are simply no mitigating factors present here. Plaintiffs' counsel has remained the same since the initial filing and COVID-19 has posed no barriers to service given the streamlined service order in place. Instead, Plaintiffs admittedly delayed service for more than three years due only to clerical error.

Furthermore, *Plaintiffs admit* that by July 29, 2021 they were put on notice as to their failure to effectuate service, but did nothing for yet another six months. (*See* Pls.' Opp. at 2.) Particularly given the ample opportunity to rectify their service-related failures, this is simply not a case that warrants this court's discretionary power to extend time—yet again—for service.

**III.     Accord is not the only Defendant that objected to Plaintiffs' untimely service.**

Plaintiffs' argue that they should be excused from timely effectuating service because "[e]ach and every Defendant other than Defendant Accord accepted service without objection and without necessitating motion practice. . ."—but that is simply false. (*See* Pls.' Opp. 2.) Accord notes that on January 20, 2022—before Plaintiffs filed their opposition brief—Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc. similarly objected to Plaintiffs' untimely service

3

and notified Plaintiffs' counsel that they would move to dismiss the Complaint. And indeed, they have now done so. (*See* Mem. of Law in Supp. of Actavis Pharma, Inc.'s and Actavis LLC's Mot. to Dismiss Pls.' Compl. for Untimely Service of Process, Rec. Doc. 13800-1.) Further, how other parties choose to respond to untimely service has no bearing on the merits of Accord's motion.

## IV.     Conclusion

Plaintiffs' untimely service of process due to attorney error neither constitutes excusable neglect nor justifies an extension of time to effect service on Accord. Accordingly, Plaintiffs have not satisfied their burden to establish good cause and this Court should exercise its discretion by dismissing Plaintiffs' action.

DATED: February 22, 2022

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant
Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 22, 2022, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Reply in Support of Motion to Dismiss Plaintiffs' Complaint for Untimely Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

    Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen

*One of the Attorneys for Defendant*
*Accord Healthcare, Inc.*

5441442