**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 |
| | | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Cases Listed on Exhibit A (Doc. 13746-1).* | : : : : : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RULE TO SHOW CAUSE REGARDING DISMISSAL OF MISSISSIPPI PLAINTIFFS**

As previously acknowledged by the Parties and discussed with this Court, the claims of Mississippi Plaintiffs should be addressed through a Show Cause process like that used successfully to address Michigan Plaintiffs' claims under the Court's *Mixon* decision.[1] As with the Michigan cases, the Mississippi cases identified in Ex. A (Doc. 13746-1)[2] present a narrow legal question properly resolved on the face of the pleadings.[3] This Court has already recognized, when it granted Defendants' Rule 12(c) motion in *Greer*, that timeliness inquiries under

---

[1] *See Mixon* Hearing Tr. 38:16-39:21 (Oct. 12, 2021) (Parties and Court discuss intent to repeat Michigan show cause process for Mississippi claims under *Greer*; Plaintiffs' counsel requests only that the states be addressed separately to avoid confusion).

[2] The list of Mississippi Plaintiffs whose claims appear to be untimely under *Greer*, based on their dates of treatment and filing according to their Short Form Complaints, was first provided to Plaintiffs on August 25, 2021. An updated list was provided along with a copy of Defendants' Motion and Proposed Order, to which Plaintiff's expressed no objection, on January 26, 2022. The list filed with the Court on January 28, 2022 reflects this same list of facially untimely Mississippi cases, updated to remove cases dismissed for other reasons in the interim.

[3] *See* Rec. Doc. 12057 (Order and Reasons granting Judgment on the Pleadings based on the statute of limitations and dismissing Plaintiff Juanita Greer's claims with prejudice) (hereinafter "*Greer*").

Mississippi law may be decided on the pleadings. As in *Greer* and the Michigan cases, the Parties may be spared the expense and delay of discovery because the only dispositive facts—those pertaining to choice of law and, here, the dates of docetaxel treatment and lawsuit filing—are stated on the pleadings and not subject to dispute, such that the bulk of claims may be resolved through stipulation and dismissal.[4]

This Court has likewise already recognized that the inapplicability of Mississippi's narrow exceptions to its claim-accrual rules (the latent injury and the fraudulent-concealment exceptions) may be determined on the pleadings. Plaintiffs' injuries are not latent as a matter of law, nor do the allegations in the Master Complaint support a claim that Defendants hid any Plaintiff's claim from her, as Mississippi law requires for an exception to apply. To the extent any Mississippi plaintiff timely pleaded additional, sufficient fraudulent concealment allegations in her Short Form Complaint (which, upon review, does not appear to be the case), that plaintiff may raise that issue through succinct briefing.[5] For these reasons, this Court should grant Defendants' Motion to issue a Rule to Show Cause for those Mississippi Plaintiffs whose claims are facially time-barred.

## ARGUMENT

The carefully designed and efficient Show Cause process negotiated by the parties and successfully used to resolve more than 93% of Michigan cases under *Mixon* (so far) is the most appropriate means for this Court to address the 293 Mississippi cases implicated by its *Greer* ruling. Just as with *Mixon*, analysis of claims under *Greer* entails straightforward application of settled state law to limited case-specific facts: the location of each plaintiff's treatment and injury,

---

[4] *Cf.* Rec. Doc. 13327 (Minute Order dismissing 355 Michigan cases pursuant to *Mixon* upon the stipulation of the Parties, dismissing three additional cases following arguments at hearing, and ordering briefing for the remaining 23 cases).

[5] *Cf.* Rec. Doc. 13343 (Order setting schedule for three-page briefs addressing applicability of six states' laws under *Mixon*).

2

the date of their final infusion, and the date of their lawsuit filing. All of these are evident on the face of Plaintiffs' pleadings and cannot be disputed. Further discovery is unnecessary and would impose undue expense and delay on all parties.

### A. Judgment on the Pleadings is Appropriate.

Plaintiffs argue primarily that a show cause process is inappropriate because resolution of the Mississippi Plaintiffs' claims on limitations grounds requires additional discovery and the resolution of factual disputes. But this Court has already rejected that position in *Greer*, where the Court granted Defendants' motion based solely on the allegations in the Master Complaint and Ms. Greer's Short Form Complaint, determining that Ms. Greer's claims were untimely under Mississippi law pursuant to Rule 12(c).[6] A Rule 12(c) ruling on the remaining Mississippi Plaintiffs' pleadings is likewise appropriate for the same reasons articulated in *Greer*. As noted below, this Court has previously resolved, through its rulings on Mississippi law, the same issues that Plaintiffs claim remain for resolution here.

Date of Injury: Mississippi's three-year statute of limitations "commences on the day that the injury or damage is sustained."[7] This Court has repeatedly determined that the date of injury for all MDL Plaintiffs is six months following the end of chemotherapy, and the Fifth Circuit has affirmed that determination multiple times.[8] This Court accordingly ruled in *Greer* that "[o]n the face of the pleadings, then, Plaintiff sustained her injury in April 2010, six months after she

---

[6] Ms. Greer dismissed her appeal of this ruling as of June 2021.

[7] *See Greer* at 4 (internal cites omitted).

[8] *See, e.g.*, Orders granting summary judgment on prescription grounds under Louisiana law in *Johnson* and *Francis* (Rec. Doc. 7571), aff'd *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 395 (5th Cir. 2021); *Thibodeaux* (Rec. Doc. 9110), aff'd 995 F.3d at 395; *Sanford* (Rec. Doc. 10807); *Durden* (Rec. Doc. 10833), aff'd *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 860 F. App'x 886, 894 (5th Cir. 2021); *Hughes* (Rec. Doc. 13532) and *Plaisance* (Rec. Doc. 13817).

completed her chemotherapy treatment." This approach was also adopted in *Smith* and *Roach*, in which this Court dismissed both cases at the summary judgment stage.[9]

Under Mississippi law, once a claim is found to be facially untimely, the plaintiff bears the burden to prove that an exception tolled the statute of limitations. But this Court has already rejected the only two exceptions even potentially relevant here—the discovery rule and fraudulent concealment.

<u>No Applicable Discovery Rule</u>: This Court has already considered and rejected application of Mississippi's limited discovery rule, which pertains only to cases with latent—*i.e.*, "hidden" or "unseen"—injuries.[10] This Court already ruled in *Greer*, *Smith*, and *Roach* that Plaintiffs' injuries did not qualify, the discovery rule did not apply, and each Plaintiff's arguments regarding her alleged inability to ascertain the *cause* of her injury were irrelevant under Mississippi law.[11] Therefore, Plaintiffs' Opposition arguments regarding self-diagnosis, alternative causation, and the alleged need for expert discovery on causation likewise are irrelevant as PCIA is not a latent injury as a matter of Mississippi law.

<u>No Fraudulent Concealment</u>: Plaintiffs spend a significant portion of their Opposition arguing the fraudulent-concealment exception applies because Defendants allegedly concealed *the risks of PCIA*. But that exact argument was rejected on the pleadings in *Greer*, as well as in *Roach*

---

[9] *See* Rec. Doc. 12718 (Order granting summary judgment on limitations grounds under Mississippi law in *Roach*) at 4-5 (hereinafter "*Roach*") ("The Master Complaint filed in this MDL defines PCIA as 'an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy.' . . . [I]n her Short Form Complaint, Plaintiff Roach incorporated the Master Complaint by reference . . . . On the face of the pleadings, then, Plaintiff Roach sustained her injury in May 2010, when she had incomplete hair regrowth six months after she completed her chemotherapy treatment."); *see also* Rec. Doc. 13064 (Order granting summary judgment on limitations grounds under Mississippi law in *Smith*) (hereinafter "*Smith*")(same).

[10] *See* Miss. Code Ann. § 15–1–49(2); *Greer* at 5 (*citing Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007); *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 455 (5th Cir. 2009) (internal quotes omitted)).

[11] *See Greer* at 5-7; *Roach* at 6; *Smith* at 6.

4

and *Smith*, because the law requires concealment of a plaintiff's *claim*, not concealment of the product's risks.[12]

Nor can Plaintiffs argue a factual inquiry is required to ascertain whether Defendants prevented any Plaintiff from discovering her *claim*.[13] The factual inquiry undertaken in *Smith* and *Roach* confirmed this Court's *Greer* decision. And more simply, there are no such allegations in the Master Complaint. To the extent any Plaintiff intended to bring such an allegation, it must have been perfected in that Plaintiff's Short Form Complaint within the time limits set forth in Pre-Trial Order No. 105 (generally by November 7, 2020). Defendants are unaware of any Mississippi Plaintiff who made such an allegation by the deadline. To the extent one or more did, however, the show cause process proposed here expressly provides an opportunity for any such Plaintiff to demonstrate she met her pleading burden—either by appearance at the proposed hearing or through limited post-hearing briefing, as warranted.[14]

Need for Discovery: Plaintiffs' suggestion that extensive depositions and case-specific discovery are warranted in all 293 Mississippi cases is in direct conflict with this Court's ruling on the pleadings in *Greer*. Plaintiffs' repeated reliance on Louisiana cases governed by the doctrine of *contra non valentem*—inapplicable here and fundamentally different from Mississippi law—as well as this Court's ruling on the learned intermediary doctrine in *Mills*—both irrelevant

---

[12] *See Greer* at 8 ("To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss. As Sanofi notes, the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Greer's substantive claim and her claim for tolling.") (internal cites omitted); *see also Roach* at 8-9; *Smith* at 7-8.

[13] *See Greer* at 7-8.

[14] This Court and the Fifth Circuit have likewise unfailingly rejected fraudulent concealment arguments in the summary judgment context. *See, e.g.*, *Roach* at 8-9; *Smith* at 7-8; *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 395 (5th Cir. 2021).

5

and decided under Georgia law—is telling.[15] There is no support in Mississippi law or this Court's prior rulings for Plaintiffs' position that discovery must be conducted prior to determining that the Mississippi Plaintiffs' claims are time-barred.[16]

### B. A Show Cause Process is Warranted.

Establishing processes to resolve common threshold issues affecting large numbers of cases is a regular function of MDL Courts conducting coordinated pretrial proceedings under 28 U.S.C. § 1407. Such processes promote consistency and efficiency while taking advantage of MDL Courts' paramount knowledge of litigation facts, issues, and context.[17] Limitations is a particularly appropriate area for such streamlined processes. *See In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. 4:08-md-2004, 2016 WL 4705827, at *1-2 (M.D. Ga. Sept. 7, 2016) (observing that in Court's MDL experience, "many cases are filed with little regard for the statute of limitations," and that "[a]t a minimum, transferee judges should be aware that

---

[15] *See* Rec. Doc. Doc. 13776 (Pls.' Opp. to Defs.' Mtn. for Rule to Show Cause Regarding Dismissal of Mississippi Plaintiffs) at 3 (citing this Court's rulings and comments on Louisiana cases, including that "<u>Prescription</u>, <u>under Louisiana law</u>, is a factually intensive basis.") (emphasis added); *id.* at 7 (citing this Court's ruling denying summary judgment on the basis of <u>the learned intermediary doctrine</u> against Plaintiff Jaqueline Mills' <u>substantive</u> fraud claims <u>under Georgia law</u>, "[f]or the same reasons the learned intermediary doctrine does not warrant summary judgment on Plaintiffs' negligence and failure to warn claims.") (emphasis added).

[16] Apparently recognizing the prudence of efficiently resolving patently untimely claims, at least one Mississippi Plaintiff has already dismissed her claim with prejudice pursuant to *Greer*. *See* Rec. Doc. 13760 ("Plaintiff is dismissing case pursuant to this Court's January 22, 2021 Order and Reasons granting the Motion for Judgment on the Pleadings Based on Statute of Limitations as to Jaunita Greer."). Another Plaintiff's counsel requested and was granted a special extension to discuss dismissal with his client, rather than spending time and resources curing discovery deficiencies in a time-barred case. *See* Show Cause Hearing Tr. 30:16-31:8 (Counsel explains that he does not "know if we can get around the Court's SOL ruling"; Court grants 45-day extension "because maybe it's time to have a frank conversation with your client and save everybody work.").

[17] This Court's management of Michigan cases under *Mixon* aptly demonstrates this role. In *Mixon*, the Court found that the Michigan Product Liability Act barred the claims of Brenda Mixon based on the limited facts that 1) Ms. Mixon was a resident of, and was prescribed and administered Taxotere in Michigan, and 2) that Taxotere was FDA-approved and the drug and its label were in compliance with FDA approval at the time it left Sanofi's control. *See* Rec. Doc. 12405 at 3; Rec. Doc. 10978-2 at 1-3. Recognizing that such a disposition implicated the remaining Michigan plaintiffs, the Court entered an Order (Rec. Doc. 13273) establishing a Show Cause process for such plaintiffs. Pursuant to this Order, 355 such Plaintiffs declined to contest dismissal with prejudice (another 3 were dismissed after argument), while 25 (only 6.5%) argued that, under the facts of their cases, Michigan law did not apply to their claims. These cases have been fully briefed and are pending the Court's resolution.

6

they may need to consider approaches that weed out non-meritorious cases early, efficiently, and justly").

To serve these interests, MDL Courts regularly apply exemplar limitations rulings like *Greer* to larger batches of cases on a state-by-state basis. For example, in *In re Mirena IUD Prod. Liab. Litig.*, 29 F. Supp. 3d 345, 363 (S.D.N.Y. 2014) ("*Truitt*"), the transferee court dismissed certain claims of individual MDL plaintiff Truitt as time-barred under Texas law. The Court then issued an order establishing a process for defendants to identify cases for dismissal pursuant to the *Truitt* ruling, after which each such plaintiff had the choice to "either voluntarily dismiss her case with prejudice or set forth the specific facts and/or law that distinguish her case from Ms. Truitt's."[18] Finally, the Court considered 31 disputing plaintiffs' purported distinctions and dismissed them with prejudice under Louisiana, California, Oklahoma, and Ohio law as applied to the reasoning of *Truitt*.[19]

Likewise in the *Avandia Marketing* litigation, the transferee court found two cases time-barred on the pleadings under their respective states' statutes of limitation, and then efficiently applied those rulings to dismiss the claims of 115 other Plaintiffs from 32 other states.[20] Such coordinated and consistent treatment of cases facing common questions of law with common answers is not only permissible but appropriate and advisable given an MDL Court's responsibility

---

[18] *In re Mirena IUD Prod. Liab. Litig.*, No. 13-CV-3383, 2015 WL 144214, at *1 (S.D.N.Y. Jan. 9, 2015), *aff'd sub nom. Medinger v. Bayer Healthcare Pharms. Inc.*, 667 F. App'x 321 (2d Cir. 2016). For the Court's convenience, a copy of the *Mirena* case management order is attached as **Ex. B**.

[19] *See id.*

[20] *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 07-MD-01871, 2012 WL 3205620, at *5 (E.D. Pa. Aug. 7, 2012); *In re Avandia Mktg., Sales Pracs. And Prod. Liab. Litig.*, No. 07-MD-1871, 2014 WL 2011239, at *13 (E.D. Pa. May 16, 2014); *see also In re Processed Egg Prod. Antitrust Litig.*, 931 F. Supp. 2d 654, 656 (E.D. Pa. 2013) (partially dismissing 41 state claims under the limitations laws of 21 jurisdictions).

for cases through pretrial procedures.  See 28 U.S.C. § 1407; *In re Mentor*, 2016 WL 4705827, at *1.

The same procedure is warranted in this MDL based on this Court's ruling dismissing Ms. Greer's claims on the pleadings under Rule 12(c).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion, issue a Rule to Show Cause for facially untimely Mississippi Plaintiffs, and subject such Plaintiffs to dismissal with prejudice.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC
and Sanofi U.S. Services Inc.*

8

GREENBERG TRAURIG, LLP

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:
(504) 581-3234
Facsimile: (504) 566-0210
debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


TUCKER ELLIS LLP

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

WILLIAMS & CONNOLLY LLP

/s/ *Richmond Moore*
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


HINSHAW & CULBERTSON LLP

/s/ *Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

ULMER & BERNE LLP

/s/ *Michael J. Suffern*
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

**CERTFICATE OF SERVICE**

I hereby certify that on February 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*