### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                               SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*Carolyn Howard*
Case No.: 2:16-cv-17208

### PLAINTIFF'S RESPONSE TO DEFENDANT ACCORD HEALTHCARE, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR UNTIMELY SERVICE OF PROCESS

       Plaintiff Carolyn Howard by and through her counsel of record, Bachus & Schanker, LLC, submits her response to Defendant Accord Healthcare, Inc's Motion to Dismiss Plaintiff's Claims for Untimely Service of Process, and in opposition thereto, states as follows:

1. Plaintiff served her complaint on Accord Healthcare, Inc., prior to their filing the instant motion pursuant to PTO 29. Rec. Docs. 13782, 13782-2. Plaintiff admits she does not have documentary evidence of service on Accord prior to January 31, 2022.  Counsel for Plaintiff investigated whether service occurred but was unable to access the email archives of the individual who would have been responsible for effectuating service on Accord after she dismissed her claims against Sanofi.

2. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations.  Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).  Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the

---

[1] refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt)

plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." <u>Id</u>. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

3.  The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of her failure to effect service when Accord filed a motion to dismiss in another matter. Rec. Doc. 13704. Plaintiff in this matter cured the deficiency within days service of that motion. Ms. Howard has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality. This is not a circumstance where Ms. Howard's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

4.  In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. <u>Sealed Appellant v. Sealed Appellee</u>, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." <u>Id</u>. at 418.

5.  The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. Howard has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot

be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant.

6. Finally, there is no prejudice to Defendant arising out of the delay in service. Ms. Howard has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation. Although Defendant appears to claim that it was not "aware" of her case until she served her complaint on January 31, 2022, the record on MDL Centrality tells a different story. It is clear Accord Healthcare, Inc. were aware of Ms. Howard's case, as they admitted so in a Motion they filed on March 27, 2018. Rec. Docs. 2063-2, 2063-3. Additionally, Accord Healthcare, Inc. would have received an e-mail notification from MDL Centrality that Plaintiff amended her Plaintiff Fact Sheet to reflect that Accord Healthcare, Inc. identified as the manufacturer on June 24, 2018. Exhibit 1. In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Her case is in the exact same stasis as the thousands of other non-bellwether plaintiffs. Furthermore, in light of its direct knowledge that Ms. Howard was asserting a claim against Accord (as reflected in their March 27, 2018 filing and Centrality notification), and her subsequent amendment of her PFS, Defendant could not have reasonably formed any settled expectations that the statute of limitations had expired on her claims.

7. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they

would have if Accord had been timely served.  Defendant's Motion to Dismiss should be denied.

Dated: February 28, 2022                    Respectfully submitted,

                                            **BACHUS & SCHANKER, LLC**

                                            By:  */s/ J.Christopher Elliott*
                                            J. Christopher Elliott, Esq.
                                            J. Kyle Bachus, Esq.
                                            Darin L. Schanker, Esq.
                                            Bachus & Schanker, LLC
                                            101 West Colfax Suite 650
                                            Denver, CO 80202
                                            Telephone: (303)893-8900
                                            Facsimile: (303) 893-9900
                                            Email: celliott@coloradolaw.net

                                            *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022,  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.


                                            */s/J. Christopher Elliott*
                                            J. Christopher Elliott