**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: *Jewel Jones v. Sanofi S.A., et al.* Case No. 2:16-cv-17136 | : : : : : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR UNTIMELY SERVICE OF PROCESS**

Plaintiff's opposition brief (Rec. Doc. 13847) fails to demonstrate good cause for her years-long delay serving her Complaint. Moreover, the length of the delay—five years—merits dismissal even if Plaintiff's claims are time-barred due to the expiration of the statute of limitations. Thus, dismissal is warranted.

**I.  Attorney "oversight" falls squarely within the category of inadvertence, mistake, or ignorance of counsel, not excusable neglect, and therefore, cannot establish good cause.**

The Fifth Circuit has held that neither inadvertence of attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that where "counsel had instructed his secretary to serve the papers. . . is surely not good cause or (even) excusable neglect"); *see also Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his temporary secretary); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on

his secretary. . . for lapses attributable entirely to him."). As such, counsel's "oversight" (*see* Pl.'s Opp. 2) does not constitute excusable neglect or establish good cause.

Moreover, the parties have not "litigated her claim through MDL Centrality to the exact extent they would have if Accord had been timely served." (*See* Pl.'s Opp. 4.) Accord has not reviewed the documents uploaded to MDL Centrality or otherwise conducted any litigation activities in the instant case as its obligations to do so are not triggered until Plaintiff properly serves Accord. (*See* Pretrial Order No. 22 ¶¶ 10(b)(c)(iii)). And it is unreasonable to claim that Accord had actual knowledge of a single case once Plaintiff amended her PFS as Accord receives hundreds of automated messages from MDL Centrality and, therefore, only monitors those emails relating to cases where it has been served. (*See* Pl.'s Opp. 3.) Likewise, Accord's obligations pursuant to Case Management Order No. 12A ("CMO-12A") are not triggered unless properly served. (*See* CMO-12A ¶¶ 3-4.) To this end, Plaintiff's product identification emails[1] did not put Accord on actual notice of the suit as Accord had no obligation to review.[2]

## II. Plaintiff's five-year delay serving her Complaint merits dismissal.

The Fifth Circuit does not require a showing of "aggravating factors" for a case to warrant dismissal. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 417, 418 (5th Cir. 2006). Nonetheless, at least two aggravating factors are present here.[3] First, as the court in *Sealed Appellant* explained, "failure to serve process within the statute of limitations period is extremely prejudicial" because

---

[1] Plaintiff's March 31, 2018 email is not directed to Accord's designated email as listed in CMO-12A. (*See* Pl.'s Opp. Ex. 2; CMO-12A, Ex. A.)

[2] Even if this Court determines that Accord was on notice of Plaintiff's claims at this time, Plaintiff first emailed Accord on February 21, 2018 – well beyond the 90-day deadline to effect service. (*See* Pl.'s Opp. 3.) Thus, Plaintiff's claims would still be subject to a motion to dismiss based on untimely service of process even at that time.

[3] These factors include the extent to which the plaintiff was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct. *Sealed Appellant*, 452 F.3d 418.

a potential defendant that has not been served is entitled to expect that it no longer has to defend against the claim. *Id.* Here, Plaintiff waited at least three-years beyond the expiration of the applicable statute of limitations to even attempt to serve Accord with Summons and Complaint.[4] As such, Accord is entitled to expect that it no longer has to defend against Plaintiff's claims; otherwise, the statute of limitations is effectively meaningless as to Plaintiff's stale claims.

Moreover, the mere length of delay imputes intentionality on the part of Plaintiff's counsel. In *Sealed Appellant*, the Fifth Circuit inferred intentional conduct where counsel missed the deadline to serve by almost two years as the defendant was a U.S. corporation with a known address and no other hardships in perfecting service existed. *Sealed Appellant*, 452 F.3d at 418-419 ("Further, Appellant has not missed the [] deadline by only a day or a week or two, but by almost 600 days. Therefore, the delay is not a 'simple inadvertence.'"). Not only is Accord a U.S. corporation with a known address, but there is also a streamlined service order in place to protect against any other barriers. Further, counsel missed the deadline by five-years. Accordingly, the delay should be considered intentional and warrants dismissal.

### III. Conclusion

Plaintiff's untimely service of process due to attorney oversight does not constitute excusable neglect, and Plaintiff's five-year delay serving Accord with the Complaint warrants

---

[4] Alabama is the state in which Plaintiff resides and alleges she suffered her injury (see Short Form Compl., Rec. Doc. 7, ¶¶ 4-5); therefore Alabama's two-year statute of limitations applies. Ala. Code §6-2-38. And for the sake of simplicity and for the purpose of this Motion *only*, Accord will assume that Plaintiff's cause of action accrued on the same date she filed her initial Complaint. Accord reserves the right to argue that her cause of action accrued much earlier – six months following the completion of chemotherapy—consistent with Plaintiff's Second Amended Master Long Form Complaint and this Court's previous rulings, in the absence of tolling.

5455852

dismissal.  Accordingly, Plaintiff has not satisfied her burden to establish good cause and this Court should exercise its discretion by dismissing Plaintiff's action.

DATED: March 8, 2022            Respectfully submitted,

                                               */s/ Julie A. Callsen*
                                               Julie A. Callsen
                                               TUCKER ELLIS LLP
                                               950 Main Avenue, Suite 1100
                                               Cleveland, OH  44113-7213
                                               Telephone: 216.592.5000
                                               Facsimile:  216.592.5009
                                               julie.callsen@tuckerellis.com

                                               *Attorney for Defendant*
                                               *Accord Healthcare, Inc.*

5455852

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Reply in Support of Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

    Respectfully submitted,

    */s/ Julie A. Callsen*
    Julie A. Callsen

    *One of the Attorneys for Defendant*
    *Accord Healthcare, Inc.*

5455852