UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N' (5) |
| | HON. JANE TRICHE MILAZZO |
| EUNICE VILLEGAS Plaintiff(s), | |
| vs. | |
| SANOFI S.A., et al., Defendant(s). | |
| Civil Case No.: 2:19-cv-11408 | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF HER MOTION TO VACATE AND REINSTATE**

COMES NOW Plaintiff Eunice Villegas, by and through the undersigned counsel, and respectfully moves this Court to vacate its February 7, 2022 order dismissing her case and to reinstate it as stated herein.

**INTRODUCTION**

Ms. Villegas was in full compliance with her CMO 12A obligations prior to the February 7, 2022 dismissal of her case with prejudice. Her compliance with CMO 12A occurred inside the time frame specified by the Court on January 7 2022. (See Exhibit A). On December 15, 2021 Ms. Villegas representation served subpoena to produce documents, information, or objects

1

or to permit inspection of premises in a civil action, authorization for release of health information pursuant to HIPPA, statement regarding chemotherapy drug administered to Nelda Limas, an office administrator who stated is authorized to accept service for Hematology-Oncology Medical Group and informed said person of the contents therein, in compliance with state statutes.

## FACTS

In order to comply with CMO 12A Ms. Villegas representation served an affidavit of service, and it was uploaded to MDL Centrality on 1/7/2022. Document ID: 526168. The purpose of this affidavit of service is to retrieve medical records and to document all our efforts in order to comply with the Court's orders with due diligence. In addition, a subpoena to Hematology-Oncology Medical Group was also uploaded on 1/7/2022, document ID: 526576. (Attached Exhibit B).

Defendants alleged in their January 21, 2022 letter to Court that Plaintiff did not include the subpoena. That statement is completely false. A simple look at MDL Centrality, document id: 526576 will have confirmed that Plaintiff uploaded the notice of subpoena curing the alleged deficiency. (See Exhibit B).

## ARGUMENT

While this Court has discretion in the management of cases within this MDL, dismissal with prejudice is a "draconian remedy" and a "remedy of last resort." *See Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F. 3d 351 at 356-357 (5th Cir. 2020). The Fifth Circuit has held that a two-factor test applies to a district court's dismissal with prejudice in the MDL context. *Id.* Under this test, dismissal with prejudice is appropriate

2

"so long as (1) there is a 'clear record of delay or contumacious conduct by the plaintiff,' and (2) lesser sanctions would not serve the best interests of justice." *Id.* at 358.

## CONCLUSION

Ms. Villegas became fully compliant with her discovery requirements without any additional intercession by the Court. Dismissal of her case with prejudice was a remedy of last resort that was not appropriate given the procedural history of this case.

For the reasons stated above, Plaintiff requests the Court to vacate its February 7, 2022 order dismissing Plaintiffs case and to reinstate it.

This the 9th day of March 2022.

Respectfully submitted,

/s/ Christopher LoPalo
Christopher LoPalo, Esq.
Napoli Shkolnik PLLC
400 Broadhollow Rd. Suite 305
Melville, NY 11747
Tel: (212) 397-1000
Clopalo@napolilaw.com

3