

950 Main Avenue, Suite 1100 | Cleveland, OH  44113 | TEL 216.592.5000 | FAX 216.592.5009

DIRECT DIAL  216.696.2286 | julie.callsen@tuckerellis.com

**VIA EMAIL**
TaxotereMDL@laed.uscourts.gov

Honorable Jane Triche Milazzo
United States District Court
Eastern District of Louisiana
U.S. Courthouse
500 Poydras Street, Room C206
New Orleans, LA 70130

> Re:   *Taxotere (Docetaxel) Products Liability Litigation, MDL No. 2740*
> **505(b)(2) Letter Submission Regarding Next Steps in MDL**

Dear Judge Milazzo:

This submission is on behalf of the 505(b)(2) Defendants.  We understand that the Court invited Sanofi and the PSC to submit proposal(s) for next steps in the Sanofi cases – including a process for working up Sanofi cases.  We did not understand the Court's request to apply to the 505(b)(2) Defendants.  Thus, we write here to state our position on the next steps in the MDL for cases involving the 505(b)(2) Defendants.  To the extent, however, that any orders implemented concerning the Sanofi cases may eventually be extended to the 505(b)(2) Defendants, we reserve our ability to address any discovery/remand proposals involving the 505(b)(2) Defendants at a later date.

The path forward for the 505(b)(2) Defendants should start from a different point than for Sanofi.  There are issues unique to the 505(b)(2) Defendants yet to be addressed that are common to many cases and will help guide next steps.  These are threshold issues to be considered *before* the parties expend significant resources on waves of case discovery and/or remand:

1)      *Preemption motions*.  There are two pending federal preemption motions (filed by Sandoz and Accord) that were argued on February 17, 2022.  Hospira also will file a preemption motion on or before March 2.  *See* Rec. Doc. 13759.  The Court's decision on these motions potentially will impact the 505(b)(2) cases in the MDL.  This important legal issue should be resolved first.

2)      *Product identification and compliance with CMO 12A*.  As discussed at the December 15, 2021 hearing, hundreds of cases filed against 505(b)(2) Defendants lack proper product ID under CMO-12.  The Court's December 16, 2021 Order established a process for addressing the oldest of these cases.  Product ID is a threshold issue as recognized by the Case

5426247

**Tucker**
**Ellis** LLP

Management Orders entered back in 2018, and the Court should complete the process for the cases in the December 16 Order, as well as additional non-compliant cases identified.

3)      *Lack of proof of an injury (permanent hair loss).*  The 505(b)(2) Defendants support the implementation of a Pretrial Order regarding hair loss diagnosis as considered previously by the Court.  A large percentage of the plaintiffs in the MDL have not presented any evidence that they have suffered the alleged injury—permanent hair loss from chemotherapy—or sought any treatment for their alleged injury.

4)      *505(b)(2) warnings causation under learned intermediary doctrine.*  The Court has granted summary judgment in two bellwether cases against 505(b)(2) Defendants because there was no evidence that the prescribing physician reviewed the Defendant's label before prescribing docetaxel to the plaintiff.  *See Stewart*, Rec. Doc. 12494; *Guilbault*, Rec. Doc. 13683.  The available information from trial pool cases in which there has been case-specific discovery suggests that this issue is likely to be common in cases against 505(b)(2) Defendants.  Accordingly, for 505(b)(2) cases, the Court should consider a process that permits limited and targeted discovery on this threshold dispositive issue.

5)      *Statute of limitations in states where there is not a discovery rule.*  There are numerous states where the statute of limitations does not apply a discovery rule and thus many cases are facially time-barred and should be dismissed, including Mississippi.  The 505(b)(2) Defendants support motion practice in those states, and if applicable, a show cause process.

6)      *State specific legal issues.*  Some states have specific statutes and precedent that bar claims of Plaintiffs similar to Michigan. For example, Texas has a provision of law that protects manufacturers from failure to warn claims if the labeling is FDA approved.  The 505(b)(2) Defendants support motion practice in those states and if applicable, a show cause process.

In addition, the 505(b)(2) Defendants have not yet had a bellwether case go to trial, have not secured *Daubert* rulings on experts who address unique 505(b)(2)-specific issues, and for some Defendants, have not yet conducted any expert discovery.  Indeed, the cases against 505(b)(2) Defendants involve fundamentally different issues than the cases against Sanofi.  For example, the plaintiffs' failure-to-warn claims will be decided under a different regulatory framework and will involve different Defendant-specific facts for a different time frame.  Moreover, there are distinct issues for each 505(b)(2) Defendant, in addition to the issues in common amongst them, that should be addressed through bellwether trials.

Accordingly, as is generally one of the central missions of an MDL, the Court should complete the bellwether trial process for 505(b)(2) cases and resolve cases that have no likelihood of making it to trial in the transferor court before considering remand.  To require the 505(b)(2) Defendants to begin working up 505(b)(2) cases for discovery and eventual remand (or to preserve expert testimony) before addressing these issues would be premature, inefficient, and prejudicial, and we oppose any attempts to include the 505(b)(2) Defendants in a wave discovery and/or

5426247



Honorable Jane Triche Milazzo
United States District Court
February 18, 2022
Page 3

remand proposal.  We have conferred with the PSC concerning the above.  Counsel for Sanofi is also aware of our position.

We look forward to addressing these issues with the Court.

Sincerely,

**505(b)(2) Lead Counsel**
Julie Callsen and Brenda Sweet
*Counsel for Accord*

Heidi Hubbard, Rich Moore, and Neelum Wadhwani
*Counsel for Hospira and Pfizer*

Lori Cohen, Cliff Merrell, and Evan Holden
*Counsel for Sandoz*

Geoffrey M. Coan and Kathleen E. Kelly
*Counsel for Sun Pharmaceuticals*

Michael Suffern and Jennifer Heis
*Counsel for Actavis LLC, Actavis Pharma, and Sagent Pharmaceuticals*

JAC:rel

cc:     John F. Olinde
        Douglas J. Moore
        Dawn M. Barrios
        M. Palmer Lambert

5426247