UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Baby Fay Hurd, 20-1784 | ) ) ) | |

## ORDER AND REASONS

Before the Court is Plaintiff Baby Fay Hurd's Motion for Reconsideration (Doc. 12366). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more. The first bellwether trial was held in September 2019, and the was held in November 2021.

To manage this MDL, this Court has issued several pretrial orders intended to streamline the discovery process and ensure the efficient management of Plaintiffs' claims. At issue here is Pretrial Order 71A ("PTO

---

[1] Docetaxel is the generic version of Taxotere.

1

71A"), which governs Plaintiffs' identification, preservation, collection, and production of electronically stored information ("ESI").[2] Under PTO 71A, Plaintiffs must provide statements to Defendants that describe where any "responsive ESI may exist" and whether any ESI was lost or destroyed.[3]

When a Plaintiff fails to comply with her obligations under PTO 71A or other pretrial orders, Defendants may file a notice of deficiency on MDL Centrality, an electronic database. The notice triggers a requirement that the Plaintiff cure the deficiency within a certain time frame. A Plaintiff's failure to do so allows Defendants to add the Plaintiff's name to a "call docket" to be addressed by the Court at a show cause hearing.

Plaintiff Baby Fay Hurd filed her case on June 22, 2020, making her PTO 71A statement due on September 5, 2020. On November 20, 2020, Sanofi identified Plaintiff Hurd's case as deficient for failure to submit a PTO 71A statement. Notably, at this time, Sanofi identified another deficiency by Plaintiff, stating that her "[p]sychiatric records authorization was expired."[4] On December 21, 2020, Plaintiff's counsel emailed Sanofi stating that "Plaintiff is gathering all applicable documents and will supplement once received."[5] On February 5, 2021, however, Defendants still had not received Plaintiff's PTO 71A statement or any updated psychiatric records authorization. Sanofi, therefore, issued another notice.[6] On February 18, 2021, Plaintiff's counsel emailed Sanofi, stating that an updated psychiatric records authorization had been uploaded and that counsel was "awaiting receipt of Plaintiff's ESI statement in the mail and will upload when received."[7]

---

[2] Doc. 1531.
[3] *Id.*
[4] Doc. 12450-7 at 10.
[5] Doc. 12450-2 at 4.
[6] Doc. 12123-1 at 4.
[7] Doc. 12450-3 at 2.

Plaintiff failed to submit a PTO 71A statement before the show cause hearing on February 19, 2021. At the hearing, Plaintiff's counsel told the Court that the statement may have "gotten lost in the mail."[8] Based on this, the Court allowed Plaintiff an additional 15 days to submit her PTO 71A statement.[9]

Fifteen days passed, and on March 6, 2021, Plaintiff still had failed to upload a PTO 71A statement. Days later, on March 9, 2021, Sanofi notified Plaintiffs' liaison counsel and then sent the Court a letter regarding Plaintiff's continued failure to comply. On March 15, 2021, Plaintiff uploaded her PTO 71A statement, and her counsel filed a response to Sanofi's March 9 letter. That same day, the Court signed an order dismissing Plaintiff's case; however, the dismissal order was not entered into the record until the next day, March 16, 2021.

In the instant Motion, Plaintiff asks the Court to reconsider the dismissal of her case. Sanofi opposes the Motion.

## LEGAL STANDARD

Plaintiff seeks reconsideration under Federal Rule of Civil Procedure 59(e). "The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter."[10] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] The Fifth Circuit has stated repeatedly that Rule 59(e) relief "is appropriate (1) where there has been an intervening change in the controlling law; (2)

---

[8] Doc. 12450-5 at 3
[9] *See id.*
[10] In re Chinese Manufactured Drywall Prod. Liab. Litig., No. 09-2047, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018) (citations omitted).
[11] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

3

where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[12]

## LAW AND ANALYSIS

Plaintiff argues that reconsideration is warranted because she ultimately fully complied with her obligations under PTO 71A. She asserts that on March 15, 2021, she timely filed her response to Sanofi's letter, before the Court's order dismissing her case was filed into the docket. Lastly, Plaintiff attempts to establish that there is no record of contumacious conduct here but rather that this is an isolated incident. In response, Sanofi avers that Plaintiff fails to meet the standard of Rule 59(e). Sanofi further avers that because Plaintiff missed several chances to comply with PTO 71A, there is a record of contumacious conduct here, and lesser sanctions would have been futile.

This Court finds that Plaintiff meets the standard for relief under Rule 59(e), namely, to correct a manifest error of fact. Manifest error is defined as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."[13] On March 16, 2021, when this Court issued the order dismissing Plaintiff's case with prejudice, it did so under the belief that Plaintiff was not in compliance with PTO 71A at that time. Plaintiff has shown, and the record reflects, that on March 15, 2021, she cured the deficiency and therefore was in full compliance with PTO 71A at the time the Court dismissed her case. Thus, this Court finds that its Order dismissing Plaintiff's case with prejudice was based on a manifest error of fact.

---

[12] Demahy v. Schwarz Pharma, Inc. 702 F.3d 177, 182 (5th Cir. 2012).
[13] Cal Dive Intern. Inc. v. Schmidt, No. 14-03033, 2015 WL 2185255, at *2 (W.D. La. May 7, 2015) (emphasis omitted) (citing BLACK'S LAW DICTIONARY (9th ed. 2009)).

Sanofi argues that Plaintiff did not fully comply with PTO 71A because she failed to disclose that she and her three children all have Facebook accounts and that her children's accounts include photos and videos of Plaintiff which she failed to produce. In response, Plaintiff contends that she does not have a Facebook page and that the one referenced by Sanofi does not belong to her. As to the accounts of her children, Plaintiff argues that her obligation under PTO 71A only relates to ESI within her control and, as such, she had no duty to disclose her children's Facebook accounts or to search and produce any ESI found on those accounts.

For the reasons that follow, the Court finds that Plaintiff did fully comply with her PTO 71A obligations. First, the Court has no reason to believe that the Facebook account referenced by Sanofi belongs to Plaintiff. As Plaintiff noted, other than the name and friends list, the account shows no other identifying information. Furthermore, the account is not tagged in any of the photos that Sanofi produced from Plaintiff's children's accounts, and while there are comments on those photos from other Facebook users, there are no comments from the account in dispute. Second, Plaintiff is correct that PTO 71A does not require her to disclose the existence of her children's Facebook accounts nor to search and produce any ESI contained therein.[14] This Court, therefore, rejects Sanofi's argument and finds that Plaintiff was in full compliance as of March 15, 2021.

Accordingly, this Court finds that its order dismissing Plaintiff's case with prejudice deserves to be reconsidered because it was based on a manifest error of fact—that Plaintiff was not in compliance with PTO 71A. Because

---

[14] Indeed, PTO 71A paragraph 2, titled "Sources of ESI," specifically states, "[t]o the extent a *plaintiff used or maintained* any of the following ESI sources five (5) years prior to her docetaxel treatment or any time since her treatment, each plaintiff shall search the following sources for responsive ESI: . . . (iv) any social media *used by plaintiff* . . .." Doc. 1531 (emphasis added).

5

Plaintiff did fully comply with her PTO 71A obligations prior to this Court's dismissal of her case, the Court finds that her case should be reinstated.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration (Doc. 12366) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 12305) dismissing Plaintiff's case with prejudice is **VACATED** and Plaintiff's case (2:20-cv-1784) is **REINSTATED**.

New Orleans, Louisiana, this 21st day of March, 2022.

                                                **JANE TRICHE MILAZZO**
                                                **UNITED STATES DISTRICT JUDGE**