UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Tarnya King v.*<br>*Sanofi US Services Inc., et al.*<br>*Case No. 2:20-cv-03305* | : : : : : : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM OF LAW IN SUPPORT OF ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR UNTIMELY SERVICE OF PROCESS**

Plaintiff Tarnya King filed her Short Form Complaint on December 3, 2020, naming multiple defendants, including Accord Healthcare, Inc. ("Accord"). (Short Form Compl., Rec. Doc. 1). No return of service appears on the docket as to any defendants.[1] Plaintiff documents no attempt to serve Accord until March 23, 2022, more than a year after filing her Complaint. (*See* March 23, 2022 Email from Plaintiff's counsel to AccordService@tuckerellis.com, attached hereto as Exhibit 1).[2]

Under Fed. R. Civ. P. 4 and Pretrial Order Nos. 29 and 29A (Order and Amended Order Regarding Streamlined Service on Accord Healthcare, Inc.), Plaintiff was required to serve the Complaint within 90 days from the date the case was docketed in the MDL. (PTO 29, Master Docket, Rec. 303; PTO 29A, Master Docket, Rec. Doc. 13877). Plaintiff cannot demonstrate good

---

[1] Accord acknowledges that Plaintiff is not required to file returns of service on the docket pursuant to Pretrial Order No. 3 "unless filing the summons return becomes necessary." (PTO 3, Master Docket, Rec. Doc. 115).

[2] To date, Plaintiff has neither identified Accord in her Plaintiff Fact Sheet ("PFS") nor submitted CMO-12A product identification identifying Accord as the manufacturer of the docetaxel Plaintiff received. (*See* Plaintiff Fact Sheet, excerpt attached hereto as Exhibit 2).

5489130

cause for her failure to effect timely service in the face of this clear record of delay. Accordingly, Accord should be dismissed.

## ARGUMENT

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m).[3] If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for the failure, the court must extend the time period. *See id.*

In addition, particular to this MDL, on May 27, 2017, Judge Engeldhardt issued PTO 29, "Streamlined Service on Accord Healthcare, Inc.," in which the parties agreed to implement a streamlined process whereby plaintiffs may effect service by emailing the complaint to the designated email address within 90 days from the date the case is docketed in the MDL. (Master Docket, Rec. Doc. 303). Failure to serve a Complaint within the 90-day time period is "subject to the standards governing Fed. R. Civ. P. 4(m)." *See id.* ¶ 3. On March 7, 2022, Judge Milazzo entered PTO 29A, amending PTO 29 solely to update the designated email address. (Master Docket, Rec. Doc. 13877).

---

[3] A plaintiff may serve a corporation in a judicial district of the United States by (1) delivering a copy of the summons and complaint to an authorized agent; or (2) in a manner prescribed by Rule 4(e)(1) for serving an individual. *See* Fed. R. Civ. P. 4(h). Additionally, the Rules provide that an individual may be served pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Louisiana law, a plaintiff may serve an individual with either: (1) personal; or (2) domiciliary service. La. Code Civ. Proc. Ann. art. 1231.

5489130

Where a Complaint is not timely served and the defendant challenges service of process pursuant to a Rule 12(b)(5) Motion to Dismiss,[4] the burden is on the plaintiff to establish validity of service by showing that the Complaint was timely served or good cause for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

To establish "good cause," a plaintiff "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996). Where a plaintiff cannot demonstrate good cause for his or her failure to comply with the federal and local rules for service, courts sitting in the Eastern District of Louisiana have dismissed the case. *See Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *4 (E.D. La. June 14, 2018); *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004) (sustaining dismissal on the basis that attorney's medical problems and subsequent resignation did not constitute good cause in the face of the clear record of delay (3 months)). In *Lauderdale*, the court determined good cause did not exist where plaintiffs failed to serve defendants with an amended complaint for eight months due to "mistake." 2018 WL 2985316, at **3-4.

Although the Court has the discretionary power to extend time to effect service where good cause is lacking, the facts here do not support such a ruling. *See Pablovich v. Rooms to Go Louisiana Corp.*, No. CV 20-617, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020) (denying motion to dismiss where plaintiff twice attempted to serve defendant, defendant received a letter

---

[4] "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Matherne v. Louisiana through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020), *reconsideration denied*, No. CV 18-3396, 2020 WL 1503280 (E.D. La. Mar. 27, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed.)).

5489130

of representation from plaintiff's counsel, and the ongoing global pandemic of COVID-19 significantly impacted the normal order of business); *Barthelemy v. CHS-SLE LAND, L.L.C.*, No. CV 19-10086, 2020 WL 3605931, at *7 (E.D. La. July 2, 2020) (denying motion to dismiss where the delay was caused by a change in representation and plaintiff's new counsel effected service only 30 days late); *Crane v. Johnson & Johnson*, No. CV 20-1018, 2020 WL 7129882, at *6 (E.D. La. Dec. 4, 2020) (denying motion where defendants closed their physical offices due to COVID-19 thereby preventing plaintiff from serving defendants). Here, Plaintiff's counsel has not changed since the initial filing, Plaintiff's only effort to serve Accord came a year late, and there have been no barriers to service during the COVID-19 pandemic given the streamlined service order in place.

## CONCLUSION

Plaintiff cannot demonstrate good cause for her failure to comply with the Federal Rules and Pretrial Order Nos. 29 and/or 29A to effect timely service. Accordingly, Accord respectfully requests that this Court grant Accord's motion to dismiss due to improper service of process.

DATED: April 12, 2022                    Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com

*Attorney for Defendant*
*Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, a copy of the foregoing *Memorandum of Law in Support of Accord Healthcare, Inc.'s Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

> Respectfully submitted,
>
> */s/ Julie A. Callsen*
> Julie A. Callsen
>
> *One of the Attorneys for Defendant
> Accord Healthcare, Inc.*

5489130