**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | : | |
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" (5) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | HON. JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL NORTH |
| | : | |
| *Hilda Adams v. Accord Healthcare, Inc.* | : | |
| *Gloria J. Cooper v. Accord Healthcare, Inc.* | : | |
| *Carol Woodson v. Accord Healthcare, Inc.* | : | |
| *Arquice Conley v. Sandoz Inc.* | : | |
| | | |
| *Case No. 2:16-cv-17583* | | |
| *Case No. 2:18-cv-00194* | | |
| *Case No. 2:17-cv-12674* | | |
| *Case No. 2:18-cv-09799* | | |

## DEFENDANTS ACCORD HEALTHCARE, INC. AND SANDOZ INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT ON PREEMPTION GROUN

Defendants Accord Healthcare, Inc. ("Accord") and Sandoz Inc. ("Sandoz") advise the Court of recently issued supplemental authority pertinent to Defendants' Motions for Summary Judgment based on federal preemption, which remain pending in the *Adams*, *Cooper*, *Woodson*, and *Conley* cases.

Recently, the Court overseeing multidistrict litigation involving the drug Fosamax in the District of New Jersey held that the state law failure-to-warn claims alleged by more than 500 individuals were preempted by federal law. *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, No. 08-CV-08 (FLW), 2022 WL 855853 (D.N.J. Mar. 23, 2022) (attached as Exhibit A). *Fosamax* was on remand from the Supreme Court through the Third Circuit to apply the

preemption standards the Supreme Court established for addressing preemption questions in *Merck, Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1680 (2019).

In ruling in the defendants' favor, the *Fosamax* court considered *and rejected* some of the same arguments made by the Plaintiffs in the above-captioned cases, including the argument that *Albrecht* "should be read to mean that a manufacturer must have *actually requested* a label change that the FDA *then expressly rejected*" before it may prevail on a preemption defense. *Fosamax*, 2022 WL 855853 at *12 (emphases in original). The Court observed that "[i]n dozens of district court cases since [*Albrecht*], not one court has interpreted [*Albrecht*] to establish a new standard for impossibility preemption requiring agency action or manufacturer action." *Id.* Instead, "the 'universal' standard that a manufacturer need not submit a PAS and CBE to the FDA to preserve its preemption defense remains intact." *Id.* at *13. In fact, "[i]t is technically a violation of federal law to propose a CBE that is not based on reasonable evidence.'" *Id.* at *29 (quoting *Mason v. SmithKline Beecham Corp.*, 596 F.3d 387, 392 (7th Cir. 2010)).

Moreover, the *Fosamax* court recognized that "the FDA will not approve a warning simply out of an abundance of caution whenever a manufacturer posits an association between a drug and an adverse event." *Id.* at *3. Indeed, it emphasized that consistent with the FDA's long-recognized policy of avoiding "inclusion of speculative or hypothetical risks, [which] could discourage appropriate use of a beneficial drug," the FDA takes "a more conservative approach than state tort law, which generally incentivizes a manufacturer to warn about every conceivable hazard to limit liability." *Id.* (citing *Wyeth v. Levine*, 555 U.S. 555 (2009)). A "contrary rule," the court explained, "would incentivize manufacturers to submit a CBE amendment regardless of risk magnitude or scientific justification, which would impose an undue burden on the FDA." *Id.* at *32; *see also id.* ("Indeed, '[w]hile it is important for a manufacturer to warn of potential side effects, it is equally

2

important that it not overwarn because overwarning can deter potentially beneficial uses of the drug by making it seem riskier than warranted and can dilute the effectiveness of valid warnings.'") (quoting *Mason v. SmithKline Beecham Corp.*, 596 F.3d 387, 392 (7th Cir. 2010)).

This decision, while not binding on district courts outside of New Jersey, provides guidance on issues raised in Plaintiffs' opposition briefs and provides guidance on issues raised in the motion and related briefing.

Date:  April 13, 2022                                        Respectfully submitted,

                                                             */s/ Julie A. Callsen*
                                                             Julie A. Callsen
                                                             Michael J. Ruttinger
                                                             Brenda A. Sweet
                                                             TUCKER ELLIS LLP
                                                             950 Main Avenue, Suite 1100
                                                             Cleveland, OH  44113-7213
                                                             Telephone:    216.592.5000
                                                             Facsimile:    216.592.5009
                                                             Email:        julie.callsen@tuckerellis.com
                                                                           michael.ruttinger@tuckerellis.com
                                                                           brenda.sweet@tuckerellis.com

                                                             *Attorneys for Defendant Accord Healthcare, Inc.*


                                                             */s/ Lori G. Cohen*
                                                             Lori G. Cohen
                                                             R. Clifford Merrell
                                                             Evan C. Holden
                                                             GREENBERG TRAURIG, LLP
                                                             Terminus 200
                                                             3333 Piedmont Road, N.E., Suite 2500
                                                             Atlanta, Georgia 30305
                                                             Telephone:    678.553.2100
                                                             Facsimile:    678.553.2386
                                                             Email:        CohenL@gtlaw.com
                                                                           MerrellC@gtlaw.com
                                                                           HoldenE@gtlaw.com


                                                             *Attorneys for Defendant Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, a true and correct copy of *Defendants Accord Healthcare, Inc. and Sandoz Inc.'s Notice of Supplemental Authority in Support of Their Motions for Summary Judgment on Preemption Grounds* was filed via the ECF system that will send notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

5505359