UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCT LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: Barbara Stein v. Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. et al.; Case No.: 2:17-cv-13911 | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |

### MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM INCORRECT NOTICE OF PARTIAL VOLUNTARY DISMISSAL PURSUANT TO RULE 60(b)

MAY IT PLEASE THE COURT:

Plaintiff, by and through the undersigned counsel, respectfully requests relief from the incorrect notice of partial dismissal with prejudice as to all Defendants in this matter except as to Accord Healthcare, Inc. and Sanofi-Aventis US LLC d/b/a Winthrop US., and requests that the Court vacate said notice of partial dismissal pursuant to Rule 60(b), and respectfully submit that this relief is warranted due to mistake, clerical error, and excusable neglect.

### INTRODUCTION

Pursuant to this Court's Case Management Order No. 12A ("CMO 12A"), Plaintiff sought partial dismissal of all Defendants except Accord Healthcare, Inc. and Sanofi-Aventis US LLC d/b/a Winthrop U.S. However, the notice of partial dismissal and voluntary discontinuance filed on February 15, 2022 (Doc. No. 13803) inadvertently, and by mistake and clerical error, provided this Court with notice of Plaintiff's notice of intent to dismiss all Defendants except Actavis LLC and Actavis Pharma, Inc. Plaintiff demonstrates herein that all Defendants, except

1

for Accord Healthcare, Inc. and Sanofi-Aventis US LLC d/b/a Winthrop US, should be dismissed. Plaintiff further submits that this Court should allow Plaintiff to withdraw the erroneous notice of partial dismissal filed on February 15, 2022 (Doc. No. 13803) and instead file a notice of dismissal of Actavis LLC and Actavis Pharma, Inc. because upon information and belief, Actavis LLC and Actavis Pharma,Inc. should properly be dismissed, along with the previously properly dismissed defendants.

## **PROCEDURAL HISTORY**

Plaintiff's complaint was filed, by and through the undersigned counsel, in the Taxotere (Docetaxel) Products Liability Litigation MDL 2740 in the Eastern District of Louisiana on November 30, 2017.

On April 18, 2019, Plaintiff Barbara Stein ("Plaintiff") uploaded medical records from Covenant Health System establishing that Plaintiff was administered Taxotere from November 11, 2014 through March 4, 2015. (Document ID 492729). No Defendant disputes that the medical records show Plaintiff was administered Taxotere on those dates.

On February 8, 2022 Counsel for Plaintiff received an e-mail from Counsel for Actavis LLC and Actavis Pharma, Inc. stating that the records indicated that his client did not administer Taxotere to Plaintiff and to dismiss all defendants, except Accord Healthcare, Inc. and Sanofi-Aventis US d/b/a Winthrop US. Then on February 15, 2022 the undersigned counsel erroneously filed a partial dismissal with prejudice as to all defendants except Actavis LLC and Actavis Pharma, Inc. (Doc. No. 13803)

A week later, on February 22, 2022 the undesigned counsel filed a notice to withdraw the filing of the notice of dismissal.[1] (Doc. No. 13822). The withdrawal of the notice of dismissal was rejected as a defective document. The undersigned counsel was then advised by the clerk of court to file the instant motion to withdraw the notice of partial dismissal.

Plaintiff in this matter contacted all counsel of record and notified them of the mistake and error and requested that counsel for Defendants respond with any objections to this motion to modify the notice of partial dismissal.

Plaintiff now moves to vacate or withdraw the Notice of Partial dismissal with Prejudice as to All Except Actavis LLC and Actavis Pharma, Inc., Inc. (Doc. No. 13803) due to mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1).

## **LEGAL STANDARD**

Federal Rules of Civil Procedure Rule 60(b) set forth the "Grounds for Relief from a Final Judgment, Order, or Proceeding". Fed. R. Civ. Pro. Rule 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party);

---

[1] Undersigned counsel believed that the notice to withdraw the dismissal would be effective since it was so close in time to the filing of the dismissal

3

   4) the judgment is void;

   5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   6) any other reason that justifies relief.

Fed. R. Civ. Pro. Rule 60(b).

## ARGUMENT

Federal Rule of Civil Procedure 60(b)91) permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993). The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances. *Pioneer Inv. Servs.*, 113 S. Ct. 1489 (1993) at 382. Whether "to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Violante v. Allstate Tex. Lloyds*, No 7:17-CV-335, 208 U.S. Dist. LEXIS 213822, at *3 (S.D.. Tex. Dec. 19, 2018). "[A] party remains under a duty to take legal steps to protect his own interests." *Id*. Plaintiff has demonstrated that relief under Rule 60(b)(1) is warranted in this case the inadvertent dismissal of the proper parties in this matter instead of dismissing was due to mistake, inadvertence, surprise, and excusable neglect. Plaintiff's medical records, which have been in Defendants' possession since August 25, 2020, clearly show that Plaintiff was administered Taxotere by Accord Healthcare, Inc and Sanofi-Aventis LLC d/b/a Winthrop U.S.

Here, Plaintiff has good cause for the relief sought. As the Supreme Court has stated, the determination of whether neglect is "excusable" is an equitable one, "taking account of all relevant circumstances." *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1491 (1993). The Supreme Court has held for purposes of Fed. R. Civ. P. 60(b),

4

"excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer,* 507 U.S. at 394. Here, there has been no negligence attributable to Plaintiff or Plaintiff's counsel. Plaintiff and her counsel were, and still are, working diligently to make sure all claims are property supported and all requirements by the Court are being met. Plaintiff and her counsel acted in good faith, as shown by their actions, to properly litigate Plaintiff's claims.

Furthermore, setting aside the inadvertent notice of dismissal of all Defendants except Accord Healthcare and Sanofi-Aventis US LLC d/b/a Winthrop U.S. and would not prejudice Defendants, but would severely prejudice Plaintiff. The Supreme Court of the United States held in *Pioneer,* the lack of any prejudice to the defendant, or to the interest of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim. *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1491 (1993). Defendants have been aware of Plaintiff' claims since, at the earliest, the time of service of the medical records showing her Taxotere use: August 25, 2020. Plaintiff and Plaintiff's counsel have, at all times, acted in good faith to pursue Plaintiffs' claims. It was not until around February 22, 2022 a mere one week after filing the dismissal on February 15, 2022 that Plaintiffs' counsel became aware of the inadvertent clerical error in the notice of partial dismissal which was field by mistake.

Thus, vacation or withdrawal of the notice of partial dismissal with prejudice as to all Defendants in this matter except Accord Healthcare, Inc. and Sanofi Aventis U.S. LLC d/b/a Winthrop U.S. (Doc. NO. 8256) is proper. Plaintiff's counsel submits that there was no act of negligence on behalf of counsel for Plaintiff, that Defendants would not be prejudiced by a vacation or withdrawal of the incorrect notice, and that Plaintiff and Plaintiff's counsel alike

5

have acted in good faith throughout the litigation of this matter. Furthermore, the inadvertent filing by Plaintiff's counsel by mistake should not result in the dismissal of prejudice of the proper parties in this action. Such a result would be contrary to this Court's strong preference for adjudication of claims on the merits. The undersigned counsel's mistake, inadvertence, or even "excusable neglect" should not result in the dismissal with prejudice of the proper parties this action.

Lastly, vacating the Notice of Partial Dismissal is timely and consistent with the Court's previous rulings vacating similar motions.

## CONCLUSION

Plaintiff respectfully requests that this Court set aside the notice of partial dismissal with prejudice as to all Defendants in this matter except Actavis LLC and Actavis Pharma, Inc., Inc. filed on September 20, 2019 (Doc. No. 8256), because this notice was filed inadvertently and by mistake, due to clerical errors therein, and adjudication of this case on its merits required the relief sought.

Date: April 13, 2022

Respectfully Submitted,
SCHMIDT NATIONAL LAW GROUP

By: */s/Martin Schmidt*
Martin Schmidt (SB#171673)
3033 Fifth Avenue, Suite 335
San Diego, CA 92103
Telephone: (800) 631-5656
Facsimile: (619) 393-1777
mschmidt@nationalinjuryadvocates.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record and all CM/ECF participants registered to receive service in this MDL.

*/s/Martin Schmidt*
MARTIN SCHMIDT
