UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

**Beverly Dickerson, Case No. 17-11894**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Beverly Dickerson's strict liability and negligence claims[1] are time barred on the face of her pleadings. Alabama's two-year statute of limitations started running in January 2012 when Ms. Dickerson sustained her pleaded injury six months after she finished chemotherapy in July 2011. Her two-year limitations period accordingly expired in January 2014. But Ms. Dickerson did not file suit until November 2017—three years and ten months too late.

Because Ms. Dickerson's claims are time barred on their face, her case can only survive if she can show that a statutory exception or equitable tolling provision applies to render the filing of her lawsuit timely. But no such grounds exist for tolling Ms. Dickerson's claims. Ms. Dickerson's strict liability and negligence claims should be dismissed as time barred pursuant to Fed. R. Civ. P. 12(c) as a result.

Ms. Dickerson's remaining claims sounding in fraud[2] should also be dismissed pursuant to Rules 9(b) and 12(c). This Court previously ruled that any allegations of fraud must be "perfected within the short form complaints filed in the individual member cases." Ms. Dickerson has not

---

[1] *See* Exhibit A, Ms. Dickerson's Short Form Complaint ("SFC") ¶ 13 (Counts I and III).

[2] *Id*. (Counts IV, V, VI, VII).

alleged sufficient facts in her short form complaint to establish any viable fraud-based claims, and, as a result, Ms. Dickerson's remaining claims for negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit, must also be dismissed.

## FACTUAL BACKGROUND

Ms. Dickerson filed her original Short Form Complaint ("SFC") on November 6, 2017, adopting the allegations in the Second Amended Master Complaint.[3] The Second Amended Master Complaint defines "permanent" alopecia as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[4] Ms. Dickerson claims she received a chemotherapy regimen that included Taxotere from April to July 2011.[5] Ms. Dickerson further alleges that Taxotere caused her to develop permanent "hair loss and thinning" six months later, beginning approximately in "January 2012."[6] Accordingly, Ms. Dickerson's injury accrued in January 2012.

The Second Amended Master Complaint further alleges that permanent alopecia is so apparent that it has stigmatized Plaintiffs (including Ms. Dickerson) and negatively affected body image, social relationships, and emotional well-being.[7] Despite specifically pleading that she developed this stigmatizing permanent hair loss six months after she finished treatment with Taxotere, Ms. Dickerson waited almost six more years before filing her untimely lawsuit in November 2017.

---

[3] Ex. A, SFC at 1.

[4] Rec. Doc. 4407 (Second Amended Master Complaint) ¶ 181 (defining "PCIA" as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy.").

[5] Ex. A, SFC ¶ 10.

[6] Ex. A, SFC ¶ 12.

[7] *See* Rec Doc. 4407 ¶¶ 214–220.

## **LEGAL STANDARD**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accordingly must accept all well-pleaded facts alleged in the plaintiff's complaint as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A motion for judgment on the pleadings is appropriate where "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

In the case of affirmative defenses, judgment on the pleadings should be granted where the affirmative defense is apparent on the face of the complaint such that no question of fact exists. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (West 2009); *see also Roger Lee, Inc. v. Trend Mills, Inc.*, 410 F.2d 928, 930 (5th Cir. 1969) (affirming judgment on the pleadings in favor of the defendant based upon statute of limitations).

## **ARGUMENT**

**I.    Ms. Dickerson's Strict Liability and Negligence Claims Are Time-Barred.**

Ms. Dickerson's strict liability and negligence claims are time-barred because: (1) on the face of her own pleadings, she sustained her injury six months after the end of her chemotherapy treatment, but did not file suit within two years thereafter; and (2) she cannot show any tolling exception applies to save her otherwise untimely claims.

3

### A. Ms. Dickerson's claims are time-barred on their face.

Plaintiff alleges she experienced her injury—permanent hair loss allegedly caused by Taxotere[8]—in January 2012, six months after she completed chemotherapy treatment in July 2011. The Second Amended Master Complaint defines permanent chemotherapy-induced alopecia ("PCIA") as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[9] In filing her Short Form Complaint ("SFC"), Ms. Dickerson adopted the Second Amended Master Complaint's allegations, including the six-month injury definition.[10] This Court has recognized multiple times, under multiple states' laws, that, "on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."[11] Ms. Dickerson completed chemotherapy in July 2011.[12] On the face of her pleadings, and consistent with this Court's prior rulings, Ms. Dickerson accordingly

---

[8] *See, e.g.*, Rec. Doc. 4407 ¶ 231. Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere. Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary. However, for the purposes of this Motion, even if Taxotere caused Ms. Dickerson injuries, her claims still are time-barred under Alabama law.

[9] Rec. Doc. 4407 ¶ 181; *see also* Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Second Amended Master Complaint) at 4; *In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 390 (5th Cir. 2021) ("As a matter of law, the injury of 'an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy' is sustained when, six months after the completion of chemotherapy, a person has an absence of or incomplete hair regrowth.").

[10] Ex. A, SFC at 1 (adopting allegations set forth in the Master Complaint).

[11] Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("This Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 (Second Amended Master Complaint) ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Second Amended Master Complaint).

[12] Ex. A, SFC ¶ 10.

sustained her injury in January 2012.[13]

Pursuant to Alabama Code § 6-2-38(l), Ms. Dickerson had two years from the date she sustained her injury to file suit. *Id.* ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). The two-year "statute of limitations begins to run when the cause of action accrues, which [according to the Alabama Supreme Court] is the date the first legal injury occurs." *Ex parte Abbott Lab'ys*, No. 1191001, 2021 WL 2176897, at *7 (Ala. May 28, 2021) (citation omitted). The first legal injury occurs "as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of the damage is apparent[.]" *Id.* (citation omitted). Because the statute of limitations began running on Ms. Dickerson's claims in January 2012 when she sustained her injury, her claims would only be timely if filed by January 2014. Ms. Dickerson, however, did not file her Complaint until November 2017, and her claims are time barred on the face of her pleadings.

### B. No exception applies to save Ms. Dickerson's untimely claims.

Under Alabama law, it is Plaintiff's burden to show that an otherwise untimely claim falls within an exception to the statute of limitations. *See, e.g.*, *DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010) ("it is the plaintiff's burden to show that he or she falls within the savings clause of § 6-2-3."); *see also Weaver v. Firestone*, 155 So. 3d 952, 957 (Ala. 2013) (plaintiff bears the burden of showing that equitable tolling applies to save her claims); *Travis v. Ziter*, 681 So. 2d 1348, 1351 (Ala. 1996) (dismissal based on the statute of limitations is proper where, from the face of the complaint, it is apparent that tolling provisions do not apply).

---

[13]   *See also* Ex. A, SFC ¶ 12.

### 1. No discovery rule applies to toll Ms. Dickerson's untimely claims.

Alabama courts refuse to apply a discovery rule to strict liability and negligence claims, meaning the statute starts running when the injury is sustained, not when its cause is discovered. *See Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) ("[T]his Court has declined to apply a 'discovery rule.'") (citing *Ramey v. Guyton,* 394 So.2d 2 (Ala.1980)); *Utilities Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 292–93 (Ala. 2013) (collecting cases).

Alabama Code § 6-2-3 codifies a limited discovery principle that applies only to claims sounding in fraud. *Id*. ("In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."). To invoke the savings clause in § 6-2-3, "a complaint must allege . . . the facts or circumstances by which the defendants concealed the cause of action or injury, and what prevented the plaintiff from discovering the facts surrounding the injury." *DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010). As discussed below, Ms. Dickerson has not adequately pled fraud so cannot rely on § 6-2-3 to toll the statute. Even if she could, the fraudulent-concealment allegations found in the Second Amended Master Complaint are too generic to support a finding that Sanofi concealed Ms. Dickerson's cause of action from her.[14] *See McKenzie v. Janssen Biotech, Inc.*, 295 So. 3d 617, 622−623 (Ala. 2019) (generalized statements that defendants allegedly concealed adverse side effects from the public and that plaintiff did not learn that his injuries were attributable to the substance at issue until later are not sufficient to apply §

---

[14]   Rec. Doc. 4407 ¶¶ 250−256.

6-2-3). This Court has rejected this type of argument under similar law.[15] This limited exception accordingly cannot be applied to save Ms. Dickerson's untimely claims.

### 2. The doctrine of equitable tolling does not apply to Ms. Dickerson's untimely claims.

In Alabama, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way as to the filing of his action." *Weaver v. Firestone*, 155 So. 3d 952, 957 (Ala. 2013) (internal quotation marks and citation omitted). The threshold necessary to trigger equitable tolling is high. *Id.* at 957. Courts have allowed equitable tolling in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (footnotes omitted). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

Plaintiff has not pleaded any facts demonstrating that she pursued her judicial rights diligently after she sustained her injury or that some "extraordinary circumstance" prevented her from filing her cause of action. As discussed, Ms. Dickerson's only potentially viable claims are for failure to warn and negligence, not fraud. Regardless, the Second Amended Master Complaint advances only run-of-the-mill arguments that Sanofi allegedly concealed the risks associated with Taxotere. Those types of boilerplate fraudulent-concealment allegations could not support a finding that Sanofi made statements intended to induce Ms. Dickerson not to file suit or that Ms. Dickerson relied on them to her detriment.

---

[15] *See* Rec. Doc. 12057 at 7−8 (finding Ms. Greer's allegation that Sanofi prevented her from discovering Taxotere's alleged risk of permanent hair loss was not the same as alleging that Sanofi prevented Ms. Greer from discovering her claim and was insufficient for Mississippi's fraudulent concealment tolling exception).

7

Additionally, Ms. Dickerson admitted her injuries were present by 2012,[16] and the Second Amended Master Complaint explicitly identifies publicly available news articles and studies associating Taxotere with her alleged injury years before Ms. Dickerson received chemotherapy.[17] The Fifth Circuit already determined that publicly available information regarding Taxotere and the reported risk of PCIA, dating back to 2006, would have been uncovered by a plaintiff exercising reasonable diligence.  *See In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 393 (5th Cir. 2021) (finding evidence "relevant to what a reasonable inquiry" by plaintiffs would have uncovered was publicly available as early as 2006 when "women who called themselves 'Taxotears' formed a group with an online presence"; this was followed by a 2010 Canadian newspaper article, and coverage by CBS News online).  Because due diligence would have revealed publicly available information regarding her claim well before November 2015, two years before Ms. Dickerson filed suit, and because no "extraordinary circumstance" exists, Ms. Dickerson's untimely claims cannot be saved by the doctrine of equitable tolling.

## II. Ms. Dickerson Has Alleged No Facts Supporting Her Fraud-Based Claims, and They Too Should Be Dismissed.

In addition to her strict liability failure-to-warn and negligence claims, Ms. Dickerson asserts four claims sounding in fraud: negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit.[18]  To state a claim for fraud, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud."

In ruling on Defendants' Motion to Dismiss the First Amended Master Complaint in 2017, Judge Engelhardt recognized the "limitations" associated with formulating fraud-based allegations

---

[16]   Ex. A, SFC ¶ 12.

[17]   *See e.g.*, Rec. Doc. 4407 ¶¶ 150−155.

[18]   *See* Ex. A, SFC ¶ 13.

within a Master Long Form Complaint.[19] While Judge Engelhardt did not dismiss fraud-based counts from the MDL entirely at that time, he specifically ruled that any allegations of fraud must be "perfected within the short form complaints filed in the individual member cases."[20] Ms. Dickerson, however, has not pleaded *any* facts in her SFC supporting her fraud-based claims.[21] All of Ms. Dickerson's fraud-based claims accordingly must be dismissed under Rules 12(c) and 9(b) consistent with Judge Engelhardt's prior ruling.

## CONCLUSION

For the reasons stated above, Ms. Dickerson's claims must be dismissed.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

---

[19] *See* Exhibit B, Hr'g Tr., at 22:22–23:7 (Aug. 30, 2017) (Engelhardt J., presiding).

[20] *Id.* at 23:4–7.

[21] *See generally* Ex. A, SFC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*