# EXHIBIT B

1                     UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
2

3      ****************************************************************

4      IN RE:  TAXOTERE
       (DOCETAXEL) PRODUCTS
5      LIABILITY LITIGATION

6                                   CIVIL ACTION NO. 16-MD-2740 "N"
                                    NEW ORLEANS, LOUISIANA
7                                   WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

8      THIS DOCUMENT RELATES TO:

9      ALL CASES

10     ****************************************************************

11
                      TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12             HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                      UNITED STATES DISTRICT JUDGE
13

14     APPEARANCES:

15

16     FOR THE PLAINTIFFS:         BARRIOS KINGSDORF & CASTEIX
                                   BY:  DAWN M. BARRIOS, ESQ.
17                                      BRUCE S. KINGSDORF, ESQ.
                                   701 POYDRAS STREET, SUITE 3650
18                                 NEW ORLEANS, LOUISIANA 70139

19

20                                 GAINSBURGH BENJAMIN DAVID
                                   MEUNIER & WARSHAUER
21                                 BY:  M. PALMER LAMBERT, ESQ.
                                   1100 POYDRAS STREET, SUITE 2800
22                                 NEW ORLEANS, LOUISIANA 70163

23

24                                 PENDLEY BAUDIN & COFFIN
                                   BY:  CHRISTOPHER L. COFFIN, ESQ.
25                                 1515 POYDRAS STREET, SUITE 1400
                                   NEW ORLEANS, LOUISIANA 70112

                         *OFFICIAL TRANSCRIPT*

As a threshold matter, just as the Court in *In re: Zofran* multi-district litigation, which is Multi-District Case Number 2657, noted when explaining the framework or the context within which to consider allegations of fraud within an MDL, "It is true that this case, like most MDL proceedings, employs the device of a master complaint supplemented by individual short form complaints that adopt the master complaint in whole or in part.

"It is also true that a master complaint could not possibly be expected to include every case-specific detail such as a particular misleading statement made by a particular sales representative to the physician of an individual plaintiff."

The court further explained that "the complaint in each action in this proceeding consists of the master complaint and the individual short form complaint, taken together." The Court in this case likewise considers, insofar as pleading is concerned, not only the Master Long Form Complaint, but also the short form complaints that have been and will be filed in this case to flesh out the allegations made with regard to particular plaintiffs

While this Court will not allow a lower pleading standard in the matter generally purely because of the consolidated nature of these proceedings, it is necessary for the Court to recognize the limitations and restrictions on

**OFFICIAL TRANSCRIPT**

10:00:40 1   plaintiffs' counsel in formulating allegations within a Master

10:00:45 2   Long Form Complaint, as well as the administrative function of

10:00:47 3   a master complaint.

10:00:49 4            However, with that being said, specific

10:00:51 5   allegations, particularly with respect to any allegations of

10:00:54 6   fraud, should be perfected within the short form complaints

10:00:59 7   filed in the individual member cases.

10:01:01 8            However, also at this point in the litigation,

10:01:03 9   allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to

10:01:10 10  proceed serves the goals of the MDL.   Just as the Court noted

10:01:12 11  in the *In re:  Trasylol Product Liability Litigation* -- you can

10:01:22 12  find that at 2009 Westlaw 577726 -- this Court finds that it is

10:01:28 13  in the best interest of justice to allow these claims to go

10:01:32 14  forward, and to more appropriately be addressed when we move to

10:01:38 15  the summary judgment phase of the case.

10:01:39 16           Now, with respect to Counts 2 and 8, which allege

10:01:44 17  strict liability for misrepresentation and breach of an express

10:01:47 18  warranty respectively, the Court requires additional

10:01:52 19  information from plaintiffs.

10:01:53 20           The defendants are correct in stating that the

10:01:55 21  plaintiffs have not provided any express statement by the

10:01:57 22  defendants that was either misleading or an express warranty

10:02:01 23  and relied upon by a plaintiff or a particular group of

10:02:05 24  plaintiffs.

10:02:06 25           The Court agrees that plaintiffs cannot state a

**OFFICIAL  TRANSCRIPT**