# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************

 4   IN RE:  TAXOTERE
     (DOCETAXEL) PRODUCTS
 5   LIABILITY LITIGATION

 6                                CIVIL ACTION NO. 16-MD-2740 "N"
                                  NEW ORLEANS, LOUISIANA
 7                                WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8   THIS DOCUMENT RELATES TO:

 9   ALL CASES

10   ****************************************************************

11
                  TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12              HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                       UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15

16   FOR THE PLAINTIFFS:         BARRIOS KINGSDORF & CASTEIX
                                 BY:  DAWN M. BARRIOS, ESQ.
17                                    BRUCE S. KINGSDORF, ESQ.
                                 701 POYDRAS STREET, SUITE 3650
18                               NEW ORLEANS, LOUISIANA 70139

19

20                               GAINSBURGH BENJAMIN DAVID
                                 MEUNIER & WARSHAUER
21                               BY:  M. PALMER LAMBERT, ESQ.
                                 1100 POYDRAS STREET, SUITE 2800
22                               NEW ORLEANS, LOUISIANA 70163

23

24                               PENDLEY BAUDIN & COFFIN
                                 BY:  CHRISTOPHER L. COFFIN, ESQ.
25                               1515 POYDRAS STREET, SUITE 1400
                                 NEW ORLEANS, LOUISIANA 70112
                            *OFFICIAL TRANSCRIPT*
```

```
09:59:14   1              As a threshold matter, just as the Court in In
09:59:21   2   re: Zofran multi-district litigation, which is Multi-District
09:59:24   3   Case Number 2657, noted when explaining the framework or the
09:59:28   4   context within which to consider allegations of fraud within an
09:59:33   5   MDL, "It is true that this case, like most MDL proceedings,
09:59:37   6   employs the device of a master complaint supplemented by
09:59:40   7   individual short form complaints that adopt the master
09:59:45   8   complaint in whole or in part.
09:59:46   9              "It is also true that a master complaint could
09:59:48  10   not possibly be expected to include every case-specific detail
09:59:53  11   such as a particular misleading statement made by a particular
09:59:56  12   sales representative to the physician of an individual
10:00:00  13   plaintiff"
10:00:01  14              The court further explained that "the complaint
10:00:03  15   in each action in this proceeding consists of the master
10:00:06  16   complaint and the individual short form complaint, taken
10:00:11  17   together."  The Court in this case likewise considers, insofar
10:00:15  18   as pleading is concerned, not only the Master Long Form
10:00:19  19   Complaint, but also the short form complaints that have been
10:00:22  20   and will be filed in this case to flesh out the allegations
10:00:25  21   made with regard to particular plaintiffs
10:00:27  22              While this Court will not allow a lower pleading
10:00:32  23   standard in the matter generally, purely because of the
10:00:33  24   consolidated nature of these proceedings, it is necessary for
10:00:35  25   the Court to recognize the limitations and restrictions on
```

*OFFICIAL TRANSCRIPT*

10:00:40  1    plaintiffs' counsel in formulating allegations within a Master
10:00:45  2    Long Form Complaint, as well as the administrative function of
10:00:47  3    a master complaint.
10:00:49  4            However, with that being said, specific
10:00:51  5    allegations, particularly with respect to any allegations of
10:00:54  6    fraud, should be perfected within the short form complaints
10:00:59  7    filed in the individual member cases.
10:01:01  8            However, also at this point in the litigation,
10:01:03  9    allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to
10:01:10 10    proceed serves the goals of the MDL.  Just as the Court noted
10:01:12 11    in the *In re: Trasylol Product Liability Litigation* -- you can
10:01:22 12    find that at 2009 Westlaw 577726 -- this Court finds that it is
10:01:28 13    in the best interest of justice to allow these claims to go
10:01:32 14    forward, and to more appropriately be addressed when we move to
10:01:38 15    the summary judgment phase of the case.
10:01:39 16            Now, with respect to Counts 2 and 8, which allege
10:01:44 17    strict liability for misrepresentation and breach of an express
10:01:47 18    warranty respectively, the Court requires additional
10:01:52 19    information from plaintiffs.
10:01:53 20            The defendants are correct in stating that the
10:01:55 21    plaintiffs have not provided any express statement by the
10:01:57 22    defendants that was either misleading or an express warranty
10:02:01 23    and relied upon by a plaintiff or a particular group of
10:02:05 24    plaintiffs.
10:02:06 25            The Court agrees that plaintiffs cannot state a