UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:

Annie Johnson, Case No. 17-6627

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Annie Johnson's strict liability and negligence claims[1] are time-barred on the face of her pleadings. North Carolina's three-year statute of limitations started running in January 2011 when Ms. Johnson sustained her pleaded injury six months after she finished chemotherapy in July 2010. Accordingly, her three-year limitations period expired in January 2014. But Ms. Johnson did not file suit until July 11, 2017—three years and six months too late.

Because Ms. Johnson's claims are time-barred on their face, her case can only survive if she can show that a statutory exception or equitable tolling provision applies to render the filing of her lawsuit timely. But no such grounds exist for tolling Ms. Johnson's untimely claims. Ms. Johnson's strict liability and negligence claims should be dismissed as time-barred pursuant to Federal Rule of Civil Procedure 12(c) as a result.

Ms. Johnson's remaining claims[2] sounding in fraud should also be dismissed pursuant to Rules 9(b) and 12(c). This Court previously ruled that any allegations of fraud must be "perfected

---

[1] *See* Exhibit A, Plaintiff Annie Johnson's Short Form Complaint ("SFC") ¶ 13 (Counts I and III).

[2] *Id.* (Counts IV, V, VI, and VII). Ms. Johnson also originally brought claims for strict liability misrepresentation and breach of express warranty, *id.* (Counts II and VIII), but those claims have since been dismissed. Rec. Doc. 877 (Pretrial Order No. 61 Dismissing Counts Two and Eight of the Master Long Form Complaint).

1

within the short form complaints filed in the individual member cases." Ms. Johnson has not alleged sufficient facts in her short form complaint to establish any viable fraud-based claims, and, as a result, Ms. Johnson's remaining claims for negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit, must also be dismissed.

## FACTUAL BACKGROUND

Ms. Johnson filed her original Short Form Complaint ("SFC") on July 11, 2017, alleging the Taxotere in her chemotherapy treatment caused her to develop "disfiguring permanent alopecia" on her scalp.[3] Ms. Johnson, in her SFC, also adopted the allegations in the Second Amended Master Complaint defining "permanent" alopecia as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[4] Ms. Johnson claims she received chemotherapy treatment that included Taxotere from April 29, 2010, to July 1, 2010.[5] Accordingly, Ms. Johnson sustained her injury in January 2011.

The Second Amended Master Complaint further alleges that permanent alopecia is so apparent that it has stigmatized Plaintiffs (including Ms. Johnson) and negatively affected their body image, social relationships, and emotional well-being.[6] Despite specifically pleading that she developed this stigmatizing permanent alopecia six months after she finished treatment with Taxotere, by January 2011 at the latest, Ms. Johnson waited six and a half years before filing her lawsuit.[7]

---

[3] Ex. A, SFC ¶ 12.

[4] *Id.* at 1; Rec. Doc. 4407 (Second Amended Master Complaint) ¶ 181 (defining "PCIA" as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy").

[5] Ex. A, SFC ¶ 10.

[6] *See* Rec Doc. 4407 ¶¶ 214–220.

[7] *See* Ex. A, SFC at 1.

## **LEGAL STANDARD**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts alleged in the plaintiff's complaint as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A motion for judgment on the pleadings is appropriate where "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

In the case of affirmative defenses, judgment on the pleadings should be granted where the affirmative defense is apparent of the face of the complaint such that no question of fact exists. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (West 2009); *see also Roger Lee, Inc. v. Trend Mills, Inc.*, 410 F.2d 928, 930 (5th Cir. 1969) (affirming judgment on the pleadings in favor of the defendant based upon statute of limitations).

## **ARGUMENT**

### I. Ms. Johnson's Strict Liability and Negligence Claims Are Time-Barred.

Ms. Johnson's claims are time-barred because: (1) on the face of her own pleadings, she sustained her injury six months after the end of her chemotherapy treatment but did not file suit within three years thereafter; and (2) she cannot show any tolling exception applies to save her otherwise untimely claims.

#### A. Ms. Johnson's claims are time-barred on their face.

Ms. Johnson alleges she experienced her injury—permanent hair loss allegedly caused by

Taxotere[8]—in January 2011, six months after she completed chemotherapy treatment in July 2010. The Second Amended Master Complaint defines permanent chemotherapy-induced alopecia ("PCIA") as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[9] In filing her SFC, Ms. Johnson specifically adopted the Second Amended Master Complaint's allegations, including the six-month injury definition.[10] This Court has recognized multiple times, under multiple states' laws, that, "on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."[11] Ms. Johnson completed chemotherapy in July 2010.[12] On the face of her pleadings, and consistent with this Court's prior rulings, Ms. Johnson sustained her injury in January 2011.[13]

Pursuant to North Carolina General Statute § 1-52 (5), a plaintiff has three years from the time their cause of action accrues to file their complaint. N.C. Gen. Stat. Ann. § 1-52 (5)

---

[8] *See e.g.*, Rec. Doc. 4407 ¶ 231. Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere. Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary. However, for the purposes of this Motion, even if Taxotere caused Ms. Johnson's injuries, her claims still are time-barred under North Carolina law.

[9] Rec. Doc. 4407 ¶ 181; *see also In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 390 (5th Cir. 2021) ("As a matter of law, the injury of 'an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy' is sustained when, six months after the completion of chemotherapy, a person has an absence of or incomplete hair regrowth."); Rec. Doc. 12057 at 4 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Second Amended Master Complaint).

[10] Ex. A, SFC at 1 (adopting allegations set forth in the Second Amended Master Complaint).

[11] Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("This Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 (Second Amended Master Complaint) ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Second Amended Master Complaint).

[12] Ex. A, SFC ¶ 10.

[13] Rec. Doc. 4407 ¶ 181 (defining "PCIA" as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy").

(identifying three years as the statute of limitations for "any other injury to the person or rights of another, not arising on contract and not hereafter enumerated"). The common law rule in North Carolina is clear: in cases like this one, a cause of action accrues when an injury is sustained "even in ever so small a degree[.]" *Mast v. Sapp*, 53 S.E. 350, 352 (N.C. 1906); *McCarver v. Blythe*, 555 S.E.2d 680, 683 (N.C. Ct. App. 2001). When even a small injury "springs into existence," a person's rights are violated and "the cause of action is complete." *Id.* Based on the definition of PCIA in the Second Amended Master Complaint, Ms. Johnson sustained her injury when her hair had not grown back six months after completing chemotherapy in January 2011, and her cause of action accrued at that time. Ms. Johnson's cause of action would therefore only be timely if filed by January 2014. But Ms. Johnson did not file her Complaint until July 2017, and her claims are time-barred on their face.

### B. Ms. Johnson cannot show the statute of limitations was tolled.

Under North Carolina law, it is Plaintiff's burden to prove that a facially untimely cause of action accrued within the limitations period. *Scott & Jones, Inc. v. Carlton Ins. Agency, Inc.*, 677 S.E.2d 848, 850 (N.C. Ct. App. 2009) ("When the affirmative defense of the statute of limitations has been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period.") (citing *Baum v. John R. Poore Builder, Inc.*, 643 S.E.2d 607, 610 (N.C. Ct. App. 2007)). Ms. Johnson cannot do so.

#### 1. The discovery rule does not apply to save Ms. Johnson's claims.

North Carolina recognizes a statutory exception to the accrual rule for certain injuries that are not apparent:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action ... shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.

N.C. Gen. Stat. Ann. § 1-52 (16).  North Carolina courts recognize this limited rule applies "in the case of latent damage only[.]"  *McCarver v. Blythe*, 555 S.E.2d 680, 683 (N.C. Ct. App. 2001); *Misenheimer v. Burris*, 637 S.E.2d 173, 175 (N.C. 2006) (N.C. Gen. Stat. Ann. §1-52(16) only "tolls the running of the statute of limitations for torts resulting in certain latent injuries."). "[L]atent" injuries falling within the exception are not visible to the naked eye.  *See Dunn v. Pac. Empl. Ins. Co.*, 418 S.E.2d 645, 648 (N.C. 1992) (cause of action accrued when plaintiff was diagnosed with liver cancer); *Wilson v. McLeod Oil Co., Inc.*, 398 S.E.2d 586, 596 (N.C. 1990) (cause of action accrued when testing revealed contamination in well water).

PCIA, as defined in the Second Amended Master Complaint, is not a latent injury invisible to the naked eye; rather, it is an injury so obvious that it is alleged to have stigmatized all Plaintiffs.[14]  This Court has already recognized under Mississippi law (which is similar to North Carolina law) that PCIA is not a latent injury, as each plaintiff "knew or should have known six months after her treatment that something was amiss when her hair had not grown back as expected."[15]

It does not matter that Ms. Johnson has never been diagnosed with PCIA, either, because failure to secure a diagnosis does not toll the statute on a non-latent injury.  *See Soderlund v. Kuch*, 546 S.E.2d 632, 637 (N.C. Ct. App. 2001) (even though plaintiff had not been diagnosed with PTSD, PTSD injury was not latent because plaintiff knew he was suffering from some sort of emotional distress).  Because PCIA is not a latent injury, the limited tolling exception recognized

---

[14]  Rec. Doc. 4407 ¶¶ 181, 214−220.

[15]  Rec. Doc. 12057 at 5−6 (ruling that Mississippi's discovery rule did not apply to Ms. Greer's case because PCIA is not a latent injury); *see also* Rec. Doc. 12718 at 6 (Order and Reasons on Roach, ruling the same); Rec. Doc. 13064 at 5−7 (Order and Reasons on Smith, ruling the same).

in N.C. Gen. Stat. Ann. § 1-52 (16) does not apply. Rather, the three-year statutory limitations period must be enforced.

## 2. Equitable tolling does not apply to save Ms. Johnson's claims.

North Carolina courts permit equitable estoppel to toll the statute of limitations in limited circumstances where "the delay in initiating an action has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 317 S.E.2d 41, 44 (N.C. Ct. App. 1984) *aff'd,* 329 S.E.2d 350 (N.C. 1985). Equitable tolling "arises when a party has been induced by another's acts to believe that certain facts exist, and that party rightfully relies and acts upon that belief to his detriment." *Johnson Neurological Clinic, Inc. v. Kirkman*, 465 S.E.2d 32, 35 (N.C. Ct. App. 1996) (internal quotation marks and citation omitted). The essential elements of estoppel require not only some form of false representation, but also the defendant's intent that the plaintiff act on the false representation. *See Friedland v. Gales*, 509 S.E.2d 793, 796−797 (N.C. Ct. App. 1998) (outlining the essential elements of equitable estoppel). North Carolina courts have applied equitable estoppel to toll the statute of limitations where the plaintiff pleaded facts showing she relied on direct assurances from the defendants inducing her to delay filing suit, for example. *See Nowell v. Great Atl. & Pac. Tea Co.*, 108 S.E.2d 889, 891 (N.C. 1959); *see also Stratton v. Royal Bank of Canada*, 712 S.E.2d 221, 230 (N.C. Ct. App. 2011) (Equitable estoppel did not apply where plaintiff failed to allege the defendant made false representations or concealed material facts and could not point to any evidence that the defendant "intended for her to rely on any [] misrepresentation or concealment."). No grounds for equitable tolling exist in this case.

As discussed below, Ms. Johnson's only potentially viable claims are for failure to warn and negligence, and she accordingly may not rely on fraud allegations to argue equitable tolling principles apply. Even if she could, the Second Amended Master Complaint advances only run-

7

of-the-mill arguments that Sanofi allegedly concealed the risks associated with Taxotere.[16] Those types of boilerplate fraudulent-concealment allegations could not support a finding that Sanofi made statements intended to induce Ms. Johnson not to file suit or that Ms. Johnson relied on them to her detriment. Additionally, the Second Amended Master Complaint explicitly acknowledges that, as early as 2006, information associating Taxotere and permanent hair loss was publicly available.[17] And the Fifth Circuit has already determined that publicly available information regarding Taxotere and the reported risk of PCIA would have been uncovered by a plaintiff exercising reasonable diligence. *See In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 393 (5th Cir. 2021) (finding evidence "relevant to what a reasonable inquiry" by plaintiffs would have uncovered was publicly available as early as 2006 when "women who called themselves 'Taxotears' formed a group with an online presence"). Ms. Johnson cannot invoke equitable tolling under these circumstances. Because the statute of limitations was not equitably tolled, Sanofi is entitled to judgment on the pleadings.

## II. Ms. Johnson Has Alleged No Facts Supporting Her Fraud-Based Claims, and They Too Should Be Dismissed.

Aside from her strict liability and negligence claims, which must be dismissed as time-barred, Ms. Johnson's only remaining claims sound in fraud: negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit.[18] To state a claim for fraud, Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."

---

[16] Rec. Doc. 4407 ¶¶ 250−256. *See also* Sec. II (Ms. Johnson has not pleaded *any* facts in her SFC supporting her fraud-based claims, much less facts sufficient to satisfy Rule 9(b)).

[17] Rec. Doc. 4407 ¶¶ 150−158 (describing the publicly available information linking Taxotere and PCIA, including the "Taxotears," a 2010 Globe and Mail article, and a 2010 CBS Evening News article).

[18] *See* Ex. A, SFC ¶ 13.

In ruling on Defendants' Motion to Dismiss the First Amended Master Complaint in 2017, however, Judge Engelhardt recognized the "limitations" associated with formulating fraud-based allegations within a Master Long Form Complaint.[19] While Judge Engelhardt did not dismiss fraud-based counts from the MDL entirely at that time, he specifically ruled that any allegations of fraud must be "perfected within the short form complaints filed in the individual member cases."[20] Ms. Johnson, however, has not pleaded *any* facts in her SFC supporting her fraud-based claims.[21] All of Ms. Johnson's fraud-based claims accordingly must be dismissed under Rules 12(c) and 9(b) consistent with Judge Engelhardt's prior ruling.

## CONCLUSION

For the reasons stated above, Ms. Johnson's claims must be dismissed.

Respectfully submitted,

 /s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

---

[19] *See* Exhibit B, Hr'g Tr. at 22:22–23:7 (Aug. 30, 2017) (Engelhardt J., presiding).

[20] *Id.* at 23:4–7.

[21] *See generally* Ex. A, SFC.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*