# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3   ***************************************************************

 4   IN RE:  TAXOTERE
     (DOCETAXEL) PRODUCTS
 5   LIABILITY LITIGATION

 6                                  CIVIL ACTION NO. 16-MD-2740 "N"
                                    NEW ORLEANS, LOUISIANA
 7                                  WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8   THIS DOCUMENT RELATES TO:

 9   ALL CASES

10   ***************************************************************

11
                   TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12              HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                        UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15

16   FOR THE PLAINTIFFS:           BARRIOS KINGSDORF & CASTEIX
                                   BY:  DAWN M. BARRIOS, ESQ.
17                                      BRUCE S. KINGSDORF, ESQ.
                                   701 POYDRAS STREET, SUITE 3650
18                                 NEW ORLEANS, LOUISIANA 70139

19

20                                 GAINSBURGH BENJAMIN DAVID
                                   MEUNIER & WARSHAUER
21                                 BY:  M. PALMER LAMBERT, ESQ.
                                   1100 POYDRAS STREET, SUITE 2800
22                                 NEW ORLEANS, LOUISIANA 70163

23

24                                 PENDLEY BAUDIN & COFFIN
                                   BY:  CHRISTOPHER L. COFFIN, ESQ.
25                                 1515 POYDRAS STREET, SUITE 1400
                                   NEW ORLEANS, LOUISIANA 70112
                            OFFICIAL TRANSCRIPT
```

```
09:59:14   1              As a threshold matter, just as the Court in In
09:59:21   2   re: Zofran multi-district litigation, which is Multi-District
09:59:24   3   Case Number 2657, noted when explaining the framework or the
09:59:28   4   context within which to consider allegations of fraud within an
09:59:33   5   MDL, "It is true that this case, like most MDL proceedings,
09:59:37   6   employs the device of a master complaint supplemented by
09:59:40   7   individual short form complaints that adopt the master
09:59:45   8   complaint in whole or in part.
09:59:46   9              "It is also true that a master complaint could
09:59:48  10   not possibly be expected to include every case-specific detail
09:59:53  11   such as a particular misleading statement made by a particular
09:59:56  12   sales representative to the physician of an individual
10:00:00  13   plaintiff"
10:00:01  14              The court further explained that "the complaint
10:00:03  15   in each action in this proceeding consists of the master
10:00:06  16   complaint and the individual short form complaint, taken
10:00:11  17   together."  The Court in this case likewise considers, insofar
10:00:15  18   as pleading is concerned, not only the Master Long Form
10:00:19  19   Complaint, but also the short form complaints that have been
10:00:22  20   and will be filed in this case to flesh out the allegations
10:00:25  21   made with regard to particular plaintiffs
10:00:27  22              While this Court will not allow a lower pleading
10:00:32  23   standard in the matter generally, purely because of the
10:00:33  24   consolidated nature of these proceedings, it is necessary for
10:00:35  25   the Court to recognize the limitations and restrictions on
```

*OFFICIAL TRANSCRIPT*

1  plaintiffs' counsel in formulating allegations within a Master
2  Long Form Complaint, as well as the administrative function of
3  a master complaint.
4          However, with that being said, specific
5  allegations, particularly with respect to any allegations of
6  fraud, should be perfected within the short form complaints
7  filed in the individual member cases.
8          However, also at this point in the litigation,
9  allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to
10 proceed serves the goals of the MDL.  Just as the Court noted
11 in the *In re: Trasylol Product Liability Litigation* -- you can
12 find that at 2009 Westlaw 577726 -- this Court finds that it is
13 in the best interest of justice to allow these claims to go
14 forward, and to more appropriately be addressed when we move to
15 the summary judgment phase of the case.
16         Now, with respect to Counts 2 and 8, which allege
17 strict liability for misrepresentation and breach of an express
18 warranty respectively, the Court requires additional
19 information from plaintiffs.
20         The defendants are correct in stating that the
21 plaintiffs have not provided any express statement by the
22 defendants that was either misleading or an express warranty
23 and relied upon by a plaintiff or a particular group of
24 plaintiffs.
25         The Court agrees that plaintiffs cannot state a

*OFFICIAL TRANSCRIPT*