# EXHIBIT B

```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA
 2

 3    ****************************************************************

 4    IN RE:  TAXOTERE
      (DOCETAXEL) PRODUCTS
 5    LIABILITY LITIGATION

 6                              CIVIL ACTION NO. 16-MD-2740 "N"
                                NEW ORLEANS, LOUISIANA
 7                              WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8    THIS DOCUMENT RELATES TO:

 9    ALL CASES

10    ****************************************************************

11
                    TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12               HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                        UNITED STATES DISTRICT JUDGE
13

14    APPEARANCES:

15

16    FOR THE PLAINTIFFS:      BARRIOS KINGSDORF & CASTEIX
                               BY:  DAWN M. BARRIOS, ESQ.
17                                  BRUCE S. KINGSDORF, ESQ.
                               701 POYDRAS STREET, SUITE 3650
18                             NEW ORLEANS, LOUISIANA 70139

19

20                             GAINSBURGH BENJAMIN DAVID
                               MEUNIER & WARSHAUER
21                             BY:  M. PALMER LAMBERT, ESQ.
                               1100 POYDRAS STREET, SUITE 2800
22                             NEW ORLEANS, LOUISIANA 70163

23

24                             PENDLEY BAUDIN & COFFIN
                               BY:  CHRISTOPHER L. COFFIN, ESQ.
25                             1515 POYDRAS STREET, SUITE 1400
                               NEW ORLEANS, LOUISIANA 70112
                            OFFICIAL TRANSCRIPT
```

| | |
|---|---|
| 09:59:14  1 | As a threshold matter, just as the Court in *In* |
| 09:59:21  2 | *re: Zofran* multi-district litigation, which is Multi-District |
| 09:59:24  3 | Case Number 2657, noted when explaining the framework or the |
| 09:59:28  4 | context within which to consider allegations of fraud within an |
| 09:59:33  5 | MDL, "It is true that this case, like most MDL proceedings, |
| 09:59:37  6 | employs the device of a master complaint supplemented by |
| 09:59:40  7 | individual short form complaints that adopt the master |
| 09:59:45  8 | complaint in whole or in part. |
| 09:59:46  9 | "It is also true that a master complaint could |
| 09:59:48 10 | not possibly be expected to include every case-specific detail |
| 09:59:53 11 | such as a particular misleading statement made by a particular |
| 09:59:56 12 | sales representative to the physician of an individual |
| 10:00:00 13 | plaintiff." |
| 10:00:01 14 | The court further explained that "the complaint |
| 10:00:03 15 | in each action in this proceeding consists of the master |
| 10:00:06 16 | complaint and the individual short form complaint, taken |
| 10:00:11 17 | together." The Court in this case likewise considers, insofar |
| 10:00:15 18 | as pleading is concerned, not only the Master Long Form |
| 10:00:19 19 | Complaint, but also the short form complaints that have been |
| 10:00:22 20 | and will be filed in this case to flesh out the allegations |
| 10:00:25 21 | made with regard to particular plaintiffs. |
| 10:00:27 22 | While this Court will not allow a lower pleading |
| 10:00:32 23 | standard in the matter generally, purely because of the |
| 10:00:33 24 | consolidated nature of these proceedings, it is necessary for |
| 10:00:35 25 | the Court to recognize the limitations and restrictions on |

***OFFICIAL TRANSCRIPT***

| | | |
|---|---|---|
| 10:00:40 | 1 | plaintiffs' counsel in formulating allegations within a Master |
| 10:00:45 | 2 | Long Form Complaint, as well as the administrative function of |
| 10:00:47 | 3 | a master complaint. |
| 10:00:49 | 4 | However, with that being said, specific |
| 10:00:51 | 5 | allegations, particularly with respect to any allegations of |
| 10:00:54 | 6 | fraud, should be perfected within the short form complaints |
| 10:00:59 | 7 | filed in the individual member cases. |
| 10:01:01 | 8 | However, also at this point in the litigation, |
| 10:01:03 | 9 | allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to |
| 10:01:10 | 10 | proceed serves the goals of the MDL.  Just as the Court noted |
| 10:01:12 | 11 | in the *In re:  Trasylol Product Liability Litigation* -- you can |
| 10:01:22 | 12 | find that at 2009 Westlaw 577726 -- this Court finds that it is |
| 10:01:28 | 13 | in the best interest of justice to allow these claims to go |
| 10:01:32 | 14 | forward, and to more appropriately be addressed when we move to |
| 10:01:38 | 15 | the summary judgment phase of the case. |
| 10:01:39 | 16 | Now, with respect to Counts 2 and 8, which allege |
| 10:01:44 | 17 | strict liability for misrepresentation and breach of an express |
| 10:01:47 | 18 | warranty respectively, the Court requires additional |
| 10:01:52 | 19 | information from plaintiffs. |
| 10:01:53 | 20 | The defendants are correct in stating that the |
| 10:01:55 | 21 | plaintiffs have not provided any express statement by the |
| 10:01:57 | 22 | defendants that was either misleading or an express warranty |
| 10:02:01 | 23 | and relied upon by a plaintiff or a particular group of |
| 10:02:05 | 24 | plaintiffs. |
| 10:02:06 | 25 | The Court agrees that plaintiffs cannot state a |

***OFFICIAL TRANSCRIPT***