## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "H" (5)

THIS DOCUMENT RELATES TO:

Margaret Bailey, Case No. 17-14432

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
### OF MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Margaret Bailey's strict liability and negligence[1] claims are time-barred on the face of her pleadings.  Virginia's two-year statute of limitations started running in September 2011 when Ms. Bailey sustained her pleaded injury six months after she finished chemotherapy in March 2011.  Ms. Bailey's two-year limitations period accordingly expired in September 2013.  But Ms. Bailey did not file suit until December 4, 2017—four years and three months too late.

Because Ms. Bailey's claims are time-barred on their face, her case can only survive if she can show that a statutory exception or equitable tolling provision applies to render the filing of her lawsuit timely.  But no such grounds exist for tolling Ms. Bailey's untimely claims.  Ms. Bailey's strict liability and negligence claims should be dismissed as time-barred pursuant to Federal Rule of Civil Procedure 12(c) as a result.

Ms. Bailey's remaining claims sounding in fraud[2] should also be dismissed pursuant to Rules 9(b) and 12(c).  This Court previously ruled that any allegations of fraud must be "perfected within the short form complaints filed in the individual member cases."  Ms. Bailey has not alleged sufficient facts in her short form complaint to establish any viable fraud-based claims, and, as a

---

[1]  *See* Exhibit A, Plaintiff Margaret Bailey's Short Form Complaint ("SFC") ¶ 13 (Counts I and III).

[2]  *Id.* at ¶ 13 (Counts IV, V, VI, VII).

result, Ms. Bailey's remaining claims for negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit, must also be dismissed.

## **FACTUAL BACKGROUND**

Ms. Bailey filed her original Short Form Complaint ("SFC") on December 4, 2017, adopting the allegations in the Second Amended Master Complaint defining "permanent" alopecia as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[3] Ms. Bailey alleges she received chemotherapy treatment that included Taxotere from November 30, 2010, to March 15, 2011.[4] Ms. Bailey accordingly sustained her injury in September 2011.

The Second Amended Master Complaint further alleges that permanent alopecia is so apparent that it has stigmatized Plaintiffs (including Ms. Bailey) and negatively affected their body image, social relationships, and emotional well-being.[5] Ms. Bailey alleges the Taxotere in her chemotherapy treatment caused her to develop "permanent disfigurement, including permanent alopecia."[6] Despite specifically pleading that she developed this stigmatizing permanent alopecia six months after she finished treatment with Taxotere, in September 2011, Ms. Bailey waited approximately seven years before filing her untimely lawsuit.[7]

## **LEGAL STANDARD**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th

---

[3] SFC at 1; Rec. Doc. 4407 (Second Amended Master Complaint) ¶ 181 (defining "PCIA" as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy").

[4] Ex. A, SFC ¶ 10.

[5] *See* Rec Doc. 4407 ¶¶ 214–220.

[6] Ex. A, SFC ¶ 12.

[7] *Id.* at 1.

Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept all well-pleaded facts alleged in the plaintiff's complaint as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A motion for judgment on the pleadings is appropriate where "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

In the case of affirmative defenses, judgment on the pleadings should be granted where the affirmative defense is apparent on the face of the complaint such that no question of fact exists. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (West 2009); *see also Roger Lee, Inc. v. Trend Mills, Inc.*, 410 F.2d 928, 930 (5th Cir. 1969) (affirming judgment on the pleadings in favor of the defendant based upon statute of limitations).

## **ARGUMENT**

### I.   **Ms. Bailey's Strict Liability and Negligence Claims Are Time-Barred.**

Ms. Bailey's strict liability and negligence claims are time-barred because: (1) on the face of her own pleadings, she sustained her injury six months after the end of her chemotherapy treatment but did not file suit within two years thereafter; and (2) she cannot show any tolling exception applies to save her otherwise untimely claims.

#### **A.   Ms. Bailey's claims are time-barred on their face.**

Ms. Bailey alleges she experienced her injury—permanent hair loss allegedly caused by Taxotere[8]—in September 2011, six months after she completed chemotherapy treatment in March

---

[8]   Rec. Doc. 4407 at, *e.g.*, ¶ 231. Sanofi disputes Plaintiffs' assertions that their injuries, if any, were caused by Taxotere. Nothing in this Memorandum should be perceived as an admission by Sanofi to the contrary. However,

2011. Pursuant to Virginia Code 8.01-243(A), Ms. Bailey had two years from the date her cause of action accrued to file a complaint. *Id.* ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery … shall be brought within two years after the cause of action accrues."). Virginia Courts are clear that, unless an exception applies, a claim for personal injury accrues when the injury is sustained, even if only partially: "if *any* injury or damage immediately results from the wrongful or negligent act of another, the party aggrieved has a cause of action, and the statute of limitations begins to run at that time." *Stone v. Ethan Allen, Inc.*, 350 S.E.2d 629, 632 (Va. 1986). The statute of limitations begins to run even if the injury is "slight," and "actual or substantial damages do not occur until a later date." *Richmond Redevelopment & Hous. Auth. v. Laburnum Const. Corp.*, 80 S.E.2d 574, 581 (Va. 1954).

Here, Ms. Bailey's injury was admittedly sustained in September 2011. The Second Amended Master Complaint defines permanent chemotherapy-induced alopecia as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[9] In filing her Short Form Complaint ("SFC"), Ms. Bailey adopted the Second Amended Master Complaint's allegations, including the six-month injury definition.[10] This Court has recognized multiple times, under multiple states' laws, that, "on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing

---

for the purposes of this Motion, even if Taxotere caused Ms. Bailey's injuries, her claims still are time-barred under Virginia law.

[9]  Rec. Doc. 4407 ¶ 181; *see also In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 390 (5th Cir. 2021) ("As a matter of law, the injury of 'an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy' is sustained when, six months after the completion of chemotherapy, a person has an absence of or incomplete hair regrowth."); Rec. Doc. 12057 at 4 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint).

[10]  Ex. A, SFC at 1 (adopting allegations set forth in the Second Amended Master Complaint).

chemotherapy."[11]   Ms. Bailey completed chemotherapy in March 2011.[12]   On the face of her pleadings, and consistent with this Court's prior rulings, Ms. Bailey sustained her injury in September 2011.[13]   Her claim was time-barred two years later, by September 2013.   Because Ms. Bailey did not file her Complaint until December 2017, Ms. Bailey's claims are time-barred on their face.

### B.   No exception applies to save Ms. Bailey's untimely claims.

Virginia Courts strictly enforce statutes of limitations unless there is "a clear statutory exception or [equitable] tolling provision."   *Mackey v. McDannald*, 842 S.E.2d 379, 384 (Va. 2020); *see also Casey v. Merck & Co.*, 722 S.E.2d 842, 845 (Va. 2012) ("It is well-established that statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application.'") (citing *Rivera v. Witt*, 512 S.E.2d 558, 559 (Va. 1999)).   Ms. Bailey bears the burden to prove one applies, *see Birchwood-Manassas Assocs., L.L.C. v. Birchwood at Oak Knoll Farm, L.L.C.*, 773 S.E.2d 162, 163 (Va. 2015), but she cannot do so here.

### 1.   No statutory exception applies to toll Ms. Bailey's untimely claims.

First, no statutory exception exists to save Ms. Bailey's claims. Virginia law has long recognized an exception to the two-year statute of limitations for personal injuries in cases involving asbestos exposure.   Va. Code Ann. § 8.01-249(4).   More recently, the Virginia

---

[11]   Rec. Doc. 10833 (Order Granting Summ. J. on Ms. Durden's Claims) at 2 ("This Court has recognized that, on the basis of the allegations in the Second Amended Master Complaint, a plaintiff's hair loss becomes permanent six months after completing chemotherapy."); *see also* Rec. Docs. 7571 (Order re Summ. J. on Johnson, Earnest, Francis, and Mills) (same), 9110 (Order Granting Summ. J. on Ms. Thibodeaux's Claims) (same), 10807 (Order Granting Summ. J. on Ms. Sanford's claims) (same), 4407 (Second Amended Master Complaint) ¶ 181; Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. For J. on the Pleadings on Ms. Greer's Claims and applying the injury definition outlined in the Master Complaint).

[12]   Ex. A, SFC ¶ 10.

[13]   Rec. Doc. 4407 ¶ 181 (defining "PCIA" as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy").

legislature expanded that exception to apply more generally to "exposure to a substance or a combination of substances," but *only* when the resulting "injury is latent."  Va. Code Ann. § 8.01-249(4a).  "Latent" injuries are defined to be "injuries that remain dormant or do not develop and, therefore, are undiagnosable during the [two-year period] set forth in subsection A of § 8.01-243."  Va. Code Ann. § 8.01-249(4).

PCIA, as defined in the Second Amended Master Complaint, is not a latent injury; rather, it is injury so obvious that it is alleged to have stigmatized all Plaintiffs.[14]  This Court has already recognized under Mississippi law (which is similar to Virginia law) that PCIA is not a latent injury, as each plaintiff "knew or should have known six months after her treatment that something was amiss when her hair had not grown back as expected."[15]  On the face of her pleadings, Ms. Bailey cannot claim that her hair loss was "latent"—*i.e.*, that it was dormant, did "not develop," and was "undiagnosable" during the two-year statute of limitations period.  Because PCIA is not a latent injury, the limited tolling exception recognized in Va. Code Ann. § 8.01-249(4a) does not apply.  Rather, the two-year statutory limitations period must be enforced.

### 2. The doctrine of equitable tolling does not apply to Ms. Bailey's untimely claims.

Nor could Ms. Bailey argue that an equitable tolling provision applies to save her claims.  Virginia Courts have tolled statutes of limitation only in extraordinary circumstances such as (1) "where fraud prevents a plaintiff from asserting [her] claims, or (2) where the defendant has by affirmative act deprived the plaintiff of [her] power to assert [her] cause of action in due season."  *See Birchwood*, 773 S.E.2d at 164.  The Virginia Supreme Court has refused to equitably toll the

---

[14]   Rec. Doc. 4407 ¶¶ 181, 214−220.

[15]   Rec. Doc. 12057 at 5−6 (ruling that Mississippi's discovery rule did not apply to Ms. Greer's case because PCIA is not a latent injury); *see also* Rec. Doc. 12718 at 6 (Order and Reasons on Roach, ruling the same); Rec. Doc. 13064 at 5−7 (Order and Reasons on Smith, ruling the same).

statute of limitations when the plaintiff "has not proven the existence of an extraordinary circumstance that could not have been avoided by the exercise of due diligence." *Id.*

As discussed below, Ms. Bailey's only viable claims are for failure to warn and negligence, and she accordingly may not rely on fraud allegations to argue that equitable tolling principles apply. Even if she could, the Second Amended Master Complaint alleges only run-of-the-mill arguments that Sanofi allegedly concealed the risks associated with Taxotere.[16] Those types of boilerplate fraudulent-concealment allegations could not support a finding that Sanofi prevented Ms. Bailey from discovering her claim or that Sanofi acted affirmatively to prevent Ms. Bailey from filing on time.

To the contrary, the Second Amended Master Complaint explicitly acknowledges that, as early as 2006, information associating Taxotere and permanent hair loss has been publicly available.[17] And the Fifth Circuit has already determined that publicly available information regarding Taxotere and the reported risk of PCIA would have been uncovered by a plaintiff exercising reasonable diligence. *See also In re Taxotere (Docetaxel) Prod. Liab. Litig. (Thibodeaux)*, 995 F.3d 384, 393 (5th Cir. 2021) (finding evidence "relevant to what a reasonable inquiry" by plaintiffs would have uncovered was publicly available as early as 2006 when "women who called themselves 'Taxotears' formed a group with an online presence"). Ms. Bailey has not alleged any "extraordinary circumstance" that could not have been avoided "by the exercise of due diligence."[18] Because the statute of limitations was not equitably tolled, Sanofi is entitled to judgment on the pleadings.

---

[16]   Rec. Doc. 4407 ¶¶ 250−256. *See also* Sec. II (Ms. Bailey has not pleaded *any* facts in her SFC supporting her fraud-based claims, much less facts sufficient to satisfy Rule 9(b)).

[17]   Rec. Doc. 4407 ¶¶ 150−158 (describing the publicly available information linking Taxotere and PCIA, including the "Taxotears," a 2010 Globe and Mail article, and a 2010 CBS Evening News article).

[18]   *See generally* Ex. A, SFC.

## II.     Ms. Bailey Has Alleged No Facts Supporting Her Fraud-Based Claims, and They Too Should Be Dismissed.

In addition to her strict liability failure-to-warn and negligence claims, which must be dismissed as untimely, Ms. Bailey also asserts four claims sounding in fraud: negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit.[19]  To state a claim for fraud, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud."

In ruling on Defendants' Motion to Dismiss the First Amended Master Complaint in 2017, Judge Engelhardt recognized the "limitations" associated with formulating fraud-based allegations within a Master Long Form Complaint.[20]  While Judge Engelhardt did not dismiss fraud-based counts from the MDL entirely at that time, he specifically ruled that any allegations of fraud must be "perfected within the short form complaints filed in the individual member cases."[21]  Ms. Bailey, however, has not pleaded *any* facts in her SFC supporting her fraud-based claims.[22]  Ms. Bailey's fraud-based claims accordingly must be dismissed under Fed. R. 12(c) and 9(b) consistent with Judge Engelhardt's prior ruling.

## <u>CONCLUSION</u>

For the reasons stated above, Ms. Bailey's claims must be dismissed.

---

[19]    *See* Ex. A, SFC at ¶ 13.

[20]    *See* Exhibit B, Hr'g Tr., at 22:22–23:7 (Aug. 30, 2017) (Engelhardt J., presiding).

[21]    *Id.* at 23:4–7.

[22]    *See generally* Ex. A, SFC.

Respectfully submitted,

 /s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE  URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*