UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL NO. 2740 <br><br> SECTION "H" (5) <br><br> HON. JANE TRICHE MILAZZO <br> MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: <br><br> *Eunice Villegas v. Sanofi S.A., et al.* <br> *Case No. 2:19-cv-11408* | | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION TO VACATE AND REINSTATE**

Defendants Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz, Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC, Hospira, Inc., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.[1] (collectively, "Defendants") hereby respond to Plaintiff's Memorandum in Support of her Motion to Vacate and Reinstate (Rec. Doc. 13890-2 )[2] as follows:

Case Management Order No. 12A ("CMO-12A") was entered on July 24, 2018. (Rec. Doc. 3492, Amended Product Identification Order.) It sets forth the specific steps that each plaintiff must follow "in a diligent, good faith, and documented manner" to verify the important issue of product identification. (Rec. Doc. 3492, at 1.) One step in this process is for plaintiffs, following thirty (30) days of receiving notice that named Defendant(s) do not possess product identification

---

[1] Sun Pharma Global FZE is a foreign company incorporated under the laws of the United Arab Emirates and has not been served with process, has not agreed to accept service of process in this litigation and consequently, Sun Pharma Global FZE is not appearing in this matter and does not waive any rights or defenses. Sun Pharmaceutical Industries, Inc. has not been served with process in this matter, does not waive service of process and preserves all defenses.

[2] Defendants note that Plaintiff filed a Notice of Motion (Rec. Doc. 13890) and a Memorandum in Support of her Motion to Vacate and Reinstate (Rec. Doc. 13890-2), but did not file an accompanying Motion.

5504795

information, to: 1) issue a subpoena to the infusion facility to release product identification information, and 2) provide *a copy of the subpoena* to Defendants. (*Id.*, ¶ 5) (emphasis added). Any plaintiff who fails to comply with this established process is subject to dismissal. (*Id.*, ¶ 9.)

During the December 15, 2021 Show Cause Hearing, the Court afforded Plaintiff an extension to January 7, 2022 to cure her noncompliance with CMO-12A.[3] (Dec. 15, 2021 Hearing Tr. 63:3-9.)  On January 7, 2022, Plaintiff sent Defendants an email documenting her efforts to obtain product ID to date, which included an Affidavit of Receipt of Subpoena from Plaintiff's treatment provider and a return of service showing that the subpoena was issued on December 15, 2021; however, Plaintiff did not attach or otherwise provide the referenced subpoena to Defendants. (*See* Ex. A to Pl.'s Mem. in Supp. of her Mot. to Vacate and Reinstate, Rec. Doc. 13890-3; MDL Centrality Plaintiff Profile, attached as Ex. 1 (document id: 526168).)

On January 21, 2022, Defendants notified the Court of plaintiffs who failed to cure CMO-12A deficiencies on or before the deadline set forth at the Show Cause Hearing, which properly included Plaintiff given her failure to provide Defendants with a copy of the issued subpoena. (*See* Defendants' January 21, 2022 Letter Submission, attached as Ex. 2.; *see also* CMO 12A, ¶ 5.) Four days later, Plaintiff uploaded a copy the subpoena (document id: 526576) to MDL Centrality. (*See* Ex. 1.)  Plaintiff did not alert Defendants or the Court to this upload or submit a response to Defendants' Letter of January 21, 2022.  On February 8, 2022, the Court dismissed Plaintiff's case. (Rec. Doc. 13774.)

Initially, Plaintiff's Memorandum incorrectly states that Defendants misrepresented material facts regarding Plaintiff's case in their January 21 letter submission. Specifically, Plaintiff

---

[3] Before the Dec. 15, 2021 Show Cause Hearing, Plaintiff was identified as deficient in the Notices of Non-Compliance served on Plaintiffs' Liaison Counsel on June 23, 2021 and again on Defendants' Dec. 1, 2021 14-Day Notice of Non-Compliance. (Rec. Doc. 13471.)

states: "Defendants alleged in their January 21, 2022 letter to [sic] Court that Plaintiff did not include the subpoena. That statement is completely false. A simple look at MDL Centrality, document id: 526576 will have confirmed that Plaintiff uploaded the notice of subpoena curing the alleged deficiency." (Rec. Doc. 13890-2, at 2.) But that simple look at MDL Centrality confirms that Plaintiff uploaded the subpoena (document id: 526576) on January 25, 2022 – *after* Defendants submitted their letter. (*See* Ex. 1.) Thus, Defendants' statements regarding Plaintiff's noncompliance were accurate.

Further, Defendants properly sought dismissal of Plaintiff's claims for failure to comply with the clearly established process set forth within CMO-12A. Plaintiff departed from those plain requirements by failing to provide the subpoena by the deadline established by this Court at the December 15 Show Cause hearing. (CMO-12A, ¶ 5.) Accordingly, dismissal was appropriate.

Dated: April 26, 2022

Respectfully submitted,

/s/ Julie A. Callsen
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com

*Attorney for Defendant*
*Accord Healthcare, Inc.*


/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

3

5504795

rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
New Orleans, LA 70163
Telephone:    (504) 858-7000
Facsimile:    (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., and Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc.*

*/s/ Jordan Baehr*
Jordan Baehr
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:    816.474.6550
Facsimile:    816.421.5547
jbaehr@shb.com

*Attorney for Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

*/s/ Nicholas Insogna*
Nicholas Insogna
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:    678.553.2100
Facsimile:    678.553.2100
insognan@gtlaw.com

*Attorney for Sandoz Inc.*

4

5504795

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, a copy of the foregoing *Defendants' Response to Plaintiff's Memorandum in Support of Motion to Vacate and Reinstate* was filed with the Court via ECF and is deemed served on all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

*One of the Attorneys for Defendant
Accord Healthcare, Inc.*
