**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA**

IN RE: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION


                                                SECTION "H" (5)


THIS DOCUMENT RELATES TO:
Tarnya King v. Sanofi US Services Inc. f/k/a
Sanofi-Aventis U.S. Inc. et al.
Case No.: 2:20-cv-03305


<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
ACCORD HEALTHCARE, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR UNTIMELY SERVICE OF PROCESS</u>


Plaintiff Tarnya King, by and through her counsel of record, Gomez Trial Attorneys, submits her response to Defendant Accord Healthcare, Inc.'s Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process, and in opposition thereto, states as follows:

<u>STATEMENT OF FACTS</u>

On or about December 3, 2020, Plaintiff Tarnya King, by and through her counsel of record, Gomez Trial Attorneys, filed her Short Form Complaint against the manufacturers of Taxotere®/docetaxel, including Defendant Accord Healthcare, Inc. ("Accord") for damages sustained from injuries suffered by Plaintiffs resulting from Tarnya King's docetaxel use. (Short Form Compl. Rec. Doc. 1). On or about December 3, 2020, the summonses for all named Defendants in this matter were issued by the Clerk of Court. Pursuant to this Court's Pre-Trial Order No. 32A ("PTO 32A"), Plaintiff was to effectuate service of the Summons and Complaint on all Defendants within ninety (90) days from when the Complaint is filed, which was on or

before March 3, 2021. However, Plaintiff does not have documentary evidence of service on Accord in this matter within the proscribed time period, due to an apparent inadvertent clerical error by Plaintiff's counsel.

Plaintiff served her complaint on Accord prior to their filing the instant motion pursuant to PTO 29A on March 23, 2022 (Rec. Doc. 14009-2). Plaintiff admits she does not have documentary evidence of service on Accord prior to March 23, 2022. Upon receipt of PTO 29A, Counsel for Plaintiff investigated whether service occurred, but was unable to locate any confirmation of streamlined service, and concedes that service did not occur before March 23, 2022.

On February 16, 2021, Plaintiff served all discovery demand responses via MDL Centrality, pursuant to relevant PTO and Case Management Orders ("CMOs"), including a Plaintiff Fact Sheet ("PFS"), PFS verification, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, and HIPAA, psychiatric, health insurance, disability claims, workers compensation and employment authorizations (*See* Def. Ex. 2 (King PFS), and February 16, 2021 email summary of documents uploaded to MDL Centrality, attached hereto as Exhibit A).  To date, CMO 12A product identification has not been uploaded, as manufacturer identification has not yet been yielded from responses to Plaintiff's counsel's medical records requests, though responses to these medical records requests remain outstanding. Accordingly, the manufacturer of the docetaxel administered to Plaintiff remains "unknown" to date, as reflected on her PFS uploaded to MDL Centrality.

On June 24, 2021, Plaintiff's counsel received Defendants' Notice of Non-Compliance from 505(b)(2) defendants, pursuant to PTO 22A, from Plaintiff's Liaison Counsel. Ms. King's case appeared on the 505(b)(2) Defendants' spreadsheet listing cases in non-compliance, with a description indicating that CMO 12 documentation had not yet been provided (*See* June 23, 2021

Email from Nicholas A. Insogna, 505(b)(2) Defendants' Liaison Counsel, to Plaintiff's Liaison Counsel attached hereto as Exhibit B, and Spreadsheet of cases on non-compliance list, as attached to same email, attached as Exhibit C.  In response the same day, and in accordance with CMO 12A, Plaintiff's counsel sent an email to the named 505(b)(2) defendants' email addresses (including to Accord's email address for CMO 12A correspondence purposes - noproductid@tuckerellis.com) notifying defendants that Product Identification information had not been received and provided the Defendants with Plaintiff's name, Plaintiff's MDL case number, copies of all written requests for Product Identification information sent by Plaintiff to the infusion facilities and notice that no response from the infusion facilities had yet been received (*See* June 24, 2021 Email from Lupe Felix (paralegal for Plaintiff's counsel) to 505(b)(2) Defendants Liaison Counsel and all named 505(b)(2) Defendants, including Accord, attached as Exhibit D. *See also* attachments to same June 24, 2021 email from Plaintiff's counsel including December 2, 2020 written request to St. Mary's Regional Medical Center, attached as Exhibit E, and CMO 12 Compliance Certification from Plaintiff's counsel, attached as Exhibit F). No response to Plaintiff's counsel's email was received from any 505(b)(2) Defendant. Plaintiff's case was never included on any additional CMO 12-A noncompliance lists, or listed on an agenda for an Order to Show Cause hearing after June 23, 2021.

Plaintiff's counsel ultimately sent a Subpoena of Records to Plaintiff's infusion facility on July 26, 2021 after receiving no response to previous records requests.  (*See* July 26, 2021 Subpoena to St. Mary's Medical Center, attached as Exhibit G). Counsel for Plaintiff's infusion facility sent a written response to the subpoena on August 25, 2021. Counsel for Plaintiff then spoke with Counsel for Plaintiff's infusion facility on August 25, 2021 to clarify the records request, and was informed that the production of records would be forthcoming. Plaintiff's

counsel continues to follow up with Plaintiff's infusion facility for the production of responsive records, but has not received responsive records to date.

On or about March 7, 2022, Plaintiffs were notified through MDL Centrality of the entry of PTO 29A, amending the email address for streamlined service for Accord. Plaintiff's counsel initiated a diligent and good faith inquiry into all complaints filed against Accord to confirm the effectuation of proper service and compliance with the order. Due to the size of Plaintiff's counsel's case inventory (a total of 178 cases), this task took just over two weeks to complete. On March 23, 2022, Counsel for Plaintiff realized that there was no proof of service of Ms. King's Short Form Complaint on Accord, and immediately effected service upon Accord at the updated email address included in PTO 29A that same day (See Def. Ex. 1).

## **LEGAL STANDARD**

***Plaintiff is able to show "Good Cause" for the Delay in Service and even when "Good Cause" may be deemed absent, this Court has full discretionary power to extend time for service.***

The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for

service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997)("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

***While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard of the Plaintiff's case would be time-barred due to the expiration of the statute of limitations.***

The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), states that dismissal with prejudice in circumstances where the Plaintiff's case would be time-barred due to the expiration of the statute of limitations requires "a clear record of delay or contumacious[1] conduct by the plaintiff…, and where lesser sanctions would not serve the best interests of justice." The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which Plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452. F.3d at 418-419.

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

## ARGUMENT

Here, Plaintiff has shown good cause of the failure to timely serve. As set forth below, Plaintiff did not delay in prosecuting this action, rather, Plaintiff commenced discovery by providing thorough and accurate information to the relevant and pertinent discovery demands. On February 16, 2021, Plaintiff timely served all discovery demand responses pursuant to relevant PTOs and CMOs. Plaintiff also received notice from 505(b)(2) Defendants of her CMO 12A deficiency, which further compounded Plaintiff's counsel mistaken belief that Plaintiff's complaint was properly served. The factual record here demonstrates inadvertence, not contumacious conduct. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

Plaintiff submits that she has made the requisite showing of good cause for the delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff exhibited diligent effort by filing all discovery-related documents as specified above, Defendants had actual notice of the suit (at minimum through Defense Liaison Counsel) since, in or about the time that the Complaint was filed.

The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. King has been diligent in submitting her supporting information and documentation

to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay perfecting service on the Defendant. Additionally, there is no record of "stubborn resistance to authority" as described in *Pate,* 2020 WL 6708380, *supra*, in Ms. King's case.

Moreover, Plaintiff further submits that this Court should exercise its discretion here and deny the dismissal of Plaintiff's case, even if it finds that good cause has not been shown, because the circumstances here justify an exercise of the Court's discretion. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995).

Failure to deny Defendant's motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency* No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole justify an exercise of the Court's discretion to

grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

Furthermore, and perhaps most compelling, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, No. CIV.03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Defendant's motion, Plaintiff cannot refile her suit as the Statute of Limitations has elapsed.

Defendant Accord acknowledges that, ultimately, this Court has the discretionary power to extend time to effect service where good cause is lacking, and relies on *Barthelemy v. CHS-SLE Land, L.L.C.*. Defendant argues that, in *Barthelemy*, the Court denied Defendant's motion to dismiss Plaintiff's claims on the basis of untimely service solely based on the fact that it was only a 30-day delay and a change in representation. *Barthelemy v. CHS-SLE Land, L.L.C.*, No. CV 19-10086, 2020 WL 3605931, at *7 (E.D. La. July 2, 2020). However, this Court explicitly states that "even assuming this explanation would not justify an approximately 30-day delay in service, the Court has discretion under Rule 4(m) to extend the time of service even in the absence of good cause." *Id*. Using its discretion, this Court denied Defendant's motion. *See id*.

Similarly, in *Pablovich v. Rooms To Go Louisiana Corp.*, another case on which Defendant relies, Plaintiff's opposition did not even address the delay of service at all. *Pablovich v. Rooms To Go La. Corp.*, No. CV 20-168, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020). Even still, this Court did not grant Defendant's motion but rather extended time for Plaintiff to serve process, even reasoning that it was "hesitant to penalize Plaintiff for what surely amounts to her attorney's error." *Id*. at *3.

Plaintiff is able to demonstrate that good cause for the delay in service is present, and, even if this Court disagrees, this Court should use its discretionary power in denying Defendants' motion. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the Court could conclude that the delay was intentional, or arose out of contempt for this Court or rule of law. Upon learning of its inadvertent error, Plaintiff's counsel effected service on Accord immediately. Dismissal of Plaintiff's case, even without prejudice, is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. Discovery has already commenced in this matter and Defendants have accepted all submitted discovery by Plaintiffs, even alerting Plaintiff's Liaison Counsel to deficiencies in Ms. King's discovery responses, and thus are not prejudiced.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process.

Dated: April 26, 2022                          Respectfully submitted,

GOMEZ TRIAL ATTORNEYS
 _/s/Lindsay R. Stevens_____
John H. Gomez (CA Bar # 171485) T.A
Lindsay R. Stevens (CA Bar # 256811)
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
_john@thegomezfirm.com_
_lstevens@thegomezfirm.com_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Lindsay R. Stevens*
Lindsay R. Stevens (CA Bar # 256811)
GOMEZ TRIAL ATTORNEYS
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496
lstevens@thegomezfirm.com
