# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| *IN RE:* TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | HON JUDGE MILAZZO |
| THIS DOCUMENT RELATES TO:<br><br>*TINA R. DAVIS v. SANOFI U.S. SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC. et al.* | Civil Action No.: 2:17-cv-12052 |

### Plaintiff Tina R. Davis's Memorandum in Support of Motion for Reconsideration of the Court's Order Dismissing Her Case Without Prejudice

Under Federal Rule of Civil Procedure 59(e), Tina R. Davis seeks reconsideration of the Court's dismissal of her case without prejudice to correct a manifest error of fact.[1] The Court based its dismissal, in part, on factual representations from Defendants' counsel that multiple ANDAs (generics) manufactured docetaxel when Ms. Davis received docetaxel from August 30, 2012 to January 3, 2013. Whether made wittingly or unwittingly, these representations were made in error. When corrected, there is more

---

[1] The Fifth Circuit has stated repeatedly that Rule 59(e) relief "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

1

than sufficient evidence to support Ms. Davis's contention that Hospira manufactured at least the first 3 cycles of Ms. Davis's docetaxel treatment.

Ms. Davis received 6 docetaxel cycles: (1) August 30, 2012; (2) September 25, 2012; (3) October 16, 2012; (4) November 20, 2012; (5) December 11, 2012; and (6) January 3, 2013. At the April 28, 2022 show cause hearing, Ms. Davis presented evidence that, based on representations in Defendant Fact Sheets, Hospira manufactured the first 3 docetaxel cycles.

When Ms. Davis received docetaxel at Nevada Cancer Center, there were only 5 brand-name docetaxel manufacturers: (1) Sanofi; (2) Accord; (3) Sun; (4) Sandoz; and (5) Hospira. All 5 manufacturers provided Defendant Fact Sheets. Sanofi, Accord, and Sun represented that they did not supply docetaxel to Nevada Cancer Center. On the other hand, Sandoz and Hospira represented that they did supply docetaxel to Nevada Cancer Center.

Hospira supplied docetaxel to Nevada Cancer Center from November 23, 2011 to December 30, 2011 and June 25, 2012 through July 3, 2012. But Sandoz only supplied docetaxel to Nevada Cancer Center *beginning on October 29, 2012*. Because Sandoz didn't start supplying docetaxel to Nevada Cancer Center until *after Ms. Davis's third docetaxel treatment*, there is sufficient evidence to support Ms. Davis's contention that Hospira manufactured the first 3 docetaxel cycles.

At the hearing, Defendants' counsel refuted Ms. Davis's position by arguing that multiple ANDAs (generics) also manufactured docetaxel when Ms. Davis received treatment from August 30, 2012 to January 3, 2013. According to Defendants, existence of these generic manufacturers created sufficient uncertainty about the identity of Ms. Davis's docetaxel manufacturer.

In response, the Court asked Ms. Davis for any evidence that Nevada Cancer Center purchased docetaxel from only brand-name manufacturers. Ms. Davis had no such evidence, and the Court dismissed Ms. Davis's case without prejudice.

At the hearing, Defendants' factual representations about ANDAs (generics) from August 30, 2012 to January 3, 2013 were accepted as true. But after the hearing, Ms. Davis investigated this issue, seeking to understand which ANDAs (generics) manufactured docetaxel from August 30, 2012 to January 3, 2013.

***Upon review, Ms. Davis cannot identify any ANDAs (generics) manufacturing docetaxel from August 30, 2012 to January 3, 2013***. Ms. Davis's counsel reached out to Defendants' counsel seeking information about which ANDAs (generics) defense counsel was referring to at the hearing. But in response, Hospira's counsel merely referred Ms. Davis's counsel to the main FDA website without further explanation. Sandoz's counsel never responded.

Accordingly, Ms. Davis seeks reconsideration of the Court's order dismissing her case without prejudice. Defendants' counsel's factual representations about ANDAs

3

(generics) manufacturing docetaxel were made in error. When corrected, Ms. Davis has provided sufficient evidence to support her contention that Hospira manufactured the first 3 cycles of her docetaxel treatment.

Ms. Davis requests that the Court grant this motion to reconsider and reinstate her case. Upon reinstatement, Ms. Davis agrees to dismiss all Defendants except for the Hospira Defendants.

Dated this May 3, 2022

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Brian A. Abramson*
Brian A. Abramson
Texas Bar No. 24050193
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Email: babramson@whlaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have contacted Counsel for Sandoz and Hospira about this Motion. Counsel for Hospira referred me to the main FDA website without further explanation. Counsel for Sandoz never responded.

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Brian A. Abramson*
Brian A. Abramson
Texas Bar No. 24050193
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Email: babramson@whlaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2022, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

By: */s/ Brian A. Abramson*
Brian A. Abramson
Texas Bar No. 24050193
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Email: babramson@whlaw.com

*Attorney for Plaintiff*