# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
|  | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Tarnya King v. Sanofi US Services Inc., et al.* Case No. 2:20-cv-03305 | : : : : | |

### DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR UNTIMELY SERVICE OF PROCESS

Plaintiff's opposition brief (Rec. Doc. 14118) fails to demonstrate either good cause for her year-long delay serving her Complaint or a justification for this Court to grant an extension of time to effect service on Accord. Plaintiff filed her Complaint on December 3, 2020. (Rec. Doc. 1.) Plaintiff "concedes that service did not occur before March 23, 2022." (Pl.'s Opp. 2.) Significantly, Plaintiff expressly admits that her delay in effecting service on Accord is attributable "to an oversight by [Plaintiff's] counsel." (*Id.* 6.) She asserts no circumstance that would warrant an extension here. Thus, dismissal is warranted.

**I.  Attorney "oversight" falls squarely within the category of inadvertence, mistake, or ignorance of counsel, not excusable neglect, and therefore, cannot establish good cause.**

The Fifth Circuit has held that neither inadvertence of attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that fact "counsel had instructed his secretary to serve the papers. . . is surely not good cause or (even) excusable neglect"); *see also Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his

5524477

temporary secretary); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on his secretary. . . for lapses attributable entirely to him"). As such, counsel's "clerical error" and "oversight" (*see* Pl.'s Opp. 2, 6) do not constitute excusable neglect or establish good cause.

Moreover, Plaintiff's unilateral participation in this MDL does not "mak(e) any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure." (*See* Pretrial Order No. 1 ¶ 3.) That Plaintiff "served all discovery demand responses via MDL Centrality pursuant to relevant PTO and Case Management Orders" neither makes Accord a party to this action nor provides notice of Plaintiff's lawsuit. Further, knowledge cannot be imputed on Accord simply because Plaintiff's case was included on a global Notice of Non-Compliance compiled by all of the 505(b)(2) Defendants – not just Accord. Likewise, Plaintiff's product identification efforts are irrelevant as Accord's obligations pursuant to Case Management Order No. 12A ("CMO-12A") are not triggered unless properly served. (*See* CMO-12A ¶¶ 3-4.) To this end, Plaintiff's product identification emails did not put Accord on actual notice of the lawsuit as Accord had no obligation to review them.

## II. The circumstances do not justify an exercise of the Court's discretion to grant an extension of time to effect service.

Courts considered circumstances beyond clerical error in the cases cited by Plaintiff when granting an extension of time to effect service, which are not present here. In *People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *1 (M.D. La. Mar. 28, 2018), plaintiffs sought disaster relief aid from FEMA after being displaced by historic flooding in Louisiana. The court granted an extension because plaintiffs had a large number of defendants to serve, attempted service on all of the defendants within the original period provided by Rule 4, and such efforts were made in good faith and were not inadequate based

2

5524477

simply on "'inadvertence of plaintiffs' counsel.'" *Id.* at 8.  Here, case-specific discovery has not commenced, Plaintiff did not attempt to serve Accord within the period prescribed by Rule 4 or PTO 29, and Plaintiff's untimeliness is wholly attributable to inadvertence of counsel.[1]

Plaintiffs' attack on *Barthelemy* and *Pablovich* is similarly flawed.  The court in *Barthelemy* considered the fact that plaintiff's change in representation caused only a 30-day delay in its decision to grant an extension of time.  *Barthelemy v. CHS-SLE LAND, L.L.C.*, No. CV 19-10086, 2020 WL 3605931, at *7 (E.D. La. July 2, 2020).  And the court in *Pablovich* found it notable that "[d]efendant was apparently on notice of the likelihood of litigation due to the receipt of a letter of representation that Plaintiff ha[d] twice attempted to serve Defendant. . . and the effects of the ongoing global pandemic of COVID-19. . ." *Pablovich v. Rooms to Go La. Corp.*, No. CV 20-617, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020).  In other words, courts consistently look for mitigating circumstances beyond the clerical error to justify an extension of time.  There are simply no mitigating factors present here.  Plaintiff's counsel has remained the same since the initial filing and COVID-19 has posed no barriers to service given the streamlined service order in place.  Instead, Plaintiff admittedly delayed service for more than a year due only to clerical error. (*See* Pl.'s Opp. 6.)

### III. Even if Plaintiff's Complaint were time-barred, this factor weighs in favor of dismissal.

Finally, Plaintiff suggests that a higher standard applies to the analysis of whether her claim should be dismissed because her claims would be time-barred.  Initially, Accord contends that the "aggravating factors" standard that Plaintiff urges the Court to apply is irrelevant here.  Maine is

---

[1] Plaintiff also relies on *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 (E.D. La. Nov. 16, 2020) and *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Minn. 1995) in support of her request for an extension of time (*see* Pl.'s Opp. 6-7); however, the Court in *Pate* considered dismissal under Rule 41(b)—not Rule 4—and *Rollerblade* is not binding authority on this Court.

3

the state in which Plaintiff resides and alleges she suffered her injury; (*see* Short Form Compl. ¶¶ 4-5) therefore, Maine's six-year statute of limitations applies. Me. Rev. Stat. tit. 14, § 752. For the sake of simplicity and for the purpose of this Motion *only*, Accord will assume that Plaintiff's cause of action accrued on the same date that she filed her initial Complaint – December 3, 2020.[2] Thus, Plaintiff's claims are not time-barred on their face and the "aggravating factors" considered by the count in *Sealed Appellant* are irrelevant. *See Sealed Appellant v. Sealed Appellee,* 453 F. 3d 417, 418 (5th Cir. 2006) ("As to the claims that would not be barred by limitations upon refiling, we treat the dismissal as without prejudice and affirm.") Instead, simple inadvertence is sufficient evidence to support dismissal. *Lindsey v. U.S. R.R. Ret.*, 101 F. 3d 444, 446 (5th Cir. 1996).

Even assuming *arguendo*, however, that Plaintiff's claims would in fact be time barred, this factor weighs in favor of dismissal under the *Sealed Appellant* standard. As the court explained, "failure to serve process within the statute of limitations period is extremely prejudicial" because a potential defendant that has not been served is entitled to expect that it no longer has to defend against the claim. *Sealed Appellant*, 452 F.3d at 418. As such, Accord is entitled to expect that it no longer has to defend against Plaintiff's claims; otherwise, the statute of limitations is effectively meaningless as to Plaintiff's stale claims. This factor, coupled with the delay of a year in effective service, warrants dismissal even under the purportedly applicable higher standard. *Id*. (noting where "Appellant has not missed the [] deadline by only a day or a week or two, but by almost [2 years] . . . the delay is not a 'simple inadvertence'").

---

[2] Accord reserves the right to argue that Plaintiff's cause of action accrued much earlier—six months following the completion of chemotherapy—consistent with the Plaintiff's Second Amended Master Long Form Complaint and this Court's previous rulings, in the absence of tolling.

4

5524477

## IV. Conclusion

Plaintiff's untimely service of process due to attorney oversight does not constitute excusable neglect, and Plaintiff's year-long delay serving Accord with the Complaint warrants dismissal. Accordingly, Plaintiff has not satisfied her burden to establish good cause and this Court should exercise its discretion by dismissing Plaintiff's action.

DATED: May 3, 2022                    Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com

*Attorney for Defendant*
*Accord Healthcare, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 3, 2022, a copy of the foregoing *Defendant Accord Healthcare, Inc.'s Reply in Support of Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

      Respectfully submitted,

      */s/ Julie A. Callsen*
      Julie A. Callsen

      *One of the Attorneys for Defendant Accord Healthcare, Inc.*