# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENTS RELATES TO:<br><br>*Tarnya King v.*<br>*Sanofi US Services Inc., et al.*<br>*Case No. 2:20-cv-03305* |  |  |

### MEMORANDUM OF LAW IN SUPPORT OF ACTAVIS PHARMA, INC.'S AND ACTAVIS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR UNTIMELY PURPORTED SERVICE OF PROCESS

Plaintiff Tarnya King filed her Short Form Complaint on December 3, 2020, naming multiple defendants, including Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc. (the "Actavis Defendants"). (Short Form Comp., Rec. Doc. 1). On April 22, 2022, Plaintiffs' counsel sent an e-mail with a summons[1] to the e-mail address established by Pretrial Order No. 32A for "Streamlined Service" on the Actavis Defendants. (*See* April 22, 2022, Email from Plaintiff's counsel to actdocecomp@ulmer.com, Exhibit 1). The email of April 22, 2022, is the first and only attempt to serve the Actavis Defendants of which the Actavis Defendants are aware.[2]

Under Fed. R. Civ. P. 4 and Pretrial Order No. 32A (Streamlined Service on the Actavis Defendants), Plaintiff was required to serve the Complaint within 90 days from the date the case

---

[1] The summonses that accompanied the Short Form Complaint were neither signed nor stamped by the Clerk of Courts. *See* Attachment to Exhibit 1. Therefore, Plaintiff still has not perfected service on the Actavis Defendants.

[2] To date, Plaintiff has not identified the Actavis Defendants in her Plaintiff Fact Sheet or submitted CMO 12A product identification evidence identifying the Actavis Defendants as the manufacturer of the docetaxel with which Plaintiff was treated. (*See* Plaintiff Fact Sheet, excerpt attached as Exhibit 2).

was docketed in the MDL. (PTO 32A, Master Docket, Rec. Doc. 710). Plaintiff cannot demonstrate good cause for her failure to effect timely service in the face of this record of delay. Accordingly, the Actavis Defendants should be dismissed.

## JOINDER IN ARGUMENT OF ACCORD HEALTHCARE, INC.

On April 12, 2022, co-defendant, Accord Healthcare, Inc., filed a Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process (Rec. Doc. 14009), and a memorandum in support of its motion (Rec. Doc. 14009-1). In the interests of judicial economy, the Actavis Defendants hereby adopt and incorporate by reference the legal arguments advanced by co-defendant Accord Healthcare, Inc., contained in Rec. Doc. 14009-1, as and for their legal arguments in support of this Motion.

## CONCLUSION

Plaintiff cannot demonstrate good cause for her failure to comply with the Federal Rules and Pretrial Order No. 32A to effect timely service. Accordingly, the Actavis Defendants respectfully request this Court grant their motion to dismiss due to improper service of process.

DATED: May 12, 2022

Respectfully submitted,

*/s/ Michael J. Suffern*
Michael J. Suffern
ULMER BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
msuffern@ulmer.com

*Attorney for Defendants Actavis Pharma, Inc. and Actavis LLC f/k/a Actavis Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 12, 2022, a copy of the foregoing *Memorandum of Law in Support of Actavis Pharma, Inc.'s and Actavis LLC's Motion to Dismiss Plaintiffs' Complaint for Untimely Purported Service of Process* was filed with the Court via ECF and is deemed served on all counsel of record.

                 */s/ Michael J. Suffern*
                 Michael J. Suffern

                 *Attorney for Defendants Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc.*