UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO:<br><br>*Tina R. Davis v. Sanofi U.S. Services, Inc. f/k/a Sanofi-Aventis U.S. Inc., et al.*<br>*Case No. 2:17-cv-12052* | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF TINA R. DAVIS'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING HER CASE WITHOUT PREJUDICE**

This Court made no error dismissing Plaintiff's case without prejudice due to her failure to obtain product identification as required by Case Management Order No. 12A. Rather, Plaintiff rests her claimed product identification as to Hospira on several false premises that have already been heard by this Court, and in any event, this Plaintiff was provided with a procedural roadmap to seek reinstatement of her case pursuant to Rule 60(b), if further product identification evidence was found. Accordingly, Plaintiff's Motion for Reconsideration should be denied.

I.   **PLAINTIFF'S REQUEST FOR RECONSIDERATION LACKS MERIT**

   A.   **There Was No "Error" Requiring Relief under Rule 59(e).**

As the Fifth Circuit has long recognized, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and is an "extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). "Manifest error" is one that is "plain and

indisputable, and that amounts to a complete disregard of the controlling law." *U.S. v. Shepherd*, No. 08-384, 2011 WL 2173803 (E.D. La. June 2, 2011).

But Plaintiff can show no error. Plaintiff solely bases her reconsideration request on defense counsel's representation that there may have been non-Defendant (or ANDA) manufacturers of docetaxel on the market, which she believes to be false.[1] (*See* Pl.'s Memo. in Support, Rec. Doc. 14152-1 at 1.) However, representation was not false. As the Drugs@FDA website—to which Defendants pointed Plaintiff's counsel following the April 28, 2022 hearing—indicates upon a search for "docetaxel," the FDA approved non-Defendant Apotex's NDA to market docetaxel in January 2012, before Plaintiff's treatment began in August 2012. *See* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.process&ApplNo=022312, and the Approval Letter for Apotex, available at https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2012/022312s000ltr.pdf. Apotex has not been named as a defendant in this litigation and did not complete a Fact Sheet, so Plaintiff cannot establish she did not receive Apotex's docetaxel. Because Plaintiff has shown no error in fact, much less manifest error, Plaintiff is not entitled to relief pursuant to Rule 59(e).

**B.    As Set Forth at the Hearing, the Defendant Fact Sheet is not Sufficient Evidence of Product Identification**

In addition, as recognized by Plaintiff, the availability of docetaxel by non-Defendants was only one of the bases for dismissal. Another basis raised at the hearing—which alone is sufficient to warrant dismissal and which Plaintiff did not raise in her motion—is that the Defendant Fact Sheet is not an exhaustive listing of every shipment of all Defendants' docetaxel to a particular

---

[1] Mr. Insogna (counsel for Sandoz) and Ms. Callsen (counsel for Accord) argued this case on behalf of all Defendants in a representative role at the show cause hearing. Plaintiff was under the mistaken impression that counsel for Hospira was present and made the representations at issue. (*See* Pl.'s Memo. in Support, Rec. Doc. 14152-1 at 1).

treatment facility, and thus is not a reliable form of product identification. *See* Ex. A, Apr. 28, 2022 Hr'g Tr. at 16:17-25 and 19:1-4.[2] That is because 1) manufacturers use wholesalers and distributors to distribute docetaxel to treatment facilities, 2) the manufacturers do not necessarily possess or have access to the shipment data, thus 3) the docetaxel shipments received by infusion facilities through these indirect means are not necessarily contained in the DFS responses.[3] Moreover, if a plaintiff fails to identify a manufacturer in her Plaintiff Fact Sheet, a Defendants' Fact Sheet obligations are not triggered.

As pointed out by defense counsel at the hearing, "evidence that certain manufacturers may have shipped product to their particular facility doesn't establish that any particular plaintiff actually received a product from a particular manufacturer." *See id.* at 17:17-21. Based on the evidence presented, we know only that Plaintiff was prescribed Taxotere and that Hospira's docetaxel was supplied to Plaintiff's treatment facility. Plaintiff has failed to come forth with anything more. *See id.* at 23:1-3. As pointed out at the hearing, there are simply too many unknowns (third-party distribution, product shelf life issues, non-Defendant manufacturers, etc.) to establish product identification via a DFS response, and a jury would improperly be left to guess whose docetaxel was actually administered to Plaintiff. *See id.* at 21:9-23:4.

---

[2] There is a transcription discrepancy at 19:3 of the hearing transcript. With the correction in italics, Mr. Insogna represented: "[D]efendants' internal records show if we shipped to a facility, but *do not* show if we shipped to a distributor who may have shipped to other facilities."

[3] This is the very reason Case Management Order No. 7 was issued. Pursuant to CMO-7, issued in 2017, Defendants disclosed their distributors to PSC, and if subject to written discovery, provided additional information about distributors and wholesalers. Defendants then cooperated with the subpoena process initiated by PSC to distributors. If a distributor did not respond to an issued subpoena, Plaintiffs should have timely moved to compel compliance pursuant to Fed. Rule 45.

Because the DFS data does not establish that Hospira's docetaxel was administered to Plaintiff, her claim is accordingly not viable under the applicable Kansas law, which has established that "[the plaintiff] still has the burden of establishing that the particular defendant has sold a product . . . and that it caused [her] injury." *See Mays v. Ciba–Geigy Corp.*, 661 P.2d 348, 357 (Kans. 1983); *see also* K.S.A. § 60-3301, *et seq.* (requiring that the defendant be in the chain of sale).[4]  Because Plaintiff has not obtained sufficient product identification pursuant to Case Management Order No. 12A and the applicable case law, despite nearly five years to do so, her matter was appropriately dismissed.

### C. Plaintiff Has Other Available Relief.

As this Court recognized, it is possible that Plaintiff's treatment facility can identify the distributor(s) or other sources of its docetaxel during the appropriate time frame. *See* Ex. A, Apr. 28, 2022 Hr'g Tr. at 22:10-13.  In addition, Plaintiff could have availed herself of the data produced pursuant to CMO-7 (*see* discussion *supra* p. 3 at footnote 3), and pursued product identification via those means.  If further efforts reveal the manufacturer of the docetaxel administered to Plaintiff, this Court has recognized that plaintiffs such as Ms. Davis may seek relief pursuant to Rule 60(b).

## II. CONCLUSION

Plaintiff is not entitled to seek reconsideration of the dismissal based upon the same argument already considered by the Court in issuing the Order.  There is simply no reliable product identification establishing the manufacturer of the docetaxel actually administered to Plaintiff.  The

---

[4] Plaintiff alleges she is a resident of Kansas but was infused in Nevada and allegedly injured in Nevada.  *See* Short Form Compl., Rec. Doc. 1, ¶¶ 4, 5, 11.  Nevada also requires that "the injured party must prove that exposure to the products made or sold by that particular defendant was a substantial factor in causing the injury."  *See Holcomb v. Georgia Pac., LLC*, 289 P.3d 188, 197 (Nev. 2012) (citations omitted).

Defendant Fact Sheets served in this case fail to satisfy that requirement. Without more, there is no error and reconsideration pursuant to Rule 59(e) should be denied.

Dated: May 24, 2022

Respectfully submitted,

/s/ Julie A. Callsen
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Counsel for Defendant Accord Healthcare, Inc.*

/s/ Jordan Baehr
Jordan Baehr
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
Email: jbaehr@shb.com

*Counsel for Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

/s/ Nicholas A. Insogna
Nicholas Insogna
GREENBERG TRAURIG, LLP
One International Place
Suite 2000
Boston, MA  02110
Telephone: 617.310.6000
Email: insognan@gtlaw.com

*Counsel for Defendant Sandoz Inc.*

5

*/s/ Richmond T. Moore*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  202.434.5000
Facsimile:  202.434.5029
Email:  hhubbard@wc.com
  rmoore@wc.com
  nwadhwani@wc.com

*Counsel for Defendants Hospira, Inc. and Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc.*

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:  617.213.7000
Facsimile:  617.213.7001
Email:  gcoan@hinshawlaw.com
  kekelly@hinshawlaw.com

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2022, a true and correct copy of the foregoing *Defendants' Opposition to Plaintiff Tina R. Davis's Motion for Reconsideration of the Court's Order Dismissing Her Case Without Prejudice* was filed via the ECF that will send notification of such filing to all counsel of record.

> */s/ Julie A. Callsen*
> Julie A. Callsen
>
> *One of the Attorneys for Defendant Accord Healthcare, Inc.*

7

5547774