UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: Elizabeth Kahn, Case No. 2:16-cv-17039 | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Plaintiff Elizabeth Kahn seeks extraordinary and untimely relief from the jury's verdict, which found she did not prove her failure-to-warn case. This Court should deny Ms. Kahn's effort to set aside the verdict in her case based on the Fifth Circuit's months-old opinion finding inadmissible Dr. Michael Kopreski's testimony on a clinical study in a separate bellwether case. *See In re Taxotere (Docetaxel) Prods. Liab. Litig. (Earnest)*, 26 F.4th 256 (5th Cir. 2022). Ms. Kahn takes this position despite the fact that Dr. Kopreski never testified at her trial and therefore the jury never heard the testimony that is the subject of the Fifth Circuit's opinion. Indeed, after twice arguing Dr. Kopreski must appear live at trial—relief this Court granted—Ms. Kahn made the *strategic decision* not to call him and never argued to this Court that she had been prejudiced. Ms. Kahn is not entitled to relief under Rule 60(b) for multiple reasons.

First, Ms. Kahn's appeal of the judgment against her is pending. This Court has no jurisdiction to grant her motion. Under the rules, the Court may deny the motion or issue an indicative ruling. *See* Fed. R. Civ. P. 62.1(a). But, for the reasons explained below, no grounds exist to conclude that the motion raises a substantial issue, much less that it should be granted.

Second, Ms. Kahn's motion is untimely because Ms. Kahn never raised before, during, or after trial the argument she makes now—that she did not call Dr. Kopreski in her case-in-chief to avoid him testifying about the TAX316 study. Ms. Kahn never made this argument because it is

implausible and inconsistent with the procedural history of this case, this Court's rulings, and the differences in witnesses and evidence introduced at the *Earnest* and *Kahn* trials. Instead, Ms. Kahn waited months after the Fifth Circuit ruled in *Earnest* to raise this issue, only filing her motion two weeks before her appellate brief was due.

Third, Ms. Kahn cannot prevail under Rule 60(b)(5) because the judgment in her case was not "based on" the now-overruled *Earnest* judgment. The testimony the Fifth Circuit found inadmissible in *Earnest* was never presented to the *Kahn* jury by any witness.

And fourth, Ms. Kahn cannot prevail under Rule 60(b)(6) because her strategic decision not to call Dr. Kopreski does not constitute an extraordinary circumstance.

Ms. Kahn's Rule 60(b) motion must be denied.

## **PROCEDURAL HISTORY**

This Court has tried two bellwether cases in this MDL: *Earnest* and *Kahn*. In *Earnest*, Sanofi identified the company's Rule 30(b)(6) designee, Dr. Kopreski, as a fact witness. Dr. Kopreski served as the head of oncology pharmacovigilance for Sanofi from 2005 to 2017. He sat for seven depositions and provided hours of testimony in response to topics designated by Plaintiffs, including testimony related to TAX316, a phase III clinical study. At trial in *Earnest*, Ms. Earnest's experts testified that 29 patients in the Taxotere-based (TAC) arm of the TAX316 study had ongoing alopecia at the end of the follow-up period. The *Earnest* jury also heard testimony from Dr. Kopreski designated by both parties, including Dr. Kopreski's testimony— designated by Sanofi—that the individual Case Report Forms demonstrated that only 6 of the 29 patients identified by Ms. Earnest's experts in TAX316's TAC arm actually met the litigation definition of persistent alopecia. The jury entered a verdict in Sanofi's favor in September 2019, finding that Ms. Earnest had not proven she suffered from permanent chemotherapy-induced

alopecia caused by Taxotere.  Ms. Earnest appealed.

While Ms. Earnest's case was on appeal, the parties proceeded to trial in *Kahn*.  Almost a year before trial, Ms. Kahn filed a motion *in limine* to exclude Dr. Kopreski's TAX316 testimony as undisclosed expert testimony.[1]  Sanofi countered that Dr. Kopreski was a fact witness under *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010), because his testimony stemmed from his former job duties at Sanofi.  This Court agreed and denied Ms. Kahn's motion in October 2020 but concluded its order with the following:

> The Court notes that while Dr. Kopreski will be allowed to offer the opinions at issue, the Court is concerned about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis.  Plaintiff must be able to conduct a robust cross-examination of him in a way that is conducive for the jury.  Accordingly, the Court will address options with counsel prior to trial.[2]

Nine months later, Ms. Kahn asked this Court to direct Sanofi to compel Dr. Kopreski to appear at trial so she could cross-examine him.[3]  This Court denied Ms. Kahn's motion, holding that it could not force *Sanofi* to subpoena Dr. Kopreski's appearance for Ms. Kahn's benefit.  The Court, however, stated that *Ms. Kahn* could compel Dr. Kopreski's live testimony if she could show good cause under the Federal Rules of Civil Procedure.[4]

Two weeks before trial, Ms. Kahn served Dr. Kopreski with a trial subpoena.  The subpoena sought to require Dr. Kopreski to appear "live" at trial via videoconferencing during Sanofi's case-in-chief.  Dr. Kopreski filed a motion to quash the subpoena, which this Court

---

[1]  Rec. Doc. 10938 (Pl.'s Mot. to Exclude Testimony of Dr. Michael Kopreski).

[2]  Rec. Doc. 11332 (Order and Reasons Denying Pl.'s Mot. to Exclude Testimony of Dr. Michael Kopreski) at 8.

[3]  Rec Doc. 13058 (Pl.'s Mot. to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination).

[4]  Rec. Doc. 13140 (Order and Reasons Denying Pl.'s Mot. to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination) at 5–6.

denied.[5]  The Court found good cause and compelling circumstances existed, entitling Ms. Kahn to call Dr. Kopreski live at trial if she so chose.  Exhibit A, *In Re: Dr. Michael S. Kopreski*, No. 2:21-MC-1919, Rec. Doc. 14 at 9 (E.D. La. Nov. 3, 2021).  The Court also noted that, to ensure fundamental fairness, Ms. Kahn could not present Dr. Kopreski's video deposition testimony during her case-in-chief and then demand his live testimony during Sanofi's case-in-chief.  *Id.* at 13.  That is, if Ms. Kahn wanted Dr. Kopreski's live testimony, she had to call him live throughout the entire trial.  Conversely, if she wanted to present Dr. Kopreski's deposition testimony in her case, Ms. Kahn would also have to use his deposition testimony during Sanofi's case.

At trial, Ms. Kahn chose not to present Dr. Kopreski's testimony at all—she neither called Dr. Kopreski live nor used his deposition testimony during her case-in-chief.  At no point during Ms. Kahn's case-in-chief did she request that this Court permit her to call Dr. Kopreski to testify on liability issues but limit Sanofi's cross-examination to the same.  Nor did Ms. Kahn argue during or after trial that she had been strategically disadvantaged by choosing not to call Dr. Kopreski during her case in order to avoid his testimony on TAX316.  There is accordingly no ruling by this Court on that issue.

Sanofi likewise did not present any of Dr. Kopreski's testimony during its case.  Nor did Sanofi present testimony from its expert, Dr. Ellen Chang, who had performed an independent analysis of the TAX316 clinical data—untethered to any work done by Dr. Kopreski—and reached the same "six patient" conclusion as Dr. Kopreski.  Indeed, the underlying analysis of the 29 patients in the TAX316 study—which had been addressed by both parties in the *Earnest* trial and which was the subject of the Fifth Circuit's ruling—was not presented during Ms. Kahn's trial.

---

[5]   Dr. Kopreski filed his Motion to Quash Trial Subpoena in the District of New Jersey, but the motion was transferred to this Court for resolution.

After a two-week trial, the jury found Ms. Kahn had not proven Sanofi failed to take reasonable care to provide an adequate warning to her prescribing physicians about the risk of permanent hair loss associated with Taxotere. Because the jury found in Sanofi's favor on label adequacy—the first question on the verdict form—the jury did not reach any questions of causation in Ms. Kahn's case.

On December 20, 2021, Ms. Kahn appealed the judgment against her to the Fifth Circuit.[6] Ms. Kahn did not designate the pre-trial record related to her efforts to subpoena Dr. Kopreski to trial, and thus, is presumably not appealing that portion of the Court's Kopreski rulings.

On February 10, 2022, while Ms. Kahn's case was pending on appeal, the Fifth Circuit issued its opinion in *Earnest*. The Fifth Circuit held that Dr. Kopreski's testimony about the number of patients with permanent alopecia in TAX316 was expert rather than lay witness testimony and was therefore not properly admitted under Federal Rule of Evidence 702. More than three months later, as the deadline for her opening appellate brief approached, Ms. Kahn filed her Rule 60(b) motion in this Court and sought to delay her Fifth Circuit appeal. The Fifth Circuit subsequently denied Ms. Kahn's request for a stay or remand but permitted Ms. Kahn to file her opening brief 14 days after a ruling by this Court.[7]

## LEGAL STANDARD

Reconsideration of a judgment under Rule 60 is an extraordinary remedy that should be used only sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Whether to grant this extraordinary relief is within the sound discretion of the trial court. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). Rule 60(b) motions must be made within a reasonable time,

---

[6] Rec. Doc. 13559 (Pl.'s Notice of Appeal).

[7] *Kahn v. Sanofi-Aventis US LLC*, No. 21-30762, Doc. 00516355273 (5th Cir. June 13, 2022).

5

Fed. R. Civ. P. 60(c)(1), and "may not be used as a substitute for a timely appeal." *Lowry Dev., L.L.C. v. Groves & Assocs. Ins.*, 690 F.3d 382, 387–88 (5th Cir. 2012).

Rule 60(b) provides six grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Ms. Kahn appears to base her motion on the second clause of Rule 60(b)(5), or, alternatively, Rule 60(b)(6)'s catch-all provision.[8] To prevail under Rule 60(b)(5), Ms. Kahn would need to prove that the jury's verdict was "based on" the *Earnest* judgment, now reversed, which gave rise to "a successful defense" in *Kahn*. *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801 (5th Cir. 2002) (internal quotation marks omitted). And to prevail under Rule 60(b)(6), which is a different ground for relief, Ms. Kahn must prove that extraordinary circumstances are present. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Ms. Kahn cannot prevail under either standard.

## ARGUMENT

### I. THIS COURT DOES NOT HAVE JURISDICTION TO GRANT MS. KAHN'S MOTION.

Because Ms. Kahn's appeal is pending, this Court is without jurisdiction to grant Ms. Kahn's 60(b) motion absent remand from the Fifth Circuit. "After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand." Fed. R. Civ. P. 62.1 (Advisory Committee Notes); *see also Shepherd v. Int'l Paper Co.,*

---

[8] Rec. Doc. 14217-1 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 5, 7.

6

372 F.3d 326, 329 (5th Cir. 2004) ("Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion . . . it no longer has the jurisdiction to grant such a motion while the appeal is pending."). The Fifth Circuit recognizes "the power of the district court to consider on the merits and *deny* a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984) (emphasis added). But if a court is inclined to grant a Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Shepherd*, 372 F.3d at 329 (internal quotation marks omitted). As discussed below, remand is unnecessary here because Ms. Kahn's motion is untimely and without merit.

## II.   MS. KAHN'S MOTION IS UNTIMELY.

A Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). "[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [the Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992)). Under Rule 60(b), a "reasonable time" for filing is defined "by the particular facts and circumstances of each case." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 n.9 (E.D. La. 2016) (internal quotation marks omitted).

To determine whether a Rule 60(b) motion is timely, courts consider their institutional interest in finality of the judgment and the prejudice to other parties. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). There is no dispute that this Court has an interest in maintaining the finality of the jury's verdict in this case. The *Kahn* jury never heard the evidence at issue in *Earnest*, so vacating the *Kahn* judgment based on the *Earnest* decision would make little sense. To do so would prejudice Sanofi, which has already spent substantial

7

time and effort defending this action.

Courts also consider the reason for the movant's delay and the practical ability of the movant to learn earlier of the grounds relied upon for reconsideration in deciding Rule 60(b) motions. *Id.* In *Travelers*, the Fifth Circuit affirmed the district court's denial of such a motion and found it significant that the appellants had known about the primary basis for the Rule 60(b) motions before entry of final judgment but failed to raise it until after several post-judgment motions were decided. *Id.*; *see also ABC Asphalt, Inc. v. Credit All. Corp.*, 1995 WL 337645, *4 (5th Cir. 1995) (affirming district court's denial of Rule 60(b)(6) motion as untimely where the facts and arguments at issue were available to the appellant before the trial court entered summary judgment).

Ms. Kahn offers no reason for the delay in bringing this issue to the Court though she was well aware prior to the entry of final judgment of (1) her now proffered basis of relief regarding a change in her trial strategy, and (2) that the admissibility of Dr. Kopreski's testimony was being litigated before the Fifth Circuit.

While Ms. Kahn now claims she chose not to introduce any of Dr. Kopreski's testimony to the jury to avoid the introduction of Dr. Kopreski's contested TAX316 testimony in her case-in-chief, *Ms. Kahn never made that argument at trial* and this Court accordingly never ruled on it. Specifically, Ms. Kahn never made a motion or request to the Court to confirm that she would be able to call Dr. Kopreski in her case-in-chief solely on liability issues and that Sanofi's cross-examination would be limited to the scope of that direct. Thus, Ms. Kahn failed to present the Court with an opportunity to analyze and rule on the issue Ms. Kahn belatedly asserts here. Because she failed to raise this issue at trial, Ms. Kahn may not argue this issue on appeal. *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022) ("[I]n order to preserve an argument

for appeal, the argument (or issue) not only must have been presented in the district court, a litigant also must press and not merely intimate the argument during proceedings before the district court." (internal quotation marks omitted)). Nor may Ms. Kahn raise the issue though a Rule 60(b) motion, which "may not be used as a substitute for a timely appeal." *Lowry*, 690 F.3d at 387–88.

Ms. Kahn waited three months after the Fifth Circuit's opinion in *Earnest*, well after noticing her appeal and on the verge of her opening brief being due, to raise these issues for the first time. Ms. Kahn's unjustified delay is not reasonable and forecloses relief under any prong of Rule 60(b). *See also Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 679 (S.D. Tex. 2011) (finding that a four-month delay between discovering new evidence and filing the Rule 60 motion was unreasonable).

### III. MS. KAHN IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)(5) BECAUSE THERE IS NO DIRECT CONNECTION TO THE *EARNEST* RULING.

Ms. Kahn argues her motion should be granted under Rule 60(b)(5),[9] which provides that a court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 65(b)(5). In this case, Ms. Kahn relies on the second clause, which the Fifth Circuit has noted "has had very little application." *Lowry*, 690 F.3d at 386. That clause requires *a direct connection* between the instant judgment and the reversal: "A decision is 'based on' a prior judgment when it is 'a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.'" *Flowers*, 286 F.3d at 801 (internal citation omitted); *see also Lowry*, 690 F.3d at 382 (applying 60(b)(5) where the prior judgment "eliminated any grounds for proceeding against [the defendant]").

---

[9] Rec. Doc. 14217-1 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 8.

9

There is no direct connection here. The Fifth Circuit vacated the judgment in Ms. Earnest's case based on the improper *admission* of Dr. Kopreski's TAX316 testimony at trial. In Ms. Kahn's trial, though, neither party presented any of Dr. Kopreski's testimony to the jury. Because the jury never heard Dr. Kopreski's TAX316 testimony, it could not have given rise to Sanofi's successful defense. The verdict against Ms. Kahn accordingly is not "based on" the prior judgment in *Earnest*. 12 James Wm. Moore et al., Moore's Federal Practice § 60.46[1] (3d ed. 2010) ("Cases in which one judgment is 'based' on another are not that frequent or obvious."). In fact, the jury found for Sanofi based on the adequacy of the warnings on the Taxotere label, but the TAX316 testimony was central to Ms. Kahn's causation case, not label adequacy.

Ms. Kahn argues that the jury's verdict is "based on" the *Earnest* decision because Ms. Kahn changed her trial strategy to avoid the TAX316 testimony Dr. Kopreski gave in *Earnest* being introduced in her case-in-chief. But Ms. Kahn's entire argument is based on a series of unsupported (and unrealistic) assumptions never raised with this Court for a ruling. Nothing in the record indicates that, had Ms. Kahn introduced Dr. Kopreski's testimony during her case, this Court would have allowed Sanofi to introduce his TAX316 testimony in Ms. Kahn's case-in-chief. Nor does the record indicate that Sanofi would have made the strategic decision to do so— particularly with no ruling from the Fifth Circuit in *Earnest*. To the contrary, in *Earnest*, the Court did not permit Sanofi to introduce Dr. Kopreski's TAX316 testimony as counter-designations to Plaintiff's affirmative testimony from this witness. Instead, the Court required that Dr. Kopreski's TAX316 testimony be introduced separately during Sanofi's case-in-chief—not Plaintiff's.[10] Ms. Kahn's argument is premised on the fallacy that *her* trial strategy somehow prevented Dr.

---

[10] Exhibit B, *Earnest* Trial Tr. 1919–1955 (Dr. Kopreski's TAX316 testimony being introduced during Sanofi's case-in-chief).

10

Kopreski's testimony from being presented to the jury. It was, however, Sanofi's choice whether to present Dr. Kopreski as a witness. Sanofi chose not to do so.

Moreover, Ms. Kahn's decision not to call Dr. Kopreski was not determinative of whether the jury would hear the "six patient" testimony during Sanofi's case. For example, Sanofi's expert witness, Dr. Ellen Chang, could have been called to testify, consistent with her expert report, that only six participants treated with Taxotere in TAX316 had possible "irreversible alopecia" as defined in this litigation.[11] Sanofi chose not to present that testimony. Ms. Kahn's alleged strategy change was accordingly of no consequence, as it did not prevent Sanofi's expert witness from discussing TAX316. And if Ms. Kahn still believed after the presentation of evidence that she had been prejudiced, despite the fact that the TAX316 testimony was never heard by the jury, she needed to raise that issue with the Court and request a ruling at trial. She did not do so.

In truth, Ms. Kahn did not and could not raise this argument because all the testimony Ms. Kahn claims she chose not to present through Dr. Kopreski was presented by other witnesses. Ms. Kahn identifies three excerpts from Dr. Kopreski's testimony that she allegedly would have played at trial if the Court had ruled differently on her motion *in limine*[12]: (1) that Sanofi had an obligation to identify new side effects or new characteristics of a previously known side effect from the start of the development of the product through the end of it being on the market; (2) that a drug company should update its label when "faulty or inaccurate" information is on a drug label; and (3) that in 2006, Sanofi was aware of the Sedlacek abstract.[13] But Dr. Amy Freedman testified

---

[11] Exhibit C, Apr. 17, 2020 Chang Expert Rpt. at 96.

[12] Ironically, some of the testimony Ms. Kahn alleges she was forced to exclude was designated by Sanofi and objected to by Ms. Kahn. *See* Rec. Doc. 14217-3 (Final Deposition Designations for Kopreski) at 42:4–17 (Ms. Kahn objecting that the testimony was "[c]umulative to designated testimony and unnecessary for completeness").

[13] Ms. Kahn claims the testimony she has identified is "non-exclusive," but unidentified testimony is insufficient for Ms. Kahn to meet her burden to show that she is entitled to relief under Rule 60(b)(5). Moreover, Ms. Kahn

that it was the responsibility of Sanofi's pharmacovigilance department to monitor drugs to identify new side effects or new characteristics of a previously known side effect.[14]  Dr. Laura Plunkett testified that a drug company has "a duty" and "is required to collect all their post-marketing events and experience and analyze that in order to determine whether or not labeling changes need to be made."[15]  Dr. Plunkett also testified that a drug company is required to update its label when there is misleading or inaccurate information on a drug label.[16]  And Ms. Ruth Avila—who also worked at Sanofi—testified extensively about her knowledge of the Sedlacek abstract as early as 2006 as well as Sanofi's response to the abstract at that time.[17]  There can be no prejudice when the jury heard this evidence and still found against Ms. Kahn.

There was, in fact, only one piece of evidence that the *Earnest* jury heard that the *Kahn* jury did not—Dr. Kopreski's testimony that only six of the TAX316 patients met the definition of having "persistent alopecia."  That evidence supported Sanofi's, not Ms. Kahn's case, and it was *Sanofi's* choice not to present it to the jury through Dr. Kopreski or Dr. Chang; yet, the jury still found in Sanofi's favor.  Ms. Kahn's argument that the judgment in her case is "based on" the *Earnest* judgment is riddled with illogical contradictions and arguments she failed to raise before this Court during trial.  Ms. Kahn's position is too attenuated to constitute the direct connection required by Rule 60(b)(5).

---

presumably highlighted in her motion the testimony that would be the most beneficial to her case.  As set forth, the evidence identified would not have changed the verdict in this case.

[14]   Exhibit D, Trial Tr. 190:13–191:14; *see also id.* at 899:2–900:11

[15]   *Id.* at 1010:16–1011:2.

[16]   *Id.* at 968:8–24.

[17]   *Id.* at 318:9–320:4.  Ms. Kahn's argument that Dr. Kopreski was important to her case because he worked for Sanofi is unpersuasive.  The jury heard testimony from not only Ms. Avila but also from Dr. Freedman, Ms. Frances Polizzano, Dr. Emanuel Palatinsky, and Mr. Jean-Philippe Aussel, all of whom worked at Sanofi.

## IV. MS. KAHN IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)(6) BECAUSE NO EXTRAORDINARY CIRCUMSTANCES EXIST HERE.

Ms. Kahn also appears to assert, in passing, that she is alternatively entitled to relief under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is "mutually exclusive from relief available under sections (1)–(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). The "reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Id*. Further, relief under Rule 60(b)(6) will not be granted absent extraordinary circumstances. *See Hess*, 281 F.3d at 216 ("Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." (internal quotation marks omitted)). Ms. Kahn does not present any basis for relief under subsection (6) that is separate from the basis asserted under subsection (5), much less one showing the requisite extraordinary circumstances. *GIC Servs., L.L.C. v. Freightplus USA, Inc.*, 2017 WL 4867511, at *3 (E.D. La. Oct. 27, 2017) (denying Rule 60(b)(6) argument because it was grounded in the same reason for relief sought under 60(b)(5) and noting that movant failed to show extraordinary circumstances).

Indeed, even if Ms. Kahn's argument were not duplicative of her Rule 60(b)(5) argument, the Fifth Circuit does not recognize a change in decisional law as an extraordinary circumstance. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (recognizing that "a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment"). This is particularly true where, as here, the change in law had no bearing on the outcome of Ms. Kahn's trial. *See Calhoun v. St. Bernard Par.*, 1991 WL 255104, at *1 (E.D. La. Nov. 22, 1991) (denying Rule 60(b)(6) motion because change in law was not relevant to the movant's case as it was factually different and had no legal effect on the movant's case).

The Fifth Circuit also recognizes that Rule 60(b)(6) cannot be invoked to undo a party's strategic decisions at trial. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) ("Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision."); *Theard v. Dep't of Civ. Serv., La.*, 2012 WL 6161944, at *5 (E.D. La. Dec. 11, 2012) (recognizing that "neither strategic miscalculation nor a misapprehension of the law is a sufficient reason to grant Rule 60(b) relief from a party's voluntary actions"). Prior to trial, Ms. Kahn twice approached this Court asking it to compel Dr. Kopreski to appear live so that she could cross-examine him. This Court gave Ms. Kahn the relief she sought when it overruled Dr. Kopreski's objection to her subpoena and permitted Ms. Kahn to call Dr. Kopreski live or by deposition.[18] Ms. Kahn chose to abandon that victory and chose not to call Dr. Kopreski on any subject or in any format. Ms. Kahn's choice does not constitute an extraordinary circumstance warranting reversal of judgment. *See Yesh Music*, 727 F.3d at 363 ("Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made." (internal quotation marks omitted)).[19]

Ms. Kahn's motion must be denied.

## CONCLUSION

For these reasons, this Court should deny Ms. Kahn's motion for relief from judgment pursuant to Rule 60(b).

---

[18] Ex. A, *In Re: Dr. Michael S. Kopreski*, No. 2:21-MC-1919, Rec. Doc. 14 (E.D. La. Nov. 3, 2021); Rec. Doc. 14217-3 (Final Deposition Designations for Kopreski).

[19] Ms. Kahn's footnote insinuating that she changed her trial strategy based on this Court's denial of her motion for partial summary judgment on general causation is unpersuasive. Rec. Doc. 14217-1 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 2 n.2. First, the anticipated testimony of Dr. Kopreski was merely one basis for the Court's denial of Ms. Kahn's motion. Multiple defense experts, including Dr. Chang, submitted evidence on general causation, creating a genuine dispute for the jury to resolve. Rec. Doc. 11685 at 2. Second, the jury still returned a verdict against Ms. Kahn after being presented with all the testimony Ms. Kahn claims she *would have* presented through Dr. Kopreski and *without* the testimony that served as a basis for the Fifth Circuit's reversal in *Earnest*.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Jon Strongman |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | **SHOOK, HARDY & BACON L.L.P.** |
| 400 Poydras Street, Suite 2700 | 2555 Grand Boulevard |
| New Orleans, LA 70130 | Kansas City, Missouri 64108 |
| Telephone: 504-310-2100 | Telephone: 816-474-6550 |
| Facsimile: 504-310-2120 | Facsimile: 816-421-5547 |
| dmoore@irwinllc.com | hratliff@shb.com |
| | jstrongman@shb.com |

*Counsel for Sanofi Defendants*
*Sanofi US Services Inc. and*
*sanofi-aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*