UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | MDL No. 16-2740 <br><br> SECTION: "H" (5) <br> JUDGE MILAZZO <br> MAG. JUDGE NORTH |
| **This document relates to:** <br> *Jessica Epperson* <br> *Sadaka Eva* <br> *Marian Bess* <br> *Jessie Carter* <br> *Nadia Ojeda* <br> *Deborah Haywood* <br> *Sylvia Oliva* <br> *Sonia Barnes* <br> *Alizabeth Haddad* <br> *Ronette Halloway* <br> *Nayuca Medina* <br> *Madeline Niles* <br> *Sheila Rawlins* <br> *Jennifer Weigand* | Civil Action No. <br> *2:17-cv-15302* <br> *2:18-cv-06064* <br> *2:17-cv-17295* <br> *2:17-cv-16952* <br> *2:17-cv-16943* <br> *2:17-cv-15293* <br> *2:17-cv-14007* <br> *2:17-cv-06825* <br> *2:17-cv-16236* <br> *2:17-cv-16767* <br> *2:18-cv-12335* <br> *2:17-cv-11744* <br> *2:17-cv-16330* <br> *2:17-cv-07789* |

## SHOW CAUSE RESPONSE - INNOVATOR LIABILITY UNDER CALIFORNIA LAW

Above captioned Plaintiffs appear jointly herein, through undersigned counsel, to object to dismissal of their claims under CMO 12A because California law allows their claims to properly proceed against the Sanofi Defendants alone without evidence of taking a particular manufacturer's drug. While the instant procedural posture does not involve a Rule 12 or 56 motion, Plaintiffs' factual allegations nonetheless should be accepted as true with reasonable inferences drawn in their favor. Because those allegations support claims under California's recognition of innovator liability regardless of whether CMO 12A proof is lacking, Plaintiffs' claims against Sanofi should not be dismissed at a product identification show cause hearing.

Thus, the question for the Court is whether above captioned Plaintiffs' claims may proceed against Sanofi alone at this product identification show cause stage with substantive challenges to their claims preserved for later rulings by a transferor court upon remand. Plaintiffs herein respectfully ask that the Court deny dismissal of the entirety of their claims at this time and allow their claims to proceed against Sanofi alone.

The theory of innovator liability is a common law extension of product liability founded under equitable, consumer-based principles of duty and reliance, which is applicable in limited circumstances. Courts recognizing innovator liability have determined that manufacturers of a drug owe "a duty to all consumers who foreseeably rely on their warning label, irrespective of whether the consumer uses the brand name or generic form of the drug." *In re Fluoroquinolone Prod. Liab. Litig.*, 517 F. Supp. 3d 806, 812 (D. Minn. 2021). It is an undisputed fact in this litigation that Sanofi is the innovator manufacturer of Taxotere and that Sanofi held patent protected exclusivity over the product from its initial U.S. approval in 1996 until March 2011. Sanofi was responsible for all clinical trials on which U.S. approvals for Taxotere by the FDA were based, and, prior to March 2011, Sanofi was the only manufacturer maintaining a U.S. pharmacovigilance database related to Taxotere nor responsibilities to update warnings.

California common law precedent on innovator liability allows Plaintiffs to hold innovating pharmaceutical manufacturers liable for later approved bio-equivalent drugs because the innovator is in the best position to discover and prevent warning label deficiencies. *See AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.* No. C1600443(WHA), 2016 U.S. Dist. LEXIS 87578, at *6 (N.D. Cal. July 6, 2016); *T.H. v. Novartis*, 407 P.3d 18, 35 (Cal. 2017). In *Novartis*, the court found that a brand-name drug manufacturer is still subject to liability for harm caused by a bio-equivalent drug using the same label because it is the responsibility—as assigned by the FDA—of the name-

brand drug manufacturer to initially create and update the label as necessary. *Novartis*, 407 P.3d 18 at 34. The manufacturer of a brand-name drug knows, or reasonably can anticipate, that any deficiency in the label will be perpetuated in future bio-equivalents that rely on the label and warnings contained on the label. *See id.* at 18. Under traditional inadequate warning label theories of product liability, the brand-name drug manufacturer is liable when deficiencies in its own label are the foreseeable and proximate cause of injury. *Id*. at 32–33.

There are equitable reasons why a California court applying California law could find that principles of innovator liability law should be extended to Plaintiffs' claims. Like in *Novartis,* Sanofi should reasonably anticipate that any deficiency in its label will be perpetuated in future bioequivalents, including generic drugs and 505(b)(2) drugs, relying on the label and warnings contained on the label. *Id.* at 18. The California Supreme Court has said that under California law, a brand-name drug manufacturer has the duty to warn of the risks known (or that reasonably should have been known) by the manufacturer whether or not the consumer is prescribed the brand-name drug. *Id.* at 29; *Whaley v. Merck*, No. 3:21CV01985(BLM), 2022 U.S. Dist. LEXIS 73391, at *9 (S.D. Cal. April 11, 2022).

Therefore, Plaintiffs jointly request that the Court partially dismiss their matters against all Defendants other than Sanofi on the basis that California law allows claims against the innovating manufacturer to proceed without evidence of taking a particular manufacturer's product.

Dated: June 24, 2022                                       Respectfully submitted,

| | |
|---|---|
| */s/ Jason R. Fraxedas*<br>Jason R. Fraxedas (FL# 63887)<br>THE MAHER LAW FIRM, P.A.<br>398 W. Morse Blvd., Suite 200<br>Winter Park, FL 32789 | |

Phone: (407) 839-0866
Fax: (407) 425-7958
jrfraxedas@maherlawfirm.com

*Counsel for Jessica Epperson.*


*/s/ Rhett A. McSweeney*
Rhett A. McSweeney
David M. Langevin
McSweeney Langevin
2116 Second Avenue South
Minneapolis, MN 55404
Phone: (877) 542-4646
Fax: (612) 454-2678
ram@westrikeback.com
rachel@westrikeback.com

*Counsel for Marian Bess, Jessie Carter, and Nadia Ojeda.*


*/s/ Chris Elliott*
Chris Elliot
BACHUS SCHANKER
101 W Colfax Ave #650
Denver, CO 80202
Phone: (303) 893-9800
Fax: (303) 893-9900
Melanie.Sulkin@ColoradoLaw.net

*Counsel for Eva Sadaka, Alizabeth Haddad, Ronette Halloway, Sheila Rawlins, Nayuca Medina, Madeline Niles, and Jennifer Weigand.*


*/s/ Christopher Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

4

| | |
|---|---|
| *Counsel for Sonia Barnes.*<br><br>*/s/ Mark Niemeyer*<br>Mark R. Niemeyer<br>NIEMEYER, GREBEL & KRUSE, LLC<br>211 N. Broadway, Suite 2950<br>St. Louis, MO 63102<br>314-241-1919<br>niemeyer@ngklawfirm.com<br><br>*Counsel for Deborah Haywood and Sylvia Oliva.* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Rhett A. McSweeney
Rhett A. McSweeney