Exhibit A

| # | Hearing Date | Plaintiff Last Name | Plaintiff First Name | MDL Docket No. | Firm | Innovator Liability State Claimed |
|---|---|---|---|---|---|---|
| 1 | 4/28/2022 | Epperson | Jessica | 2:17-cv-15302 | Maher Law Firm | California |
| 2 | 4/28/2022 | Sadaka | Eva | 2:18-cv-06064 | Bachus & Schanker | California |
| 3 | 4/28/2022 | Bess (Brown) | Marian (Nona) | 2:17-cv-17295 | McSweeney/Langevin | California |
| 4 | 4/28/2022 | Carter | Jessie | 2:17-cv-16952 | McSweeney/Langevin | California |
| 5 | 4/28/2022 | Hubbard-Nickens | Pamela | 2:17-cv-16960 | McSweeney/Langevin | California |
| 6 | 4/28/2022 | Ojeda | Nadia | 2:17-cv-16943 | McSweeney/Langevin | California |
| 7 | 4/28/2022 | Rodriguez | Gladys | 2:17-cv-16708 | McSweeney/Langevin | California |
| 8 | 4/28/2022 | Haywood | Deborah | 2:17-cv-15293 | Niemeyer, Grebel & Kruse | California |
| 10 | 4/28/2022 | Oliva | Sylvia | 2:17-cv-14007 | Niemeyer, Grebel & Kruse | California |
| 12 | 4/28/2022 | Barnes | Sonia | 2:17-cv-06825 | Pendley, Baudin & Coffin | California |
| 18 | 5/2/2022 | Haddad | Alizabeth | 2:17-cv-16236 | Bachus & Schanker | California |
| 19 | 5/2/2022 | Halloway | Ronette | 2:17-cv-16767 | Bachus & Schanker | California |
| 20 | 5/2/2022 | Medina | Nayuca | 2:18-cv-12335 | Bachus & Schanker | California |

| 21 | 5/2/2022 | Niles | Madeline | 2:17-cv-11744 | Bachus & Schanker | California |
| 23 | 5/2/2022 | Rawlins | Sheila | 2:17-cv-16330 | Bachus & Schanker | California |
| 24 | 5/2/2022 | Weigand | Jennifer | 2:17-cv-07789 | Bachus & Schanker | California |

### A. Maher Law Firm

Jessica Epperson, Case No. 2:17-cv-15302, lives in California and at all relevant times was a citizen of California. Her prescription for docetaxel, her use of docetaxel, and her alleged injury resulting from docetaxel use all occurred in California. This is consistent with the allegations in the complaint and all record evidence, and it is not in dispute.

In her Complaint, Ms. Epperson alleged that her current state of residence was California, the state in which the alleged injury occurred was California, and the District Court in which remand and trial is proper and where she would have otherwise filed the Complaint absent this Court's Direct Filing Order is the United States District Court for the Southern District of California. *See*, Doc 1 at 4, 5 and 8. The record evidence in this case unequivocally supports this. *See, e.g.* Third Amended PFS, MDL Centrality Doc ID #387175 (Declaration by Ms. Epperson that she lives in California, and all of her treating physicians, medical procedures, prescriptions for docetaxel, administration of docetaxel and alleged injuries related to this matter are located in or occurred in California).

Despite due diligence, all efforts to identify the particular manufacturer of the docetaxel used by Ms. Epperson have unfortunately been unsuccessful. However, Sanofi US Services, Inc., and Sanofi-Aventis U.S. LLC (collectively "Sanofi") the innovators of docetaxel, are named Defendants in this action. *See* Doc 1. Further, the allegations contained in the Master Complaint and Short Form Complaint are more than sufficient to support an innovator liability claim under California law, as described above. Accordingly, this Court should not dismiss Plaintiff's claims against Sanofi at the product identification show cause hearing.

### B. Bachus & Schanker

Plaintiffs Eva Sadaka and Alizabeth Haddad lived in and were prescribed and treated with a docetaxel chemotherapy regimen in California and the remand jurisdiction listed in their short form complaints is the U.S. District Court for the Central District of California. Thus, California substantive law, including the theory of innovator liability, is applicable to their claims.

Plaintiffs Ronette Halloway and Sheila Rawlins lived in and were prescribed and treated with a docetaxel chemotherapy regimen in California and the remand jurisdiction listed in their short form complaints is the U.S. District Court for the Northern District of California. Thus, California substantive law, including innovator liability, law is applicable to their claims.

Plaintiff Nayuca Medina lived in and was prescribed and treated with a docetaxel chemotherapy regimen in California and the remand jurisdiction listed in her short form complaint is the U.S. District Court for the Eastern District of California. Thus, California substantive law, including theories of innovator liability, is applicable to her claims.

Plaintiff Madeline Niles lived in and was prescribed and treated with a docetaxel chemotherapy regimen in California and the remand jurisdiction listed in her short form complaint is the District of New Jersey. Ms. Niles would be able to purse substantive claims under California law in her remand jurisdiction, including innovator liability given the relevant events and injury occurred in California choice of law principles of the designated forum would support application of California law.

Plaintiff Jennifer Weigand lived in and was prescribed and treated with a docetaxel chemotherapy regimen in California and the remand jurisdiction listed in her short form complaint is the District of Delaware. Plaintiff would be able to purse substantive claims under California law in her remand jurisdiction, including innovator liability given the relevant events and injury

occurred in California choice of law principles of the designated forum would support application of California law.

### C. McSweeney Langevin

#### a. California law governs *Marian Bess*

California law governs Marian Bess's claim because at the time of treatment—and presently—Plaintiff resided in the state of California. As provided by the California court in *Novartis*, Sanofi should have reasonably anticipated that any deficiency in its label would be perpetuated in future bioequivalents, including 505(b)(2) drugs, relying on the label and warnings contained on the label. *Novartis*, 407 P.3d at 18. Ms. Bess received chemotherapy treatment from May through July of 2014, before Sanofi submitted any concern to the FDA regarding "permanent or irreversible alopecia." Pl. 2d Am. Master Compl. at 25. Sanofi—as the brand-name manufacturer—has the duty to warn of the risks known (or that reasonably should have been known) by the manufacturer whether or not the consumer is prescribed the brand-name drug. As a result, Innovator Liability applies to Plaintiff Marian Bess's claim.

#### b. California law governs *Jessie Carter*

California law governs Jessie Carter's claim because at the time of treatment—and presently—Plaintiff resided in the state of California. As provided by the California court in *Novartis*, Sanofi should have reasonably anticipated that any deficiency in its label would be perpetuated in future bioequivalents, including 505(b)(2) drugs, relying on the label and warnings contained on the label. *Novartis*, 407 P.3d at 18. Ms. Carter received chemotherapy treatment from April through July of 2014, before Sanofi submitted any concern to the FDA regarding "permanent or irreversible alopecia." Pl. 2d Am. Master Compl. at 25. Sanofi—as the brand-name manufacturer—has the duty to warn of the risks known (or that reasonably should have been known) by the manufacturer whether or not the consumer is prescribed the brand-name drug.

As a result, Innovator Liability applies to Jessie Carter's claim.

### c. California law governs *Nadia Ojeda.*

California law governs Nadia Ojeda's claim because at the time of treatment—and presently—Plaintiff resided in the state of California. As provided by the California court in *Novartis*, Sanofi should have reasonably anticipated that any deficiency in its label would be perpetuated in future bioequivalents, including 505(b)(2) drugs, relying on the label and warnings contained on the label. *Novartis*, 407 P.3d at 18. Ms. Ojeda received chemotherapy treatment from October 2012 through January 2013, before Sanofi submitted any concern to the FDA regarding "permanent or irreversible alopecia." Pl. 2d Am. Master Compl. at 25. Sanofi—as the brand-name manufacturer—has the duty to warn of the risks known (or that reasonably should have been known) by the manufacturer whether or not the consumer is prescribed the brand-name drug. As a result, Innovator Liability applies to Nadia Ojeda's claim.

D. Niemeyer, Grebel & Kruse

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 16-2740 <br><br> SECTION: "H" (5) <br> JUDGE MILAZZO <br> MAG. JUDGE NORTH |
| **This document relates to:** <br><br> *Deborah Haywood* | Civil Action No. <br><br> 2:17-cv-15293 |

**SHOW CAUSE RESPONSE – INNOVATOR LIABILITY UNDER CALIFORNIA LAW**

COMES NOW Plaintiff Deborah Haywood and for the purposes of opposing dismissal of her claim for lack of product identification information, states as follows:

1. California law applies to Plaintiff Haywood's cause of action.

2. Plaintiff Haywood resides in California.

3. Plaintiff Haywood was prescribed Taxotere (docetaxel) in California and administered Taxotere in California.

4. Plaintiff identified United States District Court for the Central District of California, Western Division as venue in her Short Form Complaint.

5. Plaintiff has undergone exhaustive efforts to determine PID with no success, and Sanofi (innovating Taxotere manufacturer) is a Defendant named in Plaintiff Haywood's Complaint.

Dated: June 24, 2022								Respectfully submitted,

*[signature]*

Mark R. Niemeyer
NIEMEYER, GREBEL & KRUSE, LLC
211 N. Broadway, Suite 2950
St. Louis, MO  63102
314-241-1919
niemeyer@ngklawfirm.com

*Counsel for Deborah Haywood*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 16-2740<br><br>SECTION: "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| **This document relates to:**<br><br>*Sylvia Oliva* | Civil Action No.<br><br>2:17-cv-15293 |

**SHOW CAUSE RESPONSE – INNOVATOR LIABILITY UNDER CALIFORNIA LAW**

COMES NOW Plaintiff Sylvia Oliva and for the purposes of opposing dismissal of her claim for lack of product identification information, states as follows:

6. California law applies to Plaintiff Oliva's cause of action.

7. Plaintiff Oliva resides in California.

8. Plaintiff Oliva was prescribed Taxotere (docetaxel) in California and administered Taxotere in California.

9. Plaintiff identified United States District Court for the Central District of California, Western Division as venue in her Short Form Complaint.

10. Plaintiff has undergone exhaustive efforts to determine PID with no success, and Sanofi (innovating Taxotere manufacturer) is a Defendant named in Plaintiff Oliva's Complaint.

Dated: June 24, 2022                    Respectfully submitted,

                                                             Mark R. Niemeyer
                                                             NIEMEYER, GREBEL & KRUSE, LLC
                                                             211 N. Broadway, Suite 2950
                                                             St. Louis, MO  63102
                                                             314-241-1919
                                                             niemeyer@ngklawfirm.com

                                                             *Counsel for Sylvia Oliva*

### E.  Pendley, Baudin & Coffin

Plaintiff Sonia Barnes lived in and was prescribed and took treatment in California. The remand jurisdiction listed in her short form complaint is the Central District of California, Western Division. This, California substantive law, including innovator liability, is applicable to her claims.