UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO : | HON. JANE TRICHE MILAZZO |
| *Meredith Powell, 18-01521* | MAG. JUDGE MICHAEL NORTH |

**SHOW CAUSE RESPONSE - MASSACHUSETTS INNOVATOR LIABILITY LAW**

Plaintiff Meredith Powell respectfully objects to dismissal of her lawsuit on CMO 12A product identification grounds, as Massachusetts law supports her case proceeding against the Sanofi Defendants alone without proof of using a particular manufacturer's prescription drug. While the instant procedural posture does not involve a Rule 12 or 56 motion, Plaintiff's factual allegations nonetheless should be accepted as true with reasonable inferences drawn in their favor. Plaintiff should be allowed to proceed against the Sanofi Defendants for alleged conduct that meets Massachusetts' test for finding an innovator drug company liable for injuries caused by Taxotere, because her claims against Sanofi do not require proof of a specific manufacturer.

Plaintiff lived in and was prescribed and treated with a docetaxel chemotherapy regimen in Massachusetts and the remand jurisdiction listed in her short form complaint is the District of Massachusetts; thus, Massachusetts substantive law will apply to this case.  Massachusetts law recognizes that brand-name manufacturers can be held liable on theories of recklessness for non-name-brand drug consumers. Rafferty v. Merck & Co., 92 N.E.3d 1205, 1220 (Mass. 2018).  A brand-name manufacturer that intentionally fails to update the label on its drug to warn of an unreasonable risk of grave bodily harm, where the manufacturer knows of this risk or knows facts that would disclose this risk to any reasonable person, will be held liable for the resulting harm.

Id. Brand-name manufacturers are in the best position, because of their Federal labeling responsibilities, to know what should be in the label to prevent an injury arising from the inaccurate or inadequate warning of generic drugs. Id. at 153. And if brand-name manufacturers owed a duty to warn, they would have a greater financial incentive to revise their warnings. Id. at 154.

There are equitable reasons why a Massachusetts court applying Massachusetts law could find that principles of innovator liability law should be extended to Plaintiffs' claims. Sanofi was responsible for all clinical trials on which U.S. approvals for Taxotere by the FDA were based, and, prior to March 2011, Sanofi was the only manufacturer maintaining a U.S. pharmacovigilance database related to Taxotere nor responsibilities to update warnings.[1] And, the docetaxel Plaintiff actually received could have been manufactured by Sanofi-Winthrop, a 505(b)(2) manufacturer or a generic drugmaker.

The allegations against the Sanofi Defendants, again taken as true and with inferences in favor of the non-movant, provide a sufficient basis of a plausible claim irrespective of a lack of product identification information under Massachusetts law. Plaintiff incorporated the operable long-form complaint which alleges that the Sanofi Defendants acted recklessly in failing to update the label into her short form complaint. See Doc. No. 689; see also Exhibit 1, Plaintiff's Short Form Complaint. Moreover, the Court denied summary judgment on a similarly situated plaintiff's fraud-based claims under Georgia law. See Doc. No. 7571 (*Mills*).

Because Massachusetts recognizes brand-name manufacturer innovator liability for recklessly failing to update labeling when a person is gravely injured by a manufacturer whose labeling is tied to the brand-name manufacturer, the Court should allow Plaintiff to proceed with

---

[1] *See, e.g.,* R. Doc. 13628 at 9 ("Accord lacked both access to, and a right of reference to use, Sanofi's (as the RLD) clinical trial data and adverse event reports"), R. Doc. 13626 at 3 (Sandoz distinguishes Sanofi as "[t]he **brand name** manufacturer of docetaxel" and argues prohibition by the FDA against changing its label without "newly acquired evidence."), R. Doc. 13671 (asserting Hospira did not have access to Sanofi's internal database).

2

her common-law claims alleging reckless conduct against the Sanofi Defendants, as identity of the manufacturer is not germane to this alternative cause of action.

Dated this 24th day of June, 2022.

**BACHUS & SCHANKER, LLC**

By: */s/ J.Christopher Elliott*
J. Christopher Elliott, Esq.
J. Kyle Bachus, Esq.
Darin L. Schanker, Esq.
Bachus & Schanker, LLC
101 West Colfax Suite 650
Denver, CO 80202
Telephone: (303)893-8900
Facsimile: (303) 893-9900
Email: celliott@coloradolaw.net

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

     I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

     DATED: June 24, 2022.

*/s/J. Christopher Elliott*