UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | MDL No. 16-2740<br><br>SECTION: "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| **This document relates to:**<br>Beverly Kuipers<br>Phyllis Ashworth<br>Kathy Basler<br>Priscilla Gardner<br>Diana Graves | Civil Action No.<br>2:17-cv-14777<br>2:17-cv-07359<br>2:18-cv-00903<br>2:17-cv-16719<br>2:18-cv-11901 |

## SHOW CAUSE RESPONSE - INNOVATOR LIABILITY UNDER ILLINOIS LAW

Plaintiffs jointly appear for the purposes of opposing dismissal of their claims for lack of product identification information. The above captioned Plaintiffs were listed on a show cause hearing list in advance of show cause hearings that proceeded on April 28 and May 2, 2022. Therein, Defendants sought dismissal with prejudice of Plaintiffs' claims against all Defendants for lack of product identification information under CMO 12A. No Rule 12 or 56 motion is pending. Because Plaintiffs' factual allegations against Sanofi, if accepted as true with reasonable inferences drawn in their favor, would support a cause of action under the alternative theory of innovator liability pursuant to Illinois law, irrespective of product identification, Plaintiffs' claims should remain against Sanofi alone despite lacking CMO 12A evidence.

Thus, the question for the Court is whether above captioned Plaintiffs' innovator liability claims that do not require product identification can be dismissed in a show cause proceeding for lack of product identification – Plaintiffs respectfully maintain that their claims should be allowed to proceed against Sanofi, reserving for later consideration any substantive challenges to the sufficiency of Plaintiffs' claims and evidence in support thereof.

The theory of innovator liability is a common law extension of product liability founded under equitable, consumer-based principles of duty and reliance, which is applicable in limited circumstances. Courts recognizing innovator liability have determined that manufacturers of a drug owe "a duty to all consumers who foreseeably rely on their warning label, irrespective of whether the consumer uses the brand name or generic form of the drug." *In re Fluoroquinolone Prod. Liab. Litig.,* 517 F. Supp. 3d 806, 812 (D. Minn. 2021). It is an undisputed fact in this litigation that Sanofi is the innovator manufacturer of Taxotere and that Sanofi held patent protected exclusivity over the product from its initial U.S. approval in 1996 until March 2011. Sanofi was responsible for all clinical trials on which U.S. approvals for Taxotere by the FDA were based, and, prior to March 2011, Sanofi was the only manufacturer maintaining a U.S. pharmacovigilance database related to Taxotere with responsibilities to update warnings.

Illinois federal courts have recognized innovator liability in the context of generic drugs. *See PLIVA, Inc. v. Mensing*, 564. S. 604, 613 (2011). Federal drug regulations prevent generic manufacturers from independently modifying the label at any time while the drug is on the market. 21 C.F.R. §§ 314.94(a)(8)(iii), 314.150(b)(10)." *Garner v. Johnson & Johnson, Janssen Rsch. & Dev. LLC*, No. 116CV01494SLDJEH, 2017 WL 6945335, at *3 (C.D. Ill. Sept. 6, 2017). The availability of such a cause of action in Illinois has been confirmed as recently as 2021. *See In re Fluoroquinolone Prod. Liab. Litig.*, 517 F. Supp. 3d 806, 812 (D. Minn. 2021) ("Under Illinois law, claims related to injuries caused by information about a product are distinct from product liability claims, and Defendants have a duty to all consumers who foreseeably rely on their warning label, irrespective of whether the consumer uses the brand name or generic form of the drug.")

There are equitable reasons why an Illinois court applying Illinois law could find that principles of innovator liability law should be extended to Plaintiffs' claims. *Garner* held that a

brand-name manufacturer can be held liable for "injuries caused by mislabeling on a generic medication [that] can be directly traced back to the brand name manufacturer's creation of the label." *Garner*, 2017 WL 6945335 at *7. Part of the reasoning describes that a manufacturer "is surely not blindsided" when its warnings are carried forward in bio-equivalent versions of its drug and "that doctors and patients would rely on the labeling composed by [the innovator]…." *See id*.

A transferor court evaluating the merits of Plaintiffs' substantive claims could find that "the likelihood that [Sanofi's] design or labeling negligence would cause injury is high." *See id*. Just as in *Garner*, a sufficient relationship exists between Sanofi and the Illinois Plaintiffs, who may have been treated with a Sanofi-Winthrop, 505(b)(2) or a generic version of Taxotere, "for the law to impose a duty of care upon [Sanofi] to adequately warn of the risks of [Taxotere]." The Illinois Plaintiffs allege that Sanofi created Taxotere's safety labeling, that it failed to warn of certain side effects, and if they had known of those side effects that would not have taken Taxotere in any form. *Cf. Garner* at *7 ("Garner alleges Janssen created levofloxacin's safety labeling, that it failed to warn of certain side effects, and that if she had known of those side effects she would have not taken levofloxacin."). So long as the labeling deficiencies may be traced back to the brand-name manufacturer, as they can here, Illinois case law permits a Plaintiff to proceed against the innovating drug manufacturer.

The aforementioned substantive law is applicable to the following plaintiffs:

Plaintiff Phyllis Ashworth lived in and was prescribed and took treatment in Illinois The remand jurisdiction listed in her short form complaint is the Northern District of Illinois, Eastern Division. This, Illinois substantive law, including innovator liability, is applicable to her claims.

Plaintiff Kathy Basler lived in and was prescribed and treated with a docetaxel chemotherapy regimen in Illinois and the remand jurisdiction listed in her short form complaint is

the Southern District of Illinois. Ms. Basler would be able to purse substantive claims under Illinois law in her remand jurisdiction, including innovator liability.

Plaintiffs Priscilla Gardner and Diana Graves lived in and was prescribed and treated with a docetaxel chemotherapy regimen in Illinois and the remand jurisdiction listed in their short form complaints is the Northern District of Illinois. Plaintiffs would be able to purse substantive claims under Illinois law in their remand jurisdiction, including innovator liability.

Illinois law governs Plaintiff Pamela Hubbard-Nickens's claim because at the time of treatment—and presently—Plaintiff resided in the state of Illinois. As provided by the Illinois court in *Garner*, a brand-name manufacturer can be held liable for "injuries caused by mislabeling on a generic medication [that] can be directly traced back to the brand name manufacturer's creation of the label." *Garner*, 2017 WL 6945335 at *7. Sanofi "is surely not blindsided" that their warnings were carried forward in bio-equivalent versions of its drug and "that doctors and patients" relied on the labeling Sanofi (the innovator) composed." *Id*. Ms. Hubbard-Nickens received chemotherapy treatment from December 2011 through January 2012, before Sanofi submitted any concern to the FDA regarding "permanent or irreversible alopecia." Pl. 2d Am. Master Compl. at 25. So long as the labeling deficiencies may be traced back to the brand-name manufacturer, as they can here, Illinois case law permits Plaintiff Pamela Hubbard-Nickens to proceed against Sanofi alone, the innovating drug manufacturer.

Illinois law governs Plaintiff Gladys Rodriguez's claim because at the time of treatment—and presently—Plaintiff resided in the state of Illinois. As provided by the Illinois court in *Garner*, a brand-name manufacturer can be held liable for "injuries caused by mislabeling on a generic medication [that] can be directly traced back to the brand name manufacturer's creation of the label." *Garner*, 2017 WL 6945335 at *7. Sanofi "is surely not blindsided" that their warnings were

4

carried forward in bio-equivalent versions of its drug and "that doctors and patients" relied on the labeling Sanofi (the innovator) composed." *Id*. Ms. Rodriguez received chemotherapy treatment from September through November of 2012, before Sanofi submitted any concern to the FDA regarding "permanent or irreversible alopecia." Pl. 2d Am. Master Compl. at 25. So long as the labeling deficiencies may be traced back to the brand-name manufacturer, as they can here, Illinois case law permits Plaintiff Gladys Rodriguez to proceed against Sanofi alone, the innovating drug manufacturer.

Illinois law applies to Plaintiff Kuipers' cause of action. Plaintiff Kuipers resided in Illinois at the time of her breast cancer diagnosis. Plaintiff Kuipers was prescribed Taxotere (docetaxel) in Illinois and administered Taxotere in Illinois. Plaintiff identified United States District Court for Northern District Court of Illinois, Eastern Division as venue in her Short Form Complaint. Plaintiff has undergone exhaustive efforts to determine PID with no success, and Sanofi (innovating Taxotere manufacturer) is a Defendant named in Plaintiff Kuipers' Complaint.

Accordingly, Plaintiffs join herein to respectfully pray that the Court decline to dismiss their matters against Sanofi on the basis of lack of CMO 12A evidence which has no bearing on claims against the innovating manufacturer under Illinois law.

Dated: June 24, 2022                                       Respectfully submitted,

| | |
|---|---|
| */s/ Christopher L. Coffin*<br>Christopher L. Coffin (#27902)<br>PENDLEY, BAUDIN & COFFIN, L.L.P.<br>1100 Poydras Street, Suite 2225<br>New Orleans, Louisiana 70163<br>Phone: (504) 355-0086<br>Fax: (504) 355-0089<br>ccoffin@pbclawfirm.com<br><br>*Counsel for Phyllis Ashworth* | |

5

| | |
|---|---|
| /s/ *Rhett M. McSweeney*<br>Rhett A. McSweeney<br>David M. Langevin<br>McSweeney Langevin<br>2116 Second Avenue South<br>Minneapolis, MN 55404<br>Phone: (877) 542-4646<br>Fax: (612) 454-2678<br>ram@westrikeback.com<br>rachel@westrikeback.com<br><br>*Counsel for Pamela Hubbard-Nickens and Gladys Rodriguez*<br><br>/s/*Mark R. Niemeyer*<br>Mark R. Niemeyer<br>NIEMEYER, GREBEL & KRUSE,<br>LLC 211 N. Broadway, Suite 2950<br>St. Louis, MO  63102<br>Phone: (314)241-1919<br>niemeyer@ngklawfirm.com<br><br>*Counsel for Beverly Kuipers* | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/Christopher L. Coffin*
Christopher L. Coffin