# EXHIBIT A

# Bennett, Diana

| | |
|---|---|
| **From:** | insognan@gtlaw.com |
| **Sent:** | Monday, June 27, 2022 10:18 AM |
| **To:** | tshah@simonlawpc.com; Callsen, Julie; merrellc@gtlaw.com; holdene@gtlaw.com; Sweet, Brenda A.; Knight, Emily S.; Noetzel, Christina T. |
| **Cc:** | agunn@simonlawpc.com; coneil@simonlawpc.com |
| **Subject:** | RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint |

Counsel:

Sandoz and Accord do not intend to file a substantive opposition, should you choose to file the motion to amend. We will, however, file a brief "opposition" that states that this case is subject to dismissal under the Court's ruling in *Greer* and listed for the show cause hearing scheduled on July 13 and thus, defendants previously proposed delaying the filing of this motion until after Ms. Galey's case was adjudicated at the show cause hearing.

We refer you to the Reply Memorandum filed on 2/22/22 (Rec. Doc. 1380-2) wherein defendants detailed for the Court the lack of legal support for Plaintiffs' position that further discovery is indicated prior to setting these cases for dismissal pursuant to a show cause process. Obviously, we do not intend to remove Ms. Galey's case from the hearing docket. Your objection has already been addressed in the briefing leading to the hearing.

Regards,
Nick

**From:** Tyler H. Shah <tshah@simonlawpc.com>
**Sent:** Friday, June 24, 2022 12:45 PM
**To:** Insogna, Nicholas A. (Shld-Bos-LT) <insognan@gtlaw.com>; julie.callsen@tuckerellis.com; Merrell, Cliff (Shld-Atl-LT) <merrellc@gtlaw.com>; Holden, Evan (Shld-Atl-LT) <holdene@gtlaw.com>; brenda.sweet@tuckerellis.com; Emily.Knight@tuckerellis.com; Christina.Noetzel@tuckerellis.com
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint

Good afternoon,

I'd like to follow up on the below. Do we have Accord and Sandoz's approval to file the attached documents?

We would also like to check in regarding our objection to Ms. Galey's case being included in the Mississippi show cause hearing – upon review of our objection, are Defendants planning to remove her from the hearing docket?

Thank you.



800 Market St., Ste. 1700   St. Louis, MO 63101
(314) 241-2929

**From:** Tyler H. Shah
**Sent:** Tuesday, June 21, 2022 10:22 AM
**To:** 'insognan@gtlaw.com' <insognan@gtlaw.com>; julie.callsen@tuckerellis.com; merrellc@gtlaw.com; holdene@gtlaw.com; brenda.sweet@tuckerellis.com; Emily.Knight@tuckerellis.com; Christina.Noetzel@tuckerellis.com
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint

Counsel,

Attached please find Plaintiff's Motion for Leave to Amend, Memorandum in Support, and Proposed Order for your approval. Once approved, we will file.

We would also like to provide our objection below, which we plan to present at the show cause hearing. We believe it is persuasive and request that Ms. Galey's case be removed from the show cause docket. If you disagree, we will raise this objection during the hearing. Thank you.

To summarize, we believe Ms. Galey's case facts conflict with definitions provided in the First Amended Master Long Form Complaint such that her case cannot be held to the definition of permanent chemotherapy-induced alopecia in paragraph 180. We believe expert discovery must be completed to clarify the timeline of when PCIA could be diagnosed. Therefore, we believe dismissal is premature at this stage.

Ms. Galey was diagnosed with breast cancer on April 26, 2013. She was treated with four cycles of Taxotere/Cytoxan beginning May 14, 2013 and ending July 16, 2013. She had bilateral mastectomies performed on August 26, 2013. Upon review of pathology and additional testing, she was found to have ductal carcinoma in situ (a/k/a pre-cancer) and her oncologist prescribed two additional cycles of Taxotere/Cytoxan beginning September 24, 2013 and ending October 17, 2013. Ms. Galey's treatment plan was a combination of neo-adjuvant/adjuvant care.

We have reviewed the *Greer*, *Roach*, and *Smith* decisions by Judge Milazzo and do not plan to re-urge the defenses invoked therein. From this reading, however, we understand Judge Milazzo has consistently noted Plaintiffs incorporate by reference the First Amended Master Long Form Complaint, therefore they must abide by the definition of PCIA occurrence. We believe this to be true, but only as long as Plaintiffs' case-specific facts regarding treatment are consistent with the studies referenced and allegations made to support the definitions.

On February 10, 2017, Judge Kurt D. Engelhardt entered Pretrial Order No. 15 (Doc. No. 230) stating, "For all cases filed in or transferred to the MDL from April 1, 2017 forward, the Master Complaint shall apply and Plaintiffs *shall* file a Short Form Complaint…a Short Form Complaint *shall* be filed in lieu of a long format original complaint." *Id.* at ¶ C(b), *emphasis added*. On April 6, 2017, Judge Engelhardt entered Pretrial Order No. 37 (Doc. No. 318) stating, "Individual Plaintiffs' counsel shall tailor the form to correspond to each Plaintiff's claims/allegations." *Id.* at 1 (referring to the use of the template Short Form Complaint with fillable sections). The Short Form Complaint filed in this action on December 7, 2017 states, "Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Amended Short Form Complaint adopts the allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s)." *Id.* at 1. The fillable sections of this Short Form Complaint did not allow for tailoring of this paragraph and, pursuant to Pretrial Orders 15 and 37, Counsel were required to use this form in order to direct-file in the MDL. Therefore, Ms. Galey had no choice but to incorporate by reference the First Amended Master Long Form Complaint in order to file her case appropriately.

Looking at the First Amended Master Long Form Complaint, support for factual allegations regarding Taxotere's incidence rate of PCIA comes from many studies. *See* ¶ 148, 149, 151, 153, 156, 157, 158, 1589, 161, 210. Counsel has reviewed these studies and found that seven cite adjuvant treatments (¶ 148, 149, 153, 156, 158, 161, 210), one cites both neo-adjuvant and adjuvant treatments (¶ 159), one cites a local recurrence treatment (¶ 151), and one does not state the type of treatment provided (¶ 157). There is no study cited reflecting treatment with neo-adjuvant and

adjuvant combined. Further, there is no discussion of this as a general chemotherapy treatment as is done in the studies referring to adjuvant or neo-adjuvant courses. Paragraph 180 of Plaintiffs' First Amended Master Long Form Complaint, relying on these studies to show incidence of PCIA, states, "[PCIA]…is defined as an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy." Because Ms. Galey's case facts are not represented by Plaintiffs' First Amended Master Long Form Complaint, this definition cannot be applied to her case.

Further discovery is required in this case to determine the appropriate timeline for when Ms. Galey's hair *should have* grown back given her non-traditional treatment plan. Because Ms. Galey's treatment plan consisted of four cycles, bilateral mastectomies, and then two cycles over three months after the end of her first four cycles, an expert must review her case facts to make a determination on whether her toxicity levels are consistent with a six-month post-chemotherapy period for PCIA development or if this period is extended. Counsel is unable to *sua sponte* retain an expert for a case-specific causation opinion – this Court is activating 'waves' of cases for discovery schedules and retaining experts for case-specific opinions before case activation would disregard the 'wave' process. Therefore, because this factual dispute must be resolved in discovery, dismissal at this stage is premature.



800 Market St., Ste. 1700 · St. Louis, MO 63101
(314) 241-2929

**From:** insognan@gtlaw.com <insognan@gtlaw.com>
**Sent:** Thursday, June 16, 2022 8:43 AM
**To:** Tyler H. Shah <tshah@simonlawpc.com>; julie.callsen@tuckerellis.com; merrellc@gtlaw.com; holdene@gtlaw.com; brenda.sweet@tuckerellis.com; Emily.Knight@tuckerellis.com; Christina.Noetzel@tuckerellis.com
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** [External] RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint

Counsel – I have spoken with counsel for Accord and we will assent to the proposed amendments, with our continuing objection that amendment is futile based on the applicability of Mississippi law. Judge Milazzo has made clear in multiple show cause hearings that providing defense counsel with the basis for objections to dismissal expedites the hearings and can help resolve issues outside of court. But, if you want to refuse to provide the grounds for your objection to dismissal in advance of the hearing, so be it.

Thanks

**From:** Tyler H. Shah <tshah@simonlawpc.com>
**Sent:** Wednesday, June 15, 2022 11:49 AM
**To:** Insogna, Nicholas A. (Shld-Bos-LT) <insognan@gtlaw.com>; julie.callsen@tuckerellis.com; Merrell, Cliff (Shld-Atl-LT) <merrellc@gtlaw.com>; Holden, Evan (Shld-Atl-LT) <holdene@gtlaw.com>; brenda.sweet@tuckerellis.com; Emily.Knight@tuckerellis.com; Christina.Noetzel@tuckerellis.com
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint

Attached please find the proposed Short Form Complaint with amendments noted below for your consent.

We plan to object to dismissal during the show cause hearing. Our reviews of Judge Milazzo's Show Cause Order and PTO 22A providing framework for show cause hearings do not mandate us to share our objection basis prior to the hearing. We respectfully request that your review of our request for consent is not contingent on us providing the basis.

Please advise as to whether Sandoz and Accord consent to the noted amendments at your earliest convenience. Thank you.



808 Market St., Ste. 1700   St. Louis, MO 63101
(314) 241-2929

**From:** insognan@gtlaw.com <insognan@gtlaw.com>
**Sent:** Tuesday, June 14, 2022 10:29 AM
**To:** Tyler H. Shah <tshah@simonlawpc.com>; julie.callsen@tuckerellis.com; merrellc@gtlaw.com; holdene@gtlaw.com; brenda.sweet@tuckerellis.com; Emily.Knight@tuckerellis.com; Christina.Noetzel@tuckerellis.com
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** [External] RE: Taxotere MDL; Request for Consent to Amend Short Form Complaint

Counsel: before we can indicate whether or not we assent, please send your proposed amended complaint so that we may review the specific changes you are proposing. In any event, we note that this case remains on the show cause agenda for the Court's July 13 hearing on Mississippi cases. If you intend to object to dismissal of this plaintiff at that hearing, please advise us of the grounds for your objection; otherwise, it appears that the proposed late-stage amendment is futile, consistent with our objection sent in response to your initial request in February, 2022 (attached).

Thanks,
Nick

**From:** Tyler H. Shah <tshah@simonlawpc.com>
**Sent:** Monday, June 13, 2022 4:23 PM
**To:** julie.callsen@tuckerellis.com; Merrell, Cliff (Shld-Atl-LT) <merrellc@gtlaw.com>; Holden, Evan (Shld-Atl-LT) <holdene@gtlaw.com>; Insogna, Nicholas A. (Shld-Bos-LT) <insognan@gtlaw.com>; brenda.sweet@tuckerellis.com; Knight, Emily S. <Emily.Knight@tuckerellis.com>; Noetzel, Christina T. <Christina.Noetzel@tuckerellis.com>
**Cc:** Gunn, Amy C. <agunn@simonlawpc.com>; Courtney F. O'Neil <coneil@simonlawpc.com>
**Subject:** Taxotere MDL; Request for Consent to Amend Short Form Complaint

**\*EXTERNAL TO GT\***

Counsel,

I am reaching out to request Accord and Sandoz's consent to amend the Short Form Complaint in the case of Anita Galey, PID 3662. We propose amendments to paragraphs 5, 6, 8, and 10 as reflected below.

For Paragraph 5, Plaintiff proposes updating state of alleged injury to Mississippi. For Paragraph 6, Plaintiff proposes updating Defendants to only Sandoz, Inc. and Accord Healthcare, Inc., pursuant to Plaintiff's Partial Stipulation for Dismissal filed June 5, 2018. For Paragraph 8, Plaintiff proposes updating proper venue to Southern District of Mississippi. For Paragraph 10, Plaintiff proposes updating first and last dates of use to May 14, 2013 to July 16, 2013 (four cycles) and September 24, 2013 to October 17, 2013 (two cycles).

All information supporting these changes are reflected in the First Amended Plaintiff Fact Sheet and medical records produced to MDL Centrality. Please advise at your earliest convenience whether Accord and Sandoz consent to these amendments and we will circulate the appropriate documents ahead of filing.

Thank you.



800 Market St., Ste. 1700   St. Louis, MO 63101
(314) 241-2929

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.