UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY | MDL NO. 2740 |
| **Pamela A. Allison,** | SECTION "N" (5) |
| **Plaintiff** | HON. JANE TRICHE MILAZZO |
| vs. | |
| **Sanofi, S.A., Aventis Pharma, S.A. and Sanofi-Aventis U.S., LLC, dba Winthrop U.S.** | Civil Action: 2:17-cv-6957 |
| **Defendants** | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff, Pamela A. Allison, by and through her attorneys, pursuant to Fed. R. Civ. P. 15(a)(2) and LR 7.6, brings her motion for leave to file the attached Amended Complaint against Defendants. A statement of counsel is attached to this motion indicating that no party has provided a notice of opposition. In support of her motion, Plaintiff states as follows:

Plaintiff brings this motion to amend her Complaint pursuant to CMO 37A and Fed. R. Civ. P. 15(a), which permits a party to amend its pleading "once as a matter of course within: 21 days after serving it; or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading ..." Fed. R. Civ. P. 15(a)(1)(A)-(B). However, in all other cases, the rule allows a party to amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).

Courts should freely give leave to amend when justice so requires. *Tra-Dor Inc. v.*

*Underwriters at Lloyds London*, No. 2:21-CV-02997, 2022 WL 1613184, at *3 (W.D. La. May 20, 2022). In fact, a district court must possess a substantial reason to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004). The language of the rule evinces a bias in favor of granting leave to amend, *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368 (5th Cir. 2014). Among the reasons to deny leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Here, the highly differential standard for leave to amend is met. This is the first time Plaintiff seeks to amend her Complaint, and she does so in good faith. There is no prejudice to the Sanofi defendants named in her original complaint, as the proposed amendment will result in a benefit to the original defendants because Plaintiff intends to dismiss them after the amendment is granted. Plaintiff only recently discovered that the Sanofi entities did not manufacture her Docetaxel. She did so while making a final good faith effort to comply with this Court's requirements set forth in Case Management Order 12 and 12A regarding proof of product usage. Specifically, after numerous other efforts to obtain the necessary proof, the undersigned counsel located an itemized billing statement from her hospital containing a series of numbers. Although the statement did not indicate if the numbers were NDC codes, or even whether the numbers were for supplies or pharmaceuticals or healthcare services, the undersigned cross-checked the numbers and found that one of them matched the NDC code for Docetaxel made by Hospira,

Inc.[1] This date matches the time frame when Plaintiff received her chemotherapy infusions. *See* Plaintiff's Short Form Complaint at 4, describing infusion time period as June to September 2012.

      The Hospira Defendants also will not be unduly prejudiced if this Court grants Plaintiff leave to file the attached Amended Complaint.[2] The Amended Complaint is offered to conform to the evidence learned through discovery. Moreover, all new legal claims brought in the Amended Complaint arise from the same course of conduct and rest upon analogous legal theories as those brought in the original Complaint. Hospira is also aware of all new factual allegations made in the Amended Complaint through participation, through counsel, in the extensive discovery process in the larger MDL, in which it is a named defendant in numerous other cases. Defense Counsel will not be unduly prejudiced by the addition of these claims, as they have vigorously defended related claims throughout the pendency of this litigation. Likewise, only after extensive discovery have the details of Hospira's conduct been revealed, and therefore the Amended Complaint is neither offered in bad faith nor unduly delayed. Finally, the Amended Complaint is not futile as there is currently no dipositive motion before this Court, and the Hospira defendants have adequate time to prepare their defense to Plaintiff's claims.

      Wherefore, Plaintiff, Pamela A. Allison, respectfully requests that this Court allow her to amend her complaint to include Hospira, Inc. and Hospira Worldwide, Inc., as Defendants. She will then dismiss the Sanofi defendants upon entry of the amended pleading. Pursuant to Local Rule 7.6, the undersigned shared a copy of this Motion with counsel for the Sanofi defendants who indicated that they take no position on the Motion.

---

[1] The NDC code — 00409020120 — appears in Plaintiff's medical billing records from 2012 at Norton Suburban Hospital, of copy of which was uploaded on June 17, 2022, to MDL Centrality per CMO 12A.

[2] The proposed Amended Complaint names Hospira, Inc., and Hospira Worldwide, Inc.

Respectfully submitted,

**JONES WARD PLC**

*s/ Alex C. Davis*_____
Alex C. Davis
Jasper D. Ward IV
The Pointe
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
Phone: (502) 882-6000
Facsimile: (502) 587-2007
alex@jonesward.com
*jasper@jonesward.com*
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, July 1, 2022, a true and correct copy of the foregoing was filed and served electronically via the CM/ECF system, which automatically send a copy to all counsel of record.

s/ *Alex C. Davis*___
Alex C. Davis