UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Kahn v. sanofi-aventis U.S. LLC,* No. 16-17039

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

MAY IT PLEASE THE COURT:

Commencing where Sanofi's memorandum concludes, it defies both the history of this MDL litigation and logic to suggest that Ms. Kahn made "free, calculated and deliberate" choices in advance of her trial with regard to Sanofi's listed trial witness, corporate representative Dr. Michael Kopreski. Nothing could be further from reality, considering Kahn's multiple pre-trial challenges memorialized in Ms. Kahn's original memorandum (R. Doc. 14217-1 at 1-4) and the prior history of Kopreski's lay opinion evidence within the MDL. To the contrary, the ramifications of the Court's rulings (and abundantly clear strategy of Sanofi) related to Kopreski's testimony determined how evidence was presented to the jury in Ms. Kahn's trial.

Had the Fifth Circuit's ruling in *Earnest*[1] been issued prior to Ms. Kahn's trial, several *Daubert* and dispositive motions would have required reconsideration, or at the very least alteration, based on their specific references to Kopreski's analysis.[2] Ms. Kahn's counsel's trial

---

[1] *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256 (5th Cir. 2022) ("*Earnest*").

[2] R. Doc. 11332 (denying Plaintiff's motion to exclude Kopreski's opinion testimony); R. Doc. 11685 (denying Plaintiff's motion for partial summary judgment on general causation because "[m]ore significantly, however, this Court has denied Plaintiff's Motion to Exclude Testimony of Michael Kopreski…. This means that the jury will hear evidence directly contradicting the work of Dr. Madigan."); R. Doc. 11781 (denying motion to exclude Defendants' regulatory expert Dr. Arrowsmith in part based on Doc. 11332: "For the reasons provided in its Order on Kopreski, the Court rejects Plaintiff's assertion that Dr. Kopreski's work was litigation-driven and therefore unreliable and inadmissible."); R. Doc. 11780 (denying motion to exclude testimony of defendants' oncologist expert based on Doc. 11332: "Dr. Glaspy, therefore, may consider and rely upon Dr. Kopreski's work.").

strategy decision-making clearly would have been different under such circumstances, and multiple pleadings and arguments would have been rendered unnecessary. And, it is unlike any precedent Sanofi cites[3] for the reason that this is an MDL and we already know how Sanofi would use the evidence had it been presented to the jury. *See Earnest*. Thus, the instant motion both raises a "substantial issue" under Rule 62.1[4] and documents the extraordinary circumstances required by Rule 60(b) to grant Ms. Kahn the requested relief from judgment.

Allowing this Court limited jurisdiction to consider this 60(b) motion is the exact situation that Rule 62.1 and Federal Rule of Appellate Procedure 12.1 contemplate to afford this Court the opportunity to address the issue first, before appeal. *See* FRCP 62.1, *2009 comm. n.* ("The procedure formalized by Rule 12.1 is helpful when relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal."). Since the decision of the Fifth Circuit in *Earnest* occurred after the time for Ms. Kahn to appeal, and during the pendency of her appeal, the referenced Rules promote efficiency by allowing this Court to first "entertain the motion and deny it, defer consideration, state that it would grant the motion if the court of appeals remands for that purpose, or state that the motion raises a substantial issue." *Id.* If the Court so entertains the instant motion, it is then within the Fifth Circuit's discretion to remand or partially remand the appeal.

Because of this Honorable Court's intimate familiarity with both the course of pretrial proceedings in advance of Ms. Kahn's trial and the extensive litigation of issues surrounding Dr.

---

[3] The *Yesh* and *Theard* decisions cited by Sanofi are wholly inapposite, as each dealt with voluntary dismissals, the interplay between Rule 41 and 60(b), and nothing involving trial or trial strategy.

[4] Clearly, this motion could not have been brought before the *Earnest* decision of the Fifth Circuit; thus, the fact that counsel took time to consider and file the instant motion while considering other means of seeking recourse is a red herring.

Kopreski, this Court is best situated to, in the first instance, evaluate the impact of *Earnest* on whether Ms. Kahn should be granted relief from judgment.

Accordingly, for the reasons set forth herein and in her original supporting memorandum, this Court should grant Ms. Kahn relief from judgment under Rule 60(b) based on the Fifth Circuit's opinion in *Earnest* and grant her a new trial with revised pretrial rulings consistent with *Earnest*.

Dated: July 5, 2022

/s/ *Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

*Plaintiffs' Co-Lead Counsel and Counsel for Plaintiff/Appellant*

/s/ *Dawn M. Barrios*
Dawn M. Barrios (#2821)
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: 504-524-3300
Fax: 504-524-3313
barrios@bkc-law.com

*Plaintiffs' Co-Liaison Counsel*

Respectfully submitted,

/s/ *M. Palmer Lambert*
M. Palmer Lambert (#33228)
GAINSBURGH BENJAMIN DAVID
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: 504-522-2304
Fax: 504-528-9973
plambert@gainsben.com

*Plaintiffs' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBERT