# LAST WILL AND TESTAMENT

## OF

### CAROLYN FAY MCCOSH

I, CAROLYN FAY MCCOSH, a resident of McMinn County, Tennessee, being of sound mind and disposing memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all former Wills or Codicils by me made.

I hereby declare the following:

a)    I am married to JOSEPH HUBERT MCCOSH;

b)    At the time of the making of this Will, we have two children, PATRICK DEREK MCCOSH and AMBER LATRICE HENRY.

c)    At the time of the making of this Will, we have eight grandchildren, IVY MCCOSH, SOPHIA MCCOSH, LEVI MCCOSH, KOBY MCCOSH, and SI MCCOSH, who are the children of PATRICK DEREK MCCOSH, and AUSTIN WALKER, BRAD WALKER, and COY HENRY, who are the children of AMBER LATRICE HENRY.

## ARTICLE I.
## PAYMENT OF DEBTS, FEES AND EXPENSES

I direct that all of my legally enforceable debts, (except debts secured by mortgages or other security instruments, which may be paid off or retained in the sole and reasonable discretion of my Executor), including funeral and testamentary expenses and expenses of my last illness, be paid as soon as may be convenient after my death. I further direct that all estate, inheritance and other taxes of the same nature (except any generation-skipping taxes imposed by the Internal Revenue Code or by any state) which are payable because of my death, including any interest or penalties thereon, with respect to the property comprising my estate for such tax purposes, whether or not such property passes under this Will and whether such taxes are payable by my estate or by any recipient or beneficiary of any such property, shall be paid entirely out of my Residuary Estate as an expense of administration and without apportionment, and with no right of reimbursement from any recipient or beneficiary of any such property. No part of said debts, expenses and taxes shall be charged against or paid out of any part of my estate so as to render taxable any amounts which otherwise qualify for the marital deduction.



Initials

## ARTICLE II.
## MY LEGAL REPRESENTATIVES

**A.    Appointment of Personal Representative**.  I nominate and appoint my husband, JOSEPH HUBERT MCCOSH, as Personal Representative of this my Last Will and Testament.   In the event my husband predeceases me, is unable or unwilling to serve, or we shall die as a result of a common disaster, I nominate and appoint my son, PATRICK DEREK MCCOSH, as alternate Personal Representative of this my Last Will and Testament.   Should PATRICK DEREK MCCOSH predecease me, is unable or unwilling to serve, or should we die as a result of a common disaster, I nominate and appoint my daughter-in-law, CHRISTY MCCOSH, as second alternate Personal Representative of my Last Will and Testament.

**1.    Waiver of Bond**.  I direct that any Personal Representative serving hereunder shall not be required to give any bond for the performance of their duties.

**2.    Waiver of Inventory and Accountings**.  I direct that no inventory or other court accounting shall be required of my Personal Representative in accordance with Tennessee Code Annotated § 30-2-301 and § 30-2-601.  The Personal Representative's only responsibility for statements and accountings shall be to furnish a complete final accounting to the beneficiaries of my residuary estate.

**3.    Compensation**.   Any individual Personal Representative may receive the compensation for services allowed by law at the time the services under this Will are rendered.  A corporate Personal Representative may receive compensation for its services in accordance with its published schedule of fees in effect at the time the services are rendered.  Because I am aware that my family member or friend may be reluctant to request compensation for services as a Personal Representative hereunder, I want to state that, although no Personal Representative is required to request compensation, I encourage any family member or friend who serves as a Personal Representative hereunder to request compensation for the reasonable value of his or her services.

**B.    Appointment of Trustee.**

1.  I nominate and appoint my son, PATRICK DEREK MCCOSH, to serve as Trustee of any trusts created for my daughter, AMBER LATRICE HENRY.  In the event that PATRICK DEREK MCCOSH predeceases me or is unable or unwilling to serve as trustee for any trust created for my daughter, AMBER LATRICE HENRY, I nominate and appoint my daughter-in-law, CHRISTY MCCOSH, as alternate trustee for any trust created for my daughter, AMBER LATRICE HENRY.  In the event of a divorce between PATRICK DEREK MCCOSH and CHRISTY MCCOSH, I nominate and appoint RAMAGENE BARNES.

2.  I nominate and appoint my daughter-in-law, CHRISTY MCCOSH, to serve as Trustee for any trust created for the benefit of the issue of my son, PATRICK DEREK MCCOSH, and to be the Trustee for any Special Needs Trust created for my

2



Initials

grandson, LEVI MCCOSH, under this Last Will and Testament, should the creation of such a trust be necessary.

### ARTICLE III.
### BEQUESTS

**Gifting of Personalty by Reference**.  In the event I have attached to this my Last Will and Testament a list of certain items of personal property which I own, as well as the designated beneficiary of said items, then I direct that my Co-Personal Representatives shall abide by and adhere to any designation of the recipient of any specific item of personalty which I may make prior to my death.  I specifically incorporate herein by reference within this instrument any such list or lists which shall be attached to this my Last Will and Testament as if said list or lists were set forth herein verbatim, and I direct my Co-Personal Representatives to deliver to said individuals named in said list or lists the item or items of personalty as designated.

### ARTICLE IV.
### RESIDUAL ESTATE

I give, devise and bequeath all the rest, residue and remainder of my property which I may own at my death, of every kind and nature, both real and personal, and wheresoever situated, to my husband, JOSEPH HUBERT MCCOSH, to be hers absolutely.

In the event my husband, JOSEPH HUBERT MCCOSH, predeceases me or should we die as a result of a common disaster, I give, devise and bequeath all the rest, residue and remainder of my property which I may own at my death, of every kind and nature, both real and personal, and wheresoever situated, divided in equal shares, to PATRICK DEREK MCCOSH and the herein described Testamentary Trust for the benefit of my daughter, AMBER LATRICE HENRY, for her lifetime, share and share alike, under the terms and provisions set forth below.

In the event that my son, PATRICK DEREK MCCOSH, predeceases me or should we die as a result of a common disaster, I direct that his share shall pass to his issue, subject to the testamentary trusts described herein.

In the event that my daughter, AMBER LATRICE HENRY, predeceases me, I direct that her share shall pass to her issue.  If any of the issue of my daughter, AMBER LATRICE HENRY, have not attained thirty-five (35) years of age at the time of my death, I specifically direct that such share(s) be held in trust for and on behalf of such issue under the terms and provisions set out below.

**A.**     **Trusts Creation and Distribution Standards.**

**1. Trust for the Benefit of Amber Latrice Henry**.  I direct that any Trustee serving hereunder shall establish a trust for my daughter, AMBER LATRICE HENRY.  The

3



Initials

Testamentary Trust established for the benefit of my daughter, AMBER LATRICE HENRY, shall last for her lifetime and upon her death, the Testamentary Trust shall terminate and be distributed to the issue of my daughter, AMBER LATRICE HENRY, in trust if her issue have not reached the age of Thirty-Five (35).

  **2. Trust for the Benefit of my Grandchildren.**  I further direct that any Trustee serving hereunder shall establish separate and equal trusts for each of my son's issue should my son predecease me, with the exception of LEVI MCCOSH, who have not attained thirty-five years of age at the time of my death. For any testamentary trust(s) established for my son's issue, with the exception of LEVI MCCOSH, I  direct that when said issue attains twenty-five (25) years of age, my Trustee shall disburse on the twenty-fifth birthday of said issue, one-third (1/3) of the assets held in trust for such issue, free and clear of the terms of this trust.  I further direct that as each such issue herein attains thirty (30) years of age, my Trustee shall disburse on the thirtieth birthday of such issue one-half (1/2) of the remaining assets held in trust for such issue, together with any undistributed income, free and clear of the terms of this Trust.  I further direct that as such issue attains thirty-five (35) years of age, my Trustee shall disburse on the thirty-fifth birthday of such issue all remaining assets held in trust for them, together with any undistributed income, free and clear of the terms of this Trust.

**B. Distribution Standards for Testamentary Trusts**

  For any trusts established for my daughter and my son's issue, I direct that my Trustee shall, at his/her sole discretion, apply such portion of the income, and principal if necessary, of said trust(s) for and on behalf of the beneficiary, any amounts of the income and principal of the Trust, payable at any time and from time to time, that the Trustee, in the Trustee's reasonable discretion, determines necessary for his/her health, education, support, or maintenance pursuant to the directives set forth below.

  **1. Health.**  The term health is to be broadly interpreted by the Trustee and is to include any and all medical expenses the Trustee believes to be in the best interest of the beneficiary, provided said care is medically necessary and in no event shall elective procedures, including, but not limited to, plastic surgeries, be paid for by the Trust.

  **2. Education.** The term "education," wherever it is used, includes formal instruction at an established educational institution at any level, either public or private, as well as private tutoring, lessons, camps, travel opportunities and the like, and includes the cost of tuition, room, board, or fees, books, computer hardware and software, equipment, supplies, and any other expense or allowance that the Trustee, in the Trustee's reasonable discretion, determines necessary for the educational pursuit in question.

  **3. Support and Maintenance.**  The terms "support" and "maintenance" wherever used, include, but are not limited to, appropriate financial assistance for special occurrences such as marriage, the conception, birth or adoption of a child by a beneficiary, the purchase of a home, the capital investment in a business or profession in which a

4



Initials

beneficiary works, and the expenses of any funeral or similar service for a beneficiary, all in such amounts as the Trustee shall determine, in the Trustee's reasonable discretion.

**C.      Special Needs Trust for Benefit of Levi McCosh.**   I further direct that should any portion of my estate became payable to LEVI MCCOSH, then my Trustee shall pay such portion into any special needs trust that has been established for the benefit of LEVI MCCOSH, and if no such special needs trust has been established, then my Trustee shall use such portion of my estate to establish a Special Needs Trust for my grandson, LEVI MCCOSH.

**1.      Administration of Special Needs Trust.**   During LEVI MCCOSH'S lifetime, the Trustee in his discretion may make distributions to LEVI MCCOSH or for his benefit from this Special Needs Trust only to provide for LEVI MCCOSH'S extra and supplemental care, in addition to the benefits he otherwise receives as a result of his handicap or disability from each local, state or federal government or from each private agency that provides services or benefits to handicapped persons.

This Trust is not a support trust and cannot be used to displace or reimburse public or private financial assistance that may otherwise be available to LEVI MCCOSH. Accordingly, in exercising its discretion, the Trustee shall distribute income and/or principal to LEVI MCCOSH or for his benefit only in such amounts as shall not interfere with, displace, prevent or reduce payment of other funds for his benefit from governmental or other sources.  The Trustee may not use trust funds to substitute for or supplant such benefits or service, and in no event shall Trust funds be paid to or for the benefit of a governmental agency or department or private agency.

Furthermore, neither LEVI MCCOSH, nor his conservator, nor any other person, may compel distributions from this Trust.  If the Trustee is authorized to make payments of income or principal to any person whose income or assets would be deemed to be income or assets of LEVI MCCOSH, the Trustee shall distribute only so much of the income or principal as would not interfere with, prevent or reduce payment of other funds from governmental or other sources to or for LEVI MCCOSH'S benefit.  To the extent not inconsistent with the provisions set forth in this paragraph above, the Trustee may, in its sole discretion, make distributions for the following purposes:

(a)      More sophisticated dental, medical, and diagnostic work or treatment than is otherwise available from public assistance, and private rehabilitative training;

(b)      Entertainment, periodic vacations, and outings (including, in the discretion of the Trustee, payments for a person to accompany the Special Needs Beneficiary), the transportation of the Special Needs Beneficiary or friends or relatives of the Special Needs Beneficiary to visit her and expenditures to foster her interests, talents and hobbies;

5


Initials

(c)     Expenditures to purchase personal property and services which will make life more comfortable and enjoyable for the Special Needs Beneficiary;

(d)     The purchase and acquisition of a van or such other motor vehicle to accommodate and facilitate the transportation of the Special Needs Beneficiary, including paying the cost of taxes, license, insurance, and maintenance.  The Trustee may hire and fire such Custodian(s) and assistants (including registered or licensed practical nurses) to assist in providing day-to-day care for the Special Needs Beneficiary as deemed necessary or appropriate, in its discretion.  The Trustee is further authorized to pay such assistants an amount the Trustee deems reasonable for the services provided;

(e)     To pay a Custodian a reasonable fee, from time to time, for services provided by the Custodian in the care and assistance of the Special Needs Beneficiary;

(f)     The Trustee may select counsel to represent the Special Needs Beneficiary in connection with legal efforts to maximize those services potentially available to him in order to assure him of the receipt of services in the least restrictive environment and, in general, to enforce the Special Needs Beneficiary's rights as a handicapped or developmentally disabled person in such circumstances where the Trustee believes it in the best interest of the Special Needs Beneficiary.  The Trustee shall engage said counsel relative to the rendition of said legal services on the Special Needs Beneficiary's behalf;

(g)     To purchase any reasonable medical or architectural adaptation to any dwelling in which the Special Needs Beneficiary will receive what is commonly referred to as home health care or to purchase any reasonable medical, architectural or furnishing adaptation to any residential setting in which he resides including group home, nursing home, residential center, hospital or otherwise;

(h)     To purchase group medical insurance for the Special Needs Beneficiary should said coverage become available through any source at a price deemed reasonable by the Trustee.  The Trustee shall also have the power and authority to purchase individual medical insurance for the Special Needs Beneficiary should said coverage become available through any source at a price deemed reasonable by the Trustee;

(i)     To purchase the services of an individual to provide attendant care for the Special Needs Beneficiary to accompany him on family vacations, outings and any other family functions which would require the services of a supervisory attendant for the Special Needs Beneficiary other than a member of his immediate family;

(j)     To retain consultants, medical, nursing or otherwise, to advise the Trustee and to make recommendations regarding the medical or other special needs of the Special Needs Beneficiary and the maintenance of the eligibility of the Special Needs Beneficiary for necessary or desirable programs;

6


Initials

(k)    To pay for any and all uninsured expenses or expenses not covered by applicable public assistance, including any and all types of medical care or attendant supervisory care for the Special Needs Beneficiary; and

(l)    To pay reasonable funeral and burial expenses of the Special Needs Beneficiary.

**2.    Application for Public Resources.**   It is my intention that the Trustee of LEVI MCCOSH's Special Needs Trust shall request that the Special Needs Beneficiary or his guardian or conservator, as appropriate, seek support and maintenance for the Special Needs Beneficiary from any and all available private and public resources. The Trustee shall take into consideration the applicable resource and income limitations of any private and public assistance programs for which the Special Needs Beneficiary is eligible when determining whether to make any discretionary distributions from a Special Needs Trust.

**3.    Protection from Creditors.**   It is my intention further that because the Special Needs Trust is to be conserved and maintained primarily for the Special Needs of the Special Needs Beneficiary, no part of the principal of any Special Needs Trust nor the accumulated income thereof shall be subject to the claims of voluntary or involuntary creditors for the provisions of care and services to the Special Needs Beneficiary, including residential care, by any private or public entity, office, department or agency of any state, or of the United States or any other governmental agency.

**4.    Final Distribution of Special Needs Trust.**   Following LEVI MCCOSH'S death, the remaining assets of the Trust are to be given to his mother, CHRISTY MCCOSH, to be hers absolutely.   In the event CHRISTY MCCOSH predeceases LEVI MCCOSH, the remaining assets of the Trust are to be given to the surviving siblings of LEVI MCCOSH.

<u>**ARTICLE V.**</u>
<u>**POWERS OF FIDUCIARIES**</u>

My Personal Representative and Trustee (sometimes referred to as "Fiduciary") have the following powers, duties and discretions in addition to those now and hereafter conferred by law:

**A.    Powers of Personal Representative.**   In the administration of my Estate my Personal Representative shall have the following powers:

**1.    Powers Incorporated by Reference.**   In addition to all general and fiduciary powers now or hereafter conferred by law and without limiting any other powers granted by this Will or authorized by law, I specifically delegate to and authorize my Personal Representative serving hereunder in the exercise of reasonable discretion with respect to all property, real or personal, which shall at any time form a part of my Estate, whether held in trust or otherwise, to exercise all of the applicable fiduciary powers set


Initials

forth at the date of execution of this Will under Tennessee Code Annotated ("T.C.A.") §35-50-110, and said statute is specifically incorporated herein by reference as if fully set forth verbatim herein.

      **2.**    **Administration of Real Property.**    In addition to the foregoing powers granted my Personal Representative and not in any way limiting the foregoing powers granted my Personal Representative herein, I specifically grant my Personal Representative and/or Trustee the power to sell or otherwise liquidate any or all of my real and personal property coming into the hands of said Personal Representative/Trustee, at public or private sale, at a price and on such terms as deemed reasonable by my Personal Representative/Trustee in the absolute and sole discretion of my Personal Representative/Trustee. Furthermore, all real property owned by me at the date of my death shall be considered an asset of my probate estate and shall be in the control and custody of my Personal Representative/Trustee with full power to sell same.

      **B.**    **Administrative Powers of Trustee.**    In the administration of any Trust herein created, in addition to all the powers set forth in Article VI and in T.C.A. §35-50-110, my Trustee shall have the following powers:

      **1.**    **In-Kind Distributions.**    The Trustee shall have the power to make distributions in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property allocated to any beneficiary, including any trusts.

      **2.**    **Selection and Retention of Assets.**    The Trustee shall have the power to retain, without liability for loss or depreciation resulting from such retention, any property or undivided interests in property received from any source, including residential property, regardless of any lack of diversification, risk, or nonproductivity, for such time as the Trustee shall deem advisable, and the Trustee shall be under no obligation to dispose of or convert any such property. Any investments made by the Trustee pursuant to the terms of this instrument need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value. The Trustee, except as herein otherwise specifically provided, shall have latitude as wide in the selection, retention, or making of investments as an individual would have in retaining or investing his or her own funds, and shall not be limited to, nor be bound or governed by, any rules of law, statutes, or regulations respecting investments by Trustee.

      **3.**    **Sale or Disposition of Property.**    The Trustee shall have the power to sell, exchange, give options upon, partition, convey, or otherwise dispose of, with or without covenants (including covenants of warranty of title), any property that may from time to time be or become a part of the trust, at public or private sale or otherwise, for cash or other consideration, or on credit, and upon such terms and conditions as the Trustee shall deem advisable, and to transfer and convey the same free of all trusts.

      **4.**    **Investments.**    The Trustee shall have the power to invest and reinvest from time to time in any property, real, personal, or mixed, including (without



Initials

limiting the generality of the foregoing) securities of domestic and foreign corporations and investment trusts, bonds, preferred stocks, common stocks, mortgage participations, and interests in common trust funds, with complete discretion as to converting realty into personalty, or personalty into realty, or otherwise changing the character of the trust, even though such investment (by reason of its character, amount, proportion to the total trust, or otherwise) would not be considered appropriate for a fiduciary apart from this provision, and even though such investment causes a greater proportion of the total trust to be invested in investments of one type or of one business or company than would be considered appropriate for a fiduciary apart from this provision.

5.   **Loans.**  The Trustee shall have the power to make loans, secured or unsecured, in such amounts, upon such terms, at such rates of interest, and to such persons, firms, or corporations as the Trustee shall deem advisable.

6.   **Non-productive Property; Delayed Income Rule**.  The Trustee shall have the power to acquire property returning no income or slight income, or to retain any such property, so long as the Trustee shall deem fit, without the same being in any way chargeable with income, or the proceeds thereof in case of sale or other disposition being in any part deemed income.

7.   **Improving and Leasing.**  The Trustee shall have the power to improve any real estate; to demolish any buildings in whole or in part; to erect buildings; to lease real estate or personal property on such terms and conditions and for such length of time [including ninety-nine (99) years or more] as the Trustee shall deem fit, even though such lease may extend beyond the term of any trust hereunder; to foreclose, extend, renew, assign, release, or partially release, and discharge mortgages or other liens, and to accumulate income for the purpose of doing so (except where the Trustee is required herein to distribute income).

8.   **Borrowing Money.**  The Trustee shall have the power to borrow money and to execute promissory notes therefor; to secure such obligations by mortgages or other liens or pledges of any property of the trust; to make any type of purchase or contract, including installment contracts or credit arrangements, the effect of which is to borrow money; to accumulate income for the purpose of repaying any indebtedness owed by the Trustee hereunder (except where the Trustee is required herein to distribute income).

9.   **Adjustment of Claims and Suits; Prepayment of Existing Mortgage.**  The Trustee shall have the power to prosecute or defend any suit; to compromise or arbitrate any claim (including a claim for taxes) and any litigation, either in favor of or against the trust or the Trustee in his/her capacity hereunder; to pay claims upon such evidence as the Trustee shall deem sufficient; and to prepay all or part of any mortgage.

10.   **Employment of Agents.**  The Trustee shall have the power to employ such brokers, bank custodians, investment counsel, attorneys, and other agents or

9



Initials

servants, and to delegate to them such duties, rights, and powers of the Trustee for such period as the Trustee shall deem fit; and to pay such persons reasonable compensation out of the trust, all regardless of whether any such person or entity is (or is a partner, employee, or employer of, or is owned by) a beneficiary or Trustee hereunder.

      11.    **Voting Securities; Reorganization.**  The Trustee shall have the power to vote, in person or by proxy, any stocks or other properties having voting rights, to enter into voting trusts and voting agreements; to exercise any options, rights, or privileges pertaining to any property in the trust; to participate in any merger, reorganization, or consolidation affecting the trust; and, in connection therewith, to take any action which an individual could take with respect to property owned outright by such individual, including the payment of expenses or assessments, the deposit of stock or property with a protective committee, the acceptance or retention of new securities or property, and the payment of such amounts of money as the Trustee may deem advisable in connection therewith.

      12.    **Insurance.**  The Trustee shall have the power to insure any part of the trust against such risks as the Trustee shall deem fit, such insurance to be based on market values or costs, and the coverage to be full or partial as the Trustee shall deem fit; to pay the premiums and to collect or adjust the losses; to acquire, hold, and pay premiums on insurance upon the life of any person or persons, and to exercise any and all rights to ownership thereof; and to purchase other types of insurance or annuities for any beneficiary; provided, however, all incidents of ownership with respect to any policies of insurance on the life of any Trustee shall be vested in and exercisable solely by another Trustee.

      13.    **Business Interests.**  To do any act or exercise any power concerning any interest the Trust holds in a corporation, partnership, or any other association that a person holding similar property may legally do or exercise, including but not limited to: voting upon securities, becoming a party to a shareholders' agreement or voting trust, consenting or objecting to an organizational change, consenting or objecting to the sale, mortgage, or lease of an organization's property, and the exercise of options, conversions, or subscriptions.

      14.    **Payment of Expenses and Taxes.**  The Trustee shall have the power to incur such expenses or charges in the management of the trust as the Trustee shall deem fit; to pay taxes, charges, and governmental assessments against the trust; and, in anticipation of such expenses, charges, taxes, and assessments, to set up such sinking funds or reserves as the Trustee shall deem fit.

      15.    **Acceptance of Additional Property.**  The Trustee may accept from any source any property acceptable to the Trustee to be held as part of any trust hereunder. The Trustee also is authorized (but not directed) to accept from the Executor, at the termination of the administration of any estate of which any Trust established herein may be the beneficiary, the assets delivered by the Executor to the Trustee on the basis of the accounting therefor as submitted by the Executor, without requiring an audit or other

Initials

independent accounting of the acts of such Executor. No Trustee hereunder shall have any duty, responsibility, obligation, or liability whatsoever for, or any duty, responsibility, obligation, or liability whatsoever for failure to rectify, the acts or omissions of said Executor.

**16.   Execution of Documents.**  The Trustee shall have the power to execute and deliver agreements, assignments, bills of sale, contracts, deeds, leases, notes, powers of attorney, warranties, covenants, guaranties, receipts, releases, discharges, acquittances, and other papers or documents reasonably necessary or desirable to carry out the powers granted to a Trustee.

**17.   Apportionment of Income and Expenses.**  Where not otherwise clearly provided by law or otherwise set forth herein, the Trustee shall have the power to determine with finality, as to each sum of money or other thing of value held or received by any Trustee, whether and to what extent the same shall be deemed to be principal or to be income, and as to each charge or expense paid by the Trustee, whether and to what extent the same shall be charged against principal or against income, including, without hereby limiting the generality of the foregoing, power to apportion any receipt or disbursement between principal and income and to determine what part, if any, of income is available for distribution according to the terms hereof, and what part, if any, of the actual income received upon a wasting investment, or upon any security purchased or acquired at a premium, shall be returned and added to principal to prevent a diminution of principal upon exhaustion or maturity thereof; and to set up such reserves out of principal or income as the Trustee shall deem fit.

**18.   Occupancy of Trust Property.**  The Trustee shall have the power to allow any income beneficiary of a trust to use or occupy property of such trust without payment of rent.

**19.   Termination of Small Trust.**  Notwithstanding any other provision of this instrument, the Trustee shall have the power to terminate any separate trust established by this instrument whenever in the Trustee's opinion such trust is so small in value that the administration thereof no longer is economically advisable, after first considering, however, all financial or special advantages to the beneficiary or beneficiaries of continuing the trust. In the event of such termination, the Trustee shall distribute the remaining trust assets to the then income beneficiary or beneficiaries, per stirpes. The Trustee' judgment shall be final and binding upon all interested parties, and distribution of trust assets in any manner provided in this instrument shall relieve the Trustee of any further responsibility with respect to such assets. In no event shall a beneficiary, while serving as a Trustee hereunder, exercise the discretion granted in this subsection, such discretion being exercisable solely by another Trustee.

**C.   Trustee Succession and Removal**

**1.   Right to Resign and Appoint Successor.**  Any individual who is serving as the sole Trustee of any trust created herein shall have the right to resign from

Initials

such capacity provided said Trustee appoints a successor trustee and provides sixty (60) days written notice to the beneficiaries.

     2.    **Power to Appoint Successor Trustee**.  Any establishment who is serving as the sole Trustee of any trust created herein shall have the power to appoint a successor trustee to serve in his/her place and stead upon the inability of the Trustee to serve as Trustee, whether by reason of death, resignation, inability to serve, or any other cause.

     3.    **Power to Appoint Co-Trustee**.  Any establishment who is serving as the sole Trustee of any trust created herein shall have the power to appoint one or more individuals or corporations to serve as Co-Trustee of such trust during the period such sole Trustee is serving as Trustee.  Any individual or corporate Co-Trustee appointed shall not be a beneficiary of any trust created herein.  Any appointed Co-Trustee may be removed at any time by the establishment who appointed such Co-Trustee.  Any such Co-Trustee shall automatically be removed at such time as the individual who appointed such person is unwilling or unable for any reason to continue to serve as Trustee.  Provided, however, if such Co-Trustee is named as successor Trustee to such individual Trustee, then instead of being automatically removed, such Co-Trustee shall continue to serve in place of such individual Trustee.

     4.    **Power of Successor Trustees.**  Any individual appointed and substituted as successor Trustee of any trust herein created shall succeed to all of the right, title, interest, privileges, and powers of the Trustee that said successor Trustee is replacing and shall be vested with the possession of the trust property and trust estate without any further act, instrument, deed, or conveyance, and shall hold the trust property and the trust estate in trust for the same uses and purposes, and subject to the terms, covenants, conditions, stipulations, and provisions, as set forth herein.

### ARTICLE VI.
### GENERAL ADMINISTRATIVE PROVISIONS

     A.    **Choice of Law.**  The validity, effect, and interpretation of any trust instrument created herein, and of the property interests created herein, shall be controlled by the laws of the State of Tennessee.

     B.    **Spendthrift Provision.**  Neither the income nor principal of any Trust herein created, or any share thereof, shall be pledged, assigned, transferred, sold or in any manner whatsoever accelerated, anticipated, or encumbered by any beneficiary, nor shall any income or principal of any Trust Estate hereunder be in any manner subject to or liable in the hands of the Trustee for the debts, contracts, or engagements of any beneficiary or be subject to any assignment or any other voluntary or involuntary alienation or disposition whatsoever.  This spendthrift provision is intended to restrain both voluntary and involuntary transfers of a beneficiary's interest in the Trust in accordance with Tennessee Code Annotated §35-15-502 and is a material purpose of the Trust.



Initials

**C.     Rule Against Perpetuities.**   Anything in this Agreement to the contrary notwithstanding, all Trusts created hereunder (or pursuant to a power of appointment granted hereunder) shall terminate one day prior to the expiration of the permissible period under the relevant application of the rule against perpetuities, if any.   Upon such termination, all the assets thereof shall be distributed absolutely to those persons (and in the same proportions) as are then-receiving or entitled to receive the income therefrom.

**D.     No Inventory or Bond.**   Trustee shall not be required to file any inventory, appraisal, or any annual or other returns or reports to any court.  No bond for the faithful performance of duties shall be required of Trustee.

**E.     Trust Dissolution.**   If Trustee should at any time determine that the continuance of the Trust is impractical and uneconomical, Trustee, in Trustee' absolute discretion, may terminate the Trust and distribute the Trust to the Beneficiary or Beneficiaries then entitled to receive or have benefit of the income from the Trust, or to legal representatives of such person or persons, in equal shares if there is more than one Beneficiary.

**F.     Trustee Compensation.**   I further direct that reasonable compensation shall be paid to any individual Trustee, unless such individual Trustee waives the right to receive compensation.

### <u>ARTICLE VII.</u>
### <u>NO CONTEST</u>

**A.     Named Beneficiaries.**   If any beneficiary of this Last Will and Testament seeks through any court proceeding to prevent the admission to Probate or to contest the validity of this Will or any of its provisions, any share or interest in my estate given to that beneficiary under this Will is hereby revoked.  That share or interest shall be disposed of under this Will as if that beneficiary and his or her descendants did not survive me or, if the beneficiary is not a natural person, as if the beneficiary had ceased to exist without successors or assigns.

**B.     Natural Heirs.**   Furthermore, if a natural heir to my estate seeks through any court proceeding to prevent the admission to Probate or to contest the validity of this Will or any of its provisions, it is my desire that the court order that said natural heir cannot inherit any assets from my estate.  That share or interest shall be disposed of as if that natural heir and his or her descendants did not survive me.

IN WITNESS WHEREOF, I have hereunto set my hand to this my Last Will and Testament, this the ___24___ day of ___October_____, 2018.


__Carolyn Fay McCosh__
CAROLYN FAY MCCOSH

13

__C Mc__
Initials

(Signature page continued of the Last Will and Testament of Carolyn Fay McCosh, Page 14 of 16 pages)

Signed by the Testatrix as and for her Last Will and Testament, in the presence of us, the undersigned, who, at her request, and in her sight and presence, and in the sight and presence of each other, have subscribed our names as attesting witnesses the day and date above written.

Address _Sweetwater, TN_

Address _Riceville, TN_

STATE OF TENNESSEE     §
COUNTY OF McMINN       §

The undersigned, first being duly sworn, do depose and say that they witnessed the preceding Will of Testatrix and subscribed the Will in her presence and in the sight and presence of each other, and at her request. That Testatrix, at the time of the signing of her Will, appeared to be of full age and sound and disposing mind and memory and competent to make testamentary disposition of real and personal property. That she voluntarily signed her Will and declared it to be her Last Will and Testament in the presence of the subscribing witnesses hereto and that this Affidavit is made at the request of the Testatrix.

Sworn to and subscribed before me this the _24th_ day of _October_, 2018.

NOTARY PUBLIC

My Commission Expires: _3/8/2021_

Initials

14

## INCORPORATION BY REFERENCE
Pursuant to ARTICLE III of the
Last Will and Testament of CAROLYN FAY MCCOSH

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

13. _____

14. _____

15. _____

16. _____

17. _____

18. _____

_____
CAROLYN FAY MCCOSH

15


Initials

## INCORPORATION BY REFERENCE
Pursuant to ARTICLE III of the
Last Will and Testament of CAROLYN FAY MCCOSH

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

13. _____

14. _____

15. _____

16. _____

17. _____

18. _____

_____
CAROLYN FAY MCCOSH

16


Initials