**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| Sonia Barnes, *2:17-06825* | : | |
| Marian Bess, *2:17-17295* | : | |
| Jessie Carter, *2:17-16952* | : | |
| Jessica Epperson, *2:17-15302* | : | |
| Alizabeth Haddad, *2:17-16236* | : | |
| Ronette Halloway, *2:17-16767* | : | |
| Deborah Haywood, *2:17-15293* | : | |
| Nayuca Medina, *2:18-12335* | : | |
| Madeline Niles, *2:17-11744* | : | |
| Nadia Ojeda, *2:17-16943* | : | |
| Sylvia Oliva, *2:17-14007* | : | |
| Sheila Rawlins, *2:17-16330* | : | |
| Eva Sadaka, *2:18-06064* | : | |
| Jennifer Weigand, *2:17-07789* | : | |

**SANOFI'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SHOW CAUSE RESPONSE ON INNOVATOR LIABILITY UNDER CALIFORNIA LAW**

Under California law, innovator liability applies in the limited circumstance where a Plaintiff alleges injury by a known generic drug manufactured by an Abbreviated New Drug Application ("ANDA") holder[1] whom she otherwise cannot sue. *See T.H. v. Novartis Pharms. Corp.*, 4 Cal. 5th 145, 157 (2017). This is because federal regulations require an ANDA generic drug label to be <u>identical</u> to the NDA product it is based on—shielding the ANDA holder from liability and making the NDA holder responsible for both products' labels.[2] *See id.* (*citing PLIVA, Inc. v. Mensing*, 564 U.S. 604, 613 (2011) and 21 U.S.C. § 355(j)). Innovator liability does not

---

[1] Food Drug and Cosmetic Act ("FDCA") § 505(j), codified at 21 U.S.C. § 355(j), describes ANDA requirements.

[2] FDCA § 505(b), codified at 21 U.S.C. § 355(b), describes all New Drug Application ("NDA") requirements, including NDAs submitted under § 505(b)(2) for innovations to existing drug products.

apply where, as here, (1) Plaintiffs do not know what product(s) they received, nor whether they were manufactured under NDAs or ANDAs; and (2) Plaintiffs filed suit years ago but never pled, argued, or in any way pursued innovator liability claims until confronted with dismissal for failing to timely prosecute their cases.

## I.   Innovator Liability Requires Product Identification

Contrary to Plaintiffs' characterizations, California's innovator liability is not a substitute for Plaintiffs' obligation to identify the specific manufacturer(s) of the product(s) they allege caused them harm.  To Sanofi's knowledge, no California court has imposed innovator liability where the specific product actually administered to the plaintiff is unknown.  This is because to state an innovator liability claim, a Plaintiff must demonstrate that she received a <u>true</u> generic product—meaning one manufactured by an ANDA holder subject to "'an ongoing federal duty of "sameness"' […] ensuring   that   its   warning   label   is   the   same   as   the   brand-name manufacturer's." *Novartis*, 4 Cal. 5th at 157 (*quoting Mensing*, 564 U.S. at 613 and *citing* 21 U.S.C. § 355(j)).  Where, as here, the products used are unknown and potential manufacturers include multiple 505(j) ANDA holders <u>and</u> multiple 505(b)(2) NDA holders, belatedly invoking innovator liability cannot serve as a substitute for product identification.

Innovator liability also does not permit recovery against one NDA holder in place of other NDA holders under FDCA section 505(b)(2).  Innovator liability under California law is squarely premised on the regulatory requirement that "duplicate" generic drugs made by ANDA holders are "legally required to bear an identical label" to the NDA bioequivalents upon which they are based. *Novartis*, 4 Cal. 5th at 166.  Under *Mensing*, this mandated sameness both precludes liability against ANDA holders and causally connects the generic drug label's content to the NDA holder's labeling actions. *See Novartis*, 4 Cal. 5th at 157–58 (*citing Mensing*, 564 U.S. 604).

Innovator   liability   cannot   apply   outside   of   the   context   of   mandated   sameness,   in

substitution of one NDA holder in place of another.  *Cf. Camejo v. Angelini Pharma Inc.*, No. 19:09-cv-023, 2021 WL 141338, at *6 (Del. Super. Ct. Jan. 15, 2021) (finding no innovator liability under California law where two drugs' labels were different: "there is simply no reasonably conceivable set of circumstances here that would support a finding of innovator liability and negligence and allow for recovery from [the original brand defendant] under California law.").[3]

## II.  Case-Specific Analysis

### (A) Sonia Barnes Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Sonia Barnes filed suit in July 2017 alleging treatment from May 2 to August 22, 2014, at which time docetaxel products from at least six different NDA holders were on the market. Ms. Barnes names seven different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[4] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing.  See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Barnes has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[3] Plaintiffs' arguments in a small handful of cases without product identification in Massachusetts, California, and Illinois, if accepted, would also dispose of the claims of hundreds of other plaintiffs bringing claims under the laws of 47 other states, and who have named only non-Sanofi defendants.

[4] ANDA holders for true docetaxel generics include Hengrui Pharma, Dr. Reddy's, Hikma, Ingenus Pharms, Mylan Labs, Meitheal, Amneal, Shilpa, Gland Pharma, and Eugia Pharma.  *See* FDA-Approved Drugs, Search Results for "docetaxel," *available at* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm with search "docetaxel."  Such manufacturers are not even named defendant options on Plaintiff's Short Form Complaint, likely due to Plaintiffs' understanding that liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[5]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[6]  That Ms. Barnes, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(B) Marian Bess Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Marian Bess filed suit in December 2017 alleging treatment from May 8 to July 16, 2014, at which time docetaxel products from at least six different NDA holders were on the market.  Ms. Bess names seven different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[7] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Bess has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[5] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[6] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[7] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[8]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[9]  That Ms. Bess, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (C) Jessie Carter Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Jessie Carter filed suit in December 2017 alleging treatment from April 2 to July 17, 2014, at which time docetaxel products from at least seven different NDA holders were on the market.  Ms. Carter names seven different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[10] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Carter has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[8] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[9] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[10] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[11]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[12]  That Ms. Carter, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(D) Jessica Epperson Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Jessica Epperson filed suit in December 2017 alleging treatment from September 17 to December 31, 2013, at which time docetaxel products from at least six different NDA holders were on the market.  Ms. Epperson names six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[13] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Epperson has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was

---

[11] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[12] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[13] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

not administered to her, in California.[14]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[15]  That Ms. Epperson, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(E) Alizabeth Haddad Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Alizabeth Hadded filed suit in December 2017 alleging treatment from March 4 to May 27, 2014, at which time docetaxel products from at least six different NDA holders were on the market.  Ms. Haddad names six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[16] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Haddad has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[14] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[15] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[16] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[17]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[18]  That Ms. Haddad, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(F) Ronette Halloway Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Ronette Halloway filed suit in December 2017 alleging treatment from August 25, 2014 to February 2015, at which time docetaxel products from at least seven different NDA holders were on the market.  Ms. Halloway names seven different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[19] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly— that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Halloway has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and

---

[17] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[18] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

[19] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

whose product was not administered to her, in California.[20]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[21]  That Ms. Halloway, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(G) Deborah Haywood Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Deborah Haywood filed suit in December 2017 alleging treatment from January 14 to March 19, 2013, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Haywood names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[22] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly— that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Haywood has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and

---

[20] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[21] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

[22] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

whose product was not administered to her, in California.[23]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[24]  That Ms. Haywood, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (H) Nayuca Medina Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Nayuca Medina filed suit in December 2018 alleging treatment from July 13 to November 24, 2015, at which time docetaxel products from at least seven different NDA holders were on the market.  Ms. Medina names eight different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[25] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Medina has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[23] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[24] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[25] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[26]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[27]  That Ms. Medina, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(I) Madeline Niles Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Madeline Niles filed suit in November 2017 alleging treatment from March 6 to April 16, 2014, at which time docetaxel products from at least six different NDA holders were on the market.  Ms. Niles names seven different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[28] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Miles has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[26] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[27] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

[28] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[29]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[30]  That Ms. Niles, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (J) Nadia Ojeda Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Nadia Ojeda filed suit in December 2017 alleging treatment from October 12, 2012 to January 16, 2013, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Ojeda names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[31] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly— that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Ojeda has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and

---

[29] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[30] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

[31] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

whose product was not administered to her, in California.[32]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[33]  That Ms. Ojeda, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (K) Sylvia Oliva Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Sylvia Oliva filed suit in December 2017 alleging treatment from April 10 to July 25, 2012, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Oliva names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[34] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Oliva has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[32] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[33] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[34] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[35]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[36]  That Ms. Oliva, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(L) Sheila Rawlins Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Sheila Rawlins filed suit in December 2017.  Her Short Form Complaint does not identify her dates of treatment.  Ms. Rawlins names five different NDA holders in her SFC, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[37] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Rawlins has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[35] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[36] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[37] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[38]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[39]  That Ms. Rawlins, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (M) Eva Sadaka Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Eva Sadaka filed suit in June 2018 alleging treatment from January 22 to May 14, 2022, at which time docetaxel products from at least six different NDA holders were on the market. Ms. Sadaka names six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[40] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Sadaka has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[38] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[39] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

[40] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[41]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[42]  That Ms. Sadaka, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability […] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

**(N) Jennifer Weigand Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Jennifer Weigand filed suit in August 2017 alleging treatment from November 29, 2011 to April 24, 2012, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Weigand names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[43] or (3) allege any claim or theory of innovator liability.  Nor has she alleged such facts supporting this type of claim under California law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Novartis*, 4 Cal. 5th at 157.  Likewise, Ms. Weigand has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not

---

[41] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[42] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

[43] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

administered to her, in California.[44]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[45]  That Ms. Weigand, unlike other California Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Because "no reasonably conceivable set of circumstances here [] would support a finding of innovator liability [...] under California law," Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

## III.   CONCLUSION

For the foregoing reasons, the Court should dismiss the claims of the above-named Plaintiffs with prejudice.


Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

***Counsel for Sanofi Defendants***
***Sanofi US Services Inc. and***
***sanofi-aventis U.S. LLC***

---

[44] *See Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[45] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

<u>/s/ *Douglas J. Moore*</u>