UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)  　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Meredith Powell, Case No. 2:18-cv-01521

### SANOFI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SHOW CAUSE RESPONSE ON INNOVATOR LIABILITY UNDER MASSACHUSETTS LAW

Under Massachusetts law, innovator liability applies in the limited circumstance where a Plaintiff alleges injury by a known generic drug manufactured by an Abbreviated New Drug Application ("ANDA") holder[1] whom she otherwise cannot sue, *and* the plaintiff has asserted "a common-law recklessness claim" alleging a "an unreasonable risk of death or grave bodily injury." *Rafferty v. Merck & Co.*, 92 N.E.3d 1205, 1209 (Mass. 2018) (emphasis added). "[T]he plaintiff may not bring a negligence claim against the brand-name manufacturer for a failure to warn." *Id.* Massachusetts innovator liability balances federal law requiring an ANDA generic drug label to be identical to the NDA product it is based on—shielding the ANDA holder from liability[2]—with the public policy desire to fill this "unique remedial gap" in "cases where, for instance, a brand-name manufacturer learns that its drug is repeatedly causing death or serious injury, or causes birth defects when used by pregnant mothers." *Id.* at 1219, 1221 (*citing PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011)). Massachusetts innovator liability does not apply where, as here, (1) Plaintiff does not know what product she received, nor whether it was manufactured under an NDA or ANDA; and (2) Plaintiff filed suit years ago but never pled, argued, or in any

---

[1] Food Drug and Cosmetic Act ("FDCA") § 505(j), codified at 21 U.S.C. § 355(j), describes ANDA requirements.

[2] Plaintiff's innovator liability arguments thus rest on the premise that under federal law, recovery may not be had against any of the 505(b)(2) defendants—a notable departure from Plaintiffs' overall position in this MDL, including with respect to cases in the 47 states that Plaintiffs admit reject any theory of innovator liability.

1

way pursued a common law recklessness claim based on death or grave bodily injury, or any theory of innovator liability until confronted dismissal for failing to timely prosecute her case.

### I. Innovator Liability Requires Product Identification

Contrary to Plaintiff's characterizations, Massachusetts innovator liability is not a substitute for Plaintiffs' obligation to identify the specific manufacturer(s) of the product(s) they allege caused them harm. To Sanofi's knowledge, no Massachusetts court has imposed innovator liability where the specific product actually administered to the plaintiff is unknown. This is because to state an innovator liability claim, a Plaintiff must demonstrate that she received a <u>true</u> generic product—meaning one manufactured by an ANDA holder subject to an "ongoing [F]ederal duty of 'sameness.'" *Rafferty*, 92 N.E.3d at 1211 (2018) (*quoting Mensing*, 564 U.S. at 613 and *citing* 21 U.S.C. § 355(j)). Where, as here, the products used are unknown and potential manufacturers include multiple 505(j) ANDA holders <u>and</u> multiple 505(b)(2) NDA holders, belatedly invoking innovator liability cannot serve as a substitute for product identification.

Innovator liability also does not permit recovery against one NDA holder in place of other NDA holders under FDCA section 505(b)(2). Innovator liability under Massachusetts law is squarely premised on the regulatory requirement that generic drugs made by ANDA holders must bear "a warning label that is identical to the label of the brand-name counterpart." *Rafferty*, 92 N.E.3d at 1209. Under *Mensing*, this mandated sameness both precludes liability against ANDA holders and causally connects the generic drug label's content to the NDA holder's labeling actions. *See id.* at 1215 (*citing Mensing*, 564 U.S. at 614–15).

Innovator liability cannot apply outside the context of mandated sameness, in substitution of one NDA holder in place of another. *See Rafferty*, 92 N.E.3d at 1215 (innovator liability would not apply where two different manufacturers control their own labels) (*citing Carrier v. Riddell, Inc.*, 721 F.2d 867, 869 (1st Cir. 1983) (consumers must "rely for warnings upon the maker of the

product they buy or use, not upon the maker of another, similar product.")).[3]

## II. Meredith Powell Has Failed to Plead Common Law Recklessness, Death or Grave Bodily Harm, or Innovator Liability, Waiving Such Claims

Plaintiff Powell filed suit in February 2018 alleging treatment from September 2012 to August 2013.  She asserts claims for strict liability, negligence, and fraud, but does not state a claim involving common law recklessness nor allege an injury of death or grave bodily harm.[4] She named six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[5] or (3) allege any claim or theory of innovator liability, nor facts supporting such a claim.  For example, Plaintiff has never alleged that the docetaxel she received was a true generic produced under an ANDA; that the label for the drug she took was the same as that of another, branded drug; that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*; or that any branded docetaxel manufacturer "intentionally fail[ed] to update the label on its drug to warn of an unreasonable risk of death or grave bodily injury." *See Rafferty*, 92 N.E.3d at 1220.  Likewise, Ms. Powell has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Massachusetts.[6]

During the four-plus years her claim has been pending, Plaintiff has never before asserted

---

[3] Plaintiffs' arguments in a small handful of cases without product identification in Massachusetts, California, and Illinois, if accepted, would also dispose of the claims of hundreds of other plaintiffs bringing claims under the laws of 47 other states, and who have named only non-Sanofi defendants.

[4] *See* Powell SFC at ¶¶ 12-13.  The words "reckless" or "recklessness," "grave," and "bodily" do not appear in Ms. Powell's SFC nor the Master Long Form Complaint it incorporates.  *See* Rec. Doc. 4407.

[5] ANDA holders for true docetaxel generics include Hengrui Pharma, Dr. Reddy's, Hikma, Ingenus Pharms, Mylan Labs, Meitheal, Amneal, Shilpa, Gland Pharma, and Eugia Pharma.  *See* FDA-Approved Drugs, Search Results for "docetaxel," *available at* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm with search "docetaxel."  Such manufacturers are not even named defendant options on Plaintiff's Short Form Complaint, likely due to Plaintiffs' understanding that liability against ANDA holders is precluded for reasons stated above.

[6] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

that innovator liability absolved her of CMO 12A obligations.[7]  That Ms. Powell, unlike other Massachusetts Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss the claims of Plaintiff Meredith Powell with prejudice pursuant to CMO 12A.

Respectfully submitted,

| | |
|---|---|
| /s/ Douglas J. Moore<br>Douglas J. Moore (Bar No. 27706)<br>**IRWIN FRITCHIE URQUHART & MOORE LLC**<br>400 Poydras Street, Suite 2700<br>New Orleans, LA  70130<br>Telephone: 504-310-2100<br>Facsimile:  504-310-2120<br>dmoore@irwinllc.com | Harley V. Ratliff<br>Adrienne L. Byard<br>Jordan Baehr<br>**SHOOK, HARDY & BACON L.L.P.**<br>2555 Grand Boulevard<br>Kansas City, Missouri 64108<br>Telephone: 816-474-6550<br>Facsimile:  816-421-5547<br>hratliff@shb.com<br>abyard@shb.com<br>jbaehr@shb.com<br><br>***Counsel for Sanofi Defendants<br>Sanofi US Services Inc. and<br>sanofi-aventis U.S. LLC*** |

### CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore

---

[7] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of May 2, 2022.