# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : : : | MDL NO. 2740 <br><br> SECTION "H" (5) <br><br> HON. JANE TRICHE MILAZZO <br> MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: | | |
| Phyllis Ashworth, *2:17-07359* <br> Kathy Basler, *2:18-07359* <br> Priscilla Gardner, *2:17-16719* <br> Diana Graves, *2:18-11901* <br> Pamela Hubbard-Nickens, *2:17-16960* <br> Beverly Kuipers, *2:17-16708* <br> Gladys Rodriguez, *2:17-14777* | | |

### SANOFI'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SHOW CAUSE RESPONSE ON INNOVATOR LIABILITY UNDER ILLINOIS LAW

No Illinois state court has ever recognized innovator liability, and the federal courts that have predicted whether Illinois law would permit such a claim are split. <u>Compare</u> *Dolin v. SmithKline Beecham Corp.*, 62 F. Supp. 3d 705, 715 (N.D. Ill. 2014) (predicting that it would); *Garner v. Johnson & Johnson, Janssen Rsch. & Dev. LLC*, No. 1:16-cv-01494, 2017 WL 6945335, at *7 (C.D. Ill. Sept. 6, 2017) (same); *In re Fluoroquinolone Prod. Liab. Litig.*, 517 F. Supp. 3d 806, 821 (D. Minn. 2021) (same); <u>with</u> *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 943 (6th Cir. 2014) (predicting that it would not); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 510 F.Supp.3d 1175, 1209 (S.D. Fla. Dec. 31, 2020) (same).

But even those courts that anticipate such claims under Illinois law do so in the limited circumstance where a Plaintiff alleges injury by a known generic drug manufactured by an Abbreviated New Drug Application ("ANDA") holder[1] whom she otherwise cannot sue. *See, e.g.,*

---

[1] Food Drug and Cosmetic Act ("FDCA") § 505(j), codified at 21 U.S.C. § 355(j), describes ANDA requirements.

1

*Dolin*, 62 F. Supp. 3d at 712 (citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617–18 (2011).  This is because federal regulations require an ANDA generic drug label to be <u>identical</u> to the NDA product it is based on—shielding the ANDA holder from liability and making the NDA holder responsible for both products' labels.[2]  *See id.*  Innovator liability does not apply where, as here, (1) Plaintiffs do not know what product(s) they received, nor whether they were manufactured under NDAs or ANDAs; and (2) Plaintiffs filed suit years ago but never pled, argued, or in any way pursued innovator liability claims until confronted with dismissal for failing to timely prosecute their cases.

## I. Innovator Liability Requires Product Identification

Contrary to Plaintiffs' characterizations, Illinois's innovator liability is not a substitute for Plaintiffs' obligation to identify the specific manufacturer(s) of the product(s) they allege caused them harm.  The Illinois federal cases that have acknowledged innovator liability expressly refute that it permits a plaintiff to pursue claims absent product identification.  *See Dolin*, 62 F. Supp. 3d at 717–18 (distinguishing predicted innovator liability cases from "indeterminate tortfeasor" cases, because "[w]here a plaintiff is injured by a product, but is unable to identify the manufacturer responsible for the product, Illinois will not permit a claim brought against another manufacturer of a similar product.") (citing *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 875 (Ill. App. 2003); *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 344 (Ill. 1990)); *see also Garner*, 2017 WL 6945335, at *7 (same).  This is all the more true in the innovator liability context, where a Plaintiff must demonstrate that she received a <u>true</u> ANDA generic product with a label necessarily identical to that of an NDA holder.  "[O]nly one [manufacturer] actually caused the plaintiff's injury, and the plaintiff must be able to identify *that* manufacturer in order to proceed with his or her claim."

---

[2] FDCA § 505(b), codified at 21 U.S.C. § 355(b), describes all New Drug Application ("NDA") requirements, including NDAs submitted under § 505(b)(2) for innovations to existing drug products.

*Dolin*, 62 F. Supp. 3d at 717 (emphasis in original); *see also In re Darvocet*, 756 F.3d at 944 (dismissing MDL claimants' proposed innovator liability claims under Illinois law "for lack of product identification"); *In re Zantac*, 510 F.Supp.3d at 1211 (same).

Innovator liability also does not permit recovery against one NDA holder in place of other NDA holders under FDCA section 505(b)(2). Illinois innovator liability as predicted by federal courts is squarely premised on the regulatory requirement that a true "duplicate" generic drug's "design and warning label must identically match that of the name-brand version of the drug in all material respects," and an ANDA holder (though not an NDA holder) is "prohibited from making unilateral changes to the drug's warning label." *Dolin*, 62 F. Supp. 3d at 711. Under *Mensing*, this mandated "duty of sameness" both precludes liability against ANDA holders and causally connects the generic drug label's content to the NDA holder's labeling actions. *See Garner*, 2017 WL 6945335, at *6–7 (*citing In re Darvocet*, 756 F.3d at 934–35).

Innovator liability cannot apply outside of the context of mandated sameness, in substitution of one NDA holder in place of another. *See Dolin*, 62 F. Supp. 3d at 718 ("Where a plaintiff is unsure as to the identity of the manufacturer that actually produced the injury-causing product, that plaintiff cannot simply bring suit against any manufacturer that produces similar products" because *"[a] manufacturer is not liable for injuries caused by the products of other manufacturers."*) (*citing Foster v. Am. Home Prod. Corp.*, 29 F.3d 165, 168 (4th Cir. 1994); *Lewis*, 793 N.E.2d at 875).[3]

---

[3] Plaintiffs' arguments in a small handful of cases without product identification in Massachusetts, California, and Illinois, if accepted, would also dispose of the claims of hundreds of other plaintiffs bringing claims under the laws of 47 other states, and who have named only non-Sanofi defendants.

3

## II. Case-Specific Analysis

### (A) Phyllis Ashworth Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Phyllis Ashworth filed suit in August 2017 alleging treatment from September 22, 2011 to January 12, 2012, at which time docetaxel products from at least five different NDA holders were on the market. Ms. Ashworth names six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[4] or (3) allege any claim or theory of innovator liability. Nor has she alleged such facts supporting this type of claim under Illinois law. For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711. Likewise, Ms. Ashworth has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[5]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[6] That Ms. Ashworth, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new

---

[4] ANDA holders for true docetaxel generics include Hengrui Pharma, Dr. Reddy's, Hikma, Ingenus Pharms, Mylan Labs, Meitheal, Amneal, Shilpa, Gland Pharma, and Eugia Pharma. *See* FDA-Approved Drugs, Search Results for "docetaxel," *available at* https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm with search "docetaxel." Such manufacturers are not even named defendant options on Plaintiff's Short Form Complaint, likely due to Plaintiffs' understanding that liability against ANDA holders is precluded for reasons stated above.

[5] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[6] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022. Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

claims of innovator liability. Such arguments have long been waived. Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

### (B) Kathy Basler Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Kathy Basler filed suit in February 2018 alleging treatment from January 5 to May 19, 2015, at which time docetaxel products from at least seven different NDA holders were on the market. Ms. Basler names six different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder, [7] or (3) allege any claim or theory of innovator liability. Nor has she alleged such facts supporting this type of claim under Illinois law. For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711. Likewise, Ms. Basler has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[8]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[9] That Ms. Basler, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability. Such arguments have long been waived. Accordingly, Plaintiff's

---

[7] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[8] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[9] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022. Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

claims should be dismissed with prejudice pursuant to CMO 12A.

### (C) Priscilla Gardner Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Priscilla Gardner filed suit in December 2017 alleging treatment from April 11 to August 17, 2012, at which time docetaxel products from at least five different NDA holders were on the market. Ms. Gardner names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[10] or (3) allege any claim or theory of innovator liability. Neither has she alleged such facts supporting this type of claim under Illinois law. For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711. Likewise, Ms. Gardner has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[11]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[12] That Ms. Gardner, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability. Such arguments have long been waived. Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

---

[10] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[11] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[12] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022. Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

**(D) Diana Graves Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Diana Graves filed suit in November 2018 alleging treatment from December 28 2012 to March 1, 2013, at which time docetaxel products from at least five different NDA holders were on the market. Ms. Graves names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[13] or (3) allege any claim or theory of innovator liability. Neither has she alleged such facts supporting this type of claim under Illinois law. For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711. Likewise, Ms. Graves has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[14]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[15] That Ms. Graves, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability. Such arguments have long been waived. Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

---

[13] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[14] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[15] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022. Plaintiff first claimed innovator liability at the call docket of May 2, 2022.

**(E) Pamela Hubbard-Nickens Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Pamela Hubbard-Nickens filed suit in December 2017 alleging treatment from December 8, 2011 to January 19, 2012, at which time docetaxel products from at least five different NDA holders were on the market. Ms. Hubbard-Nickens names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[16] or (3) allege any claim or theory of innovator liability. Neither has she alleged such facts supporting this type of claim under Illinois law. For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711. Likewise, Ms. Hubbard-Nickens has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[17]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[18] That Ms. Hubbard-Nickens, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability. Such arguments have long been waived. Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

---

[16] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[17] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[18] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022. Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

### (F) Beverly Kuipers Has Failed to Plead Innovator Liability, Waiving Such Claims

Plaintiff Beverly Kuipers filed suit in December 2017 alleging treatment from April 12 to August 26, 2012, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Kuipers names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[19] or (3) allege any claim or theory of innovator liability.  Neither has she alleged such facts supporting this type of claim under Illinois law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*.  *See Dolin*, 62 F. Supp. 3d at 711.  Likewise, Ms. Kuipers has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[20]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[21]  That Ms. Kuipers, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

---

[19] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[20] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[21] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

**(G) Gladys Rodriguez Has Failed to Plead Innovator Liability, Waiving Such Claims**

Plaintiff Gladys Rodriguez filed suit in December 2017 alleging treatment from September 5 to November 28, 2012, at which time docetaxel products from at least five different NDA holders were on the market.  Ms. Rodriguez names five different NDA holders in her Short Form Complaint, which she has never amended to: (1) dismiss any NDA holder, (2) add any ANDA holder,[22] or (3) allege any claim or theory of innovator liability.  Neither has she alleged such facts supporting this type of claim under Illinois law.  For example, Plaintiff has never alleged that the docetaxel product she received was a true generic produced under an ANDA, that the label for the drug she took was the same as that of another, branded drug, or—perhaps most importantly—that the maker of the drug she received cannot be held liable under federal regulations and *Mensing*. *See Dolin*, 62 F. Supp. 3d at 711.  Likewise, Ms. Rodriguez has not pled facts establishing personal jurisdiction over any non-resident defendant whose product labeling was not created, and whose product was not administered to her, in Illinois.[23]

During the four-plus years her claim has been pending, Plaintiff has never before asserted that innovator liability absolved her of CMO 12A obligations.[24]  That Ms. Rodriguez, unlike other Illinois Plaintiffs, has sought product identification unsuccessfully cannot now give rise to new claims of innovator liability.  Such arguments have long been waived.  Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to CMO 12A.

---

[22] Docetaxel ANDA holders such as Dr. Reddy's, Ingenus Pharms, and Mylan Labs are not even named defendant options on Plaintiff's SFC, likely because liability against ANDA holders is precluded for reasons stated above.

[23] *Cf. Henry v. Angelini Pharma, Inc.*, No. 217CV02593, 2020 WL 1532174, at *4 (E.D. Cal. Mar. 31, 2020) (dismissing innovator liability claims for lack of personal jurisdiction over non-resident defendant whose drug the Plaintiff did not take, and whose allegedly tortious labeling conduct took place in New Jersey and Maryland).

[24] Plaintiff was identified as non-compliant with CMO 12A in notices of April 2, September 17, and November 30, 2021, and April 13, 2022.  Plaintiff first claimed innovator liability at the call docket of April 28, 2022.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the claims of the above-named Plaintiffs with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Douglas J. Moore | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Adrienne L. Byard |
| **IRWIN FRITCHIE URQUHART & MOORE LLC** | Jordan Baehr |
| 400 Poydras Street, Suite 2700 | **SHOOK, HARDY & BACON L.L.P.** |
| New Orleans, LA  70130 | 2555 Grand Boulevard |
| Telephone: 504-310-2100 | Kansas City, Missouri 64108 |
| Facsimile:  504-310-2120 | Telephone: 816-474-6550 |
| dmoore@irwinllc.com | Facsimile:  816-421-5547 |
| | hratliff@shb.com |
| | abyard@shb.com |
| | jbaehr@shb.com |

*Counsel for Sanofi Defendants*
*Sanofi US Services Inc. and*
*sanofi-aventis U.S. LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore

11