UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "N" (5) |
| | HON. JANE TRICHE MILAZZO |
| *Candice Broadie v. Sanofi-Aventis U.S. LLC, et al.*, Civil Action No. 2:18-cv-12928 | MAG. JUDGE MICHAEL B. NORTH |

**OPPOSITION TO PLAINTIFF CANDICE BROADIE'S
AMENDED MOTION TO VACATE THE VOLUNTARY DISMISSAL WITH
PREJUDICE WITH RESPECT TO HOSPIRA, INC.**

Plaintiff's Amended Motion (Doc. 14381) should be denied. Plaintiff's original motion (Doc. 14285) sought to vacate the dismissal of Pfizer Inc. Pfizer opposed this motion because Pfizer's docetaxel was not on the market during Plaintiff's dates of treatment, and therefore she could not have received Pfizer's product (Doc. 14299). In tacit acknowledgement of this fact, Plaintiff has amended her motion now to vacate her voluntary dismissal of Hospira, Inc. ("Hospira"), presumably dropping her request to reinstate Pfizer Inc. as a named defendant. Plaintiff's amended motion, however, fares no better than her first. Plaintiff still cannot meet the burden of proof established in CMO12A to prove that she took docetaxel manufactured by Hospira. In addition, her amended motion reflects her concession that Plaintiff has no basis to vacate her dismissal of Pfizer Inc. as a defendant. Thus, to the extent her original motion survives her amendment, it should be deemed withdrawn. Accordingly, Plaintiff's Motion (Doc. 14825) and Amended Motion to Vacate the Voluntary Dismissal (Doc. 14381) with Prejudice should be denied.

**I. PLAINTIFF HAS NOT DEMONSTRATED SHE TOOK HOSPIRA'S DOCETAXEL**

This Court entered Case Management Order No. 12A (Amended Product Identification

Order) on July 24, 2018.  (Doc. No. 3492).  Pursuant to paragraph 6 of the Order, the following information is sufficient to establish the identity of the manufacturer(s) of Plaintiff's docetaxel:

    a.    National Drug Code ("NDC") numbers contained in *a patient's* medical, pharmacy, billing or insurance records; or

    b.    A Statement Regarding chemotherapy Drug Administered ("Statement") identifying the manufacturer(s) or labeler of the drug *administered to Plaintiff* and the correct dates of treatment, certified and signed by an authorized person on behalf of the *patient's infusion pharmacy, treatment facility, or other authorized health care professional, provider, or insurance carrier*.  Such Statement need not be notarized and can be in the form of the Statement attached hereto as Exhibit B.  *An "authorized person" must be an infusion pharmacist or other person who regularly keeps or reviews records of patient treatment in the course of employment by the Plaintiff's infusion facility, medical facility or health insurance company*.

    c.    Medical and/or billing records showing that docetaxel was administered prior to March 8, 2011, is evidence that the docetaxel was manufactured by Sanofi.

*Id.* at 7 (emphases added).

    Plaintiff failed to produce evidence of product identification that complies with any of these provisions.  Instead, Plaintiff produced an email from an employee of AmerisourceBergen Corporation – a wholesale pharmaceutical distributor of medications – containing NDC numbers corresponding to the four manufacturers of the docetaxel that AmerisourceBergen shipped to Plaintiff's infusion facility between March 1, 2010, and January 31, 2013.  *See* Ex. A to Am. Mot. (Doc. 14381-1).  An email from a wholesale distributor concerning sales information about the medications it shipped to a particular facility does not meet the criteria of CMO12A.  *First*, it is not a patient record or the Statement required under that Order.  *Second*, AmerisourceBergen Corporation was clear in the email that it "can only confirm purchases of these NDC numbers and cannot confirm it was administered to any specific patient." *See id*. (emphasis added).  *Third*, the email fails to identify the manufacturer of the docetaxel actually used in Plaintiff's infusions. Thus, Plaintiff's burden of proof – to establish the manufacturer of the docetaxel administered to

Plaintiff – cannot be satisfied.

Plaintiff has not obtained sufficient product identification pursuant to Case Management Order No. 12A and the applicable case law, despite having nearly four years to do so, and her voluntary dismissal of her claims against Hospira was appropriate. Her attempt to revive those claims now is misplaced and should be denied.

Respectfully submitted:

Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 434-5000
Fax: (202) 434-5029
hhubbard@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street, Suite2300
New Orleans, LA 70163
Phone: (504) 858-7000
olinde@chaffe.com
rotolo@chaffe.com

*Counsel for Defendants Hospira, Inc., and Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2022 a copy of the foregoing *Defendant's Opposition to Plaintiff's Amended Motion to Vacate Voluntary Dismissal with Respect to Hospira, Inc.* was filed with the Court via ECF and is deemed served on all counsel of record.

*/s/ John F. Olinde*