# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** |
| | **SECTION "H" (5)** |
| **THIS DOCUMENT RELATES TO ALL CASES** | |

## JOINT REPORT NO. 25 OF LIAISON COUNSEL
## (July 22, 2022)

NOW INTO COURT come Plaintiffs' Co-Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), who respectfully submit this Joint Report No. 25 of Liaison Counsel.

1. **REPORT OF CLAIMS AND CASE INVENTORY**

On October 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") transferred 28 civil action(s) to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL 2740, 2016 WL 5845996 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Since that time, additional actions have been transferred to the Eastern District of Louisiana pursuant to Conditional Transfer Orders of the Judicial Panel on Multidistrict Litigation ("JPML"). On May 16, 2018, the JPML reassigned MDL No. 2740 to the Honorable Judge Jane Triche Milazzo. (Rec. Doc. 2599). As of April 29, 2022, there are approximately 11,643 cases pending in the MDL before the Honorable Jane Triche Milazzo, with approximately 3,936 cases that have been closed, dismissed, or remanded since inception of the MDL.

2. **FEDERAL/STATE COORDINATION**

Related state court proceedings are pending in California, New Jersey, Delaware, and Mississippi.

For the details of the state court proceedings, please refer to Joint Report 22 (Rec. Doc. 12741). This section provides only updates to the extent any information or status of the state court proceedings has occurred since Joint Report 24.

There are two cases in California filed in two different counties. *Klara Ernyes-Kofler, et al. v. Sanofi S.A. et al.* is set for trial before the Honorable Sunil R. Kulkarni in Santa Clara County on March 13, 2023. *Lisa McCallister, et al. v. Sanofi S.A., et al.* is pending in Sacramento County before the Honorable Lauri Damrell. A Case Management Conference will be held on November 3, 2022 in *McCallister*.

As of July 2022, there were 156 cases pending in New Jersey before Judge Bruce Kaplan. Consistent with the efforts in this MDL, the parties and the Court are in the process of addressing cases where plaintiffs lack product identification as to some or all defendants. The parties are in the process of completing Phase II discovery in Sanofi-only bellwether cases. Judge Kaplan's next case management conference is July 27, 2022.

3. **PRETRIAL ORDERS**

A listing of all Pretrial Orders is attached to this Joint Report as Appendix A.25.

The Court has issued the following Pretrial Order (sometimes "PTOs") since the May 3, 2022 Status Conference:

- **Pretrial Order No. 125** (Rec. Doc. 14330) entered May 18, 2022, setting the next general status conference, and lead and liaison meeting for July 22, 2022.

4. **CASE MANAGEMENT ORDERS**

A listing of all Case Management Orders is attached to this Joint Report as Appendix B.25. The Court has issued the following Case Management Orders (sometimes "CMOs") since the May 3, 2022 Status Conference:

- **Case Management Order No. 14N** (Rec. Doc. 14240) entered May 24, 2022, setting the schedule for Trial 1A.

- **Case Management Order No. 34A** (Rec. Doc. 14292) entered June 13, 2022, regarding the status of Wave 1 remand cases.

5. **COUNSEL CONTACT INFORMATION FORM**

For the details of the Counsel Contact Information Form, please refer to Joint Report No. 22 (Rec. Doc. 12741).

6. **MASTER COMPLAINT AND SHORT FORM COMPLAINT**

For the details of the Master Complaint and Short Form Complaint, please refer to Joint Report No. 22. (Rec. Doc. 12741). This section provides only matters which are still open issues. On February 15, 2021, the Court entered Pretrial Order No. 114 (Rec. Doc. 12162), creating and governing the Call Docket process for contested amendments and, alternately, the process for filing *ex parte*/Consent Motions to Amend Short Form Complaints. Plaintiffs' Co-Liaison Counsel provided the Defendants with a chart of the plaintiffs who plan to go forward with seeking leave to amend their complaints. Defendants are in the process of reviewing the 375 cases listed for those that should be placed on the Call Docket for a determination of whether leave should be granted to include the proposed language.

7. **PLAINTIFF AND DEFENDANT FACT SHEETS**

For the details on Pretrial Orders relevant to Plaintiff and Defendant Fact Sheets and compliance therewith, please refer to Joint Report No. 22. (Rec. Doc. 12741). This section provides only updates to certain information since Joint Report 23.

As of July 2022, Plaintiffs have served 11,926 PFSs, and 911 are in progress. Based on the PFSs received as of July 2022, they allege product ID among Defendants as follows: 5,002 – sanofi before March 8, 2011; 1,547 – sanofi after March 8, 2011; 48 – sanofi (unknown treatment date);

1,753 – Hospira; 608 – Sandoz; 442 – Accord; 5 – Actavis; 26 – McKesson; 24 – Sagent; 9 – Sun; 5 – Pfizer; 885 – Unknown; 76 – Blank; 6 – Other (Dr. Reddy's, Eagle, Teva); 233 – Defendant(s) + Unknown; 1,227 – multiple defendants + CMO 12 Upload; 31 – multiple defendants + No CMO 12 Upload.

8. **SERVICE ON DEFENDANTS**

For the details on Service on Defendants, please refer to Joint Report No. 22. (Rec. Doc. 12741). On March 7, 2022, the Court entered Pretrial Order No. 29A updating the email addresses for streamlined service on Accord Healthcare, Inc. (Rec. Doc. 13877).

9. **PRODUCT IDENTIFICATION ORDER**

For general details on the Product Identification Order, please refer to Joint Report No. 22. (Rec. Doc. 12741). This section contains only filings and Orders since Joint Report 23.

On December 16, 2021, this Court entered an Order to Show Cause Regarding CMO 12A Product Identification as to 316 cases (a listing of the cases is attached as Exhibit A to the Order). (Rec. Doc. 13587). The Order set deadlines for these Plaintiffs to obtain Product Identification information consistent with CMO 12A, upload this information to MDL Centrality, and dismiss all Defendants for which there is no Product Identification by March 15, 2022. Additionally, as part of that Order, if Product Identification was not obtained by March 15, 2022, that Plaintiff was required to document all discovery efforts undertaken to obtain Product Identification and inform the Defendants of the efforts by March 15, 2022. Show Cause hearings were held on April 28, 2022, and May 2, 2022. A Minute Entry listing the first cases dismissed with and without prejudice, cases deferred, and cases granted additional time regarding the lack of product identification was entered on April 28, 2022. (Rec. Doc. 14134). A Minute Entry listing additional cases dismissed

with prejudice, cases deferred for briefing on innovator liability, cases rolled over to the next Show Cause, and cases which needed letter briefing was entered on May 2, 2022. (Rec. Doc. 14174).

By Order (Rec. Doc 14228) a Show Cause hearing on the second tranche of cases was held July 12, 2022. A Minute Entry and Order, respectively, lists 138 and 266 cases dismissed with prejudice were entered on July 18, 2022 (Rec. Docs. 14429 and 14430).

### 10. PRESERVATION ORDER

For the details on the Preservation Order, please refer to Joint Report No. 22. (Rec. Doc. 12741).

### 11. PROTECTIVE ORDER

For the details on the Protective Order, please refer to Joint Report No. 22. (Rec. Doc. 12741).

### 12. ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY

For the details of Electronically Stored Information (ESI) Discovery, please refer to Joint Report No. 22. (Rec. Doc. 12741).

### 13. DISCOVERY OF DEFENDANTS AND TRIAL CASE DISCOVERY

For the details of the discovery of the Defendants and trial case discovery, please refer to Joint Report No. 22. (Rec. Doc. 12741).

#### A. Bellwether Trial #1 (*Earnest v. Sanofi*)

Trial of the *Barbara Earnest* matter began on September 16, 2019, and concluded on September 26, 2019, with a jury verdict in favor of Sanofi. (Rec. Doc. 8284). At the close of Ms. Earnest's case on September 24, 2019, Sanofi filed Defendant's Motion For Judgement as a Matter of Law. (Rec. Doc. 8281, 8273, 8274) Judgment consistent with the jury's verdict was entered in favor of Sanofi. (Rec. Doc. 8290). The Court therefore denied Sanofi's directed verdict motion as moot. (Rec. Doc. 9294) On October 12, 2019, Sanofi moved for taxation of costs against Mrs.

Earnest (Rec. Doc. 8340), which motion has been referred to the Clerk of Court for determination (Rec. Doc. 8381). On October 25, 2019, Plaintiff filed a motion for new trial (Rec. Doc. 8394), Sanofi opposed the motion (Rec. Doc. 8600), and the motion was orally argued on December 5, 2019. The Court denied the motion. (Rec. Doc. 9294). Ms. Earnest appealed to the Fifth Circuit Court of Appeals on July 16, 2020. (Fifth Circuit Case No. 20-30184). On February 10, 2022, the Fifth Circuit reversed the district court's judgment and remanded the case. Sanofi filed a Petition for Panel Rehearing on February 24, 2022, which was denied on March 8, 2022. The Case was remanded for further proceedings consistent with the same. Trial in this matter was set for September 26, 2022, with deadlines per CMO 14N. On April 29, 2022, Sanofi filed a Motion for Summary Judgment (Rec. Doc. 14146). That Motion was fully briefed and then argued on June 3, 2022. The Court took the Motion under advisement. A Settlement Conference before Magistrate Judge North in this matter was held on May 18, 2022. (Rec. Doc. 14128). On June 22, 2022, Magistrate Judge North issued an Order of Dismissal, stating that the parties had agreed upon a compromise of the case (Rec. Doc. 14303).

### B. Bellwether Trial #2 (*Kahn v. Sanofi*)

For the details of the *Kahn* bellwether trial, please refer to Joint Report No. 22. (Rec. Doc. 12741). This section contains only filings and Orders entered after Joint Report 23.

Ms. Kahn's jury trial began on November 8, 2021. At the close of Ms. Kahn's case on November 17, 2021, Sanofi filed Defendants' Motion For Judgment as a Matter of Law. (Rec. Doc. 13420). On November 18, 2021, the jury rendered a verdict in favor of Sanofi. (Rec. Doc. 13436). On December 20, 2021, the Court denied Sanofi's directed verdict motion as moot. (Rec. Doc 13597). On December 20, 2021, Ms. Kahn filed a Notice of Appeal. (Rec. Doc. 13599). The Fifth Circuit Court of Appeals docket number is 21-30762.

On May 17, 2022, Ms. Kahn filed a Motion for Relief from Judgment Pursuant to Rule 60(b) (Rec. Doc. 14217). Sanofi filed its Memorandum in Opposition on June 21, 2022 (Rec. Doc.14302). Ms. Kahn filed her Reply on July 5, 2022 (Rec. Doc. 14356). The Fifth Circuit has extended Ms. Kahn's deadline to file her opening appellant brief until 14 days after an indicative ruling is entered in writing by this Court.

C. **Bellwether Trial #3 (Stewart/Sandoz (primary) and Hughes/Accord (alternate))**

For the details of the *Stewart* and *Hughes* cases, please refer to Joint Report No. 22 (Rec. Doc. 12741). Due to the dismissal of the three trial plaintiffs, Ms. Stewart, Ms. Sanford, and Ms. Hughes, there will be no MDL Trial #3.

D. **Bellwether Trial #4 (Sanofi/Mississippi)**

For the details of the Mississippi/Sanofi Bellwether Plaintiffs and scheduled trial, please refer to Joint Report No. 22 (Rec. Doc. 12741). This section contains only events occurring after the entry of Joint Report 22. Due to the dismissal of the three trial plaintiffs, Ms. Willie, Ms. Smith, and Ms. Roach, there will be no MDL Trial #4.

E. **Bellwether Trial No. 5 (Hospira)**

For additional details of the fifth bellwether trial against Hospira, please refer to Joint Report No. 23 (Rec. Doc. 13894). This section contains only filings and orders after Joint Report 23. Due to the dismissal of the two Hospira trial plaintiffs, Ms. Guilbault and Ms. Plaisance, there will be no MDL Trial #5.

14. **MOTION PRACTICE**

For the details of the motion practice by all parties, please refer to Joint Report No. 22 (Rec. Doc. 12741). This section contains only filings and Orders since Joint Report 23.

On July 17, 2020, Sanofi filed a Motion for Entry of an Order Requiring Proof of Diagnosis (Rec. Doc. 10808). On July 21, 2020, the 505(b)(2) defendants joined Sanofi's Motion for Entry of an Order Requiring Proof of Diagnosis. (Rec. Doc. 10818). The Court has deferred briefing on Defendants' motion subject to being re-urged after the third bellwether trial. (Rec. Doc. 10908). Plaintiffs and Sanofi have submitted proposals to the Court on the "next steps" in the MDL since all scheduled bellwether trials are complete. Sanofi's proposal included a Medical Diagnosis Order, which the Plaintiffs opposed. Both Plaintiffs and Sanofi have proposed discovery and remand orders which were discussed with the Court at the Lead and Liaison Counsel conference with the Court on March 8, 2022. The Court made rulings and directed the parties to submit a proposed CMO conforming to those rulings on March 11, 2022. On March 18, 2022, the Court entered Case Management Order 33, setting the procedure for selection, discovery, and remand of Wave One cases. (Rec. Doc. 13946).

On May 24, 2021, the Plaintiffs filed PSC Motion to Preserve Expert Testimony as a step in preparation for a trial package for any Plaintiff to utilize. (Rec. Doc. 12729). Defendants filed an Opposition to Plaintiffs' Motion to Preserve Expert Testimony on June 22, 2021. (Rec. Doc. 12918). The Plaintiffs filed a Reply Memorandum on July 7, 2021 (Rec. Doc. 12983). Judge Milazzo heard the motion on March 8, 2022 (Rec. Doc. 13736). On April 4, 2022, the Court ordered the parties to meet and confer and submit a proposed CMO to the Court. (Rec. Doc. 13981). The parties are in the process of meeting and conferring on a proposed Case Management Order.

On September 17, 2021, the Defendants filed a Motion for Rule to Show Cause Regarding Dismissal of Michigan Plaintiffs listed on Exhibit A based upon the Court's Order and Reasons in *Mixon*, (Rec. Doc 12405). (Rec. Doc. 13271) The Court set the Show Cause Hearing on October

12, 2021, requiring those Plaintiffs on Exhibit A to notify Plaintiffs' Co-Liaison Counsel of any Plaintiff who will not oppose the motion. (Rec. Doc. 13273). The Court issued a Minute Entry dismissing those cases which did not oppose the motion, reserving their rights for appeal to advance all arguments asserted in the *Mixon* opposition and defenses. (Rec. Doc. 13327) For those Plaintiffs who opposed dismissal based on *Mixon,* the Court set a briefing schedule. (Rec. Doc 13343).  Defendants' Motions for Summary Judgment Pursuant to Mixon were filed based on the state's law of New Jersey, Indiana, Oregon, Wisconsin, Illinois and Ohio. (Rec. Docs 13580, 13581, 13582, 13583, 13585.)  The Plaintiffs filed Oppositions. (Rec Docs. 13659, 13662, 13669, 13676, 13678.) The Defendants filed Replies. (Rec. Docs. 13692, 13693, 13694, 13695, 13696, 13697, 13698, 13699.) The issues are under advisement.

On January 28, 2022, the Defendants filed a Motion for Order to Show Cause Regarding Dismissal of Mississippi Plaintiffs listed on Exhibit A to the motion (Rec. Doc. 13746) based upon the Court's Order and Reasons in *Greer* (Rec. Doc. 12057)*,* as well as Order and Reasons entered in *Roach* (Rec. Doc. 12718) and *Smith* (Rec. Doc. 13064)).  The Plaintiffs filed an opposition (Rec. Doc. 13776). The Defendants filed a Reply (Rec. Doc 13835).  On May 18, 2022, the Court granted the Defendants' Motion and ordered the Plaintiffs on Exhibit A to Appear and Show Cause on July 13, 2022 why their respective cases should not be dismissed. The show cause hearing proceeded on July 13, 2022 and following same, a Minute Entry and Order listing, respectively, 89 and 134 cases dismissed with prejudice were entered on July 18, 2022 (Rec. Docs 14431 and 14432).

On November 18, 2021, Defendant Accord Healthcare, Inc. filed a Motion for Summary Judgment on Preemption Grounds in the cases of *Hilda Adams*, *Gloria Cooper*, and *Carol Woodson.*  (Rec. Doc. 13425).  Plaintiffs filed their opposition on December 17, 2021 (Rec. Doc.

9

13595) and Accord filed its reply on December 27, 2021 (Rec. Doc. 13628).  Oral argument was held on February 17, 2022.

On November 19, 2021, Defendant Sandoz Inc. filed a Motion for Summary Judgment on Preemption Grounds in the case of *Arquice Conley*.  (Rec. Doc. 13440).  Plaintiffs filed their opposition on December 17, 2021 (Rec. Doc. 13596) and Sandoz filed its reply on December 23, 2021 (Rec. Doc. 13626).  Oral argument was held on February 17, 2022.

On March 2, 2022, Hospira filed a Motion for Summary Judgment Based on Preemption in the case of *Tina Hickey*. (Rec. Doc. 13857). Plaintiffs filed their opposition on March 31, 2022 (Rec. Doc. 13978) and Hospira filed its reply on April 7, 2022. (Rec. Doc. 13993).  Oral argument was held on April 14, 2022.

These three preemption motions are under advisement.

On January 18, 2022, Accord filed a Motion to Dismiss Plaintiff's Claims for which Service of Process has not been Delivered in the case of *Jeanette Walker*. (Rec. Doc. 13704). Plaintiff filed her opposition on February 1, 2022 (Rec. Doc. 13756) and Accord filed its motion for leave to file a reply on February 8, 2022. (Rec. Doc. 13772).

On February 11, 2022, Accord filed a Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process in the case of *Carolyn Howard*.  (Rec. Doc. 13782).  Plaintiff filed her opposition on February 28, 2022 (Rec. Doc. 13849) and Accord filed its reply on March 10, 2022.  (Rec. Doc. 13907).

On February 11, 2022, Accord filed a Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process in the case of *Connie Semeniuk*.  (Rec. Doc. 13781).  Plaintiff filed her opposition on February 28, 2022 (Rec. Doc. 13848) and Accord filed its reply on March 10, 2022.  (Rec. Doc. 13902).

On February 15, 2022, Accord filed a Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process in the case of *Jewel Jones*. (Rec. Doc. 13802). Plaintiff filed her opposition on February 28, 2022 (Rec. Doc. 13847) and Accord filed its reply on March 10, 2022. (Rec. Doc. 13900).

## 15. REMANDS

Case Management Order No. 33 governs the method of selection and discovery for 200 cases comprising Wave 1 of remands. (Rec. Doc. 13946). One hundred cases were randomly selected and the Plaintiffs and Sanofi each selected 50. Case Management Order 34 listed the 200 cases. (Rec. Doc. 14045).

The parties thereafter evaluated the 200 cases for eligibility under CMO 33. Hearing of the matters remaining in dispute on June 3, 2022, resulted in 119 cases proceeding with Wave 1 discovery, subject to certain deadlines. (Rec. Doc. 14292). After a two (2) week deadline for updated PFSs, which concluded on June 17, 2022 (*id.*), 114 cases remain proceeding with Wave 1 discovery. The parties will submit to the Court a proposed CMO 34B, reflecting the current status of cases proceeding or not with Wave 1 discovery. The parties will be prepared to generally discuss certain discovery disputes regarding individual case issues for those cases proceeding in Wave 1 at the July 22, 2022, lead and liaison counsel conference; however, the PSC requests a separate hearing for individual Plaintiffs' counsel to appear and address Sanofi's challenges.

As for the cases proceeding in Wave 1, no written discovery is allowed absent leave of Court, and up to four depositions shall be allowed (Plaintiffs, Prescriber, Treater, and Sales Representative). Depositions must be complete seven months after June 3, 2022. *See* CMO 34A. At the close of discovery, the Court shall promptly enter a suggestion of remand of those remaining cases to the appropriate venue for trial.

After meeting and conferring, the parties will submit to the Court a proposed CMO 34B, reflecting the current status of cases proceeding or not with Wave 1 discovery.

### 16. SPECIAL MASTER FOR PLAINTIFFS' TIME AND EXPENSES

For the details of the Special Master's review of time and expenses submitted by common benefit counsel please refer to Joint Report No. 22. (Rec. Doc. 12741).

### 17. NEXT STATUS CONFERENCE

The next General Status Conference and meeting of Lead and Liaison Counsel will be scheduled by agreement of the Court and counsel. The Court will set up a telephone conference line for the status conference. To join the status conference by telephone please use the call-in information on the Court's website under the tab "Upcoming Events."

Respectfully submitted:

*/s/Dawn M. Barrios*
Dawn M. Barrios (#2821)
**Barrios, Kingsdorf & Casteix, LLP**
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Telephone: 504-524-3300
Facsimile: 504-524-3313
E-Mail: barrios@bkc-law.com

***Plaintiffs' Co-Liaison Counsel***

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
**Gainsburgh Benjamin David Meunier & Warshauer, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: 504-522-2304
Facsimile: 504-528-9973
E-Mail: plambert@gainsben.com

***Plaintiffs' Co-Liaison Counsel***

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700 New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
E-Mail: dmoore@irwinllc.com

***Sanofi Defendants' Liaison Counsel***

*/s/ John F. Olinde*
John F. Olinde (Bar No. 1515)
**CHAFFE MCCALL, L.L.P.**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-585-7000
Facsimile: 504-585-7075
E-Mail: olinde@chaffe.com

***505(b)(2) Defendants' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Dawn M. Barrios*