```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*************************************************************
IN RE:   TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                           Civil Action No. 16-MD-2740
                           Section "H"(5)
                           New Orleans, Louisiana
                           July 22, 2022

THIS DOCUMENT RELATES TO ALL CASES
*************************************************************

           TRANSCRIPT OF GENERAL STATUS CONFERENCE
       HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

                      MATTHEW PALMER LAMBERT
                      GAINSBURGH BENJAMIN DAVID MEUNIER
                      & WARSHAUER
                      1100 POYDRAS STREET
                      SUITE 2800
                      NEW ORLEANS, LA 70163

                      CHRISTOPHER COFFIN
                      PENDLEY BAUDIN & COFFIN
                      1515 POYDRAS STREET
                      NEW ORLEANS, LA 70112

                      KAREN BARTH MENZIES
                      GIBBS LAW GROUP
                      400 CONTINENTAL BOULEVARD
                      EL SUGUNDO, CA 90245

                      CHRISTOPHER ELLIOTT
                      BACHUS & SCHANKER
                      1899 WYNKOOP STREET
                      SUITE 700
                      DENVER, CO 80202
```

```
FOR SANOFI S.A.:

                    HARLEY V. RATLIFF
                    ADRIENNE L. BYARD
                    SHOOK HARDY & BACON
                    2555 GRAND BOULEVARD
                    KANSAS CITY, MS 64108

                    DOUGLAS MOORE
                    KELLY E. BRILLEAUX
                    IRWIN FRITCHIE URQUHART & MOORE
                    400 POYDRAS STREET
                    SUITE 2700
                    NEW ORLEANS, LA 70130.


FOR HOSPIRA, INC., HOSPIRA WORLDWIDE, LLC,
FORMERLY DOING BUSINESS AS HOSPIRA WORLDWIDE, INC.,
AND PFIZER, INC.:

                    JOHN F. OLINDE
                    CHAFFE MCCALL
                    1100 POYDRAS STREET
                    SUITE 2300
                    NEW ORLEANS, LA 70163

FOR ACTAVIS PHARMA, INC.:

                    MICHAEL J. SUFFERN
                    ULMER & BERNE
                    600 VINE STREET
                    SUITE 2800
                    CINCINNATI, OH 45202

FOR ACCORD HEALTHCARE, INC.:

                    JULIE CALLSEN
                    TUCKER ELLIS
                    950 MAIN AVENUE
                    SUITE 1100
                    CLEVELAND, OH 44113

FOR SUN PHARMACEUTICAL:

                    GEOFFREY M. COAN
                    HINSHAW & CULBERTSON, LLP
                    28 STATE STREET
                    FLOOR 24
                    BOSTON, MA 02109
```

```
Official Court Reporter:     Nichelle N. Wheeler, RPR, CRR
                             500 Poydras Street, B-275
                             New Orleans, Louisiana 70130
                             (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

**P R O C E E D I N G S**

1
2              (Call to order of the court.)
3         THE COURT: You may proceed.
4         MR. LAMBERT: Good morning, Your Honor. Yes, Palmer
5    Lambert from Gainsburgh Benjamin, co-liaison counsel for
6    plaintiffs here to present Joint Report No. 25 of Liaison
7    Counsel.
8         And for those of you on the phone or in the courtroom
9    really, the document number that was filed this morning is
10   14440 if you want to follow along.
11        Just a couple of preliminary things, yesterday the
12   settlement committees met with Your Honor, and Your Honor has
13   given some direction to those settlement committees and tasks
14   to do and deadlines, and those committees will be doing those
15   things consistent with what they were directed.
16        Second, we met this morning, lead and liaison
17   counsel. There were some issues related to Wave 1 that are
18   pertinent to some counsel who are probably listening on the
19   phone, and just very briefly, we discussed the duration of
20   authorizations and the court indicated that three years prior
21   to the cancer diagnosis was fair game for HIPAA
22   authorization, and if there was a prior cancer, three years
23   before that.
24        And then if defense counsel wants to add anything, it
25   certainly can.

1  MS. BYARD:  No comment.
2  MR. LAMBERT:  Okay.  With regard to issues related to
3  no records of chemotherapy or oncologists and with regard to
4  whether or not the physician is deceased or living, those
5  issues Your Honor has deferred to the transferor court.
6  With regard to photographs --
7  MS. BYARD: Sorry.  On that, Palmer, my understanding
8  was that there was direction that counsel could confer,
9  individual counsel and defense counsel could continue to
10 confer, on those issues about whether they're appropriate to
11 proceed with discovery.
12 MR. LAMBERT:  Okay.  Thank you, Ms. Byard.
13 THE COURT:  I'm ordering the parties to confer, but
14 this court is not going to make a determination as to the
15 proceeding and that will be handled by the transferor court
16 if they're not able to come to some resolution with counsel.
17 MR. LAMBERT:  Thank you, Judge.
18 And the fourth issue was related to the production of
19 photographs, and Your Honor has directed leadership to
20 discuss with counsel the photo obligations of this process.
21 And, finally, just before I get into the Joint
22 Report, I think I speak for both or for all parties, we
23 really appreciate Ms. Flanders' help in this MDL and this
24 will probably be her last general status conference.
25 So we thank you for making our lives easier.

**1**      Okay. Joint Report starts with Section 1, Report of
**2**  Claims and Case Inventory. As of this date, there are
**3**  approximately 11,643 cases pending in the MDL with
**4**  approximately 3,936 cases that have been closed, dismissed,
**5**  or remanded since its inception.
**6**      Section 2 of the Joint Report is Federal/State
**7**  Coordination. There are remaining cases pending in
**8**  California, New Jersey, Delaware, and Mississippi. This
**9**  report is largely unchanged, but I will just mention that the
**10** *Ernyes-Kofler* case in Santa Clara County is set for trial on
**11** March the 13th of next year. And in New Jersey, Judge Bruce
**12** Kaplan is handling the multi-county litigation. There are
**13** 156 cases pending there, and the next status conference is
**14** next week, July 27th.
**15**     Section 3, Pretrial Orders, the only new pretrial
**16** order since our last conference is No. 125 setting today's
**17** conference.
**18**     Case Management Orders, there were two since the last
**19** hearing. That's 14N setting the schedule for Trial 1A and
**20** Case Management Order No. 34A regarding the status of Remand
**21** 1 cases, Wave 1 cases. We'll talk about Trial 1A later on in
**22** this report.
**23**     No. 5, Counsel Contact Form, there's no change to
**24** this section. Please complete it if you haven't.
**25**     No. 6, Master Complaint, Short Form Complaint,

1  there's no change to this section.

2  No. 7, Plaintiff and Defendant Fact Sheets, I won't
3  read into the record the numbers, but the parties,
4  particularly defendants, have updated the numbers of cases,
5  plaintiff fact sheets per defendant in that section.

6  Section No. 8, Service on Defendants, this section is
7  unchanged, but I do want to remind counsel of the revised
8  pretrial order related to streamlined service on Accord.
9  That's Record Document 13877.

10  And we also discussed some pending motion practice
11  related to failure of counsel to serve defendants and the
12  Court will be entering an order that all counsel have until
13  August 31, 2022, to correct any service issues in their
14  cases.

15  THE COURT:  All right.  I want to speak to that just
16  briefly.  And I want plaintiffs' counsel to understand that
17  it is the obligation of the plaintiff to properly serve and
18  you should not anticipate some notice coming from a defendant
19  to say, oh, by the way, I have not been served.  It's not the
20  defendant's obligation to search through plaintiff fact
21  sheets to determine if they are indeed a defendant.  And so I
22  am -- this is an obligation of the plaintiff and the
23  plaintiff only, and I will give you until August 31st to
24  verify proper service.

25  MR. LAMBERT:  Thank you, Judge.  And if anybody has

1  any questions as to the pertinent streamlined service orders,
2  please get in touch with me or Dawn and we can help you.
3              Section 9, Product Identification Order, not much of
4  this section has changed although the first CMO 12A hearing
5  occurred in April, and then there was another one recently
6  last week.  And there were some dismissals of cases where
7  plaintiffs failed to produce product identification.  The
8  next CMO 12A hearing is set for September 13, 2022.
9              Section 10 regarding Preservation Order and No. 11,
10 Protective Order, those sections are unchanged as is
11 Section 12 on ESI.
12             Section 13, Discovery of Defendants and Trial Case
13 Discovery, this is what I mentioned earlier.  The first
14 bellwether trial, *Barbara Earnest*, was reversed by the Fifth
15 Circuit.  The Court entertained summary judgment briefing
16 post-remand from the Fifth Circuit, and there were settlement
17 discussions that proceeded before Magistrate Judge North
18 which turned out to be successful and that case has been
19 dismissed based on the parties' compromise.
20             Section B of this section is related to the second
21 bellwether trial of *Kahn* and the only update to that section
22 is that the plaintiff's motion for relief from judgment
23 pursuant to Rule 60(b) has now been set for hearing.  Oral
24 argument will proceed on August the 26th.  The Fifth Circuit
25 has extended Ms. Kahn's deadline to file her opening brief

1  until 14 days after the court's determination on that motion.

2  Subsection C, D, and E related to the bellwether
3  trials, 3, 4, and 5, are unchanged from the prior report.

4  Section 14 regarding Motion Practice also is largely
5  unchanged.  There were choice of law briefing submitted
6  related to the *Mixon* Michigan issues as well as the
7  Mississippi statute of limitation issues related to the *Greer*
8  matter and the court has indicated this morning to us that
9  those choice of law matters will be deferred to the
10 transferor courts.

11 THE COURT:  That's correct.  Maybe we should include
12 at this point -- but on some of those cases, there's a
13 question as to venue, and I'm going to defer that until a
14 later date because we are going to have to address those
15 matters as to where the courts -- those cases will be
16 transferred, the venue to which those cases will be
17 transferred.

18 MR. LAMBERT:  Thank you, Judge, for that
19 clarification.  Appreciate that.

20 And, lastly, there are preemption motions pending
21 filed by Sandoz, Accord, and Hospira, and those motions are
22 fully briefed, orally argued, and under advisement by the
23 Court.

24 There are also -- I shouldn't have said finally.
25 There are also a few motions to dismiss based on untimely

1   service of process and based on our prior discussion about
2   the August 31st deadline.  Those will be addressed, hopefully
3   cured, by that deadline.
4        Section 15 regarding Remands, this section was
5   discussed in quite some detail today in lead liaison meeting.
6   Just a brief summary, there remain 114 cases proceeding with
7   Wave 1 discovery pursuant to Case Management Order No. 33,
8   and the deadline to complete the limited discovery that's set
9   forth in CMO 33 is January 3rd of next year by the parties'
10  agreement.
11       Section 16 regarding Special Master For Plaintiffs'
12  Time and Expenses is unchanged.  And the next status
13  conferences will be set on September 14th.  That will be lead
14  liaison and general status conferences.
15       Unless Your Honor or anybody has questions, that's
16  the conclusion of the report.
17       THE COURT:  Anything, Mr. Moore?
18       MR. MOORE:  Good morning, Doug Moore on behalf of
19  Sanofi.  We have nothing to add to the report by Mr. Palmer.
20       THE COURT:  Thank you.
21       Anything further?  Mr. Olinde?
22       MR. OLINDE:  Your Honor, for the 505(b)(2), of
23  course, we join in thanking you for doing a wonderful job and
24  we are sorry to have you go.
25       THE COURT:  I am too.

1          Thank you.

2          Anything further?  Court's adjourned.

3                         * * * *

4          (WHEREUPON, the proceedings were adjourned.)

5                         * * * *

6                   REPORTER'S CERTIFICATE

7          I, Nichelle N. Wheeler, RMR, CRR, Official Court
Reporter, United States District Court, Eastern District of
8  Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and
9  understanding, from the record of the proceedings in the
above-entitled and numbered matter.

10

11                       /s/ Nichelle N. Wheeler
                         Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25