UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Jeanette Walker, 16-17173 | ) ) ) | |

**ORDER AND REASONS**

Before the Court is Defendant Accord Healthcare, Inc.'s Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered (Doc. 13704). For the following reasons, the Motion is **DENIED.**

**BACKGROUND**

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

Plaintiff Jeanette Walker filed her initial Complaint in this MDL on December 12, 2016. The Complaint named multiple defendants, including Accord. On May 18, 2017, pursuant to Pretrial Orders 15 and 37, Plaintiff filed her Short Form Complaint, naming Sanofi S.A., Sanofi U.S. Services, Inc.,

---

[1] Docetaxel is the generic version of Taxotere.

McKesson Corporation, and Accord. More than a year later, on May 30, 2018, Plaintiff uploaded to MDL Centrality an Amended Plaintiff Fact Sheet, identifying Accord as the manufacturer of the docetaxel that she was administered. And on July 9, 2018, Plaintiff voluntarily dismissed all defendants except McKesson Corporation and Accord.

On January 18, 2022, Accord filed the instant Motion, seeking the dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to serve the Complaint within 90 days after filing, as required by Federal Rule of Civil Procedure 4(m). The very next day, and more than five years after Plaintiff filed her initial Complaint, Plaintiff served Accord with a summons and a copy of the Complaint. Plaintiff opposes Accord's Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[2] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is on the plaintiff to show good cause as to why service was not effected timely,[3] and the plaintiff must demonstrate "at least as much as

---

[2] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).
[3] McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993).

2

would be required to show excusable neglect."[4] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[5]

If the claims being dismissed without prejudice for failure to comply with Rule 4(m) would be time-barred by limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). A dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice."[6]

## LAW AND ANALYSIS

Accord contends that Plaintiff's claims against it should be dismissed because Plaintiff failed to serve Accord within the required 90-day period and cannot demonstrate good cause for her delay. Accord argues that, at best, Plaintiff's failure to serve Accord constitutes mistake, and mistake for more than five years cannot constitute good cause. Plaintiff does not even attempt to establish good cause. Rather, Plaintiff responds by asserting that she has now served Accord in accordance with Pretrial Order 29.[7] Next, Plaintiff argues that because her case would be time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice.

---

[4] Gartin v. Par Pharmaceutical Cos. Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[5] *See* FED. R. CIV. P. 4(m) (requiring that a court must extend the time for service if good cause is shown); Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[6] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[7] Pretrial Order No. 29 governs the streamlined service of process for Accord. *See* Rec. Doc. 303. It provides that Accord agreed to waive formal service and to accept service by electronic mail ("email"). *Id.* The email must contain the Complaint and Summons and must be served in accordance with the time periods set forth in PTO 29. *Id.* Any failure to serve the Complaint within the time periods contained therein is subject to the standards governing Federal Rule of Civil Procedure 4(m). *Id.*

Applying that more stringent standard, Plaintiff maintains that Accord's Motion should be denied.

As discussed, this Court has the discretionary power under Rule 4(m) to extend the time for service even if good cause is lacking.[8] And the Fifth Circuit has agreed that such relief is warranted "if the applicable statute of limitations would bar the refiled action."[9] The Fifth Circuit has also agreed, however, that the "inability to refile suit does not bar dismissal."[10] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[11]

For the reasons that follow, this Court finds that there is no clear record of delay or contumacious conduct. In addressing delay, the Fifth Circuit has explained that dismissal with prejudice is reserved for cases "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits."[12] Although the delay in effecting service was indeed lengthy, it has not threatened the integrity of the judicial process. Plaintiff's case is in the same or substantially similar stasis as the thousands of other non-bellwether plaintiffs in this MDL.

Likewise, the record does not establish that Plaintiff's failure to effect service was the result of contumacious conduct. "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably

---

[8] *See Newby*, 284 F. App'x at 149.
[9] *Id.* (citing Fed.R.Civ.P. 4(m) advisory committee's note (1993)).
[10] *Id.* at 150. (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).
[11] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).
[12] Millan v. USAA General Indem. Co., 546 F.3d 321, 327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321).

4

exasperating—that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice."[13] Put differently, it is a party's "willful disobedience of a court order."[14] There is no record of such conduct here. Rather, the evidence reveals that one day after first receiving notice of her failure to effect timely service on Accord, Plaintiff attempted to serve Accord pursuant to Pretrial Order 29.

Because there is no clear record of delay or contumacious conduct, the circumstances of this case do not justify dismissal with prejudice. This Court will, therefore, exercise its discretion under Rule 4(m) and extend the time for service *nunc pro tunc* to January 19, 2022.

## CONCLUSION

Accordingly, for the foregoing reasons, Accord's Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered (Doc. 13704) is **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Id.* (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).
[14] In re Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).