UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Connie Semeniuk, 16-17512 Carolyn Howard, 16-17208 Jewel Jones, 16-17136 | ) ) ) ) ) | |

## ORDER AND REASONS

Before the Court are three motions filed by Defendant Accord Healthcare, Inc., each titled Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process (Docs. 13781, 13782, & 13802). For the following reasons, the Motions are **DENIED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

---

[1] Docetaxel is the generic version of Taxotere.

Accord's three motions are related to the individual cases of Plaintiffs Connie Semeniuk, Carolyn Howard, and Jewel Jones, respectively. Each of the Plaintiffs individually filed a Long Form Complaint in December 2016 and filed a Short Form Complaint in May 2017.[2] Plaintiffs' Complaints named multiple defendants, including Accord. On January 18, 2022, Accord filed a motion to dismiss a separate plaintiff's case based on that plaintiff's failure to effect service of process. Counsel for the instant Plaintiffs then became aware of their failure to effect service, and each of the Plaintiffs served Accord on January 31, 2022. Accord then filed the present Motions pursuant to Federal Rule of Civil Procedure 12(b)(5), seeking the dismissal of Plaintiffs' claims for failure to timely effect service on Accord.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[3] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.

---

[2] Plaintiff Semeniuk filed her Long Form Complaint on December 15, 2016, and her Short Form Complaint on May 30, 2017. *See* Doc. 13781-1 at 1. Plaintiff Howard filed her Long Form Complaint on December 12, 2016, and her Short Form Complaint on May 29, 2017. *See* Doc. 13782-1 at 1. Plaintiff Jones filed her Long Form Complaint on December 12, 2019, and her Short Form Complaint on May 31, 2017. *See* Doc. 13802-1 at 1.

[3] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).

2

The burden is on the plaintiff to show good cause as to why service was not effected timely,[4] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect."[5] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[6]

If the claims being dismissed without prejudice for failure to comply with Rule 4(m) would be time-barred by limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). A dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice."[7]

## LAW AND ANALYSIS

Accord contends that Plaintiffs' claims against it should be dismissed because Plaintiffs failed to serve Accord within the required 90-day period and cannot demonstrate good cause for their delay. Plaintiffs do not even attempt to establish good cause. Rather, each Plaintiff responds by asserting that because her case would be time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice. Applying that more stringent standard, each Plaintiff maintains that Accord's Motion against her should be denied because the record demonstrates inadvertence, not clear delay or contumacious conduct.

As discussed, this Court has the discretionary power under Rule 4(m) to

---

[4] McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993).
[5] Gartin v. Par Pharmaceutical Cos. Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[6] *See* FED. R. CIV. P. 4(m) (requiring that a court must extend the time for service if good cause is shown); Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[7] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

extend the time for service even when good cause is lacking.[8] And the Fifth Circuit has agreed that such relief is warranted "if the applicable statute of limitations would bar the refiled action."[9] The Fifth Circuit has also agreed, however, that the "inability to refile suit does not bar dismissal."[10] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[11] For the reasons that follow, this Court finds that there is no clear record of delay or contumacious conduct by Plaintiffs. Accordingly, dismissal with prejudice is not warranted, and the Court will extend the time to effect service *nunc pro tunc*.

In addressing delay, the Fifth Circuit has explained that dismissal with prejudice is reserved for cases "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits."[12] Although the delay in effecting service was indeed lengthy, it has not threatened the integrity of the judicial process. Each Plaintiffs' case is in the same or substantially similar stasis as the thousands of other non-bellwether plaintiffs in this MDL.

Likewise, the record does not establish that Plaintiffs' failure to effect service was the result of contumacious conduct. "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is the stubborn

---

[8] *See Newby*, 284 F. App'x at 149.
[9] *Id.* (citing Fed.R.Civ.P. 4(m) advisory committee's note (1993)).
[10] *Id.* at 150. (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).
[11] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).
[12] Millan v. USAA General Indem. Co., 546 F.3d 321, 327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321).

4

resistance to authority which justifies a dismissal with prejudice."[13] Put differently, it is a party's "willful disobedience of a court order."[14] There is no record of such conduct here. Rather, the evidence reveals that Plaintiffs discovered the deficiency on their own and cured it without the Court's involvement.

Because there is no clear record of delay or contumacious conduct, the circumstances of these cases do not justify dismissal with prejudice. This Court will, therefore, exercise its discretion under Rule 4(m) and extend the time for service *nunc pro tunc* to January 31, 2022.

## CONCLUSION

Accordingly, for the foregoing reasons, Accord's motions to dismiss (Docs. 13781, 13782, & 13802), are **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[13] *Id.* (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).
[14] In re Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).