**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)               MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

                                         **SECTION "H" (5)**
THIS DOCUMENT RELATES TO:
ALL CASES

**MEMORANDUM IN SUPPORT OF THE PSC'S MOTION**
**TO MODIFY PRETRIAL ORDER NO. 19**

MAY IT PLEASE THE COURT:

The PSC requests that the Court modify Pretrial Order No. 19 ("PTO 19") (R. Doc. 262) to increase the holdback for common benefit attorneys' fees and costs on any case's resolution subject to assessment by the terms of PTO 19.  PTO 19 sets initial assessment amounts at the outset of this litigation, and the Order contemplated the potential need for adjustment by allowing alteration "upon further orders of the Court."  As such, and considering the resources expended over five (5) years since the initial assessment percentages were set, the PSC submits that an increase in common benefit attorneys' fees and costs holdback under PTO 19 is appropriate for the reasons set forth in this memorandum.

    I.      **Introduction**

As the Court is well aware, MDL 2740 commenced by transfer order dated October 4, 2016 by the Judicial Panel on Multi District Litigation (JPML).  On November 17, 2016, this Court appointed certain attorneys to the PSC, and these attorneys assumed the role of advancing this litigation on behalf of all of the Plaintiffs' claims in the MDL.  *See* PTO 2, R. Doc. 104.  The Court entered PTO 19 on February 23, 2017, approximately three months

1

after the appointment of the PSC.  Over the more than five-year pendency of this MDL 2740, the PSC has engaged in intense and extensive discovery, including millions of pages of documents exchanged and reviewed, numerous depositions taken and defended, expert discovery, *Daubert* motions (including oral argument and rulings on the same), selection of bellwethers, summary judgment motions (including oral argument and rulings on the same), bellwether trial preparations, motions *in limine* (including oral argument and rulings on the same), two bellwether trials to verdict, appeals, and most recently beginning the process of preserving general causation and regulatory experts' opinions for cases selected in a wave remand process and those remanded. The PSC also has coordinated with the Court and counsel on several common pretrial issues, helped establish, organize and participate in numerous show cause proceedings, kept the Court advised about the state court litigation, prepared and sent more than 300 emails to counsel to advise of MDL developments, responded to all inquiries by individual counsel, and met and conferred with defendants almost every week since this MDL's inception. The PSC anticipates there remains a substantial amount of common benefit work necessary to conclude this MDL, including, but not limited to, assisting counsel through the wave remand process, preparing a trial package with preserved general expert testimony, assisting counsel with the remaining show cause proceedings, and, if a resolution is reached, working with a settlement special master to both establish rules for and implement a settlement process.

As noted above, while substantial general discovery, motion practice and bellwether stage work has already taken place to advance the MDL, there remains significant work needed to coordinate the remand process, prepare a trial package for cases selected for case-specific work for remand, and to negotiate, if possible, global resolution.  To this end, the

PSC respectfully submits that it is prudent at this time to modify PTO 19 to increase the holdback for common benefit attorneys' fees from a 6% holdback on the Gross Monetary Recovery to a 15% holdback on the Gross Monetary Recovery and to increase the holdback for common benefit costs from a 2% holdback on the Gross Monetary Recovery to a 4.75% holdback on the Gross Monetary Recovery.

Given the substantial amount of work performed to date by common benefit counsel, and the significant additional work that is anticipated to be required prior to conclusion of this MDL, the PSC anticipates that the initial assessment amounts will be insufficient for the fair and equitable compensating common benefit counsel and sharing of the costs of services performed by attorneys acting for the common benefit of all Plaintiffs.  PTO 19 specifically authorizes the modification of the initial assessment holdbacks. The Order expressly indicated it was not a final determination of common benefit fees or expenses to be withheld since very little MDL work had been done at the time of its entry, and its terms contemplated modification of the initial assessment amounts if supported by the extent and quality of the common benefit work and applicable jurisprudence.

II.     **The extent and quality of the common benefit work justifies an increased holdback for common benefit attorneys' fees and costs.**

Given the significant amount of time and effort already committed to this litigation over the last five years, and the substantial pretrial, motion, trial, and remand work that has comprised this MDL, the PSC is concerned that the initial assessment holdbacks will be inadequate to reasonably compensate the attorneys who have both committed to vigorously prosecuting these cases, contributed substantially to the MDL, and financed the prosecution of the MDL.

The Court has independent knowledge of the vast common benefit work performed and significant resources invested by the PSC both due to the mature stage of these proceedings and through reports from Special Master Kenneth DeJean. The PSC emphasizes its development of proof of liability through discovery, its defense to a variety of pleadings filed by defendants, including fence post/notice, warnings causation, preemption, and statute of limitations, and its prosecution of multiple appeals to the Fifth Circuit. The Court also has observed the PSC's laborious pursuit to assist individual counsel with the uniquely difficult process of identifying the manufacturers of Taxotere (docetaxel) infusions, assisting counsel with issues related to completion of a PFS of approximately 72 pages, guiding counsel on deficiency/ESI issues, and keeping counsel up-to-date with the litigation and its over 158 pretrial and case management Orders. In addition, the Court recently granted the PSC's motion to preserve general expert testimony as part of its preparation of a trial package for remanded cases that will be accessible by all participating plaintiffs' counsel. *See* R. Doc. 13981.

Accordingly, the PSC respectfully submits that the proposed adjustment to the common benefit assessment is necessary and appropriate to ensure fair and reasonable compensation for common benefits attorneys' fees and costs incurred to date and going forward to complete all MDL work.

### III.   The Court has the authority to modify the holdback and the requested holdback is consistent with assessments in other MDLs.

The Court derives its authority to modify the holdback amounts both from the contractual agreement and from substantial judicial precedent that is supported by principles of equity, common fund, quantum merit, and the Court's inherent managerial authority. *See*

*In re Vioxx Prod. Liab. Litig.*, 760 F. Supp. 2d 640, 649 (E.D. La. 2010).[1,2]  Furthermore, the Court explicitly provided that holdbacks described in PTO 19 were initial assessments subject to modification if warranted.

In *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, the court allowed the assessment for common benefit attorneys' fees to be increased from 2% to 14.38%.  MDL 1708, 2008 WL 682174 (D. Minn. Mar. 7, 2008), *amended in part*, MDL 1708, 2008 WL 3896006 (D. Minn. Aug. 21, 2008).  The 15% holdback for common benefit attorneys' fees and 4.75% holdback for costs requested here is comparable to fee and cost assessments in other MDLs.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, MDL 1873, Order, Sept. 27, 2012 (E.D. La.) (14.25% fee assessment and 19.5% cost assessment); *Turner, et al v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830 (E.D. La. 2007) (17% fee assessment); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, MDL 2592, Order and Reasons, March 23, 2020 (E.D. La) (12% fee assessment and 2.75% cost assessment); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, MDL 1014, 1996 WL 900349 at *4 (E.D. Pa. June 17, 1996) (17% assessment: 12% fees / 5% costs); *In re NuvaRing® Prod. Liab. Litig.*, MDL 1964, Amended CMO 3, Dec. 9, 2011 (E.D. Mo) (11% fee assessment and 4.5% cost assessment); *In re Tylenol (Acetaminophen) Marketing, Sales Practices and Prod. Liab. Litig.*, MDL No. 2436, Order Granting the PSC's Motion to Modify CMO 12 to Increase the Percentage Holdback to be Paid Into the *Tylenol MDL 2436 Common Benefit Account*, Feb. 21, 2017 (E.D. Pa.) (19% assessment: 10% fees / 9% costs); *In re Bair Hugger Forced Air*

---

[1] In the *In re Vioxx Prod. Liab. Litig.*, the court cited the *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, and noted "the Court's equitable and managerial authority and duty to award fair common benefit fees or to adjust contingent fees" that existed independent of any contractual agreement.  760 F. Supp. 2d at 649 n. 15.

[2] Ex. A to PTO 19.

*Warming Devices Prod. Liab. Litig.*, MDL No. 2666, PTO No. 9 Establishing Common Benefit Fee and Expense Funds, May 24, 2016 (D. Minn.) (12% assessment: 10% fees / 2% costs, increased to 18% assessment: 16% fees / 2% costs for late signing of participation agreement); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, MDL No. 2545, Corrected CMO No. 16, Nov. 25, 2014 (N.D. Ill.) (10% assessment: 8% fees / 2% costs, increased to 18% assessment: 16% fees / 2% costs for failure to sign participation agreement within specified timeframe).

While the percentage holdback should be informed by the facts and circumstances of this particular case, the PSC's requested increase to a 15% assessment holdback for common benefit attorneys' fees and 4.75% assessment holdback for common benefit costs, is both comparable to and consistent with previous MDL assessments, as well as justified by the work performed and expenses incurred over nearly six years of litigation.  Furthermore, the holdback modification is not an award or adjudication of final assessment percentages; rather, the proposed increased assessment percentages remain holdbacks subject to further evaluation by the Court.

## IV.    Conclusion

The extensive work and expense advanced to date by common benefit counsel, as well as the additional work anticipated to complete the MDL, supports an increase in the common benefit assessment.  The Court has the authority to modify its previous order requiring that the defendants set aside a holdback for common benefit fees and expenses. The proposed amended holdback assessment percentages are in line with similar MDLs and are appropriate and warranted here given the substantial work and commitment contributed by the PSC over the past five and a half years.

As such, the PSC respectfully requests that the Court, after due notice and an opportunity for counsel to object is provided and for the Court to hear arguments on objections, in any, enter the attached proposed PTO 19A modifying the common benefit attorneys' fee and costs holdback to 15% and 4.75%, respectively, of any Gross Monetary Recovery.

Dated: September 6, 2022                              Respectfully submitted,

/s/ Christopher L. Coffin                             /s/ Karen B. Menzies
Christopher L. Coffin (#27902)                       Karen Barth Menzies (CA Bar #180234)
PENDLEY, BAUDIN & COFFIN, L.L.P.                     GIBBS LAW GROUP LLP
1100 Poydras Street, Suite 2225                      6701 Center Drive West, Suite 1400
New Orleans, Louisiana 70163                         Los Angeles, California 90045
Phone: (504) 355-0086                                Telephone: 510-350-9700
Fax: (504) 355-0089                                  Facsimile: 510-350-9701
ccoffin@pbclawfirm.com                               kbm@classlawgroup.com

Plaintiffs' Co-Lead Counsel                          Plaintiffs' Co-Lead Counsel

/s/M. Palmer Lambert                                 /s/Dawn M. Barrios
M. Palmer Lambert (#33228)                           Dawn M. Barrios (#2821)
GAINSBURGH BENJAMIN DAVID                            BARRIOS, KINGSDORF & CASTEIX, LLP
MEUNIER & WARSHAUER, LLC                             701 Poydras Street, Suite 3650
2800 Energy Centre, 1100 Poydras Street             New Orleans, LA 70139
New Orleans, LA 70163-2800                           Phone: 504-524-3300
Phone: 504-522-2304                                  Fax: 504-524-3313
Fax: 504-528-9973                                    barrios@bkc-law.com
plambert@gainsben.com

                                                     Plaintiffs' Co-Liaison Counsel
Plaintiffs' Co-Liaison Counsel

**PLAINTIFFS' STEERING COMMITTEE**

Anne Andrews
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
Phone: (800) 664-1734
aa@andrewsthornton.com

J. Kyle Bachus
Bachus & Schanker, LLC
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
kyle.bachus@coloradolaw.net

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette Street
New Orleans, LA 70130
Phone: (504) 581-9065
Fax: (504) 581-7635
lcentola@mbfirm.com

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com

Alexander G. Dwyer
Kirkendall Dwyer LLP
440 Louisiana, Suite 1901
Houston, TX 77002
Phone: (713) 522-3529
Fax: (713) 495-2331
adwyer@kirkendalldwyer.com

John Gomez
The Gomez Law Firm, PLLC

Abby E. McClellan
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
mcclellan@stuevesiegel.com

Karen Barth Menzies
Gibbs Law Group LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045 Phone:
510-350-9700
Fax: 510-350-9701
kbm@classlawgroup.com

David F. Miceli
David F. Miceli, LLC
P.O. Box 2519
Carrollton, GA 30112
Phone: (404) 915-8886
dmiceli@miceli-law.com

Andre M. Mura
Gibbs Law Group LLP
505 14th Street Suite 1110
Oakland, CA 94612
Phone: (510) 350-9717
Fax: (510) 350-9701
amm@classlawgroup.com

Rand P. Nolen
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Phone: (713) 621-7944
Fax: (713) 621-9638
rand_nolen@fleming-law.com

Jessica Perez Reynolds
Pendley, Baudin & Coffin

8

655 West Broadway, Suite 1700
San Diego, CA 92101
Phone: (619) 237.3490
Fax: 619.237.3496.
john@thegomezfirm.com

Emily C. Jeffcott
Morgan & Morgan
700 S. Palafox Street, Suite 95
Pensacola, FL 32505
Phone: (850) 316-9074
Fax: (850) 316-9079
ejeffcott@forthepeople.com

Andrew Lemmon
Lemmon Law Firm, LLC
P.O. Box 904 15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Daniel P. Markoff
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway, Suite 104
Oklahoma City, OK 73120
Phone: (405) 607-8757
Fax: (405) 607-8749
dmarkoff@amalaw.com

P.O. Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Phone: (225) 687-6396
Fax: (225) 687-6398
jperez@pbclawfirm.com

Darin L. Schanker
Bachus Schanker
101 W Colfax Ave, Suite 650
Denver, CO 80202
Phone: (303) 222-2222
Fax: (303) 893-9900
dls@coloradolaw.net

Hunter J. Shkolnik
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Phone: (212) 397-1000
hunter@napolilaw.com

Zachary Wool
Barrios Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
zwool@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ M. Palmer Lambert
M. PALMER LAMBER