UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO: ALL CASES | SECTION "H" (5) |

[PROPOSED] PRETRIAL ORDER NO. 19A
(MODIFICATION OF COMMON BENEFIT ASSESSMENT HOLDBACKS)

The Court, having [considered the responses and reply filed into the record, as well as the arguments of counsel at a hearing on ____, 2022 regarding [OR] received no responses in opposition to] the PSC's Motion to Modify Pretrial Order No. 19, (Rec. Doc. xxxx), HEREBY ADOPTS the proposed holdback percentages set forth in the aforesaid motion submitted by the Plaintiffs' Steering Committee. This PTO 19A modifies the holdback percentages for common benefit attorneys' fees and costs set forth in Paragraphs IX(A)(3), IX(B) and X of PTO 19, but does not supersede PTO 19 in any other respect.

Accordingly, the percentage assessments in PTO 19 represent a holdback (*see, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256 (E.D.N.Y. 2006)) and are hereby altered based on the length of the MDL, the common benefit work accomplished and costs expended by common benefit counsel, and the Court's firsthand observations of same. The holdbacks set forth herein may be altered only upon further orders of the Court.

Defendants shall hold back[1] and set aside for placement into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund the

---

[1] In the event any defendant fails to hold back the assessments required by this Order, plaintiffs' counsel has an equal duty to pay the appropriate holdback amounts to the Funds. Under all scenarios (except to the extent the attorney is being paid an hourly rate), the fee assessment shall be paid from the attorney's portion of the recovery and shall not be borne by the client.

1

amounts in this section, unless otherwise amended by the Court. The Court recognizes that the Plaintiffs' Steering Committee initially believed that, and the Court approved a total assessment holdback of 8% of the Gross Monetary Recovery recovered by any plaintiff(s) who is/are subject to PTO 19 for receipt of the common benefit work product and plaintiff(s) counsel's eventual compensation of common benefit fees and reimbursement of common benefit expenses was fair and reasonable under the initial circumstances of the MDL and the law. Of this 8% total assessment, 6 percentage points were to be held back for eventual payment of Court-approved common benefit attorneys' fees, and 2 percentage points were to be held back for reimbursement of common benefit costs approved for reimbursement by the Court. The 8% holdback was preliminary in nature and made at the inception of MDL 2740 before any discovery was done, trials were held, appeals taken and numerous motions prepared, opposed and argued, and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court.

    Over the more than five-year pendency of this MDL 2740, the PSC has engaged in intense and extensive discovery, motion practice and bellwether stage work and there remains significant work needed to coordinate the remand process, to prepare a trial package for cases selected for case-specific work needed for remand, and to engage in additional efforts to explore the possibility of resolution. Thus, the Court finds it necessary and appropriate to increase the holdback for common benefit attorneys' fees from 6% on the Gross Monetary Recovery to 15% on the Gross Monetary Recovery and to increase the holdback for common benefit costs from 2% on the Gross Monetary Recovery to 4.75% on the Gross Monetary Recovery.

    Pursuant to this Order, Defendants are directed to withhold the assessment amounts set forth herein, unless otherwise amended by the Court from any amounts paid to plaintiffs and their

counsel who are subject to this Order, and to pay the assessment directly into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund as a credit against the settlement or judgment of a case or claim subject to this Order. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Funds promptly. In order to ensure that all prospective Participating Counsel have due notice of the instant Order, PTO 19A, Plaintiffs' Co-Liaison Counsel are ordered to provide immediate notice of the instant Order, and any other Order related to common benefit fees, expenses, or procedures, to all plaintiffs' counsel in Taxotere (Docetaxel) cases, without regard for whether the case is filed in federal or state court, so as to provide full notice as to the procedures which will govern this case.

New Orleans, Louisiana, this ___ day of _____, 2022.

                                                          _____
                                                          HON. JANE TRICHE MILAZZO
                                                          UNITED STATES DISTRICT JUDGE