GPCSF 5								Eff. July 2017

**IN THE PROBATE COURT OF** __Newton__ **COUNTY**
**STATE OF GEORGIA**

IN RE: ESTATE OF

Cheryl R. Collins					ESTATE NO. 2018-P-555

_____
DECEASED

**LETTERS TESTAMENTARY**
*[Relieved of Filing Returns]*

At a regular term of Probate Court, the Last Will and Testament dated __August 5, 2015__ (and Codicil(s) dated __n/a__) of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, was legally proven in Solemn Form to be the Decedent's Will and was admitted to record by order, and it was further ordered that __Marcus Quincy Gradney__, named as Executor(s) in said Will, be allowed to qualify, and that upon so doing, Letters Testamentary be issued to such Executor(s).

THEREFORE, the Executor(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of Executor(s) under the Will of said Decedent, according to the Decedent's Will and the law.

Given under my hand and official seal, the __21st__ day of __December__, 20__18__.

_Marcia M. Bell_
Judge of the Probate Court

*NOTE: The following must be signed if the Judge does not sign the original of this document:*

Issued by:

_____
Clerk of the Probate Court

[Seal: NEWTON COUNTY PROBATE COURT GEORGIA]

**IN THE PROBATE COURT OF** ____Newton____ **COUNTY**
**STATE OF GEORGIA**

IN RE: ESTATE OF  )
Cheryl R. Collins  )  ESTATE NO. 2018-P-555
_____,  )
DECEASED  )

**ORDER ADMITTING WILL (AND CODICIL(S)) TO PROBATE IN SOLEMN FORM**

An alleged Last Will and Testament dated ____August 5, 2015____ (and Codicil(s) dated ____n/a____) was/were propounded. ____Marcus Quincy Gradney____ was/were nominated Personal Representative(s) by the Testator. The Court finds that the Decedent died domiciled within, or domiciled outside the State of Georgia but owning property within, the above County. The Court further finds that all of the heirs at law were served or acknowledged service. The Court further finds that no objection has been filed, and all requirements of law have been fulfilled. The Court further finds that the propounded Will (is self-proving) (has been proved by one or more witnesses).

ACCORDINGLY, IT IS ORDERED that the Will dated ____August 5, 2015____ (and the Codicil(s) dated ____n/a____) is/are established as the Last Will and Testament of the Decedent ("the Decedent's Will"); that the Will be admitted to record as proven in Solemn Form; and, that the nominated Executor(s) named above has/have leave to qualify as Personal Representative(s) by taking the required oath, after which Letters Testamentary shall issue. The Clerk shall serve the Personal Representative(s) with copies of this Order and the Letters upon qualification.

IT IS FURTHER ORDERED that the Personal Representative(s) shall disburse all property according to the terms of the Decedent's Will and shall maintain all records of income and disbursements until discharged by Order of this Court.

IT IS FURTHER ORDERED that: *[initial all that apply]*

_____ (a) An inventory shall be filed.
_____ (b) Annual returns shall be filed.
_____ (c) Letters of Testamentary Conservatorship shall issue to _____.
_____ (d) Letters of Testamentary Guardianship shall issue to _____.

SO ORDERED this ____21st____ day of ____December____, 20__18__.

_Melanie M. Bell_
Judge of the Probate Court

GPCSF 5                                                                                                         Eff. July 2017

# LAST WILL AND TESTAMENT
# OF
# CHERYL R. COLLINS

I, Cheryl R. Collins, a resident of Covington, Georgia declare this to be my Last Will and revoke all former Wills and Codicils.

## ARTICLE I
### Identification of Family

At the present time I am unmarried. In making this Will I have in mind my one child, Marcus Quincy Gradney, born 1981, but does not include any children hereafter born to or adopted by me. Any reference to a "child of mine" or "my children" shall include the persons named or referred to in this Article.

## ARTICLE II
### Appointment of Fiduciaries

A. **Appointment of Personal Representative.** I appoint my son, Marcus Quincy Gradney, as Executor of my estate. If Marcus Quincy Gradney is or becomes unable or unwilling to serve, I appoint my brother, Darryl Keith Collins as alternate Executor.

B. **Bond; Court Supervision.** My Executor shall have the right to serve without bond and to administer and settle my estate without the intervention or supervision of any court, except to the extent required by law. Nothing herein shall prevent my Executor from seeking the assistance of the court in any situation where my Executor deems it appropriate.

## ARTICLE III
### Specific Gifts

A. **Gifts of Specified Items of Property.** I give all my interest in certain items of tangible personal property to the beneficiaries designated in this section as follows:

1. **Specific Gift One.** I give Sharon Mone Collins to my sister, 2014 Buick Lacrosse if she survives me. If 2014 Buick Lacrosse does not survive me, I give this gift to my mother, Ceola Spears Collins.

B. **Insurance.** I give to each recipient of an item of tangible personal property my interest in any insurance covering the item. My purpose in making this gift is to give each recipient the benefit of insurance coverage for which I have already paid. It is not my intention to give any recipient the proceeds of an insurance claim that exists but is unpaid at my death.

# ARTICLE IV
## Disposition of Residue

A. **Provision for Descendants.** I give all of the rest and residue of my estate, wherever located (hereafter referred to in this Article as "residue"), to my descendants if they survive me per stirpes.

1. **Provision for Others.** If I am not survived by any of my descendants, I give the entire residue to my heirs.

# ARTICLE V
## Alternative Methods of Distribution

A. **Purpose of Article.** Recognizing that under certain circumstances the terms of this Will may direct that property be distributed outright to a person who is under age twenty-one (21) or under a legal disability, I make the following provisions to facilitate the distribution of property to such persons.

B. **Alternative Methods.** Whenever the terms of this Will direct my personal representative (referred to in this Article as the "fiduciary") to distribute property outright to a person who is then under age twenty-one (21) or under a legal disability, the fiduciary may retain pursuant to Paragraph C. of this Article or distribute all or any portion of that property in any one or more of the following ways:

1. Delivery directly to the beneficiary;
2. Delivery to the parent or stepparent of the beneficiary;
3. Delivery to the guardian of the beneficiary's person or property;
4. Delivery to any Custodian for the beneficiary under the Uniform Gifts to Minors Act;
5. Delivery to any then existing trust created for the beneficiary;
6. Deposit in a financial institution in an account established in the name of the beneficiary alone pursuant to the laws of the State of Georgia;

---

C. **Specific Gifts of Cash.** I give to each of the following beneficiaries the amount set forth opposite the beneficiary's name; provided, that if an individual named below does not survive me, his or her gift shall lapse:

| Name of Beneficiary | Amount of Cash |
|---|---|
| my son, Marcus Quincy Gradney | $250,000 |

## ARTICLE VI
### Administrative Provisions

A.  **Powers and Duties of Personal Representative.** My personal representative shall have all of the powers and duties granted to or imposed upon personal representatives serving with non-intervention powers pursuant to the laws of the State of Georgia.

B.  **Debts and Expenses.** All expenses of administration chargeable to principal, the expenses of the disposition of my remains, and all my legitimate debts, if and when paid, shall be paid from the principal of my residuary estate. No debt need be paid prior to its maturity in due course and except as otherwise provided in this Will no interest in any property passing under this Will need be exonerated.

C.  **Taxes.** All estate, inheritance or other similar death taxes, together with any interest or penalties thereon, arising by reason of my death with respect to any property includable in my taxable estate, and any adjusted taxable gifts, whether passing under or outside of this Will, shall be paid from the principal of my residuary estate without reimbursement from the recipients or beneficiaries of such property, provided, however, that in the event any proceeds of insurance upon my life or any property over which I held a power of appointment are included in my estate for purposes of determining the federal estate tax liability of my estate, then the residue of my estate shall be entitled to receive from the recipients of any such proceeds or property the portion of such federal estate tax liability attributable to such proceeds or property determined in accordance with IRC §§ 2206 and 2207.

## ARTICLE VII

   7.  Storage of any tangible personal property in safekeeping with the costs of storage to be borne by the beneficiary; or

   8.  Sale of any tangible personal property and delivery of the proceeds in any manner permitted by this Article.

Provided the fiduciary acts in good faith, upon delivery of any property in accordance with the provisions of this Article, the fiduciary shall be discharged from all responsibilities in connection with the property.

C.  **Discretionary Trust.** Any property not distributed as provided in Paragraph B. of this Article shall be retained by the fiduciary in trust for the beneficiary on the following terms and conditions: During any period in which the beneficiary is under a legal disability or under twenty-one (21) years of age, the fiduciary shall pay to or apply for the benefit of the beneficiary so much of the income and principal of the trust as the fiduciary, in its sole and absolute discretion, determines is advisable for the beneficiary's health, support, education and general welfare. At such time as the beneficiary is neither under a legal disability nor under age twenty-one (21), the fiduciary shall distribute any remaining trust assets to the beneficiary. If the beneficiary dies before all of the trust assets have been distributed, the fiduciary shall distribute any remaining trust assets to the beneficiary's estate.

# GEORGIA DEATH CERTIFICATE

State File Number: 2018GA00007356

| | | | |
|---|---|---|---|
| 1. DECEDENT'S LEGAL FULL NAME (First, Middle, Last) **CHERYL R. COLLINS** | 1a. IF FEMALE, ENTER LAST NAME AT BIRTH **COLLINS** | 2. SEX **FEMALE** | 2a. DATE OF DEATH (Mo., Day, Year) **ACTUAL DATE OF DEATH 12/03/2018** |
| 3. SOCIAL SECURITY NUMBER **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** | 4a. AGE (Years) **58** | 4b. UNDER 1 YEAR / 4c. UNDER 1 DAY Mos. / Days / Hours / Mins. | 5. DATE OF BIRTH (Mo., Day, Year) **07/30/1960** |
| 6. BIRTHPLACE **LOUISIANA** | 7a. RESIDENCE - STATE **GEORGIA** | 7b. COUNTY **NEWTON** | 7c. CITY, TOWN **COVINGTON** |
| 7d. STREET AND NUMBER **130 GREEN COMMONS DRIVE** | 7e. ZIP CODE **30016** | 7f. INSIDE CITY LIMITS? **NO** | 8. ARMED FORCES? **YES** |
| 8a. USUAL OCCUPATION | 8b. KIND OF INDUSTRY OR BUSINESS | | |
| CLERGY | RELIGIOUS ORGANIZATION | | |
| 9. MARITAL STATUS **WIDOWED** | 10. SPOUSE NAME **HORACE GRADNEY** | 11. FATHER'S FULL NAME (First, Middle, Last) **WILLIAM T. COLLINS** | |
| 12. MOTHER'S MAIDEN NAME (First, Middle, Last) **CEOLA SPEARS** | 13a. INFORMANT'S NAME (First, Middle, Last) **MARCUS GRADNEY** | 13b. RELATIONSHIP TO DECEDENT **SON** | |
| 13c. MAILING ADDRESS **130 GREEN COMMONS DRIVE COVINGTON GEORGIA 30016** | 14. DECEDENT'S EDUCATION **DOCTORATE DEGREE** | | |
| 15. ORIGIN OF DECEDENT (Italian, Mex., French, English, etc.) **NO, NOT SPANISH/HISPANIC/LATINO** | 16. DECEDENT'S RACE (White, Black, American Indian, etc.) (Specify) **BLACK OR AFRICAN-AMERICAN** | | |
| 17a. IF DEATH OCCURRED IN HOSPITAL | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL (Specify) **DECEDENT'S HOME** | | |
| 18. HOSPITAL OR OTHER INSTITUTION NAME (If not in either give street and no.) | 19. CITY, TOWN or LOCATION OF DEATH **COVINGTON** | 20. COUNTY OF DEATH **NEWTON** | |
| 21. METHOD OF DISPOSITION (specify) **BURIAL** | 22. PLACE OF DISPOSITION **LOUISIANA NATIONAL CEMETERY 303 W. MT. PLEASANT ROAD ZACHARY LOUISIANA 70791** | 23. DISPOSITION DATE (Mo., Day, Year) **12/14/2018** | |
| 24a. EMBALMER'S NAME **MELVIN MELTON** | 24b. EMBALMER LICENSE NO. **4912** | 25. FUNERAL HOME NAME **GREGORY B LEVETT AND SONS FUNERAL HOME AND CREMATO** | |
| 25a. FUNERAL HOME ADDRESS **1999 HIGHWAY 138 SE CONYERS GEORGIA 30013** | | | |
| 26a. SIGNATURE OF FUNERAL DIRECTOR **MELVIN MELTON** | 26b. FUN. DIR. LICENSE NO **5316** | AMENDMENTS | |
| 27. DATE PRONOUNCED DEAD (Mo., Day, Year) **12/03/2018** | 28. HOUR PRONOUNCED DEAD **00:04 MILITARY** | | |
| 29a. PRONOUNCER'S NAME **Audrey BINGHAM Kelley** | 29b. LICENSE NUMBER **RN140934** | 29c. DATE SIGNED **12/03/2018** | |
| 30. TIME OF DEATH **00:04 MILITARY** | 31. WAS CASE REFERRED TO MEDICAL EXAMINER **NO** | | |

32. Part I. Enter the chain of events-diseases, injuries, or complications that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, Or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

IMMEDIATE CAUSE (Final disease or condition resulting in death)

A. **MALIGNANT NEOPLASM OF THE PANCREAS** — Approximate interval between onset and death: **UNKNOWN**

Due to, or as a consequence of:
B.
Due to, or as a consequence of:
C.
Due to, or as a consequence of:
D.

33. WAS AUTOPSY PERFORMED? **NO**
34. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH?

Part II. Enter significant conditions contributing to death but not related to cause given in Part 1A. If female, indicate if pregnant or birth occurred within 90 days of death. **CHRONIC OBSTRUCTIVE PULMONARY DISEASE**

35. TOBACCO USE CONTRIBUTED TO DEATH **UNKNOWN**
36. IF FEMALE (range 10-54) PREGNANT **NOT APPLICABLE**
37. ACCIDENT, SUICIDE, HOMICIDE, UNDETERMINED (Specify) **NATURAL**

| | | | |
|---|---|---|---|
| 38. DATE OF INJURY (Mo., Day, Year) | 39. TIME OF INJURY | 40. PLACE OF INJURY (Home, Farm, Street, Factory, Office, Etc.) (Specify) | 41. INJURY AT WORK? (Yes or No) |

42. LOCATION OF INJURY (Street, Apartment Number, City or Town, State, Zip, County)

43. DESCRIBE HOW INJURY OCCURRED
44. IF TRANSPORTATION INJURY

45. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) **SAMANTHA STOREY, MD, 060328**

46. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.)

| | | | |
|---|---|---|---|
| 45a. DATE SIGNED (Mo., Day, Year) **12/14/2018** | 45b. HOUR OF DEATH **00:04 MILITARY** | 46a. DATE SIGNED (Mo., Day, Year) | 46b. HOUR OF DEATH |

47. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH
**SAMANTHA STOREY 632 VININGS ESTATES DRIVE MABLETON GEORGIA 30126**

48. REGISTRAR **/S/ GWENDOLYN DUFFIN** (Signature)

49. DATE FILED - REGISTRAR (Mo., Day, Year) **12/17/2018**

DO NOT FOLD THIS CERTIFICATE

Form 3903 (Rev. 04/2012), GEORGIA DEPARTMENT OF HUMAN RESOURCES

434 88 4655


