# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | |
|---|---|
| Connie Lee-Nunn and Ralph Leroy Nunn | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:17-cv-14155 |
| Sanofi S.A., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          AmerisourceBergen Drug Corp./Oncology Supply
c/o The Corpration Trust Company, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:                                   See Exhibit A & B

| Place: Diamond Law PLLC | Date and Time: |
|---|---|
| 1700 E. River Road, #65237 | |
| Tucson, AZ 85718 | 08/05/2022 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          07/22/2022

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Connie Lee-Nunn
and Ralph Leroy Nunn                                                                , who issues or requests this subpoena, are:

David J. Diamond, 1700 E. River Road, #65237, Tucson, AZ 85718, ddiamond@diamondlawusa.com, (800) 966-5535

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-cv-14155

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions & Instructions

1. "DOCUMENTS" and "DOCUMENTATION" as used in this Request is defined to be synonymous in meaning and equal in scope to the usage of the terms "DOCUMENTS" and "tangible things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules. A draft or non-identical copy is a separate document within the meaning of these terms.

2. "COMMUNICATION " and/or "CORRESPONDENCE " shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, voice messages, instant messages, facsimile, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity.

3. "COMPUTER" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), iPhones and/or Android Phones or other smart phones, iPads or other tablet devices, minicomputers and mainframe computers.

4. "ELECTRONIC  DATA" or "DATA " means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, Cloud-based storage such as Dropbox and/or iCloud, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any

other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.  "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

6.  "DISTRIBUTOR" refers to AmerisourceBergen Drug Corp./Oncology Supply, with their principal place of business located at Wilmington, DE, and any of their parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present, that shipped or sold Taxotere (docetaxel).

7.  "TAXOTERE (docetaxel)" refers to any generic, 505(b)(2) or brand manufactured intravenous injectable or infusion chemotherapy medication of that name manufactured by Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging ("McKesson"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

8.  "MANUFACTURER" refers to Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

9.  The terms "AND", "OR" AND "AND" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

10. "TREATING FACILITY" refers to the facility from which plaintiff received docetaxel infusions, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

11. "PLAINTIFF" refers to any person with a case filed in MDL 2740 who lacks patient-specific records under Case Management Order No. 12A to identify the manufacturer of the infusions received in a TREATING FACILITY.

12. "APPLICABLE DATES" refers to the time period between March 8, 2011 and present, inclusive.

13. "PROTOCOL" refers to standard operating practice, policy, procedure, systems, rule(s), custom, and/or habit.

14. Any singular word is intended to include the plural and every plural word is intended to include the singular.

15. Each deponent is instructed to produce at the deposition: copies of any and all DOCUMENTS reviewed or read in preparation for the deposition; copies of any and all DOCUMENTS or tangible things related to or referring to the subjects listed in this notice contained in the deponent's files, papers, or other materials; and a copy of his or her resume or Curriculum Vitae.

16. DISTRIBUTOR shall designate as many responsive witnesses as necessary to testify with respect to the deposition subject matter topics listed below.

## Deposition Subject Matter

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, YOU shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following subject matters:

### Purchase, sale, supply chain and Tracking Drugs

1. DISTRIBUTOR's records and records system that tracks Taxotere (docetaxel) it purchased or otherwise acquired during the Applicable Dates, including Track & Trace and the person or entity from which the TAXOTERE (docetaxel) was purchased.

2. Agreement or contract in effect at any time during the Applicable Dates between DISTRIBUTOR and any manufacturer, supplier, labeler or other third party relating to the manufacture, distribution, sale or purchase of Taxotere (docetaxel).

3. Any communication between DISTRIBUTOR and any MANUFACTURER, or entities from which it acquired Taxotere (docetaxel), during the Applicable Dates.

4. DISTRIBUTOR's protocol for communicating any information with or to Manufacturer or persons or entities it distributed or sold Taxotere (docetaxel) to during the APPLICABLE DATES.

5. DISTRIBUTOR's records and records system that tracks TAXOTERE (docetaxel) it sold during the Applicable Dates, and the person or entity purchasing the Taxotere (docetaxel).

6. DISTRIBUTOR's records and records system that tracks or otherwise indicates the hospital, treatment facility, physician group, or other medical professional that ultimately received the TAXOTERE (docetaxel) from DISTRIBUTOR in the chain of commerce.

### NDCs, Lot Numbers, Item Numbers

7. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying manufacturers, Lot Numbers and/or Item Numbers and/or National Drug Codes for TAXOTERE (docetaxel) DISTRIBUTOR had in its possession during the APPLICABLE DATES.

8. DISTRIBUTOR's records and record-keeping practices regarding sharing information with MANUFACTURERS that identifies the manufacturer of TAXOTERE (docetaxel), including, but not limited to, Lot Numbers and/or Item Numbers and/or National Drug Codes during the APPLICABLE DATES.

### Manufacturer Rebates

9. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying Manufacturer Rebates and/or Shelf Life Information and/or Updates to Labeling for Taxotere (docetaxel) DISTRIBUTOR during the Applicable Dates.

<u>Recall of Drug and "Dear Doctor" Communication</u>

10. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures when a drug or TAXOTERE (docetaxel) is recalled by the MANUFACTURER or any other entity.

11. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures for communication of information, such as a "Dear Doctor" letter, by a MANUFACTURER to prescribers of TAXOTERE (docetaxel).

### EXHIBIT B

### Materials Designated for Production

1. All correspondence to and from any manufacturer, supplier, distributor, facility, pharmacy, hospital or other third party relating to the sale to and/or purchase of Taxotere (docetaxel) by DISTRIBUTOR during the Applicable Dates.

2. All documents responsive to the Topics in Exhibit A.

3. Documents created in connection with the DISTRIBUTOR's acquisition and purchase of Taxotere (docetaxel) during the Applicable Dates including but not limited to:

   a. Dates Taxotere (docetaxel) was purchased;
   b. Dates the Taxotere (docetaxel) shipments were received;
   c. From whom the Taxotere (docetaxel) was purchased;
   d. Invoices from the manufacturer/wholesaler/distributor for the DISTRIBUTOR's purchase of Taxotere(docetaxel);
   e. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
   f. NDC, Lot Number or item number of Taxotere (docetaxel) and where each NDC, Lot Number or item number of TAXOTERE (docetaxel) was distributed.

4. Documents of the DISTRIBUTOR's communicating or reporting to MANUFACTURER regarding Taxotere (docetaxel) during the Applicable Dates, including, but not limited to, communications for the purpose of recall, warranty, safety and/or "Dear Doctor" purposes.

5. Documents describing DISTRIBUTOR's protocol for documenting National Drug Codes ("NDCs"), Lot Numbers and/or Item Numbers of Taxotere (docetaxel) during the Applicable Dates and the tracing/tracking of same.

6. Documents indicating the NDCs, Lot Numbers, Item Numbers, the manufacturer, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, or possessed by DISTRIBUTOR during the Applicable Dates:

   a. Any and all inventory records identifying the Taxotere(docetaxel) in DISTRIBUTOR's inventory during the Applicable Dates including the

NDC, item number, Lot Number and/or manufacturer of the Taxotere(docetaxel) in inventory;

b. Any other records, documents, or reports containing the National Drug Codes, Lot Numbers, Item Numbers or any other document(s) identifying the manufacturer of the Taxotere(docetaxel) shipped to DISTRIBUTOR during the Applicable Dates;

c. Chemotherapy Supply Report or other internal report identifying the NDCs, Lot Numbers, Item Numbers and/or manufacturer of the Taxotere (docetaxel) purchased, acquired or distributed during the Applicable Dates; and

d. Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere(docetaxel) chemotherapy medication distributed to any person or entity, including but not limited to, the Taxotere(docetaxel) NDC numbers; batch, lot or control numbers; or drug pedigree record.

7. Documents indicating shipment or sale of Taxotere (docetaxel) to DISTRIBUTOR during the Applicable Dates; including but not limited to:

   a. the name and address of all manufacturers, distributors, third parties, and/or wholesalers from whom DISTRIBUTOR purchased Taxotere (docetaxel);

   b. the name and address of all manufacturers, distributors, third parties, and/or wholesalers who delivered the Taxotere (docetaxel) to DISTRIBUTOR.

8. Documents indicating the person, entity, and/or their agents, employees or officers that DISTRIBUTOR sold Taxotere (docetaxel) to during the Applicable Dates.

9. Documents indicating where any Taxotere (docetaxel) it sold was transferred.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

| | |
|---|---|
| Connie Lee-Nunn and Ralph Leroy Nunn | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:17-cv-14155 |
| Sanofi S.A., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Cardinal Health, LLC
c/o CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, AZ 85012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:                                    See Exhibit A

| Place: Diamond Law PLLC<br>1700 E. River Road, #65237<br>Tucson, AZ 85718 | Date and Time:<br><br>08/05/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/22/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Connie Lee-Nunn and Ralph Leroy Nunn                                    , who issues or requests this subpoena, are:

David J. Diamond, 1700 E. River Road, #65237, Tucson, AZ 85718, ddiamond@diamondlawusa.com, (800) 966-5535

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-14155

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions & Instructions

1.  "DOCUMENTS" and "DOCUMENTATION" as used in this Request is defined to be synonymous in meaning and equal in scope to the usage of the terms "DOCUMENTS" and "tangible things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules. A draft or non-identical copy is a separate document within the meaning of these terms.

2.  "COMMUNICATION " and/or "CORRESPONDENCE " shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, voice messages, instant messages, facsimile, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity.

3.  "COMPUTER" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), iPhones and/or Android Phones or other smart phones, iPads or other tablet devices, minicomputers and mainframe computers.

4.  "ELECTRONIC  DATA" or "DATA " means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, Cloud-based storage such as Dropbox and/or iCloud, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any

other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5. "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

6. "DISTRIBUTOR" refers to Cardinal Heath, LLC, with their  principal place of business located at Phoenix, AZ, and any of their  parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present, that shipped or sold Taxotere (docetaxel).

7. "TAXOTERE (docetaxel)" refers to any generic, 505(b)(2) or brand manufactured intravenous injectable or infusion chemotherapy medication of that name manufactured by Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging ("McKesson"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

8. "MANUFACTURER" refers to Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

9. The terms "AND", "OR" AND "AND" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

10. "TREATING FACILITY" refers to the facility from which plaintiff received docetaxel infusions, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

11. "PLAINTIFF" refers to any person with a case filed in MDL 2740 who lacks patient-specific records under Case Management Order No. 12A to identify the manufacturer of the infusions received in a TREATING FACILITY.

12. "APPLICABLE DATES" refers to the time period between March 8, 2011 and present, inclusive.

13. "PROTOCOL" refers to standard operating practice, policy, procedure, systems, rule(s), custom, and/or habit.

14. Any singular word is intended to include the plural and every plural word is intended to include the singular.

15. Each deponent is instructed to produce at the deposition: copies of any and all DOCUMENTS reviewed or read in preparation for the deposition; copies of any and all DOCUMENTS or tangible things related to or referring to the subjects listed in this notice contained in the deponent's files, papers, or other materials; and a copy of his or her resume or Curriculum Vitae.

16. DISTRIBUTOR shall designate as many responsive witnesses as necessary to testify with respect to the deposition subject matter topics listed below.

## **Deposition Subject Matter**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, YOU shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following subject matters:

<u>Purchase, sale, supply chain and Tracking Drugs</u>

1. DISTRIBUTOR's records and records system that tracks Taxotere (docetaxel) it purchased or otherwise acquired during the Applicable Dates, including Track & Trace and the person or entity from which the TAXOTERE (docetaxel) was purchased.

2. Agreement or contract in effect at any time during the Applicable Dates between DISTRIBUTOR and any manufacturer, supplier, labeler or other third party relating to the manufacture, distribution, sale or purchase of Taxotere (docetaxel).

3. Any communication between DISTRIBUTOR and any MANUFACTURER, or entities from which it acquired Taxotere (docetaxel), during the Applicable Dates.

4. DISTRIBUTOR's protocol for communicating any information with or to Manufacturer or persons or entities it distributed or sold Taxotere (docetaxel) to during the APPLICABLE DATES.

5. DISTRIBUTOR's records and records system that tracks TAXOTERE (docetaxel) it sold during the Applicable Dates, and the person or entity purchasing the Taxotere (docetaxel).

6. DISTRIBUTOR's records and records system that tracks or otherwise indicates the hospital, treatment facility, physician group, or other medical professional that ultimately received the TAXOTERE (docetaxel) from DISTRIBUTOR in the chain of commerce.

## NDCs, Lot Numbers, Item Numbers

7. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying manufacturers, Lot Numbers and/or Item Numbers and/or National Drug Codes for TAXOTERE (docetaxel) DISTRIBUTOR had in its possession during the APPLICABLE DATES.

8. DISTRIBUTOR's records and record-keeping practices regarding sharing information with MANUFACTURERS that identifies the manufacturer of TAXOTERE (docetaxel), including, but not limited to, Lot Numbers and/or Item Numbers and/or National Drug Codes during the APPLICABLE DATES.

## Manufacturer Rebates

9. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying Manufacturer Rebates and/or Shelf Life Information and/or Updates to Labeling for Taxotere (docetaxel) DISTRIBUTOR during the Applicable Dates.

Recall of Drug and "Dear Doctor" Communication

10. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures when a drug or TAXOTERE (docetaxel) is recalled by the MANUFACTURER or any other entity.

11. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures for communication of information, such as a "Dear Doctor" letter, by a MANUFACTURER to prescribers of TAXOTERE (docetaxel).

**EXHIBIT B**

**Materials Designated for Production**

1. All correspondence to and from any manufacturer, supplier, distributor, facility, pharmacy, hospital or other third party relating to the sale to and/or purchase of Taxotere (docetaxel) by DISTRIBUTOR during the Applicable Dates.

2. All documents responsive to the Topics in Exhibit A.

3. Documents created in connection with the DISTRIBUTOR's acquisition and purchase of Taxotere (docetaxel) during the Applicable Dates including but not limited to:

   a. Dates Taxotere (docetaxel) was purchased;
   b. Dates the Taxotere (docetaxel) shipments were received;
   c. From whom the Taxotere (docetaxel) was purchased;
   d. Invoices from the manufacturer/wholesaler/distributor for the DISTRIBUTOR's purchase of Taxotere(docetaxel);
   e. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
   f. NDC, Lot Number or item number of Taxotere (docetaxel) and where each NDC, Lot Number or item number of TAXOTERE (docetaxel) was distributed.

4. Documents of the DISTRIBUTOR's communicating or reporting to MANUFACTURER regarding Taxotere (docetaxel) during the Applicable Dates, including, but not limited to, communications for the purpose of recall, warranty, safety and/or "Dear Doctor" purposes.

5. Documents describing DISTRIBUTOR's protocol for documenting National Drug Codes ("NDCs"), Lot Numbers and/or Item Numbers of Taxotere (docetaxel) during the Applicable Dates and the tracing/tracking of same.

6. Documents indicating the NDCs, Lot Numbers, Item Numbers, the manufacturer, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, or possessed by DISTRIBUTOR during the Applicable Dates:

   a. Any and all inventory records identifying the Taxotere(docetaxel) in DISTRIBUTOR's inventory during the Applicable Dates including the

NDC, item number, Lot Number and/or manufacturer of the Taxotere(docetaxel) in inventory;

b.  Any other records, documents, or reports containing the National Drug Codes, Lot Numbers, Item Numbers or any other document(s) identifying the manufacturer of the Taxotere(docetaxel) shipped to DISTRIBUTOR during the Applicable Dates;

c.  Chemotherapy Supply Report or other internal report identifying the NDCs, Lot Numbers, Item Numbers and/or manufacturer of the Taxotere (docetaxel) purchased, acquired or distributed during the Applicable Dates; and

d.  Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere(docetaxel) chemotherapy medication distributed to any person or entity, including but not limited to, the Taxotere(docetaxel) NDC numbers; batch, lot or control numbers; or drug pedigree record.

7.  Documents indicating shipment or sale of Taxotere (docetaxel) to DISTRIBUTOR during the Applicable Dates; including but not limited to:

a.  the name and address of all manufacturers, distributors, third parties, and/or wholesalers from whom DISTRIBUTOR purchased Taxotere (docetaxel);

b.  the name and address of all manufacturers, distributors, third parties, and/or wholesalers who delivered the Taxotere (docetaxel) to DISTRIBUTOR.

8.  Documents indicating the person, entity, and/or their agents, employees or officers that DISTRIBUTOR sold Taxotere (docetaxel) to during the Applicable Dates.

9.  Documents indicating where any Taxotere (docetaxel) it sold was transferred.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Louisiana

| | |
|---|---|
| Connie Lee-Nunn and Ralph Leroy Nunn | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:17-cv-14155 |
| Sanofi S.A., et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
McKesson Corporation
c/o Corpration Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix, AZ 85021

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Diamond Law PLLC | Date and Time: |
|---|---|
| 1700 E. River Road, #65237 | |
| Tucson, AZ 85718 | 08/05/2022 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/22/2022

CLERK OF COURT

                                             OR

_____       _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Connie Lee-Nunn and Ralph Leroy Nunn _____ , who issues or requests this subpoena, are:

David J. Diamond, 1700 E. River Road, #65237, Tucson, AZ 85718, ddiamond@diamondlawusa.com, (800) 966-5535

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-14155

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                             *Server's signature*

                                                       _____
                                                             *Printed name and title*

                                                       _____
                                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## Definitions & Instructions

1. "DOCUMENTS" and "DOCUMENTATION" as used in this Request is defined to be synonymous in meaning and equal in scope to the usage of the terms "DOCUMENTS" and "tangible things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules. A draft or non-identical copy is a separate document within the meaning of these terms.

2. "COMMUNICATION " and/or "CORRESPONDENCE " shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, voice messages, instant messages, facsimile, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity.

3. "COMPUTER" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), iPhones and/or Android Phones or other smart phones, iPads or other tablet devices, minicomputers and mainframe computers.

4. "ELECTRONIC  DATA" or "DATA " means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, Cloud-based storage such as Dropbox and/or iCloud, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any

other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5.  "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

6.  "DISTRIBUTOR" refers to McKesson Corporation, with their  principal place of business located at Phoenix, AZ, and any of their  parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present, that shipped or sold Taxotere (docetaxel).

7.  "TAXOTERE (docetaxel)" refers to any generic, 505(b)(2) or brand manufactured intravenous injectable or infusion chemotherapy medication of that name manufactured by Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging ("McKesson"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

8.  "MANUFACTURER" refers to Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

9.  The terms "AND", "OR" AND "AND" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

10. "TREATING FACILITY" refers to the facility from which plaintiff received docetaxel infusions, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

11. "PLAINTIFF" refers to any person with a case filed in MDL 2740 who lacks patient-specific records under Case Management Order No. 12A to identify the manufacturer of the infusions received in a TREATING FACILITY.

12. "APPLICABLE DATES" refers to the time period between March 8, 2011 and present, inclusive.

13. "PROTOCOL" refers to standard operating practice, policy, procedure, systems, rule(s), custom, and/or habit.

14. Any singular word is intended to include the plural and every plural word is intended to include the singular.

15. Each deponent is instructed to produce at the deposition: copies of any and all DOCUMENTS reviewed or read in preparation for the deposition; copies of any and all DOCUMENTS or tangible things related to or referring to the subjects listed in this notice contained in the deponent's files, papers, or other materials; and a copy of his or her resume or Curriculum Vitae.

16. DISTRIBUTOR shall designate as many responsive witnesses as necessary to testify with respect to the deposition subject matter topics listed below.

## **Deposition Subject Matter**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, YOU shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following subject matters:

### Purchase, sale, supply chain and Tracking Drugs

1. DISTRIBUTOR's records and records system that tracks Taxotere (docetaxel) it purchased or otherwise acquired during the Applicable Dates, including Track & Trace and the person or entity from which the TAXOTERE (docetaxel) was purchased.

2.   Agreement or contract in effect at any time during the Applicable Dates between DISTRIBUTOR and any manufacturer, supplier, labeler or other third party relating to the manufacture, distribution, sale or purchase of Taxotere (docetaxel).

3.   Any communication between DISTRIBUTOR and any MANUFACTURER, or entities from which it acquired Taxotere (docetaxel), during the Applicable Dates.

4.   DISTRIBUTOR's protocol for communicating any information with or to Manufacturer or persons or entities it distributed or sold Taxotere (docetaxel) to during the APPLICABLE DATES.

5.   DISTRIBUTOR's records and records system that tracks TAXOTERE (docetaxel) it sold during the Applicable Dates, and the person or entity purchasing the Taxotere (docetaxel).

6.   DISTRIBUTOR's records and records system that tracks or otherwise indicates the hospital, treatment facility, physician group, or other medical professional that ultimately received the TAXOTERE (docetaxel) from DISTRIBUTOR in the chain of commerce.

<u>NDCs, Lot Numbers, Item Numbers</u>

7.   DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying manufacturers, Lot Numbers and/or Item Numbers and/or National Drug Codes for TAXOTERE (docetaxel) DISTRIBUTOR had in its possession during the APPLICABLE DATES.

8.   DISTRIBUTOR's records and record-keeping practices regarding sharing information with MANUFACTURERS that identifies the manufacturer of TAXOTERE (docetaxel), including, but not limited to, Lot Numbers and/or Item Numbers and/or National Drug Codes during the APPLICABLE DATES.

<u>Manufacturer Rebates</u>

9.   DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying Manufacturer Rebates and/or Shelf Life Information and/or Updates to Labeling for Taxotere (docetaxel) DISTRIBUTOR during the Applicable Dates.

<u>Recall of Drug and "Dear Doctor" Communication</u>

10. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures when a drug or TAXOTERE (docetaxel) is recalled by the MANUFACTURER or any other entity.

11. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures for communication of information, such as a "Dear Doctor" letter, by a MANUFACTURER to prescribers of TAXOTERE (docetaxel).

## EXHIBIT B

## Materials Designated for Production

1. All correspondence to and from any manufacturer, supplier, distributor, facility, pharmacy, hospital or other third party relating to the sale to and/or purchase of Taxotere (docetaxel) by DISTRIBUTOR during the Applicable Dates.

2. All documents responsive to the Topics in Exhibit A.

3. Documents created in connection with the DISTRIBUTOR's acquisition and purchase of Taxotere (docetaxel) during the Applicable Dates including but not limited to:

   a. Dates Taxotere (docetaxel) was purchased;
   b. Dates the Taxotere (docetaxel) shipments were received;
   c. From whom the Taxotere (docetaxel) was purchased;
   d. Invoices from the manufacturer/wholesaler/distributor for the DISTRIBUTOR's purchase of Taxotere(docetaxel);
   e. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
   f. NDC, Lot Number or item number of Taxotere (docetaxel) and where each NDC, Lot Number or item number of TAXOTERE (docetaxel) was distributed.

4. Documents of the DISTRIBUTOR's communicating or reporting to MANUFACTURER regarding Taxotere (docetaxel) during the Applicable Dates, including, but not limited to, communications for the purpose of recall, warranty, safety and/or "Dear Doctor" purposes.

5. Documents describing DISTRIBUTOR's protocol for documenting National Drug Codes ("NDCs"), Lot Numbers and/or Item Numbers of Taxotere (docetaxel) during the Applicable Dates and the tracing/tracking of same.

6. Documents indicating the NDCs, Lot Numbers, Item Numbers, the manufacturer, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, or possessed by DISTRIBUTOR during the Applicable Dates:

   a. Any and all inventory records identifying the Taxotere(docetaxel) in DISTRIBUTOR's inventory during the Applicable Dates including the

NDC, item number, Lot Number and/or manufacturer of the Taxotere(docetaxel) in inventory;

b. Any other records, documents, or reports containing the National Drug Codes, Lot Numbers, Item Numbers or any other document(s) identifying the manufacturer of the Taxotere(docetaxel) shipped to DISTRIBUTOR during the Applicable Dates;

c. Chemotherapy Supply Report or other internal report identifying the NDCs, Lot Numbers, Item Numbers and/or manufacturer of the Taxotere (docetaxel) purchased, acquired or distributed during the Applicable Dates; and

d. Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere(docetaxel) chemotherapy medication distributed to any person or entity, including but not limited to, the Taxotere(docetaxel) NDC numbers; batch, lot or control numbers; or drug pedigree record.

7. Documents indicating shipment or sale of Taxotere (docetaxel) to DISTRIBUTOR during the Applicable Dates; including but not limited to:

a. the name and address of all manufacturers, distributors, third parties, and/or wholesalers from whom DISTRIBUTOR purchased Taxotere (docetaxel);

b. the name and address of all manufacturers, distributors, third parties, and/or wholesalers who delivered the Taxotere (docetaxel) to DISTRIBUTOR.

8. Documents indicating the person, entity, and/or their agents, employees or officers that DISTRIBUTOR sold Taxotere (docetaxel) to during the Applicable Dates.

9. Documents indicating where any Taxotere (docetaxel) it sold was transferred.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Louisiana

| | |
|---|---|
| Connie Lee-Nunn and Ralph Leroy Nunn | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:17-cv-14155 |
| Sanofi S.A., et al. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
McKesson Specialty Distribution, LLC
c/o Corpration Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix, AZ 85021

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A

| Place: Diamond Law PLLC<br>1700 E. River Road, #65237<br>Tucson, AZ 85718 | Date and Time:<br><br>08/05/2022 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/22/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Connie Lee-Nunn
and Ralph Leroy Nunn                                              , who issues or requests this subpoena, are:

David J. Diamond, 1700 E. River Road, #65237, Tucson, AZ 85718, ddiamond@diamondlawusa.com, (800) 966-5535

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-14155

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                                    *Server's signature*

                                                                    _____
                                                                                    *Printed name and title*

                                                                    _____
                                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions & Instructions

1. "DOCUMENTS" and "DOCUMENTATION" as used in this Request is defined to be synonymous in meaning and equal in scope to the usage of the terms "DOCUMENTS" and "tangible things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules. A draft or non-identical copy is a separate document within the meaning of these terms.

2. "COMMUNICATION " and/or "CORRESPONDENCE " shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, voice messages, instant messages, facsimile, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity.

3. "COMPUTER" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), iPhones and/or Android Phones or other smart phones, iPads or other tablet devices, minicomputers and mainframe computers.

4. "ELECTRONIC  DATA" or "DATA " means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, Cloud-based storage such as Dropbox and/or iCloud, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any

other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5. "POSSESSION, CUSTODY OR CONTROL" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

6. "DISTRIBUTOR" refers to McKesson Specialty Distribution, LLC, with their principal place of business located at Phoenix, AZ, and any of their parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present, that shipped or sold Taxotere (docetaxel).

7. "TAXOTERE (docetaxel)" refers to any generic, 505(b)(2) or brand manufactured intravenous injectable or infusion chemotherapy medication of that name manufactured by Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging ("McKesson"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

8. "MANUFACTURER" refers to Sanofi S.A., Aventis Pharma S.A., Sanofi US Services Inc., Sanofi-Aventis U.S. LLC, Sandoz Inc., Accord Healthcare, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., Sun PharmaGlobal FZE, Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd., Pfizer Inc., Actavis LLC f/k/a Actavis Inc., Actavis Pharma, Inc., and Sagent Pharmaceuticals, Inc.

9. The terms "AND", "OR" AND "AND" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

10. "TREATING FACILITY" refers to the facility from which plaintiff received docetaxel infusions, and any of its parents, successors, predecessors, sisters, affiliates, subsidiaries, divisions or related companies or other businesses or legal entities, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

11. "PLAINTIFF" refers to any person with a case filed in MDL 2740 who lacks patient-specific records under Case Management Order No. 12A to identify the manufacturer of the infusions received in a TREATING FACILITY.

12. "APPLICABLE DATES" refers to the time period between March 8, 2011 and present, inclusive.

13. "PROTOCOL" refers to standard operating practice, policy, procedure, systems, rule(s), custom, and/or habit.

14. Any singular word is intended to include the plural and every plural word is intended to include the singular.

15. Each deponent is instructed to produce at the deposition: copies of any and all DOCUMENTS reviewed or read in preparation for the deposition; copies of any and all DOCUMENTS or tangible things related to or referring to the subjects listed in this notice contained in the deponent's files, papers, or other materials; and a copy of his or her resume or Curriculum Vitae.

16. DISTRIBUTOR shall designate as many responsive witnesses as necessary to testify with respect to the deposition subject matter topics listed below.

**Deposition Subject Matter**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, YOU shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following subject matters:

Purchase, sale, supply chain and Tracking Drugs

1. DISTRIBUTOR's records and records system that tracks Taxotere (docetaxel) it purchased or otherwise acquired during the Applicable Dates, including Track & Trace and the person or entity from which the TAXOTERE (docetaxel) was purchased.

2. Agreement or contract in effect at any time during the Applicable Dates between DISTRIBUTOR and any manufacturer, supplier, labeler or other third party relating to the manufacture, distribution, sale or purchase of Taxotere (docetaxel).

3. Any communication between DISTRIBUTOR and any MANUFACTURER, or entities from which it acquired Taxotere (docetaxel), during the Applicable Dates.

4. DISTRIBUTOR's protocol for communicating any information with or to Manufacturer or persons or entities it distributed or sold Taxotere (docetaxel) to during the APPLICABLE DATES.

5. DISTRIBUTOR's records and records system that tracks TAXOTERE (docetaxel) it sold during the Applicable Dates, and the person or entity purchasing the Taxotere (docetaxel).

6. DISTRIBUTOR's records and records system that tracks or otherwise indicates the hospital, treatment facility, physician group, or other medical professional that ultimately received the TAXOTERE (docetaxel) from DISTRIBUTOR in the chain of commerce.

<u>NDCs, Lot Numbers, Item Numbers</u>

7. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying manufacturers, Lot Numbers and/or Item Numbers and/or National Drug Codes for TAXOTERE (docetaxel) DISTRIBUTOR had in its possession during the APPLICABLE DATES.

8. DISTRIBUTOR's records and record-keeping practices regarding sharing information with MANUFACTURERS that identifies the manufacturer of TAXOTERE (docetaxel), including, but not limited to, Lot Numbers and/or Item Numbers and/or National Drug Codes during the APPLICABLE DATES.

<u>Manufacturer Rebates</u>

9. DISTRIBUTOR's records and record-keeping practices including the retention and destruction policies of documents identifying Manufacturer Rebates and/or Shelf Life Information and/or Updates to Labeling for Taxotere (docetaxel) DISTRIBUTOR during the Applicable Dates.

<u>Recall of Drug and "Dear Doctor" Communication</u>

10. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures when a drug or TAXOTERE (docetaxel) is recalled by the MANUFACTURER or any other entity.

11. DISTRIBUTOR'S protocol, records and record-keeping practices, including the retention and destruction policies, of documents describing in detail the procedures for communication of information, such as a "Dear Doctor" letter, by a MANUFACTURER to prescribers of TAXOTERE (docetaxel).

# EXHIBIT B

## Materials Designated for Production

1. All correspondence to and from any manufacturer, supplier, distributor, facility, pharmacy, hospital or other third party relating to the sale to and/or purchase of Taxotere (docetaxel) by DISTRIBUTOR during the Applicable Dates.

2. All documents responsive to the Topics in Exhibit A.

3. Documents created in connection with the DISTRIBUTOR's acquisition and purchase of Taxotere (docetaxel) during the Applicable Dates including but not limited to:

   a. Dates Taxotere (docetaxel) was purchased;
   b. Dates the Taxotere (docetaxel) shipments were received;
   c. From whom the Taxotere (docetaxel) was purchased;
   d. Invoices from the manufacturer/wholesaler/distributor for the DISTRIBUTOR's purchase of Taxotere(docetaxel);
   e. "Product Tracing" documents, such as transaction information, transaction history, and transaction statements;
   f. NDC, Lot Number or item number of Taxotere (docetaxel) and where each NDC, Lot Number or item number of TAXOTERE (docetaxel) was distributed.

4. Documents of the DISTRIBUTOR's communicating or reporting to MANUFACTURER regarding Taxotere (docetaxel) during the Applicable Dates, including, but not limited to, communications for the purpose of recall, warranty, safety and/or "Dear Doctor" purposes.

5. Documents describing DISTRIBUTOR's protocol for documenting National Drug Codes ("NDCs"), Lot Numbers and/or Item Numbers of Taxotere (docetaxel) during the Applicable Dates and the tracing/tracking of same.

6. Documents indicating the NDCs, Lot Numbers, Item Numbers, the manufacturer, or the source of any Taxotere (docetaxel) acquired, purchased, handled, stored, or possessed by DISTRIBUTOR during the Applicable Dates:

   a. Any and all inventory records identifying the Taxotere(docetaxel) in DISTRIBUTOR's inventory during the Applicable Dates including the

NDC, item number, Lot Number and/or manufacturer of the Taxotere(docetaxel) in inventory;

b. Any other records, documents, or reports containing the National Drug Codes, Lot Numbers, Item Numbers or any other document(s) identifying the manufacturer of the Taxotere(docetaxel) shipped to DISTRIBUTOR during the Applicable Dates;

c. Chemotherapy Supply Report or other internal report identifying the NDCs, Lot Numbers, Item Numbers and/or manufacturer of the Taxotere (docetaxel) purchased, acquired or distributed during the Applicable Dates; and

d. Any and all documents identifying the manufacturer(s) and/or labeler of the Taxotere(docetaxel) chemotherapy medication distributed to any person or entity, including but not limited to, the Taxotere(docetaxel) NDC numbers; batch, lot or control numbers; or drug pedigree record.

7. Documents indicating shipment or sale of Taxotere (docetaxel) to DISTRIBUTOR during the Applicable Dates; including but not limited to:

a. the name and address of all manufacturers, distributors, third parties, and/or wholesalers from whom DISTRIBUTOR purchased Taxotere (docetaxel);

b. the name and address of all manufacturers, distributors, third parties, and/or wholesalers who delivered the Taxotere (docetaxel) to DISTRIBUTOR.

8. Documents indicating the person, entity, and/or their agents, employees or officers that DISTRIBUTOR sold Taxotere (docetaxel) to during the Applicable Dates.

9. Documents indicating where any Taxotere (docetaxel) it sold was transferred.