UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                     SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Cases Listed on Exhibit A to Rec. Docs. 14431 and 14432

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL ORDERS PERTAINING TO CERTAIN MISSISSIPPI PLAINTIFFS**

Plaintiffs' attempt to once again re-litigate this Court's straightforward application of Mississippi's statute-of-limitations law must fail. These 223 cases are time-barred on the face of the pleadings. This Court <u>has already considered and rejected all of Plaintiffs' arguments</u>, and should deny Plaintiffs' motion seeking reconsideration as lacking merit.

*First*, this Court made no error dismissing Plaintiffs' cases. Rather, Plaintiffs concede that their claims are facially time-barred. And like the plaintiffs in *Greer*, *Smith*, and *Roach*, each Plaintiff pled that her injury was open and obvious, not latent. In addition, this Court's decision is on all fours with Mississippi law, which does not recognize the discovery rule where the injury is open and obvious, and rejects the invocation of the fraudulent concealment tolling exception where there is no allegation that Defendants concealed Plaintiffs' *claims* from them. The Court should yet again reject Plaintiffs' attempt to rehash the same arguments heard by this Court in previous motions and at the July 13, 2022, show cause hearing.

*Second*, to the extent Plaintiffs argue the show-cause process was itself improper, this argument is meritless. The show cause process used to address Plaintiffs' cases—which provided Plaintiffs with ample opportunity to raise any case-specific issues that they believed precluded dismissal—has been utilized by this Court and other MDL courts repeatedly under similar circumstances and is well-recognized by the Federal Judicial Center and Judicial Panel on

Multidistrict Litigation. After briefing on the very issue of whether a show cause hearing was proper, this Court properly exercised its authority to dismiss Plaintiffs' time-barred cases utilizing a well-recognized and routinely used process in multidistrict litigation.[1]

## I. BACKGROUND

This Court has already ruled multiple times on the Mississippi law issues raised in Plaintiffs' motion. It rejected Plaintiffs' arguments in *Greer*, *Smith*, and *Roach*, and again by dismissing the cases over Plaintiffs' objection at the July 13, 2022, show cause hearing.

On January 22, 2021, this Court granted Sanofi's motion for judgment on the pleadings in Ms. Juanita Greer's case, finding her claims were time-barred on the face of her pleadings.[2] In so ruling, this Court rejected Ms. Greer's argument that the discovery rule and the fraudulent concealment exception tolled the statute of limitations in her case. The Court held, as a matter of law, that the discovery rule only applied to cases involving latent injuries, and because the pleadings established Ms. Greer's injury was open and obvious—not latent—the discovery rule could not toll her claims as a matter of law.[3] This Court also held that the fraudulent concealment exception did not apply as a matter of law because Ms. Greer did not plead "that Sanofi prevented her from discovering her claim," but rather only that it "prevented her from discovering Taxotere's risk of permanent hair loss."[4] This Court later granted Sanofi's motions for summary judgment in Plaintiffs Melissa Roach and Cindy Smith's cases for the same reasons articulated in *Greer*.[5]

---

[1] The Court also chose to set aside cases dealing with more detailed choice-of-law or other arguments not capable of being addressed at the Show Cause.

[2] *See* Rec. Doc. 12057 (Order and Reasons Granting Defs.' Mot. for J. on the Pleadings Based on the Statute of Limitations) (hereinafter "*Greer*").

[3] *Id*. at 6.

[4] *Id*. at 8.

[5] Rec. Doc. 12718 at 5–9 ("*Roach*"); Rec. Doc. 13064 at 7 ("*Smith*"). Ms. Greer and Ms. Roach both filed appeals, which they later dismissed. Ms. Smith did not appeal this Court's ruling.

Following this Court's decisions in *Greer*, *Smith*, and *Roach*, Defendants filed a motion for a show cause hearing to address those Plaintiffs subject to Mississippi's statute of limitations who filed identical cases more than three-and-a-half years after finishing chemotherapy.[6] Plaintiffs filed an opposition to Defendants' motion, claiming "the fact-intensive nature of the statute-of-limitations inquiry" required this Court to allow discovery to proceed before dismissing any individual cases.[7] Plaintiffs asserted that *Greer* was wrongly decided in holding: (1) Mississippi's latent-injury discovery rule did not apply to save Ms. Greer's claims; and (2) Ms. Greer had not pled facts sufficient to support a tolling of the statute of limitations based on fraudulent concealment under Mississippi law.[8]

Citing *Greer*, this Court rejected Plaintiffs' arguments and ordered the show cause hearing.[9] At the show cause hearing on July 13, 2022, Plaintiffs' counsel again argued that "this type of show-cause procedure for such a fact-intensive analysis on the statute of limitations" was improper, and raised the same Mississippi cases now addressed in their Motion for Reconsideration.[10]

Over Plaintiffs' counsel's objection, this Court considered and dismissed the claims of the 89 Plaintiffs who were prescribed and treated with Taxotere/docetaxel in Mississippi and who selected a federal district in Mississippi as the proper remand jurisdiction. This Court also dismissed another 134 Plaintiffs who, in accordance with the Order to Show Cause issued, notified

---

[6] Rec. Doc. 13746 (Sanofi's Mot. for Show Cause Hr'g Regarding Miss. Cases).

[7] Rec. Doc. 13776 (Pls.' Opp. to Sanofi's Mot. for Show Cause Hr'g Regarding Miss. Cases).

[8] *Id*.

[9] Rec. Doc. 14221 (Order Granting Defs.' Mot. for Show Cause Hr'g Regarding Miss. Cases).

[10] Ex. A, Hr'g Tr. 11:5–15:1 (Palmer Lambert) (citing *Munson v. C.R. Bard*, 561 F.Supp.3d 655, 680 (N.D. Miss. 2021)).

liaison counsel of their plan not to appear at the hearing to object to dismissal.[11]  Notably, the Court deferred ruling on any cases that it found might raise choice-of-law issues, such as where Plaintiff was prescribed or treated with Taxotere/docetaxel outside of Mississippi, or where the Plaintiff selected a remand jurisdiction outside of Mississippi.[12]  This Court entered its order dismissing the claims of the 223 Plaintiffs on July 16, 2022.[13]  Plaintiffs filed this motion for reconsideration on August 10, 2022.

## II.   THERE IS NO "ERROR" REQUIRING RELIEF UNDER RULE 59.

As the Fifth Circuit has long recognized, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citations omitted).  Plaintiffs' burden in seeking to overturn this Court's judgment is "a heavy one" that they cannot meet here.  *Paul Vesoulis v. Reshape Lifesciences, Inc.*, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

Plaintiffs solely base their reconsideration request on alleged manifest error in interpreting Mississippi law.  To meet their burden, Plaintiffs would need to prove this Court plainly and indisputably ruled in "complete disregard of controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (A "manifest error" is one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law.").  Rather than attempt to meet that burden, Plaintiffs advance the *exact* same arguments that this Court considered and rejected in *Greer*,

---

[11]  Rec. Doc. 14221.

[12]  Ex. A, Hr'g Tr. 4:14–11:2.

[13]  Rec. Docs. 14431 (Order Dismissing 89 Cases Pursuant to *Greer*), 14432 (Order Dismissing 134 Cases Pursuant to *Greer*).

4

*Smith*, and *Roach*; again in ordering that the show cause hearing proceed; and yet again in dismissing the cases at the show cause hearing over Plaintiffs' objection.[14]

**Latent-Injury Discovery Rule**.  First, Plaintiffs attempt to again revisit this Court's ruling that Plaintiffs' injuries are latent, arguing this Court's decision to dismiss the 223 Plaintiffs' claims is a "manifest error of law" because their hair loss "is [] potentially a 'latent injury'" under Mississippi law.[15]  Plaintiffs rely on *McGowen v. Roman Catholic Diocese of Biloxi*, 319 So. 3d 1086 (Miss. 2021), and *Munson v. C.R. Bard, Inc.*, 561 F. Supp. 3d 655, 680 (N.D. Miss. 2021), to support their argument.  Neither is applicable, nor is either "new law."

In *McGowen*, the Supreme Court of Mississippi held that summary judgment was improper because a jury should decide whether the discovery rule applied to a plaintiff's claims of sexual abuse since the plaintiff had pled that "he repressed the memories of abuse, and he did not remember that the abuse occurred until [less than three years before filing his claims]." *McGowen*, 319 So.3d at 1089.  Similarly, in *Munson*, the Court held that a factual issue precluded a finding that the plaintiff's claim was untimely because there was conflicting testimony as to when the plaintiff discovered her injury.  *Munson*, 561 F. Supp. 3d at 679.  While the plaintiff had argued she was not aware of her injury until January 2012 when she underwent a CT scan that revealed a fractured vena cava filter, the defendant claimed a doctors' note revealed the doctor was aware of the fracture approximately six months earlier, which would have made plaintiff's claims untimely. *Id*. at 679–80.

Unlike in *Munson* and *McGowen*, Plaintiffs have not pled that they have repressed

---

[14]  *See* Rec. Doc. 13776.

[15]  Rec. Doc. 14509-1 (Pls.' Mot. for Reconsideration of Dismissal of 223 Miss. Cases Pursuant to *Greer*) at 3 ("Whether a particular Plaintiff's PCIA constitutes a "latent-injury" calls for a case-by-case factual determination that certainly cannot be utilized to summarily dismiss a large group of cases that have not even had the opportunity to undergo individual discovery in the context of a show-cause order.").

5

memories or that they needed a CT scan to reveal an unseen, internal fracture.  Rather, the Master Complaint alleges that permanent hair loss is a "disfigurement" that "acts as a permanent reminder [to Plaintiffs] that they are cancer victims" and has "altered Plaintiffs' self-image, negatively impacted their relationships, and others' perceptions of them, leading to social isolation and depression."[16]  On the face of their pleadings, Plaintiffs allege a manifest, not a latent, injury that was apparent and discoverable through "personal observation."  *See Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007) ("[A] latent injury is an injury which is hidden or unseen[.]"); *State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 455 (5th Cir. 2009) (Latent injuries are "undiscoverable by reasonable methods such as through personal observation or experience.") (internal citations and quotations omitted).  This Court's ruling that the discovery rule does not apply to save their time barred-claims was proper.  And dismissal of Plaintiffs' claims at the show cause hearing, where Plaintiffs were indeed given the opportunity to argue case-specific facts, was appropriate.

**Fraudulent Concealment**.  Second, Plaintiffs argue this Court committed a manifest error when it dismissed their claims without providing them "the opportunity to engage in individualized discovery and present case-specific factual evidence" to support that the fraudulent-concealment exception applies.[17]  This Court already rejected this same argument in *Greer*, *Roach*, and *Smith* because the law requires concealment of a plaintiff's *claim*, which Plaintiffs did not plead, rather than concealment of the product's risks via its label.[18]  *See Smith v. First Family Fin. Servs., Inc.*,

---

[16]   Rec. Doc. 4407 (Pls.' Master Compl.) ¶¶ 6, 231.

[17]   Rec. Doc. 14509-1 at 7.

[18]   *See Greer* at 8 ("To toll the statute of limitations under the doctrine of fraudulent concealment, Plaintiff would need to show that Sanofi prevented her from discovering her claim, not that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss.  As Sanofi notes, the law is clear that Sanofi's alleged concealment of the risks associated with Taxotere cannot form the basis of both Greer's substantive claim and her claim for tolling.") (internal cites omitted); *see also Roach* at 8-9; *Smith* at 7-8.

436 F. Supp. 2d 836, 840–41 (S.D. Miss. 2006) ("The affirmative act of concealment must have occurred after and apart from the discrete acts upon which the cause of action is premised.") (internal quotations omitted).

As this Court is well-aware, the Master Complaint and Plaintiffs' individual Short Form Complaint do not contain any allegations that Defendants concealed Plaintiffs' claims, as opposed to the alleged risks of Taxotere and/or docetaxel through the label.  And although the show cause process expressly provided an opportunity for individual Plaintiffs to demonstrate they met their pleading burden, not one Plaintiff argued that they pled facts, separate and apart from their failure-to-warn claim, sufficient to support a finding that Defendants prevented her from discovering her claims.

Plaintiffs, yet again, cite to *Alexander v. Wyeth*, 897 F. Supp. 2d 489 (S.D. Miss. 2012). This, however, is not new law warranting reconsideration of a ruling.  And, as discussed in prior briefing, *Alexander* actually supports this Court's holding that the fraudulent concealment exception cannot apply as a matter of law because Plaintiffs "merely alleged that the product drug label was inadequate," not that Defendants concealed Plaintiffs' claims from them.  *Id*. at 494 (holding fraudulent concealment does not apply where plaintiff merely alleges a label is inadequate).

Plaintiffs cannot establish that this Court committed any error, much less a "manifest" one. *See Guy*, 394 F.3d at 325.   Their improper attempt to "rehash" already litigated issues through a motion for reconsideration must fail.  *See Templet*, 367 F.3d at 478–79 (recognizing that courts should deny a motion for reconsideration when the movant merely "rehashes legal theories"); *Baugh v. Voyager Indem. Ins. Co.*, 2021 WL 242859, at *2 (E.D. La. Jan. 22, 2021) ("Defendant's disagreement with the Court's decision does not equate to a manifest error of law.").

7

### III. THE MDL COURT IS AUTHORIZED AND WELL-EQUIPPED TO RULE ON OMNIBUS STATUTE OF LIMITATIONS ISSUES.

To the extent Plaintiffs argue that a show cause process—in and of itself—was improper, that argument is also without merit. The primary purpose of an MDL is to prevent inconsistent rulings and conserve the resources of the judiciary, the parties, and their counsel. *See generally* 28 U.S.C. § 1407(a). "[T]he transferee court's authority has been described as 'broad,' and it necessarily encompasses . . . resolving pretrial motions (including discovery motions, motions to amend, motions to dismiss, motions for summary judgment, and motions for class certification)." *See* Fallon, E., et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tulane L. Rev. 2323, 2328 (2008). Contrary to this authority, Plaintiffs ask this Court to overturn hundreds of dismissals so that this issue can be re-litigated (for yet another time) by the remand court. This Court should decline.

The show cause process used to address Plaintiffs' cases—which provided Plaintiffs with ample opportunity to raise any case-specific issues that they believed precluded dismissal—has been utilized by other MDL courts and is well recognized by the Federal Judicial Center and Judicial Panel on Multidistrict Litigation as an "efficient use of the transferee court's resources in moving the litigation forward." *See* Melissa J. Whitney, Fed. Jud. Ctr. & Jud. Panel on Multidistrict Litig., *Bellwether Trials in MDL Proceedings, A Guide for Transferee Judges* 6(2019); *see also id.* at 6 n.15 (contemplating that after a dismissal based on a dispositive motion, "orders to show cause why similar claims or cases should not be dismissed" can assist in streamlining cases and weeding out invalid claims). Once an MDL judge has ruled on a matter, "it will not take her long to dispose of subsequent motions based on the same legal arguments." Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tulane L. Rev. 2323, 2338 n.73 (2008) (quoting Joan Steinman, *Law of the Case: A Judicial Puzzle in Consolidated and*

8

*Transferred Cases and in Multidistrict Litigation*, 135 U. Pa. L. Rev. 595, 669 (1987)).  That was clearly the case here, where only *one* plaintiff subject to the reconsideration motion raised case-specific objections to dismissal at the show cause hearing.[19]

Other MDL courts have addressed the applicability of Mississippi's statute of limitations in omnibus fashion.  Judge Douglas Woodlock of the District of Massachusetts, for example, granted a Rule 12(b) motion to dismiss applicable to over 100 cases on the basis that the claims were time-barred by Mississippi's statute of limitations based on the pleadings alone.  *See In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 294 (D. Mass. 2015).  After choice-of-law issues were resolved, the court rejected plaintiffs' strenuous argument that the claimed injury (heart attack)[20] was latent under Mississippi law and likewise rejected any finding that the fraudulent concealment alleged in the Master Complaint would toll the statute of limitations.  *Id.* at 310–314.  This was clearly not a "close call" that needed to be reserved for the remand court.

Similarly, in *In re Mirena IUD Products Liability Litigation*, 29 F. Supp. 3d 345, 363 (S.D.N.Y. 2014) ("*Truitt*"), the transferee court dismissed certain claims of individual MDL plaintiff Truitt as time-barred under Texas law.  The Court then issued an order establishing a process for the defendants to identify cases for dismissal pursuant to the *Truitt* ruling, after which each such plaintiff had the choice to "either voluntarily dismiss her case with prejudice or set forth the specific facts and/or law that distinguish her case from Ms. Truitt's." *In re Mirena IUD Prods. Liab. Litig.*, 2015 WL 144214, at *1 (S.D.N.Y. Jan. 9, 2015), *aff'd sub nom. Medinger v. Bayer*

---

[19]   *See* Ex. A, Hr'g Tr. at 19:4-22:14, 7/13/22 Miss. Show Cause Proceedings (Anita Galey).

[20]   The Fresenius MDL court additionally found itself qualified to reject plaintiffs' claimed injury—an increase in bicarbonate levels in the blood—both as contrary to Mississippi law and as at odds with plaintiffs' own Master Complaint.  *In re Fresenius*, 76 F. Supp. 3d at 311-312.

9

*Healthcare Pharms. Inc.*, 667 F. App'x 321 (2d Cir. 2016).  Likewise in the *Avandia Marketing* litigation, the transferee court found two cases time-barred on the pleadings under their respective states' statutes of limitation, and then efficiently applied those rulings to dismiss the claims of 115 other Plaintiffs from 32 other states.  *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2012 WL 3205620, at *5 (E.D. Pa. Aug. 7, 2012); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2014 WL 2011239, at *13 (E.D. Pa. May 16, 2014); *see also In re Processed Egg Prod. Antitrust Litig.*, 931 F. Supp. 2d 654, 656 (E.D. Pa. 2013) (partially dismissing 41 state claims under the limitations laws of 21 jurisdictions).

This Court operated well within its authority.  It followed a recommended and tested course to address an issue common to a subset of the MDL Plaintiffs and to dismiss claims that are plainly time-barred under Mississippi law.  Plaintiffs have come forward with no reason to reconsider this Court's ruling and defer the issue to a remand court.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for reconsideration.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

10

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*


GREENBERG TRAURIG, LLP

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500 New Orleans, Louisiana 70139 Telephone: (504) 581-3234 Facsimile: (504) 566-0210 debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*

11

TUCKER ELLIS LLP

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
Julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*


WILLIAMS & CONNOLLY LLP

/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com


CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*

12

HINSHAW & CULBERTSON LLP

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
Kathleen E. Kelly
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*


ULMER & BERNE LLP

/s/ *Michael J. Suffern*
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*


**CERTIFICATE OF SERVICE**

    I hereby certify that on September 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                                                                           */s/ Douglas J. Moore*
                                                                                                            Douglas J. Moore