# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | MDL No. 2740<br>SECTION "H" (5)<br>JUDGE MILAZZO |
| Julie Griffin, | This Document Relates To:2:19-cv-14048 |
| Plaintiff | |
| vs. | |
| Sanofi-Aventis U.S. LLC, et al. | |
| Defendant(s) | |

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA

Plaintiff requests this Court grant a Motion to Compel Compliance as non-party Blue Cross Blue Shield of North Carolina has failed to respond to a Rule 45 subpoena, issued nearly five months ago. Despite repeated follow up, Blue Cross Blue Shield of North Carolina has failed to produce any responsive documents, object to Plaintiff's request, or even ask for any clarification on the documents requested. As the discovery sought is relevant to Plaintiff's claims, Plaintiff asks this Court to order Blue Cross Blue Shield of North Carolina to produce responsive documents within seven days.

## BACKGROUND

Plaintiff served a Rule 45 subpoena on Blue Cross Blue Shield of North Carolina on May 12, 2022. (Ex. 1.) Pursuant to the subpoena, Blue Cross Blue Shield of North Carolina was to produce relevant documents by June 2, 2022. On August 19, 2022, a second subpoena was issued asking for a response by September 9, 2022 (Ex. 2). As of today, no responsive documents have been produced and no objections have been filed.

## ARGUMENT

Under the Federal Rules of Civil Procedure, the scope of permissible discovery is broad. The Rules permit the discovery of any non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

As this Court knows, Plaintiff alleges that Defendants manufacture Taxotere that caused Plaintiff's injuries. Plaintiff is seeking to establish which defendant manufactured the medication that was actually administered to her. Her medical records do not provide that clarity, so Plaintiff seeks records from the insurer that paid for the treatment.

Plaintiff's subpoena included only one request, tailored to include the production of record(s) identifying the manufacturer of the Taxotere(docetaxel) administered to Plaintiff. Plaintiff's Rule 45 subpoena is well within the scope of permissible discovery and imposes no undue burden or expense on Blue Cross Blue Shield of North Carolina. Blue Cross Blue Shield of North Carolina has failed to produce documents and has failed to object to the subpoena on any grounds, waiving its right to object absent justifiable delay. Given Blue Cross Blue Shield of North Carolina's total failure to comply with the subpoena—neither producing responsive documents nor serving timely objections—Plaintiff asks this Court to compel Blue Cross Blue Shield of North Carolina's compliance with Plaintiffs' May 12, 2022 and August 19, 2022 subpoenas.

## CONCLUSION

Plaintiff respectfully requests that the Court grant its Motion to Compel Compliance with Plaintiff's Rule 45 Subpoena.

**Dated: September 20, 2022**                    **Respectfully submitted,**

/s/ *Steven D. Davis*
Steven D. Davis
TorHoerman Law LLC
210 S. Main Street
Edwardsville, IL 62025
Tel: (618) 656-4400
Fax: (618) 656-4401
sdavis@thlawyer.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Steven D. Davis, hereby certify that on this 20th day of September, 2022, I electronically filedthe foregoing Motion to Compel, using the CM/ECF system and thereby delivered a copy of the same by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ *Steven D. Davis*