# EXHIBIT 2

**THL TorHoerman Law LLC**
People for Justice. Justice for People.

www.THLawyer.com
(888) 508-6752

*From the desk of Steven D. Davis (IL, MO, CA)*

August 19, 2022

**SENT VIA CERTIFIED MAIL**
Tracking: 7020 1810 0000 7080 1339

Blue Cross Blue Shield of North Carolina
**Attn: c/o Chief Financial Officer**
4615 University Drive
Durham, NC 27707

Re: **Subpoena to Produce Insurance Claims Records Identifying the Manufacturer and the Distributor of Taxotere (Docetaxel) in re Taxotere Products Liability MDL 2740, Case No.: 2:19-cv-14048**

To Whom to it May Concern:

    This firm represents Plaintiff Julie Griffin ID W1308405801; DOB 5/14/1973) in the above-referenced litigation. A subpoena has been issued for the production of record(s) identifying the manufacturer of the Taxotere (docetaxel) administered to Ms. Griffin from 2013-2014 at Gaston Hematology & Oncology by James McGrath, MD. Please produce any and all records related to Ms. Griffin's chemotherapy infusions on the previously referenced dates; including but not limited to the pharmacy benefit claims histories, CMS 1450 forms, or any other claim reimbursement forms, National Drug Codes, or any other document(s) identifying the manufacturer of the Taxotere (docetaxel).

    Enclosed, please find the duly executed subpoena served upon you for the production of documents or the appearance of your representative, Exhibit A to the subpoena describing the documents to be produced to our firm by 5:00 p.m. on September 9, 2022 and a HIPAA authorization signed by Ms. Griffin for the release of these documents to our firm.

    It is our hope that you can locate and produce information identifying the manufacturer of the docetaxel administered to Ms. Griffin so we can avoid having to conduct time-consuming and expensive depositions or other discovery. If you have any questions, please contact my paralegal, Rose Kuethe (rose@thlawyer.com) 618-656-4400.

Sincerely,

*Steven D. Davis*

Steven D. Davis
Attorney at Law

SDD/rmk
Enclosures

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| Gulie Griffin | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 2:19-cv-14048 |
| Sanofi-Aventis US LLC, et al. | ) | |
| Defendant | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Blue Cross Blue Shield of North Carolinia, 4615 University Drive, Durham, NC 27707

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: TorHoerman Law LLC<br>210 S. Main Street<br>Edwardsvill, IL 62025 | Date and Time:<br>September 9, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/19/2022

CLERK OF COURT

OR    */s/ Steven D. Davis*

_____            _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Julie Griffin _____, who issues or requests this subpoena, are:

Steven D. Davis, TorHoerman Law LLC; 210 S. Main Street, Edwardsville, IL 62025; sdavis@thlawyer.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:16-md-02740-JTM-MBN Document 14727-2 Filed 09/20/22 Page 4 of 7

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-cv-14048

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: Certified US Mail
Tracking number: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 8/19/2022

*Server's signature*

Jaclyn L Dunnavant
*Printed name and title*

TorHoerman Law LLC
210 S. Main Street
Edwardsville, IL 62025

*Server's address*

Additional information regarding attempted service, etc.:

Case 2:16-md-02740-JTM-MBN   Document 14727-2   Filed 09/20/22   Page 5 of 7

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

You are instructed to produce to Plaintiff, on the date and time and at the location set forth in the Subpoena, the following documents in your possession, custody or control:

## Documents to be Produced

The following documents relating to Julie Griffin and her chemotherapy infusions from 2013-2014:

1. Complete copies of any and all pharmacy benefit claims histories, CMS 1450 forms or any other claim reimbursement forms for the Taxotere (docetaxel) treatments administered at Rex Cancer Center by Susan Moore, MD from 2014-2015; including but not limited to records containing the National Drug Codes or any other document(s) identifying the manufacturer of the Taxotere (docetaxel) administered.

Our firm represents Ms. Griffin in a claim against the manufacturers of Taxotere (docetaxel). **This information is necessary in a currently pending civil case – you are not a defendant or party in this case**. The lawsuit is against the pharmaceutical manufacturers.

We understand that there may be a charge resulting from our request and we agree to pay any reasonable costs related to releasing these documents. If prepayment is required or if you have any questions, please contact paralegal Rose Kuethe, rose@thlawyer.com; ph 618-656-4400 fx 618-656-4401.

We thank you in advance for providing this information.

Facility: **Blue Cross Blue Shield of North Carolina**
Address: **4615 University Drive, Durham, NC 27707**

RE: Health Records Request - HITECH

Dear Records Custodian:

I am a patient at your facility and I am requesting a copy of my medical records. I request that these records be provided in electronic format via fax, CD, thumb drive, or preferably encrypted email. If you choose to Email the records please Email them to records@thlawyer.com.

Patient Name: Julie M Griffin  Patient Birthdate: 5-14-73
Dates of Service: 2013 - present

The specific records I am requesting are the following:
  Complete set of Records for DOS above
  Abstract of Records
  Admission and Discharge Summaries
  Hospital Records, less nurses' notes, social work notes, PT/OT records.
  Medical Records and Office Notes including but not limited to, complete Chart, and any and all questionnaires & intake sheets
  Medical Report
  X-rays, Myelogram Films, and all other films, including reports
  Pathology reports
  Itemized Bill for Medical Services Rendered
  [X] Other ___ **NDC Codes or Manufacturer Information for Taxotere Infusions** ___

Pursuant to the requirements of 45 CFR § 164.524 and Federal Law 42USC § 17935 (e) (i), the applicable rules for this request are:
- My records must be delivered within 30-days of receipt of the request.
- You may bill me a flat fee of $6.50 OR a reasonable cost-based itemized fee including only the following:
  o The labor costs of copying my PHI, Media supply costs for creating the electronic media, and postage.
- Noncompliance includes charging more for sending the records to my third-party designee, TorHoerman Law LLC, or any subsequent or additional third party designee.
- The HITECH Act does not require a HIPAA authorization. This letter is sufficient.
- There is no expiration event or date relating to this patient for the purpose of the use or disclosure of this information.
- Noncompliance includes claiming the inability to provide the PHI via fax, email or alternate electronic format.
- I have the right to revoke this authorization in writing.
- You may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization when the prohibition on conditioning of authorizations in paragraph (b)(4) of 45 CFR §164.508 applies.
- There is a potential for information disclosed pursuant to this authorization to be subject to redisclosure by TorHoerman Law LLC and will no longer be protected by this 45 CFR § 164.508.

My records should be delivered via fax, encrypted email, or other electronic media (CD, thumb drive, etc.) to:

c/o TorHoerman Law LLC          Fax: (618) 656-4401
210 S. Main Street              Email: records@thlawyer.com
Edwardsville, IL 62025          Phone: (888) 508-6752

Sincerely,

_[signature: Julie Griffin]_       8/19/2022
Patient Signature

For more information on your obligation to comply with this request, please log onto: www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html