UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740 |
| | SECTION "H" (5) |

THIS DOCUMENT RELATES TO:
ALL CASES IN ATTACHED EXHIBIT A

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Case Management Order No. 35 instructs Plaintiffs "to effect service of process on all Defendants" by August 31, 2022.[1] Despite the Court's warning that failure to do so will subject Plaintiffs' claims to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m), 85 Plaintiffs have yet to serve Sanofi in this litigation or provide good cause for their failure to do so. Accordingly, the Court should dismiss Sanofi with prejudice from all cases in Exhibit A attached to the Motion.

## ARGUMENT

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for the failure, the court must extend the time period. *See id.*

---

[1] Rec. Doc. 14456 at 1.

1

Where a complaint is not timely served[2] and the defendant challenges service of process pursuant to a Rule 12(b)(5) Motion to Dismiss,[3] the burden is on the plaintiff to establish validity of service by showing that the complaint was timely served or good cause for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish "good cause," a plaintiff "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996). Where a plaintiff cannot demonstrate good cause for his or her failure to comply with the federal and local rules for service, courts sitting in the Eastern District of Louisiana have dismissed the case. *See Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *4 (E.D. La. June 14, 2018); *Brown v. Miss. Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004) (sustaining dismissal on the basis that attorney's medical problems and subsequent resignation did not constitute good cause in the face of the clear record of delay (3 months)). In *Lauderdale*, the court determined good cause did not exist where plaintiffs failed to serve defendants with an amended complaint for eight months due to "mistake." 2018 WL 2985316, at **3-4.

---

[2] A plaintiff may serve a corporation in a judicial district of the United States by (1) delivering a copy of the summons and complaint to an authorized agent; or (2) in a manner prescribed by Rule 4(e)(1) for serving an individual. *See* Fed. R. Civ. P. 4(h). Additionally, the Rules provide that an individual may be served pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Louisiana law, a plaintiff may serve an individual with either: (1) personal; or (2) domiciliary service. La. Code Civ. Proc. art. 1231.

[3] "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Matherne v. La. through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020), *reconsideration denied*, No. CV 18-3396, 2020 WL 1503280 (E.D. La. Mar. 27, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Proc.*, § 1353 (3d ed.)).

At the July 22, 2022 General Status Conference,[4] the Court reminded Plaintiffs that effecting service "is an obligation of the plaintiff and the plaintiff only," and that the Court would give Plaintiffs until August 31, 2022 to verify proper service.[5] The Court subsequently entered Case Management Order No. 35, which ordered Plaintiffs that they had "until August 31, 2022[] to effect service of process on all Defendants named in Plaintiffs' respective Short Form Complaints . . . after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[6]

Indeed, despite missing their initial deadline to serve Sanofi under the Federal Rules of Civil Procedure, the Court gave Plaintiffs a second bite at the apple and fair warning that if they did not effect service by August 31, 2022, their claims would be subject to dismissal. Nevertheless, Plaintiffs have failed to heed the Court's instructions and another warning is unlikely to change their lackadaisical attitude toward the Court's Order or the Federal Rules of Civil Procedure. Additionally, Plaintiffs have not attempted to establish good cause for their failure to effect timely service. Therefore, the Court should dismiss Plaintiffs' claims against Sanofi with prejudice.

## **CONCLUSION**

Plaintiffs have not demonstrated good cause for failure to comply with the Federal Rules and Case Management Order No. 35. Accordingly, Sanofi respectfully requests that this Court grant Sanofi's Motion to Dismiss due to untimely service of process.

---

[4] In January 2022, Defendant Accord Healthcare, Inc. ("Accord") challenged service of process by filing four Rule 12(b)(5) motions to dismiss seeking to dismiss complaints where plaintiffs failed to effect timely or proper service of process without good cause. *See* Rec. Docs. 13704, 13781, 13782, 13802. The Court subsequently responded to the motions as described in detail herein.

[5] Ex. B, Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-MD-2740 (E.D. La. July 22, 2022).

[6] Rec. Doc. 14456 at 1.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore