# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


*************************************************************
IN RE:   TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                            Civil Action No. 16-MD-2740
                            Section "H"(5)
                            New Orleans, Louisiana
                            July 22, 2022

THIS DOCUMENT RELATES TO ALL CASES
*************************************************************

             TRANSCRIPT OF GENERAL STATUS CONFERENCE
         HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                   UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

                       MATTHEW PALMER LAMBERT
                       GAINSBURGH BENJAMIN DAVID MEUNIER
                       & WARSHAUER
                       1100 POYDRAS STREET
                       SUITE 2800
                       NEW ORLEANS, LA 70163

                       CHRISTOPHER COFFIN
                       PENDLEY BAUDIN & COFFIN
                       1515 POYDRAS STREET
                       NEW ORLEANS, LA 70112

                       KAREN BARTH MENZIES
                       GIBBS LAW GROUP
                       400 CONTINENTAL BOULEVARD
                       EL SUGUNDO, CA 90245

                       CHRISTOPHER ELLIOTT
                       BACHUS & SCHANKER
                       1899 WYNKOOP STREET
                       SUITE 700
                       DENVER, CO 80202




                                              OFFICIAL TRANSCRIPT
                               Page 1
```

```
FOR SANOFI S.A.:

                    HARLEY V. RATLIFF
                    ADRIENNE L. BYARD
                    SHOOK HARDY & BACON
                    2555 GRAND BOULEVARD
                    KANSAS CITY, MS 64108

                    DOUGLAS MOORE
                    KELLY E. BRILLEAUX
                    IRWIN FRITCHIE URQUHART & MOORE
                    400 POYDRAS STREET
                    SUITE 2700
                    NEW ORLEANS, LA 70130.


FOR HOSPIRA, INC., HOSPIRA WORLDWIDE, LLC,
FORMERLY DOING BUSINESS AS HOSPIRA WORLDWIDE, INC.,
AND PFIZER, INC.:

                    JOHN F. OLINDE
                    CHAFFE MCCALL
                    1100 POYDRAS STREET
                    SUITE 2300
                    NEW ORLEANS, LA 70163

FOR ACTAVIS PHARMA, INC.:

                    MICHAEL J. SUFFERN
                    ULMER & BERNE
                    600 VINE STREET
                    SUITE 2800
                    CINCINNATI, OH 45202

FOR ACCORD HEALTHCARE, INC.:

                    JULIE CALLSEN
                    TUCKER ELLIS
                    950 MAIN AVENUE
                    SUITE 1100
                    CLEVELAND, OH 44113

FOR SUN PHARMACEUTICAL:

                    GEOFFREY M. COAN
                    HINSHAW & CULBERTSON, LLP
                    28 STATE STREET
                    FLOOR 24
                    BOSTON, MA 02109
```

```
Official Court Reporter:       Nichelle N. Wheeler, RPR, CRR
                               500 Poydras Street, B-275
                               New Orleans, Louisiana 70130
                               (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

**1**         **P R O C E E D I N G S**

**2**         (Call to order of the court.)

**3**         THE COURT: You may proceed.

**4**         MR. LAMBERT: Good morning, Your Honor. Yes, Palmer

**5**   Lambert from Gainsburgh Benjamin, co-liaison counsel for

**6**   plaintiffs here to present Joint Report No. 25 of Liaison

**7**   Counsel.

**8**         And for those of you on the phone or in the courtroom

**9**   really, the document number that was filed this morning is

**10**  14440 if you want to follow along.

**11**        Just a couple of preliminary things, yesterday the

**12**  settlement committees met with Your Honor, and Your Honor has

**13**  given some direction to those settlement committees and tasks

**14**  to do and deadlines, and those committees will be doing those

**15**  things consistent with what they were directed.

**16**        Second, we met this morning, lead and liaison

**17**  counsel. There were some issues related to Wave 1 that are

**18**  pertinent to some counsel who are probably listening on the

**19**  phone, and just very briefly, we discussed the duration of

**20**  authorizations and the court indicated that three years prior

**21**  to the cancer diagnosis was fair game for HIPAA

**22**  authorization, and if there was a prior cancer, three years

**23**  before that.

**24**        And then if defense counsel wants to add anything, it

**25**  certainly can.

**1**      MS. BYARD:  No comment.

**2**      MR. LAMBERT:  Okay.  With regard to issues related to
**3** no records of chemotherapy or oncologists and with regard to
**4** whether or not the physician is deceased or living, those
**5** issues Your Honor has deferred to the transferor court.

**6**      With regard to photographs --

**7**      MS. BYARD: Sorry.  On that, Palmer, my understanding
**8** was that there was direction that counsel could confer,
**9** individual counsel and defense counsel could continue to
**10** confer, on those issues about whether they're appropriate to
**11** proceed with discovery.

**12**     MR. LAMBERT:  Okay.  Thank you, Ms. Byard.

**13**     THE COURT:  I'm ordering the parties to confer, but
**14** this court is not going to make a determination as to the
**15** proceeding and that will be handled by the transferor court
**16** if they're not able to come to some resolution with counsel.

**17**     MR. LAMBERT:  Thank you, Judge.

**18**     And the fourth issue was related to the production of
**19** photographs, and Your Honor has directed leadership to
**20** discuss with counsel the photo obligations of this process.

**21**     And, finally, just before I get into the Joint
**22** Report, I think I speak for both or for all parties, we
**23** really appreciate Ms. Flanders' help in this MDL and this
**24** will probably be her last general status conference.

**25**     So we thank you for making our lives easier.

1          Okay. Joint Report starts with Section 1, Report of
2  Claims and Case Inventory. As of this date, there are
3  approximately 11,643 cases pending in the MDL with
4  approximately 3,936 cases that have been closed, dismissed,
5  or remanded since its inception.
6          Section 2 of the Joint Report is Federal/State
7  Coordination. There are remaining cases pending in
8  California, New Jersey, Delaware, and Mississippi. This
9  report is largely unchanged, but I will just mention that the
10 *Ernyes-Kofler* case in Santa Clara County is set for trial on
11 March the 13th of next year. And in New Jersey, Judge Bruce
12 Kaplan is handling the multi-county litigation. There are
13 156 cases pending there, and the next status conference is
14 next week, July 27th.
15         Section 3, Pretrial Orders, the only new pretrial
16 order since our last conference is No. 125 setting today's
17 conference.
18         Case Management Orders, there were two since the last
19 hearing. That's 14N setting the schedule for Trial 1A and
20 Case Management Order No. 34A regarding the status of Remand
21 1 cases, Wave 1 cases. We'll talk about Trial 1A later on in
22 this report.
23         No. 5, Counsel Contact Form, there's no change to
24 this section. Please complete it if you haven't.
25         No. 6, Master Complaint, Short Form Complaint,

**1**   there's no change to this section.

**2**   No. 7, Plaintiff and Defendant Fact Sheets, I won't
**3**   read into the record the numbers, but the parties,
**4**   particularly defendants, have updated the numbers of cases,
**5**   plaintiff fact sheets per defendant in that section.

**6**   Section No. 8, Service on Defendants, this section is
**7**   unchanged, but I do want to remind counsel of the revised
**8**   pretrial order related to streamlined service on Accord.
**9**   That's Record Document 13877.

**10**   And we also discussed some pending motion practice
**11**   related to failure of counsel to serve defendants and the
**12**   Court will be entering an order that all counsel have until
**13**   August 31, 2022, to correct any service issues in their
**14**   cases.

**15**   THE COURT: All right. I want to speak to that just
**16**   briefly. And I want plaintiffs' counsel to understand that
**17**   it is the obligation of the plaintiff to properly serve and
**18**   you should not anticipate some notice coming from a defendant
**19**   to say, oh, by the way, I have not been served. It's not the
**20**   defendant's obligation to search through plaintiff fact
**21**   sheets to determine if they are indeed a defendant. And so I
**22**   am -- this is an obligation of the plaintiff and the
**23**   plaintiff only, and I will give you until August 31st to
**24**   verify proper service.

**25**   MR. LAMBERT: Thank you, Judge. And if anybody has

1  any questions as to the pertinent streamlined service orders,
2  please get in touch with me or Dawn and we can help you.
3          Section 9, Product Identification Order, not much of
4  this section has changed although the first CMO 12A hearing
5  occurred in April, and then there was another one recently
6  last week.  And there were some dismissals of cases where
7  plaintiffs failed to produce product identification.  The
8  next CMO 12A hearing is set for September 13, 2022.
9          Section 10 regarding Preservation Order and No. 11,
10 Protective Order, those sections are unchanged as is
11 Section 12 on ESI.
12         Section 13, Discovery of Defendants and Trial Case
13 Discovery, this is what I mentioned earlier.  The first
14 bellwether trial, *Barbara Earnest*, was reversed by the Fifth
15 Circuit.  The Court entertained summary judgment briefing
16 post-remand from the Fifth Circuit, and there were settlement
17 discussions that proceeded before Magistrate Judge North
18 which turned out to be successful and that case has been
19 dismissed based on the parties' compromise.
20         Section B of this section is related to the second
21 bellwether trial of *Kahn* and the only update to that section
22 is that the plaintiff's motion for relief from judgment
23 pursuant to Rule 60(b) has now been set for hearing.  Oral
24 argument will proceed on August the 26th.  The Fifth Circuit
25 has extended Ms. Kahn's deadline to file her opening brief

**1**  until 14 days after the court's determination on that motion.

**2**  Subsection C, D, and E related to the bellwether
**3**  trials, 3, 4, and 5, are unchanged from the prior report.

**4**  Section 14 regarding Motion Practice also is largely
**5**  unchanged. There were choice of law briefing submitted
**6**  related to the *Mixon* Michigan issues as well as the
**7**  Mississippi statute of limitation issues related to the *Greer*
**8**  matter and the court has indicated this morning to us that
**9**  those choice of law matters will be deferred to the
**10** transferor courts.

**11** THE COURT: That's correct. Maybe we should include
**12** at this point -- but on some of those cases, there's a
**13** question as to venue, and I'm going to defer that until a
**14** later date because we are going to have to address those
**15** matters as to where the courts -- those cases will be
**16** transferred, the venue to which those cases will be
**17** transferred.

**18** MR. LAMBERT: Thank you, Judge, for that
**19** clarification. Appreciate that.

**20** And, lastly, there are preemption motions pending
**21** filed by Sandoz, Accord, and Hospira, and those motions are
**22** fully briefed, orally argued, and under advisement by the
**23** Court.

**24** There are also -- I shouldn't have said finally.
**25** There are also a few motions to dismiss based on untimely

**1** service of process and based on our prior discussion about
**2** the August 31st deadline. Those will be addressed, hopefully
**3** cured, by that deadline.
**4** Section 15 regarding Remands, this section was
**5** discussed in quite some detail today in lead liaison meeting.
**6** Just a brief summary, there remain 114 cases proceeding with
**7** Wave 1 discovery pursuant to Case Management Order No. 33,
**8** and the deadline to complete the limited discovery that's set
**9** forth in CMO 33 is January 3rd of next year by the parties'
**10** agreement.
**11** Section 16 regarding Special Master For Plaintiffs'
**12** Time and Expenses is unchanged. And the next status
**13** conferences will be set on September 14th. That will be lead
**14** liaison and general status conferences.
**15** Unless Your Honor or anybody has questions, that's
**16** the conclusion of the report.
**17** THE COURT: Anything, Mr. Moore?
**18** MR. MOORE: Good morning, Doug Moore on behalf of
**19** Sanofi. We have nothing to add to the report by Mr. Palmer.
**20** THE COURT: Thank you.
**21** Anything further? Mr. Olinde?
**22** MR. OLINDE: Your Honor, for the 505(b)(2), of
**23** course, we join in thanking you for doing a wonderful job and
**24** we are sorry to have you go.
**25** THE COURT: I am too.

```
 1          Thank you.
 2          Anything further?  Court's adjourned.
 3                         * * * *
 4          (WHEREUPON, the proceedings were adjourned.)
 5                         * * * *
 6                    REPORTER'S CERTIFICATE
 7          I, Nichelle N. Wheeler, RMR, CRR, Official Court
    Reporter, United States District Court, Eastern District of
 8  Louisiana, do hereby certify that the foregoing is a true and
    correct transcript, to the best of my ability and
 9  understanding, from the record of the proceedings in the
    above-entitled and numbered matter.
10
11                         /s/ Nichelle N. Wheeler
                           Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```