UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*All cases in attached Exhibit A* | MDL No. 2740<br><br>Section: N(5)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAG. JUDGE NORTH |

### MEMORANDUM OF LAW IN SUPPORT OF SANDOZ INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Case Management Order No. 35 ordered Plaintiffs to "effect service of process on all Defendants" by August 31, 2022. Rec. Doc. 14456 at 1. As of the date of the filing of this motion, 104 Plaintiffs have failed to comply with that directive and have neither served Sandoz in this litigation nor shown good cause for that failure. The Court expressly warned Plaintiffs on July 22, 2022 that failure to serve defendants by the August 31, 2022 deadline would subject Plaintiffs' claims to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m). Accordingly, the Court should dismiss Sandoz with prejudice from each of the unserved cases, which are identified in Exhibit A to the Motion.

### ARGUMENT

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff

1

shows "good cause" for the failure, the court must extend the time period. *Id.*

At the July 22, 2022 General Status Conference[1], the Court reminded the hundreds of Plaintiffs in this MDL who have failed to serve their complaints that effecting service "is an obligation of the plaintiff and the plaintiff only," and stated that the Court would give Plaintiffs until August 31, 2022 to verify proper service. Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-MD-2740 (E.D. La. July 22, 2022). The Court subsequently entered Case Management Order No. 35, which ordered Plaintiffs that they had "until August 31, 2022[] to effect service of process on all Defendants named in Plaintiffs' Short Form Complaints . . . after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." Rec. Doc. 14456 at 1.

More than 100 plaintiffs failed to meet their deadline to serve Sandoz under the Federal Rules of Civil Procedure, in many cases by months, or even years.[2] Then, the Court gave Plaintiffs a clear and direct warning that if they did not effect service by August 31, 2022, their claims would be subject to dismissal. Each of the Plaintiffs identified on Exhibit A to the Motion failed to heed the Court's instructions and still have not served Sandoz. There has been no cause shown and the court should not entertain untimely attempts by Plaintiffs to justify their delay.[3] Further extensions of time

---

[1] In January 2022, Defendant Accord Healthcare, Inc. ("Accord") challenged service of process by filing four Rule 12(b)(5) motions to dismiss seeking to dismiss complaints where plaintiffs failed to effect timely or proper service of process without good cause. *See* Rec. Docs. 13704, 13781, 13782, 13802. The Court subsequently responded to the motions as described in detail herein.

[2] Plaintiffs' failure is even more egregious in light of the Court's order providing for streamlined service, easing plaintiffs' burden.

[3] Although the Court has the discretionary power to extend time to effect service where good cause is lacking, the facts here do not support such a ruling. *See Brown v. Miss. Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004) (sustaining dismissal on the basis that attorney's medical problems and subsequent resignation did not constitute good cause in the face of the clear record of delay (3

2

are unwarranted and would only encourage Plaintiffs' dilatory conduct. Therefore, the Court should dismiss Plaintiffs' claims against Sandoz with prejudice.

## CONCLUSION

The Plaintiffs identified on Exhibit A to the Motion have not served Sandoz and have not demonstrated good cause for failure to comply with the Federal Rules and Case Management Order No. 35. Accordingly, Sandoz respectfully requests that this Court grant Sandoz's motion to dismiss for untimely service of process, and dismiss with prejudice all claims against Sandoz in each of the cases identified on Exhibit A.

Dated:  September 29, 2022          Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Nicholas A. Insogna
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com
Insognan@gtlaw.com

*Attorneys for Sandoz Inc.*

---

months)); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *4 (E.D. La. June 14, 2018) (good cause did not exist where plaintiffs failed to serve defendants with an amended complaint for eight months due to "mistake").

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2022, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Nicholas A. Insogna*

Nicholas A. Insogna

ACTIVE 681915183v2