UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : MDL NO. 2740 <br> : <br> : SECTION "H" (5) <br> : JUDGE JANE TRICHE MILAZZO <br> : MAG. JUDGE MICHAEL B. NORTH <br> : |
| THIS DOCUMENT RELATES TO <br> MELODIE WELLS SMITH, No. 2:18-cv-14198 | : <br> : |

**PLAINTIFF, MELODI WELLS SMITH'S RESPONSE TO DEFENDANTS HOSPIRA AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CMO 35**
**AND**
**PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Melodie Wells Smith, Plaintiff, Responds to Hospira's and Pfizer's Motion to Dismiss For Failure to Comply with CMO 35, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, because:

1. Per CMO 35, Plaintiff was required to serve Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., with summons, no later than August 31, 2022. Lindsey Pittman, a legal assistant who is no longer with Plaintiff's counsel's law firm, mistakenly served Sun Pharmaceutical Industries, Inc., at docetaxel@hinshawlaw.com email address on January 30, 2019. The correct email address, to serve Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., was HospiraTaxotereMdl@WolteresKluwer.com. However, Ms. Pittman, believing that service had been effectuated upon the Hospira Defendants, noted, in the file that the Hospira Defendants had been served. Plaintiff's counsel, therefore, was under the mistaken

1

impression, due to our notes, that Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., had been properly and timely served back in 2019.

2. Promptly after Defendants' Motion to Dismiss For failure to comply with CMO 35 was filed, Plaintiff's counsel corrected the mistake by properly serving Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., with the Summons at HospiraTaxotereMDL@WoltersKluwer.com, email address on October 4, 2022.

3. Rule 6(b)(1)(B), *Fed. R. Civ. P.* states:

> (b) **Extending Time**.
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

4. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., in compliance with CMO 35, was not the result of conscious indifference, by Plaintiff's counsel, but due to a clerical error, excusable neglect and a good faith belief that service on Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., had been properly and timely effectuated, as reflected in the affidavit of Matthew Vinson, Exhibit A.

5. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice with result to Defendants by extending the time, for this Plaintiff, for a mere 5 weeks, to October 4, 2022, to comply with CMO 35.

WHEREFORE, Plaintiff, Melodie Wells Smith, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022, to October 4, 2022, and denying Defendants Hospira and Pfizer's Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff prays for such other appropriate relief.

Respectfully submitted,

FERRER, POIROT & WANSBROUGH

/s/John T. Kirtley, III
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Ave., Suite 300
Dallas, Texas 75219
214-521-4412
214-526-6026 (fax)
jkirtley@lawyerworks.com
  (Asst. molvera@lawyerworks.com)
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/John T. Kirtley, III
John T. Kirtley, III