**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
|  | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Ramona Clamon*, No. 2:19-cv-03422 *Charlotte Jefferson*, No. 2:17-cv-00756 *Cynthia Kinsella*, No. 2:19-cv-00368 |  |

<u>**MEMORANDUM OF LAW IN SUPPORT OF ACTAVIS PHARMA, INC.'S, ACTAVIS LLC'S AND SAGENT PHARMACEUTICALS, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**</u>

Actavis Pharma, Inc., Actavis LLC (the "Actavis Defendants") and Sagent Pharmaceuticals, Inc. ("Sagent") hereby move to dismiss with prejudice the three cases referenced above for failure to timely serve process. Plaintiff's counsel in *Ramona Clamon*, No. 2:19-cv-03422, attempted to serve the Actavis Defendants and Sagent on September 30, 2022. Plaintiff's counsel in *Cynthia Kinsella*, No. 2:19-cv-00368, attempted to serve the Actavis Defendants and Sagent on October 6, 2022; and Plaintiff's counsel in *Charlotte Jefferson*, No. 2:17-cv-00756, attempted to serve the Actavis Defendants on September 30, 2022.[1] The attempted service in *Clamon* and *Jefferson* came after those cases were included on Sanofi's or Sandoz's Motions to Dismiss for Failure to Comply with Case Management Order No. 35. (*See* Rec. Docs. 14751 and

---

[1] Sagent is not named as a defendant in the *Charlotte Jefferson* case. In addition, the short form complaint in *Charlotte Jefferson* was filed before entry of Pretrial Order No. 53 on July 20, 2017 (Rec. Doc. 664), pursuant to which the purported defendant identified as "Allergan Finance LLC f/k/a Actavis Inc." was replaced with Defendant Actavis LLC f/k/a Actavis Inc. As a result, Actavis LLC is incorrectly identified in the case and on the Court's docket as "Allergan Finance LLC f/k/a Actavis Inc."

14763, filed September 27, 2022 and September 29, 2022, respectively). The Actavis Defendants and Sagent incorporate the arguments set forth in those motions as if fully set forth herein.

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons and a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time" except upon good cause shown. Fed. R. Civ. P. 4(m). These three Plaintiffs, who filed suit in 2017 and 2019, egregiously failed to comply with the deadlines for service as to the Actavis Defendants and/or Sagent.

In addition, in response to motion practice initiated by codefendant, Accord Healthcare, Inc., in January 2022 based on failure to effect timely or proper service of process without good cause (*see* Rec. Docs. 13704, 13782, 13781, and 13802),[2] the Court reminded all Plaintiffs in the MDL at the July 22, 2022 General Status Conference that effecting service "is an obligation of the plaintiff and the plaintiff only," and that the Court would give Plaintiffs until August 31, 2022 to verify proper service. Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-md-2740 (E.D. La. July 22, 2022). The Court subsequently entered Case Management Order No. 35—applicable to all cases in the MDL—ordering that "all Plaintiffs have until **August 31, 2022**, to effect service of process on all Defendants named in Plaintiffs' Short Form Complaints." (Rec. Doc. 14456 at 1 (emphasis in original)). After that date, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (*See id.*).

---

[2] The Actavis Defendants filed motions to dismiss incorporating Accord's arguments by reference in the *Mary Massino* and *Tarnya King* cases. (*See* Rec. Docs. 13800 and 14202).

Despite the Court's warning that failure to serve Defendants by August 31, 2022 would subject Plaintiffs' claims to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m), the three Plaintiffs subject to this motion failed to do so within the allotted time period. Plaintiffs have not established good cause for their failure and, thus, the Court should dismiss Plaintiffs' claims against the Actavis Defendants and Sagent with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Actavis Defendants and Sagent respectfully request that Plaintiffs' claims be dismissed with prejudice.

DATED: October 7, 2022

Respectfully submitted,

/s/ *Michael J. Suffern*
Michael J. Suffern
Jenifer Snyder Heis
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
Email: msuffern@ulmer.com
Email: jheis@ulmer.com

*Attorneys for Actavis Pharma, Inc., Actavis LLC and Sagent Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I electronically filed the forgoing with the Clerk

of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Michael J. Suffern