**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO.  2740 |
| | ) | |
| | ) | SECTION "H" (5) |
| | ) | Chief Judge: MILAZZO |
| | ) | Magistrate Judge: NORTH |
| This Document Relates to | ) | |
| | ) | |
| *Coretta Tengesdahl v. Sanofi-Aventis U.S., LLC, et al* | ) | |
| *LLC et al.;* ***Case No.: 2:17-cv-6354*** | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CMO 35

NOW INTO COURT through undersigned counsel, come Plaintiff, Coretta Tengesdahl, who respectfully move this Honorable Court to deny the Motion to Dismiss filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively "Hospira"). The accompanying Memorandum in Opposition supports the denial of Defendants' Motion and thoroughly establishes that *Coretta Tengesdahl* claims should not be dismissed.

**Respectfully submitted**:

*/s/ Markita Hawkins*
Markita Hawkins (LA Bar No. 35812)
Joseph M. Bruno (LA Bar No. 3604)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:   (504) 561-6775
jbruno@brunobrunolaw.com
*Attorneys for Plaintiff Coretta Tengesdahl*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2740, on this 10th day of October, 2022

*/s/ Markita Hawkins*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2740 |
| | ) | |
| | ) | SECTION "H" (5) |
| | ) | Chief Judge: MILAZZO |
| | ) | Magistrate Judge: NORTH |
| This Document Relates to | ) | |
| | ) | |
| *Coretta Tengesdahl v. Sanofi-Aventis U.S., LLC, et al LLC et al.;* **Case No.: 2:17-cv-6354** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH CMO 35**

Plaintiff, Coretta Tengesdahl, hereby submit the following memorandum in opposition to Defendants' Motion to Dismiss her Complaint with Prejudice.

**FACTUAL BACKGROUND**

On October 3, 2022, Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira, Inc. filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 ("CMO 35"). Per Case Management Order 35, *Coretta Tengesdahl* was required to serve Hospira Inc. and Hospira Worldwide LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively "Hospira") and Pfizer, Inc.  As a result of this Order, Plaintiff, Coretta Tengesdahl's case was included on a case list attached as "Exhibit A" to that Motion.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need only plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,547 (2007)).

A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

Rule 41(b) permits dismissal with prejudice for failure to prosecute and failure to follow a court order. See Fed R. Civ. P. 12(b)(5), 41(b).

Rule 6(b)(1)(B) permits an extension of time after the time has expired if the party failed to act because of excusable neglect.

## ARGUMENT

On January 24, 2020, our office put Defendants' Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc. on notice that Plaintiff *Coretta Tengesdahl' s* Short Form Complaint would be amended to dismiss Defendants' Sanofi-Aventis U.S., LLC et al., to add them as Defendants.

On March 19, 2020, Plaintiff *Coretta Tengesdahl' s* Amended Short Form Complaint was filed in the Eastern District of Louisiana.

After filing the Amended Short Form Complaint, Governor Edwards issued a Stay-at-Home Order on March 22, 2020, directing all Louisiana residents to shelter at home and limits movements outside of their homes beyond essential needs to further combat the spread of Covid-19 in Louisiana. As a result, the failure to serve Hospira in compliance with Case Management

Order 35, was not the result of conscious indifference but was a result of an inadvertent error during a national crisis.

Plaintiff, *Coretta Tengesdahl*, first became aware of this deficiency in service when Defendants Hospira and Pfizer, Inc. filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 ("CMO 35"). Prior to the Defendant's Motion to Dismiss, Plaintiff was unaware of this inadvertent error and excusable neglect.

Despite these facts and upon learning of the deficiency, on October 7, 2022 and October 10, 2022, our office immediately requested summons be issued for service.

To date, there has been no settlement discussions and this case has not been set for trial. To grant an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. The COVID-19 pandemic caused global social and economic disruption which included businesses and Courts shutting down and/or having limited capacity for months. The COVID-19 pandemic caused disruption to Bruno & Bruno, LLP and this inadvertent error is the result of this global social and economic disruption.

As such, the Defendants would not be harmed or unfairly prejudice with the result to Defendants by extending the time for one (1) Plaintiff's claim to October 31, 2022 to comply with CMO 35.

## CONCLUSION

**For the foregoing reasons**, we pray that the Court grant our request for an extension of time for Plaintiff to comply with CMO 35, from August 31, 2022 to October 31, 2022, and deny Defendants' Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc. Motion to Dismiss for Failure to Comply with CMO 35.

**Respectfully submitted:**


*/s/ Markita Hawkins*
Markita Hawkins (LA Bar No. 35812)
Joseph M. Bruno (LA Bar No. 3604)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:  (504) 561-6775
jbruno@brunobrunolaw.com
*Attorneys for Plaintiff Coretta Tengesdahl*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2740, on this 10th day of October, 2022.

*/s/ Markita Hawkins*