UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2740 SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| Martine Reeder  Plaintiff(s), vs. Hospira Worldwide. LLC et al  Defendant(s). ------------------------------------------------------------- | : : : : : : : : : : : | Civil Action No.: 2:19-cv-13981 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT TO IT'S RESPONSE TO DEFENDANTS HOSPIRA'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE**

Plaintiff Martine Reeder, by and through her counsel of record, The Carlson Law Firm, PC, submits her response to Defendant Hospira's, Inc's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, for reasons as follows:

1. Plaintiff's Complaint was originally filed by local counsel Robins Kaplan LLP in the Superior Court of New Jersey on December 11, 2017 (Civil Action BER-L-008721-17). The original law firm did not serve defendants at that time. Plaintiff's case was removed to the Taxotere MDL on November 11, 2019 by local counsel (See *Exhibit A)*. Although the lack of service was pointed out in the Notice of Removal, Plaintiff was unaware of this error at the time when the Court entered CMO 35. When CMO 35 came out Plaintiff diligently checked for service on all defendants on all cases that it had filed in the Taxotere

MDL Court, and missed one case because it was originally filed in New Jersey. Also, in Defendants' Motion to Dismiss for Failure to Comply with CMO 35, (see Doc. 14770) defendant's still list Robins Kaplan LLP as counsel. Since this was a transfer and not a direct file in the MDL, no summons was issued. Plaintiff will need time to request a summons, receive and serve defendant.

   2. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

   3. The factual record here demonstrates inadvertence, not deliberate conduct. Counsel for Plaintiff first became aware of her failure to effect service on October 3, 2022 Hospira filed their motion to dismiss by Plaintiff's liaison counsel. Ms. Reeder has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality. This is not a circumstance where Ms. Reeder's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

   4. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed*

*Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

5. The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. Reeder has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant.

6. Additionally, the CM/ECF docket for Plaintiff's Civil Action No. 2:19-cv-13981, which is linked to the MDL docket, never gave any electronic notice or warning that the Defendant needed to be served or that proof of service needed to be filed. Moreover, Plaintiff's counsel had not been receiving email notifications from the CM/ECF system regarding Plaintiff's case as there was an error in the notification options selection screen.

7. Finally, there is no prejudice to Defendant arising out of the delay in service. Ms. Reeder as otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and an amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations. Defendant was well aware of Ms. Reeder case as Defendant issued a deficiency notice on MDL Centrality on April 7, 2021. In light of these circumstances, there is no basis to assert that Defendant has

been prejudiced. Plaintiff's case is in the exact same state as the thousands of other non-bellwether plaintiffs.

8. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they would have if Hospira had been timely served. Defendant's Motion to Dismiss should be denied.

9. Rule 6(b)(1)(B), Fed. R. Civ. P. states:

> (b) **Extending Time**.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

10. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Hospira, in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service to Hospira had been properly and timely effectuated.

11. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Defendants by extending the time, for this Plaintiff, to October 21,

2022, to comply with CMO 35.

WHEREFORE, Plaintiff, Martine Reeder, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022, to October 21, 202.  Since this was a transfer and not a direct file in the MDL, no summons was issued.  Plaintiff will need time to request, receive and serve defendant; and denying Defendants Hospira's Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff prays for such other appropriate relief.

Dated: October 10, 2022

        Respectfully submitted

        */s/ Eric W. Newell*

        Brent@bcoonlaw.com
        Eric W. Newell
        Texas Bar No. 24046521
        Eric_Newell@bcoonlaw.com
        215 Orleans
        Beaumont, TX 77701
        Phone (409)835-2666
        Fax (409)835-1912

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED: October 10, 2022.

/s/ *Eric W. Newell*