UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Master Docket Case No. 2:16-md-02740 |
| | Honorable Jane Triche Milazzo |
| **THIS DOCUMENT RELATES TO:** Kathleen L. Gilson<br><br>v.<br><br>Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.; Sanofi-Aventis U.S. LLC; | Case No. 2:17-cv-14003 |

**PLAINTIFF'S RESPONSE TO DEFENDANT HOSPIRA, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO NO. 35**

Plaintiff Kathleen L. Gilson, by and through her counsel of record, Diamond Law, PLLC, submits her response to Defendant Hospira, Inc's Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, for reasons as follows:

1. Plaintiff has complied with all pre-trial orders and timely completed and served through MDL Centrality her PFS and supporting documentation, including both an original and two amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations.

2. In light of the above, Plaintiff's counsel was surprised to see the ECF filing notification that on October 3, 2022, Hospira Inc. had filed a Motion to Dismiss for failure to effect service which attached a list of cases including Plaintiff's.

3. After Plaintiff's counsel received Hospira, Inc.'s Motion to Dismiss, Plaintiff's

1

counsel asked his assistant, Kathy Hampton, to investigate this, as a former assistant at their former law firm was tasked with completing service when Plaintiff's complaint was amended to reflect Hospira, Inc. as a proper Defendant. Unfortunately, Ms. Hampton was unable to find proof that Plaintiff's amended complaint was served on Hospira, Inc. Plaintiff has now served Hospira, Inc. in accordance with PTO 40A. **Exhibit 1**.

4.      While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. The factual record here demonstrates the Plaintiff complying with case requirements, not contumacious conduct. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

5.      In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt)

2

aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

6. The delay here is not attributable to the Plaintiff, but rather to an oversight by a former employee of her counsel. Plaintiff has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant. Plaintiff's counsel had been informed that service had been effected. It wasn't until Hospira, Inc. filed their Motion to Dismiss that Plaintiff's counsel learned otherwise.

7. Finally, there is no prejudice to Defendant arising out of the delay in service. Plaintiff has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and two amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations. In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Plaintiff's case is in the exact same stasis as the thousands of other non-bellwether plaintiffs. Furthermore, in light of its direct knowledge that Plaintiff was asserting a claim against Hospira, Inc., Defendant could not have reasonably formed any settled expectations that the statute of limitations had expired on Plaintiff's claims.

8. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the

"aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they would have if Hospira, Inc. had been timely served. Defendant's Motion to Dismiss should be denied.

9. Promptly after Defendant's Motion to Dismiss For Failure To Comply With Case Management Order No. 35 was filed, Plaintiff's counsel corrected the mistake by properly serving Hospira, Inc. with the Summons and Complaint at HospiraTaxotereMDL@WoltersKluwer.com email address on October 10, 2022. **Exhibit 1**. Plaintiff's counsel received an automatic reply confirmation email regarding the service the same day. **Exhibit 2**. Plaintiff's counsel also emailed defense attorney Heidi K. Hubbard on October 10, 2022, to notify Hospira, Inc. of the service issue and to let Hospira, Inc. know that service had been effected. **Exhibit 3**.

10. Rule 6(b)(1)(B), Fed. R. Civ. P. states:

> (b) **Extending Time**.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

11. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Hospira, Inc., in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a good faith belief that service on Hospira, Inc. had been properly and timely effectuated.

12. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior and has never even received any deficiency notices throughout the course of this litigation. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or

prejudice will result to Defendants by extending the time, for this Plaintiff, for 40 days, to October 10, 2022, to comply with CMO 35.

WHEREFORE, Plaintiff, Kathleen L. Gilson, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022, to October 10, 2022, and denying Defendants Hospira, Inc.'s Motion to Dismiss For Failure To Comply With Case Management Order No. 35, as moot. Plaintiff prays for such other appropriate relief.

Dated: October 10, 2022					Respectfully Submitted,

/s/ David J. Diamond
David J. Diamond, Esq.
AZ Bar No.: 010842 (Pro Hac Vice)
DIAMOND LAW, PLLC
1700 E. River Road, #65237
Tucson, AZ 85718
Telephone:  (800) 966-5535
Facsimile:  (520) 527-1074
Email:  ddiamond@diamondlawusa.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, David J. Diamond, hereby certify that on October 10, 2022, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ David J. Diamond
David J. Diamond