UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 <br><br> SECTION "N" (5) <br><br> JUDGE JANE TRICHE MILAZZO MAG. <br><br> JUDGE MICHAEL B. NORTH |
| THIS DOCUMENT RELATES TO: <br><br> *Barbara Matter v. Hospira, Inc., et al* <br><br> Civil Action No.: 2:17-cv-17397 | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HOSPIRA AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiff Barbara Matter, by and through her counsel of record, Andrew Kirkendall and Alexander Dwyer of Kirkendall Dwyer LLP, submits her response to Defendants Hospira, Inc., and Hospira Worldwide, LLC (f/k/a Hospira Worldwide, Inc.) Motion to Dismiss for Failure to Comply with Case Management Order No. 35.

**STATEMENT OF FACTS**

On or about December 15, 2017, Plaintiff Barbara Matter, by and through her counsel of record, Kirkendall Dwyer LLP, filed her Short Form Complaint against the manufacturers of Taxotere®/docetaxel, including Defendants Hospira, Inc. and Hospira Worldwide, LLC (hereinafter " Hospira defendants") for damages sustained from injuries suffered by Plaintiff resulting from her Taxotere®/docetaxel. (Short Form Complaint Dkt. 1). On or about December, 19, 2017, the summons for Defendants in this matter were issued by the Clerk of Court. Pursuant to this Court's Pre-Trial Order No. (PTO 40A), Plaintiff was to effectuate service of the Summons and Complaint on all Defendants within ninety (90) days from when the Complaint is filed, which

was on or about March 15, 2018. However, Plaintiff's counsel failed to timely serve the Summons and Complaint due to an apparent inadvertent clerical error by Plaintiff's counsel.

On or about July 26, 2022, the Court entered Case Management Order No. 35 regarding the deadline to effectuate service of process on all named Defendants. Plaintiff's counsel received the Order via the ECF filing system but was unaware that Plaintiff was not in compliance.

On or about October 3, 2022, Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Master Doc. No. 14770) identifying Plaintiff Barbara Matter. Upon learning of the non-compliance, Plaintiff's counsel <u>immediately served</u> defendants in accordance with Pretrial Order 40A Streamlined Service Order on Hospira, Inc., (Master Doc. No. 509) see **Exhibit A** *(*Email to Defendants)**.**

## **LEGAL STANDARD**

***Plaintiff is able to show "Good Cause" for the Delay in Service and even when "Good Cause"*** *may be deemed absent, this Court has full discretionary power to extend time for service.*

The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m)

2

broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997)("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

***While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard of the Plaintiff's case would be time-barred due to the expiration of the statute of limitations.***

The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), states that dismissal with prejudice in circumstances where the Plaintiff's case would be time-barred due to the expiration of the statute of limitations requires "a clear record of delay or contumacious[1] conduct by the plaintiff…, and where lesser sanctions would not serve the best interests of justice." The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id*. Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which Plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

---

[1] Refusing to obey or respect the law in a way that shows contempt.
 (https://dictionary.cambridge.org/us/dictionary/english/contempt)

3

In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452. F.3d at 418-419.

But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

## ARGUMENT

Here, Plaintiff has shown good cause of the failure to timely serve. As set forth below, Plaintiff did not delay in prosecuting this action, rather, Plaintiff commenced discovery by providing thorough and accurate information to the relevant and pertinent discovery demands. On February 28, 2018 Plaintiff timely served all discovery demand responses pursuant to relevant PTOs and CMOs. Plaintiff also received notice from 505(b)(2) Defendants of her CMO 12A deficiency, which led Plaintiff's counsel to believe that Plaintiff's complaint was properly served. The factual record here demonstrates inadvertence, not contumacious conduct. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

Plaintiff submits that she has made the requisite showing of good cause for the delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff exhibited diligent effort

4

by filing all discovery-related documents as specified above, Defendants had actual notice of the suit (at minimum through Defense Liaison Counsel) since, in or about the time that the Complaint was filed.

The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. Matter has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay perfecting service on the Defendant. Additionally, there is no record of "stubborn resistance to authority" as described in *Pate,* 2020 WL 6708380, *supra*, in Ms. Matter's case.

Moreover, Plaintiff further submits that this Court should exercise its discretion here and deny the dismissal of Plaintiff's case, even if it finds that good cause has not been shown, because the circumstances here justify an exercise of the Court's discretion. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995).

Failure to deny Defendant's motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and

5

failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency* No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

Furthermore, and perhaps most compelling, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, No. CIV.03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Defendant's motion, Plaintiff cannot refile her suit as the Statute of Limitations has elapsed.

Hospira Defendants acknowledges that, ultimately, this Court has the discretionary power to extend time to effect service where good cause is lacking, and relies on *Barthelemy v. CHS-SLE Land, L.L.C.*. Defendant argues that, in *Barthelemy*, the Court denied Defendant's motion to dismiss Plaintiff's claims on the basis of untimely service solely based on the fact that it was only a 30-day delay and a change in representation. *Barthelemy v. CHS-SLE Land, L.L.C.*, No. CV 19-10086, 2020 WL 3605931, at *7 (E.D. La. July 2, 2020). However, this Court explicitly states that "even assuming this explanation would not justify an approximately 30-day delay in service, the Court has discretion under Rule 4(m) to extend the time of service even in the absence of good cause." *Id*. Using its discretion, this Court denied Defendant's motion. *See id*.

6

Similarly, in *Pablovich v. Rooms To Go Louisiana Corp.*, Plaintiff's opposition did not even address the delay of service at all. *Pablovich v. Rooms To Go La. Corp.*, No. CV 20-168, 2020 WL 4504420, at *3 (E.D. La. Aug. 5, 2020).

Even still, this Court did not grant Defendant's motion but rather extended time for Plaintiff to serve process, even reasoning that it was "hesitant to penalize Plaintiff for what surely amounts to her attorney's error." *Id*. at *3.

Plaintiff is able to demonstrate that good cause for the delay in service is present, and, even if this Court disagrees, this Court should use its discretionary power in denying Defendants' motion. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the Court could conclude that the delay was intentional or arose out of contempt for this Court or rule of law. Upon learning of its inadvertent error, Plaintiff's counsel effectuated service on Hospira defendants immediately. Dismissal of Plaintiff's case, even without prejudice, is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. Discovery has already commenced in this matter and Defendants have accepted all submitted discovery by Plaintiffs, even alerting Plaintiff's Liaison Counsel to deficiencies in Ms. Matter's discovery responses, and thus are not prejudiced..

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process.

7

Dated: October 10, 2022 	Respectfully Submitted,

**Kirkendall Dwyer, LLP**

*/s/ Alexander Dwyer*
Alexander Dwyer
Texas Bar No. 24054271
Andrew F. Kirkendall
Texas Bar No. 24050882
adwyer@kirkendalldwyer.com
akirkendall@kirkendalldwyer.com
Kirkendall Dwyer, LLP
4343 Sigma Road, Suite 200
Dallas, TX 75244
Tel: (214) 271-4027
Fax: (214) 253-0629

*Attorneys For Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

               */s/ Alexander Dwyer*
               Alexander Dwyer