UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)         MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:

*Donna Rooney,* Case No.: 2:20-cv-02664

## PLAINTIFF'S RESPONSE TO DEFENDANT SANDOZ, INC'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4

Plaintiff Donna Rooney, by and through her counsel of record, The Finson Law Firm, submits her response to Defendant Sandoz, Inc's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and in fact, Defendants were served per the Civil Docket for this case, attached hereto as Exhibit A, and alternatively that even if Defendants argue Exhibit A is insufficient to prove service, that all the evidence in this case compels the conclusion that service was factually and legally waived.

1. Plaintiff submits Exhibit A reflects Defendants removed this case from the NJ State Court where these cases had originally filed in the NJ Consolidated Taxotere Case, further documentary evidence of service on Sandoz, AND all other Defendants that on June 29, 2020, summons was issued, on June 5, 2020, Francis X. Manning entered his appearance, on June 5, 2020, on June 25, 2020, on July 15, 2020, Defendants filed a motion to extend time, and that between June 25, 2020  On June 25, 2020, Plaintiff sought remand from USDC NJ to the State of NJ Court handling the NJ consolidated Taxotere case, but that the Motion was stayed and a resolution was stayed pending a ruling in this Court. The ruling was that the Motion was denied without prejudice.

2. The procedural facts are that following removal, on July 27, 2020, Defendants filed an Answer which while sounding in a general denial, did not raise the potential failure of service. See Exhibit A, Answer. Following removal Plaintiff served her Plaintiff Fact Sheet, and Defendants filed several Notices of Deficiency, which specified they were being filed by "properly served Defendants", clearly indicating that service was perfected. Though out the procedural history as reflected in the MDL Centrality Website, attached as Exhibit B, indicates Defendants and Plaintiff actively participated in this litigation where Defendants, by filing Deficiencies, were seeking substantive relief had Plaintiffs failed to respond. As of October 7, it appears Plaintiff's responses were adequate, and Defendants sought no other relief.. Plaintiff submits this Court's Docket and Centrality Docket indicate the Defendants have engaged in substantive participation in this case, including filing and Answer, failing to indicate any process issues, engaging in substantive participation in this case, failing to raise any specific issues with service, but filing an Omnibus Motion which, for the first time since seeking Rule 35 relief, that it had an issue with this Plaintiff's service.

3. Regardless of proper service of process, Plaintiff also submits Defendants have waived service by substantial involvement in this litigation. Generally, a party may be said to waive the defense of lack of personal jurisdiction by failing to raise the issue when filing a responsive pleading when due. Broadcast Music, Inc. v. M.T.S Enterprises, Inc., 811 F.2d. 268 (CA 5 1987, See Adams v. Unione Mediterranea Di Sicurta, 220 F. 3d 659 (5th Cir. 2000). In order to determine the extent of a defendants' participation in the matter in order to establish a waiver of the defense of failure to serve, the key is the nature and extent of the defendant's contact with the court. Broadcast Music, supra. Trustees of Cent. Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 733 (7th Cir. 1991). Waiver may be found as a result of a party's and his counsel's conduct, resulting in a forfeiture of the defense of insufficiency of service. Broadcast Music, supra at 281. Further, the acts of counsel for the party claiming lack of service, taken as a whole is key to waiver. Here, those acts support waiver. Id.

4.  Additionally, the CM/ECF docket for Plaintiff's Civil Action No. 2:20-cv-02675, which is linked to the MDL docket, never gave any electronic notice or warning that the Defendant needed to be served or that proof of service needed to be filed.

5.  Finally, there is no prejudice to Defendant arising out of the delay in service. Plaintiff has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and an amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations.

6.  All of these facts indicate there is good cause to not dismiss the case, but in the alternative, Plaintiff requests additional time to serve.

WHEREFORE, Plaintiff, Donna Rooney, prays that the Court enter an Order dismissing Defendants Sandoz's Motion to Dismiss for Failure to Comply with CMO 35, alternatively, for time to effect service, and for such other appropriate relief.

Dated: October 11, 2022

FINSON LAW FIRM

/s/ Lowell W. Finson

Lowell W. Finson
118 Channel Pointe Mall
Marina del Rey, CA  90292

Telephone: (254) 526-5688
Facsimile: (254) 526-8204

lowell@finsonlawfirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

s/Lowell W. Finson
Lowell W. Finson
