UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)   MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*All cases attached in Exhibit 1*

**PLAINTIFF'S RESPONSE TO SANOFI'S MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiffs listed in **Exhibit 1** ("Plaintiffs"), by and through their counsel of record, Bachus & Schanker, LLC, submit their responses to the Sanofi Defendants' Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered, and in opposition thereto, states as follows:

**INTRODUCTION**

Sanofi moved for dismissal of Plaintiffs' claims for lack of service of process. Prior to filing their Motion, Defendants did not confer with Plaintiffs over any service deficiencies. One of the Plaintiffs listed on **Exhibit 1** identified a manufacturer other than Sanofi and must now file an amended complaint. Service has now been effectuated and for various reasons, as discussed below, Plaintiffs respectfully request the Court deny Sanofi' Motion and enlarge the period of time Plaintiffs have to serve their complaints.

I.  **MARY MCCLENDON'S CASE IS A DUPLICATE FILING AND HER EARLIER-FILED COMPLAINT WAS SERVED**

Mary McLendon (17-07115) and Mary McClendon (17-08617) are the same person. Ms. McClendon's earlier-filed suit (17-07115) was served on Sanofi. *See* **Exhibit 2**. Plaintiff respectfully requests the Court dismiss 17-08617 without prejudice to Ms. McClendon's earlier filed suit, 17-07115.

## II.  THE CASES LISTED ON EXHIBIT 1 SHOULD BE ALLOWED TO PROCEED

### A. The stringent requirement for a dismissal with prejudice cannot be met.

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006).  Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id.*  The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal.  These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

The delay here is not attributable to Plaintiffs but instead an oversight by their counsel. As described more thoroughly below and for each Plaintiff in **Exhibit 1**, Plaintiffs have been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional-

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

there was no plausible gain or motive for Plaintiff to delay obtaining service on the Sanofi. There is also no prejudice to the Sanofi arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders. Many of these Plaintiffs have appeared on show cause lists, submitted product identification which and updated the Plaintiff Fact Sheet (thereby notifying the correct defendant), and is otherwise in the same stasis as thousands of other non-bellwether plaintiffs. The Sanofi had direct knowledge, based on the ample discovery, notifications by Centrality, and show cause hearings, that it would not have been reasonable for them to settle expectations that the statute of limitations had expired.

While the delay in perfecting service on the Sanofi was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated these claims through MDL Centrality to the exact same extent they would have if the Sanofi had been timely served. Thus, the Sanofi' Motion to Dismiss should be denied.

**B. Dismissal without prejudice is also not warranted and may result in further delay and briefing**

The Court must extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good

cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's

discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In each of these matters, as articulated more thoroughly below, each individual Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Sanofi (along with other defendants) with multiple authorizations, a plaintiff fact sheet, medical records, and photographs. In each of these cases, Sanofi will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Sanofi have had the required discovery for years, has been participating in discovery, and service has now been effectuated. Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional briefing once these cases are re-filed and will likely tie up the court with briefing and appeals for years; thus, Plaintiffs respectfully request these matters be allowed to proceed now that service has been effectuated.

**C.  Dismissal of Plaintiffs' claims against Sanofi is not warranted.**

The failure to serve Sanofi was inadvertent and not prejudicial in the cases discussed below. And now, Sanofi has been served in the matters discussed below. In each case, Sanofi has been identified as the correct manufacturer and Sanofi has been notified of this through centrality. **Exhibit 1** shows the discovery each Plaintiff has disclosed, evidencing Sanofi had both notice of each lawsuit and enough information to proceed and that there was no prejudice to Sanofi over the failure to e-mail the complaint and summons. However, at no show cause

hearing did Sanofi raise the issue of non-service. Through conferral and the show cause process, Plaintiffs have been able to cure issues more germane to litigation; thus, the Court should not dismiss these cases for a procedural issue missed by counsel alone and with no prejudice to Sanofi.

Lisa Keller originally filed suit against Hospira only. During the litigation, counsel moved to amend the complaint to reflect only Sanofi after confirming product identification. In order to move to amend her complaint, she had to confer with Sanofi. Sanofi has now been served with Ms. Keller's complaint.

Rebecca Cain served another named defendant- Actavis- but inadvertently did not serve Sanofi until recently. Hope Blake, Martha Turner, Caridad Loasada, Lisa Medici, Shirley Oliver, Cynthia Vickers, Monica Meyers, and Ruby Goble have now served Sanofi. It was by mere inadvertence that Sanofi not served; but since filing, these Plaintiffs have notified Sanofi and the other manufacturers of suit by submitting a plaintiff fact sheet, serving authorizations and photographs, sending CMO 12A e-mails, and arguing against dismissal of these matters at show cause hearings. Sanofi has had notice of these matters and has participated in litigation. Sanofi is not prejudiced by the procedural misstep counsel made.

Plaintiff respectfully requests that these matters, where service was inadvertently effectuated late to Sanofi but timely to other defendants, be allowed to proceed.

**D. In matters where product identification has not been obtained, Plaintiffs should be allowed to proceed with their cases.**

There are seven cases on **Exhibit 1** where service was inadvertently late. Five of these cases do not have product identification, whereas in two matters Sanofi were always the only Defendants.  Rhonda Clamon and Janice Johnson have not yet identified the manufacturer but have been giving notice of litigation to Sanofi (and non-moving defendants) via the CMO 12A process, through filing a plaintiff fact sheet, serving photographs and authorizations, and

providing Defendants with medical records. Dismissing Sanofi will then require the parties to conduct even more briefing, as Plaintiffs will move to amend her complaint to include Sanofi, and Sanofi will likely oppose. Sanofi have now been served and has not suffered any prejudice, thus Plaintiffs respectfully request the Court allow their cases to proceed.

**E. Goldie Jones requests additional time to file an amended complaint.**

Plaintiff Goldie Jones identified Hospira as the only manufacturer after she had already filed her complaint against Sanofi only. Ms. Jones is in the process of amending her complaint to include only Hospira, which will result in the dismissal of Sanofi. Plaintiff Jones requests additional time to accomplish the amendment, as she must confer with both Sanofi and Hospira prior to filing.

Dated: October 11, 2022            Respectfully submitted,

BACHUS & SCHANKER, LLC

*/s/ J. Christopher Elliott*
J. Christopher Elliott, CO Bar No. 41063
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
T: (303)899-9800
F: (303)893-9900
E: celliott@coloradolaw.net


**CERTIFICATE OF SERVICE**

I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

*/s/J. Christopher Elliott*
J. CHRISTOPHER ELLIOTT