**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                              MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                                    SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*All cases attached in Exhibit 1*

**PLAINTIFF'S RESPONSE TO DEFENDANT SANDOZ, INC'S MOTION TO DISMISS
PLAINTIFFS' CLAIMS FOR WHICH SERVICE OF PROCESS HAS NOT BEEN
DELIVERED AND REQUEST FOR ENLAREMENT OF TIME**

Plaintiffs listed in **Exhibit 1** ("Plaintiffs"), by and through their counsel of record, Bachus &
Schanker, LLC, submit their responses to Defendant Sandoz, Inc's Motion to Dismiss Plaintiff's
Claims for Which Service of Process Has Not Been Delivered, and in opposition thereto, states as
follows:

**INTRODUCTION**

Sandoz, Inc. ("Sandoz"), moved for dismissal of Plaintiffs' claims for lack of service of
process. Prior to filing the Motion, Sandoz did not confer with any Plaintiffs about insufficiency of
service of process.  Several Plaintiffs listed on **Exhibit 1** identified a manufacturer other than Sandoz,
and those Plaintiffs do not oppose dismissal of Sandoz only.  Other listed Plaintiffs were dismissed in
previous hearings and the Motion to Dismiss is now moot.  Two other Plaintiffs are deceased, and
their respective families do not wish to continue litigation, thus counsel does not oppose dismissal.
And finally, for some of the Plaintiffs, service has now been effectuated and for various reasons, as
discussed below, Plaintiffs respectfully request the Court deny Sandoz's Motion and enlarge the period
of time Plaintiffs have to serve their complaints.

1

## I.     CERTAIN PLAINTIFFS DO NOT OPPOSE DISMISSAL OF SANDOZ

Several Plaintiffs do not oppose dismissal of Sandoz, Inc. because they either are deceased and their families do not wish to pursue litigation, or because the manufacturer of the product administered to them was manufactured by a different defendant that does not contest service. Madis Russell, 17-00117 and Shirley Bridges, 18-01917 are deceased and because their families do not wish to participate, counsel does not oppose dismissal.

Sheila Bias, 16-17171; Andrea King, 18-12258; Lorraine Young, 16-17235; Carmen Cruz, 18-12526; Johnnie Johnson, 16-17166; Kristy Justice, 16-17186;  Sarah Waller, 16-17241;  and Sonia Valencia, 16-15497 have identified manufacturers other than Sandoz.  Plaintiffs do not oppose dismissal of Sandoz only subject to Fed.R.Civ.P. 60(b), and respond only to indicate the remaining Defendants should not be dismissed.

## II.     THREE CASES WERE PREVIOUSLY DISMISSED SO THIS MOTION SHOULD BE DENIED AS MOOT FOR THEM

Plaintiffs Soundra Chavez, 16-17190; Sharon Gardner, 16-17167; and Sheila McDowell, 16-17212 were dismissed at the May 2022 CMO 12A show cause hearing.  As their cases are no longer active, it is inappropriate for Sandoz to ask for their dismissal.  Thus, Sandoz's Motion as it relates to these Plaintiffs should be denied as moot.

## III.     THE REMAINING CASES LISTED ON EXHIBIT 1 SHOULD BE ALLOWED TO PROCEED

### A.  The stringent requirement for a dismissal with prejudice cannot be met.

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations.  *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006).  Dismissal with prejudice under these circumstances

2

requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

The delay here is not attributable to Plaintiffs but instead an oversight by their counsel. As described more thoroughly below and for each Plaintiff in **Exhibit 1**[2], Plaintiffs have been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional-there was no plausible gain or motive for Plaintiff to delay obtaining service on the Sandoz. There is also no prejudice to the Sandoz arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders. Many of these Plaintiffs have appeared on show cause lists, submitted product identification which and updated the Plaintiff Fact Sheet (thereby notifying the correct defendant), and is otherwise in the same stasis as thousands of

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt)
[2] **Exhibit 1** includes some but not all of the discovery occurring between the parties. **Exhibit 1** includes what has been served via Centrality but may not include all times listed on a show cause docket, a PTO 85 docket, and/or that went through the CMO 12A process with all named Defendants.

other non-bellwether plaintiffs. The Sandoz had direct knowledge, based on the ample discovery, notifications by Centrality, and show cause hearings, that it would not have been reasonable for them to settle expectations that the statute of limitations had expired.

While the delay in perfecting service on the Sandoz was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated these claims through MDL Centrality to the exact same extent they would have if the Sandoz had been timely served. Thus, the Sandoz' Motion to Dismiss should be denied.

## B. Dismissal without prejudice is also not warranted and may result in further delay and briefing

The Court must extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides

4

to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.*, supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used

such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In each of these matters, as articulated more thoroughly below, each individual Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Sandoz (along with other defendants) with multiple authorizations, a plaintiff fact sheet, medical records, and photographs.  In each of these cases, Sandoz will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Sandoz have had the required discovery for years, has been participating in discovery, and service has now been effectuated. Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional briefing once these cases are re-filed and will likely tie up the court with briefing and appeals for years; thus, Plaintiffs respectfully request these matters be allowed to proceed now that service has been effectuated.

## C.  Service was Attempted in the Majority of Cases on Exhibit 1.

On the whole, counsel filed summons and attempted service on the majority of named defendants.  In fact, in many instances, due to inadvertence, Sandoz was the only named defendant not served.

For Carrie Burns, 19-11973; Carnelia Dean, 16-17201; Jacqueline Dewdeny, 19-13485; Valerie Forsyth, 19-02401; Georgia Forte, 16-13485; Mary Johnson, 18-01893; Marylynn Keys, 16-17504; Lerconga Roberts, 16-17184; Janet Simmons, 16-17496; Felicia Thomas, 16-17213; Wanda Woods, 19-14087; and Susan McCullough, 16-15511; Sandoz was originally one of many named defendants- all of which were served except Sandoz. Through the litigation process, counsel eventually was able to identify that Sandoz was indeed the manufacturer in these matters. In each of these cases, the plaintiffs have complied with all other discovery orders.  **Exhibit 1** shows the discovery each Plaintiff has disclosed, evidencing Sandoz had

both notice of each lawsuit and enough information to proceed and that there was no prejudice to Hospira Defendants over the failure to e-mail the complaint and summons. However, at no show cause hearing did Sandoz raise the issue of non-service. Through conferral and the show cause process, Plaintiffs have been able to cure issues more germane to litigation; thus the Court should not dismiss these cases for a procedural issue missed by counsel alone.

Similarly, Rose Champagne, 16-17174; Edith Chappell, 16-17163; Ruby Harris, 16-17145; Michele Knight, 19-12394; Kathlene Petties, 16-17183; Cynthia Turner, 16-17199; Gwendolyn Crawford, 16-17151; and Lara Werning, 16-17169 all initially filed suit against multiple defendants, but through the litigation process identified the correct manufacturer as Sandoz and one other manufacturer. In these matters, the "other" manufacturer waiting until after they were served to move for dismissal for untimely service; however, in all of these matters, Plaintiffs did serve Sanofi. It was by mere inadvertence that the other named defendants were not served; but since filing, these Plaintiffs have notified Sandoz and the other manufacturers of suit by submitting a plaintiff fact sheet, serving authorizations and photographs, sending CMO 12A e-mails, and arguing against dismissal of these matters at show cause hearings. Sandoz has had notice of these matters and has participated in litigation. Sandoz is not prejudiced by the procedural misstep counsel made.

Plaintiff respectfully requests that these matters, where service was inadvertently effectuated late to Sandoz but timely to other defendants, be allowed to proceed.

**D. In matters where product identification has not been obtained, Plaintiffs should be allowed to proceed with their cases.**

There are four cases on **Exhibit 1** where service was inadvertently late and where product identification is not yet determined. Rhonda Clamon[3], Charlotte Jefferson, Janice

---

[3] Sanofi, Accord, and Hospira have also moved for dismissal for lack of service in Rhonda Clamon and Janice Johnson's cases. To wit, these are the only cases that are overlapping with all Motions.

Johnson, and Betty Hurley have not yet identified a manufacturer but have been giving notice of litigation to Sandoz (and non-moving defendants) via the CMO 12A process, through filing a plaintiff fact sheet, serving photographs and authorizations, and providing Defendants with medical records.  In three of these cases, Sandoz and Hospira are the only defendants moving for dismissal on the basis of non-service, so the case will proceed.  Dismissing Sandoz will then require the parties to conduct even more briefing, as Plaintiffs will move to amend her complaint to include Sandoz, and Sandoz will likely oppose.  Sandoz has now been served and has not suffered any prejudice; thus Plaintiffs respectfully request the Court allow their cases to proceed.

Dated: October 11, 2022                    Respectfully submitted,

                                           BACHUS & SCHANKER, LLC

                                           */s/ J. Christopher Elliott*
                                           J. Christopher Elliott, CO Bar No. 41063
                                           101 W. Colfax Avenue, Suite 650
                                           Denver, CO 80202
                                           T: (303)899-9800
                                           F: (303)893-9900
                                           E: celliott@coloradolaw.net

## CERTIFICATE OF SERVICE

I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

                                           */s/ J. Christopher Elliott*
                                           J. CHRISTOPHER ELLIOTT