**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                                        MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                                SECTION: "H" (5)

**THIS DOCUMENT RELATES TO:**
*Laura Werning, 16-17169*
*Kathlene Petties, 16-17183*
*Gwendolyn Crawford, 16-17151*
*Janice Johnson, 19-12235*
*Rhonda Clamon, 19-03422*

## <u>PLAINTIFF'S RESPONSE TO ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35</u>

Plaintiffs Laura Werning, Kathlene Petties, Gwendolyn Crawford, Janice Johnson, and Rhonda Clamon ("Plaintiffs" by and through their counsel of record, Bachus & Schanker, LLC, submit their responses to the Accord Healthcare, Inc.'s ("Accord") Defendants' Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered, and in opposition thereto, states as follows:

### <u>INTRODUCTION</u>

Accord moved for dismissal of Plaintiffs' claims for lack of service of process. Prior to filing their Motion, Defendants did not confer with Plaintiffs over any service deficiencies and by the time Accord had filed their Motion, they had been served with Plaintiffs' complaints.  One Plaintiff does not object to the dismissal of her case against Sandoz only, as other manufacturers were identified.  In most of the other matters, at least one named defendant was served.  Plaintiffs respectfully request the Court deny Accord' Motion and enlarge the period of time Plaintiffs have to serve their complaints.

I. **GWENDOLYN CRAWFORD IDENTIFIED OTHER MANUFACTURERS AND DOES NOT OBJECT TO DISMISSING ACCORD ONLY.**

Through the CMO 12A process, Gwendolyn Crawford identified Sandoz, Hospira, and Sanofi as the correct manufacturers. Thus, Ms. Crawford does not object to the dismissal of Accord only, subject to Fed.R.Civ.P. 60(b).

II. **THE CASES LISTED ON EXHIBIT 1 SHOULD BE ALLOWED TO PROCEED**

A. **The stringent requirement for a dismissal with prejudice cannot be met.**

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

The delay here is not attributable to Plaintiffs but instead an oversight by their counsel. As described more thoroughly below and for each Plaintiff in **Exhibit 1**, Plaintiffs have been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional-there was no plausible gain or motive for Plaintiff to delay obtaining service on the Accord. There is also no prejudice to the Accord arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders.  Many of these Plaintiffs have appeared on show cause lists, submitted product identification which and updated the Plaintiff Fact Sheet (thereby notifying the correct defendant), and is otherwise in the same stasis as thousands of other non-bellwether plaintiffs. The Accord had direct knowledge, based on the ample discovery, notifications by Centrality, and show cause hearings, that it would not have been reasonable for them to settle expectations that the statute of limitations had expired.

While the delay in perfecting service on the Accord was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law.  Accordingly, dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations.  Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated these claims through MDL Centrality to the exact same extent they would have if the Accord had been timely served.  Thus, the Accord' Motion to Dismiss should be denied.

**B. Dismissal without prejudice is also not warranted and may result in further delay and briefing**

The Court must extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007

4

U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In each of these matters, as articulated more thoroughly below, each individual Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Accord (along with other defendants) with multiple authorizations, a plaintiff fact sheet, medical records, and photographs. In each of these cases, Accord will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Accord have had the required discovery for years, has been participating in discovery, and service has now been effectuated. Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional briefing once these cases are re-filed and will likely tie up the court with briefing and appeals for years; thus, Plaintiffs respectfully request these matters be allowed to proceed now that service has been effectuated.

### C.  Dismissal of Plaintiffs' claims against Accord is not warranted.

The failure to serve Accord was inadvertent and not prejudicial in the cases discussed below.  And now, Accord has been served in the matters discussed below. In Lara Werning and Katlene Petties cases, Accord, along with another manufacturer, has been identified as the correct manufacturer and Accord has been notified of this through centrality.  **Exhibit 1** shows the discovery each Plaintiff has disclosed, evidencing Accord had both notice of each lawsuit and enough information to proceed and that there was no prejudice to Accord over the failure to e-mail the complaint and summons. However, at no show cause hearing did Accord raise the issue of non-service.  Through conferral and the show cause process, Plaintiffs have been able to cure issues more germane to litigation; thus the Court should not dismiss these cases for a procedural issue missed by counsel alone and with no prejudice to Accord.

Kathlene Petties and Lara Werning initially filed suit against multiple defendants, but through the litigation process identified the correct manufacturer as Accord and one other manufacturer.  In both of these matters, Plaintiffs did serve Sanofi, but the filing of their complaints was prior to the streamlined service order. Accord is not prejudiced by the procedural misstep counsel made. Plaintiff respectfully requests that these matters, where service was inadvertently effectuated late to Accord but timely to other defendants, be allowed to proceed.

### D.  In matters where product identification has not been obtained, Plaintiffs should be allowed to proceed with their cases.

There are seven cases on **Exhibit 1** where service was inadvertently late.  Five of these cases do not have product identification, whereas in two matters the Accord were always the only Defendants. Rhonda Clamon and Janice Johnson have not yet identified the manufacturer but have not yet identified a manufacturer but have been giving notice of

litigation to Accord (and non-moving defendants) via the CMO 12A process, through filing a plaintiff fact sheet, serving photographs and authorizations, and providing Defendants with medical records. Dismissing Accord will then require the parties to conduct even more briefing, as Plaintiffs will move to amend her complaint to include Accord, and Accord will likely oppose. Accord have now been served and has not suffered any prejudice, thus Plaintiffs respectfully request the Court allow their cases to proceed.

Dated: October 11, 2022          Respectfully submitted,

BACHUS & SCHANKER, LLC

*/s/ J. Christopher Elliott*
J. Christopher Elliott, CO Bar No. 41063
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
T: (303)899-9800
F: (303)893-9900
E: celliott@coloradolaw.net

## CERTIFICATE OF SERVICE

I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

*/s/ J. Christopher Elliott*
J. CHRISTOPHER ELLIOTT