## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5)<br>JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| This Document Relates to:<br><br>*Stephanie Wilson vs. Sanofi US Services, Inc., et al.*<br><br>Case No.: 2:19-cv-12382 | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT HOSPIRA'S AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Plaintiff Stephanie Wilson, by and through undersigned counsel, respectfully submits her opposition to Defendants Hospira, Inc. and Hospira Worldwide, LLC (hereinafter, the "Hospira Defendants") Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (hereinafter, the "Motion") and states as follows:

### STATEMENT OF FACTS

On August 29, 2019, Plaintiff filed a Short Form Complaint against certain manufacturers of Taxotere for damages sustained from injuries suffered by Plaintiff.[1]  Plaintiff's medical records indicated that she received infusions of Taxotere manufactured by Sanofi US Services, Inc. and Sanofi-Aventis U.S., LLC (hereinafter, the "Sanofi Defendants") in connection with her treatment for breast cancer in 2018.  On or around September 2, 2019, counsel served a copy of the filed

---

[1] Rec. Doc. 1.

Short Form Complaint and summons on the Sanofi Defendants via streamline service procedures set forth in Pre-Trial Order No. 9 ("PTO 9").  On or around October 14, 2019, Plaintiff served her discovery responses via MDL Centrality, pursuant to the relevant Pre-Trial Orders ("PTO's") and Case Management Orders ("CMO's"), including a Plaintiff Fact Sheet ("PFS"), signed authorization forms, photographs of before and after injuries, proof of use of Taxotere, and relevant medical and pharmacy records.

In or around February 2020, Plaintiff's counsel acquired new information regarding her treatment for throat cancer in 2015 as well as additional medical records.  The records indicated that she received infusions of Docetaxel manufactured by Hospira, Inc. and Hospira Worldwide, LLC.  On February 27, 2020, Plaintiff's counsel contacted counsel for Sanofi and Hospira Defendants regarding a motion for leave to amend her Short Form Complaint and requested their consent to add the Hospira entities as additional named defendants.  On March 3, 2020, Plaintiff filed a Consent Motion for Leave to File Amended Short Form Complaint.[2]  The Court granted leave and Plaintiff subsequently filed her Amended Short Form Complaint on March 19, 2020.[3]

On July 26, 2022, the Court entered CMO No. 35 regarding the deadline to effectuate service of process on all named Defendants.[4]  Plaintiff's counsel received the Order via MDL Centrality but was unaware that Plaintiff was not in compliance.  On October 3, 2022, Hospira Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35 identifying Plaintiff Stephanie Wilson in Exhibit A.[5]  Upon learning of the non-compliance,

---

[2] Master Rec. Doc. 9438.
[3] Rec. Doc. 5.
[4] Master Rec. Doc. 14456.
[5] Master Rec. Doc. 14770.

Plaintiff's counsel <u>immediately</u> served the Hospira Defendants in accordance with the streamlined service procedures set forth in PTO 40A.[6]

**LEGAL STANDARD**

Fed. R. Civ. P. 4(m) generally requires that a summons and complaint be served "within 90 days after the complaint is filed."  Upon a motion to dismiss for failure to effect timely service, or *sua sponte,* a court may either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Where "good cause" for the failure is shown, the court "must extend the time for service for an appropriate period."  *Id.*  "Good cause" in this context "is generally evaluated through the consideration of three factors—the reasonableness of plaintiff's efforts to serve the complaint, any prejudice to defendants resulting from the late notice, and 'whether plaintiff moved for an enlargement of the time to serve.'" *Houser v. Williams,* 2020 WL 1227434, at *2 (D.N.J. Mar. 12, 2020) (quoting *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995)); *see also, Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995).

However, even where "good cause" cannot be shown, a court may exercise its discretion to allow additional time for service.  *See McCurdy v. Am. Bd. Of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir. 1998) ("If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion."); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause").

---

[6] *See* Exhibit A.

**ARGUMENT**

PTO 40A sets forth the streamlined service of process procedures for the Hospira Defendants in this MDL and provides a ninety (90) day period for plaintiffs to serve their complaints in accordance with that order.[7]  PTO 40A further provides, "failure to serve a Short Form Complaint within the periods set forth [therein] will be subject to the standards governing Fed. R. Civ. P. 4(m)." *Id*.

> Federal Rule of Civil Procedure 4(m) states: "Time Limit for Service.:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities.  *See Estate of White v. Hartford Life & Accident Ins. Co.*, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007); *See also Chaney v. Jones*, 2016 WL 6143062, at *3 (W.D. La. Oct. 19, 2016) (good cause not shown but extension nevertheless warranted where defendant 'likely knew about this suit from its inception [and was] not prejudiced by the delayed service...").

**A.    Even when "good cause" may be deemed absent, the Court has full discretionary power to allow additional time for service**

Plaintiff's counsel cannot reasonably argue the existence of "good cause" for the delay in service because the oversight in failing to timely serve the Hospira Defendants falls squarely on

---

[7] Master Rec. Doc. 509.

him. Counsel for Plaintiff has investigated whether service occurred after filing Plaintiff's Amended Short Form Complaint but cannot locate any documentary evidence of service on the Hospira Defendants.

Plaintiff's counsel is also mindful of CMO No. 35 whereby Your Honor provided all plaintiffs in this litigation additional time to effect service of process on any unserved defendants. Plaintiff was unaware of this inadvertent error at the time when the Court entered CMO No. 35. As such, Plaintiff respectfully request the Court grant a brief extension of time for service *nunc pro tunc* and thereby moot this issue since service on the Hospira Defendants has now been effected.  *See In re Asbestos Prod. Liab. Litig. (No.VI),* 2014 WL 1903904, at *1 (E.D. Pa. May 12, 2014) (given defendants' "actual notice of the pending action" and "lack of prejudice . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, *nunc pro tunc* . . . ."); *See also Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, at *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the court was frustrated with the way plaintiff's attorney had prosecuted that case, the court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation).

Here, the Hospira Defendants awareness of the action at issue when they expressly consented to Plaintiff amending her complaint, as well as their active participation in this MDL, along with a complete absence of prejudice, weighs heavily in favor of additional time for service. *See In re Asbestos Prod. Liab. Litig. (No. VI),* 2014 WL 1903904, at *1 (exercising discretion to allow additional time for service where "Defendants will not be prejudiced"); *In re Ethicon, Inc.,*

2016 WL 6436566, at *2 (S.D.W.V. Oct. 27, 2016) (defendants' acceptance of litigation-related medical information from plaintiff weighed heavily against dismissal); *In re Yamaha Motor Corp. Rhino ATV Prod. Liab. Litig.,* 2009 WL 3247436, at **1-2 (W.D. Ky. Oct. 7, 2009) (exercising discretion to grant extension of time where "[d]efendant had actual knowledge of the subject of the claim, even if not of the actual lawsuit.").

For these reasons and others stated *supra*, the undersigned respectfully request this Court refrain from dismissing Plaintiff's claims against the Hospira Defendants and grant additional time for service.

**B.     Dismissal with prejudice for insufficient service is generally not favored if the plaintiff's case would be time-barred due to the expiration of the statute of limitations**

It is well-established that a dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).  The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), states that dismissal with prejudice in circumstances where the plaintiff's case would be time-barred due to the expiration of the statute of limitations requires "a clear record of delay or contumacious[8] conduct by the plaintiff..., and where lesser sanctions would not serve the best interests of justice."  The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the plaintiff did not perfect service despite repeated warnings by the Court that they should do so.

For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that

---

[8] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt.

makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id*. Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of this deficiency in service when the Hospira Defendants filed their Motion. Plaintiff cured the deficiency within days of receiving notice. Plaintiff has complied with all PTOs, CMOs, discovery obligations and timely completed and served her PFS and supporting documentation through MDL Centrality. This is not a circumstance where Plaintiff's failure to serve her amended complaint reflects a failure to prosecute justifying dismissal with prejudice.

Plaintiff acknowledges that in some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452. F.3d at 418-419. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Plaintiff has complied with all Court orders concerning the submission of her PFS and supporting documentation and responded to Defendants' deficiency notices. Additionally, the oversight by

counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Hospira Defendants.

Furthermore, there is no prejudice to the Hospira Defendants arising out of the delay in service.  Plaintiff's case is in the exact same status as thousands of other non-bellwether plaintiffs. Late service has not—and will not—prejudice Hospira Defendants in any material way, as they have long been on actual notice of the action at issue and have actively participated in this MDL. Conversely, any dismissal under Rule 4 would severely prejudice the Plaintiff who would be barred from re-filing her action based on an expired statute of limitations.

While the delay in perfecting service on the Hospira Defendants was admittedly long, there is simply no record here from which the Court could conclude that the delay was intentional or arose out of contempt for this Court or rule of law.  Upon learning of this inadvertent error, Plaintiff's counsel effected service on the Hospira Defendants immediately.  Instead of dismissal, the Court should afford Plaintiff the opportunity to have her claim decided on the merits. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case.

### C.    Dismissal is inappropriate where service has occurred

Plaintiff's Amended Short Form Complaint has been served on the Hospira Defendants in an effort to ensure the requirements of Rule 4 have been met.  Here, the Court can extend the time for service *nunc pro tunc*, and thereby moot this issue since service has now been effected.  *See In re Asbestos Prod. Liab. Litig. (No.VI),* 2014 WL 1903904, at *1 (given defendants' "actual notice of the pending action" and "lack of prejudice . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, *nunc pro tunc* . . . .").  While "'[d]istrict courts possess broad discretion to either

dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process[,] . . . dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.'" *D'Antonio v. Borough of Allendale,* 2017 WL 701384, at *8 (D.N.J. Feb. 21, 2017).

The purpose of the rules governing service of process is to ensure that parties receive actual notice of claims against them. *See Eli Lilly and Co v. Roussel Corp.,* 23 F. Supp. 2d 460, 474 (D.N.J. 1998). That purpose has been accomplished here, as the Hospira Defendants have now been properly served. Given Hospira Defendants' awareness of the action at issue, their active participation in this MDL, and complete absence of prejudice, the Court should allow Plaintiff's case to proceed. Because district courts are afforded "broad discretion" to extend the time for service, and there is a strong preference among federal courts that cases be resolved on their merits, dismissal is inappropriate here. *See People's Workshop, Inc. v. Federal Emergency Management Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 (M.D. La. 2018) ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Hospira Defendants' Motion to Dismiss and extend the time for service *nunc pro tunc*, thereby mooting this issue since service has been effected on the Hospira Defendants.

Dated: October 11, 2022                    Respectfully submitted,

                                           */s/ David B. Franco*
                                           David B. Franco (Texas Bar No. 24072097)
                                           **FRANCOLAW, PLLC**
                                           500 W. 2nd Street
                                           Floor 19, Suite 138

Austin, Texas  78701
Telephone: (512) 714-2223
Facsimile: (504) 229-6730
Email: dfranco@dfrancolaw.com

\

Damon J. Baldone (LSBA 21997)
**DAMON J. BALDONE & ASSOCIATES**
162 New Orleans Blvd.
Houma, LA  70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
Email: damon@baldonelaw.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 11, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ David B. Franco*
David B. Franco
