**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | MDL NO. 2740 |
| *This document relates to:*<br>Judith S. Proctor<br>Case. No:  17-cv-05666 | SECTION "N" (5) |

**PLAINTIFF JUDITH S. PROCTOR'S RESPONSE TO DEFENDANT SANDOZ, INC.'S**
**MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT**
**ORDER NO. 35 AND FED. R. CIV. P. 4 WITH PLAINTIFF'S MOTION FOR LEAVE**
**TO EXTEND TIME FOR SERVICE**

NOW COMES Judith S. Proctor, Plaintiff in the above-styled and numbered cause, and respectfully responds to Defendant Sandoz, Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and Fed. R. Civ. P. 4, and moves for an order extending the time to serve the summons and complaint pursuant to Fed. R. Civ. P. 6(b)(1)(B).  In support of this motion, Plaintiff states:

1.      Counsel for Plaintiff became associated with the above-styled and numbered cause on or about February 2021.

2.      Immediately upon notice of this issue pursuant to Defendants filing of their Motion to Dismiss, Counsel for Plaintiff investigated this issue.  Counsel for Plaintiff was able to determine that an Amended Complaint was filed on April 14, 2021, to name both Sandoz as well as Accord Healthcare and admits she does not have documentary evidence of service of Sandoz after a search of the email archives for former individuals assigned to this case.

3.      Because current counsel was not fully aware of this potential issue, as the prior associate left Johnson Becker, PLLC on August 5, 2022 after the entry of CMO 35 and prior to the compliance deadline, this particular issue was not brought to current Counsel's attention.

Plaintiff's Counsel reached out to Counsel for Sandoz on September 30, 2022, requesting the courtesy to cure this issue. Defense Counsel responded, "We do not believe we can accept service after a court-imposed deadline. You can explain to the Court the reasons for plaintiffs' failure to serve timely, in an opposition to the motion. We will consider those reasons and response, if at all, by way of a Reply." (See Exhibit A.)

4.      Counsel for Plaintiff has attempted to effect Service on October 7, 2022, October 10, 2022, and October 11, 2022, but has not received the required auto-response to date, but asserts will continue to make efforts to effect proper service. (See Exhibit B.)

5.      While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

6.      In this instance, Counsel for Plaintiff first became aware of this failure to effect service upon receipt of Motion by Defendant Sandoz and immediately began to make efforts to cure this deficiency.

7.      In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other

than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

8.      The delay here is not attributable to Plaintiff, but rather to an oversight by Counsel. Ms. Proctor has complied with all discovery since the original filing of her claim on June 8, 2017. Furthermore, there is no record that this delay was intentional, or arose out of contempt for this Court or the rules.  Accordingly, dismissal is inappropriate when she is unable to refile a claim due to potential statute of limitations issue.

9.      Fed. R. Civ. P. 6(b)(1)(B) states that the Court may extend the time for service on motion after the time has expired if the party failed to act because of excusable neglect.

10.      Plaintiff asserts that good cause does exist for extending time to comply with CMO 35, as the failure to serve Sandoz, Inc. in compliance with CMO 35, was not the result of conscious indifference to Defendant or the Court but purely by oversight.  For this reason, Plaintiff seeks an extension of time to comply with CMO 35 as it would not unnecessarily delay trial or significantly disrupt the progression of this case.  There is no harm or prejudice to Defendant by extending the time for service.

WHEREFORE, Plaintiff, Judith S. Proctor, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35 and deny Defendant Sandoz's Motion to Dismiss for Failure to Comply with CMO 35 as moot.

Dated: <u>October 11, 2022</u>

**JOHNSON BECKER, PLLC**

*/s/   Lisa Ann Gorshe*
Lisa A. Gorshe, Esq. (MN Bar #029522X)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
TEL:   (612) 436-1800
FAX:   (612) 436-1801
lgorshe@johnsonbecker.com

***Attorney for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/   Lisa Ann Gorshe*
Lisa A. Gorshe, Esq.