# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 SECTION "H" (5) |
| | HON. JANE TRICHE MILAZZO |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE MICHAEL NORTH |
| *Deborah Brewer, Case 2:19-cv-13102* | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS HOSPIRA AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Above captioned Plaintiff, by and through their counsel of record, Grant & Eisenhofer, P.A., submit the following response to Defendants Hospira and Pfizer's (hereinafter "Defendants") Motion to Dismiss for Failure to Comply with Case Management Order No. 35. Plaintiff respectfully requests the Court deny Defendants' motion to dismiss and extend the time for Plaintiff to comply with CMO 35.

1.      Plaintiff Deborah Brewer filed a complaint in this matter on October 11, 2019. Since filing her complaint, Plaintiff thereafter complied with all relevant case management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiff served all discovery responses via MDL Centrality pursuant to Pretrial Order No. 24.

2.      Due a technical administrative error, counsel for above captioned Plaintiff believed their complaint to have been properly and timely served.

3.      Counsel became aware of the error on October 3, 2022 after receiving notification Defendants filed the instant motion to dismiss.

4.      Upon learning of the technical administrative error, on October 3, 2022 Plaintiff immediately served Defendants pursuant to Pretrial Order No. 9. Attached hereto as Exhibit A is a true and correct copy of the emailed receipt for service of process related to Plaintiff Deborah Brewer.

5.      Federal Rule of Civil Procedure 4(m) provides that despite failure to timely serve a defendant, if plaintiff shows good cause for the failure, the court must extend the time for service. *See* FED. R. CIV. P. 4(m). A showing of excusable neglect is sufficient to establish good cause to satisfy F.R.C.P. 4(m). See *Gartin v. Par Pharmaceutical Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

6.      Further, dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). The Fifth Circuit has explained that dismissal with prejudice is reserved for cases "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321). Such dismissals are warranted upon a showing of "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). As a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally

responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

7.      No such aggravating factors exist in this case where Plaintiff's failure to timely serve was due to excusable, inadvertent error by their counsel. Plaintiff believed their complaints to have been timely served and diligently prosecuted their claims consistent with that belief. "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321). Plaintiff herein has complied with all other Court Orders and processes and has not demonstrated any intent to willfully disobey any Court Order. Upon learning of the service error, it was immediately corrected. Plaintiff's error amounts to mere excusable neglect and does not arise to the level of contumacious conduct.

8.      In addition, Defendants have not demonstrated they have suffered any prejudice as result of Plaintiff's delay in service. To the contrary, Plaintiff has complied with all other obligations ordered by this Court and have served all documents upon Defendants through MDL Centrality in accordance with Pretrial Order No. 24. Plaintiff Deborah Brewer served their Plaintiff Fact Sheet and other required documentation in January and February of 2020. Defendant was identified on MDLC and within Plaintiffs' Fact Sheets. Pursuant to Pretrial Order No. 24, "Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, the submitting party has received confirmation on screen that the materials have been successfully submitted, and the receiving party has received notice of the submission via notification in the MDL Centrality System." *See* Pretrial Order No.

24 at 1(f). Thus, despite Plaintiff's inadvertent failure to serve their complaint, Defendants were served via MDL Centrality in accordance with this Court's order with Plaintiff's discovery responses and other required documents over two years ago. While Plaintiff's delay in serving their complaints was admittedly lengthy, Defendants were aware of Plaintiff's intent to prosecute their claims and in possession of all relevant discovery, yet waited over two years to bring the instant motion.

9.      Nor can Defendants claim any prejudice from the delay beyond the August 31, 2022 deadline set by this Court's Case Management Order No. 35. The additional 33 days between the deadline and when Plaintiff became aware of and corrected the error in service is de minimus given that Plaintiff had also already complied with all other obligations ordered by this Court. Plaintiff has not been selected as a bellwether or for remand in this case and as such there has been no delay of trial or other disruption of the progression of this case.

10.      Rather than the harsh penalty of dismissal, Plaintiff respectfully requests this Court exercise its discretion to extend the time for Plaintiff to comply with Case Management Order No. 35 by 33 days to October 3, 2022. In addition to the discretion afforded by Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 6(b)(1) allows the Court to extend the time to comply with an order if the party failed to act because of excusable neglect. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Defendants in compliance with CMO 35 was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Defendants had previously been properly and timely effectuated.

WHEREFORE Plaintiff respectfully requests this Court deny Defendants Sanofi Aventis U.S. LLC and Sanofi US Services Inc.'s Motion to Dismiss for Failure to Comply with Case

Management Order No. 35, and extend the time for Plaintiff to Comply with Case Management

Order No. 35 from August 31, 2022 to October 3, 2022.


Dated: October 11, 2022                                    /s/        M. Elizabeth Graham

                                                           M. Elizabeth Graham, SBN 143085
                                                           **GRANT & EISENHOFFER P.A.**
                                                           2325 3rd Street, Suite 329
                                                           San Francisco, California 94107
                                                           Telephone:  (415) 229-9720
                                                           Email:  egraham@gelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing document

with the Clerk of Court using the ECF system, which sent notification of such filing to all

counsel of record.


/s/        M. Elizabeth Graham

M. Elizabeth Graham

# Exhibit A

## Robert Campbell

**From:**  HospiraTaxotereMDL <HospiraTaxotereMDL@wolterskluwer.com>
**Sent:**  Monday, October 3, 2022 5:26 PM
**To:**  Robert Campbell
**Subject:**  Confirmation Email Receipt


This confirms that your email sent to HospiraTaxotereMDL@WoltersKluwer.com has been received.  Your email will be reviewed and counsel will respond directly with any necessary follow-up.  Please note that this email does not confirm that service was proper and Hospira expressly reserves its right to raise any and all defenses, including relating to improper service, venue, and jurisdiction.

This is an automated response.  If you have any questions, please contact Lavinia Denniston at Lavinia.Denniston@dechert.com.