## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |
| *Tammie Lackey*         2:17-cv-09705 | |

## PLAINTIFF'S RESPONSE TO DEFENDANT HOSPIRA'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4
## AND
## PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35

Plaintiff Tammie Lackey, by and through her counsel of record, Niemeyer, Grebel & Kruse, LLC, PC, submits her response to Defendant Hospira, Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, for reasons as follows.

## INTRODUCTION

In deciding this motion (and Plaintiff's fate), Plaintiff submits that the Court's analysis should include consideration of the practicalities involved. The primary purpose of service is notice to the defendant; however, the practical necessity of service in the Multidistrict Litigation ("MDL") setting is quite different than that in the typical stand-alone setting. Here, in the MDL setting, the defendant has been "in the case" since its inception. The defendant has been aware that it is facing lawsuits by multiple plaintiffs; has been aware of the specific allegations of each of those plaintiffs via the Master Complaint; it has received notifications from MDL Centrality regarding the submission (by any plaintiff, regardless of service) of Plaintiff Fact Sheets, records

and photos.  In the docetaxel MDL setting, it is difficult to envision any prejudice to the defendant by an individual plaintiff's lack of technical service on that particular defendant, given the general and specific notice articulated above.  Further, in this MDL setting involving multiple defendants and multiple plaintiffs represented by a given firm, it is arguably more understandable that an oversight might lead to failure to serve a particular defendant, and (while not to be completely excused), good cause might more readily be found in this setting.  Plaintiff respectfully requests that the Court consider the above while reviewing the applicable law and circumstances detailed below.

1.     Counsel for Plaintiff investigated whether technical service occurred and found that service had inadvertently not been effectuated on Hospira.  Service was effectuated on Sanofi and Accord.

2.     Plaintiff submitted her PFS (accompanied by authorizations, medical records, and photographs), identifying Hospira as one of the docetaxel manufacturers on December 5, 2017. Attached as Exhibit 1.

3.     While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff'..., and where lesser sanctions would not serve the best interests of justice." *Id.*  The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

4.      The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of her failure to effect service on September 30, 2022, when Plaintiff's counsel was made aware of Hospira's motion to dismiss by Plaintiff's liaison counsel.  Plaintiff has worked to cure the deficiency within days of receiving notice.  Ms. Lackey has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality.  This is not a circumstance where Ms. Lackey's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

5.      In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19.  But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

6.      The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. Lackey has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant.

7.      Finally, there is no prejudice to Defendant arising out of the delay in service. Ms. Lackey has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including a Plaintiff Fact sheet, a written statement in response to PTO

71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, identifying Hospira and Accord as manufacturers, and HIPAA Authorizations.  In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Plaintiff's case is in the exact same stasis as the thousands of other non-bellwether plaintiffs.

8.      While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law.  Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations.  Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they would have if Hospira had been timely served.  Defendant's Motion to Dismiss should be denied.

9.      Promptly after Defendants' Motion to Dismiss for failure to comply with CMO 35 was filed, Plaintiff's counsel has worked to correct the mistake by seeking the issuance of Summons on October 11, 2022.

10.     Rule 6(b)(1)(B), Fed. R. Civ. P. states:

(b) **Extending Time**.
    (1)     In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (B)     on motion made after the time has expired if the party failed to act because of excusable neglect.

11.     Good cause exists for extending the time to comply with CMO 35, as the failure to serve Hospira, Inc., in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Hospira, Inc. had been properly and timely effectuated.

12.     This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior.  Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Defendants by extending the time, for this Plaintiff to comply with CMO 35.

WHEREFORE, Plaintiff Tammie Lackey, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, and denying Defendants Hospira's Motion to Dismiss for Failure to Comply with CMO 35. Plaintiff prays for such other appropriate relief.

Dated:  October 11, 2022                   Respectfully Submitted,

NIEMEYER, GREBEL & KRUSE, LLC

/s/ Mark R. Niemeyer
Mark R. Niemeyer      #42437
Michael S. Kruse       #57818
211 N. Broadway, Suite 2950
St. Louis, MO 63102
314-241-1919 phone
314-665-3017 fax
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

_/s/ Mark R. Niemeyer_