UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO |
| THIS DOCUMENT RELATES TO:<br><br>*Christine Dvorak, Case 2:19-cv-13100*<br>*Donna Harrison, Case 2:19-cv-10847*<br>*Rena Nolin, Case 2:19-cv-13106* | MAG. JUDGE MICHAEL NORTH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS SANOFI AVENTIS U.S. LLC AND SANOFI US SERVICES INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Above captioned Plaintiffs, by and through their counsel of record, Grant & Eisenhofer, P.A., submit the following response to Defendants Sanofi Aventis U.S. LLC and Sanofi US Services Inc. (hereinafter "Defendants") Motion to Dismiss for Failure to Comply with Case Management Order No. 35. Plaintiffs respectfully request the Court deny Defendants' motion to dismiss and extend the time for Plaintiff to comply with CMO 35.

1.  Plaintiff Christine Dvorak filed a complaint in this matter on October 11, 2019. Since filing her complaint, Plaintiff thereafter complied with all relevant case management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiff served all discovery responses via MDL Centrality pursuant to Pretrial Order No. 24.

2.	Plaintiff Donna Harrison filed a complaint in this matter on May 31, 2019. Since filing her complaint, Plaintiff thereafter complied with all relevant case management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiff served all discovery responses via MDL Centrality pursuant to Pretrial Order No. 24. On October 14, 2019, Plaintiff filed a Notice of Partial Dismissal with Prejudice as to all Defendants Except Sanofi-Aventis U.S. LLC. d/b/a Winthrop US.

3.	Plaintiff Rena Nolin filed a complaint in this matter on October 11, 2019. Since filing her complaint, Plaintiff thereafter complied with all relevant case management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiff served all discovery responses via MDL Centrality pursuant to Pretrial Order No. 24.

4.	Due a technical administrative error, counsel for above captioned Plaintiffs believed their complaints to have been properly and timely served.

5.	Counsel became aware of the error on October 3, 2022 after receiving notification Defendants filed the instant motion to dismiss.

6.	Upon learning of the technical administrative error, on October 3, 2022 Plaintiffs immediately served Defendants pursuant to Pretrial Order No. 9. Attached hereto as Exhibit A is a true and correct copy of the emailed receipt for service of process related to Plaintiff Christine Dvorak. Attached hereto as Exhibit B is a true and correct copy of the emailed receipt for service of process related to Plaintiff Donna Harrison. Attached hereto as exhibit C is a true and correct copy of the emailed receipt for service of process related to Plaintiff Rena Nolin.

7.	Federal Rule of Civil Procedure 4(m) provides that despite failure to timely serve a defendant, if plaintiff shows good cause for the failure, the court must extend the time for service.

*See* FED. R. CIV. P. 4(m). A showing of excusable neglect is sufficient to establish good cause to satisfy F.R.C.P. 4(m). See *Gartin v. Par Pharmaceutical Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

8. Further, dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). The Fifth Circuit has explained that dismissal with prejudice is reserved for cases "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321). Such dismissals are warranted upon a showing of "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). As a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

9. No such aggravating factors exist in this case where Plaintiffs' failure to timely serve was due to excusable, inadvertent error by their counsel. Plaintiffs believed their complaints to have been timely served and diligently prosecuted their claims consistent with that belief. "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321,

327 (5th Cir. 2008) (quoting *Rogers*, 669 F.2d at 321). Plaintiffs herein have complied with all other Court Orders and processes and have not demonstrated any intent to willfully disobey any Court Order. Upon learning of the service error, it was immediately corrected. Plaintiffs' error amounts to mere excusable neglect and does not arise to the level of contumacious conduct.

10. In addition, Defendants have not demonstrated they have suffered any prejudice as result of Plaintiffs' delay in service. To the contrary, Plaintiffs have complied with all other obligations ordered by this Court and have served all documents upon Defendants through MDL Centrality in accordance with Pretrial Order No. 24. Plaintiff Christine Dvorak served her Plaintiff Fact Sheet and other required documentation in January and February of 2020. Plaintiff Donna Harrison served her Plaintiff Fact Sheet and other required documentation in August 2019 and January 2020. Plaintiff Rena Nolin served her Plaintiff Fact Sheet and other required documentation in January and February 2020. Defendant was identified on MDLC and within Plaintiffs' Fact Sheets. Pursuant to Pretrial Order No. 24, "Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, the submitting party has received confirmation on screen that the materials have been successfully submitted, and the receiving party has received notice of the submission via notification in the MDL Centrality System." *See* Pretrial Order No. 24 at 1(f). Thus, despite Plaintiffs' inadvertent failure to serve their complaints, Defendants were served via MDL Centrality in accordance with this Court's order with Plaintiffs' discovery responses and other required documents over two years ago. While Plaintiffs' delay in serving their complaints was admittedly lengthy, Defendants were aware of Plaintiffs' intent to prosecute their claims and in possession of all relevant discovery, yet waited over two years to bring the instant motion.

11. Nor can Defendants claim any prejudice from the delay beyond the August 31, 2022 deadline set by this Court's Case Management Order No. 35. The additional 33 days between the deadline and when Plaintiffs became aware of and corrected the error in service is de minimus given that Plaintiffs had also already complied with all other obligations ordered by this Court. Plaintiffs have not been selected as a bellwether or for remand in this case and as such there has been no delay of trial or other disruption of the progression of this case.

12. Rather than the harsh penalty of dismissal, Plaintiffs respectfully request this Court exercise its discretion to extend the time for Plaintiffs to comply with Case Management Order No. 35 by 33 days to October 3, 2022. In addition to the discretion afforded by Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 6(b)(1) allows the Court to extend the time to comply with an order if the party failed to act because of excusable neglect. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Defendants in compliance with CMO 35 was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Defendants had previously been properly and timely effectuated.

WHEREFORE Plaintiffs respectfully request this Court deny Defendants Sanofi Aventis U.S. LLC and Sanofi US Services Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and extend the time for Plaintiff to Comply with Case Management Order No. 35 from August 31, 2022 to October 3, 2022.

Dated: October 11, 2022  /s/  M. Elizabeth Graham

M. Elizabeth Graham, SBN 143085
**GRANT & EISENHOFFER P.A.**
2325 3rd Street, Suite 329
San Francisco, California 94107
Telephone: (415) 229-9720
Email: egraham@gelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

                                                /s/       M. Elizabeth Graham
                                               M. Elizabeth Graham

# Exhibit A

**Robert Campbell**

| | |
|---|---|
| **From:** | Taxotere <Taxoterecomplaints@shb.com> |
| **Sent:** | Monday, October 3, 2022 6:27 PM |
| **To:** | Robert Campbell |
| **Subject:** | RE: TAXOTERE SERVICE OF PROCESS IN CASE OF CHRISTINE DVORAK - USDC EDLA - CASE NO. 2:18-cv-13100 |

This is an automated response.

Your e-mail attaching the Taxotere Complaint and/or Summons for sanofi-aventis US LLC has been received.

Thank you

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**Robert Campbell**

| | |
|---|---|
| **From:** | Taxotere <Taxoterecomplaints@shb.com> |
| **Sent:** | Monday, October 3, 2022 6:31 PM |
| **To:** | Robert Campbell |
| **Subject:** | RE: TAXOTERE SERVICE OF PROCESS IN CASE OF CHRISTINE DVORAK - USDC EDLA - CASE NO. 2:18-cv-13100 |

This is an automated response.

Your e-mail attaching the Taxotere Complaint and/or Summons for sanofi-aventis US LLC has been received.

Thank you

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# Exhibit B

**Robert Campbell**

| | |
|---|---|
| **From:** | Taxotere <Taxoterecomplaints@shb.com> |
| **Sent:** | Monday, October 3, 2022 6:45 PM |
| **To:** | Robert Campbell |
| **Subject:** | RE: TAXOTERE SERVICE OF PROCESS IN CASE OF DONNA HARRISON - USDC EDLA - CASE NO. 2:19-cv-10847 |

This is an automated response.

Your e-mail attaching the Taxotere Complaint and/or Summons for sanofi-aventis US LLC has been received.

Thank you

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

1

# Exhibit C

# Robert Campbell

| | |
|---|---|
| **From:** | Taxotere <Taxoterecomplaints@shb.com> |
| **Sent:** | Monday, October 3, 2022 7:32 PM |
| **To:** | Robert Campbell |
| **Subject:** | RE: TAXOTERE SERVICE OF PROCESS IN CASE OF RENI NOLIN, ET AL. V. SANOFI-AVENTIS U.S., LLC., ET AL - USDC EDLA - CASE NO. 2:19-cv-13106 |

This is an automated response.

Your e-mail attaching the Taxotere Complaint and/or Summons for sanofi-aventis US LLC has been received.

Thank you

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**Robert Campbell**

| | |
|---|---|
| **From:** | Taxotere <Taxoterecomplaints@shb.com> |
| **Sent:** | Monday, October 3, 2022 7:30 PM |
| **To:** | Robert Campbell |
| **Subject:** | RE: TAXOTERE SERVICE OF PROCESS IN CASE OF RENI NOLIN, ET AL. V. SANOFI-AVENTIS U.S., LLC., ET AL - USDC EDLA - CASE NO. 2:19-cv-13106 |

This is an automated response.

Your e-mail attaching the Taxotere Complaint and/or Summons for sanofi-aventis US LLC has been received.

Thank you
CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.