UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)　　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABITLITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
CINDY THOMASON No. 2:17-cv-10733

PLAINTIFF'S RESPONSE TO DEFENDANT HOSPIRA'S, INC'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 3 AND FRCP 4
AND
PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35

Plaintiff Cindy Thomason, by and through her counsel of record, Schmidt National Law Group, submits her response to Defendant Hospira's, Inc's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, for reasons as follows"

1. Plaintiff admits she does not have documentary evidence of service on Hospira. Counsel for Plaintiff investigated whether service occurred, but was unable to access the email archives of individuals who would have been responsible for effectuating service on Hospira. Plaintiff has now served Hospira in accordance with PTO 30. Attached as Ex. 1.

2. While the Fifth Circuit does permit dismissal without prejudice for failure to timely served a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415. 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious conduct by the plaintiff'…, and where lesser sanctions would not serve the best interests of justice.' *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

3. The factual record here demonstrates inadvertence, not contumacious[1] conduct. Counsel for Plaintiff first became aware of her failure to effect service on October 3, 2022, when Plaintiff's counsel was made aware of Hospira's motion to dismiss by Plaintiff's liaison counsel. Plaintiff cured the deficiency within days of receiving notice. Mrs. Thomason has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality.  This is not a circumstance where Ms. Thomason's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

4. In some circumstances, delay alone may be sufficient to justify to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors' other than delay in determining whether to apply the extraordinary remedy of dismissal.  These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

5. The delay here is not attributable to the Plaintiff, but rather to oversight by her counsel. Mrs. Thomas has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant. Plaintiff's counsel was unable to access the email archives of individuals who would have been responsible for effectuating service at that time.

6. Additionally, the CM/ECF docket for Plaintiff's Civil Action No. 2:17-cv-10733, which is linked to the MDL docket, never gave my electronic notice or warning that the Defendant needed to be served or that proof of service needed to be filed. Attached as Ex. 2. Moreover, Plaintiff's counsel had not been receiving email notification from the CM/ECF system regarding Plaintiff's case as there was an error in the notification options selection screen.

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt)

This error was discovered on October 3, 2022, upon communication with the CM/DCF Pacer Service Center, and remedied immediately.

7. Finally, there is no prejudice to Defendant arising out of the delay in service. Mrs. Thomason has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and an amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations. Defendant was well aware of Mrs. Thomason's case as Defendant issued a DEFENSE FACT SHEET on July 2, 2021. Attached as Ex. 3. In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Plaintiff's case is in the exact same stasis as the thousands of other non-bellwether plaintiffs.

While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they would have if Hospira had been timely served. Defendant's Motion to Dismiss should be denied.

8. Promptly after Defendant's Motion to Dismiss for failure to comply with CMO 35 was filed, Plaintiff's counsel corrected the mistake by property serving HospiraHospiraTaxotereMDL@wolterskluwer.com. with the Summons and Complaint at HospiraHospiraTaxotereMDL@wolterskluwer.com email address on October 10, 2022. Attached as Ex. 1. Plaintiff's counsel received an auto-reply confirmation email regarding the service the same day.

9. Rule 6(b)(1)(B), Fed. R. Civ. P. states:

> (b) Extending Time.
>
> > (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

10. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sandoz, Inc., in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Sandoz, Inc. had been properly and timely effectuated.

11. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case.  Therefore, given the length of time that has passed, for the duration of this MDL, not harm or prejudice will result to Defendants by extending the time, for this Plaintiff, for a mere 5 weeks and 2 days, to October 7, 2022 to comply with CMO 35.

WHEREFORE, Plaintiff, Cindy Thomason, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022, to October 12, 2022, and denying Defendants Sandoz's Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff prays for such other appropriate relief.

Dated: October 11, 2022                                  **SCHMIDT NATIONAL LAW GROUP**

                                                                          */s/ Martin Schmidt*
Martin Schmidt
mschmidt@nationalinjuryavocates.com
3033 Fifth Ave., Suite 335
San Diego, CA  92103
Telephone: (800) 631-5656
Facsimile: (619) 393-1777

## CERTIFICATE OF SERVICE

  I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of records.

                   */s/ Martin Schmidt*
                   Martin Schmidt