UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)  MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "N" (5)
JUDGE ENGELHARDT
MAG. JUDGE NORTH

MARY OSTERBERG,

  Plaintiff(s)  CIVIL ACTION NO. 2:18-CV-08934

vs.

SANOFI AVENTIS U.S. LLC, ET AL

  Defendants

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE COMPLAINT AND OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Mary Osterberg, by and through counsel, and files this her Memorandum In Support of Extension of Time to Serve Complaint and Opposition Response to Defendant's Motion to Dismiss and in support thereof would show the following:

**Facts**

1. Plaintiff filed her short form complaint on September 26, 2018, and a summons was issued shortly thereafter.

2. Due to oversight and excusable neglect, Plaintiff's filed complaint and summons was not emailed to Defendant's service email.

3. Plaintiff submitted the Plaintiff Fact Sheet, signed authorizations and other medical records and documents to Defendant through the MDL Centrality file sharing portal on December 17, 2018.

4. Plaintiff submitted an Amended PFS through MDL Centrality on May 10, 2021.

5. Plaintiff's counsel had no knowledge that the filed summons and complaint was not emailed to Defendants until their Motion to Dismiss was filed. Plaintiff has since emailed the filed summons and complaint to Defendants.

**ARGUMENT**

1. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

2. The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of the failure to effect service on September 30, 2022, when Plaintiff's counsel was made aware of Sanofi's motion to dismiss by Plaintiff's liaison counsel. Plaintiff's counsel has since cured the deficiency and did not realize the email service was never effectuated on Defendant . Plaintiff has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice. Rather, because the parties use MDL Centrality to exchange discovery documents, Plaintiff was under

the impression that Defendant's received all discovery once the items were uploaded to MDL Centrality.

3. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

4. The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Plaintiff and her counsel have been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. These documents included proof of Taxotere use, medical records and a completed Plaintiff Fact Sheet. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant. Simply put, Plaintiff's counsel inadvertently failed to send the email of service to Defendant but did carry out all other steps in the discovery process, including submission of all required documents during the timeframe directed by this court.

5. Finally, there is no prejudice to Defendant arising out of the delay in service. Plaintiff has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including submission of the PFS and supported documents, a written statement

in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations. Defendant was well aware of Plaintiff's case as a result of these submissions. In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Plaintiff's case is in the exact same status as the thousands of other non-bellwether plaintiffs.

6. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated her claim through MDL Centrality to the exact same extent they would have if Sanofi had been timely served. Defendant's Motion to Dismiss should be denied.

7. Rule 6(b)(1)(B), Fed. R. Civ. P. states:

(b) Extending Time.
(1) In General. When an act may or must be done within a specified

time, the court may, for good cause, extend the time:
(B) on motion made after the time has expired if the party failed to

act because of excusable neglect.

Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sanofi in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Sanofi had been properly and timely effectuated.

8. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not

engaged in routinely dilatory behavior. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case.

Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Defendants by extending the time, for this Plaintiff to comply with CMO 35.

Respectfully submitted, this the 11th day of October, 2022.

*/s/ E. Scott Verhine*
E. Scott Verhine, MSB# 10548
Verhine & Verhine PLLC
1013 Adams Street
Vicksburg, MS 39183
(601) 636-0791
(601) 636-2718 (fax)
Email: scott@verhine.biz
**Counsel for Plaintiff**

CERTIFICATE OF SERVICE

I, E. Scott Verhine, do certify that I have filed by CM/ECF a copy of the foregoing document which has been served on all parties of record at their email address on file.

Filed this the 11th day of October, 2022.

/s/ E. Scott Verhine.
E. Scott Verhine