**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION "H" |
| | : | JUDGE JANE TRICHE MILAZZO |
| | : | MAG. JUDGE MICHAEL B. NORTH |
| THIS DOCUMENT RELATES TO | : | |
| *Rita Sutherland v. Sanofi-Aventis U.S. LLC;* | : | |
| *Sanofi US Services Inc.* | : | |
| *Docket No. 2:18-cv-07003* | : | |

## PLAINTIFF'S RESPONSE MEMORANDUM TO SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

### INTRODUCTION

On September 27, 2022, Defendant Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. (collectively, "Sanofi") filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 ("CMO 35"). Plaintiff, Rita Sutherland's claim was included on the case list attached as Exhibit A to that motion. Plaintiff, Rita Sutherland (hereinafter, "Plaintiff"), by and through the undersigned counsel responds as follows.

Plaintiff's Complaint was filed in the Eastern District of Louisiana on July 26, 2018 (*Rita Sutherland v. Sanofi-Aventis U.S. LLC, et al* Case No. 2:18-cv-07003). See Exhibit 1.

### I. Dismissal is inappropriate where service has occurred

Plaintiff's complaint was served on Sanofi pursuant to Pre Trial Order No. 9 on October 11, 2022. This Court should extend the time for service *nunc pro tunc*, as other MDL courts have done and thereby mooting this issue. *See In re Asbestos Prod. Liab. Litig. (No.VI),* 2014 WL 1903904, at *1 (E.D. Pa. May 12, 2014) (given defendants' "actual notice of the pending action"

1

and "lack of prejudice . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, *nunc pro tunc* . . . .").

"The purpose of the rules governing service of process is to ensure that parties receive actual notice of claims against them." *Eli Lilly and Co v. Roussel Corp.,* 23 F. Supp. 2d 460, 474 (D.N.J. 1998). That purpose has been accomplished here, as Sanofi have long been aware of Plaintiff claims. Instead of dismissal, the Court should afford the Plaintiff the opportunity to have her claims decided on their merits. *See McCurdy,* 157 F.3d at 197 ("[C]ourts should strive to resolve cases on their merits whenever possible.").

## II.     The Defendant have waived 12(b)(5) defenses through conduct

"A party need not actually file an answer or motion before waiver is found." *Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 732-733 (7th Cir 1991). A party may waive its right to assert the defense of insufficient service of process by failing to assert it "seasonably." *Id.* at 732; *Broadcast Music, Inc.,* 811 F.2d at 281 (objections to service of process "must be raised in a timely fashion"); *Valdez v. Danberg,* 576 F. App'x 97, 103 n.6 (3d Cir. 2014) (waiting more than a year to pursue the defense of insufficient service of process constituted waiver of the defense).

Here, Sanofi filed a motion to dismiss for insufficient service of process even though they have been aware of Plaintiff's lawsuit for years. The Plaintiff's proof of injury documents were uploaded to MDL Centrality on November 8, 2018; document id: 261956. The Plaintiff's proof of use documents were uploaded to MDL Centrality on November 8, 2018; document id: 261955. Furthermore, the Plaintiff's Fact Sheet and Defendant Fact Sheet have been exchanged. The Plaintiff's Fact Sheet was uploaded to MDL Centrality on January 4, 2019; document id: 286673.

2

Sanofi's Defendant Fact Sheet was uploaded to MDL Centrality on July 24, 2019; document id: 394018. Sanofi's receipt of Plaintiff's lawsuit along with subsequent discovery indicates that Sanofi manifested an intent to defend Plaintiff's action.

In *Broadcast Music,* two defendants were represented by counsel who was "served with appropriate pleadings at every step of the way," although the record as to the service of the complaint upon the defendants themselves was "dubious." 811 F.2d at 280-281. Defendants' counsel did not raise an objection to service of process until after a motion for default judgment was filed. *Id.* The Fifth Circuit affirmed the entry of default judgment against the defendants, holding that they had waived their Rule 12(b)(5) defense. *Id.* at 281. Because the defendants never filed a pleading in the case, "it [could] not be said that they failed to raise the defense, as required by Rule 12(h), in their first pleading." *Id.* However, the court held that their participation, through counsel, without raising the issue "for over eight months" constituted a waiver of the defense. *Id.*

Likewise, Sanofi participated in this MDL every step of the way, with knowledge of the Plaintiff lawsuit, without raising the issue of service. Sanofi received copies of the Plaintiff Fact Sheet and event served Plaintiff's counsel with deficiency notices. Indeed, dismissal under these circumstances would be "unconscionable." *See Vance v. U.S.,* 126 F.R.D. 14, 15-16 (E.D.N.Y. 1989) ("It is unconscionable on the part of the Government to seek to dismiss this action on such a technicality when the Government has had full notice of plaintiff's claims since 1983 and has had full notice of this action in this District having actually received a copy of the summons and complaint on September 19, 1988.").

Even where the Defendant have pleaded the defense of insufficient service of process in their answers, doing so "'do[es] not preserve the defense in perpetuity.'" *King v. Taylor,* 694 F.3d 650, 658 (6th Cir. 2012) (quoting *Burton,* 106 F.R.D. at 481)). At some point, the defendant must

"'raise the issue by motion for the court's determination.'" *Id.* "Waiting too long to do so can forfeit the defense." *King,* 694 F.3d at 658. Here, Sanofi did not raise the defense in their answer and in their participated discovery. For those reasons alone, dismissal is improper.

In *King,* the defendant asserted the defense of insufficient service of process in his answer but waited nearly a year to file a motion to dismiss on those grounds. *Id.* at 655. The district court declined to extend the time for service and dismissed the action. *Id.* The Sixth Circuit reversed, holding that the defendant had "forfeited his service defense through his extensive participation in the litigation." *Id.* at 658. The Sixth Circuit found that the defendant's filing of joint reports, participation in discovery, moving to amend the scheduling order, and participation in status conference to constitute "[s]uch voluntary, active, and extensive participation in the litigation" that it "indisputable gave plaintiffs a 'reasonable expectation that [the defendant would] defend the suit on the merits.'" *Id.* at 660 (quoting *Gerber v. Riordan,* 649 F.3d 514, 519 (6th Cir. 2011)). Sanofi in this MDL have participated in monthly status conferences for years, without raising the issue of service, thereby raising a reasonable expectation that they will defend this case on the merits.

In *In re: Ethicon, Inc.,* 2016 WL 6436566 (S.D.W.V. Oct. 27, 2016), the MDL court was faced with a motion to dismiss for failure to timely effect service of process. In *Ethicon,* as in this case, the requirements for service were streamlined by agreement of the parties. *Id.* at *1. Though the plaintiff failed to effectuate service via the agreed upon streamlined service methods, the plaintiff provided the defendants with a completed Plaintiff Profile Form ("PPF") and other litigation-related papers, allowing the defendants to obtain the plaintiff's confidential medical records. *Id.* The defendants acknowledged receipt of the PPF, demanded additional information, and threatened to pursue its remedies in court if the plaintiff did not comply. *Id.* at *2. However, the defendants did not file any motions or appear before the court on the plaintiff's action. *Id.*

4

The Court held that, through their litigation-related conduct, the defendants "manifested their intention to defend the suit" and demonstrated a "clear willingness to engage in litigation," thereby waiving the defense of untimely service of process. *Id.* As the court reasoned, "it would indeed be an absurd result, likely placing the defendants and their counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction." *Id.*

Similar to *Ethicon,* in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 2014 WL 2581525 (N.D. Cal. June 9, 2014), a "long-running MDL," the court held that "filing sworn statements and participating in status conferences before a Special Master are litigation activities that support a finding of waiver." *Id.* at *3. Here, the Defendants knew about tolled cases before they were filed, have participated in monthly status conferences since the MDL was created and have received medical records and PFSs similar to the PPFs collected by the defendants in *Ethicon,* served deficiencies to the PFS, and have moved to dismiss cases where they alleged the plaintiff facts sheets were inadequate. The Court should not order the justice-defeating result that was rejected in *Ethicon* and *CRT*. This Court should follow *Ethicon* and *CRT* and find that Sanofi has waived their 12(b)(5) defenses.

A defendant, through its silence on the issue, cannot be permitted to lull a plaintiff into believing that the defendant was adequately served and then spring the defense on a plaintiff when it becomes strategically advantageous. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 162 F. Supp. 3d 247, 250 (S.D.N.Y. 2016) ("[defendant's] silence for over a year—despite knowing it had been named in the Complaint and despite being present in court with the [plaintiff] numerous times—can be viewed as an attempt to build a case for dismissal of lack of

service") (granting extension of time for service); *Broadcast Music,* 811 F.2d at 281 ("The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit . . . .").

Here, it is unjust and fundamentally unfair to hold the Plaintiff to all the technical requirements of Rule 4 when Sanofi themselves have declined to move on the issue, especially when dismissal would result in the Plaintiff claims, if re-filed, falling outside applicable statutes of limitations.

The Third Circuit has held that waiting until the applicable statute of limitations has expired to pursue the issue constitutes a waiver. *Valdez v. Danberg,* 576 F. App'x 97, 103 n.6 (3d Cir. 2014) ("The defendants actively litigated this case for over a year after serving their Answer, failing to pursue the issue of service of process in any meaningful way until they filed their motion for summary judgment in July of 2012—after the statute of limitations on [plaintiff's] §1983 claims had expired. By failing to press the issue earlier, they waived it." (citing *King,* 694 F.3d at 656-661)). Here, the applicable statutes of limitations may have expired. This fact must weigh heavily against dismissal. *See Valdez,* 576 F. App'x at 103, n.6.

It would be an absurd result for the Plaintiff to suffer dismissal, for mere technical violations, after years of pursuing their claims, where Sanofi been on notice of Plaintiff claims, have collected discovery pertaining to those claims, and have never moved to dismiss for lack of timely service. Sanofi has taken substantial steps to defend Plaintiff lawsuit on the merits, have manifested an intention to defend other similar actions, and have, thus, forfeited their service of process defenses.

### III.     The Court should grant additional time for service

To the extent Sanofi has not waived their 12(b)(5) defenses and the Plaintiff has not otherwise shown good cause as to why her complaint should not be dismissed for lack of service of process, this Court should exercise its discretion to allow Plaintiff additional time to serve Sanofi. While "'[d]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process[,] . . . dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.'" *D'Antonio,* 2017 WL 701384, at *8 (quoting *Umbenhauer v. Wood,* 969 F.2d 25, 30 (3d Cir. 1992)).

Sanofi's awareness of the Plaintiff's lawsuit at issue, as well as their active participation in this MDL, including acceptance of PFSs containing confidential information, along with a complete absence of prejudice, weighs heavily in favor of additional time for service. *See In re Asbestos Prod. Liab. Litig. (No. VI),* 2014 WL 1903904, at *1 (exercising discretion to allow additional time for service where "Defendants will not be prejudiced"); *In re: Ethicon, Inc.,* 2016 WL 6436566, at *2 (defendants' acceptance of litigation-related medical information from plaintiff weighed heavily against dismissal); *In re Yamaha Motor Corp. Rhino ATV Prod. Liab. Litig.,* 2009 WL 3247436, at **1-2 (W.D. Ky. Oct. 7, 2009) (exercising discretion to grant extension of time where "[d]efendant had actual knowledge of the subject of the claim, even if not of the actual lawsuit."); *in Re Aredia and Zometa Prods. Liab. Litig.,* 2007 WL 4376098, at *3 (declining to dismiss for insufficient service of process where "[d]efendant made corrections to many of the Plaintiffs' fact sheets and received notice of the transfer of Plaintiffs' claims to MDL.").

7

Dismissal of the Plaintiff's claims of severe personal injury over a mere technical violation would be the epitome of injustice. Yet, "the Federal Rules are meant to be applied in such a way as to promote justice." *McCurdy,* 157 F.3d at 197 (citing Fed. R. Civ. P. 1). The harsh result of dismissal is not warranted here where the Defendant have long been on actual notice of the Plaintiff's claims. *See Eli Lilly and Co v. Roussel Corp.,* 23 F. Supp. 2d 460, 474 (D.N.J. 1998) ("The purpose of the rules governing service of process is to ensure that parties receive actual notice of claims against them.").

### IV.   There is no prejudice to Sanofi

Sanofi has not suffered any prejudice at this time. Thus, dismissal of Plaintiff's lawsuit at this point would not serve justice. Late service has not—and will not—prejudice Sanofi in any material way, as Sanofi has long been on actual notice of Plaintiff's lawsuit and has actively participated in this MDL. "While prior to the 1993 amendment to Rule 4, dismissal for failure to effect timely service was mandatory unless the plaintiff could demonstrate good cause for the delay, Rule 4(m) now gives the district court broad discretion in determining whether to dismiss for untimely service." See *Thompson v. Brown,* 91 F.3d 20, (5th Cir. 1996).

### CONCLUSION

For the reasons set forth herein, the Plaintiff requests that this Court find that the issue is moot, as service has been affected or, in the alternative, that the Defendant have waived the requirement of service of process under Rule 4 in relation to the action at issue or, in the alternative, extend the time for service *nunc pro tunc.*

DATED: October 11, 2022

                                        Respectfully submitted,

                                        __/s/ Christopher LoPalo__
                                        Christopher LoPalo, Esq.
                                        Napoli Shkolnik PLLC
                                        400 Broadhollow Rd. Suite 305
                                        Melville, NY 11747
                                        Tel: (212) 397-1000
                                        Clopalo@napolilaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the attached document was served upon each attorney of record through the Court's Electronic Court Filing System.

Dated: October 11, 2022

/s/ Christopher LoPalo
Christopher LoPalo, Esq.
