UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Sharyl Schuller, Case No.: 2:20-cv-00731*

**PLAINTIFF'S RESPONSE TO DEFENDANTS' HOSPIRA WORLDWIDE, LLC F/K/A HOSPIRA WORLDWIDE, INC., HOSPIRA, INC., AND PFIZER INC. MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4 AND MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

　　　　Plaintiff Sharyl Schuller, by and through her counsel of record, Fears Nachawati, submits her response to Defendants' Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc. Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Fed. R. Civ. P. Rule 6(b), to extend the time for Plaintiff to comply with CMO 35, for reasons as follows:

1. Plaintiff admits she does not have documentary evidence of service on Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc.. Counsel for Plaintiff investigated whether service occurred but was unable to access the email archives of individuals who would have been responsible for effectuating service at the time summons were issued. Plaintiff has now confirmed service on Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc. in accordance with PTO 30. *Attached as Ex. 1.*

2. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's

case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." Id. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

3. The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of this defect in service when Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc. filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 ("CMO 35"). Prior to Defendant's Motion to Dismiss, Plaintiff was unaware of this inadvertent error and excusable neglect. Plaintiff cured the defect after receiving notice. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

4. While delay alone may be sufficient to justify dismissal under Rule 4, it is usually in instances with decayed evidence or a defendant's reliance on an expired statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. The Fifth Circuit typically looks for "aggravating factors" other than delay when determining whether to apply the extraordinary remedy of dismissal, especially when the matter would be time barred from the dismissal. Aggravating factors can include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of

intentional conduct." Id. at 418. Plaintiff has not engaged in intentional conduct that resulted in the delay in this instance.

5. To date, there has been no settlement discussions and this case has not been set for trial. To grant an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. As such, the Defendant would not be harmed or unfairly prejudice should the Court grant the extension of time for effectuating service and Defendant's Motion to Dismiss should be denied.

6. Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(B), the time for effectuating service may be extended on motion made after the time has expired if the party failed to act because of excusable neglect. Good cause existed for the extension of time to comply with CMO 35 and Rule 4, as the failure to serve Defendant was not the result of blatant disregard or contempt of the Court's orders but rather excusable neglect.

7. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior and intends to comply with all deadlines in future orders of this honorable court.

WHEREFORE, Plaintiff, Sharyl Schuller, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022, to October 9, 2022, and denying Defendants' Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc. Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff prays for such other appropriate relief.


Dated: October 11, 2022

        FEARS NACHAWATI LAW FIRM

        <u>/s/ Danae N. Benton</u>
        Danae N. Benton
        State Bar of Texas 24080422
        Gibbs Henderson
        State Bar of Texas 24041084
        5489 Blair Rd.
        Dallas, TX 75231
        Phone: 214-890-0711
        Fax: 214-890-0712
        Email: dbenton@fnlawfirm.com
               taxotere@fnlawfirm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |

**THIS DOCUMENT RELATES TO:**
*Sharyl Schuller, Case No.: 2:20-cv-00731*

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EXTEND TIME TO COMPLY WITH CMO 35**

Plaintiff's Motion for Leave to Extend Time to Comply with CMO 35 is GRANTED.

The Court finds that Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer Inc. was correctly served by counsel for Plaintiff on October 9, 2022. Due to excusable neglect, the Court finds the deadline for Plaintiff to comply with CMO 35 should be, and is hereby, extended for Plaintiff from August 31, 2022, to October 9, 2022.

Defendant's Motion to Dismiss for Failure to Comply with CMO 35 is denied as moot.

So ORDERED on this _____ day of _____, 2022.

_____
U.S. District Judge Presiding