UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)  　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Tessie Adams*
*Civil Action No. 2:17-cv-16210*

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35
AND
PLAINTIFF'S MOTION FOR LEAVE TO EXTEND TIME FOR SERVICE

　　　　Plaintiff Tessie Adams, by and through her counsel of record, Allen & Nolte, PLLC, submits her response to Defendants Hospira's and Pfizer's Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and respectfully requests the Court, pursuant to Rule 6(b) FED. R. CIV. P. to extend the time for Plaintiff to serve the summons and complaint, for reasons as follows:

## STATEMENT OF FACTS

　　　　1.　　Plaintiff Tessie Adams originally retained The Mulligan Law Firm ("MLF") in November 2017.  MLF filed her Short Form Complaint on December 9, 2017.  On January 23, 2018, the summons for Defendants in this matter were issued by the Clerk of the Court.

　　　　2.　　Plaintiff served her Plaintiff Fact Sheet through MDL Centrality on February 21, 2018.  Plaintiff served proof of injury photos on three separate occasions, February 19, 2018, May 3, 2018, and May 8, 2020.  Plaintiff also served her PTO 71 materials on March 29, 2018.  See Ex. 1.

　　　　3.　　Defendants served Plaintiff with a Notice of Deficiency in Plaintiff Fact Sheet on April 5, 2018.  MLF, on behalf of Plaintiff, served Defendants with Plaintiff's Response to Deficiency Notice on August 1, 2018.

4.	Patrick Mulligan, the principal of The Mulligan Law Firm, passed away in spring 2019. Following his death, the law firm was dissolved, and the firm's clients were referred to new attorneys.

5.	Plaintiff retained Allen & Nolte, PLLC on June 30, 3019.

6.	Plaintiff's case was included on notice of defendants' non-compliance lists on May 1, 2020, November 20, 2020, and February 5, 2021. The deficiencies alleged by Defendants were cured on each of these occasions.

7.	On February 11, 2021, defendant Sanofi/Winthrop entities notified Plaintiff that her case was included on their Product Identification Reconciliation list. On April 28, 2022, Plaintiff filed her Notice of Dismissal as to all Defendants except the Hospira entities.

8.	Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35 identifying Plaintiff Tessie Adams on October 3, 2022. Prior to this filing, Plaintiff was unaware that she might not be in compliance with CMO 35.

9.	Plaintiff's counsel requested Issuance of Summons as Defendants on October 10, 2022. Attached as Ex. 2.

## ARGUMENT & AUTHORITIES

**Plaintiff's case should not be dismissed with prejudice because there is no record of delay or contumacious conduct by Plaintiff.**

10.	The Fifth Circuit is clear that dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff…, and where less sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).

11.	The record here shows no contumacious conduct of the Plaintiff. To the contrary, as recited above, Plaintiff has met all other deadlines in this litigation and responded timely to

deficiencies alleged by Defendants. In addition, based on the factual record, counsel had no reason to suspect that Defendant had not in fact been served.

12. In the cases where the Fifth Circuit has affirmed dismissals with prejudice, they generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. In this matter, it was not until Defendants filed their Motion that Plaintiff's counsel had reason to suspect service had not been made on Defendant. Unfortunately, Plaintiff's counsel cannot confirm or refute Defendants' contention that they have not been served in this case because counsel is unable to access the email accounts of Plaintiff's previous attorneys who would have been responsible for effectuating service. Accordingly, Plaintiff will promptly serve Defendants upon the Court's granting of her Motion to Extend Time for service and receipt of Summons from the Clerk of the Court.

**There are no aggravating factors supporting the extraordinary remedy of dismissal.**

13. When reviewing whether the granting of the extraordinary remedy of dismissal was proper, the Fifth Circuit looks to several "aggravating factors". *Id.* The aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.*

14. The first aggravating factor is wholly absent in this case. Plaintiff has complied with all pre-trial orders including timely serving her Plaintiff Fact Sheet and required authorizations, providing medical records and proof of injury photos, submitting documents required by PTO 71A and CMO 12A, and responding to alleged deficiencies by Defendants.

15. Similarly, there is no evidence that the delay was the result of intentional conduct. On the contrary, counsel believed the case had been served and proceeded with discovery on that

premise. Accordingly, if there was any delay in effectuating service on Defendant, which Plaintiff does not admit has occurred, that delay was due to inadvertence of counsel and not the result of intentional conduct.

16. Finally, there is no significant prejudice to the Defendants. Prejudice may be shown when service is delayed due to situations where "evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Id.* In the present case, Plaintiff has complied with all discovery orders in this matter preserving all case specific evidence and Defendants have been actively litigating other cases in this MDL with common questions of law and fact.

17. While the alleged delay in perfecting service on Defendant was long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal with prejudice is inappropriate where none of the aggravating factors normally required to justify dismissal are present. The parties have litigated these claims through MDL Centrality to the same extent they would have if Defendant did not contend proper service was not effectuated. Therefore, Defendants' Motion to Dismiss should be denied.

**Dismissal without prejudice is also not warranted because Plaintiff has shown good cause for delay in service.**

18. The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m); *see also*, *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause

shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.,* 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

19. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been show. See *Rollerblade, Inc., v. Rappelfeld,* 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension

even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

20. Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

21. Good cause exists for extending time for Plaintiff to serve Defendants, as the failure to service Defendants was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Defendants had been properly and timely effectuated.

22. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior. Additionally, an extension of time to serve Defendants would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Defendants by extending time for this Plaintiff to serve Defendants.

WHEREFORE, Plaintiff Tessie Adams prays that the Court enter an Order extending the time for Plaintiff to serve Defendants and denying Defendants' Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff prays for such other appropriate relief.

Dated: October 11, 2022

**ALLEN & NOLTE, PLLC**

By: /s/ Jennifer Nolte
John H. "Trey" Allen, III, Esq. – Trial/Lead Counsel
trey@allennolte.com
Jennifer Nolte, Esq.
jnolte@allennolte.com

5445 La Sierra Drive, Suite 350
Dallas, TX 75231
Tel: (214) 521-2300
Fax: (214) 452-5637

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                          /s/ Jennifer Nolte
                                          Jennifer Nolte