**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** |
| | Section: "H" (5) |
| | **Judge Milazzo** |
| **THIS DOCUMENT RELATES TO:** Karen Racca, | **Civil Action No: 2:17-cv-12862** |
| Plaintiff | |
| v. | |
| Sanofi US Services Inc. et al | |
| Defendants | |

**PLAINTIFF'S RESPONSE/MEMORANDUM TO SANDOZ'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

**INTRODUCTION**

On September 29, 2022, Defendant Sandoz Inc. ("Sandoz") filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4. Plaintiff Karen Racca's claim was included on the list attached as Exhibit A to that motion. Plaintiff Karen Racca, by and through the undersigned counsel, responds as follows.

**BACKGROUND**

Plaintiff's Complaint was filed in the Eastern District of Louisiana on November 20, 2017 (*Karen Racca v. Sanofi US Services Inc. et al*, Case No. 2:17-cv-12862). Sanofi-Aventis U.S. LLC; Sanofi U.S. Services Inc. f/k/a Sanofi Aventis U.S. Inc.; Hospira, Inc.; Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.; and Pfizer Inc. were named as Defendants in Plaintiff's filed Complaint. After filing the Complaint, Plaintiff served Defendants Sanofi-Aventis U.S. LLC; Sanofi U.S. Services Inc. f/k/a Sanofi Aventis U.S. Inc.; Hospira, Inc.; Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.; and Pfizer Inc. Johnson Law Group subsequently requested leave from this Court on October 27, 2020 to amend the original Complaint to add Sandoz as a Defendant. Doc. 11356. Attached to Plaintiff's motion as Exhibit A

1

was a copy of the proposed complaint naming Sandoz as a Defendant. Id. at 3-8. On November 6, 2020 Plaintiff Amended her Plaintiff Fact Sheet to note Sandoz as the sole Defendant. MDL Centrality Doc. 503190. On November 9, 2020 this Court granted Plaintiff's motion and ordered the Clerk's office to file the Amended Complaint attached to Plaintiff's Motion in the member case *Karen Racca v. Sanofi-Aventis U.S. LLC et al.* Case No. 2:17-cv-12862. On November 9, 2020 the Clerk's office filed the Amended Complaint adding Sandoz as a Defendant. 2:17-cv-12862, Doc. 6. Plaintiff inadvertently failed to serve Defendant Sandoz pursuant to Pretrial Order No. 30. Doc. 304. On November 12, 2020 Defendant issued several deficiencies regarding responses to treatment dates found within the amended Plaintiff Fact Sheet. MDL Centrality Doc. 503863. Plaintiff subsequently amended her Plaintiff Fact Sheet again on December 11, 2020 to cure the noted deficiencies. MDL Centrality Doc. 507494. Plaintiff was unaware of the inadvertent error regarding service when the Court entered CMO 35. Plaintiff first became aware of this deficiency in service on September 29, 2022, when Defendant Sandoz filed a Motion to Dismiss for Failure to Comply with CMO 35. Upon learning of this deficiency, Plaintiff immediately filed a Summons for Issuance (Exhibit A) and effectuated service pursuant to Pretrial Order No. 30 (Exhibit B and C).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[1] Federal Rule of Civil Procedure governs service of process generally and provides:

> If a defendant is not served within 90 days after the complaint is filed, the court …must dismiss the action without prejudice against that defendant…but if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is on the Plaintiff to show *good cause* as to why service was not effected timely[2], and the Plaintiff must demonstrate "at least as much as would be required to show excusable neglect."[3]

---

[1] *Aetna Bus. Credit., Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).
[2] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).
[3] *Gartin v. Par Pharmaceutical Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995))

Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[4] If the claim being dismissed without prejudice for failure to comply with Rule 4(m) would be time-barred by limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). A dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the Plaintiff."[5]

## ARGUMENT

Prior to Defendant's motion filed on September 29, 2022, Plaintiff was unaware of this inadvertent error. In response to Defendant's motion, Plaintiff effectuated service as soon as practicably possible. Service was effectuated on October 4, 2022. As demonstrated by the Declaration of Pierce Jones submitted herewith, Plaintiff has demonstrated good cause as to why service was not effected timely. The Declaration demonstrates facts that would be considered to be excusable neglect under applicable precedent. Under FRCP 4, this showing alone mandates the Court extend the time for service.

Importantly, Defendant Sandoz was not prejudiced in any manner by the delay in service. Not only has Defendant Sandoz has been aware of Plaintiff's claims against them for nearly two years, but the parties have actively litigated Plaintiff's claims through MDL Centrality to the exact same extent they would have if Sandoz had been timely served. To date, Plaintiff's case has not been placed on a remand wave, nor has the case been provided a trial date. In addition to the showing of good cause above, these factors heavily favor the Court extending the time for service.

Finally, and lost importantly, as dismissal of this matter would render Plaintiff's claims as time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). As set forth above, as dismissal with prejudice under Rule 41(b) requires a "clear record of delay or contumacious conduct by the Plaintiff."[6] While the delay in perfecting service on Defendant was admittedly long, the record before the Court does not demonstrate facts sufficient

---

[4] See FED. R. CIV. P. 4(m) (Requiring that a court must extend the time for service if good case is shown); *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).
[5] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[6] Id. at 417.

to support such a finding, and, notably, Defendant Sandoz does not advance such allegations. There is simply no record here from which the Court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate as Plaintiff would unable to refile her claims due to the statute of limitations.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff requests that Defendant Sandoz's Motion to Dismiss be denied.

Dated: October 11, 2022

Respectfully submitted,

JOHNSON LAW GROUP

/s/ *Russell W. Lewis IV*
Russell W. Lewis IV FL Bar # 0100755
Pierce Jones TX Bar # 24110061
JOHNSON LAW GROUP
2925 Richmond Avenue Ste. 1700
Houston, TX 77098
Telephone: (713) 626-9336
Facsimile: (713) 583-9460
Email: taxotere@johnsonlawgroup.com

CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated: October 11, 2022

                                                        /s/ *Russell W. Lewis IV*
                                                        Russell W. Lewis IV

                                                        /s/ *Pierce Jones*
                                                        Pierce Jones