UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL B. NORTH |
| THIS DOCUMENT RELATES TO: | |
| *Altheria Cornelius v. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., et al.,* *Civil Action No. 2:17-cv-16910* | Date of Hearing: October 19, 2022 Time of Hearing: 9:30AM Hon. Jane Triche Milazzo |

**PLAINTIFF, ALTHERIA CORNELIUS' RESPONSE TO DEFENDANT SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Plaintiff, ALTHERIA CORNELIUS, by and through undersigned counsel, responds to Sanofi's Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P., to extend the time for Plaintiff to comply with CMO 35, for the foregoing reasons:

1.      Per CMO 35, Plaintiff was required to serve Sanofi-Aventis U.S. LLC with summonses, no later than August 31, 2022.

2.      On or about October 26, 2018, Plaintiff's counsel sent email correspondence to Sanofi-Aventis U.S. LLC's counsel at noproductid@shb.com, requesting consent to file "the attached Unopposed Motion to Amend and bring in Sanofi Aventis US LLC as a defendant on this case." *See* October 26, 2018 correspondence from Plaintiff's counsel to Sanofi, attached hereto as *Exhibit A*.

1

3.      Shortly thereafter, the parties conferred, and Sanofi agreed to Plaintiff's Unopposed Motion to Amend, subject to "the understanding and agreement that Defendants do not waive any defenses, including but not limited to defenses based on jurisdiction or statute of limitations, by agreeing not to contest this motion."  *See* D.E. 5304.

4.      Accordingly, on November 19, 2018, Plaintiff filed her Unopposed Motion for Leave to File and Amend Complaint.  *Id.*

5.      On or about November 30, 2018, Plaintiff's Unopposed Motion was granted, and Plaintiff formally amended her complaint, adding Sanofi-Aventis U.S. LLC as an additional defendant.  *See* D.E. 5414; D.E. 7.

6.      On or about January 2, 2019, Defendant Sanofi-Aventis U.S. LLC timely filed a detailed, case-specific Defendant Fact Sheet – Product Information, which was uploaded to MDL Centrality.   The case-specific Defendant Fact Sheet confirmed, among other things, that Defendant Sanofi-Aventis U.S. LLC was properly named as a defendant in this case.  A copy of Sanofi-Aventis U.S. LLC's January 2, 2019 case-specific Defendant Fact Sheet – Product Information, along with attachments, is attached hereto as *Exhibit B*.

7.      Despite the actual notice to Sanofi-Aventis U.S. LLC that they were being named as an additional defendant in this case, through correspondence in connection with Plaintiff's Unopposed Motion to Amend, and Sanofi-Aventis U.S. LLC's express acknowledgment of its status as a defendant in this case by timely filing its case-specific Defendant Fact Sheet – Product Information, it appears that Sanofi-Aventis U.S. LLC was never actually served with the amended complaint, as required, due to a clerical error.

8.      Given the prior communication about the Unopposed Motion to Amend – the purpose of which was *solely* to add Sanofi as a party defendant – along with Sanofi's filing of the case-specific Defendant Fact Sheet – Product Information subsequent to the filing of the complaint, it is unfortunate that Sanofi elected to bring the instant Motion after the expiration of CMO 35, rather than timely advising Plaintiff of the apparent oversight at any point during the nearly *four years* that Sanofi had actual knowledge of Plaintiff's clerical error.

9.      Due largely to the filing of Sanofi-Aventis U.S. LLC's January 2, 2019 case-specific Defendant Fact Sheet – Product Information, Plaintiff's counsel was under the mistaken impression that Sanofi-Aventis U.S. LLC had been timely and properly served back in 2018.

8.      In fact, it appears that Sanofi-Aventis U.S. LLC was not timely served, due to a clerical oversight by Plaintiff's legal assistant.

9.      Promptly after Sanofi's Motion to Dismiss for Failure to Comply with CMO 35 was filed, Plaintiff's counsel corrected the mistake by properly serving Sanofi-Aventis U.S. LLC with the Summons and Amended Complaint at Taxoterecomplaints@shb.com on September 29, 2022.

10.     Rule 6(b)(1)(B), Fed. R. Civ. P. states as follows:

> (b) **Extending Time.**
>     (1) *In General*.  When an act may or must be done with a specified time, the court may, for good cause, extend the time:
>     (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

11.     Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sanofi-Aventis U.S. LLC, in compliance with CMO 35, was not the result of conscious indifference, by Plaintiff's counsel, but to due a clerical error, excusable neglect, and a good faith belief that service on Sanofi-Aventis U.S. LLC had been properly and timely effectuated

back in 2018, as reflected in the Declaration of Erik Fritz, attached hereto as *Exhibit C*. Plaintiff's good faith but inaccurate belief that Sanofi-Aventis U.S. LLC was timely and properly served was further buttressed by Sanofi-Aventis U.S. LLC immediate defense of the case, by filing its case-specific Defendant Fact Sheet – Product Information on January 2, 2019.

12.     This is Plaintiff's first motion seeking an extension of time.  Plaintiff has not engaged in routinely dilatory behavior.  Plaintiff's Fact Sheet is complete, and Plaintiff has submitted all requested authorizations.

13.     Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case.

14.     Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice would result to Defendants by extending the time, for Plaintiff Altheria Cornelius, by just over <u>four weeks</u>, to September 29, 2022, to comply with CMO 35.

WHEREFORE, Plaintiff, Altheria Cornelius, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35 from August 31, 2022 to September 29, 2022, and denying Defendant Sanofi's Motion to Dismiss for Failure to Comply with CMO 35, as moot, along with any other necessary and proper relief.

Dated: October 11, 2022                    Respectfully submitted,

                                            */s/ Erik C. Fritz*
                                            Erik C. Fritz, Esq.
                                            ANDREWS & THORNTON
                                            4701 Von Karman Ave., #300
                                            Newport Beach, CA 92660
                                            Phone: (949) 748-1000
                                            Facsimile: (949) 315-3540
                                            efritz@andrewsthornton.com
                                            ***Attorney for Plaintiff***

## COMPLIANCE

In compliance with Local Rule 7.6, Defense Counsel has been contacted and Defendant does not agree to the relief requested.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I served a true and accurate copy of the above **PLAINTIFF, ALTHERIA CORNELIUS' RESPONSE TO DEFENDANT SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35;** electronically with the Clerk of Court via the CM/ECF system which sent an electronic notification of this filing to all registered counsel of record in a manner authorized by FRCP 5(b)(2) and Local Rule 5.1 of the Eastern District of Louisiana.

/s/ *Erik C. Fritz*
Erik C. Fritz