UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                          SECTION: "H" (5)

**THIS DOCUMENT RELATES TO:**
*All cases attached in Exhibit 1*

# PLAINTIFF'S RESPONSE TO DEFENDANTS HOSPIRA AND PFIZER'S MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR WHICH SERVICE OF PROCESS HAS NOT BEEN DELIVERED AND REQUEST FOR ENLAREMENT OF TIME

Plaintiffs listed in **Exhibit 1** ("Plaintiffs"), by and through their counsel of record, Bachus & Schanker, LLC, submit their responses to Defendants Hospira Worldwide, LLC, f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. ("Hospira Defendants") Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered, and in opposition thereto, states as follows:

## INTRODUCTION

Hospira Defendants moved for dismissal of Plaintiffs' claims for lack of service of process. Prior to filing their Motion, Defendants did not confer with Plaintiffs over any service deficiencies. Several Plaintiffs listed on **Exhibit 1** identified a manufacturer other than Hospira Defendants, and those Plaintiffs do not oppose dismissal of Hospira Defendants only.  One Plaintiff is deceased, and her family does not wish to continue litigation, thus counsel does not oppose dismissal. And finally, for some of the Plaintiffs, service has now been effectuated and for various reasons, as discussed below, Plaintiffs respectfully request the Court deny Hospira Defendants' Motion and enlarge the period of time Plaintiffs have to serve their complaints.

1

### I.    CERTAIN PLAINTIFFS DO NOT OPPOSE DISMISSAL OF HOSPIRA DEFENDANTS

Plaintiff Madis Russell does not oppose dismissal of the Hospira Defendants because she is deceased and her family does not wish to pursue litigation, thus counsel does not oppose dismissal.

Mary Hoskin-Hudson, Terry Davis, Sandra Tipton, Sonia Valencia, and Lorraine Young, have identified manufacturers other than Hospira Defendants. Plaintiffs do not oppose dismissal of Hospira Defendants only subject to Fed.R.Civ.P. 60(b), and respond only to indicate the remaining Defendants should not be dismissed.

### II.    SEVERAL PLAINTIFFS LISTED BY DEFENDANTS WERE TIMELY SERVED

Plaintiffs Joanne Greedan, Elizabeth Ann Johnson, and Yolanda Schulze effected service of their complaints close in time to filing. Counsel for Plaintiffs have notified counsel for the Hospira Defendants and the parties are conferring on these matter and have agreed on a two-week extension to address Hospira's objections to service.

Additionally, Mary McLendon (17-07115) and Mary McClendon (17-08617) are the same person. Ms. McClendon's earlier-filed suit (17-07115) was served on Sanofi. *See* **Exhibit 2**. Plaintiff respectfully requests the Court dismiss 17-08617 without prejudice to Ms. McClendon's earlier filed suit, 17-07115.

### III.    THE REMAINING CASES LISTED ON EXHIBIT 1 SHOULD BE ALLOWED TO PROCEED

**A. The stringent requirement for a dismissal with prejudice cannot be met.**

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances

requires "a clear record of delay or contumacious[1] conduct by the plaintiff" ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

      The delay here is not attributable to Plaintiffs but instead an oversight by their counsel. As described more thoroughly below and for each Plaintiff in **Exhibit 1**, Plaintiffs have been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional- there was no plausible gain or motive for Plaintiff to delay obtaining service on the Hospira Defendants. There is also no prejudice to the Hospira Defendants arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders. Many of these Plaintiffs have appeared on show cause lists, submitted product identification which and updated the Plaintiff Fact Sheet (thereby notifying the correct defendant), and is otherwise in the same stasis as thousands of other non-bellwether plaintiffs. The Hospira Defendants had direct

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

knowledge, based on the ample discovery, notifications by Centrality, and show cause hearings, that it would not have been reasonable for them to settle expectations that the statute of limitations had expired.

While the delay in perfecting service on the Hospira Defendants was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated these claims through MDL Centrality to the exact same extent they would have if the Hospira Defendants had been timely served. Thus, the Hospira Defendants' Motion to Dismiss should be denied.

**B. Dismissal without prejudice is also not warranted and may result in further delay and briefing**

The Court must extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides

to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used

such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In each of these matters, as articulated more thoroughly below, each individual Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Hospira Defendants (along with other defendants) with multiple authorizations, a plaintiff fact sheet, medical records, and photographs. In each of these cases, Hospira Defendants will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Hospira Defendants have had the required discovery for years, has been participating in discovery, and service has now been effectuated. Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional briefing once these cases are re-filed and will likely tie up the court with briefing and appeals for years; thus Plaintiffs respectfully request these matters be allowed to proceed now that service has been effectuated.

**C.  Service was effectuated on Sanofi in the Majority of Cases on Exhibit 1.**

On the whole, counsel filed summons and did serve Sanofi. At the time of filing, in most of the matters listed below, summons were also filed for the Hospira Defendants but streamlined service orders were not yet in place. Staffing turnover at the time of PTO 40A and then again at the time of CMO 35 resulted in an oversight by counsel and counsel alone.

For Ada Brown, Chantel Brown, Gwen Burnstein, Amy Chorak, Janice Clendenon, Virginia Coleman, Earnestine Dawson, Gloria Fuller, Rosie Goins, Thelma Granderson, Ethel Hawkins, Sherwanda Hyde, Jonnie Johnson, Joyce Jones, Kristy Justice, Pamela Kidd, Sylvia Lewis, Geraldine Manigault, Tawonna Powell, Annie Section, Rosetta Sheffield, Annie Siler, Kimberly Spencer, Theresa Tarver, Sarah Waller, Linda Ward, Lisa Willis, Sheila Byers, Yvonne Manning, Iris Yessilth, Linda O'Brien, Christine Palmatier, Betty Webb-McConnell, Catherine Walker, and Doris Williams, Hospira Defendants were originally one of many

named defendants. These cases were, for the most part, filed prior to orders for streamlined service, and when pre-trial orders were put in place to serve Hospira, counsel had a staffing change. Counsel was assured by incoming staff members that any issues with service were rectified, and in July 2022, when those staff members resigned, the service e-mails would have been so far in the past, counsel could not verify the accuracy of the Hospira Defendants allegations of non-service.

And through the litigation process, counsel eventually was able to identify that Hospira Defendants were indeed the manufacturers in these matters. In each of these cases, the plaintiffs have complied with all other discovery orders. **Exhibit 1** shows the discovery each Plaintiff has disclosed, evidencing Hospira Defendants had both notice of each lawsuit and enough information to proceed and that there was no prejudice to Hospira Defendants over the failure to e-mail the complaint and summons. However, at no show cause hearing did Hospira Defendants raise the issue of non-service. Through conferral and the show cause process, Plaintiffs have been able to cure issues more germane to litigation; thus the Court should not dismiss these cases for a procedural issue missed by counsel alone.

Similarly, Rose Champagne, Edith Chappell, Ruby Harris, Kathlene Petties, Gwendolyn Crawford, and Cynthia Turner, all initially filed suit against multiple defendants, but through the litigation process identified the correct manufacturer as Hospira Defendants and one other manufacturer. Debbie Moore and Roberta Rogers have always had the Hospira Defendants named as the only Defendants. In all of these matters, Plaintiffs did serve Sanofi. It was by mere inadvertence that the other named defendants were not served; but since filing, these Plaintiffs have notified Hospira Defendants and the other manufacturers of suit by submitting a plaintiff fact sheet, serving authorizations and photographs, sending CMO 12A e-mails, and arguing against dismissal of these matters at show cause hearings. Hospira

7

Defendants has had notice of these matters and has participated in litigation. The Hospira Defendants are not prejudiced by the procedural misstep counsel made.

Plaintiff respectfully requests that these matters, where service was inadvertently effectuated late to Hospira Defendants but timely to other defendants, be allowed to proceed.

**D. In matters where product identification has not been obtained, Plaintiffs should be allowed to proceed with their cases.**

There are three cases on **Exhibit 1** where service was inadvertently late and no manufacturer has yet been identified. Rhonda Clamon, Charlotte Jefferson, and Janice Johnson have not yet identified the manufacturer but have not yet identified a manufacturer but have been giving notice of litigation to Hospira Defendants (and non-moving defendants) via the CMO 12A process, through filing a plaintiff fact sheet, serving photographs and authorizations, and providing Defendants with medical records. Not all Defendants have moved to dismiss the Plaintiffs with unidentified manufacturers. Dismissing Hospira Defendants will then require the parties to conduct even more briefing, as Plaintiffs will move to amend her complaint to include Hospira Defendants, and Hospira Defendants will likely oppose. Hospira Defendants have now been served and has not suffered any prejudice, thus Plaintiffs respectfully request the Court allow their cases to proceed.

Dated: October 11, 2022          Respectfully submitted,

BACHUS & SCHANKER, LLC

*/s/ J. Christopher Elliott*
J. Christopher Elliott, CO Bar No. 41063
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
T: (303)899-9800
F: (303)893-9900
E: celliott@coloradolaw.net

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

/s/ *J. Christopher Elliott*
J. CHRISTOPHER ELLIOTT