UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO

Plaintiff Name: Julia Adams
Case No.: 2:18-cv-11201

## PLAINTIFF JULIA ADAMS' RESPONSE IN OPPOSITION TO HOSPIRA'S AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Plaintiff seeks a denial of Defendant's request to dismiss with prejudice pursuant to Federal Rules 12(b)(5) and 41(b) for insufficient service of process, failure to prosecute, and failure to comply with CMO 35.

In this case, the court entered CMO 35 on July 26, 2022, to allow Plaintiffs additional time to effectuate service on the Defendants not previously served. However, this CMO did not come with an exhibit list of Plaintiffs who failed to effectuate proper service of process on Defendants, relying on Counsel to inspect their files to see whether they were able to determine if service had been conducted in each of their cases.

Federal Rule of Civil Procedure 4(m) allows the court to extend time for service if good cause is shown, even in the absence of good cause. (*Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008). Plaintiff has good cause and a reasonable belief that proper service had been effectuated in her case, thereby determining that CMO 35 had not applied to her in absence of an exhibit to the contrary.

For the reasons and facts set forth below, Plaintiff asks that the Defendant's motion to dismiss be denied in her case.

## FACTS

Plaintiff Julia Adams, through her counsel, filed a complaint against Defendants Sanofi and Hospira in the MDL on November 19, 2018. Exh. A. On November 28, 2018, both Sanofi and Hospira were sent emails to effectuate service of process to their respective service email addresses. Exh. B. The same day, both Sanofi and Hospira replied with confirmation emails that our email had been received. Hospira's email confirmation indicated that the "email will be reviewed and counsel will respond directly with any necessary follow-up." Exh. C. The confirmation emails were saved to the Plaintiff's file as proof of receipt. No subsequent emails were received from Hospira to indicate our attempt to effectuate proper service of process was denied or improper.

Plaintiff then continued to submit documentation, such as a Plaintiff Fact Sheet, medical records, PTO 71 documents, authorizations, etc. complying with court orders to further litigate her case.

Upon Plaintiff's inclusion on Hospira's exhibit for their Motion to Dismiss, did further investigation conclude that the Short Form and Summons were inadvertently left off of Hospira's email for service, though it had been properly included on Sanofi's. Once further investigation alerted us to this issue, Plaintiff immediately re-served Hospira, receiving the same confirmation email as before. The receipt of confirmation by Hospira in November 2018, without additional email from their counsel of "any necessary follow-up," reasonably but mistakenly provided Plaintiff with the belief that Defendants had been properly served and that CMO 35 did not apply to their case.

## ARGUMENT

The court issued discretion through CMO 35 to allow Plaintiffs to serve Defendants previously not served. As Defendants did not provide an exhibit as to which cases they believe did not effectuate proper service, Counsel was left to their own devices to look through each case to try to determine whether CMO 35 applied to them.

Under Federal Rule of Civil Procedure 41(b), dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Through this delay, the plaintiff's conduct would need to have been such that it "threatened the integrity of the judicial process." *Millan v. USAA General Indem. Co.*, 546 F. 3d 321, 327 (5th Cir. 2008).

Plaintiff reasonably relied on the receipt of confirmation from each Defendant served, without any additional email or correspondence to the contrary that their attempt to effectuate proper service had been unsuccessful. It was entirely unintentional, and without immediate notice, that the copy of the Short Form Complaint and Summons had been left off of the email to Hospira during the streamlined service of process.

Until Plaintiff's claim was specifically listed on Defendant's motion, did further investigation into emails from 2018 demonstrate that the documents were mistakenly left off of the service to Hospira, though properly included to Sanofi. Due to no fault of the Plaintiff, the lack of attention to detail by Counsel regarding service to Hospira and no subsequent review by Hospira's counsel pursuant to their email, service of process though attempted, had been ineffective. Hospira was then served again on October 6, 2022, after this realization.

Additionally, as another means of determination of proper service, a further look into MDL Centrality also did not provide Plaintiff with further notice that Defendant had not been served. Though the Plaintiff Fact Sheet had been submitted in April 2019, Sanofi for example, only served their Defendant Fact Sheet just over a month ago on August 30, 2022. It was also therefore reasonable for Plaintiff to conclude that one from Hospira would also be forthcoming shortly though delayed.

In further reliance that their claim had been properly served in 2018, Plaintiff continued to comply with each court order, serving a Plaintiff Fact Sheet, providing medical records and photographs, proof of use, authorizations, and a signed statement pursuant to PTO 71. Defendants are not prejudiced by this inadvertent and accidental delay in service as they have had access to all of Plaintiff's records and discovery.

Plaintiff has demonstrated a reasonable attempt to determine whether they were subject to CMO 35 without presence of an exhibit identifying them, and reasonably concluded Hospira had been served properly in November 2018, thereby not subject to response of CMO 35. Plaintiff's participation in this litigation and good faith attempts to follow procedures therefore does not rise to the level of delay or contumacious conduct that would threaten the integrity of the judicial process.

## **CONCLUSION**

Plaintiff asks this Court to take into account all relevant circumstances regarding Plaintiff's beliefs that service had been effectuated in conjunction with their continued action to proceed in litigation. Plaintiff did not willfully disregard CMO 35, but reasonably though mistakenly concluded it did not apply to them. Therefore, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss with Prejudice.

Dated:  October 11, 2022                    Respectfully Submitted,

_____

C. Brooks Cutter, CA 121407
Jennifer S.. Domer, CA 305822
Cutter Law, P.C.
401 Watt Ave.
Sacramento, CA 95864
(916) 290-9400
bcutter@cutterlaw.com
jdomer@cutterlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

              */s/ C. Brooks Cutter*