# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL No. 2740** |
| | **Section: N(5)** |
| | **JUDGE JANE TRICHE MILAZZO** |
| **This Document Relates to:** | **MAG. JUDGE NORTH** |
| Saba v. Hospira Worldwide LLC et al., Case No. 2:18-cv-07818 | |
| Mallak v. Sandoz, Inc., Case No. 2:18-cv-07836 | |

## MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT SANDOZ'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THE TIME FOR SERVICE

On March 27, 2017, the Court issued Pretrial Order No. 30 [Streamlined Service on Sandoz Inc.] which provided in pertinent part that, "[t]he Complaint and Summons shall be served by electronic mail ("email") to the following address: sandoz-taxotere-complaints@gtlaw.com." Rec. Doc. 304 at 2. Unfortunately, and by inadvertent error, the address to serve was mistakenly read as taxotere-complaints@gtlaw.com and missed the first word:

> (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: sandoz-taxotere-complaints@gtlaw.com. Each email sent to this address shall only contain one

Case Management Order No. 35 ordered Plaintiffs to "effect service of process on all Defendants" by August 31, 2022. Rec. Doc. 14456 at 1. On August 22, 2018, attempted service was made for Plaintiff Tamara Saba ("Saba"), and on August 23, 2018, attempted service was made for Plaintiff Patricia Mallak ("Mallak"). *See* Rec. Doc. 3 at 1; Rec. Doc. 4 at 1. On August 22, 2018, Plaintiffs counsel received an automatic e-mail response to the electronic filing of Saba's Summons and Complaint. *See* Rec. Doc. 4; Rec. Doc. 5. On August 23, 2018, Plaintiffs counsel received an automatic e-mail response to the electronic filing of Mallak's Summons and Complaint. *See id*. Unfortunately, both of these automatic responses were mistaken as confirmations of receipt, when they were in fact notices that the e-mail server rejected the message because the "user" was "unknown." *Id*. It was not until Plaintiffs received Defendant's Motion to Dismiss that Plaintiffs realized they had mistakenly understood Defendant's e-mail address to be "taxotere-complaints@gtlaw.com" when in fact Defendant's e-mail address as provided in Pretrial Order No. 30 was "sandoz-taxotere-complaints@gtlaw.com." *See* Rec. Doc. 14456 at 1; Rec. Doc. 3; Rec. Doc. 4.

 Although this unintentional error occurred, Plaintiffs did in good faith attempt to cure this issue. In the last few years Plaintiffs have both timely served a PFS, and both Plaintiffs timely answered and cured two PFS deficiencies sent by Defendants. Accordingly, Plaintiffs ask that this Court consider Plaintiffs' excusable neglect in light of otherwise good faith participation in this litigation and extend the time for service.

## **ARGUMENT**

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff may show good cause for a failure to serve a defendant within a specified time. *See* Fed. R. Civ. P. 4(m). The rule further prescribes that "if the plaintiff shows good cause for the failure, the court must extend the time for

service for an appropriate period." *Id*. "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). The Fifth Circuit has adopted this well-regarded principle that "broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause." *Id*. (citing *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995)). In *Williams v. Ass'n De Prevoyance Interentreprises*, for example, the court exercised its discretion in declining to dismiss an action where the defendant was not served with an amended complaint but was "apprised of [the] matter" and was, therefore, not prejudiced in its defense. No. 11-1664, 2013 WL 394026, at *1 (E.D. La. Jan. 30, 2013).

Rule 6 of the Federal Rules of Civil Procedures provides yet another basis upon which this Court may, within its discretion, extend the time for service. Rule 6(b)(1)(B) provides:

(b) **Extending Time.**

(1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

In this case, good cause exists for extending the time for service to comply with CMO 35, as the failure to serve Defendant in compliance with CMO 35 was not the result of bad faith by Plaintiffs' counsel, but due to a clerical error—excusable neglect and a good faith belief that service on Defendant was timely effected. *See* Rec. Doc. 3; Rec. Doc. 4. This is Plaintiffs' first motion seeking an extension of time. As indicated above, Plaintiffs have timely filed and responded to pleadings in this litigation. An extension of time to file in accordance with CMO 35

would not prejudice Defendant because Defendant was already apprised of this matter, and these Plaintiffs, which have all been listed on the MDL Docket for years.

WHEREFORE, Plaintiffs Tamara Saba and Patricia Mallak, pray that the Court enter an Order extending the time for Plaintiffs to comply with CMO 35, and denying Defendant Sandoz's Motion to Dismiss for Failure to Comply with CMO 35, as moot. Plaintiff is prepared to properly serve Defendant within seven days of the Court's Order approving this motion. Plaintiff prays for such other appropriate relief.

Respectfully submitted,

**MESHBESHER & SPENCE, Ltd.**

*/s/ Ashleigh Raso*
Ashleigh Raso (#0393353)
Anthony Nemo (#221351)
Meshbesher & Spence, LTD
1616 Park Avenue
Minneapolis, MN 55404

ATTORNEYS FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Ashleigh Raso*
Ashleigh Raso
araso@meshbesher.com