UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO

Plaintiff Name: Omatee Carrasco
Case No.: 2:18-cv-08588

## PLAINTIFF OMATEE CARRASCO'S RESPONSE IN OPPOSITION TO SANDOZ, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4

Plaintiff seeks a denial of Defendant's request to dismiss with prejudice pursuant to Federal Rules 12(b)(5) and 41(b) for insufficient service of process and failure to comply with CMO 35.

In this case, the court entered CMO 35 on July 26, 2022, to allow Plaintiffs additional time to effectuate service on the Defendants not previously served. However, this CMO did not come with an exhibit list of Plaintiffs who failed to effectuate proper service of process on Defendants, relying on Counsel to inspect their files to see whether they were able to determine if service had been conducted in each of their cases.

Federal Rule of Civil Procedure 4(m) allows the court to extend time for service if good cause is shown, even in the absence of good cause. (*Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008). Plaintiff has good cause and a reasonable belief that proper service had been effectuated in her case, thereby determining that CMO 35 had not applied to her in absence of an exhibit to the contrary.

For the reasons and facts set forth below, Plaintiff asks that the Defendant's motion to dismiss be denied in her case.

## FACTS

Plaintiff Omatee Carrasco, through her counsel, was originally filed as part of a joint complaint in California state court on December 11, 2017 in Alameda County. Exh. A Through the state court proceeding, there was no streamlined service of process and Defendants received summons through normal means of service. However, the state court process became complicated as Plaintiffs on the complaint were moved shortly after filing to the Northern District of California on March 8, 2018, then moved to the MDL on March 14, 2018, with official severance order in the MDL on July 30, 2018. Exh. B.

In attempting to comply with the various brand-new MDL procedures for those clients, a Short Form Complaint was filed on September 13, 2018 (Exh. C), and a Plaintiff Fact Sheet was served on January 22, 2019 (Exh. D), along with NDC codes properly identifying the generic manufacturers. Defendant Sandoz issued a Defendant Fact Sheet with certification and corresponding Product Labeling on April 5, 2019 in response to Plaintiff's discovery. Exh. E.

Upon Plaintiff's inclusion on Sandoz's exhibit for their Motion to Dismiss, Counsel did further investigation into early 2018 and concluded that in state court, Sandoz had mistakenly not been served though other Defendants had. Sandoz was then immediately served on October 6, 2022. Due to the length of time, Plaintiff is unable to determine the cause of this inadvertent mistake, but can reasonably conclude that it was not intentional as some Defendants had been served during the state court proceeding. However, through the various transfers in venue and the receipt of a complete Defendant Fact Sheet with exhibits from Sandoz, it was reasonably concluded in a cursory investigation that CMO 35 did not apply to her.

## ARGUMENT

The court issued discretion through CMO 35 to allow Plaintiffs to serve Defendants previously not served. As Defendants did not provide an exhibit as to which cases they believe did not effectuate proper service, Counsel was left to their own devices to look through each case to try to determine whether CMO 35 applied to them.

Under Federal Rule of Civil Procedure 41(b), dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Through this delay, the plaintiff's conduct would need to have been such that it "threatened the integrity of the judicial process." *Millan v. USAA General Indem. Co.*, 546 F. 3d 321, 327 (5th Cir. 2008).

Plaintiff reasonably believed that through the various transfers in venue and compliance with new procedures in the MDL, one of which resulted in a complete Defendant Fact Sheet from Sandoz with accompanying Exhibits, that Sandoz had been served.

As Plaintiff had not been specifically identified as being one that was subject to CMO 35, investigation into the file showed that Sandoz was an active Defendant and had received materials indicating they were aware of Plaintiff's suit and had been an active participant in the discovery process, as though they had been properly served.

Upon realization of this mistaken belief that CMO 35 did not apply to this case, Sandoz was immediately served. Sandoz is not prejudiced by this inadvertent and accidental mistake as they have had access to all materials provided during the scope of litigation and has provided their own obligatory response to discovery in the form of a Defendant Fact Sheet.

Plaintiff has demonstrated a reasonable attempt to determine whether they were subject to CMO 35 without presence of an exhibit identifying them, and reasonably concluded Sandoz had been served, thereby not subject to response of CMO 35. Plaintiff's participation in this litigation and good faith attempts to follow procedures therefore does not rise to the level of delay or contumacious conduct that would threaten the integrity of the judicial process.

## CONCLUSION

Plaintiff asks this Court to take into account all relevant circumstances regarding Plaintiff's beliefs that service had been effectuated in conjunction with their continued action to proceed in litigation. Plaintiff did not willfully disregard CMO 35, but reasonably though mistakenly concluded it did not apply to them. Therefore, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss with Prejudice.

Dated:  October 11, 2022                                     Respectfully Submitted,

_____
C. Brooks Cutter, CA 121407
Jennifer S.. Domer, CA 305822
Cutter Law, P.C.
401 Watt Ave.
Sacramento, CA 95864
(916) 290-9400
bcutter@cutterlaw.com
jdomer@cutterlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ C. Brooks Cutter*