UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) § <br> PRODUCTS LIABILITY LITIGATION § <br> § <br> § <br> § <br> § <br> § <br> This Document Relates to: § <br> Millie Howard; Case No. 2:19-cv-00349 § | MDL NO. 2740 <br><br> SECTION "H" (5) <br> JUDGE JSNE TRICHE MILAZZO <br> MAG. JUDGE MICHAEL B. NORTH |

**PLAINTIFF'S RESPONSE TO DEFENDANTS HOSPIRA WORLDWIDE, LLC F/K/A HOSPIRA WORLDWIDE, INC., HOSPIRA, INC. AND PFIZER, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMETN ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND TIME FOR PLAINTIFF TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiff, Millie Howard, by and through her counsel of record, Terry & Thweatt, P.C., submits her response to Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc. (hereinafter "Defendants") Motion to Dismiss for Failure to comply with Case Management Order No. 35, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend time for Plaintiff to comply with CMO 35, for reasons as follows:

INTRODUCTION

On or about January 17, 2019, Plaintiff filed her Short Form Complaint against the manufacturers of Taxotere®/docetaxel, including Defendants for damages sustained from injuries suffered by Plaintiff resulting from her Taxotere®/docetaxel. (Short Form Complaint Dkt. 1). Summons for Defendants in this matter were subsequently issued by the Clerk of Court. Pursuant to this Court's Pre-Trial Order No. (PTO 40A), Plaintiff was to effectuate service of the Summons and Complaint on all Defendants within ninety (90) days from when the Complaint is filed. On or about July 26, 2022, the Court entered Case Management Order No. 35 regarding the deadline to effectuate service of process on all named Defendants. Plaintiff's counsel received the Order

1

via the ECF filing system but was unaware that Plaintiff was not in compliance.  On or about October 3, 2022, Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Master Doc. No. 14770) identifying Plaintiff.  Prior to filing the Motion, Defendants did not confer with Plaintiff about insufficiency of service of process.  Upon learning of the non-compliance, Plaintiff's counsel immediately served Defendants in accordance with Pretrial Order 40A Streamlined Service Order on Defendants. See Exhibit A (Email to Defendants).  As service has now been effectuated on Defendants, Plaintiff respectfully requests the Court deny Defendants' Motion and grant her Motion for Leave to Extend Time for Plaintiff to serve her complaint.

## AUTHORITIES

The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). See also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995).  The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a

2

plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well-established that a dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious1 conduct by the plaintiff" ..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* Ultimately in *Pate*, the Court found that even though there was a

long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of this deficiency in service when the Defendants filed their Motion. Plaintiff cured the deficiency within days of receiving notice. Plaintiff has complied with all PTOs, CMOs, discovery obligations and timely completed and served her PFS and supporting documentation through MDL Centrality. As shown below, this is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

## ARGUMENT

Plaintiff has shown good cause for the failure to timely serve. From the date of original filing until October 7, 2022, Plaintiff has engaged in substantial involvement in this litigation. See Exhibit B. Plaintiff notified Defendants of suit by submitting a plaintiff fact sheet, serving authorizations, providing before and after photographs, providing Defendants with medical records, sending CMO 12A e-mails, provided PTO 71A statement, provided proof of use, appeared on show cause docket, and arguing against dismissal of these matters at show cause hearings, which led Plaintiff's counsel to believe that Plaintiff's complaint was properly served. Defendants have had notice of these matters and has participated in litigation, evidencing Defendants had notice of the lawsuit and enough information to proceed and that there was no prejudice to Defendants over the failure to e-mail the complaint and summons. However, at no show cause hearing did Defendants raise the issue of non-service. Through conferral and the show cause process, Plaintiff has been able to cure issues more germane to litigation; thus the Court should

not dismiss this case for a procedural issue missed by counsel alone since Defendants have waived service by substantial involvement in this litigation.

Thoughout the procedural history as reflected in the MDL Centrality Website, attached as Exhibit C, indicates Defendants and Plaintiff actively participated in this litigation where Defendants, by filing Deficiencies, were seeking substantive relief had Plaintiffs failed to respond. As of October 7, it appears Plaintiff's responses were adequate, and Defendants sought no other relief. Plaintiff submits this Court's Centrality Docket also indicates the Defendants have engaged in substantive participation in this case, including failing to indicate any process issues, engaging in substantive participation in this case, failing to raise any specific issues with service, but filing an Omnibus

Plaintiff was unaware of the fact that service had not been effectuated when the Court entered CMO No. 35. As such, Plaintiff respectfully requests the Court grant a brief extension of time for service *nunc pro tunc* and thereby moot this issue since service on Defendants has now been effected. *See In re Asbestos Prod. Liab. Litig. (No.VI),* 2014 WL 1903904, at *1 (E.D. Pa. May 12, 2014) (given defendants' "actual notice of the pending action" and "lack of prejudice . . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, *nunc pro tunc* . . . .").

<u>MOTION FOR LEAVE TO EXTEND TIME</u>

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to

5

do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted.  In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In this matter, Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Defendants with multiple authorizations, a plaintiff fact sheet, medical records, and photographs.  Defendants will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Defendants have had the required discovery for years, has been participating in discovery, and service has now been effectuated.  Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional

6

briefing once these cases are re-filed and will likely tie up the Court with briefing and appeals for years; thus, Plaintiff respectfully requests these matters be allowed to proceed now that service has been effectuated.

Furthermore, the Defendants' active participation in this MDL along with a complete absence of prejudice weighs heavily in favor of additional time for service. *See In re Asbestos Prod. Liab. Litig. (No. VI),* 2014 WL 1903904, at *1 (exercising discretion to allow additional time for service where "Defendants will not be prejudiced"); *In re Ethicon, Inc.,* 2016 WL 6436566, at *2 (S.D.W.V. Oct. 27, 2016) (defendants' acceptance of litigation-related medical information from plaintiff weighed heavily against dismissal); *In re Yamaha Motor Corp. Rhino ATV Prod. Liab. Litig.,* 2009 WL 3247436, at **1-2 (W.D. Ky. Oct. 7, 2009) (exercising discretion to grant extension of time where "[d]efendant had actual knowledge of the subject of the claim, even if not of the actual lawsuit.").

## CONCLUSION

WHEREFORE, Plaintiff, Millie Howard, prays that the Court deny Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. and Pfizer, Inc. (hereinafter "Defendants")'s Motion to Dismiss for Failure to comply with Case Management Order No. 35 and extend the time for service *nunc pro tunc*, and for such other appropriate relief.

By: */s/ Joseph D. Terry*
Joseph D. Terry
L. Lee Thweatt
**Terry & Thweatt, P.C.**
114 Byrne Street
Houston, TX 77009
Telephone: (713) 600-4710
Facsimile: (713) 600-4706
Email: jterry@terrythweatt.com
Email: lthweatt@terrythweatt.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED: October 11, 2022.

*/s/ Joseph D. Terry*
Joseph D. Terry
L. Lee Thweatt
**Terry & Thweatt, P.C.**
114 Byrne Street
Houston, TX 77009
Telephone: (713) 600-4710
Facsimile: (713) 600-4706
jterry@terrythweatt.com
lthweatt@terrythweatt.com