UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL B. NORTH |
| THIS DOCUMENT RELATES TO: | |
| *Sandra Espe v. Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., et. al.,* Civil Action No. 2:17-cv-15657 | Date of Hearing: October 19, 2022<br>Time of Hearing: 9:30AM<br>Hon. Jane Triche Milazzo |

**PLAINTIFF, SANDRA ESPE'S RESPONSE TO DEFENDANT SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Plaintiff, SANDRA ESPE, by and through undersigned counsel, responds to Sanofi's Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P., to extend the time for Plaintiff to comply with CMO 35, for the foregoing reasons:

1.  Per CMO 35, Plaintiff was required to serve Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC with summonses, no later than August 31, 2022.

2.  On or about June 12, 2018, Plaintiff's counsel sent email correspondence to Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC's counsel at kbieri@shb.com and ckaufman@shb.com, advising that "Pursuant to PTO 37A, please find the attached draft of the of our [*sic*] Motion for Leave to File an Amended Complaint as to our client, Sandra Espe, in the above-referenced matter... Sanofi was identified as an additional manufacturer and records were

1

uploaded to the MDL per CMO 12." *See* June 12, 2018 correspondence from Plaintiff's counsel to Sanofi, attached hereto as *Exhibit A*.

3. Shortly thereafter, Plaintiff conferred with Defense Liaison Counsel, and Plaintiff's Defense Liaison Counsel advised that they did not oppose Plaintiff's Motion to Amend. *See* D.E. 3185.

4. On or about July 16, 2018, Plaintiff's Motion to Amend was granted, and Plaintiff formally amended her complaint, adding Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC as additional defendants. *See* D.E. 3408; D.E. 6.

5. On July 18, 2018, Plaintiff filed requests for summonses to be issued for Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC. *See* D.E. 7.

6. On July 26, 2018, the court clerk issued executed summonses for Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC. *See* D.E. 8.

7. Despite the two summonses being properly issued, it appears that the legal assistant handling service in this case, who is no longer with the firm, mistakenly failed to serve Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC via the designated service addresses, due to a clerical error.

8. In preparation for filing the instant Response, the undersigned conducted a search of the former legal assistant's emails from a backup drive. From that search, it appears the former legal assistant simply forgot to send the two service emails to Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC, as required.

9. This mistake would have been very difficult for firm employees to catch at a later date, since copies of the summonses were contemporaneously saved to the firm's internal file

folder, consistent with the firm's numerous other cases where defendants were properly and timely served.

10. At all times relevant to this response, Plaintiff's counsel, therefore, was under the mistaken impression that Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC had been timely and properly served back in 2018.

11. Despite Plaintiff's inadvertent lack of service, Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC had actual notice that they were being named as additional defendants in this case, through Plaintiff's June 12, 2018 correspondence in connection with Plaintiff's Motion to Amend.

12. Given the prior communication about the Motion to Amend – the purpose of which was *solely* to add Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC as party defendants, it is unfortunate that Sanofi elected to bring the instant Motion after the expiration of CMO 35, rather than timely advising Plaintiff of the apparent oversight at any point during the *four-plus years* that Sanofi had actual knowledge of Plaintiff's clerical error.

13. Promptly after Sanofi's Motion to Dismiss for Failure to Comply with CMO 35 was filed, Plaintiff's counsel corrected the mistake by properly serving Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC with the Summonses at Taxoterecomplaints@shb.com on September 28, 2022.

14. Rule 6(b)(1)(B), Fed. R. Civ. P. states as follows:

> (b) **Extending Time.**
>   (1) *In General*. When an act may or must be done with a specified time, the court may, for good cause, extend the time:
>     (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

15. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC, in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a clerical error, excusable neglect, and a good faith belief that service on Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC had been properly and timely effectuated back in 2018, as reflected in the Declaration of Erik Fritz, attached hereto as *Exhibit B*.

16. This is Plaintiff's first motion seeking an extension of time. Plaintiff has not engaged in routinely dilatory behavior. Plaintiff's Fact Sheet is complete, and Plaintiff has submitted all requested authorizations.

17. Additionally, an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case.

18. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice would result to Defendants by extending the time, for Plaintiff Sandra Espe, by a mere four weeks, to September 28, 2022, to comply with CMO 35.

WHEREFORE, Plaintiff, Sandra Espe, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35 from August 31, 2022 to September 28, 2022, and denying Defendant Sanofi's Motion to Dismiss for Failure to Comply with CMO 35, as moot, along with any other necessary and proper relief.

Dated: October 11, 2022           Respectfully submitted,

*/s/ Erik C. Fritz*
Erik C. Fritz, Esq.
ANDREWS & THORNTON
4701 Von Karman Ave., #300
Newport Beach, CA 92660

Phone: (949) 748-1000  
Facsimile: (949) 315-3540  
efritz@andrewsthornton.com  
***Attorney for Plaintiff***

## COMPLIANCE

In compliance with Local Rule 7.6, Defense Counsel has been contacted and Defendants do not agree to the relief requested.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I served a true and accurate copy of the above **PLAINTIFF, SANDRA ESPE'S RESPONSE TO DEFENDANT SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35;** electronically with the Clerk of Court via the CM/ECF system which sent an electronic notification of this filing to all registered counsel of record in a manner authorized by FRCP 5(b)(2) and Local Rule 5.1 of the Eastern District of Louisiana.

*/s/ Erik C. Fritz*  
Erik C. Fritz