UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                             SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Karen Stone,* Case No.: 2:18-cv-12559

## PLAINTIFF'S RESPONSE TO DEFENDANT SANOFI'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

     Plaintiff Karen Stone, by and through her counsel of record, Atkins and Markoff, submits her response to Defendant Sanofi's Motion to Dismiss for Failure to Comply with Case Management Order No. 35.

## STATEMENT OF FACTS

     Plaintiff served Defendant Sanofi a copy of Plaintiff's Complaint and Summons on January 18, 2019 (See Exhibit 1). There was a clerical error in the subject line of the email listing another Plaintiff's name (Flossie Snipes) instead of Ms. Stone's name. The documents attached to that Plaintiff's service email though were Ms. Stones Complaint and Summons. The documents for the Plaintiff listed in the subject line were served in another email. The issue here boils down to the fact that the subject line of the service email was in error, and we believe for that reason alone that Defendant's Motion to Dismiss for Failure to Comply with CMO 35 should be denied.

     Nonetheless, after conferring with Defense counsel, they refused to remove Ms. Stone's case from their Motion. We proceeded at that time to forward the service email previously sent and we simply changed the subject line to list Ms. Stone's name (See Exhibit 2).

## LEGAL STANDARD

     The Court must extend the time for service if Plaintiff has shown good cause for the delay

in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff' …, and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But, as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

## ARGUMENT

Here, Plaintiff has shown good cause for the failure to timely serve. As set forth below, Plaintiff did not delay in prosecuting this action, rather, Plaintiff commenced discovery by providing thorough and accurate information to the relevant and pertinent discovery demands (See Exhibit 3). The factual record here demonstrates inadvertence, not contumacious conduct. This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

Plaintiff submits that she has made the requisite showing of good cause for the delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff exhibited diligent effort by filing all discovery-related documents as specified above, Defendants had actual notice of the suit since, in or about, the time that the Complaint was filed. Defendants even filed a Defendant Fact Sheet on June 28, 2019 (See Exhibit 4).

The delay here is not attributable to the Plaintiff, but rather to be a clerical error by her counsel. Ms. Stone has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay perfecting service on the Defendant. Additionally, there is no record of "stubborn resistance to authority" as

described in *Pate,* 2020 WL 6708380*, supra*, in Ms. Stone's case.

Moreover, Plaintiff further submits that this Court should exercise its discretion here and deny the dismissal of Plaintiff's case, even if it finds that good cause has not been shown, because the circumstances here justify an exercise of the Court's discretion. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995).

Failure to deny Defendant's motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency* No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

Furthermore, and perhaps most compelling, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, No. CIV.03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Defendant's motion, Plaintiff cannot

refile her suit as the Statute of Limitations has elapsed.

Plaintiff is able to demonstrate that good cause for the delay in service is present, and, even if this Court disagrees, this Court should use its discretionary power in denying Defendants' motion. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the Court could conclude that the delay was intentional or arose out of contempt for this Court or rule of law. Upon learning that Defendant would not remove Ms. Stone's case because of an inadvertent error in the subject line of the service email, Plaintiff's counsel effectuated service on Sanofi immediately. Dismissal of Plaintiff's case, even without prejudice, is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. Discovery has already commenced in this matter and Defendants have accepted all submitted discovery by Plaintiffs, even alerting Plaintiff's Counsel to deficiencies in Ms. Stone's discovery responses (See Exhibit 5), and thus are not prejudiced.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process.

> s/*Daniel P. Markoff*
> Daniel P. Markoff
> Atkins and Markoff
> 9211 Lake Hefner Parkway
> Oklahoma City, OK 73120
> 405-607-8757
> dmarkoff@atkinsandmarkoff.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

                                                     s/*Daniel P. Markoff*
                                                   Daniel P. Markoff