UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 <br><br> SECTION "N" (5) <br><br> JUDGE JANE TRICH MILLAZO <br><br> MAG. JUDGE MICHAEL B. NORTH |
| THIS DOCUMENT RELATES TO: <br><br> *Mignon Jackson v. Sanofi U.S. Services, Inc. et al* <br><br> Civil Action No.: 2:18-cv-13278 | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SANOFI U.S. SERVICES INC. AND SANOFI-AVENTIS U.S. LLC'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO. 35**

Plaintiff Mignon Jackson, by and through her undersigned counsel, submits her response to Defendant Sanofi U.S. Services, Inc. and Sanofi-Aventis U.S. LLC's (collectively, "Sanofi"), Motion to Dismiss for Failure to Comply with Case Management Order No. 35.

**STATEMENT OF FACTS**

On December 10, 2018, Plaintiff Mignon Jackson filed her Short Form Complaint against Sanofi. On January 10, 2019, the summons for Defendants in this matter were issued by the Clerk of Court. However, it appears that Plaintiff's counsel inadvertently failed to serve the Summons and Complaint on Defendants.

On July 26, 2022, the Court entered Case Management Order No. 35 regarding the deadline to effectuate service of process on all named Defendants. At that time, Plaintiff's counsel was unaware that there was any issue with service of process, as the parties had been actively communicating, exchanging discovery and litigating this matter for almost four years.

On October 3, 2022, Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35, identifying Plaintiff Mignon Jackson. Upon learning of the non-compliance, Plaintiff's counsel immediately served Defendants in accordance with this Court's Order for Streamlined service on Sanofi (CMO 9). *See* Exhibit A (October 4, 2022 Email to Defendants). Defendants' email provided an automated response acknowledging receipt of the Complaint and Summons.

## LEGAL STANDARD

**I. Plaintiff is able to show good cause for the delay in service and even with no finding of good cause, this Court has full discretionary power to extend time for service**

The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997)("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

**II.     The Fifth Circuit requires a more stringent standard be met before a case can be dismissed for failure to timely serve a complaint when the dismissal would result in the case being time-barred due to the expiration of the statute of limitations.**

The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), states that dismissal with prejudice in circumstances where the Plaintiff's case would be time-barred due to the expiration of the statute of limitations requires "a clear record of delay or contumacious conduct by the plaintiff…, and where lesser sanctions would not serve the best interests of justice." The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id*. Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which Plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452. F.3d at 418-419. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

## ARGUMENT

Plaintiff has shown good cause of the failure to timely serve. Plaintiff has not delayed in prosecuting this action, but has consistently provided thorough and accurate information through the discovery process created specifically for this MDL. For example, on February 25, 2019, Plaintiff served her completed Plaintiff Fact Sheet on Defendants via MDL Centrality. On June 25, 2019, Plaintiff served her CMO 12 Statement on Defendants. On January 29, 2020, Plaintiff served her First Amended Plaintiff Fact Sheet on Defendants. The record in this matter demonstrates inadvertence, not contumacious conduct. This is not a situation where Plaintiff's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice. Plaintiff submits that she has made the requisite showing of good cause for the delay in service.

Here, Plaintiff has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff exhibited diligent effort by filing all discovery-related documents as specified above, Defendants had actual notice of the suit (at minimum through Defense Liaison Counsel) since, in or about the time that the Complaint was filed.

The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Plaintiff herself has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay perfecting service on the Defendant. Additionally, there is no record of "stubborn resistance to authority" as described in *Pate,* 2020 WL 6708380*, supra*, in Plaintiff's case.

Also, Defendants have not been prejudiced in any way relating to service of the Short Form Complaint. As discussed above, the parties have been actively litigating this claim and exchanging discovery over the course of the last almost four years in the exact same manner as it would have had Defendants been timely served. During that time, Defendants asserted certain alleged deficiencies with the production of discovery by Plaintiff, and Plaintiff subsequently cured those alleged deficiencies.

Even if the Court does not find that good cause exists, the Court should exercise its discretion here and deny the dismissal of Plaintiff's case, because the circumstances here justify an exercise of the Court's discretion. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Minn. 1995).

In addition, failure to deny Defendant's motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency* No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole

justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

Furthermore, and perhaps most compelling, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.*, No. CIV.03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Defendant's motion, Plaintiff cannot refile her suit as the Statute of Limitations has elapsed.

Plaintiff is able to demonstrate that good cause for the delay in service is present, and, even if this Court disagrees, this Court should use its discretionary power in denying Defendants' motion. While the delay in perfecting service on Defendant was admittedly long, there is simply no record here from which the Court could conclude that the delay was intentional or arose out of contempt for this Court or rule of law. Upon learning of its inadvertent error, Plaintiff's counsel effectuated service on Defendants immediately. Dismissal of Plaintiff's case, even without prejudice, is inappropriate when she is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. Discovery has already commenced in this matter and Defendants have accepted all submitted discovery by Plaintiffs, even alerting Plaintiff's Liaison Counsel to deficiencies in Plaintiff's discovery responses, and thus are not prejudiced.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court Deny Defendants' Motion to Dismiss Plaintiff's Complaint for Untimely Service of Process.

6

Dated: October 11, 2022            Respectfully Submitted

*/s/ Jason R. Fraxedas*
Jason R. Fraxedas (FL Bar # 63887)
The Maher Law Firm
398 West Morse Blvd. Suite 200
Winter Park, FL 32789
Phone (407) 839-0866
Fax (407) 425-7958
jrfraxedas@maherlawfirm.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

    I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

*/s/ Jason R. Fraxedas*
Jason R. Fraxedas