UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO

*Khanhtrang Tonnu*

2:19-cv-12654-JTM-MBN

---

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SANDOZ INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO NO. 35 AND/OR IMMEDIATELY EFFECT SERVICE UPON DEFENDANT SANDOZ INC.**

---

　　　　Plaintiff Khanhtrang Tonnu ("Plaintiff") files this her Response and Memorandum of Law in Opposition to Defendant Sandoz Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and Plaintiff's Motion for Leave to Extend the Time for Plaintiff to Comply with CMO No. 35 (per Fed. R. Civ. P. 6(b)) and/or Immediately Effect Service upon Defendant Sandoz Inc. and would respectfully show the Court the following:

　　　　1.　　Plaintiff filed her Short Form Complaint against all Defendants on September 17, 2019. Summonses were obtained for all Defendants. Plaintiff then intended and believed she served all Defendants in this case with process via email (per this Court's Orders). *See* Exhibit A.

　　　　2.　　Plaintiff subsequently obtained a completed Exhibit B from Plaintiff's medical provider in Plantation, Florida showing 4 cycles of Docetaxel administered and identifying Sandoz Inc. and Hospira, Inc. as the manufacturers. Such Exhibit B was immediately uploaded to

Centrality on February 21, 2020. Shortly thereafter (in March 2020), Plaintiff dismissed all Defendants in the case except Sandoz Inc. and the Hospira entities.

3. Plaintiff believed all Defendants in this case had been served. However, after entry of CMO 35, counsel for Plaintiff reviewed every one of the cases in its inventory and attempted to determine whether service had been effected on all Defendants (counsel for Plaintiff even created a spreadsheet with regard to same). *See* Exhibit A.

4. In an abundance of caution, counsel for Plaintiff attempted to re-serve the Hospira Defendants and Sandoz Inc. on 8/31/22. Per the emails (attached to the Affidavit of Alex Ivanov attached hereto as Exhibit A) attached hereto as Exhibit A-1 and by this reference incorporated herein, counsel for Plaintiff (Mr. Ivanov) sent emails with Complaints and Summonses attached to the Hospira Defendants and, inadvertently, Sanofi instead of Sandoz (email was sent to taxoterecomplaints@shb instead of sandoz-taxotere-complaints@gtlaw.com). *See* Exhibit A and A-1.

5. The foregoing was not the result of conscious indifference, but rather was an inadvertent mistake or accident. Counsel for Plaintiff went through all of its cases (hundreds on file) one by one to attempt to verify that service was completed. Unfortunately, when attempting to serve (or re-serve; Plaintiff believed all Defendants had been served but perhaps an email effecting service had not been properly saved to its case management system) Defendant Sandoz Inc. in this case, counsel for Plaintiff mistakenly sent the email to taxoterecomplaints@shb instead of sandoz-taxotere-complaints@gtlaw.com. *See* Exhibit A and A-1.

6. Once Sandoz Inc. filed its Motion to Dismiss and brought this to the attention of counsel for Plaintiff for the first time, Plaintiff served Defendant Sandoz Inc. with an email with the Complaint and Summons on October 4, 2022. *See* Exhibit A and A-2.

7. Plaintiff has complied with all pre-trial orders and timely completed and served through MDL Centrality her PFS and supporting documentation, including both an original and three amended PFSs, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Docetaxel, CMO product 12 identification, HIPAA Authorizations, and other information.

8. The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *See Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *See id*. at 299 citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *See Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time f o r service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

9. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard of the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee* states dismissal with prejudice in circumstances

where the Plaintiff's case would be time-barred due to the expiration of the statute of limitations requires "a clear record of delay or contumacious[1] conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." 452 F.3d 415, 417 (5th Cir. 2006). The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "[w]e have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *See id*. Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied. The factual record in the case at bar demonstrates Plaintiff was complying with case requirements and inadvertence in attempting to serve Defendant Sandoz, not contumacious conduct. This is not a circumstance where any failure by Plaintiff to timely serve her Complaint reflects a failure to prosecute justifying dismissal.

10. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *See id*. at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt).

actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *See id*. at 418.

11.     The delay here is not attributable to Plaintiff, but rather to an inadvertent mistake by her counsel. Plaintiff has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the inadvertent mistake at issue here cannot be characterized as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on Defendant Sandoz. Additionally, there is no record of "stubborn resistance to authority" as described in the *Pate* case cited above, which would cut against providing extra time to serve a defendant.

12.     Plaintiff submits that she has made the requisite showing of good cause for delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for any noncompliance within the time specified and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff has exhibited diligent effort by filing all discovery-related documents as specified above, Defendant Sandoz had actual notice of the suit (at minimum through Defense Liaison Counsel) since the time the Complaint was filed.

13.     Moreover, Plaintiff asserts this Court should exercise its discretion and deny the dismissal of Plaintiff's case even if it finds that good cause has not been shown because the circumstances here justify an exercise of the Court's discretion. It is well-settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to deny Defendant's motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service nunc pro tunc

in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

14. Furthermore, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc*, No. CIV. 03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend plaintiff's time to serve defendant, the Court noted that the statute of limitations had already expired and, therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Defendant's motion, Plaintiff would likely be unable to refile her suit as the statute of limitations has elapsed.

15. There is also no prejudice to Defendant Sandoz arising out of any delay in service. Plaintiff has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and three amended PFSs, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Docetaxel, CMO

12 product identification, HIPAA Authorizations, and other information/documentation. In light of these circumstances, there is no basis to assert that Defendant Sandoz has been prejudiced. Plaintiff's case is in the exact same state as the thousands of other non-bellwether plaintiffs and is in no different state against Defendant Sandoz whether allegedly inadvertently not timely served or not.

16. There is no record in this case from which the Court could conclude that any delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when Plaintiff is unable to refile her claims due to applicable statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated Plaintiff's claim through MDL Centrality to the exact same extent they would have if an email had been sent to Defendant Sandoz on or before August 31, 2022.

17. Plaintiff's counsel corrected the mistake of serving Sanofi instead of Defendant Sandoz by properly serving Sandoz Inc. with the Summons and Complaint at sandoz-taxotere-complaints@gtlaw.com email address on October 4, 2022. *See* Exhibit A-2.

18. Federal Rule of Civil Procedure 6(b)(1)(B), Fed. R. Civ. P. states:

> (b) Extending Time.
>
> > (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect

19. Accordingly, good cause exists for Plaintiff's alleged failure to comply with CMO 35 and the Federal Rules. Good cause exists for extending the time to comply with CMO 35 as the failure to serve Defendant Sandoz in compliance with CMO 35 was not the result of conscious

indifference by Plaintiff's counsel, but due to an inadvertent mistake by sending an email to the wrong email address.

20. Plaintiff contends good cause exists to grant this Motion and there is no prejudice or delay to Defendant Sandoz in this case. An extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Defendant Sandoz by extending the time for this Plaintiff to serve Defendant Sandoz until October 4, 2022 to comply with CMO 35 and/or the Federal Rules. Plaintiff, thus, requests this Motion be granted (and/or Defendant Sandoz's Motion to Dismiss be denied). Given counsel for Plaintiff's good faith belief that all Defendants (including Sandoz) had been previously served and its attempt to re-serve Sandoz in an abundance of caution, equity and justice favor and/or require Plaintiff's Motion to be granted.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Khanhtrang Tonnu respectfully requests Defendant Sandoz's Motion be denied and/or this Motion be granted for such other and further relief to which she may be justly entitled.

Dated: October 11, 2022
Respectfully submitted,

REYES | BROWNE | REILLEY

  /s/ Ryan J Browne
Ryan J Browne
Texas State Bar No. 00796262
Alex Ivanov
Texas State Bar No. 24122529
8222 Douglas Ave., Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
ryan@reyeslaw.com
alex@reyeslaw.com
**ATTORNEYS FOR PLAINTIFF**

**KHANHTRANG TONNU**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal and Local Rules. As such, the foregoing was served on all counsel who have consented to electronic service on this 11th day of October, 2022.

                                                */s/ Ryan J Browne*
                                                Ryan J Browne