UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO | |
| *Marytina Hill* | |
| 2:18-cv-10757-JTM-MBN | |

---

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO HOSPIRA DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO NO. 35 AND/OR IMMEDIATELY EFFECT SERVICE UPON HOSPIRA DEFENDANTS**

---

Plaintiff Marytina Hill ("Plaintiff") files this her Response and Memorandum of Law in Opposition to Hospira Defendants' Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and Plaintiff's Motion for Leave to Extend the Time for Plaintiff to Comply with CMO No. 35 (per Fed. R. Civ. P. 6(b)) and/or Immediately Effect Service upon Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and would respectfully show the Court the following:

1.  Plaintiff filed her Short Form Complaint against Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis US, LLC ("Sanofi Defendants") on November 9, 2018. Sanofi Defendants were served.

2.  Plaintiff subsequently obtained a completed Exhibit B from Plaintiff's medical provider in Willmar, Minnesota showing 6 cycles of Docetaxel administered and identifying Hospira, Inc. as the manufacturer. Such Exhibit B was uploaded to Centrality in June 2019. Shortly

thereafter (in August 2019), Plaintiff filed an **<u>Unopposed</u>** Motion for Leave to file an Amended Complaint to dismiss the Sanofi Defendants and add Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. ("Hospira Defendants"). Hospira Defendants consented to and were aware of the filing of the First Amended Complaint adding the Hospira Defendants.

3. Plaintiff believed all Defendants in this case had been served. However, after entry of CMO 35, counsel for Plaintiff reviewed every one of the cases in its inventory and attempted to determine whether service had been effected on all Defendants (counsel for Plaintiff even created a spreadsheet with regard to same). *See* Exhibit A.

4. In an abundance of caution, counsel for Plaintiff intended to serve/ re-serve the Hospira Defendants on or before 8/31/22. Per the Affidavit of Alex Ivanov attached hereto as Exhibit A and by this reference incorporated herein, counsel for Plaintiff (Mr. Ivanov) noted on a spreadsheet to serve/ re-serve the Hospira Defendants. Counsel for Plaintiff went through all of its cases (hundreds on file) one by one to attempt to verify that service was completed. Unfortunately, when going back through the spreadsheet and re-serving in other cases on or before 8/31/22, Mr. Ivanov inadvertently failed to see his notation on the spreadsheet that Hospira Defendants should be served/ re-served in this case. *See* Exhibit A. The foregoing was not the result of conscious indifference, but rather was an inadvertent mistake or accident.

5. Once Hospira Defendants filed their Motion to Dismiss and brought this to the attention of counsel for Plaintiff for the first time, Plaintiff served Hospira Defendants with an email with the Complaint and Summons on October 11, 2022. *See* Exhibit A-1.

6. Plaintiff has complied with all pre-trial orders and timely completed and served through MDL Centrality her PFS and supporting documentation, including both an original and

two amended PFSs, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Docetaxel, CMO product 12 identification, HIPAA Authorizations, and other information.

7. The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *See Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *See id*. at 299 citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to extend the time for service "even if there is no good cause shown" for any delay in service. *See Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time f o r service even when a plaintiff fails to show good cause."). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

8. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard of the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. The Fifth Circuit precedent set forth in *Sealed Appellant v. Sealed Appellee* states dismissal with prejudice in circumstances where the Plaintiff's case would be time-barred due to the expiration of the statute of limitations

requires "a clear record of delay or contumacious[1] conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." 452 F.3d 415, 417 (5th Cir. 2006). The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so. For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "[w]e have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *See id*. Ultimately in *Pate*, the Court found that even though there was a long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied. The factual record in the case at bar demonstrates Plaintiff was complying with case requirements and inadvertence in attempting to serve Hospira Defendants, not contumacious conduct. This is not a circumstance where any failure by Plaintiff to timely serve her Complaint reflects a failure to prosecute justifying dismissal.

9.      In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *See id*. at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *See id*. at 418.

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt).

10. The delay here is not attributable to Plaintiff, but rather to an inadvertent mistake by her counsel. Plaintiff has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the inadvertent mistake at issue here cannot be characterized as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on Hospira Defendants. Additionally, there is no record of "stubborn resistance to authority" as described in the *Pate* case cited above, which would cut against providing extra time to serve a defendant.

11. Plaintiff submits that she has made the requisite showing of good cause for delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for any noncompliance within the time specified and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Because Plaintiff has exhibited diligent effort by filing all discovery-related documents as specified above, and Hospira Defendants did not oppose Plaintiff's Amending of her Complaint to add them as Defendants, Hospira Defendants had actual notice of the suit since at least the time the Unopposed Motion for Leave to Amend Complaint (and First Amended Complaint) was filed.

12. Moreover, Plaintiff asserts this Court should exercise its discretion and deny the dismissal of Plaintiff's case even if it finds that good cause has not been shown because the circumstances here justify an exercise of the Court's discretion. It is well-settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to deny Hospira Defendants' motion to dismiss would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further

the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079 at *4 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). *See also People's Workshop, Inc. v. Federal Emergency Management Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1528191, at *8 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits.").

13. Furthermore, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc*, No. CIV. 03-6484 PAM/RLE, 2005 WL 348298 (D. Minn. Feb. 10, 2005), Plaintiff's application to extend time was granted. In reaching its decision to extend plaintiff's time to serve defendant, the Court noted that the statute of limitations had already expired and, therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown. Here, should this Honorable Court grant Hospira Defendants' motion, Plaintiff would likely be unable to refile her suit as the statute of limitations has elapsed.

14. There is also no prejudice to Hospira Defendants arising out of any delay in service. Plaintiff has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including both an original and two amended PFSs, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Docetaxel, CMO 12 product identification, HIPAA Authorizations, and other information/documentation. In light

of these circumstances, there is no basis to assert that Hospira Defendants have been prejudiced. Plaintiff's case is in the exact same state as the thousands of other non-bellwether plaintiffs and is in no different state against Hospira Defendants whether allegedly inadvertently not timely served or not.

15. There is no record in this case from which the Court could conclude that any delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when Plaintiff is unable to refile her claims due to applicable statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in this case. The parties have litigated Plaintiff's claim through MDL Centrality to the exact same extent they would have if an email had been sent to Hospira Defendants on or before August 31, 2022.

16. Federal Rule of Civil Procedure 6(b)(1)(B), Fed. R. Civ. P. states:

>   (b)   Extending Time.
>
>   (1)   In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>   (B)   on motion made after the time has expired if the party failed to act because of excusable neglect

17. Accordingly, good cause exists for Plaintiff's alleged failure to comply with CMO 35 and the Federal Rules. Good cause exists for extending the time to comply with CMO 35 as the failure to serve Hospira Defendants in compliance with CMO 35 was not the result of conscious indifference by Plaintiff's counsel, but due to an inadvertent mistake by failing to see a note to serve/ re-serve Hospira Defendants (and, thus, failing to send an email by 8/31/22).

18. Plaintiff contends good cause exists to grant this Motion and there is no prejudice or delay to Hospira Defendants in this case. An extension of time to comply with CMO 35 would

not unnecessarily delay trial or significantly disrupt the progression of this case. Therefore, given the length of time that has passed, for the duration of this MDL, no harm or prejudice will result to Hospira Defendants by extending the time for this Plaintiff to serve Hospira Defendants until at least October 11, 2022 to comply with CMO 35 and/or the Federal Rules. Plaintiff, thus, requests this Motion be granted (and/or Hospira Defendants' Motion to Dismiss be denied). Equity and justice favor and/or require Plaintiff's Motion to be granted.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Marytina Hill respectfully requests Hospira Defendants' Motion be denied and/or Plaintiff's Motion be granted for such other and further relief to which she may be justly entitled.

Dated: October 11, 2022

Respectfully submitted,

**REYES | BROWNE | REILLEY**

 _/s/ Ryan J Browne_____
Ryan J Browne
Texas State Bar No. 00796262
Alex Ivanov
Texas State Bar No. 24122529
8222 Douglas Ave., Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
ryan@reyeslaw.com
alex@reyeslaw.com
**ATTORNEYS FOR PLAINTIFF
MARYTINA HILL**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Federal and Local Rules. As such, the foregoing was served on all counsel who have consented to electronic service on this 11th day of October, 2022.

 __/s/ Ryan J Browne_____
Ryan J Browne