UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| | JUDGE TRICHE MILAZZ |
| THIS DOCUMENT RELATES TO: | |
| *Maria Hernandez*     2:19-cv-14376 | |

**PLAINTIFF'S MARIA HERNANDEZ'S RESPONSE TO DEFENDANT SANOFI-AVENTIS US LLC's MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CMO 35**
**AND**
**PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Plaintiff Maria Hernandez, by and through her counsel of record, submits her response to Defendant Sanofi-Aventis US LLC's Motion to Dismiss for Failure to Comply with CMO 35 and respectfully requests the Court, pursuant to Fed.R.Civ.P. 6(b) to extend the time for Plaintiff to comply with CMO 35, for reasons as follows.

## INTRODUCTION

In deciding this motion, Plaintiff submits that the Court's analysis should include consideration of the practicalities involved. Here, in the MDL setting, the defendant has been "in the case" since its inception. The defendant has been aware that it is facing lawsuits by multiple plaintiffs; it has been aware of the specific allegations of each of those plaintiffs via the Master Complaint; it has received notifications from MDL Centrality regarding the submission (by any plaintiff, regardless of service) of Plaintiff Fact Sheets, records and photos. In this MDL setting, it is difficult to envision any prejudice to the defendant by an individual plaintiff's lack of technical service on that defendant, given the general and specific notice articulated above. Plaintiff respectfully requests that the Court consider the above while reviewing the applicable law and circumstances detailed below.

1. Per CMO 35, Plaintiff was required to serve Sanofi-Aventis US LLC with summons no later than August 31, 2022.

2. Plaintiff filed a complaint in this action against Sanofi-Aventis US LLC, Hospira, Inc and Hospira Worldwide, LLC

3. NDC was obtained identifying Hospira and Winthrop.

4. Service was effectuated on Hospira, Inc. and Hospira Worldwide, LLC on March 25, 2020.

5. Plaintiff submitted her PFS (accompanied by authorizations, medical records, and photographs), identifying Sanofi-Aventis US LLC and Hospira as docetaxel manufacturer on April 14, 2020.

6. Counsel for Plaintiff investigated whether technical service occurred and found that service had inadvertently not been effectuated on Sanofi-Aventis US LLC.

7. Plaintiffs counsel's office was closed from September 28, 2022 to October 10, 2022 due to impacts from Hurricane Ian and did not have time to serve Sanofi until earlier today but has since served Sanofi-Aventis US LLC.

8. While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff"..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

9. The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of her failure to effect service on September 28, 2022 but was preoccupied with Hurricane Ian until today. Plaintiff has worked to cure the deficiency within days of receiving notice. Ms. Hernandez has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality. This is not a circumstance where Ms. Hernandez's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

10. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

11. Finally, there is no prejudice to Defendant arising out of the delay in service.

12. Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sanofi-Aventis, LLC., in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Sanofi, Inc. had been properly and timely effectuated.

WHEREFORE, Plaintiff Maria Hernandez, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, and denying Defendants Sanofi's Motion to Dismiss for Failure to Comply with CMO 35. Plaintiff prays for such other

appropriate relief.

Dated:  October 11, 2022	Respectfully Submitted,

/s/ *Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis (FL Bar No. 77354)
Morgan & Morgan – Complex Litigation Group
4851 Tamiami Trail, Suite 400
Naples, FL 34103
Phone: (239) 432-6605
Fax: 239-433-6836
palbanis@forthepeople.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Panagiotis V. Albanis