## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**In Re: TAXOTERE (DOCETAXEL)**
**PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2740**

**SECTION: "H" (5)**

**THIS DOCUMENT RELATES TO:**
*Sharon Cockrum v. Sanofi S.A., et al.*
Case No. 2:16-cv-17830

## PLAINTIFF'S RESPONSE TO SANDOZ'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4

Plaintiff Sharon Cockrum ("Cockrum"), by and through her counsel of record, Zoll & Kranz, LLC, submits her response to the Sandoz Defendants' Motion to Dismiss Plaintiff's Claims for Which Service of Process has not been Delivered, and in opposition thereto, states as follows:

### INTRODUCTION

Sandoz moved for dismissal of Plaintiff's claims for lack of service of process pursuant to CMO 35 and FRCP 4. Prior to filing their Motion, Defendants did not confer with Plaintiffs over any service deficiencies. Plaintiff's failure to comply with CMO 35 and FRCP 4 was due to inadvertent mistake and does not prejudice Defendant Sandoz. Plaintiff's counsel only discovered this afternoon that their prior information and good faith belief that service had properly effected pursuant to PTO 30 was incorrect. Furthermore, Plaintiff has not only actively engaged in this litigation as to Defendant Sandoz, but Defendant Sandoz has also engaged in the litigation process as to Plaintiff Cockrum. Accordingly, Plaintiff asks this Court to deny Defendant Sandoz's Motion to Dismiss.

## ARGUMENT

**A.  Plaintiff's Failure to Comply with CMO 35 and FRCP 4 was the Result of Inadvertent Mistake**

Plaintiff believed she effectuated service of her complaint on Defendant Sandoz in accordance with CMO 30 on October 18, 2017 according to the requirements of PTO 30. As a result, counsel for Plaintiff believed any suggestions of failed service were in error. In preparing this opposition motion, however, Plaintiff discovered for the first time that she was mistaken. Counsel for Plaintiff attempted service by email multiple times on October 18. Service was attempted but returned undeliverable. At that point, service was once again attempted via email. The listed attorney perfecting service departed the undersigned firm in 2019. Pursuant to these emails, remaining counsel believe service was perfected with the transmittal of the second email. In preparing this opposition, counsel requested IT services to provide access to the previously-closed email account of the departed attorney in order to obtain additional documentary evidence of the successful service. The process of gaining access is still underway, however counsel discovered that, contrary to prior belief, the second email did not transmit successfully. Plaintiff's mistake was entirely inadvertent and was in no way intended to circumvent the Court's orders in CMO 30 and CMO 35.

Prior to this discovery, Plaintiff had a good faith belief that proper service had been effected on Defendant Sandoz. In fact, discovery practice by both Plaintiff and Defendant Sandoz shows the basis of that good faith belief that service had been effected and that the failure to serve and comply with CMO 35 was inadvertent, mistaken and excusable. On May 26, 2017, Plaintiff submitted her original PFS via MDL Centrality. Plaintiff subsequently amended her PFS on March 26, 2018 and November 23, 2018, both being submitted on MDL Centrality. Following Plaintiff's submission of product identification of Sandoz on March 26, 2018, Plaintiff additionally filed a

partial dismissal on September 10, 2018, dismissing all named Defendants except Sandoz, Inc. All the above-filings indicate an effort by Plaintiff to comply with the Court's orders and proceed forward with the immediate case. At no point did Defendant Sandoz communicate to Plaintiff that service was incomplete while receiving the above filings nor provide notice of a technical defect in the attempted service as required by PTO 30 paragraph II.E.

Defendant Sandoz also has participated in discovery practice, indicating notice and knowledge of the immediate case. On March 18, 2018 Defendant Sandoz, as well as all other named Defendants in Plaintiff's original complaint, filed a Motion to Dismiss Pursuant to CMO No. 12. See Attached as Ex. 1. Among the Plaintiffs listed in the motion was Plaintiff Sharon Cockrum at line 114. Inclusion of Plaintiff Sharon Cockrum in Defendant's Motion to Dismiss further supported Plaintiff's good faith but mistaken belief that service had been completed, and that Plaintiff had complied with all necessary steps pursuant to CMO 30, CMO 35 and FRCP 4.

## B. Defendant Sandoz Was Not Prejudiced by Plaintiff's Failure to Comply with CMO 35 and FRCP 4

Defendant Sandoz has not been prejudiced in any way by Plaintiff's mistake, as Plaintiff otherwise complied with MDL orders, including but not limited to completing and amending Plaintiff Fact Sheets, completing CMO 12 product identification, submitting photographs of before and after her injures, supplying HIPAA authorizations, and dismissing claims against all Defendants other than Sandoz.  Plaintiff is similarly situated to other inactive non-bellwether plaintiffs. Sandoz possessed direct knowledge of Plaintiff's active suit from the case filings and MDL Centrality submissions, with corresponding notifications, that renders it unreasonable to claim no knowledge of the suit. With Plaintiff's responses submitted and compliance with other requests documented, there is no degree of prejudice to Sandoz. In fact, it did not prevent

Defendant Sandoz from utilizing this Court's procedures to unsuccessfully seek dismissal of Plaintiff's claims as demonstrated in Exhibit 1.

**C. The Facts Detailed Herein Provide Good Cause for an Extension of Time to Effect Service Pursuant to Fed.Civ.R. 4.**

In accordance with Fed. R. Civ. Proc. 4(m), the Court must extend time for service if Plaintiffs have shown good cause for the delay in service. Good cause exists where "some reasonable basis for noncompliance within the time specified" is shown. *Lambert v. U.S*., 44 F.3d 296, 299 (5th Cir. 1995). However, even absent good cause, the United States Supreme Court allows extension of the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). In this immediate matter, Plaintiff's recent discovery of the error, along with the lack of prejudice to Defendant Sandoz, present good cause to warrant additional time to perfect service of the suit otherwise actively litigated in compliance with all other orders of this Court.

**D. The Facts Herein Do Not Meet the Fifth Circuit's Stringent Requirements for a Dismissal with Prejudice.**

In cases where a Plaintiff's case would be time-barred due to expiration of the statute of limitations, the Fifth Circuit has a stringent requirement for a dismissal with prejudice. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006). Such dismissal is permitted only if there is a "clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." *Id*. Courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to grant dismissal. Such aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418. Circumstances where delay alone was sufficient

to warrant dismissal are limited and include when evidence may have been decayed, or the defendant was reasonably justified in relying on the statute of limitations. *Id*. In general, however, cases where the Fifth Circuit has dismissed such cases involve circumstances where the Plaintiff did not perfect service despite repeated specific warnings by the Court to do so. *Id*.

There are no "aggravating factors" present here. The delay at hand is not personally attributable to Plaintiff Cockrum. Plaintiff has diligently submitted supporting information and documentation to MDL Centrality in support of her claims. As detailed above, there is no actual prejudice to Defendant Sandoz. Further, the oversight in service was inadvertent rather than the result of intentional conduct and based upon the good faith belief that prior counsel had properly effected service. Furthermore, there is no plausible gain or motive for Plaintiff to delay obtaining service on Sandoz, and therefore cannot be said to have intentionally failed to obtain service or otherwise cause delay. Plaintiff's failure to perfect service was unquestionably the result of an inadvertent and excusable mistake, with absolutely no intent to circumvent this Court's orders.

## **CONCLUSION**

Plaintiff's failure to comply with CMO 35 was the result of an inadvertent and excusable mistake by counsel discovered just today with the benefit of access to a long-closed and inaccessible email account. Plaintiff Cockrum and Defendant Sandoz both participated in discovery practice indicating both an understanding that Plaintiff had complied with the proper service requirements, and lack of prejudice to Defendant Sandoz. Furthermore, the facts at hand warrant an extension of time to perfect service and do not meet the stringent requirements in the Fifth Circuit to dismiss with prejudice. Accordingly, Plaintiff requests that this Court deny Defendant Sandoz's motion to dismiss as to Plaintiff Sharon Cockrum.

**WHEREFORE,** Plaintiff Sharon Cockrum, prays that the Court enter an Order dismissing Defendant Sandoz's Motion to Dismiss for Failure to Comply with CMO 35 and FRCP 4.

Dated: October 11, 2022                 Respectfully Submitted,

                                      __ s/ Carasusana B. Wall_____
                                      Carasusana B. Wall
                                      Partner
                                      Zoll & Kranz, LLC
                                      6620 West Central Avenue, Suite 100
                                      Toledo, Ohio 43617
                                      Office: (419) 841-9623
                                      Toll-free: (888) 841-9623
                                      Fax: (419) 841-9719
                                      Email: cara@toledolaw.com

                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

                                      */s/ Carasusana B. Wall_____*
                                      Carasusana B. Wall