UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO | |
| *Sonya Green* | HON. JANE TRICHE MILAZZO |
| Case No. 16-CV-15677 | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SANDOZ'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CMO NO. 35, REQUESTING THAT COUNSEL BE SANCTIONED INSTEAD OF PLAINTIFF SONYA GREEN**
**AND**
**PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Plaintiff Sonya Green, by and through her counsel of record, Morris Bart, LLC, submits her response to Defendant Sandoz Inc's (Sandoz) Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35.

Out the outset, counsel for Plaintiff Sonya Green deeply apologizes to the Court and counsel for Defendant Sandoz for the time and effort expended in dealing with the instant Motion to Dismiss for lack of service.   A cursory glance at the several motions identifying failures to serve defendants shows that the Court and its legal staff (and especially the law clerks of this section) will be obliged to review far too many oppositions such as this one.

Here, undersigned counsel is doubly troubled by the failure to complete the service requirements of CMO-35, as Ms. Green is among the happy few who have accurate product ID, which for so many plaintiffs in the MDL has resulted in dismissal.   Attached in the *en globo* Exhibit 1, among other documents, is the Blue Cross claim form indicating that Sandoz is indeed

the manufacturer of the docetaxel administered to Ms. Green.

### Clear Intent to Follow CMO-35 Demonstrated

Here, there was NO intent to disregard CMO-35.  Counsel for plaintiff was convinced that the service had been perfected prior to seeing the instant motion to dismiss.  Exhibit 1 reflects that her counsel filed a request for summons against Sandoz, and that it was issued by the Clerk prior to the CMO-35 deadline passing.   Attached is a screen shot of the computer drive folder for the CMO-35 service project.  The files were saved so that an "assembly line" of summons and complaints could be efficiently served via email per the Court's Order.  The summons and complaint were prepared and saved as pdf files to serve Sandoz and other defendants.  Somehow, the e-mail serving Sandoz with Plaintiff Green's was not sent despite the requirements of CMO-35 being foremost on her counsels' minds, as reflected by the exhibits, and clearly reflects the intention to follow CMO-35, not disregard it.  This is NOT a situation where counsel was contemptuous of the Court's Order and deadline – rather, counsel clearly had every intent to serve plaintiff Green's summons and short form complaint, as other firm clients like Ms. Graves and Ms. Hartzog's were timely served.

It seems that for reasons for which plaintiff admittedly has no granular explanation, this e-mail was inadvertently not sent despite the summons being issued *expressly* to comply with CMO-35, and it being included on the internal list of emails to send with service.  That failure to serve Sandoz was an inadvertent mistake, and her conduct does not reflect "a clear record of delay or contumacious1 conduct by the plaintiff"...where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006).  As a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal.

Ms. Green has always – always been a willing participant in her discovery, and she and her counsel have not ignored her responsibility to follow the Court's Orders.

**Defendant Not Prejudiced Unduly**

Moreover, Sandoz has not been prejudiced, save, admittedly, having this matter included on its list of non-service plaintiffs. Attached is the MDL Centrality Docket showing that Ms. Green has responded to deficiencies by amending her Plaintiff Fact Sheet when it was needed. It shows that Ms. Green did not ignore her duty to update her Plaintiff Fact Sheet, but she did so numerous times. As another example, when this Court issued an order that non-product manufacturers were to be dismissed, Ms. Green and her lawyers complied. Nor was Sandoz unaware for many years that Ms. Green was suing Sandoz (as opposed to the other defendants). Ms. Green identified Sandoz as her manufacturer as early as April 18, 2018 in MDL Centrality, so no "surprise" or "ambush" occurred.

This Court, per the Fifth Circuit, looks to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." Id. at 418.

Here, there was no intentional conduct. A summons was obtained and the Green summons and short form complaint were added to the list of cases to serve in counsel's computer. The error is <u>solely</u> due to Ms. Green's counsel's inadvertent failure to send an e-mail after planning to do so prior to the deadline having passed.

**Counsel Should Be Sanctioned; Dismissal of the Complaint is Too Extreme**

For this very nice cooperating client, a client with dead-solid product ID and a demonstrated willingness to follow whatever the Court requires, dismissing Sonya Green's case after her years of compliance is a far too draconian measure.   Surely, as her counsel and firm have had numerous dealings with the Court due to the many Bellwether candidates represented in the MDL, counsel earnestly hopes that this Court does not believe that plaintiff's counsel has anything but the utmost respect for the Court and its orders.

It is respectfully submitted that in lieu of a dismissal with prejudice due entirely to the failure of plaintiff's counsel to notice a missed e-mail, and not due to any act or disregard by plaintiff, that her counsel be sanctioned instead, in any manner the Court deems appropriate.

WHEREFORE, Plaintiff Sonya Green, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, and denying Defendant Sandoz's Motion to Dismiss for Failure to Comply with CMO 35, and that instead of a dismissal with prejudice of the blameless plaintiff's case, that her counsel be sanctioned rather have the blame fall to Ms. Green, an innocent plaintiff, after complying with Product ID and discovery requirements.

    10/11/22                                  Respectfully submitted,

*/s Richard L. Root*
Richard L. Root La# 19988
Betsy Barnes La# 19473
Morris Bart, LLC
601 Poydras Street
24th Floor
New Orleans, LA 70130
Phone: (504) 525-8000
Fax: (504) 599-3392
Email: rroot@morrisbart.com
Bbarnes@morrisbart.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Richard Root*