UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL NO. 2740 Section "H" (5) Judge Milazzo |
| THIS DOCUMENT RELATES TO: *Capria Bonner* 2:19-cv-11381 | | |

**PLAINTIFF'S RESPONSE/MEMORANDUM TO SANOFI, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**
**AND**
**PLAINTIFF'S MOTION FOR LEAVE TO EXTEND THE TIME FOR PLAINTIFF TO COMPLY WITH CMO 35**

Plaintiff Capria Bonner, by and through counsel, submits her response to Defendant Sanofi, Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Rule 6(b), Fed. R. Civ. P. to extend the time for Plaintiff to comply with CMO 35, for reasons as follows.

## FACTS

1. Plaintiff filed her short form complaint on June 27, 2019.

2. Due to oversight and excusable neglect, Plaintiff's filed complaint and summons was not emailed to Defendant's service email.

3. At the time, Plaintiff's counsel was not handling Taxotere cases for the firm. At the time, Jesse Campbell was handling Taxotere cases for the firm. Mr. Cambpell no longer works for the firm.

1

4. Plaintiff submitted the Plaintiff Fact Sheet, signed authorizations and other medical records and documents to Defendant through the MDL Centrality file sharing portal on September 9 and 10, 2019.

5. On November 13, 2019, Plaintiff uploaded CMO 12A identification indicating that the proper defendant was Sanofi-Aventis U.S., LLC d/b/a Winthrop U.S.

6. On December 18, 2019, Defendants included Plaintiff on their Notice of Non-Compliance pursuant to Amended PTO 22A. Plaintiff cured the deficiency, and has continued to submit information, including amending the Plaintiff Fact Sheet, as recently as August 12, 2020.

7. On or about September 27, 2022, Defendants filed their Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Master Doc. No. 14751) identifying Plaintiff.

8. Plaintiff's counsel was unaware until September 27, 2022 that service had not been perfected on Defendant.

9. On October 10, 2022, Plaintiff conferred with Defendant to grant permission for leave to file an amended complaint. Defendant's counsel is opposing Plaintiff's motion.

## ARGUMENT

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious conduct by the plaintiff"..., and where lesser sanctions would not serve the best interests of justice." *Id*. The cases where the

Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so.

The factual record here demonstrates inadvertence, not contumacious conduct. Plaintiff has worked to cure the deficiency within days of receiving notice that service was not perfected. Ms. Bonner has complied with all pre-trial orders and timely completed and served her PFS through MDL Centrality.  This is not a circumstance where Ms. Bonner's failure to serve her complaint reflects a failure to prosecute justifying dismissal with prejudice.

It is well-established that a dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).  But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 418.

For example, in *Pate v. Tim Clark Constr., LLC*, No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id*.  Ultimately in Pate, the Court found that even though there was a long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied.

The delay here is not attributable to the Plaintiff, but rather to an oversight by her counsel. Ms. Bonner has been diligent in submitting her supporting information and documentation to MDL Centrality in support of her claim. Additionally, the oversight by counsel cannot be colored as intentional – there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendant.

Finally, there is no prejudice to Defendant arising out of the delay in service. Ms. Bonner has otherwise complied with all Court orders concerning submission of her PFS and supporting documentation, including an original and amended PFS, a written statement in response to PTO 71, photographs of before and after injuries, proof of use of Taxotere, CMO 12 identification, and HIPAA Authorizations. In light of these circumstances, there is no basis to assert that Defendant has been prejudiced. Plaintiff's case is in the exact same stasis as the thousands of other non-bellwether plaintiffs.  The Defendant had notice of the lawsuit and enough information to proceed and that there was no prejudice to Defendant over the failure to e-mail the complaint and summons. At no show cause hearing did Defendant raise the issue of non-service. Through conferral and the show cause process, Plaintiff has been able to cure issues more germane to litigation; thus the Court should not dismiss this case for a procedural issue missed by counsel alone.

Rule 6(b)(1)(B), Fed. R. Civ. P. states:

> (b) **Extending Time**.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Good cause exists for extending the time to comply with CMO 35, as the failure to serve Sanofi, Inc., in compliance with CMO 35, was not the result of conscious indifference by Plaintiff's

4

counsel, but due to a mistaken oversight, excusable neglect and a good faith belief that service on Sanofi, Inc. had been properly and timely effectuated.  Plaintiff was unaware of the fact that service had not been effectuated when the Court entered CMO No. 35. As such, Plaintiff respectfully requests the Court grant a brief extension of time for service nunc pro tunc. *See In re Asbestos Prod. Liab. Litig*. (No.VI), 2014 WL 1903904, at *1 (E.D. Pa. May 12, 2014) (given defendants' "actual notice of the pending action" and "lack of prejudice . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, nunc pro tunc . . . .").

## CONCLUSION

WHEREFORE, Plaintiff Capria Bonner, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, and denying Defendants Sanofi's Motion to Dismiss for Failure to Comply with CMO 35.

Dated: October 11, 2022.                   Respectfully submitted,


By: */s/ Thomas Smith*
Thomas Smith, TN Bar #35331
Law Offices of Tony Seaton & Associates, PLLC
118 E. Watauga Ave.
Johnson City, TN 37601
Telephone:  (423) 282-1041
Facsimile:  (423) 282-0967
tom@tonyseaton.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated: October 11, 2022

                                          */s/ Thomas Smith*
                                          Thomas Smith