UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 16-2740 |
| | ) | SECTION: "H" (5) |
| THIS DOCUMENT RELATES TO ALL CASES | ) ) | |

## CASE MANAGEMENT ORDER NO. 36
## (PRESERVATION OF GENERAL EXPERT TESTIMONY)

Since this Multi District Litigation ("MDL") was created on October 10, 2016, significant discovery has been completed and two bellwether jury trials have occurred. At this advanced stage of the MDL proceedings, the Court finds it appropriate to begin preparation for remand of cases to transferor districts pursuant to Case Management Order No. 33 (Rec. Doc. 13946) and future remand Orders. Preserving general expert testimony is a necessary and efficient use of party resources at this time.

On June 16, 2021, the Plaintiff's Steering Committee ("PSC") submitted a Motion to Preserve Expert Testimony (Rec. Doc. 12729). Defendants, Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi"); Sandoz Inc. ("Sandoz"); Accord Healthcare, Inc. ("Accord"); Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc. ("Hospira"); Sun Pharmaceutical Industries, Inc. f/k/a Caraco Laboratories, Ltd. ("Sun"); McKesson Packaging Services, a division of McKesson Corporation ("McKesson"); Sagent Pharmaceuticals, Inc. ("Sagent"); and Actavis Pharma, Inc. and Actavis LLC ("Actavis") (collectively, "Defendants") filed an Opposition to the PSC's Motion on June 22, 2021. (Rec. Doc. 12918). Oral argument was held on March 8, 2022. The Court granted the PSC's Motion on April 1, 2022, and ordered the parties to meet and confer and submit a proposed CMO implementing the Court's order. (Rec. Doc. 13981). The Court now enters this CMO governing the preservation of

general expert testimony, subject to the Rule 702 rulings entered by this Court. This CMO does not pre-adjudicate issues related to availability or admissibility and is subject to the ultimate trial judges' determination on the admissibility of such preserved testimony.

## APPLICABILITY OF ORDER

The following procedures and schedules will govern the preservation of general expert testimony.[1] The depositions authorized by this Order shall hereinafter be referred to as "general expert preservation depositions," and shall be subject to the limitations set forth below.

Counsel are reminded that the Court considers depositions to be official court procedures, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court. Counsel shall not, at any time, conduct themselves in a manner not becoming an officer of the court and shall, at all times, comply with the Louisiana Rules of Professional Conduct, the Louisiana Code of Professionalism, and all other Orders of the Court. Neither counsel nor the witness shall, at any time, engage in conduct that obstructs, impedes, delays, or frustrates the examination of the witness. All counsel and witnesses must be treated with civility and respect.

1. **GENERAL PROVISIONS**

   a. Except as expressly set forth herein, this Order shall not limit or prejudice any party's rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of this Court. The Court notes that the provisions of this Order obviate any applicable specifications on timing and sequencing of discovery set forth in FRCP Rule 26(d).

---

[1] General Expert Testimony includes testimony that is "generally applicable and susceptible to proof across large groups of individuals and over time." *See* Barbara J. Rothstein and Catherine R. Borden, *Managing Multidistrict Litigation in Products Liability Cases: A Pocket Guide for Transferee Judges*, FED. JUD. CTR & JUD. PANEL ON MULTIDISTRICT LITIG., 19 (2011).

b.  Unless otherwise ordered under Rule 26(c), depositions may be attended only by counsel of record, members of the PSC, members and employees of their firms, attorneys specifically engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), the witness, counsel for the witness, experts, court reporters, and videographers. By agreement or upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

c.  Further, counsel or others permitted to attend the deposition may participate/attend any deposition by telephone or video conference. Counsel noticing the deposition shall facilitate arrangements so that a conference call-in line is available during the deposition. Notification of attendance physically, telephonically or by video link shall be provided to the noticing counsel five (5) days prior to the deposition by those counsel desiring to attend.  Notice shall include the names of all persons attending, and whether the person is attending physically or remotely.

d.  Examining counsel and counsel intending to participate remotely shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing remotely. All individuals attending remotely shall identify themselves for the record either verbally or by email to the court reporter and counsel for the parties, and the court reporter shall record the name of all individuals listening or attending the deposition remotely for any length of time and include them as being in attendance on the official transcript.

2. **CONFERRAL PRIOR TO GENERAL EXPERT PRESERVATION DEPOSITIONS**

The Parties shall meet and confer in good faith regarding any disputes pertaining to the general expert preservation depositions before seeking the Court's intervention. To facilitate this process, the Parties shall utilize the procedures set forth in this Section.

    a. The PSC has served general expert reports on multiple occasions – those experts whose testimony does not involve the particular facts of any single plaintiff - and the Sanofi, Sandoz, Hospira/Pfizer, and Accord Healthcare defendants have deposed Plaintiffs' general causation (not case specific) experts.[2] For avoidance of doubt, the PSC shall serve the expert's report (or specifically identify the prior report) reflecting the opinions each general causation expert intends to proffer in his/her preservation testimony. against each Defendant.

    b. If any of the PSC's general expert witnesses offer any opinions that previously have not been disclosed in this litigation, the PSC shall serve a supplemental general report, including any supplemental materials reviewed or relied upon. If the PSC intends to offer a supplemental report for any of its general expert witnesses, it shall serve the report upon Defendants' counsel, and Defense Liaison Counsel, no later than forty (40) days prior to the preservation deposition.[3]

    c. Prior to the commencement of each general expert preservation deposition Defendants shall have the opportunity to conduct a discovery deposition of the PSC's general experts on any supplemental reports referenced in the preceding paragraph. The expert preservation deposition shall occur not less than ten (10) days after receiving the errata

---

[2] Defendant Sanofi has cross-examined Plaintiff's general cause experts (Drs. Bosserman, Feigal, Madigan and Plunkett) at trial on two separate occasions.

[3] The reports, whether new or adopted, shall be confined to the time parameters set out in the Court's Orders on the "fence post" motions. (Rec. Doc. 10464 and Rec. Doc. 10487). Such parameters may be amended as further orders from this Court or the Fifth Circuit Court of Appeals are issued.

from any discovery deposition completed. This paragraph does not provide an opportunity for any defendant to re-examine the PSC's general experts in a discovery deposition on opinions previously expressed and included in their prior respective reports and testimony.

d.  Upon the completion of the general expert preservation depositions no defendant shall be entitled to depose the PSC's general experts as a matter of right on the same expert report, except upon a showing of good cause relating to new or otherwise previously unavailable evidence. The particular facts of a given plaintiff's case shall not constitute good cause under this Order.

3. **CONDUCT OF THE DEPOSITION**

   a. **Location and Timing**

   These general expert preservation depositions[4] shall take place at a time mutually agreed between the parties and the Court at the United States District Court for the Eastern District of Louisiana.

   b. **Examination**

   Plaintiffs shall first conduct a direct examination. The PSC shall designate one attorney to serve as the examiner of each expert witness on behalf of the MDL Plaintiffs. Cross-examination shall first proceed with the Sanofi defendants' complete cross-examination, followed by redirect examination by Plaintiffs, during which cross-examination and redirect by the 505(b)(2) defendants' counsel shall be sequestered. Following completion of Sanofi's cross-examination and Plaintiffs' redirect related to Sanofi, the 505(b)(2) defendants shall have a full opportunity to cross-examine the

---

[4] The terms of this Order are not intended to apply unilaterally. Should Defendants wish to similarly preserve general expert testimony, the same procedures set forth herein shall apply.

witness, followed by Plaintiffs' redirect examination. Cross-examination of each expert whose testimony is to be preserved shall be coordinated among counsel for Defendants, and shall be limited to one (1) counsel for the Sanofi defendants, and one (1) counsel for the 505(b)(2) defendants on issues generally applicable to all 505(b)(2) defendants, with one (1) counsel for each 505(b)(2) defendant designated on non-duplicative defendant-specific issues. To the extent any expert testifies on issues specific to any particular 505(b)(2) defendant, counsel for each such defendant also may cross-examine the witness on non-duplicative questions relating solely to such defendant-specific testimony. The 505(b)(2) defendants shall confer with one another, and coordinate and agree upon cross-examining counsel for issues generally applicable to all 505(b)(2) defendants. Except as set forth above in this paragraph, additional examiners on behalf of MDL parties shall not be permitted absent good cause, and by Order of Court. Nothing in this protocol requires the parties to waive their rights to question a witness.

c. **Objections**

Any objection by a Defendant at a deposition shall be deemed to have been made on behalf of all other Defendants. Any objection by a Plaintiff shall be deemed to have been made on behalf of all other Plaintiffs. Given the Court will preside over the presentation of evidence in these general expert preservation depositions, which are subject to the Court's prior rulings as they relate to these witnesses, objections are to be made as if testimony is being offered at trial. Ultimate determinations as to the admissibility of the preserved expert testimony are subject to the authority of the respective transferor courts. Objections to the relevance or admissibility of testimony

or documents used as deposition exhibits are not waived and are preserved pending a later ruling by the Court or by the trial judge.

    d. **Documents**

Plaintiffs shall be required to provide Defendants' counsel both the exhibits and demonstratives that they intend to use with the expert witness during the direct examination no later than 72 hours prior to the deposition. Defendants' counsel shall notify Plaintiffs' counsel of any objections to the exhibits or demonstratives within 24 hours following receipt. Plaintiffs' counsel shall provide a chart to the Court of Defendants' objections along with Plaintiffs' responses, as well as a copy of the disputed exhibits and demonstratives, no later than 24 hours prior to the deposition.  This will allow any objections to be resolved prior to the start of the deposition. The terms of CMO 5 (Rec. Doc. 762) regarding presumption of authenticity of documents produced by the parties in discovery remains in effect. Opposing counsel need not disclose in advance the materials he or she intends to use during cross-examination of such an expert, with the exception of impeachment materials that were not produced in discovery, used in a bellwether trial, or used in a prior expert deposition in this MDL which must be disclosed to the court for *in camera* review consistent with the Court's standard practice.

4. **FACT DISCOVERY**

This Order does not create the right to conduct any further fact discovery upon any plaintiff, or any general expert.  Significant fact discovery has been conducted in this MDL and this Order is being entered to avoid further duplication of efforts, to appropriately limit expenses to the parties and wasting of resources, to allow the PSC to create a trial package, and to promote the efficient preparation for eventual remand.

5. **COSTS**

The costs of the court reporting service, including the costs, fees, and expenses related to the videographer, stenographer, transcripts, videos, and use of RealTime transcripts, shall be borne equally between the PSC and Defendants. In other words, Plaintiffs will pay 50% of the costs, fees, and expenses related to the court reporting services and Defendants will pay 50%. Each party will bear their own costs of obtaining rough/final transcripts and video.

6. **RESOLUTION OF DISPUTES UNDER THIS PROTOCOL**

If a dispute arises under this Order that the parties cannot resolve after good-faith efforts in meaningful meet and confer sessions, they are to immediately contact the chambers of Judge Jane Triche Milazzo and/or Magistrate Judge Michael North, who will thereafter resolve the matter with the parties' input.

New Orleans, Louisiana this 11th day of October, 2022.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**