UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Mary Bailey; 2:17-cv-15706*
*Sydney Beifeld; 2:17-cv-15723*
*Velma Berry; 2:17-cv-15728*
*Beverly Davis; 2:17-cv-15831*
*Pamela Davis; 2:17-cv-15837*
*Joyce Riolo; 2:17-cv-16435*
*Patti Smith; 2:17-cv-16030*
*Doreen Twarkins; 2:17-cv-16168*
*Patricia White; 2:17-cv-16170*

**PLAINTIFFS' RESPONSE TO SANOFI DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**
**AND**
<u>**PLAINTIFFS' MOTION FOR LEAVE TO EXTEND TIME FOR SERVICE**</u>

　　　　Plaintiffs listed above ("Plaintiffs"), by and through their counsel of record, Allen & Nolte, PLLC, submit their response to Sanofi Defendants' Motion to Dismiss for Failure to Comply with Case Management Order No. 35, and respectfully request the Court, pursuant to Rule 6(b) FED. R. CIV. P. to extend the time for Plaintiffs to serve the summonses and complaints, for reasons as follows:

<u>**INTRODUCTION**</u>

　　　　1.　　The nine Plaintiffs filing this response were originally represented by The Mulligan Law Firm ("MLF").  MLF filed their lawsuits in December 2017 and had summons issued to Defendants in early 2018.  Thereafter, all nine Plaintiffs, by and through MLF, served Plaintiff Fact Sheets, medical records, and authorizations through MDL Centrality.  In spring 2019, Patrick Mulligan, the principal of The Mulligan Law Firm, passed away.  Following his death, the law firm was dissolved, and the firm's clients were referred to new attorneys.  The nine Plaintiffs filing

this Response retained Allen & Nolte, PLLC in that process. Allen & Nolte, PLLC is unable to access the email accounts of Plaintiffs' previous attorneys with MLF who would have been responsible for effectuating service and therefore are unable to confirm or refute Defendants' contention that they have not been served in these cases. Current counsel for Plaintiffs reached out to counsel for the Sanofi Defendants requesting the courtesy to cure the alleged service issue. Sanofi was not amendable to resolving the issue informally and therefore, Plaintiffs file this Response requesting the Court deny the motion to dismiss and grant Plaintiffs an extension to ensure that the Sanofi Defendants are properly served.[1]

## ARGUMENT & AUTHORITIES

**Defendants have waived 12(b)(5) defenses by failing to assert them timely.**

2.  A party may waive its right to assert the defense of insufficient service of process by failing to assert it "in a timely fashion." *Broadcast Music, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987). There is a dual purpose to the Federal Rules of Civil Procedure as they relate to service of process. *Id.* at 282. On one hand, unless a person has been served with process and is properly before the court, they should not be required to defend an action or suffer a judgment. *Id.* On the other, "notions of efficiency conduce to a reasonable, non-mechanistic interpretation of whether service has been effected in a given case, as a result of which improper service… can be waived if not timely asserted." *Id.* The court made clear that the "Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time pull failure of service out of the hat like a rabbit…" *Id.* at 281. To allow this course of conduct "would elevate formality over substance and would lead plaintiffs to waste time, money and judicial resources pursuing a cause of action." *Id.*

---

[1] As part of the meet and confer process, the Sanofi Defendants agreed to a one-day extension of the deadline for Plaintiffs to respond to their Motion.

3.      The cases subject to Defendants' Motion were filed in December 2017 with summons issued in early 2018 and discovery served on Defendants through MDL Centrality in spring 2018. Case specific information for each of the Plaintiffs is detailed in the Chart attached as Exhibit 1. Plaintiffs were first put on notice of Defendants intent to assert the defense of improper service when Defendants' Motion to Dismiss was filed on September 27, 2022, almost five years after the cases were filed. As the Court in *Broadcast Music* stated, notions of efficiency require the reasonable non-mechanistic interpretation that the defense of improper service can be waived if not timely asserted in cases such as these where Plaintiffs have spent time, money, and judicial resources pursuing their claims and Defendants have actively litigated the cases for years without raising the issue.

4.      In *In re: Ethicon, Inc.*, the court explored waiver of the defense of untimely service in the context of an MDL. 2016 WL 6436566 (S.D.W.V. Oct. 27, 2016). In *Ethicon*, as in this case, the requirements for service were streamlined by agreement of the parties. *Id.* at *1. Plaintiffs acknowledged that they failed to effectuate service via the agreed upon service methods, but did serve defendants with completed Plaintiff Profile Forms, signed authorizations and other records. *Id.* The court held that while defendants had not previously filed any motions or appeared before the court, their interaction with the plaintiffs led plaintiffs to believe that defendants had been adequately served. *Id.* at *2. The court reasoned that "it would indeed be an absurd result, likely placing the defendants and their counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later that this court lacks jurisdiction." *Id.*

5.     Similar to the plaintiffs in *Ethicon*, Plaintiffs in these cases have served Plaintiff Fact Sheets, medical records, authorizations allowing Defendants to obtain Plaintiffs' confidential medical records, and other litigation-related papers.  And, in at least two cases at issue, Defendants have expressly waived issues of timely service by submitting notices of deficiency on behalf of the Defendants "properly served."  Attached as Exhibits 2 and 3.  Further, this MDL was formed in 2016 and Defendants have been actively litigating these cases with similar issues of law and fact since the MDL's inception.  Just as in *Ethicon*, it would be an absurd result for Defendants here to indicate such a clear willingness to engage in litigation and for the Court to not find they have waived any defense for failure to timely serve.  Accordingly, Defendants' Motion to dismiss should be denied because Defendants have waived the defense of timely service.

**Plaintiffs' cases should not be dismissed because there is no record of delay or contumacious conduct by Plaintiffs.**

6.     The Fifth Circuit is clear that dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff…, and where less sanctions would not serve the best interests of justice."  *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).  In the cases where the Fifth Circuit has affirmed dismissals with prejudice, they generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so.

7.     The record here demonstrates inadvertence, not contumacious conduct.  It was not until Defendants filed their Motion that Plaintiffs' counsel had reason to suspect service had not been made on Defendants.  Unfortunately, Plaintiffs' counsel cannot confirm or refute Defendants' contention that they have not been served in this case because counsel is unable to access the email accounts of Plaintiffs' previous attorneys who would have been responsible for effectuating service.  Plaintiffs have worked to cure the deficiency after receiving notice and have complied

with all pre-trial orders and served their PFS through MDL Centrality. This is not a circumstance that reflects a failure to prosecute justifying dismissal with prejudice.

**There are no aggravating factors supporting the extraordinary remedy of dismissal.**

8. When reviewing whether the granting of the extraordinary remedy of dismissal was proper, the Fifth Circuit looks to several "aggravating factors". *Id.* The aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.*

9. The first aggravating factor is wholly absent in these cases. Plaintiffs have complied with all pre-trial orders including timely serving their Plaintiff Fact Sheets and required authorizations, providing medical records and proof of injury photos.

10. Similarly, there is no evidence that the delay was the result of intentional conduct. On the contrary, counsel believed the cases had been served and proceeded with discovery on that premise. Accordingly, if there was any delay in effectuating service on Defendants, which Plaintiffs do not admit has occurred, that delay was due to inadvertence of counsel and not the result of intentional conduct.

11. Finally, there is no significant prejudice to the Defendants. Prejudice may be shown when service is delayed due to situations where "evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Id.* In the present cases, Plaintiffs have complied with all discovery orders in this matter preserving all case specific evidence and Defendants have been actively litigating other cases in this MDL with common questions of law and fact.

12. While the alleged delay in perfecting service on Defendants was long, there is simply no record here from which the Court could conclude that the delay was intentional or arose

out of contempt for this Court or the rule of law. Dismissal with prejudice is inappropriate where none of the aggravating factors normally required to justify dismissal are present. The parties have litigated these claims through MDL Centrality to the same extent they would have if Defendants did not contend proper service was not effectuated. Therefore, Defendants' Motion to Dismiss should be denied.

**Dismissal without prejudice is also not warranted because Plaintiffs have shown good cause for delay in service.**

13. The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m); *see also*, *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.,* 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

14. It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been show. See *Rollerblade, Inc., v. Rappelfeld,*

165 F.R.D. 92 (D. Mirm. 1995).  Failure to grant Plaintiffs' requested extension would only serve to further delay this litigation.  Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities.  See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice).  See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

15. Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted.  In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

16. Good cause exists for extending time for Plaintiffs to serve Defendants, as the failure to serve Defendants was not the result of conscious indifference by Plaintiffs' counsel, but

due to a mistaken oversight, excusable neglect and a good faith belief that service on Defendants had been properly and timely effectuated.

17.  This is Plaintiffs' first motion seeking an extension of time.  Plaintiffs have not engaged in routinely dilatory behavior.  Additionally, an extension of time to serve Defendants would not unnecessarily delay trial or significantly disrupt the progression of these cases.  Therefore, no harm or prejudice will result to Defendants by extending time for Plaintiffs to serve Defendants.

WHEREFORE, Plaintiffs pray that the Court enter an Order extending the time for Plaintiffs to serve Defendants and denying Defendants' Motion to Dismiss for Failure to Comply with CMO 35, as moot.  Plaintiffs pray for such other appropriate relief.

Dated: October 12, 2022

**ALLEN & NOLTE, PLLC**

By: /s/ Jennifer Nolte
John H. "Trey" Allen, III, Esq. – Trial/Lead Counsel
trey@allennolte.com
Jennifer Nolte, Esq.
jnolte@allennolte.com
5445 La Sierra Drive, Suite 350
Dallas, TX 75231
Tel: (214) 521-2300
Fax: (214) 452-5637

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                              /s/ Jennifer Nolte
                                              Jennifer Nolte