UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Laura Werning*, No. 2:16-cv-17169 *Kathlene Petties*, No. 2:16-cv-17183 *Gwendolyn Crawford*, No. 2:16-cv-17151 *Janice Johnson*, No. 2:19-cv-12235 *Rhonda Clamon*, No. 2:19-cv-03422 | : : : : : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Plaintiffs' opposition (Rec. Doc. 14830) fails to demonstrate either good cause for their years-long delay serving their complaints or a justification for their inability to comply with this Court's order granting an extension of time to effect service on Accord. As set forth in Accord's opening brief (Rec. Doc. 14777-1 at 2), this Court has already considered all of Plaintiffs' arguments, and in issuing Case Management Order No. 35 ("CMO 35") 1) unequivocally placed the onus on plaintiffs to effect service of process; 2) provided a grace period through August 31, 2022 to do so; and 3) subjected Plaintiffs who fail to do so to "dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (CMO 35, Rec. Doc. 14456.) Thus, dismissal with prejudice as to Accord in each case is warranted.[1]

---

[1] Plaintiff Gwendolyn Crawford, who has purportedly obtained product identification as to other Defendants, does not contest dismissal but indicated it should be subject to the "bring back" provisions in CMO-12 and Fed. R. Civ. P. 60(b). (*See* Pls.' Opp., Rec. Doc. 14830, at 2.) For the reasons set forth herein, her case should be dismissed with prejudice as to Accord, and barred from attempting to later assert claims as to Accord due to her service failures.

I. **Plaintiffs' failure to comply with CMO 35 is contumacious conduct warranting dismissal and does not justify further discretion to again extend the time for service.**

The Fifth Circuit and this Court have made clear that even if Plaintiffs' claims would be time-barred upon dismissal for lack of service or late service, dismissal is warranted if there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *See* Order and Reasons, *Walker v. Accord Healthcare, Inc.*, ("*Walker* Order") Rec. Doc. 14452 at 4-5 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)); Order and Reasons, *Semeniuk, et al. v. Accord Healthcare, Inc.*, ("*Semeniuk* Order) Rec. Doc. 14453 at 4-5 (same). As this Court has recognized, "it is a party's 'willful disobedience of a court order'" that rises to the level of contumacious conduct warranting dismissal. *See Walker* Order, Rec. Doc. 14452 at 5 (quoting *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020)); *Semeniuk* Order, Rec. Doc. 14453 at 5 (same). Here, the parameters of CMO 35 were clear: Plaintiffs must serve Defendants by August 31, 2022 or be subject to dismissal with prejudice. Because Plaintiffs have willfully disregarded CMO 35, no further grace should be extended and their claims as to Accord should be dismissed with prejudice.

Indeed, Plaintiffs do not even attempt to justify their noncompliance and instead inexplicably seek to shift blame to Accord—which was not even aware of these cases—for not raising the issue sooner by placing these cases on a show cause list for lack of service. (*See generally* Pls.' Opp.)

This Court has already been generous with Plaintiffs simply by entering CMO 35 and putting Plaintiffs on notice of this obligation. Accord relied upon that service deadline in assessing its global case inventory (for example, in terms of evaluating potential defenses and identifying PTO 22 deficiencies), anticipating that no further untimely claims would be permitted following the August 31, 2022 deadline. As the Fifth Circuit has explained, "failure to serve process within the statute of

2

limitations period is extremely prejudicial" because a potential defendant that has not been served is entitled to expect that it no longer has to defend against the claim. *Sealed Appellant v. Sealed Appellee*, 453 F. 3d 417, 418 (5th Cir. 2006). As such, Accord is entitled to expect that it no longer has to defend against Plaintiffs' claims; otherwise, the statute of limitations is effectively meaningless as to Plaintiffs' stale claims for as long as Plaintiffs are graced with extensions to effect service, even years later.

II.     **Plaintiffs' participation in this MDL does not impute knowledge on Accord.**

Plaintiffs' submissions to MDL Centrality (*see* Pls. Opp. 3) do not have "the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure." (*See* Pretrial Order No. 1 ¶ 3.) While MDL Centrality may issue filing notifications, Accord tracks notifications only for cases in which it has been named and properly served, consistent with the Federal Rules of Civil Procedure and this Court's orders.[2]

Moreover, Accord has not participated in any of these cases; indeed, it was not aware of any purported involvement because it had never been served. A simple review of each Plaintiffs' MDL Centrality profiles confirm that Accord has never reviewed their respective Fact Sheets, issued any deficiency notices, submitted Defendant Fact Sheets, or otherwise litigated Plaintiffs' cases. Accord has never requested medical records for any of these Plaintiffs through the CMO 12A process. Furthermore, knowledge or participation cannot be imputed on Accord simply because Plaintiffs' cases were included on global show cause lists compiled by all Defendants (some of whom may have been served in these cases) or based upon actions of other defendants. Likewise, Accord's obligations under CMO 12A are not triggered unless *Accord* is properly

---

[2] To date, neither Ms. Clamon nor Ms. Johnson's Plaintiff Fact Sheets even identify Accord.

served. (*See* CMO 12A ¶¶ 3-4.) Simply put, Accord had no notice or knowledge of these cases until served on September 30, 2022—years after they were filed.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' failure to comply with CMO 35 rises to the level of "contumacious conduct" and shows willful disregard of this Court's order. Accordingly, dismissal with prejudice as to Accord is warranted.

DATED: October 18, 2022          Respectfully submitted,

/s/ Julie A. Callsen
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: julie.callsen@tuckerellis.com
Email: brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

### CERTFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/Julie A. Callsen

4