UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br>*All cases in attached Reply Ex. 2* | MDL No. 2740<br><br>Section: "H" (5)<br><br>JUDGE JANE TRICHE MILAZZO |

### OMNIBUS REPLY IN SUPPORT OF SANDOZ INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

On September 29, 2022, Defendant Sandoz Inc. ("Sandoz") filed its Motion to Dismiss for Failure to Comply with Case Management Order No. 35, identifying on Motion Exhibit A 104 Plaintiffs whose cases had not been served on Sandoz, in violation of Federal Rule of Civil Procedure 4(m) and Case Management Order No. 35 and requesting that such cases be dismissed with prejudice.  Subsequent to the filing of Sandoz' Motion, a number of Plaintiffs' counsel have met and conferred with Sandoz' counsel and, pursuant to those discussions, Sandoz has agreed to remove 28 cases from its original Exhibit A[1].  17 Plaintiffs have not submitted any opposition to Sandoz' Motion, and their cases should be dismissed with prejudice.  9 Plaintiffs represented by Bachus & Schanker are not contesting dismissal, on the basis of product identification evidence for a defendant other than Sandoz.

The Plaintiffs have submitted oppositions setting forth reasons Plaintiffs believe their cases should not be dismissed pursuant to Case Management Order No. 35.  That order directed

---

[1] For ease of the Court's reference, these cases are identified on the attached Exhibit 1. Attached hereto as Exhibit 2 is a revised list of the cases subject to Sandoz' instant Motion, with descriptions of the categories into which each case falls, as identified herein.

1

Plaintiffs to "effect service of process on all Defendants" no later than August 31, 2022. The Court expressly warned Plaintiffs on July 22, 2022 that failure to serve defendants by the August 31, 2022 deadline would subject Plaintiffs' claims to dismissal with prejudice. Rec. Doc. 14456 at 1. Regardless of the specific substance of each Plaintiff's arguments in Opposition, it was incumbent upon Plaintiffs' counsel to ensure timely service was effected. Accordingly, Sandoz respectfully submits that Plaintiffs' justifications for their failure to timely serve Sandoz and/or requests for further extensions of the Court's deadline are without merit; Sandoz requests that those Plaintiffs' cases be dismissed with prejudice. In the interest of reducing the number and volume of submissions to this Court, Sandoz' substantive responses to the arguments presented in Plaintiffs' various Oppositions are set forth herein, in omnibus fashion, separating Plaintiffs into categories by the substantive basis for each Plaintiff's Opposition.[2] For ease of the Court's reference, an amended list of the cases Sandoz believes are appropriate for dismissal is attached to this Reply as Exhibit 2, broken into the same categories set forth, *infra*.

## SANDOZ' RESPONSES TO PLAINTIFFS' OPPOSITIONS

**Plaintiffs Who Failed to Submit a Response to Sandoz' Motion**

As of this filing, 17 Plaintiffs identified on Sandoz' original Exhibit A have not submitted any opposition to Sandoz' Motion.[3] Accordingly, their cases should be dismissed with prejudice, as to Sandoz. The Plaintiffs who failed to oppose Sandoz' Motion are identified on the accompanying Exhibit 2, under the headings "Cases in Which No Opposition to Sandoz' Motion Was Received."

---

[2] If the Court would prefer individual responses, Sandoz will be happy to break these responses out into multiple filings.
[3] One Plaintiff, Patricia Newsome (2:19-cv-11478, O'Mara Law Group) filed an Opposition on 10/13/22, two days past the deadline. Her untimely opposition should be treated as no opposition.

**The Finson Law Firm**:

Counsel for Plaintiffs Donna Rooney, Elizabeth Chairsson-Ricker, and Tykesha Williams-Saunders submitted Oppositions to Sandoz' Motion to Dismiss that appear to confuse issuance of a summons by a state court with proper service of a short form complaint in this MDL and also to conflate Sandoz and Hospira. (Rec. Docs. 02664 and 14822). Plaintiffs also make specious arguments that Sandoz has waived service by "participating" in the litigation. These cases should be dismissed pursuant to CMO-35, particularly because none has submitted product identification evidence as to Sandoz — indeed, two of these Plaintiffs specifically claim another defendant(s) manufactured their docetaxel (as described in more detail, below).

At bottom, Plaintiff's arguments are that, before transfer of this case to the MDL: (1) summons was issued on all defendants in state Courts in either New Jersey (Rooney and Chaisson-Ricker) or California (Williams-Saunders); (2) counsel for *Hospira* entered an appearance, in New Jersey, and counsel for *Hospira and Accord* entered appearances in California; (3) those same defendants (but not Sandoz)[4] filed Answers to the complaints, in New Jersey and California; and (4) in the MDL, Defendants, including Sandoz, have issued deficiency notices for Plaintiff's Fact Sheets via MDL Centrality. Those arguments are unavailing.

First, Sandoz was not even named in Plaintiff Williams-Saunders' complaint filed in California; Sandoz was not made a party to that case until Plaintiff filed her Short Form Complaint in this MDL. (Rec. Doc. 14826-1). In any case, each of these Plaintiffs was obligated to effectuate on Sandoz service of her short form complaint, in this MDL, pursuant to this Court's streamlined service order. (Rec. Doc. 304 [PTO30]). The order for streamlined service on Sandoz Inc.

---

[4] Throughout their Oppositions, plaintiffs Rooney, Chaisson-Ricker, and Williams-Saunders refer vaguely to "Defendants" eliding the fact that the Answer and Appearance they reference each were filed only on behalf of Hospira and/or Accord and their counsel, and not Sandoz.

specifically says it governs any actions "subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation" such as Plaintiff's and that "[s]ervice will only be effective if addressed as above." (*Id*). Plaintiff has submitted no evidence she served Sandoz pursuant to that order or otherwise, in this MDL. Appearances or Answers by other defendants (in state courts, much less this Court) do not reflect a waiver of service by Sandoz. Finally, as this Court is well aware, Defendants in this MDL have jointly shared in the labor of reviewing Plaintiff Fact Sheets and issuing deficiency notices. That division of labor should not be held to constitute a waiver of service. Sandoz respectfully submits that CMO-35 set a clear deadline for service which these Plaintiffs did not meet. No further extension of time is warranted and this Court should dismiss their cases.

Further, and critically, it is curious why these Plaintiffs would even oppose dismissal as to Sandoz. According to the Plaintiff Fact Sheets and product identification evidence submitted on MDL Centrality, Ms. Rooney is claiming that Hospira is the only proper defendant in her case; Ms. Chaisson-Ricker is claiming that Winthrop and Hospira are the only proper defendants in her case; and, Ms. Williams Saunders has not obtained any evidence of product identification and will be subject to a CMO-12A show cause hearing in the near future. (See Ex. 3 [collectively, screenshots of Plaintiffs' MDL Centrality pages reflecting claimed product identification].) These cases all should be dismissed with prejudice as to Sandoz.

**Bachus & Schanker, LLC**:

Of the 33 Bachus & Schanker-represented Plaintiffs Sandoz identified in its motion for dismissal pursuant to CMO-35, 9 have conceded that dismissal with prejudice as to Sandoz is

appropriate.[5] An additional three have already been dismissed as to Sandoz, through various show cause processes, rendering the motion moot.

As to the remaining 20 plaintiffs, the Opposition blames Plaintiffs' failure to timely serve Sandoz on "an oversight by their counsel" and ask that their late service be accepted because that failure was not intentional, claiming this is not a case of "repeated warnings by the Court." (Rec. Doc. 14829 at pp. 3-4). Plaintiffs further argue that dismissal of their complaints would "delay" the litigation (presumably because those plaintiffs would appeal such dismissals). Finally, Plaintiffs argue that their cases should not be dismissed as to Sandoz, because they were filed against multiple defendants on Plaintiffs *only* failed to serve Sandoz. Each of Plaintiffs' arguments is meritless.

First, as set forth in Sandoz' Motion, CMO-35 was issued because one Defendant, Accord, moved to dismiss numerous complaints that had not been served on it. This court denied that motion but set a firm deadline of August 31 for all plaintiffs to perfect service of their complaints, warning that dismissal with prejudice could be the result of failure to meet that deadline. Counsel's failure to heed the Court's deadline and proactively examine their case inventory for service issues is not "excusable neglect" or "inadvertence;" it is willfully dilatory conduct and dismissal is the appropriate remedy. Second, the fact that Sandoz was the only named defendant not served in these cases militates in favor of dismissal. Sandoz, seeing that all other defendants had been served, reasonably could assume that it would not become an active defendant in these cases. The "admittedly long" delay in attempting service (see Opposition at p. 4) only strengthens that conclusion.

Finally, four Plaintiffs[6] concede they *still* do not have evidence of the manufacturer of their docetaxel but claim they should be allowed to proceed because other defendants have not (yet)

---

[5] They are: Madis Russell (2:17-cv-00117), Shirley Bridges (2:18-cv-01917), Sheila Bias (2:16-cv-17171), Lorraine Young (2:16-cv-17235), Carmen Cruz (2:18-cv-12526), Johnnie Johnson (2:16-cv-17166), Kristy Justice (2:16-cv-17186), Sarah Waller (2:16-cv-17241), and Sonia Valencia 2:16-cv-15497).

[6] Rohonda Clamon, Charlotte Jefferson, Janice Johnson, and Betty Hurley.

moved to dismiss them. That argument is specious. These plaintiffs are subject to dismissal through the CMO-12A show cause process. More importantly, without any factual basis to proceed against Sandoz (i.e. without product identification) and without service of the Complaint on Sandoz, it was reasonable for Sandoz to conclude it would not become an active defendant in these cases. For these reasons, the Bachus & Schanker plaintiffs' cases identified on Exhibit 2 should all be dismissed with prejudice.

**Plaintiffs Requesting Extensions of this Court's Deadline and/or Acceptance of Later Service Due to Inadvertence of Counsel**

The significant majority of Plaintiffs responding to Sandoz' Motion have submitted Oppositions which concede the essential fact upon which the Motion was brought: Plaintiffs did not effectuate service on Sandoz prior to the Court's August 31, 2022 deadline, as set forth in CMO-35. (See, e.g., Rec. Doc. No. 14817 [Rose Clenendin Opp.]; Rec. Doc. 14870 [Donna Smith Opp.]).

The Oppositions in this group[7] then argue that Plaintiffs' cases should not be dismissed and that this Court should either accept service already made (after the deadline) or should extend the deadline to allow Plaintiffs to make service after ruling on the instant Motion. The rationale given by such plaintiffs vary slightly in their particulars but are all essentially consistent.

In the main, these plaintiffs argue that Sandoz was aware of the filing of these lawsuits through their participation generally in the MDL, including, in some instances, by submitting notices of Plaintiff Fact Sheet deficiencies in MDL Centrality. As such, Plaintiffs argue, there is no prejudice to Sandoz in permitting late service (including, in many cases, service that would be years after the

---

[7] The plaintiffs to whom this section applies are listed in Exhibit 2, under the heading "Plaintiffs Requesting Extensions of this Court's Deadline and/or Acceptance of Later Service Due to Inadvertence of Counsel." Notably, Plaintiff Michelle Webb (2:20-cv-00522, Fears Natchawati) did not file an Opposition; she did, however, file a Proposed Order denying Sandoz' motion. Sandoz presumes her intent was to file an identical Opposition to the other Fears Natchawati plaintiffs. Similarly, Plaintiff Cindy Thomasson (2:17-cv-10733, Schmidt National Law Group) filed an Opposition directed at Hospira's Motion, which mentions Sandoz. Sandoz presumes her intent was to file an identical Opposition directed to Sandoz.

6

complaints were filed). Plaintiffs further argue that their failure to serve Sandoz was "inadvertent" or an "oversight" of counsel, in some cases based on a change of law firms or of responsible attorney within the law firm. In virtually all cases in this category, Plaintiffs gripe that they were unaware their cases had not been served, prior to Sandoz' motion, because CMO-35 did not provide them a list of cases that had not been served. Those arguments all are specious.

In entering CMO-35, this Court set a clear deadline for Plaintiff's to effect service of any unserved complaints and specifically warned that failure to do so could subject plaintiffs' cases to dismissal with prejudice. These plaintiffs concede they did not meet the Court's deadline. The only "oversight" or "inadvertence" of these Plaintiffs' counsel appears to be their conscious decision not to examine their case inventory carefully following entry of CMO-35 to confirm whether there were service issues in any of their cases. That neglect in the face of a clear Order from this Court is sufficient grounds to dismiss their cases. Indeed, it is not this Court's or Sandoz' job to inform Plaintiffs whether they have served lawsuits they filed — only in the context of a long-running MDL could Plaintiffs even raise such a ridiculous argument; Plaintiffs' counsel alone are responsible for perfecting service. Notably, diligent counsel did undertake an examination of their entire case inventory for service issues. *See* argument re Khanhttrang Tonnu, Reyes Browne Reilly, *infra*. Sandoz respectfully submits that no further extensions of time are warranted and that all these cases should be dismissed with prejudice.

**Plaintiffs Who Presented Timely, but Technologically Flawed Attempts at Service**

Patricia Mallak (2:18-cv-07836) and Tamara Saba (2:18-cv-07818) (Meshbesher & Spence, Ltd.)

Plaintiffs Patricia Mallak and Tamara Saba responded to Sandoz' Motion to Dismiss with an Opposition reflecting that Plaintiffs' counsel attempted to effectuate timely service on Sandoz soon after filing their complaints, but inadvertently used an incorrect email address. (Rec. Doc. 14893). Plaintiffs Mallak and Saba do not dispute that service was not timely made but have now cured the

deficiency; their counsel contacted Sandoz' counsel to meet and confer about the deficiency and this Motion. Accordingly, while Sandoz does not believe it can unilaterally accept service after a Court-imposed deadline, Sandoz respectfully submits that a brief extension of time for Plaintiffs Mallak and Saba to remedy their inadvertent failure to timely comply with CMO-35 would be reasonable. Ultimately it is within this Court's discretion whether to dismiss their cases.

Khanhttrang Tonnu (2:19-cv-12654) (Reyes Browne Reilley)

Plaintiff Khanhttrang Tonnu responded to Sandoz' Motion to Dismiss with an Opposition reflecting that Plaintiffs' counsel did what Sandoz has suggested in this Reply all counsel should have done: reviewed its entire case inventory to ascertain whether there were any issues with service. (See Rec. Doc. 14908). After counsel discovered that service as to Ms. Tonnu was deficient, they attempted to remedy the deficiency by perfecting service; but, they inadvertently served Sanofi and Hospira, not Sandoz and Hospira. Sandoz does not believe it can unilaterally accept service after a Court-imposed deadline, but respectfully submits that a brief extension to allow for Plaintiff Tonnu's late service is not unjustified; ultimately it is within this Court's discretion whether to dismiss Ms. Tonnu's case.

## CONCLUSION

The Plaintiffs identified on Exhibit 2 to this Reply have not served Sandoz and have not demonstrated good cause for failure to comply with the Federal Rules and Case Management Order No. 35. Accordingly, Sandoz respectfully requests that this Court grant Sandoz's motion to dismiss for untimely service of process and dismiss with prejudice all claims against Sandoz in each of the cases identified on Reply Exhibit 2.

Dated: October 17, 2022          Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Nicholas A. Insogna
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com
Insognan@gtlaw.com

*Attorneys for Sandoz Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Nicholas A. Insogna*
Nicholas A. Insogna

ACTIVE 682582599v1

9