UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

*********************************************************
IN RE:   TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                          Civil Action No. 16-MD-2740
                          Section "H"(5)
                          New Orleans, Louisiana
                          July 22, 2022

THIS DOCUMENT RELATES TO ALL CASES
*********************************************************

             TRANSCRIPT OF GENERAL STATUS CONFERENCE
        HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

                    *MATTHEW PALMER LAMBERT*
                    GAINSBURGH BENJAMIN DAVID MEUNIER
                    & WARSHAUER
                    1100 POYDRAS STREET
                    SUITE 2800
                    NEW ORLEANS, LA 70163

                    *CHRISTOPHER COFFIN*
                    PENDLEY BAUDIN & COFFIN
                    1515 POYDRAS STREET
                    NEW ORLEANS, LA 70112

                    *KAREN BARTH MENZIES*
                    GIBBS LAW GROUP
                    400 CONTINENTAL BOULEVARD
                    EL SUGUNDO, CA 90245

                    *CHRISTOPHER ELLIOTT*
                    BACHUS & SCHANKER
                    1899 WYNKOOP STREET
                    SUITE 700
                    DENVER, CO 80202

EXHIBIT

3

tabbies®

FOR SANOFI S.A.:

*HARLEY V. RATLIFF*
*ADRIENNE L. BYARD*
SHOOK HARDY & BACON
2555 GRAND BOULEVARD
KANSAS CITY, MS 64108

*DOUGLAS MOORE*
*KELLY E. BRILLEAUX*
IRWIN FRITCHIE URQUHART & MOORE
400 POYDRAS STREET
SUITE 2700
NEW ORLEANS, LA 70130.

*FOR HOSPIRA, INC., HOSPIRA WORLDWIDE, LLC,*
*FORMERLY DOING BUSINESS AS HOSPIRA WORLDWIDE, INC.,*
*AND PFIZER, INC.:*

*JOHN F. OLINDE*
CHAFFE MCCALL
1100 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LA 70163

FOR ACTAVIS PHARMA, INC.:

*MICHAEL J. SUFFERN*
ULMER & BERNE
600 VINE STREET
SUITE 2800
CINCINNATI, OH 45202

FOR ACCORD HEALTHCARE, INC.:

*JULIE CALLSEN*
TUCKER ELLIS
950 MAIN AVENUE
SUITE 1100
CLEVELAND, OH 44113

FOR SUN PHARMACEUTICAL:

*GEOFFREY M. COAN*
HINSHAW & CULBERTSON, LLP
28 STATE STREET
FLOOR 24
BOSTON, MA 02109

OFFICIAL TRANSCRIPT

Official Court Reporter:         Nichelle N. Wheeler, RPR, CRR
                                 500 Poydras Street, B-275
                                 New Orleans, Louisiana 70130
                                 (504) 589-7775


     Proceedings recorded by mechanical stenography,
transcript produced via computer.

1                         **P R O C E E D I N G S**

2                      (Call to order of the court.)

3          THE COURT:   You may proceed.

4          MR. LAMBERT:   Good morning, Your Honor.   Yes, Palmer

5     Lambert from Gainsburgh Benjamin, co-liaison counsel for

6     plaintiffs here to present Joint Report No. 25 of Liaison

7     Counsel.

8          And for those of you on the phone or in the courtroom

9     really, the document number that was filed this morning is

10    14440 if you want to follow along.

11         Just a couple of preliminary things, yesterday the

12    settlement committees met with Your Honor, and Your Honor has

13    given some direction to those settlement committees and tasks

14    to do and deadlines, and those committees will be doing those

15    things consistent with what they were directed.

16         Second, we met this morning, lead and liaison

17    counsel.   There were some issues related to Wave 1 that are

18    pertinent to some counsel who are probably listening on the

19    phone, and just very briefly, we discussed the duration of

20    authorizations and the court indicated that three years prior

21    to the cancer diagnosis was fair game for HIPAA

22    authorization, and if there was a prior cancer, three years

23    before that.

24         And then if defense counsel wants to add anything, it

25    certainly can.

1          MS. BYARD:  No comment.

2          MR. LAMBERT:  Okay.  With regard to issues related to

3    no records of chemotherapy or oncologists and with regard to

4    whether or not the physician is deceased or living, those

5    issues Your Honor has deferred to the transferor court.

6          With regard to photographs --

7          MS. BYARD:  Sorry.  On that, Palmer, my understanding

8    was that there was direction that counsel could confer,

9    individual counsel and defense counsel could continue to

10   confer, on those issues about whether they're appropriate to

11   proceed with discovery.

12         MR. LAMBERT:  Okay.  Thank you, Ms. Byard.

13         THE COURT:  I'm ordering the parties to confer, but

14   this court is not going to make a determination as to the

15   proceeding and that will be handled by the transferor court

16   if they're not able to come to some resolution with counsel.

17         MR. LAMBERT:  Thank you, Judge.

18         And the fourth issue was related to the production of

19   photographs, and Your Honor has directed leadership to

20   discuss with counsel the photo obligations of this process.

21         And, finally, just before I get into the Joint

22   Report, I think I speak for both or for all parties, we

23   really appreciate Ms. Flanders' help in this MDL and this

24   will probably be her last general status conference.

25         So we thank you for making our lives easier.

1          Okay.  Joint Report starts with Section 1, Report of

2     Claims and Case Inventory.  As of this date, there are

3     approximately 11,643 cases pending in the MDL with

4     approximately 3,936 cases that have been closed, dismissed,

5     or remanded since its inception.

6          Section 2 of the Joint Report is Federal/State

7     Coordination.  There are remaining cases pending in

8     California, New Jersey, Delaware, and Mississippi.  This

9     report is largely unchanged, but I will just mention that the

10    *Ernyes-Kofler* case in Santa Clara County is set for trial on

11    March the 13th of next year.  And in New Jersey, Judge Bruce

12    Kaplan is handling the multi-county litigation.  There are

13    156 cases pending there, and the next status conference is

14    next week, July 27th.

15         Section 3, Pretrial Orders, the only new pretrial

16    order since our last conference is No. 125 setting today's

17    conference.

18         Case Management Orders, there were two since the last

19    hearing.  That's 14N setting the schedule for Trial 1A and

20    Case Management Order No. 34A regarding the status of Remand

21    1 cases, Wave 1 cases.  We'll talk about Trial 1A later on in

22    this report.

23         No. 5, Counsel Contact Form, there's no change to

24    this section.  Please complete it if you haven't.

25         No. 6, Master Complaint, Short Form Complaint,

1    there's no change to this section.

2         No. 7, Plaintiff and Defendant Fact Sheets, I won't

3    read into the record the numbers, but the parties,

4    particularly defendants, have updated the numbers of cases,

5    plaintiff fact sheets per defendant in that section.

6         Section No. 8, Service on Defendants, this section is

7    unchanged, but I do want to remind counsel of the revised

8    pretrial order related to streamlined service on Accord.

9    That's Record Document 13877.

10        And we also discussed some pending motion practice

11   related to failure of counsel to serve defendants and the

12   Court will be entering an order that all counsel have until

13   August 31, 2022, to correct any service issues in their

14   cases.

15        THE COURT:  All right.  I want to speak to that just

16   briefly.  And I want plaintiffs' counsel to understand that

17   it is the obligation of the plaintiff to properly serve and

18   you should not anticipate some notice coming from a defendant

19   to say, oh, by the way, I have not been served.  It's not the

20   defendant's obligation to search through plaintiff fact

21   sheets to determine if they are indeed a defendant.  And so I

22   am -- this is an obligation of the plaintiff and the

23   plaintiff only, and I will give you until August 31st to

24   verify proper service.

25        MR. LAMBERT:  Thank you, Judge.  And if anybody has

1   any questions as to the pertinent streamlined service orders,

2   please get in touch with me or Dawn and we can help you.

3         Section 9, Product Identification Order, not much of

4   this section has changed although the first CMO 12A hearing

5   occurred in April, and then there was another one recently

6   last week.  And there were some dismissals of cases where

7   plaintiffs failed to produce product identification.  The

8   next CMO 12A hearing is set for September 13, 2022.

9         Section 10 regarding Preservation Order and No. 11,

10  Protective Order, those sections are unchanged as is

11  Section 12 on ESI.

12        Section 13, Discovery of Defendants and Trial Case

13  Discovery, this is what I mentioned earlier.  The first

14  bellwether trial, *Barbara Earnest*, was reversed by the Fifth

15  Circuit.  The Court entertained summary judgment briefing

16  post-remand from the Fifth Circuit, and there were settlement

17  discussions that proceeded before Magistrate Judge North

18  which turned out to be successful and that case has been

19  dismissed based on the parties' compromise.

20        Section B of this section is related to the second

21  bellwether trial of *Kahn* and the only update to that section

22  is that the plaintiff's motion for relief from judgment

23  pursuant to Rule 60(b) has now been set for hearing.  Oral

24  argument will proceed on August the 26th.  The Fifth Circuit

25  has extended Ms. Kahn's deadline to file her opening brief

1   until 14 days after the court's determination on that motion.

2         Subsection C, D, and E related to the bellwether

3   trials, 3, 4, and 5, are unchanged from the prior report.

4         Section 14 regarding Motion Practice also is largely

5   unchanged.  There were choice of law briefing submitted

6   related to the *Mixon* Michigan issues as well as the

7   Mississippi statute of limitation issues related to the *Greer*

8   matter and the court has indicated this morning to us that

9   those choice of law matters will be deferred to the

10   transferor courts.

11         THE COURT:  That's correct.  Maybe we should include

12   at this point -- but on some of those cases, there's a

13   question as to venue, and I'm going to defer that until a

14   later date because we are going to have to address those

15   matters as to where the courts -- those cases will be

16   transferred, the venue to which those cases will be

17   transferred.

18         MR. LAMBERT:  Thank you, Judge, for that

19   clarification.  Appreciate that.

20         And, lastly, there are preemption motions pending

21   filed by Sandoz, Accord, and Hospira, and those motions are

22   fully briefed, orally argued, and under advisement by the

23   Court.

24         There are also -- I shouldn't have said finally.

25   There are also a few motions to dismiss based on untimely

1  service of process and based on our prior discussion about

2  the August 31st deadline.  Those will be addressed, hopefully

3  cured, by that deadline.

4        Section 15 regarding Remands, this section was

5  discussed in quite some detail today in lead liaison meeting.

6  Just a brief summary, there remain 114 cases proceeding with

7  Wave 1 discovery pursuant to Case Management Order No. 33,

8  and the deadline to complete the limited discovery that's set

9  forth in CMO 33 is January 3rd of next year by the parties'

10  agreement.

11        Section 16 regarding Special Master For Plaintiffs'

12  Time and Expenses is unchanged.  And the next status

13  conferences will be set on September 14th.  That will be lead

14  liaison and general status conferences.

15        Unless Your Honor or anybody has questions, that's

16  the conclusion of the report.

17        THE COURT:  Anything, Mr. Moore?

18        MR. MOORE:  Good morning, Doug Moore on behalf of

19  Sanofi.  We have nothing to add to the report by Mr. Palmer.

20        THE COURT:  Thank you.

21        Anything further?  Mr. Olinde?

22        MR. OLINDE:  Your Honor, for the 505(b)(2), of

23  course, we join in thanking you for doing a wonderful job and

24  we are sorry to have you go.

25        THE COURT:  I am too.

1          Thank you.

2          Anything further?   Court's adjourned.

3                              *  *  *  *

4          (WHEREUPON, the proceedings were adjourned.)

5                              *  *  *  *

6                    REPORTER'S CERTIFICATE

7          I, Nichelle N. Wheeler, RMR, CRR, Official Court
Reporter, United States District Court, Eastern District of
8  Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and
9  understanding, from the record of the proceedings in the
above-entitled and numbered matter.

10

11                         ___/s/ Nichelle N. Wheeler___
                           Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25