# EXHIBIT A

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Keaton, Debra | 2:21-cv-00062 | Gardi, Haught, Fischer, & Bhosale Ltd. | Yes | Clerical Error (Inadvertent failure to send email or sent to incorrect address) | Never attempted to confer after motion filed. | At the 07/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Because Sanofi waived many important protections of formal service in the streamlined order, it is crucial that service strictly adhere to its requirements. PTO 9 requires a service via unique email address, without the use of which we are largely unable to otherwise track lawsuits against our client. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Their records indicate email service was sent on 3/4/2021, but they no longer have access to responsible attorneys' email accounts to verify. They believe they inadvertently failed to "forward" the email or incorrectly sent it to "taxoterecopmlaints@shb.com" (typo in address). | 1/12/2021 | 9/28/2022 |
| 2 | Espe, Sandra | 2:17-cv-15657 | Andrews & Thornton | Yes | Clerical Error (Legal assistant, who is no longer with the firm, mistakenly failed to serve Sanofi via the designated service addresses.) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Because Sanofi waived many important protections of formal service in the streamlined order, it is crucial that service strictly adhere to its requirements. PTO 9 requires a service via unique email address, without the use of which Sanofi is largely unable to otherwise track lawsuits. Further, failure to accomplish service in the specified method renders service ineffective. | Despite CMO 35, Plaintiff was unaware of noncompliance because a legal assistant that is no longer with the Plaintiff's firm forgot to serve Sanofi and Sanofi did not confer with Plaintiff about Plaintiff's insufficient service of process. Additionally, it would have been difficult for Plaintiff's firm to catch this error because Plaintiff's firm saved copies of this case's summonses in a manner consistent with other cases where Plaintiff's firm timely served defendants. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | Original Complaint (not naming Sanofi): 12/07/2017  Am. SFC (naming Sanofi): 07/16/18 | 9/28/2022 |
| 3 | Stone, Karen | 2:18-cv-12559 | Atkins & Markoff | No. Plaintiff argues that she technically served Defendant on 1/18/19 because Plaintiff counsel entered the wrong Plaintiff's name in the subject line. | Clerical Error (Wrong plaintiff's name) | Yes | Because Sanofi waived many important protections of formal service in the streamlined order, it is crucial that service strictly adhere to its requirements. PTO 9 requires a service via unique email address, without the use of which Sanofi is largely unable to otherwise track lawsuits. Further, failure to accomplish service in the specified method renders service ineffective. | Service on 1/18/19 included the wrong Plaintiff's name in the subject line of the email, but the correct Plaintiff's name in the attached documents. | 12/6/2018 | 10/11/2022 |
| 4 | Smith, Flora | 2:19-cv-12845 | Carey Danis & Lowe | No. Plaintiff argues she technically served Sanofi with a scrivener's error because she put the wrong Plaintiff's name in the subject line on 12/04/2019. | Clerical Error (Wrong plaintiff's name) | Yes | Because Sanofi waived many important protections of formal service in the streamlined order, it is crucial that service strictly adhere to its requirements. PTO 9 requires a service via unique email address with the Plaintiff's name in the subject of the email, because we are largely unable to otherwise track lawsuits against our client. | Wrong plaintiff name in the subject line of the service email | 9/27/2019 | 10/11/2022 |
| 5 | McClendon, Mary | 2:17-cv-08617 | Bachus and Schanker LLC | N/A | Duplicate/Agree to Dismiss | Yes | Agrees this case should be dismissed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | Plaintiffs are requesting this case be dismissed without prejudice. It is the same as an earlier filed case under the name Mary McLendon (17-07115). It is the same person. | 9/1/2017 | Never attempted to perfect service even after motion filed. |
| 6 | Cornelius, Altheria | 2:17-cv-16910 | Andrews & Thornton | Yes | Oversight | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Plaintiff's counsel believed Sanofi was timely and properly served in 2018 largely due to Sanofi's filing of its case-specific Defendant Fact Sheet. | Original Complaint: 12/11/2017  Am. SFC (adding Sanofi): 11/30/2018 | 9/29/2022 |
| 7 | Yarnall, Natalie | 2:17-cv-11740 | Schmidt National Law Group | Yes | Oversight | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Plaintiff's counsel unable to access email accounts of individuals who would have been responsible for serving. CM/ECF docket never gave notice that Sanofi needed to be served. | 11/2/2017 | 10/10/2022 |
| 8 | Lange, Helen | 2:18-cv-00103 | Verhine & Verhine PLLC; Pearson, Randall & Schumacher PA | Yes | Oversight | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. | Plaintiff's complaint should not be dismissed because Lange has since served the Defendant; the Defendant suffered no prejudice by the delay; the error arose from excusable, inadvertent oversight; Lange timely submitted all discovery documents; and Lange would suffer undue hardship if dismissed because the statute of limitations expired. | 1/3/2018 | 10/11/2022 |
| 9 | Osterberg, Mary | 2:18-cv-08934 | Verhine & Verhine PLLC; Pearson, Randall & Schumacher PA | Yes | Oversight | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Plaintiff's should not be dismissed because Osterberg has since served the Defendant; the Defendant suffered no prejudice; the error arose from excusable, inadvertent oversight; Osterberg timely submitted all discovery documents; and Osterberg would suffer undue hardship if dismissed because the statute of limitations expired. | 9/26/2018 | 10/11/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 10 | Milson, Brenda | 2:19-cv-11390 | Law Offices of Seaton & Bates, PLLC | Yes | Oversight (Change in attorney) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Previous attorney that is no longer with Plaintiff's firm was handling Taxotere cases at the time. Current Plaintiff's counsel was unaware of noncompliance and Defendant did not raise the issue with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | 6/27/2019 | Never attempted to perfect service even after motion filed. |
| 11 | Bonner, Capria | 2:19-cv-11381 | Law Offices of Seaton & Bates, PLLC | Yes | Oversight (Change in attorney) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Previous attorney that is no longer with Plaintiff's firm was handling Taxotere cases at the time. Current Plaintiff's counsel was unaware of noncompliance and Defendant did not raise the issue with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | Original Complaint: 06/27/2019<br><br>Am. SFC: 02/25/21 | Never attempted to perfect service even after motion filed. |
| 12 | Sarfo, Lanice | 2:19-cv-11470 | Law Offices of Seaton & Bates, PLLC | Yes | Oversight (Change in attorney) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Previous attorney that is no longer with Plaintiff's firm was handling Taxotere cases at the time. Current Plaintiff's counsel was unaware of noncompliance and Defendant did not raise the issue with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | 07/02/2019 | Never attempted to perfect service even after motion filed. |
| 13 | Scales, Marion | 2:19-cv-11460 | Law Offices of Seaton & Bates, PLLC | Yes | Oversight (Change in attorney) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Previous attorney that is no longer with Plaintiff's firm was handling Taxotere cases at the time. Current Plaintiff's counsel was unaware of noncompliance and Defendant did not raise the issue with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | Original Complaint: 07/02/2019<br><br>Am. SFC: 2/25/2021. | Never attempted to perfect service even after motion filed. |
| 14 | Risotti, Theresa | 2:20-cv-02963 | Ray Hodge & Associates | Yes | Oversight (Change in attorney) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Current counsel mistakenly believed prior counsel at the firm had served Sanofi. | 11/2/2020 | Never attempted to perfect service even after motion filed. |
| 15 | Davis, Beverly | 2:17-cv-15831 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 16 | Twarkins, Doreen | 2:17-cv-16168 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 17 | Riolo, Joyce | 2:17-cv-16435 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/9/2017 | 10/14/2022 |
| 18 | Bailey, Mary | 2:17-cv-15706 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 19 | Davis, Pamela | 2:17-cv-15837 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 20 | White, Patricia | 2:17-cv-16170 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 21 | Smith, Patti | 2:17-cv-16030 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 22 | Beifeld, Sydney | 2:17-cv-15723 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 23 | Berry, Velma | 2:17-cv-15728 | Allen & Nolte, PLLC | No. Plaintiff argues that current Plaintiff's counsel, Allen & Nolte, PLLC, is unable to access the emails of the previous firm to confirm or refute if service was timely. | Oversight (Change in firm) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Original firm representing nine Plaintiffs dissolved after the principal of the original firm passed away. The current firm, Allen & Nolte, PLLC, alleges that they had no reason to suspect the Defendants had not been served before the motion to dismiss. Further, the current firm alleges they cannot confirm or refute Defendant's contention of untimely service because they do not have access to the original firm's email and it was the original firm's responsibility to serve the Defendants. | 12/8/2017 | 10/14/2022 |
| 24 | Dvorak, Christine | 2:19-cv-13100 | Grant & Eisenhofer PA | Yes | Oversight (Technical administrative error) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel thought complaint had been properly served due to a "technical administrative error." | 10/11/2019 | 10/3/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 25 | Harrison, Donna | 2:19-cv-10847 | Grant & Eisenhofer PA | Yes | Oversight (Technical administrative error) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel thought complaint had been properly served due to a "technical administrative error." | 5/31/2019 | 10/3/2022 |
| 26 | Nolin, Rena | 2:19-cv-13106 | Grant & Eisenhofer PA | Yes | Oversight (Technical administrative error) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel thought complaint had been properly served due to a "technical administrative error." | 10/11/2019 | 10/3/2022 |
| 27 | Losada, Caridad | 2:18-cv-04624 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9. Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 5/4/2018 | 9/29/2022 |
| 28 | Vickers, Cynthia | 2:19-cv-12459 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9. Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 9/5/2019 | 9/29/2022 |
| 29 | Blake, Hope | 2:18-cv-11902 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9. Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 11/29/2018 | 9/29/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 30 | Johnson, Janice | 2:19-cv-12235 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Haven't yet confirmed PID, but Sanofi had notice of case via the CMO 12A process, through filing a PFS, and by serving photos/authorizations/medical records. | 8/20/2019 | 9/30/2022 |
| 31 | Keller, Lisa | 2:17-cv-11903 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Plaintiff originally filed suit against Hospira only. Eventually moved to reflect only Sanofi after confirming PID. She previously conferred with Sanofi, so they know of her case. | Original Complaint: 11/6/2017<br><br>Am. SFC: 8/1/20 (naming Sanofi) | 10/7/2022 |
| 32 | Medici, Lisa | 2:16-cv-15569 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9. Sanofi's previous MTD specifically alerted Plaintiff that this complaint was not properly served.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 7/29/2016 | 9/29/2022 |
| 33 | Turner, Martha | 2:18-cv-04629 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 5/4/2018 | 9/29/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 34 | Cain, Rebeca | 2:17-cv-08649 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Served only Actavis initially but didn't serve Sanofi until recently.<br><br>Defendants engaged in discovery with Plaintiff (deficiency letter sent) so Sanofi had notice of her case. | Original Complaint: 09/04/2017 (did not name Sanofi in initial complaint);<br><br>Am. SFC: 04/14/2021 (naming Sanofi) | 9/29/2022 |
| 35 | Clamon, Rhonda | 2:19-cv-03422 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Haven't yet confirmed PID, but Sanofi had notice of case via the CMO 12A process, through filing a PFS, and by serving photos/authorizations/medical records. | 3/26/2019 | 9/30/2022 |
| 36 | Oliver, Shirley | 2:19-cv-13233 | Bachus and Schanker LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 10/23/2019 | 9/29/2022 |
| 37 | Meyers, Monica | 2:16-cv-15323 | Bachus and Schanker LLC; Richardson, Patrick, Westbrook & Brickman LLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Additionally, Plaintiff's counsel previously represented to Sanofi that they would "timely affect service pursuant to [PTO No. 9] in all future cases," after Sanofi filed a similar MTD in 2018 for failure to comply with PTO No. 9. Sanofi's previous MTD specifically alerted Plaintiff that this complaint was not properly served.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | No excuse except the claim that cases should not be dismissed because "there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law." *3. Also claims Sanofi did not confer with Plaintiffs re: service deficiencies. Says Plaintiffs have done their part in the discovery process so Sanofi knows of their claims, and that Plaintiffs shouldn't be punished for their attorney's mistakes. | 7/12/2016 | 9/29/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 38 | Odom, Carolyn | 2:20-cv-00680 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 2/27/2020 | 10/7/2022 |
| 39 | Kirk, Catherine | 2:20-cv-02882 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 10/22/2020 | 10/7/2022 |
| 40 | Thomas, Debra | 2:20-cv-01467 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 5/18/2020 | 10/7/2022 |
| 41 | Frand, Emma | 2:20-cv-00635 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. | Counsel was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 2/21/2020 | 10/7/2022 |
| 42 | Smith, Evelyn | 2:20-cv-00744 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff's response is unclear as to which Plaintiff the opposition pertains to. The document references "Plaintiff Debra Thomas" and is filed under the docket number, but the docket text references the docket number for Evelyn Smith. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. Also, | 3/3/2020 | 10/7/2022 |
| 43 | Johnson, June | 2:20-cv-00549 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 2/14/2020 | 10/7/2022 |
| 44 | Kratzer, Nancy | 2:20-cv-00595 | Fears Nachawati, PLLC | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Counsel can't confirm timely service and was unable to access the email archives of those who would have been responsible for effectuating service at the time summons were issued. | 2/18/2020 | 10/7/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 45 | Hernandez, Maria | 2:19-cv-14376 | Morgan and Morgan | Yes | Oversight (By counsel) | Never attempted to confer after motion filed. | While Sanofi appreciates the hardship and devastation that Hurrican Ian caused to many people, it fails to understand how this is relevant to why Plaintiff did not serve her complaint before 8/31/22.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do.  Inadvertence of counsel or mistake does not constitute good cause for failing to serve.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Plaintiffs counsel's office was closed from 9/28/22 to 10/10/22 due to impacts from Hurricane Ian and did not have time to serve Sanofi until 10/11/22. | 12/10/2019 | 10/11/2022 |
| 46 | Jones, Goldie | 2:18-cv-04623 | Bachus and Schanker LLC | Yes | PID/Agrees to Dismiss | Never attempted to confer after motion filed. | Agrees should be dismissed.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed.  Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Plaintiff identified Hospira as the only relevant Defendant manufacturer after she had filed complaint against Sanofi only. Plaintiff is amending her complaint to include only Hospira, which will dismiss Sanofi and requests additional time to amend and confer with Sanofi and Hospira. | 5/4/2018 | Never attempted to perfect service even after motion filed. |
| 47 | DeCamara, Cynthia | 2:18-cv-14141 | Terry & Thweatt | Yes | Unaware | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do.  Inadvertence of counsel or mistake does not constitute good cause for failing to serve.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint.  The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. | Despite CMO 35, Plaintiff was unaware of noncompliance because Plaintiff and Defendant participated in litigation and Defendant did not confer with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed a motion to dismiss, Plaintiff learned Plaintiff was not compliant. | 12/21/2018 | 9/29/2022 |
| 48 | Pahios, Penelope | 2:19-cv-00406 | Terry & Thweatt | Yes | Unaware | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do.  Inadvertence of counsel or mistake does not constitute good cause for failing to serve.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint.  The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed.  Plaintiff has still not attempted to perfect service of her complaint.<br><br>Additionally, there is some confusion as to whether these representations are accurate for this specific Plaintiff.  The first sentence names "Patricia Gardner" but the case caption is for Penelope Pahios. | Despite CMO 35, Plaintiff was unaware of noncompliance because Plaintiff and Defendant participated in litigation and Defendant did not confer with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed a motion to dismiss, Plaintiff learned  Plaintiff was not compliant. | 1/18/2019 | Never attempted to perfect service even after motion filed. |
| 49 | McCall, Sharon | 2:18-cv-14016 | Terry & Thweatt | Yes | Unaware | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do.  Inadvertence of counsel or mistake does not constitute good cause for failing to serve.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint.  The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. | Despite CMO 35, Plaintiff was unaware of noncompliance because Plaintiff and Defendant participated in litigation and Defendant did not confer with Plaintiff about Plaintiff's insufficient service of process. Once Defendant filed a motion to dismiss, Plaintiff learned Plaintiff was not compliant. | 12/19/2018 | 9/29/2022 |
| 50 | Jackson, Mignon | 2:18-cv-13278 | The Maher Law Firm | Yes | Unaware | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service.<br><br>Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed.  In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do.  Inadvertence of counsel or mistake does not constitute good cause for failing to serve.<br><br>Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint.  The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. | Despite CMO 35, Plaintiff was unaware of noncompliance because Plaintiff and Defendant participated in litigation. Once Defendant filed the motion to dismiss, Plaintiff learned Plaintiff was not compliant. | 12/10/2018 | 10/4/2022 |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 51 | Rooney, Donna | 2:20-cv-02664 | Finson Law Firm | No. | None | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Participating in litigation does not constitute waiver. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Claims service in the Civil Docket in this case is sufficient for service in the MDL and, in the alternative, service was otherwise factually and legally waived by Sanofi's substantial involvement in the case. | 5/5/2020 | Never attempted to perfect service even after motion filed. |
| 52 | Sutherland, Rita | 2:18-cv-07003 | Napoli Shkolnik PLLC | No | None | Yes | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff cannot use other filings/discovery as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Sanofi's compliance with this Court's orders does not constitute waiving its rights and defenses to service of process. | Sutherland's complaint should not be dismissed because Sanofi was served on October 11, 2022 and Sanofi has "long been aware" of Sutherland's claims. Sanofi participated in discovery and Sanofi did not raise the issue of service earlier in the litigation. Overall, "it is unjust and fundamentally unfair to hold the Plaintiff to all the technical requirements of Rule 4 when Sanofi themselves have declined to move on the issue, especially when dismissal would result in the Plaintiff claims, if re-filed, falling outside applicable statutes of limitations." Also, "[i]t would be an absurd result for the Plaintiff to suffer dismissal, for mere technical violations, after years of pursuing their claims, where Sanofi been on notice of Plaintiff claims, have collected discovery pertaining to those claims, and have never moved to dismiss for lack of timely service." Due to Sanofi defending Sutherland's claims, Sanofi has "thus, forfeited their service of process defenses." Sutherland deserves additional time for service because Sanofi would not be prejudiced and Sanofi actively participated in the MDL. Overall, it would be an unwarranted, harsh result to dismiss Sutherland's claims under the circumstances. | 7/26/2018 | 10/11/2022 |
| 53 | Past, Anne | 2:18-cv-09346 | Niemeyer, Grebel & Kruse LLC | No. | None | Never attempted to confer after motion filed. | Plaintiff attached a complaint for a different Plaintiff in her service email rendering service ineffective. At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Plaintiff has still not attempted to perfect service of her complaint. PTO No. 9 waives important protections of formal service and so it is crucial that service strictly adheres to its requirements. PTO 9 requires a unique plaintiff name and originating court name in the subject line. We are largely unable to track these items otherwise. Exhibit 1 of plaintiff's response demonstrates the subject line did not contain the plaintiff's name or the originating court's name. PTO 9 spells out that this failure to accomplish service in the outlined method renders service ineffective. | Plaintiff argues she served her complaint on 10/26/2018. | 10/8/2018 | Never attempted to perfect service even after motion filed. |
| 54 | Swicegood, Janice | 2:18-cv-09079 | Niemeyer, Grebel & Kruse LLC | Yes | None | Never attempted to confer after motion filed. | At the 7/22/22 hearing, the Court specifically instructed Plaintiffs that it was their obligation to make sure their complaints were served and they should not expect notice from Defendants of deficient service. Federal Rule of Civil Procedure 4 requires Plaintiff serve her complaint 90 days after it was filed. In CMO No. 35, the Court gave Plaintiff a final opportunity to confirm she was in compliance, which she failed to do. Inadvertence of counsel or mistake does not constitute good cause for failing to serve. Plaintiff cannot use other communications or filings as an excuse for not serving her complaint. The two issues are not related and Plaintiff must comply with the Court orders and Federal Rules. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. | Oversight in serving a complaint on a Defendant might be more understandable in an MDL setting and this is the first time Swicegood is seeking additional time. Sanofi communicated about Swicegood's documentation late 2019 to early 2020. The delay in service is attributable to inadvertent oversight by Swicegood's counsel, not to Swicegood; second, Sanofi is not prejudiced by the delay in service; and third, the delay was unintentional and an extension of time would not unnecessarily delay or disrupt this case. Additionally, dismissal is not warranted because the Plaintiff will not be able to refile her claims due to the statute of limitations. Finally, the Court should extend the time for Swicegood to serve Sanofi because the delay was caused by "excusable neglect and a good faith belief that service on Sanofi, Inc. had been properly and timely effectuated." | 10/1/2018 | Never attempted to perfect service even after motion filed. |
| 55 | Colley, Kalay | 2:17-cv-17032 | Niemeyer, Grebel & Kruse LLC | Dismisses according to CMO 12A. | None | Never attempted to confer after motion filed. | Agrees to dismissal. Additionally, claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | Plaintiff seeks this partial dismissal pursuant to paragraph 9 of Case Management Order No. 12, each party to bear its own costs. | 12/11/2017 | Never attempted to perfect service even after motion filed. |
| 56 | Worley, Elaine | 2:17-cv-16171 | Allen & Nolte, PLLC | Has not opposed dismissal | N/A | Yes | Claims should be dismissed for failure to provide good cause for failing to effectuate service on Sanofi. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 57 | Chapman, Evelyn | 2:17-cv-15799 | Allen & Nolte, PLLC | Has not opposed dismissal | N/A | Yes | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |
| 58 | Trapp-Webb, Rita | 2:17-cv-16167 | Allen & Nolte, PLLC | Has not opposed dismissal | N/A | Yes | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |
| 59 | Stephanie, Brown, | 2:19-cv-14408 | Atkins & Markoff | Has not opposed dismissal | Pursuant to CMO 12A, Plaintiff dismisses with prejudice all previously named defendants in this | Yes | Agrees to dismissal. Additionally, Plaintiff's claims should be dismissed for failure to provide good cause for not serving Sanofi. Notably, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/10/2019 | Never attempted to perfect service even after motion filed. |
| 60 | Bobbie, Mitchell, | 2:19-cv-10792 | Brown and Crouppen | Has not opposed dismissal | Pursuant to CMO 12A, Plaintiff dismisses with prejudice all previously named defendants in this | Never attempted to confer after motion filed. | Agrees to dismissal. Additionally, claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 5/29/2019 | Never attempted to perfect service even after motion filed. |
| 61 | Pollard, Joanna | 2:18-cv-05637 | Fears Nachawati, PLLC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Plaintiff has not opposed dismissal. | N/A | 2/14/2018 | 10/7/2022 |
| 62 | Lepore, Patricia | 2:21-cv-00700 | Fears Nachawati, PLLC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. As of October 13, 2022, it appears Sanofi has been dismissed from the case. Sanofi agrees it should be dismissed. Plaintiff has not opposed dismissal. | N/A | 4/5/2021 | Never attempted to perfect service even after motion filed. |
| 63 | Ventura, Melissa | 2:17-cv-16022 | Goldberg & Osborne | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed because this post dates PTO 54 Notice of Voluntary Dismissal Without Prejudice 5/14/2018 MDL Docket 2582. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |
| 64 | Woodyard, Kristen | 2:17-cv-14175 | Goldberg & Osborne | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed because this post dates PTO 54 Notice of Voluntary Dismissal Without Prejudice 5/14/2018 MDL Docket 2581. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/3/2017 | Never attempted to perfect service even after motion filed. |
| 65 | Globe, Ruby | 2:16-cv-17971 | Hughes and Coleman | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Plaintiff has not opposed dismissal. | N/A | 12/9/2016 | 9/29/2022 |
| 66 | Green, Sandra | 2:18-cv-06608 | Kirkendall Dwyer, LLP | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Plaintiff has not opposed dismissal. | N/A | 7/10/2018 | 9/28/2022 |
| 67 | Strebeck, Barbara | 2:18-cv-00792 | McDonald Worley, PC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 1/25/2018 | Never attempted to perfect service even after motion filed. |
| 68 | Abbott, Elizabeth | 2:19-cv-00694 | McDonald Worley, PC | Has not opposed dismissal | N/A | Yes | Plaintiff's claims should be dismissed for failure to provide good cause for failing to effectuate service on Sanofi. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 1/30/2019 | Never attempted to perfect service even after motion filed. |
| 69 | Carballo, Janet | 2:19-cv-00128 | McDonald Worley, PC | Has not opposed dismissal | N/A | Yes | Should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff has not opposed dismissal. | N/A | 1/8/2019 | 10/11/2022 |
| 70 | Cosner, Linda | 2:19-cv-00125 | McDonald Worley, PC | Has not opposed dismissal | N/A | Yes | Should be dismissed for failure to provide good cause for failing to serve Sanofi. Plaintiff has not opposed dismissal. | N/A | 1/8/2019 | 10/11/2022 |
| 71 | Roop, Merry | 2:18-cv-00793 | McDonald Worley, PC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 1/25/2018 | Never attempted to perfect service even after motion filed. |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 72 | Pope, Ulle | 2:18-cv-00794 | McDonald Worley, PC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 1/25/2018 | Never attempted to perfect service even after motion filed. |
| 73 | Pointiff, Celeste | 2:17-cv-06457 | Morris Bart, LLC | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 7/3/2017 | Never attempted to perfect service even after motion filed. |
| 74 | Christine, Davis, | 2:18-cv-06853 | Napoli Shkolnik PLLC | Has not opposed dismissal | N/A | Yes | Per Plaintiff's counsel, Plaintiff filed a Notice of Partial Dismissal for Sanofi on 9/27/2022. Sanofi agrees to the dismissal. Addditionally, claims should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 7/19/2018 | Never attempted to perfect service even after motion filed. |
| 75 | Pendergrass, Pearlie | 2:19-cv-09231 | Napoli Shkolnik PLLC | Has not opposed dismissal | N/A | Yes | Per Plaintiff's counsel, a stipulation of dismissal was agreed to, and filed on 4/23/2019. Sanofi agrees to dismissal of all claims against it. Additionally, claims should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 4/10/2019 | Never attempted to perfect service even after motion filed. |
| 76 | Ellen, Lipps, | 2:18-cv-03864 | Reich and Binstock, LLP | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 4/12/2018 | Never attempted to perfect service even after motion filed. |
| 77 | Thomas, Anise | 2:17-cv-14481 | Schmidt National Law Group | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/4/2017 | Never attempted to perfect service even after motion filed. |
| 78 | Contawe, Christine | 2:17-cv-11630 | Schmidt National Law Group | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 10/31/2017 | Never attempted to perfect service even after motion filed. |
| 79 | Thomason, Cindy | 2:17-cv-10773 | Schmidt National Law Group | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 10/19/2017 | Never attempted to perfect service even after motion filed. |
| 80 | Leathers, Patricia | 2:17-cv-16497 | Shaw Cowart LLP | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/10/2017 | Never attempted to perfect service even after motion filed. |
| 81 | Martin, Annette | 2:20-cv-03172 | The Carlson Law Firm | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 11/20/2020 | Never attempted to perfect service even after motion filed. |
| 82 | Spiler, Evangeline | 2:17-cv-16165 | The Mulligan Law Firm | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi. Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |

| # | Case Name | MDL Docket No. | Counsel | Concedes They Did Not Timely Serve Sanofi | Excuse Given | Conferral | Sanofi Argument Summary | Plaintiff Argument Summary | Complaint Filed Date | Date of Attempted Served |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | Redin, Karen | 2:17-cv-15992 | The Mulligan Law Firm | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |
| 84 | Simmons, Linda | 2:17-cv-16747 | The Mulligan Law Firm | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/11/2017 | Never attempted to perfect service even after motion filed. |
| 85 | Steer, Rosalinda | 2:17-cv-16166 | The Mulligan Law Firm | Has not opposed dismissal | N/A | Never attempted to confer after motion filed. | Claims against Sanofi should be dismissed for failure to provide good cause for not serving Sanofi.<br><br>Plaintiff's counsel never attempted to confer after Sanofi's MTD was filed. Additionally, Plaintiff has still not attempted to perfect service of her complaint. Plaintiff has not opposed dismissal. | N/A | 12/8/2017 | Never attempted to perfect service even after motion filed. |