UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740 |
| THIS DOCUMENT RELATES TO: ALL CASES IN ATTACHED REPLY EXHIBITS 1 & 2 | SECTION "H" (5) |

**OMNIBUS REPLY IN SUPPORT OF HOSPIRA'S AND PFIZER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

When the Court issued Case Management Order No. 35 ("CMO 35"), it stated: "it [was] ***Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022***, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." Rec. Doc. 14456 at 1 (emphasis added). Despite this clear requirement, most of the plaintiffs on Exhibit A to Hospira's and Pfizer's Motion to Dismiss, Rec. Doc. 14770-2, did not comply.[1] For the following reasons, those cases should be dismissed with prejudice.

Of the remaining cases, a small number were either previously dismissed with prejudice or Hospira and Pfizer agree to withdraw their motion to dismiss. Thus, Hospira and Pfizer's Motion as to those plaintiffs is moot and the Court need take no further action.[2]

---

[1] As noted on Exhibit 1, Hospira and Pfizer are still conferring with the plaintiffs' counsel for a small number of plaintiffs. The parties filed a consent motion to extend the time to October 25 for those plaintiffs to respond to Hospira's and Pfizer's motion to the extent the parties are not able to reach resolution. *See* Rec Doc. 14953

[2] The response of each plaintiff to Hospira's and Pfizer's motion are identified in Exhibit 1.

1

### A. Plaintiffs Who Failed to Comply with CMO 35 Should be Dismissed.

There are three types of cases that should be dismissed against Hospira and Pfizer for failure to effect service and comply with CMO 35: (1) Plaintiffs who in response to Hospira and Pfizer's motion consent to dismissal with prejudice; (2) Plaintiffs who filed no response to Hospira's and Pfizer's Motion; and (3) Plaintiffs who admit they did not comply with CMO 35 yet request their cases nevertheless be permitted to proceed. The plaintiffs that fall within each one of these categories are identified in Exhibit 2.

#### 1. Plaintiffs who consent to dismissal of their claims against Hospira and Pfizer

11 plaintiffs consent to dismissal of their claims with prejudice against Hospira and Pfizer. Thus, those actions should be dismissed. *See* Exhibit 1.

#### 2. Plaintiffs who did not respond to Hospira's and Pfizer's motion

27 plaintiffs did not respond to Hospira's and Pfizer's motion (nor to CMO 35). *Id.* By virtue of their silence, these plaintiffs can be deemed also to have consented or not objected to Defendants' motion. Their claims thus should be dismissed.

#### 3. Plaintiffs who did not comply with CMO 35 but oppose dismissal

76 plaintiffs oppose Hospira's and Pfizer's motion. These Oppositions uniformly recite the same narrative. Namely, they timely received CMO 35, but nevertheless failed to check whether service of their complaints had been effectuated on Hospira and/or Pfizer. These plaintiffs purportedly believed they already had perfected service and claim they were unaware they had not until Hospira and Pfizer's Motion alerted them otherwise. Some even go further and say that because Hospira and Pfizer did not inform them of their insufficient service, the failure to serve their complaints timely was excusable neglect. Others claim their failure to

2

comply with CMO 35 and Rule 4(m) is merely a technical matter and inconsequential because these plaintiffs had uploaded documents, records, and/or photos to MDL Centrality.

All of these excuses – raised in the Oppositions of plaintiffs identified in Exhibit 2 – should be rejected because they squarely run afoul of the Court's clear directive:

> And I want plaintiffs' counsel to understand that it is the obligation of the plaintiff to properly serve and you should not anticipate some notice coming from a defendant to say, oh, by the way, I have not been served. It's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant. And so I am – *this is an obligation of the plaintiff and the plaintiff only, and I will give you until August 31st to verify proper service*.

Ex. July 22, 2022 Status Conf. Tr. at 7 (emphasis added), appended hereto as Exhibit 3.

CMO 35 already provided these plaintiffs with a very generous extension of time – over 5 weeks – to check their files and confirm or effectuate proper service. The Oppositions concede that during that entire time, Plaintiffs did not even bother to review their files. There is no good cause shown to grant these plaintiffs a second extension of time. Their cases should be dismissed.

**B.      Hospira's and Pfizer's Motion is Moot as to Some Plaintiffs.**

There are two types of cases for which Hospira's and Pfizer's motion is now moot: (1) Plaintiffs who already have dismissed with prejudice their claims against Hospira and/or Pfizer, and (2) Plaintiffs for whom Hospira and Pfizer agree to withdraw their motion to dismiss. Exhibit 1 identifies those plaintiffs.

**CONCLUSION**

For the foregoing reasons and the reasons identified in their memorandum in support of their Motion to Dismiss, Hospira and Pfizer respectfully request that the Court grant their motion and dismiss with prejudice all claims of the plaintiffs identified on Exhibit 2.

Dated: October 18, 2022                                       Respectfully submitted,

                                            Heidi K. Hubbard
                                            Richmond T. Moore
                                            Neelum J. Wadhwani
                                            **WILLIAMS & CONNOLLY LLP**
                                            725 Twelfth Street, N.W.
                                            Washington, D.C. 20005-5901
                                            Telephone: 202-434-5000
                                            hhubbard@wc.com

                                            */s/ John F. Olinde*
                                            John F. Olinde (Bar No.1515)
                                            Peter J. Rotolo (Bar No. 21848)
                                            **CHAFFE MCCALL LLP**
                                            1100 Poydras Street
                                            New Orleans, LA 70163
                                            Telephone: 504-858-7000
                                            olinde@chaffe.com

                                            *Counsel for Defendants Hospira, Inc.,*
                                            *Hospira Worldwide, LLC, and Pfizer Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

                                                            */s/ John F. Olinde*