# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 |
| | | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Betty Hurley v. Sanofi S.A., et al.,* Case No. 2:16-cv-17970 | : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFF BETTY HURLEY'S COMPLAINT FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Defendant Accord Healthcare, Inc. moves to dismiss the case of Plaintiff Betty Hurley, who attempted to serve Accord on September 30, 2022 following her inclusion on Sandoz's Motion to Dismiss for Failure to Comply with Case Management Order No. 35. (*See* Rec. Docs. 14763). Accord incorporates the arguments set forth in Sandoz's motion as if fully set forth herein.

As an initial matter, Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time" except upon good cause shown. Fed. R. Civ. P. 4(m). Plaintiff, who filed suit in 2016, clearly failed to comply with Rule 4.

In addition, in response to Accord's motion practice in January 2022 based on failure to effect timely or proper service of process without good cause (*see* Rec. Docs. 13704, 13782, 13781, and 13802), the Court reminded all Plaintiffs in the MDL at the July 22, 2022 General Status

5713422

Conference that effecting service "is an obligation of the plaintiff and the plaintiff only," and that the Court would give Plaintiffs until August 31, 2022 to verify proper service. Ex. A, Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-md-2740 (E.D. La. July 22, 2022). The Court subsequently entered Case Management Order No. 35—applicable to all cases in the MDL—ordering that "all Plaintiffs have until **August 31, 2022**, to effect service of process on all Defendants named in Plaintiffs' Short Form Complaints." (Rec. Doc. 14456 at 1 (emphasis in original)). After that date, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (*See id.*).

The Fifth Circuit and this Court have made clear that even if a plaintiff's claims would be time-barred upon dismissal for lack of service or late service, dismissal is warranted if there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *See* Order and Reasons, *Walker v. Accord Healthcare, Inc.*, ("*Walker* Order") Rec. Doc. 14452 at 4-5 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)); Order and Reasons, *Semeniuk, et al. v. Accord Healthcare, Inc.*, ("*Semeniuk* Order) Rec. Doc. 14453 at 4-5 (same). As this Court has recognized, "it is a party's 'willful disobedience of a court order'" that rises to the level of contumacious conduct warranting dismissal. *See Walker* Order, Rec. Doc. 14452 at 5 (quoting *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020)); *Semeniuk* Order, Rec. Doc. 14453 at 5 (same). Here, the parameters of CMO 35 were clear: Plaintiff must serve Defendants by August 31, 2022 or be subject to dismissal with prejudice. Because Plaintiff has willfully disregarded CMO 35, no further grace should be extended and her claims as to Accord should be dismissed with prejudice.

5713422

## **CONCLUSION**

For the reasons set forth above, Accord respectfully requests that Plaintiff's claims be dismissed with prejudice.

DATED: October 20, 2022   Respectfully submitted,

/s/ *Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:   216.592.5009
Email:   julie.callsen@tuckerellis.com
Email:   brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/Julie A. Callsen
Julie A. Callsen
*One of the Attorneys for Defendant*
*Accord Healthcare, Inc.*

5713422