UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br>**Case Management Order No. 35**<br>**and MDL Nos.:**<br>    **2:19-cv-4339,**<br>    **2:19-cv-09602,**<br>    **2:19-cv-09607,**<br>    **2:19-cv-09586, and**<br>    **2:19-cv-09599.** | MDL No. 16-2740<br><br>Section: "H" (5)<br><br>JUDGE JANE TRICHE MILAZZO |

**EMERGENCY MOTION OF CERTAIN PLAINTIFFS FOR RELIEF FROM CMO #35 and LEAVE TO ACCOMPLISH SERVICE OF PROCESS**

The following named Plaintiffs, each represented by attorney Carmen D. Caruso, seek emergency relief from Case Management Order ("CMO") #35 and leave to belatedly accomplish service of process; and belatedly to oppose defendants' motions to dismiss. As copied from defendants' motions, the moving plaintiffs are:

A. Plaintiffs who failed to respond to Hospira's and Pfizer's Motion and did not comply with CMO #35:

| Case Name[1] | Plaintiff | MDL No. | Filed |
|---|---|---|---|
| *McLaney v. Accord Healthcare, Inc. et al.* | **Brenda McLaney** | 2:19-cv-4339 | 4/4/2019 |
| *DelPlato v. Hospira, Inc., Inc.* | **Madeline DelPlato** | 2:19-cv-09602 | 4/22/2019 |
| *Jarrett v. Sandoz, Inc., et al.* | **Dianna Jarrett** | 2:19-cv-09607 | 4/22/2019 |
| *Sells v. Hospira, Inc., et al.* | **Joanne Sells** | 2:19-cv-09611 | 4/22/2019 |

---

[1] From R. 14956-2 at pp. 1, 6.

1

| *Stewart v. Sandoz, Inc., et al.* | **Justine Stewart** | 2:19-cv-09586 | 4/22/2019 |

B. Plaintiffs who did not oppose Sandoz' motion:

| Plaintiff[2] | MDL No. | Filed |
|---|---|---|
| Diana Jarrett | 2:19-cv-09607 | 4/22/2019 |
| Merri Scott | 2:19-cv-09599 | 4/22/2019 |
| Justine Stewart | 2:19-cv-09586 | 4/22/2019 |

In support, the moving plaintiffs submit the Declaration of their attorney, Carmen D. Caruso. See <u>Exhibit 1</u>, the Declaration of Carmen D. Caruso. In summary, the Court in the exercise of discretion should grant the requested relief because:

1. Caruso accepts responsibility for his failure to obtain service, non-compliance with CMO#35 and non-compliance with the briefing schedule on the motions to dismiss. These omissions were inadvertent.

2. Defendants are not prejudiced beyond their effort in including these Plaintiffs in their motion.

3. Dismissal would be too harsh a sanction against these Plaintiffs because they complied with their discovery obligations as detailed below.

Moreover, service of process is not absolutely required, as a party may waive service by express agreement as provided in Fed.R.Civ.P. 4(d), or by conduct.[3] To be

---

[2] From R. 14945-2 at p. 2.
[3] See *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction. We have previously stated that, "[i]n determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties.")) (quoting,

2

clear, the Court need not find waiver as a requirement to grant these Plaintiffs the relief they seek on this motion. The point is that this motion is committed to the Court's discretion – and the facts here support leniency. Specifically:

I. **The Moving Plaintiffs submitted their Plaintiff Fact Sheets ("PFS"), their ESI, and complied with Case Management Order 12(A):**[4]

**Brenda McLaney** (MDL No. 2:19-cv-4339). Plaintiff McLaney's complaint was filed on April 4, 2019. On May 28, 2019, Plaintiff McLaney's Plaintiff Fact Sheet was submitted. On August 21, 2019 Plaintiff McLaney submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2019, Plaintiff McLaney submitted her CMO 12 Product Identification to MDL Centrality.[5]

**Diana Jarrett** (MDL No. 2:19-cv-09607). Plaintiff Jarrett's complaint was filed on April 22, 2019. On August 16, 2019, Plaintiff Jarrett submitted her Plaintiff Fact Sheet. Plaintiff Jarrett submitted amended Plaintiff Fact Sheets on October 3, 2019 and November 25, 2019 in response to certain deficiency notices, as discussed in Section III. On August 15, 2019, Plaintiff Jarrett submitted her Proof of Use Medical Records to MDL Centrality. On October 1, 2019, Plaintiff Jarrett submitted her CMO 12 Product Identification to MDL Centrality.[6]

---

*Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1340–41 (5th Cir.1996); see also *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 (5th Cir. 2005) ("The filing of the answer constitutes a voluntary appearance in the federal district court.").

[4] Each instance of Plaintiff activity discussed in this motion was performed by their attorneys or paralegals at the Caruso Law Firm.

[5] All discovery, CMO 12, and PFS documents have been uploaded for these Plaintiffs on MDL Centrality. In support, these Plaintiffs attached as exhibits screen shots of the files uploaded to MDL Centrality. The information uploaded on MDL Centrality for Plaintiff McLaney is submitted as Exhibit 2.

[6] The information uploaded on MDL Centrality for Plaintiff Jarrett is submitted as Exhibit 3.

**Justine Stewart** (MDL No. 2:19-cv-09586). Plaintiff Stewart's complaint was filed on April 22, 2019. On August 16, 2019, Plaintiff Stewart submitted her Plaintiff Fact Sheet. Plaintiff Stewart submitted amended Plaintiff Fact Sheets on October 4, 2019 and December 10, 2019 in response to certain deficiency notices, as discussed in Section III. On August 15, 2019, submitted her Proof of Use Medical Records to MDL Centrality. Plaintiff Stewart On December 9, 2019, Plaintiff Stewart submitted her CMO 12 Product identification to MDL Centrality.[7]

**Madeline DelPlato** (MDL No.: 2:19-cv-09602). Plaintiff DelPlato's complaint was filed on April 22, 2019. On August 21, 2019, Plaintiff DelPlato submitted her Plaintiff Fact Sheet. On August 21, 2019, Plaintiff DelPlato submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2020, Plaintiff DelPlato submitted her CMO 12 Product Identification to MDL Centrality.[8]

**Joanne Sells** (MDL No.: 2:19-cv-09611). Plaintiff Sells' complaint was filed on April 22, 2019. On August 21, 2019, Plaintiff Sells submitted her Plaintiff Fact Sheet. On August 21, 2019, Plaintiff Sells submitted her Proof of Use Medical Records to MDL Centrality. On November 26, 2019, Plaintiff Sells submitted her CMO 12 Product Identification to MDL Centrality.[9]

**Merri Scott** (MDL No.: 2:19-cv-09599). Plaintiff Scott's complaint was filed on April 22, 2019. On May 28, 2021, Plaintiff Scott submitted her Plaintiff Fact Sheet. Plaintiff Scott submitted amended Plaintiff Fact Sheets on May 30, 2019,

---

[7] The information uploaded on MDL Centrality for Plaintiff Stewart is submitted as Exhibit 4.
[8] The information uploaded on MDL Centrality for Plaintiff DelPlato is submitted as Exhibit 5.
[9] The information uploaded on MDL Centrality for Plaintiff Sells is submitted as Exhibit 6.

4

August 16, 2019, November 6, 2019, November 15, 2019, and September 2, 2020. On August 15, 2019 and on October 30, 2019, Plaintiff Scott submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2019, Plaintiff Scott submitted her CMO 12 Product Identification to MDL Centrality.[10]

## II.     Three Moving Plaintiffs Responded To Deficiency Notices

**Dianna Jarrett** (MDL No. 2:19-cv-09607) received deficiency notices from both Sandoz Inc. and Hospira Inc, first on September 3, 2019 (Doc ID: 403632) and then again on November 7, 2019 (Doc ID: 418688). In response to the September 3, 2019 deficiency, Plaintiff Jarrett submitted proof of injury before and after photographs on September 26, 2019; a CMO 12 Product Identification on October 1, 2019; a response to the deficiency notice on October 3, 2019; hospital bills or invoices on October 3, 2019; and a revised Plaintiff Fact sheet on October 3, 2019. In response to the November 7, 2019 deficiency, Plaintiff Jarrett submitted a revised Plaintiff Fact Sheet on November 25, 2019; a PTO 71 Witten Statement on November 25, 2019; a HIPAA Authorization on November 26, 2019; and a Health Insurance Record Authorization on November 26, 2019.

**Justine Stewart** (MDL No. 2:19-cv-09586) received deficiency notices from both Sandoz Inc. and Hospira Inc., first on September 6, 2019 (Doc ID: 404704) and then again on November 13, 2019 (Doc ID: 419955). In response to the September 6, 2019 deficiency notice, Plaintiff Stewart submitted: Proof of Injury – Before and After photographs on October 4, 2019; a response to the deficiency notice on October 4,

---

[10] The information uploaded on MDL Centrality for Plaintiff Scott is submitted as Exhibit 7.

2019; and a revised Plaintiff Fact Sheet on October 4, 2019.  In response to the November 13, 2019 deficiency notice, Plaintiff Stewart submitted: a response to the deficiency notice on December 9, 2019; a PTO 71 Written Statement on December 9, 2019; a Health Insurance Record Authorization on December 9, 2019; a HIPAA Authorization on December 9, 2019; a CMO 12 Product Identification on December 9, 2019; and a revised Plaintiff Fact Sheet on December 10, 2019.

**Merri Scott** (MDL No.: 2:19-cv-09599) received two deficiency notices from Sandoz, Inc., first on August 3, 2020 (Doc ID: 488825) and then again on September 16, 2020 (Doc ID: 496048).  In response to the August 3, 2020 deficiency notice, Plaintiff Scott submitted: a response to the deficiency notice on September 2, 2020; and an amended Plaintiff Fact Sheet on September 2, 2020.  In response to the September 16, 2020 deficiency notice, Plaintiff Scott submitted: a response to the deficiency notice on November 11, 2020; a Disability Claims Authorization on November 12, 2020; an Employment Authorization on November 12, 2020; a Health Insurance Record Authorization on November 12, 2020; a Psychiatric Records Authorization on November 12, 2020; and a Workers Compensation Authorization on November 12, 2020.

### III.   There is no prejudice to Defendants

From the above facts, it should be clear that these cases have proceeded since 2019 as if service had been perfected.  Defendants have suffered no prejudice other their effort in including these Plaintiffs in their motions on this subject.

### IV.   Counsel's Errors Were Inadvertent

6

In his accompanying Declaration, undersigned counsel explains that the apparent non-service in 2019 was an oversight in his office that completely escaped his attention for several years as these cases proceeded through discovery as though everything was fine. Counsel was on trial in an arbitration hearing when CMO#35 was entered and (having no reason to believe his clients were the subject of CMO#35) did not give the matter any further thought until he reviewed the Reply Briefs filed on October 19, 2022. That his clients were apparently included in the preceding motion escaped attention. This was neglect, but arguably it is *excusable* given the fact that these cases have been litigated since 2019 with no prior objections based on lack of service. This is especially true in the three cases in which the Caruso Law Firm responded to deficiency notices and thereby believed that any deficiencies had been cured. But as all these files were handled by the same team in the same time period, undersigned counsel and his team reasonably assumed there were no "deficiencies" in any of these cases.

Furthermore, it would be unjust to punish these clients by dismissing their cases where, as demonstrated they fully cooperated in discovery and are not personally at fault.

WHEREFORE, undersigned counsel respectfully asks the Court in the exercise of its discretion to (A) consider this motion; (B) allow late service (to be accomplished in the next 30 days); and (C) deny the pending motions to dismiss.

Dated: October 20, 2022                                          Respectfully submitted,

                                                              Brenda McLaney (MDL No.: 2:19-cv-4339)
                                                              Madeline DelPlato (MDL No.: 2:19-cv-09602)

                                        Dianna Jarrett (MDL No.: 2:19-cv-09607)
                                        Joanne Sells (MDL No.: 2:19-cv-09611)
                                        Justine Stewart (MDL No.: 2:19-cv-09586)


                                        By: */s/ Carmen D. Caruso*

Carmen D. Caruso (IL Bar # 6189462)
CARMEN D. CARUSO LAW FIRM
77 West Washington St., Ste. 1900
Chicago, IL 60602
T: (312) 626-1160

*Attorney for:*
Brenda McLaney (MDL No.: 2:19-cv-4339)
Madeline DelPlato (MDL No.: 2:19-cv-09602)
Dianna Jarrett (MDL No.: 2:19-cv-09607)
Joanne Sells (MDL No.: 2:19-cv-09611)
Justine Stewart (MDL No.: 2:19-cv-09586)

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on October 20, 2022. Notice of this filing will be sent to these parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: October 20, 2022

*/s/ Carmen D. Caruso*
Carmen D. Caruso
