# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to:**<br>**Case Management Order No. 35** | **MDL No. 16-2740**<br><br>**Section: "H" (5)**<br><br>**JUDGE JANE TRICHE MILAZZO** |

## DECLARATION OF CARMEN D. CARUSO

Under penalty of perjury, I affirm that I have personal knowledge of the facts stated below, both directly and as a supervising attorney, and I affirm that these facts are true:

1.     I am an attorney licensed in Illinois practicing through Carmen D. Caruso, P.C. d/b/a Carmen D. Caruso Law Firm with offices in Chicago, Illinois.  I have practiced law since 1983.

2.     In this multi-district litigation, we represent the following plaintiffs:

| Plaintiff | MDL No. |
|---|---|
| Brenda McLaney | 2:19-cv-4339 |
| Madeline DelPlato | 2:19-cv-09602 |
| Dianna Jarrett | 2:19-cv-09607 |
| Joanne Sells | 2:19-cv-09611 |
| Justine Stewart | 2:19-cv-09586 |
| Merri Scott | 2:19-cv-09599 |

3.     These Taxotere cases were the first mass tort cases I (or my firm) have been involved in.  We spent considerable time attempting to establish good office procedures to handle them.  We had engaged a business consultant (Mass Tort Nexus)

1

to advise on best practices, but of course the duty to comply with all substantive and procedural requirements, and to supervise our staff, was mine.

4.     When we filed our Taxotere cases, it had been my understanding and belief that we had served each summons and short-form complaint in the proper manner (like any other case that we file).   There was no purposeful non-service.  I can only conclude there was a lapse of communication between me and our senior paralegal at the time, who is no longer employed with our firm.

5.     In these cited Taxotere cases, we complied with discovery obligations, including deficiency notices and on that basis since 2019 we believed our cases were in good standing.  Specifically, I can affirm the facts stated in our motion, which are supported by exhibits 2 through 7 of our motion:

a.  **Brenda McLaney** (MDL No. 2:19-cv-4339).  Plaintiff McLaney's complaint was filed on April 4, 2019.  On May 28, 2019, Plaintiff McLaney's Plaintiff Fact Sheet was submitted.  On August 21, 2019 Plaintiff McLaney submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2019, Plaintiff McLaney submitted her CMO 12 Product Identification to MDL Centrality.

b.  **Diana Jarrett** (MDL No. 2:19-cv-09607).  Plaintiff Jarrett's complaint was filed on April 22, 2019.  On August 16, 2019, Plaintiff Jarrett submitted her Plaintiff Fact Sheet.  Plaintiff Jarrett submitted amended Plaintiff Fact Sheets on October 3, 2019 and November 25, 2019 in response to certain deficiency notices, as discussed in Section III.  On August 15, 2019, Plaintiff Jarrett

submitted her Proof of Use Medical Records to MDL Centrality. On October 1, 2019, Plaintiff Jarrett submitted her CMO 12 Product Identification to MDL Centrality.

c. **Justine Stewart** (MDL No. 2:19-cv-09586). Plaintiff Stewart's complaint was filed on April 22, 2019. On August 16, 2019, Plaintiff Stewart submitted her Plaintiff Fact Sheet. Plaintiff Stewart submitted amended Plaintiff Fact Sheets on October 4, 2019 and December 10, 2019 in response to certain deficiency notices, as discussed in Section III. On August 15, 2019, submitted her Proof of Use Medical Records to MDL Centrality. Plaintiff Stewart On December 9, 2019, Plaintiff Stewart submitted her CMO 12 Product identification to MDL Centrality.

d. **Madeline DelPlato** (MDL No.: 2:19-cv-09602). Plaintiff DelPlato's complaint was filed on April 22, 2019. On August 21, 2019, Plaintiff DelPlato submitted her Plaintiff Fact Sheet. On August 21, 2019, Plaintiff DelPlato submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2020, Plaintiff DelPlato submitted her CMO 12 Product Identification to MDL Centrality.

e. **Joanne Sells** (MDL No.: 2:19-cv-09611). Plaintiff Sells' complaint was filed on April 22, 2019. On August 21, 2019, Plaintiff Sells submitted her Plaintiff Fact Sheet. On August 21, 2019, Plaintiff Sells submitted her Proof of Use Medical Records to MDL Centrality. On November 26, 2019, Plaintiff Sells submitted her CMO 12 Product Identification to MDL Centrality.

f. **Merri Scott** (MDL No.: 2:19-cv-09599).  Plaintiff Scott's complaint was filed on April 22, 2019.  On May 28, 2021, Plaintiff Scott submitted her Plaintiff Fact Sheet.  Plaintiff Scott submitted amended Plaintiff Fact Sheets on May 30, 2019, August 16, 2019, November 6, 2019, November 15, 2019, and September 2, 2020.  On August 15, 2019 and on October 30, 2019, Plaintiff Scott submitted her Proof of Use Medical Records to MDL Centrality. On December 16, 2019, Plaintiff Scott submitted her CMO 12 Product Identification to MDL Centrality.

6.      We responded to deficiency notices:

a. **Dianna Jarrett** (MDL No. 2:19-cv-09607) received deficiency notices from both Sandoz Inc. and Hospira Inc, first on September 3, 2019 (Doc ID: 403632) and then again on November 7, 2019 (Doc ID: 418688).  In response to the September 3, 2019 deficiency, Plaintiff Jarrett submitted proof of injury before and after photographs on September 26, 2019; a CMO 12 Product Identification on October 1, 2019; a response to the deficiency notice on October 3, 2019; hospital bills or invoices on October 3, 2019; and a revised Plaintiff Fact sheet on October 3, 2019. In response to the November 7, 2019 deficiency, Plaintiff Jarrett submitted a revised Plaintiff Fact Sheet on November 25, 2019; a PTO 71 Witten Statement on November 25, 2019; a HIPAA Authorization on November 26, 2019; and a Health Insurance Record Authorization on November 26, 2019.

b. **Justine Stewart** (MDL No. 2:19-cv-09586) received deficiency notices from both Sandoz Inc. and Hospira Inc., first on September 6, 2019 (Doc ID: 404704) and then again on November 13, 2019 (Doc ID: 419955).  In response to the September 6, 2019 deficiency notice, Plaintiff Stewart submitted: Proof of Injury – Before and After photographs on October 4, 2019; a response to the deficiency notice on October 4, 2019; and a revised Plaintiff Fact Sheet on October 4, 2019.  In response to the November 13, 2019 deficiency notice, Plaintiff Stewart submitted: a response to the deficiency notice on December 9, 2019; a PTO 71 Written Statement on December 9, 2019; a Health Insurance Record Authorization on December 9, 2019; a HIPAA Authorization on December 9, 2019; a CMO 12 Product Identification on December 9, 2019; and a revised Plaintiff Fact Sheet on December 10, 2019.

c. **Merri Scott** (MDL No.: 2:19-cv-09599) received two deficiency notices from Sandoz, Inc., first on August 3, 2020 (Doc ID: 488825) and then again on September 16, 2020 (Doc ID: 496048).  In response to the August 3, 2020 deficiency notice, Plaintiff Scott submitted: a response to the deficiency notice on September 2, 2020; and an amended Plaintiff Fact Sheet on September 2, 2020.  In response to the September 16, 2020 deficiency notice, Plaintiff Scott submitted: a response to the deficiency notice on November 11, 2020; a Disability Claims Authorization on November 12, 2020; an Employment Authorization on November 12, 2020; a Health Insurance Record Authorization on November 12, 2020; a Psychiatric Records Authorization on

November 12, 2020; and a Workers Compensation Authorization on November 12, 2020.

7.     Our law firm diligently supplied the above-stated discovery and responded to deficiency notices in the belief that all deficiencies were cured, and everything was fine.

8.     On October 19, 2022, I learned my office did not serve the summonses and short-form complaints that we filed for these plaintiffs in 2019.   This occurred when I read the Reply Brief filed in support of motions to dismiss for failure to serve, and failure to comply with the remedial deadline for service established by CMO #35.

9.     When CMO #35 was entered on or about July 26, 2022, I had been engaged in an arbitration hearing that commenced on July 20 and ended on August 4, 2022.  This was case # 01-21-0004-4880 in the American Arbitration Association. Our hearing days were full-day.   I recall briefly reading CMO #35 (most likely the morning of July 27, 2022 before the arbitration hearing began that day) but at the time, I did not realize it would apply to any of our Taxotere cases.  *The notion that we had not obtained service of process seemed so impossible that I did not believe that CMO #35 would apply to our clients.*   I returned to the case on trial in the arbitration and put this question out of my mind until October 19, 2022, when I saw my law firm identified in the exhibit to the Reply Brief as a law firm that had not obtained service of process and had failed to respond to the motion to dismiss.   Apparently, we missed the fact we were named in the motions, as again, we had not the slightest suspicion we were guilty of non-service.

10.     On the evening of October 19 and the morning of October 20, we reviewed our files and confirmed that we have no record of obtaining service of process as the defendants contend, and also confirmed our compliance with discovery obligations as stated in paragraphs 5 and 6.

11.     I ask the Court to allow us leave to serve these defendants and, on that basis, to deny the motions to dismiss.

12.     I emphasize that we complied with our discovery obligations as we were acting in the mistaken belief that we had achieved service of process.  Because we complied with discovery, there is no real prejudice to any defendant beyond their time spent including us in their motion to dismiss.

13.     I have explained the circumstances that led to these lapses in our office for which I alone am responsible and remorseful for.   Our lapses were inadvertent. In the interests of justice our clients should not be punished especially since there is no prejudice beyond this slightly increased motion practice.  Speaking as an attorney who has practiced for 39 years and has never been sanctioned, sued, or disciplined, I personally commit that there will be no further lapses.

**Signed under penalty of perjury as provided under the United States Criminal Code.**

Dated: October 20, 2022                                      */s/ Carmen D. Caruso*

Carmen D. Caruso (IL Bar # 6189462)
CARMEN D. CARUSO LAW FIRM
77 West Washington St., Ste. 1900
Chicago, IL 60602
T: (312) 626-1160

*Attorney for:*
Brenda McLaney (MDL No.: 2:19-cv-4339)
Madeline DelPlato (MDL No.: 2:19-cv-09602)
Dianna Jarrett (MDL No.: 2:19-cv-09607)
Joanne Sells (MDL No.: 2:19-cv-09611)
Justine Stewart (MDL No.: 2:19-cv-09586)