**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *Mattie Anderson v.*<br>*Sanofi US Services Inc., et al.,*<br>Case No. 2:18-cv-14149 | | |
| *Cynthia Kinsella v.*<br>*Sanofi US Services Inc., et al.,*<br>Case No. 2:19-cv-00368 | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS THE COMPLAINTS OF PLAINTIFFS MATTIE ANDERSON AND CYNTHIA KINSELLA FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Defendant Accord Healthcare, Inc. moves to dismiss the cases of Plaintiffs Mattie Anderson and Cynthia Kinsella ("Plaintiffs"), represented by the same counsel, who have failed to serve Accord with their respective Complaints in this action. Following the filing by several co-defendants of Motions to Dismiss based on lack of service, Plaintiffs attempted to serve Accord on October 6, 2022 through an outdated email box directed to former counsel for Accord, even though Accord's Streamlined Service Order had been updated on March 7, 2022 to reflect the proper address for streamlined service. *See* Pretrial Order No. 29A ("Amended Order Regarding Streamlined Service on Accord Healthcare, Inc.—Update to Service Email Address Only"). Thus service has never been effected on Accord. Even if service were made to the proper email address on October 6, Plaintiffs nevertheless failed to comply with Fed. R. Civ. P. 4 and Case Management Order No. 35.

5720183

As an initial matter, Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons along with a copy of the complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(b) - (m). If a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiffs—must dismiss the action without prejudice or order that service be made within a specified time" except upon good cause shown. Fed. R. Civ. P. 4(m). Plaintiffs, who filed suit in 2018 and 2019, clearly failed to comply with Rule 4.

In addition, in response to Accord's motion practice in January 2022 based on failure to effect timely or proper service of process without good cause (*see* Rec. Docs. 13704, 13782, 13781, and 13802), the Court reminded all Plaintiffs in the MDL at the July 22, 2022 General Status Conference that effecting service "is an obligation of the plaintiff and the plaintiff only," and that the Court would give Plaintiffs until August 31, 2022 to verify proper service. Ex. A, Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-md-2740 (E.D. La. July 22, 2022). The Court subsequently entered Case Management Order No. 35—applicable to all cases in the MDL—ordering that "all Plaintiffs have until **August 31, 2022**, to effect service of process on all Defendants named in Plaintiffs' Short Form Complaints." (Rec. Doc. 14456 at 1 (emphasis in original)). After that date, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (*See id.*). CMO 35 additionally directed Plaintiffs to the exact streamlined service order for each defendant, including Accord, which identified the correct email address for streamlined service as to Accord. (*See id.*) Nevertheless, Plaintiffs failed to serve Accord properly and timely.

The Fifth Circuit and this Court have made clear that even if a plaintiff's claims would be time-barred upon dismissal for lack of service or late service, dismissal is warranted if there is "a

2

clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *See* Order and Reasons, *Walker v. Accord Healthcare, Inc.*, ("*Walker* Order") Rec. Doc. 14452 at 4-5 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)); Order and Reasons, *Semeniuk, et al. v. Accord Healthcare, Inc.*, ("*Semeniuk* Order) Rec. Doc. 14453 at 4-5 (same). As this Court has recognized, "it is a party's 'willful disobedience of a court order'" that rises to the level of contumacious conduct warranting dismissal. *See Walker* Order, Rec. Doc. 14452 at 5 (quoting *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020)); *Semeniuk* Order, Rec. Doc. 14453 at 5 (same). Here, the parameters of CMO 35 were clear: Plaintiffs must serve Defendants by August 31, 2022 or be subject to dismissal with prejudice. Because Plaintiffs have willfully disregarded CMO 35, no further grace should be extended and her claims as to Accord should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Accord respectfully requests that Plaintiffs' claims be dismissed with prejudice.

DATED: October 21, 2022            Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:    216.592.5000
Facsimile:    216.592.5009
Email:        julie.callsen@tuckerellis.com
Email:        brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

5720183

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/Julie A. Callsen*
Julie A. Callsen
*One of the Attorneys for Defendant*
*Accord Healthcare, Inc.*

5720183