## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section:  "H" (5) |
| This Document Relates to: Case Management Order No. 35 and MDL Case Nos.: 2:19-cv-09607;   2:19-cv-09586;   2:19-cv-09599; 2:19-cv-4339; 2:19-cv-09602; 2:19-cv-09607; 2:19-cv-09611; and 2:19-cv-09586 | JUDGE JANE TRICHE MILAZZO |

## DEFENDANTS' OPPOSITION TO EMERGENCY MOTION OF CERTAIN PLAINTIFFS FOR RELIEF FROM CMO #35 AND LEAVE TO ACCOMPLISH SERVICE OF PROCESS

Defendants Sandoz Inc. ("Sandoz"), Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively "Hospira"), Pfizer, Inc., and Accord Healthcare, Inc. ("Accord") submit this Opposition to Emergency Motion of Certain Plaintiffs for Relief from CMO #35 and Leave to Accomplish Service of Process (Rec. Doc. 14962, the "Plaintiffs' Motion").  Plaintiffs' Motion is an untimely attempt to oppose Sandoz, Hospira, and Pfizer's Motions to Dismiss for Failure to Comply with Case Management Order No. 35 (Rec. Docs. 14763 and 14770, the "Motions to Dismiss"), after the submission date of the Motions, which are fully briefed.  In addition, it seeks untimely leave to serve Accord in the *Brenda McLaney* case, No. 2:19-cv-04339.[1]  Plaintiffs' Motion should be denied as untimely and for the reasons set forth herein.

---

[1] Applicable to this Opposition, Accord is only named in the *McLaney* case.  To this day, Accord has never been served in the matter.  Additionally, Accord did not file a motion to dismiss based on lack of service as it does not track cases it has not been served in, and only became aware of this case on the day Plaintiffs' motion was filed.  Plaintiffs' motion does not recite a single action taken by Accord that could even arguably waive service, and indeed, it took no action in this case

At the July 22, 2022 General Status Conference, the Court reminded all Plaintiffs in the MDL that effecting service "is an obligation of the plaintiff and the plaintiff only," and indicated that the Court would give Plaintiffs until August 31, 2022 to verify proper service.  Ex. A, Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-md-2740 (E.D. La. July 22, 2022).  The Court subsequently entered CMO 35—applicable to all cases in the MDL—ordering that "all Plaintiffs have until **August 31, 2022**, to effect service of process on all Defendants named in Plaintiffs' Short Form Complaints."  (Rec. Doc. 14456 at 1 (emphasis in original)).  After that date, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."  (*See id.*).

After this deadline passed, Sandoz, Hospira, and Pfizer combed through their files to identify which plaintiffs had and had not complied with the CMO 35 and moved to dismiss cases where they believed the Plaintiff had not effected proper service.  Briefing on those motions closed October 18, 2022.

At no time between July 22 and October 18 did the plaintiffs who bring the instant motion do anything in response to either CMO 35 or Defendants' Motions.  They did not bother to review their files after this Court issued CMO 35 to confirm or effect service.  They did not perfect service of their unserved cases by the August 31 deadline.  And they did not even review Sandoz, Hospira, and Pfizer's Motions to determine whether those motions applied to them.  It is only now – after those Motions are fully submitted and the time for compliance with CMO 35 has long since passed – that Plaintiffs untimely oppose dismissal and request an opportunity to effect proper service.

In support of their request, Plaintiffs admit their failure to comply with this Court's order,

---

whatsoever.  Accord will thus file a motion to dismiss based on lack of service and failure to comply with CMO 35 contemporaneously with this opposition.

but point to their activity in MDL Centrality, arguing that "these cases have proceeded since 2019 as if service had been perfected." But this Court has already recognized that plaintiffs' submissions to MDL Centrality do *not* have "the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure." (*See* Pretrial Order No. 1 ¶ 3.) Further, at the July Hearing, the Court reiterated that participating in discovery through submission of fact sheets and the like did *not* relieve a plaintiff of her obligations under Rule 4(m) of the Federal Rules of Civil Procedure:

> And I want plaintiffs' counsel to understand that it is the obligation of the plaintiff to properly serve and you should not anticipate some notice coming from a defendant to say, oh, by the way, I have not been served. It's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant. And so I am – *this is an obligation of the plaintiff and the plaintiff only, and I will give you until August 31st to verify proper service.*

Ex. A, Hr'g Tr. at 7 (emphasis added). Furthermore, Plaintiffs' arguments here merely mirror those advanced by the Plaintiffs who opposed Sandoz', Hospira's, and Pfizer's Motions and sought an extension of the August 31 deadline. Defendants thus expressly adopt and incorporate by reference herein the arguments raised in Sandoz', Hospira's, and Pfizer's reply briefs (Rec. Docs. 14945 and 14948). In addition, the Fifth Circuit and this Court have made clear that even if a plaintiff's claims would be time-barred upon dismissal for lack of service or late service, dismissal is warranted if there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *See* Order and Reasons, *Walker v. Accord Healthcare, Inc.*, ("*Walker* Order") Rec. Doc. 14452 at 4-5 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)); Order and Reasons, *Semeniuk, et al. v. Accord Healthcare, Inc.*, ("*Semeniuk* Order) Rec. Doc. 14453 at 4-5 (same). As this Court has recognized, "it is a party's 'willful disobedience of a court order'" that

rises to the level of contumacious conduct warranting dismissal.  *See Walker* Order, Rec. Doc. 14452 at 5 (quoting *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020)); *Semeniuk* Order, Rec. Doc. 14453 at 5 (same).

Here, the parameters of CMO 35 were clear:  Plaintiffs must serve Defendants by August 31, 2022 or be subject to dismissal with prejudice.  Because Plaintiffs have willfully disregarded Fed. R. Civ. P. 4, *and* CMO 35, *and* the deadline for submitting a timely opposition, no further grace should be extended.  Instead, Plaintiffs' motion should be denied and their claims as to Sandoz, Hospira, Pfizer, and Accord should be dismissed with prejudice.

Dated:  October 24, 2022

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Nicholas A. Insogna*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Nicholas A. Insogna
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2386 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com
Insognan@gtlaw.com

*Attorneys for Sandoz Inc.*

Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: 202-434-5000

hhubbard@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-858-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc.,*
*Hospira Worldwide, LLC, and Pfizer Inc.*

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:     216.592.5000
Facsimile:     216.592.5009
Email:         julie.callsen@tuckerellis.com
Email: brenda.sweet@tuckerellis.com

*Counsel for Defendant Accord Healthcare,*
*Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, a copy of the foregoing document was

served on all counsel of record via CM/ECF.

*/s/ Nicholas A. Insogna*

Nicholas A. Insogna

*ACTIVE 682921750v1*

5