UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)             MDL NO. 16-2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES IN ATTACHED EXHIBIT A

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiffs, collectively, fail to demonstrate good cause or a reasonable justification for failing to effectuate service on Sanofi as required by Case Management Order No. 35 and Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs filed these lawsuits against Sanofi in the MDL years ago. Rule 4 of the Federal Rules of Civil Procedure provides a 90-day window by which service must be completed. In order to simplify the service process for Plaintiffs, the Court here entered Pretrial Order No. 9, which streamlined service on Sanofi by allowing Plaintiffs to simply email a copy of their complaint and summons (with the Plaintiff's name and originating court in the subject line) to a dedicated email address maintained by Sanofi's outside counsel.[1] Service was made as easy as possible. Nevertheless, many Plaintiffs, as identified in Exhibit A, failed to follow this simple procedure. When the issue was raised at the July 22, 2022 hearing, the Court provided a final opportunity and a direct warning to Plaintiffs that they needed to ensure their complaints were properly served on all Defendants by August 31, 2022.[2] The Court subsequently entered CMO No. 35 instructing Plaintiffs that failure to serve their complaints would result in dismissal with prejudice of their claims against non-served Defendants.[3]

---

[1] Rec. Doc. 160 at 2.
[2] Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-MD-2740 (E.D. La. July 22, 2022).
[3] Rec. Doc. 14456 at 1.

Despite this explicit instruction from the Court and multiple opportunities to correct course, 85 Plaintiffs failed to serve their complaints on Sanofi by the Court ordered deadline. As Plaintiffs have not provided good cause for their delinquency, the Court should dismiss their claims against Sanofi with prejudice.

## ARGUMENT

Where a complaint is not timely served and the defendant challenges service of process pursuant to a Rule 12(b)(5) Motion to Dismiss, the burden is on the plaintiff to establish validity of service by showing that the complaint was timely served or good cause for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish "good cause," a plaintiff "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996). Indeed, the Fifth Circuit and federal district courts of Louisiana have held that neither inadvertence of an attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that where "counsel had instructed his secretary to serve the papers . . . is surely not good cause or (even) excusable neglect"); *see also Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110, 110-12 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his temporary secretary); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on his secretary . . . for lapses attributable entirely to him."). For example, in *Lauderdale*, the court determined good cause did not exist where plaintiffs failed to serve defendants with an amended complaint for eight months due to "mistake." 2018 WL 2985316, at **3-4.

In order to streamline its argument, Sanofi has attached Exhibit A to this Reply, which categorically organizes Plaintiffs' stated reasons for their failure to timely effectuate service. While each Plaintiff provides a variety of explanations for their non-compliance, each of these excuses amount to nothing more than inadvertent "clerical errors" and "oversights," which do not constitute good cause under the law.

For example, the *Lisa Medici* (No. 32) and *Monica Meyers* (No. 37) cases, which were originally filed in 2016 by Bachus and Schanker LLC, were previously the subject of Sanofi's Motion to Dismiss For Failure to Comply with Pretrial Order No. 9 in 2018.[4] Sanofi, however, withdrew its Motion after assurances by these same Plaintiffs' counsel that they would "timely affect service pursuant to said order in all future cases."[5] Despite their representations, Sanofi never received service in either of these cases. Plaintiffs now argue their claims against Sanofi should not be dismissed because "there is simply no record here from which the [C]ourt could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law."[6] Additionally, they attempt to blame Sanofi for their mistake—inaccurately representing to the Court that Sanofi never conferred with them regarding the service deficiencies.[7] Not only is this demonstrably false, but, as the Court noted at the July 22, 2022 hearing, it was not Sanofi's obligation to alert Plaintiffs that it still had not received service. Moreover, in both of these cases, Plaintiffs did not attempt to serve Sanofi until September 29, 2022—over 2,200 days after their complaints were filed in July 2016.

Similarly, Plaintiffs' counsel at Allen & Nolte, PLLC filed a response to Sanofi's Motion in nine cases, arguing that the original law firm representing these plaintiffs dissolved, and the

---

[4] *See* Rec. Doc. 1721
[5] Rec. Doc. 1777.
[6] Rec. Doc. 14824 at 3.
[7] *Id.* at 1.

3

Allen & Nolte firm had no reason to suspect or way to confirm whether service was effectuated.[8] However, it is precisely because Plaintiffs' counsel could not confirm (based on their case intake information) that Sanofi was properly served that they should have either communicated with Sanofi before the deadline or simply re-served their complaints. They did neither. Similar to the *Medici* and *Meyers* cases, the Allen & Nolte Plaintiffs did not attempt to serve their complaints until more than 1,770 days after they initially filed suit. These cases are emblematic of the inventory at large.

The attached Exhibit A provides the Court with a more detailed synopsis of each case's procedural history, whether Plaintiff filed an opposition to Sanofi's Motion to Dismiss, a brief description of each Plaintiff's excuse(s) for their delay, and Sanofi's responsive argument as to why the Court should overrule Plaintiffs' excuses. Additionally, cases 56 through 85 on Exhibit A did not file responses to Sanofi's Motion and should be automatically dismissed for failing to provide good cause for their delayed service. Therefore, the Court should dismiss Plaintiffs' claims against Sanofi with prejudice.

## **CONCLUSION**

Plaintiffs have not demonstrated good cause for failure to comply with the Federal Rules and Case Management Order No. 35. Accordingly, Sanofi respectfully requests that this Court grant Sanofi's Motion to Dismiss due to untimely service of process.

---

[8] Rec. Doc. 14926 at 1-2, 4.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore

5