UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                              MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                                   SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
Charlotte Jefferson, 17-00756
Rhonda Clamon, 19-03422

**PLAINTIFF'S RESPONSE TO ACTAVIS PHARMA, INC.'S, ACTAVIS LLC'S,
AND SAGENT PHARMACEUTAL INC.'S  MOTION TO DISMISS
PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH
CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Plaintiffs Charlotte Jefferson and Rhonda Clamon ("Plaintiffs" by and through their counsel of record, Bachus & Schanker, LLC, submit their responses to Actavis Pharma, Inc.'s, Actavis LLC's, and Sagent Pharmaceutical Inc.'s ("Defendants") Motion to Dismiss Plaintiff's Claims for Which Service of Process Has Not Been Delivered, and in opposition thereto, states as follows:

**INTRODUCTION**

Defendants moved for dismissal of Plaintiffs' claims for lack of service of process. Prior to filing their Motion, both Plaintiffs had effectuated service of process on Defendants and Defendants did not confer with Plaintiffs over any service deficiencies and by the time Defendants had filed their Motion, they had been served with Plaintiffs' complaints.  Plaintiffs respectfully request the Court deny Defendants' Motion and enlarge the period of time Plaintiffs have to serve their complaints.

I.     **PLAINTIFFS' CASES SHOULD BE ALLOWED TO PROCEED**

    A. **The stringent requirement for a dismissal with prejudice cannot be met.**

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations.  *Sealed Appellant v. Sealed*

1

*Appellee,* 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious[1] conduct by the plaintiff" ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

The delay here is not attributable to Plaintiffs but instead an oversight by their counsel. As described more thoroughly below, Plaintiffs have been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional- there was no plausible gain or motive for Plaintiff to delay obtaining service on the Defendants. There is also no prejudice to the Defendants arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders. Many of these Plaintiffs have appeared on show cause lists, submitted product identification which and updated the Plaintiff Fact Sheet (thereby notifying the correct defendant), and is otherwise in the same stasis as thousands of other non-bellwether plaintiffs.

---

[1] Refusing to obey or respect the law in a way that shows contempt.
(https://dictionary.cambridge.org/us/dictionary/english/contempt)

The Defendants had direct knowledge, based on the ample discovery, notifications by Centrality, and show cause hearings, that it would not have been reasonable for them to settle expectations that the statute of limitations had expired.

While the delay in perfecting service on the Defendants was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional, or arose out of contempt for this Court or the rule of law. Dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated these claims through MDL Centrality to the exact same extent they would have if the Defendants had been timely served. Thus, the Defendants' Motion to Dismiss should be denied.

**B. Dismissal without prejudice is also not warranted and may result in further delay and briefing**

The Court must extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.,* 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.,* 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides

3

to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins. Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used

such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

In each of these matters, as articulated more thoroughly below, each individual Plaintiff prosecuted her case by complying with the relevant discovery orders by providing Defendants (along with other defendants) with multiple authorizations, a plaintiff fact sheet, medical records, and photographs.  In each of these cases, Defendants will undoubtedly argue at the time of re-filing that the statute of limitations has run even though Defendants have had the required discovery for years, has been participating in discovery, and service has now been effectuated. Regardless of whether dismissal is with or without prejudice, dismissing these matters will likely result in additional briefing once these cases are re-filed and will likely tie up the court with briefing and appeals for years; thus Plaintiffs respectfully request these matters be allowed to proceed now that service has been effectuated.

**C.  Dismissal of Plaintiffs' claims against Defendants is not warranted.**

The failure to serve Defendants was inadvertent and not prejudicial in the cases discussed below.  And now, Defendants have been served in both matters. Rhonda Clamon began uploading discovery to Centrality in July 2019.  She has submitted six photographs from five years after chemotherapy treatment, a photograph from before chemotherapy treatment, and a photograph from during chemotherapy treatment.  She has submitted a Plaintiff Fact Sheet, a PTO 71 statement indicating that she has no responsive ESI, proof of use, medical records, authorizations, and a declaration signature page.  In response, Defendants issued a deficiency notice to the Plaintiff Fact Sheet and Hospira served a Defendant Fact Sheet and attachments.  She has been on a show cause docket in the past, and counsel e-mailed Defendants alerting them of their efforts in obtaining product identification.  Defendants were clearly aware this suit existed and Ms. Clamon produced the same discovery as every other

5

plaintiff. Ms. Clamon did not cause her suit not to be served and has otherwise participated in this litigation. Defendants are not prejudiced by allowing Ms. Clamons' lawsuit to move forward.

Charlotte Jefferson did serve Sanofi prior to when streamlined service orders were entered for other defendants. She began uploading the required discovery to Centrality in September 2017, starting with her Plaintiff Fact Sheet. She was served with a deficiency notice, which she responded to and also submitted an Amended Plaintiff Fact Sheet. She has served authorizations, before and after photographs, medical records, proof of use, and a PTO 71A statement. Accord served a Defendant Fact Sheet. Additionally, significant CMO 12A work has been done on her case. Ms. Jeffersons's case proceeded through the CMO 12A process and has been on several CMO 12A dockets. All parties in this matter clearly had notice of this suit and have not suffered any prejudice from failure to procedurally serve the complaint, as she is in the same stasis as all other MDL plaintiffs.

Defendants never raised non-service at show cause hearings but did raise other issues, which Plaintiffs promptly cured. Through conferral and the show cause process, Plaintiffs have been able to cure issues more germane to litigation; thus the Court should not dismiss these cases for a procedural issue missed by counsel alone and with no prejudice to Defendants. Plaintiff respectfully requests that these matters, where service was inadvertently effectuated late to Defendants but timely to other defendants, be allowed to proceed.

## CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' Motion and allow Plaintiffs' cases to proceed.

Dated: October 24, 2022         Respectfully submitted,

BACHUS & SCHANKER, LLC

*/s/ J. Christopher Elliott*
J. Christopher Elliott, CO Bar No. 41063
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
T: (303)899-9800
F: (303)893-9900
E: celliott@coloradolaw.net

## CERTIFICATE OF SERVICE

I certify that on October 24, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

*/s/J. Christopher Elliott*
J. CHRISTOPHER ELLIOTT