UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                      MDL No. 2740
PRODUCTS LIABILITY LITIGATION

SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*Betty Hurley, 16-17970*

**PLAINTIFF'S RESPONSE TO ACCORD HEALTHCARE, INC.'S
MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY
WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiff Betty Hurley, by and through their counsel of record, Bachus & Schanker, LLC, submit their responses to the Accord Healthcare, Inc.'s ("Accord") Defendants' Motion to Dismiss Plaintiff Betty Hurley's Complaint for Failure to Comply with Case Management Order No. 35 and FRCP 4, and in opposition thereto, states as follows:

**INTRODUCTION**

Plaintiff served her complaint 17 days prior Defendant filing the instant Motion. Prior to filing their Motion, Defendants did not confer with Plaintiffs over any service deficiencies. Defendants are not prejudiced by the delayed service; thus, Plaintiffs respectfully request the Court deny Accord' Motion and enlarge the period of time Plaintiffs have to serve their complaints.

**I.    PLAINTIFF SHOULD BE ALLOWED TO PROCEED**

**A. The stringent requirement for a dismissal with prejudice cannot be met.**

While the Fifth Circuit does permit dismissal without prejudice for failure to timely serve a complaint, such dismissals are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006).  Dismissal with prejudice under these circumstances requires "a clear record

1

of delay or contumacious[1] conduct by the plaintiff' ..., and where lesser sanctions would not serve the best interests of justice." *Id.* The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that he should do so. In some circumstances, delay alone may be sufficient to justify dismissal under Rule 4(m), such as when evidence may have decayed, or the defendant was reasonably justified in relying on the expiration of the statute of limitations. *Id.* at 418-19. But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418.

The delay here is not attributable to Plaintiff but instead an oversight by her counsel. Plaintiff has been diligently submitting supporting information and documentation to MDL Centrality in support of her claims. Additionally, the oversight by counsel cannot be colored as intentional- there was no plausible gain or motive for Plaintiff to delay obtaining service on the Accord. There is also no prejudice to the Accord arising out of the delay in service as Plaintiffs have otherwise complied with the MDL orders.

While the delay in perfecting service on the Accord was admittedly long, there is simply no record here from which the court could conclude that the delay was intentional or arose out of contempt for this Court or the rule of law. Accordingly, dismissal is inappropriate when a plaintiff is unable to refile her claims due to the statute of limitations. Furthermore, none of the "aggravating factors" normally required to justify dismissal are present in these matters. The parties have litigated

---

[1] Refusing to obey or respect the law in a way that shows contempt. (https://dictionary.cambridge.org/us/dictionary/english/contempt)

these claims through MDL Centrality to the exact same extent they would have if the Accord had been timely served.  Thus, the Accord' Motion to Dismiss should be denied.

### B. Dismissal without prejudice is also not warranted and may result in further delay and briefing

The Court must extend the time for service if Plaintiff has shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). see also *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert*, 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). See also *Thompson,* 91 F.3d at21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. See *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

It is well settled that post-1993 courts have discretion to extend time for process of service even in the absence of good cause having been shown. See *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92 (D. Mirm. 1995). Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service nunc pro tunc in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. See *Estate of White v. Hartford Life & Accident Ins.*

*Co.,* No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079(S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made without prejudice). See also *People's Workshop, Inc.,* supra, 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

Additionally, in *Hustad v. Mitsubishi Heavy Indus. Am., Inc.,* 2005 U.S. Dist. LEXIS 2067, Plaintiff's application to extend time was granted. In reaching its decision to extend Plaintiff's time, the Court noted that the Statute of Limitations had already expired, and therefore, used such facts in its reasoning that Plaintiff would be harmed should an extension not have been granted, regardless of good cause shown.

**1. Dismissal of Plaintiff's claims against Accord is not warranted.**

Ms. Hurley has not yet identified the manufacturer but have not yet identified a manufacturer but has been giving notice of litigation to Accord (and non-moving defendants) via the CMO 12A process, through filing a plaintiff fact sheet, serving before and after photographs, authorizations, and providing Defendants with medical records. The Defendants in this litigation are aware of and not prejudiced by the delayed service of process as evidenced by Sanofi serving a Defendant Fact Sheet and the Defendants serving a deficiency notice. Dismissing Accord will then require the parties to conduct even more briefing, as Plaintiffs will move to amend her complaint to include Accord, and Accord will likely oppose. Accord have now been served and has not suffered any prejudice and the

evidence related to Ms. Hurley's case has been preserved and disclosed, thus Plaintiffs respectfully request the Court allow Plaintiff's case to proceed.

Dated: October 24, 2022              Respectfully submitted,

                                                                                          BACHUS & SCHANKER, LLC

                                                                                          */s/ J. Christopher Elliott*
                                                                                          J. Christopher Elliott, CO Bar No. 41063
                                                                                          101 W. Colfax Avenue, Suite 650
                                                                                          Denver, CO 80202
                                                                                          T: (303)899-9800
                                                                                          F: (303)893-9900
                                                                                          E: celliott@coloradolaw.net

## CERTIFICATE OF SERVICE

I certify that on October 24, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filings generated by CM/ECF.

                                                                                     */s/J. Christopher Elliott*
                                                                                      J. CHRISTOPHER ELLIOTT