UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | : : : : | |
| *Jeffries v. Hospira Inc., et al.*, Case No: 2:20-cv-01759<br>-------------------------------------------------------- | : : : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT HOSPIRA'S AND PFIZER'S
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
CASE MANAGEMENT ORDER NO. 35**

Plaintiff Regina Jeffries, by and through undersigned counsel, respectfully submits her opposition to Defendants Hospira, Inc. and Hospira Worldwide, LLC (hereinafter, the "Hospira Defendants") Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (hereinafter, the "Motion") and states as follows:

**FACTS**

1. On June 18, 2020, Plaintiff filed a Short Form Complaint against Hospira, Inc., and Hospira Worldwide, LLC., manufacturers of Taxotere for damages sustained from injuries suffered by Plaintiff. Plaintiff's medical records indicated that she received infusions of Taxotere manufactured by Hospira, Inc. (hereinafter, the "Defendants") in connection with her treatment for breast cancer in 2012.

2. Due to a technical administrative error, counsel for above captioned Plaintiff believed their complaint to have been properly and timely served.

3. On August 29, 2020 Plaintiff served her discovery responses via MDL Centrality, pursuant to the relevant Pre-Trial Orders ("PTO's") and Case Management Orders ("CMO's"), including a Plaintiff Fact Sheet ("PFS"), signed authorization forms, photographs of before and after injuries, proof of use of Taxotere, and relevant medical and pharmacy records.

4. Plaintiff's counsel did not receive any notification of a deficiency from defendant.

5. On July 26, 2022, the Court entered CMO No. 35 regarding the deadline to effectuate service of process on all named Defendants. Plaintiff's counsel whom was out of the country on that date did not receive the notification.

6. Plaintiff's Counsel became aware of the error in failing to effectuate service on October 3, 2022 after receiving notification Defendants filed the instant motion to dismiss.

7. On October 6, 2022, while attempting to complete service, counsel for Plaintiff discovered that the Court had failed to issue the summons when Plaintiff initially filed the case. Plaintiff's counsel contacted the Clerk, who advised that it was an inadvertent error; the Clerk issued the summons that day. Those recently issued summonses were provided to the Hospira Defendants on October 6, 2022, along with a request to meet and confer to discuss the unique delay issue in this case. The summonses were also served per the streamlined service procedures outlined in PTO 40A on October 19, 2022, *see Exhibit B*.

## ARGUMENT

Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides: If a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service. *In re Taxotere (Docetaxel) Products Liability Litigation*

*United States District Court, E.D. Louisiana*. July 26, 2022 Slip Copy 2022 WL 2952965. The court stated that "the burden is on the plaintiff to show good cause as to why service was not effected timely, and the plaintiff must demonstrate at least as much as would be required to show excusable neglect." *Id.* Plaintiff meets the burden here by showing good cause in that the technical, administrative error that caused Plaintiff's counsel to deem service of the summons and complaint as completed, was partially due to the Courts' error not to issue the summons after Plaintiff filed the case. Plaintiff's counsel at the time of Ms. Jeffries's case filing relied on notice from the CM/ECF notification system to trigger the steps to retrieve and serve the summons in the Taxotere cases.  Due to excusable neglect, Plaintiff's counsel overlooked that the summons was not issued and served.

  The standard for dismissal with prejudice is not met because neither Plaintiff or Plaintiff's counsel undertook actions that may be considered aggravating. It is well-established that a dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his *claim." Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1980). But as a general rule, courts in the Fifth Circuit look to "aggravating factors" other than delay in determining whether to apply the extraordinary remedy of dismissal. These aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id.* at 418. For example, in *Pate v. Tim Clark Constr., LLC,* No. CV 19-2356-WBV-DPC, 2020 WL 6708380 *3 (E.D. La. 2020), the Court noted "We have recognized that it is not a party's negligence — regardless of how careless, inconsiderate, or understandably exasperating — that makes conduct contumacious;

instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* Ultimately in Pate, the Court found that even though there was a long delay of two years in which plaintiffs failed to effect proper service, there was no record of contumacious conduct, and the dismissal with prejudice was denied. Similarly, the delay here is not attributable to Plaintiff but to oversight by her counsel. Plaintiff has complied with all Court orders concerning the submission of her PFS and supporting documentation, *see Exhibit A*. Additionally, the oversight by counsel, similar to the Court in failing to issue the summons, was not intentional; neither Plaintiff nor counsel realizes any plausible gain to delay obtaining service on the Hospira Defendants. No action here can be deemed aggravating.

Because Defendant has not suffered any prejudice that would flow from a lack of notice, Plaintiff respectfully requests the Court grant a brief extension of time for service.

Rule 6(b)(1)(B), Fed. R. Civ. P. states:
>(b) Extending Time.
>(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Plaintiff respectfully requests the Court grant a brief extension of time for service nunc pro tunc. given defendants' "actual notice of the pending action" and "lack of prejudice . . . any defect pertaining to untimely service of process in these cases may be cured by this Court extending the time for Plaintiff to serve Defendants, nunc pro tune . . . ." *In re Asbestos Prod. Liab. Litig.* (No.VI), 2014 WL 1903904, at *1 (E.D. Pa. May 12, 2014). As required by the MDL Plaintiff has timely produced a Plaintiff Fact Sheet ("PFS"), signed authorization forms, photographs of before and after injuries, proof of use of Taxotere manufactured by defendant, and relevant medical and pharmacy records, *see Exhibit A*. The information produced by Plaintiff places the case in the same position as the other non- bellwether cases in the MDL.

Plaintiff should not be prevented from filing her claim in Florida state court by a dismissal with prejudice by the MDL court. Extending the time for service in the immediate case is not an extension of the statute of limitations because it has not yet lapsed. "Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims." *Gartin v. Par Pharmaceutical Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (citing *Veazey*, 644 F.2d at 478). This case is distinguishable from *Veazy*, where the court voiced two concerns, first that defendant had no knowledge of the action that was filed against them during the statutory period, and second that the statute had expired. In the immediate case due to productions via the MDL Centrality portal, defendants have had full knowledge of Ms. Jeffries claim since the production of her PFS, photographs, medical records and Hospira product ID on 9/29/2020. Plaintiff in this case is not asking for the court to excuse the delay in the service as a way to bind defendants to a stale claim. Plaintiff is a resident of Florida, and her injury was sustained in Florida. Per the Florida discovery rule, the statute of limitations is four years and has not yet expired as such Plaintiff may refile her claim in state court. "An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." §95.031(2), Fla. Stat. (1983).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Hospira Defendants' Motion to Dismiss and extend the time for service *nunc pro tunc,* thereby mooting

this issue since service has been effected on the Hospira Defendants. In the alternative, this Court should dismiss the case without prejudice to allow the Plaintiff the time still allowed per Florida law to refile her case in Florida state court.

Dated: October 25, 2022

                                                  Respectfully submitted,

                                                  /s/ Joseph H. Saunders_____
                                                  Joseph H. Saunders, Esquire
                                                  SAUNDERS & WALKER, P.A.
                                                  3491 Gandy Blvd. North, Ste. 200
                                                  Pinellas Park, FL 33781
                                                  (727) 579-4500 FAX: (727) 577-9696
                                                  FBN 341746
                                                  Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Joseph H. Saunders
Joseph H. Saunders, Esquire
SAUNDERS & WALKER, P.A.
3491 Gandy Blvd. North, Ste. 200
Pinellas Park, FL 33781
(727) 579-4500 FAX: (727) 577-9696
FBN 341746
Counsel for Plaintiff