# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION: H |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| **Plaintiff Name: Nancy Haeni** <br> **Case No.: 2:17-cv-13435** | MAG. JUDGE NORTH |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL ORDER

MAY IT PLEASE THE COURT:

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff respectfully seeks reconsideration and reversal of this Court's Order of September 27, 2022 (CM/ECF Doc. 7), that dismissed Plaintiff's case for lack of CMO 12A Product Identification that dismissed Plaintiff's case. Pursuant to the Court's direction to leadership after the hearing on September 21, 2022, arguments made by Plaintiff's counsel during the September 21, 2022 hearing, and the arguments made herein, Plaintiff contends a rehearing of Plaintiff's case is appropriate.

In sum, Plaintiff respectfully suggests that the proper course of action at this time would be for the Court to reverse the referenced dismissal order and allow Plaintiff to conduct discovery.

### Standard on Reconsideration

Under Fed. R. Civ. P. 59(e), the Eastern District of Louisiana has routinely considered the following four factors in deciding motions for reconsideration: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See Foster v. Principal Life Ins. Co.*, 303 F. Supp. 3d 471, 479 (E.D. La. 2018). A denial of a motion for reconsideration is reviewed for an abuse of discretion. *See ICEE Distributors, Inc. v. J&J Snack Foods Corp.,* 445 F.3d 841, 847–48 (5th Cir. 2006).

### Argument

   A. ***The Court Improperly Weighed Evidence When Dismissing Plaintiff's Case At The Motion To Dismiss Stage.***

The Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted. *Louisiana Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. CV 19-12948-WBV-KWR, 2021 WL 798290, at *3 (E.D. La. Mar. 2, 2021) (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)) ((quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

Plaintiff has alleged that Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U.S. LLC, Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira, Inc. have caused permanent and persistent hair loss on the scalp, diffuse thinning of hair on the scalp, change of texture to her hair, loss of body hair, loss of eyebrows, and loss of eyelashes due to Plaintiff being treated in part by Taxotere and Docetaxel Injection. Dkt. 1. Plaintiff alleges she did not know Taxotere caused her hair loss until 2016, the year prior to her filing her case. *Id.* Nothing more is required of Plaintiff at this stage.

During the hearing on Defendant's motion to dismiss Plaintiff's pursuant to CMO 12A Product Identification, a significant amount of evidence was weighed when assessing the validity of Plaintiff's case.

> THE COURT: Please. What days did your client have chemotherapy?
>
> MR. BRYSON: She took one on the first date there when they got Winthrop's shipment on February 13th of '15 and then her last treatment date was on the 6th, 2/2015 and they got a Dr. Reddy's. And they are only getting Dr. Reddy's up for a month prior to that except for a Winthrop shipment on the day she had treatment –
>
> THE COURT: What's Dr. Reddy's Lab? Who is Dr. Reddy?
>
> MS. CALLSEN: It's a 505(j) product.
>
> MR. BRYSON: Your Honor, we would submit that since it's a day-by-day purchase records here this could be determined here with some certainty.
>
> THE COURT: Did you ask anybody?
>
> MR. BRYSON: We have not. We've gotten the supply records, but we would like to take some depositions here to get to the bottom of it.[1]

The Court acknowledged that evidence had been weighed when dismissing Plaintiff's case:

> THE COURT: <u>I don't think what I am seeing presents sufficient information</u> to determine which manufacturer provided the drugs, the medicine used for this plaintiff. I am going to dismiss this case over your objection. Thank you.[2]

In sum, Plaintiff submits there was evidence weighed in assessing the validity of Plaintiff's claims, which is improper at the motion to dismiss stage. Plaintiff has made sufficient allegations that a number of Defendants are responsible for the manufacture of the docetaxel injection and Taxotere at issue that injured Plaintiff. Plaintiff requests for discovery to commence in this case to determine who exactly manufactured the docetaxel at issue that Plaintiff received during her treatments.

---

[1] See **Exhibit A** to Plaintiff's motion at page 7 lines 5-21.
[2] *Id.* at page 8 (emphasis supplied).

**<u>Conclusion</u>**

For the reasons set forth above, as well as those previously articulated to the Court at Plaintiff's motion to dismiss hearing pursuant to CMO 12A, the Plaintiff respectfully moves the Court to reconsider and reverse the Orders of Dismissal at issue.


Dated: October 25, 2022	Respectfully submitted,


	*/s/ Daniel K. Bryson*
	Daniel K. Bryson
	N.C. Bar No.: 15781
	J. Hunter Bryson
	N.C. Bar No.:  50602
	MILBERG COLEMAN BRYSON PHILLIPS
	GROSSMAN, PLLC
	900 W. Morgan Street
	Raleigh, NC 27603
	Phone: (919) 600-5000
	Fax: (919) 600-5035
	dbryson@milberg.com
	hbryson@milberg.com

	*Counsel for Plaintiff Nancy Haeni*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Daniel K. Bryson*
DANIEL K. BRYSON