# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION: H |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| **Plaintiff Name: Renee Boone** <br> **Case No.: 2:16-cv-17586** | MAG. JUDGE NORTH |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL ORDER

MAY IT PLEASE THE COURT:

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff respectfully seeks reconsideration and reversal of this Court's Order of September 27, 2022 (CM/ECF Doc. 7), that dismissed Plaintiff's case for lack of CMO 12A Product Identification that dismissed Plaintiff's case. Pursuant to the Court's direction to leadership after the hearing on September 21, 2022, arguments made by Plaintiff's counsel during the September 21, 2022 hearing, and the arguments made herein, Plaintiff contends a rehearing of Plaintiff's case is appropriate.

In sum, Plaintiff respectfully suggests that the proper course of action at this time would be for the Court to reverse the referenced dismissal order and allow Plaintiff to conduct discovery.

### Standard on Reconsideration

Under Fed. R. Civ. P. 59(e), the Eastern District of Louisiana has routinely considered the following four factors in deciding motions for reconsideration: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See Foster v. Principal Life Ins. Co.*, 303 F. Supp. 3d 471, 479 (E.D. La. 2018). A denial of a motion for reconsideration is reviewed for an abuse of discretion. *See ICEE Distributors, Inc. v. J&J Snack Foods Corp.,* 445 F.3d 841, 847–48 (5th Cir. 2006).

### Argument

*A. The Court Improperly Weighed Evidence When Dismissing Plaintiff's Case At The Motion To Dismiss Stage.*

2

The Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted. *Louisiana Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. CV 19-12948-WBV-KWR, 2021 WL 798290, at *3 (E.D. La. Mar. 2, 2021) (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)) ((quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

Plaintiff has alleged that Sandoz Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Hospira, Inc. have caused permanent and persistent hair loss on the scalp, diffuse thinning of hair on the scalp, change of texture to her hair, loss of body hair, loss of eyebrows, and loss of eyelashes due to Plaintiff being treated in part by Docetaxel Injection Concentrate and Docetaxel Injection. Dkt. 1. Plaintiff alleges she did not know Docetaxel caused her hair loss until October of 2016, the year prior to her filing her case. *Id.* Nothing more is required of Plaintiff at this stage.

During the hearing on Defendant's motion to dismiss Plaintiff's pursuant to CMO 12A Product Identification, a significant amount of evidence was weighed when assessing the validity of Plaintiff's case.

MR. INSOGNA: And if you turn to the second page of this document, that really focuses in on the period -- it's unfortunately it's during her treatment, it doesn't cover the first, the very first infusion. But this is what Mr. Bryson is saying, the 165 out of about 190 something are Sandoz medication. But that does not account for the 28 shipments of Hospira medication that happened exactly during her treatment.

THE COURT: I'm back to the same problem. I don't have what's what. So 120110110, that is what, the last numbers of the NDC?

MR. INSOGNA: Sorry, which number are you looking at?

THE COURT: I'm back to where -- because when I turned the page and get to the second page, I don't have a vendor name.

MR. INSOGNA: I see, your Honor. The 66758 numbers are Sandoz and the 00409 are Hospira.

THE COURT: Thank you. This is very helpful. All right. So it could have been any of these.

MR. INSOGNA: That's exactly right, your Honor..

MR. BRYSON: Well, your Honor, you know, there's two there, there's the Sandoz lot and then there's this Hospira lot, and then really only a small amount of Hospira there. But, you know, we would dismiss the Winthrop entity and proceed against the Sandoz and Hospira entity and proceed with that and figure out, you know, how often they were cycling through this stuff.

THE COURT: But even if you figured out they were cycling through it, how would you determine which one this plaintiff was administered? I mean, I think -- the cases that I allowed to proceed, when we looked at that window there was one manufacturer, now you've got two, and there is no way to determine whether or not she had Sandoz or Hospira. And if you can figure out how to get there beyond just it's a good guess, you need to let me know.

MR. BRYSON: You Honor, if we could take depositions, I mean, we're talking 165 out of 190 as defense counsel pointed out, that's really we're talking about is only 20 something percent chance or less that it was Hospira. So if

4

>I can take depositions to figure out how fast they were cycling through, I think I can eliminate that.[1]

In sum, Plaintiff submits there was evidence weighed in assessing the validity of Plaintiff's claims, which is improper at the motion to dismiss stage. Plaintiff has made sufficient allegations that a number of Defendants are responsible for the manufacture of the Doecetaxel at issue that injured Plaintiff. Plaintiff requests for discovery to commence in this case to determine who exactly manufactured the Docetaxel at issue that Plaintiff received during her treatments.

### **Conclusion**

For the reasons set forth above, as well as those previously articulated to the Court at Plaintiff's motion to dismiss hearing pursuant to CMO 12A, the Plaintiff respectfully moves the Court to reconsider and reverse the Orders of Dismissal at issue.

Dated: October 25, 2022

Respectfully submitted,

/s/ Daniel K. Bryson
Daniel K. Bryson
N.C. Bar No.: 15781
J. Hunter Bryson
N.C. Bar No.: 50602
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
dbryson@milberg.com
hbryson@milberg.com

*Counsel for Plaintiff Renee Boone*

---

[1] See Exhibit A to Plaintiff's Motion for Reconsideration at pages 10-11.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 25, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<u>/s/ Daniel K. Bryson</u><br>
DANIEL K. BRYSON