UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO<br><br>*Ramona Clamon*, No. 2:19-cv-03422<br>*Charlotte Jefferson*, No. 2:17-cv-00756<br>*Cynthia Kinsella*, No. 2:19-cv-00368 | | |

**REPLY IN SUPPORT OF ACTAVIS PHARMA, INC., ACTAVIS LLC, AND SAGENT PHARMACEUTICALS, INC.'S
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

In their Oppositions, Plaintiffs Ramona Clamon, Charlotte Jefferson, and Cynthia Kinsella fail to demonstrate good cause for their failure to timely serve Actavis Pharma, Inc., Actavis LLC (collectively, the "Actavis Defendants"), and Sagent Pharmaceuticals, Inc. ("Sagent").[1] (*See* Rec. Docs. 14977 (*Clamon* and *Jefferson*) and 14976 (*Kinsella*).) Instead, Plaintiffs improperly try to put the burden for ensuring timely service and compliance with CMO-35 (Rec. Doc. 14456) on Defendants by arguing the Actavis Defendants and Sagent did not meet and confer with Plaintiffs about the insufficient service, and further arguing the Actavis Defendants and Sagent waived service by "participating" in the discovery process. Plaintiffs' arguments fail.

---

[1] Sagent is not named as a defendant in the *Charlotte Jefferson* case. In addition, the short form complaint in *Charlotte Jefferson* was filed before entry of Pretrial Order No. 53 on July 20, 2017 (Rec. Doc. 664), pursuant to which the purported defendant identified as "Allergan Finance LLC f/k/a Actavis Inc." was replaced with Defendant Actavis LLC f/k/a Actavis Inc. As a result, Actavis LLC is incorrectly identified in the case and on the Court's docket as "Allergan Finance LLC f/k/a Actavis Inc."

### A. The Actavis Defendants and Sagent Had No Duty to Alert Plaintiffs About the Lack of Service.

The burden to ensure service of process is squarely Plaintiffs'—as the Court plainly recognized in CMO-35, which provided: it was "***Plaintiffs' responsibility*** to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (Rec. Doc. 14456 at 1.) Despite the clarification about the burden, Plaintiffs failed to take the basic steps to ensure that they had served the Actavis Defendants and Sagent in these three cases, and made steps to do so only after motions to dismiss those cases had been filed. Accordingly, in accordance with CMO-35, Plaintiffs Clamon, Jefferson, and Kinsella should be dismissed.

### B. The Actavis Defendants and Sagent Did Not Participate in Discovery in These Cases.

There has been no waiver of service of process. The Actavis Defendants and Sagent have not participated in the defense of these cases in any way until filing this motion to dismiss. The Actavis Defendants and Sagent had no reason to know, and did not know, they were defendants in these cases until they were served, which occurred years after the cases were filed and after the Court's August 31, 2022, deadline for serving all cases. Indeed, the lack of any activity by Actavis or Sagent is a clear indication that neither Defendant waived service of process. The fact that neither the Actavis Defendants nor Sagent posted a Defendant Fact Sheet in these cases, which by now would have been years past due, should have been a signal that Defendants had not been served. The PFS deficiency notices that were posted to MDL Centrality by co-defendants do not constitute a waiver. Indeed, each one clearly states on the front page, "This Notice is submitted on behalf of defendants ***properly served***..." (*See* Rec. Doc. 14976-3 (Kinsella deficiency notice).)

Therefore, the Notice of PFS deficiency was not served by the Actavis Defendants or Sagent, as they were not served at the time.

### C. Dismissal With Prejudice Is Warranted Under the Circumstances.

Plaintiff Kinsella argues the Court cannot dismiss a case with prejudice for failure to timely serve process, relying on *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997). Plaintiff is mistaken as to the holding in *Bann*, which is that dismissal with prejudice should be used only "where there is a clear record of delay or contumacious conduct by the plaintiff," not that a dismissal with prejudice may never be employed for failure to serve. *Id*. All three Plaintiffs argue there is no clear record of delay and contumacious conduct. That is simply untrue where three or more years have passed between the time the suit was filed and the time of attempted service, despite the institution of streamlined process to make it extremely easy to complete service, and CMO-35, expressly extending the deadline to serve for an additional period of time. *See, e.g., Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419-20 (5th Cir. 2006) (affirming dismissal that amounted to a dismissal with prejudice due to statute of limitations bar where service would have been easy and the delay in service was close to two years). Plaintiffs offer no explanation for the extreme delay other than their failure to review their inventory to ensure service had been completed. Given the circumstances, Plaintiffs' tardy requests to extend time for service yet again—made only after Defendants Actavis and Sagent moved to dismiss in accordance with CMO-35—should also be denied.

**CONCLUSION**

For the reasons set forth above, the Actavis Defendants and Sagent respectfully request that Plaintiffs' claims be dismissed with prejudice.

DATED: November 1, 2022 Respectfully submitted,

/s/ *Michael J. Suffern*
Michael J. Suffern
Jennifer Snyder Heis
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5064
Facsimile: (513) 698-5065
Email: msuffern@ulmer.com
Email: jheis@ulmer.com

*Attorneys for Actavis Pharma, Inc., Actavis LLC and Sagent Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 1, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

              */s/ Michael J. Suffern*