UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>Case Management Order No. 35 and MDL Nos.:<br>   2:19-cv-4339,<br>   2:19-cv-09602,<br>   2:19-cv-09607,<br>   2:19-cv-09586, and<br>   2:19-cv-09599. | MDL No. 16-2740<br><br>Section: "H" (5)<br><br>JUDGE JANE TRICHE MILAZZO |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR CORRECTED EMERGENCY MOTION OF CERTAIN PLAINTIFFS FOR RELIEF FROM CMO #35 and LEAVE TO ACCOMPLISH SERVICE OF PROCESS**

Plaintiffs Brenda McLaney (MDL No. 2:19-cv-4339), Madeline DelPlato (MDL No. 2:19-cv-09602), Dianna Jarrett (MDL No. 2:19-cv-09607), Joanne Sells (MDL No. 2:19-cv-09611), Justine Stewart (MDL No. 2:19-cv-09586), and Merri Scott (MDL No. 2:19-cv-09586) (collectively "Plaintiffs") – each represented by attorney Carmen D. Caruso, reply in support of their corrected emergency motion for relief from CMO #35 and leave to accomplish service of process (Dkt. 15029)[1] and in opposition to Defendants' response motion (Dkt. 14972).

In their opposition (Dkt. 14972), Defendants do not deny that Plaintiffs complied with their discovery obligations. In fact, there are no claims that any of these Plaintiffs failed to pursue their cases properly *other than* the error in perfecting

---

[1] Originally filed on October 20, 2022 (Dkt. 14962), Plaintiffs' counsel re-filed the motion on November 2, 2022 to correct a deficiency (Dkt. 15029).

1

service. Plaintiffs' counsel does not dispute Defendants' assertions that (i) these Plaintiffs did not perfect service (Dkt. 15029-3, the Declaration of Carmen D. Caruso at ¶ 8) and (ii) that these Plaintiffs belatedly filed their emergency motion for relief after the timelines set forth in CMO #35 had passed (*Id.* at ¶¶ 9-10). Plaintiffs repeat their requested relief in their emergency motion that a dismissal of these cases with prejudice would be too harsh a sanction against these Plaintiffs because they have complied with their discovery obligations.

Moreover, there is no "clear record of delay or contumacious conduct" here as argued by Defendants (Dkt. 14972, p. 3). First, Plaintiffs' counsel acted swiftly to rectify the error as soon as it was discovered. Plaintiffs' counsel learned that service was not completed for these Plaintiffs on the evening of October 19, 2022, and by October 20, 2022, Plaintiffs filed their emergency motion seeking leave to serve the Defendants (Dkt. 14962).

Second, these Plaintiffs have not engaged in contumacious conduct similar to the cases relied on by Defendants. Only where there is "a clear record of delay or contumacious conduct by the plaintiff" ..., and where lesser sanctions would not serve the best interests of justice" should these Plaintiffs' cases be dismissed with prejudice. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (cited by Defendants in Dkt. 14972 at p. 3). Here, lesser sanctions *would serve* the best interests of justice; these Plaintiffs have complied with discovery and service can be accomplished quickly once these Plaintiffs are given leave to perfect it. Further, while the aggravating factors associated with contumacious conduct must not always

2

be found, *Id*. at 418, none are found here. *Id*. ("The so-called "aggravating factors" are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.") (internal citation omitted). These Plaintiffs were not personally responsible for the delay; the Defendants were not prejudiced; and the delay was not the result of intentional conduct. There has been no willful disobedience (Dkt. 15029-3 at ¶¶ 10-13), only error that Plaintiffs' counsel immediately sought the Court's leave to correct.

For the foregoing reasons and for the reasons stated in Plaintiffs' emergency motion (Dkt. 14962, 15029), Plaintiffs Brenda McLaney (MDL No. 2:19-cv-4339), Madeline DelPlato (MDL No. 2:19-cv-09602), Dianna Jarrett (MDL No. 2:19-cv-09607), Joanne Sells (MDL No. 2:19-cv-09611), Justine Stewart (MDL No. 2:19-cv-09586), and Merri Scott (MDL No. 2:19-cv-09586) (collectively "Plaintiffs") – each represented by attorney Carmen D. Caruso – respectfully request that the Court grant their emergency motion and grant them leave to perfect service.

Dated: November 3, 2022          Respectfully submitted,

Brenda McLaney (MDL No.: 2:19-cv-4339)
Madeline DelPlato (MDL No.: 2:19-cv-09602)
Dianna Jarrett (MDL No.: 2:19-cv-09607)
Joanne Sells (MDL No.: 2:19-cv-09611)
Justine Stewart (MDL No.: 2:19-cv-09586)

By: */s/ Carmen D. Caruso*

3

Carmen D. Caruso (IL Bar # 6189462)
CARMEN D. CARUSO LAW FIRM
77 West Washington St., Ste. 1900
Chicago, IL 60602
T: (312) 626-1160

*Attorney for:*
Brenda McLaney (MDL No.: 2:19-cv-4339)
Madeline DelPlato (MDL No.: 2:19-cv-09602)
Dianna Jarrett (MDL No.: 2:19-cv-09607)
Joanne Sells (MDL No.: 2:19-cv-09611)
Justine Stewart (MDL No.: 2:19-cv-09586)

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on November 3, 2022. Notice of this filing will be sent to these parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: November 3, 2022

*/s/ Carmen D. Caruso*
Carmen D. Caruso
