## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| Elizabeth Kahn, 16-17039 | ) | |

## ORDER AND REASONS

Before the Court is Plaintiff Elizabeth Kahn's Motion for Relief from Judgment (Doc. 14217). Oral argument was held on September 14, 2022. For the following reasons, the Motion is **DENIED** without prejudice.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

This Court has tried two bellwether cases in this MDL. In March 2018, this Court selected Plaintiff Barbara Earnest to proceed with discovery in preparation for the first bellwether trial. The first bellwether trial (hereinafter, "*Earnest*") was held in September 2019, and based on the verdict rendered by

---

[1] Docetaxel is the generic version of Taxotere.

the jury at the conclusion of trial, this Court entered judgment in favor of Sanofi on September 27, 2019.[2] Earnest then filed a motion for new trial, asserting that this Court erroneously admitted the improper testimony of Sanofi's two witnesses, Dr. Kopreski and Dr. Glaspy.[3] After this Court denied her motion for new trial,[4] Earnest filed an appeal to the United States Court of Appeals for the Fifth Circuit.

While Earnest's appeal was pending, the parties proceeded to trial for the second bellwether Plaintiff Elizabeth Kahn (hereinafter, "*Kahn*").[5] Like Earnest, in preparation for the second bellwether trial, Plaintiff Elizabeth Kahn filed a Motion to Exclude Testimony of Michael Kopreski, specifically the testimony regarding the cases of "persisting alopecia" from the TAX 316 study.[6] This Court denied Plaintiff's motion on October 21, 2020, holding that Dr. Kopreski would be allowed to offer the opinions at issue but that the Court was concerned about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis.[7] Specifically, this Court held that "Plaintiff must be able to conduct a robust cross-examination of [Dr. Kopreski] in a way that is conducive for the jury" and that the Court would discuss options with counsel prior to the second bellwether trial.[8]

---

[2] Doc. 8290.
[3] Doc. 8394.
[4] Doc. 9294.
[5] Prior to both trials, Sanofi produced Dr. Michael Kopreski as its Rule 30(b)(6) deponent. Dr. Kopreski served as the head of oncology pharmacovigilance for Sanofi from 2005 to 2017. The parties deposed Dr. Kopreski multiple times between September 2018 and June 2019. In those depositions, in relevant part, Dr. Kopreski identified and testified to cases of "persisting alopecia" in patients from the "TAX 316" clinical study. The details and importance of the TAX 316 study can be found in the Court's Order and Reasons denying Plaintiff's Motion to Exclude Dr. Kopreski's Testimony. *See* Doc. 11332.
[6] Doc. 10938.
[7] Doc. 11332.
[8] *Id*. at 8.

2

In response to those discussions, Plaintiff filed a Motion to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross-Examination pursuant to this Court's Daubert Ruling and Federal Rules of Civil Procedure 43 and 45.[9] On July 26, 2021, this Court denied Plaintiff's Motion, finding that the Court could not compel Sanofi to subpoena Dr. Kopreski for Sanofi's case-in-chief.[10] However, this Court found that Rules 43 and 45 would permit Plaintiff to compel the live testimony of Dr. Kopreski for good cause.

Thereafter, on September 30, 2021, Plaintiff requested the subpoena that was subsequently served on Dr. Kopreski, compelling him to appear and testify in the United States District Court for the Eastern District of Louisiana via live remote videoconferencing on November 15, 2021—the date that Sanofi was scheduled to begin making its case-in-chief during trial. Dr. Kopreski filed a motion to quash the subpoena, which this Court denied.[11] This Court found that good cause and compelling circumstances existed, entitling Kahn to cross-examine Dr. Kopreski via live remote videoconferencing if Sanofi called Dr. Kopreski during its case-in-chief.[12] To ensure fundamental fairness, however, this Court held that Kahn was prohibited from presenting both Dr. Kopreski's deposition testimony during her case-in-chief and his live testimony in Defendants' case-in-chief.[13] That is, Plaintiff Kahn had to choose one method of presenting Dr. Kopreski's testimony.

At trial, Kahn chose not to present Dr. Kopreski's testimony; she neither called Dr. Kopreski live nor used his deposition testimony during her case-in-chief. Sanofi also did not present Dr. Kopreski's testimony during its case-in-chief. Nor did Sanofi present testimony from its expert, Dr. Ellen Chang, who

---

[9] Doc. 13058.
[10] Doc. 13140.
[11] In re: Dr. Michael S. Kopreski, No. 2:21-MC-1919, Doc. 14 (E.D. La. Nov. 3, 2021).
[12] *Id*. at 13.
[13] *Id*.

had performed an independent analysis of the TAX316 clinical data and reached the same "six patient" conclusion as Dr. Kopreski. Indeed, the underlying analysis of the 29 patients in the TAX316 study—which had been addressed by both parties in the *Earnest* trial and which was the subject of the Fifth Circuit's ruling—was not presented during Kahn's trial.

On November 18, 2021, the jury rendered a verdict for Sanofi and found that Plaintiff Kahn had not proven that Sanofi failed to take reasonable care to provide an adequate warning to her prescribing physicians about the risk of permanent alopecia associated with Taxotere.[14] Because the jury found in Sanofi's favor on label adequacy—the first question on the verdict form—the jury did not reach any questions of causation in Kahn's case. As a result, on November 22, 2021, this Court issued an Order dismissing the *Kahn* matter.[15] On December 20, 2021, Plaintiff Kahn filed a notice of appeal.[16]

On February 10, 2022, while Kahn's appeal was pending, the Fifth Circuit issued the *Earnest* opinion.[17] The Fifth Circuit found that this Court erred in its evidentiary rulings regarding Drs. Kopreski and Glaspy and that, in turn, Earnest's substantial rights during trial were prejudiced. Accordingly, the Fifth Circuit reversed this Court's judgment in favor of Sanofi and remanded the case to this Court for further proceedings in accordance with its opinion. Thereafter, on May 17, 2022, Plaintiff Kahn filed the instant Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).[18] Defendants oppose.

---

[14] Doc. 13436.
[15] Doc. 13447.
[16] Doc. 13599.
[17] In re: Taxotere (Docetaxel) Prod. Liab. Litig., 26 F.4th 256 (5th Cir. 2022) ("*Earnest*").
[18] Doc. 14217.

## LEGAL STANDARD

Plaintiff seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which permits the court to relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time."[19]

## LAW AND ANALYSIS

As Plaintiff Kahn's case is pending appeal before the Fifth Circuit, this Court is divested of jurisdiction to grant her Motion.[20] When a case is stayed pending appeal, Federal Rule of Civil Procedure 62.1 provides that a district court, upon motion for relief under Rule 60, may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[21] Plaintiff Kahn asks for the third option; specifically, she requests an order from this Court indicating that it would grant her relief from judgment and a new trial with revised pretrial rulings on admissibility of Dr.

---

[19] Fed. R. Civ. P. 60(c).
[20] *See* Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004) ("Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion . . . it no longer has the jurisdiction to grant such a motion while the appeal is pending.").
[21] Fed. R. Civ. P. 62.1.

Kopreski's testimony—also referred to as an "indicative ruling" or an "indicative order."

Plaintiff Kahn urges this Court to indicate that she is entitled to relief under Rule 60(b)(5), or in the alternative, under Rule 60(b)(6). Rule 60(b)(5) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" if it is "based on an earlier judgment that has been reversed or vacated."[22] "[A] decision is 'based on' a prior judgment when it is 'a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.'"[23] Plaintiff contends that "because the *Daubert* pretrial rulings allowing lay witness expert testimony of Kopreski in *Kahn* are now erroneous under this Court's *Earnest* opinion, the final judgment dismissing Kahn's matter following the jury verdict was based on an earlier judgment that has been reversed or vacated."[24] Alternatively, Plaintiff appears to argue that relief from judgment is warranted under Rule 60(b)(6), which permits the Court to relieve a party from final judgment for "any other [unenumerated] reason that justifies relief."[25]

Pursuant to Rule 62.1(a)(1), however, this Court elects to defer judgment on this Motion. Rule 62.1 is based on the premise that the "filing of a notice of appeal is an event of jurisdictional significance" and "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a

---

[22] Doc. 14217-1 at 7−8 (citing Fed. R. Civ. P. 60(b)(5)).

[23] Flowers v. S. Reg'l Physician Servs. Inc., 286 F.3d 798, 802 (5th Cir. 2002) (quoting Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990)).

[24] Doc. 14217-1 at 7−8 (citing Fed. R. Civ. P. 60(b)(5)).

[25] *See* Doc. 14217-1 at 5 (citing Fed. R. Civ. P. 60(b)(6)). In her reply brief, Kahn argues that her Motion "documents the extraordinary circumstances required by Rule 60(b) to grant her the requested relief from judgment." Doc. 14356. This reference to "extraordinary circumstances" implies that Kahn is invoking relief under Rule 60(b)(6) and apparently for the same reasons that she requested relief under 60(b)(5).

case simultaneously."[26] Therefore, this Court defers consideration of the instant Motion until Plaintiff Kahn's appeal is resolved.

## CONCLUSION

Accordingly, for the foregoing reasons, the Motion for Relief from Judgment (Doc. 14217) is **DENIED** without prejudice.

New Orleans, Louisiana, this 4th day of November, 2022.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

7