UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)       MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO

Plaintiff Name: Omatee Carrasco
Case No.: 2:18-cv-08588

## PLAINTIFF OMATEE CARRASCO'S RESPONSE IN OPPOSITION TO ACCORD HEALTHCARE, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4

Plaintiff seeks a denial of Defendant's request to dismiss with prejudice pursuant to Federal Rules 12(b)(5) and 41(b) for insufficient service of process and failure to comply with CMO 35.

In this case, the court entered CMO 35 on July 26, 2022, to allow Plaintiffs additional time to effectuate service on the Defendants not previously served. However, this CMO did not come with an exhibit list of Plaintiffs who failed to effectuate proper service of process on Defendants, relying on Counsel to inspect their files to see whether they were able to determine if service had been conducted in each of their cases.

Federal Rule of Civil Procedure 4(m) allows the court to extend time for service if good cause is shown, even in the absence of good cause. (*Newby v. Enron Corp*., 284 F. App'x 146, 149 (5th Cir. 2008). Plaintiff has good cause and a reasonable belief that proper service had been effectuated in her case, thereby determining that CMO 35 had not applied to her in absence of an exhibit to the contrary.

For the reasons and facts set forth below, Plaintiff asks that the Defendant's motion to dismiss be denied in her case.

## FACTS

Plaintiff Omatee Carrasco, through her counsel, was originally filed as part of a joint complaint in California state court on December 11, 2017 in Alameda County. Exh. A Through the state court proceeding, there was no streamlined service of process and Defendants received summons through normal means of service. However, the state court process became complicated as Plaintiffs on the complaint were moved and severed shortly after filing to the Northern District of California on March 8, 2018, then moved to the MDL on March 14, 2018, with official severance order in the MDL on July 30, 2018. Exh. B.

In attempting to comply with the various brand-new MDL procedures for those clients, a Short Form Complaint was filed on September 13, 2018 (Exh. C), and a Plaintiff Fact Sheet was served on January 22, 2019 (Exh. D), along with NDC codes properly identifying the generic manufacturers. The other generic manufacturer had also been actively participating and served a Defendant Fact Sheet in this case. Exh. E.

Upon Plaintiff's inclusion on Sandoz's and later Accord's exhibit for their Motion to Dismiss, Counsel did further investigation into early 2018 and concluded that in state court, Accord had mistakenly not been served though other Defendants had. Accord was then immediately served on October 6, 2022. Exh. F. Due to the length of time, Plaintiff is unable to determine the exact cause of this inadvertent mistake but can reasonably conclude that it was not intentional as some Defendants had been served during the state court proceeding. However, through the various transfers in venues, the fact that the other generic manufacturer had been actively participating in the litigation, and that the case management software had been

mistakenly updated to reflect all Defendants had been served, it was reasonably concluded in a cursory investigation that CMO 35 did not apply to her.

## ARGUMENT

The court issued discretion through CMO 35 to allow Plaintiffs to serve Defendants previously not served. As Defendants did not provide an exhibit as to which cases they believe did not effectuate proper service, Counsel was left to their own devices to look through each case to try to determine whether CMO 35 applied to them.

Under Federal Rule of Civil Procedure 41(b), dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff," and a finding that "lesser sanctions would not serve the best interest of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Through this delay, the plaintiff's conduct would need to have been such that it "threatened the integrity of the judicial process." *Millan v. USAA General Indem. Co.*, 546 F. 3d 321, 327 (5th Cir. 2008).

Plaintiff reasonably believed that through the various transfers in venue, compliance with new procedures in the MDL, the fact that the other generic Defendant identified on her complaint had been participating with a Defendant Fact Sheet, and the inclusion in the case management software that all Defendants had been served though apparently only half had been, it was reasonable though mistakenly believed Accord had been served.

As Plaintiff had not been specifically identified as being one that was subject to CMO 35, investigation into the file showed that at least one of the two generic manufacturers was an active Defendant and had received materials indicating they were aware of Plaintiff's suit and had been an active participant in the discovery process, as though they had been properly served.

Upon realization of this mistaken belief that CMO 35 did not apply to this case, both the other Defendant and Accord were immediately served. Accord is not prejudiced by this inadvertent and accidental mistake as they have had access to all materials provided during the scope of litigation, including the original National Drug Code identified medical records.

Plaintiff has demonstrated a reasonable attempt to determine whether they were subject to CMO 35 without presence of an exhibit identifying them, and reasonably though mistakenly concluded Accord had been served, thereby not subject to response of CMO 35. Plaintiff's participation in this litigation and good faith attempts to follow procedures therefore does not rise to the level of delay or contumacious conduct that would threaten the integrity of the judicial process.

## **CONCLUSION**

Plaintiff asks this Court to take into account all relevant circumstances regarding Plaintiff's belief that service had been effectuated in conjunction with their continued action to proceed in litigation. Plaintiff did not willfully disregard CMO 35, but reasonably though mistakenly concluded it did not apply to them. Therefore, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss with Prejudice.

Dated: November 7, 2022                                  Respectfully Submitted,

                                                                              _____
                                                                              C. Brooks Cutter, CA 121407
                                                                              Jennifer S. Domer, CA 305822
                                                                              Cutter Law, P.C.

        401 Watt Ave.
        Sacramento, CA 95864
        (916) 290-9400
        bcutter@cutterlaw.com
        jdomer@cutterlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 7th day of November 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

        */s/ C. Brooks Cutter*