UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | § § § § | MDL NO. 2740 |
| | | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | § § § | HON. JAE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Patricia Lepore v.* *Sanofi US Services, Inc., et. al,* Case No. 2:21-cv-00700 | § § § § § | |

**PLAINTIFF PATRICIA LEPORE'S RESPONSE TO ACCORD HEALTHCARE INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Plaintiff Patricia Lepore, by and through her counsel of record, the Nachawati Law Group, submits her response to Defendant Accord Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4, and respectfully requests the Court, pursuant to Fed. R. Civ. P. Rule 6(b), to extend the time for Plaintiff to comply with CMO 35, for reasons as follows:

1. While Defendant Accord Healthcare Inc. was named in Plaintiff's original complaint, Plaintiff admits she does not have documentary evidence of proof service on Defendant Accord Healthcare Inc. from the at time. Counsel for Plaintiff has been unable to access the email archives from the person who was responsible for effectuating service at the time summons were issued.

2. As of October 7, 2022, Plaintiff confirmed service on Defendant Accord Healthcare Inc. in accordance with PTO 30. *Attached as Ex. 1.* While Defense states that service

1

was sent to the wrong email address under CMO 35, receipt of service was confirmed, also on October 7, 2022, by a responsive message. Id. Defense was then served again at the email address listed in CMO 35 after this Motion was received. *Attached as Ex. 1.*

3. Dismissals without prejudice for failure to timely serve a complaint, while permitted by the Fifth Circuit, are held to a more stringent standard if the Plaintiff's case would be time-barred due to the expiration of the statute of limitations. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006).

4. Dismissal with prejudice under these circumstances requires "a clear record of delay or contumacious conduct by the plaintiff' ... and where lesser sanctions would not serve the best interests of justice." Id. The cases where the Fifth Circuit has affirmed such dismissals generally involve circumstances where the Plaintiff did not perfect service despite repeated warnings by the Court that they should do so.

5. The factual record here demonstrates inadvertence, not contumacious conduct. Counsel for Plaintiff first became aware of this defect in service when Defendant Accord Healthcare Inc. filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 ("CMO 35"). Prior to Defendant's Motion to Dismiss, Plaintiff was unaware of this inadvertent error and excusable neglect. Plaintiff has, otherwise, complied with all pre-trial orders and completed and served her PFS through MDL Centrality. *See Exhibit 2.* This is not a circumstance where Plaintiff's failure to serve her complaint reflects a failure to prosecute, justifying dismissal with prejudice.

6. While delay alone may be sufficient to justify dismissal under Rule 4, it is usually in instances with decayed evidence or a defendant's reliance on an expired statute of

limitations. *Sealed Appellant v. Sealed Appellee*, 452 F.3d at 418-19. The Fifth Circuit typically looks for "aggravating factors" other than delay when determining whether to apply the extraordinary remedy of dismissal, especially when the matter would be time barred from the dismissal. Aggravating factors can include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." Id. at 418. Plaintiff has not engaged in intentional conduct that resulted in the delay in this instance.

7. To date, there has been no settlement discussions and this case has not been set for trial. Furthermore, Defendant Accord Healthcare Inc. had direct knowledge of Plaintiff's asserted claim in light of the deficiency notice as it relates to this matter's Plaintiff Fact Sheet served on Plaintiff via MDL Centrality on January 21, 2022. *See Exhibit 2*.

8. To grant an extension of time to comply with CMO 35 would not unnecessarily delay trial or significantly disrupt the progression of this case. As such, the Defendant would not be harmed or unfairly prejudice should the Court grant the extension of time for effectuating service and Defendant's Motion to Dismiss should be denied.

9. Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(B), the time for effectuating service may be extended on motion made after the time has expired if the party failed to act because of excusable neglect. Good cause existed for the extension of time to comply with CMO 35 and Rule 4, as the failure to serve Defendant was not the result of blatant disregard or contempt of the Court's orders but rather excusable neglect.

WHEREFORE, Plaintiff, Patricia Lepore, prays that the Court enter an Order extending the time for Plaintiff to comply with CMO 35, from August 31, 2022 to such a time as is fair and reasonable to perfect service if the court agrees that Defendant Accord Healthcare Inc. has not yet been properly served, and denying Defendant Accord Healthcare Inc.'s Motion to Dismiss for Failure to Comply with CMO 35 as moot. Plaintiff prays for such other appropriate relief.

Dated: November 9, 2022

FEARS NACHAWATI LAW FIRM

/s/ Danae N. Benton
Danae N. Benton
State Bar of Texas 24080422
Gibbs Henderson
State Bar of Texas 24041084
5489 Blair Rd.
Dallas, TX 75231
Phone: 214-890-0711
Fax: 214-890-0712
Email: dbenton@fnlawfirm.com
         taxotere@fnlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and served on November 9, 2022, via the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Danae N. Benton
Danae N. Benton
State Bar of Texas 24080422
Gibbs Henderson
State Bar of Texas 24041084
5489 Blair Rd.
Dallas, TX 75231
Phone: 214-890-0711
Fax: 214-890-0712
Email: dbenton@fnlawfirm.com
       taxotere@fnlawfirm.com

# EXHIBIT 1

# Danae Benton

| | |
|---|---|
| **From:** | Andrew Williams |
| **Sent:** | Friday, October 7, 2022 12:50 PM |
| **To:** | Accord Healthcare - PTO 29 (docetaxel@keoghcox.com) |
| **Cc:** | filing |
| **Subject:** | Patricia Lepore- Eastern District of Louisiana |
| **Attachments:** | Lepore, Patricia_TAX_SFC (FS).pdf; Lepore, Patricia_TAX_Accord Summon.pdf |

**Dear Counsel,**

Pursuant to PTO 29, please see attached complaint and summons for Lepore, Patricia 2:21-cv-00700.

Please let us know if you have any questions or concerns. Counsel of records is as follows.

Gibbs C. Henderson
ghenderson@fnlawfirm.com
taxotere@fnlawfirm.com
FEARS NACHAWATI, PLLC
5489 Blair Road
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Sincerely,
**Andrew Williams**
Legal Assistant
Fears Nachawati Law Firm
5489 Blair Road
Dallas, TX 75231
(214) 890-0711
www.fnlawfirm.com

| | |
|---|---|
| **From:** | Docetaxel |
| **To:** | Andrew Williams |
| **Subject:** | Message Received |
| **Date:** | Friday, October 7, 2022 12:53:41 PM |

Thank you. Your e-mail has been received.

| | |
|---|---|
| **From:** | Andrew Williams |
| **To:** | AccordService@tuckerellis.com |
| **Cc:** | Filing |
| **Subject:** | Patricia Lepore- Eastern District of Louisiana |
| **Date:** | Monday, October 24, 2022 3:20:00 PM |
| **Attachments:** | Lepore, Patricia_TAX_SFC (FS).pdf |
| | image001.png |
| | Lepore, Patricia_TAX_Accord Summon.pdf |

**Dear Counsel,**

Pursuant to PTO 29, please see attached complaint and summons for Lepore, Patricia 2:21-cv-00700. Please let us know if you have any questions or concerns. Counsel of records is as follows.

Gibbs C. Henderson

ghenderson@fnlawfirm.com

taxotere@fnlawfirm.com

FEARS NACHAWATI, PLLC

5489 Blair Road

Dallas, TX 75231

Tel. (214) 890-0711

Fax (214) 890-0712

Sincerely,

# Andrew Williams
## Filing Team Leader

**D:** 214-461-6196 **O:** 214-890-0711 **F:** 214-890-0712
**E:** awilliams@Ntrial.com

5489 Blair Rd. / Dallas, TX 75231
**ntrial.com**

**LAW IS OUR PASSION. JUSTICE IS OUR BUSINESS.**

**Confidentiality Notice:** The information contained in this email message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error please notify us immediately by telephone and return the original message to us by mail. Thank you.

# EXHIBIT 2




**MDL 2740 - Taxotere** — Search Results

[Return to Search Results] [Edit Plaintiff Information]

## Plaintiff Information

| | | | |
|---|---|---|---|
| Plaintiff ID: | 15650 | DOB: | 01/05/1954 |
| Name: | PATRICIA LEPORE | Email: | |
| Most Recent PFS Submitted: | 10/13/2022 | | |

## Plaintiff Snapshot

| | | | |
|---|---|---|---|
| Treated with Taxotere: | No | Treated with Generic: | Yes  *Comments* |
| Drug Name: | Accord Healthcare, Inc. | Unknown Certification: | |
| Treatment Dates: | 10/25/2017 to 02/28/2018 | Docket No.: | 2:21-cv-00700 |
| Properly Executed Verification of PFS: | View | Proof of Injury - Medical Documentation: | N/A |
| Proof of Injury - Before & After Photographs: | View | Law Firm: | Fears | Nachawati |

## Documents

[View Documents] [Upload] [Deficiency Response]

### Uploaded Files

Filter: ALL

| Document ID | Document Type | Upload Date | Delete |
|---|---|---|---|
| 536139 | Properly Executed Verification of PFS | 10/13/2022 | Remove |
| 536137 | First Amended Plaintiff Fact Sheet | 10/13/2022 | |
| 536136 | CMO 12 Product Identification | 10/13/2022 | Remove |
| 527643 | Hospira Defendant Fact Sheet | 03/15/2022 | |
| 527642 | Defendant Fact Sheet Certification - Hospira | 03/15/2022 | |
| 526577 | Deficiency Notice | 01/25/2022 | |
| 526506 | Properly Executed Verification of PFS | 01/21/2022 | Remove |
| 526504 | Plaintiff Fact Sheet | 01/21/2022 | |
| 526202 | PTO 71 Written Statement | 01/10/2022 | Remove |
| 526201 | Employment Authorization | 01/10/2022 | Remove |
| 526200 | HIPAA Authorization | 01/10/2022 | |
| 526191 | Workers Compensation Authorization | 01/07/2022 | Remove |
| 526190 | Psychiatric Records Authorization | 01/07/2022 | Remove |
| 526189 | Health Insurance Record Authorization | 01/07/2022 | Remove |
| 526188 | Disability Claims Authorization | 01/07/2022 | Remove |
| 526187 | Proof of Injury - Before & After Photographs - Before 5-15-2016 | 01/07/2022 | Remove |
| 526186 | Proof of Injury - Before & After Photographs - Before 12-29-99 | 01/07/2022 | Remove |
| 526185 | Proof of Injury - Before & After Photographs - Before - Jan 2016 | 01/07/2022 | Remove |
| 526184 | Proof of Injury - Before & After Photographs - Before 7-22-17 | 01/07/2022 | Remove |
| 526183 | Proof of Injury - Before & After Photographs - After 1-15-21 Top of head | 01/07/2022 | Remove |
| 526182 | Proof of Injury - Before & After Photographs - After 1-15-21 Right side | 01/07/2022 | Remove |
| 526181 | Proof of Injury - Before & After Photographs - After 1-15-21 Left Side | 01/07/2022 | Remove |
| 526180 | Proof of Injury - Before & After Photographs - After 1-15-21 Front | 01/07/2022 | Remove |
| 526179 | Proof of Injury - Before & After Photographs - After 1-15-21 Back of head | 01/07/2022 | Remove |
| 526177 | Proof of Use -- Medical Records | 01/07/2022 | Remove |

Back To MDL Centrality