UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740<br><br>SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |
| *Patricia Lepore v.*<br>*Sanofi US Services Inc., et al.,*<br>Case No. 2:21-cv-00700 | : : : : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Plaintiff's opposition (Rec. Doc. 15089) fails to demonstrate either good cause for her years-long delay serving her complaint or a justification for her inability to comply with this Court's order granting an extension of time to effect service on Accord.[1] As set forth in Accord's opening brief (Rec. Doc. 14967-1 at 1-2), this Court has already considered all of Plaintiff's "inadvertent mistake" arguments, and in issuing Case Management Order No. 35 ("CMO 35"), 1) unequivocally placed the onus on Plaintiffs to effect service of process; 2) provided a grace period through August 31, 2022 to do so; and 3) subjected Plaintiffs who fail to do so to "dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (CMO 35, Rec. Doc. 14456.) Because Plaintiff failed to attempt to serve Accord until October 6, 2022, dismissal with prejudice as to Accord is warranted.

---

[1] On October 24, 2022 Accord was served at its appropriate email address as set forth in its streamlined service order.

I.  **PLAINTIFF'S FAILURE TO COMPLY WITH CMO 35 IS CONTUMACIOUS CONDUCT WARRANTING DISMISSAL AND DOES NOT JUSTIFY FURTHER DISCRETION TO AGAIN EXTEND THE TIME FOR SERVICE**

The Fifth Circuit and this Court have made clear that even if Plaintiff's claims would be time-barred upon dismissal for lack of service or late service, dismissal is warranted if there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice." *See* Order and Reasons, *Walker v. Accord Healthcare, Inc.*, ("*Walker* Order") Rec. Doc. 14452 at 4-5 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)); Order and Reasons, *Semeniuk, et al. v. Accord Healthcare, Inc.*, ("*Semeniuk* Order) Rec. Doc. 14453 at 4-5 (same). As this Court has recognized, "it is a party's 'willful disobedience of a court order'" that rises to the level of contumacious conduct warranting dismissal. *See Walker* Order, Rec. Doc. 14452 at 5 (quoting *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020)); *Semeniuk* Order, Rec. Doc. 14453 at 5 (same). Here, the parameters of CMO 35 were clear: Plaintiffs must serve Defendants by August 31, 2022 or be subject to dismissal with prejudice. Because Plaintiff has willfully disregarded CMO 35, no further grace should be extended and her claims as to Accord should be dismissed with prejudice.

Indeed, Plaintiff does not even attempt to justify her noncompliance. This Court has already been generous with Plaintiff simply by entering CMO 35 and putting Plaintiff on notice of this obligation. Accord relied upon that service deadline in assessing its global case inventory (for example, in terms of evaluating potential defenses and identifying PTO 22 deficiencies), anticipating that no further untimely claims would be permitted following the August 31, 2022 deadline. As the Fifth Circuit has explained, "failure to serve process within the statute of limitations period is extremely prejudicial" because a potential defendant that has not been served is entitled to expect that it no longer has to defend against the claim. *Sealed Appellant v. Sealed Appellee*, 453 F. 3d 417,

2

5791391

418 (5th Cir. 2006). As such, Accord is entitled to expect that it no longer has to defend against Plaintiff's claims; otherwise, the statute of limitations is effectively meaningless as to Plaintiff's stale claims for as long as Plaintiff is graced with extensions to effect service, even years later.

## II. PLAINTIFF'S PARTICIPATION IN THIS MDL DOES NOT IMPUTE KNOWLEDGE ON ACCORD

Plaintiff's submissions to MDL Centrality (*see* Pl.'s Opp. at 3) do not have "the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure." (*See* Pretrial Order No. 1 ¶ 3.) While MDL Centrality may issue filing notifications, Accord tracks notifications only for cases in which it has been named and properly served, consistent with the Federal Rules of Civil Procedure and this Court's orders.

Moreover, Accord has not participated in this case; indeed, it was not aware of any purported involvement because it had never been served. A simple review of Plaintiff's MDL Centrality profile, attached to Plaintiff's motion as Ex. 2, confirms that Accord has never reviewed her Fact Sheet, issued any deficiency notices, submitted a Defendant Fact Sheet, or otherwise litigated Plaintiff's case. Simply put, Accord had no notice or knowledge of this case until Plaintiff attempted to serve it at the wrong streamlined service address on October 6, 2022—years after it was filed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's failure to comply with CMO 35 rises to the level of "contumacious conduct" and shows willful disregard of this Court's order. Accordingly, dismissal with prejudice as to Accord is warranted.

3

5791391

DATED:  November 14, 2022          Respectfully submitted,

                                                                                 */s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:     216.592.5000
Facsimile:     216.592.5009
Email:         julie.callsen@tuckerellis.com
Email:         brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

5791391

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 14, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Julie A. Callsen*
Julie A. Callsen

*One of the Attorneys for Defendant
Accord Healthcare, Inc.*

5791391