UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to all cases. | ) | |

## ORDER AND REASONS

Before the Court is a Motion to Modify Pretrial Order No. 19 (Doc. 14621). Oral argument was heard on November 4, 2022. For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In February 2017, the Court entered Pretrial Order No. 19 ("PTO 19"), which provides rules and guidelines regulating all common benefit work and

---

[1] Docetaxel is the generic version of Taxotere, though the Court uses the term "generic" loosely.

expenses.[2] The Order includes an 8% holdback assessment—6% for attorneys' fees and 2% for expenses—stemming from "any and all amounts paid by defendants through settlement or pursuant to a judgment."[3] On September 6, 2022, the Plaintiffs' Steering Committee ("PSC") filed the instant Motion to Modify PTO 19, seeking to increase the holdback for common benefit attorneys' fees from a 6% holdback on the Gross Monetary Recovery to a 15% holdback, and to increase the holdback for common benefit costs from a 2% holdback on the Gross Monetary Recovery to a 4.75% holdback.[4] Memoranda in opposition were filed by Sanofi, Plaintiffs represented by Johnson Law Group, and Plaintiffs represented by Fears Nachawati.[5]

## LAW AND ANALYSIS

Plaintiffs represented by Johnson Law Group ("JLG") and Fears Nachawati oppose PSC's Motion, arguing that the request is premature, unreasonable, and unsupported by evidence. Particularly regarding common benefit attorneys' fees, Plaintiffs aver that PSC's requested increase is not based on any accepted methodology for calculating common benefit fees, such as the lodestar method, the percentage method, or the blended method. Sanofi also opposes the Motion, urging that PSC must articulate some substantive basis to support their requested increase, such as a change in circumstances, unanticipated events, or exemplary litigation results. Sanofi further contends that it will be financially prejudiced if the Motion is granted because the proposed increase "effectively closes off the potential for any meaningful

---

[2] Doc. 262.
[3] *Id.* at 24–25.
[4] Doc. 14621.
[5] Docs. 14750, 14749, and 14752.

settlement discussions with individual, non-PSC counsel who control thousands of cases."[6]

The Court disagrees. Upon review of the memoranda in opposition, it appears that the Objectors misapprehend the nature of PSC's request. Specifically, the Objectors conflate the implementation of holdbacks with a final assessment of common benefit fees and expenses. PSC is only requesting this Court to increase the percentages initially set in PTO 19, which represent holdbacks, not disbursements.[7] Indeed, PTO 19 is clear that "the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order."[8] Rather,

> such common benefit payments for fees and reimbursement for costs, if later supported by evidence of the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, will later be awarded and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.[9]

Thus, when PSC eventually requests approval from this Court for payment of fees and reimbursement of expenses advanced, the Court will evaluate such request pursuant to applicable law.

PTO 19 further provides that the original 8% assessment is "preliminary in nature . . . and is subject to revision, upward or downward, pursuant to

---

[6] Doc. 14750 at 5.
[7] *See, e.g.,* Turner v. Murphy Oil, 422 F. Supp. 2d 676, 681 (E.D.La.2006) ("It is important to note that these are set-asides, not disbursements: no amounts are paid to attorneys from the set-aside fund until the attorneys demonstrate that they have worked for the common benefit."); *see also In re* Zyprexa Prods. Liab. Litig., 467 F. Supp. 2d 256, 265 ("The common benefit fund set-aside is a holdback, not a levy.").
[8] Doc. 262 at 26.
[9] *Id.*

subsequent Orders of this Court."[10] Considering this 8% holdback was implemented at the inception of this MDL, before any discovery was done, trials were held, appeals were taken, and numerous motions were prepared, opposed, and argued, the Court finds it necessary and appropriate to increase the holdback for common benefit attorneys' fees from 6% on the Gross Monetary Recovery to 15% on the Gross Monetary Recovery and to increase the holdback for common benefit costs from 2% on the Gross Monetary Recovery to 4.75% on the Gross Monetary Recovery.

## CONCLUSION

Accordingly, for the foregoing reasons, the Motion to Modify Pretrial Order No. 19 (Doc. 14621) is **GRANTED**.

New Orleans, Louisiana, this 14th day of November, 2022.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at 25–26.