UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Omatee Carrasco v. Sandoz Inc., et al.* Case No. 2:18-cv-08588 | : : : | |

**DEFENDANT ACCORD HEALTHCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35 AND FRCP 4**

Plaintiff's opposition (Rec. Doc. 15073) fails to demonstrate either good cause for her years-long delay serving her complaint or a justification for her inability to comply with this Court's order granting an extension of time to effect service on Accord. As set forth in Accord's opening brief (Rec. Doc. 14966-1 at 1-2), this Court has already considered all of Plaintiff's arguments, and in issuing Case Management Order No. 35 ("CMO 35"), 1) unequivocally placed the onus on Plaintiffs to effect service of process; 2) provided a grace period through August 31, 2022 to do so; and 3) subjected Plaintiffs who fail to do so to "dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." (CMO 35, Rec. Doc. 14456.) Thus, dismissal with prejudice as to Accord is warranted.

5788074

**I.     ATTORNEY "MISTAKE" FALLS SQUARELY WITHIN THE CATEGORY OF INADVERTENCE, MISTAKE, OR IGNORANCE OF COUNSEL, NOT EXCUSABLE NEGLECT, AND THEREFORE, CANNOT ESTABLISH GOOD CAUSE**

The Fifth Circuit has held that neither inadvertence of attorney nor support staff misdeed or error constitutes good cause. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that where "counsel had instructed his secretary to serve the papers. . . is surely not good cause or (even) excusable neglect"); *see also Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110 (W.D. La. 1991) (dismissing action where plaintiff failed to timely serve the complaint due to actions of his temporary secretary); *Lauderdale v. Caballero*, No. CV 17-4152, 2018 WL 2985316, at *3 n.4 (E.D. La. June 14, 2018) (noting that, "[i]t is regrettable that plaintiffs' counsel fastens blame on his secretary. . . for lapses attributable entirely to him."). As such, counsel's "mistake" (*see generally* Pl.'s Opp.) does not constitute excusable neglect or establish good cause.

Indeed, Plaintiff does not even attempt to justify her noncompliance and instead inexplicably seeks to shift blame to Accord—which was not even aware of this case—for not identifying the case in an appendix to CMO-35. (*See* Pl.'s Opp. at 3).[1] But as indicated by the Court at the July 22, 2022 general conference,

> THE COURT: ***And I want plaintiffs' counsel to understand that it is the obligation of the plaintiff to properly serve and you should not anticipate some notice coming from a defendant to say, oh, by the way, I have not been served. It's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant.*** And so I am -- this is an obligation of the plaintiff and the plaintiff only, and I will give you until August 31st to verify proper service.

*See* Ex. A to Accord's Mot., Rec. Doc. 14960-2, at 7:15-24 (emphasis added).

---

[1] CMO-35 indicates in the caption that "[t]his document relates to all cases." (Rec. Doc. 14456.)

5788074

This Court has already been generous with Plaintiffs simply by entering CMO 35 and putting Plaintiffs on notice of this obligation. Accord relied upon that service deadline in assessing its global case inventory (for example, in terms of evaluating potential defenses and identifying PTO 22 deficiencies), anticipating that no further untimely claims would be permitted following the August 31, 2022 deadline. As the Fifth Circuit has explained, "failure to serve process within the statute of limitations period is extremely prejudicial" because a potential defendant that has not been served is entitled to expect that it no longer has to defend against the claim. *Sealed Appellant v. Sealed Appellee*, 453 F. 3d 417, 418 (5th Cir. 2006). As such, Accord is entitled to expect that it no longer has to defend against Plaintiff's claims; otherwise, the statute of limitations is effectively meaningless as to Plaintiff's stale claims for as long as Plaintiff is graced with extensions to effect service, even years later.

## II. PLAINTIFF'S PARTICIPATION IN THIS MDL DOES NOT IMPUTE KNOWLEDGE ON ACCORD

Plaintiff's submissions to MDL Centrality (*see* Pl.'s Opp. at 3) do not have "the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure." (*See* Pretrial Order No. 1 ¶ 3.) While MDL Centrality may issue filing notifications, Accord tracks notifications only for cases in which it has been named and properly served, consistent with the Federal Rules of Civil Procedure and this Court's orders.

Moreover, Accord has not participated in this case; indeed, it was not aware of any purported involvement because it had never been served. That Plaintiff may have served other Defendants (Pl.'s Opp. at 3) has no impact as to its service obligations as to Accord. A simple review of Plaintiff's MDL Centrality profile confirms that Accord has never reviewed her Fact Sheet, issued any deficiency notices, submitted a Defendant Fact Sheet, or otherwise litigated

3

Plaintiff's case. Simply put, Accord had no notice or knowledge of this case until served on October 6, 2022—years after it was filed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "mistake" does not establish good cause to extend their service deadline yet again. Accordingly, dismissal with prejudice as to Accord is warranted.

DATED: November 14, 2022                    Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:   216.592.5009
Email:       julie.callsen@tuckerellis.com
Email:       brenda.sweet@tuckerellis.com

*Attorneys for Defendant Accord Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, I electronically filed the forgoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                                    */s/ Julie A. Callsen*
                                    Julie A. Callsen

                                    *One of the Attorneys for Defendant*
                                    *Accord Healthcare, Inc.*

5788074