UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) ) | | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | |
| ) | | SECTION: "H" (5) |
| THIS DOCUMENT RELATES TO: ) | | |
| ALL ACTIONS ) | | |

CASE MANAGEMENT ORDER NO. 37

(PHYSICIAN WITNESS FEES IN WAVE CASES)

1. In Wave One cases, pursuant to Case Management Order No. 33, up to four depositions in each case are allowed, including of the plaintiff's prescribing physician. CMO 33, at ¶ 6 (R. Doc. 13946). The plaintiff shall be allowed to examine half the doctors first and the defendants shall be allowed to examine half the doctors first ("examination priority"). *Id.* at ¶ 7.

2. Case Management Order No. 34B sets forth said examination priority, assigning examination priority in roughly half the cases to plaintiffs and in roughly half the cases to Sanofi. CMO 34B, at *2 and Appendix 1 (R. Doc. 14575).

3. The Court has ordered that the parties equally share the physician charges for their appearances at Wave depositions. Minute Entry (Sept. 15, 2022) (R. Doc. 14704).

4. Further, whichever party holds examination priority is responsible for scheduling the deposition of the physicians, unless the other party has already made contact and is handling the same. In addition to obtaining dates for the physician's potential deposition, the party should obtain the witness's fee schedule, curriculum vitae and share the available dates, fee schedule, and curriculum vitae with the other side.

5. If the party holding examination priority is unwilling to pay the witness's fees to proceed with the deposition, they shall so advise the other party. The other party then may elect to

1

pay the witness's entire fee in exchange for assuming examination priority.

6. If neither party is willing to pay the witness's fees to proceed with the deposition, the case may be ineligible for remand at this time, or the Court may consider other appropriate relief.

7. Furthermore, each party's equal (or under the circumstances described above, full share) of the physician's charges for Wave depositions must be paid as required by the physician in order to secure his or her appearance at the deposition, but in no event more than 45 days following receipt of a final bill for the physician's charges for the deposition.  If a party fails to pay their share of such fees, as required by the terms of this Order, within 45 days of receipt of the final bill for the physician's charges for the deposition, the other party may thereafter pay those fees after providing notice to opposing counsel, with a copy to Plaintiffs' Co-Liaison Counsel (taxotere@bkc-law.com), of the failure to timely pay and a 7-day opportunity to cure.  Within the 7-day cure period, Plaintiff may elect to (1) cure by issuing payment with a copy of the transmittal to defense counsel or (2) dismiss the case voluntarily with prejudice with each side bearing its own costs and Sanofi paying the remaining witness fee. After the 7-day opportunity to cure, Sanofi is authorized to file a motion for dismissal with prejudice for Plaintiff's failure to comply with this Order and the Minute Entry of September 15, 2022 (R. Doc. 14704) and CMO 33 (R. Doc. 13946) and the motion shall be noticed for submission on the next available submission date.

New Orleans, Louisiana, this 18th day of November, 2022.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**