UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO**
*Kahn v. sanofi-aventis U.S. LLC,* **No. 16-17039**

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER AND REASONS DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

MAY IT PLEASE THE COURT:

Plaintiff Elizabeth Kahn respectfully seeks reconsideration of this Honorable Court's Order and Reasons of November 4, 2022 (R. Doc. 15070) denying her motion for relief from judgment pursuant to Rule 60(b) (R. Doc. 14217).

In the Court's Order and Reasons (hereinafter "Order") denying the motion without prejudice, the Court elected to "defer[] consideration of the instant Motion until Plaintiff Kahn's appeal is resolved." R. Doc. 15070 at 7. Since the Court's issuance of the subject Order, on November 18, 2022, Plaintiff voluntarily withdrew her appeal with the Fifth Circuit. R. Doc. 15262. Accordingly, Plaintiff respectfully requests that the Court revisit the pleadings and arguments in support of her motion for relief from judgment, reconsider its judgment denying said motion, and grant relief from judgment pursuant to Rule 60(b).

Instead of re-filing her prior motion, which would result in duplicative briefing and argument, Plaintiff seeks to re-urge her prior motion via reconsideration given the intervening change in the procedural posture of this matter, i.e., that Plaintiff's appeal to the Fifth Circuit has been dismissed and that the Fifth Circuit's jurisdiction has been relinquished. Under Fed. R. Civ. P. 59(e), the Eastern District of Louisiana has routinely considered the following four

factors in deciding motions for reconsideration: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See Foster v. Principal Life Ins. Co.*, 303 F. Supp. 3d 471, 479 (E.D. La. 2018).

As set forth in her reply memorandum on the underlying motion for relief from judgment, this Honorable Court's intimate familiarity with both the course of pretrial proceedings in advance of Ms. Kahn's trial and the extensive litigation of issues surrounding Dr. Kopreski make it well situated to, in the first instance, evaluate the impact of *Earnest* on whether Ms. Kahn should be granted relief from judgment.

Accordingly, and for all of the reasons set forth in her original memorandum in support of her motion for relief from judgment (R. Doc. 14217), set forth in her reply memorandum (R. Doc. 14356), and presented at oral argument on September 14, 2022 (R. Doc. 14720), Plaintiff respectfully requests that this Court reconsider its Order denying relief from judgment without prejudice.

Dated: December 2, 2022          Respectfully submitted,

*/s/M. Palmer Lambert*
M. Palmer Lambert (#33228)
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
plambert@pbclawfirm.com
ccoffin@pbclawfirm.com

*Counsel for Plaintiff Elizabeth Kahn*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<i>/s/ M. Palmer Lambert</i><br>
M. PALMER LAMBERT