UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Tina Davis, 17-12052 | ) ) ) | |

## ORDER AND REASONS

Before the Court is Plaintiff Tina Davis's Motion for Reconsideration of the Court's Order Dismissing Her Case Without Prejudice (Doc. 14152). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel, that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In accordance with Case Management Order No. 12A ("CMO 12A"), Plaintiffs are required to "make a diligent, good faith, and documented effort" to determine "Product ID Information."[1] Evidence presumed to be sufficient to establish Product ID is set forth at paragraph 6 of CMO 12A, and Plaintiffs are

---

[1] Doc. 3492 at ¶ 2.

to upload Product ID Information to MDL Centrality.[2] Any Plaintiff who fails to comply is subject to dismissal pursuant to Pretrial Order No. 22A ("PTO 22A").[3] For any Plaintiff lacking Product ID Information following compliance with paragraphs 1 through 5 of CMO 12A, discovery limited in scope to determine Product ID Information is then authorized for a period of 120 days.[4] Any Plaintiff continuing to lack Product ID may then "be brought to the attention of the Court for appropriate adjudication."[5]

On April 28, 2022, this Court dismissed Plaintiff Tina Davis's case without prejudice due to her failure to obtain Product ID Information as required by CMO 12A. Prior to dismissal, the following relevant events occurred. On April 2, 2021, Defendants submitted to Plaintiffs' Co-Liaison Counsel a Notice of Non-Compliance identifying a list of cases where Product ID remained unresolved.[6] On September 17, 2021, Defendants submitted to Plaintiffs Co-Liaison Counsel a second Notice of Non-Compliance limited to those Plaintiffs for whom Defendants would be seeking adjudication at the following show cause hearing.[7] On December 1, 2021, Defendants brought these Plaintiffs to the attention of the Court for adjudication in accordance with CMO 12A.[8]

On December 16, 2021, the Court issued an order that required the identified Plaintiffs to obtain Product ID information consistent with CMO 12A, upload such results to MDL Centrality, and dismiss all Defendants for whom they did not have Product ID within 90 days.[9] The order explained that

---

[2] *Id.* at ¶¶ 6–7.
[3] *Id.* at ¶ 11.
[4] *Id.* at ¶ 12.
[5] *Id.*
[6] *See* Doc. 13741 at 2 n.4; Doc. 13587.
[7] *See* Doc. 13741 at 2 n.4; Doc. 13587.
[8] See Doc. 13471, 13471-3.
[9] Doc. 13587.

failure to do so would result in the Plaintiff having to show cause on April 28, 2022, why her case should not be dismissed.[10] On April 13, 2022, Defendants filed a Notice of Non-Compliance, identifying the cases that failed to cure their Product ID deficiencies and were, therefore, subject to the April 28, 2022 call docket.[11]

At the show cause hearing, Plaintiff Davis argued that she had Product ID for at least three of the six cycles of docetaxel that she received. Plaintiff relied on the Defendant Fact Sheets filed by five Defendants in this MDL. Of those five, only Hospira and Sandoz identified that they supplied docetaxel to Plaintiff's treatment facility, and Sandoz's Fact Sheet indicates that it did not start supplying its docetaxel to the facility until after Plaintiff's third infusion. Accordingly, Plaintiff contended that Hospira had to be the manufacturer of her first three infusions of docetaxel and that she at least had partial Product ID for the last three.

In response, Defendants argued that the Defendant Fact Sheets cannot be evidence of Product ID for two main reasons. First, there were Abbreviated New Drug Application ("ANDA") holders that manufactured docetaxel at the time Plaintiff was treated that are not involved in this litigation.[12] Therefore, it is possible that an ANDA holder also supplied docetaxel to Plaintiff's treatment facility prior to or during Plaintiff's treatment.[13] Second, the Defendant Fact Sheets only indicate whether the Defendant-manufacturer shipped its product directly to a facility; they do not account for the fact that a manufacturer could have shipped its product to a wholesaler or distributor who

---

[10] Doc. 13587; Doc. 13908.
[11] Doc. 14010.
[12] Doc. 14235-1 at 17:13−16.
[13] *Id.* at 17:16−17.

3

then shipped it to the facility.[14] Thus, without more, evidence that certain manufacturers shipped their products to a particular facility does not establish that a plaintiff received that manufacturer's product.[15]

The Court agreed that reliance on the Defendant Fact Sheets alone was insufficient to establish Product ID because it was possible that Plaintiff's treatment facility was receiving docetaxel from another source.[16] The Court then dismissed Plaintiff's case without prejudice but noted that the Court would reconsider its ruling if Plaintiff could provide "something more."[17] On May 3, 2022, Plaintiff filed the instant Motion, moving this Court to reconsider its dismissal of her case pursuant to Federal Rule of Civil Procedure 59(e). Defendants oppose.

## LAW AND ANALYSIS

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[18] The Fifth Circuit has repeatedly explained that Rule 59(e) relief "is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly acquired evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law."[19] Here, Plaintiff requests that the Court reconsider its dismissal and reinstate her case "to correct a manifest error of fact."[20]

---

[14] Doc. 14235-1 at 19:1–4; Doc. 14235 at 3 n.2.
[15] Doc. 14235-1 at 17:17–21.
[16] *See* Doc. 14235-1 at 22:10−11.
[17] Doc. 14235-1 at 23:1−4.
[18] Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).
[19] Jennings v. Towers Watson, 11 F.4th 335, 345 (5th Cir. 2021) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012) (citing Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003))).
[20] Doc. 14152-1 at 1, 4.

In particular, Plaintiff contends that "the Court based its dismissal, in part, on factual representations from Defendants' counsel that multiple ANDAs (generics) manufactured docetaxel when Ms. Davis received docetaxel from August 30, 2012 to January 3, 2013."[21] Yet, after the hearing, Plaintiff discovered that there were no ANDA holders manufacturing docetaxel at that time.[22] Thus, Plaintiff argues that Defendants' counsel's factual representations were made in error and that, "[w]hen corrected, [she] has provided sufficient evidence to support her contention that Hospira manufactured the first 3 cycles of her docetaxel treatment."[23]

The Court disagrees. The possibility that a non-Defendant was supplying its docetaxel to Plaintiff's treatment facility was only one reason for the Court finding that Plaintiff could not rely on the Defendant Fact Sheets as evidence of Product ID. As Defendants note, "another basis raised at the hearing—which alone is sufficient to warrant dismissal"—was "that the Defendant Fact Sheet is not an exhaustive listing of every shipment of all Defendants' docetaxel to a particular treatment facility."[24] Shipments made through indirect means, such as wholesalers and distributors, are not always included in the Defendant Fact Sheets because Defendants do not necessarily possess or have access to that shipment data.[25] Accordingly, regardless of whether there were non-Defendant manufacturers on the market at the time Plaintiff was treated, the Defendant Fact Sheets alone are still not sufficient evidence of Product ID because they do not eliminate the possibility that Plaintiff's treatment facility was receiving

---

[21] *Id.* at 1.
[22] *Id.* at 3.
[23] *Id.* at 3–4.
[24] Doc. 14235 at 2.
[25] Doc. 14235 at 3.

another Defendant's docetaxel indirectly.[26] Thus, Plaintiff has not shown that she is entitled to Rule 59(e) relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Her Case Without Prejudice (Doc. 14152) is **DENIED**.

New Orleans, Louisiana, this 27th day of December, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] On December 6, 2022, this Court issued an Addendum to CMO 12A. *See* Doc. 15287. This Addendum describes additional types of evidence that the Court will consider for a Plaintiff who seeks to identify the proper Defendant(s) with evidence other than the Product ID Information described in CMO 12A, paragraph 6. The Court notes that under this Addendum to CMO 12A, Plaintiff's reliance on the Defendant Fact Sheets alone is still insufficient evidence of Product ID.