# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| Loretta Anderson, 20-3087 | ) | |

## ORDER AND REASONS

Before the Court is Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion for Judgment on the Pleadings (Doc. 12307). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On December 7, 2017, Plaintiff Loretta Anderson filed her first lawsuit against Sanofi in New Jersey state court.[2] Five days later, Plaintiff filed a second complaint against Sanofi and other Defendants in California state court.[3] The next day, on December 13, 2017, Plaintiff filed a third complaint

---

[1] Docetaxel is the generic version of Taxotere.
[2] Doc. 12307-1.
[3] Doc. 12307-3.

against Sanofi and other Defendants in Illinois state court.[4] Napoli Shklonik PLLC represented Plaintiff in all three suits, each of which alleged that Plaintiff was a resident of Missouri and that she suffered from permanent alopecia as a result of her chemotherapy treatment with Taxotere.

Defendants removed Plaintiff's Illinois and California actions to this MDL in February 2018. On March 27, 2018, Plaintiff dismissed without prejudice her Illinois lawsuit,[5] and on May 22, 2018, Plaintiff dismissed without prejudice her New Jersey lawsuit.[6] Ultimately, on February 8, 2019, Plaintiff dismissed with prejudice her only remaining case, the California lawsuit.[7] On April 29, 2019, this Court granted Plaintiff's motion to withdraw Napoli Shkolnik PLLC and substitute the Wendt Law Firm as her counsel in the California case.[8]

Almost a year later, on April 21, 2020, the Wendt Law Firm discovered that Plaintiff's case was closed. And more than six months after that, on November 13, 2020, the Wendt Law Firm filed directly in this MDL a fourth case on behalf of Plaintiff Anderson against Sanofi, once again alleging that Plaintiff is a Missouri resident who suffers from permanent hair loss as a result of her treatment with Taxotere.[9] Sanofi filed the instant Motion for Judgment on the Pleadings pursuant to Rule 12(c) arguing that Plaintiff's claims are barred by the doctrine of res judicata.[10]

Sanofi attached to its Motion the following: (1) Plaintiff's Complaint and Demand for Jury Trial filed in New Jersey state court;[11] (2) Plaintiff's

---

[4] Doc. 12307-4.
[5] Doc. 12307-7.
[6] Doc. 12307-8.
[7] Doc. 6133.
[8] Doc. 6836.
[9] Doc. 12307-9.
[10] Doc. 12307.
[11] Doc. 12307-2.

Complaint and Demand for Jury Trial filed in California state court;[12] (3) Plaintiff's Complaint and Jury Demand filed in Illinois state court;[13] (4) Defendants Accord Healthcare, Inc. and Accord Healthcare, Ltd.'s Notice of Removal filed in the United States District Court for the Northern District of Illinois;[14] (5) Sanofi's Notice of Removal filed in the United States District Court for the Central District of California;[15] (6) Plaintiff's Notice of Voluntary Dismissal Without Prejudice filed in the United States District Court for the Northern District of Illinois;[16] (7) Plaintiff's Notice of Voluntary Dismissal Without Prejudice filed in the New Jersey state court case;[17] and (8) Plaintiff's Short Form Complaint directly filed in this MDL in the United States District Court for the Eastern District of Louisiana.[18] Plaintiff opposes the Motion, attaching correspondence from April 2020 between Wendt Law Firm and this Court's case manager at the time.[19]

## LEGAL STANDARD

Generally, the standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss.[20] As a result, the district court must limit its consideration to the contents of the pleadings and their attachments.[21] Nevertheless, "if, on a motion under 12(b)(6) or 12(c), matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

---

[12] Doc. 12307-3.
[13] Doc. 12307-4.
[14] Doc. 12307-5.
[15] Doc. 12307-6.
[16] Doc. 12307-7.
[17] Doc. 12307-8.
[18] Doc. 12307-9.
[19] Docs. 12524 & 12524-1.
[20] Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).
[21] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

judgment under Rule 56."[22]  Because both parties have submitted materials that were not referred to in the pleadings, this Court will treat Sanofi's Motion as one for summary judgment.

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[24] "In reviewing a summary judgment motion, the court must 'refrain from making credibility determinations or weighing the evidence' and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."[25]

## LAW AND ANALYSIS

The preclusive effect of a dismissal by a federal court sitting in diversity is generally governed by the law of "the State in which the federal diversity court sits."[26] Because the dismissal at issue here was entered by an MDL court, the analysis is complicated a bit. In cases that are originally filed in, or removed to, other federal courts and then transferred to the MDL court by the Judicial Panel on Multidistrict Litigation, "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules."[27] Here, Plaintiff's

---

[22] FED. R. CIV. P. 12(d).
[23] FED. R. CIV. P. 56.
[24] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[25] Devon Enters., LLC v. Arlington Indep. Sch. Dist., 541 F. App'x 439, 441 (5th Cir. 2013).
[26] Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508–09 (2001); *see* Anderson v. Wells Fargo Bank, N.A., 953 F.3d 311, 314 (5th Cir. 2020) ("As a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests.").
[27] In re Vioxx Prod. Liab. Litig., 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (citing Ferens v. John Deere Co., 494 U.S. 546, 524 (1990)).

action that was ultimately dismissed with prejudice was originally filed in California. As such, California law would have governed her claims. [28] Accordingly, although the dismissal with prejudice was entered by this Court sitting in Louisiana, the preclusive effect of the dismissal is governed by California law.

Under California law, the doctrine of res judicata bars Plaintiff's claims if: "(1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding."[29] For the following reasons, this Court finds that all three requirements are met.

First, in addressing the meaning of "cause of action" for purposes of res judicata, the California Supreme Court has explained that "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." [30] Therefore, because Plaintiff's instant claims and the claims asserted in the dismissed California complaint both seek relief for the alleged harm suffered by Plaintiff as a result of receiving Defendant's Taxotere as part of her chemotherapy treatment, this Court finds that both suits arise out of the same cause of action. Next, under California law "a plaintiff's filing of a dismissal of his or her action with prejudice . . . is deemed to be a judgment on the merits against that plaintiff."[31] Accordingly, because Plaintiff dismissed

---

[28] *See id.*

[29] Fed. Home Loan Bank of S.F. v. Countrywide Fin. Corp., 154 Cal. Rptr. 3d 873, 878 (Ct. App. 2013) (citing Bullock v. Philip Morris USA, Inc. 108 Cal. Rptr. 3d 382, 392 (Ct. App. 2011)).

[30] Boeken v. Philip Morris USA, Inc., 230 P. 3d 342, 348 (Cal. 2010).

[31] Alpha Mech., Heating, & Air Conditioning, Inc. v. Travelers Cas. & Surety Co. of Am., 35 Cal. Rptr. 3d 496, 505 (Ct. App. 2005) (first citing Torrey Pines Bank v. Superior Ct., 265 Cal.

her California suit with prejudice, the second requirement—that the prior proceeding resulted in a final judgment on the merits—is satisfied. Lastly, the third requirement is also satisfied because the parties in the present action, Plaintiff and Sanofi, were also parties to the previously dismissed action.[32]

Plaintiff does not even attempt to argue that her claims are not precluded under California law. Rather, Plaintiff contends that the dismissal of the California suit was "never intended to have res judicata effect or otherwise bar viable claims on the merits."[33] Plaintiff then, in her memorandum in opposition to Sanofi's Motion, "moves for relief from the 'with prejudice' stipulation of dismissal under Federal Rule of Procedure 60(b)(6)."[34] But as Sanofi states in its reply memorandum, Plaintiff's request is procedurally improper. Rule 60(b) provides that "*on motion* and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding."[35] Under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, "it is axiomatic that a memorandum in opposition does not equate to a motion" for relief under Rule 60(b). [36] Accordingly, this Court will not consider the argument raised in Plaintiff's

---

Rptr. 217 (Ct. App. 1989); then citing Rice v. Crow, 97 Cal. Rptr. 2d 110 (Ct. App. 2000); then citing Long Beach Grand Prix Assn. v. Hunt 31 Cal. Rptr. 2d 70 (Ct. App. 1994); then citing Royal v. Univ. Ford, 255 Cal. Rptr. 469 (Ct. App. 1989); and then citing Datta v. Staab, 343 P.2d 977 (Cal. Dist. Ct. App. 1959)); *see* Kim v. Reins Int'l Cal., Inc., 459 P. 1123, 1134 (Cal. 2020) ("A dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim.").

[32] *See* Docs. 6133, 12703-3.

[33] Doc. 12524 at 5.

[34] *Id.*

[35] Fed. R. Civ. P. 60(b) (emphasis added).

[36] *See* Lazard v. E. Baton Rouge Par. Sch. Bd., Civil Action No. 3:12-00552, 2013 WL 3772286, at *3 (M.D. La. July 16, 2013); Cotton Exch. Inv. v. Xcel Air Conditioning, Civil Action No. 16-17543, 2019 WL 3006401, at *6–7 (E.D. La. July 10, 2019) (citing Fed. R. Civ. P. 7(b)(1)) (explaining that plaintiff did not properly raise its request for reconsideration because the request was raised in plaintiff's opposition and the Federal Rules of Civil Procedure require requests for court orders to be made by motion); see also LR 7.2, 7.4 (explaining that motions must be noticed for submission, must be accompanied by a supporting memorandum, and that the motion and supporting memorandum must be served with the notice of submission).

memorandum in opposition seeking relief from the "with prejudice" stipulation of dismissal. As a result, and for the reasons stated above, the Court finds that Plaintiff's claims in the present action are barred by the doctrine of res judicata.

## **CONCLUSION**

**IT IS ORDERED** that Sanofi's Motion for Judgment on the Pleadings (Doc. 12307) is **GRANTED** and Plaintiff's claims are **DISMISSED**.

New Orleans, Louisiana, this 27th day of December, 2022.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**