## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: TAXOTERE (DOCETAXEL)** | **)** | **MDL No. 16-2740** |
| **PRODUCTS LIABILITY** | **)** | |
| **LITIGATION** | **)** | **SECTION: "H" (5)** |
| | **)** | |
| **This document relates to:** | **)** | |
| Candice Broadie, 18-12928 | **)** | |

## ORDER AND REASONS

Before the Court is Plaintiff Candice Broadie's Opposed Motion to Vacate Voluntary Dismissal with Respect to Pfizer Inc. (Doc. 14285) and Amended Motion to Vacate Voluntary Dismissal with Respect to Hospira, Inc. (Doc. 14381). For the following reasons, Plaintiff's Opposed Motion to Vacate Voluntary Dismissal with Respect to Pfizer Inc. is **DENIED**, and Plaintiff's Amended Motion to Vacate Voluntary Dismissal with Respect to Hospira, Inc. is **DEFERRED** for **THIRTY (30) DAYS**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

---

[1] Docetaxel is the generic version of Taxotere.

In accordance with Case Management Order No. 12A ("CMO 12A"), Plaintiffs are required to "make a diligent, good faith, and documented effort" to determine "Product ID Information."[2] Evidence presumed to be sufficient to establish Product ID is set forth at paragraph 6 of CMO 12A.[3] Plaintiffs are required to upload Product ID Information to MDL Centrality and to "voluntarily dismiss any and all named Defendants not identified by the Product ID Information."[4]

Plaintiff Candice Broadie filed her Short Form Complaint on December 9, 2018, identifying the following parties as Defendants: Sanofi US Services Inc.; Sanofi-Aventis U.S. LLC; Sandoz Inc.; Accord Healthcare, Inc.; McKesson Corporation; Hospira Worldwide, LLC; Hospira, Inc.; Sun Pharma Global FZE; Sun Pharmaceutical Industries, Inc.; Pfizer Inc.; Actavis LLC; Actavis Pharma, Inc.; and Sanofi-Aventis US LLC d/b/a Winthrop US.[5] On March 7, 2019, Plaintiff filed a Notice of Partial Dismissal, dismissing with prejudice Actavis LLC, Actavis Pharma, Inc., and Pfizer Inc.[6] On January 8, 2020, Plaintiff uploaded to MDL Centrality her purported CMO 12A Product Identification Information. That same day, she filed a second Notice of Partial Dismissal, dismissing with prejudice all previously named Defendants except Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC (collectively, "Sanofi").[7] As required by CMO 12A, Plaintiff used the form Notice of Partial Dismissal, which preserved Plaintiff's right to seek relief from her dismissals pursuant to Federal Rule of Civil Procedure 60(b)(6).

---

[2] Doc. 3492 at ¶ 2.
[3] *Id.* at ¶ 6.
[4] *Id.* at ¶¶ 7, 9.
[5] Case No. 18-12928, Doc. 1.
[6] Doc. 6439.
[7] Doc. 8983.

On June 9, 2022, Plaintiff filed the instant Opposed Motion to Vacate Voluntary Dismissal with Respect to Pfizer, Inc. ("Original Motion"), wherein she seeks to reinstate her claims against Pfizer on the basis that the records she uploaded to MDL Centrality identify both Sanofi and Pfizer Inc. as the manufacturers of the docetaxel she received.[8] Pfizer opposes the Motion, arguing that it could not have been the manufacturer of the docetaxel Plaintiff received because its docetaxel was not approved by the FDA until after Plaintiff completed her treatment with docetaxel.[9] Pfizer further argues that the National Drug Code ("NDC") numbers identified in Plaintiff's records are not the NDC numbers that correspond to Pfizer's docetaxel and were therefore incorrectly attributed to Pfizer.[10]

Plaintiff then filed the Amended Motion to Vacate Voluntary Dismissal with Respect to Hospira, Inc. ("Amended Motion").[11] Plaintiff argues that additional research has shown that the NDC numbers in her records correspond to Hospira, Inc.'s docetaxel, and therefore she seeks to reinstate her claims against Hospira, Inc. under Federal Rule of Civil Procedure 60(b)(6). Hospira opposes.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides six reasons for which "the court may relieve a party or its legal representative from a final judgment, order, or proceeding," the sixth being "any other reason that justifies relief."[12] "The purpose of Rule 60(b) is to balance the principle of finality of a judgment

---

[8] Doc. 14285.
[9] Doc. 14299.
[10] *Id.*
[11] Doc. 14381.
[12] *See* FED. R. CIV. P. 60(b)(1)−(6).

with the interest of the court in seeing that justice is done in light of all the facts."[13] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[14]

Although Plaintiff did not withdraw her Original Motion, she titled the second motion as an "Amended Motion," and the support for her Amended Motion indicates that the basis for the Original Motion was incorrect. Accordingly, Court will deny Plaintiff's Original Motion because there is no justification for the relief she requests.

Next, the Court will defer ruling on Plaintiff's Amended Motion. As Hospira contends, Plaintiff's purported Product ID Information shows that Plaintiff's treatment facility purchased docetaxel manufactured by Sanofi and Hospira from a wholesaler, but it does not establish that Plaintiff was administered docetaxel manufactured by Hospira.[15] This information fails to satisfy the criteria set forth in CMO 12A, paragraph 6, for being presumptive evidence of product identification. Nevertheless, on December 6, 2022, the Court issued an Addendum to CMO 12A.[16] This Addendum describes additional types of evidence that the Court will consider for a Plaintiff who seeks to identify the proper Defendant(s) with evidence falling outside of the parameters of the Product ID Information described in CMO 12A, paragraph 6. As a result, the Court will grant Plaintiff 30 days from the entry of this Order to produce evidence that justifies relieving her from the dismissal of her claims against Hospira, Inc.

---

[13] Hesling v. CSX Transp., Inc., 396 F. 3d 632, 638 (5th Cir. 2005).
[14] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).
[15] *See* Doc. 14381-1; Doc. 14433 at 2.
[16] *See* Doc. 15287.

## CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion to Vacate Voluntary Dismissal with Respect to Pfizer Inc. (Doc. 14284) is **DENIED**, and Plaintiff's Amended Motion to Vacate Voluntary Dismissal with Respect to Hospira, Inc. (Doc. 14381) is **DEFERRED** for **THIRTY (30) DAYS**.

New Orleans, Louisiana, this 28th day of December, 2022.

_____

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**