UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Cases listed on Exhibit A to Rec. Docs. 14431 and 14432 | ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration (Doc. 14509) filed by Plaintiffs whose cases were dismissed by this Court's Orders of July 13, 2022 (Doc. 14431) and July 18, 2022 (Doc. 14432). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of breast cancer or other forms of cancer. Plaintiffs allege that the drug caused permanent chemotherapy induced alopecia ("PCIA"). Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On July 13, 2022 and July 18, 2022, this Court issued orders dismissing the claims of 223 Plaintiffs as time-barred by the three-year statute of limitations under Mississippi law.[2] Prior to dismissal, the following relevant events occurred.

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.
[2] Doc. 14431; Doc. 14432.

1

On January 22, 2021, this Court granted Defendant Sanofi's motion for judgment on the pleadings and dismissed Juanita Greer's case, finding her claims were time-barred by the three-year statute of limitations under Mississippi law (hereinafter, "*Greer*").[3] This Court rejected Greer's argument that the discovery rule and the fraudulent concealment exception applied to toll the statute of limitations in her case.[4] Specifically, the Court held that the discovery rule only applied to cases involving latent injuries, and because the pleadings established Greer's injury was open and obvious, the discovery rule could not toll her claims.[5] This Court further held that the fraudulent concealment exception did not apply because Greer did not plead that Defendant Sanofi prevented her from discovering her *claim*, as required by Mississippi law, but rather that Sanofi prevented her from discovering Taxotere's risk of permanent hair loss.[6] This Court later granted Sanofi's motions for summary judgment in Plaintiffs Melissa Roach and Cindy Smith's cases for the reasons articulated in *Greer*.[7]

On January 28, 2022, Defendants filed a Motion for Rule to Show Cause to address other MDL Plaintiffs whose claims may be similarly barred under Mississippi law.[8] In granting Defendants' motion, this Court ordered certain Plaintiffs to appear on July 13, 2022, and show cause as to why their respective claims should not be dismissed pursuant to this Court's order and reasons in *Greer*.[9] At the show cause hearing, the Court considered and dismissed the claims of 89 Plaintiffs for the reasons articulated in *Greer* and stated on the

---

[3] Doc. 12057.
[4] *Id.*
[5] *Id.* at 6.
[6] *Id.* at 8.
[7] Doc. 12718; Doc. 13064.
[8] Doc. 13746.
[9] "Order to Show Cause Regarding Dismissal of Mississippi Plaintiffs," Doc. 14221.

2

record.[10] On July 18, 2022, this Court dismissed the claims of another 134 Plaintiffs who, in accordance with the Order to Show Cause, notified Plaintiffs' Liaison Counsel of their intent not to appear at the show cause hearing.[11] All 223 Plaintiffs filed the instant Motion for Reconsideration on August 10, 2022.[12] Defendants oppose.

## LAW AND ANALYSIS

Plaintiffs whose cases were dismissed by this Court's Orders of July 13, 2022 (Doc. 14431) and July 18, 2022 (Doc. 14432) seek reconsideration under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[13] As the Fifth Circuit has explained, Rule 59(e) relief "is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly acquired evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law."[14] A "manifest error" is one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law."[15] "The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter."[16]

Plaintiffs contend that reconsideration and reversal is warranted based on a manifest error in this Court's application of Mississippi law.[17] Specifically,

---

[10] Doc. 14431. *See also* this Court's Orders in *Roach v. Sanofi U.S. Services, Inc.*, No. 17-cv-7918 (E.D. La. May 21, 2021) (Doc. 12718) and *Smith v. Sanofi U.S. Services, Inc.*, No. 18-cv-7702 (E.D. La. July 14, 2021) (Doc. 13064), granting summary judgment on limitations grounds under Mississippi law.
[11] Doc. 14432.
[12] Doc. 14509.
[13] Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re* Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).
[14] Jennings v. Towers Watson, 11 F.4th 335, 345 (5th Cir. 2021) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012) (citing Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003))).
[15] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).
[16] *In re* Chinese Manufactured Drywall Prod. Liab. Litig., No. 09-md-2047, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018) (citations omitted).
[17] Doc. 14509-1 at 1.

3

Plaintiffs argue that this Court erred in dismissing their claims without providing them the opportunity to conduct individualized discovery and present case-specific factual evidence regarding the applicability of the "discovery rule" and the fraudulent concealment exceptions to Mississippi's three-year statute of limitations.[18]

The Court disagrees. Plaintiffs have failed to show that the Court made a manifest error of law or fact. Instead, Plaintiffs revisit arguments that this Court has rejected on several occasions, including at the show cause hearing where, contrary to Plaintiffs' contention, they were able to present case-specific factual evidence distinguishing their cases from *Greer*. Nor have Plaintiffs shown that they have newly acquired evidence, or that an intervening change in controlling law has occurred since the time of the ruling. Thus, the arguments presented do not satisfy the standard imposed by the Fifth Circuit to justify Rule 59(e) relief.

## CONCLUSION

Accordingly, for the foregoing reasons, the Motion for Reconsideration (Doc. 14509) is **DENIED**.

New Orleans, Louisiana, this 28th day of December, 2022.

_____
**HON. JANE T. MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Id.*