UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2:16-md-2740 |
| | Section: "H" (5) |
| This Document Relates to:<br>*Conley v. Sandoz Inc.*,<br>Civ. Action No. 2:18-cv-9799 | JUDGE JANE TRICHE MILAZZO |

**MEMORANDUM IN SUPPORT OF SANDOZ INC.'S
MOTION FOR RELIEF FROM A JUDGMENT, ORDER, OR PROCEEDING**

Defendant Sandoz Inc. ("Sandoz") submits this motion for relief under Federal Rule of Civil Procedure 60(b) from the court clerk's action terminating *Conley v. Sandoz Inc.*, Civ. Action No. 2:18-cv-9799, based on the improper stipulation of dismissal filed therein (the "Stipulation"), and to reopen the aforesaid matter. Relief is warranted under Rules 60(b)(3) and (b)(6) given the extraordinary circumstances of Plaintiff's attempt to block the United States Court of Appeals for the Fifth Circuit's consideration of a significant and potentially widely impactful issue and the fact that Plaintiff has not dismissed her action in compliance with the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court should grant Sandoz's motion, reopen this case, and vacate Plaintiff's inappropriate Stipulation.

**FACTS AND PROCEDURAL HISTORY**

As this Court is aware, defendants Sandoz, Hospira Inc. and Hospira Worldwide, LLC, and Accord Healthcare, Inc. filed motions for summary judgment in this MDL based on federal preemption. When the Court denied all three motions, Sandoz, Hospira, and Accord filed a Joint Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (MDL 2:16-md-2740, Dkt. No. 14517.) That motion, which was fully briefed and argued before the Court by

1

all parties—including Plaintiff Arquice Conley—was successful. (MDL 2:16-md-2740, Dkt. No. 15136.) Accordingly, on November 23, 2022, Sandoz, Hospira, and Accord each filed with the Fifth Circuit Petitions for Permission to Appeal this Court's denial of their summary judgment motions. Those petitions have likewise been fully briefed by all parties—again, including Plaintiff Arquice Conley—and are currently pending in the Fifth Circuit.

On December 20, 2022, while Sandoz awaited decision on its still active Petition for Permission to Appeal, Plaintiff—without any prior notice—filed the Stipulation, using a form entitled Non-Trial Pool Plaintiff's Stipulation of Dismissal with Prejudice as to All Defendants. (Civ. Action No. 2:18-cv-9799, Dkt. No. 6.) Hours later, Plaintiff—again without any prior notice—filed with the Fifth Circuit a document entitled Notice of Voluntary Dismissal With Prejudice Filed in Eastern District of Louisiana Civil Action Number 2:18-cv-9799. *See* Exhibit A. The Stipulation incorrectly stated that "all parties who have appeared stipulate to the dismissal of the present action with prejudice." (Civ. Action No. 2:18-cv-9799, Dkt. No. 6.) The consent of all parties who have appeared is required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but Plaintiff did not obtain the consent of the defendant—Sandoz. Sandoz objects to the attempted dismissal of the *Conley* case, and therefore now seeks to reopen Plaintiff's case.

## LEGAL ARGUMENT

Rule 60(b) "allows a district court to 'relieve a party . . . from a final judgment, order, or proceeding,' including a [purported] Rule 41(a)(1)(A) dismissal." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 417 (5th Cir. 2018) (first alteration in original) (quoting Fed. R. Civ. P. 60(b)) (citations omitted). The federal rule provides six avenues by which a court may reopen a matter, including "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Relief is warranted

here under both rules.

   **I.**   <u>**Sandoz is Entitled to Relief from the Stipulation Pursuant to Rule 60(b)(3)**</u>

  Relief via Rule 60(b)(3) is appropriate where a judgment was "unfairly obtained." *Nat'l City Golf Fin.*, 899 F.3d at 418. A movant invoking this rule must clearly and convincingly establish both "that the adverse party engaged in fraud or other misconduct" and "that this misconduct prevented the moving party from fully and fairly presenting his case." *Id*. at 418–19 (quoting *Hesling v. CSX Transp., Inc*., 396 F.3d 632, 641 (5th Cir. 2005)).

  The application of Rule 60(b)(3) in *Anthony v. Canal Indemnity Co*., 347 F. App'x 110 (5th Cir. 2009), is illuminating here. There, plaintiff Roger Anthony settled his action against a group of defendants, resulting in a dismissal *without* prejudice. *Anthony*, 347 F. App'x at 111. When a few of the group of defendants subsequently filed suit in state court against Anthony on related claims, Anthony attempted to have the claims barred on *res judicata* grounds but was unsuccessful partly because of the without-prejudice nature of the dismissal of his action. *Id*. Without informing the first court of "the pending state court action or . . . his intent to supplement the state court record on appeal with the federal court's new dismissal"—and styling his motion as a consent motion, despite never having received defendants' consent—Anthony moved to reopen his case and dismiss it with prejudice. *Id*. at 111–12. The court did so. *Id*. at 112. The defendants subsequently sought Rule 60(b) relief, resulting in rescission of the dismissal-with-prejudice order and reinstatement of the dismissal-without-prejudice order. *Id*.

  The Fifth Circuit upheld the district court's action, focusing on the following conduct by Anthony: (1) "fil[ing] his motion as a consent motion and [leading] the court to believe that defendants had no objection to dismissal with prejudice"; (2) failing to "inform the court of pertinent facts that motivated his motions to reopen and dismiss with prejudice"; and (3) not

3

"notif[ying] [the defendants] of his intent to obtain dismissal with prejudice," even though "he should have known that defendants would object." *Id*. at 113. According to the appellate court, Anthony "misled the court and deprived defendants of the opportunity to be heard," thereby engaging in "precisely the sort of conduct rule 60(b) is meant to remedy." *Id*.

The same is true here. Plaintiff attempted to unilaterally dismiss her case without consent from Sandoz, as required by the Federal Rules. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff's voluntary dismissal without court order requires "a stipulation of dismissal *signed by all parties who have appeared*") (emphasis added). Further, Plaintiff "should have known that [Sandoz] would object," given the proceedings pending before the Fifth Circuit. *See Anthony*, 347 F. App'x at 113. Indeed, Sandoz does object to Plaintiff's attempted dismissal.

Plaintiff misled the Court because she, like the plaintiff in *Anthony*, secured the dismissal of her action by filing a paper that was inapplicable to her situation. The form used to file the Stipulation is PTO 87's Non-Trial Pool Plaintiff's Stipulation of Dismissal with Prejudice as to All Defendants, which specifically "does not apply to any Plaintiff identified in or pursuant to Case Management Order No. 14" (MDL 2:16-md-2740, Dkt. No. 5363), like Plaintiff was (MDL 2:16-md-2740, Dkt. No. 6935 (identifying Plaintiff as one of "four plaintiffs who were added to the trial pool per Footnote 1 of CMO 14C")). Accordingly, she may not use the avenue provided by PTO 87 to dismiss her action and instead must file a stipulation of dismissal signed by Sandoz. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

To the extent Plaintiff argues that the mechanism set out in PTO 87 is available to her because she is no longer a trial pool plaintiff, the order by its plain terms "does not apply to any Plaintiff **identified** . . . pursuant to [CMO] No. 14," like Plaintiff was. (MDL 2:16-md-2740, Dkt. No. 5363 (emphasis added).) Further, PTO 87 was negotiated to permit unilateral dismissal of

non-trial pool plaintiffs who lacked product identification. It was certainly not contemplated that the order would support improper eleventh-hour attempts to block Fifth Circuit consideration of an issue that could impact thousands of cases across the litigation.

Through her conduct, Plaintiff has deprived Sandoz of the opportunity to present its case—both before the District Court *and* the Fifth Circuit—fully and fairly. *Nat'l City Golf Fin.*, 899 F.3d at 418–19. Because Plaintiff's behavior is "precisely the sort of conduct rule 60(b) is meant to remedy," relief in Sandoz's favor is warranted under Rule 60(b)(3). *Anthony*, 347 F. App'x at 113.

## II. Sandoz is Entitled to Relief from the Stipulation Pursuant to Rule 60(b)(6)

Sandoz is also entitled to relief under Rule 60(b)(6) given these egregious circumstances. This subsection of the rule is "a grand reservoir of equitable power to do justice in a particular case," *Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 959 (5th Cir. 2013) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981)), that "extends relief only in extraordinary circumstances," *Nat'l City Golf Fin.*, 899 F.3d at 419 (citation and internal quotation marks omitted). "Factors to consider in determining whether a reason is extraordinary 'may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process.'" *United States v. Dorsey*, Case No. 11-119, 2022 U.S. Dist. LEXIS 113708, at *12 (E.D. La. June 28, 2022) (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)). Permitting the dismissal of this matter as a result of the Stipulation to stand presents both risks.

Plaintiff was added to the trial pool in April 2019. Thereafter, the parties worked up her case and extensively briefed Sandoz's motion for summary judgment in 2021. Since August 2022, the parties have briefed Sandoz, Hospira, and Accord's joint motion to certify and subsequent

5

Petitions for Permission to Appeal. Indeed, Plaintiff's opposition to the defendants' Fifth Circuit petitions was just filed less than a month ago. Yet, with the petitions fully briefed and awaiting the Fifth Circuit's ruling, Plaintiff filed an eleventh-hour dismissal of her case. Further, once the Court was apprised of the situation and offered to have the matter reopened to consider any papers the parties might file on the matter, Plaintiff dug in her heels and blocked that opportunity. *See* Exhibit B.

In sum, Plaintiff's actions amount to no more than an attempt to prevent the Fifth Circuit's consideration of an issue that will impact thousands of MDL plaintiffs' claims against the 505(b)(2) defendants. Such conduct threatens not only injustice to the parties and the Court, who have expended a great deal of time and resources arguing and considering the issue of preemption as applicable to the 505(b)(2) defendants, but also risks undermining the public's confidence in the judicial process, should Plaintiff's gamesmanship be rewarded. *Dorsey*, 2022 U.S. Dist. LEXIS 113708, at *12. This course of events certainly amounts to extraordinary circumstances that warrant relief under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, Sandoz respectfully requests that the Court grant it relief under Rule 60(b) and reinstate the *Conley* matter.

Dated: January 3, 2023       Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100

(678) 553-2212 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Lori G. Cohen*
Lori G. Cohen