## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "H" (5)

THIS DOCUMENT RELATES TO:
Elizabeth Kahn, Case No. 2:16-cv-17039.

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER AND REASONS DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Defendants Sanofi U.S. Services Inc. and sanofi-aventis U.S., L.L.C. (collectively "Sanofi") submit this memorandum in opposition to Plaintiff's Motion for Reconsideration of Order and Reasons Denying Motion for Relief from Judgment Pursuant to Rule 60(b), filed with the Court on December 2, 2022.

Plaintiff Elizabeth Kahn's Motion for Reconsideration seeks an extraordinary remedy twice over by asking this Court to reconsider and reverse its November 4, 2022 Order denying Plaintiff's Rule 60(b) Motion. In her Rule 60(b) motion—filed on May 17, 2022, six months after the jury's verdict was entered against her—Plaintiff asked the Court to reverse the jury's verdict because of the Fifth Circuit's holding in a separate bellwether trial, *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Earnest)*, 26 F.4th 256 (5th Cir. 2022). After this Court denied that motion on November 4, 2022, Plaintiff voluntarily and unilaterally withdrew her appeal and filed this Motion for Reconsideration. This Court correctly denied relief in the first instance and should deny Plaintiff's Motion to Reconsider that decision.

*First*, this Court should summarily deny the motion for reconsideration where, after this Court denied her Rule 60(b) motion pending resolution of Ms. Kahn's appeal, Plaintiff inexplicably abandoned her appeal, voluntarily dismissing it without raising any challenge to her trial or the judgment. Her two-page memorandum offers no explanation, much less one that would

meet the extraordinarily high burden of reconsideration, to justify revisiting this Court's original denial. Ms. Kahn's decision to relinquish her appellate rights only highlights the absence of any colorable claim for reversal of the jury verdict and demonstrates that she has no new evidence or legal argument that could not have been presented in the first instance.

**Second**, Ms. Kahn waived her claim because she never raised—before trial, at trial, or in a timely motion for a new trial—the purported prejudice she now claims she suffered from the Court's pretrial rulings regarding Dr. Michael Kopreski.[1] Without a contemporaneous record, Ms. Kahn now relies on after-the-fact, counter-factual speculation about what *would have* happened if the motion *in limine* rulings regarding Dr. Kopreski's testimony were different. Such speculation does not warrant the extraordinary relief of a new trial.

That is particularly apparent where Ms. Kahn indisputably was free to call Dr. Kopreski at trial, but did not do so, choosing instead to present other witnesses—Dr. Ellen Feigal and Dr. David Madigan—on the same subject matter of the TAX316 study, and multiple other witnesses who testified on matters addressed by the testimony of Dr. Kopreski in the *Earnest* case. Moreover, even if Ms. Kahn had decided to present Dr. Kopreski's testimony, it is pure conjecture that Sanofi would have reprised his testimony challenged in *Earnest*, where Sanofi was ready with a qualified expert witness, Dr. Ellen Chang, to present an expert opinion on those subjects, thereby avoiding the issue decided in *Earnest*. This Court should not grant extraordinary relief based on Ms. Kahn's belated attempt to raise new and speculative arguments that she failed to raise at trial. Ms. Kahn chose her trial strategy, litigated accordingly, and lost. She is not entitled to retry her case against Sanofi with a different strategy based on issues she abandoned at trial.

---

[1] *See* Rec. Doc. 14217 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)); Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 4 (identifying entry of judgment on November 18, 2021).

***Third***, Ms. Kahn's motion is untimely.  Rule 60(b) requires a motion to be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1).  Nothing is reasonable about the delay in raising the arguments Ms. Kahn now advances where she could have raised the alleged prejudice to her case before, during, or immediately after trial.  But her delay extended even further.  She waited to file her Rule 60(b) motion until after she filed a notice of appeal, waiting until shortly before her opening brief deadline to file her motion.  Then, after this Court denied her motion pending the outcome of that appeal, she took another about-face by voluntarily dismissing her own appeal and returning to this Court for reconsideration of her denied motion.  Rule 60(b) does not permit parties to manipulate the normal processes for raising legal arguments through delay and such unreasonable procedural maneuvers.

***Finally***, even if this Court were to revisit the merits of her Rule 60(b) motion, it should be denied because the Fifth Circuit's holding in *Earnest* is irrelevant to the jury verdict in Ms. Kahn's case.  The Fifth Circuit held in *Earnest* that certain testimony by Dr. Kopreski was improperly admitted as fact rather than expert testimony.  *Earnest*, 26 F.4th at 264.  But Dr. Kopreski did not testify at Ms. Kahn's trial.  Moreover, the jury in Ms. Kahn's case found that Sanofi adequately warned Ms. Kahn of the danger of persistent alopecia—an issue that has nothing to do with Dr. Kopreski's potential testimony about the incidence of permanent alopecia in the TAX316 study.[2] Because the *Earnest* ruling has no bearing on the verdict here, and the now-reversed verdict in *Earnest* was made on different grounds than the verdict here,[3] Plaintiff cannot rely on Rule 60(b)(5), which provides for relief from a final judgment "*based on* an earlier judgment that has

---

[2] *See* Rec. Doc. 13436 at 1.

[3] *Compare* Rec. Doc. 8284 (*Earnest* Jury Verdict Form), *with* Rec. Doc. 13436 (*Kahn* Jury Verdict Form).

been reversed or vacated." To the extent Ms. Kahn seeks to rely on Rule 60(b)(6), that too fails as that catch-all provision applies only in extraordinary circumstances, which do not exist here.

## PROCEDURAL HISTORY

In this multidistrict litigation ("MDL"), two bellwether cases have been tried to date: *Earnest* and *Kahn*.[4] The first bellwether trial, *Earnest*, was held in September 2019 and returned a jury verdict for Sanofi on the issue of causation.[5]

"In the first bellwether trial, the Plaintiffs' Steering Committee (the 'PSC') asked Sanofi to produce a 30(b)(6) witness to identify cases of 'persisting alopecia' in patients from 'TAX316,' a term with great significance in this MDL."[6] As demanded, Sanofi designated Dr. Kopreski as its Rule 30(b)(6) witness to testify on that issue. Dr. Kopreski served as the head of oncology pharmacovigilance for Sanofi from 2005 to 2017. He sat for multiple depositions and provided hours of testimony in response to topics designated by Plaintiffs, including testimony related to TAX316, a phase III clinical study.[7] "After reviewing the TAX316 data for purposes of the 30(b)(6) deposition, however, Dr. Kopreski reported that only six of the patients who received Taxotere experienced 'persistent alopecia as defined by Judge North' in this MDL."[8] Earnest unsuccessfully sought to exclude that testimony in the first bellwether trial.[9]

At trial in *Earnest*, Ms. Earnest's experts testified that 29 patients in the TAC arm of the

---

[4] *See* Rec. Doc. 11332 (Order and Reasons Denying Kahn Mot. to Exclude Testimony of Michael Kopreski) at 2; Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 1-5.

[5] Rec. Doc. 8284 (*Earnest* Jury Verdict Form) at 1 ("1. Do you find by a preponderance of the evidence that Barbara Earnest has permanent chemotherapy-induced alopecia caused by Taxotere?" Answer: "No").

[6] Rec. Doc. 11332 (Order and Reasons Denying Kahn Mot. to Exclude Testimony of Michael Kopreski) at 2.

[7] *Id.* at 3.

[8] *Id*. at 2.

[9] Rec. Doc. 7974 (Order and Reasons Denying Pl.'s Mot. to Exclude Expert Testimony that Relies upon Defendants' Employee Dr. Michael Kopreski).

TAX316 study had ongoing alopecia at the end of the follow-up period.[10]  Dr. Kopreski testified, consistent with his deposition testimony demanded by Plaintiffs, that only 6 of the 29 patients met the definition of having persistent alopecia as defined by Plaintiffs in their Second Amended Complaint.  *Earnest*, 26 F.4th at 262.

The jury found that Ms. Earnest had not proven she suffered from permanent chemotherapy-induced alopecia caused by Taxotere.[11]  Because the jury found in favor of Sanofi on causation—the first question on the verdict form in *Earnest*—the jury did not reach the question of label adequacy.[12]  This Court entered judgment in favor of Sanofi on September 27, 2019.[13] Ms. Earnest then appealed.

While *Earnest* was on appeal, the parties here proceeded to trial in the second bellwether case.  Like the plaintiff in *Earnest*, Ms. Kahn moved on August 13, 2020, to exclude Dr. Kopreski's testimony regarding the number of cases showing "persisting alopecia" from the TAX316 study as undisclosed expert testimony.[14]  Sanofi countered that Dr. Kopreski was a fact witness under *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010), because his testimony stemmed from his former job duties at Sanofi.  This Court agreed and denied Ms. Kahn's motion in October 2020 but concluded its order with the following:

> The Court notes that while Dr. Kopreski will be allowed to offer the opinions at issue, the Court is concerned about Plaintiff's ability to adequately cross-examine Dr. Kopreski about his analysis.  Plaintiff must be able to conduct a robust cross-examination of him in a way

---

[10] *See, e.g.*, Rec. Doc. 8405 (Earnest Trial Tr. Day 2, Morning Session, Dr. David Kessler direct examination) at 369-371.

[11] Rec. Doc. 8284 (Jury Verdict Form) at 1 ("1. Do you find by a preponderance of the evidence that Barbara Earnest has permanent chemotherapy-induced alopecia caused by Taxotere?" Answer: "No").

[12] *Id*.

[13] Rec. Doc. 8290.

[14] Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 2; *see also* Rec. Doc. 10938 (Pl.'s Mot. to Exclude Testimony of Dr. Michael Kopreski).

> that is conducive for the jury.  Accordingly, the Court will address
> options with counsel prior to trial.[15]

Nine months later, Ms. Kahn asked this Court to direct Sanofi to compel Dr. Kopreski to appear at trial so that she could cross-examine him.[16]  The Court denied Ms. Kahn's motion but noted Ms. Kahn could herself compel Dr. Kopreski's live testimony if she could show good cause.[17]

Two weeks before trial, Ms. Kahn served a trial subpoena on Dr. Kopreski requiring him to appear "live" at trial via remote videoconferencing during Sanofi's case-in-chief.  Dr. Kopreski moved to quash the subpoena, which the Court denied.[18]  The Court found good cause and compelling circumstances existed entitling Ms. Kahn to call Dr. Kopreski live at trial if she chose to do so.[19]  The Court also noted, however, that to ensure fundamental fairness, Ms. Kahn could not present Dr. Kopreski's deposition testimony during her case-in-chief and then demand his live testimony during Sanofi's case-in-chief.  That is, she had to "choose one method of presenting Dr. Kopreski's testimony."[20]

At trial, Ms. Kahn chose not to present any testimony from Dr. Kopreski, and Sanofi made the same decision.  Ms. Kahn's experts, Dr. Ellen Feigal and Dr. David Madigan, testified that 29

---

[15] Rec. Doc. 11332 (Order and Reasons Denying Pl.'s Mot. to Exclude Testimony of Dr. Michael Kopreski) at 8.

[16] Rec. Doc. 13058 (Pl.'s Mot. to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination).

[17] Rec. Doc. 13140 (Order and Reasons Denying Pl.'s Mot. to Compel Sanofi to Produce Dr. Michael Kopreski at Trial for Live Cross Examination) at 5–6.

[18] Dr. Kopreski filed his Motion to Quash Trial Subpoena in the District of New Jersey, but the motion was transferred to this Court for resolution.

[19] Rec. Doc. 14302-1 (Ex. A to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.).

[20] *Id.* at 13.

patients in the TAX316 study had "ongoing" alopecia at the end of the follow-up period.[21]  Sanofi offered no rebuttal witness on this point.  Sanofi chose not to present testimony in its case-in-chief that only 6 of those 29 patients met the definition of "persistent alopecia" even though its expert, Dr. Ellen Chang, prepared for the *Kahn* trial an independent analysis of the TAX316 clinical data—independent of any work done by Dr. Kopreski—and reached the same "six patient" conclusion.[22]  Indeed, as this Court has acknowledged, the "underlying analysis of the 29 patients in the TAX316 study—which had been addressed by both parties in the *Earnest* trial and which was the subject of the Fifth Circuit's ruling—was not presented during Kahn's trial."[23]

 After a two-week trial, on November 18, 2021, the jury rendered a verdict for Sanofi and found Ms. Kahn "had not proven Sanofi failed to take reasonable care to provide an adequate warning to her prescribing physicians about the risk of permanent hair loss associated with Taxotere."[24]  "Because the jury found in Sanofi's favor on label adequacy—the first question on the verdict form—the jury did not reach any questions on causation in Kahn's case."[25]  Therefore, the *Kahn* jury never reached the issue of causation—the dispositive issue decided by the earlier jury in *Earnest*.[26]

 Ms. Kahn did not move for a new trial.  On December 20, 2021, she appealed the judgment to the Fifth Circuit.[27]  On February 10, 2022, while Ms. Kahn's case was on appeal, the Fifth

---

[21] Rec. Doc. 14302-2 (Ex. B to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Trial Tr. 1495:13–21 ("29 patients still had persistent alopecia in the TAC group[.]"); *Id*. 1233:13–15 ("Q. And specifically, there were 29 cases of ongoing alopecia in the TAC arm, correct?  A. There were 29 in the Taxotere-containing arm.").

[22] Rec. Doc. 14302-3 (Ex. C to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Chang Expert Rpt. at 96.

[23] Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 4.

[24] *Id*. at 4; Rec. Doc. 13436 (Jury Verdict Form).

[25] Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 4; Rec. Doc. 13436 (Jury Verdict Form).

[26] Rec. Doc. 8284 (*Earnest* Jury Verdict Form); Rec. Doc. 13436 (*Kahn* Jury Verdict Form).

[27] Rec. Doc. 13559 (Pl.'s Notice of Appeal).

Circuit entered its opinion in *Earnest*.  The Fifth Circuit held that Dr. Kopreski's testimony about the six patients from the TAX316 study who met the definition of persistent alopecia as defined in the Master Complaint was improper lay witness testimony under Federal Rule of Evidence 702. *Earnest*, 26 F.4th at 264.

Three months later, on May 17, 2022, shortly before the deadline to file her opening appellate brief, Ms. Kahn filed her Rule 60(b) motion in this Court and moved to delay her appeal. The Fifth Circuit denied her request for a stay or remand, and instead reset the deadline for Ms. Kahn to file her opening brief to fourteen days after this Court's decision on her Rule 60(b) motion.[28]  On November 4, 2022, this Court denied Ms. Kahn's request for Rule 60(b) relief due to her pending appeal.  On November 18, 2022, the day her opening brief on appeal was due, Ms. Kahn dismissed her appeal.  Two weeks later she filed the underlying Motion for Reconsideration pursuant to Rule 59(e), asking the Court to reconsider the merits of her Rule 60(b) motion with a supporting brief that directed the Court to her Rule 60(b) briefing.[29]

Ms. Kahn did not argue before trial, during trial, or in any post-trial motion that she was disadvantaged by her decision not to call Dr. Kopreski during her case-in-chief to avoid his testimony on the TAX316 study.  There is accordingly no ruling by this Court on that issue.

## LEGAL STANDARD

Ms. Kahn must satisfy the requirements of both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure to prevail on her current Motion for Reconsideration.

Because the Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration," Ms. Kahn's motion—filed 28 days after the Court's November 4, 2022 Order—

---

[28] *In re Taxotere (Doxetaxel) Prods. Liab. Litig. (Kahn)*, No. 21-30762 (5th Cir. June 13, 2022).

[29] Rec. Docs. 15280, 15281 (Pl.'s Mot. for Reconsideration of Order and Reasons Denying Mot. for Relief from Judgment Pursuant to Rule 60(b)).

instead must be treated as a motion to alter or amend the judgment under Rule 59(e).  *See* Fed. R.

Civ. P. 59(e); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam)

("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or

amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or

proceeding' under Rule 60(b).  The rule under which the motion is considered is based on when

the motion was filed.").

Amending a judgment under Rule 59(e) is appropriate only "(1) where there has been an

intervening change in the controlling law; (2) where the movant presents newly discovered

evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."  *Id*. at

182.  The Fifth Circuit has explained that relief under Rule 59(e) is an "extraordinary remedy" to

be used "sparingly."  *Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004).  It "serves

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence."  *Id*. (quoting *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989)).

Ms. Kahn's only argument for the "extraordinary remedy" of altering the Court's

November 4 Order is that she is entitled to relief under Rule 60(b).[30]  Granting relief under Rule

60(b), however, is "within the sound discretion of the district court."  *Hesling v. CSX Transp., Inc*.,

396 F.3d 632, 638 (5th Cir. 2005).  And according to the Fifth Circuit, relief under Rule 60(b) is a

higher "threshold" than even the "extraordinary relief" available under Rule 59(e).  *Frew v. Young*,

992 F.3d 391, 397 (5th Cir. 2021) ("[Rule 59(e)] provides a 'lower threshold' for a movant to

prevail than does Rule 60(b).").

Rule 60(b) "cannot be used to raise arguments which could, and should, have been made

before the judgment issued" or "to argue a case under a new legal theory."  *Dial One v. Bellsouth*

---

[30] Rec. Doc. 15280-1 at 1.

*Telecomms., Inc.*, 401 F.3d 603, 607 (5th Cir. 2005) (internal quotation marks and citation omitted)).   Ms. Kahn's Rule 60(b) motion asserted only two bases for relief under that rule: (b)(5)—if the judgment is "based on an earlier judgment that has been reversed or vacated"—and (b)(6), which allows for "any other reason that justifies relief."[31]   For purposes of Rule 60(b)(5), "a decision is 'based on' a prior judgment when it is 'a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.'"   *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801 (5th Cir. 2002) (citation omitted).   To prevail under Rule 60(b)(6), the movant must prove "extraordinary circumstances" warrant relief.   *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).   Further, because Rule 60(b)(6) relief is "mutually exclusive from relief available under sections (1)-(5)," the "reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)."   *Hesling*, 396 F.3d at 643.

## ARGUMENT

Plaintiff's motion should be denied.   This Court need not even reach the merits of Plaintiff's argument because Plaintiff offers no reason to revisit the Court's denial of her Rule 60(b) motion.   Moreover, Ms. Kahn has waived her arguments multiple times over by failing to raise them at trial, in a motion for a new trial, and by forfeiting her direct appeal.   Further, her motion is untimely.   Even if this Court got past these dispositive procedural barriers to Ms. Kahn's motion, it flatly fails to meet the extraordinary standard for reconsideration and for a new trial under Rule 60(b) because the jury's verdict was not "based on" the now-reversed judgment in *Earnest*, and she shows no "extraordinary circumstances" that could justify reversal of the jury's verdict.

---

[31] Rec. Doc. 14217-1.

## I.  PLAINTIFF'S ABANDONMENT OF HER APPEAL PROVIDES NO BASIS FOR RECONSIDERATION OF THE DENIAL OF HER RULE 60(b) MOTION.

Plaintiff waited until well after entry of the jury's verdict against her and after she had filed a notice of appeal to the Fifth Circuit to belatedly file her Rule 60(b) Motion.[32]  But as Sanofi pointed out in briefing before this Court and the Fifth Circuit, Plaintiff's argument for relief under Rule 60(b)—erroneous pretrial rulings that allegedly affected Plaintiff's trial strategy—was an argument that Plaintiff never made to this Court and therefore could not assert for the first time on appeal.  *See Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022) ("[T]o preserve an argument for appeal, the argument (or issue) not only must have been presented in the district court, a litigant also must press and not merely intimate the argument during proceedings before the district court." (internal quotation marks omitted)).

This Court denied Plaintiff's Rule 60(b) motion until Plaintiff's "appeal is resolved."[33] Plaintiff thereafter chose to unilaterally dismiss her appeal by abandoning it before briefing occurred.  In doing so, Plaintiff has implicitly conceded that she failed to preserve any issue or argument related to the Court's pretrial rulings regarding Dr. Kopreski—the rulings she now asks this Court to review, years later, through a Motion to Reconsider the Court's denial of Plaintiff's Rule 60(b) motion.

Ms. Kahn says nothing to warrant reconsideration of that order and fails to address at even a basic level the standard for reconsideration—an "extraordinary remedy" that should be used only sparingly.  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Indeed, Ms. Kahn's silence is likely because none of the reconsideration factors apply here: (1) the denial of her belated

---

[32] Rec. Doc. 14217 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)).

[33] Rec. Doc. 15070 (Order and Reasons Denying Kahn Rule 60(b) Mot.) at 7.

Rule 60(b) motion was not "based upon a manifest error of fact or law"; (2) no "newly discovered or previously unavailable evidence exists"; (3) there was nothing "manifestly unjust" about the original decision; (4) no attorney "misconduct" is asserted; and (5) there has been no "intervening change in law that alters the appropriate outcome" since the Rule 60(b) motion was filed. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002).

Plaintiff's decision to forgo any appeal underscores that she has no argument for reversal of the jury verdict. Moreover, any appellate issue she might have raised, including the issues she raises relating to Dr. Kopreski, are now waived several times over: as described below and as Sanofi explained in briefing before the Fifth Circuit, Plaintiff did not assert her current arguments before, during, or immediately after trial, and now has abandoned any appeal on these grounds. A Rule 60(b) motion "may not be used as a substitute for a timely appeal." *Lowry*, 690 F.3d at 387–88. Rule 59(e) likewise is not a mechanism to undo her multiple waivers of these arguments. For that reason alone, Ms. Kahn's motion should be summarily denied.

## II.   MS. KAHN WAIVED THE ARGUMENTS SHE MAKES IN HER RULE 60(b) MOTION.

Even if this Court found the high bar for reconsideration was met, Ms. Kahn has waived at every stage the issues she now presses in her Rule 60(b) motion. Ms. Kahn never argued that she had to change her trial strategy because of the Court's pretrial rulings regarding Dr. Kopreski. She did not do so before trial, during trial, or even in post-trial motions. Accordingly, this Court never ruled on that issue. It is well settled that arguments raised for the first time after judgment may not be resurrected by a Rule 60(b) motion. *See Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (per curiam) (argument raised for the first time in a Rule 60(b) motion was untimely and waived); *Brotherhood of Ry., Airline v. St. Louis Sw. Ry. Co.*, 676 F.2d 132 (5th Cir. 1982)

(affirming denial of Rule 60(b) motion where the party "presented, for the first time, arguments and evidence that had been available to it throughout the proceeding" and the issue was not presented "before judgment . . . [in a] motion for summary judgment, []or after judgment").  By her Rule 60(b) motion, Ms. Kahn improperly seeks to challenge issues she failed to preserve.

Because Ms. Kahn failed to raise these issues at trial, she would not have been able to argue them on appeal.  *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 402 (5th Cir. 2022) ("[I]n order to preserve an argument for appeal, the argument (or issue) not only must have been presented in the district court, a litigant also must press and not merely intimate the argument during proceedings before the district court." (internal quotation marks omitted)); *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90 (5th Cir. 2011) ("[F]or a litigant to preserve an argument for appeal, it must press and not merely intimate the argument during the proceedings before the district court" and the "argument must be raised to such a degree that the district court has an opportunity to rule on it." (internal quotation marks and citation omitted)).  Ms. Kahn's silence on this issue all the way through entry of judgment forecloses her belated claim for relief in her original Rule 60(b) motion and her pending motion for reconsideration.  Ms. Kahn's present gambit is merely a last-ditch attempt to raise this argument in a manner that will excuse the facial untimeliness and the dispositive waiver of her claims.

Ms. Kahn's arguments are the prototypical example of why a party is required to make a timely, contemporaneous objection, and why failure to do so forecloses relief at a (much) later date.  At trial, Ms. Kahn failed to raise the argument she presses now, and instead gave no indication that the Court's motion *in limine* ruling prejudiced her trial strategy (because it did not).  With nothing stopping her from calling Dr. Kopreski or presenting his deposition testimony, Ms. Kahn instead took her case-in-chief in another direction, calling multiple other witnesses to discuss

the very same subjects previously covered by Dr. Kopreski in the *Earnest* trial including: (1) Ms. Kahn's experts, Dr. Ellen Feigal and Dr. David Madigan, who testified that 29 patients in the TAX316 study had "ongoing" alopecia at the end of the follow-up period—testimony that went unrebutted by Sanofi;[34] (2) Dr. Amy Freedman, who testified that it was the responsibility of Sanofi's pharmacovigilance department to monitor drugs to identify new side effects or new characteristics of a previously known side effect;[35] (3) Dr. Laura Plunkett, who testified to a drug company's pharmacovigilance obligations, including the duty to collect and analyze post-marketing events and update its label when there is misleading or inaccurate information on a drug label;[36] and (4) Ruth Avila, who testified extensively about her knowledge of the *Sedlacek* abstract as early as 2006—as well as Sanofi's response to the abstract at that time.[37] In short, Ms. Kahn could not have been prejudiced by this Court's evidentiary rulings with respect to Dr. Kopreski because she presented the same evidence in a manner she strategically chose and was otherwise unrebutted by Sanofi. Indeed, the trial record directly refutes Ms. Kahn's present claim that she was precluded from introducing evidence that covered the subjects of Dr. Kopreski's testimony.

Moreover, it is not credible, contrary to Ms. Kahn's arguments, that her Rule 60(b) motion is justified because she avoided using Dr. Kopreski out of fear of opening the door to his testimony found improperly admitted in *Earnest*. Ms. Kahn had no control over whether Sanofi presented

---

[34] Rec. Doc. 14302-2 (Ex. B to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Trial Tr. 1495:13–21 ("29 patients still had persistent alopecia in the TAC group[.]"); *Id.* 1233:13–15 ("Q. And specifically, there were 29 cases of ongoing alopecia in the TAC arm, correct? A. There were 29 in the Taxotere-containing arm.").

[35] Rec. Doc. 14302-4 (Ex. D to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Trial Tr. 190:13–191:14; *see also* Trial Tr. 899:2–900:11.

[36] Rec. Doc. 14302-2 (Ex. B to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Trial Tr. 968:8–24.

[37] Rec. Doc. 14302-2 (Ex. B to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), Trial Tr. 318:9–320:4. Ms. Kahn's argument that Dr. Kopreski was important to her case because he worked for Sanofi is not persuasive. The jury heard testimony from not only Ms. Avila but also from Amy Freedman, Frances Polizzano, Emanuel Palatinsky, and Jean-Philippe Aussel, all of whom worked at Sanofi.

Dr. Kopreski's testimony on TAX316.  Sanofi could have called Dr. Kopreski in its case-in-chief, regardless of whether Plaintiff called him as a witness in her case-in-chief.  And not once during trial did Plaintiff raise an objection or otherwise argue to the Court that its pretrial rulings on Dr. Kopreski's causation testimony prejudiced her ability to put on liability evidence in her case. Plaintiff's arguments therefore ignore a crucial distinction between the *Earnest* and *Kahn* trials. Unlike in *Earnest*, here, Sanofi had qualified an expert witness, Dr. Ellen Chang, who was prepared to testify about the TAX316 study including that only 6 of the 29 patients with ongoing alopecia in TAX316 met the definition of persistent alopecia as defined by Plaintiffs.  The Fifth Circuit's decision in *Earnest* found that the Court erred by allowing Dr. Kopreski to offer that testimony as a lay witness.  Instead, the Fifth Circuit would have required that testimony to be presented by an expert witness.  *Earnest*, 26 F.4th at 264-65.  Dr. Chang's availability as an expert to provide that same testimony in lieu of Dr. Kopreski refutes Ms. Kahn's speculation that Sanofi would have repeated the error identified in *Earnest*.

***

Ms. Kahn waived these arguments by failing to raise them at trial.  The layer-upon-layer of speculation on which she now relies underscores why waiver precludes her claims and requires denial of her Rule 60(b) motion.

### III.    MS. KAHN'S RULE 60(b) MOTION IS UNTIMELY.

A Rule 60(b) motion must be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1). "[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment."  *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992)).  Under Rule 60(b), a "reasonable time" for filing is defined

"by the particular facts and circumstances of each case." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 n.9 (E.D. La. 2016) (internal quotation marks omitted).  To determine whether a Rule 60(b) motion is timely, courts consider the interest in finality of the judgment and any prejudice to other parties.  *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). There can be no dispute that this Court has an interest in maintaining the finality of the jury's verdict and that Sanofi would be prejudiced by a reversal of that verdict.

In deciding Rule 60(b) motions, courts also consider the reason for the movant's delay and the practical ability of the movant to learn earlier of the grounds relied upon for reconsideration. *Travelers Ins. Co.*, 38 F.3d at 1410.  For example, in *Travelers*, the Fifth Circuit affirmed the district court's denial of such a motion as untimely, finding it significant that the appellants had known about the primary basis for the motion before entry of final judgment but failed to raise it until after several post-judgment motions were decided.  *Id.*; *see also ABC Asphalt, Inc. v. Credit All. Corp.*, 56 F.3d 1384 (5th Cir. 1995) (affirming denial of Rule 60(b)(6) motion as untimely where the facts and arguments were available to the appellant before the trial court entered summary judgment).

Ms. Kahn offers no justification for her delay in bringing this issue to the Court.  She was aware, well before entry of final judgment on November 22, 2021, of (1) the pre-trial rulings that purportedly caused her to change her trial strategy, which she now contends justifies relief, and (2) the fact that the admissibility of Dr. Kopreski's testimony was being challenged before the Fifth Circuit in *Earnest*.  Indeed, since Ms. Kahn and Ms. Earnest were represented by the same counsel in these two bellwether trials, Ms. Kahn had knowledge of arguments regarding the erroneous admission of expert opinion testimony from lay witness Dr. Kopreski, no later than

when Ms. Earnest filed a motion for a new trial on that basis on October 25, 2019.[38]  After the Court denied Ms. Earnest's motion for a new trial, she filed a Notice of Appeal and raised the argument again in her Opening Brief filed on July 16, 2021.[39]  These events predate Ms. Kahn's trial.  Ms. Kahn's unjustified delay is not reasonable and forecloses relief under any prong of Rule 60(b).  *See also Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 679 (S.D. Tex. 2011) (finding that a four-month delay between discovering new evidence and filing a Rule 60 motion was unreasonable).

Finally, as Ms. Kahn filed the pending Motion for Reconsideration pursuant to Rule 59(e), Rule 59(e) cannot save an untimely Rule 60(b) motion.  *See Pruett v. Stephens*, 608 F. App'x 182 (5th Cir. 2015) (affirming denial of Rule 59(e) motion to alter or amend earlier denial of a Rule 60(b)(6) motion).

## IV.   MS. KAHN IS NOT ENTITLED TO RELIEF UNDER RULE 60(b) BECAUSE *EARNEST* DOES NOT AFFECT THE JURY'S VERDICT AND IS NOT AN EXTRAORDINARY CIRCUMSTANCE.

### A.   *Earnest* Provides No Basis for Reversal of the Jury Verdict.

Ms. Kahn is not entitled to relief under Rule 60(b)(5), which allows the Court to grant relief from a judgment when "it is based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 65(b)(5).  Nor does she articulate any "extraordinary circumstances" warranting relief under Rule 60(b)(6).

#### 1.   *No relief is warranted under Rule 60(b)(5) as the* **Kahn** *verdict was not "based on" the ruling in* **Earnest.**

Relief under Rule 60(b)(5) "is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion."  Wright & Miller, 11 Fed. Prac. &

---

[38] Rec. Doc. 8934 (Pl. Earnest Mot. for New Trial) at 1, 18.

[39] Rec. Doc. 9516 (Pl. Earnest's Notice of Appeal).

Proc. Civ. § 2863 (3d ed.).  The Fifth Circuit has likewise explained that a "decision is 'based on' a prior judgment when it is '*a necessary element* of the decision, giving rise, for example, to the cause of action or a successful defense.'"  *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801 (5th Cir. 2002) (citation omitted, emphasis added) (reconsideration of award of attorneys' fees allowed under Rule 60(b)(5) where underlying damages award was vacated).

Ms. Kahn asserts, without any analysis or citation to legal authority, that simply because the pretrial rulings regarding Dr. Kopreski's testimony "are now erroneous" that means "the final judgment dismissing Ms. Kahn's matter following a jury verdict was 'based on an earlier judgment that has been reversed or vacated.'"[40]  On the contrary, Ms. Kahn cannot rely on Rule 60(b)(5) because the jury verdict in her case is not "based on" the judgment in *Earnest*.  The Fifth Circuit vacated the judgment in *Earnest* based on the erroneous admission of Dr. Kopreski's testimony regarding the TAX316 study and Dr. Glaspy's testimony that relied on Dr. Kopreski's work. *Earnest*, 26 F.4th at 269.  In contrast, neither party in Ms. Kahn's trial presented Dr. Kopreski's testimony to the jury.  Nor did the jury hear testimony from anyone regarding the TAX316 analysis finding only six of the 29 patients identified as having ongoing alopecia in that study met the definition of persistent alopecia.  The verdict against Ms. Kahn accordingly is not "based on" the admission of testimony that *Earnest* held to be erroneous.

Ms. Kahn appears to argue her jury's verdict is "based on" the *Earnest* decision because Ms. Kahn claims she changed her trial strategy to avoid calling Dr. Kopreski in her case-in-chief to avoid the risk that he would provide the TAX316 testimony that *Earnest* found inadmissible.[41]

---

[40] Rec. Doc. 14217-1 (Memo. in Support of Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 7-8.

[41] *See* Rec. Doc. 14217-1 (Memo. in Support of Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 4 ("[C]ounsel made a conscious trial strategy decision to avoid calling Dr. Kopreski, in compliance with the aforesaid ruling and in legitimate fear that Ms. Kahn's trial would be tainted with Dr. Kopreski's improper testimony.").

This argument ignores the requirement in Rule 60(b)(5) that her judgment (not her trial strategy) be "based on" an earlier judgment that has been reversed (not the reasoning of the appellate decision that led to reversal).  Indeed, the case law cited in Ms. Kahn's original motion recognizes as much.[42]  In *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990), *holding modified by Hess v. Cockrell*, 281 F.3d 212 (5th Cir. 2002), the Fifth Circuit rejected application of Rule 60(b)(5) because no relevant judgment had been reversed or otherwise vacated.  The Fifth Circuit denied the appellant's argument that the judgment in his case should be reversed or otherwise vacated because it was premised on the reversal of a judgment in ***another case***.  The Court explained: "For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.  It is not sufficient that the prior judgment provides only precedent for the decision." *Id*.  Here too, Kahn attempts to rely on the decision in another factually and procedurally distinguishable case.

Likewise, Kahn's reliance on *Sales v. State Farm Fire & Cas. Co.*, 902 F.2d 933, 936 (11th Cir. 1990), is misguided.[43]  *Sales* is an out-of-Circuit case that is both factually and procedurally distinguishable.  There, the Eleventh Circuit reversed the grant of summary judgment in an insurance matter following remand for a new trial.  *Id*. at 935-36.  In the first appeal in that case, *Sales I*, the Eleventh Circuit held that plaintiff's attorney "developed trial strategy and presented the case under an erroneous view of the law," and "[l]ikewise, the district court made its rulings under an erroneous view of the law."  *Id*. at 936.  On remand, State Farm moved for summary judgment on the same factual record based on the law of the case doctrine, which the district court

---

[42] Rec. Doc. 14217 at 8 (Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)).

[43] *Id.*

granted.  *Id.* at 935.  In the appeal of that decision, in *Sales II*, the Eleventh Circuit reversed the grant of summary judgment and remanded the case again because the district court awarded judgment based on the same factual record produced by the court and counsel's erroneous views of the law.  *Id.*  That case is inapposite.

First, there is no mandate from the Fifth Circuit directing this Court to apply a different legal doctrine in this case.  Indeed, unlike *Sales*, the law of the case doctrine is not implicated, nor is there only one case or factual record for the Court to analyze.  *Kahn* and *Earnest* each presented unique facts, law of the case, and different legal strategies.

Second, neither this Court's ruling nor the strategy of Ms. Kahn's counsel was the result of an erroneous view of the law.  The Fifth Circuit based its decision in *Earnest* on testimony from Dr. Kopreski that was not presented in Ms. Kahn's trial by Dr. Kopreski or any other witness.  Moreover, Kahn has failed to show any connection between her alleged strategic decisions at trial and the *Earnest* rulings.  Nothing in the record indicates that, had Ms. Kahn introduced Dr. Kopreski's testimony during her case, this Court would have allowed Sanofi to introduce his TAX316 testimony in Ms. Kahn's case-in-chief or that Sanofi would have elected to.  On the contrary, Sanofi was prepared to present Dr. Chang, who had conducted an independent analysis of the TAX316 study, such that the issues decided in *Earnest* would not have been present.  Sanofi, like Ms. Kahn, knew that the *Earnest* appeal was pending.

Third, *Sales* did not involve a Rule 60(b)(5) motion and—contrary to Ms. Kahn's position—represents the procedural avenues that Kahn ***could have but did not pursue***.  In *Sales*, the appellant objected to the jury instruction at trial, and the Eleventh Circuit had jurisdiction to analyze the purported error.  By contrast, the procedural posture in *Earnest* exemplifies why the *Kahn* verdict was not based on the earlier, now reversed, verdict.  In *Earnest*, the Court did not

permit Sanofi to introduce Dr. Kopreski's TAX316 testimony as counter-designations to Plaintiff's affirmative testimony from this witness.  Instead, the Court required that Dr. Kopreski's TAX316 testimony be introduced separately during Sanofi's case-in-chief—not Plaintiff's.  As noted above, Sanofi would not have made, and did not in fact make, that strategic choice in *Kahn* as it had another expert to testify on the same subjects.[44]

Ms. Kahn's motion for relief under Rule 60(b)(5) must be denied as the judgment in her case is not based on or in any way impacted by *Earnest*.  And the purported prejudice she claims she suffered because of the Court's pre-trial rulings regarding Dr. Kopreski's testimony is an improper basis for a Rule 60(b) motion.

## 2. *No extraordinary circumstances exist warranting relief under Rule 60(b)(6).*

Ms. Kahn is also not entitled to relief under Rule 60(b)(6) for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and which will not be granted absent "extraordinary circumstances," *Hess*, 281 F.3d at 216.  Ms. Kahn does not present any basis for relief under subsection (6) that is separate from the basis asserted under subsection (5), much less one showing the requisite extraordinary circumstances.  *GIC Servs., L.L.C. v. Freightplus USA, Inc*., No. 13-6781, 2017 WL 4867511, at *3 (E.D. La. Oct. 27, 2017) (denying motion under Rule 60(b)(6) that was based on same reason for relief sought under Rule 60(b)(5) and finding movant failed to show extraordinary circumstances).

Indeed, even if Ms. Kahn's argument were not duplicative of her Rule 60(b)(5) argument, the Fifth Circuit does not recognize a change in decisional law as an extraordinary circumstance. *Batts v. Tow-Motor Forklift Co*., 66 F.3d 743, 747–48 (5th Cir. 1995) (explaining that "a change

---

[44] Rec. Doc. 14302-2 (Ex. B to Sanofi's Opposition to Pl.'s Rule 60(b) Mot.), *Earnest* Trial Tr. 1919-55 (Dr. Kopreski's TAX316 testimony being introduced during Sanofi's case-in-chief).

in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" and finding district court abused its discretion in vacating judgment on that basis).  This is particularly true where, as here, the change in law had no bearing on the outcome of Ms. Kahn's trial.  *See Calhoun v. St. Bernard Par*., No. 89–5160, 1991 WL 255104, at *1 (E.D. La. Nov. 22, 1991) (denying Rule 60(b)(6) motion because change in law was not relevant to the movant's case and had no legal effect on movant's case).

The Fifth Circuit further recognizes that Rule 60(b)(6) cannot be invoked to undo a party's strategic decisions at trial.  *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (noting "Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision"); *Theard v. Dep't of Civ. Serv., La*., No. 10–4165, 2012 WL 6161944, at *5 (E.D. La. Dec. 11, 2012) (recognizing that "neither strategic miscalculation nor a misapprehension of the law is a sufficient reason to grant Rule 60(b) relief from a party's voluntary actions").  Before trial, Ms. Kahn convinced this Court to require Dr. Kopreski to appear live so that she could cross-examine him.[45] Ms. Kahn chose to abandon that approach and did not call Dr. Kopreski as a witness or present his deposition testimony.  Ms. Kahn's choice does not constitute an extraordinary circumstance warranting reversal of judgment.  *See Yesh Music*, 727 F.3d at 363 ("Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made." (internal quotation marks omitted)).[46]

---

[45] Rec. Doc. 14217-3 (Ex. A to Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)), Final Deposition Designations for Kopreski.

[46] Ms. Kahn cites *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981), for "eight factors for district courts to consider when ruling on a motion under Rule 60(b)."  But she fails to explain how any single factor weighs in her favor. Rec. Doc. 14217-1 (Memo. in Support of Pl.'s Mot. for Relief from Judgment Pursuant to Rule 60(b)) at 5.  In any event, the Fifth Circuit "has never explicitly held that the *Seven Elves* factors bear on the 'extraordinary circumstances' inquiry under Rule 60(b)(6)."  *Raby v. Davis*, 907 F.3d 880, 885 (5th Cir. 2018).

## CONCLUSION

For these reasons, the Court should deny Ms. Kahn's motion for relief from judgment pursuant to Rule 59(e) and Rule 60(b).

Respectfully submitted,

/s/ Douglas J. Moore
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Ilana H. Eisenstein
Rachel A.H. Horton
Danielle T. Morrison
**DLA PIPER LLP (US)**
1650 Market St., Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Ilana.Eisenstein@dlapiper.com
Rachel.Horton@dlapiper.com
Danielle.Morrison@dlapiper.com

*Counsel for Sanofi Defendants*
*Sanofi US Services Inc. and*
*sanofi-aventis U.S. LLC*

Harley V. Ratliff
Jon Strongman
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
jstrongman@shb.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Douglas J. Moore