UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*Conley v. Sandoz, Inc.*, 2:18-cv-09799 | MDL No. 2740<br><br>SECTION: "H"<br><br>JUDGE MILAZZO<br><br>MAG. JUDGE NORTH |

**MEMORANDUM IN OPPOSITION TO DEFENDANT SANDOZ'S MOTION TO VACATE CONLEY'S VOLUNTARY DISMISSAL WITH PREJUDICE**

Defendant Sandoz seeks to vacate Plaintiff Conley's voluntary dismissal *with prejudice* so that it can spend a year or more litigating an appeal in the hopes of obtaining an involuntary dismissal *with prejudice*. According to Sandoz, it is entitled to another ruling on preemption in Plaintiff Conley's case, this time from the Fifth Circuit. Plaintiff Conley's voluntary dismissal with prejudice, Sandoz insists, is an improper attempt to avoid an adverse ruling.

Fifth Circuit precedent squarely forecloses Sandoz's argument that its inability to obtain an adverse ruling provides a legal basis to refuse a voluntary dismissal with prejudice:

> "[The Fifth Circuit explicitly rejected that exact argument in [*United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187 (5th Cir. 2018)] on the ground that such a concern does not arise where the request is one for a voluntary dismissal with prejudice, as opposed to without prejudice. 907 F.3d at 198. As the Fifth Circuit explained, it cannot be claimed that a request for a voluntary dismissal with prejudice evidences an attempt at self-preserving gamesmanship by, for example, avoided an adverse ruling. *Id*. And that conclusion logically comports with the Fifth Circuit precedent detailed above, *see supra* p. 5, which provides that a dismissal with prejudice operates as a final judgment on the merits.

*Greenwood v. Cain*, No. 3:19-CV-598-HTW-BWR, 2022 WL 17420778, at *3 (S.D. Miss. Oct. 14, 2022), *report and recommendation adopted*, No. 3:19-CV-598-HTW-BWR, 2022 WL 17420386 (S.D. Miss. Dec. 5, 2022).

Because Fifth Circuit precedent is clear that the failure to obtain an adverse ruling is not legal prejudice that precludes the granting of an unconditional dismissal *with prejudice*, Sandoz has no basis to seek to reopen Plaintiff Conley's case so that it can seek an adverse ruling from the Fifth Circuit.

But this has not stopped Sandoz from resorting to extreme and baseless accusations. Sandoz claims that Plaintiff Conley's voluntary dismissal with prejudice was obtained through a fraud, misrepresentation, or misconduct because Plaintiff Conley did not get Sandoz's approval before filing per FRCP 41. This argument ignores that Pretrial Order No. 87 is this Court's established procedure for dismissal with prejudice. The parties—including Sandoz—stipulated to this process. Under PTO 87, no further approval of a defendant is required to obtain a dismissal with prejudice. "This form, which requires a signature by Plaintiffs' counsel only, shall be used to effectuate dismissals pursuant to this Order, notwithstanding the requirements of FRCP 41, and PTOs 15 (Rec. Doc. 230) and 54 (Rec. Doc. 671), which may require additional signatures by parties who have been served to effectuate dismissals pursuant to those provisions." PTO No. 87. Plaintiff Conley's dismissal pleading complies with all requirements of the Pretrial Order and, therefore, neither separate (and additional) consent of Sandoz nor its counsel's signature was required.

Sandoz also argues that Plaintiff Conley should not be permitted to use PTO No. 87 because she is a trial pool plaintiff. But that was not Plaintiff Conley's status at the time of dismissal. Although Plaintiff Conley was initially selected to participate in a CMO 14 trial pool, her case was not selected for trial and she never went through expert workup in Phase II trial pool discovery. At the last conference this Court held with lead and liaison counsel on November 4, 2022, the Court stated that no more bellwether trials would be held. The Court's decision not to hold any

more trials necessarily means there is no trial pool. Plaintiff Conley's use of PTO No. 87 was entirely appropriate under the circumstances. Even if there was some confusion over the availability of PTO No. 87, Sandoz has not shown that there was fraud, misrepresentation, or misconduct—or some other extraordinary circumstance—that could justify the extreme relief of vacatur under Rule 60(b) simply so Sandoz can obtain an adverse ruling.

In any event, even if Plaintiff Conley picked the wrong procedural path to dismissal and should have filed a motion, the result would have been the same: again, Fifth Circuit precedent *does not* allow a court to refuse a request to voluntarily dismiss an action with prejudice because a defendant would prefer to obtain an adverse decision from a court. This is because the failure to obtain an adverse ruling is not legal prejudice that precludes the granting of an unconditional dismissal *with prejudice*.[1] *Greenwood*, 2022 WL 17420778, at *3 (discussing the Fifth Circuit's decision in *Vaughn*).

Accordingly, Sandoz's baseless request to find fraud, misrepresentation, or misconduct or some other extraordinary circumstance to reopen Plaintiff Conley's case, so that Sandoz can obtain an adverse ruling dismissing her case with prejudice from the Fifth Circuit, should be denied.

Dated: January 10, 2023

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin (#27902)
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: 504-355-0086
Fax: 504-355-0089
ccoffin@pbclawfirm.com

*/s/ Karen B. Menzies*
Karen Barth Menzies (CA Bar #180234)
GIBBS LAW GROUP LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: 510-350-9700
Facsimile: 510-350-9701
kbm@classlawgroup.com

---

[1] Not only is Sandoz wrong to suggest that its failure to obtain an adverse ruling is legal prejudice, it is also wrong to suggest that the Fifth Circuit has been prevented from deciding the preemption question when in fact it has accepted the identical issue for review in two other cases.

| | |
|---|---|
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |
| /s/M. Palmer Lambert | /s/Dawn M. Barrios |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | BARRIOS, KINGSDORF & CASTEIX, LLP |
| 1100 Poydras Street, Suite 2225 | 701 Poydras Street, Suite 3650 |
| New Orleans, LA 70163-2800 | New Orleans, LA 70139 |
| Phone: 504-355-0086 | Phone: 504-524-3300 |
| Fax:  504-355-0089 | Fax: 504-524-3313 |
| plambert@pbclawfirm.com | barrios@bkc-law.com |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |

AND

C. Brooks Cutter
CUTTER LAW, PC
401 Watt Avenue
Sacramento, CA 95864
Phone: (916) 290-9400
bcutter@cutterlaw.com

*Counsel for Plaintiff Arquice Conley*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                 /s/ M. Palmer Lambert
                 M. PALMER LAMBERT
                 *Plaintiffs' Co-Liaison Counsel*