UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section: "H" (5) |
| This Document Relates to:<br>*Conley v. Sandoz Inc.*,<br>Civ. Action No. 2:18-cv-9799 | JUDGE JANE TRICHE MILAZZO |

**REPLY MEMORANDUM IN SUPPORT OF SANDOZ INC.'S
MOTION FOR RELIEF FROM A JUDGMENT, ORDER, OR PROCEEDING**

In her Opposition to Defendant Sandoz Inc.'s ("Sandoz") Motion for Relief from a Judgment, Order, or Proceeding, Plaintiff Arquice Conley argues that the relief Sandoz seeks is foreclosed for lack of legal prejudice, and that Plaintiff was free to dismiss her action using the pathway set out in PTO 87, without Sandoz's consent or signature, and after extended briefing and resources expended by the court and parties, thereby thwarting the Honorable District Judge's judgment that the issues in Sandoz's certified appeal required guidance from the appellate court. Plaintiff fails to persuade.

**A. Plaintiff's Tactic Undermines This Honorable Court's Wise Judgment to Obtain Guidance on Novel Issues from the Appellate Courts and Facilitate Development of the Rule of Law**

Plaintiff's memorandum largely focuses on Sandoz's alleged lack of legal prejudice. Yet, a showing of legal prejudice is ***not*** required for relief under the Rule 60(b) provisions relied upon by Sandoz. *See, e.g.*, *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418–19 (5th Cir. 2018). Plaintiff appears to be attempting to hold Sandoz to the standard applicable to a rule not at issue here: Rule 41(a)(2).

Nevertheless, Sandoz can demonstrate the legal prejudice Plaintiff is demanding. The idea that a dismissal with prejudice fully resolves a matter between two litigants on a particular set of

1

circumstances might hold water in a typical single plaintiff vs. single defendant action, but not in an MDL, where rulings on certain motions may affect *multiple parties* in the MDL with that same set of circumstances.[1] Indeed, the Fifth Circuit applies this distinction in the MDL context when reviewing a district court's conversion of a voluntary dismissal without prejudice into one with prejudice, stating that "[w]hatever might have been the proper exercise of discretion for a case with just two parties involved, the court correctly saw this case as part of a much larger picture." *In re Fema Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 163–64 (5th Cir. 2010). The appellate opinion on Sandoz's preemption motion in *Plaintiff's* case will undoubtedly affect *thousands* of cases in the MDL against Sandoz. The same is true of any ruling on the issue Sandoz might obtain from the Fifth Circuit. For now, though, Plaintiff attempts to strip Sandoz of the opportunity to obtain that ruling, and to remove Sandoz and its counsel from the appeal of this important issue. Although the Fifth Circuit has granted the petitions for permission to appeal filed by Accord and Hospira, there are unique issues involved in Sandoz's appeal that also need to be addressed by the Fifth Circuit. Thus, the contention that Plaintiff's voluntary dismissal with prejudice does not cause any legal prejudice to Sandoz is disingenuous.

And the inability to make its case before the Fifth Circuit is not the only prejudice to Sandoz. It is also prejudiced by the late stage at which Plaintiff filed her dismissal: after working up a trial pool case, briefing summary judgment and 28 U.S.C. § 1292(b) certification before this court, and petitioning the Fifth Circuit for permission to appeal. *See, e.g.*, *Davis v. Huskipower*

---

[1] Plaintiff argues, "Fifth Circuit precedent squarely forecloses Sandoz's argument that its inability to obtain an adverse ruling provides a legal basis to refuse a voluntary dismissal with prejudice," presumably referencing *United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187 (5th Cir. 2018). Plaintiff does not, and cannot, identify for the Court where in *Vaughn*—which was not a mass tort similar to MDL 2740—the Fifth Circuit "squarely foreclose[d]" relief in the circumstances at bar. (Rec. Doc. 15372 at 1.)

2

*Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."); *id*. (upholding denial of motion for voluntary dismissal sought "after months of filing pleadings, attending conferences, and submitting memoranda," as well as "after the magistrate . . . issued a comprehensive recommendation that was adverse to their position").

"The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (alteration in original) (citation and internal quotation marks omitted). For the reasons set out here and in Sandoz's opening brief, Plaintiff's unilateral dismissal of her action unfairly affects Sandoz. (Rec. Doc. 15338-2.)

### B. Sandoz is Entitled to Relief Under Rule 60(b)

In a final effort to fend off Sandoz's motion to reopen, Plaintiff makes a half-hearted argument that because she was not a trial pool plaintiff "at the time of dismissal," her use of the pathway set out in PTO 87 was proper. (Rec. Doc. 15372 at 2.) Not so. PTO 87 explicitly "does not apply to any Plaintiff **identified** in or pursuant to Case Management Order No. 14 . . . ." (Rec. Doc. 5363 at 1) (emphasis added). Plaintiff was so identified. (*See* Rec. Doc. 6935.) Any off-the-record discussion regarding the potential for future bellwether trials does not delete that limitation in PTO 87.[2]

### C. Conclusion

For the reasons set out above and in Sandoz's opening brief, this Court should grant Sandoz's Rule 60(b) motion to reopen the *Conley* matter.

---

[2] Plaintiff does not even attempt to respond to Sandoz's arguments under Rule 60(b)(6).

Dated: January 17, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2212 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2023, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Lori G. Cohen*
Lori G. Cohen