UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO
*Kahn v. sanofi-aventis U.S. LLC,* No. 16-17039

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER AND REASONS DENYING
MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

MAY IT PLEASE THE COURT:

Sanofi presents four reasons why Ms. Kahn's requested relief should not be granted. Plaintiff briefly addresses each, in turn, below. At its heart, however, this motion seeks appropriate relief for a problem Sanofi unilaterally created in advance of the *Earnest* trial – that is, the advancement of improper lay witness opinion testimony – which the Fifth Circuit deemed worthy of verdict reversal. This improper and prejudicial testimony, like in *Earnest*, was designated in advance of Ms. Kahn's trial, was advanced by Sanofi in opposition to *Daubert* and *in limine* motions, and was the cause of pretrial rulings in advance of Ms. Kahn's trial that largely mimicked those in *Earnest*.

Sanofi's first argument, that dismissal of her appeal somehow has a bearing on this Court's evaluation of the merits of the instant 60(b) motion, falls flat. This Court declined to rule on the original 60(b) motion because of concerns over jurisdiction, given the then pending appeal. Doc. 15070. Rather than deferring a first impression to the appellate court on issues with which this Court is intimately familiar, Plaintiff voluntarily dismissed her appeal, removing the procedural impediment to this Court's consideration of the merits of the motion. Accordingly, Sanofi's first argument should be regarded as moot.

Second, the position that Ms. Kahn somehow waived her instant argument likewise is without merit. Contrary to Sanofi's arguments, Ms. Kahn challenged the admissibility of Dr. Kopreski's improper lay witness opinion testimony at every possible stage of pretrial workup. Plaintiff also was forced to subpoena Dr. Kopreski, to brief and argue issues surrounding the witnesses' objections to appearing under Rules 43 and 45, and to decide whether or not to call Dr. Kopreski in her case in chief risking full examination of Dr. Kopreski by Sanofi at the time of his appearance in her case. Sanofi had multiple opportunities to withdraw their designation of the testimony at issue and/or agree not to call the witness; Sanofi made a deliberate choice to maintain the threat of such testimony being presented to the jury through the close of Ms. Kahn's case-in-chief. Had the Fifth Circuit's ruling reversing *Earnest* been issued before Ms. Kahn's trial, none of those pretrial and trial challenges would have existed. Accordingly, Ms. Kahn neither waived her position that such evidence should have been excluded nor should she have been required to consider the threat of such evidence in presenting her case to a jury. That a separate defense-retained expert might have been allowed to present testimony on related issues is irrelevant to Plaintiff's legitimate fears of the "pop-the-hood" evidence and argument (which was presented in and bootstrapped in closing argument in *Earnest*) Sanofi held in its back pocket during her case-in-chief.

The third position advanced by Sanofi related to timeliness fails both in the face of the applicable Rules and in the face of the timing of the Fifth Circuit's decision relative to her concluded trial and pending appeal. Undersigned frankly had not had an instance to advance a Rule 60(b), in light of the processes prescribed in Rule 62.1 and FRAP 12.1, at the unique juncture that presented itself here – that is, where an important *Daubert* ruling made in advance of the first MDL bellwether trial was reversed on appeal that (a) clearly impacted the second bellwether trial

2

but (b) was issued post-trial and after the notice of appeal of the second trial verdict had already been filed to preserve Ms. Kahn's possibility of a retrial. In light of the unique posture, Ms. Kahn's 60(b) motion has been timely presented for consideration.

Finally, whether or not Plaintiff's affirmatively designated testimony of Dr. Kopreski would have mattered to the jury, if presented without the fear of improper lay testimony also being presented from the same witness, is a question that only a new trial can answer. The threat of Kopreski's improper lay testimony being admitted strongarmed the Plaintiff into not playing any testimony from Dr. Kopreski in her case-in-chief. Further, whether additional emphasis on Sanofi's own clinical trial evidence, which Kopreski's improper lay opinions sought to undermine, might have carried additional weight with the jury had it been more prominently featured in Kahn's case-in-chief likewise is another question that should be evaluated by a jury. Sanofi's threat, through close of Ms. Kahn's case-in-chief, that Kopreski's lay opinions would be presented if he were called based on the now-reversed *Daubert* opinion allowing such testimony improperly, undeniably impeded Ms. Kahn's ability to fairly present the jury with all facts material to her case.

For the reasons set forth in her original motion (Doc. 14217), her renewed motion (Doc. 15280), and herein, Sanofi's defense verdict in the second MDL bellwether trial should be set aside, and Ms. Kahn should be granted a new opportunity, with revised pretrial rulings, to present her claims to a jury.

Dated: January 17, 2023                    Respectfully submitted,

                                           */s/M. Palmer Lambert*
                                           M. Palmer Lambert (#33228)
                                           Christopher L. Coffin (#27902)
                                           PENDLEY, BAUDIN & COFFIN, L.L.P.
                                           1100 Poydras Street, Suite 2225
                                           New Orleans, Louisiana 70163

Phone: (504) 355-0086
Fax: (504) 355-0089
plambert@pbclawfirm.com
ccoffin@pbclawfirm.com

*Counsel for Plaintiff Elizabeth Kahn*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT