UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)           )      MDL No. 2740
PRODUCTS LIABILITY LITIGATION         )
                                      )
                                      )      SECTION: "H" (5)
THIS DOCUMENT RELATES TO:             )
ALL ACTIONS                           )

SANOFI'S OBJECTIONS TO VENUE
UNDER CASE MANAGEMENT ORDER NO. 33 ("CMO 33")

In April 2022, the Court identified 200 cases for Wave 1 discovery and remand.[1] Now, 98 cases remain. Of the remaining cases, all but four were directly filed in the MDL under PTO 5.[2] After the close of Wave 1 discovery on February 28, 2023, the Court will begin remanding the remaining cases to appropriate venues for further discovery, motion practice, and trial.[3] Before remand, however, Sanofi may object under CMO 33 to the presumptive venue asserted by any remaining Wave 1 plaintiff.[4] Sanofi has identified 15 plaintiffs who have not selected an appropriate venue under PTO 5. As a result, Sanofi requests that the Court sustain its objections to venue in these 15 cases.

## OBJECTIONS

Under CMO 33, "the transferor court is presumed to be the venue identified in Paragraph 8 of each individual plaintiff's Short Form Complaint."[5] For the 94 plaintiffs in Wave 1 who directly

---

[1] Rec. Doc. 14045 (CMO 34).

[2] Rec. Doc. 131 (PTO 5).

[3] Rec. Doc. 13946 (CMO 33).

[4] *Id*. ¶ 11 ("Any party may object to the presumptive venue by filing an objection at any time prior to the Court's suggestion of remand or according to Federal or local venue rules in the transferor court."). Sanofi reserves its right to further objections to venue on remand to the putative transferor courts.

[5] *Id*.

filed in this MDL, their proposed venue must be assessed under PTO 5 ¶ E:[6]

> Upon completion of all pretrial proceedings in any case before this Court by virtue of this "Direct Filing" Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer each case **to the federal district court for the district where the plaintiff allegedly was injured or where plaintiff resided at the time of his or her alleged injury**, after the parties are given an opportunity to meet and confer and be heard on the issue.[7]

Accordingly, a plaintiff's place of injury or residence at the time of injury are the only proper venues for transfer of these 94 direct-filed cases.[8]

Plaintiffs in 15 Wave 1 cases, however, have not designated proper venues under PTO 5. Sanofi has identified below these plaintiffs, as well as the proper venue—that is, the District where the plaintiff was injured or resided when injured:

| Plaintiff | Original Jurisdiction | SFC ¶ 8 | PTO 5 Proper Venue |
|---|---|---|---|
| **DEVENS, LAURA** | E.D. La. | NY (District Not Specified) | NY - Southern District of New York |
| **FURBECK, LISA** | E.D. La. | DE - District of Delaware | KS - District of Kansas |

---

[6] Sanofi entered into PTO 5 and subjected itself to direct filing in exchange for certain procedural safeguards, including those related to transfer venue. But for entry of a direct filing order, cases coordinated for pretrial proceedings in an MDL must be tagged for transfer and ordered transferred by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407(a). The process can be onerous and time-consuming, creating incentives for parties to agree to a procedure for directly filing cases into the MDL. To increase efficiency, Sanofi agreed to the direct filing of cases into MDL 2740, subject to the requirement that place of injury or residence at the time of injury would be the only proper venues upon transfer. *See* Hon. Joseph R. Goodwin, *Remand: The Final Step in the MDL Process—Sooner Rather Than Later*, 89 UMKC L. Rev. 991, 992 (2021) ("The MDL statute, as interpreted by the Supreme Court in *Lexecon, Inc. v. Bershad*, 520 U.S. 1227 (1997), 'does not allow the MDL court to override personal-jurisdiction and venue requirements to achieve complete jurisdiction over a case.' Defendants, however, can waive these defenses in order to allow direct filing. Case-wide direct filing stipulations are common in MDL litigation to avoid inefficiencies and inconsistencies that accompany defendants individually granting permission on a case-by-case basis.").

[7] Rec. Doc. 131 ¶ E (emphasis added). *Cf.* **Ex. 1**, *In re Biomet Prods. Liab. Litig.*, MDL No. 2391, slip op. at 2 (N.D. Ind. Aug. 24, 2018) (recognizing that only the Judicial Panel on Multidistrict Litigation can remand a case that was transferred to an MDL, but the MDL court has authority to transfer a case directly filed in the MDL under 28 U.S.C. § 1404).

[8] While CMO 33 creates a presumption of venue, this presumption is rebutted in direct filed cases under PTO 5, which provides the appropriate venue for such cases. Plaintiffs' choice of venue, subject to 28 U.S.C. § 1292, would control had they filed their cases in said district courts and were granted transfer to the MDL by the JPML via 28 U.S.C. § 1407(a). But here, direct filing circumscribed plaintiffs' venue choice under PTO 5.

| | | | |
|---|---|---|---|
| **GRAHAM, BERNADETTE** | E.D. La. | NJ - District of New Jersey | GA - Northern District of Georgia |
| **HANSON, HOLLY** | E.D. La. | CO - District of Colorado | MN - District of Minnesota |
| **JONES, MYRA** | E.D. La. | DE - District of Delaware | IN - Southern District of Indiana |
| **JONES, REGINA** | E.D. La. | GA - District of Georgia | GA - Northern District of Georgia (treatment location) OR GA - Middle District of Georgia (residence in Athens, GA at the time of treatment) |
| **KADEN, KAILA M** | E.D. La. | CA - District of California | CA - Central District of California |
| **KNOX, DULCE** | E.D. La. | VA - Eastern District of Virginia | MD - District of Maryland |
| **MOORE, SANDRA** | E.D. La. | DE - District of Delaware | GA - Northern District of Georgia |
| **MORELAND, TABATHA** | E.D. La. | DE - District of Delaware | TN - Eastern District of Tennessee |
| **NECASTRO, MARGARET** | E.D. La. | FL - Southern District of Florida; PA - Western District of Pennsylvania | PA - Western District of Pennsylvania |
| **SCHAFF, ELLEN** | E.D. La. | LA - Eastern District of Louisiana | WA - Western District of Washington |
| **SMITH, DEBRA** | E.D. La. | NJ - District of New Jersey | CO - District of Colorado |
| **TIBBITTS, KIMBERLY** | E.D. La. | DE - District of Delaware | OR - District of Oregon |
| **WARREN WIGGINS, GLORIA** | E.D. La. | VA - District of Virginia | VA - Eastern District of Virginia |

Although seven Plaintiffs (Furbeck, Graham, Myra Jones, Moore, Moreland, Smith, and Tibbitts) have identified the District of Delaware or District of New Jersey as proper venues, these are improper under PTO 5. These Plaintiffs were not injured in those Districts, and they did not reside in those Districts when they were injured. Further, three Plaintiffs (Hanson, Knox, and Necastro) have identified venues where they resided when they filed their lawsuits. These proposed venues are improper because, even if Plaintiff relocated after her alleged injury, PTO 5 requires

3

venue in the District where Plaintiff was injured or where Plaintiff resided when she was injured. Four Plaintiffs (Devens, Regina Jones, Kaden, and Wiggins) have not identified a District that exists. Sanofi has provided the correct District for each. Last, one Plaintiff (Schaff) identified the Eastern District of Louisiana for venue, but she was allegedly injured in and resided in the Western District of Washington.

Sanofi therefore requests that the Court sustain its objections to venue in these 15 cases.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* <br> Douglas J. Moore (Bar No. 27706) <br> **IRWIN FRITCHIE URQUHART MOORE &** <br> **DANIELS LLC** <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: 504-310-2100 <br> Facsimile: 504-310-2120 <br> dmoore@irwinllc.com | Harley V. Ratliff <br> Jon Strongman <br> **SHOOK, HARDY & BACON L.L.P.** <br> 2555 Grand Boulevard <br> Kansas City, Missouri 64108 <br> Telephone: 816-474-6550 <br> Facsimile: 816-421-5547 <br> hratliff@shb.com <br> jstrongman@shb.com <br><br> *Counsel for Sanofi Defendants* <br> *Sanofi US Services Inc. and* <br> *sanofi-aventis U.S. LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*

4