UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*Conley v. Sandoz, Inc.*, 2:18-cv-09799 | MDL No. 2740<br><br>SECTION: "H" (5)<br><br>JUDGE MILAZZO<br><br>MAG. JUDGE NORTH |

**PLAINTIFF CONLEY'S SUR-REPLY IN OPPOSITION TO DEFENDANT SANDOZ'S RULE 60(B) MOTION TO REOPEN A DISMISSED AND CLOSED CASE**

In reply, Defendant Sandoz asks this Court to disregard binding Fifth Circuit precedent holding that a district court *may not* refuse a request to voluntarily dismiss *with prejudice* when an adversary would prefer to obtain a decision on a pending matter. *United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187, 198 (5th Cir. 2018); *Greenwood v. Cain*, 2022 WL 17420778, at *3 (S.D. Miss. Oct. 14, 2022), *report and recommendation adopted*, 2022 WL 17420386 (S.D. Miss. Dec. 5, 2022) (*Vaughn* explained that "it cannot be claimed that a request for a voluntary dismissal with prejudice evidences an attempt at self-preserving gamesmanship by, for example, avoid[ing] an adverse ruling."). This binding interpretation of the Federal Rules of Civil Procedure, Sandoz says, does not apply here because *this is an MDL*. (Def. Reply Br. at 2 n. 1 (Rec. doc. 15400-2). And it would be best for this MDL, it claims, if Sandoz can obtain a ruling on preemption from the Fifth Circuit in Plaintiff Conley's case.[1] (*Id.*)

---

[1] But why? Sandoz says only that Plaintiff Conley's case presents unique issues—but does not say what those are. (Reply at 2.) It told the Fifth Circuit the exact opposite—all three appeals present the same issue. Sandoz's Pet. for Permission to Appeal at 1 n.1 ("[T]he defendants agree on the same issue presented for their appeals and that the appeals should substantively correct the interpretation of the same governing federal regulations."); *see also* Accord's Pet. for Permission to Appeal at 1 n.1 ("Both Sandoz, Inc. and Hospira have filed petitions for permission to appeal from the same decision presenting identical questions of law and requests for relief.").

1

This argument flouts established law. An MDL court cannot "disregard the [Federal] Rules' requirements in the [MDL cases] in favor of enhancing efficiency as a whole" or for any other MDL-related reason. Its decision whether to allow Plaintiff Conley's voluntary dismissal *with prejudice* "depends on the record in that case and not others. Nor can a party's rights in one case be impinged to create efficiencies in the MDL generally." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020).

> The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case. Nothing in § 1407 provides any reason to conclude otherwise. Moreover, as the Supreme Court has made clear, every case in an MDL (other than cases for which there is a consolidated complaint) retains its individual character. That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone. Within the limits of those rules, of course, an MDL court has broad discretion to create efficiencies and avoid duplication—of both effort and expenditure—across cases within the MDL. What an MDL court may not do, however, is distort or disregard the rules of law applicable to each of those cases.

(*Id*. at 841.)

In that case, the Sixth Circuit granted a writ of mandamus to stop an MDL court from allowing an amendment to a complaint on the grounds that it furthered the aims of MDL proceedings, when the amendment was not permitted under the Federal Rules. *Id*. at 842-46. Here, Sandoz makes the same flawed argument: considerations pertaining to this MDL should lead it to force Plaintiff Conley to continue litigating her *individual* action in the hopes that Sandoz can get a different answer on preemption *in her case*. But the Federal Rules, as interpreted by the Fifth Circuit, do not allow a district court to force a litigant to keep going so that its adversary can obtain a dismissal with prejudice by some other means. *Vaughn*, 907 F.3d at 198; *Greenwood*, 2022 WL 17420778, at *3; Sandoz Reply at 1-3. That this individual action is proceeding as part of an MDL

does not change the rules that govern Plaintiff Conley's case. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845.

Sandoz oversteps when it imagines that Plaintiff Conley engaged in gamesmanship in order to snatch victory from the jaws of defeat. Reply at 2-3. Plaintiff Conley *prevailed* on preemption. Her dismissal with prejudice gives Sandoz something it failed to achieve in her case—indeed, something it might never have achieved had the case continued. Sandoz can speculate that things might have turned out differently had the case continued, but *Vaughn* does not allow a district court to refuse a dismissal with prejudice under these circumstances.

Sandoz does not understand the Fifth Circuit decisions it has cited. The plaintiff in *In re Fema Trailer Formaldahyde Products Liability Litigation*, 628 F.3d 157 (5th Cir. 2010), wanted to voluntarily dismiss her action without prejudice. *Id*. at 163-64. The district court converted that request into a dismissal with prejudice, and the court of appeals affirmed because the Federal Rules allow just that. *Id*. Likewise, the plaintiff in *Davis v. Huskipower Outdoor Equipment Corp*. 936 F.2d 193 (5th Cir. 1991), wanted to voluntarily dismiss her action without prejudice. *Id*. at 196. The district court said no because the request came too late in the case, and the court of appeals affirmed. *Id*. at 199. Sandoz has not identified a single Fifth Circuit case that contradicts *Vaughn* or casts any doubt on what should happen when, as here, the voluntary dismissal would be with prejudice.

For these reasons, Plaintiff Conley's case cannot be reopened. She properly used PTO 87, but even if she should have filed a motion asking this Court to voluntarily dismiss her action with prejudice, the Federal Rules, as interpreted by the Fifth Circuit, would not allow a district court to force her to keep litigating so that Sandoz can try to obtain a dismissal with prejudice by some other means. *Vaughn*, 907 F.3d at 198; *Greenwood*, 2022 WL 17420778, at *3.

Accordingly, Sandoz's motion to reopen Plaintiff Conley's case should be denied.

Dated: January 24, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher L. Coffin* | */s/ Karen B. Menzies* |
| Christopher L. Coffin (#27902) | Karen Barth Menzies (CA Bar #180234) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | GIBBS LAW GROUP LLP |
| 1100 Poydras Street, Suite 2225 | 6701 Center Drive West, Suite 1400 |
| New Orleans, Louisiana 70163 | Los Angeles, California 90045 |
| Phone: (504) 355-0086 | Telephone: 510-350-9700 |
| Fax: (504) 355-0089 | Facsimile: 510-350-9701 |
| ccoffin@pbclawfirm.com | kbm@classlawgroup.com |
| | |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Co-Lead Counsel* |
| | |
| */s/M. Palmer Lambert* | */s/Dawn M. Barrios* |
| M. Palmer Lambert (#33228) | Dawn M. Barrios (#2821) |
| PENDLEY, BAUDIN & COFFIN, L.L.P. | BARRIOS, KINGSDORF & CASTEIX, LLP |
| 1100 Poydras Street, Suite 2225 | 701 Poydras Street, Suite 3650 |
| New Orleans, LA 70163-2800 | New Orleans, LA 70139 |
| Phone: 504-355-0086 | Phone: 504-524-3300 |
| Fax: 504-355-0089 | Fax: 504-524-3313 |
| plambert@pbclawfirm.com | barrios@bkc-law.com |
| | |
| *Plaintiffs' Co-Liaison Counsel* | *Plaintiffs' Co-Liaison Counsel* |

And

C. Brooks Cutter
CUTTER LAW, PC
401 Watt Avenue
Sacramento, CA 95864
Phone: 916-290-9400
bcutter@cutterlaw.com

*Counsel for Plaintiff Arquice Conley*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<i>/s/ M. Palmer Lambert</i><br>
M. PALMER LAMBERT