UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section: "H" (5) |
| **This Document Relates to:** *Conley v. Sandoz Inc.*, Civ. Action No. 2:18-cv-9799 | JUDGE JANE TRICHE MILAZZO |

### ADDITIONAL MEMORANDUM IN SUPPORT OF SANDOZ INC.'S MOTION FOR RELIEF FROM A JUDGMENT, ORDER, OR PROCEEDING

On February 14, 2023, this Court heard oral argument on Sandoz Inc.'s motion for relief under Federal Rule of Civil Procedure 60(b) from the improper stipulation of dismissal filed in *Conley v. Sandoz Inc.*, Civ. Action No. 2:18-cv-9799 (the "Stipulation"). During argument and by subsequent order, the Court requested further briefing from Sandoz Inc. ("Sandoz") and Plaintiff, Arquice Conley, concerning the Rule 41(a) factors applicable to voluntary dismissal. The Court noted that the Plaintiff had "opened the door" to Rule 41(a)(2) by addressing it in her briefing related to Sandoz's motion, and specifically requested additional briefing from the parties to ensure both sides had additional opportunity to address whether the Court could order dismissal under that rule.[1] (2/14/23 Hrg. Trans. 22:11-16, 23:9-11; Dkt. No. 15524.)

Thus, Sandoz submits this memorandum in further support of its motion for relief in *Conley*. As established herein, dismissal of Plaintiff's action under Rule 41(a)(2) would be inappropriate because of the prejudice that would befall Sandoz and therefore should be denied.

---

[1] Plaintiff argued that Sandoz had not suffered "legal prejudice," which she asserted was necessary for a court order of dismissal, and relied on *Greenwood v. Cain*, Case No. 3:19-cv-598-HTW-BWR, 2022 U.S. Dist. LEXIS 219537, at *7-8 (S.D. Miss. Oct. 14, 2022), in which the district court addressed Rule 41(a)(2)'s "legal prejudice" requirement. (Dkt. Nos. 15372, 15440.)

1

**LEGAL ARGUMENT**[2]

Rule 41(a) governs a plaintiff's voluntary dismissal of an action either with or without a court order. If no answer or summary judgment motion has been filed, or if the opponent consents, the plaintiff may dismiss her case under Rule 41(a)(1) without a court order. Fed. R. Civ. P. 41(a)(1). Otherwise, a court order is required. Fed. R. Civ. P. 41(a)(2).

The door to dismissal via Rule 41(a)(1) is shut to Plaintiff, as Sandoz has filed both an answer and a motion for summary judgment, and because Sandoz did not consent to or sign the Stipulation.[3] (Dkt. No. 15306.) Accordingly, Sandoz focuses herein on Rule 41(a)(2) and the factors courts analyze to determine whether dismissal should be granted under that rule. As set out below, this analysis militates against dismissal of Plaintiff's action.

### I. The Rule 41(a)(2) Factors Prohibit Dismissal

The Fifth Circuit has not adopted a set list of factors against which to consider a Rule 41(a)(2) dismissal. *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.). But it has held that such motions should not be granted if the non-movant will suffer plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Prejudice that precludes a Rule 41(a)(2) dismissal manifests "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re Fema Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

Further, "[i]n *Elbaor*, the Fifth Circuit noted, but did not adopt, the Eighth Circuit's examination of factors related to the issue of prejudice to the non-movant," which include: "(1)

---

[2] Sandoz herein respectfully incorporates the facts and procedural history applicable to this case set out in its opening brief. (Dkt. No. 15338-2 at 1-2.)
[3] Sandoz maintains that Plaintiff's use of PTO 87 was improper. (Dkt. Nos. 15338-2, 15400-2.)

2

the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Peals v. Quiktrip Corp.*, Case No. 4:20-cv-022, 2021 U.S. Dist. LEXIS 17883, at *24 (E.D. Tex. Jan. 29, 2021) (quoting *Elbaor*, 279 F.3d at 317 n.3). Some district courts within this circuit thus have relied on these factors.[4]

In the interest of completeness, Sandoz analyzes the factors considered by the Fifth and Eighth Circuits, as well as the critical consideration underlying Rule 41(a)(2): plain legal prejudice.

### A. The Fifth Circuit's 41(a)(2) Factors Weigh Against Dismissal

Denial of a motion for voluntary dismissal is warranted when even one of the Fifth Circuit's Rule 41(a)(2) factors is met. *See Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (upholding denial of motion where dismissal was sought late in the proceeding). Here, both applicable factors—the stage of the proceedings at which dismissal is sought and whether the plaintiff seeks to avoid an imminent adverse ruling—weigh against granting voluntary dismissal.

First, Plaintiff decided to dismiss her action at an indisputably late stage in the proceedings. By the time Plaintiff filed her Stipulation, this Court had ruled on both Sandoz's summary judgment motion and joint motion for certification under 28 U.S.C. § 1292(b), and the parties had briefed in the Fifth Circuit Sandoz's petition for permission to appeal this Court's summary judgment ruling. Plaintiff clearly "fail[ed] to seek dismissal until a late stage of trial." *Id.*; *see*

---

[4] *See, e.g., Lucero v. Gen. Motors LLC*, Case No. 4:21-cv-02893, 2022 U.S. Dist. LEXIS 198395, at *4-10 (S.D. Tex. Nov. 1, 2022); *Costly v. Nissan Motor Co.*, Case No. 14-244, 2016 U.S. Dist. LEXIS 187985, at *4-5 (M.D. La. Aug. 11, 2016); *Roberts v. Smithkline Beecham Corp.*, Case No. 09-0162, 2010 U.S. Dist. LEXIS 20040, at *9 (W.D. La. Jan. 29, 2010).

3

*also id*. (upholding denial of dismissal sought "after months of filing pleadings, attending conferences, and submitting memoranda," and "after the magistrate . . . issued a comprehensive [adverse] recommendation").

Second, Plaintiff may be seeking to avoid an imminent adverse ruling. Only *after* this Court certified its order denying Sandoz summary judgment and after she filed an opposition to Sandoz's petition for permission to appeal in the Fifth Circuit did Plaintiff file the Stipulation.[5] A Fifth Circuit ruling in Sandoz's favor could potentially dispose of more than one thousand cases against Sandoz in the MDL. (*See* Dkt. No. 15136 at 7-8 ("[R]esolution of this [preemption] question . . . will have a substantial impact [on the MDL] . . . .").) These facts serve as evidence of intent to avoid an imminent adverse ruling. *See Forbes v. CitiMortgage, Inc*., 998 F. Supp. 2d 541, 547 (S.D. Tex. 2014) (finding such intent where the dismissal motion was filed "after [defendant] filed its motions for discovery sanctions and for summary judgment," "nearly two years after the action was removed," and the plaintiff "did not provide any reason for her motion").

In short, application of the Fifth Circuit's Rule 41(a)(2) factors militate against permitting Plaintiff to voluntarily dismiss her action.

### B. The Eighth Circuit's 41(a)(2) Factors Counsel Against Dismissal

The Eighth Circuit's Rule 41(a)(2) factors, unofficially adopted by courts within this Circuit, likewise establish the impropriety of a voluntary dismissal of Plaintiff's action.

***Sandoz's Effort and Expense in Preparing for Trial***. Plaintiff did not file the Stipulation until after Sandoz: conducted extensive fact discovery in this trial pool case, including written discovery and deposing Plaintiff and three treating physicians; briefed and argued both its

---

[5] Nearly three weeks after Plaintiff filed the Stipulation, the Fifth Circuit granted the petitions for permission to appeal filed by Accord and Hospira.

4

summary judgment motion and motion for 28 U.S.C. § 1292(b) certification before this Court; and petitioned the Fifth Circuit for permission to appeal. In other words, by the time Plaintiff decided to dismiss her action, Sandoz had already expended considerable effort and expense in this proceeding, and would be prejudiced if Plaintiff's dismissal were permitted to stand. *See Lucero*, 2022 U.S. Dist. LEXIS 198395, at *5-6 (finding "significant effort and expense" where a dismissal motion was filed "less than one month before discovery [wa]s scheduled to end" and after the defendant had conducted interviews and depositions, hired experts, and briefed four motions).

***Plaintiff's excessive delay and lack of diligence in prosecuting the action***. Plaintiff filed her action in 2018, began participating in discovery in 2019, and has engaged in briefing and argument on preemption and preemption-related issues since 2021. Plaintiff even went so far as to file a Consolidated Answer to Sandoz, Accord, and Hospira's Petitions for Permission to Appeal to the Fifth Circuit on December 5, 2022. Yet, Plaintiff performed an abrupt about-face days later and dismissed her action with no warning or notice, and with no indication of why she *could not have* sought dismissal earlier. *See, e.g.*, *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 841 (8th Cir. 2022) (upholding finding of excessive delay where dismissal motion came "almost five months after the case was filed").

***Plaintiff's Insufficient Explanation of the Need for a Dismissal.*** There is no doubt this factor weighs in Sandoz's favor, as Plaintiff has not provided *any* explanation for seeking dismissal at any point. As observed by Judge Hanen in the Southern District of Texas, "'no' reason is certainly an 'insufficient' reason." *Lucero*, 2022 U.S. Dist. LEXIS 198395, at *8; *see also Lewis*, 40 F.4th at 841 (upholding finding of "insufficient explanation" where a reason was not provided in the plaintiff's opening brief, but only on reply).

***Sandoz's Motion for Summary Judgment***. Not only did Sandoz file a motion for summary

5

judgment, but that motion was briefed, argued, decided, and its ruling certified to the Fifth Circuit before Plaintiff decide to dismiss her action. Thus, this factor likewise weighs against dismissal. *See Sanchez v. Safeco Ins. of Ind.*, Case No. 4:17-CV-00892, 2018 U.S. Dist. LEXIS 148878, at *4-5 (E.D. Tex. Aug. 31, 2018) (denying dismissal motion where "the Court has already ruled on [the opposing party's] Motion for Summary Judgment"); *see also Peals*, 2021 U.S. Dist. LEXIS 17883, at *25 (finding prejudice where "[u]pon [the dismissal motion] becoming ripe, the discovery period had already closed, [the non-movant']s Motion for Summary Judgment had already been fully briefed, and the case had been pending for more than a year").

### C. Sandoz Would Suffer Plain Legal Prejudice if Plaintiff Were Granted Voluntary Dismissal

Analysis of the above factors, which have been specifically enumerated as relevant to the disposition of a Rule 41(a)(2) motion, reveals that dismissal of Plaintiff's action is not proper. But the overarching Rule 41(a)(2) consideration, whether Sandoz will be prejudiced if the motion were granted, is also met. *See Elbaor*, 279 F.3d at 317 ("The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side . . . .") (citation and internal quotation marks omitted); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) ("Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal.") (citation omitted).

#### 1. Prejudice Given the MDL Context

The issue before the Court is novel. This is not the typical case wherein one plaintiff files suit against one defendant and later dismisses the case with prejudice, foreclosing all litigation of that issue. Plaintiff's lawsuit is one of over 1300 cases currently naming Sandoz in this MDL, and the dismissal of her action will *not* foreclose all litigation against Sandoz on the issues at bar. For that reason, rhetoric that "no matter when a dismissal with prejudice is granted, it does not harm

6

the defendant" is simply inaccurate here. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). Instead, the contrary is true: dismissal with prejudice of Plaintiff's action *at this stage*, where a federal appellate court is set to consider the propriety of summary judgment on an issue common to *all* of the active cases against Sandoz in this MDL, *will* harm Sandoz.[6] (*See* Dkt. Nos. 15338-2 at 5-6, 15404 at 1-2.)

Plaintiff contends that the Fifth Circuit "would not allow a district court to force her to keep litigating so that Sandoz can try to obtain a dismissal with prejudice by some other means." (Dkt. No. 15440 at 3.) But there is no Fifth Circuit precedent to that end on these novel circumstances. And at least one federal appellate court has indicated the propriety of denying a voluntary dismissal that would deprive a defendant of a judgment on the merits in the face of other, identical claims. In *Pace v. Southern Express Co.*, 409 F.2d 331, 334-35 (7th Cir. 1969), the Seventh Circuit upheld the denial of a motion to dismiss without prejudice, and the grant of a motion for summary judgment, in part because the plaintiff had also filed three identical state court suits against the defendant that were still pending, and "defendant was entitled to a judgment which would preclude continued litigation on the same issue in any other court." Likewise, having fully briefed and argued an issue common to all of the MDL plaintiffs suing Sandoz, and having fully briefed Sandoz's petition for permission to appeal that very issue to the Fifth Circuit, Sandoz is "entitled to a judgment which would preclude continued litigation on the same issue." *Id*.

### 2. Prejudice Being Relegated to an Amicus

Sandoz would have different appellate rights if Plaintiff's action is dismissed and Sandoz attempts to proceed as an amicus. To state the obvious, "[a]n amicus is not a party." *Alliance of*

---

[6] In fact, this Court has repeatedly invited the parties to engage in motion practice in a single case concerning issues common to many plaintiffs. Filing the Stipulation at this stage in the matter risks undermining this Court's management of the MDL.

7

*Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306-07 (D. Me. 2003). As an amicus, Sandoz's brief would be permitted only by leave of court or with consent of the parties, may only be half the permitted length for principal briefs filed by parties, and "should focus on points either not made or not adequately discussed in [the principal] briefs." Fed. R. App. P. 29(a)(2), (a)(5); 5th Cir. R. 29.2. Also, Sandoz may neither file a reply brief nor participate in oral argument without permission of the Fifth Circuit. Fed. R. App. P. 29(a)(7), (a)(8). These restrictions would not apply if Sandoz were before the Fifth Circuit as a party. *See* Fed. R. Civ. P. 28(a), (c); Fed. R. App. P. 32(a)(7); Fed. R. App. P. 34(a)(2), (b), (c).

Moreover, although Sandoz has an undeniable interest in the law here and is in a position to help provide "complete and plenary presentation of difficult issues so that the court may reach a proper decision," *Gwadowsky*, 297 F. Supp. 2d at 307 (citation and internal quotation marks omitted), as an amicus, it will not be able to argue *its* facts, *see id*. But enabling the Fifth Circuit to have a comprehensive factual background against which to craft a rule is crucial, as it will be the first federal appellate court to consider the 505(b)(2) preemption issue. While the *legal issues* underlying the petitions for permission to appeal filed by Sandoz, Accord, and Hospira are essentially the same, the undisputed *factual nuances* are different. Specifically, the timing for each defendant is different for material legal points:

|  | New Drug Application ("NDA") Submission Date | NDA Approval Date | Label Change Submission Date | Label Change Approval Date | Start of Plaintiffs' Docetaxel Treatment |
|---|---|---|---|---|---|
| Sandoz | September 2010 | June 2011 | March 2016 | October 2016 | October 2011 |
| Accord | December 2009 | June 2011 | December 2015 | July 2016 | January 2013; May 2013; November 2014 |
| Hospira | July 2007 | March 2011 | March 2017 | September 2017 | October 2013 |

The aforementioned drug approval dates, label change dates, and alleged injury dates are key to determining whether "newly acquired information" existed that required the 505(b)(2) manufacturers to change their labels, which informs the preemption question. It would certainly benefit the Fifth Circuit to have as much information as possible to craft this novel ruling.[7] By relegating Sandoz to an amicus and necessarily limiting its voice at this crucial stage in the litigation of a key issue, Plaintiff has prejudiced Sandoz.[8]

## II. This Case's MDL Nature Appropriately Factors into a Rule 41(a)(2) Analysis

This Court requested further insight on the issue of whether it could "treat [Plaintiff] differently from any other plaintiff that . . . files a motion to dismiss." (2/14/23 Hrg. Trans. 19:18-19.) While all parties must be accorded due process and fair treatment, there are material differences implicated in an MDL case that the Fifth Circuit itself has recognized.

In *In re Fema Trailer Formaldahyde Products Liability Litigation*, 628 F.3d 157 (5th Cir. 2010), the Fifth Circuit upheld a district court's conversion of a bellwether plaintiff's voluntary dismissal without prejudice into one with prejudice. In doing so, it specifically explained that it will "not speculate on whether the motion[] . . . might have had some merit had this been ordinary two-party litigation" because "[t]he challenge to case administration arose here from the court's

---

[7] Beyond prejudicing Sandoz, Plaintiff's dismissal also contravenes the wise judgment of federal courts, as both this Court (by certifying its summary judgment ruling) and the Fifth Circuit (by signaling that it will await determination of the Stipulation's propriety) have expressed interest in Sandoz's participation in the appeal.

[8] The dismissal of Plaintiff's action could also affect Sandoz's ability to recover for Plaintiff's improper conduct, providing yet another source of prejudice. It is contemplated that a Rule 41(a)(2) dismissal should not deprive a defendant of potential recovery from the plaintiff. *Cf.* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."). However, because one of Plaintiff's improper pleadings (the Stipulation) also purports to dismiss (and therefore close) her action, Sandoz is unable to plead a counterclaim or other motion seeking appropriate recovery due to Plaintiff's conduct.

9

obligation to manage thousands of claims against numerous defendants in an efficient and expeditious manner that would best serve justice for both plaintiffs and defendants," and "[t]hat multiparty background heavily influenced the trial court and permeates [the Fifth Circuit's] review." *Id*. at 161.

In any event, even *non-MDL plaintiffs* seeking to dismiss their cases with prejudice face the possibility that their motions will be denied. The Fifth Circuit does not *require* voluntary dismissals with prejudice to be granted, but rather leaves the decision to a court's discretion. *See Mathes v. Pinnacle Entm't, Inc.*, Case No. 16-00538, 2017 U.S. Dist. LEXIS 136535, at *5-6 (M.D. La. Aug. 25, 2017); *see also United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197-98 (5th Cir. 2018) (evaluating legal prejudice in a case for voluntary dismissal with prejudice). Rule 41(a)(2)—applicable to MDL and non-MDL plaintiffs alike—likewise contemplates the denial of a motion to dismiss with prejudice. *See* Fed. R. Civ. P. 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper").

Where a dismissal with prejudice could result in prejudice to the non-movant, the dismissal should be denied, MDL-status notwithstanding. But the MDL context of a litigation still should appropriately factor into the reviewing court's analysis.

## CONCLUSION

For the foregoing reasons, Sandoz respectfully requests that the Court grant it relief under Rule 60(b), reinstate the *Conley* matter, and preclude Plaintiff from filing a motion to voluntarily dismiss her action under Rule 41(a)(2).

Dated: February 27, 2023                                     Respectfully submitted,

**GREENBERG TRAURIG, LLP**

          */s/ Lori G. Cohen*
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2212 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Lori G. Cohen*
Lori G. Cohen
