UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>*Conley v. Sandoz, Inc.*, 2:18-cv-09799 | MDL No. 2740<br><br>SECTION: "H"<br><br>JUDGE MILAZZO<br><br>MAG. JUDGE NORTH |

PLAINTIFF CONLEY'S SUPPLEMENTAL RESPONSE
REGARDING FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

**Introduction**

At a hearing on Defendant Sandoz's motion for relief from the final judgment, the parties agreed that the Court could treat Plaintiff Conley's stipulation for voluntary dismissal with prejudice pursuant to PTO 87 as a contested motion for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court then asked the parties to file supplemental briefing addressing whether it should allow the dismissal with prejudice to stand under Rule 41(a)(2). If the dismissal with prejudice is allowed to stand under Rule 41(a)(2), then Defendant Sandoz's motion for relief from the final judgment may be denied on this basis.

Here, the dismissal must be allowed to stand because binding Fifth Circuit precedent compels the conclusion that Plaintiff Conley's voluntary dismissal with prejudice is *not* harmful or prejudicial to Sandoz. There is no basis, then, to reopen the judgment, and Sandoz's Rule 60(b) motion should be denied.[1]

---

[1] In prior briefing, Plaintiff Conley addressed the Rule 41(a)(2) factors and explained that considerations of this MDL would not allow the Court to apply different rules to Conley's case. Conley thus strives not to repeat those arguments in full here.

1

**Argument**

Rule 41(a)(2) allows a district court to dismiss an action upon such terms the court deems proper. Fed. R. Civ. P. 41(a)(2). "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).

Fifth Circuit precedent is clear that a dismissal with prejudice "does not harm the defendant" "no matter when a dismissal with prejudice is granted." *Schwarz*, 767 F.2d at 129. This is because a "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Id.* (quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)).

Sandoz argues that a dismissal with prejudice would deny it a judgment on the merits of its preemption defense. But the Fifth Circuit in *Schwarz* squarely rejected this exact argument: "that a judgment on the merits is nevertheless different from—and superior to—a dismissal with prejudice since it vindicates the prevailing party." *Id.* at 130. The Court rejected this argument because it "misconceives the nature of the relief to which [a defendant] is entitled. [A defendant] is not legally entitled to receive a gold star for its conduct. Although parties may, at times, vindicate their conduct through litigation, the business of courts is to adjudicate legal rights, not to dispense seals of approval. Thus, while a judgment by any other name may not smell as sweet, a defendant is entitled only to the protection of its legal rights, not to a cleansing of the stench emitted by the plaintiff's complaint." *Id.* (footnote omitted).

Sandoz has also argued that the timing of Conley's dismissal with prejudice shows that Sandoz would be harmed. This argument is also foreclosed. *Schwarz* squarely held that the

2

timing of a voluntary dismissal only matters when the dismissal would be *without* prejudice. *Id*. at 129 ("[I]f a dismissal is without prejudice to the plaintiff, then the later it is granted the more likely it is to harm the defendant by subjecting him to the potential of additional litigation expenses."). When a dismissal is *with* prejudice, the timing of dismissal cannot establish legal prejudice to a defendant: Again, "no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed." *Id*. (citing *Sheridan v. Fox,* 531 F. Supp. 151, 155 (E.D. Pa. 1982)).

Sandoz attempts to establish legal prejudice through misdirection; it cites only cases addressing whether a dismissal *without* prejudice would harm a defendant.[2] But "[t]he situation is different in the case of a dismissal with prejudice." *Schwarz*, 767 F.2d at 129. A defendant's desire to obtain a decision on a pending matter is not legal prejudice and is not basis for refusing a plaintiff's request to voluntarily dismiss with prejudice. *United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187, 198 (5th Cir. 2018); *see also Metro Media Ent., LLC v. Steinruck*, 2014 WL 4268838, at *4 (D. Md. Aug. 27, 2014) (rejecting argument that court should decide pending summary judgment motion because a dismissal with prejudice is somehow insufficient).[3]

---

[2] Sandoz's cases "involved requests for voluntary dismissal *without* prejudice." *Greenwood v. Cain*, 2022 WL 17420778, at *3 n.4 (S.D. Miss. Oct. 14, 2022), report and recommendation adopted, 2022 WL 17420386 (S.D. Miss. Dec. 5, 2022) (distinguishing these same cases). Factors the Fifth Circuit has identified as pertinent to a request to voluntarily dismiss *without* prejudice, *see Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 n.3 (5th Cir. 2002) (noting factors considered by Eighth Circuit in *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998), another case which addressed whether a district court abused its discretion in denying a voluntary dismissal without prejudice), address a different situation than the one at issue here. *Schwarz*, 767 F.2d at 129.

[3] Sandoz lets its imagination run wild when it argues that this Court should find that Conley faces an imminent adverse decision in the Fifth Circuit. Plaintiff prevailed on preemption in this Court. It is pure speculation what the Fifth Circuit will say about the novel preemption issue before it in the two other pending appeals. And anyway, a decision on the merits from the Fifth Circuit is not "imminent" by any stretch.

Courts would not even find legal prejudice sufficient to deny a request to dismiss **without** prejudice on this record. *Contreras v. Foster Elec. (U.S.A.), Inc.*, 2022 WL 464640, at *2 (W.D. Tex. Feb. 15, 2022) (observing that "arguments about imminent adverse decisions are typically flawed in that the movant cannot show what a court will do in the future," and granting voluntary dismissal *without* prejudice because defendant could not show adverse ruling

It bears observing that "[n]o case has been cited to [this Court], nor [has Conley] found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice." *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964); *see also Sheridan v. Fox*, 531 F. Supp. 151, 155 (E.D. Pa. 1982) ("find[ing] no case in which a district court refused to dismiss with prejudice, and no case reversing a district court for dismissal with prejudice"), *disapproved on other grounds by U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914 (3d Cir. 1990). Besides, such a ruling "would be futile, as plaintiff could refuse to proceed, in which event the appropriate sanction would be dismissal with prejudice." *Sheridan*, 531 F. Supp. at 155 (footnote omitted).

Sandoz's final pitch to force Conley to litigate an appeal for years, so that Sandoz can try to obtain a reversal on the merits of a preemption defense, even though Conley is prepared to accept a dismissal with prejudice now, is based on considerations pertaining the MDL. But "the Supreme Court has made clear, every case in an MDL (other than cases for which there is a consolidated complaint) retains its individual character. That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020).

Considerations pertaining to this MDL, therefore, cannot be invoked to force Plaintiff Conley to continue litigating her individual action merely in the vain hope that Sandoz can get a different answer on preemption in her case. The Federal Rules, as interpreted by the Fifth Circuit, do not allow a district court to force a litigant to keep going—and going and going for a

---

was imminent even though plaintiff had previously lost every motion in the case). Regardless Conley has sought dismissal with prejudice, which gives Sandoz full relief now—relief which it may never have obtained from the Fifth Circuit. Having received all that it could receive had the case been completed following an appeal, the dismissal with prejudice does not harm Sandoz. *Schwarz*, 767 F.2d at 129.

4

year or more—so that its adversary can try to obtain a dismissal with prejudice by some other means. *Schwarz*, 767 F.2d at 129-30; *Vaughn*, 907 F.3d at 198.

  To sum up: Because Sandoz has already received full legal relief through a voluntary dismissal with prejudice, and an adjudication by the Fifth Circuit "can rise no higher than this," *Schwarz*, 767 F.2d at 129 (citation omitted), Sandoz was not legally prejudiced by the voluntary dismissal and thus it must be allowed to stand under Rule 41(a)(2). Consequently, Sandoz's motion to reopen Plaintiff Conley's case should be denied.

| | |
|---|---|
| Dated: February 27, 2023 | Respectfully submitted, |
| */s/ Christopher L. Coffin* <br> Christopher L. Coffin (#27902) <br> PENDLEY, BAUDIN & COFFIN, L.L.P. <br> 1100 Poydras Street, Suite 2225 <br> New Orleans, Louisiana 70163 <br> Phone: (504) 355-0086 <br> Fax: (504) 355-0089 <br> ccoffin@pbclawfirm.com <br><br> *Plaintiffs' Co-Lead Counsel* | */s/ Karen B. Menzies* <br> Karen Barth Menzies (CA Bar #180234) <br> GIBBS LAW GROUP LLP <br> 6701 Center Drive West, Suite 1400 <br> Los Angeles, California 90045 <br> Telephone: 510-350-9700 <br> Facsimile: 510-350-9701 <br> kbm@classlawgroup.com <br><br> *Plaintiffs' Co-Lead Counsel* |
| */s/M. Palmer Lambert* <br> M. Palmer Lambert (#33228) <br> PENDLEY, BAUDIN & COFFIN, L.L.P. <br> 1100 Poydras Street, Suite 2225 <br> New Orleans, LA 70163-2800 <br> Phone: 504-355-0086 <br> Fax: 504-355-0089 <br> plambert@pbclawfirm.com <br><br> *Plaintiffs' Co-Liaison Counsel* | */s/Dawn M. Barrios* <br> Dawn M. Barrios (#2821) <br> BARRIOS, KINGSDORF & CASTEIX, LLP <br> 701 Poydras Street, Suite 3650 <br> New Orleans, LA 70139 <br> Phone: 504-524-3300 <br> Fax: 504-524-3313 <br> barrios@bkc-law.com <br><br> *Plaintiffs' Co-Liaison Counsel* |

And

C. Brooks Cutter
CUTTER LAW, PC
401 Watt Avenue

Sacramento, CA 95864
Phone: 916-290-9400
bcutter@cutterlaw.com

*Counsel for Plaintiff Arquice Conley*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ M. Palmer Lambert*
M. PALMER LAMBERT