UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                 MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES ON ATTACHED EXHIBITS A, B, C, and D

---

### DEFENDANTS' NOTICE OF NON-COMPLIANCE CASES
### SUBJECT TO MARCH 14, 2023 DISMISSAL CALL DOCKET

---

Pursuant to PTO 22A (Rec. Doc. 3493) and Case Management Order 12A, Paragraphs 11-12 ("CMO 12A," Rec. Doc. 3492), Defendants sanofi-aventis U.S. LLC, Sanofi US Services Inc., Actavis Pharma, Inc. and Actavis LLC, Accord Healthcare, Inc., Pfizer, Inc., Hospira, Inc. and Hospira Worldwide, LLC, Sandoz Inc., and Sun Pharmaceutical Industries, Inc. (collectively "Defendants"), submit a listing of cases for the March 14, 2023 dismissal call docket. The case lists are attached hereto as **Exhibits A, B, C, and D.**

As to PFS deficiencies, on September 13, 2022, the Court held a hearing on PFS deficiencies, and continued a number of cases for further hearing. In addition, on September 21, 2022, pursuant to PTO 22A, counsel for Defendants provided to Plaintiffs' Liaison Counsel Notice of Non-Compliance identifying for adjudication those cases listed on Exhibit A as having deficiencies under Amended PTO 22. Of the 207 cases identified on Defendants' September 21, 2022 Notice of Non-Compliance, 169 cases remained on the Notice of Non-Compliance filed on January 24, 2023. (Rec. Doc. 15433). Of those remaining 169 cases subject to hearing, two filed a stipulation of dismissal with prejudice of their entire action instead of attempting to

cure the identified deficiency(ies).[1] 88 cases failed to cure the deficiency(ies) and are identified for dismissal with prejudice on Exhibit A. The parties are in the process of meeting and conferring with respect to these deficiencies and will be entering a stipulation for any cases the parties agree to rollover to a future show cause hearing. Defendants respectfully request this Court dismiss with prejudice at the show cause hearing the cases identified on **Exhibit A** for (1) failure to comply with Amended PTO 22, which required Plaintiffs to produce a complete and verified Plaintiff Fact Sheet ("PFS"), signed and dated Authorizations, and responsive documents requested in the PFS, and/or (2) failure to comply with PTO 71A (Plaintiffs' Responsibilities Relevant to ESI, Rec. Doc. 1531). Defendants also list 16 cases on **Exhibit B** that were addressed during prior show cause hearings that Defendants believe are also subject to dismissal at this time.

As to CMO 12A deficiencies, on September 13, 2022, the Court held a hearing on Product ID deficiencies arising under CMO 12A, but continued a number of cases for further hearing and "rolled over" several cases. In addition, immediately before that hearing, several Plaintiffs requested to be removed from the agreed dismissal list and thus were not heard. In addition, on September 21, 2022, Defendants served upon Plaintiffs a Notice of Non-Compliance identifying cases with CMO 12A Product ID deficiencies, including Rollovers from the April 28, May 2, July 12, and September 13, 2022 show cause hearings. On December 15, 2022, this Court entered an Order on Deadlines for February 7, 2023 Hearing on CMO 12A Product Identification (Rec. Doc. 15299) which states that each Plaintiff identified in Exhibit A attached thereto, which collectively listed all cases in the categories identified above, were "ORDERED to comply with CMO-12A by obtaining Product ID information consistent with

---

[1] In addition to these two cases, six additional cases that appeared on Defendants' January 24, 2023 Notice of Non-Compliance were otherwise previously dismissed.

CMO 12A, uploading such results to MDL Centrality, and dismissing all Defendants for whom she does not have Product ID." (Rec. Doc. 15299). The Court further ordered that "[D]ocumentation of unsuccessful efforts to obtain Product ID information does not satisfy Plaintiff's obligations under this Order or CMO 12A, nor exempt a Plaintiff from dismissal for failure to establish Product ID." (*Id.*) The hearing was rescheduled for March 14, 2023. (Rec. Doc. 15498.).

Of the 162 cases identified for hearing on March 14, 2023 regarding CMO 12A deficiencies, 19 are Rollover cases from previous hearings. There are 147 cases in which the deficiency(ies) have not been cured and counsel have indicated they intend to appear, but which Defendants believe are appropriate for dismissal with prejudice. The parties are in the process of meeting and conferring with respect to these deficiencies and will be entering a stipulation for any cases the parties agree to rollover to a future show cause hearing. Counsel in nine cases have indicated that they do not intend to show cause or appear. These cases are listed in attached **Exhibit C**. Defendants respectfully request this Court dismiss the cases identified on **Exhibit C** at the show hearing for failure to comply with CMO 12A (Amended Product Identification Order) (Rec. Doc. 3492). In addition, listed on **Exhibit C** are 12 cases where Plaintiffs have obtained some evidence of Product ID as to at least one infusion but failed to dismiss the remaining Defendants pursuant to CMO-12A. Defendants intend to continue to work with Plaintiffs to resolve the partial dismissal issues in advance of the March 14 hearing, but reserve their right to address any cases requiring such partial dismissals, if not resolved prior to the hearing.

Pursuant to the Addendum to Case Management Order No. 12A entered December 6, 2022 (Rec. Doc. 15287), there are nine remaining Plaintiffs who have sought reinstatement of their cases but Defendants have objected. Pursuant to the Addendum, the issue of whether those

3

cases will be reinstated shall be heard at the March 14, 2023 hearing. Those cases are listed on **Exhibit D**.

The fact that a case identified on any of Defendants' Notices of Non-Compliance was not included on Exhibits A, B, C, or D hereto is not agreement by Defendants that product identification has been established consistent with CMO 12A or the Addendum to CMO 12A, and/or that Plaintiff Fact Sheet deficiencies have been cured, and Defendants reserve their right to identify on a future Notice of Non-Compliance any case(s) in which Plaintiff has not otherwise complied with her obligations under PTO 22A, Amended PTO 22, CMO 12A and/or Addendum to CMO 12A.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

4

GREENBERG TRAURIG, LLP

*/s/ R. Clifton Merrell*
R. Clifton Merrell
Evan Holden
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Facsimile: 678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

ADAMS AND REESE LLP

/s/ *Deborah B. Rouen*
Deborah B. Rouen
E. Paige Sensenbrenner
One Shell Square
701 Poydras Street, Suite 4500 New Orleans, Louisiana 70139 Telephone: (504) 581-3234 Facsimile: (504) 566-0210 debbie.rouen@arlaw.com
paige.sensenbrenner@arlaw.com

*Attorneys for Sandoz Inc.*


TUCKER ELLIS LLP

*/s/ Julie A. Callsen*
Julie A. Callsen
Brenda A. Sweet
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216-592-5000
Facsimile: 216-592-5009
Julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Accord Healthcare, Inc.*

5

WILLIAMS & CONNOLLY LLP

/s/ Richmond Moore
Richmond Moore
Heidi Hubbard
Neelum Wadhwani
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
rmoore@wc.com
hhubbard@wc.com
nwadhwani@wc.com

CHAFFE McCALL, L.L.P.

/s/ *John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No.1848)
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 858-7000
Fax: (504) 585-7075
olinde@chaffe.com
rotolo@chaffe.com

*Attorneys for Hospira, Inc., Hospira Worldwide, LLC formally d/b/a Hospira Worldwide, Inc., and Pfizer, Inc.*


HINSHAW & CULBERTSON LLP

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7000
Facsimile: 617-213-7001
gcoan@hinshawlaw.com

*Attorneys for Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

ULMER & BERNE LLP

/s/ *Michael J. Suffern*
Michael J. Suffern
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: 513-698-5064
Telefax: 513-698-5065
msuffern@ulmer.com

*Attorneys for Defendant Actavis Pharma, Inc. and Actavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore