UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**************************************************************
IN RE:  TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

                         Civil Action No. 16-MD-2740
                         Section "H"(5)
                         New Orleans, Louisiana
                         February 14, 2023

THIS DOCUMENT RELATES TO ARQUICE CONLEY, 18-9799
**************************************************************

TRANSCRIPT OF MOTION HEARING
MOTION FOR RELIEF FROM A JUDGMENT, ORDER, OR PROCEEDING
HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:              MATTHEW PALMER LAMBERT
                               PENDLEY, BAUDIN & COFFIN, LLP
                               1100 POYDRAS STREET
                               SUITE 2225
                               NEW ORLEANS, LA 70163



FOR SANDOZ, A NOVARTIS DIVISION:

                               J. DALE WAINWRIGHT
                               GREENBERG TRAURIG, LLP
                               300 WEST 6TH STREET
                               AUSTIN, TX 78701


                               R. CLIFTON MERRELL
                               EVAN HOLDEN
                               GREENBERG TRAURIG, LLP
                               TERMINUS 200
                               3333 PIEDMONT ROAD NE
                               SUITE 2500
                               ATLANTA, GA 30305

```
Official Court Reporter:        Nichelle N. Drake, RPR, CRR
                                500 Poydras Street, B-275
                                New Orleans, Louisiana 70130
                                (504) 589-7775


    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

**1**                    **P R O C E E D I N G S**

09:31:07AM **2**                (Call to order of the court.)

09:31:07AM **3**        THE CASE MANAGER:  MDL No. 16-2740, *In Re: Taxotere*

09:31:14AM **4**   *Products Liability Litigation* set for a motion hearing.

09:31:16AM **5**        Counsel, you can make your appearances for the

09:31:18AM **6**   record.

09:31:18AM **7**        MR. LAMBERT:  Palmer Lambert from Pendley, Baudin &

09:31:21AM **8**   Coffin, co-liaison counsel for plaintiffs presenting for Ms.

09:31:21AM **9**   Conley.

09:31:26AM **10**        THE COURT:  Thank you.

09:31:26AM **11**        MR. WAINWRIGHT:  Dale Wainwright with Greenberg

09:31:30AM **12**   Traurig on behalf of Sandoz, Inc.

09:31:33AM **13**        THE COURT:  All right.  Mr. Wainwright, are you ready

09:31:36AM **14**   to proceed?

09:31:37AM **15**        MR. WAINWRIGHT:  Yes, Your Honor, I am.

09:31:39AM **16**        THE COURT:  Thank you.

09:31:39AM **17**        MR. WAINWRIGHT:  Well, Your Honor, it's a pleasure to

09:31:46AM **18**   be back in your courtroom and it's a festive time of the year

09:31:49AM **19**   for the city.  Unfortunately, I'm not going to get to enjoy

09:31:55AM **20**   it because as no doubt Your Honor knows it's Valentine's Day.

09:32:00AM **21**        THE COURT:  You better get home.

09:32:02AM **22**        MR. WAINWRIGHT:  Exactly.  Thank you for scheduling

09:32:05AM **23**   this hearing early enough that I can get back in time for

09:32:08AM **24**   dinner.

09:32:09AM **25**        I was last here on October 28, 2022, to argue the

09:32:13AM  1   certification matter before Your Honor and Your Honor granted

09:32:16AM  2   certification.  Plaintiff at that time opposed it.

09:32:21AM  3        As you know, Your Honor, the matter went up on

09:32:25AM  4   petition for leave to appeal to the Fifth Circuit.  The Fifth

09:32:30AM  5   Circuit granted the petition for leave to appeal of Hospira

09:32:34AM  6   and Accord, the other two defendants, among the three that

09:32:38AM  7   were involved in the summary judgments that were denied on

09:32:40AM  8   behalf of all three.

09:32:41AM  9        Prior to the certification by the Fifth Circuit,

09:32:46AM  10  plaintiffs filed a stipulated dismissal --

09:32:49AM  11       THE COURT:  Let me ask you this, Mr. Wainwright,

09:32:51AM  12  because I'm familiar with all of that.  And you come to me on

09:32:54AM  13  a procedural issue and say this was the improper procedure to

09:32:59AM  14  do this.  If you wanted to dismiss this case, you had to

09:33:04AM  15  follow Rule 40 and request leave.  And then I think

09:33:12AM  16  plaintiffs respond in their response and basically do a

09:33:16AM  17  Rule 41 analysis and say additionally, you know, it wasn't in

09:33:20AM  18  the trial pool at the time.  I got that.

09:33:24AM  19       My question is, if the court were to grant this

09:33:32AM  20  motion and vacate the voluntary dismissal and reinstate,

09:33:37AM  21  would it retain jurisdiction to consider a motion to dismiss

09:33:40AM  22  pursuant to Rule 41 filed by Plaintiff Conley or is that

09:33:47AM  23  something that would have to go to the circuit so that we

09:33:51AM  24  could deal with it on the substance as opposed to procedure?

09:33:58AM  25       MR. WAINWRIGHT:  Your Honor, our objections to the

09:34:02AM  1   stipulated dismissal are both procedural and substantive.

09:34:07AM  2        THE COURT:  I got that.

09:34:10AM  3        MR. WAINWRIGHT:  And, in fact --

09:34:10AM  4        THE COURT:  But your motion was a procedural motion.

09:34:12AM  5   And so did we somehow convert it to a substantive motion?

09:34:18AM  6        MR. WAINWRIGHT:  Well, under Rule 60(b), Your Honor,

09:34:21AM  7   as you know, the relief may be granted to Sandoz if there is

09:34:29AM  8   misconduct, misrepresentation, or for any other basis that

09:34:33AM  9   justifies the relief.  Those are substantive determinations.

09:34:35AM  10  Here, our case tracks the *Anthony* case out of the Fifth

09:34:39AM  11  Circuit from 2009 where there is a failure to inform the

09:34:42AM  12  court of the reasons for the dismissal, that weighs heavily

09:34:46AM  13  in favor of the defendants.  They then come to defendants and

09:34:49AM  14  ask if we would agree to the stipulation which is the only

09:34:52AM  15  way it could be dismissed under 41(a).

09:34:54AM  16       And also, Your Honor, importantly after that

09:34:59AM  17  certification hearing last October in I think great active

09:35:08AM  18  integrity, notwithstanding that the certification would

09:35:11AM  19  challenge your ruling, you thought it appropriate to get

09:35:14AM  20  national guidance from federal courts of appeals on this

09:35:18AM  21  505(b)(2) issue because there was no guidance.  Your opinion

09:35:21AM  22  was the only opinion in the country on this issue of great

09:35:25AM  23  importance to the pharmaceutical community and all the

09:35:29AM  24  patients.

09:35:29AM  25       While we don't read minds, it is undisputable that

09:35:33AM   1    the dismissal is at odds with your objective to get guidance

09:35:37AM   2    from the Fifth Circuit.  These are substantive matters.  So I

09:35:41AM   3    would suggest, Your Honor, these are the same types of

09:35:44AM   4    considerations, hopefully with the same result that would

09:35:47AM   5    come up if they file later a motion to dismiss under 41(a).

09:35:50AM   6            THE COURT:  Well, that's what I'm asking.  You know,

09:35:51AM   7    can I convert this stipulation into a motion of voluntary

09:35:57AM   8    dismissal and give you ten days to file an opposition?  But I

09:36:00AM   9    think you did in your reply and you addressed 41 factors.

09:36:04AM  10            So my question is -- and maybe I didn't articulate it

09:36:08AM  11    well -- can I do my analysis under Rule 41(a) as opposed to

09:36:19AM  12    you didn't file the proper forms?

09:36:21AM  13            So I'm just not going to even consider what that

09:36:24AM  14    analysis would have been had you followed Rule 40.  And I

09:36:31AM  15    don't know if that -- that seems like a meandering sentence

09:36:36AM  16    or question.  But that's actually my question for today.

09:36:38AM  17    Because I read the rest.

09:36:39AM  18            MR. WAINWRIGHT:  I understand, Your Honor.  I would

09:36:42AM  19    analogize this to motions to dismiss where evidence is

09:36:46AM  20    attached and many federal courts can address that as a

09:36:48AM  21    summary judgment because in substance it is.  Here, I think

09:36:51AM  22    the same substantive consideration on a motion to dismiss

09:36:55AM  23    under 41(a) are what you are considering today, Your Honor,

09:36:58AM  24    and what we briefed.

09:37:00AM  25            In an abundance of caution, so that the circuit may

09:37:05AM  1   not remand again, you might request the parties to file a

09:37:09AM  2   five-page brief addressing the specific 41(a) issues that

09:37:14AM  3   you're raising.  But I think what we're talking about today

09:37:17AM  4   will be the same things if they file a 41(a) motion to

09:37:21AM  5   dismiss that we'll be talking about.

09:37:23AM  6        THE COURT:  And I appreciate that, Mr. Wainwright,

09:37:25AM  7   because I saw in the briefing that some of that was

09:37:30AM  8   discussed, but it wasn't what your initial motion was.  And

09:37:33AM  9   I'm always concerned that the circuit says, oh, well, you

09:37:36AM  10  talked about 41 factors -- 41(a) factors -- I don't do

09:37:40AM  11  numbers -- those factors, 41 --

09:37:40AM  12       MR. WAINWRIGHT:  Right.

09:37:44AM  13       THE COURT:  -- (b)(1), whatever -- those factors as

09:37:47AM  14  opposed to just the procedural, you did this, you could not

09:37:51AM  15  do it, he wasn't in a trial pool and that's it.  Because it

09:37:57AM  16  seems to me that that was the motion you filed.  He was in --

09:38:02AM  17  she was in the trial pool.  She could not use this form, so

09:38:07AM  18  denied.  Deny it and give us a 60(b) motion.  But then I

09:38:13AM  19  see --

09:38:14AM  20       MR. WAINWRIGHT:  Exactly.  And the motion we filed

09:38:16AM  21  was in response to the action the plaintiffs took.  60(b) is

09:38:19AM  22  the --

09:38:19AM  23       THE COURT:  Right.

09:38:20AM  24       MR. WAINWRIGHT:  -- method to obtain relief from the

09:38:23AM  25  action the plaintiffs took.

09:38:23AM **1**        THE COURT:  Right.

09:38:24AM **2**        MR. WAINWRIGHT:  And you're right, Your Honor.  If we

09:38:27AM **3**   file something that's limited, doesn't bring in new evidence

09:38:32AM **4**   and that type of thing, then I think in my opinion you'll

09:38:36AM **5**   protect yourself against an argument that they didn't know --

09:38:39AM **6**        THE COURT:  That this wasn't before the court.

09:38:41AM **7**        MR. WAINWRIGHT:  Wasn't before the court.

09:38:43AM **8**        THE COURT:  And you just took it on your own.

09:38:45AM **9**        MR. WAINWRIGHT:  Exactly.

09:38:46AM **10**        THE COURT:  Do you think though -- can I do that?

09:38:49AM **11**   Can I convert this into -- their stipulation into a motion

09:38:54AM **12**   for voluntary dismissal?

09:38:56AM **13**        MR. WAINWRIGHT:  Well, as you've pointed out, Your

09:38:58AM **14**   Honor, and I entirely agree with, both sides make argument

09:39:01AM **15**   about 41(a) substance.  I mean, the parties have brought this

09:39:05AM **16**   up and argued it already.  And as I see it, you're just

09:39:08AM **17**   extending the courtesy to the parties to file a -- make a

09:39:12AM **18**   brief filing directly on the 41(a) substantive points, which

09:39:17AM **19**   we weaved into ours.  Plaintiff may want to add more to

09:39:21AM **20**   theirs and we want a response of course, Your Honor.

09:39:24AM **21**        THE COURT:  I think I will do that because I think I

09:39:27AM **22**   want to cover all of my bases so that the circuit doesn't ask

09:39:30AM **23**   me to do this again.

09:39:34AM **24**        MR. WAINWRIGHT:  I understand.

09:39:35AM **25**        THE COURT:  And so my question is, how does this

09:39:37AM   1   apply to the 41(a) factors?

09:39:40AM   2       I know that in plaintiff's opposition to you they

09:39:47AM   3   addressed that the cases dealing with where the courts denied

09:39:53AM   4   it were situations where they were dismissed without

09:39:56AM   5   prejudice.  And so can you -- can we talk about that --

09:40:01AM   6       MR. WAINWRIGHT:  Yes, Your Honor.  As in applying any

09:40:03AM   7   rule or statute you begin with the text.  Nothing in the text

09:40:07AM   8   of 41(a) addresses a dismissal with prejudice as distinct

09:40:13AM   9   from a dismissal without prejudice unless you're talking

09:40:17AM   10  about 41(a)(2) which is not at issue here.

09:40:21AM   11      So 41(a) requiring the written consent of the

09:40:24AM   12  defendant to a dismissal -- doesn't say dismissal without

09:40:28AM   13  prejudice or dismissal with prejudice -- the language is

09:40:31AM   14  clear.  It applies to any dismissal, so plaintiff's argument

09:40:36AM   15  is against the text of the rule.

09:40:39AM   16      In addition, the case law, there's case law -- and I

09:40:42AM   17  can cite it when I come back on reply.  It's in my notes

09:40:47AM   18  somewhere -- where I believe the circuit has said 41(a)

09:40:51AM   19  applies, regardless of whether it's with or without

09:40:55AM   20  prejudice.

09:40:55AM   21      And, Your Honor, if I may and I think you've gotten

09:40:57AM   22  to the hub of the issue already upfront, but if I could, just

09:41:03AM   23  in five minutes, give you six reasons why and any one of

09:41:07AM   24  those reasons is a basis for granting our motion under 60(b).

09:41:12AM   25  One, we've talked about Federal Rules of Civil Procedure

09:41:15AM  1    41(a) already.  Two, this court's orders do not permit

09:41:20AM  2    plaintiff to act in contravention of Federal Rule of Civil

09:41:24AM  3    Procedure 41(a) talking about PTO 87 and CMO 14C.  This court

09:41:31AM  4    has never said, after ordering that Conley be a pool

09:41:38AM  5    plaintiff, that Conley is not.  And this Court can very well

09:41:41AM  6    at any time it wants to set a case for trial and proceed.

09:41:45AM  7           Conley was determined to be a bellwether case and

09:41:48AM  8    certified that it would comply with all the duties and

09:41:51AM  9    obligations of a bellwether case out of 1,300 filed against

09:41:58AM  10   Sandoz, extensive discovery -- well, four depositions, motion

09:42:01AM  11   practice, important and substantial prejudice to Sandoz,

09:42:04AM  12   going through all these procedures, only to have the

09:42:07AM  13   plaintiffs to drop a wall to try to preclude -- again, I

09:42:12AM  14   don't read minds, but it clearly is at odds with Your Honor's

09:42:15AM  15   intent to get guidance from the circuits.

09:42:19AM  16          In addition, the circuit has indicated it is

09:42:25AM  17   interested in these issues.  It certified Hospira and

09:42:30AM  18   Accord's.

09:42:31AM  19          In addition, rather than proceeding with that appeal,

09:42:34AM  20   the circuit abated those appeals pending Your Honor's ruling

09:42:38AM  21   on our Rule 60(b) motion because it wants -- it is interested

09:42:42AM  22   at least in Sandoz's issues being in this case.  They're very

09:42:49AM  23   similar to the issues in the preemption matter of Hospira and

09:42:56AM  24   Accord, but there are some differences, Judge, important

09:42:56AM  25   differences, why Sandoz's appeal should also be incorporated

09:43:02AM 1    here, factual differences.

09:43:05AM 2         Hospira, Accord, and Sandoz submitted their new drug

09:43:08AM 3    applications in different years, and, of course, when you're

09:43:10AM 4    dealing with the plaintiff's claims, which are a failure to

09:43:13AM 5    warn and not taking the CBE route to update its label sooner,

09:43:20AM 6    the timing is very important and the circuit needs to see

09:43:23AM 7    these different shades and phases of facts in order to frame

09:43:28AM 8    a rule, a principle, that's applicable to all three.

09:43:31AM 9    Sandoz's case is different in that regard from the others.

09:43:34AM 10        The dates, the years in which the three defendants

09:43:39AM 11   submitted the CBEs, Sandoz was in 2016, Hospira in 2017, and

09:43:46AM 12   Accord in 2016.  Different times.

09:43:50AM 13        In addition, if you look at the dates during which

09:43:53AM 14   the plaintiffs for the three defendants were administered

09:43:56AM 15   this pharmaceutical, they are different.  There's a little

09:43:59AM 16   bit of overlap, but there's also some plaintiffs where

09:44:02AM 17   there's no overlap.  So these are differences the circuit

09:44:05AM 18   needs to see and frame a rule or principle that applies

09:44:10AM 19   across the board.  And, again, the circuit has indicated a

09:44:13AM 20   willingness to wait, to give the Sandoz appeal an opportunity

09:44:18AM 21   to become a part of this appeal.

09:44:22AM 22        The other thing that's important here, Your Honor, is

09:44:26AM 23   precedent.  Just with Sandoz, we've got 1,300 cases.  If this

09:44:33AM 24   dismissal -- at this late stage after incredible resources

09:44:39AM 25   that were invested by the parties, by their counsel, by this

09:44:45AM 1   Court, if a dismissal -- improper dismissal can cut it off,

09:44:48AM 2   there's over a thousand other folks that are going to be

09:44:51AM 3   looking at that.  And my sense is your orders are your orders

09:44:55AM 4   and your rules should be followed.  That's the way I play the

09:44:59AM 5   game, Judge, and this precedent I think is important.

09:45:02AM 6         There's another issue here, admittedly speculative,

09:45:06AM 7   but this issue, 505(b)(2) CBE's may be an issue that not only

09:45:15AM 8   the circuit is interested in, but after the circuit's ruling,

09:45:18AM 9   it may be something that the United States Supreme Court is

09:45:21AM 10  interested in.  We need the breadth of differences and facts

09:45:29AM 11  and timing in that case, and importantly at the circuit, but

09:45:33AM 12  also if it goes further.  All those -- each and every one

09:45:36AM 13  independently I think is a sufficient basis to grant our

09:45:39AM 14  motion, and I'm going to project forward, sufficient basis to

09:45:43AM 15  deny a Rule 41(a) motion to have this court dismiss at the

09:45:49AM 16  point in time that that's before the court.

09:45:51AM 17        THE COURT:  Thank you.

09:45:52AM 18        MR. WAINWRIGHT:  Thank you, Judge.

09:45:59AM 19        THE COURT:  Mr. Lambert?

09:46:00AM 20        MR. LAMBERT:  Your Honor, I'll walk through responses

09:46:12AM 21  to some of these points that defense counsel has raised, but

09:46:19AM 22  I'll answer your question first about whether this can be

09:46:26AM 23  converted to a Rule 41 motion.

09:46:31AM 24        We certainly believe Your Honor can do that.  We also

09:46:34AM 25  are happy to file a separate motion if the court would

09:46:40AM  1    prefer, but we don't think we even need to get there because,

09:46:46AM  2    first of all, Pretrial Order 87 was a stipulated process that

09:46:51AM  3    this court entered.  And at the time Ms. Conley used that

09:46:59AM  4    stipulation to dismiss her case, she was no longer a

09:47:03AM  5    bellwether case.

09:47:04AM  6         It just -- there's no more bellwether process in this

09:47:10AM  7    MDL at this point in time.  Her case was not selected to be a

09:47:14AM  8    trial case.  It was in the pool, but the issues in 14C that

09:47:22AM  9    were being dealt with by that order are no longer present in

09:47:27AM  10   terms of concern.  14C was entered at a point in time where

09:47:32AM  11   there was concern that certain defendants or certain

09:47:36AM  12   plaintiffs may dismiss themselves in order to prioritize who

09:47:40AM  13   gets to a bellwether trial in order to potentially skew the

09:47:44AM  14   results of the bellwether process and that resulted in strike

09:47:51AM  15   processes and things that would happen punitively to the

09:47:56AM  16   plaintiffs if they attempted to dismiss in order to influence

09:47:59AM  17   the order of the trial plaintiffs.  That issue is no longer

09:48:03AM  18   present and it's moot.

09:48:05AM  19        In addition, the form itself says, "Notwithstanding

09:48:10AM  20   the requirements of FRCP 41, Pretrial Order 15 and 54."  And

09:48:18AM  21   there's a reason for that.

09:48:19AM  22        This order was entered in order to be a streamlined

09:48:25AM  23   way to dismiss a plaintiff's case with prejudice.  And as

09:48:31AM  24   Your Honor pointed out, all of the case law cited that's by

09:48:36AM  25   Sandoz in their 60(b) relates to cases who attempt to dismiss

09:48:40AM   1   their cases without prejudice.

09:48:45AM   2       Binding --

09:48:48AM   3       THE COURT:  Hold on, Mr. Lambert.  And I understand

09:48:53AM   4   when you speak about a case management order that provided

09:48:58AM   5   this dismissal was in an effort to skew the trials of these

09:49:06AM   6   bellwether plaintiffs, but could it not also be used to skew

09:49:11AM   7   some substantive motions that you just don't want to have to

09:49:15AM   8   deal with this plaintiff?  So I'm just going to dismiss this

09:49:19AM   9   one with prejudice.

09:49:20AM   10      And isn't that what we have here?  Because the people

09:49:26AM   11  that were -- the cases that were brought in this motion

09:49:29AM   12  practice were all part of that bellwether pool, if you will,

09:49:36AM   13  so that there was some development of it.

09:49:38AM   14      But wouldn't that not also effect that?

09:49:40AM   15      MR. LAMBERT:  So, yes, Your Honor.  That goes to

09:49:42AM   16  their exceptional circumstances argument and I have two

09:49:46AM   17  responses to that.

09:49:48AM   18      THE COURT:  Okay.

09:49:48AM   19      MR. LAMBERT:  One is the 14C certification that

09:49:51AM   20  Ms. Conley signed.  It says that she understands that if she

09:49:56AM   21  wants to leave the bellwether pool the only way she can do

09:50:00AM   22  that, absent some exceptional circumstance, is with

09:50:04AM   23  prejudice.  So she understood the obligations of being a

09:50:10AM   24  bellwether.  That's really different than an appeal where

09:50:16AM   25  she's, one, the underlying motion, but, two, she also

09:50:24AM 1   understood that if she wanted to dismiss her case and no

09:50:27AM 2   longer to proceed that it would be with prejudice and that

09:50:30AM 3   was part of that 14C certification.

09:50:32AM 4        The second issue relates to exceptional

09:50:36AM 5   circumstances.  We certainly don't see any fraud,

09:50:40AM 6   misrepresentation, misconduct in her filing using a form

09:50:45AM 7   that's prescribed in this MDL as a process that's in place.

09:50:51AM 8   But as far as exceptional circumstances go, there really are

09:50:55AM 9   none.

09:50:55AM 10       The fact that this is an MDL, we put in our sur-reply

09:51:01AM 11  a cite to the opioid MDL order saying you can't satisfy the

09:51:07AM 12  rules of procedure, the rules of law still apply in this MDL,

09:51:10AM 13  but the appeal will go forward with the other defendants.

09:51:18AM 14  The whole argument that we are somehow ending the appeal

09:51:22AM 15  rights on this issue is just incorrect.

09:51:28AM 16       They argued in their certification motions that all

09:51:33AM 17  three -- all three defendants have the same exact issue

09:51:40AM 18  that's being presented to the Fifth Circuit.  And so the

09:51:46AM 19  argument now today that somehow it's totally different is

09:51:50AM 20  just -- it's nonsensical.  They can file an *amicus* brief if

09:51:56AM 21  they want to in the other appeals that are proceeding, but at

09:52:03AM 22  this point, the Fifth Circuit precedent doesn't -- it doesn't

09:52:07AM 23  allow the court to require Ms. Conley to go forward with her

09:52:11AM 24  case only because the defendants want a different type of

09:52:14AM 25  dismissal with prejudice.  They want a different order for

| | | |
|---|---|---|
| 09:52:17AM | 1 | the same result.  And so, Your Honor, we would ask that you |
| 09:52:21AM | 2 | deny the 60(b) motion. |
| 09:52:23AM | 3 | THE COURT:  Thank you. |
| 09:52:36AM | 4 | Mr. Wainwright? |
| 09:52:37AM | 5 | MR. WAINWRIGHT:  And I'll be brief, Your Honor. |
| 09:52:40AM | 6 | I have a declaration of Mr. Holden with some of the |
| 09:52:45AM | 7 | key exhibits here at issue attached. |
| 09:52:49AM | 8 | May I approach to provide a copy to Your Honor? |
| 09:52:51AM | 9 | THE COURT:  Yes. |
| 09:52:52AM | 10 | Do you have this? |
| 09:52:54AM | 11 | MR. WAINWRIGHT:  We provided a copy to Mr. Palmer |
| 09:52:57AM | 12 | yesterday, Judge. |
| 09:52:58AM | 13 | MR. LAMBERT:  They did provide a copy.  No objection. |
| 09:53:06AM | 14 | MR. WAINWRIGHT:  And, Your Honor, could you admit |
| 09:53:08AM | 15 | this as an exhibit for purposes of this hearing? |
| 09:53:13AM | 16 | THE COURT:  Yes. |
| 09:53:14AM | 17 | MR. WAINWRIGHT:  Thank you, Judge. |
| 09:53:16AM | 18 | Do we need to file it or is that sufficient? |
| 09:53:19AM | 19 | THE COURT:  She's going to handle it. |
| 09:53:20AM | 20 | MR. WAINWRIGHT:  She'll file it?  Very good.  That |
| 09:53:23AM | 21 | will save me a few steps walking down the hall to the clerk's |
| 09:53:28AM | 22 | office. |
| 09:53:29AM | 23 | Your Honor, just very briefly, last exhibit, Exhibit |
| 09:53:34AM | 24 | D -- |
| 09:53:35AM | 25 | THE COURT:  Is that -- wait.  Is that what I already |

09:53:36AM 1    have in here?

09:53:37AM 2         MR. WAINWRIGHT:  I'm sorry?

09:53:38AM 3         I have a second copy of the declaration if that will

09:53:41AM 4    be helpful.

09:53:41AM 5         THE COURT:  Yes.  Was it --

09:53:48AM 6         MR. WAINWRIGHT:  It has not been filed yet, Judge.

09:53:52AM 7         THE COURT:  I just can't go through it real -- all

09:53:52AM 8    right.  So we have two copies?

09:53:53AM 9         MR. WAINWRIGHT:  Yes, sir.  I'm sorry.  Yes, ma'am.

09:53:56AM 10        THE COURT:  Sherry, you can file yours and I'll keep

09:54:00AM 11   this copy.

09:54:01AM 12        Okay.  Thank you, Mr. Wainwright.

09:54:02AM 13        MR. WAINWRIGHT:  Just to emphasize a couple of points

09:54:05AM 14   I made earlier, Exhibit D attached to Mr. Holden's

09:54:10AM 15   declaration is a timeline of the proceedings, the filings,

09:54:13AM 16   the work, the prejudice that went into this since Conley

09:54:18AM 17   became a pool plaintiff.  Exhibit C is plaintiff's

09:54:21AM 18   certification under CMO 14C that was referenced where she

09:54:28AM 19   certifies, the party, not counsel, that she will fulfill her

09:54:33AM 20   duties and responsibilities as a trial pool plaintiff, and

09:54:37AM 21   that under exceptional circumstances, if I seek to be removed

09:54:40AM 22   from the trial pool, my case will be dismissed with

09:54:43AM 23   prejudice.  That is not an incorporated right to dismiss with

09:54:48AM 24   prejudice at any time.  It does have the exceptional

09:54:51AM 25   circumstances requirement and it also --

09:54:52AM  1        THE COURT:  Does it have exceptional circumstances or

09:54:56AM  2   except under certain circumstances?

09:54:58AM  3        MR. WAINWRIGHT:  I'm sorry, Your Honor.  Except under

09:55:11AM  4   certain circumstances.  Yes.

09:55:11AM  5        I have new glasses.  I've had them three days, so my

09:55:11AM  6   apologies, Judge.

09:55:11AM  7        THE COURT:  Well, I need some new ones, too.

09:55:14AM  8        MR. WAINWRIGHT:  I'm not admitting on the record I'm

09:55:15AM  9   getting old.  I'm just saying I have new glasses.

09:55:18AM 10        THE COURT:  I'm not saying anything.  Okay.  All

09:55:20AM 11   right.

09:55:20AM 12        MR. WAINWRIGHT:  And we still have the requirements

09:55:21AM 13   of Rule 41(a).

09:55:21AM 14        THE COURT:  Right.

09:55:22AM 15        MR. WAINWRIGHT:  And we still have your order, PTO

09:55:26AM 16   87.  My thought is that the plaintiff's certification cannot

09:55:31AM 17   supplant your order or the Federal Rules of Civil Procedure.

09:55:35AM 18        And Exhibit A -- I'm sorry, we'll go right to Exhibit

09:55:45AM 19   B and then I'll go onto Mr. Palmer's other point -- is an

09:55:50AM 20   e-mail from counsel that was not filed, dated May 6, 2019,

09:55:56AM 21   where, again, plaintiff, through counsel, confirms she is

09:56:02AM 22   capable and willing to move forward as a bellwether plaintiff

09:56:05AM 23   and understands her obligations of the bellwether plaintiff.

09:56:09AM 24   I don't believe that can be reasonably interpreted to mean I

09:56:14AM 25   will fulfill my duties and obligations unless it helps me to

09:56:20AM 1  do otherwise, unless I find a way to halt Fifth Circuit

09:56:24AM 2  consideration of my case.

09:56:25AM 3      With regard to Mr. Palmer's suggestion that Sandoz

09:56:30AM 4  could be an *amicus* party in the Fifth Circuit, of course,

09:56:35AM 5  that's subject to leave of court, A, but also it is a very

09:56:39AM 6  different posture to be amicus curiae as opposed to a party.

09:56:46AM 7  We've had 1,300 cases pending.

09:56:49AM 8      THE COURT:  You know --

09:56:49AM 9      MR. WAINWRIGHT:  There's a lot at stake.

09:56:49AM 10     THE COURT:  And I understand what you're saying,

09:56:53AM 11 Mr. Wainwright, but the reality is, this is this case and I

09:57:06AM 12 understand why in an MDL we want to do certain things and get

09:57:12AM 13 certain guidance and then proceed from there, but not sure

09:57:16AM 14 that I can say Ms. Conley's case is different from any other

09:57:23AM 15 case that I handle, but -- so I understand.  I'm just not

09:57:30AM 16 sure that it's something that I can say.  But she's different

09:57:36AM 17 because she happens to be an MDL plaintiff, so we're going to

09:57:40AM 18 treat her differently from any other plaintiff that comes to

09:57:43AM 19 my Court and files a motion to dismiss.  And can I?

09:57:52AM 20     MR. WAINWRIGHT:  I believe all 1,300 cases are

09:57:54AM 21 subject to PTO 87 and CMO 14C.  And there -- so a plaintiff

09:58:00AM 22 in an MDL by Your Honor's order is treated differently than a

09:58:05AM 23 plaintiff that's not in --

09:58:07AM 24     THE COURT:  No, I understand, but I can't say -- I

09:58:09AM 25 understand that.  And so you're subject to this rule.  I

09:58:12AM **1**  understand that argument.  You're subject to this rule

09:58:15AM **2**  because of this, but I don't know if I can say and I'm going

09:58:18AM **3**  to treat you even differently in my analysis under this rule

09:58:22AM **4**  or this rule because you happen to be an MDL plaintiff and I

09:58:25AM **5**  want to get this to the circuit.  Do you understand?  Does

09:58:28AM **6**  that make any sense?

09:58:31AM **7**       I can't come in with a skewed view in this analysis

09:58:38AM **8**  because this happens to be an MDL.  I think I still have to

09:58:43AM **9**  say this is one plaintiff and whatever rules we apply to her

09:58:47AM **10**  are going to be applied as I would any other individual

09:58:51AM **11**  plaintiff under any other individual circumstance.  And

09:58:58AM **12**  sometimes I think you're asking me, but you have to always

09:59:04AM **13**  consider, Judge, this is an MDL and so you might want to

09:59:07AM **14**  look -- consider that and is that a consideration that should

09:59:11AM **15**  be a part of my analysis?

09:59:13AM **16**       MR. WAINWRIGHT:  The Fifth Circuit in opinions has

09:59:17AM **17**  recognized that the considerations for this type of

09:59:22AM **18**  stipulated dismissal do take into account that it's an MDL.

09:59:22AM **19**       THE COURT:  Okay.

09:59:26AM **20**       MR. WAINWRIGHT:  And there's different rules that

09:59:28AM **21**  apply.  I think I can say I agree with what you're saying if

09:59:33AM **22**  it's that all 1,300 plaintiffs have to be treated similarly

09:59:38AM **23**  who are in this MDL.  And whether they're in the MDL or not,

09:59:41AM **24**  they're all entitled to due process in -- I certainly agree

09:59:46AM **25**  with that.

| | | |
|---|---|---|
| 09:59:46AM | **1** | THE COURT:  Okay. |
| 09:59:47AM | **2** | MR. WAINWRIGHT:  MDL rules, of course, as Your Honor |
| 09:59:49AM | **3** | knows are a little bit different because it's -- they're mass |
| 09:59:53AM | **4** | torts, mass filings. |
| 09:59:53AM | **5** | THE COURT:  Right. |
| 09:59:54AM | **6** | MR. WAINWRIGHT:  And the only way to get justice is |
| 09:59:56AM | **7** | to treat them in a way that moves them forward efficiently. |
| 10:00:00AM | **8** | Otherwise, decades later, there will be some of the |
| 10:00:04AM | **9** | 1,300 cases still pending. |
| 10:00:04AM | **10** | THE COURT:  Right. |
| 10:00:06AM | **11** | MR. WAINWRIGHT:  So that's a way to do justice and |
| 10:00:09AM | **12** | provide due process.  I understand. |
| 10:00:10AM | **13** | And, Your Honor, if you do -- I think you already |
| 10:00:14AM | **14** | said you were inclined to allow by order of additional |
| 10:00:19AM | **15** | briefing on the 41(a) issue, we would -- Sandoz would |
| 10:00:26AM | **16** | appreciate if it doesn't open the door to lots of other |
| 10:00:29AM | **17** | things -- |
| 10:00:31AM | **18** | THE COURT:  No, no, no.  I think this is what I'm |
| 10:00:34AM | **19** | inclined to do and this is what I'm going to do. |
| 10:00:37AM | **20** | Are you finished?  Mr. Wainwright, are you finished? |
| 10:00:41AM | **21** | MR. WAINWRIGHT:  I am.  Yes, Your Honor. |
| 10:00:42AM | **22** | THE COURT:  Okay.  Thank you. |
| 10:00:44AM | **23** | I get it.  I really do get what's going on here. |
| 10:00:46AM | **24** | MR. WAINWRIGHT:  Thank you, Judge. |
| 10:00:47AM | **25** | THE COURT:  So this is what we're going to do.  I |

10:00:49AM  1   am -- I understand that there is a motion under 60(b) that

10:00:59AM  2   addresses whether or not it was appropriate for Ms. Conley to

10:01:06AM  3   use the *ex parte* motion to dismiss that was allowed.  I am

10:01:12AM  4   going to defer ruling on that and order the parties within

10:01:20AM  5   ten days -- wait.  That puts us right into Mardi Gras.

10:01:27AM  6           And, Mr. Wainwright, you're not from here, but it

10:01:31AM  7   just changes everything.

10:01:33AM  8           So we'll say -- what's the Monday after Ash

10:01:45AM  9   Wednesday?  Because it's really hard to get anything done.

10:01:49AM  10          THE CASE MANAGER:  February 27th.

10:01:51AM  11          THE COURT:  I'm going to ask the parties to file

10:01:55AM  12  additional memoranda.  I'm not going to order new -- I don't

10:01:57AM  13  want new exhibits or anything like that, what we have we

10:02:00AM  14  have, addressing the 41(a) factors that kind of snuck into

10:02:11AM  15  the briefing but were not addressed head on.  And I'm going

10:02:15AM  16  to limit you to 10 pages.  Okay?

10:02:20AM  17          And I don't think we need to file it.  I mean, you

10:02:23AM  18  all -- I don't want you to file a motion, you respond.  I'm

10:02:28AM  19  going to as a court *sua sponte* broaden the briefing and I

10:02:38AM  20  want to address it and I will address both in my order.

10:02:41AM  21  Okay?

10:02:41AM  22          MR. WAINWRIGHT:  To ensure we understand, Your Honor,

10:02:43AM  23  so on February 27th, no later than February 27th, both sides

10:02:48AM  24  file a 10-page memorandum addressing the 41(a) issues.

10:02:54AM  25  There's not going to be a response or reply unless Your Honor

10:02:58AM  1    requests it?

10:02:59AM  2        THE COURT:  I just hate opening the doors.  If I

10:03:05AM  3    request it.  But I think you both know, have a sufficient

10:03:15AM  4    hint at what both sides are saying about that issue.  And as

10:03:20AM  5    far as I was concerned and this is what I started with, I

10:03:23AM  6    think your motion, Sandoz's motion was, this is a procedural

10:03:28AM  7    issue and you didn't follow the right procedure, so you

10:03:32AM  8    should dismiss this dismissal.  You should -- whatever.

10:03:39AM  9        And then plaintiff's responded with, I think, a

10:03:45AM  10   response to that, but then opened the door on the 41(a)

10:03:50AM  11   factors.  And then you responded and we had this.  But I just

10:03:53AM  12   want to make sure that the circuit knows that I'm giving you

10:03:57AM  13   an opportunity to address that in a way that makes it fully

10:04:03AM  14   briefed for the court.

10:04:06AM  15       What I'm saying, Mr. Wainwright, is I think you

10:04:08AM  16   already know what their arguments are, and so I think it's

10:04:11AM  17   fair to say just get it all to me on the 27th.  If I feel

10:04:17AM  18   like I need a further response, I will order it.  If you feel

10:04:20AM  19   like this is something that I've got to answer because

10:04:26AM  20   it's -- I didn't see this argument at all, I will give you

10:04:30AM  21   leave to reply.

10:04:32AM  22       Now, let me tell you what I know.  You always think

10:04:36AM  23   you need to reply.  And very often -- not at this stage, you

10:04:43AM  24   know.  It's got to be something that he brought up that you

10:04:47AM  25   just didn't see.

10:04:48AM   1          MR. WAINWRIGHT:  I understand, Your Honor.  Thank

10:04:49AM   2   you.

10:04:50AM   3          THE COURT:  Thank you.  Court's adjourned.

10:04:52AM   4          THE CASE MANAGER:  All rise.

            5                          * * * *

            6          (WHEREUPON, the proceedings were adjourned.)

            7                          * * * *

            8                     REPORTER'S CERTIFICATE

            9          I, Nichelle N. Drake, RMR, CRR, Official Court
                 Reporter, United States District Court, Eastern District of
           10    Louisiana, do hereby certify that the foregoing is a true and
                 correct transcript, to the best of my ability and
           11    understanding, from the record of the proceedings in the
                 above-entitled and numbered matter.

           12

           13                    /s/ Nichelle N. Wheeler
                                 Official Court Reporter

           14

           15

           16

           17

           18

           19

           20

           21

           22

           23

           24

           25