UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** Arquice Conley, 18-9799 | ) ) ) | |

# ORDER AND REASONS

Before the Court is a Motion for Relief from a Judgment, Order, or Proceeding filed by Defendant Sandoz, Inc. (Doc. 15338). Oral argument was held on February 14, 2023. For the following reasons, the Motion is **DENIED**.

# BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are defendants Sandoz Inc. ("Sandoz"), Accord Healthcare, Inc. ("Accord"), and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc. (collectively, "Hospira"). Plaintiffs allege that the drug caused permanent chemotherapy-induced alopecia. Plaintiffs bring various claims, including failure to warn, negligent misrepresentation, and fraudulent misrepresentation.

On August 2, 2022, this Court denied three motions for summary judgment filed by Sandoz, Accord, and Hospira.[2] Relevant here, Sandoz's

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.
[2] Doc. 14477.

1

motion sought dismissal of claims brought by Plaintiff Arquice Conley.[3] The Court then granted Defendants' Joint Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).[4] On November 23, 2022, Sandoz, Hospira, and Accord each filed Petitions for Permission to Appeal this Court's denial of their summary judgment motions with the Fifth Circuit. While those Petitions were pending, on December 20, 2022, Plaintiff Conley filed a Stipulation of Dismissal with Prejudice as to All Defendants.[5] Accordingly, Plaintiff Conley's case was terminated. The Fifth Circuit subsequently granted Hospira and Accord's Motions for Leave to Appeal, and remanded Sandoz's Motion to this Court for a determination of whether Plaintiff Conley's action was properly dismissed.

Sandoz filed the instant Motion for Relief requesting that this Court vacate Plaintiff Conley's Stipulation of Dismissal and reinstate her case. Plaintiff opposes.

## LAW & ANALYSIS

Sandoz argues that Plaintiff Conley's case was improperly dismissed. Specifically, Sandoz contends that Plaintiff impermissibly used the Stipulation of Dismissal provided in Pretrial Order No. 87 ("PTO 87") to unilaterally dismiss her case against Sandoz with prejudice. According to Sandoz, Federal Rule of Civil Procedure 41(a) required Plaintiff either to obtain Sandoz's consent to dismissal or an order from this Court granting dismissal. Because Plaintiff obtained neither and Sandoz objects to dismissal, Sandoz seeks relief under Federal Rule of Civil Procedure 60(b).

---

[3] Doc. 13445.
[4] Doc. 15136.
[5] Doc. 15306.

In response, Plaintiff argues that her voluntary dismissal was proper under PTO 87. Plaintiff further argues that even if the Court finds that she used the wrong procedural path to dismissal and should have filed a motion, the result would have been the same because voluntary dismissal is appropriate under Rule 41 and Fifth Circuit precedent.

**1. Whether Plaintiff Conley's Case was Properly Dismissed**

PTO 87 establishes a special procedure for certain plaintiffs seeking a dismissal with prejudice as to the entire action against all defendants in this MDL.[6] To effectuate a dismissal pursuant to PTO 87, plaintiffs must use the form provided in the Order. This form requires a signature by plaintiffs' counsel only, "notwithstanding the requirements of FRCP 41, and PTOs 15 and 54, which may require additional signatures by parties who have been served to effectuate dismissals pursuant to those provisions."[7]

Importantly, PTO 87 specifically "does not apply to any Plaintiff identified in or pursuant to Case Management Order No. 14 or in a similar trial scheduling CMO," such as Plaintiff Conley.[8] Because Plaintiff Conley was identified as a Trial Pool Plaintiff, she was not permitted to use the procedure set forth in PTO 87 to unilaterally dismiss her case. Thus, the Court now

---

[6] Doc. 5363.

[7] The form further states that "[p]ursuant to Federal Rule of Civil Procedure 41(a)(ii) and PTO No. 87, all parties who have appeared stipulate to the dismissal of the present action with prejudice." *Id*.

[8] *Id*. In April 2019, Plaintiff Conley was added to the trial pool pursuant to Footnote 1 of Case Management Order No. 14C. *See* Docs. 6789 ("Case Management Order No. 14C") and 6935 ("Minute Entry" memorializing Plaintiff Conley's addition to the trial pool). Plaintiff briefly argues that she was no longer a trial pool plaintiff at the time of dismissal because this Court stated at the November 4, 2022 lead and liaison counsel conference that no more bellwether trials would be held. *See* Doc. 15372 at 2–3. However, an off-the-record discussion regarding the potential for future bellwether trials does not alter the provisions and applicability of PTO 87.

considers whether dismissal is appropriate under Federal Rule of Civil Procedure 41(a), which governs the voluntary dismissal of actions.

## 2. Whether the Dismissal Should Stand Under Rule 41

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to voluntarily dismiss an action without a court order only by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."[9] If neither condition is met, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[10]

Plaintiff Conley did not seek a voluntary dismissal until after Sandoz filed a Motion for Summary Judgment, this Court denied Sandoz's Motion and certified its Order for interlocutory appeal, and Sandoz filed a Petition for Permission to Appeal with the Fifth Circuit.[11] As a result, Plaintiff was required either to file a stipulation of dismissal signed by Sandoz or to obtain a court order dismissing her case. Plaintiff did neither. That said, the parties have agreed that the Court may treat Plaintiff's stipulation for voluntary dismissal pursuant to PTO 87 as a contested motion for voluntary dismissal with prejudice pursuant to Rule 41(a)(2).[12] Thus, the Court now considers whether Plaintiff's request for voluntary dismissal with prejudice is proper under Rule 41(a)(2).

---

[9] FED. R. CIV. P. 41(a)(1)(A)(i)–(ii).
[10] FED. R. CIV. P. 41(a)(2).
[11] *See* Docs. 13445, 14477, 15136.
[12] At a hearing on Sandoz's Motion for Relief and by subsequent Order, the Court requested further briefing from the parties addressing the propriety of dismissal under Rule 41(a)(2). *See* Doc. 15524. Sandoz then filed an Additional Memorandum in Support of Sandoz Inc.'s Motion for Relief from a Judgment, Order, or Proceeding and Plaintiff Conley filed a Supplemental Response Regarding Federal Rule of Civil Procedure 41(a)(2). Docs. 15560 and 15561.

Generally, "motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice."[13] Such prejudice may exist "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense."[14] But "[t]he situation is different in the case of a dismissal with prejudice."[15] "A dismissal with prejudice generally does not legally harm the defendant"[16] because it functions as "a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."[17]

Plaintiff Conley seeks a voluntary dismissal with prejudice. Nonetheless, Sandoz argues that a dismissal with prejudice is inappropriate because it will suffer plain legal prejudice. First, Sandoz contends that it will be prejudiced by Plaintiff's excessive delay in seeking dismissal. The Fifth Circuit, however, has made clear that "no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."[18] Because a voluntary dismissal with prejudice affords Sandoz "full legal relief," adjudication by the Fifth Circuit "can rise no higher than this."[19]

Similarly, Sandoz argues that it will be prejudiced because by the time Plaintiff sought dismissal of her action, Sandoz had already expended considerable effort and expense in this proceeding. Yet, "if the Court denies

---

[13] Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) (citing Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990)).
[14] *In re* Fema Trailer Formaldahyde Prods. Liab. Litig., 628 F.3d 157, 162 (5th Cir. 2010).
[15] Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985).
[16] Singleton v. Entergy Operations, Inc., 2017 WL 4619737, at *1 (E.D. La. Oct. 16, 2017).
[17] *Schwarz*, 767 F.2d at 130 (quoting Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964)).
[18] *Id.* at 129 (citing Sheridan v. Fox, 531 F. Supp. 151, 155 (E.D. Pa. 1982)).
[19] *Id.*

5

Plaintiff's motion for dismissal, Defendant would be required to expend even more time and resources defending this suit in federal court."[20]

Next, Sandoz maintains that it will be prejudiced because Plaintiff's voluntary dismissal is an improper attempt to avoid an imminent adverse ruling on the Fifth Circuit's pending review of this Court's denial of Sandoz's Motion for Summary Judgment. In other words, Sandoz contends that it is prejudiced because a dismissal would deny it a favorable judgment on the merits of its preemption defense. A dismissal with prejudice, however, "is tantamount to a judgment on the merits."[21] As the Fifth Circuit has explained, "while a judgment by any other name may not smell as sweet, a defendant is entitled only to the protection of its legal rights, not to a cleansing of the stench emitted by the plaintiff's complaint."[22] Moreover, considering Plaintiff Conley prevailed on Sandoz's Motion for Summary Judgment in this Court, it is pure speculation that Plaintiff faces an imminent adverse ruling by the Fifth Circuit.[23]

The fact that Plaintiff Conley's case is part of an MDL does not alter the Court's conclusion. Sandoz urges that "dismissal with prejudice of Plaintiff's action *at this stage*, where a federal appellate court is set to consider the propriety of summary judgment on an issue common to *all* of the active cases against Sandoz in this MDL, *will* harm Sandoz."[24] But Sandoz itself concedes that the legal issues underlying the petitions for permission to appeal filed by Sandoz, Accord, and Hospira are essentially the same.[25] Sandoz will, therefore,

---

[20] Mathes v. Pinnacle Entertainment, Inc., 2017 WL 3687656, at *2 (M.D. La. Aug. 25, 2017).
[21] *Schwarz*, 767 F.2d at 130.
[22] *Id.*
[23] *See* Contreras v. Foster Elec. (U.S.A.), Inc., 2022 WL 464640, at *2 (W.D. Tex. Feb. 15, 2022) (explaining that "arguments about imminent adverse decisions are typically flawed in that the movant cannot show what a court will do in the future.").
[24] Doc. 15560 at 7.
[25] *See* Doc. 15560 at 8.

receive guidance on an issue common to all of the active cases against Sandoz in this MDL.

Regardless, the Supreme Court has explained that individual cases within an MDL "retain their separate identities."[26] "That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone."[27] Consequently, the relevant question is whether Sandoz will suffer legal prejudice with respect to Plaintiff Conley's case, not whether dismissal of Plaintiff Conley's action will prejudice other pending cases against Sandoz.

Accordingly, the Court finds that Sandoz has failed to establish the existence of plain legal prejudice. Finding that Plaintiff Conley's request for voluntary dismissal with prejudice is appropriate under Rule 41(a)(2), Sandoz's Motion for Relief under Rule 60(b) must be denied.

## CONCLUSION

For the foregoing reasons, Sandoz's Motion for Relief from a Judgment, Order, or Proceeding (Doc. 15338) is **DENIED**.

New Orleans, Louisiana, this 7th day of March, 2023.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] Gelboim v. Bank of Am. Corp., 574 U.S. 405, 413 (2015). Indeed, Plaintiff Conley "could refuse to proceed, in which event the appropriate sanction would be dismissal with prejudice." *Sheridan*, 531 F. Supp. at 155.
[27] *In re* Nat. Prescription Opiate Litig., 956 F.3d 838, 841 (6th Cir. 2020).