UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section:  "H" (5) |
| This Document Relates to: *Arquice Conley v. Sandoz Inc.*, Civil Case No. 2:18-cv-9799 | JUDGE JANE TRICHE MILAZZO |

### REPLY MEMORANDUM IN SUPPORT OF SANDOZ INC.'S MOTION TO TAX COSTS

There is "a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).  Nevertheless, Plaintiff seeks to thwart the recovery of reasonable and justified costs sought by Sandoz Inc. ("Sandoz").  Because Sandoz's timely motion seeks to recover properly taxable costs, and because Plaintiff cannot overcome the strong presumption in favor of awarding costs to prevailing parties, Sandoz should be awarded all the costs sought in its March 27, 2023 Bill of Costs.

### LEGAL ARGUMENT

Sandoz has presented an itemized Bill of Costs, supported by invoices.  [ECF 15727]  As the prevailing party, it is entitled to recover those costs so long as they were necessarily obtained for use in the case.  Plaintiff's arguments to the contrary should be rejected for four reasons.  First, Sandoz's motion was timely, notwithstanding Plaintiff's December 2022 "Stipulation of Dismissal," which this Court determined to be procedurally improper.  Second, Plaintiff's appeals based on her bellwether-plaintiff status are unavailing and contrary to caselaw.  Third, Plaintiff has not overcome the strong presumption that the prevailing party is entitled to costs.  Finally, Sandoz's enumerated costs are properly taxable and supported by itemized invoices.

1

### A. Sandoz's Motion to Tax Costs Was Timely Filed

Plaintiff first challenges Sandoz's motion to tax costs by claiming that it is untimely. This case's facts and procedural history disprove Plaintiff's argument. Plaintiff uses the December 2022 filing of her "Stipulation of Dismissal" as the trigger for Sandoz's time to move to tax costs. But as this Court found, Plaintiff's voluntary dismissal was improper because, having been "identified as a Trial Pool Plaintiff, she was not permitted to use the procedure set forth in PTO 87 to unilaterally dismiss her case." [ECF 15665 at 3] Having the PTO 87 pathway unavailable to her, and failing to conform to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (which requires Sandoz's consent and signature to secure a voluntary dismissal), Plaintiff's December 2022 voluntary dismissal was ineffectual and could *not* have started Sandoz's 35-day deadline to move to tax costs. [*See, e.g.*, *id*. at 4 ("Plaintiff was required either to file a stipulation of dismissal signed by Sandoz or to obtain a court order dismissing her case. Plaintiff did neither.")]

Instead, Plaintiff's December 2022 "Stipulation of Dismissal" was considered by this Court "as a contested motion for voluntary dismissal with prejudice pursuant to Rule 41(a)(2)." [*Id*.] And it was not until March 7, 2023 that this Court found Plaintiff's "request for voluntary dismissal with prejudice . . . appropriate under Rule 41(a)(2)." [*Id*. at 7] Sandoz promptly moved to tax costs on March 27, 2023, less than three weeks later. [ECF 15727] Thus, Sandoz's motion was timely filed.

### B. Plaintiff's Bellwether-Plaintiff Status Does Not Warrant Denial of Sandoz's Motion

The Federal Rules of Civil Procedure dictate that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d)(1). Indeed, Rule 54(d)(1)'s "strong presumption that the prevailing party will be awarded costs," *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006), is so strong that denial of

2

costs "is in the nature of a penalty," *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citation omitted).

Because Sandoz is undisputedly a prevailing party, it is entitled to recover costs.[1] In urging the Court to deny Sandoz's recovery, Plaintiff points to Section 11.433 of the Manual for Complex Litigation. However, not only is the Manual for Complex Litigation not among the authorities identified in Rule 54(d)(1) for denying costs, *see* Fed. R. Civ. Pro. 54(d)(1) ("Unless a ***federal statute, these rules, or a court order provides otherwise*** . . . .") (emphasis added), but the cited section deals with discovery, not a prevailing party's entitlement to costs, *see* Manual for Complex Litigation § 11.433 Allocation of Costs (4th ed. 2004).

Plaintiff also argues that granting Sandoz costs would "discourage policy [*sic*] prospective bellwether plaintiffs from participating in bellwether discovery." (Opp. at 3–4.) However, costs are routinely awarded to MDL defendants under Rule 54(d)(1). *See, e.g.*, *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, Case No. 1:08-WP-65000, 2015 U.S. Dist. LEXIS 193975 (N.D. Ohio Feb. 18, 2015) (granting in part MDL defendant's motion to tax costs); *In re Lipitor Atorvastatin Calcium Mktg.*, MDL No. 2:14-mn-2502, 2018 U.S. Dist. LEXIS 224143 (D.S.C. Oct. 17, 2018) (granting MDL defendant's motion to tax costs). Denying Sandoz recovery on this basis would unfairly penalize MDL defendants attempting to recover costs to which they are lawfully entitled. Plaintiff's status as a bellwether plaintiff does not warrant dismissal of Sandoz's motion to tax costs.

---

[1] Plaintiffs do not, and cannot, dispute that Sandoz is a prevailing party. *See, e.g., Schwarz*, 767 F.2d at 130 (holding, in a case upholding the grant of Rule 41(a)(2) dismissals with prejudice, that the defendant was a "prevailing party" entitled to Rule 54(d) costs).

### C. Plaintiff Does Not Overcome the Strong Presumption in Favor of Granting Costs

Although Plaintiff correctly notes that this Court has the discretion to deny Sandoz's motion to tax costs, she incorrectly relies on *Pacheco*, 448 F.3d 783, to argue that "a denial of costs is appropriate where a plaintiff has brought a lawsuit in good faith and at least one of the following factors is met: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." (Opp. at 4 (citing *Pacheco*, 488 F.3d at 793–94).)[2]

Plaintiff misstates Fifth Circuit precedent. The panel in *Pacheco* merely noted that "a wide range of reasons have been invoked to justify withholding costs" and specifically did not "decide whether any of these [reasons] is . . . sufficient . . . to deny costs." *Pacheco*, 448 F.3d at 794 & n.18; *see also Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (noting same); *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) ("We made no holding [in *Pacheco*] that good faith plus one factor requires denying costs to a prevailing party. We were explicit on the point[.]"). Plaintiff's cited formula is simply not the law in this Circuit.

But even if it were, Sandoz would still be entitled to recover its costs. Plaintiff's argument on the first and fifth cited factors (the parties' financial resources) falls flat, *see Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) ("[R]educing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as

---

[2] Plaintiff argues "[t]here is no real dispute that Mrs. Conley brought her lawsuit in good faith." (Opp. at 4.) However, Plaintiff has never given any reason for her sudden and procedurally improper attempt to dismiss her lawsuit voluntarily—without any recovery—***after*** going through extensive fact discovery and rounds of briefing related to Sandoz's motion for summary judgment, motion for 28 U.S.C. § 1292(b) certification, and petition for permission to appeal. In neither her briefing nor during oral argument did Plaintiff ever provide a reason for dismissal. [*See* ECF 15372, 15440, 15561; *see also* 2/14/23 Tr. of Mtn. Hrg.]

4

a matter of law."), particularly given the unsupported assertion of her limited financial condition, and the potential that it will be her *counsel* and/or the Plaintiffs' Steering Committee who will bear some or all of these costs. The "close and difficult legal issues presented" factor, for which she fails to cite any supportive caselaw, likewise does not carry the day for Plaintiff. Finally, that Plaintiff served as a bellwether plaintiff does not mean she conferred a substantial benefit to the ***public***, as contemplated by this factor. *See, e.g.*, *United States ex rel. Rose v. E. Tex. Med. Center Regional Healthcare Sys.*, Case No. 2:05-cv-216, 2008 U.S. Dist. LEXIS 86703, at *4–5 (E.D. Tex. Oct. 28, 2008) (finding substantial benefit to the public where a "suit brought to light some of [a hospital's] practices that warranted further scrutiny by the State and its agencies," the hospital's "participation in the [Medicaid] program has been suspended," and "money is being distributed in the . . . program . . . to other participating hospitals . . . that are clearly in line with the goals of the . . . program").

In sum, Plaintiff simply has not overcome the "strong presumption that the prevailing party will be awarded costs." *Pacheco*, 448 F.3d at 793.

**D. Sandoz Is Entitled to Recover All of Its Requested Costs, Which Are Reasonable**

Sandoz seeks to recover $11,116.12 in costs, which fall into three categories: printed and video recorded deposition transcripts; exemplification and copying of materials necessary to the case; and docket fees. [ECF 15727-1] Recovery of each of those items is permitted by statute. *See* 28 U.S.C. § 1920 (allowing taxation of docket fees, "[f]ees for printed or electronically recorded transcripts," and "[f]ees for exemplification and the costs of making copies of . . . materials"). Nevertheless, Plaintiffs take issue with Sandoz's: (1) ordering of overnight rough deposition transcripts; (2) hiring of videographers and ordering expedited overnight deposition

videos; (3) ordering both transcripts and videos of depositions; and (4) use of a document collection vendor to collect Plaintiff's medical records.

None of Plaintiff's points is well taken. First, because Plaintiff and her treaters were deposed on July 17, September 12, September 13, and September 18 of 2019, expedited transcripts and video were reasonable and necessary for Sandoz's timely preparation for each subsequent deposition and for Sandoz to otherwise meet applicable deadlines in the case.[3] Second, because the videos of the depositions—the cost for which is explicitly permitted by the statute, *see United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 131 (5th Cir. 2015) ("The phrase [in 28 U.S.C. § 1920(2)] 'electronically recorded transcripts' includes video transcripts of depositions.")—were "reasonably expected to be used for trial or trial preparation," they were "necessarily obtained for use in the case" and thus recoverable, *id*. at 130. And third, contrary to Plaintiff's assertion, costs for **both** transcripts and videos of depositions are properly taxable. *See, e.g., Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015); *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011) (holding same); *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (same); *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789–90 (N.D. Tex. 2014) (same). Finally, Sandoz is entitled to recover its costs for collecting Plaintiff's medical records in a products liability case alleging personal injury, as such are obviously "reasonably expected to be used for trial or trial preparation."[4] *United States ex rel. Long*, 807 F.3d at 130.

---

[3] Sandoz has calculated the cost of expediting the transcripts and videos: $90 total for Plaintiff's deposition; $120 for Dr. John Whitecar's deposition; $110 for Courtney Nickels' deposition; and $90 for Dr. Michael Berry's deposition. Sandoz concedes that the expediting and amounts incurred were not approved by the Court in advance and, as such, an award of those costs ($410) is within the Court's discretion.

[4] Plaintiff's challenge to costs for collecting records from Dr. Hall MD/Columbus Orthopaedic Clinic and Columbus Orthopaedic Starkville Physical Therapy fails, as the two are different offices. *See* Columbus Orthopaedic, *available at* https://www.columbusortho.com/contact-us/.

**CONCLUSION**

For the foregoing reasons, Plaintiff cannot overcome the "strong presumption" that Sandoz is entitled to recover its costs, and the Clerk should award Sandoz all of the costs enumerated in its Bill of Costs.

Dated: April 24, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Evan C. Holden
Lori G. Cohen
R. Clifton Merrell
Evan C. Holden
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
(678) 553-2212 (facsimile)
CohenL@gtlaw.com
MerrellC@gtlaw.com
HoldenE@gtlaw.com

*Attorneys for Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, a copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Evan C. Holden*
Evan C. Holden