UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Section "H" (5) |
| This Document Relates to: | |
| *SONIA HONAKER v. HOSPIRA, INC., et al.* | Judge Jane Triche Milazzo |
| *No. 2:18-cv-10740- JTM* | |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

### I. INTRODUCTION

The law firm of Burg Simpson Eldredge Hersh & Jardine, P.C. and its attorney, David C. Harman (collectively "Burg Simpson"), represented Plaintiff Sonia Honaker, deceased, in this product liability action. Burg Simpson respectfully requests to be allowed to withdraw as counsel of record for Plaintiff. As is further explained below, good cause exists and Burg Simpson's request complies with the Louisiana Rules of Professional Conduct. Furthermore, prior to filing this Motion, Burg Simpson confirmed with counsel for the Hospira Defendants (the only named defendants) that this Motion would be unopposed. (Ex. A, Declaration of David C. Harman, at 12.)

### II. BACKGROUND

Ms. Sonia Honaker was an Ohio resident who allegedly suffered injuries related to this action in Ohio. On November 9, 2018, Burg Simpson filed this case on behalf of Ms. Honaker directly with this Court using a Short Form Complaint. The Hospira Defendants were the only named defendants. Ms. Honaker complied with her discovery obligations set forth in Amended Pretrial Order No. 22. Beyond the general discovery relevant to all cases pending in the MDL, discovery specific to this action has not yet commenced.

As set forth in the attached Declaration, Ms. Honaker died on February 12, 2021. (Ex. A, Declaration of David C. Harman, at 5.) Shortly after Ms. Honaker's death, Burg Simpson communicated with Ms. Honaker's known successors and informed them that, if they wished to proceed with the case, they would need to appoint a representative for Ms. Honaker's estate, hire an attorney, and file a motion to substitute the Plaintiff in this case. (*Id*. at 6-7.) Burg Simpson filed a Suggestion of Death with the Court on June 16, 2022. Burg Simpson has diligently sought to provide the Suggestion of Death to all known potential successors of Ms. Honaker and to notify them of the need to appoint an estate representative, retain counsel, and substitute the Plaintiff within 90 days of the filing of the Suggestion of Death. (Doc. # 14297; Ex. A at 8-10.) Burg Simpson attempted to send this information to Ms. Honaker's successors both at the address provided to Burg Simpson by the successors and at alternate addresses discovered independently by the firm. (Ex. A at 10.) To Burg Simpson's knowledge, no estate has been opened nor has an executor or personal representative for Ms. Honaker's estate been named. (*Id*. at 11.) Additionally, Burg Simpson has not been engaged by Ms. Honaker's estate or any potential heirs. (*Id.*)

**III.    Legal Standard**

An attorney may withdraw from representation only upon leave of the court, a showing of good cause, and after providing reasonable notice to the client. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Further, Louisiana Rule of Professional Conduct R. 1.16(b) provides, among other things, that a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; [or]
> …
>
> (7) other good cause for withdrawal exists.

**IV.     Argument**

Burg Simpson's Motion to Withdraw should be granted, as it complies with federal law and the Louisiana Rules of Professional Conduct. When Ms. Honaker died, Burg Simpson's representation ceased. *England v. Barstow*, 30 Ohio App. 2d 42, 44 282 N.E.2d 58 (Ohio Ct. App. 1972). ("The relationship of attorney and client is a personal one and ceases upon the death of either.") As Burg Simpson no longer represents anyone in this matter, it should be permitted to withdraw.

Additionally, withdrawal can be accomplished without material adverse effect on the interests of the potential estate of Ms. Honaker or the Defendants. Indeed, beyond the completion of the Plaintiff and Defendant Fact Sheets, no case-specific discovery has been completed in this matter and no trial date is set. Pursuant to Federal Rule of Civil Procedure 25(a)(1), Ms. Honaker's successor or representative had 90 days from the date the Suggestion of Death was filed to file a motion to substitute. After the Suggestion of Death was filed, Burg Simpson made diligent and reasonable efforts to communicate the need to appoint an estate representative, hire an attorney, and file a motion to substitute the Plaintiff within 90 days to Ms. Honaker's known successors. Furthermore, and as previously noted, counsel for the Hospira Defendants does not oppose this Motion. Therefore, withdrawal at this stage will not cause any delay or prejudice.

**V.     Conclusion**

As good cause exists to withdraw and this Motion conforms to the Louisiana Rules of Professional Conduct, Burg Simpson Eldredge Hersh & Jardine, P.C. and its attorney, David C. Harman, respectfully request that the Court grant this Motion to Withdraw as counsel of record for Plaintiff Sonia Honaker.

DATED: June 8, 2023

                                        Respectfully submitted,

                                        */s/ David C. Harman*
                                        David C. Harman (OH 0087882)
                                        BURG SIMPSON
                                        ELDREDGE HERSH & JARDINE, PC
                                        201 E. Fifth Street, Suite 1340
                                        Cincinnati, OH 45202
                                        (513) 852-5600 Telephone
                                        (513) 852-5611 Facsimile
                                        dharman@burgsimpson.com