# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740<br><br>SECTION: "H" (5) |
| **This document relates to:**<br>Mattie Anderson, 18-14149<br>Cynthia Kinsella, 19-00368 | ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 filed by Defendant Accord Healthcare, Inc. (Doc. 14968). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

At the July 22, 2022, General Status Conference, this Court provided a final opportunity and a direct warning to all Plaintiffs in this MDL that they needed to ensure their complaints were properly served on all Defendants by August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

1

that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[2]

Plaintiffs Mattie Anderson and Cynthia Kinsella filed their Short Form Complaints on December 21, 2018, and January 17, 2019, respectively. Plaintiffs named multiple defendants, including Accord. On October 21, 2022, Accord filed the instant Motion, seeking dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(5) based on their failure to comply with CMO 35 and Federal Rule of Civil Procedure 4.[3] Plaintiffs subsequently served Accord on November 8, 2022.[4] Plaintiffs oppose Accord's Motion.[5]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process

---

[2] Doc. 14456.
[3] Doc. 14968.
[4] On October 6, 2022, Plaintiffs attempted to serve Accord through an outdated email address directed to former counsel for Accord. *See* Doc. 14968-1. Accord's Streamlined Service Order was updated on March 7, 2022, to reflect the proper address for streamlined service. *See* Doc. 13877 ("Amended Order Regarding Streamlined Service on Accord Healthcare, Inc.—Update to Service Email Address Only").
[5] *See* Docs. 15082 and 15083.
[6] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).
[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[14]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would

---

[8] *See* FED. R. CIV. PROC. 4(m).
[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[10] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[12] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).
[13] *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).
[14] *See Millan*, 546 F.3d at 325–26.

not serve the best interest of justice."[15] Additionally, where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[16]

## LAW AND ANALYSIS

Accord contends that Plaintiffs' claims against it should be dismissed because they have not demonstrated either good cause for the years-long delay in serving their complaints or a justification for their inability to comply with this Court's order granting an extension of time to effect service on Accord. In opposition, Plaintiffs argue that they have met the requisite showing of good cause for the delay in service. Plaintiffs urge that because they have complied with certain discovery requirements, they were led to believe that their complaints were properly served. Alternatively, Plaintiffs argue that because their cases would be time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice. Applying that more stringent standard, Plaintiffs maintain that Accord's Motion should be denied because the record demonstrates inadvertence, not clear delay or contumacious conduct. Despite acknowledging receipt of CMO 35, Plaintiffs aver that their Counsel was unaware that they were not in compliance.[17]

This Court finds that Plaintiffs have failed to establish good cause for failing to timely serve Accord. Plaintiffs confusingly assert that because they did not delay in prosecuting this action, they have shown a basis for mistakenly believing Accord had been served. The Fifth Circuit has expressed, however,

---

[15] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[16] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[17] *See* Docs. 15082 and 15083.

4

that the good cause standard requires "at least as much as would be required to show excusable neglect," and that "inadvertence, mistake or ignorance of counsel are not excusable neglect."[18] As a result, Plaintiffs' argument does not satisfy the standard for good cause; it provides no explanation for their failure to timely serve Accord.

The Court, therefore, turns to whether it should invoke its discretionary power under Rule 4(m) to extend the time for service even when good cause is lacking.[19] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[20] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[21] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[22] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in this case and that lesser sanctions would not serve the best interests of justice.

First, Plaintiffs' failure to serve Accord for more than three years demonstrates "a clear record of delay."[23] Next, Plaintiffs' failure to comply with

---

[18] McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) (quoting *Winters*, 776 F.2d at 1306 and Traina v. United States, 911 F.2d 1155, 1157 (5th Cir.1990)).
[19] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[20] *Id.* (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[21] *Id.* at 150 (citing *Traina*, 911 F.2d at 1157)).
[22] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).
[23] *See id.* at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).

CMO 35 constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice."[24] In other words, it is a party's "willful disobedience of a court order."[25] The record reveals such conduct here. In issuing CMO 35, this Court unequivocally directed Plaintiffs to effect service of process on or before August 31, 2022 and cautioned that the failure to do so would subject Plaintiffs' claims "to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[26] Plaintiffs' willful disregard of this court-ordered deadline warrants dismissal of their claims against Accord.

Finally, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[27] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[28] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[29] Indeed, "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[30] and "[i]f

---

[24] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).
[25] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).
[26] Doc. 14456.
[27] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).
[28] *Id.* (quoting *Veazy*, 644 F.2d at 478).
[29] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").
[30] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).

service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[31] This Court, therefore, finds that dismissal is warranted in this case as well and lesser sanctions would not better serve the interests of justice.

## CONCLUSION

For the foregoing reasons, Accord's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 (Doc. 14968) is **GRANTED**, and Plaintiffs Mattie Anderson and Cynthia Kinsella's claims against Accord Healthcare, Inc. are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 5th day of July, 2023.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiffs' claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiffs' claims were timely filed. Additionally, regardless of whether the claims were timely filed, it is undisputed that at the time Accord filed the instant Motion the statute of limitations on each Plaintiff's claims had run.