UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Laura Werning, 16-17169 Kathlene Petties, 16-17183 Gwendolyn Crawford, 16-17151 Janice Johnson, 19-12235 Rhonda Clamon, 19-03422 | ) ) ) ) ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 filed by Defendant Accord Healthcare, Inc. (Doc. 14777). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

Accord's motion is related to the individual cases of Plaintiffs Laura Werning, Kathlene Petties, Gwendolyn Crawford, Janice Johnson, and Rhonda

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

1

Clamon.[2] Plaintiffs Werning, Petties, and Crawford individually filed Long Form Complaints in December 2016 and Short Form Complaints in May 2017. Plaintiffs Johnson and Clamon individually filed Short Form Complaints in August 2019 and March 2019, respectively, each incorporating by reference the Long Form Complaint filed in July 2017. Plaintiffs' Complaints named multiple defendants, including Accord.

At the July 22, 2022, General Status Conference, this Court provided a final opportunity and a direct warning to all Plaintiffs in this MDL that they needed to ensure their complaints were properly served on all Defendants by August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[3]

On September 30, 2022, Plaintiffs attempted to serve Accord following their inclusion on Sanofi and/or Sandoz's Motions to Dismiss for Failure to Comply with CMO 35.[4] On October 4, 2022, Accord filed the instant Motion, seeking dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiffs failed to comply with CMO 35 and Federal Rule of Civil Procedure 4.[5] Plaintiffs oppose.

---

[2] After the filing of this motion, Plaintiff Crawford's and Plaintiff Clamon's cases were dismissed with prejudice. *See* Docs. 15511, 15703. This motion, therefore, is moot as to Plaintiffs Crawford and Clamon.
[3] Doc. 14456.
[4] *See* Docs. 14751 and 14763, filed September 27, 2022, and September 29, 2022, respectively.
[5] Doc. 14777.

2

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary extension may be warranted,

---

[6] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).
[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).
[8] *See* FED. R. CIV. PROC. 4(m).
[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[10] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[12] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).

'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[14]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[15] Additionally, where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[16]

## LAW AND ANALYSIS

Accord contends that Plaintiffs' claims against it should be dismissed because Plaintiffs failed to serve Accord by the court-ordered deadline and cannot establish good cause for their delay. Plaintiffs do not attempt to establish good cause. Rather, Plaintiffs assert that because their cases would be time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice. Applying that more stringent standard, Plaintiffs maintain that Accord's Motion should be denied because the record demonstrates inadvertence, not clear delay or contumacious conduct.

---

[13] *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).
[14] *See Millan*, 546 F.3d at 325–26.
[15] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[16] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).

As discussed, this Court has discretion to extend the time for service even when good cause is lacking.[17] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[18] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[19] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[20] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in this case and that lesser sanctions would not serve the best interests of justice.

First, Plaintiffs Werning and Petties have failed to serve Accord for more than five years, and Plaintiff Johnson has failed to serve Accord for more than two years. Each Plaintiff's failure demonstrates "a clear record of delay."[21] Next, Plaintiffs' failure to comply with CMO 35 constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice."[22] In other words, it is a party's "willful disobedience of a court order."[23] The record reveals such conduct here. In issuing CMO 35, this Court unequivocally

---

[17] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[18] *Id.* (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[19] *Id.* at 150 (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).
[20] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).
[21] *See id.* at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).
[22] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).
[23] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).

directed Plaintiffs to effect service of process on or before August 31, 2022, and cautioned that the failure to do so would subject Plaintiffs' claims "to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[24] Despite the Court's clear admonition at the July 22, 2022 General Status Conference that effecting service "is an obligation of the plaintiff and the plaintiff only,"[25] Plaintiffs aver that "Defendants did not confer with [them] over any service deficiencies."[26] This argument is meritless. Plaintiffs' willful disregard of the court-ordered deadline warrants dismissal of their claims against Accord.

Finally, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[27] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[28] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[29] Indeed, "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[30] and "[i]f

---

[24] Doc. 14456.
[25] Doc. 14445 at 7.
[26] Doc. 14830 at 1.
[27] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).
[28] *Id.* (quoting *Veazy*, 644 F.2d at 478).
[29] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").
[30] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).

6

service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[31] This Court, therefore, finds that dismissal is warranted in this case as well and lesser sanctions would not better serve the interests of justice.

## CONCLUSION

Accordingly, for the foregoing reasons, Accord's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 (Doc. 14777) is **GRANTED**, and Plaintiffs Laura Werning, Kathlene Petties, and Janice Johnson's claims against Accord Healthcare, Inc. are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 5th day of July, 2023.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiffs' claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiffs' claims were timely filed. Additionally, regardless of whether the claims were timely filed, it is undisputed that at the time Accord filed the instant Motion the statute of limitations on each Plaintiff's claims had run.

7