UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| | JUDGE MILAZZO<br>MAG. JUDGE NORTH |
| | **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| THIS DOCUMENT RELATES TO:<br><br>JOANNE BOYLAND v. SANOFI US SERVICES INC, ET AL. | Civil Action No.: 2:18-cv-00684-JTM-MBN |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW Plaintiff Joanne Boyland, by and through the undersigned counsel, pursuant to Federal Rules of Civil 15(A)(2), respectfully moves the Court for leave to amend her Short Form Complaint filed in this action. Plaintiff's original Complaint was filed in the Eastern District of Louisiana on January 23, 2018 (*Boyland v. Sanofi US Services, Inc., et al.* Case No. 2:17-cv-00684-JTM-MBN), and Plaintiff served Defendants pursuant to PTO 9.

Pursuant to Local Rule 7.6, Plaintiff's counsel conferred with counsel for Defendants who oppose this motion.

The court should freely give leave to file an amended complaint when justice so requires. Fed. R. Civ. P. 15(A)(2). Justice requires an amendment in this case. At the time of filing her complaint, Plaintiff was not aware that Hospira Worldwide, LLC f/k/a Hospira Worldwide, and Hospira, Inc. had been the manufacturers of her chemotherapy. Plaintiff wishes to amend her

1

complaint to include Hospira Worldwide, LLC f/k/a Hospira Worldwide, and Hospira, Inc. as the only Defendants. Plaintiff's proposed amendment would reflect this change consistent with how numerous cases have remedied PID issues after successful use of the CMO 12/12A process.

Notwithstanding these entities' lack of standing to oppose an amendment when they are not currently a named defendant in the instant case, no prejudice would result from allowing Plaintiff to amend her short form complaint. This case is part of a multi-district litigation, in which Hospira Worldwide, LLC f/k/a Hospira Worldwide, and Hospira, Inc. are already Defendants. First, the information contained within Plaintiff's short form complaint is encompassed in the information available to Defendants on MDL Centrality, thus an Amended Complaint would not lead to any surprise. Next, instead of filing answers to each suit filed against them in this MDL, the Defendants were only required to file a Master Answer. PTO 15. Practically, Defendants have access to all documents Plaintiff was required to (and did) produce in this litigation via MDL Centrality, so there are no concerns with spoliation. Defendants also are and have always been able to utilize Centrality to run reports on the identified Defendants. And, Defendants are not precluded from bringing Rule 12/56 challenges at the appropriate time on remand.

Moreover, and contrary to assertions of delay, Judge Engelhardt initially entered CMO 12 in response to Defendants' objections to so-called "scattershot" complaints that sought to add all Defendants in every case where PID was an issue. Thus, Defendants were well aware that amendments would happen later on in this MDL, for efficiency and docket control purposes. Indeed, CMO 12 also includes bilateral protections to both Plaintiffs and Defendants-that is, even where there is presumptive proof, Defendants maintain their ability to later challenge such evidence, and even if a Defendant is dismissed, the Order contemplates Rule 60 motions if presumptive evidence is erroneous.

Defendants are not surprised by Plaintiff's claim, and amending the complaint realistically serves only as an administrative exercise. This is particularly true when the 505(b)(2) cases are effectively stayed during the pending interlocutory appeal of this Court's ruling denying summary judgment on preemption grounds and there is not active litigation (other than PFS/PID/DFS) of these individual matters, which were not selected for the bellwether process.

For the reasons stated herein, Plaintiff requests that this Court grant leave to file the attached Amended Complaint. Ordering otherwise would inconsistently punish Ms. Boyland, who has complied with the Court's other discovery Orders, when other similarly situated plaintiffs have been granted leave to amend their complaints for the same reasons.

Dated July 6, 2023.

**BACHUS & SCHANKER, LLC**
By:  /s/ J. Christopher Elliott
J. Christopher Elliott, Esq.
Bachus & Schanker, LLC
950 17th Street, Suite 1050
Denver, CO 80202
Telephone: (303)893-8900
Facsimile: (303) 893-9900
Email: celliott@coloradolaw.net
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                      *s/J. Christopher Elliott*
                                      J. Christopher Elliott, Esq.